A CERTIFIED TRUE COPY
ATTEST

By Darion Payne on Jun 15, 2009

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2009 JUN 15 PM 4: 55

LORETTA G. WHYTE
CLERK

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jun 15, 2009

FILED
CLERK'S OFFICE

IN RE: CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION

MDL No. 2047

# TRANSFER ORDER

**Before the entire Panel**: Plaintiffs in two Southern District of Florida actions move, respectively, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of certain actions listed on Schedule A in the Southern District of Florida. The two motions collectively encompass ten actions, four actions in the Southern District of Florida, three actions in the Middle District of Florida and one action each in the Northern District of Florida, Eastern District of Louisiana, and Southern District of Ohio.[1]

Taylor Morrison Services, Inc., a defendant in a Middle District of Florida action (*Culliton*), initially opposed the motion and supported centralization in the Middle District of Florida in the alternative; at oral argument this defendant appeared to fully support centralization in the Middle District of Florida. Venture Supply, Inc., and Porter-Blaine Corp., two defendants in the related action in the Eastern District of Virginia, oppose inclusion of that action, which is not embraced by either motion, in any multidistrict proceedings at this time and ask that any transfer of the action be considered at a later date.

Plaintiff in the Southern District of Ohio action supports centralization but suggests the Southern District of Ohio as the transferee district. Plaintiffs in a related action in the Southern District of Alabama initially suggested centralization in that district, but at oral argument these plaintiffs seemed to support centralization in the Middle District of Florida or the Eastern District of Louisiana. All other responding parties support centralization in the Middle District of Florida, the Southern District of Florida or the Eastern District of Louisiana.

On the basis of the papers filed and hearing session held, we find that these ten actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Louisiana will serve the convenience of the parties and witnesses and promote the just and efficient

---

[1] The parties have notified the Panel of 67 related actions pending in numerous federal districts. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

___ Fee ___
___ Process ___
X Dktd ___
___ CtRmDep ___
___ Doc. No. ___

-2-

conduct of this litigation. All actions share factual questions concerning drywall manufactured in China, imported to and distributed in the United States, and used in the construction of houses; plaintiffs in all actions allege that the drywall emits smelly, corrosive gases. Centralization under Section 1407 will eliminate duplicative discovery, including any discovery on international parties; prevent inconsistent pretrial rulings, particularly those with respect to class certification issues; and conserve the resources of the parties, their counsel and the judiciary. Also, we concur with the request of the defendants in the Eastern District of Virginia related action to consider transfer of that action in the normal course.

No district is a clear focal point of this litigation. The common manufacturing defendant and its affiliates are foreign entities without a major presence in any of the suggested transferee districts. Most actions also name local entities, such as builders and suppliers, as defendants. All of the suggested districts, particularly those in the southeastern region, have a nexus to the litigation through allegedly affected houses built with the drywall at issue. On balance, we are persuaded that the Eastern District of Louisiana is a preferable transferee forum for this litigation. Centralization in this district permits the Panel to effect the Section 1407 assignment to a judge who has extensive experience in multidistrict litigation as well as the ability and temperament to steer this complex litigation on a steady and expeditious course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of Louisiana are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| J. Frederick Motz | Robert L. Miller, Jr. |
| Kathryn H. Vratil | David R. Hansen |
| W. Royal Furgeson, Jr. | Frank C. Damrell, Jr. |