UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE:  CHINESE MANUFACTURED DRYWALL          MDL NO. 2047
         PRODUCTS LIABILITY LITIGATION

SECTION: L

THIS DOCUMENT RELATES TO: 09-4117 (*VICKERS*)          JUDGE FALLON
                  09-4119 (*MORRIS-*          MAG. JUDGE WILKINSON
                  *CHIN*)

**APPLICATION FOR APPOINTMENT OF KERRY J. MILLER**
**AS LIAISON COUNSEL FOR ALL DEFENDANTS**

On June 15, 2009, the Judicial Panel on Multidistrict Litigation transferred and assigned all Chinese drywall cases to the United States District Court for the Eastern District of Louisiana, Section L, for consolidated pretrial proceedings.  On June 16, 2009, the Court issued Pre-Trial Order No. 1 which addresses the potential appointment of liaison counsel.  Kerry J. Miller and the law firm of Frilot L.L.C., submit this application to be appointed as Defendants Liaison Counsel.  This application is submitted without waiver of objections to jurisdiction, venue or service on behalf of the clients represented by Mr. Miller and Frilot L.L.C. [1]

Kerry J. Miller is the head of Frilot's class action and mass tort practice group, and has successfully defended clients in mass tort and class action lawsuits in state and federal courts across the United States.  He has defended clients involving environmental, product liability and commercial litigation claims and attained significant victories in every stage of litigation, from

---

[1] Frilot L.L.C. and Baker and McKenzie LLP represent Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd. and Knauf Gips KG, in the matters, *Morris-Chin v. Knauf Plasterboard Tianjin Co., Ltd.*, No. 09-20796 (S.D. Fla.) and *Vickers v. Knauf Gips KG*, 09-20510 (S.D. Fla.).  Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co., Ltd. ("Knauf Wuhu") have been served in the *Morris-Chin* matter and they have filed appearances.  Service has been attempted in *Morris-Chin* on Knauf Gips KG ("Knauf Gips"), a motion is pending in Germany to quash service and Knauf Gips has filed an appearance in *Morris-Chin* without waiving its right to challenge service.  Knauf Wuhu has been served in the *Vickers* matter and has filed an appearance in that matter.

1

motions to dismiss, to class certification summary judgment motions, large class action settlements, and in trial.  More information about the experience and expertise of Mr. Miller and the Frilot firm in handling complex litigation can be found at www.frilot.com.

Currently, Mr. Miller serves as Defendants Liaison Counsel in *Turner v. Murphy Oil USA, Inc.*, 472 F.Supp.2d 830   (E.D. La. 2007).   Shortly after Hurricane Katrina, an oil tank at Murphy's refinery in Meraux, Louisiana released approximately 25,000 barrels of oil when it floated and subsequently ruptured after 12 feet of water flooded the refinery due to the failure of the U.S. Army Corps of Engineers' levees along the Mississippi River Gulf Outlet, less than 5 miles north of the refinery.  Most of the oil was contained within the refinery, but some migrated into the surrounding community.

Twenty-eight class action suits involving 6,500 properties were filed against Murphy shortly after the spill.  After these class actions were consolidated, the lawyers representing the plaintiff class billed the case as the largest environmental case since the Exxon Valdez spill (a case with a total exposure of over $6 billion).

Beginning in October of 2005, the firm oversaw a Voluntary Settlement Program on Murphy's behalf.   Through this program, Murphy settled with over 2,700 property owners. Claims offices were established in Metairie, Mandeville, Baton Rouge and Houston less than two months after Katrina struck.  More than 20 firm employees worked at these offices resolving claims, making findings, capturing findings in a database and reported these findings.   The Voluntary Settlement Program transcended into a class action settlement.  Currently, all but 1 of the 6,500 property owner claims are unresolved, producing a resolution rate of 99.9%, at a fraction of the cost to resolve the Exxon Valdez litigation.  The *Turner* matter has resulted in a settlement program that has become a novel, model program and has been viewed as innovative methodology for resolution of mass tort litigation.  Mr. Miller also worked closely with

governmental authorities such as EPA, LDEQ, HUD, FEMA, and the SBA in the consolidated *Turner* matter.

Below is an illustrative list of cases in which Mr. Miller and Frilot lawyers have been involved that demonstrate Mr. Miller's and his firm's capabilities in serving as Defendants Liaison Counsel in these proceedings:

- ***Castellanos-Contreras v. Decatur Hotels, LLC*, 559 F.3d 332 (5th Cir. 2009)** (Dismissal of class action case in which foreign guest workers brought claims against hotel pursuant to the Free Labor Standards Act)*;*

- ***Ancar v. Murphy Oil USA, Inc., et al.*, 2008 WL 2951794 (E.D. La. 2008)** (Denial of class certification based upon varying degrees of possible injuries to approximately 6,600 plaintiffs during fire at Murphy refinery in 2003);

- ***FEMA Trailer Formaldehyde Products Liability Litigation* (MDL #1873), 07-1873 (E.D. La. 2007)** (Mass tort MDL in which plaintiffs claim that trailers supplied by FEMA following Hurricanes Katrina and Rita emitted dangerous levels of formaldehyde.   Frilot is defending one of the largest Individual Assistance/Technical Assistance Contractors);

- ***Abadie, et al v. Metropolitan Life Insurance Company, et al.*, case no. 04-611 (M.D. La. 2006)** (Trial and appeal of the cumulated claims of the 129 plaintiffs claiming asbestos related personal injuries. This was the largest group of asbestos personal injury plaintiffs ever to proceed to verdict in the State of Louisiana);

- ***In re:  Katrina Canal Breaches Litigation,* case no. 05-4182 (E.D. La. 2005)** (Mass tort litigation in which firm represents individuals and entities for damages due to the failure of the New Orleans levee system during Hurricane Katrina);

- *In re: Leblanc*, **case no. 05-1664 (E.D. La. 2005)** (Class action cases in which plaintiffs alleged exposure to toxic fumes released from a transportation facility. Cases were dismissed pursuant to Rule 12(c) motion);

- *In re: Kirby Inland Marine, L.P.*, **case no. 04-611 (M.D. La. 2004)** (Firm represented defendant in a series of class actions claims related to benzene exposure. Firm won several motions limiting the size of the class, and cases were ultimately settled on terms favorable to the client);

- *Marianne S. James, et al v. John N. Kent, DDS, et al.*, **case no. 03-0504 (La. 4/25/03)** (National class action in which Frilot lawyers persuaded state court judge to dismiss 650 class claims against LSU for allegedly hiding study results in connection with TMJ implants);

- *Lizana, et al. v. E.I. Dupont de Nemours Corp., et al.*, **case no. 02-376 (Miss. 2002)** (Mass tort case involving thousands of claims of alleged exposure to PCBs and dioxins. Firm represented Waste Management);

- *Ardoin, et al. v. Stine Lumber Co., et al.,* **case no. 01-2610 (W.D. La. 2001)** (Class action alleging that copper chromated arsenic (CCA) from treated lumber leached into the surrounding soil and environment. Class certification was denied by the court because commonality, typicality and adequacy of representations requirements were not met. Firm represented largest manufacturer of lumber treated with CCA);

- *Benoit ex rel. Hebert v. Nintendo of America, Inc.*, **case no. 01-674 (W.D. La. 2001)** (Class actions alleging that defendant's video games caused seizures. Case dismissed with payments made to no one except minimal trust funds monies to two children);

- ***In re: Phenylpropanolamine (PPA) Products Liability Litigation* (MDL #1407), 01-1407 (W.D. Wash. 2001)** (MDL case in which plaintiffs alleged PPA contained within the diet drug Dexatrim caused strokes. Frilot represented one of the diet drug manufacturers);

- ***Byone v. Monsanto*, case no. 01-30058 (W.D. La. 2001)** (First class action filed involving transgenic properties in soybeans. Class certification was denied. Mr. Miller was interviewed by New York Times following class action denial);

- ***In re Harvey Term*, case no. 01-8708 (La. 2001)** (Trial court, denied class certification for approximately 500 plaintiffs who were allegedly exposed to NORM released into the environment due to pipe cleaning operations. Firm represented Chevron.);

- ***Paul Heilman, et al v. Perfection,* case no. 99-0679 (W.D. Mo. 2000)** (National class action against water heater manufacturers in which 14,000,000 class member claims were settled. Mr. Miller was lead counsel for water heater industry);

- ***Riley, et al v. Norfolk Southern, et al.*, case no. 02-8256 (C.D.C. La. 2002)** (Denial of class certification based upon varying exposures to chlorine gas after spill from tank car); and

- ***Ford v. Murphy Oil USA, Inc., et al.,* 703 So.2d 542 (La. 1997)** (Lead counsel in case and successfully defeated class claims brought against petroleum refineries. In doing so, Frilot lawyers persuaded the Louisiana Supreme Court to adopt federal class action precepts for Louisiana state class actions).

It has been suggested by certain defendants that a dual defense liaison counsel is appropriate given the complexity of the issues presented in these cases. While the Knauf entities believe the interests of liaison counsel will be served by the appointment of Kerry J.

Miller and Frilot L.L.C., the Knauf entities would not object to a dual defense liaison counsel designation by the Court.

<u>Conclusion</u>

Kerry J. Miller and the law firm of Frilot L.L.C. have extensive experience and involvement in handling those matters needed to be performed by Defendants Liaison Counsel. The appointment of Kerry J. Miller and Frilot L.L.C. will help further the goals of efficiency and fairness, which are crucial to consolidated multidistrict litigation, and to assist the defense counsel and other management structure of the MDL.  Moreover, Frilot L.L.C. has the resources and commitment to handle the responsibilities of liaison counsel.

WHEREFORE, it is respectfully requested that Kerry J. Miller and Frilot L.L.C. be appointed as Defendants Liaison Counsel.

Respectfully submitted,

BY:/s/ Kyle A. Spaulding
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
PAUL C. THIBODEAUX (#29446)
FRILOT L.L.C.
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone: (504)599-8194
Facsimile:  (504)599-8145
Kmiller@frilot.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the above and foregoing has been served electronically on all counsel of record this 1st day of July, 2009.

/s/ Kyle A. Spaulding