UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL No. 2047 |
| | ) | SECTION: L |
| THIS DOCUMENT RELATES TO ALL CASES | ) ) ) | JUDGE FALLON MAG. JUDGE WILKINSON |

### APPLICATION OF DAVID F. BIENVENU, ESQ. FOR APPOINTMENT AS DEFENDANTS' LIAISON COUNSEL

Pursuant to paragraph 16 of Pretrial Order #1, David F. Bienvenu, Esq. of Simon, Peragine, Smith & Redfearn, L.L.P. ("Simon Peragine") and Hilarie Bass, Esq. of Greenberg Traurig, P.A. ("Greenberg Traurig") hereby respectfully request that this Honorable Court establish two liaison counsel positions on behalf of the defendants in the Chinese-Manufactured Drywall Products Liability Litigation (MDL No. 2047) and appoint Mr. Bienvenu as the Homebuilder Defendants' Liaison Counsel, and in support thereof state as follows:

**I.   The Manufacturers' Interests are Adverse to Those of the Other Defendants**

Undersigned counsel received a copy of the Application for Appointment of Kerry

1

J. Miller as Liaison Counsel for All Defendants. Mr. Miller of Frilot L.L.C. is local counsel in New Orleans for the Knauf entities--the most visible of the manufacturers of the Chinese drywall at issue in this multi-district litigation. Undersigned counsel take no issue with the fact that Mr. Miller is clearly qualified to serve as Defendants' Liaison Counsel in a multi-district litigation. The Lennar Corporation and certain of its subsidiaries and affiliates (collectively, Lennar") and certain of the other defendants are concerned, however, about the ability of counsel for a manufacturer to represent the adverse interests of other defendants, including homebuilders, drywall installers, suppliers and importers (collectively, the "Other Defendants") in this multi-district litigation.

For example, despite the request of the Other Defendants, the United States-based attorneys for the Knauf entities have refused to accept service of process on behalf of their German and Chinese clients in the multiple pending cases.[1] Until the manufacturers of the Chinese drywall (the "Manufacturers") are served with process in these actions, the Other

---

[1] Consequently, the plaintiffs and certain of the Other Defendants who are also suing the Knauf entities in the over 200 cases filed in state and federal courts have been forced to engage in the expensive and time-consuming process of serving these foreign manufacturers through the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"). Service on the foreign manufacturers through the Hague Convention can take up to six months, or more, and may cost in excess of fifteen thousand dollars per case, including translation costs and other fees.

2

Defendants have no assurances that the Manufacturers, from whom many of the Other Defendants will ultimately look for recovery, will be active participants in the many related cases in this multi-district litigation.

Furthermore, certain of the Manufacturers in these cases have already moved to quash service and have articulated their intention to challenge personal jurisdiction. Additionally, if the plaintiffs or any of the Other Defendants are successful in obtaining a judgment against the Manufacturers in a United States court, it is anticipated that the Manufacturers will argue that any such judgment cannot be enforced in China, potentially leaving the Other Defendants on the hook for their liability.

Given that it is the position of all the Other Defendants that it is the Manufacturers that are ultimately responsible to these Plaintiffs and to the Homebuilders who are undertaking the repairs for their products if they prove to be defective, it is apparent that the interests of the Other Defendants are, in significant part, adverse to the interests of the Manufacturers. It is an inherent conflict for the Homebuilder Group, many of which are expending huge sums of money to make expeditious repairs to homes they unknowingly constructed containing defective Chinese-manufactured drywall, to be represented in the multi-district litigation by the Manufacturers--a group that is not likely to act in the Other

Defendants' best interests throughout the litigation if appointed as liaison counsel for all defendants.

To satisfy the Court's goal in appointing Defendants' Liaison Counsel who will represent the interests of all defendants in these cases, undersigned counsel request that the Court consider appointing two liaison counsel for the defense--a Manufacturer Defendants' Liaison Counsel and a Homebuilder Defendants' Liaison Counsel. Judge Kurt D. Engelhardt employed a similar structure in his management of *In Re: FEMA Trailer Formaldehyde Products Liability Litigation*, after determining that the interests of certain defendants "may diverge with respect to certain aspects of this litigation." *See In Re: FEMA Trailer Formaldehyde Products Liability Litigation*, MDL No. 07-1873, Pretrial Order No. 30, Feb. 26, 2009.[2] Consequently, Judge Engelhardt created a "Manufacturer Defendants' Steering Committee" and a "Contractor Defendants' Steering Committee" and appointed a liaison counsel to represent each of these defense committees. *Id*.

    **II.**    **Lennar is Invested in the Just, Speedy, and Inexpensive Resolution of this Litigation.**

In contrast to the Manufacturers, whose interests are adverse to those of the Other

---

[2] A copy of this Order is attached hereto as Exhibit "A".

Defendants, Lennar is positioned uniquely in this case to represent the interests of the Other Defendants. Lennar, one of the nation's largest homebuilders, has conducted an extensive investigation of the defective Chinese-manufactured drywall and has begun repairing homes it constructed containing the defective drywall. Through these efforts, Lennar has gained extensive knowledge about the defective product and is engaged in all issues implicated in this multi-district litigation.

Moreover, Lennar was one of the first parties to file a lawsuit against the Manufacturers.[3] Additionally, Lennar is a defendant in, among other cases, *Lorena Garcia, et al. v. Lennar Corp., et al.*, Case No. 09-2079-CIV-MOORE (S.D. Fla.), a putative class action and one of the ten initial federal court cases that were transferred to this Court by the Judicial Panel on Multi-District Litigation. As such, Lennar and its counsel are invested in reaching a just, speedy, and inexpensive resolution to this litigation.

### III. David F. Bienvenu, Esq. is Qualified to be Homebuilder Defendants' Liaison Counsel

Mr. Bienvenu and the law firm of Simon Peragine are local counsel in New Orleans for Lennar in the Chinese-Manufactured Drywall Products Liability Litigation. Mr. Bienvenu,

---

[3] Lennar filed *Lennar Homes, LLC, et al. v. Knauf Gips KG, et al.*, Case No. 09-04901 CA 23, in state court in Miami-Dade County, Florida, on January 30, 2009.

a past President of both the Louisiana State Bar Association and the Louisiana Bar Foundation, has extensive litigation experience in state and federal courts throughout Louisiana, representing clients in the defense of catastrophic casualty, products liability, toxic tort and environmental matters, as well as class action, insurance coverage, construction, and contract disputes.  Mr. Bienvenu's firm, Simon Peragine, is a full service New Orleans firm of nearly 40 attorneys with experience and expertise in, among other things, construction litigation and class action lawsuits on behalf of both plaintiffs and defendants.  In addition, several attorneys at Simon Peragine have been involved in multi-district litigation matters.  Mr. Bienvenu's biography is attached hereto as Exhibit "A".

As the volume of pleadings, papers, and documents in this multi-district litigation, as well as the number of parties, becomes substantial and burdensome, Mr. Bienvenu will have the capability to dedicate the time and resources necessary to fulfill the duties of Defendants' Liaison Counsel.  For many years, Simon Peragine served as national counsel for a major manufacturer/defendant in asbestos litigation.  Initially, in conjunction with that representation, Simon Peragine developed a special litigation support section to establish and maintain a massive database, tracking all litigation on a nation-wide basis involving that defendant and all of its insurers over decades.  Presently, that database covers

approximately 37,000 lawsuits and a quarter of a million plaintiffs, and is continuously managed to provide crucial reports, including hyperlinked documents, and litigation management tools to that manufacturer and its insurers.  Simon Peragine has the personnel, expertise, capacity and sophisticated computer systems to develop and maintain the database and litigation management tools that liaison counsel will require in this multi-district litigation.

As Defendants' Liaison Counsel, Mr. Bienvenu would receive substantial support from Ms. Bass and her team of attorneys at Greenberg Traurig.  Ms. Bass is the Global Operating Shareholder of Greenberg Traurig, an international, full-service law firm with more than 1,800 attorneys in 32 offices across the United States, Europe, and Asia.  Ms. Bass recently completed an eight-year term as the national chair of the firm's 500-member litigation department, currently serves as Vice Chair and will be the Chair in 2010 of the American Bar Association's 70,000-member Section of Litigation.  As set forth in her biography, attached hereto as Exhibit "B", Ms. Bass has significant experience representing numerous clients in class action and complex commercial litigation in federal and state courts.  Notably, Ms. Bass served as defense liaison counsel in the In Re: Managed Care Litigation (MDL No. 1334) multi-district litigation class action RICO case against managed

7

care companies throughout the country, a case which included hundreds of tag-along actions.

Mr. Bienvenu and Simon Peragine, with the support of Ms. Bass and Greenberg Traurig, possess the necessary qualifications, experience, and resources to serve as Defendants' Liaison Counsel.

**WHEREFORE**, it is respectfully requested that this Honorable Court establish two liaison counsel positions for the defendants in this multi-district litigation and appoint David F. Bienvenu, Esq. as the Homebuilder Defendants' Liaison Counsel, along with Kerry Miller, Esq. as the Manufacturer Defendants' Liaison Counsel.

Dated: July 2, 2009                                                                 Respectfully submitted,

**SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.**
*Attorneys for Lennar Corporation, Lennar Homes, LLC, and U.S. Home Corporation*
1100 Poydras Street, 30th Floor
New Orleans, LA 70163
Telephone: (504) 569-2030
Facsimile: (504) 569-2999
E-mail: davidb@spsr-law.com

By:   /s/ David F. Bienvenu
         DAVID F. BIENVENU
         Louisiana Bar No. 3070

**GREENBERG TRAURIG, P.A.**
*Attorneys for Lennar Corporation, Lennar Homes, LLC, and U.S. Home Corporation*
1221 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717
E-mail: bassh@gtlaw.com

By:   /s/ Hilarie Bass
         HILARIE BASS
         Florida Bar No. 334323

## CERTIFICATE OF SERVICE

      **I HERBY CERTIFY** that I have served a copy of the foregoing Application of David F. Bienvenu, Esq. of Simon, Peragine, Smith & Redfearn, L.L.P. for Appointment as Defendants' Liaison Counsel upon all known counsel for all parties, as well as persons listed on the Panel Service List via the Court's CM/ECF system, or by placing same in the United States mail, properly addressed and with first class postage prepaid, or by facsimile, e-mail or other electronic transmissions this 2nd day of July, 2009.

                                          /s/ David F. Bienvenu
                                          DAVID F. BIENVENU