UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| | SECTION: L |
| *This document relates to all cases* | |
| | DISTRICT JUDGE FALLON |
| | MAGISTRATE JUDGE WILKINSON |

## APPLICATION OF BEN W. GORDON, JR. TO PLAINTIFFS' STEERING COMMITTEE

Comes now Ben W. Gordon, Jr., Esquire, and submits this application for appointment to the Plaintiffs' Steering Committee, and states as follows:

I have the experience necessary to effectively represent the interests of all plaintiffs, and I am willing, ready, and able to devote all of the time needed to do the job.

Having previously been a partner at the firm of Levin, Papantonio, Thomas, Mitchell, Echsner & Proctor, P.A., in Pensacola, Florida, I recently rejoined the firm in an "of counsel" capacity in order to assist the firm's management of mass tort litigation, and specifically the firm's drywall cases. We are currently counsel of record in the following Chinese drywall cases:

*Allen v. Knauf Gips KG, et al.*, No. 2:09-CV-54 (M.D. Fla.)
*DeBenedictis v. Knauf Gips KG, et al.*, No. 2:09-CV-421 (M.D. Fla.)

Levin Papantonio is well known in the mass tort world, and our firm has the resources and experience to effectively represent plaintiffs nationwide. We have approximately 115 staff members and 30 attorneys, and we have been engaged in complex litigation and products liability cases for many years. Partners Fred Levin, Mike Papantonio, Troy Rafferty, and Leo Thomas are listed in the publication *Best Lawyers in America*. Along with Troy Rafferty, I assisted Mike Papantonio with the transition in our firm from a very successful single-event law firm, to a law firm that is nationally recognized as one of the preeminent mass tort law firms in the United States. Our firm has been and remains active in many major cases nationally, including the following:

1

- *In re Vioxx Products Liability Litigation*, MDL 1657 (E.D. La.) (Plaintiffs' Steering Committee, Co-Chair Discovery Committee, Science Committee, Lead and Co-Lead Counsel on hundreds of individual cases)

- *In re Katrina Canal Breaches Litigation*, No. 2:05-CV-4182 (E.D. La.) (Appointed to Plaintiffs PLSC)

- *In re Fosamax Products Liability Litigation*, MDL 1789 (S.D.N.Y.) (Chairman of Plaintiffs' Steering Committee)

- *In re Gadolinium Based Contrast Agents*, MDL 1909 (N.D. Ohio) (Co-Lead Counsel of Plaintiffs' Steering Committee)

- *In Re Digitek Product Liability Litigation,* MDL 196 (S.D.W.Va.) (Plaintiff's Steering Committee)

- *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation*, MDL 1203 (E.D. Pa.) (Plaintiffs' Steering Committee, Science Committee, Lead and Co-Lead Counsel on thousands of individual cases)

- *In re Zyprexa Products Liability Litigation*, MDL 1596 (E.D.N.Y.) (Plaintiffs' Steering Committee)

- *In re Medtronic, Inc., Implantable Defibrillators Products Liability Litigation*, MDL 1726 (D. Minn.) (Plaintiffs' Steering Committee, Co-Chair Discovery Committee)

- *In re Accutane Products Liability Litigation*, MDL 1626 (M.D. Fla.) (Co-Chair Discovery Committee)

- *In re Rezulin Products Liability Litigation*, MDL 1348 (S.D.N.Y.) (Plaintiffs' Steering Committee, Chair Discovery Committee, Lead and Co-Lead Counsel on thousands of individual cases)

Our law firm spearheaded the national tobacco litigation, which resulted in a multi-billion dollar settlement that required tobacco companies to change many of their marketing practices. In addition, two of our partners continue to litigate individual cases against tobacco companies, and they achieved a $30 million verdict in a single case just a month ago.

Our firm took an early lead on Chinese drywall cases. Our team of dedicated Chinese drywall staff and lawyers has interviewed hundreds of people seeking representation for property damages or personal injury. We have developed and refined a detailed protocol for gathering information from victims of Chinese drywall. Further, we have retained the services of two expert investigation firms to take drywall and air samples from affected homes in order to preserve evidence. These investigators are working with the State of Florida and others to determine the chemical content of the harmful drywall products. We have been in contact with additional experts in chemistry and manufacturing who will be ready to testify at trial. We are reviewing homeowners'

insurance policies, homebuilder contracts, warranties, and other contracts to find resources for our clients. Additionally, we have entered into negotiations with builders, suppliers, and insurers in an attempt to resolve cases without litigation where possible. In sum, we are dedicated to our clients, and we stand ready to commit all of the substantial resources of our firm—financial and human—needed to see this litigation through to fruition.

Levin Papantonio is also very well regarded among the plaintiffs' bar. We maintain close working relationships with most of the lawyers who have filed applications for the Plaintiffs' Steering Committee to date. Along with Russ Herman, Arnold Levin, and Danny Becnel, our firm sponsored, arranged, and paid for an organizational meeting of approximately 100 plaintiffs' lawyers in New Orleans on June 24th, at which we discussed early strategies for cooperation in this litigation. (This was an event we were able to arrange on short notice, thanks to the firm's in-house event planning staff, which puts on a semiannual educational seminar for attorneys called *Mass Torts Made Perfect*.) As the Court is aware, esteemed New Orleans attorney Russ Herman was unanimously nominated as our suggestion for Plaintiffs' Liaison Counsel at this meeting, and our firm has a long history working closely with Mr. Herman on mass tort cases. Also, I have worked with many of the other plaintiffs' attorneys in this case, and I will be able to take advantage of these existing relationships to begin working cooperatively with other attorneys immediately.

Regarding my personal qualifications, I am amply qualified to serve on the Plaintiffs' Steering Committee. I am admitted to practice law in all Florida and Alabama state courts, as well as the U.S. Court of Appeals for the Eleventh Circuit and the U.S. District Court for the Northern and Southern Districts of Florida, and my application for readmission to the Middle District of Florida is pending. I also have significant personal experience in a number of MDL cases. I served as deputy state liaison counsel under Mike Papantonio to the state courts in *In re Silicone Gel Breast Implant Litigation*, MDL 926, in the Northern District of Alabama, during which the two of us co-tried several breast implant trials to verdict. My role assisting Mr. Papantonio as liaison counsel fostered resolution of thousands of such cases by our firm alone, and I was personally involved in the day-to-day management, litigation, trial, and resolution of all those cases. Because of these successes, Mr. Papantonio and I were consulted or retained by numerous other plaintiffs' lawyers to assist with their cases, ultimately resulting in the settlement of virtually every silicone gel breast implant case in the state of Florida and many other states. I also served as a common benefit attorney for the PSC in that MDL, as well as in *In re Diet Drugs*, MDL 1203, in which Mr. Papantonio and I filed the first diet-drug cases in Florida. (I worked with the PSC to code documents, take depositions, and litigate numerous cases to the brink of trial, resulting in settlement of thousands of such cases). I currently serve as a common benefit attorney to the PSC for the Avandia litigation, MDL 1871. In addition, I have personally handled or assisted with a number of other mass tort cases including Norplant cases (MDL 1057), Rezulin litigation (MDL 1348), Sulzer hip and knee implant cases (MDL 1401); Bausch & Lomb Renu contacts lens solution cases (MDL 1785), and others.

I am personally and professionally committed to this case. Mr. Papantonio and other partners at our firm have reassigned my duties to other attorneys so that I can focus nearly one hundred percent of my time to serving our Chinese drywall clients and the Plaintiffs' Steering Committee in this case. We have further committed the full availability of other lawyers, such as William Cash, and several staff members in our firm to assist me as needed on this project. Pensacola is a short three-hour drive or half-hour flight from New Orleans, and it is also centrally located along the Gulf Coast, the epicenter of the drywall cases to date. Our firm has a private jet that is available for my use to be in New Orleans at a moment's notice in order to assist Mr. Herman and the PSC in whatever roles that may be assigned to me. Thus, if selected to serve, I will devote myself fully to this litigation, and I have already spent many hours educating myself about the science and technical aspects of the drywall problem. I will remain deeply involved in this MDL, because I intend to serve as trial counsel in the Chinese drywall cases that are transferred back to other district courts after the conclusion of these proceedings. I am well familiar with the rigors of work on a PSC, and I have the energy, aptitude, and interest necessary to do an excellent job.

If selected by your honor, it will be my privilege and my pledge to serve the Court, my clients, and the Plaintiffs' Steering Committee, to the very utmost of my ability.

Respectfully submitted:

Ben W. Gordon, Jr. (Fla. Bar No. 882836)
Levin, Papantonio, Thomas,
   Mitchell, Echsner & Proctor, P.A.
316 S. Baylen Street, Ste. 600
Pensacola, FL 32502
Phone: 850-435-7091
Fax: 850-436-6091
bgordon@levinlaw.com

## CERTIFICATE OF SERVICE

I certify that I have served a copy of this application on all counsel in the Court's service list, attached to Pretrial Order #1, by filing this application with the court, by electronic mail to all counsel with an address listed, and by postal mail to all other counsel. Service upon Knauf parties has been made by sending an electronic copy to Kerry J. Miller.

Dated this 3rd day of July, 2009.

_____
Ben W. Gordon, Jr. (Fla. Bar No. 882836)

# EXHIBIT A

# BEN W. GORDON, JR.

| | | | |
|---|---|---|---|
| **Home Address:** | 1407 Soundview Trail<br>Gulf Breeze, FL 32561<br>(850) 932-2227 | **Business Address:** | 316 S. Baylen St, Ste 600<br>Pensacola, FL 32502<br>(850) 435-7091 phone<br>(850) 436-6091 facsimile<br>bgordon@levinlaw.com |

## PROFESSIONAL EXPERIENCE

| | |
|---|---|
| 2009-Present | **Levin, Papantonio, Thomas, Mitchell, Echsner & Proctor, PA**<br>*Of Counsel* |
| 1999 – 2009 | **Ben W. Gordon, Jr., P.A., Attorney and Counselor at Law, Pensacola, FL**<br>*President, Managing Attorney* |
| 1997 – 1999 | **Alford & Kalil, P.A. Jacksonville, FL**<br>*Partner* |
| 1993 – 1997 | **Levin, Middlebrooks, Mabie, Thomas, Mitchell, Echsner, Proctor & Papantonio, Pensacola, FL**<br>*Associate 1993-1996, Partner 1996-97* |
| 1992 – 1993 | **Staff Attorney (JS-13), Eleventh Circuit Court of Appeals Atlanta, GA (Assigned to Hon. Joel F. Dubina)**<br>**John Marshall Law School, Atlanta, GA**<br>*Adjunct Professor of Law* |
| Dec 1990 – Feb 1992 | **Harrell-Wiltshire, et al, Pensacola, FL**<br>*Associate Attorney* |

## BAR MEMBERSHIPS

| | |
|---|---|
| **STATE** | Admitted in Florida (1991); Alabama (1993) |
| **FEDERAL** | Northern District of Florida (1991); Eleventh Circuit Court of Appeals (1993); Middle District of Florida (1997); Southern District of Florida (1998) |

## EDUCATION

| | |
|---|---|
| **Legal** | Cumberland School of Law, Samford University, Birmingham, AL<br>Date of graduation: December 1990, with honors<br>GPA 3.430/4.0<br>Class Rank: 12/201 |

1

**Honors and Activities**

    Member, Curia Honoris
    Dean's List
    *Who's Who*
    **Associate Editor**, Cumberland Law Review
    **Author,** Casenote, **CONSTITUTIONAL LAW—DUE PROCESS—**
    "Failure of Police to Preserve Potentially Exculpatory Evidence Held Not to be a Denial of Due Process Absent Bad Faith on Part of Police,"
    Cumberland Law Review, vol. 20, No. 1.
- School of Law Academic Scholarship 1989, 1990
  Jefferson/Madison Scholarship to attend Seminar for Americans United for Separation of Church & State in Washington, D.C.
- American Jurisprudence Award - Torts II
- Cordell Hull Teaching Fellow, Research and Writing, 1989-90
- Donald E. Corley Mock Trial Competition, Quarter Finalist
- Judge James O. Haley Federal Court Competition
- Director, Herbert W. Peterson Senior Trial Competition
- Founder / 1st President, Students United for Separation of Church & State
- Executive Board, Cumberland Student Bar, Class Representative Freshman and Junior years

**Undergraduate**

    University of Florida, Gainesville, FL 1981-83
    GPA 3.66/4.0
    University of West Florida, Pensacola, FL 1986-88
    Degree: Bachelor of Arts—English
    GPA 3.78/4.0

**Honors and Activities**

    Magna Cum Laude graduate
    Dean's List
    *Who's Who*
    Merit Scholarship
    Intercollegiate Debate Awards
    Debate Team and Public Speaking Competitions (CEDA & LD)
    English Encounter Literary Organization

**MILITARY**  **US ARMY**
    **Electronic Warfare, Signal Intelligence Interceptor 1982-86**
    Honorable Discharge
    1st LT, Alabama Army National Guard, 167th COSCOM, Birmingham, AL
    JAG Officer, Reserves 1991-1994

**PUBLICATIONS**

        **Author**, "Special Report: The Breast Implant Fairness Hearing," Medical-Legal Aspects of Breast Implants, Leader Publications (Sep. 1994)

        **Co-author**, <u>Litigation Committee Newsletter</u>, Vol. 7, No. 2, "The Unfolding of the Breast Implant Saga: Past, Present and Future" (Winter 1994)

        **Co-author**, "Defense Tactics Yield Mixed Results in Houston Trials," Medical-Legal Aspects of Breast Implants (March 1995)

**SKILLS**

        Proficient in WP and Word
        Extensive Westlaw and Lexis training and experience

**LANGUAGES**

        French; conversational skill in German

**SIGNIFICANT CASES**

| | |
|---|---|
| MDL 926 | *IN RE: Silicone Gel Breast Implant Litigation* |
| MDL 1703 | *IN RE: Diet Drug Product Liability Litigation* |
| MDL 1401 | *IN RE: Sulzer Inter-op Prosthesis Products Liability Litigation* |
| MDL 1785 | *IN RE: Bausch & Lomb Inc. Contact Lens Solution* |
| MDL 1348 | *IN RE: Rezulin Litigation* |