# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * | MDL No. 2047<br><br>SECTION: L<br><br>JUDGE FALLON |

*********************************************

### APPLICATION OF ALLAN KANNER TO THE PLAINTIFFS' STEERING COMMITTEE

NOW INTO COURT, comes Allan Kanner, who respectfully requests that this Honorable Court appoint him to the Plaintiffs' Steering Committee to represent the interests of all Plaintiffs in the above captioned matter.

### Willingness And Availability To Commit To A Time-Consuming Project

Kanner & Whiteley, L.L.C. is an 8 lawyer firm with a business model that aggressively pursues only a few cases at a time. The firm has already committed to the Chinese drywall litigation. We have visited homes, accompanied inspectors in the field, identified appropriate testing procedures, chronicled possible medical issues for further review, reviewed insurance coverage issues, identified potentially responsible parties, written notice letters to insurers and to suppliers, hired experts, reviewed laboratory results for each of our plaintiffs and lobbied for changes in Louisiana law at the Legislature as it affects homeowners. We are counsel or co-counsel in over 400 state and federal drywall cases, including *Guidry v. Knauf Gips KG, et al.*, No. 09-4122 (E.D. La.), *Wiltz v. Knauf Gips KG, et al.*, No. 09-3488 (E.D. La.) and *Peterson v. Treasure Coast Homes*, No.

09-14154 (S.D. Fla.) (tag along action). We have approximately 50 cases in suit in Florida state court and expect to file a few hundred more in Louisiana, Mississippi and Florida. We already have a team of appropriate experts in the field working our cases in both state and federal court. We test and evaluate each client's property before agreeing to put a case in suit. We are currently working on cases with Wayne Kreger of Milstein, Adelman and Kreger, L.L.P. and Charles David Durkee of Roberts & Durkee, P.A., as well as a number of other local attorneys.

Given our past experience in MDL and complex litigation, Your Honor can be confident that I will honor my commitments here as I have elsewhere:

> *Ralph Shaffer v. Continental Casualty Company*, CV 06-2235-PSG (June 12, 2008) (Final Approval of national class action for seniors against long term care insurer) ("The Court finds Class Counsel have achieved a substantial benefit for the Class in the face of formidable defenses to liability and difficult damages issues. Class Counsel's skill and experience enhanced the Settlement, and Class Counsel took on a substantial risk by taking this case on a contingency basis and advancing all of the necessary litigation expenses. Class Counsel fought numerous motions, took or defended several depositions in various locations throughout the Country, analyzed thousands of documents and several expert reports, extensively prepared for trial, and after nearly two years of litigation and effort to build a compelling case against an aggressive opponent, engaged in difficult settlement negotiations.")
>
> *Wallace v. American Agrinsurance, Inc.*, No LR-C-99-669 (E.D.Ark, 2005) ("I have nothing but admiration for you and your associates for the outstanding manner in which you at all times represented the [national rice grower] class plaintiffs in this case.")
>
> *Samples v. Conoco, Inc.*, No. 2001-CA-000631, Div. J (Escambia County, First Judicial Circuit Court , Florida, 2003) (Class Counsel were "shown to be qualified, adequately financed and possessed sufficient experience...[and] have demonstrated both their commitment to vigorously pursue this matter on behalf of the class [for pollution property damages] as well as their qualifications to do so.")
>
> *Hanson v. Acceleration Life Ins. Co.*, Civ. No. A3:97-152 (D.N.D. Mar. 18, 1999) (Order of December 11, 1999 (approving final settlement of $14.7 million national class), pp. 8-9: "This litigation was hard fought throughout its two year pendency and required thousands of hours of counsel's time and hundreds of thousands of dollars advanced for expenses, with significant risk of no compensation. Both local counsel and national class counsel are commended for their willingness to take on this cause when there were virtually no precedents to assure them of likely success. They are all highly skilled and well-experienced attorneys who appreciate the risky nature of this litigation, yet their desire to correct a perceived injustice suffered by a vulnerable group of people led them to take this

risk. Counsel's considerable skill, both in the substantive areas of this case as well as in discovery and class action procedure, together with their degrees of preparation were primary factors leading to the favorable settlement for the class. Of equal note is the fact that counsel unquestionably put the interests of the class far ahead of their own interest.")

*Bonilla, et al. v. Trebol Motors Corporation, et al.*, No. 92-1795 (JP) (D.P.R.) ($129,000,000 jury verdict in civil RICO class action against Volvo and local distributor) (describing the firm's abilities on March 27, 1997, as follows: "We have no trouble concluding that the experience and resources of Kanner & Whiteley was a major reason that the plaintiffs' class was able to so successfully present its case to the jury and achieve such an estimable result. Mr. Kanner, who served as lead counsel at trial, has perhaps as much experience litigating complex class action suits as any attorney in the United States. He has authored, chaired, consulted on, contributed to, and given articles, symposiums, classes, books, practice guides, etc. More importantly, his resume is replete with instances in which he served as counsel in complex class action suits. His experience was essential to the success realized by the plaintiffs in this action.")

### **Ability To Work Cooperatively With Others**

My past track record of success in MDL and complex litigation is sufficient testament to my ability to work well with others. *E.g., In re Cooper Tire Products Liability Litigation*, MDL No. 1393 (S.D.Ohio, Holschue, J.) (lead counsel; successfully resolved in under a year); *In re Synthroid Marketing Litigation*, MDL No. 1182 (N.D.Ill., Bucklo, J.) (co-lead counsel; successfully resolved). In addition, after Katrina and Rita, I formed LAJ's Insurance Litigation Group which was a model of cooperative enterprise. For this work, I received LAJ's President's Award. My practice, and responsibilities at LAJ and AAJ, regularly involve me in work with disparate firms nationwide. I have successfully worked cases in the past with many of the attorneys before the Court, including out-of-state counsel. On drywall, I organized a lobbying effort among other Louisiana attorneys to try to pass some helpful legislation, and we all worked well towards this common goal with the outstanding assistance of Steve Herman, Scott Bickford, Danny Becnel, Morris Bart, Greg DiLeo and Maria Glorioso.

### **Professional Experience In This Type Of Litigation**

3

I have been involved in toxic tort litigation for almost 30 years, including toxic building material and property damage cases, particle board, formaldehyde and asbestos. Allan Kanner, ENVIRONMENTAL & TOXIC TORT TRIALS (2005 2d ed.). Chambers and Partners (2009) says, "Allan Kanner of Kanner & Whiteley, L.L.C. enjoys a '*sterling reputation*' for plaintiff-side representation in toxic tort trials."

I have successfully handled many mass tort cases, including extensive experience with various related issues such as medical monitoring and insurance coverage questions. This case will involve a number of other areas in which I have substantial experience, including choice of law questions, bankruptcy issues, business torts, foreign defendants, empty chair defenses, economic loss doctrine, ASTM standards, and construction defect litigation.

I have taught Complex Litigation at Yale Law School (2005, 2002) and Duke Law School (2003), and I have taught courses on toxic tort at Tulane, Duke and University of Texas law schools. I was appointed by the Louisiana Supreme Court to the Committee that produced the LOUISIANA COMPLEX LITIGATION BENCH BOOK FOR JUDGES (1995), and I have taught at Louisiana's Judicial College.

### Willingness To Commit The Necessary Resources To Pursue This Matter

As noted above, numerous courts acknowledge our track record in committing whatever resources are necessary to a successful outcome, even to the extent of taking substantial risks.

For the foregoing reasons, I respectfully request appointment to the Plaintiffs' Steering Committee.

Dated: July 6, 2009                                      By:  /s/ Allan Kanner
                                                              Allan Kanner (La. Bar No. 20580)
                                                              a.kanner@kanner-law.com
                                                              KANNER & WHITELEY, L.L.C.

4

        701 Camp Street
        New Orleans, LA  70130
        Telephone:  (504) 524-5777
        Facsimile:  (504) 524-5763

## **CERTIFICATE OF SERVICE**

I certify that on this 6th day of July, 2009, the foregoing Application of Allan Kanner to the Plaintiffs' Steering Committee has been served by electronic mail upon all counsel included in the service list attached to the Court's Pretrial Order #1, as well as any other plaintiff's counsel known to have a federal drywall case pending.

        /s/ Allan Kanner