July 8, 2009

Honorable Eldon E. Fallon
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room C456
New Orleans, Louisiana 70130

> Re:   In Re: Chinese-Manufactured Drywall
>       Products Liability Litigation
>       MDL No. 2047, Section "L"
> _____

Dear Judge Fallon:

Please consider this correspondence my application for appointment to the Plaintiffs' Steering Committee (PSC), pursuant to ¶17 of this Court's Pretrial Order #1 of 6/16/09 (Doc. No. 7). I submit this application based upon the following criteria and considerations:

## (A) WILLINGNESS AND AVAILABILITY TO COMMIT

The importance of this litigation is self-evident, and service on the PSC clearly will require a significant commitment. This case arises, however, at a time when I have both the ability and support to devote my energy and the resources of my firm to legal services for the common benefit of plaintiffs. Court-appointed roles in other class action/mass tort litigation have become less time-consuming as these matters draw closer to resolution (e.g., the Vioxx MDL and the Murphy Oil litigation). I am also fortunate to be encouraged unconditionally in this application by an established and successful law firm, which will provide both the financial support and staff needed in connection with membership on the PSC.

The following attorneys in my firm are committed to working with me and, as needed, under my direction in this matter: Justin Woods, Kara Samuels, Nakisha Ervin-Knott, and Tara Gilbreath. All have demonstrated a strong work ethic and high level of case-handling skill in class action/mass tort litigation.

## (B) ABILITY TO WORK COOPERATIVELY WITH OTHERS

Through my leadership activity in other matters, I have demonstrated an ability to maintain cooperativeness among large and at times competing groups of plaintiffs' counsel. As co-lead counsel in *In Re: Chemical Release at Bogalusa*, (22nd JDC), I have helped resolve numerous issues among plaintiffs' counsel who were pursuing competing claims in different

-1-

fora, against not only the same defendants but an arguably limited fund.  This enabled plaintiffs to maintain a viable class action involving roughly 16,000 claims in Louisiana state court, despite a simultaneously-active mass tort case by 4,000 "opt-out" claims in a foreign jurisdiction (Mississippi state court).  I am Plaintiffs' Liaison Counsel in the Katrina Levee litigation pending before Judge Duval of this Court, and recently helped present a limited fund class settlement for Court approval.  In the class action case of *Turner, et al v. Murphy Oil USA, et al* (E.D. La), I was able to make substantial contributions not only to an expedited settlement having a total value in excess of $300 million, but also to the amicable resolution of a complicated fee allocation dispute among numerous plaintiffs' counsel.  And in the pending MDL of *In Re: FEMA Trailer Formaldehyde Products Liability Litigation*, I serve as Co-Liaison Counsel for plaintiffs in a case involving numerous defendant manufacturers  and contractors, as well as the United States Government.

In my 32 years of experience as a trial attorney, I believe I also have demonstrated an ability to cooperate and work well with opposing counsel.  As Court-Appointed Co-Liaison Counsel in the MDL proceeding *In Re: Industrial Life Insurance Litigation* (USDC, E.D. La), I helped negotiate the provisions of a case management order with counsel for various defendants.  In the Vioxx MDL, I also took part in negotiating certain case management orders with opposing counsel.  In both the *Chemical Release at Bogalusa* and *Turner* cases I was given a lead role in critical settlement negotiations.

Many of my professional honors and distinctions would not have occurred but for the peer support of colleagues.  I repeatedly was elected to, and served for years in, the LSBA House of Delegates.  I have been elected both as the President of the New Orleans Chapter of the American Board of Trial Advocates (ABOTA) and as President of the New Orleans Chapter of the Federal Bar Association (the largest Chapter in the United States).  I am one of a relatively small number of plaintiffs' counsel to have been invited into and inducted as a Fellow in the American College of Trial Lawyers.  I frequently am invited by judges, defendant firms, and professional organizations to appear on CLE programs and panels as a spokesman for the viewpoint of plaintiffs' counsel.

I have an "a.v." in *Martindale-Hubbell*, am listed in the current and several previous editions of "*The Best Lawyers in America,*" have been listed in the top lists featured in "Louisiana's Super Lawyers" in the past several years, and most recently was honored as one of the City's top attorneys in the 2009 "Leadership in Law" issue of *City Business*.

## (C) EXPERIENCE IN CLASS ACTIONS/MASS TORT LITIGATION

Our firm filed a proposed class action in this litigation and in this Court (E.D. La) on 4/9/09.  *See Morlas, et al v. Knauf Gips KG, et al,* Civil Action No. 09-3265, Section F, USDC (E.D. La).  We currently represent eleven clients, and we continue to be called upon to screen and accept cases.  Since *Morlas*, we have filed three additional cases in this MDL: *Meyer, et al v. Knauf Gips KG, et al*, Civil Action No. 09-3960; *Alonzo v. Knauf Gips KG, et al*, Civil Action

No. 09-3959; and *Peres, et al v. Knauf Gips KG, et al*, Civil Action NO. 09-3961

The following pending or recently resolved matters illustrate my background and experience in class action/mass tort litigation: (1) Court-appointed Co-Liaison Counsel in *In Re: FEMA Trailer Formaldehyde Product Liability Litigation*, MDL No. 1873, U.S. District Court, E.D. La [multi-district litigation against the Government/FEMA and manufacturers of trailers used to house displaced residents after Hurricanes Katrina and Rita]; (2) Court-appointed Plaintiffs' Liaison Counsel for Levee cases and Court-appointed member of the Levee PSLC in *In Re: Katrina Canal Breaches,* No. 05-4181, U.S. District Court, E.D. La. [consolidated litigation arising out of flooding from Hurricane Katrina]; (3) Court-appointed member of Plaintiffs' Steering Committee in *In Re: Vioxx, Products Liability Litigation, MDL No. 1657*, U.S. District Court, E.D. La. [multi-district litigation against Merck, the manufacturer of Vioxx; settlement]; (4) Court-appointed member of Plaintiffs' Steering Committee in *Patrick Joseph Turner, et al v. Murphy Oil USA, Inc.*, U.S. District Court, E.D. La. [litigation against Murphy Oil as a result of an oil spill that occurred during Hurricane Katrina; settlement]; (5) Court-appointed liaison counsel in federal court, and co-lead counsel of Plaintiffs' Legal Committee in *In Re: Chemical Release at Bogalusa*, 22nd Judicial District Court (Parish of Washington) [class action; explosion of tank car and chemical release in Bogalusa, Louisiana; verdict for plaintiffs in common issues trial, 2003; settlement]; (6) Court-appointed class counsel in *Susan Blades, et al vs. Illinois Central Railroad Company d/b/a Canadian National Railroad/Illinois Central Railroad*, U.S. District Court, E.D. La. [class action; train derailment; settlement]; (7) Lead counsel for plaintiffs in mass tort case of *In Re: St. Louis Encephalitis Outbreak in Ouachita Parish*, 4th Judicial District Court (Monroe, Louisiana) [case for victims of St. Louis encephalitis outbreak, Ouachita Parish; settlement]; (8) Court-appointed co-liaison counsel in *In Re: Industrial Life Insurance Litigation*, U. S. District Court, E. D. La. [national class action/mass joinder against various life insurance companies for racially discriminatory practices in charging premiums]; (9) Court-appointed Special Master in *Custom Bus Litigation*, U.S. District Court, E.D. La. [mass tort; multiple deaths and injuries from crash of Casino bus; settlement]; (10) Court-appointed Special Master in *In Re: Chippewa Street Spill*, 19th Judicial District Court (Parish of East Baton Rouge) [class action; chemical spill; settlement]; (11) Member of Claimants' Committee in *In re: Complaint of Clearsky Shipping Corp., as Owner, and Cosco (H.K.) Shipping Company Limited, as Owner of the M/V BRIGHT FIELD, for Exoneration from or Limitation of Liability*, United States District Court, E.D. La., C.A. #96-4099, [case involving collision between the vessel BRIGHT FIELD and Poydras Street wharf/New Orleans Riverwalk; settlement]; (12) Court-appointed class counsel in *Lailhengue v. Mobil Oil*, 34th Judicial District Court (Parish of St. Bernard) [class action; refinery explosion case; settlement]; (13) Court-appointed class counsel in *Andry v. Murphy Oil*, 34th Judicial District Court (Parish of St. Bernard) [class action; refinery explosion case; settlement]; and (14) Court-appointed class counsel in *Kaiser Plant Explosion at Kaiser*, 23rd Judicial District Court (Parish of St. James) [class action; plant explosion; settlement].

(D) <u>OTHER CONSIDERATIONS</u>

I am proud of the reputation I have earned for professionalism, ethics and scholarship, beyond whatever success is reflected in specific case outcomes or verdicts.  As a *magna cum laude* undergraduate (Georgetown) and Contributing Editor of the *Georgetown Law Journal*, and as a former law clerk to two district judges in the Eastern District of Louisiana, I have an abiding intellectual zeal for the practice of law on behalf of injured clients.  My articles in the *Tulane Law Review*, CLE publications on key topics such as *Daubert*, and role as a lead author in the longstanding and annually-updated publication "*Louisiana Civil Pretrial Procedure*" (West 1997), all are matters of special significance to me.   I'm especially grateful to have been mentored in a law firm which represents the highest professional standards in plaintiffs' personal injury practice, and this year will celebrate its 65th year of existence.

My most recent, and ongoing, efforts in class action and mass tort litigation have been chiefly in the service of citizens most affected by the aftermath of Hurricane Katrina (the Katrina Levee and MRGO litigation, the Murphy Oil spill, and the FEMA Trailer Formaldehyde case).  I view the instant MDL as a further opportunity to use my professional skills and experience on behalf of those who struggle, often with limited resources, to seek justice and accountability in the wake of an historic disaster.

If given the honor of serving on the PSC, I will pledge to the case, and to the Court, a commitment to represent plaintiffs' interests with diligence, scholarship, and professionalism.  I ask that my application be given the Court's serious consideration.

Sincerely,

Gerald E. Meunier

GEM/dmm