IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L<br><br>JUDGE FALLON<br><br>MAG. JUDGE WILKINSON |

**APPLICATION FOR APPOINTMENT OF DAWN M. BARRIOS AS A
PLAINTIFFS' STEERING COMMITTEE MEMBER**

  Dawn M. Barrios, partner in the New Orleans law firm of Barrios, Kingsdorf & Casteix applies for membership on the Plaintiffs' Steering Committee (hereinafter "PSC") with the primary responsibility of Federal-State Coordination.

  After graduating from Tulane Law School in 1976, I clerked for the Chief Justice of the Louisiana Supreme Court.  Since 1979, I have practiced with Bruce S. Kingsdorf and Barbara Treuting Casteix in New Orleans.  My career and our firm are anchored on our reputation for integrity, credibility, dedication to our cases, personal service, and hard work.

**WILLINGNESS AND AVAILABILITY**

  I am willing, available and anxious to commit to work and to help finance MDL-2047.  Other cases have been resolved or are winding down, thus freeing up my time and my partner, Bruce Kingsdorf's, to devote to this MDL.

  More important than a declaration of willingness and availability to pledge time, expenses and resources to a new project is proof of an attorney's long term commitment to a case.  At the inception all attorneys declare their willingness and availability, but the true test of "willingness and availability" is a regular, consistent and sustained commitment which exists over the life of the case.  PSC members must actually demonstrate this constant commitment.  When I begin a case, I follow it through to completion.

  My devotion and attention to cases is best evident in MDL- 1657, *In re: Vioxx Products Liability* and in MDL-1355, *In re: Propulsid Products Liability.* In each of these major MDLs, this Court appointed me a member of the State Liaison Committee.  In the more than sixty status conferences held over the past nine years in both cases, I personally attended all but a handful. I still attend the monthly conferences.

-1-

Your Honor is familiar with my work in the Propulsid MDL. Not only did the PSC turn to me for assistance on a variety of projects, but the Court expected me to demonstrate a level of dedication to the case which would continue until the final order on the case is signed. After the federal settlement was implemented, the Court asked the State Liaison Committee to assist the PSC in crafting a state court settlement. I participated in the negotiation of Propulsid II and still attend weekly conference calls with the Special Master. Despite the age of the Propulsid MDL, I have followed through on all my responsibilities inherent in my Court appointed position, and routinely still work on the Propulsid MDL.

In the Vioxx MDL, Your Honor again appointed me a member of the Federal-State Liaison Committee, and the committee appointed me its Chair. Using the experience of Propulsid, I was able to quickly implement methods to disseminate information on the MDL to all counsel with Vioxx cases. During the infancy of the MDL, the Court directed the State Liaison Committee to organize and group remand motions in a fashion which would allow Your Honor to rule on a specific issue so the parties could use that ruling as an indication of the Court's position. Further, at the PSC's request, I reached out to excellent litigators throughout the country to try cases in the MDL; and was trial counsel in the *Mason* case. I worked with Merck and plaintiffs' counsel on coordinating depositions cross noticed. Monthly I present the Court with an electronic database of all remand motions segregated by state and by issue, all hyperlinked with the appropriate pleadings for the Court's convenience.

As an additional responsibility in Vioxx MDL- 1657, the Court appointed me Special Liaison Counsel for the Government Action cases. In that capacity, I hold weekly phone conferences and routinely interact with Liaison Counsel and Merck to ensure appropriate non-duplicative discovery and confidentiality orders. All discovery between the Government Actions and Merck is coordinated through my office. Counsel in the Government Actions daily seek assistance from me; and since the Court has declared its intent to move these cases through discovery, I have made the Vioxx Government Action work a high priority.

## **PROFESSIONAL EXPERIENCE**

Complex litigation has been my practice's focus since 1992 when Mr. Wendell Gauthier invited me to be on the breast implant Louisiana PSC. I have an AV Martindale Hubble rating, all based upon the opinion of counsel with whom I have worked. For the past two years I have been named a "Super Lawyer".

In four MDLs since 2000, Judges have named me in leadership positions. Most recently, the Honorable Sarah S. Vance of the Eastern District of Louisiana appointed me Lead Counsel in MDL-1643, *In re: Educational Testing Service Praxis Principles of Learning and Teaching: Grades 7-12 Litigation*. In addition to the appointments in Propulsid and the several appointments in Vioxx, the Honorable Michael Davis, United States District Court, District of Minnesota, named me on the Liaison Advisory Committee in MDL-1431, *In re: Baycol Products Litigation*.[1]

---

[1] I understand the inner workings of an MDL from the plaintiff's perspective - facilitating and maintaining cooperation among PSC members to work for the common good of creating and developing an excellent work product; coordinating the competing interests of the mission of an MDL and of the state court Plaintiff's counsel to get their cases quickly before a jury; and

The highlight of my professional career in complex litigation was being named Lead Counsel in ETS MDL- 1643. I led a PSC comprised of attorneys from across the country; and my opposing counsel were partners in a nationally renouned firm, Wilmer Hale. After defending the Master Administrative Complaint against a Motion to Dismiss and 6 weeks after Katrina, we successfully mediated a class settlement. Judge Vance ultimately approved the settlement class, appointed a Special Master and CADA for allocation and distribution, and issued orders on attorneys' fees, costs and cy pres. The MDL was closed in late 2008.

In *In Re: Genetically Modified Rice Litigation*, MDL-1811, in St. Louis, I did not apply to be a PSC member, but I routinely work with the Executive Committee. The Court will decide the bellwether cases shortly, and under the Court's schedule one of my plaintiffs will be either the third, fourth, or fifth bellwether trial in 2010. I have worked cooperatively with the PSC and Lead Counsel to select trial cases and conduct discovery, and enjoy a very collegial relationship with all counsel in that MDL.

My role as a class counsel in class actions is another example of my experience in complex litigation. In classes involving breast implant recipients,[2] land owners with environmental toxic exposure,[3] and farmers experiencing crawfish mortality,[4] I played major roles on these PSCs. I was lead trial counsel in the *Spitzfaden* common issue trial which lasted six (6) months and culminated in a plaintiffs' verdict. The complexity of the *Spitzfaden* litigation is detailed in my law review article[5] written at the request of Professor (and then Dean) Ed Sherman of Tulane law School, and my practical experience in *Spitzfaden* was described at the Tulane Law Review's Class Action in the Gulf South Symposium in 2000.

All of this practical experience brings my name to the forefront for lecturing and teaching positions. I proudly return to my alma mater, Tulane Law School, to make presentations to Professor Sherman's Complex Litigation class and his Complex Litigation Seminar held every other year. I oftentimes professionally speak and prepare written materials on complex litigation issues for the American Bar Association, Louisiana Bar Association, Louisiana Association for Justice, and for other private seminars. I am yearly invited to be a faculty member for trial advocacy school at LSU Law School.

Ever since my initiation in MDL-926 proceedings for breast implants in the early 1990s, I have endeavored to be a consensus builder, a good listener, an effective leader, a hard, loyal, dedicated worker and, oftentimes, a mediator when working with other attorneys. I believe I have the ability to meld attorneys, staff, experts and witnesses together to work for the common good of the clients.

---

formulating and accomplishing a methodology for completion of the MDL or resolution of the entire litigation.

[2] *Spitzfaden et al v. The Dow Chemical Company, et al*, Civil District Court, Parish of Orleans, Docket No. 92-2589-F (1994).

[3] *Parrish et al v. Tennessee Gas Pipeline Company, Inc., et al*, 10th Judicial District court, Natchitoches Parish, Docket No. 64-527-A (1996).

[4] *West, et al v. G&H Seed Company, et al*, 27th Judicial District Court, St. Landry Parish, Docket No. 99-C-4984-C (2000).

[5] "The Long and Winding Road for Spitzfaden, Louisiana's Breast Implant Class Action: 'Ad Astra Per Aspera'" 74 Tulane Law Review 1941 (2000).

**APPOINTMENT SOUGHT**

In addition to my own cases, both before and after the Eastern District became the Transferee Court, I have been invited by 3 consortiums or firms to work jointly on a large number of federal cases. I am co-counsel in Garcia et al v. Lennar Corporation et al; Minafri v. M/I Homes et al; and Shakoor v. Knauf Gips KG et al.

My interest and experience in this MDL draws from my previous MDL appointments. I seek a position on the PSC, with the primary responsibility to head the State- Federal Coordination efforts. In the Propulsid and Vioxx MDLs I gained invaluable experience in the coordination and cooperation between various venues, and wish to use that experience as a base in the Chinese Drywall MDL, which has approximately 17 jurisdictions with cases. In past MDLs the State-Federal work was accomplished through a separate committee, and in this case, the separate committee is still appropriate. It is respectfully submitted that due to the enormous number of jurisdictions, that I hold a PSC position and work directly with the State-Federal Committee as the State-Federal Coordinator. PSC members know the litigation from the inside. Having that knowledge in dealings with state court litigants and judges will be invaluable.

Of course, should the Court desire me to serve in any other capacity, I would serve in that capacity with pleasure.

**Dated:** July 10, 2009                                Respectfully submitted,

**BARRIOS, KINGSDORF & CASTEIX, LLP**

By: /s/ Dawn M. Barrios
Dawn M. Barrios (LA Bar Roll #2821)
701 Poydras Street, Suite 3650
New Orleans, Louisiana  70139
Tel: (504) 524-3300
Fax: (504) 524-3313
Email:  Barrios@bkc-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served electronically on all plaintiffs' counsel known to have a federal Chinese Drywall case pending, this 10th day of July, 2009.

/s/ Dawn M. Barrios