IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| | SECTION: L |
| This Document Relates to:   All Cases | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

MEMORANDUM IN SUPPORT OF
PLAINTIFFS' EX PARTE MOTION TO CERTIFY CLASS

**NOW INTO COURT**, through the undersigned counsel, come the plaintiffs herein, for the purpose of submitting this Memorandum in Support of their Ex Parte Motion to Certify Class and say as follows:

MAY IT PLEASE THE COURT:

Class certification is proper and should be granted in this case. The requirements set forth in Rule 23 of the Federal Rules of Civil Procedure are met. This case involves common issues of fact and law. The claims of the named class members and the claims of the persons to be named as class representatives are typical of the claims of members of the putative class. The claims of the members of the putative class are so numerous as to make mass joinder an ineffective tool.

Moreover, common issues predominate over any individual issues that may exist and certification is the superior procedural device to handle these cases. Class certification would result in definable class boundaries, in a single liability trial on the predominant issues, and in

determinations regarding the extent and amount of damages that would assist in resolving and/or simplifying any individual issues that remain.

**FACTS**

This case arises out of the installation of toxic drywall from China into the homes of the plaintiffs and thousands of other persons throughout the United States.

**I.   LAW**

A mass tort such as this one should be handled through class action. The applicable law favors class treatment in this type of case.

    A.   *THIS COURT HAS DISCRETION ON THE ISSUE OF CLASS CERTIFICATION*

A District Court has substantial discretion in determining whether to certify a class pursuant to F.R.C.P. 23. *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001) *In Re: Vulcan Litigation January 5 Incident*, No. 01-05-D-M3 (M.D. La. 2005). In exercising this discretion, the Court does not evaluate the merits of the case but considers only whether the requirements of Rule 23 are met. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974). The Court may consider materials beyond the pleadings such as relevant facts, the claims of the parties and the applicable substantive law. *Castano v. American Tobacco Company*, 84 F.3d 734, 744 (5th Cir. 1996).

    B.   *THE REQUIREMENTS OF FRCP 23*

The requirements for class certification in federal courts are found in FRCP 23. In particular, FRCP 23(a) sets out four prerequisites to be met in class actions: numerosity, commonality, typicality, and adequacy. Once the Court finds that these four prerequisites are met, it then considers the three categories listed in FRCP 23(b). Class certification is appropriate if the Court finds that any one of the three categories of FRCP 23(b) are satisfied. Here, plaintiffs seek certification under FRCP 23(b)(3) which in turn contains two requirements: (1) that questions of law or fact common

to members of the class predominate over questions affecting only individual members and (2) that a class action is superior to other methods of adjudication.

**II.     ARGUMENT**

This Honorable Court should certify the class for the following reasons:

(1)   The requirements of numerosity, commonality, typicality and adequacy are met;

(2)   The issues common to the class overwhelmingly predominate over any individual issues which might arise.

(3)   A class action is superior any other methods of adjudication available to the Court.

Plaintiffs will demonstrate why each of the above requirements are met by this litigation.

   A.   *NUMEROSITY*

FRCP 23(a)(1) simply requires that the class be so large that joinder of all members is impracticable.  Plaintiffs must merely demonstrate some evidence or reasonable estimate of the number of purported class members.  *James v. City of Dallas*. 254 F.3d 551, 570 (5th Cir. 2001). Generally, a potential class of over one hundred members is sufficient for purposes of numerosity and some courts have noted that any class consisting of more than forty members should raise a presumption that joinder is impracticable.  *Street v. Diamond Offshore Drilling*, 2001 WL 568111 (E.D.La. May 25, 2001, Duval, J..).

In the instant case, the requirements of numerosity is unquestionably met.  Tens of thousands of homes were affected by the toxic drywall.

   B.   *COMMONALITY*

FRCP 23(a)(2) requires that a question or questions of law and/or fact common to the class exist.  The Courts have noted that "the threshold of commonality is not high".  *Bertulli v. Indep. Ass'n of Continental Pilots*, 242 F.2d 290, 296-97 (5th Cir. 2001) citing *Jenkins v. Raymark*

*Industries, Inc.*, 782 F.2d 468 (5th Cir. 1986). See also *Mullen v. Treasure Chest Casino*, 186 F.2d 620, 625 (5th Cir. 1999).

A common question is one that, when answered as to one class member, "will affect all or a significant number of the putative class members". *Forbush v. J.C. Penny Co.*, 994 F.2d 1101, 1106 (5th Cir. 1993). *James v. City of Dallas*. 254 F.3d 551, 570 (5th Cir. 2001).

When the party opposing the class has engaged in some course of conduct that affects a group of persons and gives rise to a cause of action, one or more elements of that cause of action will be common to all of the persons affected. Hebert B. Newberg, *Newberg on Class Actions § 310 at 3-49* (4th ed. 2002).

In the instant case, there are numerous common issues of fact and law that affect all of the putative class members. There is no question that the toxic drywall was the common issue which triggered all of plaintiffs' claims. Thus, all of the claims of plaintiffs are consequences of a single incident brought about by the negligence of the defendant. The claims of all class members will hinge on common questions regarding the defendants' negligence and liability.

C.   TYPICALITY

FRCP 23(a)(3) requires that the claims of the class representative be typical of the claims of the class members as a whole. It does not require a complete identity of claims but simply requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." FRCP(a)(3). Like commonality, the test for typicality is not demanding. *Mullen v. Treasure Chest Casino*, 186 F.2d 620, 625 (5th Cir. 1999). It exists when the claims of the named and unnamed plaintiffs have a common source and rest upon the same legal and remedial theories. *Mullen v. Treasure Chest Casino*, 186 F.2d 620, 625 (5th Cir. 1999). Generally, when it is alleged that the same unlawful tortuous conduct was directed at or affected both the named plaintiffs and the

class sought to be represented, the typicality requirement is met irrespective of varying fact patterns which may underlie individual claims. Hebert B. Newberg, *Newberg on Class Actions § 313 at 3-77* (3rd ed.). Here the claims of the named plaintiffs are typical of the claims of the putative class members. The claims of both arise from the same set of facts and they both seek the same relief. Thus, the requirement of typicality are met.

D. *ADEQUACY*

FRCP 23(a)(4) requires that the class representatives be adequate to represent the interests of the class. To satisfy this requirement, the class representatives interest must be aligned with, and not antagonistic to, unnamed class members. *Mullen v. Treasure Chest Casino*, 186 F.2d 620, 625-626 (5th Cir. 1999).

A sufficient alignment of interest exists when "all class members are united in asserting a common right, such as achieving the maximum possible recovery for the class. *In re: Corrugated Container Antitrust Litigation*, 643 F.2d 195, 208 (5th Cir. 1981). The question is whether the representatives will "fairly and adequately" represent the interests of the class. F.R.C.P. (a)(4). Proving individual damages is not required at the class certification stage. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974). Class certification is procedural, not merits dispositive.

The U.S. Supreme Court has recognized that the adequacy and representation requirements "tends to merge" with the commonality and typicality requirements, all of which "serve as guideposts for determining whether the maintenance of the class is economical and whether the named plaintiffs and the class claims are so interrelated that the interest of the class members will be fairly and adequately protected in their absence." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 626 n.20 (1997); *General Telephone Company of Southwest v. Falcon*, 457 U.S. 147, 151, n.13 (1982).

In this case, the claims of the named plaintiffs are interrelated with the claims of the absent class members to such a degree that it is certain that the interests of the absent class members will be adequately and fairly protected.

E.   *PREDOMINANCE*

FRCP 23(b)(3) states that a class can be maintained if the Rule 23(a) factors are met and "The court finds that the questions of law or fact common to the members of the class predominate over questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. FRCP 23(b)(3). In order to "predominate," common issues must constitute a significant part of the individual cases. *Jenkins v. Raymark Industries, Inc.*, 782 F.2d 468, 472 (5th Cir. 1986). The purpose of the predominance requirement is to ensure that a proposed class is "sufficiently cohesive to warrant adjudication by representation." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997). Individual questions of causation or damages which do not predominate over common issues will not prevent certification.. 7A Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1780 at 576-577 (2nd ed. 1986)

In the instant case, the common questions of liability clearly predominate. Questions regarding defendants' duties and actions will be common to all class members. There are no individual questions which predominate over these overarching common questions.

F.   *SUPERIORITY*

FRCP 23(b)(3) requires that the class action be superior to other available methods for the fair and efficient adjudication of the controversy. FRCP 23(b)(3). In mass tort actions such as this one, the legal and factual issues involving a defendants' liability do not differ dramatically from one plaintiff to the next. The common liability issues can be tried in a single class action trial with any

individual issues of damages reserved for individual treatment. *Hernandez v. Motor Vessel Skyward*, 61 F.R.D. 558 (S.D. Fla. 1973) *affirmed without opinion* 507 F.2d 1279 (5th Cir. 1975). *Sterling v. Velisicol Chemical Corp.*, 855 F.2d 1188 , 1197 (2nd Cir. 1987).

Here, it would save an enormous amount of judicial resources to have the common liability issues tried one time instead of having these same issues tried over and over again, risking inconsistent verdicts and resulting in lengthy delays as plaintiffs have to wait in line to try the same issues of liability over and over again.

WHEREFORE, plaintiffs pray that this Memorandum in Support of Plaintiffs' Motion to Certify Class be deemed good and sufficient, that the Court certify this matter as a class action.

Respectfully submitted,

/s/ Lawrence J. Centola, III

MARTZELL & BICKFORD
SCOTT R. BICKFORD T. A. (#1165)
LAWRENCE J. CENTOLA, III (#27402)
338 Lafayette Street
New Orleans, LA 70130
Telephone: (504) 581-9065
Facsimile: (504) 581-7635
usdcedla@mbfirm.com
Counsel for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of July, 2009 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Lawrence J. Centola, III

F:\Clients\CHINESE DRYWALL\MDL - PLEADINGS\Memo in support of Mtn to Certify Class.wpd