UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) | MDL No. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO ALL CASES | | |

**APPLICATION OF THE HOMEBUILDERS
FOR THE CREATION OF A HOMEBUILDERS' STEERING COMMITTEE**

Pursuant to paragraph XVII of this Court's 07/07/09 Minute Order, Lennar Corporation, Lennar Homes LLC f/k/a Lennar Homes, Inc., U.S. Home Corporation, Taylor Morrison Services, Inc., Taylor Woodrow Communities at Vasari, LLC, South Kendall Construction, M/I Homes, Beazer Homes Corp. and The Mitchell Company, Inc. ("Homebuilders") hereby respectfully request that this Court create a separate Homebuilders' Steering Committee because (1) the interests of the Homebuilders are materially different from those of the upstream manufacturers and suppliers of defective Chinese drywall, and (2) while the interests of the Homebuilder Defendants are more closely aligned with those of the Homeowner Plaintiffs, that alignment is not perfect. Thus, the Homebuilders respectfully submit that a separate Steering Committee is appropriate to best serve the dual aims of efficiency and justice.

I.   **The Interests of the Homebuilder Defendants Are Fundamentally Distinct From Those of the Other Defendants**

As a result of thousands of home inspections arranged and paid for by the Homebuilders, several hundred homes in Florida have been found to contain defective Chinese drywall. The owners of these homes have asked that their homes be repaired and rid of the effects of defective Chinese drywall. To date, the only parties who have performed and paid for these repairs are homebuilders.

As a consequence, the Homebuilders are adverse to the other Defendants – the manufacturers ("Manufacturers") and suppliers ("Suppliers") of the defective Chinese drywall. Most, if not all, of the Homebuilders have made claims against the Manufacturers and Suppliers and have requested that they participate in paying for the home repairs, but so far not a single Manufacturer or Supplier has agreed to help fund a single repair.

To the contrary, the Knauf entities have recently directed Homebuilders to stop inspecting and repairing homes that contain defective Chinese drywall. Remarkably, the Knauf entities contend this Court's Order supports their demand that the homebuilders cease repairing homes containing drywall manufactured by the Knauf entities. Not only does this position show a disregard for those homeowners who have defective Chinese drywall in their homes and want it removed, it places Homebuilders in the unfair position of having to choose between an expeditious solution for our homeowners and the financial interests of the Knauf entities, who have refused to take any steps to repair these homes that have been damaged by their defective drywall or to even accept service of process of lawsuits regarding such defective drywall. Moreover, in those instances where the Homebuilders' inspections and repairs are taking place pursuant to Chapter 558, Florida Statutes ("Chapter 558"), the Knauf entities' position amounts to a demand for the Homebuilders to ignore Chapter 558, which would deprive both the Homebuilders and their homeowners of valuable statutory rights under Chapter 558. The Homebuilders respectfully request the Court to clarify that it is not endorsing the Knauf entities' position in this regard.

At least two of the Homebuilders, Lennar and Mitchell, have filed suit against various manufacturers and suppliers. The *Lennar* case is in Florida state court and is not part of this MDL (*Lennar, et al. v. Knauf Gips, KG, et al.*, Case No. 09-07901CA23, Miami-Dade Co, Fla.

11th Cir. Ct.); but the *Mitchell* case, which is a putative class action on behalf of a proposed builder class, is part of the MDL (*The Mitchell Company v. Knauf Gips KG, et al.*, Case No. 09-cv-0089, N.D.Fla.).

In short, as counsel for Lennar noted at the initial status conference, the Homebuilders are more aligned with the homeowners -- *i.e.*, the Plaintiffs -- than with the Manufacturers and Suppliers. The Homebuilders stand in the shoes of the Homeowner Plaintiffs by virtue of the fact that the Homebuilders are the parties who are spending millions of dollars to redress the damages caused by the Manufacturers and Suppliers of defective Chinese drywall, and the Homebuilders seek to recover this money from the Manufacturers and Suppliers (and others).

As a result, the Homebuilders believe that their interests are not served by the Defendants' Steering Committee or by the defense Liaison Counsel, who is also local counsel for the Knauf entities. Within the past month, it has become even more apparent that the Knauf entities and the Homebuilders are at odds over numerous issues, including not only home inspection and repairs, as mentioned above, but also service of process and application of Chapter 558, Florida Statutes, in which the Homebuilders' interests are being undercut by the Knauf entities.

For example, as the Court requested, the Homebuilders prepared a bench memorandum with respect to the application of Chapter 558 and forwarded it to defense Liaison Counsel almost three weeks ago for circulation to the defense group and submission to the Court. On Friday, July 31, counsel for the Knauf entities forwarded to some Defendants an email suggesting that language be inserted into the bench memorandum stating that all notices under Chapter 558 be served under the Hague Convention "to the extent that defendants are located abroad." Such a requirement, which is unsupported by any Florida case law and is seemingly

beyond the scope of the Hague Convention, would inject further delay and expense into these proceedings and appears to be at odds with the Court's suggestion that the foreign defendants (such as the Knauf entities) should consider waiving the Hague Convention's service requirements.  07/07/09 Minute Order at ¶ XII.  The Homebuilders' desire to have the bench memorandum expeditiously submitted to the Court clearly was sacrificed by the Knauf entities to serve their own interests.  These irreconcilable positions render a single defense steering committee unworkable and unproductive.

Thus, as suggested by the Court in the initial status conference and as reflected in paragraph XVII of the Court's 07/07/09 Minute Order, the Homebuilders respectfully request that the Court create a separate Homebuilders' Steering Committee.  In addition, the Homebuilders request that the Court allow a representative of the Homebuilders' Steering Committee to participate, either in person or by phone, in all future meetings in which Lead or Liaison Counsel participate.  Additionally, upon the creation of the Homebuilders' Steering Committee, the Homebuilders request that they be allowed to appoint a representative attorney to serve as Lead Counsel for the Homebuilders' group.

At the initial monthly status conference, the Court recognized that the varied interests in this litigation might require a separate steering committee for the Homebuilders.  Other courts have found that the creation of additional steering committees can help represent diverging interests in certain litigation.  *See In re: FEMA Trailer Formaldehyde Products Liability*, MDL No. 07-1873, Pretrial Order No. 30, Feb. 26, 2009 (attached hereto as Exhibit A).  Here, the creation of a Homebuilders' Steering Committee would accommodate the contrary and divergent interests that exist and continue to develop between the Homebuilders and the Manufacturer and Supplier Defendants.

## II. The Distinct Nature of the Interests of the Homebuilders Is Exemplified by The Mitchell Company, Inc. – a Plaintiff and a Homebuilder

The Mitchell Company, Inc., an Alabama homebuilder, joins this application seeking the creation of a Homebuilders' Steering Committee, not as a defendant, but rather as a plaintiff in a putative homebuilder class action. The Mitchell Company, Inc. filed a putative class action lawsuit seeking certification of a class of:

> All persons and entities in the States of Alabama, Mississippi, Louisiana, Georgia, Texas, and Florida, or in the alternative, a nationwide class of persons and entities, who used drywall manufactured by Knauf Gips KG, Knauf Plasterboard (Tianjin) Co., Ltd., or Taishan Gypsum Co., Ltd., for the construction, repair, or remodeling of any improvement to real property and who incurred any expenses associated with (1) repair or replacement of all or part of the defective drywall, and/or (2) repair or replacement of other property damaged by the defective drywall, and/or (3) other expenses incurred as part of the remediation of the effects of the defective drywall, including, without limitation, the cost of investigation and expert analysis of the defect, and cost of relocating customers displaced by the presence of defective drywall.

Mitchell is represented in its role as an MDL Plaintiff by Lieff Cabraser Heimann & Bernstein, LLP and Cunningham Bounds, LLC. Lieff Cabraser and Cunningham Bounds represent homebuilders as plaintiffs only, and neither firm does now or will ever represent any entity as a defendant in a drywall-related matter. Furthermore, neither firm is being paid by the hour by any homebuilder, insurer, or other entity.

With its status as both a plaintiff and a homebuilder, Mitchell has essentially become an orphan – by definition excluded from the Defendants' Steering Committee and unwelcome to participate fully in the discussions and information sharing of the Plaintiffs' Steering Committee. As set forth more fully in the Application of Elizabeth Cabraser for Appointment to the Plaintiffs' Steering Committee, Mitchell's counsel have extensive experience representing builders and homeowners as plaintiffs' in MDL and other nationwide class litigation. Nonetheless, Mitchell's counsel has been advised by Plaintiffs' Liaison Counsel that Mitchell

may not share in other plaintiffs' common benefit work due to a purported "conflict" between Homeowner and Homebuilder Plaintiffs.

Mitchell and its counsel, as do the Homebuilder Defendants, remain committed to the ultimate common benefit of facilitating the repair of homes and providing relief to damaged homeowners by holding the manufacturers and importers of defective drywall (and their insurers) accountable. Accordingly, Mitchell joins this request for the creation of a Homebuilders' Steering Committee.

### III. The Homebuilders Respectfully Request that the Court Meet with the Homebuilders' Steering Committee on the Afternoon of August 10

In its 08/04/09 Minute Order, the Court stated that it would meet with the Plaintiffs' Steering Committee and the Defendants' Steering Committee on the afternoon of August 10. The Homebuilders respectfully request that, if the Court grants this application, the Court schedule a meeting with the Homebuilders' Steering Committee as well.

WHEREFORE, the Homebuilders respectfully request that the Court create a Homebuilders' Steering Committee. In addition, the Homebuilders respectfully request that the Court meet with the Homebuilders' Steering Committee on the afternoon of August 10 and allow a representative of the Homebuilders' Steering Committee to participate, either in person or by phone, in all future meetings in which Lead or Liaison Counsel participate.

This 6th day of August, 2009.

**SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.**
*Attorneys for Lennar Corporation, Lennar Homes, LLC, and U.S. Home Corporation*
1100 Poydras Street, 30th Floor
New Orleans, LA 70163
Telephone: (504) 569-2030
Facsimile: (504) 569-2999
E-mail: davidb@spsr-law.com

By:  /s/ David F. Bienvenu
     DAVID F. BIENVENU
     Louisiana Bar No. 3070

**CARLTON FIELDS**
*Attorneys for M/I Homes*
PO Box 3239
Tampa, Florida 33601
Telephone: (813) 223-7000
Facsimile: (813) 229-4133
Email: jfuente@carltonfields.com

By:  /s/ Jaret J. Fuente
     JARET J. FUENTE
     Florida Bar No. 146773

**CUNNINGHAM BOUNDS, LLC**
*Attorneys for The Mitchell Company, Inc.*
Post Office Box 66705
Mobile, Alabama 36660
Telephone: (251) 471-6191
Facsimile: (251) 479-1031
Email: sln@cunninghambounds.com

By:  /s/ Steven L. Nicholas
     STEVEN L. NICHOLAS
     Alabama Bar No. ASB-2021-N35S

**GREENBERG TRAURIG, P.A.**
*Attorneys for Lennar Corporation, Lennar Homes, LLC, and U.S. Home Corporation*
1221 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717
Email: bassh@gtlaw.com

By:  /s/ Hilarie Bass
     HILARIE BASS
     Florida Bar No. 334323

**KING & SPALDING LLP**
*Attorneys for Beazer Homes Corp.*
1180 Peachtree Street, NE
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
Email: fbrannen@kslaw.com

By:  /s/ Franklin P. Brannen, Jr.
     FRANKLIN P. BRANNEN, JR.
     Florida Bar No. 43393

**LEIFF CABRASER HEIMANN & BERNSTEIN, LLP**
*Attorneys for The Mitchell Company, Inc.*
Embarcadero Center West
275 Battery Street. Suite 3000
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
Email: ecabraser@lchb.com

By:  /s/ Elizabeth J. Cabraser
     ELIZABETH J. CABRASER
     California Bar No. 83151

| | |
|---|---|
| **SIVYER BARLOW & WATSON**<br>*Attorneys for Taylor Woodrow Communities at Vasari, LLC and Taylor Morrison Services, Inc.*<br>100 S Ashley Drive<br>Suite 2150<br>Tampa, FL 33602<br>Telephone: (813) 221-4242<br>Facsimile: (813) 227-8598<br>Email: nsivyer@sbwlegal.com<br><br>By: /s/ Neal Allen Sivyer<br>  NEAL ALLEN SIVYER<br>  Florida Bar No. 373745 | **SCHWARTZ & HORWITZ, PLC**<br>*Attorneys for South Kendall Construction*<br>6751 North Federal Highway, Suite 400<br>Boca Raton, Florida 33487<br>Telephone: (561) 395-4747<br>Facsimile: (561) 367-1550<br>Email: sgs@sandhlawfirm.com<br><br>By: /s/ Steven G. Schwartz<br>  STEVEN G. SCHWARTZ<br>  Florida Bar No. 911471 |

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **APPLICATION OF THE HOMEBUILDERS FOR THE CREATION OF A HOMEBUILDERS' STEERING COMMITTEE** has been served on Plaintiffs' Liaision Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 6th day of August, 2009.

By: /s/ Franklin P. Brannen, Jr.
  FRANKLIN P. BRANNEN, JR.
  Florida Bar No. 43393
  **KING & SPALDING LLP**
  *Attorneys for Beazer Homes Corp.*
  1180 Peachtree Street, NE
  Atlanta, GA 30309
  Telephone: (404) 572-4600
  Facsimile: (404) 572-5100
  Email: fbrannen@kslaw.com