MINUTE ENTRY
FALLON, J.
AUGUST 11, 2009

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | : | MDL NO. 2047 |
| IN RE: CHINESE-MANUFACTURED DRY WALL | : | |
| PRODUCTS LIABILITY LITIGATION | : | SECTION:  L |
| | : | |
| | : | JUDGE FALLON |
| | : | MAG. JUDGE WILKINSON |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . :

**THIS DOCUMENT RELATES TO ALL CASES**

The monthly status conference was held on this date in the Courtroom of Judge Eldon E.

Fallon.  The Court first met with Plaintiffs' Liaison Counsel ("PLC"), Russ Herman, and the

Defendants' Liaison Counsel ("DLC"), Kerry Miller, to discuss agenda items for the conference.

At the conference, counsel reported to the Court on the topics set forth in Joint Report No. 1.

This monthly status conference was transcribed by Ms. Karen Anderson Ibos, Official Court

Reporter.  Counsel may contact Ms. Ibos at (504)589-7776 to request a copy of the transcript.  A

summary of the monthly status conference follows.

I.     <u>PRE-TRIAL ORDERS</u>

Pre-Trial Order No. 1 entered June 15, 2009 – Initial Case Management

Pre-Trial Order No. 2 entered June 16, 2009 – Notice to Transferor Court

Pre-Trial Order No. 3 entered July 6, 2009 – Designation of Plaintiffs' Liaison Counsel

Pre-Trial Order No. 4 entered July 6, 2009 – Designation of Defendants' Liaison Counsel

Pre-Trial Order No. 5 entered July 6, 2009 – Contact Information

Pre-Trial Order No. 5A entered July 9, 2009 – Counsel Contact Information Form

JS10(01:00)

Pre-Trial Order No. 6 entered July 21, 2009 – Electronic Service (LexisNexis)

Pre-Trial Order No. 7 entered July 27, 2009 – Appointment Defendants' Steering Committee

Pre-Trial Order No. 7A entered August 4, 2009 – Amending PTO 7 re Defendants' Steering Committee

Pre-Trial Order No. 8 entered July 28, 2009 – Appointing Plaintiffs' Steering Committee

Pre-Trial Order No. 9 entered July 28, 2009 – Time and Billing Guidelines/Submissions

II.      PROPERTY INSPECTIONS

The PLC and DLC advised that they been discussing and developing a Threshold Inspection Protocol (TIP) for MDL plaintiff properties impacted by Chinese Drywall. The inspection protocol will attempt to determine (1) whether or not the property in question contains Chinese manufactured drywall; (2) the manufacturer, distributor, and installer of the drywall; and (3) the nature and extent, if any, of the impact on the property, including the wiring, air conditioning, and plumbing. The TIP will be subject to the supervision of the Court. The parties have also met with six different inspection companies that have advised they can implement the TIP.

The Court indicated that the inspection protocol should be submitted to the Court by Thursday, August 13, 2009.

III.     PLAINTIFF AND DEFENDANT PROFILE FORMS

PLC and DLC advised that they have been discussing and developing Plaintiff and Defendant Profile Forms. The profile forms shall address identification, manufacturer, distributor, date(s) of sale and installation of Chinese manufactured drywall and alleged damages resulting therefrom. The profile forms shall also address insurance information for plaintiffs and defendants.

The profile forms should be submitted to the Court by Friday, August 14, 2009.

IV.    PRESERVATION ORDER

The PLC and DLC advised that they have met to discuss the modification of Section 14 of Pre-Trial Order No. 1 that addresses "Preservation of Evidence." The parties contemplate that both physical things, as well as documents should be addressed with respect to any Preservation Order.

V.    STATE COURT TRIAL SETTINGS

The parties will advise the Court of the following:

1. All trial settings in state courts that are set over the next twelve (12) months;

2. All pending discovery motions in state court cases; and

3. All dispositive motions pending in state court cases.

The PLC will track removals and remands, and the DLC will advise the Court regarding trial settings and pending motions.

VI.    STATE/FEDERAL COORDINATION

Representatives of the Plaintiffs' Steering Committee ("PSC") and Defendants' Steering Committee ("DSC") discussed coordination efforts that have been undertaken with respect to the MDL and various state court actions.

IT IS ORDERED that Pretrial Order #1, Paragraph 8 regarding EXTENSION AND STAY be and is hereby MODIFIED to reflect that those who have been served and who have not made an appearance will be subject to default. The Court instructed the parties to file a motion for default in cases involving parties who have been served but who have not made an appearance, before the next status conference.

VII.    DISCOVERY ISSUES

The PSC advised that it is in the process of drafting a master set of discovery to be served upon Defendants. In addition, the PSC has advised that it will be scheduling depositions. Prior to actual service of the discovery requests, drafts shall be provided to Defendants for discussion purposes. The PSC will request that all such discovery be handled on an expedited basis. Consistent with the Court's prior ruling, defendants believe that discovery should commence upon completion of the parties' profile forms and inspections of the applicable homes, and reserve all rights to object to under the Federal Rules of Civil Procedure and applicable law as to the timing and substance of the discovery contemplated by this section. Defendants propose that initial discovery should be limited to determining the supply chain of the Chinese manufactured drywall. Plaintiffs oppose this. The parties expect to file a motion and brief the issue within two (2) weeks of the date of this Minute Entry.

VIII.    FREEDOM OF INFORMATION ACT/ PUBLIC RECORDS REQUESTS

Several Freedom of Information Act/Public Records Requests have been made by Plaintiffs. No responses have yet to be received. The PLC and DLC indicated that the parties will share their requests as well as their returns.

IX.    TRIAL SETTINGS IN FEDERAL COURT

The Court has advised that it desires to establish "Bellwether" trials (see Minute Entry dated July 9, 2009, Rec. Doc. 111).  The Court advised counsel of its intent to begin to conduct Bellwether trials as soon as January, 2007. The Court plans to allow each side to select ten cases initially to perform discovery on.  After discovery, each side will be permitted to select five cases for trial.  Each side will have two (2) vetoes so that six(6) cases remain.  Five will be tried with one standby.  The parties advised that they have been discussing the protocol and procedure for selecting Bellwether trial candidates.

X.    FILINGS IN THE MDL

The parties have been discussing the ability of allowing direct filings in the MDL.

Plaintiffs believe this process would allow for multiple plaintiffs to file claims in one matter (see

Minute Entry dated July 9, 2009 [Doc. 111]). This process would allow for multiple plaintiffs to

file claims in one matter (see Minute Entry dated July 9, 2009 [Doc. 111]). In addition, the

parties continue to discuss the issue regarding service upon foreign Defendants through the

Hague Convention and the substantial cost associated with that process, as well as Plaintiffs'

requests that the Defendants waive this requirement.

XI.    TOLLING AGREEMENT/ SUSPENSION OF PRESCRIPTION

The parties have been in discussion regarding the entering of a Tolling

Agreement/Suspension of Prescription Agreement.

XII.    CLASS ACTIONS

In the status conference of July 9, 2009, the Court advised it intended to defer

class certification issues. The PSC has requested consent from the Defendants for waiver of

Local Rule 23(B) requiring that a motion be filed moving for certification. The DLC indicated

that the Defendants consent to waive the local rule.

XIII.    MOTIONS IN THE MDL

(1) Application for the Homebuilders for Creation of a Homebuilder's Steering Committee. The

Court indicated that it approves the request for the creation of a Homebuilder's Steering

Committee.

(2) There will be a number of motions that the parties will be presenting to the

Court in the near future. The parties will prepare for the Court a separate listing of motions by

August 14, 2009 so that the Court will be aware of the various issues that the respective parties

believe need to be addressed so that the Court can set a briefing schedule for such motions.

Resolution of many of the issues may expedite the progress of the MDL.

XIV.   <u>INSURANCE ISSUES</u>

The PLC and DLC advised that there are a number of issues involving insurance matters that will be addressed in this litigation. These include actions against insurers of manufacturers, exporters, importers, distributors, builders, drywall contractors/installers and homeowners.

XV.   <u>SERVICE OF PLEADINGS ELECTRONICALLY</u>

The LexisNexis File & Serve System has been established for the service of pleadings electronically in the MDL in order to facilitate service to all counsel. All counsel are to serve pleadings both through LexisNexis and the Electronic Filing System (ECF) of the Eastern District of Louisiana Court. Pre-Trial Order No. 6 governs service of pleadings electronically and sets forth the procedure required for all counsel to register with LexisNexis.

XVI.   <u>MASTER COMPLAINT</u>

The PSC advised that it is in the process of drafting a Master Complaint.

XVII.   <u>NEXT STATUS CONFERENCE</u>

The next monthly status conference will be held on Thursday, September 3, 2009, at 9:00 a.m., central time.  Any interested persons unable to attend in person may listen-in via telephone at 1-866-213-7163.  The access code will be 24991158 and the Chairperson will be Judge Fallon.