UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL Docket No. 2047 SECTION L |
| | * | JUDGE FALLON |
| This document relates to All Cases | * * | MAGISTRATE JUDGE WILKINSON |

## JOINT REPORT NO. 2 OF PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC") submit this Joint Report No. 2.

I. PRE-TRIAL ORDERS

The Court has issued the following Pre-Trial Orders:

Pre-Trial Order No. 1 entered June 15, 2009 – Initial Case Management

Pre-Trial Order No. 1A entered August 28, 2009 – Counsel must Enter Appearances for Served Parties or risk Default Judgment

Pre-Trial Order No. 2 entered June 16, 2009 – Notice to Transferor Court

Pre-Trial Order No. 3 entered July 6, 2009 – Designation of Plaintiffs' Liaison Counsel

Pre-Trial Order No. 4 entered July 6, 2009 – Designation of Defendants' Liaison Counsel

Pre-Trial Order No. 5 entered July 6, 2009 – Contact Information

Pre-Trial Order No. 5A entered July 9, 2009 – Counsel Contact Information Form

Pre-Trial Order No. 6 entered July 21, 2009 – Electronic Service (LexisNexis)

Pre-Trial Order No. 7 entered July 27, 2009 – Appointment Defendants' Steering Committee

Pre-Trial Order No. 7A entered August 4, 2009 – Amending PTO 7 re: Defendants' Steering Committee

Pre-Trial Order No. 7B entered August 27, 2009 – Amending PTO 7 re: list containing Defendants' Steering Committee and lists responsibilities for same

Pre-Trial Order No. 8 entered July 28, 2009 – Appointing Plaintiffs' Steering Committee

Pre-Trial Order No. 9 entered July 28, 2009 – Time and Billing Guidelines/Submissions

Pre-Trial Order No. 10 entered August 21, 2009 – All parties to provide PLC or DLC with photographic catalog of markings, brands, endtapes and other identifying markers found in affected homes by August 26, 2009. PSC and DSC to collect and submit data to the Court and inspection company for TIP a joint catalog of data to assist in training of inspections no later than August 28, 2009.

Pre-Trial Order No. 11 entered August 17, 2009 - Profile forms to be distributed to appropriate parties and filed and returned on or before September 2, 2009

Pre-Trial Order No. 12 entered August 25, 2009 – Court will prepare final version of Distributor Profile Form.

Pre-Trial Order No. 12A entered August 25, 2009 – Court adopted Distributor Profile Form be distributed to appropriate parties and returned to DLC Kerry Miller on or before 9/8/09, either electronically or by hard copy

Pre-Trial Order No. 13 entered August 27, 2009 – Court institutes and will supervise Threshold Inspection Program (TIP). Court appoints Crawford & Company to carry out the inspections.

II.   PROPERTY INSPECTIONS

A Threshold Inspection Protocol (TIP) for MDL plaintiff properties impacted by Chinese Drywall has been submitted by the parties and entered by the Court as Pretrial Order 13. The parties have selected and the Court has approved, the inspection firm of Crawford & Company ("Crawford"), to conduct the initial 30 TIP inspections. The initial 30 inspections will be funded by the PSC initially and shall commence on or about September 9, 2009. The 30 initial properties to be inspected will be selected by the PSC and Exhibit A to the TIP will be provided by the PSC by September 2, 2009, and the properties shall be as follows: 15 from Florida, 8 from Louisiana, and 7 from other states. Defendants assert that consistent with Pre-Trial Order 13 the 30 initial properties for inspection should be identified through a meet and confer process of the DSC and PSC (Pre-Trial Order 13, page 1). After the first 30 inspections are conducted, the parties will meet with Crawford and the Court to review the TIP and make any necessary modifications to the TIP before embarking on additional inspections of MDL plaintiff properties.

III.   PLAINTIFF AND DEFENDANT PROFILE FORMS

In Pre-Trial Orders 11 and 12A, the Court has approved a Plaintiff Profile Form, a Defendant Manufacturers' Profile Form, a Contractor/Installer Profile Form, a Builder Defendant Profile Form and a Defendant Distributor Profile Form. Responses are due to the Plaintiff, Manufacturer, Contractor/Installer and Builder Profile Forms on September 2, 2009. Responses to the Distributor Defendant Profile Form are due September 8, 2009. As new parties are added to the MDL, those parties will respond to the appropriate profile form within 15 days of becoming a party to the MDL. Additionally, the PSC is in the process of drafting and submitting Retailer, Broker and Importer/Exporter Profile Forms. Defendants in the MDL seek confirmation that will not be required to answer multiple type profile forms. The PSC asserts

that each Defendant must respond with the appropriate Profile Form depending on the type of entity that the Defendant's business is engaged in.

### IV. PRESERVATION ORDER

The Parties have met to discuss the modification of Section 14 of Pre-Trial Order No. 1 that addresses general preservation obligations of the parties and is entitled "Preservation of Evidence." The Court has advised that a modification of the Preservation Order relating to physical things and a modification of the Preservation Order relating to documents/ESI will be the subject of two (2) separate modifications to the Preservation Order set forth in Pre-Trial Order No. 1. Until such time as amended Orders are issued by the Court, the Preservation Order set forth in Pre-Trial Order No. 1 remains in full force and effect. The parties will be prepared to discuss these issues further at the monthly status conference on September 3, 2009.

### V. STATE/FEDERAL COORDINATION

At the status conference on August 11, 2009, the Court instructed the PSC and DSC to confect separate subcommittees on state and federal coordination.

The PSC proposes the following for membership in the Plaintiffs' State/Federal Coordination Subcommittee:

> Jeremy Alters
> Alters, Boldt, Brown, Rash & Culmo
> 4141 Northeast 2nd Ave.
> Suite 201
> Miami, FL 33137
>
> Dawn Barrios
> Barrios, Kindsdorf, Casteix, LLP
> 701 Poydras Street
> Suite 3650
> New Orleans, LA 70139
>
> Ervin Gonzalez
> Colson, Hicks, Eidson
> 255 Aragon Avenue
> Coral Gables, FL 33134

James Reeves
Lumpkin & Reeves, PLLC
160 Main Street
Biloxi, MS 39530

Richard Serpe
Law Offices of Richard J. Serpe, P.C.
580 East Main Street
Suite 310
Norfolk, VA 23510

Scott Weinstein
Morgan & Morgan
One University Drive
Suite 600
Ft. Myers, FL 33907-5337

The defendants propose the following for membership in the Defense State/Federal Coordination Subcommittee:

Jan Douglas Atlas
Jeffrey Backman
Adorno & Yoss, LLP
350 East Las Olas Blvd.
Suite 1700
Fort Lauderdale, FL 33301

Richard Duplantier
Galloway, Johnson, Tompkins,
Burr & Smith
701 Poydras Street
40th Floor
New Orleans, LA 70139

Donald J. Hayden
Baker & McKenzie, LLP
Melons Financial Center
1111 Brickell Avenue
Suite 1700
Miami, FL 33131

Hilarie Bass
Greenberg Traurig
1221 Brickell Avenue
Miami, FL 33131

VI. STATE COURT TRIAL SETTINGS

At the status conference on September 3, members from the Defendants' State/Federal Coordination SubCommittee will be prepared to advise the Court, to the best of their knowledge, of the following:

1) All trial settings in state court that are set over the next 12 months;

2) All pending discovery motions in state court cases;

3) All dispositive motions pending in state court cases; and

4) Any state court issues that should be discussed as a matter of state/federal coordination.

In addition to the foregoing, the PSC will advise the Court of all motions that are pending regarding tag-along cases and, to the extent known, assist in advising the Court regarding the above mentioned matters.

PLC and DLC have provided a proposed amendment to Pre-Trial Order No. 2 to the Court to assist in tracking transferred cases and those involving removal and remand. The parties will be prepared to discuss this further at the monthly status conference on September 3, 2009.

VII. MOTIONS IN THE MDL

There are currently no motions pending that have been filed by the PSC or DSC in this MDL proceeding. However, as discussed at the last status conference on August 11, 2009, the parties have met and are proposing that certain legal issues, subject to motion practice and briefing schedules, be given priority treatment by the Court. The Plaintiffs' Steering Committee proposes that the following issues should be given priority attention by the Court:

1. Motion for expedited discovery – this includes both written discovery and depositions. The PSC asserts this issue should be addressed immediately

and the discovery should commence now so that expedited responses are received. The Defendants oppose open ended written discovery at this time for the reasons set forth in Section VIII below;

2. Motion for production of Defendants' remediation, repair and investigative protocols utilized to date in both filed and unfiled state and federal cases. The PSC asserts this issue should be addressed immediately and the discovery should commence now so that expedited responses are received. All Defendants oppose this request insofar as it seeks the production of privileged information. The HSC further opposes this request on the basis that it is beyond the scope of this litigation to the extent it pertains to "untitled" cases that may never be filed. Defendants assert that this motion should be the subject of the same type of briefing schedule proposed by Defendants in connection with their priority motions not needing discovery

3. Motion regarding Defendants' ability to contact putative class members. The PSC asserts that this matter does not involve discovery and can be addressed by the Court as soon as possible at a hearing to be scheduled. Defendants agree that this is a legal issue. Defendants assert that this motion should be the subject of the same type of briefing schedule proposed by Defendants in connection with their priority motions not needing discovery.

4. Motion for establishment of a pre-trial order regarding remediation and repairs. The PSC asserts that this matter does not involve discovery and

can be addressed by the Court as soon as possible at a hearing to be scheduled. See Defendants' response to 3 above; and

5. Motion regarding Plaintiffs' request for town hall meetings. The PSC asserts that this matter does not involve discovery and can be addressed by the Court as soon as possible. Defendants oppose this request because it may improperly seek to have this Court regulate the conduct of lawyers, including lawyer solicitations in various jurisdictions. Additionally, Defendants seek a briefing schedule consistent with the schedule identified by Defendants for motions not in need of discovery.

The Defense Steering Committee and Homebuilders Steering Committee jointly propose that the following issues should be given priority attention by the Court:

1. Application of Chapter 558 of the Florida Statutes;
2. Personal jurisdiction over defendants; and
3. Economic Loss Rule (and its Louisiana analog) in the primary states at issue.

The DSC and HSC seek the following briefing/discovery schedules relative to the three legal issues identified above:

Economic Loss Rule

The DSC submits that the Court should address motions to dismiss, or alternatively, to strike on certain of the homeowners' legal theories and property damages claims against some defendants as a matter of law and without discovery. Defendants assert that clarifying these issues would materially advance the litigation and may narrow the scope of liability for certain Defendants. The purpose of the requested motion is to obtain a ruling from the court as to the types and measures of damage available to Plaintiffs against certain

8

defendants. The DSC thus respectfully requests that the Court establish a briefing schedule for the filing of appropriate motions addressing the foregoing issues. The DSC asserts the initial Motion should be filed within twenty (20) days, a twenty (20) day period to respond and ten (10) days to submit a reply. The DSC further asserts that discovery will not be necessary as the issue of the applicability of the Economic Loss Rule and the remedies available to Plaintiffs can be determined as a matter of law. The PSC objects. The PSC contends that personal injury claims are not subject to the Economic Loss Rule, and may not be severable from property damage loss and further, that a determination of this issue is not ripe without discovery.

Chapter 558 of the Florida Statutes

The DSC asserts that the issues related to Chapter 558 are set forth in the "Bench Memorandum" submitted by the Homebuilders on August 5, 2009 and that the initial Motion on this issue should be filed within twenty (20) days, a twenty (20) day period to respond and ten (10) days to submit a reply. The DSC asserts that discovery will not be necessary as the issue of the applicability of Chapter 558 can be determined as a matter of law. The PSC objects. The PSC contends that personal injury claims are not subject to Chapter 558 of the Florida Statutes, that each matter is fact intensive and is subject to discovery and that each case is different.

Personal Jurisdiction

Knauf Gips KG seeks to bring a motion to dismiss based upon lack of personal jurisdiction over that entity. The claims against Knauf Gips are premised upon alter ego or apparent agency allegations. Knauf Gips KG submits that personal jurisdiction discovery should be limited to jurisdictional issues, particularly Knauf Gips alleged direct involvement or active participation in and control over the manufacture, sale and export of Chinese manufactured

drywall by Knauf Plasterboard (Tianjin) Co., Ltd. (KPT), Guandong Knauf New Building Material Products Co., Ltd. (Knauf Dongguan), Knauf Plasterboard (Wuhu) Co., Ltd. (Knauf Wuhu) during the relevant time period of the sales into the United States by those Chinese entities. Knauf Gips KG respectfully asks for a briefing schedule on the application of the HEC to discovery sought outside the United States. The initial Motion for Protective Order would be filed within ten (10) days, response by Plaintiffs or other parties within ten (10) days and a reply within five (5) days thereafter. After ruling on the HEC's application, Knauf Gips suggests that the parties have 45 days to undertake such discovery limited to jurisdictional issues only. After the close of the jurisdictional discovery, Knauf Gips KG will have fifteen (15) days to file its motion to dismiss on personal jurisdiction grounds, then the opponents will have twenty (20) days to file their response and Knauf Gips will be given ten (10) days thereafter to file its reply brief. The PSC contends that discovery is essential in order to address any personal jurisdiction issues and that the briefing schedule proposed by Defendants is not sufficient. Plaintiffs agree that discovery on this issue is needed. The HSC asserts that a minimum of 60 days of discovery is needed on this issue.

The parties will be prepared to discuss the issues in more detail at the monthly status conference on September 3, 2009.

VIII. DISCOVERY ISSUES

On August 31, 2009, the PSC provided to DLC a draft set of the master set of Request for Production to be served upon various categories of Defendants. In addition, the PSC has advised that it will be scheduling FRCP 30(b)(6) depositions and the PSC has advised that a draft will be provided to DLC in advance of the monthly status conference. The PSC has requested that all such discovery be handled on an expedited basis. Defendants assert that discovery should commence upon completion of the parties' profile forms and inspections of the

applicable homes, and reserve all rights to object pursuant to the Federal Rules of Civil Procedure and applicable law as to the timing and substance of the discovery contemplated by this section. Defendants propose that initial discovery should be limited to determining the supply chain of the Chinese manufactured drywall. Plaintiffs oppose this and assert that because Bellwether trial settings are scheduled to begin in four (4) months, that expedited and full discovery should proceed now. Defendants respond that the only way that Bellwether trials will be able to be conducted in 4 months is if the Court and parties remain focused on certain and discrete issues as opposed to unlimited and open-ended discovery. The parties will be prepared to discuss these issues further at the monthly status conference on September 3, 2009.

On September 1, 2009, PLC provided to DLC a proposal for deposition guidelines. The parties will be prepared to discuss this further at the monthly status conference on September 3, 2009.

IX.   **FREEDOM OF INFORMATION ACT/PUBLIC RECORDS REQUESTS**

Several Freedom of Information Act/Public Records Requests have been made by Plaintiffs. No responses have been received from the following outstanding requests:

| Date Sent | Description |
| --- | --- |
| 2/10/09 | FLA Ch. 119 public records request to Florida Dept. Of Health |
| 7/8/09 | FLA Ch. 119 public records request to Florida Department of Health |
| 7/17/09 | Federal FOIA request to CPSC |

| 7/17/09 | FLA. Ch. 119 Public Records Request to FLA Dept. Of Financial Services, Division of State Fire Marshal (requesting public records re: reports of fires on Florida structures containing imported Chinese Drywall) |
|---|---|
| 8/4/09 | Louisiana DEQ FOIA request |
| 8/4/09 | Sec. Of Louisiana Department of Health and Hospitals FOIA |
| 8/4/09 | Secretary of Louisiana Department of Economic Development |
| 8/4/09 | Attorney General State of Louisiana FOIA |

PLC will be prepared to discuss the status of these requests at the monthly status conference on September 3, 2009.

X.   **TRIAL SETTINGS IN FEDERAL COURT**

The Court has advised that it plans to establish "Bellwether" trials (see Minute Entry dated July 9, 2009 [Doc. 111]). The parties have been discussing the protocol and procedure for selecting Bellwether trial candidates. The PSC suggests a sufficient representative sample of cases be selected with regard to geography, concentration of properties, distinctive facts and legal issues. The parties will be prepared to discuss this further at the monthly status conference on September 3, 2009.

XI.   **FILINGS IN THE MDL**

The parties have been discussing the prospect of direct filings and acceptance of service with Defendants under such circumstances maintaining Defendants' objections as to personal jurisdiction and other defenses, including the right to return cases to the originating

venue for trial purposes. Plaintiffs assert this process allows for multiple plaintiffs to file claims in one matter (see Minute Entry dated July 9, 2009 [Doc. 111]). In addition, the parties continue to discuss the issue regarding service upon foreign Defendants through the Hague Convention and the substantial costs associated with that process and Plaintiffs' request that the Defendants waive this requirement. The parties will be prepared to discuss this further at the monthly status conference on September 3, 2009.

### XII. NOTICES OF APPEARANCE AND DEFAULT JUDGMENTS

Pursuant to Pre-Trial Order 1A, counsel must file Notices of Appearances for all parties served in MDL cases or risk entry of a default judgment. The parties will be prepared to discuss the status of this issue in more detail at the September 3, 2009 status conference.

### XIII. TOLLING AGREEMENT/SUSPENSION OF PRESCRIPTION

The parties have been in discussion regarding the entering of a Tolling Agreement/Suspension of Prescription Agreement. The parties will be prepared to discuss this further at the monthly status conference on September 3, 2009.

### XIV. INSURANCE ISSUES

There are a number of issues involving insurance matters that will be addressed in this litigation. These include actions against insurers of manufacturers, exporters, importers, brokers, distributors, builders, drywall contractors/installers and homeowners. The parties will be prepared to discuss these issues at the monthly status conference on September 3, 2009.

### XV. SERVICE OF PLEADINGS ELECTRONICALLY

The LexisNexis File & Serve System has been established for the service of pleadings electronically in the MDL in order to facilitate service to all counsel. All counsel are to serve pleadings both through LexisNexis and the Electronic Filing System (ECF) of the

Eastern District of Louisiana Court. Pre-Trial Order No. 6 governs service of pleadings electronically and sets forth the procedure required for all counsel to register with LexisNexis.

In addition to the foregoing, the parties are communicating with LexisNexis regarding the prospect of tracking state cases involving Chinese drywall and will be prepared to discuss this further with the Court at the monthly status conference on September 3, 2009.

### XVI. MASTER COMPLAINT

PSC is in the process of drafting a Master Complaint. The parties will be prepared to discuss this further at the monthly status conference on September 3, 2009.

### XVII. NEXT STATUS CONFERENCE

PLC and DLC will be prepared to schedule the next status conference, on a date to be selected by the Court.

Respectfully submitted,

| | |
|---|---|
| */s/ Russ M. Herman* | */s/ Kerry Miller* |
| Russ M. Herman (Bar No. 6819) | Kerry Miller (Bar No. 24562) |
| Leonard A. Davis (Bar No. 14190) | Kyle Spaulding (Bar No. 29000) |
| ***Herman, Herman, Katz & Cotlar, LLP*** | ***Frilot L.L.C.*** |
| 820 O'Keefe Avenue | 1100 Poydras Street |
| New Orleans, LA 70113 | Suite 3700 |
| PH: (504) 581-4892 | New Orleans, LA 70613-3600 |
| FAX: (504) 561-6024 | PH: (504) 599-8000 |
| | FAX: (504) 599-8100 |
| **Plaintiffs' Liaison Counsel** | **Defendants' Liaison Counsel** |

### CERTIFICATE

I hereby certify that the above and foregoing Joint Status Report No. 2 of Plaintiffs' and Defendants' Liaison Counsel has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States

District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL 2047, on this 1st day of September, 2009.

/s/ <i>Kerry J. Miller</i><br>
KERRY J. MILLER