IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION, | MDL Docket No. 2047 |
| THIS DOCUMENT RELATES TO: | SECTION L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THE MITCHELL COMPANY, INC., individually and on behalf of others similarly situated, | |
| Plaintiff, | Case No. 09-cv-4115 |
| vs. | |
| KNAUF GIPS KG, a German corporation; KNAUF PLASTERBOARD (TIANJIN CO., LTD., a Chinese limited liability corporation; TAISHAN GYPSUM CO., LTD. (f/k/a Shandong Taihe Dongxin Co., Ltd.), a Chinese limited liability corporation); INTERIOR & EXTERIOR BUILDING SUPPLY, L.P., a limited partnership; and RIGHTWAY DRYWALL, INC., a Georgia corporation, | |
| Defendants. | |

### PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST TAISHAN GYPSUM CO., LTD

Plaintiff, The Mitchell Company, Inc. ("Mitchell"), filed its Amended Complaint in this Court on July 7, 2009, alleging claims on behalf of itself and others similarly

832575.1

-1-

situated against Defendants Knauf Gips KG ("Knauf Gips"); Knauf Plasterboard (Tianjin) Co., Ltd. ("Knauf Tianjin"); Taishan Gypsum Co. Ltd. (f/k/a Shandong Taihe Dongxin Co. Ltd.) ("Taishan"); Interior & Exterior Building Supply, L.P. ("Interior & Exterior"); and Rightway Drywall, Inc., ("Rightway").

Mitchell perfected service of the Complaint on defendant Taishan on June 30, 3009. To date, Taishan has failed to enter an appearance, answer, or otherwise respond to Mitchell's Complaint. Accordingly, and pursuant to Fed. Rule Civ. Proc. 55 and this Court's Minute Order dated August 11, 2009, Mitchell requests that this Court enter default and grant default judgment against Taishan in favor Mitchell and the class it seeks to represent.

## Factual and Procedural Background

Mitchell brings this action as a proposed class action under Federal Rule of Civil Procedure 23 on behalf of itself and a Class defined as:

> All persons and entities in the States of Alabama, Mississippi, Louisiana, Georgia, Texas, and Florida, or, in the alternative, a nationwide class of persons and entities, who used drywall manufactured by Knauf Gips Kg, Knauf Plasterboard (Tianjin) Co., Ltd., or Taishan Gypsum Co., Ltd., for the construction, repair, or remodeling of any improvement to real property and who have incurred any expenses associated with (1) repair or replacement of all or part of the defective drywall, and/or (2) repair or

832575.1

>replacement of other property damaged by the defective drywall, and/or (3) other expenses incurred as part of the remediation of the effects of the defective drywall, including, without limitation, the cost of investigation and expert analysis of the defect, and cost of relocating customers displaced by the presence of defective drywall.

Mitchell asserts claims for negligence, strict products liability, unjust enrichment, and express and implied warranty, all arising from Defendants' design, manufacture, marketing, warranting, distribution, and sale to Plaintiff and the Class of imported drywall that Defendants knew or should have known was fundamentally unsuitable for its intended purpose.

Mitchell filed its original complaint in the Northern District of Florida on March 6, 2009. Mitchell's action was transferred to this Court by MDL transfer order on June 24, 2009. On June 30, 3009, Mitchell received notice that service of the original complaint was perfected on Chinese defendant Taishan. *See* Law Declaration, filed herewith, Exhibit A. Mitchell subsequently filed its Amended Complaint in this Court on July 7, 2009. As of the filing of this motion, Taishan has not filed an answer or otherwise responded to Mitchell's Complaint or Amended Complaint. *See* Law Declaration, Exhibit B.

## **Argument**

The entry of a default judgment is governed by Fed. R. Civ. Proc. 55, which states in pertinent part:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default...
>
> [In cases where the plaintiff's claim is for a sum that is not certain and cannot be made certain by computation], the party must apply to the court for a default judgment...If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing...

Fed. Rule. Civ. Proc. 55. Pursuant to Fed. Rule Civ. Proc. 12, a defendant must serve an answer within 20 days after being served with the summons and complaint. Fed. R. Civ. Proc. 12(a)(1)(A)(i).

Here, Mitchell received on June 30, 2009, documentation reflecting service of the Complaint and summons on Taishan. *See* Ex. A. Thus, Taishan's deadline for serving its responsive pleading was, at the latest, July 20, 2009.

Taishan has failed to respond to Mitchell's complaint or otherwise defend this matter. As the Fifth Circuit has explained, mere acceptance of service does not constitute an appearance for purposes of Fed. R. Civ. Proc. 55(b)(2). *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999) Thus, Mitchell need not notify Taishan of the present motion for default.

-4-

This Court has publicly warned defendants of their obligation to appear or risk default:

> IT IS ORDERED that Pretrial Order #1, Paragraph 8 regarding EXTENSION AND STAY be and is hereby MODIFIED to reflect that those who have been served and who have not made an appearance will be subject to default. The Court instructed the parties to file a motion for default in cases involving parties who have been served but who have not made an appearance, before the next status conference.

Minute Entry dated August 11, 2009, p. 3.

Taishan has proffered no excuse for its failure to respond to Mitchell's Complaint or Amended Complaint. Accordingly, by the plain language of Fed. Rules Civ. Proc. 12 and 55, Mitchell and the Class it seeks to represent are entitled to an entry of default and default judgment.

## Conclusion

In view of Defendant Taishan's failure to file an answer or otherwise respond to Mitchell's Complaint filed March 6, 2009 or Amended Complaint filed on July 7, 2009, Mitchell respectfully requests that this Court grant default judgment in its favor and in favor of the Class.

/s/ Steven L. Nicholas
STEVEN L. NICHOLAS (ASB-2021-N35S)
R. EDWIN LAMBERTH
Cunningham Bounds, LLC
1601 Dauphin Street
Mobile, Alabama 36604
251-471-6191
251-479-1031 (fax)

JONATHAN D. SELBIN
Lieff, Cabraser, Heimann & Bernstein, LLP
780 Third Avenue, 48th Floor
New York, New York 10017-2024
212-355-9500
212-355-9592 (fax)

ELIZABETH J. CABRASER
KRISTEN E. LAW
Lieff, Cabraser, Heimann & Bernstein, LLP
Embarcadero Center West
275 Battery Street, Suite 3000
San Francisco, California 94111-3339
415-956-1000
415-956-1008 (fax)

Attorneys for Plaintiff

**DEFENDANTS TO BE SERVED AS FOLLOWS:**

Knauf Gips KG
Ridham Dock, Kemsley
Sittingbourne, Kent ME9 8SR, UK

Knauf Plasterboard (Tianjin) Co., Ltd.
North Yinhe Bridge, East Jingjin Road
RC-300400 Tianjin, China

Taishan Gypsum Co. Ltd.
Dawenkou Daiyue District
RC-271026 Tai'an Shandong, China

Interior & Exterior Building Supply, L.P.
727 South Cortez Street
New Orleans, Louisiana 70119

Rightway Drywall, Inc.
c/o Michael S. Jenkins, Registered Agent
102 Samantha Drive
Bonaire, Georgia 31005