UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) | MDL NO. 2047<br><br>SECTION: L<br><br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**THIS DOCUMENT RELATES TO ALL CASES**

### PRETRIAL ORDER # \_\_\_\_
### (Regarding Remediation and Repair)

This Order shall govern all cases (1) transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to its Order of June 15, 2009; (2) any tag-along actions subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.4 of the Rules of Procedure of that Panel; (3) all related cases originally filed in this Court or transferred or removed to this Court; (4) those persons or entities who intend to or may seek recovery relating to Chinese-manufactured drywall, including absent members of any putative class actions; and (5) any subsidiaries and affiliates of all defendants in any such actions.

Pursuant to the Court's duty to supervise pretrial proceedings in this case (including discovery), Fed.R.Civ.P. 23(d) and the Court's inherent power, the Court, in order to provide the parties more specific guidance regarding remediation and repairs of properties and to further clarify the preservation of evidence obligations set forth in Pre-Trial Order No. \_\_\_\_\_, effective immediately, **HEREBY ORDERS:**

1

In the event any party, including absent class members of any putative class, intends to conduct remediation or repair of any property containing Chinese Drywall which involves the removal or destruction of the drywall and physical evidence that is allegedly affected, prior to instituting any remediation or repair, they shall file with the Court a proposed plan of remediation or repair detailing the intended methodology to be utilized. If prior remediation protocols have been utilized by any party or absent class member of any putative class action intending to conduct further or future remediation or repair of any other properties containing Chinese Drywall, then all such protocols which were used at any time shall also be filed along with the proposed plan of remediation or repair. Said party or absent class member of a putative class shall also file a description of all building components intended to be remediated, repaired or removed; any air quality protocols intended to be utilized to perform investigation before the remediation, repair or removal of component parts; any proposed release or authorization required to be signed by the property owner; and the proposed form of post-repair or remediation warranty being provided. Any party or absent class member of a putative class objecting to the proposed plan of remediation or repair may file objections seven (7) calendar days thereafter. If any objection is filed, this Court will at the request of the objecting party or absent class member of a putative class conduct an expedited hearing to resolve such objections. No remediation or repair shall take place until this Court has resolved filed objections.

After this Court has approved a plan of remediation or repair and, if necessary, any proposed form of release or authorization submitted in accordance with this order, then remediation or repair may proceed in accordance with the approved plan, so long as a five (5) business day advanced notice is provided to both Liaison Counsel and the Court and such notice identifies the proposed

starting date for commencement of the remediation or repair work. A written and photographic record of the remediation or repair work shall be maintained. The obligations to preserve and maintain evidence as set forth in Pre-Trial Order No. _____, shall continue to remain in effect in addition to the obligations set forth in this Pre-Trial Order or as agreed to in writing, by the parties or absent class members of a putative class.

Notwithstanding the foregoing, this Pre-Trial Order shall not prevent a property owner from 1) taking samples or opening up portions of walls in their properties to confirm the presence of Chinese-Drywall; or 2) from conducting destructive testing of representative drywall core samples of no greater than 6" in width or diameter, so long as an equal number of drywall samples from each drywall panel sampled are preserved and labeled, in a manner consistent with Pre-Trial Order No. \_\_\_\_\_; or 3) testing required to comply with ongoing investigations by any state or federal government, provided that both Liaison Counsel are given prior notice (as soon as reasonably possible) that the testing is to take place and the party participating or cooperating with the testing maintains a record of such testing in a manner to be mutually agreed upon by both Liaison Counsel or by a Court Order of such testing and provides the opposing party or absent class member of a putative class with copies of any written reports or the results thereafter generated. Whenever possible, and to the greatest extent permitted by the investigating governmental authority, both Liaison Counsel or their designated representative(s) shall upon request be permitted to attend and observe any testing covered by this paragraph; or (4) Any routine maintenance, repair or warranty work by, or at the request of, any party or absent class member of a putative class except for items that are suspected to have been impacted by exposure to Chinese Drywall, shall be permitted to be performed.

Evidence or material not preserved in compliance with this Pre-Trial Order and Pre-Trial Order No. ___ may be subject to exclusion for use in either discovery or trial of the matter and further, the party or absent class member of a putative class responsible for failing to preserve evidence may be subject to the claim or defense of spoliation.

In addition, curative notice to all absent class members of a putative class in the form attached hereto as Exhibit "A" shall be sent to all known or reasonably identifiable putative class members by: (1) Certified Mail, Return Receipt Requested; or (2) by hand delivery; or (3) by hand delivery at noticed town hall meetings; and (4) by publication five times in one week in local newspapers of sufficient circulation, to place putative class members on notice. Such notifications shall be at the expense of the putative class in *The Mitchell Co., Inc. V. Knauf Gips, KG*, U.S.D.C., E.D.La., Docket No. 09-cv-4115, to remedy the harm caused by these putative class action defendant builders' improper communications. [Footnote No. 1.]

Further, IT IS ORDERED that said putative class action defendant builders shall cease and desist contacting or soliciting any putative class member property owners about releasing their claims against said builder in exchange for certain remediation work or repair of class members' homes or premises until sixty (60) days after the posting of the aforementioned curative notice; thereafter, each class action defendant builder shall provide a copy of the approved curative notice to class member property owners and begin any communication with a putative class member property owner with the statement that the individual should consult with an attorney prior to signing any release or waiver of legal rights. Any proposed release of any putative class action defendant

---

1 *See Kleiner v. First National Bank of Atlanta*, 751 F.2d 1193 (11th Cir. 1985) and *Turner v. Murphy Oil USA, Inc.*, Civ.No. 06-4206, slip op. (E.D.La. Nov. 14, 2005).

4

builder shall also contain this statement, which release must be presented to the court for approval. In addition, no putative class action defendant builder shall initiate contact with any individual who has not previously contacted that builder. Further, each putative class action defendant builder shall comply with Rule 4.2 of the Louisiana Rules of Professional Conduct, or its state court analog in each jurisdiction in which each putative class action defendant builder is soliciting releases in exchange for remediation or repair work, and not communicate with persons already represented by counsel.

It is further ordered that any putative class member property owners that have entered into a settlement agreement and signed a release or waiver of claims with any putative class action defendant builder shall have a 30 day "cooling-off" period within which to consult with counsel and be entitled to rescind any such agreement entered into with any putative class action defendant builder. No release offered by any putative class action defendant builder may release any claims other than expenditures actually made by that particular builder, as that builder may only be entitled to a set-off or joint-tortfeasor release, and may not release claims for personal injury or medical monitoring.

Finally, each class action defendant builder shall make available to the Court and produce to Plaintiffs' Liaison counsel each release or waiver of claims of putative Class Members that was made after the first filing of any Class Action against that putative class action defendant builder.

ORDERED AND ADJUDGED this ____ day of _____, 2009.

_____
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE

EXHIBIT "A"

# Notice of Pending Litigation Which May Affect Your Claim Regarding Chinese Drywall in Your Home or Premises

This Notice is being provided to you at the direction of the Honorable Eldon E. Fallon because there are a number of putative class action lawsuits involving the manufacturers, builders and suppliers of Chinese Drywall pending before Judge Fallon in lawsuits called, *In re: Chinese Drywall Products Liability Litigation*, MDL No. 2047 (E.D.La.), which could impact your existing/prior claim relating to your home or premises. Among other things, these lawsuits seek to recover the costs of remediating and repairing your home or premises as well as the costs of any damages, including damages to other parts of the home or premises, other personal property (for example, televisions, computers, and other electronic devices), personal injuries, and medical monitoring.

Specifically, certain class action lawsuits have been filed against various manufacturers, builders and suppliers alleging that these defendants' Chinese Drywall is in your home or premises, or that you separately purchased, and is defective. These defendants intend to defend the lawsuits vigorously on the grounds, among others, that the drywall is not defective and, in the case of builders, is effectively covered by their warranty repair or remediation programs. However, even though you may have a warranty which provides certain benefits in the event of defects in your home, the warranty and remediation programs instituted by your builder may not provide complete reimbursement to you for the actual costs of remediating your home and any additional damages to other parts of your home, other personal property, and/or personal injuries or medical monitoring.

Many of the defendant builders involved in these class action lawsuits have begun remediation programs that require homeowners to release their claims against all parties to the litigation. As a consequence of these actions the court has ordered the defendant builders to cease and desist contacting or soliciting property owners about releasing their claims against the builder in exchange for certain remediation work or repair of class members' homes or premises until sixty (60) days after the posting of this notice; thereafter, each defendant builder must provide a copy of this notice to property owners and begin any communication with a property owner with the statement that you should consult with an attorney prior to signing any release or waiver of legal rights. Any proposed release of any defendant builder shall also contain this statement, which release must be presented to the court for approval. In addition, no defendant builder shall initiate contact with any individual who has not previously contacted that builder. Further, each defendant builder must not communicate with persons already known to be represented by counsel.

The court further ordered that any property owners that have entered into a settlement agreement and signed a release or waiver of claims with any defendant builder shall have a 30 day "cooling-off" period within which to consult with counsel and be entitled to rescind any such agreement entered into with any putative class action defendant builder. No release offered by any

putative class action defendant builder may release any claims other than expenditures actually made by that particular builder, as that builder may only be entitled to a set-off or joint-tortfeasor release, and may not release claims for personal injury or medical monitoring.

You should be aware that if you agree to accept compensation under the conditions offered by your builders' warranty programs, you could be permanently barred from making a claim for additional compensation in the future, and could be giving up your right to participate in the class action lawsuits. If you have any questions, you should consult with an attorney prior to signing any release or waiver of legal rights. If you have already signed a release or waiver, you should immediately consult an attorney to advise you of your legal rights.