UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : : : : | MDL NO. 2047<br><br>SECTION: L<br><br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**THIS DOCUMENT RELATES TO ALL CASES**

### ORDER

The Court directed counsel for both sides to indicate which motions needed to be heard on an expedited basis and prioritize such motions.

Plaintiffs have filed a Motion to Lift Stay requesting that the stay on motions issued in Pretrial Order #1 be lifted insofar as to allow the filing of the following: (1) a Motion for Expedited Discovery, (2) a Motion for Production of Defendants' Remediation, Repair and Investigative Protocols, (3) a Motion regarding Defendants' ability to contact putative class members, and (4) a Motion for Establishment of Pretrial Order regarding remediation and repairs.  Additionally, the Plaintiffs request that the stay be lifted to allow the filing of an Emergency Motion to Protect Class Members and Fairly Conduct the Action.

Accordingly, IT IS ORDERED that the stay issued in Pretrial Order #1 is modified insofar as to allow the Plaintiffs to file the foregoing proposed motions.

IT IS FURTHER ORDERED that the Court will hear oral argument on the Plaintiffs' proposed motions on September 24, 2009, following the status conference scheduled at 9:00 a.m. IT IS FURTHER ORDERED that opposing counsel is directed to file responses to such motions five (5) days prior to the scheduled hearing.

Pursuant to Joint Report No. 2 of Plaintiffs' and Defendants' Liaison Counsel, the Defendants' have also indicated their intent to file motions which would require the lifting of the stay of Pretrial Order #1.  The motions will involve the following, (1) application of Chapter 558 of the Florida Statues, (2) personal jurisdiction over defendants, and (3) the economic loss rule, and its Louisiana analog, in the primary states at issue.  Accordingly, IT IS ORDERED that the stay on motions established pursuant to Pretrial Order #1 is lifted as to the three (3) foregoing issues.

The Defendants have submitted, pursuant to Joint Report No. 2 of Plaintiffs' and Defendants' Liaison Counsel, a proposed briefing schedule regarding the foregoing proposed motions.  The Court adopts the Defendants' briefing schedule as discussed below:

First, IT IS ORDERED that the initial motion on the issue of Chapter 558 of the Florida Statutes is to be filed within twenty (20) days, that there will be a twenty (20) day period to respond, and ten (10) days to submit a reply.

Second, Defendants' propose filing motions to dismiss, or alternatively, to strike on certain homeowners' legal theories and property damage claims against some defendants as a matter of law and without discovery.  IT IS ORDERED that the following briefing schedule is established regarding the economic loss rule motions.  The initial motion is to be filed within twenty (20) days, a twenty (20) days period to respond, and ten (10) days to submit a reply.

Third, Defendant Knauf Gips KG seeks to bring a motion to dismiss based on lack of personal jurisdiction.  IT IS ORDERED that the following briefing scheduled is established regarding this issue.  The initial Motion for Protective Order is to be filed within ten (10) days, response by Plaintiffs or other parties within ten (10) days, and a reply within five (5) days

thereafter.  After ruling on the application, IT IS FURTHER ORDERED that the parties have 45 days to undertake discovery limited to jurisdictional issues.  After the close of the jurisdictional discovery, IT IS FURTHER ORDERED that Knauf Gips KG will have fifteen (15) days to file its motion to dismiss on personal jurisdiction grounds, then the opponents will have twenty (20) days to file their response and Knauf Gips will be given ten (10) days thereafter to file its reply brief.

New Orleans, Louisiana, this  8th   day of September, 2009.

ELDON E. FALLON
UNITED STATES DISTRICT JUDGE