MINUTE ENTRY
FALLON, J.
SEPTEMBER 3, 2009

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
|  | : | MDL NO. 2047 |
| IN RE: CHINESE-MANUFACTURED DRY WALL | : |  |
|   PRODUCTS LIABILITY LITIGATION | : | SECTION:  L |
|  | : |  |
|  | : | JUDGE FALLON |
|  | : | MAG. JUDGE WILKINSON |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. | : |  |

**THIS DOCUMENT RELATES TO ALL CASES**

The monthly status conference was held on this date in the Courtroom of Judge Eldon E. Fallon. The Court first met with Plaintiffs' Liaison Counsel ("PLC"), Russ Herman, Defendants' Liaison Counsel ("DLC"), Kerry Miller, and certain members of the Plaintiffs', Defendants', and Homebuilders' Steering Committees to discuss agenda items for the conference. At the conference, counsel reported to the Court on topics set forth in Joint Report No. 2. This monthly status conference was transcribed by Ms. Pinkey Ferdinand, Official Court Reporter. Counsel may contact Ms. Ferdinand at (504) 589-7781 to request a copy of the transcript. A summary of the monthly status conference follows.

I.   PRETRIAL ORDERS

The Court has issued the following Pretrial Orders:

Pretrial Order No. 1 entered June 15, 2009-Initial Case Management

Pretrial Order No. 1A entered August 28, 2009-Counsel must Enter Appearances for Served Parties or risk Default Judgment

Pretrial Order No. 2 entered June 16, 2009-Notice to Transferor Court

Pretrial Order No. 3 entered July 6, 2009-Designation of Plaintiffs' Liaison Counsel

Pretrial Order No. 4 entered July 6, 2009-Designation of Defendants' Liaison Counsel

Pretrial Order No. 5 entered July 9, 2009-Counsel Contact Information Form

Pretrial Order No. 6 entered July 21, 2009-Electronic Service (LexisNexis)

Pretrial Order No. 7 entered July 27, 2009-Appointment Defendants' Steering Committee

Pretrial Order No. 7A entered August 4, 2009-Amending PTO 7 re: Defendants' Steering Committee

Pretrial Order No. 7B entered August 27, 2009-Amending PTO 7 re: list containing Defendants' Steering Committee and lists responsibilities for same

Pretrial Order No. 8 entered July 28, 2009-Appointing Plaintiffs' Steering Committee

Pretrial Order No. 9 entered July 28, 2009-Time and Billing Guidelines/Submissions

Pretrial Order No. 10 entered August 21, 2009-All parties to provide PLC or DLC with photographic catalog of markings, brands, endtapes and other identifying markers found in affected homes by August 26, 2009.  PSC and DSC to collect and submit data to the Court and inspection company for TIP a joint catalog of data to assist in training of inspections no later than August 28, 2009.

Pretrial Order No. 11 entered August 17, 2009-Profile forms to be distributed to appropriate parties and filed and returned on or before September 2, 2009.

Pretrial Order No. 12 entered August 25, 2009-Court will prepare final version of Distributor Profile Form.

Pretrial Order No. 12A entered August 25, 2009-Court adopted Distributor Profile Form to be distributed to appropriate parties and returned to DLC Kerry Miller on or before 9/8/09, either electronically or by hard copy.

Pretrial Order No. 13 entered August 27, 2009-Court institutes and will supervise Threshold Inspection Program (TIP).  Court appoints Crawford & Company to carry out the inspections.

All pretrial orders are posted on the Court's Chinese Drywall website.

II.     PROPERTY INSPECTIONS

A Threshold Inspection Protocol ("TIP") for MDL plaintiff properties impacted by

Chinese Drywall has been submitted by the parties and entered by the Court as Pretrial Order No. 13.  The parties have selected and the Court has approved, the inspection firm of Crawford & Company ("Crawford"), to conduct the initial 30 TIP inspections.  The initial 30 inspections will be funded by the PSC initially and shall commence on or about September 9, 2009.  The 30 initial properties to be inspected will be selected by the PSC and Exhibit A to the TIP will be provided by the PSC by September 2, 2009, and the properties shall be as follows: 15 from Florida, 8 from Louisiana, and 7 from other states.  Defendants assert that consistent with the Pretrial Order No. 13, the initial properties for inspection should be identified through a meet and confer process of the DSC and PSC (Pretrial Order No. 13, pg. 1).  After the first 30 inspections are conducted, the parties will meet with Crawford and the Court to review the TIP and make any necessary modifications to the TIP before embarking on additional inspections of MDL plaintiff properties.

The Plaintiffs have selected the 30 initial cases and will provide the relevant information to the Defendants on this date.  The Plaintiffs have selected 15 cases from Florida, eight (8) from Louisiana, two (2) from Virginia, one (1) from North Carolina, one (1) from Alabama, and three (3) from Mississippi.

The Court explained to the parties that the reason for the initial 30 inspections is to test the inspection protocol set out in Pretrial Order No.13.

The Court indicated that inspections subsequent to the initial 30 will be funded differently and that the Court will meet with the parties at a later date to discuss such funding.

The Court was informed that pursuant to Pretrial Order No. 10, picture catalogs have been compiled and filed with the Court.

      III.     <u>PLAINTIFF AND DEFENDANT PROFILE FORMS</u>

In Pretrial Orders 11 and 12A, the Court approved a Plaintiff Profile Form, a Defendant Manufacturers' Profile Form, a Contractor/Installer Profile Form, a Builder Defendant Profile Form and a Defendant Distributor Profile Form. Responses are due to the Plaintiff, Manufacturer, Contractor/Installer and Builder Profile Forms on September 2, 2009. Responses to the Distributor Defendant Profile Form are due September 8, 2009. As new parties are added to the MDL, those parties will respond to the appropriate profile form within 15 days of becoming a party to the MDL. Additionally, the PSC is in the process of drafting and submitting Retailer, Broker and Importer/Exporter Profile forms. Defendants in the MDL seek confirmation that they will not be required to answer multiple types of profile forms. The PSC asserts that each Defendant must respond with the appropriate Profile Form depending on the type of entity that the Defendant's business is engaged in.

The Plaintiffs provided the Defendants with the Plaintiff Profile Forms on this date.

The Court clarified that the profile forms are not to be filed with the Court; rather the forms are to be delivered to the appropriate liaison counsel as specified in Pretrial Order No. 11.

IV.     PRESERVATION ORDER

The Parties have met to discuss the modification of Section 14 of Pretrial Order No. 1 that addresses general preservation obligations of the parties and is entitled "Preservation of Evidence." The Court has advised that a modification of the Preservation Order relating to physical things and a modification of the Preservation Order relating to documents/ESI will be the subject of two (2) separate modifications to the Preservation Order set forth in Pretrial Order No. 1. Until such time as amended Orders are issued by the Court, the Preservation Order set for in Pretrial Order No. 1 remains in full force and effect.

The Court emphasized the importance of drafting the modifications to the general

Preservation Order. Accordingly, IT IS ORDERED that the parties have five (5) days to draft the modifications to the Preservation Order and if the parties are unable to agree on such modifications after this time, the Court will consider each side's proposed modifications and create its own modifications.

V.      STATE/FEDERAL COORDINATION

At the status conference on August 11, 2009, the Court instructed the PSC and DSC to confect separate subcommittees on state and federal coordination.

The PSC proposes the following for membership in the Plaintiffs' State/Federal Coordination Subcommittee:

Jeremy Alters
Alters, Boldt, Brown, Rash & Culmo
4141 Northeast 2nd Ave.
Suite 201
Miami, FL 33137

Dawn Barrios
Barrios, Kindsdorf, Casteix, LLP
701 Poydras Street
Suite 3650
New Orleans, LA 70139

Ervin Gonzalez
Colson, Hicks, Eidson
255 Aragon Ave.
Coral Gables, FL 33134

James Reeves
Lumpkin & Reeves, PLLC
160 Main Street
Biloxi, MS 39530

Richard Serpe
Law Offices of Richard J. Serpe, P.C.
580 East Main Street
Suite 310
Norfolk, VA 23510

Scott Weinstein
Morgan & Morgan
One University Drive
Suite 600
Ft. Myers, FL 33907-5337

The defendants propose the following for membership in the Defense State/Federal Coordination Subcommittee:

Jan Douglas Atlas
Jeffrey Backman
Adorno & Yoss, LLP
350 East Las Olas Blvd.
Suite 1700
Fort Lauderdale, FL 33301

Richard Duplantier
Galloway, Johnson, Tompkins, Burr & Smith
701 Poydras Street
40th Floor
New Orleans, LA 70139

Donald J. Hayden
Baker & McKenzie, LLP
Melons Financial Center
1111 Brickell Ave.
Suite 1700
Miami, FL 33131

Hilarie Bass
Greenberg Traurig
1221 Brickell Ave.
Miami, FL 33131

VI.    STATE COURT TRIAL SETTINGS

Members from the Defendants' State/Federal Coordination Subcommittee advised the Court, to the best of their knowledge, of the following: (1) all trial settings in state court that are set over the next 12 months, (2) all pending discovery motions in state court cases, (3) all dispositive motions pending in state court cases, and (4) any state court issues that should be

discussed as a matter of state/federal coordination.

Jan Atlas spoke on behalf of the Subcommittee. He informed the Court that many actions filed in state court are proceeding with discovery and have set trial dates. He informed the Court that he has prepared a chart detailing relevant information as to state trial court settings and that this chart would be submitted to the Court. Additionally, Atlas informed the Court that the subcommittee has been tracking removed and remanded state cases and will provide a proposed order to the Court regarding such.

VII.    MOTIONS IN THE MDL

As discussed at the last status conference on August 11, 2009, the parties have met and are proposing that certain legal issues, subject to motion practice and briefing schedules, be given priority treatment by the Court. The Plaintiffs' Steering Committee has filed expedited motions for discovery. Additionally, the Plantiffs' Steering Committee proposes that the following issues be given priority treatment by the Court:

1. Motion for production of Defendants' remediation, repair and investigative protocols utilized to date in both filed and unfiled state and federal cases. The PSC asserts this issue should be addressed immediately and the discovery should commence now so that expedited responses are received. All Defendants oppose this request insofar as it seeks the production of privileged information. The HSC further opposes this request on the basis that it is beyond the scope of this litigation to the extent that its pertains to "untitled" cases that may never be filed. Defendants assert that this motion should be the subject of the same type of briefing schedule proposed by Defendants in connection with their priority motions not needing discovery.

2. Motion regarding Defendants' ability to contact putative class members. The PSC asserts that this matter does not involve discovery and can be addressed by the Court as soon as possible at a hearing to be scheduled. Defendants agree that this is a legal issue. Defendants assert that this motion should be the subject of the same type of briefing schedule proposed by the Defendants in connection with their priority motions not needing discovery.

3. Motion for establishment of a pretrial order regarding remediation and repairs. The PSC asserts that this matter does not involve discovery and can be addressed by the Court as soon as possible at a hearing to be scheduled. See Defendants' response to 3 above; and

4. Motion regarding Plaintiffs' request for town hall meetings. The PSC asserts that this matter does not involve discovery and can be addressed by the Court as soon as possible. Defendants oppose this request because it may improperly seek to have this Court regulate the conduct of lawyers, including lawyer solicitations in various jurisdictions. Additionally, Defendants seek a briefing schedule consistent with the schedule identified by Defendants for motions not in need of discovery.

The Defense Steering Committee and Homebuilders' Steering Committee jointly propose that the following issues should be given priority attention by the Court:

1. Application of Chapter 558 of the Florida Statutes;

2. Personal jurisdiction over defendants; and

3. Economic loss rule (and its Louisiana analog) in the primary states at issue.

The DSC and HSC seek the following briefing/discovery schedules relative to the three

legal issues identified above:

### Economic Loss Rule

The DSC submits that the Court should address motions to dismiss, or alternatively, to strike on certain of the homeowners' legal theories and property damages claims against some defendants as a matter of law and without discovery. Defendants assert that clarifying these issues would materially advance the litigation and may narrow the scope of liability of certain Defendants. The purpose of the requested motion is to obtain a ruling from the court as to the types and measures of damages available to Plaintiffs against certain defendants. The DSC thus respectfully requests that the Court establish a briefing schedule for the filing of appropriate motions addressing the foregoing issues. The DSC asserts the initial Motion should be filed within twenty (20) days, a twenty (20) day period to respond and ten (10) days to submit a reply. The DSC further asserts that discovery will not be necessary as the issue of the applicability of the Economic Loss Rule and the remedies available to Plaintiffs can be determined as a matter of law. The PSC objects. The PSC contends that personal injury claims are not subject to the Economic Loss Rule, and may not be severable from property damage loss and further, that a determination of this issue is not ripe without discovery.

### Chapter 558 of the Florida Statutes

The DSC asserts that the issues related to Chapter 558 are set forth in the "Bench Memorandum" submitted by the Homebuilders on August 5, 2009, and that the initial Motion on this issue should be filed with in twenty (20) days, a twenty (20) day period to respond and ten (10) days to submit a reply. The DSC asserts that discovery will not be necessary as the issue of the applicability of Chapter 558 can be determined as a matter of law. The PSC objects. The PSC contends that personal injury claims are not subject to Chapter 558 of the Florida Statutes,

that each matter is fact intensive and is subject to discovery and that each case is different.

Personal Jurisdiction

Knauf Gips KG seeks to bring a motion to dismiss based upon lack of personal jurisdiction over that entity. The claims against Knauf Gips are premised upon alter ego or apparent agency allegations. Knauf Gips KG submits that personal jurisdiction discovery should be limited to jurisdictional issues, particularly Knauf Gips alleged direct involvement or active participation in and control over the manufacture, sale and export of Chinese manufactured drywall by Knauf Plasterboard (Tianjin) Co., Ltd. (KPT), Guandong Knauf New Building Material Products Co., Ltd., (Knauf Dongguan), Knauf Plasterboard (Wuhu) Co., Ltd. (Knauf Wuhu) during the relevant time period of the sales into the United States by those Chinese entities. Knauf Gips KG respectfully asks for a briefing schedule on the application of the HEC to discovery sought outside the United States. The initial Motion for Protective Order would be filed within ten (10) days, response by Plaintiffs or other parties within ten (10) days and a reply within five (5) days thereafter. After ruling on the HEC's application, Knauf Gips suggests that the parties have 45 days to undertake such discovery limited to jurisdictional issues only. After the close of the jurisdictional discovery, Knauf Gips KG will have fifteen (15) days to file its motion to dismiss on personal jurisdiction grounds, then the opponents will have twenty (20) days to file their response and Knauf Gips will be given ten (10) days thereafter to file its reply brief. The PSC contends that discovery is essential in order to address any personal jurisdiction issues and that the briefing schedule proposed by Defendants is not sufficient. Plaintiffs agree that discovery on this issue is not needed. The HSC asserts that a minimum of 60 days of discovery is needed on this issue.

The Court has considered the foregoing issues. With regard to the production of

preservation protocol, IT IS ORDERED that the Defendants produce preservation protocol for all cases filed in the MDL within ten (10) days.  IT IS FURTHER ORDERED that the issue of producing preservation protocol for all other cases will be presented by the parties at a hearing before this Court on September 24, 2009, following the status conference scheduled at 9:00 a.m.

With regard to the Plaintiffs' desire to hold townhall meetings, the Court declines to address the issue affirmatively or negatively, but does inform the parties that it does not see the issue as one addressed through motion practice.

With regard to the following issues raised by the Plaintiffs, IT IS ORDERED that the stay on motions instituted by Pretrial Order No.1 is lifted only as to allow the Court to hold a hearing on such issues.  This hearing will be held on September 24, 2009, following the status conference scheduled for 9:00 a.m.  The Plaintiffs' issues to be addressed are: (1) expedited motions for discovery, (2) production of Defendants' remediation, repair and investigation protocols, (3) Defendants' ability to contact putative class members, and (4) a pretrial order regarding remediation and repair.  If any of the foregoing issues need to be discussed at a later date, the parties are to discuss with the Court the scheduling of a subsequent hearing.

VIII.   DISCOVERY ISSUES

On August 31, 2009, the PSC provided to DLC a draft set of the master set of Request for Production to be served upon various categories of Defendants.  In addition, the PSC has advised that it will be scheduling FRCP 30(b)(6) depositions and the PSC has advised that a draft will be provided to DLC in advance of the monthly status conference.  The PSC has requested that all such discovery be handled on an expedited basis.  Defendants assert that discovery should commence upon completion of the parties' profile forms and inspections of the applicable homes, and reserve all rights to object pursuant to the Federal Rules of Civil Procedure and

applicable law as to the timing and substance of the discovery contemplated by this section. Defendants propose that initial discovery should be limited to determining the supply chain of the Chinese manufactured drywall.  Plaintiffs oppose this and assert that because Bellwether trial settings are scheduled to begin in four (4) months, that expedited and full discovery should proceed now.  Defendants respond that the only way that Bellwether trials will be able to be conducted in four (4) months is if the Court and parties remain focused on certain and discrete issues as opposed to unlimited and open-ended discovery.

On September 1, 2009, PLC provided to DLC a proposal for deposition guidelines.

In response to the parties' disagreement as to the manner of conducting discovery, the Court urged the parties to first address discovery disputes with the opposing counsel, and then if no resolution occurs, to present the issue at a hearing before the Court at which the Court will render an order.  Accordingly, IT IS ORDERED that the parties are to meet and confer within one (1) week regarding current discovery disputes and to contact the Court after this time to schedule a hearing if needed.

IX.     FREEDOM OF INFORMATION ACT/PUBLIC RECORDS REQUESTS

Several Freedom of Information Act/Public Records Requests have been made by Plaintiffs.  Plaintiffs informed the Court that they have received responses from the following requests and will share the received information with Defendants.  The Plaintiffs' requests are as follows:

1. FLA Ch.119 public records request to Florida Dept. Of Health

2. FLA Ch. 119 public records request to Florida Dept. Of Health

3. Federal FOIA request to CPSC

4. FLA Ch. 119 public records request to FLA. Dept. of Financial Services, Division

        of State Fire Marshall requesting public records re: reports of fires on Florida structures containing imported Chinese Drywall.

5.     Louisiana DEQ FOIA request

6.     Sec. Of Louisiana Dept. of Health and Hospitals FOIA

7.     Sec. Of Louisiana Dept. of Economic Development

8.     Attorney General State of Louisiana FOIA

IT IS ORDERED that when one party receives information pursuant to a FOIA/Public Records request that it is to share that information with all opposing parties. IT IS FURTHER ORDERED that DLS contact all defendants to determine whether any FOIA/Public Records requests have been made and write a letter to the Court and opposing parties regarding such information.

### X.    TRIAL SETTINGS IN FEDERAL COURT

The Court has advised that it plans to establish "Bellwether" trials (see Minute Entry dated July 9, 2009 [Doc. 111]). The parties have been discussing the protocol and procedure for selecting Bellwether trial candidates. The PSC suggests a sufficient representative sample of cases be selected with regard to geography, concentration of properties, distinctive facts and legal issues.

### XI.    FILINGS IN THE MDL

The parties have been discussing the prospect of direct filings and acceptance of service with Defendants under such circumstances maintaining Defendants' objections as to personal jurisdiction and other defenses, including the right to return cases to the originating venue for trial purposes. Plaintiffs assert this process allows for multiple plaintiffs to file claims in one matter (see Minute Entry dated July 9, 2009 [Doc. 111]). In addition, the parties continue to

discuss the issue regarding service upon foreign Defendants through the Hague Convention and the substantial costs associated with that process and Plaintiffs' request that the Defendants waive this requirement.

With regard to direct filings in the MDL, Kerry Miller, DLC, informed the Court that Knauf Gips KG is amenable to direct filing in the MDL.  However, Hilarie Bass, chair of the Homebuilders' Steering Committee, declined to address the issue at this time.

With regard to the Defendants' acceptance of service, Miller, DLC, informed the Court that Knauf Gips KG will not waive service of process.  Bass, chair of HSC, informed the Court that the Homebuilder Defendants would accept service.

Jan Atlas informed the Court that the supplier Defendants needed two (2) days to determine their stance on the two issues.

## XII.   NOTICE OF APPEARANCE AND DEFAULT JUDGMENTS

Pursuant to Pretrial Order 1A, counsel must file Notices of Appearances for all parties served in MDL cases or risk entry of a default judgment.

On September 2, 2009, Plaintiff The Mitchell Company, Inc., filed Motion for Default Judgment as to Taishan Gypsum Co., Ltd.  The Court indicated that it would grant a preliminary default judgment unless the Defendant made an appearance within the requisite time; if the Defendant failed to do so, the Court indicated that the Plaintiff should file a motion for confirmation of default and money judgment.

## XIII.   TOLLING AGREEMENT/SUSPENSION OF PRESCRIPTION

The parties have been in discussion regarding the entering of a Tolling Agreement/Suspension of Prescription Agreement.

## XIV.   INSURANCE ISSUES

There are a number of issues involving insurance matters that will be addressed in this litigation. These include actions against insurers of manufacturers, exporters, importers, brokers, distributors, builders, drywall contractors/installers and homeowners.

XV. SERVICE OF PLEADINGS ELECTRONICALLY

The LexisNexis File & Serve System has been established for the service of pleadings electronically in the MDL in order to facilitate service to all counsel. All counsel are to serve pleadings both through LexisNexis and the Electronic Filing System (ECF) of the Eastern District of Louisiana Court. Pretrial Order No. 6 governs service of pleadings electronically and sets forth the procedure required for all counsel to register with LexisNexis.

In addition to the foregoing, the parties are communicating with LexisNexis regarding the prospect of tracking state cases involving Chinese Drywall.

XVI. MASTER COMPLAINT

PSC is in the process of drafting a Master Complaint.

XVII. NEXT STATUS CONFERENCE

The next monthly status conference will be held on Thursday, September 24, 2009, at 9:00 a.m., central time. Any interested persons unable to attend in person may listen-in via telephone at 1-866-213-7163. The access code will be 29626568 and the Chairperson will be Judge Fallon.

JS10(01:25)