UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  CHINESE-MANUFACTURED | * | MDL Docket No. 2047 |
| DRYWALL PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

JOINT REPORT NO. 3 OF
PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC") submit this Joint Report No. 3. All Pre-Trial Orders are posted on the court's website located at www.laed.uscourts.gov which has a tab that links directly to "Drywall MDL". The Court's website also includes other postings relevant to the litigation.

I.   PRE-TRIAL ORDERS

The Court has issued the following Pre-Trial Orders:

Pre-Trial Order No. 1 entered June 15, 2009 – Initial Case Management

Pre-Trial Order No. 1A entered August 28, 2009 – Counsel must Enter Appearances for Served Parties or risk Default Judgment

Pre-Trial Order No. 2 entered June 16, 2009 – Notice to Transferor Court

Pre-Trial Order No. 2A entered September 18, 2009 – Means of Tracking Remands in MDL 2047

1

Pre-Trial Order No. 3 entered July 6, 2009 – Designation of Plaintiffs' Liaison Counsel

Pre-Trial Order No. 4 entered July 6, 2009 – Designation of Defendants' Liaison Counsel

Pre-Trial Order No. 5 entered July 6, 2009 – Contact Information

Pre-Trial Order No. 5A entered July 9, 2009 – Counsel Contact Information Form

Pre-Trial Order No. 6 entered July 21, 2009 – Electronic Service (LexisNexis)

Pre-Trial Order No. 7 entered July 27, 2009 – Appointment Defendants' Steering Committee

Pre-Trial Order No. 7A entered August 4, 2009 – Amending PTO 7 re: Defendants' Steering Committee

Pre-Trial Order No. 7B entered August 27, 2009 – Amending PTO 7 re: list containing Defendants' Steering Committee and lists responsibilities for same

Pre-Trial Order No. 8 entered July 28, 2009 – Appointing Plaintiffs' Steering Committee

Pre-Trial Order No. 9 entered July 28, 2009 – Time and Billing Guidelines/Submissions

Pre-Trial Order No. 10 entered August 21, 2009 – All parties to provide PLC or DLC with photographic catalog of markings, brands, endtapes and other identifying markers found in affected homes by August 26, 2009.  PSC and DSC to collect and submit data to the Court and inspection company for TIP a joint catalog of data to assist in training of inspections no later than August 28, 2009.

Pre-Trial Order No. 11 entered August 17, 2009 -  Profile forms to be distributed to appropriate parties and filed and returned on or before September 2, 2009

Pre-Trial Order No. 12 entered August 25, 2009 – Court will prepare final version of Distributor Profile Form.

Pre-Trial Order No. 12A entered August 25, 2009 – Court adopted Distributor Profile Form be distributed to appropriate parties and returned to DLC Kerry Miller on or before 9/8/09, either electronically or by hard copy

Pre-Trial Order No. 13 entered August 27, 2009 – Court institutes and will supervise Threshold Inspection Program (TIP).  Court appoints Crawford & Company to carry out the inspections.

II.  PROPERTY INSPECTIONS

Crawford & Company ("Crawford") began conducting some of the initial thirty (30) Threshold Inspection Protocol (TIP) inspections for MDL plaintiff properties impacted by Chinese Drywall. The parties have met with Crawford and the Court to review the TIP, issues that arose in some of the very early inspections and will be having further meetings with Crawford on September 23, 2009 to make necessary modifications to the TIP before embarking on additional inspections of MDL plaintiff properties. The parties will be prepared to discuss this further at the monthly status conference on September 24, 2009.

III.  PLAINTIFF AND DEFENDANT PROFILE FORMS

In Pre-Trial Orders 11 and 12A, the Court approved a Plaintiff Profile Form, a Defendant Manufacturers' Profile Form, a Contractor/Installer Profile Form, a Builder Defendant Profile Form and a Defendant Distributor Profile Form. Completed and signed profile forms have been submitted for many of the parties. The parties will continue to supplement responses as additional responses are received. As new parties are added to the MDL, those parties will respond to the appropriate profile form within 15 days of becoming a party to the MDL. The DSC and HSC have filed a motion seeking to lift the stay to allow them to file a motion to compel profile forms from the PSC. (See Section VII(B)(b) *infra*.)

Additionally, the parties have presented to the Court competing versions of the Importer/Exporter/Broker Profile Form. The parties await guidance from the Court regarding which Form or changes to the Form are acceptable to the Court.

Further, the parties have been discussing the creation of a Retailer Profile Form.

The parties will be prepared to discuss this further at the monthly status conference on September 24, 2009.

IV.   PRESERVATION ORDER

The Parties have met to discuss the modification of Section 14 of Pre-Trial Order No. 1 that addresses general preservation obligations of the parties and is entitled "Preservation of Evidence."  The Court has advised that a modification of the Preservation Order relating to physical things and a modification of the Preservation Order relating to documents/ESI will be the subject of two (2) separate modifications to the Preservation Order set forth in Pre-Trial Order No. 1.  Until such time as amended Orders are issued by the Court, the Preservation Order set forth in Pre-Trial Order No. 1 remains in full force and effect.  The parties will be prepared to discuss these issues further at the monthly status conference on September 24, 2009.

V.   STATE/FEDERAL COORDINATION

At the status conference on August 11, 2009, the Court instructed the PSC and DSC to confect separate subcommittees on state and federal coordination.

In Joint Report No. 2 filed with the Court on September 1, 2009, the PSC proposed the following for membership in the Plaintiffs' State/Federal Coordination Subcommittee:

> Jeremy Alters
> Alters, Boldt, Brown, Rash & Culmo
> 4141 Northeast 2nd Ave.
> Suite 201
> Miami, FL  33137
>
> Dawn Barrios
> Barrios, Kindsdorf, Casteix, LLP
> 701 Poydras Street
> Suite 3650
> New Orleans, LA  70139
>
> Ervin Gonzalez
> Colson, Hicks, Eidson
> 255 Aragon Avenue
> Coral Gables, FL  33134

James Reeves
Lumpkin & Reeves, PLLC
160 Main Street
Biloxi, MS  39530

Richard Serpe
Law Offices of Richard J. Serpe, P.C.
580 East Main Street
Suite 310
Norfolk, VA  23510

Scott Weinstein
Morgan & Morgan
One University Drive
Suite 600
Ft. Myers, FL  33907-5337

In addition, the defendants proposed the following for membership in the Defense State/Federal Coordination Subcommittee:

Jan Douglas Atlas
Jeffrey Backman
Adorno & Yoss, LLP
350 East Las Olas Blvd.
Suite 1700
Fort Lauderdale, FL  33301

Richard Duplantier
Galloway, Johnson, Tompkins,
Burr & Smith
701 Poydras Street
40th Floor
New Orleans, LA 70139

Donald J. Hayden
Baker & McKenzie, LLP
Melons Financial Center
1111 Brickell Avenue
Suite 1700
Miami, FL 33131

Hilarie Bass
Greenberg Traurig
1221 Brickell Avenue
Miami, FL  33131

The parties await further direction from the Court regarding the creation and duties of a State/Federal Coordination Subcommittee.

### VI. STATE COURT TRIAL SETTINGS

Defendants and/or Defendants' State/Federal Coordination SubCommittee will be prepared to advise the Court, to the best of their knowledge, of the following at the status conference on September 24, 2009:

1) All trial settings in state court that are set over the next 12 months;

2) All pending discovery motions in state court cases;

3) All dispositive motions pending in state court cases; and

4) Any state court issues that should be discussed as a matter of state/federal coordination.

In addition to the foregoing, the PSC will advise the Court of all motions that are pending regarding tag-along cases and, to the extent known, assist in advising the Court regarding the above mentioned matters.

PLC and DLC have provided a proposed amendment to Pre-Trial Order No. 2 to the Court to assist in tracking transferred cases and those involving removal and remand. The parties will be prepared to discuss this further at the monthly status conference on September 24, 2009.

### VII. MOTIONS IN THE MDL

On September 8, 2009, the Court issued an Order concerning the Court's directive to counsel for Plaintiffs and Defendants to indicate which motions needed to be heard on an expedited basis and to prioritize such motions and further set forth scheduling deadlines with respect to such motions. The stay issued in Pre-Trial Order No. 1 was modified to allow the parties to file certain proposed motions.

A. PSC Motions

   a. The Plaintiffs' Steering Committee's Motion for Expedited Discovery – this motion was filed on September 11, 2009. DSC and HSC submitted their response on September 21, 2009. The matter is set for hearing on September 24, 2009, following the status conference.

   b. Emergency Motion to Protect Class Members and Fairly Conduct the Action – the motion was filed on September 3, 2009. HSC submitted its response on September 21, 2009. The matter is set for hearing on September 24, 2009, following the status conference.

B. DSC Motions

   a. No motions have been filed that are set for hearing. Knauf Gips has filed a Motion for Protective Order related to the application of the Hague Convention to the anticipated jurisdictional discovery. It is expected that Defendants will also be filing, in the near future, motions regarding (1) Application of Chapter 558 of the Florida Statutes, (2) Personal Jurisdiction Over Defendants, and (3) The Economic Loss Rule and Its Louisiana Analog, in the Primary States at issue as the stay order has been lifted for the filing of those motions.

   b. On September 21, 2009, Defendants filed a motion to lift stay to authorize the filing of a motion to compel the Plaintiffs to produce profile forms as Defendants contend that fewer than

7

350 plaintiff profile forms have been submitted to date. The PSC will be responding when the Court sets a briefing schedule. (R.Doc. 254) The Defendants also advise they may seek to have the stay lifted to file a motion regarding the propriety of the same Plaintiffs filing suits in both state and federal courts. The PSC will be prepared to discuss this further at the monthly status conference on September 24, 2009.

C. Other

a. On September 2, 2009, the Mitchell Co., Inc. filed a motion for default judgment against Taishan Gypsum Co. Ltd. (R.Doc.190). Counsel for Mitchell has advised they will be prepared to offer into evidence documents in support of the motion at the hearing currently set for September 24, 2009.

The parties will be prepared to discuss the issues in more detail at the monthly status conference on September 24, 2009.

VIII. DISCOVERY ISSUES

On September 2, 2009, the PSC provided to DLC a Master Set of Request for Production which were served upon various categories of Defendants. In addition, on September 2, 2009, the PSC issued Notices scheduling FRCP 30(b)(6) depositions of various Defendants. The PSC has requested that all such discovery be handled on an expedited basis. Plaintiffs contend that because the Court did not sign an Order lifting the stay applicable to outstanding discovery and further discovery as set forth in Section 8 of PTO No. 1, the PSC voluntarily postponed the date for all the 30(b)(6) depositions that were noticed on September 2, 2009. The PSC requests that these depositions be rescheduled as soon as possible. The PSC also requests

8

that the Court establish a time frame for responses to the Master Set of Discovery Requests that were sent on September 2, 2009.

In contrast, Defendants contend that the "service" of any discovery was ineffective, and remains so, unless and until the stay is lifted. Further, Defendants assert that discovery should commence upon completion of the parties' profile forms and inspections of the applicable homes, and reserve all rights to object pursuant to the Federal Rules of Civil Procedure and applicable law as to the timing and substance of the discovery contemplated by this section. Defendants propose that initial discovery should be limited to determining the supply chain of the Chinese manufactured drywall. Plaintiffs oppose this and assert that because Bellwether trial settings are scheduled to begin in four (4) months, that expedited and full discovery should proceed now. Defendants respond that the only way that Bellwether trials will be able to be conducted in 4 months is if the Court and parties remain focused on certain and discrete issues as opposed to unlimited and open-ended discovery. The Defendants' postions are more fully explained in the Opposition to Plaintiffs' Motion for Expedited Discovery. The parties will be prepared to discuss these issues further at the monthly status conference on September 24, 2009.

On September 1, 2009, PLC provided to DLC a proposal for deposition guidelines. No response has been received from Defendants. The parties will be prepared to discuss this further at the monthly status conference on September 24, 2009.

IX. FREEDOM OF INFORMATION ACT/PUBLIC RECORDS REQUESTS

Several Freedom of Information Act/Public Records Requests have been made by Plaintiffs. The following outlines the status of responses:

# FOIA Requests and Responses as of September 21, 2009

| STATE | REQUEST MADE TO | DATE OF REQUEST | DESCRIPTION OF REQUEST | DATE OF RESPONSE | DOCUMENTS RECEIVED |
|---|---|---|---|---|---|
| FL | Centers for Disease Control/Agency | 8/25/09 | Fed. FOIA Request Toxic Substances and Disease Registry | 8/31/09 CDC acknowledged request and assigned request number | NO |
| FL | Consumer Product Safety Commission | 7/20/09 | Fed. FOIA Request to CPSC | 8/17/09 8/20/09 8/20/09 2nd | NO |
| FL | EPA | 8/25/09 | Fed. FOIA Request | 8/26/09 EPA acknowledged request and assigned request number | NO |
| FL | Fla. Dept. of Financial Services, Division of State Fire Marshall | 7/20/09 | Fla. Ch. 119, Public Records Request (requesting public records re reports of fires in Fla. Structures containing imported Chinese Drywall | 7/29/09 Claims no records exist | YES |
| FL | Florida Department of Health | 2/10/09 | Fla. Ch. 119, Public Records | 7/20/09 | YES |
| FL | Florida Department of Health | 7/8/09 | Fla. Ch. 119, Public Records Request | 7/20/09 | YES |

| STATE | REQUEST MADE TO | DATE OF REQUEST | DESCRIPTION OF REQUEST | DATE OF RESPONSE | DOCUMENTS RECEIVED |
|---|---|---|---|---|---|
| LA | Louisiana Dept. of Economic Development | 8/4/09 | FOIA Request under LSA-RS 44:1 "Public Records Act" | 8/26/09 Claims consumer complaints and health issues are not within the scope of the organization | NO |
| LA | Louisiana Dept. of Environmental Quality | 8/4/09 | FOIA Request under LSA-RS 44:1 "Public Records Act" | N/A | NO |
| LA | La. Dept. of Health and Hospitals | 8/4/09 | FOIA Request under LSA-RS 44:1 "Public Records Act" | 8/10/09 | YES |
| LA | La. Dept. Of Justice | 8/4/09 | FOIA Request under LSA-RS 44:1 "Public Records Act" | 9/3/09 Responder claims information not subject to public record law | NO |

PLC will be prepared to discuss the status of these requests at the monthly status conference on September 24, 2009.

X.  TRIAL SETTINGS IN FEDERAL COURT

The Court has advised that it plans to establish "Bellwether" trials (see Minute Entry dated July 9, 2009 [Doc. 111]).  The Court has further advised that any such trials will be limited to property damage only. *Id.* at sect. IV;  The parties have been discussing the protocol and procedure for selecting Bellwether trial candidates.  The PSC suggests a sufficient

11

representative sample of cases be selected with regard to geography, concentration of properties, distinctive facts and legal issues. The Defendants suggest that the selection of Bellwether plaintiffs must be limited to the approximately 60 plaintiffs that have submitted profile forms where personal injuries are not claimed. A list of these plaintiff properties will be made available to the PSC and the Court. The parties will be prepared to discuss this further at the monthly status conference on September 24, 2009.

### XI. FILINGS IN THE MDL

The parties have been discussing the prospect of direct filings and acceptance of service with Defendants under such circumstances maintaining Defendants' objections as to personal jurisdiction and other defenses, including the right to return cases to the originating venue for trial purposes. Plaintiffs assert this process allows for multiple plaintiffs to file claims in one matter (see Minute Entry dated July 9, 2009 [Doc. 111]). Many defendants, including the Homebuilder defendants, have already objected to direct filing. In addition, the parties continue to discuss the issue regarding service upon foreign Defendants through the Hague Convention and the substantial costs associated with that process and Plaintiffs' request that the Defendants waive this requirement. The parties will be prepared to discuss this further at the monthly status conference on September 24, 2009.

### XII. NOTICES OF APPEARANCE AND DEFAULT JUDGMENTS

Pursuant to Pre-Trial Order 1A, counsel must file Notices of Appearances for all parties served in MDL cases or risk entry of a default judgment. The parties will be prepared to discuss the status of this issue in more detail at the September 24, 2009 status conference.

At the status conference on September 3, 2009, the Court addressed The Mitchell Company, Inc.'s Motion for Default Judgment Against Taishan Gypsum Co., Ltd. [Doc. 190]

and deferred the matter until the status conference on September 24, 2009, at which time the Court advised it would further address the motion. (See Section VII(C)(a) *infra*.)

### XIII. TOLLING AGREEMENT/SUSPENSION OF PRESCRIPTION

The parties have been in discussion regarding the entering of a Tolling Agreement/Suspension of Prescription Agreement. The parties will be prepared to discuss this further at the monthly status conference on September 24, 2009.

### XIV. INSURANCE ISSUES

There are a number of issues involving insurance matters that will be addressed in this litigation. These include actions against insurers of manufacturers, exporters, importers, brokers, distributors, builders, drywall contractors/installers and homeowners. The parties will be prepared to discuss these issues at the monthly status conference on September 24, 2009.

### XV. SERVICE OF PLEADINGS ELECTRONICALLY

The LexisNexis File & Serve System has been established for the service of pleadings electronically in the MDL in order to facilitate service to all counsel. All counsel are to serve pleadings both through LexisNexis and the Electronic Filing System (ECF) of the Eastern District of Louisiana Court. Pre-Trial Order No. 6 governs service of pleadings electronically and sets forth the procedure required for all counsel to register with LexisNexis.

In addition to the foregoing, the parties have been advised that LexisNexis is in the process of establishing a system that allows for tracking state cases involving Chinese drywall. The parties will be prepared to discuss this further with the Court at the monthly status conference on September 24, 2009.

### XVI. MASTER COMPLAINT

PSC is in the process of drafting a Master Complaint. The parties will be prepared to discuss this further at the monthly status conference on September 24, 2009.

XVII. <u>NEXT STATUS CONFERENCE</u>

PLC and DLC will be prepared to schedule the next status conference, on a date to be selected by the Court.

Respectfully submitted,

| | |
|---|---|
| */s/ Russ M. Herman* | */s/ Kerry Miller* |
| Russ M. Herman (Bar No. 6819) | Kerry Miller (Bar No. 24562) |
| Leonard A. Davis (Bar No. 14190) | Kyle Spaulding (Bar No. 29000) |
| **Herman, Herman, Katz & Cotlar, LLP** | **Frilot L.L.C.** |
| 820 O'Keefe Avenue | 1100 Poydras Street |
| New Orleans, LA 70113 | Suite 3700 |
| PH: (504) 581-4892 | New Orleans, LA 70613-3600 |
| FAX: (504) 561-6024 | PH: (504) 599-8000 |
| | FAX: (504) 599-8100 |
| **Plaintiffs' Liaison Counsel** | **Defendants' Liaison Counsel** |

## CERTIFICATE

I hereby certify that the above and foregoing Joint Status Report No. 3 of Plaintiffs' and Defendants' Liaison Counsel has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL 2047, on this 22nd day of September, 2009.

*/s/ Leonard A. Davis*
Leonard A. Davis
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Ave.
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024
ldavis@hhkc.com