**EXHIBIT F**

**TO**

**RESPONSE OF PLAINTIFFS' STEERING COMMITTEE TO BENCH
MEMORANDUM OF CERTAIN DEFENDANTS
<u>REGARDING CHAPTER 558, FLORIDA STATUTES</u>**

Harrell v. South Kendall                    7/1/2009

```
                    IN THE CIRCUIT COURT OF THE
                    11TH JUDICIAL CIRCUIT IN AND
                    FOR DADE COUNTY, FLORIDA

                    Case No. 09-08401.

JASON HARRELL and MELISSA HARRELL

         Plaintiffs,

vs.                                   CERTIFIED
                                        COPY
SOUTH KENDALL CONSTRUCTION CORP.,
et al

         Defendants.
_____/



                    Dade County Courthouse
                    73 West Flagler Street
                    Miami, Florida
                    July 1, 2009




         The above-entitled cause came on for

    hearing before the Honorable Gill S. Freeman,

    Circuit Judge, pursuant to notice.
```

Harrell v. South Kendall                    7/1/2009

2

```
1

2   APPEARANCES:

3   PODHURST, ORSECK
    25 W. Flagler Street
4   Miami, Florida
    By Victor M. Diaz, Esquire
5   Appearing on behalf of the Plaintiffs

6   ADORNO & YOSS
    350 East Las Olas Blvd Suite 1700
7   Ft. Lauderdale, Florida
    By Jan Douglas Atlas, Esquire
8   Appearing on behalf of Banner Supply

9   SCHWARTZ & HOROWITZ
    6751 North Federal Highway
10  Ft. Lauderdale, Florida
    By Steven Schwartz, Esquire
11  Appearing on behalf of South Kendall Construction
    and Palm Isles Holdings

12

    KIERAN P. FALLON, PA
13  436 SW 8th Street, Suite 200
    Miami, Florida
14  By Kieran Fallon, Esquire
    Appearing on behalf of Keyes Gate Realty Inc.

15

16

17

18

19

20

21

22

23

24

25
```

```
1              (Thereupon the following proceedings were

2         had.)

3

4

5         THE COURT:   Harrell versus South Kendall

6    Construction et al and we're here on the Motion

7    to Dismiss or in the Alternative to Abate.

8         Are we ready to proceed?

9         MR. ATLAS:   Yes, Your Honor.

10        THE COURT:   Can we have appearances please?

11        MR. ATLAS:   Jan Atlas from Adorno and Yoss

12   on behalf of Banner Supply.

13        May I add before I -- I do have a letter to

14   submit to the Court representing the contributions

15   to the Sylvester Cancer Center --

16        THE COURT:   Okay.

17        MR. SCHWARTZ:   Your Honor do you prefer me

18   on the left or here?

19        THE COURT:   No, I prefer you to first make

20   an appearance of record.

21        MR. SCHWARTZ:   Steve Schwartz for South

22   Kendall Construction and Palm Isles Holdings.

23        THE COURT:   Okay.  Is there anyone else

24   here who's motion will be heard?

25        MR. FALLON:   Yes, Your Honor, Kieran Fallon
```

4

1    on behalf of Keyes Gate Realty, but due to the

2    identity of the issues, Mr. Schwartz is going to

3    handle it.

4         THE COURT:  Okay.

5         MR. SCHWARTZ:  Judge, I did have one

6    housekeeping matter.  I'm sure it was

7    inadvertent.

8         In the case management order that we all just

9    got from Your Honor, there was a typo on page 3.

10        The deadline for our mediation was supposed

11   to be October of 2009, it says 2010.

12        I know the deadline for us to tell you the

13   mediation date is still in August, so I don't know

14   if Your Honor wants to just correct her copy.  We

15   all know it was a typo.

16        THE COURT:  Okay.  I'll do that.

17        MR. SCHWARTZ:  May I approach Your Honor?

18        THE COURT:  You may.

19        MR. SCHWARTZ:  I am handing to the Court a

20   copy of the contract that is the core of my

21   argument.  I realize you may have multiple

22   versions of it.  It's attached to the amended

23   complaint and it's attached to several motions.

24        On behalf of the builder and some of the

25   other interested parties, let me see if I can

1    briefly outline some of the overview of the case

2    and then get to the meat of the motion.

3         THE COURT:  If it's of any help to you, I

4    read the motion.

5         MR. SCHWARTZ:  Very well.

6         We'll dealing here obviously with a product

7    liability suit involving Chinese drywall.

8         The suit is against the builder of the homes,

9    the drywall supplier for the properties, a realty

10   company that actually is the listing broker, as

11   well as the manufacturer and the importer of the

12   drywall products.

13        THE COURT:  No.

14        MR. SCHWARTZ:  In the Amended Complaint

15   they've been added.

16        THE COURT:  They were deleted.

17        MR. SCHWARTZ:  For purposes of this

18   argument it's irrelevant.

19        I am not sure I read the pleadings the same

20   way when I saw the Amended Complaint, because they

21   were not in the original Compliant.  They are

22   listed in the caption of the Amended Complaint.

23        THE COURT:  Don't you have a motion

24   complaining that they dropped them and is a bad

25   faith effort to avoid removal to Federal Court?

Harrell v. South Kendall                         7/1/2009

6

1          MR. SCHWARTZ:  That's irrelevant for my

2     purposes because I'm a Florida State entity.

3          Let me turn to the merits of the issue.

4          Regardless of whether Knauff and Rothchilt

5     are in the case or not, our motion is on behalf of

6     the builder, on behalf of the holding company that

7     built the homes and the real estate company that

8     sold them.

9          Let me briefly tell you about the

10    development.

11         Palm Isles is in Homestead.  We are only

12    dealing with 92 homes.  There were a total of 96

13    built, four were build for spec.

14         There are 92 home owners in the various

15    homes.

16         For brief general information these homes

17    were built between late 2005 and 2006.  The

18    drywall was installed between January and June

19    2006.

20         Most of these homes were purchased in 2006

21    and 2007.

22         The Harrell's who are the lead Plaintiffs in

23    this case, who are not yet out of class

24    certification issues, so just for these purposes,

25    the Harrell's they bought their home in February

Harrell v. South Kendall                    7/1/2009

1     2008.  Their drywall happened to have been

2     installed in May 2006.  And for general terms

3     their house was a 2600 square foot house, four

4     bedroom, three and a half bath.

5          Many of the homeowners in this development

6     allowed an inspection of their homes by the

7     builder.  The Harrell's attorney refused.

8          This suit was filed without prior notice of

9     these builder complaints and obviously without any

10    opportunity to cure.

11         There was no mediation requested before this

12    suit was file.

13         THE COURT:  You didn't raise that in your

14    motion did you?

15         MR. SCHWARTZ:  Yes, I did.

16         There was no arbitration requested.

17         THE COURT:  Let me ask you a question2.

18         MR. SCHWARTZ:  Sure.

19         THE COURT:  The complaint alleges that they

20    gave notice.

21         MR. SCHWARTZ:  And here is the problem with

22    the allegation.

23         First of all it's a false allegation because

24    it has no documents attached to it.  So there is a

25    violation of Rule 1.130.

1          More to the point, not only is there an

2     allegation in the Amended Complaint that is

3     nowhere demonstrated by a single shred of record

4     evidence -- and keep in mind the contract

5     requirement, let alone the Florida statute 558,

6     this notice and opportunity to cure and inspection

7     right, these are all conditions precedent to the

8     filing of any lawsuit.

9          So it's a condition precedent --

10          THE COURT:  What happens when you don't

11     adequately give the notice that's required by

12     the statute by failing to reference the statute?

13          MR. SCHWARTZ:  You know whether or not --

14          THE COURT:  It's a specific requirement.

15          MR. SCHWARTZ:  You mean whether or not the

16     statute itself is quoted in the contract to sell

17     the house?

18          THE COURT:  It says--

19          MR. SCHWARTZ:  The statute says that as of

20     04 the statute governs all homes built in

21     Florida.

22          More to the point --

23          THE COURT:  Yeah, but the statute

24     specifically defines a requirement as to

25     specific language that must be in the contract,

1    which specifically is not in the contract.

2         MR. SCHWARTZ:  Actually there is near

3    verbatim language in this contract, whether it

4    sites 558 or not.  My argument is--

5         THE COURT:  But it specifically says that

6    the paragraph must be in substantially the

7    following form, except that for the notice

8    required by paragraph 1D, must, expressly site

9    this chapter and read the substantially the

10   following.

11        MR. SCHWARTZ:  And I have filed a motion on

12   two alternate theories.  I say 555 governs any

13   home built in Florida after '04, whether the

14   language is verbatim quoted in the contract or

15   not.

16        More to the point, in the contract upon which

17   the Harrell's rely in their lawsuit, they attach

18   it as an exhibit, the substantially identical

19   language of notice of home built defects, the

20   opportunity to cure the conditions precedent to a

21   civil lawsuit are all in the contract and they are

22   in capital letters.

23        There is a very detailed process of requiring

24   an inspection, requiring the type of alternate

25   dispute mechanism in the contract, which is a

10

```
1    substantial identity with 558.
2         But here is what is interesting about the
3    complaint.  The Amended Complaint says in
4    paragraph 21, that we gave him notice and we gave
5    him notice on certain dates.
6         Then counsel submits to the court a Reply
7    Memorandum several weeks ago, that has totally
8    different e-mails attached to it.
9         The Complaint says they gave us notice in
10   February 2009.  There are no exhibits attached to
11   the Complaint to establish that condition
12   precedent notice.  The notice is required either
13   under the contract, if it's signed, or under the
14   statute; if not both.
15        The Complaint has no exhibits.  What the
16   Court was provided as their proof of notice,
17   contradicts the Complaint.
18        There is no record evidence of any notice
19   ever provided, there is no record evidence of a
20   request for a good faith mediation, which the real
21   estate contract requires between the homeowner and
22   the builder.
23        The legislature has adopted an alternate
24   dispute resolution mechanism with this exact type
25   of claim.
```

1        The contract required mediation.  They never

2    asked for it, they never gave us notice.  We have

3    yet to inspect the Harrell's house.

4        Now, the contract in paragraph 14 has very

5    clear notice of opportunity to cure provisions I

6    have tabbed that page for Your Honor.

7        Equally important, paragraph 19 spells out

8    over two and a half pages, a mediation arbitration

9    requirement.

10       So let's leave aside the 558 notice

11   opportunity to cure.  Let's somehow ignore for the

12   moment that the contract, irrespective of the

13   statute, mandated proper notice as a condition

14   precedent to the suit and a 90 day clock that

15   doesn't start to run until we get the notice.

16       Paragraph 19 says that we shouldn't be

17   standing before you at all.  No case was presented

18   to Your Honor that somehow suggests that you

19   should ignore the arbitration clause in our

20   contract.

21       No case was presented to you that somehow

22   suggests that the arbitration clause is ambiguous.

23       It is clear on it's face.  The only thing it

24   says that gives the Plaintiff any possible comfort

25   is that for certain types of disputes that may not

Harrell v. South Kendall                    7/1/2009

12

1    be subject to arbitration, but then you would be

2    here in a Miami State Court.

3         But those types of claims, based on Florida

4    Supreme Court logic on down, are tort claims.

5         The counsel for Plaintiff went out of his way

6    at our last hearing to announce for all time that

7    there are no personal injury claims in this case.

8    There are strictly product liability property

9    damage claims.

10        THE COURT:  Okay.

11        MR. SCHWARTZ:  That's why they are governed

12   by our arbitration clause.

13        The arbitration clause if valid.  The

14   arbitration clause governs the exact causes of

15   action presented because they sued for negligence,

16   breach of warranty, strict liability.  The

17   arbitration clause has not been complied with in

18   this case.

19        We are entitled to one of two things in the

20   case.  A dismissal of the case because of the

21   arbitration clause, or at bare minimum since the

22   arbitration clause dove tails with the mediation

23   and notice provisions in the contract, we are

24   entitled to an abatement to at least start the

25   inspection clock to find out what is wrong with

Harrell v. South Kendall                    7/1/2009

13

1       the home, what are the damages being claimed.  To

2       At least come up with some type of action on

3       behalf of the defense and then further sort out,

4       do we belong in your court for purposes of an

5       inability to resolve the case through mediation,

6       which is required by the contract.

7           We submit, at least on behalf of South

8       Kendall, as to Palm Isle's, as to Keyes Gate,

9       because these are the three entities that are

10      within the concept of the contract privity between

11      the Plaintiff and the defense.

12          At least as to those parties, this Court has

13      no jurisdiction and this Court should enforce the

14      arbitration clause.

15          I don't want to steal the thunder of my

16      colleagues for other defendant's, they may or may

17      not have an arbitration type argument.  I know

18      they had a similar 558 type argument.

19          We have an arbitration clause.  They should

20      not be suing a builder under this contract.

21          The document submitted by counsel first of

22      all are not of record, but the documents submitted

23      by counsel, his Reply Brief, the e-mails, are

24      dated in July of 2008.  They are not in February

25      of 2009 as he contends in his pleading.

Harrell v. South Kendall                    7/1/2009

14

1          We see nothing in the pleadings that

2     established that prior notice was given.  There is

3     nothing in the pleadings that somehow creates a

4     waiver of the arbitration clause --

5          THE COURT:  There is an allegation that

6     they gave notice.

7          MR. SCHWARTZ:  But if they are relying on

8     the notice, they have to attach it to the

9     document, they have to attach it to the

10    Complaint.

11         Rule 1.130 can't be any more clear--

12         THE COURT:  I'm not sure.

13         MR. SCHWARTZ:  Sorry?

14         All right.  If you have a contract that says

15    there is a condition precedent to being in the

16    courtroom, and that there is a clock built in of a

17    60 day notice and a 90 day cure, and you're going

18    to say in your pleading "we gave you that notice

19    and you refused or waived the right to inspect and

20    somehow waived your own arbitration clause, they

21    should attach those as exhibits to the Complaint

22    and say in a letter from my client, we don't need

23    to inspect your house, we waive the arbitration

24    clause, we are waiving mediation, we're going to

25    simply sue us.

Harrell v. South Kendall                    7/1/2009

15

1        They don't have those types of exhibits.

2        I'm suggesting to the Court that for the

3    purposes of where we are today, the Court should

4    abate this action.  Certainly as to South Kendall,

5    Palm Isles and Keyes Gate.

6        The Court should enforce the arbitration

7    clause.

8        There is nothing in the pleadings that

9    somehow gets around those contract provisions.

10       Even if the contract is signed by the

11   parties, does not properly quote 558 as a

12   statutory precedent because the contract on its'

13   own should be enforced.

14       This Court is not in a position to rewrite

15   the contract between the parties.

16       THE COURT:  Okay.

17       MR. ATLAS:  Your Honor, I believe it would

18   be appropriate on behalf of Banner to make our

19   argument at this point also in support of the

20   Motion to Abate.

21       THE COURT:  Why?

22       MR. ATLAS:  Because I'm really going to

23   address a number of the issues before the

24   Plaintiff responds, but I will defer to whatever

25   you want.

1          THE COURT:  I think I would like a response

2     to the motion.

3          MR. ATLAS:  Okay.

4          MR. DIAZ:  Good afternoon Your Honor Diaz

5     and Mark Blumstein my co-counsel of the

6     Blumstein law firm for the Plaintiff Jason and

7     Melissa Harrell and Mr. Harrell is present.

8          Judge, I assume that the motion that we are

9     hearing now is South Kendall's Motion to Dismiss

10    or Abate, although in this argument counsel seemed

11    to mesh the motions all together.

12         The allegations of the Complaint as Your

13    Honor has honed in and I expect you have read the

14    response so I'm going to get to the heart of it.

15         The allegations of the Complaint are very

16    clear.  This lawsuit was initiated on February

17    3rd, 2009 and although the Harrell's had already

18    provided their builder on notice by e-mail of the

19    defects in their home and the problems they were

20    having with the sulfer smell in their home, we

21    simultaneously filed the required notices and

22    served them on the Defendants.  That is alleged,

23    as you correctly pointed out, in paragraph 21 of

24    the Amended Complaint.

25         So, counsel's preparatory remarks, although

1    are appreciated and informational because i

2    learned something about this community that I did

3    not know, go outside, as most of his argument

4    does, goes outside the four corners of the

5    Compliant.

6        We start off with the fact that the Complaint

7    was filed February 3rd, 2009, the Defendant South

8    Kendall responded on March 18th.  They were

9    provided notice on February 3rd by letter.

10       The 60 day period --

11       THE COURT:  All right.  So they were put on

12   notice by the - do you have the letter?  Why

13   isn't it attached to the Complaint?

14       MR. DIAZ:  It's not required to be attached

15   to the Compliant Judge.  The only document you

16   have to attach to a complaint under Florida - is

17   the contract.  The contract is attached.

18       You don't have to document, under your

19   complaint under the notice pleading requirements

20   of the Rules of Civil Procedure, every allegation

21   you make in a Complaint.

22       We could have just said, all conditions

23   precedent to the contract have been satisfied.

24   The fact that we went further and specified the

25   particular dates on which notice was provided,

Harrell v. South Kendall                    7/1/2009

18

1     does not - should not be held to penalize the

2     Plaintiff in this instant.

3           Now, even further, there is a common sense

4     argument, which is they responded on March 18th.

5     They don't deny that they got the notice on

6     February 3rd.  They can't deny under the contract

7     that they are seeking to enforce, the 60 day

8     period expired on May 18, 2009.  Here we are in

9     July and they still have never responded to the

10    letter, they still have made no effort to comply

11    with the terms of the contract.

12          Therefore, to the extent that you even find

13    that that provision, going outside the four

14    corners of the Complaint, had not been complied

15    with, the time for them to comply has expired and

16    it's a moot issue.

17          It's just a procedural tool they are trying

18    to --

19          THE COURT:  All right.  In terms of

20    arbitration and mediation.

21          MR. DIAZ:  Do you want me to address 558

22    because you know because you know the notice is

23    defective, you pointed it out yourself.

24          The statute expressly states, you have to

25    site to the statute.  You must expressly refer the

Harrell v. South Kendall                 7/1/2009

1    consumer to the statute and if you do not

2    expressly refer the consumer to the statute you

3    waive your rights under this statutory provision.

4          They don't even attempt to tell you that they

5    complied.  So that's the 558 argument and that

6    disposes of their motion to abate with respect to

7    Banner and Keyes Gate also.

8          Now, with respect to the mediation argument.

9    It's very interesting that counsel points you to

10   the contract.

11         I'd like you to spend some time with me

12   looking at that contract because the reference to

13   the mediation procedure that they are talking

14   about in this particular case; do you have it in

15   front of you Judge?

16         THE COURT:  I do.

17         MR. DIAZ:  Okay.  This is the contract they

18   give the consumer.  It is the venue provision.

19         He is seeking to enforce mediation language

20   that it is a venue provision of this contract.

21         He does not tell you Your Honor that in the

22   same proceeding paragraph, paragraph 18,

23   resolution of the dispute is where one would

24   normally go about a dispute that you had with your

25   building with respect to a defect in your home.

1              That provision does not refer to mediation.

2        It specifically refers to the fact that "the

3        claims will be resolved in a Court of law and that

4        the jurisdiction will be in the State of Florida."

5              Not only does it do it there, it does it in

6        paragraph 16.  Where the disclaimer of the implied

7        warranties is found in this contract, it also

8        refers to a Court of law.

9              So the threshold argument is that this

10       contract has inconsistent provisions with respect

11       to whether or not mediation is the appropriate or

12       exclusive vehicle for the resolution of the

13       dispute or a condition precedent to the bringing

14       of the claims.

15             In fact, in the paragraphs that covers

16       resolution of disputes, the contract specifically

17       states that it is the jurisdiction of this Court,

18       not a mediator, to resolve the disputes arising

19       out of this purchase of the home.

20             Now in his argument counsel makes the

21       suggestion that that provision is limited only to

22       contract claims and not tort claims that have been

23       asserted by Plaintiff in this litigation.  It says

24       contract or tort.

25             So to the extent that they are trying to

1    rewrite the contract you're right, you shouldn't.

2    They wrote it and they are trying to rewrite it in

3    their argument or inadvertently misconstrue it.

4         As if that were not enough Your Honor,

5    Florida law is clear that where there is ambiguity

6    in the contract, as in the case we find here,

7    where there are inconsistencies and provisions, it

8    has to be construed against the person who drafted

9    and who drafted it, the very entity, South Kendall

10   Construction.  They drafted this contract, not the

11   Harrells.

12        They are the ones that put in the

13   inconsistent and ambiguous provisions.

14        I would like to site to Your Honor, I know

15   you know the law but, I am going to give you just

16   a few situations.  The first one being a

17   controlling decision on this point, the American

18   Agronomics Corporation versus Ross, which in

19   headnote one and two on the second page of the

20   opinion says "A fundamental and frequently applied

21   general rule of construction is where the language

22   of a contract is ambiguous or doubtful, it should

23   be construed against the party who drew the

24   contract and chose the wording".

25        There is further support of the in the Third

Harrell v. South Kendall                    7/1/2009

1    District opinion of Hancock versus Brummer Cohen.

2    At the third page of the decision headnote one, it

3    says "It is well settled law that where the

4    language of a contract is ambiguous or doubtful,

5    the contract should be construed in a light more

6    favorable to the non drafting party" and siting a

7    whole long line of District Court and Florida

8    Supreme Court decisions on this.

9         Lastly, and I don't want to overkill this

10   point, but I think it's an important issue, the

11   Third District decision of McEnyre versus Green

12   Full Service, Inc., where the Court dealing with

13   the same thing, two conflicting provisions in the

14   contract.  It says "Where the contract should be

15   read as ambiguous, two additional principals for

16   the interpretation of contract support the

17   conclusion we have reached.  In cases of doubt as

18   to the meaning, the parties intended by contract

19   language, the language will narrowly be

20   interpreted in a light less favorable to the party

21   drawing the contract."

22        Which it is indisputable in this case, the

23   party that drafted the contract is the moving

24   party here, South Kendall.

25        So, it's very simple Judge.  They are trying

1       to rely on a provision in paragraph 19, even

2       though there are conflicting provisions in

3       paragraph 18 and 16 of the contract.

4            They misstate and misconstrue or

5       mischaracterize the language of paragraph 18,

6       which is the resolution of dispute to try to limit

7       it to just contract actions, when it explicitly

8       says contract or tort.

9            For all those reasons Judge, it's pretty

10      clear that the Motion to Dismiss and or Abate that

11      has been filed by South Kendall should be denied.

12           THE COURT:  It looks like there is a waiver

13      or jury in eighteen.

14           MR. SCHWARTZ:  Nineteen Your Honor.

15      Eighteen as well as nineteen.

16           In the order of things, do you want me to

17      respond now?

18           THE COURT:  Yes.

19           MR. SCHWARTZ:  Very well.  First of all, I

20      just heard counsel say that he sent certified

21      notices on February 3 and February 4, 2009.

22      Where are they?  I have never seen them.

23           I was appointed by an insurance company and I

24      think I have the whole file.  I would like to see

25      them.  If counsel says he doesn't have to attach

Harrell v. South Kendall                    7/1/2009

24

1      them and the contract says on it's face that there
2      is a condition precedent before you can be in this
3      courtroom and counsel in his own paragraph 21
4      concedes that section 558 controls this case -
5      because he says "pursuant to section 558 we gave
6      you the notice".
7           So he says, I'm attaching the contract, you
8      may not have referred to the statute, but I
9      followed the statute by giving you the notice,
10     where is it?
11          THE COURT:  Maybe we need to have an
12     evidentiary hearing.
13          MR. SCHWARTZ:  I think we may have to if he
14     is suggesting that there is some record evidence
15     that he met the conditions precedent, even under
16     the statute he's traveling under in paragraph
17     21, or under the contract that he's suing under,
18     and there are page after page for requirements
19     of these notices, I want to see the notices and
20     I want to see the opportunity that he gave us to
21     inspect the houses.
22          We are entitled to come into the home and see
23     what we got.
24          THE COURT:  All right.  You got a notice in
25     July, an e-mail -

25

1          MR. SCHWARTZ:  If Your Honor reads those

2     e-mails there is a general comment about some

3     odor in one bathroom of the house.  The rest of

4     the e-mail is about touch up paint.  It's about

5     an air conditioning cooling problem.

6          If he's saying that that is our notice that

7     we have a Chinese drywall defect that is

8     generating this class action suit, I submit the

9     notice doesn't miss the particularity

10    requirements, either of the statute or of the

11    contract.

12         There is no evidence.  We never got notice of

13    a Chinese drywall defect problem.  I note in

14    paragraph 21 of the Amended Complaint that counsel

15    says they gave that type of notice to Banner, and

16    I'm not here to speak for Banner.

17         South Kendall did not get the notices - at

18    least that I'm aware of - that are supposedly

19    dated by certified mail of February 3 and 4 of

20    2009.

21         Again, the e-mails that counsel gave you to

22    prove the notice are not February 3 and 4 of 2009,

23    they are in 2008.  So they can't possibly be what

24    he's talking about in his Complaint.

25         So it's not simply that he should have

1    attached them as a condition precedent, his own

2    argument is internally inconsistent.

3         Here's what's not inconsistent; the

4    arbitration clause in the contract.

5         Out of an abundance of precaution, this home

6    builder put into the contract, some provision that

7    deals with a venue clause in the even that certain

8    causes of action are subject to civil litigation.

9         But they spent two full pages explaining the

10   arbitration provision.

11        THE COURT:  They are initialed at the

12   bottom.

13        MR. SCHWARTZ:  Of both parties.

14        So the buyers, in buying this home, were not

15   only explained the arbitration clause, they

16   initialed the paragraphs that waived a jury trial,

17   if it's civil litigation -- which by the way there

18   is an issue there -- but said that you have to

19   submit to good faith mediation and then

20   arbitration.

21        The clause says by the way "binding

22   arbitration."

23        South Kendall is prepared to go to binding

24   arbitration when they get proper notice, an

25   opportunity to inspect the house and determine

Harrell v. South Kendall                    7/1/2009

1    what's involved to fix it.

2              THE COURT:  All right.

3         Has there ever been a request to inspect the

4    house?

5         MR. SCHWARTZ:  Yes and it was denied by

6    counsel.

7         I didn't bring those letters to you because

8    they were generated, as I recall, by my own office

9    after we got the lawsuit.  We asked to inspect the

10   house.

11        Other homeowners by the way, in this

12   community, allowed us to inspect the homes.  But,

13   not the Harrell's through their counsel.

14        Now, I don't want to speak for Mr. Diaz, I'm

15   not sure he authored the letter rejecting our

16   request, I think it was his co-counsel.

17        We asked to inspect the house because we were

18   filing a motion to abate this case because we

19   weren't giving that opportunity.

20        We were refused that opportunity.

21        This is one of the homes we have yet ot

22   inspect.  We have looked at some others.

23        We ask that this case be abated.  I don't

24   think you need an evidentiary hearing to enforce

25   the arbitration clause.  Counsel has no argument

Harrell v. South Kendall                    7/1/2009

28

1     to suggest that somehow you should drop it out of

2     the contract.

3          It's not ambiguous.  It's not ambiguous at

4     all.

5          The Court should favor arbitration because in

6     this particular instance, you would get this

7     particular body of cases out of this court system.

8          It belongs in an arbitration, at lease as to

9     the builder.

10         MR. DIAZ:  Your Honor, would you like me to

11    respond?

12         THE COURT:  Sure.

13         MR. DIAZ:  First Judge, I'm sorry that

14    counsel doesn't have it, but the letter - and

15    I'm not required to attach it - there is no case

16    law suggesting that I'm required to attach it.

17         The general notice per the requirements of

18    the Florida Rules of Civil Procedure are directed

19    and opposite to it.  But just so that he knows,

20    and I will be happy to give him copies, it was

21    sent on February 3rd, 2009 to the registered agent

22    Kieran Fallon, Esquire, 436 SW 8th Street, suite

23    200, for South Kendall and Palm Isles Holding and

24    to Banner Supply Company care of Arthur Landers

25    their registered agent.

Harrell v. South Kendall                    7/1/2009

1          So in both instances we complied.

2          We complied with the statute Judge, and in an

3     abundance of caution, even though it is very clear

4     and Your Honor already knows it by the questions

5     you have asked, that the language in this contract

6     does not comply with the specific requirements of

7     statute 558.

8          So it is very - we complied.  Notwithstanding

9     the fact that we retained our right to argue that

10    558 is not applicable to this case because there

11    was not strict compliance with the requirement of

12    the Florida Statute --

13          THE COURT:  The statute doesn't necessarily

14    say that.

15          MR. DIAZ:  Yes, it does Your Honor.

16          THE COURT:  It says that they have to

17    record it but --

18          MR. DIAZ:  Expressly site to.  Here is a

19    copy of it so you have the statute in front of

20    yo.

21          THE COURT:  I have the statute right here.

22          MR. DIAZ:  As you correctly pointed out at

23    subsection B, it says the notice required by

24    paragraph 1B, "must expressly site this

25    chapter".  Nowhere in the language --

Harrell v. South Kendall                    7/1/2009

1          THE COURT:  If it doesn't say that I get to

2     ignore it if it's not specifically stated.

3          MR. DIAZ:  Judge, if there is a requirement

4     in a statute which has to be enforced and

5     narrowly construed by Your Honor that you must

6     expressly site the Chapter.  That's the change

7     in the law because the statute was amended in

8     2006.

9          The legislature before that said, you have to

10    have a notice of substantial compliance with this

11    language.  You don't have to track this specific

12    language.

13         Then they amended it in 2006 and said for

14    homes after October 1st, 2006, you must expressly

15    site to this chapter.  Which means they have to

16    site to 558 so that the consumer knows exactly.

17         That was a requirement, a decision of the

18    legislature because there were a lot of abuses of

19    general language and builders were trying to take

20    advantage of the substantial compliance

21    requirements.

22         They said that at least with respect to the

23    language, you have to point the consumer to the

24    specific Florida statute section that you are

25    seeking to enforce against them.  They didn't do

31

1       it.

2              More importantly Judge, the well settled body

3       of law is where there is any ambiguity in the

4       contract, you enforce it against them.  They had

5       the opportunity had they wanted to, to correct

6       this contract.

7              The fact is they probably had an old contract

8       that they had been using before the statute was

9       amended.  They probably didn't know that the

10      statute had been amended to include a requirement

11      that you expressly site to the chapter.

12             But the Florida legislature made that

13      decision and with all due respect I believe Your

14      Honor should respect the decision of the

15      legislature and the policy and the requirements of

16      the statute that requires them to site to the

17      Chapter.

18             Now, with respect to the mediation clause,

19      Judge, yes they initialed it.  I saw that.  But

20      the law is as you interpret it.  You have to

21      decide if the contract is contradictory or

22      ambiguous.

23             At the very contract where they have that

24      mediation clause, under a "venue" provision.

25      That's where they put mediation.

Harrell v. South Kendall                    7/1/2009

32

1           In a resolution of a dispute provision of the

2      contract, they say that a Court of law shall

3      decide all tort claims or contract claims arising.

4      So there is contradictory language in this

5      agreement.

6           In the --

7           THE COURT:  Why is when you read it, which

8      extensively they were required to do, because

9      they initialed it, why is it not clear?

10          MR. DIAZ:  It doesn't matter.

11          What's not clear is the preceding paragraph

12     is contradictory.

13          In one paragraph it says that you can go to a

14     court of law and you can enforce all of your

15     rights under the contract or tort.  In the

16     paragraph preceding that, paragraph 16, where we

17     talked about the waiver of implied warranties,

18     there is a specific provision again to the

19     jurisdiction of a court of law to resolve the

20     dispute.

21          Then there is a conflicting provision

22     regarding mediation.

23          Judge, this comes up all the time in

24     interpretation of contracts.  That's why there is

25     well settled case law in this State and in this

Harrell v. South Kendall                    7/1/2009

1       country.

2              THE COURT:   Certainly there is no question

3       then that whomever drafts the contract gets --

4              MR. DIAZ:   So if it's a close call -- no

5       question about it.

6              THE COURT:   Now with regard to arbitration,

7       generally speaking the law is that there is a

8       policy in favor.   So you're going to have to

9       balance.

10             MR. DIAZ:   First of all, with respect to

11      that, the policy in favor of mediation and the

12      argument, which I will be happy to rebut with

13      case law, is not made in their motion, it's made

14      in their oral argument.

15             They do raise the issue about the mediation

16      clause but they are not suggesting that the

17      ambiguity in the contract and the well settled law

18      that says any ambiguity in the interpretation of a

19      contract should be interpreted against the

20      drafter, that's undisputed Judge, they drafted it.

21             They could have had a consistent contract.

22      They didn't have to have contradictory provisions.

23      They are the ones that drafted it and where there

24      is an ambiguity or where a contract is susceptible

25      to more than one reading, which is the case here,

34

1      the law is well settled that you interpret it

2      against them.  Not the Harrell's.

3           What they are asking you to do is in this

4      case, interpret one paragraph against the

5      Harrell's and not interpret against them the

6      preceding two paragraphs which they drafted and

7      which said that you have jurisdiction to hear this

8      case.

9           It would stand well settled Florida law on

10     it's head to say, well the Harrell's you should

11     have known that you were going to be bound by 18

12     and ignored the fact that they told you something

13     different and known that you were going to be

14     bound by the language in paragraph 19 and ignore

15     the fact that they told you something entirely

16     different in paragraph 18 and paragraph 16 of the

17     complaint.

18         That's the kind of taking advantage of

19     consumers that was resolved, thankfully, by courts

20     of law by issuing these cases that say, you don't

21     enforce the fine print against the person that

22     signed it when the fine print is contradictory and

23     you're the one that wrote the fine print.

24         That's exactly what's happening in this case.

25     That's what is being attempted to be done in this

1        court room.

2              With all due Your Honor, it isn't close.

3        This is not close.

4              Yes there is that language in one provision

5        of the contract and yes there is a policy in favor

6        of mediation when the mediation provision is

7        clearly provided for in the parties agreement.

8              But you have a threshold point first.  Is

9        there clearly a mediation clause provided for in

10       the parties agreement.  At that point there is a

11       contradictory language in this contract and you

12       have to resolve that contradiction in favor of the

13       party that didn't draft it; the Harrell's.

14             Once you reach that, there is no binding

15       mediation for you to enforce.  All that case law

16       about a policy in favor of mediation, there is no

17       case that I'm aware that says, you know the policy

18       in favor of mediation that we generally have, and

19       I acknowledge that the case law that is out there,

20       supersedes all the well settled law that we have

21       on interpretation of contracts that says we

22       interpret ambiguities in contracts against the

23       party that drafted it.

24             That's what they are asking you to rule

25       today.

Harrell v. South Kendall                    7/1/2009

36

1          THE COURT:  Okay.  Let's go to Banner.

2          MR. ATLAS:  Mr. Diaz indicated that it's

3     critically important to respect the legislative

4     intent.

5          Banner has filed a Motion to Abate for

6     failure to follow Chapter 558.  Banner as Your

7     Honor is aware was the supplier of the Chinese

8     drywall.

9          It is clear from our reading of 558 that the

10    suppliers - the complaint, under the language that

11    the statute, is a defined action under Chapter

12    558.

13         The Plaintiffs' Harrell are a claimant under

14    Chapter 558.

15         As I said, there is no question that the

16    supplier is covered by 558 and in our view it is

17    mandatory for this Court to abate this action

18    where there has been no compliance with 558.

19         THE COURT:  What if there had?

20         MR. ATLAS:  First of all we have no

21    knowledge of any notice being sent.  But putting

22    that aside, assuming that it was sent as Mr.

23    Diaz has said on February 3rd, it is my

24    understanding that that was sent

25    contemporaneously with the filing of the

37

1     original complaint.

2          THE COURT:  But you still would have had 90

3     days or 60 days, whatever.  I'm assuming that

4     Mr. Diaz is representative that he sent it and

5     we will find that he sent it.

6          MR. ATLAS:  In any event, I think the

7     statue is clear that it was supposed to be done

8     prior to the filing of an action.

9          THE COURT:  So then I abate it.

10         Now, nothing went on between February and

11    now.  We're certainly beyond the time period to do

12    the inspection.  So?

13         MR. ATLAS:  So we still feel the action

14    should be abated because they just didn't comply

15    with Chapter 558.

16         THE COURT:  And abated for how long and

17    why?

18         MR. ATLAS:  Until they comply.

19         THE COURT:  Well if they sent the notice in

20    February when they filed the lawsuit, the time

21    period for inspection has run.

22         MR. ATLAS:  Assuming that it was sent.

23    There is no record of it having been sent and I

24    understand what Mr. Diaz has alleged.  But--

25         THE COURT:  Well maybe I need to have him

Harrell v. South Kendall                    7/1/2009

38

1        submit copies of them along with the mail

2        receipts.

3               MR. BLUMSTEIN:  It was sent regular US Mail

4        and certified.

5               THE COURT:  You sent it certified and you

6        have the return receipts?

7               MR. BLUMSTEIN:  Yes.

8               THE COURT:  Do you have them here by any

9        chance?

10              MR. BLUMSTEIN:  You know what I do have, I

11       have a digital copy.

12              THE COURT:  Okay.

13              MR. ATLAS:  In any event, our position,

14       based on all the information that we have

15       available to us and the basis for the filing of

16       the Motion to Abate is that there wasn't

17       compliance by Harrell --

18              THE COURT:  But what if they are able to

19       prove that there was?  Then what?

20              MR. ATLAS:  Then we need to have an

21       opportunity to respond in accordance with the

22       statute.  Which we haven't had.

23              THE COURT:  That somehow your registered

24       agent didn't get it to you.

25              MR. ATLAS:  If that's the case.  I don't

Harrell v. South Kendall                    7/1/2009

39

1     know what happened.

2          We are also in a situation where there may

3     have been communications that -- we have gotten

4     the entire file from Banner and also from the

5     insurance carrier.

6          Once again, there may be complete validity to

7     what was represented to you, but I don't know that

8     as we stand here.  And I certainly didn't know

9     that as of the time the Motion to Abate was filed.

10         But to the extent that somehow they weren't

11    obligated to comply with the statute, these are

12    the Banner, as Your Honor is aware, that would be

13    in violation of 558.  This clearly provides for

14    the supplier such as Banner to have the benefits

15    of that pre-suit type of treatment.

16         To further clarify, the Plaintiffs do allege

17    in the Complaint that they - the Amended Complaint

18    rather, that they supposedly complied with Chapter

19    558, when there was absolutely no such allegation

20    in the original Complaint.

21         My point is that Chapter 558 required them to

22    comply prior to filing the Complaint.

23         To submit a notice on the same day that you

24    file the complaint just flies in the face of what

25    the legislative intent is.  The legislative intent

1   was to provide a period of time to try to resolve

2   these construction defect issues, to avoid the

3   necessity of incurring legal fees and expense and

4   unecessary attention to these issues.  Sending the

5   notice as they have and filing the complaint on

6   the same day clearly flies in the face of that

7   intent.

8       So based on the record, we believe that under

9   558 the action should be abated as far as Banner

10  is concerned.  Banner was not in contractual

11  privity with the Plaintiff.

12      THE COURT:  Maybe you have some other

13  relief.  If the notice was sent and the time has

14  run, that you are entitled to even more.

15      MR. ATLAS:  It just seems to me Your Honor

16  that if the legislative intent is clear from all

17  the various articles and the absence of

18  authority--

19      THE COURT:  But, let's say you had gotten

20  the letter and the lawsuit --

21      MR. ATLAS:  The same day.

22      THE COURT:  -- and you come into court and

23  say enters an order for 60 to 90 days.  So we're

24  here.  March, April, May, so the time period

25  would be up.

Harrell v. South Kendall                 7/1/2009

41

1          MR. ATLAS:  It seems to me that the time

2     period in essence is tolled while the time is

3     pending to have the motion heard.

4          Once again, I keep coming back to the intent

5     of the statute.

6          THE COURT:  I don't know why it would be

7     tolled when you still would have opportunity to

8     request an inspection and to do whatever.

9          Now you might be entitled to attorney's fees

10    during that time period for the time period when

11    you should have had the opportunity to inspect and

12    to decide.  Now, since it's been two months after

13    that time period has expired that you are entitled

14    to another 90 days or 60 days.

15         MR. ATLAS:  I understand that position.

16         But it doesn't seem to me that the Plaintiffs

17    should be rewarded for not adhering to the

18    legislative intent of the statute.

19         THE COURT:  I don't know if I'm rewarding

20    them, nothing is happening in this case.

21         MR. ATLAS:  That's true.

22         THE COURT:  So it's not like they roller

23    coastered or whatever, nothing has happened.

24    It's been pretty normal since Februaries.

25         MR. ATLAS:  That's true.

Harrell v. South Kendall                    7/1/2009

42

1           It's just once again to have a statute --

2           THE COURT:   That's why I'm saying you might

3      be entitled to some other relief such as any

4      attorney's fees you might have incurred during

5      this time period, from the notice to when they

6      should be able to go froward.  But I'm not sure

7      you are entitled to an additional tolling of the

8      time period.

9           MR. DIAZ:   I was taught early on in law

10     school that on a Motion to Dismiss you don't go

11     outside the four corners of the complaint.

12          We are so far outside the four corners.

13          THE COURT:   Excuse me.  This is a Motion ot

14     Dismiss or to Abate.

15          MR. DIAZ:   And I'm going to address both.

16     But we are so far in the world representations

17     being made to this Court, premises -- I mean

18     factual assertions being made by counsel in

19     order to premiss their argument that the

20     Plaintiffs have failed to comply - even though

21     we allege in the complaint that we have

22     complied, they have asked you to ignore the

23     allegations of the complaint for purposes of the

24     Motion to Abate and for purposes of the Motion

25     to Dismiss and assume that we did not comply.

43

1          They come in here as lawyers and officers of

2      the Court and tell you that they don't have a copy

3      of the letter when I stand here as an officer of

4      the Court with a digital copy of the letter in

5      front of me and represent to you that it was sent.

6      They then backed off slightly to say, maybe I

7      haven't seen it, which is their fault, their

8      clients fault.  Not that we didn't comply with the

9      statute, which is the issue before the Court.

10          THE COURT:  It may be the registered agents

11      fault.

12          MR. DIAZ:  But Judge, let me read you

13      another letter that Mr. Blumstein wrote on

14      February 24th because we are outside the four

15      corners of the complaint.

16          THE COURT:  That's why I said I might have

17      to have an evidentiary hearing.

18          MR. DIAZ:  But the statute requires us to

19      comply.  We alleged in the Complaint that we

20      have complied and there is no evidence of record

21      before Your Honor to suggest that we haven't.

22          THE COURT:  There is no evidence of record

23      period.  That's why I'm saying I might have ot

24      have an evidentiary hearing.

25          Certainly within my parameters of the Motion

Harrell v. South Kendall                    7/1/2009

44

1      to Dismiss I can't go outside the four corners.

2      So within the Motion to Dismiss issue, you have

3      alleged what you need to allege.

4          With respect to a Motion to Abate, that is

5      something that goes beyond the four corners of the

6      Complaint.

7          MR. DIAZ:  And with respect to the Motion

8      to Abate Your Honor, they have not filed any

9      evidence of record denying compliance with the

10     statute.

11         In our response we showed you that in

12     addition to the letters we specifically alleged in

13     our Complaint, there had been earlier emails by

14     our client and that is the evidence that you have

15     before Your Honor.

16         But I also stand here as an officer of the

17     court and I wouldn't be playing the "gotcha game"

18     and making assertions about the fact that we had

19     complied or not complied.  And I know Your Honor

20     is being swayed by the equities of the arguments

21     that are being made by counsel.

22         So I'm reading the letter from February 24th,

23     2009 to Kieran Fallon the registered agent who was

24     sent the letter, responding to him to a letter

25     that he sent back on February 10th on behalf of

Harrell v. South Kendall                    7/1/2009

1       South Kendall.

2              Now remember how they told you that we

3       refused to grant the mediation, this is what the

4       letter says, "Further your letter seeks inspection

5       of our client's homes."  This is the notice that

6       they say we never got.  "As we have previously

7       indicated the inspections may proceed during the

8       week of March 2nd, 2009 subject to your advance

9       disclosure of those persons to be testing

10      claimant's homes, their proposed protocols and

11      whether destructive testing will be conducted in

12      conjunction with said inspection."

13             So Judge, the fiction that we should delay

14      this case for one more day, because of the

15      assertion --

16             THE COURT:  And that goes to South Kendall,

17      it doesn't go to Banner, right?

18             MR. DIAZ:  Judge, I don't have every letter

19      in the file here to produce -- I'm being put in

20      the burden of proving the negative based on an

21      unsubstantiated, unqualified and unverified

22      assertion in an argument that we did not comply,

23      even though all the evidence that you have

24      before you is that we have complied.

25             I've gone further.  I've given you the

1      allegations of the Complaint, I've given you the

2      record evidence that we've submitted in our

3      response to the Motions to Abate, I've stood here

4      as an officer of the Court and read to you digital

5      copies of the letter and put my reputation on the

6      line and that of my co-counsel.

7          I don't know why it is that we should go

8      further to prejudice these Plaintiff's and to find

9      an excuse to hold them up for one more day to be

10     able to proceed.

11         Your Honor got it right.  We're in a lawsuit.

12     They can ask for an inspection of the premises

13     tomorrow.  They could have asked for it yesterday.

14     They could have asked for it instead of filing a

15     Motion to Abate.

16         There is a procedure in the Florida Rules of

17     Civil Procedure to inspect the homes and perform

18     any kind of testing.  It would have been the very

19     same protocol that we wrote them back in February

20     that we said we would follow.  Let us know who is

21     going to come in, let us know whether you are

22     going to do any destructive testing, let's agree

23     on the testing protocol and come at it.

24         THE COURT:  You can't expect me to --

25         MR. DIAZ:  You see Judge, I'm here as the

Harrell v. South Kendall                    7/1/2009

47

1    witness, we're doing the evidentiary hearing

2    because I'm disproving the negatives, the ghosts

3    in the cloakroom so to speak --

4           THE COURT:  No, you're not.  These are

5    permanent responsibilities and you're showing

6    that you did them.

7           MR. DIAZ:  Judge, it also should sway you

8    deeply in your heart about what motivates

9    lawyers when they come into a courtroom and

10   suggest that something hasn't been done.

11          Judge --

12          THE COURT:  I will assume that these

13   lawyers with fine reputations are basing their

14   arguments on the information that they have from

15   their clients.

16          I will not impugn anything else to them, nor

17   will I impugn anything to you.

18          MR. DIAZ:  I am sure they are basing it on

19   the information they have gotten from their

20   clients --

21          THE COURT:  Then don't talk about the

22   motivation of the lawyers.

23          MR. DIAZ:  But I'm very careful Judge,

24   before I go in and suggest that counsel or an

25   opposing party has not done something and make

1    an affirmative assertion about their lack of

2    compliance with a statutory requirements to

3    verify that with my client.

4         Now, I - you are correct, I am sure their

5    client is wrong.  Now since their client is wrong,

6    their motion should be denied.

7         Just so that you are satisfied, I can further

8    represent that on February 24th, 2009, Michael

9    Peterson, PA and Mr. Blumstein responding to Mr.

10   Peterson, again from his letter of February 10th,

11   after receiving the notice that we sent.  "We are

12   in receipt of the letter of February 10th on

13   behalf of your client Banner Supply Company."

14        The same language that I said regarding

15   inspections of the home is in this letter as well.

16        THE COURT:  So let me ask you, why then

17   didn't you raise that in response to their

18   motion?

19        MR. DIAZ:  That's a good question.  I wish

20   Mr. Blumstein has given me copies of those

21   letters and I would have.

22        THE COURT:  Okay.

23        MR. DIAZ:  I don't know the answer, but

24   that's the facts.

25        We are, with respect to all this language

Harrell v. South Kendall                   7/1/2009

1    about tolling of the provision and the legislative

2    intent, again, with all due respect for counsel, I

3    believe they believe it but there is not a

4    centilla of evidence, there is not any reference

5    to the statutory language, there is not any

6    reference to the legislative history of this

7    statute.

8         I'm relying on the statute.  I'm relying on

9    the explicit language of the contract.  I'm doing

10   everything possible to get past these procedural

11   hurdles so that this case can move forward on the

12   merits.

13        With respect to that Judge, I just want to

14   close on that point because I know you're trying

15   to be fair.  At the end, we who labor here seek

16   only the truth and justice.

17        If they wanted an inspection, they could ask

18   them from Your Honor tomorrow.  There is a

19   procedure in the Florida Rules of Civil Procedure.

20   They only have to pick up the phone and call me.

21        THE COURT:  Okay.

22        MR. ATLAS:  Just briefly.  First of all, we

23   did not, contrary to what Mr. Diaz has told you,

24   file a Motion to Dismiss.  It was purely a

25   Motion to Abate.

50

1          Secondly, the fact is, we have shown to the

2     Court the intent of the statute is to require --

3          THE COURT:  What about this February 10th

4     letter?

5          MR. ATLAS:  Don't know anything about that.

6     It may very well be that the client does have

7     that, I don't know.

8          I don't what to have to respond to Mr. Diaz'

9     inuendos --

10         THE COURT:  What if this is all true.  It

11    was noticed, there was a February 10th letter

12    making a demand for inspection, there was a

13    February 20 something letter in response saying

14    have at it?

15         MR. ATLAS:  I still feel in that situation

16    Your Honor that the statute was violated, that

17    Chapter 558 wasn't complied with.

18         Chapter 558 makes it perfectly clear, "They

19    may not file an action subject to this Chapter

20    without first complying with the undue

21    requirement".  I don't believe that

22    contemporaneously sending a notice --

23         THE COURT:  I agree with you.

24         MR. ATLAS:  Now that -- once that happens

25    --

Harrell v. South Kendall                    7/1/2009

51

| 1 | THE COURT:  Assume the lawsuit wasn't |
| 2 | filed? |
| 3 | MR. ATLAS:  But it was. |
| 4 | THE COURT:  Okay.  It was.  But it was the |
| 5 | demand that was filed that you do not-- I mean, |
| 6 | if a 558 notice was provided, and there was an |
| 7 | opportunity for inspection and curing, and |
| 8 | you're client didn't do it, and nothing has |
| 9 | transpired in this lawsuit, please tell me what |
| 10 | the harm is and why I should give you another 60 |
| 11 | to 90 days when you didn't do what you could |
| 12 | have done when you had the opportunity and got |
| 13 | the notice initially. |
| 14 | MR. ATLAS:  My answer to your question |
| 15 | would be that there would be no obligation on |
| 16 | the part of the supplier to do so, where the |
| 17 | Plaintiff/claimant did not comply with the |
| 18 | statute. |
| 19 | For Mr. Diaz and other Plaintiff's counsel to |
| 20 | suggest, well you could have made a phone call or |
| 21 | you could have done a variety of different things, |
| 22 | I think makes the question -- |
| 23 | THE COURT:  But the client made a demand |
| 24 | and said yeah, we want to inspect and they |
| 25 | responded and said sure.  Then you don't do it. |

1           MR. ATLAS:  That's an issue I really can't
2       answer.  I don't understand that issue because
3       I'm not familiar with that.
4           THE COURT:  All right, let's hear from Mr.
5       Fallon.
6           MR. FALLON:  I'm going to assume that a
7       letter was received.
8           THE COURT:  And you don't remember writing
9       one back?
10          MR. FALLON:  There was a lot of letter
11      writing between a lot of people.  I don't recall
12      this particular letter.  But trust me, there was
13      quite a bit of correspondence.
14          I think the problem with the inspection was
15      that at the time the State acknowledge about
16      Chinese drywall was at it's very beginning stages.
17      There was no protocol to determine what would be a
18      valid test whether or not this problem existed.
19          I think even today there is no body of expert
20      testimony that can determine whether the house
21      contains Chinese drywall or whether or not --
22          THE COURT:  If the wiring corrodes, and
23      all the copper corrodes and the air conditioning
24      unit corrodes, that's pretty good indication of
25      Chinese drywall or a problem there.

Harrell v. South Kendall                          7/1/2009

1          MR. FALLON: I'm just saying that I don't

2     think at the time there was an agreement. Even

3     today I don't think there is a scientific "test"

4     that can be done. I think it's the testimony of

5     experts and they say it's Chinese drywall.

6     There are a whole bunch of experts going back to

7     February.

8          I don't think that the Harrells and I agreed

9     that this was going to be the determination of

10    whether or not Chinese drywall exists. I don't

11    think that's what happened.

12         THE COURT: All right. Tell me about why

13    your client thinks they are entitled to

14    protection under 558 when there is nothing in

15    the statute that protects the realtor. I mean,

16    I don't know why you would have a liability

17    claim.

18         MR. FALLON: That's a whole separate issue

19    for summary judgment.

20         I suppose the reason that we would be

21    entitled to 558 protection is that the problem is

22    resolved with the builder and the buyer, then

23    obviously the realtor is let off the hook so to

24    speak.

25         So that's really the essence. I don't think

54

1 that the realtor has any liability.  They are just

2 the listing agent.  They had no knowledge that

3 Chinese drywall was in this house, whether

4 Japanese light fixtures were used.

5  In the absence of that allegation I don't

6 feel there is any negligence on them.  They are

7 assuming no contractural liability and as I read

8 the Complaint I think it's a breach of contract to

9 essentially persue a case against Keyes Gate

10 Realty.  They're not a party to the contract.

11  THE COURT:  I mean, your Motion to Dismiss

12 is 558.

13  MR. FALLON:  558.

14  THE COURT:  You're not entitled to that

15 protection.

16  Whether or not you get out on summary

17 judgment, we're not here on that.

18  MR. FALLON:  We're not.  I didn't raise

19 that.

20  THE COURT:  Anything else?

21  MR. DIAZ:  Judge, I want to make a few

22 closing observations.

23  First of all, this entire --

24  THE COURT:  As to Keyes Gate?

25  MR. DIAZ:  As to Keyes Gate because they

```
1     made the same argument.
2          THE COURT:  What argument goes to Keyes
3     Gate?
4          MR. DIAZ:  We're making an assumption here
5     that 558 applies.  And I stand by our threshold
6     argument --
7          THE COURT:  Assuming it does.  Please tell
8     me where it goes to realtors?
9          MR. DIAZ:  It doesn't.
10         THE COURT:  Thank you.
11         MR. DIAZ:  But more importantly Judge, I
12    maintain that 558 is not controlling in this
13    case because there has been a failure in the
14    contract to strictly comply with the
15    requirements of the statute and site the
16    specific Chapter.
17         I want to put that on the record.
18         THE COURT:  I think I heard it a few times.
19         MR. DIAZ:  Okay.
20         The other thing is, I want to thank Mr.
21    Fallon for his honesty.  Because what he told you
22    is the truth.
23         Again, we labor here seek only the truth.
24         He told you that at the time that we offered
25    them, all of them the inspection, the reason they
```

Harrell v. South Kendall                    7/1/2009

1    chose not to inspect it was that there was no

2    agreed testing protocol.

3         And he told you as an officer of the Court,

4    again I think it's a great deal of honesty, that

5    he and his clients do not believe -- or he, at the

6    time he was representing the registered agent and

7    acting on behalf of all defendants, but that he -

8    or SACC and Keyes Gate and Palm Isles Holding,

9    even today don't know if there is a testing

10   protocol.

11        So, Judge, when a lawyer gets up like that, I

12   appreciate Mr. Fallon and I appreciate his also

13   acknowledging that what happened, happened.

14   Because that's what really happened.

15        They got the notice, we complied, they

16   responded, they demanded inspection.  They were

17   hoping we would be the kind of Plaintiff's lawyers

18   that would say, no, we won't let you come see the

19   house.

20        Instead we said, come see it the week of

21   March 2009 and then they decided not to.

22        Then they come, not withstanding the fact

23   that we don't believe that that statute is

24   applicable, we did everything we could to cover

25   all the bases.

1        They then come before Your Honor and say,

2   gotcha.  Let's try to have another 90 days to try

3   to delay this case, or let's try to have an

4   evidentiary hearing in order to further keep the

5   Harrell's in the home that they believe is toxic

6   to them and to their children.

7        So Judge, I think you have heard enough

8   argument and I appreciate the time that you have

9   given us and I hope that you will rule soon.

10       MR. ATLAS:  Your Honor, if I may just two

11  sentences and that is, and I know why I probably

12  said it, but in the interest of caution, that

13  Banner being the supplier is not party to a

14  contract.  There is no privy issue there.

15       Secondly, there is an issue that I don't have

16  an answer to, but I raised it for the Court's

17  consideration as to the extent that Mr. Diaz is

18  representing the class as to whether or not the

19  notice ever applied -- or that the alleged notice

20  had to come on behalf of all members of the class

21  --

22       THE COURT:  We're not in a class

23  certification point, so I would assume that

24  that's going to be an issue that would be

25  necessary to be shown in accordance with

Harrell v. South Kendall                    7/1/2009

58

1       certified letters.

2              MR. ATLAS:  Then the question is, when

3       would those notices have had to been sent.

4              So I'm just concerned about the notice.

5              THE COURT:  That's something else.

6              I believe I scheduled in the case management

7       order when the class certification hearing will

8       be.  I will assume that compliance has to be

9       consistent.

10             It would be a good idea in being consistent

11      with the statute, even though there are some

12      issues as to whether or not the statute complies

13      with failure to have the language that's required.

14             MR. ATLAS:  On that point, Banner is

15      different because we're not party to the

16      contract.

17             THE COURT:  That's correct.

18             MR. ATLAS:  Sorry, that may have been the

19      third time and I apologize.

20             MR. DIAZ:  Judge, they are not different.

21      In terms -- anyone that wishes to avail

22      themselves the protection of the statute must

23      indicate that there was a notice in the contract

24      that specifically sited to the chapter.

25             So that provision is not only enforceable to

Harrell v. South Kendall                    7/1/2009

59

```
 1          --
 2              THE COURT:  Mr. Diaz.  I am going to deny
 3      the Motion to Abate.  I will reserve with
 4      respect to any claims or damages that may have
 5      accrued as a consequence of the simultaneous
 6      giving of the notice on the file.
 7              But it appears clear that there was a notice
 8      given in February and it appears that there was
 9      notice under the statute and that time period has
10      lapsed.
11              There was recognition of that opportunity to
12      inspect.  Of course you can still go ahead and
13      inspect.
14              Certainly as to Banner there is no issue as
15      to mediation or arbitration.
16              With respect to Keyes, they are not entitled
17      any protections under 558.  So with respect to
18      their Motion to Abate that's denied as well.
19              With regard to Kendall again, and the holding
20      company the Motion to Abate is denied.  But I am
21      going to look at the mediation and arbitration and
22      see what I think about that.
23              However, with respect to Plaintiff going
24      forward and the Defendant complying with my case
25      management order, it will be without any prejudice
```

Harrell v. South Kendall                    7/1/2009

1    to any allegations of waiver of entitlement to

2    either mediation or arbitration until you receive

3    my order and this case is to move forward.

4         MR. SCHWARTZ:  Thank you Your Honor.

5         THE COURT:  Mr. Diaz, you will draft the

6    order?

7         MR. DIAZ:  Yes I will Your Honor.

8         MR. ATLAS:  We have another motion.

9         THE COURT:  Okay.

10        MR. ATLAS:  Considering that we are way

11   beyond the parameters with Mr. Diaz, I will try

12   to be very brief.  That motion as you will

13   recall is very simply the Motion for Enlargement

14   of Time to obtain limited discovery as to the

15   amount of dollars in dispute .

16        On that connection we asked Plaintiffs

17   counsel for the information --

18        THE COURT:  Amount at issue?

19        MR. ATLAS:  Yes.

20        THE COURT:  How much do you need?

21        MR. ATLAS:  We believe that when we asked

22   them for the information they would give it to

23   us and enter into a stipulation that at least

24   when that occurred we could then deal with the

25   issue of (inaudible).  We did not hear back from

Harrell v. South Kendall                    7/1/2009

61

1        Mr. Diaz.

2            The limited discovery that we ask for is

3        very, very palatable to address that issue and

4        they have objected to that discovery.

5            We think that we are clearly entitled, under

6        the authority that we sited in our motion, to get

7        that information so that we can make that

8        determination.

9            I think that's appropriate information to ask

10       for and we think that we should be entitled to

11       that.

12           THE COURT:  Well you certainly-- is this a

13       motion to abate as well?

14           MR. ATLAS:  It's an ore tenus motion to

15       compel at this point, yes.  We did address that

16       when we were with you before.

17           THE COURT:  I have a motion to abate, but

18       if you propounded the appropriate discovery, is

19       it due yet?

20           MR. ATLAS:  It was due and objected to.

21           THE COURT:  Okay.  So in essence you're

22       seeking to compel?

23           MR. ATLAS:  Yes, we are.

24           MR. DIAZ:  Judge, I'll respond to both the

25       motion they did file and the motion they did not

Harrell v. South Kendall                 7/1/2009

1      file.  But I'll let counsel correct something on

2      the record first.

3            Or I'll correct it for him.

4            They say that they offered to stipulate with

5      me that at such time that it was determined that

6      there was $5,000,000.00 in excess of damages that

7      they could then file their Motion for Removal and

8      that I did not respond.  I think Mr. Backman will

9      back me up and tell you that I did respond.  So

10     that was a mistake.

11           THE COURT:  Okay.  So how did you respond?

12           MR. DIAZ:  I responded by saying in

13     reference to the position that we took in our

14     response, which is that it is irrelevant for

15     purposes of this lawsuit, whether or not --

16           THE COURT:  To say that the client will

17     stipulate that it's $5,000,000.00--

18           MR. DIAZ:  I can't stipulate, because I

19     don't know.

20           THE COURT:  Okay.

21           MR. DIAZ:  And we did not just object to

22     the discovery, I read it to you the last time

23     that we were arguing the motion.  We filed a

24     response to discovery.  We objected as saying it

25     was inappropriate but we said we would make

1    reasonable inquiry which is our right under the

2    Rules that govern Requests for Admissions.

3         And that we, Jason and Melissa Harrell do not

4    have sufficient information.  Today in this

5    courtroom I learned for the first time that there

6    are 92 homes.

7         I don't know exactly how many of those homes

8    contain Chinese drywall.  I don't know what the

9    purchase price contracts were.

10        The last time we were before you Your Honor,

11   you allowed us to get expedited discovery in order

12   to make those class allegations possible.

13        Those will be -- we have been working on

14   them.  Those will be propounded certainly by

15   tomorrow and then once we get the information that

16   will be established in the record.

17        But more importantly Judge, that statute -

18   this is really an attempt to circumvent our right

19   to control the Complaint.

20        The motion that was filed, that's my response

21   to --

22        THE COURT:  I'm not going to grant a motion

23   to abate.

24        MR. DIAZ:  They filed a Motion for

25   Enlargement of Time to File and Answer or a

Harrell v. South Kendall                     7/1/2009

1    Responsive Pleading to the Amended Complaint.

2        What they argued was their Motion to Dismiss

3    or Abate based on the original Complaint.  When I

4    filed the Amended Complaint counsel called me and

5    said, can we just assume we will file the exact

6    same Motion to Abate to your new Amended

7    Complaint?  I said, sure.  We'll just travel under

8    your old memorandum, we don't need to clutter the

9    file with more paper.

10       Even though it's contradictory with that

11   agreement, they then went agreed and filed a

12   Motion for Enlargement of Time to file a

13   responsive pleading to the Amended Complaint which

14   you need to dispose of.

15       That Motion for Enlargement of Time asks for

16   more time until they discover that it's

17   $5,000,000.00.  I made three basis responses.

18       One that it's irrelevant.  The premise of

19   their motion is --

20       THE COURT:  You can stop.  I'm going to

21   deny the motion.  When you get the discovery

22   you'll know whether it's $5,000,000.00 or not

23   and 30 days to remove runs from that time.  So

24   go ahead and file an answer.

25       MR. ATLAS:  Thank you Your Honor.

Harrell v. South Kendall                    7/1/2009

65

| | |
|---|---|
| 1 | THE COURT:  How much time to file answers? |
| 2 | MR. ATLAS:  20 days, Judge. |
| 3 | THE COURT:  Okay.  20 days. |
| 4 | MR. ATLAS:  To respond to the Complaint. |
| 5 | MR. DIAZ:  To respond or file an answer |
| 6 | Judge? |
| 7 | THE COURT:  Well they filed a motion to -- |
| 8 | MR. DIAZ:  I thought we heard the Motion to |
| 9 | Dismiss today. |
| 10 | MR. ATLAS:  As we indicated, although you |
| 11 | weren't listening apparently, we never filed a |
| 12 | Motion to Dismiss.  We filed a Motion to Abate. |
| 13 | We have every intention of filing a Motion to |
| 14 | Dismiss addressing the amended complaint. |
| 15 | MR. DIAZ:  Then Your Honor, I would ask |
| 16 | that it be shortened to 10 days. |
| 17 | MR. ATLAS:  You can shorten it to 5.  We |
| 18 | are ready to file the Motion to Dismiss. |
| 19 | MR. FALLON:  I think there is a TV show |
| 20 | that addresses these issues. |
| 21 | THE COURT:  I can name that tune. |
| 22 | How long do you need to file your answer? |
| 23 | MR. ATLAS:  20 days is fine Judge. |
| 24 | THE COURT:  20 days for -- 10 days to file |
| 25 | your response. |

Harrell v. South Kendall                    7/1/2009

66

1          MR. SCHWARTZ:  And will that ruling as to

2     South Kendall also apply to Palm Isle Holdings?

3          THE COURT:  Yes.

4

5          (Thereupon, the above proceedings were

6          concluded.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Harrell v. South Kendall                    7/1/2009

67

1                        - - - - -

2                C E R T I F I C A T E

3    STATE OF FLORIDA   )
                        )    ss:
4    COUNTY OF BROWARD  )

5

6          I, PAUL ANTHONY LISANTI, do hereby certify

7    that the case of JASON HARRELL and MELISSA HARRELL

8    v. SOUTH KENDALL CONSTRUCTION CORP., pending in

9    the Circuit Court of the Eleventh Judicial Circuit

10   in and for Dade County Florida, no. 09-08401 was

11   heard before The Honorable Gill S. Freeman; that I

12   was authorized to and did report in shorthand the

13   proceedings and that the foregoing pages, numbered

14   from 1 to 66 inclusive, constitute a true and

15   correct transcription of my shorthand report of

16   the hearing on said case.

17         IN WITNESS WHEREOF, I have hereunto affixed

18   my hand this _____ day of July, 2009.

19

20   _____

21   PAUL ANTHONY LISANTI

22

23

24

25

**W
O
R
D**

**I
N
D
E
X**

Harrell v. South Kendall                    7/1/2009

**A**

abate 3:7 15:4
  15:20 16:10
  19:6 23:10
  27:18 36:5,17
  37:9 38:16
  39:9 42:14,24
  44:4,8 46:3,15
  49:25 59:3,18
  59:20 61:13,17
  63:23 64:3,6
  65:12
abated 27:23
  37:14,16 40:9
abatement 12:24
able 38:18 42:6
  46:10
above-entitled
  1:18
absence 40:17
  54:5
absolutely 39:19
abundance 26:5
  29:3
abuses 30:18
accrued 59:5
acknowledge
  35:19 52:15
acknowledging
  56:13
acting 56:7
action 12:15
  13:2 15:4 25:8
  26:8 36:11,17
  37:8,13 40:9
  50:19
actions 23:7
add 3:13
added 5:15
addition 44:12
additional 22:15
  42:7
address 15:23
  18:21 42:15
  61:3,15

addresses 65:20
addressing
  65:14
adequately 8:11
adhering 41:17
**Admissions** 63:2
adopted 10:23
**Adorno** 2:6 3:11
advance 45:8
advantage 30:20
  34:18
affirmative 48:1
affixed 67:17
afternoon 16:4
agent 28:21,25
  38:24 44:23
  54:2 56:6
agents 43:10
ago 10:7
agree 46:22
  50:23
agreed 53:8 56:2
  64:11
agreement 32:5
  35:7,10 53:2
  64:11
**Agronomics**
  21:18
ahead 59:12
  64:24
air 25:5 52:23
al 1:8 3:6
allegation 7:22
  7:23 8:2 14:5
  17:20 39:19
  54:5
allegations
  16:12,15 42:23
  46:1 60:1
  63:12
allege 39:16
  42:21 44:3
alleged 16:22
  37:24 43:19
  44:3,12 57:19
alleges 7:19

allowed 7:6
  27:12 63:11
alternate 9:12
  9:24 10:23
**Alternative** 3:7
ambiguities
  35:22
ambiguity 21:5
  31:3 33:17,18
  33:24
ambiguous
  11:22 21:13,22
  22:4,15 28:3,3
  31:22
amended 4:22
  5:14,20,22 8:2
  10:3 16:24
  25:14 30:7,13
  31:9,10 39:17
  64:1,4,6,13
  65:14
**American** 21:17
amount 60:15
  60:18
announce 12:6
answer 48:23
  51:14 52:2
  57:16 63:25
  64:24 65:5,22
answers 65:1
**ANTHONY**
  67:6,21
apologize 58:19
apparently
  65:11
appearance 3:20
appearances 2:2
  3:10
**Appearing** 2:5,8
  2:11,14
appears 59:7,8
applicable 29:10
  56:24
applied 21:20
  57:19
applies 55:5

apply 66:2
appointed 23:23
appreciate 56:12
  56:12 57:8
appreciated
  17:1
approach 4:17
appropriate
  15:18 20:11
  61:9,18
**April** 40:24
arbitration 7:16
  11:8,19,22
  12:1,12,13,14
  12:17,21,22
  13:14,17,19
  14:4,20,23
  15:6 18:20
  26:4,10,15,20
  26:22,24 27:25
  28:5,8 33:6
  59:15,21 60:2
argue 29:9
argued 64:2
arguing 62:23
argument 4:21
  5:18 9:4 13:17
  13:18 15:19
  16:10 17:3
  18:4 19:5,8
  20:9,20 21:3
  26:2 27:25
  33:12,14 42:19
  45:22 55:1,2,6
  57:8
arguments
  44:20 47:14
arising 20:18
  32:3
**Arthur** 28:24
articles 40:17
aside 11:10
  36:22
asked 11:2 27:9
  27:17 29:5
  42:22 46:13,14

60:16,21
asking 34:3
  35:24
asks 64:15
asserted 20:23
assertion 45:15
  45:22 48:1
assertions 42:18
  44:18
assume 16:8
  42:25 47:12
  51:1 52:6
  57:23 58:8
  64:5
assuming 36:22
  37:3,22 54:7
  55:7
assumption 55:4
**Atlas** 2:7 3:9,11
  3:11 15:17,22
  16:3 36:2,20
  37:6,13,18,22
  38:13,20,25
  40:15,21 41:1
  41:15,21,25
  49:22 50:5,15
  50:24 51:3,14
  52:1 57:10
  58:2,14,18
  60:8,10,19,21
  61:14,20,23
  64:25 65:2,4
  65:10,17,23
attach 9:17 14:8
  14:9,21 17:16
  23:25 28:15,16
attached 4:22,23
  7:24 10:8,10
  17:13,14,17
  26:1
attaching 24:7
attempt 19:4
  63:18
attempted 34:25
attention 40:4
attorney 7:7

Harrell v. South Kendall                    7/1/2009

**attorney's** 41:9
  42:4
**August** 4:13
**authored** 27:15
**authority** 40:18
  61:6
**authorized**
  67:12
**avail** 58:21
**available** 38:15
**avoid** 5:25 40:2
**aware** 25:18
  35:17 36:7
  39:12

**B**
**B** 29:23
**back** 41:4 44:25
  46:19 52:9
  53:6 60:25
  62:9
**backed** 43:6
**Backman** 62:8
**bad** 5:24
**balance** 33:9
**Banner** 2:8 3:12
  15:18 19:7
  25:15,16 28:24
  36:1,5,6 39:4
  39:12,14 40:9
  40:10 45:17
  48:13 57:13
  58:14 59:14
**bare** 12:21
**based** 12:3 38:14
  40:8 45:20
  64:3
**bases** 56:25
**basing** 47:13,18
**basis** 38:15
  64:17
**bath** 7:4
**bathroom** 25:3
**bedroom** 7:4
**beginning** 52:16
**behalf** 2:5,8,11

2:14 3:12 4:1
  4:24 6:5,6 13:3
  13:7 15:18
  44:25 48:13
  56:7 57:20
**believe** 15:17
  31:13 40:8
  49:3,3 50:21
  56:5,23 57:5
  58:6 60:21
**belong** 13:4
**belongs** 28:8
**benefits** 39:14
**beyond** 37:11
  44:5 60:11
**binding** 26:21
  26:23 35:14
**bit** 52:13
**Blumstein** 16:5
  16:6 38:3,7,10
  43:13 48:9,20
**Blvd** 2:6
**body** 28:7 31:2
  52:19
**bottom** 26:12
**bought** 6:25
**bound** 34:11,14
**breach** 12:16
  54:8
**brief** 6:16 13:23
  60:12
**briefly** 5:1 6:9
  49:22
**bring** 27:7
**bringing** 20:13
**broker** 5:10
**BROWARD**
  67:4
**Brummer** 22:1
**build** 6:13
**builder** 4:24 5:8
  6:6 7:7,9 10:22
  13:20 16:18
  26:6 28:9
  53:22
**builders** 30:19

**building** 19:25
**built** 6:7,13,17
  8:20 9:13,19
  14:16
**bunch** 53:6
**burden** 45:20
**buyer** 53:22
**buyers** 26:14
**buying** 26:14

**C**
**C** 67:2,2
**call** 33:4 49:20
  51:20
**called** 64:4
**Cancer** 3:15
**capital** 9:22
**caption** 5:22
**care** 28:24
**careful** 47:23
**carrier** 39:5
**case** 1:3 4:8 5:1
  6:5,23 11:17
  11:21 12:7,18
  12:20,20 13:5
  19:14 21:6
  22:22 24:4
  27:18,23 28:15
  29:10 32:25
  33:13,25 34:4
  34:8,24 35:15
  35:17,19 38:25
  41:20 45:14
  49:11 54:9
  55:13 57:3
  58:6 59:24
  60:3 67:7,16
**cases** 22:17 28:7
  34:20
**cause** 1:18
**causes** 12:14
  26:8
**caution** 29:3
  57:12
**Center** 3:15
**centilla** 49:4

**certain** 10:5
  11:25 26:7
**certainly** 15:4
  33:2 37:11
  39:8 43:25
  59:14 61:12
  63:14
**certification**
  6:24 57:23
  58:7
**certified** 23:20
  25:19 38:4,5
  58:1
**certify** 67:6
**chance** 38:9
**change** 30:6
**chapter** 9:9
  29:25 30:6,15
  31:11,17 36:6
  36:11,14 37:15
  39:18,21 50:17
  50:18,19 55:16
  58:24
**children** 57:6
**Chinese** 5:7 25:7
  25:13 36:7
  52:16,21,25
  53:5,10 54:3
  63:8
**chose** 21:24 56:1
**Circuit** 1:1,2,20
  67:9,9
**circumvent**
  63:18
**civil** 9:21 17:20
  26:8,17 28:18
  46:17 49:19
**claim** 10:25
  53:17
**claimant** 36:13
**claimant's** 45:10
**claimed** 13:1
**claims** 12:3,4,7,9
  20:3,14,22,22
  32:3,3 59:4
**clarify** 39:16

**class** 6:23 25:8
  57:18,20,22
  58:7 63:12
**clause** 11:19,22
  12:12,13,14,17
  12:21,22 13:14
  13:19 14:4,20
  14:24 15:7
  26:4,7,15,21
  27:25 31:18,24
  33:16 35:9
**clear** 11:5,23
  14:11 16:16
  21:5 23:10
  29:3 32:9,11
  36:9 37:7
  40:16 50:18
  59:7
**clearly** 35:7,9
  39:13 40:6
  61:5
**client** 14:22
  44:14 48:3,5,5
  48:13 50:6
  51:8,23 53:13
  62:16
**clients** 43:8
  47:15,20 56:5
**client's** 45:5
**cloakroom** 47:3
**clock** 11:14
  12:25 14:16
**close** 33:4 35:2,3
  49:14
**closing** 54:22
**clutter** 64:8
**coastered** 41:23
**Cohen** 22:1
**colleagues** 13:16
**come** 13:2 24:22
  40:22 43:1
  46:21,23 47:9
  56:18,20,22
  57:1,20
**comes** 32:23
**comfort** 11:24

Harrell v. South Kendall　　　　　7/1/2009

coming 41:4
comment 25:2
common 18:3
communicatio...
　39:3
community 17:2
　27:12
company 5:10
　6:6,7 23:23
　28:24 48:13
　59:20
compel 61:15,22
complaining
　5:24
complaint 4:23
　5:14,20,22
　7:19 8:2 10:3,3
　10:9,11,15,17
　14:10,21 16:12
　16:15,24 17:6
　17:13,16,19,21
　18:14 25:14,24
　34:17 36:10
　37:1 39:17,17
　39:20,22,24
　40:5 42:11,21
　42:23 43:15,19
　44:6,13 46:1
　54:8 63:19
　64:1,3,4,7,13
　65:4,14
complaints 7:9
complete 39:6
compliance
　29:11 30:10,20
　36:18 38:17
　44:9 48:2 58:8
Compliant 5:21
　17:5,15
complied 12:17
　18:14 19:5
　29:1,2,8 39:18
　42:22 43:20
　44:19,19 45:24
　50:17 56:15
complies 58:12

comply 18:10,15
　29:6 37:14,18
　39:11,22 42:20
　42:25 43:8,19
　45:22 51:17
　55:14
complying 50:20
　59:24
concedes 24:4
concept 13:10
concerned 40:10
　58:4
concluded 66:6
conclusion
　22:17
condition 8:9
　10:11 11:13
　14:15 20:13
　24:2 26:1
conditioning
　25:5 52:23
conditions 8:7
　9:20 17:22
　24:15
conducted 45:11
conflicting
　22:13 23:2
　32:21
conjunction
　45:12
connection
　60:16
consequence
　59:5
consideration
　57:17
Considering
　60:10
consistent 33:21
　58:9,10
constitute 67:14
construction 1:7
　2:11 3:6,22
　21:10,21 40:2
　67:8
construed 21:8

21:23 22:5
　30:5
consumer 19:1,2
　19:18 30:16,23
consumers
　34:19
contain 63:8
contains 52:21
contemporane...
　36:25 50:22
contends 13:25
contract 4:20
　8:4,16,25 9:1,3
　9:14,16,21,25
　10:13,21 11:1
　11:4,12,20
　12:23 13:6,10
　13:20 14:14
　15:9,10,12,15
　17:17,17,23
　18:6,11 19:10
　19:12,17,20
　20:7,10,16,22
　20:24 21:1,6
　21:10,22,24
　22:4,5,14,14
　22:16,18,21,23
　23:3,7,8 24:1,7
　24:17 25:11
　26:4,6 28:2
　29:5 31:4,6,7
　31:21,23 32:2
　32:3,15 33:3
　33:17,19,21,24
　35:5,11 49:9
　54:8,10 55:14
　57:14 58:16,23
contracts 32:24
　35:21,22 63:9
contractual
　40:10
contractural
　54:7
contradiction
　35:12
contradictory

31:21 32:4,12
　33:22 34:22
　35:11 64:10
contradicts
　10:17
contrary 49:23
contributions
　3:14
control 63:19
controlling
　21:17 55:12
controls 24:4
cooling 25:5
copies 28:20
　38:1 46:5
　48:20
copper 52:23
copy 4:14,20
　29:19 38:11
　43:2,4
core 4:20
corners 17:4
　18:14 42:11,12
　43:15 44:1,5
CORP 1:7 67:8
Corporation
　21:18
correct 4:14
　31:5 48:4
　58:17 62:1,3
　67:15
correctly 16:23
　29:22
correspondence
　52:13
corrodes 52:22
　52:23,24
counsel 10:6
　12:5 13:21,23
　16:10 19:9
　20:20 23:20,25
　24:3 25:14,21
　27:6,13,25
　28:14 42:18
　44:21 47:24
　49:2 51:19

60:17 62:1
　64:4
counsel's 16:25
country 33:1
County 1:2,12
　67:4,10
course 59:12
court 1:1 3:5,10
　3:14,16,19,23
　4:4,16,18,19
　5:3,13,16,23
　5:25 7:13,17
　7:19 8:10,14
　8:18,23 9:5
　10:6,16 12:2,4
　12:10 13:4,12
　13:13 14:5,12
　15:2,3,6,14,16
　15:21 16:1
　17:11 18:19
　19:16 20:3,8
　20:17 22:7,8
　22:12 23:12,18
　24:11,24 26:11
　27:2 28:5,7,12
　29:13,16,21
　30:1 32:2,7,14
　32:19 33:2,6
　35:1 36:1,17
　36:19 37:2,9
　37:16,19,25
　38:5,8,12,18
　38:23 40:12,19
　40:22,22 41:6
　41:19,22 42:2
　42:13,17 43:2
　43:4,9,10,16
　43:22 44:17
　45:16 46:4,24
　47:4,12,21
　48:16,22 49:21
　50:2,3,10,23
　51:1,4,23 52:4
　52:8,22 53:12
　54:11,14,20,24
　55:2,7,10,18

Harrell v. South Kendall                    7/1/2009

56:3 57:22
58:5,17 59:2
60:5,9,18,20
61:12,17,21
62:11,16,20
63:22 64:20
65:1,3,7,21,24
66:3 67:9
**Courthouse** 1:12
**courtroom**
14:16 24:3
47:9 63:5
**courts** 34:19
**Court's** 57:16
**cover** 56:24
**covered** 36:16
**covers** 20:15
**co-counsel** 16:5
27:16 46:6
**creates** 14:3
**critically** 36:3
**cure** 7:10 8:6
9:20 11:5,11
14:17
**curing** 51:7

——————
**D**
**Dade** 1:2,12
67:10
**damage** 12:9
**damages** 13:1
59:4 62:6
**date** 4:13
**dated** 13:24
25:19
**dates** 10:5 17:25
**day** 11:14 14:17
14:17 17:10
18:7 39:23
40:6,21 45:14
46:9 67:18
**days** 37:3,3
40:23 41:14,14
51:11 57:2
64:23 65:2,3
65:16,23,24,24

**deadline** 4:10,12
**deal** 56:4 60:24
**dealing** 5:6 6:12
22:12
**deals** 26:7
**decide** 31:21
32:3 41:12
**decided** 56:21
**decision** 21:17
22:2,11 30:17
31:13,14
**decisions** 22:8
**deeply** 47:8
**defect** 19:25
25:7,13 40:2
**defective** 18:23
**defects** 9:19
16:19
**Defendant** 17:7
59:24
**defendants** 1:9
16:22 56:7
**defendant's**
13:16
**defense** 13:3,11
**defer** 15:24
**defined** 36:11
**defines** 8:24
**delay** 45:13 57:3
**deleted** 5:16
**demand** 50:12
51:5,23
**demanded** 56:16
**demonstrated**
8:3
**denied** 23:11
27:5 48:6
59:18,20
**deny** 18:5,6 59:2
64:21
**denying** 44:9
**destructive**
45:11 46:22
**detailed** 9:23
**determination**
53:9 61:8

**determine** 26:25
52:17,20
**determined** 62:5
**development**
6:10 7:5
**Diaz** 2:4 16:4,4
17:14 18:21
19:17 27:14
28:10,13 29:15
29:18,22 30:3
32:10 33:4,10
36:2,23 37:4
37:24 42:9,15
43:12,18 44:7
45:18 46:25
47:7,18,23
48:19,23 49:23
50:8 51:19
54:21,25 55:4
55:9,11,19
57:17 58:20
59:2 60:5,7,11
61:1,24 62:12
62:18,21 63:24
65:5,8,15
**different** 10:8
34:13,16 51:21
58:15,20
**digital** 38:11
43:4 46:4
**directed** 28:18
**disclaimer** 20:6
**disclosure** 45:9
**discover** 64:16
**discovery** 60:14
61:2,4,18
62:22,24 63:11
64:21
**Dismiss** 3:7 16:9
23:10 42:10,14
42:25 44:1,2
49:24 54:11
64:2 65:9,12
65:14,18
**dismissal** 12:20
**dispose** 64:14

**disposes** 19:6
**disproving** 47:2
**dispute** 9:25
10:24 19:23,24
20:13 23:6
32:1,20 60:15
**disputes** 11:25
20:16,18
**District** 22:1,7
22:11
**document** 13:21
14:9 17:15,18
**documents** 7:24
13:22
**doing** 47:1 49:9
**dollars** 60:15
**doubt** 22:17
**doubtful** 21:22
22:4
**Douglas** 2:7
**dove** 12:22
**draft** 35:13 60:5
**drafted** 21:8,9
21:10 22:23
33:20,23 34:6
35:23
**drafter** 33:20
**drafting** 22:6
**drafts** 33:3
**drawing** 22:21
**drew** 21:23
**drop** 28:1
**dropped** 5:24
**drywall** 5:7,9,12
6:18 7:1 25:7
25:13 36:8
52:16,21,25
53:5,10 54:3
63:8
**due** 4:1 31:13
35:2 49:2
61:19,20

——————
**E**
**E** 67:2,2
**earlier** 44:13

**early** 42:9
**East** 2:6
**effort** 5:25 18:10
**eighteen** 23:13
23:15
**either** 10:12
25:10 60:2
**Eleventh** 67:9
**emails** 44:13
**enforce** 13:13
15:6 18:7
19:19 27:24
30:25 31:4
32:14 34:21
35:15
**enforceable**
58:25
**enforced** 15:13
30:4
**Enlargement**
60:13 63:25
64:12,15
**enter** 60:23
**enters** 40:23
**entire** 39:4
54:23
**entirely** 34:15
**entities** 13:9
**entitled** 12:19,24
24:22 40:14
41:9,13 42:3,7
53:13,21 54:14
59:16 61:5,10
**entitlement** 60:1
**entity** 6:2 21:9
**Equally** 11:7
**equities** 44:20
**Esquire** 2:4,7,10
2:14 28:22
**essence** 41:2
53:25 61:21
**essentially** 54:9
**establish** 10:11
**established** 14:2
63:16
**estate** 6:7 10:21

Harrell v. South Kendall 7/1/2009

et 1:8 3:6
event 37:6 38:13
evidence 8:4
  10:18,19 24:14
  25:12 43:20,22
  44:9,14 45:23
  46:2 49:4
evidentiary
  24:12 27:24
  43:17,24 47:1
  57:4
exact 10:24
  12:14 64:5
exactly 30:16
  34:24 63:7
excess 62:6
exclusive 20:12
excuse 42:13
  46:9
exhibit 9:18
exhibits 10:10
  10:15 14:21
  15:1
existed 52:18
exists 53:10
expect 16:13
  46:24
expedited 63:11
expense 40:3
expert 52:19
experts 53:5,6
expired 18:8,15
  41:13
explained 26:15
explaining 26:9
explicit 49:9
explicitly 23:7
expressly 9:8
  18:24,25 19:2
  29:18,24 30:6
  30:14 31:11
extensively 32:8
extent 18:12
  20:25 39:10
  57:17
e-mail 16:18

24:25 25:4
e-mails 10:8
  13:23 25:2,21

_____

**F**

F 67:2
face 11:23 24:1
  39:24 40:6
fact 17:6,24 20:2
  20:15 29:9
  31:7 34:12,15
  44:18 50:1
  56:22
facts 48:24
factual 42:18
failed 42:20
failing 8:12
failure 36:6
  55:13 58:13
fair 49:15
faith 5:25 10:20
  26:19
Fallon 2:12,14
  3:25,25 28:22
  44:23 52:5,6
  52:10 53:1,18
  54:13,18 55:21
  56:12 65:19
false 7:23
familiar 52:3
far 40:9 42:12
  42:16
fault 43:7,8,11
favor 28:5 33:8
  33:11 35:5,12
  35:16,18
favorable 22:6
  22:20
Februaries
  41:24
February 6:25
  10:10 13:24
  16:16 17:7,9
  18:6 23:21,21
  25:19,22 28:21
  36:23 37:10,20

43:14 44:22,25
  46:19 48:8,10
  48:12 50:3,11
  50:13 53:7
  59:8
Federal 2:9 5:25
feel 37:13 50:15
  54:6
fees 40:3 41:9
  42:4
fiction 45:13
file 7:12 23:24
  39:4,24 45:19
  49:24 50:19
  59:6 61:25
  62:1,7 63:25
  64:5,9,12,24
  65:1,5,18,22
  65:24
filed 7:8 9:11
  16:21 17:7
  23:11 36:5
  37:20 39:9
  44:8 51:2,5
  62:23 63:20,24
  64:4,11 65:7
  65:11,12
filing 8:8 27:18
  36:25 37:8
  38:15 39:22
  40:5 46:14
  65:13
find 12:25 18:12
  21:6 37:5 46:8
fine 34:21,22,23
  47:13 65:23
firm 16:6
first 3:19 7:23
  13:21 21:16
  23:19 28:13
  33:10 35:8
  36:20 49:22
  50:20 54:23
  62:2 63:5
fix 27:1
fixtures 54:4

Flagler 1:12 2:3
flies 39:24 40:6
Florida 1:2,13
  2:4,7,10,13 6:2
  8:5,21 9:13
  12:3 17:16
  20:4 21:5 22:7
  28:18 29:12
  30:24 31:12
  34:9 46:16
  49:19 67:3,10
follow 36:6
  46:20
followed 24:9
following 3:1 9:7
  9:10
foot 7:3
foregoing 67:13
form 9:7
forward 49:11
  59:24 60:3
found 20:7
four 6:13 7:3
  17:4 18:13
  42:11,12 43:14
  44:1,5
Freeman 1:19
  67:11
frequently 21:20
front 19:15
  29:19 43:5
froward 42:6
Ft 2:7,10
full 22:12 26:9
fundamental
  21:20
further 13:3
  17:24 18:3
  21:25 39:16
  45:4,25 46:8
  48:7 57:4

_____

**G**

game 44:17
Gate 2:14 4:1
  13:8 15:5 19:7

54:9,24,25
  55:3 56:8
general 6:16 7:2
  21:21 25:2
  28:17 30:19
generally 33:7
  35:18
generated 27:8
generating 25:8
ghosts 47:2
Gill 1:19 67:11
give 8:11 19:18
  21:15 28:20
  51:10 60:22
given 14:2 45:25
  46:1 48:20
  57:9 59:8
gives 11:24
giving 24:9
  27:19 59:6
go 17:3 19:24
  26:23 32:13
  36:1 42:6,10
  44:1 45:17
  46:7 47:24
  59:12 64:24
goes 17:4 44:5
  45:16 55:2,8
going 4:2 14:17
  14:24 15:22
  16:14 18:13
  21:15 33:8
  34:11,13 42:15
  46:21,22 52:6
  53:6,9 57:24
  59:2,21,23
  63:22 64:20
good 10:20 16:4
  26:19 48:19
  52:24 58:10
gotcha 44:17
  57:2
gotten 39:3
  40:19 47:19
govern 63:2
governed 12:11

Harrell v. South Kendall                    7/1/2009

governs 8:20
  9:12 12:14
grant 45:3 63:22
great 56:4
Green 22:11

**H**
half 7:4 11:8
Hancock 22:1
hand 67:18
handing 4:19
handle 4:3
happened 7:1
  39:1 41:23
  53:11 56:13,13
  56:14
happening
  34:24 41:20
happens 8:10
  50:24
happy 28:20
  33:12
harm 51:10
Harrell 1:4,4 3:5
  16:7,7 36:13
  38:17 63:3
  67:7,7
Harrells 21:11
  53:8
Harrell's 6:22
  6:25 7:7 9:17
  11:3 16:17
  27:13 34:2,5
  34:10 35:13
  57:5
head 34:10
headnote 21:19
  22:2
hear 34:7 52:4
  60:25
heard 3:24
  23:20 41:3
  55:18 57:7
  65:8 67:11
hearing 1:19
  12:6 16:9

24:12 27:24
  43:17,24 47:1
  57:4 58:7
  67:16
heart 16:14 47:8
held 18:1
help 5:3
hereunto 67:17
Highway 2:9
history 49:6
hold 46:9
holding 6:6
  28:23 56:8
  59:19
Holdings 2:11
  3:22 66:2
home 6:14,25
  9:13,19 13:1
  16:19,20 19:25
  20:19 24:22
  26:5,14 48:15
  57:5
homeowner
  10:21
homeowners 7:5
  27:11
homes 5:8 6:7,12
  6:15,16,20 7:6
  8:20 27:12,21
  30:14 45:5,10
  46:17 63:6,7
Homestead 6:11
honed 16:13
honesty 55:21
  56:4
Honor 3:9,17,25
  4:9,14,17 11:6
  11:18 15:17
  16:4,13 19:21
  21:4,14 23:14
  25:1 28:10
  29:4,15 30:5
  31:14 35:2
  36:7 39:12
  40:15 43:21
  44:8,15,19

46:11 49:18
  50:16 57:1,10
  60:4,7 63:10
  64:25 65:15
Honorable 1:19
  67:11
hook 53:23
hope 57:9
hoping 56:17
HOROWITZ
  2:9
house 7:3,3 8:17
  11:3 14:23
  25:3 26:25
  27:4,10,17
  52:20 54:3
  56:19
housekeeping
  4:6
houses 24:21
hurdles 49:11

**I**
idea 58:10
identical 9:18
identity 4:2 10:1
ignore 11:11,19
  30:2 34:14
  42:22
ignored 34:12
implied 20:6
  32:17
important 11:7
  22:10 36:3
importantly
  31:2 55:11
  63:17
importer 5:11
impugn 47:16
  47:17
inability 13:5
inadvertent 4:7
inadvertently
  21:3
inappropriate
  62:25

inaudible 60:25
include 31:10
inclusive 67:14
inconsistencies
  21:7
inconsistent
  20:10 21:13
  26:2,3
incurred 42:4
incurring 40:3
indicate 58:23
indicated 36:2
  45:7 65:10
indication 52:24
indisputable
  22:22
information
  6:16 38:14
  47:14,19 60:17
  60:22 61:7,9
  63:4,15
informational
  17:1
initialed 26:11
  26:16 31:19
  32:9
initially 51:13
initiated 16:16
injury 12:7
inquiry 63:1
inspect 11:3
  14:19,23 24:21
  26:25 27:3,9
  27:12,17,22
  41:11 46:17
  51:24 56:1
  59:12,13
inspection 7:6
  8:6 9:24 12:25
  37:12,21 41:8
  45:4,12 46:12
  49:17 50:12
  51:7 52:14
  55:25 56:16
inspections 45:7
  48:15

installed 6:18
  7:2
instance 28:6
instances 29:1
instant 18:2
insurance 23:23
  39:5
intended 22:18
intent 36:4
  39:25,25 40:7
  40:16 41:4,18
  49:2 50:2
intention 65:13
interest 57:12
interested 4:25
interesting 10:2
  19:9
internally 26:2
interpret 31:20
  34:1,4,5 35:22
interpretation
  22:16 32:24
  33:18 35:21
interpreted
  22:20 33:19
inuendos 50:9
involved 27:1
involving 5:7
irrelevant 5:18
  6:1 62:14
  64:18
irrespective
  11:12
Isle 66:2
Isles 2:11 3:22
  6:11 15:5
  28:23 56:8
Isle's 13:8
issue 6:3 18:16
  22:10 26:18
  33:15 43:9
  44:2 52:1,2
  53:18 57:14,15
  57:24 59:14
  60:18,25 61:3
issues 4:2 6:24

Harrell v. South Kendall                    7/1/2009

15:23 40:2,4
58:12 65:20
**issuing** 34:20

———————

**J**
**Jan** 2:7 3:11
**January** 6:18
**Japanese** 54:4
**Jason** 1:4 16:6
63:3 67:7
**Judge** 1:20 4:5
16:8 17:15
19:15 22:25
23:9 28:13
29:2 30:3 31:2
31:19 32:23
33:20 43:12
45:13,18 46:25
47:7,11,23
49:13 54:21
55:11 56:11
57:7 58:20
61:24 63:17
65:2,6,23
**judgment** 53:19
54:17
**Judicial** 1:2 67:9
**July** 1:13 13:24
18:9 24:25
67:18
**June** 6:18
**jurisdiction**
13:13 20:4,17
32:19 34:7
**jury** 23:13 26:16
**justice** 49:16

———————
**K**
**keep** 8:4 41:4
57:4
**Kendall** 1:7 2:11
3:5,22 13:8
15:4 17:8 21:9
22:24 23:11
25:17 26:23
28:23 45:1,16

59:19 66:2
67:8
**Kendall's** 16:9
**Keyes** 2:14 4:1
13:8 15:5 19:7
54:9,24,25
55:2 56:8
59:16
**Kieran** 2:12,14
3:25 28:22
44:23
**kind** 34:18 46:18
56:17
**Knauff** 6:4
**know** 4:12,13,15
8:13 13:17
17:3 18:22,22
21:14,15 31:9
35:17 38:10
39:1,7,8 41:6
41:19 44:19
46:7,20,21
48:23 49:14
50:5,7 53:16
56:9 57:11
62:19 63:7,8
64:22
**knowledge**
36:21 54:2
**known** 34:11,13
**knows** 28:19
29:4 30:16

———————
**L**
**labor** 49:15
55:23
**lack** 48:1
**Landers** 28:24
**language** 8:25
9:3,14,19
19:19 21:21
22:4,19,19
23:5 29:5,25
30:11,12,19,23
32:4 34:14
35:4,11 36:10

48:14,25 49:5
49:9 58:13
**lapsed** 59:10
**Las** 2:6
**Lastly** 22:9
**late** 6:17
**Lauderdale** 2:7
2:10
**law** 16:6 20:3,8
21:5,15 22:3
28:16 30:7
31:3,20 32:2
32:14,19,25
33:7,13,17
34:1,9,20
35:15,19,20
42:9
**lawsuit** 8:8 9:17
9:21 16:16
27:9 37:20
40:20 46:11
51:1,9 62:15
**lawyer** 56:11
**lawyers** 43:1
47:9,13,22
56:17
**lead** 6:22
**learned** 17:2
63:5
**lease** 28:8
**leave** 11:10
**left** 3:18
**legal** 40:3
**legislative** 36:3
39:25,25 40:16
41:18 49:1,6
**legislature** 10:23
30:9,18 31:12
31:15
**letter** 3:13 14:22
17:9,12 18:10
27:15 28:14
40:20 43:3,4
43:13 44:22,24
44:24 45:4,4
45:18 46:5

48:10,12,15
50:4,11,13
52:7,10,12
**letters** 9:22 27:7
44:12 48:21
58:1
**let's** 11:10,11
36:1 40:19
46:22 52:4
57:2,3
**liability** 5:7 12:8
12:16 53:16
54:1,7
**light** 22:5,20
54:4
**limit** 23:6
**limited** 20:21
60:14 61:2
**line** 22:7 46:6
**LISANTI** 67:6
67:21
**listed** 5:22
**listening** 65:11
**listing** 5:10 54:2
**litigation** 20:23
26:8,17
**logic** 12:4
**long** 22:7 37:16
65:22
**look** 59:21
**looked** 27:22
**looking** 19:12
**looks** 23:12
**lot** 30:18 52:10
52:11

———————
**M**
**M** 2:4
**mail** 25:19 38:1
38:3
**maintain** 55:12
**making** 44:18
50:12 55:4
**management** 4:8
58:6 59:25
**mandated** 11:13

**mandatory**
36:17
**manufacturer**
5:11
**March** 17:8 18:4
40:24 45:8
56:21
**Mark** 16:5
**matter** 4:6 32:10
**McEnyre** 22:11
**mean** 8:15 42:17
51:5 53:15
54:11
**meaning** 22:18
**means** 30:15
**meat** 5:2
**mechanism** 9:25
10:24
**mediation** 4:10
4:13 7:11
10:20 11:1,8
12:22 13:5
14:24 18:20
19:8,13,19
20:1,11 26:19
31:18,24,25
32:22 33:11,15
35:6,6,9,15,16
35:18 45:3
59:15,21 60:2
**mediator** 20:18
**Melissa** 1:4 16:7
63:3 67:7
**members** 57:20
**memorandum**
10:7 64:8
**merits** 6:3 49:12
**mesh** 16:11
**met** 24:15
**Miami** 1:13 2:4
2:13 12:2
**Michael** 48:8
**mind** 8:4
**minimum** 12:21
**mischaracterize**
23:5

Harrell v. South Kendall                    7/1/2009

misconstrue
  21:3 21:8
misstate 23:4
mistake 62:10
moment 11:12
months 41:12
moot 18:16
motion 3:6,24
  5:2,4,23 6:5
  7:14 9:11
  15:20 16:2,8,9
  19:6 23:10
  27:18 33:13
  36:5 38:16
  39:9 41:3
  42:10,13,24,24
  43:25 44:2,4,7
  46:15 48:6,18
  49:24,25 54:11
  59:3,18,20
  60:8,12,13
  61:6,13,14,17
  61:25,25 62:7
  62:23 63:20,22
  63:24 64:2,6
  64:12,15,19,21
  65:7,8,12,12
  65:13,18
motions 4:23
  16:11 46:3
motivates 47:8
motivation
  47:22
move 49:11 60:3
moving 22:23
multiple 4:21

        N
name 65:21
narrowly 22:19
  30:5
near 9:2
necessarily
  29:13
necessary 57:25
necessity 40:3

need 14:22
  24:11 27:24
  37:25 38:20
  44:3 60:20
  64:8,14 65:22
negative 45:20
negatives 47:2
negligence 12:15
  54:6
never 11:1,2
  18:9 23:22
  25:12 45:6
  65:11
new 64:6
nineteen 23:14
  23:15
non 22:6
normal 41:24
normally 19:24
North 2:9
note 25:13
notice 1:20 7:8
  7:20 8:6,11 9:7
  9:19 10:4,5,9
  10:12,12,16,18
  11:2,5,10,13
  11:15 12:23
  14:2,6,8,17,18
  16:18 17:9,12
  17:19,25 18:5
  18:22 24:6,9
  24:24 25:6,9
  25:12,15,22
  26:24 28:17
  29:23 30:10
  36:21 37:19
  39:23 40:5,13
  42:5 45:5
  48:11 50:22
  51:6,13 56:15
  57:19,19 58:4
  58:23 59:6,7,9
noticed 50:11
notices 16:21
  23:21 24:19,19
  25:17 58:3

Notwithstandi...
  29:8
number 15:23
numbered 67:13

        O
object 62:21
objected 61:4,20
  62:24
obligated 39:11
obligation 51:15
observations
  54:22
obtain 60:14
obviously 5:6
  7:9 53:23
occurred 60:24
October 4:11
  30:14
odor 25:3
offered 55:24
  62:4
office 27:8
officer 43:3
  44:16 46:4
  56:3
officers 43:1
Okay 3:16,23
  4:4,16 12:10
  15:16 16:3
  19:17 36:1
  38:12 48:22
  49:21 51:4
  55:19 60:9
  61:21 62:11,20
  65:3
Olas 2:6
old 31:7 64:8
once 35:14 39:6
  41:4 42:1
  50:24 63:15
ones 21:12 33:23
opinion 21:20
  22:1
opportunity
  7:10 8:6 9:20

11:5,11 24:20
  26:25 27:19,20
  31:5 38:21
  41:7,11 51:7
  51:12 59:11
opposing 47:25
opposite 28:19
oral 33:14
order 4:8 23:16
  40:23 42:19
  57:4 58:7
  59:25 60:3,6
  63:11
ore 61:14
original 5:21
  37:1 39:20
  64:3
ORSECK 2:3
ot 27:21 42:13
  43:23
outline 5:1
outside 17:3,4
  18:13 42:11,12
  43:14 44:1
overkill 22:9
overview 5:1
owners 6:14

        P
P 2:12
PA 2:12 48:9
page 4:9 11:6
  21:19 22:2
  24:18,18
pages 11:8 26:9
  67:13
paint 25:4
palatable 61:3
Palm 2:11 3:22
  6:11 13:8 15:5
  28:23 56:8
  66:2
paper 64:9
paragraph 9:6,8
  10:4 11:4,7,16
  16:23 19:22,22

20:6 23:1,3,5
  24:3,16 25:14
  29:24 32:11,13
  32:16,16 34:4
  34:14,16,16
paragraphs
  20:15 26:16
  34:6
parameters
  43:25 60:11
part 51:16
particular 17:25
  19:14 28:6,7
  52:12
particularity
  25:9
parties 4:25
  13:12 15:11,15
  22:18 26:13
  35:7,10
party 21:23 22:6
  22:20,23,24
  35:13,23 47:25
  54:10 57:13
  58:15
PAUL 67:6,21
penalize 18:1
pending 41:3
  67:8
people 52:11
perfectly 50:18
perform 46:17
period 17:10
  18:8 37:11,21
  40:1,24 41:2
  41:10,10,13
  42:5,8 43:23
  59:9
permanent 47:5
person 21:8
  34:21
personal 12:7
persons 45:9
persue 54:9
Peterson 48:9,10
phone 49:20

Harrell v. South Kendall                    7/1/2009

51:20
pick 49:20
**Plaintiff** 11:24
  12:5 13:11
  15:24 16:6
  18:2 20:23
  40:11 59:23
**Plaintiffs** 1:5 2:5
  6:22 36:13
  39:16 41:16
  42:20 60:16
**Plaintiff's** 46:8
  51:19 56:17
**Plaintiff/claim...**
  51:17
playing 44:17
pleading 13:25
  14:18 17:19
  64:1,13
pleadings 5:19
  14:1,3 15:8
please 3:10 51:9
  55:7
**PODHURST**
  2:3
point 8:1,22
  9:16 15:19
  21:17 22:10
  30:23 35:8,10
  39:21 49:14
  57:23 58:14
  61:15
pointed 16:23
  18:23 29:22
points 19:9
policy 31:15
  33:8,11 35:5
  35:16,17
position 15:14
  38:13 41:15
  62:13
possible 11:24
  49:10 63:12
possibly 25:23
precaution 26:5
precedent 8:7,9

9:20 10:12
  11:14 14:15
  15:12 17:23
  20:13 24:2,15
  26:1
preceding 32:11
  32:16 34:6
prefer 3:17,19
prejudice 46:8
  59:25
premise 64:18
premises 42:17
  46:12
premiss 42:19
preparatory
  16:25
prepared 26:23
present 16:7
presented 11:17
  11:21 12:15
pretty 23:9
  41:24 52:24
previously 45:6
pre-suit 39:15
price 63:9
principals 22:15
print 34:21,22
  34:23
prior 7:8 14:2
  37:8 39:22
privity 13:10
  40:11
privy 57:14
probably 31:7,9
  57:11
problem 7:21
  25:5,13 52:14
  52:18,25 53:21
problems 16:19
procedural
  18:17 49:10
procedure 17:20
  19:13 28:18
  46:16,17 49:19
  49:19
proceed 3:8 45:7

46:10
proceeding
  19:22
proceedings 3:1
  66:5 67:13
process 9:23
produce 45:19
product 5:6 12:8
products 5:12
proof 10:16
proper 11:13
  26:24
properly 15:11
properties 5:9
property 12:8
proposed 45:10
propounded
  61:18 63:14
protection 53:14
  53:21 54:11
  58:22
protections
  59:17
protects 53:15
protocol 46:19
  46:23 52:17
  56:2,10
protocols 45:10
prove 25:22
  38:19
provide 40:1
provided 10:16
  10:19 16:18
  17:9,25 35:7,9
  51:6
provides 39:13
proving 45:20
provision 18:13
  19:3,18,20
  20:1,21 23:1
  26:6,10 31:24
  32:1,18,21
  35:4,6 49:1
  58:25
provisions 11:5
  12:23 15:9

20:10 21:7,13
  22:13 23:2
  33:22
purchase 20:19
  63:9
purchased 6:20
purely 49:24
purposes 5:17
  6:2,24 13:4
  15:3 42:23,24
  62:15
pursuant 1:20
  24:5
put 17:11 21:12
  26:6 31:25
  45:19 46:5
  55:17
putting 36:21

**Q**
question 33:2,5
  36:15 48:19
  51:14,22 58:2
questions 29:4
question2 7:17
quite 52:13
quote 15:11
quoted 8:16 9:14

**R**
R 67:2
raise 7:13 33:15
  48:17 54:18
raised 57:16
reach 35:14
reached 22:17
read 5:4,19 9:9
  16:13 22:15
  32:7 43:12
  46:4 54:7
  62:22
reading 33:25
  36:9 44:22
reads 25:1
ready 3:8 65:18
real 6:7 10:20

realize 4:21
really 15:22 52:1
  53:25 56:14
  63:18
realtor 53:15,23
  54:1
realtors 55:8
realty 2:14 4:1
  5:9 54:10
reason 53:20
  55:25
reasonable 63:1
reasons 23:9
rebut 33:12
recall 27:8 52:11
  60:13
receipt 48:12
receipts 38:2,6
receive 60:2
received 52:7
receiving 48:11
recognition
  59:11
record 3:20 8:3
  10:18,19 13:22
  24:14 29:17
  37:23 40:8
  43:20,22 44:9
  46:2 55:17
  62:2 63:16
refer 18:25 19:2
  20:1
reference 8:12
  19:12 49:4,6
  62:13
referred 24:8
refers 20:2,8
refused 7:7
  14:19 27:20
  45:3
regard 33:6
  59:19
regarding 32:22
  48:14
**Regardless** 6:4
registered 28:21

Harrell v. South Kendall                    7/1/2009

28:25 38:23
43:10 44:23
56:6
**regular** 38:3
**rejecting** 27:15
**relief** 40:13 42:3
**rely** 9:17 23:1
**relying** 14:7
49:8,8
**remarks** 16:25
**remember** 45:2
52:8
**removal** 5:25
62:7
**remove** 64:23
**Reply** 10:6
13:23
**report** 67:12,15
**represent** 43:5
48:8
**representations**
42:16
**representative**
37:4
**represented**
39:7
**representing**
3:14 56:6
57:18
**reputation** 46:5
**reputations**
47:13
**request** 10:20
27:3,16 41:8
**requested** 7:11
7:16
**Requests** 63:2
**require** 50:2
**required** 8:11
9:8 10:12 11:1
13:6 16:21
17:14 28:15,16
29:23 32:8
39:21 58:13
**requirement** 8:5
8:14,24 11:9

29:11 30:3,17
31:10 50:21
**requirements**
17:19 24:18
25:10 28:17
29:6 30:21
31:15 48:2
55:15
**requires** 10:21
31:16 43:18
**requiring** 9:23
9:24
**reserve** 59:3
**resolution** 10:24
19:23 20:12,16
23:6 32:1
**resolve** 13:5
20:18 32:19
35:12 40:1
**resolved** 20:3
34:19 53:22
**respect** 19:6,8
19:25 20:10
30:22 31:13,14
31:18 33:10
36:3 44:4,7
48:25 49:2,13
59:4,16,17,23
**respond** 23:17
28:11 38:21
50:8 61:24
62:8,9,11 65:4
65:5
**responded** 17:8
18:4,9 51:25
56:16 62:12
**responding**
44:24 48:9
**responds** 15:24
**response** 16:1,14
44:11 46:3
48:17 50:13
62:14,24 63:20
65:25
**responses** 64:17
**responsibilities**

47:5
**responsive** 64:1
64:13
**rest** 25:3
**retained** 29:9
**return** 38:6
**rewarded** 41:17
**rewarding** 41:19
**rewrite** 15:14
21:1,2
**right** 8:7 14:14
14:19 17:11
18:19 21:1
24:24 27:2
29:9,21 45:17
46:11 52:4
53:12 63:1,18
**rights** 19:3
32:15
**roller** 41:22
**room** 35:1
**Ross** 21:18
**Rothchilt** 6:4
**rule** 7:25 14:11
21:21 35:24
57:9
**Rules** 17:20
28:18 46:16
49:19 63:2
**ruling** 66:1
**run** 11:15 37:21
40:14
**runs** 64:23

_____
**S**
**S** 1:19 67:11
**SACC** 56:8
**satisfied** 17:23
48:7
**saw** 5:20 31:19
**saying** 25:6 42:2
43:23 50:13
53:1 62:12,24
**says** 4:11 8:18
8:19 9:5 10:3,9
11:16,24 14:14

20:23 21:20
22:3,14 23:8
23:25 24:1,5,7
25:15 26:21
29:16,23 32:13
33:18 35:17,21
45:4
**scheduled** 58:6
**school** 42:10
**Schwartz** 2:9,10
3:17,21,21 4:2
4:5,17,19 5:5
5:14,17 6:1
7:15,18,21
8:13,15,19 9:2
9:11 12:11
14:7,13 23:14
23:19 24:13
25:1 26:13
27:5 60:4 66:1
**scientific** 53:3
**second** 21:19
**Secondly** 50:1
57:15
**section** 24:4,5
30:24
**see** 4:25 14:1
23:24 24:19,20
24:22 46:25
56:18,20 59:22
**seek** 49:15 55:23
**seeking** 18:7
19:19 30:25
61:22
**seeks** 45:4
**seen** 23:22 43:7
**sell** 8:16
**sending** 40:4
50:22
**sense** 18:3
**sent** 23:20 28:21
36:21,22,24
37:4,5,19,22
37:23 38:3,5
40:13 43:5
44:24,25 48:11

58:3
**sentences** 57:11
**separate** 53:18
**served** 16:22
**Service** 22:12
32:25 33:17
34:1,9 35:20
**shorten** 65:17
**shortened** 65:16
**shorthand** 67:12
67:15
**show** 65:19
**showed** 44:11
**showing** 47:5
**shown** 50:1
57:25
**shred** 8:3
**signed** 10:13
15:10 34:22
**similar** 13:18
**simple** 22:25
**simply** 14:25
25:25 60:13
**simultaneous**
59:5
**simultaneously**
16:21
**single** 8:3
**site** 9:8 18:25
21:14 29:18,24
30:6,15,16
31:11,16 55:15
**sited** 58:24 61:6
**sites** 9:4
**siting** 22:6
**situation** 39:2
50:15
**situations** 21:16
**slightly** 43:6
**smell** 16:20
**sold** 6:8
**soon** 57:9
**sorry** 14:13
28:13 58:18
**sort** 13:3

Harrell v. South Kendall                7/1/2009

Page 78

| | | | | |
|---|---|---|---|---|
| **South** 1:7 2:11<br>3:5,21 13:7<br>15:4 16:9 17:7<br>21:9 22:24<br>23:11 25:17<br>26:23 28:23<br>45:1,16 66:2<br>67:8 | 29:12,13,19,21<br>30:4,7,24 31:8<br>31:10,16 36:11<br>38:22 39:11<br>41:5,18 42:1<br>43:9,18 44:10<br>49:7,8 50:2,16<br>51:18 53:15 | 43:21 47:10,24<br>51:20<br>**suggesting** 15:2<br>24:14 28:16<br>33:16<br>**suggestion** 20:21<br>**suggests** 11:18<br>11:22 | **system** 28:7 | **thought** 65:8<br>**three** 7:4 13:9<br>64:17<br>**threshold** 20:9<br>35:8 55:5<br>**thunder** 13:15<br>**time** 12:6 18:15<br>19:11 32:23 |
| **speak** 25:16<br>27:14 47:3<br>53:24 | 55:15 56:23<br>58:11,12,22<br>59:9 63:17 | **suing** 13:20<br>24:17 | **T**<br>**T** 67:2,2<br>**tabbed** 11:6<br>**tails** 12:22<br>**take** 30:19<br>**talk** 47:21 | 37:11,20 39:9<br>40:1,13,24<br>41:1,2,10,10<br>41:13 42:5,8 |
| **speaking** 33:7<br>**spec** 6:13<br>**specific** 8:14,25<br>29:6 30:11,24<br>32:18 55:16 | **statutory** 15:12<br>19:3 48:2 49:5<br>**steal** 13:15<br>**Steve** 3:21<br>**Steven** 2:10 | **suit** 5:7,8 7:8,12<br>11:14 25:8<br>**suite** 2:6,13<br>28:22<br>**sulfer** 16:20 | **talked** 32:17<br>**talking** 19:13<br>25:24<br>**taught** 42:9<br>**tell** 4:12 6:9 19:4 | 52:15 53:2<br>55:24 56:6<br>57:8 58:19<br>59:9 60:14<br>62:5,22 63:5 |
| **specifically** 8:24<br>9:1,5 20:2,16<br>30:2 44:12<br>58:24 | **stipulate** 62:4,17<br>62:18<br>**stipulation**<br>60:23 | **summary** 53:19<br>54:16<br>**supersedes**<br>35:20 | 19:21 43:2<br>51:9 53:12<br>55:7 62:9<br>**tenus** 61:14<br>**terms** 7:2 18:11 | 63:10,25 64:12<br>64:15,16,23<br>65:1 |
| **specified** 17:24<br>**spells** 11:7<br>**spend** 19:11<br>**spent** 26:9<br>**square** 7:3<br>**ss** 67:3 | **stood** 46:3<br>**stop** 64:20<br>**Street** 1:12 2:3<br>2:13 28:22<br>**strict** 12:16<br>29:11 | **supplier** 5:9<br>36:7,16 39:14<br>51:16 57:13<br>**suppliers** 36:10<br>**Supply** 2:8 3:12<br>28:24 48:13 | 18:19 58:21<br>**test** 52:18 53:3<br>**testimony** 52:20<br>53:4<br>**testing** 45:9,11<br>46:18,22,23 | **times** 55:18<br>**today** 15:3 35:25<br>52:19 53:3<br>56:9 63:4 65:9<br>**told** 34:12,15 |
| **stages** 52:16<br>**stand** 34:9 39:8<br>43:3 44:16<br>55:5 | **strictly** 12:8<br>55:14<br>**subject** 12:1<br>26:8 45:8 | **support** 15:19<br>21:25 22:16<br>**suppose** 53:20<br>**supposed** 4:10 | 56:2,9<br>**thank** 55:10,20<br>60:4 64:25<br>**thankfully** 34:19 | 45:2 49:23<br>55:21,24 56:3<br>**tolled** 41:2,7<br>**tolling** 42:7 49:1 |
| **standing** 11:17<br>**start** 11:15<br>12:24 17:6<br>**State** 6:2 12:2<br>20:4 32:25<br>52:15 67:3 | 50:19<br>**submit** 3:14 13:7<br>25:8 26:19<br>38:1 39:23<br>**submits** 10:6 | 37:7<br>**supposedly**<br>25:18 39:18<br>**Supreme** 12:4<br>22:8 | **theories** 9:12<br>**thing** 11:23<br>22:13 55:20<br>**things** 12:19<br>23:16 51:21 | **tomorrow** 46:13<br>49:18 63:15<br>**tool** 18:17<br>**tort** 12:4 20:22<br>20:24 23:8 |
| **stated** 30:2<br>**states** 18:24<br>20:17<br>**statue** 37:7 | **submitted** 13:21<br>13:22 46:2<br>**subsection** 29:23<br>**substantial** 10:1 | **sure** 4:6 5:19<br>7:18 14:12<br>27:15 28:12<br>42:6 47:18 | **think** 16:1 22:10<br>23:24 24:13<br>27:16,24 37:6<br>51:22 52:14,19 | 32:3,15<br>**total** 6:12<br>**totally** 10:7<br>**touch** 25:4 |
| **statute** 8:5,12,12<br>8:16,19,20,23<br>10:14 11:13<br>18:24,25 19:1<br>19:2 24:8,9,16<br>25:10 29:2,7 | 30:10,20<br>**substantially** 9:6<br>9:9,18<br>**sue** 14:25<br>**sued** 12:15<br>**sufficient** 63:4<br>**suggest** 28:1 | 48:4 51:25<br>64:7<br>**susceptible**<br>33:24<br>**SW** 2:13 28:22<br>**sway** 47:7<br>**swayed** 44:20<br>**Sylvester** 3:15 | 53:2,3,4,8,11<br>53:25 54:8<br>55:18 56:4<br>57:7 59:22<br>61:5,9,10 62:8<br>65:19<br>**thinks** 53:13<br>**third** 21:25 22:2<br>22:11 58:19 | **toxic** 57:5<br>**track** 30:11<br>**transcription**<br>67:15<br>**transpired** 51:9<br>**travel** 64:7<br>**traveling** 24:16<br>**treatment** 39:15 |

Harrell v. South Kendall                7/1/2009

**trial** 26:16
**true** 41:21,25
  50:10 67:14
**trust** 52:12
**truth** 49:16
  55:22,23
**try** 23:6 40:1
  57:2,2,3 60:11
**trying** 18:17
  20:25 21:2
  22:25 30:19
  49:14
**tune** 65:21
**turn** 6:3
**TV** 65:19
**two** 9:12 11:8
  12:19 21:19
  22:13,15 26:9
  34:6 41:12
  57:10
**type** 9:24 10:24
  13:2,17,18
  25:15 39:15
**types** 11:25 12:3
  15:1
**typo** 4:9,15

_____
**U**
**understand**
  37:24 41:15
  52:2
**understanding**
  36:24
**undisputed**
  33:20
**undue** 50:20
**unecessary** 40:4
**unit** 52:24
**unqualified**
  45:21
**unsubstantiated**
  45:21
**unverified** 45:21

_____
**V**
**v** 67:8

**valid** 12:13
  52:18
**validity** 39:6
**variety** 51:21
**various** 6:14
  40:17
**vehicle** 20:12
**venue** 19:18,20
  26:7 31:24
**verbatim** 9:3,14
**verify** 48:3
**versions** 4:22
**versus** 3:5 21:18
  22:1,11
**Victor** 2:4
**view** 36:16
**violated** 50:16
**violation** 7:25
  39:13
**vs** 1:6

_____
**W**
**W** 2:3
**waive** 14:23 19:3
**waived** 14:19,20
  26:16
**waiver** 14:4
  23:12 32:17
  60:1
**waiving** 14:24
**want** 13:15
  15:25 18:21
  22:9 23:16
  24:19,20 27:14
  49:13 51:24
  54:21 55:17,20
**wanted** 31:5
  49:17
**wants** 4:14
**warranties** 20:7
  32:17
**warranty** 12:16
**wasn't** 38:16
  50:17 51:1
**way** 5:20 12:5
  26:17,21 27:11

60:10
**week** 45:8 56:20
**weeks** 10:7
**went** 12:5 17:24
  37:10 64:11
**weren't** 27:19
  39:10 65:11
**West** 1:12
**We'll** 5:6 64:7
**we're** 3:6 14:24
  37:11 40:23
  46:11 47:1
  54:17,18 55:4
  57:22 58:15
**we've** 46:2
**WHEREOF**
  67:17
**wiring** 52:22
**wish** 48:19
**wishes** 58:21
**withstanding**
  56:22
**witness** 47:1
  67:17
**wording** 21:24
**working** 63:13
**world** 42:16
**wouldn't** 44:17
**writing** 52:8,11
**wrong** 12:25
  48:5,5
**wrote** 21:2 34:23
  43:13 46:19

_____
**Y**
**yeah** 8:23 51:24
**yesterday** 46:13
**yo** 29:20
**Yoss** 2:6 3:11

_____
**$**
**$5,000,000.00**
  62:6,17 64:17
  64:22

_____
**0**

**04** 8:20 9:13
**09-08401** 1:3
  67:10

_____
**1**
**1** 1:13 67:14
**1B** 29:24
**1D** 9:8
**1st** 30:14
**1.130** 7:25 14:11
**10** 65:16,24
**10th** 44:25 48:10
  48:12 50:3,11
**11TH** 1:2
**14** 11:4
**16** 20:6 23:3
  32:16 34:16
**1700** 2:6
**18** 18:8 19:22
  23:3,5 34:11
  34:16
**18th** 17:8 18:4
**19** 11:7,16 23:1
  34:14

_____
**2**
**2nd** 45:8
**20** 50:13 65:2,3
  65:23,24
**200** 2:13 28:23
**2005** 6:17
**2006** 6:17,19,20
  7:2 30:8,13,14
**2007** 6:21
**2008** 7:1 13:24
  25:23
**2009** 1:13 4:11
  10:10 13:25
  16:17 17:7
  18:8 23:21
  25:20,22 28:21
  44:23 45:8
  48:8 56:21
  67:18
**2010** 4:11
**21** 10:4 16:23

24:3,17 25:14
**24th** 43:14 44:22
  48:8
**25** 2:3
**2600** 7:3

_____
**3**
**3** 4:9 23:21
  25:19,22
**3rd** 16:17 17:7,9
  18:6 28:21
  36:23
**30** 64:23
**350** 2:6

_____
**4**
**4** 23:21 25:19,22
**436** 2:13 28:22

_____
**5**
**5** 65:17
**555** 9:12
**558** 8:5 9:4 10:1
  11:10 13:18
  15:11 18:21
  19:5 24:4,5
  29:7,10 30:16
  36:6,9,12,14
  36:16,18 37:15
  39:13,19,21
  40:9 50:17,18
  51:6 53:14,21
  54:12,13 55:5
  55:12 59:17

_____
**6**
**60** 14:17 17:10
  18:7 37:3
  40:23 41:14
  51:10
**66** 67:14
**6751** 2:9

_____
**7**
**73** 1:12

_____
**8**

Harrell v. South Kendall                7/1/2009

| | | | | |
|---|---|---|---|---|
| **8th** 2:13 28:22 | | | | |

**9**

90 11:14 14:17
  37:2 40:23
  41:14 51:11
  57:2
92 6:12,14 63:6
96 6:12