UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) | MDL NO. 2047<br><br>SECTION: L<br><br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**THIS DOCUMENT RELATES TO ALL CASES**

**PLAINTIFFS' STEERING COMMITTEE'S REPLY BRIEF IN SUPPORT OF EMERGENCY MOTION TO LIFT STAY AND TO PERMIT MOTION TO PROTECT CLASS MEMBERS AND FAIRLY CONDUCT THE ACTION**

**I.    INTRODUCTION**

The Plaintiffs' Steering Committee (PSC) exposed the unseemly practices of homebuilders to extract releases from plaintiff home owners who are desperate to remedy the contaminated and defective Chinese drywall installed in their homes by these defendants. Despite the PSC's evidentiary demonstration of the abuses performed by the homebuilders, the Homebuilders Steering Committee (HSC) denies that a clear record of misleading information and coercive communications exists on their part. The HSC further challenges this Court's authority under Fed.R.Civ.P. 23(d)(2) to protect class members and fairly conduct the action by requiring the curative notice and other remedial relief sought by the PSC at this juncture. The HSC dwells upon the PSC's motion to conduct town hall meetings for support that they should be entitled to contact adverse parties represented by counsel. The homebuilders disregard the coercive nature of their one-on-one legal negotiations that occur in connection with their efforts to extract releases from home owners in contrast to the open meetings taking place in town halls. By avoiding this central tenet, much like the homebuilders avoided producing their inspection protocols, the HSC draws the mistaken

1

conclusion that the PSC's proposed relief is inconsistent with our intention to only allow truthful information to plaintiffs and absent class members to permit them to make wise, informed decisions.

As discussed below, the Court is fully authorized to restrict and control communications with absent class members of the currently putative classes. Further, the factual record is replete with evidence of overreaching. Nevertheless, now that the HSC has sought to controvert facts, a more developed record may be in order. Finally, the Court's curative efforts will in no way interfere with the inapposite conditions for Florida homebuilders imposed by Chapter 558, Florida statutes.

Each of the inadequacies of these HSC arguments will be discussed below.

## II. LEGAL ARGUMENT

### A. This Court Has Authority to Control Communications With a Putative Class.

The HSC challenges this Court's authority to conduct this action in a manner it deems appropriate pursuant to Fed.R.Civ.P. 23(d). Rule 23(d) expressly provides that this Court can protect class members and fairly conduct the action at "any step in the action." Fed.R.Civ.P. 23(d)(1)(B)(I). After overlooking this language in the Rule,[1] the HSC attempts to distinguish cases cited by the PSC in which district courts have sought to control abusive communications with putative class members of as-yet uncertified classes, post-*Gulf Oil*. *See, e.g., Burford v. Cargill, Inc.*, 2007 WL81667 (W.D.La. June 9, 2007); *Ralph Oldsmobile, Inc. v. General Motors Corp.*, 2001 WL 1035132 (S.D.N.Y. Sept. 7, 2001).

---

[1] The HSC's reference to the notice provisions of Fed.R.Civ.P. 23(e) following the 2003 amendments to the rule is inapposite. Rule 23(e) addresses concerns relating to settlement of certified class actions and notice issues pertinent to matters involving compromise. Rule 23(d) addresses the whole spectrum of matters that may present themselves before a district court and is not limited to settlement notice concerns.

Only recently this Court issued and then revoked Pretrial Order 1B. *See In re Chinese-Manufactured Drywall Products Liability Litigation*, MDL 2047, Pretrial Order 1B (E.D.La. Sept. 21, 2009). Pretrial Order No. 1B addressed preservation requirements for persons or entities that included "those persons or entities who intend to or may seek recovery relating to Chinese-manufactured drywall, including <u>putative members of any class actions</u>". *Id.* (emphasis added). Taking Pretrial Order No. 1B as the Court's intent at guidance, it appears that this Court is willing to address matters pertaining to putative class members pursuant to the Court's duty to supervise pretrial proceedings including discovery and pursuant to its inherent power. The relief requested by the PSC's emergency motion, however, is authorized on even firmer grounds – through an express provision of the Federal Rules of Civil Procedure.[2]

This Court's authority to enter the proposed relief is unquestionable.

**B.     WITHOUT A LEVEL PLAYING FIELD, NEGOTIATIONS BETWEEN THE HOMEBUILDERS AND HOMEOWNERS IS RIFE WITH OVERREACHING AND COERCION**

The HSC contends that homebuilders' intentional failure to disclose the pendency of this MDL and class proceedings is innocuous and not misleading. Not so. By withholding material information, such as the fact that counsel are already pursuing class claims to recover economic and non-economic losses, personal injury damages and other consequential damages, homebuilders can take advantage of their unknowing customers. Given the dire situation facing many such customers,

---

[2]To the extent that the HSC argues that the *Manual for Complex Litigation*, Fourth (Federal Judicial Center 2004), is controlling on the retreat of courts from addressing misconduct by defendants against putative class members, they are again mistaken. Page 1 of the *Manual* states that, "First, [the Manual] is not , and should not be cited as, authoritative legal or administrative policy." It is incontrovertible that the district courts are not constrained in the manner suggest by the HSC. *See Burford, supra; Ralph, supra*.

who can not afford to leave and repair their primary residence but are sickened by remaining in their homes, such deceit becomes coercive. It deprives the homeowners of access to legal counsel who could advise them of the ways in which the homeowners are being preyed upon. It further deprives them of their legal rights through which they could take corrective measures.

Indeed, treating this Court only slightly better than they treated homeowners, the HSC footnote that in *Culliton v. Taylor-Morrison Services, Inc.,* No. 09-cv-0589 (M.D.Fla. May 12, 2009), Judge Wilson ordered that Taylor-Morrison be required to disclose during its negotiation with homeowners their right to retain an attorney. Obviously, homeowners can make their own choice whether or not they wish to consult with an attorney, who may provide information that a homebuilder would rather not reveal (e.g., a prior court order that is contrary to their position) but that is the prerogative of a fully informed customer. The HSC prefers to maintain an uneven playing field by keeping homeowners and their private counsel ignorant of legal precendent and their rights.

This advantage is actually demonstrated in the affidavits the HSC provided in its purported Supplement to the Record, filed after filing their response. Therein three affiants state that they were advised of their right to an attorney. None, however, state that they were advised of the pendency of litigation encompassing their claims or that the affiants knew what legal claims they were releasing in exchange for the remediation provided to them. It should be noted that one affiant, Cheryl Makowsky, appears to have consulted with an attorney, but only for purposes of commenting on the language in her Repair and Relocation Agreement, not to advise of other litigation and the effect of the release. The PSC submits that this testimony actually supports its concerns by raising serious questions as to the knowledge and motivation of these affiants. Their affidavits do not disclose their financial situation created by their defective home, whether they felt

dependent upon the homebuilder to conduct repairs, whether they fully understood the terms of their releases, whether they knew the extent of alternative relief available to them, etc.

Without discovery of these witnesses, the PSC is unable to fully address the averments made within their affidavits and whether the affiants would, if advised of the relief sought herein, seek to rescind their prior releases. Discovery of the homebuilders (the extent of their repairs, the protocols employed to conduct repairs, their costs, etc.)[3] would also be appropriate. Only with a complete record would it be appropriate to complete these proceedings.

### C. Florida Homebuilders' Reliance on Chapter 558, Florida Statutes is Misplaced

The HSC contends that Florida homebuilders are permitted to contact represented and unrepresented class members pursuant to Chapter 558. The HSC ignores the limitation of Chapter 558 to actions solely alleging construction defects. *See* Section 558.002(1), Fla. Stat. (defining "actions" under Chapter 558 and providing that "actions" "does not include any . . . civil action . . . asserting a claim for alleged personal injuries arising out of an alleged construction defect."). *See also* Response of the PSC to Bench Memorandum of Certain Defendants Regarding Chapter 558, Florida Statutes, In re Chinese-Manufactured Drywall Products Liability Litigation, MDL No. 2047 (filed Sept. 22, 2009), incorporated herein by reference. As the DLC and HSC have repeatedly mentioned in connection with bellwether selection the bulk of the homeowners have personal injury claims. This fact makes Chapter 558 irrelevant as these homeowner's claims are exempt from the ambit of the statute.

---

[3]The elephant in the room is the homebuilders' stonewalling on production of inspection protocols. This will be a key element of discovery necessary to adjudicate this motion.

### III. CONCLUSION

Homeowners, whose lives are disturbed by the faulty drywall lining their homes, should be entitled to the best, accurate information available to allow them to make informed decisions regarding remediation and repairs to their properties. The relief sought by the PSC assures this result. The Homebuilders while attempting to resolve claims with homeowners have homeowners at a distinct disadvantage and have been able to obtain releases of claims because of the distressed position of homeowners. The PSC submits that the best way to level the playing field and assure equitable treatment for homeowners is to provide the remedies requested.

For the reasons set forth above, the PSC's motion to protect class members and fairly conduct the action should be granted.

Dated: September 23, 2009

Respectfully submitted,

/s/ Russ M. Herman
Russ M. Herman (#6819)
Leonard A. Davis (#14190)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
*Plaintiffs' Liaison Counsel, MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel, MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Victor Manuel Diaz
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Aragon Avenue, 2nd Floor
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Jerrold Seith Parker
Parker, Waichman, Alonso LLP
27399 Riverview Center Blvd.
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Jeremy W. Alters
Alters, Boldt, Brown, Rash & Culmo, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@abbrclaw.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

## CERTIFICATE OF SERVICE

       I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 23rd day of September, 2009.

                                              /s/ Leonard A. Davis
                                              Leonard A. Davis
                                              Herman, Herman, Katz & Cotlar, LLP
                                              820 O'Keefe Ave.
                                              New Orleans, LA  70113
                                              PH:  (504) 581-4892
                                              Fax:  (504) 561-6024
                                              ldavis@hhkc.com