

*These are my rulings*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL<br>PRODUCTS LIABILITY LITIGATION | ) | MDL NO. 2047 |
| | ) | |
| | ) | SECTION: L |
| | ) | |
| | ) | JUDGE FALLON |
| | ) | MAG. JUDGE WILKINSON |
| | ) | |

THIS DOCUMENT RELATES TO ALL CASES

### PRETRIAL ORDER #____ : GOVERNING THE TREATMENT OF PRIVILEGED OR WORK PRODUCT MATERIALS

This Order shall govern the treatment of all privileged or work product materials in MDL 2047. This Order applies equally to all parties, who for the purposes below shall be designated as either the "Producing Party" or the "Receiving Party."

**Privilege Log Production**

1. Any document falling within the scope of any request for production or subpoena that is withheld on the basis of a claim of attorney-client privilege, work product, or any other claim of privilege or immunity from discovery is to be identified by the Producing Party in a privilege log, which the Producing Party shall produce in an electronic format that allows text searching and organization of data. The Producing Party shall produce a privilege log within seven (7) days after the production of documents for which the privilege is asserted to apply.; ~~provided, however, that to the extent non-privilege objections are also asserted by the Producing~~

~~Party in response to the specific request in question, the Producing Party's privilege log shall be produced within seven (7) days after the final resolution of any such non-privilege objections.~~

For each document for which a Producing Party asserts that a privilege applies, the Producing Party must include in the privilege log the information required by Federal Rule of Civil Procedure 26(b)(5), including the following:

    a. a statement of the ground alleged for withholding such document;

    b. the date of the document *or communication*.

    ~~c. the location of any attachments associated with the document and whether the asserted privilege also applies to such attachments;~~

    c. the identity of its author and signatories ~~d~~ *to whom it was sent*,

    ~~e. the type of document (e.g., letter);~~

    ~~f. a summary of the contents (sufficient enough so that an evaluation can be made regarding the efficacy of the privilege);~~

    d. its present location and custodian;

    ~~h. a listing of all persons to whom the contents of such documents have been disclosed and all persons who have or have had possession, custody, or control of the documents (or any portions thereof), pursuant to Federal Rule of Civil Procedure 45(d)(2);~~

    e. a statement as to whether the entire document has been redacted/withheld or only a portion has been redacted; and *the Bates number of the document.*

    f. *a description of the withheld document, communication or tangible thing in a manner that, without revealing information claimed privileged or protected, will enable a party to assess the validity or efficacy of the privilege claim.*





~~a.j. an indication of all authors, signatories or recipients of the document who are attorneys by marking said individual(s) name(s) with an asterisk ("*") immediately after their name (e.g., "John Doe*").~~

2. Notwithstanding the assertion of an objection, ~~Subject to any unresolved non-privilege objection raised by the Producing Party,~~ any purportedly privileged document containing non-privileged matter must be disclosed with the purportedly privileged portion redacted, with the redacted portion indicated on the document itself and listed on the privilege log to be provided pursuant to Paragraph 1 above.

3. To assist in the prompt resolution of disputed claims of privilege, upon request by the Court, the Producing Party shall submit to the Court under seal, unredacted copies of all documents for which it asserts a privilege.

**Inadvertent Production of Privileged Materials**

4. In the event that a Producing Party claims that it inadvertently failed to designate any production materials or other information as privileged or work product materials, it shall promptly notify all parties to whom such privileged material was produced or disclosed of the Producing Party's intent to assert a claim of privilege or work product over such materials, and consistent with Paragraph 3 herein, upon request by the Court, submit to the Court under seal, unredacted copies of all documents for which it asserts a privilege and claims were inadvertently produced.

5. Upon such notice, and consistent with Federal Rule of Civil Procedure 26(b)(5)(B), the Receiving Party, if it intends to challenge the designation of the document(s),



shall promptly sequester all copies of the document(s), pending Court resolution of the challenge.

6. If the Receiving Party agrees that the subject materials are properly designated as privileged, consistent with the Federal Rule of Civil Procedure 26(b)(5)(B), the Receiving Party shall promptly refrain from further copying or distribution of the subject materials, and return or destroy all copies of the subject materials.

    a. Where the parties agree, or the Court orders, that an inadvertently produced document is protected by the attorney-client, work product, or other privilege, and such document was originally produced in electronic format on media containing production materials that are not subject to any exemption from production, the Producing Party shall promptly provide replacement production media to the Receiving Party.

7. The inadvertent production by any Producing Party, whether in this Action or in any other proceedings, of materials subject to a claim of privilege or work product shall not result in a waiver of any such protection in this Action for the produced materials or for any other privileged or immune materials containing the same or similar subject matter. Nor shall the fact of an inadvertent production by any Producing Party in this Action be used as a basis for arguing that a claim of privilege or work product has been waived in any other proceeding.

8. Nothing in this Order shall relieve counsel for any Receiving Party of any existing duty or obligation, whether established by case law, rule of court, regulation or other source, to return, and not to review, any privileged or work product materials without being requested by the Producing Party to do so. Rather, in the event a Receiving Party becomes aware that it is in

possession of what appears to be an inadvertently produced privileged document, then counsel for the Receiving Party shall immediately: (i) cease any further review of that document; and (ii) notify the Producing Party of the apparent inadvertent production, requesting whether the Producing Party intended for the document to be produced. In the event the Producing Party confirms the inadvertent production of the privileged document, the Receiving Party shall (i) promptly return or destroy all copies of the inadvertently produced privileged document in its possession and (ii) take reasonable steps to retrieve all copies of the inadvertently produced privileged documents distributed to other counsel or non-parties.

     ORDERED AND ADJUDGED this _____ day of _____, 2009.

                                           _____
                                           ELDON E. FALLON
                                           UNITED STATES DISTRICT JUDGE