MINUTE ENTRY
FALLON, J.
SEPTEMBER 24, 2009

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|                                                      |   |                              |
|------------------------------------------------------|---|------------------------------|
|                                                      | : | MDL NO. 2047                 |
| IN RE: CHINESE-MANUFACTURED DRY WALL                 | : |                              |
|      PRODUCTS LIABILITY LITIGATION | : | SECTION:  L                  |
|                                                      | : |                              |
|                                                      | : | JUDGE FALLON                 |
|                                                      | : | MAG. JUDGE WILKINSON         |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . :

**THIS DOCUMENT RELATES TO ALL CASES**

The monthly status conference was held on this date in the Courtroom of Judge Eldon E.

Fallon.  The Court first met with Plaintiffs' Liaison Counsel ("PLC"), Russ Herman,

Defendants' Liaison Counsel ("DLC"), Kerry Miller, and certain members of the Plaintiffs',

Defendants', and Homebuilders' Steering Committees to discuss agenda items for the

conference.  At the conference, counsel reported to the Court on topics set forth in Joint Report

No. 3 (Rec. Doc. No. 261).  The status conference was transcribed by Ms. Toni Tusa, Official

Court Reporter.  Counsel may contact Ms. Tusa at (504) 589-7778 to request a copy of the

transcript.  A summary of the monthly status conference follows.

I.      <u>PRE-TRIAL ORDERS</u>

All Pre-Trial Orders are posted on the court's website located at **www.laed.uscourts.gov**

which has a tab that links directly to "Drywall MDL".  The Court's website also includes other

postings relevant to the litigation.

JS10(00:50)

The Court has issued the following Pre-Trial Orders:

Pre-Trial Order No. 1 entered June 15, 2009 – Initial Case Management

Pre-Trial Order No. 1A entered August 28, 2009 – Counsel must Enter Appearances for Served Parties or risk Default Judgment

Pre-Trial Order No. 2 entered June 16, 2009 – Notice to Transferor Court

Pre-Trial Order No. 2A entered September 18, 2009 – Means of Tracking Remands in MDL 2047

Pre-Trial Order No. 3 entered July 6, 2009 – Designation of Plaintiffs' Liaison Counsel

Pre-Trial Order No. 4 entered July 6, 2009 – Designation of Defendants' Liaison Counsel

Pre-Trial Order No. 5 entered July 6, 2009 – Contact Information

Pre-Trial Order No. 5A entered July 9, 2009 – Counsel Contact Information Form

Pre-Trial Order No. 6 entered July 21, 2009 – Electronic Service (LexisNexis)

Pre-Trial Order No. 7 entered July 27, 2009 – Appointment Defendants' Steering Committee

Pre-Trial Order No. 7A entered August 4, 2009 – Amending PTO 7 re: Defendants' Steering Committee

Pre-Trial Order No. 7B entered August 27, 2009 – Amending PTO 7 re: list containing Defendants' Steering Committee and lists responsibilities for same

Pre-Trial Order No. 8 entered July 28, 2009 – Appointing Plaintiffs' Steering Committee

Pre-Trial Order No. 9 entered July 28, 2009 – Time and Billing Guidelines/Submissions

Pre-Trial Order No. 10 entered August 21, 2009 – All parties to provide PLC or DLC with photographic catalog of markings, brands, endtapes and other identifying markers found in affected homes by August 26, 2009.  PSC and DSC to collect and submit data to the Court and inspection company for TIP a joint catalog of data to assist in training of inspections no later than August 28, 2009.

     The parties noted that the photograph catalog is now available on the Court's

Drywall website and that it will be updated with new photographs as they become available.

Pre-Trial Order No. 11 entered August 17, 2009 -  Profile forms to be distributed to appropriate parties and filed and returned on or before September 2, 2009

Pre-Trial Order No. 12 entered August 25, 2009 – Court will prepare final version of Distributor Profile Form.

Pre-Trial Order No. 12A entered August 25, 2009 – Court adopted Distributor Profile Form be distributed to appropriate parties and returned to DLC Kerry Miller on or before 9/8/09, either electronically or by hard copy

Pre-Trial Order No. 13 entered August 27, 2009 – Court institutes and will supervise Threshold Inspection Program (TIP).  Court appoints Crawford & Company to carry out the inspections.


II.      PROPERTY INSPECTIONS

Crawford & Company ("Crawford") began conducting some of the initial thirty (30) Threshold Inspection Protocol (TIP) inspections for MDL plaintiff properties impacted by Chinese Drywall.  The parties have met with Crawford and the Court to review the TIP and issues that arose in some of the very early inspections.  The parties met with Crawford on September 23, 2009 to make necessary modifications to the TIP before embarking on additional inspections of MDL plaintiff properties.  Inspections are to resume against next week.  The parties are to meet and confer after the completion of the next round of inspections regarding any problems or suggested modifications.  The parties reported receiving the inspection reports from Crawford on the houses already inspected.  The parties indicated an interest in making these reports available on the Court's Drywall website.

III.      PLAINTIFF AND DEFENDANT PROFILE FORMS

In Pre-Trial Orders 11 and 12A, the Court approved a Plaintiff Profile Form, a Defendant Manufacturers' Profile Form, a Contractor/Installer Profile Form, a Builder Defendant

Profile Form and a Defendant Distributor Profile Form.  Completed and signed profile forms have been submitted for many of the parties.  The parties will continue to supplement responses as additional responses are received.  As new parties are added to the MDL, those parties will respond to the appropriate profile form within 15 days of becoming a party to the MDL.  The DSC and HSC have filed a motion seeking to lift the stay to allow them to file a motion to compel profile forms from the PSC.  (See Section VII(B)(b) *infra*.)

Additionally, the parties have presented to the Court competing versions of the Importer/Exporter/Broker Profile Form.  The parties await guidance from the Court regarding which Form or changes to the Form are acceptable to the Court.  The Court will issue its edits regarding the Profile Form today.

Further, the parties have been discussing the creation of a Retailer Profile Form.

Plaintiffs have submitted disks to the Defendants containing supplemental Plaintiff Profile Forms.

## IV.    PRESERVATION ORDER

The Parties have met to discuss the modification of Section 14 of Pre-Trial Order No. 1 that addresses general preservation obligations of the parties and is entitled "Preservation of Evidence."  The Court has advised that a modification of the Preservation Order relating to physical things and a modification of the Preservation Order relating to documents/ESI will be the subject of two (2) separate modifications to the Preservation Order set forth in Pre-Trial Order No. 1.  Until such time as amended Orders are issued by the Court, the Preservation Order set forth in Pre-Trial Order No. 1 remains in full force and effect.

The Parties informed the Court that a preservation order regarding physical things

is near completion.  However, the Parties indicated that they were far from agreement on a preservation order on electronically stored information ("ESI").  Plaintiffs desire a single ESI preservation order while Defendants believe that different orders will be necessary for the various defendants.  The Court urged the Parties to develop a single preservation order on ESI, if possible. The Court instructed the Parties to meet and confer next week, then inform the Court of the results. If the Parties are unable to come to an agreement, the Court will create an order from versions submitted by the Parties.

V.      STATE/FEDERAL COORDINATION

At the status conference on August 11, 2009, the Court instructed the PSC and DSC to confect separate subcommittees on state and federal coordination.

In Joint Report No. 2 filed with the Court on September 1, 2009, the PSC proposed the following for membership in the Plaintiffs' State/Federal Coordination Subcommittee:

Jeremy Alters
Alters, Boldt, Brown, Rash & Culmo
4141 Northeast 2nd Ave.
Suite 201
Miami, FL  33137

Dawn Barrios
Barrios, Kindsdorf, Casteix, LLP
701 Poydras Street
Suite 3650
New Orleans, LA  70139

Ervin Gonzalez
Colson, Hicks, Eidson
255 Aragon Avenue
Coral Gables, FL  33134

James Reeves
Lumpkin & Reeves, PLLC
160 Main Street
Biloxi, MS  39530

Richard Serpe
Law Offices of Richard J. Serpe, P.C.
580 East Main Street
Suite 310
Norfolk, VA  23510

Scott Weinstein
Morgan & Morgan
One University Drive
Suite 600
Ft. Myers, FL  33907-5337

In addition, the defendants proposed the following for membership in the Defense

State/Federal Coordination Subcommittee:

Jan Douglas Atlas
Jeffrey Backman
Adorno & Yoss, LLP
350 East Las Olas Blvd.
Suite 1700
Fort Lauderdale, FL  33301

Richard Duplantier
Galloway, Johnson, Tompkins,
Burr & Smith
701 Poydras Street
40th Floor
New Orleans, LA 70139

Donald J.  Hayden
Baker & McKenzie, LLP
Melons Financial Center
1111 Brickell Avenue
Suite 1700
Miami, FL 33131

Hilarie Bass
Greenberg Traurig
1221 Brickell Avenue
Miami, FL  33131

The Court appoints the State/Federal Coordination Subcommittee with the foregoing persons

as members.  The Court appoints Dawn Barrios as chair of this Subcommittee.

Dawn Barrios provided the Court with a spread sheet of state court cases and contact information.

## VI.   STATE COURT TRIAL SETTINGS

Defendants and/or Defendants' State/Federal Coordination SubCommittee will be prepared to advise the Court, to the best of their knowledge, of the following at the status conference on September 24, 2009:

1)   All trial settings in state court that are set over the next 12 months;

2)   All pending discovery motions in state court cases;

3)   All dispositive motions pending in state court cases; and

4)   Any state court issues that should be discussed as a matter of state/federal coordination.

In addition to the foregoing, the PSC will advise the Court of all motions that are pending regarding tag-along cases and, to the extent known, assist in advising the Court regarding the above mentioned matters.

PLC and DLC have provided a proposed amendment to Pre-Trial Order No. 2 to the Court to assist in tracking transferred cases and those involving removal and remand.  The Court issued the proposed amendment as Pretrial Order No. 2A on September 18, 2009.

## VII.   MOTIONS IN THE MDL

On September 8, 2009, the Court issued an Order concerning the Court's directive to counsel for Plaintiffs and Defendants to indicate which motions needed to be heard on an expedited basis and to prioritize such motions and further set forth scheduling deadlines with respect to such motions.  The stay issued in Pre-Trial Order No. 1 was modified to allow the parties to file certain proposed motions.

A.    PSC Motions

   a.   The Plaintiffs' Steering Committee's Motion for Expedited Discovery – this motion was filed on September 11, 2009.  DSC and HSC submitted their response on September 21, 2009.  The matter is set for hearing on September 24, 2009, following the status conference.

   b.   Emergency Motion to Protect Class Members and Fairly Conduct the Action – the motion was filed on September 3, 2009.  HSC submitted its response on September 21, 2009.  The matter is set for hearing on September 24, 2009, following the status conference.

B.    DSC Motions

   a.   No motions have been filed that are set for hearing.  Knauf Gips has filed a Motion for Protective Order related to the application of the Hague Convention to the anticipated jurisdictional discovery.  It is expected that Defendants will also be filing, in the near future, motions regarding (1) Application of Chapter 558 of the Florida Statutes, (2) Personal Jurisdiction Over Defendants, and (3) The Economic Loss Rule and Its Louisiana Analog, in the Primary States at issue as the stay order has been lifted for the filing of those motions.

   b.   On September 21, 2009, Defendants filed a motion to lift stay to authorize the filing of a motion to compel the Plaintiffs to

produce profile forms as Defendants contend that fewer than 350 plaintiff profile forms have been submitted to date. The PSC will be responding when the Court sets a briefing schedule. (R.Doc. 254) The Defendants also advise they may seek to have the stay lifted to file a motion regarding the propriety of the same Plaintiffs filing suits in both state and federal courts.

C.     Other

a.   On September 2, 2009, the Mitchell Co., Inc. filed a motion for default judgment against Taishan Gypsum Co. Ltd. (Rec. Doc. No. 190).

The Court will hear oral argument on the foregoing motions filed by the DSC. Oral arguments will take place on October 15, 2009, following the monthly status conference scheduled for 9:00 a.m. The Court will issue a briefing schedule shortly.

VIII.   DISCOVERY ISSUES

On September 2, 2009, the PSC provided to DLC a Master Set of Request for Production which were served upon various categories of Defendants. In addition, on September 2, 2009, the PSC issued Notices scheduling FRCP 30(b)(6) depositions of various Defendants. The PSC has requested that all such discovery be handled on an expedited basis. Plaintiffs contend that because the Court did not sign an Order lifting the stay applicable to outstanding discovery and further discovery as set forth in Section 8 of PTO No. 1, the PSC voluntarily postponed the date for all the 30(b)(6) depositions that were noticed on September 2, 2009. The PSC requests that these depositions be rescheduled as soon as possible. The PSC also requests that the Court establish a

time frame for responses to the Master Set of Discovery Requests that were sent on September 2, 2009.

In contrast, Defendants contend that the "service" of any discovery was ineffective, and remains so, unless and until the stay is lifted.  Further, Defendants assert that discovery should commence upon completion of the parties' profile forms and inspections of the applicable homes, and reserve all rights to object pursuant to the Federal Rules of Civil Procedure and applicable law as to the timing and substance of the discovery contemplated by this section.  Defendants propose that initial discovery should be limited to determining the supply chain of the Chinese manufactured drywall.  Plaintiffs oppose this and assert that because Bellwether trial settings are scheduled to begin in four (4) months, that expedited and full discovery should proceed now.  Defendants respond that the only way that Bellwether trials will be able to be conducted in 4 months is if the Court and parties remain focused on certain and discrete issues as opposed to unlimited and open-ended discovery. The Defendants' postions are more fully explained in the Opposition to Plaintiffs' Motion for Expedited Discovery.

On September 1, 2009, PLC provided to DLC a proposal for deposition guidelines. No response has been received from Defendants.

IX.    FREEDOM OF INFORMATION ACT/PUBLIC RECORDS REQUESTS

Several Freedom of Information Act/Public Records Requests have been made by Plaintiffs.  The following outlines the status of responses:

**FOIA Requests and Responses as of September 21, 2009**

| STATE | REQUEST MADE TO | DATE OF REQUEST | DESCRIPTION OF REQUEST | DATE OF RESPONSE | DOCUMENTS RECEIVED |
|---|---|---|---|---|---|

| | | | | | |
|---|---|---|---|---|---|
| FL | Centers for Disease Control/Agency | 8/25/09 | Fed. FOIA Request Toxic Substances and Disease Registry | 8/31/09 CDC acknowledged request and assigned request number | NO |
| FL | Consumer Product Safety Commission | 7/20/09 | Fed. FOIA Request to CPSC | 8/17/09 8/20/09 8/20/09 2nd | NO |
| FL | EPA | 8/25/09 | Fed. FOIA Request | 8/26/09 EPA acknowledged request and assigned request number | NO |
| FL | Fla. Dept. of Financial Services, Division of State Fire Marshall | 7/20/09 | Fla. Ch. 119, Public Records Request (requesting public records re reports of fires in Fla. Structures containing imported Chinese Drywall | 7/29/09 Claims no records exist | YES |
| FL | Florida Department of Health | 2/10/09 | Fla. Ch. 119, Public Records | 7/20/09 | YES |
| FL | Florida Department of Health | 7/8/09 | Fla. Ch. 119, Public Records Request | 7/20/09 | YES |

| | | | | | |
|---|---|---|---|---|---|
| LA | Louisiana Dept. of Economic Development | 8/4/09 | FOIA Request under LSA-RS 44:1 "Public Records Act" | 8/26/09 Claims consumer complaints and health issues are not within the scope of the organization | NO |
| LA | Louisiana Dept. of Environmental Quality | 8/4/09 | FOIA Request under LSA-RS 44:1 "Public Records Act" | N/A | NO |
| LA | La. Dept. of Health and Hospitals | 8/4/09 | FOIA Request under LSA-RS 44:1 "Public Records Act" | 8/10/09 | YES |
| LA | La. Dept. Of Justice | 8/4/09 | FOIA Request under LSA-RS 44:1 "Public Records Act" | 9/3/09 Responder claims information not subject to public record law | NO |

The Court indicated that the Parties are to exchange any information received from these requests with opposing counsel.

X.     TRIAL SETTINGS IN FEDERAL COURT

The Court has advised that it plans to establish "Bellwether" trials (see Minute Entry dated July 9, 2009 [Doc. 111]).  The Court has further advised that any such trials will be limited to property damage only.  *Id.* at sect. IV;   The parties have been discussing the protocol and procedure for selecting Bellwether trial candidates.  The PSC suggests a sufficient representative sample of cases be selected with regard to geography, concentration of properties, distinctive facts

and legal issues. The Defendants suggest that the selection of Bellwether plaintiffs must be limited to the approximately 60 plaintiffs that have submitted profile forms where personal injuries are not claimed. A list of these plaintiff properties will be made available to the PSC and the Court.

The Court will meet with Liaison Counsel next Tuesday, September 29, 2009, at 11:00 a.m. to discuss dates for the bellwether trials early next year. Counsel are directed to bring their calendars.

## XI.   FILINGS IN THE MDL

The parties have been discussing the prospect of direct filings and acceptance of service with Defendants under such circumstances maintaining Defendants' objections as to personal jurisdiction and other defenses, including the right to return cases to the originating venue for trial purposes. Plaintiffs assert this process allows for multiple plaintiffs to file claims in one matter (see Minute Entry dated July 9, 2009 [Doc. 111]). Many defendants, including the Homebuilder defendants, have already objected to direct filing. In addition, the parties continue to discuss the issue regarding service upon foreign Defendants through the Hague Convention and the substantial costs associated with that process and Plaintiffs' request that the Defendants waive this requirement.

## XII.   NOTICES OF APPEARANCE AND DEFAULT JUDGMENTS

Pursuant to Pre-Trial Order 1A, counsel must file Notices of Appearances for all parties served in MDL cases or risk entry of a default judgment.

At the status conference on September 3, 2009, the Court addressed The Mitchell Company, Inc.'s Motion for Default Judgment Against Taishan Gypsum Co., Ltd. [Doc. 190] and deferred the matter until the status conference on September 24, 2009, at which time the Court advised it would further address the motion. (See Section VII(C)(a) *infra*.). Kristen Law, attorney

for the Mitchell Company, Inc., informed the Court that service was perfected upon Taishan Gypsum Co., Ltd. on May 8, 2009.

The Court entered a Preliminary Default against Taishan Gypsum Co., Ltd. on this date. The Court indicated that a confirmation of the default may occur at a later date, after which a judgment would be issued and executed against the defendant.

In the case that the default judgment is confirmed, Plaintiffs indicated their intent to intervene before an assessment of damages is conducted.

### XIII.   TOLLING AGREEMENT/SUSPENSION OF PRESCRIPTION

The parties have been in discussion regarding the entering of a Tolling Agreement/Suspension of Prescription Agreement.

### XIV.   INSURANCE ISSUES

There are a number of issues involving insurance matters that will be addressed in this litigation. These include actions against insurers of manufacturers, exporters, importers, brokers, distributors, builders, drywall contractors/installers and homeowners.

Plaintiffs informed the Court that they have created a chart on insurance companies involved in Chinese Drywall litigation and that they would provide it to the Court.

Counsel for insurers informed the Court of their intent to have claims against insurers dismissed through motion practice.

### XV.   SERVICE OF PLEADINGS ELECTRONICALLY

The LexisNexis File & Serve System has been established for the service of pleadings electronically in the MDL in order to facilitate service to all counsel. All counsel are to serve pleadings both through LexisNexis and the Electronic Filing System (ECF) of the Eastern District

of Louisiana Court.  Pre-Trial Order No. 6 governs service of pleadings electronically and sets forth the procedure required for all counsel to register with LexisNexis.

In addition to the foregoing, the parties have been advised that LexisNexis is in the process of establishing a system that allows for tracking state cases involving Chinese drywall.

## XVI.   MASTER COMPLAINT

PSC is in the process of drafting a Master Complaint.

## XVII.  NEXT STATUS CONFERENCE

The next monthly status conference will be held in the courtroom of the Honorable Judge Eldon E. Fallon on October 15, 2009, at 9:00 a.m.  For interested persons unable to attend, a conference call has been set up to listen in on the conference.  The conference call number is 1-866-213-7163 and the access code is 32928545.  The chairperson will be Judge Fallon.

JS10(00:30)