**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * | MDL NO. 2047<br>SECTION: L |
| | * * | JUDGE FALLON |
| **This document relates to all cases** | * * | MAG. JUDGE WILKINSON |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

**MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO THE RECOVERY AVAILABLE AGAINST GOOD FAITH SELLERS UNDER LOUISIANA LAW**

**MAY IT PLEASE THE COURT:**

Interior/Exterior Building Supply, L.P. submits this Memorandum in support of its Motion for Partial Summary Judgment, and seeks a ruling from the Court that:

> If the evidence shows that a non-manufacturer distributor neither knew nor should have known that the Chinese Drywall it sold was defective, then plaintiffs' potential recovery against that distributor is that relief provided for by Louisiana Civil Code Article 2531, namely, a return of the purchase price with interest from the time it was paid, plus reimbursement of immediate expenses occasioned by the contract of sale itself, and reasonable expenses incurred for preservation of the thing sold.

Plaintiffs' suits against the various distributors who allegedly sold defective Chinese Drywall contain allegations of negligence, breach of implied warranties, liability under the Louisiana Products Liability Act, and redhibition. Interior Exterior recognizes that it must wait until later in this litigation to seek summary dismissal of plaintiffs' negligence and Products Liability Act ("LPLA") claims because, to date, discovery to show that those

claims are meritless has not be completed. Accordingly, Interior Exterior does not ask the Court to decide, at this juncture, whether a particular distributor was a manufacturer under the LPLA, breached express or implied warranties or was negligent. A judgment on those issues must follow discovery. Nonetheless, the Court can resolve a central legal issue, as set forth above, that will serve to narrow the issues for discovery and future motion practice.

## SUMMARY JUDGMENT STANDARD

A party against whom a claim is brought may move for summary judgment in its favor as to all or any part of the claim asserted against it. Fed. R. Civ. Pro. 56(b). Summary Judgment is appropriate if the pleadings, depositions, discovery responses and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56(d).

## LAW AND ARGUMENT

We begin, for purposes of this Motion, by presupposing two facts: first, that the distributor is not a manufacturer under the LPLA, and second, that the distributor neither knew nor should have known that the Chinese Drywall sold by the manufacturer was defective. We then demonstrate below that if a distributor is not a manufacturer under the LPA, and neither knew nor should have known that the Chinese Drywall it sold was defective, then plaintiffs' potential recovery is that relief provided for by Louisiana Civil Code Article 2531.

### A. PLAINTIFFS HAVE NO CAUSE OF ACTION UNDER THE LPLA AGAINST A NON-MANUFACTURER SELLER.

The LPLA prescribes the exclusive theories of liability for product manufacturers. La R.S. 9:2800.51 *et seq*. A "manufacturer" is defined as: "…a person or entity who is in the business of manufacturing a product for placement into trade or commerce. La. R.S. 9:2800.53.

"Manufacturing a product" means producing, making, fabricating, constructing, designing, remanufacturing, reconditioning or refurbishing a product." La. R.S. 9:2800.53.

There are only limited circumstances under which a non-manufacturer seller may be deemed a manufacturer for purposes of the statute:

> (a) A person or entity who labels a product as his own or who otherwise holds himself out to be the manufacturer of the product;
>
> (b) A seller of a product who exercises control over or influences a characteristic of the design, construction or quality of the product that causes damage;
>
> (c) A manufacturer of a product who incorporates into the product a component or part manufactured by another manufacturer; or
>
> (d) A seller of a product of an alien manufacturer if the seller is in the business of importing or distributing the product for resale and the seller is the alter ego of the alien manufacturer. The court shall take into consideration the following in determining whether the seller is the alien manufacturer's alter ego: whether the seller is affiliated with the alien manufacturer by way of common ownership or control; whether the seller assumes or administers product warranty obligations of the alien manufacturer; whether the seller prepares or modifies the product for distribution; or any other relevant evidence. A "product of an alien manufacturer" is a product that is manufactured outside the United States by a manufacturer who is a citizen of another country or who is organized under the laws of another country. La. R.S. 9:2800.53.

Accordingly, unless the evidence shows that a distributor meets the criteria of a manufacturer as set forth above, plaintiffs will have no cause of action against that distributor as a manufacturer under the LPLA.

**B. PLAINTIFFS HAVE NO VIABLE TORT ACTION AGAINST A DISTRIBUTOR WHO NEITHER KNEW NOR SHOULD HAVE KNOWN OF A DEFECT.**

Under Louisiana law, a non-manufacturer seller of a product is not liable in tort absent a showing that it knew or should have known that the product was defective and failed to declare it. *Parks v. Baby Fair Imports, Inc.* 726 So.2d. 62, 64 (La. App. 5 Cir.1998); *Ferruzzi, U.S.A., Inc. v. R.J. Tricon. Co.*, 645 So.2d 685, 688 (La. App. 4 Cir.1994); *Wilson v. State Farm,* 654

So.2d 385 (La. App 3 Cir., 1995), reh'g den., writ den., 661 So.2d 476 (La.1995). Unlike the manufacturer, the seller is not presumed to have knowledge of defects nor is he required to inspect a product to determine the possibility of non-apparent defects. *Kelley v. Price-Macemon, Inc.*, 992 F.2d 1408 (5 Cir.1993), cert. den., 114 S.Ct. 688 (1994); *Hopper v. Crown,* 555 So.2d 46 (La. App 1 Cir.1989).

Further, Louisiana law distinguishes between duties owed in tort and contractual duties, and the remedy available for the breach of each. In *Touro v. Sizeler Architects*, 900 So.2d 200, 206 (La. App. 4 Cir. 2005), the Court explained that a seller's duty to protect consumers from defective products is simply a general duty "owed to all persons." There, plaintiffs had filed suit against, among others, a seller of allegedly faulty vinyl wall covering. The seller, DesignTex, put on a defense of comparative fault, which was ultimately rejected by the Court because it serves as a defense in tort, not contract. Instead, the Court found that, as a seller, DesignTex had a duty to protect its consumer, Touro, from the defective vinyl wall covering. *Id.* "The redhibition articles are found in the Civil Code under the title governing 'Sales and Conventional Obligations'; thus, redhibition actions must be governed by the laws of sale and contract." *Id.* The Court held that such a duty is a contractual duty, distinguishable from a duty in tort, thus allowing for damages in redhibition, not tort. *Id*. Because the laws of sales and contracts provide remedies for actions in redhibition, one must look no further than redhibition to determine the liability of the Distributor Defendants in this suit.

The distinction between a tortious and contractual beach of duty has also been addressed in the context of affirmative defenses available to each. Louisiana Courts, for example, have distinguished an action in redhibition from an action in tort by not allowing a party to assert the defense of comparative fault to a redhibition claim, because "[a] redhibition suit is a contractual

action. Comparative negligence may only be asserted in a tort action." *Hostetler v. W. Gray & Co.*, 523 So.2d 1359, 1368 (La. App. 2 Cir. 1988). The *Hostetler* Court further explained that, "[c]ontractual fault has been defined as 'the mere avoidance of a conventional obligation,' whereas delictual fault is 'the intentional or negligent causing of damages.'" *Id.* Since the transaction at issue in *Hostetler* was the sale of a thing, the Court found that redhibition, and not principles of negligence, was the sole method of recovery for plaintiffs:

> The relevant conventional obligation in this case is found in LSA-C.C. Arts. 2475 and 2476 which provide that the seller warrants that the thing he sells is free from redhibitory vices. Gray did not fulfill this obligation. For breach of this conventional obligation, the Code grants the purchaser the remedy of redhibition. Redhibition is thus a remedy for contractual fault, not delictual fault. *Id.*

The same well-founded principles of law apply to the case at bar. For breach of the warranty of redhibition, the Louisiana Civil Code grants a plaintiff recovery in redhibition. As in *Hostetler*, redhibition will serve as plaintiffs' exclusive cause of action and method of recovery.

**C. <u>THE DAMAGES RECOVERABLE FROM A GOOD FAITH SELLER UNDER CIVIL CODE ARTICLE 2531.</u>**

Plaintiffs' cause of action arises under Louisiana Civil Code Art. 2520, Warranty Against Redhibitory Defects:

> The seller warrants the buyer against redhibitory defects, or vices, in the thing sold.
>
> A defect is redhibitory when it renders the thing useless, or is so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect. The existence of such defect gives the buyer the right to obtain rescission of the sale.
>
> A defect is redhibitory also when, without rendering the thing totally useless, it diminishes its usefulness or its value so that it must be presumed that a buyer would still have bought it but for the a lesser price. The existence of such a defect limits the right of a buyer to a reduction of the price. La. C.C. art. 2520.

Civil Code Article 2531 sets forth the obligations of a good faith seller when a product contains a redhibitory defect:

> A seller who did not know that the thing he sold had a defect is only bound to repair, remedy, or correct the defect. If he is unable or fails so to do, he is then bound to return the price to the buyer with interest from the time it was paid, and to reimburse him for the reasonable expenses occasioned by the sale, as well as those incurred for the preservation of the thing, less the credit to which the seller is entitled if the use made of the thing, or the fruits it has yielded, were of some value to the buyer. La. C.C. art. 2531.

"Under LSA-C.C. Art. 2531 the 'good faith' seller is bound to repair, remedy, or correct the vices in the thing sold, and failing to do so, the purchaser must be reimbursed the purchase price and all reasonable related expenses." *Weber v. Crescent Ford Truck Sales, Inc.*, 393 So.2d 919, 922 (La. App. 4 Cir 1991). In *Pratt v. Himel Marine, Inc.*, 823 So.2d 394 (La. App. 1 Cir. 2002) the state First Circuit Court of Appeal addressed a claim brought by the purchaser of a vessel that contained a redhibitory defect. The Court found that Himel Marine, the seller of the boat, was not a manufacturer and did not know of the redhibitory defect. On the issue of damages, the Court held that:

> As [a good faith seller], Himel Marine was only bound to repair, remedy, or correct the defect. If unable to do so, a good faith seller is then bound to return the price to the buyer with interest from the time it was paid, and to reimburse him for the reasonable expenses occasioned by the sale, as well as those incurred for the preservation of the thing, less the credit to which a seller is entitled if the use made of the thing, or the fruits it has yielded, were of some value to the buyer. *Id.*

"The purpose of the redhibition action in Louisiana, as was the case in Roman law, has been to restore the status quo." *Young v. Ford Motor Co., Inc.*, 595 So.2d 1123 (La.1992) citing Floyd W. Lewis, Comment, Warranty of Quality in Louisiana: Extent of Recovery under the Implied-In-Law Warranty, 23 Tul. L. Rev. 130, 131 (1948) and *Savoie v. Snell*, 213 La. 823, 35 So.2d 745, 746 (1948). "The seller in good faith had only to restore the purchase price paid and

any expenses incurred (Article 2509, La. Civil Code of 1825), while the seller in bad faith was also liable in damages. Article 2523, La. Civil Code of 1825)." *Id*. Thus, an action in redhibition against a good faith seller entitles the buyer to annul the sale and recover the purchase price, but does not entitle the buyer to an award of damages. *Rey v. Cuccia*, 298 So.2d 840 (La.1974); *Prince v. Paretti Pontiac Co.*, 281 So.2d 112 (La.1973); *Burch v. Durham Pontiac Cadillac, Inc.*, 564 So.2d 380 (La. App. 1 Cir. 1990); *Scully v. Campo*, 270 So.2d 267 (La. App. 4 Cir. 1972) ("expenses occasioned by the sale" are the immediate expenses occasioned by the contract of sale itself, not consequential damages). Accordingly, here Interior Exterior, as a good faith seller, may be held liable only for a return of the purchase price, along with interest and the immediate expenses occasioned by the sale itself, but will not be liable for damages.

## CONCLUSION

For the reasons set forth above, Interior Exterior respectfully moves this Honorable Court to issue a Judgment that if the evidence shows that a non-manufacturer distributor neither knew nor should have known that the Chinese Drywall it sold was defective, then plaintiffs' potential recovery against that distributor is that relief provided for by Louisiana Civil Code Article 2531, namely, a return of the purchase price with interest from the time it was paid, plus reimbursement of immediate expenses occasioned by the contract of sale itself, and reasonable expenses incurred for preservation of the thing sold.

Respectfully submitted,

/s/ Richard G. Duplantier, Jr.

Richard G. Duplantier, Jr. #18874
Lambert J. Hassinger, Jr. #21683
Carlina C. Eiselen, #28524
Jeffrey P. Green #30531
Galloway, Johnson, Tompkins, Burr & Smith
701 Poydras Street, Suite 4040 One Shell Square

New Orleans, LA 70139
504 525 6802 / 504 525 2456 Fax
rduplantier@gjtbs.com
jhassinger@gjtbs.com
ceiselen@gjtbs.com
jgreen@gjtbs.com
*Counsel for Interior Exterior Building Supply, L.P.*

**Certificate of Service**

The undersigned certifies that this document has been served on Plaintiffs' liaison counsel Russ Herman and Defendants' Liaison Counsel Kerry Miller, by email and United States Mail, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accord with the procedures established in MDL 2047, on the 28th day of September, 2009.

/s/ Lambert J. Hassinger, Jr.
______________________________
Lambert J. Hassinger, Jr.