UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED DRYWALL : MDL NO: 2047
PRODUCTS LIABILITY LITIGATION :
: SECTION: L
:
: JUDGE: FALLON
: MAG. JUDGE WILKINSON

This pleading relates to: :
CASES IN WHICH DEFENDANTS ARE SERVED[1]

## MANUFACTURER DEFENDANTS' JOINDER IN DISTRIBUTORS' RULE 12(b)(6) MOTION TO DISMISS OR, ALTERNATIVELY, TO STRIKE PLAINTIFFS' TORT CLAIMS FOR ECONOMIC DAMAGES

### BACKGROUND

"Manufacturer Defendants", KNAUF PLASTERBOARD (TIANJIN) CO. LTD ("KPT")., KNAUF PLASTERBOARD (WUHU) CO., LTD ("Knauf Wuhu") and KNAUF GIPS KG ("Knauf Gips")[2] submit this Joinder in the Distributors' Rule 12(b)(6) Motion to Dismiss or, Alternatively, to Strike the Plaintiffs' Tort Claims for Economic Damages. This Memorandum is directed solely to Plaintiffs' property damage claims against Manufacturer Defendants

---

[1] Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd and Knauf Gips KG have been served in *Janet Morris-Chin, et al. v. Knauf Plasterboard (Tianjin) Co., Ltd., et al.*, 09-4119; Knauf Plasterboard (Wuhu) Co., Ltd. has been served in *Karin Vickers, et al. v. Knauf Gips KG, et al.*, 09-4117. This Motion is being filed in those cases only. The cases are representative of the claims made in other cases and other jurisdictions. For purposes of judicial economy, pursuant to the Court's briefing schedule and because the cases are styled as class actions involving multiple states, KPT, Knauf Wuhu and Knauf Gips are addressing the Economic Loss Rule in jurisdictions in which they have been named as defendants, but not yet served.

[2] Knauf Gips joins in this motion to the extent it is required by the Court's scheduling order, under which, its Fed. R. Civ. P. 12(b)(2) Motion will not be heard for several weeks. By joining the Motion, Knauf Gips KG does not waive any of its rights to object, in these or in any other proceedings, to: (i) the sufficiency of process or the service of process upon it; (ii) the jurisdiction of this or any other court over it; and/or (iii) any discovery that may be served upon it on any grounds including, without limitation, that such discovery violates the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

1

premised upon tort theories of recovery pursuant to the laws of Florida, Alabama, Mississippi and Louisiana. The Economic Loss Rule is applied to manufacturers and distributors in the same way in all jurisdictions and claims against KPT, Knauf Wuhu and Knauf Gips should be dismissed for the same reasons outlined in the Distributors' Motion.

The subject complaints in all four States are identical in all material aspects for the purposes of this Joinder including the nature of the tort claims and damage allegations. The tort claims raised in the complaints include strict liability, negligence, gross negligence and negligence per se. The Florida complaints cited by Distributor Defendants include allegations of damages, including repair and replacement costs, repairs for appliances, medical expenses, incidental and other related expenses. *See e.g. Allen v. Knauf GIPS, et al.*, 2:09-CV-54-FtM-99-DNF; *Ankney v. Knauf Gips KG* (09-CV-166-FtM-99SPC). In Louisiana, virtually identical damage claims are made in *Jeanette Mills v. Knauf Gips KG*, 3:09-CV-00721-JJB-SCR. In another Louisiana case, *Marrero v. Knauf Gips KG*, 1:09-CV-5916, Plaintiffs allege incidental and consequential damages for costs of moving during repairs, rental value during the repair period, repair costs and the loss of the use and enjoyment of the property. Similarly, in Mississippi and Alabama, Plaintiffs again allege damages including repair and replacement costs, medical expenses and incidental and related expenses. *Gagnard and Legandre v. Knauf Gips KG* (09-CV-654-LGRHW); *Kokoska v. Knauf Gips KG* (1:09-CV-00371-N) *Rayfield v. Knauf Gips KG* (1:09-CV-00255-KD-C). All of the tort claims and types of relief requested are treated alike under the Economic Loss Rule.

## ARGUMENT

I. **The Economic Loss Rule Bars Recovery Under Tort Law From Manufacturer Defendants For Anything Other Than Personal Injury Or Damage to "Other Property."**

The Economic Loss Rule first came into being in California in *Seely v. White Motor Co.*, 63 Cal. 2d 9, 403 P.2d 145 (Cal. 1965) where the California Supreme Court explained:

> The law of sales has been carefully articulated to govern the economic relations between suppliers and consumers of goods. The history of the doctrine of strict liability and tort indicates that it was designed, not to undermine the warranty provisions of the Sales Act or the Uniform Commercial Code but, rather, to govern the distinct problem of physical injuries.

*Seely*, 403 P.2d at 159-61.

The United States Supreme Court embraced the majority rule in *Seely* in 1986 holding that "a manufacturer in a commercial relationship has no duty under either a negligence or strict products-liability theory to prevent a product from injuring itself and thus, no products liability claim lies "when the only injury claimed is economic loss." *East River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 871, 106 S. Ct. 2295, 2302, 90 L.Ed.2d 865 (1986). Stated another way, the Economic Loss Rule "prohibits tort recovery when a product damages itself, causing economic loss, but does not cause personal injury or damage to any property other than itself." *Casa Clara Condominium Ass'n, Inc. v. Charley Toppino and Sons, Inc.*, 620 So. 2d 1244, 1246 (Fla. 1993) (holding that for purposes of the Economic Loss Rule "the product" is the completed home, not the component part). Here, the alleged tort claims relating solely to damage or repair of the home are barred because they are damage to the "product," *i.e.*, the home itself. This bar applies equally to distributors and manufacturers, and we incorporate by reference all arguments raised by the Distributors. *See East River S.S. Corp. v. Transamerica*

*Delaval, Inc.* 476 U.S. 858; *Casa Clara Condominium Ass'n, Inc. v. Charley Toppino and Sons, Inc.*, 620 So. 2d 1244.

### A. Florida: Plaintiffs' claims for economic damages arising out of negligence and strict liability claims are barred as to manufacturers by the Economic Loss Rule.

The Florida Supreme Court adopted the Economic Loss Rule from *East River* which states that "a manufacturer in a commercial relationship has no duty under either a negligence or strict products liability theory to prevent a product from injuring itself." *Florida Power & Light Co. v. Westinghouse Electric Corp.*, 510 So. 2d 899, 901 (Fla. 1987) (quoting *East River*, 476 U.S. at 871.) (holding that appellant could not recover economic losses from the manufacturer in a tort action absent a claim for personal injury or property damage to property other than the allegedly defective goods). *Casa Clara* made it clear that in the case of building materials used in home construction, "the product" is the completed home, not the component parts. *Casa Clara*, 620 So. 2d at 1246; *In re Masonite Corp. Hardboard Siding Prods. Liab. Litig.*, 21 F. Supp. 2d 593 (E.D. La. 1998) (granting manufacturers' motion for summary judgment stating that plaintiffs seeking only economic loss are precluded from seeking tort damages due to the Economic Loss Rule); *Pulte Home Corp. v. Osmose Wood Preserving, Inc.*, et al. case no. 89-788-CIV-T-17A, 1992 U.S. Dist. LEXIS 19441 (M.D. Fla. 1992) (affirming the judgment as a matter of law barring homebuilder's action for negligence against manufacturer because of the Economic Loss Rule). The character of the loss is determined by looking at the product purchased by the plaintiff, not the product manufactured or sold by the defendant. *In re Masonite Corp. Hardboard Siding Prods. Liab. Litig.*, 21 F. Supp. at 593. In these cases, the product purchased by the plaintiff, is the home, not the component drywall or other component parts. Florida applies the Economic Loss Rule equally to distributors and manufacturers. *See Airport Rent-A-Car Inc. v. Prevost Car, Inc.*, 660 So. 2d 628, 631 (Fla. 1995) (holding that a

4

cause of action for negligence against the manufacturer of defective busses was barred by the Economic Loss Rule); *N. Atl. Marine, Ltd. V. Sealine Int'l, Ltd.*, No. 06-20200, 2007 U.S. Dist. LEXIS 23046, 28-30 (S.D. Fla. Mar. 29, 2007) (finding that plaintiff's strict product liability claims against a boat manufacturer were barred under the Economic Loss Rule).

**B.    Alabama: Plaintiffs' claims for economic damages arising out of negligence and strict liability claims are barred as to manufacturers by the Economic Loss Rule.**

As in Florida, Alabama courts have adopted the Economic Loss Rule. *Lloyd Wood Coal Co. v. Clark Equipment Co.*, 543 So. 2d 671 (Ala. 1989) (affirming grant of summary judgment to defendant on plaintiffs' negligence claim based on the Economic Loss Rule where the only damage was to the product itself.). Similarly, Alabama courts bar claims against manufacturers under the Economic Loss Doctrine. *See Bay Lines, Inc. v. Stoughton Trailers, Inc.*, 838 So. 2d 1013, 1019 (Ala. 2002); *see also, In re Fema Trailer Formaldehyde Prods. Liab. Litig.*, 2008 U.S. Dist. LEXIS 103249 (E.D. La. Dec. 12 2008) (dismissing plaintiffs claims against manufacturer defendants under Alabama law for economic losses alleged under strict liability and negligence based on the Economic Loss Rule). *Bay Lines*, is on point with the cases brought against KPT, Knauf Wuhu and Knauf Gips. In *Bay Lines*, plaintiffs alleged that defects in panels caused the loss of its investment in the trailers and additional losses such as replacement costs of the trailers. The court stated that when a product damages only itself the reasons to impose a tort duty are weak and do not reflect the primary concern of tort law, safety. The Court then dismissed all tort claims against the manufacturer defendants under the Economic Loss Doctrine because "increased costs of doing business and customer displeasure are precisely the sorts of risks that can be considered before entering into a contract and that can be allocated in the contract." *Bay Lines, Inc.*, 838 So. 2d at 1019. Similarly, this Court should apply the Economic Loss Rule in Alabama cases brought against KPT, Knauf Wuhu and Knauf Gips.

> C. **Mississippi: Plaintiffs' claims for economic damages arising out of negligence and strict liability are barred as to manufacturers by the Economic Loss Rule**

Both state and federal courts in Mississippi apply the Economic Loss Rule as set forth in *Seely* and *East River* to bar tort claims against manufacturers. In Mississippi, a plaintiff who had suffered only economic loss may not recover under a strict liability or negligence theory against a manufacturer. *Progressive Ins. Co. v. Monaco Coach Corp.*, 2006 U.S. Dist. LEXIS 21251, at *8 (S.D. Miss. March 29, 2006) (Court granted defendant manufacturers' motion to dismiss tort claims based upon the Economic Loss Rule); *Lee v. General Motors Corp.*, 950 F. Supp. 170, 172-173 (S.D. Miss. 1996) (In granting defendant manufacturer's motion to dismiss court holds that a plaintiff who suffers only economic loss as the result of a defective product may have no recovery in strict liability or negligence under the Economic Loss Rule). For example, in *State Farm*, a defective oil cap resulted in a fire destroying a vehicle. The defendant car manufacturer was not liable for claims based on strict liability and negligence because the only damage sustained was to the product itself – the car. *State Farm Mutual Auto Ins. v. Ford Motor Co.*, 736 So. 2d 384, 387-388 (Miss. Ct. App. 1999). Here, the "product" is the home, not the drywall, and damage to the home is not compensable in tort. Therefore, Mississippi homeowners' property damage claims based on tort claims must be dismissed as to KPT, Knauf Wuhu and Knauf Gips.

> D. **Louisiana: Plaintiffs' claims for economic damages arising out of claims for strict liability are barred as to manufacturers by the Economic Loss Rule.**

In Louisiana, the statutory scheme shows clear support for the Economic Loss Rule. Article 3545 of the Louisiana Civil Code governs choice of law conflicts in products liability cases. See LA. CIV. CODE. Art. 3545 (2006). The Comments state:

> This Article applies to any injury caused by a product, rather than to the product itself. The latter type of damage is likely to be characterized as

6

contractual in nature and thus would be governed by the Title on conventional obligations. *Id.* cmt, (a).

The rationale that contract remedies are the sole redress for property damage is the same rationale supporting the Economic Loss Rule, that tort recovery is not the proper remedy for purely economic loss.

In Louisiana, the Louisiana Products Liability Act (LPLA) provides the exclusive theories of liability for manufacturers in products liability cases. *Broussard v. Proctor & Gamble Co.*, 463 F. Supp. 2d 596 (W.D. La. 2006), affirmed 517 F. 3d 767. The LPLA defines damage in products liability cases as "including damage to the product itself and economic loss arising from a deficiency in or loss of use of the product only to the extent that [the Civil Code Articles in redhibition] do not allow recovery for such damage or economic loss". LA. Rev. State. Ann. §9:2800.53(5). Therefore, since Louisiana's redhibition statutes allow for the recovery of economic damages, the LPLA does not.

## CONCLUSION

Under the laws of Florida, Alabama, Mississippi and Louisiana the Economic Loss Rule dictates that Plaintiffs' have no legal right to recover against KPT, Knauf Wuhu and Knauf Gips for property damage to their homes under tort theories of liability. The Economic Loss Rule bars recovery from manufacturers under tort law for anything other than personal injury or damage to "other property." The relevant product in this analysis is the product purchased by the Plaintiffs -- the homes, not the component pieces of drywall manufactured by Defendants. The Economic Loss Rule bars any tort claim against manufacturers for damage to the homes allegedly caused by defective Chinese drywall being incorporated into those homes. For the above stated reasons and those set forth in the Motions and Memoranda of Distributors that are incorporated by reference herein, KPT, Knauf Wuhu and Knauf Gips respectfully request that this Court grant

their Motion to Dismiss, or alternatively, to strike Plaintiffs' tort claims against Manufacturer Defendants for damages not involving personal injury or "other property."

        Respectfully submitted,

        BY: /s/ Kerry J. Miller
        KERRY J. MILLER (#24562)
        KYLE A. SPAULDING (#29000)
        **FRILOT L.L.C.**
        1100 Poydras Street
        Suite 3700
        New Orleans, LA 70163
        Telephone: (504)599-8194
        Facsimile: (504)599-8145
        Email: kmiller@frilot.com

        Defendants' Liaison Counsel

        -AND-

        DONALD J. HAYDEN (FL Bar No. 0097136)
        **BAKER & MCKENZIE LLP**
        Mellon Financial Center
        1111 Brickell Avenue, Suite 1700
        Miami, FL 33131
        Telephone:  (305) 789-8966
        Facsimile:  (305) 789-8953
        Email: donald.j.hayden@bakernet.com

        DOUGLAS B. SANDERS (IL Bar No. 6256621)
        RICHARD M. FRANKLIN (IL Bar No. 0864390)
        **BAKER & MCKENZIE LLP**
        130 E. Randolph Drive
        One Prudential Plaza
        Chicago, IL 60601
        Telephone:  (312) 861-8075
        Facsimile:  (312) 698-2375
        Email: douglas.b.sanders@bakernet.com

## CERTIFICATE

I hereby certify that the above and foregoing Joint Motion for Entry of Drywall Identification Markings has been served upon all parties by electronically uploading the same to

LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 2047, on this 30th day of September, 2009.

/s/ *Kerry J. Miller*
Kerry Miller (Bar No. 24562)
Kyle Spaulding (Bar No. 29000)
***Frilot L.L.C.***
1100 Poydras Street
Suite 3700
New Orleans, LA  70613-3600
PH:   (504) 599-8000
FAX:  (504) 599-8100

**Defendants' Liaison Counsel**