IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE MANUFACTURED
DRYWALL PRODUCTS LIABILITY : MDL No. 2047
LITIGATION : Section L
_____/

This Document Relates to : JUDGE FALLON
ALL CASES : MAG. JUDGE WILKINSON

## LA SUPREMA'S MOTION FOR PROTECTIVE ORDER
## AND INCORPORATED MEMORANDUM IN SUPPORT

Defendants, LA SUPREMA ENTERPRISE, INC. and LA SUPREMA TRADING, INC. (collectively, "La Suprema"), by and through their undersigned counsel, pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 7.4, hereby move for a Protective Order regarding the Plaintiffs' Steering Committee's Notices of Oral and Videotaped Deposition Pursuant to Fed.R.Civ.P. 30(b)(6) and First Request for the Production of Documents and Things as more fully set forth below, propounded upon La Suprema in the above-styled Multidistrict Litigation, and in support thereof state:

   I.   *Statement of Reasons in Support of the Motion.*

      A.  *The PSC's discovery requests are overbroad and irrelevant.*

On September 2, 2009, the Plaintiffs' Steering Committee ("PSC") filed Notices of Oral and Videotaped Deposition Pursuant to Fed.R.Civ.P. 30(b)(6) (D.E. 191, 192, hereinafter, "Notices") and propounded its First Request for the Production of Documents and Things ("First Request") as to each La Suprema entity. The Notices purport to require La Suprema to designate a corporate representative most knowledgeable about various topics designated therein, and to have such representative appear for a videotaped deposition in New Orleans on September 14, 2009. The First Request purports to require

La Suprema to produce voluminous documentation pertaining to all aspects of its business going as far back as 2001.[1] The Notices and First Request each reflect that they apply to all cases currently included in MDL No. 2047.

Subsequently, the PSC filed its Motion to Expedite Discovery (D.E. 220) on September 11, 2009 and this court granted the PSC's Motion at the hearing held on September 24, 2009. Further, pursuant to the Court's directive concerning the substance of the requests and any objections thereto, the PSC and counsel for La Suprema met and conferred to attempt to resolve specific objections. As a result, a number of issues were resolved. As part of this resolution, the PSC acknowledged that as to certain requests, La Suprema will preserve its objection, but will in good faith produce documentation that La Suprema believes will satisfy Plaintiffs' request.[2] Thereafter to the extent Plaintiffs are unsatisfied with the documents produced, a second attempt to resolve any such dispute will again be made subsequent to the initial production. Accordingly, this motion addresses only those issues which the PSC and La Suprema could not reach any agreement. In filing this motion, La Suprema is mindful that this Court wishes for discovery to commence immediately.

This Motion therefore addresses only two categories of requests, to wit: (a) requests seeking financial or net worth discovery; and (b) requests that require La Suprema to produce documents for drywall purchased from Chinese drywall manufacturers whom are not defendants in this MDL proceeding. As to the first category,

---

[1] Although the PSC has, without prejudice to later seek additional documents, tentatively agreed to shorten the time frame of production from January 1st, 2005 to the present.

[2] For example, La Suprema believes request number 29 to be overly broad, but after speaking to the PSC representative it was agreed that La Suprema would object in its response but would produce those documents that are believed to be responsive based upon the meet and confer on Friday, Sept 25th 2009 and a subsequent telephone conference on Tuesday, September 29, 2009. Thereafter, after reviewing documents produced, a PSC representative and La Suprema counsel will meet and confer again to attempt to resolve any remaining dispute prior to submitting the dispute to the court.

La Suprema objects to any request in its entirety that seeks discovery of confidential financial records because same is premature and is considered prohibited net worth discovery under federal law. La Suprema maintains that its financial condition is not an issue and is not designed to lead to the discovery of admissible or relevant evidence. [3]

As to the latter category, La Suprema purchased drywall from three Chinese manufacturers, namely Knauf Plasterboard (Tianjin) Co., Ltd., Pingyi Baier Building Materials Co., Ltd. and Beijing Building Materials Import & Export Co., Ltd.. La Suprema also purchased drywall from factories in Mexico and Brazil. La Suprema's business also included imports and exports of goods other than drywall. Of the three aforementioned Chinese manufacturers of drywall, only one, Knauf Plasterboard (Tianjin) Co., Ltd. is claimed to have defective drywall. The other two manufacturers are not defendants in MDL 2047 or in any state court actions of which the undersigned is aware. La Suprema therefore objects only as to production of documents that relate to shipments of drywall purchased from Pingyi Baier Building Materials Co., Ltd. and Beijing Building Materials Import & Export Co., Ltd.

Both La Suprema entities are Florida corporations with principal places of business in Miami-Dade County, Florida. The entities have no physical office, no employees and were, for the most part, a "one man show". La Suprema is no longer in business and has no insurance to cover the claims asserted in MDL no. 2047. It does not have the financial wherewithal to sustain the substantial litigation in which it is currently embroiled, and is trying to defend itself in cases in which it is actually a party. La Suprema seeks to avoid litigation expenses to the extent possible. La Suprema is aware of

---

[3] Although request number 7 could potentially include filings of tax returns, the PSC has agreed that tax returns of any kind are not requested as "filings" within the scope of request number 7 and therefore no objection to same is included herein.

only ten (10) individual cases included in MDL No. 2047 in which it is a named defendant, to wit: *Shane M. Allen, et al. v. Knauf Plasterboard (Tianjin) Co., Ltd., et al.*, C.A. No. 2:09-54; *Duane Ankney v. Knauf Gips KG, et al.*, C.A. No. 2:09-166, both of which are pending in the Fort Myers Division of the United States District Court for the Middle District of Florida; *Ana Maria Plaza v. Knauf Gips KG, et al.*, 1:09-cv-22159; *Justin Metzl v. Knauf Gips KG, et al.,* 1:09-cv-22570, both of which are pending in the Miami Division of the United States District Court for the Southern District of Florida; *Ed Belfour, et al. v. Knauf Gips KG, et al.,* 0:09-cv-61362; *Christopher Davy, et al. v. Knauf Gips KG, et al.,* 0:09-cv-61363; *Vernon Carey, et al. v. Knauf Gips KG, et al.,* 0:09-cv-61365, all of which are pending in the Fort Lauderdale Division of the United States District Court for the Southern District of Florida; and *Stephanie Steiner, et al. v. Beijing New Building Material, PLC, et al.,* 9:09-cv-81259; *Ellen DiCarlo, et al. v. Pulte Home Corp., et al.,* 9:09-cv-81260; and *Steven Difilippo, et al. v. Knauf Gips KG, et al.,* 9:09-cv-81261, all of which are pending in the West Palm Beach Division of the United States District Court for the Southern District of Florida. La Suprema has a pending 12(b)(6) Motion to Dismiss in the *Ankney* matter, and has not been properly served in any of the other matters. Furthermore, La Suprema has not yet filed an answer in any of the foregoing cases.

Accordingly, <u>any</u> discovery requests directed to La Suprema must be narrowly tailored to be relevant to the claims and defenses at issue. To the extent Plaintiffs seek documentation from La Suprema concerning Chinese manufacturers not alleged to have produced defective drywall and whom are not parties to this MDL proceeding (nor even mentioned in any pleading), a protective order is appropriate. The PSC's discovery

requests are overly broad to the extent they seek information concerning transactions completely unrelated to the pleadings in these MDL proceedings. In such cases they are not entitled to discovery from La Suprema because the information sought cannot possibly be relevant. Likewise, financial worth discovery is premature and violates La Suprema's constitutional right of privacy.

The PSC's asserted justification for expedited discovery – the Court's "ambitious" bellwether trial schedule – does not implicate La Suprema. It is not a party to any cases pending in the Eastern District of Louisiana, nor does it consent to waive venue objections that will be vigorously asserted to the extent any plaintiff attempts to try a case against it within this MDL proceeding. Pursuant to 28 U.S.C. §1407(a), La Suprema is a party hereto for *pretrial* coordination or consolidation only. Thus, the PSC has no "immediate need" for discovery from this particular Defendant.

The Notices and First Request filed by the PSC are overbroad in scope without any limitations tailoring the requested information to the specific actions in which La Suprema is a party or pertaining to manufacturers of allegedly defective drywall. La Suprema therefore seeks a protective order as to the foregoing and all future discovery requests in MDL No. 2047.

                B.      <u>Depositions of La Suprema must take place in Miami.</u>

Additionally, La Suprema's 30(b)(6) corporate representative cannot reasonably be compelled to appear for a deposition in New Orleans when it maintains its principal place of business in Miami and it does not seek affirmative relief from the Plaintiffs in those cases to which it is a party. La Suprema therefore also seeks a protective order

geographically limiting depositions of its corporate representative to take place only in Miami, Florida.

   C. <u>Specific objections.</u>

La Suprema objects to the Notices and First Request as follows and seeks a protective order accordingly.

   i. <u>Notices</u>

La Suprema objects to the following aspects of "Definitions and Instructions":

1.(j) provides:

> "'Defendant,' 'you,' or 'your' means the individual party to whom this request is directed and being responded to, and any of its domestic or international predecessors in interest, successors in interest, subsidiaries, divisions, subdivisions, affiliates, officers, directors, employees, representatives, independent contractors, consultants, or agents, whether present or former, <u>*including but not limited to their attorneys and accountants*</u>." (emphasis added)

This definition is overbroad, encompasses potentially privileged information and materials, and therefore exceeds the scope of information properly discoverable under the Federal Rules of Civil Procedure.

La Suprema objects to the following aspects of "Deposition Topics":

B.(12) provides:

> "Financial data relating to your transactions involving Chinese Drywall during the Relevant Time Period, including:
>  a. Sales data;
>  b. Shipping costs;
>  c. Storage costs;
>  d. Purchase costs; and
>  e. Refunds paid or received;"

This topic purports to require testimony regarding financial data relating to transactions involving Chinese Drywall. This requirement is overbroad, implicates irrelevant information, and should therefore be precluded.

ii. <u>First Request</u>

La Suprema adopts and incorporates by reference its above-stated specific objections to the extent applicable to the corresponding portions of the PSC's First Request.

Additionally, La Suprema objects to the following items listed under "Documents to be Produced":

Category 6 provides:

> "All documents concerning any report or analysis of Defendant's financial condition or business prospects, including any subsidiary or affiliate of Defendant, prepared by you or any third party, including any analysis prepared by financial or industry analysts, during the Relevant Time Period."

Category 6 seeks production of documents that constitute improper prejudgment financial worth discovery, which information is totally irrelevant to the claims and defenses at issue. This request should therefore be stricken.

As discussed above, La Suprema furthermore objects to production concerning shipments of drywall manufactured in China by entities not named as party defendants to any constituent action within MDL no. 2047 and whose drywall product has not been alleged to be defective. The relevant requests for which La Suprema seeks an order of protection in the second category are:

> "14. All documents concerning any contracts or agreements with respect to Chinese drywall, including indemnity agreements, agreements to assume liability,

agreements to assume the defense, and joint defense agreements made by Defendant, insurers for Defendant, or any other entities that may be financially affected by any of the claims asserted in this litigation, including but not limited to, Chinese drywall manufacturers, distributors, importers, exporters, brokers, retailers, builders, contractors, and installers. …

16. All documents evidencing the amount of Chinese drywall purchased, exported, imported, brokered, stored, sold, and/or distributed by Defendant during the Relevant Time Period. …

18. All documents identifying the entity or entities from whom Defendant received, imported, or purchased Chinese drywall during the Relevant Time Period, including documents identifying direct manufacturer purchases and purchases through suppliers.

19. All documents, including invoices, bills of lading, receipts, shipping documents, and customs documents, which relate to purchases, imports, and/or receipts of Chinese drywall during the Relevant Time Period.

20. All documents received by Defendant with any and all purchases, imports, and/or receipts of Chinese drywall during the Relevant Time Period, including but not limited to product information sheets, instructions for use and/or storage, disclosures, material safety data sheets, and warranties.

21. All documents identifying the entity or entities to whom Defendant exported, sold, transferred and/or distributed Chinese drywall during the Relevant Time Period.

22. All documents, including sales orders, invoices, bills of lading, shipping documents, and customs documents, which relate to exports, sales, transfers, and distributions of Chinese drywall during the Relevant Time Period.

23. All documents provided by Defendant with any and all exports, sales, shipments, transfers, and/or distributions of Chinese drywall during the Relevant

Time Period, including but not limited to product information sheets, instructions for use and/or storage, disclosures, material safety data sheets, and warranties.

24. All documents identifying all entity or entities for whom Defendant brokered any transactions involving Chinese drywall during the Relevant Time Period.

25. All documents including sales orders, invoices, purchase orders, bills of lading, contracts, shipping documents, and customs documents, that relate to any transactions involving Chinese drywall brokered by Defendant during the Relative Time Period.

26. All product information sheets, instructions for use and/or storage, disclosures, material safety data sheets, and warranties, relating to any Chinese drywall transaction brokered by Defendant during the Relevant Time Period.

27. All documents relating to any inventory control systems or procedures utilized by Defendant to track its orders, purchases, imports, sales, exports, shipments, transfers, and/or distributions of Chinese drywall. …

32. All documents evidencing or identifying the cities and states to which Chinese drywall was exported, stored, sold, transferred, and/or distributed by Defendant or any affiliated company during the Relevant Time Period. …

35. All documents and communications concerning any and all labeling, wording, markings, or lack thereof, that was placed on, affixed to, imprinted on, or accompanied sheets of Chinese drywall purchased, exported, shipped, imported, brokered, stored, sold, transferred, and/or distributed by Defendant during the Relevant Time Period. …"

As set forth above, La Suprema does not object to production of documents from the above enumerated requests to extent they relate to drywall purchased from Knauf Plasterboard (Tianjin) Co., Ltd. and La Suprema will produce those documents.

However, to the extent La Suprema is in possession of documentation responsive to the above requests which relates only to either Pingyi Baier or Beijing Building Materials, La Suprema seeks a protective order absolving it of any obligation to produce same.

    II.    *Citation of Authorities in Support of the Motion.*

        A.    Financial worth discovery.

Federal courts have uniformly held, for decades, that discovery of a party's financial worth is improper unless such information is relevant to a pending claim. *See* Allen v. Garden City Co-op, Inc., 2009 WL 722024 at 3 (D.Kan.) (financial discovery improper where plaintiff failed to establish that her punitive damage claim was "not spurious"); Grosek v. Panther Transp., Inc., 251 F.R.D. 162, 165 (M.D.Pa. 2008) (citing multiple federal decisions disallowing financial worth discovery where same was unrelated and therefore irrelevant to the claims at issue); In re E.S. Bankest, L.C., 2008 WL 746444 at 2-3 (Bkrtcy.S.D.Fla.) (bankruptcy court granted motion for protective order and disallowed financial worth discovery as irrelevant with respect to claims not seeking punitive damages); Danes v. Senior Residential Care of America, Inc., 2007 WL 30880 at 3 (E.D.Wis.) (where any punitive damages claims would be excluded by the court, financial worth discovery irrelevant and therefore precluded); Lane v. Capital Acquisitions, 242 F.R.D. 667, 669 (S.D.Fla. 2005) (financial worth discovery irrelevant to the claims being asserted where plaintiffs did not seek punitive damages); McCurdy v. Wedgewood Capital Management Co., Inc., 1998 WL 964185 at 10 (E.D.Pa.) (citing multiple federal decisions holding financial worth discovery irrelevant to claims at issue).

No claims for punitive damages have been asserted against La Suprema in any cases within MDL no. 2047. Accordingly, financial worth discovery is irrelevant and

harassing. All of the PSC's discovery requests that seek disclosure of financial information from La Suprema should therefore be precluded.

        B.      Relevance

While La Suprema in good faith believes that all discovery as against La Suprema may be premature at this time, since La Suprema has agreed to produce certain documents as more fully set forth above, the following argument is intended to apply only to the specific categories of documents to which specific objection is made above.

Federal Rule of Civil Procedure 26 provides, in pertinent part:

> **"(b) Discovery Scope and Limits.**
>
> > **(1)** *Scope in General.* … *Parties* may obtain discovery regarding any nonprivileged matter that is *relevant to any party's claim or defense* …" (emphasis added)

Rule 26 therefore clearly limits the scope of allowable discovery to that which is relevant to the claims or defenses of the parties involved in the litigation. While La Suprema is undoubtedly a party to MDL No. 2047, the discovery sought includes documentation which pertains to manufacturers which have not been alleged to have produced any defective drywall simply because they are domiciled in China. Accordingly, the PSC's discovery requests targeted to La Suprema are indisputably overbroad to the extent they relate to all cases within the MDL. *See, e.g.,* In re Factor VIII or IX Concentrate Blood Products Litigation, 169 F.R.D. 632, 638 (N.D.Ill. 1996):

> "The multidistrict proceeding is not the appropriate mechanism for the conduct of *case-specific* discovery. By definition, that discovery is not of general interest to the parties in all of the individual cases which comprise the MDL. In this litigation, for instance, it would make no sense for members of Plaintiffs' Steering Committee to attend the depositions of the plaintiffs in each of the

> individual cases, or the depositions of their treating physicians … Nor would it be necessary for a fractionator not named in a particular case to attend the depositions of the plaintiff and treating physician in that case. These witnesses would not be testifying about *common* issues." (emphasis in original)

Any discovery directed towards La Suprema can only be case-specific because it is a defendant in only ten cases in this MDL. Therefore it does not possess discoverable information concerning issues common to every claim or defense. Indeed, only a fraction of the claims underlying MDL No. 2047 are specifically directed against La Suprema and there exists no claim whatsoever against Pingyi Baier Building Materials Co., Ltd. and Beijing Building Materials Import & Export Co., Ltd.. In the absence of any claim against La Suprema concerning these two Chinese manufacturers, Plaintiffs' requests for discovery concerning La Suprema's business transactions with these non-party Chinese manufacturers is putting the proverbial cart before the horse. *See* In re Medtronic, Inc. Sprint Fidelis Leads Products Liability Litigation, 2009 WL 294353 at 2-3 (D.Minn.):

> "…Plaintiffs are seeking to put the proverbial cart before the horse. A plaintiff must adequately plead a claim before obtaining discovery, not the other way around. Simply stated, discovery is not to be used 'to find a cause of action.' … Rather, '[t]he discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable *without discovery*, not to find out if it has any basis for a claim.' … Such a rule … is designed to ensure that viable claims have been alleged before dragging defendants through the costly and time-consuming discovery process. … Such concerns are particularly apt in a multidistrict litigation like this one, involving hundreds of cases, thousands of plaintiffs, and millions of dollars – the cost of discovery on the horizon is substantial and the potential for abuse is great. For this reason, courts have repeatedly held that, 'the price of entry, *even to discovery*, is for the plaintiff to allege a *factual* predicate concrete enough to warrant further proceedings …" (emphasis in original)

*See also* Claude P. Bamberger Intern., Inc. v. Roham and Haas Co., 1998 WL 684263 at 2 (D.N.J.) (discovery is not intended as a "fishing expedition" permitting speculative pleading of a case first and then pursuing discovery to support it; rather, the plaintiff must have a factual basis for the claim before discovery is proper). Here, the PSC's discovery requests represent just the sort of "fishing expedition" proscribed by the aforementioned authorities (and cases cited therein) – there is no nexus between the claims plead and the discovery for which La Suprema seeks an order of protection. The PSC's discovery requests have instead been propounded in a factual vacuum, ostensibly in the hope of uncovering information that may lead to additional claims. La Suprema therefore respectfully requests that the Court prevent the PSC from using MDL No. 2047 to conduct a Chinese Drywall "witch hunt."

      C.      Dispositive Motions.

La Suprema either has filed or will be filing motions seeking dismissal pursuant to Rule 12(b)(6) of those constituent actions in which it is a named defendant. 12(b)(6) motions merely test the legal sufficiency of a claim; all well-plead factual allegations are assumed to be true for purposes of resolving the motion. *See* Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). Thus, no facts are at issue during the pendency of a motion to dismiss for failure to state a claim.

Accordingly, fact discovery is burdensome and unnecessary at this stage of the litigation. *See* Holton v. Wisconsin, 2008 WL 191258 at 1 (E.D.Wis.) (discovery premature during pendency of a motion to dismiss where the discovery sought had no bearing on resolution of the motion); King v. Dormire, 2007 WL 1342463 at 2 (W.D.Mo.) (discovery does not begin until after responsive pleading filed); Sprague v.

Brook, 149 F.R.D. 575, 577-578 (N.D.Ill. 1993) (stay of discovery proper during pendency of motion to dismiss where requested discovery unlikely to produce facts necessary to defeat motion). While La Suprema is aware of the Court's desire for prompt resolution and recovery where applicable, well-founded principles of law concerning discovery should not fall victim to the speedy pursuit of Plaintiffs' claims.

D.  Bellwether trials.

The PSC's asserted justification for expedited discovery is unavailing as to La Suprema. Although those constituent actions within MDL No. 2047 which originated in this District (as well as those actions in which the parties consent to venue herein) may properly be tried before this Court, those actions pending in foreign districts must be remanded to their originating jurisdictions upon conclusion of coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407. *See* Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach et al., 523 U.S. 26, 40 (1998); Adams v. Big Lots Stores, Inc., 2009 WL 2160430 at 6 (E.D.La.); In re Vioxx Products Liability Litigation, 478 F.Supp.2d 897, 903 (E.D.La.2007). Since none of the cases involving La Suprema are pending in the Eastern District of Louisiana and La Suprema has not waived venue, it is unlikely that La Suprema will be included in any bellwether trial and accordingly there is no urgent need to put this cart before the horse.

E.  Depositions.

To the extent Plaintiffs in those cases naming La Suprema as a defendant wish to take 30(b)(6) depositions (after responsive pleadings have been filed in such cases), the proper location to do so is Miami, Florida. *See* Gulfstream Worldwide Realty, Inc. v. Philips Electronics North America Corp., 2007 WL 5704041 at 5 (D.N.M.); Kuest Corp.

v. Aitrol, Inc., 2006 WL 3592941 at 1 (W.D.Tex.); Hartman Engineering, Inc. v. Metropolitan Life Ins. Co., 2002 WL 1000978 at 6 (E.D.La.).

**RULE 26(C) CERTIFICATION**

The undersigned hereby certifies pursuant to Federal Rule of Civil Procedure 26(c) that a good faith effort was made to confer with representatives of the PSC in order to resolve the matters raised herein without court action.

WHEREFORE, Defendants, LA SUPREMA ENTERPRISE, INC. and LA SUPREMA TRADING, INC., respectfully request entry of a Protective Order in accordance with the foregoing considerations, and such other and further relief this Court deems just and proper.

Respectfully Submitted,

> ROSENTHAL ROSENTHAL RASCO KAPLAN, LLC
> One Aventura, Suite 600
> 20900 NE 30th Avenue
> Aventura, Florida 33180
> Tel:     305-937-0300          Fax:    305-937-1311
>
> By:     /s/ Eduardo I. Rasco
>            EDUARDO I. RASCO, ESQ.
>            FLORIDA BAR NO. 646326
>            STEVE BIMSTON, ESQ.
>            FLORIDA BAR NO. 179205

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 2nd day of October, 2009.

ROSENTHAL ROSENTHAL RASCO KAPLAN, LLC
One Aventura, Suite 600
20900 NE 30th Avenue
Aventura, Florida 33180
Tel:    305-937-0300         Fax:    305-937-1311

By:     /s/ Eduardo I. Rasco
            EDUARDO I. RASCO, ESQ.
            FLORIDA BAR NO. 646326
            STEVE BIMSTON, ESQ.
            FLORIDA BAR NO. 179205