**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | : | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : | MDL No. 2047 |
| | : | SECTION L |
| THIS DOCUMENT RELATES TO ALL CASES | : : : : | JUDGE FALLON MAG. JUDGE WILKINSON |

**PLAINTIFFS' STEERING COMMITTEE'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL PLAINTIFFS' PROFILE FORMS**

The Plaintiffs' Steering Committee ("PSC") respectfully submits this Memorandum in Opposition to the September 21, 2009 Motion to Compel Plaintiffs' Profile Forms filed by the Homebuilders' Steering Committee ("HSC") and the Defense Steering Committee ("DSC") (collectively "Defendants"). In their motion papers, Defendants seek extraordinary relief that would require hundreds of claimants, who have not yet filed actions in *any court*, to submit Plaintiff Profile Forms in MDL No. 2047. Such a requirement would be unduly burdensome on Plaintiffs and beyond the authority of this Court. Further, Defendants request that potential trial cases be limited to only those cases where they have received Plaintiff Profile Forms as of September 21, 2009. Such a restriction is premature and inappropriate at this stage of the litigation, when discovery is just beginning and new defendants continue to be identified. Additionally, Defendants complain about deficiencies in a fraction of those Plaintiff Profile Forms already submitted. Plaintiffs maintain that any alleged deficiencies are best addressed, as

1

they have been in other complex litigations, directly with submitting counsel and liaison counsel, rather than wasting the Court's resources on such matters.[1]

Therefore, and as explained more fully herein, Defendants' motion should be denied in its entirety.

## ARGUMENT

### I. PLAINTIFFS HAVE COMPLIED WITH THIS COURT'S ORDER CONCERNING SUBMISSION OF PLAINTIFF PROFILE FORMS

On August 17, 2009, this Court ordered, in part, that "every person *making a claim in this litigation*" complete a Plaintiff Profile Form (PPF). Pretrial Order No. 11, Plaintiff Profile Form, at 1 (emphasis added). The requirements of the PPF were negotiated over several days by the counsel for Plaintiffs and Defendants and were never intended to extend to an individual who has not filed or was still determining whether they have viable claims and where such claims should be brought, or non-MDL litigants who have elected to pursue their claims in state courts. Any other reading of the PPF would be illogical and beyond the authority of this Court. Indeed, on September 24, 2009, this Court instructed the parties that "[a]s new parties are added to the MDL, those parties *will respond to the appropriate profile form within 15 days of becoming a party to the MDL*." (M.E. 09/24/2009 at Section III) (emphasis added).

Consistent with this Court's Orders and instructions, the PSC has submitted approximately 422 PPFs for the 164 cases presently in the MDL (as identified in the Court's ECF System). Additionally, and as discussed at the September 24, 2009 Case Management Conference, Plaintiffs are now preparing complaints on behalf of hundreds of additional plaintiffs and expect to file these actions in the MDL within the next two weeks. As instructed

---

[1] PLC asked DLC to provide it with a listing of PPF deficiencies, cross-referenced to particular case number and counsel contact information, so that it could contact submitting counsel and expedite their resolution. However, to date, this information has not been provided to PLC representatives.

by the Court, Plaintiffs are obliged to submit their corresponding PPFs for these new actions no later than 15 days after filing their complaints. Thus, by the time of the next case management conference, Defendants' complaints will largely be moot, as hundred of additional plaintiffs will have been identified and their associated PPFs pending.

Based upon a newspaper article in which a PSC representative estimated the then-current number of claimants nationwide to be 6,000 and a plain misreading of PTO 11, Defendants now argue that "the PSC has failed to turn over roughly 5,650 Plaintiff Profile Forms" required under this Court's Order. Def. Brief at 2. Defendants further ask this Court to require all Plaintiffs' counsel to submit a PPF for any client with any drywall claim, *within 7 days of retaining a new client*, regardless of whether that counsel has completed its investigation, performed an inspection of the premises alleged to contain Chinese Drywall, or determined where that client wishes to pursue his or her claim. Such a requirement places an unnecessary and substantial burden on MDL plaintiffs' counsel and their clients, and potentially may cause some claimants to file actions outside of the MDL or improperly impose upon the attorney-client privilege.

Moreover, Defendants' position is inconsistent with its own attempts to thwart the PSC's efforts to bring more cases into the MDL. For example, the PSC requested weeks ago that Defendants agree, without waiver of any rights pertaining thereto, to direct filing and acceptance of service in the MDL. As explained by the PSC, such measures would facilitate filings and encourage more state court litigants to join the MDL. Moreover, such measures would bring more claimants within the jurisdiction of this Court and supply Defendants with the very Plaintiff Profile Forms they now complain they are lacking. To date, while some Defendants have agreed to this proposal, many other have yet to agree. Ironically, these Defendants now complain that the PSC is frustrating this Court's "efforts to consolidate and coordinate with the state court

cases." Def. Brief at 3. Plaintiffs suggest that this inconsistency reveals the true motivation behind the instant motion, to burden Plaintiffs' counsel and their clients with discovery prematurely and to delay this Court's intended trial schedule. Plaintiffs respectfully submit that the current order, requiring submission of Plaintiff Profile Forms within 15 days of becoming a party to the MDL is adequate and will insure that Defendants receive relevant claimant information within a reasonable amount of time after filing.[2]

## II. THERE IS NO BASIS TO RESTRICT POTENTIAL TRIAL CASES TO ONLY THOSE PLAINTIFFS THAT SUBMITTED PPFS BY SEPTEMBER 21, 2009

Defendants also contend, without any discussion or explanation, that they have been "prejudiced" by Plaintiffs' failure to provide Defendants with PPFs for every claimant in the country and as remedy for such prejudice, they ask this Court to restrict the pool of potential trial cases to only those plaintiffs who submitted PPFs by September 21, 2009. Such a restriction is premature, as this action is still in its infancy. As this litigation develops, new issues and additional defendants will be identified. The parties will be in a much better position to identify representative cases when the true scope and nature of this litigation is further discovered, and there is no reason to restrict potential trials cases to only those cases where PPFs were produced by September 21, 2009.

Further, Defendants have made no showing as to how they have been prejudiced by not having received PPFs from claimants that have not filed cases against them. Plaintiffs maintain the most prudent course is to commence discovery as soon as possible, so that the parties may

---

[2] Additionally, Defendants have identified a handful of PPFs from the 422 it has received thus far, as deficient and/or incomplete. Plaintiffs believe that such issues are best addressed by providing submitting counsel and liaison counsel with notice of any alleged deficiencies, so any that they can be promptly addressed without wasting the resources of the Court. A similar process proved to be very effective in the Vioxx litigation and other complex actions. There is simply no need to expend the Court's time on such matters, absent the parties inability to resolve alleged deficiencies. To the extent there are any remaining deficiencies in the PPFs identified by Defendants in their motion, the PSC will work to promptly correct them.

4

make informed recommendations to the Court regarding bellwether cases, at a time when this litigation is more mature.

## CONCLUSION

For all of the foregoing reasons, Defendants September 21, 2009 Motion to Compel Production of Plaintiff Profile Forms should be denied in its entirety.

Respectfully submitted,

Dated:  October 5, 2009  /s/ Russ M. Herman_____
Russ M. Herman, Esquire
Leonard A. Davis, Esquire
**HERMAN, HERMAN, KATZ & COTLAR, LLP**
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
**Levin, Fishbein, Sedran & Berman**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

| | |
|---|---|
| Dawn M. Barrios<br>**Barrios, Kingsdorf & Casteix, LLP**<br>701 Poydras Street, Suite 3650<br>New Orleans, LA 70139<br>Phone: (504) 524-3300<br>Fax: (504) 524-3313<br>Barrios@bkc-law.com | Ben W. Gordon, Jr.<br>Levin, Papantonio, Thomas, Mitchell<br>**Echsner & Proctor, P.A.**<br>316 S. Baylen Street, Suite 600<br>Pensacola, FL 32502<br>Phone: (850) 435-7000<br>Fax: (850) 435-7020<br>bgordon@levinlaw.com |
| Daniel E. Becnel, Jr.<br>**Becnel Law Firm. LLC**<br>P.O. Drawer H<br>106 W. Seventh Street<br>Reserve, LA 70084<br>Phone: (985) 536-1186<br>Fax: (985) 536-6445<br>dbecnel@becnellaw.com | Hugh P. Lambert<br>**Lambert and Nelson**<br>701 Magazine Street<br>New Orleans, LA 70130<br>Phone: (504) 581-1750<br>Fax: (504) 529-2931<br>hlambert@lambertandnelson.com |
| Victor Manuel Diaz<br>**Podhurst Orseck, P.A.**<br>25 Flagler Street, 8th Floor<br>Miami, FL 33130<br>Phone: (305) 358-2800<br>Fax: (305) 358-2382<br>vdiaz@podhurst.com | Bruce William Steckler<br>**Baron & Budd, P.C.**<br>3102 Oak Lawn Ave., Suite 1100<br>Dallas, TX 75219<br>Phone: (214) 521-3605<br>Fax: (214) 520-1181<br>bsteckler@baronbudd.com |
| Ervin A. Gonzalez<br>**Colson, Hicks, Eidson, Colson**<br> **Matthews, Martinez, Gonzales,**<br> **Kalbac & Kane**<br>255 Aragon Avenue, 2nd Floor<br>Cora Gables, FL 33134<br>Phone: (305) 476-7400<br>Fax: (305) 476-7444<br>Ervin@colson.com | Gerald E. Meunier<br>**Gainsburgh, Benjamin, David, Meunier**<br> **& Warshauer, LLC**<br>2800 Energy Centre, 1100 Poydras Street<br>New Orleans, LA 70163-2800<br>Phone: (504) 522-2304<br>Fax: (504) 528-9973<br>gmeunier@gainsben.com |
| Jerrold Seith Parker<br>**Parker, Waichman, Alonso LLP**<br>27399 Riverview Center Blvd.<br>Bonita Springs, FL 34134<br>Phone: (239) 390-1000<br>Fax: (239) 390-0055<br>Jerry@yourlawyer.com | Christopher Seeger<br>**Seeger Weiss, LLP**<br>One William Street<br>New York, NY 10004<br>Phone: (212) 584-0700<br>Fax: (212) 584-0799<br>cseeger@seegerweiss.com |
| James Robert Reeves<br>**Lumpkin & Reeves**<br>160 Main Street<br>Biloxi, MS 39530<br>Phone: (228) 374-5151<br>Fax: (228) 374-6630<br>jrr@lumpkinreeves.com | Scott Wm. Weinstein<br>**Morgan & Morgan**<br>12800 University Drive, Suite 600<br>Ft. Meyers, FL 33907<br>Phone: (239) 433-6880<br>Fax: (239) 433-6836<br>sweinstein@forthepeople.com |

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Richard S. Lewis<br>HAUSFELD LLP<br>1700 K Street, N.W Suite 650<br>Washington, DC 20006<br>Phone: (202) 540-7200<br>Fax:  (202) 540-7201<br>rlewis@hausfeldllp.com<br><br>Daniel K. Bryson<br>Lewis & Roberts<br>3700 Glenwood Avenue, Suite 410<br>Raleigh, NC 27612<br>Phone: (919) 981-0191<br>Fax: (919) 981-0431<br>dkb@lewis-roberts.com | Jeremy W. Alters<br>Alters, Boldt, Brown, Rash & Culmo, P.A.<br>4141 N.E. 2nd Avenue<br>Suite 201<br>Miami, FL 33137<br>Phone: (305) 571-8550<br>Fax: (305) 571-8559<br>jeremy@abbrclaw.com<br><br>Richard J. Serpe, Esquire<br>Law Offices of Richard J. Serpe<br>Crown Center, Ste. 310<br>580 East Main Street<br>Norfolk, VA 23510-2322<br>rserpe@serpefirm.com |

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 5th day of October, 2009.

/s/ Leonard A. Davis
Leonard A. Davis
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Ave.
New Orleans, LA  70113
PH:  (504) 581-4892
Fax:  (504) 561-6024
ldavis@hhkc.com