UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL No. 2047<br><br>SECTION: L |
| This Document Relates to ALL CASES | * * | JUDGE: FALLON |
| | * * * | MAGISTRATE JUDGE WILKINSON |
| ****************************************** | * | |

**RESPONSE OF HOMEBUILDERS' STEERING COMMITTEE
IN OPPOSITION TO MOTION OF KNAUF GIPS KG FOR PROTECTIVE
ORDER TO REQUIRE USE OF HAGUE EVIDENCE CONVENTION**

The Homebuilders' Steering Committee ("HSC"), by and through their undersigned counsel, hereby submits its Response in Opposition to Motion of Knauf Gips KG ("Knauf Gips") for Protective Order to Require Use of the Hague Evidence Convention ("Motion").

**I. PRELIMINARY STATEMENT**

Knauf Gips' request for a protective order should be denied because requiring first resort to the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters ("Hague Convention" or "Convention") in this case would thwart, stall and limit discovery, rather than facilitate it. The Motion is largely premised on the notion that a foreign litigant who challenges jurisdiction should not be subject to discovery under the Federal Rules of Civil Procedure ("Federal Rules"). This notion is incorrect. Once a United States court has jurisdiction over litigants to determine the issue of jurisdiction, the Federal Rules apply. Despite Knauf Gips' suggestions to the contrary, the Supreme Court has expressly rejected a rule that would require first resort to Hague Convention procedures in cases involving foreign litigants.

Hague Convention procedures are an optional supplement to the Federal Rules that should only be used when they would facilitate discovery, not when they would hinder or delay it.

Indeed, resort to the Convention in this multidistrict litigation would defeat the core purpose of promoting "… the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). The instant consolidated actions involve parties from all around the world, including China and Germany. They raise construction defect and products liability claims affecting hundreds of families and dozens of homebuilders in the United States. This MDL No. 2047 offers a centralized location to conduct all discovery under the Federal Rules that is the most effective method to ensure the just and efficient conduct of pretrial discovery. As a party to the litigation, Knauf Gips should not be permitted to hide behind a time consuming, costly and ineffective procedure that is best reserved for non-parties beyond the jurisdiction of U.S. courts.

For these reasons, as more fully set forth below, Knauf Gips' Motion should be denied.

## II.  ARGUMENT

A. **KNAUF IS SUBJECT TO THE FEDERAL RULES DESPITE ITS CHALLENGE TO THIS COURT'S PERSONAL JURISDICTION**

It is well settled that a trial court has authority to determine its jurisdiction. *In re: Automotive Refinishing Paint Antitrust Litigation*, 358 F.3d 288, 300-301 (3d Cir. 2004); *Fishel v. BASF Group*, 175 F.R.D. 525, 529 (S.D. Ia. 1997). Where, as here, the district court has jurisdiction over foreign defendants to the extent necessary to determine whether they are subject to personal jurisdiction, the district court has complete discretion to decide whether to apply the Federal Rules or the Convention procedures to jurisdictional discovery. *In re: Automotive Renfinishing,* 358 F.3d at 302 ("We agree with the majority of trial courts' decisions that there should be no exception to the *Aerospatiale* holding for jurisdictional discovery.") (citations omitted); *Adams v. Unione Mediterranea di Sicurta*, 2002 U.S.Dist. LEXIS 5789 (E.D. La.

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

2002) (applying *Aerospatiale* standard where personal jurisdiction over objecting defendant was hotly contested).

Knauf Gips suggests that its challenge to personal jurisdiction requires first resort to the Hague Convention for jurisdictional discovery. Several courts, including this District Court, have rejected this argument. *See, e.g., In re: Automotive Refinishing*, 358 F.3d 288; *Schindler Elevator Corp. v. Otis Elevator Co.*, 2009 WL 3069651 (D. N.J. Sept. 24, 2009); *Adams*, 2002 U.S.Dist. LEXIS 5789, at *11; *In re Vitamins Antitrust Litigation*, 120 F. Supp. 2d 45, 49-50 (D.D.C. 2000) (listing large majority of cases holding no personal jurisdiction exception exists); *Fishel*, 175 F.R.D. at 529; *Lasky v. Continental Products Corp.*, 569 F.Supp. 1227, 1228 (E.D. Pa. 1983). In *Adams*, this District Court denied the foreign defendant's request for application of Convention procedures to jurisdictional discovery, giving great weight to the fact that the parties asserting claims against it "…must have an opportunity to shoulder their burden of establishing personal jurisdiction." *Adams*, 2002 U.S.Dist. LEXIS 5789 at *9. The *Adams* court reasoned that non-compliance with the written discovery requests under the Federal Rules "… would likely undermine important interests of [the] court in conducting litigation properly before it and of litigants in the United States." *Id*. at *11-12.

The argument in favor of using the Federal Rules is even more compelling for the more limited and less intrusive requests attendant to jurisdictional discovery. *In re: Automotive Refinishing*, 358 F.3d at 303; *see also, Fishel*, 175 F.R.D. at 529 ("The ascertainment of facts bearing on personal jurisdiction normally involves the least intrusive type of inquiries."). An argument premised on the assumption that there is no personal jurisdiction is premature and unwarranted until jurisdictional discovery is completed. *In re: Automotive Refinishing,* 358 F.3d at 303. Indeed, Knauf Gips' attempt to circumvent jurisdictional discovery by filing a self-

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

serving declaration that is not subject to cross examination also defies fundamental notions of fairness and due process.[1] In fact, the filing of the declaration and providing testimony in this case waives any objection that the declarant may have to being deposed under the Federal Rules. *Schindler*, 2009 WL 3064651 at *7; *Adams* 2002 U.S.Dist. LEXIS 5789 at *4.

Despite its protestations to the contrary, Knauf Gips' own website portrays a much closer connection among the Knauf family of companies than its supporting affidavit would suggest. For example, Knauf Gips holds itself out as "one of the world's leading manufacturers of building materials."[2] The company was founded in 1932 as Gebr. Knauf Westdeutsche Gipswerke and changed its name to Knauf Gips KG on June 2, 2003.[3] On its website, Knauf Gips boasts that it "is not only one of the leading manufacturers of building materials in Europe, it is indeed a group of companies that operates worldwide."[4] One of these companies, Knauf Insulation GmbH, has its worldwide headquarters in Shelbyville, Indiana, and has been operating in the United States since 1978. This fact alone suggests that Knauf Gips is not a stranger to United States procedures and should not find them foreign or offensive.

Critically, Knauf Gips holds itself out as a "family of companies" and states on its website:

> Knauf is present with three factories on the booming Chinese market. In the mid Nineties of the past century first steps were taken that eventually led to the construction of three factories owing to the increasing demand for building materials. This market, which is marked by unbroken growth,

---

[1] Moreover, where a party avails itself of the Federal Rules allowing for a preliminary hearing on the issue of jurisdiction (as Knauf Gips has advised it intends to do here), "… denial of resort to Hague Convention procedures is not unfair…." (*In re: Automotive Refinishing Paint Antitrust Litigation*, p. 303). *See* Knauf's Memorandum, Argument Section B(2) ("Knauf Gips' initial pleading in response to plaintiffs' complaints will be a motion under Fed.R.Civ.P. 12(b) that will raise the issue of personal jurisdiction.").

[2] http://www.knauf.com/?diac=9c0b4b5a568320085cee038304087148&lang=EN#EX2. *See* Affidavit of Timothy Kolaya ("Kolaya Aff."), attached hereto as Exhibit "A," attaching true and correct print-outs of the relevant web pages.

[3] http://www.knauf.com/?diac=5c85b4612f0064aeb53bbac734f36a47&lang=EN#EX4. *See* Kolaya Aff.

[4] Id. *See* Kolaya Aff.

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

4

will continue to be one of the main areas of investment for the Knauf Group.

**Knauf Plasterboard**
At the three locations in Wuhu, approx. 300 km to the west of Shanghai, in Tianjing near Peking and in Machong in Southern China, situated not far from Hong Kong, the Knauf Group operates wallboard factories [in] China....[5]

Additionally, Knauf Gips states on its Chinese website:

In 1995, Knauf introduced its advanced production [techniques] and technology into China. In 1997, 2000 and 2001 [K]nauf has also invested in China and established three plasterboard plants which locate in Wuhu, Tianjin and Dongguan.[6]

[T]otal production volume of the plasterboard is 60 million square meter per year.[7]

Knauf Gips' Chinese operations are just one example of Knauf Gips' "more than 150 production sites worldwide," and are a part of a global company that "has a workforce of 23,000 in 40 countries and in 2008 the company generated sales will amount to 5,6 billion Euros."[8] Thus, it appears that Knauf Gips seeks to obstruct discovery, rather than facilitate it, in an effort to avoid responsibility for the acts and omissions of its "family of companies."

In the end, if this Court truly has no jurisdiction over Knauf Gips, finely tailored discovery requests under the Federal Rules will establish this much faster and more effectively than discovery through Convention procedures. Unless Knauf Gips merely seeks to delay the discovery process, then it should welcome the opportunity to conduct limited jurisdictional discovery under the Federal Rules on an expedited basis.[9]

---

[5]     http://www.knauf.com/?diac=483d2ad83b6f5dd2a961c8aa76ab575a&lang=EN&opentab=tab_8#EX3. *See* Kolaya Aff.

[6]     These three plasterboard plants are the three Knauf Chinese entities that are named defendants in this MDL and alleged to have manufactured and supplied defective Chinese-manufactured drywall.

[7]     http://www.knauf.com.cn/englishweb/company/company.asp. *See* Kolaya Aff.

[8]     http://www.knauf.com/?diac=9c0b4b5a568320085cee038304087148&lang=EN#EX2. *See* Kolaya Aff.

[9]     Attached to this Response as Exhibit "B" are the proposed jurisdictional discovery requests that the HSC anticipates propounding on Knauf Gips.

5

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

B.   **THE FEDERAL RULES PROVIDE THE MOST EFFECTIVE PROCEDURE FOR JURISDICTIONAL AND MERITS DISCOVERY IN THIS CASE**

1.   *This Court has Complete Discretion to Decide Which Set of Discovery Rules to Apply*

The Supreme Court has vested the district courts with complete discretion to determine the most appropriate manner of producing evidence in cases involving foreign litigants where the Hague Convention is proposed as an alternative procedure. *Societe Nationale Industrielle Aerospatiale v. United States District Court,* 482 U.S. 522, 544 (1987); *In re: Anschuetz & Co.,* 838 F.2d 1362, 1363 (5th Cir. 1988). In essence, the Hague Convention provides an optional procedure intended to facilitate the taking of evidence abroad. *Aerospatiale,* 482 U.S. at 541. Given its stated goal, the Convention is most appropriate when the subject of discovery is not a party to the litigation and is beyond the jurisdiction of the trial court. *See, e.g., Tulip Computers Int'l v. Dell Computer Corp.,* 254 F.Supp.2d 469, 474 (D. Del. 2003) ("Resort to the Hague Evidence Convention in this instance is appropriate since both [witnesses] are not parties to the lawsuit, have not voluntarily subjected themselves to discovery, … and are not otherwise subject to the jurisdiction of the Court."). Thus, "… the Federal Rules are the 'normal methods' for federal litigation involving foreign national parties unless the 'optional' or 'supplemental' Convention procedures prove to be conducive to discovery under some circumstances." *In re: Automotive Refinishing,* 358 F.3d at 300-301 (citations to *Aerospatiale* omitted).

In deciding which set of discovery rules to apply, the district courts' analysis should be guided by the "… overriding interest in the 'just, speedy, and inexpensive determination' of litigation in our courts." *Aerospatiale,* 482 U.S. at 543 (*citing* Fed.R.Civ.P. 1). The district courts should also consider the particular facts of each case, the sovereign interests involved, and the likelihood that resort to the Convention will prove effective. *Id.* at 544. In flatly rejecting a

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

6

rule that would require first resort to Convention procedures whenever discovery is sought from foreign litigants, the Supreme Court specifically noted that,

> ... In many situations, the Letter of Request procedure authorized by the Convention would be unduly time consuming and expensive, as well as less certain to produce needed evidence than direct use of the Federal Rules.

*Id.* at 542

In light of the foregoing, it is not surprising that the proponent of the Hague Convention bears the burden of persuasion with respect to its application over the Federal Rules in any given case. *In re: Automotive Refinishing,* 358 F.3d at 305; *see also Doster v. Schenk*, 141 F.R.D. 50, 51 (M.D. NC 1991) ("The proponent of using the Hague Convention has the burden of demonstrating the necessity for those procedures."). Knauf, as the moving party, must show that the particular facts, sovereign interests, and the likelihood of resorting to Hague procedures will prove effective. *Schindler*, 2009 WL 3069651 at *2 (citation and partial quotation of *AeroSpatiale* omitted). Knauf Gips has failed to meet its burden in this case.

**2.    *The Relevant Factors in this Case Support Uniform Application of the Federal Rules***

In proposing first resort to the Hague Convention, Knauf Gips does not argue that the Federal Rules would not adequately protect its interests as a foreign national. In fact, the relevant factors and guiding principles laid out by the *Aerospatiale* Court all weigh heavily in favor of the Federal Rules as the most effective method to conduct discovery in this case.

**(a)  Particular Facts:**

Knauf Gips' argument that the Convention should apply because it expects the discovery requests to be "extraordinarily broad and intrusive" is misguided. (Knauf Gips' Memorandum, p. 6). The feared potential for discovery abuse is an insufficient reason to avoid the Federal Rules because the parties have remedies in the district court to restrict such abuse. *In re:*

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

*Automotive Refinishing*, 358 F.3d at 305. Knauf Gips provides no rationale for its apparent belief that this Court would not heed the Supreme Court's directive to give "the most careful consideration" to the discovery objections it may advance as a foreign litigant. *Aerospatiale*, 482 U.S. at 546. Nor does Knauf Gips provide any argument that the Federal Rules do not afford protection from onerous and improper discovery requests. It does not because it cannot.

Knauf Gips' subjective and unjustified concern is insufficient to overcome the myriad other facts relevant to this Court's inquiry. First, this matter involves a multidistrict litigation, which, by definition, seeks the just and efficient disposition of pretrial discovery. Multiple class action lawsuits have been consolidated to facilitate the efficient management of the pending claims, and state courts are coordinating efforts with this Court in cases with similar claims. A speedy and effective disposition of pretrial discovery would not be achieved by applying multiple sets of discovery rules subject to the substantive limitations imposed by foreign jurisdictions.

Second, hundreds of families have been affected by the defective product the Knauf "family of companies" placed into the United States marketplace. Numerous homebuilders have been subjected to claims through no fault of their own and are now spending millions of dollars repairing homes damaged by this defective product. The sheer impact of the manufacturers' sale and distribution of their defective products in the United States is a most critical fact.

Third, despite Knauf Gips' protestations on personal jurisdiction, the fact remains that its own website portrays a different picture.[10] Until the parties are permitted to conduct jurisdictional discovery, the *prima facie* allegations and supporting materials on jurisdiction sufficiently show that Knauf Gips is a party subject to the jurisdiction of this Court and subject to the Federal Rules. The nature of the claims, the nature of the litigation, the nature of Knauf

---

[10]   *See* Argument Section II(A), *supra*.

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

8

Gips' advertised relationship with the family of companies that includes the known manufacturers of the defective product at issue, and the sheer number of parties involved in this case strongly favor the uniform application of the Federal Rules to all discovery.

### (b) Sovereign Interests:

### (i) United States

The application of the Hague Convention in this case will not further the sovereign interests of the United States. Contrary to Knauf Gips' assertion, the fact that the Hague Convention is United States law is not dispositive on this issue, especially given that the Federal Rules are also United States law.[11] In fact, the Supreme Court in *Aerospatiale* established that the Hague Convention is a "permissive supplement" to be used where it would facilitate discovery. *Aerospatiale*, 482 U.S. at 536. Accordingly, application of the Federal Rules is the norm, and Knauf Gips offers no basis to deviate from the norm in the instant case.

Rather, the claims at issue in this litigation are highly material to this Court's analysis of the relative sovereign interests. As the trial court in *Aerospatiale* noted,

> To permit the Hague Evidence Convention to override the Federal Rules of Civil Procedure would frustrate the courts' interests, which particularly arise in products liability cases, in protecting United States citizens from harmful products and in compensating them from injuries arising from use of such products.

*Aerospatiale*, 482 U.S. at 526-27 (citation omitted); *see also Doster v. Schenk*, 141 F.R.D. 50, 52 (M.D. NC 1991) (finding that the United States has a strong interest in actions "…based on product liability from defendant's construction activities in this country.").

The United States also has an "… overriding interest in the 'just, speedy, and inexpensive determination' of litigation in [U.S.] courts." *Aerospatiale,* 482 U.S. at 543 (*citing* Fed.R.Civ.P.

---

[11] Knauf Gips' partial citation to *Aerospatiale* on this point is misleading. Indeed, the Supreme Court stated "…<u>both</u> the discovery rules set forth in the Federal Rules of Civil Procedure and the Hague Convention are the law of the United States." *Aerospatiale*, 482 U.S. at 533 (emphasis added).

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

-9-

1). This is consistent with the express purpose of multidistrict litigation to promote "… the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). It this case, forcing the parties to go through Convention procedures would not be more effective than streamlining discovery through the Federal Rules.[12] Quite to the contrary, any hopes of having early bellwether trials would be lost were the parties required to go through the lengthy process of conducting discovery of Knauf Gips under the Hague Convention.

The United States also has an interest in ensuring that litigants be treated fairly in its courts. This fairness involves allowing all parties access to the same procedures and substantive discovery.[13] All of the foregoing support the conclusion that the sovereign interests of the United States strongly favor the uniform application of the Federal Rules in this case.

### (ii) Germany

Contrary to Knauf Gips' assertion, a federal court requiring a German litigant to participate in discovery pursuant to the Federal Rules does not implicate concerns about foreign sovereignty. As the *In re: Automotive Refinishing* Court aptly noted, "…there is no reason to assume that discovery under the Federal Rules would inevitably offend Germany's sovereign interest because presumably Germany, like the United States, … would welcome investigation of the [underlying allegations] to the fullest extent." 358 F.3d at 304. Indeed, the distribution of defective drywall installed in hundreds of homes would appear to be at least as compelling as the antitrust violations at issue in *In re: Automotive Refinishing*.

Knauf Gips also incorrectly posits that Germany's limitation on document production requests is "an explicit expression of a specific German sovereign interest." (Knauf's Memorandum, p. 12). The fact that discovery procedures in the United States are different from

---

[12] *See* Argument Section B(2)(c)(i), *infra.*, discussing delay attendant to Convention procedures in Germany.
[13] *See* Argument Section B(2)(c)(ii), *infra.*, discussing substantive discovery limitations attendant to Convention procedures in Germany.

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

- 10 -

those in Germany is insufficient to invoke a German sovereign right. *See In re: Automotive Refinishing,* 358 F.3d at 291 (rejecting German expert's opinion that compelling German nationals to produce documents under the Federal Rules would offend Germany's sovereign interests). The Supreme Court specifically rejected such a notion, reasoning that,

> It is well known that the scope of American discovery is often significantly broader than is permitted in other jurisdictions, and we are satisfied that foreign tribunals will recognize that the final decision on the evidence to be used in litigation conducted in American courts must be made by those courts.

*Aerospatiale,* 482 U.S. at 542. Furthermore, if the Supreme Court had considered limitations on document production a compelling sovereign interest, then it would have mandated use of the Convention over the Federal Rules in every instance, as this would be the practical impact of such a finding.

Even cases involving foreign jurisdictions with "blocking statutes" do not implicate a sufficient sovereign interest. In those situations, "[i]t is well settled that such statutes do not deprive an American court of the power to order a party subject to its jurisdiction to produce evidence even though the act of production may violate that statute." *Aerospatiale,* 482 U.S. at 544, n. 29. Thus, Germany's position on document production simply does not qualify as a sovereign interest under the *Aerospatiale* test.

**(c)     Likelihood that resort to Hague Convention will prove effective:**

Application of the Hague Convention procedures in this case will result in undue delay and ineffective discovery.[14] Contrary to Knauf Gips's assertion, the use of the Hague Convention does not have a major advantage over the Federal Rules. Rather, the opposite is true.

---

14  In asserting that "[t]here is no evidence that there will be any undue delay or prejudice by the use of the Hague Evidence Convention," Knauf Gips misconstrues the applicable burden. It is Knauf Gips' burden, as the proponent of the Convention, to persuade this Court that the Convention procedures will be effective. *In re: Automotive Refinishing,* 358 F.3d at 305. Nevertheless, the HSC here demonstrates that the Hague Convention would not be effective in this case.

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

11

### (i) The Hague Convention is not Effective given the attendant delay

The Hague Convention requires the use of letters of request (letters rogatory) to obtain discovery. 23 U.S.T. 2555, Arts. 1-10 (1972). As part of the process, the party seeking discovery must provide extensive information pertaining to the request, including the list of questions to be asked. *Id*. The requesting party must also fulfill authentication requirements involving both the U.S. court and the foreign court, and secure the translation of pertinent documents into the foreign language by certified translators. *Id*. The transmittal process then begins through the Department of State; who then sends it to the applicable U.S. Embassy; who then sends it to the Ministry of Foreign Affairs of the foreign country; who then sends it to the Ministry of Justice; who then sends it to the Foreign Court. *Id*. The Foreign Court then executes the letter of request in accordance with the laws and regulations of the foreign country. *Id*. at Art. 10 (1972); http://travel.state.gov/law/infor/judicial/judicial_683.html. *See* Kolaya Aff.

With respect to the length of time this preliminary process may take, the U.S. State Department specifically warns that,

> Execution of letters rogatory may take **a year or more worldwide**. Letters rogatory are customarily transmitted via the diplomatic channel, a time consuming means of transmission.
>
> http://travel.state.gov/law/infor/judicial/judicial_683.html (Emphasis in original).

Thus, "a year or more" may go by before the receiving court takes any action on the letter of request. *Id*. Thereafter, the procedures of the foreign country at issue govern the execution of the request. *Id*. In Germany, this procedure can be extremely time-consuming. *See* Declaration of Victor T. Hudson ("Hudson Dec.")," ¶8.[15] The process is subject to the schedule of the local judicial authorities, over which the litigants have no control. *Id*.

---

[15] The Declaration of Victor T. Hudson is attached hereto as Exhibit "C."

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

12

The foregoing is consistent with the Supreme Court's concern that the letter of request procedure authorized by the convention would be "unduly time consuming and expensive" in many situations. *Aerospatiale*, 482 U.S. at 542. This concern has been specifically addressed by courts with respect to Germany. *See, e.g., Haynes v. Kleinwefers*, 119 F.R.D. 335, 338 (E.D. NY 1988) ("…the procedure of executing letters of request in Germany can be a very time consuming and expensive effort."); *Doster*, 141 F.R.D. at 54 ("It has been recognized that use of the Convention procedures in Germany can involve considerable time and expense."). Given the attendant delay, the Hague Convention would not be an effective procedure to gather the necessary discovery in this case.

The need for prompt discovery is heightened when a threshold issue like jurisdiction is at issue. *Schindler*, 2009 WL 3069651 at *4 (since discovery is focused on the crucial threshold issue of jurisdiction, it should be completed as soon as possible.) This Court has indicated the parties will need to complete the jurisdictional discovery regarding Knauf Gips in 45 days. Any realistic possibility of complying with that deadline is lost if the parties must first resort to the Hague Convention procedures.

(ii)  **The Hague Convention is not Effective Given the Limited Discovery Rights Available to Litigants in Germany**

As Knauf Gips concedes, a litigant's discovery rights are more limited under German law than under the Federal Rules. For example, Germany has declared pursuant to Article 23 of the Hague Convention that it will not execute Letters of Request issued for the purpose of obtaining pretrial discovery of documents. This fact alone militates against the application of Convention procedures in this case. *See, e.g. Schindler*, 2009 WL 3065961 at *5 (similar procedures raise "legitimate concerns about sufficiency of a Hague deposition and the specter of prejudice"); *Haynes*, 119 F.R.D. at 338 (denying German national's request to apply Convention since it was

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

-13-

"…less than certain, after the added effort and expense, that plaintiff would be able to obtain the documents sought."); *Lasky*, 569 F.Supp. 1227, 1229 (denying German national's request to apply Convention since Germany's refusal to execute letters of request to obtain pretrial discovery of documents would severely restrict the scope of discovery); *Fishel*, 175 F.R.D. at 529 (denying German national's request to apply Convention where Germany's refusal to allow pretrial discovery of documents placed the effectiveness of Convention procedures "directly in doubt").

Knauf Gips attempts to gloss over this critical deficiency with the unremarkable proposition that under German procedural law "… 'fishing' for information is generally impermissible." (Knauf's Memorandum, p. 11) (*citing Private Rules for International Discovery in U.S. District Court: The U.S.-German Example*, 11 U.C.L.A. Int'l. L. & For. Aff. 1, 7 (2006)). However, the same is true of the Federal Rules. Perhaps more worthy of note in the same article cited by Knauf Gips is the revelation that, "…in many cases, it is impossible to obtain relevant information from the opposing party," and that "[t]he German Federal Supreme Court has held that no party is obliged to provide materials that the other party is unaware of or has not already obtained." *Id*. at 8.

With respect to depositions, the rights of litigants are similarly curtailed under German procedure. They are not, as Knauf Gips argues, "particularly effective." (Knauf Gips' Memorandum, p. 13). In fact, there are no depositions at all. *Private Rules*, 11 U.C.L.A. Int'l. L. & For. Aff. 1 at 6. "All witness testimony is received at a hearing before a judge." *Id*. at 8. Requests for such testimony are fraught with logistical obstacles and substantive limitations. For example, "[i]n civil cases in which a witness must be compelled to testify, a German judge <u>must</u> pose the questions…." http://www.travel.state.gov/law/info/judicial/judicial_648.html (emphasis

added). *See* Kolaya Aff. The proposed questions must be submitted in writing in advance of the examination. Hudson Dec., ¶4. A judge then reads the question to the witness, listens to his answer, and dictates into the record what the judge interprets the witness has said.[16] *Id*.

As a lawyer who has attempted to gather evidence in Germany through the Hague convention advises,

> One of the greatest restrictions on the ability to obtain meaningful discovery is the inability to follow up and to actually cross-examine the witness. Although it may sometimes be allowed by the individual judge conducting the proceeding, there is no right to directly ask questions. Additionally, nuances are almost always lost through the interpretation of the answer by the judge. Particular words that could have great significance in the case are rarely repeated into the official record.

*Id.*, ¶5.

> The process is particularly inefficient and frustrating when the issues involved are set out in documentary evidence. Even assuming that the witness is attempting to be complete and forthright in his answers, the inability to obtain documents from the witness oftentimes prevents a full and meaningful examination of the issues involved. While the witness may refer to his or her personal file during the examination, the documents are not required to be produced either before or after the examination. Thus, it is impossible to verify the accuracy of the witness' testimony, or to know if other questions would be appropriate.

*Id.*, ¶6.

These inherent limitations significantly restrict the discovery of true facts and severely prejudice the examining party. *Id.*, ¶7. Moreover, these proceedings will likely be conducted in German, but only after the requesting party has undertaken the letter of request procedure that "may take a year or more."

In sharp contrast, this Court seeks to conduct bellwether trials in less than four months. It has already directed the parties to meet and confer as to discovery requests and objections and

---

[16] There is no verbatim transcript of the testimony; instead, the judge prepares a summary of the evidence. *See Aerospatiale*, 482 U.S. at 531-32 (comparing civil law and common law procedures).

15

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

has ruled in favor of an expedited discovery schedule. The uniform application of the Federal Rules to all remaining discovery is certainly the most effective means to achieve the just and speedy resolution of the pending claims and ensure that all the proper parties are brought before this Court as promptly as possible.

### III. CONCLUSION

Knauf Gips has failed to show that the Hague Convention procedures would be more effective in facilitating discovery in this case. In fact, the opposite is true. The Convention procedures would be "… unduly time consuming and expensive, as well as less certain to produce needed evidence than direct use of the Federal Rules." *Aerospatiale*, 482 U.S. at 542. Moreover, the Federal Rules and this Court's supervisory role provide ample protection from any feared discovery abuse that Knauf Gips speculates will occur. Because the Federal Rules provide the most effective means of conducting discovery in this case, Knauf Gips' Motion should be denied.

Dated: October 5, 2009

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
*Attorneys for Lennar Corporation, Lennar Homes, LLC, and U.S. Home Corporation*
1221 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717
E-mail: bassh@gtlaw.com

By: ___s/Hilarie Bass___
    HILARIE BASS
    Florida Bar No. 334323
    MARK A. SALKY
    Florida Bar No. 058221

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **Response of Homebuilders' Steering Committee in Opposition to Motion of Knauf Gips KG for Protective Order to Require Use of the Hague Evidence Convention** has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 5th day of October, 2009.



s/Mark A. Salky
MARK A. SALKY