EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL No. 2047 |
| | * | SECTION: L |
| This Document Relates to all cases | * * | JUDGE: FALLON |
| | * * * * | MAGISTRATE JUDGE WILKINSON |
| ****************************************** | * | |

## AFFIDAVIT OF TIMOTHY A. KOLAYA

State of Florida         )
                         )  ss:
County of Miami Dade     )

BEFORE ME, the undersigned authority, personally appeared Timothy A. Kolaya, Esq., who deposes and says:

1. I am an attorney at Greenberg Traurig, P.A., and a member in good standing of The Florida Bar.

2. I am counsel to Defendants, Lennar Corporation, Lennar Homes, LLC, f/k/a Lennar Homes Inc., and U.S. Home Corporation in this action.

3. In connection with the preparation of the Homebuilders Steering Committee's response in opposition to Knauf Gips KG's Motion for Protective Order to Require Use of the Hague Evidence Convention, I conducted a search of the website of the United States Department of State for information regarding the procedure for submission of letters rogatory to German authorities.

4.  In the course of my search of the website of the United States Department of State, I printed relevant information from the website pertaining to "Judicial Assistance Germany," "Preparation of Letters Rogatory," and "Service of Legal Documents Abroad." Attached hereto as "Composite Exhibit A" are true and correct copies of these print-outs.

5.  I also conducted a search of several websites of Knauf Gips KG and its affiliate companies, including http://www.knauf.com, http://www.knauf.com.cn, http://www.knaufusa.com, and http://www.knaufinsulation.us.

6.  In the course of my search of the Knauf websites, I printed relevant information from the websites pertaining to the Knauf family of companies, the nature of their business and their global reach. Attached hereto as "Composite Exhibit B" are true and correct copies of these print-outs.

FURTHER AFFIANT SAYETH NAUGHT.

_____
TIMOTHY A. KOLAYA

Subscribed and sworn to before me, a notary public, this 5th day of October, 2009, by Timothy A. Kolaya, who is personally known to me.

NOTARY SEAL

Notary: Brenda L. Lans
Print Name: Brenda Lans
Notary Public, State of Florida
My commission expires: December 13, 2010

BRENDA L. LANS
Notary Public - State of Florida
My Commission Expires Dec 13, 2010
Commission # DD 622271
Bonded Through National Notary Assn.

2

# COMPOSITE EXHIBIT A

## Judicial Assistance Germany

DISCLAIMER: The information in this circular relating to the legal requirements of specific foreign countries is provided for general information only and may not be totally accurate in a particular case. Questions involving interpretation of specific foreign laws should be addressed to foreign counsel or the foreign central authority for the Hague Conventions.

### A. SERVICE OF PROCESS:

#### 1. Civil Cases:

**a) Personal Service:** The FRG is party, as is the United States, to The Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters, 28 USCA (Appendix following Rule 4 FRCvP); Martindale-Hubbell International Law Digest, Part VII: "Selected International Conventions" (1993 Edition).

Pursuant to the Convention personal service may be obtained by sending a completed "Request and Summary" (See Martindale- Hubbell for the appropriate forms), with the documents to be served directly to the appropriate Central Authority. It is important to read the footnotes of the Convention which contain the German reservations. Footnote 7a, following the text of the Convention, contains the German reservations. The reservations include the addresses for the designated Central Authorities. Each "Land", or state, of the FRG has its own Central Authority. A list with addresses for those Authorities is also included in this flyer.

A request form may also be obtained from any U.S. Marshall"s office. Ask for Memorandum No. 386, Revision 3.

One of the German reservations states that the documents to be served must be accompanied by German translations. This is a requirement upon which the Central Authorities generally insist. The documents to be served and their translations should be in duplicate. The "Request and Summary" themselves need not be translated into German.

Service of process in the FRG can be obtained through the method prescribed by the Convention. Any other methods of service, including attempts at service by mail, are considered illegal in the FRG and an affront to its judicial sovereignty.

#### 2. Criminal Cases:

**a) Personal Service:** The Hague Service Convention does not apply to criminal cases. Therefore, in order to obtain personal service, it is necessary to prepare a letter rogatory, as described in 4 Moore"s Federal Practice 28.05. As stated in Moore"s, it should be sent through diplomatic channels, in duplicate, with German translations, also in duplicate. In the letter rogatory it is important to specifically request that the documents be served personally.

The letter rogatory and documents to be served should be sent to:

CA/OCS/ACS/WE
Room 4817, N.S.
Department of State
Washington, D.C. 20520-4818

Effective June 1, 2002, there is a $650.00 consular fee for processing letters rogatory (See Federal Register, May 16, 2002, Volume 67, Number 95, Rules and Regulations, Pages 34831-34838; 22 CFR 22.1, item 51). Counsel are requested to submit a certified bank check in the amount of $650.00 payable to the U.S. Embassy Berlin). Corporate or personal checks are not acceptable. Foreign authorities may also charge a fee. Counsel will be notified by the U.S. embassy and/or the Office of American Citizens Services and Crisis Management in the Department of State if the Embassy is advised by foreign authorities of any applicable local fees. There is no consular fee for letters rogatory on behalf of federal, state or local government officials. (See 22 CFR 22.1, item 53). If the letter rogatory requests compulsion of evidence from more than one witness or service of process on more than one person, multiple fees may be charged if more than one foreign court is required to execute the request due to multiple jurisdictions.

The FRG does not object to American Consular Officers serving subpoenas on American citizens in that country. However, American Consular Officers, by regulation, may serve subpoenas only on American citizens in criminal cases and, usually, only if the subpoenas emanate from a Federal Court. If the person to be served is an active duty member of the U.S. Armed Forces stationed in the FRG, it would be advisable to first consult with CA/OCS/ACS/WE by calling (202) 647-6178.

**b) Service by Mail:** The same German objections to service by mail in civil cases also prevail in criminal cases.

### B. OBTAINING EVIDENCE:

#### 1. Civil Cases:

a) In civil cases, where a witness is willing to testify voluntarily, a deposition may be conducted at the American Embassy in Bonn or any of the American Consulates. Depositions may be taken on notice or by issuance of a commission by an American court to a "Consular Officer". See 22 CFR 92.53.

Effective June 1, 2002, consular fees related to taking depositions or executing commissions to take testimony changed. See Federal Register, May 16, 2002, Volume 67, Number 95, Rules and Regulations, Page 34831-34838; 22 CFR 22.1. A deposit for fees is payable in advance prior to taking of deposition based on consular officer"s estimate of time required. Make certified or corporate check payable to "American Embassy (name of city)".

Effective June 1, 2002, the consular fees for a deposition involving little participation by consular officers is $235.00, representing one hour or part thereof of consular officer time. See Federal Register, May 16, 2002, Volume 67, Number 95, Rules and Regulations, Page 34831-34838; 22 CFR

22.1, Item No. 52(b). In addition, there is a $475.00 fee for scheduling/arranging appointments for depositions, including video teleconference depositions (per daily appointment); Item No. 52(a).

The new fees are:

Item No. 52(a) - Scheduling/arranging appointments for depositions, including depositions by video teleconference (per daily appointment) - $475 (If an appointment is changed and a new appointment must be scheduled and new arrangements made, a new $475 fee will be charged each time.)

Item No. 52(b) - Attending or taking depositions, or executing commissions to take testimony (per hour or part thereof) - $235 per hour plus expenses

Item No. 52(c) - Swearing in witnesses for telephone (teleconference) depositions - $235

Item No. 52(d) - Supervising telephone (teleconference) depositions (per hour or part thereof over the first hour) - $235 per hour plus expenses

Item No. 52(e) - Providing seal and certification of depositions - $60.00

Postage for Return of Transcript - Actual Costs

Although technically the consular officer is "taking the deposition", attorneys for either side may pose all questions orally or in writing. Authority for American Consular Officers to depose willing witnesses of German or third-country nationality is derived from Agreements Between the United States of America and the Federal Republic of Germany, T.I.A.S. 9938.* Any deposition of German or third-country nationals** must be in accordance with the agreements made in this exchange of diplomatic notes.

b) In civil cases in which a witness must be compelled to testify, a German judge must pose the questions in a German court proceeding. Nevertheless, an American attorney may request to be present and may, on occasion, have the flexibility in such a proceeding to pose additional questions through the German Judge. Just as in requests for service, requests for evidence from involuntary witnesses must follow the procedures set forth in the appropriate convention, The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Part VII USCA 1781 (1977 Supp.); Martindale-Hubbell International Law Digest, Part VII (1993). Essentially, the same rules as those for the Service Convention (described previously) apply. Although under the Evidence Convention, the Letter of Request, as well as questions and all other documents must be translated into German and submitted in duplicate. A model letter of request follows the text of the Convention.

* Key points under the notes are: (a) that absolutely no compulsion be brought to bear on the witness to appear or to provide testimony (e.g. the request to give information may not be called a "summons" nor may the interview be called an "interrogation"); (b) witnesses must give their expressed consent to be interviewed outside the consulate (i.e. at their home or place of business); and (c) witnesses have a right to be accompanied by an attorney.

** The issue of whether non-Germans who do not have a business or residence in Germany may be deposed is presently in dispute.

For background information, see the Report on the work of the Special Commission on the Operation of the Hague Convention on the Taking of Evidence Abroad in Civil or Commericial Matters prepared by the United States Delegation at 17 Int"l. Legal Mat. 1417 (Nov. "78). A useful discussion of the operation of the Convention in the FRG is contained in an article by Donald R. Shemanski, "Obtaining Evidence in the Federal Republic of Germany: The Impact of the Hague Evidence Convention on German American Judicial Cooperation," International Lawyer, Vol. 17, #3, Summer 1983 p. 465-487.

## 2. Criminal Cases:

a) The Hague Evidence Convention does not apply to criminal cases. In criminal cases, the taking of evidence from any witness must be handled by a German court pursuant to written questions submitted under cover of a letter rogatory, set up as described in the previous paragraphs concerning service in criminal cases. Letters rogatory can take some time to execute and return to the American requesting court. Often more than three months.

## C. ADMINISTRATIVE CASES:

a) German authorities do not regard The Hague Evidence and Service Conventions as applying to administrative cases. They may, however, entertain requests for both service and evidence in these cases if made by letters rogatory, arranged and sent as previously described.

## D. ENFORCEMENT OF JUDGMENTS

There is no treaty, convention, or other international agreement in force between the FRG and the United States regarding enforcement of judgments. Expedited enforcement of American judgments may not be available. For general information on German law, see the Law Digest on the Federal Republic of Germany in Martindale-Hubbell International Law Digest. Lists of attorneys who practice in the FRG, prepared by our consular posts in that country are available from CA/OCS/ACS/WE upon request.

## E. AMERICAN POSTS IN THE FRG WITH CONSULAR FUNCTIONS

The American Embassy Bonn
Deichmannsaue 53170
Bonn, FRG

-or-

PSC 117, Box 345
APO AE 09080

Telephone: (228) 3391

Fax: (228) 332-712

United States Embassy Office Berlin
Clayallee 170
14169 Berlin (Dahlem), FRG

-or-

APO AE 09265

Telephone: (30) 832-9233
Fax: (30) 831-4926

American Consulate General Frankfurt
Siesmayerstrasse 21
60323 Frankfurt am Main, FRG

-or-

PSC 115
APO AE 09213-0115

Telephone: (69) 7535-0
Fax: (69) 748-938

American Consulate General Hamburg
Alsterufer 27/28
20354 Hamburg, FRG

Telephone: (40) 411-710
Fax: (40) 443-004

American Consulate General Munich
Koeniginstrasse 5
80539 Muenchen, FRG

-or-

Unit 24718
APO AE 09178

Telephone: (89) 28880
Fax: (89) 280-5163

## F. CENTRAL AUTHORITIES FOR THE FEDERAL REPUBLIC OF GERMANY

Baden-Wuerttemberg
Justizministerium Baden-Wuerttemberg Schillerplatz
4 70173 Stuttgart

Bavaria
Bayerisches Staatsministerium der Justiz
80097 Muenchen

Berlin
Senator fuer Justiz
Salzburger Strasse 21-25
10825 Berlin

Brandenburg
Ministerium der Justiz des Landes Brandenburg
Heinrich-Mann-Allee 107
14473 Potsdam

Bremen
Praesident des Landgerichts Bremen
Domsheide 16
28195 Bremen

Hamburg
Praesident des Amtsgerichts Hamburg
Sievekingplatz 1
20535 Hamburg

Hessen
Hessischer Minister der Justiz
Luisenstrasse 13

65185 Wiesbaden

Lower Saxony
Niedersaechsischer Minister der Justiz Am Waterloo Platz 1
30169 Hannover

Mecklenburg-Western
Minister fuer Justiz, Bundes- und Pomerania
Europa Angelegenheiten
Demmlerplatz 1-2
19053 Schwerin

Northrhine-Westphalia Der Praesident des Oberlandesgerichts Cecilienallee 3
40474 Duesseldorf

Rhineland-Palatinate
Ministerium der Justiz
Ernst-Ludwig-Strasse 3
55116 Mainz

Saarland
Minister fuer Rechtspflege und Bundesangelegenheiten
Zaehringerstrasse 12
66119 Saarbruecken 1

Saxony
Das Saechsische Staatsministerium der Justiz
Archivstrasse 1 PSF 100930
01076 Dresden

Saxony Anhalt
Das Ministerium der Justiz des Landes Sachsen-Anhalt
Wilhelm-Hoepfner-Ring 46
39116 Magdeburg

Schleswig-Holstein
Justizminister des Landes Schleswig-Holstein
Lorentzendamm 35
24103 Kiel

Thuringia
Das Justizministerium des Landes Thueringen
Alfred-Hess-Strasse 8 99094 Erfurt

Return to Judicial Assistance Page

# PREPARATION OF LETTERS ROGATORY

**Preparation of Letters Rogatory**

**Disclaimer:** The information in this circular relating to the legal requirements of specific foreign countries is provided for general information only and may not be totally accurate in a particular case. Questions involving interpretation of specific foreign laws should be addressed to foreign counsel. This circular seeks only to provide information; it is not an opinion on any aspect of U.S., foreign, or international law. The U.S. Department of State does not intend by the contents of this circular to take a position on any aspect of any pending litigation.

- Summary
- Country Specific Information
- Time Frame for Execution of Letters Rogatory
- Letters Rogatory Checklist
- Drafting Letters Rogatory
- Signature and Authentication
- Translation
- Number of Copies
- Fees
- Transmittal to Department of State
- Transmittal by Department of State to Foreign Authorities Through Diplomatic Channel
- Execution of Letters Rogatory by Foreign Court
- Return of Letters Rogatory
- Authority
- Questions
- Reference
- Sample Letters Rogatory

**Summary:** Letters rogatory are the customary method of obtaining judicial assistance from abroad in the absence of a treaty or executive agreement. Letters rogatory are requests from courts in one country to the judiciary of a foreign country requesting the performance of an act which, if done without the sanction of the foreign court, could constitute a violation of that country's sovereignty. Letters rogatory may be used in countries where multi-lateral or bilateral treaties on judicial assistance are not in force to effect service of process or to obtain evidence if permitted by the laws of the foreign country. 22 CFR 92.54 provides a definition of letters rogatory.

**Country Specific Information:** See the Department of State's country specific judicial assistance information on our Internet page.

**Time Frame for Execution of Letters Rogatory:** Execution of letters rogatory may take **a year or more worldwide**. Letters rogatory are customarily transmitted via the diplomatic channel , a time-consuming means of transmission. The time involved may be shortened by transmitting a copy of the request through local legal counsel if permitted in the foreign country. Lists of foreign attorneys are available on the Internet pages of the consular sections of U.S. embassies and consulates abroad .

**Letters Rogatory Checklist:**

> First, review the country specific judicial assistance information on the Department of State internet page.
>
> Then review U.S. state or federal law on the subject.
>
> See suggested text for letters rogatory at the end of this guidance.
>
> After you prepare your draft, consider whether a judge in a foreign country speaking another language will understand what you are requesting.
>
> You will then need to secure the signature of a judge in the United States on your Letters rogatory.
>
> Next, obtain any necessary authentications specified in the Department of State country specific information.
>
> If the language of the country where the letters rogatory are to be presented is not English , you will need to obtain a certified translation of the letters rogatory and any supporting documents and prepare the entire package in duplicate for transmittal to the U.S. Department of State.

**Suggestions for Drafting Letters Rogatory:**

> Letters rogatory should be written in simple, non-technical English and should not include unnecessary

information which may confuse a court in the receiving foreign country.

Avoid use of the term discovery.

Requests for documents should be as specific as possible to avoid the appearance of a fishing expedition which may result in refusal of the foreign country to execute the request. Try not to use phrases such as any and all documents.

If particular procedures to be followed by the foreign court are preferable, include the specifics in the letters rogatory (for example, verbatim transcript, place witness under oath, permission for U.S.or foreign counsel to attend or participate in proceedings if possible, etc.)

The letters rogatory should be addressed To the Appropriate Judicial Authority of **(Insert name of Country)**.

The form of letters rogatory depends on the country to which it is addressed and the assistance being sought. Some countries have statutory guidelines for granting assistance. See our country specific judicial assistance information .

**Essential elements of letters rogatory:**

A statement that a request for international judicial assistance is being made in the interests of justice;

A brief synopsis of the case, including identification of the parties and the nature of the claim and relief sought to enable the foreign court to understand the issues involved;

The type of case [e.g. civil, criminal, administrative];

The nature of the assistance required [compel testimony or production of evidence; service of process];

Name, address and other identifiers, such as corporate title, of the person abroad to be served or from whom evidence is to be compelled, documents to be served;

A list of questions to be asked, where applicable, generally in the form of written interrogatories;

A list of documents or other evidence to be produced;

A statement from the requesting court expressing a willingness to provide similar assistance to judicial authorities of the receiving state;

Statement that the requesting court or counsel is willing to reimburse the judicial authorities of the receiving state for costs incurred in executing the requesting court's letters rogatory.

**Signature and Authentication:** Letters rogatory must be signed by a judge. The clerk should not sign on behalf of the judge. For most countries, the seal of the court and signature of the judge is sufficient. Consult our country-specific information for guidance about authentication procedures for particular countries. Many countries will not accept letters rogatory issued by an Administrative Law Judge. In administrative cases, it is possible to obtain letters rogatory issued by a federal district court under the All Writs Act, 28 U.S.C. 1651.

**Translation:** The letters rogatory and any accompanying documents must be translated into the official language of the foreign country. The translator should execute an affidavit as to the validity of the translation before a notary.

**Number of Copies:** Forward to the U.S. Department of State for transmittal to the foreign authorities:

The original English version bearing the seal of the court and signature of the judge [or a certified copy]; a photocopy of the English.

The original translation and a photocopy of the translation.

The original documents will be served upon the designated recipient or deposited with the foreign court in connection with a request for evidence, and the copies returned to the court in the U.S. as proof of execution.

For requests involving multiple witnesses in diverse locations, either prepare a separate letters rogatory for each witness, or provide a certified copy of the single letters rogatory (plus translation and duplicate copy noted above) for each witness. The foreign country may assign the matter to different courts.

**Fees:** The current consular fees for transmittal of letters rogatory are available in 22 CFR 22.1 Schedule of Fees. Counsel are requested to submit a certified bank check payable to the U.S. Embassy (insert name of capital of the foreign country, for example, U.S. Embassy Tokyo). **Corporate or personal checks are not acceptable.** Foreign authorities may also charge a fee. Counsel will be notified by the U.S. embassy and/or the Office of American Citizens Services and Crisis Management in the Department of State if the embassy is advised by foreign authorities of any applicable local fees. There is no consular fee for letters rogatory on behalf of federal, state or local government officials. If the letters rogatory request compulsion of evidence from more than one witness or service of process on more than one person, multiple fees may be charged if more than one foreign court is required to execute the request due to multiple jurisdictions.

**Transmittal to the Department of State:** The letters rogatory and accompanying documents may be submitted to the Office of American Citizen Services, (CA/OCS/ACS), U.S. Department of State, SA-29 4 th Floor, 2201 C Street NW, Washington, DC 20520-0001. Phone 1-888-407-4747.

**Cover Letter:** The documents should be accompanied by a cover letter including the following elements:

- Name of case;
- Docket number;
- Foreign country;
- Nature of request: (service of process; compulsion of testimony; production of documents, etc.)
- Person to be served or from whom evidence is to be obtained: (name and address mandatory, phone number if possible.)
- Mailing address of U.S. court to which the executed letters rogatory should be returned:
- Special instructions: (Example, Federal Express account number; U.S. hearing/trial date, etc.)
- Fee enclosed
- Deposit (if required) enclosed:
- Statement of responsibility for additional costs incurred in excess of the required deposit which accompanies the letter.
- Local foreign counsel (if any): (name and address, phone number)
- Name, address, telephone, fax number and email address of requesting attorney in United States.

**Transmittal of Letters Rogatory by Department of State to the Foreign Authorities through Diplomatic Channel:** Letters rogatory generally are transmitted to foreign judicial authorities through the diplomatic channel. The diplomatic channel is a route by which the documents are sent to the foreign court. The normal process is as follows:

- Letters rogatory transmitted by court or counsel to Department of State;
- Letters rogatory transmitted by Department of State to U.S. Embassy;
- Letters rogatory transmitted to Ministry of Foreign Affairs by U.S. Embassy;
- Letters rogatory transmitted to Ministry of Justice by Ministry of Foreign Affairs;
- Letters rogatory transmitted to Foreign Court by Ministry of Justice.

**Execution of Letters Rogatory by the Foreign Court:** The foreign court will execute letters rogatory in accordance with the laws and regulations of the foreign country. In compelling evidence, for example, many foreign courts do not permit foreign attorneys to participate in their court proceedings. Not all foreign countries utilize the services of court reporters or routinely provide verbatim transcripts. Sometimes the presiding judge will dictate his or her recollection of the witness' responses.

**Return of Executed Letters Rogatory:** When letters rogatory are executed by the foreign authorities, they are generally returned to the Department of State via the diplomatic channel and the Office of American Citizens Services will send them to the requesting court in the United States via certified mail. Requesting counsel is also notified. At the request of the court, the executed letter rogatory and proof of service/evidence produced can be returned directly to requesting counsel. If transmittal by commercial express delivery service is preferred, please include your account number in the covering letter.

**Authority:** The issuance of letters rogatory by federal courts is provided for under Rule 28(b) Fed. R. Civ. P. and Rule 4(f)(2)(B), Fed. R. Civ. P. Letters rogatory have also been issued under the All Writs Act, 28 U.S.C. 1651. 28 U.S.C. 1781 and 28 U.S.C. 1782 describe the transmittal of letters rogatory through the Department of State and through the district courts; 28 U.S.C. 1696 provides for the use of letters rogatory for service of process pursuant to a request by a foreign tribunal; Consular procedures for transmittal of letters rogatory are detailed in 22 CFR 92.66: Article 5(j), Vienna Convention on Consular Relations, 21 U.S.T. 77, 596 UNTS 261; TIAS 6820 (where applicable); and Bilateral Consular Conventions (where applicable.)

**Questions:** Additional questions regarding letters rogatory should be addressed to the appropriate geographic division of the Office of American Citizens Services, Tel: 1-888-407-4747.

**Selected Reference:**

American Bar Association, Obtaining Discovery Abroad (2006).

Born and Rutlege, International Civil Litigation in United States Courts, Aspen Publishers (2006).

Epstein, Snyder and Baldwin, International Litigation: A Guide to Jurisdiction, Practice and Strategy, Transnational Pub. (1998).

McClean, David, International Co-operation in Civil and Criminal Matters, Oxford University Press (2002).

Ristau, Bruno, International Judicial Assistance, Civil and Commercial, International Law Institute (1995).

**EXAMPLE - LETTERS ROGATORY**

SAMPLE REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE

NAME OF COURT IN SENDING STATE REQUESTING JUDICIAL ASSISTANCE

NAME OF PLAINTIFF

DOCKET NUMBER

V.

NAME OF DEFENDANT

REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)

(NAME OF THE REQUESTING COURT) PRESENTS ITS COMPLIMENTS TO THE APPROPRIATE JUDICIAL AUTHORITY OF (NAME OF RECEIVING STATE), AND REQUESTS INTERNATIONAL JUDICIAL ASSISTANCE TO (OBTAIN EVIDENCE/EFFECT SERVICE OF PROCESS) TO BE USED IN A (CIVIL, CRIMINAL, ADMINISTRATIVE) PROCEEDING BEFORE THIS COURT IN THE ABOVE CAPTIONED MATTER. A (TRIAL/HEARING) ON THIS MATTER IS SCHEDULED AT PRESENT FOR (DATE) IN (CITY, STATE, COUNTRY).

THIS COURT REQUESTS THE ASSISTANCE DESCRIBED HEREIN AS NECESSARY IN THE INTERESTS OF JUSTICE. THE ASSISTANCE REQUESTED IS THAT THE APPROPRIATE JUDICIAL AUTHORITY OF (NAME OF RECEIVING STATE) (COMPEL THE APPEAR OF THE BELOW NAMED INDIVIDUALS TO GIVE EVIDENCE/PRODUCE DOCUMENTS) (EFFECT SERVICE OF PROCESS UPON THE BELOW NAMED INDIVIDUALS).

(NAMES OF WITNESSES/PERSONS TO BE SERVED)

(NATIONALITY OF WITNESSES/PERSONS TO BE SERVED)

(ADDRESSED OF WITNESSES/PERSONS TO BE SERVED)

(DESCRIPTION OF DOCUMENTS OR OTHER EVIDENCE TO BE PRODUCED)

FACTS

(THE FACTS OF THE CASE PENDING BEFORE THE REQUESTING COURT SHOULD BE STATED BRIEFLY HERE, INCLUDING A LIST OF THOSE LAWS OF THE SENDING STATE WHICH GOVERN THE MATTER PENDING BEFORE THE COURT IN THE RECEIVING STATE.)

(QUESTIONS)

(IF THE REQUEST IS FOR EVIDENCE, THE QUESTIONS FOR THE WITNESSES SHOULD BE LISTED HERE).

(LIST ANY SPECIAL RIGHTS OF WITNESSES PURSUANT TO THE LAWS OF THE REQUESTING STATE HERE).

(LIST ANY SPECIAL METHODS OR PROCEDURES TO BE FOLLOWED).

(INCLUDE REQUEST FOR NOTIFICATION OF TIME AND PLACE FOR EXAMINATION OF WITNESSES/DOCUMENTS BEFORE THE COURT IN THE RECEIVING STATE HERE).

RECIPROCITY

THE REQUESTING COURT SHOULD INCLUDE A STATEMENT EXPRESSING A WILLINGNESS TO PROVIDE SIMILAR ASSISTANCE TO JUDICIAL AUTHORITIES OF THE RECEIVING STATE.

REIMBURSEMENT FOR COSTS

THE REQUESTING COURT SHOULD INCLUDE A STATEMENT EXPRESSING A WILLINGNESS TO REIMBURSE THE JUDICIAL AUTHORITIES OF THE RECEIVING STATE FOR COSTS INCURRED IN EXECUTING THE REQUESTING COURT'S LETTERS ROGATORY.

SIGNATURE OF REQUESTING JUDGE

TYPED NAME OF REQUESTING JUDGE

NAME OF REQUESTING COURT

CITY, STATE, COUNTRY

DATE

(SEAL OF COURT)

# SERVICE OF LEGAL DOCUMENTS ABROAD

**DISCLAIMER:** THE INFORMATION IN THIS CIRCULAR RELATING TO THE LEGAL REQUIREMENTS OF SPECIFIC FOREIGN COUNTRIES IS PROVIDED FOR GENERAL INFORMATION ONLY AND MAY NOT BE TOTALLY ACCURATE IN A PARTICULAR CASE. QUESTIONS INVOLVING INTERPRETATION OF SPECIFIC FOREIGN LAWS SHOULD BE ADDRESSED TO FOREIGN COUNSEL.

**PROHIBITION:** Foreign Service officers are prohibited by Federal regulations (22 CFR 92.85) from serving process on behalf of private litigants or appointing others to do so, state law notwithstanding.

Service by Foreign Central Authority Pursuant to Multilateral Treaty or Convention
    Hague Service Convention Inter-American Convention on Letters Rogatory U.S. Central Authority for Hague and Inter-American Service Conventions
Service by Mail
    Hague Service Convention Treaty Obligation Not to Serve by Mail
Service by Publication
Waiver of Service
Service Pursuant to a Letter Rogatory
Service of Subpoenas
Service on a Foreign State, Agency or Instrumentality

**SERVICE BY FOREIGN CENTRAL AUTHORITY PURSUANT TO MULTILATERAL TREATY OR CONVENTION:** (Rule 4(f)(1) F.R.Cv. P.) The United States is a party to two multilateral treaties on service of process, the Hague Service Convention and the Inter-American Service Convention. Procedures for service under these treaties are summarized below, and explained in greater detail in our web pages about the operation of the conventions. See also our country-specific flyers on service of process or international judicial assistance.

**HAGUE SERVICE CONVENTION:** The Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters (20 U.S.T. 361; 658 U.N.T.S. 163, T.I.A.S. No. 6638; 28 U.S.C.A. (Appendix following Rule 4 FRCvP). See the Hague Conference on Private International Law web page about the Hague Service Convention. The form required for transmittal of service requests to the foreign central authority (USM-94) is available from the U.S. Marshals Service web page.

> **NOTE:** For the current list of countries and dependencies party to the Convention, see the Status Table for the Hague Service Convention on the Hague Conference web page. The column captioned "EIF" (Entered into Force) reflects when the treaty became valid in that country. The Hague Conference designates months with Roman Numerals. It is important to read the reservations (Res), Declarations (D) and Notifications (N) for each country. The foreign central authorities (Auth) are also listed on the Hague Conference Service Convention page.

**INTER-AMERICAN SERVICE CONVENTION:** The Inter-American Convention on Letters Rogatory (OAS Treaty Text B-36 and List of Ratifications for OAS Treaty Text B-36), done at Panama January 30, 1975; and Additional Protocol (OAS Treaty Text B-46 and List of Ratifications for OAS Treaty Text B-46) with Annex [regarding service of process] done at Montevideo, Uruguay on May 8, 1979. Senate Treaty Doc. 98-27; 98th Congress; 2d Session. See the Department of State Circular on the Operation of the Inter-American Service Convention. **Only countries party to both the Convention and the Additional Protocol have a treaty relationship with the United States.** See Treaties in Force on the U.S. Department of State web page. The Inter-American Service Convention is now in force between the United States and Argentina, Brazil, Chile, Colombia, Ecuador, El Salvador, Guatemala, Mexico, Panama, Paraguay, Peru, United States, Uruguay, and Venezuela. **For the most up to date information about ratifications and accessions to the Convention and the Additional Protocol, see the OAS web pages.** Submit a request for service in a foreign country party to the Convention and Additional Protocol on a form USM-272 (English) and USM 272A (Spanish), available at the office of any United States Marshal or the U.S. Department of Justice's contractor, Process Forwarding International (PFI). Information about how to submit requests is available at http://www.hagueservice.net/ and http://www.hagueservice.net/iac.html. And see Message to the Senate Transmitting the Inter-American Convention on Letters Rogatory and Additional Protocol (1984); Executive Order 12638 -- Delegation of Functions Relating to the Implementation of the Inter-American Convention on Letters Rogatory and Additional Protocol (1988).

**U.S. CENTRAL AUTHORITY FOR HAGUE AND INTER-AMERICAN SERVICE TREATIES** : Office of International Judicial Assistance, Civil Division, Department of Justice, 1100 L St., N.W., Room 11006, Washington, D.C. 20530, tel: 202) 307-0983;fax: (202) 514-6584. Requests for service of U.S. documents abroad under the Inter-American Service Convention should be sent to the U.S. Department of Justice's contractor, Process Forwarding International (PFI). Information about how to submit requests is available at http://www.hagueservice.net/.

**SERVICE BY INTERNATIONAL REGISTERED MAIL:** (Rule 4(f)(2)(C)(ii) F.R.Cv.P.) registered or certified mail, return receipt requested may be sent to most countries in the world. Rule 4(f)(2)(C) provides that this method of service may be used unless prohibited by the law of the foreign country. **(But see discussion below regarding treaty obligation to refrain from this method of service in certain countries.)** To ascertain whether such mail service exists in a foreign state, contact your local Post Office to review the International Mail Manual and consult the business section on international mail of the U.S. Postal Service web page for general information, or contact the Government Printing Office. For a general discussion of service by international mail see Born & Westin, 125-126; Epstein & Snyder, Sec. 4.04[3] p. 4-14 - 4-18; Ristau, Sec. 3-1-11, p. 70.4 - 70.5 (1995 supp.); and Wright & Miller, Sec. 1074, note 6 at 458; Sec. 1092 at 51, 52; Sec. 1134 at 377 regarding international mail conventions and Sec. 1136 regarding proof of service by mail in a foreign country (1987).

**HAGUE SERVICE CONVENTION TREATY OBLIGATION TO REFRAIN FROM SERVICE BY MAIL:** American courts have held that formal objections to service by mail made by countries party to a multilateral treaty or convention on service of process at the time of accession or subsequently in accordance with the treaty are honored as a treaty obligation, and litigants should refrain from using such a method of service. See DeJames v. Magnificence Carriers, Inc., 654 F.2d 280 (3d Cir. 1981), [cert. den., 454 U.S. 1085]; Porsche v. Superior Court, [123 Cal. App. 3d 755,] 177 Cal. Rptr. 155 (1981).

**Note:** Service by registered mail **should not be** used in the following countries which notified the treaty repository that it objected to the method described in Article 10(a) (postal channels):

Argentina
Bulgaria
China, PRC
Czech Republic
Egypt
Germany
Greece
Hungary
Japan
Korea
Kuwait
Lithuania
Norway
Poland
Russian Federation
San Marino
Slovak Republic
Sri Lanka
Switzerland
Turkey
Ukraine
Venezuela

These countries have notified the Hague Conference on Private International Law and the Government of the Netherlands (the repository) on accession, ratification or subsequently that they object to service in accordance with Article 10, sub-paragraph a of the Convention, via postal channels. See Memorandum of the Administrative Office of the U.S. Courts (November 6, 1980) at Cumulative Digest of United States Practice in International Law, 1981-1988, Department of State, Office of the Legal Adviser, 1447 (1994) or Ristau, Sec. 3-1-9, p. 70.2 (1995 supp).

**For a definitive up to date information about countries objecting to service by mail (Article 10 a), see the status table of the Hague Conference on Private International Law Hague Service Convention web page and review the reservations and declarations for each country.**

**PERSONAL SERVICE BY AGENT:** (Rule 4(f)(2)(C)(i) FRCvP) If personal service is desired in countries which are not party to the Hague Service Convention, the most expeditious method may be to retain the services of a local foreign attorney or process server. Rule 4(f)(2)(C) provides for personal service unless prohibited by the laws of the foreign country. The attorney (or agent) can execute an affidavit of service at the nearest U.S. embassy or consulate, or before a local foreign notary which can be authenticated, either with an apostille for countries party to the Hague Legalization Convention, or by a U.S. consular officer at a U.S. Embassy abroad. See our web page guidance about notarial and authentication services and 7 Foreign Affairs Manual Chapter 800. (See Wright & Miller, Sec. 1136 regarding proof of service. See 22 CFR 22.1 for the Consular Schedule of Fees for notarial and authentication services. Lists of foreign attorneys are available from the Department of State, Bureau of Consular Affairs, Overseas Citizens Services and from U.S. embassies and consulates abroad. See also our web feature, "Retaining a Foreign Attorney". It should be noted, however, that this method of service may not be considered valid under the laws of the foreign country. If eventual enforcement of the U.S. judgment in the foreign country is foreseen, this method may not suffice. It may be prudent to consult local foreign counsel early in the process on this point. American process servers and other agents may not be authorized by the laws of the foreign country to effect service abroad, and such action could result in their arrest and/or deportation. See Wright & Miller, Sec. 1135 and 1133 (1987) on the subject of who is authorized to serve process abroad.

**SERVICE BY LETTER ROGATORY:** (Rule 4(f)(2)(B) F.R.Cv.P; 28 U.S.C. 1696) A letter rogatory, also known as a "letter of request", is a request from a court in the United States to a court in a foreign country requesting international judicial assistance, which is often employed to obtain evidence abroad, but is also utilized in effecting service of process and particularly in those countries which prohibit other methods of service. In some countries service by letters rogatory is the only recognized method of service. Service of a judicial summons, as set forth in Rule 9(c), F.R.Cr. P., may also be effected pursuant to a letter rogatory. Service of process by judicial authorities in the receiving State pursuant to a letter rogatory from a court in the sending State is based on comity. Procedural requirements vary from country to country. See our web page guidance on "Preparation of Letters Rogatory". See also our country-specific flyers for any peculiarities of particular countries, or consult the appropriate geographic division of the U.S. Department of State, Bureau of Consular Affairs, Office of American Citizens Services. **Letters rogatory are a time consuming, cumbersome process and should not be utilized unless there are no other options available. If the laws of the foreign country permit other methods of service, the use of letters rogatory is not recommended given the habitual time delays of up to a year or more in execution of the requests.** (See Casad, Jurisdiction in Civil Actions, 4.06(2) (1983 & Supp. 1986); Horlick, A Practical Guide to Service of United States Process Abroad, 14 Int'l Law. 637, 642 (1980); Born & Westin, 123-125, 133-136; Wright & Miller, Federal Practice & Procedure, Sec. 1134 (1987); and Cumulative Digest of United States Practice in International Law, 1981-1988, Department of State, Office of the Legal Adviser, 1442, 1448 (1994).)

**SERVICE BY PUBLICATION:** Service by publication may also be a viable option, however, this may not be a valid method of service under the laws of the foreign country. If eventual enforcement of a U.S. judgment in a foreign country is foreseen, it may be prudent to consult local foreign counsel or American foreign legal consultants abroad before proceeding with such a method of service. See Wright & Miller, Sec. 1062 at 222 (1987); Sec. 1074, note 17 at 461-463 (1987); 1092; 1112; 1117-1118 and 1996 pocket part.

**WAIVER OF SERVICE:** (Rule 4(d) F.R.Cv.P.) Waiver of service may also be a viable option, however, this may not be a valid method of service under the laws of the foreign country. If eventual enforcement of a U.S. judgment in a foreign country is foreseen, it may be prudent to consult local foreign counsel or American foreign legal consultants abroad before proceeding with such a method of service. See Wright & Miller, Sec. 1062 (1987). Waivers of service may be executed before a U.S. consular official abroad in the form of an acknowledgment or affidavit. See our web page