# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL No. 2047 |
| | | SECTION: L |
| This Document Relates to all cases | * * | JUDGE: FALLON |
| | * * | MAGISTRATE JUDGE WILKINSON |
| | * | |
| ************************************** | * | |

### THE HOMEBUILDERS' STEERING COMMITTEE'S PERSONAL JURISDICTION REQUEST FOR PRODUCTION TO DEFENDANT, KNAUF GIPS KG

The Homebuilders' Steering Committee ("HSC"), by and through their undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, hereby propounds the following Personal Jurisdiction Request for Production to Defendant Knauf Gips KG.

### DEFINITIONS

"**Chinese Drywall**" shall mean the defective Chinese drywall imported into the United States and at issue in this Multidistrict Litigation No. 2047.

"**Defendant**" or "**you**" or "**your**" shall mean Knauf Gips KG, in its present form or whether known by any other name(s) during the Relevant Time Period, and/or any of its officers, directors, employees, agents, or representatives, as applicable.

"**Document**" or "**documents**" means and includes any written, recorded, or graphic matter, however produced or reproduced, whether or not in the possession, custody, or control of Defendant and whether or not claimed to be privileged against discovery on any ground, including, but not limited to, books, brochures, notes, diaries, notebooks, ledgers, letters,

contracts, checks, drawings, graphs, charts, reports, records, statements, receipts, computer diskettes, computer printouts, teletypes, telecopies, invoices, worksheets, lists, memoranda, correspondence, telegrams, schedules, photographs, sound recordings, films, computer media, or other data compilations from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form.

"**Person**" means any natural person, corporation, partnership, business, governmental body, or entity of any kind.

"**Relevant Time Period**" shall mean the time period from January 1, 2004, to the present.

### SPECIFIC REQUESTS

1.      All documents evidencing or reflecting any communications between you and any other party regarding Chinese Drywall during the Relevant Time Period, including, without limitation, any communications concerning the design, development, composition, testing, inspection and/or performance of the Chinese Drywall.

2.      All documents evidencing or pertaining to the design, development, composition, testing, inspection and/or performance of the Chinese Drywall during the Relevant Time Period.

3.      All documents which in any way relate to the sale or importation of Chinese Drywall into the United States during the Relevant Time Period

4.      All documents evidencing or reflecting any communications between you and any of the following entities, their officers, directors, employees, representatives and/or agents during the Relevant Time Period, including, without limitation, any communications concerning the design, development, composition, testing, inspection and/or performance of the Chinese Drywall:

2

a)      Knauf Plasterboard Dongguan Co. Ltd.;

b)      Knauf Plasterboard Tianjin Co. Ltd.;

c)      Knauf Plasterboard Wuhu Anhui Co. Ltd.;

d)      Knauf Plasterboard Wuhu Co. Ltd.;

e)      Knauf Plasterboard Guandong Co. Ltd.;

f)      Knauf Insulation GmbH;

g)      Knauf International GmbH;

h)      Knauf Fiberglass GmbH; and,

i)      Knauf USA Polystyrene Inc., and/or Knauf Polystrene.

(the foregoing entities will hereinafter be referred to as the "Knauf Entities").

5.      All documents evidencing or reflecting shared services between Defendant and any of the Knauf Entities, including, without limitation, accounting services, payroll services, management/administrative services, human resources services, marketing services, and other similar services, during the Relevant Time Period.

6.      All documents reflecting any contracts or agreements between Defendant and any of the Knauf Entities for the Relevant Time Period.

7.      All documents related to any assumption of any debt of any other liability related to Defendant by or on behalf of the Knauf Entities.

8.      All documents related to any assumption of any debt of any other liability related to any of the Knauf Entities by or on behalf of Defendant.

9.      All documents related to any transfer of ownership, control, and/or possession of any of the Knauf Entities during the Relevant Time Period.

10.     All documents related to any transfer of ownership, control, and/or possession of any assets or liabilities of Defendant or any of the Knauf Entities during the Relevant Time Period.

11.     All documents evidencing or reflecting any business-related telephone calls placed or received by you to any person or entity in the United States during the Relevant Time Period, including, without limitation, calls placed or received by you concerning Chinese Drywall.

12.     All business-related emails sent or received by you to any person in the United States during the Relevant Time Period, including, without limitation, emails placed or received by you concerning Chinese Drywall.

13.     All marketing or advertising materials sent or mailed, or caused to be sent or mailed, to any party located within the United States, including, without limitations, advertisements in any newspapers, magazines, television stations, electronic mail or internet services, or other vehicles for advertisement, which were intended for persons or entities in the United States.

14.     All documents evidencing or pertaining to any visits by you to the United States during the Relevant Time Period, including, without limitation, airline tickets, rental car receipts, and hotel receipts.

15.     All deeds, leases, mortgage agreements, loan agreements, rental, or lease agreements, storage agreements, sales agreements, insurance policies, tax documents, lien documents, or any other documents concerning any real property, personal property, or asset ever owned, leased, or otherwise held by you, in whole or in part, in the United States.

16.     All documents evidencing or pertaining to any bank accounts ever opened or maintained under your name, whether exclusively or in conjunction with any other person or entity, with any bank in the United States.

17.     All contracts and agreements that you negotiated and/or executed during the Relevant Time Period: (a) with a party located in the United States; (b) over property (real, personal, intangible, etc…) or services in the United States; and/or, (c) requiring performance in the United States.

18.     All documents evidencing or reflecting any financial transaction or activity involving you and any person or entity located in the United States during the Relevant Time Period.

19.     All reports prepared during the Relevant Time Period for any regulatory or other agency which in any way discusses or relates to your activities, or the activities of any of your subsidiaries or affiliates in the United States.

20.     All documents evidencing or reflecting Defendant's listing on any United States stock exchange during the Relevant Time Period.

21.     All documents reflecting Defendant's web pages written in English during the Relevant Time Period.

22.     The complaint, your interrogatory responses, and any deposition transcripts concerning any lawsuit to which you have been a party in the United States during the last ten (10) years.

Dated:  October _____, 2009.

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
*Attorneys for Lennar Corporation, Lennar*
*Homes, LLC, and U.S. Home Corporation*
1221 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717
E-mail: bassh@gtlaw.com

By:_____
      HILARIE BASS
      Florida Bar No. 334323
      MARK A. SALKY
      Florida Bar No. 058221

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **The Homebuilders' Steering Committee's Personal Jurisdiction Request For Production to Defendant, Knauf Gips KG** has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this _____ day of October, 2009.

_____
      MARK A. SALKY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE-MANUFACTURED | * | MDL No. 2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION: L |
| | * | |
| This Document Relates to all cases | * | JUDGE: FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | WILKINSON |
| | * | |
| ***************************************** | * | |

### THE HOMEBUILDERS' STEERING COMMITTEE'S
### PERSONAL JURISDICTION INTERROGATORIES
### TO DEFENDANT, KNAUF GIPS KG

The Homebuilders' Steering Committee ("HSC"), by and through their undersigned

counsel, and pursuant to the Federal Rules of Civil Procedure, hereby propounds the following

Personal Jurisdiction Interrogatories to Defendant Knauf Gips KG.

### DEFINITIONS

"**Chinese Drywall**" shall mean the defective Chinese drywall imported into the United

States and at issue in this Multidistrict Litigation No. 2047.

"**Defendant**" or "**you**" or "**your**" shall mean Knauf Gips KG, in its present form or

whether known by any other name(s) during the Relevant Time Period, and/or any of its officers,

directors, employees, agents, or representatives, as applicable.

"**Document**" or "**documents**" means and includes any written, recorded, or graphic

matter, however produced or reproduced, whether or not in the possession, custody, or control of

Defendant and whether or not claimed to be privileged against discovery on any ground,

including, but not limited to, books, brochures, notes, diaries, notebooks, ledgers, letters,

contracts, checks, drawings, graphs, charts, reports, records, statements, receipts, computer diskettes, computer printouts, teletypes, telecopies, invoices, worksheets, lists, memoranda, correspondence, telegrams, schedules, photographs, sound recordings, films, computer media, or other data compilations from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form.

"**Person**" means any natural person, corporation, partnership, business, governmental body, or entity of any kind.

"**Relevant Time Period**" shall mean the time period from January 1, 2004, to the present.

## PERSONAL JURISDICTION INTERROGATORIES
## TO DEFENDANT, KNAUF GIPS KG

### INTERROGATORY NO. 1:

With respect to Defendant, please state:

a)      the complete and legal name;

b)      the state and/or country of incorporation or organization;

c)      the date of incorporation or organization;

d)      the principal place of business;

e)      other places of business;

f)      the location(s) of the corporate books and records;

g)      the name of each country in which Defendant is registered and/or qualified to do business, and the designated agent for service of process in each such location, with the agent's address; and

h)      a description of the nature of business.

### ANSWER TO INTERROGATORY NO. 1:

**INTERROGATORY NO. 2:**

Identify each person who was an officer or director of Defendant during the Relevant Time Period, and for each person so identified specify:

a)      the date(s) during which each such person was an officer or director of the Defendant; and

b)      the title or position held by each such person during each time period identified in response to subparagraph (a) above.

**ANSWER TO INTERROGATORY NO. 2:**

**INTERROGATORY NO. 3:**

Did Defendant have any officer, director, employee, agent, representative, servant, or attorney present in the United States at any time during the Relevant Time Period? If so, please:

a)      identify each such person; and

b)      describe, in detail, the conduct engaged in by each such person, including the date(s) of such conduct, the place(s) of such conduct and the nature of the services performed or conduct rendered for the Defendant during each such period.

**ANSWER TO INTERROGATORY NO. 3:**

**INTERROGATORY NO. 4:**

Did Defendant do business in the United States at any time during the Relevant Time Period?  If so, please:

a)      identify all persons who have knowledge or information concerning such business; and

b)      state the date, nature, and dollar amount of each such item of business.

**ANSWER TO INTERROGATORY NO. 4:**

**INTERROGATORY NO. 5:**

Did Defendant ship any merchandise, products, or other goods into the United States at any time during the Relevant Time Period?  If so, please:

a)      identify all persons responsible for each such shipment; and

b)      state the content of each shipment, the dollar value of each shipment, the origination point of each shipment, the destination point of each shipment, and the date of each shipment.

**ANSWER TO INTERROGATORY NO. 5:**

4

**INTERROGATORY NO. 6:**

Did Defendant send, mail, or deliver any documents to any person located within the United States at any time during the Relevant Time Period? If so, please:

a)   identify the persons from whom and to whom each such document was sent;

b)   state the date of each such mailing or delivery;

c)   identify each person who has custody, control, or possession of each such document; and

d)   identify each such document.

**ANSWER TO INTERROGATORY NO. 6:**

**INTERROGATORY NO. 7:**

Did Defendant receive any documents from any person located within the United States at any time during the Relevant Time Period? If so, please:

a)   identify the persons from whom and to whom each such document was sent;

b)   state the date of each such mailing or delivery;

c)   identify each person who has custody, control, or possession of each such document; and

d)   identify each such document.

**ANSWER TO INTERROGATORY NO. 7:**

5

**INTERROGATORY NO. 8:**

Did Defendant at any time own, use, or possess (legally or beneficially) any real estate in the United States?  If so, please:

a) state the location, including street address, city, and state;

b) identify the date(s) of such ownership, use, or possession and the dollar value of the real estate at those times;

c) identify all persons who had or have legal title to said parcel; and

d) describe how each said parcel was or is used.

**ANSWER TO INTERROGATORY NO. 8:**

**INTERROGATORY NO. 9:**

Did Defendant derive revenue from activities in the United States or from any source within the United States (including, without limitation, revenue from goods used in the United States, from goods consumed in the United States, or from services rendered in the United States), at any time during the Relevant Time Period?  If so, please:

a) state the nature of the activity or source giving rise to said revenue;

b) state the amount of revenue derived and the nature or source of the revenue;

c) identify all persons principally responsible in said activity; and,

d) state the total dollar amount of gross revenue derived from said activities in each year during the Relevant Time Period.

**ANSWER TO INTERROGATORY NO. 9:**

6

**INTERROGATORY NO. 10:**

Did Defendant at any time have or maintain a bank account (checking account, savings account, compensating balance, safe deposit box, or any other form of account) at any bank or financial institution located in the United States? If so, please:

   a)   identify all persons responsible for the opening and maintaining of said account;

   b)   state the name and address of each bank or financial institution which has or had said account;

   c)   identify the account number or other identifying number of each such account;

   d)   state the date(s) of each said account;

**ANSWER TO INTERROGATORY NO. 10:**

**INTERROGATORY NO. 11:**

Did Defendant have a loan, letter of credit, line of credit, or other extension of credit, or form of indebtedness ("Loan") from a bank or other financial institution located in the United States during the Relevant Time Period to the present? If so, please:

   a)   identify all persons responsible for the creation of said Loan;

   b)   state the name and address of each bank or financial institution which granted said Loan;

   c)   state the date or dates of each said Loan and its account number; and

   d)   state the amount of each said Loan and the repayment history for each quarter during the Relevant Time Period to the present.

**ANSWER TO INTERROGATORY NO. 11:**

## INTERROGATORY NO. 12:

Did Defendant at any time have a mailing address or an office located in the United States?  If so, please:

    a)     set forth each such mailing address and/or address of each office and their dates;

    b)     state the purpose of each such mailing address and/or office;

    c)     identify all persons who worked at each such office.

### ANSWER TO INTERROGATORY NO. 12:

## INTERROGATORY NO. 13:

Did Defendant at any time have a telephone number in the United States?  If so, set forth each such telephone number and its dates of use or operation and state the purpose of each such telephone number.

### ANSWER TO INTERROGATORY NO. 13:

**INTERROGATORY NO. 14:**

Did Defendant solicit any order or any other form of business from any customers or potential customers located in the United States at any time during the Relevant Time Period? If so, as to each such solicitation please:

    a)      identify each person making the solicitation;

    b)      identify each customer or potential customer solicited;

    c)      identify the method of solicitation and the date(s) of solicitation;

    d)      state the nature of the business involved in said solicitation; and

    e)      state the results of each such solicitation.

**ANSWER TO INTERROGATORY NO. 14:**

**INTERROGATORY NO. 15:**

Did Defendant at any time pay any tax or fee to any government or governmental department or agency located within the United States? If so, as to each such tax or fee (*i.e.*, real estate, personal property, sales, ad valorem, vehicle, etc.), please:

    a)      identify the type of tax or fee and amount of tax or fee per year for the last 10 years;

    b)      state the name and location, including street address, city and state, of the government or governmental department or agency to which each said tax or fee was paid;

    c)      state the date(s) on which each such tax or fee was paid; and

    d)      identify all persons who have knowledge or information concerning said tax or fee.

**ANSWER TO INTERROGATORY NO. 15:**

**INTERROGATORY NO. 16:**

Has Defendant sent or mailed, or caused to be sent or mailed, any brochures or other advertising materials to any party located within the United States, or placed advertisements in any newspapers, magazines, television stations, electronic mail or internet services, or other vehicles for advertisement, which advertisements have or might have been seen by persons in the United States?  If so, please:

     a)     describe each such advertisement, brochure, etc.;

     b)     identify the date and cost thereof;

     c)     identify the method, volume and location of circulation;

     d)     identify the potential and actual audiences thereof; and

     e)     identify any results therefrom.

**ANSWER TO INTERROGATORY NO. 16:**

**INTERROGATORY NO. 17:**

Identify by case name, case number, jurisdiction and case status or disposition of all lawsuits to which you have been a party in the United States during the last ten (10) years.

**ANSWER TO INTERROGATORY NO. 17:**

**INTERROGATORY NO. 18:**

Please describe in detail the nature of Defendant's relationship or connection with each of the following entities in the "Knauf family of companies" (as this term is used in the website print-outs attached hereto as "Exhibit A"), including, without limitation, a description of any ownership interest (direct or indirect), during the Relevant Time Period:

a)      Knauf Plasterboard Dongguan Co. Ltd.;

b)      Knauf Plasterboard Tianjin Co. Ltd.;

c)      Knauf Plasterboard Wuhu Anhui Co. Ltd.;

d)      Knauf Plasterboard Wuhu Co. Ltd.;

e)      Knauf Plasterboard Guandong Co. Ltd.;

f)      Knauf Insulation GmbH;

g)      Knauf International GmbH;

h)      Knauf Fiberglass GmbH; and,

i)      Knauf USA Polystyrene Inc., and/or Knauf Polystrene.

(the foregoing entities will hereinafter be referred to as the "Knauf Entities").

**ANSWER TO INTERROGATORY NO. 18:**

**INTERROGATORY NO. 19:**

Please describe in detail the nature of the business of each of the Knauf Entities and explain each one's role in the "Knauf family of companies" (as this term is used in the website print-outs attached hereto as "Exhibit A") during the Relevant Time Period.

**ANSWER TO INTERROGATORY NO. 19:**

**INTERROGATORY NO. 20:**

Identify each person who was an officer, director, or employee of Defendant during the Relevant Time Period, who was also an officer, director or employee of any of the Knauf Entities, and for each person so identified specify:

a)      the date(s) during which each such person was an officer, director or employee of the entities;

b)      the title or position held by each such person with respect to each of the applicable Knauf Entities during each time period identified in response to subparagraph (a) above.

**ANSWER TO INTERROGATORY NO. 20:**

**INTERROGATORY NO. 21:**

Did Defendant share any services (such as, for example, accounting services, payroll services, corporate/finance services, legal services, management/administrative services, human resources services, marketing services, etc…) with any of the Knauf Entities during the Relevant Time Period? If so, please describe the nature of the service shared, the specific entities sharing it and the applicable period of time.

**ANSWER TO INTERROGATORY NO. 21:**

**INTERROGATORY NO. 22:**

Please identify all subsidiaries of Defendant (whether wholly or partially owned) during the Relevant Time Period, and provide for each the information requested in Interrogatory No. 1 above.

**INTERROGATORY NO. 22:**

**INTERROGATORY NO. 23:**

Please identify all affiliates of Defendant doing business in the United States (directly or indirectly) during the Relevant Time Period, and provide for each the information requested in Interrogatory No. 1 above, and the nature of the affiliate relationship with Defendant.

**INTERROGATORY NO. 23:**

13

**INTERROGATORY NO. 24**:

Please identify all entities controlled by Defendant in the United States during the Relevant Time Period, and provide for each the information requested in Interrogatory No. 1 above as well as a description of its present or former relationship with Defendant.

**ANSWER TO INTERROGATORY NO. 24:**

_____

As Authorized Representative
of Knauf Gips KG

STATE OF _____ )
                                                          ss.
COUNTY OF _____ )

The foregoing instrument was acknowledged before me this _____ day of

_____, 2009, by _____, as Personal

Representative of Knauf Gips KG, who is personally known to me or who has produced

_____ as identification and who did (did not) take an oath.

_____

NOTARY PUBLIC

Print Name: _____

14

Commission No. _____

My Commission Expires: _____