# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE CHINESE-MANUFACTURED DRYWALL          MDL No. 2047
PRODUCTS LIABILITY LITIGATION
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -          SECTION: L

                                                                                   JUDGE FALLON
                                                                                   MAG. JUDGE WILKINSON
THIS DOCUMENT RELATES TO ALL CASES

DECLARATION OF VICTOR T. HUDSON

I, Victor T. Hudson, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.      I submit this declaration in support of the Homebuilder Steering Committee's opposition to Knauf Gips, KG's motion for protective order to require the use of the Hague Evidence Convention for gathering evidence relating to personal jurisdiction in this matter. I have personal knowledge of the matters set forth in this declaration and, if called as a witness, could and would testify truthfully to these matters.

2.      I am a licensed, practicing attorney in the State of Alabama. I am admitted to practice before the United States Court of Appeals, Fifth Circuit; the United States Court of Appeals, Eleventh Circuit; and the United States District Court for the Southern District of Alabama. I am also a member of the International Association of Defense Counsel, Defense Research Institute, Alabama Defense Lawyers Association, and the American Bar Association.

3.      I have attempted to gather evidence within Germany utilizing the procedures set forth in the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters ("Hague Convention") on numerous occasions.

4.      It is my experience that utilizing the procedure for gathering evidence in civil matters under the Hague Convention is inefficient, cumbersome, and does not in any way compare to

-1-

obtaining evidence pursuant to the Federal Rules of Civil Procedure. The Hague Convention, as applied in Germany, requires that the questions be submitted in writing in advance of the examination. A judge then reads the questions to the witness, listens to his answer, and dictates into the record what the judge interprets the witness has said. Frequently, I have found it necessary to ask the judge to restate his interpretation of the answer because it was inconsistent with the witness' actual answer. Sometimes, the judge would make the necessary corrections, and sometimes he would not.

5.      One of the greatest restrictions on the ability to obtain meaningful discovery is the inability to follow up and to actually cross-examine the witness. Although it may sometimes be allowed by the individual judge conducting the proceeding, there is no right to directly ask questions. Additionally, nuances are almost always lost through the interpretation of the answer by the judge. Particular words that could have great significance in the case are rarely repeated into the official record.

6.      The process is particularly inefficient and frustrating when the issues involved are set out in documentary evidence. Even assuming that the witness is attempting to be complete and forthright in his answers, the inability to obtain documents from the witness oftentimes prevents a full and meaningful examination of the issues involved. While the witness may refer to his or her personal file during the examination, the documents are not required to be produced either before or after the examination. Thus, it is impossible to verify the accuracy of the witnesses' testimony, or to know if other questions would be appropriate.

7.      These inherent limitations in the process called for under the Hague Convention significantly restrict the discovery of the true facts relating to the examination and severely prejudice the examining party.

8.      Additionally, obtaining evidence in Germany pursuant to the Hague Convention can be extremely time-consuming. The process is somewhat at the mercy of the schedule of the local judicial authorities, over which the litigants have no control.

-2-

9.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the

United States of America that the foregoing is true and correct.

Executed on this the ___ day of October, 2009.

_____
VICTOR T. HUDSON
Declarant

-3-