UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO ALL CASES | |

**THE PLAINTIFFS' STEERING COMMITTEE'S RESPONSE IN OPPOSITION TO LA SUPREMA'S MOTION FOR PROTECTIVE ORDER**

**I.     INTRODUCTION**

The Plaintiffs' Steering Committee (hereafter "PSC") hereby submits this response to the Motion for Protective Order filed on October 2, 2009 by defendants La Suprema Enterprise, Inc. and La Suprema Trading, Inc. (hereafter "La Suprema").

La Suprema professes to be a party in ten cases transferred to MDL No. 2047. *See* La Suprema Motion at 4. Nevertheless, La Suprema denies that it is subject to being discovered in this MDL and seeks a protective order to prevent it from being discovered about the manufacturers of Chinese drywall that are not specifically named as party defendants in any of the ten actions in which La Suprema is a defendant. La Suprema also takes issue with this Court's determination to expedite discovery as it does not appreciate that it could be involved in litigation that is a potential bellwether trial. Further, La Suprema takes issue with discovery of documents involving the financial transactions at issue in this litigation. Each of La Suprema's flawed arguments will be addressed below.

**II.    FACTUAL BACKGROUND**

On June 15, 2009, the Judicial Panel on Multidistrict Litigation issued a Transfer Order for coordinated pretrial proceedings before this Court of all actions concerning drywall manufactured in China, imported to and distributed in the United States, and used in the construction of houses. *See In re Chinese-Manufactured Drywall Products Liability Litig.*, 626 F.Supp. 2d 1346, 1347

(J.P.M.L. June 15, 2009). Following that transfer order, this Court immediately implemented orders designed to expeditiously conduct this litigation. Through Pretrial Order No. 1, this Court ordered the actions consolidated for pretrial purposes and invited applications of counsel to act as Liaison Counsel or on Steering Committees. In that first Order, this Court recognized that discovery would be necessary to be conducted on behalf of plaintiffs in all actions which are consolidated within the instant Multidistrict litigation. *See* Pretrial Order No. 1 at 11. Thereafter, the Court issued Pretrial Order No. 8, appointing the Plaintiffs' Steering Committee to effectuate the Court's desires regarding discovery and other litigation needs on behalf of all plaintiffs.

Consistent with the Court's directive, after advising that it would be submitting a motion to lift the stay of discovery upon La Suprema, the PSC issued written discovery and a notice of oral and videotaped deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) on September 2, 2009. Therein, the PSC sought the deposition of a corporate designee of La Suprema to appear at the offices of Herman, Herman, Katz & Cotler in New Orleans, LA "or at another location mutually agreed upon by the parties." Since the issuance of the notice of deposition, this Court, following the September 24, 2009 status conference, heard argument on the PSC's Motion for Expedited Discovery. At the hearing on the Motion for Expedited Discovery, the Motion was granted. At that time, the parties were directed to meet and confer the following day, on September 25, 2009, in Miami, Florida, to address any issues regarding the outstanding discovery, including the notice of deposition and request for production of documents.

On September 25, 2009, members of the PSC attended a meet and confer in Miami, Florida at the offices of Greenberg Traurig LLP. Present was counsel for La Suprema. At the meet and confer session, counsel for La Suprema indicated his unwillingness of fully participate in discovery based upon challenges to the Court's jurisdiction, as well as the fact that La Suprema had outstanding motions to dismiss. La Suprema further argued that it would challenge the Court's

authority to require discovery of information from La Suprema beyond the four corners of any complaint in which La Suprema was a currently named defendant.[1] When this impasse was reached, the representatives of the PSC sought a conference with the Court to advise La Suprema's counsel of the Court's interest in the expeditious conduct of all discovery. At the conference, counsel for La Suprema indicated that it was not prepared to argue its motion for protective order, but would file same promptly. The Court admonished counsel that it would hear out the arguments of La Suprema, but if it ruled against La Suprema an appropriate sanction would follow.

On October 2, 2009, La Suprema followed through and filed its Motion for Protective Order. Therein, La Suprema labors under the misperception that, "any discovery directed towards La Suprema can only be case-specific because it is a defendant in only ten cases in this MDL." La Suprema Motion at 12. Following this mistaken belief, La Suprema argues that to the extent plaintiffs seek documentation regarding La Suprema's importation of Chinese drywall by manufacturers other than Knauf, *i.e.*, Pingyi Baier Building Materials Co., Ltd. and Beijing Building Materials Import and Export Co., Ltd., La Suprema would not be obliged to respond to said discovery, as this information would supposedly be irrelevant.

For the reasons discussed below, La Suprema's Motion for Protective Order is unfounded and without merit.

---

[1]The parties were also unable to agree on the relevant time period. The PSC set the relevant time period to be January 1, 2001 to the present. In the interest of obtaining discovery immediately, the PSC agreed, without waiver of any rights, to accept a first wave of discovery from January 1, 2005 to the present subject to later argument that Janaury 1, 2001 to the present is appropriate. The PSC still believes that the pre-2005 documents are relevant and will be prepared to argue this matter at the hearing scheduled for this motion.

### III. ARGUMENT

#### A. As a Defendant Party in the Consolidated Proceedings in MDL 2047, La Suprema is Subject to the PSC's Discovery

La Suprema concedes that it appears before this Court in ten actions in these consolidated MDL proceedings. Without question, this Court has jurisdiction and authority over La Suprema. *See* 28 U.S.C. §1407, 28 U.S.C. §1332. Nevertheless, La Suprema challenges this Court's authority to impose any discovery obligation upon it directed to information held by La Suprema as to Chinese manufacturers that are not named defendants in any of the actions in which La Suprema is a named defendant.

Pretrial Order No. 10 ordered the parties to provide Liaison Counsel with a photographic catalog of markings, brands, end tapes and other identifying markers that they have found in affected homes to enable the inspectors engaged in the Threshold Inspection Program to conduct their investigations. The joint submission presented to the Court, pursuant to Pretrial Order No. 10, contained numerous images of drywall of unknown Chinese manufacturer. To the PSC's knowledge, La Suprema did not contribute any information pursuant to Pretrial Order No. 10.

Nevertheless, it is apparent that La Suprema maintains documents that are not privileged and appear reasonably calculated to lead to the discovery of admissible evidence, including the identity of the manufacturers of the drywall identified in the Pretrial Order No. 10 catalog. *See* Fed.R.Civ.P. 26(b)(1). Far from being a "fishing expedition," the PSC, on behalf of all plaintiffs in these consolidated proceedings against Chinese manufacturers of defective Chinese drywall, submits that the Notice of Deposition and accompanying request for documents from La Suprema appropriately include information in La Suprema's possession that may be pertinent to such claims. These claims may include the drywall manufactured by Pingyi Baier or Beijing Building Materials. La Suprema's artificial and arbitrary limit on discovery is not consistent with the mandate imposed upon the PSC

pursuant to the JPML's Transfer Order or this Court's Pretrial Order No. 8. Given the relevance of documents within La Suprema's possession that pertain to the potential manufacturers of defective drywall from China, the Motion for Protective Order is not sustainable.

### B. Dispositive Motion Practice by La Suprema Should not Impede Discovery Against La Suprema

La Suprema contends that it has filed or will be filing motions to dismiss pursuant to Rule 12(b)(6) in several of the actions in which it is a named defendant. As a consequence, La Suprema contends that it should not be subject to fact discovery. Not so. Even if La Suprema was never a defendant, as a third party with relevant information, La Suprema is subject to discovery under the Federal Rules of Civil Procedure. *See, e.g.,* Fed.R.Civ.P. 45. Plainly, La Suprema concedes that it holds documents regarding La Suprema's purchase of Chinese drywall from Knauf and other Chinese drywall manufacturers. These documents are therefore discoverable regardless of the merit of any filed or potential motion to dismiss.

As evident from La Suprema's motion, counsel for the PSC were able to narrow the issues regarding La Suprema's Discovery obligations. Indeed, while La Suprema seeks a protective order from the PSC limiting any 30(b)(6) deposition from occurring in New Orleans, it has always been the PSC's position that the deposition would take place a mutually agreeable location. The PSC is not adverse to taking the deposition of La Suprema in Florida.

### C. Expedited Discovery from La Suprema is Appropriate

La Suprema contends that it will not be a party in any bellwether trial and, therefore, the Court's order granting the PSC's motion to expedite Discovery should not apply to it. La Suprema is mistaken. Whether or not La Suprema will be a party to any bellwether trial is irrelevant to the PSC's need to obtain pertinent information from third parties. This fact cannot be minimized in the fashion described by La Suprema. Since La Suprema concedes that it holds relevant information

regarding Knauf drywall and other Chinese manufacturers prohibiting the PSC from obtaining this information in an expedited fashion is prejudicial to the PSC which is obliged to prepare for bellwether trials that are scheduled to take place as early as January 11, 2010.

Further, this Court has indicated its willingness to allow a bellwether trial to take place in Florida. Conceivably, La Suprema may be a party in one of the actions selected for a bellwether trial. Accordingly, the premise for La Suprema's argument seeking to avoid discovery is unfounded and meritless.

### D. Discovery of Financial Information from La Suprema is Relevant

La Suprema seeks to hide behind the cloak of caselaw that discovery intended to determine whether a defendant has the means to satisfy a judgment is not ordinarily permitted. *See, e.g., Grosek v. Panther Transportation, Inc.*, 251 F.R.D. 162, 165 (M.D.Pa. 2008). As *Panther* makes clear, however, the financial status of a defendant is appropriate in cases involving claims for punitive damages. *Id.* Further, plaintiffs are not seeking information related to La Suprema's ability to satisfy any judgment. Indeed, La Suprema notes that deposition topic (b)(12) seeks financial data relating to transactions including shipping data, shipping costs, storage costs, purchase costs and refunds paid or received. Such financial data has no bearing or pertinence to La Suprema's ability to withstand a judgment and is therefore discoverable. A protective order is unnecessary and unwarranted against such relevant discovery.

### IV. CONCLUSION

La Suprema has needlessly engaged this Court in unwarranted motions practice, despite every effort of the PSC to avoid the same. Despite our meeting in Miami, Florida on September 25, 2009, despite this Court's admonition to La Suprema, and despite the relevance of the PSC's discovery against La Suprema for the overall purposes of this MDL litigation, La Suprema nevertheless has filed a baseless motion for a protective order. For the reasons set forth above, the

motion is unfounded and should be denied.

                                                Respectfully submitted,

**Dated: October 5, 2009**

/s/ Russ M. Herman
Russ M. Herman, Esquire
Leonard A. Davis, Esquire
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Victor Manuel Diaz
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Aragon Avenue, 2nd Floor
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Jerrold Seith Parker
Parker, Waichman, Alonso LLP
27399 Riverview Center Blvd.
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Jeremy W. Alters
Alters, Boldt, Brown, Rash & Culmo, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@abbrclaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 5th day of October, 2009.

      /s/ Leonard A. Davis
      Leonard A. Davis
      Herman, Herman, Katz & Cotlar, LLP
      820 O'Keefe Ave.
      New Orleans, LA 70113
      PH: (504) 581-4892
      Fax: (504) 561-6024
      ldavis@hhkc.com