UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DAVID & AMANDA KESSLER | * | CIVIL ACTION |
| | * | NO:  09-6072 |
| VERSUS | * | |
| | * | JUDGE: |
| GMI CONSTRUCTION, INC., ABC | * | ELDON E. FALLON |
| INSURANCE COMPANY, MNO | * | |
| INSURANCE COMPANY, INTERIOR | * | MAGISTRATE: |
| EXTERIOR BUILDING SUPPLY, | * | JOSEPH C. WILKINSON, JR. |
| ASI LLOYDS and HBW INSURANCE | * | |
| SERVICES LLC | * | IN RE: CHINESE-MANUFACTURED |
| | * | PRODUCTS LIABILITY LITIGATION |
| | * | MDL No. 2047 |
| | * | |
| | * | SECTION "L" (2) |

*************************************

## ANSWER TO PLAINTIFFS' PETITION FOR
## BREACH OF CONTRACT, WARRANTY AND FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes Defendant, ASI Lloyds

("ASI"), who for answer to the allegations set forth in the Plaintiffs' Petition for Breach of

Contract, Warranty, and for Damages, respectfully avers as follows:

1.

The allegations set forth in Paragraph 1 are denied for lack of sufficient information to

justify a belief therein.

2.

The allegations set forth in Paragraph 2 do not require an answer on the part of ASI; however, to the extent an answer is deemed required, they are denied.

3.

The allegations set forth in Paragraphs 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, and 16 are denied for lack of sufficient information to justify a belief therein.

4.

The allegations set forth in Paragraphs 17 and 18 are admitted to the extent that "Chinese drywall" is inherently defective and not suitable for its intended use.  All other allegations are denied for lack of sufficient information to justify a belief therein.

5.

The allegations set forth in Paragraphs 19 and 20 are denied.

6.

The allegations set forth in Paragraphs 21, 22, 23, 24, 25, 26, 27, 28, and 29 are denied for lack of sufficient information to justify a belief therein.

7.

The allegations set forth in Paragraphs 30 and 31 are denied as to ASI.

8.

The allegations set forth in Paragraphs 32 are denied for lack of sufficient information to justify a belief therein.

9.

The allegations set forth in Paragraphs 33, 34, 35, 36, 37, and 38 are denied as to ASI except to admit that the drywall was defective and not fit for its intended purpose.

10.

The allegations set forth in Paragraph 39 do not require an answer on the part of ASI; however, to the extent an answer is deemed required, they are denied.

11.

The allegations set forth in Paragraph 40 are denied.

12.

The allegations set forth in Paragraph 41 are admitted.

13.

The allegations set forth in Paragraph 42 do not require an answer on the part of ASI; however, to the extent an answer is deemed required, they are denied.

14.

The allegations set forth in Paragraph 43 are denied.

15.

The allegations set forth in Paragraphs 44 are denied for lack of sufficient information to justify a belief therein.

16.

The allegations set forth in Paragraph 45 do not require an answer on the part of ASI; however, to the extent an answer is deemed required, they are denied.

17.

The allegations set forth in Paragraphs 46 are denied for lack of sufficient information to justify a belief therein.

18.

The allegations set forth in Paragraph 47 are denied.

19.

The allegations set forth in Paragraphs 48 and 49 do not require an answer on the part of ASI; however, to the extent an answer is deemed required, they are denied.

20.

The allegations set forth in Paragraphs 50, 51, 52, and 53 are denied.

21.

The allegations set forth in Paragraph 54 do not require an answer on the part of ASI; however, to the extent an answer is deemed required, they are denied.

22.

The allegations set forth in Paragraphs 55, 56, and 57 are denied.

23.

The allegations set forth in Paragraph 58 do not require an answer on the part of ASI; however, to the extent an answer is deemed required, they are denied.

24.

The allegations set forth in Paragraphs 59 and 60 are denied.

25.

The allegations set forth in Paragraph 61 do not require an answer on the part of ASI; however, to the extent an answer is deemed required, they are denied.

26.

The allegations set forth in Paragraphs 62, 63, and 64 are denied.

27.

The allegations set forth in Paragraph 65 do not require an answer on the part of ASI; however, to the extent an answer is deemed required, they are denied.

28.

The allegations set forth in Paragraphs 66 and 67 are denied.

29.

The allegations set forth in Paragraph 68 do not require an answer on the part of ASI; however, to the extent an answer is deemed required, they are denied.

30.

The allegations set forth in Paragraphs 69 and 70 are denied as written.  It is admitted that ASI issued a policy of insurance, policy number LAL6054, effective 11/14/2008 to 11/14/2009, to David M. Kessler and/or Amanda Singleton Kessler.  Further answering, ASI avers that the policy, as a written document, is the best evidence of the coverages, if any, afforded under it, and ASI specifically pleads any and all coverage limits, terms, provisions, conditions, limitations, and/or exclusions contained within the ASI policy as if copied herein *in extenso*.  This admission should not be construed as an admission of liability or coverage, which are specifically denied, and any and all allegations inconsistent or at variance with the written terms of the ASI policy are specifically denied.

31.

The allegations set forth in Paragraph 71 are denied.

32.

The allegations set forth in Paragraph 72 do not require an answer on the part of ASI; however, to the extent an answer is deemed required, they are denied.

33.

The allegations set forth in Paragraph 73 are denied as written.  It is admitted that ASI issued a policy of insurance, policy number LAL6054, effective 11/14/2008 to 11/14/2009, to David M. Kessler and/or Amanda Singleton Kessler.  Further answering, ASI avers that the policy, as a written document, is the best evidence of the coverages, if any, afforded under it, and ASI specifically pleads any and all coverage limits, terms, provisions, conditions, limitations, and/or exclusions contained within the ASI policy as if copied herein *in extenso*.  This admission should not be construed as an admission of liability or coverage, which are specifically denied, and any and all allegations inconsistent or at variance with the written terms of the ASI policy are specifically denied.

34.

The allegations set forth in Paragraph 74 are denied.

35.

The allegations set forth in Paragraph 75 do not require an answer on the part of ASI since it is merely a jury trial request.

36.

All unnumbered and misnumbered paragraphs, as well as any and all allegations of the prayer for relief, and all allegations claiming negligence and/or liability on the part of ASI, and all allegations not specifically answered herein are denied.

**AND NOW FURTHER ANSWERING,** ASI avers:

37.

Plaintiffs have failed to provide satisfactory proof of loss for all or some of the damages complained of, thus barring any recovery against ASI.

38.

ASI further shows that ASI was not notified of Plaintiffs' claim prior to the filing of the Complaint, and ASI had no opportunity to investigate or adjust the claim. Accordingly, Plaintiffs are not entitled to any penalties and/or attorney's fees under La. R.S. 22:1892 (formerly La. R.S. 22:658) and/or La. R.S. 22:1973 (formerly La. R.S. 22:1220).

39.

ASI issued a policy of insurance, policy number LAL6054, 11/14/2008 to 11/14/2009, to David M. Kessler and/or Amanda Singleton Kessler, which provided homeowner insurance coverage for the residence located at 385 Brown Thrasher Loop S, Madisonville, Louisiana, 70447. Policy number LAL6054 provided the following coverages, with the following limits:

| | | |
|---|---|---|
| Coverage A (dwelling) | - | $234,000 |
| Coverage B (other structures) | - | $23,400 |
| Coverage C (personal property) | - | $117,000 |
| Coverage D (loss of use) | - | $46,800 |
| Coverage E (personal liability) | - | $300,000 |
| Coverage F (medical payments) | - | $1,000 |

40.

Policy number LAL6054 provided in pertinent part:

**SECTION 1 – PERILS INSURED AGAINST**
**A.      Coverage A – Dwelling And Coverage B – Other Structures**

7

1.     We insure for sudden and accidental direct physical loss to property described in Coverages **A** and **B**.

2..     We do not insure, however, for loss:

    a.     Excluded under Section **1** – Exclusions;

* * *

    c.     Caused by:

        **(6)**     Any of the following:

            **(a)**     Wear and tear, marring, deterioration;

            **(b)**     Mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;

            **(c)**     Smog, rust or other corrosion, or dry rot;

            **(e)**     Discharge, dispersal, seepage, migration, release or escape of pollutants unless the discharge, dispersal, seepage, migration, release or escape is itself caused by a Peril Insured Against named under Coverage **C**.

                Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

* * *

**B.**     **Coverage C – Personal Property**

We insure for direct physical loss to the property described in Coverage C caused by any of the following perils unless the loss is excluded in Section **1** – Exclusions.

41.

ASI respectfully avers that pursuant to the policy language quoted above, ASI has no liability for Plaintiffs' alleged damages because all losses and/or damages allegedly caused by the instillation of Chinese drywall are excluded by the pollution exclusion, "wear and tear" exclusion, and/or "latent defect" exclusions as quoted above.

42.

Policy number LAL6054 provided in pertinent part:

## SECTION I – EXCLUSIONS

\* \* \*

**B.**  We do not insure for loss to property described in Coverages **A** and **B** caused by any of the following.  However, any ensuing loss to property described in Coverages **A** and **B** not precluded by any other provision in this policy is covered.

    **2.**  Acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body.

    **3.**  Faulty, inadequate or defective:

        **a.**  Planning, zoning, development, surveying and siting;

        **b.**  Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

        **c.**  Materials used in repair, construction, renovation or remodeling; or

        **d.**  Maintenance;

    of part or all of any property whether on or off the "residence premises".

43.

ASI avers that pursuant to the exclusion quoted above, ASI has no liability for Plaintiffs' alleged damages because the alleged losses and damages resulted from faulty design, planning, workmanship, construction, renovation, remodeling, etc…, as quoted above.

44.

ASI avers that it had no responsibility or liability for the damages complained of because Plaintiffs failed to satisfy the conditions of the policy prior to filing suit.  Policy number LAL6054 provided in pertinent part:

## B.    Duties After Loss

In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, an "insured" seeking coverage, or a representative of either:

**1.**    Give prompt notice to us or our agent;

4.     Protect the property from further damage.  If repairs to the property are required, you must:

    **a.**     Make reasonable and necessary repairs to protect the property; and

    **b.**     Keep an accurate record of repair expenses;

5.     Cooperate with us in the investigation of a claim;

6.     Prepare an inventory of damaged personal property showing the quantity, description, actual cash value and amount of loss.  Attach all bills, receipts and related documents that justify the figures in the inventory;

7.     As often as we reasonably require:

    **a.**     Show the damaged property;

    **b.**     Provide us with records and documents we request and permit us to make copies; and

    **c.**     Submit to examination under oath, while not in the presence of another "insured", and sign the same;

8.     Send to us your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:

    **a.**     The time and cause of loss;

    **b.**     The interests of all "insureds" and all others in the property involved and all liens on the property;

    **c.**     Other insurance which may cover the loss;

    **d.**     Changes in title or occupancy of the property during the term of the policy;

    **e.**     Specifications of damaged buildings and detailed repair estimates;

    **f.**     The inventory of damaged personal property described in **6.** Above;

    **g.**     Receipts for additional living expenses incurred and records that support the fair rental value loss; and

    **h.**     Evidence or affidavit that supports a claim under **E.6.** Credit Card, Electronic Fund Transfer Or Access Device, Forgery And Counterfeit Money under Section **1** – Property Coverages, stating the amount and cause of loss.

This proof of loss must be sent to us within:

    **(2)**     60 days after our request in all other cases.

45.

ASI avers that it had no responsibility or liability for the damages complained of because

Plaintiffs allege that the defendants installing, selling, and/or manufacturing the Chinese drywall

acted intentionally to cause their alleged damages, and the policy does not provide coverage for intentional acts.  Policy number LAL6054 provided in pertinent part:

**SECTION I – EXCLUSIONS**

\* \* \*

A.    We do not insure for loss caused directly or indirectly by any of the following.  Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.  These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

    8.    **Intentional Loss**, meaning any loss arising out of any act committed:

        b.    With respect to loss caused by a peril other than fire and with respect to all "insureds" covered under this policy;

            (1)    By you or at your direction; and

            (2)    With the intent to cause a loss.

46.

If there was negligence and/or fault on the part of anyone other than Plaintiffs in any way constituting a proximate cause of the alleged injuries, if any, made the subject of this lawsuit, such negligence was that of persons or parties other than ASI or persons for whom ASI is or was not responsible, and ASI is, therefore, not liable under its policy.

47.

ASI  specifically avers that Plaintiffs have failed to mitigate their damages herein.

48.

Out of an abundance of caution, and because the Complaint was the first notice of a claim, ASI specifically pleads the affirmative defenses enumerated in the Federal Rules of Civil Procedure.

49.

ASI reserves the right to supplement and amend this Answer to plead any further defenses which may be shown applicable by future discovery.

**WHEREFORE**, Defendant, ASI, prays that its Answer to Plaintiffs' First Amended Complaint be deemed good and sufficient, and that after due proceedings are had, there be judgment rendered in favor of ASI, dismissing the Plaintiffs' Petition for Breach of Contract, Warranty, and for Damages, with prejudice, at Plaintiffs' costs, and for all other relief afforded by these premises.

Respectfully submitted,

**CHOPIN, WAGAR, RICHARD & KUTCHER, L.L.P.**

By: _____
JASON P. FOOTE (#25050), T.A.
BRITTANY M. LOVE (#31846)
3850 N. Causeway Boulevard, Suite 900
Metairie, Louisiana  70002
Telephone:  (504) 830-3827
Facsimile:  (504) 836-9579
*Attorneys for Defendant, ASI Lloyds*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of October, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to persons electronically noticed.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to any non-CM/ECF participant.

_____
JASON P. FOOTE

12