# Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 2047 |
| | ) | SECTION: L |
| THIS DOCUMENT RELATES TO ALL CASES | ) ) ) ) | JUDGE FALLON MAG. JUDGE WILKINSON |

**HOMEBUILDERS' STEERING COMMITTEE'S AND DEFENSE STEERING COMMITTEE'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO COMPEL PLAINTIFFS' PROFILE FORMS**

The Homebuilders' Steering Committee ("HSC") and Defense Steering Committee ("DSC"), through undersigned counsel, respectfully submit their reply memorandum of law in further support of their Motion to Compel Plaintiffs' Profile Forms ("Motion"), and state:

1. Contrary to what the Plaintiffs' Steering Committee ("PSC") suggests, it is both reasonable and necessary to require the PSC immediately to submit Plaintiff Profile Forms ("PPFs") for all of the homeowners they currently represent. Submission of these PPFs now would provide the defendants and this Court with a better sense of the total number of potential cases that are expected to be filed in this MDL No. 2047. In addition to assisting with the possible ultimate resolution of this litigation, requiring the PSC to submit all of its PPFs would assist with this Court's efforts to coordinate this litigation with the hundreds of state court cases that involve many of the same issues (and, unfortunately, many of the same named plaintiffs).[1] The PSC should not be permitted to thwart this Court's efforts to secure the "just and efficient resolution of this litigation" by unreasonably withholding PPFs for those homeowners they currently represent.

---

[1] Notably, the PSC never addresses in its Opposition the concern raised about there being a significant number of PPFs from persons also pursuing claims in state court. (Motion ¶ 5.)

2. The PSC should also not be permitted to thwart the defendants' efforts to discover basic information from the plaintiffs. The PSC argues that requiring them to submit PPFs for all of the homeowners they currently represent would "burden Plaintiffs' counsel and their clients with discovery prematurely." (Opp. at 3). The PSC makes this argument notwithstanding its own efforts to expedite discovery and unnecessarily burden the defendants with overly broad discovery requests that seek information well beyond the basic information requested through the court-approved PPFs. The PSC simply cannot have it both ways. It should not be permitted aggressively to pursue broad discovery from the defendants while at the same time seek to prevent the defendants from discovering basic information from the PSC in the form of a completed PPF. Therefore, the Court should compel the PSC immediately to submit PPFs for all homeowners they currently represent.

3. The Court should further compel the PSC immediately to correct the numerous deficiencies with the PPFs they have submitted to date. Rather than dispute that many of the PPFs that were submitted are indeed incomplete, unsigned or illegible, the PSC responds by arguing that the HSC and DSC should have the burden of pointing out the deficiencies to the PSC. In fact, the HSC and DSC provided a sampling of such deficient PPFs as attachments to their Motion (*see* Motion, Composite Exs. A-C), which was filed on September 21, 2009, but the PSC has still yet to submit corrected PPFs.

4. Moreover, in an effort to work with the PSC to resolve all of these deficiencies, the HSC and DSC sent a letter to the Plaintiffs' Liaison Counsel, Russ Herman, dated October 9, 2009, enclosing a chart showing the specific PPFs that are either incomplete, unsigned and/or illegible, and asking the PSC to correct these numerous deficiencies before the October 15, 2009, hearing on the Motion. (A copy of the October 9, 2009, letter is attached hereto as Composite

Exhibit 1). In the letter, the HSC and DSC also questioned whether the PSC has accurately depicted the actual number of PPFs provided by the PSC and has requested that the PSC confirm that the chart lists all of the PPFs submitted to date. The HSC and DSC will attempt to meet and confer with the PSC on these issues in advance of this week's hearing. To the extent the PSC refuses or fails to correct these deficiencies and confirm the list of PPFs by October 15th, the Court should compel the PSC to do so immediately.

4. Finally, despite the PSC's protestations to the contrary, the HSC and DSC are not "ask[ing] this Court to restrict the potential trial cases to only those plaintiffs who submitted PPFs by September 21, 2009." (Opp. at 4). Rather, the HSC and DSC are merely asking this Court to restrict the potential cases eligible for initial *bellwether* trials to non-personal injury plaintiffs who previously submitted PPFs. Such a restriction is entirely reasonable and appropriate given this Court's stated desire to conduct these initial bellwether trials in less than four months. Indeed, at the September 24, 2009, pre-hearing conference, this Court agreed that it was a reasonable request to limit the potential initial bellwether trials to those non-personal injury plaintiffs who previously submitted PPFs.

5. Accordingly, and for the reasons more fully discussed in the Motion, the HSC and DSC respectfully request that the Court grant their Motion.

Respectfully submitted,

**HOMEBUILDERS' STEERING COMMITTEE**

Phillip A. Wittmann
Stone, Pigman, Walther, Wittmann
546 Carondelet St.
New Orleans, LA 70130
(504) 593-0804

Hilarie Bass
Greenberg Traurig PA
1221 Brickell Avenue
Miami, FL 33131
(315) 579-0500

Elizabeth J. Cabraser
Leiff, Cabraser, Heimann & Bernstein, LLP
Embarcadero Center West
275 Battery St., Suite 3000
San Francisco, CA 94111
(415) 956-1000

Neal A. Sivyer
Sivyer Barlow & Watson PA
401 East Jackson Street, Suite 2225
Tampa, FL 33602
(813) 221-4242

J. Kevin Buster
King & Spaulding, LLP
1180 Peachtree St., NE
Atlanta, GA 30309
(404) 572-4804

Steven L. Nicholas
Cunningham Bounds, LLC
1601 Dauphin Street
Mobile, AL 36604
(251) 471-6191

## DEFENDANTS' STEERING COMMITTEE

Kerry J. Miller (ex-officio)
Frilot L.L.C.
Suite 3700
1100 Poydras Street
New Orleans, LA 70163
(504) 599-8000

Douglas B. Sanders
Baker & McKenzie LLP
130 E. Randolph Drive
One Prudential Plaza
Chicago, IL 60601
(312) 861-8075

Jan Douglas Atlas
Adorno & Yoss LLP
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200

Gary F. Baumann
Fulmer, Leroy, Albee, Baumann & Glass
2866 East Oakland Park Boulevard
Ft. Lauderdale, FL 33306

Donald J. Hayden
Baker & McKenzie LLP
1111 Brickell Avenue, Suite 1700
Miami, FL 33131
(305) 789-8966

Mark A. Salky
Greenberg Traurig PA
1221 Brickell Avenue
Miami, FL 33131
(315) 579-0500

Jeffrey Backman
Adorno & Yoss LLP
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200

Steve Walker
Sivyer Barlow & Watson PA
401 East Jackson Street, Suite 2225
Tampa, FL 33602
(813) 221-4242

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **HOMEBUILDERS' STEERING COMMITTEE'S AND DEFENSE STEERING COMMITTEE'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO COMPEL PLAINTIFFS' PROFILE FORMS** has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 13th day of October, 2009.

By:   /s/ Hilarie Bass
      /s/ Mark A. Salky
      **GREENBERG TRAURIG, P.A.**
      *Attorneys for Lennar Corporation, Lennar Homes, LLC, and U.S. Home Corporation*
      1221 Brickell Avenue
      Miami, Florida 33131
      Telephone: (305) 579-0500
      Facsimile: (305) 579-0717