UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL | ) | MDL NO. 2047 |
| PRODUCTS LIABILITY LITIGATION | ) | |
| | ) | SECTION: L |
| | ) | |
| | ) | JUDGE FALLON |
| | ) | MAG. JUDGE WILKINSON |
| _____ | ) | |

**THIS DOCUMENT RELATES TO ALL CASES**

**THE PLAINTIFFS' STEERING COMMITTEE'S MEMORANDUM
OF LAW IN SUPPORT OF ITS OMNIBUS RULE 6(b) MOTION FOR
EXTENSION OF TIME FOR SERVICE OF PROCESS UNDER RULE 4(m)**

**I.      INTRODUCTION**

As it presently stands, counsel for each and every plaintiff is this litigation is ultimately

tasked with serving a complaint on each of the foreign defendants who are potentially liable to their

clients.  Service of complaints in this litigation has proven to be a herculean task in light of the many

roadblocks imposed by defendants who have deliberately concealed their identities and/or by the

bureaucratic obstacles erected by foreign governments attempting to block outsiders from serving

process on corporations domiciled within their borders.  The costs of service of process have also

proven to be staggering, often exceeding ten thousand dollars, and has imposed additional

impediments for plaintiffs seeking to assert claims against foreign defendants.

Given these high costs as well as the other hardships that plaintiffs have encountered in

seeking to accomplish effective service, the PSC requests that the Court stay and/or extend the 120

day period for service of process under Fed.R.Civ.P. 4(m) for all actions presently pending before

the Court.[1]  The PSC also requests that this order be issued *nunc pro tunc* since certain plaintiffs have been unable to serve their complaints within the time limitations of Fed.R.Civ.P 4(m).  For the reasons set forth in detail below, there is good cause for an extension of time and/or a stay the 120 day period for service of process.

II.     **ARGUMENT**

As noted above, both foreign defendants and foreign governments have taken protective measures that have impeded plaintiffs seeking to bring claims against parties who are responsible for the injuries to plaintiffs.

Defendants have thwarted plaintiffs by distributing drywall with few, if any, marking that can be used to trace the drywall to a particular manufacturer.  This deceptive conduct has made it very difficult for plaintiffs to identify the responsible parties and, thus, has caused delay for plaintiffs seeking to initiate claims against foreign defendants.

Foreign governments have added to these difficulties by failing to promptly serve defendants with complaints that were submitted to them for service consistent with the requirements of the Hague Convention.  By way of example, just one complaint in this litigation has been has been served on all named defendants.  *See Morris-Chin v. Knauf Plasterboard Tianjin Co., Ltd., et al.*, 2:09-cv-04119 (E.D.La.).  Despite prompt efforts to serve foreign defendants through the appropriate diplomatic channels, in all other cases the plaintiffs have been unable to accomplished full service on the foreign defendants.  *See Vickers v. Knauf Gips KG, et al.*, 2:09-cv-04117 (E.D.La.) (where plaintiffs have accomplished service on just one of the five foreign defendants);

---

[1] The PSC requests that the same stay and/or extension of time for service of process be accorded to plaintiffs with cases that are subsequently transferred to the MDL court.  Similarly, the PSC requests that the same extension be afforded to later filed cases.

*Germano v. Taishan Gypsum Co. Ltd. f.k.a. Shandong Taihe Dongxin Co. Ltd.*, 2:09-cv-202 (E.D.Va.) (same). This trend clearly evidences a pattern by foreign governments to delay service of process on defendants residing in their borders.

Further, as was noted above, plaintiffs have also encountered astronomical expenses for service of process on the foreign defendants in this litigation. Since service of process on many of the foreign defendants has or will be accomplished in actions pending before the Court, a stay or extension of the 120 day period for service of process will allow the PSC to bundle plaintiffs in order to gain jurisdiction over the foreign defendants in a cost effective manner. *See* indeterminate complaint. Plaintiffs also intend to file complaints that join multiple plaintiffs in order to obtain jurisdiction in a cost effective manner.

In light of the above impediments as well as the prospect of saving millions of dollars in service costs, there is good cause to extend the 120 day period for service of process and/or to stay the period for service of process.[2] *See* Rule 6(b)(1) ("[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time ..."). To the extent that individual plaintiffs may have failed to request an extension of time for service of process prior to the expiration of the 120th day, their failure to do so is the result of excusable neglect. *See* Fed.R.Civ.P. 6(b)(1)(A) (where a request is made after the time for completing the act has expired, the failure to

---

[2] It is well established that courts have the ability to stay the 120 day period for service of process under Rule 4(m). *See Snyder v. Hall*, 2008 WL 2838814, * 2 (C.D.Ill. 2008) (complete stay of the litigation operated to stay plaintiff's duty to serve the defendant within 120 days of the filing of the complaint); *Denton v. United States of America*, 2006 WL 3783595, * 1-2 (N.D.Ga. 2006) (ruling that plaintiff's attempt to serve defendants during a stay were invalid, and that the stay tolled the running of the 120 day period for service under Rule 4(m)); *Vitaich v. City of Chicago*, 1995 WL 493468, * 5 (N.D.Ill. 1995) (determining that stay of proceedings operated to toll the running of the 120 day for service under Rule 4(m)).

act within the prescribed period must be the result of excusable neglect).

Such excusable neglect exists since foreign governments have delayed the service of complaints by outsiders and the Hague process itself requires more than 120 days.[3] *See Vickers*. For instance, in *Vickers*, *supra*, the Chinese governmental entity responsible for serving the complaint on Chinese defendants has been in possession of the complaint since May 6, 2009, and has served the complaint on just one of the three Chinese defendants.  Similarly, although the German governmental entity responsible for service of the *Vickers* complaint has been in possession of the complaint since May 28, 2009, it has yet to be served on Knauf Gips KG.  Accordingly, since the foreign governmental entities responsible for service of process are delaying service of process, any delay by individual plaintiffs in requesting extension of time is the result of excusable negligent and is inconsequential.

III.     **CONCLUSION**

In light of the costs and overwhelming burden of serving the foreign defendants within the 120 day period provided for by Rule 4(m), this Court has good cause to stay and/or extend the time period for serving the foreign defendants.  Accordingly, plaintiffs respectfully request that the Court

_____

[3] Additionally, for those cases where service of process has not been accomplished within the 120 day period required by Rule 4(m), this Court may also extend and/or stay the period for service of process nunc pro tunc.  *See Borninski v. Williamson*, 2003 WL 21468533, * 4 (N.D.Tex. 2003) (granting plaintiff's motion for additional time for service of process nunc pro tunc); *Protective Life Insurance Company v. Zaliagiris*, 2008 WL 2180187, * 2 (W.D.N.C. 2008) (granting motion to serve complaint nunc pro tunc); *Orta v. West Gables Management Corp.*, 2008 WL 398974, * 2 (M.D.Fla. 2008) (same); *Douglas v. Fletcher Allen Health Care, Inc.*, 2005 WL 1114357, * 2 (D.Vt. 2005) (same); *Mejia v. Castle Hotel, Inc.*, 164 F.R.D. 343, 345-46 (S.D.N.Y. 1996) (same); *Tyson v. City of Sunnyvale*, 159 F.R.D. 528, 530 (N.D.Cal. 1995) (same).  *See also Marks v. ALFA Group*, 615 F.Supp.2d 375 (E.D.Pa. 2009) (although service of process by international process was not valid, the court nevertheless entered order approving such service of process nunc pro tunc); *Soveral v. Franklin Trust*, 1991 WL 160339, * 4 (D.N.J. 1991) (allowing plaintiff to amend process nunc pro tunc).

grant the relief requested in the instant motion by either extending the period of time for service of

process by a finite number or days or by staying the 120 days for service of process under Rule

4(m).

Respectfully submitted,

Dated: October 13, 2009

/s/ Russ M. Herman
Russ M. Herman, Esquire
Leonard A. Davis, Esquire
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

Arnold Levin (on the brief)
Fred S. Longer (on the brief)
Matthew C. Gaughan (on the brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Victor Manuel Diaz
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Aragon Avenue, 2nd Floor
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Jerrold Seith Parker
Parker, Waichman, Alonso LLP
27399 Riverview Center Blvd.
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

### OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com


Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Jeremy W. Alters
Alters, Boldt, Brown, Rash & Culmo, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@abbrclaw.com

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 13th day of October, 2009.

/s/ Leonard A. Davis
Leonard A. Davis
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Ave.
New Orleans, LA  70113
PH:  (504) 581-4892
Fax:  (504) 561-6024
ldavis@hhkc.com