## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: **CHINESE-MANUFACTURED** | * | **MDL NO. 2047** |
| **DRYWALL PRODUCTS** | * | |
| **LIABILITY LITIGATION** | * | **SECTION: L** |
| | * | |
| | * | **JUDGE FALLON** |
| ***This document relates to All Cases.*** | * | |
| | * | **MAG. JUDGE WILKINSON** |
| *  *  *  *  *  *  *  *  *  *  *  * | * | |

## OPPOSITION
## TO MOTION FOR PARTIAL SUMMARY JUDGMENT
## REGARDING GOOD FAITH SELLERS UNDER LOUISIANA LAW
## FILED BY DEFENDANT INTERIOR EXTERIOR

Plaintiffs, by and through the Plaintiffs' Steering Committee, respectfully submit the following opposition to the motion for partial summary judgment filed by Interior Exterior:

**MAY IT PLEASE THE COURT:**

Defendant's "motion" seeks nothing more than an advisory opinion. Interior Exterior admits that discovery is necessary to resolve key factual issues – *i.e.* whether it knew or should have known that the Chinese Drywall it supplied was defective – but then asks the Court to simply disregard the factual dispute by assuming those facts in a light most favorable to Defendant. Plaintiffs do not believe that this is an appropriate inquiry under RULE 56. Underscoring the procedural defect in Defendant's motion is the absence of any Statement of Uncontested Material Facts as required under LOCAL RULE 56.1. Interior Exterior's Motion should be denied on this basis alone.

However, the advisory opinion that Interior Exterior seeks is incorrect as a matter of law. It is <u>not</u> true that a "good faith" seller is only liable to repair, remedy, or correct the defect under Article 2531.  Louisiana Civil Code Article 2524 creates a separate and independent claim for damages against even a "good faith" seller where the product is not reasonably fit for its intended or ordinary use.  Hence, Defendant's motion should also be denied as a matter of law.

**Defendant's Motion is Unauthorized and Inappropriate Under Rule 56**

Interior Exterior's "motion" satisfies neither of the traditional requirements for summary judgment.  First, Defendant has failed to demonstrate the absence of a genuine issue of material fact. Moreover, Defendant has failed to demonstrate that it is entitled to judgment as a matter of law.  As any such legal determination would stem necessarily from a *factual* finding that Interior Exterior were indeed a good faith seller.  That "fact" has not been established.   Indeed, it is a "fact" which Defendant effectively admits is both contested and in dispute. *See* MOTION FOR PARTIAL SUMMARY JUDGMENT, ¶2 (seeking a ruling predicated on the as-yet-undetermined and hypothetical assumption about the legal effect "*if* the evidence shows that a non-manufacturer-distributor neither knew nor should have known that the Chinese Drywall it sold was defective") (emphasis supplied).[1]

---

[1] Plaintiffs note that the amendments to Rule 56 which officially take effect in December 2009 make it abundantly clear that partial summary judgment is available for the purpose of either (1) "establishing facts" or (2) "establishing liability".  FED. RULE CIV. PRO. 56(d) (eff. Dec. 1, 2009).  Interior Exterior's motion seeks to establish neither.  It is hypothetical, and any "judgment" thereon would be wholly advisory.

**Defendant Failed to File a Statement of Uncontested Material Facts as Required by Local Rule 56.1**

Interior Exterior's liability as a seller-distributor is predicated on the resolution of material factual issues:

- Did Interior Exterior know that the Chinese Drywall was defective?

- Should Interior Exterior have known, based on the facts and circumstances, that the Chinese Drywall it was selling was defective?

- When did Interior Exterior know that the Chinese Drywall it was selling was defective?

- And/or when should Interior Exterior have known that the Chinese Drywall it was selling was defective? [2]

Hence, Defendant was not able to and did not file a Statement of Uncontested Materials Facts in support of its motion as required by LOCAL RULE 56.1.

**Defendant's Motion is Speculative and Premature**

Interior Exterior's first substantive argument is that pursuant to the Louisiana Products Liability Act, Plaintiffs have no cause of action for damages against a non-manufacturer seller. Even assuming *arguendo* that this were the case, a Motion for Partial Summary Judgment is not necessary to restate the law, as any such "judgment" would neither limit nor narrow the issues for

---

[2] *See generally,* PLAINTIFFS' STATEMENT OF CONTESTED MATERIAL FACTS, *and,* Rule 56(f) DECLARATION OF STEPHEN J. HERMAN.

trial.[3]  The law is the law.

There is nothing in the record to suggest that Interior Exterior is a non-manufacturer seller. Indeed, there has been no discovery in the matter, as Interior Exterior acknowledges.  Thus, Interior Exterior's Motion would only become relevant if the assumption Interior Exterior asks the Court to make – *i.e.* that it is a non-manufacturer seller – turns out to be true.  The issue of whether a seller can be considered a manufacturer seller is factually dependent and not appropriate at this time. Thus, even if the Court finds Louisiana's Products Liability Act provides no cause of action against a non-manufacturer seller, the parties are no better off than they were prior to that ruling *viz a viz* discovery, motion practice and other pretrial matters.

Interior Exterior next argues that Plaintiffs have no viable tort action against a distributor who neither knew nor should have known of a defect.  Again, the law is what the law is;  however, the facts have yet to be established to determine what law applies in this case.  Whether a seller knew or should have known of a defect in his product is a question of fact that cannot be decided at this time.  In Defendant's own words:

> Interior Exterior recognizes that it must wait until later in this litigation to seek summary dismissal of plaintiffs' negligence and Products Liability Act (LPLA) claims....  A judgment on those issues must follow discovery.[4]

---

[3]To the extent Defendant's Motion is appropriate, the Court should likewise enter judgment in the plaintiffs' favor:  *assuming* Interior Exterior knew or should have known of the defects in the Chinese Drywall, Defendant is responsible to Plaintiffs for any and all damages and attorneys' fees.

[4]Memo in Support of Mot for Partial Summary Judgment, pp.1-2.

In the absence of either discovery or evidence that Interior Exterior was a good faith seller, there is no need for the parties or the Court to expend time and resources litigating issues that may or may not become relevant.

Finally, in its quest to establish that redhibition by a good faith seller is the only applicable cause of action, Interior Exterior ignores all other causes of action that have or may be brought against it, including an action arising from Article 2524.

**Even a "Good Faith" Seller May Be Liable for Damages When the Product Sold is Not Reasonably Fit for Its Intended or Ordinary Use**

When a product is not fit for its intended or ordinary use, the buyer may seek "damages" from the seller under Louisiana Civil Code Article 2524.[5]  This is a separate cause of action, independent from the warranty against redhibitory defects.[6]

While Defendants may argue that the plaintiff and the seller must be in "privity" under the Article, such inquiry would raise a host of as-yet unresolved factual issues about whether the plaintiffs and different sellers are, in fact, in privity, (*e.g.,* where there is a direct purchase by the property owner from the seller or supplier, or where a third party is acting merely as an agent of the property owner in making the purchase from the seller in question), it is clear that Interior Exterior is not entitled to a judgment that a "good faith" seller can never be liable to the plaintiffs for damages *as a matter of law.*

---

[5] REVISION COMMENT (b), La.C.C. 2524 (1993) ("Under this article when the thing sold is not fit for its ordinary use, even though it is free from redhibitory defects, the buyer may seek dissolution of the sale and *damages,* or just *damages,* under the general rules of conventional obligations") (emphasis supplied); *quoted in,* Cunard Line Ltd. Co. v. Datrex, Inc., 2005-1171 (La. App. 3 Cir. 4/5/06), 926 So.2d 109, 112.

[6] REVISION COMMENTS (a) and (b), La.C.C. 2524 (1993); *quoted in,* Cunard Line v. Datrex, 926 So.2d at 112.

## Conclusion

For the above and foregoing reasons, Interior Exterior's Motion for Partial Summary Judgment should be denied.

This 13th day of October, 2009.

Respectfully submitted,

      /s/ Russ M. Herman
_____
Russ M. Herman, Esquire
Leonard A. Davis, Esquire
Stephen J. Herman, Esquire
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin
Fred S. Longer
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Victor Manuel Diaz
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Aragon Avenue, 2nd Floor
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Jerrold Seith Parker
Parker, Waichman, Alonso LLP
27399 Riverview Center Blvd.
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Jeremy W. Alters
Alters, Boldt, Brown, Rash & Culmo, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@abbrclaw.com

## CERTIFICATE OF SERVICE

  I hereby certify that the above and foregoing Opposition has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 13th day of October, 2009.


        /s/ Stephen J. Herman
        Stephen J. Herman, La. Bar No. 23129
        HERMAN, HERMAN, KATZ & COTLAR, LLP
        820 O'Keefe Ave.
        New Orleans, LA  70113
        PH:  (504) 581-4892
        Fax:  (504) 561-6024
        sherman@hhkc.com