MINUTE ENTRY
FALLON, J.
OCTOBER 15, 2009

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: CHINESE-MANUFACTURED | * | MDL Docket No. 2047 |
| DRYWALL PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE WILKINSON |
| | * | |

* * * * * * * * * * * * * * * * * *

      The monthly status conference was held on this date in the Courtroom of Judge Eldon E. Fallon. The Court first met with Plaintiffs Liaison Counsel, Russ Herman, Defendants Liaison Counsel, Kerry Miller, and certain members of the Plaintiffs, Defendants, and Homebuilders Steering Committees to discuss agenda items for the conference. At the conference, counsel reported to the Court on topics set forth in Joint Report No. 4 (Rec. Doc. No. 345). The status conference was transcribed by Ms. Jodi Simcox, Official Court Reporter. Counsel may contact Ms. Simcox at (504) 589-7780 to request a copy of the transcript. A summary of the monthly status conference follows.

      I.     <u>PRE-TRIAL ORDERS</u>

      All Pre-Trial Orders are posted on the court's website located at **www.laed.uscourts.gov** which has a tab that links directly to "Drywall MDL." The Court's website also includes other

JS10(00:35)

postings relevant to the litigation.

The Court has issued the following Pre-Trial Orders:

    Pre-Trial Order No. 1 entered June 15, 2009 – Initial Case Management

    Pre-Trial Order No. 1A entered August 28, 2009 – Counsel must Enter Appearances for Served Parties or risk Default Judgment

    Pre-Trial Order No. 1B entered October 9, 2009 – Amending Pre-Trial Order No. 1 to clarify the preservation of physical evidence during home remediation.

    Pre-Trial Order No. 2 entered June 16, 2009 – Notice to Transferor Court

    Pre-Trial Order No. 2A entered September 18, 2009 – Means of Tracking Remands in MDL 2047

    Pre-Trial Order No. 3 entered July 6, 2009 – Designation of Plaintiffs' Liaison Counsel

    Pre-Trial Order No. 4 entered July 6, 2009 – Designation of Defendants' Liaison Counsel

    Pre-Trial Order No. 5 entered July 6, 2009 – Contact Information

    Pre-Trial Order No. 5A entered July 9, 2009 – Counsel Contact Information Form

    Pre-Trial Order No. 6 entered July 21, 2009 – Electronic Service (LexisNexis)

    Pre-Trial Order No. 7 entered July 27, 2009 – Appointment Defendants' Steering Committee

Pre-Trial Order No. 7A entered August 4, 2009 – Amending PTO 7 re: Defendants' Steering Committee

Pre-Trial Order No. 7B entered August 27, 2009 – Amending PTO 7 re: list containing Defendants' Steering Committee and lists responsibilities for same

Pre-Trial Order No. 8 entered July 28, 2009 – Appointing Plaintiffs' Steering Committee

Pre-Trial Order No. 9 entered July 28, 2009 – Time and Billing Guidelines/Submissions

Pre-Trial Order No. 10 entered August 21, 2009 – All parties to provide PLC or DLC with photographic catalog of markings, brands, endtapes and other identifying markers found in affected homes by August 26, 2009.  PSC and DSC to collect and submit data to the Court and inspection company for TIP a joint catalog of data to assist in training of inspections no later than August 28, 2009.

Pre-Trial Order No. 11 entered August 17, 2009 -  Profile forms to be distributed to appropriate parties and filed and returned on or before September 2, 2009

Pre-Trial Order No. 12 entered August 25, 2009 – Court will prepare final version of Distributor Profile Form.

Pre-Trial Order No. 12A entered August 25, 2009 – Court adopted Distributor Profile Form be distributed to appropriate parties and returned to DLC Kerry Miller on or before 9/8/09, either electronically or by hard copy

Pre-Trial Order No. 13 entered August 27, 2009 – Court institutes and will supervise Threshold Inspection Program (TIP).  Court appoints Crawford & Company to carry out the inspections.

Pre-Trial Order No. 14 entered September 24, 2009 - Court approves Exporter, Importer or Broker Profile Form, and provides requirements for issuance and return of the form.

Pre-Trial Order No. 14(A) entered October 13, 2009 – Court approves a revised Exporter, Importer or Broker Defendant Profile Form.

Pre-Trial Order No. 15 entered September 25, 2009 – Counsel must provide privilege log for documents withheld in response to discovery requests. Also, the accidental production of privileged information does not constitute a waiver of the privilege.

Pre-Trial Order No. 16 entered September 25, 2009 – Pertains to the disclosure, use and protection of confidential information produced during the course of this MDL.

## II. PROPERTY INSPECTIONS

Crawford & Company ("Crawford") has inspected ten (10) homes pursuant to Pre-Trial Order No. 13. Subsequent to these inspections, the parties and Crawford modified the TIP, and have inspected an additional two homes to determine the efficacy of those modifications. On October 9, 2009, Crawford issued a revised inspection schedule for the remainder of the initial thirty (30) homes for inspection. Those inspections are in the process of being scheduled and are due to be completed by October 27, 2009. The parties indicated that they would submit to the Court a final document reflecting the modified TIP this week.

## III. PLAINTIFF AND DEFENDANT PROFILE FORMS

In Pre-Trial Orders 11 and 12A, the Court approved a Plaintiff Profile Form, a Defendant Manufacturers' Profile Form, a Contractor/Installer Profile Form, a Builder Defendant Profile Form and a Defendant Distributor Profile Form. In Pre-Trial Order 14, the Court approved the Importer/Exporter/Broker Profile Form. Completed and signed profile forms have been submitted for many of the parties. The parties will continue to supplement responses as additional responses are received. As new parties are added to the MDL, those parties will respond to the

appropriate profile form within 15 days of becoming a party to the MDL. On September 21, 2009, the HSC and DSC filed a motion to compel the PSC to provide Plaintiff Profile Forms for all of the plaintiffs they represent and to provide corrected Plaintiff Profile Forms for some of the ones previously submitted, because HSC and DSC contend many of them were incomplete, unsigned and illegible. The PSC filed its opposition to the motion on October 5, 2009. On October 9, 2009, Defendants provided to PSC a list of alleged deficient Plaintiff Profile Forms. The PSC is reviewing the list and has responded to HSC and DSC and advised that the list appears to be incomplete and inaccurate. Further, the PSC has provided the list to counsel who allegedly have provided insufficient or deficient Profile Forms.

Further, the parties have been discussing the creation of a Retailer Profile Form. To date, the retailer form has not been submitted to the Court.

IV.   PRESERVATION ORDER

The Parties have met to discuss the modification of Section 14 of Pre-Trial Order No. 1 that addresses general preservation obligations of the parties and is entitled "Preservation of Evidence." On October 9, 2009, the parties presented to the Court an agreed upon Pre-Trial Order No. 1B, establishing the protocol for the preservation of physical things.

Additionally, the parties have met several times regarding modifications of the Preservation Order relating to document/ESI preservation issues. The parties have been unable to reach an accord on modification to Pre-Trial Order No. 1, §14 regarding documents/ESI. On October 1, 2009, PLC provided to the Court the two (2) competing versions of a proposed modification order, together with an explanation of the issues in dispute. Thereafter, on October 9, 2009, DSC and HSC provided a response. HSC requested a hearing date and by Order of October

7, 2009, the Court has set a hearing for October 15, 2009, following the monthly status conference. (See Section VIII, *infra.*)

V. <u>STATE/FEDERAL COORDINATION</u>

The Court informed counsel that the pending motions in the MDL regarding Florida's Economic Loss Rule would be heard in Florida state court where motions on the same issue are pending, before the Honorable Judge Joseph Farina, Circuit Judge, Eleventh Judicial Circuit. The hearing will take place on November 13, 2009, 10:00 a.m. EST. Judge Fallon will participate by telephone. Subsequently, on November 19, 2009, following the monthly status conference, Judge Fallon will hear all other motions regarding the Economic Loss Rule or its analog.

At the status conference on August 11, 2009, the Court instructed the PSC and DSC to confect separate subcommittees on state and federal coordination.

In Joint Report No. 2 filed with the Court on September 1, 2009, the PSC proposed the following for membership in the Plaintiffs' State/Federal Coordination Subcommittee:

> Jeremy Alters
> Alters, Boldt, Brown, Rash & Culmo
> 4141 Northeast 2nd Ave.
> Suite 201
> Miami, FL  33137
>
> Dawn Barrios
> Barrios, Kindsdorf, Casteix, LLP
> 701 Poydras Street
> Suite 3650
> New Orleans, LA  70139
>
> Ervin Gonzalez
> Colson, Hicks, Eidson
> 255 Aragon Avenue

Coral Gables, FL  33134

James Reeves
Lumpkin & Reeves, PLLC
160 Main Street
Biloxi, MS  39530

Richard Serpe
Law Offices of Richard J. Serpe, P.C.
580 East Main Street
Suite 310
Norfolk, VA  23510

Scott Weinstein
Morgan & Morgan
One University Drive
Suite 600
Ft. Myers, FL  33907-5337

In addition, the defendants proposed the following for membership in the Defense State/Federal Coordination Subcommittee:

Jan Douglas Atlas
Jeffrey Backman
Adorno & Yoss, LLP
350 East Las Olas Blvd.
Suite 1700
Fort Lauderdale, FL  33301

Richard Duplantier
Galloway, Johnson, Tompkins,
Burr & Smith
701 Poydras Street
40th Floor
New Orleans, LA 70139

Donald J.  Hayden
Baker & McKenzie, LLP
Melons Financial Center
1111 Brickell Avenue
Suite 1700
Miami, FL 33131

      Hilarie Bass
      Greenberg Traurig
      1221 Brickell Avenue
      Miami, FL  33131

The Court recognized the foregoing counsel as members of the State/Federal Coordination Subcommittee, naming Dawn Barrios as Chair, and approved the creation of the Subcommittee in its Minute Entry of September 24, 2009 (Rec. Doc. No. 290).

### VI.  STATE COURT TRIAL SETTINGS

Dawn Barrios of the State/Federal Coordination Subcommittee advised the Court, to the best of her knowledge, that no action is to be reported regarding the following:

1) All trial settings in state court that are set over the next 12 months;

2) All pending discovery motions in state court cases;

3) All dispositive motions pending in state court cases; and

4) Any state court issues that should be discussed as a matter of state/federal coordination.  Dawn Barrios informed the Court that no motions to remand had been filed in the MDL at this time.

In addition , the PSC advised the Court of all motions that are pending regarding tag-along cases and, to the extent known, assisted in advising the Court regarding the above mentioned matters.

Dawn Barrios also submitted to the Court an updated disc containing spreadsheets of the state court cases and pending motions in those cases.

### VII.  MOTIONS IN THE MDL

On September 8, 2009, the Court issued an Order concerning the Court's directive to counsel for Plaintiffs and Defendants to indicate which motions needed to be heard on an expedited basis and to prioritize such motions and further set forth scheduling deadlines with respect to such motions. The stay issued in Pre-Trial Order No. 1 was modified to allow the parties to file certain proposed motions.

    A.    <u>PSC Motions</u>

        a.  On October 13, 2009, the PSC filed an Omnibus Rule 6(B) Motion for Extension of Time for Service of Process Under 4(M). The Court has not yet acted on the motion.



B. DSC Motions

a. On September 21, 2009, Knauf Gips KG filed a Motion for Protective Order to Require Use of the Hague Evidence Convention. On October 5, 2009, the PSC filed a Response in Opposition and the HSC also filed a Response in Opposition. On October 12, 2009, Knauf Kips KG filed a Motion for Leave to File Reply in Support of Motion of Knauf Gips KG for Protective Order to Require Use of the Hague Evidence Convention. By Order dated September 29, 2009, the Court has set the matter for hearing on October 15, 2009, following the monthly status conference.

b. On September 28, 2009, HSC filed a Motion to Abate and Compel Compliance With Chapter 558, Florida Statutes. The PSC will be filing an opposition. By Order entered September 29, 2009, the Court has advised that this motion has been continued to the date of the November monthly status conference.

c. On September 28, 2009, Interior Exterior Building Supply, LP, filed a Motion for Partial Summary Judgment as to the Recovery Available Against Good Faith Sellers Under Louisiana Law. The PSC filed its opposition on October 13,

        2009. By Order entered September 29, 2009, the Court has advised that this motion has been continued to the date of the November monthly status conference.

    d. On September 28, 2009, Distributor Defendants filed a Motion to Dismiss or, Alternatively, to Strike Plaintiffs' Claims for Economic Damages (Florida Law). The PSC will be filing an opposition. By Order entered September 29, 2009, the Court has advised that this motion has been continued to the date of the November monthly status conference.

C.    Other

    a. On September 24, 2009, the Court entered a preliminary default judgment against Taishan Gypsum Co. Ltd. (R.Doc.190). Counsel for The Mitchell Co. has advised they need additional time to gather the evidence documents in support of the confirmation of the default judgment, and seek a continuance to a future date. The Court granted the continuance (Rec. Doc. No. 335).

    b. On October 6, 2009, a Transfer Order was issued by the United States Judicial Panel on Multidistrict Litigation transferring the *Curtis Hinkley, et al v. Taishan Gypsum Co., Ltd., et al.,* E.D. North Carolina, C.A. No. 2:09-25, and *Michelle Germano, et al v. Taishan Gypsum Co., Ltd., et al,* E.D. Virginia, C.A. No.

2:09-202, to the MDL in the Eastern District of Louisiana. Pending in those matters are motions to disqualify counsel filed by Venture Supply, Inc. and The Porter-Blaine Corporation. The PSC has requested that the Court address these pending motions. The PSC informed the Court that the motions are fully briefed and that oral argument would not be necessary. The PSC also informed the Court that identical motions were pending in the Norfolk Circuit Court with a hearing date of November 11, 2009.

VIII.   DISCOVERY ISSUES

On September 2, 2009, the PSC provided its First Set of Discovery Requests on Defendants. Following the directives of the Court at the last status conference on September 24, 2009, representatives of the PSC conducted a meet and confer in Miami, Florida, on September 25, 2009, in an attempt to narrow issues in dispute. The meet and confer also addressed the FRCP 30(b)(6) deposition notices that were provided to Defendants on September 2, 2009. To date, no Defendants have provided any documents responsive to Requests for Production despite agreement that document production would commence on October 9, 2009. Further, only the La Suprema entities have agreed to produce documents, which document production is to take place on October 14, 2009, and thereafter, the 30(b)(6) deposition of the La Suprema entities is now set to commence on October 19, 2009 at the offices of La Suprema's counsel. No other Defendants have provided dates for the taking of their 30(b)(6) depositions.    The PSC has requested production of documents and dates for depositions.

There is currently a dispute among the parties regarding the manner in which the document productions should occur. (See Section IV, *infra.*)

At the Court's direction, the parties agreed to meet next Tuesday, October 20, 2009, to discuss the foregoing discovery issues. The Court also directed the parties to immediately produce those requested materials that are undisputed. As to disputed materials, the Court directed the parties to meet and confer in an effort to resolve the dispute, and then if no resolution is reached, to obtain the Court's guidance on the issue.

Defendants Liaison Counsel, Kerry Miller, brought up the idea of filing a notice of production with LexisNexis to provide both notice and access.

### IX. FREEDOM OF INFORMATION ACT/PUBLIC RECORDS REQUESTS

Several Freedom of Information Act/Public Records Requests have been made by Plaintiffs. The following outlines the status of responses:

## 1**FOIA Requests and Responses as of October 13, 2009**

1

| STATE | REQUEST MADE TO | DATE OF REQUEST | DESCRIPTION OF REQUEST | DATE OF RESPONSE | DOCUMENTS RECEIVED |
|---|---|---|---|---|---|
| FL | Centers for Disease Control/Agency | 8/25/09 | Fed. FOIA Request Toxic Substances and Disease Registry | 8/31/09 CDC acknowledged request and assigned request number | NO |
| FL | Consumer Product Safety Commission | 7/20/09 8/13/09 8/20/09 8/21/09 9/1/09 9/21/09 9/24/09 9/25/09 9/29/09 | Fed. FOIA Request to CPSC | 8/17/09 8/20/09 8/20/09 2nd 9/24/09 9/24/09 2nd 9/25/09 | NO |
| FL | EPA | 8/25/09 9/24/09 9/29/09-call 9/29/09 2nd 9/29/09 3rd | Fed. FOIA Request | 8/25/09 8/26/09 8/26/09 2nd 9/29/09 9/29/09 2nd 9/29/09 3rd | NO |
| FL | Fla. Dept. of Financial Services, Division of State Fire Marshall | 7/20/09 | Fla. Ch. 119, Public Records Request (requesting public records re reports of fires in Fla. Structures containing imported Chinese Drywall | 7/29/09 Claims no records exist | YES |
| FL | Florida Department of Health | 2/10/09 | Fla. Ch. 119, Public Records | 7/20/09 | YES |
| FL | Florida Department of Health | 7/8/09 | Fla. Ch. 119, Public Records Request | 7/20/09 | YES |

| STATE | REQUEST MADE TO | DATE OF REQUEST | DESCRIPTION OF REQUEST | DATE OF RESPONSE | DOCUMENTS RECEIVED |
|---|---|---|---|---|---|
| LA | Louisiana Dept. of Economic Development | 8/4/09 | FOIA Request under LSA-RS 44:1 "Public Records Act" | 8/26/09 Claims consumer complaints and health issues are not within the scope of the organization | NO |
| LA | Louisiana Dept. of Environmental Quality | 8/4/09 | FOIA Request under LSA-RS 44:1 "Public Records Act" | N/A | NO |
| LA | La. Dept. of Health and Hospitals | 8/4/09 | FOIA Request under LSA-RS 44:1 "Public Records Act" | 8/10/09 | YES |
| LA | La. Dept. Of Justice | 8/4/09 | FOIA Request under LSA-RS 44:1 "Public Records Act" | 9/3/09 Responder claims information not subject to public record law | NO |

The Defendants seek copies of whatever public records the Plaintiffs have received in response to the FOIA requests.

X. TRIAL SETTINGS IN FEDERAL COURT

The Court has advised that it plans to establish "Bellwether" trials (see Minute Entry dated July 9, 2009 [Doc. 111]).  The Court has further advised that any such trials will be limited to property damage only.  *Id.* at sect. IV;   The parties have been discussing the protocol and

15

procedure for selecting Bellwether trial candidates. The PSC suggests a sufficient representative sample of cases be selected with regard to geography, concentration of properties, distinctive facts and legal issues. The Defendants suggest that the selection of Bellwether plaintiffs must be limited to the approximately 60 plaintiffs that have submitted profile forms where personal injuries are not claimed. A list of these plaintiff properties has been made available to the PSC and the Court.

The Court has set aside the following dates for possible Bellwether trials:

January 11, 2010

February 22, 2010

March 15, 2010.

In addition, the Court has suggested that he parties discuss a scheduling order for the Bellwether Trials and that certain discovery deadlines and pre-trial deadlines be established in a scheduling order.

The Court directed the parties to select potential cases for the upcoming bellwether trials. The PSC is to select one case within one week. Then, the DSC is to select one case within the following week. The parties are to continue selections in this manner. Subsequently, the parties are conduct specific discovery on these cases. The Court further provided that the cases selected are limited to those who have submitted proper Plaintiff Profile Forms within the next week. The Court also ordered that the parties are to select a case for the first bellwether trials scheduled for January, a case in which there is only a single defendant. Furthermore, the initial bellwether trials will involved only property damage claims.

The Court indicated that it would consider the use of summary jury cases and/or issue cases after at least the first bellwether trial.

The Court also reminded the parties to work on developing a single jury questionnaire, and if they are unable to do so, seek guidance from the Court in resolving any issues.

Additionally, the Court acknowledged that settlement is a possibility for some defendants and accordingly, directed the parties to conduct any settlement proceedings within the realm of the MDL.

### XI. FILINGS IN THE MDL

The parties have been discussing the prospect of direct filings and acceptance of service with Defendants under such circumstances maintaining Defendants' objections as to personal jurisdiction and other defenses, including the right to return cases to the originating venue for trial purposes. Plaintiffs assert this process allows for multiple plaintiffs to file claims in one matter (see Minute Entry dated July 9, 2009 [Doc. 111]). Many defendants, including the Homebuilder defendants, have already objected to direct filing. In addition, the parties continue to discuss the issue regarding service upon foreign Defendants through the Hague Convention and the substantial costs associated with that process and Plaintiffs' request that the Defendants waive this requirement.

### XII. NOTICES OF APPEARANCE AND DEFAULT JUDGMENTS

Pursuant to Pre-Trial Order 1A, counsel must file Notices of Appearances for all parties served in MDL cases or risk entry of a default judgment. The Court stated that it was awaiting the filing of a motion for confirmation of default judgment from the Mitchell Company, at which time the Court indicated that it would render a money judgment against the foreign defendant in default and exercise its MDL authority to execute the judgment if possible.

### XIII. TOLLING AGREEMENT/SUSPENSION OF PRESCRIPTION

The parties have been in discussion regarding the entering of a Tolling Agreement/Suspension of Prescription Agreement.

### XIV.  INSURANCE ISSUES

There are a number of issues involving insurance matters that will be addressed in this litigation. These include actions against insurers of manufacturers, exporters, importers, brokers, distributors, builders, drywall contractors/installers and homeowners.

### XV.  SERVICE OF PLEADINGS ELECTRONICALLY

The LexisNexis File & Serve System has been established for the service of pleadings electronically in the MDL in order to facilitate service to all counsel. All counsel are to serve pleadings both through LexisNexis and the Electronic Filing System (ECF) of the Eastern District of Louisiana Court. Pre-Trial Order No. 6 governs service of pleadings electronically and sets forth the procedure required for all counsel to register with LexisNexis.

In addition to the foregoing, the parties have been advised that LexisNexis is in the process of establishing a system that allows for tracking state cases involving Chinese drywall.

### XVI.  MASTER COMPLAINT

PSC is in the process of drafting a Master Complaint.

### XVII.  CLASS ACTION COMPLAINT (INDETERMINATE DEFENDANT

On October 7, 2009, a Class Action Complaint (Indeterminate Defendant) was filed with the Court. Plaintiffs will be amending this complaint to add additional Defendants.

### XVIII.  OMNIBUS COMPLAINT

The PSC is in the process of drafting an Omnibus Complaint.

XIX. NEXT STATUS CONFERENCE

The next monthly status conference will be held on Thursday, November 19, 2009, at 9:00 a.m. CST. Judge Fallon's Courtroom will be under construction on this date. The location of the conference will be announced at a later date and posted on the Court's Chinese Drywall website.