IN THE UNTIED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | *MDL No.  09-2047 <br> * <br> *JUDGE: FALLON <br> * <br> *MAGISTRATE: WILKINSON |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

THIS DOCUMENT RELATES TO ALL CASES CONCERNING DEFENDANT MAYEAUX CONSTRUCTION, INC.

MEMORANDUM IN **OPPOSITION** TO MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO THE RECOVERY AVAILABLE AGAINST GOOD FAITH SELLERS
<u>UNDER LOUISISNA LAW</u>
[Filed by Interior/Exterior Building Supply, L.P.]

MAY IT PLEASE THE COURT:

Defendant, Mayeaux Construction, Inc. previously appeared in Eastern District of Louisiana docket No. 09-5828 on September 16, 2009 and requested a forty five, (45) extension of time or until November 2, 2009 to answer, move or otherwise respond to the Class Action Complaint filed on behalf of named Plaintiffs.  Mayeaux Construction, Inc. was by Court Order signed September 17, 2009 granted such extension.  Eastern District of Louisiana docket No. 09-5828 was transferred into the above captioned MDL litigation pursuant to Court Order.

Mayeaux Construction, Inc. appears now herein, to submit the following memorandum in opposition to Motion for Partial Summary Judgment as to the Recovery Available Against Good Faith Sellers <u>Under Louisiana Law</u>, (rec. doc. 292) filed by Interior/Exterior Building Supply, L.P., (Interior/Exterior herein).

Mayeaux Construction, Inc. adopts Plaintiffs' opposition (rec. doc. 341) for the law and argument contained therein[1] for the limited purpose of opposing Interior/Exterior's Motion for Partial Summary Judgment.

## Advisory Opinion Improper

In further opposing Interior/Exterior's Motion for Partial Summary Judgment, Mayeaux Construction, Inc. asserts that Interior/Exterior's motion in essence seeks an advisory opinion from this Court on many issues pivotal to the outcome of this litigation. The United States Court of Appeals 5th Circuit clearly stated that a federal court is without power to render advisory opinions[2]. Interior/Exterior asks this Court to make numerous assumptions in considering its Motion for Partial Summary Judgment, thereby making the facts hypothetical and not subject to consideration, John Doe #1 v. Veneman, 380 F.3d 807 (5th Cir., 2004). The assumptions that Interior/Exterior asks this Court to make are potentially **the** primary issues to be determined by the trier of fact in assessing liability against suppliers/distributors such as Interior/Exterior in this litigation, for this reason Interior/Exterior's Motion for Partial Summary Judgment should be denied.

## Homebuilders' Right of Subrogation by Operation of Law

Interior/Exterior asks this Court to limit the claims and damages that may be sought against distributors/suppliers in this litigation. However, Interior/Exterior fails to recognize and address subrogation claims that Louisiana Homebuilders such as Mayeaux Construction, Inc. will have against distributors/suppliers by operation of law, in the event that Louisiana

---

[1] For purposes of judicial economy, Mayeaux Construction, Inc., adopts the law and argument contained in (rec. doc. 341) for the limited purpose of opposing Interior/Exterior's Motion for Partial Summary Judgment, (rec. doc. 292)

[2] Under Article III, a federal court has neither the power to render advisory opinions nor "to decide questions that cannot affect the rights of litigants in the case before them." Its judgments must resolve "a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." John Doe # 1 v. Veneman, 380 F.3d 807 (5th Cir., 2004)

2

Homebuilders are held liable to plaintiffs for the damages alleged. Louisiana Civil Code article 1829(3) provides that subrogation takes place by operation of law: (3) in favor of an obligor who pays a debt he owes with others or for others and who has recourse against those others as a result of the payment.

As no Louisiana Homebuilder has been held liable for damages in this litigation, the Homebuilders' right to recover under article 1829(3) has not arisen[3]. Interior/Exterior's attempt by means of summary judgment based upon consideration of hypothetical and assumed facts to limit the claims that may be brought against distributors/suppliers in this litigation is inappropriate and prejudicial, for these reasons, Interior/Exterior's Motion for Partial Summary Judgment should be denied.

## Conclusion

For the above and foregoing reasons, Interior/Exterior's Motion for Partial Summary Judgment should be denied.

This 17th day of October, 2009.

RESPECTFULLY SUBMITTED:
SHARON B. KYLE, A.P.L.C.


SHARON B. KYLE (La Bar Roll # 25437)
NANCY A. RICHEAUX (La Bar Roll # 29397)
STEVEN K. SCHILLING (La Bar Roll # 27635)
4960 Bluebonnet Blvd., Ste. A
Baton Rouge, Louisiana 70809
Telephone: 225/293-8400
Facsimile: 225/291-9501

Attorneys for Mayeaux Construction, Inc.

---

[3] REVISION COMMENT (c), LA. CIV. CODE art. 1829
Under this Article, an obligor who pays a debt he owes with others or for others is legally subrogated to the rights of the obligee only if he brings an action against the others as a result of that payment. An obligor is bound "with" another under this Article regardless of whether his obligation arises from the same act as the obligation of the other or from a different act. See Gay & Co. v. Blanchard, 32 La.Ann. 497 (1880).

3

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Opposition has been served on Plaintiffs' Liaision Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 17th day of October, 2009.

_____
STEVEN K. SCHILLING