UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : MDL NO. 2047<br>: SECTION: L |
| THIS DOCUMENT RELATES TO ALL CASES | : JUDGE FALLON<br>: MAG. JUDGE WILKINSON |

## NOTICE OF FILING DEFENDANT INDEPENDENT BUILDERS SUPPLY ASSOCIATION, INC., BATES STAMP DOCUMENTS RESPONSE TO PLAINTIFFS' STEERING COMMITTEE'S FIRST REQUEST FOR PRODUCTION

The Defendant, INDEPENDENT BUILDERS SUPPLY ASSOCIATION, INC. ("IBSA") by and through the undersigned attorney, and respond to the Plaintiffs' Steering Committee's First Request for Production pursuant to Fed. R. Civ. P., and hereby serves same with all Counsel of Record.

### PRELIMINARY STATEMENT

1. The following responses are based upon information presently available to IBSA which IBSA believes to be correct and are made without prejudice to IBSA's right to utilize subsequently discovered facts.

2. IBSA has conducted a thorough search for any and all applicable Electronically Stored Information (ESI) responsive to the subject Request for Production. However, IBSA has very limited ESI, due to its computers crashing in March 2007. IBSA has provided all documents responsive to this Request for Production to the extent they exist in their computer system and/or hard copy files.

3. IBSA has filed a claim in the bankruptcy proceeding In Re: Black Bear Gypsum Supply, Inc., Case No: 8:07BK-07120-CPM, in the Middle District of Florida, Tampa Division.

IBSA is also currently involved in civil action in the Sixth Judicial Circuit in Pinellas County, Florida regarding IBSA v. Gina & Ronald Milinovich, Case No.:07-008237-CI-007. Documents from these litigated matters are available for review upon request from IBSA and/or the Clerk of the respective Court.

4. These Preliminary Statements are incorporated into each of the responses set forth below.

## **GENERAL OBJECTIONS**

1. Under the heading of "Definitions and Instructions" IBSA objects to number 1 (n) definition of "Defendant" for the First Request for Production as being overbroad, burdensome, and/or seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. "Defendant" as defined is overbroad and improperly includes 3rd parties including subsidiaries, affiliates, independent contractors, consultants, agents, attorneys and accountants. Each Defendant cannot be expected to provided documents for all of these other parties.

2. Furthermore, under the heading of "Definitions and Instructions," IBSA objects to number 3 "Relevant Time Period" for the First Request for Production as being overbroad, burdensome and/or seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, as documents are requested going back to 2001 constituting an impermissible fishing expedition. Without waiving said objection, documents for the past five years from January 1, 2004 to present will be provided if applicable.

3. These General Objections are incorporated into each of the responses set forth below.

# **DEFENDANT IBSA'S RESPONSES TO PLAINTIFF STEERING COMMITTEE'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

## Request No. 1:

All articles of incorporation, charters, and by-laws, including any amendments thereto of Defendant's, including any subsidiaries or affiliates of Defendant.

### Response to Request No. 1:

Documents responsive to Request for Production # 1, are being submitted to Plaintiffs' Steering Committee Liaison Counsel contemporaneously with this response by IBSA .

## Request No. 2:

All documents generated by, prepared for, reviewed by, received by, or concerning Defendant's Board of Directors, or any committee thereof or authorized thereby, concerning Chinese drywall or of problems with the drywall, including any symptoms of the drywall's presence such as smells or odors, air conditioning unit or component replacement, corrosion of metals, electrical and/or plumbing systems or components, and any related health and safety concerns, issues, or claims, including any presentation to the Board of Directors, any resolution, any minutes of meetings, and any notes or memoranda of any attendee or Board member.

### Response to Request No. 2:

None, except for the summons and legal complaints served on IBSA which are in possession of Plaintiffs Steering Committee.

## Request No. 3:

For Defendant, including any subsidiaries or affiliates of Defendant, documents sufficient to identify:

(a) All members of the Board of Directors during the Relevant Time Period;
(b) All corporate offices during the Relevant Time Period;
(c) All persons or entities that owned 5% or more of Defendant's common stock or held 5% or more interest in Defendant during the Relevant Time Period; and

### Response to Request No. 3:

Defendant objects to the Plaintiffs' Request # 3 on the grounds that it seeks financial discovery that is overbroad, improper, and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the request is not consistent with

3

Federal Rule of Civil Procedure 7.1 and local Rule 5.6 of the Eastern District of Louisiana.

**Request No. 4:**

As to any entity with which you are affiliated or have a financial interest in that is involved in the design, development, testing, inspection, manufacture, marketing, sale, export, or distribution of Chinese drywall, documents sufficient to describe the responsibilities that each such entity has in regard to Chinese drywall.

**Response to Request No. 4:**

There are no documents responsive to Request for Production # 4.

**Request No. 5:**

For each year in which Defendant, including any subsidiary or affiliate of Defendant, designed, developed, tested, inspected, manufactured, marketed, sold, exported, or distributed Chinese drywall, all documents concerning the departmental and corporate organizational charts for the individuals in those groups, departments, and teams with any responsibility or oversight of any aspect of the design, development, testing, inspection, manufacture, marketing, sale, export, or distribution of said Chinese drywall.

**Response to Request No. 5:**

There are no documents responsive to Request for Production # 5.

**Request No. 6:**

All documents concerning any report or analysis of Defendant's financial condition or business prospects, including any subsidiary or affiliate of Defendant, prepared by you or any third party, including any analysis prepared by financial or industry analysts, during the Relevant Time Period.

**Response to Request No. 6:**

Defendant objects to the Plaintiffs' Request # 6 on the grounds that it seeks financial discovery that is overbroad, improper, and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the request is vague and ambiguous with respected to unauthorized financial discovery.

**Request No. 7:**

All filings made to any state, federal, domestic, and/or foreign governmental agencies, departments, divisions, bodies, entities, or representatives during the Relevant Time Period.

4

**Response to Request No. 7:**
Defendant objects to the Plaintiffs' Request # 7 on the grounds that it seeks financial discovery that is overbroad, improper, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, documents filed with the US Consumer Product Safety Commission are being submitted to Plaintiffs' Steering Committee Liaison Counsel contemporaneously with this response by IBSA.

**Request No. 8:**
Documents sufficient to identify by state, the name, address, and telephone number for all registered agent(s) for Defendant within the United States.

**Response to Request No. 8:**
All documents responsive to Request for Production # 8, have been provided in response to Request for Production # 1 and have been submitted to the Plaintiffs' Steering Committee Liaison Counsel contemporaneously with this response by IBSA.

**Request No. 9:**
For each year in which Defendant designed, developed, tested, inspected, manufactured, marketed, sold, exported, or distributed Chinese drywall, all documents concerning the departmental and corporate standard operating procedures, processes, guidelines, and rules for the conduct of the individuals in those groups, departments, and teams with any responsibility or oversight of any aspect of the design, development, testing, inspection, manufacture, marketing, sale, export, or distribution of Chinese drywall.

**Response to Request No. 9:**
IBSA did not have a company policy regarding the distribution of Chinese Drywall. However, IBSA employee handbook is being submitted to Plaintiffs' Steering Committee Liaison Counsel contemporaneously with this response by IBSA.

**Request No. 10:**
All of Defendant's document retention or document destruction policies and memoranda in effect during the Relevant Time Period.

**Response to Request No. 10:**
There are no documents responsive to Request for Production # 10.

**Request No. 11:**
Documents sufficient to identify the steps taken by or on behalf of you to preserve documents that are or may be potentially discoverable in this action.

**Response to Request No. 11:**
There are no documents responsive to Request for Production # 11.

**Request No. 12:**
Each and every general liability, comprehensive general liability, advertising liability, errors and omissions, or product liability insurance policy (and any other insurance policy which you believe may provide primary, umbrella or excess coverage for any personal injury, economic loss, or medical monitoring claim asserted in these proceedings), as well all excess layers, that you purchased or on which you are a named insured (including policies purchased by related corporate entities), during the Relevant Time Period.

**Response to Request No. 12:**
Documents responsive to Request for Production # 12, are being submitted to Plaintiffs Steering Committee Liaison Counsel contemporaneously with this response by IBSA .

**Request No. 13:**
Any charts or schedules of layers of insurance or self-insured retention for any of the respective years of coverage.

**Response to Request No. 13:**
There are no documents responsive to Request for Production # 13.

**Request No. 14:**
All documents concerning any contracts or agreements with respect to Chinese drywall, including indemnity agreements, agreements to assume liability, agreements to assume the defense, and joint defense agreements made by Defendant, insurers for Defendant, or any other entities that may be financially affected by any of the claims asserted in this litigation, including but not limited to, Chinese drywall manufacturers, distributors, importers, exporters, brokers, retailers, builders, contractors, and installers.

**Response to Request No. 14:**
There are no documents responsive to Request for Production # 14.

**Request No. 15:**
All documents concerning performance specifications and standards for Chinese drywall, whether such standards are set by Defendant, professional, engineering, laboratory, or manufacturing organizations, or by governmental entities.

6

**Response to Request No. 15:**
There are no documents responsive to Request for Production # 15.

**Request No. 16:**
All documents evidencing the amount of Chinese drywall purchased, stored, sold, transferred, and/or distributed by Defendant during the Relevant Time Period.

**Response to Request No. 16:**
IBSA invoices and documents responsive to Request for Production # 16, are being submitted to Plaintiffs' Steering Committee Liaison Counsel contemporaneously with this response by IBSA.

**Request No. 17:**
Documents sufficient to identify batch and/or lot numbers for the Chinese drywall identified pursuant to paragraph 16.

**Response to Request No. 17:**
IBSA is not in possession of any documents responsive to Request of Production # 17. Upon information and belief, these documents would be in the possession of Metro Resource Corp.

**Request No. 18:**
All documents identifying the entity or entities from whom Defendant ordered, purchased, imported, and/or received Chinese drywall during the Relevant Time Period, including documents identifying direct manufacturer purchases and purchases through suppliers.

**Response to Request No. 18:**
All documents responsive to Request for Production # 18, have been provided in response to Request for Production # 16 and have been submitted to the Plaintiffs' Steering Committee Liaison Counsel contemporaneously with this response by IBSA.

**Request No. 19:**
All documents, including invoices, bills of lading and receipts which relate to purchases and/or receipts of Chinese drywall during the Relevant Time Period.

**Response to Request No. 19:**
All documents responsive to Request for Production # 19, have been provided in response to Request for Production # 16 and have been submitted to the Plaintiffs' Steering Committee Liaison Counsel contemporaneously with this response by IBSA.

**Request No. 20:**
> All documents received by Defendant with any and all purchases and/or receipts of Chinese drywall during the Relevant Time Period, including but not limited to product information sheets, instructions for use and/or storage, disclosures, material safety data sheets, and warranties.

**Response to Request No. 20:**
> All documents responsive to Request for Production # 20, have been provided in response to Request for Production # 16 and have been submitted to the Plaintiffs' Steering Committee Liaison Counsel contemporaneously with this response by IBSA.

**Request No. 21:**
> All documents identifying the entity or entities to whom Defendant sold, transferred and/or distributed Chinese drywall during the Relevant Time Period.

**Response to Request No. 21:**
> All documents responsive to Request for Production # 21, have been provided in response to Request for Production # 16 and have been submitted to the Plaintiffs' Steering Committee Liaison Counsel contemporaneously with this response by IBSA.

**Request No. 22:**
> All documents, including sales orders, invoices, bills of lading, and shipping documents which relate to sales, transfers, and distributions of Chinese drywall during the Relevant Time Period.

**Response to Request No. 22:**
> All documents responsive to Request for Production # 22, have been provided in response to Request for Production # 16 and have been submitted to the Plaintiffs' Steering Committee Liaison Counsel contemporaneously with this response by IBSA.

**Request No. 23:**
> All documents provided by Defendant with any and all sales, shipments, transfers, and/or distributions of Chinese drywall during the Relevant Time Period, including but not limited to product information sheets, instructions for use and/or storage, disclosures, material safety data sheets, and warranties.

**Response to Request No. 23:**
> All documents responsive to Request for Production # 23, have been provided in response to Request for Production # 16 and have been submitted to the Plaintiffs' Steering Committee Liaison Counsel contemporaneously with this response by IBSA.

**Request No. 24:**

All documents relating to any inventory control systems or procedures utilized by Defendant to track its purchases, receipts, imports, sales, exports, transfers, shipments, and/or distributions of Chinese drywall.

**Response to Request No. 24:**

There are no documents responsive to Request for Production # 24.

**Request No. 25:**

All drafts of any promotional and/or marketing materials relating to any drywall product.

**Response to Request No. 25:**

There are no documents responsive to Request for Production # 25.

**Request No. 26:**

All communications during the Relevant Time Period among Defendant's employees, agents, and or third-party consultants concerning Defendant's orders, purchases, receipts, storage, sales, transfers, or distributions of Chinese drywall.

**Response to Request No. 26:**

There are no documents responsive to Request for Production # 26.

**Request No. 27:**

All communications during the Relevant Time Period between Defendant and any manufacturer, exporter, importer, broker, distributor, and/or retailer of Chinese drywall concerning Defendant's orders, purchases, receipts, storage, sales, transfers, or distributions of Chinese drywall.

**Response to Request No. 27:**

Documents responsive to Request for Production # 27, are being submitted to Plaintiffs' Steering Committee Liaison Counsel contemporaneously with this response by IBSA. These documents were produced to IBSA by Black Bear Gypsum Supply, Inc.

**Request No. 28:**

All communications during the Relevant Time Period between Defendant and any contractor and/or installer for Chinese drywall concerning Defendant's orders, purchases, receipts, storage, use, sales, or distributions of Chinese drywall.

**Response to Request No. 28:**
There are no documents responsive to Request for Production # 28.

**Request No. 29:**
All communications during the Relevant Time Period between Defendant and any purchaser of Chinese drywall concerning Defendant's orders, purchases, receipts, storage, sales, transfers, or distributions of Chinese drywall.

**Response to Request No. 29:**
All documents responsive to Request for Production # 29, have been provided in response to Request for Production # 27 and have been submitted to the Plaintiffs' Steering Committee Liaison Counsel contemporaneously with this response by IBSA.

**Request No. 30:**
All documents evidencing or identifying the states in which Chinese drywall was received, stored, sold, transferred, and/or distributed by Defendant or any affiliated company during the Relevant Time Period.

**Response to Request No. 30:**
All documents responsive to Request for Production # 30, have been provided in response to Request for Production # 27 and have been submitted to the Plaintiffs' Steering Committee Liaison Counsel contemporaneously with this response by IBSA.

**Request No. 31:**
All documents evidencing or identifying the communities and street addresses of homes (whether single family or multiple family dwellings) and/or commercial buildings in which Chinese drywall was sold, transferred, and/or distributed by Defendant or any affiliated company or installer utilized by Defendant during the Relevant Time Period.

**Response to Request No. 31:**
There are no documents responsive to Request for Production # 31.

**Request No. 32:**
Documents sufficient to identify batch and/or lot numbers for the Chinese drywall identified pursuant to paragraph 31.

**Response to Request No. 32:**
There are no documents responsive to Request for Production # 32.

**Request No. 33:**

All documents and communications concerning any and all labeling, wording, markings, or lack thereof, that was placed on, affixed to, imprinted on, or accompanied sheets of Chinese drywall ordered, purchased, received, sold, transferred, or distributed by Defendant during the Relevant Time Period.

**Response to Request No. 33:**

There are no documents responsive to Request for Production # 33.

**Request No. 34:**

All notices, claims, complaints, communications or documents of any kind among and/or between Defendant's employees and/or employees of affiliate companies or consultants, and any property owners, homeowner's associations, co-op or condo boards, property managers, or tenants during the Relevant Time Period, concerning problems with the drywall, including any symptoms of the drywall's presence such as smells or odors, air conditioning unit or component replacement, corrosion of metals, electrical and/or plumbing systems or components, and any related health and safety concerns, issues, or claims.

**Response to Request No. 34:**

None, except for the summons and legal complaints served on IBSA which are in possession of the Plaintiffs' Steering Committee Liaison Counsel.

**Request No. 35:**

All communications between Defendant and any manufacturer, importer, exporter, purchasing agent, broker, distributor, and/or retailer of Chinese drywall during the Relevant Time Period, concerning problems with the drywall, including any symptoms of the drywall's presence such as smells or odors, air conditioning unit or component replacement, corrosion of metals, electrical and/or plumbing systems or components, and any related health and safety concerns, issues, or claims.

**Response to Request No. 35:**

Documents responsive to Request for Production # 35, are being submitted to Plaintiffs' Steering Committee Liaison Counsel contemporaneously with this response by IBSA .

**Request No. 36:**

All communications between Defendant and any builder, purchaser, and/or contractor using Chinese drywall, or installer of Chinese drywall utilized by Defendant during the Relevant Time Period, concerning problems with the drywall, including any

11

symptoms of the drywall's presence such as smells or odors, air conditioning unit or component replacement, corrosion of metals, electrical and/or plumbing systems or components, and any related health and safety concerns, issues, or claims.

**Response to Request No. 36:**

Documents responsive to Request for Production # 36, are being submitted to Plaintiffs' Steering Committee Liaison Counsel contemporaneously with this response by IBSA.

**Request No. 37:**

All communications between Defendant and any foreign or domestic governmental agency during the Relevant Time Period, including but not limited to the CPSC, EPA, CDC, and APSDR, concerning problems with the drywall, including any symptoms of the drywall's presence such as smells or odors, air conditioning unit or component replacement, corrosion of metals, electrical and/or plumbing systems or components, and any related health and safety concerns, issues, or claims.

**Response to Request No. 37:**

All documents responsive to Request for Production # 37, have been provided in response to Request for Production # 7 and have been submitted to the Plaintiffs' Steering Committee Liaison Counsel contemporaneously with this response by IBSA.

**Request No. 38:**

All documents provided to and any communications between Defendant and any foreign or domestic governmental entity, body, department, division, agency, and/or representatives during the Relevant Time Period, concerning problems with the drywall, including any symptoms of the drywall's presence such as smells or odors, air conditioning unit or component replacement, corrosion of metals, electrical and/or plumbing systems or components, and any related health and safety concerns, issues, or claims.

**Response to Request No. 38:**

There are no documents responsive to Request for Production # 38.

**Request No. 39:**

All documents and communications relating to the storage and/or warehousing of Chinese drywall during the Relevant Time Period.

12


**Response to Request No. 39:**
>All documents responsive to Request for Production # 39, have been provided in response to Request for Production # 27 and have been submitted to the Plaintiffs' Steering Committee Liaison Counsel contemporaneously with this response by IBSA.

**Request No. 40:**
>All documents relating to research, inspection, testing, analysis, or remediation done by or on behalf of Defendant relating to the Chinese drywall that Defendant ordered, purchased, received, stored, sold, transferred, or distributed.

**Response to Request No. 40:**
>There are no documents responsive to Request for Production # 40.

**Request No. 41:**
>All documents relating to instructions, guidance, standard operating procedures, or policies relating to the inspection, testing, analyses, or remediation done by or on behalf of Defendant relating to the Chinese drywall that Defendant ordered, purchased, received, stored, sold, transferred, or distributed.

**Response to Request No. 41:**
>There are no documents responsive to Request for Production # 41.

**Request No. 42:**
>All contracts and communications between Defendant and any third-party vendor or consultant relating to any research, inspection, testing, analysis, and remediation of Chinese drywall.

**Response to Request No. 42:**
>There are no documents responsive to Request for Production # 42.

**Request No. 43:**
>All documents and communications between Defendant and any insurer or its representative concerning any claims relating to Chinese drywall.

**Response to Request No. 43:**
>There are no documents responsive to Request for Production # 43.

**Request No. 44:**
>All notices to any property owners and/or tenants, that their property and/or other properties contain Chinese drywall.

**Response to Request No. 44:**
>There are no documents responsive to Request for Production # 44.

**Request No. 45:**
>All documents and communications concerning or referencing in any way any inspection, testing, repair, and/or remediation protocols relating to Chinese drywall.

**Response to Request No. 45:**
>There are no documents responsive to Request for Production # 45.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 20, 2009, I electronically filed the foregoing document and this certificate with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing:

>FULMER, LeROY, ALBEE, BAUMANN & GLASS
>
>/s/ Gary F. Baumann
>Gary F. Baumann
>gbaumann@FulmerLeRoy.com
>Florida Bar No.: 089052
>2866 East Oakland Park Boulevard
>Fort Lauderdale, FL 33306
>(954) 707-4430 phone
>(954) 707-4431 fax
>Attorneys for Defendant
>IBSA, Inc.

# Judicial Panel on Multidistrict Litigation - Panel Service List
## for
## MDL 2047 - IN RE: Chinese-Manufactured Drywall Products Liability Litigation

*** Report Key and Title Page ***

Please Note: This report is in alphabetical order by the last name of the attorney. A party may not be represented by more then one attorney. See Panel rule 5.2(c).

**Party Representation Key**
* Signifies that an appearance was made on behalf of the party by the representing attorney.
# Specified party was dismissed in some, but not all, of the actions in which it was named as a party.
All counsel and parties no longer active in this litigation have been suppressed.

**This Report is Based on the Following Data Filters**
Docket: 2047 - Chinese-Manufactured Drywall PL
For Open Cases

**Judicial Panel on Multidistrict Litigation - Panel Service List**

Page 1

Docket: 2047 - IN RE: Chinese-Manufactured Drywall Products Liability Litigation
Status: Transferred on 06/15/2009
Transferee District: LAE    Judge: Fallon, Eldon E.

Printed on 10/14/2009

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Atlas, Jan Douglas<br>ADORNO & YOSS LLP<br>350 East Las Olas Blvd<br>Suite 1700<br>Fort Lauderdale, FL 33301-4217 | =>Phone: (954) 763-1200  Fax: (954) 766-7800  Email: jda@adorno.com<br>Banner Supply Co.* |
| Bass, Hilarie<br>GREENBERG TRAURIG LLP<br>1221 Brickell Avenue<br>Miami, FL 33131 | =>Phone: (305) 579-0500  Fax: (305) 579-0717  Email: bassh@gtlaw.com<br>Lennar Corp.*; Lennar Homes, LLC fka Lennar Homes, Inc.*; U.S. Home Corp.* |
| Baumann, Gary F.<br>FULMER LEROY ALBEE BAUMANN & GLASS<br>2866 East Oakland Park Blvd.<br>Ft. Lauderdale, FL 33306 | =>Phone: (954) 707-4430  Fax: (954) 707-4431  Email: gbaumann@fulmerleroy.com<br>Independent Builders Supply Association, Inc.* |
| Becnel, Jr, Daniel E.<br>BECNEL LAW FIRM LLC<br>106 West Seventh Street<br>P.O. Drawer H<br>Reserve, LA 70084 | =>Phone: (985) 536-1186  Fax: (985) 536-6445  Email: dbecnel@becnellaw.com<br>Donaldson, Jill M.; Oertling, John |
| Boldt, Kimberly L.<br>ALTERS BOLDT BROWN RASH & CULMO PA<br>4141 N.E. 2nd Avenue<br>Suite 201<br>Miami, FL 33137 | =>Phone: (305) 571-8550  Fax: (305) 571-8558  Email: kimberly@abbrclaw.com<br>Barrozo, Hector*; DeBarrozo, Maria Ines Pinar*; Garcia, Angela*; Garcia, Lorena* |
| Briscoe, Edward J.<br>FOWLER WHITE BURNETT PA<br>Espirito Santo Plaza<br>1395 Brickell Avenue<br>14th Floor<br>Miami, FL 33131-3302 | =>Phone: (305) 789-9200  Fax: (305) 789-9201  Email: EJB@Fowler-White.com<br>Black Bear Gypsum Supply, Inc.* |
| Burge, S. Greg<br>BURR & FORMAN LLP<br>420 North 20th Street<br>Suite 3400<br>Birmingham, AL 35203 | =>Phone: (205) 458-5101  Fax: (205) 244-5612  Email: gburge@burr.com<br>Rightway Drywall, Inc.* |
| Casper, Christopher C.<br>JAMES HOYER NEWCOMER & SMILJANICH PA<br>One Urban Centre<br>4830 West Kennedy Boulevard<br>Suite 550<br>Tampa, FL 33609-2589 | =>Phone: (813) 286-4100  Fax: (813) 286-4174  Email: ccasper@jameshoyer.com<br>Culliton, Kristin Morgan* |

Note: Please refer to the report title page for complete report scope and key.

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Cole, Susan J.<br>BICE COLE LAW FIRM PL<br>999 Ponce de Leon Boulevard<br>Suite 710<br>Coral Gables, FL 33134 | =>Phone: (305) 444-1225  Fax: (305) 446-1598  Email: cole@bicecolelaw.com<br>L&W Supply Corp. dba Seacoast Supply*; USG Corp.* |
| Coutroulis, Chris S.<br>CARLTON FIELDS PA<br>P.O. Box 3239<br>4221 West Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33601-3239 | =>Phone: (813) 223-7000  Fax: (813) 229-4133  Email: ccoutroulis@carltonfields.com<br>M/I Homes, Inc.* |
| Diaz, Jr., Victor Manuel<br>PODHURST ORSECK PA<br>City National Bank Building<br>Suite 800<br>25 W. Flagler Street<br>Miami, FL 33130 | =>Phone: (305) 358-2800  Fax: (305) 358-2382  Email: vdiaz@podhurst.com<br>Green, Dajan*; Morris-Chin, Janet* |
| Duplantier, Jr., Richard G.<br>GALLOWAY JOHNSON TOMPKINS BURR & SMITH<br>701 Poydras Street<br>Suite 4040<br>New Orleans, LA 70139-1200 | =>Phone: (504) 525-6802  Fax: (504) 525-2456  Email: duplantier@gjtbs.com<br>Interior Exterior Building Supply* |
| Gilman, Kenneth G.<br>GILMAN & PASTOR LLP<br>6363 Highcroft Drive<br>Naples, FL 34119 | =>Phone: (239) 213-9960  Fax: (239) 213-9946  Email: kgilman@gilmanpastor.com<br>Ankney, Duane |
| Knauf Gips KG,<br>Ridham Dock, Kemsley<br>Sittingbourne, Kent ME 9 8SR, UK | =><br>Gebr Knauf Verwaltungsgesellschaft KG; Knauf Gips KG |
| Knauf Plasterboard,<br>North Yinhe Bridge, East Jingjin Road<br>Beichen District<br>Tianjin, China 300400 P.R.C. | =><br>Knauf Plasterboard (Tianjin) Co., Ltd. |
| Knauf Plasterboard,<br>No. 2 Gang Wan Road<br>RC-241009 Whuhu Anhui, China | =><br>Knauf Plasterboard (Dongguan) Co., Ltd.; Knauf Plasterboard (Wuhu) Co., Ltd. |
| Knauf Plasterboard,<br>No. 2 Xinsha Development Zone<br>RC-52347 Guangdong, China | =><br>Knauf Plasterboard (Dongguan) Co., Ltd. |
| La Suprema Enterprise,<br>2221 NE 164th Street<br>Suite 335<br>North Miami Beach, FL 33160 | =><br>La Suprema Enterprise, Inc. |

Note: Please refer to the report title page for complete report scope and key.

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| La Suprema Trading, Inc.,<br>2221 NE 164th Street<br>Suite 335<br>N. Miam Beach, FL 33160<br>*** Bad Address *** | =><br>La Suprema Trading, Inc. |
| Landskroner, Jack<br>LANDSKRONER GRIECO MADDEN LTD<br>1360 West 9th Street<br>Suite 200<br>Cleveland, OH 44113 | =>Phone: (216) 522-9000  Fax: (216) 522-9007  Email: jack@lgmlegal.com<br>Minafri, Steven |
| Levin, Arnold<br>LEVIN FISHBEIN SEDRAN & BERMAN<br>510 Walnut Street<br>Suite 500<br>Philadelphia, PA 19106-3697 | =>Phone: (215) 592-1500  Fax: (215) 592-4663  Email: alevin@lfsblaw.com<br>Martinez, Felix*; Martinez, Jenny*; Niemczura, Walter*; Raphael, Gene*; Santiago, Jason*; Tarzy, Jim*; Vickers, Karin* |
| Nicholas, Steven L.<br>CUNNINGHAM BOUNDS LLC<br>1601 Dauphin Street<br>P.O. Box 66705<br>Mobile, AL 36660 | =>Phone: (251) 471-6191  Fax: (251) 479-1031  Email: sln@cunninghambounds.com<br>Mitchell Co., Inc. (The)* |
| Reise, Jack<br>COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP<br>120 East Palmetto Park Road<br>Suite 500<br>Boca Raton, FL 33432 | =>Phone: (561) 750-3000  Fax: (561) 750-3364  Email: jreise@csgrr.com<br>Riesz, Lawrence*; Schnee, Jennifer* |
| Rothchilt International,<br>N-510 Chia Hsn Bld.<br>Annex 96 Chung Shan N. Rd. Sec. 2<br>Taipei, Taiwan R.O.C.<br>*** Bad Address *** | =><br>Rothchilt International Ltd. |
| Schwartz, Steven G.<br>SCHWARTZ & HORWITZ PLC<br>6751 North Federal Highway<br>Suite 400<br>Boca Raton, FL 33487 | =>Phone: (561) 395-4747  Fax: (561) 367-1550  Email: sgs@sandhlawfirm.com<br>South Kendall Construction Corp.* |
| Sivyer, Neal A.<br>SIVYER BARLOW & WATSON PA<br>401 East Jackson Street<br>Suite 2225<br>Tampa, FL 33602 | =>Phone: (813) 221-4242  Fax: (813) 227-3598<br>Taylor Morrison Services, Inc. dba Morrison Homes; Taylor Woodrow Communities at Vasari, LLC* |
| Steckler, Bruce<br>BARON & BUDD<br>3102 Oak Lawn Avenue<br>Suite 1100 | =>Phone: (214) 521-3605  Fax: (214) 520-1181  Email: bsteckler@baronbudd.com<br>Foster, Katherine L.* |

Case 2:09-md-02047-EEF-MBN   Document 367   Filed 10/20/09   Page 19 of 19
*(Panel Attorney Service List for MDL 2,047 Continued)*

Page 4

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Dallas, TX 75219-4281 | |
| Taishan Gypsum Co., Ltd., <br> Dawenkou, Taian <br> Shandong, China 271026 | => <br> Taishan Gypsum Co., Ltd. fka Shandong Taihe Dongxin Co., Ltd. |
| Weinstein, Scott Wm. <br> MORGAN & MORGAN PA <br> 12800 University Drive <br> Suite 600 <br> Fort Myers, FL 33907 | => **Phone: (239) 433-6880  Fax: (239) 433-6836  Email: sweinstein@forthepeople.com** <br> Allen, Nicole J.*; Allen, Shane M.* |

Note: Please refer to the report title page for complete report scope and key.