**COMPOSITE EXHIBIT B**

**TO**

**RESPONSE OF PLAINTIFFS' STEERING COMMITTEE TO BENCH
MEMORANDUM OF CERTAIN DEFENDANTS
REGARDING CHAPTER 558, FLORIDA STATUTES**

**Documents relating to:     Harrell v. South Kendall Construction Corp., No. 08401 CA 42
                                         (Fla. 11th Jud. Cir. 2009)**

1.     Order Denying Motions to Dismiss and/or Abate

2.     Order Denying Motions to Dismiss and/or Abate addressing contractual ambiguity

3.     Amended Case Management Order setting Trial Date

4.     Defendant Keys Gate Realty, Inc.'s Motion to Dismiss Complaint or in the
        Alternative to Abate

5.     Plaintiffs' Response to Defendant Keys Gate Realty, Inc.'s Motion to Dismiss
        Complaint or in the Alternative to Abate

6.     Defendant Banner Supply Co.'s Motion to Abate

7.     Plaintiffs' Response to Defendant Banner Supply Co.'s Motion to Abate

8.     Defendant South Kendall Construction Corp.'s Motion to Dismiss or in the
        Alternative to Abate

9.     Plaintiffs' Response to Defendant South Kendall Construction Corp.'s Motion to
        Dismiss or in the Alternative to Abate

10.    Defendant Keys Gate Realty, Inc.'s Motion to Dismiss Amended Complaint

11.    Plaintiffs' Response to Defendant Keys Gate Realty, Inc.'s Motion to Dismiss
        Amended Complaint

1

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY,
FLORIDA

JASON HARRELL and MELISSA HARRELL,
Individually, on behalf of their minor children,
and on behalf of all others similarly situated,

**CLASS REPRESENTATION**
**COMPLEX BUSINESS COURT**
**CASE NO:  09-08401 CA 40**

Plaintiffs,

v.

SOUTH KENDALL CONSTRUCTION CORP.,
a Florida Corporation, PALM ISLES HOLDINGS,
LLC,  a Limited Liability Company, KEYS
GATE REALTY, INC., A Florida Corporation, et al,

_____ Defendants. _____/

## ORDER

THIS CAUSE having come before the Court on July 1, 2009 on the following motions:

Defendant Keys Gate Realty, Inc.'s Motion to Dismiss Complaint or in the Alternative to Abate;

Defendant Banner Supply Co.'s Motion to Abate; Defendant South Kendall Construction Corp. and

Palm Isle Holdings, LLC's Motion to Dismiss or in the Alternative to Abate; Defendant Keys Gate

Realty, Inc.'s Motion to Dismiss Amended Complaint; and Defendant Banner Supply Co.'s Motion

for Enlargement of Time to Respond to Amended Class Action Complaint Pending Limited

Discovery Relating to Removal Pursuant to the Class Action Fairness Act, and the Court having

reviewed the motions and memoranda setting forth the parties' respective positions, having held a

hearing and received oral argument, and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED as follows:

1.      Defendant Keys Gate Realty, Inc.'s Motion to Dismiss Complaint or in the
        Alternative to Abate is **DENIED.**

2.      Defendant Banner Supply Co.'s Motion to Abate is **DENIED.**

3.      On Defendant South Kendall Construction Corp. and Palm Isle Holdings, LLC's
        Motion to Dismiss or in the Alternative to Abate, the Court **DENIES** the motion in
        all respects, except that the Court expressly reserves ruling pending further review
        on the issue of the enforceability of the mediation/arbitration clause in the Contract
        for Purchase and Sale. Defendants South Kendall Construction Corp. and Palm Isle
        Holdings, LLC shall have 20 days from July 1, 2009 during which to file an Answer
        without prejudice to their rights to seek enforcement of the arbitration clause in the
        contract of Sale and Purchase.

4.      Defendant Keys Gate Realty, Inc.'s Motion to Dismiss Amended Complaint is
        **DENIED.** Defendant Keys Gate Realty, Inc. shall have 20 days from July 1, 2009
        to file an Answer.

5.      Defendant Banner Supply Co.'s Motion for Enlargement of Time to Respond to
        Amended Class Action Complaint Pending Limited Discovery Relating to Removal
        Pursuant to the Class Action Fairness Act is **DENIED.** Defendant Banner Supply
        Co. shall have 10 days from July 1, 2009 during which to file a responsive motion
        or pleading.

Done and ordered in chambers at Miami-Dade County, Florida this ____10ᵗʰ____ day
of July, 2009.

                                        Judge Gill S. Freeman
                                        _____
                                        GILL S. FREEMAN
                                        CIRCUIT COURT JUDGE

Copies furnished to:
All counsel of record

2

IN THE CIRCUIT COURT OF
ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

COMPLEX LITIGATION DIVISION

JASON HARRELL and MELISSA HARRELL

       PLAINTIFFS    CASE NO. 09-8401 CA 40

v.
SOUTH KENDALL CONSTRUCTION CORP.,
PALM ISLES HOLDINGS, LLC,
KEYS GATE REALTY, INC.,
BANNER SUPPLY CO., KNAUF
PLASTERBOARD TIANJIN CO., LTD.,
ROTHSCHILD INT'L, LTD.,
AND DOES #1-10
       DEFENDANTS
_____/

### ORDER DENYING DEFENDANTS
### MOTION TO DISMISS OR ABATE –

    THIS MATTER is before the Court on Defendants' Motion to Dismiss or Abate, and the Court, having reviewed the file, the memoranda, hearing argument of counsel, and being otherwise fully advised in the premises, the Court finds as follows:

### ISSUE PRESENTED

    The issue before the Court is contract interpretation and how to interpret and/or attempt to reconcile separate provisions dictating different mechanisms for the resolution of disputes.

    On July 1, 2009 at the hearing on the Motion to Dismiss or Abate, the various Defendants argued that paragraph 19 of the Agreement for Purchase and Sale (the "contract") requires mediation and, to the extent not resolved in mediation, arbitration.

    Plaintiffs argued in response that Defendants reliance on paragraph 19 flies in the

face of paragraphs 16 and 18, which explicitly provide that disputes should be heard by a judge in a court proceeding and not a jury. In support of their argument, Plaintiffs furthered that to the extent the contract is ambiguous, it must be construed against its drafter.

## THE CONTRACTUAL PROVISIONS

### 1. Provisions Dictating a Judicial Proceeding

There are two provisions of the Contract that clearly indicate that disputes arising out of the contract are to be resolved by judicial proceeding before a judge, without a jury. These are paragraphs 16 and 18.

> Paragraph 16, entitled **Disclaimer of Implied Warranties**, states in relevant part:
>
> IN THE EVENT <u>A COURT OF LAW DECIDES</u> ANY DISCLAIMER TO BE INEFFECTIVE, THE PARTIES AGREE THAT ANY ACTION BROUGHT UNDER IMPLIED WARRANTY MUST BE BROUGHT WITHIN ONE (1) YEAR FROM THE DATE OF BUYER'S CLOSING HEREUNDER.

Contract ¶ 16 (emphasis supplied).

> Paragraph 18, entitled **Resolution of Disputes**, states in relevant part:
>
> Each Buyer acknowledges that this Agreement is a sophisticated legal document. Accordingly, <u>justice will best be served if issues regarding this Agreement are heard by a judge in a court proceeding</u>, and not a jury. Each Buyer agrees that any claim, demand, action, or cause of action, with respect to any action, proceeding, claim, counterclaim, or cross claim, whether in contract and/or in tort (regardless if the tort action is presently recognized or not), based on, arising out of, in connection with or in any way related to this Agreement, any course of conduct, course of dealing, verbal or written statement, validation, protection, enforcement action or omission of any party shall be heard by a judge in a court proceeding and not a jury.

Contract ¶ 18 (emphasis supplied).

### 2. Provision Dictating Mediation/Arbitration

2

In contrast to paragraphs 16 and 18, paragraph 19, entitled **Venue**, and its sub-paragraphs state that disputes shall first be submitted to mediation and if not settled through mediation, then thereafter submitted to binding arbitration.  In relevant part paragraph 19 states:

> Therefore, each Buyer and Seller agree that the venue for resolution of any dispute lies in Miami-Dade County, Florida.  The parties to this Agreement specifically agree that all disputes (whether contract, warranty, tort, statutory or otherwise), including, but not limited to, any and all controversies, disputes or claims arising under, or related to, this Agreement, the property, or any dealings between the Buyer and Seller (with the exception of consumer products as defined by the Magnuson-Moss Warranty-Federal Trade Commission Act, 15 U.S.C. '2301 et seq., and the regulations promulgated thereunder), shall first be submitted to mediation and, if not settled during mediation, shall thereafter be submitted to binding arbitration as provided by the Federal Arbitration Act and not by or in a court of law.

Contract ¶ 18 (emphasis supplied).

> Paragraph 19.3 states in relevant part:

> The waiver or invalidity of any portion of this Section shall not affect the validity or enforceability of the remaining portions of this Section, Buyer and Seller further agree (1) that any dispute involving Seller's affiliates, directors, officers, employees and agents shall also be subject to mediation and arbitration as set forth herein, and shall not be pursued in a court of law; (2) that Seller may, at its sole election, include its subcontractors and suppliers, as well as any warranty company and insurer as parties in the mediation and arbitration; and (3) that the mediation and arbitration will be limited to the Disputes between the parties specified herein.

Contract ¶ 19.3.

## ANALYSIS

Clearly there is a conflict between the provisions set forth above.  Indeed, the very paragraph specifically entitled **Resolution of Disputes** (paragraph 18) states that claims, demands and causes of actions shall be heard by a judge in a court proceeding.

Meanwhile, the provisions mandating mediation and/or arbitration fall under paragraph 19 which is entitled **Venue** – not a section clearly dedicated to the resolution of any and all disputes arising out of the contract.

As a threshold issue, this clear conflict is distinguishable from the litany of cases in which the *arbitration clause itself* is ambiguous[1] because here *the provisions themselves are clear but taken as a whole the clauses conflict*. Therefore, the question for this Court is how it should construe the contract in light of its conflicting provisions – not whether the arbitration clause is enforceable.

## INTERPRETATION OF THE CONTRACT

### 1. Inconsistent Provisions Must Be Reconciled If Possible

When provisions in a contract appear to be in conflict, they should be construed so as to be reconciled, if possible. *Seabreeze Rest., Inc. v. Paumgardhen*, 639 So. 2d 69, 71 (Fla. 2d DCA 1994) (citing *Arthur Rutenberg Corp. v. Pasin*, 506 So. 2d 33 (Fla. 4th DCA 1987)). "An interpretation of a contract which gives a reasonable, lawful and effective meaning to all of the terms is preferred to an interpretation which leaves a part unreasonable, unlawful or of no effect." *Seabreeze Rest., Inc.*, 639 So. 2d at 71 (citing *Herian v. Southeast Bank, N.A.*, 564 So. 2d 213, 214 (Fla. 4th DCA 1990)). *See also Coral Gables Police Benev. Ass'n v. Just*, 179 So. 2d 390 (Fla. 3d DCA 1965) ("If the

---

[1]   In such distinguishable cases, judicial invalidation of an arbitration clause is manifestly contrary to Florida's strong public policy in favor of arbitration as an alternative to litigation. *See, e.g., Martha A. Gottfried, Inc. v. Paulette Koch Real Estate*, 778 So. 2d 1089 (Fla. 4th DCA 2001) ("Arbitration is a preferred method of dispute resolution; therefore, any doubt regarding the scope of an arbitration clause should be resolved in favor of arbitration.") (citation omitted). Any doubts as to the applicability of the arbitration provisions are properly resolved by the trial court in favor of arbitration. *See Advantage Dental Health Plans Inc. v. Beneficial Adm'rs. Inc.*, 683 So.2d 1133 (Fla. 4th DCA 1996); *Ronbeck Constr. Co., Inc. v. Savanna Club Corp.*, 592 So.2d 344 (Fla. 4th DCA 1992).

Furthermore, disputes regarding arbitration generally arise in the context of a motion to compel arbitration, and, when ruling on such a motion, a court must consider three factors: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived. *Seifert v. U.S. Home Corp.*, 750 So.2d 633, 636 (Fla.1999). This need not be done here.

clauses in the contract appear to be repugnant to each other, they must be given an interpretation which will reconcile them if possible, but if one interpretation leads to an absurd conclusion, then such interpretation must be abandoned and one adopted which accords with reason and probability."); *Kaplan v. Bayer*, 782 So. 2d 417, 419 (Fla. 2d DCA 2001) (stating that a court faced with a contractual inconsistency must interpret the contract in such a manner as to reconcile the conflicting provisions. If such a reconciliation is not possible, the contract must be given a reasonable" interpretation.") (internal citations and quotations omitted).

### 2. An Ambiguous or Doubtful Contract Is Construed Against The Drafting Party

"It is well settled law that where the language of a contract is ambiguous or doubtful, the contract should be construed in the light most favorable to the nondrafting party." *Hancock v. Brumer, Cohen, Logan, Kandell & Kaufman*, 580 So. 2d 782, 783-84 (Fla. 3d DCA 1991) (citing *Vienneau v. Metropolitan Life Ins. Co.*, 548 So. 2d 856 (Fla. 4th DCA 1989); *Coastal Caisson Drill Co., Inc. v. American Casualty Co. of Reading, Pa.*, 523 So.2d 791 (Fla. 2d DCA 1988); *Grappone v. City of Miami Beach*, 495 So. 2d 838 (Fla. 3d DCA 1986)). *See also Macintyre v. Green's Pool Service, Inc.*, 347 So. 2d 1081 (Fla. 3d DCA 1977) ("In cases of doubt as to the meaning the parties intended by contract language, the language will ordinarily be interpreted in a light less favorable to the party drawing the contract.") (citations omitted).

### 3. The Contract Provisions at Issue Cannot Be Reconciled and this Court, therefore, Must Interpret It In The Light Most Favorable To The Non-Drafting Party

While this Court must attempt to avoid an interpretation which renders contract terms of no effect, the provisions at issue are repugnant to each other and cannot be

reconciled. Again, even a cursory reading of paragraphs 16, 18 and 19 shows that two call for resolution of any dispute before a judge, while the other calls for mediation and/or arbitration. Given that reconciliation is not possible, the contract must be interpreted in the light most favorable to the nondrafting party – in this case the Plaintiffs. A reasonable interpretation, therefore, mandates that the provisions of paragraph 19 and its sub-paragraphs, calling for mediation and/or arbitration be stricken and that this matter be heard by a judge in a court proceeding as appropriate.[2]

## CONCLUSION

Paragraph 19 and its sub-paragraphs' references dictating mediation and/or arbitration is, therefore, found to be void, unenforceable, and stricken from the contract.

The Defendants' Motions to Dismiss or Abate, on the grounds asserted, are therefore, **DENIED**.

**DONE** and **ORDERED**, in Chambers, at Miami-Dade County, Florida, this 13th day of July 2009.

Copies to:
Counsel/Parties of Record

GILL S. FREEMAN
CIRCUIT COURT JUDGE

Conformed Copy

JUL 13 2009

Gill S. Freeman
Circuit Court Judge

---

[2] Of note is paragraph 20.5 entitled *Survival, Incorporation and Severability*, which provides: "[t]he provisions and disclaimers in this Agreement which are intended to have effect after the Closing shall survive the Closing. In the event that any clause or provision of this Agreement shall be void or unenforceable, such clause or provision shall be deemed deleted so that the balance of the Agreement is enforceable." The Court takes note of same, as it is relevant to the extent that paragraph 19 and its sub-paragraphs found to be void, unenforceable, and struck with regard to the mediation/arbitration provisions, does not render the remainder of the agreement unenforceable as per the express terms of the agreement itself.

3

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI, MIAM-DADE COUNTY, FLORIDA

COMPLEX BUSINESS LITIGATION DIVISION (40)
CASE NO.: 09-08401    -CA-01

JASON HARRELL, ET AL

        Plaintiff,

vs.

SOUTH KENDALL CONSTRUCTION CORP.,
ET AL

        Defendant.

_____/

### AMENDED CASE MANAGEMENT ORDER

THIS CAUSE came before the Court on **Friday, June 19, 2009** for a Case Management

Conference pursuant to the Court's notice and order. All counsel and the parties were present or by

telephone. This case has been assigned to Division 40, Complex Business Litigation Court pursuant

to Administrative Order No.: 08-02 in the Eleventh Judicial Circuit, Miami, Miami-Dade County,

Florida. After reviewing the Joint Case Management Report, with the stipulation of the Parties to the

trial date set forth below and being otherwise fully informed, it is

THEREFORE, ORDERED AND ADJUDGED that unless later modified by Order of this

Court, the following schedule of events shall control the management and proceedings in this case.

### COMMUNICATION WITH THE COURT AND AMONG THE PARTIES

1.      The parties are represented by the following, who shall be designated "Lead Trial

Counsel":

**Victor Diaz, Esq.,** for Plaintiffs;
**Steve Schwartz, Esq.,** for Defendant.
**Jan Atlas, Esq.,** for Defendant, Banner Supply

1

2.      **Courtesy copies of all motions and memoranda related thereto shall be delivered to the Court immediately upon being filed with the Clerk of the Court.** All communications with the Court must be delivered to the following address:

> The Honorable Gill S. Freeman
> 73 West Flagler Street, Suite 1407
> Miami, Florida 33130
> Telephone: 305.349.7255
> Facsimile: 305.349.7252
> E-Mail: complexlitigation@jud11.flcourts.org

## MOTIONS, DISCOVERY, ALTERNATIVE DISPUTE RESOLUTION AND TRIAL

3.      Any motions for leave to amend the pleadings to add additional parties or otherwise, shall be filed no later than **JULY 31, 2009**.

4.      Any motions to dismiss or other preliminary or pre-discovery motions shall be filed and briefed on or before **JULY 17, 2009**.

5.      The Parties have stipulated and it is ordered that this case shall be tried in **SEPTEMBER/OCTOBER, 2010**.

6.      The parties are directed to comply in all respects with the Complex Business Litigation Rules located at: www.jud11.flcourts.org

7.      The jury trial of this case shall occur during the **three (3) week** trial period beginning **SEPTEMBER 27, 2010** with **Call of the Calendar** at **9:00 A.M.** on **SEPTEMBER 24, 2010**. The parties estimate the trial will be completed in **7-10** days.

8.      The Final Conference is scheduled on **SEPTEMBER 13, 2010** at **1:30 P.M.** in Courtroom 14-2. The parties shall prepare in advance and provide at the pre-trial conference a pre-trial statement comporting with CBL Rule 9.2.

9.     The parties shall have until **JUNE 11, 2010** to conduct and conclude fact discovery. It is further ordered that the setting of the discovery deadline will not limit any party from filing summary judgment motions during the period, but any such motions should be narrowly drawn to address only issues on which discovery has been completed. If there are still motions pending after the discovery period, the Court will set a briefing schedule at that time.

10.     The Parties are limited to **EIGHT (8)** expert witnesses per party. In all respects, the presumptive limitations on discovery contained in the Complex Business Litigation Procedures shall apply.

11.     The Plaintiff(s) shall designate the experts expected to be called at trial and provide all information specified in CBL Rule 6.2 by **JUNE 11, 2010**. The Defendant(s) shall designate the experts expected to be called at trial and provide all information specified in CBL Rule 6.2 by **JULY 2, 2010**.

12.     Expert depositions shall be completed by **JULY 30, 2010**.

13.     Dispositive Motions shall be filed by **AUGUST 20, 2010**.

14.     Motions in limine shall be filed by **AUGUST 20, 2010**.

15.     The parties shall mediate this dispute before **OCTOBER 2, 2009** with the mediator of their choice.  Plaintiff shall advise the Court of the precise date of mediation no later than **AUGUST 14, 2009**.  Plaintiff is ordered to advise the Court, in writing, of the outcome of the mediation no later than five (5) days following the conclusion of the mediation conference.

16.     If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.

Please contact Court's ADA Coordinator (305) 375-2006 within two (2) working days of your receipt of this notice: If you are hearing or voice impaired, call (800) 955-8771.

**DONE AND ORDERED** in Chamber at Miami, Miami-Dade County, Florida this 25th day of June, 2009.

X_____

GILL S. FREEMAN
CIRCUIT COURT JUDGE

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via U. S. mail on this 22nd day of June, 2009, to:

DAVID H. LICHTER, ESQ.,
HIGER LICHTER & GIVNER LLP,
18305 BISCAYNE BOULEVARD
# 402
AVENTURA, FL 33160

MARK BLUMSTEIN, ESQ.,
THE BLUMSTEIN LAW FIRM,
18305 BISCAYNE BOULEVARD
# 402
AVENTURA, FL 33160

ROBERT C. JOSEFSBERG, ESQ,
PODHURST ORSECK, P.A.
25 W. FLAGLER STREET
# 800
MIAMI, FL 33130

KIERAN P. FALLSON, ESQ.,
436 SW 8TH Street
Suite 200
Miami, FL 33130

JAMES W. FLANAGAN, ESQ.,
SCHWARTZ & HORWITZ,
6751 N. FEDERAL HIGHWAY
# 400
BOCA RATON, FL 33487

JAN DOUGLAS ATLAS, ESQ.,
ADORNO & YOSS LLP
350 E. LAS OLAS BLVD. # 1700
FT. LAUDERDALE, FL 33301

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY FLORIDA

GENERAL JURISDICTION DIVISION

JASON HARRELL, ET AL,

        Plaintiffs,

vs.

        **Complex Business Litigation Section**
        Case No.  09-08401 CA 40

SOUTH KENDALL CONSTRUCTION
CORPORATION, ET AL,

        Defendants.

_____/

## SUA SPONTE ORDER ON FINAL PRETRIAL STIPULATION FOR JURY TRIALS

The Court hereby enters the following pretrial order to focus the issues in the captioned matter prior to trial.   Pursuant to this overall objective, the Court ORDERS that the parties will comply with the following additional pretrial requirements and shall file a Joint Final Pretrial Statement" (hereinafter "Pretrial Statement") by five (5) days before the Final Pre-Trial Conference.

1.     The parties shall prepare a concise statement of the case that can be read and distributed to the jury panel prior to voir dire in order to apprise the panel of the subject matter involved in this case.

2.     The parties shall stipulate to as many facts and issues as possible in their "Statement of Uncontested Facts"  The supplemented agreed statement of facts will be included in each juror's notebook, if any, as further addressed in Paragraph 7 below. The purpose is to minimize the exhibits or testimony at trial necessary to establish these facts. **For this reason, the Court orders the parties to address this matter in good faith with specific attention to matters already**

admitted by answers, answers to requests for admissions, and answers to interrogatories. Notwithstanding, the parties will be permitted to elicit witness testimony concerning undisputed background information for the purpose of establishing a foundation or context for additional testimony.

3.      The parties Pretrial Statement shall include two separate lists of their witnesses and exhibits. Each party's first witness list, the "A" list, shall designate those witnesses the party deems integral to its case and intends to call at trial. The second list, the "B" list, shall designate witnesses that the party may intend to call at trial, depending on the circumstances. The parties shall include an estimate of time expected for direct and cross-examination of each "A" witness. Based upon this revised estimate, the parties shall re-estimate the number of trial days required assuming a 6 hour trial day and a five (5) day trial week.

4.      Each party shall prepare exhibit lists in the same manner as described in Paragraph 3 above; that is, each party shall prepare an "A" list identifying those exhibits that will be offered into evidence, and a "B" list of exhibits that also may be offered depending on the circumstances. Exhibits not listed will not be received into evidence at trial, except by order of the court in furtherance of justice.  Substantive, succinct, legal objections to any listed "A" exhibit shall be reflected in a separate column of the list in accordance with CBL Rule 9.2 (c) ("all objections reserved" does not suffice) objections not made, including objections not made with specificity are waived.  As with record custodians, the parties shall attempt to enter into stipulations regarding the authenticity of documents, thereby reserving their objections only for substantive evidentiary issues.

5.      The Court shall initially provide a general questionnaire to inquire of the jury panel. The parties may submit a proposed questionnaire at the Final Pre-trial Conference.

6.    The parties shall coordinate their efforts to prepare a set of proposed jury instructions, verdict forms, and where applicable, jury interrogatories for submission to the Court as part of the Pretrial Statement. In their proposed instructions, the parties shall designate areas of agreement and those areas which remain in dispute in terms of the substantive application of the law. In preparing their proposed instructions, the parties shall utilize Florida Standard Jury Instructions as applicable, for both the procedural and substantive instructions. If there are no applicable Florida Standard Jury Instructions, the Court recommends the Eleventh Circuit Federal Pattern Jury Instructions (2006 West Group). The parties may propose other substantive jury instructions if related to the count at issue. If the parties are of the view that the pattern instructions have been superseded by applicable case law, they may red line their proposed revisions to the pattern instructions and provide highlighted copies of the case law with their joint pretrial stipulation. The parties' joint set of proposed jury instructions shall be submitted in printed form, accompanied by a computer disk and legal authorities relied upon. The legal authorities shall be included in the Court's Notebook along with the proposed jury instructions and given to the Court with key portions of the cases highlighted.

7.    The parties also shall coordinate the preparation of trial notebooks, if agreed, for distribution to jurors at the commencement of evidence at trial.   The notebooks shall include the statement of the agreed facts, any joint exhibits, and copies of the parties' "A" exhibits intended to be introduced at trial. The parties shall provide the Court on the first day of trial with a sufficient amount of notebooks for distribution to each juror, the testifying witness, counsel, and for the Court. If the jurors are not going to have notebooks, the parties must still prepare the remaining required notebooks.

8.     All exhibits must be pre-marked and initialed. The parties shall prepare their exhibit lists and submit said exhibit lists on the form attached hereto, which is available from the Clerk's office. The Plaintiff shall mark its exhibits to which there is no objection numerically. Defendant shall mark its exhibits alphabetically. The typewritten exhibit list setting forth the number, or letter, and description of each exhibit must be submitted at the final joint pretrial conference. At trial, each exhibit shall be marked with a sticker identifying the case number, exhibit number, and party offering the exhibit. No document or exhibit, except impeachment exhibits, maybe offered into evidence unless it has been pre-marked and initialed by all counsel as having been reviewed. Plaintiff's exhibits to which there is an objection shall be marked "1-A" consecutively. Defendant's exhibits to which there is an objection shall be marked "A-1" consecutively.

9.     In accordance with CBL Rule 9.2(e), at the required meeting, counsel and unrepresented parties shall agree upon and specify in writing in the Pretrial Statement the pages and lines of each deposition (except where used solely for impeachment) to be published to the trier of fact. The parties shall include in the Joint Final Pretrial Statement a page-and-line description of any testimony that remains in dispute after an active and substantial effort at resolution, together with argument and authority for each party's positions. The parties **shall** prepare for submission and consideration at the final pretrial conference edited and marked copies of any depositions or deposition excerpts which are to be offered into evidence including edited videotaped depositions. Designation of an entire deposition will not be permitted except on a showing of necessity.

10.     The Rule of Sequestration is hereby invoked unless otherwise agreed and provided in the Final Pretrial Statement. Each party shall bring to the court's attention the appearance of any witness in the courtroom which violates the Rule. The Rule shall apply to a witness once he or she is turned over for cross-examination, unless otherwise ordered by the Court upon good grounds

shown. The attorneys and parties who remain in the courtroom are prohibited from communicating, by means of any electronic device, any testimony of a witness, or summary of testimony, to a prospective witness, or to another person whose purpose is to communicate with a prospective witness. Any intentional violation of this order may be addressed by contempt or other dire sanctions.

The Rule restriction will not apply to the opposing parties' expert witness(es) who may desire to hear the testimony of fact or another expert so as to be in a position to comment on such testimony in the Defendants' case or on Plaintiffs' rebuttal case.

11.     If the parties desire to use charts or exhibits during opening statements, each such item must be disclosed to the other party as part of the Pretrial Statement. In the event a party objects to such disclosure, then the court shall examine each such item prior to its use in opening statement. No item of actual evidence may be displayed to the jury absent prior written agreement between the parties which specifies the item of evidence that may be used. Furthermore, the actual evidence shall be attached to the stipulation as an exhibit.

12.     The parties shall bring to the court's attention the use of technological equipment in the courtroom. The court shall arrange with the parties a date for installation. The parties shall consult with each other as to the use of the other's computer based exhibits. For use during *voir dire*, the parties shall prepare an exhibit to be shown to the panel identifying the law firms and attorneys who have worked on this case and the names of persons who may be witnesses in the case, including, where applicable, their titles.

13.     All summaries to be offered into evidence shall comply with §90.956 Fla. Stat. All summaries shall be included in the Pretrial Statement. Any objection to the summaries shall be filed five (5) days prior to the Final Pre-Trial Conference.   Summary evidence is admissible under

§90.956 only if the underlying materials are admissible. If written objections are filed, the underlying materials shall be produced in court and shall be subject to a hearing in accordance with Florida Rules of Evidence prior to their admission.

14.     All demonstrative exhibits shall be disclosed to the opposing party and referenced in the Pretrial Statement. The party proposing to use a demonstrative exhibit as substantive evidence shall include it on the "A" exhibit list. With respect to an item to be used demonstratively, the burden shall be on the proposing party to demonstrate that it depicts relevant information that is or will be proven by other, substantive evidence.     Any objection to the opposing party's demonstrative exhibit shall be raised in the Pretrial Statement.

15.     Where the parties have designated experts and exchanged expert witness summaries and reports in accordance with CBL Rule 6.2 each such party, as part of the Pretrial Statement, shall set forth the following: (1) a statement of each opinion to which the expert is intended to testify; (2) a specific reference to where each such opinion was included in the expert report or rebuttal report; (3) verification, where applicable, that each such opinion was subject to expert discovery, and (4) a list of "A" exhibits or demonstrative exhibits applicable to each such opinion.

The purpose here is to prevent any "new" opinions to be presented at trial which were not properly disclosed. Absent leave of the Court, each party is hereby on notice that any "new" such opinion shall be stricken. If any party intends to challenge an opposing party expert's opinion under Fla. R. Evid. 90.702 or 90.703, such party shall state in the Pretrial Statement the specific basis for the objection(s), including any legal authorities in support of the stated objection. If a prior brief has been filed on the subject, the parties may incorporate it by reference.

16.     If either party desires the Court to judicially notice any adjudicative facts pursuant to §90.201, Fla. Stat., such request shall be in writing and included in the Pretrial Statement. The

request shall specify with particularity the specific facts sought to be recognized and provide any legal authorities in support. Any objections shall also be in writing and attached as an exhibit to the Pretrial Statement.

**DONE AND ORDERED** in Chambers at Miami-Dade County, Florida, this <u>25th</u> day of, <u>June</u>, 2009.

GILL S. FREEMAN
CIRCUIT COURT JUDGE

Copies furnished to:
Counsel of Record

**Conformed Copy**

JUN 2 5 2009

Gill S. Freeman
Circuit Court Judge

4

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

Class Representation
COMPLEX BUSINESS COURT

JASON HARRELL and MELISSA HARRELL,
Individually, on behalf of their minor children,
and on behalf of all others similarly situated,

CASE NO.: 09-08401 CA 40

Florida Bar No. 345679

     Plaintiffs,

**JUAN LEBLANC**

v.

SOUTH KENDALL CONSTRUCTION CORP.,
a Florida Corporation, PALM ISLES HOLDINGS, LLC,
a Limited Liability Company, KEYS GATE REALTY, INC.,
a Florida Corporation, et al,

     Defendants.

_____/

## DEFENDANT, KEYS GATE REALTY, INC.'S, MOTION TO DISMISS
## COMPLAINT OR IN THE ALTERNATIVE TO ABATE

COMES NOW, Defendant, KEYS GATE REALTY, INC., by and through the undersigned

counsel and hereby moves for entry of an Order to Dismiss Plaintiffs Complaint or in the alternative to

abate this action and in support states:

### Introduction

1) Plaintiff's filed this action alleging, interalia, that there were defects in a home owned by the

    Plaintiff and purchased through KEYS GATE REALTY, INC. ("KGR").

2) Pursuant to the provisions of Florida Statute §558, the Plaintiff in any suit alleging construction

    defects in real property must comply with certain presuit requirements.

3) Specifically the Plaintiff must serve written notice of the claim on the contractor at least 60 days

    prior to filing suit:

In actions brought alleging a construction defect, the claimant shall, at least 60 days before filing any action, or at least 120 days before filing an action involving as association representing more than 20 parcels, serve written notice of claim on the contractor, subcontractor, supplier, or design professional, as applicable, which notice shall refer to this chapter. If the construction defect claim arises from work performed under a contract, the written notice of claim must be served on the person with whom the claimant contracted. The notice of claim must describe the claim in reasonable detail sufficient to determine the general nature of each alleged construction defect and a description of the damage or loss resulting from the defect, if know.

F.S.A. §558.004(1).

4) In the instant case the Plaintiffs have failed to comply with the statutory present requirements.

5) Additionally, Plaintiffs have failed to comply with specific pre-suit requirements they agreed to in their contract with Defendant, KGR, which is attached to the complaint as Exhibit 1. Specifically, according to the provision of Paragraph 14.2.2.3 of Exhibit 1 of the complaint, a buyer of a home must provide the builder, KGR, with a minimum of 90 days notice that a defect in the residence exists prior to filing suit. The Plaintiffs have failed to provide KGR with the requisite notice.

6) As a result of said non-compliant this action must be abated or dismissed until the Plaintiff's file written notice of a claim of a defect with the Defendant, KGR

WHEREFORE, Defendant, KEYS GATE REALTY, INC., respectfully requests that this Court enter an Order Dismissing the complaint or in the alternative to abate this action until such time as the Plaintiffs have complied with the provision of the terms of the contract and granting such further relief that the Court considers just and proper.

Respectfully Submitted,

LAW OFFICE OF KIERAN P. FALLON, P.A.
*Attorney for the Defendants KEYS GATE REALTY, Inc.*
436 S.W. 8th Street, Suite 200
Miami, FL 33130

By: _____
        Kieran P. Fallon, Esq.

*DEF, KGR'S, MTN TO DISMISS OR IN ALTERNATIVE TO ABATE*
CASE NO.: 09-08401 CA 40
Page 2 of 3

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing was provided, via ☑ First Class U.S. Mail, ☐ facsimile transmission, and/or ☐ hand-delivery this 25 day of February, 2009 to:

Mark Blumstein, Esq.
The Blumstein Law Firm
Bank of America Building
18305 Biscayne Blvd., Suite 402
Aventura, Florida 33160
*Fax: 305.356.7539*

David Lichter, Esq.
Higer Lichter & Givner LLP
Bank of America Building
18305 Biscayne Blvd., Suite 402
Aventura, Florida 33160
*Fax: 305.933-0998*

Respectfully Submitted,

LAW OFFICE OF KIERAN P. FALLON, P.A.
*Attorney for the Defendants KEYS GATE REALTY, Inc.*
436 S.W. 8th Street, Suite 200
Miami, FL 33130
TEL: (305) 961-2900
FAX: (305)857-9239

By: _____
Kieran P. Fallon, Esq.
Florida Bar No. 345679

5

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT OF
FLORIDA IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

JASON HARRELL and MELISSA HARRELL,
Individually, on Behalf of their Minor Children
and on behalf of all others similarly situated,

          *Plaintiffs,*

vs.

SOUTH KENDALL CONSTRUCTION
CORP., a Florida corporation; PALM ISLES
HOLDINGS, LLC, a Florida limited liability
company; KEYS GATES REALTY, INC., a
Florida corporation; BANNER SUPPLY CO.,
a Florida corporation; KNAUF
PLASTERBOARD TIANJIN CO., LTD., a
Foreign corporation; ROTHCHILT INT'L.,
LTD., a Foreign corporationl and DOES #1-
#10, Unknown Persons,

          *Defendants.*

_____/

CASE NO.: 09-08401 CA (40)

COMPLEX BUSINESS LITIGATION

**CLASS REPRESENTATION**
**JURY TRIAL DEMANDED**

## PLAINTIFFS' RESPONSE TO DEFENDANT KEYS GATE REALTY, INC.'S MOTION TO DISMISS COMPLAINT OR IN THE ALTERNATIVE TO ABATE

      Plaintiffs, JASON HARRELL and MELISSA HARELL, on behalf of their Minor Children

and all others similarly situated, submit the following in response to Defendant Keys Gate Realty,

Inc.'s ("KGR") Motion to Dismiss Complaint or in the Alternative to Abate (the "Motion to

Dismiss"). KGR has failed to assert any basis to conclude that Plaintiffs have failed to state a claim

upon which relief may be granted and, accordingly, its request that Plaintiffs' claims be dismissed

should be denied. KGR's alternative request that Plaintiffs' claims against it should be abated are

not supported by the statutory and contractual authority KGR relies upon:  By their express terms,

CASE NO.: 09-08401 CA (40)

section 558.003, Fla. Stat., and the sales contract relied upon by KGR do not apply to KGR, a real

estate broker. For these reasons, as set forth more fully below, the Motion to Dismiss should be

denied in all respects.

## INTRODUCTION

Plaintiffs filed this action on February 3, 2009, asserting claims against the manufacturer,

distributor, and supplier of defective drywall that was manufactured in the People's Republic of

China, imported into the State of Florida, and installed in homes that were constructed and sold to

Plaintiffs by the developer. *See* Class Action Complaint, dated February 3, 2009, at ¶¶ 1-5, 7-10.

KGR was the real estate broker that sold the house to Plaintiffs. *See id.* ¶ 6.

The drywall installed in the home sold by KGR to Plaintiffs is defective because it contains

and emits toxins like sulphur, and sulphur compounds, including carbon disulfide, carbonyl sulfide

and hydrogen sulfide within the residences, which cause the erosion or corrosion of various metals

within the residences, disrupt or interfere with the operation of electronic equipment within said

residences; and cause the destruction of personal property. *See* Compl. ¶ 17. Plaintiffs assert several

claims seeking the recovery of damages arising out of the Defendants' sale of a home containing

defective drywall to Plaintiffs. *See id.* ¶¶ 97.

## STANDARD ON MOTION TO DISMISS

A motion to dismiss pursuant to Rule 1.140(b)(6) of the Florida Rules of Civil Procedure

should not be granted unless, taking all well-pleaded allegations in the Complaint as being true, and

drawing all reasonable inferences in favor of the Plaintiff, the Complaint fails to state claims upon

which relief may be granted. *See Ralph v. City of Daytona Beach*, 471 So.2d 1, 2 (Fla.1983);

2

CASE NO.: 09-08401 CA (40)

*Orlando Sports Stadium, Inc. v. State ex rel. Powell*, 262 So.2d 881, 883 (Fla.1972); *Conley v. Shutts & Bowen, P.A.*, 616 So.2d 523, 524-25 (Fla. 3d DCA 1993); *Emile v. Florida Power & Light Co.*, 426 So.2d 1152, 1152 (Fla. 3d DCA 1983).  In consideration of these standards, the Motion to Dismiss should be denied

### ARGUMENT AND CITATION OF AUTHORITIES

**I.      KGR HAS NOT SHOWN THAT PLAINTIFFS HAVE FAILED TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

KGR has failed to make a legally sufficient argument that demonstrates that the claims Plaintiffs assert against it fail to meet the legal criteria in Florida for stating a claim upon which relief may be granted. *See* Fla. R. Civ. P. 1. 140(b)(6).  Because KGR has wholly failed to carry its burden on this score, its request that any of Plaintiffs' claims be *dismissed* must be denied.[1]

**II.     SECTION 558.003, FLA. STAT., DOES NOT APPLY TO KGR AND THEREFORE DOES NOT SUPPORT THE ABATEMENT OF PLAINTIFFS' CLAIMS AGAINST IT**

KGR also asks the Court to abate this action pursuant to section 558.003 of the Florida Code.  Section 558.003 generally requires that, before proceeding with a claim against a "contractor," "subcontractor," "supplier," or "design professional," the claimant give notice of a "construction defect." *See* § 558.002(5)(6)(9(10), Fla. Stat. (defining parties who are subject to the statute).[2]  In

---

[1]To the extent KGR relies upon § 558.003, Fla. Stat., to support its argument that Plaintiffs' claims should be dismissed, even assuming the applicability of this statute to Plaintiffs' claims against KGR (which Plaintiffs dispute, as argued below), the statute only provides for "*abate[ment] . . . without prejudice*," but *does not* support dismissal. *See* § 558.003, Fla. Stat. (emphasis added).  Dismissal of Plaintiffs' claims is therefore wholly unsupported.

[2]Section 558.003 provides:

3

CASE NO.: 09-08401 CA (40)

the Class Action Complaint, Plaintiffs allege -- and KGR does not dispute -- that KGR is a real estate

*broker. See* Complaint ¶ 6.[3]   Because KGR is *not* a "contractor", "subcontractor", "supplier" or

"design professional" -- as defined by section 558.003, the statute -- by its express terms -- does not

apply.  Accordingly, KGR's abatement request on this ground must be denied.

### III.    KGR IS NOT A PARTY TO THE SALES CONTRACT RELIED UPON BY KGR AND THEREFORE THERE ARE NO CONTRACTUAL GROUNDS SUPPORTING THE ABATEMENT OF PLAINTIFFS' CLAIMS AGAINST KGR

Just as there is no statutory ground to support the abatement of Plaintiffs' claims against

KGR, there are no contractual grounds supporting the abatement of Plaintiffs' claims against KGR.

In its fallback argument, KGR cites to a provision of the home sales contact between Plaintiffs and

Defendant South Kendall Construction Corp.  Just as section 558.003 does not apply to KGR

because KGR is not covered by its express terms, the sales contract between Plaintiffs and SKCC

likewise does not apply to KGR because it is *not* a party to that contract.  *See Exhibit A* to Plaintiffs'

Complaint at 1 (listing Plaintiffs and SKCC as the only parties to the contract). The conclusion that

the notice provision on Plaintiffs' sales contract does not apply to KGR is further reinforced by the

---

A claimant may not file an action subject to this chapter without first complying with the requirements of this chapter. If a claimant files an action alleging a construction defect without first complying with the requirements of this chapter, on timely motion by a party to the action the court shall abate the action, without prejudice, and the action may not proceed until the claimant has complied with such requirements.

§ 558.003, Fla. Stat.

[3]In ¶ 6, Plaintiffs allege that "KGR is a Florida corporation with its principal place of business in Miami-Dade County, Florida. KGR is the exclusive or captive *real estate broker* controlled by those principals of SKCC and/or PIH who sold homes to Plaintiffs and those similarly situated." Compl. ¶ 6 (emphasis added).

4

fact that, by its terms, the contractual notice provision *only* applies (if at all) to claims against the "Seller," which is defined as SKCC. *See id. Nowhere* in the contract relied upon by KGR is KGR defined as the "Seller." *See id.*

Because KGR is not a party to Plaintiffs' home sales contract with SKCC, because the notice provisions applies only -- if at all -- to claims against the Seller (*i.e.*, SKCC), and because nowhere in that contract is KGR defined as the Seller, the notice and delay provisions relied upon by KGR do not support its argument that Plaintiffs' claims against it should be abated. KGR's abatement request on this ground should therefore be denied.

## CONCLUSION

KGR has failed to make any argument that Plaintiffs fail to state claims upon which relief may be granted and, therefore, KGR's request that Plaintiffs' claims be dismissed must be denied. Similarly, by their clear terms, section 558.003, Fla. Stat., and the home sales contract between SKCC and Plaintiffs *do not* apply to KGR and, therefore, there exists no legal basis to support the abatement of Plaintiffs' claims against KGR. For these reasons, the Motion to Dismiss – including KGR's request that Plaintiffs' claims be abated– must be denied.

WE CERTIFY that on this 12th day of March, 2009, a true and correct copy of the foregoing was served by mail to all parties listed on the attached service list.

5

CASE NO.: 09-08401 CA (40)

Respectfully Submitted,

HIGER LICHTER & GIVNER, LLP
Bank of America Building
18305 Biscayne Blvd., Suite 402
Aventura, Florida 33160
Tel: (305) 933-9970
Fax: (305) 933-0998
David H. Lichter, Esq
Florida Bar No. 359122
dlichter@hlglawyers.com
J. Joseph Givner, Esq.
Florida Bar No.850705
jgivner@hlglawyers.com

THE BLUMSTEIN LAW FIRM
Bank of America Building
18305 Biscayne Blvd., Suite 402
Aventura, Florida 33160
Tel: (305) 356-7547
Fax: (305) 356-7539
Mark Blumstein, Esq.
Florida Bar No. 0090700
Mark@BlumsteinLaw.com

- and -

PODHURST ORSECK, P.A.
25 W. Flagler Street, Suite 800
Miami, Florida 33130
Tel: (305) 358-2800
Fax: (305) 358-2382
Robert C. Josefsberg, Esq.
Florida Bar No. 040856
rjosefsberg@podhurst.com
Victor M. Diaz, Jr., Esq.
Florida Bar No. 503800
vdiaz@podhurst.com

6

CASE NO.: 09-08401 CA (40)

Alexander Rundlet, Esq.
Florida Bar No. 0692301
arundlet@podhurst.com


By: _____
    Victor M. Diaz, Jr.
    Fla. Bar No. 503800

*Counsel for Plaintiffs*

7

CASE NO.: 09-08401 CA (40)

## SERVICE LIST

LAW OFFICE OF KIERAN P. FALLON,
P.A.
436 S.W. 8th St., Suite 200
Miami, Florida 33130
Kieran P. Fallon, Esq.
Tel: (305) 961-2900
Fax: (305) 857-9239

*Counsel for Defendant Keys Gate Realty, Inc.*

8

6

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 09-08401 CA (40)

JASON HARRELL and MELISSA HARRELL,
Individually, on behalf of their minor children,
and on behalf of all others similarly situated,

       Plaintiff,

v.

SOUTH KENDALL CONSTRUCTION CORP.,
a Florida corporation; PALM ISLES HOLDINGS,
L.L.C., a Florida limited liability company; KEYS
GATE REALTY, INC., a Florida corporation;
BANNER SUPPLY CO., a Florida corporation;
KNAUF TIANJIN CO., LTD., a foreign corporation;
ROTHCHILT INTERNATIONAL, LTD., a foreign
Corporation; JOHN DOE # 1; JOHN DOE # 2;
JOHN DOE # 3; JOHN DOE # 4; JOHN DOE # 5;
JOHN DOE # 6; JOHN DOE # 7; JOHN DOE # 8;
JOHN DOE # 9; and JOHN DOE # 10,

       Defendants.

_____/

## DEFENDANT, BANNER SUPPLY COMPANY'S, MOTION TO ABATE ACTION FOR FAILURE TO COMPLY WITH CHAPTER 558, FLORIDA STATUTES

Defendant, BANNER SUPPLY CO. ("Banner Supply"), pursuant to Rule 1.140(b)(6),

Fla.R.Civ.P. and Section 558.003, Florida Statutes, moves to abate the action filed by Plaintiffs,

JASON HARRELL and MELISSA HARRELL, on behalf of their minor children and on behalf

of all others similarly situated (collectively "Harrell"). Banner Supply states the following in

support of its Motion:

1.      Harrell sued Banner Supply in a class action lawsuit alleging claims against Banner for, among other things: (1) violations of Florida's Unfair and Deceptive Trade Practices Act, Section 501.201, Florida Statutes, *et seq.* (Count Six); (2) strict liability (Count Seven); and (3) negligence (Count Eight). Each claim against banner is predicated on alleged construction defects arising out of the supply of allegedly defective drywall manufactured in China. See ¶¶ 7, 17, 18, 25, 26, 27, 28, 29, 30, 31, 32, 71, 75, 76, 80, 83, 84, 85, 86, 87, 90, 91, 92, 93, and 94 of the Complaint.

2.      The Complaint falls within the definition of an "Action" set forth in Section 558.002(1), Florida Statutes, in that it is a civil action for damages asserting a claim for damage to or loss to personal property by an alleged construction defect. See Section 558.002, Florida Statutes. Harrell falls within the definition of a "Claimant" within the meaning of Section 558.002(3), Florida Statutes, in that Harrell owns the property that is the subject of the defects alleged in the Complaint and is asserting a claim for damage to or loss to real or personal property caused by an alleged construction defect. See Section 558.003, Florida Statutes.

3.      Section 558.001, Florida Statutes, specifically provides:

> The Legislature finds that it is beneficial to have an alternative method to resolve construction disputes that would reduce the need for litigation as well as protect the rights of property owners. An effective alternative dispute resolution mechanism in certain construction defect matters should involve the claimant filing a notice of claim with the contractor, subcontractor, supplier, or design professional that the claimant asserts is responsible for the defect, and should provide the contractor, subcontractor, supplier, or design professional with an opportunity to resolve the claim without resort to litigation.

2

CASE NO. 09-08401 CA (40)

4. Section 558.003, Florida Statutes, likewise provides:

A claimant may not file an action subject to this chapter without first complying with the requirements of this chapter. If a claimant files an action alleging a construction defect without first complying with the requirements of this chapter, on timely motion by a party to the action the court shall abate the action, without prejudice, and the action may not proceed until the claimant has complied with such requirements.

5. Section 558.004, Florida Statutes, provides in pertinent part:

In actions brought alleging a construction defect, the claimant shall, at least 60 day before filing an action, ..., serve written notice of claim on the contractor, subcontractor, supplier, or design professional, as applicable, which notice shall refer to this chapter....

6. Section 558.005(1)(a), Florida Statutes, specifically provides:

(1) Except as otherwise provided in subsections (3) and (4), , the provisions of this chapter shall apply to every contract for the design, construction, or remodeling of real property entered into:

(a) Between July 1, 2004 and September 30, 2006, which contains the notice set forth in paragraph 2(b) and is conspicuously set forth in capitalized letters.

7. Section 558.005(2)(b), Florida Statutes, provides as follows:

(b) The notice required by paragraph 1(b) must expressly cite this chapter and be in substantially the following form:

CHAPTER 558, FLORIDA STATUTES, CONTAINS IMPORTANT REQUIREMENTS YOU MUST FOLLOW BEFORE YOU MAY BRING ANY LEGAL ACTION FOR AN ALLEGED CONSTRUCTION DEFECT. SIXTY DAYS BEFORE YOU CAN BRING ANY LEGAL ACTION, YOU MUST DELIVER TO THE OTHER PARTY TO THIS CONTRACT A WRITTEN NOTICE, REFERRING TO CHAPTER 558, OF ANY CONSTRUCTION CONDITIONS YOU ALLEGE ARE DEFECTIVE AND PROVIDE SUCH PERSON THE OPPORTUNITY TO INSPECT THE ALLEGED CONSTRUCTION DEFECTS AND TO CONSIDER MAKING AN OFFER TO REPAIR OR PAY FOR THE ALLEGED

3

CASE NO. 09-08401 CA (40)

CONSTRUCTION DEFECTS.  YOU ARE NOT OBLIGATED TO ACCEPT ANY OFFER WHICH MAY BE MADE.  THERE ARE STRICT DEADLINES AND PROCEDURES UNDER THIS FLORIDA LAW WHICH MUST BE MET AND FOLLOWED TO PROTECT YOUR INTERESTS.

8.    In addition, Paragraph 22 Agreement for Purchase and Sale (the "Contract") entered into between Harrell and Co-Defendant, SOUTH KENDALL CONSTRUCTION CORP. ("South Kendall"), on January 16, 2008 for the acquisition of the property that is the subject of the Complaint specifically provides:

> FLORIDA LAW CONTAINS IMPORTANT REQUIREMENTS YOU MUST FOLLOW BEFORE YOU MAY FILE A LAWSUIT AGAINST A CONTRACTOR, SUBCONTRACTOR, SUPPLIER OR DESIGN PROFESSIONAL FOR AN ALLEGED CONSTRUCTION DEFECT IN YOUR HOME.  SIXTY (60) DAYS BEFORE YOU FILE YOUR LAWSUIT, YOU MUST DELIVER TO THE CONTRACTOR, SUBCONTRACTOR, SUPPLIER, OR DESIGN PROFESSIONAL A WRITTEN NOTICE OF ANY CONSTRUCTION CONDITIONS YOU ALLEGE ARE DEFECTIVE AND PROVIDE THE CONTRACTOR AND ANY SUBCONTRACTOR, SUPPLIER, OR DESIGN PROFESSIONAL THE OPPORTUNITY TO REPAIR OR PAY FOR THE ALLEGED CONSTRUCTION DEFECTS. YOU ARE NOT OBLIGATED TO ACCEPT ANY OFFER MADE BY THE CONTRACTOR OR ANY SUBCONTRACTOR, SUPPLIER, OR DESIGN PROFESSIONAL.  THERE ARE STRICT DEADLINES AND PROCEDURES UNDER FLORIDA LAW, AND FAILURE TO FOLLOW THEM MAY AFFECT YOUR ABILITY TO FILE A LAWSUIT.

9.    There is no question that the language in Section 22 of the Contract is in substantially the same form as Section 558.005(2)(b), Florida Statutes.  Accordingly, pursuant to Section 558.003, Florida Statutes, this action should be abated pending compliance by Harrell with the requirements of Chapter 558, Florida Statutes.

4

CASE NO. 09-08401 CA (40)

WHEREFORE, Defendant, BANNER SUPPLY CO., respectfully requests this Court to abate this action pending Harrell's compliance with Chapter 558, Florida Statutes, and for such other and further relief that this Court deems just and proper.

Respectfully submitted,

GUNSTER, YOAKLEY & STEWART, P.A.
Attorneys for Banner Supply Co.
One Biscayne Tower, Suite 3400
2 South Biscayne Boulevard
Miami, FL  33131
Telephone: 305-376-6000
Facsimile: 305-376-6010

By: _____
     RAYMOND V. MILLER
     Florida Bar No.: 328901

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via facsimile: (305) 356-7539 and by First Class, United States Mail, postage prepaid, on: Mark Blumstein, Esq., The Blumstein Law Firm, Co-Counsel for Plaintiffs, Bank of America Building, 18305 Biscayne Boulevard, Suite 402, Aventura, Florida 33160 and via facsimile: (305) 933-0998 and by First Class, United States Mail, postage prepaid, on: David Lichter, Esq., Higer, Lichter & Givner, L.L.P., Co-Counsel for Plaintiffs, Bank of America Building, 18305 Biscayne Boulevard, Suite 402, Aventura, Florida 33160 this 9th day of March, 2009.

By: _____
     Raymond V. Miller, Esq.

5

7

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT OF
FLORIDA IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

JASON HARRELL and MELISSA HARRELL,
Individually, on Behalf of their Minor Children
and on behalf of all others similarly situated,

CASE NO.: 09-08401 CA (40)

COMPLEX BUSINESS LITIGATION

*Plaintiffs*,

**CLASS REPRESENTATION**
**JURY TRIAL DEMANDED**

vs.

SOUTH KENDALL CONSTRUCTION
CORP., a Florida corporation; PALM ISLES
HOLDINGS, LLC, a Florida limited liability
company; KEYS GATES REALTY, INC., a
Florida corporation; BANNER SUPPLY CO.,
a Florida corporation; KNAUF
PLASTERBOARD TIANJIN CO., LTD., a
Foreign corporation; ROTHCHILT INT'L.,
LTD., a Foreign corporationl and DOES #1-
#10, Unknown Persons,

THE ORIGINAL
FILED ON:

MAR 23 2009

IN THE OFFICE OF
CIRCUIT COURT DADE CO. FL

*Defendants*.

_____/

### PLAINTIFFS' RESPONSE TO DEFENDANT BANNER SUPPLY CO.'S MOTION TO ABATE

Plaintiffs, JASON HARRELL and MELISSA HARELL, on behalf of their Minor Children

and all others similarly situated, submit the following response to Defendant Banner Supply Co.'s

("Banner") Motion to Abate (the "Motion to Abate").  Plaintiffs assert straightforward products

liability and related claims against Banner arising out of its supply of defective drywall in the State

of Florida.  Banner relies on provisions of the Florida Code -- Chapter 558 -- in an effort to delay

the prosecution of Plaintiffs' claims.  Although the abatement provisions set forth in Chapter 558

arguably apply to Plaintiffs' claims (and Plaintiffs do not concede this point), the provisions cannot

H:\LIB\DOCS\4012\0112009\CM5293.WPD

Podhurst Orseck, P.A.

CASE NO.: 09-08401 CA (40)

apply in this instance because Banner has failed to demonstrate satisfaction of statutory prerequisites which require -- *before* Chapter 558 can apply -- that claimants have been expressly advised of the potential applicability of the notice and abatement provisions set forth in Chapter 558. *See* § 558.005, Fla. Stat. (requiring that express notice of the specific statutory provisions be given before Chapter can apply). Because Banner has failed to demonstrate that the prerequisite that Plaintiffs were expressly advised of the potential applicability of Chapter 558 to their claims has been met, Chapter 558 cannot apply to Plaintiffs' claims. Accordingly, there is no lawful grounds to support Banner's abatement request and, as set forth more fully below, the Motion to Abate should be denied.

## INTRODUCTION

Plaintiffs filed this action on February 3, 2009, asserting claims against the manufacturer, distributor, and supplier of defective drywall that was manufactured in the People's Republic of China, imported into the State of Florida, and installed in homes that were constructed and sold to Plaintiffs by the developer. *See* Class Action Complaint, dated February 3, 2009, at ¶¶ 1-5, 7-10. Banner is the Miami-Dade County-based supplier of the defective drywall that was installed in Plaintiffs' home. *See id.* ¶ 7.

The drywall supplied by Banner and installed in the home sold to Plaintiffs is defective because it contains and emits toxins like sulphur, and sulphur compounds, including carbon disulfide, carbonyl sulfide and hydrogen sulfide within the residences, which cause the erosion or corrosion of various metals within the residences, disrupt or interfere with the operation of electronic equipment within said residences; and cause the destruction of personal property. *See* Compl. ¶ 17.

2

CASE NO.: 09-08401 CA (40)

Plaintiffs assert several claims seeking the recovery of damages arising out of Banner's supply of defective drywall that was subsequently installed in the home sold to Plaintiffs. *See id.* ¶¶ 97.

## ARGUMENT AND CITATION OF AUTHORITIES

### I. CHAPTER 558 OF THE FLORIDA CODE DOES NOT APPLY TO PLAINTIFFS' CLAIMS AGAINST BANNER

Banner asks the Court to abate this action pursuant to section 558.003 of the Florida Code. Section 558.003 requires -- under circumstances not present here -- that, before proceeding with a claim against a "contractor," "subcontractor," "supplier," or "design professional," the claimant give notice of a "construction defect." *See* § 558.00(5)(6)(9(10), Fla. Stat.[1]

#### A. Banner Has Failed to Demonstrate Compliance With § 558.005, Fla. Stat.

The notice and abatement provisions of Chapter 558 do not apply to Plaintiffs' claims against Banner because Banner has failed to demonstrate compliance with section 558.005, Fla. Stat.

Even assuming that Chapter 558 applies to Plaintiffs' products liability and related claims against Banner (which Plaintiffs do not concede), certain prerequisites must be met *before* the abatement provisions of Chapter 558 may apply. Specifically, Banner must demonstrate that Plaintiffs were advised of *specific language* that *expressly cites* to Chapter 558. *See* §§ 558.005(1)

---

[1]Section 558.003 provides:

> A claimant may not file an action subject to this chapter without first complying with the requirements of this chapter. If a claimant files an action alleging a construction defect without first complying with the requirements of this chapter, on timely motion by a party to the action the court shall abate the action, without prejudice, and the action may not proceed until the claimant has complied with such requirements.

§ 558.003, Fla. Stat.