# EXHIBIT D

## TO

## RESPONSE OF PLAINTIFFS' STEERING COMMITTEE TO BENCH MEMORANDUM OF CERTAIN DEFENDANTS REGARDING CHAPTER 558, FLORIDA STATUTES

Westlaw

West's Florida Statutes Annotated Currentness
 Title XXXIII. Regulation of Trade, Commerce, Investments, and Solicitations (Chapters 494-560)
  → Chapter 558. Construction Defects
   → **558.002. Definitions**

As used in this chapter, the term:

(1) "Action" means any civil action or arbitration proceeding for damages or indemnity asserting a claim for damage to or loss of real or personal property caused by an alleged construction defect, but does not include any administrative action or any civil action or arbitration proceeding asserting a claim for alleged personal injuries arising out of an alleged construction defect.

(2) "Association" has the same meaning as in s. 718.103(2), s. 719.103(2), s. 720.301(9), or s. 723.075.

(3) "Claimant" means a property owner, including a subsequent purchaser or association, who asserts a claim for damages against a contractor, subcontractor, supplier, or design professional concerning a construction defect or a subsequent owner who asserts a claim for indemnification for such damages. The term does not include a contractor, subcontractor, supplier, or design professional.

(4) "Construction defect" means a deficiency in, or a deficiency arising out of, the design, specifications, surveying, planning, supervision, observation of construction, or construction, repair, alteration, or remodeling of real property resulting from:

(a) Defective material, products, or components used in the construction or remodeling;

(b) A violation of the applicable codes in effect at the time of construction or remodeling which gives rise to a cause of action pursuant to s. 553.84;

(c) A failure of the design of real property to meet the applicable professional standards of care at the time of

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 2

governmental approval; or

(d) A failure to construct or remodel real property in accordance with accepted trade standards for good and workmanlike construction at the time of construction.

(5) "Contractor" means any person, as defined in s. 1.01, that is legally engaged in the business of designing, developing, constructing, manufacturing, repairing, or remodeling real property.

(6) "Design professional" means a person, as defined in s. 1.01, licensed in this state as an architect, interior designer, landscape architect, engineer, or surveyor.

(7) "Real property" or "property" means land that is improved and the improvements on such land, including fixtures, manufactured housing, or mobile homes and excluding public transportation projects.

(8) "Service" means delivery by certified mail, return receipt requested, to the last known address of the addressee.

(9) "Subcontractor" means a person, as defined in s. 1.01, who is a contractor who performs labor and supplies material on behalf of another contractor in the construction or remodeling of real property.

(10) "Supplier" means a person, as defined in s. 1.01, who provides only materials, equipment, or other supplies for the construction or remodeling of real property.

### 558.003. Action; compliance

A claimant may not file an action subject to this chapter without first complying with the requirements of this chapter. If a claimant files an action alleging a construction defect without first complying with the requirements of this chapter, on timely motion by a party to the action the court shall abate the action, without prejudice, and the action may not proceed until the claimant has complied with such requirements.

### 558.004. Notice and opportunity to repair

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 3

(1) In actions brought alleging a construction defect, the claimant shall, at least 60 days before filing any action, or at least 120 days before filing an action involving an association representing more than 20 parcels, serve written notice of claim on the contractor, subcontractor, supplier, or design professional, as applicable, which notice shall refer to this chapter. If the construction defect claim arises from work performed under a contract, the written notice of claim must be served on the person with whom the claimant contracted. The notice of claim must describe the claim in reasonable detail sufficient to determine the general nature of each alleged construction defect and a description of the damage or loss resulting from the defect, if known. The claimant shall endeavor to serve the notice of claim within 15 days after discovery of an alleged defect, but the failure to serve notice of claim within 15 days does not bar the filing of an action, subject to s. 558.003. This subsection does not preclude a claimant from filing an action sooner than 60 days, or 120 days as applicable, after service of written notice as expressly provided in subsection (6), subsection (7), or subsection (8).

(2) Within 30 days after receipt of the notice of claim, or within 50 days after receipt of the notice of claim involving an association representing more than 20 parcels, the person receiving the notice of claim under subsection (1) is entitled to perform a reasonable inspection of the property or of each unit subject to the claim to assess each alleged construction defect. An association's right to access property for either maintenance or repair includes the authority to grant access for the inspection. The claimant shall provide the person receiving the notice under subsection (1) and such person's contractors or agents reasonable access to the property during normal working hours to inspect the property to determine the nature and cause of each alleged construction defect and the nature and extent of any repairs or replacements necessary to remedy each defect. The person receiving notice under subsection (1) shall reasonably coordinate the timing and manner of any and all inspections with the claimant to minimize the number of inspections. The inspection may include destructive testing by mutual agreement under the following reasonable terms and conditions:

(a) If the person receiving notice under subsection (1) determines that destructive testing is necessary to determine the nature and cause of the alleged defects, such person shall notify the claimant in writing.

(b) The notice shall describe the destructive testing to be performed, the person selected to do the testing, the estimated anticipated damage and repairs to the property resulting from the testing, the estimated amount of time necessary for the testing and to complete the repairs, and the financial responsibility offered for covering the costs of repairs.

(c) If the claimant promptly objects to the person selected to perform the destructive testing, the person receiving notice under subsection (1) shall provide the claimant with a list of three qualified persons from which the claimant may select one such person to perform the testing. The person selected to perform the testing shall operate as an agent or subcontractor of the person receiving notice under subsection (1) and shall communicate with, submit any reports to and be solely responsible to the person receiving notice.

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 4

(d) The testing shall be done at a mutually agreeable time.

(e) The claimant or a representative of the claimant may be present to observe the destructive testing.

(f) The destructive testing shall not render the property uninhabitable.

In the event the claimant fails or refuses to agree to destructive testing, the claimant shall have no claim for damages which could have been avoided or mitigated had destructive testing been allowed when requested and had a feasible remedy been promptly implemented.

(3) Within 10 days after receipt of the notice of claim, or within 30 days after receipt of the notice of claim involving an association representing more than 20 parcels, the person receiving the notice under subsection (1) may forward a copy of the notice of claim to each contractor, subcontractor, supplier, or design professional whom it reasonably believes is responsible for each defect specified in the notice of claim and shall note the specific defect for which it believes the particular contractor, subcontractor, supplier, or design professional is responsible. Each such contractor, subcontractor, supplier, and design professional may inspect the property as provided in subsection (2).

(4) Within 15 days after receiving a copy of the notice of claim pursuant to subsection (3), or within 30 days after receipt of the copy of the notice of claim involving an association representing more than 20 parcels, the contractor, subcontractor, supplier, or design professional must serve a written response to the person who forwarded a copy of the notice of claim. The written response shall include a report, if any, of the scope of any inspection of the property, the findings and results of the inspection, a statement of whether the contractor, subcontractor, supplier, or design professional is willing to make repairs to the property or whether such claim is disputed, a description of any repairs they are willing to make to remedy the alleged construction defect, and a timetable for the completion of such repairs.

(5) Within 45 days after receiving the notice of claim, or within 75 days after receipt of a copy of the notice of claim involving an association representing more than 20 parcels, the person who received notice under subsection (1) must serve a written response to the claimant. The response shall be served to the attention of the person who signed the notice of claim, unless otherwise designated in the notice of claim. The written response must provide:

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

(a) A written offer to remedy the alleged construction defect at no cost to the claimant, a detailed description of the proposed repairs necessary to remedy the defect, and a timetable for the completion of such repairs;

(b) A written offer to compromise and settle the claim by monetary payment, that will not obligate the person's insurer, and a timetable for making payment;

(c) A written offer to compromise and settle the claim by a combination of repairs and monetary payment, that will not obligate the person's insurer, that includes a detailed description of the proposed repairs and a timetable for the completion of such repairs and making payment;

(d) A written statement that the person disputes the claim and will not remedy the defect or compromise and settle the claim; or

(e) A written statement that a monetary payment, including insurance proceeds, if any, will be determined by the person's insurer within 30 days after notification to the insurer by means of forwarding the claim, which notification shall occur at the same time the claimant is notified of this settlement option, which the claimant can accept or reject. A written statement under this paragraph may also include an offer under paragraph (c), but such offer shall be contingent upon the claimant also accepting the determination of the insurer whether to make any monetary payment in addition thereto. If the insurer for the person receiving the claim makes no response within the 30 days following notification, then the claimant shall be deemed to have met all conditions precedent to commencing an action.

(6) If the person receiving a notice of claim pursuant to subsection (1) disputes the claim and will neither remedy the defect nor compromise and settle the claim, or does not respond to the claimant's notice of claim within the time provided in subsection (5), the claimant may, without further notice, proceed with an action against that person for the claim described in the notice of claim. Nothing in this chapter shall be construed to preclude a partial settlement or compromise of the claim as agreed to by the parties and, in that event, the claimant may, without further notice, proceed with an action on the unresolved portions of the claim.

(7) A claimant who receives a timely settlement offer must accept or reject the offer by serving written notice of such acceptance or rejection on the person making the offer within 45 days after receiving the settlement offer. If a claimant initiates an action without first accepting or rejecting the offer, the court shall abate the action upon timely motion until the claimant complies with this subsection.

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

(8) If the claimant timely and properly accepts the offer to repair an alleged construction defect, the claimant shall provide the offeror and the offeror's agents reasonable access to the claimant's property during normal working hours to perform the repair by the agreed-upon timetable as stated in the offer. If the offeror does not make the payment or repair the defect within the agreed time and in the agreed manner, except for reasonable delays beyond the control of the offeror, including, but not limited to, weather conditions, delivery of materials, claimant's actions, or issuance of any required permits, the claimant may, without further notice, proceed with an action against the offeror based upon the claim in the notice of claim. If the offeror makes payment or repairs the defect within the agreed time and in the agreed manner, the claimant is barred from proceeding with an action for the claim described in the notice of claim or as otherwise provided in the accepted settlement offer.

(9) This section does not prohibit or limit the claimant from making any necessary emergency repairs to the property as are required to protect the health, safety, and welfare of the claimant. In addition, any offer or failure to offer pursuant to subsection (5) to remedy an alleged construction defect or to compromise and settle the claim by monetary payment does not constitute an admission of liability with respect to the defect and is not admissible in an action brought under this chapter.

(10) A claimant's mailing of the written notice of claim under subsection (1) tolls the applicable statute of limitations relating to any person covered by this chapter and any bond surety until the later of:

(a) Ninety days, or 120 days, as applicable, after receipt of the notice of claim pursuant to subsection (1); or

(b) Thirty days after the end of the repair period or payment period stated in the offer, if the claimant has accepted the offer. By stipulation of the parties, the period may be extended and the statute of limitations is tolled during the extension.

(11) The procedures in this chapter apply to each alleged construction defect. However, a claimant may include multiple defects in one notice of claim. The initial list of construction defects may be amended by the claimant to identify additional or new construction defects as they become known to the claimant. The court shall allow the action to proceed to trial only as to alleged construction defects that were noticed and for which the claimant has complied with this chapter and as to construction defects reasonably related to, or caused by, the construction defects previously noticed. Nothing in this subsection shall preclude subsequent or further actions.

(12) This chapter does not:

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 7

(a) Bar or limit any rights, including the right of specific performance to the extent such right would be available in the absence of this chapter, any causes of action, or any theories on which liability may be based, except as specifically provided in this chapter;

(b) Bar or limit any defense, or create any new defense, except as specifically provided in this chapter; or

(c) Create any new rights, causes of action, or theories on which liability may be based.

(13) Nothing in this section shall relieve the person receiving notice of claim under subsection (1) from complying with all contractual provisions of any liability insurance policy as a condition precedent to coverage for any claim under this section. However, notwithstanding the foregoing or any contractual provision, the providing of a copy of such notice to the person's insurer, if applicable, shall not constitute a claim for insurance purposes. Nothing in this section shall be construed to impair technical notice provisions or requirements of the liability policy or alter, amend, or change existing Florida law relating to rights between insureds and insurers except as otherwise specifically provided herein.

(14) To the extent that an arbitration clause in a contract for the sale, design, construction, or remodeling of real property conflicts with this section, this section shall control.

(15) Upon request, the claimant and the person receiving notice pursuant to subsection (1) shall have a mutual duty to exchange all available discoverable evidence relating to the construction defects, including, but not limited to, expert reports, photographs, information received pursuant to subsection (4), and videotapes, if any. In the event of subsequent litigation, any party who failed to provide such evidence shall be subject to such sanctions as the court may impose for a discovery violation. Expert reports exchanged between the parties may not be used in any subsequent litigation for any purpose, unless the expert, or a person affiliated with the expert, testifies as a witness or the report is used or relied upon by an expert who testifies on behalf of the party for whom the report was prepared.

### 558.005. Contract provisions; application

(1) Except as otherwise provided in subsections (3) and (4), the provisions of this chapter shall apply to every contract for the design, construction, or remodeling of real property entered into:

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

(a) Between July 1, 2004, and September 30, 2006, which contains the notice as set forth in paragraph (2)(a) and is conspicuously set forth in capitalized letters.

(b) On or after October 1, 2006, which contains the notice set forth in paragraph (2)(b) and is conspicuously set forth in capitalized letters.

(2)(a) The notice required by paragraph (1)(a) must be in substantially the following form:

CHAPTER 558 NOTICE OF CLAIM

CHAPTER 558, FLORIDA STATUTES, CONTAINS IMPORTANT REQUIREMENTS YOU MUST FOLLOW BEFORE YOU MAY BRING ANY LEGAL ACTION FOR AN ALLEGED CONSTRUCTION DEFECT IN YOUR HOME. SIXTY DAYS BEFORE YOU BRING ANY LEGAL ACTION, YOU MUST DELIVER TO THE OTHER PARTY TO THIS CONTRACT A WRITTEN NOTICE, REFERRING TO CHAPTER 558, OF ANY CONSTRUCTION CONDITIONS YOU ALLEGE ARE DEFECTIVE AND PROVIDE SUCH PERSON THE OPPORTUNITY TO INSPECT THE ALLEGED CONSTRUCTION DEFECTS AND TO CONSIDER MAKING AN OFFER TO REPAIR OR PAY FOR THE ALLEGED CONSTRUCTION DEFECTS. YOU ARE NOT OBLIGATED TO ACCEPT ANY OFFER WHICH MAY BE MADE. THERE ARE STRICT DEADLINES AND PROCEDURES UNDER THIS FLORIDA LAW WHICH MUST BE MET AND FOLLOWED TO PROTECT YOUR INTERESTS.

(b) The notice required by paragraph (1)(b) must expressly cite this chapter and be in substantially the following form:

CHAPTER 558 NOTICE OF CLAIM

CHAPTER 558, FLORIDA STATUTES, CONTAINS IMPORTANT REQUIREMENTS YOU MUST FOLLOW BEFORE YOU MAY BRING ANY LEGAL ACTION FOR AN ALLEGED CONSTRUCTION DEFECT. SIXTY DAYS BEFORE YOU BRING ANY LEGAL ACTION, YOU MUST DELIVER TO THE OTHER PARTY TO THIS CONTRACT A WRITTEN NOTICE, REFERRING TO CHAPTER 558, OF ANY CONSTRUCTION CONDITIONS YOU ALLEGE ARE DEFECTIVE AND PROVIDE SUCH PERSON THE OPPORTUNITY TO INSPECT THE ALLEGED CONSTRUCTION DEFECTS AND TO CONSIDER MAKING AN OFFER TO REPAIR OR PAY FOR THE ALLEGED CONSTRUCTION DEFECTS. YOU ARE NOT OBLIGATED TO ACCEPT ANY OFFER WHICH MAY BE MADE. THERE ARE STRICT DEADLINES AND PROCEDURES UNDER THIS FLORIDA LAW WHICH MUST BE MET AND FOLLOWED TO PROTECT YOUR INTERESTS.

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

(3) After receipt of the initial notice of claim, a claimant and the person receiving notice under s. 558.004(1) may, by written mutual agreement, alter the procedure for the notice of claim process described in this chapter.

(4) This chapter applies to all actions accruing on or after July 1, 2004, and all actions commenced on or after such date, regardless of the date of sale, issuance of a certificate of occupancy or its equivalent, or substantial completion of the construction. Notwithstanding the notice requirements of this section for contracts entered into between July 1, 2004, and September 30, 2006, this chapter applies to all actions accruing before July 1, 2004, but not yet commenced as of July 1, 2004, and failure to include such notice requirements in a contract entered into prior to July 1, 2004, does not operate to bar the procedures of this chapter from applying to all such actions. Notwithstanding the notice requirements of this section for contracts entered into on or after October 1, 2006, this chapter applies to all actions accruing before July 1, 2004, but not yet commenced as of July 1, 2004, and failure to include such notice requirements in a contract entered into before July 1, 2004, does not operate to bar the procedures of this chapter from applying to all such actions.

### 558.001. Legislative findings and declaration

The Legislature finds that it is beneficial to have an alternative method to resolve construction disputes that would reduce the need for litigation as well as protect the rights of property owners. An effective alternative dispute resolution mechanism in certain construction defect matters should involve the claimant filing a notice of claim with the contractor, subcontractor, supplier, or design professional that the claimant asserts is responsible for the defect, and should provide the contractor, subcontractor, supplier, or design professional with an opportunity to resolve the claim without resort to further legal process.

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.