**EXHIBIT F**

**TO**

**RESPONSE OF PLAINTIFFS' STEERING COMMITTEE TO BENCH
MEMORANDUM OF CERTAIN DEFENDANTS
REGARDING CHAPTER 558, FLORIDA STATUTES**

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR DADE COUNTY, FLORIDA

Case No. 09-08401.

JASON HARRELL and MELISSA HARRELL

    Plaintiffs,

vs.

SOUTH KENDALL CONSTRUCTION CORP.,
et al

    Defendants.
_____/

**CERTIFIED COPY**

Dade County Courthouse
73 West Flagler Street
Miami, Florida
July 1, 2009

The above-entitled cause came on for hearing before the Honorable Gill S. Freeman, Circuit Judge, pursuant to notice.

```
 1
 2  APPEARANCES:
 3  PODHURST, ORSECK
    25 W. Flagler Street
 4  Miami, Florida
    By Victor M. Diaz, Esquire
 5  Appearing on behalf of the Plaintiffs
 6  ADORNO & YOSS
    350 East Las Olas Blvd Suite 1700
 7  Ft. Lauderdale, Florida
    By Jan Douglas Atlas, Esquire
 8  Appearing on behalf of Banner Supply
 9  SCHWARTZ & HOROWITZ
    6751 North Federal Highway
10  Ft. Lauderdale, Florida
    By Steven Schwartz, Esquire
11  Appearing on behalf of South Kendall Construction
    and Palm Isles Holdings
12
    KIERAN P. FALLON, PA
13  436 SW 8th Street, Suite 200
    Miami, Florida
14  By Kieran Fallon, Esquire
    Appearing on behalf of Keyes Gate Realty Inc.
15
16
17
18
19
20
21
22
23
24
25
```

1        (Thereupon the following proceedings were
2        had.)
3
4
5        THE COURT:  Harrell versus South Kendall
6   Construction et al and we're here on the Motion
7   to Dismiss or in the Alternative to Abate.
8        Are we ready to proceed?
9        MR. ATLAS:  Yes, Your Honor.
10       THE COURT:  Can we have appearances please?
11       MR. ATLAS:  Jan Atlas from Adorno and Yoss
12  on behalf of Banner Supply.
13       May I add before I -- I do have a letter to
14  submit to the Court representing the contributions
15  to the Sylvester Cancer Center --
16       THE COURT:  Okay.
17       MR. SCHWARTZ:  Your Honor do you prefer me
18  on the left or here?
19       THE COURT:  No, I prefer you to first make
20  an appearance of record.
21       MR. SCHWARTZ:  Steve Schwartz for South
22  Kendall Construction and Palm Isles Holdings.
23       THE COURT:  Okay.  Is there anyone else
24  here who's motion will be heard?
25       MR. FALLON:  Yes, Your Honor, Kieran Fallon

```
 1   on behalf of Keyes Gate Realty, but due to the
 2   identity of the issues, Mr. Schwartz is going to
 3   handle it.
 4        THE COURT:  Okay.
 5        MR. SCHWARTZ:  Judge, I did have one
 6   housekeeping matter.  I'm sure it was
 7   inadvertent.
 8        In the case management order that we all just
 9   got from Your Honor, there was a typo on page 3.
10        The deadline for our mediation was supposed
11   to be October of 2009, it says 2010.
12        I know the deadline for us to tell you the
13   mediation date is still in August, so I don't know
14   if Your Honor wants to just correct her copy.  We
15   all know it was a typo.
16        THE COURT:  Okay.  I'll do that.
17        MR. SCHWARTZ:  May I approach Your Honor?
18        THE COURT:  You may.
19        MR. SCHWARTZ:  I am handing to the Court a
20   copy of the contract that is the core of my
21   argument.  I realize you may have multiple
22   versions of it.  It's attached to the amended
23   complaint and it's attached to several motions.
24        On behalf of the builder and some of the
25   other interested parties, let me see if I can
```

1   briefly outline some of the overview of the case
2   and then get to the meat of the motion.
3       THE COURT: If it's of any help to you, I
4   read the motion.
5       MR. SCHWARTZ: Very well.
6       We'll dealing here obviously with a product
7   liability suit involving Chinese drywall.
8       The suit is against the builder of the homes,
9   the drywall supplier for the properties, a realty
10  company that actually is the listing broker, as
11  well as the manufacturer and the importer of the
12  drywall products.
13      THE COURT: No.
14      MR. SCHWARTZ: In the Amended Complaint
15  they've been added.
16      THE COURT: They were deleted.
17      MR. SCHWARTZ: For purposes of this
18  argument it's irrelevant.
19      I am not sure I read the pleadings the same
20  way when I saw the Amended Complaint, because they
21  were not in the original Compliant. They are
22  listed in the caption of the Amended Complaint.
23      THE COURT: Don't you have a motion
24  complaining that they dropped them and is a bad
25  faith effort to avoid removal to Federal Court?

1        MR. SCHWARTZ:  That's irrelevant for my
2    purposes because I'm a Florida State entity.
3        Let me turn to the merits of the issue.
4        Regardless of whether Knauff and Rothchilt
5    are in the case or not, our motion is on behalf of
6    the builder, on behalf of the holding company that
7    built the homes and the real estate company that
8    sold them.
9        Let me briefly tell you about the
10   development.
11       Palm Isles is in Homestead.  We are only
12   dealing with 92 homes.  There were a total of 96
13   built, four were build for spec.
14       There are 92 home owners in the various
15   homes.
16       For brief general information these homes
17   were built between late 2005 and 2006.  The
18   drywall was installed between January and June
19   2006.
20       Most of these homes were purchased in 2006
21   and 2007.
22       The Harrell's who are the lead Plaintiffs in
23   this case, who are not yet out of class
24   certification issues, so just for these purposes,
25   the Harrell's they bought their home in February

1   2008.   Their drywall happened to have been
2   installed in May 2006.   And for general terms
3   their house was a 2600 square foot house, four
4   bedroom, three and a half bath.
5       Many of the homeowners in this development
6   allowed an inspection of their homes by the
7   builder.   The Harrell's attorney refused.
8       This suit was filed without prior notice of
9   these builder complaints and obviously without any
10  opportunity to cure.
11      There was no mediation requested before this
12  suit was file.
13      THE COURT:   You didn't raise that in your
14  motion did you?
15      MR. SCHWARTZ:   Yes, I did.
16      There was no arbitration requested.
17      THE COURT:   Let me ask you a question2.
18      MR. SCHWARTZ:   Sure.
19      THE COURT:   The complaint alleges that they
20  gave notice.
21      MR. SCHWARTZ:   And here is the problem with
22  the allegation.
23      First of all it's a false allegation because
24  it has no documents attached to it.   So there is a
25  violation of Rule 1.130.

1  More to the point, not only is there an
2  allegation in the Amended Complaint that is
3  nowhere demonstrated by a single shred of record
4  evidence -- and keep in mind the contract
5  requirement, let alone the Florida statute 558,
6  this notice and opportunity to cure and inspection
7  right, these are all conditions precedent to the
8  filing of any lawsuit.
9  So it's a condition precedent --
10  THE COURT: What happens when you don't
11  adequately give the notice that's required by
12  the statute by failing to reference the statute?
13  MR. SCHWARTZ: You know whether or not --
14  THE COURT: It's a specific requirement.
15  MR. SCHWARTZ: You mean whether or not the
16  statute itself is quoted in the contract to sell
17  the house?
18  THE COURT: It says--
19  MR. SCHWARTZ: The statute says that as of
20  04 the statute governs all homes built in
21  Florida.
22  More to the point --
23  THE COURT: Yeah, but the statute
24  specifically defines a requirement as to
25  specific language that must be in the contract,

|   |   |
|---|---|
| 1 | which specifically is not in the contract. |
| 2 | MR. SCHWARTZ:  Actually there is near |
| 3 | verbatim language in this contract, whether it |
| 4 | sites 558 or not.  My argument is-- |
| 5 | THE COURT:  But it specifically says that |
| 6 | the paragraph must be in substantially the |
| 7 | following form, except that for the notice |
| 8 | required by paragraph 1D, must, expressly site |
| 9 | this chapter and read the substantially the |
| 10 | following. |
| 11 | MR. SCHWARTZ:  And I have filed a motion on |
| 12 | two alternate theories.  I say 555 governs any |
| 13 | home built in Florida after '04, whether the |
| 14 | language is verbatim quoted in the contract or |
| 15 | not. |
| 16 | More to the point, in the contract upon which |
| 17 | the Harrell's rely in their lawsuit, they attach |
| 18 | it as an exhibit, the substantially identical |
| 19 | language of notice of home built defects, the |
| 20 | opportunity to cure the conditions precedent to a |
| 21 | civil lawsuit are all in the contract and they are |
| 22 | in capital letters. |
| 23 | There is a very detailed process of requiring |
| 24 | an inspection, requiring the type of alternate |
| 25 | dispute mechanism in the contract, which is a |

1  substantial identity with 558.
2      But here is what is interesting about the
3  complaint. The Amended Complaint says in
4  paragraph 21, that we gave him notice and we gave
5  him notice on certain dates.
6      Then counsel submits to the court a Reply
7  Memorandum several weeks ago, that has totally
8  different e-mails attached to it.
9      The Complaint says they gave us notice in
10 February 2009. There are no exhibits attached to
11 the Complaint to establish that condition
12 precedent notice. The notice is required either
13 under the contract, if it's signed, or under the
14 statute; if not both.
15     The Complaint has no exhibits. What the
16 Court was provided as their proof of notice,
17 contradicts the Complaint.
18     There is no record evidence of any notice
19 ever provided, there is no record evidence of a
20 request for a good faith mediation, which the real
21 estate contract requires between the homeowner and
22 the builder.
23     The legislature has adopted an alternate
24 dispute resolution mechanism with this exact type
25 of claim.

1     The contract required mediation.  They never
2  asked for it, they never gave us notice.  We have
3  yet to inspect the Harrell's house.
4     Now, the contract in paragraph 14 has very
5  clear notice of opportunity to cure provisions I
6  have tabbed that page for Your Honor.
7     Equally important, paragraph 19 spells out
8  over two and a half pages, a mediation arbitration
9  requirement.
10     So let's leave aside the 558 notice
11  opportunity to cure.  Let's somehow ignore for the
12  moment that the contract, irrespective of the
13  statute, mandated proper notice as a condition
14  precedent to the suit and a 90 day clock that
15  doesn't start to run until we get the notice.
16     Paragraph 19 says that we shouldn't be
17  standing before you at all.  No case was presented
18  to Your Honor that somehow suggests that you
19  should ignore the arbitration clause in our
20  contract.
21     No case was presented to you that somehow
22  suggests that the arbitration clause is ambiguous.
23     It is clear on it's face.  The only thing it
24  says that gives the Plaintiff any possible comfort
25  is that for certain types of disputes that may not

1  be subject to arbitration, but then you would be
2  here in a Miami State Court.
3      But those types of claims, based on Florida
4  Supreme Court logic on down, are tort claims.
5      The counsel for Plaintiff went out of his way
6  at our last hearing to announce for all time that
7  there are no personal injury claims in this case.
8  There are strictly product liability property
9  damage claims.
10     THE COURT:  Okay.
11     MR. SCHWARTZ:  That's why they are governed
12 by our arbitration clause.
13     The arbitration clause if valid.  The
14 arbitration clause governs the exact causes of
15 action presented because they sued for negligence,
16 breach of warranty, strict liability.  The
17 arbitration clause has not been complied with in
18 this case.
19     We are entitled to one of two things in the
20 case.  A dismissal of the case because of the
21 arbitration clause, or at bare minimum since the
22 arbitration clause dove tails with the mediation
23 and notice provisions in the contract, we are
24 entitled to an abatement to at least start the
25 inspection clock to find out what is wrong with

1  the home, what are the damages being claimed.  To
2  At least come up with some type of action on
3  behalf of the defense and then further sort out,
4  do we belong in your court for purposes of an
5  inability to resolve the case through mediation,
6  which is required by the contract.
7       We submit, at least on behalf of South
8  Kendall, as to Palm Isle's, as to Keyes Gate,
9  because these are the three entities that are
10 within the concept of the contract privity between
11 the Plaintiff and the defense.
12      At least as to those parties, this Court has
13 no jurisdiction and this Court should enforce the
14 arbitration clause.
15      I don't want to steal the thunder of my
16 colleagues for other defendant's, they may or may
17 not have an arbitration type argument.  I know
18 they had a similar 558 type argument.
19      We have an arbitration clause.  They should
20 not be suing a builder under this contract.
21      The document submitted by counsel first of
22 all are not of record, but the documents submitted
23 by counsel, his Reply Brief, the e-mails, are
24 dated in July of 2008.  They are not in February
25 of 2009 as he contends in his pleading.

1 We see nothing in the pleadings that
2 established that prior notice was given. There is
3 nothing in the pleadings that somehow creates a
4 waiver of the arbitration clause --
5 THE COURT: There is an allegation that
6 they gave notice.
7 MR. SCHWARTZ: But if they are relying on
8 the notice, they have to attach it to the
9 document, they have to attach it to the
10 Complaint.
11 Rule 1.130 can't be any more clear--
12 THE COURT: I'm not sure.
13 MR. SCHWARTZ: Sorry?
14 All right. If you have a contract that says
15 there is a condition precedent to being in the
16 courtroom, and that there is a clock built in of a
17 60 day notice and a 90 day cure, and you're going
18 to say in your pleading "we gave you that notice
19 and you refused or waived the right to inspect and
20 somehow waived your own arbitration clause, they
21 should attach those as exhibits to the Complaint
22 and say in a letter from my client, we don't need
23 to inspect your house, we waive the arbitration
24 clause, we are waiving mediation, we're going to
25 simply sue us.

```
 1              They don't have those types of exhibits.
 2              I'm suggesting to the Court that for the
 3       purposes of where we are today, the Court should
 4       abate this action.  Certainly as to South Kendall,
 5       Palm Isles and Keyes Gate.
 6              The Court should enforce the arbitration
 7       clause.
 8              There is nothing in the pleadings that
 9       somehow gets around those contract provisions.
10              Even if the contract is signed by the
11       parties, does not properly quote 558 as a
12       statutory precedent because the contract on its'
13       own should be enforced.
14              This Court is not in a position to rewrite
15       the contract between the parties.
16              THE COURT:  Okay.
17              MR. ATLAS:  Your Honor, I believe it would
18       be appropriate on behalf of Banner to make our
19       argument at this point also in support of the
20       Motion to Abate.
21              THE COURT:  Why?
22              MR. ATLAS:  Because I'm really going to
23       address a number of the issues before the
24       Plaintiff responds, but I will defer to whatever
25       you want.
```

1   THE COURT:  I think I would like a response
2   to the motion.
3   MR. ATLAS:  Okay.
4   MR. DIAZ:  Good afternoon Your Honor Diaz
5   and Mark Blumstein my co-counsel of the
6   Blumstein law firm for the Plaintiff Jason and
7   Melissa Harrell and Mr. Harrell is present.
8   Judge, I assume that the motion that we are
9   hearing now is South Kendall's Motion to Dismiss
10  or Abate, although in this argument counsel seemed
11  to mesh the motions all together.
12  The allegations of the Complaint as Your
13  Honor has honed in and I expect you have read the
14  response so I'm going to get to the heart of it.
15  The allegations of the Complaint are very
16  clear.  This lawsuit was initiated on February
17  3rd, 2009 and although the Harrell's had already
18  provided their builder on notice by e-mail of the
19  defects in their home and the problems they were
20  having with the sulfer smell in their home, we
21  simultaneously filed the required notices and
22  served them on the Defendants.  That is alleged,
23  as you correctly pointed out, in paragraph 21 of
24  the Amended Complaint.
25  So, counsel's preparatory remarks, although

1  are appreciated and informational because i
2  learned something about this community that I did
3  not know, go outside, as most of his argument
4  does, goes outside the four corners of the
5  Compliant.
6      We start off with the fact that the Complaint
7  was filed February 3rd, 2009, the Defendant South
8  Kendall responded on March 18th.  They were
9  provided notice on February 3rd by letter.
10     The 60 day period --
11     THE COURT:  All right.  So they were put on
12 notice by the - do you have the letter?  Why
13 isn't it attached to the Complaint?
14     MR. DIAZ:  It's not required to be attached
15 to the Compliant Judge.  The only document you
16 have to attach to a complaint under Florida - is
17 the contract.  The contract is attached.
18     You don't have to document, under your
19 complaint under the notice pleading requirements
20 of the Rules of Civil Procedure, every allegation
21 you make in a Complaint.
22     We could have just said, all conditions
23 precedent to the contract have been satisfied.
24 The fact that we went further and specified the
25 particular dates on which notice was provided,

1  does not - should not be held to penalize the
2  Plaintiff in this instant.
3      Now, even further, there is a common sense
4  argument, which is they responded on March 18th.
5  They don't deny that they got the notice on
6  February 3rd.  They can't deny under the contract
7  that they are seeking to enforce, the 60 day
8  period expired on May 18, 2009.  Here we are in
9  July and they still have never responded to the
10 letter, they still have made no effort to comply
11 with the terms of the contract.
12     Therefore, to the extent that you even find
13 that that provision, going outside the four
14 corners of the Complaint, had not been complied
15 with, the time for them to comply has expired and
16 it's a moot issue.
17     It's just a procedural tool they are trying
18 to --
19     THE COURT:  All right.  In terms of
20 arbitration and mediation.
21     MR. DIAZ:  Do you want me to address 558
22 because you know because you know the notice is
23 defective, you pointed it out yourself.
24     The statute expressly states, you have to
25 site to the statute.  You must expressly refer the

1  consumer to the statute and if you do not
2  expressly refer the consumer to the statute you
3  waive your rights under this statutory provision.
4       They don't even attempt to tell you that they
5  complied.  So that's the 558 argument and that
6  disposes of their motion to abate with respect to
7  Banner and Keyes Gate also.
8       Now, with respect to the mediation argument.
9  It's very interesting that counsel points you to
10 the contract.
11      I'd like you to spend some time with me
12 looking at that contract because the reference to
13 the mediation procedure that they are talking
14 about in this particular case; do you have it in
15 front of you Judge?
16      THE COURT:  I do.
17      MR. DIAZ:  Okay.  This is the contract they
18 give the consumer.  It is the venue provision.
19      He is seeking to enforce mediation language
20 that it is a venue provision of this contract.
21      He does not tell you Your Honor that in the
22 same proceeding paragraph, paragraph 18,
23 resolution of the dispute is where one would
24 normally go about a dispute that you had with your
25 building with respect to a defect in your home.