1       That provision does not refer to mediation.
2  It specifically refers to the fact that "the
3  claims will be resolved in a Court of law and that
4  the jurisdiction will be in the State of Florida."
5       Not only does it do it there, it does it in
6  paragraph 16.  Where the disclaimer of the implied
7  warranties is found in this contract, it also
8  refers to a Court of law.
9       So the threshold argument is that this
10 contract has inconsistent provisions with respect
11 to whether or not mediation is the appropriate or
12 exclusive vehicle for the resolution of the
13 dispute or a condition precedent to the bringing
14 of the claims.
15      In fact, in the paragraphs that covers
16 resolution of disputes, the contract specifically
17 states that it is the jurisdiction of this Court,
18 not a mediator, to resolve the disputes arising
19 out of this purchase of the home.
20      Now in his argument counsel makes the
21 suggestion that that provision is limited only to
22 contract claims and not tort claims that have been
23 asserted by Plaintiff in this litigation.  It says
24 contract or tort.
25      So to the extent that they are trying to

1    rewrite the contract you're right, you shouldn't.
2    They wrote it and they are trying to rewrite it in
3    their argument or inadvertently misconstrue it.
4         As if that were not enough Your Honor,
5    Florida law is clear that where there is ambiguity
6    in the contract, as in the case we find here,
7    where there are inconsistencies and provisions, it
8    has to be construed against the person who drafted
9    and who drafted it, the very entity, South Kendall
10   Construction.  They drafted this contract, not the
11   Harrells.
12        They are the ones that put in the
13   inconsistent and ambiguous provisions.
14        I would like to site to Your Honor, I know
15   you know the law but, I am going to give you just
16   a few situations.  The first one being a
17   controlling decision on this point, the American
18   Agronomics Corporation versus Ross, which in
19   headnote one and two on the second page of the
20   opinion says "A fundamental and frequently applied
21   general rule of construction is where the language
22   of a contract is ambiguous or doubtful, it should
23   be construed against the party who drew the
24   contract and chose the wording".
25        There is further support of the in the Third

1    District opinion of Hancock versus Brummer Cohen.
2    At the third page of the decision headnote one, it
3    says "It is well settled law that where the
4    language of a contract is ambiguous or doubtful,
5    the contract should be construed in a light more
6    favorable to the non drafting party" and siting a
7    whole long line of District Court and Florida
8    Supreme Court decisions on this.
9        Lastly, and I don't want to overkill this
10   point, but I think it's an important issue, the
11   Third District decision of McEnyre versus Green
12   Full Service, Inc., where the Court dealing with
13   the same thing, two conflicting provisions in the
14   contract.  It says "Where the contract should be
15   read as ambiguous, two additional principals for
16   the interpretation of contract support the
17   conclusion we have reached.  In cases of doubt as
18   to the meaning, the parties intended by contract
19   language, the language will narrowly be
20   interpreted in a light less favorable to the party
21   drawing the contract."
22       Which it is indisputable in this case, the
23   party that drafted the contract is the moving
24   party here, South Kendall.
25       So, it's very simple Judge.  They are trying

```
 1    to rely on a provision in paragraph 19, even
 2    though there are conflicting provisions in
 3    paragraph 18 and 16 of the contract.
 4         They misstate and misconstrue or
 5    mischaracterize the language of paragraph 18,
 6    which is the resolution of dispute to try to limit
 7    it to just contract actions, when it explicitly
 8    says contract or tort.
 9         For all those reasons Judge, it's pretty
10    clear that the Motion to Dismiss and or Abate that
11    has been filed by South Kendall should be denied.
12         THE COURT:  It looks like there is a waiver
13    or jury in eighteen.
14         MR. SCHWARTZ:  Nineteen Your Honor.
15    Eighteen as well as nineteen.
16         In the order of things, do you want me to
17    respond now?
18         THE COURT:  Yes.
19         MR. SCHWARTZ:  Very well.  First of all, I
20    just heard counsel say that he sent certified
21    notices on February 3 and February 4, 2009.
22    Where are they?  I have never seen them.
23         I was appointed by an insurance company and I
24    think I have the whole file.  I would like to see
25    them.  If counsel says he doesn't have to attach
```

1  them and the contract says on it's face that there
2  is a condition precedent before you can be in this
3  courtroom and counsel in his own paragraph 21
4  concedes that section 558 controls this case -
5  because he says "pursuant to section 558 we gave
6  you the notice".
7      So he says, I'm attaching the contract, you
8  may not have referred to the statute, but I
9  followed the statute by giving you the notice,
10 where is it?
11     THE COURT:  Maybe we need to have an
12 evidentiary hearing.
13     MR. SCHWARTZ:  I think we may have to if he
14 is suggesting that there is some record evidence
15 that he met the conditions precedent, even under
16 the statute he's traveling under in paragraph
17 21, or under the contract that he's suing under,
18 and there are page after page for requirements
19 of these notices, I want to see the notices and
20 I want to see the opportunity that he gave us to
21 inspect the houses.
22     We are entitled to come into the home and see
23 what we got.
24     THE COURT:  All right.  You got a notice in
25 July, an e-mail -

1    MR. SCHWARTZ:  If Your Honor reads those
2    e-mails there is a general comment about some
3    odor in one bathroom of the house.  The rest of
4    the e-mail is about touch up paint.  It's about
5    an air conditioning cooling problem.
6        If he's saying that that is our notice that
7    we have a Chinese drywall defect that is
8    generating this class action suit, I submit the
9    notice doesn't miss the particularity
10   requirements, either of the statute or of the
11   contract.
12       There is no evidence.  We never got notice of
13   a Chinese drywall defect problem.  I note in
14   paragraph 21 of the Amended Complaint that counsel
15   says they gave that type of notice to Banner, and
16   I'm not here to speak for Banner.
17       South Kendall did not get the notices - at
18   least that I'm aware of - that are supposedly
19   dated by certified mail of February 3 and 4 of
20   2009.
21       Again, the e-mails that counsel gave you to
22   prove the notice are not February 3 and 4 of 2009,
23   they are in 2008.  So they can't possibly be what
24   he's talking about in his Complaint.
25       So it's not simply that he should have

| | |
|---|---|
| 1 | attached them as a condition precedent, his own |
| 2 | argument is internally inconsistent. |
| 3 | Here's what's not inconsistent; the |
| 4 | arbitration clause in the contract. |
| 5 | Out of an abundance of precaution, this home |
| 6 | builder put into the contract, some provision that |
| 7 | deals with a venue clause in the even that certain |
| 8 | causes of action are subject to civil litigation. |
| 9 | But they spent two full pages explaining the |
| 10 | arbitration provision. |
| 11 | THE COURT: They are initialed at the |
| 12 | bottom. |
| 13 | MR. SCHWARTZ: Of both parties. |
| 14 | So the buyers, in buying this home, were not |
| 15 | only explained the arbitration clause, they |
| 16 | initialed the paragraphs that waived a jury trial, |
| 17 | if it's civil litigation -- which by the way there |
| 18 | is an issue there -- but said that you have to |
| 19 | submit to good faith mediation and then |
| 20 | arbitration. |
| 21 | The clause says by the way "binding |
| 22 | arbitration." |
| 23 | South Kendall is prepared to go to binding |
| 24 | arbitration when they get proper notice, an |
| 25 | opportunity to inspect the house and determine |

```
 1        what's involved to fix it.
 2              THE COURT:  All right.
 3              Has there ever been a request to inspect the
 4        house?
 5              MR. SCHWARTZ:  Yes and it was denied by
 6        counsel.
 7              I didn't bring those letters to you because
 8        they were generated, as I recall, by my own office
 9        after we got the lawsuit.  We asked to inspect the
10        house.
11              Other homeowners by the way, in this
12        community, allowed us to inspect the homes.  But,
13        not the Harrell's through their counsel.
14              Now, I don't want to speak for Mr. Diaz, I'm
15        not sure he authored the letter rejecting our
16        request, I think it was his co-counsel.
17              We asked to inspect the house because we were
18        filing a motion to abate this case because we
19        weren't giving that opportunity.
20              We were refused that opportunity.
21              This is one of the homes we have yet ot
22        inspect.  We have looked at some others.
23              We ask that this case be abated.  I don't
24        think you need an evidentiary hearing to enforce
25        the arbitration clause.  Counsel has no argument
```

1  to suggest that somehow you should drop it out of
2  the contract.
3       It's not ambiguous. It's not ambiguous at
4  all.
5       The Court should favor arbitration because in
6  this particular instance, you would get this
7  particular body of cases out of this court system.
8       It belongs in an arbitration, at lease as to
9  the builder.
10      MR. DIAZ: Your Honor, would you like me to
11 respond?
12      THE COURT: Sure.
13      MR. DIAZ: First Judge, I'm sorry that
14 counsel doesn't have it, but the letter - and
15 I'm not required to attach it - there is no case
16 law suggesting that I'm required to attach it.
17      The general notice per the requirements of
18 the Florida Rules of Civil Procedure are directed
19 and opposite to it. But just so that he knows,
20 and I will be happy to give him copies, it was
21 sent on February 3rd, 2009 to the registered agent
22 Kieran Fallon, Esquire, 436 SW 8th Street, suite
23 200, for South Kendall and Palm Isles Holding and
24 to Banner Supply Company care of Arthur Landers
25 their registered agent.

1    So in both instances we complied.

2    We complied with the statute Judge, and in an
3    abundance of caution, even though it is very clear
4    and Your Honor already knows it by the questions
5    you have asked, that the language in this contract
6    does not comply with the specific requirements of
7    statute 558.

8    So it is very - we complied.  Notwithstanding
9    the fact that we retained our right to argue that
10   558 is not applicable to this case because there
11   was not strict compliance with the requirement of
12   the Florida Statute --

13   THE COURT:  The statute doesn't necessarily
14   say that.

15   MR. DIAZ:  Yes, it does Your Honor.

16   THE COURT:  It says that they have to
17   record it but --

18   MR. DIAZ:  Expressly site to.  Here is a
19   copy of it so you have the statute in front of
20   yo.

21   THE COURT:  I have the statute right here.

22   MR. DIAZ:  As you correctly pointed out at
23   subsection B, it says the notice required by
24   paragraph 1B, "must expressly site this
25   chapter".  Nowhere in the language --

Harrell v. South Kendall 7/1/2009

30

1 THE COURT: If it doesn't say that I get to
2 ignore it if it's not specifically stated.
3 MR. DIAZ: Judge, if there is a requirement
4 in a statute which has to be enforced and
5 narrowly construed by Your Honor that you must
6 expressly site the Chapter. That's the change
7 in the law because the statute was amended in
8 2006.
9 The legislature before that said, you have to
10 have a notice of substantial compliance with this
11 language. You don't have to track this specific
12 language.
13 Then they amended it in 2006 and said for
14 homes after October 1st, 2006, you must expressly
15 site to this chapter. Which means they have to
16 site to 558 so that the consumer knows exactly.
17 That was a requirement, a decision of the
18 legislature because there were a lot of abuses of
19 general language and builders were trying to take
20 advantage of the substantial compliance
21 requirements.
22 They said that at least with respect to the
23 language, you have to point the consumer to the
24 specific Florida statute section that you are
25 seeking to enforce against them. They didn't do

1  it.

2  More importantly Judge, the well settled body
3  of law is where there is any ambiguity in the
4  contract, you enforce it against them. They had
5  the opportunity had they wanted to, to correct
6  this contract.

7  The fact is they probably had an old contract
8  that they had been using before the statute was
9  amended. They probably didn't know that the
10 statute had been amended to include a requirement
11 that you expressly site to the chapter.

12 But the Florida legislature made that
13 decision and with all due respect I believe Your
14 Honor should respect the decision of the
15 legislature and the policy and the requirements of
16 the statute that requires them to site to the
17 Chapter.

18 Now, with respect to the mediation clause,
19 Judge, yes they initialed it. I saw that. But
20 the law is as you interpret it. You have to
21 decide if the contract is contradictory or
22 ambiguous.

23 At the very contract where they have that
24 mediation clause, under a "venue" provision.
25 That's where they put mediation.

Harrell v. South Kendall                    7/1/2009

32

1            In a resolution of a dispute provision of the
2       contract, they say that a Court of law shall
3       decide all tort claims or contract claims arising.
4       So there is contradictory language in this
5       agreement.
6            In the --
7            THE COURT:  Why is when you read it, which
8       extensively they were required to do, because
9       they initialed it, why is it not clear?
10           MR. DIAZ:  It doesn't matter.
11           What's not clear is the preceding paragraph
12      is contradictory.
13           In one paragraph it says that you can go to a
14      court of law and you can enforce all of your
15      rights under the contract or tort.  In the
16      paragraph preceding that, paragraph 16, where we
17      talked about the waiver of implied warranties,
18      there is a specific provision again to the
19      jurisdiction of a court of law to resolve the
20      dispute.
21           Then there is a conflicting provision
22      regarding mediation.
23           Judge, this comes up all the time in
24      interpretation of contracts.  That's why there is
25      well settled case law in this State and in this

DOWNTOWN REPORTING
(954) 522-3376

1   country.
2       THE COURT: Certainly there is no question
3   then that whomever drafts the contract gets --
4       MR. DIAZ: So if it's a close call -- no
5   question about it.
6       THE COURT: Now with regard to arbitration,
7   generally speaking the law is that there is a
8   policy in favor. So you're going to have to
9   balance.
10      MR. DIAZ: First of all, with respect to
11  that, the policy in favor of mediation and the
12  argument, which I will be happy to rebut with
13  case law, is not made in their motion, it's made
14  in their oral argument.
15      They do raise the issue about the mediation
16  clause but they are not suggesting that the
17  ambiguity in the contract and the well settled law
18  that says any ambiguity in the interpretation of a
19  contract should be interpreted against the
20  drafter, that's undisputed Judge, they drafted it.
21      They could have had a consistent contract.
22  They didn't have to have contradictory provisions.
23  They are the ones that drafted it and where there
24  is an ambiguity or where a contract is susceptible
25  to more than one reading, which is the case here,

1    the law is well settled that you interpret it
2    against them.  Not the Harrell's.
3         What they are asking you to do is in this
4    case, interpret one paragraph against the
5    Harrell's and not interpret against them the
6    preceding two paragraphs which they drafted and
7    which said that you have jurisdiction to hear this
8    case.
9         It would stand well settled Florida law on
10   it's head to say, well the Harrell's you should
11   have known that you were going to be bound by 18
12   and ignored the fact that they told you something
13   different and known that you were going to be
14   bound by the language in paragraph 19 and ignore
15   the fact that they told you something entirely
16   different in paragraph 18 and paragraph 16 of the
17   complaint.
18        That's the kind of taking advantage of
19   consumers that was resolved, thankfully, by courts
20   of law by issuing these cases that say, you don't
21   enforce the fine print against the person that
22   signed it when the fine print is contradictory and
23   you're the one that wrote the fine print.
24        That's exactly what's happening in this case.
25   That's what is being attempted to be done in this

1   court room.
2           With all due Your Honor, it isn't close.
3   This is not close.
4           Yes there is that language in one provision
5   of the contract and yes there is a policy in favor
6   of mediation when the mediation provision is
7   clearly provided for in the parties agreement.
8           But you have a threshold point first.  Is
9   there clearly a mediation clause provided for in
10  the parties agreement.  At that point there is a
11  contradictory language in this contract and you
12  have to resolve that contradiction in favor of the
13  party that didn't draft it; the Harrell's.
14          Once you reach that, there is no binding
15  mediation for you to enforce.  All that case law
16  about a policy in favor of mediation, there is no
17  case that I'm aware that says, you know the policy
18  in favor of mediation that we generally have, and
19  I acknowledge that the case law that is out there,
20  supersedes all the well settled law that we have
21  on interpretation of contracts that says we
22  interpret ambiguities in contracts against the
23  party that drafted it.
24          That's what they are asking you to rule
25  today.

1    THE COURT: Okay. Let's go to Banner.
2    MR. ATLAS: Mr. Diaz indicated that it's
3    critically important to respect the legislative
4    intent.
5    Banner has filed a Motion to Abate for
6    failure to follow Chapter 558. Banner as Your
7    Honor is aware was the supplier of the Chinese
8    drywall.
9    It is clear from our reading of 558 that the
10   suppliers - the complaint, under the language that
11   the statute, is a defined action under Chapter
12   558.
13   The Plaintiffs' Harrell are a claimant under
14   Chapter 558.
15   As I said, there is no question that the
16   supplier is covered by 558 and in our view it is
17   mandatory for this Court to abate this action
18   where there has been no compliance with 558.
19   THE COURT: What if there had?
20   MR. ATLAS: First of all we have no
21   knowledge of any notice being sent. But putting
22   that aside, assuming that it was sent as Mr.
23   Diaz has said on February 3rd, it is my
24   understanding that that was sent
25   contemporaneously with the filing of the

Harrell v. South Kendall                         7/1/2009

37

1    original complaint.
2         THE COURT:  But you still would have had 90
3    days or 60 days, whatever.  I'm assuming that
4    Mr. Diaz is representative that he sent it and
5    we will find that he sent it.
6         MR. ATLAS:  In any event, I think the
7    statue is clear that it was supposed to be done
8    prior to the filing of an action.
9         THE COURT:  So then I abate it.
10        Now, nothing went on between February and
11   now.  We're certainly beyond the time period to do
12   the inspection.  So?
13        MR. ATLAS:  So we still feel the action
14   should be abated because they just didn't comply
15   with Chapter 558.
16        THE COURT:  And abated for how long and
17   why?
18        MR. ATLAS:  Until they comply.
19        THE COURT:  Well if they sent the notice in
20   February when they filed the lawsuit, the time
21   period for inspection has run.
22        MR. ATLAS:  Assuming that it was sent.
23   There is no record of it having been sent and I
24   understand what Mr. Diaz has alleged.  But--
25        THE COURT:  Well maybe I need to have him

Harrell v. South Kendall                                7/1/2009

38

1    submit copies of them along with the mail
2    receipts.
3        MR. BLUMSTEIN:  It was sent regular US Mail
4    and certified.
5        THE COURT:  You sent it certified and you
6    have the return receipts?
7        MR. BLUMSTEIN:  Yes.
8        THE COURT:  Do you have them here by any
9    chance?
10       MR. BLUMSTEIN:  You know what I do have, I
11   have a digital copy.
12       THE COURT:  Okay.
13       MR. ATLAS:  In any event, our position,
14   based on all the information that we have
15   available to us and the basis for the filing of
16   the Motion to Abate is that there wasn't
17   compliance by Harrell --
18       THE COURT:  But what if they are able to
19   prove that there was?  Then what?
20       MR. ATLAS:  Then we need to have an
21   opportunity to respond in accordance with the
22   statute.  Which we haven't had.
23       THE COURT:  That somehow your registered
24   agent didn't get it to you.
25       MR. ATLAS:  If that's the case.  I don't

Harrell v. South Kendall                              7/1/2009

                                                            39

1    know what happened.
2         We are also in a situation where there may
3    have been communications that -- we have gotten
4    the entire file from Banner and also from the
5    insurance carrier.
6         Once again, there may be complete validity to
7    what was represented to you, but I don't know that
8    as we stand here.  And I certainly didn't know
9    that as of the time the Motion to Abate was filed.
10        But to the extent that somehow they weren't
11   obligated to comply with the statute, these are
12   the Banner, as Your Honor is aware, that would be
13   in violation of 558.  This clearly provides for
14   the supplier such as Banner to have the benefits
15   of that pre-suit type of treatment.
16        To further clarify, the Plaintiffs do allege
17   in the Complaint that they - the Amended Complaint
18   rather, that they supposedly complied with Chapter
19   558, when there was absolutely no such allegation
20   in the original Complaint.
21        My point is that Chapter 558 required them to
22   comply prior to filing the Complaint.
23        To submit a notice on the same day that you
24   file the complaint just flies in the face of what
25   the legislative intent is.  The legislative intent