Harrell v. South Kendall                    7/1/2009

40

1   was to provide a period of time to try to resolve
2   these construction defect issues, to avoid the
3   necessity of incurring legal fees and expense and
4   unecessary attention to these issues.  Sending the
5   notice as they have and filing the complaint on
6   the same day clearly flies in the face of that
7   intent.
8        So based on the record, we believe that under
9   558 the action should be abated as far as Banner
10  is concerned.  Banner was not in contractual
11  privity with the Plaintiff.
12       THE COURT:  Maybe you have some other
13  relief.  If the notice was sent and the time has
14  run, that you are entitled to even more.
15       MR. ATLAS:  It just seems to me Your Honor
16  that if the legislative intent is clear from all
17  the various articles and the absence of
18  authority--
19       THE COURT:  But, let's say you had gotten
20  the letter and the lawsuit --
21       MR. ATLAS:  The same day.
22       THE COURT:  -- and you come into court and
23  say enters an order for 60 to 90 days.  So we're
24  here.  March, April, May, so the time period
25  would be up.

```
 1          MR. ATLAS:  It seems to me that the time
 2     period in essence is tolled while the time is
 3     pending to have the motion heard.
 4          Once again, I keep coming back to the intent
 5     of the statute.
 6          THE COURT:  I don't know why it would be
 7     tolled when you still would have opportunity to
 8     request an inspection and to do whatever.
 9          Now you might be entitled to attorney's fees
10     during that time period for the time period when
11     you should have had the opportunity to inspect and
12     to decide.  Now, since it's been two months after
13     that time period has expired that you are entitled
14     to another 90 days or 60 days.
15          MR. ATLAS:  I understand that position.
16          But it doesn't seem to me that the Plaintiffs
17     should be rewarded for not adhering to the
18     legislative intent of the statute.
19          THE COURT:  I don't know if I'm rewarding
20     them, nothing is happening in this case.
21          MR. ATLAS:  That's true.
22          THE COURT:  So it's not like they roller
23     coastered or whatever, nothing has happened.
24     It's been pretty normal since Februaries.
25          MR. ATLAS:  That's true.
```

|   |   |
|---|---|
| 1 | It's just once again to have a statute -- |
| 2 | THE COURT:  That's why I'm saying you might |
| 3 | be entitled to some other relief such as any |
| 4 | attorney's fees you might have incurred during |
| 5 | this time period, from the notice to when they |
| 6 | should be able to go froward.  But I'm not sure |
| 7 | you are entitled to an additional tolling of the |
| 8 | time period. |
| 9 | MR. DIAZ:  I was taught early on in law |
| 10 | school that on a Motion to Dismiss you don't go |
| 11 | outside the four corners of the complaint. |
| 12 | We are so far outside the four corners. |
| 13 | THE COURT:  Excuse me.  This is a Motion ot |
| 14 | Dismiss or to Abate. |
| 15 | MR. DIAZ:  And I'm going to address both. |
| 16 | But we are so far in the world representations |
| 17 | being made to this Court, premises -- I mean |
| 18 | factual assertions being made by counsel in |
| 19 | order to premiss their argument that the |
| 20 | Plaintiffs have failed to comply - even though |
| 21 | we allege in the complaint that we have |
| 22 | complied, they have asked you to ignore the |
| 23 | allegations of the complaint for purposes of the |
| 24 | Motion to Abate and for purposes of the Motion |
| 25 | to Dismiss and assume that we did not comply. |

Harrell v. South Kendall                    7/1/2009

43

1   They come in here as lawyers and officers of
2   the Court and tell you that they don't have a copy
3   of the letter when I stand here as an officer of
4   the Court with a digital copy of the letter in
5   front of me and represent to you that it was sent.
6   They then backed off slightly to say, maybe I
7   haven't seen it, which is their fault, their
8   clients fault.  Not that we didn't comply with the
9   statute, which is the issue before the Court.
10         THE COURT:  It may be the registered agents
11   fault.
12         MR. DIAZ:  But Judge, let me read you
13   another letter that Mr. Blumstein wrote on
14   February 24th because we are outside the four
15   corners of the complaint.
16         THE COURT:  That's why I said I might have
17   to have an evidentiary hearing.
18         MR. DIAZ:  But the statute requires us to
19   comply.  We alleged in the Complaint that we
20   have complied and there is no evidence of record
21   before Your Honor to suggest that we haven't.
22         THE COURT:  There is no evidence of record
23   period.  That's why I'm saying I might have ot
24   have an evidentiary hearing.
25         Certainly within my parameters of the Motion

```
 1    to Dismiss I can't go outside the four corners.
 2    So within the Motion to Dismiss issue, you have
 3    alleged what you need to allege.
 4         With respect to a Motion to Abate, that is
 5    something that goes beyond the four corners of the
 6    Complaint.
 7         MR. DIAZ:  And with respect to the Motion
 8    to Abate Your Honor, they have not filed any
 9    evidence of record denying compliance with the
10    statute.
11         In our response we showed you that in
12    addition to the letters we specifically alleged in
13    our Complaint, there had been earlier emails by
14    our client and that is the evidence that you have
15    before Your Honor.
16         But I also stand here as an officer of the
17    court and I wouldn't be playing the "gotcha game"
18    and making assertions about the fact that we had
19    complied or not complied.  And I know Your Honor
20    is being swayed by the equities of the arguments
21    that are being made by counsel.
22         So I'm reading the letter from February 24th,
23    2009 to Kieran Fallon the registered agent who was
24    sent the letter, responding to him to a letter
25    that he sent back on February 10th on behalf of
```

Harrell v. South Kendall                              7/1/2009

45

1    South Kendall.

2        Now remember how they told you that we

3  refused to grant the mediation, this is what the

4  letter says, "Further your letter seeks inspection

5  of our client's homes."  This is the notice that

6  they say we never got.  "As we have previously

7  indicated the inspections may proceed during the

8  week of March 2nd, 2009 subject to your advance

9  disclosure of those persons to be testing

10  claimant's homes, their proposed protocols and

11  whether destructive testing will be conducted in

12  conjunction with said inspection."

13       So Judge, the fiction that we should delay

14  this case for one more day, because of the

15  assertion --

16       THE COURT:  And that goes to South Kendall,

17  it doesn't go to Banner, right?

18       MR. DIAZ:  Judge, I don't have every letter

19  in the file here to produce -- I'm being put in

20  the burden of proving the negative based on an

21  unsubstantiated, unqualified and unverified

22  assertion in an argument that we did not comply,

23  even though all the evidence that you have

24  before you is that we have complied.

25       I've gone further.  I've given you the

1   allegations of the Complaint, I've given you the
2   record evidence that we've submitted in our
3   response to the Motions to Abate, I've stood here
4   as an officer of the Court and read to you digital
5   copies of the letter and put my reputation on the
6   line and that of my co-counsel.
7        I don't know why it is that we should go
8   further to prejudice these Plaintiff's and to find
9   an excuse to hold them up for one more day to be
10  able to proceed.
11       Your Honor got it right.  We're in a lawsuit.
12  They can ask for an inspection of the premises
13  tomorrow.  They could have asked for it yesterday.
14  They could have asked for it instead of filing a
15  Motion to Abate.
16       There is a procedure in the Florida Rules of
17  Civil Procedure to inspect the homes and perform
18  any kind of testing.  It would have been the very
19  same protocol that we wrote them back in February
20  that we said we would follow.  Let us know who is
21  going to come in, let us know whether you are
22  going to do any destructive testing, let's agree
23  on the testing protocol and come at it.
24       THE COURT:  You can't expect me to --
25       MR. DIAZ:  You see Judge, I'm here as the

1   witness, we're doing the evidentiary hearing
2   because I'm disproving the negatives, the ghosts
3   in the cloakroom so to speak --
4           THE COURT:  No, you're not.  These are
5   permanent responsibilities and you're showing
6   that you did them.
7           MR. DIAZ:  Judge, it also should sway you
8   deeply in your heart about what motivates
9   lawyers when they come into a courtroom and
10  suggest that something hasn't been done.
11          Judge --
12          THE COURT:  I will assume that these
13  lawyers with fine reputations are basing their
14  arguments on the information that they have from
15  their clients.
16          I will not impugn anything else to them, nor
17  will I impugn anything to you.
18          MR. DIAZ:  I am sure they are basing it on
19  the information they have gotten from their
20  clients --
21          THE COURT:  Then don't talk about the
22  motivation of the lawyers.
23          MR. DIAZ:  But I'm very careful Judge,
24  before I go in and suggest that counsel or an
25  opposing party has not done something and make

1  an affirmative assertion about their lack of
2  compliance with a statutory requirements to
3  verify that with my client.
4       Now, I - you are correct, I am sure their
5  client is wrong.  Now since their client is wrong,
6  their motion should be denied.
7       Just so that you are satisfied, I can further
8  represent that on February 24th, 2009, Michael
9  Peterson, PA and Mr. Blumstein responding to Mr.
10 Peterson, again from his letter of February 10th,
11 after receiving the notice that we sent.  "We are
12 in receipt of the letter of February 10th on
13 behalf of your client Banner Supply Company."
14      The same language that I said regarding
15 inspections of the home is in this letter as well.
16      THE COURT:  So let me ask you, why then
17 didn't you raise that in response to their
18 motion?
19      MR. DIAZ:  That's a good question.  I wish
20 Mr. Blumstein has given me copies of those
21 letters and I would have.
22      THE COURT:  Okay.
23      MR. DIAZ:  I don't know the answer, but
24 that's the facts.
25      We are, with respect to all this language

1   about tolling of the provision and the legislative
2   intent, again, with all due respect for counsel, I
3   believe they believe it but there is not a
4   centilla of evidence, there is not any reference
5   to the statutory language, there is not any
6   reference to the legislative history of this
7   statute.
8       I'm relying on the statute. I'm relying on
9   the explicit language of the contract. I'm doing
10  everything possible to get past these procedural
11  hurdles so that this case can move forward on the
12  merits.
13      With respect to that Judge, I just want to
14  close on that point because I know you're trying
15  to be fair. At the end, we who labor here seek
16  only the truth and justice.
17      If they wanted an inspection, they could ask
18  them from Your Honor tomorrow. There is a
19  procedure in the Florida Rules of Civil Procedure.
20  They only have to pick up the phone and call me.
21      THE COURT: Okay.
22      MR. ATLAS: Just briefly. First of all, we
23  did not, contrary to what Mr. Diaz has told you,
24  file a Motion to Dismiss. It was purely a
25  Motion to Abate.

Harrell v. South Kendall                    7/1/2009

50

1           Secondly, the fact is, we have shown to the
2      Court the intent of the statute is to require --
3           THE COURT:  What about this February 10th
4      letter?
5           MR. ATLAS:  Don't know anything about that.
6      It may very well be that the client does have
7      that, I don't know.
8           I don't what to have to respond to Mr. Diaz'
9      inuendos --
10          THE COURT:  What if this is all true.  It
11     was noticed, there was a February 10th letter
12     making a demand for inspection, there was a
13     February 20 something letter in response saying
14     have at it?
15          MR. ATLAS:  I still feel in that situation
16     Your Honor that the statute was violated, that
17     Chapter 558 wasn't complied with.
18          Chapter 558 makes it perfectly clear, "They
19     may not file an action subject to this Chapter
20     without first complying with the undue
21     requirement".  I don't believe that
22     contemporaneously sending a notice --
23          THE COURT:  I agree with you.
24          MR. ATLAS:  Now that -- once that happens
25     --

1         THE COURT:  Assume the lawsuit wasn't
2    filed?
3         MR. ATLAS:  But it was.
4         THE COURT:  Okay.  It was.  But it was the
5    demand that was filed that you do not-- I mean,
6    if a 558 notice was provided, and there was an
7    opportunity for inspection and curing, and
8    you're client didn't do it, and nothing has
9    transpired in this lawsuit, please tell me what
10   the harm is and why I should give you another 60
11   to 90 days when you didn't do what you could
12   have done when you had the opportunity and got
13   the notice initially.
14        MR. ATLAS:  My answer to your question
15   would be that there would be no obligation on
16   the part of the supplier to do so, where the
17   Plaintiff/claimant did not comply with the
18   statute.
19        For Mr. Diaz and other Plaintiff's counsel to
20   suggest, well you could have made a phone call or
21   you could have done a variety of different things,
22   I think makes the question --
23        THE COURT:  But the client made a demand
24   and said yeah, we want to inspect and they
25   responded and said sure.  Then you don't do it.

1     MR. ATLAS: That's an issue I really can't
2  answer. I don't understand that issue because
3  I'm not familiar with that.
4     THE COURT: All right, let's hear from Mr.
5  Fallon.
6     MR. FALLON: I'm going to assume that a
7  letter was received.
8     THE COURT: And you don't remember writing
9  one back?
10    MR. FALLON: There was a lot of letter
11 writing between a lot of people. I don't recall
12 this particular letter. But trust me, there was
13 quite a bit of correspondence.
14    I think the problem with the inspection was
15 that at the time the State acknowledge about
16 Chinese drywall was at it's very beginning stages.
17 There was no protocol to determine what would be a
18 valid test whether or not this problem existed.
19    I think even today there is no body of expert
20 testimony that can determine whether the house
21 contains Chinese drywall or whether or not --
22    THE COURT: If the wiring corrodes, and
23 all the copper corrodes and the air conditioning
24 unit corrodes, that's pretty good indication of
25 Chinese drywall or a problem there.

1     MR. FALLON:  I'm just saying that I don't
2  think at the time there was an agreement.  Even
3  today I don't think there is a scientific "test"
4  that can be done.  I think it's the testimony of
5  experts and they say it's Chinese drywall.
6  There are a whole bunch of experts going back to
7  February.
8     I don't think that the Harrells and I agreed
9  that this was going to be the determination of
10 whether or not Chinese drywall exists.  I don't
11 think that's what happened.
12    THE COURT:  All right.  Tell me about why
13 your client thinks they are entitled to
14 protection under 558 when there is nothing in
15 the statute that protects the realtor.  I mean,
16 I don't know why you would have a liability
17 claim.
18    MR. FALLON:  That's a whole separate issue
19 for summary judgment.
20    I suppose the reason that we would be
21 entitled to 558 protection is that the problem is
22 resolved with the builder and the buyer, then
23 obviously the realtor is let off the hook so to
24 speak.
25    So that's really the essence.  I don't think

1     that the realtor has any liability.  They are just
2     the listing agent.  They had no knowledge that
3     Chinese drywall was in this house, whether
4     Japanese light fixtures were used.
5         In the absence of that allegation I don't
6     feel there is any negligence on them.  They are
7     assuming no contractual liability and as I read
8     the Complaint I think it's a breach of contract to
9     essentially persue a case against Keyes Gate
10    Realty.  They're not a party to the contract.
11        THE COURT:  I mean, your Motion to Dismiss
12    is 558.
13        MR. FALLON:  558.
14        THE COURT:  You're not entitled to that
15    protection.
16        Whether or not you get out on summary
17    judgment, we're not here on that.
18        MR. FALLON:  We're not.  I didn't raise
19    that.
20        THE COURT:  Anything else?
21        MR. DIAZ:  Judge, I want to make a few
22    closing observations.
23        First of all, this entire --
24        THE COURT:  As to Keyes Gate?
25        MR. DIAZ:  As to Keyes Gate because they

Harrell v. South Kendall7/1/2009

55

```
 1       made the same argument.
 2            THE COURT:  What argument goes to Keyes
 3       Gate?
 4            MR. DIAZ:  We're making an assumption here
 5       that 558 applies.  And I stand by our threshold
 6       argument --
 7            THE COURT:  Assuming it does.  Please tell
 8       me where it goes to realtors?
 9            MR. DIAZ:  It doesn't.
10            THE COURT:  Thank you.
11            MR. DIAZ:  But more importantly Judge, I
12       maintain that 558 is not controlling in this
13       case because there has been a failure in the
14       contract to strictly comply with the
15       requirements of the statute and site the
16       specific Chapter.
17            I want to put that on the record.
18            THE COURT:  I think I heard it a few times.
19            MR. DIAZ:  Okay.
20            The other thing is, I want to thank Mr.
21       Fallon for his honesty.  Because what he told you
22       is the truth.
23            Again, we labor here seek only the truth.
24            He told you that at the time that we offered
25       them, all of them the inspection, the reason they
```

DOWNTOWN REPORTING
(954) 522-3376

Case 2:09-md-02047-EEF-MBN   Document 376-10   Filed 10/21/09   Page 17 of 20

56

Harrell v. South Kendall                           7/1/2009

1   chose not to inspect it was that there was no
2   agreed testing protocol.
3           And he told you as an officer of the Court,
4   again I think it's a great deal of honesty, that
5   he and his clients do not believe -- or he, at the
6   time he was representing the registered agent and
7   acting on behalf of all defendants, but that he -
8   or SACC and Keyes Gate and Palm Isles Holding,
9   even today don't know if there is a testing
10  protocol.
11          So, Judge, when a lawyer gets up like that, I
12  appreciate Mr. Fallon and I appreciate his also
13  acknowledging that what happened, happened.
14  Because that's what really happened.
15          They got the notice, we complied, they
16  responded, they demanded inspection.  They were
17  hoping we would be the kind of Plaintiff's lawyers
18  that would say, no, we won't let you come see the
19  house.
20          Instead we said, come see it the week of
21  March 2009 and then they decided not to.
22          Then they come, not withstanding the fact
23  that we don't believe that that statute is
24  applicable, we did everything we could to cover
25  all the bases.

DOWNTOWN REPORTING
(954) 522-3376

1        They then come before Your Honor and say,
2   gotcha.  Let's try to have another 90 days to try
3   to delay this case, or let's try to have an
4   evidentiary hearing in order to further keep the
5   Harrell's in the home that they believe is toxic
6   to them and to their children.
7        So Judge, I think you have heard enough
8   argument and I appreciate the time that you have
9   given us and I hope that you will rule soon.
10       MR. ATLAS:  Your Honor, if I may just two
11  sentences and that is, and I know why I probably
12  said it, but in the interest of caution, that
13  Banner being the supplier is not party to a
14  contract.  There is no privy issue there.
15       Secondly, there is an issue that I don't have
16  an answer to, but I raised it for the Court's
17  consideration as to the extent that Mr. Diaz is
18  representing the class as to whether or not the
19  notice ever applied -- or that the alleged notice
20  had to come on behalf of all members of the class
21  --
22       THE COURT:  We're not in a class
23  certification point, so I would assume that
24  that's going to be an issue that would be
25  necessary to be shown in accordance with

1   certified letters.
2       MR. ATLAS:  Then the question is, when
3   would those notices have had to been sent.
4       So I'm just concerned about the notice.
5       THE COURT:  That's something else.
6       I believe I scheduled in the case management
7   order when the class certification hearing will
8   be.  I will assume that compliance has to be
9   consistent.
10      It would be a good idea in being consistent
11  with the statute, even though there are some
12  issues as to whether or not the statute complies
13  with failure to have the language that's required.
14      MR. ATLAS:  On that point, Banner is
15  different because we're not party to the
16  contract.
17      THE COURT:  That's correct.
18      MR. ATLAS:  Sorry, that may have been the
19  third time and I apologize.
20      MR. DIAZ:  Judge, they are not different.
21  In terms -- anyone that wishes to avail
22  themselves the protection of the statute must
23  indicate that there was a notice in the contract
24  that specifically sited to the chapter.
25      So that provision is not only enforceable to

```
 1     --
 2          THE COURT:  Mr. Diaz.  I am going to deny
 3     the Motion to Abate.  I will reserve with
 4     respect to any claims or damages that may have
 5     accrued as a consequence of the simultaneous
 6     giving of the notice on the file.
 7          But it appears clear that there was a notice
 8     given in February and it appears that there was
 9     notice under the statute and that time period has
10     lapsed.
11          There was recognition of that opportunity to
12     inspect.  Of course you can still go ahead and
13     inspect.
14          Certainly as to Banner there is no issue as
15     to mediation or arbitration.
16          With respect to Keyes, they are not entitled
17     any protections under 558.  So with respect to
18     their Motion to Abate that's denied as well.
19          With regard to Kendall again, and the holding
20     company the Motion to Abate is denied.  But I am
21     going to look at the mediation and arbitration and
22     see what I think about that.
23          However, with respect to Plaintiff going
24     forward and the Defendant complying with my case
25     management order, it will be without any prejudice
```