UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al., Case No. 2:09-cv-6687 (E.D.La.) | |

## PLAINTIFFS' MEMORANDUM OF LAW IS SUPPORT OF PLAINTIFFS' MOTION TO AMEND THE FIRST AMENDED CLASS ACTION COMPLAINT BY INTERLINEATION

### I.  INTRODUCTION

Plaintiffs, by and through their counsel, hereby submit this memorandum of law in support of Plaintiffs' Motion to Amend the First Amended Class Action Complaint by Interlineation. Specifically, Plaintiffs seek to amend the First Amended Class Action Complaint (the "Complaint") in order to modify the class definition as to Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd. ("Taishan").[1] Plaintiffs seek to amend the class definition as to Taishan in order to assert claims on behalf of all persons and entities in the United States with properties that were impacted by defective drywall that was manufactured and distributed by Taishan.[2] In light of this proposed amendment to the class definition, Plaintiffs are also seeking to amend their Consumer Protection claim in order to assert claims under the consumer

---

[1] In the First Amended Class Action Complaint, the Plaintiffs sought a Virginia class against Taishan, Tobin Trading Inc. ("Tobin") and Venture Supply Inc. ("Venture") and a subclass against Harbor Walk Development, LLC ("Harbor Walk") and The Porter-Blaine Corp ("Porter-Blaine"). Since Plaintiffs are seeking to amend the class definition for a national class as to Taishan only, there will now be two subclasses (Tobin/Venture) and (Harbor Walk/Porter-Blaine).

[2] Plaintiffs proposed Second Amended Class Action Complaint is attached hereto as Exhibit "A".

protection laws of all states where Class Members have incurred damages.[3]

## II. FACTS

Plaintiffs instituted a legal action against the manufacturer, sellers, and distributors of defective drywall in their home (Taishan, Tobin, and Venture). Plaintiffs also brought claims against the builder or their home and the installation contractor who installed the defective drywall in their home (Harbor Walk and Porter-Blaine). The Plaintiffs have sought to represent a class of "[a]ll owners and residents of residential homes in the Commonwealth of Virginia containing defective drywall manufactured, sold, distributed, and/or supplied by Taishan Gypsum Co., Ltd., Tobin Trading Inc. and/or Venture Supply Inc." *See* First Amended Complaint at ¶ 31. Plaintiffs also sought to represent a subclass consisting of "[a]ll owners and residents of residential homes in the Commonwealth of Virginia containing defective drywall build and/or installed by Harbor Walk Development LLC and/or Porter-Blaine Corp." *Id.*

The Complaint asserts claims against defendants for negligence, negligence per se, breach of express and/or implied warranties, breach of contract, private nuisance, unjust enrichment, violation of the Virginia Consumer Protection Act and for equitable injunctive and medical monitoring.

## III. ARGUMENT

In determining whether to grant leave to amend a pleading, it is appropriate for a court to consider judicial economy and the most expeditious way to dispose of merits of a litigation. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594 (5th Cir. 1991). "Leave to amend should be freely granted when justice requires." *See Financial Acquisition Partners LP v. Blackwell*, 440

---

[3] Since the class definitions concerning all other defendants (*i.e.*, Tobin, Venture, Harbor-Walk, and Porter-Blaine) are geographically limited to the State of Virginia, those claims remain governed by the Virginia Consumer Protection Act.

F.3d 278, 291 (5th Cir. 2006). Rule 15(a) of the Federal Rules of Civil Procedure is in accord and requires that when leave of court is sought to file an amended complaint is should be "freely given." Fed.R.Civ.P. 15(a). There is a strong presumption in favor of granting leave to amend a complaint. *Id.* "A district court must possess a "substantial reason" to deny a request for leave to amend." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). Indeed, when ruling on a motion to amend a complaint, the motion to amend should only be denied in very limited circumstances as the Fifth Circuit explained in *Smith v. EMC Corp., supra.* Therein the Fifth Circuit explained as follows:

> As outlined by the Supreme Court, this Circuit examines five consideration to determine whether to grant a party leave to amend a complaint: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). Absent any of these factors, the leave sought should be "freely given." *Foman*, 371 U.S. at 182, 83 S.Ct. 227.

*EMC Corp.*, 393 F.3d at 595. Applying these factors, leave to amend is appropriate in this case.

### A. The Proposed Amendment is not the Result of Undue Delay, Bad Faith, Dilatory Motive, and/or Repeated Failures by Plaintiffs to Cure Deficiencies in Prior Amendments

By virtue of inspections and other discovery to date, Plaintiffs recently came to learn that the distribution of Taishan's drywall was much broader in scope than was initially believed. As a consequence, the proposed amendment is not the result of undue delay, bad faith or dilatory motive, and/or Plaintiffs' repeated failure to cure deficiencies by previous amendments. Under these circumstances, it should be clear that Plaintiffs are not seeking the amendment to delay

these proceedings or to harass the Defendants.[4]

### B. Defendants will Not be Prejudiced by the Amendment

Nor will the proposed amendments result in any undue prejudice to the opposing parties. Taishan has not entered its appearance in this case and/or filed an answer to the Complaint. Under these circumstances, they will not be prejudiced by the proposed amendment.

As for the other defendants in this case (Tobin, Venture, Harbor-Walk, and Porter-Blaine), they will not be prejudiced by the proposed amendment since it has no impact on the claims against them. The proposed amendment only seeks to amend the class definition as to Taishan, the manufacturer of the drywall at issue in this case, in order to assert claims on behalf of all persons and entities in the United States with properties that were impacted by defective drywall manufactured and distributed by Taishan. While this proposed amendment expands the class that has been asserted against Taishan, it has no impact on the claims and/or subclasses that have been asserted against Tobin, Venture, Harbor-Walk, and Porter-Blaine.

Accordingly, the proposed amendment will not result in any undue prejudice to the opposing parties.

### C. The Proposed Amendment is not Futile

Plaintiffs are unable to conceive of any grounds for concluding that the proposed

---

[4] *Compare, Wimm v. Jack Eckerd Corp.*, 3 F.3d 137 (5th Cir. 1993) (where plaintiffs sought to amend the complaint nine months after action was commenced and after defendant had filed motion for summary judgment, plaintiffs' delay in asserting additional claims, even though they were aware of underlying facts supporting claims at outset of action, supported District Court's finding of bad faith and dilatory motive, and therefore denial of motion to file second amended complaint was proper; *Little v. Liquid Air Corp.*, 952 F.2d 841 (5th Cir. 1992), *reh'g en banc granted*, (Jan. 28, 1992) and on *reh'g en banc*, 37 F.3d 1069(5th Cir. 1994) (where plaintiffs sought to file amendment which would have radically altered the nature of the action well over a year after it was instituted, several months after discovery had effectively terminated, and after the defendant had moved for summary judgment, and further, plaintiffs offered no evidence that the delay was excusable or the result of a mere oversight, District Court's denial of motion was not an abuse of discretion).

amendment would be futile.

### IV. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant their Motion to Amend the Complaint.

Respectfully submitted,

**Dated: October 30, 2009**

/s/ Fred S. Longer
Arnold Levin, Esquire
Fred S. Longer, Esquire
Daniel Levin, Esquire
Matthew C. Gaughan, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
*Co-counsel for Plaintiffs*

Richard Serpe, Esquire
LAW OFFICES OF RICHARD J. SERPE
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
*Counsel for Plaintiffs*

Michael D. Hausfeld, Esquire
Richard S. Lewis, Esquire
James J. Pizzirusso, Esquire
Faris Ghareeb, Esquire
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
*Co-counsel for Plaintiffs*

Richard W. Stimson, Esquire
Attorney at Law
920 Waters Reach Court
Alpharetta, Georgia 30022
Phone: 214-914-6128
*Co-counsel for Plaintiffs*

Robert Gary, Esquire
GARY, NAEGELE & THEADO, LLC
446 Broadway
Lorain, OH 44052
Phone: (440) 244-4809
Fax: (440) 244-3462
*Co-counsel for Plaintiffs*