UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * * * * * | MDL 2047 SECTION L JUDGE FALLON MAG. JUDGE WILKINSON |
| **This document relates to: all cases** | | |

**REPLY MEMORANDUM IN SUPPORT OF INTERIOR/EXTERIOR'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

**NOW INTO COURT**, through undersigned counsel, comes Interior/Exterior Building

Supply, LP, who files this reply memorandum in response to Plaintiff Steering Committee's

Opposition to Motion for Partial Summary Judgment Regarding Good Faith Sellers Under

Louisiana Law and Mayeaux Construction's Memorandum in Opposition to Motion for Partial

Summary Judgment Regarding Good Faith Sellers Under Louisiana Law.

**I.** **The issue of damages available against the Distributor Defendants is ripe for this
court's determination**

Contrary to Plaintiff Steering Committee's ("PSC") and Mayeaux Construction's

assertions, Interior/Exterior's Motion for Partial Summary Judgment does not seek an advisory

1

opinion. The premise of Interior/Exterior's Motion for Partial Summary Judgment is that there has been no evidence offered that Interior/Exterior knew or should have known that the drywall it imported from China and resold locally was defective. No one knew the drywall was defective. While acknowledging that discovery is currently ongoing, Interior/Exterior seeks a ruling that should Plaintiffs fail to produce any evidence that Interior/Exterior knew or should have known of the alleged defects in the drywall, then their damages will be limited to "…a return of the purchase price with interest from the time it was paid, plus reimbursement of immediate expenses occasioned by the contract of sale itself, and reasonable expenses incurred for preservation of the thing sold," pursuant to Louisiana Civil Code Article 2531.

Per this court's request, Interior/Exterior has filed a motion seeking a determination on the issues most relevant to a distributor like Interior/Exterior. Such a determination is proper because a party against whom a claim is brought may move for summary judgment in its favor as to all *or any part of the claim asserted against it.* Fed. R. Civ. Pro. 56(B) (Emphasis added.) Further, the very nature of this multi district litigation necessitates the resolution of such fundamental issues in the interest of judicial efficiency and expedience. Without the resolution of these issues, parties will be forced to litigate countless form allegations made against them, as opposed to being able to focus on the viable causes of action. Because proceedings are stayed and discovery is only beginning to progress, with no end in sight, not allowing summary judgment on the issue currently at bar has the ability to seriously delay these proceedings for an extended period of time.

## II.   The Plaintiffs' Steering Committee misstates the law relative to Louisiana Civil Code Article 2524

The PSC incorrectly claims that an action under Louisiana Civil Code Article 2524 may be brought against Interior/Exterior.   Article 2524 mandates that "[t]he thing sold must be reasonably fit for ordinary use."   A claim bought under Article 2524 is grounded in breach of contract, according to the comment (b) to Article 2524:

> Under this Article when the thing sold is not fit for its ordinary use, even though it is free from redhibitory defects, the buyer may seek dissolution of the sale and damages, or just damages, under the general rules of conventional obligations. The buyer's action in such a case is one for breach of contract and not the action arising from the warranty against redhibitory defects.

According to the comments to Article 2524, the warranty of fitness for use should provide a purchaser of an object that is not fit for its intended use with a warranty *even though the object does not contain a redhibitory defect.*   Louisiana courts give the warranty of fitness for use the same limited applicability:

> Louisiana Civil Code article 2524 was apparently passed because lawyers confused the warranty of fitness with non-apparent defects. For example, if I ordered a table that arrived missing a leg, that is not a redhibition case because the defect is apparent. I still do not have to pay for the table because it contains a defect which renders it unfit for ordinary use. The Civil Code uses apparent defects, for which you cannot recover, i.e. if I buy a car with dents I can't later complain about the dents. This is different from being shipped a product which is broken upon arrival.

*Walton Const. Co. v. G.M. Horne & Co.*, 2007-0145 (La.App. 1 Cir. 2/20/08), 984 So.2d 827, 833-834.

Because the warranty is grounded in contract, it attaches only to the original purchase of the object, and not to subsequent owners or users who are not in privity of contract. Under consumer-protection rule, a consumer without privity may recover against manufacturer, but not

a non-manufacturer seller. *See Media Production Consultants, Inc. v. Mercedes-Benz of North America, Inc.*, 262 So.2d 377 (La. 1972).

Based on the limited applicability to objects that do not contain redhibitory defects and Interior/Exterior's lack of privity of contract with the homeowners, the PSC will not be able to recover against Interior/Exterior under the Warranty of Fitness for Use.

Respectfully submitted,

/s/ Richard G. Duplantier, Jr.

Richard G. Duplantier, Jr. #18874
Lambert J. Hassinger, Jr. #21683
Carlina C. Eiselen, #28524
Jeffrey P. Green #30531
Galloway, Johnson, Tompkins, Burr & Smith
701 Poydras Street, Suite 4040 One Shell Square
New Orleans, LA 70139
504 525 6802 / 504 525 2456 Fax
rduplantier@gjtbs.com
jhassinger@gjtbs.com
ceiselen@gjtbs.com
jgreen@gjtbs.com
*Counsel for Interior Exterior Building Supply, L.P.*

## Certificate of Service

The undersigned certifies that this document has been served on Plaintiffs' liaison counsel Russ Herman and Defendants' Liaison Counsel Kerry Miller, by email and United States Mail, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accord with the procedures established in MDL 2047, on the 4th day of November, 2009.

/s/ Richard G. Duplantier, Jr.

Richard G. Duplantier, Jr.