UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION

MDL DOCKET: 2047

SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

**THIS DOCUMENT RELATES TO:**
**09-4112 through 09-4120**
**09-4294 through 09-4322**
**All other consolidated and tag-along actions**
**alleging construction defects in the State of Florida**

_____/

## HOMEBUILDERS' STEERING COMMITTEE'S MOTION TO ABATE AND COMPEL COMPLIANCE WITH CHAPTER 558, FLORIDA STATUTES[1]

The Homebuilders' Steering Committee ("HSC") pursuant to Chapter 558, Florida Statutes, moves for an Order abating all actions pending against all Defendants that include claims for property damage resulting from construction defects that are alleged to have occurred in the State of Florida, and state:

1.  The State of Florida has a statutory scheme, found at Chapter 558, Florida Statutes ("Chapter 558"), that governs claims for property damage resulting from a construction defect that is alleged to have occurred in the State of Florida.

2.  As noted in the Bench Memorandum Regarding Chapter 558, Florida Statutes (Doc. #163), which is incorporated herein, Chapter 558 is designed to reduce the need for litigation while protecting the rights of property owners and providing contractors,

---

[1] Defendants, Banner Supply Co., L&W Supply Corporation, USG Corporation, All Interior Supply Corporation and Independent Builders Supply Association, Inc., join in this The Homebuilders Steering Committee's Memorandum of Law in Support of Motion to Abate and Compel Compliance with Chapter 558, Florida Statutes.

subcontractors, and suppliers with an opportunity to resolve claims without resort to further legal process. *See* § 558.001, Fla. Stat.

3. Pursuant to Chapter 558, all matters now pending before this Court that include claims for property damage resulting from a construction defect that is alleged to have occurred in the State of Florida must be abated until such time as each claimant has established compliance with the requirements of Chapter 558.[2]

4. Pursuant to § 558.003, Fla. Stat., a claimant cannot file an action subject to Chapter 558 without first complying with the requirements of Chapter 558. *See* § 558.003, Fla. Stat. If a claimant files an action subject to Chapter 558 without complying with the requirements of Chapter 558, the Court *shall*, upon timely motion, abate the action without prejudice, and the action may not proceed until the claimant has complied with the statute. *See id.*

5. At least sixty days before filing any action, the claimant must serve written notice on the contractor, subcontractor, or supplier, as applicable.[3] *See* § 558.004(1), Fla. Stat. The notice must include: (1) a reference to Chapter 558, (2) a description of the claim, in reasonable detail sufficient to determine the nature of each alleged construction defect, and (3) a description of the damage or loss resulting from the defect, if known. *See id.*

6. Within thirty days of receiving the notice of claim, the recipient is entitled to inspect the property to determine the nature and cause of each alleged construction defect. *See* §

---

[2] The PSC has suggested that Chapter 558 only applies to cases that were transferred from the State of Florida, referred to by Plaintiffs' counsel as the "Florida Cases." Chapter 558, and this Motion, apply to any claim for property damage resulting from an alleged construction defect that occurred in the State of Florida, including cases filed outside of Florida.
[3] The time periods cited herein apply to claims made by individual owners and claims made by associations on behalf of twenty parcels or less. The time periods that apply to associations representing more than twenty parcels are greater.

558.004(2), Fla. Stat. The claimant must provide reasonable access to the property during normal working hours. *See id.*

7. Additionally, both the claimant and the recipient of the notice of claim have a mutual duty to exchange all available discoverable information relating to the alleged construction defects, including, but not limited to, expert reports, photographs, videotapes, and written responses and information received from contractors, subcontractors, and suppliers to whom the notice of claim was forwarded. *See* § 558.004(15), Fla. Stat. In the event of subsequent litigation, any party who fails to provide such information is subject to such sanctions as the court may impose for a discovery violation. *See id.*

8. Within forty-five days of receiving a notice of claim, the contractor, subcontractor, and/or supplier receiving the notice must serve a written response to the claimant which must provide an offer to settle all or part of the claim or notify the claimant that the claim is disputed. *See* § 558.004(5)(a-e), Fla. Stat.

9. If a claimant initiates an action without first accepting or rejecting the offer, the Court must abate the action until the claimant serves a written notice of acceptance or rejection of the settlement offer. *See* § 558.004(7), Fla. Stat. Additionally, any action for damages resulting from construction defects may only proceed to trial as to the alleged construction defects that were previously noticed and as to defects reasonably related to, or caused by, the construction defects previously noticed, and for which the claimant has complied with the requirements of Chapter 558. *See* § 558.004(11), Fla. Stat.

10. In order to comply with the requirements of Chapter 558, each of the cases to which this document relates should be abated, and each putative class member, named and unnamed, should be precluded from asserting or maintaining a claim, until:

3

(1) each claimant has provided notice to the contractor, subcontractor, and/or supplier of the claim, which includes:

    (a) a reference to Chapter 558,

    (b) a description of the claim, in reasonable detail sufficient to determine the nature of each alleged construction defect, and

    (c) a description of the damage or loss resulting from each alleged construction defect if known;

(2) each claimant has complied with requirement to disclose discoverable information to the contractor, subcontractor, and/or supplier, pursuant to § 558.004(15), Fla. Stat.;

(3) each recipient of a notice has had the opportunity to inspect and conduct destructive testing (or have destructive testing refused by the claimant);

(4) each recipient of a notice has had the opportunity to serve the claimant with a written offer to settle – including an offer for repair, payment, or a combination of both – or a statement that the claim is disputed;

(5) each claimant has served a written acceptance or rejection of any offer to settle; and

(6) each claimant has proffered evidence of compliance with all of the requirements of Chapter 558.

    11.    To the extent a claimant contests the applicability of Chapter 558 to his/her action or contends that he/she has complied with the requirements of Chapter 558, the PSC can provide the Court and the respective contractor, subcontractor, or supplier with documentation to support

the basis for such position as to each case. The Court can then determine the applicability of Chapter 558 to each action on a case-by-case basis.

12. Requiring compliance with Chapter 558 is just and necessary to prevent the expenditure of judicial and party resources on claims that would otherwise be settled pursuant to the procedures set forth therein.

WHEREFORE, the HSC, for good cause shown above and in the Memorandum of Law In Support of this Motion to Abate and Compel Compliance with Chapter 558, Florida Statutes, respectfully requests an Order granting this Motion to Abate and Compel Compliance with Chapter 558, Florida Statutes, and for such other relief as this Court deems just and proper.

/s/ Stephen E. Walker
Neal A. Sivyer
Florida Bar No. 373745
nsivyer@sbwlegal.com
Stephen E. Walker
swalker@sbwlegal.com
Florida Bar No. 0497851
**SIVYER BARLOW & WATSON, P.A.**
401 E. Jackson Street, Suite 2225
Tampa, Florida 33602
Telephone: (813) 221-4242
Facsimile: (813) 227-8598
*Attorneys for Taylor Morrison Services, Inc., and Taylor Woodrow Communities at Vasari, LLC*

CERTIFICATE OF SERVICE

I HEREBY certify that on September 28, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Stephen E. Walker
Stephen E. Walker