IN THE UNTIED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | *MDL No. 09-2047<br>*<br>*JUDGE: FALLON<br>*<br>*MAGISTRATE: WILKINSON |

*************************************************************************

THIS DOCUMENT RELATES TO ALL CASES CONCERNING DEFENDANT MAYEAUX CONSTRUCTION, INC.

MAYEAUX CONSTRUCTION, INC.'S REPLY TO INTERIOR/EXTERIOR'S REPLY MEMORANDUM

MAY IT PLEASE THE COURT:

NOW COMES, through undersigned counsel, Defendant Mayeaux Construction, Inc., (Mayeaux herein) who files this reply in response to Interior/Exterior's reply memorandum, (rec. doc. 409-2). Mayeaux, by reference thereto, maintains all references and arguments made in its Opposition to Motion for Partial Summary Judgment, (rec. doc. 360) previously filed herein.

**Homebuilders' Right of Subrogation/Indemnification by Operation of Law not Addressed**

Mayeaux is thus far in this litigation the only party to address Louisiana Homebuilders' right of indemnification[1] through subrogation, which arises by operation of law and pursuant to Louisiana Civil Code Article 1829(3). (See Mayeaux's previously filed Memorandum in

---

[1] Indemnity in its most basic sense means reimbursement, and may lie when one party discharges a liability which another rightfully should have assumed. *Nassif v. Sunrise Homes, Inc.,* 98-3193 (La.6/29/99) 739 So.2d 183, citing (Black's Law Dictionary 769 (6th ed.1990).

Opposition to Motion for Partial Summary Judgment as to the Recovery Available Against Good Faith Sellers Under Louisiana Law.)  Neither in its original motion nor in its reply memorandum does Interior/Exterior address potential homebuilder recovery through indemnification.

Despite Interior/Exterior's omission, the right of indemnification is certainly germane and not only relevant but indeed pivotal to the ultimate determination of who may be responsible for the damages alleged by plaintiffs in this litigation.   Louisiana Civil Code article 1829(3)[2] provides for the right subrogation by operation of law, this right is widely recognized and upheld throughout the Courts of Louisiana, including the Louisiana Supreme Court in the recent decision handed down in *Reggio v. E.T.I.*[3]

The hypothetical facts as proposed by Interior/Exterior in its motion for partial summary judgment completely ignore Mayeaux's right to subrogation/indemnification under Louisiana law and the extensive Louisiana jurisprudence recognizing such right.  Therefore, as previously noted by Mayeaux[4], Interior/Exterior's attempt to limit the claims that may be brought against distributors/suppliers by means of summary judgment based upon consideration of hypothetical and assumed facts is inappropriate and prejudicial.  For these reasons, Interior/Exterior's Motion for Partial Summary Judgment should be denied.

---

[2] Louisiana Civil Code article 1829(3) provides that subrogation takes place by operation of law: (3) in favor of an obligor who pays a debt he owes with others or for others and who has recourse against those others as a result of the payment

[3] An action for indemnity is a separate substantive cause of action, arising at a different time, independent of the underlying tort, with its own prescriptive period…Indemnity ... means reimbursement, and may lie when one party discharges a liability which another rightfully should have assumed.... It is based on the principle that everyone is responsible for his own wrongdoing, and if another person has been compelled to pay a judgment which ought to have been paid by the wrongdoer, then the loss should be shifted to the party whose negligence or tortious act caused the loss. *Reggio v. E.T.I.*,  2007-C-1433 (La. 12/12/08) 2008 WL 519439815 So.3d 951.  See also *Nassif v. Sunrise Homes, Inc.*  98-3193 (La.6/29/99) 739 So.2d 183, 185.

[4] Mayeaux's Memorandum in Opposition to Motion for Partial Summary Judgment as to the Recovery Available Against Good Faith Sellers Under Louisiana Law. (rec. doc. 360)

**Issue not Ripe for Determination**

While Interior/Exterior attempts to couch its argument in favor of partial summary judgment as merely seeking a ruling on the law applicable to claims which may be made against distributors/suppliers under Louisiana law, Interior/Exterior fails to recognize and point out that the determination of what law may apply to a distributor/supplier such as Interior/Exterior is determined by the facts, circumstances and relationships that exist between the parties, **not** hypothetical facts. Accordingly, such a determination based on hypothetical facts as proposed by Interior/Exterior is inappropriate and prejudicial to the interests Mayeaux and other Louisiana Homebuilders, whose claims against a distributor/supplier, such as Interior/Exterior clearly arise outside of the very limited scope of "homeowner and supplier" to which Interior/Exterior seeks to limit actions that may be brought against it.

Mayeaux directs the Court's attention to the following particular consideration: in determining what law may apply to claims brought against a distributor/supplier such as Interior/Exterior, any knowledge of the alleged defects in the drywall subject of this litigation (either implicit or implied) is pivotal, and as the 30(b)(6) deposition of Interior/Exterior is currently noticed for November 17, 2009[5], and discovery in this litigation remains in its infancy, Interior/Exterior's motion for partial summary judgment,(rec. doc. 292) is not ripe for consideration. Further, Mayeaux submits that a determination of operative facts required for a finding of this Court, under Louisiana law as sought by Interior/Exterior in its motion for partial summary judgment must be made on a case by case basis, and due to the varying nature of the

---

[5] Re-Notice of Oral and Videotaped Deposition Pursuant to Fed. R. Civ. P. 30(b)(6), (rec. doc. 407)

claims made and the length of time over which the alleged harm occurred, a blanket ruling, such as that sought by Interior/Exterior would be not only prejudicial but impossible.

## **Conclusion**

Mayeaux Construction, Inc. may not be found legally responsible for anything in this litigation; however, Mayeaux's right of indemnification through subrogation in the event legal responsibility were to exist should not be destroyed through Interior/Exterior's blanket motion for summary judgment based on hypothetical facts. For the above and foregoing reasons as well as those previously presented by Mayeaux, Interior/Exterior's Motion for Partial Summary Judgment should be denied.

This 9th day of November, 2009

RESPECTFULLY SUBMITTED:
SHARON B. KYLE, A.P.L.C.

SHARON B. KYLE (La Bar Roll # 25437)
NANCY A. RICHEAUX (La Bar Roll # 29397)
STEVEN K. SCHILLING (La Bar Roll # 27635)
4960 Bluebonnet Blvd., Ste. A
Baton Rouge, Louisiana 70809
Telephone: 225/293-8400
Facsimile: 225/291-9501
Attorneys for Mayeaux Construction, Inc.

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Opposition has been served on Plaintiffs' Liaision Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 9th day of November, 2009.

_____
STEVEN K. SCHILLING