IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TIMOTHY PERRY AND <br> TRACEY PERREY | * <br> * <br> * | MDL DOCKET NO. 2047 |
| PLAINTIFFS | * <br> * | Judge Eldon E. Fallon |
| V. <br> KNAUF GIPS KG; <br> KNAUF PLASTERBOARD <br> TIANJIN COMPANY, LTD <br> SUN CONSTRUCTION, LLC <br> SUNRISE CONSTRUCTION, LLC <br> FICTITIOUS DEFENDANTS A-Z <br> DEFENDANTS | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | Mag. Judge Joseph C. Wilkerson, Jr. <br> Section L |

Case No. 2:09cv5500 L/2

## SUN CONSTRUCTION LLC'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT PURSUANT TO FRCP RULE 56.

**MAY IT PLEASE THE COURT:**

Timothy Perry and Tracy Perry filed their first amended complaint in the above captioned matter on or about September 28, 2009. In the complaint, Sun Construction, LLC is named as a Defendant and described as the builder of the home purchased by the Plaintiffs. In Count VII, the Plaintiff alleges that Sun Construction as the builder of their home breached the warranties

owed to the Plaintiffs, and in Count VIII allege that the builder breached its duty to use ordinary and reasonable care in the construction of that home.

On April 9, 2006 both Plaintiffs signed a purchase agreement for the home they purchased from Sun Construction. That purchase agreement provided for mandatory binding arbitration for any and all claims arising out of the sale of the home. (Ex. 1, p.2) At the Act of Sale for the home on February 16, 2007, the Plaintiffs signed the Bonded Builders Home Warranty Association warranty application (Ex.2) in which they agreed that all warranty claims would be resolved by the "final and binding alternative dispute resolution process" contained in the warranty agreement. (Ex. 3)

Miss.Code Ann.§11-15-103 provides that "parties....**may agree in writing to submit to arbitration**...any controversy thereafter arising between them relative to such contract or refusal to perform the whole or any part thereof. **Such agreement or provision shall be valid, enforceable, and irrevocable** without regard to the justifiable character of the controversy." (Emphases added). Arbitration is strongly favored under Mississippi law. The Mississippi Supreme Court has said, "Mississippi has long observed a policy of favoring agreements to arbitrate, and this Court hesitates to disturb an agreement that knowledgeable and experienced parties freely enter into." *Smith Barney v. Henry*, 755 So.2d 722,725 (Miss.2001) (quoting IP Timberlands Operating Co. v. Denmiss Corp., 726 So.2d 96 (Miss.1998)). Further, Section 2 of the Federal Arbitration Act ( FAA) provides that "[a} written provision in ...... a contract... to settle by arbitration a controversy thereafter arising out of such contract... shall be valid, irrevocable, and enforceable, save upon grounds at law or equity for the revocation of any contract." 9 U.S.C. § 2. The FAA creates a body of federal substantive law that is applicable in

both state and federal courts, and the case law in Mississippi favoring arbitration and case law under the FAA are consistent with one another. *Smith Barney*, 775 So.2d at 724-725.

Rather than following the mandatory alternative dispute resolution process provided in both the purchase and the warranty agreements, the plaintiffs made Sun Construction a defendant in these proceedings. Because such a filing is prohibited by the contracts between the parties and because Mississippi and federal law favor the enforcement of arbitration agreements, the plaintiffs' case against Sun Construction, LLC ought to be dismissed.

Respectfully submitted,

COUHIG PARTNERS, L.L.C.

BY: _/s/_
DAVID C. LOEB (LA Bar No. 8660)
LISA L. MAHER (LA Bar No. 21326)
643 MAGAZINE STREET, SUITE 300
NEW ORLEANS, LA 70130
Telephone 504-588-1288
Facsimile 504-588-9750
dloeb@couhigpartners.com
maherl@couhigpartners.com

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Sun Construction LLC's Memorandum In Support Of Motion For Summary Judgment Pursuant To Frcp Rule 56 has been served on Plaintiffs' Liaison Counsel, Russ Hermann at Drywall@hhkc.com, and Defendants' Liaison Counsel, Kerry Miller at Kmiller@frilot.com, and Homebuilder Sterring Committees' Counsel Hilarie Bass and Phillip A. Wittmann at pwittman@stonepigman.com and upon all parties by electronically


uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on the 10th day of November, 2009.

DAVID C. LOEB