# Exhibit F



# HERMAN, HERMAN, KATZ & COTLAR
L.L.P.
Attorneys at Law

820 O'KEEFE AVENUE, NEW ORLEANS, LOUISIANA 70113-1116
TELEPHONE: (504) 581-4892   FACSIMILE: (504) 561-6024
HTTP://WWW.HHKC.COM

Harry Herman (1914-1987)
Russ M. Herman*
Maury A. Herman*
Morton H. Katz*
Sidney A. Cotlar*
Steven J. Lane
Leonard A. Davis*
James C. Klick†

Stephen J. Herman
Brian D. Katz
Soren E. Gisleson

Joseph E. Cain
Jennifer J. Greene‡
John S. Creevy
Jeremy S. Epstein
Joseph A. Kott, M.D. J.D. (Of Counsel)

Offices in New Orleans and
Covington, Louisiana

* A Professional Law Corporation
† Also Admitted in Texas
‡ Also Admitted in Arkansas

This Firm and its Partners Are Also
Partners in Herman Gerel, LLP (Formerly
Herman, Mathis, Casey, Kitchens & Gerel, LLP)

October 21, 2009

Kerry Miller, Esq.
*FRILOT, PARTRIDGE, KOHNKE & CLEMENTS, LLC*
Suite 3600
1100 Poydras Street
New Orleans, LA 70163

Re:   *In re: Chinese-Manufactured Drywall Products Liability Litigation*
      **MDL 2047**

Dear Kerry,

This letter will follow up our meet and confer yesterday concerning ESI issues with various Defendants.

1. As you are aware, it has been the plaintiffs' position from the inception that the documents (the word "documents" used herein is used in its broadest sense) in this litigation should be produced in their native format.

2. In our meeting, the homebuilders suggested that we use search terms to identify documents that are discoverable. The PSC does not agree that search terms alone would be an acceptable method to identify discoverable documents. The homebuilders suggested that they would supply to the PSC a list of search terms that they believe that when used to search across their systems for the purposes of identifying relevant documents that they would produce, would be effective in location relevant documents. Plaintiffs should not be put in the position of having to supply defendants with the universe of search terms at an early stage of the litigation when the science and notice issues are still being developed, and where new defendants continue to be identified. While the PSC will review the search terms the homebuilders provide, it is our position that search terms would need to be used in conjunction with contextual searching techniques in order to make the search terms effective in locating relevant documents. The Federal Rules require Defendants to provide all responsive information. Defendants need to take all reasonable steps to identify and collect such information. We do not want gaps in productions both topically and by witness.

October 21, 2009
Page 2

Further, each entity may use its own internal lingo or shorthand for its products, policies, and processes. The PSC should not have to guess at search terms. As for the native format, the arguments are laid out in the letter brief we previously submitted, to the court plus the additional argument relating to translation we made at the hearing. The PSC again requests that a consistent production format or protocol be agreed to. We request all ESI produced in native format. We also want to make sure that all productions have a unique identifier attached so we can track productions.

3. The PSC requires Organizational Charts for each defendant as well as a list from each defendant as to the Key Document Custodians. We request that each defendant make available the 30(b)(6) Information Technology person that can best describe each entities computer system and data flow process. In addition, we have requested documentation describing the hardware and software utilized by each defendant. This will assist us in understanding the various computer systems.

4. It was the homebuilders' position that they know of no homes that used toxic Chinese drywall prior to January, 2005. While Taylor Morrison indicated that they do have one claim regarding a home built prior to 2005 claiming the use of toxic Chinese drywall, Taylor Morrison stated they did not believe that the use of toxic Chinese Drywall has been confirmed. Based upon the information in the possession of the members of the PSC, we do have homes that were built prior to 2005 that have been built with toxic Chinese drywall. We are willing to discuss with the DSC an agreeable method to share this information so that we would be able to obtain production of pre-2005 documents. Again, in order not to delay production, the PSC has no objection to a rolling production. Defendants can begin with post 2005 data first and follow that with pre-2005 production data.

5. One of the homebuilders, Taylor Morrison, objected to producing documents that relate to homes built outside the State of Florida and solely Florida ESI. Taylor Morrison claims that they are a world-wide company and that the information outside of Florida would be irrelevant. Clearly, the information outside of Florida is relevant in and of itself and may lead to other relevant information. Specifically, any information regarding the use of toxic Chinese drywall in home anywhere in the United States would be relevant as this is a multi-district litigation where cases filed in any jurisdiction in the United States would be referred to Judge Fallon. Secondly, the use of toxic Chinese drywall anywhere would be discoverable as once any defendant received notice that there was something wrong with the drywall that they were using or distributing, the dates of receipt of that information, the response they made, the investigation they conducted, what they learned, communications with co-defendants or others in the supply-chain are not only relevant, they are important. Also internal discussions are relevant and discussions with third parties whether in or out of Florida.

6. As to active data, data archived to backup media, disaster recovery drives, etc., what we need from each defendant is the document retention protocols so that we will know from each defendant what is readily available on an active server as opposed to what is maintained on backup media. After we receive that information we would then be in a position to discuss

October 21, 2009
Page 3

    with you a proper protocol for discovering information that might be stored on back-up media.

7. We also need to discuss what is being searched i.e. active server, local machines, laptops, removable media, etc. We want to be sure all data is captured and trust Defendants will assure this is done.

Due to the time schedule set forth by Judge Fallon, the PSC is demanding that the documents that are discoverable be produced in their native format with Concordance load files to the offices of Parker Waichman Alonso LLP, 111 Great Neck Road, 1st Floor, Great Neck, New York 11021, Attention: Roy Cronin within the next seven (7) days. Jeff Grand, Jerry Parker, Steve Herman and myself are available to discuss these issues further should defendants desire. Please coordinate all ESI discussions through us.

Sincerely,

LEONARD A. DAVIS

cc: PSC