# Exhibit I



Oct 14 2009
5:48PM

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL No. 2047 |
| This Document Relates to Case No. 09-4119 | * * | SECTION: L |
| | * * | JUDGE FALLON |
| | * * * | MAGISTRATE JUDGE WILKINSON |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### KNAUF PLASTERBOARD (TIANJIN) CO., LTD.'S OBJECTIONS AND RESPONSE TO PLAINTIFF STEERING COMMITTEE'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT(S) (MANUFACTURER)

Knauf Plasterboard (Tianjin) Co., Ltd., ("KPT") by and through its attorneys, Baker McKenzie, LLP and Frilot L.L.C., object and respond pursuant to Federal Rule of Civil Procedure 34 to the Plaintiff's Steering Committee's ("PSC") First Request for the Production of Documents and Things to Defendant(s):

#### GENERAL OBJECTIONS TO TIMING AND ESI PRODUCTION

Due to the expedited schedule for the above-captioned litigation, Defendant(s) shall produce the following documents and things <u>within 7 days</u> from the service of this document, or at such other time as ordered by the Court.

**OBJECTION:** KPT objects to the request that documents are produced within seven (7) days. KPT is producing documents relevant to the litigation on an expedited basis. Because of Chinese state secret laws, KPT must review the documents in mainland China to avoid a violation of Chinese state secret law before being transmitted outside of mainland China for review, which may cause a delay in production. KPT intends to provide documents as they become available through this review process and is providing initial documentation responsive to

this request which will be contemporaneous with this filing. KPT requests a specific meet and confer with respect to production of Electronically Stored Information ("ESI") in order to define and narrow the production of ESI, pursuant to Federal Rule of Civil Procedure 26(f)(3)(c) before KPT produces ESI to Plaintiffs. KPT further objects to producing ESI in "its native usable format" and that such a request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. KPT objects to this request to the extend compliance with it would require retrieval of ESI that is not reasonable accessible or, its production would violate Chinese law. To the extent that the burden and expense attendant to the retrieval of ESI substantially outweighs any benefit or probative value, KPT will request appropriate cost-shifting provisions or may otherwise object to the production.

## DEFINITIONS & INSTRUCTIONS

1.  Whenever used in this Request, the following terms shall have the following meanings:

**OBJECTION:** KPT will object to particular definitions immediately after that definition, if there is no objection, KPT is not making one at this time.

(a) "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

(b) "Computer" means all devices utilizing microchips to facilitate processing, analysis, or storage of data, including microcomputers (also known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (also known as personal digital assistants or PDA's), minicomputers and mainframe computers.

**OBJECTION:** KPT objects to the definition of "Computer" to the extent it is broader than or conflicts with KPT's obligation to preserve or produce documents pursuant to Rules 26 and 34, or any order of the Court.

(c) "Concerning" means relating to, referring to, describing, evidencing, embodying, or constituting.

(d) "Document" is defined to be synonymous in meaning and equal in scope to

2

the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. Documents shall include all drafts, including drafts with "track changes," and shall be deemed to be separate documents within the meaning of this term.

**OBJECTION**: KPT objects to the definition of "Document" to the extent it is broader than or conflicts with KPT's obligation to preserve or produce documents pursuant to Rules 26 and 34, or any order of the Court.

(e) "Electronically stored information" or "ESI" means the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings and data compilations in any form, and of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. ESI includes, by way of example only, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts and transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail displaying full e-mail alias's (not merely "display names"), electronic calendars, IM logs, PBX logs, document management system data, operating systems, all metadata, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said ESI consists in an active file, deleted file or file fragment. Electronically stored information includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Zip disks, Jaz cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, EPROM, PROM, RAM and ROM, on or in any other vehicle for digital data storage and transmittal. The term ESI also includes the file, folder tabs and containers and labels appended to, or associated with, any physical storage device associated with each original and copy.

**OBJECTION**: KPT objects to the definition of "ESI" to the extent it is broader than or conflicts with KPT's obligation to preserve or produce ESI pursuant to Rules 26 and 34, or any order of the Court.

(f) "Electronic media" means any magnetic or other storage media device used to record electronically stored information. Electronic media devices may include computer memories, hard disks, floppy disks, CD-ROM, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, EPROM, PROM, RAM and ROM, or on or in any other vehicle for digital data storage and transmittal.

**OBJECTION:** KPT objects to the definition of "Electronic media" to the extent it is broader than or conflicts with KPT's obligation to preserve or produce pursuant to Rules 26 and 34, or any order of the Court.

(g) "CPSC" means the Federal Consumer Product Safety Commission, any committee, subcommittee or advisory committee thereto, and any person, employee or agent acting as a representative thereof.

(h) "EPA" means the Environmental Protection Agency, any committee, subcommittee or advisory committee thereto, and any person, employee or agent acting as a representative thereof.

(i) "CDC" means Centers for Disease Control and Prevention's (CDC's) Division of Environmental Hazards and Health Effects within the National Center for Environmental Health (NCEH), any committee, subcommittee or advisory committee thereto, and any person, employee or agent acting as a representative thereof.

(j) "ATSDR" means Agency for Toxic Substances and Disease Registry, any committee, subcommittee or advisory committee thereto, and any person, employee or agent acting as a representative thereof.

(k) "Identify" with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(l) "Identify" with respect to documents, means to give, to extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

(m) "Including" or "includes" means including, without limitation.

(n) "Defendant," "you," or "your" means KPT, and any of its domestic or international predecessors in interest, successors in interest, subsidiaries, divisions, subdivisions, affiliates, officers, directors, employees, representatives, independent contractors, consultants, or agents, whether present or former, including but not limited KPT, and including attorneys and accountants.

**OBJECTION:** KPT objects to the definition of "Defendant," "you" or "your," to the extent it is broader than or conflicts with KPT's obligation to preserve or produce pursuant to Rules 26 and 34, or any order of the Court. KPT is an independent Chinese company, and will only produce relevant documents within its possession or control. KTP has no obligation to

4

produce documents of "affiliates," which had no involvement in the manufacture and sale of Chinese drywall into the United States. KPT further objects to the extent this definition would require the production of documents protected by the attorney-client privilege, attorney-work product, any other applicable privilege, or Chinese state secret or privacy laws.

(o) "Chinese drywall" relates to drywall, plasterboard, or wallboard manufactured in China.

**OBJECTION**: KPT objects to the definition of "Chinese drywall" on the ground that it is overly broad. KPT will produce documents in its possession and control relating to drywall that it manufactured and was sold, transported or shipped to the United States.

(p) "Quality Assurance Methods" means the testing or other protocols used to ensure the ultimate quality and consistency of drywall, plasterboard, or wallboard, including, but not limited to, the stages of production at which tests were performed, if any; testing of raw materials used for production if any; specific types of testing performed, if any; and, periodic chemical composition tests on the final product, if any.

(q) "Process Control" means the on-line or real-time measurements and corrective actions, processes and protocols used to ensure the proper operation of a manufacturing process for its drywall, including, but not limited to, the amounts, quantities and qualities of raw materials employed, the types of monitoring devices utilized, if any; the frequency with which measurement devices were calibrated, if ever; and, the frequency of which production and measurement equipment was inspected for wear, corrosion, or other damage, if ever.

(r) "Manufacturing Methods" mean the protocol or specifications for manufacturing drywall.

(s) "Test" or "Tests" means all tests, inspections, checks, studies, evaluations, measurements, and analyses of drywall and the materials and compounds which make up the same, into or of the composition, chemical or physical properties, performance, life expectancy, and formulation thereof.

**OBJECTION**: KPT objects to the definition of "Test" or "Tests" to the extent it this definition would require the production of documents protected by the attorney-client privilege, attorney-work product, data of non-testifying experts collected in anticipation of litigation, any other applicable privilege, or limitations on production imposed by Chinese state secret or privacy laws.

   (t) "Person" means any natural person or any business, legal, or governmental entity or association.

   2. The following rules of construction apply to all discovery requests:

   (a) The terms "all" and "each" shall be construed as all and each;

   (b) The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

   (c) The use of the singular form of any word includes the plural and vice versa; and

   (d) Requests that are stated in the present tense include the past tense and those in the past tense include the present tense.

   3. Unless otherwise specifically stated, this Request encompasses documents, which were created, received, or generated or otherwise entered into your possession, custody, or control between January 1, 2001 and the current date (the "Relevant Time Period").

**OBJECTION:** KPT objects to the definition of "Relevant Time Period" on the grounds that it is overly broad and unduly burdensome and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. KPT refers the PSC to its Defendant Profile Form, in which it disclosed all shipments to the continental United States. KPT's drywall was imported to the continental United States from January 2006 to September 2006 only, and manufactured from November 2005 through August 2006. Therefore, KPT objects to producing documents relating to its Quality Assurance Methods, Process Control or Manufacturing Methods prior to January 1, 2005 and after December 2006.

   4. Any document falling within the scope of this Request that is withheld on the basis of a claim of privilege, work product, or any other ground is to be identified in a privilege log, produced in an electronic format that allows text searching and organization of data. Defendant shall produce a privilege log within 7 days after the production of documents for which privilege is asserted to apply. For each document for which Defendant asserts a privilege applies, it must provide in the privilege log: (a) a statement of the ground alleged for withholding such document; (b) the date of the document; (c) the location of any attachments associated with the document and whether the asserted privilege also applies to such attachments; (d) the identity of its author and signatories; (e) the type of document (*e.g.*, letter); (f) a summary of its content; (g) its present location and custodian; and (h) a listing of

all persons to whom the contents of such documents have been disclosed and all persons who have or have had possession, custody, or control of the documents (or any portions thereof), pursuant to Federal Rule of Civil Procedure 45(d)(2). Notwithstanding the assertion of an objection, any purportedly privileged document containing non-privileged matter must be disclosed with the purportedly privileged portion redacted, with the redacted portion indicated on the document itself and listed on the privilege log to be provided pursuant to this paragraph.

To assist in the prompt resolution of disputed claims of privilege, Defendant shall submit to the Court under seal, unredacted copies of all documents for which it asserts a privilege.

**OBJECTION:** KPT objects to this Instruction in its entirety. KPT will comply with the Court's order with respect to privileged documents and prepare a privilege log.

5. If you are unable to comply fully with any of the specific requests, you shall comply to the extent possible and provide an explanation as to why full compliance is not possible. In the event that any documents called for by this Request were formerly in your possession, custody or control, or have been lost or destroyed, those documents are to be identified in writing as follows: persons who prepared or authorized the documents indicated or blind copies; dates of preparation or transmittal; subject matter; number of pages, attachments or appendices; all persons to whom distributed, shown or explained; date or dates of loss or destruction; and if destroyed, the manner of destruction, reason for destruction, persons authorizing destruction and persons destroying the documents.

**OBJECTION:** KPT objects to this Instruction to the extent it is broader than or conflicts with KPT's obligation to preserve, produce or respond pursuant to Rules 26 and 34, or any order of the Court.

6. This Request is directed to all documents within your possession, custody or control, or within the possession of any agent of Defendant, or within the possession of any entity associated with Defendant, or within the possession, custody, or control of such entity's directors, officers, agents, servants, employees, consultants, and professionals.

**OBJECTION:** KPT objects to this Instruction to the extent it is broader than or conflicts with KPT's obligation to preserve or produce pursuant to Rules 26 and 34, or any order of the Court. KPT is an independent Chinese company, and will produce relevant documents within its possession or control pursuant to Federal Rule of Civil Procedure 34. KPT further objects to the extent this Instruction would require the production of documents protected by the