# Exhibit J



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED DRYWALL  
PRODUCTS LIABILITY LITIGATION

MDL DOCKET: 2047

SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

**THIS DOCUMENT RELATES TO ALL CASES**
_____/

## RESPONSE AND OBJECTIONS TO THE PLAINTIFFS' STEERING COMMITTEE'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO TAYLOR MORRISON SERVICES, INC. AND TAYLOR WOODROW COMMUNITIES AT VASARI, LLC.

**GENERAL OBJECTIONS (APPLICABLE TO ALL REQUESTS):**

1. Taylor Morrison Services, Inc., "Taylor Morrison" and Taylor Woodrow Communities at Vasari, LLC., "Taylor Woodrow" object to and will not produce documents falling within the scope of the attorney client or work product privileges.

2. Taylor Morrison and Taylor Woodrow object to production of ESI, until an appropriate order is entered governing the production of such information. Among other things, this Court must determine which party will pay for the costs of investigation and production of ESI, whether "native format" documents must be produced, whether ESI documents must be recopied for the PSC, and many other issues. These defendants offer to attend a "meet and confer" with the PSC to determine, among other things, appropriate search terms for researching responsive ESI. Much of the ESI documentation is not "readily accessible". Moreover, the request is not specifically tailored to discover relevant information, would be unduly expensive, and is unreasonable as there are only 3-4 current MDL plaintiffs suing these defendants.

3. Taylor Morrison and Taylor Woodrow object to the scope of the document request to the extent that it seeks documents beginning in 2001, and requests documentation from Defendants geographic regions that have no Chinese Drywall claims. With one possible exception, there are no pending claims for defective drywall that was delivered to Taylor Morrison or Taylor Woodrow prior to 2005, or for any homes with Chinese drywall that were built by these Defendants prior to 2005. Moreover, all Chinese Drywall complaints relative to these defendants are limited to homes built in west and southwest Florida (Pasco, Lee, Manatee, Hillsborough, Sarasota, Charlotte, Collier counties).

4. Taylor Morrison and Taylor Woodrow object to the scope of the document request to the extent that it seeks information relative to homeowners who are not named plaintiffs or who have not filled out profile forms in this MDL case. These requests seek the premature identification of potential class members. Moreover, the documentation is not likely to lead to the discovery of admissible evidence relative to the Plaintiffs in this case.

5. Taylor Morrison and Taylor Woodrow object to and will not produce documents related to financial discovery, since these documents are not likely to lead to the discovery of admissible evidence, until after judgment is entered.

6. Taylor Morrison and Taylor Woodrow object to and will not produce documents relating to all "subsidiaries or affiliates of defendant". Taylor Morrison's ownership structure has been previously disclosed in this proceeding. Taylor Morrison and Taylor Woodrow will produce documents relating to affiliates or subsidiaries that built homes within the State of Florida from 2005 through present, for MDL Plaintiffs or individuals filling out Plaintiff's profile forms. It is unduly burdensome to request documents from subsidiaries or affiliates that were not building homes within the State of Florida during the relevant time and that are not

2

parties to this lawsuit. All putative class actions or individual lawsuits against these defendants relate only to homes built in the State of Florida.

**RESPONSES:**

1. Subject to the foregoing general objections, Taylor Morrison and Taylor Woodrow will make available all documents falling within these categories. A number of these documents are filed within the public records and are readily accessible to the Plaintiffs. Nevertheless, these documents will be made available at a mutually convenient time and location.

2. Subject to the foregoing general objections these documents will be made available at a mutually convenient time and location.

3.(a)(b) Subject to the foregoing general objections these documents will be made available.

3.(c) Taylor Morrison and Taylor Woodrow object and will not produce the documents showing financial ownership of the Defendants. The documents requested will not likely lead to the discovery of admissible evidence prior to judgment.

3(d) Taylor Morrison and Taylor Woodrow object and will not produce the documents showing financial ownership of the Defendants. The items requested will not likely lead to the discovery of admissible evidence prior to judgment.

4. None exist. Taylor Morrison and Taylor Woodrow did perform inspections of certain homes after learning of the drywall problem and Taylor Morrison and Taylor Woodrow's internal documents concerning these inspections as to the plaintiffs will be made available. Documents concerning Environ's inspections (assuming that they are even responsive to this request) fall within the scope of the work product privilege.

5. None exist.

6. Taylor Morrison and Taylor Woodrow object on the grounds that this request is beyond the scope of proper prejudgment discovery. Taylor Morrison and Taylor Woodrow intend to file a motion for protective order with regard to this request.

7. Taylor Morrison and Taylor Woodrow object on the grounds that this request is overbroad and impossible to respond to. The PSC has agreed to narrow down this request after a "meet and confer session" with the HSC, since this would theoretically require the production of every building permit request and inspection of every home built during the relative period.

8. Taylor Morrison and Taylor Woodrow object to producing these documents. These documents are public record and are accessible "online" by the Plaintiffs.

9. Taylor Morrison and Taylor Woodrow have no such documents, with the exception of inspections of drywall once the problem was discovered. Guidelines for the inspection protocol have previously been produced.

10. Such documents will be made available at a mutually convenient time and place.

11. Defendants object, as any such documents fall under the scope of attorney client privilege. Counsel for Taylor Morrison and Taylor Woodrow has taken appropriate action to make sure the documents are not destroyed.

12. The policies have previously been produced. They are available to be copied again if the Plaintiffs might desire. Defendants are not sure what the request for "policies of related entities" means.

13. Such documents will be made available at a mutually convenient time and place.

14. Defendants object to this request on the grounds that it is overbroad and difficult to understand. Subject to the objection, such documents will be made available at a mutually

4

convenient time and location, except joint defense agreements between the Defendants. Joint defense agreements are privileged but will be provided to the Court upon request.

15. Taylor Morrison and Taylor Woodrow have certain contractual provisions requiring subcontractors to use U.S. drywall (not Chinese drywall). All subcontracts will be made available at a mutually convenient time and place. There are no "standards for Chinese drywall" since these Defendants never expected to receive any such drywall.

16. Taylor Morrison and Taylor Woodrow have no such documents since any such drywall was purchased by subcontractors.

17. Taylor Morrison and Taylor Woodrow have no such documents.

18. Taylor Morrison and Taylor Woodrow have no such documents for the time period and geographic area set forth in the general objections, other than subcontracts which show who the subcontractor was for particular subdivisions. Said subcontracts will be made available at a mutually convenient time and place. These Defendants have no knowledge as to all of the importers or suppliers from which the subcontractors purchased materials.

19. Taylor Morrison and Taylor Woodrow have no such documents.

20. Taylor Morrison and Taylor Woodrow have no such documents.

21. Subject to the general objections asserted above and documents protective by joint defense agreements, Defendants will make available these documents at a mutually convenient time and place. These Defendants did not purchase, install, or store Chinese drywall.

22. Taylor Morrison and Taylor Woodrow will make available such documents at a mutually convenient time and place. As stated above, these Defendants did not purchase, install or store any such Chinese drywall.

23. Taylor Morrison and Taylor Woodrow will make available such documents at a mutually convenient time and place. As stated above these Defendants did not purchase, install or store any such Chinese drywall.

24. Unknown. The only state in which Chinese drywall has been confirmed in Taylor Morrison or Taylor Woodrow built homes is Florida. Therefore, such documents will be made available relative to Florida, which is the only state in which Taylor Morrison has been sued.

25. Taylor Morrison and Taylor Woodrow object on the grounds that this request is not likely to lead to the discovery of admissible evidence. Documents that do not relate to MDL Plaintiffs or those who have filled out a Plaintiff's Profile Form are not relevant or likely to lead to admissible evidence in these proceedings. Moreover, this Court has already denied this relief to the PSC in connection with the PSC's "Motion to Protect Class".

26. Taylor Morrison and Taylor Woodrow have no such documents.

27. Taylor Morrison and Taylor Woodrow have no such documents. Defendants have no inventory of Chinese drywall.

28. Taylor Morrison and Taylor Woodrow have no such documents.

29. Taylor Morrison and Taylor Woodrow have already produced these documents in connection with the Court's order requesting identification information of Chinese drywall.

30. Taylor Morrison and Taylor Woodrow object on the grounds that this request is not likely to lead to the discovery of admissible evidence. Documents that do not relate to MDL Plaintiffs or those who have filled out a Plaintiff's Profile Form are not relevant or likely to lead to admissible evidence in these proceedings. Moreover, this Court has already denied this relief to the PSC in connection with the PSC's "Motion to Protect Class". These documents will be

made available with respect to the named Plaintiffs or any person filling out of Plaintiff Profile Form.

31.     Taylor Morrison and Taylor Woodrow will make available such documents at a mutually convenient time and place.

32.     Subject to the joint defense privilege, Taylor Morrison and Taylor Woodrow will made available such documents at a mutually convenient time and place.

33.     Taylor Morrison and Taylor Woodrow will make available such documents at a mutually convenient time and place.

34.     Taylor Morrison and Taylor Woodrow will make available such documents at a mutually convenient time and place.

35.     Taylor Morrison and Taylor Woodrow have no such documents.

36.     Inspection protocols have already been produced, as well as the repair protocol. Documents obtained by the Defendants' consultant fall within the scope of the work product and attorney client privileges and Taylor Morrison and Taylor Woodrow therefore object to the production of these documents. Any documents relating to inspections or repairs of specific residences that are not MDL Plaintiffs or who have not filled out the Plaintiffs Profile Forms are not likely to lead to the discovery of admissible evidence and the Defendants object to such production.

37.     Taylor Morrison and Taylor Woodrow have already produced the documents as they relate to the protocols. Defendants object to the production of repair agreements for non-MDL plaintiffs as they are not relevant or likely to lead to admissible evidence in these proceedings. Moreover, this Court has already denied this relief to the PSC in connection with the PSC's "Motion to Protect Class"

38. Taylor Morrison and Taylor Woodrow objects to this request to the extent that it calls for documents falling within the work product and attorney client privileges. These defendants will make available non-privileged documents at a mutually convenient time and location.

39. Taylor Morrison and Taylor Woodrow will make available such documents at a mutually convenient time and place. Policies have already been produced.

40. Taylor Morrison and Taylor Woodrow object on the grounds that this request is not likely to lead to the discovery of admissible evidence. Documents that do not relate to MDL Plaintiffs or those who have filled out a Plaintiff's Profile Form are not relevant or likely to lead to admissible evidence in these proceedings. Moreover, this Court has already denied this relief to the PSC in connection with the PSC's "Motion to Protect Class". These documents will be made available with respect to the named Plaintiffs or any person filling out of Plaintiff Profile Form.

41. Taylor Morrison and Taylor Woodrow object to this request on the grounds that it is overbroad and impossible to understand. Subject to this objection, inspection and repair protocols have already been produced.

/s/ Neal A. Sivyer
Neal A. Sivyer
Florida Bar No. 373745
nsivyer@sbwlegal.com
Stephen E. Walker
swalker@sbwlegal.com
Florida Bar No. 0497851

SIVYER BARLOW & WATSON, P.A.
401 E. Jackson Street, Suite 2225
Tampa, Florida 33602
Telephone: (813) 221-4242
Facsimile: (813) 227-8598
*Attorneys for Taylor Morrison Services, Inc., and Taylor Woodrow Communities at Vasari, LLC*

## CERTIFICATE OF SERVICE

I HEREBY certify that on October 13, 2009, the foregoing document is being served on Plaintiffs' Liaison Counsel, Russ M. Herman, Herman, Herman, Katz & Cotlar, LLP, 820 O'Keefe Avenue, Suite 100, New Orleans, LA 70113 and all counsel of record upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No.: 6.

/s/ Neal A. Sivyer
Attorney