# Exhibit K



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL No. 2047 |
| THIS DOCUMENT APPLIES TO ALL CASES | * * | SECTION: L |
| | * * | JUDGE: FALLON |
| | * * | MAGISTRATE JUDGE WILKINSON |

*****************************************

## DEFENDANTS', LENNAR CORPORATION, LENNAR HOMES, LLC f/k/a LENNAR HOMES INC., AND U.S. HOME CORPORATION, RESPONSE AND OBJECTIONS TO PLAINTIFF STEERING COMMITTEE'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT(S) (BUILDER)

Pursuant to the Federal Rules of Civil Procedure, Defendants, Lennar Corporation, Lennar Homes, LLC f/k/a Lennar Homes Inc., and U.S. Home Corporation (collectively, the "Lennar Defendants"), by and through their undersigned counsel, hereby submit their Response and Objections to Plaintiff Steering Committee's First Request for the Production of Documents and Things to Defendants(s) (Builder) ("First Request").

### GENERAL OBJECTIONS

1.     The Lennar Defendants object to the First Request as a whole as overly broad, unduly burdensome and not reasonably calculated to the discovery of admissible evidence in that it seeks information from each of the named defendants and any "domestic or international predecessors in interest, successors in interest, subsidiaries, divisions, subdivisions, affiliates, ..., independent contractors, [and] consultants...," without any limitation as to whether the related

party or entity had any involvement with the Chinese drywall at issue in this litigation. The Lennar Defendants have hundreds of subsidiaries or affiliates whose businesses do not involve homebuilding and which had no involvement with Chinese drywall. Subject to and without waiving their objection, the Lennar Defendants agree to produce non-privileged, responsive documents for their subsidiaries or affiliates that are named in this multidistrict litigation ("MDL") or that the Lennar Defendants reasonably believe may have had an involvement with the defective Chinese drywall at issue by virtue of their receipt of a demand letter or notice pursuant to Chapter 558, Florida Statutes ("558 Notice"), pertaining to defective Chinese drywall ("Designated Defendants").

2.  The Lennar Defendants object to the First Request as a whole as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks massive amounts of information not limited to the named plaintiffs against the Lennar Defendants in this litigation. Subject to and without waiving their objections, the Lennar Defendants agree to produce non-privileged, responsive documents, if any, to the extent they exist in the files relating to the homes owned or occupied by the named MDL Plaintiffs.

3.  The Lennar Defendants object to the First Request as a whole to the extent it seeks information protected by the attorney-client privilege and work-product doctrine (*i.e.*, information from the Lennar Defendants' attorneys and accountants).

4.  The Lennar Defendants object to the First Request as a whole as overly broad, unduly burdensome and vague in that many of the specific requests are not tailored to the scope of the Lennar Defendants' business and could be subject to multiple interpretations.

5.  The Lennar Defendants object to the First Request, and, in particular, its "Definitions and Instructions," to the extent they seek to impose obligations beyond the

requirements of the Federal Rules of Civil Procedure and beyond the scope of permissible discovery.

6. The Lennar Defendants object to producing any electronically-stored information ("ESI") until a reasonable amount of time after the Court rules on the parties' objections to the production of ESI, including without limitation, any requests for appropriate cost-shifting provisions. The Lennar Defendants have literally dozens of users whose computers and electronic storage media will have to be collected and searched. The Lennar Defendants further object to producing ESI until the parties can reach agreement on a set of search terms, which will be used to narrow the scope of potentially responsive documents, or until the Court enters an ESI production order setting forth the scope of a reasonable search. The Lennar Defendants further object to producing ESI in "its native usable format" in that such a request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The Lennar Defendants further object to this request to the extent compliance with it would require retrieval of ESI that is not reasonably accessible. The Lennar Defendants further object to this request in that the burden and expense attendant to retrieval of ESI substantially outweigh any benefit or potential probative value. Subject to and without waiving their objections, the Lennar Defendants agree to "meet and confer" with the Plaintiffs' Steering Committee to resolve some or all of the various objections to ESI production set forth herein.

7. The Lennar Defendants object to paragraphs 4 and 5 of the "Definitions and Instructions" section of the First Request to the extent that it imposes obligations on the Lennar Defendants that differ from those set forth in Pretrial Order #15.

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

- 3 -

## RESPONSES & OBJECTIONS TO SPECIFIC REQUESTS

### REQUEST NO. 1:

All articles of incorporation, charters, and by-laws, including any amendments thereto of Defendant's, including any subsidiaries or affiliates of Defendant.

### RESPONSE TO REQUEST NO. 1:

The Lennar Defendants object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is not limited to the Lennar Defendants' subsidiaries or affiliates that are either named in this MDL, or that the Lennar Defendants reasonably believe may have had an involvement with the defective Chinese drywall at issue.

Subject to and without waiving their objections, the Lennar Defendants agree to produce non-privileged, responsive documents for the Designated Defendants.

### REQUEST NO. 2:

All documents generated by, prepared for, reviewed by, received by, or concerning Defendant's Board of Directors, or any committee thereof or authorized thereby, concerning Chinese drywall or of problems with the drywall, including any symptoms of the drywall's presence such as smells or odors, air conditioning unit or component replacement, corrosion of metals, electrical and/or plumbing systems or components, and any related health and safety concerns, issues, or claims, including any presentation to the Board of Directors, any resolution, any minutes of meetings, and any notes or memoranda of any attendee or Board member.

### RESPONSE TO REQUEST NO. 2:

The Lennar Defendants object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is not limited to the Lennar Defendants' subsidiaries or affiliates that are either named in this MDL, or that the Lennar Defendants reasonably believe may have had an involvement with the defective

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

- 4 -

**REQUEST NO. 40:**

**All notices to any property owners and/or tenants, that their property and/or other properties contain Chinese drywall.**

**RESPONSE TO REQUEST NO. 40:**

The Lennar Defendants object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it: (a) is not limited to the Lennar Defendants' subsidiaries or affiliates that are either named in this MDL, or that the Lennar Defendants reasonably believe may have had an involvement with the defective Chinese drywall at issue; and (b) seeks information regarding drywall installed in homes owned or occupied by persons or entities that are not named plaintiffs in this MDL No. 2047.

Subject to and without waiving their objections, the Lennar Defendants agree to produce non-privileged, responsive notices sent by the Lennar Defendants to the named MDL Plaintiffs relating to the possibility that their property may contain Chinese drywall.

**REQUEST NO. 41:**

**All documents and communications concerning or referencing in any way any inspection, testing, repair, and/or remediation protocols relating to Chinese drywall.**

**RESPONSE TO REQUEST NO. 41:**

The Lennar Defendants object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it: (a) is not limited to the Lennar Defendants' subsidiaries or affiliates that are either named in this MDL, or that the Lennar Defendants reasonably believe may have had an involvement with the defective Chinese drywall at issue; and (b) seeks information regarding drywall installed in homes owned or occupied by persons or entities that are not named plaintiffs in this MDL No. 2047. The

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

Lennar Defendants further object to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "all" documents referencing "in any way" various items. The Lennar Defendants further object to this request to the extent it seeks documents protected by the attorney-client privilege and work-product doctrine.

Subject to and without waiving their objections, the Lennar Defendants agree to produce a non-privileged, responsive document describing the current inspection and repair protocol associated with the repair of homes that contain defective Chinese-manufactured drywall, which continues to evolve over time.

Dated: October 13, 2009.

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
*Attorneys for Lennar Corporation, Lennar Homes, LLC, and U.S. Home Corporation*
1221 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717
E-mail: bassh@gtlaw.com

By: s/ Hilarie Bass
    HILARIE BASS
    Florida Bar No. 334323

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **Defendants', Lennar Corporation, Lennar Homes, LLC f/k/a Lennar Homes Inc., and U.S. Home Corporation, Response and Objections to Plaintiff Steering Committee's First Request for the Production of Documents and Things to Defendant(s) (Builder)** has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, on this 13th day of October, 2009.

s/ Hilarie Bass
HILARIE BASS

- 36 -

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com