UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047

SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
ALL CASES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**O R D E R**

Upon Consideration of the Plaintiffs' Steering Committee's Motion to Compel Production of Document in Response to the PSC's First Request for Production of Documents, and Defendants' response, it is hereby **ORDERED** that Plaintiffs' Motion is **GRANTED** and Defendants shall immediately commence production of responsive documents, which shall be completed on a rolling basis, consistent with the schedule defined herein.

It is **FURTHER ORDERED THAT**,

1.  In order to facilitate a prompt and efficient production of the most-relevant documents relating to the claims and defenses in this litigation, Defendants who have in excess of 1 gigabyte of electronically-stored information ("ESI") shall, within four (4) days of entry of this Order, propose search terms and procedures to be applied to potentially-relevant ESI in its possession.

    a.  The PSC shall be provided with an opportunity to propose additions or amendments to the search procedures and terms proposed by Defendants; and

    b. The PSC's agreement to the use of such search procedures and terms shall not be construed as a waiver of their right to request subsequent searches and productions; particularly where there is a showing that the agreed-to search terms and procedures have resulted in inadequate productions or failed to identify relevant materials.

2. Defendants shall commence its production of ESI no later than ten (10) days after the parties have agreed to search terms and procedures. The production shall continue on a rolling basis and be completed within two (2) weeks. For those Defendants having less than 1 gigabyte of ESI material, production shall commence as soon as reasonably possible following entry of this Order.

3. For documents that originally existed only in hard copy format, Defendants shall convert such documents into an electronic format as follows:

    a. All production document images will be provided as single-page Tagged Image File Format ("TIFFs" or ".tiff format"). All images generated from hard copy documents shall be scanned as black and white images at 300 d.p.i. resolution and shall be saved and produced in a Group 4 compression single-page "TIFF" format and reflect, without visual degradation, the full and complete information contained on the original document. Defendants shall produce a Concordance "load file" to accompany the images, which load file shall include information about where each document begins and ends to facilitate the use of the produced images through a document management or litigation support database system, such as Concordance.

b.  If an original document contains color, Defendants shall honor reasonable requests for either the production of an original document for inspection and copying or production of a color image of the document.

c. Each page of a hard copy document shall be scanned into an image and if a document is more than one page, the unitization of the document and any attachments shall be maintained as it existed in the original when creating the image file.  For documents that contain fixed notes, the pages will be scanned both with and without the notes and those pages will be treated as part of the same document.  The relationship of documents in a document collection (e.g., cover letter and enclosures, email and attachments, binder containing multiple documents, or other documents where a parent-child relationship exists between the documents) shall be maintained through the scanning or conversion process.  If more than one level of parent-child relationship exists, documents will be kept in order, but all will be treated as children of the initial parent document.  Such information shall be produced to Plaintiffs in the load file and Objective Coding, as defined herein, in a manner to enable the parent-child relationship among documents in a document collection to be reconstituted by Plaintiffs in commercially available document management software.

d. Defendants shall produce such documents on CD-ROM, DVD, external hard drive, or such other readily accessible computer or electronic media as the parties may hereafter agree upon (the "Production Media").  Each piece of Production Media shall identify a production number corresponding to the production "wave" the documents and the Defendant on the Production Media

3

are associated with (e.g., for Knauf Plasterboard (Wuhu) Co., Ltd., "WUHU001"; "WUHU002"), as well as the volume of the material in that production wave (e.g., "-001"; "-002"). Additional information that shall be identified on the physical Production Media shall include: (1) the case number of the case in which it is produced, (2) the producing party's name, and (3) the production date. The type of materials on the media (e.g., "Documents", "OCR Text", "Objective Coding", etc.) and the Bates Number range(s) of the materials on the Production Media shall also be contained on the Production Media, and where not practicable to do so may be provided in an accompanying letter.

e. Each page of a produced document shall have a legible, unique page identifier ("Bates Number") electronically "burned" onto the image at a location that does not obliterate, conceal, or interfere with any information from the source document.

f. Defendants shall produce corresponding Optical Character Recognition (OCR) text files for all hard-copy documents and any electronic documents that require redaction prior to production. The OCR shall be produced in ASCII text format. These text files will be named with the unique Bates Number of the first page of the corresponding document followed by the extension ".txt." The OCR shall be produced in a manner suitable for importing the information into Concordance document management software.

g. If a Defendant chooses to objectively code certain documents for their own use, then with each production of such documents, Defendant shall produce

4

all such Objective Coding in the ASCII text file that accompanies the document production. If Defendant chooses to objectively code certain documents after the production of such documents, Defendant shall provide all such Objective Coding as soon as it is available to Defendant.

4. For documents that originally existed in an electronic format, Defendants shall produce ESI in native format, including all metadata and text files (extracted text) associated with such electronic documents. As to the native documents, Defendants will do the following:

   a. Defendant shall assign tracking numbers to each piece of Production Media containing native format documents, as described in paragraph 3(c).

   b. For all Production Media containing native format productions, Defendant shall provide an index, in the form of an Excel spreadsheet, containing the following information:

      1. A unique hash mark for each native file document;
      2. The directory and sub-directory location for each document;
      3. Creation date for each file;
      4. Last Modification date for each file;
      5. File size for each file; and
      6. A reference or Bates number for each document that corresponds with its assigned hash mark.

   c. Native files shall be produced with corresponding Concordance load files.

5. For any documents responsive to PSC document requests that Defendant has translated, Defendant shall produce both the original document (whether a native file or electronic document converted from a hard copy document) as well as any and all translations of the original document.

New Orleans, Louisiana, this _____ day of _____, 2009.

                                                                   _____
                                                                   ELDON E. FALLON
                                                                   UNITED STATES DISTRICT JUDGE