**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: ALL CASES AND | |
| Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al., Case No. 2:09-cv-6687 (E.D.La.) | |

**PLAINTIFFS' STEERING COMMITTEE'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY FROM DEFENDANTS, VENTURE-SUPPLY, INC. AND PORTER-BLAINE CORP.**

## I.    INTRODUCTION

The Plaintiffs' Steering Committee ("PSC") respectfully submits this Memorandum in support of its Motion to Compel Discovery from Defendants, Venture-Supply, Inc. ("Venture Supply") and Porter-Blaine Corp. ("Porter-Blaine") which have failed to produce all of its electronically stored information ("ESI") in its native format or provide any indication as to when it would be available.  The failure has resulted in the defendants refusal to commit to timely designate and produce a corporate designee to appear at and undergo a deposition at a time and date certain.   After weeks of negotiation with Defendants involving multiple meet-and-confer conferences and e-mail exchanges, the PSC has serious concerns that the timing of the corporate designee depositions, as well as the refusal to produce ESI in its native format will severely and irreparably prejudice Plaintiffs' ability to prepare for and conduct a trial in this matter.  While the PSC continues to meet and confer with defendants in an effort to reach an agreement on these issues, the need for expedited discovery warrants the instant motion to compel, which seeks the Court's

1

assistance in resolving these disputes.

Under the Court's guidance this MDL has been proceeding at an accelerated pace. In recognition of the seriousness of the claims at issue, this Court has scheduled (or is contemplating scheduling) the first trial in this MDL for January, 2010. As such, the PSC must be prepared and ready to go to trial on any action that the Court designates for trial. The PSC is concerned that the Defendants' discovery delays to date, and any further delays, will prejudice Plaintiffs at trial, as Plaintiffs will not have had the opportunity to review the relevant materials, depose key witnesses and fully discover the claims and defenses in this litigation. Therefore, the PSC respectfully requests that the Court grant its Motion to Compel in its entirety, and order Defendants to produce corporate designees to appear at, and undergo, a deposition during the period of December 1-11, 2009 and make a prompt and complete production of all responsive ESI documents in their native format.

## II.   __PROCEDURAL HISTORY__

Plaintiffs, Michelle Germano, Dennis & Sharon Jackson, Jason & Lisa Dunnaway, collectively brought a class action on behalf of themselves and other similarly situated owners and landlords against Defendants, Venture-Supply, Porter-Blaine and other defendants, by filing of a Complaint in the Eastern District of Virginia on or around May 1, 2009. Thereafter, Plaintiffs filed their First Amended Complaint and Defendants, Venture-Supply and Porter-Blaine filed their respective Answers to the Amended Complaint.[1] The Plaintiffs did not file any discovery in that action while it was pending in the Eastern District of Virginia. However, discovery was served upon Defendants, Venture-Supply and Porter-Blaine in a sister action entitled *Tuan Nguyen and Colleen Nguyen v. Venture-Supply, Inc., the Porter-Blaine Corp., Curb Appeal Home Builders, Inc.*, in

---

[1]     Yet, still another motion to amend the complaint is currently pending before the Court.

Norfolk Circuit Court, Case No. CL09-3105.  The discovery requests consisted of Interrogatories and Request for Production of Documents.  Both Venture-Supply and Porter-Blaine responded to the discovery requests on or around June 26, 2009.  *See* Responses attached hereto, collectively as Exhibit "A."

While the *Germano* action was still pending in the Eastern District of Virginia, the PSC, on or around September 2, 2009, pursuant to *Rules* 26 and 30(b)(6) of the Federal Rules of Civil Procedure, served a Notice of Deposition upon Venture-Supply and Porter-Blaine to be conducted on September 18, 2009.  Neither Venture-Supply, nor Porter-Blaine produced a corporate designee in response to the Notice of Deposition.  Rather, they requested that the depositions be rescheduled, which the PSC agreed to do.  On October 6, 2009, this action was ordered transferred to MDL 2047. Although lodged in this court for approximately one month,  Defendants refuse to timely designate and produce a corporate designee for a deposition, even though a trial date of January, 2010 is looming over the PSC and Plaintiffs.  *See* Notice of Depositions, attached hereto collectively as Exhibit "B."

Since the transfer by the JPML, the PSC met and conferred with Defendants, Venture-Supply and Porter-Blaine, regarding discovery issues such as:

- Serving the *Nguyen* discovery requests upon the Defendants in the MDL and Defendants entering into a Stipulation adopting the responses in the Virginia State Court actions;[2]

- Production of documents, especially ESI in native format, as well as the status of the investigation concerning back-up tapes, computer systems and responsive ESI; and,

---

[2]     The PSC served discovery requests on Defendants Venture-Supply and Porter-Blaine on or around November 6, 2009, which were identical to those served upon them in the *Nguyen* action.  The PSC is waiting to hear back from Venture-Supply and Porter-Blaine with respect to whether they will adopt or stipulate to their prior discovery responses in the *Nguyen* action.

-      Scheduling of 30(b)(6) Depositions.

*See Declaration of Richard Serpe*, attached hereto as Exhibit "C;" *see also*, E-mail of Richard Serpe to Defense counsel, dated November 9, 2009, attached hereto as Exhibit "D." Despite the need for the expedited discovery due to the first trial being conduction in January of 2010, both Defendants, Venture-Supply and Porter-Blaine, have refused to timely produce a corporate designee for a deposition and produce its ESI documents in their native format.

On November 9, 2009, the PSC reiterated its need for expedited discovery, and informed Defendants that unless the outstanding issues were resolved promptly, the PSC would file the instant Motion to Compel, and set if for hearing on November 19, 2009. *Id*. To date, Defendants have not complied with the PSC's requests. Therefore, the PSC respectfully moves this Court to compel Defendants to designate and produce a representative(s) to appear at and undergo a deposition during the period of December 1-11, 2009, and to produce all of its ESI documents in its native format.

## III.   DEFENDANTS' FAILURE TO TIMELY DESIGNATE AND PRODUCE A CORPORATE DESIGNEE FOR A DEPOSITION IS IN VIOLATION OF FED.R.CIV.P. 30(b)(6); DEFENDANTS' UNREASONABLE RESTRICTIONS AND DEMANDS ON CONDUCTING THE DEPOSITIONS IS CONTRARY TO THE FEDERAL RULES OF CIVIL PROCEDURE.

The Federal Rules of Civil Procedure allow a party to name, as a deponent, a public or private corporation and describe with reasonable particularity, the matters on which the examination is requested. Fed.R.Civ.P. 30(b)(6). In that event, the organization or corporation so named shall designate one or more officers, directors or managing agents, or other persons to testify on its behalf. *Id*. If the corporation or organization fails to make the designation, the court can compel it to do so, pursuant to Fed.R.Civ.P. 37(a)(2). With respect to the time of the examination, the Federal Rules

merely require that a party must give "reasonable notice" of taking of a deposition.  Fed.R.Civ.P. 30(b)(1).

Defendants, Venture-Supply and Porter-Blaine have been aware, since September 2, 2009, that the PSC intended to conduct a deposition of its designees, pursuant to Fed.R.Civ.P. 30(b)(6). *See* Notices of Deposition, attached hereto collectively as Exhibit "B."  Thereafter, the PSC has met and conferred with counsel for Venture-Supply and Porter Blaine about the scheduling of these depositions.  *See*, *Declaration of Richard Serpe*, attached hereto as Exhibit "C;" *see also*, E-mail of Richard Serpe to Defense Counsel, dated November 9, 2009, attached hereto as Exhibit "D."  In this regard, Richard Serpe, on behalf of the PSC, has explained to counsel for Venture-Supply and Porter-Blaine, that these depositions need to be completed as soon as possible because of the possibility of one of the Virginia cases proceeding as a bell-weather trial in January of 2010.  *Id.*; *see also*, e-mails of Richard Serpe dated November 9, 2009, attached as Exhibit "D."  However, Venture-Supply and Porter-Blaine do not share the same sense of urgency as the PSC in completing discovery and have proposed that the depositions be conducted on January 12, 13, 2010 or, in the alternative, on December 28, 29 or 30, 2009.  *See* Defense Counsel's E-mail, dated November 9, 2009, attached hereto as Exhibit "D."  Defendants refused to provide the PSC with any earlier dates, claiming that the PSC should not be in a rush to conduct these depositions, and that one of the Virginia cases involving Venture-Supply could, or would not, be a bell-weather trial conducted in January of 2010.  *Id.*  In addition, Venture-Supply and Porter-Blaine went so far as to impose its own *quid pro quo* for the PSC conducting the depositions, *i.e.*, 30(b)(6) depositions are not to be completed until all Virginia Plaintiffs medical records and electronic files from their home computers are produced to Defendants.  *Id.*

*Federal Rules of Civil Procedure* 26 and 30 of the Fed.R.Civ.P. do not allow a party to limit another party from conducting its deposition by imposing unreasonable time restrictions on the taking of the deposition which the Defendants are attempting to do in this instance.  Nor do the *Rules* allow a party to demand a *quid pro quo* from the other party in order to conduct its deposition as the Defendants are attempting to do here.  Rather, all that is required by the *Rules* is that the party provide reasonable notice of the taking of the deposition and the areas to be covered in the deposition both of which the PSC has done in this matter.  Accordingly, it is appropriate for the Court at this time to enter an Order, compelling Venture-Supply and Porter-Blaine to immediately designate a corporate designee(s) to appear at and undergo a deposition to be scheduled during the period of December 1-11, 2009.

## IV. DEFENDANTS' REFUSAL TO PRODUCE ELECTRONICALLY STORED INFORMATION (ESI) IN ITS NATIVE FORMAT IS IN VIOLATION OF FEDERAL RULE OF CIVIL PROCEDURE 34.

Defendants have not agreed to comply with the PSC's request to produce electronically-stored information in its native format.  For example, if a Defendant such as Venture-Supply uses Microsoft Word for word processing, it must produce relevant word processing documents as Microsoft Word files.  Similarly, if Porter-Blaine uses Microsoft Office for their email, it must produce relevant emails in Microsoft Office files.  There are five significant advantages to production in native format.

First, from a cost perspective, it spares the producing party the expense of having to convert the files into another format for purposes of production.   Second, native files are inherently searchable because any text or data contained therein already exists in an electronic format.  Thus, the Receiving Party has the same ability to search the documents as the Producing Party.  This is

significant because it insures that no party has an advantage over the other with respect to their ability to quickly review and evaluation responsive materials.  Third, because native files are inherently searchable, they provide a cost savings to the Receiving Party.  For example, where documents are produced in hard copy or electronic images, the Receiving Party typically has to create OCR files for each document in order to make the production electronically searchable.  This step would not be necessary if documents are produced in their native format.  Fourth, native files also contain "metadata" which can provide important information about a document (e.g., when it was last modified, who made changes to a document, and what text was deleted or added).  As the Court is aware, such metadata became critical evidence in the Vioxx litigation.  *See* PSC Letter to the Court, dated October 14, 2009.  Finally, where needed, production of native files will provide for faster and more accurate translations of foreign-language documents.

Recognizing such advantages, the Federal Rules require production in native format.  Rule 34(b)(2)(E) governs production of electronically stored information ("ESI") and provides in pertinent part:

> Unless otherwise stipulated or ordered by the Court, these procedures apply to producing documents or electronically stored information:
>
> (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the requests;
>
> (ii) If a request does not specify a form for producing electronically stored information, a party must produce in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms;
>
> (iii) A party need not produce the same electronically stored information in more than one form.

Fed.R.Civ.P. 34(b)(2)(E) (emphasis added).  Rule 34(b)(2)(E) (i) requires that Defendants provide

ESI as it is kept in the ordinary course of business, in this case, in their native format.  Indeed, while subsection (ii) provides that a party may produce electronically stored information in native format or in another reasonably usable form, this provision only applies where the requesting party did not specify the format of production.   *Id.* at 34(b)(2)(E)(ii); *see also* Notes to 2006 Amendment.

In this case, the PSC initially requested that Defendants' productions be in native format and have never wavered from this request.    In point of fact, the preservation protocol in paragraph 14 of Pretrial Order No. 1 requires the parties to preserve "documents, data and tangible things which is to be interpreted broadly to include writings, records, files, correspondence, electronic messages, e-mail, hard drives, back-up data, data boxes, spreadsheets and metadata.  If the parties are required to preserve ESI in its native format with metadata, then naturally, they should be required to produce it.  Otherwise, what is the point of preserving it in the first place.  To date, Defendants Venture-Supply and Porter-Blaine have not produced any of their ESI in native format with the metadata. Rather, Defendants have produced documents in PDF format or important information redacted. *See* copy of an e-mail dated October 30, 2009 with attached Excel spreadsheet produced by Defendants for shipment of drywall, including Chinese Drywall, to Porter-Blaine wherein the address of the home where the drywall was delivered or installed, was withheld or redacted, attached hereto as Exhibit "E."  After receiving the redacted version of the Excel spreadsheet, the PSC requested a complete Excel spreadsheet and the location of the computer upon which the Excel spreadsheet was created.  *See* e-mail of Richard Serpe dated October 30, 2009, attached hereto as Exhibit "E."  Defendants responded that the computer(s) no longer existed (they were sold at auction in violation of PTO No. 1), but, all electronic information was backed-up off site.  *See* e-mails of counsel for Venture-Supply and Porter-Blaine, attached hereto as Exhibit "F."  Notwithstanding

8

these representations regarding the back-up of the ESI, Defendants have not produced any of the ESI in its native format, despite the PSC's repeated requests to do so.

The PSC is only seeking to be on a level playing field with Defendants and to have the same search capabilities that Defendants now have when reviewing their own electronic documents.  The most direct means to accomplish this objective is by having Defendants produce their electronic documents in native format-the same format in which any given Defendant keeps its documents in the ordinary course of business.  *See, e.g., In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, 2007 WL 121426, at \*4 (Jan. 12, 2007)(for portion of ESI not yet produced, plaintiffs required to produce ESI in native format); *In re NYSE Specialists Secs. Litig.*, 2006 WL 1704447, at \*1 (S.D.N.Y. June 14, 2006)(electronic documents to be produced in native format with metadata); *Hagenbuch v. 3B6 Sistemi Elettronici Industriali*, 2006 WL 665005, at \*3-4 (N.D.Ill. Mar. 8, 2006)(native format required); *Nova Measuring Instruments, Ltd. v. Nanometrics, Inc.*, 417 F.Supp.2d 1121, 1122 (N.D.Cl. 2006)(ESI must be produced in native format with original metadata)(emphasis added); *Treppel v. Bioval Corp.*, 233 F.R.D. 363, 374 n. 6 (S.D.N.Y. 2006)(native format required).  Plaintiffs should be able to enjoy the same searchability that Defendants have when reviewing and evaluating their own document productions.  This is particularly true where, as in the present case, the parties will have limited time to conduct discovery.

V.      **CONCLUSION**

For all the foregoing reasons, the PSC respectfully requests that this Honorable Court grant

its Motion to Compel in its entirety.

Respectfully submitted,

Dated:  November 11, 2009                  /s/ Russ M. Herman
                                           Russ M. Herman, Esquire
                                           Leonard A. Davis, Esquire
                                           HERMAN, HERMAN, KATZ & COTLAR, LLP
                                           820 O'Keefe Avenue
                                           New Orleans, Louisiana 70113
                                           Phone: (504) 581-4892
                                           Fax: (504) 561-6024
                                           LDavis@hhkc.com
                                           *Plaintiffs' Liaison Counsel*
                                           *MDL 2047*

                                           Arnold Levin
                                           Fred S. Longer
                                           Levin, Fishbein, Sedran & Berman
                                           510 Walnut Street, Suite 500
                                           Philadelphia, PA 19106
                                           215-592-1500 (phone)
                                           215-592-4663 (fax)
                                           Alevin@lfsblaw.com
                                           *Plaintiffs' Lead Counsel*
                                           *MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Victor Manuel Diaz
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Aragon Avenue, 2nd Floor
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

11

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Jeremy W. Alters
Alters, Boldt, Brown, Rash & Culmo, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@abbrclaw.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing *Plaintiffs' Steering Committee's Memorandum in Support of Its Motion to Compel Discovery from Defendants, Venture-Supply, Inc. and Porter-Blaine Corp.* has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, which will serve a notice of the uploading in accordance with the procedures established in MDL 2047, on this 11th day of November, 2009.

<u>/s/ Leonard A. Davis</u>_____
Leonard A. Davis
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Ave.
New Orleans, LA  70113
PH:  (504) 581-4892
Fax:  (504) 561-6024
ldavis@hhkc.com

13