VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF NORFOLK

TUAN NGUYEN and
COLLEEN NGUYEN,

        Plaintiff,

v.                                                                    Case No: CL09-3105

VENTURE SUPPLY, INC., et al.

        Defendants.

## DEFENDANT THE PORTER-BLAINE CORP.'S ANSWERS TO PLAINTIFFS' FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

COMES NOW, the defendant, The Porter-Blaine Corp. ("Porter-Blaine"), by counsel, and for its Answers to the Plaintiffs' First Interrogatories and Requests for Production, states the following:

## GENERAL OBJECTIONS

Porter-Blaine states that the responses below were prepared with the assistance of its counsel. It objects to the following Interrogatories and Requests for Production to the extent the information sought is protected from disclosure by attorney work-product doctrine and the attorney client privilege. Discovery is ongoing. Porter-Blaine reserves its right to seasonably supplement and/or amend these responses should the discovery of new information necessitate. Without waiving these objections, Porter-Blaine states the following:

## **INTERROGATORIES**

1. Identify every individual who participated in the drafting and preparation of the response to these interrogatories and the associated request for production of documents.

**ANSWER:**

Samuel Porter with assistance of counsel.

2. Identify the name address and telephone number of every individual who has any knowledge of the subject matter of this case or the allegations in the Complaint and matters raised by your defense.

**ANSWER:**

Samuel Porter, c/o Venture Supply, Inc., 1140 Azalea Garden Road, Norfolk, Virginia 23502, (757) 855-5433

Phillip W. Perry, c/o Tobin Trading, Inc., 5800 Gatehouse Way, Virginia Beach, Virginia 23455, (757) 464-3132

Donald Woods, [Sam to provided address]

Mark Stein, Controller, c/o Venture Supply, Inc.

Joe Burt, Field Superintendent with Porter-Blaine, Inc.

Absolute Drywall (drywall subcontractor)

Scott Hodgson (drywall subcontractor)

John Randall (drywall subcontractor)

Lorenzo Garcia (drywall subcontractor)

3. Describe all liability coverage required by you for calendar years 2006 through present. Include in your description any information concerning denial of coverage or reservation of rights under each policy.

**ANSWER:**

Hanover Insurance Company, Policy Number ZBR 7905525-(00,01,02,03,04); effective 11/15/04 – 11/15/09, liability limits $1,000,000.00/$2,000,000.00.

Hanover Insurance Company, Policy Number UHR 7917898-(00,01,02,03,04); effective 11/15/04 – 11/15/09, umbrella limits of $10,000,000.00/$10,000,000.00.

Hanover has notified Porter-Blaine of its reservation of rights.

4. Identify the broker or importer from whom you arranged to purchase drywall from China. Describe all dealings you had with this individual, including any specification or requirements you communicated to them concerning potential purchasers for drywall.

**ANSWER:**

Porter-Blaine has not purchased any drywall from China.

5. Identify the manufacturers of all drywall which you have ever purchased from a Chinese manufacturer at any time in the past. For each such manufacturer, identify the time period over which you obtained drywall from them.

**ANSWER:**

Porter-Blaine has not purchased any drywall from China.

6. When was the first time that any alleged defect or problem was communicated to you concerning drywall manufactured in China? Who made this communication to you? What method of communication that they utilize?

**ANSWER:**

Approximately two weeks prior to February 6, 2009, Dragas Management Corp., notified Porter-Blaine by telephone of a reported claim by two of its home-purchasers, who had apparently reviewed on-line information about the alleged problems with drywall in Florida.

7. Describe all information of warnings that you ever provided to any of your employees concerning Chinese manufactured drywall. In your answer, specify whether or not you ever instructed employees to avoid discussing Chinese drywall contamination with any individual outside the company.

**ANSWER:**

None and no.

8. Describe all steps you took to investigate any complaints made to you concerning the Chinese drywall which you sold or installed. In your description, including information as to where all documentation concerning you investigation is located, and identify all individuals with knowledge of this investigation.

**ANSWER:**

Porter-Blaine is in the process of investigating the complaints through its attorneys and consulting experts.

9. Identify all lawsuits and/or written demand communication which you have received concerning Chinese drywall.

**ANSWER:**

**OBJECTION:** See general objections. Further, this Interrogatory requests information protected by attorney client privilege or attorney work product. Additionally, it is not reasonably calculated to lead to the discovery of admissible evidence, especially with respect to "written demand communication".

**Without waiving objections and subject thereto:**

Porter-Blaine is currently a defendant in four separate lawsuits. <u>Germano v. Taishan Gypsum Co., Ltd, et al.</u>, Civil Action No.: 2:09cv202, pending in the U.S. District Court for the Eastern District of Virginia, Norfolk Division; <u>Proto v. The Futura Group, LLC, et al.</u>, Case No.: CL09-2455, pending in the Circuit Court for the City of Virginia Beach; <u>Nguyen v. Venture Supply, Inc., et al.</u>, Case No.: CL09-3105, pending in the Circuit Court for the County of Norfolk; and <u>Hinkley v. Taishan Gypsum Co., Ltd</u>, Case No.2:09 cv 25-D, pending in the United States District Court for the Eastern District of North Carolina. In addition, a claim for mediation/arbitration has been made by The Dragas Companies, c/o Karen B. Burch, Esquire, Kaufman & Canoles, P.C., 100 West Main Street, Suite 2100, Norfolk, Virginia 23510, relating to drywall installed by Porter-Blaine.

10. Describe your system for managing you inventory of Chinese manufactured drywall. Include in your description the methods by which you document the purchaser of all such drywall and/or the address to which all such drywall is delivered.

**ANSWER:**

**OBJECTION:** See general objections. In addition, Porter-Blaine objects to this interrogatory as overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

**Without waiving objections and subject thereto:**

Porter-Blaine did not have an "inventory" of Chinese manufactured drywall, and did not sell the drywall as a product. Porter-Blaine would purchase drywall from Venture Supply, Inc., and install it in various projects.

11. What year was the home for Samuel Porter constructed? Describe any conversations which took place prior to the construction of his house concerning the use or prohibition on use of Chinese drywall and his personal residence.

**ANSWER:**

**OBJECTION:** See general objections. Further, this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection and subject thereto, Samuel Porter does not own a house

12. Describe all communications you have received from any individual concerning efforts made to repair homes which contain Chinese drywall supplied by you. In your description, include the identity of all such individuals who have contacted you, the substance of your communications and the date(s) of all such communications.

**ANSWER:**

**OBJECTION:** See general objections. Further, this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

**Without waiving this objection and subject thereto:**

Porter-Blaine is aware that Dragas Management Corp. has reportedly done work involving drywall on two of the homes it constructed. See documents from Dragas Management Corp.'s counsel. See documents from Dragas Management Corp.'s counsel Bates Number 28974-28975.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Produce any document reflecting your purchase of drywall from China, including but not limited to purchase orders, contracts of sale, and bills of lading.

**RESPONSE:**

Porter-Blaine has not purchased any drywall from China.

2. Produce any document reflecting your relationship with any individual or company who served as an importer or facilitator of your purchase with any Chinese manufacturers of drywall.

**RESPONSE:**

Porter-Blaine has not purchased drywall from any Chinese.manufacturer.

3. Produce any document reflecting specifications, standards, or requirements for the composition or construction for drywall which you communicated to any Chinese manufacturers.

**RESPONSE:**

Porter-Blaine has not purchased any drywall from any Chinese manufacturer.

4. Produce any document reflecting specifications, standards, or requirements promised or warranted by any Chinese drywall manufacturer with respect to its products.

**RESPONSE:**

Porter-Blaine has not purchase any drywall from any Chinese manufacturer.

5. Produce any warnings provided to you by any drywall manufacturer concerning any dangerous property or component of their product.

**RESPONSE:**

Porter-Blaine did not receive any such warnings and is not aware of any "dangerous property or component" of the drywall.

6. Produce any document reflecting your purchase of drywall from China prior to 2006, specifically your purchase of drywall from Knauf Plasterboard as well as any other drywall manufacturer and specifically including your receipt of drywall regardless of whether or not such drywall was ultimately sold or installed.

**RESPONSE:**

Porter-Blaine did not purchase any drywall from a Chinese manufacturer, including Knauf Plasterboard.

7. Produce any document reflecting your sale of drywall manufactured in China to any drywall contractor or builder.

**RESPONSE:**

**OBJECTION:** See general objections. Further, this Request is overly broad, unduly burdensome and not in compliance with specificity requirements of the Rules of Court. Rule 4:9(b) requires that, "the request shall set forth the items to be inspected either by individual item or by category, and describe each item and category with reasonable particularity." A Request for 'all documents reflecting your sale of drywall manufactured in China' is not a proper discovery device under the Rules of Court or the laws of the Commonwealth. In addition, it seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence.

**Without waiving objections and subject thereto:**

Porter-Blaine did not sell any drywall as a product to a drywall contractor or builder.

8. Produce any document reflecting your sale of drywall manufacturing [sic] China to any retailer including Home Depot, Lowe's, etc.

**RESPONSE:**

**OBJECTION:** See general objections. Further, this Request is overly broad, unduly burdensome and not in compliance with specificity requirements of the Rules of Court. Rule 4:9(b) requires that, "the request shall set forth the items to be inspected either by individual item or by category, and describe each item and category with reasonable

particularity." A Request for 'all documents reflecting your sale of drywall...to any retailer' is not a proper discovery device under the Rules of Court or the laws of the Commonwealth. In addition, it seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence.

**Without waiving objections and subject thereto:**

Porter-Blaine did not sell drywall to any retailers.

9.  Any document reflecting complaints made to you by any homeowner concerning the toxic nature of drywall, including, but not limited to, drywall manufactured in China.

**RESPONSE:**

**OBJECTION:** See general objections. Further, this Request is not reasonably calculated to lead to the discovery of admissible evidence.

**Without waiving objections and subject thereto:**

Please see enclosed documentation Bates Number 28523-28557 and Intake Sheet related to the plaintiffs' communications to Porter-Blaine's attorneys regarding their home. In addition, copies of complaints and/or amended complaints in the referenced lawsuits will be produced.

10.  Any document reflecting complaints made to you or inquiries made to you by Dragas Homes concerning the presence of contaminated drywall.

**RESPONSE:**

**OBJECTION:** See general objections. Further, this Request is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, see enclosed documents from Dragas' counsel requesting mediation/arbitration.

11. Any document reflecting complaints or inquiries made to you from any drywall contractor concerning drywall manufactured in China.

**RESPONSE:**

**OBJECTION:** See general objections. Additionally, it is overly broad, unduly burdensome and not in compliance with specificity requirements of the Rules of Court. Rule 4:9(b) requires that, "the request shall set forth the items to be inspected either by individual item or by category, and describe each item and category with reasonable particularity." A Request for 'all documents reflecting complaints or inquiries made' is not a proper discovery device under the Rules of Court or the laws of the Commonwealth. Further, this Request seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence.

**Without waiving objections:**

Please see enclosed documentation Bates Numbers 28523-28557 and Intake Sheet related to communications with the plaintiffs regarding their home.

12. Every document in your possession containing the names Taishan Gypsum Co., Ltd. (f/k/a Shandong Taihe Dongxin Co., Ltd.).

**RESPONSE:**

None in Porter-Blaine's possession.

13. Produce every document in your possession concerning damage allegedly caused by Chinese drywall to any building component, including but not limited to, air conditioning systems, electrical systems, appliances, metallic surfaces, and consumer goods.

**RESPONSE:**

**OBJECTION:** See general objections. Further, this Request seeks documents protected from disclosure by the attorney client privilege or attorney work product.

Additionally, it is overly broad, unduly burdensome and not in compliance with specificity requirements of the Rules of Court. Rule 4:9(b) requires that, "the request shall set forth the items to be inspected either by individual item or by category, and describe each item

10

and category with reasonable particularity." A Request for 'all documents...concerning damage allegedly caused by Chinese drywall' is not a proper discovery device under the Rules of Court or the laws of the Commonwealth.

**Without waiving objections and subject thereto:**

See enclosed documentation Bates Number 28523-28557 and Intake Sheet from plaintiffs with attorneys for Porter-Blaine. In addition, see the complaints/amended complaints from the referenced lawsuits which will be made available.

14. Produce every document in your possession concerning any alleged health effects from Chinese drywall.

**RESPONSE:**

**OBJECTION:** See general objections. Further, this Request seeks documents protected from disclosure by the attorney client privilege or attorney work product.

Additionally, it is overly broad, unduly burdensome and not in compliance with specificity requirements of the Rules of Court. Rule 4:9(b) requires that, "the request shall set forth the items to be inspected either by individual item or by category, and describe each item and category with reasonable particularity." A Request for 'all documents...concerning alleged health effects from Chinese drywall' is not a proper discovery device under the Rules of Court or the laws of the Commonwealth.

**Without waiving objections and subject thereto:**

See enclosed documentation Bates Number 28523-28557 and Intake Sheet plaintiffs with attorneys for Porter-Blaine. In addition, see the complaints/amended complaints from the referenced lawsuits which will be made available.

15. Produce every document in your possession concerning the allegation that U.S. manufactured drywall also causes property damage and/or health effects.

**RESPONSE:**

**OBJECTION:** See general objections. Further, this Request seeks documents protected from disclosure by the attorney client privilege or attorney work product.

Additionally, it is overly broad, unduly burdensome and not in compliance with specificity requirements of the Rules of Court. Rule 4:9(b) requires that, "the request shall set forth the items to be inspected either by individual item or by category, and describe each item and category with reasonable particularity." A Request for 'all documents...that U.S. manufactured drywall also causes property damage and/or health effects' is not a proper discovery device under the Rules of Court or the laws of the Commonwealth. Finally, this request seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. There are no such allegations in the plaintiffs' Complaint.

16. Produce every insurance policy which may provide coverage to you for calendar years 2006 through the present. Also, produce correspondence and notes concerning any denial of coverage or reservation of rights under your policy.

**RESPONSE:**

Please see enclosed documentation Bates Numbers 760-1254 for Porter Blaine and Venture's insurance policies for November 15, 2005 to November 15, 2009. Additionally, please see correspondence Bates Number 28893-28911 for Hanover Insurance Company's Reservation of Rights letter to Porter Blaine and Venture dated March 3, 2009.

17. Produce any document indicating that Chinese manufactured drywall was sold to or installed in the Plaintiff's home, 1100 Michaelwood Drive, Virginia Beach, Virginia.

**RESPONSE:**

**OBJECTION:** See general objections. Further, this Requests seeks documents protected by attorney client privilege or attorney work product.

**Without waiving objections:**

Please see enclosed documentation Bates Number 28523-28557 and Intake Sheet relating 1100 Michaelwood Drive, Virginia Beach, Virginia.

18. Produce any document reflecting complaints made by employees concerning their working with Chinese drywall including but not limited to complaints concerning unpleasant smell and potential health implication of such exposure.

**RESPONSE:**
**OBJECTION:** See general objections. Further, this Request seeks documents protected from disclosure by the attorney client privilege or attorney work product.

Additionally, it is overly broad, unduly burdensome and not in compliance with specificity requirements of the Rules of Court. Rule 4:9(b) requires that, "the request shall set forth the items to be inspected either by individual item or by category, and describe each item and category with reasonable particularity." A Request for 'all documents…concerning their working with Chinese drywall..etc." is not a proper discovery device under the Rules of Court or the laws of the Commonwealth. Finally, this request seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence.

**Without waiving objections and subject thereto:**

No such complaints were made to Porter-Blaine.

THE PORTER-BLAINE CORP.

By: _____
Of Counsel

Mark C. Nanavati, Esquire
Kenneth F. Hardt, Esquire
SINNOTT, NUCKOLS & LOGAN, P.C.
13811 Village Mill Drive
Midlothian, Virginia 23114
(804) 378-7600
(804) 378-2610 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Answers to Interrogatories and Requests for Production* was mailed on this the 26th of June, 2009 to:

Richard J. Serpe, Esquire
LAW OFFICES OF RICHARD J. SERPE, P.C.
Crown Center, Suite 310
580 East Main Street
Norfolk, Virginia 23510

Curb Appeal Home Builders, Inc.
c/o Emmanuel D. Voces, Registered Agent
5040 Corporate Woods Drive, Suite 120
Virginia Beach, Virginia 23462

Theodore I. Brenner, Esquire
Brenner, Evans & Millman
411 E. Franklin Street, Suite 200
Richmond, Virginia 23219

_____

## SIGNATURE PAGE

I, SAMUEL G. PORTER, THE PORTER-BLAINE CORPORATION, personally appeared before the undersigned Notary Public in and for the aforesaid jurisdiction and acknowledged that the **Answers to Plaintiffs' First Interrogatories and Requests for Production of Documents** are true and correct to the best of my information, knowledge and belief.

THE PORTER-BLAINE CORPORATION

By: _____
SAMUEL G. PORTER

Its:   President

COMMONWEALTH OF VIRGINIA:
CITY/COUNTY OF _Norfolk_, to-wit:

Subscribed and sworn before me by **SAMUEL G. PORTER**, this 30th day of June, 2009.

My commission expires: 6-30-12

_____
Notary Public

