# EXHIBIT D

**Charlie Schaffer**

**From:** mnanavati@snllaw.com
**Sent:** Tuesday, November 10, 2009 7:43 AM
**To:** Richard Serpe; Kenneth F. Hardt
**Cc:** tbrenner@beylaw.com; Gonzalez, Ervin; Lenny Davis; Richard Lewis; Russ Herman; Arnold Levin
**Subject:** Re: Deposition of Venture Supply

How can one of the Virginia cases be one of the bellwether trials?

Sent from my Verizon Wireless BlackBerry

---

**From:** "Richard Serpe" <rserpe@serpefirm.com>
**Date:** Mon, 9 Nov 2009 17:45:14 -0500
**To:** Kenneth F. Hardt<khardt@snllaw.com>; Mark C. Nanavati<MNanavati@SNLLAW.COM>
**Cc:** <tbrenner@beylaw.com>; Gonzalez, Ervin<Ervin@colson.com>; Lenny Davis<LDAVIS@hhkc.com>; Richard Lewis<rlewis@hausfeldllp.com>; Russ Herman<RHERMAN@hhkc.com>; Arnold Levin<alevin@lfsblaw.com>
**Subject:** RE: Deposition of Venture Supply

Ken,
I do not believe that the scheduling of Venture Supply's 30 b 6 deposition should wait for your receipt of the medical records for every plaintiff. I also do not believe that our receipt of electronic files should be conditioned on your (unique) request for homeowner victims to back up and preserve their own computers.
I agree that the effort to schedule both the Venture Supply and Porter Blaine depositions consecutively resulted in the dates getting pushed far back. We both consulted with our respective clients and or co-counsel to discuss the proposed schedule. On behalf of the PSC, we want to expedite Venture Supply's deposition, and are willing to take it as soon as possible.
I believe that a defendant should only have to give a deposition once, unless there is an extenuating circumstance. Both Venture Supply and Porter Blaine will be deposed in this matter. If Sam Porter is the only individual to be presented to speak for those defendants, he may well be deposed twice.
I do not know what the source of your information is that rules out Virginia as one of the bellwether trials. We understood from Judge Fallon that counsel was to prepare all 30 b 6 depositions, to give the Court the ability to try cases anywhere.
In any event, it appears that some significant differences of opinion have resulted despite our mutual best efforts to resolve them. We hope that you will provide the information we requested regarding ESI, and a date for Venture. In order to move forward, we will notice a motion to compel for November 19th in the MDL. We hope that we will be able to resolve these issues before then.
Richard

---

**From:** Kenneth F. Hardt [mailto:khardt@snllaw.com]
**Sent:** Monday, November 09, 2009 5:25 PM
**To:** Richard Serpe; 'Mark C. Nanavati'
**Cc:** tbrenner@beylaw.com
**Subject:** RE: Deposition of Venture Supply



Richard. You were the one that brought up December, and requested I believe the 11th and 12th. You said you needed two days, and we told you the only two days together in December were the 28th, 29th and 30th. We offered January 12th and 13th, but you said you were told that it had to be in the year 2009. You also mentioned that you may be trying the bellwether cases during that time frame.
You agreed on the 29th and 30th and we checked with our client who has affirmed his availability. I checked with Ted, and he is also available. However, you were going to send out an email to all affected counsel regarding these dates.

Now apparently whoever you report to is not happy with those two dates. If you would like two dates in November, please let me know, but your stated intent was to only do Sam once. I doubt we have sufficient time to collect, review and produce whatever electronic information is out there in sufficient time to do a deposition this month, but if you are willing to take Sam's deposition without this information and not re-depose him later, that would be your choice. As you mentioned in your letter to the Judge Hall today, the parties are working diligently to "ensure that repetitive discovery is not required of the defendants."

As we discussed by phone, I am somewhat surprised by the rush to take Sam's deposition. I understand the PSC is objecting to any discovery directed at information other than the homes that may be part of the bellwether trials in January/February. If this position is correct, then Sam's deposition should be put off until after those trials. None of the Venture cases will be a bellwether trial.

Finally, if the plaintiffs are entitled to discovery, then the defense is entitled to discovery, including medical information from all the plaintiffs. As we discussed by phone, this information is important for the defense to evaluate the personal injury claims and the exposure. In addition, I assume that we will have access to all of your client's computers and electronic information at some point in time and that they have been instructed to preserve, back-up and not delete any electronic information.

Please let me know what you would like to do in this regard.

Thanks...Ken



**Confidentiality Notice**

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

**From:** Richard Serpe [mailto:rserpe@serpefirm.com]
**Sent:** Friday, November 06, 2009 11:39 AM
**To:** Mark C. Nanavati; Kenneth F. Hardt
**Subject:** Deposition of Venture Supply

Mark and Ken,

I conferred with liaison and lead counsel for the PSC, and they've asked me to again attempt to expedite the scheduling of this deposition. We do not believe that pushing these depositions back until after Christmas is workable with the schedule set by Judge Fallon.
Rather than scheduling Venture Supply and Porter Blaine back to back, please provide me with your first available dates for scheduling Venture Supply's deposition.

Richard Serpe

CC by first-class mail

Richard J. Serpe

580 E. Main St. Suite 310
Norfolk, VA 23510
877.544.5323 toll free
757.233.0009 ext.12
757.233.0455 fax
rserpe@serpefirm.com
www.serpefirm.com

LAW OFFICES OF
RICHARD J. SERPE, P.C.

This email may contain attorney-client confidential and privileged information. If you are not the intended recipient, please delete this email and all attachments and notify the sender immediately by return email.

Please don't print this e-mail unless you really need to.

11/10/2009