UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : | MDL NO: 2047 |
| | : | |
| | : | SECTION: L |
| | : | |
| | : | JUDGE: FALLON |
| | : | MAG. JUDGE WILKINSON |

This pleading relates to: ALL CASES

**DEFENDANTS' STEERING COMMITTEE'S**
**MEMORANDUM IN SUPPORT OF**
**MOTION TO COMPEL DISCOVERY**

The Defendants' Steering Committee ("the DSC") hereby submits this memorandum in support of its Motion to Compel Discovery pursuant to Fed.R.Civ.Proc. Rule 37. The DSC requests an Order requiring the non-personal injury MDL plaintiffs to respond to the first set of discovery requests without further delay. In support, the DSC shows as follows:

1.

On October 13, 2009, the DSC served its First Set of Interrogatories and First Request for Production upon plaintiffs. See Exhibit "A" (Defendants' First Set of Interrogatories to Plaintiffs and Defendants' Steering Committee's First Request for Production to Plaintiffs). At the October 15, 2009 status conference, Plaintiffs agreed to provide complete discovery responses within 15 days from the date of service, October 28, 2009.

2.

On October 20, 2009, Defense Liaison Counsel confirmed via email that defendants were willing to limit discovery to the MDL plaintiffs claiming property damages only and a few plaintiffs who were customers of Taylor Morrison Homes-a small subset of the total number of MDL plaintiffs. See Exhibit "B" (October 20, 2009 correspondence from Defense Liaison Counsel to Plaintiffs Liaison Counsel and Plaintiffs Lead Counsel (attachment to email omitted)).

1

This confirmatory email followed an in-person telephone meet and confer among the parties on discovery issues.

3.

On October 26, 2009, DLC once again emailed a spreadsheet of those MDL plaintiffs who claimed no personal injuries on the plaintiff profile forms, and thus were subject to DSC's first set of discovery requests. See Exhibit "C" (October 26, 2009 correspondence from the DLC to PLC (attachment to email omitted)).

4.

In an effort to expedite service of plaintiffs' responses and pursuant to Local Rule 37.1, the DSC sent correspondence to the PSC inquiring as to the status of the non-personal injury MDL plaintiffs' delinquent discovery responses, and requesting production of same without Court intervention. See Exhibit "D" (October 30, 2009 correspondence from the DSC to PSC).

5.

Moreover, Defendants' Liaison Counsel has advised Plaintiffs' Liaison Counsel that any personal injury requests contained within the DSC's first set of discovery requests need not be answered at this time.

6.

Despite the passage of nearly an entire month since the DSC propounded discovery on MDL named plaintiffs and three weeks since defendants substantially limited the discovery to property damage only MDL plaintiffs (plus a few Taylor Morrison plaintiffs), plaintiffs have provided no written objections or responses to the DSC's discovery.

7.

The PSC's position is without merit, as the attorneys identified on the non-personal injury plaintiffs spreadsheet were aware that discovery was sought from their clients as early as October 20, 2009. At the very least, the non-personal injury MDL plaintiffs identified on the

spreadsheet should have provided objections and responses by November 5, 2009, fifteen days from identification. Moreover, the fact that some discovery requests may be objectionable does not provide a basis for failing to respond to discovery. The DSC and HSC have been prejudiced by plaintiff failure to provide discovery responses. Defendants cannot choose bellwether plaintiffs or conduct any evaluation of plaintiffs' claims without any discovery.

8.

Despite the Court's repeated statements concerning the expediency with which this MDL must proceed, plaintiffs have frustrated the litigation by not responding to the DSC's discovery requests. Thus, the DSC requests an Order directing the non-personal injury MDL plaintiffs to respond to discovery without further delay.

**WHEREFORE,** Defendants' Steering Committee prays for entry of an Order directing Plaintiffs to respond to discovery without further delay.

Respectfully submitted,

BY: /s/ Kerry J. Miller
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
**FRILOT L.L.C.**
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone: (504)599-8194
Facsimile: (504)599-8145
Email: kmiller@frilot.com

Defendants' Liaison Counsel o/b/o
Defendants' Steering Committee

## **CERTIFICATE**

I hereby certify that the above and foregoing pleading has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 2047, on this 12th day of November, 2009.

/s/ Kerry J. Miller