

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | x x x x x x x | MDL NO. 2047<br>SECTION: L<br><br>JUDGE FALLON |
| THIS DOCUMENT APPLIES TO ALL CASES | x | MAG. JUDGE WILKINSON |

### DEFENDANTS' STEERING COMMITTEE'S
### FIRST REQUEST FOR PRODUCTION TO PLAINTIFFS

Defendants' Steering Committee, through its undersigned liaison counsel, hereby requests that Plaintiffs, individually, on behalf of their minor children, and on behalf of all other similarly situated persons ("Plaintiffs") produce the following documents for inspection and copying within fifteen (15) days of service of this Request.

### DEFINITIONS AND INSTRUCTIONS

1. "Plaintiffs" mean named Plaintiffs in this action and/or any individual who submitted a Plaintiff Profile Form, and any agent or representative of Plaintiffs or person working on behalf of Plaintiffs.

2. "Defendant" means any named Defendant in this action, including agents and representatives.

3. Unless otherwise stated herein, the relevant time period encompassed by these requests is from January 1, 2001 through the present.

4. The "Home" is the residence that is the subject of the named Plaintiffs' action.

5. "Document" is used in its broadest sense and includes, but is not limited to, all writing or papers of every kind including, but not limited to, letters, memoranda, reports, studies, notes, speeches, press releases, agenda, minutes, transcripts, summaries, contracts, warranties,

{218429.0005/N0789068_1}

MDL NO. 2047

punchlists, self-sticking removable notes, telegrams, e-mails, teletypes, telefax, canceled checks, check stubs, invoices, receipts, ticket stubs, maps, pamphlets, notes, charts, tabulations, analyses, photographs, statistical or informational accumulation, audits and associated work papers, any kinds of records, film impressions, magnetic tape, video tape, tape records, sound or mechanical reproductions, all stored compilations of information of any kind which may be retrievable (such as, but without limitation, the content of computer memory or information storage facilities, and computer programs, and any instructions or interpretive materials associated with them) and copies of documents which are not identical duplicates of the originals because handwritten or "blind" notes appear thereon or attached thereto), including prior drafts, whether or not the originals are in the Plaintiffs possession, custody or control.

6. "Complaint" encompasses any and all Complaints filed, consolidated and/or transferred in the instant MDL 2047 action.

7. As used in this Request for Production, the terms "represent" "referred to", "relate to" or "reflect" mean, without limitation, any reference to, connection to, reflection or inclusion within the scope of the particular request, directly and indirectly.

8. All documents produced shall be segregated in accordance with the numbered and lettered paragraphs and subparagraphs herein. All documents requested herein to which Plaintiffs claim privilege or any other statutory or legal authority as a ground for non-production shall be set forth in a privilege log as required by the Court.

9. As used in this Request for Production, the term "communication" means any oral or written statement, dialogue, colloquy, discussion, conversation or agreement.

10. As used in this Request for Production, the term "statement" includes a written statement made by said person and signed or otherwise adopted or approved by him, and also

includes any statement of any kind or manner made by such person and written or recorded or summarized in any writing or recording.

## DOCUMENTS REQUESTED

1. All documents concerning, supporting, evidencing, referring or relating to the drywall installed in the Home, including the brand of drywall, the manufacturer of the drywall, any markings on the drywall, the person or entity who installed the drywall, the date of installation, the person or entity who supplied the drywall and the approximate date it was supplied.

2. All documents concerning, supporting, evidencing, referring or relating to the lease or purchase of the Home, including, but not limited to, the construction contract, new home warranty declaration, purchase and sale contract, warranty deed, warranties, insurance policies, mortgage(s), leases, and addenda thereto.

3. Any and documents relating to or comprising all home inspection reports issued at or near the time of purchase or lease of the home.

4. All documents concerning, supporting, evidencing, referring or relating to the construction of the Home such as contracts, photographs, emails, inspections, warranties, receipts, punchlists, including information such as the date(s) of construction, the homebuilder, contractor, subcontractors, suppliers and /or developer who performed the construction.

5. All documents concerning, supporting, evidencing, referring or relating to any upgrades, renovations or improvements in the Home, such as contracts, photographs, emails, inspections, warranties, receipts, punchlists, including information such as the date(s) of upgrade, renovation or improvements, the homebuilder, contractor, subcontractors, suppliers and/or developer who performed the work, and the part of the Home that was upgraded, renovated or improved.

MDL NO. 2047

6. All documents relating to any and all inspections, including but not limited to inspections by local building authorities, relating to any and all construction, upgrade, renovations or improvements to the Home.

7. All documents comprising or relating to any and all marketing materials relating to either the sale or lease of the Home itself or to any component of the Home.

8. If Plaintiffs have ever listed the Home for sale, any and all documents comprising or relating to a listing, description, advertisement, offer sheet or similar materials.

9. If Plaintiffs have a mortgage and/or a second mortgage or home equity line using the Home as security, a copy of any and all mortgages, liens, loan agreements, loan applications or similar or related documents.

10. All documents comprising or relating to any and all appraisals of the Home.

11. All documents concerning, supporting, evidencing, referring or relating to any appliances in the Home, including, but not limited to, receipts, warranties and documents evidencing the date(s) the appliances were purchased.

12. All receipts, warranties, and documents indicating where, when, and from whom any items Plaintiffs claim were damaged by the allegedly defective drywall were purchased.

13. All documents concerning, supporting, evidencing, referring or relating to any action you have taken to mitigate any damages alleged in the Complaint, including, but not limited to, investigating, testing, cleaning, repairing, or replacing any element(s) of your Home(s)or personal property contained therein.

14. All documents related to any and all investigating, testing, cleaning, repairing, or replacing any element(s) of your Home or personal property contained therein.

MDL NO. 2047

15. All documents comprising or relating to any all inspections, testing, air monitoring and/or related activities at the Home related to this case.

16. All documents confirming or relating to the existence of defective drywall in the Home, including but not limited to, contracts, invoices, supply tickets, photographs, etc..

17. All documents concerning, supporting, evidencing, referring or relating to alleged property damages suffered by you as a result of the allegations in the Complaint, including, but not limited to, damages to your personal property and/or elements of the Home, service records, and repair bills.

18. All documents concerning, supporting, evidencing, referring or relating to any alleged personal injuries you or any proposed member of the Class claims to have suffered as a result of the allegations in the Complaint, including, but not limited to, medical records, prescriptions, and medical bills, but not limited to, medical records and reports of all treating physicians, X-rays, CT scans, MRI's with interpretations, prescriptions, billing statements, receipts, or cancelled checks for bills pertaining to medical treatment for Plaintiffs' conditions alleged in their Complaint.

19. All agreements with architects, contractors, subcontractors, and builders, including, but not limited to, blueprints, diagrams, drawings, maps, charts, or plans along with their specifications, inspection reports, certificates of occupancy, and permits, concerning, supporting, evidencing, referring or relating to the Home(s) and the location of the allegedly defective drywall in the Home(s).

20. All photographs concerning, supporting, evidencing, referring or relating to the allegedly defective drywall in the Home, including, but not limited to, photographs of the drywall and/or any items allegedly damaged by the drywall.

21.     All documents concerning, supporting, evidencing, referring or relating to communications made between either Plaintiffs or their representative(s) regarding the allegations in the Complaint.

22.     All documents referenced in the Complaint, to the extent that they are not attached to the Complaint as exhibits.

23.     All documents concerning, supporting, evidencing, referring or relating to any defects of the drywall, including, but not limited to, its alleged smell, its chemical composition, its emission of chemicals into the air, and its effect on personal property and/or a person's physical health.

24.     All documents in the possession of either Plaintiffs and/or their representative(s) reflecting any recovery received from any source for any of the alleged losses that form the basis for the Complaint, including, but not limited to, Plaintiff's insurance carrier(s), or any of the other named Defendants.

25.     All documents comprising or relating to any and all releases, covenants not to sue, assignments of claim, subrogation agreements, or other similar legal documents relating in any form or fashion to Plaintiffs' claim.

26.     If Plaintiffs' Home has been the subject of any drywall repair or remediation, then any and all materials preserved including, but not limited drywall samples, air conditioning coils, electrical wiring or fixtures, appliances, parts of appliances, etc.

27.     All documents in the possession of either Plaintiffs and/or their representative(s), that Plaintiffs intend to introduce as evidence at the trial of this cause.

28. All documents comprising or relating to any and all communications with third parties including but not limited to, government agencies; politicians; law enforcement officials, health officials, etc. relating to the subject matter of this action.

29. All documents comprising or relating to any and all communications with parties who may be legally responsible to Plaintiffs related to the subject matter of this action including, but not limited to, homebuilders, developers, contractors, subcontractors, suppliers, insurance carriers, etc.

30. All documents in the possession of either Plaintiffs and/or their representative(s) that support any claims of wrongdoing or misfeasance on the part of any Defendant in this action.

31. All documents concerning, supporting, referring or relating to the class action allegations in the Complaint.

32. All documents comprising or relating to Section 558, Florida Statutes notices served by or relating to Plaintiffs or the Home.

33. All documents, communications, or notices by and between you and any of the Defendants concerning, supporting, evidencing, referring or relating to the allegedly defective drywall, including, but not limited to, any notices sent to Defendants pursuant to Section 558.004, Florida Statutes.

34. All affidavits, sworn statements, statements, communications, and documents obtained from any person concerning, supporting, evidencing, referring or relating to the allegedly defective drywall.

35. All documents concerning, supporting, evidencing, referring or relating to your relocation from the Home as a result of the allegedly defective drywall, including, but not limited

to, documents evidencing the date you vacated the Home, the date you returned or will be returning to the Home, the location where you relocated to, and any expenditures relating to your relocation.

36. All documents concerning, supporting, evidencing, referring or relating to any obligations of Defendants to Plaintiffs as it relates to the allegations in Plaintiffs' Complaint.

37. All documents mentioned in, referred to, relied upon or consulted, in preparation of your answers to the First Set of Interrogatories served simultaneously herewith. The documents should be reasonably marked and separated so as to indicate the interrogatory response in which each document was identified or relied upon in preparation of your answers to the First Set of Interrogatories.

38. All documents which represent or reflect how you discovered this lawsuit and how you obtained counsel.

39. All documents concerning, supporting, evidencing, referring or relating to the construction, renovation, or capital improvements to the Home(s), including information such as the date(s) of construction, renovation, or capital improvements, the homebuilder, contractor, or developer who performed the construction, renovation, or capital improvements and the part of the Home(s) that were renovated.

40. All documents containing the names, phone numbers, and addresses of all individuals known or identified as potential witnesses.

41. All documents confirming the existence of allegedly defective drywall in the Home(s).

42. All documents concerning, supporting, evidencing, referring or relating to any correlating health risk due to the alleged defective drywall.

43. All motion picture or video tapes concerning, supporting, evidencing, referring or relating to the allegedly defective drywall in the Home(s) and/or any items allegedly damaged by the drywall.

44. All documents in the possession of either Plaintiffs and/or their representative(s) that support any claims of wrongdoing or misfeasance on the part of Defendants in this action.

45. All documents that support, undermine, relate to, or otherwise form the basis for the allegations in the Complaint.

46. All documents containing the results of or referring to investigations performed by Plaintiffs or Plaintiffs' representatives regarding the allegedly defective drywall.

47. All reports prepared by experts regarding the allegedly defective drywall and all documents discussing or referring to such reports.

48. All correspondence with or bills from persons who have performed remediation efforts on the Home(s).

49. All documents containing or referring to claims made against other parties as a result of the allegedly defective drywall.

50. All insurance documents and indemnification agreements potentially covering the allegedly defective drywall including, but not limited to homeowner's insurance policy.

51. All documents relating to any communication between Plaintiffs or their representatives and any public health authority, whether municipal, county, state, or federal, concerning the allegedly defective drywall.

52. Each and every report that has been made to any federal, state, or local official, insurer, or hospital official concerning the allegedly defective drywall alleged in Plaintiffs' Complaint.

53.     Each and every report that has been made by any federal, state or local official, insurer, or hospital official concerning the allegedly defective drywall in Plaintiffs' Complaint.

54.     All documents relating to any opinions by any person with an M.D., Ph.D., D.O., M.P.H., D.Sc., or by any similarly trained or educated health care professional or scientist concerning the relation between any health risks allegedly suffered by individuals as a result of the allegedly defective drywall.

Respectfully submitted,

LIAISON COUNSEL

BY:/s/ Kyle A. Spaulding
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
FRILOT L.L.C.
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone: (504)599-8194
Facsimile:  (504)599-8145
Kmiller@frilot.com

ON BEHALF OF DEFENDANTS' STEERING COMMITTEE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Plaintiffs' Lead Counsel, Arnold Levin, by US mail and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with pretrial Order No. 6, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 13th day of October, 2009.

/s/ Kyle A. Spaulding