UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL No. 2047 SECTION "L" |
| THIS DOCUMENT RELATES TO: | * * | JUDGE FALLON |
| BARRY DEMPSTER and ANNETTE DEMPSTER, individually and on behalf of their minor child, JARROD DEMPSTER, and others similarly situated | * * * * * | MAG. JUDGE WILKINSON |
| vs. | * * | |
| LOWE'S HOME CENTERS, INC. | * * | |
| CASE NO. 2:09-5482-EEF-JCW | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF
<u>LOWE'S MOTION TO DECONSOLIDATE FROM MDL</u>**

Plaintiffs allege that their home contains Chinese drywall purchased from Lowe's Home Centers, Inc. ("Lowe's"). But plaintiffs have no evidence that there is Chinese drywall in their house. In fact, since the initial receipt of the suit by Lowe's, counsel for Lowe's and for plaintiffs have met and conferred, and the only drywall products actually identified have been domestic drywall products. This is consistent with information shared with plaintiffs' counsel which established that the suppliers of drywall to Lowe's did not supply Chinese-manufactured drywall and, just as significantly, the Threshold Inspection Program ("TIP") inspection completed on

1

October 20, 2009 by the Court appointed experts which found no Chinese drywall in the Dempster house. This Court has clearly and logically stated claims involving domestic drywall products are *not* to be part of the Chinese Manufactured Drywall Products Liability Litigation (the "MDL"). Thus, this case does not belong in this MDL, and Lowe's should not be subjected to discovery in the MDL.

I.   STATEMENT OF FACTS

Plaintiffs Barry and Annette Dempster allege that their home in Des Allemands, Louisiana contains Chinese-Manufactured Drywall ("Chinese drywall").[1] The Civil Cover Sheet Plaintiffs filed along with their Complaint states that the *Dempster* case is related to MDL No. 2047. In light of the standing order that all Chinese drywall cases are to be allocated to Section L, and based upon the *allegation* in the Complaint of Chinese drywall being in the house, this case was not randomly allotted per the normal practice and instead the clerk marked the MDL litigation as the lead case for this one and directly allotted this case to Judge Fallon and Magistrate Judge Wilkinson.

Before making an appearance in the MDL, counsel for Lowe's met and conferred with counsel for the plaintiffs. During that meeting, Lowe's voluntarily produced written documentation to plaintiffs' counsel supporting the conclusion that no Chinese drywall was sold. Plaintiffs' counsel was likewise forthcoming with providing a copy of the receipt for the purchase of drywall from the Lowe's Houma store on March 15, 2006, and with providing advice that the only markings his clients actually observed on drywall in their home was from domestic manufacturers. Shortly after the meeting of counsel, the list of homes to be inspected as part of the TIP was produced.

---

[1]   Dempster Complaint ¶ 20.

2

The Dempster home was one of the 30 homes selected by the PSC for a TIP inspection in accordance with this Court's Pretrial Orders. The inspection was initially scheduled for September 18, 2009, but it was rescheduled after modifications to the inspection protocol. The inspection took place on October 20, 2009. The report does not indicate that any Chinese drywall was found in Plaintiffs' home, and instead only identifies Georgia-Pacific and USG products.[2] There is no evidence of Chinese drywall being identified in the home.

While the TIP report suggests some evidence of problems in the home similar to problems allegedly caused by Chinese drywall, the existence of similar problems without the identification of Chinese drywall does not entitle plaintiffs to proceed in this MDL. Simply making the unsupported allegation in a Complaint and Civil Cover Sheet is insufficient.

## II.     THIS CASE SHOULD BE DECONSOLIDATED FROM THE MDL

Plaintiffs have the burden of proof on showing that there are common questions of law or fact that make consolidation appropriate. *See, e.g., Servants of Paraclete, Inc. v. Great Am. Ins. Co.*, 866 F. Supp. 1560, 1572 (D.N.M. 1994). When cases are initially consolidated but then the evidence reveals that consolidation is not proper, the proper remedy is to deconsolidate the cases. *See, e.g., Jupiter v. Auto. Club Inter-Insurance Exchange*, No. 07-1689, 2009 WL 1458028 (E.D. La. 5/26/09) (noting that "this case was deconsolidated from the Katrina Canal Breaches cases and transferred to this Court"); *European Comm. v. RJR Nabisco, Inc.*, 150 F. Supp. 456, 461 (E.D.N.Y. 2001).

The common issue in these MDL cases is supposed to be that all of the plaintiffs have Chinese drywall. *See, e.g.,* MDL Transfer Order No. 2047 dated June 15, 2009, p. 2 [Doc. 1] (the common shared factual question in these cases is "drywall manufactured in China, imported to and distributed in the United States, and used in the construction of houses"). In light of the

---

[2]     Attached as Exhibit A.

recent inspection of the Dempster home and the other information noted above, it seems clear that Plaintiffs have no evidence that there is Chinese drywall in their home. Thus, Plaintiffs cannot meet their burden of proof, this case does not belong in this MDL, and deconsolidation is appropriate.

Indeed, keeping a domestic drywall case in a Chinese drywall MDL would only serve as a distraction for the other cases that do belong in the MDL. And as the daily filings in the MDL demonstrate, there are a myriad of issues to keep the Court and the proper MDL parties occupied without a misplaced retailer of domestic drywall involved. Additionally, keeping this domestic drywall case in this MDL imposes unfair and unnecessary complication and expense on the parties to the *Dempster* litigation—Mr. and Mrs. Dempster and Lowe's—because MDL litigation is necessarily more complex than typical litigation. The issues of service and jurisdiction over the foreign defendants alone are ample proof of needless complexities that should not burden the Dempsters in the resolution of their claims against Lowe's.

If Plaintiffs believe that the drywall in their home is defective even though it is not Chinese drywall, they may of course continue to pursue this lawsuit, but not in the MDL. Deconsolidation does not prejudice Plaintiffs, and if anything it should speed up and streamline the *Dempster* case to remove it from this large MDL.[3]

---

[3] Once the *Dempster* case is deconsolidated from the MDL, this Court should instruct the Clerk of Court to randomly allot this case to a division of the Eastern District of Louisiana. This is what would have happened to this case in the first place, but for Plaintiffs' incorrect designation that this is a Chinese drywall case. *See, e.g., In re Complaint of Clearsky Shipping Corp.*, 2002 WL 1974098 (E.D. La. Aug. 22, 2002) ("It is a matter of common sense that initial random allotment is designed to protect standards of fairness, objectivity and propriety."); *U.S. v. Garrison*, 340 F. Supp. 952, 956 (E.D. La. 1972) ("The policy … is that all cases should be allotted on a random basis.").

### III.  CONCLUSION

Plaintiffs cannot meet their burden of justifying consolidation with this MDL litigation because they have no evidence that Lowe's sold them Chinese drywall.  Thus, this case should be deconsolidated.

**WHEREFORE**, Lowe's Home Centers, Inc. prays that this Court enter an Order that the *Dempster* lawsuit is deconsolidated from this MDL litigation.

Respectfully submitted,

*Jeffrey E. Richardson*
WILLIAM B. GAUDET (#1374)
FRANCIS V. LIANTONIO, JR. (#19282)
EDWIN C. LAIZER (#17014)
JEFFREY E. RICHARDSON (#23273)
**ADAMS AND REESE LLP**
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, LA 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
*Attorneys for Defendant Lowe's Home Centers, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 12th day of November, 2009.

*Jeffrey E. Richardson*
JEFFREY E. RICHARDSON