UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LUCILLE BOURDON<br>Plaintiff | * <br> * <br> * <br> * | CIVIL ACTION NO: 09-7025 <br><br> SECTION: L <br> JUDGE FALLON |
| VERSUS | * <br> * | |
| INTERIOR/EXTERIOR BUILDING SUPPLY,<br>LIMITED PARTNERSHIP, INTERIOR/<br>EXTERIOR ENTERPRISES, L.L.C., ARCH<br>INSURANCE COMPANY, LIBERTY MUTUAL<br>FIRE INSURANCE COMPANY, ARTHUR<br>HOMES, L.L.C., JOSEPH L. ARTHUR,<br>LOUISIANA HOME BUILDERS ASSOCIATION<br>GENERAL LIABILITY TRUST, MARKEL<br>INSURANCE COMPANY, AND STATE FARM<br>FIRE AND CASUALTY COMPANY<br>Defendants | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | <br><br><br><br><br><br><br><br><br><br>MAGISTRATE 2 |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff, Lucille Bourdon, respectfully submits the following Memorandum in Support of her Motion to Remand:

**MAY IT PLEASE THE COURT:**

    A.    **PLAINTIFF DID NOT IMPROPERLY OR FRAUDULENTLY JOIN THE NON-DIVERSE DEFENDANTS**

Plaintiff filed a Petition for Damages against Defendants in Civil District Court, which was subsequently removed to this Court by the Defendant State Farm. This lawsuit arose after defective drywall, supplied by Defendants Interior/Exterior, was installed in Plaintiff's home built by Defendant Arthur Homes and/or Homes.

Removal statutes are, in general, strictly construed. *Hammond v. Cappaert Manufactured Housing, Inc.*, 2006 WL 1627809 (W.D.La., 2006) (Not Reported in F.Supp.2d.); *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002). A district court must remand a case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). *Preston v. Tenet Healthsys. Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 813 n.3 (5th Cir. 2007). A court must "consider the claims in the state court petition as they existed at the time of removal" in order to determine whether jurisdiction is present. *Manguno v. Prudential Prop. & Cas. Ins Co.*, 276 F.3d 720, 723 (5th Cir.2002). The party seeking removal based on improper or fraudulent joinder bears a heavy burden of proving that the joinder of the in-state party was improper. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir.2004) (en banc).

In *Gonzales v. Merck & Co., Inc.*, Not Reported in F.Supp.2d, 2006 WL 3487345 (S.D.Tex. 2006), the Court stated:

> …The removing party proves improper joinder by demonstrating: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court. [internal citations omitted]. …The Court resolves [the second inquiry] by conducting an analysis under a rule similar to that of Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." [Internal citations omitted]. The Court does "not determine whether the plaintiff will actually or even probably prevail on the merits of [his state law] claim, but look[s] only for a possibility that the plaintiff might do so." Guillory, 434 F.3d at 308. Ordinarily, if the plaintiff can survive the Rule 12(b)(6) type challenge, there is no improper joinder. See Smallwood, 385 F.3d at 573. If [defendant] fails to establish improper joinder, then there is not complete diversity of citizenship among the parties, and the Court must remand the action for lack of subject-matter jurisdiction. See 28 U.S.C. §§ 1332, 1447(c).

"[M]ere misjoinder is insufficient to raise to the level of fraudulent misjoinder...To constitute fraudulent misjoinder, the misjoinder must represent totally unsupported or 'egregious' misjoinder..." *Sweeney v. Sherwin Williams Co.*, 304 F.Supp.2d 868, 872 (S.D.Miss.2004), citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir.1996). Defendant State Farm has not alleged actual fraud on the part of Plaintiff. Defendant State Farm has failed to establish that Plaintiff has not stated a valid claim against the non-diverse defendants. Thus, the Court must determine whether Plaintiff has a "possibility" of prevailing on the merits in state court against the non-diverse defendants.

As stated in Plaintiff's Petition filed in state court, her action is founded upon Louisiana state law, including, but not limited to, violations of Louisiana Civil Code Articles 2475 (Seller's obligations of delivery and warranty)[2] and 2520 (Warranty against redhibitory defects)[3]; violations of the Louisiana Products Liability Act, LSA-R.S. § 9:2800.51, *et seq.*[4]; violations of Louisiana Unfair Trade Practices and Consumer Protection Law, LSA-R.S.§

---

[2] LSA-C.C. Article 2475 states: "The seller is bound to deliver the thing sold and to warrant to the buyer ownership and peaceful possession of, and the absence of hidden defects in, that thing. The seller also warrants that the thing sold is fit for its intended use."

[3] LSA-C.C. Article 2520 states: "The seller warrants the buyer against redhibitory defects, or vices, in the thing sold. A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect. The existence of such a defect gives a buyer the right to obtain rescission of the sale. A defect is redhibitory also when, without rendering the thing totally useless, it diminishes its usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price. The existence of such a defect limits the right of a buyer to a reduction of the price."

[4] The LPLA, La. R.S. 9:2800.51-2800.60, establishes the exclusive bases of liability for manufacturers for damage caused by their products. The plaintiff's burden of proof is contained in **R.S. 9:2800.54**:
A. The manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity.
B. A product is unreasonably dangerous if and only if:
(1) The product is unreasonably dangerous in construction or composition as provided in R.S. 9:2800.55;
(2) The product is unreasonably dangerous in design as provided in R.S. 9:2800.56;
(3) The product is unreasonably dangerous because an adequate warning about the product has not been provided as provided in R.S. 9:2800.57; or
(4) The product is unreasonably dangerous because it does not conform to an express warranty of the manufacturer about the product as provided in R.S. 9:2800.58.

51:1401, et. seq[5], violations of the Louisiana New Home Warranty Act, LSA-R.S. 9:3141, et seq.[6]; and principles of negligence (LSA-C.C. Article 2315)[7]. As long as Plaintiff "could conceivably recover damages from the nondiverse [defendants], the action must be remanded." Gonzalez, supra, at 2. See also Sweeney, supra, wherein the district court stated at 873, 874:

> While acknowledging the clear statement of Rule 81(c), applying the federal rules to cases removed from state court, this Court is also aware of Rule 82's admonition that "[t]hese rules shall not be construed to extend or limit the jurisdiction of the [district courts]." Fed.R.Civ.P. 82. In this Court's opinion, a district court may run afoul of Rule 82 when it uses a federal rule to sever the claims in a removed case, ***if those claims were properly joined under state law when the suit was originally filed***. Such a reshaping of the action by the district court creates jurisdiction where it did not previously exist. The Fifth Circuit has said, "[w]e must be ever mindful that any rule or decision allowing a federal court to act without subject matter jurisdiction conflicts irreconcilably with basic principles of federal court authority.... The appropriate course is to examine for subject matter jurisdiction constantly and, if it is found lacking, to remand to state court if appropriate, or otherwise to dismiss." Marathon Oil Co. v. Ruhrgas, A.G., 115 F.3d 315, 318 (5th Cir.1997) [Emphasis added].

Defendant Builder warranted to Plaintiff that her home would be free from defects. He breached that warranty. Plaintiff can "conceivably recover damages" from the Builder, and the claims against the defendant Builder "were properly joined under state law when the suit was originally filed". Defendant Suppliers warranted that its drywall was free from defects. It breached that warranty. Plaintiff can "conceivably recover damages" from the Suppliers, and the

---

[5] LSA-R.S. 51:1405 states, in part: "A. Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

[6] LSA-R.S. 9:3144 states: "A. Subject to the exclusions provided in Subsection B of this Section, every builder warrants the following to the owner:
(1) One year following the warranty commencement date, the home will be free from any defect due to noncompliance with the building standards or due to other defects in materials or workmanship not regulated by building standards. (2) Two years following the warranty commencement date, the plumbing, electrical, heating, cooling, and ventilating systems exclusive of any appliance, fixture, and equipment will be free from any defect due to noncompliance with the building standards or due to other defects in materials or workmanship not regulated by building standards. (3) Five years following the warranty commencement date, the home will be free from major structural defects due to noncompliance with the building standards or due to other defects in materials or workmanship not regulated by building standards.

[7] LSA-C.C. Article 2315 states, in part: "A. Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.

claims against the defendant Suppliers "were properly joined under state law when the suit was originally filed". Defendant Liability Insurers insured the Builder and Suppliers. The Louisiana Direct Action Statute allows a plaintiff to sue an insurer directly.

Considering who sold and installed the defective product, homeowners like Plaintiff herein have no choice but to legitimately sue their builder, the suppliers of the drywall, their insurers, and the homeowner's insurer. State Farm has no evidence or even fair argument that Plaintiff (and those similarly situated) will not prevail against builders and suppliers involved with the defective drywall. As State Farm's removal was unjustified, attorney fees and court costs should be imposed.

### B. THE COURT LACKS SUBJECT MATTER JURISDICTION.

Plaintiff did not improperly or fraudulently join the non-diverse defendants; hence, complete diversity does not exist. Defendant State Farm failed to prove improper joinder because if failed to demonstrate: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court. Since Defendant State Farm failed to establish improper joinder, there is not complete diversity of citizenship among the parties, and the Court must remand the action for lack of subject-matter jurisdiction. See *Gonzales, supra*.

### CONCLUSION

For the reasons set forth above, Plaintiff requests that this matter be remanded to the Civil District Court for the Parish of Orleans, State of Louisiana, and that this Court impose sanctions of. attorney fees and court costs against State Farm in favor of Plaintiff.

Respectfully submitted:

/s/Paul A. Lea, Jr.
Paul A. Lea, Jr. (La. Bar No. 18637)
527 East Boston St., Suite 201
Covington, Louisiana 70433-2948
Telephone:(985) 292-2300
Facsimile: (985) 292-3501
**Counsel for Plaintiff**

## CERTIFICATE OF SERVICE

I certify that on this ___ day of November 2009, the undersigned electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

/s/Paul A. Lea, Jr.
Paul A. Lea, Jr.