UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| VAL LOUIS HUFFT AND <br> AUDREY HUTHER HUFFT <br> Plaintiffs <br> <br> VERSUS <br> <br> INTERIOR/EXTERIOR BUILDING SUPPLY, <br> LIMITED PARTNERSHIP, INTERIOR/ <br> EXTERIOR ENTERPRISES, L.L.C., <br> MARIGOLD COURT, L.L.C., ANTHONY F. <br> MARINO, ARCH INSURANCE COMPANY, <br> LIBERTY MUTUAL FIRE INSURANCE <br> COMPANY, ABC INSURANCE COMPANY <br> AND STATE FARM FIRE AND CASUALTY <br> INSURANCE COMPANY <br> Defendants | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | CIVIL ACTION NO: 09-7016 <br> <br> SECTION: L <br> <br> JUDGE: FALLON <br> <br> MAGISTRATE: 2 - WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

PLAINTIFFS' MOTION TO REMAND

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NOW INTO COURT, through undersigned counsel, comes Val Louis Hufft and Audrey Huther Hufft ("Plaintiffs"), who, pursuant to 28 U.S.C. § 1447 (c), respectfully moves for an Order remanding this case to the Civil District Court for the Parish of Orleans, State of Louisiana, and for sanctions of attorney fees and costs, for the reasons that follow:

I.

This lawsuit was filed in the Civil District Court for the Parish of Orleans, State of Louisiana, Div. "H-12", No. 09-9595, on September 10, 2009 by the Huffts ("Plaintiffs") against Interior/Exterior Building Supply, Limited Partnership and Interior/Exterior Enterprises, L.L.C. (Louisiana Suppliers of defective drywall), Arch Insurance Company & Liberty Mutual Fire Insurance Company (Suppliers' commercial liability insurers), Marigold Court, L.L.C. &

Anthony F. Marino (Louisiana Builder), ABC Insurance Company (Builder's commercial liability insurer), and State Farm Fire and Casualty Company (Plaintiffs' homeowner's insurer) for damages arising from defective drywall used in their home. The Builder/Suppliers were sued for breach of warranties, redhibition, violations of Louisiana Unfair Trade Practices and Consumer Protection Law, and violations of the New Home Warranty Act, fraudulent concealment and misrepresentation, etc. Each insurer was made a defendant by virtue of the Louisiana Direct Action statute (LSA-R.S. 22:655, et seq.), which allows claims to be made directly to the party-defendant's insurer. Plaintiffs sued State Farm as their homeowner's insurer, which issued a policy in favor of Plaintiffs for damages involving their new home.

II.

Defendant State Farm is a foreign insurer duly organized under the laws of the State of Illinois. Its Notice of Removal contends that removal was proper via 28 U.S.C. § 1332, to-wit: amount in controversy exceeds $75,000 and involves citizens of different states. Defendant alleges that the Builder/Supplier Defendants were improperly and fraudulently joined. Plaintiffs assert that the action they filed in Civil District Court is not removable to federal court because there is not complete diversity among the defendants, and denies improper and fraudulent joinder.[1]

III.

Removal statutes are, in general, strictly construed. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002). A district court must remand a case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." *Preston v. Tenet Healthsys. Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 813 n.3 (5th Cir. 2007). Given that

---

[1] If this is "fraudulent joinder", perhaps the Court and Plaintiffs' counsel should ask State Farm who should be sued, if not the Builder and Supplier.

removal can implicate important federalism concerns, "any doubts concerning removal must be resolved against removal and in favor of remanding the case ... to state court." *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). A court must "consider the claims in the state court petition as they existed at the time of removal" in order to determine whether jurisdiction is present. *Manguno v. Prudential Prop. & Cas. Ins Co.*, 276 F.3d 720, 723 (5th Cir.2002).

IV.

Plaintiffs' claims were brought against two non-diverse defendants, who are relevant parties and who bear clear liability in their suit for damages due to defective drywall. Plaintiffs have the right to bring their action against these culpable parties and their insurer, which they did in state court.

V.

Plaintiffs' damages arise from a single set of facts. Plaintiffs did not sue their Builder or his Supplier in order to defeat diversity, and Defendant State Farm has failed to prove actual fraud or an inability of Plaintiffs to establish a cause of action against the non-diverse defendants, as required by law. See *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir.2007). Moreover, conducting the trial against their homeowner's insurer (State Farm) in federal court and the Builder/Suppliers and their respective insurers in state court would be time consuming, costly, and may result in inconsistent rulings.

VI.

This Court does not have subject matter jurisdiction for the reasons set forth above. The arguments and authorities further supporting Plaintiffs' motion are also contained within *Plaintiffs' Memorandum in Support of Plaintiffs' Motion for Remand*, which is incorporated by reference herein.

Respectfully submitted:

/s/Paul A. Lea, Jr.
Paul A. Lea, Jr. (La. Bar No. 18637)
527 East Boston St., Suite 201
Covington, Louisiana 70433
Telephone:(985) 292-2300
Facsimile:  (985) 292-3501
**Counsel for Plaintiffs**

CERTIFICATE OF SERVICE

I certify that on this 12 day of November 2009, the undersigned electronically filed the foregoing with the Clerk of Court by using the CM/ECF system that will send notice of electronic filing to all counsel of record.

/s/Paul A. Lea, Jr.
Paul A. Lea, Jr.