UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L |
| THIS DOCUMENT RELATES TO: ALL CASES | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**DEFENDANTS' STEERING COMMITTEE'S MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS FOR PLAINTIFFS' FAILURE TO COMPLY
WITH COURT-ORDERED DISCOVERY**

The Defendants' Steering Committee ("the DSC") submits this memorandum in support of its motion to dismiss with prejudice pursuant to Federal Rules of Civil Procedure 41(b) and 37(b)(2)(C) the claims of plaintiffs who have failed to submit a Plaintiff Profile Form ("PPF") in violation of this Court's orders. In support, the DSC shows as follows:

**PROCEDURAL BACKGROUND**

Plaintiffs filed these actions in various federal courts throughout the United States, alleging property damage and personal injuries related to installation of and exposure to allegedly tainted Chinese manufactured drywall. In order to better facilitate pre-trial efforts, plaintiffs' cases were subsequently transferred to this Court to be part of *In re: Chinese Manufactured Drywall Products Liability Litigation*, MDL 2047 (E.D. La.). The list of total MDL plaintiffs is set forth at Exhibit "A."

On August 17, 2009, the Court entered Pre-Trial Order No. 11, requiring each plaintiff in every case transferred to the MDL to complete a PPF, and to serve it upon Defendants' Liaison Counsel by September 2, 2009. Rec. Doc. 168. While some plaintiffs have provided completed PPFs in accordance with the Court's Order (the list of plaintiffs that have supplied plaintiff profile forms is attached as Exhibit "B"), one hundred twenty-six (126) plaintiffs (as identified in Exhibit "C" attached hereto) ("Exhibit "C" Plaintiffs") have failed to provide any PPF to date.

1

After the expiration of the September 2, 2009 deadline, the Homebuilders Steering Committee and the DSC filed a joint motion to compel plaintiffs' delinquent PPFs. Oral argument was heard after the October 15, 2009 monthly status conference, wherein this Court ordered that all PPFs must be submitted to Defendants' Liaison Counsel in a timely manner. See Exhibit "D" (October 15, 2009 Minute Entry. Rec. Doc. 359). However, between October 15, 2009 and the time of filing this motion, only a few additional PPFs have been received by Defendants' Liaison Counsel.

On October 23, 2009, Defendants' Liaison Counsel sent correspondence to the Plaintiffs' Steering Committee requesting that each delinquent PPF be provided in accordance with Pre-Trial Order 11. See Exhibit "E." The letter also advised that failure to provide a completed PPF by October 30, 2009, would leave the defendants with no alternative but to move the Court for appropriate relief, including dismissal.

Exhibit "C" Plaintiffs have established a pattern of willfully ignoring this Court's Pre-Trial Order No. 11. Despite being compelled by this Court to produce the overdue PPFs, and receiving a warning letter from Defendants' Liaison Counsel, which provided additional time to comply, those plaintiffs have refused to provide a PPF. Accordingly, defendants seek dismissal of Exhibit "C" Plaintiffs' lawsuits due to their blatant disregard of this Court's discovery and pre-trial orders.

## LAW AND ARGUMENT

**A.** **Exhibit "C" Plaintiffs' failure to provide complete PPFs warrants dismissal of their claims with prejudice pursuant to Federal Rule of Civil Procedure 41(b).**

Exhibit "C" Plaintiffs' failure to provide PPFs warrant dismissal of their actions with prejudice. Federal Rule of Civil Procedure 41(b) permits dismissal of an action for a plaintiff's

failure to comply with any Court order. Fed.R.Civ.P. 41(b). Dismissal under Fed.R.Civ.P. 41 "operates as an adjudication on the merits." *Id.*

In addition, according to Federal Rule of Civil Procedure 37, if a party "fails to obey an order to provide or permit discovery…the court…may make such orders in regard to the failure as are just," including "an order…dismissing the action or proceeding." Fed.R.Civ.P. 37(b)(2)(C).

Before dismissing a case for noncompliance with court-ordered discovery, a court generally weighs five factors:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less dramatic sanctions.

*Malone v. United States Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (quoting *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). Under Rule 37, in addition to consideration of these five factors, a dismissal sanction for failure to comply with a discovery order also requires willfulness, bad faith, or fault of that party. *In re: Liquid Carbonic Truck Drivers Chemical Poisoning Litigation* (MDL 252), 580 F.2d 819 (5th Cir. 1978). As explained in greater detail below, all five factors weigh heavily against plaintiffs and dismissal is warranted.

1. **Exhibit "C" Plaintiffs' failure to provide complete PPF postpones resolution of their lawsuits and frustrates the Court's ability to manage its docket.**

The first two factors enumerated in the *Malone* balancing test favor dismissal. Exhibit "C" Plaintiffs' failure to submit PPFs disregards the Court's expedited discovery plan and undermines the Court's ability to manage this large multi-district litigation. Despite the Court's repeated statements concerning the expediency with which this MDL must proceed, those plaintiffs who have failed to provide PPFs have frustrated the litigation and are an impediment to the adjudication of the claims of those plaintiffs who have timely submitted a PPF. Exhibit "C" Plaintiffs' failure to submit PPFs have wasted Court and party resources that can be more productively directed by dismissing the claims of the Exhibit "C" Plaintiffs who cannot even be

3

bothered to submit a very simple profile form.

## 2. Defendants are prejudiced by Exhibit "C" Plaintiffs' blatant disregard of Pre-Trial Order No. 11.

Exhibit "C" Plaintiffs' failure to complete the PPFs in accordance with Pre-Trial Order No. 11 severely prejudices defendants. Although mere delay is not necessarily prejudicial, unreasonable delay or failure to produce documents as ordered is considered prejudice against defendants sufficient to warrant dismissal. See *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (defendant was prejudiced by plaintiffs' unreasonable delay warranting dismissal).

The PPF is a document that was negotiated by the Plaintiffs Steering Committee and the DSC, and approved by the Court, to provide critical information to defendants concerning the basis of each plaintiff's claims and alleged injuries. Here, defendants have virtually no information about Exhibit "C" Plaintiffs' claims. Thus, those plaintiffs' claims cannot be evaluated in any way or for any purpose such as further discovery, trial, or settlement.

Moreover, due to Exhibit "C" Plaintiffs' noncompliance, defendants, who are managing hundreds of lawsuits, have had to waste substantial time and effort in attempting to obtain critical information about Exhibit "C" Plaintiffs' claims -- in some instances in actions in which they are not even proper defendants undermining the purpose of the abbreviated PPF and the Court's expedited discovery plan. Thus, the prejudice to defendants created by Exhibit "C" Plaintiffs' noncompliance with this Court's expedited discovery plan and orders supports dismissal of these cases.

## 3. Public policy dictates dismissal of Exhibit "C" Plaintiffs' actions.

Generally, public policy favors disposition of cases on the merits and usually weighs against dismissal. *Pagtalunan,* 291 F.3d at 643. However, Exhibit "C" Plaintiffs' refusal to comply with Pre-Trial Order No. 11 and provide the PPFs prevents the resolution of their lawsuits on the merits. Here, plaintiffs allege, among other things, property damages and personal injuries related to allegedly tainted Chinese manufactured drywall. Yet, Exhibit "C"

Plaintiffs refuse to provide any information regarding critical elements of their claims, including whether an inspection has previously occurred, the alleged manufacturer, homebuilder, supplier and installer of the drywall at issue, and information concerning the physical attributes of the property. Absent the PPF information, neither defendants nor the Court can adequately assess the merits of Exhibit "C" Plaintiffs' claims and work toward resolution. Accordingly, dismissal is warranted.

4.  **Exhibit "C" Plaintiffs have ignored alternative sanctions. Thus, dismissal is appropriate..**

Prior to dismissing a plaintiff's case for failure to comply with a court order, some courts require that a district court consider the feasibility of alternatives to dismissal. See e.g., Malone, 833 F.2d at 131-32. Alternative sanctions have already been imposed and ignored by plaintiffs in these cases. Thus, as recognized by this Court in In re: Propulsid Products Liability Litigation (MDL 1355), 2002 WL 32156066, at *2 (E.D. La. 2002), dismissal of those plaintiffs who fail to provide PPFs is appropriate.

In its October 15, 2009 Order granting the HSC and DSC motion to compel PPFs, this Court directed "plaintiffs in the MDL to timely and appropriately fill out and submit Plaintiff Profile Forms," despite the fact that plaintiffs had already been given nearly a month of extra time to respond. See Rec. Doc. 359. Thus, the Court effectively allowed an extension of time to respond by allowing the plaintiffs to respond as soon as possible.

Since only a fraction of the outstanding PPFs were received following issuance of this Court's Order, Defendants' Liaison Counsel sent a warning letter to the Plaintiffs Steering Committee demanding that the PPFs be served no later than October 30, 2009. See Exhibit "E." The warning letter informed plaintiffs that defendants would seek appropriate relief from the Court if completed PPFs were not provided within the time frame set forth in the letter, including dismissal of those claims. Exhibit "C" Plaintiffs ignored this warning letter. Exhibit "C" Plaintiffs' continual default of their discovery obligations justifies the imposition of dismissal with prejudice.

This case is analogous to *Hurst v. Golden Gate 25 Univ.,* No. C 96-1683 FMS, 1997 U.S. Dist. LEXIS 6435, at *2-3 (N.D. Cal. May 6, 1997). Prior to dismissing the case, the district court attempted less drastic alternatives, including giving plaintiff second and third chances to appear by first changing its scheduling order and issuing a court order directing plaintiff to appear. *Id.* at *6. As reasoning for dismissing the claims, the court asserted that its "leniency" with the plaintiff was ineffective. *Id.*

Likewise, this Court's leniency with plaintiffs has been ineffective. Exhibit "C" Plaintiffs have ignored warnings, extensions of time, and this Court's Pre-Trial Order No. 11.

This Court has repeatedly warned that the failure to produce PPFs would result in dismissal from this MDL. Pre-Trial Order No. 11 regarding profile forms has been posted on the Court's website since August 17, 2009. The subject of PPFs has been featured in each Court status conference since August. See August 11, 2009 Minute Entry at §III (Rec. Doc. 165), September 24, 2009 Minute Entry at §III (Rec. Doc. 290), and October 15, 2009 Minute Entry at § III (Rec. Doc. 358). Thus, it is logical that sanctions could be imposed for failure to comply with the Court's expedited discovery plan. There is no reason to believe that the further imposition of lesser sanctions would prompt Exhibit "C" Plaintiffs to comply with Pre-Trial Order No. 11, after having failed to comply since September 2, 2009. Exhibit "C" Plaintiffs' continued failure to provide completed PPFs in defiance of Pre-Trial Order No. 11 justifies the dismissal with prejudice.

**B.      Exhibit "C" Plaintiffs' have willfully violated the Court's Orders and dismissal of plaintiffs' lawsuits is warranted.**

Plaintiffs subject to this motion have willfully and deliberately Pre-Trial Order No. 11. Under Rule 37, dismissal of an action for failure to follow a discovery order is warranted where the failure to comply is due to willfulness, bad faith, or fault of the plaintiff. *In re: Liquid Carbonic Truck Drivers Chemical Poisoning Litigation* (MDL 252), 580 F.2d 819 (5th Cir. 1978).

Here, Exhibit "C" Plaintiffs' failure to provide completed PPFs is a willful violation of Court

ordered discovery. In fact, Exhibit "C" Plaintiffs have disregarded Pre-Trial Order No. 11, the Court's October 15, 2009 Order and warning letters regarding potential dismissal of their claims for failure to produce completed PPFs. Thus, Exhibit "C" Plaintiffs repeatedly have made the deliberate, conscious decision to not provide information within their control. Defendants cannot obtain this information from any other source, and it severely prejudices defendants' case. Accordingly, the plaintiffs identified in Exhibit "C" must be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the DSC requests that the Court grant this motion and dismiss the plaintiffs identified in Exhibit "C" with prejudice, and for all other appropriate relief.

Respectfully submitted,

BY: /s/ Kerry J. Miller
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
**FRILOT L.L.C.**
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone: (504)599-8194
Facsimile: (504)599-8145
Email: kmiller@frilot.com

**Defendants' Liaison Counsel
o/b/o Defense Steering Committee**

## CERTIFICATE

I hereby certify that the above and foregoing pleading has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 2047, on this 13th day of November, 2009.

/s/ Kerry J. Miller
Kerry Miller (Bar No. 24562)
Kyle Spaulding (Bar No. 29000)
**Frilot L.L.C.**
1100 Poydras Street
Suite 3700
New Orleans, LA  70613-3600
PH:     (504) 599-8000
FAX:   (504) 599-8100

**Defendants' Liaison Counsel**
