UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al., Case No. 2:09-cv-6687 (E.D.La.) | |

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST TAISHAN GYPSUM CO., LTD

**I.   INTRODUCTION**

Plaintiffs, Michelle Germano, Dennis and Sharon Jackson, Jason and Lisa Dunaway, collectively brought a class action on behalf of themselves and all other similarly situated owners and landlords against Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd. ("Taishan"); Tobin Trading Inc. ("Tobin"); Venture Supply Inc. ("Venture"), Harbor Walk Development, LLC ("Harbor Walk"), and The Porter-Blaine Corp. ("Porter-Blaine").

Plaintiffs perfected service of the complaint on Taishan on August 3, 2009. To date, Taishan has failed to enter an appearance, answer, or otherwise respond to the Plaintiffs' complaint. Since Taishan has not responded to the Plaintiffs' complaint, Plaintiffs request that the Court enter a default judgment against Taishan in favor of Plaintiffs and the class they seek to represent in accordance with Fed.R.Civ.P. 55 and this Court's Minute Entry dated August 11, 2009.

**II.   FACTS**

Plaintiffs filed their initial complaint in the Eastern District of Virginia on May 1, 2009. *See* Declaration of Arnold Levin, filed herewith, Exhibit "B". Thereafter, on May 26, 2009, Plaintiffs filed the First Amended Complaint. *Id.* On August 3, 2009, Plaintiffs received notice

that service of process of the First Amended Complaint was perfected on Taishan. *See* Levin Declaration, Exhibit "A". Plaintiffs case was then transferred to MDL 2047 on October 13, 2009. Subsequent to the transfer, Plaintiffs moved to amend the First Amended Complaint by interlineation on October 30, 2009. Plaintiffs motion to amend by interlineation was granted by order dated November 18, 2009.

Plaintiffs Second Amended Class Action Complaint (the "Complaint") proposes the following class action against Taishan:

> All owners and landlords of real properties located in the United States containing defective Chinese drywall manufactured, sold, distributed, supplied, marketed, inspected, imported or delivered by Taishan Gypsum Co. Ltd.

*See* Complaint at ¶ 32.[1]

The Complaint asserts claims against Taishan and the other defendants for negligence, negligence per se, breach of express and/or implied warranties, breach of contract, private nuisance, unjust enrichment, violation of the Virginia Consumer Protection Act and for equitable injunctive and medical monitoring.

As of the filing of this motion, Taishan has not filed an answer or otherwise responded to Plaintiffs' Complaint, the First Amended Complaint, and/or the Second Amended Complaint.

### III. ARGUMENT

The entry of a default judgment is governed by Fed.R.Civ.Proc. 55, which states in pertinent part:

---

[1] In the First Amended Class Action Complaint, the Plaintiffs sought a Virginia class against Taishan, Tobin Trading Inc. ("Tobin") and Venture Supply Inc. ("Venture") and a subclass against Harbor Walk Development, LLC ("Harbor Walk") and The Porter-Blaine Corp ("Porter-Blaine"). In the Second Amended Class Action Complaint, Plaintiffs amended the class definition to assert a national class against Taishan and two subclasses (Tobin/Venture) and (Harbor Walk/Porter-Blaine). For each of these subclasses, Plaintiffs are limiting the class definitions to owners of residential homes in Virginia.

2

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default...
>
> [In cases where the plaintiff's claim is for a sum that is not certain and cannot be made certain by computation], the party must apply to the court for a default judgment...If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing...

Fed.Rule.Civ.Proc. 55. Pursuant to Fed.Rule Civ. Proc. 12, a defendant must serve an answer within 20 days after being served with the summons and complaint. Fed.R.Civ.Proc. 12(a)(1)(A)(i).

Here, Plaintiffs received on August 3, 2009, documentation reflecting service of the Complaint and summons on Taishan. *See* Ex. A. Thus, Taishan's deadline for serving its responsive pleading was, at the latest, August 24, 2009. As of this date, no responsive pleading has been filed.

Taishan has failed to respond to Plaintiffs' Complaint or otherwise defend this matter. As the Fifth Circuit has explained, mere acceptance of service does not constitute an appearance for purposes of Fed.R.Civ.Proc. 55(b)(2). *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999). Thus, plaintiffs need not notify Taishan of the present motion for default.

This Court has publicly warned defendants of their obligation to appear or risk default:

> IT IS ORDERED that Pretrial Order #1, Paragraph 8 regarding EXTENSION AND STAY be and is hereby MODIFIED to reflect that those who have been served and who have not made an appearance will be subject to default. The Court instructed the parties to file a motion for default in cases involving parties who have been served but who have not made an appearance, before the next status conference.

Minute Entry dated August 11, 2009, p.3.

3

Taishan has proffered no excuse for its failure to respond to Plaintiffs' Complaint. Accordingly, by the plain language of Fed.Rules Civ. Proc. 12 and 55, Plaintiffs and the class they seek to represent are entitled to an entry of default and default judgment.

## IV. CONCLUSION

WHEREFORE, for the reasons set forth above, Plaintiffs respectfully request that the Court grant Plaintiffs' motion for default judgment against Taishan Gypsum Co., Ltd.

Respectfully submitted,

**Dated: November 18, 2009**

/s/ Arnold Levin
Arnold Levin, Esquire
Fred S. Longer, Esquire
Daniel Levin, Esquire
Matthew C. Gaughan, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
*Co-counsel for Plaintiffs*

Richard Serpe, Esquire
LAW OFFICES OF RICHARD J. SERPE
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
*Counsel for Plaintiffs*

Michael D. Hausfeld, Esquire
Richard S. Lewis, Esquire
James J. Pizzirusso, Esquire
Faris Ghareeb, Esquire
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
*Co-counsel for Plaintiffs*

Richard W. Stimson, Esquire
Attorney at Law
920 Waters Reach Court
Alpharetta, Georgia 30022
Phone: 214-914-6128
*Co-counsel for Plaintiffs*

Robert Gary, Esquire
GARY, NAEGELE & THEADO, LLC
446 Broadway
Lorain, OH 44052
Phone: (440) 244-4809
Fax: (440) 244-3462
*Co-counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Plaintiffs' Motion for Default Judgment against Taishan Gypsum Co., Ltd. and Memorandum in Support thereof and Declaration of Arnold Levin in Support of Plaintiff's Motion for Default Judgment Against Taishan Gypsum Co., Ltd. has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 18th day of November, 2009.

/s/ Arnold Levin
Arnold Levin
Fred S. Longer
Daniel Levin
Matthew Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street
Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
*Co-counsel for Plaintiff*