# EXHIBIT A

AO 440 (Rev. 04/08) Civil Summons

**ORIGINAL**

# UNITED STATES DISTRICT COURT

for the

MICHELLE GERMANO; DENNIS JACKSON;
SHARON JACKSON; JASON DUNAWAY;
LISA DUNAWAY; individually, and on behalf
of all others similarly situated,

Plaintiffs,

v.

TAINSHAN GYPSUM CO., LTD. f/k/a SHANDONG
TAIHE DONGXIN CO. LTD.; TOBIN TRADING, INC.;
VENTURE SUPPLY, INC.; HARBOR WALK
DEVELOPMENT, LLC; and THE PORTER-BLAINE
CORP.,

Defendants.

Eastern District of Virginia

Norfolk Division

)
)
)
)
)
)

Civil Action No.  2:09-cv-202
**(Amended Complaint)**

Summons in a Civil Action

To: *(Defendant's name and address)*

Taishan Gypsum Co., Ltd.
f/k/a Shandong Taihe Dongxin Co., Ltd.
Dawenkou, Taian
Shandong, China 271026

A lawsuit has been filed against you.

Within  **20**  days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, whose name and address are:

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe, P.C.
580 E. Main Street, Suite 310
Norfolk, VA  23510

If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Fernando Galindo

Name of clerk of court

Date:  **6/12/09**

L. Woodcock          Deputy clerk's signature

*(Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States allowed 60 days by Rule 12(a)(3).)*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

## NOTICE

## CONSENT TO TRIAL BY MAGISTRATE JUDGE

Pursuant to Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c) you may request to have your case conducted before a United States Magistrate Judge upon consent of all parties and approval by a United States District Judge. In order to proceed before a Magistrate Judge, a consent form must be filed with the Clerk's Office. It may be filed jointly or separately. The consent form may be printed from the U.S. District Court website (listed below) or obtained from the Clerk's Office. Please refer to the previously mentioned rule for further information.

## FINANCIAL INTEREST DISCLOSURE STATEMENT

Pursuant to Local Rule 7.1, a financial disclosure statement must be filed by a "nongovernmental corporation, partnership, trust, [or] other similar entity that is a party to, or that appears in, an action or proceeding in this Court." This statement should be filed in duplicate with the party's "first appearance, pleading, petition, motion, response, or other request addressed to the Court". The financial interest disclosure statement may be printed from the U.S. District Court website (listed below) or obtained from the Clerk's Office. Please refer to the previously mentioned rule for further information. Failure to file the financial interest disclosure statement as required by Local Rule 7.1 will result in this first submission being filed subject to defect by the Clerk.

## WEBSITE AND CLERK'S OFFICES ADDRESSES

The website address for the U.S. District Court for the Eastern District of Virginia is www.vaed.uscourts.gov. If you do not have access to a computer, contact one of the Clerk's Offices listed below to obtain either of these forms:

Albert V. Bryan United States Courthouse
401 Courthouse Square
Alexandria, VA 22314
(703) 299-2101

Walter E. Hoffman United States Courthouse
600 Granby Street
Norfolk, VA 23510
(757) 222-7201

Spottswood W. Robinson III and
Robert R. Merhige, Jr., Federal Courthouse
701 East Broad Street
Richmond, VA 23219
(804) 916-2220

United States Courthouse
2400 West Avenue
Newport News, VA 23607
(757) 247-0784

**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF VIRGINIA
600 GRANBY STREET
NORFOLK, VIRGINIA 23510-1915

CHAMBERS OF
MARK S. DAVIS
UNITED STATES DISTRICT JUDGE

## PROCEDURE FOR CIVIL MOTIONS

This case has been assigned to United States District Judge Mark S. Davis.

Pursuant to Local Rule 7, a brief shall accompany all motions (unless excepted by the rule). Courtesy copies of briefs are not required unless the filing, including exhibits, exceeds fifty (50) pages.

After all briefs are in, it is incumbent upon counsel for the moving party to confer with opposing counsel and advise the Clerk's Office by "Notice" when a ruling or determination based upon the briefs alone (without oral argument) is desired. See Local Rule 26 for discovery motion procedures. Unless otherwise directed by the District Judge, all discovery issues shall be directed to the Magistrate Judge assigned to the civil action.

Requests for oral argument should be communicated to the Clerk's Office by "Notice" requesting oral argument. If Judge Davis determines he will allow oral argument, counsel will be notified by the Judge's courtroom deputy or his judicial assistant and a date and time will be selected.

Absent a request for hearing, the motions will be referred automatically to Judge Davis.

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

MICHELLE GERMANO; DENNIS JACKSON;
SHARON JACKSON; JASON DUNAWAY;
LISA DUNAWAY; individually, and on behalf of
all others similarly situated,

        Plaintiffs,

v.                         Civil Action No. 2:09-cv-202

TAISHAN GYPSUM CO. LTD. f/k/a
SHANDONG TAIHE DONGXIN CO. LTD.;
TOBIN TRADING INC.; VENTURE SUPPLY
INC.; HARBOR WALK DEVELOPMENT, LLC;
and THE PORTER-BLAINE CORP.,

        Defendants.

_____/

### FIRST AMENDED COMPLAINT--CLASS ACTION

Pursuant to Fed. R. Civ. P. 23, Plaintiffs brings this class action on behalf of themselves and all other similarly situated owners and residents of residential homes in the Commonwealth of Virginia containing defective drywall that was designed, manufactured, exported, imported, distributed, delivered, supplied, inspected, marketed, sold and/or installed by Defendants Taishan Gypsum Co. Ltd. f/k/a Shandong Taihe Dongxin, Co. Ltd. ("Taishan"), Tobin Trading Inc. ("Tobin") and/or Venture Supply Inc. ("Venture"). Plaintiffs also bring this action on behalf of a subclass of similarly situated owners and residents of residential homes in the Commonwealth of Virginia containing defective drywall that were built and/or had drywall installed by developer Harbor Walk Development, LLC ("Harbor Walk") and/or The Porter-Blaine Corp. ("Porter-Blaine"). In support thereof, Plaintiffs states as follows:

1

## JURISDICTION, PARTIES, AND VENUE

1.       This action is within the original jurisdiction of this Court by virtue of 28 U.S.C. §1332(d)(2) and the Class Action Fairness Act.  Plaintiffs and certain Defendants are citizens of different states and the amount in controversy of this Class action exceeds five million dollars ($5,000,000.00), exclusive of interest and costs.

2.       Venue in this district satisfies the requirements of 28 U.S.C. §1391(b)(1)-(2) because some Plaintiffs reside in this jurisdiction, some Defendant resides in this jurisdiction, and a substantial amount of the events and occurrences giving rise to the claim occurred in this District, or a substantial part of the property that is the subject of this action is situated in this district.

## PLAINTIFFS

3.       Plaintiff Michelle Germano is a resident of Virginia and owns a home located at 8171 North View Blvd., Norfolk, Virginia, 23518.

4.       Upon information and belief, Ms. Germano's home was built and/or had drywall installed by Defendants Harbor Walk and/or Porter-Blaine and it contains defective drywall that was designed, manufactured, exported, imported, distributed, delivered, supplied, inspected, marketed, and/or sold by Defendants Taishan, Tobin and/or Venture.

5.       Plaintiffs Dennis and Sharon Jackson (husband and wife) are residents of Virginia and own a home located at 8151 North View Blvd., Norfolk, Virginia, 23518.

6.       Upon information and belief, the Jackson's home was built and/or had drywall installed by Defendants Harbor Walk and/or Porter-Blaine and it contains defective drywall that was designed, manufactured, exported, imported, distributed, delivered, supplied, inspected, marketed, and/or sold by Defendants Taishan, Tobin and/or Venture.

7.      Plaintiffs Jason and Lisa Dunaway (husband and wife) are residents of Virginia and own a home located at 27037 Flaggy Run Rd., Courtland, Virginia, 23837.

8.      Upon information and belief, the Dunaways built their own home and it contains defective drywall that was designed, manufactured, exported, imported, distributed, delivered, supplied, inspected, marketed, and/or sold by Defendants Taishan, Tobin and/or Venture.

## DEFENDANTS

9.      Defendant Taishan is a Chinese corporation doing business in the Commonwealth of Virginia with its principal place of business located at Dawenkou, Daiyue District, Tai'an City, Shandong Province, China, 271026.

10.     Defendant Taishan designed, manufactured, exported, distributed, delivered, supplied, inspected, marketed, and/or sold defective drywall at issue in this case.

11.     Upon information and belief, Taishan is controlled by the Beijing New Building Materials Public Limited Co., which is a state-owned entity and respectively controlled by the Chinese government.

12.     To the extent Taishan is deemed a foreign sovereign entity, Plaintiffs bring claims against Taishan pursuant to 28 U.S.C. § 1605(a)(2), the commercial activity exception to the Foreign Sovereign Immunities Act, or alternatively under § 1605(a)(5), the tortious act exception. Plaintiffs allege that the claim is based upon Taishan's commercial activities carried on in the United States. The claim also seeks monetary damages against a foreign state for damage to property occurring in the United States, caused by the tortious acts or omissions of that foreign state, or of any official or employee of that foreign state while acting within the scope of his office or employment.

3

13.     Defendant Tobin is a Virginia corporation with its principal place of business located at 5008 Gatehouse Way, Virginia Beach, Virginia, 23455.

14.     Defendant Tobin imported, distributed, delivered, supplied, inspected, marketed and/or sold defective drywall at issue in this case.

15.     Defendant Venture is a Virginia corporation with its principal place of business located at 1140 Azalea Garden Road, Norfolk, Virginia, 23502.

16.     Venture imported, distributed, delivered, supplied, inspected, marketed, and/or sold defective drywall to builders that was supplied to and damaged homeowners including Plaintiffs and Class Members.  Venture also imported, distributed, delivered, supplied, inspected, marketed, and/or sold defective drywall directly to some Plaintiffs and Class Members

17.     Defendant Harbor Walk is a Virginia corporation and is located at 804 Oakmears Crescent, Suite 101, Virginia Beach, Virginia, 23462.

18.     Harbor Walk built some Plaintiffs' and Class Members' homes and, directly or through agents, installed defective drywall in those homes, which has resulted in harm and damages to Plaintiffs and Subclass Members as described herein.

19.     Defendant Porter-Blaine is a Virginia corporation and is located at 1140 Azalea Garden Rd, Norfolk, Virginia, 23502.

20.     Porter-Blaine, which shares an address with Venture, is one of Venture's drywall installation contractors.  Upon information and belief, Porter-Blaine installed defective drywall in the Harbor Walk homes, and in other homes, which has resulted in harm and damages to Plaintiffs and Subclass Members as described herein.

21.     At all times herein mentioned, each of the Defendants was acting in concert with one another and was the agent, servant, partner, aider and abettor, co-conspirator and/or joint

4

venturer of each of the other Defendants herein and was at all times operating and acting within the purpose and scope of said agency, service, employment, partnership, conspiracy and/or joint venture and rendered substantial assistance and encouragement to the other Defendants, knowing that their collective conduct constituted a breach of duty owed to Plaintiffs and Class Members.

## GENERAL ALLEGATIONS

22.     Upon information and belief, Defendants' drywall contains gypsum.

23.     In "defective drywall" (such as that designed, manufactured, exported, imported, distributed, delivered, supplied, inspected, marketed, sold and/or installed by Defendants herein), the gypsum and other components of the product break down and release sulfides and other noxious gases that are then emitted (or "off-gassed") from the drywall.

24.     Sulfides and other noxious gases, such as those emitted from Defendants' drywall, cause corrosion and damage to personal property (such as air conditioning and refrigerator coils, faucets, utensils, electrical wiring, copper, electronic appliances and other metal surfaces and property).

25.     Exposure to sulfide and other noxious gases, such as those emitted from Defendants' drywall, causes personal injury resulting in eye irritation, sore throat and cough, nausea, fatigue, shortness of breath, fluid in the lungs, and/or neurological harm.

26.     As a direct and proximate result of Defendants' actions and omissions, Plaintiffs and the Class Members' homes, personal property, and bodies have been exposed to Defendants' defective and unfit drywall and the corrosive and harmful effects of the sulfide and other noxious gases being released from Defendants' defective drywall.

27.     Defendants tortiously manufactured, exported, imported, distributed, delivered, supplied, inspected, installed, marketed, sold and/or installed defective drywall, which was unfit

for its intended purpose and unreasonably dangerous in its normal use in that the drywall caused

corrosion and damage to personal property in Plaintiffs' and Class Members' homes and/or

caused personal injury resulting in eye irritation, a sore throat and cough, nausea, fatigue,

shortness of breath, fluid in the lungs, and/or neurological harm.

    28.    As a direct and proximate result of Defendants' defective and unfit drywall and

the corrosive and harmful effects of the sulfide and other noxious gases being released from

these products, Plaintiffs and Class Members have suffered, and continue to suffer economic

harm and/or personal injury.

    29.    As a direct and proximate result of Defendants' defective and unfit drywall and

the corrosive and harmful effects of the sulfide and other noxious gases being released from

these products, the Plaintiffs and the Class Members have suffered, and continue to suffer

damages.  These damages include, but are not limited to, costs of inspection; costs and expenses

necessary to remedy, replace and remove the defective drywall and other property that has been

impacted; lost value or devaluation of their homes and property; loss of use and enjoyment of

their home and property; and/or damages associated with personal injuries.

    30.    As a direct and proximate result of Defendants' defective and unfit drywall and

the corrosive and harmful effects of the sulfide and other noxious gases being released from

these products, Plaintiffs have been exposed to above-background levels of toxic gases and

suffered personal injury, have been placed at an increased risk of disease, and have need for

injunctive relief in the form of repair of their homes or rescission of their home contracts,

emergency/corrective notice, environmental testing and monitoring, and/or medical monitoring.

## CLASS ACTION ALLEGATIONS

31.     Plaintiffs bring this suit as a class action pursuant to Rules 23(a), (b)(1), (b)(2), (b)(3) and/or 23(c)(4) of the Federal Rules of Civil Procedure, on behalf of themselves and the following Class and Subclass comprised of:

**Class Definition:**

All owners and residents of residential homes in the Commonwealth of Virginia containing defective drywall manufactured, sold, distributed, and/or supplied by Taishan Gypsum Co. Ltd., Tobin Trading Inc. and/or Venture Supply Inc.

**Harbor Walk/Porter-Blaine Subclass Definition:**

All owners and residents of residential homes in the Commonwealth of Virginia containing defective drywall built and/or installed by Harbor Walk Development LLC and/or Porter-Blaine Corp.

32.     The following Persons shall be excluded from the Class: (1) Defendants and their subsidiaries, affiliates, officers and employees; (2) all Persons who make a timely election to be excluded from the proposed Class; (3) governmental entities; and (4) the judge(s) to whom this case is assigned and any immediate family members thereof.

33.     Upon information and belief, the Defendants' defective and unfit drywall was installed in at least hundreds of homes in the Commonwealth of Virginia. Therefore, the Class is sufficiently numerous such that the joinder of all members of the Class in a single action is impracticable.

34.     There are numerous common questions of law and fact that predominate over any questions affecting only individual members of the Class. Among these common questions of law and fact are the following:

a.   whether Defendants' drywall products that release sulfide and other noxious gases are defective and/or unfit for their intended purpose;

b.   whether Defendants tortiously manufactured, exported, imported, distributed, delivered, supplied, inspected, marketed, sold, and/or installed defective drywall products;

c.   whether Plaintiffs and Class Members are entitled to recover compensatory, exemplary, incidental, consequential, and/or other damages as a result of Defendants' unlawful and tortious conduct; and

d.   whether Plaintiffs and Class Members are entitled to recover injunctive and/or equitable relief as a result of Defendants' unlawful and tortious conduct.

35.   The legal claims of Plaintiffs are typical of the legal claims of other Class Members.  Plaintiffs have the same legal interests and need for legal remedies as other Class Members.

36.   The Plaintiffs and each member of the Class have defective and unfit drywall in their homes.  Due to the drywall in Plaintiffs and Class Members' homes, Plaintiffs and Class Members suffered damages and the need for injunctive and equitable relief, as set forth herein.

37.   Plaintiffs are adequate representatives of the Class and, together with their legal counsel, will fairly and adequately protect the interests of the Class.  Plaintiffs have no conflicts with the Class and are committed to the vigorous prosecution of this action.

38.   The undersigned counsel are competent counsel experienced in class action litigation, mass torts, and litigation involving defective and harmful products.  Counsel will fairly and adequately protect the interests of the class.

39.     The various claims asserted in this action are certifiable under the provisions of Federal Rules of Civil Procedure 23(b)(1) because prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

40.     The claims for injunctive relief in this case are certifiable under Fed. R. Civ. P. 23(b)(2). Defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief is appropriate respecting the class as a whole.

41.     A class action is superior to other methods of dispute resolution in this case. The Class members have an interest in class adjudication rather than individual adjudication because of their overlapping rights. It is highly desirable to concentrate the resolution of these claims in this single forum because it would be difficult and highly unlikely that the affected Class members would protect their rights on their own without this class action case. Management of the class will be efficient and far superior to the management of individual lawsuits.

42.     The issues common to the class members' claims, some of which are identified above, are alternatively certifiable pursuant to Fed. R. Civ. P. 23(c)(4) as resolution of these issues would materially advance the litigation, and class resolution of these issues is superior to repeated litigation of these issues in separate trials.

## COUNT I
### NEGLIGENCE
### (Against All Defendants)

43.     Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

44.     Defendants owed a duty to Plaintiffs and Class Members to exercise reasonable care in a) designing, b) manufacturing, c) exporting, d) importing, e) distributing, f) delivering, g) supplying, h) inspecting, i) marketing, j) selling, and/or k) installing this drywall, including a duty to adequately warn of their failure to do the same.

45.     Defendants knew or should have known that their wrongful acts and omissions would result in harm and damages in the manner set forth herein.

46.     Defendants breached their duty to exercise reasonable care in the designing, manufacturing, exporting, importing, distributing, delivering, supplying, inspecting, marketing, selling, and/or installing this drywall.

47.     Defendants likewise breached their duties to Plaintiffs and Class Members by failing to warn about the defective nature of the drywall. Defendants, through the exercise of reasonable care, knew or should have known the nature of the defective drywall and the adverse effects that it could have on the homes and bodies of Plaintiffs and Class Members.

48.     Given the defect in the Defendants' drywall, Defendants knew or should have known that their product could, and would, cause harm, damages and/or personal injuries to Plaintiffs and Class Members.

49.     As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs and Class Members were harmed and have incurred damages and/or personal injuries as described herein.

10

## COUNT II
### NEGLIGENCE PER SE
### (Against All Defendants)

50.    Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

51.    Defendants owed statutory duties to Plaintiffs and Class Members to exercise reasonable care in a) designing, b) manufacturing, c) exporting, d) importing, e) distributing, f) delivering, g) supplying, h) inspecting, i) marketing, j) selling, and/or k) installing this drywall.

52.    Defendants breached their statutory duties to the Plaintiffs and Class Members by failing to exercise reasonable care in a) designing, b) manufacturing, c) exporting, d) importing, e) distributing, f) delivering, g) supplying, h) inspecting, i) marketing, j) selling, and/or k) installing this drywall.

53.    Defendants likewise breached their statutory duties to Plaintiffs and Class Members by failing to warn about the defective nature of the drywall.  Defendants, through the exercise of reasonable care, knew or should have known the nature of the defective drywall and the adverse effects that it could have on the homes and bodies of Plaintiffs and Class Members.

54.    Given the defect in the Defendants' drywall, Defendants knew or should have known that their product could, and would, cause harm, damages and/or personal injuries to Plaintiffs and Class Members.

55.    As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs and Class Members were harmed and have incurred damages and/or personal injuries as described herein.

## COUNT III
### BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES
### (All Defendants)

56.    Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

11

57.     Defendants and/or their agents were in privity with Plaintiffs and Class Members and/or Plaintiffs and Class Members were foreseeable third party beneficiaries of any warranty.

58.     At the times Defendants installed, utilized, supplied, inspected, sold, and/or installed this drywall for use in the Plaintiffs' and Class Members' homes, Defendants knew, or it was reasonably foreseeable, that the drywall would be installed in the Plaintiffs' and Class Members' homes for use as a building material, and expressly or impliedly warranted the product to be fit for that use.

59.     Defendants placed their drywall products into the stream of commerce in a defective condition and these products were expected to, and did, reach users, handlers, and persons coming into contact with said products without substantial change in the condition in which they were sold.

60.     The drywall was defective because it was not fit for the uses intended or reasonably foreseeable by Defendants; to wit, the installation of the drywall in Plaintiffs' and Class Members' homes for use as a building material, because it contained defects as set forth herein.

61.     The Defendants breached their warranty because the drywall was not fit and safe for the particular purposes for which the goods were required (to be installed in Plaintiffs and Class Members' homes as a building material) due to the defects set forth herein.

62.     Defendants had reasonable and adequate notice of the Plaintiffs' and the Class Members' claims for breach of warranty and failed to cure.

63.     As a direct and proximate cause of Defendants' breach of warranties, Plaintiffs and Class Members have incurred harm and damages and/or personal injuries as described herein.

12

## COUNT IV
### BREACH OF CONTRACT
### (Against Defendant Harbor Walk Only)

64.     Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

65.     As part of the agreement to purchase the home built by Harbor Walk, for which Plaintiffs and Subclass Members paid valuable consideration, Harbor Walk promised Plaintiffs and Subclass Members that their homes would be free of defects.

66.     Harbor Walk materially breached its contracts by providing Plaintiffs and Subclass Members homes that were not free of defects; to wit, the homes contained drywall that is inherently defective because it emits various sulfide and other noxious gases through "off-gassing" that causes harm and damage as described herein.

67.     As a direct and proximate cause of Defendant's breach of contract, Plaintiffs and Class Members have incurred harm and damages as described herein.

## COUNT V
### PRIVATE NUISANCE
### (Against All Defendants)

68.     Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

69.     The Defendants' tortious or wrongful acts or omissions have caused sulfide gas and/or other chemical leaching into Plaintiffs' and Class Members' homes which has unreasonably interfered, and continues to interfere, with the Plaintiffs' and Class Members' use and enjoyment of their properties and caused them harm and damage as discussed herein.

70.     Defendants' interference has impaired the rights of Plaintiffs' and Class Members' health, comfort, safety, free use of their property, and/or peaceful enjoyment of their property.

71.     Defendants' invasions were intentional and unreasonable, and/or unintentional but otherwise negligent or reckless.

72.     The interference with Plaintiffs' and Class Members' use of their property caused by Defendants is substantial and is ongoing.

73.     Defendants' private nuisance was the direct, proximate, and foreseeable cause of Plaintiffs and Plaintiffs Class Members' damages, injuries, harm, loss, and increased risk of harm, which they suffered and will continue to suffer.

74.     As a direct and proximate cause of Defendants' creation of a private nuisance, Plaintiffs and Class Members have incurred harm and damages and/or personal injuries as described herein.

## COUNT VI
## UNJUST ENRICHMENT
### (All Defendants)

75.     Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

76.     Defendants received money as a result of Plaintiffs' and Class Members' purchases of Defendants' defective drywall, or purchases of homes containing this drywall, either directly or through an agent, and Defendants wrongfully accepted and retained these benefits to the detriment of Plaintiffs and Class Members.

77.     Defendants' acceptance and retention of these benefits under the circumstances make it inequitable and unjust for Defendants to retain the benefit without payment of the value to the Plaintiffs and the Class.

78.     Defendants, by the deliberate and tortious conduct complained of herein, have been unjustly enriched in a manner which warrants restitution.

14

## COUNT VII
## VIOLATION OF THE VIRGINIA CONSUMER PROTECTION ACT
### (All Defendants)

79.    Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

80.    This is an action for relief under Virginia Code § 59.1-196, *et seq.*, pursuant to the Virginia Consumer Protection Act.

81.    Virginia Code § 59.1-198 defines a "Consumer transaction" as "[ t ]he advertisement, sale, lease, license or offering for sale, lease or license of goods or services to be used primarily for personal, family or household purposes." Furthermore, "Goods" means "all real, personal or mixed property, tangible or intangible."

82.    Defendants' sales of defective drywall to the Plaintiffs and Class Members, either directly or through agents, constitute transactions by a supplier under the Virginia Consumer Protection Act.

83.    Virginia Code § 59.1-200.A. provides that: "[t]he following fraudulent acts or practices committed by a supplier in connection with a consumer transaction are hereby declared unlawful":

a.    Misrepresenting the source . . . of goods or services;

b.    Misrepresenting the affiliation, connection or association of the supplier, or of the goods or services, with another;

c.    Misrepresenting geographic origin in connection with goods or services;

d.    Misrepresenting that goods or services have certain quantities, characteristics, ingredients, uses or benefits;

e.    Misrepresenting that goods or services are of a particular standard, quality, grade, style or model.

15

84.     The Defendants' acts and omissions as well as their failure to use reasonable care in this matter as alleged in this Complaint, including, but not limited to, the knowing misrepresentation or failure to disclose the source, affiliation, origin, characteristics, ingredients, standards and quality of the defective drywall constitute violation of the aforementioned provisions of the Virginia Consumer Protection Act.

85.     Plaintiffs and Class Members have suffered actual damage as a result of the Defendants' violations of the aforementioned provisions of the Virginia consumer Protection Act for which they are entitled to relief under Virginia Code § 59.1,204,205,206 and/or 207.

86.     As a direct and proximate cause of Defendant's violations of the Virginia Consumer Protection Act, Plaintiffs and Class Members have incurred harm and damages as described herein.

## COUNT VIII
### EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING
### (All Defendants)

87.     Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

88.     Plaintiffs and the Class are without adequate remedy at law, rendering injunctive and other equitable relief appropriate.

89.     Plaintiffs and the Class will suffer irreparable harm if the Court does not render the injunctive relief and medical monitoring relief set forth herein, and if defendants are not ordered to recall, buy back, rescind, and/or repair the Plaintiffs and members of the class' homes.

90.     Plaintiffs, on behalf of themselves and all others similarly situated, demand injunctive and equitable relief and further, that defendants be ordered to: (1) to buy back or rescind the contracts for Plaintiffs' and Class Members' homes, or in the alternative, remedy, repair and/or replace the drywall in the homes upon proof by the defendants of the feasibility of

such remedy or repair; (2) cease and desist from misrepresenting to the Class and the general public that there is no defect in, or danger associated with, the drywall; (3) institute, at their own cost, a public awareness campaign to alert the Class and general public of the defect and dangers associated with the drywall; and (4) create, fund, and support a medical monitoring program consistent with the requirements of Virginia law.

91.     Until Defendants' defective drywall has been removed, Defendants should provide continued environmental and air monitoring in Plaintiffs and Class Members' homes.

92.     Plaintiffs and Class Members have been exposed to greater than normal background levels of sulfides and other hazardous chemicals as a result of exposures to Defendants' defective and unfit drywall and have suffered personal injuries as a result.

93.     The sulfides and other noxious gases which have been released from Defendants drywall and to which Plaintiffs and Class Members have been exposed are proven hazardous, dangerous, or toxic substances.

94.     Plaintiffs' and Class Members' exposures were caused by the Defendant's negligent or otherwise tortious conduct.

95.     Plaintiffs' and Class Members' exposure may lead to serious health problems, diseases, and medical conditions that may be prevented by timely medical diagnosis and treatment.

96.     The method and means for diagnosing the Plaintiffs' and Class Members' potential medical problems are well accepted in the medical and scientific community and will be of great benefit to the Plaintiffs and Class Members by preventing or minimizing health problems that they may encounter as a result of the defective and unfit drywall.

97.     As a proximate result of their exposure to sulfide and other noxious gases from Defendants' defective and unfit drywall, Plaintiffs and Class Members have developed a significantly increased risk of contracting a serious latent disease.

98.     Monitoring procedures exist that make the early detection of any latent disease possible that are different from those normally recommended in the absence of the exposure.

99.     The prescribed monitoring regime is reasonably necessary according to contemporary scientific principles.

## DEMAND FOR JURY TRIAL

Plaintiffs individually and on behalf of the Class Members, hereby demand a trial by jury as to all issues so triable as a matter of right.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs, on behalf of themselves and all others similarly situated demand:

    a.  an order certifying the case as a class action;

    b.  an order appointing Plaintiffs as the Class Representatives of the Class;

    c.  an order appointing undersigned counsel and their firms as counsel for the Class;

    d.  compensatory, statutory, and/or punitive damages;

    e.  pre and post-judgment interest as allowed by law;

    f.  injunctive relief;

    g.  an award of attorneys' fees as allowed by law;

h. an award of taxable costs; and

i. any and all such further relief as this Court deems just and proper.

DATED: 5·26·09

Richard Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
*Counsel for Plaintiffs*

Michael D. Hausfeld
Richard S. Lewis
James J. Pizzirusso
Faris Ghareeb
HAUSFELD LLP
1700 K Street, N.W.
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
*Co-counsel for Plaintiffs*

Arnold Levin
Fred S. Longer
Daniel Levin
Levin, Fishbein, Sedran & Berman
510 Walnut Street
Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
*Co-counsel for Plaintiffs*

Robert Gary
Gary, Naegele & Theado, LLC
446 Broadway
Lorain, OH 44052
Phone: (440) 244-4809
Fax: (440) 244-3462
*Co-counsel for Plaintiffs*

Richard W. Stimson
Attorney at Law
920 Waters Reach Court
Alpharetta, Georgia 30022
Phone: 214-914-6128
*Co-counsel for Plaintiffs*

A TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT

BY _____ Howard
DEPUTY CLERK

19

APS International Plaza · 7800 Glenroy Road
Minneapolis, Minnesota 55439-3122
PHONE: (952) 831-7776
FAX: (952) 831-8150
TOLL FREE: (800) 328-7171

## APS International, Ltd

**Monday, September 14, 2009**

LEVIN, FISHBEIN, ET AL
Mr. Daniel C. Levin
510 Walnut St., Ste. 500
Philadelphia, PA 19106-3697

*ENCLOSED IS THE RESPONSE TO YOUR REQUEST IN THIS MATTER.*
*This does need to be filed with the court.*

| | |
|---|---|
| **APS File #:** | 255001-0001 |
| **Your Ref #:** | |
| **Case Name:** | Germano v Taishan Gypsum Co. Ltd. |
| **Defendant:** | Taishan Gypsum Co. Ltd. formerly known as |
| **Country:** | China |
| **Person Served:** | Zhang Wen Jun |
| **Title of Person Served (if applicable):** | Staff |
| **Date Completed:** | August 3, 2009 |

**MOTION TO QUASH/DISMISS: Although rare, should you receive a Motion or if defense counsel raises allegations of insufficient process, please notify APS as soon as possible, so that our Legal Department can assist you in preparing a response to the Motion.**

We have enjoyed this opportunity to work with you and remain ready to further assist you with service of process or discovery both domestically and abroad.

Thank you for using APS International and the Civil Action Group!

Sincerely,

**www.CivilActionGroup.com**

Josh Cobb  -- Ext: 338
Email:   JCobb@CivilActionGroup.com

*Providing quality lawyer services since 1909*

*Law Association No. FX-09-1211*
*Judicial Association No. SX-09-1195*

## SHANDONG PROVINCE TAI AN CITY
## INTERMEIDATE PEOPLE'S COURT
## PROOF OF SERVICE

[Seal:  Shandong Province Tai An City Intermediate People's Court]

（For cases of all categories）

| Cause of Action | Entrusted process service | Cause No. | (2009) Shangdong Superior Court/Judicial Assistance No. 50 |
|---|---|---|---|
| Document Served and Number | U.S. District Court for the Eastern District of Virginia, Norfolk Division Civil action proceeding materials | | |
| Recipient (Unit) | Taishan Gypsum Co., Ltd. | | |
| Address for Service | This Court | | |
| Recipient Signature or Seal | Zhang, Wen Jun  (staff of the Company)           August 3, 2009 | | |
| Recipient in substitution and reason(s) | Date | | |
| Notes | | | |

Issuer:                              Server:   Yi, Lei

Note:
     (1)  The service of documents in criminal actions is executed pursuant to Criminal Proceeding Code §57; the service of documents in civil actions and administrative documents is executed in accordance with Civil Proceeding Code §78 and §79.
     (2)  In case of receipt by substitution, the substitute recipient should sign, seal and note his/her relationship with the targeted receiver and the reason(s) for substitution.

# Shandong Province Superior People's Court

Shandong Superior Court
Law Association No. (2009) 50

Foreign Affairs Bureau, Supreme People's Court:

Regarding request made by the Supreme People's Court's Law Association No. [2009] 1211 document to serve legal documents to _____ Taishan Gypsum Co., Ltd. _____as entrusted by_____ the United States_____ , this is to inform you that the Shandong Province Tai An City Intermediate People's Court has executed the service of the legal documents to the parties concerned.

Foreign Affairs Office

Shandong Province Superior People's Court

August 10, 2009

[Seal]

Shandong Province Superior People's Court
Foreign Affairs Office

Case Name:  Germano  v.  Taishan Gypsum Co. Ltd.
Defendant:  Taishan Gypsum Co. Ltd. formerly known as Shandong Taihe Dongxin Co., Ltd.
Court Case No.:  2:09-cv-202

# CERTIFICATE
## *ATTESTATION*

**The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,**
*L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,*

**1)** that the document has been served*
**l.** *que la demande a été exécutée*
- the (date)
- *le (date)*   Aug. 3, 2009
- at (place, street, number)
- *à (localité, rue numéro)*   Tai An intermediate people's court, Shan Dong province

- in one of the following methods authorised by article 5-
- *dans une des formes suivantes prévues à l'article 5:*
  [✓] **(a)** in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention*.
      a)  *selon les formes légales (article 5, alinéa premier, lettre a).*
  [  ] **(b)** in accordance with the following particular method*:
      b)  *selon la forme particulière suivante:* _____

  [  ] **(c)** by delivery to the addressee, who accepted it voluntarily.*
      c)  *par remise simple*

**The documents referred to in the request have been delivered to:**
*Les documents mentionnés dans la demande ont été remis à:*
- (identity and description of person)
- *(identité et qualité de la personne)*   张文军 (Zhang Wan Jun)

- relationship to the addressee (family, business or other):
- *liens de parenté, de subordination o autres, avec le destinataire de l'acte:* _____
  the stuff of the law department of the company

**2)** that the document has not been served, by reason of the following facts*:
**2.** *que la demande n'a pas été exécutée, en raison des faits suivants:*
_____
_____
_____

**In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement*.**

*Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint.*

LIST OF DOCUMENTS: Summary of the Document to be Served,  First Amended Complaint, Summons in a Civil Action, Notice, Procedure for Civil Motions, Translations

**Annexes**
*Annexes*
**Documents returned:**
*Pièces renvoyées:*
_____
_____

Done at   Beijing 人民共和       the 17th, 2009
*Fait à* _____ *le* _____

**In appropriate cases, documents establishing the service:**
*Le cas échéant, les documents justificatifs de l'exécution:*

Signature and/or stamp.   司 法 部
*Signature et/ou cachet.*   司法协助专用章
_____
_____
_____

*   Delete if inappropriate.
    *Rayer les mentions inutiles.*

2

SX-09-1195

山东省泰安市中级人民法院  美

# 送 达 回 证

## （各类案件通用）

| 案　　由 | 委托送达 | 案　号 | (2009)鲁泰协委第 50 号 |
|---|---|---|---|
| 送达文书<br>名称和件数 | 为同旗郡地区诺煜丹志尼亚州东部管区<br>诺福克诉煜　　　　　刑事诉讼材料一宗. | | |
| 受送达人 | 泰山纸面石膏板股份有限公司 | | |
| 送达地址 | 李煜 | | |
| 受送达人签<br>名或盖章 | 张文君(该公司法规部职员) 　　2009 年 8 月 3 日 | | |
| 代收人及<br>代收理由 | 　　　　　　　　　　　　年　　月　　日 | | |
| 备　　考 | | | |

　　填发人　　　　　　　　　　　送达人 任兰莹

注 ：①送达刑事诉讼文书,按照刑事诉讼法第五十七条的规定办理；送达民事、
　　　行政诉讼文书,按照或参照民事诉讼法第七十八条、第七十九条的规定办
　　　理。
　　②代收诉讼文书的,由代收人签名或盖章后,还应注明其与受送达人的关
　　　系及代收理由。

# 山 东 省 高 级 人 民 法 院

鲁高法协受 (2009) 50 号

最高人民法院外事局：

　　贵院法协 [2009] 1211 号关于 ___美国___ 请求向 泰山纸面石膏板股份有限公司_____ 送达法律文书一事，业已经 ___山东省泰安市中级人民法院___ 将该法律文书送达有关当事人/因_____ _____原因未能送达，现将送达回证附后/将所附材料退回，请查收。



AO440（2008年4月修订）民事传票                                    原件
_____

## 美国联邦地区法院

### 弗吉尼亚州东部管区

### 诺福克分院

MICHELLE GERMANO（米歇尔·杰曼诺）、
DENNIS JACKSON（丹尼斯·杰克森）、
SHARON JACKSON（莎伦·杰克森）
JASON DUNAWAY（詹森·达纳威）、
LISA DUNAWAY（丽莎·达纳威）
以个人名义并代表处类似情况的
所有其他人

      原告

诉                                           民事诉讼案号 2:09-cv-202
                                             （修正诉状）

TAISHAN GYPSUM CO., LTD.（泰山纸面石
膏板股份有限公司*）又名 SHANDONG TAIHE
DONGXIN CO., LTD.（山东泰和东新股份有限
公司）、TOBIN TRADING INC.（TOBIN 贸易
有限公司）、VENTURE SUPPLY INC.
（VENTURE 供应有限公司）、HARBOR
WALK DEVELOPMENT, LLC（港口散步道
开发有限责任公司）以及 THE PORTER-
BLAINE CORP.（波特－布莱恩有限公司）

      被告                                    ／
_____

* 译注：本文件中的公司名称以英文为准，中文译名仅供参考，下同。

### 民事诉讼传票

送达于：（被告姓名与地址）

    Taishan Gypsum Co., Ltd.
    f/k/a Shandong Taihe Dongxin Co., Ltd.
    Dawenkou, Taian
    Shandong, China 271026
    泰山纸面石膏板股份有限公司
    中国山东省泰安市
    岱岳区大汶口镇/邮编 271026

你已被提起诉讼。

根据联邦民事诉讼规则第 12, 条你必须在本传票送达于你后的 20 天（不包括你收到的当天）内，将你对本传票所附的诉状或动议所作的答辩送达于原告。答辩或动议书必须送达于原告的律师，姓名和地址是：

Richard Serpe 律师
Law Offices of Richard J. Serpe
理查德瑟普法律事务所
580 East Main Street, Suite 310
Norfolk, VA 23510-2322
弗吉尼亚州诺福克市
东主街 580 号 310 室
邮编 23510

如果你未能办到，法院将对你作缺席败诉的裁决，裁令你负责偿付诉状中提出的法律救济。你还必须将你的答辩或动议书呈递于法院。

Fernando Galindo

法院书记官姓名

日期： 2009 年 6 月 11 日

[签字]
L. Woodcock 副书记官签字

（根据民事诉讼规则第 12(a)(3)条，如被告是美国或美国政府机构，或美国政府官员或雇员则期限为 60 天。）

**美国联邦地区法院**

弗吉尼亚州东部管区
600 GRANBY STREET
NORFOLK, VIRGINIA 23510-1915
弗吉尼亚州诺福克市
格兰比街 600 号/邮编 23510-1915

美国联邦地区法院法官
MARK S. DAVIS 法官办公室

### 民事诉讼动议程序

本案已被指派给美国联邦地区法院 Mark S. Davis 法官。

根据地方规则第 7 条，所有动议（除非规则另有规定）必须附有一份辩护状。除非提交的文件（包括证物附件）超过 50 页，不然无需提供免费的辩护状复本。

在所有辩护状提交之后，若希望（在不举行口头辩论的情况下）仅依据辩护状作出裁定或判决，则提出动议一方的律师有责任与对方律师商议并以"通知书"形式告知书记官办公室。有关要求告知动议的程序，见对方规则第 26 条。除非地区法院法官另有指示，不然所有要求告知的争议点将转给被指派审理该民事诉讼的地方法官。

口头辩论的要求必须以要求口头辩论"通知书"的方式通知法院书记官办公室。如果 Davis 法官裁定他将准许口头辩论，则律师会收到法官副庭长或其司法助理的通知，并选定日期和时间。

如无举行听证的请求，动议将会自动地被转给 Davis 法官。

美国联邦地区法院

弗吉尼亚州东部管区

通　知

**由地方法院法官审理同意表**

根据联邦民事诉讼规则第 73 号和美国法典第 28 篇第 636(c)节，你可以在所有当事人同意和由美国联邦地区法院法官批准的情况下，要求让你的案件由美国地方法院法官进行审理。为了在地方法院法官前进行审理程序，必须向书记官办公室递交一份同意表格。该同意表格可以联合递交也可以分别递交。同意表格可以从美国联邦地区法院网站（如下所列）上打印出来，也可以向书记官办公室索取。有关其它信息请参考前面提及的规则。

**财务利益披露声明表**

根据地方规则第 7.1 条，"凡为本法院诉讼中的一方或在本法院诉讼中应诉的非政府公司、合伙人、信托机构[或]其它类似机构"，必须递交一份财务披露声明表。该声明表必须递交一式两份并附当事人"给法院的首次应诉书、答辩状、请求书、动议书、答复书或其它请求书。"财务利益披露声明表可从美国联邦地区法院网站（如下所列）上打印下来，也可向书记官办公室索取。有关其它信息请参考前面提及的规则。未能按地方规则第 7.1 条递交财务利益披露声明表将导致由法院书记官按欠缺情况发布首份仲裁协议书。

**网站与书记官办公室地址**

美国联邦地区法院弗吉尼亚州东部管区的网址是 www.vaed.uscourts.gov 。如果你无可供使用的计算机，请与下列书记官办公室之一联系以便索取这些表格：

Albert V. Bryan United States Courthouse
阿尔伯特布赖恩美国法院楼
401 Courthouse Square
Alexandria, VA 22314
弗吉尼亚州亚历山大市
法院楼广场 401 号/邮编 22314
电话: (703) 299-2101

Walter E. Hoffman United States Courthouse
沃尔特霍夫曼美国法院楼
600 Granby Street
Norfolk, VA 23510
弗吉尼亚州诺福克市
格兰比街 600 号/邮编 23510
电话: (757) 222-7201

Spottswood W. Robinson III and
斯波茨伍德罗宾森三世与罗伯特牟海奇
联邦法院楼
Robert R. Merhige, Jr., Federal Courthouse
701 East Broad Street
Richmond, VA 23219
弗吉尼亚州里奇满市
东布劳德街 701 号/邮编 23219
电话: (804) 916-2220

United States Courthouse
美国法院楼
2400 West Avenue
Newport News, VA 23607
弗吉尼亚州纽波特纽斯市
西街 2400 号/邮编 23607
电话: (757) 247-0784

## 美国联邦地区法院
## 弗吉尼亚州东部管区

MICHELLE GERMANO（米歇尔·杰曼诺）、
DENNIS JACKSON（丹尼斯·杰克森）、
SHARON JACKSON（莎伦·杰克森）
JASON DUNAWAY（詹森·达纳威）、
LISA DUNAWAY（丽莎·达纳威）
以个人名义并代表处类似情况的
所有其他人

       原告

诉                                             民事诉讼案号 2:09-cv-202

TAISHAN GYPSUM CO., LTD.（泰山纸面石
膏板股份有限公司\*）又名 SHANDONG TAIHE
DONGXIN CO., LTD.（山东泰和东新股份有限
公司）、TOBIN TRADING INC.（TOBIN 贸易
有限公司）、VENTURE SUPPLY INC.
（VENTURE 供应有限公司）、HARBOR
WALK DEVELOPMENT, LLC（港口散步道
开发有限责任公司）以及 THE PORTER-
BLAINE CORP.（波特－布莱恩有限公司）

      被告
_____/

• 译注：本文件中的公司名称以英文为准，中文译名仅供参考，下同。

## 第一修正诉状—集体诉讼

    根据联邦民事诉讼规则第 23 条，原告代表他们自己和所有处类似情况者，即在弗

吉尼亚州内含缺陷干墙板的住宅的产权人和居民提起本集体诉讼，这些含缺陷干墙板的住

宅是由被告 Taishan Gypsem Co., Ltd.（泰山纸面石膏板股份有限公司）又名 Shandong

Taihe Dongxin, Co., Ltd.（山东泰和东新股份有限公司）（下合称 "Taishan（泰山公

司）"）、Tobin Trading Inc.（下称 "Tobin 公司"）和/或 Venture Supply Inc.（下称

"Venture 公司"）设计、生产、出口、进口、分销、运送、供应、检验、营销、出售和

/ 或安装的。原告还代表处类似情况的分集体提起本诉讼，他们是弗吉尼亚州内由开发商

1

Harbor Walk Development, LLC（港口散步道开发有限责任公司）和／或 The Porter-Blaine Corp.（波特－布莱恩有限公司）建造和/或安装缺陷干墙板的住宅的产权人和居民。原告兹作如下申述以资证实：

### 司法管辖、当事人和审理地点

1. 依据美国法典第 28 章第 1332(d)(2)节和集体诉讼公正法案，本诉讼属于本法院的原始管辖权限之内。原告和某些被告是不同州的公民，而且本集体诉讼的争端金额超过 500 万美元（$5,000,000），不包括利息和诉讼费。

2. 由于某些原告居住在本司法管辖区内而且某些被告也居住在本司法管辖区内，且导致本索赔诉讼的大量事件发生在本司法管辖区，根据美国法典第 28 章第 1391(b)(1)-(2)节，审理地点在本管区符合该法典章节的要求。

### 原　告

3. 原告 Michelle Germano（米歇尔·杰曼诺）是弗吉尼亚州的居民，在 8171 North View Blvd, Norfolk, Virginia, 23518（弗吉尼亚州诺福克市北威尤街 8171 号/邮编 23518）拥有一个住宅。

4. 根据资料断定，Germano（杰曼诺）女士的住宅是由被告 Harbor Walk（港口散步道开发公司）和／或 The Porter-Blaine Corp.（波特布莱恩公司）建造和/或安装干墙板的，该住宅包含的缺陷干墙板是由被告 Taishan（泰山公司）、Tobin 公司和/或 Venture 公司设计、生产、出口、进口、分销、运交、供应、检验、营销和/或出售的。

5. 原告 Dennis（丹尼斯）和 Sharon Jackson（莎伦·杰克森）夫妇是弗吉尼亚州的居民，在 8151 North View Blvd, Norfolk, Virginia, 23518（弗吉尼亚州诺福克市北威尤街 8151 号/邮编 23518）拥有一所住宅。

6.　　根据资料断定，Jackson（杰克森）家的住宅由被告 Harbor Walk（港口散步道开发公司）和／或 The Porter-Blaine Corp.（波特布莱恩公司）建造和/或安装干墙板的，该住宅包含的缺陷干墙板是由被告 Taishan（泰山公司）、Tobin 公司和/或 Venture 公司设计、生产、出口、进口、分销、运交、供应、检验、营销和/或出售的。

7.　　原告 Jason（詹森）和 Lisa Dunaway（丽莎·达纳威）夫妇是弗吉尼亚州居民，在 27037 Flaggy Run Rd., Courtland, Virginia, 23837（弗吉尼亚州科特兰德市弗拉吉伦路 27037 号／邮编 23837）拥有一个住宅。

8.　　根据资料断定，Dunaway（达纳威）夫妇建造他们自己的住宅，该住宅包含由被告 Taishan（泰山公司）、Tobin 公司和/或 Venture 公司设计、生产、出口、进口、分销、运交、供应、检验、营销和/或出售的有缺陷的干墙板。

## 被　告

9.　　被告 Taishan（泰山公司）是一所在弗吉尼亚州经营商业的中国公司，主要营业地点在 Dawenkou, Daiyue District, Ta'an City, Shandong Province, China 271026（中国山东省泰安市岱岳区大汶口镇/邮编 271026）。

10.　　被告 Taishan（泰山公司）设计、生产、出口、分销、运输、供应、检验、营销和/或出售本案中有争议的缺陷干墙板。

11.　　根据资料断定，Taishan（泰山公司）是由 Beijing New Building Materials Public Limited Co.（北新集团建材股份有限公司）所控制，而该公司则是国营企业，两家企业都是由中国政府控制的。

12.　　鉴于 Taishan（泰山公司）被视作是外国企业，原告依据美国法典第 28 章第 1605(a)(2)节外国主权豁免法案的例外商务活动，或依据法典第 1605(a)(5)节例外侵权行为对 Taishan（泰山公司）提出诉讼要求。原告声明，该索赔诉讼的根据是 Taishan（泰山

案号 2:09-cv-00202-MSD-TEM　　第 3 号文件　　呈递备案 2009 年 5 月 26 日　　第 4 页 共 17 页

公司）在美国进行的商业活动。该诉讼要求还对一个外国在美国境内所造成财产损失提出金钱损害赔偿，这种损害是由该外国或该外国的高层职员或雇员在其任职或雇用范围内的侵权作为或不作为所导致。

13.　　被告 Tobin 公司是一家弗吉尼亚州公司，主要营业地点在 5008 Gatehouse Way, Virginia Beach, Virginia, 23455（弗吉尼亚州弗吉尼亚海滩市盖特豪斯鲁 5008 号/邮编 23455）。

14.　　被告 Tobin 公司进口、分销、运交、供应、检验、营销和／或出售本案中有争议的缺陷干墙板。

15.　　被告 Venture 公司是一家弗吉尼亚州公司，主要营业地点在 1140 Azalia Garden Road, Norfolk, Virginia, 23502（弗吉尼亚州诺福克市杜鹃花园路 1140 号/邮编 23502）。

16.　　Venture 公司进口、分销、运交、供应、检验、营销和／或将缺陷干墙板出售给建筑商，再供应给包括原告和集体诉讼成员在内的住宅拥有者并对其造成损害。Venture 公司还进口、分销、运交、供应、检验、营销和／或将缺陷干墙板直接出售给原告和集体诉讼成员。

17.　　被告 Harbor Walk（港口散步道开发公司）是一家弗吉尼亚州公司，地点在 804 Oakmears Crescent, Suite 101, Virginia Beach, Virginia, 23462（弗吉尼亚州弗吉尼亚海滩市奥克米尔斯路 101 号/邮编 23462）。

18.　　Harbor Walk（港口散步道开发公司）建造了某些原告和集体诉讼成员的住宅并直接或通过代理人将缺陷干墙板安装在这些住宅里，导致原告和分集体成员如上所述的损失和损害。

4

19.    被告 Porter-Blaine（波特－布莱恩公司）一家弗吉尼亚州公司，地点在 1140 Azalea Garden Rd, Norfok, Virginia, 23502（弗吉尼亚州诺福克市杜鹃花园路 1140 号/邮编 23502）。

20.    Porter-Blaine（波特－布莱恩公司）与 Venture 公司合用同一个地址，是 Venture 公司的干墙板安装承包商之一。根据资料断定，Porter-Blaine（波特－布莱恩公司）在 Harbor Walk（港口散步道）的住宅和其它住宅里安装缺陷干墙板，导致原告和分集体成员如上所述的损失和损害。

21.    在本诉状提及的所有时间内，各个被告在明知他们的集体行为违反他们对原告和集体诉讼成员的义务的情况下，均相互协作并且都是本案其他被告的代理人、服务人、合伙人、助手和教唆人、共谋人和/或合营者，在所有的时间内都在上述代理、服务、雇用、合伙、共谋和／或合营的宗旨和范围内经营和行事，向其他被告提供实质性的协助和支持。

## 一般事实申述

22.    根据资料断定，被告的干墙板含有石膏。

23.    在由本案被告们设计、生产、出口、进口、分销、运送、供应、检验、营销、出售和／或安装的"缺陷干墙板"中，石膏和产品的其它成分会分解并释放硫化物和其它有毒气体，这种有毒气体又从干墙板中逸出。

24.    从被告的干墙板中逸出硫化物或其它有毒气体会导致腐蚀而损坏私人的财物（如空调机和冰箱盘管、水龙头、器皿、电器布线、铜、家用电子电器和其它金属表面和财物）。

25.    接触如被告的干墙板中逸出的硫化物和其它有毒气体会导致人身伤害，如眼炎、喉咙疼和咳嗽、恶心、疲乏、呼吸短促、肺部积液和／或神经损害。

26. 由于被告的作为和不作为，原告和集体诉讼成员的住宅、私人财物和身体被暴露于被告的有缺陷和不适合使用的干墙板和被告的缺陷干墙板中释放的硫化物和其它有毒气体之中，受到腐蚀和伤害的影响。

27. 被告非法地生产、出口、进口、分销、运送、供应、检验、安装、营销、出售和／或安装缺陷干墙板，这种干墙板不适合其预期的用途并且在正常的使用中有违反常理的危险性，因为该干墙板会导致腐蚀给原告和集体诉讼成员的住宅造成私人财物的损坏，和／或引起眼炎、喉痛和咳嗽、恶心、疲乏、呼吸短促、肺部积液和／或神经损害。

28. 由于被告的有缺陷和不适用的干墙板以及从该产品释放的硫化物和其它有毒气体的腐蚀和有害影响，原告和集体诉讼成员已遭受并将继续遭受经济损失和／或人身伤害。

29. 由于被告的有缺陷和不适用的干墙板以及从该产品释放的硫化物和其它有毒气体的腐蚀和有害影响，原告和集体诉讼成员已遭受将继续遭受损害。这些损害包括但不限于检验费用、必要的修补、更换和拆除这缺陷干墙板和其他受影响的财物的费用和开销、他们的住宅和财物的价值损失或贬值、无法享用他们的住宅和财物和／或因人身伤害而造成的损害。

30. 由于被告的有缺陷和不适用的干墙板以及从该产品释放的硫化物和其它有毒气体的腐蚀和有害影响，原告被暴露在地面上的有毒气体之中，承受人身伤害，被置于逐渐增加的疾病危险之中，因此需要得到住宅修理或住宅合同撤回、紧急／纠正通知、环境测试和监控和／或医学监控的强制性救济。

**集体诉讼事实陈述**

31.　　根据联邦民事诉讼规则第 23(a)、(b)(1)、(b)(2)、(b)(3)条和／或 23(c)(4)

条，原告代表他们自己和下列诉讼集体和分集体成员提起本集体诉讼，集体和分集体诉讼

成员的组成是：

>　　集体诉讼定义：
>
>　　在弗吉尼亚州内含有 Taishan Gypsum Co., Ltd.（泰山纸面石膏板股份有限
>　　公司）、Tobin Trading Inc.（Tobin 贸易有限公司）和 Venture Supply Inc.
>　　（Venture 供应有限公司）生产、出售、分销和／或供应的缺陷干墙板的住
>　　宅的所有产权人和住户。
>
>　　**Harbor Walk/Porter-Blaine 分集体定义：**
>　　在弗吉尼亚州内含有 Harbor Walk Development LLC（港口散步道开发有限
>　　责任公司）和／或 Porter-Blaine Corp.（波特－布莱恩有限公司）建造和／
>　　或安装缺陷干墙板的住宅的所有产权人和住户。

32.　　下列的人应被排除在诉讼集体之外：(1) 被告和他们的子公司、附属机构、

管理人员和雇员；(2) 及时选择被排除在提议诉讼集体之外的所有人；(3)　政府机构；

以及(4) 被指派受理本案的法官和法官的直系家庭成员。

33.　　根据资料断定，被告的有缺陷和不适用的干墙板被安装在弗吉尼亚州内至

少几百个住宅中。因此，诉讼集体的数量相当大，以致所有诉讼集体成员在单个诉讼中提

出合并诉讼是不切实际的。

34.　　许多共同的法律和事实问题比仅影响诉讼集体个别成员的问题更加重要。

这些共同的法律和事实问题如下：

>　　a.　　被告的释放硫化物和其它有毒气体的干墙板产品是否有缺陷和/或不
>　　　　　适合于预期的用途；
>
>　　b.　　被告在生产、出口、进口、分销、运送、供应、检验、安装、营
>　　　　　销、出售和／或安装缺陷干墙板的过程中是否侵权；
>
>　　c.　　原告和集体诉讼成员是否有权因被告的非法和侵权行为而获得补偿
>　　　　　性损害赔偿、惩戒性损害赔偿、附带损害赔偿、间接损害赔偿和／或

其它损害赔偿；以及

    d.    原告和集体诉讼成员是否有权获得因被告的非法和侵权行为而获得
法院禁制令和/或衡平法救济。

35.    原告依法提出的诉讼要求是其他集体诉讼成员诉讼要求的典型。原告和其
他集体诉讼成员在寻求法律补救方面有同样的法律利益和需要。

36.    原告和集体诉讼每个成员的住宅里都安装有缺陷和不适用的干墙板。由于
原告和集体诉讼成员家里的干墙板，原告和集体诉讼成员都遭受损害，需要获得本诉状中
所提出法院禁制令和衡平法救济。

37.    原告是诉讼集体的适当代表，他们和法律顾问一起将公正和适当地保护诉
讼集体的利益。原告和诉讼集体之间没有利害冲突，他们承诺在本案中进行积极的诉讼。

38.    下面签字的律师是在集体诉讼、大规模侵权以及涉及有缺陷和有害产品诉
讼方面富有经验并能胜任的律师。律师将公正和适当地保护诉讼集体的利益。

39.    本诉讼中提出的各项诉讼要求是可以按联邦民事诉讼规则第 23(b)(1)条予以
确认的，因为由个别集体诉讼成员提起或针对个别集体诉讼成员的单独诉讼会造成对个别
集体诉讼成员的不一致的或多样化的裁决，从而对反对集体诉讼的当事人树立互相矛盾的
行为标准；或者对个别集体诉讼成员作出实际上对其他成员而不是个别裁决当事人的利益
有决定意义的裁决，也会大大损害或阻碍他们保护自己的利益的能力。

40.    要求在本案中发布法院禁制令的请求是可以按联邦民事诉讼规则第 23(b)(2)
条予以确认的。被告的作为或拒绝作为的原因一般适用于诉讼集体，因此就整个诉讼集体
发布最后的法院禁制令是适当的。

41.    集体诉讼比本案纠纷解决的其它方法来得优越。集体诉讼成员的权利是重
叠的，所以他们得益于集体裁决而不是个别裁决。在这个诉讼地点集中解决这些诉讼要求

最最理想，因为如果没有这个集体诉讼，受影响的集体诉讼成员很难也很不可能保护他们自己的权利。集体诉讼的管理将会比较有效，远比个别诉讼的管理优越。

42.　　集体诉讼成员诉讼要求中共同的争点（有些上面已提及）都是可以按联邦民事诉讼规则第 23(c)(4)条予以确认的，因为这些争点的解决实际上会促进诉讼的解决，而且通过集体诉讼解决这些争点比在分别审理中重复解决这些争点来得优越。

**诉因之一**
**过失**
（诉所有被告）

43.　　原告采纳并重申上述段落的内容，此处不再重复抄录。

44.　　被告对原告和集体诉讼成员承担义务，应在 a) 设计 b) 生产 c) 出口 d) 进口 e) 分销 f) 运送 g) 供应 h) 检验 i) 营销 j) 出售和/或 k) 安装这种干墙板时运用应有的小心谨慎，包括就未能做到上述各项而作出适当的警告。

45.　　被告知道或理应知道，他们的非法作为和不作为会导致本诉状所说的损害和损失。

46.　　被告违反了在设计、生产、出口、进口、分销、运送、供应、检验、营销、出售和/或安装这种干墙板时运用应有的小心谨慎的义务。

47.　　被告未能就干墙板的缺陷性质作出警告，也违反了对原告和集体诉讼成员所承担的义务。通过运用应有的小心谨慎被告知道或理应知道这种缺陷干墙板的性质以及会对原告和集体诉讼成员的住宅和身体所造成的不良影响。

48.　　鉴于被告的干墙板的缺陷，被告知道或理应知道，他们的产品可能和将会导致原告和集体诉讼成员的损坏、损害和/或人身伤害。

49. 由于被告的作为和不作为所造成的直接后果，原告和集体诉讼成员遭受上述的损坏、损害和/或人身伤害。

### 诉因之二
### 自身的过失
### （诉所有被告）

50. 原告采纳并重申上述段落的内容，此处不再重复抄录。

51. 被告对原告和集体诉讼成员承担法定义务，应在 a) 设计 b) 生产 c) 出口 d) 进口 e) 分销 f) 运送 g) 供应 h) 检验 i) 营销 j) 出售和/或 k) 安装这种干墙板时运用应有的小心谨慎。

52. 被告违反了对原告和集体诉讼成员承担法定义务，未能在 a) 设计 b) 生产 c) 出口 d) 进口 e) 分销 f) 运送 g) 供应 h) 检验 i) 营销 j) 出售和/或 k) 安装这种干墙板时运用应有的小心谨慎。

53. 被告也因未能就干墙板的缺陷性质作出警告而违反了对原告和集体诉讼成员所承担的法定义务。被告通过运用应有的小心谨慎知道或理应知道这种缺陷干墙板的性质以及会对原告和集体诉讼成员的住宅和身体所造成的不良影响。

54. 鉴于被告的干墙板的缺陷，被告知道或理应知道，他们的产品可能和将会导致原告和集体诉讼成员的损坏、损害和/或人身伤害。

55. 由于被告的自我和不作为所造成的直接后果，原告和集体诉讼成员遭受上述的损坏、损害和/或人身伤害。

### 诉因之三
### 违反明示和/或默示的保证
### （诉所有被告）

56. 原告采纳并重申上述段落的内容，此处不再重复抄录。

57.　　被告和/或他们的代理人与原告和集体诉讼成员间有默契和/或原告和集体诉讼成员是保证的可预见的第三方受益人。

58.　　被告在安装、使用、供应、检验、出售和/或安装这种用于原告和集体诉讼成员住宅的干墙板的时候，被告知道或理应预见到，这种干墙板将作为建筑材料被安装在原告和集体诉讼的住宅里，并明示或默示地保证该产品适合于那种用途。

59.　　被告将处于缺陷状态的干墙板产品投入商贸货流，这些产品预期且确实在销售时未作实质性改变的情况下到达用户、处理人和直接接触该产品的人之手。

60.　　这种干墙板是有缺陷的，因为它不适合于预期的或被告所预见的用途（即将干墙板作为建筑材料安装在原告和集体诉讼成员的住宅里），因为它包含本诉状中所说的缺陷。

61.　　被告违反了他们的保证，因为由于所说的缺陷，这种干墙板不适合于该产品被要求的特定用途（作为建筑材料被安装在原告和集体诉讼成员的住宅里）。

62.　　原告和集体诉讼成员已经就违反保证并未能纠正的索赔要求给被告以合理和适当的通知。

63.　　由于被告违反保证所造成的直接后果，原告和集体诉讼成员遭受上述的损坏、损害和/或人身伤害。

### 诉因之四
### 违　约
### （仅诉被告 Harbor Walk）

64.　　原告采纳并重申上述段落的内容，此处不再重复抄录。

65.　　作为原告和分集体成员支付有价报酬购买 Harbor Walk（港口散步道公司）建造的住宅的合同的组成部分，Harbor Walk（港口散步道公司）对原告和分集体作出他们的住宅没有缺陷的承诺。

案号 2:09-cv-00202-MSD-TEM　　　第 3 号文件　　　呈递备案 2009 年 5 月 26 日　　　第 12 页 共 17 页

66. Harbor Walk（港口散步道公司）实际上违反了为原告和分集体提供无缺陷住宅的合同，因为这些住宅包含存在固有缺陷的干墙板，这种干墙板会通过挥发逸出各种硫化物和有毒气体，导致上述的损害和损失。

67. 由于被告违反合同所造成的直接后果，原告和分集体诉讼成员遭受了本诉讼状所说的损害和损失。

**诉因之五**
**妨碍私人利益**
（诉所有被告）

68. 原告采纳并重申上述段落的内容，此处不再重复抄录。

69. 被告的侵权或非法作为或不作为已导致硫化物气体和/或其它化学物释放到原告和集体诉讼成员的住宅里，违反常理地已妨碍并继续妨碍原告和集体诉讼成员享用他们的物业，导致他们受损和受害。

70. 被告妨碍私人利益的行为已影响原告和集体诉讼成员享受健康、舒适、安宁，自由使用他们的房产和/或安宁地享用他们的物业的权利。

71. 被告妨碍私人利益的行为是故意的、违反常理的和/或非故意但却是疏忽的或大意的行为。

72. 被告的妨碍原告和集体诉讼成员的私人利益的行为是实质性的和持续性的。

73. 被告妨碍私人利益的行为是造成原告和集体诉讼成员已遭受并将继续遭受损坏、损失、损害以及日益增加的伤害危险性的直接和可预见的原因。

74. 由于被告妨碍私人利益行为所导致的直接后果，原告和集体诉讼成员遭受了本诉状所说的损害、损失和/或人身伤害。

**诉因之六**

**不当得利**

**（诉所有被告）**

75.    原告采纳并重申上述段落的内容，此处不再重复抄录。

76.    原告和集体诉讼成员直接地或通过代理人购买了被告的缺陷干墙板或购买了含有这种干墙板的住宅，被告因此而获得金钱收入；被告非法地收下并保留这些利益从而对原告和集体诉讼成员造成损害。

78.    被告通过本诉状所指控的故意和侵权的行为方式而不当得利，理应交出这种不当得利。

**诉因之七**

**违反弗吉尼亚州消费者保护法**

**（诉所有被告）**

79.    原告采纳并重申上述段落的内容，此处不再重复抄录。

80.    本案是按弗吉尼亚州法典第 59.1-196 节及其后几节并根据弗吉尼亚州消费者保护法提起的要求获得法律救济的诉讼。

81.    弗吉尼亚州法典第 59.1-198 节将"消费者交易"定义为"主要用于个人、家属或家庭的货品或服务的广告促销、出售、租赁、营业许可或开价出售、租赁或营业许可。"此外，"货品"的意义是"所有有形的或无形的不动产、动产或混合财产。"

82.    根据弗吉尼亚州消费者保护法，被告将缺陷干墙板直接地或通过代理人出售给原告和集体诉讼成员就构成供应商交易行为。

83.    弗吉尼亚州法典第 59.1-200.A 节规定："特此宣布供应商在与消费者的交易中所犯的下列欺骗行为或业务为非法"：

　　　　a.　　谎报货品或服务的来源等；

　　　　b.　　谎报供应商或货品或服务与其他人的附属、合营或合作关系；

  c.  谎报货品或服务有关的地域来源；

  d.  谎报货品或服务具有某种数量、特征、充分、用途或优点；

  e.  谎报货品或服务有特定的标准、质量、级别、款式或型号。

  84.  被告的作为和不作为以及本诉状所指控的未能运用应有的小心谨慎，包括但不限于故意谎报或未能透露缺陷干墙板的来源、从属关系、货源、特性、成分、标准和质量，构成对上述弗吉尼亚州消费者保护法条文的违反。

  85.  由于被告违反上述弗吉尼亚州消费者保护法的条文，原告和集体诉讼成员遭受了实际的损害，有权依据弗吉尼亚州法典第 59.1、204、205、206 和/或 207 节获得法律救济。

  86.  由于被告违反弗吉尼亚州消费者保护法所造成的直接后果，原告和集体诉讼成员遭受本诉状所说的损害和损失。

## 诉因之八
### 衡平法和强制性救济以及医疗监测
（诉所有被告）

  87.  原告采纳并重申上述段落的内容，此处不再重复抄录。

  88.  原告和集体诉讼成员没有适当的法律补救，因此给予强制性救济或其它衡平法救济是适当的。

  89.  如果法院不给予上述强制性救济和医疗监测救济，如果被告不被命令回收、回购、撤回和/或修理原告和集体诉讼成员的住宅，原告和集体诉讼成员将遭不可弥补的损害。

  90.  原告代表他们自己和所有处类似情况者要求获得强制性救济和衡平法救济，此外被告还应被命令：(1) 回购或撤回原告和集体诉讼成员住宅的合同，或在被告证实此类修理或补救的可行性之后补救、修理和/或更换住宅中的干墙板；(2) 停止对诉讼集

体和一般公众谎报这种干墙板没有缺陷或危险；(3) 自己出资展开宣传行动就干墙板所涉及的缺陷和危险告诫诉讼集体和一般公众；以及(4) 依照弗吉尼亚州法律的要求建立、资助和支持一个医疗监测计划。

91.　　被告应在原告和集体诉讼成员的住宅里提供持续的环境和空气监测，直至被告的缺陷干墙板被拆除为止。

92.　　原告和集体诉讼成员因接触被告的有缺陷和不适用的干墙板而被迫置身于大于正常背景含量的硫化物和其它危险化学物之中，因此而遭受人身伤害。

93.　　从被告的干墙板中释放出来的而且原告和集体诉讼成员已被迫置身其中的硫化物和其它有毒气体被证实是危险、危害或有毒的物质。

94.　　是被告的疏忽过失或其它侵权行为使原告和集体诉讼成员置身于上述物质之中的。

95.　　原告和集体诉讼成员置身于上述物质之中可能导致可以通过及时的医疗诊断和治疗而加以防治的严重健康问题、疾病和医疗问题。

96.　　能诊断原告和集体诉讼成员的潜在健康问题的方法和手段在医学界和科技界都是普遍公认的，能防治减少原告和集体诉讼成员因有缺陷和不适用的干墙板而可能遇到的健康问题，所以对他们有有极大的好处。

97.　　由于被迫置身于被告的缺陷干墙板中释放的硫化物和有毒气体之中，原告和集体诉讼成员面临日益增加的患潜在严重疾病的危险。

98.　　有可以早期探测潜在疾病的一些监测措施可供使用，这些措施不同于在没有暴露的正常情况下所建议的措施。

99.　　根据现代科学的原理，很有必要采用规定的监测制度。

**要求陪审团审理**

原告以个人名义并代表集体诉讼成员特此行使权利要求由陪审团对所有可审争点进行审理。

## 请求法律救济

因此，原告代表自己和处类似情况的所有人提出要求：

a.　　发布确认本案为集体诉讼的法院令；

b.　　指定原告为集体诉讼代表的法院令；

c.　　指定下面签字的律师及其法律事务所为诉讼集体的法律顾问；

d.　　补偿性、法定和/或惩戒性损害赔偿；

e.　　法律所允许的审前和审后利息；

f.　　强制性救济；

g.　　法律所允许的律师费；

h.　　税前诉讼费；以及

i.　　本法院认为合理和适当的其他进一步的法律救济。


日期：<u>2009 年 5 月 26 日</u>


[签字]

_____
Richard Serpe 律师
Law Offices of Richard J. Serpe
理查德瑟普法律事务所
地址：　Crown Center, Suite 310
　　　　580 East Main Street
　　　　Norfolk, VA 23510-2322
　　　　弗吉尼亚州诺福克市
　　　　东主街 580 号
　　　　克朗中心 310 室
　　　　邮编 23510-2322
电话：　(757) 233-0009
传真：　(757) 233-0455
原告律师

案号 2:09-cv-00202-MSD-TEM     第 3 号文件     呈递备案 2009 年 5 月 26 日     第 17 页 共 17 页

Michael D. Hausfeld
Richard S.Lewis
James J. Pizzirusso
Faris Ghareeb
HAUSFELD LLP
豪斯菲尔德有限责任合伙律师事务所
地址：　1700 K Street, N.W.
　　　　Suite 650
　　　　Washington, DC 20006
　　　　华盛顿特区
　　　　K 街 1700 号 650 室
　　　　邮编 20006
电话：　(202) 540-7200
传真：　(212) 540-7201
*原告协理律师*

Arnold Levin
Fred S. Longer
Daniel Levin
Leven, Fishbein, Sedran & Berman
勒文-菲什贝恩-西德朗-伯曼法律事务所
地址：　510 Walnut Street
　　　　Suite 500
　　　　Philadelphia, PA 19106
　　　　宾西法尼亚州费城
　　　　沃尔纳特街 510 号 500 室
　　　　邮编 19106
电话：　(215) 592-1500
传真：　(215) 592-4663
*原告协理律师*

Robert Gary
Gary, Naegela & Theado, LLC
加里-内格勒-西尔多有限责任公司
446 Broadway
Lorain, OH 44052
俄亥俄州洛莱恩市
布劳德街 446 号/邮编 44052
电话：　(440) 244-4809
传真：　(440) 244-3462
*原告协理律师*

Richard W. Stimson
律师事务所
920 Waters Reach Court
Alpharetta, Georgia 30022
乔治亚州阿尔法雷塔市
沃特斯利奇街 920 号
邮编 30022
电话：214-914-6128
*原告协理律师*

特此证明本件为正式复本。
美国联邦地区法院书记官

签字＿＿＿＿＿＿＿＿＿
　　副书记官