UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * | MDL NO. 2047 |
| THIS DOCUMENT RELATES TO: | * * | JUDGE FALLON |
| VAL LOUIS HUFFT AND AUDREY HUTHER HUFFT | * * | MAG. WILKINSON |
| Versus | * * | |
| INTERIOR/EXTERIOR BUILDING SUPPLY, LIMITED PARTNERSHIP, INTERIOR/EXTERIOR ENTERPRISES, L.L.C., MARIGOLD COURT, L.L.C., ANTHONY F. MARINO, ARCH INSURANCE COMPANY, LIBERTY MUTUAL FIRE INSURANCE COMPANY, ABC INSURANCE COMPANY, AND STATE FARM FIRE AND CASUALTY COMPANY | * * * * * * * * * | 09-7016 |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANT STATE FARM FIRE & CASUALTY COMPANY'S
MOTION AND INCORPORATED MEMORANDUM TO LIFT STAY**

State Farm Fire & Casualty Company, through undersigned counsel, respectfully represents:

1.      Plaintiffs Val Louis Hufft and Audrey Huther Hufft filed a Petition for Damages ("Petition") against Defendant State Farm Fire & Casualty Company ("State Farm") on September 10, 2009, in the Civil District Court, for the Parish of Orleans, State of Louisiana, asserting that their State Farm-issued homeowners insurance policy provides coverage for alleged property damage and bodily injury suffered by them as the result of the existence of defective drywall in

their home. The Petition also asserted multiple claims against the Builders of the Plaintiffs' home and their insurer and the Suppliers of the drywall installed in the home and their insurers.

2. On October 21, 2009, State Farm removed the Petition to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, based on diversity jurisdiction. Specifically, State Farm argued that there was complete diversity between the parties because the Builder/Supplier Defendants and the Builder/Supplier Insurer Defendants had been improperly and fraudulently joined with State Farm. Pursuant to this Court's Pretrial Order No. 1, the case has been automatically consolidated with the above-captioned multidistrict litigation. (*See* Dkt. 2, ¶ 3.)

3. In Pretrial Order No. 1, this Court imposed a stay of motion practice until further order. (*See id.*, ¶ 8.)

4. State Farm seeks approval by this Court, which requires a lifting of the stay, to file the attached Motion to Sever and the attached Rule 12(b)(6) Motion to Dismiss Petition for Damages.

5. As set forth in the attached Motion to Sever, it is appropriate for this Court to conclude that State Farm has been improperly and fraudulently joined with the Builder/Supplier Defendants and Builder/Supplier Insurer Defendants in an attempt to defeat diversity jurisdiction. The sole claim asserted against State Farm, that Plaintiffs' homeowners policy provides coverage for the damages alleged in the Petition, is a contract claim that is wholly distinct from the tort claims asserted against the other Defendants, which arise out of their alleged negligent or intentional sale and installation of defective drywall in violation of Louisiana law.

6.	Once the contract claim against State Farm is severed from the tort claims against the Builder/Supplier Defendants and Builder/Supplier Insurer Defendants, the Court can resolve the coverage issues presented by the sole claim in the Petition asserted against State Farm expeditiously and without the need for discovery, as set forth in the attached Rule 12(b)(6) Motion to Dismiss Petition for Damages and the accompanying brief in support thereof.

7.	State Farm has contacted Plaintiffs' counsel and notified counsel of its intent to file a request to lift the stay for the purpose of State Farm's filing of its Motion to Sever and Rule 12(b)(6) Motion to Dismiss Petition for Damages.  As of the time of filing this Motion, State Farm had not heard from Plaintiffs' counsel as to whether counsel consents or objects to this Motion.

WHEREFORE, Defendant State Farm Fire & Casualty Company moves for entry of an Order lifting the stay currently in effect to enable State Farm to file the attached Motion to Sever and Memorandum of Law in Support of Motion to Sever and Rule 12(b)(6) Motion to Dismiss Petition for Damages and Memorandum of Law in Support of Rule 12(b)(6) Motion to Dismiss Petition for Damages.

Respectfully submitted this 18 day of November, 2009.

/s/ Adrianne L. Baumgartner

_____
**ADRIANNE L. BAUMGARTNER, T.A. (#2861)**
**DARRIN M. O'CONNOR (#24582)**
**EMILY S. MORRISON  (#18351**)
PORTEOUS, HAINKEL & JOHNSON
408 North Columbia Street
Covington, LA 70434
(985) 893-4790
Abaumgartner@phjlaw.com
doconnor@phjlaw.com
emorrison@phjlaw.com


**Attorneys for State Farm Fire & Casualty Company**


**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Defendant State Farm Fire & Casualty Company's Motion and Incorporated Memorandum to Lift Stay has been served upon Paul A. Lea, Jr., counsel for Plaintiffs' Val Louis Hufft and Audrey Huther Hufft by first class mail postage pre-paid  and by email pending counsel's  registration with Lexis Nexis File and Serve; Plaintiffs' Liaison Counsel Russ Herman, and Defendants' Liaison Counsel Kerry Miller by U.S. Mail and email <u>and</u> upon all parties including Rick Duplantier, counsel for Interior/Exterior Buildings Supply and Judy Barrasso, counsel for Liberty Mutual Insurance Company by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on the 17th  day of November, 2009.

**/s/ Adrianne L. Baumgartner**

4