UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br>ALL CASES AND<br><br>Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al., Case No. 2:09-cv-6687 (E.D.La.) | |

**PLAINTIFFS' STEERING COMMITTEE'S REPLY BRIEF IN
SUPPORT OF ITS MOTION TO COMPEL DISCOVERY FROM
DEFENDANTS, VENTURE-SUPPLY, INC. AND PORTER-BLAINE CORP.**

**I.     INTRODUCTION**

Failing to recognize the accelerated pace of this litigation, Venture Supply, Inc. and the Porter-Blaine Corporation oppose Plaintiffs' motion to compel discovery on tangential grounds: 1) purported jurisdictional defects; 2) purported substantive law gaps; and 3) purported ethical conflicts. All of these challenges have been addressed and quenched through other motion practice. Consequently, when the Defendants finally face the matters at issue, their opposition becomes diffused and argumentative. While challenging plaintiffs' motives for seeking the extent of their drywall business, they do not dispute the vital relevance that their actions had upon plaintiffs and the absent class members. Instead, the defendants seek to camouflage their indifference to timely responding to Plaintiffs' discovery by hiding behind insular and inapposite challenges focused upon regular response times afforded by the Federal Rules of Civil Procedure, not the accelerated schedule demanded by this Court.

1

Because the Defendants refuse to participate in this litigation at the pace dictated by this Court's schedule and produce pertinent ESI documents or timely dates for corporate representative depositions, Plaintiffs' demands for accelerated discovery from the Defendants should be granted.

## II.     BACKGROUND

Plaintiffs have moved to compel the defendants to timely designate and produce a corporate designee to appear at and undergo a deposition, as well as to produce all of its electronically stored information ("ESI") in its native format. Rather than address the merits of these fundamental disputes, the defendants reargue their invalid motions to dismiss and disqualify plaintiffs' counsel.

Without belaboring the point, the Defendants' arguments for dismissal are bizarre. As to their jurisdictional challenge, the Defendants omit mentioning that they too have sued the Taishan Gypsum Company, the manufacturer of the defective Chinese Drywall, and stand to benefit from a finding that this Court has jurisdiction over the foreign manufacturer. Coincidentally, they avoid mentioning that they have significant indemnity claims against Taishan. Could it be that the Defendants are acting in concert with Taishan by seeking its dismissal? Since their behavior is at odds with their interests, we perceive the Defendants' arguments to be, at best, peculiar, and, at worst, disingenuous.

As to Defendants' Motion to Disqualify counsel, the basis for this motion is the unsupported and unsubstantiated existence of a limited fund whose division would challenge counsel's representation of both individuals and the class as a whole. Of course, Defendants have not supported their motion with a shred of evidence, and its sophistic assertions are based upon the pure hypothetical conjecture of counsel. In contrast to the *ipse dixit* of counsel, Plaintiffs have established substantial funds available to pay any judgment, the size of which funds have only

grown based upon information provided by defense counsel mere days before the same motion was to be argued in the parallel state court proceedings. Once Plaintiffs' counsel became aware that the Defendants had not disclosed significant insurance coverage relating to subcontractors (at minimum $1 million per home), Plaintiffs requested and Defendants readily agreed to postpone the hearing before the Virginia Circuit Court to allow for related discovery of that insurance.

Just as Defendants have failed to justify their procedural motions, their response to the instant motion is unjustified.

### III. ARGUMENT

As evident from the Defendants' response, they will not provide a date for a corporate representative's deposition prior to December 29 or 30, 2009. Plaintiffs attempts to explain the accelerated pace of this litigation of no avail against Defendants who misperceive our impatience as being related to self-aggrandization and an effort to solicit more clients, or mere harassment. No matter our sincere efforts to dissuade the Defendants from their error, they refuse to provide an earlier date for their deponent(s). They cling to the impossibility of the Germano action as being a bellwether case (a false premise) and refuse to allow further discovery. Under Fed.R.Civ.P. 33 and 34, this Court has the authority to shorten the time for any discovery. This is such an occasion. Plaintiffs submit that their request for an early deposition should be granted.

Similarly, Plaintiffs' need for production of electronic discovery from the defendants is patent. As made abundantly clear from the defendants' response, they have destroyed relevant evidence by selling computers at auction. Their document productions to date have omitted relevant and complete electronic documents that they no longer maintain but think that they have agents maintaining. This obfuscation must end. Plaintiffs are entitled to all documents as that term is

understood under Rule 34 of the Federal Rules of Civil Procedure, which definition clearly encompasses this electronically stored information. To the extent this information is stored on proprietary software, Plaintiffs should be entitled to production in that native format to allow us the full gamut of functionality as that available to the defendants. A level playing field is least demand one could request against opponents that have demonstrated their wanton disregard of this Court's preservation orders.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that their Motion to Compel be granted.

Respectfully submitted,

Dated: November 18, 2009        /s/ Russ M. Herman
Russ M. Herman, Esquire
Leonard A. Davis, Esquire
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

        Arnold Levin (On the Brief)
        Fred S. Longer (On the Brief)
        Levin, Fishbein, Sedran & Berman
        510 Walnut Street, Suite 500
        Philadelphia, PA 19106
        215-592-1500 (phone)
        215-592-4663 (fax)
        Alevin@lfsblaw.com
        *Plaintiffs' Lead Counsel*
        *MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Victor Manuel Diaz
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Aragon Avenue, 2nd Floor
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
  Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com
Jeremy W. Alters

Alters, Boldt, Brown, Rash & Culmo, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@abbrclaw.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Plaintiffs' Steering Committee's Reply Brief in Support of its Motion to Compel Discovery from Defendants, Venture-Supply, Inc. and Porter-Blaine Corp. has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, which will serve a notice of the uploading in accordance with the procedures established in MDL 2047, on this 18th day of November, 2009.

<u>/s/ Leonard A. Davis</u>
Leonard A. Davis
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Ave.
New Orleans, LA 70113
PH: (504) 581-4892
Fax: (504) 561-6024
ldavis@hhkc.com