UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL NO. 2047 |
| | | JUDGE FALLON |
| THIS DOCUMENT RELATES TO | * * | MAG. WILKINSON |
| THOMAS WEST, SR. AND GLORIA WEST | * * | 09-6356 |
| VERSUS | * * | |
| STATE FARM FIRE & CASUALTY CO. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF MOTION TO REMAND**

**MAY IT PLEASE THE COURT:**

Plaintiffs, Thomas West and Gloria West, respectfully submit this Memorandum in Support of their Motion to Remand.

**I.    INTRODUCTION**

The Wests move this Court to remand this action to the Louisiana District Court where it was initially filed. This Court lacks subject matter jurisdiction over this action as the amount in controversy does not exceed $75,000,[1] which is proved by the accompanying Stipulation of Damages. In this Stipulation, the Wests renounce their right to enforce a judgment in an amount greater than $75,000. For this reason, this action should be remanded to the Louisiana District Court.

---

[1] When the Wests refer to $75,000 in the context of amount in controversy, please consider this amount exclusive of interest and costs per 28 U.S.C. § 1332.

## II.    FACTUAL BACKGROUND

Thomas and Gloria West own the property located at 2748 Russell Drive in Marrero, Louisiana (the "Property").[2] The Wests purchased a homeowner's insurance policy from State Farm Fire & Casualty Company ("State Farm") to provide coverage for the Property.[3] This coverage was in effect at the time of their loss.[4]

The Property was damaged by the presence of Chinese drywall.[5] At this time, the Wests believe that the State Farm homeowner's policy provides coverage for this Chinese drywall loss.[6] State Farm has failed to compensate the Wests for damage to the Property from this loss.[7]

On July 28, 2009, the Wests filed a Petition for Damages against State Farm for nonpayment of this covered loss in the 24th Judicial District Court of Louisiana, Parish of Jefferson, Civil Action No. 676115.[8] The Petition for Damages failed to address an amount in controversy, which was ambiguous at the time of the Petition's filing and at the time of removal.[9]

On September 16, 2009, State Farm removed the action to this Court on the assumption that the Wests sought the limits of their insurance policy. In its Notice of Removal, State Farm gleaned from the Petition for Damages that the amount in controversy exceeded $75,000.00.[10] State Farm further noted that the Petition for Damages did not offer a binding stipulation that the Plaintiff would not seek to enforce a judgment awarded in excess of $75,000.00.[11] Therefore, besides stretching assumptions based on allegations in the Petition, State Farm failed to meet the

---

[2] *See* Stipulation of Damages at ¶¶ 1 and 3, attached as Exhibit 1.
[3] *See id.* at ¶ 2.
[4] *See id.* at ¶ 2.
[5] *See id.* at ¶ 3.
[6] *See id.* at ¶ 3.
[7] *See id.* at ¶ 4.
[8] *See id.* at ¶ 5.
[9] *See id.* at ¶ 5.
[10] *See* CM/ECF Doc. 1 at ¶¶ 5 – 9.
[11] *See* CM/ECF Doc. 1 at ¶ 8.

burden of establishing that the amount in controversy exceeds $75,000.[12] The Wests now seek to correct State Farm's misapprehension.

The Wests certify that the amount in dispute is $75,000.00 or less.[13] Additionally, the Wests renounce their right to enforce a judgment obtained in this action that is greater than $75,000.[14] It should be undisputed that the Wests will be unable to recover an amount greater than $75,000.

## III.     LAW AND ARGUMENT

The Wests have established with legal certainty that their claim is for $75,000 or less. For this reason, this Court lacks subject matter jurisdiction and this action should be remanded to the Louisiana District Court.

### A. Removal Standard

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). <u>The removing party bears the burden of showing that federal jurisdiction exists</u>. *See Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995)(emphasis added). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that <u>removal statutes should be strictly construed</u>. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir.2002)(emphasis added); *Neal v. Kawasaki Motors Corp.,* 1995 WL 419901, at *2 (E.D.La.1995). The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

---

[12] It is undisputed that under 28 U.S.C. § 1332, there is diversity of citizenship between the parties.
[13] *See* Exhibit 1 at ¶ 6.
[14] *See id.* at ¶ 7.

### B. Amount in Controversy Standard

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages.

When a plaintiff is prohibited from pleading a specific amount of damages, such as in a Louisiana District Court where this action was initially filed, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Simon v. Wal-Mart Stores,* 193 F.3d 848, 850 (5th Cir. 1999); *Allen,* 63 F.3d at 1335. *see also De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir. 1995).

If the defendant meets its burden of showing the requisite amount in controversy, the plaintiff can defeat removal only by establishing with legal certainty that the claims are for less than $75,000. *See De Aguilar*, 47 F.3d at 1411-12. Because Louisiana plaintiffs are not limited to recovery of the damages requested in their pleadings, a plaintiff must affirmatively renounce the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him. La. Code Civ. Proc. Art. 862; *Crosby v. Lassen Canyon Nursery, Inc.,* 2003 WL 22533617 *3 (E.D.La. 2003). For example, in *Engstrom v. L-3 Communications Gov't Svcs., Inc.*, 2004 WL 2984329 (E.D.La. 2004), the plaintiff's state court complaint stated that "[each plaintiff] affirmatively and knowingly waives entitlement to any damages ..., including penalties and statutory attorney's fees, but exclusive of interests and costs, in excess of $74,999." The court found that this waiver constituted a binding stipulation, or "judicial confession" under Louisiana law, and it held that this stipulation was sufficient to establish that plaintiffs could not recover more than the jurisdictional amount as a matter of law. *Id.* at *5.

As Chief Judge Vance ruled in *Levith v. State Farm Fire and Casualty Company*, 2006 WL 2947906, at *3 (E.D. La. 2006), post-removal affidavits or stipulations may be considered only in limited circumstances. If the amount in controversy is ambiguous at the time of removal, the Court may consider a post-removal stipulation, but only to determine the amount in controversy as of the date of removal. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Associacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) ([w]hen the affidavit "clarif[ies] a petition that previously left the jurisdictional question ambiguous," the court may consider the affidavit in determining whether remand is proper).

### C. This Court lacks subject matter jurisdiction because the amount in dispute does not exceed $75,000, exclusive of interest and costs.

This Court is one of limited jurisdiction. It has diversity subject matter jurisdiction over actions with amounts in dispute exceeding $75,000. As the Wests cannot recover an amount exceeding $75,000, this Court lacks subject matter jurisdiction and should remand this case back to the Louisiana District Court.

This action was initially removed because the Wests' Petition for Damages properly left the jurisdictional amount blank.[15] The Wests did not plead this amount because Louisiana law prohibits a request for a specific amount of monetary damage. *See* La. C.C.P. art. 893. To now clarify the amount in dispute, the Wests have filed a Stipulation of Damages into the Court's record. This Stipulation renounces their right to enforce a judgment in an amount greater than $75,000. This Stipulation also clarifies an initially ambiguous amount in controversy and demonstrates that this Court lacks subject matter jurisdiction.

---

[15] *See* Petition for Damages, *in globo*, attached as Exhibit 2.

Under *Levith* and *Gebbia*, this Court may properly consider the sworn, post-removal Stipulation of Damages to determine the amount in controversy. The Wests' Stipulation establishes with legal certainty that the amount in controvery does not exceed $75,000.[16] Furthermore, the Wests' Stipulation renounces their right to enforce a judgment obtained in an amount greater than $75,000.[17] From this properly considered evidence, the Wests have demonstrated to this Court, to legal certainty, that they cannot and will not recover more than $75,000. Therefore, this Court lacks diversity subject matter jurisdiction over the Wests' action, which must be remanded to the Louisiana District Court where it was initially filed.

### IV.  CONCLUSION

For the above and foregoing reasons, the Wests request that this Court grant their Motion to Remand as this Court lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000, as shown by the binding Stipulation for Damages.

Respectfully submitted,

GAUTHIER, HOUGHTALING
 & WILLIAMS, L.L.P.

By: s/Charles M. Thomas
JAMES M. WILLIAMS, BAR NO. 26141
CHARLES M. THOMAS, BAR NO. 31989
3500 N. Hullen St.
Metairie, LA  70002
Telephone:    (504) 456-8600
Facsimile:    (504) 456-8624
ATTORNEYS FOR PLAINTIFF

---

[16] *See* Exhibit 1 at ¶ 6.
[17] *See id.* at ¶ 7.

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing Memorandum in Support of Motion to Remand filed by Plaintiffs Thomas West and Gloria West has been served upon Plaintiffs' Liaison counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 19th day of November, 2009.

                                                s/Charles M. Thomas  
                                                CHARLES M. THOMAS