# EXHIBIT "2"

**DIV. H**
JUDGE
GLENN B. ANSARDI

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 676115 DIVISION " "

THOMAS WEST, SR. and GLORIA WEST

V.

STATE FARM FIRE AND CASUALTY COMPANY


FILED
JUL 2 8 2009
S/ A. HEBERT
DEPUTY CLERK

FILED:_____

DEPUTY CLERK

## PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, Thomas West, Sr. and Gloria West, who represent as follows in this Petition for Damages:

I.

Made Plaintiffs herein are:

a. **THOMAS WEST, SR.**, a person of the full age of majority and a resident and domiciliary of the Parish of Jefferson, State of Louisiana.

b. **GLORIA WEST**, a person of the full age of majority and a resident and domiciliary of the Parish of Jefferson, State of Louisiana.

II.

Made Defendant herein is:

a. **STATE FARM FIRE AND CASUALTY COMPANY**, a foreign insurance company authorized to do and doing business in the State of Louisiana, and within the jurisdiction of this Honorable Court (hereinafter defendant insurance company and/or defendant insurer).

III.

Venue in this action is proper in Jefferson Parish under Louisiana Code of Civil Procedure insofar as the loss occurred in this Parish.

IV.

Defendant is justly and truly indebted jointly, severally, and *in solido* to Plaintiffs herein for damages, together with legal interest thereon from the date of judicial demand until paid, and for costs in these proceedings, for the following, to-wit:

V.

Plaintiffs are the owners of residential property located at 2748 Russell Drive, Marrero, LA 70072 (the "Property").

VI.

Plaintiffs contracted with State Farm Fire and Casualty Company ("Defendant") to provide homeowner's insurance for this Property. This insurance contract bears policy number 18EX08805.

VII.

In February 2006, Plaintiffs purchased the Property, which had suffered Hurricane Katrina damage. Plaintiffs purchased the house in a fully gutted condition, and installed a new roof, windows, and interior drywall. Additionally, Plaintiffs replaced the Property's electrical and plumbing systems. Unbeknownst to Plaintiffs, their drywall was manufactured in China and ultimately would manifest itself as dangerous.

VIII.

After these repairs were completed, Plaintiffs moved into the Property on or about November 15, 2008.

IX.

Almost immediately, Plaintiffs began experiencing inexplicable medical illnesses. Subsequently, Plaintiffs first suspected that the Property contained the affected Chinese drywall when several news channels reported this issue in late 2008.

X.

Plaintiffs moved out of their house on or about April 15, 2009, and have incurred significant property and financial damage as a result of this Chinese drywall.

XI.

Defendant has not tendered Plaintiffs any proceeds for this property damage, and may be in bad faith under La.R.S. §§ 22:658 and 22:1220 or 22:1892 and 22:1973.

XII.

At all times pertinent hereto, Defendant provided insurance coverage for the matters, risks, and things involved herein.

XIII.

Plaintiffs' property insurance policy issued by Defendant provides coverage for damage

caused by this Chinese drywall.

### XIV.

Despite having been provided with "satisfactory proof of loss," Defendant in bad faith has refused to pay for all of the damage to the Property caused by this covered loss.

### XV.

Defendant is liable unto Plaintiffs under the following legal theories:

a.  Breach of contract;

b.  Bad faith claims adjusting;

c.  Breach of duty of good faith and fair dealing;

d.  Infliction of emotional distress;

e.  Any and all other legal theories which may be found through discovery and proven at trial in this matter.

### XVI.

Defendant has committed other acts of negligence, breach of contract, and breach of their duty of good faith and fair dealing, all of which will be shown and proven at the trial of this matter.

### XVII.

As a result of the actions of the Defendant named herein, Plaintiffs have suffered the following nonexclusive list of damages:

a.  Loss of use of property;

b.  Loss of enjoyment of property;

c.  Loss of rents;

d.  Additional living expense;

e.  Diminution in value of property;

f.  Repair and remediation expenses;

g.  Mental anguish;

h.  Attorney's fees;

i.  Costs of this litigation; and

j.  All other losses which will be proven at the trial of this matter.

### XVIII.

Plaintiffs are entitled to penalties and attorneys fees for Defendant's bad faith failure to pay Plaintiffs' claim and/or properly adjust this claim.

XIX.

Plaintiffs reserve the right to supplement and amend this Petition for Damages.

XX.

Plaintiffs pray for trial by jury.

**WHEREFORE**, Plaintiffs herein, **Thomas West, Sr. and Gloria West**, pray that the Defendant, **State Farm Fire and Casualty Company**, be served with a copy of this Petition for Damages and be duly cited to appear and answer the same, and that after expiration of all legal delays and due proceedings, there be judgment rendered in favor of Plaintiffs and against Defendant, in an amount that will fully compensate Plaintiffs for their damages pursuant to the evidence and in accordance with the law; all sums with legal interest thereon from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

Respectfully submitted,

**GAUTHIER, HOUGHTALING
& WILLIAMS, L.L.P.**

By:_____
JOHN HOUGHTALING, BAR NO. 25099
STEPHEN M. HUBER, BAR NO. 24463
CHARLES M. THOMAS, BAR NO. 31989
3500 N. Hullen St.
Metairie, LA 70002
Telephone: (504) 456-8600
Facsimile: (504) 456-8624
ATTORNEYS FOR PLAINTIFFS

**PLEASE SERVE:**

**STATE FARM FIRE & CASUALTY COMPANY**
Through the Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809