MINUTE ENTRY
FALLON, J.
NOVEMBER 19, 2009

JS10(01:30)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In re:  CHINESE-MANUFACTURED    *    MDL Docket No. 2047
      DRYWALL PRODUCTS    *
      LIABILITY LITIGATION    *    SECTION L
                        *
                        *    JUDGE FALLON
This document relates to All Cases    *
                        *    MAGISTRATE JUDGE WILKINSON
                        *
                        *
                        *

* * * * * * * * * * * * * * * * * *

    I.       PRE-TRIAL ORDERS

The Court has issued the following Pre-Trial Orders:

Pre-Trial Order No. 1 entered June 15, 2009 – Initial Case Management

Pre-Trial Order No. 1A entered August 28, 2009 – Counsel must Enter Appearances
for Served Parties or risk Default Judgment

Pre-Trial Order No. 1B entered October 9, 2009 – Amending Pre-Trial Order No. 1
to clarify the preservation of physical evidence during home remediation.

Pre-Trial Order No. 2 entered June 16, 2009 – Notice to Transferor Court

Pre-Trial Order No. 2A entered September 18, 2009 – Means of Tracking Remands
in MDL 2047

Pre-Trial Order No. 3 entered July 6, 2009 – Designation of Plaintiffs' Liaison
Counsel

Pre-Trial Order No. 4 entered July 6, 2009 – Designation of Defendants' Liaison

Counsel

Pre-Trial Order No. 5 entered July 6, 2009 – Contact Information

Pre-Trial Order No. 5A entered July 9, 2009 – Counsel Contact Information Form

Pre-Trial Order No. 6 entered July 21, 2009 – Electronic Service (LexisNexis)

Pre-Trial Order No. 7 entered July 27, 2009 – Appointment Defendants' Steering Committee

Pre-Trial Order No. 7A entered August 4, 2009 – Amending PTO 7 re: Defendants' Steering Committee

Pre-Trial Order No. 7B entered August 27, 2009 – Amending PTO 7 re: list containing Defendants' Steering Committee and lists responsibilities for same

Pre-Trial Order No. 8 entered July 28, 2009 – Appointing Plaintiffs' Steering Committee

Pre-Trial Order No. 9 entered July 28, 2009 – Time and Billing Guidelines/Submissions

Pre-Trial Order No. 10 entered August 21, 2009 – All parties to provide PLC or DLC with photographic catalog of markings, brands, endtapes and other identifying markers found in affected homes by August 26, 2009.  PSC and DSC to collect and submit data to the Court and inspection company for TIP a joint catalog of data to assist in training of inspections no later than August 28, 2009.

Pre-Trial Order No. 11 entered August 17, 2009 -  Profile forms to be distributed to appropriate parties and filed and returned on or before September 2, 2009

Pre-Trial Order No. 12 entered August 25, 2009 – Court will prepare final version of Distributor Profile Form.

Pre-Trial Order No. 12A entered August 25, 2009 – Court adopted Distributor Profile Form be distributed to appropriate parties and returned to DLC Kerry Miller on or before 9/8/09, either electronically or by hard copy

Pre-Trial Order No. 13 entered August 27, 2009 – Court institutes and will supervise Threshold Inspection Program (TIP).  Court appoints Crawford & Company to carry out the inspections.

Pre-Trial Order No. 14 entered September 24, 2009 - Court approves Exporter, Importer or Broker Profile Form, and provides requirements for issuance and return of the form.

Pre-Trial Order No. 14(A) entered October 13, 2009 – Court approves a revised Exporter, Importer or Broker Defendant Profile Form.

Pre-Trial Order No. 15 entered September 25, 2009 – Counsel must provide privilege log for documents withheld in response to discovery requests.  Also, the accidental production of privileged information does not constitute a waiver of the privilege.

Pre-Trial Order No. 16 entered September 25, 2009 – Pertains to the disclosure, use and protection of confidential information produced during the course of this MDL.

Pre-Trial Order No. 17 entered November 2, 2009 – Recognizing and Confirming KPT's Agreement to Accept Service of PSC's Omnibus Class Action Complaint.

Pre-Trial Order No. 18 entered November 5, 2009 – Appointing Phillip A. Wittmann to be the Homebuilders and Installers Liaison Counsel.

II.     PROPERTY INSPECTIONS

Crawford & Company ("Crawford") has inspected the initial thirty (30) homes pursuant to Pre-Trial Order No. 13 and the revised inspection protocol.  Crawford is prepared to continue inspections upon notice from the parties or the Court.  Counsel will provide a copy of the updated Threshold Inspection Program protocol to the Court.

III.     PLAINTIFF AND DEFENDANT PROFILE FORMS

In Pre-Trial Orders 11 and 12A, the Court approved a Plaintiff Profile Form, a Defendant Manufacturers' Profile Form, a Contractor/Installer Profile Form, a Builder Defendant Profile Form and a Defendant Distributor Profile Form.  In Pre-Trial Order 14, the Court approved the Importer/Exporter/Broker Profile Form.  Completed and signed profile forms have been submitted for many of the parties.  The parties will continue to supplement responses as additional responses are received.  As new parties are added to the MDL, those parties will respond to the appropriate profile form within 15 days of becoming a party to the MDL.  PLC has requested that DLC verify that all Defendants in the MDL have provided full and complete Defendant Profile Forms.  DLC has advised that he will be responding to the request.  DLC and HLC contend that

many issues still remain with respect to the Plaintiff Profile Forms, including supplementation of certain incomplete profile forms received to date by the DSC, and the lack of Plaintiff Profile Forms received by the DSC that are the subject of a motion to dismiss (See Section VII(B)(i)).  The P SC concedes that deficiencies exist in some of the Plaintiff Profile Forms, but contends that there exists no reason at this point to resolve the issue by motion practice.  The Court will have a hearing the Motion to Dismiss following the December monthly status conference.  The parties have agreed to set a meet and confer to address the issues further.

Further, the parties have been discussing the creation of a Retailer Profile Form.  To date, the retailer form has not been submitted to the Court.

## IV.     PRESERVATION ORDER

On October 9, 2009, the Court issued Pre-Trial Order No. 1B, clarifying the protocol for the preservation of physical evidence during home remediation.  Pre-Trial Order No. 1 continues in effect regarding documents/ESI.

## V.      STATE/FEDERAL COORDINATION

At the status conference on August 11, 2009, the Court instructed the PSC and DSC to confect separate subcommittees on state and federal coordination.

In Joint Report No. 2 filed with the Court on September 1, 2009, the PSC proposed the following for membership in the Plaintiffs' State/Federal Coordination Subcommittee:


Jeremy Alters

Alters, Boldt, Brown, Rash & Culmo

4141 Northeast 2nd Ave.

Suite 201

Miami, FL  33137


Dawn Barrios

Barrios, Kindsdorf, Casteix, LLP

701 Poydras Street

Suite 3650

New Orleans, LA  70139


Ervin Gonzalez

Colson, Hicks, Eidson

255 Aragon Avenue

Coral Gables, FL  33134


James Reeves

Lumpkin & Reeves, PLLC

160 Main Street

Biloxi, MS  39530


Richard Serpe

Law Offices of Richard J. Serpe, P.C.

580 East Main Street

Suite 310

Norfolk, VA  23510

Scott Weinstein

Morgan & Morgan

One University Drive

Suite 600

Ft. Myers, FL  33907-5337


In addition, the defendants proposed the following for membership in the Defense

State/Federal Coordination Subcommittee:

Jan Douglas Atlas
Jeffrey Backman
Adorno & Yoss, LLP
350 East Las Olas Blvd.
Suite 1700
Fort Lauderdale, FL  33301


Richard Duplantier
Galloway, Johnson, Tompkins,
Burr & Smith
701 Poydras Street
40th Floor
New Orleans, LA 70139

Donald J.  Hayden
Baker & McKenzie, LLP
Melons Financial Center
1111 Brickell Avenue
Suite 1700
Miami, FL 33131

Hilarie Bass
Greenberg Traurig
1221 Brickell Avenue
Miami, FL  33131

The parties await further direction from the Court regarding the creation and duties of a State/Federal Coordination Subcommittee. The Court reiterated that it has already approved the creation of the Subcommittee in both its September and October monthly status conference minute entries.

Dawn Barrios informed the Court that two Motions to Remand have been filed in the MDL. Ms. Barrios further informed the Court that the MDL cases encompass 18 counties and/or parishes across the U.S. Ms. Barrios also distributed updated CDs containing information about the state judges.

## VI. STATE COURT TRIAL SETTINGS

Defendants and/or Defendants' State/Federal Coordination SubCommittee will be prepared to advise the Court, to the best of their knowledge, of the following at the status conference on November 19, 2009:

1) All trial settings in state court that are set over the next 12 months;

2) All pending discovery motions in state court cases;

3) All dispositive motions pending in state court cases; and

4) Any state court issues that should be discussed as a matter of state/federal coordination.

In addition to the foregoing, the PSC will advise the Court of all motions that are pending regarding tag-along cases and, to the extent known, assist in advising the Court regarding the above mentioned matters.

## VII. MOTIONS IN THE MDL

On September 8, 2009, the Court issued an Order concerning the Court's directive to counsel for Plaintiffs and Defendants to indicate which motions needed to be heard on an

expedited basis and to prioritize such motions and further set forth scheduling deadlines with respect to such motions.  The stay issued in Pre-Trial Order No. 1 was modified to allow the parties to file certain proposed motions.

A.    PSC Motions

a.  On October 13, 2009, the PSC filed an Omnibus Rule 6(B) Motion for Extension of Time for Service of Process Under 4(M). On October 21, 2009, the Court granted the motion.

b.  On November 11, 2009, the PSC filed a Motion to Compel Full and Complete Discovery From All Defendants.  The PSC has requested that the motion be heard on an expedited basis at the status conference on November 19, 2009.  On November 13, 2009, the parties had a meet and confer and an additional meet and confer is scheduled for November 18, 2009.  The parties will advise the Court as to the status of the pending motion following the meet and confer at the status conference on November 19, 2009.  Counsel intends to present a proposed order to the Court shortly.  Counsel still dispute whether discovery of defendants should go back to 2001 or 2005.  The Court directed the parties to set up a date for hearing with the Court.

c.  On November 11, 2009, the PSC filed a Motion to Compel Discovery From Defendants, Venture-Supply, Inc. and Porter-Blaine Corp.  The parties will advise the Court as to the status of the pending motion following the meet and confer at the status

conference on November 19, 2009. The Court directed the parties to set up a date for hearing with the Court.

d. On November 5, 2009, the PSC filed an Omnibus Motion to Dismiss Certain Defendants, Without Prejudice, Under Fed.R.Civ.P. 41(a). The matter has been submitted to the Court and the parties await a ruling from the Court.

B. DSC Motions

a. On September 28, 2009, HSC filed a Motion to Abate and Compel Compliance With Chapter 558, Florida Statutes. On October 21, 2009, the PSC filed a Response in Opposition to the motion. On November 4, 2009, the HSC filed a Reply. The matter is set for hearing at the November monthly status conference.[1]

b. On September 28, 2009, Interior Exterior Building Supply, LP, filed a Motion for Partial Summary Judgment as to the Recovery Available Against Good Faith Sellers Under Louisiana Law. The PSC filed its opposition on October 13, 2009. On October 17, 2009, Mayeaux Construction, Inc. filed an opposition to the motion and on November 4, 2009, Interior Exterior filed its Reply Memorandum to Mayeaux's opposition. On November 9, 2009, Mayeaux filed a Reply. The matter is set for hearing at the November monthly status conference.

---

[1] On November 9, 2009, the HSC apparently refiled its motion [Doc. 416], which appears to be a duplicate of the September 28, 2009 filing [Doc. 293]; and, therefore, the PSC will not be filing additional pleadings responsive to the November 9, 2009 filing unless directed to by the Court.

c.  On September 28, 2009, Distributor Defendants filed a Motion to Dismiss or, Alternatively, to Strike Plaintiffs' Claims for Economic Damages (Florida Law).  On September 30, 2009, Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., and Knauf Gips KG, joined in the motion.  On October 21, 2009, the PSC filed a Response to the Distributors and Manufacturers motion.  On October 22, 2009, the HSC filed a Response to the Distributors and Manufacturers motion.  On November 4, 2009, the Distributors filed a Reply Memorandum. On November 11, 2009, Mazer Discount Home Center, a retailer, filed a memorandum in support of the motion to dismiss based on the application of the Economic Loss Rule in Alabama.  On November 13, 2009, the Honorable Judge Joseph Farina, Circuit Judge, Eleventh Judicial Circuit, conducted a hearing on the economic damage issue relating to Florida state law and Judge Eldon Fallon of the MDL participated by phone in the hearing. The hearing on the Motion to Strike Plaintiffs' Claims for Economic Loss Damages is set for hearing following the November monthly status conference.

d.  On October 23, 2009, Tudela's Classic Homes filed a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction based upon incomplete diversity.  Tudela's requested a hearing date on November 18, 2009.  The Court has not ordered the stay lifted for

Tudela's motion to dismiss, and therefore oppositions to the motion have not yet been filed and the matter is not set for hearing at this time.

e.  On October 23, 2009, Nautilus Insurance Company filed a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction based upon incomplete diversity.  Nautilus Insurance Company requested a hearing date on November 18, 2009.  the Court has not ordered the stay lifted for Nautilus Insurance Company's motion to dismiss, and  therefore oppositions to the motion have not yet been filed and the matter is not set for hearing at this time.

f.  On November 4, 2009, HBW Insurance Services, filed a 12(b)(1), (2), and (5) motion to dismiss for insufficient service of process and lack of subject matter jurisdiction.  HBW requested hearing on an expedited basis following the status conference on November 19, 2009.  The Court has not ordered the stay lifted for HBW's motion to dismiss, and therefore oppositions to the motion have not yet been filed and the matter is not set for hearing at this time.

g.  On November 10, 2009, Sun Construction filed a motion for leave to file a summary judgment relating to arbitration of claims against Sun Construction prior to litigation.  Sun Construction requested hearing on November 18, 2009.  The Court has not ordered the stay lifted for Sun Construction's summary judgment

motion, and therefore oppositions to the motion have not yet been filed and the matter is not set for hearing at this time.

h. On November 12, 2009, the DSC filed a Motion to Compel Discovery From All Non-Personal Injury Plaintiffs relating to discovery that was issued on October 13, 2009 and which the movant asked for an expedited hearing to take place on November 19, 2009 at the monthly status conference.   On November 13, 2009, the parties had a meet and confer and an additional meet and  confer is scheduled for November 18, 2009. The parties will advise the Court as to the status of the pending motion following the meet and confer at the status conference on November 19, 2009.

i. On November 13, 2009, the DSC filed a Motion to Dismiss certain plaintiffs based upon their failure to provide profile forms pursuant to Pre-Trial Order No. 11.  The DSC requested hearing on an expedited basis following the status conference on November 19, 2009.   The Court has not yet set the matter for hearing and the PSC contends that the filing of such a motion is premature and that a meet and confer is necessary prior to any such hearing being set.  The DSC disagrees that the motion is premature and contends that it has already met its meet and confer obligations, thereby making the Motion to Dismiss right for adjudication.

C.      Other

    a.   On September 24, 2009, the Court entered a preliminary default judgment against Taishan Gypsum Co. Ltd.   (R.Doc.190). Counsel for The Mitchell Co. has advised they need additional time to gather the evidence documents in support of the confirmation of the default judgment, and seek a continuance to a future date.

    b.   On October 6, 2009, a Transfer Order was issued by the United States Judicial Panel on Multidistrict Litigation transferring the *Curtis Hinkley, et al v. Taishan Gypsum Co., Ltd., et al.,* E.D. North Carolina, C.A. No. 2:09-25, and *Michelle Germano, et al v. Taishan Gypsum Co., Ltd., et al,* E.D. Virginia, C.A. No. 2:09-202, to the MDL in the Eastern District of Louisiana.  Pending in those matters are motions to disqualify counsel filed by Venture Supply, Inc. and The Porter-Blaine Corporation.  The motions are fully briefed and joined before the Court, and the PSC requests that a hearing date for argument on the matters be set.

    c.   On November 12, 2009, Lowe's Home Centers, Inc. moved the Court to lift the stay and to allow a Motion to Deconsolidate from MDL.  Lowe's has requested that the matter be set for hearing on December 2, 2009.  Plaintiffs will be responding to the motion.

The Court addressed the general stay in place on all motion practice, other than notice of appearance, in the MDL.  The Court acknowledged that several motions for leave

to file substantive motions are pending in the MDL.  The Court expressed its intent to lift the stay shortly through an Order which will detail how the Court will address motion practice once the stay is lifted.  Until such time as the Order is issued, the stay remains in effect.  Counsel expressed concern with lifting the stay on motion practice in the *Gross* case in which service has yet to be confected.  The parties plan to meet and confer to address the issue.

VIII.   DISCOVERY ISSUES

On September 2, 2009, the PSC provided its First Set of Discovery Requests on Defendants.  In accordance with Court directives, additional meet and confers have taken place between the parties in an attempt to narrow issues in dispute.  The meet and confers included topics relating to hard copy document production, ESI and also addressed the FRCP 30(b)(6) deposition notices that were provided to Defendants on September 2, 2009.  On October 19, 2009, the 30(b)(6) deposition of the La Suprema entities took place.  The 30(b)(6) deposition of Interior/Exterior Building Supply, LP that was scheduled for November 17, 2009 has been rescheduled for December 4, 2009.  Additionally, the 30(b)(6) deposition of the Lennar entities is scheduled for November 23, 2009.  No other Defendants' 30(b)(6) depositions have been scheduled as of yet.  The PSC has requested production of documents, ESI and dates for depositions and will be prepared to discuss this further at the monthly status conference on November 19, 2009.

There is currently pending a Motion to Compel Full and Complete Discovery From All Defendants, which includes a request for the establishment of a document production protocol.

(See Section VII, *infra*.)   The issue regarding a protocol was discussed at the last status conference on October 15, 2009 and the parties continue to meet and confer.

On October 15, 2009, the HSC propounded Personal Jurisdiction Interrogatories and Request for Production of Documents to Knauf Gips KG in connection with Knauf Gips KG's claims involving the Hague Convention.  Also, on October 30, 2009, the PSC propounded its First Set of Interrogatories and Request for Production Concerning Jurisdictional Issues to Defendants, Knauf Gips KG, Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd. and Knauf Plasterboard (Dongguan) Co., Ltd.  (See Section XX, *infra*.)  To date, no responses have been provided to the discovery.

On October 13, 2009, DSC propounded to Plaintiffs a First Set of Interrogatories and Request for Production of Documents.  On October 21, 2009, PLC advised that the discovery was objected to and was overbroad, and requested a meet and confer.  Several meet and confers took place and the parties have agreed that the initial discovery shall be limited to property damages only MDL plaintiffs. The parties continue to meet and confer on discovery issues.

IX.    FREEDOM OF INFORMATION ACT/PUBLIC RECORDS REQUESTS

Several Freedom of Information Act/Public Records Requests have been made by Plaintiffs.  The following outlines the status of responses:

| STATE | REQUEST MADE TO | DATE OF REQUEST | DESCRIPTION OF REQUEST | DATE OF RESPONSE | DOCUMENTS RECEIVED | DOCUMENTS SENT TO DEFENSE |
|---|---|---|---|---|---|---|

| 1 | FED | Centers for Disease Control/Agency | 8/25/09 - General request to CDC's FOIA office in Atlanta regarding documents relating to Chinese Drywall | Fed. FOIA Request Toxic Substances and Disease Registry | 8/31/09 - CDC acknowledged request and assigned request number | NO | | |

| 2 | FED. | Consumer Product Safety Commission | 7/17/09 - Letter to FOIA Requester Service regarding documents relating to Chinese Drywall, from Victor Diaz

**7/20/09** - Letter to Alberta E. Mills, FOIA Officer regarding documents relating to Chinese Drywall, from Ervin Gonzalez

**9/29/09** - Letter to Pamela McDonald enclosing check for $1,400.00 to complete processing of request

**11/02/09** - Letter to Todd Stevenson, Director, Office of the Secretary, Div. of | Fed. FOIA Request to CPSC    Request to CPSC requesting info on status of July 17, 2009 request including time-line of correspondence | 9/24/09 - Letter from Pamela McDonald stating CPSC has completed initial file search but processing requires fees of $1,400.00 and processing will take 90-120 days, to Victor Diaz

**9/24/09** - Letter from Pamela McDonald stating CPSC has completed initial file search but processing requires fees of $1,400.00 and processing will take 90-120 days, to Ervin Gonzalez

**11/3/09** - Letter from Todd Stevenson, partial response incl. 44 Epidemiologic | YES - Partial Response | YES-11/13/09 |
|---|---|---|---|---|---|---|---|

| 3 | FED | EPA | **8/25/09** - General request to EPA's FOIA office in Atlanta and to the National FOIA officer for the EPA in Washington DC, regarding documents relating to Chinese Drywall | Fed. FOIA Request | **8/26/09** - Letter from Larry F. Gottesman, National FOIA Officer at EPA's National Office acknowledged request and stated that the request was forwarded to the Office of Solid Waste and Emergency Response Service Center **8/27/09** - Letter from Kindra Kallahan, FOIA Officer at EPA's FOIA office in Atlanta, assigning FOIA Specialist Karen Cody and providing fee schedule and response times for processing | NO | | |

| 4 | FL | Fla. Dept. of Financial Services, Division of State Fire Marshall | **7/17/09** - General Ch. 119 request by Victor Diaz<br><br>**7/20/09** - General Ch. 119 request by Ervin Gonzalez | Fla. Ch. 119, Public Records Request (requesting public records re reports of fires in Fla. Structures containing imported Chinese Drywall | **7/29/09** - Letter from Nazlee Aziz, Records Section, stating no reports of fires referencing Chinese Drywall at this time | NO | |
| 5 | FL | Florida Department of Health | **2/10/09** - Request to FDOH<br><br>**7/8/09** - Second request to FDOH | Fla. Ch. 119, Public Records | **5/3/09** -First set of production, see CD<br><br>**7/17/09** - Second send of production, see CD | YES | YES-10/21/09 |
| 6 | LA | Louisiana Dept. of Economic Development | **8/4/09** - Request to Secretary Stephen Moret requesting documents relating to Chinese Drywall | FOIA Request under LSA-RS 44:1 "Public Records Act" | **8/26/09** - Letter from Matt Braud claiming consumer complaints and health issues are not within the scope of the organization | NO | |
| 7 | LA | Louisiana Dept. of Environmental Quality | **8/4/09** - Request to Secretary Harrold Leggett, PH.D. requesting documents relating to Chinese Drywall | FOIA Request under LSA-RS 44:1 "Public Records Act" | Only response was phone call stating that they do not have any such documents | NO | |

| 8 | LA | La. Dept. of Health and Hospitals | **8/4/09** - Request to Secretary Allen Levine PH.D. requesting documents relating to Chinese Drywall<br><br>**10/13/09** - Request to Michael J. Coleman, Office of the Secretary, further request for records and response to DDH's August 10 letter | FOIA Request under LSA-RS 44:1 "Public Records Act" | **8/10/09** - Michael J. Coleman responds the records requested are confidential so they won't be able to provide any documents; however, DHH notes several items could be obtained by other federal agencies under FOIA.<br><br>**10/16/09** - Michael J. Coleman response DHH will re-review the records responsive to the request and will arrange for delivery if any are subject to disclosure under the Public Records Act | NO | | |

| 9 | LA | La. Dept. Of Justice | 8/4/09 - Request To Attorney General James D. "Buddy" Caldwell requesting documents related to Chinese Drywall | FOIA Request under LSA-RS 44:1 "Public Records Act" | 9/3/09 - Assistant Attorney General Susan Crawford claims information not subject to public record law | NO |  |

Upon receipt of requested information, the PLC has been transmitting copies to DLC pursuant to DLC's request.

The Plaintiffs seek copies now of whatever public records the Defendants have received in response to the FOIA/public records requests. To the best of the DSC's knowledge, no defendants have made FOIA/public records requests, and thus no documents exist.

X.     TRIAL SETTINGS IN FEDERAL COURT

The Court has advised that it plans to establish "Bellwether" trials (see Minute Entry dated July 9, 2009 [Doc. 111]). The Court has further advised that any such trials will be limited to property damage only. *Id.* at sect. IV;   The parties have been discussing the protocol and procedure for selecting Bellwether trial candidates. The PSC suggests a sufficient representative sample of cases be selected with regard to geography, concentration of properties, distinctive facts and legal issues. The Defendants suggest that the selection of Bellwether plaintiffs must be limited to the approximately 31 plaintiffs that have submitted profile forms where personal injuries are not claimed. A list of these plaintiff properties has been made available to the PSC and the Court. The parties continue to discuss the selection of Bellwether trials.

The Court previously set aside the following dates for possible Bellwether trials:

January 11, 2010

February 22, 2010

March 15, 2010.

In addition, the Court has suggested that the parties discuss a scheduling order for the Bellwether Trials and that certain discovery deadlines and pre-trial deadlines be established in a scheduling order.

The Court indicated that the January 11, 2010 trial date is no longer being considered as a date for possible Bellwether trials.

The Court scheduled a bench trial to confirm the preliminary default issued in the *Germano* case on January 25, 2010. The Court will address scope of remediation and damages. There will be seven plaintiffs, each with different properties and circumstances regarding Chinese drywall. The DSC indicated its intent to inspect the properties early next week. The HSC indicated that it would like discovery documents regarding the properties early next week. The PSC agreed to comply with both requests.

XI.     FILINGS IN THE MDL

On November 2, 2009, Pre-Trial Order No. 17 was issued which recognizes and confirms Knauf Plasterboard (Tianjin) Co., Ltd.'s agreement to accept service of the PSC's Omnibus Class Action Complaint, which is to be filed in this Court before December 9, 2009. The DSC emphasized that PTO No. 17 presents a one-time opportunity for plaintiffs to get service on KPT. The DSC further emphasized that December 2, 2009 is the deadline to fill out the applicable form to join the complaint to be accepted by KTP. Applicable forms are to be turned into Arnold Levin, who can also answer any relevant questions. After such time, plaintiffs will need to go through the Hague Convention to attempt service on KTP.

The parties also continue to discuss the prospect of direct filings and acceptance of service with Defendants under such circumstances maintaining Defendants' objections as to personal jurisdiction and other defenses, including the right to return cases to the originating venue for trial purposes. Plaintiffs assert this process allows for multiple plaintiffs to file claims in one matter (see Minute Entry dated July 9, 2009 [Doc. 111]). Six (6) suppliers have advised that they will consent to direct filings in the MDL and one (1) supplier has a specific reservation. Builders have advised that they are willing to accept service of any cases, but are not willing to agree to direct filings in the MDL.

### XII.   NOTICES OF APPEARANCE AND DEFAULT JUDGMENTS

Pursuant to Pre-Trial Order 1A, counsel must file Notices of Appearances for all parties served in MDL cases or risk entry of a default judgment. In the *Germano* case a preliminary default has been entered against defendant Taishan. The default judgment will be confirmed at a bench trial on January 25, 2010.

### XIII.   INSURANCE ISSUES

There are a number of issues involving insurance matters that will be addressed in this litigation. These include actions against insurers of manufacturers, exporters, importers, brokers, distributors, builders, drywall contractors/installers and homeowners.

### XIV.   SERVICE OF PLEADINGS ELECTRONICALLY

The LexisNexis File & Serve System has been established for the service of pleadings electronically in the MDL in order to facilitate service to all counsel. All counsel are required pursuant to Pre-Trial Order No. 6 to serve pleadings both through LexisNexis and the Electronic Filing System (ECF) of the Eastern District of Louisiana Court. Pre-Trial Order No. 6 governs

service of pleadings electronically and sets forth the procedure required for all counsel to register with LexisNexis.

In addition to the foregoing, the parties have been advised that LexisNexis is in the process of establishing a system that allows for tracking state cases involving Chinese drywall.

### XV.    MASTER COMPLAINT

PSC is in the process of drafting a Master Complaint.  The parties will be prepared to discuss this further at the monthly status conference on November 19, 2009.

### XVI.    CLASS ACTION COMPLAINT (INDETERMINATE DEFENDANT)

On October 7, 2009, a Class Action Complaint (Indeterminate Defendant) was filed with the Court.  On October 19, 2009, an Amended Class Action Complaint (Indeterminate Defendant) was filed with the Court.  The parties will be prepared to discuss this further at the monthly status conference on November 19, 2009.

### XVII.    OMNIBUS CLASS ACTION COMPLAINT

The PSC is in the process of drafting an Omnibus Class Action Complaint.  Pre-Trial Order No. 17 requires that the Complaint be filed on or before December 9, 2009.  Knauf Plasterboard (Tianjin) Co., Ltd. has agreed to accept service of process for homeowner plaintiffs who are to be named in the Omnibus Class Action Complaint and waive its right to demand service of process through the Hague Convention.  To be eligible for inclusion in the Omnibus Class Action Complaint and the service waiver, claimants and counsel representing homeowners must provide, by no later than December 2, 2009, sufficient indicia that the homes in question contain KPT drywall to Plaintiffs' Lead Counsel, Arnold Levin of Levin, Fishbein, Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA  19106, PH:  (215) 592-1500, Fax:  (215) 592-4663, E-

Mail: **alevin@lfsblaw.com**.  In addition, Plaintiffs included in the Omnibus Class Action Complaint must also submit by December 14, 2009 a fully completed and executed Plaintiff Profile Form, if not already submitted, in accordance with Pre-Trial Order No. 11.  The parties will be prepared to discuss this further at the next monthly status conference on November 19, 2009.

**NEW ITEMS**

XVIII. SPECIAL MASTER

On November 12, 2009, the Court issued a Notice that it had determined that appointment of a Special Master is warranted and accordingly, pursuant to Rule 53 of the Federal Rules of Civil Procedure, provided notice to the parties of its intention to appoint Michael K. Rozen of Feinberg Rozen, LLP, as Special Master.  Responses to the Notice are due by November 17, 2009.

XIX.   KNAUF GIPS KG PERSONAL JURISDICTION MATTER

On September 21, 2009, Knauf Gips KG filed a Motion for Protective Order to Require Use of the Hague Evidence Convention.  On October 5, 2009, the PSC filed a Response in Opposition and the HSC also filed a Response in Opposition.  On October 12, 2009, Knauf Kips KG filed a Motion for Leave to File Reply in Support of Motion of Knauf Gips KG for Protective Order to Require Use of the Hague Evidence Convention.   On October 27, 2009, the Court issued Order & Reasons denying the motion.

On September 29, 2009, the Court issued an Order advising that the briefing schedule originally established in connection with a Motion for Protective Order would extend well into January 2010, after commencement of the first Bellwether trial, and therefore, the parties were directed to discuss the matter with the Court.  The PSC and the HSC have each issued discovery

relating to personal jurisdiction issues to Knauf Gips KG. (See Section VIII, *infra*.)  The parties will be prepared to discuss this further at the monthly status conference on November 19, 2009.

## XX.   N E X T   S T A T U S  JS10(00:00)
## CONFERENCE

The next monthly status conference will be held on December 10, 2009, at 9:00 a.m. CST in the Courtroom of Judge Eldon E. Fallon.  A conference call will be set up for those unable to attend in person.  The conference call number is 1-866-213-7163 and the access code is 43185176.