UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  CHINESE-MANUFACTURED | * | MDL Docket No. 2047 |
| DRYWALL PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAGISTRATE JUDGE WILKINSON |

* * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al.*, **Case No. 2:09-cv-6687 (E.D.La.)**

## SCHEDULING ORDER

WHEREAS, the Court is mindful of the urgency of the instant matter due to the progressive nature of the damages rendered by the allegedly defective drywall, the displacement and inconvenience of persons due to the destruction of their homes, the increasing burdens placed by insurance and financial institutions, and other concerns that exist both in local communities and on a national level.  Therefore, the Court desires to expedite the scheduling of a hearing to address the scope and extent of appropriate remediation.

This Scheduling Order applies to a hearing in anticipation of further default judgment proceedings in the ***Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al.*, Case No. 2:09-cv-6687 (E.D.La.)** matter pending before this Court.

The evidentiary hearing before the Court shall commence with *Daubert* hearings starting on January 25, 2010 at 8:30 a.m. and shall continue from day to day as the Court may direct. The hearing shall resume on February 19, 20 and 22, 2010, and shall proceed thereafter from day to day as the Court may direct. The focus of the hearing will be the scope and extent of the appropriate remediation necessary for a number of properties that will adequately represent a cross-section of properties at issue in the *Germano* case that are impacted with allegedly defective Chinese drywall.

In addition, the Court sets the following deadlines:

(a)   No later than December 4, 2009, all motions to intervene by any party must be filed. Responses shall be filed no later than December 9, 2009. On December 10, 2009 following the regularly scheduled conference in this matter, all intervening parties shall meet to discuss the status of the interventions and discovery pursuant to this Order.

(b)   No later than December 11, 2009, all parties and those seeking to intervene shall identify and provide a witness list of all fact and expert witnesses whose testimony they intend to use at the hearing. Each party and those seeking to intervene shall also have the right to supplement their expert designations by December 24, 2009. Additional experts may be added only upon notice and application to the Court for good cause.

(c)   Representatives of State and Federal agencies may be called upon to provide documentation, as well as deposition testimony on the scope of remediation issues. Subpoenas related to these governmental depositions shall be served no later than December 11, 2009, to allow for hearings or motions for protective orders/motions to compel in advance of the discovery deadline. Additionally, motions to compel responses to FOIA and similar requests shall be filed no later than December 22, 2009.

(d)   A listing of the various properties in the *Germano* case that are the subject of the hearing shall be disclosed on November 19, 2009 at the monthly status conference, and by no later than December 4, 2009, inspections of any property which is the subject of this hearing was completed. The parties shall coordinate to schedule the inspections at a convenient time and with diminished inconvenience to the property owner.

(e)   All documents or other materials that are requested by a party in conjunction with a corporate representative's deposition shall be produced (or identified if the applicable documents have already been produced) to the party noticing the

        deposition no later than five (5) business days in advance of the scheduled deposition.

(f)     All Rule 26 expert reports, including but not limited to documents or other materials relied upon by an expert, and a curriculum vitae, shall be voluntarily produced by counsel offering the expert no later than December 18, 2009, and in no event less than five (5) business days prior to the expert's deposition. Rebuttals to the expert reports, if any, shall be produced no later than December 30, 2009.

(g)     No later than January 13, 2010, all parties shall file *Daubert* motions which shall be set for hearing on January 25, 2010, prior to the commencement of the merits of the hearing. Responses to all *Daubert* motions shall be filed no later than January 21, 2010.

(h)     All expert discovery relative to the issues involved in this hearing shall be completed by January 15, 2010. All fact and third party discovery relative to the issues shall be completed by January 29, 2010.

(i)     No later than January 29, 2010, the parties shall file all motions *in limine*. Response memorandum in opposition to such motions shall be filed no later than February 5, 2010.

(j)     No later than February 5, 2010, the parties shall file a final list of fact and expert witnesses whose testimony they intend to introduce at the hearing.

(k)     No later than February 5, 2010, each party shall file a memorandum of law in support of its position regarding the scope and extent of remediation for homes impacted with allegedly defective Chinese drywall.

(l)     The following documents and pleadings are due in Chambers no later than Tuesday, February 2, 2010:

        1)     Final list of exhibits, together with the exhibits; and
        2)     Designated deposition testimony.

(m)     Objections to designated deposition testimony and exhibits are due in Chambers by Friday, February 5, 2010.

(n)     The following documents are due on Tuesday, February 9, 2010:

        1)     Responses to objections to exhibits; and
        2)     Responses to objections to designated deposition testimony.

(o)     A status conference shall be held on Wednesday, February 10, 2010 at 1:30 p.m.

(p)  Within one (1) week from the conclusion of the hearing or as otherwise ordered by the Court, all parties shall submit to the Court proposed findings of fact and conclusions of law.

New Orleans, Louisiana, this 24th day of ___November___, 2009.

_____
Eldon E. Fallon
U.S. District Court Judge