UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) | MDL NO. 2047<br><br>SECTION: L<br><br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**THIS DOCUMENT RELATES TO ALL CASES**

**PLAINTIFFS' STEERING COMMITTEE'S RESPONSE TO THE DEFENDANTS' STEERING COMMITTEE'S MOTION TO DISMISS FOR PLAINTIFFS' FAILURE TO COMPLY WITH COURT-ORDERED DISCOVERY**

**I.   INTRODUCTION**

The Plaintiffs' Steering Committee ("PSC") hereby responds to the Defendants' Steering Committee's ("DSC") motion to dismiss for plaintiffs' failure to comply with Court-ordered discovery pursuant to this Court's Order of November 17, 2009. The PSC disagrees that the DSC is entitled to an outright dismissal of the plaintiffs identified in the DSC's motion as having failed to submit a Plaintiff Profile Form (PPF). As discussed below, the DSC's characterization of certain plaintiffs' so-called "failure to submit a PPF" is inaccurate. Under these circumstances, the PSC contends that the motion should be denied subject to a Rule to Show Cause for each plaintiff to establish their compliance with PTO No. 11 and subsequent orders.

**II.   FACTUAL BACKGROUND**

Appended to the DSC's motion is an Exhibit C that the DSC contends identifies 126 plaintiffs that failed to provide any PPF to date. Exhibit C, however, is replete with inaccurate information. Thus, based upon an unsupported premise, the DSC suggests that dismissal of each plaintiffs' claims is appropriate on the grounds that they have violated this Court's orders requiring

1

the completion of PPFs. The DSC contends that while some plaintiffs that missed the September 2, 2009 deadline have come forward, many have failed to meet this Court's extended deadlines and the defendants are entitled to the ultimate sanction against these plaintiffs, *i.e.*, dismissal their claims.

The PSC in its on-going effort to serve the public function of assisting this Court in managing its docket and administrating the MDL has taken on the burden of canvassing the plaintiffs' counsel representing the so-called non-compliant plaintiffs. Based upon our investigation a very different picture has emerged from that of the non-compliance painted by the defendants. Indeed, as demonstrated in the attached spreadsheet (Exhibit "A" hereto), it is noteworthy that many of the purported deficient plaintiffs submitted their PPFs as early as September 2, 2009. Other plaintiffs have agreed to produce their PPFs on December 2, 2009. Our survey has also rooted out some plaintiffs for whom counsel have agreed their clients' actions should be dismissed.

Based upon the demonstrated compliance of certain plaintiffs through prior submissions and the willingness of other plaintiffs to present PPFs in the next week, the ultimate sanction of dismissal is unwarranted.

**III.   ARGUMENT**

The dismissal of a plaintiff for failure to produce a PPF is governed by Fed.R.Civ.P. 37, as it would amount to the ultimate discovery sanction. *See National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 643 (1976)(affirming dismissal for failure to answer interrogatory answers where "flagrant bad faith" and counsel's "callous disregard" was demonstrated). Under the circumstances presented by most of the 126 plaintiffs identified on the DSC's Exhibit C, the ultimate sanction of dismissal is too extreme.

Plaintiffs have demonstrated their good faith willingness to produce PPFs. Indeed, some plaintiffs that the DSC would have dismissed because the DSC considers them delinquent have already submitted their PPF. Other plaintiffs are making every effort to comply with this Court's orders by December 2, 2009, well in advance of the next status conference. For these individuals, the sanction of dismissal would be extreme and draconian. The PSC firmly believes that a due process violation would occur if these individual claims were dismissed under these circumstances.

The PSC acknowledges that for only those plaintiffs that have and continue to express an inability or a willingness to comply with the Court's orders, dismissal of their claims is in order, and any such dismissal should be without prejudice. Rather than an outright dismissal on the present record, however, the PSC submits that a Rule to show cause should issue against any of the plaintiffs who fail to produce a PPF. Notice must be provided to the claimant and an opportunity granted by the court to comply with the discovery request must be provided. For those plaintiffs, if they do not come forward on the Rule to show cause with evidence of compliance, then the PSC would agree that dismissal of their claims, without prejudice, would be within the Court's authority.

**IV.   CONCLUSION**

For the reasons set forth above, the PSC respectfully requests that the DSC's motion to dismiss for plaintiffs' failure to comply with Court-ordered discovery should be denied without prejudice. An appropriate period should be allowed for plaintiffs to produce PPFs. In fact, many PPFs are expected to be produced in advance of December 2, 2009. Thereafter, a Rule to show cause should issue as to any remaining plaintiffs for them to have one last opportunity to establish their bonafide intention to comply with PTO No. 11 and produce a PPF. Only at that time, if there is a demonstrated failure to comply with this Court's efforts to obtain compliance, is dismissal

3

warranted.

                                                  Respectfully submitted,

Dated: November 25, 2009              /s/ Russ M. Herman
                                                  Russ M. Herman, Esquire
                                                  Leonard A. Davis, Esquire
                                                  HERMAN, HERMAN, KATZ & COTLAR, LLP
                                                  820 O'Keefe Avenue
                                                  New Orleans, Louisiana 70113
                                                  Phone: (504) 581-4892
                                                  Fax: (504) 561-6024
                                                  LDavis@hhkc.com
                                                  *Plaintiffs' Liaison Counsel*
                                                  *MDL 2047*

                                                  Arnold Levin (On the Brief)
                                                  Fred S. Longer (On the Brief)
                                                  Levin, Fishbein, Sedran & Berman
                                                  510 Walnut Street, Suite 500
                                                  Philadelphia, PA 19106
                                                  215-592-1500 (phone)
                                                  215-592-4663 (fax)
                                                  Alevin@lfsblaw.com
                                                  *Plaintiffs' Lead Counsel*
                                                  *MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Dawn M. Barrios | Daniel E. Becnel, Jr. |
| Barrios, Kingsdorf & Casteix, LLP | Becnel Law Firm. LLC |
| 701 Poydras Street, Suite 3650 | P.O. Drawer H |
| New Orleans, LA 70139 | 106 W. Seventh Street |
| Phone: (504) 524-3300 | Reserve, LA 70084 |
| Fax: (504) 524-3313 | Phone: (985) 536-1186 |
| Barrios@bkc-law.com | Fax: (985) 536-6445 |
| | dbecnel@becnellaw.com |

Victor Manuel Diaz  
Podhurst Orseck, P.A.  
25 Flagler Street, 8th Floor  
Miami, FL 33130  
Phone: (305) 358-2800  
Fax: (305) 358-2382  
vdiaz@podhurst.com  

Ervin A. Gonzalez  
Colson, Hicks, Eidson, Colson  
  Matthews, Martinez, Gonzales,  
  Kalbac & Kane  
255 Aragon Avenue, 2nd Floor  
Cora Gables, FL 33134  
Phone: (305) 476-7400  
Fax: (305) 476-7444  
Ervin@colson.com  

Ben W. Gordon, Jr.  
Levin, Papantonio, Thomas, Mitchell  
 Echsner & Proctor, P.A.  
316 S. Baylen Street, Suite 600  
Pensacola, FL 32502  
Phone: (850) 435-7000  
Fax: (850) 435-7020  
bgordon@levinlaw.com  

Hugh P. Lambert  
Lambert and Nelson  
701 Magazine Street  
New Orleans, LA 70130  
Phone: (504) 581-1750  
Fax: (504) 529-2931  
hlambert@lambertandnelson.com  

Bruce William Steckler  
Baron & Budd, P.C.  
3102 Oak Lawn Ave., Suite 1100  
Dallas, TX 75219  
Phone: (214) 521-3605  
Fax: (214) 520-1181  
bsteckler@baronbudd.com  

Gerald E. Meunier  
Gainsburgh, Benjamin, David, Meunier  
 & Warshauer, LLC  
2800 Energy Centre, 1100 Poydras Street  
New Orleans, LA 70163-2800  
Phone: (504) 522-2304  
Fax: (504) 528-9973  
gmeunier@gainsben.com  

Jerrold Seth Parker  
Parker, Waichman, Alonso LLP  
3301 Bonita Beach Road  
Bonita Springs, FL 34134  
Phone: (239) 390-1000  
Fax: (239) 390-0055  
Jerry@yourlawyer.com  

James Robert Reeves  
Lumpkin & Reeves  
160 Main Street  
Biloxi, MS 39530  
Phone: (228) 374-5151  
Fax: (228) 374-6630  
jrr@lumpkinreeves.com  

Christopher Seeger  
Seeger Weiss, LLP  
One William Street  
New York, NY 10004  
Phone: (212) 584-0700  
Fax: (212) 584-0799  
cseeger@seegerweiss.com  

Scott Wm. Weinstein  
Morgan & Morgan  
12800 University Drive, Suite 600  
Ft. Meyers, FL 33907  
Phone: (239) 433-6880  
Fax: (239) 433-6836  
sweinstein@forthepeople.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Jeremy W. Alters
Alters, Boldt, Brown, Rash & Culmo, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@abbrclaw.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

## **CERTIFICATE OF SERVICE**

       I hereby certify that the above and foregoing Plaintiffs' Steering Committee's Response to the Defendants' Steering Committee's Motion to Dismiss for Plaintiffs' Failure to Comply with Court-Ordered Discovery has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, which will serve a notice of the uploading in accordance with the procedures established in MDL 2047, on this 25th day of November, 2009.

                        /s/ Leonard A. Davis
                        Leonard A. Davis
                        Herman, Herman, Katz & Cotlar, LLP
                        820 O'Keefe Ave.
                        New Orleans, LA  70113
                        PH:  (504) 581-4892
                        Fax:  (504) 561-6024
                        ldavis@hhkc.com