UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : : : : : | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |

**THIS DOCUMENT RELATES TO ALL CASES**

## ORDER APPOINTING SPECIAL MASTER

On November 12, 2009, the Court issued a Notice of Intent to Appoint Michael K. Rozen of Feinberg Rozen, LLP as a Special Master in this proceeding under Federal Rule of Civil Procedure 53. No one responded or objected to this appointment. By this Order, the Court formally appoints Mr. Rozen as Special Master. This appointment is made pursuant to Rule 53 and the inherent authority of the Court. The Court sets forth below the circumstances giving rise to the appointment, and the duties and terms of the Special Master's appointment.

**I.     BACKGROUND**

This case arises out of the manufacturing, distribution, sale, and installation of allegedly defective Chinese drywall. In the aftermath of Hurricanes Katrina and Rita, rebuilding put a strain on U.S. building supplies, including drywall. As a result, drywall manufactured in China was imported into the U.S. and used in the construction of homes in the Gulf Coast area and elsewhere. Sometime after installation of the Chinese drywall, homeowners began to complain of emissions of smelly gasses and the corrosion of appliances and certain other components of their homes. Some homeowners also began to complain of headaches, nosebleeds, difficulty breathing and other physical afflictions believed to be caused by the Chinese drywall.

Accordingly, homeowners and some homebuilders began to file suit in both federal and state courts against homebuilders, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall.  Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in the U.S. District Court, Eastern District of Louisiana, before the Honorable Judge Eldon E. Fallon.  The state cases which could not be removed remain where filed, with Florida, Louisiana, Alabama, Mississippi, Virginia, and North Carolina having the most Chinese drywall cases to date.

The instant matter involves a number of parties who are engaged at various stages of the litigation.  Trials are to commence within two months.  It is apparent that some or all parties are interested in exploring a global resolution of the matter as it affects them at this stage of the proceeding.  Accordingly, the Court has determined that it is necessary at this time to appoint a special master to explore opportunities for an ultimate resolution of the instant matter as to any and all interested parties.

## II.    SPECIAL MASTER'S DUTIES

Rule 53(a)(1)(A) states that the Court may appoint a special master to "perform duties consented to by the parties."  Further, Rule 53(b)(2)(A) directs the Court to set forth "the master's duties, including any investigation or enforcement duties, and any limits on the master's authority under Rule 53(c)."  Pursuant to the order of the Court, Special Master Rozen shall carry out those tasks he deems appropriate to fully explore opportunities for an ultimate resolution between the various parties.

### III. COMMUNICATIONS WITH THE PARTIES AND THE COURT

In accordance with Rule 53(b)(2)(B), the Court sets forth the circumstances in which the master may communicated *ex parte* with the court or a party as follows: The Special Master in this proceeding is authorized to communicate *ex parte* with the Court and parties, without notice, as he deems appropriate.

### IV. SPECIAL MASTER'S RECORD

Pursuant to Rule 53(b)(2)(C), the Court defines the nature of the materials to be preserved and filed as to the record of the master's activities:  The Special Master in this proceeding shall maintain normal billing records of time spent on this matter with reasonable detailed descriptions of his activities.  If the Court asks the Special Master to submit a formal report, the Special Master shall submit such report in writing for electronic filing on the case docket.

### V. COMPENSATION

The Special Master shall incur only such fees and expenses as may be reasonably necessary to fulfill his duties under this Order or such other Orders as the Court may issue.  Fees and expenses for the Special Master shall be arranged among the parties.

New Orleans, Louisiana, this __24th__ day of November, 2009.

ELDON E. FALLON
UNITED STATES DISTRICT JUDGE