

LAW OFFICES OF
RICHARD J. SERPE, P.C.

August 10, 2009

**HAND DELIVERED**

George E. Schaeffer, III, Clerk
Norfolk Circuit Court
125 St. Paul's Blvd.
Norfolk, VA 23510

CL09-5167

Re:  Lawrence Ward v. Peak Building Corporation, et al,

Dear Mr. Schaeffer:

Enclosed please find the following:

1. Original and two copies of a Complaint in the above-referenced matter;

2. This firm's check payable to the Clerk, Norfolk Circuit Court in the amount of $204.00 representing payment of the filing fee; and

3. Original Cover Sheet for Filing Civil Actions.

We will be having the Complaint served upon the following Defendants by Driskell Services, a private process server. Please contact the undersigned when the service copies are available for pick up.

Peak Building Corporation
Stone Development, L.L.C.

We will NOT be serving the Complaint on the remaining defendants at this time.

Should you have any questions, please do not hesitate to contact our office.

Sincerely yours,

LAW OFFICES OF RICHARD J. SERPE, P.C.

Richard J. Serpe

RJS/ric
Enclosures

Service Issue

8.13.09 PB

580 E. Main Street • Suite 310 • Norfolk, VA 23510-2322 • Phone: (757) 233-0009 • Toll Free: (877) 544-5323 • Fax: (757) 233-0455 • www.serpefirm.com

**COVER SHEET FOR FILING CIVIL ACTIONS**
COMMONWEALTH OF VIRGINIA

Case No. CL09 5167
(CLERK'S OFFICE USE ONLY)*

................................ Norfolk ................................ Circuit Court

Lawrence Ward    v./In re:    Peak Building Corporation, et al,
PLAINTIFF(S)                                  DEFENDANT(S)

I, the undersigned [ ] plaintiff [ ] defendant [×] attorney for [×] plaintiff [ ] defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate by checking box that most closely identifies the claim being asserted or relief sought.)

| | | |
|---|---|---|
| [ ] Accounting | [ ] Construe Will | [ ] Landlord/Tenant |
| [ ] Administrative Appeal | [ ] Contract Action | [ ] Mechanics Lien |
| [ ] Adoption | [ ] Contract Specific Performance | [ ] Medical Malpractice |
| [ ] Adoption - Foreign | | [ ] Motor Vehicle Tort |
| [ ] Adult Protection | [ ] Correct/Erroneous State/Local Taxes | [ ] Name Change |
| [ ] Aid and Guidance | | [ ] Order to Sever |
| [ ] Annexation | [ ] Counterclaim | [ ] Partition |
| [ ] Annulment | [ ] Cross Claim | [ ] Petition |
| [ ] Appeal Decision of ABC Board | [ ] Custody/Visitation/Support/ Equitable Distribution | [ ] Product Liability |
| [ ] Appeal Decision of Board of Zoning | | [ ] Quiet Title |
| [ ] Appeal Decision of Comp Board | [ ] Declaratory Judgment | [ ] Referendum Elections |
| [ ] Appeal Decision of Employment Commission | [ ] Declare Death | [ ] Reformation of Trust |
| | [ ] Delinquent Taxes | [ ] Reinstatement of Driving Privileges |
| [ ] Appeal Decision of Local Government | [ ] Detinue | |
| | [ ] Divorce | [ ] Reinstatement (General) |
| [ ] Appeal Decision of Marine Resources Commission | [ ] Ejectment | [ ] Removal |
| | [ ] Encumber/Sell Real Estate | [ ] Separate Maintenance |
| [ ] Appeal Decision of Voter Registration | [ ] Enforce Vendor's Lien | [ ] Standby Guardian/ Conservator |
| | [ ] Escheat | |
| [ ] Appointment of Church Trustee, Substitute Fiduciaries | [ ] Establish Boundaries | [ ] Termination of Mineral Rights |
| | [ ] Expunge | |
| [ ] Approval of Right to be Eligible to Vote | [ ] Forfeiture of U.S. Currency | [ ] Unlawful Detainer |
| | [ ] Freedom of Information | [ ] Vehicle Confiscation |
| [ ] Asbestos Litigation | [ ] Garnishment | [ ] Will Contested |
| [ ] Attachment | [ ] General Tort Liability (other than motor vehicle) | [ ] Writ of Certiorari |
| [ ] Bond Forfeiture Appeal | | [ ] Writ of Habeas Corpus |
| [ ] Child Abuse and Neglect - Unfounded Complaint | [ ] Grievance Procedures | [ ] Writ of Mandamus |
| | [ ] Guardian/Conservator Appointment | [ ] Writ of Prohibition |
| [ ] Civil Contempt | | [ ] Writ of Quo Warranto |
| [ ] Claim Impleading Third Party Defendant | [ ] Impress/Declare a Trust | [ ] Wrongful Death |
| | [ ] Injunction | [ ] Other |
| [×] Complaint - (Miscellaneous) | [ ] Interdiction | |
| [ ] Compromise Settlement | [ ] Interrogatory | |
| [ ] Condemnation | [ ] Intentional Tort | |
| [ ] Confessed Judgment | [ ] Judgment Lien-Bill to Enforce | |
| [ ] Conservator of Peace | [ ] Judicial Review | |

[×] Damages in the amount of $ 2,000,000.00 ................ are claimed.

August 2009

DATE          [ ] PLAINTIFF    [ ] DEFENDANT          [×] ATTORNEY FOR  [×] PLAINTIFF
                                                                              [ ] DEFENDANT

Richard J. Serpe, Esq.
PRINT NAME

Law Offices of Richard J. Serpe, P.C., Crown Center, 580 East Main Street, Suite 310, Norfolk, VA 23510

ADDRESS /TELEPHONE NUMBER OF SIGNATOR          * See reverse side for Civil Action Type Codes
                                                                         - for Clerk's Office Use Only
FORM CC-1416 (MASTER) PAGE ONE 11/07

**VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF NORFOLK**

LAWRENCE WARD,

       Plaintiff,

v.

PEAK BUILDING CORPORATION,
Serve:    Steven E. Paland, Registered Agent
          308 Sturgeon Lane
          Virginia Beach, VA 23456

Case No. CL09 5167

and

STONE DEVELOPMENT, L.L.C.,
Serve:    Harry R. Purkey, Jr., Registered Agent
          303 34th Ste. 5
          Virginia Beach, VA 23451

and

VENTURE SUPPLY INC.,
Serve:    Richard E. Biemiller, Registered Agent
          Convergence Center IV
          301 Bendix Rd., Ste 500
          Virginia Beach, VA 23452

and

THE PORTER-BLAINE CORP.,
Serve:    Richard E. Biemiller, Registered Agent
          Convergence Center IV
          301 Bendix Rd., Ste 500
          Virginia Beach, VA 23452


LAW OFFICES OF
RICHARD J. SERPE, P.C.

and

TOBIN TRADING, INC.,
Serve:    Phillip W. Perry, Jr., Registered Agent
          5008 Gatehouse Way
          Virginia Beach, VA 23455

       Defendants.

## COMPLAINT

NOW COMES the Plaintiff, Lawrence Ward (the "Plaintiff"), by counsel, who files his Complaint against Venture Supply, Inc. ("Venture"), Tobin Trading, Inc. ("Tobin"), The Porter-Blaine Corp. ("Porter-Blaine"), Peak Building Corporation ("Peak"), and Stone Development, L.L.C. ("Stone"), and respectfully state as follows:

## INTRODUCTION

1. The Plaintiff brings this action because his family home located at 214B 80th Street, Virginia Beach, Virginia 23451 (the "Home") was built with defective drywall by Peak and Stone (these Defendants will be referred to collectively in this suit as the "Builder / Developer Defendants").

2. The defective drywall installed in the Plaintiff's home was designed, manufactured, exported, imported, distributed, delivered, supplied, inspected, marketed, sold and/or installed by Venture, Porter-Blaine and Tobin (these Defendants will be referred to collectively in this suit as the "Manufacturer / Supplier Defendants").

3. Defendant Venture is a Virginia corporation with its principal place of business located at 1140 Azalea Garden Road, Norfolk, Virginia, 23502.

4. Venture imported, distributed, delivered, supplied, inspected, marketed, and/or sold defective drywall to builders.


LAW OFFICES OF
RICHARD J. SERPE, P.C.

2

5. Defendant Peak is a Virginia corporation with its principal place of business located at 308 Sturgeon Lane, Virginia Beach, Virginia 23456.

6. Defendant Stone is a Virginia limited liability corporation with its principal place of business located at 1201 Yancey Circle, Virginia Beach, VA 23454.

7. Defendant Tobin is a Virginia corporation with its principal place of business located at 5008 Gatehouse Way, Virginia Beach, Virginia, 23455.

8. Tobin imported, distributed, delivered, supplied, inspected, marketed and/or sold defective drywall at issue in this case.

9. Defendant Porter-Blaine is a Virginia corporation with its principal place of business located at 1140 Azalea Garden Road, Norfolk, Virginia, 23502.

10. Porter-Blaine, which shares an address with Venture, is one of Venture's drywall installation contractors. Porter-Blaine installed the defective Chinese drywall in Plaintiff's home, which has resulted in harm and damages to the Plaintiff as described herein.

11. The drywall, used in the Plaintiff's family home, is inherently defective because it emits various sulfide gases and/or other toxic chemicals through "off-gassing" that create noxious odors and cause damage and corrosion (the "Defect") to the structural, mechanical and plumbing systems of the Plaintiff's home such as the framing, heating, air-conditioning and


LAW OFFICES OF
RICHARD J. SERPE, P.C.

3

ventilation ("HVAC") units, refrigeration coils, copper tubing, faucets, metal surfaces, electrical wiring, and computer wiring, as well as personal and Other Property such as microwaves, utensils, electronic appliances, jewelry, and other household and personal property items (the "Other Property").

12. The compounds emitted by the drywall at issue are also capable of, among other things, harming the health of individuals subjected to prolonged exposure. These chemical compounds cause and have caused dangerous health consequences including, among other things, allergic reactions, respiratory afflictions, sinus and bronchial problems requiring medical attention, including health effects suffered by the Plaintiff.

13. The Defendants knew, had reason to know, and/or should have known the corrosive and damaging effect of the defective drywall installed in the Plaintiff's family home.

14. The Defect existed in Defendants' drywall at the time of installation regardless of the way the product was installed, maintained, and/or painted and continues without interruption to this date and will continue beyond this date. There is no repair (other than complete removal and replacement of all affected structures) that will correct the Defect.

15. At all times herein mentioned, each of the Defendants were acting in concert with one another and was the agent, servant, partner, aider and abettor, co-conspirator and/or joint venturer of each of the other Defendants


LAW OFFICES OF
RICHARD J. SERPE, P.C.

4

herein and was at all times operating and acting within the purpose and scope of said agency, service, employment, partnership, conspiracy and/or joint venture and rendered substantial assistance and encouragement to the other Defendants, knowing that their collective conduct constituted a breach of duty owed to Plaintiff.

## COUNT I
## BREACH OF CONTRACT
### (Against Stone)

16. The Plaintiff incorporates and restates all preceding paragraphs as if fully set forth herein.

17. The Plaintiff offered, and Stone accepted, sums of money in exchange for an agreement to purchase a home (the "Contract").

18. Upon information and belief, the Contract entered into by the Plaintiff for his family home impliedly and expressly warranted that the home would be free from Defects.

19. The presence of defective drywall, which "off-gasses" sulfur and other toxic chemicals is a material breach of the duties Stone owed to the Plaintiff pursuant to the Contract.


LAW OFFICES OF
RICHARD J. SERPE, P.C.

20. As a direct consequence of the material breaches of the Contract described above, the Plaintiff has sustained substantial damages set forth herein.

5

## COUNT II
### BREACH OF EXPRESS WARRANTY
(Against the Builder / Developer Defendants)

21. The Plaintiff incorporates and restates all preceding paragraphs as if fully set forth herein.

22. The Builder / Developer Defendants warranted that the Property and all its fixtures were free from structural defects, constructed in a workmanlike manner and fit for habitation.

23. By distributing, delivering, supplying, inspecting, installing, marketing, and selling a defective, unsafe, and poorly manufactured drywall product, and installing it on the Property, the Builder / Developer Defendants have materially breached their express warranties.

24. The Plaintiff provided the Builder / Developer Defendants all required notices of the breach of the warranties and requested that the Builder / Developer Defendants remedy the same.

25. The Plaintiff relied on these express warranties to his detriment.

26. As a direct result of this breach of express warranties, personal injury and personal and real property damages have been, and continue to be, incurred by the Plaintiff as set forth herein.


LAW OFFICES OF
RICHARD J. SERPE, P.C.

## COUNT III
## BREACH OF IMPLIED WARRANTIES
### (Against all Defendants)

27. The Plaintiff incorporates and restates all preceding paragraphs as if fully set forth herein

28. When Defendants distributed, delivered, supplied, inspected, installed, marketed, or sold their defective drywall to the Plaintiff, Defendants implicitly warranted that the product was safe, efficacious, well tested, and of high quality.

29. By distributing, delivering, supplying, inspecting, installing marketing and selling a defective, unsafe and poorly manufactured drywall product, and installing it on the Property, Defendants have breached their implied warranties. The Plaintiff provided the Defendants all required notices of the breach of the warranties and requested that the Defendants remedy the same.

30. These implied warranties were relied on by the Plaintiff because it is understood that the Defendants have knowledge as to the quality, safety, and efficacy of the drywall they distribute, deliver, supply, inspect, install, market and sell.

31. As a direct result of the breach of implied warranties, personal injury and personal real property damages have been, and continue to be, incurred by the Plaintiff as set forth herein.


LAW OFFICES OF
RICHARD J. SERPE, P.C.

7

## COUNT IV
## NEGLIGENCE
### (Against all Defendants)

32. The Plaintiff incorporates and restates all preceding paragraphs as if fully set forth herein.

33. Defendants owed a duty to the Plaintiff to exercise reasonable care in the distributing, delivering, supplying, inspecting, installation, marketing, and/or selling drywall, including a duty to adequately warn of its failure to do the same and to warn the Plaintiff of this Defect. Defendants' foreseeable duties include, but are not limited to the following:

<ol type="a">
<li>using reasonable care in the distributing of the drywall to prevent it from containing the Defect as set forth herein;</li>
<li>using reasonable care in the delivering of the drywall to prevent it from containing the Defect as set forth herein;</li>
<li>using reasonable care in the supplying of the drywall to prevent it from containing the Defect as set forth herein;</li>
<li>using reasonable care in the inspecting of the drywall to prevent it from containing the Defect as set forth herein;</li>
<li>using reasonable care in the installation of the drywall to prevent it from containing the Defect as set forth herein;</li>
<li>using reasonable care in the marketing of the drywall to prevent it from containing the Defect as set forth herein;</li>
</ol>


LAW OFFICES OF
RICHARD J. SERPE, P.C.

8

g. using reasonable care in the selling of the drywall to prevent it from containing the Defect as set forth herein;

h. using reasonable care to warn of Defendants' failure to use reasonable care in any of the above circumstances;

i. using reasonable care to warn, give adequate warning, and/or instruct the Plaintiff of all latent dangers and defects;

j. recalling, or otherwise notifying the Plaintiff, at the earliest date that it became known that the drywall used in his family home was dangerous and defective;

k. recommending the use of drywall with sufficient knowledge as to its manufacturing defect and dangerous propensities;

l. not misrepresenting that the drywall was safe for its intended purpose, when, in fact, it was not;

m. not distributing, delivering, and/or supplying drywall in a manner which was dangerous to its intended and foreseeable users;

n. not concealing information from the Plaintiff regarding reports of adverse effects associated with drywall;



o. otherwise exercising reasonable care in the distributing, delivering, supplying, inspecting, marketing, and/or selling drywall to prevent it from containing the Defect as set forth herein; and/or

p. Defendants were negligent and breached their duty to exercise reasonable care in the distribution, delivery, supply, inspections,

9