

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | :MDL NO. 2047<br>:Section L<br>: |
| This Document Relates to<br>Germano, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co. Ltd., et al. Case No. 2:09-cv-6687 (E.D. La.) | :JUDGE FALLON<br>:MAG. JUDGE WILKINSON |

### VENTURE SUPPLY, INC. AND THE PORTER-BLAINE CORPORATION'S OBJECTION TO APPARENT STIPULATION OR AGREEMENT BETWEEN DSC AND PSC

Venture Supply, Inc. ("Venture") and The Porter-Blaine Corporation ("PB"), by counsel, pursuant to this Court's Pre-Trial Order, hereby note their objection to the apparent stipulation or agreement between the DSC and the PSC relating to the scheduling of default judgment damage trials in the Germano action for the following reasons:

1.  At the Court's Status Conference of November 19, 2009, the PSC, without objection by the DSC, brought up the issue of scheduling in January or February, 2010, default judgment damage trials relating to seven homes in Virginia purportedly covered by the Germano class action. This issue was not in the Joint Report No. 5 or in the Agenda submitted by the DSC and the PSC relating to the November 19th hearing. Therefore, counsel for Venture and PB had no formal notice that the issue would be brought up at the hearing. In fact, no one from the PSC or DSC contacted counsel to give them informal notice that the issue might arise.

2.  The first time the Germano action came up was during the conference call with DSC the evening of November 18th. In that call, the DSC mentioned that the plaintiffs were moving for default against Taishan and that they were considering selecting a few Virginia cases

for trials.  However, it was never mentioned that this issue would be addressed in the hearing on the 19th, or that there was an apparent agreement between the DSC and the PSC.  Prior to that time, not one of the defense attorneys involved in the <u>Germano</u> action was informed that the <u>Germano</u> action was the subject of discussions between the PSC and the DSC or that it would come up at the November 19th hearing.

3. Counsel for Venture and PB had planned to attend the hearing.  However, the PSC's motion for an expedited hearing on its' Motion to Compel directed at Venture and PB was denied by this Court.  The DSC informed counsel for Venture and PB that the "meet and confer" occurring on November 18th related solely to the PSC and DSC's cross-motions to compel and did not relate to the motions to compel directed at Venture and PB.  Instead, counsel was told to work this out separately with counsel for the Virginia plaintiffs.  Accordingly, counsel for Venture and PB cancelled their reservations and so informed the PSC through Richard Serpe.  (See attached e-mail, Exhibit 1).  The PSC, therefore, knew that counsel for Venture and PB would not be present at the hearing on the 19th and that it could "blind-side" Venture and PB at this hearing.

4. Venture and PB understand from the hearing that what was discussed were bench trials on damages solely related to the default of Taishan.  To the extent that these trials have no binding effect on the other defendants in the case, are not considered res judicata or collateral estoppel with respect to damages, and are solely to set a number for a judgment against Taishan, Venture and PB do not object.  However, to the extent these default judgment damage trials in any way bind the other defendants in the case, Venture and PB strongly object for the following reasons:

    a. The seven named plaintiffs all have individual state court actions in the Circuit Court for the City of Norfolk, each seeking personal injury damages and each seeking separately $2 million.  Accordingly, they do not qualify for the initial trials desired by this Court.

    b. The individual state court actions involve 3 different sets of builder/developer defendants who are not a part of the <u>Germano</u> class action.  Therefore, these plaintiffs would be splitting their causes of action.  How could a default judgment damage trial in a federal court action have any bearing or be binding on defendants in a state court action who are not a part of the federal court action?

    c. <u>Germano</u> is a class action suit.  It has not been certified and it would not be so under the law.  Venture and PB object to these actions proceeding prior to a certification hearing and finding under Rule 23(c).  These are not individual actions filed by the seven Virginia plaintiffs, because if they were there would be no federal court jurisdiction. (Lack of complete diversity).  Therefore, until the class is certified, this Court lacks subject matter jurisdiction to handle individual damage trials involving the class members that would somehow bind the other defendants who are not in default.

    d. Plaintiffs' counsel has informed defense counsel on more than one occasion that the Virginia trials would not be the subject of early trials, because they would never waive their personal injury claims.  Given these statements and the existence of the separate state court actions which seek personal injury damages, the defendants are reluctant to believe that these plaintiffs have actually waived any personal injury claims.

    e. This Court lacks subject matter jurisdiction over the <u>Germano</u> action for the reasons set forth in the defendants' 12(b)(1) motions and memoranda.  It seems inconceivable that a plaintiff may sue a party over whom he knows he will never obtain

jurisdiction solely to secure federal court jurisdiction; that the case is then transferred to an MDL; and that the case is then placed on a fast track ahead of hundreds of other cases already pending in this Court. The Court has the duty to inquire into its subject matter jurisdiction. Generally, McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936)(Court has duty to inquire into jurisdiction); see also, Gaines v. Baltimore & C.S.S. Co., 234 F. 786, 789 (E.D.S.C. 1916)(same); Mission Insurance Company v. Brown, 207 F. Supp. 818, 819-20 (W.D. Mo. 1962)(same).[1]

---

[1] As part of its duty to ascertain the scope of its subject matter jurisdiction, a Court also needs to inquire whether there is personal jurisdiction over a defaulting defendant. Primus Telecommunications Center v. Toshiba of Europe, Ltd., 2009 U.S. Dist. LEXIS 104207 (E.D. Va. 2009):

> In order for this Court to exercise personal jurisdiction over defaulting defendant Vest, two requirements must be satisfied. *CFA Institute v. Institute of Chartered Financial Analysis of India*, 551 F.3d 285, 292 (4th Cir. 2009). First, Virginia's long-arm statute must authorize the exercise of such jurisdiction. *Id*. Second, the Due Process Clause of the Fourteenth Amendment requires that defaulting defendant have sufficient minimum contacts with the forum state. *Id*. Specifically, defaulting defendant Vest's conduct must have such a connection with Virginia that it is fair for Vest to be required to defend himself in a court in the Commonwealth. *See Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414-15, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984).

Therefore, the Plaintiffs will need to show that this Court has personal jurisdiction over Taishan in order to proceed to a trial on the issue of damages. Should it not have personal jurisdiction, the Court would lack subject matter jurisdiction and the case would require dismissal.

In addition, the scope and effect of the alleged default will need to be explored by the Court. Taishan was allegedly served with the first Amended Complaint, which was a class action on behalf of citizens of Virginia. After service, the Plaintiffs amended the Amended Complaint to be a class action on behalf of citizens the United States. There is no indication that the second Amended Complaint was served on Taishan. Under Rule 15(a)(3), Taishan has 10 days after service of the second Amended Complaint to file an answer. Accordingly, it is really not in default, especially because the only complaint served on it – the First Amended Complaint – is no longer of effect because it was amended.

Second, under Rule 54(c), "A judgment by default shall not be different in kind or exceed in amount that prayed for in the demand for judgment." The Fourth Circuit has interpreted this Rule as follows:

> However, the language of the Rule follows the language of similar state statutes, and those statutes have given a two–fold construction to the language by treating the disjunctive phrase "different in kind or exceed in amount" as requiring that the relief available on default be such as is "within the fair scope of the allegations of the complaint" and, when money judgment is sought, the "specific amount demanded." 47 Am.Jur.2d § 1176, p. 199; Pueblo Trading Co. v. El Camino Irr. District (9th Cir. 1948), 169 F.2d 312, 313, cert. denied, 335 U.S. 911, 69 S. Ct. 482, 93 L. Ed. 444 (1949)("went beyond the scope of the complaint, and to the extent the judgment being by default, was a nullity"); Hutchins v. Priddy (W.D.Mo. 1952), 103 F. Supp. 601, 605-06; Tarnoff v. Jones

    f.  There are 12(b)(6) motions pending before this Court which, under Virginia law, will limit the damages to personal injury or injury to other property (similar to the economic loss arguments advanced to this Court relating to Florida and other jurisdictions). Therefore a trial on "remediation of the homes" is not necessary.

    g.  The plaintiffs have refused to answer any discovery in the state court actions and, for some of them, motions to compel have already been filed. The plaintiffs have not yet submitted profile forms in this action, and have not answered the DSC's interrogatories and requests for production of documents. The defense has no clue as to (1) the damages claimed by each plaintiff; (2) the experts who will allegedly prove those damages and their opinions; or (3) any information relevant to each of the plaintiffs' homes.

    h.  Venture and PB also understand that other defendants from other jurisdictions may be allowed to "intervene" in the action and participate in the trial on the issue

---

(1972), 17 Ariz.App. 240, 497 P.2d 60, 65; Kohlenberger, Inc. v. Tyson's Foods, Inc. (1974), 256 Ark. 584, 510 S.W.2d 555, 560-61 and 567; Park Ave. Lumber & Supply Co. v. Nils A. Hofverberg, Inc. (1966), 76 Ill. App. 2d 334, 222 N.E.2d 49, 54 ("(o)ne has a right to assume the relief granted on default will not exceed or substantially differ from that described in the complaint, and he may safely allow a default to be taken in reliance upon this assumption"); Sullivan v. Miller (1975), 26 Md. App. 189, 337 A.2d 185, 189; Servco Equipment Co. v. C.M. Lingle Co. (Mo. App. 1972), 487 S.W.2d 869, 872; Hopkins v. Hopkins (1975), 266 S.C. 23, 23, 221 S.E.2d 113 ("(a) defendant who is in default for a failure to answer has the right to assume that the judgment will be limited to the cause of action stated in the complaint"); International Food Equipment Co. v. Waller (1963), 86 Idaho 94, 383 P.2d 612, 616 ("(i)n a default action a plaintiff is limited to allegations of his complaint although it contains prayer for general relief"); Meir v. Walton (1969) 6 N.C. App. 415, 170 S.E.2d 166, 168; 47 Am.Jur.2d § 1176, p. 199 ("although plaintiff's prayer for relief cannot extent the relief to which he is entitled in a judgment by default, beyond the fair scope of the allegations of the complaint, the general rule is that relief granted in a judgment by default must be, not only within the fair scope of the allegations of the complaint, but also within the fair scope of the prayer thereof")

These statements accord with the rule followed in federal courts long prior to the adoption of the Rule in question. Thomson v. Wooster (1885), 114 U.S. 104, 110, 5 S.Ct. 788, 29 L.Ed. 105

Compton v. Alton Steamship Co., 608 F. 2d 96, 104 n. 16 (4th Cir. 1979)

Accordingly, in examining its subject matter jurisdiction (because a default judgment exceeding the served complaint would be void), the Court must inquire as to whether the default judgment could possibly include citizens of the United States. To the extent the plaintiffs suggest that the default judgment is on the first Amended Complaint which just involved the citizens of Virginia, as noted above that Amended Complaint is of no legal effect because this Court granted leave to amend that Complaint by interlineation and it has been so amended.

of damages. To the extent that the damages or findings in the trials in any way bind Venture and PB, they object to formal participation by other parties who have no economic stake in the trials and do not have standing to be part of the Germano action. This is especially true in that the default judgment is probably only effective as to the citizens of the Commonwealth of Virginia. (See footnote 1, supra).

5.      Accordingly, to the extent the default judgment damage trials effects any of the other defendants in the Germano action in any way, Venture and PB object to the stipulation or agreement reached by the DSC and PSC; object to proceeding with default judgment trials with respect to the Virginia actions; object to the timing of these trials in that the Germano action was just brought into these consolidated proceedings; object to the formal participation of non-parties; and object to the PSC's raising of this issue at the November 19th hearing without any notice and in violation of due process to the defendants Venture and PB.

**WHEREFORE**, Venture and PB request for the relief sought herein, and for such other relief as the Court may deem just.

This the 20th day of November, 2009.

    Respectfully submitted,

By: _____/s/_____

    Mark C. Nanavati, Esquire (VSB #38709)
    Kenneth F. Hardt, Esquire (VSB # 23966)
    Sinnott, Nuckols & Logan, P.C.
    13811 Village Mill Drive
    Midlothian, Virginia 23114
    (804) 378-7600 ext. 3311 or 3316
    (804) 378-2610 (fax)
    khardt@snllaw.com
    mnanavati@snllaw.com
    *Attorneys for Defendants Venture Supply Inc.*
    *and The Porter-Blaine Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Notice of Appearance and Request for Service of All Documents and Pleadings has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 20th day of November, 2009.

_____/s/_____

Kenneth F. Hardt