
Nov 13 2009
2:22PM

# EXHIBIT 9

**Sara V. Theile**

**From:** Kenneth F. Hardt [khardt@snllaw.com]
**Sent:** Friday, October 02, 2009 4:27 PM
**To:** 'Richard Serpe'
**Cc:** 'John Franklin, III'; tbrenner@beylaw.com; 'Mark C. Nanavati'; 'Christopher Wiemken'; 'Alexander S. de Witt'; 'Brian Slaughter'; 'Sara V. Theile'
**Subject:** Discovery responses in Sakony, Morgan, Baldwin and Galgano

Sinnott Nuckols & Logan, PC
ATTORNEYS AT LAW

Home | About Us | Directory | Publications | Contact Us | Directions

Richard. I have received your responses to the discovery in the above matter, and have the following comments.

1. These actions are not part of the MDL and never will be. They are individual state court actions which you felt inclined not to join in the Germano class action suit. If Germano gets transferred to Louisiana, it will be the only action from Virginia governed by Judge Fallon's rulings on discovery and disclosure. Therefore, your General Statement, which is really an objection to answering any discovery, is not appropriate. Please answer the discovery directed to your individual clients, their homes, and their alleged damages.

2. Your objection to Interrogatory No. 8 is unfounded. Your clients are seeking attorney's fees and costs in these actions. Unless and until the claim seeking fees (Virginia Consumer Protection Act) is dismissed, the interrogatory seeks relevant information that must be disclosed.

3. Your objection to Request No. 1 is not well taken. Certainly documents relating to your client's purchase of the home they allege contains defective building materials are relevant.

4. Your objection to Request No. 2 again is not well taken. Why are we not entitled to, for example, photographs, blueprints or diagrams of the homes they allege is damaged by the drywall?

5. Your objection to Request No. 8 is equally not well taken. We have asked for all non-privileged documents relating to your client's homes and complaints about drywall. Why is this overly broad or burdensome? If the Sakony's, for example, wrote a letter to the CPSC complaining about the drywall and noting specific complaints, that certainly is discoverable.

6. As to Request No. 12 and attorney's time sheets, see my comments above in para. 2. These are routinely produced in actions seeking attorney's fees, especially when you have the burden of proving that the time expended was reasonable, and we have the opportunity to challenge that evidence.

7. The same with Request No. 13. We are entitled to know the fee arrangement you have with your clients with respect to the attorney fee claim.

8. As to Request No. 14, you may be reading it wrong. We are asking for communications from your client or you to other attorneys who are handling claims, not your client's claims. I'm not sure how this is protected.

9. With respect to Request No. 17, why is it not relevant if your clients spoke or communicated with the media? It certainly is not privileged and the media may not have published everything your clients said, so it is not equally available to the defense.

10. As to Request No. 18, it would be relevant to discover media reports, etc., that are in the possession of your clients. If, for example, they alleged they moved out because of all the reports of problems, why would the reason for them moving out not be discoverable? It may also relate to a mitigation issue.

Please reconsider your responses and provide answers to the discovery directed to your clients. We obviously will get this information at some date, no matter what happens with the MDL or your suggestion of consolidation. If you would like to discuss these, please let me know.

Ken

Bio
V-card
Sinnott Nuckols & Logan, PC
Kenneth F. Hardt
Esquire
khardt@snllaw.com
(804) 378-7600
Extension 3311
Fax: (804) 423-5424
13811 Village Mill Drive, Midlothian, VA 23114-4365
www.snllaw.com

*Confidentiality Notice*

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

**Kenneth F. Hardt**

**From:** Kenneth F. Hardt [khardt@snllaw.com]
**Sent:** Wednesday, October 21, 2009 4:29 PM
**To:** 'Richard Serpe'
**Cc:** 'Mark C. Nanavati'; 'Sara V. Theile'; 'tbrenner@beylaw.com'; 'Brian Slaughter'; 'John Franklin, III'; 'Alexander S. de Witt'; 'Christopher Wiemken'
**Subject:** Discovery

Richard...I've reviewed your objections in Sakowski, Orlando, Ward, Heischober, Edmonds and Gulledge. They are the same objections and general statements about the MDL as with your earlier responses in other cases. I take it that this means you are not going to provide answers to the basic questions asked, like damages, information about complaints, personal injury information, etc.

Let me reiterate my earlier e-mail to you. These state court plaintiffs are not part of the MDL and are not governed by Judge Fallon's orders relating to discovery, profile forms and the like. It seems like almost daily Venture and Porter-Blaine are named in a new state court suit as defendants. Each suit exposes my clients to $2 million more in damages. If you don't want to have to answer discovery, then stop filing state court actions and rely on your class actions, which we believe are meritless, including the new one in New Orleans which apparently was filed on behalf of everyone in the United States. However, if you chose to continue to file state court actions, we intend to rely on the discovery rules adopted by the Virginia Supreme Court.

Accordingly, we feel we have no choice but to file the appropriate motions to compel in each of these actions. To the extent we have to seek more than one order relating to discovery – that is, should the court addressing the first motion to compel grant our motion and you refuse to provide answers in all of the other cases until so ordered in those cases – we will seek fees and costs associated with those motions.

If you would like to discuss this, please let us know.

Thanks.....Ken

Confidentiality Notice

## Kenneth F. Hardt

**From:** Kenneth F. Hardt [khardt@snllaw.com]
**Sent:** Wednesday, October 21, 2009 5:02 PM
**To:** 'Richard Serpe'
**Cc:** 'Mark C. Nanavati'; 'Sara V. Theile'; 'tbrenner@beylaw.com'; 'John Franklin, III'; 'Brian Slaughter'; 'Alexander S. de Witt'; 'Christopher Wiemken'
**Subject:** Discovery

Richard…one other point on discovery. I am told you sent out discovery to Wellington and American Eastern in the Morgan case on September 30, 2009, a day after you sent the first batch of objections to our discovery with the MDL language. Does this mean that you expect the defendants to comply with the state discovery rules, but the Plaintiffs are free to ignore discovery?? Please reconsider this issue. Thanks…Ken

*Confidentiality Notice*
[illegible]