
28036308
Nov 13 2009
2:22PM

# EXHIBIT 10



**Herman, Herman, Katz & Cotlar**
L.L.P.
Attorneys at Law

820 O'Keefe Avenue, New Orleans, Louisiana 70113-1116
Telephone: (504) 581-4892  Facsimile: (504) 561-6024
HTTP://WWW.HHKC.COM

Harry Herman (1914-1987)
Russ M. Herman*
Maury A. Herman*
Morton H. Katz*
Sidney A. Cotlar*
Steven J. Lane
Leonard A. Davis*
James C. Klick†

Stephen J. Herman
Brian D. Katz
Soren E. Gisleson

Joseph E. Cain
Jennifer J. Greene‡
John S. Creevy
Jeremy S. Epstein
Joseph A. Kott, M.D. J.D. (Of Counsel)

Offices in New Orleans and Covington, Louisiana

* A Professional Law Corporation
† Also Admitted in Texas
‡ Also Admitted in Arkansas

This Firm and its Partners Are Also Partners in Herman Gerel, LLP (Formerly Herman, Mathis, Casey, Kitchens & Gerel, LLP)

October 21, 2009

Kerry Miller, Esq.
Frilot, LLC
1100 Poydras Street
Suite 3700
New Orleans, LA 70163

Re: *Defendants' First Set of Interrogatories to Plaintiffs and Defendants' First Set of Requests for the Production of Documents – Meet and Confer*

Dear Kerry:

We are in receipt of the above-captioned discovery and your email request for a schedule for our responses. We share your interest and the Court's interest in timely completing sufficient discovery to allow you to make your selection for the second property damage only test Plaintiff trial case (defense pick). The bellwether trial process was used effectively by Judge Fallon in *Vioxx* and *Propulsid*, and it allowed the parties to concentrate on preparing test cases for trial.

Our review of the discovery the defendants have served is that it needs to be narrowed to address the issues solely related to accomplish the selection of cases for defendants' bellwether test plaintiff. We are available immediately to meet and confer with you on this discovery and the responding party(ies) should be ready to respond in the expedited period after we meet and confer, and work out an agreement. The PSC provided defendants a draft of our discovery prior to service back in September and found that process helpful. We would have appreciated a reciprocal opportunity to have met with you prior to the issuance of your discovery.

The Defendants' discovery as written appears to be directed at non parties (persons who have completed a Plaintiff Profile Form ("PPF")) and every Plaintiff in the MDL. We estimate this to be several hundred persons. The Court's stated intentions for PPFs was to facilitate informed case selection. The Court initiated the use of PPFs to avoid blanket discovery in all cases. The Court meant for PPFs to be used to refine the process of case selection by providing defendants sufficient initial information to enable them to select a pool of test cases that would then receive intensive case-specific discovery. Thus, the discovery is over-broad by application.

October 21, 2009
Page 2

     We are also concerned that your discovery is not authorized by the FRCP. For example, Interrogatory # 4 and Request for Production # 11, taken together, seek data on every appliance in every affected claimant's home; regardless of whether there is a damage claim for such appliances made in this lawsuit. Through the meet and confer process we are confident we can reach agreement on those Interrogatories and Request for Production of Documents which will inform the property damage only test Plaintiff trial selection process and pre-trial preparations.

     As a general matter, we can agree that most of the Defendants' discovery will assist in narrowing the Plaintiff selection process that you will be making for the second trial. There are a few notable exceptions. For example, Interrogatory #12 seeks privileged attorney-client communications that are protected from discovery, and in this case not relevant to the upcoming trials. Interrogatory # 3 is premature. It is a contention interrogatory regarding detailed accounts of Defendants' negligent acts or omissions; yet Plaintiffs have not yet had an adequate discovery opportunity of Defendants to respond at this time beyond restating the allegations of the Complaint. Several of the interrogatories (e.g., # 21) and document requests (e.g., #'s 18, 23) seek detailed personal injury/medical record information which is not an element of the upcoming property damage test Plaintiff trials.

     We look forward to meeting and conferring with you to resolve the issue as to whom the case-specific discovery shall be directed and the expedited period in which it shall be responded to by those select plaintiffs.

     Please call me to set up a meet and confer at your earliest convenience.

                                        Sincerely,

                                        Leonard A. Davis

cc:    PSC