IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | :MDL NO. 2047<br>:Section L<br>: |
| This Document Relates to<br>Germano, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co. Ltd., et al. Case No. 2:09-cv-6687 (E.D. La.) | :JUDGE FALLON<br>:MAG. JUDGE WILKINSON |

**VENTURE SUPPLY, INC. AND THE PORTER-BLAINE
CORPORATION'S OBJECTION
TO HEARING SCHEDULED FOR FRIDAY, DECEMBER 4, 2009
BASED UPON JURISDICTIONAL ISSUES WHICH
SHOULD BE ADESSED BEFORE ANY OTHER MATTERS
WITH MEMORANDUM IN SUPPORT**

Venture Supply, Inc. ("Venture") and The Porter-Blaine Corporation ("PB"), by counsel, respectfully object to this Court's Order dated November 24, 2009, which sets a hearing on various motions filed in the Germano action (Docket # 506), based upon jurisdictional issues which should be addressed by the Court prior to consideration of other matters. In support of this objection, Venture and PB state as follows for their memorandum in support:

**SUMMARY OF ISSUE**

The law is well settled that an Article III federal court, with limited constitutional and statutory jurisdiction, must address its subject matter jurisdiction at the outset, before considering other issues raised in a case:

> Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing

1

> the fact and dismissing the cause…This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible without exception.
>
> ….
>
> While some of the above cases must be acknowledged to have diluted the absolute purity of the rule that Article III jurisdiction is always an antecedent question, none of them even approaches approval of a doctrine of "hypothetical jurisdiction" that enables a court to resolve contested questions of law when its jurisdiction is in doubt. Hypothetical jurisdiction produces nothing more than a hypothetical judgment – which comes to the same thing as an advisory opinion, disapproved by this Court from the very beginning. Much more than legal niceties are at stake here. The statutory and (especially) constitutional elements of jurisdiction are an essential ingredient of separation and equilibration of powers, restraining a court from acting at certain times, and even restraining them from acting permanently regarding certain subjects.

Steel Company v. Citizens for a Better Environment, 523 U.S. 83, 93, 101 (1998)(citations omitted).

In the Germano action, the Court's subject matter jurisdiction is at issue and has been at issue since the first filing of responsive pleadings to the Amended Complaint in the Eastern District of Virginia. Even if it had not been raised by a party, however, or even if it had been conceded by the parties, an Article III Court is duty-bound to inquire into its subject matter jurisdiction even *sua sponte*. Id. at 96.

Before proceeding with any matters relating to the Germano action, therefore, including those matters set for a hearing by this Court's November 24, 2009, Order, the Court should satisfy itself that it has constitutional and statutory authority to act at all in the case.

## BACKGROUND

The Germano action was filed in the United States District Court for the Eastern District of Virginia, Norfolk, Virginia.  The jurisdictional basis for that action was the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), which relied solely on the presence of Taishan Gypsum Co., Ltd f/k/a Shandong Taihe Dongxin Co., Ltd.[1] ("Taishan") as a defendant.[2]

Venture and PB have consistently raised an objection to the Germano action based upon subject matter jurisdiction.  This was raised by Venture and PB, or responded to by the Plaintiffs, in at least the following pleadings:

(a)     May 15, 2009, Venture Supply, Inc. and Porter-Blaine Corp.'s Objection to Filing of Michelle Germano, Dennis Jackson and Sharon Jackson's Response to Motion to Transfer Actions. (Exhibit A)(filed before the Judicial Panel on Multidistrict Litigation, MDL 2047, prior to service of the Germano Amended Complaint)

(b)     June 1, 2009, The Porter-Blaine Corporation and Venture Supply, Inc.'s Rule 12(b)(1) and 12(b)(6) Motions with Briefs in Support, Answer and Rule 13(g) Cross-Claim in response to Plaintiffs' Amended Complaint. (Exhibit B)(filed in E.D. Va.)[3]

(c)     June 25, 2009, Plaintiffs' Joint Response in Opposition to The Porter-Blaine Corporation and Venture Supply, Inc.'s Rule 12(b)(1) and Rule 12(b)(6) Motions. (Exhibit C)(filed in E.D. Va.)

(d)     June 29, 2009, The Porter-Blaine Corporation and Venture Supply, Inc.'s Rebuttal Memorandum in Support of Rule 12(b)(1) and 12(b)(6) Motions. (Exhibit D)(filed in E.D. Va.)

(e)     July 6, 2009, Venture Supply, Inc. and The Porter-Blaine Corporation's Motion to Vacate Conditional Transfer Order with Respect to Michelle Germano, et al., v. Taishan Gypsum Co., Ltd, et al., and Curtis Hinkley, et al. v. Taishan Gypsum Co., Ltd, et al. (Exhibit E)(filed before the Judicial Panel on Multidistrict Litigation, MDL 2047)

---

[1] Plaintiffs allege that Taishan Gypsum Co., Ltd. is the new name for Shandong Taihe Dongxin Co., Ltd.  Venture and PB have no knowledge in this regard and will assume, for the purposes of this motion only, that this is correct.

[2] The other parties in the Germano action are all citizens, domiciliaries, and residents of the Commonwealth of Virginia.  Under the law prior to the Class Action Fairness Act of 2005, the lack of complete diversity would divest this Court of jurisdiction.  However, arguably under that Act, a court would have jurisdiction because Taishan had been named as a defendant in another class action suit within three years of the filing of the Germano complaint. 28 U.S.C. § 1332 (d)(4)(A)(ii)(exception to circumstance in which Court should decline jurisdiction).

[3] See also Docket ## 517 and 521 (responsive and amended pleadings to Second Amended Complaint, filed in this Court)

(f) July 6, 2009, Reason why Oral Argument Should Be Heard on Venture Supply, Inc. and The Porter-Blaine Corporation's Motion to Vacate Conditional Transfer Order with Respect to Michelle Germano, et al., v. Taishan Gypsum Co., Ltd, et al., and Curtis Hinkley, et al. v. Taishan Gypsum Co., Ltd, et al. (Exhibit F)(filed before the Judicial Panel on Multidistrict Litigation, MDL 2047)

(g) July 14, 2009, [Plaintiffs'] Notice of Supplemental Authority for Defendants' Motion to Dismiss. (Exhibit G)(filed in E.D. Va.)

(h) September 8, 2009, Venture Supply, Inc. and The Porter-Blaine Corporation's Second Supplemental Submission of New Evidence in Support of Motion to Vacate Conditional Transfer Order with Respect to Michelle Germano, et al., v. Taishan Gypsum Co., Ltd, et al., and Curtis Hinkley, et al. v. Taishan Gypsum Co., Ltd, et al. (Exhibit H)(filed before the Judicial Panel on Multidistrict Litigation, MDL 2047)

(i) November 12, 2009 (served), December 1, 2009 (filed), Venture Supply, Inc., and The Porter-Blaine Corporation's Memorandum in Opposition to the Plaintiffs' Steering Committee's Motion to Compel (Docket #522)

(j) November 18, 2009, Plaintiffs' Steering Committee's Reply Brief in Support of Its Motion to Compel Discovery from Defendants, Venture Supply, Inc. and Porter-Blaine Corp. (filed in this Court, Docket # 462).

(k) November 20, 2009 (served), December 1, 2009 (filed),Venture Supply, Inc. and The Porter-Blaine Corporation's Objection to Apparent Stipulation or Agreement Between DSC and PSC (Docket # 516)[4].

(l) November 24, 2009, Letter to this Court from Venture Supply, Inc. and The Porter-Blaine Corporation (addressed in this Court's November 24, 2009 Order).

In addition, other defendants in the Germano action have raised the subject matter jurisdiction of the federal courts in their various filings in either the Eastern District of Virginia, or before the MDL Panel when considering the Conditional Transfer Order.

Apparently, because the various Defendants' 12(b)(1) motions were not re-filed in this Court, this Court has declined to hear argument on these motions under the procedural issues

---

[4] This Objection is the subject to an agreement between the parties that it will be considered withdrawn when an Order is entered relating to the Taishan default damage trials which will have no effect on Venture, PB or the other named defendants in the Germano action, which is being circulated among counsel.

addressed in this Court's Pre-Trial Orders.[5]  However, the issue is whether a Court, when faced with a suggestion that it may be lacking in subject matter jurisdiction(or, according to the Supreme Court, even in the absence of such a suggestion), may proceed to address other legal issues in the case prior to determining at the outset whether it, in fact, has jurisdiction.  Because the case law seems fundamentally clear that it may not do so, Venture and PB respectfully object to other proceedings in Germano prior to determination of jurisdiction.

## ARGUMENT

As noted above, the Supreme Court has been fairly clear that a federal court must make an inquiry into and be satisfied with its subject matter jurisdiction before conducting other matters relating to that case.  For example, in United States Catholic Conference v. Abortion Rights Mobilization, 487 U.S. 72 (1988), a non-party to the proceedings was issued subpoenas for various information, and was found in contempt for failing to comply. The non-party challenged the subject matter jurisdiction of the Court over the underlying action even though the parties to the proceeding had not raised any such issue.

Ruling that a non-party had such a right to raise the issue, the Court noted that if the District Court lacked subject matter jurisdiction, then the process of issuing the subpoenas would be void and an order of civil contempt on those subpoenas would be reversed.

> The challenge in this case goes to the subject-matter jurisdiction of the court and hence is power to issue the order.  The distinction between subject-matter jurisdiction and waivable defenses is not a mere nicety of legal metaphysics.  It rests instead on the central principle of a free society that courts have finite bounds of authority, some of constitutional origin, which exists to protect citizens from the very wrong asserted here, the excessive use of

---

[5] The Court has decided, however, to have a hearing and rule on the Motion to Disqualify Plaintiffs' Counsel which was filed in the Eastern District of Virginia, and issued an Order on November 30, 2009 incorporating the motions and memoranda filed on that issue from the Virginia transferred file into the MDL file.

> judicial power.  The courts, no less than the political branches of
> the government, must respect the limits of their authority.

Id. at 76.[6]

Even if the parties themselves fail to raise jurisdictional issues or even if they concede jurisdiction, the Court itself must inquire into its subject matter jurisdiction.  "Even if neither of these questions are pressed by the defendant in this case, yet, where the jurisdiction of the court depends upon the existence of certain conditions, as does the jurisdiction of this court, it is incumbent upon the court, especially in a cause involving the adjudication of public questions, to see that those conditions exist, whether or not the parties to the cause may waive objection or acquiesce in the statement that those conditions do exist."  Gaines v. Baltimore & C.S.S. Co., 234 F. 786, 789 (E.D.S.C. 1916); see also, Mission Insurance Company v. Brown, 207 F. Supp. 818, 819-20 (W.D. Mo. 1962)("This Court is required to raise all questions of jurisdiction, including the presence or absence of jurisdictional amount, on its own motion should the parties fail so to do. Cf. Canadian Indemnity Co. v. Republic Indemnity Co., (9th Cir., 1955), 222 F.2d 601. See also Kaufman v. Liberty Mutual Ins. Co., (3rd Cir., 1957), 245 F.2d 918.").  See also generally, California v. LaRue, 409 U.S. 109, 112n.3 (1972); Basso v. Utah Power & Light, 495 F.2d 906, 909 (10th Cir. 1974).

The Fourth Circuit Court of Appeals, which will eventually control this action upon remand, is just as clear on this issue as is the Supreme Court:

> It is a fundamental precept that federal courts are courts of limited
> jurisdiction, constrained to exercise only the authority conferred by
> Article III of the Constitution and affirmatively granted by federal
> statute.  A primary incident of that precept is our duty to inquire,

---

[6] The Court went on to note, however, that it is well recognized "and an appropriate procedure for a court to limit discovery proceedings at the outset to a determination of jurisdictional matters…" Id., at 79.

>*sua sponte*, whether a valid basis for jurisdiction exists, and to dismiss the action if no such ground appears. Litigants in federal courts have a corresponding right to challenge subject matter jurisdiction at any time, including on direct appeal.

In re: Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998); accord, Bender v. Williamsport Area School District, 475 U.S. 534, 541 (1986).

Accordingly, in the present action, the duty of an Article III Court is clear. Under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), the sole jurisdictional issue is whether a Court sitting in the Commonwealth of Virginia could exercise personal jurisdiction over Taishan relating to the two sales of drywall to Venture, reflected in the documents attached to Venture and PB's rebuttal brief. Venture and PB themselves doubt that a Virginia Court could exercise such jurisdiction.[7] However, this Court should, at the outset, determine itself whether such jurisdiction exists before issuing any further orders relating to the Germano action.[8]

**WHEREFORE**, Venture and PB respectfully request that the Hearing on the Motions scheduled for December 4, 2009, be continued to permit this Court time to determine if it has subject matter jurisdiction.

---

[7] To the extent the Plaintiffs urge this Court to exercise such jurisdiction because of the alleged default of Taishan, Taishan is not really in default. The Plaintiffs filed an Amended Complaint in Germano which was allegedly served on Taishan. Thereafter, this Court granted Plaintiffs' Motion to Amend this Complaint, which was deemed filed. (Docket #469). The Plaintiffs then moved for default judgment, which was preliminarily granted by this Court. However, there is no evidence that the second Amended Complaint was served on Taishan or any of the defendants, whom all have 10 days after service of the second Amended Complaint to file an answer. FRCP, Rule 15(a)(3). The First Amended Complaint, by the amendment, is superseded and is of no effect. Ohio River Valley Environmental Coalition, Inc. v. Timmermeyer, 66 Fed. Appx. 468, 2003 U.S. App. LEXIS 10841 (4th Cir. 2003)("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.")

[8] As this Court is aware, Taishan has not made an appearance in any action in the MDL and is in preliminary default in another action pending before this Court.

This the 1st day of December, 2009.

    Respectfully submitted,

By:         /s/        

Mark C. Nanavati, Esquire (VSB #38709)
Kenneth F. Hardt, Esquire (VSB # 23966)
Sinnott, Nuckols & Logan, P.C.
13811 Village Mill Drive
Midlothian, Virginia 23114
(804) 378-7600 ext. 3311 or 3316
(804) 378-2610 (fax)
khardt@snllaw.com
mnanavati@snllaw.com
*Attorneys for Defendants Venture Supply Inc.
and The Porter-Blaine Corporation*

## CERTIFICATE OF SERVICE

    I hereby certify that the above and foregoing Notice of Appearance and Request for Service of All Documents and Pleadings has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 1st day of December, 2009.

        /s/        

Kenneth F. Hardt