# EXHIBIT A

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE:                                              MDL NO.: 2047

CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION

<u>**VENTURE SUPPLY, INC. AND PORTER-BLAINE CORP.'s
OBJECTION TO FILING OF MICHELLE GERMANO,
DENNIS JACKSON AND SHARON JACKSON'S
RESPONSE TO MOTION TO TRANSFER ACTIONS
AND NOTICE OF "TAG-ALONG"**</u>

Mark C. Nanavati (VSB# 38709)
Kenneth F. Hardt (VSB # 23966)
SINNOTT, NUCKOLS & LOGAN, P.C.
13811 Village Mill Dr.
Midlothian, VA 23114
(804) 378-7600
(804) 378-2610 (fax)
khardt@snllaw.com
Counsel for Venture Supply, Inc. and Porter-Blaine Corp.

1

## INTRODUCTION

Venture Supply, Inc. ("Venture") and Porter-Blaine Corp. ("PB") are named defendants in an action filed in the United States District Court for the Eastern District of Virginia, Norfolk Division, Michelle Germano, Dennis Jackson and Sharon Jackson v. Taishan Gypsum Co., Ltd., Case No. 2:09-cv-00202. However, neither Venture nor PB are at issue in that action.

Venture and PB have received a pleading apparently filed with this Panel entitled "Michelle Germano, Dennis Jackson and Sharon Jackson's Response to Motion to Transfer Actions" (the "Response"), in which apparently these Virginia plaintiffs attempt to join the Virginia action (not served on all defendants) with a motion filed by Karen Vickers, et al. ("Vickers"), in an action in Florida to consolidate certain actions in the Southern District of Florida. Venture and PB have also received a notice of a "tag-along" action with respect to that Motion (the "Notice"). The "Response" and the "Notice" were received on May 15, 2009, twelve days before this Panel's hearing on the Motion filed by Vikers.

Venture and PB have not been served with any motions or responses in the action filed by Vickers; have limited knowledge of the parties or allegations to the actions encompassed by the motion filed by Vickers; and, obviously cannot serve or notify all the parties to those various actions with this pleading. However, in reviewing this Court's Notice of Hearing, set for May 27, 2009, relating to the Vicker's Motion, Venture and PB are aware that the Virginia action is not a subject of that motion, as it was filed after the date that Motion was filed with this Panel.

2

Accordingly, Venture and PB cannot fully respond to the "Response" which incorporates a number of documents that they have never seen. However, they object to the "Response" and the "Notice" as improper under this Panel's Rules and as attempting to join the Virginia action with actions that bear almost no common questions of fact; that will be inconvenient for the parties and witnesses; and that will not, as it applies to the Virginia action, "promote the just and efficient conduct of such actions." 28 U.S.C. § 1407

## ARGUMENT

A. The "Response" is not Authorized by this Panel's Rules

Under the "Rules of Procedure of the Judicial Panel on Multidistrict Litigation" ("Rules"), the "Response" filed by the Virginia plaintiffs does not appear proper. Apparently, Vickers filed a Motion with this Panel to consolidate eight class actions filed in Florida, one filed in Louisiana, and one filed in Ohio:

Middle District of Florida

Shane M. Allen, et al. v. Knauf Plasterboard (Tianjin) Co., Ltd., et al., C.A. No. 2:09-54
Duane Ankney v. Knauf Gips KG, et al., C.A. No. 2:09-166
Kristin Morgan Culliton v. Taylor Morrison Services, Inc., et al., C.A. No. 8:09-589

Northern District of Florida

The Mitchell Co., Inc. v. Knauf Gips KG, et al., C.A. No. 3:09-89
Southern District of Florida
Lawrence Riesz, et al. v. Knauf Plasterboard (Tianjin) Co., Ltd., et al., C.A. No. 0:09-60371
Karin Vickers, et al. v. Knauf Gips KG, et al., C.A. No. 1:09-20510
Lorena Garcia, et al. v. Lennar Corp., et al., C.A. No. 1:09-20739
Janet Morris-Chin, et al. v. Knauf Plasterboard (Tianjin) Co., Ltd., et al., C.A. No. 1:09-20796

Eastern District of Louisiana

3

Jill M. Donaldson, et al. v. Knauf Gips KG, et al., C.A. No. 2:09-2981
Schedule of Matters for Hearing Session, Section A p. 13
Wednesday, May 27, 2009 -- Louisville, Kentucky

<u>Southern District of Ohio</u>

Steven Minafri v. M/I Homes, Inc., et al., C.A. No. 2:09-167

(Retrieved from this Panel's Notice of Hearing, dated April 23, 2009)

The Virginia action against Venture and PB was not filed until May, 2009, so is obviously not included in Vicker's Motion or the Notice of Hearing of this Panel.

The Virginia plaintiffs have filed a "Response" apparently to the Vicker's Motion. First, this response was not timely filed under the Rules. Rule 7.2(c)(responses should be filed within twenty days of the filing of the motion). Second, it appears to attempt to join an action not listed in the Motion or the Notice, which is improper under rule 7:2(g)("A joinder in a motion shall not add any action to the previous motion"). Venture and PB can find no provision in the Rules authorizing the filing of the Virginia plaintiffs' "Response".

Should the Virginia Plaintiffs wish to attempt to join their action with the actions in Florida, Louisiana and Ohio, they should either file a Motion under Rule 7.2, or await the "tag-along" procedures set forth in Rules 7.4 and 7.5, which may include either a conditional transfer Order or a Show Cause Order. Under either procedure, Venture and PB would be afforded procedural rights which the Virginia plaintiffs are trying to deny them by filing a "Response", which is not authorized by the Rules.

Accordingly, Venture and PB object to the filing by the Virginia plaintiffs and ask that the pleadings be struck. In the alternative, Venture and PB ask that any consideration of the request to join the Virginia litigation with the other actions be

4

postponed to provide to them an opportunity to review any and all motions and responses that have been filed with this Panel relating to consolidation, and to provide an appropriate response.

      B.    <u>Based Upon the Information Available to Venture and PB, Consolidation of the Virginia Action with the Other Actions Would be Improper</u>

28 U.S.C. § 1407 sets forth the requirements for consolidation of actions relating to Multidistrict Litigation. Under that statute, consolidation is appropriate where the actions involve "one or more common questions of fact" and that consolidation will "be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions."

In their "Response", the Virginia plaintiffs' only comment on these factors is in footnote 1 – that "the emphasis on venue should be the most convenient venue for prosecuting the action against the Chinese and German manufacturing corporations." However, to the extent that the "Response" is considered a motion to add a "tag-along" action to a previously filed motion, this statement is wholly inadequate to join the Virginia action with the separate and distant actions in Florida and other jurisdictions. E.g., <u>In re Tobacco/Governmenatl Health Care Costs Litigation; United States v. Philip Morris, Inc, et al.</u>, 76 F. Supp. 2d (D.C. 1999)(party seeking to join litigation as a "tag-along" case bear the burden of proving the factors set forth in 28 U.S.C. § 1407).

The Virginia action involves a Virginia supplier – Venture; a Virginia drywall installer – PB; a Virginia developer – Harbour Walk Development, LLC – and the Chinese manufacturer – Taishan Gypsum Co. Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd. The plaintiffs are all Virginia homeowners. Obviously, the convenience of the

5

parties and witnesses is not served by consolidating this action with actions in Florida and other jurisdictions.

More importantly, however, is that this action involves a manufacturer who, upon information and belief, is different than the manufacturer involved in the vast majority of the Florida actions. Contrary to the Virginia plaintiffs' assertion in their "Response", there is no "German" manufacturer in the Virginia action. And, upon information and belief, the Chinese manufacturer named in the majority of the Florida litigation is a different entity than that named in the Virginia litigation.

It should be noted that the Virginia action was filed in the Federal District Court in Virginia under the Class Action Fairness Act of 2005. Virginia itself has no class action procedures. Under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) the only potential jurisdiction of the Federal Court is the presence of the Chinese manufacturer, which has apparently been named in at least one suit in Florida.

Under the facts known to them at this time, Venture and PB have doubts that the Virginia court has personal jurisdiction over the Chinese manufacturer. Accordingly, its presence may, in effect, be an attempt to secure a class-action lawsuit under the Class Action Fairness Act of 2005 where no other class action would be permitted under Virginia law. Venture and PB expect to file a Rule 12(b)(1) motion when served with the Virginia action relating to the Virginia court's subject matter jurisdiction.

This fact alone suggests why the Virginia action should not be consolidated with the actions in Florida. The Virginia action is, in reality, an action under Virginia law between Virginia homeowners and a Virginia supplier and Virginia contractors. It has no

bearing on or relationship with the actions filed in Florida by Florida homeowners against Florida suppliers and builders.

Clearly, the interests of justice do not mandate a joining of the distinctly Virginia causes of action with those of other jurisdictions, including Florida. First, there will be absolutely no overlapping of discovery. The Virginia plaintiffs and defendants will not be interested in any of the discovery conducted in Florida relating to the individual claims of the Florida homeowners or the testing of their particular homes. Generally, In re 7-Eleven Franchise Antitrust Litigation, 358 F. Supp 286 (Jud Pan Mult Lit 1973)(questions of common facts and common discovery are issues to be considered in joining actions); In re Scotch Whiskey, 299 F. Supp. 543 (Jud Pan Mult Lit 1969)(where common questions of fact are not complex and there is little common discovery, joinder is not appropriate); In re Brandywine Associates Antitrust & Mortgage Foreclosure Litigation, 407 F. Supp. 236 (Jud Pan Mult Lit) 1976)(where movant failed to show that actions were complex or discovery time-consuming as to overcome inconvenience to parties and witnesses, joinder was inappropriate).

In addition, the action in Virginia will involve only the application of Virginia product liability law, negligence law and Virginia's version of the economic loss rule, which are distinct from the law of Florida. For example, Virginia does not recognize strict product liability. Logan v. Montgomery Ward & Co., 216 Va. 425, 428, 219 S.E.2d 685, 687 (1975). Accordingly, the Virginia legal claims are distinct from the claims based upon Florida, Louisiana or Ohio law. Generally, In re Title Insurance Real Estate Settlement Procedures Act, 560 F. Supp. 1374 (Jud Pan Mult Lit 2008)(different actions applying regulatory schemes and laws of various states not appropriate for consolidation).

7

In any event, the burden is on the Virginia plaintiffs to show that the factors outlined in 28 U.S.C. § 1407 have been met. They have failed to do so in their improper pleading. Accordingly, their "Response" and "Notice" should be stricken and their request to join the Virginia litigation with those in Florida should be denied.

## CONCLUSION

The Virginia plaintiffs' filing of a "Response" is inappropriate and denies the defendants notice or the opportunity to be heard under the Due Process Clause. Moreover, the Virginia plaintiffs have failed to carry their burden under 32 U.S.C. § 1407 and joinder/consolidation is improper. To the extent permitted, counsel for Venture and PB would like to present oral argument on these issues.

VENTURE SUPPLY, INC.
PORTER-BLAINE CORP.

By: _____
        Counsel

Mark C. Nanavati (VSB# 38709)
Kenneth F. Hardt (VSB # 23966)
SINNOTT, NUCKOLS & LOGAN, P.C.
13811 Village Mill Dr.
Midlothian, VA 23114
(804) 378-7600
(804) 378-2610 (fax)
khardt@snllaw.com
Counsel for Venture Supply, Inc. and Porter-Blaine Corp.

8

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing was mailed, first class mail, postage pre-paid, and sent via facsimile, this 15th day of May, 2009, to the Clerk of the United States District Court for the Eastern District of Virginia, Norfolk Division and Richard J. Serpe, Esquire, Law Offices of Richard J. Serpe, Crown Center, Ste 3120, 580 East Main Street, Norfolk, VA 23510-2322, counsel for Michelle Germano, Dennis Jackson and Sharon Jackson.

Mark C. Nanavati (VSB# 38709)
Kenneth F. Hardt (VSB # 23966)
SINNOTT, NUCKOLS & LOGAN, P.C.
13811 Village Mill Dr.
Midlothian, VA 23114
(804) 378-7600
(804) 378-2610 (fax)
khardt@snllaw.com
Counsel for Venture Supply, Inc. and Porter-Blaine Corp.