## 2001 Formal Ethics Opinion 6

**July 27, 2001**

**Multiple Representation of Claims for Workers' Compensation Death Benefits**

*Opinion examines when a lawyer has a conflict of interest in representing various family members on claims for a deceased employee's workers' compensation death benefits.*

Inquiry #1:

Worker was fatally injured in a work related accident covered under the Workers' Compensation Act. At the time of Worker's death, he was married to Wife #2 who has two children from a previous marriage (the "stepchildren"). Worker had two children of his own from his first marriage ("Worker's children"). Wife #2 and Worker also had one child together (the "joint child"). All of the children are under 18 years of age. Only the joint child is under 10 years of age.

Liability is admitted and the only issue before the Industrial Commission is the determination of the beneficiaries of the workers' compensation benefits payable by reason of Worker's death. Under the Workers' Compensation Act, the death benefits are divided equally among all the beneficiaries and then paid out over at least 400 weeks. N.C.G.S. §97-38. Every additional beneficiary entitled to compensation reduces the compensation payable to any individual beneficiary. A minor child who is under 10 years of age will receive compensation until the child reaches 18 years of age even if that is longer than 400 weeks. Compensation payments are usually made payable to a surviving spouse for the use and benefit of minor children of the surviving spouse. Once a surviving minor child turns 18 years old, compensation is paid directly to the child. A stepchild of a deceased employee qualifies as a dependent only if the child was substantially dependent upon the deceased employee at the time of death. Whether a stepchild was substantially dependent upon the deceased employee may be disputed.

Wife #2 asked Attorney A to represent all of the following claimants to the death benefits: Wife #2; the guardians ad litem for Worker's children; the stepchildren; and the joint child. May Attorney A represent Worker's children and stepchildren simultaneously?

Opinion #1:

Worker's children will maximize their shares of the death benefits by excluding Worker's stepchildren from the distribution. Attorney A cannot represent the interests of Worker's children unless he advocates against the compensation of Worker's stepchildren. Such a direct conflict of interest is prohibited under Rule 1.7(a).

Attorney A may not ask the guardians ad litem for Worker's children to consent to the conflict of interest because, as stated in Comment [5] to Rule 1.7, "When a disinterested lawyer would conclude that the client should not agree to representation under the circumstances, the lawyer involved cannot properly ask for such agreement or provide representation on the basis of the client's consent."

Inquiry #2:

Wife #2 asked Attorney A to represent her, Worker's stepchildren, and the joint child of the marriage of Wife #2 and Worker. The two stepchildren are over age 10 and will continue to receive benefits after turning 18 years old. While they are minors, they will live with their mother and any benefits they receive will likely be paid to Wife #2 to support the household. Similarly, any compensation payable to

the joint child of the marriage will be paid to Wife #2 to support the child. May Attorney A represent Wife #2, the stepchildren, and the joint child?

Opinion #2:

Attorney A may represent Wife #2 and her own children from her first marriage or Attorney A may represent Wife #2 and the joint child of her marriage to Worker. It is assumed that Wife #2 will receive the benefits payable to all of these children during their minority if they reside with Wife #2 and, therefore, Wife #2 and these children have a common economic interest. Moreover, Wife #2 has a financial obligation for her children until they reach age 18. *See* RPC 123.

Nevertheless, Attorney A may not represent the stepchildren and the joint child of the marriage simultaneously. The interest of the stepchildren of Worker and the joint child of the marriage are opposed because the joint child has an interest in maximizing the benefits payable by eliminating the claims of the two stepchildren on the basis that the two stepchildren were not substantially dependent on Worker at the time of his death. Even though the compensation to the two stepchildren might initially be payable to Wife #2 to run the household, once the two stepchildren are emancipated, they will receive compensation directly. Therefore, their interests are adverse to that of the joint child of the marriage. *See* Rule 1.7(a).

**THE NORTH CAROLINA STATE BAR**
208 Fayetteville Street • PO Box 25908 • Raleigh, NC 27611-5908 • 919.828.4620
Copyright © North Carolina State Bar. All rights reserved.