UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : : : : : : : : : : | MDL NO. 2047 |
| | | SECTION: L |
| THIS DOCUMENT RELATES TO: | | JUDGE FALLON |
| Michelle Germano, *et al.* v. Taishan Gypsum Co. Ltd., *et al.* | | MAG. JUDGE WILKINSON |
| Case No. 2:2009-cv-06687 (E.D. La.) | | |
| . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | |

**HARBOR WALK DEVELOPMENT, LLC'S RULE 12(b)(1) AND 12(b)(6) MOTIONS WITH BRIEFS IN SUPPORT, NOTICE REQUESTING HEARING, AND ANSWER**

Comes now the defendant Harbor Walk Development, LLC ("Harbor Walk"), by counsel, and for its Rule 12(b)(1) and 12(b)(6) Motions with Briefs in Support and Answer states as follows:

**MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF PURSUANT TO RULE 12(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

The Plaintiffs have filed this action in this Court under the Class Action Fairness Act of 2005. (Second Amended Complaint, ¶ 1) Under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), the only potential jurisdiction of this Court is the presence of the Chinese manufacturer – Taishan Gypsum Co., Ltd f/k/a Shandong Tiahe Dongxin, Co., Ltd ("Taishan"). All of the other parties, including all the Plaintiffs and the remaining defendants, are residents of the Commonwealth of Virginia.

Under the facts known to it at this time, Harbor Walk has serious doubts that this Court has personal jurisdiction over Taishan. Accordingly, its presence may, in effect, be an attempt to secure a class-action lawsuit under the Class Action Fairness Act of 2005 where no

other class action would be permitted under Virginia law. To the extent there is no jurisdiction over Taishan, this Court would lack subject matter jurisdiction over this action, which is, in reality, an action under Virginia law between Virginia homeowners and a Virginia developer.

Harbor Walk incorporates herein its memorandum in support of this motion and rebuttal memorandum filed with respect to the First Amended Complaint.

### MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

In their Second Amended Complaint, the Plaintiffs allege that they either purchased a home from Harbor Walk Development, LLC ("Harbor Walk") or built their own home; that drywall used in their homes was either installed by Porter-Blaine or sold by Venture; and that the drywall is allegedly defective. They primarily seek removal of the drywall from their home.

Harbor Walk filed a Motion to Dismiss, Brief in Support, and Rebuttal Brief in support with respect to the First Amended Complaint. Harbor Walk hereby incorporates those arguments by reference herein.

### NOTICE REQUESTING HEARING

Please take notice that Harbor Walk requests oral argument on the preceding Motions under Rule 12 of the Federal Rules of Civil Procedure.

### ANSWER

Harbor Walk sets forth the following as its Answer to the Second Amended Complaint without waiving the above Motions to Dismiss.

## JURISDICTION, PARTIES, AND VENUE

1. The allegations of paragraph 1 of the Plaintiffs' Second Amended Complaint are unknown to Harbor Walk in that it is not clear if this Court has subject matter jurisdiction over Taishan Gypsum Co., Ltd f/k/a Shandong Tiahe Dongxin, Co., Ltd ("Taishan"). If the Court does not have subject matter jurisdiction over Taishan, then it does not have original jurisdiction over this action by virtue of 18 U.S.C. § 1332(d)(2) and the Class Action Fairness Act. By filing this pleading, Harbor Walk does not intend to waive any jurisdictional argument it may have should Taishan be dismissed from this action or the Court determines it has no personal jurisdiction over Taishan.

2. The allegations of paragraph 2 of the Plaintiffs' Second Amended Complaint are denied.

3. To the extent that Plaintiffs are alleging that venue is proper in the Eastern District of Louisiana, the allegations in paragraph 3 of the Second Amended Complaint are denied. With respect to any and all claims asserted against Harbor Walk, Harbor Walk objects to venue in the Eastern District of Louisiana. Assuming *arguendo* that subject matter jurisdiction exists, the Eastern District of Virginia is the only proper venue for this action.

## PLAINTIFFS

4. The allegations of paragraph 4 of the Plaintiffs' Second Amended Complaint are admitted.

5. The allegations of paragraph 5 of the Plaintiffs' Second Amended Complaint are denied.

6. The allegations of paragraph 6 of the Plaintiffs' Second Amended Complaint are admitted.

7. The allegations of paragraph 7 of the Plaintiffs' Second Amended Complaint are denied.

8. The allegations of paragraph 8 of the Plaintiffs' Second Amended Complaint are not known to Harbor Walk and as such, they are denied.

9. The allegations of paragraph 9 of the Plaintiffs' Second Amended Complaint are not known to Harbor Walk and as such, they are denied.

## **DEFENDANTS**

10. The allegations of paragraph 10 of the Plaintiffs' Second Amended Complaint are not known to Harbor Walk and as such, they are denied.

11. The allegations of paragraph 11 of the Plaintiffs' Second Amended Complaint are not known to Harbor Walk and as such, they are denied.

12. The allegations of paragraph 12 of the Plaintiffs' Second Amended Complaint are not known to Harbor Walk and as such, they are denied.

13. The allegations in paragraph 13 of the Second Amended Complaint consist of conclusions to which no response is required. To the extent that a response is required, Harbor Walk lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 of the Second Amended Complaint, and therefore denies the same.

14. The allegations of paragraph 14 of the Plaintiffs' Second Amended Complaint are not known to Harbor Walk and as such, they are denied.

15. The allegations of paragraph 15 of the Plaintiffs' Second Amended Complaint are not known to Harbor Walk and as such, they are denied.

16. The allegations of paragraph 16 of the Plaintiffs' Second Amended Complaint are not known to Harbor Walk and as such, they are denied.

17. The allegations of paragraph 17 of the Plaintiffs' Second Amended Complaint are not known to Harbor Walk and as such, they are denied.

18. The allegations of paragraph 18 of the Plaintiffs' Second Amended Complaint are denied.

19. The allegations of paragraph 19 of the Plaintiffs' Second Amended Complaint are denied.

20. The allegations of paragraph 20 of the Plaintiffs' Second Amended Complaint are not known to Harbor Walk and as such, they are denied.

21. The allegations of paragraph 21 of the Plaintiffs' Second Amended Complaint are not known to Harbor Walk and as such, they are denied.

22. The allegations of paragraph 22 of the Plaintiffs' Second Amended Complaint are denied.

## **GENERAL ALLEGATIONS**

23. Harbor Walk denies that it purchased or installed drywall and further states that the composition of the drywall is not known to Harbor Walk; therefore, the allegations of paragraph 23 of Plaintiffs' Second Amended Complaint are not known to Harbor Walk and as such, they are denied.

24. The allegations of paragraph 24 of the Plaintiffs' Second Amended Complaint are not known to Harbor Walk and as such, they are denied.

25. The allegations of paragraph 25 of the Plaintiffs' Second Amended Complaint are not known to Harbor Walk and as such, they are denied.

26. The allegations of paragraph 26 of the Plaintiffs' Second Amended Complaint are not known to Harbor Walk and as such, they are denied.

27. The allegations of paragraph 27 of the Plaintiffs' Second Amended Complaint are denied.

28. The allegations of paragraph 28 of the Plaintiffs' Second Amended Complaint are denied.

29. The allegations of paragraph 29 of the Plaintiffs' Second Amended Complaint are denied.

30. The allegations of paragraph 30 of the Plaintiffs' Second Amended Complaint are denied.

31. The allegations of paragraph 31 of the Plaintiffs' Second Amended Complaint are denied.

## CLASS ACTION ALLEGATIONS

32. Harbor Walk admits that the Plaintiffs have made the allegations they make in their Second Amended Complaint. However, Harbor Walk denies that they should be certified as a class or subclass(es).

33. The allegations of paragraph 33 of the Plaintiffs' Second Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, the allegations of paragraph 33 of the are not known to Harbor Walk and as such, they are denied

34. The allegations of paragraph 34 of the Plaintiffs' Second Amended Complaint are denied.

35. The allegations of paragraph 35 of the Plaintiffs' Second Amended Complaint are denied.

36. The allegations of paragraph 36 of the Plaintiffs' Second Amended Complaint are denied.

37. The allegations of paragraph 37 of the Plaintiffs' Second Amended Complaint are denied.

38. Harbor Walk denies that this dispute should be certified as a class action. The remainder of the allegations of paragraph 38 are not known to Harbor Walk and are therefore denied.

39. Harbor Walk denies that this dispute should be certified as a class action.  The remainder of the allegations of paragraph 39 are not known to Harbor Walk and are therefore denied.

40. The allegations of paragraph 40 of the Plaintiffs' Second Amended Complaint are denied.

41. The allegations of paragraph 41 of the Plaintiffs' Second Amended Complaint are denied.

42. The allegations of paragraph 42 of the Plaintiffs' Second Amended Complaint are denied.

43. The allegations of paragraph 43 of the Plaintiffs' Second Amended Complaint are denied.

## COUNT I
## NEGLIGENCE

44. Harbor Walk sets forth its responses to the preceding paragraphs as if fully set forth herein.

45. The allegations of paragraph 45 of the Plaintiffs' Second Amended Complaint are denied.

6

46. The allegations of paragraph 46 of the Plaintiffs' Second Amended Complaint are denied.

47. The allegations of paragraph 47 of the Plaintiffs' Second Amended Complaint are denied.

48. The allegations of paragraph 48 of the Plaintiffs' Second Amended Complaint are denied.

49. The allegations of paragraph 49 of the Plaintiffs' Second Amended Complaint are denied.

50. The allegations of paragraph 50 of the Plaintiffs' Second Amended Complaint are denied.

## COUNT II
## NEGLIGENCE PER SE

51. Harbor Walk sets forth its responses to the preceding paragraphs as if fully set forth herein.

52. The allegations of paragraph 52 of the Plaintiffs' Second Amended Complaint are denied.

53. The allegations of paragraph 53 of the Plaintiffs' Second Amended Complaint are denied.

54. The allegations of paragraph 54 of the Plaintiffs' Second Amended Complaint are denied.

55. The allegations of paragraph 55 of the Plaintiffs' Second Amended Complaint are denied.

56. The allegations of paragraph 56 of the Plaintiffs' Second Amended Complaint are denied.

## COUNT III
## BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES

57. Harbor Walk sets forth its responses to the preceding paragraphs as if fully set forth herein.

58. The allegations of paragraph 58 of the Plaintiffs' Second Amended Complaint are denied.

59. The allegations of paragraph 59 of the Plaintiffs' Second Amended Complaint are denied.

60. The allegations of paragraph 60 of the Plaintiffs' Second Amended Complaint are denied.

61. The allegations of paragraph 61 of the Plaintiffs' Second Amended Complaint are denied.

62. The allegations of paragraph 62 of the Plaintiffs' Second Amended Complaint are denied.

63. The allegations of paragraph 63 of the Plaintiffs' Second Amended Complaint are denied.

64. The allegations of paragraph 64 of the Plaintiffs' Second Amended Complaint are denied.

## COUNT IV
## BREACH OF CONTRACT

65. Harbor Walk sets forth its responses to the preceding paragraphs as if fully set forth herein.

66. The allegations of paragraph 66 of the Plaintiffs' Second Amended Complaint are denied.

67. The allegations of paragraph 67 of the Plaintiffs' Second Amended Complaint are denied.

68. The allegations of paragraph 68 of the Plaintiffs' Second Amended Complaint are denied.

## COUNT V
## PRIVATE NUISANCE

69. Harbor Walk sets forth its responses to the preceding paragraphs as if fully set forth herein.

70. The allegations of paragraph 70 of the Plaintiffs' Second Amended Complaint are denied.

71. The allegations of paragraph 71 of the Plaintiffs' Second Amended Complaint are denied.

72. The allegations of paragraph 72 of the Plaintiffs' Second Amended Complaint are denied.

73. The allegations of paragraph 73 of the Plaintiffs' Second Amended Complaint are denied.

74. The allegations of paragraph 74 of the Plaintiffs' Second Amended Complaint are denied.

75. The allegations of paragraph 75 of the Plaintiffs' Second Amended Complaint are denied.

## COUNT VI
## UNJUST ENRICHMENT

76. Harbor Walk sets forth its responses to the preceding paragraphs as if fully set forth herein.

77. The allegations of paragraph 77 of the Plaintiffs' Second Amended Complaint are denied.

78. The allegations of paragraph 78 of the Plaintiffs' Second Amended Complaint are denied.

79. The allegations of paragraph 79 of the Plaintiffs' Second Amended Complaint are denied.

## COUNT VII
## VIOLATION OF THE VIRGINIA CONSUMER PROTECTION ACT

80. Harbor Walk sets forth its responses to the preceding paragraphs as if fully set forth herein.

81. The allegations of paragraph 81 of the Plaintiffs' Second Amended Complaint are denied.

82. The allegations of paragraph 82 of the Plaintiffs' Second Amended Complaint are denied.

83. The allegations of paragraph 83 of the Plaintiffs' Second Amended Complaint are denied.

84. The allegations of paragraph 84 of the Plaintiffs' Second Amended Complaint are denied.

## COUNT VIII
## EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING

85. Harbor Walk sets forth its responses to the preceding paragraphs as if fully set forth herein.

86. The allegations of paragraph 86 of the Plaintiffs' Second Amended Complaint are denied.

87. The allegations of paragraph 87 of the Plaintiffs' Second Amended Complaint are denied.

88. The allegations of paragraph 88 of the Plaintiffs' Second Amended Complaint are denied.

89. The allegations of paragraph 89 of the Plaintiffs' Second Amended Complaint are denied.

90. The allegations of paragraph 90 of the Plaintiffs' Second Amended Complaint are denied.

91. The allegations of paragraph 91 of the Plaintiffs' Second Amended Complaint are denied.

92. The allegations of paragraph 92 of the Plaintiffs' Second Amended Complaint are denied.

93. The allegations of paragraph 93 of the Plaintiffs' Second Amended Complaint are denied.

94. The allegations of paragraph 94 of the Plaintiffs' Second Amended Complaint are denied.

95. The allegations of paragraph 95 of the Plaintiffs' Second Amended Complaint are denied.

96. The allegations of paragraph 96 of the Plaintiffs' Second Amended Complaint are denied.

97. The allegations of paragraph 97 of the Plaintiffs' Second Amended Complaint are denied.

98. Any and all of the allegations of the Plaintiffs' Second Amended Complaint not specifically admitted are expressly denied.

99. Harbor Walk denies being indebted to these Plaintiffs' or the Class Members, or any subclass thereof, under any theory of liability.

100. The claims asserted in the Second Amended Complaint may be barred, in part or in whole, due to the Plaintiffs' lack of standing to prosecute such claims.

101. Harbor Walk denies that the Plaintiffs or Class Members have been damaged in the manner or to the extent alleged, and further denies that the Plaintiffs or Class Members are entitled to any of the relief demanded in the "Prayer for Relief."

102. The claims asserted in the Second Amended Complaint may be barred, in part or in whole, due to the Plaintiffs' / Class Members' failure to mitigate their alleged damages.

103. The claims asserted in the Second Amended Complaint may be barred, in part or in whole, due to the absence of subject matter jurisdiction and/or lack of personal jurisdiction over defendant Taishan. This putative class action should be dismissed for lack of subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2).

104. Count I of the Second Amended Complaint (entitled "NEGLIGENCE (Against All Defendants)") fails to state a negligence claim against Harbor Walk, and fails to state sufficient facts upon which the relief demanded can be granted.

105. Count II of the Second Amended Complaint (entitled "NEGLIGENCE PER SE (Against All Defendants)") fails to state a negligence per se claim against Harbor Walk, and fails to state sufficient facts upon which the relief demanded can be granted.

106. Count III of the Second Amended Complaint (entitled "BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES (All Defendants)") fails to state a claim for breach of express or implied warranty against Harbor Walk, and fails to state sufficient facts upon which the relief demanded can be granted.

107. Count IV of the Second Amended Complaint (entitled "BREACH OF CONTRACT (Against Defendant Harbor Walk Only)") fails to state a breach of contract claim against Harbor Walk, and fails to state sufficient facts upon which the relief demanded can be granted.

108. Count V of the Second Amended Complaint (entitled "PRIVATE NUISANCE (Against All Defendants)") fails to state a private nuisance claim against Harbor Walk, and fails to state sufficient facts upon which the relief demanded can be granted.

109. Count VI of the Second Amended Complaint (entitled "UNJUST ENRICHMENT (All Defendants)") fails to state an unjust enrichment claim against Harbor Walk, and fails to state sufficient facts upon which the relief demanded can be granted.

110. Count VII of the Second Amended Complaint (entitled "VIOLATION OF CONSUMER PROTECTION ACTS (All Defendants)") fails to state a viable consumer protection claim against Harbor Walk under any of "the various Consumer protection Acts" alleged therein, and fails to state sufficient facts upon which the relief demanded can be granted.

111. Count VIII of the Second Amended Complaint (entitled "EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING (All Defendants)") fails to state a claim against Harbor Walk, and fails to state sufficient facts upon which the relief demanded can be granted.

112. To the extent applicable to any valid cause of action not dismissed by this Court, Harbor Walk reserves the right to rely on the following affirmative defenses pursuant to Rule 8: contributory negligence, assumption of the risk and the applicable statute of limitations.

113. Harbor Walk further reserves the right to rely upon any defense that becomes known to it through discovery and up to and including the time of trial.

WHEREFORE, Defendant Harbor Walk Development, LLC. respectfully prays that the Court enter an Order dismissing this action, for an award of its costs and fees, if appropriate, and for such other and further relief as the Court deems appropriate.

HARBOR WALK DEVELOPMENT, LLC

By:__/s/_ Christopher J. Wiemken_____
        Counsel

Christopher J. Wiemken (VSB #43299)
John Franklin, III (VSB #13267)
James E. Brydges, Jr. (VSB #4420)
Brian N. Casey (VSB #26710)
TAYLOR & WALKER, P.C.
555 E. Main Street, Suite 1300
Norfolk, VA 23510
(757) 625-7300
(757) 625-1504 (fax)
jfranklin@taylorwalkerlaw.com
jbrydges@taylorwalkerlaw.com
bcasey@taylorwalkerlaw.com
cwiemken@taylorwalkerlaw.com
Counsel for Harbor Walk Development, LLC

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Rule 12(b)(1) and 12(b)(6) Motions, Notice Requesting Hearing, and Answer has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 2nd day of December, 2009.



                                                      Christopher J. Wiemken

Christopher J. Wiemken (VSB #43299)
John Franklin, III (VSB #13267)
James E. Brydges, Jr. (VSB #4420)
Brian N. Casey (VSB #26710)
TAYLOR & WALKER, P.C.
555 E. Main Street, Suite 1300
Norfolk, VA 23510
(757) 625-7300
(757) 625-1504 (fax)
jfranklin@taylorwalkerlaw.com
jbrydges@taylorwalkerlaw.com
bcasey@taylorwalkerlaw.com
cwiemken@taylorwalkerlaw.com
Counsel for Harbor Walk Development, LLC