UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br>ALL CASES AND<br><br>Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al., Case No. 2:09-cv-6687 (E.D.La.) | |

PLAINTIFFS' MOTION TO INTERVENE PURSUANT TO
THE COURT'S SCHEDULING ORDER OF NOVEMBER 25, 2009

Plaintiffs, Jerry and Inez Baldwin, Steven and Elizabeth Heischober, Joseph and Kathy Leach, Preston and Rachael McKellar, J. Frederick and Vannessa Michaux, William and Deborah Morgan, and Robert and Lea Orlando, hereby move pursuant to Fed.R.Civ.P. 24 and this Court's Scheduling Order of November 25, 2009, to intervene in the above captioned action of *Germano*. Plaintiffs have an interest in the scope of the remediation program likely to result from the default judgment proceedings taking place in *Germano*. For the reasons set forth in their accompanying memorandum of law incorporated herein by reference, Plaintiffs' motion to intervene should be granted.

1

Respectfully submitted,

**Dated: December 3, 2009**         /s/ Fred S. Longer
Arnold Levin, Esquire
Fred S. Longer, Esquire
Daniel Levin, Esquire
Matthew C. Gaughan, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
*Co-counsel for Plaintiffs*

Richard Serpe, Esquire
LAW OFFICES OF RICHARD J. SERPE
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
*Counsel for Plaintiffs*

Michael D. Hausfeld, Esquire
Richard S. Lewis, Esquire
James J. Pizzirusso, Esquire
Faris Ghareeb, Esquire
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
*Co-counsel for Plaintiffs*

Richard W. Stimson, Esquire
Attorney at Law
920 Waters Reach Court
Alpharetta, Georgia 30022
Phone: 214-914-6128
*Co-counsel for Plaintiffs*

Robert Gary, Esquire
GARY, NAEGELE & THEADO, LLC
446 Broadway
Lorain, OH 44052
Phone: (440) 244-4809
Fax: (440) 244-3462
*Co-counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Plaintiffs' Motion to Intervene Pursuant to the Court's Scheduling Order of November 25, 2009, and Memorandum in Support thereof has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 3rd day of December, 2009.

/s/ Fred S. Longer
Arnold Levin
Fred S. Longer
Daniel Levin
Matthew Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street
Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
*Co-counsel for Plaintiff*

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br>ALL CASES AND<br><br>Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al., Case No. 2:09-cv-6687 (E.D.La.) | |

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION TO INTERVENE PURSUANT TO
THE COURT'S SCHEDULING ORDER OF NOVEMBER 25, 2009

I. **INTRODUCTION**

Plaintiffs, Jerry and Inez Baldwin, Steven and Elizabeth Heischober, Joseph and Kathy Leach, Preston and Rachael McKellar, J. Frederick and Vannessa Michaux, William and Deborah Morgan, and Robert and Lea Orlando, have moved pursuant to Fed.R.Civ.P. 24 and this Court's Scheduling Order of November 25, 2009, to intervene in the above captioned action of *Germano*. Plaintiffs have Taishan Gypsum Co., Ltd.'s defective drywall in their homes and therefore share an interest in the scope and extent of the remediation program likely to result from the default judgment proceedings taking place in *Germano*. For the reasons set forth below, Plaintiffs' motion to intervene should be granted.

II. **FACTUAL BACKGROUND**

Michelle Germano, Dennis Jackson, Sharon Jackson, Jason Dunaway and Lisa Dunaway filed their class action complaint on May 1, 2009, against Taishan, Harbor Walk LLC (a builder), Tobin Trading Inc, Venture Supply, Inc. and the Porter-Blaine Corporation. An

1

Amended Complaint was filed on May 26, 2009. On November 17, 2009, this Court granted plaintiffs leave to file their Second Amended Complaint through interlineation. Therein, the *Germano* plaintiffs on behalf of a national class against Taishan asserted several claims sounding in negligence, breach of contract, warranty, unjust enrichment, nuisance, and medical monitoring, for the damage to their home, other property and health. Similar claims were asserted against the remaining defendants on a state-wide basis.

On November 20, 2009, upon motion of the plaintiffs, this Court entered a default judgment against Taishan. In anticipation of default judgment proceedings, this Court entered a Scheduling Order on November 25, 2009, to address the scope and extent of appropriate remediation. Therein, the Court set a deadline of December 4, 2009 to file motions to intervene by any party.

Plaintiffs, Jerry and Inez Baldwin, Steven and Elizabeth Heischobert, Joseph and Kathy Leach, Preston and Rachael McKellar, J. Frederick and Vannessa Michaux, William and Deborah Morgan, and Robert and Lea Orlando, are parties in related actions pending in Virginia state and federal courts. In their individual complaints, Plaintiffs' allege a practical identity of claims against Taishan. *See* Compendium of complaints, attached hereto as Exhibit "A-I". Each of the Plaintiffs have homes in which Taishan's defective drywall has been installed. These plaintiffs' homes have been severely damaged by Taishan's drywall and in need of remediation. Plaintiffs submit that their complaints adequately state their claims for which intervention is sought and further incorporate the allegations of the *Germano* Second Amended Complaint for

2

purposes of Fed.R.Civ.P. 24(c).[1]

III. **ARGUMENT**

    A. **INTERVENTION SHOULD BE GRANTED UNDER FEDERAL RULE OF CIVIL PROCEDURE 24(b)(2).**

Federal Rule of Civil Procedure 24(b) governing permissive intervention is to be given a liberal construction, although the Court in the sound exercise of its discretion must make a thoughtful determination and must consider the potential adverse impact on the original parties in its decision to allow or deny intervention. *See United States v. Grand Trunk Western Railroad Co.*, 95 F.R.D. 463, 467 (W.D.Mich.1980). Federal Rule of Civil Procedure 24(b)(1)(B) provides that intervention is permissible when an applicant "has a claim or defense that shares with the main action a common question of law or fact." The court must also consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed.R.Civ.P. 24(b)(3). Stated differently, if there is a common question of law or fact, the requirement of the rule has been met and then it is within the Court's discretion to allow or refuse intervention.

In the *Germano* proceeding, the plaintiffs are absent class members that seek intervention because they are aligned with and adopted the *Germano* Second Amended Class Action

---

[1] Under Rule 24(c), the intervenors are required to submit a motion to intervene accompanied by a pleading setting out the claims or defenses for which intervention is sought, but courts in the Fifth Circuit employ this rule leniently and some allow intervenors simply to adopt the existing pleadings of the parties. *See S.E.C. v. Funding Resource Group*, 233 F.3d 575 (5th Cir. 2000)("Although the filing of a complaint in intervention is clearly required by the language of the rule, this court has traditionally "been lenient in hearing the appeals of parties who have failed to fulfill the provisions of Rule 24(c)."), citing, *International Marine Towing, Inc. v. Southern Leasing Partners, Ltd.*, 722 F.2d 126, 129 (5 th Cir.1983); 7C Wright, Miller, Kane, *Federal Practice and Procedure* §1914 at 517 (2007).

3

Complaint as their proposed pleading. It would be beyond peradventure, then, that there are common legal and factual questions between the movants and the main action instituted by the *Germano* plaintiffs.

It is then left to the exercise of the Court's discretion to allow intervention. The principal consideration is whether such intervention will "unduly delay or prejudice the adjudication of the rights of the original parties". In *Commonwealth Edison Co. v. Allis-Chalmers Mfg. Co.*, 207 F.Supp. 252, 257 (D.C.Ill.1962), *aff'd*, 315 F.2d 564 (7th Cir.1963), the court noted that this language is "a caution to the Court so that in its zeal to avoid a multiplicity of suits it will not hamper or vex the claims of the original parties". The few additional plaintiff parties should not be an imposition on these proceedings. Indeed, their presence provides the opportunity to explore the considerations necessary to afford proper remediation and resolution of related issues given the variations between structures affected by Taishan drywall. Further, these plaintiffs will be represented by the Plaintiffs Steering Committee ("PSC"), and the PSC proposes to thoroughly vet these plaintiffs' claims at the hearing and afford any interested party the opportunity to inspect these plaintiffs' homes, have the plaintiffs participate in discovery and provide PPFs (which they have already done), so that they can timely participate in the proceedings contemplated by this Court's November 25, 2009 Scheduling Order. Under these circumstances, the Court should find that intervention by these plaintiffs will not unduly delay the proceedings, nor prejudice the rights of the original parties, as the intervenors will be bound by the Court's November 25, 2009 scheduling order.

## IV. CONCLUSION

In light of the foregoing, the Court should find that the Plaintiffs' Motion to Intervene

4

under Federal Rule of Civil Procedure 24(b)(2) should be granted.

                                                Respectfully submitted,

**Dated: December 3, 2009**　　　　　　　　/s/ Fred S. Longer
Arnold Levin, Esquire
Fred S. Longer, Esquire
Daniel Levin, Esquire
Matthew C. Gaughan, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
*Co-counsel for Plaintiffs*

Richard Serpe, Esquire
LAW OFFICES OF RICHARD J. SERPE
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
*Counsel for Plaintiffs*

Michael D. Hausfeld, Esquire
Richard S. Lewis, Esquire
James J. Pizzirusso, Esquire
Faris Ghareeb, Esquire
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
*Co-counsel for Plaintiffs*

Richard W. Stimson, Esquire
Attorney at Law
920 Waters Reach Court
Alpharetta, Georgia 30022
Phone: 214-914-6128
*Co-counsel for Plaintiffs*

5

Robert Gary, Esquire
GARY, NAEGELE & THEADO, LLC
446 Broadway
Lorain, OH 44052
Phone: (440) 244-4809
Fax: (440) 244-3462
*Co-counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Plaintiffs' Motion to Intervene Pursuant to the Court's Scheduling Order of November 25, 2009, and Memorandum in Support thereof has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 3rd day of December, 2009.

/s/ Fred S. Longer
Arnold Levin
Fred S. Longer
Daniel Levin
Matthew Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street
Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
*Co-counsel for Plaintiff*