UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | * * * * * * * * * * | MDL Docket No. 2047<br><br>SECTION L<br><br>JUDGE FALLON<br><br>MAGISTRATE JUDGE WILKINSON |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**THIS DOCUMENT RELATES TO:** Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al., Case No. 2:09-cv-6687 (E.D.La.)

## MOTION FOR LEAVE TO INTERVENE

Knauf Plasterboard (Tianjin) Co. Ltd. ("KPT"), by and through its attorney, BAKER & McKENZIE LLP, hereby moves this Court for an Order permitting it to intervene for a limited purpose in the evidentiary hearing in the instant case, as authorized by Rule 24(b) of the Federal Rules of Civil Procedure. In further support if its Motion, KPT states as follows:

1. By its Scheduling Order dated November 24, 2009, the Court will hold an evidentiary hearing and related proceedings in the *Germano* case to address the scope and extent of appropriate remediation associated with allegedly defective drywall manufactured by the defaulted defendant Taishan Gypsum Co., Ltd f/k/a Shandong Taihe Dongxin Co., Ltd. ("Taishan").

2. KPT is a party to several cases pending before this Court in the MDL, including *Morris-Chin v. Knauf Plasterboard (Tianjin) Co., Ltd., et al.*, No. 09-4119, but is not a party to the

1

*Germano* case, nor is any drywall manufactured by KPT in plaintiffs' houses in the *Germano* case. However, plaintiffs in the *Germano* case allege similar property damages as the plaintiffs in the cases involving KPT. (*See, e.g., Germano* Compl., ¶¶ 21-24, 26-27, attached as Ex. A; *Morris-Chin* Compl., ¶¶ 30-31, attached as Ex. B.)

3. Pursuant to the Court's Scheduling Order, KPT inspected houses containing Taishan drywall in Virginia. At the evidentiary hearing, the Court will hear, among other things, evidence on the mitigation of damages, appropriate and reasonable remedies or repairs for houses containing allegedly defective drywall, and other related defenses. Based on its initial inspection of houses containing Taishan drywall, KPT believes that there may be common questions of fact between the *Germano* case and the cases against KPT.

3. Rule 24(b) of the Federal Rules of Civil Procedure provides that "on timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." This Court has discretion to allow KPT's intervention pursuant to Rule 24(b) where, as here, there likely are common questions of fact related to KPT's potential defenses, KPT is not adequately represented by other parties in the litigation, and KPT can contribute to the full development of the underlying factual issues. *See Weiss v. Allstate Ins. Co.*, 2007 U.S. Dist. LEXIS 59963, at *7 (E.D. La. 2007).

4. Because the evidentiary hearing concerning the scope and extent of appropriate remediation is a default proceeding against Taishan, Taishan will not appear, and therefore, will not adequately represent the interests of any manufacturer of allegedly defective Chinese drywall, including KPT. Even if Taishan or another manufacturer were to appear or intervene, KPT would still need to represent its own interests in the hearing and related proceedings.

6. The presence of a drywall manufacturer at the scheduled evidentiary hearing would contribute to the full development of the underlying factual issues at the hearing associated with assessing, remediating or repairing any property damage in houses containing Chinese drywall.

7. While KPT reserves its right to challenge the findings of an evidentiary hearing to the extent they are not applicable to houses in the United States with KPT's drywall, KPT has an interest in the evidentiary hearing and its related proceedings with respect to mitigation of damages and the scope of any remediation or repair efforts in houses containing Taishan drywall.

WHEREFORE, KPT respectfully requests leave to intervene in *Germano* pursuant to Rule 24(b) for the limited purpose of the Court's evidentiary hearing and related proceedings on the scope and extent of appropriate remediation.

Dated:     December 4, 2009         Respectfully submitted,

/s/ Douglas B. Sanders

Douglas B. Sanders
Richard Franklin
**BAKER & MCKENZIE LLP**
130 E. Randolph Dr.
Chicago, IL 60601
Telephone: (312) 861-8075
Facsimile: (312) 698-2375
Email: douglas.b.sanders@bakernet.com

Donald J. Hayden
**BAKER & MCKENZIE LLP**
1111 Brickell Avenue
Suite 1700
Miami, Florida 33131
Telephone: (305) 789-8966
Facsimile: (305) 789-8953
E-mail: Donald.hayden@bakernet.com

3

Kerry Miller (LA Bar No. 24562)
Kyle A. Spaulding (LA Bar No. 29000)
**FRILOT L.L.C.**
1100 Poydras Street
Suite 3700
New Orleans, Louisiana 70163
Telephone:   (504) 599-8194
Facsimile:    (504) 599-8145
Email: kmiller@frilot.com

*Attorneys for Defendant Knauf Plasterboard (Tianjin) Co., Ltd.*