# EXHIBIT

# B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. **09-20796**   CIV-KING

MAGISTRATE
BANDSTRA

JANET MORRIS-CHIN and DAJAN GREEN,
individually and on behalf of all others
similarly situated,

*Plaintiffs,*

vs.

KNAUF PLASTERBOARD TIANJIN CO.,
LTD., a Foreign corporation; KNAUF GIPS
KG, a Foreign corporation; KNAUF
PLASTERBOARD (WUHU) CO. LTD., a
Foreign corporation; KNAUF
PLASTERBOARD (DONGGUAN) CO. LTD.,
a Foreign corporation; and ROTHCHILT
INT'L., LTD., a Foreign corporation,

*Defendants.*

_____/

**COMPLAINT–CLASS ACTION**



## CLASS ACTION COMPLAINT

Plaintiffs, JANET MORRIS-CHIN and DAJAN GREEN, ("Plaintiffs"), individually and on

behalf of all others similarly situated, file this Class Action Complaint against defendants Knauf

Plasterboard Tianjin Co., Ltd. ("Knauf"), Knauf Gips KG ("Knauf Gips"); Knauf Plasterboard

(Wuhu) Co. Ltd. ("Knauf Wuhu"), Knauf Plasterboard (Dongguan) Co. Ltd. ("Knauf Dongguan"),

and Rothchilt Int'l, Ltd. ("Rothchilt") (collectively, "Defendants"), and allege as follows:

### INTRODUCTION

1.     This is a class action brought pursuant to Rule 23 of the Federal Rules of Civil

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346     www.podhurst.com

Procedure on behalf of Plaintiffs individually and others similarly situated who own homes in the United States that contain defective drywall that was designed, tested, manufactured, marketed, wholesaled, supplied and/or sold by Knauf, Knauf Wuhu, Knauf Dongguan, and Knauf Gips and imported into and distributed inside of the United States, including in the State of Florida, by Rothchilt.

2.     Drywall is a common manufactured building material used globally for the construction of interior walls and ceilings.  On information and belief, during the proposed class period, a substantial quantity of defective drywall was designed, tested, manufactured, marketed, wholesaled, supplied and/or sold by Knauf, Knauf Wuhu, Knauf Dongguan, Knauf Gips and Rothchilt.  The use of drywall is extensive.  Reporting indicates that over 10 million square feet of the defective drywall have been used in construction in the State of Florida alone, and that as many as 60,000 average-sized homes may have been built in the State of Florida with the defective drywall.  The same defective drywall is reported to have been installed in homes in at least twelve other states.

3.     The drywall designed, tested, manufactured, marketed, wholesaled, supplied and/or sold for use in the construction of homes and structures by Defendants was and is defective because toxic chemicals emanate from the drywall.  When certain chemical compounds in the drywall, including but not limited to sulphur, are exposed to moisture or react with other chemicals found in the houses, they create noxious chemicals that volatilize into the homes.  These chemicals that are released into the homes damage the houses, fixtures attached thereto, and personal property contained therein, and render the homes unsafe and/or uninhabitable.

4.     The defect in the drywall was latent and existed at the time of manufacture, sale and

H:\LIB\DOCS\40120\1120\CA08893.WPD

2

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346                    www.podhurst.com

installation of the defective drywall.  The defect exists irrespective of the manner in which the drywall was installed, maintained, or painted.  The defect cannot be repaired.

5.      The problems caused by defective drywall are numerous, including damage to other property in the home and adverse health effects on the occupants of the home.

6.      On behalf of themselves and the proposed class, Plaintiffs assert six (6) counts:  (a) a strict products liability claim; (b) a negligence claim; (c) a breach of the implied warranty of fitness claim; (d) an unjust enrichment claim; (e) a private nuisance claim; and (f) a claim for equitable relief seeking medical monitoring to monitor the effects of exposure to defective drywall on Plaintiffs and members of the proposed class.

## PARTIES

7.      At all times material to the allegations set forth herein, Plaintiffs were and are residents of Miami-Dade County, within Southern District of Florida who, within the applicable statute of limitations period(s), purchased a home containing defective drywall that was manufactured by Knauf, Knauf Wuhu, Knauf Dongguan, and Knauf Gips and imported and/or imported into the United States by Rothchilt.

8.      At all times material to the allegations set forth herein, Knauf was and is a company organized under the laws of the People's Republic of China and carries on a business that has directed its activities, including the manufacture and sale of drywall, to residents of the State of Florida, including within the Southern District of Florida, from which it has derived pecuniary gain. Knauf's principal place of business is located at North Yinhe Bridge, East Jingjin Road, Beichen District, Tianjin, 300400, China.  Upon information and belief Knauf is a wholly-owned subsidiary of Knauf Gips.

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346         www.podhurst.com

9.     At all times material to the allegations set forth herein, Knauf Wuhu was and is a company organized under the laws of the People's Republic of China and carries on a business that has directed its activities, including the manufacture and sale of drywall, to residents of the State of Florida, including within the Southern District of Florida, from which it has derived pecuniary gain. Knauf Wuhu's principal place of business is located at 2 Gang Wan Road, RC-241009, Wuhu Anhui, China.  Upon information and belief Knauf Wuhu is a wholly-owned subsidiary of Knauf Gips.

10.     At all times material to the allegations set forth herein, Knauf Dongguan was and is a company organized under the laws of the People's Republic of China and carries on a business that has directed its activities, including the manufacture and sale of drywall, to residents of the State of Florida, including within the Southern District of Florida, from which it has derived pecuniary gain. Knauf Dongguan's principal place of business is located at No. 2 Xinsha Development Zone RC-523147, Guangdong, China. Upon information and belief Knauf Dongguan is a wholly-owned subsidiary of Knauf Gips.

11.     At all times material to the allegations set forth herein, Knauf Gips was and is a corporation organized under the laws of Germany and carries on a business that has directed its activities, including the manufacture and sale of drywall, to residents of the State of Florida, including within the Southern District of Florida, from which it has derived pecuniary gain. Knauf Gips is an international leading manufacturer of building materials and systems.  Knauf Gips, together with its affiliates, including Knauf, has over 130 plants worldwide and has annual sales exceeding 4.8 billion Euros.  Knauf Gips, in conjunction with its subsidiaries and affiliates, does business in over 50 countries and employs approximately 20,000 individuals worldwide. Knauf Gips

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

does substantial business in the United States of America generally, and in the State of Florida specifically. Since the late 1990's Knauf Gips built three plants for the manufacture of drywall in China. These plants are located in Wuhu, Tianjin and Dongguan. Upon information and belief, Knauf Gips exercises strict control over the manufacture and sale of drywall by its Chinese subsidiaries and affiliates, including Knauf, Knauf Wuhu and Knauf Dongguan. Upon information and belief, at all material times hereto, Knauf Gips supervised, operated, trained and otherwise exercised control and/or had the right to control the operations of Knauf, Knauf Wuhu, Knauf Dongguan and their agents, apparent agents, and employees. Knauf Gips also established the quality control criteria for the production of drywall and monitored the production of drywall according to these criteria by its subsidiaries, including Knauf, Knauf Wuhu, and Knauf Dongguan.

12.      At all times material to the allegations set forth herein, Rothchilt was and is a company organized in the Republic of China and carried on a business that has directed its activities, including the distribution or importation of the defective drywall, to residents of the Southern District of Florida and the State of Florida, from which it has derived pecuniary gain. Rothchilt's principal place of business is located at N-510 Chia Hsin Bld. Annex 96 Chung Shan N. Rd. Sec. 2, Tapei Taiwan, R.O.C. Rothchilt is the distributor and/or importer of the defective drywall manufactured by Knauf, Knauf Gips, Knauf Wuhu and Knauf Dongguan, and placed in Plaintiffs' home and the homes of those similarly situated.

### JURISDICTION AND VENUE

13.      This action is brought as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

14.      This Court has original jurisdiction over this action pursuant to  28 U.S.C. §

**Podhurst Orseck, P.A.**

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346                www.podhurst.com

1332(d)(2)(B) because this action is a class action and Plaintiffs are citizens of the State of Florida and Defendants Knauf, Knuf Wuhu, Knauf Dongguan, Knauf Gips, and Rothchilt are citizens or subjects of foreign states and the aggregated claims of Plaintiffs and the class, exclusive of interest and costs, exceed Five Million Dollars ($5,000,00000).

15.     Venue is proper pursuant to Chapter 28 U.S.C. § 1391(a) because a substantial part of the acts and omissions giving rise to the claims occurred and the property that is the subject of the action is situated in this District.

16.     This Court may exercise personal jurisdiction over Knauf pursuant to § 48.193, Fla. Stat., because Knauf, personally or through an agent operated, conducted, engaged in or carried out a business or business venture in this State.  This Court may further exercise personal jurisdiction over Knauf because Knauf, personally or through an agent, committed a tortious act within this State. This Court may further exercise personal jurisdiction over Knauf because, by its acts or omissions, Knauf, either personally or through an agent, caused injury to property within this State and, at or about the time of injury, products and/or materials manufactured, serviced and/or processed by Knauf, personally or through an agent, were consumed by persons within this State in the ordinary course of commerce, trade or use.  This Court may further exercise personal jurisdiction over Knauf because Knauf, personally, or through an agent, engaged in substantial and not isolated activity in the State.

17.     This Court may exercise personal jurisdiction over Knauf Wuhu pursuant to § 48.193, Fla. Stat., because Knauf Wuhu personally or through an agent operated, conducted, engaged in or carried out a business or business venture in this State.  This Court may further exercise personal jurisdiction over Knauf Wuhu because Knauf Wuhu, personally or through an agent, committed a

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Port Lauderdale 954.463.4346         www.podhurst.com

tortious act within this State. This Court may further exercise personal jurisdiction over Knauf Wuhu because, by its acts or omissions, Knauf Wuhu, either personally or through an agent, caused injury to property within this State and, at or about the time of injury, products and/or materials manufactured, serviced and/or processed by Knauf Wuhu personally or through an agent, were consumed by persons within this State in the ordinary course of commerce, trade or use. This Court may further exercise personal jurisdiction over Knauf Wuhu because Knauf Wuhu, personally, or through an agent, engaged in substantial and not isolated activity in the State.

18.     This Court may exercise personal jurisdiction over Knauf Dongguan pursuant to § 48.193, Fla. Stat., because Knauf Dongguan, personally or through an agent operated, conducted, engaged in or carried out a business or business venture in this State. This Court may further exercise personal jurisdiction over Knauf Dongguan because Knauf Dongguan, personally or through an agent, committed a tortious act within this State. This Court may further exercise personal jurisdiction over Knauf Dongguan because, by its acts or omissions, Knauf Dongguan, either personally or through an agent, caused injury to property within this State and, at or about the time of injury, products and/or materials manufactured, serviced and/or processed by Knauf Dongguan personally or through an agent, were consumed by persons within this State in the ordinary course of commerce, trade or use. This Court may further exercise personal jurisdiction over Knauf Dongguan because Knauf Dongguan, personally, or through an agent, engaged in substantial and not isolated activity in the State.

19.     This Court may exercise personal jurisdiction over Knauf Gips pursuant to § 48.193, Fla. Stat., because Knauf Gips, personally or through an agent operated, conducted, engaged in or carried out a business or business venture in this State. This Court may further exercise personal

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130. Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346     www.podhurst.com

jurisdiction over Knauf Gips because Knauf Gips, personally or through an agent, committed a tortious act within this State. This Court may further exercise personal jurisdiction over Knauf Gips because, by its acts or omissions, Knauf Gips, either personally or through an agent, caused injury to property within this State and, at or about the time of injury, products and/or materials manufactured, serviced and/or processed by Knauf Gips, personally or through an agent, were consumed by persons within this State in the ordinary course of commerce, trade or use. This Court may further exercise personal jurisdiction over Knauf Gips because Knauf Gips, personally, or through an agent, engaged in substantial and not isolated activity in the State.

20.     This Court may exercise personal jurisdiction over Rothchilt pursuant to § 48.193, Fla. Stat., because Rothchilt, personally or through an agent operated, conducted, engaged in or carried out a business or business venture in this State.  This Court may further exercise personal jurisdiction over Rothchilt because Rothchilt, personally or through an agent, committed a tortious act within this State.  This Court may further exercise personal jurisdiction over Rothchilt because, by its acts or omissions, Rothchilt, either personally or through an agent, caused injury to property within this State and, at or about the time of injury, products and/or materials manufactured, serviced and/or processed by Rothchilt, personally or through an agent, were consumed by persons within this State in the ordinary course of commerce, trade or use.  This Court may further exercise personal jurisdiction over Rothchilt because Rothchilt, personally, or through an agent, engaged in substantial and not isolated activity in the State.

## SUBSTANTIVE ALLEGATIONS
### Allegations Related to Defendants

21.     Knauf designs, tests, manufacturers, creates, distributes, wholesales, markets and/or

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800   Fax 305.358.2382  •  Fort Lauderdale 954.463.4346                 www.podhurst.com

sells drywall. Knauf designed, tested, manufactured, created, distributed, wholesaled, marketed, exported and/or sold drywall containing high levels of toxic chemicals during the class period.

22.    On information and belief, Knauf begin manufacturing drywall in 1995. In 2001 Knauf established three plasterboard plants located in Wuhu (Anhui province), Tianjin and Dongguan (Guangdong province), operated by Knauf, Knauf Wuhu, and Knauf Dongguan

23.    Since as early as approximately 1997, Knauf has continuously and systematically distributed and sold drywall to numerous purchasers in the State of Florida, including suppliers based in the Southern District of Florida, to be used in construction in the State of Florida and throughout the United States.

24.    Knauf marketed, sold or caused to be marketed and sold drywall it manufactured with the expectation that it would be purchased and used by thousands of consumers in the State of Florida and throughout the United States. Knauf purposefully availed itself to the laws of the State of Florida by shipping substantial quantities of drywall into the State of Florida through Florida ports, including through ports in the Southern District of Florida, and by seeking out and hiring experts, investigators, and consultants and other agents in the State of Florida in response to complaints relating to the defective drywall described herein.

25.    Knauf Gips through its subsidiaries Knauf, Knauf Wuhu, and Knauf Dongguan, which are its apparent and/or actual agents, designs, tests, manufacturers, creates, distributes, wholesales, markets and/or sells drywall. Knauf Gips manufactured, created, distributed, wholesaled, marketed, exported and/or sold drywall containing high levels of toxic chemicals that was installed in Plaintiffs' home.

26.    On information and belief, Knauf Gips has since as early as approximately 1997

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

continuously and systematically distributed and sold drywall to numerous purchasers in the State of Florida and throughout the United States, including suppliers based in the Southern District of Florida, to be used in construction in the State of Florida. Knauf Gips marketed, sold or caused to be marketed and sold drywall with the expectation that it would be purchased and used by thousands of consumers in the State of Florida and throughout the United States. Knauf Gips purposefully availed itself to the laws of the State of Florida by shipping substantial quantities of drywall into the State of Florida through Florida ports, including through ports in the Southern District of Florida, and by seeking out and hiring experts, investigators, and consultants and other agents in the State of Florida in response to complaints relating to the defective drywall described herein.

27. Rothchilt distributes, wholesales, markets and/or sells drywall. Rothchilt distributed, wholesaled, marketed, exported and/or sold drywall containing high levels of toxic chemicals manufactured by Knauf, Knauf Wuhu, Knauf Dongguan, and Knauf Gips. Rothchilt marketed, sold or caused to be marketed and sold drywall with the expectation that it would be purchased and used by thousands of consumers in the State of Florida and throughout the United States. Rothchilt purposefully availed itself to the laws of the State of Florida by shipping substantial quantities of drywall into the State of Florida through Florida ports, including through ports in the Southern District of Florida.

**Allegations Related to Plaintiffs**

28. On or about November 6, 2006, Plaintiffs purchased a new residence, located at 11333 SW 236 Lane, Miami, Florida, 33032.

29. On or about November 6, 2006, Plaintiffs closed on and moved into their new home, which -- unbeknownst to them -- was built with defective drywall manufactured and supplied by

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382 •  Fort Lauderdale 954.463.4346                    www.podhurst.com

Defendants.

30.     The defective drywall caused damages to Plaintiffs because they have experienced damage to their home, fixtures attached thereto, and personal property contained therein and have suffered adverse health effects as a direct result of the toxic chemicals emanating from the defective drywall.  Consequently, the homes of Plaintiffs and members of the putative class in which defective drywall has been installed are in need of costly remediation.

31.     The drywall contained in Plaintiffs' home was supposed to be safe and free from defects but, in reality, because of the toxic chemicals it contains, is unfit for the purpose for which it was sold and, as a consequence, Plaintiffs' home is unhabitable because it fails to meet ordinary, normal standards that are reasonably to be expected of living quarters of comparable kind because of the defective drywall installed therein.

## CLASS REPRESENTATION ALLEGATIONS

32.     Plaintiffs bring this action on their own behalf and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.   The class Plaintiffs propose to represent is defined as follows:

> All natural persons and business entities residing in the United States whose homes contain the defective drywall that was designed, tested, manufactured, distributed, supplied, wholesaled, marketed and/or sold by Defendants (the "Class").

Excluded from the Class are Defendants, their parents, subsidiaries and affiliates, their directors and officers, and members of their immediate families.  Also excluded from the Class are the Court, the spouse or partner of the Court, if applicable, all persons within the third degree of relationship to the Court and its spouse, and the spouses of all such persons.

33.     The prerequisites to class representation pursuant to Rule 23(a) are present in this

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

action as follows:

A. **Numerosity.** The members of the Class are so numerous and geographically diverse that joinder of all of them is impracticable. While the exact number and identities of members of the Class are unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs believe and therefore aver that there are hundreds if not thousands of Class members in the State of Florida and throughout the United States because, upon information and belief, hundreds if not thousands of people have homes which contain the defective drywall that was manufactured or supplied by Defendants.

B. **Commonality:** There are questions of fact and law common to the claims of the Plaintiffs and the members of the Class that predominate over any questions affecting any individual members including, among others, the following questions:

1. Whether the drywall was defective;

2. Whether the defective drywall was designed, tested, manufactured, created, distributed, wholesaled, marketed, exported and/or sold by Knauf, Knauf Wuhu, and Knauf Dongguan;

3. Whether the defective drywall was designed, tested, manufactured, created, distributed, wholesaled, marketed, exported and/or sold by Knauf Gips;

4. Whether the defective drywall was designed, tested, manufactured, created, distributed, wholesaled, marketed, exported and/or sold by Rothchilt;

5. Whether the defective drywall was negligently designed, tested, manufactured, created, distributed, wholesaled, marketed, exported and/or sold by Knauf, Knauf Wuhu, and Knauf Dongguan;

H:\LEXDOCS\01\001\00\CMEXO.WPD

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346      www.podhurst.com

6.      Whether the defective drywall was negligently designed, tested, manufactured, created, distributed, wholesaled, marketed, exported and/or sold by Knauf Gips;

7.      Whether the defective drywall was negligently designed, tested, manufactured, created, distributed, wholesaled, marketed, exported and/or sold by Rothchlit;

8.      Whether the defective drywall was installed in homes of Plaintiffs and members of the Class;

9.      Whether Defendants failed to disclose that the drywall was defective;

10.     Whether the drywall breached the implied warranty of fitness for the purpose for which it was sold by Defendants;

11.     Whether the defective drywall caused damages to the homes, fixtures attached thereto, and personal property contained therein belonging to Plaintiffs and members of the Class;

12.     Whether the defective drywall rendered the homes of Plaintiffs and the members of the Class uninhabitable.

C.      **Typicality.**  Plaintiffs' claims are typical of the claims of the other members of the Class in that Plaintiffs allege a common course of conduct by Defendants towards members of the Class.   Plaintiffs, like other members of the respective Class, have purchased homes containing defective drywall that was designed, tested, manufactured, created, distributed, wholesaled, marketed, exported and/or sold by Defendants.  Plaintiffs and the other members of the respective Class seek identical remedies under identical legal theories, and there is no antagonism or material factual variation between Plaintiffs' claims and those of the respective Class.

D.      **Adequacy:**  Plaintiffs will fairly and adequately protect the interests of the

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382 • Fort Lauderdale 954.463.4346                              www.podhurst.com

Class. Plaintiffs' claims are coextensive with, and not antagonistic to, the claims of the other members of the Class. Plaintiffs are willing and able to vigorously prosecute this action on behalf of the Class, and Plaintiffs have retained competent counsel experienced in litigation of this nature.

34.    Plaintiffs bring this action under Rule 23(b)(3) of the Federal Rules of Civil Procedure because common questions of law and fact predominate over questions of law and fact affecting individual members of the Class. Indeed, the predominant issues in this action are whether Defendants are violating and have violated the law by supplying defective drywall in the United States and in the State of Florida.

35.    Plaintiffs also bring this action under Rule 23(b)(1) of the Federal Rules of Civil Procedure because prosecuting separate actions on behalf of members of the Class would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class and prosecuting separate actions would create a risk that adjudications with respect to individual member of the class could as a practical matter be dispositive of the interests of other members who are not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

36.    The expense of litigating each Class member's claim individually would be so cost prohibitive as to deny Class members a viable remedy. Should individual Class members be required to bring separate actions, this Court would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346              www.podhurst.com

management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by this Court. Certification under Rule 23 of the Federal Rules of Civil Procedure is therefore appropriate because a class action is superior to the other available methods for the fair and efficient adjudication of this action, and Plaintiffs envision no unusual difficulty in the management of this action as a class action.

37.     With respect to Plaintiffs' request for injunctive relief as relates to medical monitoring, Plaintiffs bring Count VI pursuant to Rule 23(b)(2) because Defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief is appropriate respecting the class as a whole.

## EQUITABLE TOLLING

38.     The running of any applicable statute of limitations has been tolled by reason of Defendants' fraudulent concealment. Defendants, by failing to disclose a known defect to Plaintiffs and the Class, and misrepresenting the nature of their product, concealed from Plaintiffs and the Class the risks associated with defective drywall.

39.     As a result of Defendants' actions, Plaintiffs and the Class could not reasonably know or have learned of the defect in the drywall through the exercise of reasonable diligence. In fact, no member of the Class could have discovered the existence of the defect in the drywall until press reports of defective drywall were released in December 2008.

40.     Defendants must be estopped from relying on any statute of limitations because of their fraudulent concealment of the defective nature of the drywall installed in the homes of Plaintiffs and the Class.

41.     Plaintiffs and the Class had no knowledge that Defendants were engaged in

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346                www.podhurst.com

wrongdoing and, because of Defendants' fraudulent concealment thereof, any applicable statute of limitations must be tolled.

## COUNT I
## PRODUCTS LIABILITY
### Strict Liability (Defective Product)
### All Defendants

42.     Plaintiffs hereby adopt and incorporate by reference paragraphs 1 to 41 as if fully set forth herein.

43.     This Count addresses the unlawful practice of placing a defective product -- defective drywall -- into the stream of commerce through the design, testing, manufacture, distribution, wholesale, marketing, and/or sale of defective drywall by Knauf, Knauf Wuhu, Knauf Dongguan, Knauf Gips, and Rothchilt.

44.     Knauf, Knauf Wuhu, Knauf Dongguan, Knauf Gips, and Rothchilt are in the for-profit business manufacturing and supplying drywall for use in construction in the United States and in the State of Florida.

45.     Knauf, Knauf Wuhu, Knauf Dongguan, Knauf Gips and Rothchilt placed defective drywall into the stream of commerce for use in construction of Plaintiffs' homes and Plaintiffs are expected, foreseeable consumers, users or handlers of drywall. The drywall was defective at the time Knauf, Knauf Wuhu, Knauf Dongguan, Knauf Gips and Rothchilt introduced it into the stream of commerce.

46.     At all material times, the defective drywall and homes or structures containing defective drywall were used for their intended purposes and the defective drywall was installed in the normal course of construction without any known changes or alterations to its condition.

16

Podhurst Orseck, P.A.
25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

47.   The defective drywall was incorporated into the homes and structures sold to Plaintiffs and the Class before the damages to Plaintiffs and the Class were caused.

48.   Unknown to and hidden from Plaintiffs and the Class, the drywall installed in their homes was defective because it contained toxic chemicals that damaged homes, fixtures attached thereto, and personal property contained therein, and rendered the homes unsafe and/or uninhabitable. The drywall also did not conform to applicable building standards, guidelines and/or codes intended to protect Plaintiffs and the Class.

49.   As a direct and proximate result of the faulty and/or defective design, testing, manufacture, distribution, wholesale, marketing, and/or sale of defective drywall by Knauf, Knauf Wuhu, Knauf Dongguan, Knauf Gips, and Rothchilt, Plaintiffs and members of the Class suffered damages, including, but not limited to, property damage to their homes, to fixtures attached thereto and property contained therein.

50.   If Knauf, Knauf Wuhu, Knauf Dongguan, Knauf Gips, and Rothchilt had exercised that degree of care that a prudent or reasonably cautious person acting under the same circumstances would exert, they could have foreseen that the drywall was defective and that damages to Plaintiffs and the Class would reasonably be expected to ensue as a result of the design, testing, manufacture, distribution, wholesale, marketing, and/or sale of defective drywall for construction in homes.

51.   As a direct and proximate result of the foregoing acts and omissions of the Defendants, the homes of Plaintiffs and the Class require extensive reconstruction and repairs and will incur inspection, repair and replacement costs to repair their homes, fixtures attached thereto, and personal property contained therein.

53.   As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs and

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346        www.podhurst.com

Class Members have incurred economic damages and are entitled to recover monetary damages for: replacement/repair of their homes; the removal and replacement of all of the drywall contained in their homes; the replacement of other property (air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, electronic appliances, and other metal surfaces and household items); and the repair and/or replacement of any materials contaminated or corroded by the drywall.

54.     As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs and Class Members have incurred or will incur incidental and consequential damages for the costs of moving while homes are being repaired; renting of comparable housing during the duration of the repairs; the loss of use and enjoyment of real property; the loss in value of the home due to the stigma attached to having defective drywall in the home; and other related expenses.  For some members of the Class the consequential damages include the loss of the home to foreclosure as a result of the inability to pay their mortgages and simultaneously pay for safe-haven housing, as well damage to their credit ratings.

55.     Plaintiffs seek to obtain a pecuniary benefit for the Class in the form of all actual and consequential damages from Defendants.  Plaintiffs' counsel are entitled to recover their reasonable attorneys' fees and expenses as a result of conferring a pecuniary benefit on behalf of the Class, and will seek an award of such fees and expenses at the appropriate time.

**COUNT II**
**NEGLIGENCE**
**All Defendants**

56.     Plaintiffs hereby adopt and incorporate by reference paragraphs 1 to 41 as if fully set forth herein.

H:\LEGDOCS\012241.DJ\PACMB03.WPD                    18

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346              www.podhurst.com

57.     Plaintiffs bring this claim for the unlawful practice of breaching a duty to design, test, manufacture, distribute, wholesale, market, and/or sell drywall that is free from defects and in compliance with applicable laws, codes, regulations and standards applicable to the industry that are intended to protect Plaintiffs and the Class.

58.     At all material times, Defendants owed duties of care to Plaintiffs and the Class to design, test, manufacture, distribute, wholesale, market, and/or sell materials that were free from defects and in compliance with applicable laws, codes, regulations and standards applicable to the industry and intended to protect Plaintiffs and the Class. At all material times, Defendants were also under duties to disclose any defects in the drywall they designed, tested, manufactured, distributed, wholesaled, marketed, and/or sold. These duties were independent of any duty to perform under any written contract or warranty.

59.     At the time Knauf, Knauf Wuhu, Knauf Dongguan, Knauf Gips, and Rothchilt designed, tested, manufactured, distributed, wholesaled, marketed, and/or sold the drywall, the drywall was defective and not in compliance with applicable laws, codes, regulations and standards applicable to the industry and intended to protect Plaintiffs and the Class.

60.     Knauf, Knauf Wuhu, Knauf Dongguan, Knauf Gips, and Rothchilt breached their duties of care to Plaintiffs and the Class by one or more of the following means:

A.     Failing to exercise reasonable care in the design, testing, manufacturing, distribution, wholesale, marketing, and/or sale of defective drywall that was likely to, and did, cause property and other damage to the intended users through exposure to sulphur and sulphur compounds;

B.     Failing to exercise reasonable care in overseeing, managing, controlling,

H:\LSF\DOCS\40120\1\120PCM#8ED.WPD                    19

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

inspecting, investigating and/or auditing the manufacturer of the drywall and the supply of its component materials;

C.    Failing to exercise reasonable care in overseeing, managing, controlling, inspecting, investigating and/or auditing of the discrete processes used in the manufacture of drywall to prevent the harm to Plaintiffs and the Class;

D.    Failing to comply with applicable laws, codes, regulations and standards applicable to the industry and intended to protect Plaintiffs and the Class;

E.    Failing to exercise reasonable care in overseeing, managing, controlling, inspecting, investigating and/or auditing of the process of supplying drywall for use in construction in the State of Florida and throughout the United States to prevent the harm to Plaintiffs and the Class;

F.    Failing to adequately warn foreseeable users of the defective nature of the drywall;

G.    Failing to initiate a timely recall of the defective drywall; and

H.    Failing to initiate a remediation plan as relates ot to defective drywall installed in homes in the United States and the State of Florida.

61.    If Knauf, Knauf Wuhu, Knauf Dongguan, Knauf Gips, and Rothchilt had exercised that degree of care that a prudent or reasonably cautious person acting under the same circumstances would exert, they could have foreseen that the drywall was defective and that damages to Plaintiffs and the Class would reasonably be expected to ensue as a result of the design, testing, manufacture, distribution, wholesale, marketing, and/or sale of defective drywall.

62.    Plaintiffs and the Class were damaged as a direct and proximate result of the

R:\LIT\DOCS\40128\1\PLD\4880\.WPD                    20

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

Defendants' breaches of their respective duties of care, which caused damage to Plaintiffs' home, to fixtures attached thereto, and to property contained therein, and/or rendered the homes unsafe and/or uninhabitable.

63.    The damages suffered by Plaintiffs and the Class, which are separate and apart from those damages resulting from any breach of contract or warranty, were directly and proximately caused by the Defendants.

64.    As a direct and proximate result of the foregoing acts and omissions of the Defendants, the homes of Plaintiffs and the Class require extensive reconstruction and repairs and will incur inspection, repair and replacement costs to repair their homes, fixtures attached thereto, and personal property contained therein.

65.    As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs and Class Members have incurred economic damages and are entitled to recover monetary damages for: replacement/repair of their homes; the removal and replacement of all of the drywall contained in their homes; the replacement of other property (air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, electronic appliances, and other metal surfaces and household items); and the repair and/or replacement of any materials contaminated or corroded by the drywall.

66.    As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs and Class Members have incurred or will incur incidental and consequential damages for the costs of moving while homes are being repaired; renting of comparable housing during the duration of the repairs; the loss of use and enjoyment of real property; the loss in value of the home due to the stigma attached to having defective drywall in the home; and other related expenses.  For some

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.6346                    www.podhurst.com

members of the Class the consequential damages include the loss of the home to foreclosure as a result of the inability to pay their mortgages and simultaneously pay for safe-haven housing, as well as damage to their credit ratings.

67.  Plaintiffs seek to obtain a pecuniary benefit for the Class in the form of all actual and consequential damages recoverable from Defendants. Plaintiffs' counsel are entitled to recover their reasonable attorneys' fees and expenses as a result of conferring of a pecuniary benefit on behalf of the Class, and will seek an award of such fees and expenses at the appropriate time.

## COUNT III
## BREACH OF IMPLIED WARRANTY OF FITNESS
### All Defendants

68.  Plaintiffs hereby adopt and incorporate by reference paragraphs 1 to 41 as if fully set forth herein.

69.  This count addresses the unlawful practice of selling drywall that fails to meet the ordinary, normal standards that are reasonably to be expected of products of comparable kind.

70.  Knauf, Knauf Wuhu, Knauf Dongguan, Knauf Gips, and Rothchilt sold or supplied drywall that carried an implied warranty of fitness for use in the construction of residential homes and that was reasonably free of defects.

71.  Plaintiffs and the Class used and/or occupied the homes that contained drywall that was used in the intended manner.

72.  The drywall that was sold or supplied by Knauf, Knauf Wuhu, Knauf Dongguan, Knauf Gips, and Rothchilt failed to meet the ordinary, normal standards that are reasonably to be expected of drywall because the drywall emits toxic chemicals which damage homes, fixtures attached thereto, and personal property contained therein, and renders the homes unsafe and/or

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

uninhabitable.

73.    Knauf, Knauf Wuhu, Knauf Dongguan, Knauf Gips, and Rothchilt therefore breached the implied fitness in connection with the sale or supply of defective drywall to Plaintiffs and the Class.

74.    The breach existed at the time of the sale or supply of the defective drywall to Plaintiffs and to the Class.

75.    As a direct and proximate result of the Defendants' breaches, Plaintiffs and members of the Class have suffered damages, including, but not limited to, damage to Plaintiffs' home, to fixtures attached thereto, to property contained therein, and/or rendered Plaintiffs' home unsafe and/or uninhabitable.

76.    As a direct and proximate result of the foregoing acts and omissions of the Defendants, the homes of Plaintiffs and the Class require extensive reconstruction and repairs and will incur inspection, repair and replacement costs to repair their homes, fixtures attached thereto, and personal property contained therein.

77.    As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs and Class Members have incurred economic damages and are entitled to recover monetary damages for: replacement/repair of their homes; the removal and replacement of all of the drywall contained in their homes; the replacement of other property (air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, electronic appliances, and other metal surfaces and household items); and the repair and/or replacement of any materials contaminated or corroded by the drywall.

78.    As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs and

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346                    www.podhurst.com

Class Members have incurred or will incur incidental and consequential damages for the costs of moving while homes are being repaired; renting of comparable housing during the duration of the repairs; the loss of use and enjoyment of real property; the loss in value of the home due to the stigma attached to having defective drywall in the home; and other related expenses. For some members of the Class the consequential damages include the loss of the home to foreclosure as a result of the inability to pay their mortgages and simultaneously pay for safe-haven housing, as well as damage to their credit ratings.

79.     Plaintiffs seek to obtain a pecuniary benefit for the Class in the form of all actual and consequential damages recoverable. Plaintiffs' counsel are entitled to recover their reasonable attorneys' fees and expenses as a result of conferring a pecuniary benefit on behalf of the Class, and will seek an award of such fees and expenses at the appropriate time.

## COUNT IV
## UNJUST ENRICHMENT
### All Defendants

80.     Plaintiffs hereby adopt and incorporate by reference paragraphs 1 to 41 as if fully set forth herein.

81.     Knauf, Knauf Wuhu, Knauf Dongguan, Knauf Gips, and Rothchilt individually and collectively profited from the sale of the defective drywall to Plaintiffs and the Class, receiving payment themselves or through an agent. Defendants received payment for the defective drywall and have retained those sums to the detriment of Plaintiffs and the Class.

82.     Defendants' receipt and retention of the profits gained by sale of the defective drywall to Plaintiffs and the Class is unjust and inequitable.

83      Defendants knew or should have known of the damages their defective drywall would

Podhurst Orseck, P.A.

cause as described herein.

84. As a direct and proximate result of the foregoing acts and omissions of the Defendants, the homes of Plaintiffs and the Class require or will require extensive reconstruction and repairs and will incur inspection, repair and replacement costs to repair their homes, fixtures attached thereto, and personal property contained therein.

85. As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs and Class Members have incurred economic damages and are entitled to recover monetary damages for: replacement/repair of their homes; the removal and replacement of all of the drywall contained in their homes; the replacement of other property (air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, electronic appliances, and other metal surfaces and household items); and the repair and/or replacement of any materials contaminated or corroded by the drywall.

86. As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs and Class Members have incurred or will incur incidental and consequential damages for the costs of moving while homes are being repaired; renting of comparable housing during the duration of the repairs; the loss of use and enjoyment of real property; the loss in value of the home due to the stigma attached to having defective drywall in the home; and other related expenses. For some members of the Class the consequential damages include the loss of the home to foreclosure as a result of the inability to pay their mortgages and simultaneously pay for safe-haven housing, as well as damage to their credit ratings.

87. Plaintiffs seek to obtain a pecuniary benefit for the Class in the form of all actual and consequential damages recoverable. Plaintiffs' counsel are entitled to recover their reasonable

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   www.podhurst.com

attorneys' fees and expenses as a result of conferring a pecuniary benefit on behalf of the Class, and will seek an award of such fees and expenses at the appropriate time.

## COUNT V
## PRIVATE NUISANCE
### (Against All Defendants)

88.     Plaintiffs hereby adopt and incorporate by reference paragraphs 1 to 41 as if fully set forth herein.

89.     The Defendants' tortious or wrongful acts or omissions have caused toxic chemicals to be released into Plaintiffs' and Class Members' homes which has unreasonably interfered and continues to interfere, with the Plaintiffs' and Class Members' use and enjoyment of their properties and caused them potential health problems.

90.     Defendants' interference has impaired the rights of Plaintiffs and Class Members to health, comfort, safety, free use of their property, and/or peaceful enjoyment of their property.

91.     Defendants' invasions were intentional and unreasonable, and/or unintentional but otherwise negligent or reckless.

92.     The interference with Plaintiffs' and Class Members' use of their property caused by Defendants is substantial and is ongoing.

93.     Defendants' private nuisance was the direct, proximate, and foreseeable cause of Plaintiffs' and Plaintiff Class Members' damages, injuries, harm, economic loss, and increased risk of harm, which they suffered and will continue to suffer.

94.     As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs and Class Members have incurred economic damages and are entitled to recover monetary damages for: replacement/repair of their homes; the removal and replacement of all of the drywall contained in

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

their homes; the replacement of other property (air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, electronic appliances, and other metal surfaces and household items); and the repair and/or replacement of any materials contaminated or corroded by the drywall.

95.     As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs and Class Members have incurred or will incur incidental and consequential damages for the costs of moving while homes are being repaired; renting of comparable housing during the duration of the repairs; the loss of use and enjoyment of real property; the loss in value of the home due to the stigma attached to having defective drywall in the home; and other related expenses.  For some members of the Class the consequential damages include the loss of the home to foreclosure as a result of the inability to pay their mortgages and simultaneously pay for safe-haven housing, as well as damage to their credit ratings.

96.     Plaintiffs seek to obtain a pecuniary benefit for the Class in the form of all actual and consequential damages recoverable.  Plaintiffs' counsel are entitled to recover their reasonable attorneys' fees and expenses as a result of conferring a pecuniary benefit on behalf of the Class, and will seek an award of such fees and expenses at the appropriate time

### COUNT VI
### EQUITABLE RELIEF
### All Defendants
### Medical Monitoring to Determine Effects of
### Exposure to Gasses Emitted by Defective Drywall

97.     Plaintiffs hereby adopt and incorporate by reference paragraphs 1 to 41 as if fully set forth herein.

98.     In addition to causing damages to the homes of Plaintiffs and members of the Class,

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

Plaintiffs have been exposed to toxic chemicals by themselves or in combination with other chemicals in the home emanating from the defective drywall that was designed, tested, manufactured, distributed, wholesaled, supplied, marketed, and/or sold by Defendants.

99.    As a result of exposure to the toxic chemicals emanating from the defective drywall, Plaintiffs have suffered adverse health consequences. These adverse health effects include, but may not be limited to respiratory problems, sinus problems, headaches, sore throats, eye irritation and nosebleeds, and the increased danger of latent disease, in addition to the creation of noxious odors, which smell like "rotten eggs."

100.    As a result of their exposure to the various toxins emitted by the defective drywall, Plaintiffs are at an increased risk of harm and thus have need for injunctive and/or equitable relief in the form of emergency notice, environmental monitoring, and medical monitoring.

101.    As of the date of filing of this Complaint, Plaintiffs possess incomplete information regarding the long-term or permanent health effects caused by the toxic chemicals emanating from the defective drywall that was installed in the homes of Plaintiffs and members of the Class.

102.    Because no adequate remedy exists for the conduct of Defendants, equitable and injunctive relief is appropriate.

103.    Plaintiffs and the Class will suffer irreparable injury if the Court does not order injunctive relief and medical monitoring.

104.    Plaintiffs on behalf of themselves and the Class demand that Defendants: (a) recall, repurchase and/or repair Plaintiffs' and the Class' homes; (b) initiate and pay for a medical monitoring program under Florida law; and (c) identify, at their own expense, each and every home with the defective drywall and, if necessary, testing every home in which the defective drywall may

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.6346          www.podhurst.com

## JURY DEMAND

Plaintiffs, individually and on behalf of all members of the proposed Class, hereby demand

a trial by jury on all issues so triable.

DATED this 26th day of March, 2009

Respectfully Submitted,

PODHURST ORSECK, P.A.
25 W. Flagler Street, Suite 800
Miami, Florida 33130
Tel: (305) 358-2800
Fax: (305) 358-2382
Robert C. Josefsberg, Esq.
Florida Bar No. 040856
rjosefsberg@podhurst.com
Victor M. Diaz, Jr., Esq.
Florida Bar No. 503800
vdiaz@podhurst.com
Stephen F. Rosenthal, Esq.
Fla. Bar No. 0131458
srosenthal@podhurst.com
Alexander Rundlet, Esq.
Florida Bar No. 0692301
arundlet@podhurst.com

and

HIGER LICHTER & GIVNER, LLP
Bank of America Building
18305 Biscayne Blvd., Suite 402
Aventura, Florida 33160
Tel: (305) 933-9970
Fax: (305) 933-0998
David H. Lichter, Esq
Florida Bar No. 359122
dlichter@hlglawyers.com
J. Joseph Givner, Esq.
Florida Bar No.850705
jgivner@hlglawyers.com

and

Podhurst Orseck, P.A.
25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346        www.podhurst.com

THE BLUMSTEIN LAW FIRM
Bank of America Building
18305 Biscayne Blvd., Suite 402
Aventura, Florida 33160
Tel: (305) 356-7547
Fax: (305) 356-7539
Mark Blumstein, Esq.
Florida Bar No. 0090700
Mark@BlumsteinLaw.com

*Counsel for Plaintiffs*

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346            www.podhurst.com

## RELATED CASES

| CASE STYLE | CASE NUMBERS |
|---|---|
| BURRUS et al. v. L&W SUPPLY CORP. et al. | 09-14027-CIV-MOORE/LYNCH |
| VICKERS et al. v. KNAUF GIPS KG et al. | 09-20510-CIV-GOLD/MCALILEY |
| RIESZ et al. v. KNAUF PLASTERBOARD, et al. | 09--60371-CIV-UNGARO/SIMONTON |
| GARCIA et al. v. LENNAR CORPORATION, et al. | 09-20739-CIV-UNGARO/SIMONTON |

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

Case 1:09-cv-20796-JLK Document 1 Entered on FLSD Docket 03/27/2009 Page 32 of 32

JS 44 (Rev. 11/04)

**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

JANET MORRIS-CHIN and DAJAN GREEN, individually and on behalf of all others similarly situated,

**DEFENDANTS**

KNAUF PLASTERBOARD TIANJIN CO., LTD., a Foreign corporation; KNAUF GIPS KG, a Foreign corporation; KNAUF PLASTERBOARD (WUHU) CO. LTD., a Foreign corporation; KNAU PLASTERBOARD (DONGGUAN) CO. LTD., a Foreign corporation; and ROTHCHILT INT'L., LTD., a Foreign corporation.

**(b)** County of Residence of First Listed Plaintiff

MIAMI-DADE COUNTY, FLORIDA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(EXCEPT IN U.S. PLAINTIFF CASES) FOREIGN
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Victor M. Diaz, Jr., Esq., Robert C. Josefsberg, Esq., Alexander T. Rundlet, Esq., Stephen F. Rosenthal, Esq., Podhurst Orseck, P.A., 25 W. Flagler Street, Suite 800, Miami, Florida 33130
Telephone: 305-358-2800

Attorneys (If Known)

**(d)** Check County Where Action Arose:

| | DADE | MONROE | BROWARD | PALM BEACH | MARTIN | ST. LUCIE | INDIAN RIVER | OKEECHOBEE HIGHLANDS |
|---|---|---|---|---|---|---|---|---|
| | X | | | | | | | |

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | X 3 | Foreign Nation | ☐ 6 | ☐ 6 |

*Dade CICV 20796 King / Bandstra*

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | **PERSONAL INJURY** ☐ 362 Personal Injury - Med. Malpractice | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 365 Personal Injury - Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 340 Marine | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 345 Marine Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 350 Motor Vehicle | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | ☐ 355 Motor Vehicle Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 360 Other Personal Injury | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | **CIVIL RIGHTS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | **PRISONER PETITIONS** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 510 Motions to Vacate Sentence | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | **Habeas Corpus:** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 530 General | | ☐ 950 Constitutionality of State Statutes |
| | | **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 535 Death Penalty | | |
| | | ☐ 371 Truth in Lending | ☐ 540 Mandamus & Other | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | | |
| | ☐ 440 Other Civil Rights | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
(Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
PRODUCTS LIABILITY CLASS ACTION PURSUANT TO 28 USC § 1332 (d) (2) ARISING OUT OF DEFECTIVE DRYWALL.
LENGTH OF TRIAL via 42 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ > 5,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY:** (See instructions): PLEASE SEE ATTACHED LIST OF RELATED CASES ATTACHED HERETO
JUDGE PLEASE SEE ATTACHED LIST OF RELATED CASES
DOCKET NUMBER (PLEASE SEE ATTACHED LIST OF RELATED CASES)

DATE 3/27/09
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 998146 AMOUNT 350.— APPLYING IFP

Podhurst Orseck, P.A.
25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346
www.podhurst.com