IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | : | MDL No. 2047 |
| DRYWALL PRODUCTS LIABILITY | : | |
| LITIGATION | : | Section L |
| ——————————————— | : | |
| | : | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | : | |
| | : | MAG. JUDGE WILKINSON |
| THE MITCHELL COMPANY, INC. v. | : | |
| KNAUF GIPS KG, et al. | : | |
| Case No. 2:09-CV-04115 (E.D. La.) | : | |
| ——————————————— | : | |

**MOTION TO DISMISS DEFENDANT/THIRD-PARTY PLAINTIFF
RIGHTWAY DRYWALL, INC.'S THIRD-PARTY COMPLAINT
AND SUPPORTING MEMORANDUM OF LAW**

Third-Party Defendant SMOKY MOUNTAIN MATERIALS, INC. d/b/a EMERALD

COAST BUILDING MATERIALS (hereinafter "Smoky Mountain"), by and through its undersigned

counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby files this Motion to

Dismiss Defendant/Third-Party Plaintiff Rightway Drywall, Inc.'s Third-Party Complaint for failure

to state a claim upon which relief can be granted, and in support thereof states as follows:

**STATEMENT OF THE CASE**

Defendant Smoky Mountain, an alleged drywall supplier, was brought into this action by

means of a Third-Party Complaint by Defendant/Third-Party Plaintiff Rightway Drywall (hereinafter

"Rightway"), a drywall installer. The main action was instituted by Plaintiff The Mitchell Company,

Inc. (hereinafter "Mitchell"), a homebuilder, on behalf of itself and a purported Class of persons and

entities who (a) constructed an improvement to real estate using drywall manufactured or distributed

by the Defendants, (b) incurred any expense associated with repair or replacement of all or part of

the drywall, and/or © are liable to the owners of the property for said damages.  Rightway alleges

in its Third-Party Complaint that it purchased all of the drywall it supplied to Mitchell from Smoky

Mountain.   Rightway further alleges that "if and in the event that they should be liable to the

plaintiff, The Mitchell Company, Inc., for supplying said drywall, the third-party defendant, [Smoky

Mountain] would be liable to the third-party plaintiff, Rightway Drywall, Inc., for any such

recovery."  See Third-Party Complaint, ¶6.

## ARGUMENT

Rightway does not state a valid claim for relief under Florida law against Smoky Mountain.

In this regard, Florida substantive law governs the Third-Party Complaint because Emerald Coast

Building Materials, the division of Smoky Mountain alleged to be liable, is located in Florida and

operates only in Florida.  Paragraph 6 of Rightway's Third-Party Complaint fails to state a claim for

common law indemnity, contractual indemnity, or contribution under Florida law.  The Third-Party

Complaint does not allege the essential elements of the foregoing theories of liability.  It likewise

does not specifically identify the theory of liability forming the basis for Rightway's allegation that

Smoky Mountain "would be liable" to Rightway upon a finding of liability on the part of Rightway.

Rightway has not, moreover, alleged fault on the part of Smoky Mountain, which is essential

to a claim for indemnity.  *See Costco Wholesale Corp. v. Tampa Wholesale Liquor Co.*, 573 So.2d

347 (Fla. 2d DCA 1990) (holding that in a latent product defect context, a defendant retailer has

claims for indemnity against others in the supply chain only if those other entities are actually at fault

for the defect).

Finally, the mechanism of a third-party complaint has been rendered obsolete in Florida by

the enactment of the current version of Fla. Stat. § 768.31, which abrogates joint and several liability.

*See T&S Enterprises Handicap Accessibility, Inc. v. Wink Industrial Maintenance & Repair, Inc.*,

11 So.3d 411, 412-13 (Fla. 2d DCA 2009).

## CONCLUSION

Defendant/Third-Party Plaintiff Rightway has failed to state a claim against Third-Party

Defendant Smoky Mountain Materials, Inc. d/b/a Emerald Coast Building Materials.  Accordingly,

Defendant Smoky Mountain respectfully requests that this Honorable Court dismiss Rightway

Drywall, Inc.'s Third-Party Complaint against Smoky Mountain Materials, Inc. d/b/a Emerald Coast

Building Materials.

Respectfully submitted,

*/s/Edward J. Briscoe*
Edward J. Briscoe
Fla. Bar No. 109691
Donald W. Hardeman
Fla. Bar No. 180982
Elizabeth J. Ferry
Fla. Bar No. 43823

FOWLER WHITE BURNETT P.A.
Espirito Santo Plaza, 14th Floor
1395 Brickell Avenue
Miami, Florida 33131-3302
Telephone: (305) 789-9200
Facsimile: (305) 789-9201
*Counsel for Defendant Smoky Mountain
Materials, Inc. d/b/a Emerald Coast
Building Materials*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served via e-mail on

Plaintiffs' Liaison Counsel, Russ Herman at drywall@hhkc.com, and Defendants' Liaison Counsel,

Kerry Miller at kmiller@frilot.com, and upon all parties by electronically uploading the same to

LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was

electronically filed with the Clerk of Court of the United States District Court for the Eastern District

of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in

accordance with the procedures established in MDL 2047, on this 9th day of December, 2009.


/s/Edward J. Briscoe
Edward J. Briscoe