IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2047<br><br>Section L<br><br>JUDGE FALLON<br><br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>SHANE M. ALLEN and NICOLE J. ALLEN v. KNAUF GIPS KG, et al.<br>Case No. 2:09-CV-04112 (E.D. La.) | |

## MOTION TO DISMISS PLAINTIFFS' CLASS ACTION AMENDED COMPLAINT AND SUPPORTING MEMORANDUM OF LAW

Defendant BLACK BEAR GYPSUM SUPPLY, INC. (hereinafter "Black Bear"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby files this its Motion to Dismiss Plaintiff's Class Action Amended Complaint for failure to state a claim upon which relief can be granted and in support thereof states as follows:

### STATEMENT OF THE CASE

In the instant case Plaintiffs allege that defective gypsum drywall of Chinese manufacture was incorporated into their home at the time of its construction. Plaintiffs allege economic damages and personal injury resulting from use of the Chinese drywall. The named Plaintiffs seek to represent a class of plaintiffs comprising "all persons who own a home in the State of Florida which was built using Defendants' drywall." Defendant Black Bear is a supplier of drywall alleged to have supplied some drywall used in the construction of Plaintiffs' home. Black Bear is one of eight supplier defendants in the instant case. No homebuilder or installer of drywall is named as a party.

IN RE: CHINESE-MANUFACTURED  　　　　　　　　　Case No. 2:09-CV-04112 (E.D. La.)
DRYWALL PRODUCTS LIABILITY  　　　　　　　　　　　　　　　　　　　　　　Page 2
LITIGATION

## ARGUMENT

**A.  The Amended Complaint Does Not Comport with Rule 8(a).**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief. Plaintiffs' Amended Complaint does not meet this requirement. Although the Amended Complaint is 58 pages in length, comprising 287 paragraphs, it is still so vague as to Black Bear's relationship to the "Plaintiff Class Members" that Black Bear cannot reasonable be required to frame a response. All that Black Bear can glean from the bare allegations is that at an *unspecified* time it is alleged to have sold Chinese drywall which was installed by *unspecified* subcontractors in *unspecified* homes in *unspecified* locations in Florida. Pursuant to Rule 8(a), Plaintiffs should be required to assert in their complaint factual averments including the who, where, and when regarding the alleged supply of the subject drywall. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.").[1]

**B.  The Amended Complaint Fails to State a Valid Claim for Negligence.**

Plaintiffs make blanket allegations against all Defendants, without specifying which Defendant is alleged to have been negligent as to any one act or omission. Although Plaintiffs claim that Black Bear is liable as a drywall supplier, they nonetheless allege that *all* Defendants negligently manufactured, processed, distributed, delivered, supplied, inspected, marketed and/or sold the

---

[1] Plaintiffs generally allege (¶¶ 40-43) that any applicable statutes of limitations have been tolled by Defendants' fraudulent concealment. This is an improper conclusory assertion unsupported by any factual allegations. Plaintiff has not made out a cause of action for fraudulent concealment against Black Bear and has not alleged the essential elements thereof. *See Twombly*, 550 U.S. at 555.

IN RE: CHINESE-MANUFACTURED             Case No. 2:09-CV-04112 (E.D. La.)
DRYWALL PRODUCTS LIABILITY                                     Page 3
LITIGATION

allegedly defective drywall. By grouping all Defendants together with respect to the alleged wrongdoing, Plaintiffs fail to state a claim with the required specificity as to any individual defendant. *See id.*

A product liability claim based on negligence requires allegations that the defendant knew, or should have known, of the defect and failed to correct it or failed to warn the Plaintiffs. Plaintiffs have not alleged that Defendant Black Bear knew, or should have known, of the allegedly defective nature of the drywall it supplied. Without such an allegation, Plaintiffs' Amended Complaint fails to state a claim against Black Bear for negligence.

**C.    Plaintiffs Fail to State a Valid Claim for Breach of Implied Warranty of Merchantability.**

In Count XIV of their Amended Complaint, Plaintiffs purport to state a claim against Black Bear for breach of implied warranty of merchantability under common law and/or Florida Statutes § 672.314. Count XIV alleges *inter alia* that homebuilders and/or their agents or employees entered into contracts with Black Bear to purchase gypsum drywall that was to be installed in the subject homes; that Plaintiffs "are an intended third party beneficiary of said contracts" because "it was the clear and manifest intent of Defendants . . . that the contracts were to primarily and directly benefit Plaintiffs and the Plaintiff Class Members"; and that Black Bear warranted that the gypsum drywall was merchantable and reasonably fit for the ordinary purpose for which gypsum drywall is used. (*See* ¶¶ 192-196).

Plaintiffs fail to state a valid claim for relief against Black Bear for breach of common law or statutory implied warranty of merchantability under §672.314, Fla. Stat. Plaintiffs do not, and

IN RE: CHINESE-MANUFACTURED  Case No. 2:09-CV-04112 (E.D. La.)
DRYWALL PRODUCTS LIABILITY  Page 4
LITIGATION

could not, allege that they were in *privity* with Black Bear, as unquestionably required to assert a claim under Florida law for breach of statutory or common law implied warranty of merchantability. *See Kramer v. Piper Aircraft Corp.*, 520 So. 2d 37, 39 (Fla. 1988). Plaintiffs do not allege that they bought the drywall *directly* from Black Bear. Although Plaintiffs attempt to dodge the privity requirement by alleging that they and Plaintiff Class Members are third-party beneficiaries of Black Bear's relationship with homebuilders and/or their agents or employees, Plaintiffs are not entitled to third-party beneficiary status under Fla. Stat. § 672.318,[2] or the common law. *See, e.g., In re: Masonite Corp. Hardboard Siding Products Liab. Litig*, 21 F. Supp. 2d 593, 599-600 (E.D. La. 1998) (dismissing under Florida law a homebuilder's implied warranty claims against a siding manufacturer for lack of privity and rejecting an argument that either the homebuilder or the homeowners were third-party beneficiaries of a contract between manufacturer Masonite and subcontractors).

Additionally, to the extent that Count XIV purports to state a claim for personal injury under a theory of breach of warranty, such claims are not cognizable as warranty claims. *See West v. Caterpillar Tractor Co.*, 336 So.2d 80, 91 (Fla. 1976) (strict liability, not warranty, is the vehicle for claims of personal injury in the absence of privity).

D.  **Plaintiffs Fail to State a Valid Claim for Breach of Implied Warranty of Fitness for a Particular Purpose.**

---

[2] Fla. Stat. § 672.318 states, "A seller's warranty whether express or implied extends to any natural person who is in the family or household of his or her buyer, who is a guest in his or her home or who is an employee, servant or agent of his or her buyer if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty."

IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION

Case No. 2:09-CV-04112 (E.D. La.)
Page 6

Finally, to the extent that Count XV purports to state a claim for personal injury under a theory of breach of warranty, such claims fail under *West*, 336 So.2d at 91 (strict liability, not warranty, is the vehicle for claims of personal injury absent privity).

### E. Plaintiffs Fail to State a Valid Claim for Strict Liability in Tort.

In Count XVI Plaintiffs purport to state a claim against Black Bear for strict product liability, alleging *inter alia* that gypsum drywall distributed, supplied, and/or sold by Black Bear is "unreasonably defective because it causes damage and injury to Plaintiffs." (*See* ¶ 216).

Plaintiffs are barred from asserting a cause of action for strict liability for damage to their home and the components thereof on the basis of the economic loss doctrine, which provides that a plaintiff cannot maintain an action in tort for purely economic losses. *See Casa Clara Condominium Assn., Inc. v. Charley Toppino and Sons, Inc.*, 620 So.2d 1244, 1247 (Fla. 1993) (holding that homeowner plaintiffs are barred from seeking tort recovery for damage to their homes caused by the inclusion of a defective building material). Thus, Plaintiffs' claims for strict liability in tort should be dismissed to the extent they seek recovery in tort for damage to their homes.

Plaintiffs are also barred from asserting a cause of action for strict liability because the doctrine of strict products liability does not apply to structural improvements to real estate. The inclusion of drywall in the construction of a home is a structural improvement to real estate, and thus not subject to strict liability. *See Federal Ins. Co. v. Bonded Lightning Protection Sys.*, No. 07-80767, 2008 U.S. Dist. LEXIS 97952 at *12 (S.D. Fla. December 3, 2008) (recognizing that "Florida courts have expressly declined to extend the principle of strict liability to structural improvements to real estate.").

IN RE: CHINESE-MANUFACTURED  　　　　　　　　Case No. 2:09-CV-04112 (E.D. La.)
DRYWALL PRODUCTS LIABILITY　　　　　　　　　　　　　　　　　　　　Page 7
LITIGATION

**F.	Plaintiffs Fail to State a Valid Claim for Breach of Express Warranty.**

In Count XX, Plaintiffs purport to state a claim for breach of express warranty against all Defendants. Their claim for breach of express warranty fails absent specific factual averments that Black Bear made representations regarding the drywall, that the Plaintiffs relied on those representations, and that Black Bear was in privity with the Plaintiffs. *See, e.g. Intergraph Corp. v. Stearman*, 555 So.2d 1282, 1283 (Fla. 2d DCA 1990).

**G.	Determination of Class Status Is Premature.**

Plaintiffs purport to represent a class of plaintiffs comprising all persons who own a home in the State of Florida which was built using Defendants' drywall. Class certification issues are not ripe for determination at this time as no motion has yet been made for certification of the class and no discovery has yet been conducted on the issue of class certification. Black Bear hereby reserves its right to raise its objections to class certification after discovery on class certification issues has been conducted and the issue is ripe for determination.[3]

**H.	Plaintiffs Fail to State a Valid Claim for Punitive Damages and Attorneys' Fees.**

In their Prayer for Relief, Plaintiffs request treble, exemplary, and/or punitive damages. The Amended Complaint, however, does not contain operative allegations of fact which would support a claim for punitive damages under Florida law. Pursuant to statute, a defendant may be held liable

---

[3] It is believed that a class action complaint is expected to be filed imminently, which class is intended to include and supersede all pending Chinese drywall class actions. To the extent that the class purported to be represented in the instant action may be subsumed by the impending class action complaint, it is especially premature and a waste of judicial resources to address class certification issues herein.

IN RE: CHINESE-MANUFACTURED  Case No. 2:09-CV-04112 (E.D. La.)
DRYWALL PRODUCTS LIABILITY Page 8
LITIGATION

for punitive damages only upon a finding of intentional misconduct or gross negligence. *See Fla. Stat. § 786.72(2)*. Neither has been alleged in the instant action, particularly where the only allegations against Black Bear involve the supply of an allegedly defective product. *See, e.g., Hogan v. Provident Life & Acc. Ins. Co.*, No. 08-CV-1897, 2009 U.S. Dist. LEXIS 61630, at *15 (M.D. Fla. July 20, 2009) (recognizing that a plaintiff must plead specific acts committed by a defendant which support a claim for punitive damages). Accordingly, Plaintiffs' claims against Black Bear for treble, exemplary, and/or punitive damages should be stricken.

Plaintiffs additionally request costs and disbursements including reasonable attorneys' fees. Unless authorized by contract or statute, attorney's fees are generally not available. Plaintiffs have not alleged any right to attorneys' fees under any contract or statute applicable to their claims. Accordingly, Plaintiffs' claims against Black Bear for attorneys' fees should be stricken.

### I. Plaintiffs' Action Should Be Abated Pursuant to Fla. Stat. § 558.

Florida Statutes § 558.004 requires that a claimant alleging a construction defect shall, at least 60 days before filing any action, serve written notice of claim on the contractor, subcontractor, supplier, or design professional, as applicable, which notice shall refer to the statute. Plaintiff's failure to comply with the statute entitles Defendant to an abatement of the instant action until such time as a proper notice is provided.

### CONCLUSION

In summary, Plaintiffs have failed to state any valid claim against Defendant Black Bear in their Amended Class Action Complaint. They have failed to plead with specificity, as required by Fed. R. Civ. P. 8(a); failed to state a claim for negligence; failed to state a claim for breach of

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | Case No. 2:09-CV-04112 (E.D. La.) Page 9 |

warranty of merchantability; failed to state a claim for breach of warranty of fitness for a particular purpose; failed to state a claim for strict liability in tort; and failed to state a claim for breach of express warranty. Their claims for treble, exemplary, and/or punitive damages are unsupported by factual allegations of intentional misconduct or gross negligence. Plaintiffs' claims for attorneys' fees are not authorized by contract or statute. Finally, Plaintiffs have failed to comply with Fla. Stat. § 558.004, requiring abatement of the action.

For all the foregoing reasons, Defendant Black Bear Gypsum Supply, Inc. respectfully requests that this Honorable Court dismiss Plaintiffs' Amended Class Action Complaint as it relates to Black Bear (Counts XIV, XV, XVI, and XX, and general allegations discussed above) as to Black Bear; strike Plaintiffs' claims for treble, exemplary, and/or punitive damages and for attorneys' fees; and/or abate the action until such time as Plaintiffs comply with the provisions of Fla. Stat. § 558.004 and the time period stated therein has elapsed.

Respectfully submitted,

/s/Edward J. Briscoe
Edward J. Briscoe
Fla. Bar No. 109691
Donald W. Hardeman
Fla. Bar No. 180982
Elizabeth J. Ferry
Fla. Bar No. 43823
FOWLER WHITE BURNETT P.A.
Espirito Santo Plaza, 14th Floor
1395 Brickell Avenue
Miami, Florida 33131-3302
Telephone: (305) 789-9200
Facsimile: (305) 789-9201
*Counsel for Defendant Black Bear Gypsum Supply, Inc.*

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED<br>DRYWALL PRODUCTS LIABILITY<br>LITIGATION | Case No. 2:09-CV-04115 (E.D. La.)<br>Page 10 |

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served via e-mail on Plaintiffs' Liaison Counsel, Russ Herman at drywall@hhkc.com, and Defendants' Liaison Counsel, Kerry Miller at kmiller@frilot.com, and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 9th day of December, 2009.

/s/Edward J. Briscoe
Edward J. Briscoe