UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In re:  CHINESE-MANUFACTURED          *          MDL Docket No. 2047
      DRYWALL PRODUCTS          *
      LIABILITY LITIGATION          *          SECTION L
                                                    *
                                                    *          JUDGE FALLON
This document relates to All Cases          *
                                                    *          MAGISTRATE JUDGE WILKINSON
                                                    *
                                                    *
                                                    *

* * * * * * * * * * * * * * * * *

The monthly status conference was held on this date in the Courtroom of the Honorable

Eldon E. Fallon.  The Court first met with Plaintiffs Liaison Counsel, Defendants Liaison

Counsel, Homebuilders Liaison Counsel, and certain members of the respective steering

committees, to discuss agenda items for the conference.  At the conference, counsel reported to

the Court on the topics set forth in Joint Report No. 6 (Rec. Doc. No. 580).  The conference wa

transcribed by Cathy Pepper, Official Court Reporter.  Counsel may contact Ms. Pepper at (504)

589-7779 to request a copy of the transcript.  A summary of the monthly status conference

follows.

      I.          <u>PRE-TRIAL ORDERS</u>

The Court has issued the following Pre-Trial Orders:

1

Pre-Trial Order No. 1 entered June 15, 2009 – Initial Case Management

Pre-Trial Order No. 1A entered August 28, 2009 – Counsel must Enter Appearances for Served Parties or risk Default Judgment

Pre-Trial Order No. 1B entered October 9, 2009 – Amending Pre-Trial Order No. 1 to clarify the preservation of physical evidence during home remediation.

Pre-Trial Order No. 1C entered November 24, 2009 – Lifting the stay on motion practice, but continuing all motions filed in the MDL without date.  Pursuant to a November 25, 2009 Order, all motion practice in the *Gross* matter (09-6690) is stayed.

Defendants Liaison Counsel ("DLC") reminded counsel for Defendants in the Gross matter that they only need to file a Notice of Appearance and Profile Form at this time.

Both the DLC and the Plaintiffs Liaison Counsel ("PLC") remind all parties to visit the Court's Drywall MDL website and read Pretrial Orders No. 1B, 1C, and 5A which provide important information on filing documents into the MDL.

Pre-Trial Order No. 2 entered June 16, 2009 – Notice to Transferor Court

Pre-Trial Order No. 2A entered September 18, 2009 – Means of Tracking Remands in MDL 2047

Pre-Trial Order No. 3 entered July 6, 2009 – Designation of Plaintiffs' Liaison Counsel

Pre-Trial Order No. 4 entered July 6, 2009 – Designation of Defendants' Liaison Counsel

Pre-Trial Order No. 5 entered July 6, 2009 – Contact Information

Pre-Trial Order No. 5A entered July 9, 2009 – Counsel Contact Information Form

Pre-Trial Order No. 6 entered July 21, 2009 – Electronic Service (LexisNexis)

Pre-Trial Order No. 7 entered July 27, 2009 – Appointment Defendants' Steering Committee

Pre-Trial Order No. 7A entered August 4, 2009 – Amending PTO 7 re: Defendants' Steering Committee

Pre-Trial Order No. 7B entered August 27, 2009 – Amending PTO 7 re: list

containing Defendants' Steering Committee and lists responsibilities for same

Pre-Trial Order No. 8 entered July 28, 2009 – Appointing Plaintiffs' Steering Committee

Pre-Trial Order No. 9 entered July 28, 2009 – Time and Billing Guidelines/Submissions

Pre-Trial Order No. 10 entered August 21, 2009 – All parties to provide PLC or DLC with photographic catalog of markings, brands, endtapes and other identifying markers found in affected homes by August 26, 2009. PSC and DSC to collect and submit data to the Court and inspection company for TIP a joint catalog of data to assist in training of inspections no later than August 28, 2009.

Pre-Trial Order No. 11 entered August 17, 2009 - Profile forms to be distributed to appropriate parties and filed and returned on or before September 2, 2009

Pre-Trial Order No. 12 entered August 25, 2009 – Court will prepare final version of Distributor Profile Form.

Pre-Trial Order No. 12A entered August 25, 2009 – Court adopted Distributor Profile Form be distributed to appropriate parties and returned to DLC Kerry Miller on or before 9/8/09, either electronically or by hard copy

Pre-Trial Order No. 13 entered August 27, 2009 – Court institutes and will supervise Threshold Inspection Program (TIP). Court appoints Crawford & Company to carry out the inspections.

Pre-Trial Order No. 13(A) entered November 24, 2009 – Amending the Threshold Inspection Program (TIP).

Pre-Trial Order No. 14 entered September 24, 2009 - Court approves Exporter, Importer or Broker Profile Form, and provides requirements for issuance and return of the form.

Pre-Trial Order No. 14(A) entered October 13, 2009 – Court approves a revised Exporter, Importer or Broker Defendant Profile Form.

Pre-Trial Order No. 15 entered September 25, 2009 – Counsel must provide privilege log for documents withheld in response to discovery requests. Also, the accidental production of privileged information does not constitute a waiver of the privilege.

Pre-Trial Order No. 16 entered September 25, 2009 – Pertains to the disclosure, use

and protection of confidential information produced during the course of this MDL.

Pre-Trial Order No. 17 entered November 2, 2009 – Recognizing and Confirming KPT's Agreement to Accept Service of PSC's Omnibus Class Action Complaint.

Pre-Trial Order No. 18 entered November 5, 2009 – Appointing Phillip A. Wittmann to be the Homebuilders and Installers Liaison Counsel.

## II.    PROPERTY INSPECTIONS

Crawford & Company ("Crawford") has inspected the initial thirty (30) homes pursuant to Pre-Trial Order No. 13 and the revised inspection protocol. Crawford is prepared to continue inspections upon notice from the parties or the Court.

## III.    PLAINTIFF AND DEFENDANT PROFILE FORMS

In Pre-Trial Orders 11 and 12A, the Court approved a Plaintiff Profile Form, a Defendant Manufacturers' Profile Form, a Contractor/Installer Profile Form, a Builder Defendant Profile Form and a Defendant Distributor Profile Form. In Pre-Trial Order 14, the Court approved the Importer/Exporter/Broker Profile Form. Completed and signed profile forms have been submitted for many of the parties. The parties will continue to supplement responses as additional responses are received. As new parties are added to the MDL, those parties will respond to the appropriate profile form within 15 days of becoming a party to the MDL. DLC and HLC contend that many issues still remain with respect to the Plaintiff Profile Forms, including supplementation of certain incomplete profile forms received to date by the DSC, and the lack of Plaintiff Profile Forms received by the DSC that are the subject of a motion to dismiss (See Section VII(B)(e)). Likewise, the PSC contends that many issues still remain with respect to Defendant Profile Forms,

including supplementation of certain incomplete profile forms and the lack of Defendant Profile Forms received from Defendants.

Further, the parties have been discussing the creation of a Retailer Profile Form. To date, the retailer form has not been submitted to the Court.

A hearing was originally scheduled on the DSC's Motion to Dismiss in which the DSC requests that the Court enter an order dismissing claims by plaintiffs who have not timely submitted Plaintiff Profile Forms ("PPF"). The Court considered the Motion the conference in Chambers prior to the instant monthly status conference. The Court declined to enter an order of dismissal at this time. Rather, the Court directed the DSC to send notice by certified mail to those plaintiffs who have not complied with the PPF requirement and the Court will set hearings on rules to show cause. The Court also reminded defendants of their obligation to fill out their own profile forms.

IV.     PRESERVATION ORDER

On October 9, 2009, the Court issued Pre-Trial Order No. 1B, clarifying the protocol for the preservation of physical evidence during home remediation. Pre-Trial Order No. 1 continues in effect regarding documents/ESI.

V.     STATE/FEDERAL COORDINATION

At the status conference on August 11, 2009, the Court instructed the PSC and DSC to confect separate subcommittees on state and federal coordination. The PSC and DSC each proposed members to the subcommittee, but the Court has not yet taken action with respect to the creation and duties of a formal subcommittee.

Dawn Barrios reported to the Court on the status of federal and state coordination. Ms. Barrios also submitted to the Court an updated disk containing information on the state court judges.

VI.    STATE COURT TRIAL SETTINGS

Defendants will be prepared to advise the Court, to the best of their knowledge, of the following at the status conference on December 10, 2009:

1)    All trial settings in state court that are set over the next 12 months;

2)    All pending discovery motions in state court cases;

3)    All dispositive motions pending in state court cases; and

4)    Any state court issues that should be discussed as a matter of state/federal coordination.

In addition to the foregoing, the PSC will advise the Court of all motions that are pending regarding tag-along cases and, to the extent known, assist in advising the Court regarding the above mentioned matters.

VII.    MOTIONS IN THE MDL

On September 8, 2009, the Court issued an Order concerning the Court's directive to counsel for Plaintiffs and Defendants to indicate which motions needed to be heard on an expedited basis and to prioritize such motions and further set forth scheduling deadlines with respect to such motions. The stay issued in Pre-Trial Order No. 1 was modified to allow the parties to file certain proposed motions.

A.    PSC Motions

a. On November 5, 2009, the PSC filed an Omnibus Motion to Dismiss Certain Defendants, Without Prejudice, Under Fed.R.Civ.P. 41(a).  On December 7, 2009, the Court granted the motion.

b. On November 11, 2009, the PSC filed a Motion to Compel Full and Complete Discovery From All Defendants.  The motion was continued at the last status conference and the matter has not been set for hearing because the parties continue to meet and confer in an attempt to resolve outstanding issues. The parties will advise the Court as to the status of the pending motion at the status conference on December 10, 2009.

c. On November 11, 2009, the PSC filed a Motion to Compel Discovery From Defendants, Venture-Supply, Inc. and Porter-Blaine Corp.  The matter was heard on December 4, 2009 and the Court ordered that the motion was denied as moot, reserving the right to re-file, if necessary, and further, scheduled a status conference to discuss discovery issues on December 18, 2009 at 1:30 p.m.

B. DSC Motions

a. On September 28, 2009, HSC filed a Motion to Abate and Compel Compliance With Chapter 558, Florida Statutes.  The matter was heard at the November monthly status conference and

7

the motion was granted insofar as the Court recognized the viability of Chapter 558, Florida Statutes, in the instant matter, however, held that the application of Chapter 558 is case specific (see Minute Entry dated November 19, 2009, Doc. 510).

b.  On September 28, 2009, Interior Exterior Building Supply, LP, filed a Motion for Partial Summary Judgment as to the Recovery Available Against Good Faith Sellers Under Louisiana Law. The matter was heard at the November monthly status conference and the motion was denied with the right to re-file.

c.  On October 6, 2009, a Transfer Order was issued by the United States Judicial Panel on Multidistrict Litigation transferring the *Curtis Hinkley, et al v. Taishan Gypsum Co., Ltd., et al.,* E.D. North Carolina, C.A. No. 2:09-25, and *Michelle Germano, et al v. Taishan Gypsum Co., Ltd., et al,* E.D. Virginia, C.A. No. 2:09-202, to the MDL in the Eastern District of Louisiana. Pending in those matters were motions to disqualify counsel filed by Venture Supply, Inc. and The Porter-Blaine Corporation which came for hearing on December 4, 2009 and which motions were denied.

d.  On September 28, 2009, Distributor Defendants filed a Motion to Dismiss or, Alternatively, to Strike Plaintiffs' Claims for Economic Damages (Florida Law). On November 13, 2009, the Honorable Judge Joseph Farina, Circuit Judge, Eleventh Judicial

Circuit, conducted a hearing on the economic damage issue relating to Florida state law and Judge Eldon Fallon of the MDL participated by phone in the hearing. The matter was heard at the November monthly status conference in the MDL and has been taken under submission by the Court. The parties await a ruling on the matter.

e.  On November 13, 2009, the DSC filed a Motion to Dismiss certain plaintiffs based upon their failure to provide Plaintiff Profile Forms pursuant to Pre-Trial Order No. 11. The matter is set for hearing following the status conference on December 10, 2009.

C.  Other

a.  On September 24, 2009, the Court entered a preliminary default judgment against Taishan Gypsum Co. Ltd.    (R.Doc.190). Counsel for The Mitchell Co. has advised they need additional time to gather the evidence documents in support of the confirmation of the default judgment, and seek a continuance to a future date.

b.  On November 19, 2009, the Court entered a preliminary default judgment against Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd. (R.Doc.487). The Court has established a scheduling order for a hearing in anticipation of further default

9

proceedings in that matter.  (See Section XX *infra.*)

    c.  On October 23, 2009, Tudela's Classic Homes filed a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction based upon incomplete diversity.   The Court has not yet set a hearing date.

    d.  On October 23, 2009, Nautilus Insurance Company filed a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction based upon incomplete diversity.     The Court has not yet set a hearing date.

    e.  On November 4, 2009, HBW Insurance Services, filed a 12(b)(1), (2), and (5) motion to dismiss for insufficient service of process and lack of subject matter jurisdiction.   The Court has not yet set a hearing date.

    f.  On November 10, 2009, Sun Construction filed a motion for leave to file a summary judgment relating to arbitration of claims against Sun Construction prior to litigation.     The Court has not yet set a hearing date.

    g.  On November 12, 2009, Lowe's Home Centers, Inc. moved the Court to lift the stay and to allow a Motion to Deconsolidate from MDL.   The Court has not yet set a hearing date.

   h. On November 17, 2009, State Farm filed a Motion to Dismiss (Rule 12(b)(6)) the Petition for Damages in the *West* (09-6356) matter. The motion alleges that the policy at issue does not provide coverage for the claims made by plaintiffs and thus plaintiffs' complaint fails to state a claim for which the relief requested may be granted. The Court has not yet set a hearing date.

   i. On November 19, 2009, State Farm moved to sever the claims against it in the *Bourdon* (09-7025) and *Hufft* (09-7016) matters from the builder and supplier defendants because the claims made by plaintiffs are based upon different legal theories, involve different factual and legal issues, and can be more efficiently adjudicated in separate cases. State Farm also filed 12(b)(6) motion, arguing that the policy at issue does not provide coverage for any of the claims made by plaintiffs, and thus plaintiffs' Complaint fails to state a claim for which the relief requested may be granted. The Court has not yet set a hearing date.

   j. On November 20, 2009, Venture Supply and Porter-Blaine filed an objection to the default proceedings against Taishan in the *Germano* matter. On December 2, 2009, the Court entered a Consent Order. Upon entry of the Consent Order, the objection filed by Venture Supply and Porter-Blaine was deemed withdrawn and moot.

   k. On November 25, 2009, Venture Supply and Porter-Blaine filed a 12(b)(1) motion in the *Germano* action, arguing that the Court does not have personal jurisdiction over Taishan, and therefore no subject matter jurisdiction. Venture Supply and Porter-Blaine

also filed a 12(b)(6) motion as to the allegedly baseless allegations asserted by the *Germano* plaintiffs in their Second Amended Complaint. The Court has not yet set a hearing date.

l.   On December 1, 2009, Tobin Trading, Inc. filed a Motion for a More Definitive Statement, stating that the allegations of the *Germano* Second Amended Complaint are vague, ambiguous, conclusory and general in nature, and thus Tobin Trading cannot formulate a response. Tobin Trading also claims that the Second Amended Complaint does not state a claim for which relief can be granted.   The Court has not yet set a hearing date.

m.   On December 2, 2009, Harbor Walk Development, LLC filed a 12(b)(1) motion as to personal and subject matter jurisdiction over Taishan in the *Germano* matter. Harbor Walk Development, LLC also re-urged its previously filed 12(b)(6) motion.   The Court has not yet set a hearing date.

n.   On December 4, 2009, DLC filed a Motion to Compel Discovery Responses from Homebuilders, arguing that due to the expediency with which the MDL is progressing and the imminency of the *Germano* default proceedings, DLC needs to obtain certain information concerning remediation of properties by the homebuilders. The Court has set the hearing on DLC's motion to compel on December 16, 2009.

12

On November 29, 2009, the Court issued Pre-Trial Order No. 1(C) which allows parties to file motions before the MDL Court and provides that the motions will be continued without date, unless a motion is specifically excepted from the continuance set forth in the Pre-Trial Order and further that the Court will organize and prioritize the continued motions and in due course, set the motions for hearing. And further that no responses to the motions are due until two (2) weeks before the hearing date set by the Court.

VIII.   <u>DISCOVERY ISSUES</u>

On September 2, 2009, the PSC provided its First Set of Discovery Requests on Defendants. Numerous meet and confers have taken place between the parties in an attempt to narrow issues in dispute. The meet and confers included topics relating to hard copy document production, ESI and also addressed the FRCP 30(b)(6) deposition notices that were provided to Defendants on September 2, 2009. On October 19, 2009, the 30(b)(6) deposition of the La Suprema entities took place. The 30(b)(6) deposition of Interior/Exterior Building Supply, LP that was scheduled for November 17, 2009 has been postponed. Additionally, the 30(b)(6) deposition of the Lennar entities has been postponed. The 30(6)(6) deposition of Venture Supply and Porter Blaine have been tentatively scheduled, by agreement of the parties, during the week of December 14, 2009. No other Defendants' 30(b)(6) depositions have been scheduled as of yet. The PSC has requested production of documents, ESI and dates for depositions and will be prepared to discuss this further at the monthly status conference on December 10, 2009. There is currently pending a Motion to Compel Full and Complete Discovery From All Defendants, which includes a request for the establishment of a document production protocol. (See Section VII, *infra.*) The issue regarding a protocol was discussed at the status conference on October 15, 2009. The PSC has indicated to

Defendants that it would be willing to agree to the same format of production of ESI for all Defendants that was agreed to with Knauf Plasterboard (Tianjin) Co. Ltd. and Knauf Plasterboard (Wuhu) Co., Ltd.  To date, no other Defendants have responded.  The PSC continues to request that electronic discovery from all Defendants be provided at this time.

On October 15, 2009, the HSC propounded Personal Jurisdiction Interrogatories and Request for Production of Documents to Knauf Gips KG in connection with Knauf Gips KG's claims involving the Hague Convention.  Also, on October 30, 2009, the PSC propounded its First Set of Interrogatories and Request for Production Concerning Jurisdictional Issues to Defendants, Knauf Gips KG, Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd. and Knauf Plasterboard (Dongguan) Co., Ltd.  (See Section XIX, *infra*.)  On December 4, 2009, the Knauf entities provided responses to plaintiffs' and the HSC's discovery requests.  The parties will be prepared to discuss this further at the monthly status conference on December 10, 2009.

On October 13, 2009, DSC propounded to Plaintiffs a First Set of Interrogatories and Request for Production of Documents.  Many plaintiffs have provided objections and responses to discovery.

## IX.     FREEDOM OF INFORMATION ACT/PUBLIC RECORDS REQUESTS

Several Freedom of Information Act/Public Records Requests have been made by Plaintiffs.  The following outlines the status of responses:

| STATE | REQUEST MADE TO | DATE OF REQUEST | DESCRIPTION OF REQUEST | DATE OF RESPONSE | DOCUMENTS RECEIVED | DOCUMENTS SENT TO DEFENSE |
|-------|-----------------|-----------------|------------------------|------------------|--------------------|---------------------------|

| 1 | FED | Centers for Disease Control/Agency | **8/25/09** - General request to CDC's FOIA office in Atlanta regarding documents relating to Chinese Drywall | Fed. FOIA Request Toxic Substances and Disease Registry | **8/31/09** - CDC acknowledged request and assigned request number | NO | |
|---|-----|-----|-----|-----|-----|-----|---|

| 2 | FED. | Consumer Product Safety Commission | 7/17/09 - Letter to FOIA Requester Service regarding documents relating to Chinese Drywall, from Victor Diaz    7/20/09 - Letter to Alberta E. Mills, FOIA Officer regarding documents relating to Chinese Drywall, from Ervin Gonzalez    9/29/09 - Letter to Pamela McDonald enclosing check for $1,400.00 to complete processing of request    11/02/09 - Letter to Todd Stevenson, Director, Office of the Secretary, Div. of Info. Mgmt., by | Fed. FOIA Request to CPSC    Request to CPSC requesting info on status of July 17, 2009 request including time-line of correspondence | 9/24/09 - Letter from Pamela McDonald stating CPSC has completed initial file search but processing requires fees of $1,400.00 and processing will take 90-120 days, to Victor Diaz    9/24/09 - Letter from Pamela McDonald stating CPSC has completed initial file search but processing requires fees of $1,400.00 and processing will take 90-120 days, to Ervin Gonzalez    11/3/09 - Letter from Todd Stevenson, partial response incl. 44 | YES - Partial Response | YES-11/13/09 |
|---|------|------|------|------|------|------|------|

| 3 | FED | EPA | **8/25/09** - General request to EPA's FOIA office in Atlanta and to the National FOIA officer for the EPA in Washington DC, regarding documents relating to Chinese Drywall | Fed. FOIA Request | **8/26/09** - Letter from Larry F. Gottesman, National FOIA Officer at EPA's National Office acknowledged request and stated that the request was forwarded to the Office of Solid Waste and Emergency Response Service Center

**8/27/09** - Letter from Kindra Kallahan, FOIA Officer at EPA's FOIA office in Atlanta, assigning FOIA Specialist Karen Cody and providing fee schedule and response times for processing

**11/5/09** - EPA Partial Response | YES - Partial Response - 11/5/09; YES - Partial Response/Denial - 11/24/09 (OIG); YES - Final Response (EPA - Agency) - 12/3/09 | YES-11/25/09 (3 cds received 11/5/09); YES - 12/8/09 (OIG response from 11/24/09); Will send 12/3/09 response on receipt of cds |

| 4 | FL | Fla. Dept. of Financial Services, Division of State Fire Marshall | **7/17/09** - General Ch. 119 request by Victor Diaz<br><br>**7/20/09** - General Ch. 119 request by Ervin Gonzalez | Fla. Ch. 119, Public Records Request (requesting public records re reports of fires in Fla. Structures containing imported Chinese Drywall | **7/29/09** - Letter from Nazlee Aziz, Records Section, stating no reports of fires referencing Chinese Drywall at this time | NO | |
| 5 | FL | Florida Department of Health | **2/10/09** - Request to FDOH<br><br>**7/8/09** - Second request to FDOH | Fla. Ch. 119, Public Records | **5/3/09** -First set of production, see CD<br><br>**7/17/09** - Second set of production, see CD | YES | YES-10/21/09 (both productions) |
| 6 | LA | Louisiana Dept. of Economic Development | **8/4/09** - Request to Secretary Stephen Moret requesting documents relating to Chinese Drywall | FOIA Request under LSA-RS 44:1 "Public Records Act" | **8/26/09** - Letter from Matt Braud claiming consumer complaints and health issues are not within the scope of the organization | NO | |

| 7 | LA | Louisiana Dept. of Environmental Quality | **8/4/09 -** Request to Secretary Harrold Leggett, PH.D. requesting documents relating to Chinese Drywall | FOIA Request under LSA-RS 44:1 "Public Records Act" | Only response was phone call stating that they do not have any such documents | NO | |

| 8 | LA | La. Dept. of Health and Hospitals | **8/4/09** - Request to Secretary Allen Levine PH.D. requesting documents relating to Chinese Drywall<br><br>**10/13/09** - Request to Michael J. Coleman, Office of the Secretary, further request for records and response to DDH's August 10 letter | FOIA Request under LSA-RS 44:1 "Public Records Act" | **8/10/09** - Michael J. Coleman responds the records requested are confidential so they won't be able to provide any documents; however, DHH notes several items could be obtained by other federal agencies under FOIA.<br><br>**10/16/09** - Michael J. Coleman response DHH will re-review the records responsive to the request and will arrange for delivery if any are subject to disclosure under the Public Records Act | NO | | |

| 9 | LA | La. Dept. Of Justice | **8/4/09 -** Request To Attorney General James D. "Buddy" Caldwell requesting documents related to Chinese Drywall | FOIA Request under LSA-RS 44:1 "Public Records Act" | **9/3/09 -** Assistant Attorney General Susan Crawford claims information not subject to public record law | NO | | |

Upon receipt of requested information, the PLC has been transmitting copies to DLC pursuant to DLC's request. Further, the PSC will be providing to the Court at the monthly status conference on December 10, 2009 a list of contact information for all requested parties that have not yet provided full and complete responses to the FOIA requests and the PSC will be requesting assistance from the Court in gathering the requested information.

The Plaintiffs seek copies now of whatever public records the Defendants have received in response to the FOIA/public records requests. To the best of the DSC's knowledge, no defendants have made FOIA/public records requests, and thus no documents exist

PLC informed the Court that federal agencies have not produced information to counsel for plaintiffs, but has to counsel for defendant corporations. Accordingly, the PSC takes the position that the information provided by these agencies is discredited. The PSC requests that counsel for the defendants provide information from their meetings with the federal agencies. The Court indicated that it would be in contact with the local U.S. Attorney's office to inquire about the situation and have information by the next status conference.

The Court directed the parties to exchange any information received pursuant to a FOIA request.

## X.      TRIAL SETTINGS IN FEDERAL COURT

The Court has advised that it plans to establish "Bellwether" trials (see Minute Entry dated July 9, 2009 [Doc. 111]). The Court has further advised that any such trials will be limited to property damage only. *Id.* at sect. IV;   The parties have been discussing the protocol and procedure for selecting Bellwether trial candidates. The PSC suggests a sufficient representative sample of cases be selected with regard to geography, concentration of properties, distinctive facts and legal issues. The Defendants suggest that the selection of Bellwether plaintiffs must be limited to the approximately 31 plaintiffs that have submitted profile forms where personal injuries are not claimed. A list of these plaintiff properties has been made available to the PSC and the Court. The parties continue to discuss the selection of Bellwether trials.

The Court has set aside the following date for possible Bellwether trials:

March 15, 2010.

In addition, the Court has suggested that the parties discuss a scheduling order for the Bellwether Trials and that certain discovery deadlines and pre-trial deadlines be established in a scheduling order.

The PSC submitted a letter to the Court stating that it had selected the first case for the March 15, 2009 bellwether trial, *Hernandez v. Knauf Gips KG*, 09-6050. The Court directed the DSC to select the case for the second bellwether trial to be held in April and be prepared to announce it at the next monthly status conference.

The PSC announced that it had drafted a proposed scheduling order for the first

bellwether trial and indicated that it would meet with the DSC shortly to discuss it.

XI.    FILINGS IN THE MDL

The parties also continue to discuss the prospect of direct filings and acceptance of service with Defendants under such circumstances maintaining Defendants' objections as to personal jurisdiction and other defenses, including the right to return cases to the originating venue for trial purposes. Plaintiffs assert this process allows for multiple plaintiffs to file claims in one matter (see Minute Entry dated July 9, 2009 [Doc. 111]). Six (6) suppliers have advised that they will consent to direct filings in the MDL and one (1) supplier has a specific reservation. Builders have advised that they are willing to accept service of any cases, but are not willing to agree to direct filings in the MDL.

XII.    NOTICES OF APPEARANCE AND DEFAULT JUDGMENTS

Pursuant to Pre-Trial Order 1A, counsel must file Notices of Appearances for all parties served in MDL cases or risk entry of a default judgment.

XIII.    INSURANCE ISSUES

There are a number of issues involving insurance matters that will be addressed in this litigation. These include actions against insurers of manufacturers, exporters, importers, brokers, distributors, builders, drywall contractors/installers and homeowners.

XIV.    SERVICE OF PLEADINGS ELECTRONICALLY

The LexisNexis File & Serve System has been established for the service of pleadings electronically in the MDL in order to facilitate service to all counsel. All counsel are required pursuant to Pre-Trial Order No. 6 to serve pleadings both through LexisNexis and the Electronic Filing System (ECF) of the Eastern District of Louisiana Court. Pre-Trial Order No. 6 governs

service of pleadings electronically and sets forth the procedure required for all counsel to register with LexisNexis.

In addition to the foregoing, the parties have been advised that LexisNexis is in the process of establishing a system that allows for tracking state cases involving Chinese drywall.

XV.    MASTER COMPLAINT

PSC is in the process of drafting a Master Complaint.

XVI.    CLASS ACTION COMPLAINT (INDETERMINATE DEFENDANT)

On October 7, 2009, a Class Action Complaint (Indeterminate Defendant) was filed with the Court. On October 19, 2009, an Amended Class Action Complaint (Indeterminate Defendant) was filed with the Court. The Court has directed that the stay on motion practice instituted by Pre-Trial Order No. 1 remains in place in the Class Action Complaint (Indeterminate Defendant) until further notice from the Court.

XVII.    OMNIBUS CLASS ACTION COMPLAINT

On November 2, 2009, Pre-Trial Order No. 17 was issued which recognizes and confirms Knauf Plasterboard (Tianjin) Co., Ltd.'s agreement to accept service of the PSC's Omnibus Class Action Complaint and waive its right to demand service of process through the Hague Convention, which was filed December 9, 2009. Counsel for Knauf Gips KG, et al submitted a Waiver of the Service of Summons on December 9, 2009. DLC reminded all plaintiffs in this complaint that they still have an obligation to submit a PPF.

XVIII. SPECIAL MASTER

On November 12, 2009, the Court issued a Notice that it had determined that appointment of a Special Master is warranted and accordingly, pursuant to Rule 53 of the Federal

Rules of Civil Procedure, provided notice to the parties of its intention to appoint Michael K. Rozen of Feinberg Rozen, LLP, as Special Master. On November 24, 2009, the Court formally appointed Michael K. Rozen as Special Master. Mr. Rozen informed the Court that he has met with all the relevant parties and will continue to do so.

### XIX.    KNAUF GIPS KG PERSONAL JURISDICTION MATTER

On September 21, 2009, Knauf Gips KG filed a Motion for Protective Order to Require Use of the Hague Evidence Convention. On October 5, 2009, the PSC filed a Response in Opposition and the HSC also filed a Response in Opposition. On October 12, 2009, Knauf Kips KG filed a Motion for Leave to File Reply in Support of Motion of Knauf Gips KG for Protective Order to Require Use of the Hague Evidence Convention. On October 27, 2009, the Court issued Order & Reasons denying the motion.

On September 29, 2009, the Court issued an Order advising that the briefing schedule originally established in connection with a Motion for Protective Order would extend well into January 2010, after commencement of the first Bellwether trial, and therefore, the parties were directed to discuss the matter with the Court. The PSC and the HSC have each issued discovery relating to personal jurisdiction issues to Knauf Gips KG. (See Section VIII, *infra*.)

NEW ITEMS

### XX.    DEFAULT PROCEEDINGS IN *GERMANO* AND REMEDIATION HEARING.

On November 25, 2009, the Court issued a Scheduling Order in *Germano, et al v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd, et* al, Case No. 2:09-cv-6687 (E.D.La.). The Scheduling Order applies to a hearing in anticipation of further default proceedings

JS10(01:00)

in that matter which is pending before the MDL Court.  The evidentiary hearing before the Court is to commence with *Daubert* hearings starting on January 25, 2010 and the focus of the hearing is to be the scope and extent of the appropriate remediation necessary for a number of properties that will adequately represent a cross section of properties at issue in the case that are impacted with allegedly defective Chinese drywall.  Motions to intervene on behalf of seven (7) plaintiff property owners and by Knauf Plasterboard (Tianjin) Co. Ltd. ("KPT") and The Mitchell Company were filed prior to December 4, 2009.  In addition, the parties have begun inspections of the seven (7) intervenor plaintiffs' homes.  On December 7, 2009, Distributor Defendants filed a Motion for Extension of Deadlines in this Court's Scheduling Order and for Continuance of the February Confirmation of Default Judgment Proceeding.  The PSC filed a response on December 8, 2009.  The matter is not yet set for hearing by the Court.  Also, on December 4, 2009, the Court issued an Order clarifying the Scheduling Order and advising that the result of the hearing will only have a preclusive effect on those properties which are the subject of the hearing but, hopefully, the Court's findings will provide some guidance for similarly situated and/or affected properties.

XXI.   NEXT STATUS CONFERENCE

A status conference will be held on December 29, 2009, at 9:00 a.m. in which the Court will meet with the parties involved in the *Germano* case to focus on the upcoming hearing.

The next monthly status conference will be held on January 14, 2009, at 9:00 a.m. in the Courtroom of Judge Eldon E. Fallon.  Liaison Counsel will meet with the Court prior to the conference at 8:30 a.m.  For those interested persons not able to attend, a conference call will be set up.  The call-in number and access code can be found on the Court's Drywall MDL website under the Calendar link, http://www.laed.uscourts.gov/Drywall/Calendar.htm.

JS10(01:00)