UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL NO. 2047 |
| | * | SECTION: L |
| | * * | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | * * | |
| MICHELLE GERMANO, et al. vs. TAISHAN GYPSUM CO. LTD., et al., CASE NO. 2:2009-CV-06687 (E.D. La) | * * * | MAG. JUDGE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * *

**NON-PARTY DISTRIBUTOR DEFENDANTS' RESPONSE TO PSC'S OPPOSITION TO MOTION FOR EXTENSION OF DEADLINES IN THIS COURT'S SCHEDULING ORDER DATED NOVEMBER 24, 2009 AND FOR CONTINUANCE OF THE FEBRUARY CONFIRMATION OF DEFAULT JUDGMENT PROCEEDING**

Non-Party Distributor Defendants[1], through their undersigned counsel, file this Response to PSC's Opposition to Motion for Extension of Deadlines in this Court's Scheduling Order Dated November 24, 2009 and for Continuance of the February Confirmation of Default Judgment Proceeding and supporting Affidavit and aver as follows:

Plaintiffs' Steering Committee ("PSC") accuses the Non-Party Distributor Defendants of being interlopers. However, the Non-Party Distributor Defendants are not meddlers in an action that they have no interest. To the contrary, the Non-Party Distributor Defendants are concerned that if they should intervene, the Court's current Scheduling Order does not provide them with

---

[1] Distributor Defendants include, but are not limited to, defendants BANNER SUPPLY CO., INDEPENDENT BUILDER SUPPLY ASSOCIATION, INC., INTERIOR EXTERIOR SUPPLY, INC., and others similarly situated. By supplementing their original Motion for Extension of Deadlines and Continuance of the February Confirmation of Default Judgment Proceeding, the Distributor Defendants still are not intervening into the *Germano* action. However, since the Court's Scheduling Order invites all parties with a potential interest in the determination of proper remediation protocol to intervene, and since the Distributor Defendants have such an interest, this Supplemental Motion is being filed with an Affidavit in support thereof to advise the Court of these interests. Additionally, this Supplemental Motion and supporting affidavit advises the Court that the current Scheduling Order is not feasible for certain defendants whose interests could potentially be affected by any outcome.

1

sufficient time and opportunity to adequately protect their interests by presenting complete and adequate scientific and expert testimony as to remediation.

Moreover, this Court invited all interested parties to participate in this matter. Although there is an Order from the Court dated December 4, 2009 that the evidentiary hearing scheduled for February 19-22, 2010 is preclusive to the properties which are the subject of the hearing, the Court hopes that its findings will provide some guidance for similarly situated and/or affected properties. Clearly, the Non-Party Distributor Defendants have an interest in: (1) providing a scientifically reliable protocol for testing and remediation and (2) protecting and preserving their rights for future proceedings in which the Court hopes that its findings in the *Germano* matter will provide guidance.

The PSC's accusation that the Non-Party Distributor Defendants dither is in fact false. The Non-Party Distributor Defendants have aggressively worked with various experts including but not limited to industrial hygienists, general contractors, electricians, plumbers, toxicologists, chemists and metallurgists to develop a scientifically supported testing and remediation protocol. Many of these experts advise that additional time is required to develop testing and remediation protocol. The Non-Party Distributor Defendants provide the Court with the Affidavit of Tracey Dodd advising that experts will require additional time from the February 5, 2010 deadline to develop a scientifically reliable protocol for testing and remediation.[2]

Finally, the Non-Party Distributor Defendants directed their experts to inspect the Virginia homes on not one but two separate occasions. The Non-Party Distributor Defendants were instrumental in coordinating and scheduling matters relating to the Virginia properties. These efforts included spending numerous nights and weekends, including the Thanksgiving holiday, to resolve many scheduling issues.

---

[2] See Affidavit of Tracey Dodd dated December 15, 2009.

WHEREFORE, Non-Party Distributor Defendants respectfully request that this Court enter an Order (1) enlarging the time to file a Motion to Intervene; (2) continuing the February, 2010 Default Judgment Proceeding until a date and time sufficient to allow the expert witnesses who may be called upon to render opinions and conclusions on the proper remediation protocol; (3) extending all deadlines in the Scheduling Order; and (4) such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Jeffrey A. Backman
_____
JAN DOUGLAS ATLAS
Florida Bar # 226246
JEFFREY A. BACKMAN
Florida Bar #0662501
ADORNO & YOSS LP
350 East Las Olas Blvd., Suite 1700
Fort Lauderdale, FL  33301-4217
Phone: (954) 763-1200
Fax: (954) 766-7800
*Counsel  for Banner Supply Co.*

/s/ Gary Baumann
_____
GARY BAUMANN, ESQ.
Florida Bar # 89052
Fulmer LeRoy Albee Baumann & Glass
2866 E. Oakland Park Blvd.
Fort Lauderdale, FL  33306
Phone: (954) 707-4430
Fax: (954) 766-4431
*Counsel  for Independent Builders Supply Assoc.*

/s/ Richard G. Duplantier, Jr

_____
Richard G. Duplantier, Jr.
Louisiana Bar #18874
Lambert J. Hassinger, Jr.
Louisiana Bar #21683
Galloway, Johnson, Tompkins, Burr & Smith
701 Poydras Street, Suite 4040 One Shell Square
New Orleans, LA 70139
Phone: (504) 525 6802
Fax: (504) 525 2456
rduplantier@gjtbs.com
jhassinger@gjtbs.com
*Counsel for Interior Exterior Building Supply, L.P.*

**Certificate of Service**

The undersigned certifies that this document has been served on Plaintiffs' liaison counsel Russ Herman and Defendants' Liaison Counsel Kerry Miller, by email and United States Mail, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accord with the procedures established in MDL 2047, on the 15th day of December, 2009.

/s/ Richard G. Duplantier, Jr.

_____
Richard G. Duplantier, Jr.