UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL No. 2047 SECTION: L |
| * * * * * * * * * * * | * * | JUDGE FALLON |
| This Document Relates to: | * * | MAG. JUDGE WILKINSON |
| *Hernandez v. Knauf,* Case No. 09-6050 (E.D.La.) | * * * | |
| * * * * * * * * * * * | * | |

## AMENDED AND RESTATED COMPLAINT

THE AMENDED AND RESTATED COMPLAINT of TATUM B. HERNANDEZ and CHARLENE M. HERNANDEZ, two married persons the full age of majority domiciled and residing in the Parish of St. Tammany, State of Louisiana, respectfully represents as follows:

I.

Made defendant herein is KNAUF PLASTERBOARD (TIANJIN) CO., LTD., (sometimes referred to herein as "Knauf-Tianjin"), a foreign entity which, upon information and belief, is established under the laws of Germany and/or China, and maintains a principal place of business in the People's Republic of China, specifically located, upon information and belief, at North Yinhe Bridge, East Jingjin Road, Beichen District, Tianjin, 300400.

II.

Defendant Knauf-Tianjin is, upon information and belief, is a wholly-owned subsidiary of Knauf GIPS KG, a German company.[1]

III.

From 1997 through 2001, Knauf GIPS established three plasterboard plants in Wuhu, Tianjin and Dongguan, People's Republic of China.

IV.

Knauf's sales and technical support teams support Knauf's businesses throughout the world, including the State of Louisiana and elsewhere in the United States. More specifically, it is believed and alleged that, beginning in at least August of 2005, Knauf GIPS, together with its affiliates, including Defendant Knauf-Tianjin, manufactured, sold, distributed, marketed and placed into the stream of commerce drywall with the expectation that such drywall would be purchased by thousands of consumers within the State of Louisiana and elsewhere in the United States. Knauf has continuously and systematically distributed and sold drywall to numerous purchasers in the State of Louisiana, and Knauf drywall has been installed in numerous homes in Louisiana. Defendant Knauf-Tianjin manufactured and sold, directly and/or indirectly, to certain suppliers in the State of Louisiana, including Interior Exterior Building Supply, which, upon information and belief,

---

[1] Defendant Knauf Plasterboard (Tianjin) Co. Ltd. and Knauf GIPS KG are sometimes referred to collectively as "Knauf" herein.

provided the specific defective Knauf-Tianjin drywall that was installed in Plaintiffs' home. In addition, Knauf hired agents within the State of Louisiana to investigate the very allegations at issue in this lawsuit.

V.

It is believed and alleged, in this regard, that Defendant Knauf-Tianjin, both directly and/or through agents, parents, affiliates, and/or other representatives, has maintained, at all times pertinent and relevant hereto, continuous and systematic contacts with the State of Louisiana and the United States. In addition, or in the alternative, Defendant Knauf-Tianjin, both directly and/or through agents, parents, affiliates, and/or other representatives, specifically marketed, sold and supplied into the stream of commerce generally and to the State of Louisiana in particular the drywall which forms the basis of this litigation, purposely availing itself of profits or other benefits and/or protections emanating from the State of Louisiana, and subjecting itself to the jurisdiction of its courts.

<b><u>Jurisdiction and Venue</u></b>

VI.

Jurisdiction is vested in this Honorable Court under 28 U.S.C. §1332(a)(2), as there exists more than $75,000 in controversy, (exclusive of interest and costs), in a dispute between citizens of the State of Louisiana citizens or subjects of China and/or Germany. In addition, or in the alternative, jurisdiction may be founded upon 28 U.S.C. §1332(d)(2)(C), §1332(d)(11) and/or §1367.

VII.

Venue is appropriate in this Judicial District pursuant to 28 U.S.C. §1391(a)(2) or alternatively (a)(3), and/or §1391(d). In particular, a substantial part of the events giving rise to this action occurred within the Eastern District of Louisiana, where the drywall in question was purchased and installed, and where the property in question is located.

**Factual Background**

VIII.

In or around March of 2005, Mr. & Mrs. Hernandez purchased a lot in the City of Mandeville, Parish of St. Tammany, State of Louisiana.

IX.

Between that time and the completion of construction, in or around August of 2006, the general contractor, Anthony Marino of Royal Homes, obtained Knauf-Tianjin drywall from Louisiana Lumber, which, upon information and belief, purchased or otherwise obtained the drywall from Interior Exterior Building Supply.

X.

In or around March of 2009, Mrs. Hernandez saw a local television news report in which another northshore resident was complaining of a "rotten egg" smell and problems with the air conditioner, (which the Hernandez family was also experiencing), and began to suspect for the first time that such issues might be related to drywall.

XI.

Mr. Hernandez identified Knauf-Tianjin drywall in his home that was marked "Made in China".

XII.

Mr. Hernandez communicated with Royal Homes, which, upon information and belief, provided actual notice to both Louisiana Lumber and Interior Exterior.

XIII.

In addition, on or around June 1, 2009, an agent of Knauf, Matt Fosler of Strategy, conducted an inspection of the Hernandez property in Louisiana on behalf of Knauf, advised that his findings were consistent with "defective drywall", and represented that Knauf had knowledge of the problem.

**General Allegations**

XIV.

Defendant expressly warranted that "the gypsumboards manufactured and sold ... are guaranteed to be free from defects in materials and workmanship."

XV.

Defendant also expressly warranted that "the gypsumboards were manufactured in accordance to ASTM C36."

XVI.

In addition, Defendant certified to Interior Exterior that, prior to their leaving Knauf-Tianjin's possession and/or control: (i) "the gypsumboards (goods) shipped were properly palletized, wrapped, sealed to protect them against damage in shipment"; (ii) "the packing of each 68 piece pallet consisted of wrapping them with 6 pieces of rejected boards on each side to protect against damage"; and (iii) "each pallet was wrapped in plastic sheet and belts to further protect against damage and moisture."

XVII.

However, the Knauf-Tianjin drywall in Plaintiffs' home was and is not fit for its ordinary and intended purpose and is otherwise unreasonably dangerous and defective in that it contains elevated levels of deleterious impurities and harmful raw materials, including, but not limited to, Sulfur, reduced Sulfur compounds, microbiological organisms, and/or other harmful impurities, which individually and/or collectively result in the production and emission of sulfide gases such as Carbonyl Sulfide, Carbon Disulfide, and/or Hydrogen Sulfide, which have corroded and continue to corrode copper wires, copper plumbing, copper piping, air-conditioner coils, and other component parts of the Hernandez family home, appliances, and personal property, including, but not limited to, HVAC systems, refrigerators, televisions, personal computers, and other electronic devices.

XVIII.

The Knauf-Tianjin drywall (and the sulfide gases and/or other compounds emitted therefrom, either independently and/or in combination with ambient concentrations of other compounds such as Formaldehyde) has also been widely associated with an offensive smell, headaches, eye irritation, coughing, sore throats, an aggravation of allergy and/or breathing problems, and fear of potential long-term health effects, which have, in the case of the Hernandez family, further contributed to a loss of enjoyment, mental anguish, and/or loss of use of their home and/or personal property.

XIX.

It is believed and alleged that the vices and defects in the Knuaf-Tianjin drywall stem from one or more of the following: (a) the drywall was made with waste material from scrubbers on coal-fired power plants, also called "fly ash", which materials can leak into the air and emit one of several sulfide gases and/or other sulfide compounds; (b) the water used in the manufacturing process was salt water, sea water, and/or contained other contaminants and/or impurities; (c) the gypsum mined for use in the drywall contained excessive amounts of Sulfur and/or other harmful contaminants and/or deleterious impurities, including, but not limited to, microbiological organisms; and/or (d) Knauf generally and/or Knauf-Tianjin in particular failed to utilize reasonable and well-accepted sampling, testing, manufacturing and/or other quality assurance and/or quality control methodologies in the mining and/or manufacturing process.

**<u>Redhibition</u>**

**(<u>Including Warranty of Fitness</u>)**

XX.

The drywall manufactured, distributed and/or sold by Defendant was not reasonably fit for its ordinary and intended use and purpose.

XXI.

Defendant is therefore liable to Plaintiffs for damages, (*excluding* damages for physical injuries), in accordance with Louisiana Civil Code Article 2524.

XXII.

In addition, or alternatively, the drywall manufactured, distributed and/or sold by Defendant contained redhibitory defects, in that, at the time of sale, the propensity to emit or off-gas Sulfur compounds and/or other potentially harmful, irritating and/or corrosive substances rendered (and continues to render) the drywall so useless and/or inconvenient that it must be presumed that Plaintiffs would not have purchased the drywall had they known of the defect or defects.

XXIII.

In the alternative, the defects are redhibitory in that, while not rendering the drywall totally useless, diminish the drywall's use and/or value to such an extent that it must be presumed that the Plaintiffs may have bought it, but for a lesser price.

XXIV.

Defendant Knauf-Tianjin is conclusively presumed to know of the defects in the drywall it made.

XXV.

In addition, it is believed and alleged that Knauf-Tianjin actually knew of the defects in the drywall generally and in the Hernandez drywall in particular at the time the drywall was delivered and/or sold, and/or, alternatively, at the latest, when the house was inspected in June of 2009.

XXVI.

Defendant, since at least June 2009, has had the opportunity to repair and/or replace the drywall and associated fixtures and/or building components, but has refused and/or otherwise failed to do so.

XXVII.

Defendant Knuaf-Tianjin is therefore independently and directly liable to Plaintiffs for a return of the purchase price, (with interest);  reimbursement of the reasonable expenses occasioned by the sale, as well as those incurred for the preservation of the drywall and associated items;  for damages, including any and all property damages, economic damages, mental anguish, fear and fright, inconvenience, and/or loss of use, (but *excluding* damages for physical injuries); and for reasonable attorneys' fees;  in accordance with Louisiana Civil Code Article 2545.

## Louisiana Products Liability Act

### XXVIII.

In addition to any and all damages, attorneys fees and/or other remedies made available to Plaintiffs under the warranty of fitness and/or warranty against redhibitory defects and vices, Defendant Knauf-Tianjin is liable to Plaintiffs under the Louisiana Products Liability Act, ("LPLA"), La. R.S. 9:2800.51, *et seq.*

### XXIX.

It is believed and alleged that Defendant Knauf-Tianjin is a "manufacturer" under Louisiana Revised Statute 9:2800.53(1), and/or alternatively under 9:2800.53(1)(a) (labels or otherwise holds the drywall out as his own), 9:2800.53(1)(b) (exercises control over or influences a characteristic of the drywall causing damage), 9:2800.53(1)(c) (the manufacturer of a product which contains the drywall as a component part), and/or 9:2800.53(1)(d) (a seller of a product of an alien manufacturer where the seller is in the business of importing or distributing the drywall for resale and is the *alter ego* of the alien manufacturer).

### XXX.

The Knauf-Tianjin drywall at issue is unreasonably dangerous by virtue of the unreasonable off-gassing and/or emission of Sulfur compounds and/or other corrosives, toxins and/or irritants, which do not in any way contribute to or enhance the utility of the drywall, yet pose a risk to the wiring, plumbing, appliances, personal property, overall economic value of the property and financial security of the owner, and/or the health of the residents of the property.

XXXI.

At all times pertinent and material hereto, there existed alternative feasible manufacturing processes and/or designs of drywall which perform all of the functions and utility of traditional drywall, without emitting unreasonable levels of Sulfur and/or other toxic and/or corrosive compounds.

XXXII.

At all times pertinent and material hereto, Defendant knew that its drywall was unreasonably dangerous and/or defective as set forth herein.

XXXIII.

In the alternative, Defendant should have, at all times pertinent and material hereto, known of the unreasonably dangerous and/or defective characteristics and/or conditions, had they reasonably employed then-existing scientific and/or technical knowledge, reasonable testing, and/or other reasonable and then-accepted methods of quality assurance and/or quality control.

XXXIV.

Defendant's drywall is unreasonably dangerous in composition or construction in that, at the time it left Defendant's control, it deviated in a material way from Defendant's own specifications or performance standards.

XXXV.

In addition, or alternatively, Defendant's drywall is unreasonably dangerous in design, in that, at the time the drywall left Defendant's control, there existed an alternative design for the

product that was capable of preventing Plaintiffs' damage, and the likelihood of causing the plaintiffs' damage and the gravity of that harm outweighed the burden (if any) on the Defendant in adopting such alternative design and the adverse effect (if any) on the utility of the drywall.

XXXVI.

In addition, and in the alternative, Defendants' drywall is unreasonably dangerous in that it fails to conform to an express warranty about the drywall which induced the use of the product and caused and/or contributed to damage to Plaintiffs.

XXXVII.

In addition, and in the alternative, Defendant's drywall is unreasonably dangerous due to an inadequate warning, in that, at the time the drywall left Defendant's control, the drywall possessed a characteristic that might cause damage and yet Defendant failed to use reasonable care to provide an adequate warning of such characteristics and/or dangers to users and/or handlers of the drywall.

XXXVIII.

Defendant is therefore liable to Plaintiffs for any and all property damage, economic damage, inconvenience, and loss of use, (but *excluding* damages for physical injuries).

**Jury Demand**

XXXIX.

Plaintiffs request and are entitled to trial by jury.

## Prayer for Relief

**WHEREFORE** Plaintiffs Tatum and Charlene Hernandez respectfully pray that this Amended and Restated Complaint be deemed good an sufficient, and that, after due proceedings be had, there be judgment herein, in favor of Plaintiffs, and against Defendant, Knauf Plasterboard (Tianjin) Co., Ltd., for return of the purchase price, (with interest); reimbursement of the reasonable expenses occasioned by the sale, as well as those incurred for the preservation of the drywall and associated items; for damages, including any and all property damages, economic damages, mental anguish, fear and fright, inconvenience and/or loss of use, (but *excluding* damages for physical injuries); legal interest; the costs of these proceedings; and reasonable attorneys' fees.

This <u>18th</u> day of <u>December</u>, <u>2009</u>.

Respectfully submitted,

     /s/ Stephen J. Herman
**STEPHEN J. HERMAN, T.A.,** La. Bar No. 23129
**RUSS M. HERMAN**, La. Bar No. 6819
   *Plaintiffs' Liaison Counsel*
**LEONARD A. DAVIS**, La. Bar No. 14190
**JEREMY S. EPSTEIN**, La. Bar No. 32135
**HERMAN, HERMAN, KATZ & COTLAR, LLP**
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Fax No. (504) 561-6024
E-Mail: sherman@hhkc.com

**ARNOLD LEVIN, ESQ.**
*Lead Counsel for MDL Plaintiffs*
**FRED S. LONGER, ESQ.**
**LEVIN, FISHBEIN, SEDRAN & BERMAN**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone: (215) 592-1500
Fax No. (215) 592-4663
E-Mail: Alevin@lfsblaw.com

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Victor Manuel Diaz
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
 Matthews, Martinez, Gonzales,
 Kalbac & Kane
255 Aragon Avenue, 2nd Floor
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Jerrold Seith Parker
Parker, Waichman, Alonso LLP
27399 Riverview Center Blvd.
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

| | |
|---|---|
| Hugh P. Lambert<br>Lambert and Nelson<br>701 Magazine Street<br>New Orleans, LA 70130<br>Phone: (504) 581-1750<br>Fax: (504) 529-2931<br>hlambert@lambertandnelson.com | James Robert Reeves<br>Lumpkin & Reeves<br>160 Main Street<br>Biloxi, MS 39530<br>Phone: (228) 374-5151<br>Fax: (228) 374-6630<br>jrr@lumpkinreeves.com |
| Bruce William Steckler<br>Baron & Budd, P.C.<br>3102 Oak Lawn Ave., Suite 1100<br>Dallas, TX 75219<br>Phone: (214) 521-3605<br>Fax: (214) 520-1181<br>bsteckler@baronbudd.com | Christopher Seeger<br>Seeger Weiss, LLP<br>One William Street<br>New York, NY 10004<br>Phone: (212) 584-0700<br>Fax: (212) 584-0799<br>cseeger@seegerweiss.com |
| Gerald E. Meunier<br>Gainsburgh, Benjamin, David, Meunier<br> & Warshauer, LLC<br>2800 Energy Centre, 1100 Poydras Street<br>New Orleans, LA 70163-2800<br>Phone: (504) 522-2304<br>Fax: (504) 528-9973<br>gmeunier@gainsben.com | Scott Wm. Weinstein<br>Morgan & Morgan<br>12800 University Drive, Suite 600<br>Ft. Meyers, FL 33907<br>Phone: (239) 433-6880<br>Fax: (239) 433-6836<br>sweinstein@forthepeople.com |

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.WSuite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

| | |
|---|---|
| Daniel K. Bryson | Jeremy W. Alters |
| Lewis & Roberts | Alters, Boldt, Brown, Rash & Culmo, P.A. |
| 3700 Glenwood Avenue, Suite 410 | 4141 N.E. 2nd Avenue, Suite 201 |
| Raleigh, NC 27612 | Miami, FL 33137 |
| Phone: (919) 981-0191 | Phone: (305) 571-8550 |
| Fax: (919) 981-0431 | Fax: (305) 571-8559 |
| dkb@lewis-roberts.com | jeremy@abbrclaw.com |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing Amended and Restated Complaint has been served on Counsel for Defendant Knauf Plasterboard (Tianjin) Co. Ltd and Defendants' Liaison Counsel, Kerry Miller, *via* E-MAIL, and upon All Parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 18th day of December, 2009.

      /s/ Stephen J. Herman
Stephen J. Herman, La. Bar No. 23129
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Ave.
New Orleans, LA  70113
Telephone:  (504) 581-4892
Fax No. (504) 561-6024
E-Mail: sherman@hhkc.com