# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| JANET MORRIS-CHIN and DAJAN GREEN, individually and on behalf of all others similarly situated,<br><br>              Plaintiffs,<br><br>v.<br><br>KNAUF PLASTERBOARD TIANJIN CO., LTD., a Foreign corporation; KNAUF GIPS KG, a Foreign corporation; KNAUF PLASTERBOARD (WUHU) CO. LTD., a Foreign corporation; KNAUF PLASTERBOARD (DONGGUAN) CO.LTD., a Foreign corporation; and ROTHCHILT INT'L., LTD., a Foreign corporation,<br><br>              Defendants. | Case No. 09-20796-CIV-GOLD<br><br><u>AFFIDAVIT OF JOSHUA R. COBB</u><br>RE:  Proof of Service upon<br>**Knauf Plasterboard (Dongguan) Co. Ltd.**<br>in accordance with Paragraph 2<br>of Article 15 and the Hague<br>Convention Default Provisions |

State of Minnesota    )
                    ) s.s.
County of Hennepin   )

I

The affiant is a paralegal in the employ of APS International, Ltd., and in that capacity has caused thousands of documents to be served abroad pursuant to The Hague Convention.  <u>The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Com-mercial Matters</u>, TIAS #10072, 20 UST 361 (2/10/69) 28 USCA, 1988 Sup. pamphlet page 121.

II

Because of the language barrier, and other problems, it is not unusual for a proof of service to be

sent by a foreign Central Authority clerk to the wrong United States lawyer.  The United States is the only country, of all Treaty Nations, which has no single Central Authority to receive proofs of service.  Since proofs sent to an incorrect address arrive in a foreign language, generally they are inadvertently "filed away."  APS International, Ltd. receives a number of such proofs of service sent to it in error every year.  Our translators routinely forward them to the proper United States lawyer or Court.

III

The possibility that foreign Central Authorities would lose or otherwise not prepare or send proofs of service is anticipated by the Treaty.  Paragraph 2 of Article 15 allows each treaty nation to elect a provision for default judgments, notwithstanding the absence of a proof of service (Paragraph 2 of Article 15 is attached as Exhibit 1).

IV

The United States has executed declaration 3 to the Treaty, which adopts Paragraph 2 of Article 15 and allows for default judgment in a United States Court, notwithstanding the absence of a proof of service (Declaration #3 of the United States is attached as Exhibit 2).

V

Paragraph 2 of Article 15 allows a United States judge to grant a default judgment, notwithstanding the absence of a proof of service provided:

a)      The documents of suit in the action were transmitted abroad to the appropriate Central Authority for the purpose of service. In this case, the service documents were transmitted via international courier (Federal Express).  They were delivered to the Division of Judicial Assistance at the Ministry of Justice of the People's Republic of China, No.10, Chaoyangmen, Nandajie, Chaoyang District, Beijing 100020, China, on May 4th, 2009 (see Federal Express tracking results attached as Exhibit 3).

b)      A period of time in excess of six months must have lapsed since the suit documents were transmitted abroad for the purpose of service. In this case the documents were transmitted on May 1st, 2009, and a period of more than six months has elapsed.

c)      No certificate of any kind has been received, even though reasonable efforts have been made to obtain it through the competent authorities of the state addressed.  In this case, reasonable efforts include:

1)      A letter addressed to the Central Authority requesting status of service was sent on October 2nd, 2009.  This letter was received at the Division of Judicial Assistance at the Ministry of Justice of the People's Republic of China, No.10, Chaoyangmen, Nandajie, Chaoyang District, Beijing 100020, China, on October 9th, 2009. (copy of letter addressed to the Central Authority and Federal Express tracking results are attached as Exhibit 4).

2)      A second letter addressed to the Central Authority was sent on November 2nd, 2009, via Federal Express.  This letter was received by at the Division of Judicial Assistance at the Ministry of Justice of the People's Republic of China, No.10, Chaoyangmen, Nandajie, Chaoyang District, Beijing 100020, China, on November 5th, 2009.  (copy of letter addressed to the Central Authority and Federal Express tracking results are attached as Exhibit 5).

VI

Notwithstanding entry of judgment by the United States Court, an aggrieved defendant is given a remedy. The treaty provides in Article 16 for a procedural remedy to reopen a default judgment within one year.  In addition, the United States has adopted declaration 4 which allows a default

to be reopened within either the same period of time that is allowed under the United States

Court's rules of procedure, or 1 year, whichever period is greater.  (Article 16 and Declaration #4

of the United States are attached as Exhibit 6 and Exhibit 7)


VII

In accordance with the terms of the Treaty, the plaintiff is entitled to default judgment in this

matter.

Affiant states nothing further.

_____

Joshua R. Cobb
APS International, Ltd.
APS International Plaza
7800 Glenroy Road
Minneapolis, MN  55439
(800) 831-7171

Subscribed and sworn
before me this 7th
day of December, 2009.



_____
Notary Public

ELIZABETH A. LITTLE
NOTARY PUBLIC- MINNESOTA
MY COMMISSION EXPIRES 1-31-2010

EXHIBIT 1

<u>THE HAGUE CONVENTION ON THE SERVICE ABROAD OF JUDICIAL AND
EXTRAJUDICIAL DOCUMENTS IN CIVIL OR COMMERCIAL MATTERS</u>, TIAS
#10072, 20 UST 361 (2/10/69) 28 USCA, 1988 SUP. PAMPHLET PAGE 104.

ARTICLE 15

Where a writ of summons or an equivalent document had to be transmitted abroad for the
purpose of service, under the provisions of the present Convention, and the defendant has not
appeared, judgment shall not be given until it is established that -

(a)      the document was served by a method prescribed by the internal law of the State
addressed for the service of documents in domestic actions upon persons who are within its
territory, or

(b)      the document was actually delivered to the defendant or to his residence by another
method provided for by this Convention,

and that in either of these cases the service or the delivery was effected in sufficient time to
enable the defendant to defend.

Each contracting State shall be free to declare that the judge, notwithstanding the
provisions of the first paragraph of this article, may give judgment even if no certificate of
service or delivery has been received, if all the following conditions are fulfilled -

(a)      the document was transmitted by one of the methods provided for in this Convention,

(b)      a period of time of not less that six months, considered adequate by the judge in the
particular case, has elapsed since the date of the transmission of the document,

(c)      no certificate of any kind has been received, even though every reasonable effort has been
made to obtain it through the competent authorities of the State addressed.

Notwithstanding the provisions of the preceding paragraphs the judge may order, in case
of urgency, any provisional or protective measures.

EXHIBIT 2

THE HAGUE CONVENTION ON THE SERVICE ABROAD OF JUDICIAL AND
EXTRAJUDICIAL DOCUMENTS IN CIVIL OR COMMERCIAL MATTERS, TIAS #10072,
20 UST 361 (2/10/69) 28 USCA, 1988 SUP. PAMPHLET PAGE 104.

DECLARATION #3 OF THE UNITED STATES

In accordance with the second paragraph of Article 15, it is declared that the judge may,
notwithstanding the provisions of the first paragraph of Article 15, give judgment even if no
certificate of service or delivery has been received, if all the conditions specified in subdivision
(a), (b) and (c) of the second paragraph of Article 15 are fulfilled.

EXHIBIT 3

**Josh R. Cobb**

**From:**    TrackingUpdates@fedex.com
**Sent:**    Sunday, May 03, 2009 8:34 PM
**To:**      Josh R. Cobb
**Subject:** FedEx Shipment 797559911320 Delivered

This tracking update has been requested by:

Company Name:            APS INTERNATIONAL, LTD
Name:                    JOSH COBB
E-mail:                  JCobb@civilactiongroup.com

Our records indicate that the following shipment has been delivered:

Reference:               INT254542-1-4-5
Ship (P/U) date:         May 1, 2009
Delivery date:           May 4, 2009 9:27 AM
Sign for by:             .CHOP
Delivered to:            Mailroom
Service type:            FedEx International Priority
Packaging type:          FedEx Pak
Number of pieces:        1
Weight:                  4.20 lb.
Special handling/Services:   Deliver Weekday

Tracking number:         797559911320

Shipper Information                Recipient Information
JOSH COBB                          DIVISION OF JUDICIAL ASSISTANCE
APS INTERNATIONAL, LTD             MINISTRY OF JUSTICE OF THE
7800 GLENROY RD                    PEOPLES
MINNEAPOLIS                        NO. 10, CHAOYANGMEN, NANDAJIE;
MN                                 CHAOYANG DISTRICT
US                                 BEIJING
55439                              CN
                                   100020

Please do not respond to this message. This email was sent from an unattended
mailbox. This report was generated at approximately 8:33 PM CDT
on 05/03/2009.

Learn more about new ways to track with FedEx.

All weights are estimated.

To track the latest status of your shipment, click on the tracking number above,
or visit us at fedex.com.

This tracking update has been sent to you by FedEx on the behalf of the

Requestor noted above. FedEx does not validate the authenticity of the requestor and does not validate, guarantee or warrant the authenticity of the request, the requestor's message, or the accuracy of this tracking update. For tracking results and fedex.com's terms of use, go to fedex.com.

Thank you for your business.

---

This email has been scanned by the MessageLabs Email Security System.
For more information please visit http://www.messagelabs.com/email

---

12/7/2009

EXHIBIT 4

APS International Plaza • 7800 Glenroy Road
Minneapolis, Minnesota 55439-3122
PHONE: (952) 831-7776
FAX: (952) 831-8150

# APS International, Ltd.

October 2nd, 2009

DIVISION OF JUDICIAL ASSISTANCE
Ministry of Justice of the People's Republic of China
No.10, Chaoyangmen, Nandajie
Chaoyang District
Beijing 100020
People's Republic of China

RE:   **Service of Process upon:**  Knauf Plasterboard (Dongguan) Co. Ltd.
CASE NO:   09-20796-CIV-GOLD

Dear Sir/Madam:

Documents for service of process under the Hague Convention on the Service Abroad of Judicial & Extrajudicial Documents in Civil or Commercial Matters, were sent to you on **May 1st, 2009,** in the lawsuit: **Morris-Chin  v  Knauf Plasterboard Tianjin Co., Ltd.**

Since that time we have heard nothing.

We sent the following documents via Federal Express courier.

1) Request, Certificate/Attestation and Summary of Documents.
2) Two (2) copies of the documents to be served (in English).
3) Two (2) copies of the documents to be served (in Chinese).

**If you do not have a record of receiving the original request, please promptly respond to this letter via facsimile and we will forward a duplicate request for service to you.**

Please let us know the status of these papers;

1) Have the documents been served? _____.
2) If so, when, where and on whom were they served?
_____
3) Where is the Certificate/Attestation and when can we expect it?
_____
_____.

The United States has executed Declaration 3 to the Treaty, which adopts Paragraph 2 of Article 15 which allows for a default judgment in a United States Court, notwithstanding the absence of proof of service.  In accordance with this provision, we will be requesting the United States Court to grant judgment by default against **Knauf Plasterboard (Dongguan) Co. Ltd.**, your citizen, after **December 2nd, 2009**.

We have enclosed a duplicate of this letter upon which you may apply, together with an envelope addressed to us for your convenience.

Thank you for your prompt consideration.

Sincerely,

Josh Cobb
International Department

## Josh R. Cobb

**From:**   TrackingUpdates@fedex.com
**Sent:**   Friday, October 09, 2009 2:22 AM
**To:**   Josh R. Cobb
**Subject:**   FedEx Shipment 797987270445 Delivered

---

This tracking update has been requested by:

```
Company Name:              APS INTERNATIONAL, LTD
Name:                      JOSH COBB
E-mail:                    JCobb@civilactiongroup.com
```

---

Our records indicate that the following shipment has been delivered:

```
Reference:                 INT254542-5
Ship (P/U) date:           Oct 2, 2009
Delivery date:             Oct 9, 2009 3:13 PM
Sign for by:               C.CHOP
Delivered to:              Receptionist/Front Desk
Service type:              FedEx International Priority
Packaging type:            FedEx Envelope
Number of pieces:          1
Weight:                    0.50 lb.
Special handling/Services: Deliver Weekday

Tracking number:           797987270445
```

```
Shipper Information        Recipient Information
JOSH COBB                  DIVISION OF JUDICIAL ASSISTANCE
APS INTERNATIONAL, LTD     MINISTRY OF JUSTICE OF THE
7800 GLENROY RD            PEOPLES
MINNEAPOLIS                CHAOYANG DISTRICT
MN                         NO. 10, CHAOYANGMEN, NANDAJIE
US                         BEIJING
55439                      CN
                           100020
```

Please do not respond to this message. This email was sent from an unattended
mailbox. This report was generated at approximately 2:21 AM CDT
on 10/09/2009.

Learn more about new ways to track with FedEx.

All weights are estimated.

To track the latest status of your shipment, click on the tracking number above,
or visit us at fedex.com.

This tracking update has been sent to you by FedEx on the behalf of the

12/7/2009

Requestor noted above. FedEx does not validate the authenticity of the
requestor and does not validate, guarantee or warrant the authenticity of the
request, the requestor's message, or the accuracy of this tracking update. For
tracking results and fedex.com's terms of use, go to fedex.com.

Thank you for your business.

This email has been scanned by the MessageLabs Email Security System.
For more information please visit http://www.messagelabs.com/email

12/7/2009

EXHIBIT 5

APS International Plaza • 7800 Glenroy Road
Minneapolis, Minnesota 55439-3122
PHONE: (952) 831-7776
FAX: (952) 831-8150
TOLL FREE: (800) 328-7171

# APS International, Ltd.

**November 2nd, 2009**

DIVISION OF JUDICIAL ASSISTANCE
Ministry of Justice
No.10, Chaoyangmen, Nandajie
Chaoyang District
Beijing 100020
People's Republic of China

**RE:**    Service of Process upon:  <u>Knauf Plasterboard (Dongguan) Co. Ltd.</u>
**CASE NO:** <u>09-20796-CIV-GOLD</u>

Dear Sir/Madam:

Documents for service of process under the <u>Hague Convention on the Service Abroad of Judicial & Extrajudicial Documents in Civil or Commercial Matters</u>, were sent to you on **May 1st, 2009,** in the lawsuit: **<u>Morris-Chin  v  Knauf Plasterboard Tianjin Co., Ltd.</u>**

Since that time we have heard nothing.

We sent the following documents via Federal Express courier.

    1)  Request, Certificate/Attestation and Summary of Documents.
    2)  Two (2) copies of the documents to be served (in English).
    2)  Two (2) copies of the documents to be served (in Chinese).

We also sent a letter requesting the status of this request for service on: **<u>October 2nd, 2009</u>**

Please let us know the status of these papers;

    1)  Have the documents been served? _____.
    2)  If so, when, where and on whom were they served?
    _____.

    3)  Where is the Certificate/Attestation and when can we expect it?
    _____
    _____.

The United States has executed Declaration 3 to the Treaty, which adopts Paragraph 2 of Article 15 which allows for a default judgment in a United States Court, notwithstanding the absence of proof of service.  In accordance with this provision, we will be requesting the United States Court to grant judgment by default against **Knauf Plasterboard (Dongguan) Co. Ltd.**, your citizen, after **December 2nd, 2009**.

We have enclosed a duplicate of this letter upon which you may apply, together with an envelope addressed to us for your convenience.

Thank you for your prompt consideration.

Sincerely,

Josh Cobb
International Department

## Josh R. Cobb

**From:**     TrackingUpdates@fedex.com
**Sent:**     Thursday, November 05, 2009 1:50 AM
**To:**       Josh R. Cobb
**Subject:**  FedEx Shipment 797072593080 Delivered

---

```
This tracking update has been requested by:

Company Name:              APS INTERNATIONAL, LTD
Name:                      JOSH COBB
E-mail:                    JCobb@civilactiongroup.com
```

---

```
Our records indicate that the following shipment has been delivered:

Reference:                 INT254542-5
Ship (P/U) date:           Nov 2, 2009
Delivery date:             Nov 5, 2009 3:46 PM
Sign for by:               C.CHOP
Delivered to:              Receptionist/Front Desk
Service type:              FedEx International Priority
Packaging type:            FedEx Envelope
Number of pieces:          1
Weight:                    0.50 lb.
Special handling/Services: Deliver Weekday

Tracking number:           797072593080


Shipper Information           Recipient Information
JOSH COBB                     DIVISION OF JUDICIAL ASSISTANCE
APS INTERNATIONAL, LTD        MINISTRY OF JUSTICE OF THE
7800 GLENROY RD               PEOPLES
MINNEAPOLIS                   CHAOYANG DISTRICT
MN                            NO. 10, CHAOYANGMEN, NANDAJIE
US                            BEIJING
55439                         CN
                             100020

Please do not respond to this message. This email was sent from an unattended
mailbox. This report was generated at approximately 1:50 AM CST
on 11/05/2009.

Learn more about new ways to track with FedEx.

All weights are estimated.

To track the latest status of your shipment, click on the tracking number above,
or visit us at fedex.com.

This tracking update has been sent to you by FedEx on the behalf of the
```

12/7/2009

Requestor noted above. FedEx does not validate the authenticity of the requestor and does not validate, guarantee or warrant the authenticity of the request, the requestor's message, or the accuracy of this tracking update. For tracking results and fedex.com's terms of use, go to fedex.com.

Thank you for your business.

This email has been scanned by the MessageLabs Email Security System.
For more information please visit http://www.messagelabs.com/email

12/7/2009

EXHIBIT 6

THE HAGUE CONVENTION ON THE SERVICE ABROAD OF JUDICIAL AND EXTRAJUDICIAL DOCUMENTS IN CIVIL OR COMMERCIAL MATTERS, TIAS #10072, 20 UST 361 (2/10/69) 28 USCA, 1988 SUP. PAMPHLET PAGE 104.

ARTICLE 16

When a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and a judgment has been entered against a defendant who has not appeared, the judge shall have the power to relieve the defendant from the effects of the expiration of the time for appeal from the judgment if the following conditions are fulfilled -

(a)      the defendant, without any fault on his part, did not have knowledge of the document in sufficient time to defend, or knowledge of the judgment in sufficient time to appeal, and

(b)      the defendant has disclosed a prima facie defense to the action on the merits.

An application for relief may be filed only within a reasonable time after the defendant has knowledge of the judgment.

Each contracting State may declare that the application will not be entertained if it is filed after the expiration of a time to be stated in the declaration, but which shall in no case be less than one year following the date of the judgment.  This article shall not apply to judgments concerning status or capacity of persons.

EXHIBIT 7

<u>THE HAGUE CONVENTION ON THE SERVICE ABROAD OF JUDICIAL AND
EXTRAJUDICIAL DOCUMENTS IN CIVIL OR COMMERCIAL MATTERS</u>, TIAS #10072,
20 UST 361 (2/10/69) 28 USCA, 1988 SUP. PAMPHLET PAGE 104.

DECLARATION #4 OF THE UNITED STATES

In accordance with the third paragraph of Article 16, it is declared that an application under
Article 16 will not be entertained if it is filed (a) after the expiration of the period within which
the same may be filed under the procedural regulations of the court in which the judgment has
been entered, or (b) after the expiration of one year following the date of the judgment,
whichever is later.