# EXHIBIT "C"

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) | MDL NO. 2047<br><br>SECTION: L<br><br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**THIS DOCUMENT RELATES TO ALL CASES**

### PRETRIAL ORDER NO. ____
### CONCERNING THE FORMAT OF PRODUCTION

**UPON PLAINTIFFS' MOTION** for an order compelling **DEFENDANTS** identified in Exhibit A to their memorandum in support of their motion to compel discovery and establish a uniform format of production, and the court having considered the papers and oral argument of counsel, and for good cause having been shown,

**IT IS HEREBY ORDERED** that:

1.    General Format of Production.    DEFENDANTS shall produce documents as electronic images with associated text files, metadata, and objective coding or native format as further described herein.

2.    ESI Production.    DEFENDANTS shall produce Electronically Stored Information ("ESI"), with the exception of inaccessible storage media as described below. ESI will be searched on a custodian and/or search term basis, as described in Paragraph 13. With respect to production of ESI, DEFENDANTS propose the following:

   a.    E-mail will be produced as image files with related searchable text, metadata and bibliographic information, as described in *Metadata & Family Record Specifications*, US

DOJ, Antitrust Division ("DOJ Specifications"), which is attached and incorporated as Ex. 1.

b.      Electronic documents including word-processing documents, spreadsheets, presentations and all other electronic documents not specifically discussed elsewhere in Exhibit A will be produced as image files with related searchable text, metadata and bibliographic information (including filepath information) as described in the DOJ Specifications, except for:

1.      Excel spreadsheets will be produced in native format with related searchable text, metadata and bibliographic information. Additionally, the first 5 pages of Excel spreadsheets will be produced in .tiff format as described in paragraph 1(b) above;

2.      PowerPoint files will be produced in native format;

3.      DEFENDANTS shall discuss with the PSC any specialized databases that are responsive to the PSC's requests and reach agreement on production before any such production; and

4.      DEFENDANTS shall discuss with the PSC reasonable requests for production in native format on a document-by-document basis.

3.      Hard Copy (or Paper) Documents  DEFENDANTS shall produce hard-copy documents as image files with related OCR text and bibliographic information to the extent such documents are converted into electronic format.

4.      Form and Manner of Production  All production document images will be provided as single-page Tagged Image File Format ("TIFFs" or ".tiff format"). All images generated from hard copy documents shall be scanned as black and white images at 300 d.p.i. resolution and shall be

saved and produced in a Group 4 compression single-page "TIFF" format and reflect, without visual degradation, the full and complete information contained on the original document. All images generated from native electronic documents with the exception of source code, dynamic web pages, and web content, shall be saved electronically (or "printed") in a Group 4 compression single-page "TIFF" image that reflects the full and complete information contained on the original document. DEFENDANTS shall produce a "load file" that is compatible with a commercially available document management software, such as Concordance, to accompany the images, which load file shall include information about where each document begins and ends to facilitate the use of the produced images through a document management or litigation support database system. The parties shall meet and confer to the extent reasonably necessary to facilitate the import and use of the produced materials with commercially available document management or litigation support software.

5.     Document Unitization.   To the extent possible and on a going-forward basis, DEFENDANTS will endeavor to apply unitization practices consistent with the following description. Each page of a hard copy document shall be scanned into an image and if a document is more than one page, the unitization of the document and any attachments shall be maintained as it existed in the original when creating the image file. For documents that contain fixed notes, the pages will be scanned both with and without the notes and those pages will be treated as part of the same document. The relationship of documents in a document collection (e.g., cover letter and enclosures, email and attachments, binder containing multiple documents, or other documents where a parent-child relationship exists between the documents) shall be maintained through the scanning or conversion process. If more than one level of parent-child relationship exists, documents will be kept in order, but all will be treated as children of the initial parent document. Such information

W:\\DRYWALL\\27687 MDL\\PLD\\MOTIONS TO COMPEL\\PSC'S MOTION TO COMPEL DEFENDANTS\\SECOND MOTION TO COMPEL 2009-12-29\\EXHIBIT C.DOC

5

shall be produced to Plaintiffs in the load file, as hereafter defined, in a manner to enable the parent-child relationship among documents in a document collection to be reconstituted by Plaintiffs in commercially available document management software, such as Concordance.

6.    <u>Color</u>.   If an original document contains color, DEFENDANTS shall honor reasonable requests for either the production of an original document for inspection and copying or production of a color image of the document.

7.    <u>Duplicates</u>.   Where a single document custodian has more than one identical copy of a document (i.e., the documents are visually the same and contain the same electronic text), DEFENDANTS will only produce a single copy of that document.   Where multiple document custodians each possess their own copies of an identical document, the document shall be produced once for each custodian in possession of the document.

8.    <u>Bates Numbering</u>.   DEFENDANTS agree to produce imaged documents with a legible, unique page identifier ("Bates Number") electronically "burned" onto the image at a location that does not obliterate, conceal, or interfere with any information from the source document.   No other legend or stamp will be placed on the document image other than a confidentiality legend (where applicable) redactions (consistent with the Stipulated Protective Order in this matter, or any other protective orders agreed to in the future), and the Bates Number identified above.  The confidential legend shall be "burned" onto the document's image at a location that does not obliterate or obscure any information from the source document. With respect to the identification of files produced in their native format, the parties shall confer on an appropriate method for applying a unique identifier to each file produced.

9.    <u>File Naming Conventions</u>.   Each page image file shall be named with the unique Bates Number of the page of document, followed by the extension ".TIF".  In the event the Bates

W:\! DRYWALL\27687 MDL\PLD\MOTIONS TO COMPEL\PSC'S MOTION TO COMPEL DEFENDANTS\SECOND MOTION TO COMPEL 2009-12-29\EXHIBIT C.DOC

4

Number contains a symbol and/or character that cannot be included in a file name, the symbol and/or character will be omitted from the file name.

10.     Production Media.  DEFENDANTS shall produce documents on CD-ROM, DVD, external hard drive, or such other readily accessible computer or electronic media as the parties may hereafter agree upon (the "Production Media").  Each piece of Production Media shall identify a production number corresponding to the production "wave" the documents and identify on the Production Media whether it is related to DEFENDANTS (e.g., for Knauf Plasterboard (Tianjin) Co., Ltd., "KPT001"; "KPT002"), as well as the volume of the material in that production wave (e.g., "-001"; "-002").  For example, if the first production wave by KPT or Knauf Wuhu comprises document images on three hard drives, they shall label each hard drive in the following manner in numeric sequence: (e.g. for Knauf Plasterboard (Tianjin) Co., Ltd., "KPT001-001"; "KPT001-002"; "KPT001-003.")  Additional information that shall be identified on the physical Production Media shall include: (1) the case number of the case in which it is produced, (2) the producing party's name, and (3) the production date.  The type of materials on the media (*e.g.*, "Documents", "OCR Text", "Objective Coding", etc.) and the Bates Number range(s) of the materials on the Production Media shall also be contained on the Production Media, and where not practicable to do so may be provided in an accompanying letter.

11.     Meta-Data and Objective Coding.  DEFENDANTS shall produce associated metadata and "Objective Coding" consistent with the DOJ guidelines included by way of example as Ex. 1.  DEFENDANTS object to and will not produce any coding directed or conducted by counsel in these matters ("Subjective Coding").

12.     OCR/Extracted Text.  DEFENDANTS shall produce corresponding Optical Character Recognition ("OCR") text files for all hard-copy documents and any electronic documents that

5

require redaction prior to production.  For documents that exist natively in electronic format that have not been redacted and that are produced as images, DEFENDANTS shall produce extracted text files reflecting the full text that has been electronically extracted from the original, native electronic files.  The OCR and extracted text files shall be produced in ASCII text format and shall be labeled and produced on Production Media in accordance with the provisions of paragraph 10. These text files will be named with the unique Bates Number of the first page of the corresponding document followed by the extension ".txt."  The OCR and extracted text files shall be produced in a manner suitable for importing the information into commercially available document management or litigation support software such as Concordance.

13.    <u>Use of Search Terms</u>.  DEFENDANTS shall propose search terms to identify potentially-relevant ESI in its possession.

a.    The PSC shall be provided with an opportunity to propose additions or amendments to the search procedures and terms proposed by DEFENDANTS;

b.    DEFENDANTS acknowledge that the PSC's agreement to the use of such search procedures and terms shall not be construed as a waiver of their right to request subsequent searches and productions; particularly where there is a showing that the agreed-to search terms and procedures have resulted in inadequate productions or failed to identify relevant materials.  DEFENDANTS reserve their right to valid object to any additional requests or subsequent searches;

c.    DEFENDANTS will commence its production of ESI as soon as possible after the parties have agreed to search terms and procedures.  DEFENDANTS will produce ESI on a rolling basis so as to provide the PSC with documents as expediently as possible; and

W:\\DRYWALL\\27687 MDL\\PLD\\MOTIONS TO COMPEL\\PSC'S MOTION TO COMPEL DEFENDANTS\\SECOND MOTION TO COMPEL 2009-12-29\\EXHIBIT C.DOC

6

      d.      Documents identified by search terms may be reviewed for privilege, confidentiality, redactions and relevance or responsiveness prior to production.

14.     Original Documents. DEFENDANTS shall retain the original hard-copy and ESI documents consistent with PTO No. 1. Subject to preservation of appropriate privileges and other protections, DEFENDANTS will consider reasonable requests, after any necessary meet and confer, to produce the original copy and ESI documents of specific documents or groups of documents, or where a document existed originally in only hard copy format, make originals of any produced document available for inspection by the requesting party in the form in which such documents are kept in the ordinary course of business.

15.     Translation of Produced Materials. For any foreign-language documents responsive to PSC document requests that DEFENDANTS have translated or translate into English language for its own purposes, except to the extent such translation is protected by attorney-client or work product privileges, DEFENDANTS shall produce the translation of the original document with the original.

16.     Production of Other Electronic Documents. This Order only applies to the production of the following categories of electronic documents: emails (and any associated attachments), word processing documents, spreadsheets, presentations, and imaged documents (in any format). The parties shall meet and confer to agree on the form of any production of electronic documents other than the foregoing.

17.     Inaccessible Storage Media. DEFENDANTS have taken reasonable steps to collect potentially relevant ESI stored on servers, work stations, and readily accessible drives. DEFENDANTS shall identify for the PSC, sources of potentially relevant information that it deems as not reasonably accessible. Where the PSC requires production of information from media sources

designated by DEFENDANTS as not reasonably accessible, the parties shall meet and confer in an effort to resolve any disagreements before seeking relief from the Court.

      18.    <u>Privileged Information.</u>      Information produced pursuant to this Order that is subject to a claim of privilege shall be treated in a manner consistent with the PTO No. 15.

      19.    <u>Costs of Production.</u>  If the requested preservation or production of ESI is unduly burdensome, the parties agree to meet and confer regarding cost-shifting or sharing of costs of production, and if necessary, bring the issue to the Court for resolution.

      New Orleans, Louisiana, this \_\_\_\_ day of January, 2010.

 

                                          _____
                                          Honorable Eldon E. Fallon
                                          U.S. District Court Judge

W:\' DRYWALL\27687 MDL\PLD\MOTIONS TO COMPEL\PSC'S MOTION TO COMPEL DEFENDANTS\SECOND MOTION TO COMPEL 2009-12-29\EXHIBIT C.DOC

8

# U.S. DEPARTMENT OF JUSTICE, ANTITRUST DIVISION

## METADATA & FAMILY RECORD SPECIFICATIONS

**Default Summation Load File Layout (.txt)  (Note: Field Name has an 8-character limit)**

| Field Name | Field Description | Field Type | Hard Copy | E-mail | Spreadsheets | Presentations | Other Elec. Docs |
|---|---|---|---|---|---|---|---|
| COMPANY | Company submitting data | Note Text | | X | X | X | X |
| BOX# | Submission / volume / box number | Note Text | | X | X | X | X |
| CUSTODIAN | Custodian(s) / source(s) -- format: Last, First or ABC Dept | Multi-Entry | | X | X | X | X |
| BEGDOC# | Start Bates (including prefix) -- no spaces | Note Text | | X | X | X | X |
| ENDDOC# | End Bates (including prefix) -- no spaces | Note Text | | X | X | X | X |
| DOCID | Populate with exact same value as start Bates (DOCID = BEGDOCof) | Note Text | | X | X | X | X |
| PGCOUNT | Page count | Integer | | X | X | X | X |
| PARENTID | Parent's start Bates, including prefix (ONLY in CHILD records) | Note Text | | X | X | X | X |
| ATTCHIDs | Child (document list: start Bates of each child (ONLY in PARENT records) | Multi-Entry | | X | X | X | X |
| FAMLYRNG | Family's start and end Bates (including prefix), (i.e. ABC-001 - ABC-020) | Note Text | X | X | X | X | X |
| PRPRTIES | Record type: File, E-mail, Attachment, or Hard Copy / Privilege notations: Redacted, Document Withheld Based On Privilege | Multi-Entry | X | | | X | X |
| FROM | Author -- format: Last, First | Note Text | | X | X | X | X |
| TO | Recipient -- format: Last, First | Multi-Entry | | X | X | X | X |
| CC | CC field -- format: Last, First | Multi-Entry | | X | X | X | X |
| BCC | BCC field -- format: Last, First | Multi-Entry | | X | X | X | X |
| SUBJECT | Subject / document title | Note Text | | X | X | X | X |
| DOCDATE | Document date / date sent -- format: MM/DD/YYYY | Date Keyed | | X | X | X | X |
| TIMESENT | Time e-mail was sent | Time | | X | | | |
| DATECRTD | Date created | Date | | | X | X | X |
| DATESVD | Date modified | Date | | | X | X | X |
| DATERCVD | Date accessed / received | Date | | X | | | |
| FILESIZE | File size | Note Text | | X | X | X | X |
| ATTITLE | File name - name of file as it appeared in its original location | Note Text | | X | X | X | X |
| APPLICAT | Application used to create native file (e.g., Excel, Outlook, Word) | Note Text | | X | X | X | X |
| FILEPATH | Data's original source full folder file path | Note Text | | X | X | X | X |
| DOCLINK | Current file path location to the native file (on the delivery medium) | Note Text | | X | X | X | X |
| FOLDERID | E-mail folder path (sample: Inbox\Active) or Hard Copy folder information | Note Text | | X | X | X | X |
| PARAGRPH | Subpoena/request paragraph number to which the document is responsive | Multi-Entry | X | X | X | X | X |
| HASH | Hash value (used for deduplication or other processing) | Note Text | | X | X | X | X |
| SRCHTRMS | List of search terms used to identify record as responsive (if used) | Multi-Entry | | X | X | X | X |

**Parent IDs, Attachment IDs, and Family Range Details:**

**General Notes:**
- Confirm Family Range definition for attached files
- Confirm Field Names and Field Types
- Remember that each member of the Family has its own record

**Family Range Definition:**
- All related records will have a FAMLYRNG field entry when the file or email has a parent or children
- FAMLYRNG will start with the first page of the top-most parent and continue through the last child's last page

**Example:**

| Description: | E-mail | Attachment to E-mail | Attachment to E-mail |
|---|---|---|---|
| | Doc No. 1 | Doc No. 2 | Doc No. 3 |
| BEGDOC# | ABC-001 | ABC-011 | ABC-016 |
| ENDDOC# | ABC-010 | ABC-015 | ABC-020 |
| PARENTID | | ABC-001 | ABC-001 |
| ATTCHIDS | ABC-011/ABC-016 | (empty) | (empty) |
| FAMLYRNG | ABC-001 - ABC-020 | ABC-001 - ABC-020 | ABC-001 - ABC-020 |