**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>Hinkley, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al., Case No. 2:09-cv-06686 (E.D.La.) | |

**PLAINTIFFS' MEMORANDUM OF LAW IS SUPPORT OF
PLAINTIFFS' MOTION TO AMEND THE FIRST AMENDED
CLASS ACTION COMPLAINT BY INTERLINEATION**

## I.      INTRODUCTION

Plaintiffs, by and through their counsel, hereby submit this memorandum of law in support of Plaintiffs' Motion to Amend the First Amended Class Action Complaint by Interlineation.[1]  Specifically, Plaintiffs seek to amend the First Amended Class Action Complaint (the "Complaint") in order to modify the class definitions as to Defendant Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd. ("Taishan") from a North Carolina class to a national class, *i.e.*, all persons and entities in the United States with properties that were impacted by defective drywall that was manufactured and distributed by Taishan.[2]  In light of this proposed amendment to the class definition, Plaintiffs are also seeking to amend their Consumer Protection claims in order to assert claims under the consumer protection laws of all

---

[1] Plaintiffs proposed Second Amended Class Action Complaint is Exhibit "A" to Plaintiffs' Motion to Amend.

[2] In the First Amended Class Action Complaint, the Plaintiffs sought a North Carolina class against Taishan, Tobin Trading Inc. ("Tobin"), and Venture Supply Inc. ("Venture Supply"), and a North Carolina subclasses against The Porter-Blaine Corp. ("Porter-Blaine"). Since Plaintiffs are seeking to amend the class definition to allege a national class against Taishan only, there will now be three subclasses (Subclass A: Tobin; Subclass B: Venture Supply; and Subclass C: Porter-Blaine).

states where Class Members have incurred damages.[3]  Plaintiffs are also seeking to amend their Complaint to allege additional facts regarding Tobin Trading, Inc.'s ("Tobin") minimum contacts with North Carolina thereby invoking personal jurisdiction over Tobin.  Plaintiffs further seek to amend their complaint to assert allegations of implied warranty of merchantability.  Finally, Plaintiffs seek to amend their Complaint to allege negligence per se allegations with specific violations of building codes.

## II.   FACTS

Plaintiffs instituted a legal action against the manufacturer, sellers, and distributors of defective drywall in their homes (Taishan, Tobin, and Venture Supply).  Plaintiffs also brought claims against the contractor/installers of the drywall (Porter-Blaine).  The Plaintiffs are seeking to represent a class of "[a]ll owners and/or residents of real properties in the United States containing defective Chinese drywall manufactured, sold, distributed, or supplied by Taishan Gypsum Co., Ltd." *See* Second Amended Complaint at ¶ 28.  Plaintiffs are also seeking to represent subclasses against Tobin, Venture Supply, and Porter-Blaine.  *Id.*

Both the First Amended Complaint and the Second Amended Complaint assert claims against defendants for negligence, negligence per se, breach of express and/or implied warranties, private nuisance, unjust enrichment, violation of consumer protection acts, and for equitable injunctive and medical monitoring.

## III.   ARGUMENT

In determining whether to grant leave to amend a pleading, it is appropriate for a court to consider judicial economy and the most expeditious way to dispose of merits of a litigation.

---

[3] Since the class definitions concerning all other defendants (*i.e.*, Tobin, Venture Supply, and Porter-Blaine) are geographically limited to the State of North Carolina, those claims remain governed by the North Carolina Consumer Protection Act.

*Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594 (5ᵗʰ Cir. 1991).  "Leave to amend should be freely granted when justice requires."  *See Financial Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5ᵗʰ Cir. 2006).  Rule 15(a) of the Federal Rules of Civil Procedure is in accord and requires that when leave of court is sought to file an amended complaint is should be "freely given."  Fed.R.Civ.P. 15(a).  There is a strong presumption in favor of granting leave to amend a complaint.  *Id.*  "A district court must possess a "substantial reason" to deny a request for leave to amend."  *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5ᵗʰ Cir. 2004).  Indeed, when ruling on a motion to amend a complaint, the motion to amend should only be denied in very limited circumstances as the Fifth Circuit explained in *Smith v. EMC Corp., supra.*  Therein the Fifth Circuit explained as follows:

> As outlined by the Supreme Court, this Circuit examines five consideration to determine whether to grant a party leave to amend a complaint: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment.  *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5ᵗʰ Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).  Absent any of these factors, the leave sought should be "freely given."  *Foman*, 371 U.S. at 182, 83 S.Ct. 227.

*EMC Corp.*, 393 F.3d at 595.  Applying these factors, leave to amend is appropriate in this case.

### A.    The Proposed Amendment is not the Result of Undue Delay, Bad Faith, Dilatory Motive, and/or Repeated Failures by Plaintiffs to Cure Deficiencies in Prior Amendments.

By virtue of inspections and other discovery to date, Plaintiffs came to learn that the distribution of Taishan's drywall was much broader in scope than was initially believed.  As a consequence, the proposed amendment is not the result of undue delay, bad faith or dilatory motive, and/or Plaintiffs' repeated failure to cure deficiencies by previous amendments.  Under these circumstances, it should be clear that Plaintiffs are not seeking the amendment to delay

these proceedings or to harass the Defendants.[4]

Further, with respect to jurisdictional allegations concerning Tobin, and the allegations regarding the negligence per se and the implied warranty of merchantability claims, Plaintiffs filed a motion to amend seeking approval of each of these proposed amendments prior to the transfer of this case from the Eastern District of North Carolina to this Court. Since that motion was filed on August 12, 2009, it should be clear that Plaintiffs are not seeking the amendment to delay these proceedings or to harass the Defendants. At that point in the litigation, there had been no case-specific discovery and no motions for summary judgment had yet been filed.

**B.     Defendants will Not be Prejudiced by the Amendment**

Nor will the proposed amendments result in any undue prejudice to the opposing parties. So far as the proposed amendments to the class definition, Taishan has not entered its appearance in this case and/or filed an answer to the Complaint. Under these circumstances, they will not be prejudiced by the proposed amendment. As for the other defendants in this case (Tobin, Venture Supply, and Porter-Blaine), they will not be prejudiced by the proposed amendment since it has no impact on the claims against them. The proposed amendment only seeks to amend the class definition as to Taishan, the manufacturer of the drywall at issue in this case, in order to assert claims on behalf of all persons and entities in the United States with properties that were

---

[4] *Compare, Wimm v. Jack Eckerd Corp.*, 3 F.3d 137 (5th Cir. 1993) (where plaintiffs sought to amend the complaint nine months after action was commenced and after defendant had filed motion for summary judgment, plaintiffs' delay in asserting additional claims, even though they were aware of underlying facts supporting claims at outset of action, supported District Court's finding of bad faith and dilatory motive, and therefore denial of motion to file second amended complaint was proper; *Little v. Liquid Air Corp.*, 952 F.2d 841 (5th Cir. 1992), *aff'd en banc*, 37 F.3d 1069(5th Cir. 1994) (where plaintiffs sought to file amendment which would have radically altered the nature of the action well over a year after it was instituted, several months after discovery had effectively terminated, and after the defendant had moved for summary judgment, and further, plaintiffs offered no evidence that the delay was excusable or the result of a mere oversight, District Court's denial of motion was not an abuse of discretion).

impacted by defective drywall manufactured and distributed by Taishan. While this proposed amendment expands the class that has been asserted against Taishan, it has no impact on the claims and/or subclasses that have been asserted against Tobin, Venture Supply, and Porter-Blaine.

With respect to jurisdictional allegations concerning Tobin, and the allegations regarding the negligence per se and the implied warranty of merchantability claims, these proposed amendments were initially sought in response to arguments raised by Tobin, Venture Supply, and/or Porter-Blaine in their various motions to dismiss. These amendments were sought in an abundance of caution and have little or no impact on the nature of Plaintiffs' claims.[5] Therefore, Defendants are already on notice of Plaintiffs' claims and will not be unfairly prejudiced in any manner by the proposed amendments.

Accordingly, the proposed amendments will not result in any undue prejudice to the opposing parties.

**C.      The Proposed Amendment is not Futile**

Plaintiffs are unable to conceive of any grounds for concluding that the proposed amendment would be futile.

**IV.      CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that the Court grant their Motion to Amend the Complaint.

---

[5] For instance, Plaintiffs are seeking to amend their Complaint in order to include an allegation that the drywall was not merchantable in the breach of express and/or implied warranty claim. *See* Second Amended Complaint at ¶ 59. This proposed amendment is being sought in response to an argument by one of the Defendants that Plaintiffs Complaint did not seek to allege a breach of implied warranty of merchantability claim. Although Plaintiffs dispute this claim, the amendment is being sought in an abundance of caution and is actually beneficial to Defendants since it provides further clarification of Plaintiffs' claims.

Respectfully submitted,

**Dated: December 30, 2009**

/s/ Arnold Levin_____
Arnold Levin, Esquire
Fred S. Longer, Esquire
Daniel Levin, Esquire
Matthew C. Gaughan, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
*Co-counsel for Plaintiffs*

Richard Serpe, Esquire
LAW OFFICES OF RICHARD J. SERPE
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
*Counsel for Plaintiffs*

Michael D. Hausfeld, Esquire
Richard S. Lewis, Esquire
James J. Pizzirusso, Esquire
Faris Ghareeb, Esquire
HAUSFELD LLP
1700 K Street, N.W., Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
*Co-counsel for Plaintiffs*

Richard W. Stimson, Esquire
Attorney at Law
920 Waters Reach Court
Alpharetta, Georgia 30022
Phone: 214-914-6128
*Co-counsel for Plaintiffs*

6

Robert Gary, Esquire
GARY, NAEGELE & THEADO, LLC
446 Broadway
Lorain, OH 44052
Phone: (440) 244-4809
Fax: (440) 244-3462
*Co-counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Plaintiffs' Motion to Amend the First Amended Class Action Complaint by Interlineation and Memorandum in Support thereof has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 30th day of December, 2009.

/s/ Arnold Levin
Arnold Levin
Fred S. Longer
Daniel Levin
Matthew Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street
Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
*Co-counsel for Plaintiff*