r.   exporting and/or importing drywall in a manner which was dangerous to its intended and foreseeable users;

s.   distributing, delivering, and/or supplying drywall in a manner which was dangerous to its intended and foreseeable users;

t.   concealing information from Plaintiffs and Class Members regarding reports of adverse effects associated with drywall;

u.   improperly concealing and/or misrepresenting information from the Plaintiffs and Plaintiff Class Members and/or the public, concerning the severity of risks and dangers of Defendants' drywall and/or the manufacturing Defect; and

v.   failing to otherwise exercising reasonable care in the design, manufacturing, exporting, importing, distributing, delivering, supplying, inspecting, marketing, and/or selling drywall to prevent it from containing Defects as set forth herein.

123.   As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs and Class Members have incurred economic damages and are entitled to recover monetary damages for: replacement/repair of their homes; the removal and replacement of all of the drywall contained in their homes; the replacement of Other Property (air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, furnishings, electronic appliances, and other metal surfaces and household items); and the repair and/or replacement of any materials contaminated or corroded by the drywall.

124.   As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs and Class Members have incurred or will incur incidental and consequential damages for the costs of

moving while homes are being repaired; renting of comparable housing during the duration of the repairs; the cost of repair or replacement of the homes; the loss of use and enjoyment of real property; the loss in value of the home due to the stigma attached to having defective drywall in the home; and other related expenses.

125.    Defendants knew or should have known that their wrongful acts and omissions would result in economic, incidental, and consequential damages in the manner set forth herein.

WHEREFORE Plaintiffs, on behalf of all others similarly situated and the Class, demand:

      a.   an order certifying the case as a class action;

      b.   an order appointing Plaintiffs as the Class Representatives of the Class;

      c.   an order appointing undersigned counsel and their firms as counsel for the Class;

      d.   compensatory damages;

      e.   post-judgment interest;

      f.   an award of attorneys' fees to class counsel based upon a common fund theory as allowed by Federal law, for the benefits conferred upon the Class and/or as allowed by contract or statute;

      g.   an award of taxable costs; and,

      h.   any and all such further relief as this Court deems just and proper.

**COUNT II**
**STRICT LIABILITY**
**(Against All Manufacturer Defendants Knauf Gips, Knauf Tianjin, Knauf Wuhu, Knauf Dongguan)**

126.    Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

127.    At all times relevant hereto, Defendants were in the business of designing, manufacturing, exporting, importing, distributing, delivering, supplying, inspecting, marketing, and/or selling drywall for sale to the general public.

128.   The drywall, including that installed in the homes of Plaintiffs and Class Members were placed by Defendants in the stream of commerce.

129.   Defendants knew that the subject drywall would be used without inspection for defects by consumers.

130.   Defendants intended that the drywall reach the ultimate consumer, such as Plaintiffs and Class Members, and it indeed reached Plaintiffs and Class Members when it was installed in their homes.

131.   When installed in the Plaintiffs and Class Members' homes, the drywall was in substantially the same condition it was when Defendants manufactured, sold, and/or delivered it.

132.   At all times relevant hereto the subject drywall was used in a manner consistent with the uses intended by, or known to Defendants, and in accordance with the Defendants' directions and instructions.

133.   The subject drywall was not misused or altered by any third parties, Plaintiffs or Class Members.

134.   The drywall was defectively manufactured, designed, inspected, tested, marketed, distributed, and sold.

135.   The design defect was in designing drywall that allowed high levels of sulfur and/or other chemicals to emit through off-gassing and damage Plaintiffs' property that caused corrosion of air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, electronic appliances, and other metal surfaces and household items ("Other Property") and potential health hazards.

136.    The manufacturing defect was in improperly selecting, testing, inspecting, mining, making, assembling, and using, gypsum for drywall with levels of sulfur that were too high and emitted various sulfide gases and/or other chemicals through "off-gassing" that creates noxious, "rotten egg-like" odors for drywall that caused corrosion of air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, electronic appliances, and other metal surfaces and household items ("Other Property").

137.    The drywall was also defective because it was improperly exported, imported, distributed, delivered, supplied, inspected, marketed, and/or sold in a defective condition, as described above.

138.    The defective manufacturing, designing, inspecting, testing, marketing, distributing, and selling of the drywall rendered it unsafe and unreasonably dangerous for its intended use and to the Plaintiffs and Class Members.

139.    The drywall is also defective and unreasonably dangerous because Defendants failed to adequately warn and instruct the Plaintiffs and Class Members of the defective design, inspection, testing, manufacturing, marketing, and selling of the drywall.

140.    Plaintiffs and Class Members were unaware of the unreasonably dangerous propensities and defective condition of the drywall, nor could Plaintiffs and Class Members, acting as a reasonably prudent people discover that Defendants' drywall was defective, as set forth herein, or perceive its danger.

141.    Defendants' defective drywall was much more dangerous and harmful than expected by the average consumer and by Plaintiffs and Class Members.

142.    Defendants' defective drywall benefit to Plaintiffs and Class Members, if any, was greatly outweighed by the risk of harm and danger to them.

143.    The defects in the drywall, as well as Defendants' failure to adequately warn the Plaintiffs and Class Members of the defects rendered the drywall unreasonably dangerous and was the direct and proximate cause of damages to Plaintiffs and Class Members.

144.    As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs and Class Members have incurred economic damages and are entitled to recover monetary damages for: replacement/repair of their homes; the removal and replacement of all of the drywall contained in their homes; the replacement of Other Property (air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, furnishings, electronic appliances, and other metal surfaces and household items); and the repair and/or replacement of any materials contaminated or corroded by the drywall.

145.    As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs and Class Members have incurred or will incur incidental and consequential damages for the costs of moving while homes are being repaired; renting of comparable housing during the duration of the repairs; the cost of repair or replacement of the homes; the loss of use and enjoyment of real property; the loss in value of the home due to the stigma attached to having defective drywall in the home; and other related expenses.

WHEREFORE Plaintiffs, on behalf of all others similarly situated and the Class, demand:

      a.   an order certifying the case as a class action;

      b.   an order appointing Plaintiffs as the Class Representatives of the Class;

      c.   an order appointing undersigned counsel and their firms as counsel for the Class;

    d.   compensatory damages;

    e.   post-judgment interest;

    f.   an award of attorneys' fees to class counsel based upon a common fund theory as allowed by Federal law, for the benefits conferred upon the Class and/or as allowed by contract or statute;

    g.   an award of taxable costs; and,

    h.   any and all such further relief as this Court deems just and proper.

**COUNT III**
**VIOLATION OF CONSUMER PROTECTION ACTS**
**(Against All Manufacturer Defendants Knauf Gips, Knauf Tianjin,**
**Knauf Wuhu, Knauf Dongguan)**
**(Against Distributor Defendant Rothchilt)**

146.    Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

147.    This is an action for relief under the various Consumer Protection Acts of the jurisdictions in which affected properties are present, including but not limited to, Louisiana, Alabama, North Carolina, Florida, Virginia, Texas, and Mississippi. *See* L.SA-R.S. 51:1401, *et seq.* (Louisiana Unfair Trade Practices and Consumer Protection Law); Ala. Code 1975 § 8-19-1, *et seq.*, (Alabama Deceptive Trade Practices Act); G.S. § 75-1.1, *et seq* (North Carolina Consumer Protection Act); F.S. § 501.201, *et seq.* (Florida Deceptive and Unfair Trade Practices Act); Va. Code. Ann. § 59.1-196, *et seq.* (Virginia Consumer Protection Act); Tex. Bus. Com. Code Ann. § 17.41, *et seq* (Texas Deceptive Trade Practices-Consumer Protection Act); Miss. Code Ann. §75-24-1, *et seq.* (Mississippi Consumer Protection Act).

148.    The Defendants' acts and omissions as well as their failure to use reasonable care in this matter as alleged in this Complaint, including, but not limited to, the knowing misrepresentation or failure to disclose the source, affiliation, origin, characteristics,

ingredients, standards and quality of the defective drywall constitute violation of the aforementioned provisions of the Consumer Protection Acts of the relevant states.

149.   The unconscionable, illegal, unfair and deceptive acts and practices of Defendants violate the provisions of the various Consumer Protection Acts of the jurisdictions in which affected properties are located.  Plaintiffs and Class Members have suffered actual damage for which they are entitled to relief pursuant to Consumer Protection Statutes.

150.   As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs and Class Members have incurred economic damages and are entitled to recover monetary damages for: replacement/repair of their homes; the removal and replacement of all of the drywall contained in their homes; the replacement of Other Property (air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, electronic appliances, and other metal surfaces and household items); and the repair and/or replacement of any materials contaminated or corroded by the drywall.

151.   As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs and Class Members have incurred or will incur incidental and consequential damages for the costs of moving while homes are being repaired; renting of comparable housing during the duration of the repairs; the loss of use and enjoyment of real property; the loss in value of the home due to the stigma attached to having defective drywall in the home; and other related expenses.

WHEREFORE Plaintiffs, on behalf of all others similarly situated and the Class, demand:

  a.   an order certifying the case as a class action;

  b.   an order appointing Plaintiffs as the Class Representatives of the Class;

  c.   an order appointing undersigned counsel and their firms as counsel for the Class;

     d.   compensatory damages;

     e.   post-judgment interest;

     f.   an award of attorneys' fees to class counsel based upon a common fund theory as allowed by Federal law, for the benefits conferred upon the Class and/or as allowed by contract or statute;

     g.   an award of taxable costs; and,

     h.   any and all such further relief as this Court deems just and proper.

### COUNT IV
### STRICT LIABILITY
### (Against All Distributor Defendants Rothchilt and Banner Supply)

152.    Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

153.    At all times relevant hereto, Defendants were in the business of exporting, importing, distributing, delivering, supplying, inspecting, marketing, and/or selling drywall for sale to the general public.

154.    The drywall, including that installed in the homes of Plaintiffs and Class Members were placed by Defendants in the stream of commerce.

155.    Defendants knew that the subject drywall would be used without inspection for defects by consumers.

156.    Defendants intended that the drywall reach the ultimate consumer, such as Plaintiffs and Class Members, and it indeed reached Plaintiffs and Class Members when it was installed in their homes.

157.    When installed in the Plaintiffs and Class Members' homes, the drywall was in substantially the same condition it was when Defendants distributed, supplied, sold, and/or delivered it.

158.    At all times relevant hereto the subject drywall was used in a manner consistent with the uses intended by, or known to Defendants, and in accordance with the Defendants' directions and instructions.

159.    The subject drywall was not misused or altered by any third parties, Plaintiffs or Class Members.

160.    The drywall was defectively manufactured, designed, inspected, tested, marketed, distributed, delivered, and/or sold.

161.    The design defect was in designing drywall that allowed high levels of sulfur and/or other chemicals to emit through off-gassing and damage Plaintiffs' property that caused corrosion of air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, electronic appliances, and other metal surfaces and household items ("Other Property") and potential health hazards.

162.    The manufacturing defect was in improperly selecting, testing, inspecting, mining, making, assembling, and using, gypsum for drywall with levels of sulfur that were too high and emitted various sulfide gases and/or other chemicals through "off-gassing" that creates noxious, "rotten egg-like" odors for drywall that caused corrosion of air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, electronic appliances, and other metal surfaces and household items ("Other Property").

163.    The drywall was also defective because it was improperly exported, imported, distributed, delivered, supplied, inspected, marketed, and/or sold in a defective condition, as described above.

164.   The defective manufacturing, designing, inspecting, testing, marketing, distributing, and selling of the drywall rendered it unsafe and unreasonably dangerous for its intended use and to the Plaintiffs and Class Members.

165.   The drywall is also defective and unreasonably dangerous because Defendants failed to adequately warn and instruct the Plaintiffs and Class Members of the defective design, inspection, testing, manufacturing, marketing, and selling of the drywall.

166.   Plaintiffs and Class Members were unaware of the unreasonably dangerous propensities and defective condition of the drywall, nor could Plaintiffs and Class Members, acting as a reasonably prudent people discover that Defendants' drywall was defective, as set forth herein, or perceive its danger.

167.   Defendants' defective drywall was much more dangerous and harmful than expected by the average consumer and by Plaintiffs and Class Members.

168.   Defendants' defective drywall benefit to Plaintiffs and Class Members, if any, was greatly outweighed by the risk of harm and danger to them.

169.   The defects in the drywall, as well as Defendants' failure to adequately warn the Plaintiffs and Class Members of the defects rendered the drywall unreasonably dangerous and was the direct and proximate cause of damages to Plaintiffs and Class Members.

170.   As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs and Class Members have incurred economic damages and are entitled to recover monetary damages for: replacement/repair of their homes; the removal and replacement of all of the drywall contained in their homes; the replacement of Other Property (air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, furnishings, electronic appliances, and other metal surfaces and household

items); and the repair and/or replacement of any materials contaminated or corroded by the drywall.

171.     As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs and Class Members have incurred or will incur incidental and consequential damages for the costs of moving while homes are being repaired; renting of comparable housing during the duration of the repairs; the cost of repair or replacement of the homes; the loss of use and enjoyment of real property; the loss in value of the home due to the stigma attached to having defective drywall in the home; and other related expenses.

WHEREFORE Plaintiffs, on behalf of all others similarly situated and the Class, demand:

      a.   an order certifying the case as a class action;

      b.   an order appointing Plaintiffs as the Class Representatives of the Class;

      c.   an order appointing undersigned counsel and their firms as counsel for the Class;

      d.   compensatory damages;

      e.   post-judgment interest;

      f.   an award of attorneys' fees to class counsel based upon a common fund theory as allowed by Federal law, for the benefits conferred upon the Class and/or as allowed by contract or statute;

      g.   an award of taxable costs; and,

      h.   any and all such further relief as this Court deems just and proper.

### COUNT V
### VIOLATION OF THE FLORIDA DECEPTIVE
### AND UNFAIR TRADE PRACTICES ACT
### (Against Distributor Defendant Banner Supply)

172.     Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

173.    This is an action for relief under section 501.201, *et.seq.,* Florida Statutes (The Florida Deceptive and Unfair Trade Practices Act).

174.    Section 501.203(7), Florida Statutes defines "Consumer" as "an individual; child, by and through its parent or legal guardian; firm; association; joint venture; partnership; estate; trust; business trust; syndicate; fiduciary; corporation; or any other group or combination." Plaintiffs and Class Members are "Consumers" within the meaning of §501.203(7), Florida Statutes.

175.    Section 501.203(8), Florida Statutes defines "Trade or Commerce" as:

> [T]he advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situated. "Trade or Commerce" shall include the conduct of any trade or commerce, however denominated, including any nonprofit or not-for-profit person or activity.

The advertising, soliciting, providing, offering, or distributing of drywall by Defendant to Plaintiffs and Class Members is "Trade or Commerce" within the meaning of section 501.203(8), Florida Statutes.

176.    Section 501.204(1) provides that: "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." The Defendant's acts and omissions as well as their failure to use reasonable care in this matter as alleged in this Complaint equals unconscionable acts or practices, as well as deceptive and unfair acts or practices in the conduct of Defendant's trade or commerce pursuant to section 501.204, Florida Statutes.

177.    The unconscionable, illegal, unfair and deceptive acts and practices of Defendant violates the provisions of Florida's Deceptive and Unfair Trade Practices Act.  Plaintiffs and Class

Members have suffered actual damage for which they are entitled to relief pursuant to section 501.211(2), Florida Statutes.

178.   Plaintiffs and Class Members are entitled to recover their reasonable attorneys' fees pursuant to section 501.2105, Florida Statutes upon prevailing in this matter.

179.   As a direct and proximate cause of Defendant's acts and omissions, Plaintiffs and Class Members have incurred economic damages and are entitled to recover monetary damages for: replacement/repair of their homes; the removal and replacement of all of the drywall contained in their homes; the replacement of Other Property (air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, electronic appliances, and other metal surfaces and household items); and the repair and/or replacement of any materials contaminated or corroded by the drywall.

180.   As a direct and proximate cause of Defendant's acts and omissions, Plaintiffs and Class Members have incurred or will incur incidental and consequential damages for the costs of moving while homes are being repaired; renting of comparable housing during the duration of the repairs; the loss of use and enjoyment of real property; the loss in value of the home due to the stigma attached to having defective drywall in the home; and other related expenses.

WHEREFORE Plaintiffs, on behalf of all others similarly situated and the Class, demand:

      a.   an order certifying the case as a class action;

      b.   an order appointing Plaintiffs as the Class Representatives of the Class;

      c.   an order appointing undersigned counsel and their firms as counsel for the Class;

      d.   compensatory damages;

      e.   post-judgment interest;

     f.   an award of attorneys' fees to class counsel based upon a common fund theory as allowed by Federal law, for the benefits conferred upon the Class and/or as allowed by contract or statute;

     g.   an award of taxable costs; and,

     h.   any and all such further relief as this Court deems just and proper.

## COUNT VI
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (Defendant Northstar)

181.    Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

182.    Defendant was in privity with Plaintiffs and Class Members.

183.    At the times Defendant installed, utilized, supplied, inspected, and/or sold drywall for use in the Plaintiffs and Class Members' homes.  Defendant knew, or it was reasonably foreseeable, that the drywall would be installed in the Plaintiffs and Class Members' homes for use as a building material, and impliedly warranted the product to be fit for that use.

184.    Defendant's drywall product was placed into the stream of commerce by Defendant in a defective condition and were expected to, and did, reach users, handlers, and persons coming into contact with said product without substantial change in the condition in which they were sold.

185.    The drywall was defective because it was not fit for the uses intended or reasonably foreseeable by Defendant; to wit, the installation of the drywall in Plaintiffs and Class Members' homes for use as a building material, because it contained defects as set forth herein.

186.    The Defendant breached the implied warranty of merchantability because the drywall

was not fit to be installed in Plaintiffs and Class Members' homes as a building material due

to the defects set forth herein.

187.    Defendant had reasonable and adequate notice of the Plaintiffs' and the Class Members'

claims for breach of implied warranty of merchantability and failed to cure.

188.    As a direct and proximate cause of Defendant's acts and omissions, Plaintiffs and Class

Members have incurred economic damages and are entitled to recover monetary damages

for: replacement/repair of their homes; the removal and replacement of all of the drywall

contained in their homes; the replacement of Other Property (air-conditioner and refrigerator

coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring,

personal property, electronic appliances, and other metal surfaces and household items); and

the repair and/or replacement of any materials contaminated or corroded by the drywall.

189.    As a direct and proximate cause of Defendant's acts and omissions, Plaintiffs and Class

Members have incurred or will incur incidental and consequential damages for the costs of

moving while homes are being repaired; renting of comparable housing during the duration

of the repairs; the loss of use and enjoyment of real property; the loss in value of the home

due to the stigma attached to having defective drywall in the home; and other related

expenses.

190.    Defendant knew or should have known that their wrongful acts and omissions would

result in economic, incidental, and consequential damages in the manner set forth herein.

WHEREFORE Plaintiffs, on behalf of all others similarly situated and the Class, demand:

      a.   an order certifying the case as a class action;

      b.   an order appointing Plaintiffs as the Class Representatives of the Class;

   c.   an order appointing undersigned counsel and their firms as counsel for the Class;

   d.   compensatory damages;

   e.   post-judgment interest;

   f.   an award of attorneys' fees to class counsel based upon a common fund theory as allowed by Federal law, for the benefits conferred upon the Class and/or as allowed by contract or statute;

   g.   an award of taxable costs; and,

   h.   any and all such further relief as this Court deems just and proper.

**<u>COUNT VII</u>**
**BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**
**(Defendant Northstar)**

191.   Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

192.   Defendant was in privity with Plaintiffs and Class Members.

193.   Defendant's drywall product was placed into the stream of commerce by Defendant in a defective condition and was expected to, and did, reach users, handlers, and persons coming into contact with said product without substantial change in the condition in which it were sold.

194.   The drywall was defective because it was not fit for the specific purpose of installing in the Plaintiffs and Class Members' homes as a building material, for which Plaintiffs and Class Members bought the product in reliance on the judgment of Defendant.

195.   The Defendant breached the implied warranty of fitness for a particular purpose because the drywall was not fit to be installed in Plaintiffs and Class Members homes as a building material due to the defects set forth herein.

196.    Defendant had reasonable and adequate notice of the Plaintiffs and the Class Members'

claims for breach of implied warranty of merchantability and failed to cure.

197.    As a direct and proximate cause of Defendant's acts and omissions, Plaintiffs and Class

Members have incurred economic damages and are entitled to recover monetary damages

for: replacement/repair of their homes; the removal and replacement of all of the drywall

contained in their homes; the replacement of Other Property (air-conditioner and refrigerator

coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring,

personal property, electronic appliances, other metal surfaces and household items); and the

repair and/or replacement of any materials contaminated or corroded by the drywall.

198.    As a direct and proximate cause of Defendant's acts and omissions, Plaintiffs and Class

Members have incurred or will incur incidental and consequential damages for the costs of

moving while homes are being repaired; renting of comparable housing during the duration

of the repairs; the loss of use and enjoyment of real property; the loss in value of the home

due to the stigma attached to having defective drywall in the home; and other related

expenses.

199.    Defendant knew or should have known that their wrongful acts and omissions would

result in economic, incidental, and consequential damages in the manner set forth herein.

WHEREFORE Plaintiffs, on behalf of all others similarly situated and the Class, demand:

      a.   an order certifying the case as a class action;

      b.   an order appointing Plaintiffs as the Class Representatives of the Class;

      c.   an order appointing undersigned counsel and their firms as counsel for the Class;

      d.   compensatory damages;

      e.   post-judgment interest;

f.  an award of attorneys' fees to class counsel based upon a common fund theory as allowed by Federal law, for the benefits conferred upon the Class and/or as allowed by contract or statute;

g.  an award of taxable costs; and,

h.  any and all such further relief as this Court deems just and proper.

### COUNT VIII
### VIOLATION OF THE FLORIDA DECEPTIVE
### AND UNFAIR TRADE PRACTICES ACT
### (Northstar)

200.   Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

201.   This is an action for relief under section 501.201, *et.seq.,* Florida Statutes (The Florida Deceptive and Unfair Trade Practices Act).

202.   Section 501.203(7), Florida Statutes defines "Consumer" as "an individual; child, by and through its parent or legal guardian; firm; association; joint venture; partnership; estate; trust; business trust; syndicate; fiduciary; corporation; or any other group or combination." Plaintiffs and Class Members are "Consumers" within the meaning of §501.203(7), Florida Statutes.

203.   Section 501.203(8), Florida Statutes defines "Trade or Commerce" as:

> [T]he advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situated. "Trade or Commerce" shall include the conduct of any trade or commerce, however denominated, including any nonprofit or not-for-profit person or activity.

The advertising, soliciting, providing, offering, or distributing of drywall by Defendant to Plaintiffs and Class Members is "Trade or Commerce" within the meaning of section 501.203(8), Florida Statutes.

43

204.   Section 501.204(1) provides that: "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." The Defendant's acts and omissions as well as its failure to use reasonable care in this matter as alleged in this Complaint equals unconscionable acts or practices, as well as deceptive and unfair acts or practices in the conduct of Defendant's trade or commerce pursuant to section 501.204, Florida Statutes.

205.   The unconscionable, illegal, unfair and deceptive acts and practices of Defendant violates the provisions of Florida's Deceptive and Unfair Trade Practices Act.  Plaintiffs and Class Members have suffered actual damage for which they are entitled to relief pursuant to section 501.211(2), Florida Statutes.

206.   Plaintiffs and Class Members are entitled to recover their reasonable attorneys' fees pursuant to section 501.2105, Florida Statutes upon prevailing in this matter.

207.   As a direct and proximate cause of Defendant's acts and omissions, Plaintiffs and Class Members have incurred economic damages and are entitled to recover monetary damages for: replacement/repair of their homes; the removal and replacement of all of the drywall contained in their homes; the replacement of Other Property (air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, electronic appliances, and other metal surfaces and household items); and the repair and/or replacement of any materials contaminated or corroded by the drywall.

208.   As a direct and proximate cause of Defendant's acts and omissions, Plaintiffs and Class Members have incurred or will incur incidental and consequential damages for the costs of moving while homes are being repaired; renting of comparable housing during the duration of the repairs; the loss of use and enjoyment of real property; the loss in value of the home

44

due to the stigma attached to having defective drywall in the home; and other related expenses.

WHEREFORE Plaintiffs, on behalf of all others similarly situated and the Class, demand:

     a.   an order certifying the case as a class action;

     b.   an order appointing Plaintiffs as the Class Representatives of the Class;

     c.   an order appointing undersigned counsel and their firms as counsel for the Class;

     d.   compensatory damages;

     e.   post-judgment interest;

     f.   an award of attorneys' fees to class counsel based upon a common fund theory as allowed by Federal law, for the benefits conferred upon the Class and/or as allowed by contract or statute;

     g.   an award of taxable costs; and,

     h.   any and all such further relief as this Court deems just and proper.

## COUNT IX
## NEGLIGENCE
**(Northstar)**

209.   Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

210.   Defendant owed a duty to Plaintiffs and Class Members to exercise reasonable care in the a) inspecting, b) testing, the drywall it was installing in Plaintiffs' homes, including a duty to adequately warn of its failure to do the same.  Defendant's duty includes, but was not limited to the following:

     a.   using reasonable care in the inspecting of the drywall it installed in Plaintiffs' homes to discover that it contained Defects as set forth herein and not to install the defective drywall in Plaintiffs' homes;

45

    b.  using reasonable care in the testing of the drywall it installed in Plaintiffs'
homes to discover that it contained Defects as set forth herein and not to
install the defective drywall in Plaintiffs' homes;

    c.  adequately warning and instructing the Plaintiffs and Class Members of the
Defects associated with drywall; and

    d.  otherwise exercising reasonable care in the inspecting and testing of the
drywall it installed in Plaintiffs' homes to discover that it contained
Defects as set forth herein and not to install the defective drywall in
Plaintiffs' homes.

211.    Defendant was negligent and breached its duty to exercise reasonable care in the a)
inspecting, and b) testing, of the drywall it was installing in Plaintiffs' homes, including a
duty to adequately warn of its failure to do the same.  Defendants' negligence included, but
was not limited to the following:

    a.  failing to use reasonable care in the inspecting of the drywall it installed in
Plaintiffs' homes to discover that it contained Defects as set forth herein and
not to install the defective drywall in Plaintiffs' homes;

    b.  failing to use reasonable care in the testing of the drywall it installed in
Plaintiffs' homes to discover that it contained Defects as set forth herein
and not to install the defective drywall in Plaintiffs' homes;

    c.  failing to adequately warn and instructing the Plaintiffs and Class Members of
the Defects associated with drywall; and

    d.  failing to otherwise exercising reasonable care in the inspecting and testing of
the drywall it installed in Plaintiffs' homes to discover that it contained

Defects as set forth herein and not to install the defective drywall in Plaintiffs' homes.

212.    As a direct and proximate cause of Defendant's acts and omissions, Plaintiffs and Class Members have incurred economic damages and are entitled to recover monetary damages for: replacement/repair of their homes; the removal and replacement of all of the drywall contained in their homes; the replacement of Other Property (air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, furnishings, electronic appliances, and other metal surfaces and household items); and the repair and/or replacement of any materials contaminated or corroded by the drywall.

213.    As a direct and proximate cause of Defendant's acts and omissions, Plaintiffs and Class Members have incurred or will incur incidental and consequential damages for the costs of moving while homes are being repaired; renting of comparable housing during the duration of the repairs; the cost of repair or replacement of the homes; the loss of use and enjoyment of real property; the loss in value of the home due to the stigma attached to having defective drywall in the home; and other related expenses.

214.    Defendant knew or should have known that their wrongful acts and omissions would result in economic, incidental, and consequential damages in the manner set forth herein.

WHEREFORE Plaintiffs, on behalf of all others similarly situated and the Class, demand:

      a.   an order certifying the case as a class action;

      b.   an order appointing Plaintiffs as the Class Representatives of the Class;

      c.   an order appointing undersigned counsel and their firms as counsel for the Class;

      d.   compensatory damages;

    e.   post-judgment interest;

    f.   an award of attorneys' fees to class counsel based upon a common fund theory as allowed by Federal law, for the benefits conferred upon the Class and/or as allowed by contract or statute;

    g.   an award of taxable costs; and,

    h.   any and all such further relief as this Court deems just and proper.

## COUNT X
## BREACH OF CONTRACT AGAINST DEFENDANT NORTHSTAR

215.    Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

216.    Northstar made an offer to build homes for Plaintiffs.

217.    Plaintiffs accepted Northstar's offer to build homes for them.

218.    As consideration, Plaintiffs agreed to compensate Northstar for building their homes.

219.    As part of the agreement to purchase the home, Northstar promised Plaintiffs that their homes would be free of defects, such as drywall that is inherently defective because it emits various sulfide gases and/or other chemicals through "off-gassing" that causes property damage and potential health hazards.

220.    Northstar breached the contract by providing Plaintiffs homes that were not free of defects, to wit, the homes contained drywall that is inherently defective because it emits various sulfide gases and/or other chemicals through "off-gassing" that causes property damage and potential health hazards.

221.    As a direct and proximate cause of Northstar's breach of contract, Plaintiffs have incurred economic damages and are entitled to recover monetary damages for: replacement/repair of their homes; the removal and replacement of all of the drywall contained in their homes; the replacement of Other Property (air-conditioner and refrigerator coils, microwaves, faucets,

utensils, copper tubing, electrical wiring, computer wiring, personal property, electronic appliances, and other metal surfaces and household items); and the repair and/or replacement of any materials contaminated or corroded by the drywall.

222.    As a direct and proximate cause of Northstar's breach of contract, Plaintiffs have incurred or will incur incidental and consequential damages for the costs of moving while homes are being repaired; renting of comparable housing during the duration of the repairs; the loss of use and enjoyment of real property; the loss in value of the home due to the stigma attached to having defective drywall in the home; and other related expenses.

WHEREFORE Plaintiffs, on behalf of all others similarly situated and the Class, demand:

    a.   an order certifying the case as a class action;

    b.   an order appointing Plaintiffs as the Class Representatives of the Class;

    c.   an order appointing undersigned counsel and their firms as counsel for the Class;

    d.   compensatory damages;

    e.   post-judgment interest;

    f.   an award of attorneys' fees to class counsel based upon a common fund theory as allowed by Federal law, for the benefits conferred upon the Class and/or as allowed by contract or statute;

    g.   an award of taxable costs; and,

    h.   any and all such further relief as this Court deems just and proper.

## COUNT XI
### PRIVATE NUISANCE
### (Against All Defendants)

223.    Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

224.   The Defendants' tortious or wrongful acts or omissions have caused sulfide gas and/or other chemical leaching into Plaintiffs and Class Members' homes which has unreasonably interfered, and continues to interfere, with the Plaintiffs and Class Members' use and enjoyment of their properties and caused them potential health problems.

225.   Defendants' interference has impaired the rights of Plaintiffs and Class Members health, comfort, safety, free use of their property, and/or peaceful enjoyment of their property.

226.   Defendants' invasions were intentional and unreasonable, and/or unintentional but otherwise negligent or reckless.

227.   The interference with Plaintiffs and Class Members' use of their property caused by Defendants is substantial and is ongoing.

228.   Defendants' private nuisance was the direct, proximate, and foreseeable cause of Plaintiffs and Plaintiff Class Members' damages, injuries, harm, economic loss, and increased risk of harm, which they suffered and will continue to suffer.

229.   As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs and Class Members have incurred economic damages and are entitled to recover monetary damages for: replacement/repair of their homes; the removal and replacement of all of the drywall contained in their homes; the replacement of Other Property (air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, electronic appliances, and other metal surfaces and household items); and the repair and/or replacement of any materials contaminated or corroded by the drywall.

230.   As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs and Class Members have incurred or will incur incidental and consequential damages for the costs of moving while homes are being repaired; renting of comparable housing during the duration

of the repairs; the loss of use and enjoyment of real property; the loss in value of the home due to the stigma attached to having defective drywall in the home; and other related expenses.

231.   Defendants knew or should have known that their wrongful acts and omissions would result in economic, incidental, and consequential damages in the manner set forth herein.

WHEREFORE Plaintiffs, on behalf of all others similarly situated and the Class, demand:

  a.   an order certifying the case as a class action;

  b.   an order appointing Plaintiffs as the Class Representatives of the Class;

  c.   an order appointing undersigned counsel and their firms as counsel for the Class;

  d.   compensatory damages;

  e.   post-judgment interest;

  f.   an award of attorneys' fees to class counsel based upon a common fund theory as allowed by Federal law, for the benefits conferred upon the Class and/or as allowed by contract or statute;

  g.   an award of taxable costs; and,

  h.   any and all such further relief as this Court deems just and proper.

## COUNT XII
## UNJUST ENRICHMENT
### (All Defendants)

232.   Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

233.   Defendants received monies as a result of Plaintiffs and Class Members' purchases of Defendants' defective drywall, or purchase of homes containing this drywall, either directly or through an agent, and Defendants wrongfully accepted and retained these benefits to the detriment of Plaintiffs and Class Members.

51

234.    Defendants' acceptance and retention of these benefits under the circumstances make it inequitable and unjust for Defendants to retain the benefit without payment of the value to the Plaintiffs and the Class.

235.    Defendants, by the deliberate and tortious conduct complained of herein, have been unjustly enriched in a manner which warrants restitution.

236.    As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs and Class Members have incurred economic damages and are entitled to recover monetary damages for: replacement/repair of their homes; the removal and replacement of all of the drywall contained in their homes; the replacement of Other Property (air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, electronic appliances, and other metal surfaces and household items); and the repair and/or replacement of any materials contaminated or corroded by the drywall.

237.    As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs and Class Members have incurred or will incur incidental and consequential damages for the costs of moving while homes are being repaired; renting of comparable housing during the duration of the repairs; the loss of use and enjoyment of real property; and the loss in value of the home due to the stigma attached to having defective drywall in the home; and other related expenses.

238.    Defendants knew or should have known that their wrongful acts and omissions would result in economic, incidental, and consequential damages in the manner set forth herein.

WHEREFORE Plaintiffs, on behalf of all others similarly situated and the Class, demand:

      a.    an order certifying the case as a class action;

      b.    an order appointing Plaintiffs as the Class Representatives of the Class;

    c.   an order appointing undersigned counsel and their firms as counsel for the Class;

    d.   compensatory damages;

    e.   post-judgment interest;

    f.   an award of attorneys' fees to class counsel based upon a common fund theory as allowed by Federal law, for the benefits conferred upon the Class and/or as allowed by contract or statute;

    g.   an award of taxable costs; and,

    h.   any and all such further relief as this Court deems just and proper.

## COUNT XIII
## EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING
### (All Defendants)

239.    Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

240.    Plaintiffs and the Class are without adequate remedy at law, rendering injunctive and other equitable relief appropriate.

241.    Plaintiffs and the Class will suffer irreparable harm if the Court does not render the injunctive relief and medical monitoring relief set forth herein, and if defendants are not ordered to recall, buy back, and/or repair the plaintiffs and members of the class' homes.

242.    Plaintiffs on behalf of themselves and all others similarly situated, demand injunctive and equitable relief and further, that defendants be ordered to: (1) remedy, repair, remediate and/or replace the drywall in the homes, (2) cease and desist from misrepresenting to the Class and the general public that there is no defect in, or danger associated with, the drywall, and (3) institute, at their own cost, a public awareness campaign to alert the Class and general public of the defect, dangers associated with the drywall (4) create, fund, and support a medical monitoring program.

243.   Until Defendants' defective drywall has been removed, Defendants should provide continued environmental and air monitoring in Plaintiffs and Class Members' homes.

244.   Plaintiffs and Class Members have been exposed to greater than normal background levels of sulfides and other hazardous chemicals as a result of exposures to Defendants' defective drywall.

245.   The sulfides gases and the other chemicals which have been released from Defendants drywall and to which Plaintiffs and Class Members have been exposed are proven hazardous, dangerous, or toxic substances.

246.   Plaintiffs' and Class Members' exposures were caused by the Defendant's negligence or otherwise tortious conduct.

247.   Plaintiffs and Class Members exposure may lead to serious health problems, diseases, and medical conditions that may be prevented by timely medical diagnosis and treatment.

248.   The method and means for diagnosing the Plaintiffs and Class Members potential medical problems are well accepted in the medical and scientific community and will be of great benefit to the Plaintiffs and Class Members by preventing or minimizing health problems that they may encounter as a result of the defective drywall.

249.   As a proximate result of their exposure to sulfide gases and other toxic chemicals from Defendants' defective drywall, Plaintiffs and Class Members have developed a significantly increased risk of contracting a serious latent disease.

250.   Monitoring procedures exist that makes the early detection of any latent disease possible that are different from those normally recommended in the absence of the exposure.

251.   The prescribed monitoring regime is reasonably necessary according to contemporary scientific principles.

54

WHEREFORE, Plaintiffs, on behalf of all others similarly situated demand injunctive and/or equitable relief against the Defendant as follows:

a.  an Order certifying the Class and appointing Plaintiffs as Class Representatives;

b.  an order appointing Class Counsel to the represent the Class;

c.  an order and judgment requiring the necessary repairs/remediation, relocation costs, personal property replacement, establishment of environmental and medical monitoring programs;

d.  pre-judgment and post-judgment interest at the maximum rate allowable at law;

e.  all statutory damages;

f.  an award of attorneys' fees to class counsel based upon a common fund theory as allowed by Federal law, for the benefits conferred upon the Class and/or as allowed by contract or statute;

g.  the costs and disbursements incurred by Plaintiffs and Class Members in connection with this action, including reasonable attorneys' fees based on the benefits conferred upon the Class, a common fund, statutory, and/or contractual basis;

h.  equitable, injunctive, and declaratory relief;

i.  pursuant to Rule 23(b)(2) and/or Rule 23(d), Plaintiffs seek notice to Class Members of the defective drywall in their home, need to have the home inspected, and potential health risks associated with the drywall;

j.  environmental and air monitoring;

55

k.  medical monitoring; and

l.  such other and further relief under all applicable state and federal law and any

other relief the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs individually and on behalf of the Class Members, hereby demand a trial by jury

as to all issues so triable as a matter of right.

Respectfully submitted,

**Dated: December 30, 2009**

/s/ Arnold Levin
Arnold Levin, Esquire
Fred S. Longer, Esquire
Daniel Levin, Esquire
Matthew C. Gaughan, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
*Co-counsel for Plaintiffs*

Richard Serpe, Esquire
LAW OFFICES OF RICHARD J. SERPE
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
*Counsel for Plaintiffs*

Michael D. Hausfeld, Esquire
Richard S. Lewis, Esquire
James J. Pizzirusso, Esquire
Faris Ghareeb, Esquire
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
*Co-counsel for Plaintiffs*

Richard W. Stimson, Esquire
Attorney at Law
920 Waters Reach Court
Alpharetta, Georgia 30022
Phone: 214-914-6128
*Co-counsel for Plaintiffs*

Robert Gary, Esquire
GARY, NAEGELE & THEADO, LLC
446 Broadway
Lorain, OH 44052
Phone: (440) 244-4809
Fax: (440) 244-3462
*Co-counsel for Plaintiffs*