ATTORNEY'S NAME: Herman, Stephen   23129
AND ADDRESS:      820 O'Keefe Ave,
                  New Orleans    LA 70113-6060

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO:     2009 -- 12503        2                              SECTION:    14 -- I

SILVA, STEPHEN   ET AL versus INTERIOR EXTERIOR BUILDING SUPPLY, L.P.

# CITATION

TO:  INTERIOR EXTERIOR BUILDING SUPPLY, L.P.

     THROUGH: ITS GENERAL PARTNER: INTERIOR EXTERIOR ENTERPRISES, LLC
     727 S. CORTEZ STREET

     NEW ORLEANS                        LA    70119

YOU HAVE BEEN SUED:

You must either comply with the demand contained in the petition
AMENDED PETITION FOR DAMAGES W/ORIGINAL PETITION ATTACHED
a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of
this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the
service hereof under penalty of default

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer
Referral Service at 561- 8828. This Referral Service operates in conjunction with the New Orleans Bar Association.
If you qualify, you may be entitled to free legal assistance through the New Orleans Legal Assistance Corp.; you
may call 529 - 1000 for more information.

COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for
the Parish of Orleans, State of LA    December 3, 2009   .

Clerk's Office, Room 402, Civil Courts Building,                    DALE N. ATKINS, Clerk of
421 Loyola Avenue                                                  The Civil District Court
New Orleans, LA                                                    for the Parish of Orleans
                                                                   State of LA
                                                                   by _____
                                                                              Deputy Clerk

---

SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ | On this _____ day of _____ |
| _____ served a copy of the w/i petition | _____ served a copy of the w/i petition |
| AMENDED PETITION FOR DAMAGES W/ORIGINAL PETITION ATTACHED | AMENDED PETITION FOR DAMAGES W/ORIGINAL PETITION ATTACHED |
| On | On |
| INTERIOR EXTERIOR BUILDING SUPPLY, L.P. | INTERIOR EXTERIOR BUILDING SUPPLY, L.P. |
| THROUGH: ITS GENERAL PARTNER: INTERIOR EXTERIOR ENTERPRISES, LLC | THROUGH: ITS GENERAL PARTNER: INTERIOR EXTERIOR ENTERPRISES, LLC |
| | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ |
| Returned same day | a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name |
| No. | and other facts connected with this service I learned by interrogating  HIM / HER the said _____ |
| Deputy Sheriff of _____ | INTERIOR EXTERIOR BUILDING SUPPLY, L.P. |
| Mileage: $_____ | |
| _____/ ENTERED /_____ | being absent from the domicile at time of said service. |
| PAPER                    RETURN | Returned same day |
| _____/_____/_____ | No. |
| SERIAL NO.   DEPUTY   PARISH | Deputy Sheriff of _____ |

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**FILED**

**STATE OF LOUISIANA**

NO. 90-12503        DIVISION: I-14

2009 DEC -2 P 3:40

DOCKET NO.

CIVIL
DISTRICT COURT

**STEPHEN AND ISIS SILVA**

individually and on behalf of a class of others similarly situated

Versus

**INTERIOR EXTERIOR BUILDING SUPPLY, LP**

FILED: _____     _____

**DEPUTY CLERK**

## AMENDED PETITION FOR DAMAGES

### CLASS ACTION PETITION

### Jury Trial Demanded

THE AMENDED PETITION of Stephen and Isis Silva, two married persons the full age of majority, domiciled and residing in the State of Louisiana, suing individually and on behalf of a class of others similarly situated, respectfully represents as follows:

I.

Made defendant herein is INTERIOR EXTERIOR BUILDING SUPPLY, LP, a Louisiana partnership with its principal place of business located at 727 S. Cortez Street, in the Parish of Orleans, State of Louisiana.

II.

In or around January 2006, Mr. & Mrs. Silva purchased Knauf drywall from Defendant, Interior Exterior, to be used for the construction of a new home on their property in Folsom, Louisiana.

III.

The Knuaf drywall, and other drywall manufactured in China, was sold by and/or through Defendant Interior Exterior to the plaintiffs and other property owners in the State of Louisiana, beginning in at least 2005.

IV.

This Chinese-manufactured drywall sold by and/or through Interior Exterior is not fit for its ordinary and intended purpose and is otherwise unreasonably dangerous and defective in that it

contains unreasonably high levels of Sulfer, Strontium, and/or microbes, which emit unreasonably high levels of Sulfer and Sulfer compounds, including Sulphuric Acid and Hydrogen Sulfide, which corrode copper wires, copper plumbing, copper piping, air-conditioner coils, and other component parts of buildings, appliances, and personal property, including, but not limited to, HVAC systems, refrigerators, televisions, personal computers, and other electronic devices.

V.

The Chinese-manufactured drywall (and the Hydrogen Sulfide and/or other compounds emitted therefrom, either independently and/or in combination with other ambient compounds such as Formaldehyde) sold by and/or through Interior Exterior has also been widely associated with an offensive smell, headaches, eye irritation, coughing, sore throats, an aggravation of allergy and/or breathing problems, and fear of potential long-term health effects, which have, in many cases, further contributed to a loss of enjoyment, mental anguish, and/or loss of use.

VI.

Plaintiffs believe and allege that Defendant knew and/or should have know that the Chinese-manufactured drywall it was selling contained redhibitory vices and/or was otherwise unreasonably dangerous and/or defective, based upon one or more of the following:

    A.    That Interior Exterior observed strange and suspicious odors in handling the Chinese Drywall it sold.

    B.    That Interior Exterior received reports or complaints of strange and suspicious odors in handling the Chinese Drywall it sold.

    C.    That Interior Exterior received or was informed about complaints or reports of high Sulfer content in Chinese Drywall.

    D.    That Interior Exterior received or was informed about complaints or reports of high Strontium content in Chinese Drywall.

    E.    That Interior Exterior received or was informed about complaints or reports of defective Chinese Drywall.

    F.    That Interior Exterior received or was informed about complaints or reports of copper wire and/or other corrosion associated, or potentially associated, with the installation or use of Chinese Drywall.

    G.    That Interior Exterior received or was informed about complaints or reports of electrical problems associated, or potentially associated, with the installation or use of Chinese Drywall.

    H.    That Interior Exterior received or was informed about complaints or reports of HC/VAC and/or other air conditioning problems associated, or potentially associated, with the installation or use of Chinese Drywall.

I.  That Interior Exterior received or was informed about complaints or reports of refrigerator or refrigerator coil problems associated, or potentially associated, with the installation or use of Chinese Drywall.

J.  That Interior Exterior received notices, warnings or reports from shippers, suppliers, distributors and/or manufacturers regarding problems, or potential problems, with Chinese Drywall.

K.  That employees or other agents and/or associates of Interior Exterior may have had suspicious and/or adverse personal experiences with Chinese Drywall.

L.  That Interior Exterior may have performed tests on the Chinese Drywall it was selling.

M.  Interior Exterior's knowledge, understanding and/or expectations about the uses or purposes for the Chinese Drywall it was selling.

N.  Lower cost of the Chinese-manufactured product. And/or,

O.  Interior Exterior's knowledge and/or suspicions regarding products manufactured in and/or imported from China, including, but not limited to, (i) inspection standards and/or processes (and/or lack thereof); (ii) safety standards (and/or lack thereof); (iii) problems with other products, such as dog food, generic drugs and/or children's toys; and/or (iv) lower costs.

## VII.

On or around March 19, 2009, Plaintiffs began to suspect that the corrosion they were experiencing in copper wiring and piping might be related to the Knauf drywall.

## VIII.

Plaintiffs bring this action pursuant to Articles 591(B)(1) and/or (B)(3) of the Louisiana Code of Civil Procedure on behalf of themselves and a class of others similarly situated, preliminarily defined as: "All citizens of the State of Louisiana who, between January 1, 2005 and December 31, 2008, purchased Chinese-manufactured drywall, by and/or through Interior Exterior Building Supply, either directly or through a builder, retailer, contractor or other supplier, for installation or use in commercial or residential property located within the State of Louisiana, (as well as the spouse and/or minor child and/or any other citizen of the State of Louisiana who, at any time between January 1, 2005 and November 30, 2009, resided with the purchaser of Chinese-manufactured drywall in a Louisiana residence into which the Chinese-manufactured drywall had been incorporated and/or installed)":

a.  The number of these persons is unknown at present but reasonably believed to exceed 1,000 persons; the joinder of this number of parties as Plaintiffs in one proceeding would be impracticable;

b.  There exist common questions of law and/or fact, including, but not limited to:

2545, Louisiana Civil Code Articles 2315-2317, and/or, in the alternative, the Louisiana Products Liability Act, La. Rev. Stat. 9:2800.51, *et seq.* In particular, Interior Exterior is at fault for:

a. Selling a product that was unreasonably dangerous is construction and composition;

b. Selling a product that was unreasonably dangerous in design;

c. Selling a product that was not fit for its ordinary or intended purpose;

d. Selling a product whose unreasonable levels of Sulfer, Strontium and/or microbes render the drywall either completely useless, or, in the alternative, diminish its value and use to such a point that it must be presumed that the plaintiffs and other class members would not have purchased the drywall or paid a lesser price;

e. Failing to adequately inspect and/or test the drywall it sold;

f. Failing to timely and adequately warn purchasers of the defects and/or other potential problems and/or risks associated with the drywall it sold;

g. Acting in a careless and negligent manner without due regard for the safety and/or economic well-being of others;

h. Failing to promulgate, implement and enforce rules and regulations pertaining to the safe product creation and use of materials at the time of the production which, if they had been so promulgated, implemented and enforced, would have averted the said damage;

i. Failing to take appropriate action to mitigate the damages suffered by plaintiffs; and/or,

j. Such other acts of negligence as will be shown at trial.

X.

As a direct and proximate result of the Defendant's actions and/or failure to act, and the Chinese-manufactured drywall thus provided, the plaintiffs and other class members will be required to remedy all defective drywall, perform extensive remedial repairs to the homes, and then repair the damaged property made visible during the performance of these repairs.

XI.

Plaintiffs and other proposed classmembers have suffered, and continue to suffer, damages as a result of Defendant's defective drywall, which include, but are not limited to, the purchase price of the drywall and other expenses occasioned by the sale; costs associates with the preservation of the drywall and associated materials; the costs of inspection; the costs and expenses necessary to remove, repair and/or replace the defective drywall, adjoining components, electrical wiring, interior finishes and personal property; and other damages, including inconvenience, mental anguish, fear, and loss of use.

XII.

Defendant's drywall has also resulted in substantial diminution in the value of Plaintiffs' home and that of other proposed classmembers.

XIII.

It is believed and alleged that other class members have experienced and continue to experience allergic reactions, coughing, sinus and throat infection, eye irritation, respiratory problems and other health concerns.

XIV.

The plaintiffs and other class members have also incurred and are entitled to an award of reasonable attorneys' fees.

XV.

Plaintiffs request and are entitled to trial by jury.


WHEREFORE, the plaintiffs, Stephen and Isis Silva, respectfully pray that this Petition be deemed good and sufficient; that, after due proceedings be had, this action be certified as a class action pursuant to Articles 591(B)(1) and/or (B)(3) of the Louisiana Code of Civil Procedure; and that, after further proceedings be had, there be judgment in favor of Plaintiffs, and the proposed class, and against Defendant, Interior Exterior Building Supply, LP, for all damages and other remedies reasonable in the premises, together with the costs of these proceedings, legal interest, attorneys' fees, and any and all general or equitable relief which may be reasonable under the circumstances.

This 2nd day of December, 2009.

Respectfully submitted,

**STEPHEN J. HERMAN**, Bar No. 23129
**JEREMY S. EPSTEIN**, Bar No. 32135
**Herman, Herman, Katz & Cotlar, LLP**
820 O'Keefe Avenue
New Orleans, LA 70113
Telephone: (504) 581-4892
Fax No. (504) 561-6024
E-Mail: sherman@hhkc.com

A TRUE COPY

DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA.

**PLEASE SERVE**
**The Amended Petition together with the original Petition, on:**

**INTERIOR EXTERIOR BUILDING SUPPLY, LP**
Through its general partner:
INTERIOR EXTERIOR ENTERPRISES, LLC
727 S. Cortez Street
New Orleans, Louisiana 70119

contains unreasonably high levels of Sulfer, Strontium, and/or microbes, which emit unreasonably high levels of Sulfer and Sulfer compounds, including Sulphuric Acid and Hydrogen Sulfide, which corrode copper wires, copper plumbing, copper piping, air-conditioner coils, and other component parts of buildings, appliances, and personal property, including, but not limited to, HVAC systems, refrigerators, televisions, personal computers and other electronic devices.

V.

The Chinese-manufactured drywall (and the Hydrogen Sulfide and/or other compounds emitted therefrom, either independently and/or in combination with other ambient compounds such as Formaldehyde) sold by and/or through Interior Exterior has also been widely associated with an offensive smell, headaches, eye irritation, coughing, sore throats, an aggravation of allergy and/or breathing problems, and fear of potential long-term health effects, which have, in many cases, further contributed to a loss of enjoyment, mental anguish, and/or loss of use.

VI.

Plaintiffs believe and allege that Defendant knew and/or should have know that the Chinese-manufactured drywall it was selling contained redhibitory vices and/or was otherwise unreasonably dangerous and/or defective, based upon one or more of the following:

A.    That Interior Exterior observed strange and suspicious odors in handling the Chinese Drywall it sold.

B.    That Interior Exterior received reports or complaints of strange and suspicious odors in handling the Chinese Drywall it sold.

C.    That Interior Exterior received or was informed about complaints or reports of high Sulfer content in Chinese Drywall.

D.    That Interior Exterior received or was informed about complaints or reports of high Strontium content in Chinese Drywall.

E.    That Interior Exterior received or was informed about complaints or reports of defective Chinese Drywall.

F.    That Interior Exterior received or was informed about complaints or reports of copper wire and/or other corrosion associated, or potentially associated, with the installation or use of Chinese Drywall.

G.    That Interior Exterior received or was informed about complaints or reports of electrical problems associated, or potentially associated, with the installation or use of Chinese Drywall.

H.    That Interior Exterior received or was informed about complaints or reports of HC/VAC and/or other air conditioning problems associated, or potentially associated, with the installation or use of Chinese Drywall.

experience allergic reactions, coughing, sinus and throat infection, eye irritation, respiratory problems and other health concerns.

## XIV.

The plaintiffs and other class members have also incurred and are entitled to an award of reasonable attorneys' fees.

## XV.

Plaintiffs request and are entitled to trial by jury.

WHEREFORE, the plaintiffs, Stephen and Isis Silva, respectfully pray that this Petition be deemed good and sufficient; that, after due proceedings be had, this action be certified as a class action pursuant to Articles 591(B)(1) and/or (B)(3) of the Louisiana Code of Civil Procedure; and that, after further proceedings be had, there be judgment in favor of Plaintiffs, and the proposed class, and against Defendant, Interior Exterior Building Supply, LP, for all damages and other remedies reasonable in the premises, together with the costs of these proceedings, legal interest, attorneys' fees, and any and all general or equitable relief which may be reasonable under the circumstances.

This 30th day of November, 2009.

Respectfully submitted,

STEPHEN J. HERMAN, Bar No. 23129
JEREMY S. EPSTEIN, Bar No. 32135
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, LA 70113
Telephone: (504) 581-4892
Fax No. (504) 561-6024
E-Mail: sherman@hhkc.com

**PLEASE SERVE:**

INTERIOR EXTERIOR BUILDING SUPPLY, LP
Through its general partner:
INTERIOR EXTERIOR ENTERPRISES, LLC
727 S. Cortez Street
New Orleans, Louisiana 70119

A TRUE COPY

DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA.