IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | :MDL NO. 2047 |
| | :Section L |
| | : |
| This Document Relates to | :JUDGE FALLON |
| All Cases | :MAG. JUDGE WILKINSON |

VENTURE SUPPLY, INC. AND THE PORTER-BLAINE
CORPORATION'S MEMORANDUM IN OPPOSITION
TO PSC'S MOTION TO COMPEL

Venture Supply, Inc. ("Venture") and The Porter-Blaine Corporation ("PB"), by counsel,

submit the following memorandum in opposition to the Motion to Compel filed by the Plaintiffs'

Steering Committee ("PSC"):

1.      The PSC has filed a Motion to Compel against all defendants (except apparently

certain Knauf defendants).  The Motion alleges basically three things.

2.      First, the Motion alleges that certain defendants, including allegedly Venture and

PB, have failed to produce privilege logs.  As it applies to Venture and PB, the

Motion is simply wrong.  Venture and PB produced numerous bates-stamped

documents and a privilege log in the state court action Nguyen v. Venture Supply,

Inc., The Porter-Blaine Corp., Curb Appeal Home Builders, Inc. and Tobin Trading, Inc.,

Norfolk Circuit Court; Case No.: CL09-3105 ("Nguyen Action").  Subsequently, counsel

had a "meet and confer" with designated PSC counsel regarding document production

and written discovery in the MDL.  During that meet and confer, counsel for the PSC

agreed that Venture and PB need not "re-produce" documents already produced in the

Nguyen Action; that they would serve the same interrogatories on Venture and PB as

1

those served in the Nguyen Action; and that the PSC would look to see if any additional

discovery was necessary.  Venture and PB also agreed to produce "project files" for each

of the plaintiffs identified by the PSC in the separate state court actions which it files for

its clients in Virginia.

The issue of the privilege log came up at the December 4, 2010, hearing which

included the PSC's Motion to Compel against Venture and PB.  Counsel represented at

that hearing that a privilege log had been produced in the Nguyen Action relating to the

documents produced in that action and that it was applicable to the MDL.

Out of an abundance of caution, however, because apparently some members of

the PSC do not know of or appreciate the agreements and discussions held by other

members of the PSC, Venture and PB prepared a new privilege log which was identical

to the log in the Nguyen Action, except it included a few documents withheld from the

newly produced project files, and sent a draft of that to the PSC for comment (see

attached Exhibit 1).  Counsel for Venture and PB subsequently served that privilege log

on all counsel via Lexis/Nexis.[1]  Accordingly, the first issue as it relates to Venture and

PB is moot.

3.     The PSC next argues that only certain Knauf defendants have agreed with the

PSC on the production of ESI material.  To the contrary, Venture and PB have

held numerous "meet and confer" sessions with the PSC and have produced or are

in the process of producing all that has been requested by the PSC.[2]  First, the

---

[1] The PSC has recognized this and said they would inform the Court that Venture and PB have served a privilege log. (See Exhibit 2).  However, the PSC commented that it was not "logged in" because it was formally served via e-mail on the PSC's lead counsel.  While technically under the Court's order this document should have been "served" on Mr. Herman, the PSC, including Mr. Herman, had this document through Lexis/Nexis and other PSC members had a draft of this document for comment before it was actually served.

[2] This cooperation is reflected in the attached communications, collectively Exhibit 3.  In those communications, the PSC notified Venture and PB that the PSC's Motion to Compel, which was the subject of the Court's December 22, 2009 status conference, should not apply to Venture and PB.  However, when the PSC subsequently filed its present Motion, it failed to notify the Court that it did not apply to Venture and PB.  Venture and PB tried to have the PSC confirm that the new Motion did not apply to them.  However the only response they received was the

PSC requested sales back-up information, which has been produced.  Second, the

PSC wanted subcontractor information.  As mentioned to the Court during the

December 4, 2009, hearing, that information was in the process of being produced

and it has now been fully produced.  Finally, the PSC wanted email production

and any other ESI that may be responsive to the request for production.  During

one "meet and confer" session, the PSC was notified that Venture and PB had

three resources for email – an AOL account; a Cox account for

venturesupply.com; and a network server physically located at its warehouse.

Venture and PB requested all email information from both AOL and Cox, and so

far only Cox has responded, producing hundreds of email.  However, counsel is in

contact with AOL pressing it to respond to the request for information.

Pursuant to a proposal by the PSC to the DSC (Exhibit H to its Motion to

Compel), Venture and PB had its computer technician begin key-word searches

on the network server and the information provided by Cox.  This was discussed

during a "meet and confer" held on December 28, 2009, and no objection was

made to this process.  Counsel was supposed to update this subject during a "meet

and confer" this week.  However, unfortunately another member of the PSC

decided to inform counsel for Venture and PB that it should not be doing the

keyword search and that counsel was supposed to come up with their own

keyword search.  (See Exhibit 4).  This confusion on the part of the PSC has

---

communication attached as Exhibit 2, which mentions the privilege log and counsel's "cooperation" but does not
confirm that the Motion does not apply to Venture and PB.

effectively slowed down a process that was, through cooperation, working just fine until then.  (See Exhibit 5).[3]

In that Venture and PB have been cooperating with the PSC and has complied or is complying with their agreements with the PSC on ESI material, the PSC's Motion to Compel as it is directed at Venture and PB should be denied.

4.      Finally, the PSC has indicated that a number of defendants have produced no documents.  As it relates to Venture and PB, the PSC has failed to mention the agreement noted above with respect to the documents produced in the Nguyen Action.  Venture and PB have fully complied with the PSC's request as modified by this agreement.  Why the PSC would fail to mention this is not known to the defendants.

5.      In sum, Venture and PB have fully cooperated with one group of PSC counsel. Apparently, other PSC counsel are not aware of this and, instead, wish to lump Venture and PB in with every other defendant (except Knauf).  Out of candor to the Court and out of respect for the agreements that have been reached with Venture and PB, the PSC should inform the Court that the Motion to Compel, and the allegations about failing to cooperate, do not apply to these defendants.

**WHEREFORE**, Venture and PB request that the Motion to Compel as it applies to them be denied.

---

[3] Counsel just received another communication that all defense counsel are to now deal with another member of the PSC on ESI and key-word searches (Exhibit 6).

This the 5th day of January, 2010.

Respectfully submitted,


By:       _____/s/_____

Mark C. Nanavati, Esquire (VSB #38709)
Kenneth F. Hardt, Esquire (VSB # 23966)
Sinnott, Nuckols & Logan, P.C.
13811 Village Mill Drive
Midlothian, Virginia 23114
(804) 378-7600 ext. 3311 or 3316
(804) 378-2610 (fax)
khardt@snllaw.com
mnanavati@snllaw.com
*Attorneys for Defendants Venture Supply Inc.*
*and The Porter-Blaine Corporation*


**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing was electronically filed with the Clerk of

Court of the United States District Court for the Eastern District of Louisiana by using the

CM/ECF System, which will send a notice of electronic filing in accordance with the procedures

established in MDL 2047 and has been served on Plaintiffs' Liaison Counsel, Russ Herman, and

Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-

mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in

accordance with Pretrial Order No. 6, on this 5th day of January, 2010

.

_____/s/_____

5

Kenneth F. Hardt

_____/s/_____