IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE | ) | MDL Docket No. 2047 |
| MANUFACTURED | ) | |
| DRYWALL PRODUCTS | ) | SECTION L |
| LIABILITY LITIGATION | ) | |
| | ) | JUDGE FALLON |
| | ) | |
| | ) | MAGISTRATE JUDGE WILKINSON |
| This document relates to All Cases | ) | |

## MAZER DISCOUNT HOME CENTERS INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS BASED ON THE APPLICATION OF ALABAMA'S ECONOMIC LOSS RULE

**MAZER DISCOUNT HOME CENTERS, INC.**, improperly designated as **MAZER SUPER DISCOUNT STORES** (hereinafter "Mazer" or "Defendant"), submits this Memorandum of Law on the Application of Alabama's Economic Loss Rule to property damage claims on behalf of all retailers who are involved in suits that are subject to Alabama Law.

The Alabama Supreme Court has specifically adopted the Economic Loss Rule recognized by the United States Supreme Court in *East River Steamship Corporation v. Transamerica Delaval, Inc.*, 476 U.S. 858, 868-71 (1986). *See, Lloyd Wood Coal Co. v. Clarke Equip. Co.*, 543 So. 2d 671 (Ala. 1989). As applied to product liability actions under Alabama Law, the Economic Loss Rule precludes a plaintiff from recovering "under tort theories of negligence, wantonness, strict liability, or the Alabama Extended Manufacturers Liability Doctrine where a product malfunctions or is defective and thereby causes damage only to the product itself." *Lloyd Wood Coal Co.*, 543 So. 2d at 673-74. Subsequent cases from Alabama's appellate courts have upheld and refined the Economic Loss Rule as first enunciated in the *Lloyd Wood* case. *See, e.g., Harris Moran Seed Co., Inc. v. Phillips*, 949 So. 2d 916, 931 (Ala. Civ. App. 2006); *Weaver v. Dan Jones Ford, Inc.*, 679 So. 2d 1106, 1114 (Ala. Civ. App. 1996) ("It

has been widely recognized that one cannot recover in tort for injury to the product itself; compensation for such injury may be obtained through the available contractual remedies."); *Vesta Fire Ins. Corp. v. Milam & Co. Const., Inc.*, 901 So. 2d 84, 106-07 (Ala. 2004) ("[The economic loss] doctrine states that a plaintiff's AEMLD claim that a product is defective is limited to a contractual recovery when the evidence shows that the defect caused injury to only the product and to no other property."). *See also, Wellcraft Marine, a Div. of Genmar Indus., Inc. v. Zarzour*, 577 So. 2d 414 (Ala. 1990); *Dairyland Ins. Co. v. General Motors Corp.*, 549 So. 2d 44 (Ala. 1989); *Ford Motor Co. v. Rice*, 726 So. 2d 626, 631 (Ala. 1998). In *Bay Lines, Inc. v. Stoughton Trailers, Inc.*, 838 So. 2d 1013 (Ala. 2002), the Supreme Court of Alabama specifically held that one cannot recover in tort for the negligent manufacture of a product where the only injury is to the product itself. *Id.* at 1019.

The *Lloyd Wood Coal* Court explained the rationale behind the economic loss rule as follows:

> When a product injures only itself, the reasons for imposing a tort duty are weak, and those for leaving the party to its contractual remedies are strong. The tort concern with safety is reduced when an injury is only to the product itself. When a person is injured, the cost of an injury and the loss of time or health may be an overwhelming misfortune, and one the person is not prepared to meet. In contrast, when a product injures itself, the commercial user stands to lose the value of the product, risks the displeasure of its customers who find that the product does not meet their needs, or, as in this case, experiences increased costs in performing a service. Losses like these can be insured.

*Lloyd Wood Coal Co.*, 546 So. 2d at 673 (internal citations omitted). The *Lloyd Wood Coal* Court additionally provided:

> Damage to a product itself is most naturally understood *as a warranty claim.* Such damage means simply that the product has

2

> not met the customer's expectations, or, in other words, that the customer has received insufficient product value.' See J. White and R. Summers, *Uniform Commercial Code* 406 (2d ed.1980). The maintenance of product value and quality is precisely the purpose of express and implied warranties. See UCC § 2-314 (implied warranty of merchantability), and § 2-315 (warranty of fitness for a particular purpose). Therefore, a claim of a nonworking product can be brought as a breach-of-warranty action. Or, if the customer prefers, it can reject the product or revoke its acceptance and sue for breach of contract. See UCC §§ 2-601, 2-608, 2-612.' *Id.*, 476 U.S. at 871-72, 106 S.Ct. at 2302-03.

*Id.* at 674-74 (emphasis added).

In Alabama, the Economic Loss Rule extends to retailers, as well as manufacturers. *See* Jenelle M. Marsh & Charles W. Gamble, *Alabama Law of Damages* § 32:8 (2009) ("Neither the manufacturer nor the retailer, however, is liable in tort to the purchaser for a defective product only. A defective product is a loss of the benefit of the bargain that is a contract rather than a tort action. Negligence and other tort actions have as their public policy the protection of person and property other than the purchased product. The product itself, therefore, falls outside the protected ambit, but the plaintiff has an action in contract for total or partial failure of consideration or a breach of an express or implied warranty."). Alabama law does not distinguish between commercial and consumer buyers with regard to the application of the Economic Loss Rule. The Economic Loss Rule applies to commercial and consumer purchasers alike. *Wellcraft Marine*, 577 So. 2d at 418 ("[Plaintiff] contends that this Court should distinguish between products that are sold to consumers and products that are sold to commercial buyers, but we are unwilling to adopt such a distinction. The rule remains the same, regardless of the nature of the customer: 'A defective product is a loss of the benefit of the bargain which is a contract rather than a tort action.'") (internal citations omitted). *See also,* Barkley Clark and Christopher Smith, 1 *The Law of Prods. Warranties* § 12:16 (2008) ("Regardless of whether the

plaintiff is a commercial or consumer buyer, a defect in a product that causes purely economic damages gives rise to warranty liability, not tort. Therefore, damages for mental anguish and punitive damages are not recoverable, and privity is available as a defense.").

## CONCLUSION

Based on the foregoing legal principles, Mazers asserts that any Plaintiff's claims will be subject to the Economic Loss rule and moves this Court to dismiss claims of the Plaintiff barred by that rule. Our proposed Order is attached hereto as **Exhibit B.**

/s/ *Christopher A. Bottcher*
Christopher A. Bottcher
Mary Blanche Hankey
C. Lee Reeves
Attorneys for Defendant
Mazer Super Discount Store

OF COUNSEL:
Sirote & Permutt, P.C.
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel.:   (205) 930-5100
Fax:   (205) 930-5101

/s/ *Larry S. Logsdon*
Larry S. Logsdon
Michael L. Jackson
Attorneys for Defendant
Mazer Super Discount Store

OF COUNSEL:
Wallace, Jordan, Ratliff & Brandt, L.L.C
800 Shades Creek Parkway, Suite 400
Birmingham, Alabama 35209
Tel:   (205) 874-0341
Fax:   (205) 871-7534

5

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Notice of Document Production to Plaintiff's Steering Committee has been served on Plaintiff's Liaison Counsel, Russ M. Herman, and Defense Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, which will serve a notice of the uploading in accordance with the procedures established in MDL 2047, on this 11th day of November, 2009.

Russ M. Herman
Leonard A. Davis
Stephen J. Herman
**HERMAN, HERMAN, KATZ & COTLAR, LLP**
820 O'Keefe Avenue
New Orleans, LA 70113

**Plaintiffs' Liaison Counsel**
Dawn M. Barrios
701 Poydras Street
Suite 3650
New Orleans, LA 70139

Victor M. Diaz
25 Flagler Street, 8th Floor
Miami, FL 33130

Ben Gordon
316 S. Baylen Street, Suite 600
Pensacola, FL 32502

Daniel E. Becnel, Jr.
425 W. Airline Highway, Suite B
LaPlace, LA 70068

Ervin Amanda Gonzalez
255 Aragon Avenue
Cora Gables, FL 33134

Hugh P. Lambert
701 Magazine Street
New Orleans, LA 70130

Arnold Levin
510 Walnut Street
Suite 500
Philadelphia, PA 19106

Jerrold Seth Parker
3301 Bonita Beach Road
Bonita Springs, FL 34134

Christopher Seeger
One William Street
New York, NY 10004

Scott Weinstein
12800 University Drive
Suite 600
Ft. Myers, FL 33907

Gerald E. Meunier
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800

James Robert Reeves
160 Main Street
Biloxi, MS 39530

Bruce William Steckler
3102 Oak Lawn Ave.
Suite 1100
Dallas, TX 75219

/s/ *Christopher A. Bottcher*
OF COUNSEL