# Exhibit A

*(To Memorandum In Opposition To The Plaintiffs' Steering Committee's Motion To Compel Submitted By Banner Supply Co.)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL | ) | MDL No. 2047 |
| PRODUCTS LIABILITY LITIGATION | ) | |
| | ) | SECTION: L |
| | ) | |
| THIS DOCUMENT RELATES TO ALL CASES | ) | JUDGE FALLON |
| | ) | MAG. JUDGE WILKINSON |
| | ) | |

### DEFENDANT BANNER SUPPLY COMPANY'S RESPONSES AND OBJECTIONS TO PLAINTIFF STEERING COMMITTEE'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

Defendant BANNER SUPPLY CO. ("BANNER"),[1] by and through its undersigned counsel and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby serves its responses and objections to Plaintiff STEERING COMMITTEE's First Request for Production of Documents and Things, as follows:

### GENERAL OBJECTIONS

Due to the expedited nature in which the PSC is demanding Defendants respond, many concessions were made, without prejudice, as it relates to the scope of discovery. For example, these responses are limited to the time period in which Defendants may have received or distributed Chinese drywall. Additionally, the term "Defendant" is limited to the named Defendants herein and is not given the broader meaning set forth in the PSC's First Request for Production. As it relates to the PSC's other broad-sweeping definitions, BANNER objects to any effort by the PSC to expand the scope of discovery beyond the Federal Rules of Civil

---

[1] For purposes of these responses, BANNER shall mean BANNER SUPPLY CO., BANNER SUPPLY COMPANY POMPANO, LLC, BANNER SUPPLY COMPANY FT. MYERS, LLC, BANNER SUPPLY COMPANY PORT ST. LUCIE, LLC and BANNER SUPPLY COMPANY TAMPA, LLC. However, these are five separate and distinct entities. The responses are being coordinated in one document to save time, expense and confusion for all parties. In addition, not all of the BANNER entities referenced above are named Defendants in this MDL proceeding but are providing information in order to cooperate with this Court's desires to expedite discovery. However, none of the foregoing entities are voluntarily submitting to the jurisdiction of this Court no accepting service by virtue of these responses.

Procedure or other Orders entered in this action. BANNER further objects to the production of ESI until an appropriate order is entered and until after an appropriate "meet and confer" takes place on the ESI issues pertaining to BANNER, including but not limited to, proposed search terms, the number of computers to be searched and the costs associated with any production. BANNER has interposed specific responses or other objections in response to each Request. BANNER has made diligent efforts to respond in an expedited manner to the PSC's First Request, but under the circumstances, a more complete production may take additional time.

## DOCUMENTS REQUESTED

1.      All articles of incorporation, charters, and by-laws, including any amendments thereto of Defendant's, including any subsidiaries or affiliates of Defendant.

## RESPONSE TO REQUEST NO. "1":

**BANNER objects to this Request in that it is irrelevant and not reasonably calculated to lead to the admissibility of discoverable evidence, as the claims asserted by Plaintiffs in these proceedings are related to the alleged distribution of drywall manufactured in China.**

2.      All documents generated by, prepared for, reviewed by, received by, or concerning Defendant's Board of Directors, or any committee thereof or authorized thereby, concerning Chinese drywall or of problems with the drywall, including any symptoms of the drywall's presence such as smells or odors, air conditioning unit or component replacement, corrosion of metals, electrical and/or plumbing systems or components, and any related health and safety concerns, issues, or claims, including any presentation to the Board of Directors, any resolution, any minutes of meetings, and any notes or memoranda of any attendee or Board member.

## RESPONSE TO REQUEST NO. "2":

**None.**

3.      For Defendant, including any subsidiaries or affiliates of Defendant, documents sufficient to identify:

(a)      All members of the Board of Directors during the Relevant Time Period;

{218429.0005/N0790817_1}

2

**ADORNO & YOSS LLP**
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

**RESPONSE TO REQUEST NO. "3(a)":**

With the understanding that this Request is limited to the time period in which BANNER was involved in the distribution of Chinese drywall, and to the extent responsive documents are within BANNER's possession, custody or control, they will be produced.

      (b)    All corporate officers during the Relevant Time Period;

**RESPONSE TO REQUEST NO. "3(b)":**

With the understanding that this Request is limited to the time period in which BANNER was involved in the distribution of Chinese drywall, and to the extent responsive documents are within BANNER's possession, custody or control, they will be produced.

      (c)    All persons or entities that owned 5% or more of Defendant's common stock or held a 5% or more interest in Defendant during the Relevant Time Period; and

**RESPONSE TO REQUEST NO. "3(c)":**

With the understanding that this Request is limited to the time period in which BANNER was involved in the distribution of Chinese drywall, and to the extent responsive documents are within BANNER's possession, custody or control, they will be produced.

      (d)    Annual organization charts for any entity that owned more than 5% of Defendant's common stock or held a 5% or more interest in Defendant, including any subsidiary or affiliate of Defendant, during the Relevant Time Period.

**RESPONSE TO REQUEST NO. "3(d)":**

With the understanding that this Request is limited to the time period in which BANNER was involved in the distribution of Chinese drywall, and to the extent responsive documents are within BANNER's possession, custody or control, they will be produced.

      4.    As to any entity with which you are affiliated or have a financial interest in that is involved in the design, development, testing, inspection, manufacture, marketing, sale, export, or distribution of Chinese drywall, documents sufficient to describe the responsibilities that each such entity has in regard to Chinese drywall.

{218429.0005/N0790817_1}

3

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

**RESPONSE TO REQUEST NO. "4":**

   **None.**

   5.     For each year in which Defendant, including any subsidiary or affiliate of Defendant, designed, developed, tested, inspected, manufactured, marketed, sold, exported, or distributed Chinese drywall, all documents concerning the departmental and corporate organizational charts for the individuals in those groups, departments, and teams with any responsibility or oversight of any aspect of the design, development, testing, inspection, manufacture, marketing, sale, export, or distribution of said Chinese drywall.

**RESPONSE TO REQUEST NO. "5":**

   **None.**

   6.     All documents concerning any report or analysis of Defendant's financial condition or business prospects, including any subsidiary or affiliate of Defendant, prepared by you or any third party, including any analysis prepared by financial or industry analysts, during the Relevant Time Period.

**RESPONSE TO REQUEST NO. "6":**

   **BANNER objects to this Request in that it is irrelevant and not reasonably calculated to lead to the admissibility of discoverable evidence, as the claims asserted by Plaintiffs in these proceedings are related to the alleged distribution of drywall manufactured in China. BANNER's "financial condition" and "business prospects" are not related to those claims. Moreover, this request is vague, overly broad and not limited in time or scope, as it seeks information during an eight year time period and it is unknown what is meant by "financial condition" or "business prospects". Finally, to the extent this Request call for the production of attorney-client, accountant-client or work product information, the information would be privileged.**

   7.     All filings made to any state, federal, domestic, and/or foreign governmental agencies, departments, divisions, bodies, entities, or representatives during the Relevant Time Period.

**RESPONSE TO REQUEST NO. "7":**

BANNER objects to this Request in that it is vague and not limited to any relevant or other subject matter. BANNER further objects to this Request in that it is irrelevant and not reasonably calculated to lead to the admissibility of discoverable evidence, as the claims asserted by Plaintiffs in these proceedings are related to the alleged distribution of drywall manufactured in China. BANNER's response to a governmental request for information has no rational relationship to those claims. Moreover, governmental agencies have far greater power to obtain documents and information beyond what may be relevant and appropriate in this proceeding. Additionally, those governmental investigations are confidential and not subject to disclosure by BANNER.

8.      Documents sufficient to identify by state, the name, address, and telephone number for all registered agent(s) for Defendant within the United States.

**RESPONSE TO REQUEST NO. "8":**

This information is readily available in public records and is easily accessible to Plaintiffs as it would be for BANNER to produce. Plaintiffs could obtain this information through www.sunbiz.org.

9.      For each year in which Defendant designed, developed, tested, inspected, manufactured, marketed, sold, exported, or distributed Chinese drywall, all documents concerning the departmental and corporate standard operating procedures, processes, guidelines, and rules for the conduct of the individuals in those groups, departments, and teams with any responsibility or oversight of any aspect of the design, development, testing, inspection, manufacture, marketing, sale, export, or distribution of Chinese drywall.

**RESPONSE TO REQUEST NO. "9":**

None.

10.      All of Defendant's document retention or document destruction policies and memoranda in effect during the Relevant Time Period.

**RESPONSE TO REQUEST NO. "10":**

**None.**

11.     Documents sufficient to identify the steps taken by or on behalf of you to preserve documents that are or may be potentially discoverable in this action.

**RESPONSE TO REQUEST NO. "11":**

**None, other than documents which would otherwise fall within the scope of attorney-client privilege.**

12.     Each and every general liability, comprehensive general liability, advertising liability, errors and omissions, or product liability insurance policy (and any other insurance policy which you believe may provide primary, umbrella or excess coverage for any personal injury, economic loss, or medical monitoring claim asserted in these proceedings), as well all excess layers, that you purchased or on which you are a named insured (including policies purchased by related corporate entities), during the Relevant Time Period.

**RESPONSE TO REQUEST NO. "12":**

**To the extent responsive documents are within BANNER's possession, custody or control, they will be produced.**

13.     Any charts or schedules of layers of insurance or self-insured retention for any of the respective years of coverage.

**RESPONSE TO REQUEST NO. "13":**

**None. BANNER believes that its response to this Request is covered by Request No. "12" and BANNER's response thereto.**

14.     All documents concerning any contracts or agreements with respect to Chinese drywall, including indemnity agreements, agreements to assume liability, agreements to assume the defense, and joint defense agreements made by Defendant, insurers for Defendant, or any other entities that may be financially affected by any of the claims asserted in this litigation, including but not limited to, Chinese drywall manufacturers, distributors, importers, exporters, brokers, retailers, builders, contractors, and installers.

**RESPONSE TO REQUEST NO. "14":**

**BANNER objects to this Request in that it is vague, ambiguous and overly broad.**

**Moreover, this Request is not seeking information which may tend to prove or disprove a**

fact in this lawsuit and thus, it is not reasonably calculated to lead to the discovery of admissible evidence.

15.     All documents concerning performance specifications and standards for Chinese drywall, whether such standards are set by Defendant, professional, engineering, laboratory, or manufacturing organizations, or by governmental entities.

## RESPONSE TO REQUEST NO. "15":

To the extent responsive documents exist and are within BANNER's possession, custody or control, they will be produced.

16.     All documents evidencing the amount of Chinese drywall purchased, stored, sold, transferred, and/or distributed by Defendant during the Relevant Time Period.

## RESPONSE TO REQUEST NO. "16":

BANNER objects to this Request since it is overly broad, not limited in time or scope, and seeks information that is irrelevant and does not tend to prove or disprove a claim or defense raised in this lawsuit.  Specifically, this Request is not limited to the residences at issue in this MDL proceeding where BANNER may have  supplied Chinese drywall, which is the essence of Plaintiffs' posture in this case.  BANNER's records were not kept in a manner that enables BANNER to determine whether or not it delivered Chinese Drywall to a specified home.  When customers ordered drywall, BANNER would, in certain instances, ship ½" by 4' x 12' Regular Drywall (the only type of drywall received from China) and made no distinction in its records whether the drywall was manufactured in China.  In fact, BANNER can only learn of potential claims involving Chinese manufactured drywall after the particular home is inspected, BANNER is notified that the home contains Chinese Drywall, and BANNER cross references its records to verify and confirm that BANNER shipped 1/2" by 4' x 12' Regular Drywall to the home and was the sole source supplier of the drywall.

{218429.0005/N0790817_1}

7

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

BANNER is aware, based upon shipping records from Shandong Yifang Gypsum Industry Co., Ltd., La Suprema Trading, Inc. and La Suprema Enterprise, Inc., the entities which sold the Chinese drywall to BANNER, that BANNER supplied Chinese drywall from in or about January, 2006 through November, 2006. In addition, BANNER believes that the only drywall it received that was manufactured in China was ½" by 4' x 12' Regular Drywall. As stated above, to the extent that MDL Plaintiffs identify a specific address and/or lot and block number (in many instances BANNER supplied drywall before the developments received physical addresses for each home), BANNER will be able to review its records to determine whether it shipped drywall to the specified location and/or sold drywall to a specified supplier. Again, BANNER is unable to advise whether it supplied Chinese manufactured drywall based upon its records.

Subject to the foregoing objections, coupled with BANNER's responses to Request Nos. 21-23 herein, and to the extent documents exist relating to BANNER's purchase of drywall manufactured in China during the relevant time period within BANNER's possession, custody or control, they will be produced.

17.    Documents sufficient to identify batch and/or lot numbers for the Chinese drywall identified pursuant to paragraph 16.

**RESPONSE TO REQUEST NO. "17":**

BANNER cannot respond to Request in that it is unclear, ambiguous and incoherent and thus, objectionable.

18.    All documents identifying the entity or entities from whom Defendant ordered, purchased, imported, and/or received Chinese drywall during the Relevant Time Period, including documents identifying direct manufacturer purchases and purchases through suppliers.

**RESPONSE TO REQUEST NO. "18":**

To the extent responsive documents and are within BANNER's possession, custody

or control, they will be produced.

19.    All documents, including invoices, bills of lading and receipts which relate to purchases and/or receipts of Chinese drywall during the Relevant Time Period.

**RESPONSE TO REQUEST NO. "19":**

To the extent responsive documents and are within BANNER's possession, custody

or control, they will be produced.

20.    All documents received by Defendant with any and all purchases and/or receipts of Chinese drywall during the Relevant Time Period, including but not limited to product information sheets, instructions for use and/or storage, disclosures, material safety data sheets, and warranties.

**RESPONSE TO REQUEST NO. "20":**

To the extent responsive documents and are within BANNER's possession, custody

or control, they will be produced.

21.    All documents identifying the entity or entities to whom Defendant sold, transferred and/or distributed Chinese drywall during the Relevant Time Period.

**RESPONSE TO REQUEST NO. "21":**

BANNER objects to this Request since it is overly broad and seeks information that

is irrelevant and does not tend to prove or disprove a claim or defense raised in this action.

Specifically, this Request is not limited to MDL Plaintiff properties, but rather, seeks

information relating to every distribution made by BANNER during the relevant time

period, whether a particular home is at issue in this MDL proceeding or not.  BANNER is

currently a party to only twenty-four (24) MDL cases; whereas, BANNER is named in

more than 150 actions pending in Florida state courts.  BANNER should not be required to

produce documents which have no reasonable relationship to pending MDL cases.

{218429.0005/N0790817_1}

9

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD.• SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

Moreover, BANNER's records were not kept in a manner that enables BANNER to determine whether or not it delivered Chinese Drywall to a specified home. Thus, BANNER cannot respond to this Request. Rather, when customers ordered drywall, BANNER would, in certain instances, ship ½" by 4' x 12' Regular Drywall (the only type of drywall it purchased from China) and made no distinction in its records whether the drywall being distributed was manufactured in China (BANNER had the same type of drywall manufactured domestically and from other countries in its inventory during the same time period). In fact, BANNER can only learn of potential claims involving Chinese manufactured drywall after the particular home is inspected, BANNER is notified that the home contains Chinese Drywall, and BANNER cross references its records to verify and confirm that BANNER shipped 1/2" by 4' x 12' Regular Drywall to the home and was the sole source supplier of the drywall.

BANNER is aware, based upon shipping records from Shandong Yifang Gypsum Industry Co., Ltd., La Suprema Trading, Inc. and La Suprema Enterprise, Inc., the entities which sold the Chinese drywall to BANNER, that BANNER supplied Chinese drywall from in or about January, 2006 through November, 2006. As stated above, to the extent that Plaintiffs identify a specific address and/or lot and block number (in many instances BANNER supplied drywall before the developments received physical addresses for each home), BANNER will be able to review its records to determine whether it shipped drywall to the specified location and/or sold drywall to a specified supplier. Again, BANNER is unable to advise whether it supplied Chinese manufactured drywall based upon its records.

Subject to the foregoing objections, and to the extent documents exist relating to BANNER's distribution of ½" by 4' x 12' Regular drywall during calendar year 2006 to

{218429.0005/N0790817_1}

10

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD.• SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

properties identified by named MDL Plaintiffs naming BANNER as a Defendant (or individuals who submitted Plaintiff Profile Forms on September 4, 2009 that BANNER was able to cross reference with its distribution records), they will be produced.

22.     All documents, including sales orders, invoices, bills of lading, and shipping documents which relate to sales, transfers, and distributions of Chinese drywall during the Relevant Time Period.

## RESPONSE TO REQUEST NO. "22":

BANNER objects to this Request since it is overly broad and seeks information that is irrelevant and does not tend to prove or disprove a claim or defense raised in this lawsuit. Specifically, this Request is not limited to MDL Plaintiff properties, but rather, seeks information relating to every distribution made by BANNER during the relevant time period, whether or not a particular home is at issue in this MDL proceeding. BANNER is currently a party to only twenty-four (24) MDL cases; whereas, BANNER is named in more than 150 actions pending in Florida courts. BANNER should not be required to produce documents which have no reasonable relationship to pending MDL cases. Moreover, BANNER's records were not kept in a manner that enables BANNER to determine whether or not it delivered <u>Chinese</u> Drywall to a specified home. Thus, BANNER cannot respond to this Request. Rather, when customers ordered drywall, BANNER would, in certain instances, ship ½" by 4'x 12' Regular Drywall (the only type of drywall it purchased from China) and made no distinction in its records whether the drywall being distributed was manufactured in China (BANNER had the same type of drywall manufactured domestically and from other countries in its inventory during the same time period). In fact, BANNER can only learn of potential claims involving Chinese manufactured drywall after the particular home is inspected, BANNER is notified that the home contains Chinese Drywall, and BANNER cross references its records to verify and

{218429.0005/N0790817_1}

11

confirm that BANNER shipped 1/2" by 4' x 12' Regular Drywall to the home and was the sole source supplier of the drywall.

BANNER is aware, based upon shipping records from Shandong Yifang Gypsum Industry Co., Ltd., La Suprema Trading, Inc. and La Suprema Enterprise, Inc., the entities which sold the Chinese drywall to BANNER, that BANNER supplied Chinese drywall from in or about January, 2006 through November, 2006. As stated above, to the extent that Plaintiffs identify a specific home, including a specific address and/or lot and block number (in many instances BANNER supplied drywall before the developments received physical addresses for each home), BANNER will be able to review its records to determine whether it shipped drywall to the specified location and/or sold drywall to a specified supplier. Again, BANNER is unable to advise whether it supplied Chinese manufactured drywall based upon its records.

Subject to the foregoing objections, and to the extent documents exist relating to BANNER's distribution of ½" by 4' x 12' Regular drywall during calendar year 2006 to properties identified by named MDL Plaintiffs naming BANNER as a Defendant (or individuals, who is submitted Plaintiff Profile Forms on September 4, 2009 that BANNER was able to cross reference with its distribution records), they will be produced.

23.    All documents provided by Defendant with any and all sales, shipments, transfers, and/or distributions of Chinese drywall during the Relevant Time Period, including but not limited to product information sheets, instructions for use and/or storage, disclosures, material safety data sheets, and warranties.

## RESPONSE TO REQUEST NO. "23":

BANNER objects to this Request since it is overly broad and seeks information that is irrelevant and does not tend to prove or disprove a claim or defense raised in this action. Specifically, this Request is not limited to MDL Plaintiff properties, but rather, seeks

{218429.0005/N0790817_1}

12

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD.• SUITE I 700 • FT. LAUDERDALE, FLORIDA 3330 I • TELEPHONE 954-763-I 200 • FAX 954-766-7800

information relating to every distribution made by BANNER during the relevant time period, whether or not a particular home is at issue in this MDL proceeding. BANNER is currently a party to only twenty-four (24) MDL cases; whereas, BANNER is named in more than 150 actions pending in Florida state courts. BANNER should not be required to produce documents which have no reasonable relationship to pending MDL cases. Moreover, BANNER's records were not kept in a manner that enables BANNER to determine whether or not it delivered <u>Chinese</u> Drywall to a specified home. Thus, BANNER cannot respond to this Request. Rather, when customers ordered drywall, BANNER would, in certain instances, ship ½" by 4' x 12' Regular Drywall (the only type of drywall it purchased from China) and made no distinction in its records whether the drywall being distributed was manufactured in China (BANNER had the same type of drywall manufactured domestically and from other countries in its inventory during the same time period). In fact, BANNER can only learn of potential claims involving Chinese manufactured drywall after the particular home is inspected, BANNER is notified that the home contains Chinese Drywall, and BANNER cross references its records to verify and confirm that BANNER shipped 1/2" by 4' x 12' Regular drywall to the home and was the sole source supplier of the drywall.

BANNER is aware, based upon shipping records from Shandong Yifang Gypsum Industry Co., Ltd., La Suprema Trading, Inc. and La Suprema Enterprise, Inc., the entities which sold the Chinese drywall to BANNER, that BANNER supplied Chinese drywall from in or about January, 2006 through November, 2006. As stated above, to the extent that Plaintiffs identify a specific address and/or lot and block number (in many instances BANNER supplied drywall before the developments received physical addresses for each

ADORNO & YOSS LLP

350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

home), BANNER will be able to review its records to determine whether it shipped drywall to the specified location and/or sold drywall to a specified supplier. Again, BANNER is unable to advise whether it supplied Chinese manufactured drywall based upon its records.

Subject to the foregoing objections, to the extent documents exist relating to BANNER's distribution of ½" by 4' x 12' Regular drywall during calendar year 2006 to properties identified by named MDL Plaintiffs naming BANNER as a Defendant (or individuals who submitted Plaintiff Profile Forms on September 4, 2009 that BANNER was able to cross reference with its distribution records), they will be produced.

24.    All documents relating to any inventory control systems or procedures utilized by Defendant to track its purchases, receipts, imports, sales, exports, transfers, shipments, and/or distributions of Chinese drywall.

**RESPONSE TO REQUEST NO. "24":**

None.

25.    All drafts of any promotional and/or marketing materials relating to any drywall product.

**RESPONSE TO REQUEST NO. "25":**

None related to Chinese drywall. BANNER objects to this Request in that it is vague, overly broad and ambiguous. Additionally, this Request does not tend to prove or disprove a material fact in this MDL proceeding and thus, it is not reasonable calculated to lead to the discovery of admissible evidence.

26.    All communications during the Relevant Time Period among Defendant's employees, agents, and or third-party consultants concerning Defendant's orders, purchases, receipts, storage, sales, transfers, or distributions of Chinese drywall.

**RESPONSE TO REQUEST NO. "26":**

BANNER objects to this Request in that it is vague, overly broad and ambiguous. Additionally, this Request does not tend to prove or disprove a material fact in this MDL

proceeding and thus, it is not reasonable calculated to lead to the discovery of admissible evidence. The Request seeks "all communications" for an eight (8) year time period and would essentially require BANNER to review every single document it ever created or reviewed during this time period. Moreover, BANNER did not distinguish "Chinese" drywall from any other type of drywall it had in its possession during the requested time period and thus, it would be impossible to determine which communications may have related to "Chinese" drywall. Similarly, the requested communications are not limited to any specific type of communication, but rather, "all communications", regardless of form or content, and regardless of the parties to the communication. Finally, this request is vague and overly broad, as it seems to request documents relating to communications among the parties and their counsel in this proceeding, including many which would have occurred after the creation and institution of this MDL; all such communications are not relevant to Plaintiffs' claims and may call for the production of privileged communications.

27.    All communications during the Relevant Time Period between Defendant and any manufacturer, exporter, importer, broker, distributor, and/or retailer of Chinese drywall concerning Defendant's orders, purchases, receipts, storage, sales, transfers, or distributions of Chinese drywall.

## RESPONSE TO REQUEST NO. "27":

BANNER objects to this Request in that it is vague, overly broad and ambiguous. Additionally, this Request does not tend to prove or disprove a material fact in this MDL proceeding and thus, it is not reasonable calculated to lead to the discovery of admissible evidence. The Request seeks "all communications" for an eight (8) year time period and would essentially require BANNER to review every single document it ever created or reviewed during this time period. Moreover, BANNER did not distinguish "Chinese" drywall from any other type of drywall it had in its possession during the requested time

{218429.0005/N0790817_1}

15

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD.• SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

period and thus, it would be impossible to determine which communications may have related to "Chinese" drywall. Similarly, the requested communications are not limited to any specific type of communication, but rather, "all communications", regardless of form or content, and regardless of the parties to the communication.

Subject to the foregoing objections, and to the extent BANNER had communications with any manufacturer, importer or exporter concerning the drywall manufactured in China which was purchased by BANNER, other than the shipping records and other documents produced in response to other requests herein, BANNER is conducting a reasonable search to locate any such responsive documents and will supplement this response to the extent responsive documents are located.

28.    All communications during the Relevant Time Period between Defendant and any contractor and/or installer for Chinese drywall concerning Defendant's orders, purchases, receipts, storage, use, sales, or distributions of Chinese drywall.

## RESPONSE TO REQUEST NO. "28":

BANNER objects to this Request in that it is vague, overly broad and ambiguous. Additionally, this Request does not tend to prove or disprove a material fact in this MDL proceeding and thus, it is not reasonably calculated to lead to the discovery of admissible evidence. Indeed, the Request is not in any way limited to the MDL Plaintiffs. The Request seeks "all communications" for an eight (8) year time period and would essentially require BANNER to review every single document it ever created or reviewed during this time period. Moreover, BANNER did not distinguish "Chinese" drywall from any other type of drywall it had in its possession during the requested time period and thus, it would be impossible to determine which communications may have related to "Chinese" drywall. Similarly, the requested communications are not limited to any specific type of

{218429.0005/N0790817_1}

16

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD.• SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

communication, but rather, "all communications", regardless of form or content, and regardless of the parties to the communication.

29.     All communications during the Relevant Time Period between Defendant and any purchaser of Chinese drywall concerning Defendant's orders, purchases, receipts, storage, sales, transfers, or distributions of Chinese drywall.

<u>**RESPONSE TO REQUEST NO. "29"**</u>:

BANNER objects to this Request since it is overly broad and seeks information that is irrelevant and does not tend to prove or disprove a claim or defense raised in this action. Specifically, this Request is not limited to MDL Plaintiff properties, but rather, seeks information relating to every distribution made by BANNER during the relevant time period, whether or not a particular home is at issue in this MDL proceeding. BANNER is currently a party to only twenty-four (24) MDL cases; whereas, BANNER is named in more than 150 actions pending in Florida state courts. BANNER should not be required to produce documents which have no reasonable relationship to pending MDL cases. Moreover, BANNER's records were not kept in a manner that enables BANNER to determine whether or not it delivered <u>Chinese</u> Drywall to a specified home. Thus, BANNER cannot respond to this Request. Rather, when customers ordered drywall, BANNER would, in certain instances, ship 1/2" by 4' x 12' Regular Drywall (the only type of drywall it purchased from China) and made no distinction in its records whether the drywall being distributed was manufactured in China (BANNER had the same type of drywall manufactured domestically and from other countries in its inventory during the same time period). In fact, BANNER can only learn of potential claims involving Chinese manufactured drywall after the particular home is inspected, BANNER is notified that the home contains Chinese Drywall, and BANNER cross references its records to verify and

{218429.0005/N0790817_1}

17

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD.• SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

confirm that BANNER shipped 1/2" by 4" x 12' Regular drywall to the home and was the sole source supplier of the drywall.

BANNER is aware, based upon shipping records from Shandong Yifang Gypsum Industry Co., Ltd., La Suprema Trading, Inc. and La Suprema Enterprise, Inc., the entities which sold the Chinese drywall to BANNER, that BANNER supplied Chinese drywall from in or about January, 2006 through November, 2006. As stated above, to the extent that Plaintiffs identify a specific address and/or lot and block number (in many instances BANNER supplied drywall before the developments received physical addresses for each home), BANNER will be able to review its records to determine whether it shipped drywall to the specified location and/or sold drywall to a specified supplier. Again, BANNER is unable to advise whether it supplied Chinese manufactured drywall based upon its records.

BANNER is not aware of any "purchaser of Chinese drywall".

30. All documents evidencing or identifying the states in which Chinese drywall was received, stored, sold, transferred, and/or distributed by Defendant or any affiliated company during the Relevant Time Period.

**RESPONSE TO REQUEST NO. "30":**

BANNER only distributed drywall in the state of Florida. The documents produced in response to other Requests identified herein are responsive to this Request.

31. All documents evidencing or identifying the communities and street addresses of homes (whether single family or multiple family dwellings) and/or commercial buildings in which Chinese drywall was sold, transferred, and/or distributed by Defendant or any affiliated company or installer utilized by Defendant during the Relevant Time Period.

**RESPONSE TO REQUEST NO. "31":**

BANNER objects to this Request since it is overly broad and seeks information that is irrelevant and does not tend to prove or disprove a claim or defense raised in this lawsuit. Specifically, this Request is not limited to MDL Plaintiff properties, but rather,

{218429.0005/N0790817_1}

ADORNO & YOSS LLP

350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

seeks information relating to every distribution made by BANNER during the relevant time period, whether a particular home is at issue in this MDL proceeding or not. BANNER is currently a party to only twenty-four (24) MDL cases; whereas, BANNER is named in more than 150 actions pending in Florida courts. BANNER should not be required to produce documents which have no reasonable relationship to pending MDL cases. Moreover, BANNER's records were not kept in a manner that enables BANNER to determine whether or not it delivered <u>Chinese</u> Drywall to a specified home. Thus, BANNER cannot respond to this Request. Rather, when customers ordered drywall, BANNER would, in certain instances, ship ½" by 4' x 12' Regular Drywall (the only type of drywall it purchased from China) and made no distinction in its records whether the drywall being distributed was manufactured in China (BANNER had the same type of drywall manufactured domestically and from other countries in its inventory during the same time period). In fact, BANNER can only learn of potential claims involving Chinese manufactured drywall after the particular home is inspected, BANNER is notified that the home contains Chinese Drywall, and BANNER cross references its records to verify and confirm that BANNER shipped 1/2" by 4' x 12' Regular drywall to the home and was the sole source supplier of the drywall.

BANNER is aware, based upon shipping records from Shandong Yifang Gypsum Industry Co., Ltd., La Suprema Trading, Inc. and La Suprema Enterprise, Inc., the entities which sold the Chinese drywall to BANNER, that BANNER supplied Chinese drywall from in or about January, 2006 through November, 2006. As stated above, to the extent that Plaintiffs identify a specific address and/or lot and block number (in many instances BANNER supplied drywall before the developments received physical addresses for each

home), BANNER will be able to review its records to determine whether it shipped drywall

to the specified location and/or sold drywall to a specified supplier. Again, BANNER is

unable to advise whether it supplied Chinese manufactured drywall based upon its records.

Subject to the foregoing objections, and to the extent documents exist relating to

BANNER's distribution of 1/2" by 4' x 12' Regular drywall during calendar year 2006 to

properties identified by named MDL Plaintiffs naming BANNER as a Defendant (or

individuals who submitted Plaintiffs Profile Form on September 4, 2009 that BANNER was

able to cross reference with its distribution records), they will be produced.

32.     Documents sufficient to identify batch and/or lot numbers for the Chinese drywall
identified pursuant to paragraph 31.

**RESPONSE TO REQUEST NO. "32":**

The instant Request is unclear, vague and ambiguous and thus, BANNER is unable

to respond to this Request.

33.     All documents and communications concerning any and all labeling, wording,
markings, or lack thereof, that was placed on, affixed to, imprinted on, or accompanied sheets of
Chinese drywall ordered, purchased, received, sold, transferred, or distributed by Defendant
during the Relevant Time Period.

**RESPONSE TO REQUEST NO. "33":**

BANNER did not place any label, wording or markings on the drywall it received.

34.     All notices, claims, complaints, communications or documents of any kind among
and/or between Defendant's employees and/or employees of affiliate companies or consultants,
and any property owners, homeowner's associations, co-op or condo boards, property managers,
or tenants during the Relevant Time Period, concerning problems with the drywall, including any
symptoms of the drywall's presence such as smells or odors, air conditioning unit or component
replacement, corrosion of metals, electrical and/or plumbing systems or components, and any
related health and safety concerns, issues, or claims.

**RESPONSE TO REQUEST NO. "34":**

BANNER objects to this Request in that it is irrelevant and not reasonably

calculated to lead to the admissibility of discoverable evidence, as the claims asserted by

{218429.0005/N0790817_1}

20

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD.• SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

Plaintiffs in these proceedings are related to the alleged distribution of drywall manufactured in China. BANNER's receipt of "notices, claims, complaints," etc... are not related to those claims. Moreover, this request is unduly burdensome, vague, overly broad and not limited in time or scope, as it could potentially involve the production of countless demand letters, Chapter 558, Florida Statutory notice letters, Complaints and other documents that have nothing to do with the claims asserted in this MDL proceeding.

35.    All communications between Defendant and any manufacturer, importer, exporter, purchasing agent, broker, distributor, and/or retailer of Chinese drywall during the Relevant Time Period, concerning problems with the drywall, including any symptoms of the drywall's presence such as smells or odors, air conditioning unit or component replacement, corrosion of metals, electrical and/or plumbing systems or components, and any related health and safety concerns, issues, or claims.

**RESPONSE TO REQUEST NO. "35":**

BANNER objects to this Request in that it is irrelevant and not reasonably calculated to lead to discoverable evidence, as the claims asserted by Plaintiffs in these proceedings are related to the alleged distribution of drywall manufactured in China. BANNER's communications with other Defendants in this proceeding are not related to those claims. Moreover, this request is vague, overly broad and not limited in time or scope, as it seems to request documents relating to communications among the parties and their counsel in this proceeding, including many which would have occurred after the institution of this MDL and the creation of the Defense Steering Committee; all such communications are not relevant to Plaintiffs' claims and may call for the production of information and communications subject to applicable privileges.

Subject to the foregoing objections, BANNER is conducting a reasonable search of its records for the time period in which it was receiving or distributing Chinese drywall

and, to the extent responsive documents exist and are within BANNER's possession, custody or control , they will be produced.

36.    All communications between Defendant and any builder, purchaser, and/or contractor using Chinese drywall, or installer of Chinese drywall utilized by Defendant during the Relevant Time Period, concerning problems with the drywall, including any symptoms of the drywall's presence such as smells or odors, air conditioning unit or component replacement, corrosion of metals, electrical and/or plumbing systems or components, and any related health and safety concerns, issues, or claims.

**RESPONSE TO REQUEST NO. "36":**

BANNER objects to this Request in that it is irrelevant and not reasonably calculated to lead to discoverable evidence, as the claims asserted by Plaintiffs in these proceedings are related to the alleged distribution of drywall manufactured in China. BANNER's communications with other Defendants in this proceeding are not related to those claims. Moreover, this request is vague, overly broad and not limited in time or scope, as it seems to request documents relating to communications among the parties and their counsel in this proceeding, including many which would have occurred after the institution of this MDL and the creation of the Defense Steering Committee; all such communications are not relevant to Plaintiffs' claims and may call for the production of information and communications protected properly by applicable privileges.

37.    All communications between Defendant and any foreign or domestic governmental agency during the Relevant Time Period, including but not limited to the CPSC, EPA, CDC, and APSDR, concerning problems with the drywall, including any symptoms of the drywall's presence such as smells or odors, air conditioning unit or component replacement, corrosion of metals, electrical and/or plumbing systems or components, and any related health and safety concerns, issues, or claims.

**RESPONSE TO REQUEST NO. "37":**

This Request is duplicative of Request No. 7.

38. All documents provided to and any communications between Defendant and any foreign or domestic governmental entity, body, department, division, agency, and/or representatives during the Relevant Time Period, concerning problems with the drywall, including any symptoms of the drywall's presence such as smells or odors, air conditioning unit or component replacement, corrosion of metals, electrical and/or plumbing systems or components, and any related health and safety concerns, issues, or claims.

**RESPONSE TO REQUEST NO. "38":**

**This Request is duplicative of Request Nos. 7 and 37.**

39. All documents and communications relating to the storage and/or warehousing of Chinese drywall during the Relevant Time Period.

**RESPONSE TO REQUEST NO. "39":**

**None.**

40. All documents relating to research, inspection, testing, analysis, or remediation done by or on behalf of Defendant relating to the Chinese drywall that Defendant ordered, purchased, received, stored, sold, transferred, or distributed.

**RESPONSE TO REQUEST NO. "40":**

**BANNER objects to this Request to the extent it seeks the production of any such documents obtained or created after BANNER received notice of the pending claims against it relating to allegedly defective drywall manufactured in China. If the Request is limited to documents prior to the institution of such legal proceedings against BANNER, BANNER has no such documents.**

41. All documents relating to instructions, guidance, standard operating procedures, or policies relating to the inspection, testing, analyses, or remediation done by or on behalf of Defendant relating to the Chinese drywall that Defendant ordered, purchaseJ, received, stored, sold, transferred, or distributed.

**RESPONSE TO REQUEST NO. "41":**

**BANNER objects to this Request to the extent it seeks the production of any such documents obtained or created after BANNER received notice of the pending claims against it relating to allegedly defective drywall manufactured in China. If the Request is**

limited to documents prior to the institution of such legal proceedings against BANNER,

BANNER has no such documents.

42.     All contracts and communications between Defendant and any third-party vendor or consultant relating to any research, inspection, testing, analysis, and remediation of Chinese drywall.

**RESPONSE TO REQUEST NO. "42":**

BANNER objects to this Request to the extent it seeks the production of any such

documents obtained or created after BANNER received notice of the pending claims

against it relating to allegedly defective drywall manufactured in China.  If the Request is

limited to documents prior to the institution of such legal proceedings against BANNER,

BANNER has no such documents.

43.     All documents and communications between Defendant and any insurer or its representative concerning any claims relating to Chinese drywall.

**RESPONSE TO REQUEST NO. "43":**

BANNER objects to this Request as vague, overly broad, irrelevant and not

reasonably calculated to lead to the discovery of admissible evidence.

44.     All notices to any property owners and/or tenants, that their property and/or other properties contain Chinese drywall.

**RESPONSE TO REQUEST NO. "44":**

None.

45.     All documents and communications concerning or referencing in any way any inspection, testing, repair, and/or remediation protocols relating to Chinese drywall.

**RESPONSE TO REQUEST NO. "45":**

None.

/s/Jeffrey A. Backman
JAN DOUGLAS ATLAS
Fla. Bar No. 226246
JEFFREY A. BACKMAN
Fla. Bar No. 0662501
ADORNO & YOSS LLP
350 East Las Olas Boulevard; Suite 1700
Fort Lauderdale, FL 33301-4217
Telephone:      (954) 763-1200
Facsimile:      (954) 766-7800
Attorneys for Defendant BANNER
SUPPLY CO.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing Response to Steering Committee's

First Request for the Production of Documents and Things has been served on Plaintiffs' Liaison

Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail

or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis

Nexis File & Serve in accordance with pretrial Order No. 6, which will send a notice of

electronic filing in accordance with the procedures established in MDL 2047, on this 16th day of

October, 2009.

/s/Jeffrey A. Backman
Jeffrey A. Backman

{218429.0005/N0790817_1}

25

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD.• SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

# Exhibit B

*(To Memorandum In Opposition To The Plaintiffs' Steering Committee's Motion To Compel Submitted By Banner Supply Co.)*



27688451

Oct 22 2009
12:45PM

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| x |  |
| x |  |
| IN RE: CHINESE-MANUFACTURED   x | MDL NO. 2047 |
| DRYWALL PRODUCTS LIABILITY   x | SECTION: L |
| LITIGATION   x |  |
| x |  |
| x | JUDGE FALLON |
| THIS DOCUMENT APPLIES TO ALL   x | MAG. JUDGE WILKINSON |
| CASES |  |
| x |  |

### BANNER SUPPLY CO.'S NOTICE OF DOCUMENT PRODUCTION
### TO PLAINTIFF STEERING COMMITTEE

Defendants BANNER SUPPLY CO., BANNER SUPPLY COMPANY POMPANO, LLC, BANNER SUPPLY COMPANY PORT ST. LUCIE, LLC, BANNER SUPPLY COMPANY FT. MYERS, LLC and BANNER SUPPLY COMPANY TAMPA, LLC. ("BANNER"), by their undersigned counsel, hereby give notice of their initial production to the Plaintiff's Steering Committee's ("PSC") First Request for the Production of Documents and Things to Defendant(s) (Suppliers).   The documents, Bates labeled Banner_MDL 00000001 through 00007318, are being produced to the PSC in electronic format via U.S. Mail and will be made available to any requesting Party by contacting Jenniffer Martin or Ryan Gleason at Credence Corp., a non-party document vendor, via telephone at (954) 462-0855, or via email at jmartin@credencecorp.com/rgleason@credencecorp.com.   When requesting the production, the requesting party must provide the following passcode: MP1-1009.

Respectfully submitted,

/s/Jeffrey A. Backman
JAN DOUGLAS ATLAS
Fla. Bar No. 226246
JEFFREY A. BACKMAN
Fla. Bar No. 0662501
ADORNO & YOSS LLP
350 East Las Olas Boulevard; Suite 1700
Fort Lauderdale, FL 33301-4217
Telephone: (954) 763-1200
Facsimile: (954) 766-7800
Attorneys for Defendant BANNER
SUPPLY CO.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served upon Plaintiffs'

Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail

and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the

same to Lexis Nexis File & Serve in accordance with pretrial Order No. 6, which will send a

notice of electronic filing in accordance with the procedures established in MDL 2047, on this

21st day of October, 2009.


/s/Jeffrey A. Backman
Jeffrey A. Backman

{218429.0005/N0791952_1}                2

**ADORNO & YOSS LLP**
350 EAST LAS OLAS BLVD.• SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

# Exhibit C

*(To Memorandum In Opposition To The Plaintiffs' Steering Committee's Motion To Compel Submitted By Banner Supply Co.)*



**HERMAN, HERMAN, KATZ & COTLAR**
L.L.P.
Attorneys at Law

820 O'KEEFE AVENUE, NEW ORLEANS, LOUISIANA 70113-1116
TELEPHONE: (504) 581-4892    FACSIMILE: (504) 561-6024
HTTP://WWW.HHKC.COM

Harry Herman (1914-1987)
Russ M. Herman*
Maury A. Herman*
Morton H. Katz*
Sidney A. Cotlar*
Steven J. Lane
Leonard A. Davis*
James C. Klick†

Stephen J. Herman
Brian D. Katz
Soren E. Gisleson
───────────
Joseph E. Cain
Jennifer J. Greene‡
John S. Creevy
Jeremy S. Epstein
Joseph A. Kott, M.D. J.D. (Of Counsel)

Offices in New Orleans and
Covington, Louisiana

* A Professional Law Corporation
† Also Admitted in Texas
‡ Also Admitted in Arkansas

This Firm and its Partners Are Also
Partners in Herman Gerel, LLP (Formerly
Herman, Mathis, Casey, Kitchens & Gerel, LLP)

October 22, 2009

Kerry Miller, Esq.
**FRILOT, PARTRIDGE, KOHNKE & CLEMENTS, LLC**
Suite 3600
1100 Poydras Street
New Orleans, LA 70163

Re:    *In re: Chinese-Manufactured Drywall Products Liability Litigation*
        **MDL 2047**

Dear Kerry:

This letter confirms a number of items that were addressed in the meet and confer that took place at Stone Pigman on October 20, 2009. Present at the meeting were the following:

A.    Present by Phone

| | |
|---|---|
| Jan Atlas | Richard Lewis |
| Jeff Backman | Fred Longer |
| Hilarie Bass | Mott McDonald |
| Gary Baumann | Ronnie Melancon |
| Frank Brannon | Kerry Miller |
| Dan Bryson | Patrick Montoya |
| Edwin Ember | Jim Reeves |
| Bob Fitzsimmons | Sue Richards |
| Elizabeth Ferry | Doug Sanders |
| Jaret Fuente | Mindy Schultz |
| Michael Goetz | Richard Serpe |
| Ervin Gonzalez | Vanessa Serrano |
| Ben Gordon | Steven Shilling |
| Don Hardeman | Jordan Watson |
| Bruce Kingsdorf | Arnold Levin |

October 22, 2009
Page 2


B.      Present in Person

        Bob Brown
        Rick Duplantier
        Skip Lambert
        Matt Moreland
        Mark Salky
        Neal Sivyer
        Kyle Spalding
        Irving Warshauer
        Dorothy Wimberly

        In the meet and confer, we discussed the outstanding discovery responses and 30(b)(6)
deposition schedule for each of the following defendants. The PSC has requested an immediate
production of all hard copy documents and ESI responsive to the master set of discovery requests.

1.      Interior/Exterior Building Supply, LP
        Defendants Counsel - Rick Duplantier
        PSC Contact - Steve Herman & Gerald Meunier
        A meet and confer is scheduled for 2:00 p.m. October 20, 2009 to further address discovery
        issues. I understand this occurred.
        Status of responses - No responsive pleading provided.
        Status of Document Production - None received yet, to be produced October 21, 2009.
        Status of ESI Production - None received yet.
        Status of Deposition - To be scheduled. No dates provided by Defendant.

2.      Taylor Morrison Services, Inc. d/b/a Morrison Homes
        Defendants Counsel - Neal Sivyer
        PSC Contact - Jerry Parker and Richard Lewis
        Status of Responses - Responsive pleading provided.
        Status of Document Production - CD provided October 20, 2009.
        Status of ESI Production - No ESI produced.
        Status of Deposition - Defendant is to provide available dates but wants to schedule certain
        plaintiffs in Taylor Morrison cases at the same time.

3.      Lennar Corporation and Lennar Homes, LLC f/k/a/ Lennar Homes, Inc.
        Defendants Counsel - Mark Salky and Hilarie Bass
        PSC Contact - Victor Diaz & Ervin Gonzalez
        Status of Responses - Responsive pleading provided.

October 22, 2009
Page 3

Status of Document Production - First wave produced October 20, 2009.  No date given for completion.

Status of ESI Production - No ESI produced yet.

Status of Deposition - Able to set up depositions on Plaintiff's time frame.  Prefers deposition set November 17, 2009.  We have also been told possibly November 23, 2009.

4.  Knauf UK, USA, Gips, Tianjin, Wuhu and entities
Defendants Counsel - Doug Sanders and Kerry Miller
PSC Contact - Leonard Davis and Arnold Levin
Status of Responses - Responsive pleading provided.
Status of Document Production - Hard copy to be produced in two weeks.
Status of ESI Production - Not produced.
Status of Deposition - Will schedule 30(b)(6) deposition.  No dates provided.
Hague Issues - will coordinate discovery.  Address further with Doug.  Also, Knauf wants to discuss "state secret" issues raised by Defendant.

5.  Banner Supply Co.
Defendants Counsel - Jeffery Backman
PSC Contact - Jeremy Alters and Bruce Steckler
Status of Responses - Responsive pleading provided.
Status of Document Production - CD of hard documents to be sent October 20, 2009.
Status of ESI Production - No ESI produced yet.
Status of Deposition - Says we can schedule when Plaintiffs are ready. (Proposed deposition date - 11/16/2009.)
Wants to notify state court and coordinate the date.

6.  Independent Builders Supply Association, Inc.
Defendants Counsel - Gary Baumann
PSC Contact - Jerry Parker and Richard Lewis
Status of Responses - Responsive pleading provided.
Status of Document Production - Defendant says they have been sent.  Not yet received by PSC.
Status of ESI Production  - No ESI produced yet. Available to speak on October 21, 2009 on ESI.
Status of Deposition - Wants to coordinate deposition in North Carolina.  No dates provided.

7.  Beazer Homes Corp.
Defendants Counsel - Franklin Brannen and Kevin Buster
PSC Contact - Jerry Parker and Richard Lewis
Status of Responses - Responsive pleading provided.

October 22, 2009
Page 4

> Status of Document Production - Production to occur this week.
> Status of ESI Production - No ESI produced yet.
> Status of Deposition - No dates provided.

8. L&W Supply/U.S. Gypsum
   Defendants Counsel - Bob McDonald and David Conner
   PSC Contact - Dan Bryson and Richard Serpe
   Status of Responses - Responsive pleading provided.
   Status of Document Production - Documents to be produced in final on November 19, 2009.
   Status of ESI Production - No ESI produced yet.
   Status of Deposition - No dates provided

9. Black Bear Gypsum Supply, Inc. and Smoky Mountain Materials, Inc. d/b/a Emerald Coast
   Building Materials
   Defendants Counsel - Elizabeth Ferry
   PSC Contact - Bruce Steckler and Ben Gordon
   Status of Responses - Responsive pleading provided.
   Status of Document Production - We have complete production according to counsel.  Sent
   October 13, 2009.
   Status of ESI Production - No ESI produced yet.  Claims not to have any.
   Status of Deposition - Discussion on deposition date ongoing.

10. La Suprema
    Defendants Counsel - Steve Blimston, Eduardo Rasco & Michael Feldman
    PSC Contact - Patrick Montoya and Ervin Gonzalez
    Status of Responses - Responsive pleading provided.
    Status of Document Production - Provided.
    Status of ESI Production - No ESI produced yet.
    Status of Deposition - Taken.

11. Lowe's Home Centers, Inc.
    Defendants Counsel - William Gaudet, Edwin Laizer, Francis Liantonio Jr. & Jeffery
    Richardson
    PSC Contact - Andrew Lemmon & Scott Weinstein
    Status of Responses - No responsive pleading provided.
    Status of Document Production - None produced yet.
    Status of ESI Production - No ESI produced yet.
    Status of Deposition - No dates provided.

October 22, 2009
Page 5

12.     Mazer Super Discount Store
        Defendants Counsel - Michael Jackson
        PSC Contact - Hugh Lambert
        Status of Responses - Responsive pleading provided.
        Status of Document Production - Will produce by next week.
        Status of ESI Production - Will produce in native.
        Status of Deposition - Set any time.

13.     M/I Homes, Inc.
        Defendants Counsel - Suzanne Richards and Jaret Fuente
        PSC Contact - Dawn Barrios
        Status of Responses - Responsive pleading provided.  They object to producing any
        documents for Tampa, LLC.
        Status of Document Production - Will produce within ten (10) days.
        Status of ESI Production - Discuss further
        Status of Deposition - May require multiple deponents in multiple states and will discuss
        setting dates with us.

14.     South Kendall Construction Corp. (not present at meet and confer)
        Defendants Counsel - James Flannigan
        PSC Contact - Linda Nelson
        Status of Responses - Responsive pleading provided.
        Status of Document Production - Produced.
        Status of ESI Production - Produced.
        Status of Deposition - No dates provided.

15.     Venture Supply, Inc.
        Defendants Counsel - Mindy Schultz
        PSC Contact - Richard Serpe and Dan Bryson
        Status of Responses - No responsive pleading provided.  Also, no DPF provided as of yet.
        Status of Document Production - Will produce, but needs RFP.
        Status of ESI Production - No ESI produced yet.
        Status of Deposition - No dates provided.

16.     Centerline Homes, Inc.
        Defendants Counsel - Vanessa Serrano and Peter Goldman
        PSC Contact - Ben Gordon
        Status of Responses - DPF will be provided October 23, 2009.  Will respond to RFP.
        Status of Document Production - No documents provided yet.
        Status of ESI Production - No ESI produced yet.

October 22, 2009
Page 6

Status of Deposition - No dates provided.

With respect to ESI, we advised that all issues concerning this production and the protocol should be only discussed with Jerry Parker, Jeff Grand or our office. I reiterated the concern regarding a uniform protocol and strongly recommended that an agreement be reached. I also reiterated our desire to receive native format production. This issue has been addressed in a separate letter to Kerry Miller dated October 21, 2009. All discovery responses from each Defendant should be produced in their native format with Concordance Load Files to the offices of *Parker Waichman Alonso, LLP*, 111 Great Neck Road, First Floor, Great Neck, NY 11021, ATTN: Roy Cronin, and a copy can also be delivered to our office as Plaintiffs' Liaison Counsel.

We advised that unless complete productions were provided immediately, that the PSC would be filing motions to compel with the Court. We do not have a substantial amount of time before trial settings and we cannot have added delay by Defendants with respect to the production of discovery and the scheduling of depositions.

In addition to the foregoing, the PSC requested that all Defendants provide a privilege log pursuant to Pre-Trial Order No. 15 within seven (7) days after the production of documents for which the privilege is asserted to apply. The PSC also proposes that privileged materials with respect to documents involving direct communications occurring between the various parties and their counsel of record subsequent to the institution of litigation related to Chinese drywall, also needs to be addressed; and, therefore, suggests that the attached Pre-Trial Order No. 15(A) be presented to the Court.

In the meet and confer, the PSC identified the following list of ten (10) depositions that the PSC would like to schedule as early as possible in the first wave of depositions:

1.  Interior/Exterior
2.  L&W Supply
3.  South Kendall Construction
4.  Banner
5.  Lennar
6.  Taylor Morrison
7.  Venture and Porter Blaine
8.  Tobin
9.  Beazer
10. Knauf UK, USA, Gips, Tianjin, Wuhu and entities

The PSC has additional deponents that it is prepared to address for a second wave, but realizes that beginning with these, will take some time. Furthermore, Defendants advised that they

October 22, 2009
Page 7

want to depose sixty (60) Plaintiffs (those on the spreadsheet provided by Kerry Miller that purports to identify non-PI cases in the MDL). The Mitchell Company advises that it desires to depose Smoky Mountain and Taylor Morrison advises that it also desire to depose three (3) individual Plaintiffs (Galvin, Niemsura and Terzy). The prioritization provided by Defendants for depositions also include Knauf, Banner, L&W, and Interior/Exterior, and they also advised that they are interested in taking the depositions of Independent Builder Supply Association and Black Bear Gypsum Supply.

We proposed that three (3) days out of each week be set aside and reserved for the taking of depositions. Defendants opposed this and suggested three (3) days every other week. If we cannot agree on this, we will ask the Court for guidance. We are prepared to begin depositions immediately upon production of the discovery responses. We suggested that all Defendants expedite discovery responses so depositions of Defendants could be scheduled. We also suggested that multi-tracking of depositions take place. Defendants opposed this, except as to multi-tracking Plaintiff depositions.

In the meet and confer we also advised that the Plaintiffs' trial selection candidate for the first trial will be provided on October 22, 2009. The Defendants advise that they want to depose and inspect the sixty (60) homes from the Kerry Miller spreadsheet (referenced above) in order to determine what home to select for the second trial. Defendants advised that they want discovery responses to the Request for Production issued by Defendants on those sixty (60) homes and further advised that if more Plaintiffs end up being added to the Kerry Miller spreadsheet (those would be cases that do not involve PI claims), that those also be subject to additional discovery and deposition. We opposed this suggestion. We have written Kerry Miller a letter dated October 21, 2009 regarding the Defendants' First Set of Interrogatories to Plaintiffs and First Set of Request for Production of Documents, and advised of our position with respect to those items and trial selection candidates.

Please let us know if you would like to schedule any further meet and confers prior to Tuesday, October 27, 2009 or if you disagree with any of the agreements reached in the meet and confer (outlined above). If we do not hear from you, we will proceed accordingly based upon the discussion that occurred at the meet and confer on October 20, 2009.

Sincerely,

LEONARD A. DAVIS

LAD:lmf
Enclosure
cc:    Plaintiffs' Steering Committee

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE:  CHINESE-MANUFACTURED DRYWALL          )          MDL NO. 2047
      PRODUCTS LIABILITY LITIGATION          )
                                  )          SECTION: L
                                    )
                                    )          JUDGE FALLON
                                    )          MAG. JUDGE WILKINSON
                                    )
——————————————————————————————)

**THIS DOCUMENT RELATES TO ALL CASES**

**PRETRIAL ORDER #15A: GOVERNING THE TREATMENT**
**OF PRIVILEGED OR WORK PRODUCT MATERIALS**

        Pursuant to Pretrial Order No. 15 entered on September 25, 2009, this Court provided the

guidelines governing the treatment of all privileged or work product materials in MDL 2047.

This Order supplements Pretrial Order No. 15, as follows:

**Communications Solely To/From Counsel of Record**:

        The Court reocognizes that direct communications have occurred between the various

parties and their counsel of record subsequent to the institution of litigation related to Chinese

drywall.  To the extent that the direct communications solely between the parties and their

counsel of record relate to this litigation, it is unnecessary and/or unduly burdensome to require

such correspondence to be referenced in the privilege log required by Pretrial Order No. 15.  As

such, there will be no requirement for any of the parties to this litigation to list on their privilege

logs any direct communications which are solely to or from their counsel of record in this

litigation which took place following the first filing of any homeowner complaint by or against

that party asserting liability relating to defective Chinese drywall.

    ORDERED AND ADJUDGED this ____ day of _____, 2009.


_____

ELDON E.  FALLON
UNITED STATES DISTRICT JUDGE

# Exhibit D

### *(To Memorandum In Opposition To The Plaintiffs' Steering Committee's Motion To Compel Submitted By Banner Supply Co.)*

# ADORNO & YOSS

### A LIMITED LIABILITY PARTNERSHIP

350 EAST LAS OLAS BOULEVARD, SUITE 1700
FORT LAUDERDALE, FLORIDA 33301-4217
PHONE: (954) 763-1200, FAX: (954) 766-7800
WWW.ADORNO.COM

JAN DOUGLAS ATLAS                                                                    EMAIL: JDA@ADORNO.COM

October 26, 2009

**<u>VIA E-MAIL AND U.S. MAIL</u>**

Leonard A. Davis, Esq.
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, LA 70113

**RE: Chinese Drywall Litigation – MDL 2047**

Dear Mr. Davis:

We are in receipt of your correspondence dated October 21 and 22, 2009 relating to various discovery issues and your interpretation of what occurred during the October 20, 2009 "meet and confer". We are also in receipt of correspondence from Mark Salky, Esq. dated October 23, 2009. First, as it relates to what occurred at the "meet and confer", we agree with the summary provided by Mr. Salky in his correspondence. Additionally, your October 22, 2009 correspondence misstates Banner's position and the representations made by undersigned counsel during the conference. Specifically, we never stated that you could "schedule when Plaintiffs are ready"; rather, we advised you that our production was being made and that, after coordinating with us, coordinating with all other Defendants and coordinating with our state court cases, our client's deposition can be taken.

Additionally, during the conference, you stated that our PSC contact for discovery would be Jeremy Alters, Esq. and Renee Melancon, Esq. Following the conference, we spoke with our PSC representatives who advised that they had no authority to speak with us regarding ESI issues and that we should speak with Jerry Parker and Jeff Grand; we have yet to receive any calls from either Mr. Parker or Mr. Grand.

We, like many other Defendants participating in the October 20, 2009 conference, were very disappointed in your tone of voice and the posture the PSC has chosen to take with discovery. While demanding everything from Defendants in an expedited time frame, you refuse to provide discovery to Defendants and, based upon our interpretation of your October 21, 2009 correspondence to Kerry Miller, Esq., you are refusing to participate in any discovery beyond the bellwether trial selections. This makes no sense considering the position the PSC has taken with Defendants relating to their production. Moreover, while the PSC takes this position, it continues to insist that our clients produce documents relating to every customer it ever had during the eight (8) year time period you propose. Perhaps most surprising is your contention

Leonard A. Davis, Esq.
October 26, 2009
Page 2


that Defendants' discovery requests are somehow improper because they are directed to every Plaintiff in the MDL and those that have returned Plaintiff Profile Forms. By raising this objection, are you saying that those individuals who have returned Profile Forms are not parties to this MDL and should not be the subject of discovery? Please clarify your position on this issue prior to Wednesday, October 28, 2009 so that we can take appropriate action.

In addition, please let us know by Wednesday, October 28, 2009 whether we will be receiving Plaintiffs' discovery responses in accordance with the fifteen (15) day deadline you agreed to at the last pretrial conference.

Sincerely,


Jan Douglas Atlas

JDA/pp

{218429.0005/N0792787_1}

CALIFORNIA    FLORIDA    GEORGIA    MASSACHUSETTS    MISSOURI    NEW JERSEY    NEW YORK    TEXAS    WASHINGTON, D.C.

ATTORNEYS ADMITTED SOLELY IN THE JURISDICTION WHERE LISTED OFFICE IS LOCATED, UNLESS OTHERWISE NOTED

# Exhibit E

*(To Memorandum In Opposition To The Plaintiffs' Steering Committee's Motion To Compel Submitted By Banner Supply Co.)*



**HERMAN, HERMAN, KATZ & COTLAR**
L.L.P.
Attorneys at Law

820 O'Keefe Avenue, New Orleans, Louisiana 70113-1116
Telephone: (504) 581-4892    Facsimile: (504) 561-6024
http://www.hhkc.com

Harry Herman (1914-1987)
Russ M. Herman*
Maury A. Herman*
Morton H. Katz*
Sidney A. Cotlar*
Steven J. Lane
Leonard A. Davis*
James C. Klick†

Stephen J. Herman
Brian D. Katz
Soren E. Gisleson

Joseph E. Cain
Jennifer J. Greene‡
John S. Creevy
Jeremy S. Epstein
Joseph A. Kott, M.D. J.D. (Of Counsel)

Offices in New Orleans and
Covington, Louisiana

\* A Professional Law Corporation
† Also Admitted in Texas
‡ Also Admitted in Arkansas

This Firm and its Partners Are Also
Partners in Herman Gerel, LLP (Formerly
Herman, Mathis, Casey, Kitchens & Gerel, LLP)

October 21, 2009

Kerry Miller, Esq.
Frilot, LLC
1100 Poydras Street
Suite 3700
New Orleans, LA 70163

Re:   *Defendants' First Set of Interrogatories to Plaintiffs and Defendants' First Set of Requests for the Production of Documents – Meet and Confer*

Dear Kerry:

We are in receipt of the above-captioned discovery and your email request for a schedule for our responses. We share your interest and the Court's interest in timely completing sufficient discovery to allow you to make your selection for the second property damage only test Plaintiff trial case (defense pick). The bellwether trial process was used effectively by Judge Fallon in *Vioxx* and *Propulsid*, and it allowed the parties to concentrate on preparing test cases for trial.

Our review of the discovery the defendants have served is that it needs to be narrowed to address the issues solely related to accomplish the selection of cases for defendants' bellwether test plaintiff. We are available immediately to meet and confer with you on this discovery and the responding party(ies) should be ready to respond in the expedited period after we meet and confer, and work out an agreement. The PSC provided defendants a draft of our discovery prior to service back in September and found that process helpful. We would have appreciated a reciprocal opportunity to have met with you prior to the issuance of your discovery.

The Defendants' discovery as written appears to be directed at non parties (persons who have completed a Plaintiff Profile Form ("PPF")) and every Plaintiff in the MDL. We estimate this to be several hundred persons. The Court's stated intentions for PPFs was to facilitate informed case selection. The Court initiated the use of PPFs to avoid blanket discovery in all cases. The Court meant for PPFs to be used to refine the process of case selection by providing defendants sufficient initial information to enable them to select a pool of test cases that would then receive intensive case-specific discovery. Thus, the discovery is over-broad by application.

October 21, 2009
Page 2

We are also concerned that your discovery is not authorized by the FRCP.  For example, Interrogatory # 4 and Request for Production # 11, taken together, seek data on every appliance in every affected claimant's home; regardless of whether there is a damage claim for such appliances made in this lawsuit.  Through the meet and confer process we are confident we can reach agreement on those Interrogatories and Request for Production of Documents which will inform the property damage only test Plaintiff trial selection process and pre-trial preparations.

As a general matter, we can agree that most of the Defendants' discovery will assist in narrowing the Plaintiff selection process that you will be making for the second trial.  There are a few notable exceptions.  For example, Interrogatory #12 seeks privileged attorney-client communications that are protected from discovery, and in this case not relevant to the upcoming trials.  Interrogatory # 3 is premature.  It is a contention interrogatory regarding detailed accounts of Defendants' negligent acts or omissions; yet Plaintiffs have not yet had an adequate discovery opportunity of Defendants to respond at this time beyond restating the allegations of the Complaint.  Several of the interrogatories (e.g., # 21) and document requests (e.g., #'s18, 23) seek detailed personal injury/medical record information which is not an element of the upcoming property damage test Plaintiff trials.

We look forward to meeting and conferring with you to resolve the issue as to whom the case-specific discovery shall be directed and the expedited period in which it shall be responded to by those select plaintiffs.

Please call me to set up a meet and confer at your earliest convenience.

Sincerely,

Leonard A. Davis

cc:    PSC

# Exhibit F

*(To Memorandum In Opposition To The Plaintiffs' Steering Committee's Motion To Compel Submitted By Banner Supply Co.)*

**From:**     Jeffrey Backman
**Sent:**     Tuesday, October 27, 2009 9:31 AM
**To:**       'Bob Brown'; 'mhutts@baronbudd.com'
**Cc:**       Jan Douglas Atlas; Rachel M. Coe
**Subject:**  Banner

**Follow Up Flag:**   Follow up
**Flag Status:**      Completed

Bob/Melissa:

This is to confirm the various agreements we reached with respect to discovery during our October 22, 2009 conference.  First, let me say it was a pleasure speaking with you both and I am hopeful that this group will continue to work with each other as this case progresses.  I felt that our conference was productive and it allowed you to understand the manner in which Banner's records are kept and its inability to track the delivery of Chinese drywall.  I believe you were also able to appreciate the expedited, good faith production we have made on behalf of all 5 Banner entities (despite the fact that they have not all been named in this MDL).  As you may know by now, the PSC is not willing to provide such receiprocal courtesies and is refusing to participate in discovery for any Plaintiff not named in this MDL proceeding.

As it relates to the specific discovery requests, with the exception of the specific issues outlined below, I believe we reached agreement with virtually all of them in their current form.  With respect to Request No. 3a - d, I told you I would reconsider our initial response; after such reconsideration, we continue to believe that the Requests, as drafted, seek irrelevant information for a time period that has no relationship to this proceeding and which completely ignores the time period in which Banner was involved with the supply of any Chinese drywall.  As a compromise, we advised that our returned Profile Forms list the individuals responsible at each Banner entity and that the other documents being produced may reveal names of other employees during the relevant time period.  With respect to Request 14, you advised that you were really looking for any agreements with third parties who have agreed to pay money for Chinese drywall claims, such as indemnification agreements.  We advised that with that understanding of what was being requested, we would conduct a search for any such responsive documents.  A big issue the PSC had with our responses was the PSC's requests that seek information relating to every delivery of drywall made by any Banner entity during the time period in which Banner may have been distributing Chinese drywall (16-23, 31).  Our responses very clearly outline our inability to track the delivery of Chinese drywall, as well as the fact that we believe we only distributed Chinese drywall for a limited time in 2006.  Nonetheless, you indicated that the PSC wants all of our deliveries.  Initially, as we discussed, we have provided all documents that relate to our purchase of drywall from La Suprema and any other purchases that relate to drywall manufactured in China.  In an effort to coorperate and find a middle ground on this issue, we agreed to produce property specific documents for the MDL Plaintiffs and those individuals who returned Profile Forms, to the extent the addresses could be matched to Banner's records.  This did not seem to be an acceptable compromise.  Perhaps most surprising about the PSC's position as it relates to discovery requests from Banner, is the fact that the PSC is refusing to respond to Defendants' pending discovery requests and has objected to discovery to any Plaintiffs other than those involved in the Bellwether trial(s); this is a hypocritical posture considering our previous conversations.  As it relates to Request 34, you agreed that you did not want all of our claim letters and complaints, but rather, just those documents that would show when Banner may have discovered some sort of problem with drywall manufactured in China.  The last issue which arose was with respect to Request 43 to which we agreed to disagree.

I believe the foregoing describes the only remaining issues as it relates to Banner's discovery responses, other

than those involving privileged materials and ESI.  Relating to ESI, we will await our meet and conver with Mr. Parker or Mr. Grand.  As for privileged materials, we will review the PSC's proposed Pretrial Order 15A.  I recall that our conversation went a little beyond just communication with counsel, but also relating to joint defense communications, etc....  In the meantime, we would request an extension of time to serve a privilege log until those issues are fully resolved.

Sincerely,

Jeffrey Backman
Adorno & Yoss LLP
350 East Las Olas Blvd., Suite 1700
Ft. Lauderdale, FL 33301
(954) 763-1200
Direct: (954) 766-7803
Fax: (954) 446-1541
JBackman@adorno.com

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (a) avoiding penalties under the Internal Revenue Code or (b) promoting, marketing or recommending to another party any transaction or matter addressed herein.

THIS ELECTRONIC MAIL TRANSMISSION AND ANY ATTACHMENTS MAY CONTAIN PRIVILEGED, CONFIDENTIAL, OR PROPRIETARY INFORMATION INTENDED ONLY FOR THE PERSON(S) NAMED. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE AUTHORIZED REPRESENTATIVE OF THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISTRIBUTION, COPYING, OR DISCLOSURE OF THIS COMMUNICATION IS STRICTLY PROHIBITED.

# Exhibit G

***(To Memorandum In Opposition To The Plaintiffs' Steering Committee's Motion To Compel Submitted By Banner Supply Co.)***

**From:**          Jeffrey Backman
**Sent:**          Monday, November 09, 2009 3:19 PM
**To:**            'Bob Brown'
**Cc:**            Jan Douglas Atlas
**Subject:**       FW: dtywall/ privilege log
**Follow Up Flag:** Follow Up
**Flag Status:**   Red

Bob, what is this about?  Does he not know about conversations we have been having and understandings we have made concerning the scope of the documents being sought, how you don't want our files, etc...

**From:** Lenny Davis [mailto:LDAVIS@hhkc.com]
**Sent:** Monday, November 09, 2009 2:02 PM
**To:** Miller, Kerry J.; Spaulding, Kyle
**Cc:** Russ Herman; Arnold Levin ; Fred Longer
**Subject:** dtywall/ privilege log

There are a number of defendants that have not yet complied with pto 15 which requires a privilege log within 7 days of the date the documents were to be produced. We would appreciate all defendants providing the appropriate privilege log at this time and on a timely basis going forward. Should we need to discuss this further I am available later today. thanks

Leonard A. Davis
Attorney at Law
Herman, Herman, Katz & Cotlar LLP
Herman  Gerel LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
504-581-4892
504-561-6024(fax)

*This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.*

CONFIDENTIAL ATTORNEY WORK PRODUCT

# Exhibit H

*(To Memorandum In Opposition To The Plaintiffs' Steering Committee's Motion To Compel Submitted By Banner Supply Co.)*

**Rachel M. Coe**

| | |
|---|---|
| **From:** | Grand, Jeff [jgrand@seegerweiss.com] |
| **Sent:** | Monday, January 04, 2010 9:57 AM |
| **To:** | Rachel M. Coe |
| **Cc:** | Jan Douglas Atlas; Jeffrey Backman |
| **Subject:** | RE: ESI |

I'm in meetings this morning but am available after 3 pm.

**From:** Rachel M. Coe [mailto:RCOE@adorno.com]
**Sent:** Monday, January 04, 2010 7:23 AM
**To:** Grand, Jeff
**Cc:** Jan Douglas Atlas; Jeffrey Backman
**Subject:** RE: ESI

It appears that we were unable to connect last week.  Please advise me of your availability to discuss the outstanding ESI issues today.

Regards,

*Rachel M. Coe*
Adorno & Yoss LLP
Direct Dial:  954-713-1346
Direct Fax: 954-861-1555
Cell: 954-732-0001
e-mail: rcoe@adorno.com

**From:** Grand, Jeff [mailto:jgrand@seegerweiss.com]
**Sent:** Wednesday, December 30, 2009 8:13 AM
**To:** Jeffrey Backman
**Cc:** Jan Douglas Atlas; Rachel M. Coe
**Subject:** Re: ESI

Thanks. I'm not in the office today, so it's best if we can set up a time that I can call you.

**From:** Jeffrey Backman <JBackman@adorno.com>
**To:** Grand, Jeff
**Cc:** Jan Douglas Atlas <jda@adorno.com>; Rachel M. Coe <rcoe@adorno.com>
**Sent:** Wed Dec 30 07:49:18 2009
**Subject:** Re: ESI

Jeff, you should expect a call from Rachel Coe of my office sometime today.

**From:** Grand, Jeff <jgrand@seegerweiss.com>
**To:** Jeffrey Backman
**Cc:** Jan Douglas Atlas
**Sent:** Mon Dec 28 13:11:46 2009
**Subject:** RE: ESI

Jeff, my apologies, but I have an emergent situation I need to attend to and will likely be unable to make

a call today.  I can make myself available to you at your convenience tomorrow, as my schedule is currently open.

**From:** Jeffrey Backman [mailto:JBackman@adorno.com]
**Sent:** Monday, December 28, 2009 12:07 PM
**To:** Grand, Jeff
**Cc:** Jan Douglas Atlas
**Subject:** RE: ESI

What is the best number to reach you?  It will likely be closer to 3.

Jeff

**From:** Grand, Jeff [mailto:jgrand@seegerweiss.com]
**Sent:** Monday, December 28, 2009 8:37 AM
**To:** Jeffrey Backman
**Cc:** Jan Douglas Atlas
**Subject:** RE: ESI

This afternoon, anytime between 1 and 3 pm would be best.

**From:** Jeffrey Backman [mailto:JBackman@adorno.com]
**Sent:** Thursday, December 24, 2009 3:22 PM
**To:** Grand, Jeff
**Cc:** Jan Douglas Atlas
**Subject:** RE: ESI

Jeff, what time on Monday would work for you?

**From:** Grand, Jeff [mailto:jgrand@seegerweiss.com]
**Sent:** Wednesday, December 23, 2009 9:36 AM
**To:** Jeffrey Backman;  LDAVIS@hhkc.com
**Cc:** Bob@ABBRCLAW.COM; Jeremy Alters; MHUTTS@BARONBUDD.COM
**Subject:** RE: ESI

Jeff, I can be available tomorrow morning or over the weekend.  I'll be traveling to New Orleans on
Monday but should be able to talk sometime that day as well.  If you are not the attorney handling ESI for
your client, it would be helpful to have that person available for the call to answer any questions
concerning Banner's  information systems and collection efforts undertaken thus far.
Thanks.

**From:** Jeffrey Backman [mailto:JBackman@adorno.com]
**Sent:** Wednesday, December 23, 2009 9:20 AM
**To:** LDAVIS@hhkc.com
**Cc:** Bob@ABBRCLAW.COM; Jeremy Alters; MHUTTS@BARONBUDD.COM; Grand, Jeff
**Subject:** Re: ESI

So in response to my request for a conversation (not the first request), you tell me to try to reach out to Jeff?
What is it you think I was trying to do? Since I see that you copied Jeff on this email....Jeff, please contact
me or let me know a time when you are otherwise available.

**From:** Lenny Davis <LDAVIS@hhkc.com>
**To:** Jeffrey Backman
**Cc:** Bob Brown <Bob@ABBRCLAW.COM>; Jeremy W. Alters <Jeremy@abbrclaw.com>; Melissa Hutts

<MHUTTS@BARONBUDD.COM>; Grand, Jeff <jgrand@seegerweiss.com>
**Sent**: Wed Dec 23 08:38:19 2009
**Subject**: RE: ESI

On many occasions and in open court several times including status conferences we have asked repeatedly that if any defendant has a proposal or desires to discuss esi matters with the psc that they contact jeff grand. In fact a proposal from the psc was sent to all defendants and your client has not responded to the proposal. If you have a proposal or comment regarding esi please feel free to contact jeff grand and suggest whatever you deem is appropriate. The psc has made a suggested proposal and believes it is appropriate and reasonable and again asks that your client immediately produce esi in accord with the suggested protocol. Happy holidays and should you desire to address the protocol please let jeff grand know


Leonard A. Davis
Attorney at Law
Herman, Herman, Katz & Cotlar LLP
Herman  Gerel LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
504-581-4892
504-561-6024(fax)

*This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.*

CONFIDENTIAL ATTORNEY WORK PRODUCT

---

**From:** Jeffrey Backman [mailto:JBackman@adorno.com]
**Sent:** Tuesday, December 22, 2009 4:49 PM
**To:** Lenny Davis
**Cc:** Bob Brown; Jeremy W. Alters; Melissa Hutts
**Subject:** ESI

Mr. Davis, despite our prior requests, we have never been contacted by anyone on behalf of the PSC to discuss ESI issues relating to Banner.  Please feel free to have someone contact us at their convenience.  In the meantime, we intend to work off of what was provided by Knauf and provide you with a solution which would be workable for Banner.


Sincerely,



| **Jeffrey Backman** | |
|---|---|
| Partner | ☎ (954) 763-1200 |
| Adorno & Yoss LLP | ☎ Direct: (954) 766-7803 |
| 350 East Las Olas Blvd., Suite 1700 | ① Fax: (954) 446-1541 |
| Ft. Lauderdale, FL 33301 | ✉ JBackman@adorno.com |
| www.adorno.com | ✍ **View BIO** |

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (a) avoiding penalties under the Internal Revenue Code or (b) promoting, marketing or recommending to another party any transaction or matter addressed herein.

THIS ELECTRONIC MAIL TRANSMISSION AND ANY ATTACHMENTS MAY CONTAIN PRIVILEGED, CONFIDENTIAL, OR PROPRIETARY INFORMATION INTENDED ONLY FOR THE PERSON(S) NAMED. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED

RECIPIENT OR THE AUTHORIZED REPRESENTATIVE OF THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISTRIBUTION, COPYING, OR DISCLOSURE OF THIS COMMUNICATION IS STRICTLY PROHIBITED.

Number of Attachments: 1 image001.jpg

Number of Attachments: 1 image001.jpg

Number of Attachments: 1 image001.jpg

Number of Attachments: 1 image001.jpg

Number of Attachments: 1 image001.jpg

Number of Attachments: 1 image001.jpg