IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL NO. 2047 SECTION: 1 |
| THIS DOCUMENT APPLIES TO ALL CASES | ) ) ) ) ) | JUDGE FALLON |

### DEFENDANT L&W SUPPLY CORPORATION'S RESPONSE TO PLAINTIFFS' STEERING COMMITTEE'S MOTION TO COMPEL DISCOVERY FROM DEFENDANTS AND ESTABLISH A UNIFORM FORMAT OF PRODUCTION

Defendant L&W Supply Corporation d/b/a Seacoast Supply ("L&W Supply"), by and through their undersigned counsel, submits this Response to Plaintiffs' Steering Committee's Motion to Compel Discovery From Defendants and Establish a Uniform Format of Production. In its Motion, the PSC paints all Defendants, save Knauf and Lennar, with the same broad brush in describing their efforts to respond to the PSC's Requests for Production. Unfortunately, the Motion to Compel mischaracterizes the nature of L&W Supply's efforts to respond to the PSC's document requests. L&W Supply submits this Response to clarify the record regarding its production.

### Background on L&W Supply's Document Production

After consulting with its liaison from the PSC regarding the timing and format of its production, L&W Supply has to date completed two waves of its rolling production of documents.[1] The first production of 20,540 pages of documents was completed on October 15, 2009, and the second production of 10,241 pages was made on October 28, 2009. The

---

[1] L&W Supply notes that it has not been named in any discovery requests in the MDL. It is not identified in the First Request for Production of Documents and Things to Defendant(s) (Distributor/Supplier/Retailer) or any other requests served by the Plaintiffs. Nevertheless, L&W Supply has in good faith sought to provide documents and responses as if served.

1

documents were produced as TIFs with searchable OCR files.[2] At the PSC's request, L&W Supply also provided Concordance load files for its productions containing all of the ESI that was requested from L&W Supply in correspondence with liaisons from the PSC. (*See* Exhibit A) Further, L&W Supply supplied additional data fields that were not requested in an attempt to respond as fully as possible to the PSC's document requests. As a result of these efforts, L&W Supply has fully complied with its agreements with the PSC regarding the form of its rolling production to date. The first two waves of production were made before receiving the proposed ESI agreement attached to the Motion to Compel, however, L&W Supply notes that its production does substantially comply with the proposed agreement.[3]

In support of its Motion to Compel, the PSC has submitted a chart that incorrectly describes L&W Supply's production. (*See* Exhibit A to the Motion to Compel)[4] Specifically,

---

[2] Approximately half of the documents produced by L&W Supply were paper documents or PDFs of paper documents to which the native format issue is not applicable. Nevertheless, L&W Supply undertook efforts to convert these documents to TIFs and provide searchable text files for these documents.

[3] The prior production waves do not include a wave number in the bates numbers attached to the documents as envisioned by the proposed agreement because no request that this be done had been made at the time of the productions. L&W Supply is willing to include wave numbers in its bates numbers going forward. Also, the load files provided for the initial waves do not exactly match the ESI fields contained in the DOJ specifications referenced by the proposed agreement, again because the productions were made pursuant to the specifications discussed with the PSC at the time of production, which was before the current proposal. Therefore, L&W Supply has provided all fields requested during its discussions with the Plaintiffs, and has provided additional fields that were not requested (including some fields that are not identified in the DOJ specifications). Going forward, L&W Supply does not object to providing the fields identified in the DOJ specifications that are available for production and do not contain or reflect the work product of L&W Supply's counsel. L&W Supply is also willing to confer with the PSC on a document by document basis regarding documents it wants produced in native format, such as Excel spreadsheets.

[4] Exhibit A appears to have been scanned in a manner that cut off the names of the Defendants to which it refers. However, the chart appears to contain much of the same information as the one submitted as Exhibit C to Plaintiffs' Steering Committee's Motion to Compel Full and Complete Discovery From All Defendants, filed on November 11, 2009, which repeats the incorrect information regarding L&W Supply.

the PSC has indicated that L&W Supply did not provide ESI, did not provide load files, and provided documents that were "Not readily searchable." None of these assertions are accurate.

As to the remaining items addressed in the Motion to Compel, L&W Supply has completed its investigation of all of the approximately 400 plaintiff profile forms that have been submitted, and has identified only three homeowners whose houses appear to have been stocked with drywall by L&W Supply. L&W Supply has contemporaneously with this filing submitted the Defendant Distributor Property Specific Disclosure Form, which was Exhibit A to the Distributor Profile Form, for these three homeowners. Further, L&W Supply intended to submit its privilege log after completion of its rolling production. However, as it now appears there will be additional future waves of production, L&W Supply will serve its privilege log for its previous waves of production by January 12, 2010.

### Conclusion

Because the grounds for the motion do not apply to L&W Supply's production, L&W Supply opposes the Motion to Compel. L&W Supply's past waves of production complied with the then current specifications negotiated with the PSC and its future waves of production will continue to comply with the requests made upon it by the PSC.[5] L&W Supply has worked in good faith with its liaisons from the PSC to respond as fully as possible to its Requests, and stands ready, willing, and able to do so in the future.

Respectfully submitted,

---

[5] Subject to L&W Supply's general objections as expressed in its Amended Response to Plaintiff Steering Committee's First Request for Production of Documents and Things, such as requests for information or documents subject to the attorney client or work product privilege, documents or information relating to consulting experts, documents or information relating to entities other than L&W Supply, or documents relating to time periods other than those for which L&W Supply purchased Chinese drywall.

/s/ W. David Conner
W. David Conner (SC Bar # 66358; Fed. # 5986)
Moffatt G. McDonald (SC Bar # 3784; Fed. # 2805)
Christopher B. Major (SC Bar # 72872; Fed. # 9382)
P.O. Box 2048
Greenville, SC 29602
(864) 240-3226
(864) 240-3300 (fax)
dconner@hsblawfirm.com
mgmcdonald@hsblawfirm.com
cmajor@hsblawfirm.com

Attorneys for Defendant L&W Supply Corporation

January 6, 2010
Greenville, South Carolina

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **Defendant L&W Supply Corporation's Response to Plaintiff's Steering Committee's Motion to Compel Discovery from Defendants and Establish a Uniform Format of Production** has been served on Plaintiffs' Liaison Counsel, Russ Herman at drywall@hhkc.com, and Defendants' Liaison Counsel, Kerry Miller at Kmiller@frilot, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 6th day of January, 2010.

/s/ W. David Conner