UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL NO. 2047 SECTION: L |
| | * | JUDGE FALLON |
| **THIS DOCUMENT RELATES TO:** | * * | |
| ALL CASES | * | MAG. JUDGE WILKINSON |

### INTERIOR EXTERIOR BUILDING SUPPLY'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND TO ESTABLISH A UNIFORM FORMAT OF PRODUCTION

MAY IT PLEASE THE COURT:

It does not appear that plaintiffs' Motion is directed to Interior Exterior Building Supply, L.P. ("Interior Exterior"); but, to the extent it is, it should be denied for three reasons:

1. Interior Exterior, complying fully with its obligations under the Federal Rules of Civil Procedures and this Honorable Court's Orders, has produced over 23,000 documents in this litigation. That document production followed a comprehensive search for records – including emails - relevant to the case.

2. Interior Exterior has provided plaintiffs with a Privilege Log. Interior Exterior acknowledges that that Log was not produced within seven days of its document production; nonetheless, it has been produced. Moreover, the only documents withheld from production are communications between counsel and client, attorney work-product and communications with government agencies, all of which are protected from disclosure. We further note that, with respect to communications with government agencies, Interior Exterior has produced to the

plaintiffs all of the documents that it has provided to government agencies. The only documents not produced to plaintiffs are correspondence between it and government agencies.

3. With respect to plaintiffs' request that the Court order a format of production protocol, Interior Exterior suggests that such a protocol constitutes an undue hardship on small companies who have already completed their document production. Interior Exterior has already spent huge sums of money collecting, organizing, numbering and producing documents in this case. In fact, for the benefit of all parties, Interior Exterior has made its documents available on CD, so that they can be easily searched and so that other parties could avoid the expense of copying those tens of thousands of documents – an expense, of course, which Interior Exterior could not avoid.

In sum, plaintiff's Motion seeks to slap all parties with the same broad brush, whether deserving or not. Their one-size-fits-all proposal of document production ignores the significant amount of written discovery and document production that has already been completed, and it is in direct contravention of the directives given by the Court as recently as last week with respect to fashioning a flexible set of procedures that take into account a party's size, scope, method of record keeping, production to date, et cetera.

For the reasons set forth above, plaintiffs' Motion should be denied as to Interior Exterior.

Respectfully submitted,

/s/ Lambert J. Hassinger, Jr.
_____
Richard G. Duplantier, Jr.  #18874
Lambert J. Hassinger, Jr.  #21683
Galloway, Johnson, Tompkins, Burr & Smith
701 Poydras Street, Suite 4040 One Shell Square
New Orleans, LA 70139
Phone: (504) 525 6802
Fax: (504) 525 2456
rduplantier@gjtbs.com
jhassinger@gjtbs.com
*Counsel  for Interior Exterior Building Supply, L.P.*

**Certificate of Service**

      The undersigned certifies that this document has been served on Plaintiffs' liaison counsel Russ Herman and Defendants' Liaison Counsel Kerry Miller, by email and United States Mail, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accord with the procedures established in MDL 2047, on the 6th day of January, 2010.

                                               /s/ Lambert J. Hassinger, Jr.
                                               _____
                                               Richard G. Duplantier, Jr.