UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) | MDL No. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO ALL CASES | | |

**BEAZER HOMES CORP.'S RESPONSE TO PLAINTIFFS' STEERING COMMITTEE'S MOTION TO COMPEL DISCOVERY FROM DEFENDANTS AND ESTABLISH A UNIFORM FORMAT OF PRODUCTION**

COMES NOW, BEAZER HOMES CORP. ("Beazer") and responds to the Motion to Compel Discovery from Defendants and Establish a Uniform Format of Production filed by the Plaintiffs' Steering Committee ("PSC"), as follows:

PSC's motion does not seek to compel discovery from Beazer. *See* Ex. A to PSC's Mem. in Supp. (not listing Beazer Homes Corp.). Beazer therefore does not respond to the portions of PSC's motion relating to compelling documents or privilege logs from other defendants. Beazer has been and continues to be engaged in meet and confers with representatives from the PSC over the appropriate scope, format, and timetable of the production of documents from Beazer in response to Plaintiffs' First Requests for the Production of Document and Things.[1]

While Beazer is unsure as to whether it is required to file any response to PSC's motion because it is not addressed to Beazer, Beazer files this response to the uniform format of production proposed by PSC, out of an abundance of caution, to the extent PSC seeks to have

---

[1] The tremendous burden and cost of any broad-scale ESI search, collection, review, and production, such as that sought by the PSC, far outweighs any likely benefit, especially for a homebuilder such as Beazer with only one named plaintiff in the MDL (who is not a Louisiana property-damage only plaintiff) and where Beazer is already actively involved in the repair, at its own expense, of the homes it unknowingly built with defective Chinese drywall. Like other homebuilders, Beazer's position is that any ESI search process, begun at the appropriate time given each defendant's position in the litigation, should be streamlined through (1) an agreement on relevant search terms; (2) sharing of the expenses for the costs of electronic discovery; (3) limiting the searches of ESI to those files of specific key custodians that are most likely to have relevant to the Chinese drywall dispute and the named plaintiffs; and (4) limiting the time frame of the request made by the PSC.

1

this Court establish a format of production broadly applicable in the MDL, including to defendants other than those named in PSC's motion.[2]  Specifically, Beazer files this response to preserve its objections to the uniform format of production proposed by PSC in Exhibit C to their memorandum as well as to the keyword search protocol and keywords included in Ex. H to that memorandum given the Court's minute entry from the December 22, 2009 status conference directing that any objections to PSC's proposed ESI protocol be filed by January 7, 2010.

PSC's proposed uniform format of production contains numerous provisions that are objectionable and make the discovery sought not reasonably accessible because of undue burden and cost, for example:

- Beazer objects to producing PowerPoint and Excel files in native format.  PSC has provided no explanation why native format is required for all such documents, and such production is unduly burdensome and costly.  Beazer will consider reasonable requests for production in native format on a document by document basis.

- Beazer objects to producing all of the requested associated metadata fields and "objective coding" identified by PSC for every document, including but not limited to PARAGRPH, HASH, DATECRTD, DATESVD, DATERCVD, and DOCID (other than the Bates number for this case).  In litigation such as this where metadata itself is not likely to contain relevant information, where the computers themselves have no direct connection to the litigation, and where there has been no evidence of any discovery impropriety on behalf of the defendants, a request for this extensive metadata is unduly burdensome and costly.  Moreover, many documents are unlikely to have the requested fields.

- Beazer objects to producing "bibliographic" information because this term is undefined by PSC and can be subject to unduly burdensome and costly interpretations.

- Beazer objects to Paragraph 3 of PSC's proposed format of production, "Hard Copy (or Paper) Documents" to the extent it requires Beazer to convert all hard copy documents ordinarily maintained by Beazer in hard copy or paper format into electronic format.  Subject to this objection, Beazer is willing to produce a reasonable amount of hard copy documents in image files such as PDF or TIFF, subject to appropriate cost-sharing.  Beazer objects to being required to create or produce OCR text for hard copy documents that are ordinarily maintained by Beazer in hard copy or paper format.

---

[2] PSC's motion states that they seek a uniform format of production that will apply to a "majority of Defendants" but that PSC will be willing to work out alternative arrangements with some other defendants.  *See* PSC's Mem. in Supp. at 9.

- Beazer objects to Paragraph 5 of PSC's proposed format of production "Document Unitization," including particularly to the extent it requires mandatory document unitization and specific parent-child relationship maintenance which may not always be possible for certain documents.

- Beazer objects to Paragraph 12 of PSC's proposed format of production "OCR/Extracted Text." Producing OCR text and extracted full text files for documents that have been redacted implicates significant privilege and confidentiality concerns and is unduly burdensome and costly.

- Beazer objects to Paragraph 13 of PSC's proposed format of production "Use of Search Terms," including specifically subpart (b) which provides PSC with unlimited opportunities <u>after the defendant has already searched for, reviewed, and produced documents</u>, to modify its keyword searches and request additional searches and productions. PSC should be required to finalize and test search terms prior to the initiation of any ESI search, review, and production and be bound by such terms. Requiring the defendants to engage in multiple ESI searches, reviews and productions as a result of multiple iterations of keywords would be highly burdensome and costly.

- Beazer objects to PSC's proposed keyword protocol, attached as part of Ex. H, in its entirety. The keyword protocol is not adequately described, especially because it contains no procedures for how the keyword searches are to be conducted or how the parties are to test and evaluate the accuracy and appropriateness of the terms through sample searches or other means prior to full scale search, review, and production. Beazer also specifically objects to the extent the keyword protocol requires Beazer to undergo the significant expense of hiring ESI experts, including linguists. If PSC desires to have certain "abbreviations, slang, lingo, or made-up words," misspellings, or foreign words included as search terms, they, not the defendants, should bear the burden of hiring an expert to arrive at such terms.

- Beazer also specifically objects to the keyword searches proposed by PSC, which are not reasonably tailored to Chinese drywall and are likely to result in the collection of numerous documents not relevant to this dispute, resulting in extreme undue burden and cost in terms of the collection and review of non-responsive documents. The keyword searches are also not tailored to particular categories of defendants, and thus include keywords that may be sufficient to generate relevant, responsive documents for manufacturers or suppliers but when applied to homebuilders are unreasonable. The following keyword searches are illustrative of the overly broad, and unduly burdensome searches proposed by PSC that are likely to generate vast numbers of nonresponsive, irrelevant documents for homebuilder defendants such as Beazer:

    o storage or warehouse!

    o Heat or "incres! Temp!" or "high temp!" or "hot and humid!"

    o organizat! /25 chart

3

- o (((marketing or marketing) /5 (material! or product)) /3 (information or "product disclosures" or warranties or warranty or warrantees)) /5 (brochure! or msds or "material safety data")

- o (("united states" or "U.S." or USA or America) and (test! or inspect! or marketing or sale or export or shipment! or shippment! or distribution or design))

- o ("united states" or "U.S." or US or USA or America) and (research or inspect! or anal! or design! or develop! or manuf! or test!)

- o ("united states" or "U.S." or US or USA or America) and (complaint! or claim! or inspection!)

- o ((sale or ship!) and (indemnity or defense! or liability)) or ((contract! or agreement!) and (indemnity or change or draft or revis! or correct!))

- o ("united states" or U.S. or US or USA or America) and ("purchase order!" or "sales order!" or invoice! or "bill! of lading1" or "shipping document!" or "custom! form!" or "custom! document!" or "weight bridge form!" or agent! or broker! or warehouse! or store or storage or export or shipment! or shipment! or distribution! or receipt or sale or distribut!)

Beazer is willing to continue to meet and confer with representatives of the PSC to attempt to resolve Beazer's objections and arrive at an individually appropriate ESI and keyword search protocol that will not impose undue burden and cost on Beazer, especially given its position as a homebuilder who is actively engaged in repairing houses, at its own expense, and has only one named plaintiff in the MDL. In fact, Beazer anticipates that it may be able to agree to a form of production similar to those that Beazer understands are currently being finalized between other homebuilders and the PSC.

Beazer submits that this Court should deny PSC's motion to establish a uniform format of production applicable to all or the majority of defendants in the MDL, including specifically the objectionable proposal submitted by PSC. As this Court has already recognized, the technology, documents, interests, and positions of the defendants in this litigation vary greatly; one ESI protocol for all defendants is neither appropriate nor practical.

4

This 7th day of January, 2010.

/s/ Franklin P. Brannen, Jr.
J Kevin Buster (Bar No. 099267)
Franklin P. Brannen, Jr. (Bar No. 076432)
Susan M. Clare (Bar No. 262830)
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309
PH: (404) 572-4600
FAX: (404) 572-5100

**Attorneys for Defendant Beazer Homes Corp.**

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing **BEAZER HOMES CORP.'S RESPONSE TO PLAINTIFFS' STEERING COMMITTEE'S MOTION TO COMPEL DISCOVERY FROM DEFENDANTS AND ESTABLISH A UNIFORM FORMAT OF PRODUCTION** has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, on this 7th day of January, 2010.

                                                    s/ Franklin P. Brannen, Jr.
                                                    Franklin P. Brannen, Jr. (Bar No. 076432)