IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2047 |
| | Section L |
| | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | MAG. JUDGE WILKINSON |
| ALL CASES | |

**DEFENDANT SMOKY MOUNTAIN MATERIALS, INC.'S RESPONSE TO PLAINTIFFS' STEERING COMMITTEE'S MOTION TO COMPEL DISCOVERY FROM DEFENDANTS AND ESTABLISH A UNIFORM FORMAT OF PRODUCTION**

Defendant, SMOKY MOUNTAIN MATERIALS, INC. d/b/a EMERALD COAST BUILDING MATERIALS (hereinafter "Smoky Mountain" or "Defendant"), by and through undersigned counsel, hereby responds to the Plaintiffs' Steering Committee's Motion to Compel Discovery from Defendants and Establish a Uniform Format of Production, and states as follows:

**Privilege Log**

Smoky Mountain will file its privilege log by January 14, 2010. Preparation of same was delayed by a failure of communication regarding the scope of documents to be included in such a log, in particular whether it should include privileged communications with counsel after notice of a claim had been received. Such communications included in Smoky Mountain's files as of the date of Smoky Mountain's document production will be included in the privilege log.

**Production of Documents**

Smoky Mountain produced documents responsive to the PSC's discovery requests on

October 13, 2009. These documents were produced in PDF format. All of the documents produced were maintained by Smoky Mountain in hard copy format. These hard copy documents are not electronically searchable by Smoky Mountain or its counsel. Therefore, the PSC's assertion that it should have received load files or a different format that would allow such documents to be electronically searchable so as to put Plaintiffs on a "level playing field" with Defendant is unfounded. The Plaintiffs are already on a level playing field with respect to these hard copy documents; Defendants do not have any greater search capability than Plaintiffs were afforded with provision of documents in PDF format.

Counsel for Smoky Mountain has scheduled a conference with the PSC's designated contact on ESI discovery issues for January 8, 2010. At this point, the PSC's motion to compel is premature with regard to Smoky Mountain on ESI discovery issues since the parties have not yet been able to meet and confer on these issues. However, to the extent that the Court deems this issue ripe for consideration, Defendant objects to the PSC's proposed protocol for ESI document production on the following grounds:

    a.    Production format

Smoky Mountain objects to the PSC's request that documents be produced as TIFF documents with associated searchable text, metadata, and bibliographic information. After preliminary consultation with its information technology consultant, Smoky Mountain has determined that production in this format rather than in PDF format will be several times more expensive to achieve, burdening Smoky Mountain with an additional estimated cost of several thousand dollars to convert documents stored electronically. The PSC may convert files to whatever format it deems appropriate once received, bearing the cost itself for facilitating its own search

capabilities. However, Smoky Mountain should not be burdened with the cost and responsibility for providing the PSC with such search capabilities. To the extent the PSC requests that documents maintained by Smoky Mountain in hard copy format be converted to electronic formats with associated OCR text and bibliographic information, Smoky Mountain responds that it does not intend to convert such documents to a searchable format for its own use and submits that it should not be required to perform such conversion simply for the convenience of the PSC.

    b.    Scope of discovery

As stated in Smoky Mountain's objections included in its responses to the PSC's discovery requests, the PSC's discovery requests are overbroad and burdensome and not likely to lead to the discovery of admissible evidence as drafted. Smoky Mountain's invoices did not document the manufacturer or origin of drywall sold to any particular purchaser. To require Smoky Mountain to produce all of its invoices for the time period when it might have sold drywall originating from China is similarly overbroard, burdensome, and invasive, and would only encourage a fishing expedition on the part of the PSC. Defendant Smoky Mountain intends to address these concerns with the PSC's designated contact for ESI discovery issues when counsel confers on January 8, 2010.

    c.    ESI search parameters

While Smoky Mountain intends to discuss this issue further with the PSC's contact for ESI issues, it notes that the proposal forwarded to Defendants on December 7, 2009 contained search parameters apparently agreed to by Knauf, and that such search parameters are inappropriate for application to all Defendants. These search parameters as applied to Smoky Mountain are overly broad and will result in production of documents that are irrelevant, immaterial, and not designed to lead to the discovery of admissible evidence in the instant litigation. The search parameters

embodied in the PSC's December proposal should not be adopted by the Court for use in searches of Smoky Mountain's ESI.

## CONCLUSION

Defendant Smoky Mountain Materials, Inc. respectfully requests that this Honorable Court deny the Plaintiff Steering Committee's Motion to Compel Discovery form Defendants and Establish a Uniform Format of Production. Defendant Smoky Mountain has yet to confer with the PSC regarding ESI discovery issues and requests that the Court enforce its Order that such a meet and confer take place as a prerequisite to the PSC's filing of such a motion as the one under consideration. Further, Smoky Mountain notes that the PSC's discovery requests are overbroad in scope and overly burdensome in their specification of production format, and that granting the PSC's motion would subject Smoky Mountain to undue burden and expense in production of largely irrelevant and immaterial data.

*Donald W. Hardeman*

Edward J. Briscoe
Fla. Bar No. 109691
Donald W. Hardeman
Fla. Bar No. 180982
Elizabeth J. Ferry
Fla. Bar No. 43823

FOWLER WHITE BURNETT P.A.
Espirito Santo Plaza, 14th Floor
1395 Brickell Avenue
Miami, Florida 33131-3302
Telephone: (305) 789-9200
Facsimile: (305) 789-9201
Email: ebriscoe@fowler-white.com
Counsel for Defendant Smoky Mountain Materials, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served via e-mail on Plaintiffs' Liaison Counsel, Russ Herman at drywall@hhkc.com, and Defendants' Liaison Counsel, Kerry Miller at kmiller@frilot.com, and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 7th day of January, 2010.

_____
Donald W. Hardeman