IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : : : : : : : : : : | MDL No. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: Hinckley, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al., Case No. 09-6686 (E.D.La.) | | |

**MEMORANDUM IN OPPOSITION TO THE PLAINTIFFS' MOTION TO AMEND
THE FIRST AMENDED CLASS ACTION COMPLAINT BY INTERLINEATION**
**(By Tobin Trading Inc.)**

MAY IT PLEASE THE COURT:

Defendant Tobin Trading Inc. ("Tobin"), by counsel, for its Objection and Memorandum in Opposition to the Plaintiffs' Motion to Amend the First Amended Class Action Complaint by Interlineation (MDL No. 2047, Doc. No. 672), respectfully states as follows:

## PROCEDURAL HISTORY AND FACTS

On December 30, 2009, the Plaintiffs filed a motion requesting leave to amend the "First Amended Class Action Complaint" filed in the *Hinckley* case "by interlineation." With their motion, the Plaintiffs lodged a *fourth* version of the complaint filed in this action.

The original "Complaint – Class Action" was filed in the Eastern District of North Carolina on May 15, 2009. "Plaintiffs' First Amended Class Action Complaint" was subsequently filed on May 26, 2009.

On July 22, 2009, Tobin Trading Inc. filed a Motion to Dismiss for Lack of Personal Jurisdiction and Memorandum in Support, true copies of which are filed herewith as Exhibit 1 and incorporated herein by reference. At the same time, Tobin Trading Inc. also filed a Motion to Dismiss and Memorandum in Support, true copies of which are filed herewith as Exhibit 2 and incorporated herein by reference.

On August 12, 2009, Plaintiffs filed a "Motion to Amend Plaintiffs' Amended Complaint" along with their proposed "Second Amended Class Action Complaint." The Second Amended Complaint lodged with the motion proposed to amend the First Amended Complaint in four (4) respects, as follows:

    1.    In the "Defendants" section of the complaint, paragraphs 10 and 11 were added, alleging that: "Tobin is run by Phillip W. Perry who was responsible for brokering deals between the Chinese drywall manufacturer Taishan, and Venture Supply Company"; "[i]t is upon information and belief that Tobin specifically brokered the deal with knowledge and purpose that the drywall would be installed in North Carolina"; and "[i]t is upon information and belief that Tobin in fact intended for the deal to be for the drywall to be used in North Carolina" (Second Amended Complaint at p. 3).

  2. Count II (negligence *per se*) added paragraphs 51 and 52, alleging that "Defendant failed to provide drywall under USBC § 112.3, 113.5" and "Since the Chinese drywall was manufactured in China and did not contain the proper listing, label or certification it is no [sic] compliant with ASTMC 36, C1395, E119 and other related *standards*" (Second Amended Complaint at p. 11 (emphasis added)).

  3. Count III (breach of express and/or implied warranties), which currently alleges that "The drywall was defective because it was not fit for the uses intended or reasonably foreseeable by Defendants; to wit, the installation of the drywall in Plaintiffs' and Class Members' homes for use as a building material, because it contained defects as set forth herein" (First Amended Complaint ¶ 54), has been modified to allege that "The drywall was defective *and not merchantable* because it was *unfit* for the uses intended or reasonably foreseeable by Defendants; to wit, the installation of the drywall in Plaintiffs' and Class Members' homes for use as a building material, because it contained defects as set forth herein" (Second Amended Complaint ¶ 58 (emphasis added)).

  4. The "Prayer for Relief" dropped the request for punitive damages.

On August 12, 2009, Plaintiffs also filed a response to Tobin's Motion to Dismiss for Lack of Personal Jurisdiction.

On August 20, 2009, Tobin Trading Inc. filed a "Response in Opposition to Plaintiffs' Motion to Amend," a true copy of which is filed herewith as Exhibit 3 and incorporated herein by reference.  Tobin also filed a "Reply to Plaintiffs' Response to Motion to Dismiss for Lack of Personal Jurisdiction," a true copy of which is filed herewith as Exhibit 4 and incorporated herein by reference.

The Eastern District of North Carolina never had occasion to decide Tobin's motions to dismiss under Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, nor did it rule upon the Plaintiffs' motion for leave to file the "Second Amended Class Action Complaint."

On October 6, 2009, the United States Judicial Panel on Multidistrict Litigation entered a Transfer Order directing that the *Germano* and *Hinckley* actions were transferred to this Court for inclusion in the coordinated or consolidated pretrial proceedings occurring in MDL Docket No. 2047.

On December 30, 2009, the Plaintiffs filed the instant motion requesting leave to file another version of the "First Amended Class Action Complaint," this time "by interlineation."[1] The "Second Amended Class Action Complaint" lodged with the instant motion contains additional proposed amendments at numbered paragraphs 2, 3, 6, 13, 28, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 50, 74, 75, 76, 77, 78 and 88 (some of which are not discussed in the Plaintiffs' motion or supporting memorandum), including changes to the jurisdiction and venue allegations, the "class action allegations," the negligence per se claim (Count II), and the injunctive relief and medical monitoring claim (Count VIII). The proposed pleading also includes a new Count VI, entitled "Violation of Consumer Protection Acts (Against Taishan Only)."

### ARGUMENT

**THE MOTION FOR LEAVE TO FILE THE PROPOSED SECOND AMENDED COMPLAINT SHOULD BE DENIED BECAUSE, LIKE THE FIRST VERSION OF THE SECOND AMENDED COMPLAINT PREVIOUSLY FILED ON AUGUST 12, 2009, THE PROPOSED AMENDMENTS WOULD BE FUTILE, AND WOULD CAUSE UNDUE PREJUDICE TO TOBIN TRADING INC.**

---

[1] It is unclear precisely what type of relief the Plaintiffs are requesting, since they have qualified their motion for leave to amend as one "by interlineation." Black's Law Dictionary defines "interlineation" as "[t]he act of writing between the lines of an instrument; also what is written between lines." Black's Law Dictionary 814 (6th Ed. 1990).

With the exception of the Plaintiffs' decision to drop the claim for punitive damages,[2] the proposed amendments in the second version of the Second Amended Complaint (like the first version of the pleading that was lodged with the Plaintiffs' "Motion to Amend Plaintiffs' Amended Complaint" filed August 12, 2009) will do nothing to change the Court's analysis as to whether the Court can exercise personal jurisdiction over Tobin Trading Inc., nor do the proposed amendments sufficiently state a claim against Tobin under Rule 12(b)(6), for the reasons previously set forth in the motions and legal memoranda previously filed in this case by Tobin Trading and attached hereto as Exhibits 1, 2, 3 and 4.  On this record, the motion to file the Second Amended Complaint should be denied.

Leave to amend a complaint under Rule 15 is not automatic.  *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981), *cert. denied*, 102 S.Ct. 672 (1982); *Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979) (per curiam).  Denial may be warranted where there is "an undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc."  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Chitimacha Tribe of Louisiana v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1163-64 (5th Cir. 1982) (observing that it is improper to amend solely to gain a tactical advantage).

With respect to the instant motion to amend "by interlineation," Tobin notes that two other federal District Courts have determined that amendment of pleadings by interlineation is disfavored and usually not permitted.  *See Davis v. DeVore*, Slip Copy, 2009 WL 5033929, at *4 (S.D. Ill. 12/15/2009) ("Amendment by interlineation is disfavored and, usually, not permitted");

---

[2] For the reasons stated in Tobin Trading Inc.'s memorandum in support of its motion to dismiss under Rule 12(b)(6) (*see* Dkt. No. 37, at p. 21), the First Amended Complaint fails to state a claim for punitive damages.  Tobin therefore has no objection if the Plaintiffs wish to voluntarily dismiss or drop the claim for punitive damages.

*Georges v. Accutira Mortg., Inc.*, 2008 WL 2079125, at *3 (E.D. Mo. 5/15/2008) ("Plaintiffs also move to amend the complaint by interlineation. This Court does not accept amendment by interlineation").  In the instant case, the proposed amendment "by interlineation" is not made to correct clerical or typographical errors.  The proposed amended complaint contains fundamental and substantive changes which are not properly amended "by interlineation."

For the reasons previously articulated in Tobin's Motion to Dismiss for Lack of Personal Jurisdiction and Memorandum in Support (Exhibit 1 hereto) and "Reply to Plaintiffs' Response to Motion to Dismiss for Lack of Personal Jurisdiction" (Exhibit 4 hereto), the Court lacks personal jurisdiction over Tobin Trading Inc.  The proposed amendments that are targeted at this issue are, at best, *conclusory* in nature and fail to satisfy Plaintiffs' burden of establishing that Tobin Trading Inc. has sufficient minimum contacts with the State of North Carolina necessary for the exercise of long-arm personal jurisdiction over Tobin consistent with the Due Process Clause of the U.S. Constitution.

And for the reasons previously articulated in Tobin's Motion to Dismiss and Memorandum in Support (Exhibit 2 hereto) and "Response in Opposition to Plaintiffs' Motion to Amend" (Exhibit 3 hereto), the proposed amendments are insufficient to state a claim against Tobin Trading under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

As to Tobin Trading Inc., the proposed amendments are futile and, if allowed, would cause undue prejudice to Tobin Trading Inc., over which the Court lacks personal jurisdiction, and against which the complaint (in its current and proposed forms) fails to state a claim.

## CONCLUSION

WHEREFORE, Defendant Tobin Trading Inc. respectfully prays that this Court enter an Order denying the Plaintiffs' Motion to Amend the First Amended Class Action Complaint by Interlineation (Doc. No. 672) and for such other relief as this Court deems proper.

6

Respectfully submitted,

TOBIN TRADING, INC.

Date:  January 8, 2010          By:     /s/ Theodore I. Brenner
                                        Theodore I. Brenner, VSB 17815
                                        BRENNER, EVANS & MILLMAN, P.C.
                                        411 East Franklin Street, Suite 200
                                        P.O. Box 470
                                        Richmond, Virginia  23218-0470
                                        Phone: (804) 644-1300
                                        Fax: (804) 644-1354
                                        E-mail: tbrenner@beylaw.com

                                        Alexander S. de Witt, VSB 42708
                                        BRENNER, EVANS & MILLMAN, P.C.
                                        411 East Franklin Street, Suite 200
                                        P.O. Box 470
                                        Richmond, VA  23218-0470
                                        Phone: (804) 644-1300
                                        Fax: (804) 644-1354
                                        E-mail: adewitt@beylaw.com

                                        *ATTORNEYS FOR TOBIN TRADING, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on PlaintiffsøLiaison Counsel, Russ Herman, and DefendantsøLiaison Counsel Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File and Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 2047, on this 8th day of January, 2010.

                                By:     /s/ Theodore I. Brenner
                                        Theodore I. Brenner, VSB 17815
                                        BRENNER, EVANS & MILLMAN, P.C.
                                        411 E. Franklin Street, Suite 200
                                        P.O. Box 470
                                        Richmond, Virginia  23218-0470
                                        Phone: (804) 644-1300
                                        Fax: (804) 644-1354
                                        E-mail: tbrenner@beylaw.com

                                        *ATTORNEY FOR TOBIN TRADING, INC.*