IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

CASE NO. 2:09-cv-00025-FL

CURTIS HINKLEY, LYNN HINKLEY,      )
and STEPHANIE HINKLEY-LOPEZ,       )
individually, and on behalf of all others )
similarly situated,                )
                                   )
                    Plaintiffs,    )
                                   )
v.                                 )        **DEFENDANT TOBIN TRADING INC.'S**
                                   )        **MOTION TO DISMISS FOR LACK OF**
TAISHAN GYPSUM CO. LTD. f/k/a      )        **PERSONAL JURISDICTION**
SHANDONG TAIHE DONGXIN CO.         )
LTD.; TOBIN TRADING INC.;          )
VENTURE SUPPLY INC.; and THE       )
PORTER-BLAINE CORP.,               )
                    Defendants.    )

---

Defendant Tobin Trading Inc. ("Tobin"), by counsel, pursuant to Rule 12(b)(2) of the

Federal Rules of Civil Procedure, hereby challenges and objects to this Court's exercise of

personal jurisdiction over Tobin, and in support thereof states the following:

1.      For the reasons state more fully in the accompanying Memorandum, this action

should be dismissed under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of

personal jurisdiction over Tobin Trading Inc., as Tobin is not amenable to service of process

under the North Carolina long-arm statute and the exercise of jurisdiction by this Court would

not comport with the Due Process Clause.  Tobin does not have general or specific contacts with

the State of North Carolina sufficient for this Court to exercise long-arm jurisdiction over Tobin.

WHEREFORE, Defendant Tobin Trading Inc. respectfully prays that this Court enter an

Order granting its Motion to Dismiss for Lack of Jurisdiction pursuant to Rule 12(b)(2) of the

**EXHIBIT**

**1**

Federal Rules of Civil Procedure, and for such other and further relief as this Court deems

appropriate.

This the 22nd day of July, 2009.

Respectfully submitted,

  /s/ Theodore I. Brenner
Theodore I. Brenner
*Visiting Attorney Specially Appearing for*
*Defendant, Tobin Trading Inc.*
BRENNER, EVANS & MILLMAN, P.C.
P.O. Box 470
Richmond, Virginia  23218-0470
Phone: (804) 644-1300
Fax: (804) 644-1354
E-mail: tbrenner@beylaw.com
Virginia State Bar No. 17815

  /s/ Alexander S. de Witt
Alexander S. de Witt
*Visiting Attorney Specially Appearing for*
*Defendant, Tobin Trading Inc.*
BRENNER, EVANS & MILLMAN, P.C.
P.O. Box 470
Richmond, Virginia  23218-0470
Phone: (804) 644-1300
Fax: (804) 644-1354
E-mail: tbrenner@beylaw.com
Virginia State Bar No. 42708

  /s/ Andrew A. Vanore, III
Andrew A. Vanore, III
*Attorney for Defendant, Tobin Trading Inc.*
Brown, Crump, Vanore & Tierney, L.L.P.
P.O. Box 1729
Raleigh, NC  27602
Phone: (919) 835-0909
Fax: (919) 835-0915
E-mail: drewvanore@bcvtlaw.com
NC State Bar No. 42708

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date electronically filed the foregoing **Motion to Dismiss for Lack of Personal Jurisdiction** with the Clerk of the Court using the CM/ECF system which will then send notification of such filing to the following:

> J. Michael Malone
> Hendren & Malone, PLLC
> 4600 Marriott Dr., Suite 150
> Raleigh NC  27612
>  Counsel for Plaintiffs
>
> Roberty Gary
> Gary, Naegele & Theado, LLC
> 446 Broadway
> Lorain, OH  44052
>  Co-Counsel for Plaintiffs
>
> Michael D. Hausfeld
> Richard S. Lewis
> James J. Pizzirusso
> Faris Ghareeb
> Hausfeld, LLP
> 1700 K Street, N.W., Suite 650
> Washington, DC  20006
>  Co-Counsel for Plaintiffs
>
> Arnold Levin
> Fred S. Longer
> Daniel Levin
> Levin, Fishbein, Sedran & Berman
> 510 Walnut Street, Suite 500
> Philadelphia, PA  19106
>  Co-Counsel for Plaintiffs
>
> Richard J. Serpe
> Law Offices of Richard J. Serpe, P.C.
> 580 E. Main Street, Suite 310
> Norfolk, VA  23510
>  Co-Counsel for Plaintiffs

Richard W. Stimson
Attorney at Law
920 Waters Reach Court
Alpharetta, GA  300022
*Co-Counsel for Plaintiffs*

Thomas M. Buckley
Hedrick, Gardner, Kincheloe & Garofalo, LLC
4011 Westchase Blvd., Suite 300
Raleigh, NC  27607
*Counsel for Porter-Blaine Corp.*

   /s/ Alexander S. de Witt
Alexander S. de Witt
*Visiting Attorney Specially Appearing for*
*Defendant, Tobin Trading Inc.*
BRENNER, EVANS & MILLMAN, P.C.
P.O. Box 470
Richmond, Virginia  23218-0470
Phone: (804) 644-1300
Fax: (804) 644-1354
E-mail: tbrenner@beylaw.com
Virginia State Bar No. 42708

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

CASE NO. 2:09-cv-00025-FL

CURTIS HINKLEY, LYNN HINKLEY,  )
and STEPHANIE HINKLEY-LOPEZ,  )
individually, and on behalf of all others  )
similarly situated,  )
   )
   )
Plaintiffs,  )
   )
   )    **DEFENDANT TOBIN TRADING INC.'S**
v.  )    **MEMORANDUM IN SUPPORT OF**
   )    **MOTION TO DISMISS FOR LACK OF**
TAISHAN GYPSUM CO. LTD. f/k/a  )    **PERSONAL JURISDICTION**
SHANDONG TAIHE DONGXIN CO.  )
LTD.; TOBIN TRADING INC.;  )
VENTURE SUPPLY INC.; and THE  )
PORTER-BLAINE CORP.,  )
Defendants.  )

Defendant Tobin Trading Inc. ("Tobin"), by counsel, for its Memorandum in Support of Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, states the following:

### STATEMENT OF FACTS

**1.**    <u>**The Complaint**</u>

Plaintiffs, individually and on behalf of a putative class of "others similarly situated," commenced this action on May 15, 2009 with the filing of a "Complaint – Class Action" (Dkt. No. 1). This action purportedly was filed pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class of "owners and residents of residential homes in the State of North Carolina containing defective drywall that was designed, manufactured, exported, imported, distributed, delivered, supplied, inspected, marketed, sold and/or installed by Defendants Taishan Gypsum Co. Ltd. f/k/a Shandong Taihe Dongxin, Cp. Ltd. ("Taishan") and/or Venture Supply

Inc." (Complaint at p. 1).  Plaintiffs also alleged that the action was brought "on behalf of a subclass of similarly situated owners and residents of residential homes in the State of North Carolina containing defective drywall that were built and/or had drywall installed by The Porter-Blaine Corp. ("Porter-Blaine")" (*Id.*).  Plaintiffs alleged that the amount in controversy exceeds $5 million.

On May 26, 2009, Plaintiffs filed a "First Amended Class Action Complaint" adding Tobin Trading, Inc. as a defendant (Dkt. No. 7).  The Amended Complaint is alleged in seven (7) counts: (1) negligence (all defendants); (2) negligence *per se* (all defendants); (3) breach of express and/or implied warranties (all defendants); (4) private nuisance (all defendants); (5) unjust enrichment (all defendants); (6) violation of the North Carolina Consumer Protection Act (all defendants); and (7) equitable and injunctive relief and medical monitoring (all defendants) (see First Amended Complaint ["AC"] pp. 9-14).  As to Tobin, the allegations of the First Amended Class Action Complaint are conclusory, vague and ambiguous, and fail to state a claim under Rule 12 of the Federal Rules of Civil Procedure.

As alleged, the home of Plaintiffs Curtis and Lynn Hinckley and Stephanie Hinckley-Lopez "was built and/or had drywall installed by Defendant Porter-Blaine and it contains defective drywall that was designed, manufactured, exported, imported, distributed, delivered, supplied, inspected, marketed, and/or sold by Defendants Taishan, Tobin and/or Venture" (AC ¶¶ 3-4).

Plaintiffs allege that defendant Porter-Blaine is "one of Venture's drywall installation contractors" which "installed defective drywall in Plaintiffs' home, and in other homes, which has resulted in harm and damages to Plaintiffs and Subclass Members" (AC ¶ 18).

The "defective drywall," Plaintiffs allege, was "designed, manufactured, exported, distributed, delivered, supplied, inspected, marketed, and/or sold" by defendant Taishan (AC ¶ 6).  Plaintiffs allege that defendant Venture "imported, distributed, delivered, supplied, inspected, marketed, and/or sold defective drywall to builders that was supplied to and damaged homeowners including Plaintiffs and Class Members" and "also imported, distributed, delivered, supplied, inspected, marketed, and/or sold defective drywall directly to some Plaintiffs and Class Members" (AC ¶ 12).  Plaintiffs allege that defendant Tobin "imported, distributed, delivered, supplied, inspected, marketed, and/or sold defective drywall at issue in this case" (AC ¶ 10).

## 2.      Absence of Contacts Between Tobin and North Carolina.

The Amended Complaint alleges that "Defendant Tobin is a Virginia corporation doing business in the State of North Carolina with its principal place of business located at 5008 Gatehouse Way, Virginia Beach, Virginia 23455" (AC ¶ 9).

However, as indicated in the Affidavit of Phillip William Perry, Jr. filed herewith as Exhibit 1, Tobin Trading, Inc. has never transacted business in the State of North Carolina.

As indicated in the attached Affidavit, at all pertinent times Mr. Perry was the President and Registered Agent of Tobin Trading, Inc., which was a Virginia corporation with its principal place of business in Virginia Beach, Virginia.  In this capacity, Mr. Perry has testified that Tobin Trading, Inc. never had any contacts or ties with the State of North Carolina or any of its citizens or residents, nor has Tobin Trading, Inc. had a presence in the State of North Carolina. Specifically, as stated in Mr. Perry's Affidavit, Tobin Trading Inc. has never:

> (i)      derived income or revenue from the State of North Carolina or any of its citizens
>          or residents;

(ii)     entered into contracts with the State of North Carolina or any of its citizens or residents;

(iii)    had customers or clients in the State of North Carolina;

(iv)     transacted any business in the State of North Carolina;

(v)      had any office, agent, or employee in the State of North Carolina;

(vi)     paid taxes in the State of North Carolina;

(vii)    been registered to do business in the State of North Carolina;

(vii)    owned property or assets in the State of North Carolina; or

(viii)   directed any of its business or activities at the State of North Carolina or any of its citizens or residents.

As indicated in Mr. Perry's Affidavit, Tobin Trading Inc. has never had any contacts or communications with, nor has it transacted any business or entered into any contracts with, the Plaintiffs or any of the Members of the proposed Class or Sub-Class mentioned in the First Amended Complaint.  Tobin Trading Inc. objects to being sued in the Eastern District of North Carolina, and objects to this Court's exercise of personal jurisdiction over Tobin.

## ARGUMENT

### THE COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(b)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE, DUE TO LACK OF PERSONAL JURISDICTION OVER TOBIN TRADING INC.

As a non-resident defendant with no contacts or ties with the State of North Carolina, subjecting Tobin Trading Inc. to this Court's jurisdiction would exceed the limits of due process and is therefore constitutionally impermissible.  Tobin moves for an order dismissing this action under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction.

Whether Tobin Trading Inc.'s contacts with North Carolina are sufficient to support this Court's exercise of personal jurisdiction is a question of law. *Yates v. Motivation Indus. Equipment Ltd.*, No. 01-1938, 38 Fed. Appx. 174, 175, 2002 WL 1343251 at **1 (4th Cir. June 20, 2002) (unpublished; citing *Christian Science Board of Directors of the First Church of Christ v. Nolan,* 259 F.3d 209, 215 (4th Cir. 2001)) (opinion filed herewith as Exhibit 2).

"It is well established that, in order for a district court to validly assert personal jurisdiction over a non-resident defendant, two conditions must be satisfied." *Id.*

"First, the exercise of jurisdiction must be authorized by the long-arm statute of the forum state, and second, the exercise of personal jurisdiction must not 'overstep the bounds' of Fourteenth Amendment due process requirements." *Id.* (citing *Anita's New Mexico Style Mexican Food, Inc. v. Anita's Mexican Foods Corp.,* 201 F.3d 314, 317 (4th Cir. 2000)). North Carolina's long-arm statute "has been construed to extend to the outer limits allowed by the Due Process Clause." *Id.* (citing *Hiwassee Stables, Inc. v. Cunningham,* 135 N.C.App. 24, 27, 519 S.E.2d 317, 320 (1999)).[1] Thus, this Court must decide whether Tobin has "certain minimum contacts" with North Carolina, such that "maintenance of the suit does not offend 'traditional notions of

---

[1] Presumably, Plaintiffs claim that personal jurisdiction is authorized by N.C. Gen. Stat. § 1-75.4(4), which provides in part: "Local Injury; Foreign Act. –In any action for wrongful death occurring within this State or in any action claiming injury to person or property within this State arising out of an act or omission outside this State by the defendant, provided in addition that at or about the time of the injury either: ... b. Products, materials or thing processed, serviced or manufactured by the defendant were used or consumed, within this State in the ordinary course of trade[.]" Tobin denies that personal jurisdiction can properly be exercised over Tobin under North Carolina's long-arm statute, including N.C. Gen. Stat. § 1-75.4(4). However, because "the two-step inquiry merges into a single issue of whether [a non-resident defendant] has the requisite minimum contacts with North Carolina to satisfy due process," *Caraustar Custom Packing Group v. Stockart.com LLC,* No. 3:05-CV-00377, 2006 WL 2224291 at *1 (W.D.N.C. August 1, 2006) (opinion filed herewith as Exhibit 3), the single issue addressed herein is whether the exercise of personal jurisdiction over Tobin would require this Court to "overstep the bounds" of Fourteenth Amendment due process requirements.

fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (citations omitted).

A nonresident defendant must have sufficient "minimum contacts" with the forum state, such that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).

The *International Shoe* "minimum contacts" standard may be met in two ways: specific jurisdiction, or general jurisdiction. Courts in the Fourth Circuit "view the two species of personal jurisdiction, general and specific, through distinct lenses." *Yates v. Motivation Indus. Equipment Ltd., supra,* 38 Fed. Appx. at 176, 2002 WL 1343251 at **2 (citing *ESAB Group v. Centricut,* 126 F.3d 617, 623-24 (4th Cir. 1997)).

"When a cause of action arises out of a defendant's contacts with the forum, a court may seek to exercise specific jurisdiction over that defendant if it purposefully directs activities toward the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 (1984)). Specific jurisdiction only exists if the defendant "purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253 (1958). Taking into consideration traditional notions of fair play, the U.S. Supreme Court has determined that in order to satisfy the "fair warning" requirement, "[w]here a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there," the defendant must have "purposefully directed" his activities at residents of the forum, and the ensuing litigation must result from alleged injuries that "arise out of or relate to" those activities. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985). In order to comport with the minimum

requirements of constitutional due process, an out-of-state defendant must have sufficient,

purposeful or intentional contacts with the forum state before it can "reasonably [have]

anticipate[d] being haled into court there." *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S.

286, 297 (1980).[2]

"[W]hen the cause of action does not arise out of the defendant's contacts with the forum,

general jurisdiction may be exercised upon a showing that the defendant's contacts are of a

'continuous and systematic' nature." *Yates v. Motivation Indus. Equipment Ltd.*, *supra,* 38 Fed.

Appx. at 176, 2002 WL 1343251 at **2 (citing *Helicopteros Nacionales de Colombia, S.A. v.

Hall,* 466 U.S. 408, 416 (1984)).  General jurisdiction only lies when the defendant's conduct and

connection with the forum state are so "continuous and systematic" that the defendant "should

reasonably anticipate being haled into court there." *Hanson v. Denckla,* 357 U.S. 235, 253

(1958).

Neither general nor specific jurisdiction exists as to defendant Tobin Trading Inc.  As

indicated by Mr. Perry's Affidavit filed herewith, Tobin Trading Inc. has never had any contacts

or ties with the State of North Carolina.  At all pertinent times, Tobin clearly was not engaged in

"substantial" or "continuous and systematic" activities in North Carolina such as to subject it to

---

[2] Thus, in products liability cases, the U.S. Supreme Court and the Fourth Circuit have rejected
the "stream of commerce" theory as the sole basis for exercising personal jurisdiction over out-
of-state defendants. *See, e.g., Lesnick v. Hollingsworth & Vose Co.*, 35 F.3d 939, 946-47 (4th
Cir. 1994) (federal district court sitting in Maryland lacked personal jurisdiction over out-of-state
manufacturer of cigarette filter material, even though defendant acknowledged that it sold such
material knowing that the resulting cigarette brand manufactured with its filter material would be
sold in the State of Maryland); *Yates v. Motivation Indus. Equipment Ltd.*, *supra,* 38 Fed. Appx.
at 179, 2002 WL 1343251 at **4 (noting that "[t]he Supreme Court has rejected the application
of a stream of commerce theory when, as here, the defendant delivers the product into the stream
of commerce without any expectation that it would be purchased or used by a consumer in the
forum state," Fourth Circuit held that federal district court sitting in North Carolina lacked
personal jurisdiction over out-of-state defendant that placed crane into the stream of commerce
in Canada).

general jurisdiction in the State of North Carolina.  Thus, there is no basis for exercising general

personal jurisdiction over Tobin.

The State of North Carolina also lacks sufficient contacts with Tobin to subject it to

specific personal jurisdiction in North Carolina.  The Fourth Circuit has applied a three part test

when evaluating the propriety of exercising specific jurisdiction:

> 1) whether and to what extent the defendant "purposely availed" itself of the
> privileges of conducting activities in the forum state, and thus invoked the
> benefits and protections of its laws, 2) whether the plaintiff's claim arises out of
> those forum-related activities, and 3) whether the exercise of jurisdiction is
> constitutionally "reasonable."

*Yates v. Motivation Indus. Equipment Ltd.*, *supra,* 38 Fed. Appx. at 176, 2002 WL 1343251 at

**2 (citing *Christian Science v. Nolan,* 259 F.3d 209, 215-16 (4th Cir. 2001)).

Based on the allegations of the First Amended Class Action Complaint, and for the

reasons stated in the Affidavit filed herewith as Exhibit 1, Plaintiffs cannot satisfy this test.  At

all pertinent times, Tobin was a Virginia corporation which never transacted *any* business in the

State of North Carolina, and otherwise had no contacts with the State of North Carolina.  Tobin

had no clients or customers in the State of North Carolina, did not transact business activities in

the State of North Carolina, and otherwise had no contacts or connections with the State of North

Carolina.  Tobin has not purposefully or intentionally directed any conduct or activities at the

State of North Carolina, or at any resident of the State of North Carolina (including the plaintiffs

and putative class members), as required by the Constitution before it reasonably can anticipate

being haled into North Carolina to defend itself from the claims alleged in the First Amended

Class Action Complaint.

In sum, this Court's exercise of personal jurisdiction over this defendant is not justified

under the North Carolina long-arm statute, nor would it comport with the due process

requirements of the Constitution.  Accordingly, Tobin moves for an order dismissing this action under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

**CONCLUSION AND REQUEST FOR HEARING**

WHEREFORE, Defendant Tobin Trading Inc. respectfully prays that this Court enter an Order granting its Motion to Dismiss for Lack of Jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, and further requests a hearing and opportunity to present evidence and oral argument in support of this Motion.

This the 22nd day of July, 2009.

Respectfully submitted,

  /s/ Theodore I. Brenner
Theodore I. Brenner
*Visiting Attorney Specially Appearing for Defendant, Tobin Trading Inc.*
BRENNER, EVANS & MILLMAN, P.C.
P.O. Box 470
Richmond, Virginia  23218-0470
Phone: (804) 644-1300
Fax: (804) 644-1354
E-mail: tbrenner@beylaw.com
Virginia State Bar No. 17815


  /s/ Alexander S. de Witt
Alexander S. de Witt
*Visiting Attorney Specially Appearing for Defendant, Tobin Trading Inc.*
BRENNER, EVANS & MILLMAN, P.C.
P.O. Box 470
Richmond, Virginia  23218-0470
Phone: (804) 644-1300
Fax: (804) 644-1354
E-mail: tbrenner@beylaw.com
Virginia State Bar No. 42708

  /s/ Andrew A. Vanore, III
Andrew A. Vanore, III
*Attorney for Defendant, Tobin Trading Inc.*

Brown, Crump, Vanore & Tierney, L.L.P.
P.O. Box 1729
Raleigh, NC 27602
Phone: (919) 835-0909
Fax: (919) 835-0915
E-mail: drewvanore@bcvtlaw.com
NC State Bar No. 42708

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date electronically filed the foregoing **Memorandum in Support of Motion to Dismiss for Lack of Personal Jurisdiction** with the Clerk of the Court using the CM/ECF system which will then send notification of such filing to the following:

J. Michael Malone
Hendren & Malone, PLLC
4600 Marriott Dr., Suite 150
Raleigh NC 27612
*Counsel for Plaintiffs*

Roberty Gary
Gary, Naegele & Theado, LLC
446 Broadway
Lorain, OH 44052
*Co-Counsel for Plaintiffs*

Michael D. Hausfeld
Richard S. Lewis
James J. Pizzirusso
Faris Ghareeb
Hausfeld, LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
*Co-Counsel for Plaintiffs*

Arnold Levin
Fred S. Longer
Daniel Levin
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
*Co-Counsel for Plaintiffs*

Richard J. Serpe
Law Offices of Richard J. Serpe, P.C.
580 E. Main Street, Suite 310
Norfolk, VA  23510
  *Co-Counsel for Plaintiffs*

Richard W. Stimson
Attorney at Law
920 Waters Reach Court
Alpharetta, GA  300022
*Co-Counsel for Plaintiffs*

Thomas M. Buckley
Hedrick, Gardner, Kincheloe & Garofalo, LLC
4011 Westchase Blvd., Suite 300
Raleigh, NC  27607
  *Counsel for Porter-Blaine Corp.*


                    /s/ Alexander S. de Witt
                  Alexander S. de Witt
                  *Visiting Attorney Specially Appearing for*
                  *Defendant, Tobin Trading Inc.*
                  BRENNER, EVANS & MILLMAN, P.C.
                  P.O. Box 470
                  Richmond, Virginia  23218-0470
                  Phone: (804) 644-1300
                  Fax: (804) 644-1354
                  E-mail: tbrenner@beylaw.com
                  Virginia State Bar No. 42708

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Northern Division

CURTIS HINKLEY, LYNN HINKLEY, and )
STEPHANIE HINKLEY-LOPEZ, individually, )
and on behalf of all others similarly situated, )
                                  )
                Plaintiffs, )
                                  )
v.                                 )     Civil Action No. 2:09cv00025-FL
                                  )
TAISHAN GYPSUM CO. LTD. f/k/a )
SHANDONG TAIHE DONGXIN CO. LTD.; )
TOBIN TRADING INC.; VENTURE SUPPLY )
INC.; and THE PORTER-BLAINE CORP. )
                                  )
                Defendants. )
                                  )

## AFFIDAVIT OF PHILLIP WILLIAM PERRY, JR.

BEFORE ME, the undersigned authority, on this day personally appeared PHILLIP WILLIAM PERRY, JR., known to me to be the person whose name is subscribed to the following instrument, and, having been first duly sworn, upon his oath deposes and states as follows:

    1.     My name is PHILLIP WILLIAM PERRY, JR. I am of sound mind, over 18 years of age, and I am competent to make this Affidavit. The statements contained herein are true and correct and are based on my personal knowledge.

    2.     I have reviewed the allegations of the First Amended Complaint filed against TOBIN TRADING INC. in the above-captioned case.

    3.     At all pertinent times, I was the President and Registered Agent of TOBIN TRADING INC.

    4.     At all pertinent times, TOBIN TRADING INC. was a Virginia corporation with its principal place of business in Virginia Beach, Virginia.

    5.     At all pertinent times, TOBIN TRADING INC. has never had any contacts or ties with the State of North Carolina or any of its citizens or residents, nor has it had a presence in the State of North Carolina. Upon information and belief, TOBIN TRADING INC. has never:



    (i)      derived income or revenue from the State of North Carolina or any of its citizens or residents;

    (ii)     entered into contracts with the State of North Carolina or any of its citizens or residents;

    (iii)    had customers or clients in the State of North Carolina;

    (iv)   transacted any business in the State of North Carolina;

    (v)    had any office, agent, or employee in the State of North Carolina;

    (vi)   paid taxes in the State of North Carolina;

    (vii)   been registered to do business in the State of North Carolina;

    (vii)   owned property or assets in the State of North Carolina; or

    (viii)   directed any of its business or activities at the State of North Carolina or any of its citizens or residents.

    6.    At all pertinent times, and upon information and belief, TOBIN TRADING INC. has never had any contacts or communications with, nor has it transacted any business or entered into any contracts with, the Plaintiffs or any of the Members of the proposed Class or Sub-Class mentioned in the First Amended Complaint filed in the above-captioned case.

    7.    TOBIN TRADING INC. objects to being sued in the Eastern District of North Carolina. The above-captioned case against TOBIN TRADING INC. should be dismissed due to the Court's lack of personal jurisdiction over TOBIN TRADING INC.

FURTHER, AFFIANT SAYETH NOT.

_____
PHILLIP WILLIAM PERRY, JR.

COMMONWEALTH OF VIRGINIA

CITY / COUNTY _____NoRFolk_____, to wit:

    Subscribed, sworn to and acknowledged before me, a Notary Public in and for the City / County and State aforesaid, by PHILLIP WILLIAM PERRY, JR. on this 20th day of July, 2009.

_____
Notary Public

My Commission Expires: ___09/30/13___

CHINA YEBOAH
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES SEPT. 30, 2013
COMMISSION # 7251887

2

Westlaw.

38 Fed.Appx. 174                                                    Page 1
38 Fed.Appx. 174, 2002 WL 1343251 (C.A.4 (N.C.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 38 Fed.Appx. 174, 2002 WL 1343251 (C.A.4 (N.C.)))**

C
This case was not selected for publication in the
Federal Reporter.

Not for Publication in West's Federal Reporter See
Fed. Rule of Appellate Procedure 32.1 generally
governing citation of judicial decisions issued on or
after Jan. 1, 2007. See also Fourth Circuit Rule
32.1 (Find CTA4 Rule 32.1)

United States Court of Appeals,
Fourth Circuit.
Trina Marlene YATES, Administratix of the Estate
of Thomas Yates, Plaintiff-Appellee,
v.
MOTIVATION INDUSTRIAL EQUIPMENT LIM-
ITED, Defendant-Appellant.
**No. 01-1938.**

Argued Jan. 22, 2002.
Decided June 20, 2002.

Plaintiff filed wrongful death suit in state court
against Canadian crane manufacturer. After remov-
al to federal court, manufacturer moved to dismiss
for lack of personal jurisdiction. The United States
District Court for the Western District of North
Carolina, H. Brent McKnight, United States Magis-
trate Judge, denied motion, and manufacturer ap-
pealed. The Court of Appeals held that manufac-
turer was not subject to personal jurisdiction in
North Carolina.

Reversed and remanded.

Wilkinson, Chief Judge, dissented and filed opin-
ion.

West Headnotes

**Constitutional Law 92 ☞3965(4)**

92 Constitutional Law

92XXVII Due Process
92XXVII(E) Civil Actions and Proceedings
92k3961 Jurisdiction and Venue
92k3965 Particular Parties or Circum-
stances
92k3965(4) k. Manufacture, Distri-
bution, and Sale. Most Cited Cases
(Formerly 92k305(6))

**Federal Courts 170B ☞86**

170B Federal Courts
170BII Venue
170BII(A) In General
170Bk86 k. Aliens or Alien Corporations.
Most Cited Cases
District court's exercise of personal jurisdiction
over Canadian crane manufacturer exceeded limits
of due process, and thus was constitutionally imper-
missible in action arising out of death of crane op-
erator in North Carolina, even though manufacturer
had non-exclusive North Carolina sales agent,
placed listing in nationally distributed trade journal,
and maintained website, and manufacturer's liabil-
ity insurance policy covered claims arising in
United States, where manufacturer did not have
continuous and systematic contact with North Caro-
lina, manufacturer made no sales in North Carolina
before accident, and manufacturer sold crane to an-
other Canadian corporation, knowing that it, in
turn, would sell crane to third Canadian corpora-
tion, but manufacturer had no knowledge that crane
was being shipped to North Carolina. U.S.C.A.
Const.Amend. 14.

**\*174** Appeal from the United States District Court
for the Western District of North Carolina, at Char-
lotte. H. Brent McKnight, Magistrate Judge.
(CA-99-337-3-MCK).**ARGUED:** Paul Christopher
Lawrence, Hedrick, Eatman, Gardner & Kincheloe,
L.L.P., Charlotte, North Carolina, for Appellant.
John Joseph Korzen, Anderson, Korzen & Asso-

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

EXHIBIT
2

38 Fed.Appx. 174
Page 2

38 Fed.Appx. 174, 2002 WL 1343251 (C.A.4 (N.C.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 38 Fed.Appx. 174, 2002 WL 1343251 (C.A.4 (N.C.)))

ciates, P.C., Kernersville, North Carolina, for Appellee. **ON BRIEF:** Terry L. Wallace, Hedrick, Eatman, Gardner & Kincheloe, L.L.P., Charlotte, North Carolina, for Appellant. Charles McB.Sasser, Cox, Gage & Sasser, Charlotte, North Carolina, for Appellee.

Before WILKINSON, Chief Judge, and DIANA GRIBBON MOTZ and GREGORY, Circuit Judges.

Reversed and remanded by unpublished PER CURIAM opinion. Chief Judge WILKINSON wrote a dissenting opinion.

OPINION

PER CURIAM.

**\*\*1** Motivation Industrial Equipment, Ltd. (Motivation), a Canadian corporation, appeals the district court's order denying its **\*175** motion to dismiss for lack of personal jurisdiction. Because the record does not establish that Motivation had the necessary minimum contacts with North Carolina so as to comport with the requirements of due process, we reverse.

I.

Thomas Yates, an employee of Polar Plastics Inc. (Polar), located in Mooresville, North Carolina, was fatally injured on July 18, 1997, when a gantry crane manufactured by Motivation collapsed and fell on him.[FN1] Trina Yates, as administratrix of her husband's estate, filed a wrongful death action against Motivation in North Carolina Superior Court on July 14, 1999, alleging negligence and breach of warranties. Motivation, a corporation with its principal place of business in Canada, removed the case to federal district court in North Carolina on the basis of diversity of citizenship, see 28 U.S.C. § 1332(a), and moved to dismiss the

case pursuant to Fed.R.Civ.P. 12(b)(2), for lack of personal jurisdiction. After allowing Yates additional time to conduct jurisdictional discovery, the magistrate judge, presiding by consent of the parties, found that the exercise of personal jurisdiction in this case was appropriate and denied Motivation's motion to dismiss. This appeal followed.

> FN1. Motivation sold the crane to Metric Storage Systems (Metric), a Canadian corporation, knowing that Metric, in turn, would sell the crane to Polar, also a Canadian corporation. Sometime after the crane arrived at Polar's Canadian plant, Polar shipped the crane to North Carolina. However, Motivation had no knowledge that the crane was being shipped to North Carolina, and the record is void of any evidence indicating Motivation was even aware that Polar had a North Carolina plant.

II.

Yates contends, and the magistrate judge found, that Motivation is subject to the personal jurisdiction of the district court. We disagree. For the reasons that follow, we find that the district court's exercise of personal jurisdiction over Motivation exceeds the limits of due process and is therefore constitutionally impermissible.

Whether Motivation's contacts with North Carolina were sufficient to support the district court's exercise of personal jurisdiction is a question of law which we review de novo. Christian Science Board of Directors of the First Church of Christ v. Nolan, 259 F.3d 209, 215 (4th Cir.2001). It is well established that, in order for a district court to validly assert personal jurisdiction over a non-resident defendant, two conditions must be satisfied. Id. First, the exercise of jurisdiction must be authorized by the long-arm statute of the forum state, and second,

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

the exercise of personal jurisdiction must not "overstep the bounds" of Fourteenth Amendment due process requirements. *Anita's New Mexico Style Mexican Food, Inc. v. Anita's Mexican Foods Corp.,* 201 F.3d 314, 317 (4th Cir.2000). Motivation does not separately contest that it is subject to North Carolina's long-arm statute, which has been construed to extend to the outer limits allowed by the Due Process Clause.[FN2] *See Hiwassee Stables, Inc. v. Cunningham,* 135 N.C.App. 24, 27, 519 S.E.2d 317, 320 (1999). Thus, the scope of our inquiry *176 is simply whether North Carolina may, consistent with due process, exercise personal jurisdiction over Motivation. In other words, we must decide whether Motivation has "certain minimum contacts" with the forum, such that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (citations omitted).

> FN2. N.C. GEN. STAT. § 1-75.4(4) states in part,
>
> Local Injury; Foreign Act.-In any action for wrongful death occurring within this State or in any action claiming injury to person or property within this State arising out of an act or omission outside this State by the defendant, provided in addition that at or about the time of the injury either:
>
> b. Products, materials or thing processed, serviced or manufactured by the defendant were used or consumed, within this State in the ordinary course of trade.

**\*\*2** We view the two species of personal jurisdiction, general and specific, through distinct lenses. *See generally ESAB Group v. Centricut,* 126 F.3d 617, 623-24 (4th Cir.1997). When a cause of action arises out of a defendant's contacts with the forum, a court may seek to exercise specific jurisdiction

over that defendant if it purposefully directs activities toward the forum state and the litigation results from alleged injuries that arise out of or relate to those activities. *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). However, when the cause of action does not arise out of the defendant's contacts with the forum, general jurisdiction may be exercised upon a showing that the defendant's contacts are of a "continuous and systematic" nature. *Id.* at 416.

Yates has never claimed that Motivation's contacts with North Carolina are sufficiently continuous and systematic to subject Motivation to *general* personal jurisdiction in North Carolina. Here, as the district court duly observed, Motivation clearly was not engaged in "substantial" or "continuous and systematic" activities in North Carolina such as to subject it to general jurisdiction in the state. Thus, we need only determine whether Motivation's contacts were sufficient to subject it to specific personal jurisdiction in North Carolina.

III.

This circuit has applied a three part test when evaluating the propriety of exercising specific jurisdiction: 1) whether and to what extent the defendant "purposely availed" itself of the privileges of conducting activities in the forum state, and thus invoked the benefits and protections of its laws, 2) whether the plaintiff's claim arises out of those forum-related activities, and 3) whether the exercise of jurisdiction is constitutionally "reasonable." *Nolan,* 259 F.3d at 215-16 (citing *Helicopteros,* 466 U.S. at 415-16, and *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472, 476-77, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). For the reasons discussed below, Yates cannot satisfy this test.

A.

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

38 Fed.Appx. 174
38 Fed.Appx. 174, 2002 WL 1343251 (C.A.4 (N.C.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 38 Fed.Appx. 174, 2002 WL 1343251 (C.A.4 (N.C.)))**

Page 4

1.

Yates contends that the agency relationship between The Shannon Group, Inc. (Shannon) and Motivation proves that Motivation purposefully availed itself of the benefits and protections of North Carolina law. In 1994, Shannon, located in Goodlettsville, Tennessee, agreed to represent Motivation as its agent in Tennessee, North Carolina, South Carolina, Alabama, Georgia, and Florida.[FN3] The agreement was for an initial term of one year and would be automatically renewed for successive one year terms, unless either party gave notice to the other party two months prior to the expiration of the original term.

> FN3. In 1995, the contract was amended to exclude Florida and include Mississippi.

Robert Shannon, President of Shannon and the North Carolina sales agent for Motivation, stated in an affidavit that as part of the agreement with Motivation, the Shannon Group retained the right to represent other manufacturers. Shannon was *177 not, nor has ever been an exclusive agent for Motivation. Furthermore, prior to July 18, 1997, the day of Thomas Yates' death, Shannon made *no sales* and received *no revenue* on behalf of Motivation from any entity in North Carolina. Yates offered no evidence to contradict Robert Shannon's representations.[FN4] There is no evidence in the record that Shannon took Motivation's brochures, products or sales materials to North Carolina. There is also no evidence that Shannon made any solicitations in person or otherwise on behalf of Motivation in North Carolina. Yates offered no evidence that Shannon, as Motivation's agent, conducted any activities whatsoever in North Carolina. Motivation's agreement with Shannon therefore does not satisfy the first prong of the test for specific jurisdiction.

> FN4. Yates had over one year and ten

months, the period of time between Motivation filing its motion to dismiss and the magistrate judge ruling on the motion, to depose Robert Shannon, but did not.

**\*\*3** Our dissenting colleague suggests that hiring a sales representative for the forum state as part of a strategy of targeting this country and the particular state for increased sales would amount to purposeful availment, even if, as here, the agent was not an exclusive agent and no actions were taken by that agent on behalf of the company. We believe more is needed. However, even if we were to assume that the agency relationship in this case amounted to purposeful availment, because Thomas Yates' death did not arise from, or relate to in any way, Motivation's agency relationship with Shannon, the second prong of the test is not met.[FN5] Even if Yates had *178 offered evidence that Shannon took some actions on behalf of Motivation in North Carolina before Thomas Yates' death, there was no evidence presented that Shannon, or any other sales representative in the United States, was involved in the sale of the crane in any capacity. The sale of the crane had nothing to do with sales efforts in North Carolina, or sales efforts in the United States for that matter. The crane was sold in Canada, by one Canadian corporation to another Canadian corporation.[FN6]

> FN5. The district court found that Motivation conceded that Yates' claim arose out of or related to Motivation's activities in North Carolina. (J.A. 508). This finding was erroneous. Motivation merely conceded that the injury to Yates' decedent occurred in North Carolina.
>
> In Motivation's supplemental brief in support of its motion to dismiss, Motivation stated:
>
> [I]n *Honeycutt*, this Court discussed the two tests set forth by the Supreme Court

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

38 Fed.Appx. 174                                                                                   Page 5
38 Fed.Appx. 174, 2002 WL 1343251 (C.A.4 (N.C.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 38 Fed.Appx. 174, 2002 WL 1343251 (C.A.4 (N.C.)))**

in determining whether defendant's contact satisfied the requirements of due process for the Court to assert jurisdiction and for the Plaintiff to establish a *prima facie* case of jurisdiction. If a cause of action did not arise in or is unrelated to the defendant's activity in the forum state, then the appropriate standard is the continuous and systematic test set forth in *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) (*i.e.,* general jurisdiction). If the cause of action either arose in or is related to the defendant's activities in the forum state, the lesser burden of showing the defendant purposely [sic] directed its activities toward the forum state applies. See *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed. 528 (1985). (*i.e.,* specific jurisdiction).

In this case, since the *injury to the Plaintiff's Decedent occurred in North Carolina,* the *prima facie* burden the Plaintiff needs to establish is that the Defendant purposely [sic] directed its activities toward the forum state. (emphasis added).

Defendant's Supp. Brief in Support of its Motion to Dismiss, 6.

As evidenced above, Motivation relied on *Honeycutt v. Tour Carriage, Inc.,* 997 F.Supp. 694, 704 (W.D.N.C.1996). Unfortunately, *Honeycutt* misstates *Helicopteros.* In *Helicopteros,* the Supreme Court explained that a state exercises specific jurisdiction in a suit "*arising out of or related to* the defendant's *contacts with a forum.*" 466 U.S. at 414, n. 8. (emphasis added). It did *not* state that specific jurisdiction is conferred in cases

simply because an injury occurs in that state, which is perhaps how *Honeycutt* could be read.

After citing *Honeycutt,* Motivation merely stated that because Thomas Yates' injury occurred in North Carolina, Yates needed to establish purposeful availment, i.e., specific jurisdictional analysis was proper. It never conceded that the cause of action arose out of its contacts with North Carolina. Whether the district court found a concession because it misread Motivation's statement, or because it accepted Motivation's (and *Honeycutt* 's) misapplication of the law, we are not bound by the misreading or the misapplication.

FN6. In determining whether a claim arises out of forum-related activities, circuits have applied different tests. For example, the Ninth Circuit applies a "but for" test, where courts consider whether a plaintiff's claims would have arisen but for the defendant's contacts with the forum state. See *Doe I. v. Unocal Corp.,* 248 F.3d 915, 924 (9th Cir.2001). On the other hand, the Sixth Circuit does not require that "the cause of action formally 'arise from' defendant's contacts with the forum; rather, this criterion requires only 'that the cause of action, of whatever type, have a substantial connection with the defendant's instate activities.' " *Bird v. Parsons,* 289 F.3d 865, 2002 WL 1012175, *7 (6th Cir.2002). Even if we employ the less stringent Sixth Circuit test, the evidence before us establishes no substantial connection between the cause of action and any of Motivation's alleged in-state activities.

Yates also contends that Motivation purposely

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

38 Fed.Appx. 174

Page 6

38 Fed.Appx. 174, 2002 WL 1343251 (C.A.4 (N.C.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 38 Fed.Appx. 174, 2002 WL 1343251 (C.A.4 (N.C.)))**

availed itself to North Carolina when it made two sales to North Carolina entities in 1998. Even if we were to find that these sales showed purposeful availment, Thomas Yates' death in 1997 simply could not arise from or relate to sales made in 1998, after his death.

2.

Motivation's general solicitation activities, separately *or taken as a whole,* likewise do not establish purposeful availment.[FN7] Its advertisements in the *Thomas Register* are not sufficient contacts. This circuit has held that a listing in the *Thomas Register, a nationally* distributed trade journal, is not enough to confer personal jurisdiction in a particular state. *Federal Insurance Co. v. Lake Shore Inc.,* 886 F.2d 654, 659 (4th Cir.1989). While Motivation placed advertisements in the *Thomas Register,* there is no evidence in the record that the advertisements were directed toward North Carolina residents, that North Carolina residents responded to them, or that Motivation sent any products to North Carolina as a result of them. Like the advertisements in the *Thomas Register,* Motivation's advertisement in *Crane Magazine* also does not show purposeful availment to North Carolina. There is no evidence in the record that the advertisement in *Crane Magazine* was directed toward North Carolina residents, or that inquiries or sales were generated from the advertisement. *See Cancun Adventure Tours, Inc. v. Underwater Designer Co.,* 862 F.2d 1044, 1046 (4th Cir.1989).

> FN7. Motivation had a liability insurance policy with Commercial Union Assurance Company of Canada at the time of Thomas Yates' death. The policy covered Motivation if a liability suit was brought against it in the United States. Yates argues that Motivation is subject to personal jurisdiction in North Carolina because it owned an insurance policy that covered claims

throughout the United States. We find this argument unpersuasive. Motivation neither directed activity toward North Carolina nor purposefully availed itself to North Carolina by merely purchasing this broad, nationwide insurance policy.

The fact that Motivation operates a website likewise does not prove purposeful availment here. There is no evidence in the record to suggest, nor has Yates argued at any point, that the website is anything more than a "passive" website, where general information about Motivation is posted. *See Cybersell Inc. v. Cybersell, Inc.,* 130 F.3d 414, 418 (9th Cir.1997)**179** (citing *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.* 952 F.Supp. 1119 (W.D.Pa.1997)). There is also no evidence in the record that any North Carolina entity purchased products from the website or purchased products because of the website.

**4 Again, even if we were to assume that the advertisements or the website established Motivation's purposeful availment to North Carolina, it would strain credulity for us to find that Yates' claim somehow arose out of these contacts. Yates has offered no evidence that would establish even a tenuous link between the advertisements or the website and the death of her husband.

B.

Yates contends that the district court could exercise specific jurisdiction over Motivation simply because Motivation manufactured the crane and did not limit its distribution of the crane so as to exclude North Carolina. We disagree. A "stream of commerce" theory of personal jurisdiction will not save Yates' case. *See World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Motivation manufactured the crane in Canada and sold it to a Canadian sales representative, who in turn sold it to Polar, a Canadian

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

38 Fed.Appx. 174

Page 7

38 Fed.Appx. 174, 2002 WL 1343251 (C.A.4 (N.C.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 38 Fed.Appx. 174, 2002 WL 1343251 (C.A.4 (N.C.)))**

corporation. The crane was initially delivered to Polar in Brampton, Ontario. There is simply no evidence in the record that Motivation was aware that the gantry crane at issue might be sent to or used in North Carolina. Polar, fortuitously, transported the crane to its North Carolina plant. The Supreme Court has rejected the application of a stream of commerce theory when, as here, the defendant delivers the product into the stream of commerce without any expectation that it would be purchased or used by a consumer in the forum state. *See Lesnick v. Hollingsworth & Vose Co.,* 35 F.3d 939, 943 (4th Cir.1994) (quoting *World Wide Volkswagen,* 444 U.S. at 297-98). We find no evidence in the record to indicate that Motivation should have "reasonably anticipate[d] being haled into court" in North Carolina when it placed the crane into the stream of commerce in Canada. *World Wide Volkswagen,* 444 U.S. at 297.

C.

Because Yates cannot show that Motivation "purposely availed" itself of the privileges of conducting activities in North Carolina or that her claims arise out of Motivation's North Carolina-related activities, we need not consider the third prong of the test for specific jurisdiction-whether jurisdiction would be reasonable.[FN8] *See Phillips Exeter Academy v. Howard Phillips Fund, Inc.* 196 F.3d 284, 288 (1st Cir.1999) (explaining that because an affirmative finding on each of the three elements *is required* to support a finding of specific jurisdiction, only "if the proponent's case clears the first two hurdles" must the court then analyze the overall reasonableness of an exercise of jurisdiction); *see also Doe I v. Unocal Corp.,* 248 F.3d 915, 925 (9th Cir.2001) (stating that the court need not reach the third prong of the specific jurisdiction test when plaintiff's evidence is insufficient to establish either purposeful availment or that the cause of action arises out of defendant's contacts with the forum).

FN8. The overall reasonableness of whether jurisdiction would offend traditional notions of fair play and substantial justice, depends on several factors-1) the burden on the defendant, 2) the interests of the forum state, 3) the plaintiff's interest in obtaining relief in the forum, 4) the efficient resolution of controversies as between states, and 5) the shared interests of the several states in furthering fundamental substantive social policies. *Lesnick,* 35 F.3d at 946.

*180 IV.

On the facts and record set before us, Yates did not establish personal jurisdiction over Motivation in North Carolina. As such, we reverse and remand with instructions to dismiss for lack of personal jurisdiction.

**5 *REVERSED AND REMANDED.*

WILKINSON, Chief Judge, dissenting:

Trina Yates brought a wrongful death action after a Gantry crane manufactured by Motivation Industrial Equipment Limited collapsed on her husband and killed him. The question is whether a foreign corporation that purposefully avails itself of an American forum can be required to defend there. In my view, the majority's answer is mistaken.

My good colleagues find no purposeful availment.[FN*] However, at the time of the accident, Motivation had: (1) initiated a company policy to sell its products in the United States; (2) represented to American citizens that it had an address here; (3) hired a sales representative to oversee sales and service in a number of states, including North Carolina; (4) purchased liability insurance to protect itself in the event of an accident in the United States, including North Carolina; (5) and advertised its products in nationally distributed trade journals and magazines.

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

38 Fed.Appx. 174
38 Fed.Appx. 174, 2002 WL 1343251 (C.A.4 (N.C.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 38 Fed.Appx. 174, 2002 WL 1343251 (C.A.4 (N.C.)))

Page 8

FN* The district court explicitly found that Motivation had "concede [d]" the issue of whether Yates' claim arose out of or was related to the company's activities in the forum state. Notwithstanding the concession, the majority determines that the arising-out-of prong of the specific-jurisdiction test has not been met. But such concessions by litigants are binding in general, and the requirement of personal jurisdiction can be waived. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 703, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). Motivation is therefore bound by this concession. It never appealed the district court's finding of a concession, and it never even filed a reply brief before this court to contest Yates' contention that it had made the concession. What we have here, therefore, is a double problem from Motivation's standpoint—namely, a concession followed by a waiver.

The majority goes to great lengths to excuse Motivation's litigation conduct. It asserts that the district court erred in attributing this concession to Motivation, remarking that the court below either misread Motivation's brief or accepted the company's misapplication of the law. The majority further states that we are not bound by this misreading or misapplication. *Ante* at ---- n. 5. But there was no misreading in view of the majority's own concession that Motivation misunderstood the governing law. And there is no doubt that the company is bound by its legal error because we are dealing with a waivable form of jurisdiction. Even if the majority is correct that Motivation did not concede that Yates' claim arose out of or was related to Mo-

tivation's activities in North Carolina, the company certainly conceded *the issue* of whether the plaintiff's claim had so arisen when it stated that "the *prima facie* burden the Plaintiff needs to establish is that the Defendant purposely directed its activities toward the forum state." Defendant's Supp. Brief in Support of Motion to Dismiss at 6. It is on this primary issue that I primarily take exception with the majority's view.

It is not sufficient to analyze these facts piecemeal. And taken together, there is no doubt that Motivation has purposefully availed itself of the benefits and protections of North Carolina law. The majority is correct to note that merely placing a product in the stream of interstate commerce will not support the exercise of personal jurisdiction. *See Fed. Ins. Co. v. Lake Shore Inc.,* 886 F.2d 654, 658 (4th Cir.1989). Here, however, we have more. *See id.* at 659 (distinguishing "cases where a manufacturer employs an intermediary or distributor in the forum state"). Indeed, I am not aware of any case in which a court found no personal jurisdiction where a foreign company continuously rehired a sales representative for the forum *181 state, all as part of a strategy of targeting this country and that state for increased sales.

The specifics of the Sales Agent Contract entered into by Motivation and its North Carolina sales agent are worthy of consideration. On March 21, 1994, the parties entered into an agreement, renewable each year, in which the company "appoint[ed] [Shannon] as its exclusive and sole agent for the sale of [Motivation's] manufactured products in the territory ... set out herein." Motivation assigned Shannon the area of the United States encompassing Tennessee, North Carolina, South Carolina, Alabama, Georgia, and Florida. In April 1995, Florida was removed from Shannon's sales area and Mississippi was added. This territorial change is reflected in a hand-written amendment to the con-

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

38 Fed.Appx. 174
38 Fed.Appx. 174, 2002 WL 1343251 (C.A.4 (N.C.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 38 Fed.Appx. 174, 2002 WL 1343251 (C.A.4 (N.C.)))

Page 9

tract. But North Carolina has remained a part of Shannon's assigned territory since the contract was first formed. Indeed, Shannon continues to represent Motivation in North Carolina to this day.

The majority makes much of how little Shannon accomplished on behalf of Motivation in North Carolina. But whether or not Shannon was an effective sales representative is of no consequence. Motivation asserts that it has enjoyed limited success in obtaining business in the United States in general and North Carolina in particular. However, it is clear that the company did purposefully direct its sales efforts to that end.

**6** As a consequence, the exercise of federal jurisdiction in North Carolina would not violate Motivation's "liberty interest in not being subject to the binding judgments of a forum with which [it] has established no meaningful 'contacts, ties, or relations.' " *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471-72, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). Similarly, the exercise of jurisdiction would not interfere with the company's ability "to structure [its] primary conduct with some minimum assurance as to where that conduct will and will not render [it] liable to suit." *World Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

Having found that the first two prongs of the specific jurisdiction inquiry are satisfied, I proceed to consider the final element of the test. This prong concerns the reasonableness of exercising jurisdiction-that is, whether the exercise of jurisdiction would offend " 'traditional notions of fair play and substantial justice.' " *Int'l Shoe,* 326 U.S. at 316 (quoting *Milliken v. Myer,* 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940)). Though the majority finds it unnecessary to reach this issue in view of its decision on the first two prongs, the majority nevertheless chooses to consider the second ele-

ment of the test despite its dispositive handling of the first. Indeed, the majority's silence on the question of reasonableness is instructive because it is this component of the inquiry that most dramatically reveals the injustice of preventing Yates from bringing suit in North Carolina.

The reasonableness inquiry requires a court to consider several factors, including "the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief." A court "must also weigh in its determination 'the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies.' " *182Asahi Metal Indus. Co. v. Superior Court of California,* 480 U.S. 102, 113, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987) (quoting *World Wide Volkswagen,* 444 U.S. at 292); *see also Lesnick v. Hollingsworth & Vose Co.,* 35 F.3d 939, 945-46 (4th Cir.1994). As the district court held, these considerations compel the conclusion that the exercise of jurisdiction in this case comports with due process.

To begin with, though the burden on Motivation of defending itself in a foreign forum is not trivial, *see Asahi,* 480 U.S. at 114, that burden is far from unfair in view of Motivation's decision to do business in North Carolina. Indeed, it may be cost effective for the company to conduct discovery and try the case in North Carolina because the accident site, the witnesses, and the crane itself are all located there.

In addition, the interests of both Yates and North Carolina in the exercise of jurisdiction over Motivation are compelling. The accident took place in North Carolina, and the company's alleged negligence caused the death of a North Carolina citizen. Further, the decedent left behind three children and a spouse who is also a North Carolina citizen. There can be no doubt that the state has a strong interest in rectifying wrongs allegedly committed

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

38 Fed.Appx. 174                                                              Page 10
38 Fed.Appx. 174, 2002 WL 1343251 (C.A.4 (N.C.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 38 Fed.Appx. 174, 2002 WL 1343251 (C.A.4 (N.C.)))**

within its territory against its citizens. And the state
has an equally strong interest in protecting its con-
sumers by requiring foreign manufacturers to com-
ply with its safety standards, and by ensuring "the
recovery by one of its citizens of appropriate com-
pensation, if there is a substantive cause of action."
*Lee v. Walworth Valve Co.,* 482 F.2d 297, 299-300
(4th Cir.1973).

**7 Finally, in view of Motivation's claim that it is
not subject to suit in any state, Yates may not be
able to sue the company in any jurisdiction in the
United States. It is not right to let Motivation do
business in this country while at the same time re-
lieving it of the obligation to defend here when the
death of an American citizen is allegedly caused by
one of its products. And it is just as unfair to re-
quire this North Carolina widow to go to Canada to
find out if her husband's life was negligently taken.

I respectfully dissent.

C.A.4 (N.C.),2002.
Yates v. Motivation Indus. Equipment Ltd.
38 Fed.Appx. 174, 2002 WL 1343251 (C.A.4 (N.C.))

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                                    Page 1
Not Reported in F.Supp.2d, 2006 WL 2224291 (W.D.N.C.)
**(Cite as: 2006 WL 2224291 (W.D.N.C.))**

Only the Westlaw citation is currently available.

United States District Court, W.D. North Carolina,
Charlotte Division.
CARAUSTAR CUSTOM PACKAGING GROUP
(MARYLAND), INC., Plaintiff,
v.
STOCKART.COM, LLC, Defendant.
**No. 3:05-CV-00377.**

Aug. 1, 2006.

Albert Peter Allan, Summa, Allan & Additon, P.A.,
Charlotte, NC, for Plaintiff.

Anthony Joseph Biller, Coats & Bennett, P.L.L.C.,
Cary, NC, James L. Silverberg, The Intellectual
Property Group, Baltimore, MD, for Defendant.

**ORDER**

GRAHAM C. MULLEN, District Judge.

**\*1 THIS MATTER** comes before the court on
Plaintiff's Motion for Default Judgment and De-
fendant's Motion to Set Aside Entry of Default and
Motion to Dismiss or Transfer Venue.

**BACKGROUND**

The Plaintiff, Caraustar Custom Packaging Group
(Maryland), Inc. ("Caraustar"), filed this declarat-
ory judgment action, seeking to have declared in-
valid the Defendant's copyright of a pizza man im-
age which the Plaintiff has been selling on pizza
boxes.

Caraustar is a Maryland corporation, based in
Maryland, that manufactures paper products, in-
cluding pizza boxes. It sells the boxes to distribut-

ors who in turn sell them to pizza stores. Stockart is
a Colorado limited liability corporation that li-
censes artwork, including the "pizza man" image at
issue herein. Stockart is not registered to do busi-
ness in North Carolina. It has no offices, ware-
houses, agents, or employees in North Carolina.
Stockart allegedly does not advertise or sell goods
in North Carolina. Stockart alleges that it has not
sold the pizza man image in North Carolina and
that it was created by an Arizona resident, Jeffrey
Stephen Jones, who created the image in Arizona.

After several unsuccessful attempts to serve Stock-
art, Caraustar sought entry of default and has
moved for Default Judgment. Stockart has filed a
Motion to Set Aside the Entry of Default and has
further moved to dismiss this action for lack of ser-
vice, insufficiency of process, lack of personal jur-
isdiction, and lack of subject matter jurisdiction. In
the alternative, Stockart moves to transfer venue to
the United States District Court in Maryland, where
it filed a copyright infringement action against Ca-
raustar based upon the same image ten days after
Caraustar filed the declaratory judgment action in
this court.

**DISCUSSION**

The Court will first address Stockart's Motion to
Dismiss for Lack of Personal Jurisdiction.

**A. Standard of Review**

Where, as here, the court rules on a 12(b)(2) motion
relying on the Complaint, briefs, and affidavits
alone, without conducting an evidentiary hearing,
the burden is on the plaintiff to make a prima facie
showing that personal jurisdiction exists. *Combs v.
Bakker,* 886 F.2d 673, 676 (4th Cir.1989).
Moreover, all relevant pleading allegations must be
construed in the light most favorable to the

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

EXHIBIT
3

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 2224291 (W.D.N.C.)
**(Cite as: 2006 WL 2224291 (W.D.N.C.))**

plaintiff. *Id.*

## B. Personal Jurisdiction

To meet its burden, Caraustar must satisfy a two-step inquiry. First, Caraustar must show that the North Carolina long-arm statute confers personal jurisdiction over Stockart. Second, Caraustar must show that the exercise of personal jurisdiction over Stockart would not violate the requirements of the Due Process clause of the Fourteenth Amendment. *See Mylan Laboratories, Inc. v. Akzo, N.V.,* 2 F.3d 56, 60 (4th Cir.1993). The North Carolina Supreme Court has liberally construed the North Carolina long-arm statute to extend the full jurisdictional powers permissible under federal Due Process. *Vishay Intertechnology, Inc. v. Delta International Corp.,* 696 F.2d 1062, 1065 (4th Cir.1982). Thus, the two-step inquiry merges into a single issue of whether Stockart has the requisite minimum contacts with North Carolina to satisfy due process.

*\*2* North Carolina's long-arm statute provides twelve bases for asserting personal jurisdiction over foreign defendants. N.C. Gen.Stat. § 1-75.4 (2005). Although Caraustar has not indicated which portions are applicable herein, subsection 1-74.4(1)(d) authorizes jurisdiction over a person engaged in "substantial activity within the state." Subsection 1-74.4(4) authorizes jurisdiction:

(4) Local Injury; Foreign Act.-In any action for wrongful death occurring within this State or in any action claiming injury to person or property within this State arising out of an act or omission outside this State by the defendant, provided in addition that at or about the time of the injury either:

a. Solicitation or services activities were carried on within this State by or on behalf of the defendant;

b. Products, materials or thing processed, serviced or manufactured by the defendant were used or

consumed, within this State in the ordinary course of trade; or

c. Unsolicited bulk commercial electronic mail was sent into or within this State.

N.C. Gen.Stat. § 1-75.4(4) (2005)

The Supreme Court has fashioned two tests for determining whether a defendant's contacts with the forum state are sufficient to confer jurisdiction. If the cause of action is unrelated to the defendant's activities in the forum state, plaintiff must prove that the contacts are "continuous and systematic" to support the exercise of "general jurisdiction" over the defendant. *Helicopteros Nationales de Colombia v. Hall,* 466 U.S. 408, 415-16 (1984). If the cause of action is related to or arises out of defendant's actions within the state, the plaintiff can establish more limited "specific jurisdiction" by proving that:

(1) the defendant has created a substantial connection to the forum state by action purposefully directed toward the forum state or otherwise invoking the benefits and protections of the laws of the state; and (2) the exercise of jurisdiction based on those minimum contacts would not offend traditional notions of fair play and substantial justice, taking into account such factors as (a) the burden on the defendant, (b) the interests of the forum state, (c) the plaintiff's interest in obtaining relief, (d) the efficient resolution of controversies as between states, and (e) the shared interests of the several states in furthering fundamental substantive social policies.

*Lesnick v. Hollingsworth & Vose Co.,* 35 F.3d 939, 945-46 (4th Cir.1994)."Due process does not preclude assertion of jurisdiction over a defendant based on a single transaction if the transaction gives rise to the cause of action asserted by the plaintiff." *Brown v. Am. Broad. Co., Inc.,* 704 F.2d 1296, 1302 (4th Cir.1983). However, "a defendant's ac-

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 2224291 (W.D.N.C.)
(Cite as: 2006 WL 2224291 (W.D.N.C.))

Page 3

tions must have been 'directed at the forum state in more than a random, fortuitous, or attenuated way.' " *Mitrano v. Hawes,* 377 F.3d 402, 407 (4th Cir.2004). Specific jurisdiction based on a website can be established where a person "(1) directs electronic activity into the forum State, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts." *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.,* 293 F.3d 707, 714 (4th Cir.2002).

*3 The court finds that Stockart has not conducted "substantial activity" in North Carolina sufficient to satisfy § 1-75.4(1)(d). The Askew Affidavit demonstrates that Stockart does not have a presence in North Carolina nor does it conduct "substantial activity with this State." Stockart is a Colorado Corporation. Askew Aff. ¶ 3. Stockart does not have any offices, accounts, employees, or agents in North Carolina. Askew Aff. ¶¶ 4, 5, 11. Stockart has never paid taxes in North Carolina. Askew Aff. ¶ 11. The Askew Affidavit is uncontroverted, and there is no affidavit, or any other evidence, in the record to establish that there is personal jurisdiction over Stockart based on § 1-75.4(1)(d).

Furthermore, the allegations are insufficient to support jurisdiction under § 1-75.4(4) because the Complaint does not allege that the validity of the copyright caused any injury to a person or property in North Carolina. The court must infer the existence of jurisdiction only on the basis of what is pled, and the Complaint does not allege any facts from which the court can infer that Stockart meets the conditions of § 1-75.4(4). Specifically, the Complaint does not allege any solicitation or services activities in North Carolina by Stockart, that any products, materials or things processed, serviced or manufactured by Stockart were used or consumed in North Carolina, nor that unsolicited bulk commercial mail was sent into this State. Therefore, there is no personal jurisdiction under

the state long-arm statute.

The Constitutional requirements for jurisdiction are likewise lacking. There are only four factual allegations in the Complaint that could provide the basis for specific jurisdiction: that Stockart operates a website that does business with North Carolina clients, that Caraustar sells pizza boxes in North Carolina, that Stockart has threatened litigation for violation of its copyright, and that the pizza man was authored by Jones. First, Stockart's website does not support specific jurisdiction because the Complaint does not allege that Stockart directed its website to North Carolina residents or invoked the benefits and protections of the laws of North Carolina. Nor does it claim that Stockart manifested an intent to do business in North Carolina. *ALS Scan, Inc.,* 293 F.3d at 714. Even if Stockart did business with North Carolina residents through the website, the website is insufficient because the cause of action for copyright invalidity does not arise from those contacts.*Brown,* 704 F.2d at 397.

Next, to base jurisdiction on the claim that Caraustar has an in-state customer for its pizza boxes with the pizza man image would offend "traditional notions of fair play and substantial justice." *Lesnick,* 35 F.3d at 945-46. Facing litigation in North Carolina would be a heavy burden on Stockart because it could not reasonably foresee litigation based on Caraustar's one customer in North Carolina. Additionally, it is equally attenuated to base specific jurisdiction on Stockart's threats of litigation because those threats were directed to Caraustar Maryland in Hunt Valley, Maryland. Thus, both the claim that Caraustar had an North Carolina customer and that Stockart threatened litigation fail to support specific jurisdiction.

*4 With regard to the author of the work, Caraustar's claim that Jones is not the author and that the pizza man image is not subject to copyright fails to establish personal jurisdiction. Jones created the work in Arizona and transmitted it to Stockart

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 2224291 (W.D.N.C.)
**(Cite as: 2006 WL 2224291 (W.D.N.C.))**

Page 4

in Colorado. Jones Aff. ¶¶ 1, 3, 5. These facts have nothing to do with North Carolina and do not form the basis for personal jurisdiction. Stockart could not reasonably foresee being hauled into court in North Carolina when the facts have no nexus with North Carolina.

Finally, the uncontroverted Askew Affidavit demonstrates that Stockart does not have the requisite minimum contacts with North Carolina for the court to exercise general jurisdiction. As discussed in relation to the long-arm statute, Stockart does not have any offices, accounts, employees, or agents in North Carolina. Furthermore, Stockart has never paid taxes in North Carolina. Consequently, Stockart's contacts are insufficient to confer either general or specific jurisdiction.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction is hereby **GRANTED**, and all the other motions are **DENIED** as moot.

W.D.N.C.,2006.
Caraustar Custom Packaging Group (Maryland), Inc. v. Stockart.com, LLC
Not Reported in F.Supp.2d, 2006 WL 2224291 (W.D.N.C.)

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.