**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION, | MDL Docket No. 2047 |
| THIS DOCUMENT RELATES TO: | Case No. 09-cv-4115 |
| THE MITCHELL COMPANY, INC., | |
|       Plaintiff, individually and on behalf of others similarly situated, | SECTION L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| vs. | Oral Argument Requested<br>Proposed Hearing Date: Jan. 27, 2010 |
| KNAUF GIPS KG, a German corporation; KNAUF PLASTERBOARD (TIANJIN CO., LTD., a Chinese limited liability corporation; TAISHAN GYPSUM CO., LTD. (f/k/a Shandong Taihe Dongxin Co., Ltd.), a Chinese limited liability corporation); INTERIOR & EXTERIOR BUILDING SUPPLY, L.P., a limited partnership; and RIGHTWAY DRYWALL, INC., a Georgia corporation, | |
|       Defendants. | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR
CLASS CERTIFICATION AGAINST TAISHAN GYPSUM CO., LTD.**

850030.5

## TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................................ 1

BACKGROUND AND PROCEDURAL HISTORY.................................................................... 1

LEGAL STANDARD...................................................................................................................... 3

ARGUMENT................................................................................................................................... 4

    I.    The proposed Class satisfies the Rule 23(a) requirements ................................... 5

        A.    The proposed Class likely consists of over one hundred homebuilders................................................................................................ 5

        B.    The Class members' claims have a number of legal and factual issues in common ................................................................................... 6

        C.    Plaintiff's claims are typical of those of the proposed Class ..................... 7

        D.    Plaintiff and its counsel will adequately protect the interests of the proposed Class ............................................................................................ 8

    II.    The Class is appropriate for certification under Rule 23(b)(2) and 23(b)(1)(B)............................................................................................................ 8

        A.    The Class should be certified under Rule 23(b)(2)................................... 8

        B.    The Class should also be certified under Rule 23(b)(1)(B) ..................... 11

        C.    Effective notice can be provided to class members ................................ 12

    III.    The Court should appoint the undersigned as Class counsel.............................. 12

CONCLUSION............................................................................................................................. 13

CERTIFICATE OF SERVICE ..................................................................................................... 15

# TABLE OF AUTHORITIES

Page

## CASES

*Adkinson v. International Harvester Co.*,
  975 F.2d 208 (5th Cir. 1992) .................................................................................................. 10

*Ala. Nursing Home Ass'n v. Harris*,
  617 F.2d 385 (5th Cir. 1980) .................................................................................................... 9

*Baby Neal for and by Kanter v. Casey*,
  43 F.3d 48 (3d Cir. 1994) ..................................................................................................... 4, 9

*Berger v. Compaq Computer Corp.*,
  257 F.3d 475 (5th Cir. 2001) .................................................................................................. 3, 8

*Bolin v. Sears, Roebuck & Co.*,
  231 F.3d 970 (5th Cir. 2000) .................................................................................................... 9

*Boos v. AT&T, Inc.*,
  252 F.R.D. 319 (W.D. Tex. 2008) .......................................................................................... 11

*Bozes v. Parish of St. Bernard*,
  252 F.R.D. 313, 315 (E.D. La. 2008) ....................................................................................... 5

*Bywaters v. United States*,
  196 F.R.D. 458 (E.D. Tex. 2000) ............................................................................................. 5

*Castano v. Am. Tobacco Co.*,
  84 F.3d 734 (5th Cir. 1996) ...................................................................................................... 3

*Cole v. Gen. Motors Corp.*,
  484 F.3d 717 (5th Cir. 2007) .................................................................................................... 3

*Daffin v. Ford Motor Co.*,
  458 F.3d 549 (6th Cir. 2006) .................................................................................................... 4

*Davis v. Hutchins*,
  321 F.3d 641 (7th Cir. 2003) .................................................................................................... 3

*Davis v. Precise Comm. Svcs., Inc.*,
  No. 07-3128, 2009 U.S. Dist. LEXIS 26171 (N.D. Ga. Mar. 27, 2009) ............................... 3, 4

*DeHoyos v. Allstate Corp.*,
  240 F.R.D. 269 (W.D. Tex. 2007) ............................................................................................ 9

*Flanagan v. Ahearn (In re Asbestos Litig.)*,
  90 F.3d 963 (5th Cir. 1996) ...................................................................................................... 7

*Forbush v. J.C. Penney Co.*,
  994 F.2d 1101 (5th Cir. 1993) .................................................................................................. 6

*Franks v. Kroger Co.*,
  649 F.2d 1216 (6th Cir. 1981) ................................................................................................ 12

*Handschu v. Special Servs. Div.*,
  787 F.2d 828 (2d Cir. 1986) ................................................................................................... 12


Case 2:09-md-02047-EEF-MBN   Document 722-1   Filed 01/11/10   Page 4 of 20

## TABLE OF AUTHORITIES
### (continued)


Page

*Hicks v. Kaufman and Broad Home Corp.*,
   89 Cal.App.4th 908, 107 Cal.Rptr.2d 761 (Cal. App. 2001) ................................................. 5

*In re IKON Office Solutions, Inc. Sec. Litig.*,
   191 F.R.D. 457 (E.D. Pa. 2000).......................................................................................... 11

*In re Monumental Life Ins. Co.*,
   364 F.3d 408 (5th Cir. 2004) ................................................................................................ 9

*Jackson v. Waller Indep. Sch. Dist.*,
   No. H-07-3086, 2008 U.S. Dist. LEXIS 22923 (S.D. Tex. Mar. 24, 2008) ......................... 12

*James v. City of Dallas*,
   254 F.3d 551 (5th Cir. 2001) ............................................................................................ 6, 7

*Jones v. Am. Gen. Life & Accident Ins. Co.*,
   213 F.R.D. 689 (S.D. Ga. 2002) ........................................................................................ 10

*Leszczynski v. Allianz Ins.*,
   176 F.R.D. 659 (S.D. Fla. 1997)................................................................................... 4, 10

*Lightbourn v. County of El Paso*,
   118 F.3d 421 (5th Cir. 1997) ................................................................................................ 6

*Maldonado v. Ochsner Clinic Found.*,
   493 F.3d 521 (5th Cir. 2007) ........................................................................................ 9, 10

*Martin v. Amana Refrigeration, Inc.*,
   435 N.W.2d 364 (Iowa 1989) .............................................................................................. 4

*McManus v. Fleetwood Enters.*,
   320 F.3d 545 (5th Cir. 2003) ................................................................................................ 4

*McWaters v. FEMA*,
   237 F.R.D. 155 (E.D. La. 2006).......................................................................................4, 9

*Mullane v. Cent. Hanover Bank & Trust Co.*,
   339 U.S. 306 (1950)........................................................................................................... 12

*Mullen v. Treasure Chest Casino, L.L.C.*,
   186 F.3d 620 (5th Cir. 1999) ............................................................................................ 6, 8

*Neff v. Via Metro. Transit Auth.*,
   179 F.R.D. 185 (W.D. Tex. 1998) ....................................................................................... 4

*Ortiz v. Fibreboard Corp.*,
   527 U.S. 815 (1999)........................................................................................................... 11

*Partington v. Am. Int'l Specialty Lines Ins. Co.*,
   443 F.3d 334 (4th Cir. 2006) ................................................................................................ 3

*Pederson v. Louisiana State University*,
   213 F.3d 858 (5th Cir. 2000) ................................................................................................ 5

*San Antonio Hispanic Police Officers' Org., Inc. v. City of San Antonio*,
   188 F.R.D. 433 (W.D. Tex. 1999) ................................................................................... 4, 9


- iii -

850030.5

## TABLE OF AUTHORITIES
## (continued)

**Page**

*Stirman v. Exxon Corp.*,
  280 F.3d 554 (5th Cir. 2002) .................................................................................................. 7

*Tittle v. Enron Corp.* (*In re Enron Corp Sec., Derivative & "ERISA" Litig.*),
  No. H-01-3913, 2006 U.S. Dist. LEXIS 43145 (S.D. Tex. June 7, 2006) ............................. 11

*Vizena v. Union Pac. R.R. Co.*,
  360 F.3d 496 (5th Cir. 2004) .................................................................................................. 3

*Zeidman v. J. Ray McDermott & Co.*,
  651 F. 2d 1030 (5th Cir. 1981) ............................................................................................... 5

### OTHER AUTHORITIES

Fed. R. Civ. P. 23 advisory committee's note (1966) ................................................................... 9

Fed. R. Civ. P. 23(g) advisory committee's note ........................................................................ 13

### RULES

Fed. R. Civ. P.
  Rule 23(a)(1) ........................................................................................................................... 5
  Rule 23(a)(2) ........................................................................................................................... 6
  Rule 23(a)(4) ........................................................................................................................... 8
  Rule 23(b)(1) ......................................................................................................................... 12
  Rule 23(b)(1)(A) ................................................................................................................... 11
  Rule 23(b)(1)(B) ............................................................................................................. passim
  Rule 23(b)(2) ................................................................................................................... passim
  Rule 23(c)(2)(A) .................................................................................................................... 12
  Rule 23(g)(1)(C)(i) ................................................................................................................ 13
  Rule 23(g)(1)(C)(ii) ............................................................................................................... 13
  Rule 55 .................................................................................................................................... 2
  Rule 65(d) ............................................................................................................................... 9

### TREATISES

2 NEWBERG ON CLASS ACTIONS § 4:14 (4th ed. 2002) .................................................................. 9

MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.311 (2004) ................................................. 12

## INTRODUCTION

Plaintiff, The Mitchell Company, Inc. ("Mitchell") submits this memorandum and accompanying evidence in support of its motion for certification of a Plaintiff Class of builders who used drywall manufactured by Taishan Gypsum Co., Ltd., for the construction, repair, or remodeling of any structure and who incurred or will incur any expense associated with remediation efforts necessitated by the drywall. Mitchell alleges that drywall manufactured by Defendant Taishan is defective because even when properly installed and used for its intended purpose, the drywall undergoes a chemical reaction resulting in sulfur off-gassing, which in turn creates a foul smell and causes corrosion of certain nearby metal products, including HVAC system components and wiring.

As a direct consequence of Taishan's defective drywall, builders are engaged in extensive remediation efforts for the affected homes, or may be obligated to make repairs or otherwise compensate their homeowner customers. Plaintiff and other builders continue to pursue claims against the numerous Defendants named in the Complaint. However, Defendant Taishan has failed to appear in any of the actions brought against it by homeowners or builders. In order to protect the rights of builders as remediation efforts progress, Plaintiff, on behalf of a Class of homebuilders, seeks declaratory relief that any costs a builder incurs or is held liable for in connection with Taishan's defective drywall be reimbursed, or borne in the first instance by, Taishan.

As set forth below, for purposes of this limited equitable relief, the Class satisfies all of the prerequisites for certification under Fed. R. Civ. P. 23(b)(2) and 23(b)(1)(B).

## BACKGROUND AND PROCEDURAL HISTORY

Mitchell filed its Complaint in the Northern District of Florida on March 6, 2009, alleging claims on behalf of itself and others similarly situated against Defendants Knauf Gips

850030.5

KG ("Knauf Gips"); Knauf Plasterboard (Tianjin) Co., Ltd. ("Knauf Tianjin"); Taishan Gypsum Co. Ltd. (f/k/a Shandong Taihe Dongxin Co. Ltd.) ("Taishan"); Interior & Exterior Building Supply, L.P. ("Interior & Exterior"); and Rightway Drywall, Inc. ("Rightway").

Mitchell perfected service of its original Complaint on defendant Taishan on or about May 8, 2009. To date, Taishan has failed to enter an appearance, answer, or otherwise respond to Mitchell's original Complaint. Accordingly, pursuant to Fed. R. Civ. P. 55, this Court entered a preliminary default against Taishan on September 23, 2009. Mitchell filed its Amended Complaint on July 7, 2009. On December 4, 2009, Mitchell filed a motion to intervene in the default proceedings in *Germano v. Taishan Gypsum, et al.*, Case No. 2:09-cv-6687, currently scheduled for proceedings in this Court in January and February, 2010.

With this motion, Mitchell requests certification, pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(1)(B), of the Class defined as:

> All persons and entities in the States of Alabama, Mississippi, Louisiana, Georgia, Texas, and Florida who used drywall manufactured by Taishan Gypsum Co., Ltd., for the construction, repair, or remodeling of any improvement to real property and who have incurred or will incur, or be held responsible for, any expenses associated with (1) repair or replacement of all or part of the defective drywall, and/or (2) repair or replacement of other property damaged by the defective drywall, and/or (3) other expenses that were or will be incurred as part of the remediation of the effects of the defective drywall, including, without limitation, the cost of investigation and expert analysis of the defect, and cost of relocating customers displaced by the presence of defective drywall.[1]

Excluded from the proposed Class are Defendant Taishan, its legal representatives, officers, directors, assigns, and successors, or any entity in which the Defendant

---

[1] The wording of this Class definition varies slightly from the one in Mitchell's original Complaint, but is substantively the same. Mitchell may move to expand the definition to a nationwide class in the future.

has a controlling interest; the judge to whom this action is assigned and members of the judge's immediate family; claims for personal injury, wrongful death and/or emotional distress; and all person or entities who properly execute and timely file a request for exclusion from the Class.

Through this motion, Mitchell seeks certification of limited equitable claims, specifically, declaratory relief establishing Taishan's responsibility for bearing all costs builder incur or are held liable for in remediating structures built with Taishan's defective drywall.

## LEGAL STANDARD

Class certification is soundly within the district court's discretion. *Vizena v. Union Pac. R.R. Co.*, 360 F.3d 496, 502-03 (5th Cir. 2004). In deciding a certification motion, the Court may go beyond the pleadings to understand the substance of the claims and defenses asserted, but "'the strength of a plaintiff's claim should not affect the certification decision.'" *Cole v. Gen. Motors Corp.*, 484 F.3d 717, 724 (5th Cir. 2007) (*quoting Castano v. Am. Tobacco Co.*, 84 F.3d 734, 745 (5th Cir. 1996)). Plaintiffs bear the burden of demonstrating that the case is appropriate for class treatment. *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 n.4 (5th Cir. 2001).

The entry of default against Taishan does not include an automatic grant of class certification; the Court must still analyze the Rule 23 factors. However, as with any default, all factual allegations of the complaint are deemed admitted, and plaintiffs may take advantage of these admissions in their class certification motion. *See Davis v. Hutchins*, 321 F.3d 641, 648 (7th Cir. 2003); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 340-41 (4th Cir. 2006). The Court may rely on the "admitted and well-pleaded allegations of Plaintiffs' complaint" to inform its decision on class or collective action certification. *Davis v. Precise Comm. Svcs., Inc.*, No. 07-3128, 2009 U.S. Dist. LEXIS 26171, *5 (N.D. Ga. Mar. 27, 2009). In *Davis*, for example, the court assumed as true the allegation that the defaulted defendant

- 3 -

employed "numerous" technicians, the method by which the technicians' wages were determined, and the defendant's failure to properly compensate them. *Id*. at *6-7. Further, allegations in the complaint and affidavits established the common factual circumstances of the affected workers' employment. *Id*. at *7.

## ARGUMENT

As discussed below, and based in part on the well-pled allegations in Plaintiff's complaint and other documents in support of this motion, each of the requirements for class certification is met. Indeed, actions seeking injunctive relief are routinely certified. *McWaters v. FEMA*, 237 F.R.D. 155, 162 (E.D. La. 2006) (certifying class where "plaintiffs seek only injunctive and declaratory relief"); *Leszczynski v. Allianz Ins.*, 176 F.R.D. 659, 674 (S.D. Fla. 1997) (certifying (b)(2) action seeking declaration of rights as to coverage available under insurance policies); *San Antonio Hispanic Police Officers' Org., Inc. v. City of San Antonio*, 188 F.R.D. 433, 444 (W.D. Tex. 1999) (Rule 23(b)(2) requirement "is almost automatically satisfied in actions primarily seeking injunctive relief.") (*citing Baby Neal for and by Kanter v. Casey*, 43 F.3d 48, 58-59 (3d Cir. 1994)); *Neff v. Via Metro. Transit Auth.*, 179 F.R.D. 185, 195 (W.D. Tex. 1998) (same).

Moreover, cases such as this one, in which undisclosed or latent product defects cause economic loss and require repair, replacement or remediation, frequently involve common issues of law and fact that make class treatment appropriate. *See, e.g., McManus v. Fleetwood Enters.*, 320 F.3d 545, 552 (5th Cir. 2003) (affirming certification of consumer implied warranty claims against vehicle manufacturer); *Daffin v. Ford Motor Co.*, 458 F.3d 549 (6th Cir. 2006) (affirming certification of product defect/express warranty class against vehicle manufacturer); *Martin v. Amana Refrigeration, Inc.*, 435 N.W.2d 364 (Iowa 1989) (affirming certification of consumer warranty class against manufacturer arising from defective furnaces); *Hicks v.*

*Kaufman and Broad Home Corp.*, 89 Cal.App.4th 908, 107 Cal.Rptr.2d 761 (Cal. App. 2001) (reversing denial of class certification in consumer warranty class against manufacturer arising from defective foundations).

Here, certification is proper under Rule 23(b)(2) and (b)(1)(B). Plaintiff, on behalf of the proposed Class, seeks equitable relief in the form of a judicial declaration establishing Taishan's duty to reimburse, or bear in the first instance, any remediation costs Class members incur or are held liable for because of Taishan's defective drywall.

## I. The proposed Class satisfies the Rule 23(a) requirements.

### A. The proposed Class likely consists of over one hundred homebuilders.

Rule 23(a)(1) requires that "the proposed class is so numerous that the joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1); *Bozes v. Parish of St. Bernard*, 252 F.R.D. 313, 315 (E.D. La. 2008). Plaintiffs must make more than a mere allegation of numerosity, but are not required to establish the exact number of potential class members. *Bywaters v. United States*, 196 F.R.D. 458, 465 (E.D. Tex. 2000). Rather, the plaintiff need only "demonstrate some evidence or reasonable estimate of the number of purported class members." *Zeidman v. J. Ray McDermott & Co.*, 651 F. 2d 1030, 1038 (5th Cir. 1981). The relevant inquiry is not on sheer numbers alone, but instead on the practicability of joinder and all other relevant factors, *Pederson v. Louisiana State University*, 213 F.3d 858, 868 (5th Cir. 2000), including the (1) geographical dispersion of the class; (2) ease with which class members may be identified; (3) nature of the action; and (4) size of each plaintiff's claim. *Zeidman*, 651 F.2d at 1038.

As alleged in Plaintiff's Complaint, and further evidenced by the volume of related cases currently pending in the MDL proceedings before this Court, a large number of builders were involved in the construction of homes that included drywall manufactured by Taishan. Complaint, *Mitchell* Doc. No. 1 at ¶ 26. In the federal system alone, Taishan is a

- 5 -

850030.5

defendant in over 150 cases; presumably, each of these cases implicates builders as well. Nicholas Decl., ¶ 5.  Finally, Plaintiff's allegation is substantiated by the Omnibus Complaint, filed December 9, 2009 by homeowner plaintiffs in the MDL against Taishan's co-Defendant Knauf, which names 388 builders and 93 contractors and installers as defendants.  Complaint, *Payton et al. v. Knauf Gips KG, et al.*, No. 09-7628, Doc. No. 1 at 400-486 (builders) and 486-506 (contractors and installers).  Thus, the numerosity requirement is satisfied.

> **B.    The Class members' claims have a number of legal and factual issues in common.**

Commonality requires the existence of "questions of law or fact that are common to the class." Fed. R. Civ. P. 23(a)(2).  The inquiry is not demanding.  *Mullen v. Treasure Chest Casino, L.L.C.*, 186 F.3d 620, 624 (5th Cir. 1999).  "The commonality test is met when there is at least one issue, the resolution of which will affect all or a significant number of the putative class members."  *Lightbourn v. County of El Paso*, 118 F.3d 421, 426 (5th Cir. 1997) (*citing Forbush v. J.C. Penney Co.*, 994 F.2d 1101, 1106 (5th Cir. 1993)).  All that is necessary is at least one common question of law or fact.  *James v. City of Dallas*, 254 F.3d 551, 570 (5th Cir. 2001).  Class members' interests and claims need not be identical; rather, commonality is met even when there is just one issue whose resolution will affect a significant number of the proposed class.  *Forbush*, 994 F.2d at 1106.  "Therefore, the fact that some of the Plaintiffs may have different claims, or claims that may require some individualized analysis, is not fatal to commonality."  *James*, 254 F.3d at 570.

Here, there are numerous questions of law and fact common to the Class, including whether the subject drywall is defective, whether Taishan owed a duty to its downstream customers to exercise reasonable care in the production of its product and whether it breached that duty, whether Taishan knew of the defect, whether the manufacture and sale of

- 6 -

850030.5

defective drywall breached any express or implied warranties, whether Taishan must indemnify builders for any findings of liability against them, and whether Taishan is responsible in equity to homebuilders for any costs incurred remediating homes built with Taishan's defective drywall. The Judicial Panel on Multidistrict Litigation cited many of these "common questions of fact" in its order transferring and consolidating all federal drywall cases. JPML Transfer Order, MDL Doc. No. 1 at 1-2 ("All actions share factual questions concerning drywall manufactured in China, imported to and distributed in the United States, and used in the construction of houses…"). Accordingly, the commonality requirement is met.

### C.     **Plaintiff's claims are typical of those of the proposed Class.**

The test for typicality is also not demanding. *Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002) (*citing James*, 254 F.3d at 571). Typicality focuses "on the similarity between the named plaintiffs' legal and remedial theories and the legal and remedial theories of those whom they purport to represent." *Flanagan v. Ahearn (In re Asbestos Litig.)*, 90 F.3d 963, 975 (5th Cir. 1996). Class members do not need completely identical claims. *James*, 254 F.3d at 571. Rather, the test is whether the plaintiff's claims have fundamentally the same essential characteristics of those of the putative class. *Id*. When the claims permeate from a similar course of conduct or transaction and share the same legal theory, factual differences will not defeat typicality. *Id*.

Here, all Class members' claims stem from Defendant Taishan's manufacture and sale of allegedly defective drywall. Plaintiff and all Class members have claims for strict liability, negligence, breach of warranty, indemnity, and equitable restitution. Accordingly, Mitchell's case is typical of that of the Class members.

- 7 -

### D. **Plaintiff and its counsel will adequately protect the interests of the proposed Class.**

The last requirement under Rule 23(a) is that the representative parties "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Differences between named plaintiffs and class members render the named plaintiffs inadequate representatives only if those differences create conflicts between the named plaintiffs' interests and the class members' interests." *Mullen*, 186 F.3d at 625-26. The adequacy requirement mandates inquiry into: (1) the zeal and competence of representative's counsel; and (2) the willingness and ability of representative to take an active role in and control the litigation and to protect interests of absentees. *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001).

Plaintiff Mitchell is an adequate representative of the Class. As a homebuilder that utilized Taishan's defective drywall, Mitchell has and will continue to incur expenses in remediating homes with the defective drywall, or may be found liable for such expenses. Thus, Mitchell is highly motivated to hold Taishan and other manufacturers accountable. Mitchell's counsel are adequate advocates for the Class. They have significant experience as lead counsel in similar, nationwide defective building products cases, as well as product defect and consumer fraud class actions generally. *See* Declarations of Elizabeth J. Cabraser and Steven L. Nicholas. Thus, the adequacy of representation prong is readily satisfied.

## II. **The Class is appropriate for certification under Rule 23(b)(2) and 23(b)(1)(B).**

### A. **The Class should be certified under Rule 23(b)(2).**

Class certification is appropriate under Rule 23(b)(2) if the 23(a) factors are met and "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

"The requirement of 23(b)(2) is almost automatically fulfilled in actions where the relief sought is primarily injunctive." *San Antonio Hispanic Police Officers' Org., Inc. v. City of San Antonio*, 188 F.R.D. 433, 444 (W.D. Tex. 1999) (*citing Baby Neal ex rel. Kanter v. Casey*, 43 F.3d 48, 58 (3rd Cir. 1994)). Class members need not be injured in the exact same way by the defendant's conduct; rather, Rule 23(b)(2) is met when "[a]ction or inaction is directed to a class . . . even if it has taken effect or is threatened only as to one or a few members of the class, provided it is based on grounds which have general application to the class." Fed. R. Civ. P. 23 advisory committee's note (1966). *See also Maldonado v. Ochsner Clinic Found.*, 493 F.3d 521, 524 (5th Cir. 2007) ("class members must have been harmed in essentially the same way.") (*citing Bolin v. Sears, Roebuck & Co.*, 231 F.3d 970, 975 (5th Cir. 2000)). Rule 23(b)(2) certification is therefore appropriate where "members of the proposed class would benefit from the injunctive relief they request." *In re Monumental Life Ins. Co.*, 364 F.3d 408, 416 (5th Cir. 2004). *See also Bolin*, 231 F.3d at 978. The injunctive relief sought must also be specific. *Maldonado*, *supra*, at 524 (*citing* Fed. R. Civ. P. 65(d); *Ala. Nursing Home Ass'n v. Harris*, 617 F.2d 385, 387-88 (5th Cir. 1980)). Finally, while the injunctive relief must predominate over monetary damage claims, *Maldonado*, *supra*, at 524, the availability of equitable restitution accompanying the injunctive relief does not preclude certification. *DeHoyos v. Allstate Corp.*, 240 F.R.D. 269, 285 (W.D. Tex. 2007) (*citing In re Monumental Life Ins. Co.*, 365 F.3d at 418; 2 NEWBERG ON CLASS ACTIONS § 4:14 (4th ed. 2002)).

Here, the proposed homebuilder Class satisfies all requirements of (b)(2) certification. Most importantly, the Class seeks only declaratory relief against a defaulted defendant. This equitable claim is ideally suited for (b)(2) certification. *See McWaters v. FEMA*, 237 F.R.D. 155, 162 (E.D. La. 2006) ("[P]laintiffs seek only injunctive and declaratory

- 9 -

850030.5

relief rather than monetary damages. Where such relief is sought class certification is appropriate under Rule 23(b)(2).")  Further, it is clear Taishan has "refused to act on grounds that apply generally to the class."  Specifically, by failing to appear in this or any related action, Taishan has disavowed the liability it carries as the manufacturer of defective drywall used by the proposed Class of builders.  Taishan's lack of action, in turn, affects all Class members in "essentially the same way," *see Maldonado*, *supra*, for it imposes on all Class members an increased risk of bearing a greater share of liability than warranted.  In order to protect their rights, the proposed Class seeks specific injunctive relief in the form of a declaration from the Court that Taishan is responsible for all costs that have been incurred by builders in remediating structures built with Taishan's defective drywall, that any future costs incurred by the builders will pass through to Taishan, and that Taishan must indemnify builders for any findings of liability against Class members.

       The declaratory relief sought here is analogous to indemnity actions or insurance declaratory relief actions, both of which are principally equitable in nature.  *See*, *e.g.*, *Adkinson v. International Harvester Co.*, 975 F.2d 208, 213 (5th Cir. 1992) (explaining that many states, including Mississippi, treat indemnity claims as equitable claims).  Indeed, coverage actions are regularly certified under Rule 23(b)(2).  *Leszczynski v. Allianz Ins.*, 176 F.R.D. 659, 674 (S.D. Fla. 1997) (certifying (b)(2) action seeking declaration of rights as to coverage available under insurance policies); *Jones v. Am. Gen. Life & Accident Ins. Co.*, 213 F.R.D. 689, 698 (S.D. Ga. 2002) (granting (b)(2) certification of claim alleging improper termination of life insurance benefits).  As in insurance coverage actions, the Class here seeks an equitable remedy from the party responsible for the remediation costs the Class has incurred and continues to incur on structures belonging to third parties.

For all these reasons, (b)(2) certification is warranted.

B. **The Class should also be certified under Rule 23(b)(1)(B).**

The proposed Class should also be certified under Rule 23(b)(1)(B), which permits certification if "prosecuting separate actions . . . would create a risk of adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudication…" Fed. R. Civ. P. 23(b)(1)(B) . "Rule 23(b)(1)(B) is appropriate for any lawsuit which, if litigated individually, would have the practical if not technical effect of concluding or impairing the interests of persons who are not parties to the lawsuit." *Boos v. AT&T, Inc.*, 252 F.R.D. 319, 325 (W.D. Tex. 2008) (*citing Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 833 (1999)). Thus, whereas Rule 23(b)(1)(A) "considers possible prejudice to the defendants," section (b)(1)(B) looks to "possible prejudice to the putative class members." *Tittle v. Enron Corp.* (*In re Enron Corp Sec., Derivative & "ERISA" Litig.*), No. H-01-3913, 2006 U.S. Dist. LEXIS 43145, *62 (S.D. Tex. June 7, 2006) (*citing In re IKON Office Solutions, Inc. Sec. Litig.*, 191 F.R.D. 457, 466 (E.D. Pa. 2000)).

Here, in light of Taishan's default, a judicial declaration that Taishan is liable to Mitchell in equity for remediation expenditures would apply with equal force to all other builders. As such, the Court's ruling will be "dispositive" of other builders' claims against Taishan. The Class is therefore appropriately certified under (b)(1)(B), so that this determination is made with all Class members' interests in mind, and so that the Class members are treated on equal grounds as against the defaulted defendant. Taishan's default may also portend a traditional "limited fund" situation that justifies Rule 23(b)(1)(B) certification under the prevailing standards of *Ortiz v. Fibreboard Corp.*, 524 U.S. 936, 118 S.Ct. 2339 (1998).

- 11 -

### C. Effective notice can be provided to class members.

In Rule 23(b)(1) or (b)(2) actions, notice to Class members is discretionary, not mandatory. Fed. R. Civ. P. 23(c)(2)(A). If notice is deemed appropriate, the court should issue notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). In (b)(1) and (b)(2) actions, this notice "need not be individual notice." MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.311 (2004). Rather, because notice is "not constitutionally required" in those cases, courts have approved notice strictly through publication. *Jackson v. Waller Indep. Sch. Dist.*, No. H-07-3086, 2008 U.S. Dist. LEXIS 22923, *28-29 (S.D. Tex. Mar. 24, 2008) (*citing Handschu v. Special Servs. Div.*, 787 F.2d 828 (2d Cir. 1986); *Franks v. Kroger Co.*, 649 F.2d 1216, 1222-23 (6th Cir. 1981)).

Should the Court require notice here, there will be no impediments to implementing a thorough and effective notice plan. The coordination of federal and state litigation will aid in the dissemination of notice to the putative Class members. Furthermore, given the widespread publicity of this litigation, and continued media interest in the matter, publication notice may be effectively utilized. Should the Court grant this motion and require notice, Plaintiff will prepare a thorough notice plan designed by a notice expert that comports with all Rule 23 requirements.

### III. The Court should appoint the undersigned as Class counsel.

Plaintiffs request that the Court appoint Elizabeth Cabraser, Jonathan Selbin, and Kristen Law of Lieff, Cabraser, Heimann & Bernstein, LLP, and Steven L. Nicholas and R. Edwin Lamberth of Cunningham Bounds, LLC to represent the Class in this action. These counsel meet all four criteria that the district court must consider in evaluating the adequacy of

- 12 -

850030.5

proposed counsel. The four considerations are: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(C)(i). The Court is also free to consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(g)(1)(C)(ii) . "No single factor should necessarily be determinative in a given case." Fed. R. Civ. P. 23(g) advisory committee's note.

Information relevant to each of these criteria is set forth in the accompanying Declarations of Elizabeth J. Cabraser and Steven L. Nicholas. In summary, Class counsel's breadth and depth of experience demonstrate their solid qualifications to vigorously prosecute the action.

## CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests class certification pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(1)(B).

DATED: December 23, 2009

*s/ Kristen E. Law*
ELIZABETH J. CABRASER
KRISTEN E. LAW
Lieff, Cabraser, Heimann & Bernstein, LLP
Embarcadero Center West
275 Battery Street, 29th Floor
San Francisco, California  94111-3339
415-956-1000
415-956-1008 (fax)

850030.5

        STEVEN L. NICHOLAS (ASB-2021-N35S)
        R. EDWIN LAMBERTH
        Cunningham Bounds, LLC
        1601 Dauphin Street
        Mobile, Alabama  36604
        251-471-6191
        251-479-1031 (fax)

        JONATHAN D. SELBIN
        Lieff, Cabraser, Heimann & Bernstein, LLP
        780 Third Avenue, 48th Floor
        New York, New York  10017-2024
        212-355-9500
        212-355-9592 (fax)

        Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

        I do hereby certify that the above and foregoing "Memorandum In Support Of Plaintiff's Motion For Class Certification Against Taishan Gypsum Co., Ltd." has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this the 23rd day of December, 2009.

                                                  *s/ Kristen E. Law*
                                                  KRISTEN E. LAW

**DEFENDANTS TO BE SERVED AS FOLLOWS:**

Knauf Gips KG
Ridham Dock, Kemsley
Sittingbourne, Kent ME9 8SR, UK

Knauf Plasterboard (Tianjin) Co., Ltd.
North Yinhe Bridge, East Jingjin Road
RC-300400 Tianjin, China

Taishan Gypsum Co. Ltd.
Dawenkou Daiyue District
RC-271026 Tai'an Shandong, China

Interior & Exterior Building Supply, L.P.
727 South Cortez Street
New Orleans, Louisiana 70119

Rightway Drywall, Inc.
c/o Michael S. Jenkins, Registered Agent
102 Samantha Drive
Bonaire, Georgia 31005