IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL No. 09-2047** |
| | **SECTION: L** |
| **THIS DOCUMENT RELATES TO:** Curtis Hinkley, et al. v. Taishan Gypsum Co. Ltd., et al. Case No. 2:2009-cv-06686 (E.D. La.) | **JUDGE: FALLON** |
| | **MAGISTRATE: WILKINSON** |

**VENTURE SUPPLY, INC. AND THE PORTER-BLAINE CORPORATION'S OBJECTION AND MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND THE FIRST AMENDED CLASS ACTION COMPLAINT BY INTERLINEATION**

Defendants Venture Supply, Inc. ("Venture") and The Porter-Blaine Corporation ("PB"), by counsel, for their Objection and Memorandum in Opposition to the Plaintiffs' Motion to Amend the First Amended Class Action Complaint by Interlineation (MDL No. 2047, Doc. No. 672), respectfully states as follows:

**PROCEDURAL HISTORY AND FACTS**

On December 30, 2009, the Plaintiffs filed a motion requesting leave to amend the First Amended Class Action Complaint filed in the Hinkley case by interlineation. With their Motion, the Plaintiffs lodged a *fourth* version of the complaint filed in this action.

The original Class Action Complaint was filed in the Eastern District of North Carolina on May 15, 2009. Plaintiffs' First Amended Class Action Complaint was subsequently filed on May 26, 2009.

On July 20, 2009, Defendants Venture and PB filed a Motion to Dismiss pursuant to Rule 12(b)(6) and Memorandum in Support, true copies of which are filed herewith as Exhibit 1 and incorporated herein by reference.

On August 12, 2009, Plaintiffs filed a Motion to Amend Plaintiffs' Amended Complaint along with their proposed Second Amended Class Action Complaint.  The proposed Second Amended Complaint proposed to amend the First Amended Complaint in four (4) respects, as follows:

    1. In the "Defendants" section of the complaint, paragraphs 10 and 11 were added, making allegations aimed at attaining personal jurisdiction over Defendant Tobin Trading, Inc.

    2. Count II (negligence *per se*) added paragraphs 51 and 52, alleging that "Defendant failed to provide drywall under USBC § 112.3, 113.5" and "Since the Chinese drywall was manufactured in China and did not contain the proper listing, label or certification it is no [sic] compliant with ASTMC 36, C1395, E119 and other related *standards*" (Second Amended Complaint at p. 11 (emphasis added)).

    3. Count III (breach of express and/or implied warranties), which currently alleges that "The drywall was defective because it was not fit for the uses intended or reasonably foreseeable by Defendants; to wit, the installation of the drywall in Plaintiffs" and Class Members homes for use as a building material, because it contained defects as set forth herein" (First Amended Complaint ¶ 54), has been modified to allege that "The drywall was defective *and not merchantable* because it was *unfit* for the uses intended or reasonably foreseeable by Defendants; to wit, the installation of the drywall in Plaintiffs' and Class Members' homes for use as a building material, because it contained defects as set forth herein" (Second Amended Complaint ¶ 58 (emphasis added)).

    4. The "Prayer for Relief" dropped the request for punitive damages.

On August 12, 2009, Plaintiffs also filed a response to Venture and PB's Motion to Dismiss.

The Eastern District of North Carolina never had occasion to decide Venture and PB's Motions to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, nor did it rule upon the Plaintiffs' motion for leave to file the Second Amended Class Action Complaint.

On October 6, 2009, the United States Judicial Panel on Multidistrict Litigation entered a Transfer Order directing that the Germano and Hinkley actions were transferred to this Court for inclusion in the coordinated or consolidated pretrial proceedings occurring in MDL Docket No. 2047.

On or about October 7, 2009, the Plaintiffs filed in this Court Gross v. Knauf Gips, Kg., et al, Case No. 6690 (E.D. La.), which is a class action on behalf of all residents of the United States against a number of defendants including Taishan ("Gross action").[1]

On October 30, 2009, in Germano, et al. v. Taishan Gypsum Co., Ltd., et al., (Case No. 2:09-cv-6687), the Plaintiffs' filed a Motion to Amend the First Amended Class Action Complaint by Interlineation (MDL No. 2047, Doc. No. 396). The Plaintiffs, in Germano, sought to "amend the class definition as to Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd. ("Taishan") from a Virginia class to a national class, *i.e.*, all persons and entities in the United States with properties that were impacted by defective drywall that was manufactured and distributed by Taishan." (Mot. To Amend First Am. Class Action Compl. at p. 1.) Said Motion was granted by the Court on November 17, 2009 (MDL No. 2047, Doc. No. 469).

On December 30, 2009, the Plaintiffs filed the instant motion requesting leave to file another version of the First Amended Class Action Complaint this time by interlineation.[2] The Second Amended Class Action Complaint lodged with the instant motion contains additional

---

[1] That pleading was amended on or about October 17, 2009, but it remains a "national" class action against Taishan and others.

[2] It is unclear precisely what type of relief the Plaintiffs are requesting, since they have qualified their motion for leave to amend as one "by interlineation." Black's Law Dictionary defines interlineation as "[t]he act of writing between the lines of an instrument; also what is written between lines." Black's Law Dictionary 814 (6th Ed. 1990).

proposed amendments at numbered paragraphs 2, 3, 6, 13, 28, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 50, 74, 75, 76, 77, 78 and 88 (some of which are not discussed in the Plaintiffs' motion or supporting memorandum), including changes to the jurisdiction and venue allegations, the class action allegations, the negligence per se claim (Count II), and the injunctive relief and medical monitoring claim (Count VIII).  The proposed pleading also includes a new Count VI, entitled "Violation of Consumer Protection Acts (Against Taishan Only)."

## ARGUMENT

Leave to amend a complaint under Rule 15 is not automatic. Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 666 (5th Cir. 1981), *cert. denied*, 102 S.Ct. 672 (1982); Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979) (per curiam).  Denial may be warranted where there is an undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc.  Foman v. Davis, 371 U.S. 178, 182 (1962); see also Chitimacha Tribe of Louisiana v. Harry L. Laws Co., Inc., 690 F.2d 1157, 1163-64 (5th Cir. 1982) (observing that it is improper to amend solely to gain a tactical advantage).

With respect to the instant motion to amend by interlineation, Defendants note that two other federal District Courts have determined that amendment of pleadings by interlineation is disfavored and usually not permitted. See Davis v. DeVore, Slip Copy, 2009 WL 5033929, at *4 (S.D. Ill. 12/15/2009) ("Amendment by interlineation is disfavored and, usually, not permitted"); Georges v. Accutira Mortg., Inc., 2008 WL 2079125, at *3 (E.D. Mo. 5/15/2008) ("Plaintiffs also move to amend the complaint by interlineation.  This Court does not accept amendment by interlineation").  In the instant case, the proposed amendment by interlineation is not made to

correct clerical or typographical errors. The proposed amended complaint contains fundamental and substantive changes which are not properly amended by interlineation.

Plaintiffs' proposed amendment to the class definition against Taishan is made in bad faith, unduly prejudicial to Defendants, and futile. Additionally, for the reasons previously articulated in Venture and PB's Motion to Dismiss and Memorandum in Support (Exhibit 1 hereto), the proposed amendments to Counts II and III are insufficient to state a claim against Venture and PB under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Such amendments are, accordingly, futile and, if allowed, would cause undue prejudice to Defendants, against whom the complaint (in its current and proposed forms) fails to state a claim.

I. **PLAINTIFFS' PROPOSED AMENDMENTS REGARDING A NATIONAL CLASS AGAINST DEFENDANT TAISHAN GYPSUM CO. LTD. ARE MADE IN BAD FAITH, UNDULY PREJUDICIAL TO DEFENDANTS, AND FUTILE.**

On October 7, 2009, the Plaintiffs filed a national class action in the Gross action against Taishan and other defendants. On November 19, 2009, this Court granted the Plaintiffs' Motion to Amend First Amended Complaint in the Germano action. Accordingly, the Germano action also now asserts a national class action complaint against Taishan. Despite the inclusion of a national class action against Taishan in the Gross action and the Germano matter, the Plaintiffs seek to assert a third national class action against Taishan in the case *sub judice*.

According to the Plaintiffs' First Amended Class Action Complaint and proposed Second Amended Class Action Complaint, jurisdiction lies with this Court by virtue of 28 U.S.C. § 1332(d)(2). (Proposed Second Am. Class Action Compl. ¶ 1.) 28 U.S.C. § 1332(d)(2) provides:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which--
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;

> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
>
> (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

Paragraph (d)(5), however, goes on to state that "Paragraphs (2) through (4) shall not apply to any class action in which… the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5). Accordingly, in order for this Court to have jurisdiction over Venture and PB, the Plaintiffs must find at least 100 class members in North Carolina.

Included in the documents produced to the PSC by Defendants Venture and PB in the Germano action, are invoices of all the sales of Chinese drywall to North Carolina. These invoices are attached hereto as Exhibit 2. Those invoices show that PB had a total of 15 home projects in which Chinese drywall was used.[3] The only other invoice reflecting Chinese drywall shows a shipment of two free sample sheets of Chinese drywall to a North Carolina supplier. Therefore, Plaintiffs' counsel is aware that there are only 15 (maybe 16 including the two sample sheets) potential claimants in North Carolina against Venture and PB.

Since the Plaintiffs have already asserted a national class action against Taishan in the Gross and Germano actions, there is no plausible reason to assert a third, nearly identical national class action against Taishan in the matter *sub judice*. The Plaintiffs' only motive could be to meet the jurisdictional requirements of 28 U.S.C. §1332(d)(2). If the Plaintiffs are not able to show that at least 100 class members exist in North Carolina as to Venture and PB, the Plaintiffs' jurisdictional claim fails. Accordingly, the Plaintiffs' motion to amend the First Amended Complaint to assert a *third* national class action against Taishan can only have been

---

[3] In fact, the invoices show that the home of the named plaintiff in the Hinkley action has only ten Chinese drywall sheets – those labeled "Venture Supply drywall."

made in a bad faith attempt to expand the number of potential class members in this action. In other words, the Plaintiffs are attempting to create jurisdiction under 28 U.S.C. § 1332(d)(2).

Additionally, the Plaintiffs assert in their Proposed Amended Complaint that "prosecuting separate actions by or against individual Class and Subclass members would create a risk of inconsistent or varying adjudications with respect to the individual Class and Subclass members that would establish incompatible standards of conduct for the party opposing the Class and Subclass[.]" (Proposed Second Am. Class Action Compl. ¶ 36.) Plaintiffs' bad faith is further evidenced by this allegation, wherein a nod is given to the need to prevent inconsistent judgments, while seeking to prosecute a third national class action claim against Taishan; such an inconsistent judgment could affect Plaintiffs only on the basis of their membership in the national class action in Gross and Germano.

Allowing such an amendment would be prejudicial to the Defendants in this action, despite the Plaintiffs' contention that the proposed amendment will have "no impact on the claims against" Venture and PB. (Pls.' Mem. in Supp. of Mot. to Amend, p. 4.) Defendants Venture and PB will certainly be impacted by an amendment that would allow the Plaintiffs to create jurisdiction under 28 U.S.C. § 1332(d)(2) and could create a basis for class certification, where none currently exist.

Finally, in light of the national class actions against Taishan in Gross and Germano, the inclusion of a national class action in this case is futile, as the prosecution of any action in the present case would be barred by *res judicata* as to any judgment entered in the those actions. Rivera v. Chicken Delight, Inc., 1973 WL 817 (S.D. Tex 1973) (unpublished opinion noting that "The theory of a class action is that all members of a class are before the Court in the person of their representative and can thus be justly bound by the Court's decree," and holding that the plaintiffs, members of a previously adjudicated class, were "bound by the judgment and [were]

7

barred from prosecuting th[e] suit against the Defendant Chicken Delight, Inc.") (opinion filed herewith as Exhibit 3).

Because the Plaintiffs' Motion to Amend is made in a bad faith effort to create jurisdiction under 28 U.S.C. § 1332(d)(2), is unduly prejudicial to the Defendants, and is futile, the proposed amendments pertaining to a national class against Taishan should be denied.

II.   PLAINTIFFS' PROPOSED AMENDMENTS REGARDING COUNTS II AND III ARE FUTILE.

With the exception of the Plaintiffs' decision to drop the claim for punitive damages, the proposed amendments in the second version of the Second Amended Complaint will do nothing to change the Court's analysis as to whether the Plaintiffs have sufficiently stated claims against Defendants Venture and PB under Rule 12(b)(6). Accordingly, the Plaintiffs' Motion to Amend the First Amended Complaint should be denied.

"A district court may deny leave if amending the complaint would be futile - that is, 'if the proposed amended complaint fails to satisfy the requirements of the federal rules.'" US. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008) (citing United States ex rel. Fowler v. Caremark RX: LIE, 496 F.3d 730, 740 (7th Cir. 2007) and affirming district court's order denying leave to file proposed amended complaint that did not properly state a claim, lacked sufficient particularity, and therefore would be futile).

A.   Paragraphs 50, 51, and 52 of the Proposed Second Amended Complaint

Plaintiffs state that they "seek to amend their Complaint to allege negligence *per se* allegations with specific violations of building codes." (Plaintiffs' Memorandum at p. 2). Venture and PB's research has not disclosed the existence of Code known as the "United States Building Code." Notably, Plaintiffs do not allege that the specific cited sections (112.3 and 113.5) of the "United States Building Code" have been adopted by the legislature of North

8

Carolina or enacted into law. Additionally, the ASTM (American Society for Testing and Materials) standards cited by the Plaintiffs are not "Code" or statutory provisions that can serve as the basis for a negligence per se claim against the Defendants.[4]

> In order to prevail on [their] claim of negligence *per se*, plaintiff[s] must show: (1) a duty created by a statute or ordinance; (2) that the statute or ordinance was enacted to protect a class of persons which includes the plaintiff[s]; (3) a breach of the statutory duty; (4) that the injury sustained was suffered by an interest which the statute protected; (5) that the injury was of the nature contemplated in the statute; and, (6) that the violation of the statute proximately caused the injury.

Rudd v. Electrolux Corp., 982 F. Supp. 355, 365 (M.D.N.C. 1997) (citing Baldwin v. GTE South, Inc., 335 N.C. 544, 439 S.E.2d 108 (1994)). The vague, generalized references to the "United States Building Codes" and to the various ASTM standards cited in the proposed Second Amended Complaint are insufficient to state a negligence *per se* claim against Venture and PB.

Courts presented with complaints containing similar generic claims of negligence *per se* routinely dismiss such claims for failure to state a claim under Rule 12(b)(6). See, e.g., Holler v. Cinemark USA, Inc., 185 F. Supp. 2d 1242, 1244 (D. Kan. 2002) ("Notice pleading requirements suggest that plaintiff must plead the specific statute on which he bases his claim for negligence *per se*... If plaintiff brings a claim based on a specific statute, it logically follows that plaintiff must plead the statute on which the claim is based. In this case, plaintiffs generic complaint that defendant violated unspecified 'local, state and federal statutes, guidelines and regulations' does not provide fair notice of his claim. It is therefore subject to dismissal under Rule 12(b)(6)" (citations omitted)).[5]

---

[4] There is no claim or allegation in this case that the Defendants violated any specific provision of the North Carolina State Building Code.

[5] See also Pincetich v. Jeanfreau, 699 F. Supp. 1469, 1477 (D. Or. 1988) (dismissing negligence *per se* claim because plaintiffs did not cite the specific statute, rule or regulation that was allegedly violated, and because plaintiffs had not alleged that they were members of the class of persons meant to be protected by the statute or that the injury was the type which the statute was enacted to prevent); Gates v. WR. Grace

Post-Twombly, the federal pleading standard requires more than "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007); see also Walker v. Prince George's County, ___ F.3d ___, ___ 2009 WL 2343614, at *5 (4th Cir. 2009) (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) for proposition that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice' to plead a claim" and [w]e are not bound to accept as true a legal conclusion couched as a factual allegation").

Here, the proposed Second Amended Complaint fails to allege facts sufficient to state all the elements of a claim for negligence *per se*, and fails to allege enough facts to state a claim for negligence *per se* that is plausible on its face. The proposed Second Amended Complaint (like the First Amended Complaint) fails to allege sufficiently a duty created by a public safety statute; that the statute or ordinance was enacted to protect a class of persons which includes the Plaintiffs and putative class members; a breach by Defendants of any such public safety statutory duty; that the damage or injury allegedly sustained was suffered by an interest which any such statute protected; that the alleged damage or injury was of the nature contemplated in any such public safety statute; or that violation of the statute proximately caused the Plaintiffs and putative

---

& Co., Slip Copy, Case No. 8:08-cv-2560, 2009 WL 1455316, *3 (M.D. Fla. 5/21/09) (unpublished opinion granting 12(b)(6) motion to dismiss negligence *per se* claim, Court explained: "In this case, Mr. Gates fails to allege the violation of any specific statute or regulation, instead generally alleging that the Defendants 'violated various Federal, state and local environmental laws and regulations relating to the release and discharge to toxic pollutants into the water, soil and air, including specifically Federal and state regulations imposing MCLs for contaminants in drinking water.' …By failing to allege the statutory or regulatory basis for the negligence per se claim, Mr. Gates fails to give Defendants fair notice of the grounds on which this claim rests.  Moreover, Defendants have failed to allege that Mr. Gates was within the class of persons the unidentified statutes or regulations were designed to protect" (citation omitted)) (opinion filed herewith as Exhibit 4); Heisner ex rel. Heisner v. Genzyme Corp., Case No. 08-C-593, 2008 WL 2940811, *7 (ND. Ill. July 25, 2008) (unpublished opinion dismissing negligence *per se* claim "for failing to place Defendant on notice of the underlying standard of care, an essential element of a negligence per se claim") (opinion filed herewith as Exhibit 5).

class members to sustain damages. Because the proposed amendment would be futile, the Plaintiffs' motion to amend should be denied.

      B      <u>Paragraph 59 of the Proposed Second Amended Complaint</u>

Count III of the proposed Second Amended Complaint is identical to the First Amended Complaint, with the following modification (underscored and in italics): "The drywall was defective <u>*and not merchantable*</u> because it was <u>*unfit*</u> for the uses intended or reasonably foreseeable by Defendants; to wit, the installation of the drywall in Plaintiffs' and Class Members' homes for use as a building material, because it contained defects as set forth herein" (Second Amended Complaint ¶ 59 (emphasis added)).[6] The proposed modifications are conclusory and formulaic in nature.

Count III of the proposed Second Amended Complaint fails to state a claim against Defendants for breach of an express or implied warranty, for the reasons already discussed in Venture and PB's 12(b)(6) motion to dismiss the First Amended Complaint and supporting memorandum. Because the proposed amendment would be futile, the Plaintiffs' motion to amend should be denied.

## CONCLUSION

WHEREFORE, Defendants Venture Supply, Inc. and The Porter-Blaine Corporation respectfully pray that this Court enter an Order denying the Plaintiffs' Motion to Amend the First Amended Class Action Complaint by Interlineation (Doc. No. 672) and for such other relief as this Court deems proper.

---

[6] Just like the First Amended Complaint, Count III of the proposed Second Amended Complaint continues to allege in a conclusory fashion that "Defendants breached their warranty because the drywall was not fit and safe for the particular purposes for which the goods were required (to be installed in Plaintiffs' and Class Members' homes as a building material) due to the defects set forth herein" (Second Amended Complaint ¶ 59).

This the 12th day of January, 2010.

Respectfully submitted,

          By:    /s/ Thomas M. Buckley
                Thomas M. Buckley, Esq. (NCB # 26076)
                Mindi L. Schulze, Esq. (NCB # 32918)
                Attorney for Defendants Venture Supply, Inc. and The Porter-Blaine Corporation
                Hedrick, Gardner, Kincheloe & Garofalo, LLC
                4011 Westchase Blvd., Suite 300
                Raleigh, NC  27607
                Telephone:     (919) 719-3721
                Facsimile:      (919) 832-9425
                Email: TBuckley@hedrickgardner.com
                Email: MSchulze@hedrickgardner.com


                Mark C. Nanavati, Esquire (VSB #38709)
                Kenneth F. Hardt, Esquire (VSB # 23966)
                Sinnott, Nuckols & Logan, P.C.
                13811 Village Mill Drive
                Midlothian, Virginia 23114
                (804) 378-7600 ext. 3311 or 3316
                (804) 378-2610 (fax)
                khardt@snllaw.com
                mnanavati@snllaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Objection and Memorandum in Opposition to the Plaintiffs' Motion to Amend the First Amended Class Action Complaint by Interlineation was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 and has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, on this 12th day of January, 2010.

                                                      /S/ THOMAS M. BUCKLEY
                                                      Thomas M. Buckley