

Page 1

Not Reported in F.Supp., 1973 WL 817 (S.D.Tex.), 17 Fed.R.Serv.2d 473, 1973-1 Trade Cases P 74,542
**(Cite as: 1973 WL 817 (S.D.Tex.))**

C

United States District Court; S.D. Texas, Brownsville Division.
**Porfirio Rivera and wife, Antoinette Landry Rivera
v.
Chicken Delight, Inc.
Civil Action 71-B-91**
71-B-91

Filed June 4, 1973

GARZA, D. J.

### Memorandum and Order of Dismissal

This is an anti-trust suit brought by Porfirio Rivera and Antoinette Rivera, (Rivera), former owners of a Chicken Delight franchised store in Brownsville, Texas, seeking declaratory relief together with damages from Chicken Delight, Inc., (Chicken Delight), an Illinois corporation.

Chicken Delight has filed a motion to quash return of service, seeking dismissal on the grounds of improper service. Chicken Delight also seeks to have the suit against them dismissed on the basis that Rivera is barred by *res judicata*, as Rivera is a member of a class of Plaintiffs in *Siegel, et al v. Chicken Delight, Inc., et al* [1970 TRADE CASES P 73,146],311 F. Supp. 847 (N. D. Cal. 1970); [ 1971 TRADE CASES P 73,703]448 F. 2d 43 (CA 9 1971), aff'd in part, rev'd in part.

Chicken Delight alleges that Rivera is barred from prosecuting the present action by the settlement agreement and judgment entered in that suit pursuant to Rule 23 of the Federal Rules of Civil Procedure. Rivera asserts that they are not members of the class action in *Siegel, et al v. Chicken Delight, Inc., et al, supra.*

*Siegel, et al v. Chicken Delight, Inc., et al* (hereinafter *Siegel*) was filed in the Northern District of California, on behalf of all franchisees of Chicken Delight. The suit was brought under Federal Rule of Civil Procedure 23(b), which provides for the maintenance of a class action where "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and (the) class action is superior to other available methods for the fair and efficient adjudication of the controversy". The District Court, after a full hearing on the matter, held that the class of Chicken Delight franchisees constituted a proper class under Rule 23, and the law suit went forward on that basis. The class consisted of any person, partnership or corporation who was a Chicken Delight franchisee at any time between January 5, 1963, and April 30, 1970, and who did not request exclusion from the class. In his complaint, Plaintiff Rivera has alleged that he was a franchisee of Chicken Delight from and after April 18, 1968. Rivera did not request exclusion and thus falls within the group of class members.

As a member of the class in *Siegel*, Rivera is bound by the results of that suit. *Siegel*, upon remand to the District Court for trial on the issue of damages, was terminated by a dismissal with prejudice entered pursuant to paragraph 18 of the court-approved settlement agreement in that action. *Siegel, supra.* The dismissal with prejudice has the same effect as a final judgment. *Astron Industrial Associates, Inc. v. Chrysler Motor Corp.*, 405 F. 2d 958 (CA 5 1968). "A dismissal with prejudice is as conclusive of the rights of the parties as an adverse judgment after trial, being *res judicata* of all questions which might have been litigated in the suit . . .". *Esquire, Inc. v. Varga Enterprises, Inc., et al*, 185 F. 2d 14, 17 (CA 7 1950).

The only evidence presented by Rivera that he was not a member of the Plaintiff class in *Siegel* is a letter from Royce H. Schulz, one of the attorneys for the Plaintiff class in *Siegel*, to Rivera's attorney, Homero Lopez. The letter, dated July 19, 1972, stated that Rivera's name did not appear on either the class list or the list of franchisees who had chosen to "opt out" of the class action. Chicken Delight explained the missing name of Rivera from the lists in a logical manner. Rivera's name appeared on the list as Rivera Porfirio, with the first and last names reversed in their proper order. Rivera's name appears in such reverse order on the mailing list which Chicken Delight filed as exhibits.

The mistake was explained to Mr. Lopez by attorneys for the Plaintiff class and the Defendant in the present

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.


DEFENDANT'S EXHIBIT

Not Reported in F.Supp., 1973 WL 817 (S.D.Tex.), 17 Fed.R.Serv.2d 473, 1973-1 Trade Cases P 74,542
**(Cite as: 1973 WL 817 (S.D.Tex.))**

suit. An offer was made to Rivera that participation in the settlement fund would still be possible, even though Rivera failed to file a claim by the deadline of October 15, 1972.

Rivera was given adequate notice of the *Siegel* suit. The affidavits of attorneys for the Plaintiff class in the *Siegel* suit, unequivocally establish that notices of the California class action were sent to Mr. Rivera, in accordance with Federal Rule 23(c)(2); each franchisee was informed that he could elect to "opt out" of the Plaintiff class, if he so desired. Rivera did not elect to be excluded from the class.

The theory of a class action is that all members of a class are before the Court in the person of their representative and can thus be justly bound by the Court's decree, *Calagaz v. Calhoun,* 309 F. 2d 248 (CA 5 1962). The Fifth Circuit, in *Wren v. Smith,* 410 F. 2d 390 (CA 5 1969), disposed of an appeal by prison inmates on the basis that appellants were members of a class which had previously been denied relief, and thus the appellants were bound by such a judgment.

Throughout the California litigation, the rights of the class members were adequately represented by the Plaintiff's class attorneys. Notice of the suit was sent to each available member of the class, including Rivera. A notice and explanation of the settlement agreement was also sent to each available class member as prescribed by Federal Rule 23(e).

The test of adequate representation, as given in *Gonzales, et al v. Cassidy, Jr., et al,* - F. 2d - (5 Cir. February 15, 1973, No. 71-3344), for a class action, has been satisfied in the California litigation. The two requirements for the class to be represented adequately are: (1) Did the trial court in the first suit correctly determine, initially, that the representative would adequately represent the class?, (2) Does it appear, after the termination of the suit, that the class representative adequately protected the interest of the class?

The Court held in *Gonzales, et al v. Cassidy, Jr., et al, supra,* that: "the primary criterion for determining whether the class representative has adequately represented his class for purposes of *res judicata* is whether the representative, through qualified counsel, vigorously and tenaciously protected the interests of the class".

Such a test has been met in the California litigation and Rivera, being a member of that class, is bound by the judgment and is barred from prosecuting this suit against the Defendant Chicken Delight, Inc.

The Defendant's motion to quash return of service because of improper service is a moot question, since Rivera is barred from prosecuting this claim against Chicken Delight, and this cause is hereby dismissed and dropped from the docket of this Court.

It is the hope of this Court that Mr. Rivera can still participate in the settlement fund, and if he cannot, I am sure that other avenues are open to him for allowing his attorney to be misled in believing that he was not a member of the class.

The Clerk will send copies of this Memorandum and Order of Dismissal to counsel for the parties.

S.D.Tex. 1973.
Rivera v. Chicken Delight, Inc.
Not Reported in F.Supp., 1973 WL 817 (S.D.Tex.), 17 Fed.R.Serv.2d 473, 1973-1 Trade Cases P 74,542

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.