Westlaw.

Slip Copy, 2009 WL 1455316 (M.D.Fla.)
**(Cite as: 2009 WL 1455316 (M.D.Fla.))**

**C**Only the Westlaw citation is currently available.

United States District Court, M.D. Florida,
Tampa Division.
Charlie L. GATES, Jr. and Kimberly Gates, Plaintiffs,
v.
W.R. GRACE & CO., et al., Defendants.
**No. 8:08-cv-2560-T-27TBM.**

May 21, 2009.

West KeySummary
**Waters and Water Courses 405 ⚷⟶104**

<u>405</u> Waters and Water Courses
    <u>405III</u> Subterranean and Percolating Waters
        <u>405k104</u> k. Pollution. <u>Most Cited Cases</u>
Florida's Water Quality Assurance Act (WQAA) provided a cause of action in strict liability against a chemical fertilizer plant in favor of a property owner whose property adjoined the plant's, based on the plant's knowing contamination of the owner's well by dumping contaminants into the groundwater aquifer system. <u>West's F.S.A. § 376.313</u>(3).

<u>John Sam Kalil</u>, Law Office of John S. Kalil, PA, Jacksonville, FL, for Plaintiffs.

<u>Frank H. Gassler</u>, <u>Michele G. Johnson</u>, Banker Lopez Gassler, P.A., <u>David Barnett Weinstein</u>, <u>Christopher Torres</u>, Kimberly Staffa Mello, Greenberg Traurig, LLP, Tampa, FL, <u>Daniel Brandon Rogers</u>, <u>Edward A. Moss</u>, <u>Jennifer A. McLoone</u>, Shook, Hardy & Bacon, LLP, Miami, FL, for Defendants.

***ORDER***

JAMES D. WHITTEMORE, District Judge.

**\*1BEFORE THE COURT** is Defendants Mosaic Fertilizer, LLC's and Cargill Fertilizer, Inc.'s Motion to Dismiss Complaint (Dkt.26), to which Plaintiffs have responded in opposition. Upon consideration, the motion is GRANTED IN PART.

***Background***

Plaintiff Charlie L. Gates, Jr. previously owned property in Bartow, Florida adjacent to a chemical fertilizer plant operated by Defendants. (Comp., Dkt.1, ¶¶ 2, 9). Mr. Gates and his wife, Plaintiff Kimberly Gates, lived there "either part time or full time, from at least 1986 until 1996." (Dkt.1, ¶ 9). Defendant W .R. Grace & Co. ("Grace") operated the plant from at least 1975 to 1988. [FN1] (Dkt.1, ¶ 10). Defendant Seminole Fertilizer Corporation ("Seminole") purchased the plant and property in 1988 and operated it until 1993. (*Id.*) Defendant Cargill Fertilizer, Inc. ("Cargill") purchased the plant and property in 1993 and operated it until 2004. (*Id.*) In 2004, Cargill transferred ownership and operation of the plant to Mosaic Fertilizer, LLC ("Mosaic"). (*Id.*) Plaintiffs allege that Mosaic is the legal successor-in-interest to Cargill and is liable for Cargill's prior acts and omissions. (*Id.*)

> FN1. This action is stayed as to Grace due to a pending bankruptcy proceeding. <u>11 U.S.C. § 362</u>. (Dkt.16).

Plaintiffs allege that Grace, Seminole, and Cargill negligently released and discharged toxic contaminants into the groundwater aquifer system, which spread into Mr. Gates' well. (Dkt.1, ¶ 13). Mr. Gates used this well for drinking water and cooking, and for other purposes. (Dkt.1, ¶ 9). Plaintiffs also allege that these Defendants negligently released and discharged toxic contaminants into the air and soil in and around the plant, including in and upon Mr. Gates' property. (*Id.*)

Plaintiffs allege that Grace, Seminole, and Cargill knew or should have known of the contamination. (Dkt.1, ¶ 14). Specifically, Plaintiffs allege that Grace was required to undertake a groundwater monitoring plan by the Florida Department of Regulation and the United States Environmental Protection Agency. (Dkt.1, ¶ 15). Grace employed Ardaman & Associates, Inc. to prepare a Preliminary Groundwater Contamination Assessment Report, which concluded that Mr. Gates' well was "grossly contaminated with radionuclides." (*Id.*) Specifically, the gross s-alpha levels were 59 pCi/L and the total radium levels were 18.3 pCi/L, greatly exceeding the maximum conta-

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.



Slip Copy, 2009 WL 1455316 (M.D.Fla.)
**(Cite as: 2009 WL 1455316 (M.D.Fla.))**

minant levels permitted by federal and state regulations of 15 pCi/L for gross s-alpha radionuclides and 5 pCi/L for total radium. (*Id.*) The report recommended that the well "should not be used for potable water supply." (*Id.*)

Plaintiffs allege that Mr. Gates was never informed of the contamination and that Defendants failed to take any action to prevent his exposure to the contaminants. (Dkt.1, ¶ 16). Mr. Gates alleges that as a direct and proximate result, he was exposed to dangerous levels of contaminants and was diagnosed with acute promyelocyte leukemia on December 27, 2004, as well as aplastic anemia and decimated intravascular coagulation secondary to the acute leukemia. (Dkt.1, ¶¶ 19, 20).

*2 Mr. Gates brings claims for negligence (Count I), negligence per se (Count II), nuisance (Count III), trespass (Count IV), and strict liability pursuant to Fla. Stat. § 376.313 (Count VI). Mrs. Gates brings claims for loss of consortium (Count V) and joins in the strict liability claim. Defendants Cargill and Mosaic filed the instant motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), arguing that: (1) the negligence per se claim fails, as Mr. Gates has not identified a statute or regulation that was violated, nor alleged that he is a member of the class of persons the laws were intended to protect; and (2) the nuisance and trespass claims fail, as Mr. Gates has not alleged an intrusion that interfered with his exclusive possession or use and enjoyment of the land. Defendants also challenge Plaintiffs' claim for property damages in each count, as well as personal injury damages with respect to Count VI. As set forth, the claims for negligence per se and nuisance are dismissed with leave to amend, and the motion is otherwise denied.

### Standard

Rule 8(a) (2) of the Federal Rules of Civil Procedure requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *Davis v. Coca-Cola Bottling Co. Consol.,* 516 F.3d 955, 974 n. 43 (11th Cir.2008). Although a complaint need not include

detailed factual allegations, it must contain sufficient factual allegations, which, when taken as true, "raise a right to relief above the speculative level." *Id.* A conclusory statement of the elements of a cause of action will not suffice to state a claim under Rule 8. *Id.* A well-pleaded complaint, however, may survive a motion to dismiss even if it appears "that recovery is very remote and unlikely." *Id.* (quoting *Scheur v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

### *Discussion*

*1. Negligence per se (Count II)*

"A cause of action in negligence per se is created when a penal statute is designed to protect a class of persons, of which the plaintiff is a member, against a particular type of harm." *Newsome v. Haffner,* 710 So.2d 184, 186 (Fla. 1st DCA), *rev. denied,*722 So.2d 193 (Fla.1998). In Florida, violations of two types of statutes may establish negligence per se. First, negligence per se is established by violation of a "strict liability" statute, which is "designed to protect a particular class of persons from their inability to protect themselves." *deJesus v. Seaboard Coast Line R.R. Co.,* 281 So.2d 198, 201 (1973) (citing *Tamiami Gun Shop v. Klein,* 116 So.2d 421 (Fla.1959)). Strict liability statutes comprise a narrow group of "unusual and exceptional statutes," including child labor laws and statutes prohibiting the sale of firearms to minors. *Eckelbarger v. Frank,* 732 So.2d 433, 435-36 (Fla. 2d DCA 1999).

*3 Second, negligence per se is demonstrated by violation of "any other statute which establishes a duty to take precautions to protect a particular class of persons from a particular injury or type of injury." *deJesus,* 281 So.2d at 201. The plaintiff must establish that he "suffered injury of the type the statute was designed to prevent, and that the violation of the statute was the proximate cause of his injury." *Id.* The Florida Supreme Court has held that a violation of any other type of statute, such as traffic regulations, is considered only prima facie evidence of negligence. *Id.*

In this case, Mr. Gates fails to allege the violation of any specific statute or regulation, instead generally alleging that the Defendants "violated various Federal, state and local environmental laws and regulations

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 1455316 (M.D.Fla.)
**(Cite as: 2009 WL 1455316 (M.D.Fla.))**

relating to the release and discharge to toxic pollutants into the water, soil and air, including specifically Federal and state regulations imposing MCLs for contaminants in drinking water." (Dkt.1, ¶ 27). By failing to allege the statutory or regulatory basis for the negligence per se claim, Mr. Gates fails to give Defendants fair notice of the grounds on which this claim rests. *Cf. Tatum v. Pactiv Corp.,* Case No. 2:06-cv-83, 2006 WL 3543106, at *2 (M.D.Ala. Dec.8, 2006). Moreover, Defendants have failed to allege that Mr. Gates was within the class of persons the unidentified statues or regulations were designed to protect. *See also Irwin v. Miami-Dade County Pub. Schs.,* Case No. 06-23029-civ, 2009 WL 497652, at *4 (S.D.Fla. Feb.25, 2009); *cf. Mest v. Cabot Corp.,* 449 F.3d 502, 518 (3d Cir.2006). Count II is therefore dismissed with leave to amend.

*2. Nuisance and Trespass (Counts III and IV)*

Defendants next argue that Mr. Gates' claims for nuisance and trespass must be dismissed because Mr. Gates did not have any knowledge of the alleged contamination at the time he occupied the Bartow property sufficient to interfere with his use and enjoyment of the property.

A nuisance is "[a]nything which annoys or disturbs one in the free use, possession, or enjoyment of his property, or which renders its ordinary use or occupation physically uncomfortable." *Jones v. Trawick,* 75 So.2d 785, 787 (Fla.1954). Thus, a "nuisance" refers to "the interest invaded, to the damage or harm inflicted, and not to any particular kind of act or omission which has led to the invasion." *Durrance v. Sanders,* 329 So.2d 26, 29 (Fla.1976). While no particular type of conduct by a defendant is required to establish a nuisance, the defendant's conduct must be the proximate cause of the alleged injury. *Id.* A successful plaintiff may recover out-of-pocket costs incurred to abate the nuisance, loss of business or rental proceeds during the nuisance, diminution in value of the property, and in certain cases, damages for personal injury. *See Antun Invs. Corp. v. Ergas,* 549 So.2d 706, 709 (Fla. 3d DCA 1989); *Exxon Corp., U.S.A. v. Dunn,* 474 So.2d 1269, 1273-74 (Fla. 1st DCA 1985); *Nitram Chems., Inc. v. Parker,* 200 So.2d 220, 225 (Fla. 2d DCA 1967).

*4 In the instant case, Mr. Gates alleges that Defendants' conduct "as described above constitutes an actionable nuisance because it unreasonably interfered with Mr. Gates use and enjoyment of his property." (Dkt.1, ¶ 30). Plaintiff has not, however alleged what the "nuisance" itself was, in terms of the interest invaded. *See Durrance,* 329 So.2d at 29. In other words, assuming that Defendants caused the nuisance by the discharge of contaminants into the water, soil, and air of Plaintiff's property, *see, e.g., Davey Compressor Co. v. City of Delray Beach,* 639 So.2d 595, 596 (Fla.1994), Plaintiff has failed to allege any facts suggesting that he was annoyed or disturbed in the use or enjoyment of his property, or that its occupation was physically uncomfortable. To the contrary, Plaintiff alleges that he was not informed of the contamination of the water, soil, and air on his property. (Dkt.1, ¶ 16). Mr. Gates thus fails to allege an actionable "nuisance." *Durrance,* 329 So.2d at 29. Count III is therefore dismissed with leave to amend.

On the other hand, Mr. Gates' claim for trespass is sufficient. The fundamental requirements for a claim of trespass are that the plaintiff is the owner or in possession of land and that the land was invaded by the defendant. *Okaloosa County Gas Dist. v. Enzor,* 101 So.2d 406, 407 (Fla. 1st DCA 1958). It is well-established that the requisite invasion may occur through environmental contaminants. *See Courtney Enters., Inc. v. Publix Super Markets, Inc.,* 788 So.2d 1045, 1048 (Fla. 2d DCA 2001). In the instant case, Plaintiff alleges that Defendants' discharge of contaminants into the water, soil, and air on his property constituted a trespass. (Dkt.1, ¶ 33). This is sufficient to state a trespass claim. Defendants' motion to dismiss Count IV is therefore denied.

*3. Property damage*

Defendants also argue that Plaintiffs' claims for property damage must be dismissed because Plaintiffs could not have incurred any loss of use, remediation expenses, or diminution in value of the Bartow property. While this argument may ultimately have merit, it is a matter for discovery, and is not proper for a motion to dismiss to the extent Plaintiffs have otherwise stated valid claims.

*4. Strict liability (Count VI)*

Finally, Defendants argue that Plaintiffs' strict liability claim pursuant to Florida's Water Quality Assurance Act ("WQAA"), Fla. Stat. §§ 376.30 *et seq.,* should be

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 1455316 (M.D.Fla.)
**(Cite as: 2009 WL 1455316 (M.D.Fla.))**

dismissed to the extent Plaintiffs seek to recover personal injury damages. Again, however, Defendants do not argue that Plaintiffs have failed to state a claim, and the damages issue is therefore more properly the subject for a dispositive motion. Moreover, the Florida Supreme Court has ruled that there is a private cause of action under § 376.313(3) of the WQAA, which creates "a damages remedy for the non-negligent discharge of pollution without proof that the defendant caused it." *Aramark Uniform and Career Apparel, Inc. v. Easton,* 894 So.2d 20, 24 (Fla.2004). Courts have permitted claims for personal injury pursuant to the WQAA. *See Cunningham v. Anchor Hocking Corp.,* 558 So.2d 93, 97 (Fla. 1st DCA 1990) (holding that complaint stated a cause of action where plaintiffs alleged personal injury).[FN2] As a result, Defendants' motion to dismiss Count VI is denied.

> FN2. The case relied on by Defendants is distinguishable, as it addressed whether fisherman, who did not own the property that was subject to the alleged pollution, could recover purely economic damages arising from the discharge of pollutants into the waters in which they fished. *Curd v. Mosaic Fertilizer, LLC,* 993 So.2d 1078, 1079 (Fla. 2d DCA 2008), *rev. granted,* 993 So.2d 511 (Fla.2008). Indeed, that case noted that there is case law interpreting the WQAA as permitting recovery of personal injury damages. *Id.* at 1084.

### Conclusion

**\*5** Based on the foregoing, it is **ORDERED:**

1) Defendants Mosaic Fertilizer, LLC's and Cargill Fertilizer, Inc.'s Motion to Dismiss Complaint (Dkt.26) is **GRANTED IN PART** to the extent that Counts II and III are **DISMISSED WITHOUT PREJUDICE** as to Mosaic Fertilizer, LLC and Cargill Fertilizer, Inc ., with leave to amend, and is otherwise **DENIED.**

2) Plaintiffs are granted leave to file an Amended Complaint within *twenty (20) days* of the date of this Order, failing which Counts II and III will stand dismissed with prejudice.

**DONE AND ORDERED** in chambers this *20th* day of May, 2009.

M.D.Fla.,2009.
Gates v. W.R. Grace & Co.
Slip Copy, 2009 WL 1455316 (M.D.Fla.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.