UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | : | MDL NO.  2047 |
| IN RE: CHINESE MANUFACTURED DRYWALL | : | |
| PRODUCTS LIABILITY LITIGATION | : | SECTION: L |
| | : | |
| THIS DOCUMENT RELATES TO: | : | JUDGE FALLON |
| ALL CASES | : | MAG. JUDGE WILKINSON |
| | : | |

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. :

**Memorandum in Opposition to
Plaintiffs' Steering Committee's Motion to Compel**

Distributor Defendant Independent Builders Association Supply ("IBSA "), by and through

the undersigned counsel, submits this Memorandum In Opposition To The Plaintiffs' Steering

Committee's Motion To Compel (CP 430).   In its Motion to Compel, the Plaintiffs' Steering

Committee ("PSC") paints all defendants, save Knauf and Lennar, with the same broad brush in

describing their effort to respond to PSC's Request for Production.  Unfortunately, the Motion to

Compel contradicts itself and the efforts to respond to the PSC's document requests by IBSA.  IBSA

submits this Memorandum in Opposition to clarify the record regarding this production.

## ARGUMENT

### Contradiction

On page 20 of PSC's Memorandum in Support of Its Motion to Compel regarding

Electronically Stored Information ("ESI") the PSC states,

> To date, no Defendant has made any showing as to why such a production would be
> more costly than other forms of production or that it's native files are inaccessible.
> Nor has any Defendant made a showing as to how producing a Word document as
> an electronic Word file is broader, more burdensome, or less likely to lead to the
> discovery of admissible evidence than producing the same document in hard copy
> format or as a non-searchable electronic image.

But Exhibit C of that same document clearly provides that IBSA has produced documents by hard copy documents without bates and hard copy documents with bates on October 19 and 20, 2009 respectively.  Furthermore, the ESI column clearly states that IBSA's access to ESI was "[l]imited because computer crashed."  Specifically, in its Preliminary Statement to in Response to PSC's First Request for Production IBSA stated that:

> IBSA has conducted a thorough search for any and all applicable Electronically Stored Information (ESI) responsive to the subject Request for Production.  However, IBSA has very limited ESI, due to its computers crashing in March 2007.  IBSA has provided all documents responsive to this Request for Production to the extent they exist in their computer system and/or hard copy files.

## Overbroad

IBSA had two general objections to PSC's First Request for Production as they pertained to the definition of "Defendant" and the "Relevant Time Period" both of which were overbroad.  The scope of discovery is governed by Rule 26(b)(1) of the Federal Rules of Civil Procedure provides in pertinent part as follows:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(I), (ii), and (iii).

Fed. R. Civ. Pro 26(b)(1)(emphasis added).  In 2000, Rule 26(b)(1) was amended to narrow the scope of relevancy from "subject matter" of the action to "claims or defenses of any party." See Fed. R. Civ. Pro 26(b)(1), Advisory Committee Note to 2000 Amendment.

In order to compel the production of information that is relevant to the subject matter of the action generally, the rule requires that the party seeking discovery demonstrate good cause. *Id*. See, also, *U.S. ex rel. Stewart v. Louisiana Clinic*, 2003 WL 21283944, 8 (E.D.La.) (E.D.La. 2003)(limiting scope to plaintiffs identified in action and limiting time frame to period in which plaintiffs were affected).  Courts have recognized that while discovery rules are to be broadly applied, courts should not allow discovery to be a boundless fishing expedition. *Garcel, Inc. v. Hibernia Nat Bank*, 2002 WL 100605 at *2 (E.D.La.2002); *Estate of Monroe v. Bottle Rock Power Corp.*, 2005 WL 119883, 4 (E.D.La., 2005).  Based on this, it is clear that the PSC's self-defined "Relevant Time Frame" of 2001 is outside the applicable scope of discovery if not the statute of limitations. Moreover, PSC's attempt to broaden the time period for discovery to 2001 based on one home containing alleged defective dry wall is a classic spray and pray or shotgun discovery request. Instead of expanding out from that one exception to those involved the construction of that 2001 home, a rifle approach which would be reasonably calculated to lead to admissible evidence, PSC seeks a carte blanch time period for all Defendants in the MDL.  That is the text book definition of overbroad.

PSC's definition of "Defendant" is overbroad and improperly includes third parties including subsidiaries, affiliates, independent contractors, consultants, agents, attorneys and accountants. Black's Law Dictionary defines "Defendant" as a party "sued in a civil proceeding or accused in a criminal preceding." A defect in parties cannot be cured by expanding the definition of Defendant in discovery nor should it be.  Perhaps the eleventh circuit court of appeals put it best when it expounded, "[e]xperience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Cook v. Randolph*

*County*, 573 F.3d 1143, 1151 (11th Cir. 2009). Here again the PSC has overreached their bounds by seeking documents that would obviously contain work product and attorney client privilege as well as information from parties not named in the MDL by broadening the definition of "Defendant."

Finally, PSC seeks to boot strap in every discovery request to all Defendants by seeking this Court's Order to Compel Full and Complete Discovery from all Defendants even though some of the discovery sought is improper. For example the PSC sought documents sufficient to identify "all persons or entities that owned 5% or more of Defendant's common stock or held 5% or more interest in Defendant during the Relevant Time period." This is contrary to the generally accepted rule requiring disclosure of interested parties who own a 10% or greater interest in a particular entity as provided in Federal Rule of Civil Procedure 7.1 and Local Rule 5.6 of the Eastern District of Louisiana. The PSC also sought other financial discovery that IBSA maintains is overbroad, improper, and not reasonably calculated to lead to discovery of admissible evidence.

## Conclusion

For the foregoing reasons, and others to be argued ore tenus, Plaintiff Steering Committee's Motion to Compel Discovery From Defendants (CP 430) should be denied to the extent it relates to Defendant IBSA.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Opposition to Plaintiffs' Steering Committee's Motion to Compel has been served on Plaintiffs' Liaision Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with

the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using

the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures

established in MDL 2047, on  January 13, 2010.


FULMER, LeROY, ALBEE, BAUMANN &
GLASS, P.L.

/s/ Gary F. Baumann
Gary F. Baumann
gbaumann@FulmerLeRoy.com
Florida Bar No.:  089052
2866 East Oakland Park Boulevard
Fort Lauderdale, FL  33306
(954) 707-4430  phone
(954) 707-4431  fax
Attorneys for Defendant
INDEPENDENT BUILDERS SUPPLY
ASSOCIATION, INC.

## PLAINTIFF'S COUNSEL SERVICE LIST

| | |
|---|---|
| Daniel K. Bryson, Esq.<br>Lewis & Roberts, PLLC<br>1305 Navaho Dr., Suite 400<br>Raleigh, NC 27609<br>Phone: (919) 981-0191<br>Fax: (919) 081-0431 | Jordan Lucas Chaikin, Esq.<br>Parker Waichman Alonso, LLP<br>27399 Riverview Center Blvd., Suite 106<br>Bonita Springs, FL 34134<br>Phone: (239) 390-1000<br>Fax: (239) 390-0055 |
| Gary E. Mason, Esq.<br>The Mason Law Firm, PC<br>1225-19th St., NW, Suite 500<br>Washington, DC 20036<br>Phone: (202) 429-2290<br>Fax: (202) 429-2294 | Scott Wm. Weinstein, Esq.<br>Morgan & Morgan, P.A.<br>P.O. Box 9504<br>12800 University Dr., Suite 600<br>Fort Myers, FL 33906<br>Phone: (239) 433-6880<br>Fax: (239) 433-6836 |
| Daniel E. Becnel, Jr.<br>Daniel E. Becnel, III<br>Matthew B. Moreland<br>Salvadore Christina, Jr.<br>Christopher D. Becnel<br>Becnel Law Firm, LLC<br>106 W. Seventh Street<br>PO Drawer H<br>Reserve, Louisiana 70084<br>Telephone (985) 536-1186<br>Facsimile (985) 536-6445 | Joseph M. Bruno<br>L. Scott Joanen<br>855 Baronne Street, 3rd Floor<br>New Orleans, Louisiana 70113<br>Telephone: (504) 525-1335<br>Facsimile: (504) 561-6775<br><br>Bruno & Bruno, LLP<br>David S. Scalia<br>855 Baronne Street<br>New Orleans, LA 70113<br>Phone: (504) 525-1335<br>Facsimile: (504) 561-6775 |

| | |
|---|---|
| Jeremy W. Alters, Esq.<br>Alters Boldt Brown Rash Culmo<br>4141 Northeast 2nd Avenue<br>Suite 201<br>Miami, Fl 33137 | Kenneth G. Gilman<br>Gilman & Pastor, LLP<br>6363 Highcroft Dr.<br>Naples, Fl 34119 |
| Roberta L. Burns, Esq.<br>Law Offices of Sidney D. Torres, III<br>Torres Park Plaza,<br>Suite 303<br>8301 West Judge Perez Drive<br>Chalmette, LA 70043<br>Telephone: (504) 271-8421 | Jeffrey P. Berniard<br>Berniard Law Firm LLC<br>625 Baronne St.<br>New Orleans, LA 70113<br>Telephone: (504) 527-6225<br>Facsimile: (504) 617-6300 |
| Gerald E. Meunier<br>Justin I. Woods<br>Kara H. Samuels<br>Nakisha E. Knott<br>2800 Energy Centre<br>1100 Poydras Street<br>New Orleans, LA 70163-2800<br>telephone: 504-522-2304<br>Facsimile: 504-528-9973 | Anthony D. Irpino<br>Mark P. Glago<br>Irpino Law Firm<br>One Canal Place<br>365 Canal St., Ste. 2290<br>New Orleans, LA 70130<br>Telephone: (504) 525-1500<br>Facsimile: (504) 525-1501 |
| Gainsburgh, Benjamin, David, Meunier &<br>Warshauer, LLC<br>2800 Energy Centre<br>1100 Poydras<br>New Orleans, LA 70163 | |

## DEFENDANTS COUNSEL SERVICE LIST

| | |
|---|---|
| Michelle Nelson, Esq.<br>Paxton Smith<br>Barristers Bldg., Suite 500<br>1615 Forum Place<br>West Palm Beach, Florida 33401<br><br>Counsel for All County Drywall Service, Inc., B&B Stucco, Inc., Harrell's Drywall, Inc., Northeast Drywall, Co., and Ocean Construction, Inc. | Michael K. Feldman, Esq.<br>1111 Kane Concourse<br>Suite 209<br>Bay Harbor Islands, Fl 33154<br>Telephone: 305-865-5716<br>Facsimile: 305-865-5710<br><br>Counsel for La Suprema Trading, Inc., and La Suprema Enterprise, Inc. |
| Robert H. Schwartz, Esq.<br>Adorno & Yoss, LLP<br>888 Southeast Third Avenue<br>Suite 500<br>Fort Lauderdale, Fl 33316<br>Telephone: 954-713-1330<br>Facsimile: 954-446-1526<br><br>Michael P. Peterson, Esq.<br>8900 SW 117th Avenue<br>Suite C-104<br>Miami, Fl 33186<br>Telephone: 305-270-3773<br>Facsimile: 305-275-7410<br><br>Counsel for Banner Supply Company | Susan Cole, Esq.<br>Bice Cole Law Firm, PL<br>999 Ponce De Leon Blvd.<br>Suite 710<br>Coral Gables, Fl 33134<br>Telephone: 305-444-1225<br>Facsimile: 305-446-2598<br><br>W. David Conner, Esq.<br>Haynsworth Sinkler Boyd, P.A.<br>PO Box 2048<br>Greenville, SC 29602<br>Telephone: 864-240-3226<br>Facsimile: 864-240-3300<br><br>Counsel for L&W Supply Corp., and USG Corp. |

| | |
|---|---|
| Edward J. Briscoe, Esq.<br><br>Fowler White Burnett<br><br>1395 Brickell Avenue, 14th Floor<br><br>Miami, Fl 33131<br><br>Telephone: 305-789-9252<br><br>Facsimile: 305-789-9201<br><br>Counsel for Black Bear Gypsum Supply, Inc. | Knauf Gip KG<br><br>Attention: President/Vice President/or Agent Authorized to Receive Service under Section 48.081, Florida Statutes<br><br><br>AM Bahnhof 7<br><br>D-97346 Iphofen<br><br>Germany |
| Knauf Plasterboard (Tianjin) Co., Ltd.<br><br>Attention: President/Vice President/or Agent Authorized to Receive Service under Section 48.081, Florida Statutes<br><br>Knauf Plasterboard (Tianjin) Co., Ltd.<br><br>North Yinhe Bridge, east Jingin Road<br><br>Beichen District Economic Developing Zone<br><br>Tianjin Municipality, P.R. China 300400 | Taishan Gypsum Co. Ltd. f/k/a Shandong Taihe Dongxin Co. Ltd.<br><br>Attention: President/Vice President/or Agent Authorized to Receive Service under Section 48.081, Florida Statutes<br><br>Dawenkou, Diaye District<br><br>Taishan City, Shandong Province<br><br>P.R. China 271026 |
| Rothchilt International Ltd.<br><br>Attention: President/Vice President/or Agent Authorized to Receive Service under Section 48.081, Florida Statutes<br><br>A02 5/F Zhongnongxin International Building No. 181 East<br><br>Zhongshan Road<br><br>Haishu District, Ningbo City<br><br>P.R. China | Knauf Plasterboard (Dongguan) Co. Ltd.<br><br>Attention: President/Vice President/or Agent Authorized to Receive Service under Section 48.081, Florida Statutes<br><br>No. 2 Xinsha Development Zone<br><br>Rc-52347 Guangdong, China |
| Knauf Plasterboard (Wuhu) Co. Ltd.<br><br>Attention: President/Vice President/or Agent Authorized to Receive Service under Section 48.081, Florida Statutes<br><br>No.2 Gang Wan Road<br><br>RC-241009 Whuhu Anhui, China | All Interior Supply Co.<br><br>By serving its Registered Agent<br><br>CT Corporation System<br><br>1200 South Pine Island Road<br><br>Plantation, Fl 33324 |

| | |
|---|---|
| Beijing New Building Materials, PLC<br><br>Attention: President/Vice President/or Agent Authorized to Receive Service under Section 48.081, Florida Statutes<br><br>N0. 16 West Road<br><br>Jiacaicheng, Xisanqi<br><br>Haidian District<br><br>Beijing, P.R. China 100096 | Northstar Holding, Inc.<br><br>By serving its registered agent<br><br>David Ettinger<br><br>14901 S. Military Trail<br><br>Delray, Fl 33484 |
| NorthStar Homes, Inc.<br><br>By serving its registered agent<br><br>Scott Worley<br><br>1732 S. Congress Avenue, Ste 335<br><br>Palm Springs, Fl 33461 | Raul R. Loredo, Esq.<br><br>Mintzer, Sarowitz, Zeris, Ledna & Meyers<br><br>255 Alhambra Circle, Suite 1150<br><br>Coral Gables, Fl 33134<br><br>Telephone: 305-774-9966<br><br>Facsimile: 305-774-7743<br><br>Counsel for Interior Exterior Building Supply, Inc. |

| | |
|---|---|
| Andrea M. Fair, Esq.<br><br>Wetherington, Hamilton, Harrison & Fair, P.A.<br><br>PO Box 172727<br><br>Tampa, Florida 33672<br><br><br>Counsel for Residential Drywall, Inc. | Fred E. Moore, Esq.<br><br>Blalock, Walters, Held & Johnson, PA<br><br>802 11th Street, West<br><br>Bradenton, Florida 34205<br><br>Telephone: 941-748-0100<br><br>Facsimile: 941-745-2093<br><br><br>Counsel for MDW Drywall, Inc. |

| | |
|---|---|
| John B. Marion, IV, Esq.<br><br>Sellars, Marion & Bachi, PA<br><br>811 North Olive Avenue (33401)<br><br>PO Box 3767<br><br>West Palm Beach, Fl 33402<br><br>Telephone: 561-655-8111<br><br>Facsimile: 561-655-4994<br><br><br><br>Attorneys for Ocean Construction, Inc., S.D. & Associates, Inc., and Residential Drywall, Inc. | |