UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>Hinkley, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al., Case No. 2:09-cv-06686 (E.D.La.) | |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND THE FIRST AMENDED CLASS ACTION COMPLAINT BY INTERLINEATION**

### I. INTRODUCTION

At the time this case was transferred to MDL 2047, a motion by plaintiffs to amend their First Amended Class Action Complaint was pending before the Honorable Louise Wood Flanagan. Although that motion was fully briefed and ripe for consideration by Judge Flanagan, it remained undecided at the time of transfer.

Plaintiffs filed the instant motion to amend the First Amended Class Action Complaint by interlineation on December 30, 2009. This motion seeks to accomplish many of the same amendments that were presented to Judge Flanagan prior to transfer. The motion also seeks to modify the class definition in order to allege a natural class against Taishan.

Tobin Trading Inc. ("Tobin") filed an opposition to Plaintiffs' Motion to Amend on January 8, 2010. Shortly thereafter on January 12, 2010, Venture Supply, Inc. ("Venture") and The Porter-Blaine Corporation ("Porter-Blaine") filed a similar opposition to the motion to amend. Although the opposing parties challenge the proposed Second Amended Complaint on several grounds, each of these grounds are baseless in light of the liberal standard for amending a complaint under Fed. R.Civ.P. 15(a).

## II. FACTS

Plaintiffs initiated this case by filing a class action complaint in the United States District Court for the Eastern District of North Carolina on May 15, 2009. In that Court, Plaintiffs amended their complaint on May 26, 2009. Venture and Porter-Blaine filed a motion to dismiss under Rule 12(b)(6) on July 20, 2009. Tobin filed motions to dismiss on personal jurisdiction grounds and a motion to dismiss under Rule 12(b)(6) on July 22, 2009. Plaintiffs responded to each of these motions to dismiss, explaining their lack of merit, on August 12, 2009.[1]

Plaintiffs moved to amend the First Amended Class Action Complaint on this same date in order to address certain arguments that were raised in defendants motions to dismiss.[2] Tobin filed an opposition to Plaintiffs' motion to amend on August 20, 2009. As noted above, Plaintiffs' motion to amend remained unresolved at the time of transfer.

## III. ARGUMENT

The opposing parties challenge the proposed Second Amended Class Action Complaint by arguing that Plaintiffs are not properly seeking to amend by interlineation, but rather, are seeking to accomplish fundamental and substantive amendments. This argument is misplaced and beside the point since Fed. R.Civ.P. 15(a) is to be liberally granted. Leave to amend under Rule 15(a)

---

[1] Since the opposing parties only provided the Court with copies of their own pleadings, Plaintiffs are submitting our pleadings in order to complete the record. *See* Plaintiffs' Response to Tobin Trading, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction, attached hereto as Exhibit "A"; Plaintiffs' Joint Response in Opposition to the Porter-Blaine Corporation and Venture Supply, Inc.'s Rule 12(b)(6) Motion, attached hereto as Exhibit "B"; Plaintiffs' Response in Opposition to Tobin Trading Inc.'s Rule 12(b)(6) Motion, attached hereto as Exhibit "C". To the extent the moving parties incorporate argument from their prior submissions, Plaintiffs likewise incorporate argument from Exhibits "A" through "C".

[2] A true and correct copy of Plaintiffs' Motion to Amend the First Amended Class Action Complaint that was filed in the Eastern District of North Carolina is attached hereto as Exhibit "D". Plaintiffs' Reply Memorandum in Support of Plaintiff's Motion to Amend the Complaint is attached hereto as Exhibit "E".

2

should be "freely given" here, since there has been no undue delay, bad faith or dilatory motive on the part of Plaintiffs in seeking this amendment, nor would any of the Defendants be unduly prejudiced by the proposed amendment.[3] In the sister litigation in *Germano, et al. v. Taishan Gypsum Co., Ltd., et al.*, 2:09-cv-6687, a similar motion to amend was granted without objection by either of these defendants.

### A. Defendants will not be Unduly Prejudiced by the Proposed Amendments.

While the opposing parties argue that the proposed amendments will be unduly prejudicial to them, several of the proposed amendments they complain about were the subject of the motion to amend filed immediately prior to transfer. *See* Tobin Opposition at 2-3 (highlighting that the

---

[3] In determining whether to grant leave to amend a pleading, it is appropriate for a court to consider judicial economy and the most expeditious way to dispose of merits of a litigation. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594 (5th Cir. 1991). "Leave to amend should be freely granted when justice requires." *See Financial Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006). Rule 15(a) of the Federal Rules of Civil Procedure is in accord and requires that when leave of court is sought to file an amended complaint is should be "freely given." Fed.R.Civ.P. 15(a). There is a strong presumption in favor of granting leave to amend a complaint. *Id*. "A district court must possess a "substantial reason" to deny a request for leave to amend." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). Indeed, when ruling on a motion to amend a complaint, the motion to amend should only be denied in very limited circumstances as the Fifth Circuit explained in *Smith v. EMC Corp.*, *supra*. Therein the Fifth Circuit explained as follows:

> As outlined by the Supreme Court, this Circuit examines five consideration to determine whether to grant a party leave to amend a complaint: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). Absent any of these factors, the leave sought should be "freely given." *Foman*, 371 U.S. at 182, 83 S.Ct. 227.

*EMC Corp.*, 393 F.3d at 595. The opposing parties only address the second, fourth, and fifth of these considerations.

proposed Second Amended Complaint seeks to amend the jurisdictional allegations with regard to Tobin, to allege specific standards that were violated by the Defendants for purposes of the negligence per se claims,[4] and to modify the breach of warranty claims); Venture Opp. at 3-4 (noting same objections). These same amendments were already sought prior to transfer in direct response to arguments that were raised in the Defendants' motions to dismiss.[5] The opposing parties had a full opportunity to oppose these amendments prior to transfer.[6] Accordingly, the opposing parties' attempt to establish unfair surprise and/or the improper inclusion of substantive amendments is unjustified.

The opposing parties are also critical of Plaintiffs' proposed amendments to the allegations regarding jurisdiction and venue,[7] the class allegations, the injunctive relief and medical monitoring claims,[8] and for including a new claim against Taishan for violation of the Consumer Protection Acts. The opposing parties are not prejudiced by these amendments.

The class allegations were primarily modified in order to allege a national class against

---

[4] *See* Complaint at ¶¶ 50-52.

[5] The jurisdictional allegations concerning Tobin were inserted in response to Tobin's motion to dismiss for lack of personal jurisdiction. Plaintiffs also sought to amend the negligence per se and warranty claims in response to the Defendants' 12(b)(6) motions. For instance, Plaintiffs' moved to amend the warranty claims after Defendants argued that the complaint failed to allege a breach of the implied warranty of merchantability, *i.e.,* paragraph fifty-nine of the Second Amended Complaint was amended to allege that, "[t]he drywall was defective *and not merchantable* because it was *unfit* for the uses intended or reasonably foreseeable by Defendants ..."). *See* Exhibit "D" hereto.

[6] As noted above, Tobin filed an opposition to Plaintiffs' motion to amend on August 20, 2009.

[7] *See* Complaint ¶¶ 2-3.

[8] The proposed amendment to the injunctive relief and medical monitoring claim is very minor (*i.e.*, the word "remediate" has been added to paragraph eighty-eight of the complaint). The opposing parties are not prejudiced by this amendment since it merely expresses relief that was previously articulated.

Taishan. In making this amendment it became necessary to divide the remaining defendants into appropriate subclasses (*i.e.*, since the claims against these defendants will be pursued on behalf of a class of North Carolina consumers as opposed to a national class).[9] Thus, the fundamental nature of the class claims against the opposing parties remain unchanged.

The amendment of the class allegations also necessitated an amendment to the jurisdictional allegations since the Court has additional grounds for exercising jurisdiction. The venue allegations have also been modified to reflect the existence of MDL 2047. Neither of these amendments is in any way prejudicial to the opposing parties since they appropriately reflect the changed circumstances.

The amendment to the class definition to assert a national class against Taishan also necessitated the amendment of the Consumer Protection Claims. Whereas in the prior versions of the complaint, Plaintiffs asserted a claim against all defendants for breach of the North Carolina Consumer Protection Act, with the national class now being asserted against Taishan it became necessary to separate the consumer protection claims. In the proposed Second Amended Class Action Complaint, Plaintiffs now seek to assert a claim against Taishan under the Consumer Protection Acts of all fifty states. This proposed amendment is in no way prejudicial to the opposing parties since the consumer protection claims against them are still being asserted under the North Carolina Consumer Protection Act.

      **B.**     **<u>Plaintiffs' Motion to Amend is not Futile.</u>**

Both of the opposing parties have argued that the proposed amendments would be futile

---

[9] *See* Complaint ¶ 28. The modification of the class structure also necessitated the changes in paragraphs thirty through thirty-nine. For instance, paragraph thirty of the complaint had to be amended in order to allege that, "the Defendants' defective and unfit drywall was installed in at least hundreds of homes in the United States." In the prior versions of the complaint, this allegation was limited to the state of North Carolina. Since Plaintiffs are now alleging a national class against Taishan, it was necessary to amend this allegation accordingly.

under the assumption that they are entitled to dismissal for the reasons advanced in their motions to dismiss under Rule 12(b)(6).  Since the opposing parties merely adopt their argument from these prior submissions, Plaintiffs likewise adopt their argument from their responses to these motion to dismiss.  *See* Exhibits "A", "B", and "C".

Tobin's argument that the proposed amendments are futile since North Carolina lacks personal jurisdiction over it is baseless.  *See* Plaintiffs' Opp. to Tobin's Mtn. to Dis. for Lack of Personal Jurisdiction, Exhibit "A".  This argument should also be rejected since the Proposed Second Amended Class Action Complaint plainly alleges that Tobin brokered the deal between Taishan and Venture "with knowledge and purpose that the drywall would be installed in North Carolina ...".  *See* Complaint at ¶¶ 11-12.  The allegation that Tobin's activities were directed toward North Carolina establishes that North Carolina has personal jurisdiction over Tobin.  *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) ("So long as a commercial actor's efforts are "purposefully directed" toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there.").

The Court should reject the argument by Venture and Porter-Blaine that the proposed amendment seeking to allege a national class against Taishan is futile.  According to Venture and Porter-Blaine, this proposed amendment is futile since the *Germano* and *Gross* classes would be entitled to res judicata.  *See* Venture Opp. at 7-8.  This argument is also without merit as previously mentioned, the *Germano* amendment was already granted.  Moreover, the existence of the class proceedings in *Germano* and *Gross* has no bearing on the instant action.  This Court has not ruled on a class certification motion and/or issued a ruling on the merits in either action.  Without such a development in either of these cases, there are no grounds for res judicata or promissory estoppel. *See In re Chesnut*, 2009 WL 4885018, * 3 (5th Cir. 2009) ("For a prior judgment to bar an action on the basis of *res judicata,* the parties must be identical in both suits, the prior judgment must have

been rendered by a court of competent jurisdiction, *there must have been a final judgment on the merits and the same cause of action must be involved in both cases*.") (emphasis added).

Finally, Venture and Porter-Blaine's arguments that the amendments to the negligence per se and breach of warranty claims are futile, should also be rejected. The negligence per se claim plainly alleges that the Defendants have breached certain local and state building codes, s*ee* Complaint at ¶ 50, the claim is not subject to dismissal for the reasons set forth in Exhibits "B" and "C" hereto. Therefore, whether or not the ASTM and USBC standards identified in the Proposed Second Amended Class Action Complaint have been adopted in North Carolina is irrelevant. As was noted above, the amendment of the breach of warranty claim is being submitted in direct response to Defendants' arguments that the complaint fails to assert a breach of the warranty of merchantability claim. Notwithstanding Venture and Porter-Blaine's argument to the contrary, the breach of warranty claims should survive their motion to dismiss for the reasons set forth in Exhibit "B" and "C". Accordingly, the proposed amendment of the breach of warranty claim is not futile.

### C.     **Plaintiffs are Proposing the Amendments in Good Faith.**

Plaintiffs' primary motivation for seeking to amend the complaint is to allege a national class against Taishan. Plaintiffs are seeking this amendment since it is now clear, following the deposition of Venture's principal, Sam Porter, that Taishan caused the sale and distribution of its drywall through out the United States. As was noted above, Plaintiffs are also seeking to amend their complaint in order to accomplish amendments that were the subject of the motion to amend before Judge Flanagan. These proposed amendments are being sought in good faith.

To the extent Venture and Porter-Blaine argue Plaintiffs are seeking to amend the class definition in order to manufacture CAFA jurisdiction, this argument should also be rejected. As Venture and Porter-Blaine themselves point out, counsel for Plaintiffs are part of two other class actions (*Germano* and *Gross*) that are asserting national classes against Taishan. Indeed, the Court

just granted a motion to amend by the *Germano* Plaintiffs to allow them to assert a national class against Taishan. There, as here, the proposed amendment was based on new evidence demonstrating that Taishan's drywall was distributed more widely than initially thought. As with the *Germano* action, the proposed amendment to allege a national class against Taishan in being sought in good faith.[10]

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant its motion to amend the First Amended Class Action Complaint by Interlineation.

Respectfully submitted,

**Dated: January 13, 2009**   /s/ Arnold Levin
Arnold Levin, Esquire
Fred S. Longer, Esquire
Daniel Levin, Esquire
Matthew C. Gaughan, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
*Co-counsel for Plaintiffs*

Richard Serpe, Esquire
LAW OFFICES OF RICHARD J. SERPE
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455

---

[10] To the extent Venture and Porter-Blaine argue the Plaintiffs must establish a subclass against them with at least 100 members in order to meet the jurisdictional requirements of CAFA, *see* Venture Opp. at 6-7, this assertion is incorrect. The provision that Venture and Porter-Blaine rely upon only impacts jurisdiction where "the number of members of ***all proposed plaintiff classes in the aggregate*** is less than 100." *See* 28 U.S.C. § 1332(d)(5).

*Counsel for Plaintiffs*

Michael D. Hausfeld, Esquire
Richard S. Lewis, Esquire
James J. Pizzirusso, Esquire
Faris Ghareeb, Esquire
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
*Co-counsel for Plaintiffs*

Richard W. Stimson, Esquire
Attorney at Law
920 Waters Reach Court
Alpharetta, Georgia 30022
Phone: 214-914-6128
*Co-counsel for Plaintiffs*

Robert Gary, Esquire
GARY, NAEGELE & THEADO, LLC
446 Broadway
Lorain, OH 44052
Phone: (440) 244-4809
Fax: (440) 244-3462
*Co-counsel for Plaintiffs*