# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

| | |
|---|---|
| CURTIS HINKLEY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case 2:09-cv-00025-FL |
| | ) |
| TAISHAN GYPSUM CO. LTD., et al. | ) |
| | ) |
| Defendants. | ) |

## ORDER

AND NOW, on this _____ day of _____, 2009 upon consideration of

Defendant Tobin Trading Inc's Motion to Dismiss for Lack of Personal Jurisdiction and

plaintiffs' response hereto, it is hereby ORDERED, ADJUDGED and DECREED that

defendant's Motion is DENIED.

By the Court:

_____
                                    J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

| | | |
|---|---|---|
| CURTIS HINKLEY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) Case 2:09-cv-00025-FL |
| | ) | |
| TAISHAN GYPSUM CO. LTD., et al. | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' RESPONSE TO TOBIN TRADING INC'S
## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Plaintiffs, by counsel, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure,

hereby respond to defendants' motion to dismiss for lack of personal jurisdiction as follows:

For the reasons stated more fully in the accompanying memorandum, this action should

not be dismissed under Rule 12(b)(2) of the Federal Rules of Civil Procedure. This Court has

jurisdiction over Tobin Trading Inc. ("Tobin") that comports with North Carolina's Long Arm

Statute and the exercise of jurisdiction also comports with the Due Process Clause.

Plaintiffs incorporates their memorandum of law as if stated fully herein.

Dated: August 12, 2009                    Respectfully submitted,


                                           /s/ J. Michael Malone
                                           J. Michael Malone, Esquire
                                           N.C. State Bar No.: 26512
                                           HENDREN & MALONE, PLLC
                                           4600 Marriott Drive, Suite 150
                                           Raleigh, NC 27612-2322
                                           Phone: (919) 573-1423
                                           Fax: (919)420-04755
                                           *Counsel for Plaintiffs*

Richard Serpe, Esquire
LAW OFFICES OF RICHARD J. SERPE
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
*Counsel for Plaintiffs*

Michael D. Hausfeld, Esquire
Richard S. Lewis, Esquire
James J. Pizzirusso, Esquire
Faris Ghareeb, Esquire
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
*Co-counsel for Plaintiffs*

Arnold Levin, Esquire
Fred S. Longer, Esquire
Daniel Levin, Esquire
Matthew C. Gaughan, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
*Co-counsel for Plaintiffs*

Richard W. Stimson, Esquire
Attorney at Law
920 Waters Reach Court
Alpharetta, Georgia 30022
Phone: 214-914-6128
*Co-counsel for Plaintiffs*

Robert Gary, Esquire
GARY, NAEGELE & THEADO, LLC
446 Broadway
Lorain, OH 44052
Phone: (440) 244-4809
Fax: (440) 244-3462
*Co-counsel for Plaintiffs*

2

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

| | | |
|---|---|---|
| CURTIS HINKLEY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case 2:09-cv-00025-FL |
| | ) | |
| TAISHAN GYPSUM CO. LTD., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN RESPONSE TO
DEFENDANTS' MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION**

**I.    INTRODUCTION AND FACTS**

Plaintiffs in this action have brought a lawsuit against defendants, Taishan Gypsum Co.

Ltd. ("Taishan"),  Tobin Trading Inc. ("Tobin"), Venture Supply, Inc. ("Venture") and the

Porter-Blaine Corporation ("Porter-Blaine") for the sale of defective drywall in plaintiffs' home.

Specifically, plaintiffs have alleged that the drywall installed in plaintiffs' home emits sulphur

and other noxious gases which causes corrosion and damage to personal property such as air

conditioning and refrigerator coils and also exposes plaintiffs to personal injuries which resulted

in eye irritation, sore throat, cough and other damages.  As a result thereof, plaintiffs are unable

to inhabit their homes.  *See* Plaintiffs' Complaint at ¶¶ 18-19.

In addition to bringing damages against defendant Taishan who is the manufacturer and

exporter of the Chinese Drywall, plaintiffs are also seeking damages against defendant Tobin, a

1

Virginia corporation, that does business in North Carolina. Specifically, defendant Tobin was responsible for serving as a broker for drywall from Taishan and suppliers including Venture.

Plaintiffs expect to prove through discovery that Tobin, when distributing the drywall, specifically distributed to suppliers, including Venture, to which it knew was intending to sell drywall in North Carolina. In fact, Venture marketed itself as the supplier of drywall in Virginia and North Carolina. This evidence in and of itself will justify jurisdiction over defendant Tobin in North Carolina.

Further, plaintiffs intend to discover evidence that defendant Tobin also, in fact, has other contacts with suppliers who sell drywall in North Carolina and do business in North Carolina, thereby invoking personal jurisdiction over defendant Tobin.

## II.   ARGUMENT

### A.   Standard

When a court's personal jurisdiction is challenged under 12(b)(2) of the Federal Rules of Civil Procedure, the burden is on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). When a court is inclined to decide a pretrial personal jurisdiction motion without an evidentiary hearing, the plaintiff must only prove a prima facie case for personal jurisdiction. *Combs*, 886 F.2d at 676. Thus, when deciding whether plaintiff has met the prima facie case for personal jurisdiction, the district court should draw all reasonable inferences arising from the proof and resolve all factual disputes in plaintiff's favor. *Wolf v. Richmond County Hospital Authority*, 745 F.2d 904, 908 (4th Cir. 1984). Further, the court has authority to order the parties to conduct

2

discovery on the personal jurisdiction issue. *Mylan Laboratories, Inc. v. Akzo*, 2 F.3d 56-60 (4th Cir. 1993).

In this case, plaintiffs have met their burden of proving that Tobin brokered sales of Chinese Drywall for use in North Carolina, thus invoking personal jurisdiction over Tobin. Tobin served as a broker for Venture who specifically marketed itself as the supplier of drywall to Virginia and North Carolina. Therefore, defendants' motion should be denied.

**B.**    **Plaintiffs Have Prima Facie Burden for Personal Jurisdiction**

Before a federal court may impose jurisdiction over a party, the federal court must first determine whether the state's long arm statute provides for personal jurisdiction over the defendant. *Mylan Laboratories, Inc.* 2 F.3d at 60. If the state's long arm statute allows for jurisdiction over a defendant, then the federal court must determine whether jurisdiction is appropriate under the Due Process Clause.

North Carolina's long arm statute makes available to North Carolina courts the full jurisdiction powers permissible under the federal due process clause. *Regent Lighting Corp. v. Galaxy Electrical Manufacturing*, 933 F.Supp. 507, 509-510 (M.D. N.C. 1996).

Under federal jurisprudence, a state sovereign cannot have jurisdictional power over a person unless that person has activity in this state even if not physically present. *Hanson v. Denckla*, 357 U.S. 235, 251 (1958). But a court must not just focus on the person's out-of-state contacts with the forum state, but also fairness in asserting jurisdiction over that person. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Under *International Shoe*, there is a two-fold process to determine whether a court has jurisdiction over a person. This process includes (1) having certain minimum contacts or ties with the forum state; and (2) the maintenance of the suit does not offend judicial notions of fair

play and substantial justice. *Id.* at 316.   Minimum contacts exist to when the defendants' actions

are purposely directed to this state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

In fact, even though the defendant may not specifically market or provide a product in a state,

jurisdiction may still exist when the defendant markets a product to a distributor who has agreed

to market the product to that state. *Asahi Metal Industry Co., Ltd. v Superior Court of*

*California*, 480 U.S. 102, 112 (1987).

In reliance on the above precedent, the Fourth Circuit has fashioned a test to determine

whether jurisdiction exists.  The Fourth Circuit states:

> (1) The defendant has created a substantial connection to the
> forum state by action purposefully directed toward the forum state
> or otherwise invoking the benefits and protections of the laws of
> the state; and (1) the exercise of jurisdiction based on those
> minimum contacts would not offend traditional notions of fair play
> and substantial justice, taking into account such factors as (a) the
> burden on the defendant, (b) the interests of the forum state, (c) the
> plaintiff's interest in obtaining relief (d) the efficient resolution of
> controversies as between states, and (e) the shared interests of the
> several states in furthering fundamental substantive social policies.

*Lesnck v. Hollingsworth & Vose Co.*, 35 F.3d 939, 945-946 (4th Cir. 1994).]

In this case, since discovery has not been conducted with regard to jurisdictional issues, it

is clear that plaintiffs have met their prima facie proof that is required.   Specifically, defendant

Tobin was the broker for Taishan and Venture.  It is upon information and belief that defendant

Tobin also directed business to Venture with full knowledge that Venture was ultimately going

to have products sold in North Carolina.  Venture markets itself as the supplier of drywall in

North Carolina. *See Asahi.*  Plaintiffs also assert that Tobin directed business towards North

4

Carolina. Under these facts alone, defendant, Tobin has purposely availed themselves of jurisdiction in North Carolina.[1]

However, even if this Court does find those facts alone do not meet the requirements of jurisdiction under the due process clause, plaintiffs respectfully request this Court allow limited discovery that will determine whether personal jurisdiction exists as to defendant, Tobin. See *Mylan Laboratories Inc.*, 2 F.3d at 56-60.

---

[1]If this Court finds the pleadings inadequate, it is further requested that this Court also allow plaintiffs leave to amend the complaint to assert all further allegations that plaintiffs believe provides sufficient contacts with North Carolina. Most specifically, plaintiffs believe that defendant Tobin knew, when it served as a broker for Venture and Taichan, that the Chinese Drywall purchased by Venture was directly going to Virginia and North Carolina, thereby purposely availing itself of jurisdiction in North Carolina.

## III.   CONCLUSION

In conclusion, defendants' motion to dismiss should be denied.

Dated: August 12, 2009

Respectfully submitted,

/s/ J. Michael Malone

J. Michael Malone, Esquire
N.C. State Bar No.: 26512
HENDREN & MALONE, PLLC
4600 Marriott Drive, Suite 150
Raleigh, NC 27612-2322
Phone: (919) 573-1423
Fax: (919)420-04755
*Counsel for Plaintiffs*

Richard Serpe, Esquire
LAW OFFICES OF RICHARD J. SERPE
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
*Counsel for Plaintiffs*

Michael D. Hausfeld, Esquire
Richard S. Lewis, Esquire
James J. Pizzirusso, Esquire
Faris Ghareeb, Esquire
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
*Co-counsel for Plaintiffs*

Arnold Levin, Esquire
Fred S. Longer, Esquire
Daniel Levin, Esquire
Matthew C. Gaughan, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
*Co-counsel for Plaintiffs*

Richard W. Stimson, Esquire
Attorney at Law
920 Waters Reach Court
Alpharetta, Georgia 30022
Phone: 214-914-6128
*Co-counsel for Plaintiffs*

Robert Gary, Esquire
GARY, NAEGELE & THEADO, LLC
446 Broadway
Lorain, OH 44052
Phone: (440) 244-4809
Fax: (440) 244-3462
*Co-counsel for Plaintiffs*

6

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Plaintiffs' Response to Tobin Trading Inc's Motion to Dismiss for Lack of Personal Jurisdiction was served upon all counsel of record on this 12th day of August, 2009 via the Court's electronic notification system.

I certify that a true and correct copy of Plaintiffs' Response to Tobin Trading Inc's Motion to Dismiss for Lack of Personal Jurisdiction was served on the following unrepresented party on this 12th day of August, 2009 via Federal Express:

Taishan Gypsum Co., Ltd
f/k/a Shandong Taihe Dongxin Co., Ltd.
Dawenkou, Taian
Shandong, China 271026

/s/ J. Michael Malone
J. Michael Malone, Esq.
N.C. State Bar No.: 26512
Hendren & Malone, PLLC
4600 Marriott Drive
Suite 150
Raleigh, NC 27612
Telephone:  (919) 573-1423
Facsimile:  (919) 420-0475
*Counsel for Plaintiffs*