# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

| | |
|---|---|
| CURTIS HINKLEY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case 2:09-cv-00025-FL |
| | ) |
| TAISHAN GYPSUM CO. LTD., et al. | ) |
| | ) |
| Defendants. | ) |

### PLAINTIFFS' RESPONSE IN OPPOSITION TO
### TOBIN TRADING INC.'S RULE 12(b)(6) MOTION

Defendant, Tobin Trading Inc. ("Tobin") filed the instant motion requesting that the Court dismiss the majority of claims against it pursuant to Rule 12(b)(6). In its motion to dismiss, Tobin challenges each and every theory for liability that has been asserted against it (negligence, negligence per se, breach of express and/or implied warranties, private nuisance, unjust enrichment, violation of the North Carolina Consumer Protection Act, and for equitable/injunctive relief and medical monitoring).

Tobin's motion to dismiss is nearly identical to the Rule 12(b)(6) motion recently filed by Defendants Venture Supply, Inc. ("Venture") and Porter-Blaine Corporation ("Porter-Blaine"). In order to reduce the burden on the Court, Plaintiffs will incorporate argument from their opposition to the Porter-Blaine/Venture Rule 12(b)(6) motion where appropriate. In any event, for the reasons set forth below as well as those stated in the opposition to the Porter-Blaine/Venture motion, Tobin's motion to dismiss should be denied.

1

I.     **FACTUAL BACKGROUND**

This is a class action of significant local, national and international importance.[1] The representative plaintiffs, Curtis Hinkley, Lynn Hinkley, and Stephanie Hinkley-Lopez (hereafter the "Hinkley Plaintiffs" or "Plaintiffs") instituted litigation against the manufacturer of their defective drywall, and their American supplier/installer to address the crisis facing these homeowners whose lives were impacted and homes have been damaged through the installation of a defective product constituting the very walls of their homes.

The plaintiffs seek to represent a class of "[a]ll owners and residents of residential homes in the State of North Carolina containing drywall manufactured, sold, distributed, and/or supplied by Taishan Gypsum Co. Ltd., Tobin Trading Inc. and/or Venture Supply, Inc." Complaint ¶25 [hereafter "Comp.¶__"]. The class representatives also seek to represent a subclass consisting of "[a]ll owners and residents of residential homes in the State of North Carolina containing defective drywall built and/or installed by Porter-Blaine Corp." Comp.¶25.

The essence of the Hinkley Plaintiffs' claims against Tobin is that the drywall supplied by Tobin to be used in the homes of Plaintiffs and the Plaintiff Class Members is inherently defective because it emits various sulfide gases and/or other chemicals through "off-gassing" that creates noxious gases and causes corrosion to personal property (such as air-conditioner and

---

[1] The Judicial Panel on Multidistrict Litigation ("JPML") has consolidated Chinese Drywall litigation before Eldon E. Fallon of the United States District Court for the Eastern District of Louisiana. *See In re Chinese-Manufactured Drywall Products Liability Litigation*, WL 1725973 (JPML June 15, 2009). Pursuant to CTO-1, the JPML conditionally transferred the instant action to the MDL Court as a tag-along action. *See In re Chinese-Manufactured Drywall Products Liability Litigation*, MDL 2047, CTO-1 (JPML. June 18, 2009). Although Tobin and several other defendants have challenged CTO-1, it is expected that this case will ultimately be transferred to the MDL Court. Accordingly, it is respectfully submitted that the Court should defer any rulings on the instant motion until after the issue of transfer has been fully resolved.

refrigerator coils, faucets, utensils, electrical wiring, copper, electrical appliances and other metal surfaces and property). Comp.¶¶17-18. The Complaint also alleges that the defective drywall has caused personal injuries to Plaintiffs and Class Members. Comp.¶¶19-24.

As a result of each of the Defendants' conduct, Plaintiffs and Class Members have incurred or will incur tens of thousands of dollars in damages including, but not limited to: costs of inspection; costs and expenses necessary to remedy, replace and remove the defective drywall and other property that has been impacted; lost value or devaluation of their homes and property; loss of use and enjoyment of their home and property; and/or damages associated with personal injuries. Comp. ¶23.

Tobin is responsible for the Plaintiffs' damages. Tobin imported, distributed, delivered, supplied, inspected, marketed, and/or sold the defective drywall at issue in this case. Comp. ¶10.

The Complaint asserts claims against Tobin for Negligence (Count I); Negligence Per Se (Count II); Breach of Express and/or Implied Warranties (Count III); Private Nuisance (Count IV); Unjust Enrichment (Count V); Violation of the North Carolina Consumer Protection Act (Count VI); and for Equitable and Injunctive relief and Medical Monitoring (Count VII). Tobin has challenged each and every claim that Plaintiffs have asserted against them. As explained below, Tobin's arguments are without merit.

## II. LEGAL STANDARD.

This Court recently described the Rule 12(b)(6) standard for dismissal of claims as follows:

> A motion under Rule 12(b)(6) seeks dismissal on the grounds that the complaint challenged fails to state a claim upon which relief may be granted. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the

3

> pleader is entitled to relief." Fed.R. Civ. Pro. 8(a)(2). This statement must be sufficient to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell.Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). While the factual allegations in the complaint need not be detailed, they "must be enough to raise a right to relief above the speculative level." *Id.* The Fourth Circuit has stated the plaintiff must "set forth facts sufficient to allege each element of his claim." *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002).
>
> The purpose of a motion to dismiss is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In considering a motion to dismiss, the court accepts as true the well-pleaded allegations of the challenged complaint and views those allegations in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). All reasonable factual inferences from the allegations must be drawn in the plaintiff's favor. *Edwards*, 178 F.3d at 244. Nevertheless, while the court must take the facts in the light most favorable to the plaintiff, the court "need not accept the legal conclusions drawn from the facts [or] ... unwarranted inferences, unreasonable conclusions, or arguments," *Eastern Shore Mkts., Inc. v. J.D. Assocs, Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000); *see also Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995) (stating that the court is not required to accept "conclusory allegations regarding the legal effect of the facts alleged").

*See Warner Bros. Records, Inc. v. Doe*, 2008 WL 5111883, * 2 (E.D.N.C. Dec. 4, 2008) (Flanagan, J.).

## III. ARGUMENT.

### A. Count I Properly Asserts a Negligence Claim.

To establish a negligence claim under North Carolina law, a plaintiff must establish: "duty, breach of duty, proximate cause, and damages." *Camalier v. Jeffries*, 460 S.E.2d 133, 136 (N.C. 1995). In challenging Plaintiffs' negligence claim, Tobin argues the "First Amended Complaint fails to sufficiently allege ... a tort duty." Def.Brf. at 7. For this same reason, Tobin

4

argues Plaintiffs cannot establish that "Tobin breached a tort duty that proximately caused the Plaintiffs to sustain damages." *Id.* These arguments should be rejected since the Complaint adequately pleads that Tobin owed a tort duty to Plaintiffs, and that Tobin's breach of that duty proximately caused damages to Plaintiffs.

Tobin's argument that it did not owe Plaintiffs a duty in tort should be rejected since North Carolina has long recognized that the seller or a product manufactured by a third person may be held liable to consumers where the seller failed to exercise reasonable care/competence and supplied a product that was not safe for use. *See Wyatt v. North Carolina Equipment Co.*, 117 S.E.2d 21, 25 (N.C. 1960); *Cockerham v. Ward*, 262 S.E.2d 651, 656-57 (N.C.App. 1980) ("retail seller of these straps, was under a general duty to exercise reasonable care to prevent injury from a known danger presented by defects in the product."); *Kientz v. Carlton*, 96 S.E.2d 14, 18 (N.C. 1957) (a supplier's responsibility with respect to defective product is for consequences of defects which are probable and which could reasonably have been foreseen, according to ordinary and usual experience). Thus, notwithstanding Tobin's arguments to the contrary, Tobin owed Plaintiffs a duty to exercise reasonable care and competence.

The Complaint clearly alleges that Tobin breached its duty to exercise reasonable care and competence since it supplied the drywall in an unsafe condition. *See* Comp.¶¶ 17-24. Tobin's breach of this duty has proximately caused damages to Class Members. *Id.* Thus, contrary to the assertions by Tobin, the Complaint adequately alleges that Tobin owed Plaintiffs a duty, that Tobin breached that duty, and that Tobin's breach proximately caused damages to Plaintiffs and Class Members.

Accordingly, the negligence claim should not be dismissed.

5

### B. Count II Properly Asserts a Negligence Per Se Claim.

Plaintiffs have properly pled negligence per se consistent with the notice pleading requirement of Fed.R.Civ.P. 8. That is, the Complaint alleges that Tobin breached statutory duties that were owed to Plaintiffs and Class Members. *See* Comp.¶¶ 45-49. While the Complaint does not specify the statutory duties that were breached, during discovery Plaintiffs can be asked to identify all statutory duties that Tobin failed to observe.[2] Additional pleading is unnecessary and exceeds the mandate of Rule 8.

Should the Court disagree and find that further pleading is necessary, leave to amend for purposes of pleading the statutory duties that were violated should be afforded. Should leave to amend be denied, at most Count II should only be dismissed *without* prejudice.

### B. Count III Properly Asserts a Breach of Warranty Claim.

Tobin next contends that Count III fails to state a claim for breach of warranty. Tobin makes two arguments for purposes of challenging Plaintiffs' warranty claims. First, Tobin argues that the Complaint makes "insufficient factual allegations (as opposed to conclusions) ... to indicate that Tobin provided an express or implied warranty to Plaintiffs or any of the putative Class Members ...". Def.Brf. at 9. Second, Tobin argues that the drywall at issue in this litigation does not qualify as a good within the meaning of the UCC. *See* Def.Brf. at 10. Both of these arguments should be rejected for the reasons set forth below.[3]

---

[2] For example, it is submitted that certain of the statutory duties that were breached are those established by the North Carolina Building Code, *see* N.C.G.S.A. § 143-138, *et seq.*, and/or all other state and county building codes.

[3] Tobin does not challenge Plaintiffs' common law warranty claims and/or claims for breach of the warranty against structural defects. *See Eastern Carolina Feed & Seed Co. v.*
(continued...)

6

For starters, the Complaint contains adequate factual allegations for purposes of stating breach of both express and implied warranties. *See* Complaint at ¶¶ 50-57. The Complaint clearly alleges that Tobin imported, distributed, delivered, supplied, inspected, marketed, and/or sold the defective drywall at issue in this case. *Id.* at ¶ 10. This same drywall injured Plaintiffs and Class Members after it ended up in their homes. To the extent Tobin argues the Complaint does not include adequate factual allegations for purposes of alleging that Tobin provided any express warranties to Plaintiffs and Class Members, this argument is premature and should be rejected for the reasons stated in the opposition to the Porter-Blaine/Venture motion. *See* Opp.to Porter-Blaine/Venture Mtn. to Dismiss at 8.

As for Tobin's argument that the drywall is not a "good" within the meaning of the UCC, Tobin has failed to cite any authority that supports this argument. The first case relied upon by Tobin in making this argument, *Cudahy Foods Company v. Holloway*, 286 S.E.2d 606 (N.C.App. 1982), merely made a passing observation that a real estate broker does not ordinarily deal in the sale of goods since "[r]eal estate does not fall under the U.C.C.'s definition of "goods."" *Id.* at 628. Whereas the *Cudahy* court observed that real estate has been excluded from the definition of "goods" under the UCC, the court did not address whether articles that have been incorporated into real estate lose their status as goods once incorporated into realty. Thus, this case in no way supports Tobin's argument that the drywall at issue in this litigation is not a "good" within the meaning of the UCC.

Nor does *Everts v. Parkinson*, 555 S.E.2d 667 (N.C.App. 2001), support this argument by

---

[3](...continued)
*Mann*, 129 S.E.2d 488 (N.C. 1963) (discussing common law warranties); *Hartley v. Ballou*, 209 S.E.2d 776, 783 (N.C. 1974) (discussing warranty against structural defects).

Tobin. In *Everts*, unlike the present litigation, the plaintiffs were attempting to pursue UCC claims against the original purchasers/owners of their home, which had been constructed with synthetic stucco that was defective. Since the plaintiffs in *Everts* were not pursuing UCC warranty claims against manufacturers, suppliers, builders or contractors who installed the synthetic stucco, *Everts* is factually inapposite.

Nor does the remaining authority cited by Tobin, *BFS Retail & Commercial Operations, LLC v. City of Asheville*, 2007 WL 2461924 (W.D.N.C. 2007), support the argument that the drywall was not a "good" within the meaning of the UCC. *BFS* does not involve UCC warranty claims. Rather, *BFS* involved a claim for property damage after there was a rupture in a water line that caused damages to fixtures and other items located on a commercial property. *See BFS*, 2007 WL 2461924, * 1. Thus, none of the authority relied upon by Tobin supports its argument that the drywall in this litigation is not a good within the meaning of the UCC.

Just the opposite would appear to be true. That is, the drywall would seemingly qualify as a "good" within the meaning of the UCC since it was "movable at the time of identification to the contract for sale ...". *See* N.C.G.S. § 25-2.105(1). *See, generally, Stoney v. Franklin*, 2001 WL 683963, * 8 (Va.Cir.Ct. 2001) (rejecting argument that an exterior insulation finish system installed on plaintiffs' home had lost its identify as a good within the meaning of the UCC and allowing homeowner to pursue warranty claims against manufacturer of defective building materials and the contractor who had installed such items). *See also Murphy v. Spelts-Schultz Lumber Co. of Grand Island*, 481 N.W.2d 422, 429 (Neb. 1992) (contract for purchase of building materials for construction of new house was contract predominantly for "goods" within meaning of Uniform Commercial Code, even though supplier provided roof truss design

8

services, given that any design services were not separately paid for and appeared to be part of consideration for agreement to purchase all building materials from supplier); *Hoff Companies, Inc. v. Danner*, 822 P.2d 558 (Idaho App. 1991) (contract between building supply company and contractor for building materials involved transaction in goods). Additionally, the drywall has seemingly retained its status as a good since it is severable from the property and, thus, movable.

For the reasons set forth above, the warranty claims should not be dismissed.

### C.  Count IV Properly Asserts a Private Nuisance Claim.

In its motion to dismiss, Tobin argues that "Count IV fails to allege that Tobin has used or authorized the use of its own property (or anything under Tobin's control) so as to injuriously affect the owners of the subject properties." Def. Brf. at 12. This argument misses the point, since Plaintiffs' theory of liability concerns the fact that Defendants created an ongoing nuisance through their installation of defective drywall. This theory is not premised upon the idea that Tobin, or any other defendant for that matter, used its own property in a manner that interfered with Plaintiffs' beneficial use and enjoyment of their homes. Plaintiffs believe the North Carolina Supreme Court is likely to recognize a private nuisance claim under the circumstances alleged in the Complaint consistent with comment e to the Restatement (Second) of Torts §834. Since this argument is set forth in detail in Plaintiffs' opposition to the Porter-Blaine/Venture motion, *see* Opp. to Porter-Blaine/Venture Mtn. to Dismiss at 8-11, that argument is incorporated herein by reference.

For these reasons and those discussed in the opposition to the Porter-Blaine/Venture motion, the nuisance claim should not be dismissed.

9

D.   <u>**Count V Properly Asserts a Claim for Unjust Enrichment.**</u>

Tobin challenges the unjust enrichment claim by arguing the Complaint fails to allege sufficient facts showing that (1) Plaintiff conferred a benefit on Tobin; (2) that Tobin acted to induce or solicit Plaintiffs to confer any alleged benefit; (3) that the benefit conferred was measurable; or (4) that Tobin consciously accepted the benefit. Def. Brf. at 14. Each of these arguments should be rejected for the reasons set forth in detail below.[4]

First, while Tobin contends that the law on unjust enrichment requires that a plaintiff directly confer a benefit on the defendant, it fails to cite any case law in support of this assertion. Indeed, the Court should adhere to *Metric Constructors, Inc. v. Bank of Tokyo-Mitsubishi, Ltd.*, 72 Fed.Appx. 916 (4th Cir. July 30, 2003), wherein the Fourth Circuit reviewed North Carolina's law on unjust enrichment and determined, "it is sufficient for a plaintiff to prove that it has conferred some benefit on the defendant, without regard to the directness of the transaction." *Id.* at 921. Perhaps for this reason, it is common place for consumers to pursue unjust enrichment claims against manufacturers even where they did not directly purchase any product from the manufacturer. *See Babyage.com, Inc. v. Toys "R" Us, Inc.*, 558 F.Supp.2d 575 (E.D.Pa. 2008) (permitting unjust enrichment claim to proceed against manufacturers where consumers alleged that manufacturers conspired to cause them to pay higher prices).

Even though Plaintiffs are not obligated to plead or prove that they conferred a direct

---

[4] A claim for unjust enrichment requires a showing that: (1) one party conferred a benefit on the other party; (2) the benefit was not conferred officiously, that is, it was not conferred by an interference in the affairs of the other party in a manner that was not justified in the circumstances; (3) the benefit was not gratuitous; (4) the benefit is measurable; and (5) the defendant consciously accepted the benefit. *See Progressive American Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 647 S.E.2d 111, 116 (N.C.App. 2007).

benefit on Tobin, it is obvious that Tobin did, in fact, receive a benefit in connection with the sale and installation of the drywall. These benefits received by Tobin are directly linked to the home purchases by Plaintiffs and Class Members. The Complaint adequately pleads both of these facts. *See* Complaint at ¶ 66 ("Defendants received money as a result of Plaintiffs' and Class Members' purchases of Defendants' defective drywall, or purchases of homes containing this drywall, either directly or through an agent, and Defendants wrongfully accepted and retained these benefits to the detriment of Plaintiffs and Class Members."). Accordingly, the first element of the unjust enrichment claim has been adequately alleged.

Second, the Complaint adequately alleges that Tobin acted to induce or solicit Plaintiffs and Class Members to confer benefits upon Tobin. *See* Complaint at ¶ 72 (alleging that Defendant knowingly distributed the drywall without disclosing its defective condition). That is, Tobin caused the distribution of the defective drywall with the understanding that it would be installed in the homes of Plaintiffs and Class Members. By causing the distribution of the drywall without disclosing its defective nature, Tobin received benefits that were directly linked to the sale of homes purchases by Plaintiffs and Class Members. Plaintiffs and Class Members would not have purchased their homes had Tobin disclosed the defective nature of the drywall. Thus, the Complaint adequately alleges that Tobin induced Plaintiffs and Class Members to confer benefits upon Tobin. *See Booher v. Frue*, 358 S.E.2d 127 (N.C.App. 1987) (complaint alleging that plaintiff's attorney, and attorney's associate, secretly negotiated referral fee with out of state attorney, and **failed to disclose fee arrangement** when plaintiff compensated them, was sufficient to state causes of action for constructive fraud, unjust enrichment and constructive trust).

Third, the Complaint adequately pleads that the benefits conferred by Plaintiffs and Class Members are measurable. Where it can be demonstrated that a plaintiff conferred a benefit on the defendant, a measurable benefit has been conferred. *See Metric Constructors,* 72 Fed.Appx. at 923 (determining plaintiff had established that it had conferred a measurable benefit where it had demonstrated that it had conferred a benefit on the defendant). The Complaint clearly alleges that Tobin profited from the sale of the defective drywall that was installed in the homes of Plaintiffs and Class Members. *See* Complaint at ¶ 66. Since "[t]he restitution to be made for unjust enrichment is measured according to the value of the benefit conferred on the defendant, not the plaintiff's loss ...," *Metric Constructors,* 72 Fed.Appx. at 923, the exact value of the benefit conferred on Tobin cannot be determined in the absence of discovery. Accordingly, the Complaint adequately pleads that the benefits conferred on Tobin by Plaintiffs and Class Members are measurable.

Finally, the Complaint adequately alleges that Tobin consciously accepted benefits from Plaintiffs and Class Members. *See* Complaint at ¶¶ 65-68. While Tobin may want to attack this particular allegation on a factual basis, on a motion to dismiss Tobin must accept the factual assertions in the Complaint as true. Further, allegations concerning state of mind and knowledge may be pled generally. *See* Fed.R.Civ.P. 9(b) ('knowledge and other conditions of a person's mind may be alleged generally.").[5] Thus, the Complaint adequately alleges that Tobin consciously accepted benefits from Plaintiffs and Class Members.

Accordingly, the Complaint adequately states a claim for unjust enrichment.

---

[5] Tobin also argues that Plaintiffs' cannot pursue their unjust enrichment claim since Plaintiffs have an adequate remedy at law. This argument should be rejected in light of Tobin's decision to challenge each and every claim that has been asserted against it in the Complaint.

12

### E. Count VI Properly Asserts Violations of the North Carolina Consumer Protection Act.

Tobin seeks to have Count VI dismissed since they claim "Plaintiffs do not assert any facts demonstrating aggravating circumstances ... [because] there are no factual allegations demonstrating that Tobin said or did anything, or failed to say or do something, that influenced the Plaintiffs' decision to purchase or build their homes with the subject drywall" Brf. at 16. This argument should be rejected for the same reasons discussed in Plaintiffs' opposition to the motion to dismiss by Porter-Blaine/Venture. *See* Opp. to Porter-Blaine/Venture Mtn. to Dismiss at 14-16.[6]

Accordingly, the Complaint adequately pleads a claim under the North Carolina Consumer Protection Act.

### F. Plaintiffs are Entitled to the Equitable Relief Sought in Count VII.

In challenging the equitable relief requested in Count VII, other than the request for medical monitoring, Tobin contends that, "[a]s alleged, plaintiffs and the putative class members have not suffered an "irreparable injury," and the remedies at law (i.e., monetary damages) are adequate." Def.Brf. at 19. Tobin's argument that Plaintiffs' have an adequate remedy at law should be rejected for the reasons discussed in Plaintiffs' opposition to the motion to dismiss by Porter-Blaine/Venture. *See* Opp. to Porter-Blaine/Venture Mtn. to Dismiss at 16-17.

---

[6] Since the Complaint clearly alleges that Tobin knowingly misrepresented material facts, *see* Complaint at ¶ 72, Tobin's argument that Count VI merely asserts a breach of warranty claim should also be rejected. These allegations in the Complaint bring Plaintiffs' claims squarely within the North Carolina Consumer Protection Act. *See Johnson Mut. Life Ins. Co.*, 266 S.E.2d 610, 621 (N.C. 1980) ("A practice is unfair when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to customers.").

13

As for Tobin's argument that Plaintiffs have failed to allege "irreparable injury," this argument is difficult to fathom. Plaintiffs have alleged personal injuries as well as continuing exposure to hazardous substances. Plaintiffs continued exposure to these dangerous substances is the irreparable injury that necessitates equitable relief. Count VII properly seeks equitable relief that is designed to cure such irreparable injury by compelling Defendants to either recall or repurchase the Plaintiffs' home, or to repair and/or replace the defective drywall in Plaintiffs' home.

Finally, Movants' argument that the medical monitoring claims should be dismissed in light of the Court of Appeals Opinion in *Curl v. American Multimedia, Inc., et al.*, 654 S.E.2d 76 (N.C.App. 2007), should be rejected for the reasons discussed in Plaintiffs' opposition to the motion to dismiss by Porter-Blaine/Venture. *See* Opp. to Porter-Blaine/Venture Mtn. to Dismiss at 17-19. So far as Tobin relies on the Fourth Circuit's opinion in *Ball v. Joy Technologies, Inc.*, 958 F.2d 3d, 39 (4th Cir. 1991), for purposes of arguing the medical monitoring claim should be dismissed, Tobin's reliance on this authority is misplaced.

For starters, the *Ball* court merely set forth its prediction that the Supreme Courts of Virginia and West Virginia would decline to recognize medical monitoring claims. Thus, the Forth Circuit did not evaluate North Carolina law and/or make any prediction concerning whether the North Carolina Supreme Court would recognize medical monitoring claims. Secondly, the prediction of the Fourth Circuit is no longer assured as much has changed since the Fourth Circuit's ruling in *Ball*. The majority of courts now recognize that a plaintiff may recover for medical monitoring even in the absence of a personal injury. *See* Opp. to Porter-Blaine/Venture Mtn. to Dismiss at 18, Fn. 15 (collecting cases).

14

Indeed, the Fourth Circuit's opinion in *Ball* is clearly flawed. For instance, while the Fourth Circuit determined that both the West Virginia and Virginia high courts would decline to recognize claims for medical monitoring, the Supreme Court of Appeals of West Virginia quickly dispelled any notion that the Fourth Circuit had properly interpreted its law in *Ball*.

In responding to a certified question from a West Virginia District Court, the Supreme Court of Appeals in *Bower v. Westinghouse Electric Corporation*, 522 S.E.2d 424 (W.Va. 1999), expressly rejected the Fourth Circuit's interpretation of its law in *Ball*. The *Bower* court reached the opposite conclusion and held that it would recognize a cause of action for the recovery of medical monitoring costs for exposure to proven hazardous substances. *Bower* clearly demonstrates that there are serious flaws with the Fourth Circuit's analysis of state law in *Ball*. In light of these flaws with the *Ball* opinion, this Court should not consider the *Ball* opinion for purposes of predicting whether or not the North Carolina Supreme Court will recognize medical monitoring claims. For the reasons discussed in Plaintiffs' opposition to the motion to dismiss by Porter-Blaine and Venture, *see* Opp. to Porter-Blaine/Venture Mtn. to Dismiss at 17-19, the North Carolina Supreme Court is likely to recognize such claims.

Accordingly, Count VII of the Complaint adequately pleads equitable claims.

### G. Plaintiffs are Entitled to Punitive Damages

Finally, Tobin contests Plaintiffs' claims for punitive damages. In making this argument, Tobin argues, "[t]he Amended Complaint is completely devoid of any facts demonstrating the existence of any "aggravating factors" attributable to Tobin." Def.Brf. at 21. This argument should be rejected since the Complaint plainly alleges that Tobin knowingly/deliberately failed to disclose the defective condition of the drywall. *See* Comp.¶ 72. Thus, because the Complaint

15

pleads that Tobin had sufficient knowledge of the alleged defects in the drywall, it supports a claim for punitive damages. *See* Fed.R.Civ.P. 9(b)('knowledge and other conditions of a person's mind may be alleged generally.").[7]

## IV. CONCLUSION.

For the reasons set forth above, Tobin's Motion to Dismiss should be denied.

Respectfully submitted,

Dated: August 14, 2009

By: /s/ J. Michael Malone
J. Michael Malone, Esquire
N.C. State Bar No.: 26512
Hendren & Malone, PLLC
4600 Marriott Drive
Suite 150
Raleigh, NC 27612
Telephone: (919) 573-1423
Facsimile: (919) 420-0475
*Counsel for Plaintiffs*

---

[7] Notwithstanding the above, Plaintiffs recently moved for leave to file an amended complaint. In the proposed Second Amended Complaint, Plaintiffs have removed, for the time being, their request for punitive damages without prejudice.

In the proposed Second Amended Complaint, Plaintiffs have also modified the breach of warranty claim in response to the argument by Porter-Blaine/Venture that Plaintiffs are not pursuing an implied warranty of merchantability claim. Although Plaintiffs believe the First Amended Complaint adequately alleges an implied warranty of merchantability claim, the Second Amended Complaint indisputably asserts such a claim. *See* Second Amended Complaint at ¶ 58 ("The drywall was defective and **not merchantable** because it was unfit for the uses intended or reasonably foreseeable by Defendants ...").

Richard Serpe, Esquire
LAW OFFICES OF RICHARD J. SERPE
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com
*Counsel for Plaintiffs*

Michael D. Hausfeld, Esquire
Richard S. Lewis, Esquire
James J. Pizzirusso, Esquire
Faris Ghareeb, Esquire
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
*Co-counsel for Plaintiffs*

Arnold Levin, Esquire
Fred S. Longer, Esquire
Daniel Levin, Esquire
Matthew C. Gaughan, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
*Co-counsel for Plaintiffs*

Richard W. Stimson, Esquire
Attorney at Law
920 Waters Reach Court
Alpharetta, Georgia 30022
Phone: 214-914-6128
*Co-counsel for Plaintiffs*

Robert Gary, Esquire
GARY, NAEGELE & THEADO, LLC
446 Broadway
Lorain, OH 44052
Phone: (440) 244-4809
Fax: (440) 244-3462
*Co-counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Plaintiffs' Response in Opposition to Tobin Trading Inc.'s Rule 12(b)(6) Motions was served upon all counsel of record on this 14th day of August, 2009 via the Court's electronic notification system.

I also certify that a true and correct copy of the above response was served on the following unrepresented party on this 14th day of August, 2009 via Federal Express Service:

>Taishan Gypsum Co., Ltd
>f/k/a Shandong Taihe Dongxin Co., Ltd.
>Dawenkou, Taian
>Shandong, China 271026

/s/ J. Michael Malone
J. Michael Malone, Esq.
N.C. State Bar No.: 26512
Hendren & Malone, PLLC
4600 Marriott Drive
Suite 150
Raleigh, NC 27612
Telephone: (919) 573-1423
Facsimile: (919) 420-0475
*Counsel for Plaintiffs*