# EXHIBIT E

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

| | |
|---|---|
| CURTIS HINKLEY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case 2:09-cv-00025-FL |
| | ) |
| TAISHAN GYPSUM CO. LTD., et al. | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
<u>PLAINTIFFS' MOTION TO AMEND THE COMPLAINT</u>**

Plaintiffs have sought to amend their complaint to make further allegations demonstrating this Court has personal jurisdiction over Tobin Trading, Inc. ("Tobin"). Tobin has responded to Plaintiffs' motion to amend by asserting that the allegations in the Proposed Second Amended Complaint are conclusory in nature and, thus, the amendment should not be permitted since it would be futile.[1] This argument should be rejected.

When a Court entertains whether personal jurisdiction exists over a foreign entity, and there is no evidentiary record, the Court must determine, based on the pleadings and in the light most favorable to the plaintiffs, whether a *prima facie* case has been met for jurisdiction. *New Wellington Financial Corp. v. Flagship Resort Development Corp.*, 416 F.3d 290, 294 (4th Cir. 2005). In other words, when a court addresses the question of whether jurisdiction exists solely based on the contents of motion papers, the burden on the plaintiff is to make out a *prima facie* showing of a sufficient jurisdictional basis. *In Re: Celotex Corp.*, 124 F.3d 619, 628 (4th Cir.

---

[1] Plaintiffs will rest on their prior arguments concerning their implied warranty of merchantability and negligence per se claims.

1

1997). Further, the Court is required to construe all relevant pleadings and allegations in the light most favorable to plaintiffs and to assume all issues of credibility and inferences in favor of plaintiffs. *New Wellington Financial Corp.*, 416 F.3d at 294. Eventually, Plaintiffs will need to prove, by preponderance of the evidence, that jurisdiction exists, but at this moment, the Court may rely on Plaintiffs' pleadings and allegations. *Id.*

In this case, Plaintiffs have moved to amend the complaint to assert facts demonstrating that Tobin brokered a deal with the knowledge and purpose of causing the drywall at issue in this litigation to be distributed and sold in North Carolina. That is, Plaintiffs allege that Tobin brokered a deal between Chinese drywall manufacturers and Venture Supply Company ("Venture") with the purpose of causing Chinese drywall to be distributed and sold in North Carolina. *See* Plaintiffs' Proposed Second Amended Complaint ("Complaint") at ¶¶ 10 and 11. These factual allegations make out a *prima facie* case for purposes of asserting personal jurisdiction over Tobin.

Under Supreme Court precedent, when a defendant markets a product with a distributor with full intent and knowledge that the distributor will sell in a specific state, jurisdiction is established over the defendant in that state. *See Asahi Metal Industry Company Ltd. v. Superior Court of California*, 480 US 102, 112 (1987). As noted above, Plaintiffs' Proposed Second Amended Complaint meets this standard. That is, the allegations in the Proposed Second Amended Complaint go beyond merely alleging that Tobin placed the defective drywall in the stream of commerce. Plaintiffs have alleged that Tobin served as a middle man between the manufacturer and vendor with full knowledge that the vendor would directly market the Chinese drywall in North Carolina. Pursuant to *Asahi*, these allegations are sufficient to confer

jurisdiction over Tobin in North Carolina.

Accordingly, Plaintiffs' motion to amend should be granted since the proposed amendment is not futile.

Respectfully submitted,

Dated: September 1, 2009     By:    /s/ J. Michael Malone
J. Michael Malone, Esquire
N.C. State Bar No.: 26512
Hendren & Malone, PLLC
4600 Marriott Drive
Suite 150
Raleigh, NC 27612
Telephone:  (919) 573-1423
Facsimile:   (919) 420-0475
*Counsel for Plaintiffs*

Richard Serpe, Esquire
LAW OFFICES OF RICHARD J. SERPE
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com
*Counsel for Plaintiffs*

Michael D. Hausfeld, Esquire
Richard S. Lewis, Esquire
James J. Pizzirusso, Esquire
Faris Ghareeb, Esquire
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
*Co-counsel for Plaintiffs*

3

Arnold Levin, Esquire
Fred S. Longer, Esquire
Daniel Levin, Esquire
Matthew C. Gaughan, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
*Co-counsel for Plaintiffs*

Richard W. Stimson, Esquire
Attorney at Law
920 Waters Reach Court
Alpharetta, Georgia 30022
Phone: 214-914-6128
*Co-counsel for Plaintiffs*

Robert Gary, Esquire
GARY, NAEGELE & THEADO, LLC
446 Broadway
Lorain, OH 44052
Phone: (440) 244-4809
Fax: (440) 244-3462
*Co-counsel for Plaintiffs*