UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * | MDL NO. 2047 |
| | * | SECTION: L |
| | * | |
| **This document relates to case no.:** | * | JUDGE FALLON |
| | * | |
| **10-CV-52 (Bourgeios v. Allstate Indemnity)** | * | MAG. JUDGE WILKINSON |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

## ALLSTATE INDEMNITY COMPANY'S MOTION TO DISMISS

Defendant Allstate Indemnity Company ("Allstate") respectfully moves this Court to dismiss the Complaint as against Allstate pursuant to Fed. R. Civ. P. 12(b)(6). In further support of its Motion, Allstate submits the accompanying Memorandum of Law, which is fully incorporated by reference herein, and states as follows:

1.  All plaintiffs' claims against Allstate fail as a matter of law because plaintiffs do not allege that any property damage occurred during the policy periods during which the applicable Allstate homeowners insurance policies were in effect.

2.  According to plaintiffs, they purchased a homeowners insurance policy from Allstate for the period March 23, 2004 to June 25, 2007, Number 915293589. Plaintiffs further allege that, after subsequently purchasing homeowners insurance coverage from defendant Louisiana Citizens Property Insurance Company, they purchased another homeowners insurance policy from Allstate, Number 931556471, for the period April 24, 2008 to December 1, 2008.

150906

1

Plaintiffs allege they purchased a homeowners policy from defendant ASI Lloyds for the period December 1, 2008 until the present.

3.     Plaintiffs expressly allege that property damage resulting from Chinese drywall installed in their home was first manifested or discovered in Spring, 2009, which is after the last date, December 1, 2008, they allege any Allstate homeowners policy was in effect and applicable to the relevant property.

4.     Under Louisiana law, an insurer whose policy was not in force at the time of the manifestation of a loss in these circumstances owes no coverage for that loss.[1]

5.     From the face of the Complaint, then, it is clear that plaintiffs cannot state a claim against Allstate because, as a matter of law, Allstate owes no coverage to plaintiffs under these circumstances.

WHEREORE, defendant Allstate Indemnity Company respectfully requests that this Court enter an Order dismissing plaintiffs' Complaint as against Allstate, with prejudice and without leave to amend.

---

[1] It should be noted that Allstate's records demonstrate the Allstate policy in effect for the period March 23, 2004 to June 25, 2007 actually covered a different property, at a different address, from the property at issue in this action. Nonetheless, even if this policy was applicable to the relevant property, it, like the applicable April 24, 2008 - December 1, 2008 policy, was not in force at the time of the Spring, 2009 manifestation of the alleged property damage.

150906

Respectfully submitted,

/s/ Catherine F. Giarrusso

---

Judy Y. Barrasso, 2814
Catherine F. Giarrusso, 29875
BARRASSO USDIN KUPPERMAN
    FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana 70112
Telephone: (504) 589-9700

*Attorneys for Allstate Indemnity Company*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S mail and e-mail *or* by hand delivery and e-mail *and* upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 14th day of January, 2009.

/s/ Catherine F. Giarrusso

---

150906

3