**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2047**<br>**SECTION: L**<br>**JUDGE FALLON**<br>**MAG. JUDGE WILKINSON** |
| **THIS DOCUMENT RELATES TO:**<br><br>**Roberts, et al. v. Knauf GIPS KG, et. al.,**<br>**Case No. 2:09-cv-05870 (E.D.La.)** | |

**PLAINTIFFS' MEMORANDUM OF LAW IN**
**SUPPORT OF PLAINTIFFS' SUBSTITUTED MOTION**
**TO AMEND THE CLASS ACTION COMPLAINT**

**I.      INTRODUCTION**

Plaintiffs, by and through their counsel, hereby submit this memorandum of law in

support of Plaintiffs' Substituted Motion to Amend the Class Action Complaint.  Specifically,

Plaintiffs seek to amend the Class Action Complaint (the "Complaint") in order to modify the

class definitions as to Defendants Knauf Gips KG, Knauf Plasterboard (Tianjin) Co., Ltd., Knauf

Plasterboard (Dongguan) Co., Ltd. (collectively "Knauf"), and Rothchilt International Ltd.[1]

Plaintiffs seek to amend these class definitions in order to assert claims on behalf of all persons

and entities in the United States with properties that were impacted by defective drywall that was

manufactured and distributed by these defendants.[2]  In light of this proposed amendment to the

class definition, Plaintiffs are also seeking to amend their Consumer Protection claims in order to

assert claims under the consumer protection laws of all states where Class Members have

---

[1] In the Class Action Complaint, the Plaintiffs sought a Florida class against Knauf, Rothchilt, Banner Supply Co. ("Banner Supply"), and Northstar Holdings at B and A, LLC ("Northstar").  Since Plaintiffs are seeking to amend the class definition for a national class as to Knauf and Rothchilt, there will now be three subclasses (Subclass A: Rothchilt (national class); Subclass B: Banner Supply (Florida class); and Subclass C: Northstar (Florida class).

[2] Plaintiffs proposed Amended Class Action Complaint is Exhibit "A" to Plaintiffs' Motion to Amend.

incurred damages.[3]  The instant Substituted Motion to Amend is being submitted in place of

Plaintiffs' Motion to Amend the Class Action Complaint by Interlineation.

## II.    FACTS

Plaintiffs instituted a legal action against the manufacturer, sellers, and distributors of

defective drywall in their homes (Knauf, Rothchilt, and Banner Supply).  Plaintiffs also brought

claims against the builder or their homes (Northstar).  The Plaintiffs seek to represent a class of

"[a]ll owners and/or residents of real properties in the United States containing defective Chinese

drywall manufactured, sold, distributed, or supplied by Knauf."  *See* Amended Complaint at ¶

106.  Plaintiffs are also seeking to represent a subclasses consisting of "[a]ll owners and/or

residents of real properties in the United States containing Knauf's Chinese drywall that was

sold, distributed, or supplied by Rothchilt."  *Id.*  Finally, Plaintiffs are seeking to represent

subclasses (owners and/or residents of real properties located in the State of Florida) against

Banner Supply and Northstar.  *Id.*

Both the Complaint and the Amended Complaint assert claims against defendants for

negligence (manufacturer and builder/developer defendants), strict liability (manufacturer and

distributor/supplier defendants), violation of consumer protection acts (all defendants), breach of

implied warranty of merchantability (builder/developer defendants), breach of warranty of

fitness for a particular purpose (builder/developer defendants), breach of contract

(builder/developer defendants), private nuisance (all defendants), unjust enrichment (all

defendants), and for equitable injunctive and medical monitoring (all defendants).

---

[3] Since the class definitions concerning Banner Supply and Northstar are geographically limited to the State of Florida, those claims remain governed by the Florida Deceptive and Unfair Trade Practices Act.

### III.   **ARGUMENT**

In determining whether to grant leave to amend a pleading, it is appropriate for a court to consider judicial economy and the most expeditious way to dispose of merits of a litigation. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594 (5ᵗʰ Cir. 1991). "Leave to amend should be freely granted when justice requires." *See Financial Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5ᵗʰ Cir. 2006). Rule 15(a) of the Federal Rules of Civil Procedure is in accord and requires that when leave of court is sought to file an amended complaint is should be "freely given." Fed.R.Civ.P. 15(a). There is a strong presumption in favor of granting leave to amend a complaint. *Id.* "A district court must possess a "substantial reason" to deny a request for leave to amend." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5ᵗʰ Cir. 2004). Indeed, when ruling on a motion to amend a complaint, the motion to amend should only be denied in very limited circumstances as the Fifth Circuit explained in *Smith v. EMC Corp.*, *supra*. Therein the Fifth Circuit explained as follows:

> As outlined by the Supreme Court, this Circuit examines five consideration to determine whether to grant a party leave to amend a complaint: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5ᵗʰ Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). Absent any of these factors, the leave sought should be "freely given." *Foman*, 371 U.S. at 182, 83 S.Ct. 227.

*EMC Corp.*, 393 F.3d at 595. Applying these factors, leave to amend is appropriate in this case.

### A.   **The Proposed Amendment is not the Result of Undue Delay, Bad Faith, Dilatory Motive, and/or Repeated Failures by Plaintiffs to Cure Deficiencies in Prior Amendments**

By virtue of inspections and other discovery to date, Plaintiffs came to learn that the distribution of Knauf's drywall was much broader in scope than was initially believed. As a

3

consequence, the proposed amendment is not the result of undue delay, bad faith or dilatory motive, and/or Plaintiffs' repeated failure to cure deficiencies by previous amendments. Under these circumstances, it should be clear that Plaintiffs are not seeking the amendment to delay these proceedings or to harass the Defendants.[4]

**B.     Defendants will Not be Prejudiced by the Amendment**

Nor will the proposed amendments result in any undue prejudice to the opposing parties. Rothchilt has not entered its appearance in this case and/or filed an answer to the Complaint. Under these circumstances, they will not be prejudiced by the proposed amendment. With respect to Knauf, Knauf is already defending several class action complaints that assert national classes. Therefore, Knauf is fully capable of defending against a complaint that alleges a national class.

As for the other defendants in this case (Banner Supply and Northstar), they will not be prejudiced by the proposed amendment since it has no impact on the claims against them. The proposed amendment only seeks to amend the class definition as to Knauf, the manufacturer of the drywall at issue in this case, and Rothchilt, one of the distributor/suppliers who has not yet entered an appearance, in order to assert claims on behalf of all persons and entities in the United States with properties that were impacted by defective drywall manufactured and distributed by

---

[4] *Compare, Wimm v. Jack Eckerd Corp.*, 3 F.3d 137 (5th Cir. 1993) (where plaintiffs sought to amend the complaint nine months after action was commenced and after defendant had filed motion for summary judgment, plaintiffs' delay in asserting additional claims, even though they were aware of underlying facts supporting claims at outset of action, supported District Court's finding of bad faith and dilatory motive, and therefore denial of motion to file second amended complaint was proper; *Little v. Liquid Air Corp.*, 952 F.2d 841 (5th Cir. 1992), *aff'd en banc*, 37 F.3d 1069(5th Cir. 1994) (where plaintiffs sought to file amendment which would have radically altered the nature of the action well over a year after it was instituted, several months after discovery had effectively terminated, and after the defendant had moved for summary judgment, and further, plaintiffs offered no evidence that the delay was excusable or the result of a mere oversight, District Court's denial of motion was not an abuse of discretion).

these defendants.  While this proposed amendment expands the class and subclass that has been asserted against Knauf and Rothchilt, it has no impact on the claims and/or subclasses that have been asserted against Banner Supply and Northstar.

Accordingly, the proposed amendment will not result in any undue prejudice to the opposing parties.

**C.**     **The Proposed Amendment is not Futile**

Plaintiffs are unable to conceive of any grounds for concluding that the proposed amendment would be futile.

**IV.**     **CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that the Court grant their Substituted Motion to Amend the Complaint.

Respectfully submitted,

**Dated: January 14, 2010**              /s/ Arnold Levin_____
                                                      Arnold Levin, Esquire
                                                      Fred S. Longer, Esquire
                                                      Daniel Levin, Esquire
                                                      Matthew C. Gaughan, Esquire
                                                      LEVIN, FISHBEIN, SEDRAN & BERMAN
                                                      510 Walnut Street, Suite 500
                                                      Philadelphia, PA 19106
                                                      Phone: (215) 592-1500
                                                      Fax: (215) 592-4663
                                                      *Co-counsel for Plaintiffs*

                                                      Richard Serpe, Esquire
                                                      LAW OFFICES OF RICHARD J. SERPE
                                                      Crown Center, Suite 310
                                                      580 East Main Street
                                                      Norfolk, VA 23510-2322
                                                      Phone: (757) 233-0009
                                                      Fax: (757) 233-0455
                                                      *Counsel for Plaintiffs*

Michael D. Hausfeld, Esquire
Richard S. Lewis, Esquire
James J. Pizzirusso, Esquire
Faris Ghareeb, Esquire
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
*Co-counsel for Plaintiffs*

Richard W. Stimson, Esquire
Attorney at Law
920 Waters Reach Court
Alpharetta, Georgia 30022
Phone: 214-914-6128
*Co-counsel for Plaintiffs*

Robert Gary, Esquire
GARY, NAEGELE & THEADO, LLC
446 Broadway
Lorain, OH 44052
Phone: (440) 244-4809
Fax: (440) 244-3462
*Co-counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Plaintiffs' Substituted Motion to Amend the Class Action Complaint and Memorandum in Support thereof has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 14th day of January, 2010.

/s/ Arnold Levin
Arnold Levin
Fred S. Longer
Matthew Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
*Co-counsel for Plaintiff*

6