BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In re   CHINESE DRYWALL LITIGATION                    MDL No. 2047

*Owners Insurance Company and Auto-Owners Insurance Company v. The Mitchell Company, Inc. and Rightway Drywall, Inc.*, United States District Court, Middle District of Georgia (Macon), Case No.: 5:09-cv-374

## THE MITCHELL COMPANY, INC.'S RENEWED PETITION FOR NOTICE OF TAG ALONG

### I.   INTRODUCTION

On November 14, 2009, counsel for The Mitchell Company, Inc. ("The Mitchell Company") pursuant to Rule 7.5(e), noticed this Panel that this action is a related action and should be transferred and consolidated in the United States District Court for the Eastern District of Louisiana in *In Re: Chinese Manufactured Drywall Products Liability Litigation*, MDL No. 2047. This Panel, without argument, took no action on the matter, and it is currently listed as closed and the parties terminated on the Panel's docket. The Mitchell Company now submits this brief to renew its Notice of Tag Along of the above matter and in support of the same, sets forth the following regarding the proceeding before the Honorable Eldon E. Fallon in the transferee court.

### II.   FACTS

Owners Insurance Company ("Owners") and Auto-Owners Insurance Company ("Auto-

Owners") brought a declaratory judgment action against Rightway Drywall, Inc. ("Rightway") and The Mitchell Company. See Complaint attached hereto as Exhibit A. This declaratory judgment action involves an insurance coverage dispute arising out of Owners and Auto-Owners' contention that the insurance policy that they issued to Rightway provides no coverage for third-party claims or suits arising from Rightway's sale of Chinese drywall.

In connection with the construction of certain homes in Alabama and Florida, The Mitchell Company purchased and installed Chinese drywall distributed and/or supplied by Rightway, among others. On March 6, 2009, The Mitchell Company filed a class action lawsuit on behalf of itself and others similarly situated, in the United States District Court for the Northern District of Florida, Case No. 09-cv-89. The Mitchell Company's Complaint named Rightway as a defendant. Rightway sought a defense and indemnity under the insurance contracts issued by Owners and Auto-Owners for the claims asserted against Rightway. Owners and Auto-Owners then provided notice to Rightway of their reservation of rights to contest coverage for the claims asserted. Owners and Auto-Owners contend that their insurance policies issued to Rightway afforded no coverage for the facts and claims upon which The Mitchell Company's lawsuit is based. Owners and Auto-Owners has denied coverage for the The Mitchell Company's Chinese drywall claims on the basis that the claims are excluded under the total pollution exclusion contained in the insurance policies, among other reasons. The pollution exclusion clause which is found in Owners and Auto-Owners' policies is a common pollution exclusion clause found in most insurance policies.

### III.    MDL PROCEEDINGS

This Panel chose the United States District Court for the Eastern District of Louisiana as the forum for consolidation and transfer of all the Chinese Drywall Litigation before the Honorable

Eldon E. Fallon. Pursuant to the consolidation, Judge Fallon has established discovery plans, the inspections of properties and various pre-trial orders governing the proceedings. Judge Fallon has also established state and federal coordination for all state cases throughout the country, appointing liaison counsel for each state. Along with discovery scheduling deadlines for actions involving the manufacture, supply and use of Chinese drywall, the Court has undertaken to provide a forum for addressing the insurance issues at issue in this Petition. See *In Re: Chinese Drywall Products Liability Litigation*, Minute Entry September 24, 2009 of Judge Fallon attached hereto as Exhibit B at XIV stating:

> There are a number of issues involving insurance matters that will addressed in this litigation. ***These include actions against insurers of manufacturers, exporters, importers, brokers, distributors, builders, drywall contractors/installers and homeowners.***
>
> Plaintiffs informed the Court that they have created a chart on insurance companies involved in Chinese Drywall Litigation and that they would provide it to the Court.

(Emphasis added.)

This Panel has already ordered a conditional transfer of a similar matter involving insurance coverage issues. See *General Fidelity Insurance Company v. Catherine Foster, et al.*, S.D.Fl. No. 9:09-80754. See this Panel's Conditional Transfer Order and Order Reinstating Stay of Conditional Transfer Order of September 25, 2009.[1]

Further, since the inception of the MDL, at least four actions have been filed in the MDL naming insurance carriers and placing at issue similar or identical policy provisions. See *Borne v. Liberty Mut. Fire Ins. Co.*, (E.D. La., Case No. 09-6073); *Van Winkle v. Nautilus Ins. Group*, (E.D.

---

[1] General Fidelity has served notice of opposition to the conditional transfer.

La., Case No. 09-4378); *West v. State Farm Fire & Cas. Co.*, (E.D. La., Case No. 09-6356); *Pate v. Am. Int'l Specialy Lines Ins. Co., et al.* (E.D. La., Case No. 09-07791) the complaints of which are attached hereto as Exhibit D. Auto-Owners is already a defendant in the *Pate* case, and the same policy provisions are at issue in *Pate* and in this action. See Exhibit C attached hereto which is a copy of the Pate Complaint.

Further, the Plaintiffs' Liason Counsel has filed a Renewed Petition for Notice of Tag Along in a similar matter. That petition is on this Panel's docket for decision on January 27, 2010.

Finally, Louisiana law and the circumstances of this matter indicate that Judge Fallon is likely to address insurance matters in this MDL. First, Louisiana law provides a direct action statute for the underlying plaintiffs to bring actions against the defendants' insurers to determine coverage issues. LSA-R.S. 22:985; *Vincent v. Pen Rod Drilling Co.*, 372 So. 2d 807 (La. Ct. App. 3d Cir. 1979). Thus, it is extremely likely that many direct actions against insurance carriers will address similar issues with regard to whether the carriers are required under their policy to cover the insurer for damages in the underlying lawsuits resulting from the use of Chinese drywall. Second, the nature of this litigation is such that numerous defendants are likely to bring declaratory judgment actions.

In light of the transfers that have already occurred and the similar cases already pending in the Eastern District of Louisiana, Mitchell's request cannot properly be deemed as novel or inappropriate. To the contrary, the issues presented in this matter are identical to those already before Judge Fallon in the MDL. Allowing these insurance coverage issues to be consolidated in front of one judge will prevent duplication, inconsistent results, and provide for a more efficient judicial process. Therefore, the Panel should consolidate this action with the MDL pending in the Eastern District of Louisiana before Judge Fallon pursuant to 28 U.S.C. § 1407.

## IV. CONCLUSION

For the reasons discussed herein, The Mitchell Company respectfully requests that this Panel coordinate and consolidate the above-referenced matter pending in the Middle District of Georgia before the Eastern District of Louisiana.

Respectfully submitted,

/s/ R. Edwin Lamberth

STEVEN L. NICHOLAS
R. EDWIN LAMBERTH
Cunningham Bounds, LLC
1601 Dauphin Street
Mobile, Alabama 36604
251-471-6191
251-479-1031 (fax)
sln@cunninghambounds.com
rel@cunninghambounds.com

JONATHAN D. SELBIN
Lieff, Cabraser, Heimann & Bernstein, LLP
780 Third Avenue, 48th Floor
New York, New York 10017-2024
212-355-9500
212-355-9592 (fax)


ELIZABETH J. CABRASER
KRISTEN E. LAW
Lieff, Cabraser, Heimann & Bernstein, LLP
Embarcadero Center West
275 Battery Street, Suite 3000
San Francisco, California 94111-3339
415-956-1000
415-956-1008 (fax)

Attorneys for Plaintiff The Mitchell Company, Inc.

**CERTIFICATE OF SERVICE**

I do hereby certify that the above and foregoing Renewed Petition for Notice of Tag Along has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel Kerry Miller, by U.S. Mail and e-mail or by hand delivery and email and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this the 15th day of January, 2010.

R. EDWIN LAMBERTH