UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL NO. 2047 SECTION: L |
| | * | JUDGE FALLON |
| THIS DOCUMENT RELATES TO ALL CASES | * * | MAG. JUDGE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**JOINT MOTION FOR THE CREATION OF AN
INSUER STEERING COMMITTEE AND
APPOINTMENT OF LEAD COUNSEL AND
<u>MEMBERS TO THE INSURER STEERING COMMITTEE</u>**

Pursuant to Pretrial Order No. 1, Liberty Mutual Insurance Company ("Liberty Mutual"), one of the insurers for supplier defendant Interior Exterior Building Supply, LP and an insurer for numerous homeowners asserting claims in this multi-district litigation, and State Farm Fire and Casualty Company ("State Farm"), which also insures numerous homeowners asserting claims in this multi-district litigation and potential defendants under certain liability policies (collectively "Insurers") hereby request that this Court create a separate Insurer Steering Committee because the interests of the Insurers in these cases are at times materially different from those of other parties to this litigation, including the manufacturers, suppliers,

- 1 -

homebuilders, and plaintiffs. Thus, the Insurers submit that a separate Steering Committee is appropriate to best serve the dual aims of efficiency and justice.

## I. Insurers Are, Or Will Be, Parties To The MDL.

Insurers in various capacities are, or will be, parties to the MDL cases. Already insurers have been sued on first-party claims in suits brought by homeowner policyholders,[1] as well as in direct actions brought by homeowners against the homebuilders, suppliers, and manufacturers, and their liability insurers. These suits have been filed in, removed to, or soon will be removed to federal court. Accordingly, numerous insurers already are involved in the MDL, with many more soon to be implicated.

## II. The Insurers Are Adverse To Other Parties

This multi-district litigation impacts a variety of different first-party and third-party insurance policies, each with well-defined coverages and exclusions.

### A. Third-Party Insurers

Lawsuits against suppliers and homebuilders implicate primary and excess commercial general liability insurance. In those cases, the defendant suppliers and homebuilders are aligned with plaintiffs in seeking to establish insurance coverage. The insurers in those instances have an interest in exercising all rights available under the insurance contracts, including the requirement that there be a covered occurrence under the policies and that the policy exclusions be properly enforced.

---

[1] *See, e.g., Hufft v. Interior / Exterior Building Supply, Limited Partnership, et al.*, E.D. La. No. 09-7016 and *Bourdon v. Interior / Exterior Building Supply, Limited Partnership, et al.*, E.D. La. No. 09-7025.

### B. First-Party Insurers

Similarly, where homeowner policies are at issue, the insurers have an interest in protecting their rights to assert numerous policy exclusions and coverage issues, which puts the insurers at odds with both the individual homeowners and all those potentially liable to the individual homeowners, including the other defendants.

### III. Appointment of Insurers' Committee and Subcommittees

As a result, the Insurers believe that their individual interests are not served by the general Defendants' Steering Committee, the Homebuilders Steering Committee or the Plaintiffs' Steering Committee. Because each of those committees seeks to establish insurance coverage even when coverage is not warranted, those entities are adverse to the Insurers.

In its July 9, 2009 Minute Entry, this Court recognized the importance of additional defendants, including insurers, coming forward and participating in the discovery process and the litigation. By organizing this separate Insurer Steering Committee, the Insurers believe it will produce a more efficient vehicle for the resolution and/or litigation of the insurance issues in this case.

Assuming the Court grants the Application for the Creation of an Insurer Steering Committee ("ISC"), the Insurers' counsel propose to the Court that the following attorneys serve as members of the ISC: Judy Y. Barrasso of Barrasso Usdin Kupperman Freeman & Sarver, L.L.C., counsel for Liberty Mutual, and Adrianne L. Baumgartner, counsel for State Farm, and other insurer counsel to be submitted at a later date.

Due to the sharp distinction between the claims against and the policies issued by homeowners and liability carriers, movers herein further request that the Court create sub-committees for both First-Party and Third-Party Insurers.

In addition, the Insurers propose that Judy Y. Barrasso be appointed as Lead Counsel for the ISC. The Insurers respectfully make this request to facilitate input of the Insurers into the administrative matters and other issues about which the Court may communicate with Lead Counsel. A copy of Ms. Barrasso's CV is attached.

                Respectfully submitted,

                */s/ H. Minor Pipes, III*
Judy Y. Barrasso, 2814
H. Minor Pipes, III, 24603
John W. Joyce, 27525
Catherine F. Giarrusso, 29875
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana 70112
Telephone: 504/589-9700

Attorneys for Liberty Mutual
  Insurance Company

- 5 -

*/s/ Adrianne L. Baumgartner*
Adrianne L. Baumgartner, 2861
James R. Nieset, Jr., 24856
Emily S. Morrison, 18351
Darrin M. O'Connor, 24582
PORTEOUS, HAINKEL & JOHNSON
P. O. Box 2086
Covington, LA 70434-2086
Telephone: 985-893-4790
Attorneys for State Farm Fire & Casualty Company

## CERTIFICATE

I hereby certify that on January 18, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants. There are no manual recipients.

*H. Minor Pipes, III*