UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | * | |
| DRYWALL PRODUCTS | * | |
| LIABILITY LITIGATION | * | CIVIL ACTION |
| | * | NO.: 09-2047 |
| | * | |
| | * | |
| | * | |
| PERTAINS TO: INSURANCE | * | SECTION: "L" (2) |
| | * | |
| *Patricia & Glenn Bourgeois v.* | * | |
| *Allstate Indemnity Co., et al* | * | |
| *CA No. 10-0052* | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF LOUISIANA CITIZENS PROPERTY INSURANCE CORPORATION'S RULE 12(b)(6) MOTION TO DISMISS

MAY IT PLEASE THE COURT:

Defendant, Louisiana Citizens Property Insurance Corporation ("LCPIC") submits this memorandum in support of its Rule 12(b)(6) Motion to Dismiss because LCPIC's policy did not provide coverage for the loss or damages alleged in the complaint. For these reasons, set out more fully below, Plaintiffs' claims against LCPIC should be dismissed.

### INTRODUCTION

The Plaintiffs, Patricia and Glenn Bourgeois, filed suit in St. Bernard Parish against Allstate Insurance Company ("Allstate"), LCPIC, and ASI Lloyds ("ASI") for damages allegedly sustained to their property caused by "Chinese drywall." Allstate removed the action from State Court to Federal Court on January 8, 2010 based on diversity of citizenship. Allstate also alleged that Plaintiffs' joinder of LCPIC, a Louisiana non-profit corporation, was fraudulent and intended to defeat diversity jurisdiction. The allegations of the petition show that LCPIC's

policy was not in effect on the date of loss and therefore, Plaintiffs have failed to state a claim against LCPIC upon which relief may be granted.

## LAW AND ANALYSIS

### I. Standard for Rule 12(b)(6) Motion to Dismiss

The well - pleaded allegations in the complaint are assumed to be true, and the motion will be granted if the plaintiffs cannot recover, as a matter of law, on the facts alleged. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). When considering a Rule 12(b)(6) motion, the court's review is limited to the pleadings. *In re Ford Motor Co. Bronco II Products Liability Litigation,* 909 F.Supp 400, 403 (E.D.La. 1995). However, reference to documents outside the pleadings is permitted in certain circumstances, such as when those documents are expressly incorporated into the pleadings or referred to in the complaint and are central to plaintiffs' claims. *Id.*; *See also Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). LCPIC's homeowners policy and its exclusions are referred to in the Plaintiffs' Complaint and are the basis for the Plaintiffs' claim against LCPIC. As such LCPIC's homeowners policy is properly considered in this Rule 12(b)(6) Motion to Dismiss.

### II. The LCPIC policy was not in effect on the date the loss or property damage was discovered by Plaintiffs.

It is well recognized in Louisiana law that an insured claiming coverage bears the burden to provide that the incident falls within the policy's terms. *Doerr v. Mobil Oil,* 00-947 (La. 12/19/00), 774 So.2d 119, 124 (and authorities cited therein). In construction defect cases, to determine the trigger of coverage under an insurance policy, Louisiana courts routinely apply the manifestation theory, under which "property damage" occurs when it is discovered, "regardless of when the act from which it resulted occurred." *Liberty Mut. Ins. Co. v. Jotun Paints, Inc.,* 555 F.Supp.2d 686, 697 (E.D.La. 2008) (Africk, J.) (citing *Audubon Trace Condo. Ass'n, Inc. v.*

*Brignac-Derbes, Inc.,* 924 So.2d 1131, 1133 (La. App. 5 Cir. 2006); *Oxner v. Montgomery,* 794 So.2d 86, 92-93 (La. App. 1 Cir. 2001)).

Under the residual market insurance program LCPIC administers, the petitioners were issued a homeowners policy, bearing policy number FH 20071200380 00, with coverage dates of May 3, 2007 through May 3, 2008. *See Petition for Damages, para. 9* and *Certified Copy of Policy bearing No. FH 20071200380 00* attached hereto and marked as "LCPIC Exhibit 1". Plaintiffs allege that the "Chinese drywall" was installed in their home in April 2007, one month prior to the inception of the LCPIC policy. *See* Petition, para. 20. Plaintiffs further allege that they discovered that their home was constructed using "Chinese Drywall" in Spring 2009. *See* Petition, para. 20. The complaint states that the Plaintiffs were unaware of the alleged defects in the drywall at the time of installation in April 2007. *See* Petition, para. 19. Plaintiffs did not discover the property damage which forms the basis of this lawsuit until the Spring of 2009, approximately one year after the LCPIC homeowners policy expired. The LCPIC policy specifically states: "This policy applies only to loss which occurs during the policy period." *See* LCPIC Exhibit 1, p. 15 of 22. Therefore, no coverage can be afforded under the LCPIC policy because the property damage or loss was not discovered and therefore, did not occur during the policy period. Accordingly, Plaintiffs have failed to state a claim against LCPIC upon which relief may be granted and LCPIC should be dismissed from this suit.

    **III.    Alternatively, even if it is determined that the loss occurred within the LCPIC policy period, the policy specifically excludes coverage for the damages alleged in the complaint.**

Plaintiffs are responsible for reading their policy and they are presumed to know the provisions of the policy. *City Blueprint & Supply Co., Inc. v. Boggio,* 2008-1093, p. 8 (La.App. 4 12/17/08), 3 So.2d 62, 67. Under Louisiana law, an insurance policy is similar to any other

3

contract in that it constitutes the law between the parties, and if its provisions are clear – whether as to exclusions from coverage or otherwise – it must be considered as a whole and enforced as written. *Pareti v. Sentry Indem. Co.,* 536 So.2d 417, 420 (La. 1988); *Zanca v. Breaux,* 590 So.2d 821, 824 (La. App. 4 Cir. 1991); *Louisiana Ins. Guar. Ass'n. v. Interstate Fire,* 630 So.2d 759, 763 (La. 1994).

Plaintiffs allege that the LCPIC policy provides coverage for loss caused by drywall which was "contaminated and defective at the time it was installed in the premises for which the defendants herein provided insurance coverage." *See Petition, para. 19.* However, page 9 of 22 of the LCPIC policy contains the following exclusions:

> "**2.** We do not insure, however, for loss:
>    **c.** Caused by:
>       **(6)** Any of the following:
>          **(a)** Wear and tear, marring, deterioration;
>          **(b)** Mechanical breakdown, **latent vice,** inherent vice, or **any quality in property that causes it to damage or destroy itself;**
>          **(c)** Smog, rust or **other corrosion,** or dry rot;
>          **(d)** Smoke from agricultural smudging or industrial operations;
>          **(e)** Discharge, dispersal, seepage, migration, release or escape of pollutants unless the discharge, dispersal, seepage, migration, release or escape is itself caused by a Peril Insured Against named under Coverage C.
>
>             Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed; (**Emphasis ours.**)

Additionally, page 12 of 22 of Plaintiffs' policy also excludes coverage as follows:

**SECTION I – EXCLUSIONS**

    **B.** We do not insure for loss to property described in Coverages A and B caused by any of the following. However, any ensuing loss to property described in Coverages A and B not precluded by any other provision in this policy is covered.

        3. Faulty, inadequate or defective:
            a. Planning, zoning, development, surveying, siting;
            b. **Design, specifications, workmanship, repair, construction, renovations, remodeling, grading, compaction;**
            c. **Materials used in repair, construction, renovation or remodeling**; or
            d. Maintenance;

        of part or all of any property whether on or off the "residence premises." (**Emphasis ours).**

Based on the above cited policy exclusions, Plaintiffs' policy specifically and unambiguously excluded coverage for loss or damages alleged in the complaint. The drywall was installed in the home during repair, remodeling, construction or renovations and Plaintiffs' complaint specifically alleges that the drywall was "defective." Furthermore, Plaintiffs allege that the defects in the drywall and resulting property damage did not become apparent until approximately two years after installation. Plaintiffs' policy also specifically excluded coverage for latent vices in the property. LCPIC Exhibit 1, p. 9 of 22. Plaintiffs' also alleged that corrosion of coils and wiring in the home resulted from the installation of the "Chinese Drywall" in their home. *See Petition, para. 20.* However, their policy also excluded coverage for loss caused by corrosion. LCPIC Exhibit 1, p. 9 of 22. Therefore, even if the Court finds that the loss occurred within the LCPIC policy period, the insurance policy unambiguously excluded coverage for the damages alleged in the complaint. As such, LCPIC should be dismissed

because Plaintiffs' complaint has failed to state a claim against LCPIC upon which relief may be granted.

## CONCLUSION

Louisiana Citizens Property Insurance Corporation's Rule 12(b)(6) motion to dismiss should be granted in all respects, and the Plaintiffs' claims against Louisiana Citizens Property Insurance Corporation should be dismissed.

Respectfully submitted:

DYSART & TABARY, L.L.P.

  /s/ Elizabeth R. Borne
PAUL A. TABARY, III (#12623)
DANIEL L. DYSART (#5156)
ELIZABETH R. BORNE (#30403)
LACEY TABARY (#31982)
#3 Courthouse Square
Chalmette, Louisiana 70043
Telephone: (504) 271-8011

## C E R T I F I C A T E

I hereby certify that on January 19, 2010, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to the following: Gregory P. DiLeo & Jennifer Eagan; Judy Barrasso & Catherine Giarrusso; Jason Foote & Brittany Love.

/s/ Elizabeth R. Borne
Elizabeth R. Borne (#30403)
Attorney for Defendant, LCPIC
Dysart & Tabary, LLP
3 Courthouse Square
Chalmette, LA 70043
Telephone: (504) 271-8011