**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN RE: CHINESE MANUFACTURED** | * | |
| **DRYWALL PRODUCTS LIABILITY** | * | |
| **LITIGATION** | * | **MDL No. 2047** |
| | * | |
| | * | **JUDGE: FALLON** |
| | * | |
| **This Document relates to** | * | **MAG: WILKINSON** |
| *Silva v. Arch Insurance Co., et al* | * | |
| | | |
| **(09-8034)** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**ANSWER TO PETITION FOR DECLARATORY JUDGMENT**

NOW INTO COURT, through undersigned counsel, comes Defendant THE NORTH

RIVER INSURANCE COMPANY ("Defendant" or "North River"), which, for answer to the

Petition for Declaratory Judgment of Plaintiffs Stephen and Isis Silva,

**FIRST DEFENSE**

Defendant, North River, avers that plaintiffs' petition fails to state a cause of action upon

which relief can be granted.

**SECOND DEFENSE**

Defendant affirmatively alleges that Plaintiffs have failed to properly mitigate their

damages as required by Louisiana law.

## THIRD DEFENSE

Defendant affirmatively alleges that the damages sought by Plaintiffs were caused by the fault of third parties over whom Defendant and/or Interior Exterior Building Supply, LP had no control or responsibility.  As such, Defendant pleads the doctrine of comparative responsibility and third party fault as embodied in Louisiana Civil Code Articles 2323 and 2324.

## FOURTH DEFENSE

Defendant, North River, avers that the claims alleged herein are prescribed and or preempted under the statutes referenced in plaintiff's petitions.

## FIFTH DEFENSE

Defendant, North River, avers that the damages alleged herein were the result of independent superseding and/or intervening causes for which Defendant is not responsible.

## SIXTH DEFENSE

Defendant, North River, avers that Interior Exteriors is not a manufacturer under the Louisiana Product Liability Act (La R.S. 9:2800.53), and thus Defendant, North River, can have no liability under that act.

## SEVENTH DEFENSE

And now, responding to the individual allegations of the Petition, DEFENDANT, THE NORTH RIVER INSURANCE COMPANY states:

I.

Defendant admits that it is a foreign insurance company and that Plaintiffs have sued it pursuant to the Louisiana Direct Action Statute in its capacity as one of the insurance carriers for Defendant Interior Exterior Building Supply, LP.  The remaining allegations of Paragraph I are denied for lack of sufficient information to justify a belief herein.

II.

The allegations of Paragraph II are denied for lack of sufficient information to justify a belief herein.

III.

The allegations of Paragraph III are denied for lack of sufficient information to justify a belief herein.

IV.

The allegations of Paragraph IV are denied.

V.

The allegations of Paragraph V are denied.

VI.

The allegations of Paragraph VI are denied for lack of sufficient information to justify a belief herein.

VII.

For answer to the allegations of Paragraph VII, Defendant admits that Plaintiffs and other property owners within the State of Louisiana have brought suit against Defendant Interior Exterior Building Supply, LP seeking a variety of damages.  Defendant denies any implication that Interior Exterior Building Supply LP  is liable to Plaintiffs or other property owners who have brought suit against it.

VIII.

The allegations of Paragraph VIII are denied for lack of sufficient information to justify a belief herein.

IX.

The allegations of Paragraph IX are denied for lack of sufficient information to justify a belief herein.

### X.

For answer to the allegations of Paragraph X, Defendant denies that it is properly named. The proper name of this Defendant is The North River Insurance Company.  North River admits that it issued commercial umbrella policy numbers 5530868073, 5530881951, 5530894695, 5530907502, and 5530919526 to Defendant Interior Exterior Building Supply, L.P.; however, the policies themselves are the best evidence of their terms, conditions, and limitations and speak for themselves.

### XI.

The allegations of Paragraph XI are denied for lack of sufficient information to justify a belief herein.

### XII.

The allegations of Paragraph XII are denied for lack of sufficient information to justify a belief herein.

### XIII.

Defendant denies that Plaintiffs are entitled to the declarations they seek in Paragraph XIII.

### XIV.

Defendant denies that Plaintiffs are entitled to the declarations they seek in Paragraph XIV.

**EIGHTH DEFENSE**

AND NOW, FURTHER ANSWERING, Defendant THE NORTH RIVER INSURANCE

COMPANY expressly denies that North River provides any coverage for the Plaintiffs' various

claims that form the subject of this litigation.  The claims made by the Plaintiffs do not allege

"bodily injury" or "property damage" caused by an "occurrence" that occurred during the policy

period(s).  Under the policies issued by North River, "bodily injury," "property damage," and

"occurrence" are defined as follows:

> "Bodily Injury" means bodily injury, sickness, disease, disability, shock, mental anguish, mental injury or humiliation sustained by a person, including death resulting from any of these at any time.
>
> "Property Damage" means:
>
> 1.  Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
> 2.  Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "Occurrence" that caused it.
>
> For purposes of this insurance, electronic data is not tangible property.
>
> As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.
>
> "Occurrence" means:
>
> 1.  with respect to "Bodily Injury" or "Property Damage", an accident, including continuous or repeated exposure to substantially the same general harmful conditions that results in "Bodily Injury" or "Property Damage" that is not expected or intended by the "Insured".
>
>    All damages, or damages and "Covered Pollution Cost or Expense", that arise from continuous or repeated exposure to

substantially the same general conditions are considered to arise from one "Occurrence".

Defendant affirmatively alleges that under the policy language quoted above, Plaintiffs' claims are not covered under the policies because they do not qualify as "bodily injury" or "property damage" caused by an "occurrence" that occurred during the policy periods. Defendant further affirmative alleges that under the definition of "occurrence" quoted above, the claims made in this lawsuit may constitute multiple "occurrences." Defendant affirmatively alleges that there is no coverage under the policies issued by North River for any injunctive relief that may be awarded or for any other relief that does not constitute "damages" under applicable law.

## NINTH DEFENSE

Defendant affirmatively alleges that the applicable "Other Insurance" and "Underlying Insurance" available to Defendant Interior Exterior Building Supply, L.P. has not been exhausted by payment of judgments or settlements and, accordingly, that Defendant North River has no present duty to defend or indemnify Defendant Interior Exterior Building Supply, L.P. as a result.

## TENTH DEFENSE

Defendant affirmatively alleges that in the event Defendant Interior Exterior Building Supply, L.P. is unable to show that it maintained the underlying insurance required by the North River policies, North River has no duty to "drop down" or provide primary coverage for the Plaintiffs' claims.

## ELEVENTH DEFENSE

Additionally, Defendant affirmatively alleges that the policies do not provide coverage for property damage arising out of the insured's product.  Specifically, the policies issued by North River state, in relevant part:

This policy does not apply to:

### E.    DAMAGE TO YOUR PRODUCT

"Property Damage" to "Your Product" arising out of it or any part of it.

Under certain of The North River Insurance Company policies, "Your Product" is defined as:

1.    any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

   (a)    you;

   (b)    others trading under your name; or

   (c)    a person or organization whose business or assets you have acquired; and

2.    containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

Further, "Your Product" includes:

1.    warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "Your Product"; and

2.    the providing of or failure to provide warnings or instructions.

"Your Product" does not include vending machines or other property rented to or located for the use of others but not sold.

Under other of the North River policies, the definition of "Your Product" is the same, except that the phrase "other than real property" is deleted in subsection 1.

Defendant affirmatively alleges that Plaintiffs' claims are excluded from coverage under the Your Product Exclusion set forth above.

### TWELFTH DEFENSE

In addition, Defendant affirmatively alleges that the policies do not provide coverage for property damage to impaired property or property not physically injured.   Specifically, the policies issued by North River state, in relevant part:

This policy does not apply to:

**G.    DAMAGE TO IMPAIRED PROPERTY OR PROPERTY NOT PHYSICALLY INJURED**

"Property Damage" to "Impaired Property" or property that has not been physically injured, arising out of:

1.    a defect, deficiency, inadequacy or dangerous condition in "Your Product" or "Your Work"; or

2.    a delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss or use of other property arising out of sudden and accidental physical injury to "Your Product" or "Your Work" after it has been put to its intended use.

The North River policies define "Impaired Property" as:

[T]angible property, other than "Your Product" or "Your Work", that cannot be used or is less useful because:

1.    it incorporates "Your Product" or "Your Work" that is known or thought to be defective, deficient, inadequate, or dangerous; or

2.    you have failed to fulfill the terms of a contract or agreement:

if such property can be restored to use by:

1.    the repair, replacement, adjustment or removal of "Your Product" or "Your Work"; or

2.      your fulfilling the terms of the contract or agreement.

The policies define "Your Work" as:

1.      work or operations performed by you or on your behalf; and

2.      materials, parts or equipment furnished in connection with such work or operations.

"Your Work" includes:

1.      warranties or representations made at the time with respect to the fitness, quality, durability, performance or use of "Your Work"; and

2.      the providing of or failure to provide warnings or instructions.

Defendant affirmatively alleges that Plaintiffs' claims are excluded from coverage under the Damage to Impaired Property or Property Not Physically Injured Exclusion set forth above.

## THIRTEENTH DEFENSE

Furthermore, Defendant affirmatively alleges that the policies do not provide coverage for damage due to the recall or withdrawal of the insured's work from the market. Specifically, the policies issued by North River state, in relevant part:

This policy does not apply to:

**H.     RECALL OF PRODUCTS, WORK OR IMPAIRED PROPERTY**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

1.      "Your Product";

2.      "Your Work"; or

3.      "Impaired Property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a

known or suspended defect, deficiency, inadequacy or dangerous condition in it.

Defendant affirmatively alleges that Plaintiffs' claims are excluded from coverage under the Recall of Products, Work or Impaired Property Exclusion set forth above.

## FOURTEENTH DEFENSE

Additionally, Defendant affirmatively alleges that the policies do not provide coverage for damage done by "pollutants."  Specifically, certain of the policies issued by North River state, in relevant part:

> This policy does not apply to:
>
> (1)    "Bodily Injury", "Property Damage" or "Personal and Advertising Injury" which would not have occurred in whole or in part but for the actual alleged or threatened discharge, dispersal, seepage, migration, release or escape of "Pollutants" at any time.
>
> (2)    Any loss, cost or expense arising out of any:
>
> (a)    Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "Pollutants"; or
>
> (b)    Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of "Pollutants".

Other of the North River policies state, in relevant part:

> This policy does not apply to:
>
> **POLLUTION EXCLUSION APPLICABLE TO OTHER THAN AUTOMOBILE AND MOBILE EQUIPMENT**
>
> 1.    "Bodily Injury", "Property Damage", "Personal and Advertising Injury", arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "Pollutants" into or upon the land, atmosphere, watercourse or any body of water:

a.   at or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any "Insured";

b.   at or from any premises, site or location which is or was at any time used by or for any "Insured" or others for the handling, storage, disposal, processing or treatment of waste;

c.   which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any "Insured" or any person or organization for whom you may be legally responsible; or

d.   at or from any premises, site or location on which any "Insured" or any contractors subcontractors working on any "Insured's" behalf are performing operations:

(i)   to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of the "Pollutants"; or

(ii)   if the "Pollutants" are brought on or to the premises, site or location in connection with such operations by such "Insured", contractor or subcontractor.

Subparagraph (a) does not apply to bodily injury sustained as a result of any indoor incident.

2.   Any loss, cost or expense arising out of any:

a.   request, demand, order, or statutory or regulator requirement that any "Insured' or others, test for, monitor, clean-up, remove, contain, treat, detoxify, or neutralize, or in any way respond to, or assess the effects of "Pollutants"; or

b.   "Claim" or "Suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "Pollutants".

However, this paragraph does not apply to liability for damages because of "Property Damage" that the "Insured"

would have in the absence of such request, demand, order or statutory or regulatory requirement, or such "Claim" or "Suit" by on behalf of a governmental authority.

Paragraph 1a. and 1d.ii do not apply to "Bodily Injury" or "Property Damage" arising out of heat, smoke or fumes from a "Hostile" Fire" [sic]; or a release of "Pollutants" caused by lightning or "Explosion".

Paragraph 1a. also does not apply to "Bodily Injury" if sustained within a building and caused by smoke, fumes, vapor or soot from equipment used to heat that building.

All of the North River policies state:

"Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste.   Waste includes materials to be recycled, reconditioned or reclaimed.

Defendant affirmatively alleges that Plaintiffs' claims are excluded from coverage under the pollution exclusions set forth above.

## FIFTEENTH DEFENSE

Furthermore, Defendant affirmatively alleges that the policies do not provide coverage for damage caused by "fungi," bacteria, or mold.  Specifically, certain of the policies issued by North River state, in relevant part:

This insurance does not apply to:

a.      "Bodily Injury", "Property Damage" or "Personal and Advertising Injury" which would not have occurred or taken place, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "Fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

b.      Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any

way responding to, or assessing the effects of, "Fungi" or bacteria, by any insured or by any other person or entity.

This exclusion does not apply to any "Fungi" or bacteria that are, are on, or are contained in a good or product intended for consumption.

Certain of the North River policies further state:

"**Fungi**" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

Other of the North River policies state:

This insurance does not apply to any liability for "Bodily Injury", "Property Damage" or "Personal and Advertising Injury" arising out of, caused by, resulting from, contributed to or aggravated by any type of fungi, including any species of mold, yeast, mildew or mushrooms.

Defendant affirmatively alleges that Plaintiffs' claims are excluded from coverage under the Fungi and Bacteria and Mold Exclusions set forth above.

## SIXTEENTH DEFENSE

Additionally, Defendant affirmatively alleges that the policies do not provide coverage for damage caused by chromated copper arsenate. Specifically, certain of the policies issued by North River state, in relevant part:

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising directly or indirectly out of:

1.   the manufacture, sale, distribution, application, use or presence of: (a) Chromated Copper Arsenate; or (b) any product or material which contains Chromated Copper Arsenate; or (c) any product or material to which Chromated Copper Arsenate has been applied by any party, including but not limited to, any manufacturer, processor or distributor of such products or materials.

2.   the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of Chromated Copper Arsenate at any time.

3.   any loss, cost or expense arising out of any:

a.      request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, [sic] assess the effects of Chromated Copper Arsenate; or

b.      claim or suit by [sic] on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effect of Chromated Copper Arsenate.

Defendant affirmatively alleges that Plaintiffs' claims are excluded from coverage under the Chromated Copper Arsenate Exclusion set forth above.

**SEVENTEENTH DEFENSE**

Defendant affirmatively alleges that the policies do not provide coverage for damage caused by lead.  Specifically, certain of the policies issued by North River state, in relevant part:

This policy does not apply to:

1.      "Bodily Injury", "Property Damage", or "Personal and Advertising Injury" in any way or to any extent arising out of the actual, alleged or threatened exposure to lead or any substance containing lead.

2.      "Economic Loss", "Diminution of Property", "Abatement Costs", or any other loss, cost, or expense including "Equitable Relief", in any way or to any extent arising out of or involving lead or any substance containing lead.

3.      Any fees, costs, or expenses of any nature whatsoever in the investigation or defense of any "Claim" or "Suit" arising out of or involving lead or any substance containing lead.

For the purpose of this exclusion, the following additional terms are defined:

"Abatement Costs" mean [sic] any actual or potential damages, costs, fees, or expenses, including the costs of inspection, removal, replacement, or treatment.

"Diminution of Property" means the diminishing or lessening in value of property.

"Economic Loss" means any actual or potential damages, costs, fees, expenses, or lost profits arising out of or involving the manufacture, utilization, or existence of a substance or product.

"Equitable Relief" means any remedy or relief, including restitution or injunctive relief, sought in a court with equitable powers.

This endorsement is a part of your policy and takes effect on the effective date of your policy, unless another effective date is shown below.

Defendant affirmatively alleges that Plaintiffs' claims are excluded from coverage under the Lead Exclusion set forth above.

## JURY TRIAL REQUEST

Defendant THE NORTH RIVER INSURANCE COMPANY desires and is entitled to a trial by jury on all issues presented herein.

## RESERVATION OF RIGHTS

To the extent permitted by law, Defendant THE NORTH RIVER INSURANCE COMPANY reserves its rights to supplement and amend this Answer and to assert additional Affirmative Defenses as future discovery may warrant and require.

WHEREFORE, Defendant THE NORTH RIVER INSURANCE COMPANY prays that this answer be deemed good and sufficient, and that after all legal delays and due proceedings, there be judgment herein in favor of said Defendant, rejecting the demands of the Plaintiffs.

AND FOR ALL JUST AND EQUITABLE RELIEF.

This 20th day of January, 2010.

Respectfully submitted,

1484636v1
05060-545

15

___/s Eric B. Berger___
SIDNEY J. ANGELLE, #1002
ERIC B. BERGER, #26196
LOBMAN, CARNAHAN, BATT,
   ANGELLE & NADER
400 POYDRAS STREET, SUITE 2300
NEW ORLEANS, LOUISIANA  70130
(504) 586-9292    FAX (504) 586-1290
**Attorneys for The North River Insurance Company**

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Notice of Appearance has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this   20th   day of  _January_ , 2010.

__/s Eric B. Berger_

1484636v1
05060-545

16