UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL Docket No. 2047 |
| | | SECTION L |
| | * | JUDGE FALLON |
| This document relates to: See Exhibit "A" | * * * * * | MAGISTRATE JUDGE WILKINSON |

* * * * * * * * * * * * * * * * * *

### DEFENDANTS' STEERING COMMITTEES' MOTION, RULE AND INCORPORATED MEMORANDUM TO SHOW CAUSE WHY CASES SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO COMPLY WITH THE PRE-TRIAL ORDER NO. 11

Defendants' Steering Committee ("the DSC") moves the Court for entry of an Order requiring plaintiffs in the cases identified in the attached exhibit to show cause why their individual claims should not be dismissed with prejudice for failure to comply with the profile form requirements of Pre-Trial Order No. 11.  In support, the DSC shows as follows:

### BACKGROUND

Plaintiffs filed these actions in various federal courts throughout the United States, alleging property damage and personal injuries related to installation of and exposure to allegedly tainted Chinese manufactured drywall.  In order to better facilitate pre-trial efforts, plaintiffs' cases were subsequently transferred to this Court to be part of *In re: Chinese Manufactured Drywall Products Liability Litigation*, MDL 2047 (E.D. La.).

On August 17, 2009, the Court entered Pre-Trial Order No. 11, requiring each plaintiff in every case transferred to the MDL to complete a Plaintiff Profile Form ("PPF"), and to serve it upon Defendants' Liaison Counsel by September 2, 2009. Rec. Doc. 168. While many plaintiffs have provided completed PPFs in accordance with the Court's Order, several have failed to

provide PPFs, despite numerous notice letters and discussions, a motion to dismiss from the DSC (discussed below), and repeated warnings from the Court that plaintiffs' claims would be dismissed if PPFs were not provided.

On November 13, 2009, the DSC filed its Motion to Dismiss For Plaintiffs' Failure to Comply With Court-Ordered Discovery. Rec. Doc. 442. The motion was set for hearing on December 10, 2009 following the monthly status conference. At the status conference, the Court stated that it would order those plaintiffs who have failed to provide PPFs into Court to show cause why their claims should not be dismissed. The motion was reset to January 14, 2010, but due to factors beyond the parties' control, all return receipts were not received in time for hearing on that date. Thus, the DSC re-files this motion, requesting that those rules occur following February 11, 2010 monthly status conference.

## ARGUMENT

The DSC relies upon its previously advanced in the Motion to Dismiss For Plaintiffs' Failure to Comply With Court-Ordered Discovery to support its argument that plaintiffs' claims should be dismissed. Rec. Doc. 442. Therein, the DSC argued that Federal Rule of Civil Procedure 41(b) permits dismissal of an action for a plaintiff's failure to comply with any Court order. Fed.R.Civ.P. 41(b). Dismissal under Fed.R.Civ.P. 41 "operates as an adjudication on the merits." *Id.* In addition, according to Federal Rule of Civil Procedure 37, if a party "fails to obey an order to provide or permit discovery…the court…may make such orders in regard to the failure as are just," including "an order…dismissing the action or proceeding." Fed.R.Civ.P. 37(b)(2)(C).

Here, despite having ample time to do so, Exhibit "A" plaintiffs have failed to provide PPFs in accordance with a Court Order. Accordingly, based upon the arguments made herein and the previously-filed Motion to Dismiss For Plaintiffs' Failure to Comply With Court-Ordered Discovery, Exhibit "A" plaintiffs' claims should be dismissed.

## RELIEF REQUESTED

***Plaintiffs Listed on Exhibit A*** – Exhibit "A" plaintiffs were notified of the failure to comply with this Court's Order, but have still failed to satisfy the requirements of the Order. These claims are ripe for dismissal. The DSC requests that the Court enter an order setting these cases for hearing after the January status conference scheduled for February 11, 2010. Upon entry of the order setting the hearings, undersigned counsel will send notice by certified mail to each counsel of record for each plaintiff who has yet to provide a PPF.

## CONCLUSION

For the foregoing reasons, the Defendants' Steering Committee respectfully asks the court to enter an order to show cause why Exhibit "A" plaintiffs should not be dismissed with prejudice for failure to comply with the requirements of Pre-Trial Order No. 11.

Respectfully submitted,

BY: /s/ Kerry J. Miller
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
**FRILOT L.L.C.**
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone: (504)599-8194
Facsimile: (504)599-8145
Email: kmiller@frilot.com

**Defendants' Liaison Counsel
o/b/o Defense Steering Committee**

## CERTIFICATE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, and Phillip K. Wittman, Homebuilders' Liaison Counsel, by email , and to all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 2047, on this 20th day of January, 2010.

/s/ Kerry J. Miller
Kerry J. Miller