IN THE UNITED STATES DISTRICT COURT
FOR THE EASTER DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) | MDL Docket No. 2047 SECTION L JUDGE FALLON |
| This document relates to CV 09-4292 | ) | MAGISTRATE JUDGE WILKINSON |

### OBJECTION OF MAZER'S DISCOUNT HOME CENTERS, INC. TO RE-NOTICE OF ORAL AND VIDEOTAPED DEPOSITION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)

Mazer's Discount Home Centers, Inc., improperly designated as Mazer's Super Discount Store (hereinafter "Mazer"), files this Objection to the Re-Notice of Oral and Videotaped Deposition Pursuant to Fed.R.Civ.P. 30(b)(6) (attached hereto and made a part hereof as Exhibit 1) heretofore filed by Plaintiffs in the above-referenced lawsuit, and objects to the definitions and instructions, certain of the designated topics on which the deposition is proposed to be taken, and also objects to certain of the documents requested in the Re-Notice of Deposition. For its objection, Mazer states as follows:

### General Objections

A. Mazer generally objects to the topics for testimony and to each document request, separately and severally, in the said Re-Notice of Deposition on the grounds that the said Re-Notice of Deposition is seeking to take the deposition and to obtain documents covering the so-called "Relevant Time Period" between January 1, 2001 and the current date. This Relevant Time Period is overly broad, unduly burdensome, outside the applicable statutes of limitations for all of the claims made by the named Plaintiff in this case, seeks and covers topics and documents that are privileged as attorney-client communications and documents generated in anticipation and/or defense of litigation, and seeks documents that are irrelevant and immaterial,

and are not reasonably calculated to lead to relevant or admissible evidence. Without waiving this Objection, Mazer will submit a witness to testify on the discoverable topics designated and to produce relevant, unprivileged, and non-objectionable documents from the time it first purchased Chinese Drywall until the present.

B. Mazer also objects on the grounds that the topics designated and the documents requested are so all inclusive and overly broad that they seek documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the privilege of mental operations of the attorneys for Mazer, and/or would cover documents generated in anticipation and/or in defense of litigation. Therefore, Mazer objects to producing a witness to testify about discussions it had with its counsel and/or in the defense of this litigation, and to producing any documents protected from disclosure by the attorney-client privilege, and/or the attorney work product doctrine.

C. Mazer objects to each and every one of Plaintiffs' definitions and instructions to the extent they purport to impose on Mazer any obligations in excess of those imposed under the Federal Rules of Civil Procedure, the local rules of this Court, and any applicable Orders governing discovery in this action.

## Specific Objections

1. Mazer objects to paragraph A3 of the deposition topics in that it is so overly broad, ambiguous, non-specific, and vague that Mazer cannot reasonably be expected to formulate an answer. In addition, Mazer objects to paragraph A3 on the grounds that it seeks discovery on a topic that is overly broad, unduly burdensome, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Without waiving this objection, Mazer will produce a witness or witnesses who can testify about the

topics in paragraph A3 to the extent they are relevant and not protected from disclosure by any privilege, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, statutory law, common law, or Order of this Court.

2. Mazer objects to paragraph A6 of the deposition topics in that there is no evidence whatsoever that Mazer has failed to preserve data, there is no evidence that any data was destroyed, and that any steps taken by Mazer are based upon attorney-client communications that are protected from disclosure.

3. Mazer objects to paragraph B9(b) to the extent it seeks information about sales to non-parties to this action. Such information is not relevant and is not reasonably calculated to lead to the discovery of admissible or discoverable information.

4. Mazer objects to paragraph B12(b), (c) and (d) with respect to storage costs, shipping costs, and purchase costs on the grounds that this information is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Mazer also objects to subparts (a) and (e) of this paragraph to the extent they seek information about non-parties to this action on the grounds that this information is irrelevant and not reasonably calculated to lead to the discovery of admissible or discoverable information.

5. Mazer objects to paragraphs B14 and B15 in the designated items of testimony on the grounds that these topics will be covered by the pretrial order in this case with respect to testifying expert witnesses. To the extent paragraphs B14 and B15 seek information from consulting experts in this case, that information is privileged and not subject to discovery pursuant to the Federal Rules of Civil Procedure.

6. Mazer objects to paragraph C17, subparts (a) – (d) to the extent it seeks information about persons or entities that are not a party to this lawsuit on the grounds that this

information is irrelevant and not calculated to lead to the discovery of admissible or discoverable evidence.

7. Mazer objects to paragraph C18, subparts (a) – (d) to the extent it seeks information about persons or entities that are not a party to this lawsuit on the grounds that this information is irrelevant and not calculated to lead to the discovery of admissible or discoverable evidence. Mazer further objects to this paragraph to the extent that it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

8. Mazer objects to paragraph C19 to the extent it seeks information protected from disclosure by the attorney-client privilege or the work product doctrine. Mazer further objects on the grounds that this request is overly broad, unduly burdensome, vague, and ambiguous.

9. Mazer objects to paragraphs D20(g) and D21 on the grounds that this information is protected from disclosure by the attorney-client privilege and attorney work product doctrine, as well as being overly broad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible or relevant evidence, and beyond the scope of permissible discovery.

10. Mazer objects to paragraphs 1 and 2 of the Document Requests on the grounds that it is so overly broad, unduly burdensome, vague, and ambiguous, that Mazer cannot reasonably formulate an answer. Mazer further objects to this request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, statutory law, and/or common law. Finally, Mazer objects to these requests to the extent they incorporate

deposition topics and/or definitions that seek to impose requirements on Mazer in excess of those required by the Federal Rules of Civil Procedure. Without waiving these objections, documents that have been produced by Mazer prior to this deposition are all of the relevant, non-privileged documents that Mazer is aware of at this time.

> *s/ C. Lee Reeves*
> C. Lee Reeves
> lreeves@sirote.com
> Christopher A. Bottcher
> cbottcher@sirote.com
> Mary Blanche Hankey, Esq.
> mhankey@sirote.com
> **SIROTE & PERMUTT, P.C.**
> 2311 Highland Avenue South
> Post Office Box 55727
> Birmingham, AL 35255-5727
> Tel: (205) 930-5100
> Fax: (205) 930-5335
> *Attorneys for Defendant*
> *Mazer Super Discount Store*
>
> */s/ Larry S. Logsdon*
> Larry S. Logsdon
> Michael L. Jackson
> Attorneys for Defendant
> Mazer Super Discount Store

OF COUNSEL:
Wallace, Jordan, Ratliff & Brandt, L.L.C
800 Shades Creek Parkway, Suite 400
Birmingham, Alabama 35209
Tel: (205) 874-0341
Fax: (205) 871-7534

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Notice of Document Production to Plaintiff's Steering Committee has been served on Plaintiff's Liaison Counsel, Russ M. Herman, and Defense Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Served in accordance with Pre-Trial Order No. 6, which will serve a notice of the uploading in accordance with the procedures established in MDL 2047, on this 22nd day of January 1010.

Russ M. Herman
Leonard A. Davis
Stephen J. Herman
**HERMAN, HERMAN, KATZ & COTLAR, LLP**
820 O'Keefe Avenue
New Orleans, LA 70113

**Plaintiffs' Liaison Counsel**
Dawn M. Barrios
701 Poydras Street
Suite 3650
New Orleans, LA 70139

Victor M. Diaz
25 Flagler Street, 8th Floor
Miami, FL 33130

Ben Gordon
316 S. Baylen Street, Suite 600
Pensacola, FL 32502

Daniel E. Becnel, Jr.
425 W. Airline Highway, Suite B
LaPlace, LA 70068

Ervin Amanda Gonzalez
255 Aragon Avenue
Cora Gables, FL 33134

Hugh P. Lambert
701 Magazine Street
New Orleans, LA 70130

Jerrold Seth Parker
3301 Bonita Beach Road
Bonita Springs, FL 34134

Christopher Seeger
One William Street
New York, NY 10004

Scott Weinstein
12800 University Drive
Suite 600
Ft. Myers, FL 33907

Gerald E. Meunier
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800

James Robert Reeves
160 Main Street
Biloxi, MS 39530

Bruce William Steckler
3102 Oak Lawn Ave.
Suite 1100
Dallas, TX 75219

Arnold Levin
510 Walnut Street
Suite 500
Philadelphia, PA 19106

*/s/ C. Lee Reeves*
OF COUNSEL