UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * | MDL NO. 2047 |
| THIS DOCUMENT RELATES TO: | * * | JUDGE FALLON |
| PATRICK DENNIS AND KATHLEEN DENNIS | * * | MAG. WILKINSON |
| Versus | * * | 09-7560 |
| STATE FARM FIRE & CASUALTY COMPANY | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT STATE FARM FIRE & CASUALTY COMPANY'S RULE 12(b)(6) MOTION TO DISMISS PETITION FOR DAMAGES

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant State Farm Fire & Casualty Company ("State Farm"), through undersigned counsel, respectfully moves this Court for dismissal of the claim against State Farm set forth in the Petition for Damages filed by Plaintiffs Patrick Dennis and Kathleen Dennis for failure to state a claim upon which relief can be granted. State Farm states the following grounds for its motion to dismiss:

1. Plaintiffs' Petition alleges that they have sustained property damage and bodily injury as the result of the existence of defective drywall in their home. Plaintiffs allege that their

homeowners insurance policy issued by State Farm ("the Policy") provides coverage for such losses.

2. The presence of defective drywall in Plaintiffs' home is not an accidental direct physical loss within the insuring agreement of the Policy.

3. Any damage to Plaintiffs' home was caused by faulty workmanship or faulty materials, which are unambiguously excluded from coverage under the Policy.

4. Any damage to Plaintiffs' home was directly and immediately caused by a latent defect. The plain and unambiguous terms of the Policy exclude such losses from coverage.

5. Any damage to Plaintiffs' home consisting of or directly and immediately caused by corrosion is excluded from coverage under the Policy.

6. Any alleged damage to Plaintiffs' home consisted of or was directly and immediately caused by contamination, which are losses the Policy unambiguously excludes from coverage.

7. Any alleged damage to Plaintiffs' personal property was not caused by an enumerated peril, as required by the personal-property insuring agreement of the Policy.

8. The Policy does not provide first-party coverage for any bodily injury purportedly sustained by Plaintiffs.

9. The Policy does not cover Plaintiffs' alleged loss of use of their property in the absence of an underlying loss that is otherwise insured under the Policy.

10. Under Louisiana law, Plaintiffs may not recover for any alleged diminished value of their property on a first-party insurance contract claim.

11. Because no coverage exists under the Policy for Plaintiffs' alleged losses, Plaintiffs have no claim as a matter of law for bad faith, failure to adjust and pay a claim, or attorneys' fees.

In support of its motion, State Farm relies on its Memorandum of Law in Support of Its Rule 12(b)(6) Motion to Dismiss, submitted herewith, and the authorities cited therein.

WHEREFORE, Defendant State Farm Fire & Casualty Company respectfully requests that the instant motion be granted and that the Court dismiss Plaintiffs' claim against State Farm with prejudice for failure to state a claim upon which relief can be granted.

This 22nd day of January, 2010.

/s/ Adrianne L. Baumgartner
**ADRIANNE L. BAUMGARTNER, T.A. (#2861)**
**DARRIN M. O'CONNOR (#24582)**
**EMILY S. MORRISON (#18351)**
PORTEOUS, HAINKEL & JOHNSON
408 North Columbia Street
Covington, LA 70434
(985) 893-4790
Abaumgartner@phjlaw.com
doconnor@phjlaw.com
emorrison@phjlaw.com

**JAMES R. NIESET, JR. (#24856)**
PORTEOUS, HAINKEL & JOHNSON, LLP
704 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3838
Jnieset@phjlaw.com

**Attorneys for State Farm Fire & Casualty Company**

**CERTIFICATE OF SERVICE**

       I hereby certify that a copy of the foregoing Defendant State Farm Fire & Casualty Company's Rule 12(b)(6) Motion to Dismiss has been served upon Counsel for Plaintiffs Patrick and Kathleen Dennis through their counsel of record Allan Kanner, Cynthia St. Amant, and Melissa Fuselier of Kanner and Whiteley by U.S. Mail, postage pre-paid pending counsel's registration with Lexis/Nexis File and Serve, and on Plaintiffs' Liaison Counsel Russ Herman, and Defendants' Liaison Counsel Kerry Miller by U.S. Mail and email <u>or</u> by hand-delivery and email <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on the 22nd day of January, 2010.

                                                        **/s/ Adrianne L. Baumgartner**