Page 1

1                IN THE CIRCUIT COURT OF THE 11TH
                JUDICIAL CIRCUIT IN AND FOR

2                MIAMI-DADE COUNTY, FLORIDA

3                GENERAL JURISDICTION DIVISION

4                DIVISION NO.: 42

5

6   IN RE:

7   CHINESE DRYWALL

8   _____/

9

10

11                Dade County Courthouse,
                73 West Flagler Street,

12                Friday, 10:00 a.m.,
                November 13, 2009.

13

14

15

16

17

18       The above-entitled cause came on for a

19  hearing before The Honorable Judge Fallon, U.S.

20  District Court Judge, and The Honorable Judge Joseph

21  P. Farina, Circuit Court Judge, pursuant to notice.

22

23

24

25

www.mydepos.com
www.myreporters.com
Taylor, Jonovic, White, Gendron & Kircher-Echarte
Florida Realtime Reporting
305-358-9047
Fax 305-371-3460

In Re: Chinese Drywall                                    November 13, 2009

Page 2

1              JUDGE FARINA:  Good morning.  We are
2       waiting for folks to call in of course including
3       Judge Fallon and perhaps other judges from
4       around the state as well as other attorneys.
5              So I am going to ask that whenever anyone
6       does speak, if you will please remember to give
7       your appearance and remind everybody who you
8       are if you do come up later in any oral
9       argument.  Please don't assume that the court
10      reporter is going to know who you are.  Please
11      mention your name again so we can have a
12      complete record if you could.
13             We have a microphone that is attached to
14      the telephone, not attached to it, but near it
15      so that everyone will be able to hear any
16      questions or inquiries being made.  There is a
17      microphone at the podium so please use that so
18      the folks who are on the phone can hear you as
19      well as the other folks in the courtroom.
20             We are going to begin shortly and we will
21      be ending promptly at 12 o'clock our time in
22      that Judge Fallon needs to move on to some
23      things at 11 p.m. his time and I have some
24      other matters as well that I must attend to at
25      noon.

Page 3

```
 1              So once again, the ground rules, more or
 2        less, an hour for the plaintiff side, an hour
 3        for the defense.  Whether there is some
 4        interrelationships that need to be explored on
 5        the defense side, you still have the one hour.
 6              Yes, good morning, who is on the
 7        telephone, please?
 8              MR. SCHWARTZ:  This is Robert Schwartz.
 9              JUDGE FARINA:  And you are representing
10        whom, please?
11              MR. SCHWARTZ:  I am one of Banner Supply's
12        counsel.
13              JUDGE FARINA:  Thank you very much,
14        Mr. Schwartz.  We are trying to make a record
15        here with the court reporter.
16              Who else is on the phone, please?
17              MR. BOGGIONI:  John Boggioni.
18              JUDGE FARINA:  How do spell your last
19        name, sir?
20              MR. BOGGIONI:  "B" as in boy
21        O-G-G-I-O-N-I.
22              JUDGE FARINA:  And who are you
23        representing?
24              MR. BOGGIONI:  Actually, I'm just
25        listening in today.
```

www.mydepos.com

www.myreporters.com

Taylor, Jonovic, White, Gendron & Kircher-Echarte

Florida Realtime Reporting

305-358-9047

Fax  305-371-3460

Page 4

```
 1              JUDGE FARINA:  All right.

 2              MR. DAVIS:  This is Mr. Davis.

 3              JUDGE FARINA:  All right, Mr. Davis, and

 4      who are you representing?

 5              MR. DAVIS:  We are plaintiffs' liaison

 6      counsel in the MDL in New Orleans and we are

 7      monitoring.

 8              JUDGE FARINA:  Thank you.

 9              Who else, please?

10              MS. SERRANO:  Good morning, Your Honor,

11      Ms. Serrano.

12              JUDGE FARINA:  Ms. Serrano?

13              MS. SERRANO:  Yes, S-E-R-R-A-N-O.

14              JUDGE FARINA:  All right.  Thank you.  Who

15      are you representing?

16              MS. SERRANO:  We are just monitoring.

17              JUDGE FARINA:  Good morning.

18              Who else, please?

19              MS. ROJO:  Ms. Rojo.

20              JUDGE FARINA:  How do you spell your last

21      name, please?

22              MS. ROJO:  R-O-J-O.

23              JUDGE FARINA:  Thank you.  And you're

24      representing?

25              MS. ROJO:  I am monitoring today as well.
```

1           JUDGE FARINA:   Thank you.

2           JUDGE FALLON:   Hello.   This is Judge

3    Fallon.

4           JUDGE FARINA:   Yes, Judge Fallon.   Good

5    morning, sir.   We will be with you in just a

6    moment.   We are going to start shortly.

7           Who else, please, on the telephone?

8           MS. WIMBERLY:   Dorothy Wimberly.

9           JUDGE FARINA:   Representing?

10          MS. WIMBERLY:   Just monitoring for the

11   Home Builders' Steering Committee in the MDL.

12          JUDGE FARINA:   Thank you.

13          Who else, please?

14          MR. TURNER:   This is Steve Turner, just

15   monitoring.

16          JUDGE FARINA:   Thank you, Mr. Turner.

17          Who else, please?

18          MR. NICHOLAS:   Your Honor, Steve Nicholas.

19   I am monitoring this morning and I am also on

20   the Home Builders' Steering Committee in the

21   MDL.

22          JUDGE FARINA:   Thank you.

23          Anyone else?

24          MS. NELANDON:   Your Honor, Ms. Nelandon,

25   just monitoring.

Page 6

1          JUDGE FARINA:   Thank you.

2          Anyone else wish to make an appearance?

3     If not, then we will begin.

4          Judge Fallon, welcome.   As I mentioned to

5     the other attorneys, there is a microphone that

6     is right next to the conference call device so

7     that any comment or question that you have will

8     be heard by everyone.

9          I should mention to everybody on the phone

10    that because the microphone is right next to

11    the speaker phone, anything that you say may be

12    picked up, unlike being in the courtroom where

13    you might be able to whisper to someone, your

14    whispers will be part of the record.   So please

15    be guided accordingly and we have a microphone

16    for the speakers as well.

17         We are going to begin at this time and

18    begin with the plaintiffs and they can use up

19    to an hour or any portion of it and then if you

20    wish to have some time remaining, they can use

21    that later and there will be one hour also for

22    the defense.

23         MR. FITZSIMMONS:   Your Honor, Bob

24    Fitzsimmons, may we suggest that since it's a

25    motion to dismiss that Banner be allowed to

In Re: Chinese Drywall
November 13, 2009

Page 7

1    present their argument on the economic loss rule

2    or --

3            JUDGE FARINA:  No problem with me.  Any

4    problem?

5            MR. DIAZ:  I think its their motion.

6            JUDGE FARINA:  Okay.  No problem.

7            Banner, go ahead, please.

8            MR. ATLAS:  Thank you, Your honor.  Good

9    morning.

10           My name is Jan Atlas and together with

11   Jeff Backman we are representing Banner Supply,

12   which we have in essence submitted our motion

13   on behalf of the defendant distributors.  The

14   distributors are drywall which is now obviously

15   commonly referred to as Chinese drywall.

16           We have filed, Your Honor, the instant

17   motion to dismiss on behalf of the distributor

18   defendants to dismiss or alternatively to

19   strike the plaintiffs' tort claims for economic

20   damages based on the economic loss rule.

21           Our motion is directed solely to the

22   plaintiffs' property damage tort claims against

23   our clients.  We submit, Your Honor, that the

24   Florida economic loss rule precludes

25   plaintiffs' tort claims for anything beyond

 1      other property or personal injury.

 2          There is no viable tort claim for such

 3      damages insomuch as the product purchased by

 4      the plaintiffs, the plaintiff homeowners, was

 5      their home in a completed state.

 6          In other words, since the product is the

 7      home, and the economic loss rule precludes

 8      recovery for economic damages arising from

 9      injury to the product, plaintiffs' damage

10      claims for repair cost, extensive

11      reconstruction, inspection, diminution in

12      value, must be dismissed.

13          We reviewed the Harrell complaint which

14      was filed in this Court and looking at that

15      complaint it makes clear what plaintiffs'

16      homeowners are in fact seeking are the damages

17      that we say are precluded based on the economic

18      loss rule.

19          The Harrell complaint, when you look at

20      it, also makes clear that these plaintiffs

21      purchased their homes in a completed state, a

22      completed form.  They did not purchase drywall.

23      The economic loss rule --

24          JUDGE FALLON:  This is Judge Fallon.  Do

25      you make a distinction between someone who

www.mydepos.com
www.myreporters.com                Taylor, Jonovic, White, Gendron & Kircher-Echarte        305-358-9047
                                    Florida Realtime Reporting                        Fax  305-371-3460

Page 9

1    purchases a home as a package deal as opposed to

2    someone who purchases one sheet of drywall?

3         MR. ATLAS:  I believe that would be

4    correct, Your Honor.

5         JUDGE FALLON:  You make a distinction

6    between that?

7         MR. ATLAS:  Yes, I would.

8         JUDGE FALLON:  So you feel that your

9    argument only applies to those plaintiffs who

10   have bought homes in sort of a package, for lack

11   of a better term, they bought the whole home?

12        MR. ATLAS:  Correct, Judge Fallon.  In a

13   completed state, yes.

14        JUDGE FALLON:  Your oral argument does not

15   address those individuals who purchased some

16   drywall -- who owned the home and the home was

17   damaged and they purchased one sheet or however

18   many sheets to repair their home, your argument

19   doesn't focus on those?

20        MR. ATLAS:  Correct.  In that case, Your

21   Honor, I believe the product would be the

22   individual sheets of drywall.

23        JUDGE FALLON:  Okay.

24        MR. ATLAS:  Now, there appears to be an

25   erroneous perception by the plaintiffs that the

www.mydepos.com
www.myreporters.com
Taylor, Jonovic, White, Gendron & Kircher-Echarte
Florida Realtime Reporting
305-358-9047
Fax  305-371-3460

In Re: Chinese Drywall                                    November 13, 2009

Page 10

 1          intent of the instant motion is to deprive the
 2          homeowners of remedies.  That is not our intent.
 3              Our intent is simply to ensure that the
 4          Florida law be adhered to regarding an
 5          appropriate limitation as to the distributor
 6          defendants' liability to the homeowners.
 7              Despite the plaintiffs' contention to the
 8          contrary, the homeowners have in fact the
 9          following remedies:  They have contractual
10          claims against all appropriate parties.  They
11          have warranty claims against all appropriate
12          parties.  They have statutory claims.  They
13          have intentional torts, if any, and they have
14          tort claims against our client Banner than any
15          other distributor defendant for other property
16          as it is defined under the economic loss rule
17          and any instances of personal injury.
18              It is clear to everyone --
19              JUDGE FARINA:  Excuse me, if I could,
20          Mr. Atlas.
21              MR. ATLAS:  Yes.
22              JUDGE FARINA:  This is Judge Farina.  When
23          you indicate that there are other remedies, you
24          mentioned contract claims, warranty claims
25          statutory claims and tort claims for other

In Re: Chinese Drywall                                          November 13, 2009

```
 1        property or for personal injury.  Did I miss
 2        anything else?
 3             MR. ATLAS:  Tort claims, yes, within the
 4        two exceptions under the economic loss rule,
 5        Your Honor.
 6             JUDGE FARINA:  Could you be more specific
 7        as to those remedies which you have under each
 8        of those broad umbrellas, contract, warranty,
 9        statutory and tort claims?
10             MR. ATLAS:  Well, statutory claims, Your
11        Honor, might be claims under FDUTPA.  The
12        warranty claims and the contract claims --
13             JUDGE FARINA:  If you could, just start
14        off with what you meant by that ---
15             MR. ATLAS:  The Florida Deceptive Unfair
16        Trade Practices Act.  I'm sorry.
17             JUDGE FARINA:  Go ahead.
18             MR. ATLAS:  I may not have used the
19        acronym properly.
20             The contract claims and the warranty
21        claims that exist between the homeowners and
22        whoever they contracted with, such as the home
23        builders, Ms. Bass I'm sure will address those
24        issues.  The point that I'm making, however, is
25        the suggestion that the homeowners are beyond
```

Page 12

1      any remedy is not the point of our motion.

2           Our motion is only to focus on what the

3      available claims and the limits of those claims

4      are against the distributor defendants based on

5      clear Florida law.

6           JUDGE FALLON:   This is Judge Fallon again.

7      Does your argument then presuppose that there

8      are other remedies and if there are no other

9      remedies, then your argument would not address

10     those claims?

11          MR. ATLAS:   What I am suggesting, Judge

12     Fallon, is that we believe that there are

13     colorable, arguable other remedies against other

14     parties and in fact against our clients subject

15     to liability and subject to damages.   But that

16     the point of our motion is not to deprive the

17     homeowners of any remedies whatsoever.

18          All we are trying to emphasize is that

19     under the economic loss rule in Florida there

20     can be no liability against our clients, the

21     distributor defendants, for damages to the

22     product itself.   Clearly the product is the

23     home.   That's really the focus of our motion,

24     Your Honor.

25          JUDGE FALLON:   Is this premature, then, at

www.mydepos.com
www.myreporters.com                Taylor, Jonovic, White, Gendron & Kircher-Echarte        305-358-9047
                                   Florida Realtime Reporting                           Fax  305-371-3460

1    this time?  I mean, this is essentially a 12(b)6

2    motion, at least in my Court would be a 12(b)6

3    motion, no discovery has proceeded with regard

4    to what is on the property and what are the

5    other remedies and whether or not there are

6    other remedies because of privity and

7    non-privity.

8        Does it have to wait until some of that is

9    flushed out?  What's your view?

10       MR. ATLAS:  Your Honor, I don't believe it

11   is premature and I believe that for the

12   following reasons.  Our position is the issue

13   and definition of what is considered other

14   property it unequivocally should be left to

15   another day.

16       However, we believe the case law is clear

17   that to the extent that the plaintiffs are

18   seeking damages as they are in each and every

19   one of the homeowner complaints that we have

20   reviewed for damages to the home, diminution in

21   value, reconstruction, inspection, remediation,

22   replacement, all of those allegations which are

23   pled throughout the homeowners' complaints, we

24   feel under the economic loss rule in Florida

25   they are not entitled to seek those damages.

In Re: Chinese Drywall

November 13, 2009

Page 14

1          They are entitled to seek damages for

2       other property and they are entitled to seek

3       damages if there is any instances of personal

4       injury.

5          The reason why we --

6          JUDGE FALLON:  Some of those inspections

7       and some of the other -- at least the plaintiffs

8       would say that some of those inspections and

9       some of that work is necessary to cause the

10      damage to the other property, that they want to

11      evaluate whether or not computers or bicycles or

12      something else is damaged that was brought in

13      after the installation of the drywall;

14      appliances that were put in later or are still

15      being put in; microwaves that have been

16      installed and that the inspections have to do

17      with that aspect of the damage, it's not

18      necessarily drywall.

19         MR. ATLAS:  And we would submit, Your

20      Honor, that with respect to bicycles and

21      computers and jewelry and other items of

22      personal property that that under the case law

23      is clearly under the definition of other

24      property and it is not precluded by our argument

25      or by the economic loss rule.

Page 15

1          The reason why we feel that it is not

2     premature and we ask the Courts to consider

3     this is because the whole scope of the

4     proceeding as no one knows better than Your

5     Honor does, Judge Fallon, the whole scope of

6     the proceeding can be limited as far as our

7     clients are concerned in terms of what damages

8     they need to focus on.

9          That gets translated into efforts,

10    dollars, expense and what have you in terms of

11    what our role would be in the litigation.

12         We don't think it's premature because it's

13    a motion to dismiss.  We think the law is clear

14    enough to differeniate between damage to the

15    product itself and damage to other property.

16         And we clearly would agree that the

17    definition of other property has been discussed

18    ad nauseam and is not the proper subject for

19    today.

20         JUDGE FALLON:  Okay.

21         MR. ATLAS:  As far as the applicable law

22    is concerned, as I was saying earlier, it is

23    unfortunate what the impact of the Chinese

24    drywall has been.  It's unfortunate to the

25    homeowners.  We are in a state at this point,

In Re: Chinese Drywall                                    November 13, 2009

Page 16

```
 1        however, where our clients, the distributor
 2        defendants, have been accused of wrongdoing and
 3        they are suffering prejudice as well.
 4             However, the point of this motion today is
 5        to clarify that the distributor defendants had
 6        no duty in tort to prevent the damage to the
 7        product itself.
 8             We feel that the law in Florida under Casa
 9        Clara and American Aviation makes clear to
10        apparently everyone except possibly the
11        plaintiffs' attorneys that the economic loss
12        rule prohibits this tort recovery when in fact
13        the product damages itself causing economic
14        loss but does not cause a personal injury or
15        damage to other property.
16             In other words, damage to the components,
17        such as drywall integrating into a single unit,
18        are not considered damage to other property
19        under that definition.
20             Casa Clara, as Your Honor -- as everyone
21        should know was also a homeowner case.  In that
22        case the economic loss rule barred the tort
23        claim brought by the homeowner against the
24        concrete supplier.  We feel the case is on its
25        facts very, very similar to what we have here.
```

 1              The damage to the other components
 2      integrated into that single unit were not
 3      considered damage to other property for
 4      purposes of the economic loss rule.
 5              In the Casa Clara case the court stated,
 6      and I think that quote is worth reading.  It is
 7      in all of the briefs that have been submitted.
 8              "We are urged to make an exception to the
 9      economic loss doctrine for homeowners.  Buying
10      a house is the largest investment many
11      consumers ever make and homeowners are an
12      appealing, sympathic class.
13              "If a house causes economic disappointment
14      by not meeting a purchaser's expectations, the
15      resulting failure to receive the benefit of the
16      bargain is a core concern of contract, not tort
17      law."
18              In that case the Supreme Court explicitly
19      said that, "We refuse to hold that homeowners
20      are not subject to the economic loss rule."
21              JUDGE FALLON:  Didn't Comptech and
22      Indemnity Insurance subsequently do something
23      for that case?
24              MR. ATLAS:  Well, the plaintiffs have
25      argued, Your Honor, that in various forms that

In Re: Chinese Drywall                                                    November 13, 2009

1          there has been a retreat and a recession and a

2          disregard, but we don't believe that to be the

3          case.

4                  We believe that in the cases such as

5          Comtect and American Aviation -- American

6          Aviation in particular the Court, we think,

7          re-affirmed, made clear that the economic loss

8          rule does preclude damages for anything -- for

9          any damages to the product itself and limited

10         the recovery to other property and personal

11         injury.

12                 The American Aviation case, as Your Honor

13         is aware, adopted the Florida Power case and

14         also is consistent with the decision in the

15         Seely case and East River case basically saying

16         that injury caused to persons or damage caused

17         to other property is still viable.

18                 In 1996, again, the Fourth District Court

19         of Appeal in Florida in the Fisher v. Bold

20         case, Your Honor, indicated that the product

21         purchased by the appellants was the home with

22         all of its component parts, including the

23         seawall, pool and patio.  In that case the

24         pool, the patio and the home were not other

25         property, which would exclude the application

Page 19

```
 1        of the economic loss rule.

 2             JUDGE FARINA:  Mr. Atlas, may I ask you a

 3        question?

 4             MR. ATLAS:  Sure.

 5             JUDGE FARINA:  On the issue of Indemnity

 6        Insurance and American Aviation, what is it that

 7        the plaintiffs have relied on that case equally

 8        as much as you do to support their own

 9        arguments?

10             MR. ATLAS:  Candidly, Your Honor, I don't

11        know.  I believe that American Aviation stands

12        for the proposition that is replete in all our

13        arguments.  I think when we look Casa Clara,

14        when we look at American Aviation, when we look

15        at Pulte Home Corp, even when we look at the

16        other cases cited by the plaintiffs, we believe

17        that the economic loss rule is very, very clear

18        in Florida.

19             There is no recovery against these

20        distributor defendants for damages to the

21        product itself.  Nowhere in any of their

22        complaints do they allege that the product was

23        the drywall.

24             They acknowledge that the item purchased,

25        and the case law is clear in the finding, look
```

1    at what the plaintiff purchased.  The plaintiff

2    purchased a completed home.  These plaintiff

3    homeowners did not buy drywall and under all

4    the authorities we submit that the economic

5    loss rule precludes recovery for all of those

6    items that are alleged in their complaint.

7        We submit that the plaintiffs -- you

8    referred to why they are relying upon American

9    Aviation for a contrary position, and I

10   indicated that I am not clear as to why, but

11   the plaintiffs' arguments ignore Florida law.

12       They cavalierly dismiss Casa Clara as

13   vintage.  They make light of the fact it was a

14   4-3 decision.  They argue it's not controlling.

15       I submit to Your Honor that it is the law

16   of the State of Florida.  There is no question

17   that the Supreme Court of Florida had ample

18   opportunity on any number of occasions if it

19   wanted to reject Casa Clara, if it wanted to

20   indicate that Casa Clara was not the law in the

21   State of Florida, the Supreme Court of Florida

22   had ample opportunity to do that.

23       The plaintiffs totally ignore Florida's

24   definition of what the product is.  They make

25   no effort to distinguish the cases that we