IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CHINESE DRYWALL DIVISION

CASE NO. 09-200,000 CA 42

IN RE: CHINESE DRYWALL
LITIGATION

_____/

## ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFFS' TORT CLAIMS UNDER THE ECONOMIC LOSS RULE

THIS CAUSE came before this Court on November 13, 2009, on motions to dismiss filed by various defendants. The Court having reviewed the memoranda and considered the arguments of counsel finds as follows:

1. Defendants' contend that plaintiffs' tort claims, based upon damage to their homes allegedly caused by defective Chinese-manufactured drywall, are barred by the economic loss rule. This court-created doctrine "prohibits tort recovery when a product damages itself, causing economic loss, but does not cause personal injury or damage to any other property."[1] *Casa Clara Condominium Ass'n, Inc. v. Charley Toppino and Sons, Inc.*, 620 So. 2d 1244, 1246 (Fla. 1993). Economic loss includes "the diminution in value of the product because it is inferior in quality and does not work for the general purpose for which is was manufactured or sold." *Id.* To recover in tort and evade the reach of the economic loss rule, a plaintiff must show harm beyond mere disappointed expectations about the defective product. *Id.*

2. The crux of the defendants' argument rests upon defining what constitutes the "product" in the context of the economic loss rule. The defendants urge that for those plaintiffs who purchased homes containing allegedly defective drywall, the product purchased was the home, rather than the individual sheets of drywall used during the construction of the home. This distinction is crucial for the defendants because Florida law looks only to the product purchased by the plaintiff, not the product sold by the defendant, when considering the character of a plaintiff's loss. *Casa Clara*, 620 So. 2d at 1247 (court found that for the purposes of the economic loss rule, the "product" was defined as the plaintiffs' homes, not the defective and crumbling concrete that defendant supplier used during the construction of those homes); *Fishman v. Boldt*, 666 So. 2d 273, 274 (Fla. 4th DCA 1996) (where plaintiff purchased a home that was subsequently damaged when its seawall failed, the court found that the component parts of the home, such as the pool and patio, could not be considered "other property" with regard to the economic loss rule.)

---

[1] The defendants concede that the economic loss rule does not bar plaintiffs' claims for personal injury or damage to other property besides their homes and their component parts.

3. The plaintiffs respond that the jurisprudential underpinnings of the economic loss rule distinguish between product failures that create an unreasonable risk of harm, and product failures whose result is that the item merely failed to match a plaintiff's economic expectations. *Casa Clara*, 620 So. 2d at 1245 (citing *Seely v. White Motor Co.*, 403 P.2d 145, 151 (Cal. 1965). The economic loss rule is applicable in the latter situation, where a product fails to meet economic expectations, but it is inapposite in the former situation, where the product creates an unreasonable risk of harm.

4. Having considered *Casa Clara*, its progeny and its predecessors, this Court finds that the plaintiffs are not in a category of persons that the economic loss rule intended to limit. Although the subject drywall is alleged to omit corrosive gasses, it has not failed to match the plaintiffs' economic expectations. Unlike the crumbling concrete in *Casa Clara*, or the seawall that failed to withstand the sea in *Boldt*, the drywall at issue here continues to perform its intended purpose and function. This includes providing the finish construction of interior walls, dividing open space throughout the home, providing an area within which to enclose insulation material and acting as an anchor for lighting fixtures. The purported off-gassing of sulfur-based compounds has not caused the drywall to fail at its general purpose and function. Instead, the off-gassing places the drywall into a category of products whose failure may have created an unreasonable risk of harm. As such, the economic loss rule will not be employed to restrict the plaintiffs, and they are permitted to maintain their tort claims as currently alleged.

**THEREFORE** it is **ORDERED** and **ADJUDGED:**

The defendants' motions are DENIED. The economic loss rule is not applicable to any of the plaintiffs' existing tort claims. The defendants shall answer the plaintiffs' complaints within twenty (20) days from the date of this order.

DONE and ORDERED in chambers this 18 day of December, 2009 at Miami-Dade County, Florida.

JOSEPH P. FARINA
CIRCUIT COURT JUDGE

Copies furnished to:
All counsel of record via *LexisNexis*