UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: CHINESE-MANUFACTURED | * | MDL DOCKET NO. 2047 |
| DRYWALL PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAGISTRATE JUDGE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * *

_____

**CASE MANAGEMENT ORDER**
_____

**THIS DOCUMENT RELATES TO:** *Hernandez v. Knauf,* Case No. 2:09-cv-06050 (E.D.La.)

A Status Conference was held January 14, 2010:

Participating were:

> **Stephen J. Herman, on behalf of Plaintiffs**
> **Kerry J. Miller, on behalf of Defendant**

Pleadings have been completed. Jurisdiction and venue are established.

To expedite discovery, conserve judicial resources, and facilitate the administration of the referenced case before the Court, the Court hereby enters the following Case Management Order.

1.  Defendants have been provided with reasonable access to inspect the subject property. The parties shall coordinate to schedule any further inspections, if required, at a convenient time and with diminished inconvenience to the property owner.

2.  The parties shall meet and confer in order to provide the Court with a joint proposed jury questionnaire by Friday, January 22, 2010.

3.	Plaintiffs' counsel shall voluntarily produce written reports of testifying experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), including but not limited to documents or other materials relied upon by an expert, and a curriculum vitae, no later than February 13, 2010, and in no event less than five (5) days prior to the expert's deposition.

4.	Defendant's counsel shall voluntarily produce written reports of testifying experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), including but not limited to documents or other materials relied upon by an expert, and a curriculum vitae, no later than February 26, 2010, and in no event less than five (5) days prior to the expert's deposition.

5.	Rebuttals to expert reports, if any, shall be produced no later than March 3, 2010. The parties agree to produce such rebuttal experts for deposition or re-deposition by March 7, 2010.

6.	Either party may rely, in whole or in part, upon any expert report prepared or exchanged in association with the *Germano* proceedings. In addition, the parties have stipulated and agreed that draft reports and communication between counsel and experts or consultants shall not be subject to discovery.

7.	All motions *in limine* shall be filed no later than March 8, 2010, except for motions with respect to rebuttals produced pursuant to Paragraph 5, which may be filed no later than March 10, 2010. Responses in opposition to such motions shall be filed no later than March 12, 2010. Any motions filed in violation of this Order shall be deemed waived unless good cause is shown.

8.	All *Daubert* motions shall be filed no later than March 8, 2010, except for motions with respect to rebuttals produced pursuant to Paragraph 5, which may be filed no later than March 10, 2010. Responses in opposition to all *Daubert* motions shall be filed no later than March 12, 2010. All *Daubert* motions shall be set for hearing on March 15, 2010, prior to the commencement of trial

on the merits.

9.     Counsel for the parties shall file in the record and serve upon their opponents a list of all witnesses who may or will be called to testify at trial, all exhibits which may or will be used at trial, all designated deposition testimony which may or will be used at trial, proposed jury charges, and a proposed jury verdict form no later than March 5, 2010.

10.    Counsel for the parties shall file in the record and serve upon their opponents all objections to designated deposition testimony, exhibits, proposed jury charges, and proposed jury instructions no later than March 8, 2010.

11.    Counsel for the parties shall file in the record and serve upon their opponents all responses to objections to designated deposition testimony, exhibits, proposed jury charges, and proposed jury instructions no later than March 10, 2010.

12.    The Court will not permit any witnesses, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits without leave of Court.

13.    Counsel adding new parties subsequent to mailing of this Notice shall serve on each new party a copy of this Case Management Order.  Pleadings responsive thereto, when required, shall be filed with the applicable delays.

14.    A Final PreTrial Conference will be held on March 10, 2010 at 1:30 p.m.

15.    Trial will commence on March 15, 2010 WITH a jury.  Attorneys are instructed to report for trial not later than 30 minutes prior to this time.  The starting time on the first day of a jury trial may be delayed or moved up because of jury pooling.  Trial is estimated to last seven (7) days.

16.    Deadlines, cut-offs, or other limits fixed herein may only be extended by the Court upon timely motion filed in compliance with the Plan and Local Rules and upon a showing of good cause.

Continuances will not normally be granted. If, however, a continuance is granted, deadlines and cut-off dates will be automatically extended, unless otherwise ordered by the Court.

New Orleans, Louisiana, this  22nd  day of      January     , 2010.

                                            Eldon E. Fallon
                                            U.S. District Judge