# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

OWNERS INSURANCE COMPANY and          )
AUTO-OWNERS INSURANCE COMPANY,        )
                                      )
        Plaintiffs,                   )      CIVIL ACTION FILE
                                      )
v.                                    )      NO. ____**5:09-CV-374**
                                      )
THE MITCHELL COMPANY, INC. and        )
RIGHTWAY DRYWALL, INC.,               )
                                      )
        Defendants.                   )

## COMPLAINT FOR DECLARATORY JUDGMENT

COME NOW OWNERS INSURANCE COMPANY (hereinafter "Owners") and

AUTO-OWNERS INSURANCE COMPANY (hereinafter "Auto-Owners"),

Plaintiffs in the above-styled action, and file this Complaint

for Declaratory Judgment, showing the Court as follows:

### PARTIES

1.

Owners is a corporation organized and existing under the

laws of the state of Ohio, with its principal place of business

in Michigan.  For purposes of diversity jurisdiction, Owners is

not a citizen of the states of Alabama or Georgia.

2.

Auto-Owners is a corporation organized and existing under

the laws of the state of Michigan, with its principal place of

business in Michigan.  For purposes of diversity jurisdiction,

Auto-Owners is not a citizen of the states of Alabama or Georgia.

3.

The Mitchell Company, Inc. ("Mitchell") is a corporation organized and existing under the laws of the state of Alabama with its principal place of business and citizenship in Alabama. Mitchell has sufficient contacts with the state of Georgia which subject Mitchell to the jurisdiction and venue of this Court.

4.

Rightway Drywall, Inc. ("Rightway") is a corporation organized and existing under the laws of the state of Georgia with its principal place of business and citizenship in Georgia. Rightway is subject to the jurisdiction and venue of this Court.

5.

Each named defendant has been joined in compliance with case law requiring the insurer seeking a declaratory judgment to bring into the action all individuals or entities who have a financial or other interest in the outcome of the coverage issues to be decided through the declaratory judgment.

**JURISDICTION AND VENUE**

6.

This Court has original jurisdiction over this action under the provisions of 28 U.S.C. § 1332 because this action is between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

- 2 -

7.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**NATURE OF ACTION**

8.

This is a complaint for declaratory judgment brought
pursuant to Rule 57 of the Federal Rules of Civil Procedure and
28 U.S.C. § 2201, to declare the rights and other legal relations
surrounding questions of actual controversy that presently exist
between Plaintiffs and Defendants.

9.

A controversy of a judicial nature presently exists among
the parties which demands a declaration by this Court in order
that Plaintiffs may have their rights and duties under the
applicable contracts of insurance determined and avoid the
possible accrual of damages.

**THE UNDERLYING CLAIMS**

10.

Mitchell is a construction company and has built homes
and/or apartments in several states, including Alabama,
Mississippi, Louisiana, Georgia and Florida.

11.

In connection with the construction of certain homes in
Alabama and Florida, Mitchell allegedly purchased and installed

- 3 -

Case 2:09-md-02047-EEF-JCW Document 700-3 Filed 01/22/2010 Page 5 of 28

gypsum drywall distributed and/or supplied by Rightway, among others.

12.

Mitchell contends that the gypsum drywall was manufactured in China and imported or distributed by Rightway and others.

13.

On March 6, 2009, Mitchell filed a purported class action lawsuit, on behalf of itself and others similarly situated, in the United States District Court for the Northern District of Florida, the same being designated as 3:09-CV-00089-MCR-MD (the "Underlying Lawsuit").

14.

A true and accurate copy of the complaint filed in the Underlying Lawsuit is attached hereto as Exhibit A.

15.

Among others, the Complaint filed in the Underlying Lawsuit names Rightway as a Defendant.

16.

In the Underlying Lawsuit, Mitchell asserts the following counts: Negligence/Gross Negligence; Strict Products Liability; Unjust Enrichment; Indemnity; Implied Warranty of Merchantability; and Express Warranty.

- 4 -

17.

In the Underlying Lawsuit, Mitchell contends that Rightway improperly designed, formulated, tested, manufactured, inspected, marketed, distributed, warranted, advertised and sold to Mitchell and other class members drywall made from materials that are high in sulfur; and Mitchell further contends that the drywall is unsuitable for its intended purposes.

18.

In the Underlying Lawsuit, Mitchell contends that the drywall so supplied by Rightway is uniformly and inherently defective in that the drywall chemically reacts with metals, emits toxic chemicals and causes extensive corrosion.

19.

The amount in controversy in the Underlying Lawsuit exceeds $75,000, exclusive of interest and costs.

**THE INSURANCE CONTRACTS**

20.

Owners issued consecutive commercial general liability ("CGL") insurance policies to Rightway Drywall, Inc., policy number 014618-48471088, with effective policy periods from January 1, 2002 to January 1, 2007 (the "CGL Policy"), subject to certain terms and conditions and applicable law.

- 5 -

21.

Auto-Owners issued consecutive commercial umbrella insurance policies to Rightway Drywall, Inc. ("Umbrella Policy"), policy number 43-479-144-00, with a policy period from January 1, 2002 to January 1, 2007, subject to certain terms and conditions and applicable law.

22.

Rightway seeks a defense and indemnity under the insurance contracts issued by Plaintiffs for the claims asserted against it in the Underlying Lawsuit.

23.

After receiving notice of the Underlying Lawsuit filed against Rightway, Plaintiffs issued letters to Rightway in which Plaintiffs provided notice of their reservation of rights to contest coverage for the claims asserted. True and accurate copies of these letters are attached hereto as Exhibit B.

24.

After receiving notice of the Underlying Lawsuit, Owners retained counsel to defend Rightway against the Underlying Lawsuit, subject to the reservations of rights.

25.

The insurance policies issued by Plaintiffs to Rightway afford no coverage for the facts and claims upon which the

- 6 -

Underlying Lawsuit is based; and, therefore, Plaintiffs have no

duty to defend or indemnify Rightway in the Underlying Lawsuit.

26.

The insuring agreement of the CGL Policy issued to Rightway

by Owners provides, in pertinent part, the following:

> We will pay those sums that the insured
> becomes legally obligated to pay as damages
> because of 'bodily injury' or 'property
> damage' to which this insurance applies....

Commercial General Liability Coverage Form, CG0001 11/88.

27.

Under Coverage A, the CGL Policy provides the following:

> **b.**     This insurance applies to 'bodily
> injury' and 'property damage' only if:
>
> **(1)**     The 'bodily injury' or 'property
> damage' is caused by an
> 'occurrence' that takes place in
> the 'coverage territory';
>
> **(2)**     The 'bodily injury' or 'property
> damage' occurs during the policy
> period; ...

All other policy terms and conditions apply.

Commercial General Liability Coverage Form, CG0001 11/88.

28.

The CGL Policy issued to Rightway further provides:

> 'Property damage' means:
>
> **a.**     Physical injury to tangible property,
> including all resulting loss of use of

Case 2:09-md-02047-EEF-MBN Document 826-2 Filed 01/27/10 Page 9 of 28
Case 2:09-md-02047-EEF-JCW Document 700-3 Filed 01/22/2010 Page 9 of 28

Case 5:09-cv-00374-HL    Document 1    Filed 10/22/2009    Page 8 of 27

that property.  All such loss of use
shall be deemed to occur at the time of
the physical injury that caused it; or

b.    Loss of use of tangible property that is
not physically injured.  All such loss
shall be deemed to occur at the time of
the 'occurrence' that caused it.

Commercial General Liability Coverage Form, CG0001 11/88.

29.

The CGL Policy issued to Rightway provides:

'Occurrence' means an accident, including
continuous or repeated exposure to
substantially the same general harmful
conditions.

Commercial General Liability Coverage Form, CG0001 11/88.

30.

The CGL Policy issued to Rightway contains exclusions,

including, in relevant part, the following:

This insurance does not apply to:

f.    (1)    'Bodily injury' or 'property damage' arising
out of the actual, alleged or threatened
discharge, dispersal, seepage, migration,
release or escape of pollutants:

(a)    At or from any premises, site
or location which is or was at
any time owned or occupied by,
or rented or loaned to, any
insured.  However, this
subparagraph, (a), does not
apply to 'bodily injury' if
sustained within a building at
such premises, site or
location and caused by smoke,

- 8 -

fumes, vapor or soot from
equipment used to heat a
building at such premises,
site or location;

**(b)** At or from any premises, site
or location which is or was at
any time used by or for any
insured or others for the
handling, storage, disposal,
processing or treatment of
waste;

**(c)** Which are or were at any time
transported, handled, stored,
treated, disposed of, or
processed as waste by or for
any insured or any person or
organization for whom you may
be legally responsible; or

**(d)** At or from any premises, site
or location on which any
insured or any contractors or
subcontractors working
directly or indirectly on any
insured's behalf are
performing operations:

**(i)** If the pollutants
are brought on or to
the premises, site
or location in
connection with such
operations by such
insured, contractor
or subcontractor; or

**(ii)** If the operations
are to test for,
monitor, clean up,
remove, contain,

- 9 -

> treat, detoxify or
> neutralize, or in any
> way respond to, or
> assess the effects
> of pollutants.
> ...

**(2)** Any loss, cost or expense arising out of any:

> **(a)** Request, demand or order that any
> insured or others test for, monitor,
> clean up, remove, contain, treat,
> detoxify or neutralize, or in any way
> respond to, or assess the effects of
> pollutants; or

> **(b)** Claim or suit brought on behalf of a
> governmental authority for damages
> because of testing from, monitoring,
> cleaning up, removing, containing,
> treating, detoxifying or neutralizing,
> or in any way responding to, or
> assessing the effects of pollutants.

> Pollutants means any solid, liquid, gaseous or thermal
> irritant or contaminant, including smoke, vapor, soot,
> fumes, acids, alkalis, chemicals and waste.  Waste
> includes materials to be recycled, reconditioned or
> reclaimed.

Endorsement, 55145 (12-01); Commercial General Liability Coverage

Form, CG 00 01 11 88.

31.

The CGL Policy issued to Rightway also provides:

> This insurance does not apply to:

> **k.**    'Property damage' to 'your product'
>       arising out of it or any part of it.

Commercial General Liability Coverage Form, CG 00 01 11 88.

– 10 –

32.

The CGL Policy further provides:

This insurance does not apply to:

l.    'Property damage' to 'your work' arising
out of it or any part of it and included
in the 'products-completed operations
hazard'.

Endorsement 55209 (1-01): Commercial General Liability Coverage

Form, CG0001 11/88.

33.

The CGL Policy issued to Rightway also provides:

This insurance does not apply to:

m.    'Property damage' to 'impaired property' or
property that has not been physically
injured, arising out of:

(1)    A defect, deficiency, inadequacy or
dangerous condition in 'your
product' or 'your work'; or

(2)    A delay or failure by you or anyone
acting on your behalf to perform a
contract or agreement in accordance
with its terms.

Commercial General Liability Coverage Form, CG0001 11/88.

34.

The CGL Policy issued to Rightway also provides:

This insurance does not apply to:

n.    Damages claimed for any loss, cost or
expense incurred by you or others for
the loss of use, withdrawal, recall,

- 11 -

Case 2:09-md-02047-EEF-MBN Document 786-2 Filed 01/27/10 Page 13 of 28
Case 2:09-md-02047-EEF-JCW Document 786-2 Filed 01/27/2010 Page 13 of 28

Case 5:09-cv-00374-HL      Document 1      Filed 10/22/2009      Page 12 of 27

> inspection, repair, replacement,
> adjustment, removal or disposal of:
>
> **(1)** 'Your product;'
>
> **(2)** 'Your work;' or
>
> **(3)** 'Impaired property;'
>
> if such product, work, or property
> is withdrawn or recalled from the
> market or from use by any person or
> organization because of a known or
> suspected defect, deficiency,
> inadequacy or dangerous condition
> in it.        ...

Commercial General Liability Coverage Form, CG0001 11/88.

35.

The insuring agreement of the Umbrella Policy issued to Rightway by Auto-Owners provides, in pertinent part:

> **We** will pay those sums included in the term
> **ultimate net loss** that the **insured** becomes
> legally obligated to pay as damages because
> of...**property damage**...to which this
> insurance applies caused by an **incident**.

Commercial Umbrella Insurance Policy.

36.

Under the applicable coverage part of the Umbrella Policy, coverage applies only if the following conditions are met:

> a.    the ... **property damage** must take place
>       during the policy period; and
>
> b.    the **incident** must take place in the **policy
>       territory.**

Commercial Umbrella Insurance Policy.

- 12 -

37.

The Umbrella Policy further provides:

M.    **Property damage** means:

1.    Physical injury to tangible property,
      including all resulting loss of use of
      that property.  All such loss shall be
      deemed to occur at the time of the
      physical injury that caused the loss of
      use.

2.    Loss of use of tangible property that is
      not physically injured.  All such loss
      shall be deemed to occur at the time of
      the **incident** that caused the loss of
      use.

Commercial Umbrella Insurance Policy.

38.

The Umbrella Policy provides:

**Incident** means ... an accident..., including
continuous or repeated exposure to
substantially the same general harmful
conditions.

Commercial Umbrella Insurance Policy.

39.

The Umbrella Policy provides:

This insurance does not apply to:

G.    **Property damage** to **your product** arising
      out of it or any part of it.

Commercial Umbrella Insurance Policy.

- 13 -

40.

The Umbrella Policy provides:

    This insurance does not apply to:

    H.    **Property damage** to **your work** arising out of it or any part of it and included in the **products-completed operations hazard.** ...

Commercial Umbrella Insurance Policy.

41.

The Umbrella Policy provides:

    This insurance does not apply to:

    I.    **Property damage** to **impaired property** or property that has not been physically injured, arising out of:

        **(1)**    a defect, deficiency, inadequacy or dangerous condition in **your product** or **your work**; or

        **(2)**    a delay or failure by **you** or anyone acting on **your** behalf to perform a contract or agreement in accordance with its terms.

Commercial Umbrella Insurance Policy.

42.

The Umbrella Policy provides:

    This insurance does not apply to:

    J.    Damages claimed for any loss, cost or expense incurred by **you** or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

- 14 -

1. **your product;**

2. **your work;** or

3. **impaired property;**

if such product, work, or property
is withdrawn or recalled from the
market or from use by any person or
organization because of a known or
suspected defect, deficiency,
inadequacy or dangerous condition
in it.

Commercial Umbrella Insurance Policy.

                    43.

     The Umbrella Policy also excludes "bodily injury", "property

damage" or "personal injury":

          resulting from the actual, alledged or
          threatened discharge, release, escape,
          seepage, migration or dispersal of
          **pollutants:**

               (d)   at or from any premises, site or
                     location on which any **insured** or
                     any contractors or subcontractors
                     working directly or indirectly on
                     any **insured's** behalf are performing
                     operations:

                     (1)   If the **pollutants**
                           are brought on or to
                           the premises, site
                           or location in
                           connection with such
                           operations by such
                           **insured,** contractor
                           or subcontractor....

Commercial Umbrella Insurance Policy.

                    - 15 -

44.

The Umbrella Policy also excludes:

    3.    Any loss, cost or expense arising out of any:

    (a)   request, demand or order that any **insured** or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of **pollutants**; or

    (b)   claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of **pollutants**.

Commercial Umbrella Insurance Policy.

45.

The term "pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals, liquids, gases and waste. Waste includes materials to be recycled, reconditioned or reclaimed. Commercial Umbrella Insurance Policy.

### COUNT ONE

46.

Plaintiffs hereby reallege and incorporate paragraphs 1 through 45 of this Complaint as if set forth fully herein.

- 16 -

47.

Under the terms of the CGL Policy and the Umbrella Policy, Plaintiffs agreed to afford coverage for certain defined damages or injury caused by an accident only if the damage or injury occurs during the applicable policy periods.

48.

Mitchell seeks recovery for damages or injury which did not occur during the applicable policy periods. As a result, the CGL Policy and the Umbrella Policy issued to Rightway do not cover such damages.

49.

Plaintiffs are entitled to a judgment declaring that Rightway is afforded no coverage under the CGL Policy or the Umbrella Policy for any damages or injuries which occurred outside the applicable policy period.

**COUNT TWO**

50.

Plaintiffs hereby reallege and incorporate paragraphs 1 through 49 of this Complaint as if set forth fully herein.

51.

Under the terms of the CGL Policy and the Umbrella Policy issued to Rightway, there is no coverage for bodily injury or

- 17 -

property damage which is not the result of an accident or which is expected or intended from the standpoint of the insured.

52.

Plaintiffs have no obligation to provide a defense to the Underlying Lawsuit or indemnify Rightway for bodily injury or property damage which was not caused by an accident, which was expected or intended, or which was known to be substantially certain to occur due to Rightway's knowledge.

53.

Plaintiffs are entitled to a judgment declaring that Rightway is afforded no coverage under the CGL Policy or the Umbrella Policy for any damages or injuries which were not caused by an accident, which were intended or expected from the standpoint of any insured, or which were substantially certain to occur.

**COUNT THREE**

54.

Plaintiffs hereby reallege and incorporate paragraphs 1 through 53 of this Complaint as if set forth fully herein.

55.

Under the terms of the CGL Policy and the Umbrella Policy, there is no coverage for bodily injury or property damage arising out of the actual, alleged or threatened discharge, dispersal,

seepage, migration, release or escape of pollutants at or from
any premises, site or location on which any insured or any
contractors or subcontractors working directly or indirectly on
any insured's behalf are performing operations.

56.

Plaintiffs have no obligation to provide a defense to the
Underlying Lawsuit or indemnify Rightway against claims for
bodily injury or property damage arising out of the actual,
alleged or threatened discharge, dispersal, seepage, migration,
release or escape of pollutants at or from any premises, site or
location on which any insured or any contractors or
subcontractors working directly or indirectly on any insured's
behalf are performing operations.

57.

Plaintiffs are entitled to a judgment declaring that
Rightway is afforded no coverage under the CGL Policy or the
Umbrella Policy for bodily injury or property damage arising out
of the actual, alleged or threatened discharge, dispersal,
seepage, migration, release or escape of pollutants at or from
any premises, site or location on which any insured or any
contractors or subcontractors working directly or indirectly on
any insured's behalf are performing operations.

- 19 -

## COUNT FOUR

58.

Plaintiffs hereby reallege and incorporate paragraphs 1 through 57 of this Complaint as if set forth fully herein.

59.

Under the terms of the CGL Policy and the Umbrella Policy issued to Rightway, there is no coverage for any loss, cost or expense arising out of any request, demand or order that Rightway test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to or assess the effects of pollutants.

60.

Plaintiffs have no obligation to provide a defense to the Underlying Lawsuit or indemnify Rightway for any loss, cost or expense arising out of any request, demand or order that Rightway test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to or assess the effects of pollutants.

61.

Plaintiffs are entitled to a judgment declaring that Rightway is afforded no coverage under the CGL Policy or the Umbrella Policy for any loss, cost or expense arising out of any request, demand or order that Rightway test for, monitor, clean

up, remove, contain, treat, detoxify or neutralize, or in any way
respond to or assess the effects of pollutants in the Underlying
Lawsuit.

## COUNT FIVE

### 62.

Plaintiffs hereby reallege and incorporate paragraphs 1
through 61 of this Complaint as if set forth fully herein.

### 63.

The CGL Policy and the Umbrella Policy issued to Rightway
exclude property damage to Rightway's product, arising out of the
product or any part of the product.

### 64.

Plaintiffs have no duty to defend or indemnify Rightway
against the Underlying Lawsuit because the damages sought
constitute property damage to Rightway's product, arising out of
the product and/or any part of the product.

### 65.

Plaintiffs are entitled to a judgment declaring that
Rightway is afforded no coverage under the CGL Policy or the
Umbrella Policy for any damages because of property damage to
Rightway's product, arising out of the product and/or any part of
the product.

- 21 -

## COUNT SIX

66.

Plaintiffs hereby reallege and incorporate paragraphs 1 through 65 of this Complaint as if set forth fully herein.

67.

The CGL Policy and the Umbrella Policy issued to Rightway exclude property damage to Rightway's work, or arising out of Rightway's work and faulty material supplied.

68.

Plaintiffs have no duty to defend or indemnify Rightway against the Underlying Lawsuit because the damages sought constitute property damage to Rightway's work, arising out of that work or any part of that work, and are excluded from coverage.

69.

Plaintiffs are entitled to a judgment declaring that Rightway is afforded no coverage under the CGL Policy or the Umbrella Policy for any damages because of property damage to Rightway's work or arising therefrom.

## COUNT SEVEN

70.

Plaintiffs hereby reallege and incorporate paragraphs 1 through 69 of this Complaint as if set forth fully herein.

- 22 -

71.

The CGL Policy and the Umbrella Policy issued to Rightway exclude property damage to "impaired property" or property that has not been physically injured arising out of Rightway's defective product or associated work.

72.

Plaintiffs have no duty to defend or indemnify Rightway against the Underlying Lawsuit to the extent the damages sought constitute property damage to "impaired property" or property that has not been physically injured arising out of a defect, deficiency, inadequacy or dangerous condition in Rightway's product or work.

73.

Plaintiffs are entitled to a judgment declaring that Rightway is afforded no coverage under the CGL Policy or the Umbrella Policy for any property damage to "impaired property" or property that has not been physically injured arising from Rightway's defective product or work.

**COUNT EIGHT**

74.

Plaintiffs hereby reallege and incorporate paragraphs 1 through 73 of this Complaint as if set forth fully herein.

75.

The CGL Policy and the Umbrella Policy issued to Rightway
exclude damages claimed for any loss, cost or expense incurred by
the insured or others for the loss of use, withdrawal, recall,
inspection, repair, replacement, adjustment, removal or disposal
of: **(1)** 'Your product;' **(2)** 'Your work;' or **(3)** 'Impaired
property;' if such product, work, or property is withdrawn or
recalled from the market or from use by any person or
organization because of a known or suspected defect, deficiency,
inadequacy or dangerous condition in it.

76.

Plaintiffs have no duty to defend or indemnify Rightway
against the Underlying Lawsuit to the extent the damages sought
constitute damages claimed for any loss, cost or expense incurred
by Rightway or others for the loss of use, withdrawal, recall,
inspection, repair, replacement, adjustment, removal or disposal
of Rightway's product, work or impaired property.

77.

Plaintiffs are entitled to a judgment declaring that
Rightway is afforded no coverage under the CGL Policy or the
Umbrella Policy for damages claimed for any loss, cost or expense
incurred by Rightway or others for the loss of use, withdrawal,

- 24 -

recall, inspection, repair, replacement, adjustment, removal or disposal of Rightway's product, work or impaired property.

## COUNT NINE

78.

Plaintiffs hereby reallege and incorporate paragraphs 1 through 77 of this Complaint as if set forth fully herein.

79.

The Underlying Lawsuit seeks an award of attorneys fees in addition to compensatory damages.

80.

Neither the CGL Policy nor the Umbrella Policy afford coverage for attorneys fees, as such damages are not in compensation for a covered injury.

81.

Plaintiffs are entitled to a judgment declaring that Rightway is afforded no coverage for any attorneys fees sought in the Underlying Lawsuit.

## COUNT TEN

82.

Plaintiffs hereby reallege and incorporate paragraphs 1 through 81 of this Complaint as if set forth fully herein.

83.

The Underlying Lawsuit seeks an award of punitive damages in addition to compensatory damages.

84.

Neither the CGL Policy nor the Umbrella Policy afford coverage for punitive damages, as such damages are not in compensation for a covered injury.

85.

Plaintiffs are entitled to a judgment declaring that Rightway is afforded no coverage for any punitive damages sought in the Underlying Lawsuit.

**WHEREFORE**, Plaintiffs pray that this Court enter judgment that Plaintiffs have no duty to defend or indemnify Rightway for the claims asserted against Rightway in the Underlying Lawsuit; that this Court bind each and every named party herein by said judgment; that Plaintiffs be awarded costs in this action; and for further relief as this Court may deem just and appropriate.

- 26 -

Case 2:09-md-02047-EEF-MBN Document 826-2 Filed 01/27/10 Page 28 of 28
Case 2:09-md-02047-EEF-JCW Document 700-3 Filed 01/22/2010 Page 28 of 28

Case 5:09-cv-00374-HL     Document 1     Filed 10/22/2009     Page 27 of 27

This 21st day of October, 2009.

                          Respectfully submitted,

                          TALLEY, FRENCH & KENDALL, P.C.

                          Michael C. Kendall
                          Georgia Bar No. 414030
                          Counsel for Plaintiffs

3152 Golf Ridge Boulevard
Suite 201
Douglasville, Georgia 30135
Telephone: 770-577-3559
Facsimile: 770-577-8113
Email: mckendall@bellsouth.net