# EXHIBIT C

Case 2:09-md-02047-EEF-MBN Document 826-4 Filed 01/27/10 Page 2 of 13
Case 2:09-md-02047-EEF-JCW Document 790-5 Filed 01/22/2010 Page 2 of 13
Case 2:09-cv-07791-EEF-JCW Document 1 Filed 12/23/2009 Page 1 of 12

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT C. PATE, as Trustee for the Chinese Drywall Trust,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, AMERISURE INSURANCE COMPANY, AMERISURE MUTUAL INSURANCE COMPANY, AUTO-OWNERS INSURANCE COMPANY, FCCI COMMERCIAL INSURANCE COMPANY, FCCI INSURANCE COMPANY, HERMITAGE INSURANCE COMPANY, ILLINOIS UNION INSURANCE COMPANY, LANDMARK AMERICAN INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, MID-CONTINENT CASUALTY COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., OLD REPUBLIC INSURANCE COMPANY, SCOTTSDALE INSURANCE COMPANY, and STEADFAST INSURANCE COMPANY,<br><br>Defendants. | CASE NO.:<br><br>JURY TRIAL DEMAND |

## COMPLAINT

Plaintiff, Robert C. Pate, as Trustee (the "Trustee") for the Chinese Drywall Trust (the "WCI Chinese Drywall Trust"), brings this action against Defendants American International Specialty Lines Insurance Company, Illinois Union Insurance Company, Lexington Insurance Company, Old Republic Insurance Company, and Steadfast Insurance Company (collectively, the "Insurance Companies") as well as American

NYDOCS1-936130.10

Case 2:09-md-02047-EEF-JCW Document 790-5 Filed 01/22/2010 Page 3 of 13
Case 2:09-md-02047-EEF-MBN Document 826-4 Filed 01/27/10 Page 3 of 13
Case 2:09-cv-07791-EEF-JCW Document 1 Filed 12/23/2009 Page 2 of 12

Guarantee and Liability Insurance Company, Amerisure Insurance Company, Amerisure Mutual Insurance Company, Auto-Owners Insurance Company, FCCI Commercial Insurance Company, FCCI Insurance Company, Hermitage Insurance Company, Landmark American Insurance Company, Mid-Continent Casualty Company, National Union Fire Insurance Company of Pittsburgh, Pa., and Scottsdale Insurance Company (collectively, the "Subcontractor Insurance Companies"). The Trustee seeks a declaratory judgment that the Insurance Companies and the Subcontractor Insurance Companies are obligated to indemnify the WCI Chinese Drywall Trust for losses arising from claims against WCI Communities, Inc. and certain of its subsidiaries (collectively, "WCI") for the development and sale of homes allegedly containing defective Chinese manufactured drywall.

## PARTIES

1. Plaintiff, the Trustee, is a citizen of the state of Texas and lives in Corpus Christi, Texas.

2. Defendant American International Specialty Lines Insurance Company ("AISL") is an Alaskan corporation with its principal place of business in New York.

3. Defendant Illinois Union Insurance Company ("Illinois Union") is an Illinois corporation with its principal place of business in Pennsylvania.

4. Defendant Lexington Insurance Company ("Lexington") is a Delaware corporation with its principal place of business in Massachusetts.

5. Defendant Old Republic Insurance Company ("Old Republic") is a Pennsylvania corporation with its principal place of business in Pennsylvania.

Case 2:09-md-02047-EEF-MBN Document 826-4 Filed 01/27/10 Page 4 of 13
Case 2:09-md-02047-EEF-JCW Document 790-5 Filed 01/22/2010 Page 4 of 13
Case 2:09-cv-07791-EEF-JCW Document 1 Filed 12/23/2009 Page 3 of 12

6. Defendant Steadfast Insurance Company ("Steadfast") is a Delaware corporation with its principal place of business in Illinois.

7. Defendant American Guarantee and Liability Insurance Company ("American Guarantee") is a New York corporation with its principal place of business in Illinois.

8. Defendant Amerisure Insurance Company ("Amerisure") is a Michigan corporation with its principal place of business in Michigan.

9. Defendant Amerisure Mutual Insurance Company ("Amerisure Mutual") is a Michigan corporation with its principal place of business in Michigan.

10. Defendant Auto-Owners Insurance Company ("Auto-Owners") is a Michigan corporation with its principal place of business in Michigan.

11. Defendant FCCI Commercial Insurance Company ("FCCI Commercial") is a Florida corporation with its principal place of business in Florida.

12. Defendant FCCI Insurance Company ("FCCI") is a Florida corporation with its principal place of business in Florida.

13. Defendant Hermitage Insurance Company ("Hermitage") is a New York corporation with its principal place of business in New York.

14. Defendant Landmark American Insurance Company ("Landmark") is an Oklahoma corporation with its principal place of business in Georgia.

15. Defendant Mid-Continent Casualty Company ("Mid-Continent") is an Ohio corporation with its principal place of business in Oklahoma.

Case 2:09-md-02047-EEF-MBN Document 826-4 Filed 01/27/10 Page 5 of 13
Case 2:09-md-02047-EEF-JCW Document 790-5 Filed 01/22/2010 Page 5 of 13
Case 2:09-cv-07791-EEF-JCW Document 1 Filed 12/23/2009 Page 4 of 12

16. Defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") is a Pennsylvania corporation with its principal place of business in New York.

17. Defendant Scottsdale Insurance Company ("Scottsdale") is an Ohio corporation with its principal place of business in Arizona.

## JURISDICTION AND VENUE

18. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000 exclusive of interests and costs, and the parties are citizens of different states.

19. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(a)(3) because the Defendants are subject to personal jurisdiction in this judicial district. AISL, American Guarantee, Amerisure, Amerisure Mutual, Hermitage, Illinois Union, Landmark, Lexington, Mid-Continent Casualty, National Union, Old Republic, Scottsdale, and Steadfast are authorized to sell insurance in Louisiana. FCCI Insurance Group, which includes FCCI and FCCI Commercial, sells insurance in Louisiana, and maintains a regional office in the Gulf Coast to service states such as Louisiana. Venue is otherwise appropriate in this district consistent with 28 U.S.C. § 1407 and the June 15, 2009 Transfer Order of the Judicial Panel on Multidistrict Litigation. See In re Chinese-Manufactured Drywall Products Liability Litigation, 626 F. Supp. 2d 1346 (J.P.M.L. 2009).

## FACTS

20. WCI contracts to build homes and residential communities in states such as Florida, New York, New Jersey, Virginia, Maryland, and Connecticut.

NYDOCS1-936130.10

Case 2:09-md-02047-EEF-MBN Document 826-4 Filed 01/27/10 Page 6 of 13
Case 2:09-md-02047-EEF-JCW Document 7902-5 Filed 01/22/2010 Page 6 of 13
Case 2:09-cv-07791-EEF-JCW Document 1 Filed 12/23/2009 Page 5 of 12

21. Its projects include, among other things, single-family homes, villas, condominiums, and luxury high rise towers.

## The Underlying Claims

22. In 2006, WCI began to receive complaints of property damage and/or bodily injury allegedly arising from Chinese Drywall[1] installed in homes that WCI sold in Florida, including areas such as Fort Lauderdale, Fort Myers, and Bradenton.

23. The homeowners closed on these homes primarily between September 5, 2006 and September 12, 2008.

24. The claimants allege damages that include increased rates of corrosion of soft metal materials throughout the houses (such as air conditioning coils, refrigerator tubing, electrical wires, and television connections); various health issues allegedly arising from the drywall; and tarnishing of silver and soft metal within the homes.

## The WCI Chinese Drywall Trust

25. On August 4, 2008 and July 1, 2009, WCI Communities, Inc. and a number of its subsidiaries filed for bankruptcy (collectively, the "WCI Debtors").

26. On July 16, 2009, the WCI Debtors filed a Second Amended Joint Chapter 11 Plan of Reorganization (the "Plan").

27. The Plan created a Chinese Drywall Trust to assume the WCI Debtors' liability or losses for claims asserted against them by an owner or occupant of, or person otherwise exposed to, a home built by the WCI Debtors for damages related to Chinese drywall.

---

[1] As used herein, the term "Chinese Drywall" includes drywall manufactured in China as well as drywall manufactured domestically that contains recycled drywall from China.

NYDOCS1-936130.10

5

Case 2:09-md-02047-EEF-MBN Document 826-4 Filed 01/27/10 Page 7 of 13
Case 2:09-md-02047-EEF-JCW Document 790-5 Filed 01/22/2010 Page 7 of 13
Case 2:09-cv-07791-EEF-JCW Document 1 Filed 12/23/2009 Page 6 of 12

28. On the effective date of the Plan, the WCI Debtors transferred to the WCI Chinese Drywall Trust their right, title, and interest in the "Insurance Coverage Actions"[2] and the "Chinese Drywall Actions"[3] and the proceeds thereof, and any right, title or interest in pursuing and receiving any and all "Insurance Recoveries."[4]

29. The Plan also established a Chinese Drywall Trustee to prosecute the Insurance Coverage Actions and Chinese Drywall Actions.

30. The United States Bankruptcy Court for the District of Delaware entered an Order confirming the Plan on August 26, 2009, including the creation of the WCI Chinese Drywall Trust, and approving the appointment of Robert C. Pate as the Chinese Drywall Trustee.

31. Over 700 homeowners allegedly have Chinese Drywall installed in their homes and may seek recovery through the WCI Chinese Drywall Trust.

---

[2] The Plan defines "Insurance Coverage Actions" as "any rights to indemnification, reimbursement, contribution or other payment under any of the [WCI] Debtors' existing insurance policies, including the [WCI] Debtors' director and officer liability insurance policies, as of the Effective Date that may provide coverage with respect to Allowed Chinese Drywall Claims."

[3] The Plan defines "Chinese Drywall Actions" as "the Causes of Action that the [WCI] Debtors may have against any subcontractor or other Person who installed Chinese drywall in a home built or sold by a [WCI] Debtor, directly or indirectly, any insurer of any such subcontractor or other Person, any retailer, wholesaler, distributor, manufacturer or provider of Chinese drywall that was installed in a home built or sold by a [WCI] Debtor, directly or indirectly, and/or any insurer of any such retailer, wholesaler, distributor, manufacturer or provider."

[4] The Plan defines "Insurance Recovery," in pertinent part, as "(a) the right to pursue and receive the benefits and proceeds of any insurance policy issued to, owned by, or otherwise providing coverage to any [WCI] Debtor, including any insurance policy owned by any third party on which any [WCI] Debtor is named as an additional insured, with respect to Chinese Drywall Claims; (b) the right to pursue and receive recovery from or as a result of any Insurance Coverage Action; ... [and] (e) the right to pursue and receive any other recovery from an insurance company, in its capacity as such, with respect to Chinese Drywall Claims."

Case 2:09-md-02047-EEF-MBN Document 826-4 Filed 01/27/10 Page 8 of 13
Case 2:09-md-02047-EEF-JCW Document 790-5 Filed 01/22/2010 Page 8 of 13
Case 2:09-cv-07791-EEF-JCW Document 1 Filed 12/23/2009 Page 7 of 12

## The Insurance Policies

32. The insurance policies that cover the losses arising from the Underlying Claims consist of liability insurance policies sold to WCI and numerous subcontractor insurance policies under which WCI is a named or additional insured.

## The WCI Insurance Policies

33. Old Republic Insurance Company sold WCI policy number MWZY 56761 with a $3,000,000 limit of liability for the period December 10, 2004 through December 10, 2007.

34. Illinois Union sold WCI a commercial umbrella liability policy, number XOO G22081706, with a $15,000,000 limit of liability for the period March 1, 2005 through May 1, 2006.

35. Steadfast sold WCI a following form excess liability policy, number AEC 3836443 03, with a $25,000,000 limit of liability for the period March 31, 2005 through May 1, 2006.

36. AISL sold WCI a commercial umbrella liability policy, number 7412158, with a $25,000,000 limit of liability for the period May 1, 2006 through May 1, 2007.

37. Lexington sold WCI an excess liability policy, number 0355453, for the period May 1, 2006 through May 1, 2007.

38. Steadfast also sold WCI a follow form excess liability policy, number AEC 3836443 03, with a $15,000,000 limit of liability for the period May 1, 2006 through May 1, 2007.

39. AISL also sold WCI policy number RMGGL 159-57-59 with a $1,000,000 limit of liability for the period December 10, 2007 through December 10, 2008.

Case 2:09-md-02047-EEF-MBN Document 826-4 Filed 01/27/10 Page 9 of 13
Case 2:09-md-02047-EEF-JCW Document 790-5 Filed 01/22/2010 Page 9 of 13
Case 2:09-cv-07791-EEF-JCW Document 1 Filed 12/23/2009 Page 8 of 12

40. Additionally, AISL sold a commercial umbrella liability policy, policy number 7412275, with a $25,000,000 limit of liability for the period May 1, 2007 through May 1, 2008.

41. Lexington also sold WCI a follow form excess liability policy, number 1011060, with a $15,000,000 limit of liability for the period May 1, 2007 through May 1, 2008.

42. AISL sold WCI a commercial umbrella liability policy, number BE 4943750, with a $25,000,000 limit of liability for the period May 1, 2008 through December 10, 2008.

43. Lexington sold WCI policy number 1053988 with a $15,000,000 limit of liability for the period May 1, 2008 through December 10, 2008.

The Subcontractor Insurance Policies

44. WCI is a named or additional insured under the insurance policies of certain subcontractors that allegedly supplied and/or installed Chinese Drywall in the claimants' homes.

45. Those subcontractors and the related insurance policies consist of:

| Subcontractor | Insurance Company | Policy number | Policy period |
|---|---|---|---|
| Hinkle Drywall LLC | Auto-Owners | 074612-20693161-07<br>074612-20693161-08<br>074612-20693161-09 | 1/29/07-1/29/08<br>1/29/08-1/29/09<br>1/29/09-1/29/10 |
| | Landmark | LBA009279 | 5/18/07-5/18/08 |
| SD & Associates | FCCI | GL00039663 | 1/7/08-1/7/09 |
| Finest Drywall Inc. | Mid-Continent | GL000699958<br>04GL000699958<br>GL00748604 | 9/15/07-9/15/08<br>9/15/08-9/15/09<br>9/15/09-9/15/10 |
| | National Union | BE5346464 | 9/15/08-9/15/09 |

NYDOCS1-936130.10

8

Case 2:09-md-02047-EEF-JCW Document 826-4 Filed 01/27/10 Page 10 of 13
Case 2:09-md-02047-EEF-JCW Document 700-5 Filed 01/22/2010 Page 10 of 13
Case 2:09-cv-07791-EEF-JCW Document 1 Filed 12/23/2009 Page 9 of 12

| Distinctive Drywall Designs, Inc. | Scottsdale | CLS1515640 | 6/09/08-6/09/09 |
|---|---|---|---|
| Beta Drywall, LLC | Amerisure | GL2027317000000<br>GL2027317010006<br>GL2027317020007<br>GL2027317030008<br>GL2027317040009 | 2/28/05-2/28/06<br>2/28/06-2/28/07<br>2/28/07-2/28/08<br>2/28/08-2/28/09<br>2/28/09-2/28/10 |
| | Amerisure Mutual | CU 2027319<br>CU 2052086-00<br>CU 2052086 01 | 2/28/05-2/28/06<br>2/28/08-2/28/09<br>2/28/09-2/28/10 |
| | National Union | BE 6564380 | 2/28/07-2/28/08 |
| Distinctive Finishes, LLC | Mid-Continent | 04-GL-000627470<br>04-GL-000586669<br>04-GL-712047 | 4/11/06-4/11/07<br>4/11/07-4/11/08<br>4/11/08-4/11/09 |
| | American Guarantee | AUC 5345732-03 | 4/11/08-4/11/09 |
| Steven Sweet Drywall, LLC | Mid-Continent | 04GL000705707 | 2/15/08-2/15/09 |
| ABF Drywall, Inc. | Hermitage | HGL54387608 | 6/20/08-6/20/10 |
| Residential Drywall Inc. | FCCI | CPP0007699 1<br>CPP0007699 2 | 11/9/07-11/9/08<br>11/9/08-11/9/09 |
| Florida Drywall | Mid-Continent | 04-GL-0000630931 | 5/11/06-5/11/07 |
| | FCCI Commercial | GL00056902<br>UMB00053572 | 5/11/08-5/11/09<br>5/11/08-5/11/09 |
| 1st Choice Construction | Mid-Continent | 04GL000717960 | 6/1/08-6/1/09 |
| Supreme Drywall & Metal Framing Co. | Amerisure Mutual | GL2027812010006<br>GL2027812010007<br>GL2027812010008 | 3/17/06-3/17/07<br>3/17/07-3/17/08<br>3/17/08-3/17/09 |

Case 2:09-md-02047-EEF-JCW Document 826-4 Filed 01/27/10 Page 11 of 13
Case 2:09-md-02047-EEF-JCW Document 700-5 Filed 01/22/2010 Page 11 of 13
Case 2:09-cv-07791-EEF-JCW Document 1 Filed 12/23/2009 Page 10 of 12

### Notice and Failure to Provide Coverage

46.     WCI timely provided notice under the WCI Insurance Policies and the Subcontractor Insurance Policies.

47.     WCI has satisfied fully all conditions precedent and obligations under the WCI Insurance Policies and the Subcontractor Insurance Policies.

48.     WCI has paid substantial sums for the policies, constituting all premiums due thereunder.

49.     The Insurance Companies and the Subcontractor Insurance Companies have either denied coverage, reserved their rights, failed to reply to WCI's notice letters, or otherwise failed to acknowledge coverage.

### COUNT I
### DECLARATORY JUDGMENT

50.     The Trustee repeats and realleges paragraphs 1 through 49 above as if fully set forth herein.

51.     Under the terms of the policies, the Insurance Companies and the Subcontractor Insurance Companies are obligated to indemnify WCI in connection with the Underlying Claims.

52.     WCI has asked the Insurance Companies and the Subcontractor Insurance Companies to perform their contractual obligations under the policies.

53.     A justiciable controversy exists as to the insurance coverage the policies provide.

54.     Accordingly, the Trustee is entitled to a judgment declaring that the Insurance Companies and the Subcontractor Insurance Companies are obligated to

Case 2:09-md-02047-EEF-JCW Document 826-4 Filed 01/27/10 Page 12 of 13
Case 2:09-md-02047-EEF-JCW Document 700-5 Filed 01/22/2010 Page 12 of 13
Case 2:09-cv-07791-EEF-JCW   Document 1   Filed 12/23/2009   Page 11 of 12

indemnify the WCI Chinese Drywall Trust in connection with the Underlying Claims, pursuant to 28 U.S.C. § 2201.

## COUNT II
## BREACH OF CONTRACT

55. The Trustee repeats and realleges paragraphs 1 through 54 above as if fully set forth herein.

56. The Insurance Companies and the Subcontractor Insurance Companies breached the policies by failing to acknowledge coverage for the Underlying Claims.

57. As a result, the WCI Chinese Drywall Trust has suffered damages in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

The Trustee hereby demands a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, the Trustee demands upon the Insurance Companies and the Subcontractor Insurance Companies:

A. Judgment in the Trustee's favor on Count I, declaring that the Insurance Companies and the Subcontractor Insurance Companies are obligated to indemnify the WCI Chinese Drywall Trust in connection with the Underlying Claims;

B. Judgment in the Trustee's favor on Count II, awarding the WCI Chinese Drywall Trust damages in an amount to be determined at trial;

C. Pre and post-judgment interest;

D. Attorneys' fees;

E. Costs; and

F. Any and all such further relief as this Court deems just and proper.

NYDOCS1-936130.10

Case 2:09-md-02047-EEF-JCW Document 826-4 Filed 01/27/10 Page 13 of 13
Case 2:09-md-02047-EEF-JCW Document 700-5 Filed 01/22/2010 Page 13 of 13
Case 2:09-cv-07791-EEF-JCW   Document 1   Filed 12/23/2009   Page 12 of 12

December 23, 2009 Respectfully submitted,

*Anna M. Piazza*
Robert M. Horkovich (pro hac vice pending)
Anna M. Piazza (pro hac vice pending)
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, New York 10020
P: 212-278-2000
F: 212-278-1733

*Plaintiff's Lead Counsel*

Burton LeBlanc (#20491)
Baron & Budd, PC
9015 Bluebonnet Blvd.
Baton Rouge, Louisiana 70810
P: 225-927-5441
F: 225-927-5449

*Plaintiff's Local Counsel*