UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  CHINESE-MANUFACTURED DRYWALL          MDL No. 2047
      PRODUCTS LIABILITY LITIGATION

SECTION: L

THIS DOCUMENT RELATES TO:          JUDGE FALLON
MAG. JUDGE WILKINSON

*De Gamboa, et al. v. Knauf Gips KG, et al.,*
Case No. 2:09-cv-04659 (E.D.La.)

_____/

## DEFENDANTS LENNAR HOMES, LLC'S AND U.S. HOME CORPORATION'S MOTION TO STAY PENDING PLAINTIFFS' COMPLIANCE WITH CHAPTER 558 OR, ALTERNATIVELY, TO DISMISS PLAINTIFFS' COMPLAINT AND STRIKE DEMAND FOR A TRIAL BY JURY AND INCORPORATED MEMORANDUM OF LAW

Defendants, Lennar Homes, LLC f/k/a Lennar Homes, Inc. ("Lennar Homes") and U.S. Home Corporation ("U.S. Home") (collectively, the "Lennar Defendants"), by and through undersigned counsel and pursuant to Florida Statutes § 558.003, hereby move to stay this action until Plaintiffs, Hernan De Gamboa and Ana Texeira De Gamboa (the "Gamboas"), Jeffrey Wasch ("Wasch"), and Dick Nelson and Nancy Nelson (the "Nelsons") (collectively, "Plaintiffs"), have properly complied with the mandates of Chapter 558, Florida Statutes ("Chapter 558").  In the alternative, the Lennar Defendants move to dismiss Counts VI, VII, VIII, IX, XI, XII and XIII of Plaintiffs' Complaint--Class Action ("Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6) and strike the demand for a trial by jury.  In support thereof, the Lennar Defendants submit the following Memorandum of Law.

## MEMORANDUM OF LAW

### I.    INTRODUCTION

Plaintiffs have brought this action against, among others, the Lennar Defendants, alleging that the Lennar Defendants built the Plaintiffs' homes using defective drywall that was

manufactured in China.   Plaintiffs seek to recover, among other types of relief, damages allegedly caused by this defective Chinese-manufactured drywall.

Prior to filing this lawsuit, however, the Plaintiffs failed to comply with Florida's "Construction Defect" Statute, Chapter 558, which contains specific requirements that must be complied with before a property owner can file a construction defect lawsuit.  Where, as here, a property owner files a construction defect action without first fully complying with Chapter 558, "the action may not proceed until the claimant has complied with such requirements." Fla. Stat. § 558.003.  Therefore, the Court should stay this action pending the Plaintiffs' compliance with Chapter 558.

Alternatively, in the event the Court allows this action to proceed despite the Plaintiffs' failure to comply with Chapter 558, Plaintiffs' Complaint should be dismissed for failure to state claims for relief against the Lennar Defendants.[1]  First, Plaintiffs' claims for breach of the implied warranty of merchantability (Count VI) and breach of the implied warranty of fitness for a particular purpose (Count VII) should be dismissed because the Plaintiffs' Purchase and Sale Agreements (the "Agreements") expressly disclaim all implied warranties.[2]  Second, Plaintiffs' claim for breach of the implied warranty of fitness for a particular purpose is further subject to

---

[1] The Plaintiffs have filed the Complaint as a putative class action.  Although the Court has made it clear that it is putting off all class certification issues until a later date, the class allegations set forth in the Complaint are deficient. The Lennar Defendants reserve their right to challenge class certification in response to any motion seeking class certification that the Plaintiffs may eventually file.

[2] Copies of the Agreements are attached hereto as Composite Exhibit "A."  Although Plaintiffs failed to attach the Agreements to the Complaint, the Court may still consider the Agreements on a motion to dismiss because Plaintiffs' claims are based on these Agreements.  *See, e.g., Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("We now hold that a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) (court can consider exhibits attached to motion to dismiss where the plaintiffs had notice of their contents and they were integral to the plaintiffs' claims).  Moreover, when there is an inconsistency between the allegations in the complaint and the exhibit, as here, the exhibit controls.  *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009) ("It is the law in this Circuit that 'when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern.'") (quoting *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007).

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

dismissal because Plaintiffs have not alleged, and indeed cannot allege, that the allegedly defective Chinese-manufactured drywall was not fit for a particular purpose different from that which drywall is ordinarily used. Third, Plaintiffs fail to state a violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count VIII) both because Plaintiffs' allegations are wholly conclusory, and because Plaintiffs do not allege recoverable actual damages under FDUTPA. Fourth, in their tort claims, Plaintiffs improperly seek to recover economic damages -- including the cost of repairing their homes -- in violation of the economic loss rule. Under the economic loss rule, Plaintiffs' tort recovery, if any, is limited to non-economic damages for personal injury and/or injury to other property. Fifth, Plaintiffs cannot state a claim for private nuisance (Count XI) because a private nuisance claim requires conduct on one person's property that causes harm to another person's property. Here, however, Plaintiffs' private nuisance claim is premised entirely on conditions that allegedly exist on the Plaintiffs' own properties. Sixth, Plaintiffs' unjust enrichment claim (Count XII) fails as a matter of law because Plaintiffs have adequate remedies at law and are, in fact, already pursing those remedies in this lawsuit. Seventh, the Court should dismiss Plaintiffs' claim for medical monitoring (Count XIII) because Plaintiffs merely recite, in conclusory fashion, the elements of this cause of action and fail to provide sufficient facts to support the imposition of this limited, equitable remedy. Therefore, the Court should dismiss Counts VI, VII, VIII, IX, XI, XII and XIII of the Complaint.[3]

In addition to dismissing these claims, the Court should strike the Gamboas' and Nelsons' demand for a trial by jury because they expressly waived their right to a jury trial in their respective Agreements. (Gamboas Agreement ¶ 40.1; Nelsons Agreement ¶ 39.1). As a result, the Gamboas' and Nelsons' improper request for a jury trial must be stricken.

---

[3] Although the Lennar Defendants are not moving to dismiss Plaintiffs' claims for breach of contract (Count X) at this time, the Lennar Defendants seek an extension of time to answer that claim until after the Court has ruled on this motion to dismiss.

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

## II.   ARGUMENT

**A.   The Court Should Stay this Construction Defect Action Pending the Gamboas' Compliance with Chapter 558**

The Court should stay this action until all of the Plaintiffs have fully complied with Chapter 558.  Chapter 558 governs all claims for property damage resulting from a construction defect that is alleged to have occurred in the State of Florida.  Chapter 558 contains specific requirements that must be complied with before a claimant (*i.e.,* a property owner) can file a construction defect lawsuit.  If a claimant files a construction defect action without first complying with the requirements of Chapter 558, "on timely motion by a party to the action the court shall stay the action, without prejudice, and the action may not proceed until the claimant has complied with such requirements." Fla. Stat. § 558.003.

This case should be stayed because the Gamboas have not fully complied with Chapter 558.[4]  In particular, the Gamboas never responded to the Lennar Defendants timely written offer to remedy the alleged construction defects.[5]  Pursuant to Florida Statutes § 558.004(7), the Gamboas were required to provide the Lennar Defendants with written notice of whether they were accepting or rejecting this offer within 45 days of receiving the offer.  Because the Gamboas failed to do so, this action must be stayed.  *See* Fla. Stat. § 558.004(7) ("If a claimant initiates an action without first accepting or rejecting the offer, the court shall stay the action upon timely motion until the claimant complies with this subsection.").  Therefore, the Court should stay this action until all the Plaintiffs have properly complied with Chapter 558.

---

[4] The Nelsons and Wasch, who actually did comply with Chapter 558, have already entered into agreements authorizing the Lennar Defendants to repair their homes.  In those agreements, the Nelsons and Wasch released the Lennar Defendants for all claims for any property damage.  Therefore, the Nelsons and Wasch do not have any claims for property damage against the Lennar Defendants.

[5] A copy of the Lennar Defendants' response to the Gamboas' Chapter 558 notice letter is attached hereto as Exhibit "B."

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

**B.**   **Alternatively, the Court Should Dismiss Counts VI, VII, VIII, IX, XI, XII and XIII of Plaintiffs' Complaint**

In the event the Court allows this action to proceed despite the Plaintiffs' failure to comply with Chapter 558, Counts VI, VII, VIII, IX, XI, XII and XIII of Plaintiffs' Complaint should be dismissed because they fail to state claims for relief against the Lennar Defendants.

**1.**   **Motion to Dismiss Standard**

To survive a motion to dismiss, "a plaintiff must plead enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations and internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).

Moreover, while a court must accept as true a plaintiff's well-pled factual allegations, a "district court is not required to accept as true [plaintiff]'s conclusions of law when considering a Rule 12(b)(6) motion to dismiss. On the contrary, the court may make its own determination of the legal issue. . . ." *Solis-Ramirez v. U.S. Dept. of Justice,* 758 F.2d 1426, 1429 (11th Cir. 1985) (internal citation omitted); *Ashcroft,* 129 S. Ct. at 1949 ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). Consequently, "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action," dismissal under Rule 12(b)(6) is warranted. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir. 1993).

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

2.      **Plaintiffs Waived All Implied Warranties in their Agreements**

The Court should dismiss Plaintiffs' claims for breach of the implied warranty of merchantability (Count VI) and breach of the implied warranty of fitness for a particular purpose (Count VII) because the Plaintiffs' Agreements expressly disclaim all implied warranties. Under Florida law, warranty disclaimers are enforceable. *Leasetec Corp. v. Orient Systems, Inc.*, 85 F. Supp. 2d 1310, 1315-16 (S.D. Fla. 1999); *Belle Plaza Condominium Assoc., Inc. v. B.C.E. Dev., Inc.*, 543 So. 2d 239, 240 (Fla. 3d DCA 1989) (defendant condominium developer properly disclaimed by bold and conspicuous disclaimer any and all express or implied warranties).

Here, Plaintiffs' Agreements contain unambiguous disclaimers of all implied warranties. The Gamboas Agreement states:

> SELLER GIVES THE LIMITED WARRANTY EXPRESSLY IN LIEU OF ANY OTHER WARRANTIES, EXPRESS OR IMPLIED. TO THE MAXIMUM EXTENT LAWFUL, AND EXCEPT FOR THE LIMITED WARRANTY, THE SELLER DISCLAIMS ANY AND ALL IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS, FITNESS FOR A PARTICULAR PURPOSE, HABITABILITY, INTENDED USE, WORKMANSHIP, OR CONSTRUCTION RESPECTING THE HOME, COMMON PROPERTIES OF THE COMMUNITY, IF ANY, AND ALL FIXTURES OR ITEMS OF PERSONAL PROPERTY SOLD PURSUANT TO THIS AGREEMENT, OR ANY OTHER REAL OR PERSONAL PROPERTY WHATSOEVER CONVEYED IN CONNECTION WITH THE SALE OF THE PROPERTY, OR LOCATED WITHIN THE COMMUNITY WHETHER ARISING FROM THIS AGREEMENT, USAGE, TRADE, IMPOSED BY STATUTE, COURSE OF DEALING, CASE LAW OR OTHERWISE.

(Gamboa Agreement ¶ 19.1.2) (upper case in original).

The Wasch Agreement states:

> Buyer understands and agrees that Seller is making only those express limited warranties set forth in the homeowner's warranty in the form available for inspection in Seller's sales office and which shall be delivered to the Buyer at closing.    THE EXPRESS LIMITED WARRANTY AND REMEDIES PROVIDED BY SELLER CONSTITUTE THE EXCLUSIVE WARRANTY AND REMEDIES TO BE MADE AVAILABLE BY SELLER AND, EXCEPT WHERE ADDITIONAL WARRANTIES ARE REQUIRED BY APPLICABLE

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

LAW OR REGULATION, ARE IN PLACE OF ALL OTHER GUARANTIES OR WARRANTIES, EXPRESS OR IMPLIED, INCLUDING BUT NOT LIMITED TO WARRANTIES OF WORKMANSHIP, MERCHANTABILITY, HABITABILITY, SUITABILITY AND FITNESS, WHICH ARE HEREBY DISCLAIMED BY SELLER AND WAIVED BY BUYER.

(Wasch Agreement ¶ 15) (upper case in original).

The Nelsons Agreement states:

DURING THE TIME THAT THE LIMITED WARRANTY AND THE 2-10 WARRANTY REMAIN IN EFFECT, ANY IMPLIED WARRANTIES AVAILABLE TO YOU UNDER FEDERAL OR STATE LAW WITH RESPECT TO THE CENTRAL AIR CONDITIONING AND HEATING SYSTEM SHALL REMAIN AVAILABLE TO YOU.  WITH RESPECT TO ALL OTHER COMPONENTS OF YOUR HOME, SELLER GIVES THE LIMITED WARRANTY AND THE 2-10 WARRANTY EXPRESSLY IN LIEU OF ANY OTHER WARRANTIES, EXPRESS OR IMPLIED.  TO THE MAXIMUM EXTENT LAWFUL, AND EXCEPT FOR THE LIMITED WARRANTY AND THE 2-10 WARRANTY, WITH THE EXCEPTION OF ANY IMPLIED WARRANTIES AVAILABLE TO PURCHASER AS TO THE CENTRAL AIR CONDITIONING AND HEATING SYSTEM DURING THE TIME THAT THE LIMITED WARRANTY REMAINS IN EFFECT THE SELLER DISCLAIMS ANY AND ALL IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS, FITNESS FOR A PARTICULAR PURPOSE, HABITABILITY, INTENDED USE, WORKMANSHIP, OR CONSTRUCTION RESPECTING THE HOME, COMMON PROPERTIES OF THE COMMUNITY, IF ANY, AND ALL FIXTURES OR ITEMS OF PERSONAL PROPERTY SOLD PURSUANT TO THE PURCHASE AND SALE AGREEMENT, OR ANY OTHER REAL OR PERSONAL PROPERTY WHATSOEVER CONVEYED IN CONNECTION WITH THE SALE OF THE HOME, OR LOCATED WITHIN THE COMMUNITY WHETHER ARISING FROM THIS AGREEMENT, USAGE, TRADE, IMPOSED BY STATUTE, COURSE OF DEALING, CASE LAW OR OTHERWISE.

(Nelsons Agreement ¶ 18.1.2) (upper case in original).

Because the Agreements expressly disclaim all implied warranties, including the implied warranty of merchantability and the implied warranty of fitness for a particular purpose, Plaintiffs' implied warranty claims fail as a matter of law. *See Xerographic Supplies Corp. v. Hertz Commercial Leasing Corp.*, 386 So. 2d 299, 300 (Fla. 3d DCA 1980) (holding that defendant could not be liable for breach of implied warranty because the agreement

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

conspicuously disclaimed all express and implied warranties).   Therefore, the Court should dismiss Counts VI and VII of the Complaint.

### 3.   Plaintiffs Cannot State a Claim for Breach of the Implied Warranty of Fitness for a Particular Purpose

Even if the Agreements had not disclaimed all implied warranties, Plaintiffs' claim for breach of the implied warranty of fitness for a particular purpose would still be subject to dismissal.  To state a claim for breach of an implied warranty of fitness for a particular purpose, the plaintiff must allege a particular or unusual use different from the purpose for which the item sold is ordinarily used.  *Fred's Excavating & Crane Service, Inc. v. Continental Ins. Co.*, 340 So. 2d 1220, 1220 (Fla. 4th DCA 1976) ("We find no error in the trial court's dismissal of Count III, which attempted to allege a cause of action for breach of an implied warranty of fitness for a particular purpose, because Count III fails to allege a particular or unusual use different from the purpose for which the item sold is ordinarily used."); *McGraw v. Fleetwood Enterprises, Inc.*, No. 6:07-234-Orl-28DAB, 2007 WL 2225976, at *2 (M.D. Fla. Aug. 1, 2007) (dismissing breach of implied warranty of fitness for a particular purpose claim because "Plaintiff has not identified the 'particular purpose' for which the motor home was not fit; such an allegation is required under Florida law").  A particular purpose "envisages a specific use by the buyer which is peculiar to the nature of his business whereas the ordinary purposes for which the goods are used are those envisaged in the concept of merchantability and go to uses which are customarily made of the goods in question." *Ryan v. Atlantic Fertilizer & Chemical Co.*, 515 So. 2d 324, 326 (Fla. 3d DCA 1987).

Here, Plaintiffs have not alleged that the allegedly defective Chinese-manufactured drywall was unfit for a particular or unusual use different from the purpose for which drywall is ordinarily used.  Although Plaintiffs allege that the drywall was not fit for the "specific purpose

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

of installing in the Plaintiffs' and Class Members' homes as a building material," (Compl. at ¶ 209), this is not a particular purpose different from the purpose for which drywall is ordinarily used. Indeed, as Plaintiffs acknowledge in their Complaint, drywall is customarily used as a building material in homes. (*See* Compl. at ¶¶ 37-39). Therefore, because Plaintiffs cannot show that the drywall was being used for a particular purpose different from its ordinary use, Plaintiffs' claim for breach of implied warranty of fitness for a particular purpose must be dismissed. *Fred's Excavating & Crane Service, Inc.*, 340 So. 2d at 1220.

Moreover, even if Plaintiffs could show that the drywall was being used for a particular purpose, Plaintiffs cannot show that the drywall was not fit for its intended use. As this Court recently recognized, "the Chinese drywall in the instant matter is operating as intended–as an interior wall and/or ceiling, a room divider, a shell for insulation and wiring, and a base for hanging various items, such as fixtures and decorative items. It is not crumbling, deteriorating or failing to serve its intended purpose." (Order & Reasons [D.E. 741], at pp. 18-19). To the contrary, the "Chinese drywall stands just as any other functioning drywall, serving its intended structural purpose." (*Id.* at p. 23); *see also In re Chinese Drywall Litig.*, No. 09-200,000 CA 42 (Fla. 11th Jud. Cir. Dec. 18, 2009) (order denying motions to dismiss) (concluding that the drywall has not "fail[ed] at its general purpose and function"). Therefore, Plaintiffs' claim for breach of implied warranty of fitness for a particular purpose fails as a matter of law and must be dismissed.

**4. Count VIII Fails to State a Claim Under FDUTPA**

The Court should dismiss Plaintiffs' claim under FDUTPA. To state a claim under FDUTPA, a plaintiff must establish the following: (i) a deceptive or unfair practice; (ii) causation; and (iii) actual damages. *See, e.g., Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla.

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

2d DCA 2006).  In bringing an FDUTPA claim, "a plaintiff must do more than merely allege in a conclusory fashion that a defendant's actions constituted an 'unfair or deceptive act' or that the defendant acted 'wrongfully, unreasonably and unjustly' and for a 'deceptive and improper purpose.'"  *Infinity Global, LLC v. Resort at Singer Island, Inc.*, No. 07-80690-CIV, 2008 WL 1711535, at *4 (S.D. Fla. April 10, 2008) (finding that plaintiff failed to state a claim under FDUTPA) (citations omitted).

As the basis for their FDUTPA claim, Plaintiffs merely allege that the "Defendant's acts and omissions as well its failure to use reasonable care in this matter as alleged in the Complaint equals unconscionable acts or practices, as well as deceptive and unfair acts or practices. . . ." (Compl. at ¶ 219).  Plaintiffs do not identify the specific conduct of the Lennar Defendants that was allegedly deceptive or unfair, or how this unidentified conduct constituted an unfair or deceptive act.  Instead, Plaintiffs' allegations are nothing more than bare legal conclusions, which are insufficient to state a claim under FDUTPA. *Infinity Global, LLC*, 2008 WL 1711535, at *4; *Twombly*, 550 U.S. at 555.

Moreover, even if Plaintiffs had alleged sufficient facts to support an FDUTPA claim, Plaintiffs fail to allege damages that are recoverable under FDUTPA.  FDUTPA is "intended to protect a consumer from unfair or deceptive acts or practices which diminish the value or worth of the goods or services purchased by the consumer" and authorizes a consumer to recover actual damages for a violation of FDUTPA.  *Urling v. Helms Exterminators, Inc.*, 468 So. 2d 451, 454 (Fla. 1st DCA 1985); Fla. Stat. § 501.211(2).  The measure of actual damages is "the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered . . . ." *Urling*, 468 So. 2d at 454.  Where a plaintiff has failed to allege a recoverable loss under FDUTPA (*i.e.,* actual

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

damages), the claim is subject to dismissal. *See Smith v. 2001 South Dixie Highway, Inc.*, 872 So. 2d 992, 994 (Fla. 4th DCA 2004) ("We conclude that the trial court was correct in dismissing appellant's complaint because appellant did not allege a recoverable loss under the statute and, therefore, failed to state a cause of action.").

In this case, Plaintiffs are not seeking actual damages. Rather, Plaintiffs plead only special and consequential damages, including the costs to repair their homes and replace the other property allegedly damaged by the defective drywall, and diminution in value damages. (Compl. at ¶¶ 223-224). However, these damages are not recoverable under FDUTPA. *Urling*, 468 So. 2d at 454 (denying cost spent repairing damages caused by termites because it "constitutes special or consequential damages which fall outside the statutory concept as defined in section 501.211, Florida Statutes"); *Kia Motors America Corp. v. Butler*, 985 So. 2d 1133, 1140 (Fla. 3d DCA 2008) (noting that "FDUTPA 'actual damages' do not include consequential damages, such as repair damages or resale damages"); *Rollins, Inc.*, 951 So. 2d at 869-70 ("the recovery afforded under FDUTPA does not include diminution in value or stigma damages"). Nor are damages to "property other than the property that is the subject of the consumer transaction." Fla. Stat. § 501.212(3); *Rollins, Inc. v. Heller*, 454 So. 2d 580, 584-85 (Fla. 3d DCA 1984) (denying recovery for items stolen due to defective burglary alarm system because FDUTPA "only allows recovery of damages related to the property which was the subject of the consumer transaction"). Therefore, because Plaintiffs have failed to plead actual damages and are instead seeking damages that are not recoverable under FDUTPA, the court should dismiss Plaintiffs' FDUTPA claim. *Smith*, 872 So. 2d at 994.

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

### 5.   Plaintiffs' Improperly Seek Economic Damages in Tort

In their tort claims against the Lennar Defendants  (*i.e.,* negligence (Count IX) and private nuisance (Count XI)), Plaintiffs improperly seek economic damages that are barred by the economic loss rule.  The economic loss rule is a judicially created doctrine that prohibits recovery in tort when the damages suffered are purely economic losses.  *Indemnity Ins. Co. of North America v. American Aviation, Inc.*, 891 So. 2d 532, 536 (Fla. 2004).  Economic losses are broadly defined as the loss of the benefit of the bargain, and include "damages for inadequate value, costs of repair or replacement of the defective product, or consequent loss of profits." *Casa Clara Condominium Assoc, Inc. v. Charley Toppino & Sons, Inc.*, 620 So. 2d 1244, 1246 (Fla. 1993).

As this Court recently recognized, where, as here, the parties are in contractual privity, the economic loss rule "provides that parties in privity are barred from bringing a tort action for economic damages, unless the economic damage is a result of a tort committed independently of the contract breach. . . ."  (Order & Reasons [D.E. 741], at p. 30).  Otherwise, a plaintiff could "circumvent the contractual agreement by . . . seeking a better bargain that originally made." *Indemnity Ins. Co.*, 891 So. 2d at 536.

Here, Plaintiffs have not alleged a tort independent of their breach of contract claim.  The underlying conduct in support of Plaintiffs' tort claims against the Lennar Defendants is the allegation that the Lennar Defendants built and sold homes that contain defective Chinese-manufactured drywall.  However, this is the same conduct that forms the basis of Plaintiffs' breach of contract claims against the Lennar Defendants.  Similarly, Plaintiffs are seeking the same economic damages in both their tort and breach of contract claims.  (*Compare* Compl. at ¶¶ 227-228 and 244-245 *with* Compl. at ¶¶ 236-237).  Therefore, Plaintiffs may not seek economic

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 |  Fax 305.579.0717 | www.gtlaw.com

damages in tort for alleged conduct that is indistinguishable from the acts that support Plaintiffs'

claims for breach of contract. *Premix-Marbletite Mfg. v. SKW Chems., Inc.*, 145 F. Supp. 2d

1348, 1359 (S.D. Fla. 2001) ("when the actions complained of relate directly to the subject

matter of the parties' agreement, or are interwoven with the agreement, no independent tort exists

and the economic loss rule applies"); *Ginsberg v. Lennar Fla. Holdings, Inc.*, 645 So. 2d 490,

494 (Fla. 3d DCA 1994) ("Where damages sought in tort are the same as those for breach of

contract a plaintiff may not circumvent the contractual relationship by bringing an action in

tort."); *Weimar v. Yacht Club Point Estates, Inc.*, 223 So. 2d 100, 103 (Fla. 4th DCA 1969) ("no

cause of action in tort can arise from a breach of a duty existing by virtue of contract").

Moreover, even if Plaintiffs had alleged a tort independent of their breach of contract

claim, Plaintiffs' damages, if any, would be limited to non-economic damages for personal injury

and damage to other property. *Indemnity Ins. Co.*, 891 So. 2d at 541 (the economic loss rule

"expressly limit[s] tort liability with respect to defective products to injury caused to persons or

damage to property other than the defective product itself").  For example, in *Casa Clara*,

homeowners brought negligence actions against a supplier of defective concrete that was

integrated into the plaintiffs' homes.  *Casa Clara*, 620 So. 2d at 1245.  In holding the negligence

claims barred under the economic loss rule, the Florida Supreme Court stated:

> The homeowners also argue that Toppino's concrete damaged "other" property
> because the individual components and items of building material, not the homes
> themselves, are the products they purchased.  We disagree.  The character of a
> loss determines the appropriate remedies, and, to determine the character of loss,
> one must look to the product purchased by the plaintiff, not the product sold by
> defendant.  *King v. Hilton-Davis*, 855 F.2d 1047 (3d Cir. 1988).  Generally,
> house buyers have little or no interest in how or where the individual
> components of a house are obtained.  They are content to let the builder produce
> the finished product, i.e., a house.  These homeowners bought finished products-
> dwellings-not the individual components of those dwellings.  They bargained for
> the finished products, not their various components.  The property became an
> integral part of the finished product and, thus, did not injure "other" property".

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

*Id.* at 1247-48.

As in *Casa Clara*, the Plaintiffs purchased the homes, not the individual components of the homes such as the allegedly defective drywall. The economic loss rule therefore bars the Plaintiffs from seeking to recover damages for, among other things, "replacement/repair of their homes" and "the removal and replacement of all of the drywall contained in their homes." (Compl. at ¶ 227). Plaintiffs' tort recovery, if any, is limited to non-economic damages for personal injuries and damages to other property. Therefore, Plaintiffs should be required to replead their tort claims to seek only those non-economic damages that may be recoverable.

**6.      Plaintiffs Cannot State a Claim for Private Nuisance**

Plaintiffs' claim for private nuisance (Count XI) should be dismissed. "[T]he law of private nuisance is bottomed on the fundamental rule that every person should use his own property as not to injure that of another." *Jones v. Trawick*, 75 So. 2d 785, 787 (Fla. 1954). "Nuisance, in law, for the most part consists of using one's property as to injure the land or some incorporeal right of one's neighbor." *Beckman v. Marshall*, 85 So. 2d 552, 554 (Fla. 1956). Stated differently, a claim for private nuisance requires conduct on one person's property that causes harm to another person's property.

In this case, Plaintiffs' private nuisance claim is premised entirely on the allegation that the Lennar Defendants built the Plaintiffs' homes using defective Chinese-manufactured drywall. There are no allegations of conduct on one property causing damages to another property. Instead, all of the alleged conduct occurred solely on the Plaintiffs' own properties, and existed at the time the Plaintiffs purchased their homes. As such, Plaintiffs fail to state a claim for private nuisance. *See Morgan v. W.R. Grace & Co.-Conn*, 779 So. 2d 503, 507 (Fla. 2d DCA 2000) ("we conclude that Ms. Morgan has not alleged a theory of nuisance, entitling her to

14

monetary damages, based upon an alleged condition on her own property, which existed at the time she purchased the land"). Therefore, the Court should dismiss Count XI of the Complaint.

### 7. Plaintiffs Cannot State a Claim for Unjust Enrichment Because They Have Adequate Remedies at Law

Plaintiffs' unjust enrichment claim (Count XII) fails as a matter of law. It is well settled in Florida that "unjust enrichment is equitable in nature and is, therefore, not available where there is an adequate legal remedy." *Bowleg v. Bowe*, 502 So. 2d 71, 72 (Fla. 3d DCA 1987) (dismissing unjust enrichment count because plaintiff had a contractual remedy). Consequently, an unjust enrichment claim must fail upon a showing that an express contract exists. *Id.*; *Garcia v. Cosicher*, 504 So. 2d 462, 463 n.2 (Fla. 3d DCA 1987) (action based on quantum meruit theory failed "in light of express contract between the parties").

Here, Plaintiffs' claim for unjust enrichment must fail because express contracts exist between the parties. (*See* Compl. at ¶¶ 231-237, Breach of Contract (Count X) and Composite Exh. A hereto). Moreover, Plaintiffs unquestionably have adequate remedies at law, and are, in fact, already pursuing those remedies in this case. Indeed, Plaintiffs are seeking the same relief in their unjust enrichment count as they are in almost every other count in the Complaint, namely economic damages as a result of the allegedly defective drywall. (*Compare* Compl. at ¶ 251 *with* Compl. at ¶ 236). Therefore, because Plaintiffs have adequate remedies at law, their unjust enrichment claim fails as a matter of law and the Court should dismiss Count XII of the Complaint.

### 8. The Complaint Fails to State a Claim for Medical Monitoring

In Count XIII of the Complaint, Plaintiffs ask the Court for equitable and injunctive relief, including requiring the Lennar Defendants to "create, fund, and support a medical monitoring program." (Compl. at ¶ 257). Medical monitoring is an equitable remedy that is

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

available in only limited circumstances. *Petito v. A.H. Robins Co., Inc.*, 750 So. 2d 103, 108 (Fla. 3d DCA 1999). A trial court may use its equitable powers to create and supervise a medical monitoring program if a plaintiff proves the following seven elements:

> (1) exposure greater than normal background levels;
> (2) to a proven hazardous substance;
> (3) caused by the defendant's negligence;
> (4) as a proximate result of the exposure, plaintiff has a significantly increased risk of contracting a serious latent disease;
> (5) a monitoring procedure exists that makes the early detection of the disease possible;
> (6) the prescribed monitoring regime is different from that normally recommended in the absence of the exposure; and
> (7) the prescribed monitoring regime is reasonably necessary according to contemporary scientific principles.

*Id.* at 106-07.

Here, Plaintiffs have failed to plead sufficient facts to support their medical monitoring claim. For instance, Plaintiffs do not plead any facts to support their conclusory statements that: (i) the "method and means for diagnosing the Plaintiffs and Class Members potential medical problems are well accepted in the medical and scientific community" (Compl. at ¶ 263); (ii) "[m]onitoring procedures exist that makes the early detection of any latent disease possible" (*Id.* at ¶ 265); and (iii) "the prescribed monitoring regime is reasonably necessary according to contemporary scientific principles." (*Id.* at ¶ 266). Plaintiffs likewise fail to identify the purported monitoring procedures that can allegedly detect the alleged latent diseases.

Simply put, Plaintiffs' allegations do nothing more than recite in a conclusory fashion the elements of a medical monitoring claim. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 555 ("a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

elements of a cause of action will not do").  Therefore, the Court should dismiss Count XIII of the Complaint.

**C.       The Court Should Strike Plaintiffs' Demand for a Trial by Jury**

In addition to dismissing the Complaint, the Court should strike the Gamboas' and Nelsons' demand for a trial by jury because they expressly waived their right to a jury trial in their respective Agreements.  In particular, both the Gamboas and Nelsons agreed that any claim "shall be heard by a judge in a court proceeding and not a jury."  (Gamboas Agreement ¶ 40.1; Nelsons Agreement ¶ 39.1).  Therefore, the Gamboas' and Nelsons' improper demand for a jury trial should be stricken.  *See Palomares v. Ocean Bank of Miami*, 574 So. 2d 1159, 1160 (Fla. 3d DCA 1991) (upholding the validity of a contractual waiver of jury trial).

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

### III.    CONCLUSION

For all the foregoing reasons, the Court should stay this action pending the Plaintiffs' compliance with Florida Statutes Chapter 558.  Alternatively, the Court should dismiss Counts VI, VII, VIII, IX, XI, XII and XIII of Plaintiffs' Complaint, strike the Gamboas' and Nelsons' improper demand for a trial by jury, and grant such other and further relief as this Court deems just and proper.

Dated: January 27, 2010

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
*Attorneys for  Lennar Homes, LLC and U.S.*
*Home Corporation*
1221 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile:  (305) 579-0717
E-mail: bassh@gtlaw.com
E-Mail: salkym@gtlaw.com


By:    s/ Mark A. Salky
          HILARIE BASS
          Florida Bar No. 334323
          MARK A. SALKY
          Florida Bar No. 058221

18

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **Defendants Lennar Homes, LLC's and U.S. Home Corporation's Motion to Stay Pending Plaintiffs' Compliance with Chapter 558 Or, Alternatively, to Dismiss Plaintiffs' Complaint and Strike Demand for a Trial by Jury and Incorporated Memorandum of Law** has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, on this 27th day of January, 2010.

s/ Mark A. Salky
MARK A. SALKY

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

Printed on 11/02/2009

# Judicial Panel on Multidistrict Litigation - Panel Service List
## for
## MDL 2047 - IN RE: Chinese-Manufactured Drywall Products Liability Litigation

**\*\*\* Report Key and Title Page \*\*\***

Please Note: This report is in alphabetical order by the last name of the attorney. A party may not be represented by more then one attorney. See Panel rule 5.2(c).

**Party Representation Key**
 \* Signifies that an appearance was made on behalf of the party by the representing attorney.
 # Specified party was dismissed in some, but not all, of the actions in which it was named as a party.
 All counsel and parties no longer active in this litigation have been suppressed.

**This Report is Based on the Following Data Filters**
 Docket: 2047 - Chinese-Manufactured Drywall PL
 For Open Cases

**Judicial Panel on Multidistrict Litigation - Panel Service List**                        Page 1

Docket:  2047 - IN RE: Chinese-Manufactured Drywall Products Liability Litigation
Status:  Transferred on 06/15/2009
Transferee District:  LAE      Judge:  Fallon, Eldon E.                    Printed on 11/02/2009

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|

Atlas, Jan Douglas
ADORNO & YOSS LLP
350 East Las Olas Blvd
Suite 1700
Fort Lauderdale, FL 33301-4217

=>**Phone: (954) 763-1200  Fax: (954) 766-7800  Email: jda@adorno.com**
Banner Supply Co.*

Bass, Hilarie
GREENBERG TRAURIG LLP
1221 Brickell Avenue
Miami, FL 33131

=>**Phone: (305) 579-0500  Fax: (305) 579-0717  Email: bassh@gtlaw.com**
Lennar Corp.*; Lennar Homes, LLC fka Lennar Homes, Inc.*; U.S. Home Corp.*

Baumann, Gary F.
FULMER LEROY ALBEE BAUMANN & GLASS
2866 East Oakland Park Blvd.
Ft. Lauderdale, FL 33306

=>**Phone: (954) 707-4430  Fax: (954) 707-4431  Email: gbaumann@fulmerleroy.com**
Independent Builders Supply Association, Inc.*

Becnel, Jr, Daniel E.
BECNEL LAW FIRM LLC
106 West Seventh Street
P.O. Drawer H
Reserve, LA 70084

=>**Phone: (985) 536-1186  Fax: (985) 536-6445  Email: dbecnel@becnellaw.com**
Donaldson, Jill M.; Oertling, John

Boldt, Kimberly L.
ALTERS BOLDT BROWN RASH & CULMO PA
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137

=>**Phone: (305) 571-8550  Fax: (305) 571-8558  Email: kimberly@abbrclaw.com**
Barrozo, Hector*; DeBarrozo, Maria Ines Pinar*; Garcia, Angela*; Garcia, Lorena*

Briscoe, Edward J.
FOWLER WHITE BURNETT PA
Espirito Santo Plaza
1395 Brickell Avenue
14th Floor
Miami, FL 33131-3302

=>**Phone: (305) 789-9200  Fax: (305) 789-9201  Email: EJB@Fowler-White.com**
Black Bear Gypsum Supply, Inc.*

Burge, S. Greg
BURR & FORMAN LLP
420 North 20th Street
Suite 3400
Birmingham, AL 35203

=>**Phone: (205) 458-5101  Fax: (205) 244-5612  Email: gburge@burr.com**
Rightway Drywall, Inc.*

Casper, Christopher C.
JAMES HOYER NEWCOMER & SMILJANICH PA
One Urban Centre
4830 West Kennedy Boulevard
Suite 550
Tampa, FL 33609-2589

=>**Phone: (813) 286-4100  Fax: (813) 286-4174  Email: ccasper@jameshoyer.com**
Culliton, Kristin Morgan*

Note: Please refer to the report title page for complete report scope and key.

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Cole, Susan J.<br>BICE COLE LAW FIRM PL<br>999 Ponce de Leon Boulevard<br>Suite 710<br>Coral Gables, FL 33134 | =>Phone: (305) 444-1225  Fax: (305) 446-1598  Email: cole@bicecolelaw.com<br>L&W Supply Corp. dba Seacoast Supply*; USG Corp.* |
| Coutroulis, Chris S.<br>CARLTON FIELDS PA<br>P.O. Box 3239<br>4221 West Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33601-3239 | =>Phone: (813) 223-7000  Fax: (813) 229-4133  Email: ccoutroulis@carltonfields.com<br>M/I Homes, Inc.* |
| Diaz, Jr., Victor Manuel<br>PODHURST ORSECK PA<br>City National Bank Building<br>Suite 800<br>25 W. Flagler Street<br>Miami, FL 33130 | =>Phone: (305) 358-2800  Fax: (305) 358-2382  Email: vdiaz@podhurst.com<br>Green, Dajan*; Morris-Chin, Janet* |
| Duplantier, Jr., Richard G.<br>GALLOWAY JOHNSON TOMPKINS BURR & SMITH<br>701 Poydras Street<br>Suite 4040<br>New Orleans, LA 70139-1200 | =>Phone: (504) 525-6802  Fax: (504) 525-2456  Email: duplantier@gjtbs.com<br>Interior Exterior Building Supply* |
| Gilman, Kenneth G.<br>GILMAN & PASTOR LLP<br>6363 Highcroft Drive<br>Naples, FL 34119 | =>Phone: (239) 213-9960  Fax: (239) 213-9946  Email: kgilman@gilmanpastor.com<br>Ankney, Duane |
| Knauf Gips KG,<br>Ridham Dock, Kemsley<br>Sittingbourne, Kent ME 9 8SR, UK | =><br>Gebr Knauf Verwaltungsgesellschaft KG; Knauf Gips KG |
| Knauf Plasterboard,<br>North Yinhe Bridge, East Jingjin Road<br>Beichen District<br>Tianjin, China 300400 P.R.C. | =><br>Knauf Plasterboard (Tianjin) Co., Ltd. |
| Knauf Plasterboard,<br>No. 2 Gang Wan Road<br>RC-241009 Whuhu Anhui, China | =><br>Knauf Plasterboard (Dongguan) Co., Ltd.; Knauf Plasterboard (Wuhu) Co., Ltd. |
| Knauf Plasterboard,<br>No. 2 Xinsha Development Zone<br>RC-52347 Guangdong, China | =><br>Knauf Plasterboard (Dongguan) Co., Ltd. |
| La Suprema Enterprise,<br>2221 NE 164th Street<br>Suite 335<br>North Miami Beach, FL 33160 | =><br>La Suprema Enterprise, Inc. |

Note: Please refer to the report title page for complete report scope and key.

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| La Suprema Trading, Inc.,<br>2221 NE 164th Street<br>Suite 335<br>N. Miam Beach, FL 33160<br>*** Bad Address *** | =><br>    La Suprema Trading, Inc. |
| Landskroner, Jack<br>LANDSKRONER GRIECO MADDEN LTD<br>1360 West 9th Street<br>Suite 200<br>Cleveland, OH 44113 | =>**Phone: (216) 522-9000  Fax: (216) 522-9007  Email: jack@lgmlegal.com**<br>    Minafri, Steven |
| Levin, Arnold<br>LEVIN FISHBEIN SEDRAN & BERMAN<br>510 Walnut Street<br>Suite 500<br>Philadelphia, PA 19106-3697 | =>**Phone: (215) 592-1500  Fax: (215) 592-4663  Email: alevin@lfsblaw.com**<br>    Martinez, Felix*; Martinez, Jenny*; Niemczura, Walter*; Raphael, Gene*; Santiago, Jason*; Tarzy, Jim*; Vickers, Karin* |
| Nicholas, Steven L.<br>CUNNINGHAM BOUNDS LLC<br>1601 Dauphin Street<br>P.O. Box 66705<br>Mobile, AL 36660 | =>**Phone: (251) 471-6191  Fax: (251) 479-1031  Email: sln@cunninghambounds.com**<br>    Mitchell Co., Inc. (The)* |
| Reise, Jack<br>COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP<br>120 East Palmetto Park Road<br>Suite 500<br>Boca Raton, FL 33432 | =>**Phone: (561) 750-3000  Fax: (561) 750-3364  Email: jreise@csgrr.com**<br>    Riesz, Lawrence*; Schnee, Jennifer* |
| Rothchilt International,<br>N-510 Chia Hsn Bld.<br>Annex 96 Chung Shan N. Rd. Sec. 2<br>Taipei, Taiwan R.O.C.<br>*** Bad Address *** | =><br>    Rothchilt International Ltd. |
| Schwartz, Steven G.<br>SCHWARTZ & HORWITZ PLC<br>6751 North Federal Highway<br>Suite 400<br>Boca Raton, FL 33487 | =>**Phone: (561) 395-4747  Fax: (561) 367-1550  Email: sgs@sandhlawfirm.com**<br>    South Kendall Construction Corp.* |
| Sivyer, Neal A.<br>SIVYER BARLOW & WATSON PA<br>401 East Jackson Street<br>Suite 2225<br>Tampa, FL 33602 | =>**Phone: (813) 221-4242  Fax: (813) 227-3598**<br>    Taylor Morrison Services, Inc. dba Morrison Homes; Taylor Woodrow Communities at Vasari, LLC* |
| Spivey, W. Edgar<br>KAUFMAN & CANOLES PC<br>150 W Main Stree<br>Norfolk, VA 23510 | =>**Phone: (757) 624-3000  Fax: (757) 624-3169  Email: wespivey@kaufcan.com**<br>    Dragas Management Corp.* |

Note: Please refer to the report title page for complete report scope and key.

*(Panel Attorney Service List for MDL 2,047 Continued)*

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
| --- | --- |

Steckler, Bruce
BARON & BUDD
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219-4281

=>**Phone: (214) 521-3605  Fax: (214) 520-1181  Email: bsteckler@baronbudd.com**
  Foster, Katherine L.*

Taishan Gypsum Co., Ltd.,
Dawenkou, Taian
Shandong, China 271026

=>
  Taishan Gypsum Co., Ltd. fka Shandong Taihe Dongxin Co., Ltd.

Weinstein, Scott Wm.
MORGAN & MORGAN PA
12800 University Drive
Suite 600
Fort Myers, FL 33907

=>**Phone: (239) 433-6880  Fax: (239) 433-6836  Email: sweinstein@forthepeople.com**
  Allen, Nicole J.*; Allen, Shane M.*

Note: Please refer to the report title page for complete report scope and key.