## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE:  CHINESE-MANUFACTURED DRYWALL
    PRODUCTS LIABILITY LITIGATION

MDL NO. 09-2047
SECTION: L
JUDGE FALLON
MAG. JUDGE
WILKINSON

•••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

THIS DOCUMENT RELATES TO:
DAVID GROSS, ET AL V. KNAUF GIPS KG, ET AL, CASE NO. 09-6690

## MAZER'S DISCOUNT HOME CENTERS, INC'S
## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

### I.    PROCEDURAL HISTORY

On October 7, 2009, Plaintiffs, David Gross, Cheryl Gross (the "Grosses"), and Louis Velez ("Velez"), who reside in Louisiana, directly filed this class action complaint against 90 named defendants and 20 fictitious defendants, including Mazer Discount Home Centers, Inc., ("Mazer's") in the United States District Court for the Eastern District of Louisiana invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and the Class Action Fairness Act 28 U.S. C. § 1711 *et seq.*   Plaintiffs amended their complaint on October 19, 2009 ("Complaint").  This Court imposed a stay of discovery by Pretrial Order No. 1 in order to organize the MDL structure.  Pretrial Order No. 1 was modified by Pretrial

Order No. 1A to permit effectuation of service. Although there is some evidence to the contrary, the stay in *Gross* was arguably lifted by Pretrial Order No. 1D with respect to responsive pleadings on January 8, 2010.

## II.   THE ALLEGATIONS AGAINST MAZER'S

Plaintiffs allege that certain of the 90 named defendants manufactured, sold, distributed, marketed, and placed within the stream of commerce, gypsum drywall, with the expectation that the drywall would be purchased by consumers of various states, including, but not limited to, Louisiana, Alabama, Florida, Mississippi, Texas, North Carolina, and Virginia. (See Complaint ¶ 18) Plaintiffs allege that defective drywall was used to remodel their homes located in New Orleans, Louisiana which has caused them to suffer damages. (Complaint ¶ 3, 7, 8, 14)

The Grosses allege that they remodeled their home after Hurricane Katrina, and that the repair of their home was completed in December 2006. (Complaint ¶ 9, 10) Hurricane Katrina first impacted Louisiana on August 29, 2005.[1] Velez does not provide the dates that the drywall was installed in his home, but states only that the remodeling occurred approximately "two years ago." (Amended Complaint ¶ 4) Since the original complaint was filed on October 7,

---

[1] A Louisiana state court has taken judicial notice of the date of Hurricane Katrina. *In re Family Adoption of A.G.T.,* 956 So. 2d 641 (La. App. 2007).

2009, presumably Velez' remodeling and installation of drywall occurred in 2007. (Complaint ¶ 3, 4)  Therefore, the relevant time period for the alleged installation of drywall in the Gross and Velez homes is from August 29, 2005 through 2007.

Plaintiffs do not know who manufactured or distributed the drywall that is allegedly installed in their homes.  The Grosses admit that they do not know who manufactured or sold the drywall in their home.  (Complaint ¶ 11)  They allege that the product bears "made in China" markings.  (Complaint ¶ 12)  Velez suspects that the drywall in his home was manufactured in China because of several instances of alleged corrosion, bad odors, and because a renter in his home has complained of headache and "other personal injuries."  (Complaint ¶ 6)  Plaintiffs do not allege that Mazer's sold them the drywall used to remodel their homes.  Instead, Plaintiffs make the following vague and inaccurate allegation against Mazer's:

> 133.  Defendant Mazer's Discount Home Centers, Inc. is a Delaware corporation with a principal place of business located in Wilmington, De.  Mazer's Discount Home Centers, Inc is a supplier of drywall and related building products.  By information and belief, Mazer's Discount Home Centers, Inc. supplied the drywall at issue in this litigation in certain of the affected states. (emphasis added)

As is evidenced by the affidavit of Michael Mazer ("Mazer"), Mazer's President (which affidavit is attached hereto as Exhibit "A"), Mazer's only place of business is in Birmingham, Alabama.  (Exhibit "A" ¶ 3)  Mazer's is a retail store,

and it has never had a location outside Jefferson County, Alabama (Exh. "A" ¶ 5). Mazer's business records reveal that Mazer's did not make any sales or delivery of drywall to Plaintiffs, and that Mazer's never purchased, supplied, or delivered any drywall to any other person or entity in Louisiana. (Exh. "A" ¶ 6) Moreover, Mazer has testified that:

- Mazer's has never sought a business license nor been licensed to conduct business in Louisiana; (Exh. "A" ¶ 7)

- Mazer's has never maintained a business listing, telephone number, or business address in Louisiana; (Exh. "A" ¶ 8)

- Mazer's has never owned any real property in Louisiana; (Exh. "A" ¶ 9)

- Mazer's has never maintained or operated any factories, warehouses, or offices in Louisiana; (Exh. "A" ¶ 10)

- Mazer's has never advertised in Louisiana; (Exh. "A" ¶ 11)

- Mazer's has never marketed or promoted sales of any products in Louisiana; (Exh. "A" ¶ 12) and

- Mazer's has never maintained bank accounts in Louisiana. (Exh. "A" ¶13)

## III.  CHOICE OF LAW

Because Plaintiffs have invoked federal jurisdiction, this Court must apply the substantive law of Louisiana and federal procedural law. *Erie RR Co. v. Tomkins,* 304 U. S. 64, 78-79 (1938); *Hanna v. Plumer,* 380 U. S. 460, 473 (1965).

State substantive law includes Louisiana's choice of law principles.  *Klaxon v. Stentor Electric. Mfg. Co.,* 313 U.S. 487, 496 (1941).

This Court has previously held that actions filed directly into an MDL in Louisiana "by citizens who reside in the MDL court's judicial district … would have been filed [in Louisiana] whether or not an MDL existed in [Louisiana]. In these cases, the MDL court must apply its own state law, that is, the law of the state in which it sits.  It is undisputed that the MDL court has complete authority over every aspect of these cases." *In re Vioxx Products Liability Litigation,* 478 F. Supp. 2d 897, 903 (E.D. La. 2007).  Therefore, Louisiana law applies to this case.[2]

## IV.   STANDARD ON MOTION TO DISMISS

When considering this motion to dismiss pursuant to Fed. R. Civ. Rule 12(b)(2) and 12(b)(6), this Court must consider the allegations contained in the Plaintiff's complaint as true, **unless those allegations are controverted by the defendant's affidavit.**  *Thomas v. Kennedy,* 75 Fed. Appx. 281, 283-4 (5th Cir. 2003) (unpublished) *citing Asarco, Inc. v. Glenara Ltd.,* 912 F. 2d 784, 785, (5th Cir. 1990) (emphasis added).

---

[2]      Even if Alabama law applied, Mazer is due to be dismissed for lack of personal jurisdiction, because both Louisiana's and Alabama's long-arm statutes extend due process to the fullest extent permitted by federal due process. *Davis v. Dempster,* 790 So. 2d 43, 46 (La. App. 2000) *writ denied* 785 So. 2d 830 (La. 2001); *Ex parte McInnis,* 820 So. 2d 795 (Ala. 2001) *cert. denied* 535 U.S. 1077 (2002).  *See e.g. In re Bausch & Lomb, Inc.,* 2007 WL 3046682 at *3 (D. S. C. Oct. 11, 2007) in which the court did not determine which substantive law applied, because there was no conflict among the states. *Id.* at *3.

## V.   THIS ACTION IS DUE TO BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

### A.   Under Louisiana's Long-Arm Statute, and Applicable Federal Law, Plaintiffs' Claims Must be Dismissed.

"In diversity actions ... the law of the forum state, subject to the Constitutional limits imposed by the Due Process Clause, controls the ability of a district court to exercise personal jurisdiction over nonresident defendants." *Harper Macleod Solicitors v. Keaty & Keaty*, 260 F. 3d 389, 396 (5th Cir. 2001) citing *Southmark Corp. v. Life Investors, Inc.,* 851 F. 2d 763, 722 n. 15 (5th Cir. 1988) and *Stuart v. Spademan*, 722 F. 2d 1158, 1189 (5th Cir. 1985).

The Louisiana long-arm statute, La. R.S. 13:3201(A) and (B), describes the circumstances under which a Louisiana court may exercise personal jurisdiction over a nonresident defendant such as Mazer's:

> A.   A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
> (1)  Transacting any business in this state.
> (2)  Contracting to supply services or things in this state.
> (3)  Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.
> (4)  Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.

B.  In addition to the provision of Subsection A, <u>a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the Constitution of this state and of the Constitution of the United States</u>. (emphasis added)

<u>La. R.S. 13:3201</u>(B) ensures that the long-arm jurisdiction of a Louisiana court extends to the limits permitted by the Due Process Clause of the Fourteenth Amendment. *Superior Supply Co. v. Associated Pipe and Supply Co.,* 515 So. 2d 790, 792 (La. 1987). In *Superior Supply,* the court stated that under "the express terms of the present long-arm statute, the sole inquiry into jurisdiction over a nonresident is a one-step analysis of the constitutional due process requirements. If the assertion of jurisdiction meets the constitutional requirements of due process, jurisdiction is authorized under the long-arm statute." *Id.* (citing *Petroleum Helicopters, Inc. v. Avco Corp.,* 513 So. 2d 1188, 1192 (La. 1987). *See also Puckett v. Advance Sports, Inc.,* No. 2009 CA 0507, 2009 WL 3430283 (La. App. 1 Cir. Oct. 26, 2009) at *4; *Thomas v. Kennedy, supra,* 75 Fed. Appx. at 283.

**B.      Mazer Is Not Subject to the Jurisdiction of this Court, Because It Has Not Established Minimum Contacts With the State of Louisiana, and Maintaining the Suit in Louisiana Offends Traditional Notions of Fair Play and Substantial Justice.**

A non-resident defendant is not subject to the jurisdiction of this Court unless it has sufficient "minimum contacts" with the State of Louisiana, and maintaining the suit does not offend "traditional notions of fair play and substantial

justice." *Dalton v. R&M Marine, Inc.,* 897 F. 2d 1359, 1361 ( 5th Cir. 1990) citing *International Shoe Co. v. Washington,* 326 U. S. 310, 316 (1945); *LaRocca's Auto Sales Floorplan, Inc. v. Shelton,* No. 09-CA-143 2009 WL 3447606 at *2, (La. App. 5th Cir. Oct. 27, 2009). There are two components to the due process test, they are, "minimum contacts" and "traditional notions of fair play and substantial justice." *Asarco, Inc. v. Glenara Ltd.,* 912 F. 2d 784, 786 (5th Cir. 1990).

### C. Mazer's Does Not Have Minimum Contacts With Louisiana Because Mazer's Has Not Purposefully Availed Itself of the Privilege of Conducting Activities in Louisiana.

Mazer's does not have minimum contacts with the State of Louisiana, because Mazer's has not purposefully availed itself of the privilege of conducting business in Louisiana. (Exhibit "A", attached). For the exercise of personal jurisdiction over Mazer's to be proper, Mazer's must have purposefully established "minimum contacts" with Louisiana such that it invoked the benefits and protections of Louisiana's laws and could reasonably anticipate being hauled into court there. *Id.* at 786. *Asarco, Inc. v. Glenara Ltd., supra,* 912 F. 2d at 786 *citing Asahi Metal Industry Co. v. Superior Court of California,* 489 U.S. 102, 107 (1987) and *Gulf Consolidated Services v. Corinth Pipeworks, S.A.,* 898 F. 2d 1071 (5th Cir. 1990).

The United States Supreme Court has held that

> [i]t is essential in each case that there be some act
> by which the defendant purposefully avails itself
> of the privilege of conducting activities within the forum
> state, thus evoking the benefits and protections of its laws.

*Hanson v. Denckla*, 357 U.S. 235, 253 (1958) citing *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945).  This 'purposeful availment' requirement ensures that a defendant will not be haled into court into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or by the unilateral activity of another party or a third person." *Puckett v. Advance Sports, supra*, at*4, citing *de Reyes v. Marine Mgt and Consulting,* 586 So. 2d 103, 106 (La. 1991); *Alonso v. Line,* 846 So. 2d 745 (La. 2003) cert. denied, 540 U.S. 967 (2003); *Burger King Corporation v. Rudzewicz*, 471 U.S. 462, 475 (1985) citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1985) and *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. at 286, 299 (1980).

Mazer's has not purposefully availed itself of the privilege of doing business in Louisiana.  The undisputed evidence before this Court confirms this fact.  (Exhibit "A").  Specifically:

1.    Mazer's is a Delaware corporation, and its only place of business is in Birmingham, Alabama.  (Exhibit "A" ¶ 3).

2.    Mazer's is a retail store, and it has never had a location outside of Jefferson County, Alabama.  (Exhibit "A" ¶ 5).

3.     Mazer's has never purchased, sold, delivered, or supplied drywall to the Plaintiffs, or to any other person or entity in Louisiana.  (Exhibit "A" ¶ 6).

4.     Mazer's has never sought a business license in Louisiana, or been licensed to conduct business in Louisiana.  (Exhibit "A" ¶ 7).

5.     Mazer's has never maintained a business listing, telephone number, or business address in Louisiana.  (Exhibit "A" ¶ 8).

6.     Mazer's has never owned any real property in Louisiana.  (Exhibit "A" ¶ 9).

7.     Mazer's has never maintained or operated any factories, warehouses, or offices in Louisiana.  (Exhibit "A" ¶ 10).

8.     Mazer's has never advertised in Louisiana.  (Exhibit "A" ¶ 11).

9.     Mazer's has never marketed or promoted sales of any products in Louisiana.  (Exhibit "A" ¶ 12).

10.     Mazer's has never maintained bank accounts in Louisiana.  (Exhibit "A" ¶ 13).

### D.     This Court Does Not Have Specific Jurisdiction or General Jurisdiction Over Mazer.

In *Asarco, Inc. v. Glenara, Ltd. supra,*  the Fifth Circuit Court of Appeals  identified two categories of minimum contacts which give rise to personal jurisdiction over a non-resident defendant such as Mazer's. These categories are specific jurisdiction and general jurisdiction.  Specific jurisdiction

arises when the suit is derived from, or related to, the defendant's purposeful contacts with the forum state. *Asarco*, 912 F. 2d at 786 *citing Dalton v. R&W Marine, supra*, 897 F. 2d at 1361-1362; *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). Louisiana has general jurisdiction over a defendant when the defendant has "continuous and systematic contacts" with the state. *Asarco, supra, at 786.*

There is no basis for subjecting Mazer's to specific jurisdiction in Louisiana. Mazer's President has testified that Mazer's has no record of sales of drywall to the Plaintiffs; in fact, Mazer's has no record of having supplied any drywall to any person or entity in Louisiana. (Exhibit "A" ¶ 6). Clearly, Plaintiffs' alleged injuries were not caused by Mazer's. Therefore, there is no basis for exercising specific personal jurisdiction over Mazer's in Louisiana.

Nor is there any evidence to support a finding of general jurisdiction over Mazer's. Mazer's only place of business is in Birmingham, Alabama, and it has not purposely availed itself of the privilege of conducting activities in Louisiana. (Exhibit "A", attached). Mazer's President has testified that:

1. Mazer's has never sought a business license nor been licensed to conduct business in Louisiana; (Exh. "A" ¶ 7)

2. Mazer's has never maintained a business listing, telephone number, or business address in Louisiana; (Exh. "A" ¶ 8)

3.   Mazer's has never owned any real property in Louisiana; (Exh.  "A" ¶ 9)

4.   Mazer's has never maintained or operated any factories, warehouses, or offices in Louisiana; (Exh. "A" ¶ 10)

5.   Mazer's has never advertised in Louisiana; (Exh. "A" ¶ 11)

6.   Mazer's has never marketed or promoted sales of any products in Louisiana;  (Exh. "A" ¶ 9)

7.   Mazer's has never maintained bank accounts, in Louisiana.  (Exh. "A" ¶ 13).

Therefore, Mazer's cannot be subjected to personal jurisdiction in the State of Louisiana under either the specific or general jurisdiction theories.

## VI.   SUBJECTING MAZER TO PERSONAL JURISDICTION IN THE STATE OF LOUISIANA WOULD OFFEND TRADITIONAL NOTIONS OF FAIR PLAY AND SUBSTANTIAL JUSTICE.

Even where a defendant's contacts with the forum are sufficient to meet the minimum contacts requirement for exercising personal jurisdiction, the Due Process Clause forbids a state court from exercising jurisdiction if doing so would offend "traditional notions of fair play and substantial justice." *International Shoe v. Washington*, 326 U.S. 310, 316 (1945) (*quoting, Milliken v. Meyer,* 311 U.S. 457, 463, (1940)) *See also, Asahi Metal Industry Co., Ltd. v. Superior Court of California,* 480 U.S. 102, 113-14 (1987).

Even if Mazer's had minimum contacts with Louisiana, it would be entirely unfair to require Mazer's to answer this complaint in Louisiana, because Mazer's has not sold, supplied, or delivered any drywall to Plaintiffs, or to any other customers in Louisiana. (Exhibit "A" ¶ 6).

## VII.   PLAINTIFFS HAVE FAILED TO STATE A CAUSE OF ACTION, AND THEY DO NOT HAVE STANDING

The Grosses admit that they do not know who manufactured or sold the drywall which was installed in their home. Their only point of reference is that the drywall allegedly has markings showing that it was made in China. (Complaint ¶ 11, 12) Velez admits that he does not know when the drywall was installed in his home, and he does not even know whether it came from China. (Complaint ¶ 4, 7) He merely suspects that his property has Chinese drywall because of "several instances of corrosion," "bad odors," and, because his tenant has complained of headaches and "other personal injuries." (Complaint ¶ 6)

Plaintiffs have not alleged any facts that link the drywall at issue with Mazer's; thus, their Complaint is based on rank speculation that Mazer's is a proper defendant. Consequently, Plaintiffs' complaint is due to be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) because it does not allege a cause of action against Mazer's. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007.

The United States Supreme Court has recently revisited federal Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly,* supra. In *Twombly*, the Court expressly

overruled *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957) insofar as *Conley* held that dismissal was not available "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly,* 550 U.S. at 563. *Twombly* holds that a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. (*See also Bausch & Lomb, Inc.* 2007 WL 3046682 (D.S.C. Oct. 11, 2007) an MDL action, in which certain of the plaintiff's claims were dismissed because they relied on conclusory statements that the plaintiffs "have been monetarily injured" and did not provide factual allegations to support their legal conclusions).

In *Ashcroft v. Iqbal,* U.S. __, 129 S. Ct. 1937, 1950 (2009), the United States Supreme Court stated that when evaluating the sufficiency of a complaint, a court must identify and disregard all unsupported legal conclusions, and determine whether the remaining factual allegations plausibly suggest the defendant's liability, because "[t]hreadbare recitals of a cause of action, supported by mere conclusory statements do not suffice." *Id.* at 1950 citing *Bell Atlantic Corp. v. Twombly,* at 555. (*See also Arias-Benn v. State Farm Fire & Cas. Co.,* 495 F. 3d 228, 230 (5th Cir. 2007) (*quoting Plotkin v. IP Axess, Inc.,* 407 F. 3d 690, 696 (5th Cir. 2005) in which the Fifth Circuit held that it does "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").

In addition to their failure to state a claim, Plaintiffs do not have standing because Plaintiffs' injuries were not caused by Mazer's. (Exhibit "A" ¶ 6). To establish standing "there must be a causal connection between the injury and the conduct complained of – the injury has to be 'fairly … trace [able] to the challenged action of the defendant….'" *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-561 (1992). In *International Primate Protection League v. Administrators of Tulane Educ. Fund,* 500 U. S. 72 (1991), the Supreme Court explained that a plaintiff has standing if the plaintiff "is entitled to an adjudication *of the particular claims asserted." Id.* at 77, quoting *Allen v. Wright,* 468 U.S. 737, 752 (1984) (emphasis in original). "Standing is a prerequisite to bringing suit, and nothing in Rule 23 Fed. R. Civ. P. alters this requirement." *Thompson v. Board of Educ. of Romeo Community Schools,* 709 F. 2d 1200, 1204 (6th Cir. 1983) citing *LaMar v. H & B Novelty & Loan Co.,* 489 F. 2d 461, 462 (9th Cir. 1973).

In addition to the requirements of standing, the typicality requirement of class action Rule 23(a)(3) Fed. R. Civ. P. requires the Grosses and Velez to state a claim against Mazer's. In *LaMar v. H B Novelty , supra,* the court explained that a plaintiff "cannot represent those having causes of action against other defendants against whom the plaintiff has no cause of action and from whose hands he suffered no injury." *Id.* at 462. Neither the Grosses nor Velez purchased, received,

or used drywall from Mazer's. (Exhibit "A" ¶ 6). Therefore, they do not have standing to make a claim against Mazer's, and the typicality requirement of Rule 23 cannot be satisfied with respect to Mazer's.

## VIII. VENUE IS IMPROPER AS TO MAZER'S.

Mazer's only place of business is in Birmingham, Alabama. (Exhibit "A" ¶ 3, attached). In the event this Court does not dismiss Mazer's from this matter, Mazer's respectfully requests this Court to transfer the claim against Mazer's to the United States District Court for the Northern District of Alabama (which sits in Birmingham, Alabama, where Mazer's only retail store is located), pursuant to 28 U.S. § 1406(a) which provides that when a venue is improper, this Court may dismiss the action, or, if in the interests of justice, transfer the case to the district or division in which it could have been brought.

In a diversity action, for venue purposes, a corporation resides in any judicial district in which it is subject to personal jurisdiction when the action is commenced. 28 U.S. C. § 1391(c). Venue in the Eastern District of Louisiana is not proper as to Mazer's because this Court does not have  personal jurisdiction over Mazer's in Louisiana.

## VIII.   CONCLUSION

The evidence before this Court clearly demonstrates that Mazer's has not "purposefully availed" itself of the privilege of conducting business in

Louisiana, and is not subject to personal jurisdiction in the Eastern District of Louisiana. Even if Mazer's did have sufficient minimum contacts with Louisiana so that it should reasonably have expected to have been haled into court there, Louisiana's assertion of jurisdiction in this case would unconstitutionally violate traditional notions of fair play and substantial justice. Finally, Plaintiffs have failed to state a claim pursuant to Rule 12(b)(6), and they do not have standing to bring claims against Mazer's.

Mazer's respectfully requests that this Court enter an Order dismissing it from this case for lack of *in personam* jurisdiction in accordance with Fed. R. Civ. P. 12(b)(2), and for failure to state a claim pursuant to 12(b)(6). In the alternative, if this Court does not dismiss this case, Plaintiff requests that it be transferred to the United States District Court for the Northern District of Alabama, where venue is properly laid, pursuant to 28 U.S.C. § 1406(a).

Respectfully submitted this 27th day of January, 2010.

/s/ Christopher A. Bottcher
Christopher A. Bottcher (BOT003)
C. Lee Reeves (REE004)
Mary Blanche Hankey (NEE007)
Attorneys for Defendant
Mazer's Discount Home Centers, Inc.

**OF COUNSEL:**

SIROTE & PERMUTT, P.C.
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel.:   (205) 930-5100
Fax:   (205) 930-5101


                                    */s/ Larry S. Logsdon*
                                    Larry S. Logsdon
                                    Michael L. Jackson
                                    Attorneys for Defendant
                                    Mazer's Discount Home Centers, Inc.


**OF COUNSEL:**

WALLACE, JORDAN, RATLIFF & BRANDT, L.L.C
800 Shades Creek Parkway, Suite 400
Birmingham, Alabama 35209
Tel:   (205) 874-0341
Fax:   (205) 871-7534

## CERTIFICATE

I hereby certify that a copy of the above and foregoing Memorandum of Law in Support of Motion to Dismiss has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U. S. Mail and e-mail upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United Stated District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this the 27th day of January, 2010.

_____

Of Counsel