**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : : : : : : : : : : | MDL No. 2047<br><br>SECTION:  L<br><br>JUDGE FALLON<br><br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>Hinckley, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al., Case No. 09-6686 (E.D.La.) | | |

**ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**
**(By Tobin Trading Inc.)**

MAY IT PLEASE THE COURT:

Defendant Tobin Trading, Inc. ("Tobin"), by counsel, subject to and without waiving the defenses raised in its Motions to Dismiss pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, for its Answer the Plaintiffs' Second Amended Class Action

Complaint (MDL No. 2047, Doc. No. 762) (hereafter "the Second Amended Complaint"),[1] states the following:

## JURISDICTION, PARTIES AND VENUE

1. Tobin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of the Second Amended Complaint, and therefore denies the same. Further answering, if the Court cannot exercise personal and/or subject matter jurisdiction over Taishan Gypsum Company, Ltd. f/k/a Shandong Tiahe Dongxin Company Ltd. ("Taishan"), then it does not have original jurisdiction in this action pursuant to 28 U.S.C. § 1332(d)(2).

2. Tobin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 of the Second Amended Complaint, and therefore denies the same.

3. To the extent that Plaintiffs are alleging that venue is proper in the Eastern District of Louisiana, the allegations in paragraph 3 of the Second Amended Complaint are denied. With respect to any and all claims asserted against Tobin, Tobin objects to venue in the Eastern District of Louisiana. Assuming *arguendo* that subject matter jurisdiction and personal jurisdiction exist, the Eastern District of North Carolina is the only proper venue for this action. The remaining allegations in paragraph 3 of the Second Amended Complaint are denied.

## PLAINTIFFS

4. Tobin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 of the Second Amended Complaint.

5. The allegations in paragraph 5 of the Second Amended Complaint are denied.

---

[1] Before this action was transferred to this Court from the Eastern District of North Carolina, Tobin Trading Inc. filed a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction and supporting memorandum, a Rule 12(b)(6) motion to dismiss and supporting memorandum, and an answer to the "First Amended Complaint – Class Action" filed by the Plaintiffs in the *Hinckley* action (Case No. 2:09cv00025). Those motions and responsive pleadings (and supporting memoranda) are incorporated herein by reference.

2

**DEFENDANTS**

6. Tobin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 of the Second Amended Complaint.

7. The allegations in paragraph 7 of the Second Amended Complaint are denied.

8. Tobin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 of the Second Amended Complaint.

9. The allegations in paragraph 9 of the Second Amended Complaint consist of conclusions to which no response is required. To the extent that a response is required, Tobin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9 of the Second Amended Complaint, and therefore denies the same.

10. The allegations in paragraph 10 of the Second Amended Complaint are denied.

11. The allegations in paragraph 11 of the Second Amended Complaint are denied.

12. The allegations in paragraph 12 of the Second Amended Complaint are denied.

13. The allegations in paragraph 13 of the Second Amended Complaint are denied.

14. Tobin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 of the Second Amended Complaint.

15. The allegations in paragraph 15 of the Second Amended Complaint are denied.

16. Tobin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 of the Second Amended Complaint.

17. The allegations in paragraph 17 of the Second Amended Complaint are denied.

18. The allegations in paragraph 18 of the Second Amended Complaint are denied.

## GENERAL ALLEGATIONS

19. As phrased, the allegations in paragraph 19 of the Second Amended Complaint are denied.

20. The allegations in paragraph 20 of the Second Amended Complaint are denied.

21. The allegations in paragraph 21 of the Second Amended Complaint are denied.

22. The allegations in paragraph 22 of the Second Amended Complaint are denied.

23. The allegations in paragraph 23 of the Second Amended Complaint are denied.

24. The allegations in paragraph 24 of the Second Amended Complaint are denied.

25. The allegations in paragraph 25 of the Second Amended Complaint are denied.

26. The allegations in paragraph 26 of the Second Amended Complaint are denied.

27. The allegations in paragraph 27 of the Second Amended Complaint are denied.

## CLASS ACTION ALLEGATIONS

28. The multiple allegations in paragraph 28 of the Second Amended Complaint, including the allegations contained in the "Class Definition," "Tobin Trading Inc. Subclass Definition," "Venture Supply Inc. Subclass Definition," and "Porter-Blaine Subclass Definition," are denied.

29. The allegations in paragraph 29 of the Second Amended Complaint consist of conclusions to which no response is required. To the extent that a response is required, Tobin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 of the Second Amended Complaint.

30. The allegations in paragraph 30 of the Second Amended Complaint are denied.

31. The multiple allegations in paragraph 31 of the Second Amended Complaint, including the allegations in sub-parts a., b., c. and d., are denied.

32. The allegations in paragraph 32 of the Second Amended Complaint are denied.

33. The allegations in paragraph 33 of the Second Amended Complaint are denied.

34. Tobin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34 of the Second Amended Complaint, and therefore denies the same.

35. Tobin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35 of the Second Amended Complaint, and therefore denies the same.

36. The allegations in paragraph 36 of the Second Amended Complaint are denied.

37. The allegations in paragraph 37 of the Second Amended Complaint are denied.

38. The allegations in paragraph 38 of the Second Amended Complaint are denied.

39. The allegations in paragraph 39 of the Second Amended Complaint are denied.

## COUNT I

40. In response to the allegations in paragraph 40 of the Second Amended Complaint, Tobin repeats and realleges its response to paragraphs 1-39 above as if fully set forth herein.

41. The allegations in paragraph 41 of the Second Amended Complaint are denied.

42. The allegations in paragraph 42 of the Second Amended Complaint are denied.

43. The allegations in paragraph 43 of the Second Amended Complaint are denied.

44. The allegations in paragraph 44 of the Second Amended Complaint are denied.

45. The allegations in paragraph 45 of the Second Amended Complaint are denied.

46. The allegations in paragraph 46 of the Second Amended Complaint are denied.

## COUNT II

47. In response to the allegations in paragraph 47 of the Second Amended Complaint, Tobin repeats and realleges its response to paragraphs 1-46 above as if fully set forth herein.

48. The allegations in paragraph 48 of the Second Amended Complaint are denied.

49. The allegations in paragraph 49 of the Second Amended Complaint are denied.

50. The allegations in paragraph 50 of the Second Amended Complaint are denied.

51. The allegations in paragraph 51 of the Second Amended Complaint are denied.

52. The allegations in paragraph 52 of the Second Amended Complaint are denied.

53. The allegations in paragraph 53 of the Second Amended Complaint are denied.

54. The allegations in paragraph 54 of the Second Amended Complaint are denied.

## COUNT III

55. In response to the allegations in paragraph 55 of the Second Amended Complaint, Tobin repeats and realleges its response to paragraphs 1-54 above as if fully set forth herein.

56. The allegations in paragraph 56 of the Second Amended Complaint are denied.

57. The allegations in paragraph 57 of the Second Amended Complaint are denied.

58. The allegations in paragraph 58 of the Second Amended Complaint are denied.

59. The allegations in paragraph 59 of the Second Amended Complaint are denied.

60. The allegations in paragraph 60 of the Second Amended Complaint are denied.

61. The allegations in paragraph 61 of the Second Amended Complaint are denied.

62. The allegations in paragraph 62 of the Second Amended Complaint are denied.

## COUNT IV

63. In response to the allegations in paragraph 63 of the Second Amended Complaint, Tobin repeats and realleges its responses to paragraphs 1-62 above as if fully set forth herein.

64. The allegations in paragraph 64 of the Second Amended Complaint are denied.

65. The allegations in paragraph 65 of the Second Amended Complaint are denied.

66. The allegations in paragraph 66 of the Second Amended Complaint are denied.

67. The allegations in paragraph 67 of the Second Amended Complaint are denied.

68. The allegations in paragraph 68 of the Second Amended Complaint are denied.

69. The allegations in paragraph 69 of the Second Amended Complaint are denied.

## COUNT V

70. In response to the allegations in paragraph 70 of the Second Amended Complaint, Tobin repeats and realleges its responses to paragraphs 1-69 above as if fully set forth herein.

71. The allegations in paragraph 71 of the Second Amended Complaint are denied.

72. The allegations in paragraph 72 of the Second Amended Complaint are denied.

73. The allegations in paragraph 73 of the Second Amended Complaint are denied.

## COUNT VI

74. In response to the allegations in paragraph 74 of the Second Amended Complaint, Tobin repeats and realleges its responses to paragraphs 1-73 above as if fully set forth herein.

75. The allegations in paragraph 75 of the Second Amended Complaint are denied.

76. The allegations in paragraph 76 of the Second Amended Complaint are denied.

77. The allegations in paragraph 77 of the Second Amended Complaint are denied.

78. The allegations in paragraph 78 of the Second Amended Complaint are denied.

## COUNT VII

79. In response to the allegations in paragraph 79 of the Second Amended Complaint, Tobin repeats and realleges its responses to paragraphs 1-78 above as if fully set forth herein.

80. The allegations in paragraph 80 of the Second Amended Complaint consist of conclusions to which no response is required. To the extent that a response is required, Tobin denies the allegations in paragraph 80 of the Second Amended Complaint.

81. The allegations in paragraph 81 of the Second Amended Complaint consist of conclusions to which no response is required. To the extent that a response is required, Tobin avers that the provisions of G.S. § 75-1.1 are self-explanatory. The remaining allegations in paragraph 81 of the Second Amended Complaint are denied.

82. The allegations in paragraph 82 of the Second Amended Complaint are denied.

83. The allegations in paragraph 83 of the Second Amended Complaint are denied.

84. The allegations in paragraph 84 of the Second Amended Complaint are denied.

### COUNT VIII

85. In response to the allegations in paragraph 85 of the Second Amended Complaint, Tobin repeats and realleges its responses to paragraphs 1-84 above as if fully set forth herein.

86. The allegations in paragraph 86 of the Second Amended Complaint are denied.

87. The allegations in paragraph 87 of the Second Amended Complaint are denied.

88. The allegations in paragraph 88 of the Second Amended Complaint are denied.

89. The allegations in paragraph 89 of the Second Amended Complaint are denied.

90. The allegations in paragraph 90 of the Second Amended Complaint are denied.

91. The allegations in paragraph 91 of the Second Amended Complaint are denied.

92. The allegations in paragraph 92 of the Second Amended Complaint are denied.

93. The allegations in paragraph 93 of the Second Amended Complaint are denied.

94. The allegations in paragraph 94 of the Second Amended Complaint are denied.

95. The allegations in paragraph 95 of the Second Amended Complaint are denied.

96. The allegations in paragraph 96 of the Second Amended Complaint are denied.

97. The allegations in paragraph 97 of the Second Amended Complaint are denied.

98. Tobin denies, generally, each and every allegation of the Second Amended Complaint not hereinbefore specifically admitted, denied, or otherwise qualified, and further denies that it is liable to the plaintiffs or any of the putative class members under any theory of liability.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

99. The claims asserted in the Second Amended Complaint may be barred, in part or in whole, due to the plaintiffs' lack of standing to prosecute such claims.

### SECOND AFFIRMATIVE DEFENSE

100. Tobin denies that the plaintiffs or putative class members have been damaged in the manner or to the extent alleged, and further denies that the plaintiffs or putative class members are entitled to any of the relief demanded in the "Prayer for Relief."

### THIRD AFFIRMATIVE DEFENSE

101. The claims asserted in the Second Amended Complaint may be barred, in part or in whole, due to the plaintiffs' or putative class members' failure to mitigate their alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

102. The claims asserted in the Second Amended Complaint may be time barred, in part or in whole, due to laches and/or the applicable statute(s) of limitations.

### FIFTH AFFIRMATIVE DEFENSE

103.     The claims asserted in the Second Amended Complaint may be barred, in part or in whole, due to contributory negligence and/or the negligence of other persons or entities for which this defendant is not responsible.

### SIXTH AFFIRMATIVE DEFENSE

104.     The claims asserted in the Second Amended Complaint may be barred, in part or in whole, due to the absence of subject matter jurisdiction and/or lack of personal jurisdiction over this defendant.  Tobin Trading Inc. challenges and objects to the Eastern District of North Carolina's (and the Eastern District of Louisiana's) exercise of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.  As a non-resident defendant with no contacts or ties with the State of North Carolina or the State of Louisiana (and none have been alleged), subjecting Tobin Trading Inc. to either Court's jurisdiction would exceed the limits of due process and is therefore constitutionally impermissible.  A nonresident defendant must have sufficient "minimum contacts" with the forum state, such that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).  Specific jurisdiction only exists if the defendant "purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253 (1958).  General jurisdiction only lies when the defendant's conduct and connection with the forum state are so "continuous and systematic" that the defendant "should reasonably anticipate being haled into court there." *Id.*  Neither general nor specific jurisdiction exists as to defendant Tobin Trading Inc.  There are no allegations (or evidence) that Tobin has engaged in "substantial" or "continuous and systematic" activities in North Carolina or Louisiana such as to subject it to

general jurisdiction in either State. And, Tobin has not purposefully or intentionally directed any conduct or activities at the States of North Carolina or Louisiana, or at any resident of either State as required by the Constitution before it reasonably can anticipate being haled into North Carolina or Louisiana to defend itself from the claims alleged in the Second Amended Complaint. Plaintiffs have not alleged that the State of North Carolina or Louisiana has the requisite minimum contacts with Tobin which would justify subjecting Tobin to personal jurisdiction in the Eastern District of North Carolina or the Eastern District of Louisiana.

## SEVENTH AFFIRMATIVE DEFENSE

105. Plaintiffs allege that õ[v]enue in this district satisfies the requirements of 28 U.S.C. § 1391(b)(1)-(2) and (c)ö (Second Amended Complaint ¶ 3). Tobin denies this allegation, and affirmatively challenges and objects to the Eastern District of Louisiana as an improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1391. None of the defendants reside in the State of Louisiana, and all defendants do not reside in the same State. With the exception of Taishan, all defendants resided in the Commonwealth of Virginia. The Eastern District of Louisiana is not a judicial district in which a substantial part of the events or omissions giving rise to the claims asserted in this action occurred, nor is it a judicial district in which a substantial part of property that is the subject of the action is situated.

## EIGHTH AFFIRMATIVE DEFENSE

106. The claims asserted in the Second Amended Complaint may be barred, in part or in whole, pursuant to the economic loss doctrine and/or lack of privity with this defendant.

## NINTH AFFIRMATIVE DEFENSE

107.	As to this defendant, Count I of the Second Amended Complaint (entitled "Negligence") fails to state a claim against Tobin Trading Inc., and fails to state sufficient facts upon which the relief demanded can be granted.

## TENTH AFFIRMATIVE DEFENSE

108.	As to this defendant, Count II of the Second Amended Complaint (entitled "Negligence Per Se") fails to state a claim against Tobin Trading Inc., and fails to state sufficient facts upon which the relief demanded can be granted.

## ELEVENTH AFFIRMATIVE DEFENSE

109.	As to this defendant, Count III of the Second Amended Complaint (entitled "Breach of Express and/or Implied Warranties") fails to state a claim against Tobin Trading Inc., and fails to state sufficient facts upon which the relief demanded can be granted.

## TWELFTH AFFIRMATIVE DEFENSE

110.	As to this defendant, Count IV of the Second Amended Complaint (entitled "Private Nuisance") fails to state a claim against Tobin Trading Inc., and fails to state sufficient facts upon which the relief demanded can be granted.

## THIRTEENTH AFFIRMATIVE DEFENSE

111.	As to this defendant, Count V of the Second Amended Complaint (entitled "Unjust Enrichment") fails to state a claim against Tobin Trading Inc., and fails to state sufficient facts upon which the relief demanded can be granted.

## FOURTEENTH AFFIRMATIVE DEFENSE

112.   As to this defendant, Count VII of the Second Amended Complaint (entitled "Violation of the North Carolina Consumer Protection Act") fails to state a claim against Tobin Trading Inc., and fails to state sufficient facts upon which the relief demanded can be granted.

## FIFTEENTH AFFIRMATIVE DEFENSE

113.   As to this defendant, Count VIII of the Second Amended Complaint (entitled "Equitable and Injunctive Relief and Medical Monitoring") fails to state a claim against Tobin Trading Inc., and fails to state sufficient facts upon which the relief demanded can be granted.

## SIXTEENTH AFFIRMATIVE DEFENSE

114.   Tobin denies that grounds exist for this Court to enter "an order certifying the case as a class action," as demanded in the Prayer for Relief.

## SEVENTEENTH AFFIRMATIVE DEFENSE

115.   Tobin denies that grounds exist for this Court to enter "an order appointing Plaintiffs as the Class Representatives of the Class," as demanded in the Prayer for Relief.

## EIGHTEENTH AFFIRMATIVE DEFENSE

116.   Tobin denies that grounds exist for this Court to award "compensatory and statutory damages" or "an award of attorney's fees," as demanded in the Prayer for Relief.

## NINETEENTH AFFIRMATIVE DEFENSE

117.   Tobin denies that grounds exist for this Court to award "injunctive relief," as demanded in the Prayer for Relief.

## TWENTIETH AFFIRMATIVE DEFENSE

118.   Tobin will rely upon all other properly provable defenses to this action, and reserves the right to amend this Answer if at any time it is so advised.

WHEREFORE, Defendant Tobin Trading Inc. respectfully prays that the Court enter an Order dismissing this action, for an award of its costs and fees, if appropriate, and for such other and further relief as the Court deems appropriate.

**TRIAL BY JURY IS DEMANDED.**

                                             TOBIN TRADING, INC.

Date: January 28, 2010        By:   /s/ Theodore I. Brenner
                                               Theodore I. Brenner, VSB 17815
                                               BRENNER, EVANS & MILLMAN, P.C.
                                               P.O. Box 470
                                               Richmond, Virginia  23218-0470
                                               Phone: (804) 644-1300
                                               Fax: (804) 644-1354
                                               E-mail: tbrenner@beylaw.com

                                               Alexander S. de Witt, VSB 42708
                                               BRENNER, EVANS & MILLMAN, P.C.
                                               P.O. Box 470
                                               Richmond, VA  23218-0470
                                               Phone: (804) 644-1300
                                               Fax: (804) 644-1354
                                               E-mail: adewitt@beylaw.com

                                               *ATTORNEYS FOR TOBIN TRADING, INC.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File and Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 2047, on this 28th day of January, 2010.

By:   /s/ Theodore I. Brenner
Theodore I. Brenner, VSB 17815
BRENNER, EVANS & MILLMAN, P.C.
411 E. Franklin Street, Suite 200
P.O. Box 470
Richmond, Virginia  23218-0470
Phone: (804) 644-1300
Fax: (804) 644-1354
E-mail: tbrenner@beylaw.com

*ATTORNEY FOR TOBIN TRADING, INC.*