UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  CHINESE-MANUFACTURED DRYWALL          MDL No. 2047
PRODUCTS LIABILITY LITIGATION

SECTION: L

THIS DOCUMENT RELATES TO:                     JUDGE FALLON
                                              MAG. JUDGE WILKINSON
*Garcia, et al. v. Lennar Corporation, et al.,*
Case No. 2:09-cv-04118 (E.D.La.)
—————————————————————————/

## DEFENDANTS LENNAR CORPORATION'S, LENNAR HOMES, LLC'S AND U.S. HOME CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT AND TO STRIKE DEMAND FOR A TRIAL BY JURY

Defendants, Lennar Corporation ("Lennar"), Lennar Homes, LLC f/k/a Lennar Homes, Inc. ("Lennar Homes") and U.S. Home Corporation ("U.S. Home") (collectively, the "Lennar Defendants"), by and through undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby move to dismiss the Class Action Complaint ("Complaint") filed by Plaintiffs, Lorena Garcia and Angela Garcia (the "Garcias"), and Hector Barrozo and Maria Ines Pinar De Barrozo (the "Barrozos") (collectively, "Plaintiffs"), and strike the demand for a trial by jury.  In support thereof, the Lennar Defendants submit the following Memorandum of Law.

## I.      INTRODUCTION

Plaintiffs have filed this action against, among others, the Lennar Defendants, alleging that the Lennar Defendants built the Plaintiffs' homes using defective drywall that was

manufactured in China.   Plaintiffs seek to recover, among other types of relief, damages allegedly caused by this defective Chinese-manufactured drywall.[1]

As an initial matter, the Lennar Defendants cannot properly respond to the Complaint without a more definite statement as to whether the Plaintiffs are the owners or tenants of the homes at issue.   While the Lennar Defendants believe the Barrozos are tenants, the Lennar Defendants cannot confirm this from the Complaint both because Plaintiffs fail to attach any contracts to the Complaint and because Plaintiffs merely allege that their homes were "built" by Lennar Homes.[2]   Whether the Barrozos own or rent their home is a critical fact that significantly impacts the claims they have asserted against the Lennar Defendants, including their purported contractual claims, and the damages they are seeking to recover from the Lennar Defendants. Therefore, the Plaintiffs should be required to plead whether they are the owners or tenants of their homes and to plead claims consistent therewith.

Putting aside this deficiency, however, the Complaint still fails to state claims for relief against the Lennar Defendants.   Throughout the Complaint, Plaintiffs refer to all of the defendants collectively as "Defendants," and do not differentiate the conduct of each Lennar Defendant from the numerous other defendants named in this lawsuit.   In failing to set forth individualized allegations against each of the Lennar Defendants, Plaintiffs have not provided the Lennar Defendants with adequate notice of what they allegedly did wrong.   Therefore, the Complaint should be dismissed.[3]

---

[1] The Garcias have already entered into an agreement authorizing the Lennar Defendants to repair their home.   In that agreement, the Garcias released the Lennar Defendants fro all claims for any property damage.   Therefore, the Garcias do not have any claim for property damage against the Lennar Defendants.

[2] In the Plaintiff Profile Form the Barrozos submitted, they list their status as "Occupant-Renter."

[3] The Plaintiffs have filed the Complaint as a putative class action.   Although the Court has made it clear that it is putting off all class certification issues until a later date, the class allegations set forth in the Complaint are deficient.

2

Moreover, as discussed below, the causes of action asserted against the Lennar Defendants are subject to dismissal. First, Plaintiffs improperly seek to recover economic damages in tort -- including the cost of repairing their homes -- in violation of the economic loss rule. Under the economic loss rule, Plaintiffs' tort recovery, if any, is limited to non-economic damages for personal injury and/or injury to other property. Second, Plaintiffs' claim for negligence per se (Count II) should be dismissed because a claim for negligence per se requires the violation of a statute, and Plaintiffs have not identified a statute the Lennar Defendants allegedly violated. Third, Plaintiffs' claims for breach of implied warranties (Count V), breach of the implied warranty of merchantability (Count XIV) and breach of the implied warranty of fitness for a particular purpose (Count XV) should be dismissed. The Garcias Purchase and Sale Agreement ("Garcias Agreement") expressly disclaims all implied warranties.[4] As to the Barrozos, the Lennar Defendants cannot determine whether the Barrozos may maintain implied warranty claims without a more definite statement as to whether the Barrozos are the owners or tenants of their home. To be sure, if the Barrozos are tenants of the home, they lack contractual privity with the Lennar Defendants and cannot maintain any implied warranty claims against the

---

The Lennar Defendants reserve their right to challenge class certification in response to any motion seeking class certification that the Plaintiffs may eventually file.

[4] A copy of the Garcias Agreement is attached hereto as Exhibit "A." Although Plaintiffs failed to attach the Garcias Agreement to the Complaint, the Court may still consider it on a motion to dismiss because Plaintiffs' claims are based, in part, on the Garcias Agreement. *See, e.g., Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("We now hold that a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) (court can consider exhibits attached to motion to dismiss where the plaintiffs had notice of their contents and they were integral to the plaintiffs' claims). Moreover, when there is an inconsistency between the allegations in the complaint and the exhibit, as here, the exhibit controls. *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009) ("It is the law in this Circuit that 'when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern.'") (quoting *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007).

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

Lennar Defendants.[5]  Fourth, Plaintiffs' claim for breach of the implied warranty of fitness for a particular purpose is further subject to dismissal because Plaintiffs have not alleged, and indeed cannot allege, that the allegedly defective Chinese-manufactured drywall was not fit for a particular purpose different from that which drywall is ordinarily used.

Fifth, Plaintiffs' claims for fraudulent concealment (Count VI), fraudulent misrepresentation (Count VII) and negligent misrepresentation (Count VIII) should be dismissed because Plaintiffs failed to plead these claims with the requisite specificity required under Rule 9(b) of the Federal Rules of Civil Procedure.   Sixth, Plaintiffs' unjust enrichment claim (Count IX) fails as a matter of law because Plaintiffs have adequate remedies at law and are, in fact, already pursing those remedies in this lawsuit.   Seventh, Plaintiffs cannot state a claim for private nuisance (Count XI) because a private nuisance claim requires conduct on one person's property that causes harm to another person's property.   Here, however, Plaintiffs' private nuisance claim is premised entirely on conditions that allegedly exist on the Plaintiffs' own properties.   Eighth, the Court should dismiss Plaintiffs' claim for medical monitoring (Count XII) because Plaintiffs have failed to allege the elements necessary to support the imposition of this limited, equitable remedy.   Ninth, Plaintiffs fail to state a violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count XIII) both because Plaintiffs' allegations are wholly conclusory, and because Plaintiffs do not allege recoverable actual damages under FDUTPA.   Therefore, the Court should dismiss the Complaint.

In addition to dismissing the Complaint, the Court should strike the Garcias' demand for a trial by jury because the Garcias expressly waived their right to a jury trial in their Agreement.

---

[5] Similarly, the Barrozos would not have claims against the Lennar Defendants for breach of express warranty (Count IV) and breach of contract (Count X) if they did not enter into a contract with the Lennar Defendants.

4

(Garcias Agreement ¶ 40.1).  As a result, the Garcias' improper request for a jury trial must be stricken.

## II.     ARGUMENT

### A.     The Court Should Dismiss Plaintiffs' Complaint

#### 1.     Motion to Dismiss Standard

To survive a motion to dismiss, "a plaintiff must plead enough facts to state a claim for relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555 (citations and internal quotations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Moreover, while a court must accept as true a plaintiff's well-pled factual allegations, a "district court is not required to accept as true [plaintiff]'s conclusions of law when considering a Rule 12(b)(6) motion to dismiss.  On the contrary, the court may make its own determination of the legal issue. . . ."  *Solis-Ramirez v. U.S. Dept. of Justice*, 758 F.2d 1426, 1429 (11th Cir. 1985) (internal citation omitted); *Ashcroft*, 129 S. Ct. at 1949 ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").  Consequently, "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action," dismissal under Rule 12(b)(6) is warranted.  *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

5

## 2.   The Complaint Improperly Lumps Together the Conduct of All Defendants

The Court should dismiss the Complaint because it fails to state claims for relief against the Lennar Defendants.  Where, as here, a complaint alleges that multiple defendants are liable for multiple claims, the complaint must give adequate notice to each defendant as to what that defendant specifically did wrong.  *See Lane v. Capital Acquisitions and Mgmt. Co.*, No. 04-60602 CIV, 2006 WL 4590705, at *5 (S.D. Fla. April 14, 2006); *Medina v. Bauer*, No. 02 Civ. 8837(DC), 2004 WL 136636, at *6 (S.D.N.Y. Jan. 27, 2004) (dismissing complaint for failing to provide adequate notice to each defendant).  "[L]umping all the defendants together in each claim and providing no factual basis to distinguish their conduct" is not sufficient.  *Lane*, 2006 WL 4590705, at *5 ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, the Lane's Complaint fails to satisfy the minimum standard of Rule 8."); *accord Pro Image Installers, Inc. v. Dillon*, No. 3:08cv273/MCR/MD, 2009 WL 112953, at *2 (N.D. Fla. Jan. 15, 2009).

With the exception of Count X, which is brought solely against Lennar Homes, Plaintiffs improperly lump together each of the Lennar Defendants with the numerous other defendants named in this lawsuit.  Rather than pleading facts sufficient properly to state a cause of action against each defendant, Plaintiffs instead refer to all of the defendants collectively as "Defendants" throughout the Complaint without differentiating the conduct of the Lennar Defendants from the numerous other defendants named in this lawsuit.  Plaintiffs also fail to distinguish the conduct of Lennar Homes from U.S. Home or offer any basis for asserting claims against U.S. Home.  Indeed, as Plaintiffs acknowledge in the Complaint, and as the Garcias Agreement demonstrates, Lennar Homes, and not U.S. Home, was the entity responsible for building and selling the Plaintiffs' Homes. (*See* Compl. at ¶¶ 9-10 and Exh. A hereto).

6

In failing to set forth individualized allegations against each of the Lennar Defendants, Plaintiffs have not provided the Lennar Defendants with adequate notice of what they allegedly did wrong. Without more, the Lennar Defendants cannot properly respond to the allegations in the Complaint. Therefore, because the Complaint improperly lumps together all the defendants, and fails to provide any factual basis to distinguish the conduct of each of the Lennar Defendants from the numerous other defendants, the Complaint should be dismissed.

### 3.   Plaintiffs Improperly Seek Economic Damages in Tort

In their tort claims against the Lennar Defendants (*i.e.*, Count I (negligence), Count II (negligence per se), Count III (strict liability), Count VI (fraudulent concealment), Count VII (fraudulent misrepresentation), Count VIII (negligent misrepresentation), and Count XI (private nuisance)), Plaintiffs improperly seek economic damages that are barred by the economic loss rule. The economic loss rule is a judicially created doctrine that prohibits recovery in tort when the damages suffered are purely economic losses. *Indemnity Ins. Co. of North America v. American Aviation, Inc.*, 891 So. 2d 532, 536 (Fla. 2004). Economic losses are broadly defined as the loss of the benefit of the bargain, and include "damages for inadequate value, costs of repair or replacement of the defective product, or consequent loss of profits." *Casa Clara Condominium Assoc, Inc. v. Charley Toppino & Sons, Inc.*, 620 So. 2d 1244, 1246 (Fla. 1993).

As this Court recently recognized, where, as here, the parties are in contractual privity, the economic loss rule "provides that parties in privity are barred from bringing a tort action for economic damages, unless the economic damage is a result of a tort committed independently of the contract breach. . . ." (Order & Reasons [D.E. 741], at p. 30). Otherwise, a plaintiff could "circumvent the contractual agreement by . . . seeking a better bargain that originally made." *Indemnity Ins. Co.*, 891 So. 2d at 536.

7

Here, Plaintiffs have not alleged a tort independent of their breach of contract claim. The underlying conduct in support of Plaintiffs' tort claims against the Lennar Defendants is the allegation that the Lennar Defendants built and sold homes that contain defective Chinese-manufactured drywall. However, this is the same conduct that forms the basis of Plaintiffs' breach of contract claims against the Lennar Defendants. Similarly, Plaintiffs are seeking the same economic damages in both their tort and breach of contract claims. (*Compare* Compl. at ¶¶ 119-120 *with* Compl. at ¶ 183). Therefore, Plaintiffs may not seek economic damages in tort for alleged conduct that is indistinguishable from the acts that support Plaintiffs' claims for breach of contract. *Premix-Marbletite Mfg. v. SKW Chems., Inc.*, 145 F. Supp. 2d 1348, 1359 (S.D. Fla. 2001) ("when the actions complained of relate directly to the subject matter of the parties' agreement, or are interwoven with the agreement, no independent tort exists and the economic loss rule applies"); *Ginsberg v. Lennar Fla. Holdings, Inc.*, 645 So. 2d 490, 494 (Fla. 3d DCA 1994) ("Where damages sought in tort are the same as those for breach of contract a plaintiff may not circumvent the contractual relationship by bringing an action in tort."); *Weimar v. Yacht Club Point Estates, Inc.*, 223 So. 2d 100, 103 (Fla. 4th DCA 1969) ("no cause of action in tort can arise from a breach of a duty existing by virtue of contract").

Moreover, even if Plaintiffs had alleged a tort independent of their breach of contract claim, Plaintiffs' damages, if any, would be limited to non-economic damages for personal injury and damage to other property. *Indemnity Ins. Co.*, 891 So. 2d at 541 (the economic loss rule "expressly limit[s] tort liability with respect to defective products to injury caused to persons or damage to property other than the defective product itself"). For example, in *Casa Clara*, homeowners brought negligence actions against a supplier of defective concrete that was

8

integrated into the plaintiffs' homes. *Casa Clara*, 620 So. 2d at 1245. In holding the negligence claims barred under the economic loss rule, the Florida Supreme Court stated:

> The homeowners also argue that Toppino's concrete damaged "other" property because the individual components and items of building material, not the homes themselves, are the products they purchased. We disagree. The character of a loss determines the appropriate remedies, and, to determine the character of loss, one must look to the product purchased by the plaintiff, not the product sold by defendant. *King v. Hilton-Davis*, 855 F.2d 1047 (3d Cir. 1988). Generally, house buyers have little or no interest in how or where the individual components of a house are obtained. They are content to let the builder produce the finished product, i.e., a house. These homeowners bought finished products-dwellings-not the individual components of those dwellings. They bargained for the finished products, not their various components. The property became an integral part of the finished product and, thus, did not injure "other" property".

*Id.* at 1247-48.

As in *Casa Clara*, the Plaintiffs purchased the homes, not the individual components of the homes such as the allegedly defective drywall. The economic loss rule therefore bars the Plaintiffs from seeking to recover damages for, among other things, "replacement/repair of their homes" and "the removal and replacement of all of the drywall contained in their homes." (Compl. at ¶ 119). Plaintiffs' tort recovery, if any, is limited to non-economic damages for personal injuries and damages to other property. Therefore, Plaintiffs should be required to replead their tort claims to seek only those non-economic damages that may be recoverable.

### 4.    The Complaint Fails to State a Claim for Negligence Per Se

Plaintiffs' claim for negligence per se (Count II) is further subject to dismissal because Plaintiffs have not alleged any of the elements necessary to state a claim for negligence per se. Negligence per se results from the violation of a "statute which establishes a duty to take precautions to protect a particular class of persons from a particular injury or type of injury." *DeJesus v. Seaboard Coast Line Railroad Co.*, 281 So. 2d 198, 201 (Fla. 1973). To state a claim for negligence per se, therefore, a plaintiff must establish that: (i) the plaintiff is in the class the

9

statute is designed to protect; (ii) the plaintiff suffered injury of the type the statute was designed to protect, and (iii) the violation of the statute was the proximate cause of the plaintiff's injury. *Id.*

Plaintiffs do not allege a violation of a statute by the Lennar Defendants, much less a statute that could support a claim for negligence per se. Rather, Plaintiffs' claim for "negligence per se" is essentially a second claim for negligence, only brought under a different label. Therefore, Count II should be dismissed.

### 5.     Plaintiffs Cannot State Breach of Implied Warranty Claims

Plaintiffs cannot state claims for breach of implied warranties (Count V), breach of the implied warranty of merchantability (Count XIV) and breach of the implied warranty of fitness for a particular purpose (Count XV). The Garcias Agreement expressly disclaims all implied warranties. Under Florida law, warranty disclaimers are enforceable. *Leasetec Corp. v. Orient Systems, Inc.*, 85 F. Supp. 2d 1310, 1315-16 (S.D. Fla. 1999); *Belle Plaza Condominium Assoc., Inc. v. B.C.E. Dev., Inc.*, 543 So. 2d 239, 240 (Fla. 3d DCA 1989) (defendant condominium developer properly disclaimed by bold and conspicuous disclaimer any and all express or implied warranties).

Here, the Garcias Agreement contains an unambiguous disclaimer of all implied warranties:

> SELLER GIVES THE LIMITED WARRANTY EXPRESSLY IN LIEU OF ANY OTHER WARRANTIES, EXPRESS OR IMPLIED. TO THE MAXIMUM EXTENT LAWFUL, AND EXCEPT FOR THE LIMITED WARRANTY, THE SELLER DISCLAIMS ANY AND ALL IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS, FITNESS FOR A PARTICULAR PURPOSE, HABITABILITY, INTENDED USE, WORKMANSHIP, OR CONSTRUCTION RESPECTING THE HOME, COMMON PROPERTIES OF THE COMMUNITY, IF ANY, AND ALL FIXTURES OR ITEMS OF PERSONAL PROPERTY SOLD PURSUANT TO THIS AGREEMENT, OR ANY OTHER REAL OR PERSONAL PROPERTY WHATSOEVER

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

CONVEYED IN CONNECTION WITH THE SALE OF THE PROPERTY, OR LOCATED WITHIN THE COMMUNITY WHETHER ARISING FROM THIS AGREEMENT, USAGE, TRADE, IMPOSED BY STATUTE, COURSE OF DEALING, CASE LAW OR OTHERWISE.

(Garcias Agreement ¶ 19.1.2) (upper case in original).

Because the Garcias Agreement expressly disclaims all implied warranties, including the implied warranty of merchantability and the implied warranty of fitness for a particular purpose, the Garcias' implied warranty claims fail as a matter of law. *See Xerographic Supplies Corp. v. Hertz Commercial Leasing Corp.*, 386 So. 2d 299, 300 (Fla. 3d DCA 1980) (holding that defendant could not be liable for breach of implied warranty because the agreement conspicuously disclaimed all express and implied warranties).

As for the Barrozos, the Lennar Defendants cannot determine whether the Barrozos may maintain implied warranty claims without a more definite statement as to whether the Barrozos are the owners or tenants of their home. To the extent the Barrozos own their home and entered into a purchase and sale agreement with the Lennar Defendants, it is likely the agreement contains a similar implied warranty disclaimer. On the other hand, if no such agreement exists, the Barrozos are not in contractual privity with the Lennar Defendants, and they would be precluded from pursuing any implied warranty claims against the Lennar Defendants. *See Kramer v. Piper Aircraft Corp.*, 520 So. 2d 37, 39 (Fla. 1988) (no implied warranty claims absent privity of contract); *Weiss v. Johansen*, 898 So. 2d 1009, 1012 (Fla. 4th DCA 2005) (in order to recover for breach of implied warranty, the plaintiff must be in privity of contract with the defendant).[6] Therefore, the Court should dismiss Plaintiffs' implied warranty claims.

---

[6] Similarly, without contractual privity, the Barrozos would not be able to pursue claims against the Lennar Defendants for breach of express warranty (Count IV) and breach of contract (Count X). It is therefore critical that the Plaintiffs be required to amend the Complaint to state specifically whether they are the owners or tenants of their homes.

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

6. **Plaintiffs Cannot State a Claim for Breach of the Implied Warranty of Fitness for a Particular Purpose**

Plaintiffs' claim for breach of the implied warranty of fitness for a particular purpose is further subject to dismissal. To state a claim for breach of an implied warranty of fitness for a particular purpose, the plaintiff must allege a particular or unusual use different from the purpose for which the item sold is ordinarily used. *Fred's Excavating & Crane Service, Inc. v. Continental Ins. Co.*, 340 So. 2d 1220, 1220 (Fla. 4th DCA 1976) ("We find no error in the trial court's dismissal of Count III, which attempted to allege a cause of action for breach of an implied warranty of fitness for a particular purpose, because Count III fails to allege a particular or unusual use different from the purpose for which the item sold is ordinarily used."); *McGraw v. Fleetwood Enterprises, Inc.*, No. 6:07-234-Orl-28DAB, 2007 WL 2225976, at *2 (M.D. Fla. Aug. 1, 2007) (dismissing breach of implied warranty of fitness for a particular purpose claim because "Plaintiff has not identified the 'particular purpose' for which the motor home was not fit; such an allegation is required under Florida law"). A particular purpose "envisages a specific use by the buyer which is peculiar to the nature of his business whereas the ordinary purposes for which the goods are used are those envisaged in the concept of merchantability and go to uses which are customarily made of the goods in question." *Ryan v. Atlantic Fertilizer & Chemical Co.*, 515 So. 2d 324, 326 (Fla. 3d DCA 1987).

Here, Plaintiffs have not alleged that the allegedly defective Chinese-manufactured drywall was unfit for a particular or unusual use different from the purpose for which drywall is ordinarily used. Although Plaintiffs allege that the drywall was not fit for the "specific purpose of installing in the Plaintiffs' and Class Members' homes as a building material," (Compl. at ¶ 219), this is not a particular purpose different from the purpose for which drywall is ordinarily used. Indeed, as Plaintiffs acknowledge in their Complaint, drywall is customarily used as a

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

building material in homes. (*See* Compl. at ¶¶ 29-31). Therefore, because Plaintiffs cannot show that the drywall was being used for a particular purpose different from its ordinary use, Plaintiffs' claim for breach of implied warranty of fitness for a particular purpose must be dismissed. *Fred's Excavating & Crane Service, Inc.*, 340 So. 2d at 1220.

Moreover, even if Plaintiffs could show that the drywall was being used for a particular purpose, Plaintiffs cannot show that the drywall was not fit for its intended use. As this Court recently recognized, "the Chinese drywall in the instant matter is operating as intended-as an interior wall and/or ceiling, a room divider, a shell for insulation and wiring, and a base for hanging various items, such as fixtures and decorative items. It is not crumbling, deteriorating or failing to serve its intended purpose." (Order & Reasons [D.E. 741], at pp. 18-19). To the contrary, the "Chinese drywall stands just as any other functioning drywall, serving its intended structural purpose." (*Id.* at p. 23); *see also In re Chinese Drywall Litig.*, No. 09-200,000 CA 42 (Fla. 11th Jud. Cir. Dec. 18, 2009) (order denying motions to dismiss) (concluding that the drywall has not "fail[ed] at its general purpose and function"). Therefore, Plaintiffs' claim for breach of implied warranty of fitness for a particular purpose fails as a matter of law and must be dismissed.

### 7. Plaintiffs Failed to Plead Their Fraud Claims with the Requisite Specificity

Plaintiffs' claims for fraudulent concealment (Count VI), fraudulent misrepresentation (Count VII), and negligent misrepresentation (Count VIII) should be dismissed because Plaintiffs failed to plead these claims with the requisite specificity. Rule 9(b) of the Federal Rules of Civil Procedure requires a party to "state with particularity the circumstances constituting fraud." Fed.

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

R. Civ. P. 9(b).[7] The Eleventh Circuit has defined Rule 9(b)'s heightened pleading standard to require that all pleadings, at the very least, specify:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and
>
> (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and
>
> (3) the content of such statements and the manner in which they misled the plaintiff, and
>
> (4) what the defendants have obtained as a consequence of the fraud.

*Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997).

Moreover, where, as here, multiple defendants are asked to respond to allegations of fraud, "the complaint should inform each defendant of the nature of [its] alleged participation in the fraud." *Brooks*, 116 F.3d at 1382. Rule 9(b) is not satisfied by a pleading that lumps the defendants together without specifying the particular acts or omissions attributable to each defendant. *Id.* (determining that "Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants'"). Such a pleading "does nothing to apprise the respective defendants of which allegations might not apply to them." *Haskin v. R.J. Reynolds Tobacco Co.*, 995 F. Supp. 1437, 1439-1440 (M.D. Fla. 1998) (dismissing a complaint that refers to the "defendants" generally, because it fails to provide each defendant with the notice required by Rule 9(b)).

Here, Plaintiffs' allegations against the Lennar Defendants fall woefully short of satisfying Rule 9(b)'s heightened pleading requirements. Indeed, Plaintiffs do not specifically identify: (i) the particular misrepresentations or omissions that were made by each of the Lennar

---

[7] The requirement that fraud be pleaded with specificity applies with equal force to claims for negligent misrepresentation. *See Morgan v. W.R. Grace & Co.*, 779 So. 2d 503, 506 (Fla. 4th DCA 2000); *Johnson v. Amerus Life Ins. Co.*, No. 05-61363-CIV-COOKE/BROWN, 2006 WL 3826774, at *4 (S.D. Fla. Dec. 27, 2006) (dismissing claim for negligent misrepresentation because it was not alleged with sufficient particularity to satisfy Rule 9(b)).

Defendants to Plaintiffs; (ii) the time and place when these alleged misrepresentations were supposedly made; (iii) the individuals who made these alleged misrepresentations; or (iv) what the Lennar Defendants obtained as a consequence of the fraud. Plaintiffs simply lump together the conduct of the Lennar Defendants with the conduct of all the "Defendants," without alleging any fraudulent statements that are attributable to each of the Lennar Defendants specifically. Plaintiffs also fail to allege any facts to support their conclusory allegations that the Lennar Defendants "knew or should have known" that the representations were untrue. Without this information, the Lennar Defendants cannot investigate these claims or sufficiently respond to the Complaint. Therefore, because Plaintiffs failed to plead their fraud claims with the requisite specificity, the Court should dismiss these claims.

### 8.   Plaintiffs Cannot State a Claim for Unjust Enrichment Because They Have Adequate Remedies at Law

Plaintiffs' unjust enrichment claim (Count IX) against the Lennar Defendants fails as a matter of law. It is well settled in Florida that "unjust enrichment is equitable in nature and is, therefore, not available where there is an adequate legal remedy." *Bowleg v. Bowe*, 502 So. 2d 71, 72 (Fla. 3d DCA 1987) (dismissing unjust enrichment count because plaintiff had a contractual remedy). Consequently, an unjust enrichment claim must fail upon a showing that an express contract exists. *Id.*; *Garcia v. Cosicher*, 504 So. 2d 462, 463 n.2 (Fla. 3d DCA 1987) (action based on quantum meruit theory failed "in light of express contract between the parties").

Here, Plaintiffs' claim for unjust enrichment must fail because Plaintiffs have alleged that express contracts exist between the parties. (*See* Compl. at ¶¶ 179-183, Breach of Contract). Moreover, Plaintiffs allege to have adequate remedies at law, and are, in fact, already pursuing those remedies in this case. Indeed, Plaintiffs are seeking the same relief in their unjust enrichment count as they are in almost every other count in the Complaint, namely economic

15

damages as a result of the allegedly defective drywall.  (*Compare* Compl. at ¶ 177 *with* Compl. at ¶ 183).  Therefore, because Plaintiffs have adequate remedies at law, their claim for unjust enrichment fails as a matter of law and the Court should dismiss Count IX of the Complaint.

### 9.    Plaintiffs Cannot State a Claim for Private Nuisance

Plaintiffs' claim for private nuisance (Count XI) should be dismissed.  "[T]he law of private nuisance is bottomed on the fundamental rule that every person should use his own property as not to injure that of another."  *Jones v. Trawick*, 75 So. 2d 785, 787 (Fla. 1954). "Nuisance, in law, for the most part consists of using one's property as to injure the land or some incorporeal right of one's neighbor."  *Beckman v. Marshall*, 85 So. 2d 552, 554 (Fla. 1956). Stated differently, a claim for private nuisance requires conduct on one person's property that causes harm to another person's property.

In this case, Plaintiffs' private nuisance claim is premised entirely on the allegation that the Lennar Defendants built the Plaintiffs' homes using defective Chinese-manufactured drywall. There are no allegations of conduct on one property causing damages to another property. Instead, all of the alleged conduct occurred solely on the Plaintiffs' own properties, and existed at the time the Plaintiffs purchased their homes.  As such, Plaintiffs fail to state a claim for private nuisance. *See Morgan v. W.R. Grace & Co.-Conn*, 779 So. 2d 503, 507 (Fla. 2d DCA 2000) ("we conclude that Ms. Morgan has not alleged a theory of nuisance, entitling her to monetary damages, based upon an alleged condition on her own property, which existed at the time she purchased the land").  Therefore, the Court should dismiss Count XI of the Complaint.

### 10.    Plaintiffs Fail to State a Claim for Medical Monitoring

In Count XII of the Complaint, Plaintiffs ask the Court for equitable and injunctive relief, including requiring the Lennar Defendants to "initiate and pay for a medical monitoring

16

program." (Compl. at ¶ 192). Medical monitoring is an equitable remedy that is available in

only limited circumstances. *Petito v. A.H. Robins Co., Inc.*, 750 So. 2d 103, 108 (Fla. 3d DCA

1999). A trial court may use its equitable powers to create and supervise a medical monitoring

program if a plaintiff proves the following seven elements:

> (1) exposure greater than normal background levels;
> (2) to a proven hazardous substance;
> (3) caused by the defendant's negligence;
> (4) as a proximate result of the exposure, plaintiff has a significantly increased risk of contracting a serious latent disease;
> (5) a monitoring procedure exists that makes the early detection of the disease possible;
> (6) the prescribed monitoring regime is different from that normally recommended in the absence of the exposure; and
> (7) the prescribed monitoring regime is reasonably necessary according to contemporary scientific principles.

*Id.* at 106-07.

Here, Plaintiffs have failed to allege the elements necessary to state a claim for medical

monitoring. For instance, Plaintiffs do not allege that: (i) a monitoring procedure exists that

makes the early detection of the alleged disease possible; (ii) the prescribed monitoring regime is

different from that normally recommended in the absence of the exposure; or (iii) the prescribed

monitoring regime is reasonably necessary according to contemporary scientific principles.

Therefore, Plaintiffs fail to state a claim for medical monitoring, and count XII should be

dismissed. *Petito*, 750 So. 2d at 106-07.

## 11.    The Complaint Fails to State a Claim Under FDUTPA

Finally, the Court should dismiss Plaintiffs' claim under FDUTPA (Count XIII). To state

a claim under FDUTPA, a plaintiff must establish the following: (i) a deceptive or unfair

practice; (ii) causation; and (iii) actual damages. *See, e.g., Rollins, Inc. v. Butland*, 951 So. 2d

860, 869 (Fla. 2d DCA 2006). In bringing a claim under FDUTPA, "a plaintiff must do more

17

than merely allege in a conclusory fashion that a defendant's actions constituted an 'unfair or deceptive act' or that the defendant acted 'wrongfully, unreasonably and unjustly' and for a 'deceptive and improper purpose.'" *Infinity Global, LLC v. Resort at Singer Island, Inc.*, No. 07-80690-CIV, 2008 WL 1711535, at *4 (S.D. Fla. April 10, 2008) (finding that plaintiff failed to state a claim under FDUTPA) (citations omitted).

As the basis for their FDUTPA claim, Plaintiffs merely allege that the "Defendant's acts and omissions as well its failure to use reasonable care in this matter as alleged in the Complaint equals unconscionable acts or practices, as well as deceptive and unfair acts or practices. . . ." (Compl. at ¶ 201). Plaintiffs do not identify the specific conduct of the Lennar Defendants that was allegedly deceptive or unfair, or how this unidentified conduct constituted an unfair or deceptive act. Instead, Plaintiffs' allegations are nothing more than bare legal conclusions, which are insufficient to state a claim under FDUTPA. *Infinity Global, LLC*, 2008 WL 1711535, at *4; *Twombly*, 550 U.S. at 555.

Moreover, even if Plaintiffs had alleged sufficient facts to support an FDUTPA claim, Plaintiffs fail to allege damages that are recoverable under FDUTPA. FDUTPA is "intended to protect a consumer from unfair or deceptive acts or practices which diminish the value or worth of the goods or services purchased by the consumer" and authorizes a consumer to recover actual damages for a violation of FDUTPA. *Urling v. Helms Exterminators, Inc.*, 468 So. 2d 451, 454 (Fla. 1st DCA 1985); Fla. Stat. § 501.211(2). The measure of actual damages is "the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered . . . ." *Urling*, 468 So. 2d at 454. Where a plaintiff has failed to allege a recoverable loss under FDUTPA (*i.e.*, actual damages), the claim is subject to dismissal. *See Smith v. 2001 South Dixie Highway, Inc.*, 872

18

So. 2d 992, 994 (Fla. 4th DCA 2004) ("We conclude that the trial court was correct in dismissing appellant's complaint because appellant did not allege a recoverable loss under the statute and, therefore, failed to state a cause of action.").

In this case, Plaintiffs are not seeking actual damages.  Rather, Plaintiffs plead only special and consequential damages, including the costs to repair their homes and replace the other property allegedly damaged by the defective drywall, and diminution in value damages. (Compl. at ¶¶ 204-205).  However, these damages are not recoverable under FDUTPA.  *Urling*, 468 So. 2d at 454 (denying cost spent repairing damages caused by termites because it "constitutes special or consequential damages which fall outside the statutory concept as defined in section 501.211, Florida Statutes"); *Kia Motors America Corp. v. Butler*, 985 So. 2d 1133, 1140 (Fla. 3d DCA 2008) (noting that "FDUTPA 'actual damages' do not include consequential damages, such as repair damages or resale damages"); *Rollins, Inc.*, 951 So. 2d at 869-70 ("the recovery afforded under FDUTPA does not include diminution in value or stigma damages"). Nor are damages to "property other than the property that is the subject of the consumer transaction." Fla. Stat. § 501.212(3); *Rollins, Inc. v. Heller*, 454 So. 2d 580, 584-85 (Fla. 3d DCA 1984) (denying recovery for items stolen due to defective burglary alarm system because FDUTPA "only allows recovery of damages related to the property which was the subject of the consumer transaction").  Therefore, because Plaintiffs have failed to plead actual damages and are instead seeking damages that are not recoverable under FDUTPA, the court should dismiss Plaintiffs' FDUTPA claim. *Smith*, 872 So. 2d at 994.

19

**B.**     **The Court Should Strike Plaintiffs' Demand for a Trial by Jury**

In addition to dismissing the Complaint, the Court should strike the Garcias' demand for a trial by jury because the Garcias waived their right to a jury trial in their Agreement.   In particular, the Garcias agreed that "any dispute, claim, demand, action or cause of action shall be heard by a judge in a court proceeding and not a jury."   (Garcias Agreement ¶ 40.1).   Therefore, the Garcias' improper demand for a jury trial should be stricken.   *See Palomares v. Ocean Bank of Miami*, 574 So. 2d 1159, 1160 (Fla. 3d DCA 1991) (upholding the validity of a contractual waiver of jury trial).

### III.     CONCLUSION

For all the foregoing reasons, the Court should dismiss Plaintiffs' Complaint, strike the Garcias' improper demand for a jury trial, and grant such other and further relief as this Court deems just and proper.

Dated: January 28, 2010

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
*Attorneys for Lennar Corporation, Lennar Homes, LLC and U.S. Home Corporation*
1221 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile:  (305) 579-0717
E-mail: bassh@gtlaw.com
E-mail: salkym@gtlaw.com

By:____s/ Mark A. Salky_____
HILARIE BASS
Florida Bar No. 334323
MARK A. SALKY
Florida Bar No.  058221

20

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **Defendants Lennar Corporation's, Lennar Homes, LLC's and U.S. Home Corporation's Memorandum of Law in Support of Their Motion to Dismiss Plaintiffs' Class Action Complaint and to Strike Demand for a Trial by Jury and Incorporated Memorandum of Law** has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, on this 28th day of January, 2010.

s/ Mark A. Salky
MARK A. SALKY

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

**Judicial Panel on Multidistrict Litigation - Panel Service List**
**for**
**MDL 2047 - IN RE: Chinese-Manufactured Drywall Products Liability Litigation**

**\*\*\* Report Key and Title Page \*\*\***

Please Note: This report is in alphabetical order by the last name of the attorney. A party may not be represented by more then one attorney. See Panel rule 5.2(c).

**Party Representation Key**
   \* Signifies that an appearance was made on behalf of the party by the representing attorney.
   # Specified party was dismissed in some, but not all, of the actions in which it was named as a party.
   All counsel and parties no longer active in this litigation have been suppressed.

**This Report is Based on the Following Data Filters**
   Docket: 2047 - Chinese-Manufactured Drywall PL
   For Open Cases

**Judicial Panel on Multidistrict Litigation - Panel Service List**                                    Page 1

Docket: 2047 - IN RE: Chinese-Manufactured Drywall Products Liability Litigation
Status:  Transferred on 06/15/2009
Transferee District: LAE      Judge: Fallon, Eldon E.                          Printed on 11/02/2009

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|

**Atlas, Jan Douglas**
ADORNO & YOSS LLP
350 East Las Olas Blvd
Suite 1700
Fort Lauderdale, FL 33301-4217

=>Phone: (954) 763-1200  Fax: (954) 766-7800  Email: jda@adorno.com
Banner Supply Co.*

**Bass, Hilarie**
GREENBERG TRAURIG LLP
1221 Brickell Avenue
Miami, FL 33131

=>Phone: (305) 579-0500  Fax: (305) 579-0717  Email: bassh@gtlaw.com
Lennar Corp.*; Lennar Homes, LLC fka Lennar Homes, Inc.*; U.S. Home Corp.*

**Baumann, Gary F.**
FULMER LEROY ALBEE BAUMANN & GLASS
2866 East Oakland Park Blvd.
Ft. Lauderdale, FL 33306

=>Phone: (954) 707-4430  Fax: (954) 707-4431  Email: gbaumann@fulmerleroy.com
Independent Builders Supply Association, Inc.*

**Becnel, Jr, Daniel E.**
BECNEL LAW FIRM LLC
106 West Seventh Street
P.O. Drawer H
Reserve, LA 70084

=>Phone: (985) 536-1186  Fax: (985) 536-6445  Email: dbecnel@becnellaw.com
Donaldson, Jill M.; Oertling, John

**Boldt, Kimberly L.**
ALTERS BOLDT BROWN RASH & CULMO PA
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137

=>Phone: (305) 571-8550  Fax: (305) 571-8558  Email: kimberly@abbrclaw.com
Barrozo, Hector*; DeBarrozo, Maria Ines Pinar*; Garcia, Angela*; Garcia, Lorena*

**Briscoe, Edward J.**
FOWLER WHITE BURNETT PA
Espirito Santo Plaza
1395 Brickell Avenue
14th Floor
Miami, FL 33131-3302

=>Phone: (305) 789-9200  Fax: (305) 789-9201  Email: EJB@Fowler-White.com
Black Bear Gypsum Supply, Inc.*

**Burge, S. Greg**
BURR & FORMAN LLP
420 North 20th Street
Suite 3400
Birmingham, AL 35203

=>Phone: (205) 458-5101  Fax: (205) 244-5612  Email: gburge@burr.com
Rightway Drywall, Inc.*

**Casper, Christopher C.**
JAMES HOYER NEWCOMER & SMILJANICH PA
One Urban Centre
4830 West Kennedy Boulevard
Suite 550
Tampa, FL 33609-2589

=>Phone: (813) 286-4100  Fax: (813) 286-4174  Email: ccasper@jameshoyer.com
Culliton, Kristin Morgan*

Note: Please refer to the report title page for complete report scope and key.

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Cole, Susan J.<br>BICE COLE LAW FIRM PL<br>999 Ponce de Leon Boulevard<br>Suite 710<br>Coral Gables, FL 33134 | =>Phone: (305) 444-1225 Fax: (305) 446-1598 Email: cole@bicecolelaw.com<br>L&W Supply Corp. dba Seacoast Supply*; USG Corp.* |
| Coutroulis, Chris S.<br>CARLTON FIELDS PA<br>P.O. Box 3239<br>4221 West Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33601-3239 | =>Phone: (813) 223-7000 Fax: (813) 229-4133 Email: ccoutroulis@carltonfields.com<br>M/I Homes, Inc.* |
| Diaz, Jr., Victor Manuel<br>PODHURST ORSECK PA<br>City National Bank Building<br>Suite 800<br>25 W. Flagler Street<br>Miami, FL 33130 | =>Phone: (305) 358-2800 Fax: (305) 358-2382 Email: vdiaz@podhurst.com<br>Green, Dajan*; Morris-Chin, Janet* |
| Duplantier, Jr., Richard G.<br>GALLOWAY JOHNSON TOMPKINS BURR & SMITH<br>701 Poydras Street<br>Suite 4040<br>New Orleans, LA 70139-1200 | =>Phone: (504) 525-6802 Fax: (504) 525-2456 Email: duplantier@gjtbs.com<br>Interior Exterior Building Supply* |
| Gilman, Kenneth G.<br>GILMAN & PASTOR LLP<br>6363 Highcroft Drive<br>Naples, FL 34119 | =>Phone: (239) 213-9960 Fax: (239) 213-9946 Email: kgilman@gilmanpastor.com<br>Ankney, Duane |
| Knauf Gips KG,<br>Ridham Dock, Kemsley<br>Sittingbourne, Kent ME 9 8SR, UK | =><br>Gebr Knauf Verwaltungsgesellschaft KG; Knauf Gips KG |
| Knauf Plasterboard,<br>North Yinhe Bridge, East Jingjin Road<br>Beichen District<br>Tianjin, China 300400 P.R.C. | =><br>Knauf Plasterboard (Tianjin) Co., Ltd. |
| Knauf Plasterboard,<br>No. 2 Gang Wan Road<br>RC-241009 Whuhu Anhui, China | =><br>Knauf Plasterboard (Dongguan) Co., Ltd.; Knauf Plasterboard (Wuhu) Co., Ltd. |
| Knauf Plasterboard,<br>No. 2 Xinsha Development Zone<br>RC-52347 Guangdong, China | =><br>Knauf Plasterboard (Dongguan) Co., Ltd. |
| La Suprema Enterprise,<br>2221 NE 164th Street<br>Suite 335<br>North Miami Beach, FL 33160 | =><br>La Suprema Enterprise, Inc. |

Note: Please refer to the report title page for complete report scope and key.

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| La Suprema Trading, Inc.,<br>2221 NE 164th Street<br>Suite 335<br>N. Miam Beach, FL 33160<br>  *** Bad Address *** | =><br>La Suprema Trading, Inc. |
| Landskroner, Jack<br>LANDSKRONER GRIECO MADDEN LTD<br>1360 West 9th Street<br>Suite 200<br>Cleveland, OH 44113 | =>Phone: (216) 522-9000 Fax: (216) 522-9007 Email: jack@lgmlegal.com<br>Minafri, Steven |
| Levin, Arnold<br>LEVIN FISHBEIN SEDRAN & BERMAN<br>510 Walnut Street<br>Suite 500<br>Philadelphia, PA 19106-3697 | =>Phone: (215) 592-1500 Fax: (215) 592-4663 Email: alevin@lfsblaw.com<br>Martinez, Felix*; Martinez, Jenny*; Niemczura, Walter*; Raphael, Gene*; Santiago, Jason*; Tarzy, Jim*; Vickers, Karin* |
| Nicholas, Steven L.<br>CUNNINGHAM BOUNDS LLC<br>1601 Dauphin Street<br>P.O. Box 66705<br>Mobile, AL 36660 | =>Phone: (251) 471-6191 Fax: (251) 479-1031 Email: sln@cunninghambounds.com<br>Mitchell Co., Inc. (The)* |
| Reise, Jack<br>COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP<br>120 East Palmetto Park Road<br>Suite 500<br>Boca Raton, FL 33432 | =>Phone: (561) 750-3000 Fax: (561) 750-3364 Email: jreise@csgrr.com<br>Riesz, Lawrence*; Schnee, Jennifer* |
| Rothchilt International,<br>N-510 Chia Hsn Bld.<br>Annex 96 Chung Shan N. Rd. Sec. 2<br>Taipei, Taiwan R.O.C.<br>  *** Bad Address *** | =><br>Rothchilt International Ltd. |
| Schwartz, Steven G.<br>SCHWARTZ & HORWITZ PLC<br>6751 North Federal Highway<br>Suite 400<br>Boca Raton, FL 33487 | =>Phone: (561) 395-4747 Fax: (561) 367-1550 Email: sgs@sandhlawfirm.com<br>South Kendall Construction Corp.* |
| Sivyer, Neal A.<br>SIVYER BARLOW & WATSON PA<br>401 East Jackson Street<br>Suite 2225<br>Tampa, FL 33602 | =>Phone: (813) 221-4242 Fax: (813) 227-3598<br>Taylor Morrison Services, Inc. dba Morrison Homes; Taylor Woodrow Communities at Vasari, LLC* |
| Spivey, W. Edgar<br>KAUFMAN & CANOLES PC<br>150 W Main Stree<br>Norfolk, VA 23510 | =>Phone: (757) 624-3000 Fax: (757) 624-3169 Email: wespivey@kaufcan.com<br>Dragas Management Corp.* |

Note: Please refer to the report title page for complete report scope and key.

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
| --- | --- |
| Steckler, Bruce<br>BARON & BUDD<br>3102 Oak Lawn Avenue<br>Suite 1100<br>Dallas, TX 75219-4281 | =>**Phone: (214) 521-3605  Fax: (214) 520-1181  Email: bsteckler@baronbudd.com**<br>Foster, Katherine L.* |
| Taishan Gypsum Co., Ltd.,<br>Dawenkou, Taian<br>Shandong, China 271026 | =><br>Taishan Gypsum Co., Ltd. fka Shandong Taihe Dongxin Co., Ltd. |
| Weinstein, Scott Wm.<br>MORGAN & MORGAN PA<br>12800 University Drive<br>Suite 600<br>Fort Myers, FL 33907 | =>**Phone: (239) 433-6880  Fax: (239) 433-6836  Email: sweinstein@forthepeople.com**<br>Allen, Nicole J.*; Allen, Shane M.* |

Note: Please refer to the report title page for complete report scope and key.