IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 09-2047<br><br>SECTION L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |｜

THIS DOCUMENT RELATES TO:
DAVID GROSS, ET AL V. KNAUF GIPS KG, ET AL, CASE NO. 09-6690

### DEFENDANT BANNER SUPPLY CO.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT

### BACKGROUND

Defendant BANNER SUPPLY CO. ("BANNER")[1], by its undersigned counsel, hereby files its Memorandum in Support of its Motion to Dismiss Plaintiffs DAVID GROSS', CHERYL GROSS', and LOUIS VELEZ's ("Plaintiffs") Amended Class Action Complaint (the "Complaint"). For all the reasons set forth herein, the instant Motion should be granted.

On October 7, 2009, Plaintiffs, who reside in Louisiana, directly filed this class action against 90 named Defendants and 20 fictitious Defendants, including BANNER, in the United States District Court for the Eastern District of Louisiana invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and the Class Action Fairness Act 28 U.S.C. § 1711 *et seq*. Plaintiffs amended their Complaint on October 19, 2009. This Court imposed a stay of discovery by Pretrial Order No. 1 in order to organize the MDL structure. Pretrial Order No. 1 was modified by Pretrial Order No. 1A to permit effectuation of service. Although there is some evidence to the contrary, the stay was arguably lifted by Pretrial Order No. 1D with respect to responsive pleadings on January 8, 2010.

---

[1] Upon information and belief, the named BANNER entity may not be the proper party to these proceedings and BANNER reserves its rights to file an appropriate motion at the appropriate time.
{KCARDOSO/218429.0005/N0809271_1}

Plaintiffs allege that certain of the 90 named Defendants manufactured, sold, distributed, marketed, and placed within the stream of commerce, gypsum drywall, with the expectation that the drywall would be purchased by consumers of various states, including, but not limited to, Louisiana, Alabama, Florida, Mississippi, Texas, North Caroline, and Virginia. (*See* Complaint ¶ 18) Plaintiffs allege that defective drywall was used to remodel their homes located in New Orleans, Louisiana which has caused them to suffer damages. (Complaint ¶ 3, 7, 8, 14)

The Grosses allege that they remodeled their home after Hurricane Katrina, and that the repair of their home was completed in December 2006. (Complaint ¶ 9, 10) Hurricane Katrina first impacted Louisiana on August 29, 2005.[2] Velez does not provide the dates that the drywall was installed in his home, but states only that the remodeling occurred approximately "two years ago." (Complaint ¶ 4) Since the initial Complaint was filed on October 7, 2009, Velez' remodeling and installation of drywall presumably occurred in 2007. (Complaint ¶ 3, 4) Therefore, the relevant time period for the alleged installation of drywall in the Gross and Velez homes is from August 29, 2005 through 2007.

Plaintiffs do not know who manufactured or distributed the drywall that is allegedly installed in their homes. The Grosses admit that they do not know who manufactured or sold the drywall in their home. (Complaint ¶ 11) They allege that the product bears "made in China" markings. (Complaint ¶ 12) Velez suspects that the drywall in his home was manufactured in China because of several instances of alleged corrosion, bad odors, and because a renter in his home has complained of headache and "other personal injuries." (Complaint ¶ 6) <u>Plaintiffs do not allege that BANNER sold them the drywall used to remodel their homes</u>. Instead, Plaintiffs make the following vague and inaccurate allegation with regard to BANNER:

---

[2] A Louisiana state court has taken judicial notice of the date of Hurricane Katrina. *In re Family Adoption of A.G.T.*, 956 So. 2d 641 (La. App. 2007).

2

{KCARDOSO/218429.0005/N0809271_1}

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

> 92. Defendant Banner is a Florida corporation, having its principal place of business in Miami-Dade County, Florida. Banner is a supplier of drywall and related building products. Banner supplied the drywall at issue in this litigation in Florida and/or other affected states.

*See* Complaint ¶ 92.

As is evidenced by the affidavit of Scott Giering, BANNER's Comptroller (which is attached hereto as Exhibit "A"), BANNER's only places of business are in the State of Florida. (*See* Exhibit "A" ¶ 3) BANNER has never had a location outside the State of Florida. (Exhibit "A" ¶ 4). BANNER's business records reveal that BANNER did not make any sales or deliveries of drywall to Plaintiffs, and that BANNER never sold or delivered any drywall to any other person or entity in Louisiana. (Exhibit "A" ¶ 5) Moreover, BANNER has testified that:

- BANNER has never sought a business license nor been licensed to conduct business in Louisiana; (Exh. "A" ¶ 6)

- BANNER has never maintained a business listing, telephone number, or business address in Louisiana; (Exh. "A" ¶ 7)

- BANNER has never owned any real property in Louisiana; (Exh. "A" ¶ 8)

- BANNER has never maintained or operated any factories, warehouses, or offices in Louisiana; (Exh. "A" ¶ 9)

- BANNER has never advertised in Louisiana; (Exh. "A" ¶ 10)

- BANNER has never marketed or promoted sales of any products in Louisiana; (Exh. "A" ¶ 11)

- BANNER has never maintained bank accounts in Louisiana. (Exh. "A" ¶ 12)

## I. CHOICE OF LAW

Because Plaintiffs have invoked federal jurisdiction, this Court must apply the substantive law of Louisiana and federal procedural law. *Erie RR Co. v. Tomkins*, 304 U.S. 64, 78-79 (1938); *Hanna v. Plumer*, 380 U.S. 460, 473 (1965). State substantive law includes

3

{KCARDOSO/218429.0005/N0809271_1}

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

Louisiana's choice of law principles. *Klaxon v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941).

This Court has previously held that actions filed directly into an MDL in Louisiana "by citizens who reside in the MDL court's judicial district ... would have been filed [in Louisiana] whether or not an MDL existed in [Louisiana]. In these cases, the MDL court must apply its own state law, that is, the law of the state in which it sits. It is undisputed that the MDL court has complete authority over every aspect of these cases." *In re Vioxx Products Liability Litigation*, 478 F.Supp. 2d 897, 903 (E.D. La. 2007). Therefore, Louisiana law applies to this case.[3]

## II. STANDARD ON MOTION TO DISMISS

When considering this motion to dismiss pursuant to Fed. R. Civ. Rule 12(b)(2) and 12(b)(6), this Court must consider the allegations contained in the Plaintiff's complaint as true, unless those allegations are controverted by the defendant's affidavit. *Thomas v. Kennedy*, 75 Fed. Appx. 281, 283-4 (5th Cir. 2003) (unpublished) (citing *Asarco, Inc. v. Glenara Ltd.*, 912 F. 2d 784, 785, (5th Cir. 1990) (emphasis added)).

## III. THIS ACTION IS DUE TO BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

### A. Under Louisiana's Long-Arm Statute and Applicable Federal Law, Plaintiffs' Claims Must Be Dismissed.

"In diversity actions ... the law of the forum state, subject to the Constitutional limits imposed by the Due Process Clause, controls the ability of a district court to exercise personal jurisdiction over nonresident defendants." *Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.

---

[3] Even if Florida law applied, BANNER is due to be dismissed for lack of personal jurisdiction, because both Louisiana's and Florida's long-arm statutes extend due process to the fullest extent permitted by federal due process. *Davis v. Dempster*, 790 So. 2d 43, 46 (La. App. 2000) writ denied 785 So. 2d 830 (La. 2001); *See Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989). *See e.g. In re Bausch & Lomb, Inc.*, 2007 WL 3046682 at *3 (D.S.C. Oct. 11, 2007) in which the court did not determine which substantive law applied, because there was no conflict among the states. *Id.* at *3.

3d 389, 396 (5th Cir. 2001) (citing *Southmark Corp. v. Life Investors, Inc.*, 851 F. 2d 763, 722 n. 15 (5th Cir. 1988); *Stuart v. Spademan*, 722 F. 2d 1158 (5th Cir. 1985)).

The Louisiana long-arm statute, La. R.S. 13:3201(A) and (B), describes the circumstances under which a Louisiana court may exercise personal jurisdiction over a nonresident defendant such as BANNER:

> A.  A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
> (1) Transacting any business in this state.
> (2) Contracting to supply services or things in this state.
> (3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.
> (4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.
> B.  In addition to the provision of Subsection A, <u>a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the Constitution of this state and of the Constitution of the United States.</u> (emphasis added)

La. R.S. 13:3201(B) ensures that the long-arm jurisdiction of a Louisiana court extends to the limits permitted by the Due Process Clause of the Fourteenth Amendment. *Superior Supply Co. v. Associated Pipe and Supply Co.*, 515 So. 2d 790, 792 (La. 1987). In *Superior Supply*, the court stated that under "the express terms of the present long-arm statute, the sole inquiry into jurisdiction over a nonresident is a one-step analysis of the constitutional due process requirements. If the assertion of jurisdiction meets the constitutional requirements of due process, jurisdiction is authorized under the long-arm statute." *Id.* (citing *Petroleum Helicopters, Inc. v. Avco Corp.*, 513 So. 2d 1188, 1192 (La. 1987); *see also Puckett v. Advance Sports, Inc.*,

5

{KCARDOSO/218429.0005/N0809271_1}

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

No. 2009 CA 0507, 2009 WL 3430283 (La. App. 1 Cir. October 26, 2009) at 4; *Thomas v. Kennedy, supra*, 75 Fed. Appx. At 283.

      B.    **BANNER Is Not Subject to the Jurisdiction of this Court, Because It Has Not Established Minimum Contacts With The State of Louisiana, and Maintaining the Suit in Louisiana Offends Traditional Notions of Fair Play and Substantial Justice.**

A non-resident defendant is not subject to the jurisdiction of this Court unless it has sufficient "minimum contacts" with the State of Louisiana, and maintaining the suit does not offend "traditional notions of fair play and substantial justice." *Dalton v. R&M Marine, Inc.*, 897 F. 2d 1359, 1361 (5th Cir. 1990) (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)); *LaRocca's Auto Sales Floorplan, Inc. v. Shelton*, No. 09-CA-143 2009 WL 3447606 at *2, (La. App. 5th Cir. Oct. 27, 2009). There are two components to the due process test; they are "minimum contacts" and "traditional notions of fair play and substantial justice." *Asarco, Inc. v. Glenara Ltd.*, 912 F. 2d 784, 786 (5th Cir. 1990).

      C.    **BANNER Does Not Have Minimum Contacts With Louisiana Because BANNER has Not Purposefully Availed Itself of the Privilege of Conducting Activities in Louisiana.**

BANNER does not have minimum contacts with the State of Louisiana, because BANNER has not purposefully availed itself of the privilege of conducting business in Louisiana. (*See* Exhibit "A") For the exercise of personal jurisdiction over BANNER to be proper, BANNER must have purposefully established "minimum contacts" with Louisiana's laws and could reasonably anticipate being hauled into court there. *Id.* at 786. *Asarco, Inc. v. Glenara Ltd., supra*, 912 F. 2d at 786 (citing *Ashahi Metal Industry Co. v. Superior Court of California*, 489 U.S. 102, 107 (1987); *Gulf Consolidated Services v. Corinth Pipeworks, S.A.*, 898 F. 2d 1071 (5th Cir. 1990)).

      The United States Supreme Court has held that

      [i]t is essential in each case that there be some act by which the

6

> defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus evoking the benefits and protections of its laws.

*Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). This 'purposeful availment' requirement ensures that a defendant will not be haled into court into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or by the unilateral activity of another party or a third person." *Puckett v. Advance Sports, supra*, at 4, citing *de Reyes v. Marine Mgt and Consulting*, 586 So. 2d 103, 106 (La. 1991); *Alonso v. Line*, 846 So. 2d 745 (La. 2003) cert. denied, 540 U.S. 967 (2003); *Burger King Corporation v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1985); *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. at 286, 299 (1980)).

BANNER has not purposefully availed itself of the privilege of doing business in Louisiana. The undisputed evidence before this Court confirms this fact. (*See* Exhibit "A"). Specifically:

1. BANNER is a Florida corporation, and its places of business are in the State of Florida. (*See* Exhibit "A" ¶ 3).

2. BANNER is a building supplier, and it has never had a location outside of Florida. (Exhibit "A" ¶ 4).

3. BANNER has never sold or delivered drywall to the Plaintiffs, or to any other person or entity in Louisiana. (Exhibit "A" ¶ 5).

4. BANNER has never sought a business license in Louisiana, or been licensed to conduct business in Louisiana. (Exhibit "A" ¶ 6).

5. BANNER has never maintained a business listing, telephone number, or business address in Louisiana. (Exhibit "A" ¶ 7).

7

{KCARDOSO/218429.0005/N0809271_1}
ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD.• SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

6. BANNER has never owned any real property in Louisiana. (Exhibit "A" ¶ 8).

7. BANNER has never maintained or operated any factories, warehouses, or offices in Louisiana. (Exhibit "A" ¶ 9).

8. BANNER has never advertised in Louisiana. (Exhibit "A" ¶ 10).

9. BANNER has never marketed or promoted sales of any products in Louisiana. (Exhibit "A" ¶ 11).

10. BANNER has never maintained bank accounts in Louisiana. (Exhibit "A" ¶ 12).

**D. This Court Does Not Have Specific Jurisdiction or General Jurisdiction Over BANNER**

In *Asarco, Inc. v. Glenara, Ltd. supra*, the Fifth Circuit Court of Appeals identified two categories of minimum contacts which give rise to personal jurisdiction over a non-resident defendant such as BANNER. These categories are specific jurisdiction and general jurisdiction. Specific jurisdiction arises when the suit is derived from, or related to, the defendant's purposeful contacts with the forum state. *Asarco*, 912 F. 2d at 786 (citing *Dalton v. R&W Marine, supra*, 897 F. 2d at 1361-1262)); *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). Louisiana has general jurisdiction over a defendant when the defendant has "continuous and systematic contacts" with the state. *Asarco, supra, at* 786.

There is no basis for subjecting BANNER to specific jurisdiction in Louisiana. BANNER's Comptroller has testified that BANNER has no record of sales of drywall to the Plaintiffs; in fact BANNER has no record of having sold or delivered any drywall to any person or entity in Louisiana. (Exhibit "A" ¶ 5). Clearly, Plaintiffs' alleged injuries were not caused by BANNER. Therefore, there is no basis for exercising specific personal jurisdiction over BANNER in Louisiana.

8

Nor is there any evidence to support a finding of general jurisdiction over BANNER. BANNER's only places of business are in Florida, and it has not purposely availed itself of the privilege of conducting activities in Louisiana. *See* Exhibit "A"). BANNER's Comptroller has testified that:

1. BANNER has never sought a business license nor been licensed to conduct business in Louisiana; (Exh. "A" ¶ 6)

2. BANNER has never maintained a business listing, telephone number, or business address in Louisiana; (Exh. "A" ¶ 7).

3. BANNER has never owned any real property in Louisiana; (Exh. "A" ¶ 8).

4. BANNER has never maintained or operated any factories, warehouses, or offices in Louisiana; (Exh. "A" ¶ 9).

5. BANNER has never advertised in Louisiana; (Exh. "A" ¶ 10).

6. BANNER has never marketed or promoted sales of any products in Louisiana; (Exh. "A" ¶ 11).

7. BANNER has never maintained bank accounts, in Louisiana. (Exh. "A" ¶ 12).

Therefore, BANNER cannot be subjected to personal jurisdiction in the State of Louisiana under either the specific or general jurisdiction theories.

### IV. **SUBJECTING BANNER TO PERSONAL JURISDICTION IN THE STATE OF LOUISIANA WOULD OFFEND TRADITIONAL NOTIONS OF FAIR PLAY AND SUBSTANTIAL JUSTICE.**

Even where a defendant's contacts with the forum are insufficient to meet the minimum contacts requirement for exercising personal jurisdiction if doing so would offend "traditional notions of fair play and substantial justice." *International Shoe v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, (1940)); *see also Asahi Metal Industry Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 113-14 (1987).

Even if BANNER had minimum contacts with Louisiana, it would be entirely unfair to require BANNER to answer this complaint in Louisiana, because BANNER has not sold or delivered any drywall to Plaintiffs, or to any other customers in Louisiana. (Exhibit "A" ¶ 5).

V. **PLAINTIFFS HAVE FAILED TO STATE A CAUSE OF ACTION, AND THEY DO NOT HAVE A STANDING**

The Grosses admit that they do not know who manufactured or sold the drywall which was installed in their home. Their only point of reference is that the drywall allegedly has markings showing that it was made in China. (Complaint ¶ 11, 12) Velez admits that he does not know when the drywall was installed in his home, and he does not even know whether it came from China. (Complaint ¶ 4, 7) He merely suspects that his property has Chinese drywall because of "several instances of corrosion," "bad odors," and, because his tenant has complained of headaches and "other personal injuries." (Complaint ¶ 6).

Plaintiffs have not alleged any facts that link the drywall at issue with BANNER; thus, their Complaint is based on mere speculation that BANNER is a proper defendant. Consequently, Plaintiffs' complaint is due to be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) because it does not allege a cause of action against BANNER. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

The United States Supreme Court has recently revisited federal Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*, supra. In *Twombly*, the Court expressly overruled *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) insofar as *Conley* held that dismissal was not available "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 550 U.S. at 563. *Twombly* holds that a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Bausch & Lomb, Inc.* 2007 WL 3046682 (D.S.C. Oct. 11, 2007) an MDL action, in which certain of the plaintiff's claims were dismissed because they relied on conclusory statements that the

10

{KCARDOSO/218429.0005/N0809271_1}

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

plaintiffs "have been monetarily injured" and did not provide factual allegations to support their legal conclusions).

In *Ashcroft v. Iqbal,* U.S. __, 129 S. Ct. 1937, 1950 (2009), the United States Supreme Court stated that when evaluating the sufficiency of a complaint, a court must identify and disregard all unsupported legal conclusions, and determine whether the remaining factual allegations plausibly suggest the defendant's liability, because "[t]hreadbare recitals of a cause of action, supported by mere conclusory statements do not suffice." *Id.* at 1950 (citing *Bell Atlantic Corp. v. Twombly*, at 1955); *see also Arias-Benn v. State Farm Fire & Cas. Co.,* 495 F. 3d 228, 230 (5th Cir. 2007) (quoting *Plotkin v. IP Axess, Inc.,* 407 F. 3d 690, 696 (5th Cir. 2005) (holding that Fifth Circuit does "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.")).

In addition to their failure to state a claim, Plaintiffs do not have standing because Plaintiffs' injuries were not caused by BANNER. (Exhibit "A" ¶ 5). To establish standing "there must be a causal connection between the injury and the conduct complained of – the injury has to be 'fairly ... trace[able] to the challenged actions of the defendant....'" *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-561 (1992). In *International Primate Protection League v. Administrators of Tulane Educ. Fund,* 500 U.S. 72 (1991), the Supreme Court explained that a plaintiff has standing if the plaintiff "is entitled to an adjudication *of the particular claims asserted."* *Id.* at 77 (quoting *Allen v. Wright,* 468 U.S. 737, 752 1984) (emphasis in original)). "Standing is a prerequisite to bringing suit, and nothing in Rule 23 Fed. R. Civ. P. alters this requirement." *Thompson v. Board of Educ. Of Romeo Community Schools,* 709 F. 2d 1200, 1204 (6th Cir. 1983) (citing *LaMar v. H & B Novelty & Loan Co.,* 489 F. 2d 461, 462 (9th Cir. 1973)).

11

{KCARDOSO/218429.0005/N0809271_1}

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

In addition to the requirements of standing, the typicality requirement of class action Rule 23(a)(3) Fed. R. Civ. P. requires the Grosses and Velez to state a claim against BANNER. In *LaMar v H B Novelty, supra*, the court explained that a plaintiff "cannot represent those having causes of action against other defendants against whom the plaintiff has no cause of action and from whose hands he suffered no injury." *Id*. at 462. BANNER did not sell or deliver drywall to either the Grosses or Velez. (*See* Exhibit "A" ¶ 5). Therefore, they do not have standing to make a claim against BANNER, and the typicality requirement of Rule 23 cannot be satisfied with respect to BANNER.

## VI. VENUE IS IMPROPER AS TO BANNER

BANNER's only places of business are in Florida. (*See* Exhibit "A" ¶ 3). In the event this Court does not dismiss BANNER from this matter, BANNER respectfully requests this Court to transfer the claim against BANNER to the United States District Court for the Southern District of Florida (in where BANNER's principal place of business is located) pursuant to 28 U.S. § 1406(a) which provides that when a venue is improper, this Court may dismiss the action, or, if in the interests of justice, transfer the case to the district or division in which it could have been brought.

In a diversity action, for venue purposes, a corporation resides in any judicial district in which it is subject to personal jurisdiction when the action is commenced. 28 U.S. C. § 1391(c). Venue in the Eastern District of Louisiana is not proper as to BANNER because this Court does not have personal jurisdiction over BANNER in Louisiana.

## VII. CONCLUSION

The evidence before this Court clearly demonstrates that BANNER has not "purposefully availed" itself of the privilege of conducting business in Louisiana, and is not subject to personal jurisdiction in the Eastern District of Louisiana. Even if BANNER did have sufficient minimum

12

{KCARDOSO/218429.0005/N0809271_1}

**Adorno & Yoss LLP**
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

contacts with Louisiana so that it should reasonably have expected to have been haled into court there, Louisiana's assertion of jurisdiction in this case would unconstitutionally violate traditional notions of fair play and substantial justice. Finally, Plaintiffs have failed to state a claim pursuant to Rule 12(b)(6), and they do not have standing to bring claims against BANNER.

BANNER respectfully requests that this Court enter an Order dismissing it from this case for lack of *in personam* jurisdiction in accordance with Fed. R. Civ. P. 12(b)(2), and for failure to state a claim pursuant to 12(b)(6). In the alternative, if this Court does not dismiss this case, BANNER requests that it be transferred to the United States District Court for the Southern District of Florida where venue is properly laid, pursuant to 28 U.S.C. § 1406(a).

Respectfully submitted this 29th day of January, 2010.

**ADORNO & YOSS LLP**

/s/ Jeffrey A. Backman
Jan Douglas Atlas
Florida Bar No.: 226246
jatlas@adorno.com
Jeffrey A. Backman
Florida Bar No.: 662501
jbackman@adorno.com
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, Florida 33301-4217
Telephone:   (954) 763-1200
Facsimile:   (954) 766-7800

*Attorneys for Defendant BANNER SUPPLY CO.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Memorandum of Law in Support of Motion to Dismiss has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 29th day of January, 2010.

/s/ Jeffrey A. Backman

**ADORNO & YOSS LLP**
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800