UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No.: 09-2047 |
| THIS DOCUMENT RELATES TO: Stephen and Isis Silva v. Arch Insurance Company, et al. LP, et al. - Case No. 2:09-cv-8034 (E.D. La.) | JUDGE: FALLON MAG.: WILKINSON |

### LIBERTY MUTUAL FIRE INSURANCE COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") submits this Memorandum in Support of its Motion to Dismiss plaintiffs' claims against Liberty Mutual pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs' Petition purports to state a claim against Liberty Mutual as liability insurer of Interior Exterior under Louisiana's Direct Action Statute. Indeed, this statute is the only source of their claim, as plaintiffs are not insureds under Liberty Mutual's policy and thus are not in contractual privity with Liberty Mutual. Completely absent from the Petition, however, is any substantive allegation against Interior Exterior. To the contrary, although plaintiffs have named Interior Exterior as a defendant, they concede that their substantive claims are asserted in an entirely separate class-action lawsuit and have requested no relief against Interior Exterior in this suit. Because the Louisiana Direct Action Statute only provides an injured party a right of action against a tortfeasor's liability insurer where the injured party can allege and prove the insured's liability, plaintiffs have failed to state a claim under this statute. Accordingly, the Court should dismiss plaintiffs' claims against Liberty Mutual under Federal Rule of Civil Procedure 12(b)(6).

## I. BACKGROUND

Plaintiffs' filed their class-action Petition for Declaratory Judgment in the 22nd Judicial District Court for the Parish of St. Tammany on December 1, 2009. Defendants Liberty Mutual, Arch Insurance Company ("Arch") and Interior Exterior Building Supply, LP ("Interior Exterior") removed the case on December 30, 2009 pursuant to the Class Action Fairness Act. *See* Rec. Doc. No. 1. On December 31, 2009, this action was assigned to MDL No.: 09-2047. *See* Rec. Doc. No. 3.

Plaintiffs' suit is styled as a "Petition for Declaratory Judgment." Plaintiffs, more than 1,000 proposed class members who allegedly purchased defective Chinese drywall directly or indirectly from Interior Exterior, have sued Interior Exterior and five of its liability insurance carriers, including Liberty Mutual. *See* Petition, at ¶ XIII. Plaintiffs indisputably are not insureds under Liberty Mutual's insurance policies issued to Interior Exterior and thus have no contractual relationship with Liberty Mutual whatsoever. Nevertheless, they seek "a declaration of coverage under the defendants' liability policies with respect to Interior Exterior's liability for any and all damages or other remedies to which Plaintiffs and/or other class members may be entitled under Louisiana law." *Id.* at ¶ XIV.

Plaintiffs purport to bring their claims against the insurers, including Liberty Mutual, "pursuant to Louisiana's Direct Action Statute, La. R.S. 22:1269, in [their] capacity as the liability carrier[s] of [Interior Exterior]." *Id.* at ¶ I. Notably absent from the Petition, however, is any substantive allegation against Interior Exterior. Indeed, plaintiffs acknowledge that they have brought their substantive claims against Interior Exterior in an entirely separate class-action lawsuit ("the Interior Exterior Suit"), which also is now pending in the MDL following its removal. *See* Petition in *Silva v. Interior Exterior Building Supply, LP*, No. 09-

8034, attached as Exh. A; Petition, at ¶ VII ("Plaintiffs . . . have brought suit against Defendant Interior Exterior, for damages including return of purchase price, restoration and/or replacement and/or repair, diminution in value, mental anguish, inconvenience, personal injuries, and/or attorneys' fees . . . ."). In the Interior Exterior Suit, and not in this suit, plaintiffs have alleged that Interior Exterior is liable to them for its role in selling allegedly defective Chinese drywall under various theories, including the Louisiana Product Liability Act, redhibition, and negligence. *See* Exh. A, at ¶ IX. In the Interior Exterior Suit, plaintiffs seek judgment against Interior Exterior for "all damages and other remedies reasonable in the premises, together with the cost of these proceedings, legal interest, attorneys' fees, and any and all general or equitable relief which may be reasonable under the circumstances." *Id.* at Prayer. In contrast, the Petition in this case seeks relief solely from the insurer defendants and does not even mention Interior Exterior, let alone request judgment against it. *See* Petition, at Prayer.

## II. ARGUMENT

### A. Rule 12(b)(6) Requires Dismissal Where, As Here, Plaintiffs Have Failed to Allege a Plausible Claim.

In deciding a Rule 12(b)(6) motion to dismiss, the court "accept[s] as true the well-pleaded allegations in the complaint" and grants the motion if the factual allegations serving as the plaintiff's grounds for entitlement to relief fail to "'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; see also *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level"). A plaintiff's obligation to state the grounds of his or her entitlement to relief "requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. See also *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (same principle).

This Court has not hesitated to grant relief under Rule 12(b)(6) where, as here, plaintiffs' allegations do not satisfy this exacting standard. *See In re Vioxx Prods. Liab. Litig.*, No. 07-3724, 2007 WL 3104220, at *2 (E.D. La. 2007) (Fallon, J.) (granting defendant's motion to dismiss where plaintiff lacked standing to sue under RICO); *Becnel, et al. v. Whirley Indus., Inc., et al.*, No. 03-1820, 2003 WL 22852215, at *4 (E.D. La. 2003) (Fallon, J.) (granting defendants' motion to dismiss plaintiffs' claim under Louisiana Unfair Trade Practices Act where plaintiffs' allegations were insufficient to support finding that they were defendants' actual or potential business competitors).

### B. Plaintiffs Have Failed to State A Claim Against Liberty Mutual Under the Louisiana Direct Action Statute.

Louisiana's Direct Action Statute, La. Rev. Stat. 22:1269, creates a limited right of action against a liability insurer in favor of third parties injured by the insured. *See* La. Rev. Stat. 22:1269(B)(1) ("The injured person . . . shall have a right of direct action against the insurer within the terms and limits of the policy . . . ."). Except under limited circumstances not applicable here, the statute requires the injured party to join his claim against the insurer with the claim against the insured. *See id.* 22:1269(B)(1) ("However, such action may be brought against the insurer alone only when . . . ."). To establish a claim against the insurer under the Direct Action Statute, the plaintiff bears the burden to prove both "negligence on the part of the tortfeasor," as well as "the existence of the policy and coverage under the policy." *Chisley v. Coleman*, 927 So. 2d 1221, 1223 (La. App. 2 Cir. 2007) (citing *Tunstall v. Stierwald*, 809 So. 2d 916 (La. 2002)).

Louisiana law is clear that the statute "does not create an independent cause of action against the insurer . . ."; to the contrary, "it merely grants a procedural right of action against the insurer where the plaintiff has a substantive cause of action against the insured." *Descant v. Administrators of the Tulane Educational Fund*, 639 So. 2d 246, 249 (La. 1994); *Green v. Auto Club of La.*, No. 2008-CC-2868, 2009 WL 3449609, at *1 (La. 2009); *Chisley*, 927 So. 2d at 1223. The Louisiana Supreme Court plainly has stated that the Direct Action Statute is the only possible source of an injured party's claim against a tortfeasor's liability insurer, as these parties are not in contractual privity: "In the absence of the Direct Action Statute, a plaintiff would have no right of action against an alleged tortfeasor's liability insurer because the obligation between the plaintiff and the alleged tortfeasor is delictual in nature, and plaintiff has no contractual relationship with the tortfeasor's insurer." *Green*, 2009 WL 3449609, at *2. Thus, to the extent that the injured party's pleadings do not strictly comply with the statute's requirements, no right of action against the insurer is available.

Plaintiffs' Petition fails to state a claim against Liberty Mutual under the Direct Action Statute, because plaintiffs have not alleged a substantive claim against Liberty Mutual's insured, Interior Exterior. Because the Direct Action Statute is the only possible source of plaintiffs' right of action against Liberty Mutual, as they are not insureds under Liberty Mutual's policies, plaintiffs must strictly comply with the statute's requirements to maintain their suit against Liberty Mutual. The Direct Action Statute plainly requires injured parties such as plaintiffs to join their claims against the tortfeasor's insurer with the substantive claims against the tortfeasor. Far from doing this, plaintiffs have filed an entirely separate suit against Interior Exterior in which they have asserted all of their substantive claims against Interior Exterior. *See* Exh. A. An essential element of plaintiffs' claim against Liberty Mutual under the Direct Action

Statute is liability on the part of Liberty Mutual's insured, and it necessarily follows that plaintiffs' allegations are insufficient as a matter of law if they fail to even plead such liability or to request a judgment against the insured. Because the Direct Action Statute does not permit plaintiffs a right of action against a liability insurer absent substantive allegations against the insured, and such allegations are completely lacking here, the Court should dismiss plaintiffs' claims against Liberty Mutual under Federal Rule of Civil Procedure 12(b)(6).

## IV.   CONCLUSION

Because plaintiffs have failed to allege any substantive liability on the part of Liberty Mutual's insured or to request any relief against it, plaintiffs have failed to state a claim against Liberty Mutual under Louisiana's Direct Action Statute, the only possible source of their claim against Liberty Mutual. Accordingly, the Court should dismiss the claims against Liberty Mutual under Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted:

*/s/ Catherine F. Giarrusso*

Judy Y. Barrasso, 2814
H. Minor Pipes, III, 24603
John W. Joyce, 27525
Catherine Fornias Giarrusso, 29875
   Of
BARRASSO USDIN KUPPERMAN
   FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana 70112
Telephone (504) 589-9700
Facsimile (504) 589-9701

Attorneys for Liberty Mutual Fire Insurance Company

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S mail and e-mail *or* by hand delivery and e-mail *and* upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 29th day of January, 2010.

*/s/ Catherine F. Giarrusso*
_____