**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No.  09-2047 |
| | SECTION:  L |
| THIS DOCUMENT RELATES TO: **Curtis Hinkley, et al. v. Taishan Gypsum Co. Ltd., et al.** Case No. 2:2009-cv-06686 (E.D. La.) | JUDGE:  FALLON |
| | MAGISTRATE:  WILKINSON |

## VENTURE SUPPLY, INC. AND THE PORTER-BLAINE CORPORATION'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

Defendants Venture Supply, Inc. ("Venture") and The Porter-Blaine Corporation ("PB"), by counsel, subject to and without waiving the defenses raised in its Motions to Dismiss pursuant to Rules 12(b)(6) of the Federal Rules of Civil Procedure, which is filed contemporaneously herewith, for their Answer to the Plaintiffs' Second Amended Class Action Complaint (MDL No. 2047, Doc. No. 762) (hereinafter "the Second Amended Complaint"), states the following:

## JURISDICTION, PARTIES, AND VENUE

1.     The allegations of Paragraph 1 are denied for lack of information sufficient to form a belief as to their truth or falsity as it is unknown to these answering Defendants whether this Court has subject matter jurisdiction over Taishan Gypsum Co., Ltd f/k/a Shandong Tiahe Dongxin, Co., Ltd ("Taishan").

2.     The allegations of Paragraph 2 are denied.

3.     The allegations of Paragraph 3 are admitted.

4.     The allegations of Paragraph 4 are admitted, upon information and belief.

5.     The allegations of Paragraph 5 are admitted in part and denied in part.  These answering Defendants admit that drywall was installed by Porter-Blaine.  The remaining allegations of Paragraph 5 are denied.

6.      The allegations contained in Paragraph 6 are denied for lack of information sufficient to form a belief as to their truth or falsity.

7.      The allegations contained in Paragraph 7 are denied for lack of information sufficient to form a belief as to their truth or falsity.

8.      The allegations contained in Paragraph 8 are denied for lack of information sufficient to form a belief as to their truth or falsity.

9.      The allegations contained in Paragraph 9 are denied for lack of information sufficient to form a belief as to their truth or falsity.

10.     The allegations contained in Paragraph 10 are admitted, upon information and belief.

11.     The allegations contained in Paragraph 11 are denied for lack of information sufficient to form a belief as to their truth or falsity.

12.     The allegations contained in Paragraph 12 are denied for lack of information sufficient to form a belief as to their truth or falsity.

13.     The allegations contained in Paragraph 13 are denied for lack of information sufficient to form a belief as to their truth or falsity.

14.     The allegations contained in Paragraph 14 are admitted.

15.     The allegations of Paragraph 15 are admitted in part and denied in part.  These answering Defendants admit that Venture Supply imported and supplied drywall.  The remaining allegations of this Paragraph are denied.

16.     The allegations contained in Paragraph 16 are admitted.

17.     The allegations of Paragraph 17 are admitted in part and denied in part.  These answering Defendants admit that Porter-Blaine shares an address with Venture Supply and installs drywall.  The remaining allegations of this Paragraph are denied.

18.     The allegations contained in Paragraph 18 are denied.

19.     The allegations contained in Paragraph 19 are admitted.

20.     The allegations contained in Paragraph 20 are denied for lack of information sufficient to form a belief as to their truth or falsity.

21.     The allegations contained in Paragraph 21 are denied for lack of information sufficient to form a belief as to their truth or falsity.

22.     The allegations contained in Paragraph 22 are denied for lack of information sufficient to form a belief as to their truth or falsity.

23.     The allegations contained in Paragraph 23 are denied for lack of information sufficient to form a belief as to their truth or falsity.

24.     The allegations contained in Paragraph 24 are denied for lack of information sufficient to form a belief as to their truth or falsity.

25.     The allegations contained in Paragraph 25 are denied for lack of information sufficient to form a belief as to their truth or falsity.

26.     The allegations contained in Paragraph 26 are denied for lack of information sufficient to form a belief as to their truth or falsity.

27.     The allegations contained in Paragraph 27 are denied for lack of information sufficient to form a belief as to their truth or falsity.

28.     As to the allegations of Paragraph 28, it is denied that this suit should be certified as a class action.  Otherwise, Paragraph 28 sets forth no allegations requiring admission or denial.  To the extent that Paragraph 28 can be said to require an answer, the allegations of Paragraph 28 are denied.

29.     The allegations of Paragraph 29 contain legal conclusions to which no response is required.  To the extent that Paragraph 29 can be said to require an answer, the allegations of Paragraph 29 are denied.

30.     The allegations contained in Paragraph 30 are denied.

31.     The allegations contained in Paragraph 31, inclusive of all subparts are denied.

32.     The allegations contained in Paragraph 32 are denied.

33.     The allegations contained in Paragraph 33 are denied.

34.     These answering Defendants deny that this dispute should be certified as a class action.  Otherwise, Paragraph 34 sets forth no allegations requiring admission or denial.  To the extent that Paragraph 34 can be said to require an answer, the allegations of Paragraph 34 are denied for lack of information sufficient to form a belief as to their truth or falsity.

35.     These answering Defendants deny that this dispute should be certified as a class action.  Otherwise, Paragraph 35 sets forth no allegations requiring admission or denial.  To the extent that Paragraph 35 can be said to require an answer, the allegations of Paragraph 35 are denied for lack of information sufficient to form a belief as to their truth or falsity.

36.     The allegations contained in Paragraph 36 are denied.

37.     The allegations contained in Paragraph 37 are denied.

38.     The allegations contained in Paragraph 38 are denied.

39.     The allegations contained in Paragraph 39 are denied.

40.     Defendants reincorporate their answers to the foregoing paragraphs as if set forth more fully herein.

41.     The allegations contained in Paragraph 41 are denied.

42.     The allegations contained in Paragraph 42 are denied.

43.     The allegations contained in Paragraph 43 are denied.

44.     The allegations contained in Paragraph 44 are denied.

45.     The allegations contained in Paragraph 45 are denied.

46.     The allegations contained in Paragraph 46 are denied.

47.     Defendants reincorporate their answers to the foregoing paragraphs as if set forth more fully herein.

48.     The allegations contained in Paragraph 48 are denied.

49.     The allegations contained in Paragraph 49 are denied.

50.     The allegations contained in Paragraph 50 are denied.

51.     The allegations contained in Paragraph 51 are denied.

52.     The allegations contained in Paragraph 52 are denied.

53.     The allegations contained in Paragraph 53 are denied.

54.     The allegations contained in Paragraph 54 are denied.

55.     Defendants reincorporate their answers to the foregoing paragraphs as if set forth more fully herein.

56.     The allegations contained in Paragraph 56 are denied.

57.     The allegations contained in Paragraph 57 are denied.

58.     The allegations contained in Paragraph 58 are denied.

59.     The allegations contained in Paragraph 59 are denied.

60.     The allegations contained in Paragraph 60 are denied.

61.     The allegations contained in Paragraph 61 are denied.

62.     The allegations contained in Paragraph 62 are denied.

63.     Defendants reincorporate their answers to the foregoing paragraphs as if set forth more fully herein.

64.     The allegations contained in Paragraph 64 are denied.

65.     The allegations contained in Paragraph 65 are denied.

66.     The allegations contained in Paragraph 66 are denied.

67.     The allegations contained in Paragraph 67 are denied.

68.     The allegations contained in Paragraph 68 are denied.

69.     The allegations contained in Paragraph 69 are denied.

70.     Defendants reincorporate their answers to the foregoing paragraphs as if set forth more fully herein.

71.     The allegations contained in Paragraph 71 are denied.

72.     The allegations contained in Paragraph 72 are denied.

73.     The allegations contained in Paragraph 73 are denied.

74.     Defendants reincorporate their answers to the foregoing paragraphs as if set forth more fully herein.

75.     Paragraph 75 contains no charging allegations against the answering Defendants, rather charging allegations against another Defndant which require no answer under the Federal Rules of Civil Procedure.  To the extent that Paragraph 75 can be said to require an answer, the allegations contained in Paragraph 75 are denied.

76.     Paragraph 76 contains no charging allegations against the answering Defendants, rather charging allegations against another Defndant which require no answer under the Federal Rules of Civil Procedure.  To the extent that Paragraph 76 can be said to require an answer, the allegations contained in Paragraph 76 are denied.

77.     Paragraph 77 contains no charging allegations against the answering Defendants, rather charging allegations against another Defndant which require no answer under the Federal Rules of Civil Procedure.  To the extent that Paragraph 77 can be said to require an answer, the allegations contained in Paragraph 77 are denied.

78.     Paragraph 78 contains no charging allegations against the answering Defendants, rather charging allegations against another Defndant which require no answer under the Federal Rules of Civil Procedure.  To the extent that Paragraph 78 can be said to require an answer, the allegations contained in Paragraph 78 are denied.

79.     Defendants reincorporate their answers to the foregoing paragraphs as if set forth more fully herein.

80.     Paragraph 80 sets forth no allegations requiring admission or denial.  To the extent that Paragraph 80 can be said to require an answer, the allegations of Paragraph 80 are denied.

81.     The allegations contained in Paragraph 81 are denied.

82.     The allegations contained in Paragraph 82 are denied.

83.     The allegations contained in Paragraph 83 are denied.

84.     The allegations contained in Paragraph 84 are denied.

85.     Defendants reincorporate their answers to the foregoing paragraphs as if set forth more fully herein.

86.     The allegations contained in Paragraph 86 are denied.

87.     The allegations contained in Paragraph 87 are denied.

88.     Paragraph 88 sets forth no allegations requiring admission or denial.  To the extent that Paragraph 88 can be said to require an answer, the allegations of Paragraph 88 are denied.

89.     The allegations contained in Paragraph 89 are denied.

90.     The allegations contained in Paragraph 90 are denied.

91.     The allegations contained in Paragraph 91 are denied.

92.     The allegations contained in Paragraph 92 are denied.

93.     The allegations contained in Paragraph 93 are denied.

94.     The allegations contained in Paragraph 94 are denied.

95.     The allegations contained in Paragraph 95 are denied.

96.     The allegations contained in Paragraph 96 are denied.

97.     The allegations contained in Paragraph 97 are denied.

EACH AND EVERY ALLEGATION CONTAINED IN THE COMPLAINT NOT SPECIFICALLY ADMITTED IS HEREBY DENIED.

## SECOND DEFENSE

Defendants hereby plead the running of any applicable statute of limitation and/or statue of repose as a complete bar to Plaintiffs' claims.

## THIRD DEFENSE

Plaintiffs have failed to adequately maintain the property and have failed to mitigate damages by undertaking proper preventative or curative measures with respect to any damages allegedly suffered by Plaintiffs.  Plaintiffs are barred from recovering of these Defendants any damages which could have reasonably been mitigated and the same is pled in bar of Plaintiffs' claims against Defendants.

## FORTH DEFENSE

Defendants hereby plead the economic loss doctrine as a bar to Plaintiffs' recovery.

## FIFTH DEFENSE

Should Defendants be found to be guilty of any negligence, which is specifically denied, then Defendants plead Plaintiffs' own contributory negligence as a complete bar to Plaintiffs' recovery.  More specifically, Plaintiffs failed to properly inspect the premises in question, failed to exercise reasonable care after discovery of the alleged defective conditions, and acted or failed to act in such other ways as shall be determined at trial or through the discovery process.

## SIXTH DEFENSE

If by any rule or interpretation of law, as alleged by Plaintiffs, these Defendants were guilty of any negligence, which is again expressly denied, then this alleged but denied negligence in no way involved or caused any damage or injury to Plaintiffs, in that the negligence of known or unknown third parties interrupted, broke, displaced or superseded the consequences of the alleged but denied negligence of these Defendants.  Such negligence on the part of said known or unknown third parties contributed to, and was a proximate cause of, Plaintiffs' alleged damages, and the doctrine of insulating negligence is hereby pleaded in bar of any right which Plaintiffs might otherwise have to recover herein.

## SEVENTH DEFENSE

If by any rule or interpretation of law, as alleged by Plaintiffs, these Defendants were guilty of any negligence, which is again expressly denied, then this alleged but denied negligence in no way involved or caused any damage or injury to Plaintiffs, in that the alleged but denied negligence of Defendants was passive and negative in character, whereas the negligence of known or unknown third parties was the active, positive and sole producing cause of the injury or damage sustained by Plaintiffs, and such actions by those known or unknown third parties is hereby pleaded in bar of any right which Plaintiffs might otherwise have to recover herein.

**EIGHTH DEFENSE**

All activities undertaken by these Defendants were completed in conformity with the industry standards and applicable building codes, and in conformance with the applicable standard of care, all of which is pled in bar of any recovery by Plaintiffs against Defendants.

**NINTH DEFENSE**

Defendants plead the terms, provisions, and conditions of any and all contracts entered into between Defendants and any other parties including but not limited to any warranty provisions as a complete bar to the claims of Plaintiffs.

**TENTH DEFENSE**

Defendants plead the doctrines of discharge by performance or substantial performance as a defense in this action.

**ELEVENTH DEFENSE**

Plaintiffs' Complaint alleges a purely economic loss, and, as such, Plaintiff may only seek recovery of these answering Defendants as allowed by the provisions of the North Carolina Uniform Commercial Code.

**TWELFTH DEFENSE**

These answering Defendants show and allege that there was no contractual relationship between Plaintiffs and these answering Defendants; and, therefore, Plaintiffs' claims must be dismissed for lack of privity of contract.

**THIRTEENTH DEFENSE**

Plaintiffs are barred from recovering of these answering Defendants, pursuant to the Products Liability Act, N.C. GEN. STAT. §§ 99B-1 through 99B-11, *Products Liability*.

## FOURTEENTH DEFENSE

Defendants hereby give notice that they reserve the right to amend this answer to include any additional affirmative defenses as may become apparent or available during the course of discovery in the litigation of this action.

## CROSS-CLAIMS

Venture and Porter-Blaine, pursuant to Rule 13(g) of the Federal Rules of Civil Procedure, set forth the following Crossclaims against Taishan Gypsum Co., Ltd f/k/a Shandong Tiahe Dongxin, Co., Ltd. ("Taishan"), to the extent this Court has personal jurisdiction over Taishan, and Tobin Trading, Inc. ("Tobin").

## VENTURE AND PORTER-BLAINE'S CROSS-CLAIM AGAINST TAISHAN AND TOBIN TRADING, INC. FOR NEGLIGENCE

1.     Defendants Taishan and Tobin owed a duty of care to Venture and Porter-Blaine, such duties being specifically set forth in the Plaintiffs' Amended Complaint and incorporated herein by reference.

2.     If the allegations of the Plaintiffs' Amended Complaint are true, Defendants Taishan and Tobin breached the aforementioned duties and were negligent as specifically described in the Plaintiffs' Amended Complaint and incorporated herein by reference.

3.     If the allegations of the Plaintiffs' Amended Complaint are true, Defendants Taishan and Tobin breached the aforementioned duties and were negligent by failing to warn Venture and Porter-Blaine about the defective nature of the drywall.  If the allegations of the Plaintiffs' Amended Complaint are true, Defendants Taishan and Tobin, through the exercise of reasonable care, knew or should have known the nature of the defective drywall.

4.     If the allegations of the Plaintiffs' Amended Complaint are true, it was reasonably foreseeable that the aforementioned acts of negligence would cause damage to Venture and Porter-Blaine.

5.     If the allegations of the Plaintiffs' Amended Complaint are true, as a direct and proximate consequence of Defendant Taishan and Tobin's negligence, Venture and Porter-Blaine have suffered and incurred damages in excess of $10,000.00.

## VENTURE AND PORTER-BLAINE'S CROSS-CLAIM AGAINST TAISHAN AND TOBIN TRADING, INC. FOR BREACH OF CONTRACT

6.     The allegations set forth in Paragraphs 1 through 5 of the Cross-Claims are hereby re-alleged, reasserted and incorporated by reference herein as fully set forth.

7.     Venture and Porter-Blaine entered into contracts with Defendants Taishan and Tobin for the brokerage, purchase, and delivery of drywall.

8.     If the allegations of the Plaintiffs' Amended Complaint are true, Defendants Taishan and Tobin, and each of them, breached the aforementioned contracts by manufacturing, exporting, brokering, importing, distributing, delivering, supplying, and selling defective drywall to Venture and Porter-Blaine.

9.     If the allegations of the Plaintiffs' Amended Complaint are true, Defendants Taishan and Tobin's provision of defective drywall to Venture and Porter-Blaine constitute material breaches of the contracts.

10.     If the allegations of the Plaintiffs' Amended Complaint are true, as a direct and proximate consequence of Defendants Taishan's and Tobin's material breaches of the contracts, Venture and Porter-Blaine have suffered and incurred damages in excess of $10,000.00.

## VENTURE AND PORTER-BLAINE'S CROSS-CLAIM AGAINST TAISHAN AND TOBIN TRADING, INC. FOR BREACH OF WARRANTY OF MERCHANTABILITY

11.     The allegations set forth in Paragraphs 1 through 10 of the Cross-Claims are hereby re-alleged, reasserted and incorporated by reference herein as fully set forth.

12.     Venture and Porter-Blaine purchased drywall from Taishan and Tobin, and, as such, Venture and Porter-Blaine were in privity with Taishan and Tobin.

13.     Upon information and belief, Taishan and Tobin are merchants with respect to drywall.

14.     If the allegations of Plaintiffs' Amended Complaint are true, the drywall was not merchantable, in that it was not fit for the ordinary purpose for which drywall is used.

15.     If the allegations of Plaintiffs' Amended Complaint are true, Taishan and Tobin failed to warn Venture and Porter-Blaine about the defects with the drywall.

16.     If the allegations of Plaintiffs' Amended Compliant are true, Taishan and Tobin breached the implied warranty of merchantability because the drywall was not merchantable and because of Taishan and Tobin's failure to warn Venture and Porter-Blaine about the drywall defects.

17.     If the allegations of the Plaintiffs' Amended Complaint are true, as a direct and proximate cause of Taishan and Tobin's breach of the implied warranty of merchantability, Venture and Porter-Blaine suffered damages in an amount in excess of $10,000.00.

### VENTURE AND PORTER-BLAINE'S CROSS-CLAIM AGAINST TAISHAN AND TOBIN TRADING, INC. FOR CONTRIBUTION AND INDEMNIFICATION

18.     The allegations set forth in Paragraphs 1 through 17 of the Cross-Claims are hereby re-alleged, reasserted and incorporated by reference herein as fully set forth.

19.     Plaintiffs have filed an action against defendants Venture, Porter-Blaine, Tobin and Taishan, among others, claiming in their Amended Complaint that they have suffered damages based on acts or omissions of these Defendants and others relating to drywall allegedly incorporated in their homes.  A copy of the Plaintiffs' Amended Complaint is attached hereto as Exhibit A and is incorporated herein by reference.

20.     Plaintiffs claim that the alleged acts or omissions committed by Defendants Venture and Porter-Blaine and others lead to the alleged improper and/or inadequate sale or installation of drywall which is allegedly "off gassing."

21.     Defendants Venture and Porter-Blaine have generally denied any liability to the Plaintiffs and have expressly denied any improper conduct in relation to the drywall.

22.     Taishan is in the business of manufacturing and marketing drywall.  Drywall was manufactured, marketed and sold by Taishan for use in residential construction.

23.     Based upon the claims made in Plaintiffs' Amended Complaint, Defendants Venture and Porter-Blaine are informed and therefore allege that Taishan manufactured and sold some of the drywall installed in Plaintiffs' homes.

24.     Defendant Venture was in privity of contract with Taishan with respect to the drywall and Porter-Blaine was a foreseeable user of such drywall.

25.     Tobin acted as an intermediary in the sale of the drywall from Taishan.

26.     Tobin expressly and impliedly warranted that it would inspect the drywall for quality, fitness, and compliance with the contract documents, and, irrespective of the warranties and contractual obligations, had the duty to do so.

27.     If any negligence is found against Defendants Venture and/or Porter-Blaine, which has been and is once again denied, then Taishan and Tobin were also negligent with respect to the Plaintiffs damages, such negligence of Taishan and Tobin being more particularly described in the Plaintiff's Amended Complaint and incorporated herein by reference.

28.     To the extent that the drywall was defective and negligently designed, manufactured, imported, marketed, or otherwise unfit for use in the Plaintiffs' homes, and to the extent Plaintiffs are entitled to recover anything from Defendants Venture and/or Potter-Blaine,

which Defendants expressly deny, Plaintiffs' damages were caused by the breaches, failures, errors, and omissions of Taishan.

29.     To the extent that the drywall Tobin imported, distributed, delivered, supplied, inspected, marketed, and/or sold was defective or otherwise unfit for use in the Plaintiffs' homes, and to the extent Plaintiffs are entitled to recover anything from Defendants Venture and/or Porter-Blaine, which Defendants expressly deny, Plaintiffs' damages were caused by the breaches, failures, errors, and omissions of Tobin.

30.     If Defendants Venture and/or Porter-Blaine were negligent, which has been and is once again denied, their negligence was merely passive and secondary and arose out of the active negligence of Taishan and Tobin.  In addition, if Venture and/or Porter-Blaine are liable to Plaintiffs in any other respect, which has been and is once again denied, then such liability arose solely from the negligence, breaches, failures, errors, and omissions of Taishan and Tobin. Taishan and Tobin should indemnify Venture and Porter-Blaine for any liability that may be adjudged against it in favor of Plaintiffs.

31.     In the alternative, if the Court and the Jury find that Venture and/or Porter-Blaine are liable in any fashion to Plaintiffs, which has been and is once again denied, then the aforesaid negligence of Taishan and Tobin was a direct and proximate cause of damage to Plaintiffs, and such negligence by Taishan and Tobin joined and concurred with the alleged, but denied, negligence of Venture and Porter-Blaine in producing the injuries and damages allegedly suffered by Plaintiffs, and, if Venture and/or Porter-Blaine is liable to Plaintiffs, then Venture and Porter-Blaine are entitled to contribution from Taishan and Tobin as a joint tortfeasor, pursuant to and to the extent provided by Chapter 1B of the North Carolina General Statutes.

32.     Venture and Porter-Blaine, therefore, make this claim for indemnity and/or contribution against Taishan and Tobin for any sums awarded to the Plaintiffs, and for their attorney's fees and costs incurred herein.

**WHEREFORE,** Defendants The Porter-Blaine Corporation and Venture Supply, Inc., having fully responded to the allegations contained in the Plaintiffs' Amended Complaint and having fully set forth their Cross-Claims, pray the Court:

1.     That the Plaintiffs have and recover nothing of these answering Defendants in this action, and that this action be dismissed;

2.     That if the Plaintiffs are awarded any amount from these answering Defendants, then that Defendants Taishan and Tobin be required to indemnify these answering Defendants and pay to these answering Defendants any such amount, plus costs and attorney fees, OR that Defendants Taishan and Tobin be required to pay contribution to these answering Defendants;

3.     That all issues of fact be tried before a jury;

4.     That the costs of this action be taxed against the Plaintiffs; and

5.     For such other and further relief as the Court may deem just and proper.

This the 29th day of January, 2010.

Respectfully submitted,

By:   /s/ Thomas M. Buckley
Thomas M. Buckley, Esq. (NCB # 26076)
Mindi L. Schulze, Esq. (NCB # 32918)
Attorney for Defendants Venture Supply, Inc. and
The Porter-Blaine Corporation
Hedrick, Gardner, Kincheloe & Garofalo, LLC
4011 Westchase Blvd., Suite 300
Raleigh, NC  27607
Telephone:      (919) 719-3721
Facsimile:      (919) 832-9425
Email: TBuckley@hedrickgardner.com
Email: MSchulze@hedrickgardner.com


Mark C. Nanavati, Esquire (VSB #38709)
Kenneth F. Hardt, Esquire (VSB # 23966)
Sinnott, Nuckols & Logan, P.C.
13811 Village Mill Drive
Midlothian, Virginia 23114
(804) 378-7600 ext. 3311 or 3316
(804) 378-2610 (fax)
khardt@snllaw.com
mnanavati@snllaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer to Plaintiffs' Second Amended Class Action Complaint was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 and has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, on this 29th day of January, 2010.

/s/ THOMAS M. BUCKLEY
Thomas M. Buckley