BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re:   CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO THE FOLLOWING CASES:<br>09-4117 and 09-4294 | CASE NO. MDL Docket No. 2047 |

### MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER AND RENEWED NOTICE OF RELATED AND POTENTIAL TAG-ALONG ACTION PURSUANT TO J.P.M.L. 7.5(e)

Taylor Woodrow Communities at Vasari, L.L.C. ("Taylor Woodrow"), files this memorandum in support of the Motion to Transfer and Renewed Notice of Related and Potential Tag-Along Actions filed pursuant to Rule 7.5(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation by Taylor Woodrow, a defendant in this multidistrict litigation in the United States District Court for the Eastern District of Louisiana.

Taylor Woodrow respectfully requests that, pursuant to J.P.M.L. Rule 7.4, the Judicial Panel issue a Conditional Transfer Order to MDL Case No. 2047 (the "MDL Action"), for the action identified in the Motion to Transfer and Renewed Notice of Related and Potential Tag-Along Action, namely, *Taylor Woodrow Communities at Vasari, L.L.C. v. Mid-Continent Casualty Company*, United States District Court, Middle District of Florida, Case No.: 2:09-CV-823-FtM-29DNF, for the reasons set forth herein.

**Taylor Woodrow**

1. Taylor Woodrow is a Florida limited liability company with its principal place of business in the State of Florida. Taylor Woodrow is a single purpose entity that developed the Vasari Community in Lee County, Florida.

**The Chinese Drywall Claims Against Taylor Woodrow**

2. The owners of certain homes developed and built by Taylor Woodrow have made claims against Taylor Woodrow, alleging that the Chinese drywall installed in the homes that they purchased from Taylor Woodrow is defective and has resulted in bodily injury and property damage to their homes and personal property (the "Chinese Drywall Claims").

3. These Chinese Drywall Claims include lawsuits filed in the United States District Courts for the Southern District of Florida (the "Florida Lawsuits").

**Consolidation of the Florida Lawsuits in the MDL Litigation**

4. On June 15, 2009, this Panel ordered that the Florida Lawsuits against Taylor Woodrow be transferred to the Eastern District of Louisiana and that they be assigned to the Honorable Eldon E. Fallon for coordinated or consolidated pretrial proceedings with other actions involving Chinese Drywall claims. 626 F.Supp.2d 1346 (U.S. Jud. Pan. Mult. Lit. 2009).

**Taylor Woodrow's Insurance Coverage Action**

5. Taylor Woodrow is a named insured under certain commercial liability insurance policies issued by Mid-Continent Casualty Company ("Mid-Continent"), for policy periods ranging from at least January 10, 2007 to January 10, 2008.

6. Taylor Woodrow tendered the Chinese Drywall Claims to Mid-Continent for indemnity, but Mid-Continent failed to acknowledge its coverage obligations.

7. Taylor Woodrow filed its insurance coverage action against Mid-Continent on August 21, 2009 in the Circuit Court in and for Charlotte County, Florida, Case No. 09-4665-

CA, seeking a declaration that Mid-Continent is obligated to indemnify it for the Chinese Drywall Claims (the "Florida State Court Action").

8. On December 18, 2009, Mid-Continent removed the Florida State Court Action to the U.S.D.C., Middle District of Florida, pursuant to 28 U.S.C. §§ 1441 and 1446(b)(the "Florida Federal Court Action").

9. Mid-Continent has filed an Answer and Affirmative Defenses in response to the Florida Federal Court Action denying any obligation to Taylor Woodrow for the Chinese Drywall Claims.

10. The affirmative defenses asserted by Mid-Continent in the Florida Federal Court Action are similar to the defenses raised by other insurers in Chinese drywall cases currently pending before Judge Fallon in the Eastern District of Louisiana and in other United States District Courts, and include, *inter alia*:

    a. That there is no coverage under the subject policies for the Chinese Drywall Claims to the extent that parties other than the Taylor Morrison Entities are liable for the damages alleged;

    b. That the subject policies do not cover damages of the type sought in the Chinese Drywall Claims;

    c. That there is no coverage for losses relating to the repair or replacement of defective Chinese drywall;

    d. That there is no coverage under the subject policies if the alleged bodily injury or property damage first commenced before the inception of any particular policy;

e. That there is no coverage if the alleged bodily injury or property damage arose from the release or escape of "pollutants;" and

f. That there is no coverage due to any number of exclusions found in a standard Commercial General Liability policy.

**Common Questions of Fact**

11. There are multiple common questions of fact in the Florida Federal Court Action and the MDL Action. These include:

a. The manner in which Chinese drywall was manufactured, imported, distributed, and installed, as such relate to the standard pollution exclusion;

b. Whether Chinese drywall is a potential cause of bodily injury or property damage;

c. If Chinese drywall is a potential cause of bodily injury or property damage, the process by which it causes injury or damage;

d. The relationship (if any) between Chinese drywall and the bodily injury and property damage allegedly suffered by plaintiffs who purchased homes from Taylor Woodrow;

e. The nature of the bodily injury and property damage allegedly suffered by the plaintiffs who purchased homes from Taylor Woodrow, including the dates and duration of the injury and damage;

f. The items and amounts of monetary damages incurred by these plaintiffs; and

g. Taylor Woodrow's liability (if any) for Chinese Drywall Claims to the plaintiffs who purchased homes from them, and the liability of other parties for those claims (mixed question of fact and law).

4

**Common Questions of Law**

12. The common questions of law in the Florida Federal Court Action and the MDL Action include the theories upon which liability of Taylor Woodrow in the MDL Action might be based (Negligence, Negligence Per Se, Strict Liability, Breach of Warranty, Breach of Contract, Nuisance, etc.), and the theories of law upon which the potential liability of other parties for the Chinese Drywall Claims against Taylor Woodrow might be based.

13. Questions of insurance coverage law in the Florida Federal Court Action pertaining to insurance coverage obligations owed to Taylor Woodrow are not common to the MDL case. However, the existence of different legal theories does not bar the transfer of a "tag along" action to a multidistrict court. *In Re General Motors Class E Buyout Sec. Litig.*, 696 F.Supp. 1546, 1546-1547 (U.S. Jud. Pan. Mult. Lit. 1988).

**Just, Efficient, and Consistent Resolution of Claims**

14. Taylor Woodrow is currently a named defendant in cases pending in MDL No. 2047, In Re: Chinese-Manufactured Drywall Products Liability Litigation, before the Honorable Eldon E. Fallon in the Eastern District of Louisiana. Judge Fallon and the attorneys representing Taylor Woodrow are well-versed in the facts and issues surrounding all aspects of the Chinese drywall cases. Allowing Judge Fallon to preside over the pre-trial litigation of the instant action and similar cases would provide for the best opportunity for a just, efficient, and consistent resolution of all aspects of the cases stemming from the effects of Chinese drywall.

15. Likewise, Mid-Continent is a named defendant in at least one similar matter pending before the Honorable Eldon E. Fallon in the Eastern District of Louisiana, involving similar, if not identical, issues of law and fact – namely, *Pate v. Mid-Continent Casualty Company, et al.*, (E.D. La., Case No. 09-07791).

16. Furthermore, with the filing of the Plaintiffs' Omnibus Class Action Complaint, currently pending before Judge Fallon (E.D. La., Case No. 09-097628), subcontractors who installed Chinese drywall have been named as defendants. Many of these subcontractors provided insurance to the homebuilders, including Taylor Woodrow, and will, like Taylor Woodrow, be seeking coverage from their insurers for the claims asserted against them.

17. Even Judge Fallon has recently expressed interest in receiving claims regarding insurance coverage. *See In re Chinese-Manufactured Drywall Products Liability Litigation*, MDL No. 2047, January 14, 2010 Status Conference Hearing Trascript at 15 (E.D. La. Jan. 14, 2010), where Judge Fallen stated:

> There's also some matter that I mentioned the last time with the insurance companies, the issue of whether or not they should be transferred to the MDL and consolidated with this case or whether they should go forward with separate, independent jurisdictions.
>
> I studied the matter a little more closely, and I find that a lot of the policy defenses that are being argued really have to do with the type of issues that I'll be dealing with the MDL; that is to say, a defense might be contesting contamination or contesting the type of materials that was being used and whether or not that is accepted or excluded by the policy.
>
> Rather than have discovery in the various districts of the country on the same issues-the whole purpose of the MDL is to prevent that-those insurance issues, since they deal with the same facts that I'll be dealing with in the MDL, it looks like that those cases are better and more efficiently dealt with if they are transferred to the MDL. Hopefully, that will be done.

18. A transfer of the Florida Federal Court Action to the MDL Action in Louisiana will undoubtedly enhance the just and efficient conduct of all Chinese drywall cases, including the instant case, and promote the resolution of issues created by the effects of Chinese drywall.

19. A transfer will avoid the duplication of discovery on the common issues of fact described above. For example, absent a transfer, the plaintiff homeowners will likely be deposed

in both cases. There will also be significant efficiencies and savings through the use of a single document depository and method for the transfer of information. A transfer will also avoid inconsistent discovery and other pre-trial rulings.

20. However, the most significant benefit of a transfer is likely to be that it will facilitate the settlement of both the plaintiff homeowners' claims against Taylor Woodrow and Taylor Woodrow's claims against Mid-Continent. It may not be possible to settle the homeowners' claims without insurance company participation, but given such participation, Taylor Woodrow's claims against its carriers will almost certainly be resolved at the same time.

**Conclusion**

Taylor Woodrow respectfully requests that the Panel conditionally transfer the action referenced in the Motion to Transfer and Renewed Notice of Related and Potential Tag-Along Case and in the attached schedule, to MDL Case No. 2047, now pending in the Eastern District of Louisiana, before the Honorable Eldon E. Fallon.

Dated: January 29, 2010.

Respectfully submitted,

/s/ Stephen E. Walker
Neal A. Sivyer
Florida Bar No. 373745
nsivyer@sbwlegal.com
Stephen E. Walker
swalker@sbwlegal.com
Florida Bar No. 0497851
SIVYER BARLOW & WATSON, P.A.
401 E. Jackson Street, Suite 2225
Tampa, Florida 33602
Telephone: (813) 221-4242
Facsimile: (813) 227-8598
*Attorneys for Taylor Woodrow Communities at Vasari, LLC*

## CERTIFICATE OF SERVICE

I HEREBY certify that on January 29, 2010, this document has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller by U.S. Mail and email or by hand delivery and email upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No.: 6 and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047. The above documents were also electronically filed with the Clerk of Court of the United States District Court for the Middle District of Florida by using the CM/ECF System, which will send notice of the electronic filing to:

Mid-Continent Casualty Company
Ronald L. Kammer, Esq.
Pedro E. Hernandez, Esq.
Hinshaw & Culbertson, LLP
9155 S. Dadeland Boulevard, Suite 1600
Miami, Florida 33156

/s/ Stephen E. Walker
Stephen E. Walker