UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  CHINESE MANUFACTURED DRYWALL          MDL NO. 09-2047
PRODUCTS LIABILITY LITIGATION

SECTION L
JUDGE FALLON
MG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:

LORENA GARCIA, HECTOR BARROZO and
MARIAINES PINAR DE BARROZO,
husband and wife; on behalf of themselves individually
and all others similarly situated,
CASE NO.  09-04118

_____/

### DEFENDANT BANNER SUPPLY CO.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STAY, MOTION TO ABATE, OR ALTERNATIVELY, MOTION TO DISMISS COMPLAINT

Defendant BANNER SUPPLY CO. ("BANNER")[1], by its undersigned counsel, hereby

files its Memorandum of Law in Support of its Motion to Stay, Motion to Abate, or

Alternatively, Motion to Dismiss Plaintiffs LORENA GARCIA's , HECTOR BARROZO's and

MARIAINES PINAR DE BARROZO's Class Action Complaint (the "Complaint") and to Strike

Demand for Attorneys' Fees.  For all the reasons set forth herein, the instant Motion should be

granted.

### BACKGROUND

On March 23, 2009, Plaintiffs filed the instant Complaint in Miami-Dade County Circuit

Court, asserting claims against BANNER for:  1) strict liability; 2) negligence; 3) negligence per

se; 4) breach of express warranty; 5) breach of implied warranties; 6) breach of implied warranty

of merchantability; 7) breach of implied warranty of fitness for a particular purpose;

---

[1] Upon information and belief, the named BANNER entity may not be the proper party to these proceedings and
BANNER reserves its rights to file an appropriate motion at the appropriate time.

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

8) fraudulent concealment; 9) fraudulent misrepresentation; 10) negligent misrepresentation; 11) unjust enrichment; 12) violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"); 13) private nuisance; and 14) equitable and injunctive relief and medical monitoring.

Plaintiffs' claims purportedly arise out of the supply and installation of allegedly defective drywall.   Specifically, Plaintiffs allege that Defendants, including BANNER, "exported, imported, distributed, delivered, supplied, inspected, marketed, and/or sold" drywall that originated in China and was installed in Plaintiffs' and members of proposed Class' homes. (Compl. at ¶ 61.)  Plaintiffs claim the drywall "is inherently defective because it emits various sulfide gases and/or other chemicals through 'off-gassing'" that creates a noxious odor and causes severe property damage. (Compl. at ¶ 1.)  On or about December 9, 2009, Plaintiffs filed an Omnibus Class Action Complaint against BANNER, KNAUF PLASTERBOARD (TIANJIN) CO., LTD., and other defendants in the Multi-District Litigation pending in New Orleans, Lousiana.  The claims asserted in the Omnibus Complaint are substantially similar to those set forth herein.

Plaintiffs' counsel has precipitously filed the Complaint against BANNER without any facts to support the "bare bones" claims asserted in the instant action.  None of the claims in Plaintiffs' Complaint contain facts compliant with the requirements of the applicable Rules of Civil Procedure.  Instead, they set forth conclusory statements consisting of only the legal elements of each claim.  That reason alone requires dismissal of the Complaint.

In addition, throughout the Complaint, Plaintiffs refer to the Defendants collectively as "Defendants," failing to differentiate which of the various Defendants have allegedly committed the acts or omissions stated therein.  In failing to set forth individualized allegations for each

{218429.0005/N0804178_2}

2

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD.• SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954·763·1200 • FAX 954·766·7800

Defendant and/or distinguish each Defendant's conduct, Plaintiffs have not provided Defendants adequate notice of what they did wrong. Accordingly, BANNER cannot reasonably prepare a response to the Complaint unless Plaintiffs are required to provide more definite statements.

BANNER is but a mere supplier in a chain of merchants who Plaintiffs claim distributed the allegedly defective drywall. There are no allegations in the Complaint that BANNER had knowledge that the drywall was allegedly defective; indeed, BANNER was a victim the same as Plaintiffs. The only potential claims Plaintiffs may have against BANNER would be grounded in strict liability, which, as explained in greater detail below, does not even apply under the present circumstances and therefore should be dismissed. The remaining claims against BANNER also fail to state a claim, and therefore, must be dismissed.

In the interest of judicial economy, this Court should stay the instant action pending the resolution of similar, previously filed actions. If, however, this Court does not grant a stay, the instant action should be abated until Plaintiffs have complied with the statutory requirements of Chapter 558, *Florida Statutes*, as Plaintiffs filed the Complaint without providing notice to BANNER as required by Section 558.004, *Florida Statutes.* In the alternative, this Court should dismiss the Complaint in its entirety as it relates to BANNER, as it fails to inform BANNER of the claims assessed against it. For the reasons set forth herein, the instant Motion should be granted.

## ARGUMENT

### Applicable Law

"A federal court sitting in diversity is required to apply state substantive law and federal procedural law." *Burke v. Smith,* 252 F. 3d 1260, 1265 (11 Cir. 2001).

{218429.0005/N0804178_2}

3

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

MDL NO. 09-2047
CASE NO. 09-04118 (Garcia)

## I.   **MOTION TO STAY**

There are over two hundred (200) actions based upon substantially similar issues and concerning substantially the same parties filed in State and Federal court against BANNER. District courts not only have the discretion to stay similar actions within the same jurisdiction, *Landis v. North American Co.*, 299 U.S. 248 (1936), but can also stay an action pending the resolution of related proceedings in another forum. *See Ortega Trujillo v. Conover & Co. Comm., Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000). "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997). There are many reasons why a court may stay a proceeding pending the resolution of a related action. *See Ortega Trujillo v. Conover & Co. Comm., Inc.*, 221 F.3d at 1264. "A stay sometimes is authorized simply as a means of controlling the district court's docket and of managing actions before the district court. *Id.; see also Landis*, 299 U.S. at 254 (stating that an action may be stayed to control the docket with economy of time and effort for itself, counsel, and litigants). Other times, "a stay might be authorized...by principles of abstention." *Ortega Trujillo v. Conover & Co. Comm., Inc.*, 221 F.3d at 1264. (citations omitted). Even when there is a disparity in the parties to the actions, actions seeking to certify an almost identical class of plaintiffs are sufficiently similar to cause a stay of the subsequent action. *See Landis* 299 U.S. at 254 (parties to two causes need not be the same and issues need not be identical in order for a court to stay proceedings in one suit to move forward with proceedings in another).

The eleventh circuit has also held that a stay "is the proper procedural mechanism for a district court to employ when deferring to a parallel state-court proceeding under the *Colorado*

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD.• SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

*River* doctrine." *Moorer v. Demopolis Waterworks & Sewer Bd.*, 374 F.3d 994, 998 (11th Cir.

2004). The *Colorado River* doctrine is based "on considerations of '[w]ise judicial

administration, giving regard to conservation of judicial resources and comprehensive

disposition of litigation.'" *Id.* (citations omitted). Under the *Colorado River* doctrine, there are

several factors the court will consider in determining whether a stay is warranted:

> (1) the order in which the courts assumed jurisdiction over property; (2) the
> relative inconvenience of the for[um]; (3) the order in which jurisdiction was
> obtained and the relative progress of the two actions; (4) the desire to avoid
> piecemeal litigation; (5) whether federal law provides the rule of decision; and (6)
> whether the state court will adequately protect the rights of all parties.

*Id.* at 997.

Defendants are presently defendants in several class actions and individual actions

pending in federal and state courts (the "other pending actions"). Additionally, on or about

December 9, 2009, Plaintiffs filed an Omnibus Class Action Complaint against BANNER,

KNAUF PLASTERBOARD (TIANJIN) CO., LTD., and other defendants in the Multi-District

Litigation ("MDL") pending in New Orleans, Louisiana. The claims asserted in the Omnibus

Complaint are substantially similar to those set forth in this action.

Because the Federal actions have been coordinated and consolidated in a Multidistrict

Litigation ("MDL") and transferred to the United States District Court for the Eastern District of

Louisiana, BANNER respectfully requests that the instant action be stayed pending resolution of

the MDL, in the interest of judicial economy. The Defendants and subject matter at issue are

substantially similar in the previously filed actions and a resolution of any of those actions will

resolve the issues raised in the Complaint. All the actions involve the same operative facts and

issues, i.e., the allegedly defective Chinese drywall, have competing class actions, are being

brought on behalf of all others similarly situated, and there are no unique factual issues presented

in the Complaint that will not be resolved by the other filed actions. Accordingly, this action should be stayed pending a resolution of those actions.

## II.   MOTION TO ABATE

Plaintiffs filed the instant action against BANNER alleging construction defects with regard to drywall allegedly supplied by BANNER and later installed in Plaintiffs' home. Plaintiffs claim they have satisfied all conditions precedent to filing the instant action; however, Plaintiffs have failed to comply with Chapter 558, *Florida Statutes*, as they have failed to give notice pursuant to Section 558.004, *Florida Statutes.*

Section 558.004, *Florida Statutes*, provides for a procedure which must be instituted prior to litigation in actions relating to construction defects. It states, in pertinent part, that "in actions brought alleging a construction defect, the claimant shall, at least 60 days before filing any action,…serve written notice of claim on the contractor, subcontractor, supplier, or design professional…" § 558.004, *Fla. Stat.* (2008).

Section 558.003, *Florida Statutes*, sets forth the required procedure in the event a plaintiff files a lawsuit alleging a construction defect without first complying with the requirements of Chapter 558: "[i]f a claimant files an action alleging a construction defect without first complying with the requirements of this chapter, on timely motion by a party to the action the court shall abate the action, without prejudice, and the action may not proceed until the claimant has complied with such requirements." § 558.003, *Fla. Stat.* (2008). "The [statute's purpose is] to create 'an alternative method to resolve construction disputes that would reduce the need for litigation as well as protect the rights of the property owner.' In more practical terms, it is intended to allow both claimants and participants to design and construction to resolve alleged defects before both sides run to the courthouse and spend a pile of money on

MDL NO. 09-2047
CASE NO. 09-04118 (Garcia)

lawyers...."  Larry R. Leiby & Steven B. Lesser, *How to Comply with Chapter 558 Florida Statutes: Current Challenges and Future Changes*, 83 Fla. B.J. 42 (February 2009).

The instant action was filed on March 23, 2009.  Plaintiffs have failed to comply with the notice requirements of Chapter 558, as they failed to serve a notice of claim pursuant to Section 558.004, *Florida Statutes*, prior to filing the Complaint.  The statutory language above is clear and it specifically precludes the filing of an action until after a claimant complies with the notice requirements of Chapter 558.[2]  The proper remedy at this stage of the proceedings is to abate Plaintiffs' action, require Plaintiffs to comply with the requirements of Chapter 558, and then, to the extent a resolution cannot be achieved in accordance with the mandates of Chapter 558, Plaintiffs' action may be permitted to move forward.[3]

---

[2]  The proper remedy may be a dismissal of Plaintiffs' Complaint for improperly alleging the satisfaction of all conditions precedent.

[3]  The filing of this Motion to Abate does not constitute a waiver of any rights and/or responsibilities BANNER may have pursuant to Section 558.004, *Florida Statutes*.

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

MDL NO. 09-2047
CASE NO. 09-04118 (Garcia)

## III.   MOTION TO DISMISS

### A.   Standard on Motion to Dismiss.

Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint is subject to dismissal if it fails to state a claim. To state a valid claim, a complaint must factually allege each element of the claim for which relief is sought. When allegations in a complaint are wholly conclusory and fail to set forth facts which, if proved, would warrant relief for the Plaintiff, dismissal is appropriate. *American Association of People with Disabilities v. Smith*, 227 F. Supp. 2d 1276, 1280 (M.D. Fla. 2002); *see also G. Davidson v. State of Georgia*, 622 F. 2d 895, 899 (5th Cir. 1980) (the naked assertion that a regulatory system could be improperly applied does not state a claim upon which relief may be granted).

### B.   Plaintiffs' Complaint Fails to Comply with Rules 8, 10 and 12 of the Federal Rules of Civil Procedure.

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to properly state a claim. Fed. R. Civ. P. 8(a)(2). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *See Papasan v. Allain,* 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Ultimate facts must be alleged to support the elements of the legal claims asserted. The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47 (1957). Similarly, Rule 10(b) of the Federal Rules of Civil Procedure requires "each claim for relief [to be pled] in a separate count...and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading." *Anderson v. District Bd. of Trustees of Cen. Fla. Comm. Coll.*, 77 F. 3d 364, 366

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD.• SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

(11th Cir. 1996). It relieves courts of having "the cumbersome task of sifting through myriad claims, many of which [may be] foreclosed by [various] defenses." *Id.* (quoting *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984)).

On May 18, 2009, the United States Supreme Court, in *Ashcroft v. Igbal*, 129 S. Ct. 1937, 2009 WL 1361536 (U.S.), confirmed the High Court's prior decision in *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544 (2007) as it relates to the federal pleading standard when faced with a 12(b)(6) motion to dismiss. *Id.* at \*1949. According to *Ashcroft*, a plaintiff has the obligation to provide the grounds of his entitlement to relief which requires more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* Indeed, the court went on to explain that such "labels and conclusions" are not entitled to the "presumption of truth" generally applied to allegations in a complaint. *Id.* at 1951.

A plaintiff fails to satisfy Rule 8 where the complaint lumps all the defendants together and fails to distinguish their conduct because such allegations fail to give adequate notice to the defendants as to what they did wrong. *Median v. Bauer,* 2004 WL 136636 \*6 (S.D.N.Y. 2004); *see also Lane v. Capital Acquisitions & Mgmt. Co.*, 2006 WL 4590705, \*4-5 (S.D. Fla. 2006) (**"[i]n this case, the Complaint fails to differentiate among the defendants, alleging instead violations by a collective 'defendant,' even though there are five defendants consisting of three individuals and two corporations, one parent and its subsidiary. By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, the Lane's Complaint fails to satisfy the minimum standard of Rule 8."**).

Herein, Plaintiffs' Complaint fails to comply with the standards imposed by Rule 8, Rule 10, Rule 12 and the case law interpreting these rules. Not only have Plaintiffs inappropriately grouped all of the Defendants together, but they also did nothing more than provide "labels,

{218429.0005/N0804178_2}

9

**ADORNO & YOSS LLP**
350 EAST LAS OLAS BLVD.• SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

conclusions and a formulaic recitation of the elements" of each claim. BANNER is unable to frame a responsive pleading to Plaintiffs' Complaint, as Plaintiffs' allegations are simply unclear and fail to specify which Defendant is allegedly responsible for the conduct alleged therein. For these reasons alone, Plaintiffs' Complaint must be dismissed.

### C.   Plaintiffs' Tort Claims Against BANNER are Barred by the Economic Loss Rule.

Plaintiffs' tort claims against BANNER for strict liability, negligence and negligence per se, which relate to the quality of the drywall allegedly supplied by BANNER, are barred by the product liability economic loss rule (the "Economic Loss Rule") and therefore, must be dismissed.

The Economic Loss Rule "prohibits tort recovery when a product damages itself, causing economic loss, but does not cause personal injury or damage to any property other than itself." *Casa Clara Condominium Ass'n, Inc. v. Charley Toppino and Sons, Inc.*, 620 So. 2d 1244, 1246 (Fla. 1993). The Economic Loss Rule was developed "to protect manufacturers from liability for economic damages caused by a defective product beyond those damages provided by warranty law." *See Indemnity Ins. Co. of N. America v. America v. American Aviation, Inc.*, 891 So. 2d 532, 538 (Fla. 3d DCA 1986). "[A] manufacturer or distributor in a commercial relationship has no duty beyond that arising from its contract to prevent a product from malfunctioning or damaging itself." *Id.* at 542. The Economic Loss Rule "applies even in the absence of privity of contract." *Id.* at 541 (citations omitted).

"Economic loss has been defined as 'damages for inadequate value, costs of repair and replacement of the defective product, or consequent loss of profits-without any claim of personal injury or damage to other property.' It includes 'the diminution in the value of the product because it is inferior in quality and does not work for the general purposes for which it was

{218429.0005/N0804178_2}

10

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

manufactured and sold,'" or the "'disappointed economic expectations,' which are protected by contract law, rather than tort law." *Id.*

"[T]here must be a showing of harm above and beyond disappointed expectations," for a plaintiff to recover in tort. *Id.* "A buyer's desire to enjoy the benefit of his bargain is not an interest that tort law traditionally protects." *Id.* (citations omitted).

In *Casa Clara Condominium Association, Inc., et al. v. Charley Toppino & Sons, Inc.*, 620 So. 2d 1244, 1245 (hereinafter, *Casa Clara*) (an action very similar to the instant action), one of the defendants (the "Concrete Supplier") supplied concrete for the construction of numerous homes which contained a high content of salt that caused the reinforcing steel inserted in the concrete to rust, which, in turn, caused the concrete to crack and break off. *Id.* at 1245. The homeowners, in separate actions, sued numerous defendants, including the Concrete Supplier. *Id.* The Circuit Court dismissed all claims against the Concrete Supplier in each action. *Id.* On appeal, the District Court, applying the Economic Loss Rule, held that because there was no physical injury and no "other property" had been damaged, the homeowners could not state a tort claim against the Concrete Supplier. *Id.* at 1247.

In Count III of the Complaint, Plaintiffs have brought a claim against BANNER based on products liability, i.e., strict liability. Plaintiffs have also alleged claims against BANNER for negligence (Count I) and negligence per se (Count II) based upon the same facts. "When a set of facts will support both a theory of common law negligence and strict liability, a plaintiff is entitled to proceed on either theory or both." *Baione v. Owens-Illinois, Inc.*, 599 So. 2d 1377, 1378 (Fla. 2d DCA 1992) (citing *Ford Motor Co. v. Hill*, 404 So. 2d 1049 (Fla.1981)). In this action, however, the facts do not support either theory, because, as previously stated, both claims sound in tort, and therefore, are barred by the Economic Loss Rule.

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

"[S]trict liability should be imposed only when a product the manufacturer places on the market, knowing that it is to be used without inspection for defects, proves to have a defect that causes injury to a human being." *Federal Ins. Co. v. Bonded Lightning Protection Systems, Inc.* 2008 WL 5111260, *4 (S.D. Fla. 2008) (citing *West v. Caterpillar Tractor Co., Inc.*, 336 So. 2d 80, 86 (Fla. 1976)).  This doctrine has since been expanded "to others in the distributive chain including retailers, wholesalers, and distributors." *Plaza v. Fisher Development, Inc.,* 971 So. 2d 918, 920 (Fla. 3d DCA 2007) (quoting *Samuel Friedland Family Enters. v. Amoroso,* 630 So. 2d 1067, 1068 (Fla.1994)).

Herein, Plaintiffs claim BANNER supplied the allegedly defective drywall which purportedly "emits sulfide gases" which causes a noxious smell and further causes corrosion to various metals in the home. (Compl. at ¶ 1.)  Just as in *Casa Clara*, the Plaintiffs here seek purely economic damages, as they have failed to allege that anyone has sustained any physical injuries and no property, other than the structures built with the allegedly defective drywall, have sustained any damage.  BANNER did not owe an independent duty of care to protect Plaintiffs' purely economic interests, and therefore, they cannot recover for their loss under tort theories such as strict liability or negligence. *See Florida Dept. of Corrections v. Abril*, 969 So. 2d 201, 204 (Fla. 2007).  ("To maintain an action for negligence, a plaintiff must establish that the defendant owed a *duty*, that the defendant breached that duty, and that this breach caused the plaintiff damages." (emphasis added)).  Plaintiffs have failed to allege any facts indicating any personal injuries or damage to other property.  Accordingly, the Economic Loss Rule precludes Plaintiffs' tort claims against BANNER.

In determining the character of the loss (i.e., whether "other property" has been damaged), the product purchased by the plaintiff, and not the product sold by the defendant, must

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

be considered. *Fishman v. Boldt*, 666 So. 2d 273, 274 (Fla. 4th DCA 1996). For example, in *Fishman v. Boldt*, the plaintiff purchased a home, which included a seawall, pool, and patio—what the court considered the home's "component parts." *Id.* Thereafter, the seawall failed, causing damage to the remainder of the home. *Id.* The court found that because the plaintiff purchased the home which included its component parts, the seawall, pool, and patio could not be considered "other property" with regard to the Economic Loss Rule, and therefore, the plaintiff's tort claims against the defendant for the defective seawall were barred. *Id.*

In this action, Plaintiffs have alleged that the drywall has caused damage to their "air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, electronic appliances, and other metal surfaces and household items" cleverly referring to these items as "other property." (Compl. at ¶ 1.) The homes purchased by Plaintiffs, included not only drywall, but also the electrical systems, plumbing systems, air-conditioning systems, and other metal-based components of the home, which, are the home's component parts. Because Plaintiffs have failed to allege any damage to items independent from the homes or acquired independently from the purchase of the homes, these items cannot be considered "other property" under Florida law and will not preclude the application of the Economic Loss Rule. *See Fishman*, 666 So. 2d at 274.

Although arguably the purchase of a home "is the largest investment many consumers ever make,…[i]f a house causes economic disappointment by not meeting a purchaser's expectations, the resulting failure to receive the benefit of the bargain is a core concern of contract, not tort, law." *Casa Clara*, 620 So. 2d at 1247 (citations omitted). Homeowners have protections against such deficiencies, "such as statutory warranties, the general warranty of habitability, and the duty of sellers to disclose defects, as well as the ability of purchasers to

{218429.0005/N0804178_2}

13

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

inspect houses for defects. Coupled with homebuyers' power to bargain over price, these protections must be viewed as sufficient when compared with the mischief that could be caused by allowing tort recovery for purely economic losses." *Id*. Without physical injury or property damage, contract law is more suitable for this alleged economic loss as opposed to tort law. Based upon the foregoing, Counts I, II, and III of the Complaint must be dismissed.

### D. Negligence.

Florida law requires that to properly state a claim for negligence, a plaintiff must show that: (1) the defendant owed a duty to the plaintiff; 2) the defendant breached that duty; and (3) the breach caused the plaintiff damages. *Fla. Dept. of Corrections v. Abril*, 969 So. 2d 201, 204-05 (Fla. 2007) (citations omitted). Whether a duty exists is not an issue of fact, but rather, an issue of law. *Id*.

In Count I of the Complaint, Plaintiffs claim that Defendants owed Plaintiffs a duty of care in the design, manufacturing, importing, exporting, distributing, delivering, supplying, inspecting, installation, marketing, and/or selling of the allegedly defective drywall. (Compl. at ¶ 130.) Plaintiffs also claim that Defendants owed a duty to Plaintiffs to provide certain warnings to Plaintiffs. (Compl. at ¶ 131.) However, nowhere in the Complaint do Plaintiffs specify which Defendant allegedly engaged in the activities described therein. The allegations are not set forth in paragraphs limited to a single set of circumstances, as Rule 10(b) requires. Rather, they are founded upon numerous transactions (i.e., designing, manufacturing, importing, exporting, distributing, delivering, supplying, inspecting, installation, marketing, and/or selling drywall) set forth in a single paragraph. It is wholly improper to group the Defendants together and require BANNER to guess as to the facts which apply to it. In addition, Plaintiffs have failed to allege any ultimate facts in support of a claim for negligence. Finally, as mentioned

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD.• SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

MDL NO. 09-2047
CASE NO. 09-04118 (Garcia)

above, this claim is barred by the Economic Loss Rule. Accordingly, Plaintiffs' claim for negligence should be dismissed.

### E. **Negligence Per Se**.

Count II of the Complaint is a purported claim for negligence per se. Under Florida law, "[a] claim in negligence per se is created when a penal statute is designed to protect a class of persons, of which the plaintiff is a member, against a particular type of harm." *Lingle v. Dion*, 776 So. 2d 1073, 1077 (Fla. 4th DCA 2001) (quoting *Newsome v. Haffner*, 710 So. 2d 184, 186 (Fla. 1st DCA)). When the doctrine of negligence per se applies, the general standard of care of a reasonable man is replaced by a specific rule of conduct established in a statute or regulation. *Dougherty v. Santa Fe Marine, Inc.*, 698 F.2d 232, 234 (5th Cir. 1983) (citations omitted). Here, Plaintiffs have failed to allege that BANNER has violated any duty set forth in a penal statute that was designed to protect any class of persons against a particular harm. Accordingly, Plaintiffs have failed to state a claim under the theory of negligence per se. Furthermore, this claim is barred by the Economic Loss Rule, as explained above. Accordingly, Count II of the Plaintiffs' Complaint should be dismissed.

{218429.0005/N0804178_2}

15

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

MDL NO. 09-2047
CASE NO. 09-04118 (Garcia)

**F.   Strict Liability Does Not Apply to Structural Improvements to Real Property.**

"[T]he doctrine of strict products liability does not apply to structural improvements to real estate." *Plaza v. Fisher Development, Inc.*, 971 So. 2d 918, 920 (Fla. 3d DCA 2007) (quoting *Easterday v. Masiello*, 518 So. 2d 260, 261 (Fla. 1988)); *see Pamperin v. Interlake Companies, Inc.*, 634 So. 2d 1137 (Fla. 1st DCA 1994) (structural improvements to real property are generally not considered products for purposes of products liability actions). In determining whether something constitutes a "product" or a "structural improvement to real property" with regard to products liability actions, courts will look at several factors, including: (1) whether the structure can be disassembled and resold; (2) whether the item adds value to the property; (3) whether the item is intended to enhance the property's value, beauty, or utility; and (4) whether the item is available for purchase in the sense that it is offered in the stream of commerce. There is, however, an exception to the general rule that strict liability does not apply to structural improvements to real property: "where the injuries result not from the real property as improved by the alleged defective product but directly from a defective product manufactured by defendant, which product may have itself been incorporated into the improvement of the realty before the injury from the product occurred." *Id.* (citations omitted). In such an action, the doctrine of strict liability would apply.

Plaintiffs have failed to allege in the Complaint that the drywall is a product within the scope of the strict products liability doctrine. The drywall at issue is clearly a structural improvement to real property not subject to strict products liability. Accordingly, Count III of the Complaint must be dismissed.

{218429.0005/N0804178_2}

16

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

MDL NO. 09-2047
CASE NO. 09-04118 (Garcia)

### G.     Breach of Warranties

Plaintiffs have set forth four (4) claims against BANNER for breach of warranty:  breach of express warranty;  breach of implied warranties;  breach of implied warranty of merchantability; and breach of implied warranty of fitness for a particular purpose.[4]

A plaintiff must be in privity of contract with the defendant to prevail in a claim for breach of warranty.[5]  *T.W.M. v. American Medical Systems, Inc.,* 886 F. Supp. 842 (N.D. Fla. 1995) (finding that the recipient of allegedly defective product did not state a claim for breach of express warranty or breach of implied warranties of merchantability and fitness for particular purpose absent any allegation that he purchased the product directly from the manufacturer or contracted with the manufacturer).  This is because "[a] warranty, whether express or implied, is fundamentally a contract.  A contract claim requires privity." *T.W.M.,* 886 F. Supp. at 844 (citations omitted).  A plaintiff who purchases a product, but does not buy it directly from the defendant, is not in privity with that defendant.  1 White & Summers, *Uniform Commercial Code* § 11-2, at 528 (3rd ed. 1988).

Plaintiffs fail to allege they are in privity with BANNER in the claims for breach of express warranty and breach of implied warranties.  In the claims for breach of implied warranty of merchantability and breach of implied warranty of fitness for a particular purpose, Plaintiffs make the conclusory statement that, "Defendants were in privity with Plaintiffs."  (Compl. at

---

[4]Plaintiffs assert these claims against all the Defendants, failing to indicate whether all or some of the allegations relate to BANNER.  Moreover, Plaintiffs have pled no facts in support of these claims.

[5]It is true "that an action [for breach of warranty] may be brought against a manufacturer notwithstanding want of privity."  Manheim v. Ford Motor Co., 201 So. 2d 440, 441 (Fla. 1967).  However, because BANNER is not the manufacturer of the allegedly defective drywall, but only a drywall supplier, Plaintiffs must *properly* allege that the parties are in privity (i.e., state a cause of action for breach of warranty with ultimate facts in support thereof) to survive the instant Motion.  Plaintiffs have failed to do that.

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

¶¶ 212 and 222.)  However, Plaintiffs fail to indicate which Defendants were allegedly in privity with Plaintiffs, as well as any other facts in support of this allegation.

### (i)      Breach of Express Warranty

Count IV of the Complaint alleges a purported claim for breach of express warranty.[6]  An express warranty generally arises "where [a] seller asserts a fact of which the buyer is ignorant prior to the beginning of the transaction," and the fact is relied upon by the buyer as the "basis of the bargain."  *Thursby v. Reynolds Metal Co.*, 466 So. 2d 245, 250 (Fla. 1st DCA 1984).  Section 672.313, *Florida Statutes*, states that express warranties can be created three ways:

> (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise[;]
>
> (b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description[; or]
>
> (c) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

§ 672.313, *Fla. Stat.* (2008).  Plaintiffs claim "Defendants expressly warranted that the drywall they manufactured, distributed, and/or installed was safe, efficacious, well tested and of high quality," (Compl. at ¶ 154), and that they "relied on these express warranties to their detriment." (Compl. at ¶ 157.)   However, Plaintiffs have failed to plead any facts in support of these conclusory statements.  Plaintiffs cannot show that they relied on any specific affirmations of fact, descriptions, samples or models of the drywall made by BANNER, as Plaintiffs had absolutely no contact with BANNER.  *See Spolski Gen Contractor, Inc. v. Jett-Air Corp. Aviation Management of Central Fla., Inc.*, 637 So. 2d 968, 970 (holding that paint manufacturer could not be held liable to the general contractor for breach of express warranty where there was

---

[6]  Plaintiffs assert this claim against all the Defendants, failing to indicate whether all or some of the allegations relate to BANNER.  Moreover, Plaintiffs have pled no facts in support of this claim.

no sale from the manufacturer to contractor, no privity between them, no contract between them, no reliance on contractor on any warranty, and no warranty was given to contractor).

In this action, there was no express warranty from BANNER to Plaintiffs. Plaintiffs have failed to allege any facts indicating that they purchased the drywall from BANNER; that BANNER and Plaintiffs are in privity; that there is a contract between BANNER and Plaintiffs; that Plaintiffs relied on a warranty from BANNER; or that a warranty from BANNER even exists. Furthermore, Plaintiffs have failed to plead that they are third party beneficiaries of any express warranty between BANNER and the purchaser of the drywall. *See Wimar v. Yacht Club Point Estates, Inc.*, 223 So. 2d 100, 102 (Fla. 4th DCA 1969) (a third party beneficiary of a contract may sue for damages as a result of acts of one of the parties to a contract). "[I]n order to sustain an action instigated by a party beneficiary, the plaintiff must plead the contract which was expressly for his benefit and one under which it clearly appears that he was a beneficiary." *Id.* Here, there are no allegations in the Complaint illustrating the terms of the alleged express warranty and how the terms will benefit Plaintiff as a third party beneficiary to the warranty, nor are there any allegations in the Complaint that the parties to the alleged warranty intended to benefit Plaintiff. Accordingly, Count IV of the Complaint fails to state a claim for breach of express warranty, and Count IV should be dismissed with regard to BANNER.

### (ii)    Breach of Implied Warranties

Without alleging any ultimate facts in support of their claim, Plaintiffs allege that Defendants "implicitly warranted that the [drywall] was safe, efficacious, well tested, and of high quality." (Compl at ¶ 160). Furthermore, as previously stated, Plaintiffs fail to allege that they were in privity with Defendants, as required in order to state a claim for breach of warranty.

{218429.0005/N0804178_2}

19

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

Accordingly, for the foregoing reasons, Plaintiffs' claim for breach of warranties should be dismissed as it relates to BANNER.

### (iii)     Breach of Implied Warranty of Merchantability

Section 672.314, *Florida Statutes* states:

> (1) Unless excluded or modified (s. 672.316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind...
>
> (2) Goods to be merchantable must be at least such as:
>
> (a) Pass without objection in the trade under the contract description; and
>
> (b) In the case of fungible goods, are of fair average quality within the description; and
>
> (c) Are fit for the ordinary purposes for which such goods are used; and
>
> (d) Run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and
>
> (e) Are adequately contained, packaged, and labeled as the agreement may require; and
>
> (f) Conform to the promises or affirmations of fact made on the container or label if any.
>
> (3) Unless excluded or modified (s. 672.316) other implied warranties may arise from course of dealing or usage of trade.

§ 672.314, *Fla. Stat.* (2009). Regardless of whether a product fails to comport with the foregoing statutory requirements, Florida law requires privity of contract to maintain an action for breach of an implied warranty. *Ocana v. Ford Motor Co.,* 992 So. 2d 319, 325 (Fla. 3d DCA 2008). Plaintiffs have failed to allege any ultimate facts to support their allegation that they are in privity with BANNER; merely stating that the parties are in privity is in sufficient to state a

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

MDL NO. 09-2047
CASE NO. 09-04118 (Garcia)

claim. The Federal Rules of Civil Procedure clearly require that allegations be supported with ultimate facts. Accordingly, Plaintiffs have failed to state a claim for breach of implied warranty of merchantability, and therefore, this claim should be dismissed.

### (iv)    Breach of Implied Warranty of Fitness for a Particular Purpose

Section 672.315, *Florida Statutes* states:

> Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose.

§ 672.315, *Fla. Stat.* (2009). In order to sustain a claim for breach of implied warranty for fitness of a particular purpose and survive a motion to dismiss, a plaintiff must "allege a particular or unusual use different from the purpose for which the item sold is ordinarily used." *Fred's Excavating & Crane Service, Inc. v. Continental Ins. Co.*, 340 So. 2d 1220, 1220 (Fla. 4th DCA 1976). Furthermore, the plaintiff must allege that the "seller had reason to know the particular purpose for which the goods were purchased by the buyer and that the buyer relied on the seller's judgment in providing suitable goods." *Dunham-Bush, Inc. v. Thermo-Air Service, Inc.*, 351 So. 2d 351, 353 (Fla. 4th DCA 1977). In addition, privity of contract must exist between the parties for a plaintiff to state a claim for breach of implied warranty of fitness for a particular purpose. *See Kramer v. Piper Aircraft Corp.,* 520 So. 2d 37 (Fla. 1988).

In this action, Plaintiffs have failed to allege that the allegedly defective drywall was going to be used for a particular or unusual use different than from the purpose for which the item was sold, or that the seller had reason to know the supposed "particular purpose" for which the drywall was purchased. Furthermore, Plaintiffs have failed to allege any facts in support of

{218429.0005/N0804178_2}

21

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

their conclusory allegation that they were in privity with Defendants.[7]  Indeed, Plaintiffs have not (and cannot) assert such facts because they never had any relationship with BANNER, much less entered into a contract with BANNER.  Consequently, Plaintiffs could not have made the alleged "particular purpose" known to BANNER, and Plaintiffs could not have relied on BANNER's judgment with regard to the drywall's suitability for that "particular purpose."  Plaintiffs' claim is without any factual support.  Furthermore, the drywall was installed in the Plaintiffs' homes and used for its usual--not unusual--purpose.  Accordingly, Plaintiffs have failed to state a claim for breach of implied warranty of fitness for a particular purpose, and therefore, said claim should be dismissed.

## H.    Fraud.

" 'Fraud' is generally defined as '(1) a knowing misrepresentation of the truth or concealment of a material fact to induce another to act to his or her detriment; and (2) a misrepresentation made recklessly without belief in its truth to induce another person to act.'" *Kish v. A.W. Chesterton Co.,* 930 So. 2d 704, 707 (Fla. 3d DCA 2006).  Plaintiffs have asserted claims against BANNER for both fraudulent concealment and fraudulent misrepresentation. Plaintiffs have not only grouped all of the Defendants together in both claims, making it impossible for BANNER to responds to such vague allegations, but have also failed to allege ultimate facts in support of these claims.  Accordingly, Counts VI and VII should be dismissed as they relate to BANNER.

### (i)    Fraudulent Concealment

A defendant's knowing concealment or non-disclosure of a material fact may only support an action for fraud where there is a duty to disclose.  *TransPetrol, Ltd. v. Radulovic,* 764

---

[7] Again, Plaintiffs fail to specify which Defendants were allegedly in privity with Plaintiffs.

So. 2d 878, 880 (Fla. 4th DCA 2000); *see Friedman v. American Guardian Warranty Services, Inc.*, 837 So. 2d 1165, 1166 (Fla. 4th DCA 2003) (Fraud based upon a failure to disclose material information exists only when a duty to make such disclosure exists). Such a duty only exists "when one party has information that the other party has a right to know because of a fiduciary or other relation of trust or confidence between." *Id.* at 881. "A fiduciary's deliberate withholding of material information the fiduciary has a duty to disclose constitutes fraudulent concealment." *First Union Nat. Bank v. Turney*, 839 So. 2d 774, 778 (Fla. 1st DCA 2003).

Plaintiffs claim that BANNER knew the alleged defective condition of the drywall and fraudulently concealed same to the detriment of Plaintiffs. However, Plaintiffs fail to set forth any ultimate facts detailing how BANNER knew about the alleged defects, or even why it should have known about the defects. Clearly, Plaintiffs' conclusory allegations are unsupported by ultimate facts and do not state a claim. Accordingly, Plaintiffs' claim for fraudulent concealment should be dismissed at it relates to BANNER.

   **(ii)**  Fraudulent Misrepresentation

In order to state a claim for fraudulent misrepresentation, a plaintiff must allege the following: "(1) a misrepresentation of a material fact; (2) which the person making the misrepresentation knew to be false; (3) that the misrepresentation was made with the purpose of inducing another person to rely upon it; (4) that the person relied on the misrepresentation to his detriment; and (5) that this reliance caused damages." *Romo v. Amedex Ins. Co.,* 930 So. 2d 643, 650-651 (Fla. 3d DCA 2006) (citations omitted). Plaintiffs set forth the foregoing elements of this claim in their Complaint without any ultimate facts in support of same. Such "bare bone" allegations, without more, are insufficient to state a claim and must be dismissed.

{218429.0005/N0804178_2}

23
**ADORNO & YOSS LLP**
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

## I.     Negligent Misrepresentation.

Count VIII of Plaintiffs' Complaint is a claim for negligent misrepresentation. "To prove negligent misrepresentation, it must be shown that (1) there was a misrepresentation of material fact; (2) the representer either knew of the misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false; (3) the representer intended to induce another to act on the misrepresentation; and (4) injury resulted to a party acting in justifiable reliance upon the misrepresentation." *Coral Gables Distribution, Inc. v. Milich*, 992 So. 2d 302, 303 (Fla. 3d DCA 2008).

It is insufficient for Plaintiffs to merely list the elements of a claim without alleging any facts in support thereof.  Here, Plaintiffs have not even done that.  Specifically, Plaintiffs fail to allege that BANNER intended to induce Plaintiffs to act on the purported misrepresentations. Plaintiffs also fail to allege that Plaintiffs justifiably relied on a misrepresentation made by BANNER.  In addition to having failed to allege two of the four required elements to state a claim for negligent misrepresentation, Plaintiffs have also failed to allege any facts in support of those elements.

Plaintiffs reference "material facts," "statements," "misrepresentations," and "omissions" allegedly made by Defendants, without stating which Defendants made the statements and/or describing the substance of the alleged misrepresentation.  Such conclusory allegations, without more, do not state a claim for negligent misrepresentation.  Accordingly, Count VIII of the Complaint should be dismissed for failure to state a claim.

## J.     Unjust Enrichment.

In Count IX of the Complaint, Plaintiffs have improperly alleged a claim against BANNER for unjust enrichment.  Under Florida law, a plaintiff must establish the following in order to sustain a claim for unjust enrichment:  "(1) plaintiff has conferred a benefit on the

{218429.0005/N0804178_2}

24

**ADORNO & YOSS LLP**
350 EAST LAS OLAS BLVD.• SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the conferred benefit; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff." *Extraordinary Title Services, LLC v. Florida Power & Light Co.*, 1 So. 3d 400, 400 (Fla. 3d DCA 2009). In the Complaint, Plaintiffs have generally listed the elements for a claim for unjust enrichment without pleading any ultimate facts in support of such a claim. This "formulaic recitation of the elements" is wholly insufficient.

The instant action is similar to *Extraordinary Title Services, LLC v. Florida Power & Light Co.*, in which the plaintiff, Extraordinary Title Services, LLC, brought a class action on behalf of all Florida Power & Light Company ("FPL") account holders in Florida against FPL and its parent company, FPL Group, Inc. ("Group"). *Id.* The plaintiff alleged that FPL collected from customers, as part of its rates, estimated federal corporate taxes that were not actually paid to the government. *Id.* The plaintiff claimed the funds were instead, either not paid or partially paid and then refunded to Group (as FPL's parent company) by the federal government. *Id.* The plaintiff brought a claim for unjust enrichment against Group, claiming that "'Group had been unjustly enriched and received monies under circumstances where it is unjust for defendant Group to retain said monies and benefits received by it at the expense of the [plaintiff],' and that FPL's account holders have conferred a benefit on Group." *Id.* However, the plaintiff, in fact, had no relationship with Group. "Plaintiff contracted with FPL, not Group...; [p]laintiff paid FPL, not Group; and Group provided no services to [p]laintiff." *Id.* The court found that, under the circumstances, the plaintiff had not conferred a direct benefit upon Group and therefore, could not assert a claim for unjust enrichment against Group. *Extraordinary Title Services, LLC*, 1 So. 3d at 400.

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

The vague allegations set forth in Count IX, without more, cannot support a claim for unjust enrichment. Plaintiffs claim Defendants "receive[d] payment themselves or through an agent… and have retained those sums to the detriment of Plaintiffs and the Class," but fail to allege that Plaintiffs or the proposed Class members ever had any contact with BANNER; that they contracted for the purchase of their homes from BANNER; or that they paid BANNER money for the construction of their homes. Accordingly, Plaintiffs have failed to allege that they or any of the proposed Class members conferred a benefit upon BANNER for the purchase of their homes which purportedly contained the allegedly defective drywall. Just as the plaintiff in *Extraordinary Title Services* had no relationship with Group, Plaintiffs in the instant action have had no relationship with BANNER. Plaintiffs have failed to allege any facts whatsoever to support a claim for unjust enrichment, and therefore, Count IX must be dismissed with regard to BANNER.

### K. <u>Private Nuisance.</u>

Under Florida law, a nuisance is anything which annoys or disturbs one in the free use, possession, or enjoyment of his property or which renders its ordinary use of occupation physically uncomfortable. *Fla. E. Coast Properties, Inc. v. Metro. Dade County*, 572 F. 2d 1108, 1112 (5th Cir. 1978).

Courts have consistently rejected the theory of nuisance for recovery in these types of products liabilities matters, finding that "liability for damage caused by nuisance turns on whether the defendant is in control of the instrumentality alleged to constitute a nuisance, since without control a defendant cannot abate the nuisance." *Id.*; *City of Manchester v. Nat'l Gypsum Co.*, 637 F. Supp. 646, 656 (D.R.I. 1986); *see also Tioga Public School District #15 of Williams County, State of N.D. v. U.S. Gypsum Co.*, 984 F.2d 915 (8th Cir. 1993); *Gelman Sciences, Inc. v. Dow Chemical Co.*, 508 N.W. 2d 142, 144 (Mich. App. 1993) (nuisance liability

{218429.0005/N0804178_2}

**ADORNO & YOSS LLP**
350 EAST LAS OLAS BLVD.• SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

can be imposed where defendant has created the nuisance; owned or controlled the property from which the nuisance arose; or employed another to do work that he knew was likely to create a nuisance). Furthermore, a products liability action, such as this, "where the harm is restricted to the user of the product and results from its allegedly negligent manufacture, does not give rise to a [claim for] nuisance." *DiCarlo v. Ford Motor Co.*, 409 N.Y.S. 2d 417, 418-19 (N.Y.A.D. 1978).

Although no federal court in Florida has addressed this issue, in the Miami-Dade County Circuit Court action *Penelas v. Arms Technology, Inc.*, 1999 WL 1204353 (Fla. Miami-Dade Cty Cir. Ct. Dec. 13, 1999), the Mayor of Miami sued gun manufacturers and others under various theories, including nuisance. *Id.* The court dismissed the nuisance theory on the grounds that claims for strict liability and negligence, rather than for nuisance, are appropriate for manufacturers and suppliers of defective products. *Id.* at *4. The *Penelas* court held:

> Finally, the County has failed to provide this Court with any legal authority supporting a claim based on nuisance against the manufacturer of a product. Public nuisance does not apply to the design, manufacture, and distribution of a lawful product. A separate body of law (strict product liability and negligence) has been developed to apply to the manufacture and design of products. The public nuisance cases cited by the County are not persuasive because those cases involve statutory violations which governmental entitles are entitled to abate, or violations involving a direct connection to real property owned or operated by the government entity. The County provided no cases which support such a right against manufacturers of products. In fact, the case law, albeit outside of Florida, is to the contrary. *See, Tioga Public School Dist. v. United States Gypsum Co.,* 984 F.2d 915 (8th Cir.1993); *Bloomington v. Westinghouse Elec. Corp.*, 891 F.2d 611 (7th Cir.1989). Furthermore, a party cannot be held liable for nuisance absent control of the activity which creates the nuisance. Here, the nuisance is the criminal or reckless misuse of firearms by third parties who are beyond the control of the defendants. Because defendants have no ability to control the misconduct of these third parties, nuisance does not apply for that reason as well.

*Id.*

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

Just like the plaintiffs in the above-referenced actions, Plaintiffs have brought a claim against Defendants, apparently to recover the costs of removing the allegedly defective drywall that was installed in their homes. BANNER allegedly sold the drywall to other entities, which later sold the drywall to others or installed the drywall in Plaintiffs' homes. BANNER had no control over the drywall after the drywall was sold, and therefore, has no power to abate the action. Plaintiffs' grievances, at best, arise from a purported products liability claim, not a claim for nuisance. Accordingly, Count XI of Plaintiffs' Complaint, as it applies to BANNER, must be dismissed.

### L.  **Equitable Relief, Injunctive Relief and Medical Monitoring.**

In Count XII of the Complaint, Plaintiffs have not only failed to state a claim, but have also improperly combined two claims – a claim for injunctive relief, and a claim for medical monitoring – into one.

A preliminary injunction is an "extraordinary and drastic remedy" that should be granted only if plaintiffs clearly established their "burden of persuasion." *ABC Charters, Inc. v. Bronson,* 591 F. Supp. 2d 1272, 1294 (S.D. Fla. 2008) (citing *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir.1998)). In order to obtain an injunction, a plaintiff must show: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) that the threatened injury outweighs whatever damage the injunction may cause; and (4) that if issued, the injunction would not be adverse to the public interest. *ABC Charters, Inc.,* 591 F. Supp. 2d at 1294 (citations omitted). The most important factor is the establishment of a substantial likelihood of success on the merits. *Id.*

A plaintiff seeking injunctive relief must show not only the infringement of a legal right, but also, that the infringement resulted in "an injury for which there is no adequate legal remedy

{218429.0005/N0804178_2}

28

**ADORNO & YOSS LLP**
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

and which will result in irreparable injury if the injunction does not issue." *Alabama v. U.S. Army Corps of Eng'rs,* 424 F. 3d 1117, 1127 (11th Cir. 2005) (citations omitted).

Similarly, "[T]he implementation of and supervision over a medical monitoring fund is well within a court's equitable powers." *Petito v. A.H. Robins Co., Inc.,* 750 So. 2d 103, 106 (Fla. 3d DCA 1999).  While a claim for medical monitoring may be equitable in nature, like a claim for injunctive relief, it has distinct elements as compared to a claim for injunctive relief. *See Wyeth, Inc. v. Gottlieb*, 930 So. 2d 635, 640 (Fla. 3d DCA 2006) (the elements required to state a claim for medical monitoring are: (1) exposure greater than normal background levels; (2) to a proven hazardous substance; (3) caused by the defendant's negligence; (4) as a proximate result of the exposure, plaintiff has a significantly increased risk of contracting a serious latent disease; (5) a monitoring procedure exists that makes the early detection of the disease possible; (6) the prescribed monitoring regime is different from that normally recommended in the absence of the exposure; and (7) the prescribed monitoring regime is reasonably necessary according to contemporary scientific principles).

Because Plaintiffs have improperly pled these two distinct claims by combining them both into Count XII of the Complaint, Count XII should be dismissed.  In addition, Plaintiffs have failed to allege several key elements that are required to properly state a claim for injunctive relief and a claim for medical monitoring.  Accordingly, Count XII of Plaintiffs' Complaint should be dismissed with regard to BANNER.

### M.    FDUTPA.

In Count XIII of the Complaint, Plaintiffs have asserted a claim against BANNER for violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").  FDUTPA creates a claim for "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce...." § 501.204(1), *Fla.*

{218429.0005/N0804178_2}

*Stat.* (2008).  "[A]ny person who has suffered losses as a result of a violation may commence a private action to recover actual damages, attorney's fees, and costs," under FDUTPA. *Zlotnick v. Premier Sales Group, Inc.,* 480 F.3d 1281, 1284 (11th Cir. 2007) (citing § 501.211(2), *Fla. Stat.* (2008)).  In order to establish a claim under FDUTPA, a plaintiff must show: "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Rollins, Inc. v. Butland,* 951 So. 2d 860, 869 (Fla. 2d DCA 2006) (citations omitted).  Allegations supporting these elements "must rise above the speculative level." *Sundance Apartments I, Inc. v. General Elec. Capital Corp.*, 581 F. Supp. 2d 1215, 1221 (S.D. Fla. 2008).

"[D]eception occurs if there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably [under] the circumstances, to the consumer's detriment." *Id.* at 1220 (citations omitted).  "A practice is unfair under FDUTPA if it offends established public policy, is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *Furmanite Am., Inc. v. T.D. Williamson, Inc.,* 506 F. Supp. 2d 1134, 1145 (M.D. Fla. 2007).  The term "unconscionable" is defined as, "having no conscience; unscrupulous…; showing no regard for conscience; affronting the sense of justice, decency, or reasonableness." Black's Law Dictionary (8th ed. 2004).

A claim for a deceptive or unfair trade practice is comparable to a claim for fraud, the difference being that a party asserting a deceptive trade practice claim need not show actual reliance on the representation or omission at issue. *State, Office of Attorney General, Dept. of Legal Affairs v. Commerce Commercial Leasing, LLC*, 946 So. 2d 1253, 1258 (Fla. 1st DCA 2007) (citing *State, Office of Attorney General, Department of Legal Affairs v. Wyndham International, Inc.,* 869 So. 2d 592 (Fla. 1st DCA 2004)).  Rule 9(b) of the Federal Rules of Civil

MDL NO. 09-2047
CASE NO. 09-04118 (Garcia)

Procedure requires that claims for fraud be subject to a higher pleading requirement, i.e., "a party must state with particularity the circumstances constituting fraud...." Fed. R. Civ. P. 9(b).

In this action, Plaintiffs make the conclusory claim that "Defendants' acts and omissions as well as their failure to use reasonable care...as alleged in th[e] Complaint equals unconscionable acts or practices, as well as deceptive and unfair acts or practices in the conduct of Defendants' trade or commerce." (Compl. at ¶ 206.) Plaintiffs have set forth no ultimate facts in support of these claims. Plaintiffs merely claim that BANNER "exported, imported, distributed, delivered, supplied, inspected, marketed, and/or sold defective drywall in the [S]tate of Florida," and that "[d]irectly or indirectly through agents, affiliates or co-conspirators, [BANNER]'s acts or omissions related to defective Drywall have injured Plaintiffs and Class Members as alleged herein." (Compl. at ¶ 61.) These allegations, as pled, violate Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires that every pleading contain, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Such conclusory allegations are speculative and do not satisfy the heightened pleading requirements set forth in Rule 9(b), in that they fail to set forth a specific deceptive, unfair, or unconscionable practice supposedly committed by BANNER.

Furthermore, unlike the plaintiff in *Sundance*, which had a consumer relationship with the defendant in that action, Plaintiffs have no relationship whatsoever with BANNER. The Complaint is devoid of any facts indicating that BANNER had any relationship with Plaintiffs or made any representation to Plaintiffs, and therefore, BANNER could not have committed an unfair or deceptive act or practice which caused damage to Plaintiffs. In addition, Plaintiffs fail to allege that BANNER intended to mislead Plaintiffs with regard to the quality of the drywall.

{218429.0005/N0804178_2}

31
ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

MDL NO. 09-2047
CASE NO. 09-04118 (Garcia)

Therefore, there is no way Plaintiffs can sustain their burden to establish that BANNER acted "unconscionably," when intent is clearly required to act without conscience or decency.

Moreover, any purported damages claimed by Plaintiffs for personal injury or damage to property other than the drywall itself is barred by Section 501.212(3), *Florida Statutes; see also T.W.M. v. Am. Med. Sys., Inc.,* 866 F. Supp. 842 (N.D. Fla. 1995).

Based upon the foregoing, Plaintiffs' claim for violation of FDUTPA must be dismissed.

### N.    Plaintiffs' Demand for Attorneys' Fees Must Be Stricken.

Plaintiffs have demanded attorneys' fees in this action (Compl. at ¶ 49.)  Plaintiffs' demand for attorneys' fees is improper and should be stricken.  Florida adheres to the "American Rule," which stands for the proposition that attorneys' fees are only awardable pursuant to an entitling statute or a contract between the parties.  *Attorney's Title Ins. Fund, Inc. v. Landa-Posada*, 984 So. 2d 641, 643 (Fla. 3d DCA 2008).  The American Rule has been reaffirmed by the United States Supreme Court, and therefore, applies to the instant action.  *See Alyeska Pipeline Service Co. v. Wilderness Soc'y,* 421 U.S. 240 (1975).

Plaintiffs' inadequate request for attorneys' fees is highlighted by the failure to plead any facts in support of this contention.  Aside from the claim for FDUTPA, Plaintiffs have failed to specify any statute purportedly entitling them to attorneys' fees.  Furthermore, the remainder of the claims Plaintiffs have attempted to assert against BANNER do not provide for attorneys' fees under a statute.  Plaintiffs' demand for attorneys' fees pursuant to contract is also misplaced, as Plaintiffs never entered into a contract with BANNER.  Therefore, there can be no award of attorneys' fees and any such claims must be stricken.

## IV.    CONCLUSION

For all the foregoing reasons, Defendant BANNER SUPPLY CO. respectfully requests that this Court enter an order staying the instant action pending resolution of the other similar

{218429.0005/N0804178_2}

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

MDL NO. 09-2047
CASE NO. 09-04118 (Garcia)

actions; abating the instant action until Plaintiffs have complied with Chapter 558, *Florida*

*Statutes;* or dismissing Plaintiffs' Class Action Complaint and striking Plaintiffs' demand for

attorneys' fees; and awarding it such other and further relief that this Court deems just and

proper under the circumstances. In addition, BANNER has retained the undersigned counsel to

represent its interests in connection with this matter and is obligated to the undersigned for its

reasonable attorneys' fees and costs, for which Plaintiffs are responsible pursuant to Section

501.2105, *Florida Statutes.*

**ADORNO & YOSS LLP**

/s/ Jeffrey A. Backman
Jan Douglas Atlas
Florida Bar No.: 226246
jatlas@adorno.com
Jeffrey A. Backman
Florida Bar No.: 662501
jbackman@adorno.com
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, Florida 33301-4217
Telephone:     (954) 763-1200
Facsimile:      (954) 766-7800

*Attorneys for Defendant BANNER SUPPLY CO.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion to Dismiss have been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendant's Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 1st day of February, 2010.

/s/Jeffrey A. Backman

{218429.0005/N0804178_2}

33
**ADORNO & YOSS LLP**
350 EAST LAS OLAS BLVD.• SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800