UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE MANUFACTURED DRYWALL  MDL NO. 09-2047
PRODUCTS LIABILITY LITIGATION

SECTION L
JUDGE FALLON
MG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:

SHERLEY FRAIS,
CASE NO. 09-4322
_____/

### DEFENDANT BANNER SUPPLY CO.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STAY, MOTION TO ABATE, OR ALTERNATIVELY, MOTION TO DISMISS COMPLAINT

Defendant BANNER SUPPLY CO. ("BANNER")[1], by its undersigned counsel, hereby files its Memorandum of Law in Support of its Motion to Stay, Motion to Abate, or Alternatively, Motion to Dismiss Plaintiff SHERLEY FRAIS' Complaint (the "Complaint"). For all the reasons set forth herein, the instant Motion should be granted.

### BACKGROUND

On May 13, 2009, Plaintiff filed the instant Complaint asserting claims against BANNER for: 1) unjust enrichment; and 2) equitable and injunctive relief and medical monitoring. The action was removed to federal court on July 8, 2009.

Plaintiff's claims purportedly arise out of the supply and installation of allegedly defective drywall. Specifically, Plaintiff alleges that Defendants, including BANNER, "manufactured, exported, imported, distributed, delivered, supplied, inspected, marketed, and/or sold" drywall that originated in China and was installed in Plaintiff's home. (Compl. at ¶ 1.) Plaintiff claims the drywall "is inherently defective because it releases sulfide gases and other

---

[1] Upon information and belief, the named BANNER entity may not be the proper party to these proceedings and BANNER reserves its rights to file an appropriate motion at the appropriate time.

{218429.0005/N0802956_2}
ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD.• SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

chemicals that cause severe property damage, and potential health hazards." (Compl. at ¶1.) On or about December 9, 2009, Plaintiff filed an Omnibus Class Action Complaint against BANNER, KNAUF PLASTERBOARD (TIANJIN) CO., LTD., and other defendants in the Multi-District Litigation pending in New Orleans, Lousiana. The claims asserted in the Omnibus Complaint are substantially similar to those set forth herein.

Plaintiff's counsel has precipitously filed the Complaint against BANNER without any facts to support the "bare bones" claims asserted in the instant action. None of the claims in Plaintiff's Complaint contain facts compliant with the requirements of the applicable Rules of Civil Procedure. Instead, they set forth conclusory statements consisting of only the legal elements of each claim. That reason alone requires dismissal of the Complaint.

In addition, throughout the Complaint, Plaintiff refers to the Defendants collectively as "Defendants," failing to differentiate which of the various Defendants have allegedly committed the acts or omissions stated therein. In failing to set forth individualized allegations for each Defendant and/or distinguish each Defendant's conduct, Plaintiff has not provided Defendants adequate notice of what they did wrong. Accordingly, BANNER cannot reasonably prepare a response to the Complaint unless Plaintiff is required to provide more definite statements.

BANNER is but a mere supplier in a chain of merchants who Plaintiff claims distributed the allegedly defective drywall. There are no allegations in the Complaint that BANNER had knowledge that the drywall was allegedly defective; indeed, BANNER was a victim the same as Plaintiff. The claims asserted by Plaintiff against BANNER fail to state a claim, and therefore, must be dismissed.

In the interest of judicial economy, this Court should stay the instant action pending the resolution of similar, previously filed actions. If, however, this Court does not grant a stay, the

{218429.0005/N0802956_2}

2

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD.• SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

instant action should be abated until Plaintiff has complied with the statutory requirements of Chapter 558, *Florida Statutes*, as Plaintiff filed the Complaint without providing notice to BANNER as required by Section 558.004, *Florida Statutes*. In the alternative, this Court should dismiss Counts IV and V, of the Complaint, as they fail to inform BANNER of the claims asserted against it. For the reasons set forth herein, the instant Motion should be granted.

## ARGUMENT

### Applicable Law

"A federal court sitting in diversity is required to apply state substantive law and federal procedural law." *Burke v. Smith*, 252 F. 3d 1260, 1265 (11 Cir. 2001).

### I. MOTION TO STAY

There are over two hundred (200) actions based upon substantially similar issues and concerning substantially the same parties filed in State and Federal court against BANNER. District courts not only have the discretion to stay similar actions within the same jurisdiction, *Landis v. North American Co.*, 299 U.S. 248 (1936), but can also stay an action pending the resolution of related proceedings in another forum. *See Ortega Trujillo v. Conover & Co. Comm., Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000). "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997). There are many reasons why a court may stay a proceeding pending the resolution of a related action. *See Ortega Trujillo v. Conover & Co. Comm., Inc.*, 221 F.3d at 1264. "A stay sometimes is authorized simply as a means of controlling the district court's docket and of managing actions before the district court. *Id.; see also Landis*, 299 U.S. at 254 (stating that an action may be stayed to control the docket with economy of time and effort for itself, counsel, and litigants). Other times, "a stay might be authorized…by principles of

{218429.0005/N0802956_2}

3

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

abstention." *Ortega Trujillo v. Conover & Co. Comm., Inc.*, 221 F.3d at 1264. (citations omitted). Even when there is a disparity in the parties to the actions, actions seeking to certify an almost identical class of plaintiffs are sufficiently similar to cause a stay of the subsequent action. *See Landis* 299 U.S. at 254 (parties to two causes need not be the same and issues need not be identical in order for a court to stay proceedings in one suit to move forward with proceedings in another).

The eleventh circuit has also held that a stay "is the proper procedural mechanism for a district court to employ when deferring to a parallel state-court proceeding under the *Colorado River* doctrine." *Moorer v. Demopolis Waterworks & Sewer Bd.*, 374 F.3d 994, 998 (11th Cir. 2004). The *Colorado River* doctrine is based "on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Id.* (citations omitted). Under the *Colorado River* doctrine, there are several factors the court will consider in determining whether a stay is warranted:

> (1) the order in which the courts assumed jurisdiction over property; (2) the relative inconvenience of the for[um]; (3) the order in which jurisdiction was obtained and the relative progress of the two actions; (4) the desire to avoid piecemeal litigation; (5) whether federal law provides the rule of decision; and (6) whether the state court will adequately protect the rights of all parties.

*Id.* at 997.

Defendants are presently defendants in several class actions and individual actions pending in federal and state courts (the "other pending actions"). Additionally, on or about December 9, 2009, Plaintiff filed an Omnibus Class Action Complaint against BANNER, KNAUF PLASTERBOARD (TIANJIN) CO., LTD., and other defendants in the Multi-District Litigation ("MDL") pending in New Orleans, Louisiana. The claims asserted in the Omnibus Complaint are substantially similar to those set forth in this action.

{218429.0005/N0802956_2}

4

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

Because the Federal actions have been coordinated and consolidated in a Multidistrict Litigation ("MDL") and transferred to the United States District Court for the Eastern District of Louisiana, BANNER respectfully requests that the instant action be stayed pending resolution of the MDL, in the interest of judicial economy. The Defendants and subject matter at issue are substantially similar in the previously filed actions and a resolution of any of those actions will resolve the issues raised in the Complaint. All the actions involve the same operative facts and issues, i.e., the allegedly defective Chinese drywall, have competing class actions, are being brought on behalf of all others similarly situated, and there are no unique factual issues presented in the Complaint that will not be resolved by the other filed actions. Accordingly, this action should be stayed pending a resolution of those actions.

## II.     MOTION TO ABATE

Plaintiff filed the instant action against BANNER alleging construction defects with regard to drywall allegedly supplied by BANNER and later installed in Plaintiff's home. Plaintiff claims she has satisfied all conditions precedent to filing the instant action; however, Plaintiff has failed to comply with Chapter 558, *Florida Statutes*, as she has failed to give notice pursuant to Section 558.004, *Florida Statutes*.

Section 558.004, *Florida Statutes*, provides for a procedure which must be instituted prior to litigation in actions relating to construction defects. It states, in pertinent part, that "in actions brought alleging a construction defect, the claimant shall, at least 60 days before filing any action,…serve written notice of claim on the contractor, subcontractor, supplier, or design professional…" § 558.004, *Fla. Stat.* (2008).

Section 558.003, *Florida Statutes*, sets forth the required procedure in the event a plaintiff files a lawsuit alleging a construction defect without first complying with the

{218429.0005/N0802956_2}

5

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD.• SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

requirements of Chapter 558: "[i]f a claimant files an action alleging a construction defect without first complying with the requirements of this chapter, on timely motion by a party to the action the court shall abate the action, without prejudice, and the action may not proceed until the claimant has complied with such requirements." § 558.003, *Fla. Stat.* (2008). "The [statute's purpose is] to create 'an alternative method to resolve construction disputes that would reduce the need for litigation as well as protect the rights of the property owner.' In more practical terms, it is intended to allow both claimants and participants to design and construction to resolve alleged defects before both sides run to the courthouse and spend a pile of money on lawyers...." Larry R. Leiby & Steven B. Lesser, *How to Comply with Chapter 558 Florida Statutes: Current Challenges and Future Changes*, 83 Fla. B.J. 42 (February 2009).

The instant action was filed on May 13, 2009. Plaintiff has failed to comply with the notice requirements of Chapter 558, as they failed to serve a notice of claim pursuant to Section 558.004, *Florida Statutes*, prior to filing the Complaint. The statutory language above is clear and it specifically precludes the filing of an action until after a claimant complies with the notice requirements of Chapter 558.[2] The proper remedy at this stage of the proceedings is to abate Plaintiff's action, require Plaintiff to comply with the requirements of Chapter 558, and then, to the extent a resolution cannot be achieved in accordance with the mandates of Chapter 558, Plaintiff's action may be permitted to move forward.[3]

### III. MOTION TO DISMISS

#### A. Standard on Motion to Dismiss.

---

[2] The proper remedy may be a dismissal of Plaintiffs' Complaint for improperly alleging the satisfaction of all conditions precedent.

[3] The filing of this Motion to Abate does not constitute a waiver of any rights and/or responsibilities BANNER may have pursuant to Section 558.004, *Florida Statutes*.

{218429.0005/N0802956_2}

Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint is subject to dismissal if it fails to state a claim. To state a valid claim, a complaint must factually allege each element of the claim for which relief is sought. When allegations in a complaint are wholly conclusory and fail to set forth facts which, if proved, would warrant relief for the Plaintiff, dismissal is appropriate. *American Association of People with Disabilities v. Smith*, 227 F. Supp. 2d 1276, 1280 (M.D. Fla. 2002); see also *G. Davidson v. State of Georgia*, 622 F. 2d 895, 899 (5th Cir. 1980) (the naked assertion that a regulatory system could be improperly applied does not state a claim upon which relief may be granted).

### B. Plaintiff's Complaint Fails to Comply with Rules 8, 10 and 12 of the Federal Rules of Civil Procedure.

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to properly state a claim. Fed. R. Civ. P. 8(a)(2). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Ultimate facts must be alleged to support the elements of the legal claims asserted. The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Similarly, Rule 10(b) of the Federal Rules of Civil Procedure requires "each claim for relief [to be pled] in a separate count…and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading." *Anderson v. District Bd. of Trustees of Cen. Fla. Comm. Coll.*, 77 F. 3d 364, 366 (11th Cir. 1996). It relieves courts of having "the cumbersome task of sifting through myriad

{218429.0005/N0802956_2}

7

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

claims, many of which [may be] foreclosed by [various] defenses." *Id.* (quoting *Fullman v. Graddick*, 739 F. 2d 553, 557 (11th Cir. 1984)).

On May 18, 2009, the United States Supreme Court, in *Ashcroft v. Igbal*, 129 S. Ct. 1937, 2009 WL 1361536 (U.S.), confirmed the High Court's prior decision in *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544 (2007) as it relates to the federal pleading standard when faced with a 12(b)(6) motion to dismiss. *Id.* at *1949. According to *Ashcroft*, a plaintiff has the obligation to provide the grounds of his entitlement to relief which requires more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* Indeed, the court went on to explain that such "labels and conclusions" are not entitled to the "presumption of truth" generally applied to allegations in a complaint. *Id.* at 1951.

A plaintiff fails to satisfy Rule 8 where the complaint lumps all the defendants together and fails to distinguish their conduct because such allegations fail to give adequate notice to the defendants as to what they did wrong. *Median v. Bauer*, 2004 WL 136636 *6 (S.D.N.Y. 2004); *see also Lane v. Capital Acquisitions & Mgmt. Co.*, 2006 WL 4590705, *4-5 (S.D. Fla. 2006) ("*[i]n this case, the Complaint fails to differentiate among the defendants, alleging instead violations by a collective 'defendant,' even though there are five defendants consisting of three individuals and two corporations, one parent and its subsidiary. By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, the Lane's Complaint fails to satisfy the minimum standard of Rule 8.*").

Herein, Plaintiff's Complaint fails to comply with the standards imposed by Rule 8, Rule 10, Rule 12, and the case law interpreting these rules. Not only has Plaintiff inappropriately grouped all of the Defendants together, but she also did nothing more than provide "labels, conclusions and a formulaic recitation of the elements" of each cause of action. BANNER is

MDL NO. 09-2047
CASE NO. 09-4322 (Frais)

unable to frame a responsive pleading to Plaintiff's Complaint, as Plaintiff's allegations are simply unclear and fail to specify which Defendant is allegedly responsible for the conduct alleged therein. For these reasons alone, Plaintiff's Complaint must be dismissed.

C. **Unjust Enrichment.**

Plaintiff has improperly alleged a claim against BANNER for unjust enrichment. Under Florida law, a plaintiff must establish the following in order to sustain a claim for unjust enrichment: "(1) plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the conferred benefit; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff." *Extraordinary Title Services, LLC v. Florida Power & Light Co.*, 1 So. 3d 400, 400 (Fla. 3d DCA 2009). In the Complaint, Plaintiff has generally listed the elements for a claim for unjust enrichment without pleading any ultimate facts in support of such a claim. This "formulaic recitation of the elements" is wholly insufficient.

The instant action is similar to *Extraordinary Title Services, LLC v. Florida Power & Light Co.*, in which the plaintiff, Extraordinary Title Services, LLC, brought a class action on behalf of all Florida Power & Light Company ("FPL") account holders in Florida against FPL and its parent company, FPL Group, Inc. ("Group"). *Id.* The plaintiff alleged that FPL collected from customers, as part of its rates, estimated federal corporate taxes that were not actually paid to the government. *Id.* The plaintiff claimed the funds were instead, either not paid or partially paid and then refunded to Group (as FPL's parent company) by the federal government. *Id.* The plaintiff brought a claim for unjust enrichment against Group, claiming that "'Group had been unjustly enriched and received monies under circumstances where it is unjust for defendant Group to retain said monies and benefits received by it at the expense of the [plaintiff],' and that

FPL's account holders have conferred a benefit on Group." *Id.* However, the plaintiff, in fact, had no relationship with Group. "Plaintiff contracted with FPL, not Group...; [p]laintiff paid FPL, not Group; and Group provided no services to [p]laintiff." *Id.* The court found that, under the circumstances, the plaintiff had not conferred a direct benefit upon Group and therefore, could not assert a claim for unjust enrichment against Group. *Extraordinary Title Services, LLC*, 1 So. 3d at 400.

The vague allegations set forth in Count IV, without more, cannot support a claim for unjust enrichment. Plaintiff claims "Defendants ... accept[ed] and retain[ed] benefits" from Plaintiff, but fails to allege that Plaintiff ever had any contact with BANNER; that she contracted for the purchase of her home from BANNER; or that she paid BANNER money for the construction of her home. Accordingly, Plaintiff has failed to allege that she conferred a benefit upon BANNER for the purchase of her home which purportedly contained the allegedly defective drywall. Just as the plaintiff in *Extraordinary Title Services* had no relationship with Group, Plaintiff in the instant action has had no relationship with BANNER. Plaintiff has failed to allege any facts whatsoever to support a claim for unjust enrichment, and therefore, Count IV must be dismissed with regard to BANNER.

### D.  Injunctive Relief and Medical Monitoring.

In Count V of the Complaint, Plaintiff has not only failed to state a claim, but has also improperly combined two claims – a claim for injunctive relief, and a claim for medical monitoring – into one.

A preliminary injunction is an "extraordinary and drastic remedy" that should be granted only if plaintiff clearly established her "burden of persuasion." *ABC Charters, Inc. v. Bronson*, 591 F. Supp. 2d 1272, 1294 (S.D. Fla. 2008) (citing *McDonald's Corp. v. Robertson*, 147 F.3d

1301, 1306 (11th Cir.1998)). In order to obtain an injunction, a plaintiff must show: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) that the threatened injury outweighs whatever damage the injunction may cause; and (4) that if issued, the injunction would not be adverse to the public interest. *ABC Charters, Inc.*, 591 F. Supp. 2d at 1294 (citations omitted). The most important factor is the establishment of a substantial likelihood of success on the merits. *Id.*

A plaintiff seeking injunctive relief must show not only the infringement of a legal right, but also, that the infringement resulted in "an injury for which there is no adequate legal remedy and which will result in irreparable injury if the injunction does not issue." *Alabama v. U.S. Army Corps of Eng'rs*, 424 F. 3d 1117, 1127 (11th Cir. 2005) (citations omitted).

Similarly, "[T]he implementation of and supervision over a medical monitoring fund is well within a court's equitable powers." *Petito v. A.H. Robins Co., Inc.*, 750 So. 2d 103, 106 (Fla. 3d DCA 1999). While a claim for medical monitoring may be equitable in nature, like a claim for injunctive relief, it has distinct elements as compared to a claim for injunctive relief. *See Wyeth, Inc. v. Gottlieb*, 930 So. 2d 635, 640 (Fla. 3d DCA 2006) (the elements required to state a claim for medical monitoring are: (1) exposure greater than normal background levels; (2) to a proven hazardous substance; (3) caused by the defendant's negligence; (4) as a proximate result of the exposure, plaintiff has a significantly increased risk of contracting a serious latent disease; (5) a monitoring procedure exists that makes the early detection of the disease possible; (6) the prescribed monitoring regime is different from that normally recommended in the absence of the exposure; and (7) the prescribed monitoring regime is reasonably necessary according to contemporary scientific principles).

{218429.0005/N0802956_2}

11

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

Because Plaintiff has improperly pled these two distinct claims by combining them both into Count V of the Complaint, Count V should be dismissed. In addition, Plaintiff has failed to allege several key elements that are required to properly state a claim for injunctive relief and a claim for medical monitoring. Accordingly, Count V of Plaintiff's Complaint should be dismissed with regard to BANNER.

## IV. CONCLUSION

For all the foregoing reasons, Defendant BANNER SUPPLY CO. respectfully requests that this Court enter an order staying the instant action pending resolution of the previously filed actions; abating the instant action until Plaintiff has complied with Chapter 558, *Florida Statutes;* or dismissing Plaintiff's Complaint and awarding it such other and further relief that this Court deems just and proper under the circumstances.

          **ADORNO & YOSS LLP**

          /s/ Jeffrey A. Backman
          Jan Douglas Atlas
          Florida Bar No.: 226246
          jatlas@adorno.com
          Jeffrey A. Backman
          Florida Bar No.: 662501
          jbackman@adorno.com
          350 East Las Olas Boulevard, Suite 1700
          Fort Lauderdale, Florida 33301-4217
          Telephone:  (954) 763-1200
          Facsimile:   (954) 766-7800

          *Attorneys for Defendant BANNER SUPPLY CO.*

{218429.0005/N0802956_2}

12

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

MDL NO. 09-2047
CASE NO. 09-4322 (Frais)

## **CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing Motion to Dismiss have been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendant's Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 1st day of February, 2010.

                                            /s/Jeffrey A. Backman

{218429.0005/N0802956_2}

13

**ADORNO & YOSS LLP**
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800