UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  CHINESE MANUFACTURED DRYWALL          MDL NO. 09-2047
PRODUCTS LIABILITY LITIGATION

                                                 SECTION L
                                                 JUDGE FALLON
                                                 MG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:

ANA MARIA PLAZA, on behalf of herself; and on
behalf of all others similarly situated,
CASE NO.  09-05871
_____/

## DEFENDANT BANNER SUPPLY CO.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STAY, MOTION TO ABAGE, OR ALTERNATIVELY, <u>MOTION TO DISMISS</u>

Defendant BANNER SUPPLY CO. ("BANNER")[1], by its undersigned counsel, hereby files its Memorandum in Support of its Motion to Stay, Motion to Abate, or Alternatively, Motion to Dismiss Plaintiff ANA MARIA PLAZA's Class Action Complaint (the "Complaint") and to Strike Demand for Attorneys' Fees.  For all the reasons set forth herein, the instant Motion should be granted.

### BACKGROUND

On May 12, 2009, Plaintiff filed the instant Complaint in Miami-Dade County Circuit Court, asserting claims against BANNER for:  1) strict liability; 2) negligence; 3) breach of express warranty; 4) breach of implied warranty of merchantability; 5) breach of implied warranty of fitness for a particular purpose; 6) negative misrepresentation; and 7) equitable and injunctive relief and medical monitoring.  The action was removed to federal court on August 6, 2009.

---

[1] Upon information and belief, the named BANNER entity may not be the proper party to these proceedings and BANNER reserves its rights to file an appropriate motion at the appropriate time.

Adorno & Yoss LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

Plaintiff's claims purportedly arise out of the supply and installation of allegedly defective drywall. Specifically, Plaintiff alleges that Defendants, including BANNER, "manufactured, exported, imported, distributed, delivered, supplied, inspected, marketed, and/or sold" drywall that originated in China and was installed in Plaintiff's and members of proposed Class' and Subclass' homes. (Compl. at ¶ 1.) Plaintiff claims the drywall "is inherently defective because it releases sulfide gases and other chemicals that cause severe property damage, and potential health hazards." (Compl. at ¶ 1.) Plaintiff's counsel has precipitously filed the Complaint against BANNER without any facts to support the "bare bones" claims asserted in the instant action. None of the claims in Plaintiff's Complaint contain facts compliant with the requirements of the applicable Rules of Civil Procedure. Instead, they set forth conclusory statements consisting of only the legal elements of each claim. That reason alone requires dismissal of the Complaint.

In addition, throughout the Complaint, Plaintiff refers to the Defendants collectively as "Defendants," failing to differentiate which of the various Defendants have allegedly committed the acts or omissions stated therein. In failing to set forth individualized allegations for each Defendant and/or distinguish each Defendant's conduct, Plaintiff has not provided Defendants adequate notice of what they did wrong. Accordingly, BANNER cannot reasonably prepare a response to the Complaint unless Plaintiff is required to provide more definite statements.

BANNER is but a mere supplier in a chain of merchants who Plaintiff claims distributed the allegedly defective drywall. There are no allegations in the Complaint that BANNER had knowledge that the drywall was allegedly defective; indeed, BANNER was a victim the same as Plaintiff. The only potential claim Plaintiff may have against BANNER would be grounded in strict liability, which, as explained in greater detail below, does not even apply under the present

circumstances and therefore should be dismissed.  The remaining claims against BANNER also

fail to state a claim, and therefore, must be dismissed.

In the interest of judicial economy, this Court should stay the instant action pending the

resolution of similar, previously filed actions.  If, however, this Court does not grant a stay, the

instant action should be abated until Plaintiff has complied with the statutory requirements of

Chapter 558, *Florida Statutes*, as Plaintiff filed the Complaint without providing notice to

BANNER as required by Section 558.04, *Florida Statutes.*  In the alternative, this Court should

dismiss the Complaint in its entirety as it relates to BANNER, as it fails to inform BANNER of

the claims asserted against it.  For the reasons set forth herein, the instant Motion should be

granted.

## ARGUMENT

### Applicable Law

"A federal court sitting in diversity is required to apply state substantive law and federal

procedural law."  *Burke v. Smith,* 252 F. 3d 1260, 1265 (11 Cir. 2001).

## I.    MOTION TO STAY

There are over two hundred (200) actions based upon substantially similar issues and

concerning substantially the same parties filed in State and Federal court against BANNER.

District courts not only have the discretion to stay similar actions within the same jurisdiction,

*Landis v. North American Co.*, 299 U.S. 248 (1936), but can also stay an action pending the

resolution of related proceedings in another forum.  *See Ortega Trujillo v. Conover & Co.*

*Comm., Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000).  "The District Court has broad discretion to

stay proceedings as an incident to its power to control its own docket."  *Clinton v. Jones*, 520

U.S. 681, 706-07 (1997).  There are many reasons why a court may stay a proceeding pending

the resolution of a related action. *See Ortega Trujillo v. Conover & Co. Comm., Inc.*, 221 F.3d at 1264. "A stay sometimes is authorized simply as a means of controlling the district court's docket and of managing actions before the district court. *Id.; see also Landis*, 299 U.S. at 254 (stating that an action may be stayed to control the docket with economy of time and effort for itself, counsel, and litigants). Other times, "a stay might be authorized...by principles of abstention." *Ortega Trujillo v. Conover & Co. Comm., Inc.*, 221 F.3d at 1264. (citations omitted). Even when there is a disparity in the parties to the actions, actions seeking to certify an almost identical class of plaintiffs are sufficiently similar to cause a stay of the subsequent action. *See Landis* 299 U.S. at 254 (parties to two causes need not be the same and issues need not be identical in order for a court to stay proceedings in one suit to move forward with proceedings in another).

The eleventh circuit has also held that a stay "is the proper procedural mechanism for a district court to employ when deferring to a parallel state-court proceeding under the *Colorado River* doctrine." *Moorer v. Demopolis Waterworks & Sewer Bd.*, 374 F.3d 994, 998 (11th Cir. 2004). The *Colorado River* doctrine is based "on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Id.* (citations omitted). Under the *Colorado River* doctrine, there are several factors the court will consider in determining whether a stay is warranted:

> (1) the order in which the courts assumed jurisdiction over property; (2) the relative inconvenience of the for[um]; (3) the order in which jurisdiction was obtained and the relative progress of the two actions; (4) the desire to avoid piecemeal litigation; (5) whether federal law provides the rule of decision; and (6) whether the state court will adequately protect the rights of all parties.

*Id.* at 997.

Defendants are presently defendants in several class actions and individual actions pending in federal and state courts (the "other pending actions"). Because the Federal actions

have been coordinated and consolidated in a Multidistrict Litigation ("MDL") and transferred to the United States District Court for the Eastern District of Louisiana, BANNER respectfully requests that the instant action be stayed pending resolution of the MDL, in the interest of judicial economy. The Defendants and subject matter at issue are substantially similar in the previously filed actions and a resolution of any of those actions will resolve the issues raised in the Complaint. All the actions involve the same operative facts and issues, i.e., the allegedly defective Chinese drywall, have competing class actions, are being brought on behalf of all others similarly situated, and there are no unique factual issues presented in the Complaint that will not be resolved by the previously filed actions. Accordingly, this action should be stayed pending a resolution of those previously filed actions.

## II.   **MOTION TO ABATE**

Plaintiff filed the instant action against BANNER alleging construction defects with regard to drywall allegedly supplied by BANNER and later installed in Plaintiff's home. Plaintiff claims she has satisfied all conditions precedent to filing the instant action; however, Plaintiff has failed to comply with Chapter 558, *Florida Statutes*, as she has failed to give notice pursuant to Section 558.004, *Florida Statutes.*

Section 558.004, *Florida Statutes*, provides for a procedure which must be instituted prior to litigation in actions relating to construction defects. It states, in pertinent part, that "in actions brought alleging a construction defect, the claimant shall, at least 60 days before filing any action,...serve written notice of claim on the contractor, subcontractor, supplier, or design professional..." § 558.004, *Fla. Stat.* (2008).

Section 558.003, *Florida Statutes*, sets forth the required procedure in the event a plaintiff files a lawsuit alleging a construction defect without first complying with the

requirements of Chapter 558:  "[i]f a claimant files an action alleging a construction defect without first complying with the requirements of this chapter, on timely motion by a party to the action the court shall abate the action, without prejudice, and the action may not proceed until the claimant has complied with such requirements."  § 558.003, *Fla. Stat.* (2008).  "The [statute's purpose is] to create 'an alternative method to resolve construction disputes that would reduce the need for litigation as well as protect the rights of the property owner.'  In more practical terms, it is intended to allow both claimants and participants to design and construction to resolve alleged defects before both sides run to the courthouse and spend a pile of money on lawyers...."  Larry R. Leiby & Steven B. Lesser, *How to Comply with Chapter 558 Florida Statutes:  Current Challenges and Future Changes*, 83 Fla. B.J. 42 (February 2009).

The instant action was filed on May 12, 2009.  Plaintiff has failed to comply with the notice requirements of Chapter 558, as she failed to serve a notice of claim pursuant to Section 558.004, *Florida Statutes*, prior to filing the Complaint.  The statutory language above is clear and it specifically precludes the filing of an action until after a claimant complies with the notice requirements of Chapter 558.[1]  The proper remedy at this stage of the proceedings is to abate Plaintiff's action, require Plaintiff to comply with the requirements of Chapter 558, and then, to the extent a resolution cannot be achieved in accordance with the mandates of Chapter 558, Plaintiff's action may be permitted to move forward.[2]

---

[1]  The proper remedy may be a dismissal of Plaintiff's Complaint for improperly alleging the satisfaction of all conditions precedent.

[2]  The filing of this Motion to Abate does not constitute a waiver of any rights and/or responsibilities BANNER may have pursuant to Section 558.004, *Florida Statutes*.

MDL NO. 09-2047
CASE NO. 09-05871 (Plaza)

## III.   MOTION TO DISMISS

### A.   Standard on Motion to Dismiss.

Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint is subject to dismissal if it fails to state a

claim.  To state a valid claim, a complaint must factually allege each element of the claim for

which relief is sought.  When allegations in a complaint are wholly conclusory and fail to set

forth facts which, if proved, would warrant relief for the Plaintiff, dismissal is appropriate.

*American Association of People with Disabilities v. Smith*, 227 F. Supp. 2d 1276, 1280 (M.D.

Fla. 2002); s*ee also G. Davidson v. State of Georgia*, 622 F. 2d 895, 899 (5th Cir. 1980) (the

naked assertion that a regulatory system could be improperly applied does not state a claim upon

which relief may be granted).

### B.   Plaintiff's Complaint Fails to Comply with Rules 8, 10 and 12 of the Federal Rules of Civil Procedure.

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and

plain statement of the claim showing that the pleader is entitled to relief" in order to properly

state a claim.  Fed. R. Civ. P. 8(a)(2).  This "requires more than labels and conclusions, and a

formulaic recitation of the elements of a claim will not do."  *See Papasan v. Allain,* 478 U.S.

265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal

conclusion couched as a factual allegation").  Ultimate facts must be alleged to support the

elements of the legal claims asserted.  The purpose of this rule is to "give the defendant fair

notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S.

41, 47 (1957).  Similarly, Rule 10(b) of the Federal Rules of Civil Procedure requires "each

claim for relief [to be pled] in a separate count...and with such clarity and precision that the

defendant will be able to discern what the plaintiff is claiming and to frame a responsive

pleading." *Anderson v. District Bd. of Trustees of Cen. Fla. Comm. Coll.*, 77 F. 3d 364, 366

(11th Cir. 1996). It relieves courts of having "the cumbersome task of sifting through myriad claims, many of which [may be] foreclosed by [various] defenses." *Id.* (quoting *Fullman v. Graddick*, 739 F. 2d 553, 557 (11th Cir. 1984)).

On May 18, 2009, the United States Supreme Court, in *Ashcroft vs. Igbal*, 129 S. Ct. 1937, 2009 WL 1361536 (U.S.), confirmed the High Court's prior decision in *Bell Atlantic Corp. vs. Twombley*, 550 U.S. 544 (2007) as it relates to the federal pleading standard when faced with a 12(b)(6) motion to dismiss. *Id.* at *1949. According to *Ashcroft*, a plaintiff has the obligation to provide the grounds of his entitlement to relief which requires more than "labels and conclusions, and a formulaic recitation of the elements of a claim." *Id.* Indeed, the court went on to explain that such "labels and conclusions" are not entitled to the "presumption of truth" generally applied to allegations in a complaint. *Id.* at 1951.

A plaintiff fails to satisfy Rule 8 where the complaint lumps all the defendants together and fails to distinguish their conduct because such allegations fail to give adequate notice to the defendants as to what they did wrong. *Median v. Bauer,* 2004 WL 136636 *6 (S.D.N.Y. 2004); *see also Lane vs. Capital Acquisitions & Mgmt. Co.*, 2006 WL 4590705, *4-5 (S.D. Fla. 2006) ("[i]*n this case, the Complaint fails to differentiate among the defendants, alleging instead violations by a collective 'defendant,' even though there are five defendants consisting of three individuals and two corporations, one parent and its subsidiary. By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, the Lane's Complaint fails to satisfy the minimum standard of Rule 8").*

Herein, Plaintiff's Complaint fails to comply with the standards imposed by Rule 8, Rule 10, Rule 12 and the case law interpreting these rules. Not only has Plaintiff inappropriately grouped all of the Defendants together, but she also did nothing more than provide "labels,

MDL NO. 09-2047
CASE NO. 09-05871 (Plaza)

conclusions and a formulaic recitation of the elements" of each claim.   BANNER is unable to

frame a responsive pleading to Plaintiff's Complaint, as Plaintiff's allegations are simply unclear

and fail to specify which Defendant is allegedly responsible for the conduct alleged therein.   For

these reasons alone, Plaintiff's Complaint must be dismissed.

### C.   Plaintiff's Tort Claims Against BANNER are Barred by the Economic Loss Rule.

Plaintiff's tort claims for strict liability and negligence, which relate to the quality of the

drywall allegedly supplied by BANNER are barred by the product liability economic loss rule

(the "Economic Loss Rule") and therefore, must be dismissed.

The Economic Loss Rule "prohibits tort recovery when a product damages itself, causing

economic loss, but does not cause personal injury or damage to any property other than itself."

*Casa Clara Condominium Ass'n, Inc. v. Charley Toppino and Sons, Inc.*, 620 So.2d 1244, 1246

(Fla. 1993).   The Economic Loss Rule was developed "to protect manufacturers from liability for

economic damages caused by a defective product beyond those damages provided by warranty

law."   *See Indemnity Ins. Co. of N. America v. America v. American Aviation, Inc.*, 891 So. 2d

532, 538 (Fla. 3d DCA 1986).   "[A] manufacturer or distributor in a commercial relationship has

no duty beyond that arising from its contract to prevent a product from malfunctioning or

damaging itself."   *Id.* at 542.   The Economic Loss Rule "applies even in the absence of privity of

contract."   *Id.* at 541 (citations omitted).

"Economic loss has been defined as 'damages for inadequate value, costs of repair and

replacement of the defective product, or consequent loss of profits-without any claim of personal

injury or damage to other property.'   It includes 'the diminution in the value of the product

because it is inferior in quality and does not work for the general purposes for which it was

MDL NO. 09-2047
CASE NO. 09-05871 (Plaza)

manufactured and sold,'" or the "'disappointed economic expectations,' which are protected by contract law, rather than tort law." *Id.*

"[T]here must be a showing of harm above and beyond disappointed expectations," for a plaintiff to recover in tort. *Id.* "A buyer's desire to enjoy the benefit of his bargain is not an interest that tort law traditionally protects." *Id.* (citations omitted).

In *Casa Clara Condominium Association, Inc., et al. v. Charley Toppino & Sons, Inc.*, 620 So. 2d 1244, 1245 (hereinafter, *Casa Clara*) (an action very similar to the instant action), one of the defendants (the "Concrete Supplier") supplied concrete for the construction of numerous homes which contained a high content of salt that caused the reinforcing steel inserted in the concrete to rust, which, in turn, caused the concrete to crack and break off. *Id.* at 1245. The homeowners, in separate actions, sued numerous defendants, including the Concrete Supplier. *Id.* The Circuit Court dismissed all claims against the Concrete Supplier in each action. *Id.* On appeal, the District Court, applying the Economic Loss Rule, held that because there was no physical injury and no "other property" had been damaged, the homeowners could not state a tort claim against the Concrete Supplier. *Id.* at 1247.

In Count II of the Complaint, Plaintiff has brought a claim against BANNER for strict liability. In Count I of the Complaint, Plaintiff has alleged a claim against BANNER for negligence, based upon the same facts. "When a set of facts will support both a theory of common law negligence and strict liability, a plaintiff is entitled to proceed on either theory or both." *Baione v. Owens-Illinois, Inc.*, 599 So.2d 1377, 1378 (Fla. 2d DCA 1992) (citing *Ford Motor Co. v. Hill*, 404 So.2d 1049 (Fla.1981)). In this action, however, the facts do not support either theory, because, as previously stated, both claims sound in tort, and therefore, are barred by the Economic Loss Rule.

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

"[S]trict liability should be imposed only when a product the manufacturer places on the market, knowing that it is to be used without inspection for defects, proves to have a defect that causes injury to a human being." *Federal Ins. Co. v. Bonded Lightning Protection Systems, Inc.* 2008 WL 5111260, *4 (S.D. Fla. 2008) (citing *West v. Caterpillar Tractor Co., Inc.*, 336 So. 2d 80, 86 (Fla. 1976)). This doctrine has since been expanded "to others in the distributive chain including retailers, wholesalers, and distributors." *Plaza v. Fisher Development, Inc.,* 971 So. 2d 918, 920 (Fla. 3d DCA 2007) (quoting *Samuel Friedland Family Enters. v. Amoroso,* 630 So. 2d 1067, 1068 (Fla.1994)).

Herein, Plaintiff claims BANNER supplied the allegedly defective drywall which purportedly "emits various sulfide gases" which causes a noxious odor and further causes corrosion to various household items. (Compl. at ¶ 5.) Just as in *Casa Clara*, the Plaintiff here seeks purely economic damages, as she has failed to allege that anyone has sustained any physical injuries and no property, other than the structures built with the allegedly defective drywall, have sustained any damage. BANNER did not owe an independent duty of care to protect Plaintiff's purely economic interests, and therefore, she cannot recover for her loss under tort theories such as strict liability or negligence. *See Florida Dept. of Corrections v. Abril*, 969 So. 2d 201, 204 (Fla. 2007) ("To maintain an action for negligence, a plaintiff must establish that the defendant owed a *duty*, that the defendant breached that duty, and that this breach caused the plaintiff damages." (emphasis added)). Plaintiff has failed to allege any facts indicating any personal injuries or damage to other property. Accordingly, the Economic Loss Rule precludes Plaintiff's tort claims against BANNER.

In determining the character of the loss (i.e., whether "other property" has been damaged), the product purchased by the plaintiff, and not the product sold by the defendant, must

{218429.0005/N0802887_1}

11

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

be considered. *Fishman v. Boldt*, 666 So. 2d 273, 274 (Fla. 4th DCA 1996).  For example, in *Fishman v. Boldt*, the plaintiff purchased a home, which included a seawall, pool, and patio—what the court considered the home's "component parts."  *Id.*  Thereafter, the seawall failed, causing damage to the remainder of the home.  *Id.*  The court found that because the plaintiff purchased the home which included its component parts, the seawall, pool, and patio could not be considered "other property" with regard to the Economic Loss Rule, and therefore, the plaintiff's tort claims against the defendant for the defective seawall were barred.  *Id.*

In this action, Plaintiff has alleged that the drywall has caused damage to her "air-conditioner and refrigerator coils, copper tubing, faucets, metal surfaces, electrical wiring, and computer wiring, as well as ... microwaves, utensils, personal property, electronic appliances, jewelry and other household items."  (Compl. at ¶ 5).  The home purchased by Plaintiff included not only drywall, but also the electrical systems, plumbing systems, air-conditioning systems, and other metal-based components of the home, which, are the home's component parts. Because Plaintiff has failed to allege any damage to items independent from the home or acquired independently from the purchase of the home, these items cannot be considered "other property" under Florida law and will not preclude the application of the Economic Loss Rule. *See Fishman*, 666 So. 2d at 274.

Although arguably the purchase of a home "is the largest investment many consumers ever make,...[i]f a house causes economic disappointment by not meeting a purchaser's expectations, the resulting failure to receive the benefit of the bargain is a core concern of contract, not tort, law." *Casa Clara*, 620 So.2d at 1247 (citations omitted).  Homeowners have protections against such deficiencies, "such as statutory warranties, the general warranty of habitability, and the duty of sellers to disclose defects, as well as the ability of purchasers to

{218429.0005/N0802887_1}

12
**ADORNO & YOSS LLP**
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

inspect houses for defects.   Coupled with homebuyers' power to bargain over price, these

protections must be viewed as sufficient when compared with the mischief that could be caused

by allowing tort recovery for purely economic losses." *Id.* Without physical injury or property

damage, contract law is more suitable for this alleged economic loss as opposed to tort law.

Based upon the foregoing, Counts I and II of the Complaint must be dismissed.

## D.   Negligence.

Florida law requires that to properly state a claim for negligence, a plaintiff must show

that: (1) the defendant owed a duty to the plaintiff; 2) the defendant breached that duty; and (3)

the breach caused the plaintiff damages. *Fla. Dept. of Corrections v. Abril*, 969 So. 2d 201, 204-

05 (Fla. 2007) (citations omitted).   Whether a duty exists is not an issue of fact, but rather, an

issue of law. *Id.*

In Count I of the Complaint, Plaintiff claims that Defendants owed Plaintiff a duty of care

in the design, manufacturing, exporting, importing, distributing, delivering, supplying,

inspecting, installation, marketing, and/or selling of the allegedly defective drywall. (Compl. at

¶ 95.) Plaintiff also claims that Defendants owed a duty to Plaintiff to provide certain warnings

to Plaintiff. (Compl. at ¶ 96.) However, nowhere in the Complaint does Plaintiff specify which

Defendant allegedly engaged in the activities described therein.   The allegations are not set forth

in paragraphs limited to a single set of circumstances, as Rule 10(b) requires.   Rather, they are

founded upon numerous transactions (i.e., designing, manufacturing, importing,  distributing,

delivering, supplying, inspecting, installation, marketing, and/or selling drywall) set forth in a

single paragraph.   It is wholly improper to group the Defendants together and require BANNER

to guess as to the facts which apply to it.   In addition, Plaintiff has failed to allege any ultimate

facts in support of a claim for negligence.   Finally, as mentioned above, this claim is barred by

the Economic Loss Rule.   Accordingly, Plaintiff's claim for negligence should be dismissed.

{218429.0005/N0802887_1}

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

MDL NO. 09-2047
CASE NO. 09-05871 (Plaza)

**E.      Strict Liability Does Not Apply to Structural Improvements to Real Property.**

"[T]he doctrine of strict products liability does not apply to structural improvements to real estate." *Plaza v. Fisher Development, Inc.*, 971 So. 2d 918, 920 (Fla. 3d DCA 2007) (quoting *Easterday v. Masiello*, 518 So. 2d 260, 261 (Fla. 1988)); *see Pamperin v. Interlake Companies, Inc.*, 634 So. 2d 1137 (Fla. 1st DCA 1994) (structural improvements to real property are generally not considered products for purposes of products liability actions). In determining whether something constitutes a "product" or a "structural improvement to real property" with regard to products liability actions, courts will look at several factors, including: (1) whether the structure can be disassembled and resold; (2) whether the item adds value to the property; (3) whether the item is intended to enhance the property's value, beauty, or utility; and (4) whether the item is available for purchase in the sense that it is offered in the stream of commerce. There is, however, an exception to the general rule that strict liability does not apply to structural improvements to real property: "where the injuries result not from the real property as improved by the alleged defective product but directly from a defective product manufactured by defendant, which product may have itself been incorporated into the improvement of the realty before the injury from the product occurred." *Id.* (citations omitted). In such an action, the doctrine of strict liability would apply.

Plaintiff has failed to allege in the Complaint that the drywall is a product within the scope of the strict products liability doctrine. The drywall at issue is clearly a structural improvement to real property not subject to strict products liability. Accordingly, Count II of the Complaint must be dismissed.

{218429.0005/N0802887_1}

14

**ADORNO & YOSS LLP**
350 EAST LAS OLAS BLVD.• SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

MDL NO. 09-2047
CASE NO. 09-05871 (Plaza)

### F.   Breach of Warranties

Plaintiff has set forth three claims for breach of warranty against BANNER: breach of express warranty; breach of implied warranty of merchantability; and breach of implied warranty of fitness for a particular purpose .[3]

A plaintiff must be in privity of contract with the defendant to prevail in a claim for breach of warranty.[4] *T.W.M. v. American Medical Systems, Inc.,* 886 F. Supp. 842 (N.D. Fla. 1995) (finding that the recipient of allegedly defective product did not state a claim for breach of express warranty or breach of implied warranties of merchantability and fitness for particular purpose absent any allegation that he purchased the product directly from the manufacturer or contracted with the manufacturer).  This is because "[a] warranty, whether express or implied, is fundamentally a contract.  A contract claim requires privity." *T.W.M.,* 886 F. Supp. at 844 (citations omitted).  A plaintiff who purchases a product, but does not buy it directly from the defendant, is not in privity with that defendant.  1 White & Summers, *Uniform Commercial Code* § 11-2, at 528 (3rd ed. 1988).

Plaintiff fails to allege she is in privity with BANNER in Count III.  In Counts IV and V, Plaintiff makes the conclusory statement that, "Defendants were in privity with Plaintiff." (Compl. at ¶¶ 121 and 131.)  However, Plaintiff fails to indicate which Defendants were allegedly in privity with Plaintiff, as well as any other facts in support of this allegation.

---

[3]Plaintiff asserts these claims against all the Defendants, failing to indicate whether all or some of the allegations relate to BANNER.  Moreover, Plaintiff has pled no facts in support of these claims.

[4]It is true "that an action [for breach of warranty] may be brought against a manufacturer notwithstanding want of privity." *Manheim v. Ford Motor Co.,* 201 So. 2d 440, 441 (Fla. 1967).  However, because BANNER is not the manufacturer of the allegedly defective drywall, but only a drywall supplier, Plaintiff must *properly* allege that the parties are in privity (i.e., state a cause of action for breach of warranty with ultimate facts in support thereof) to survive the instant Motion.  Plaintiff has failed to do that.

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD.• SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

MDL NO. 09-2047
CASE NO. 09-05871 (Plaza)

### (i)    Breach of Express Warranty

Section 672.313, *Florida Statutes*, states that express warranties can be created three ways:

> (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise[;]
>
> (b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description [; or]
>
> (c) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

§ 672.313, *Fla. Stat.* (2008).

An express warranty generally arises "where [a] seller asserts a fact of which the buyer is ignorant prior to the beginning of the transaction," and the fact is relied upon by the buyer as the "basis of the bargain." *Thursby v. Reynolds Metal Co.,* 466 So. 2d 245, 250 (Fla. 1st DCA 1984).

Plaintiff claims she "relied on the[] express warranties" of the Defendants. (Compl. at ¶ 118.) However, Plaintiff has failed to plead any facts in support of this conclusory statement. Plaintiff cannot show that she relied on any specific affirmations of fact, descriptions, samples or models of the drywall made by BANNER, as Plaintiff had absolutely no contact with BANNER. *See Spolski Gen Contractor, Inc. v. Jett-Air Corp. Aviation Management of Central Fla., Inc.,* 637 So. 2d 968, 970 (Fla. 5th DCA 1994) (holding that paint manufacturer could not be held liable to the general contractor for breach of express warranty where there was no sale from the manufacturer to contractor, no privity between them, no contract between them, no reliance on contractor on any warranty, and no warranty was given to contractor).

{218429.0005/N0802887_1}

16

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

MDL NO. 09-2047
CASE NO. 09-05871 (Plaza)

BANNER did not make an express warranty to Plaintiff. Plaintiff has failed to allege any facts indicating that she purchased the drywall from BANNER; that BANNER and Plaintiff are in privity; that there is a contract between BANNER and Plaintiff; that Plaintiff relied on a warranty from BANNER; or that an express warranty from BANNER even exists. Furthermore, Plaintiff has failed to plead that she is a third party beneficiary of any express warranty provided by BANNER to the purchaser of the drywall. *See Wimar v. Yacht Club Point Estates, Inc.*, 223 So. 2d 100, 102 (Fla. 4th DCA 1969) (third party beneficiaries of a contract may sue for damages as a result of acts of one of the parties to a contract). "[I]n order to sustain an action instigated by a party beneficiary, the plaintiff must plead the contract which was expressly for his benefit and one under which it clearly appears that he was a beneficiary." *Id.* Here, there are no allegations in the Complaint illustrating the terms of the alleged express warranty and how the terms will benefit Plaintiff as a third party beneficiary to the warranty, nor are there any allegations in the Complaint that the parties receiving the alleged warranty intended to benefit Plaintiff. Accordingly, Plaintiff has failed to state a claim for breach of express warranty against BANNER, and Count III of the Complaint should be dismissed.

### (ii)    Breach of Implied Warranty of Merchantability

Section 672.314, *Florida Statutes* states:

> (1) Unless excluded or modified (s. 672.316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind…
>
> (2) Goods to be merchantable must be at least such as:
>
> (a) Pass without objection in the trade under the contract description; and
>
> (b) In the case of fungible goods, are of fair average quality within the description; and

{218429.0005/N0802887_1}

17

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

(c) Are fit for the ordinary purposes for which such goods are used; and

(d) Run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and

(e) Are adequately contained, packaged, and labeled as the agreement may require; and

(f) Conform to the promises or affirmations of fact made on the container or label if any.

(3) Unless excluded or modified (s. 672.316) other implied warranties may arise from course of dealing or usage of trade.

§ 672.314, *Fla. Stat.* (2009). Regardless of whether a product fails to comport with the foregoing statutory requirements, Florida law requires privity of contract to maintain an action for breach of an implied warranty. *Ocana v. Ford Motor Co.,* 992 So. 2d 319, 325 (Fla. 3d DCA 2008). Plaintiff has failed to allege any ultimate facts to support her allegation that she is in privity with BANNER; merely stating that the parties are in privity does not satisfy the requirements of the Florida Rules of Civil Procedure, which require that allegations be supported with ultimate facts. Accordingly, Plaintiff has failed to state a claim for breach of implied warranty of merchantability, and Count IV should be dismissed.

### (iii) Breach of Implied Warranty of Fitness for a Particular Purpose

Section 672.315, *Florida Statutes* states:

Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose.

§ 672.315, *Fla. Stat.* (2009). In order to sustain a claim for breach of implied warranty for fitness of a particular purpose and survive a motion to dismiss, a plaintiff must "allege a

{218429.0005/N0802887_1}

18

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

particular or unusual use different from the purpose for which the item sold is ordinarily used." *Fred's Excavating & Crane Service, Inc. v. Continental Ins. Co.,* 340 So. 2d 1220, 1220 (Fla. 4th DCA 1976). Furthermore, the plaintiff must allege that the "seller had reason to know the particular purpose for which the goods were purchased by the buyer and that the buyer relied on the seller's judgment in providing suitable goods." *Dunham-Bush, Inc. v. Thermo-Air Service, Inc.,* 351 So. 2d 351, 353 (Fla. 4th DCA 1977). In addition, privity of contract must exist between the parties for a plaintiff to state a claim for breach of implied warranty of fitness for a particular purpose. *See Kramer v. Piper Aircraft Corp.,* 520 So. 2d 37 (Fla. 1988).

In this action, Plaintiff has failed to allege that the allegedly defective drywall was going to be used for a particular or unusual use different than from the purpose for which the item was sold, or that the seller[5] had reason to know the supposed "particular purpose" for which the drywall was purchased. Furthermore, Plaintiff has failed to allege any facts in support of her conclusory allegation that she was in privity with Defendants.[6] (*See* Compl. at ¶ 131.) Indeed, Plaintiff has not (and cannot) assert such facts because she never had any relationship with BANNER, much less entered into a contract with BANNER. Consequently, Plaintiff could not have made the alleged "particular purpose" known to BANNER, and Plaintiff could not have relied on BANNER's judgment with regard to the drywall's suitability for that "particular purpose." Plaintiff's claim is without any factual support. Furthermore, the drywall was installed in the Plaintiff's home and used for its usual--not unusual--purpose. Accordingly, Plaintiff has failed to state a claim for breach of implied warranty of fitness for a particular purpose, and Count V of the Complaint should be dismissed.

---

[5] Plaintiff's reference to "Defendants," in Count V makes it is impossible for BANNER to know which Defendants Plaintiff is referring to. Accordingly, BANNER cannot reasonably be expected to form a response to this claim.

[6] Again, Plaintiff fails to specify which Defendants were allegedly in privity with Plaintiff.

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

MDL NO. 09-2047
CASE NO. 09-05871 (Plaza)

## G.   <u>Negligent Misrepresentation.</u>

Count VI of Plaintiff's Complaint is a claim for negligent misrepresentation. "To prove negligent misrepresentation, it must be shown that (1) there was a misrepresentation of material fact; (2) the representer either knew of the misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false; (3) the representer intended to induce another to act on the misrepresentation; and (4) injury resulted to a party acting in justifiable reliance upon the misrepresentation." *Coral Gables Distribution, Inc. v. Milich*, 992 So. 2d 302, 303 (Fla. 3d DCA 2008).

It is insufficient for Plaintiff to merely list the elements of a claim without alleging any facts in support thereof. Here, Plaintiff has not even done that. Specifically, Plaintiff fails to allege that BANNER intended to induce Plaintiff to act on the purported misrepresentation(s). Plaintiff also fails to allege that Plaintiff justifiably relied upon a misrepresentation made by BANNER. In addition to having failed to allege two of the four required elements to state a claim for negligent misrepresentation, Plaintiff has also failed to allege any facts in support of those elements.

Plaintiff references "material facts," "statements," "misrepresentations," and "omissions" allegedly made by Defendants, without stating which Defendants made the statements and/or describing the substance of the alleged misrepresentation. Such conclusory allegations, without more, do not state a claim for negligent misrepresentation. Furthermore, as previously stated, this cause of action is barred by the Economic Loss Rule. Accordingly, Count VI of the Complaint should be dismissed for failure to state a claim.

{218429.0005/N0802887_1}

20

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

MDL NO. 09-2047
CASE NO. 09-05871 (Plaza)

### H.    Equitable Relief, Injunctive Relief and Medical Monitoring.

In Count VII of the Complaint, Plaintiff has not only failed to state a claim, but has also improperly combined two claims – a claim for injunctive relief, and a claim for medical monitoring – into one.

A preliminary injunction is an "extraordinary and drastic remedy" that should be granted only if plaintiffs clearly established their "burden of persuasion." *ABC Charters, Inc. v. Bronson,* 591 F. Supp. 2d 1272, 1294 (S.D. Fla. 2008) (citing *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir.1998)).   In order to obtain an injunction, a plaintiff must show: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) that the threatened injury outweighs whatever damage the injunction may cause; and (4) that if issued, the injunction would not be adverse to the public interest. *ABC Charters, Inc.,* 591 F. Supp. 2d at 1294 (citations omitted).   The most important factor is the establishment of a substantial likelihood of success on the merits. *Id.*

A plaintiff seeking injunctive relief must show not only the infringement of a legal right, but also, that the infringement resulted in "an injury for which there is no adequate legal remedy and which will result in irreparable injury if the injunction does not issue." *Alabama v. U.S. Army Corps of Eng'rs,* 424 F. 3d 1117, 1127 (11th Cir. 2005) (citations omitted).

Similarly, "[T]he implementation of and supervision over a medical monitoring fund is well within a court's equitable powers." *Petito v. A.H. Robins Co., Inc.,* 750 So. 2d 103, 106 (Fla. 3d DCA 1999). While a claim for medical monitoring may be equitable in nature, like a claim for injunctive relief, it has distinct elements as compared to a claim for injunctive relief. *See Wyeth, Inc. v. Gottlieb,* 930 So. 2d 635, 640 (Fla. 3d DCA 2006) (the elements required to state a claim for medical monitoring are: (1) exposure greater than normal background levels; (2) to a proven hazardous substance; (3) caused by the defendant's negligence; (4) as a proximate

{218429.0005/N0802887_1}

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

result of the exposure, plaintiff has a significantly increased risk of contracting a serious latent disease; (5) a monitoring procedure exists that makes the early detection of the disease possible; (6) the prescribed monitoring regime is different from that normally recommended in the absence of the exposure; and (7) the prescribed monitoring regime is reasonably necessary according to contemporary scientific principles).

Because Plaintiff has improperly pled these two distinct claims by combining them both into Count VII of the Complaint, Count VII should be dismissed.  In addition, Plaintiff has failed to allege several key elements that are required to properly state a claim for injunctive relief and a claim for medical monitoring.  Count VII of Plaintiff's Complaint should be dismissed with regard to BANNER.

## I.    Plaintiff's Demand for Attorneys' Fees Must Be Stricken.

Plaintiff has demanded attorneys' fees in this action.  Plaintiff's demand for attorneys' fees is improper and should be stricken.  Florida adheres to the "American Rule," which stands for the proposition that attorneys' fees are only awardable pursuant to an entitling statute or a contract between the parties. *Attorney's Title Ins. Fund, Inc. v. Landa-Posada*, 984 So. 2d 641, 643 (Fla. 3d DCA 2008).  The American Rule has been reaffirmed by the United States Supreme Court, and therefore, applies to the instant action. *See Alyeska Pipeline Service Co. v. Wilderness Soc'y,* 421 U.S. 240 (1975).

Plaintiff's inadequate request for attorneys' fees is highlighted by the failure to plead any facts in support of this contention.  Plaintiff has failed to specify any statute purportedly entitling her to attorneys' fees.  Furthermore, the causes of action Plaintiff has attempted to assert against BANNER do not provide for attorneys' fees under a statute.  Plaintiff's demand for attorneys' fees pursuant to contract is also misplaced, as Plaintiff never entered into a contract with

MDL NO. 09-2047
CASE NO. 09-05871 (Plaza)

BANNER.  Therefore, there can be no award of attorneys' fees and any such claims must be stricken.

## IV.   CONCLUSION

For all the foregoing reasons, Defendant BANNER SUPPLY CO. respectfully requests that this Court enter an order staying the instant action pending resolution of the previously filed actions; abating the instant action until Plaintiff has complied with Chapter 558, *Florida* Statutes; or dismissing Plaintiff ANA MARIE PLAZA's Class Action Complaint and striking Plaintiff's demand for attorneys' fees; and awarding it such other and further relief that this Court deems just and proper under the circumstances.

**ADORNO & YOSS LLP**

/s/ Jeffrey A. Backman
Jan Douglas Atlas
Florida Bar No.: 226246
jatlas@adorno.com
Jeffrey A. Backman
Florida Bar No.: 662501
jbackman@adorno.com
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, Florida 33301-4217
Telephone:     (954) 763-1200
Facsimile:     (954) 766-7800

*Attorneys for Defendant BANNER SUPPLY CO.*

{218429.0005/N0802887_1}

23

**ADORNO & YOSS LLP**
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

MDL NO. 09-2047
CASE NO. 09-05871 (Plaza)

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion to Dismiss have been served on Plaintiff's Liaison Counsel, Russ Herman, and Defendant's Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 29th day of January, 2010.

/s/Jeffrey A. Backman

{218429.0005/N0802887_1}

24

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800