UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  CHINESE MANUFACTURED DRYWALL          MDL NO. 09-2047
PRODUCTS LIABILITY LITIGATION

                                                                                  SECTION L
                                                                                  JUDGE FALLON
                                                                                  MG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:

SHANE M. ALLEN and NICOLE J. ALLEN, on
behalf of themselves and all others similarly situated,
CASE NO.  09-4112
_____/

## DEFENDANT BANNER SUPPLY CO.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STAY, MOTION TO ABATE, OR ALTERNATIVELY, <u>MOTION TO DISMISS</u>

Defendant BANNER SUPPLY CO. ("BANNER"),[1] by its undersigned counsel, hereby

files its Memorandum in Support of its Motion to Stay, Motion to Abate, or Alternatively,

Motion to Dismiss Plaintiffs SHANE M. ALLEN and NICOLE J. ALLEN's Class Action

Complaint (the "Complaint") and to Strike Demand for Attorneys' Fees.  For all the reasons set

forth herein, the instant Motion should be granted.

## <u>BACKGROUND</u>

On or about January 30, 2009, Plaintiffs filed the instant Class Action Complaint

asserting claims against BANNER for:  1) negligence and negligence per se; 2) strict liability;

3) breach of express warranty; 4) breach of implied warranty; 5) fraudulent misrepresentation; 6)

fraudulent concealment; and 7) violation of the Florida Deceptive and Unfair Trade Practices Act

("FDUTPA").  Thereafter, the case was removed to federal court.  On June 24, 2009, Plaintiffs

filed an Amended Complaint asserting claims against BANNER for 1) breach of implied

---

[1] Upon information and belief, the named BANNER entity may not be the proper party to these proceedings and BANNER reserves its rights to file an appropriate motion at the appropriate time.

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

warranty of merchantability; 2) breach of implied warranty of fitness for a particular purpose; strict liability; and breach of express warranty. Thereafter, the case was transferred to the United States District Court for the Eastern District of Louisiana.

Plaintiffs' claims purportedly arise out of the supply and installation of allegedly defective drywall. Specifically, Plaintiffs allege that Defendants, including BANNER, manufactured, processed, distributed, delivered, supplied, inspected, and/or sold drywall that originated in China and was installed in Plaintiffs' and members of proposed Class' homes. Plaintiffs claim the drywall is defective because it emits levels of sulfur, methane and/or other volatile organic compounds, that cause property damage and potential health hazards. Plaintiffs' counsel has precipitously filed the Complaint against BANNER without any facts to support the "bare bones" claims asserted in the instant action. None of the claims in Plaintiffs' Complaint contain facts compliant with the requirements of the applicable Rules of Civil Procedure. Instead, they set forth conclusory statements consisting of only the legal elements of each claim. That reason alone requires dismissal of the Complaint.

In addition, throughout the Complaint, Plaintiffs refer to the Defendants collectively as "Defendants," failing to differentiate which of the various Defendants have allegedly committed the acts or omissions stated therein. In failing to set forth individualized allegations for each Defendant and/or distinguish each Defendant's conduct, Plaintiffs have not provided Defendants adequate notice of what they did wrong. Accordingly, BANNER cannot reasonably prepare a response to the Complaint unless Plaintiffs are required to provide more definite statements.

BANNER is but a mere supplier in a chain of merchants who Plaintiffs claim distributed the allegedly defective drywall. There are no allegations in the Complaint that BANNER had

{218429.0005/N0802978_1}

2

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

knowledge that the drywall was allegedly defective; indeed, BANNER was a victim the same as Plaintiffs. The only potential claim Plaintiffs may have against BANNER would be grounded in strict liability, which, as explained in greater detail below, does not even apply under the present circumstances and therefore should be dismissed. The remaining claims against BANNER also fail to state a claim, and therefore, must be dismissed.

In the interest of judicial economy, this Court should stay the instant action pending the resolution of similar, previously filed actions. If, however, this Court does not grant a stay, the instant action should be abated until Plaintiffs have complied with the statutory requirements of Chapter 558, *Florida Statutes*, as Plaintiffs filed the Complaint without providing notice to BANNER as required by Section 558.004, *Florida Statutes*. In the alternative, this Court should dismiss the Complaint in its entirety, as it fails to adequately inform BANNER of the claims assessed against it. For the reasons set forth herein, the instant Motion should be granted.

## ARGUMENT

### Applicable Law

"A federal court sitting in diversity is required to apply state substantive law and federal procedural law." *Burke v. Smith,* 252 F. 3d 1260, 1265 (11 Cir. 2001).

## I.   MOTION TO STAY

There are over two hundred (200) actions based upon substantially the same issues and concerning substantially the same parties filed in State and Federal court against BANNER. District courts not only have the discretion to stay similar actions within the same jurisdiction, *Landis v. North American Co.*, 299 U.S. 248 (1936), but can also stay an action pending the resolution of related proceedings in another forum. *See Ortega Trujillo v. Conover & Co. Comm., Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000). "The District Court has broad discretion to

{218429.0005/N0802978_1}

3

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD.• SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520

U.S. 681, 706-07 (1997). There are many reasons why a court may stay a proceeding pending

the resolution of a related action. *See Ortega Trujillo v. Conover & Co. Comm., Inc.*, 221 F.3d at

1264. "A stay sometimes is authorized simply as a means of controlling the district court's

docket and of managing actions before the district court. *Id.; see also Landis*, 299 U.S. at 254

(stating that an action may be stayed to control the docket with economy of time and effort for

itself, counsel, and litigants). Other times, "a stay might be authorized…by principles of

abstention." *Ortega Trujillo v. Conover & Co. Comm., Inc.*, 221 F.3d at 1264. (citations

omitted). Even when there is a disparity in the parties to the actions, actions seeking to certify an

almost identical class of plaintiffs are sufficiently similar to cause a stay of the subsequent

action. *See Landis* 299 U.S. at 254 (parties to two causes need not be the same and issues need

not be identical in order for a court to stay proceedings in one suit to move forward with

proceedings in another).

The eleventh circuit has also held that a stay "is the proper procedural mechanism for a

district court to employ when deferring to a parallel state-court proceeding under the *Colorado*

*River* doctrine." *Moorer v. Demopolis Waterworks & Sewer Bd.*, 374 F.3d 994, 998 (11th Cir.

2004). The *Colorado River* doctrine is based "on considerations of '[w]ise judicial

administration, giving regard to conservation of judicial resources and comprehensive

disposition of litigation.'" *Id.* (citations omitted). Under the *Colorado River* doctrine, there are

several factors the court will consider in determining whether a stay is warranted:

> (1) the order in which the courts assumed jurisdiction over property; (2) the
> relative inconvenience of the for[um]; (3) the order in which jurisdiction was
> obtained and the relative progress of the two actions; (4) the desire to avoid
> piecemeal litigation; (5) whether federal law provides the rule of decision; and (6)
> whether the state court will adequately protect the rights of all parties.

*Id.* at 997.

{218429.0005/N0802978_1}

4
**ADORNO & YOSS LLP**
350 EAST LAS OLAS BLVD.• SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

MDL NO. 09-2047
CASE NO. 09-4112 (Allen)

Defendants are presently defendants in several class actions and individual actions pending in federal and state courts (the "other pending actions"). Moreover, after filing their Complaint, on or about December 9, 2009, Plaintiffs filed an Omnibus Class Action Complaint against BANNER, KNAUF PLASTERBOARD (TIANJIN) CO., LTD., and other defendants in the Multi-District Litigation ("MDL") pending in New Orleans, Louisiana. The claims asserted in the Omnibus Complaint are substantially similar to those set forth in this action.

Because the Federal actions have been coordinated and consolidated in a Multidistrict Litigation ("MDL") and transferred to the United States District Court for the Eastern District of Louisiana, BANNER respectfully requests that the instant action be stayed pending resolution of the MDL, in the interest of judicial economy. The Defendants and subject matter at issue are substantially similar in the other filed actions and a resolution of any of those actions will resolve the issues raised in the Complaint. All the actions involve the same operative facts and issues, i.e., the allegedly defective Chinese drywall, have competing class actions, are being brought on behalf of all others similarly situated and there are no unique factual issues presented in the Complaint that will not be resolved by the previously filed actions. Accordingly, this action should be stayed pending a resolution of those other actions.

## II.   **MOTION TO ABATE**

Plaintiffs filed the instant action against BANNER alleging construction defects with regard to drywall allegedly supplied by BANNER and later installed in Plaintiffs' home. Plaintiffs claim they have satisfied all conditions precedent to filing the instant action; however, Plaintiffs have failed to comply with Chapter 558, *Florida Statutes*, as they have failed to give notice pursuant to Section 558.004, *Florida Statutes*.

{218429.0005/N0802978_1}

5

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

Section 558.004, *Florida Statutes*, provides for a procedure which must be instituted prior to litigation in actions relating to construction defects. It states, in pertinent part, that "in actions brought alleging a construction defect, the claimant shall, at least 60 days before filing any action,...serve written notice of claim on the contractor, subcontractor, supplier, or design professional..." § 558.004, *Fla. Stat.* (2008).

Section 558.003, *Florida Statutes*, sets forth the required procedure in the event a plaintiff files a lawsuit alleging a construction defect without first complying with the requirements of Chapter 558: "[i]f a claimant files an action alleging a construction defect without first complying with the requirements of this chapter, on timely motion by a party to the action the court shall abate the action, without prejudice, and the action may not proceed until the claimant has complied with such requirements." § 558.003, *Fla. Stat.* (2008). "The [statute's purpose is] to create 'an alternative method to resolve construction disputes that would reduce the need for litigation as well as protect the rights of the property owner.' In more practical terms, it is intended to allow both claimants and participants to design and construction to resolve alleged defects before both sides run to the courthouse and spend a pile of money on lawyers...." Larry R. Leiby & Steven B. Lesser, *How to Comply with Chapter 558 Florida Statutes: Current Challenges and Future Changes*, 83 Fla. B.J. 42 (February 2009).

The instant action was filed on January 30, 2009. Plaintiffs have failed to comply with the notice requirements of Chapter 558, as they failed to serve a notice of claim pursuant to Section 558.004, *Florida Statutes*, prior to filing the Complaint. The statutory language above is clear and it specifically precludes the filing of an action until after a claimant complies with the notice requirements of Chapter 558.[2] The proper remedy at this stage of the proceedings is to

---

[2]   The proper remedy may be a dismissal of Plaintiffs' Complaint for improperly alleging the satisfaction of all conditions precedent.

abate Plaintiffs' action, require Plaintiffs to comply with the requirements of Chapter 558, and

then, to the extent a resolution cannot be achieved in accordance with the mandates of Chapter

558, Plaintiffs' action may be permitted to move forward.[3]

## III.   MOTION TO DISMISS

### A.   Standard on Motion to Dismiss.

Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint is subject to dismissal if it fails to state a

claim.  To state a valid claim, a complaint must factually allege each element of the claim for

which relief is sought.  When allegations in a complaint are wholly conclusory and fail to set

forth facts which, if proved, would warrant relief for the Plaintiffs, dismissal is appropriate.

*American Association of People with Disabilities v. Smith*, 227 F. Supp. 2d 1276, 1280 (M.D.

Fla. 2002); *see also G. Davidson v. State of Georgia*, 622 F. 2d 895, 899 (5th Cir. 1980) (the

naked assertion that a regulatory system could be improperly applied does not state a claim upon

which relief may be granted).

### B.   Plaintiffs' Complaint Fails to Comply with Rules 8, 10 and 12 of the Federal Rules of Civil Procedure.

Rule 8 of the Florida Rules of Civil Procedure requires a pleading to contain "a short and

plain statement of the claim showing that the pleader is entitled to relief" in order to properly

state a claim.  Fed. R. Civ. P. 8(a)(2).  This "requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *See Papasan v. Allain,* 478

U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal

conclusion couched as a factual allegation").  Ultimate facts must be alleged to support the

elements of the legal claims asserted.  The purpose of this rule is to "give the defendant fair

notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S.

---

[3] The filing of this Motion to Abate does not constitute a waiver of any rights and/or responsibilities BANNER may have pursuant to Section 558.004, *Florida Statutes*.

{218429.0005/N0802978_1}

7                    o

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD.•  SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

41, 47 (1957). Similarly, Rule 10(b) of the Federal Rules of Civil Procedure requires "each claim for relief [to be pled] in a separate count...and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading." *Anderson v. District Bd. of Trustees of Cen. Fla. Comm. Coll.*, 77 F. 3d 364, 366 (11th Cir. 1996). It relieves courts of having "the cumbersome task of sifting through myriad claims, many of which [may be] foreclosed by [various] defenses." *Id.* (quoting *Fullman v. Graddick*, 739 F. 2d 553, 557 (11th Cir. 1984)).

On May 18, 2009, the United States Supreme Court, in *Ashcroft vs. Igbal*, 129 S. Ct. 1937, 2009 WL 1361536 (U.S.), confirmed the High Court's prior decision in *Bell Atlantic Corp. vs. Twombley*, 550 U.S. 544 (2007) as it relates to the federal pleading standard when faced with a 12(b)(6) motion to dismiss. *Id.* at *1949. According to *Ashcroft*, a plaintiff has the obligation to provide the grounds of his entitlement to relief which requires more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* Indeed, the court went on to explain that such "labels and conclusions" are not entitled to the "presumption of truth" generally applied to allegations in a complaint. *Id.* at 1951.

A plaintiff fails to satisfy Rule 8 where the complaint lumps all the defendants together and fails to distinguish their conduct because such allegations fail to give adequate notice to the defendants as to what they did wrong))." *Median v. Bauer,* 2004 WL 136636 *6 (S.D.N.Y. 2004). *See also Lane vs. Capital Acquisitions & Mgmt. Co.*, 2006 WL 4590705, *4-5 (S.D. Fla. 2006) ("*[i]n this case, the Complaint fails to differentiate among the defendants, alleging instead violations by a collective "defendant," even though there are five defendants consisting of three individuals and two corporations, one parent and its subsidiary. By lumping all the defendants together in each claim and providing no factual basis to*

{218429.0005/N0802978_1}

8

**ADORNO & YOSS LLP**
350 EAST LAS OLAS BLVD.• SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

*distinguish their conduct, the Lane's Complaint fails to satisfy the minimum standard of Rule 8.*

Herein, Plaintiffs' Complaint fails to comply with the standards imposed by Rule 8, Rule 10, Rule 12 and the case law interpreting these rules. Not only have Plaintiffs inappropriately grouped all of the Defendants together, but they also did nothing more than provide "labels, conclusions and a formulaic recitation of the elements" of each claim. BANNER is unable to frame a responsive pleading to Plaintiffs' Complaint, as Plaintiffs' allegations are simply unclear and fail to specify which Defendant is allegedly responsible for the conduct alleged therein. For these reasons alone, Plaintiffs' Complaint must be dismissed.

### C. Plaintiffs' Tort Claim Against BANNER are Barred by the Economic Loss Rule.

Plaintiffs' tort claim for strict liability, which relates to the quality of the drywall allegedly supplied by BANNER is barred by the product liability economic loss rule (the "Economic Loss Rule") and therefore, must be dismissed.

The Economic Loss Rule "prohibits tort recovery when a product damages itself, causing economic loss, but does not cause personal injury or damage to any property other than itself." *Casa Clara Condominium Ass'n, Inc. v. Charley Toppino and Sons, Inc.*, 620 So.2d 1244, 1246 (Fla. 1993). The Economic Loss Rule was developed "to protect manufacturers from liability for economic damages caused by a defective product beyond those damages provided by warranty law." *See Indemnity Ins. Co. of N. America v. America v. American Aviation, Inc.*, 891 So. 2d 532, 538 (Fla. 3d DCA 1986). "[A] manufacturer or distributor in a commercial relationship has no duty beyond that arising from its contract to prevent a product from malfunctioning or damaging itself." *Id*. at 542. The Economic Loss Rule "applies even in the absence of privity of contract." *Id*. at 541 (citations omitted).

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

"Economic loss has been defined as 'damages for inadequate value, costs of repair and replacement of the defective product, or consequent loss of profits-without any claim of personal injury or damage to other property.'  It includes 'the diminution in the value of the product because it is inferior in quality and does not work for the general purposes for which it was manufactured and sold,'" or the "'disappointed economic expectations,' which are protected by contract law, rather than tort law." *Id.*

"[T]here must be a showing of harm above and beyond disappointed expectations," for a plaintiff to recover in tort. *Id.*  "A buyer's desire to enjoy the benefit of his bargain is not an interest that tort law traditionally protects." *Id.* (citations omitted).

In *Casa Clara Condominium Association, Inc., et al. v. Charley Toppino & Sons, Inc.*, 620 So. 2d 1244, 1245 (hereinafter, *Casa Clara*) (an action very similar to the instant action), one of the defendants (the "Concrete Supplier") supplied concrete for the construction of numerous homes which contained a high content of salt that caused the reinforcing steel inserted in the concrete to rust, which, in turn, caused the concrete to crack and break off. *Id.* at 1245. The homeowners, in separate actions, sued numerous defendants, including the Concrete Supplier. *Id.*  The Circuit Court dismissed all claims against the Concrete Supplier in each action. *Id.*  On appeal, the District Court, applying the Economic Loss Rule, held that because there was no physical injury and no "other property" had been damaged, the homeowners could not state a tort claim against the Concrete Supplier. *Id.* at 1247.

"[S]trict liability should be imposed only when a product the manufacturer places on the market, knowing that it is to be used without inspection for defects, proves to have a defect that causes injury to a human being." *Federal Ins. Co. v. Bonded Lightning Protection Systems, Inc.* 2008 WL 5111260, *4 (S.D. Fla. 2008) (citing *West v. Caterpillar Tractor Co., Inc.*, 336 So. 2d

MDL NO. 09-2047
CASE NO. 09-4112 (Allen)

80, 86 (Fla. 1976). This doctrine has since been expanded "to others in the distributive chain including retailers, wholesalers, and distributors." *Plaza v. Fisher Development, Inc.,* 971 So. 2d 918, 920 (Fla. 3d DCA 2007) (quoting *Samuel Friedland Family Enters. v. Amoroso,* 630 So. 2d 1067, 1068 (Fla.1994)).

Herein, Plaintiffs claim BANNER supplied the allegedly defective drywall which purportedly emits certain chemicals which cause a sulfuric smell and further causes corrosion to various components of Plaintiffs' home. Just as in *Casa Clara,* the Plaintiffs here seek purely economic damages, as they have failed to allege that anyone has sustained any physical injuries and no property, other than the structures built with the allegedly defective drywall, have sustained any damage. BANNER did not owe an independent duty of care to protect Plaintiffs' purely economic interests, and therefore, they cannot recover for their loss under tort theories such as strict liability or negligence. *See Florida Dept. of Corrections v. Abril*, 969 So. 2d 201, 204 (Fla. 2007) ("To maintain an action for negligence, a plaintiff must establish that the defendant owed a *duty*, that the defendant breached that duty, and that this breach caused the plaintiff damages." (emphasis added)). Plaintiffs have failed to allege any facts indicating any personal injuries or damage to other property. Accordingly, the Economic Loss Rule precludes Plaintiffs' claims against BANNER.

In determining the character of the loss (i.e., whether "other property" has been damaged), the product purchased by the plaintiff, and not the product sold by the defendant, must be considered. *Fishman v. Boldt*, 666 So. 2d 273, 274 (Fla. 4th DCA 1996). For example, in *Fishman v. Boldt*, the plaintiff purchased a home, which included a seawall, pool, and patio— what the court considered the home's "component parts." *Id.* Thereafter, the seawall failed, causing damage to the remainder of the home. *Id.* The court found that because the plaintiff

{218429.0005/N0802978_1}

11

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

purchased the home which included its component parts, the seawall, pool, and patio could not be considered "other property" with regard to the Economic Loss Rule, and therefore, the plaintiff's tort claims against the defendant for the defective seawall were barred. *Id.*

In this action, Plaintiffs have alleged that the drywall has caused damage to various household items such as their air-conditioner and refrigerator coils, copper tubing, electrical wiring, computer wiring, and other household items. The home purchased by Plaintiffs included not only drywall, but also the electrical systems, plumbing systems, air-conditioning systems, and other metal-based components of the home, which are the home's component parts. Because Plaintiffs have failed to allege any damage to items independent from the home or acquired independently from the purchase of the homes, these items cannot be considered "other property" under Florida law and will not preclude the application of the Economic Loss Rule. *See Fishman*, 666 So. 2d at 274.

Although arguably the purchase of a home "is the largest investment many consumers ever make,...[i]f a house causes economic disappointment by not meeting a purchaser's expectations, the resulting failure to receive the benefit of the bargain is a core concern of contract, not tort, law." *Casa Clara*, 620 So.2d at 1247 (citations omitted). Homeowners have protections against such deficiencies, "such as statutory warranties, the general warranty of habitability, and the duty of sellers to disclose defects, as well as the ability of purchasers to inspect houses for defects. Coupled with homebuyers' power to bargain over price, these protections must be viewed as sufficient when compared with the mischief that could be caused by allowing tort recovery for purely economic losses." *Id.* Without physical injury or property damage, contract law is more suitable for this alleged economic loss as opposed to tort law. Based upon the foregoing, Counts I and II of the Complaint must be dismissed.

MDL NO. 09-2047
CASE NO. 09-4112 (Allen)

**D.     Strict Liability Does Not Apply to Structural Improvements to Real Property.**

"[T]he doctrine of strict products liability does not apply to structural improvements to real estate." *Id.* (quoting *Easterday v. Masiello*, 518 So. 2d 260, 261 (Fla. 1988)); *see Pamperin v. Interlake Companies, Inc.*, 634 So. 2d 1137 (Fla. 1st DCA 1994) (structural improvements to real property are generally not considered products for purposes of products liability actions). In determining whether something constitutes a "product" or a "structural improvement to real property" with regard to products liability actions, courts will look at several factors, including: (1) whether the structure can be disassembled and resold; (2) whether the item adds value to the property; (3) whether the item is intended to enhance the property's value, beauty, or utility; and (4) whether the item is available for purchase in the sense that it is offered in the stream of commerce. There is, however, an exception to the general rule that strict liability does not apply to structural improvements to real property: "where the injuries result not from the real property as improved by the alleged defective product but directly from a defective product manufactured by defendant, which product may have itself been incorporated into the improvement of the realty before the injury from the product occurred." *Id.* (citations omitted). In such an action, the doctrine of strict liability would apply.

Plaintiffs have failed to allege in the Complaint that the drywall is a product within the scope of the strict products liability doctrine. The drywall at issue is clearly a structural improvement to real property not subject to strict products liability. Accordingly, Plaintiffs' claim against BANNER for strict liability should be dismissed.

**E.     Breach of Warranties**

{218429.0005/N0802978_1}

13

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

MDL NO. 09-2047
CASE NO. 09-4112 (Allen)

Plaintiffs have set forth three (3) claims breach of warranty against BANNER: breach of express warranty; breach of implied warranty of merchantability; and breach of implied warranty of fitness for a particular purpose.[4]

A plaintiff must be in privity of contract with the defendant to prevail in a claim for breach of warranty.[5]  *T.W.M. v. American Medical Systems, Inc.,* 886 F. Supp. 842 (N.D. Fla. 1995) (finding that the recipient of allegedly defective product did not state a claim for breach of express warranty or breach of implied warranties of merchantability and fitness for particular purpose absent any allegation that he purchased the product directly from the manufacturer or contracted with the manufacturer).  This is because "[a] warranty, whether express or implied, is fundamentally a contract.  A contract claim requires privity." *T.W.M.,* 886 F. Supp. at 844 (citations omitted).  A plaintiff who purchases a product, but does not buy it directly from the defendant, is not in privity with that defendant.  1 White & Summers, *Uniform Commercial Code* § 11-2, at 528 (3rd ed. 1988).

Plaintiffs fail to allege they are in privity with BANNER.

### (i)    Breach of Express Warranty

Section 672.313, *Florida Statutes*, states that express warranties can be created three ways:

> (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise[;]

---

[4]Plaintiffs assert this claim against all the Defendants, failing to indicate whether all or some of the allegations relate to BANNER.  Moreover, Plaintiffs have pled no facts in support of this claim.

[5]It is true "that an action [for breach of warranty] may be brought against a manufacturer notwithstanding want of privity." *Manheim v. Ford Motor Co.,* 201 So. 2d 440, 441 (Fla. 1967).  However, because BANNER is not the manufacturer of the allegedly defective drywall, but only a drywall supplier, Plaintiffs must *properly* allege that the parties are in privity (i.e., state a claim for breach of warranty with ultimate facts in support thereof) to survive the instant Motion.  Plaintiffs have failed to do that.

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD.• SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description [; or]

(c) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

§ 672.313, *Fla. Stat.* (2008).

An express warranty generally arises "where [a] seller asserts a fact of which the buyer is ignorant prior to the beginning of the transaction," and the fact is relied upon by the buyer as the "basis of the bargain." *Thursby v. Reynolds Metal Co.,* 466 So. 2d 245, 250 (Fla. 1st DCA 1984).

Plaintiffs claim they "did rely on the express warranties of the Defendants." However, Plaintiffs have failed to plead any facts in support of this conclusory statement. Plaintiffs cannot show that they relied on any specific affirmations of fact, descriptions, samples or models of the drywall made by BANNER, as Plaintiffs had absolutely no contact with BANNER. *See Spolski Gen Contractor, Inc. v. Jett-Air Corp. Aviation Management of Central Fla., Inc.,* 637 So. 2d 968, 970 (Fla. 5th DCA 1994) (holding that paint manufacturer could not be held liable to the general contractor for breach of express warranty where there was no sale from the manufacturer to contractor, no privity between them, no contract between them, no reliance on contractor on any warranty, and no warranty was given to contractor).

BANNER did not make an express warranty to Plaintiffs. Plaintiffs have failed to allege any facts indicating that they purchased the drywall from BANNER; that BANNER and Plaintiffs are in privity; that there is a contract between BANNER and Plaintiffs; that Plaintiffs relied on a warranty from BANNER; or that an express warranty from BANNER even exists. Accordingly, Plaintiffs' claim for breach of express warranty against BANNER should be dismissed.

MDL NO. 09-2047
CASE NO. 09-4112 (Allen)

### (ii)   Breach of Implied Warranty of Merchantability

Section 672.314, *Florida Statutes* states:

> (1) Unless excluded or modified (s. 672.316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind…
>
> (2) Goods to be merchantable must be at least such as:
>
> (a) Pass without objection in the trade under the contract description; and
>
> (b) In the case of fungible goods, are of fair average quality within the description; and
>
> (c) Are fit for the ordinary purposes for which such goods are used; and
>
> (d) Run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and
>
> (e) Are adequately contained, packaged, and labeled as the agreement may require; and
>
> (f) Conform to the promises or affirmations of fact made on the container or label if any.
>
> (3) Unless excluded or modified (s. 672.316) other implied warranties may arise from course of dealing or usage of trade.

§ 672.314, *Fla. Stat.* (2009).   Regardless of whether a product fails to comport with the foregoing statutory requirements, Florida law requires privity of contract to maintain an action for breach of an implied warranty. *Ocana v. Ford Motor Co.,* 992 So. 2d 319, 325 (Fla. 3d DCA 2008).   Plaintiffs have failed to allege any ultimate facts indicating that they are privity with BANNER.   Rather, Plaintiffs claim they are third party beneficiaries of contracts entered into between BANNER and Plaintiffs' home builders.   *See Wimar v. Yacht Club Point Estates, Inc.,* 223 So. 2d 100, 102 (Fla. 4th DCA 1969) (third party beneficiaries of a contract may sue for

{218429.0005/N0802978_1}

16

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

damages as a result of acts of one of the parties to a contract). "[I]n order to sustain an action

instigated by a party beneficiary, the plaintiff must plead the contract which was expressly for his

benefit and one under which it clearly appears that he was a beneficiary." *Id.* Here, there are no

allegations in the Complaint illustrating the terms of the alleged contract and how the terms

would benefit Plaintiffs as third party beneficiaries to the contract, nor are there any allegations

in the Complaint that the parties to the contract intended to benefit Plaintiffs. Accordingly,

Plaintiffs' purported claim for breach of implied warranty of merchantability should be

dismissed.

**(iii)**      **Breach of Implied Warranty of Fitness for a Particular Purpose**

Section 672.315, *Florida Statutes* states:

> Where the seller at the time of contracting has reason to know any
> particular purpose for which the goods are required and that the buyer is
> relying on the seller's skill or judgment to select or furnish suitable goods,
> there is unless excluded or modified under the next section an implied
> warranty that the goods shall be fit for such purpose.

§ 672.315, *Fla. Stat.* (2009). In order to sustain a claim for breach of implied warranty for

fitness of a particular purpose and survive a motion to dismiss, a plaintiff must "allege a

particular or unusual use different from the purpose for which the item sold is ordinarily used."

*Fred's Excavating & Crane Service, Inc. v. Continental Ins. Co.,* 340 So. 2d 1220, 1220 (Fla. 4th

DCA 1976). Furthermore, the plaintiff must allege that the "seller had reason to know the

particular purpose for which the goods were purchased by the buyer and that the buyer relied on

the seller's judgment in providing suitable goods." *Dunham-Bush, Inc. v. Thermo-Air Service,*

*Inc.*, 351 So. 2d 351, 353 (Fla. 4th DCA 1977). In addition, privity of contract must exist

between the parties for a plaintiff to state a claim for breach of implied warranty of fitness for a

particular purpose. *See Kramer v. Piper Aircraft Corp.*, 520 So. 2d 37 (Fla. 1988).

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD.• SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

MDL NO. 09-2047
CASE NO. 09-4112 (Allen)

In this action, Plaintiffs have failed to allege that the allegedly defective drywall was going to be used for a particular or unusual use different than from the purpose for which the item was sold, or that the seller[6] had reason to know the supposed "particular purpose" for which the drywall was purchased. Furthermore, Plaintiffs have failed to allege that they were in privity with Defendants. Indeed, Plaintiffs have not (and cannot) assert such facts because they never had any relationship with BANNER, much less entered into a contract with BANNER. Consequently, Plaintiffs could not have made the alleged "particular purpose" known to BANNER, and Plaintiffs could not have relied on BANNER's judgment with regard to the drywall's suitability for that "particular purpose," as Plaintiffs' claims is without any factual support. Furthermore, the drywall was installed in the Plaintiffs' home and used for its usual–not unusual–purpose.

Without any facts in support, Plaintiffs claim they are third party beneficiaries of contracts entered into by BANNER and Plaintiffs' homebuilders. As previously discussed, there are no allegations in the Complaint illustrating the terms of the alleged contract and how the terms would benefit Plaintiffs as third party beneficiaries to the contract, nor are there any allegations in the Complaint that the parties of the alleged contract intended to benefit Plaintiffs. Accordingly, Plaintiffs' purported claim for breach of implied warranty of fitness for a particular purpose should be dismissed.

**F.     Plaintiffs' Demand for Attorneys' Fees Must Be Stricken.**

Plaintiffs have demanded attorneys' fees in this action. Plaintiffs' demand for attorneys' fees is improper and should be stricken. Florida adheres to the "American Rule," which stands for the proposition that attorney's fees are only awardable pursuant to an entitling statute or a

---

[6] Based on Plaintiffs' reference to "Defendants,", it is impossible for BANNER to know which Defendants Plaintiffs are referring to. Accordingly, BANNER cannot reasonably be expected to form a response to this claim.

{218429.0005/N0802978_1}

18

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

contract between the parties. *Attorney's Title Ins. Fund, Inc. v. Landa-Posada*, 984 So. 2d 641, 643 (Fla. 3d DCA 2008). The American Rule has been reaffirmed by the United States Supreme Court, and therefore, applies to the action at hand. *See Alyeska Pipeline Service Co. v. Wilderness Soc'y,* 421 U.S. 240 (1975).

Plaintiffs' inadequate request for attorneys' fees is highlighted by the failure to plead any facts in support of this contention. Aside from the claims for FDUTPA, Plaintiffs have failed to specify any statute purportedly entitling him and the Class members to attorneys' fees. Furthermore, the remainder of the claims Plaintiffs have attempted to assert against BANNER do not provide for attorneys' fees under a statute. Plaintiffs' demand for attorneys' fees pursuant to contract is also misplaced, as Plaintiffs never entered into a contract with BANNER. Therefore, there can be no award of attorneys' fees and any such claims must be stricken.

## IV.     CONCLUSION

For all the foregoing reasons, Defendant BANNER SUPPLY CO. respectfully requests that this Court enter an order staying the instant action pending resolution of the other filed actions; abating the instant action until Plaintiffs have complied with Chapter 558, *Florida Statutes*; or dismissing Plaintiffs' Complaint and striking Plaintiffs' demand for attorneys' fees; and awarding it such other and further relief that this Court deems just and proper under the circumstances.

{218429.0005/N0802978_1}

19

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

MDL NO. 09-2047
CASE NO. 09-4112 (Allen)

**ADORNO & YOSS LLP**

/s/ Jeffrey A. Backman
Jan Douglas Atlas
Florida Bar No.: 226246
jatlas@adorno.com
Jeffrey A. Backman
Florida Bar No.: 662501
jbackman@adorno.com
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, Florida 33301-4217
Telephone:    (954) 763-1200
Facsimile:     (954) 766-7800

*Attorneys for Defendant BANNER SUPPLY CO.*

Adorno & Yoss LLP
350 EAST LAS OLAS BLVD.• SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

{218429.0005/N0802978_1}

MDL NO. 09-2047
CASE NO. 09-4112 (Allen)

### CERTIFICATE OF SERVICE

    I hereby certify that the above and foregoing Motion to Dismiss have been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendant's Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 1st day of February, 2010.

/s/Jeffrey A. Backman

{218429.0005/N0802978_1}

21

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800