UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SLIDELL PROPERTY MANAGEMENT, L.L.C. | * | CIVIL ACTION |
| Plaintiff, | * | NO. 09-6068 |
| VERSUS | * | SECTION L; MAG. 2 |
| KNAUF GIPS KG, ET AL., | * | JUDGE FALLON |
| Defendants. | * | MAGISTRATE JUDGE WILKINSON |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*   \*

MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER JURISDICTION OF ALL DEFENDANTS

MAY IT PLEASE THE COURT:

Defendants Southern Homes, LLC; Springhill, LLC; and Adrian Kornman (collectively "Builder Defendants") respectively submit this Memorandum in support of their Motion to Dismiss (the "Motion"). Builder Defendants are entitled to an order dismissing the Complaint filed by Plaintiff, Slidell Property Management, LLC ("Slidell Property"), for lack of complete diversity sd Slidell Property has failed to allege same.

I.

## INTRODUCTION

In its Complaint, Slidell Property has asserted claims against Builder Defendants relating to Chinese drywall. On September 8, 2006, Slidell Property and Springhill entered into a Purchase Agreement whereby Slidell Property agreed to purchase 40 residential units and the lots on which they were situated, located in the Springhill Subdivision in St. Tammany Parish, State of Louisiana.[1] On September 26, 2009, Slidell Property and Springhill amended that Purchase Agreement to increase amongst other items the number of residential units and lots to be purchased by two.[2]

On September 2, 2009, Slidell Property filed the instant Complaint alleging that Chinese drywall was installed in those 42 residential units. Slidell Property further alleged that this Court has subject matter jurisdiction over the Builder Defendants and that venue is proper pursuant to paragraph 22 of the Purchase Agreement between Slidell Property and the Builder Defendants.[3] Paragraph 22 of the Purchase Agreement states:

> CONSTRUCTION, VENUE, AND CHOICE OF LAW. The parties hereby agree that each has played an equal part in the negotiation and drafting of this Agreement, and in interpreting any provision hereof, there shall be no construction or interpretation of this Agreement for or against either party based upon who drafted the same. Further, *any and all disputes hereunder shall be exclusively litigated in the applicable state court or the U.S. District Court for the Eastern District of Louisiana,* wherein Louisiana law shall be applied as to the choice of law on all issues in said litigation.[4]

---

[1] *See* Agreement for Purchase and Sale, attached as Exhibit A.

[2] *See* First Amendment to Agreement for Purchase and Sale, attached as Exhibit B.

[3] *See* Complaint at ¶ 6.

[4] *See* Exhibit A at ¶ 22 (emphasis added).

Builder Defendants respectfully request that this Court dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and pursuant to Federal Rule of Civil Procedure 12(b)(1) because:

- Parties to an agreement cannot confer subject matter jurisdiction on a federal district court.

- There must be a statutory basis for a district court's exercise of subject matter jurisdiction.

- Slidell Property has not alleged complete diversity of the parties.

- Paragraph 22 of the Purchase Agreement will not suffice to confer subject matter jurisdiction on this Court.

Therefore, any claims Plaintiff might have against Builder Defendants should be dismissed, with prejudice.

## II.

## ARGUMENT

**Builder Defendants are Entitled to a Dismissal of the Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(1).**

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a pleading for each of subject matter jurisdiction.[5]

A district court's exercise of subject matter jurisdiction is subject to plenary review at any time.[6] Parties cannot confer subject matter jurisdiction on a federal court by agreement.[7] There must be a statutory basis for a district court's exercise of subject matter jurisdiction.[8] Slidell Property has

---

[5] FED. R. CIV. P. 12(b)(1).

[6] See Local 1351 Int'l Longshoremen's Ass'n v. Sea-Land Serv. Inc., 214 F.3d 566, 569 (5th Cir. 2000).

[7] See In re Canion, 196 F.3d 579, 585 (5th Cir. 1999).

[8] See id.

attempted to confer subject matter jurisdiction on this Court via a provision to the Purchase Agreement between Slidell Property and Builder Defendants.[9] However, Slidell Property has not shown that complete diversity exists amongst the parties nor has it alleged a statutory basis for subject matter jurisdiction over Builder Defendants. Builder Defendents therefore move this Court to dismiss Slidell Property's Complaint against them for lack of subject matter jurisdiction and pursuant to Federal Rule of Civil Procedure 12(b)(1).

### III.

### CONCLUSION

Builder Defendants are entitled to a dismissal of Plaintiffs' Complaint against them under Rule 12(b)(1). The Complaint itself fails to show any grounds upon which this Court may properly exercise subject matter jurisdiction over the Builder Defendants.

Respectfully submitted,

/s/ Martha Y. Curtis
JAMES M. GARNER, T.A. (# 19589)
MARTHA Y. CURTIS (# 20446)
MATTHEW C. CLARK (#31102)
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street, 28th Floor
New Orleans, Louisiana 70112-1033
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
Attorneys for Defendants
SOUTHERN HOMES, LLC; SPRINGHILL, LLC; ADRIAN KORNMAN

---

[9] Slidell Property has failed to meet the requirement of Federal Rules of Civil Procedure 8(a)(1) of a short and plain statement of the grounds for the court's jurisdiction by failing to allege the citizenship of all parties and show complete diversity.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice electronic filing in accordance with the procedures established in MDL 2047, on this 2nd day of February, 2010.

/s/ Martha Y. Curtis
MARTHA Y. CURTIS