UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SLIDELL PROPERTY MANAGEMENT, L.L.C. | * | CIVIL ACTION |
| Plaintiff, | * | NO. 09-6068 |
| VERSUS | * | SECTION L; MAG. 2 |
| KNAUF GIPS KG, ET AL., Defendants. | * | JUDGE FALLON |
| | * | MAGISTRATE JUDGE WILKINSON |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*   \*

MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF MAY BE GRANTED OF ADRIAN KORNMAN

MAY IT PLEASE THE COURT:

Defendant Adrian Kornman ("Mr. Kornman") respectively submits this Memorandum in support of his Motion to Dismiss (the "Motion"). Mr. Kornman is entitled to an order dismissing the Complaint filed by Plaintiff, Slidell Property Management, LLC ("Slidell Property"), because the claims asserted against Mr. Kornman in the Complaint are not grounded in Louisiana law, and in fact are contrary to Louisiana Revised Statutes § 12:1320(B) and (D).

## I.

## INTRODUCTION

Mr. Kornman is member of Springhill, LLC ("Springhill"). On September 8, 2006, Slidell Property and Springhill entered into a Purchase Agreement whereby Slidell Property agreed to purchase 40 residential units and the lots on which they were situated, located in the Springhill Subdivision in St. Tammany Parish, State of Louisiana.[1] On September 26, 2009, Slidell Property and Springhill amended that Purchase Agreement to increase amongst other items the number of residential units and lots to be purchased by two.[2] Mr. Kornman signed those Purchase Agreements on behalf of Springhill.

On September 2, 2009, Slidell Property filed the instant Complaint alleging that Chinese drywall was installed in those 42 residential units. Slidell Property further alleged that Mr. Kornman, in his capacity as member of Springhill and Southern Homes, LLC, was liable to plaintiff for its alleged damages relating to Chinese drywall. However, *none* of Slidell Property's allegations specifically address conduct of Mr. Kornman acting on his behalf.

Accordingly, Mr. Kornman respectfully requests that this Court dismiss Plaintiff's Complaint against him for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) because:

- Louisiana Revised Statutes § 12:1320 specifically governs the liability of a Louisiana limited liability company's members, managers, employees and agents to third parties;

- § 12:1320's provisions specifically protect LLC members, such as Mr. Kornman, from suits like Slidell Property's, which do not show that such members have acted on their own behalf while committing fraud, breaching professional duties, or acting negligently and thereby injuring the plaintiff.

---

[1] *See* Exhibit A to Builder Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction.

[2] *See id* at Exhibit B.

2

- § 12:1320(C) specifically states that LLC members, such as Mr. Kornman, are not proper parties to a proceeding against an LLC.[3]

- Louisiana jurisprudence interpreting § 12:1320 has confirmed that LLC members, such as Mr. Kornman, may not be held liable for their conduct unless they were acting on their own behalf and thereby injured a third party.[4]

- Moreover, *Hollingsworth v. Choates*, which is nearly identical to the instant matter, specifically held that a managing member of a construction company, such as Mr. Kornman, was not personally liable as a builder for merely signing the act of cash sale on behalf of his LLC and having a role in the actual construction.[5]

- Slidell Property has alleged that Mr. Kornman is liable to it in his capacity as the "owner, President, member, manager, and/or CEO of Springhill and Southern Homes" and was "the developer and/or general contractor." Yet, Slidell Property has not shown that Mr. Kornman acted such that § 12:1320 would open him to personal liability.

Therefore, any claims Plaintiff might have against Mr. Kornman relating to Chinese drywall should be dismissed, with prejudice.

## II.

## ARGUMENT

A. **Mr. Kornman is Entitled to a Dismissal of the Petition Pursuant to Federal Rule of Civil Procedure 12(b)(6).**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a pleading that fails to state a claim upon which relief may be granted.[6] A court may dismiss a claim, under Rule

---

[3] LA. REV. STAT. ANN. § 12:1320(C) (2010).

[4] *See, e.g., Petch v. Humble*, 41,301 (La. App. 2 Cir. 2006), 939 So. 2d 499.

[5] 42,424 (La. App. 2 Cir. 2007), 963 So. 2d 1089, 1092.

[6] FED. R. CIV. P. 12(b)(6).

12(b)(6), when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"[7]

Mr. Kornman's defense of failure to state a claim upon which relief may be granted is apparent on the face of the Complaint. Slidell Property has made no claim that Mr. Kornman personally damaged it.

> **B.   Louisiana LLC Law Clearly Protects Mr. Kornman from the Allegations of the Slidell Property Suit.**

"A limited liability company offers, among other benefits, a company's members the benefit of limited liability."[8] With respect to the liability of members and managers of a limited liability company, Louisiana Revised Statue § 12:1320, which is entitled "Liability to third parties of members and managers," provides:

> A. The liability of members, managers, employees, or agents, as such, of a limited liability company organized and existing under this Chapter *shall at all times be determined solely and exclusively by the provisions of this Chapter*.
>
> B. Except as otherwise specifically set forth in this Chapter, *no member, manager, employee, or agent of a limited liability company is liable in such capacity for a debt, obligation, or liability of the limited liability company*.
>
> C. A member, manager, employee, or agent of a limited liability company is *not* a proper party to a proceeding by or against a limited liability company. . . .
>
> D. Nothing in this Chapter shall be construed as being in derogation of any rights which any person may by law have against a member, manager, employee, or agent of a limited liability company because of any fraud practiced upon him, because of any breach of professional duty or other negligent or wrongful act by such person. . . .[9]

---

[7] *Ware v. Associated Milk Producers, Inc.*, 614 F.2d 413, 415 (5th Cir. 1980) (per curiam) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

[8] *Hamilton v. AAI Ventures, LLC*, 99-1849 (La. App. 1 Cir. 2000), 768 So. 2d 298.

[9] LA. REV. STAT. ANN. § 12:1320 (2010).

4

Thus, under § 12:1320, members of a limited liability company generally may not be assessed with personal liability for the debts and obligations of their limited liability companies to third persons absent proof of fraud, negligence, or wrongful conduct on the part of that person.

Subsection 12:1320(B)'s language specifically highlights the protections afforded LLC members, such as Mr. Kornman, such as those from any and all liabilities of his LLC.[10] Subsection 12:1320(C)'s language confirms those protections by stating that an LLC member, such as Mr. Kornman, "is not a proper party to a proceeding by or against a limited liability company."[11]

Louisiana jurisprudence has interpreted § 12:1320. Louisiana courts have particularly stated:

> To have meaning within the statute, the phrase "or other negligent or wrongful act by such person" must refer to acts that are either done *outside of one's capacity as a member*, manager, employee, or agent of a limited liability company or which while done in one's capacity as a member, manager, employee, or agent of a limited liability company also violate some personal duty owed by the individual to the injured party. In other words, *some duty owed by the individual defendant to the plaintiff outside his capacity as a member must have been breached.*[12]

Clearly, the plain language of § 12:1320 and the interpretive Louisiana jurisprudence show that Slidell Property cannot maintain a claim against Mr. Kornman unless it can show that he acted outside of his capacity as a member and thereby injured Slidell Property. Slidell Property has made no such allegation. Accordingly, Mr. Kornman respectfully requests that this Court dismiss Slidell Property's claims against him, with prejudice.

---

[10] *See id.*

[11] *See id.*

[12] *Petch*, 939 So. 2d at 504 (emphasis added).

B.  **The Facts of this Case Specifically call for a Dismissal of Slidell Property's Claims against Mr. Kornman.**

In *Hollingsworth v. Choates*, the Louisiana Court of Appeal for the Second Circuit dismissed all claims of a property homeowner, such as Slidell Property, against member of the property builder, LLC such as Mr. Kornman.[13] The lawsuit arose from the sale of a home. The home purchaser, Hollingsworth, brought suit against a member of the LLC that built his home, Choates. Choates filed an Exception of No Cause of Action alleging that Hollingsworth's exclusive remedy against a Louisiana builder is the Louisiana New Home Warranty Act and thus he personally was not the "builder." The Second Circuit court agreed, stating as follows:

> we find that Hollingsworth failed to bring suit against the correct party. It is clear that Choates is not the "builder" as defined by the New Home Warranty Act; Hollingsworth erroneously brought suit against him personally in that capacity. . . . Choates included the initial cash sale deed into evidence. The deed reflects that on March 3, 2003, the property at issue was conveyed to the initial purchaser, Shores, by Briley Companies, LLC, the actual builder. Whereas Choates signed the cash sale deed as manager on behalf of Briley Companies, LLC, and may have had a role in the construction of the property at issue, Choates cannot be sued personally as the builder. La. R.S. 12:1320(C). . . . Therefore, we grant the exception of no cause of action.[14]

The instant suit against Mr. Kornman likewise arises from the sale of property. A review of the Purchase Agreements between Springhill and Slidell Property, which are attached to this Memorandum,[15] show that Mr. Kornman signed those Purchase Agreements as an "authorized member" of Springhill. Slidell Property has not made no allegations that Mr. Kornman acted outside of his role as member of Springhill and thereby injured it. Regardless, even if Mr. Kornman had a

---

[13] 963 So. 2d at 1092-93.

[14] *See id.*

[15] *See* Exhibits A and B, to Motion to Dismiss for Lack of Subject Matter Jurisdiction.

role in the construction of the homes sold to Slidell Property, he is still not subject to suit based on the allegations made in the Complaint. Accordingly, Mr. Kornman respectfully urges this Court to dismiss with prejudice all claims against him.

### IV.

### CONCLUSION

Mr. Kornman is entitled to a dismissal of Plaintiffs' Petition against him under Rule 12(b)(6). The Complaint itself demonstrates that Slidell Property has made claims against Mr. Kornman upon which relief can not be granted.

Respectfully submitted,

/s/ Martha Y. Curtis
JAMES M. GARNER, T.A. (# 19589)
MARTHA Y. CURTIS (# 20446)
MATTHEW C. CLARK (#31102)
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street, 28th Floor
New Orleans, Louisiana 70112-1033
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
Attorneys for Defendants
SOUTHERN HOMES, LLC; SPRINGHILL, LLC; ADRIAN KORNMAN

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice electronic filing in accordance with the procedures established in MDL 2047, on this 2nd day of February, 2010.

/s/ Martha Y. Curtis
MARTHA Y. CURTIS