UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED | ) | MDL NO. 2047 |
| DRYWALL PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | JUDGE: FALLON |
| | ) | |
| | ) | MAGISTRATE: WILKINSON |
| This document relates to case no.: | ) | |
| 10-CV-52 (Bourgeois v. Allstate Indemnity) | ) | |
| _____ | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' MOTION TO REMAND AND
MOTION FOR ATTORNEYS' FEES**

**INTRODUCTION**

Plaintiffs Patricia Bourgeois and Glenn Bourgeois ("Plaintiffs") filed this action against Allstate Indemnity Company ("Allstate"); ASI Lloyds ("ASI"); and Louisiana Citizens Property Insurance Corporation ("Citizens") (collectively "Defendants") in Louisiana state court, asserting property, physical, and economic loss sustained as a result of contaminated and defective Chinese Drywall installed in Plaintiffs' home. Specifically, Plaintiffs allege that Defendants have deprived them

of the benefit of insurance coverage for which Defendants were paid substantial premiums, and thus, perpetuate Plaintiffs' suffering of substantial economic damage, including costs of remediation and loss of rental income. On January 8, 2010, Allstate removed this case pursuant to 28 U.S.C. § 1446(b).

As set forth below, ***Allstate concedes that complete diversity of citizenship between the parties does not exist.*** Indeed, Plaintiffs Patricia Bourgeois & Glenn Bourgeois are citizens of Louisiana, and Defendant Citizen is a Louisiana corporation. Allstate however, asserts that jurisdiction in this Court is proper upon the unfounded argument that Plaintiffs improperly and fraudulently joined Citizens as a party to this action.

To the contrary, it is Allstate's Notice of Removal that is improper. Allstate possesses no objectively reasonable basis for removal. Its claim of fraudulent joinder is directly contrary to Fifth Circuit precedent and, consequently, is frivolous and lacks any arguable merit. Specifically, Allstate's removal is (1) procedurally premature; (2) improperly challenges the merits of Plaintiffs' claims; and (3) requires the Court to improperly "pierce the pleadings." Accordingly, Plaintiffs respectfully pray that this matter be remanded to the 34th Judicial District Court for the Parish of St. Bernard and that Allstate be assessed with Plaintiffs' attorneys' fees and costs associated with the instant petition to remand.

2

**LAW AND ARGUMENT**

"The burden of persuasion placed upon those who cry 'fraudulent joinder' is a heavy one." *Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir. 1994). Indeed, "the effect of removal is to deprive the state court of an action properly before it; as such, removal raises significant federalism concerns." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). "In determining whether the joinder of parties was fraudulent, the district court 'must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff.'" *Miller v. Home Depot, U.S.A., Inc.*, 199 F. Supp. 2d 502, 507 (W.D. La. 2001), quoting *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995). "The removal statute is, therefore, to be strictly construed, ***and any doubt about the propriety of removal must be resolved in favor of remand***." *Gasch*, 491 F.3d at 281(emphasis added). To that end, "[t]he court must also resolve all ambiguities in the controlling state law in the plaintiff's favor." *Miller*, 199 F. Supp. 2d at 507. "***The court is not required to determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but looks only for a possibility that the plaintiff might do so***." *Id.* (Emphasis added). If Plaintiff's petition, on its face, states a plausible claim against Defendants, then there is no fraudulent or improper joinder. *Landry v. State Farm Fire & Cas. Co.*, 428

F.Supp.2d 531, 536-37 (E.D. La. 2006).

## A. ALLSTATE'S REMOVAL IS A PREMATURE ATTACK ON THE MERITS OF PLAINTIFFS' CLAIMS

The sole basis of Allstate's removal is its argument that Citizens was improperly joined in that, "there is no possibility of recovery against Citizens…because the damage of which Plaintiffs complain did not result from an occurrence within the policy period of Citizens' homeowner policy." *See* Allstate's Notice of Removal, ¶13. Allstate contends that the trigger of coverage under an insurance policy is determined under the "manifestation theory" wherein "property damage" occurs when it is discovered, "regardless of when the act from which it resulted occurred." *Liberty Mutual Ins. Co. v. Jotun Paints, Inc.*, 555 F. Supp. 2d 686, 697 (E.D. La. 2008).[1]   Even assuming, for the moment, the truth of Allstate's assertion, the Fifth Circuit has found that such an inquiry, when made upon a diversity jurisdiction challenge, is premature and wholly improper. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568 (5th Cir. 2004) (en banc). To wit:

The doctrine of improper joinder implements our duty to not allow

---

[1] Allstate's legal contention is incorrect or, at least, disputed. There are four main theories that have been used by courts in determining when property damage occurred for purposes of determining coverage, only one of which is the manifestation theory. *See Guaranty Nat'l Ins. Co. v. Azrock Indus. Inc.,* 211 F.3d 239, 244-47 (5th Cir.2000). The Louisiana Supreme Court has not ruled on the appropriate trigger theory in cases involving ongoing property damage under a policy such as the one at issue here.

manipulation of our jurisdiction. We are not persuaded that we can or should—as [Allstate] urges [this Court] to do—hold that *Strawbridge v. Curtiss* does not apply to suits wholly lacking "merit," at least as seen by a federal court. That is not a rule of joinder, but rather a recrafting of *Strawbridge*. Until Congress changes our jurisdiction and allows us to hear cases based on something less than complete diversity, we cannot act. *Smallwood*, 385 F.3d at 576.

As here, "[w]hen the only proffered justification for improper joinder is that there is no reasonable basis for predicting recovery against the in-state defendant, and that showing is equally dispositive of all defendants rather than to the in-state defendants alone," there is no improper joinder. *Id.* at 575; *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 283 (5th Cir. 2007). Rather, in such a case, "there is only a lawsuit lacking merit." *Id*. "Such an allegation of improper joinder is more properly an attack on the merits of the claim, rather than an inquiry into the propriety of the joinder of the local party." *McDonald v. Abbott Laboratories*, No. 02-60773 (5th Cir. 2005). In other words, there is no improper joinder if a defense compels the same result for the resident and nonresident defendants, because this would simply mean that "'the plaintiff's case [is] ill founded as to all the defendants.'" *Smallwood*, 385 F.3d at 574 (quoting *Chesapeake & Ohio Ry. v. Cockrell*, 232 U.S. 146, 153 (1914)); *see also Gasch*, 491 F.3d 278.

Here, Allstate is required to prove that there is no reasonable basis for predicting recovery against the in-state defendant (Citizens), and that the same

5

showing is not equally dispositive of all defendants (Allstate and ASI). Therefore, the proper time to determine whether the "manifestation theory" applies to the policies at issue here, and, whether coverage exists under Citizens' policy, or, any policy issued by any of the Defendants, is upon a proper merit challenge (motion to dismiss or motion for summary adjudication) and, not, as Allstate attempts here, on removal. Allstate's removal is nothing more than a premature attack on the merits of Plaintiffs' claims and should be remanded to the 34th Judicial District Court for the Parish of St. Bernard for a proper determination of Allstate's merit challenges.

**B. THE ACTION MUST BE REMANDED FOR A PROPER DETERMINATION OF THE MERITS OF PLAINTIFFS' CLAIMS**

Patricia Bourgeois and Glenn Bourgeois make the following general allegations in their petition:

> Plaintiffs purchased homeowner insurance policies from Allstate, Citizens and ASI that provided coverage for all risks of direct physical loss or damage to the home, contents and other permanent structures. *See* Petition, ¶¶ 7–15.
>
> In April 2007, Plaintiffs purchased and installed drywall in their home. *See* Petition, ¶¶ 16–18.
>
> In the Spring of 2009, Plaintiffs became aware that the drywall installed in their home was contaminated and defective. Specifically, the drywall was Chinese-manufactured and emitted odorous gases that caused corrosion to component systems (i.e., electrical and plumbing systems), damage to the contents of their home,

6

and physical loss. *See* Petition, ¶¶ 19–21.

Plaintiffs' home requires complete replacement of the drywall in the entire home. *See* Petition, ¶ 21.

Plaintiffs were current on all premiums due under their policies with Allstate, Citizens and ASI. *See* Petition, ¶ 25.

Allstate, Citizens and ASI denied Plaintiffs claims under their valid insurance policies and have thus far deprived Plaintiffs of the benefit of the insurance coverage for which Defendants were paid substantial premiums. *See* Petition, ¶¶ 27–28.

Clearly, Plaintiffs possess at a minimum, a cause of action under Louisiana law and a possibility of recovery, subject of course to their ability to prove their claims at trial or otherwise. For Allstate to assert that improper joinder applies to Plaintiffs' case and that there is "no possibility of Patricia Bourgeois and Glenn Bourgeois recovering against Citizen" is ludicrous. In *Smallwood*, the Fifth Circuit explicitly set forth the proper procedure to be applied in a case such this one, as follows:

> [T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. ***To reduce possible confusion, we adopt this phrasing of the required proof and reject all others***, whether the others appear to describe the same standard or not.

*Smallwood*, 385 F.3d at 573 (Emphasis added).

Here, Allstate's sole basis for removal is its contention that Plaintiffs have no plausible possibility of recovery against in-state defendant Citizens under Louisiana law because Plaintiffs' underlying injury (property damage) did not occur within the policy period of the policy issued by Citizens in favor of Plaintiffs. As noted above, Allstate contends that the trigger of coverage under an insurance policy is determined under the manifestation theory wherein "property damage" occurs when it is discovered, "regardless of when the act from which it resulted occurred." *Liberty Mutual*, 555 F. Supp. 2d at 697. As demonstrated below, the determination of whether coverage exists under the Citizens policy is a matter properly determined on a motion to dismiss or motion for summary adjudication. The merits of Plaintiffs' claims cannot be tested on Defendants' unsupported removal.

Allstate's assertion of improper/fraudulent joinder is directly contrary to the Fifth Circuit's holding in *Smallwood*. What Allstate is asking this Court to do is ignore the factual allegations plead by Plaintiffs and instead accept as true the "facts" asserted by it ) – thus holding that Patricia Bourgeois and Glenn Bourgeois' case lacks merit—not to inquire into the propriety of the joinder of Citizen, the sole inquiry allowed by the Fifth Circuit in determining the existence (or non-existence) of fraudulent joinder.

Here, every relevant "fact" alleged by Allstate in its Notice of Removal is disputed in this case. In order for this Court to find that Citizen was fraudulently joined, it would have to make a *factual determination* that the facts plead by Plaintiffs are false and the facts asserted by Allstate are true, as well as a *combined legal and factual determination* that the facts asserted by Allstate preclude recovery by Plaintiffs. Thus, Allstate asks this Court to do exactly what the Fifth Circuit has said it cannot do in making a determination of whether there is improper or fraudulent joinder: "mov[e] beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined." *Smallwood*, 385 F.3d at 573-74. Accordingly, Allstate's removal was improper and this matter should be remanded to the 34th Judicial District Court for the Parish of St. Bernard.

**C.     THE COURT IS NOT REQUIRED TO "PIERCE THE PLEADINGS" TO DETERMINE THE PROPRIETY OF CITIZENS JOINDER**

Allstate not only asks this Court to move beyond a jurisdictional determination to prematurely resolve the merits of Plaintiffs' claims but, it also improperly asks this Court to "pierce the pleadings" in a manner explicitly

9

forbidden by the Fifth Circuit at this stage of the proceedings. In *Smallwood*, the Fifth Circuit held that "a summary inquiry is appropriate only to identify the presence of ***discrete and undisputed facts*** that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74 (Emphasis added). Thus, the *Smallwood* Court cautioned that a district court could "pierce the pleadings" and conduct a summary proceeding only in those rare cases where a plaintiff "has misstated or omitted discrete facts that would determine the propriety of joinder." *Id.*

Here, Plaintiffs have not misstated or omitted *any* "discrete and undisputed fact" that would undermine a proper determination of the propriety of Citizens joinder. Plaintiffs have properly alleged (1) their Louisiana citizenship (in fact, their citizenship allegation is apparently undisputed by Allstate); and (2) Louisiana Citizens' citizenship. Indeed, Plaintiffs have properly alleged all facts that they must prove in order to prevail on their causes of action. Allstate points to no "discrete" and "undisputed facts" which Plaintiffs have misstated or omitted; indeed, there are none. To the contrary, Allstate has asked this Court to retain jurisdiction on this matter on the unfounded argument that Citizens was improperly joined, and specifically that there is no possibility of coverage under the Citizens policy. Interestingly,

Allstate makes the bald assertion that Plaintiffs possess no possibility of recovery under the Citizens policy while omitting several key facts itself! For example:

> What specific type of policy is at issue here?
> Is the Citizens policy the same policy issued by Defendant Allstate?
> Is the Citizens policy the same policy issued by Defendant ASI?
> What is the definition of "occurrence" under the Citizens, Allstate and ASI policies?
> What are the policy periods under the Citizens, Allstate and ASI policies?
> What Exclusions or Exceptions are applicable under the Citizens, Allstate and ASI policies?

In sum, Allstate has failed miserably to meet its burden for removal. Without additional facts, each of which requires at least minimal discovery, Allstate cannot reasonably assert that coverage does not exist and that Plaintiffs' have "no possibility" of recovery against Citizens. Accordingly, under binding Fifth Circuit precedent, a summary inquiry which pierces the pleadings is wholly improper. This Court should decline Allstate's invitation to conduct such an improper summary proceeding.

**D.     PLAINTIFFS ARE ENTITLED TO ATTORNEYS' FEES AND COST**

Based on the foregoing, it is abundantly clear that Allstate did not possess an objectively reasonable basis for seeking removal. Indeed, when a district court

remands a case, it has discretion to award the "payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). In making this determination, the district court "do[es] not consider the motive of the removing defendant." *Valdes v. Wal-Mart Stores*, Inc., 199 F.3d 290, 292-93 (5th Cir. 2000). Rather, the court must consider the objective merits of removal at the time of removal. *Id.* "[T]he propriety of the defendant's removal continues to be central in determining whether to impose fees." *Id.* Thus, Plaintiffs are not required to prove bad faith on the part of defendant in order to obtain an award of attorneys' fees pursuant to 28 U.S.C. § 1447(c). *Id.*

Given the Fifth Circuit's holding in *Smallwood*, Allstate clearly and unequivocally lacked an objectively reasonable basis for seeking removal in this case. First, Allstate did not (and could not) bear its "heavy burden" that there is no possibility of Plaintiffs recovering against Citizen, particularly given that (1) all facts must be viewed in a light most favorable to Plaintiffs, with all contested issues of substantive fact resolved in their favor; and (2) all ambiguities in state law must be resolved in favor of Plaintiffs. In other words, if Plaintiffs prove the facts they

alleged, they will prevail. Thus, Allstate could never prevail on a Rule 12(b)(6) motion in this case; as the Fifth Circuit noted in *Smallwood*, "if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573-74.

Second, Allstate can point to no "discrete and undisputed fact" omitted or misstated by Plaintiffs that would necessitate a summary inquiry by this Court. This is not one of those rare cases where a plaintiff "has misstated or omitted discrete facts that would determine the propriety of joinder" thus allowing this Court to "pierce the pleadings." *Id.*

Third, Allstate lacked any objective basis for removal because even if Allstate could meet the burdens set forth above, it would be no closer to a proper removal than when it began because "[w]hen the only proffered justification for improper joinder is that there is no reasonable basis for predicting recovery against the in-state defendant, and that showing is equally dispositive of all defendants rather than the in-state defendants alone," there is no improper joinder. *Id.* at 575; *Gasch*, 491 F.3d at 283.

Accordingly, Allstate's removal lacks even arguable merit. Under these circumstances, Plaintiffs respectfully assert that an award of attorneys' fees is appropriate under 28 U.S.C. § 1447 ( C).

**CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that this Honorable Court remand this matter to the 34th Judicial District Court for the Parish of St. Bernard.  In addition, Plaintiffs respectfully request an award of reasonable attorneys' fees and costs incurred in securing this remand.

Respectfully submitted,

s/Gregory P. DiLeo
**GREGORY P. DI LEO, LSBA #4943**
**JENNIFER B. EAGAN, LSBA #19847**
Attorney for Plaintiffs
Patricia Bourgeois and Glenn Bourgeois
300 Lafayette Street, Suite 101
New Orleans,  LA   70130
Telephone:  (504) 522-3456
Facsimile:   (504) 522-3888

Allan Kanner, LSBA #20580
Cynthia St. Amant, LSBA#24439
Melissa M. Fuselier, LSBA#31163
Kanner & Whiteley
701 Camp Street
New Orleans, LA 70130
Telephone:  (504) 524-5777
Facsimile:   (504) 524-5763

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, as well as regular mail upon defendant's counsel.

s/ Gregory P. DiLeo  
Gregory P. DiLeo