6/19/2009 2:42 PM Filed Lee County Clerk of Courts

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR
LEE COUNTY, FLORIDA                                                    CIVIL ACTION

CRAIG A. PISARIS-HENDERSON and
KELLY HENDERSON, Husband and Wife,

        Plaintiffs,

vs.                                                                    CASE NO. 09-CA-1280

DOUGLAS B. FRANCIS and DELACRUZ
DRYWALL PLASTERING & STUCCO,
INC., a Florida corporation,

        Defendants,
_____

## ORDER

THIS MATTER having come before the Court for hearing on Defendant, DELACRUZ DRYWALL PLASTERING & STUCCO, INC.'s, Motion to Dismiss and the Court having heard testimony from the parties and having reviewed the pleadings filed in this matter, it is

ORDERED AND ADJUDGED as follows:

1. Defendant, DELACRUZ DRYWALL PLASTERING & STUCCO, INC.'s (herein after DELACRUZ) Motion to Dismiss Count III of the Complaint is granted.

2. The Court finds *Casa Clara Condo. Ass'n, Inc. v. Charley Toppino and Sons, Inc.*, 620 So.2d 1244, dispositive of this issue, specifically the following language

"The homeowners also argue that Toppino's concrete damaged "other" property because the individual components and items of building material, not the homes themselves, are the products they purchased. We disagree. The character of a loss determines the appropriate remedies, and, to determine the character of a loss, one must look to the product purchased by the plaintiff, not the product sold by the defendant. *King v. Hilton-Davis*, 855 F.2d 1047 (3d Cir. 1988). Generally, house buyers have little or no interest in how or where the individual components of a house are obtained. They are content to let the builder produce the finished product, i.e., a house. These homeowners bought finished products-dwellings-not the individual components of those dwellings. They bargained for the finished products, not their various components. The concrete became an integral part of the finished product and, thus, did not injure "other" property." Id. At 1247



EXHIBIT C

3. The Court gives the Plaintiff twenty (20) days to file an Amended Complaint against Defendant DELACRUZ alleging damages to other metals (i.e. Jewelry) if they believe it is appropriate to do so.

**DONE AND ORDERED** in Chambers at Fort Myers, Lee County, Florida, on this 18th day of June, 2009.

HONORABLE MICHAEL T. McHUGH
CIRCUIT COURT JUDGE

Conformed copies have been provided to:

J. Matthew Belcastro, Esq.
Steven G. Koeppel, Esq.
Robert V. Fitzsimmons, Esq.