**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : : : : | MDL No. 2047 SECTION:  L JUDGE FALLON |
| THIS DOCUMENT RELATES TO: Hinckley, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al., Case No. 09-6686 (E.D.La.) | : : : : : | MAG. JUDGE WILKINSON |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS CROSS-CLAIM
OF VENTURE SUPPLY, INC. AND THE PORTER-BLAINE CORPORATION**
(By Tobin Trading Inc.)

MAY IT PLEASE THE COURT:

Defendant Tobin Trading Inc. ("Tobin"), by counsel, for its Memorandum in Support of Motion to Dismiss the Cross Claims (MDL No. 2047, Doc. No. 867) previously filed herein by Venture Supply, Inc. ("Venture") and The Porter-Blaine Corp. ("Porter-Blaine") for Lack of Personal Jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, states the following:

**STATEMENT OF FACTS**

**1.      The Complaint and Cross-Claims**

Plaintiffs, individually and on behalf of a putative class of "others similarly situated," commenced this action on May 15, 2009 with the filing of a "Complaint – Class Action" (Dkt. No. 1). This action purportedly was filed pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class of "owners and residents of residential homes in the State of North Carolina containing defective drywall that was designed, manufactured, exported, imported, distributed, delivered, supplied, inspected, marketed, sold and/or installed by Defendants Taishan Gypsum Co. Ltd. f/k/a Shandong Taihe Dongxin, Cp. Ltd. ("Taishan") and/or Venture Supply Inc." (Complaint at p. 1). Plaintiffs also alleged that the action was brought "on behalf of a subclass of similarly situated owners and residents of residential homes in the State of North Carolina containing defective drywall that were built and/or had drywall installed by The Porter-Blaine Corp. ("Porter-Blaine")" (*Id.*).

On May 26, 2009, Plaintiffs filed a "First Amended Class Action Complaint" adding Tobin Trading, Inc. as a defendant. The Amended Complaint is alleged in seven (7) counts: (1) negligence (all defendants); (2) negligence *per se* (all defendants); (3) breach of express and/or implied warranties (all defendants); (4) private nuisance (all defendants); (5) unjust enrichment (all defendants); (6) violation of the North Carolina Consumer Protection Act (all defendants); and (7) equitable and injunctive relief and medical monitoring (all defendants) (see First Amended Complaint pp. 9-14).

On October 6, 2009, the United States Judicial Panel on Multidistrict Litigation entered a Transfer Order directing that this action was transferred to this Court for inclusion in the coordinated or consolidated pretrial proceedings occurring in MDL Docket No. 2047.

On January 19, 2010, Plaintiffs filed their "Second Amended Class Action Complaint." The Second Amended Complaint is alleged in eight (8) counts: (1) negligence (all defendants); (2) negligence *per se* (all defendants); (3) breach of express and/or implied warranties (all defendants); (4) private nuisance (all defendants); (5) unjust enrichment (all defendants); (6) violation of Consumer Protection Acts (against Taishan only); (7) violation of the North Carolina Consumer Protection Act (Tobin, Venture and Porter-Blaine only); and (8) equitable and injunctive relief and medical monitoring (all defendants) (see Second Amended Complaint ["SAC"] pp. 10-18). As to Tobin, the allegations of the Second Amended Class Action Complaint (like all prior versions of the complaint) are conclusory, vague and ambiguous, and fail to state a claim under Rule 12 of the Federal Rules of Civil Procedure.

As alleged, the home of Plaintiffs Curtis and Lynn Hinckley and Stephanie Hinckley-Lopez "was built and/or had drywall installed by Defendant Porter-Blaine and it contains defective drywall that was designed, manufactured, exported, imported, distributed, delivered, supplied, inspected, marketed, and/or sold by Defendants Taishan, Tobin and/or Venture" (SAC ¶¶ 4-5).

Plaintiffs allege that defendant Porter-Blaine is "one of Venture's drywall installation contractors" which "installed defective drywall in Plaintiffs' home, and in other homes, which has resulted in harm and damages to Plaintiffs and Subclass Members" (SAC ¶ 17).

The "defective drywall," Plaintiffs allege, was "designed, manufactured, exported, distributed, delivered, supplied, inspected, marketed, and/or sold" by defendant Taishan (SAC ¶ 7). Plaintiffs allege that defendant Venture "imported, distributed, delivered, supplied, inspected, marketed, and/or sold defective drywall to builders that was supplied to and damaged homeowners including Plaintiffs and Class Members" and "also imported, distributed, delivered,

3

supplied, inspected, marketed, and/or sold defective drywall directly to some Plaintiffs and Class Members" (SAC ¶ 15).

Plaintiffs allege that defendant Tobin "is run by Philip W. Perry who was responsible for brokering deals between the Chinese drywall manufacturer Taishan, and Venture Supply Company" (SAC ¶ 11). Plaintiffs allege that "Tobin brokered and/or negotiated the transaction(s) responsible for the ultimate distribution, delivery, supply, marketing, and/or sale of the defective drywall at issue in this case" (SAC ¶ 13). In an obvious attempt to create personal jurisdiction over Tobin (where none exists), Plaintiffs allege in conclusory fashion that "[i]t is upon information and belief that Tobin specifically brokered the deal with knowledge and purpose that the drywall would be sold and installed in North Carolina" (SAC ¶ 12). Plaintiffs claim that "Tobin in fact intended for the drywall to be used in North Carolina (*Id.*).

On January 28, 2010, Tobin Trading Inc. responded to the Second Amended Class Action Complaint with the filing of a motion to dismiss and supporting memorandum under Rule 12(b)(2) of the Federal Rules of Civil Procedure (Doc. 838), a motion to dismiss and supporting memorandum under Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. 839), and an Answer (Doc. 840).

On January 29, 2010, Venture and Porter-Blaine filed Cross-Claims (Doc. 867) against Tobin, seeking indemnity or contribution from Tobin under theories of negligence, breach of contract, breach of warranty, contribution and indemnification, in the event that Plaintiffs recover a judgment against Venture and Porter-Blaine. Like the First Amended Complaint, the Cross-Claims against Tobin should be dismissed for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

**2.    Absence of Contacts Between Tobin and North Carolina.**[1]

The Second Amended Complaint alleges that "Defendant Tobin is a Virginia corporation doing business in the State of North Carolina with its principal place of business located at 5008 Gatehouse Way, Virginia Beach, Virginia 23455" (SAC ¶ 10). However, as indicated in the Affidavit filed herewith as Exhibit 1, Tobin Trading, Inc. has never transacted business in the State of North Carolina.

As indicated in the Affidavit attached as Exhibit 1, at all pertinent times Phillip Perry was the President and Registered Agent of Tobin Trading, Inc., which was a Virginia corporation with its principal place of business in Virginia Beach, Virginia. In this capacity, Mr. Perry has testified that Tobin Trading, Inc. never had any contacts or ties with the State of North Carolina or any of its citizens or residents, nor has Tobin Trading, Inc. had a presence in the State of North Carolina. Specifically, as stated in the Affidavit attached as Exhibit 1, Tobin Trading Inc. has never:

(i)    derived income or revenue from the State of North Carolina or any of its citizens or residents;

(ii)   entered into contracts with the State of North Carolina or any of its citizens or residents;

(iii)  had customers or clients in the State of North Carolina;

(iv)   transacted any business in the State of North Carolina;

(v)    had any office, agent, or employee in the State of North Carolina;

(vi)   paid taxes in the State of North Carolina;

(vii)  been registered to do business in the State of North Carolina;

---

[1] Of note, there is no suggestion in this case (and no allegations) that Tobin Trading has ever transacted business in the State of Louisiana, nor that it has ever had any contacts or ties with the State of Louisiana or any of its citizens or residents.

(viii)  owned property or assets in the State of North Carolina; or

(ix)  directed any of its business or activities at the State of North Carolina or any of its citizens or residents.

As indicated in the Affidavits attached as Exhibits 1 and 2, Tobin Trading Inc. has never had any contacts or communications with, nor has it transacted any business or entered into any contracts with, the Plaintiffs or any of the Members of the proposed Class or Sub-Class.

By way of further background, in December 2005 and May 2006, Venture Supply Inc. purchased approximately 150,000 sheets of gypsum board from Shandong Taihe Dongxin Co., Ltd., which was located in Dawenkou Daiyue District, Tai'an, China. Tobin assisted with the purchase of the gypsum board in China, and helped coordinate the shipping of the gypsum board from a port in China to its destination in Norfolk, Virginia. After the gypsum board was shipped to Norfolk, Virginia, Tobin had no further involvement. *See* Exhibit 2, attached hereto.

At all pertinent times, Tobin was informed and advised that the gypsum board would be stored in Venture's warehouse(s) in Norfolk, Virginia. Tobin had no involvement with Venture's sale or distribution of the drywall to others, and no knowledge as to where or to whom Venture might sell or distribute the gypsum board. Assuming *arguendo* that Venture intended to sell or ship the gypsum board to any customers or buyers in North Carolina, Tobin had no knowledge of any such intent. *See* Exhibit 2, attached hereto.

Tobin Trading Inc. objects to being sued in the Eastern District of North Carolina and the Eastern District of Louisiana, and objects to the Court's exercise of personal jurisdiction.

**ARGUMENT**

**THE CROSS-CLAIMS AGAINST TOBIN SHOULD BE DISMISSED UNDER RULE 12(b)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE, DUE TO LACK OF PERSONAL JURISDICTION OVER TOBIN TRADING INC.**

6

As a non-resident defendant with no contacts or ties with the State of North Carolina (or the Eastern District of Louisiana), subjecting Tobin Trading Inc. to the Court's jurisdiction would exceed the limits of due process and is therefore constitutionally impermissible.  Tobin moves for an order dismissing the Cross-Claims asserted against it under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction.

Whether Tobin Trading Inc.'s contacts with North Carolina are sufficient to support this Court's exercise of personal jurisdiction is a question of law.  *Yates v. Motivation Indus. Equipment Ltd.*, No. 01-1938, 38 Fed. Appx. 174, 175, 2002 WL 1343251 at \*\*1 (4th Cir. June 20, 2002) (unpublished; citing *Christian Science Board of Directors of the First Church of Christ v. Nolan,* 259 F.3d 209, 215 (4th Cir. 2001)).[2]

"It is well established that, in order for a district court to validly assert personal jurisdiction over a non-resident defendant, two conditions must be satisfied." *Id.*

"First, the exercise of jurisdiction must be authorized by the long-arm statute of the forum state, and second, the exercise of personal jurisdiction must not 'overstep the bounds' of Fourteenth Amendment due process requirements." *Id.* (citing *Anita's New Mexico Style Mexican Food, Inc. v. Anita's Mexican Foods Corp.,* 201 F.3d 314, 317 (4th Cir. 2000)).  North Carolina's long-arm statute "has been construed to extend to the outer limits allowed by the Due Process Clause."  *Id.* (citing *Hiwassee Stables, Inc. v. Cunningham,* 135 N.C.App. 24, 27, 519 S.E.2d 317, 320 (1999)).[3]  Thus, the Court must decide whether Tobin has "certain minimum contacts"

---

[2] *Compare Walk Haydel & Associates, Inc. v. Coastal Power Production Co.*, 517 F.3d 235 (5th Cir. 2008); *Atel Maritime Investors LP v. Sea Mar Management, LLC*, 2009 WL 5214898 (E.D. La. 12/23/09).

[3] Presumably, Plaintiffs and/or Cross-Claimants claim that personal jurisdiction is authorized by N.C. Gen. Stat. § 1-75.4(4), which provides in part: "Local Injury; Foreign Act. —In any action for wrongful death occurring within this State or in any action claiming injury to person or

with North Carolina, such that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (citations omitted).

The *International Shoe* "minimum contacts" standard may be met in two ways: specific jurisdiction, or general jurisdiction. Courts in the Fourth Circuit "view the two species of personal jurisdiction, general and specific, through distinct lenses." *Yates v. Motivation Indus. Equipment Ltd.*, *supra,* 38 Fed. Appx. at 176, 2002 WL 1343251 at **2 (citing *ESAB Group v. Centricut,* 126 F.3d 617, 623-24 (4th Cir. 1997)); *compare Atel Maritime Investors LP v. Sea Mar Management, LLC*, 2009 WL 5214898 (E.D. La. 12/23/09), and cases cited therein (discussing personal jurisdiction analysis in the Fifth Circuit).

"When a cause of action arises out of a defendant's contacts with the forum, a court may seek to exercise specific jurisdiction over that defendant if it purposefully directs activities toward the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 (1984)). Specific jurisdiction only exists if the defendant "purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253 (1958). Taking into

---

property within this State arising out of an act or omission outside this State by the defendant, provided in addition that at or about the time of the injury either: … b. Products, materials or thing processed, serviced or manufactured by the defendant were used or consumed, within this State in the ordinary course of trade[.]" Tobin denies that personal jurisdiction can properly be exercised over Tobin under North Carolina's long-arm statute, including N.C. Gen. Stat. § 1-75.4(4). However, because "the two-step inquiry merges into a single issue of whether [a non-resident defendant] has the requisite minimum contacts with North Carolina to satisfy due process," *Caraustar Custom Packing Group v. Stockart.com LLC,* No. 3:05-CV-00377, 2006 WL 2224291 at *1 (W.D.N.C. August 1, 2006), the single issue addressed herein is whether the exercise of personal jurisdiction over Tobin would require the Court to "overstep the bounds" of Fourteenth Amendment due process requirements.

8

consideration traditional notions of fair play, the U.S. Supreme Court has determined that in order to satisfy the "fair warning" requirement, "[w]here a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there," the defendant must have "purposefully directed" his activities at residents of the forum, and the ensuing litigation must result from alleged injuries that "arise out of or relate to" those activities. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985). In order to comport with the minimum requirements of constitutional due process, an out-of-state defendant must have sufficient, purposeful or intentional contacts with the forum state before it can "reasonably [have] anticipate[d] being haled into court there." *Worldwide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980).[4]

"[W]hen the cause of action does not arise out of the defendant's contacts with the forum, general jurisdiction may be exercised upon a showing that the defendant's contacts are of a 'continuous and systematic' nature." *Yates v. Motivation Indus. Equipment Ltd.*, *supra,* 38 Fed. Appx. at 176, 2002 WL 1343251 at **2 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 416 (1984)). General jurisdiction only lies when the defendant's conduct and connection with the forum state are so "continuous and systematic" that the defendant "should

---

[4] Thus, in products liability cases, the Fourth Circuit has rejected the "stream of commerce" theory as the sole basis for exercising personal jurisdiction over out-of-state defendants. *See, e.g., Lesnick v. Hollingsworth & Vose Co.*, 35 F.3d 939, 946-47 (4th Cir. 1994) (federal district court sitting in Maryland lacked personal jurisdiction over out-of-state manufacturer of cigarette filter material, even though defendant acknowledged that it sold such material knowing that the resulting cigarette brand manufactured with its filter material would be sold in the State of Maryland); *Yates v. Motivation Indus. Equipment Ltd.*, *supra,* 38 Fed. Appx. at 179, 2002 WL 1343251 at **4 (noting that "[t]he Supreme Court has rejected the application of a stream of commerce theory when, as here, the defendant delivers the product into the stream of commerce without any expectation that it would be purchased or used by a consumer in the forum state," Fourth Circuit held that federal district court sitting in North Carolina lacked personal jurisdiction over out-of-state defendant that placed crane into the stream of commerce in Canada).

9

reasonably anticipate being haled into court there." *Hanson v. Denckla,* 357 U.S. 235, 253 (1958).

Neither general nor specific jurisdiction exists as to defendant Tobin Trading Inc. As indicated by the Affidavits filed herewith (Exhibits 1 and 2), Tobin Trading Inc. has never had any contacts or ties with the State of North Carolina. At all pertinent times, Tobin clearly was not engaged in "substantial" or "continuous and systematic" activities in North Carolina such as to subject it to general jurisdiction in the State of North Carolina. Thus, there is no basis for exercising general personal jurisdiction over Tobin.

The State of North Carolina also lacks sufficient contacts with Tobin to subject it to specific personal jurisdiction in North Carolina. The Fourth Circuit has applied a three part test when evaluating the propriety of exercising specific jurisdiction:

> 1) whether and to what extent the defendant "purposely availed" itself of the privileges of conducting activities in the forum state, and thus invoked the benefits and protections of its laws, 2) whether the plaintiff's claim arises out of those forum-related activities, and 3) whether the exercise of jurisdiction is constitutionally "reasonable."

*Yates v. Motivation Indus. Equipment Ltd.*, *supra,* 38 Fed. Appx. at 176, 2002 WL 1343251 at **2 (citing *Christian Science v. Nolan,* 259 F.3d 209, 215-16 (4th Cir. 2001)).[5]

Based on the allegations contained in the Second Amended Class Action Complaint and the Cross-Claims, and for the reasons stated in the Affidavits filed herewith as Exhibits 1 and 2, Plaintiffs and Cross-Claimants cannot satisfy this test. At all pertinent times, Tobin was a Virginia corporation which never transacted *any* business in the State of North Carolina, and otherwise had no contacts with the State of North Carolina. Tobin had no clients or customers in

---

[5] The Fifth Circuit follows a similar three step analysis for specific jurisdiction. *See Atel Maritime Investors LP v. Sea Mar Management, LLC*, 2009 WL 5214898 at *2-3 (E.D. La. 12/23/09).

the State of North Carolina, did not transact business activities in the State of North Carolina, and otherwise had no contacts or connections with the State of North Carolina.  Tobin has not purposefully or intentionally directed any conduct or activities at the State of North Carolina, or at any resident of the State of North Carolina (including the plaintiffs and putative class members), as required by the Constitution before it reasonably can anticipate being haled into North Carolina to defend itself from the claims alleged in the Second Amended Class Action Complaint and in the Cross-Claims.[6]

In sum, the Court's exercise of personal jurisdiction over this defendant is not justified under the North Carolina long-arm statute, nor would it comport with the due process requirements of the Constitution.  Accordingly, Tobin moves for an order dismissing this action and the Cross-Claims under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

## CONCLUSION

WHEREFORE, Defendant Tobin Trading Inc. respectfully prays that this Court enter an Order granting its Motion to Dismiss the Cross-Claims for Lack of Jurisdiction.

TOBIN TRADING, INC.

Date:  February 9, 2010         By:     /s/ Theodore I. Brenner
                                        Theodore I. Brenner, VSB 17815
                                        BRENNER, EVANS & MILLMAN, P.C.
                                        P.O. Box 470
                                        Richmond, Virginia  23218-0470
                                        Phone: (804) 644-1300
                                        Fax: (804) 644-1354
                                        E-mail: tbrenner@beylaw.com

---

[6] The same analysis and conclusion holds true for the State of Louisiana, which clearly lacks specific or general jurisdiction over Tobin Trading Inc.

        Alexander S. de Witt, VSB 42708
        BRENNER, EVANS & MILLMAN, P.C.
        P.O. Box 470
        Richmond, VA  23218-0470
        Phone: (804) 644-1300
        Fax: (804) 644-1354
        E-mail: adewitt@beylaw.com

        *ATTORNEYS FOR TOBIN TRADING, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiffsø Liaison Counsel, Russ Herman, and Defendantsø Liaison Counsel Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File and Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 2047, on this 9th day of February, 2010.

    By:    /s/ Theodore I. Brenner
        Theodore I. Brenner, VSB 17815
        BRENNER, EVANS & MILLMAN, P.C.
        411 E. Franklin Street, Suite 200
        P.O. Box 470
        Richmond, Virginia  23218-0470
        Phone: (804) 644-1300
        Fax: (804) 644-1354
        E-mail: tbrenner@beylaw.com

        *ATTORNEY FOR TOBIN TRADING, INC.*