# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE-MANUFACTURED | : | MDL No. 2047 |
| DRYWALL PRODUCTS LIABILITY | : | |
| LITIGATION | : | SECTION:  L |
| | : | |
| | : | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | : | |
| | : | MAG. JUDGE WILKINSON |
| Hinckley, et al. v. Taishan Gypsum Co., Ltd., | : | |
| f/k/a Shandong Taihe Dongxin Co. Ltd., et al., | : | |
| Case No. 09-6686 (E.D.La.) | : | |
| | : | |

## ANSWER TO CROSS-CLAIM OF VENTURE
## SUPPLY, INC. AND THE PORTER-BLAINE CORPORATION
### (By Tobin Trading Inc.)

MAY IT PLEASE THE COURT:

Defendant Tobin Trading, Inc. ("Tobin"), by counsel, subject to and without waiving its

objection to this Court's exercise of personal jurisdiction and its Motion to Dismiss pursuant to

Rule 12(b)(2) of the Federal Rules of Civil Procedure, as its Answer to the Cross-Claims (MDL

No. 2047, Doc. No. 867) previously filed herein by Venture Supply, Inc. ("Venture") and The

Porter-Blaine Corp. ("Porter-Blaine"), states the following:

      1.      The allegations in paragraph 1 of the Cross-Claims are denied.

      2.      The allegations in paragraph 2 of the Cross-Claims are denied.

3.      The allegations in paragraph 3 of the Cross-Claims are denied.

4.      The allegations in paragraph 4 of the Cross-Claims are denied.

5.      The allegations in paragraph 5 of the Cross-Claims are denied.

6.      In response to the allegations in paragraph 6 of the Cross-Claims, Tobin repeats and realleges its response to paragraphs 1-5 above as if fully set forth herein.

7.      The allegations in paragraph 7 of the Cross-Claims are denied.

8.      The allegations in paragraph 8 of the Cross-Claims are denied.

9.      The allegations in paragraph 9 of the Cross-Claims are denied.

10.      The allegations in paragraph 10 of the Cross-Claims are denied.

11.      In response to the allegations in paragraph 11 of the Cross-Claims, Tobin repeats and realleges its response to paragraphs 1-10 above as if fully set forth herein.

12.      The allegations in paragraph 12 of the Cross-Claims are denied.

13.      Tobin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 of the Cross-Claims, and therefore denies the same.

14.      The allegations in paragraph 14 of the Cross-Claims are denied.

15.      The allegations in paragraph 15 of the Cross-Claims are denied.

16.      The allegations in paragraph 16 of the Cross-Claims are denied.

17.      The allegations in paragraph 17 of the Cross-Claims are denied.

18.      In response to the allegations in paragraph 18 of the Cross-Claims, Tobin repeats and realleges its response to paragraphs 1-17 above as if fully set forth herein.

19.      In response to paragraph 19 of the Cross-Claims, Tobin admits that plaintiffs have filed an action against Venture, Porter-Blaine, Taishan, and Tobin.  The allegations of the second amended complaint filed in the action are self-explanatory.  The remaining allegations in paragraph 19 of the Cross-Claim are denied.

20.     In response to paragraph 20 of the Cross-Claims, Tobin asserts that the claims and allegations set forth in the second amended complaint filed in the action are self-explanatory. The remaining allegations in paragraph 20 of the Cross-Claim are denied.

21.     Upon information and belief, the allegations in paragraph 21 of the Cross-Claims are admitted.

22.     Tobin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 of the Cross-Claims.

23.     Tobin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 of the Cross-Claims.

24.     Tobin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 of the Cross-Claims.

25.     Tobin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 of the Cross-Claims.

26.     The allegations in paragraph 26 of the Cross-Claims are denied.

27.     The allegations in paragraph 27 of the Cross-Claims are denied.

28.     The allegations in paragraph 28 of the Cross-Claims are denied.

29.     The allegations in paragraph 29 of the Cross-Claims are denied.

30.     The allegations in paragraph 30 of the Cross-Claims are denied.

31.     The allegations in paragraph 31 of the Cross-Claims are denied.

32.     The allegations in paragraph 32 of the Cross-Claims are denied.

33.     Tobin denies, generally, each and every allegation of the Cross-Claims not hereinbefore specifically admitted, denied, or otherwise qualified, and further denies that it is liable to the Cross-Claimants under any theory of liability.

## AFFIRMATIVE DEFENSES

34.     As to Tobin Trading Inc., the claims asserted in the Cross-Claims are barred due to the absence of personal jurisdiction over this defendant.  Tobin Trading Inc. challenges and objects to this Court's exercise of personal jurisdiction over Tobin pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, for the reasons stated more fully in Tobin's previously filed Motion to Dismiss for Lack of Personal Jurisdiction and supporting Memorandum, which is incorporated herein by reference.

35.     Tobin denies that the Cross-Claimants have been damaged in the manner or to the extent alleged, and further denies that the Cross-Claimants are entitled to any of the relief demanded in the Cross-Claims.

36.     The claims asserted in the Cross-Claims may be barred, in part or in whole, due to the Cross-Claimants' failure to mitigate their alleged damages.

37.     The claims asserted in the Cross-Claims may be time-barred, in part or in whole, by the applicable statute(s) of limitations.

38.     The claims asserted in the Cross-Claims may be barred, in part or in whole, due to contributory negligence and/or the negligence of other persons or entities for which this defendant is not responsible.

39.     The claims asserted in the Cross-Claims may be barred, in part or in whole, pursuant to the economic loss doctrine and/or lack of privity with this defendant.

40.     The Cross-Claims fail to state a claim against Tobin Trading Inc., and fail to state sufficient facts upon which the relief demanded can be granted.

41.     Tobin will rely upon all other properly provable defenses to this action, and reserves the right to amend this Answer if at any time it is so advised.

WHEREFORE, Defendant Tobin Trading Inc. respectfully prays that this Court enter an Order dismissing the Cross-Claims asserted by Venture Supply, Inc. and The Porter-Blaine Corp., for an award of its costs and fees, if appropriate, and for such other and further relief as this Court deems appropriate.

**TRIAL BY JURY IS DEMANDED.**


TOBIN TRADING, INC.

Date:  February 9, 2010          By:      /s/ Theodore I. Brenner
                                       Theodore I. Brenner, VSB 17815
                                       BRENNER, EVANS & MILLMAN, P.C.
                                       P.O. Box 470
                                       Richmond, Virginia  23218-0470
                                       Phone: (804) 644-1300
                                       Fax: (804) 644-1354
                                       E-mail: tbrenner@beylaw.com

                                       Alexander S. de Witt, VSB 42708
                                       BRENNER, EVANS & MILLMAN, P.C.
                                       P.O. Box 470
                                       Richmond, VA  23218-0470
                                       Phone: (804) 644-1300
                                       Fax: (804) 644-1354
                                       E-mail: adewitt@beylaw.com

                                       *ATTORNEYS FOR TOBIN TRADING, INC.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing has been served on Plaintiffsø Liaison

Counsel, Russ Herman, and Defendantsø Liaison Counsel Kerry Miller, by U.S. Mail and e-mail

or by hand delivery and e-mail and upon all parties by electronically uploading the same to

LexisNexis File and Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was

electronically filed with the Clerk of Court of the United States District Court for the Eastern

District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing

in accord with the procedures established in MDL 2047, on this 9th day of February, 2010.


By:       /s/ Theodore I. Brenner
             Theodore I. Brenner, VSB 17815
             BRENNER, EVANS & MILLMAN, P.C.
             411 E. Franklin Street, Suite 200
             P.O. Box 470
             Richmond, Virginia  23218-0470
             Phone: (804) 644-1300
             Fax: (804) 644-1354
             E-mail: tbrenner@beylaw.com

             *ATTORNEY FOR TOBIN TRADING, INC.*