BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO THE FOLLOWING CASE<br>09-4320 | CASE NO. MDL Docket No. 2047 |

# MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER AND RENEWED NOTICE OF RELATED AND POTENTIAL TAG-ALONG ACTION PURSUANT TO J.P.M.L. 7.5(e)

Northstar Holdings, Inc., Northstar Homes, Inc. and Northstar Holdings at B&A, LLC (collectively "Northstar"), files this memorandum in support of the Motion to Transfer and Renewed Notice of Related and Potential Tag-Along Actions filed pursuant to Rule 7.5(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation by Northstar, a defendant in this multidistrict litigation in the United States District Court for the Eastern District of Louisiana.

Northstar respectfully requests that, pursuant to J.P.M.L. Rule 7.4, the Judicial Panel issue a Conditional Transfer Order to MDL Case No. 2047 (the "MDL Action"), for the action identified in the Motion to Transfer and Renewed Notice of Related and Potential Tag- Along Action, namely, *General Fidelity Insurance Co. v. Katherine L. Foster, Northstar Holdings, Inc., Northstar Homes, Inc. and Northstar Holdings at B&A, LLC,* United States District Court, Southern District of Florida, Case No.:09-80743-KMM, for the reasons set forth herein.

**Northstar**

1. Northstar Holdings, Inc. is a Florida corporation with its principal place of business in the State of Florida. Northstar Homes, Inc. is a Florida corporation with its principal place of business in the State of Florida. Northstar Holdings at B&A, LLC is a Florida limited liability company and was the general contractor who entered into a sub-contract with a subcontractor who purchased and installed Chinese-manufactured drywall in the subdivision known as Cobblestone Creek in Boynton Beach, Palm Beach County, Florida.

**The Chinese Drywall Claims made against Northstar**

2. The owners of certain homes developed and built by Northstar have made claims against Northstar, alleging that the Chinese drywall installed in the homes that they purchased from Northstar is defective and has resulted in bodily injury and property damage to their homes and personal property (the "Chinese Drywall Claims"). The Chinese Drywall Claims are being made against Northstar in several actions one of which has been transferred from the Southern District of Florida to MDL-2047, *In re Chinese-Manufactured Drywall Products Liability Litigation,* case no. 09-4320, *Katherine Foster v. Northstar Holdings, Inc., et al.,* presided over by Judge Eldon Fallon of the Eastern District of Louisiana (the "Underlying Putative Class Action").

**The Potential Tag Along Action**

3. The action which is the subject of the Motion to Transfer and Renewed Notice of Related and Potential Tag Along Action in support of which this Memorandum is being submitted (the "Instant Action;" the Underlying Putative Class Action and the Instant Action are sometimes hereinafter collectively referred to as the "Related Actions") was filed by the plaintiff,

General Fidelity Insurance Company ("General Fidelity") against Northstar and Katherine Foster (i.e., the plaintiff in the Underlying Action) in the United States District Court, Southern District of Florida, West Palm Beach Division, Case No. 09-80743-KMM on May 15, 2009.

4. Northstar is a named insured under certain commercial liability insurance policies issued by General Fidelity for policy periods ranging from at least October 22, 2006 to October 22, 2009 (the "Policies").

5. Northstar tendered the Chinese Drywall Claims to General Fidelity for indemnity, but General Fidelity failed to acknowledge its coverage obligations.

6. In the Instant Action, General Fidelity seeks, *inter alia*, a declaration that it is not obligated under the Policies to indemnify Northstar for losses resulting from the Chinese Drywall Claims being asserted against Northstar in the Underlying Putative Class Action.

7. On June 17, 2009, before General Fidelity served Northstar with its Complaint for Declaratory Judgment in the Instant Action, the Southern District of Florida entered an Order Staying and Administratively Closing Chinese-Manufactured Drywall Products Liability Cases Pending Transfer Pursuant to MDL No. 2047.

8. On August 12, 2009, General Fidelity filed in the Southern District of Florida its Motion to Lift Stay and Administratively Reopen Case and Memorandum of Law in Support (the "Motion to Lift Stay").

9. On December 7, 2009, the Southern District of Florida issued a paperless order granting General Fidelity's Motion to Lift Stay in light of this Panel's Order Vacating Conditional Transfer Order of December 2, 2009, as to the Instant Action (the "December 2 Order").

10. On December 11, 2009, General Fidelity served Northstar with the Complaint in the Instant Action (i.e., almost seven months following the date that it was filed).

11. On January 11, 2009 Northstar filed its Answer, Affirmative Defenses and Counterclaim ("Answer") in the Instant Action.

12. The legal bases for rejecting Northstar's claims for coverage asserted by General Fidelity in the Instant Action are similar to the bases for rejecting claims for coverage raised by other insurers in Chinese drywall cases currently pending before Judge Fallon in the Eastern District of Louisiana and include, *inter alia*:

    a. That there is no coverage under the subject policies for the Chinese Drywall Claims to the extent that parties other than Northstar are liable for the damages alleged by homeowners;

    b. That the subject policies do not cover damages of the type sought in the Chinese Drywall Claims;

    c. That there is no coverage for losses relating to the repair or replacement of defective Chinese drywall;

    d. That there is no coverage under the policies if the alleged bodily injury or property damage first commenced before the inception of any particular policy;

    e. That there is no coverage under the policies if the alleged bodily injury or property damage arose from the release or escape of "pollutants;" or "contaminants" and

    f. That there is no coverage under the policies due to any number of exclusions found in the Policies.

**Common Questions of Fact in the Related Actions**

11. There are multiple common questions of fact in the Instant Action and the Underlying Putative Class Action. These include:

a. The manner in which Chinese drywall was manufactured, imported, distributed, and installed, as such relate to the standard pollution exclusion;

b. Whether Chinese drywall is a potential cause of bodily injury or property damage;

c. If Chinese drywall is a potential cause of bodily injury or property damage, the process by which it causes injury or damage;

d. The relationship (if any) between Chinese drywall and the bodily injury and property damage allegedly suffered by homeowners who purchased homes from Northstar;

e. The nature of the bodily injury and property damage allegedly suffered by the homeowners who purchased homes from Northstar, including the dates and duration of the injury and damage;

f   The items and amounts of monetary damages incurred by such homeowners; and

g. Northstar's liability (if any) for the Chinese Drywall Claims to the homeowners who purchased homes from them, and the liability of other parties for those claims (mixed question of fact and law).

**Just, Efficient, and Consistent Resolution of Claims**

12. As noted above, Northstar is currently a named defendant in a case pending in MDL No. 2047, *In Re: Chinese-Manufactured Drywall Products Liability Litigation,* before the Honorable Eldon E. Fallon in the Eastern District of Louisiana. Judge Fallon is well-versed in the facts and issues surrounding all aspects of the Chinese drywall cases. Allowing Judge Fallon to preside over the pre-trial litigation of the Instant Action and the Underlying Putative Class

Action would provide for the best opportunity for a just, efficient, and consistent resolution of all aspects of the Related Cases.

16. Judge Fallon has recently expressed interest in receiving claims regarding insurance coverage. *See In re Chinese-Manufactured Drywall Products Liability Litigation*, MDL No. 2047, January 14, 2010 Status Conference Hearing Transcript at 15 (E.D. La. Jan. 14, 2010), where Judge Fallen stated:

> There's also some matter that I mentioned the last time with the insurance companies, the issue of whether or not they should be transferred to the MDL and consolidated with this case or whether they should go forward with separate, independent jurisdictions.
>
> I studied the matter a little more closely, and I find that a lot of the policy defenses that are being argued really have to do with the type of issues that I'll be dealing with the MDL; that is to say, a defense might be contesting contamination or contesting the type of materials that was being used and whether or not that is accepted or excluded by the policy.
>
> Rather than have discovery in the various districts of the country on the same issues-the whole purpose of the MDL is to prevent that-those insurance issues, since they deal with the same facts that I'll be dealing with in the MDL, it looks like that those cases are better and more efficiently dealt with if they are transferred to the MDL. Hopefully, that will be done.

17. A transfer of the Instant Action to MDL Case No. 2047 will undoubtedly enhance the just and efficient conduct of discovery in the Related Actions, and promote the resolution of issues created by the effects of Chinese drywall in homes built by Northstar.

18. Absent a transfer of the Instant Action to MDL Case No. 2047, the plaintiff homeowners will likely be deposed in both cases. There will also be significant efficiencies and savings through the use of a single document depository and method for the transfer of information. Moreover, a transfer of the Instant Action to MDL Case No. 2047 will avoid inconsistent discovery and other pre-trial rulings in the Related Actions.

19. However, the most significant benefit of a transfer of the Instant Action to

MDL Case No. 2047 is likely to be that it will facilitate the settlement of both the plaintiff homeowners' claims against Northstar and Northstar's claims against General Fidelity. It may not be possible to settle the homeowners' claims without insurance company participation, but given such participation, Northstar's claims against its carriers will almost certainly be resolved at the same time.

**Conclusion**

Northstar respectfully requests that the Panel conditionally transfer the action referenced in the Motion to Transfer and Renewed Notice of Related and Potential Tag-Along Case and in the attached schedule, to MDL Case No. 2047, now pending in the Eastern District of Louisiana, before the Honorable Eldon E. Fallon.

Dated: February 9, 2010.

                                          Respectfully submitted,

                                          BROAD and CASSEL

                                          /s/ Michael K. Wilson  
                                          Florida Bar No. 657069  
                                          mkwilson@broadandcassel.com  
                                          390 N. Orange Avenue, Suite 1400  
                                          Orlando, Florida 32801  
                                          Telephone: (407) 839-4200  
                                          Facsimile: (407) 425-8377  
                                          *Attorneys for Northstar Holdings, Inc., Northstar Homes, Inc. and Northstar Holdings at B&A, LLC*

## CERTIFICATE OF SERVICE

I HEREBY certify that on February 9, 2010, this document has been served on Plaintiffs' Liaison Counsel, Russ Herman (rherman@hkkc.com), and Defendants' Liaison Counsel, Kerry Miller (kmiller@frilot.com) by U.S. Mail and email and upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No.: 6 and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047. The above documents were also electronically filed with the Clerk of Court of the United States District Court for the Southern District of Florida by using the CM/ECF System, which will send notice of the electronic filing to:

Louis Schulman, Esq.
Ryan Kent Hilton, Esq.
Butler Pappas Weihmuller Katz Craig, LLP
777 S. Harbour Island Boulevard, Suite 500
Tampa, FL 33602
*Atty for General Fidelity Insurance Co.*


Jeremy Alters, Esq.
Alters, Boldt, Brown, Rash & Culmo, P.A.
Miami Design District
4141 Northeast 2nd Avenue, Suite 201
Miami, FL 33137
*Atty for Katherine Foster*

/s/ Michael K. Wilson
MICHAEL K. WILSON, ESQ.
Florida Bar No.: 657069