UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL Docket No. 2047 SECTION L |
| This document relates to All Cases | * * * * * * | JUDGE FALLON MAGISTRATE JUDGE WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**JOINT REPORT NO. 8 OF
PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL**

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC")

submit this Joint Report No. 8. All Pre-Trial Orders are posted on the court's website located at

www.laed.uscourts.gov which has a tab that links directly to "Drywall MDL". The Court's

website also includes other postings relevant to the litigation.

I.    PRE-TRIAL ORDERS

The Court has issued the following Pre-Trial Orders:

Pre-Trial Order No. 1 entered June 15, 2009 – Initial Case Management

Pre-Trial Order No. 1A entered August 28, 2009 – Counsel must Enter
Appearances for Served Parties or risk Default Judgment

Pre-Trial Order No. 1B entered October 9, 2009 – Amending Pre-Trial Order No.
1 to clarify the preservation of physical evidence during home remediation.

Pre-Trial Order No. 1C entered November 24, 2009 – Lifting the stay on motion
practice, but continuing all motions filed in the MDL without date. Pursuant to a
November 25, 2009 Order, all motion practice in the *Gross* matter (09-6690) is
stayed.

1

Pre-Trial Order No. 1D entered January 8, 2010 – Clarifies Pre-Trial Order 1C and lifts the stay with regard to responsive pleadings.

Pre-Trial Order No. 2 entered June 16, 2009 – Notice to Transferor Court

Pre-Trial Order No. 2A entered September 18, 2009 – Means of Tracking Remands in MDL 2047

Pre-Trial Order No. 3 entered July 6, 2009 – Designation of Plaintiffs' Liaison Counsel

Pre-Trial Order No. 4 entered July 6, 2009 – Designation of Defendants' Liaison Counsel

Pre-Trial Order No. 5 entered July 6, 2009 – Contact Information

Pre-Trial Order No. 5A entered July 9, 2009 – Counsel Contact Information Form

Pre-Trial Order No. 6 entered July 21, 2009 – Electronic Service (LexisNexis)

Pre-Trial Order No. 7 entered July 27, 2009 – Appointment Defendants' Steering Committee

Pre-Trial Order No. 7A entered August 4, 2009 – Amending PTO 7 re: Defendants' Steering Committee

Pre-Trial Order No. 7B entered August 27, 2009 – Amending PTO 7 re: list containing Defendants' Steering Committee and lists responsibilities for same

Pre-Trial Order No. 8 entered July 28, 2009 – Appointing Plaintiffs' Steering Committee

Pre-Trial Order No. 9 entered July 28, 2009 – Time and Billing Guidelines/Submissions

Pre-Trial Order No. 10 entered August 21, 2009 – All parties to provide PLC or DLC with photographic catalog of markings, brands, endtapes and other identifying markers found in affected homes by August 26, 2009. PSC and DSC to collect and submit data to the Court and inspection company for TIP a joint catalog of data to assist in training of inspections no later than August 28, 2009.

Pre-Trial Order No. 11 entered August 17, 2009 - Profile forms to be distributed to appropriate parties and filed and returned on or before September 2, 2009

Pre-Trial Order No. 12 entered August 25, 2009 – Court will prepare final version of Distributor Profile Form.

Pre-Trial Order No. 12A entered August 25, 2009 – Court adopted Distributor Profile Form be distributed to appropriate parties and returned to DLC Kerry Miller on or before 9/8/09, either electronically or by hard copy

Pre-Trial Order No. 13 entered August 27, 2009 – Court institutes and will supervise Threshold Inspection Program (TIP). Court appoints Crawford & Company to carry out the inspections.

Pre-Trial Order No. 13(A) entered November 24, 2009 – Amending the Threshold Inspection Program (TIP).

Pre-Trial Order No. 14 entered September 24, 2009 - Court approves Exporter, Importer or Broker Profile Form, and provides requirements for issuance and return of the form.

Pre-Trial Order No. 14(A) entered October 13, 2009 – Court approves a revised Exporter, Importer or Broker Defendant Profile Form.

Pre-Trial Order No. 15 entered September 25, 2009 – Counsel must provide privilege log for documents withheld in response to discovery requests. Also, the accidental production of privileged information does not constitute a waiver of the privilege.

Pre-Trial Order No. 16 entered September 25, 2009 – Pertains to the disclosure, use and protection of confidential information produced during the course of this MDL.

Pre-Trial Order No. 17 entered November 2, 2009 – Recognizing and Confirming KPT's Agreement to Accept Service of PSC's Omnibus Class Action Complaint.

Pre-Trial Order No. 18 entered November 5, 2009 – Appointing Phillip A. Wittmann to be the Homebuilders and Installers Liaison Counsel.

## II.    PROPERTY INSPECTIONS

Crawford & Company ("Crawford") has inspected the initial thirty (30) homes pursuant to Pre-Trial Order No. 13 and the revised inspection protocol. Crawford is prepared to continue inspections upon notice from the parties or the Court. The parties will be prepared to discuss this further at the monthly status conference on February 11, 2010.

## III.    PLAINTIFF AND DEFENDANT PROFILE FORMS

In Pre-Trial Orders 11 and 12A, the Court approved a Plaintiff Profile Form, a Defendant Manufacturers' Profile Form, a Contractor/Installer Profile Form, a Builder Defendant Profile Form and a Defendant Distributor Profile Form.   In Pre-Trial Order 14, the Court approved the Importer/Exporter/Broker Profile Form.   Completed and signed profile forms have been submitted for many of the parties.   The parties will continue to supplement responses as additional responses are received.   As new parties are added to the MDL, those parties will respond to the appropriate profile form within 15 days of becoming a party to the MDL.   DLC and HLC contend that many issues still remain with respect to the Plaintiff Profile Forms, including supplementation of certain incomplete profile forms received to date.   On November 13, 2009, the DSC filed a Motion to Dismiss Certain Plaintiffs Based Upon their Failure to Provide Plaintiff Profile Forms Pursuant to Pre-Trial Order No. 11 [Doc. 443] (see Section VII(B)(b), *infra*).   The matter is set for hearing following the monthly status conference on February 11, 2010. Likewise, the PSC contends that many issues still remain with respect to Defendant Profile Forms, including supplementation of certain incomplete profile forms and the lack of Defendant Profile Forms received from Defendants.   The parties continue to discuss this issue.

Further, the parties have been discussing the creation of a Retailer Profile Form. To date, the retailer form has not been submitted to the Court.   The parties will be prepared to discuss this further at the monthly status conference on February 11, 2010.

IV.   <u>PRESERVATION ORDER</u>

On October 9, 2009, the Court issued Pre-Trial Order No. 1B, clarifying the protocol for the preservation of physical evidence during home remediation.   Pre-Trial Order No. 1 continues in effect regarding documents/ESI.

## V.    STATE/FEDERAL COORDINATION

At the status conference on August 11, 2009, the Court instructed the PSC and DSC to confect separate subcommittees on state and federal coordination.  The PSC and DSC each proposed members to the subcommittee, but the Court has not yet taken action with respect to the creation and duties of a formal subcommittee.  The parties will be prepared to discuss State/Federal coordination at the monthly status conference on February 11, 2010.

## VI.    STATE COURT TRIAL SETTINGS

Defendants will be prepared to advise the Court, to the best of their knowledge, of the following at the status conference on February 11, 2010:

1)   All trial settings in state court that are set over the next 12 months;

2)   All pending discovery motions in state court cases;

3)   All dispositive motions pending in state court cases; and

4)   Any state court issues that should be discussed as a matter of state/federal coordination.

Also on February 11, 2010, the DSC will advise the Court of trial court settings in state court involving state court plaintiffs that are also believed to be named plaintiffs in the *Payton, et al v. Knauf Gips KG., et al* (09-7628) Omnibus Class Action Complaint pending in the MDL.  Defendants contend that duplication of plaintiffs in state and MDL lawsuits is counter-productive.   The parties will be prepared to discuss this further at the monthly status conference on February 11, 2010.

In addition to the foregoing, the PSC will advise the Court of all motions that are pending regarding tag-along cases and, to the extent known, assist in advising the Court regarding the above mentioned matters.

## VII.    MOTIONS IN THE MDL

5

On September 8, 2009, the Court issued an Order concerning the Court's directive to counsel for Plaintiffs and Defendants to indicate which motions needed to be heard on an expedited basis and to prioritize such motions and further set forth scheduling deadlines with respect to such motions.  The stay issued in Pre-Trial Order No. 1 was modified to allow the parties to file certain proposed motions.

A.    PSC Motions

a.    On November 11, 2009, the PSC filed a Motion to Compel Full and Complete Discovery From All Defendants [Doc. 430]. Thereafter, on December 29, 2009, the PSC filed a Motion to Compel Discovery from Defendants and Establish a Uniform Format of Production [Doc. 667].  The PSC has conducted a number of meet and confers with various Defendants that are subject to the motion in an attempt to resolve outstanding issues. The hearing on the Motion to Compel Discovery from Defendants and Establish a Uniform Format for Production was set for hearing on January 14, 2010.   Following the hearing, the PSC has continued to have further meet and confers.

b.    On November 11, 2009, the PSC filed a Motion to Compel Discovery From Defendants, Venture-Supply, Inc. and Porter-Blaine Corp. [Doc. 432].  The matter was heard on December 4, 2009 and the Court ordered that the motion was denied as moot, reserving the right to re-file, if necessary, and further, scheduled a status conference to discuss discovery issues on

December 18, 2009 at 1:30 p.m.  The parties have continued to meet and confer and discuss outstanding discovery issues, specifically ESI.  The PSC awaits receipt of the remaining materials from Venture Supply, Inc. and Porter-Blaine Corp. andthe parties will be prepared to discuss this matter further at the monthly status conference on February 11, 2010.

c.  On December 30, 2009, Plaintiffs filed a Motion to Amend Class Action Complaint by Interlineation in *Roberts* (09-5870) [Doc. 673].  The Court granted the motion, but not by interlineation, and  allowed leave to amend.  Plaintiffs filed their Amended Complaint on January 19, 2010. [Doc. 761]

d.  On December 30, 2009, Plaintiffs filed a Motion to Amend Class Action Complaint by Interlineation in *Hinkley* (09-6686) [Doc. 672].    The Court granted the motion, but not by interlineation, and allowed leave to amend.  Plaintiffs filed their Second Amended Complaint on January 19, 2010.  [Doc. 762]

e.  On January 14, 2010, Plaintiffs filed a Substituted Motion to Amend the Amended Class Action Complaint in *Vickers* (09-04117) [Doc. 749].  Taylor Morrison filed an objection to the motion on January 20, 2010, and the motion is set for hearing following the status conference on February 11, 2010.

B.  <u>DSC Motions</u>

7

a.  On September 28, 2009, Distributor Defendants filed a Motion to Dismiss or, Alternatively, to Strike Plaintiffs' Claims for Economic Damages (Florida Law) [Doc. 295].  On November 13, 2009, the Honorable Judge Joseph Farina, Circuit Judge, Eleventh Judicial Circuit, conducted a hearing on the economic damage issue relating to Florida state law and Judge Eldon Fallon of the MDL participated by phone in the hearing.  The matter was heard at the November monthly status conference in the MDL and has been taken under submission by the Court. Judge Farina issued a ruling on December 18, 2009 denying the motion.   On January 13, 2009, this Court denied the motion.   On January 25, 2010 certain Knauf entities filed a Request for Certification of the Judgment to the United States Fifth Circuit Court of Appeals [Doc. 804].   On February 2, 2010, plaintiffs filed a motion for extension to respond to the Request for Certification until February 19, 2010 [Doc. 911].

b.  On November 13, 2009, the DSC filed a Motion to Dismiss certain plaintiffs based upon their failure to provide Plaintiff Profile Forms pursuant to Pre-Trial Order No. 11 [Doc. 443]. On January 20, 2009, DLC filed a Rule to Show Cause Why Plaintiffs Should Not Be Dismissed For Failure to Follow A Court Order.  The Court signed the Order on January 26, 2010, and on January 27, 2009, the DSC mailed via certified mail the Rule and Exhibit "A" to counsel for those plaintiffs who have

8

not provided a profile form. The DLC has received the return receipts for the law firms representing those who have not provided profile forms. Accordingly, DLC will be prepared to argue the motion following the status conference on February 11, 2010.

C.      Other


a.  On October 23, 2009, Tudela's Classic Homes filed a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction based upon incomplete diversity [Doc. 382].    The Court has not yet set a hearing date.

b.  On October 23, 2009 (and again on December 23, 2009), Nautilus Insurance Company filed a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction based upon incomplete diversity [Doc. 384].      The Court has not yet set a hearing date.

c.  On November 4, 2009, HBW Insurance Services, filed a 12(b)(1), (2), and (5) motion to dismiss for insufficient service of process and lack of subject matter jurisdiction [Doc. 408]. The Court has not yet set a hearing date.

d.  On November 10, 2009, Sun Construction filed a motion for leave to file a summary judgment relating to arbitration of claims against Sun Construction prior to litigation [Doc. 428]. The Court has not yet set a hearing date.

9

e. On November 12, 2009, Lowe's Home Centers, Inc. moved the Court to lift the stay and to allow a Motion to Deconsolidate from MDL [Doc. 439].   The Court has not yet set a hearing date.

f. On November 17, 2009, State Farm filed a Motion to Dismiss (Rule 12(b)(6)) the Petition for Damages in the *West* (09-6356) matter [Doc. 461].   The motion alleges that the policy at issue does not provide coverage for the claims made by plaintiffs and thus plaintiffs' complaint fails to state a claim for which the relief requested may be granted.   The Court has not yet set a hearing date.

g. On November 19, 2009, State Farm moved to sever the claims against it in the *Bourdon* (09-7025) [Doc. 480] matter from the builder and supplier defendants because the claims made by plaintiffs are based upon different legal theories, involve different factual and legal issues, and can be more efficiently adjudicated in separate cases.   State Farm also filed a 12(b)(6) motion, arguing that the policy at issue does not provide coverage for any of the claims made by plaintiffs, and thus plaintiffs' Complaint fails to state a claim for which the relief requested may be granted.   The Court has not yet set a hearing date.

h. On November 19, 2009, State Farm moved to sever the claims against it in the *Hufft* (09-7016) [Doc. 477] matter from the

builder and supplier defendants because the claims made by plaintiffs are based upon different legal theories, involve different factual and legal issues, and can be more efficiently adjudicated in separate cases.  State Farm also filed 12(b)(6) motion, arguing that the policy at issue does not provide coverage for any of the claims made by plaintiffs, and thus plaintiffs' Complaint fails to state a claim for which the relief requested may be granted.   The Court has not yet set a hearing date.

i.   On December 1, 2009, Tobin Trading, Inc. filed a Motion for a More Definitive Statement [Doc. 512], stating that the allegations of the *Germano* Second Amended Complaint are vague, ambiguous, conclusory and general in nature, and thus Tobin Trading cannot formulate a response.  Tobin Trading also claims that the Second Amended Complaint does not state a claim for which relief can be granted.   The Court has not yet set a hearing date.

j.   On December 2, 2009, Harbor Walk Development, LLC filed a 12(b)(1) motion as to personal and subject matter jurisdiction over Taishan in the *Germano* matter [Doc. 543].  Harbor Walk Development, LLC also re-urged its previously filed 12(b)(6) motion.   The Court has not yet set a hearing date.

k.  On December 4, 2009, DLC filed a Motion to Compel Discovery Responses from Homebuilders [Doc. 559], arguing

11

that due to the expediency with which the MDL is progressing and the eminency of the *Germano* default proceedings, DLC needs to obtain certain information concerning remediation of properties by the homebuilders DLC and the Homebuilders are negotiating the scope of responses and appropriate documents in response to DLC's discovery requests.

l.  On December 10, 2009, Porter Blaine Corporation and Venture Supply, Inc. filed a 12(b)(6) Motion to Dismiss in the *Hinkley v. Taishan* action [Doc. 591].   The Court has not yet set a hearing date.

m.  On December 24, 2009, The Mitchell Company filed a Motion for Class Certification that was deemed deficient by the Clerk of Court.   On January 13, 2010, the Motion for Class Certification was refiled [Doc. 738].

n.   On January 14, 2010, Allstate Indemnity Company filed a 12(b)(6) Motion to Dismiss in *Bourgeois* (case no. 10-0052) arguing no coverage because manisfestation of the alleged injury occurred outside the policy period [Doc. 751].

o.  On January 18, 2010, Liberty Mutual and State Farm filed a Joint Motion for the Creation of an Insurer Steering Committee and Appointment of Lead Counsel and Members to the Insurer Steering Committee [Doc. 760].

p.  On January 19, 2010, Louisiana Citizens Property Ins. Corp. filed a Motion to Dismiss in *Bourgeois* (case no. 10-0052)

12

arguing that its policy was not in effect on the date of the loss [Doc. 763].

q.  On January 21, 2010, State Farm filed a 12(b)(6) Motion to Dismiss in *Rogers* (case no. 10-0088) arguing several alleged policy exclusions [Rec. Doc. 776].

r.  On January 21, 2010, State Farm filed a Motion to Sever the Claims in *Rogers* (case no. 10-0088), arguing that the claims against State Farm and the other defendants are based upon different legal theories, and involve different legal and factual issues [Doc. 777].

s.  On January 22, 2010, Maurice Pincoffs Company, Inc. filed a Motion for Summary Judgment in *Gross* (case no. 09-6690), arguing that it is not a supplier of drywall and did not supply any of the drywall at issue in the *Gross* matter [Doc. 796].

t.  On January 22, 2010, State Farm filed a 12(b)(6) Motion to Dismiss in *Dennis* (case no. 09-7560), arguing several policy exclusions [Doc. 798].

u.  On January 22, 2010, Venture Supply filed a Motion to Dismiss [Doc. 785] in *Gross, et al v. Knauf Gips KG, et al,* No. 09-6690.

v.  On January 27, 2010, Mazer Discount Home Centers, Inc. filed a Motion to Dismiss or, in the Alternative, Motion to Transfer Venue [Doc. 837] in *Gross, et al v. Knauf Gips KG, et al,* No. 09-6690.

w. On January 28, 2010, Tobin Trading filed a Motion to Dismiss for Lack of Jurisdiction in *Hinkley* (case no. 09-6686), arguing that it is not amenable to service of process in North Carolina, and any exercise of jurisdiction would not comply with the Due Process Clause [Doc. 838].  Tobin Trading also filed a 12(b)(6) Motion to Dismiss, arguing that plaintiffs have failed to state several claims for which relief may be granted against Tobin Trading  [Doc. 839].

x. On January 28, 2010, Lennar Homes filed Motions to Dismiss Plaintiffs' Class Action Complaint, and Motion to Strike Demand for a Trial by Jury in *DeGamboa* (case no. 09-4659), and *Victores* (case no. 09-5872) arguing that plaintiffs have failed to comply with Section 558 of the Florida Statutes, that several counts against Lennar fail to state a claim for which relief may be granted, and that a trial by jury is improper [Docs. 852, 858].

y. On January 28, 2010, Lennar Homes filed 12(b)(6) Motions to Dismiss in *Garcia* (case no. 09-4118), arguing that plaintiffs failed to state claims for which relief may granted.  Lennar also seeks to strike the trial by jury [Doc. 859].

z. On January 28, 2010, Mazer's filed a Motion to Dismiss, or Alternatively to Transfer Venue in *Gross* (case no. 09-6690), arguing that persona jurisdiction does not exist in the State of Louisiana [Doc. 861].

14

aa. On January 29, 2010, Liberty Mutual filed a Motion to Dismiss in *Silva* (case no. 09-8034), arguing that plaintiffs have no privity of contract with Liberty Mutual, and thus plaintiffs can state no claim under the Louisiana Direct Action Statute [Doc. 864].

bb. On January 29, 2010, Porter-Blaine and Venture Supply filed a 12(b)(6) Motion to Dismiss Plaintiffs' Second Class Action Complaint in *Hinkley* (case no. 09-6686)  for failure to state several claims against those entities [Doc. 868].

cc. On January 29, 2010, Banner Supply filed a Motion to Dismiss for Lack of Jurisdiction in *Gross* (case no. 09-6690), arguing that Banner has not contacts within the State of Louisiana to subject it to personal jurisdiction [Doc. 874].

dd. On February 1, 2010, Banner Supply filed several Motions to Stay, Abate, and/or Dismiss, arguing that plaintiffs have failed to comply with Section 558 of the Florida Statutes, and that subsequently filed cases allege substantially the same causes of action against substantially the same defendants, and thus the subsequently filed cases should be stayed.  Banner also argues that plaintiffs have failed to state claims against Banner [Docs. 882, 883, 886, 887, 888, 890, 891, 892, 896, 897, 898, 899, 901, 902, 903, 904, 905, 906, 907, 909, 910].

ee. On February 2, 2010, Adrian Kornman filed a Motion to Dismiss for Failure to State a Claim for Which Relief May be

15

Granted in *Slidell Property Management, LLC* (case no. 09-6068), arguing that the claims against Korman are not grounded in and are contrary to Louisiana law, as a member or manager of an LLC is not personally liable for an obligation or liability of the company [Doc. 928]. Kornman also filed a Motion to Dismiss for Lack of Jurisdiction in *Slidell Property Management, LLC* (case no. 09-6068), arguing that the parties cannot confer subject matter jurisdiction by agreement [Docs. 927].

On November 29, 2009, the Court issued Pre-Trial Order No. 1C which allows parties to file motions before the MDL Court and provides that the motions will be continued without date, unless a motion is specifically excepted from the continuance set forth in the Pre-Trial Order and further that the Court will organize and prioritize the continued motions and in due course, set the motions for hearing and further that no responses to the motions are due until two (2) weeks before the hearing date set by the Court. On January 8, 2010, Pre-Trial Order 1D was issued to clarify Pre-Trial Order 1C and lifts the stay with regard to responsive pleadings. The parties have presented to the Court a proposed Pre-Trial Order No. 1E that attempts to clarify filings of responsive pleadings in the *Gross* matter (09-6690). The Court has not yet entered an Order and the parties will be prepared to discuss this further at the monthly status conference on February 11, 2010.

VIII.  DISCOVERY ISSUES

On September 2, 2009, the PSC provided its First Set of Discovery Requests on Defendants. Numerous meet and confers have taken place between the parties in an attempt to narrow issues in dispute. The meet and confers included topics relating to hard copy document

16

production, ESI and also addressed the FRCP 30(b)(6) deposition notices that were provided to Defendants on September 2, 2009.

On October 19, 2009, the 30(b)(6) deposition of the La Suprema entities took place. On December 16 and 17, 2009, the 30(6)(6) deposition of Venture Supply and Porter Blaine entities took place. The 30(b)(6) deposition of Mazer Super Discount Store took place on January 29, 2010. The 30(b)(6) deposition of Interior/Exterior Building Supply, LP took place on February 5, 2010. Additionally, the 30(b)(6) deposition of the Lennar entities has been postponed and is to be rescheduled at a later date. No other Defendants' 30(b)(6) depositions have been scheduled as of yet. The PSC has requested production of documents, ESI and dates for depositions and will be prepared to discuss this further at the monthly status conference on February 11, 2010.

There is currently pending a Motion to Compel Full and Complete Discovery From All Defendants, which includes a request for the establishment of a document production protocol. (See Section VI, *infra*.) The issue has been discussed in several prior status conferences and numerous meet and confers between the parties have taken place. The PSC has indicated to Defendants that it would be willing to agree to the same format of production of ESI for all Defendants that was agreed to with Knauf Plasterboard (Tianjin) Co. Ltd. and Knauf Plasterboard (Wuhu) Co., Ltd. The PSC continues to request that electronic discovery from all Defendants be provided at this time. The parties will be prepared to discuss these issues further at the February 11, 2010 status conference.

On October 15, 2009, the HSC propounded Personal Jurisdiction Interrogatories and Request for Production of Documents to Knauf Gips KG in connection with Knauf Gips' objection to personal jurisdiction. Also, on October 30, 2009, the PSC propounded its First Set of Interrogatories and Request for Production Concerning Jurisdictional Issues to Defendants,

Knauf Gips KG, Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd. and Knauf Plasterboard (Dongguan) Co., Ltd.  (See Section XIX, *infra*.)  On December 4, 2009, the Knauf entities provided responses to plaintiffs' and the HSC's discovery requests and on January 4, 2010 Knauf Gips provided some documents responsive to the jurisdictional discovery requests.  Knauf Gips is in the process of producing additional documentation and undertaking the collection of ESI documents responsive to the requests. The 30(b)(6) deposition of Knauf Gips KG was noticed to take place on January 12 and 13, 2010, but the matter has been postponed and will be rescheduled.  The parties will be prepared to discuss this further at the monthly status conference on February 11, 2010.

IX.    FREEDOM OF INFORMATION ACT/PUBLIC RECORDS REQUESTS

Several Freedom of Information Act/Public Records Requests have been made by Plaintiffs.  The following outlines the status of responses:

| | STATE | REQUEST MADE | DATE OF REQUEST | DESCRIPTION | STATUS | BOND | DOCUMENT |
|---|---|---|---|---|---|---|---|
| 1 | FED | Centers for Disease Control/Agency | 8/25/09 - General request to CDC's FOIA office in Atlanta regarding documents relating to Chinese Drywall; 10/19/09 - Letter to CDC/ATSDR FOIA Office following up on non-response to August 25, 2009 request; 12/8/09 - Email follow-up request to CDC/ATSDR | Fed. FOIA Request Toxic Substances and Disease Registry | 8/31/09 - CDC acknowledged request and assigned request number; 12-9-10 - Email response from CDC Officer Kelly A. McConaghy stating that the FOIA request was inadvertently issued two numbers and that CDC was cancelling the first issued number and following up on the second number, 09-01185-FOIA, and reiterating that requests are fulfilled on a first-in, first-out basis;  2-3-10 - Email response | NO | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | FOIA Office; **2/3/10 -** Email follow-up to CDC Officer Kelly A. McConaghy referencing December 9, 2009 response but again requesting substantive response | | from Kelly A. McConaghy stating that the case is awaiting final review | | | |
| 2 | FED. | Consumer Product Safety Commission | **7/17/09 -** Letter to FOIA Requester Service regarding documents relating to Chinese Drywall, from Victor Diaz **7/20/09 -** Letter to Alberta E. Mills, FOIA Officer regarding documents relating to Chinese Drywall, from Ervin Gonzalez **9/29/09 -** Letter to Pamela McDonald enclosing check for $1,400.00 to complete processing of request **11/02/09 -** Letter to Todd Stevenson, Director, Office of the | Fed. FOIA Request to CPSC Request to CPSC requesting info on status of July 17, 2009 request including time-line of correspondence | **9/24/09 -** Letter from Pamela McDonald stating CPSC has completed initial file search but processing requires fees of $1,400.00 and processing will take 90-120 days, to Victor Diaz **9/24/09 -** Letter from Pamela McDonald stating CPSC has completed initial file search but processing requires fees of $1,400.00 and processing will take 90-120 days, to Ervin Gonzalez **11/3/09 -** Letter from Todd Stevenson, partial response incl. 44 Epidemiologic Investigation Reports and 25 Product Complaints and Incident Reports | YES - Partial Response | YES- 11/13/09 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | Secretary, Div. of Info. Mgmt., by Victor Diaz | | | | |
| 3 | FED | EPA | **8/25/09 -** General request to EPA's FOIA office in Atlanta and to the National FOIA officer for the EPA in Washington DC, regarding documents relating to Chinese Drywall | Fed. FOIA Request | **8/26/09** - Letter from Larry F. Gottesman, National FOIA Officer at EPA's National Office acknowledged request and stated that the request was forwarded to the Office of Solid Waste and Emergency Response Service Center **8/27/09** - Letter from Kindra Kallahan, FOIA Officer at EPA's FOIA office in Atlanta, assigning FOIA Specialist Karen Cody and providing fee schedule and response times for processing **11/5/09** - EPA Partial Response inclusive of 3 cds of documents **11/24/09** - Letter from Eileen McMahon, Office of the Inspector General, Assistant Inspector General for Congressional, Public Affiars and | YES - Partial Response - 11/5/09; YES - Partial Response/Denial - 11/24/09 (OIG); YES - Partial Response (EPA - Agency); YES - Final Response (EPA - Agency) - 12/3/09 | YES- 11/25/09 (3 cds received 11/5/09); YES - 12/8/09 (OIG response from 11/24/09); YES - 12/15/09, 3 cds and two letters (EPA -Agency responses from 11/20/09 and 12/3/09) . |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | Management, stating that the OIG only has documents responsive to FOIA request Number 3 "Docs re consumer complaints to EPA," enclosed, and that the Agency is responding under separate cover. **11/20/09** - Letter from Byron Brown, Associate Deputy Gen. Counsel for EPA, stating providing 2 cds with approx. 1,000 emails. **12/3/09** - Letter from Byron Brown,  stating EPA final response, incl one cd. | | |
| 4 | FL | Fla. Dept. of Financ ial Servic es, Divisio n of State Fire Marsh all | **7/17/09** - General Ch. 119 request by Victor Diaz **7/20/09** - General Ch. 119 request by Ervin Gonzalez | Fla. Ch. 119, Public Records Request (requesting public records re reports of fires in Fla. Structures containing imported Chinese Drywall | **7/29/09** - Letter from Nazlee Aziz, Records Section, stating no reports of fires referencing Chinese Drywall at this time | NO | |
| 5 | FL | Florida Depart ment of Health | **2/10/09** - Request to FDOH **7/8/09** - Second request to FDOH | Fla. Ch. 119, Public Records | **5/3/09** -First set of production, see CD **7/17/09** - Second set of production, see CD | YES | YES- 10/21/09 (both productions) |

| 6 | LA | Louisiana Dept. of Economic Development | **8/4/09** - Request to Secretary Stephen Moret requesting documents relating to Chinese Drywall | FOIA Request under LSA-RS 44:1 "Public Records Act" | **8/26/09** - Letter from Matt Braud claiming consumer complaints and health issues are not within the scope of the organization | NO | |
| 7 | LA | Louisiana Dept. of Environmental Quality | **8/4/09** - Request to Secretary Harrold Leggett, PH.D. requesting documents relating to Chinese Drywall | FOIA Request under LSA-RS 44:1 "Public Records Act" | Only response was phone call stating that they do not have any such documents | NO | |
| 8 | LA | La. Dept. of Health and Hospitals | **8/4/09** - Request to Secretary Allen Levine PH.D. requesting documents relating to Chinese Drywall **10/13/09** - Request to Michael J. Coleman, Office of the Secretary, further request for records and response to DDH's August 10 letter | FOIA Request under LSA-RS 44:1 "Public Records Act" | **8/10/09** - Michael J. Coleman responds the records requested are confidential so they won't be able to provide any documents; however, DHH notes several items could be obtained by other federal agencies under FOIA. **10/16/09** - Michael J. Coleman response DHH will re-review the records responsive to the request and will arrange for delivery if any are subject to disclosure under the Public Records Act | NO | |
| 9 | LA | La. Dept. Of Justice | **8/4/09** - Request To Attorney General James D. "Buddy" Caldwell requesting documents related to | FOIA Request under LSA-RS 44:1 "Public Records Act" | **9/3/09** - Assistant Attorney General Susan Crawford claims information not subject to public record law | NO | |

| | | Chinese Drywall | | | | |
|---|---|---|---|---|---|---|
| | | | | | | |

Upon receipt of requested information, the PLC has been transmitting copies to DLC pursuant to DLC's request.  PLC will be prepared to discuss the status of these requests at the monthly status conference on February 11, 2010.

The Plaintiffs seek copies now of whatever public records the Defendants have received in response to the FOIA/public records requests.  To the best of the DSC's knowledge, no defendants have made FOIA/public records requests, and thus no documents exist.  DLC will be prepared to discuss the status of these requests at the monthly status conference on February 11, 2010.

X.      TRIAL SETTINGS IN FEDERAL COURT

The Court has advised that it plans to establish "Bellwether" trials (see Minute Entry dated July 9, 2009 [Doc. 111]).  The Court has further advised that any such trials will be limited to property damage only.  *Id.* at sect. IV;   The parties have been discussing the protocol and procedure for selecting Bellwether trial candidates.   The PSC suggests a sufficient representative sample of cases be selected with regard to geography, concentration of properties, distinctive facts and legal issues.   The Defendants suggest that the selection of Bellwether plaintiffs must be limited to the approximately 31 plaintiffs that have submitted profile forms where personal injuries are not claimed.   A list of these plaintiff properties has been made available to the PSC and the Court.  The parties continue to discuss the selection of Bellwether trials.

At the status conference on December 10, 2009, the PSC announced its suggested Bellwether trial for the March 15, 2010 date as *Tatum B. Hernandez and Charlene M.*

*Hernandez, individually and obo their minor children, Grant M. Hernandez and Amelia C. Hernandez versus Knauf Gips KG, et al*, USDC EDLA No. 2:09-cv-06050 (see Section XXI, *infra.*).   On January 25, 2010, the Court issued a Case Management Order setting the *Hernandez* case for trial on March 15, 2010.

XI.   <u>FILINGS IN THE MDL</u>

The parties also continue to discuss the prospect of direct filings and acceptance of service with Defendants under such circumstances maintaining Defendants' objections as to personal jurisdiction and other defenses, including the right to return cases to the originating venue for trial purposes. Plaintiffs assert this process allows for multiple plaintiffs to file claims in one matter (see Minute Entry dated July 9, 2009 [Doc. 111]).   Six (6) suppliers have advised that they will consent to direct filings in the MDL and one (1) supplier has a specific reservation. Builders have advised that they are willing to accept service of any cases, but are not willing to agree to direct filings in the MDL.   The parties will be prepared to discuss this further at the monthly status conference on February 11, 2010.

XII.   <u>NOTICES OF APPEARANCE AND DEFAULT JUDGMENTS</u>

Pursuant to Pre-Trial Order 1A, counsel must file Notices of Appearances for all parties served in MDL cases or risk entry of a default judgment.   On December 15, 2009, the PSC filed a Notice to Defendants of Initially Relevant Pre-Trial Orders [Doc. 617] and suggested that all named Defendants in the *Gross v. Knauf Gips* case (see Section XVI, *infra.*) familiarize themselves with Pre-Trial Orders issued by the Court, as well as the Court's website.   On January 20, 2010, the PSC also filed a Notice to Defendants of the Court's Lifting of the Stay With Regard to Responsive Pleadings [Doc. 770].   Counsel making an appearance are encouraged to familiarize themselves with the same information.   The parties will be prepared to discuss the status of this issue in more detail at the February 10, 2010 status conference.

24

XIII.   INSURANCE ISSUES

There are a number of issues involving insurance matters that will be addressed in this litigation, including the establishment of an insurer steering committee (Rec. Doc. No. 760). These include actions against insurers of manufacturers, exporters, importers, brokers, distributors, builders, drywall contractors/installers and homeowners.   The parties will be prepared to discuss these issues at the monthly status conference on February 10, 2010.

On January 18, 2010, a Joint Motion for the Creation of an Insurer Steering Committee and Appointment of Lead Counsel and Members to the Insurer Steering Committee was filed by Homeowner's Insurers, Liberty Mutual Insurance Company and State Farm Fire & Casualty Company [Doc. 760].   The PSC filed a response to the motion on January 28, 2010 [Doc. 841]. The matter is not yet set for hearing by the Court.  The parties will be prepared to discuss this further at the monthly status conference on February 11, 2010.

XIV.   SERVICE OF PLEADINGS ELECTRONICALLY

The LexisNexis File & Serve System has been established for the service of pleadings electronically in the MDL in order to facilitate service to all counsel.  All counsel are required pursuant to Pre-Trial Order No. 6 to serve pleadings both through LexisNexis and the Electronic Filing System (ECF) of the Eastern District of Louisiana Court.  Pre-Trial Order No. 6 governs service of pleadings electronically and sets forth the procedure required for all counsel to register with LexisNexis.

In addition to the foregoing, the parties have been advised that LexisNexis is in the process of establishing a system that allows for tracking state cases involving Chinese drywall.  The parties will be prepared to discuss this further with the Court at the monthly status conference on February 11, 2010.

XV.   MASTER COMPLAINT

PSC is in the process of drafting a Master Complaint. The parties will be prepared to discuss this further at the monthly status conference on February 11, 2010.

## XVI.   CLASS ACTION COMPLAINT (INDETERMINATE DEFENDANT)

On October 7, 2009, a Class Action Complaint (Indeterminate Defendant), *Gross, et al v. Knauf Gips KG, et al*, Case No. 2:09-cv-06690 (E.D.La.), was filed with the Court and on October 19, 2009, an amendment was filed. The Court has directed that the stay on motion practice instituted by Pre-Trial Order No. 1 remains in place in the Class Action Complaint (Indeterminate Defendant) until further notice from the Court. The PSC filed a Notice to Defendants of Initially Relevant Pre-Trial Orders [Doc. 617] and suggested that all named Defendants familiarize themselves with Pre-Trial Orders issued by the Court, as well as the Court's website. On February 6, 2010, PLC and DLC filed a Motion for Entry of Pre-Trial Order No. 1E, requesting that the Court clarify that the stay on motion practice and responsive pleading is now lifted in *Gross*, and providing a deadline for service of responsive pleadings. The parties will be prepared to discuss this further at the monthly status conference on February 11, 2010.

## XVII.   OMNIBUS CLASS ACTION COMPLAINT

On November 2, 2009, Pre-Trial Order No. 17 was issued which recognizes and confirms Knauf Plasterboard (Tianjin) Co., Ltd.'s agreement to accept service of the PSC's Omnibus Class Action Complaint. The Omnibus Class Action Complaint, *Sean and Beth Payton, et al v. Knauf Gips KG, et al*, Case No. 2:09-cv-07628 (E.D.La.), was filed with the Court on December 9, 2009 and Knauf Plasterboard (Tianjin) Co., Ltd. waived its right to demand service of process through the Hague Convention. The parties will be prepared to discuss this further at the monthly status conference on February 11, 2010.

## XVIII. SPECIAL MASTER

On November 24, 2009, the Court appointed Michael K. Rozen of Feinberg Rozen, LLP, as Special Master.

### XIX.   KNAUF GIPS KG PERSONAL JURISDICTION MATTER

On September 21, 2009, Knauf Gips KG filed a Motion for Protective Order to Require Use of the Hague Evidence Convention.  On October 5, 2009, the PSC filed a Response in Opposition and the HSC also filed a Response in Opposition.  On October 12, 2009, Knauf Gips KG filed a Motion for Leave to File Reply in Support of Motion of Knauf Gips KG for Protective Order to Require Use of the Hague Evidence Convention.   On October 27, 2009, the Court issued Order & Reasons denying the motion.

On September 29, 2009, the Court issued an Order advising that the briefing schedule originally established in connection with a Motion for Protective Order would extend well into January 2010, after commencement of the first Bellwether trial, and therefore, the parties were directed to discuss the matter with the Court.  The PSC and the HSC have each issued discovery relating to personal jurisdiction issues to Knauf Gips KG. (See Section VIII, *infra*.)  The parties will be prepared to discuss this further at the monthly status conference on February 11, 2010.

### XX.   DEFAULT PROCEEDINGS IN *GERMANO* AND REMEDIATION HEARING.

On September 24, 2009, the Court entered a preliminary default judgment against Taishan Gypsum Co., Ltd. [Doc. 190].  Counsel for The Mitchell Co. has advised they need additional time to gather the evidence documents in support of the confirmation of the default judgment.  On December 24, 2009, The Mitchell Co., Inc., filed a Motion for Class Certification Against Taishan Gypsum Co., Ltd. [Doc. 653].  The PSC and Mitchell have communicated regarding the motion, as well as the default steps and timing issues associated with such motion,

and have agreed to defer further briefing on the motion.  The PSC and The Mitchell Co. have jointly suggested that a briefing schedule and hearing on the Class Certification be established at a time that is appropriate after the conclusion of the remediation hearing.  On November 19, 2009, the Court entered a preliminary default judgment against Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd. [Doc. 487].  The Court established a scheduling order for a hearing in anticipation of further default proceedings._On January 21, 2010, the Court issued an amended Scheduling Order [Doc. 643] in *Germano, et al v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd, et* al, Case No. 2:09-cv-6687 (E.D.La.).  The Scheduling Order applies to a hearing in anticipation of further default proceedings in that matter which is pending before the MDL Court.  The evidentiary hearing before the Court commenced with *Daubert* hearings on January 29, 2010.  The focus of the evidentiary hearings is the scope and extent of the appropriate remediation necessary for a number of properties that will adequately represent a cross section of properties at issue in the case that are impacted with allegedly defective Chinese drywall.  On November 20, 2009, Venture Supply and Porter-Blaine filed an objection to the default proceedings against Taishan in the *Germano* matter.  On December 2, 2009, the Court entered a Consent Order.  Upon entry of the Consent Order, the objection filed by Venture Supply and Porter-Blaine was deemed withdrawn and moot.  Motions to intervene on behalf of seven (7) plaintiff property owners and by Knauf Plasterboard (Tianjin) Co. Ltd. ("KPT") and The Mitchell Company were filed prior to December 4, 2009.  Inspections of the seven (7) intervenor plaintiffs' homes have taken place and expert reports have been exchanged. Plaintiffs have disclosed twenty experts, KPT has disclosed four and The Mitchell Company has disclosed one expert witness.   Expert depositions have begun and will proceed according to an agreed schedule.   .  The parties will be prepared to discuss this further at the monthly status conference on February 11, 2010.

XXI. *HERNANDEZ* TRIAL

The *Tatum B. Hernandez and Charlene M. Hernandez, individually and obo their minor children, Grant M. Hernandez and Amelia C. Hernandez versus Knauf Gips KG, et al,* USDC EDLA No. 2:09-cv-06050, matter has been selected as the proposed trial setting for the March 15, 2010 setting.   On January 22, 2010, the Court entered a Case Management Order setting pre-trial deadlines and the trial date.   To date, the parties have engaged in written discovery, and KPT has inspected the Hernandez home.   The parties will be prepared to discuss issues concerning the *Hernandez* trial at the monthly status conference on February 11, 2010.

XXII. MATTERS SET FOR HEARING FOLLOWING THE CURRENT STATUS CONFERENCE

A.   DSC's Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not be Dismissed With Prejudice for Failure to Comply With the Pre-Trial Order No. 11 [Doc. 769] (see Section VII(B)(b), *infra).*

B.   Plaintiffs' Substituted Motion to Amend the Amended Class Action Complaint in *Vickers* (09-04117) [Doc. 749].

C.   Plaintiffs' substituted Motion to Amend the Class Action Complaint in *Roberts.*

XXIII. NEXT STATUS CONFERENCE

PLC and DLC will be prepared to schedule the next status conference, on a date to be selected by the Court.

Respectfully submitted,

| | |
|---|---|
| */s/ Russ M. Herman* | */s/ Kerry Miller* |
| Russ M. Herman (Bar No. 6819) | Kerry Miller (Bar No. 24562) |
| Leonard A. Davis (Bar No. 14190) | Kyle Spaulding (Bar No. 29000) |
| **Herman, Herman, Katz & Cotlar, LLP** | **Frilot L.L.C.** |
| 820 O'Keefe Avenue | 1100 Poydras Street |
| New Orleans, LA 70113 | Suite 3700 |
| PH: (504) 581-4892 | New Orleans, LA 70613-3600 |
| FAX: (504) 561-6024 | PH:    (504) 599-8000 |
| | FAX: (504) 599-8100 |
| **Plaintiffs' Liaison Counsel** | **Defendants' Liaison Counsel** |

## <u>CERTIFICATE</u>

I hereby certify that the above and foregoing Joint Status Report No. 8 of Plaintiffs' and Defendants' Liaison Counsel has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL 2047, on this 10th day of February, 2010.

*/s/   Kerry J. Miller*