UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| | JUDGE: FALLON |
| **This document relates to Case No. 10-CV-52 (Bourgeois v. Allstate Indemnity Co.)** | MAGISTRATE: WILKINSON |

### ALLSTATE INDEMNITY COMPANY'S
### OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

Plaintiffs' Motion to Remand should be denied. Plaintiffs assert three erroneous grounds for remand: (a) Allstate's removal is a "premature attack on the merits" of Plaintiffs' claims; (b) removal is procedurally improper and (c) removal requires the Court to improperly "pierce the pleadings." As shown below, Plaintiffs' arguments are wholly without merit. Plaintiffs cannot avoid that, from the face of their Complaint, it is clear that Louisiana Citizens, the only non-diverse defendant, was improperly joined. Accordingly, this case was properly removed, and Plaintiffs' remand motion, and their ill-conceived request for attorneys' fees and costs, should be denied.

### ARGUMENT

**I.  ALLSTATE'S REMOVAL IS NOT A PREMATURE ATTACK ON THE MERITS OF PLAINTIFFS' CLAIMS.**

Plaintiffs completely fail to support their first argument – *i.e.,* that Allstate's removal is a "premature attack on the merits of their claims." (Pl. Br. at 4.) Plaintiffs argue Allstate's

1

contention that there is no reasonable possibility of recovery against Louisiana Citizens -- *i.e.,* because Louisiana courts routinely apply the manifestation theory, under which "property damage" occurs when it is discovered, and the damage about which Plaintiffs complain was not discovered during Louisiana Citizens' homeowners policy period -- is "premature." (Pl. Br. at 4.)

The only support Plaintiffs offer for this proposition appears in a footnote, in which they state the manifestation theory is only one of "four main theories" courts have used to determine when property damage occurs for coverage purposes, suggesting the manifestation theory might not apply under Louisiana law. (Pl. Br. at 4 n. 1.) Notably, however, the only case Plaintiffs cite, *Guaranty Nat'l Ins. Co. v. Azrock Indus., Inc.,* 211 F.3d 239 (5th Cir. 2000), did not even apply Louisiana law. Rather, the *Guaranty* Court specifically stated it was applying *Texas* law. *Id.* at 243-45. In any event, *Guaranty* was subsequently abrogated, as stated in *OneBeacon Ins. Co. v. Don's Bldg. Supply,* 553 F.3d 901, 903 (5th Cir. 2008). Moreover, plaintiffs ignore all the cases where courts, applying Louisiana law, have repeatedly held the manifestation trigger applies to determine when property damage occurs for purposes of coverage. *See, e.g., See, e.g., Liberty Mut. Ins. Co. v. Jotun Paints, Inc.,* 555 F. Supp. 2d 686, 697 (E.D. La. 2008) (Africk, J.) (citing *Audubon Trace Condo. Ass'n, Inc. v. Brignac-Derbes, Inc.,* 924 So. 2d 1131, 1133 (La. App. 5 Cir. 2006); *Oxner v. Montgomery,* 794 So. 2d 86, 92-93 (La. App. 1 Cir. 2001)); *New Orleans Assets, L.L.C. v. Travelers Prop. Cas. Co.,* 2002 WL 32121257, *2 (E.D. La. 2002) (Feldman, J.) (same principle); *James Pest Control, Inc. v. Scottsdale Ins. Co.,* 765 So. 2d 485, 490-92 (La. App. 5 Cir. 2000) (holding manifestation theory applied to determine when termite damage occurred).

In fact, it appears what plaintiffs are really attempting to argue is that the "common defense rule" precludes Allstate's fraudulent joinder argument. (Pl. Br. at 5.) Under the "common defense" rule, the fraudulent joinder doctrine does not apply where the assertions that a plaintiff's claims against the non-diverse defendant fail apply with equal force to the diverse defendant and "necessarily compel the same result for the nonresident defendant." *See, e.g., Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 576 (5th Cir. 2004) ("when, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant, there is no improper joinder; there is only a lawsuit lacking in merit").

Notably, however, courts have specifically held the "common defense" rule does *not* apply where, as here, the defense asserted in support of fraudulent joinder of the in-state defendant would not necessarily dispose of all the claims against the out-of-state defendants. For example, in *Rainwater v. Lamar Life Ins. Co.,* 391 F.3d 636 (5th Cir. 2004), the court considered whether *Smallwood* applies to cases in which the defense asserted in support of fraudulent joinder does not apply to all claims against the out-of-state defendants. The *Rainwater* court considered the defendants' argument that, since the plaintiffs averred state law claims unique to the out-of-state defendants, *e.g.,* improperly setting interest rates and improperly charging particular fees, the statute of limitations defense applicable to the in-state defendants did not reach all claims, so *Smallwood* did not apply.

Although the *Rainwater* court did not resolve the question because the complaint was too nebulous, it did state that "the inclusion of such claims against [the out-of-state defendants] would mean that the statute of limitations that disposes of all claims against the in-state defendants would not constitute a 'common defense.' That in turn would preclude remand under

3

the rule of *Smallwood*." *Id.* at 638 (further stating "[t]his case turns . . . on whether the limitations defense that disposes of all claims against in-state defendants in fact disposes of all claims against all defendants, as the principle of *Smallwood* is triggered only when all defendants are reached").

The *Rainwater* court remanded the case to the district court to address this issue, and, on remand, the district court agreed with the defendants that the "common defense" rule did not apply to preclude a fraudulent joinder argument. The court stated, in language equally applicable here:

> [T]he Rainwaters' complaint also alleges that Conseco [the diverse defendant] has engaged in a continuing practice of improperly setting interest rates and charging plaintiffs excess administrative fees and other fees on their policies still in effect today. These are, apparently, contractual claims which would apply only to Conseco as neither Stroo nor Payton [the non-diverse defendants] were parties to the underlying insurance contracts.
>
> Therefore, under the mandate from the Fifth Circuit in this matter, the court determines that the Rainwaters have asserted independent claims against Conseco which are not subject to the common defense of statute of limitations on the fraudulent concealment claims. This necessitates the dismissal of Stroo and Payton, denying remand and allowing the case to proceed to resolution in this forum.

*Rainwater v. Lamar Life Ins. Co.*, 381 F. Supp. 2d 581, 586 (S.D. Miss. 2005).

Similarly, in *Queen v. American General Finance, Inc.,* 351 F. Supp. 2d 576 (S.D. Miss. 2005), the defendant's defense in support of improper joinder, which disposed of claims against the in-state defendants, did not equally dispose of contractual claims against the out of state defendants. Under these circumstances, the "common defense"/*Smallwood* rule did not apply, and the court denied the plaintiff's motion to remand the case to state court:

4

153121

> After an improper joinder analysis is conducted, the contractual claims against the out of state defendants survive. Those claims are asserted solely against the out of state defendants inasmuch as only the out of state defendants are in privity of contract with the plaintiffs. Thus, a separate analysis is required to determine whether those claims are also subject to a statute of limitations defense. The requirement of a separate analysis of the contractual claims places this case outside the scope of *Smallwood*.

*Id.* at 589.

This case is no different. Any "common defense"/*Smallwood* argument here is negated by Plaintiffs' own Complaint allegations. Specifically, as is clear from the face of the Complaint, the insurance policies Plaintiffs had with the non-diverse defendant, Louisiana Citizens, and the diverse defendants, Allstate and ASI Lloyds, all had different policy periods. According to Plaintiffs, they purchased a homeowners insurance policy from Allstate for the period of March 23, 2004 to June 25, 2007, Policy Number 915293589. (Complaint, ¶ 7.) Plaintiffs further allege that, after subsequently purchasing homeowners insurance coverage from Louisiana Citizens, which was in effect from May 3, 2007 to May 3, 2008, they purchased another homeowners insurance policy from Allstate, Policy Number 931556471, for the period of April 24, 2008 to December 1, 2008. (*Id*., ¶¶ 9-12.) Plaintiffs allege they then purchased a homeowners policy from ASI Lloyds for the period December 1, 2008 to the present. (*Id*., ¶ 13.)[1]

Accordingly, by contrast to *Smallwood,* application of the manifestation theory as to Plaintiffs' claims against Louisiana Citizens cannot possibly "decide the entire case." *Smallwood,* 385 F.3d 568, 571 (remanding case where it was "is undisputed that the district court's decision

---

[1] As demonstrated by Exhibit D to Allstate's removal notice, the Allstate policy in effect for the period March 23, 2004 to June 25, 2007 actually covered a different property, at a different address, from the property at issue in this action. But this makes no difference for purposes of the removal analysis, because the parties agree that the 2008 Allstate policy was in effect and applied to the relevant property.

5

that Smallwood's claims against the in-state defendant were preempted effectively decided the entire case"). Rather, as in *Queen,* a separate analysis is necessarily required for each defendant to determine the effect of the manifestation rule. Specifically, since, under the manifestation rule, coverage attaches only when the property damage is discovered – *i.e.,* in this case, according to the Complaint, in the Spring of 2009 – and each of the defendants' relevant policies is alleged to have been in place during different policy periods, a separate analysis as to the effect of the manifestation rule as to each defendant is unavoidable. The requirement of this separate analysis dispositively places this case outside of *Smallwood.*

Indeed, the manifestation argument would not apply to ASI Lloyds at all, since that policy was alleged to have been in place at the time of manifestation. In short, contrary to Plaintiffs' contention, Allstate's showing, for purposes of removal, that there is no reasonable possibility of recovery against Citizens based on the manifestation theory is *not,* and cannot possibly be, "equally dispositive of all defendants (Allstate and ASI)." (Pl. Br. at 6.) Accordingly, Plaintiffs' "premature attack on the merits"/*Smallwood* argument is simply wrong.

**II. PLAINTIFFS' CONTENTION THAT ALLSTATE'S REMOVAL WAS PROCEDURALLY IMPROPER, AND THAT THIS ACTION MUST BE REMANDED FOR DETERMINATION OF THE MERITS OF PLAINTIFFS' CLAIMS, IS ALSO WITHOUT MERIT.**

Plaintiffs next argue that Allstate's assertion of improper/fraudulent joinder is "directly contrary" to *Smallwood,* because Allstate, by contending that the manifestation rule precludes any recovery by Plaintiffs against Louisiana Citizens, is supposedly improperly asking the Court "to ignore the factual allegations plead by Plaintiffs and instead accept as true the 'facts' asserted by [Allstate]," and to "resolve the merits," as opposed to resolving whether Louisiana Citizens is fraudulently joined. (Pl. Br. at 7-8.) This argument also fails, because Allstate has done no such thing.

To the contrary, Allstate's fraudulent joinder argument relies *solely* on the factual allegations set forth in Plaintiffs' Complaint. As Plaintiffs acknowledge, under the manifestation theory asserted by Allstate, "property damage" occurs when it is discovered, "regardless of when the act from which it resulted occurred." *Liberty,* 555 F. Supp. 2d at 697. Moreover, as demonstrated above and in Allstate's removal notice, this determination can be made, for purposes of removal, based strictly on Plaintiffs' Complaint allegations. Plaintiffs themselves set forth the dates of the policy periods for each of the relevant policies issued by the defendants, and they further set forth the date on which they allegedly discovered their property damage. The Court therefore can apply the manifestation theory, for purposes of determining whether Louisiana Citizens was fraudulently joined, by looking solely to the Complaint allegations.

Put simply, Allstate has not asked the Court to ignore any of Plaintiffs' factual allegations. Rather, Allstate has asked the Court to do precisely what Plaintiffs maintain should be done for purposes of the Court's removal analysis – *i.e.,* decide whether, based on Plaintiffs' Complaint allegations, the only non-diverse defendant, Louisiana Citizens, has been fraudulently joined.

Moreover, Allstate has not, as Plaintiffs' maintain, asked the Court to improperly "test" the merits of Plaintiffs' claims in its removal analysis. Indeed, as Plaintiffs emphasize, the "proper procedure" for determining fraudulent joinder set forth by the *Smallwood* Court is as follows:

> [T]he test for fraudulent joinder is *whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.* To reduce possible confusion, we adopt this phrasing of the required

> proof and reject all others, whether the others appear to describe the same standard or not.

*Smallwood,* 385 F.3d at 573 (emphasis added).

That is precisely the test Allstate has asked the Court to apply in resolving whether fraudulent joinder exists here. As set forth in Allstate's removal notice (at ¶¶ 13-14), there is no possibility, based on application of the uniformly accepted manifestation theory, of recovery against Louisiana Citizens under Louisiana law, nor any reasonable basis for the Court to predict that Plaintiffs may be able to recover against Louisiana Citizens. That is because the damage of which Plaintiffs complain did not, based on the Complaint allegations themselves, result from an occurrence within the policy period of Louisiana Citizens' homeowners policy, since that policy was *not* in effect when the damage is alleged to have been discovered. This is the only determination Allstate has asked the Court to make for purposes of removal, and, contrary to Plaintiffs' contention, that procedure is wholly consistent with *Smallwood.*

## III. ALLSTATE HAS NOT IMPROPERLY ASKED THE COURT TO "PIERCE THE PLEADINGS" TO DETERMINE THE PROPRIETY OF LOUISIANA CITIZENS' JOINDER.

Plaintiffs' next argument, again based solely on *Smallwood,* that Allstate has improperly asked the Court to "pierce the pleadings" to determine whether Louisiana Citizens is fraudulently joined, is equally without merit. (Pl. Br. at 10.) Indeed, a plain reading of *Smallwood* shows Plaintiffs' "piercing the pleadings" argument has no bearing whatsoever here.

Specifically, the *Smallwood* Court stated, in relevant part:

> There has also been some uncertainty over the proper means for predicting whether a plaintiff has a reasonable basis of recovery under state law. A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6)

8

153121

> challenge, there is no improper joinder. That said, there are cases, hopefully few in number, *in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.*

385 F.3d at 573 (footnote omitted, emphasis added).

Here, contrary to Plaintiffs' contention, Allstate has not asked the Court to "pierce the pleadings," but instead has asked the Court to conduct the very "Rule 12(b)(6)-type" analysis *explicitly* contemplated by *Smallwood*. Accordingly, Plaintiffs' entire "pierce the pleadings" argument, as well as their contention that they have not "misstated or omitted" any "discrete" facts that would justify piercing the pleadings, is a complete red herring. (Pl. Br. at 10.)

Plaintiffs' contention that Allstate has "omitt[ed] several key facts itself," such as what type of policy exclusions or exceptions apply to the relevant policies, is also groundless. Allstate is not relying on any policy exclusions or exceptions to justify its removal. Allstate is solely relying on the fraudulent joinder of Louisiana Citizens based on the manifestation trigger analysis. The only key factual allegations, for purposes of the fraudulent joinder analysis here, then, are the dates the applicable Louisiana Citizens insurance policy was in place and the date Plaintiffs allegedly discovered their property damage. As set forth above and in Allstate's removal notice, these facts are readily apparent from the express allegations of the Complaint – the manifestation was *not* during Louisiana Citizens' policy period.

**IV. PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES AND COSTS SHOULD BE DENIED.**

Plaintiffs' request for attorneys' fees and costs should certainly be denied in all events. According to Plaintiffs, they are entitled to such fees and costs, because, based on *Smallwood*, Allstate "did not possess an objectively reasonable basis for seeking removal." (Pl. Br. at 11-12.) In support of this argument, Plaintiffs merely repeat the three theories they asserted in

9

support of their remand motion.  As demonstrated above, *Smallwood* does not apply here in the fashion suggested by Plaintiffs, and in fact supports Allstate's removal.   At the very least, Allstate had a reasonable basis for its argument on removal, so Plaintiffs' request for attorneys' fees and costs should be denied.  *See, e.g., Troyer v. Keller*, 2009 WL 1067045, *4 (E.D. La. Apr. 29, 2009) (this Court denied a request for attorneys' fees and costs based on an allegedly improper removal where, as here, defendants "offered a persuasive and meritorious argument" and the removal was not "frivolous or in bad faith").

## CONCLUSION

For all the foregoing reasons, as well as those set forth in Allstate's Notice of Removal, defendant Louisiana Citizens is fraudulently joined, and that is apparent based on the face of Plaintiffs' Complaint under the *Smallwood* Rule 12(b)(6) test.   Accordingly, removal was appropriate here, and, Allstate respectfully submits, Plaintiffs' Motion to Remand, as well as their baseless request for attorneys' fees and costs, should be denied.

Respectfully submitted,

*/s/ Catherine F. Giarrusso*
_____
Judy Y. Barrasso, 2814
Catherine F. Giarrusso, 29875
BARRASSO USDIN KUPPERMAN
     FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana 70112
Telephone:  (504) 589-9700
*Attorneys for Allstate Indemnity Company*

10

153121

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S mail and e-mail *or* by hand delivery and e-mail *and* upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 11th day of February, 2010.

/s/ Catherine F. Giarrusso
_____

153121