**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | MDL NO. 2047 SECTION: L |
| THIS DOCUMENT RELATES TO: Goldstein, et al. v. Knauf Gips KG, et al., CASE NO.: 2:09-05869 | ) ) ) ) | JUDGE FALLON MAG. JUDGE WILKINSON |

## ANSWER, AFFIRMATIVE DEFENSES, AND CROSS-CLAIMS OF L&W SUPPLY CORPORATION d/b/a SEACOAST SUPPLY

Defendant, L&W SUPPLY CORPORATION d/b/a SEACOAST SUPPLY ("Defendant" or "L&W Supply"), by and through its undersigned attorneys, hereby files its Answer, Affirmative Defenses, and Cross-Claims in response to Plaintiff's Class Action Complaint ("Plaintiff's Complaint") and says:

1.      Paragraph 1 contains legal conclusions to which no response is required and further contains allegations which Defendant lacks information sufficient to admit or deny; therefore, Defendant denies the allegations of Paragraph 1 to the extent a response is required.

2.      Paragraph 2 contains legal conclusions to which no response is required and further contains allegations which Defendant lacks information sufficient to admit or deny; therefore, Defendant denies the allegations of Paragraph 2 to the extent a response is required.

3.      In response to the allegations of Paragraph 3, Defendant states that the allegations contained in the first sentence of Paragraph 3 are legal conclusions to which no response is required.  Defendant further denies the allegations of the second sentence of Paragraph 3 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 3 apply to other entities, no response is required.

1

4.      In response to the allegations of Paragraph 4, Defendant admits that Plaintiff has filed this lawsuit as a putative class action.  Defendant denies the remaining allegations contained in Paragraph 4.  Defendant further states that this lawsuit does not meet the standards for a class action.

5.      Defendant denies the allegations of Paragraph 5 to the extent they purport to apply to Defendant and specifically denies that it supplied drywall used in Plaintiff Cindy Goldstein's home.  To the extent the allegations of Paragraph 5 apply to other entities, no response is required.

6.      Defendant denies the allegations of Paragraph 6 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 6 apply to other entities, no response is required.

7.      Defendant denies the allegations of Paragraph 7 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 7 apply to other entities, no response is required.

8.      Defendant denies the allegations of Paragraph 8 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 8 apply to other entities, no response is required.

9.      Defendant denies the allegations of Paragraph 9 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 9 apply to other entities, no response is required.

10.      Defendant lacks information sufficient to admit or deny the allegations of Paragraph 10 and, therefore, denies the same.

11.     Defendant denies the allegations of Paragraph 11 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 11 apply to other entities, no response is required.

12.     Paragraph 12 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

13.     Paragraph 13 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

14.     In response to the allegations of Paragraph 14, Defendant admits that Knauf Gips is a corporate entity headquartered in Germany.  Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 14 and, therefore, denies the same.

15.     In response to the allegations of Paragraph 15, Defendant admits, upon information and belief, that Knauf Plasterboard (Tianjin) Co., Ltd. is a corporation, subsidiary, or other entity affiliated with or related to Knauf Gips.  Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 15 and, therefore, denies the same.

16.     In response to the allegations of Paragraph 16, Defendant admits, upon information and belief, that Knauf Plasterboard (Wuhu) Co., Ltd. is a corporation, subsidiary, or other entity affiliated with or related to Knauf Gips.  Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 16 and, therefore, denies the same.

17.     In response to the allegations of Paragraph 17, Defendant admits, upon information and belief, that Knauf Plasterboard (Dongguan) Co., Ltd. is a corporation, subsidiary, or other entity affiliated with or related to Knauf Gips.  Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 17 and, therefore, denies the same.

18.     In response to the allegations of Paragraph 18, Defendant admits, upon information and belief, that Knauf has three wallboard manufacturing plants in China, which are located in Wuhu, Tianjin, and Donnguan, and that the manufacture of wallboard in the plants is directly or indirectly controlled by Knauf Gips or its affiliates.   Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 18 and, therefore, denies the same.

19.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 19 and, therefore, denies the same.

20.     In response to the allegations of Paragraph 20, Defendant lacks information sufficient to admit or deny the allegations contained in the first two sentences of Paragraph 20 and, therefore, denies the same.   Defendant denies the allegations contained in the last sentence of Paragraph 20.   Defendant denies all other allegations of Paragraph 20 not explicitly admitted.

21.     Paragraph 21 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

22.     In response to the allegations of Paragraph 22, Defendant admits, upon information and belief, that Knauf has three wallboard manufacturing plants in China, which are located in Wuhu, Tianjin, and Donnguan, and that the manufacture of wallboard in the plants is directly or indirectly controlled by Knauf Gips or its affiliates.   Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 22 and, therefore, denies the same.

23.     Paragraph 23 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

24.     Paragraph 24 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

25.     Paragraph 25 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

26.     Paragraph 26 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

27.     Paragraph 27 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

28.     Paragraph 28 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

29.     Paragraph 29 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

30.     In response to the allegations of Paragraph 30, Defendant admits that USG Corporation is a Delaware corporation, and that L&W Supply, a subsidiary of USG Corporation, is the leading specialty building products distribution business in the United States.  Defendant denies the remaining allegations of Paragraph 30.

31.     In response to the allegations of Paragraph 31, Defendant admits that it is a Delaware corporation that is authorized to and conducts business in Florida, that it is a subsidiary of USG Corporation, and that it conducts business under the name Seacoast Supply at certain locations in Florida.

32.     In response to the allegations of Paragraph 32, Defendant admits that All Interior Supply, Inc. is a Florida corporation with its principal place of business in Hialeah, Florida, and that it is a supplier of drywall and other construction products.  Defendant further admits that All

Interior Supply, Inc. is a subsidiary of L&W Supply Corporation.  Defendant denies the remaining allegations of Paragraph 32.

33.     To the extent a response is required to Paragraph 33, Defendant states that USG Corporation, L&W Supply Corporation d/b/a Seacoast Supply, and All Interior Supply, Inc., are not a single corporate entity or otherwise capable of being treated as one and the same.  Each of these Defendants maintains a separate corporate existence pursuant to laws of the jurisdictions where they are each incorporated.  Defendant denies any allegation to the contrary.

34.     Defendant denies the allegations of Paragraph 34.

35.     Defendant denies the allegations of Paragraph 35.

36.     Paragraph 36 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

37.     Paragraph 37 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

38.     Paragraph 38 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

39.     Paragraph 39 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

40.     Paragraph 40 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

41.     Paragraph 41 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

42.     Paragraph 42 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

43.     Paragraph 43 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

44.     Paragraph 44 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

45.     Paragraph 45 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

46.     Paragraph 46 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

47.     Paragraph 47 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

48.     Paragraph 48 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

49.     Paragraph 49 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

50.     Paragraph 50 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

51.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 51 and, therefore, denies the same.

52.     In response to the allegations of Paragraph 52, Defendant admits that in 2006 it purchased wallboard manufactured in China by Knauf and further admits, upon information and belief, that Knauf sold wallboard to other distributors in the United States.  These purchases were made at a time when there was a shortage of domestically manufactured wallboard.  Defendant denies the remaining allegations of Paragraph 52 to the extent they purport to apply to

Defendant.  To the extent the remaining allegations of Paragraph 52 apply to other entities, no response is required.

53.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 53 and, therefore, denies the same.

54.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 54 and, therefore, denies the same.

55.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 55 and, therefore, denies the same.

56.     In response to the allegations of Paragraph 56, Defendant admits that gypsum board is the generic name for panel-type products consisting of a noncombustible core, primarily of gypsum, with a paper surfacing on the face, back, and long edges. Gypsum board is often called drywall, wallboard, or plasterboard.  The term "Sheetrock" is a trademark of USG Corporation and properly refers only to a drywall product manufactured by United States Gypsum Company.  Generally speaking, in making gypsum wallboard, gypsum must be partially dehydrated or calcined to produce calcium sulfate hemihydrate, commonly called stucco. The calcining process occurs by heating the gypsum, driving off approximately three-fourths of the chemically combined water.  The calcined gypsum is then mixed with water and additives to form a slurry.  The additives may include paper fiber, fiberglass, plasticizer, foaming agent, accelerators, starch, retarders, and/or other additives for mold and fire resistance.  Some manufacturers may use foaming agents including alkyl ethoxy sulfates, and dispersing agents or plasticizers such as lignin or naphthalene sulfonates.  The slurry is fed between continuous layers of paper on a wallboard line.  As the board moves down the conveyer line, the calcium sulfate recrystallizes or rehydrates, reverting to a hardened state. The paper becomes chemically and

mechanically bonded to the gypsum core. The board is then cut to length and conveyed through dryers to remove any free moisture.  Defendant further states that the specific processes for manufacture of gypsum wallboard vary by manufacturer, and defendant admits only that the foregoing is a general description of how gypsum wallboard is made.  Defendant denies all allegations not specifically admitted.

      57.    In response to the allegations of Paragraph 57, Defendant incorporates herein its response to Paragraph 56.

      58.    In response to the allegations of Paragraph 58, Defendant incorporates herein its response to Paragraph 56.

      59.    In response to the allegations of Paragraph 59, Defendant incorporates herein its response to Paragraph 56.

      60.    In response to the allegations of Paragraph 60, Defendant admits that drywall it sells may be made from mined gypsum, synthetic gypsum, or a combination of both.  Defendant is without information sufficient to answer for other defendants, and therefore denies the allegations as they relate to other defendants.

      61.    Defendant denies the allegations of Paragraph 61 to the extent they purport to apply to Defendant.  Defendant is aware of studies prior to this lawsuit relating to sulfide emissions from landfills containing gypsum wallboard but not studies relating to installed wallboard.

      62.    In response to the allegations contained in the first sentence of Paragraph 62, Defendant incorporates herein its response to Paragraph 61. Defendant lacks information sufficient to admit or deny the allegations contained in the second sentence of Paragraph 62 and, therefore, denies the same.

63.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 63 and, therefore, denies the same.

64.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 64 and, therefore, denies the same.

65.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 65 and, therefore, denies the same.

66.     Paragraph 66 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

67.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 67 and, therefore, denies the same.

68.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 68 and, therefore, denies the same.

69.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 69 and, therefore, denies the same.

70.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 70 and, therefore, denies the same.

71.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 71 and, therefore, denies the same.

72.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 72 and, therefore, denies the same.

73.     Defendant denies the allegations of Paragraph 73 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 73 apply to other entities, no response is required.

74.     Defendant denies the allegations of Paragraph 74 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 74 apply to other entities, no response is required.

75.     Defendant denies the allegations of Paragraph 75 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 75 apply to other entities, no response is required.

76.     Defendant denies the allegations of Paragraph 76 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 76 apply to other entities, no response is required.

77.     Paragraph 77 contains legal conclusions to which no response is required.  To the extent a response is required to any allegation in Paragraph 77, Defendant denies the allegations.

78.     In response to the allegations of Paragraph 78, Defendant admits that Plaintiff has filed this lawsuit as a putative class action.  Defendant denies any remaining allegations contained in Paragraph 78 and its subparts. Defendant further states that this lawsuit does not meet the standards for a class action.

79.     Paragraph 79 contains legal conclusions that require no response.  To the extent a response is required, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

80.     Paragraph 80 and its subparts contain legal conclusions that require no response. To the extent a response is required, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

81.     Paragraph 81 contains legal conclusions that require no response.  To the extent a response is required, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

82.     Defendant denies the allegations of Paragraph 82.

83.     In response to the allegations of Paragraph 83, Defendant denies the allegations contained in the first sentence of Paragraph 83.  The second and third sentences of Paragraph 83 contain legal conclusions that require no response.   To the extent a response is required, Defendant denies the same.

84.     Paragraph 84 contains legal conclusions that require no response.  To the extent a response is required, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

85.     Paragraph 85 contains legal conclusions that require no response.  To the extent a response is required, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

86.     Paragraph 86 contains legal conclusions that require no response.  To the extent a response is required, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

87.     Paragraph 87 contains legal conclusions that require no response.  To the extent a response is required, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

88.     Paragraph 88 contains legal conclusions that require no response.  To the extent a response is required, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

89.     Paragraph 89 contains legal conclusions that require no response.  To the extent a response is required, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

90.     Defendant denies the allegations of Paragraph 90 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 90 apply to other entities, no response is required.

91.     Defendant denies the allegations of Paragraph 91 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 91 apply to other entities, no response is required.

92.     Defendant denies the allegations of Paragraph 92 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 92 apply to other entities, no response is required.

93.     Defendant denies the allegations of Paragraph 93 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 93 apply to other entities, no response is required.

94.     In response to Paragraph 94, Defendant incorporates herein its responses to Paragraphs 1 through 93.

95.     Paragraph 95 contains legal conclusions that require no response.  To the extent a response is required, Defendant denies any allegations that pertain to it.  To the extent the allegations of Paragraph 95 apply to other entities, no response is required.

96.     Paragraph 96 contains legal conclusions that require no response.  To the extent a response is required, Defendant denies any allegations that pertain to it.  To the extent the allegations of Paragraph 96 apply to other entities, no response is required.

97.     Defendant denies the allegations of Paragraph 97 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 97 apply to other entities, no response is required.

98.     Defendant denies the allegations of Paragraph 98 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 98 apply to other entities, no response is required.

99.     Defendant denies the allegations of Paragraph 99 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 99 apply to other entities, no response is required.

100.    Defendant denies the allegations of Paragraph 100 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 100 apply to other entities, no response is required.

101.    Defendant denies the allegations of Paragraph 101 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 101 apply to other entities, no response is required.

102.    Defendant denies the allegations of Paragraph 102 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 102 apply to other entities, no response is required.

103.    In response to Paragraph 103, Defendant incorporates herein its responses to Paragraphs 1 through 102.

104.    Defendant denies the allegations of Paragraph 104 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 104 apply to other entities, no response is required.

105.    Defendant denies the allegations of Paragraph 105 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 105 apply to other entities, no response is required.

106.    Defendant denies the allegations of Paragraph 106 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 106 apply to other entities, no response is required.

107.    Defendant denies the allegations of Paragraph 107 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 107 apply to other entities, no response is required.

108.    Defendant denies the allegations of Paragraph 108 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 108 apply to other entities, no response is required.

109.    Defendant denies the allegations of Paragraph 109 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 109 apply to other entities, no response is required.

110.    Defendant denies the allegations of Paragraph 110 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 110 apply to other entities, no response is required.

111.    Defendant denies the allegations of Paragraph 111 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 111 apply to other entities, no response is required.

112.     Defendant denies the allegations of Paragraph 112 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 112 apply to other entities, no response is required.

113.     Defendant denies the allegations of Paragraph 113 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 113 apply to other entities, no response is required.

114.     In response to Paragraph 114, Defendant incorporates herein its responses to Paragraphs 1 through 113.

115.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 115 and, therefore, denies the same.  Defendant further states that, to the extent it provided an express warranty, the terms of the express warranty speak for themselves and Defendant denies any allegation inconsistent with the terms of any applicable express warranty.

116.     Defendant denies the allegations of Paragraph 116 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 116 apply to other entities, no response is required.

117.     Defendant denies the allegations of Paragraph 117 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 117 apply to other entities, no response is required.

118.     Defendant denies the allegations of Paragraph 118 and its subparts to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 118 apply to other entities, no response is required.

119.    Defendant denies the allegations of Paragraph 119 and its subparts to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 119 apply to other entities, no response is required.

120.    In response to Paragraph 120, Defendant incorporates herein its responses to Paragraphs 1 through 119.

121.    Defendant denies the allegations of Paragraph 121 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 121 apply to other entities, no response is required.

122.    Defendant denies the allegations of Paragraph 122 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 122 apply to other entities, no response is required.

123.    Defendant denies the allegations of Paragraph 123 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 123 apply to other entities, no response is required.

124.    Defendant denies the allegations of Paragraph 124 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 124 apply to other entities, no response is required.

125.    Defendant denies the allegations of Paragraph 125 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 125 apply to other entities, no response is required.

126.    Defendant denies the allegations of Paragraph 126 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 126 apply to other entities, no response is required.

127.    Defendant denies the allegations of Paragraph 127 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 127 apply to other entities, no response is required.

128.    Defendant denies the allegations of Paragraph 128 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 128 apply to other entities, no response is required.

129.    Defendant denies the allegations of Paragraph 129 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 129 apply to other entities, no response is required.

130.    In response to Paragraph 130, Defendant incorporates herein its responses to Paragraphs 1 through 129.

131.    Defendant denies the allegations of Paragraph 131 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 131 apply to other entities, no response is required.

132.    Defendant denies the allegations of Paragraph 132 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 132 apply to other entities, no response is required.

133.    Defendant denies the allegations of Paragraph 133 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 133 apply to other entities, no response is required.

134.    Defendant denies the allegations of Paragraph 134 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 134 apply to other entities, no response is required.

135.    Defendant denies the allegations of Paragraph 135 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 135 apply to other entities, no response is required.

136.    Defendant denies the allegations of Paragraph 136 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 136 apply to other entities, no response is required.

137.    Defendant denies the allegations of Paragraph 137 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 137 apply to other entities, no response is required.

138.    Defendant denies the allegations of Paragraph 138 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 138 apply to other entities, no response is required.

139.    In response to Paragraph 139, Defendant incorporates herein its responses to Paragraphs 1 through 138.

140.    Defendant denies the allegations of Paragraph 140 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 140 apply to other entities, no response is required.

141.    Defendant denies the allegations of Paragraph 141 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 141 apply to other entities, no response is required.

142.    Defendant denies the allegations of Paragraph 142 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 142 apply to other entities, no response is required.

143.     Defendant denies the allegations of Paragraph 143 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 143 apply to other entities, no response is required.

144.     In response to Paragraph 144, Defendant incorporates herein its responses to Paragraphs 1 through 143.

145.     Defendant denies the allegations of Paragraph 145 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 145 apply to other entities, no response is required.

146.     Defendant denies the allegations of Paragraph 146 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 146 apply to other entities, no response is required.

147.     The allegations of Paragraph 147 are in the nature of a request for relief and require no response.  To the extent a response is required to any allegations in Paragraph 147, Defendant denies the same.

148.     Defendant denies the allegations of Paragraph 148.

149.     Defendant denies the allegations of Paragraph 149 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 149 apply to other entities, no response is required.

150.     Defendant denies the allegations of Paragraph 150 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 150 apply to other entities, no response is required.

151.     To the extent the Prayer for Relief is deemed to contain any allegations against Defendant, Defendant denies the same.

152.    Any and all allegations, claims, contentions, and/or demands contained in Plaintiff's Complaint, which are not expressly and specifically admitted, modified, or explained by this Defendant in this Answer, Affirmative Defenses, and Cross-Claims, are hereby expressly denied, including but not limited to the allegations contained in unnumbered paragraphs at the beginning of Plaintiff's Complaint.

### FIRST DEFENSE

153.    Defendant incorporates herein all of the foregoing responses that are relevant to this defense.

154.    Plaintiff has failed to state a claim for which relief can be granted.

### SECOND DEFENSE

155.    Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

156.    Any damages alleged to have been sustained by Plaintiff were caused in whole or in part by the acts or omissions of persons other than this Defendant over whom this Defendant had and has no control or by superseding intervening causes outside the control of this Defendant.

### THIRD DEFENSE

157.    Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

158.    Recovery of some or all of the damages alleged to have been sustained by Plaintiff is barred by the economic loss doctrine.

## FOURTH DEFENSE

159.    Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

160.    The terms, provisions, and conditions of any and all contracts entered into between Defendant and any other parties, including but not limited to any warranty provisions, operate as a bar to all or part of Plaintiff's claims.

## FIFTH DEFENSE

161.    Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

162.    Plaintiff's claims are barred, in whole or in part, by their absence of privity with Defendant and lack of standing.

## SIXTH DEFENSE

163.    Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

164.    Plaintiff's Amended Class Action Complaint fails to state a claim for class relief under Rule 23 of the Federal Rules of Civil Procedure; further, class relief should be denied under the governing procedural and substantive law.

## SEVENTH DEFENSE

165.    Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

166.    Plaintiff lacks standing to bring a representative action under the Florida Deceptive and Unfair Trade Practices Act.

## EIGHTH DEFENSE

167.    Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

168.    Plaintiff has failed to mitigate his damages.

## NINTH DEFENSE

169.    Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

170.    Plaintiff's claims are barred in whole or in part by the applicable statute of limitations, statutes of repose, prescription periods, or the doctrine of laches.

## TENTH DEFENSE

171.    Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

172.    To the extent that Plaintiff prays for punitive, exemplary, or otherwise enhanced damages, Defendant invokes its right under the due process clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution.

## ELEVENTH DEFENSE

173.    Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

174.    Defendant incorporates herein by reference each and every affirmative defense pleaded by similarly-situated distributor defendants.

**CROSS-CLAIMS AGAINST KNAUF GIPS KG; KNAUF PLASTERBOARD (TIANJIN) CO., LTD.; KNAUF PLASTERBOARD (WUHU), CO., LTD.; KNAUF PLASTERBOARD (DONGGUAN) CO., LTD.**

**FIRST CROSS-CLAIM**

175.     Defendant incorporates herein all of the foregoing responses that are relevant to this cross-claim.

176.     For a further defense and as a cross-claim, Defendant asserts a claim against Knauf Gips KG; Knauf Plasterboard (Tianjin) Co., Ltd.; Knauf Plasterboard (Wuhu), Co., Ltd.; Knauf Plasterboard (Dongguan) Co., Ltd. along with all other applicable affiliates and related entities (collectively hereafter "Knauf") for breach of express warranties.

177.     Defendant purchased a certain quantity of gypsum drywall manufactured by Knauf.

178.     Knauf expressly warranted the gypsum drywall Defendant purchased from Knauf would be free of defects and fit for the ordinary purpose for which gypsum drywall is used.

179.     Without admitting any liability or damages to the Plaintiff, if it is shown that the drywall manufactured and sold to Defendant by Knauf was defective and not fit for the ordinary purpose for which gypsum drywall is used, then Knauf is liable to Defendant for breach of the express warranty.

180.     As a direct and proximate result of Knauf's breach of express warranties, Defendant has incurred damages in that it has been required to respond to homeowner complaints and to defend this action.  Further, Defendant will likely continue to incur additional costs in responding to homeowner complaints and defending this action.

## SECOND CROSS-CLAIM

181.    Defendant incorporates herein all of the foregoing responses that are relevant to this cross-claim.

182.    For a further defense and as a cross-claim, Defendant asserts a claim against Knauf for breach of implied warranty of merchantability under the common law and/or applicable state statutes.

183.    Knauf is a merchant of gypsum drywall.

184.    Defendant purchased from Knauf a certain quantity of gypsum drywall manufactured by Knauf.

185.    Pursuant to the applicable state statutes and/or the common law, Knauf warranted that the gypsum drywall was merchantable and fit for the ordinary purpose for which gypsum drywall is used.

186.    Without admitting any liability or damages to the Plaintiff, if it is shown that the drywall manufactured and sold to by Knauf was defective and not fit for the ordinary purpose for which gypsum drywall is used, then Knauf is liable to Defendant for breach of implied warranty.

187.    As a direct and proximate result of Knauf's breach of the implied warranty of merchantability, Defendant has incurred damages in that it has been required to respond to homeowner complaints and to defend this action.  Further, Defendant will likely continue to incur additional costs in responding to homeowner complaints and defending this action.

## THIRD CROSS-CLAIM

188.    Defendant incorporates herein all of the foregoing responses that are relevant to this cross-claim.

189.    For a further defense and as a cross-claim, Defendant asserts a claim against Knauf for equitable and/or common law indemnification.

190.    Knauf is solely responsible and liable for any allegedly wrongful acts committed against the Plaintiff with regard to the allegations of Plaintiff's Complaint.

191.    Knauf is solely liable for any damages allegedly suffered by Plaintiff and, if Defendant is required to pay any damages to the Plaintiff, Defendant is entitled to be indemnified, based on the doctrines of equitable and/or common law indemnification, by Knauf for any damages.

192.    This Defendant reserves the right to amend its Answer, Defenses, and Cross-Claims as investigation and discovery may reveal.

WHEREFORE, having fully answered the Plaintiff's Complaint, Defendant L&W Supply Corporation prays the Court that:

a)      Plaintiff recover nothing from Defendant and that judgment be entered in Defendant's favor;

b)      the costs of this action, including attorney's fees and costs that may be allowed by statute, be taxed against Plaintiff;

c)      if Plaintiff recovers any amount from Defendant, that Defendant be granted the relief prayed for in its Cross-Claims against Knauf; and

d)      Defendant have such other and further relief as the Court may deem just and proper.

*[Signature block appears on the following page.]*

_____ /s/ W. David Conner _____
Moffatt G. McDonald
E-mail:mmcdonald@hsblawfirm.com
W. David Conner
E-mail:dconner@hsblawfirm.com
Charles M. Sprinkle
E-mail: csprinkle@hsblawfirm.com
Christopher B. Major
E-mail: cmajor@hsblawfirm.com
HAYNSWORTH SINKLER BOYD, P.A.
Post Office Box 2048
Greenville, SC 29602
Ph: (864) 240-3200
Fax: (864) 240-3300

Susan J. Cole
BICE COLE LAW FIRM, PLLC
999 Ponce de Leon Blvd., Suite #710
Coral Gables, FL 33134
Ph.: (305) 444-1225
Fax: (305) 446-1506
E-mail: cole@bicecolelaw.com

ATTORNEYS FOR DEFENDANT
L&W SUPPLY CORPORATION D/B/A SEACOAST
SUPPLY

Date:  February 11, 2010

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing **ANSWER, AFFIRMATIVE DEFENSES, AND CROSS-CLAIMS OF L&W SUPPLY CORPORATION d/b/a SEACOAST SUPPLY** has been served on Plaintiffs' Liaison Counsel, Russ Herman at drywall@hhkc.com, and Defendants' Liaison Counsel, Kerry Miller at Kmiller@frilot.com, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 11th day of February, 2010.

/s/   W. David Conner
