

A CERTIFIED TRUE COPY
ATTEST

By Delora Davis on Feb 04, 2010

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    FEB - 4 2010

LORETTA G. WHYTE
UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Feb 04, 2010

FILED
CLERK'S OFFICE

**IN RE: CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION**
Claude McDuffie, et al. v. Knauf Gips KG, et al., S.D. Alabama,  )
C.A. No. 1:09-550                                                )

**10-333**

MDL No. 2047

**SECT. L  MAG. 2**

**TRANSFER ORDER**

**Before the entire Panel***: Defendant Andrews Hardware Co., Inc., moves, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate our order conditionally transferring this Southern District of Alabama action to the Eastern District of Louisiana for inclusion in MDL No. 2047. No party responded to the motion.

After considering all argument of counsel, we find that this action involves common questions of fact with the actions in this litigation previously transferred to the Eastern District of Louisiana, and that transfer of this action to the Eastern District of Louisiana for inclusion in MDL No. 2047 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of this action is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Eastern District of Louisiana was a proper Section 1407 forum for actions sharing allegations that drywall manufactured in China, imported to and distributed in the United States, and used in the construction of houses emits smelly, corrosive gases. *See In re Chinese-Manufactured Drywall Products Liability Litigation*, 626 F.Supp.2d 1376 (J.P.M.L. 2009).

The defendant hardware store opposing transfer makes persuasive arguments that it is a small, local entity that is not currently a party to any action in MDL No. 2047 and that the claims against it involve few, if any, questions of fact common to the actions in MDL No. 2047. For the following reasons, however, we respectfully disagree with these arguments. Like the present action, most, if not all, actions in MDL No. 2047 involve claims against local suppliers, installers, builders or other defendants in addition to the drywall manufacturers in China. Inclusion of this action in MDL No. 2047 will have the salutary effect of placing all related claims in this docket before a single judge who can formulate a pretrial program that (1) prevents repetition of previously considered matters; and (2) allows pretrial proceedings with respect to any individual issues to proceed concurrently with pretrial

---

*       Judge Hansen took no part in the decision of this matter.



- 2 -

proceedings on common issues.  *See, e.g., In re Ephedra Products Liability Litigation*, 314 F.Supp.2d 1373, 1375 (J.P.M.L. 2004).  Whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available to accomplish this with a minimum of delay.  *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

| | |
|---|---|
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen* | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | David G. Trager |

# UNITED STATES JUDICIAL PANEL
## on
# MULTIDISTRICT LITIGATION

**CHAIRMAN:**
John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Kathryn H. Vratil
United States District Court
District of Kansas

David R. Hansen
United States Court of Appeals
Eighth Circuit

W. Royal Furgeson, Jr.
United States District Court
Northern District of Texas

Frank C. Damrell, Jr.
United States District Court
Eastern District of California

David G. Trager
United States District Court
Eastern District of New York

**DIRECT REPLY TO:**

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:          [202] 502-2888
http://www.jpml.uscourts.gov

February 4, 2010

Loretta G. Whyte, Clerk
U.S. District Court
500 Poydras Street
Room C-151
New Orleans, LA 70130

Re: MDL No. 2047 -- IN RE: Chinese-Manufactured Drywall Products Liability Litigation

Dear Ms. Whyte :

Attached is a certified copy of a transfer order issued today by the Judicial Panel on Multidistrict Litigation in the above-captioned matter. The order is directed to you for filing. Rule 1.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 428 (2001), states "A transfer or remand pursuant to 28 U.S.C. § 1407 shall be effective when the transfer or remand order is filed in the office of the clerk of the district court of the transferee district."

Today we are also serving an information copy of the order on the transferor court(s). The Panel's governing statute, 28 U.S.C. §1407, requires that the transferee clerk "transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred [transferor court]."

Rule 1.6(a), pertaining to transfer of files, states "the clerk of the transferor district court shall forward to the clerk of the transferee district court the complete original file and a certified copy of the docket sheet for each transferred action." **With the advent of electronic filing, many transferee courts have found that it is not necessary to request the original file. Some transferee courts will send their certified copy of the Panel order with notification of the newly assigned transferee court case number and inform the transferor courts that they will copy the docket sheet via PACER. Others may request a certified copy of the docket sheet and a copy of the complaint (especially if it was removed from state court). You should be specific as to the files you would like to receive from the transferor courts and if no files will be necessary, you should make that clear. Therefore, Rule 1.6(a) will be satisfied once a transferor court has complied with your request.**

The Panel Service list is attached.

- 2 -

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By _Dellora Davis_
Deputy Clerk

Attachments (Transfer Order is a Separate Document)

cc:   Transferee Judge:  Judge Eldon E. Fallon

JPML Form 29

IN RE: CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION                    MDL No. 2047

## PANEL SERVICE LIST

Clifford C. Brady
BRADY RADCLIFF & BROWN LLP
P.O. Box 1668
Mobile, AL 36633

Russ M. Herman
HERMAN HERMAN KATZ & COTLAR LLP
820 O'Keefe Avenue
New Orleans, LA 70113-1116

Rodney Janis
ADAMS COOGLER WATSON MERKEL ET AL
1555 Palm Beach Lakes Boulevard
Suite 1600
P.O. Box 2069
West Palm Beach, FL 33402-2069

Archie C. Lamb, Jr.
LAMB FIRM
2900 1st. Avenue South
Birmingham, AL 35233

Kerry J. Miller
FRILOT LLC
1100 Poydras Street
Suite 3700
New Orleans, LA 70163-3700

K. Edward Sexton, II
GENTLE TURNER & SEXTON
2 North 20th Street
Suite 1200
Birmingham, AL 35203