UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  CHINESE-MANUFACTURED          DRYWALL PRODUCTS          LIABILITY LITIGATION | MDL Docket No. 2047<br><br>Section L<br><br>JUDGE FALLON |
| This document relates to:  *Gross v. Knauf Gips KG, et al.*, 09-cv-6690 | MAGISTRATE JUDGE WILKINSON |

**MEMORANDUM IN SUPPORT OF DEFENDANT GEORGIA-PACIFIC LLC'S MOTION TO DISMISS UNDER FED. R. CIV. P. 8(A) AND 12(B)(6)**

Plaintiffs have sued more than 90 separate entities, alleging property damage and personal injury from defective Chinese drywall installed in their homes. Defendant Georgia-Pacific LLC ("Georgia-Pacific") does not manufacture drywall in or import drywall from China, and Plaintiffs' Complaint makes no allegation to the contrary.

Nor do the named Plaintiffs allege that Georgia-Pacific drywall is even installed in their homes, much less that they have sustained any injury caused by a Georgia-Pacific product. In fact, they specifically allege that the drywall in their homes contains markings they cannot presently identify—a claim that is inconsistent with the features of Georgia-Pacific wallboard, as depicted in the photographic catalog filed with this Court and specifically incorporated by reference in the Complaint.

In an effort to avoid the fatal shortcomings in their Complaint, Plaintiffs attempt to plead a market share liability theory that has repeatedly been rejected by the Fifth Circuit. Indeed, Louisiana does not recognize market share liability and requires that each product liability plaintiff allege, and ultimately prove, the particular manufacturer responsible for his or her

alleged injuries. Likewise, Louisiana has never adopted alternative liability, and even if it had, the requirements of that doctrine are not satisfied under the circumstances of this case.

Plaintiffs also use the improper pleading device of lumping all Defendants together in nearly every allegation, attempting to create the misimpression that each has engaged in substantially identical conduct. By grouping all "Defendants" together, Plaintiffs give no indication of which Defendant is alleged to have engaged in which conduct, and they thereby fail to put Georgia-Pacific on fair notice of the claims it is being called upon to defend.

For each of these reasons, any one of which, standing alone, requires dismissal, Plaintiffs' Complaint fails to state a viable claim against Georgia-Pacific as a matter of law.

**I.     Plaintiffs Have Not Plausibly Alleged That Georgia-Pacific LLC Manufactures or Sells Chinese Drywall**

Plaintiffs' allegations that Georgia-Pacific manufactures, distributes, markets or sells Chinese drywall are not sufficient to satisfy federal pleading requirements. Because Plaintiffs' entire Complaint is about alleged injuries caused by defective Chinese drywall (and, indeed, this case is part of the Chinese-Manufactured Drywall Products Liability MDL), this omission is fatal.

The Complaint's only specific substantive allegation against Georgia-Pacific is that "[u]pon information and belief, Georgia-Pacific LLC manufactured, distributed, marketed and/or sold the drywall at issue in this litigation." Am. Class Action Compl. ("Compl."), Dkt. No. 366 (Oct. 19, 2009), ¶ 23. The "drywall at issue in this litigation" is "defective Chinese Drywall." *See, e.g.*, Compl. ¶¶ 4, 11, 147, 149, 226. But Plaintiffs nowhere allege any facts that make their allegation that Georgia-Pacific either manufactures drywall in China or imports drywall from China for sale in the United States plausible.

Under Rule 8(a), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). A plaintiff's claim must be "plausible on its face." *Id.* at 570. It cannot be speculative. *Id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . "). The Supreme Court recently reaffirmed that this pleading standard applies to all civil actions. *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949-50, 1953 (2009). The lone allegation specific to Georgia-Pacific is a bare conclusion which does not adequately connect Georgia-Pacific to Chinese drywall.

The stark contrast between the inadequate allegations about Georgia-Pacific and those related to the lead defendant, Knauf Gips, is telling. The Complaint contains eight paragraphs spanning more than three pages related to the Knauf entities, as compared to the three-sentence allegation about Georgia-Pacific. *Compare* Compl. ¶¶ 15-22 to Compl. ¶ 23. It specifically lists three Knauf Gips manufacturing locations in China. *Id.* ¶ 16. Conversely, the bare allegation that "[u]pon information and belief" Georgia-Pacific "manufactured, distributed, marketed and/or sold the drywall at issue in this litigation, " *id.* ¶ 23, does not provide any plausible basis for believing that Georgia-Pacific manufactures or sells Chinese drywall. *See Twombly*, 550 U.S. at 570.

Indeed, neither Georgia-Pacific nor any other entity in the Georgia-Pacific corporate family manufactures drywall in China or imports drywall that has been manufactured in China

for sale in the United States.[1] Plaintiffs have recognized this by categorizing Georgia-Pacific drywall as "non-Chinese-manufactured" in a photographic catalog jointly submitted to this Court by the Plaintiffs' and Defendants' steering committees.[2] The Judicial Panel on Multidistrict Litigation also refused to transfer another action involving Georgia-Pacific drywall into this MDL because the Georgia-Pacific drywall "is not from China and is not manufactured or distributed by the same entities named as defendants in MDL No. 2047." Ex. A, *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, Order Vacating Conditional Transfer Order (J.P.M.L. Dec. 2, 2009).

Because the Complaint does not plausibly allege any connection between Georgia-Pacific and the issues and claims in this litigation, the claims against Georgia-Pacific should be dismissed.

## II.     Plaintiffs Have Not Alleged a Viable Cause of Action under Louisiana Law

Plaintiffs' Complaint does not set forth any cause of action even potentially available to them in Louisiana.[3] The Louisiana Products Liability Act ("LPLA") provides the "exclusive

---

[1]     Georgia-Pacific LLC, the only Georgia-Pacific entity named as a Defendant, does not manufacture or import any drywall products. Other entities in the Georgia-Pacific corporate family manufacture drywall solely in North America.

[2]     Plaintiffs' Complaint specifically references and relies upon that joint filing, Compl. ¶ 150, and the Court therefore can rely on the photographic catalog for purposes of deciding this motion. *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 208-09 & n.6 (5th Cir. 2009) (a court deciding a motion to dismiss may consider "documents incorporated in the complaint by reference").

[3]     Plaintiffs' Complaint states that "the law of the State where [each plaintiff's] property is located should apply to [that plaintiff's] claims . . . ." Compl. ¶ 228. Georgia-Pacific agrees that, under Louisiana choice-of-law rules, Louisiana law would apply to Plaintiffs' claims for damage to property and personal injury. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941) (federal court sitting in diversity applies the choice-of-law rules of the state in which it sits); La. Civ. Code Ann. art. 3545 (2009).

theories of liability [in Louisiana] for manufacturers for damage caused by their products." La. Rev. Stat. Ann. § 9:2800.52 (2009); *Cheeks v. Bayer Corp.*, No. 03-132 Section "L"(3), 2003 U.S. Dist. LEXIS 5236, at *3 (E.D. La. Mar. 28, 2003). Thus, the only claim even theoretically available against Georgia-Pacific for the property damage and personal injury Plaintiffs allege is under the LPLA, a cause of action they do not plead. *See Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1248, 1251 (5th Cir. 1997) (affirming dismissal of claims against a manufacturer for negligence and breach of implied warranty of fitness, among other claims); *Bladen v. C.B. Fleet Holding Co.*, 487 F. Supp. 2d 759, 766-67, 771-72 (W.D. La. 2007) (dismissing claims against a manufacturer under the Louisiana Unfair Trade Practices Act); *Hilton v. Atlas Roofing Corp.*, No. 05-4204 Section: I/4, 2006 U.S. Dist. LEXIS 30284, at *7 (E.D. La. May 17, 2006) (dismissing claims against a manufacturer for breach of express and implied warranties, negligence, fraud, and unjust enrichment). If Plaintiffs seek recovery for economic damages—which is not clear from their Complaint—the appropriate cause of action in Louisiana likely would be in redhibition, which they also have not pled. *PPG Indus., Inc. v. Indus. Laminates Corp.*, 664 F.2d 1332, 1335 (5th Cir. 1982) ("[T]he courts in Louisiana have held unequivocally that actions based on a breach of warranty against defects are to be brought in redhibition instead of as a breach of contract."); Order & Reasons, Dkt. No. 741 (Jan. 13, 2010), at 26 (identifying redhibition as a possible legal theory under Louisiana law in related cases).

### III. Even if Plaintiffs Had Alleged an Appropriate Cause of Action under Louisiana Law, They Have Not Alleged That Georgia-Pacific Drywall Caused Their Alleged Losses

The LPLA requires that a claimant show (among other things) that the defendant is the manufacturer of the allegedly defective product at issue. *Stanley v. Wyeth, Inc.*, 991 So. 2d 31, 33 n.2 (La. Ct. App. 2008) ("Under the LPLA the first element that must be proven by the claimant is that the defendant is the manufacturer of the product causing plaintiff's harm.");

5

*George v. Housing Auth. of New Orleans*, 906 So. 2d 1282, 1286 (La. Ct. App. 2005). Though redhibition has been expanded to include manufacturers, nothing in Louisiana law allows a buyer to recover in redhibition from an entity that did not manufacture or sell the allegedly defective product. *See Media Prod. Consultants, Inc. v. Mercedes-Benz of N. Am., Inc.*, 262 So. 2d 377, 380-81 (La. 1972).

The fact that the named Plaintiffs are attempting to sue on behalf of a class in no way changes the analysis. Applying Louisiana law, another court in this district recently dismissed claims where "[p]laintiffs d[id] not allege that the actions of any particular defendant were a substantial factor in causing the injuries suffered by any particular plaintiff, nor d[id] they assert a causal connection linking a particular defendant's operations to a particular plaintiff's injury." *Barasich v. Columbia Gulf Transmission Co.*, 467 F. Supp. 2d 676, 694 (E.D. La. 2006). Addressing plaintiffs' "apparent[ ] belie[f] that suing defendants as a class [could] overcome[ ] this defect" in their pleadings, the Court held that, even in a class context, "plaintiffs cannot impose liability on a defendant absent a showing of individual causation." *Id.*

Though Plaintiffs claim they have suffered damages and personal injuries from the drywall installed in their homes, they admittedly cannot meet their burden to identify the manufacturer of that drywall. Compl. ¶¶ 5, 7, 11, 13. Plaintiffs never allege that their homes contain drywall manufactured by any Georgia-Pacific entity or that Georgia-Pacific drywall has caused them any damage or loss. In fact, the Complaint and a document it incorporates by reference suggest just the opposite: that the drywall installed in Plaintiffs' homes is not Georgia-Pacific drywall. Plaintiffs allege that the drywall in their homes contains certain markings consisting of "unintelligible numbering" or "made in China." Compl. ¶¶ 5, 12. The markings on Georgia-Pacific drywall, as depicted in a photograph supplied to this Court by joint submission

6

of the PSC and DSC, are quite different and clearly show manufacture by a Georgia-Pacific entity. Ex. B, Excerpts of Chinese Drywall Markings: Photographic Examples, available at http://www.laed.uscourts.gov/Drywall/images/DrywallMarkings/27_GEORGIA_PACIFIC.pdf.

Having failed to allege that Georgia-Pacific manufactured the drywall in their homes, or caused them any damage or loss, Plaintiffs have failed to state a claim against Georgia-Pacific under Louisiana law. Consequently, they attempt to escape the established requirements of Louisiana law through some sort of market share or alternative liability theory. Compl. ¶¶ 147-52. Neither is available to them.

### A.  Plaintiffs May Not Use "Market Share" Liability to Avoid the Requirement of Alleging Which Manufacturer Caused Their Alleged Loss

As Plaintiffs articulate it, "market share" liability is a doctrine that makes manufacturers of fungible goods liable in proportion to their share of the market for that good where the actual manufacturer cannot be identified. Compl. ¶ 151. The Fifth Circuit has repeatedly held, however, that Louisiana does not recognize market share liability. *Jefferson*, 106 F.3d at 1248 n.13 ("as a matter of law, . . . the market share theory . . . is [not] a presently available alternative to the requirement that, to successfully plead the proximate cause element in a Louisiana products liability case, the plaintiff must identify the particular manufacturer of the product that causes the injury"); *Thompson v. Johns-Manville Sales Corp.*, 714 F.2d 581, 583 (5th Cir. 1983) (Louisiana has not recognized market share liability); *George*, 906 So. 2d at 1287; *see also Cimino v. Raymark Indus., Inc.*, 151 F.3d 297, 314 (5th Cir. 1998) ("we have on more than one occasion expressly refused to hold that Louisiana would apply a market share liability theory").

Even if Louisiana did recognize market share liability, Plaintiffs have not adequately pled that cause of action. Market share liability, where available, requires the product at issue to be "fungible." *Sindell v. Abbott Labs.*, 607 P.2d 924, 936 (Cal. 1980). In *Sindell*, the leading case

adopting this controversial doctrine in California, all versions of the drug at issue were alleged to have "identical" chemical formulas, making them fungible according to the court. *Id.* Plaintiffs here have made no such allegation: They do not claim (nor could they) that all Chinese-manufactured drywall is identical, either chemically or otherwise.[4]  Though they have baldly asserted that the "drywall at issue" is "fungible," Compl. ¶ 151, that allegation is a bare recital of one element of a cause of action (not even available in Louisiana) with no supporting facts, and does not meet Rule 8(a)'s pleading requirements. *See Twombly*, 550 U.S. at 555.

Market share liability also requires that the product at issue "cannot be traced to any specific producer." *Sindell*, 607 P.2d at 936. At best, Plaintiffs' Complaint alleges some difficulty tracing some drywall products to their manufacturers. Moreover, the photo of drywall allegedly manufactured by Georgia-Pacific provided to this Court by the PSC and DSC clearly identifies its manufacturer as a Georgia-Pacific entity. Ex. B. Market share liability is not available at all in Louisiana, and even if it were, Plaintiffs have not pled its requirements, especially with respect to Georgia-Pacific.

### B. Plaintiffs May Not Use "Alternative" Liability to Avoid the Requirement of Alleging Which Manufacturer Caused Their Alleged Loss

Nor is a burden-shifting "alternative liability" theory available to Plaintiffs. *See* Compl. ¶ 152. In the jurisdictions that have accepted the doctrine, "alternative liability" is available in the "extreme case" where more than one defendant acted negligently toward plaintiff and it cannot be determined which caused the plaintiffs' injury—for instance, in the famous case *Summers v. Tice*, 199 P.2d 1 (Cal. 1948), where two hunters simultaneously shot, but only one of

---

[4] Even more implausible would be any claim that Georgia-Pacific drywall—which is manufactured in North America—is identical to Chinese-manufactured drywall.

the bullets, which could not be traced to either hunter, injured the plaintiff.  *See Thompson*, 714 F.2d at 582-83 (discussing *Summers*).  As the Fifth Circuit has recognized, however, jurisdictions that allow alternative liability do so only against "defendants who were proved to have some factual connection with the plaintiffs' injury; to apply them to defendants as to which there is no proof of any such connection would beg the question of causation entirely."  *Id.*  Here, since Plaintiffs have not alleged a factual connection with Georgia-Pacific, their claims based on alternative liability fail as a matter of law.

More importantly, no reported case in Louisiana has ever adopted the theory of alternative liability.  *See In re Factor VIII or IX Concentrate Blood Prods. Litig.*, No. 94-0382 Section "C" Magistrate "3," 2000 U.S. Dist. LEXIS 3328, at *31-32 (E.D. La. Mar. 14, 2000).  A federal court sitting in diversity should not adopt the theory where Louisiana courts have not.  "[D]epartures" from the longstanding rule that a party bears the burden to trace his injury to a specific defendant "are for the Louisiana Courts, not for [the federal courts]."  *Thompson*, 714 F.2d at 583.

## IV. Plaintiffs' Use of the Collective Term "Defendants" throughout the Complaint Is Inadequate to State a Claim against Georgia-Pacific

Plaintiffs have named more than 90 defendants, plus twenty Doe defendants, in this action.  Georgia-Pacific appears to be the sole domestic entity ostensibly named for its alleged role as a drywall manufacturer.  Paragraph 23 of the Complaint sets forth the only allegations directed specifically to Georgia-Pacific: "Defendant Georgia-Pacific LLC is a Delaware limited liability corporation having its principal place of business in Atlanta, Georgia.  Georgia-Pacific LLC is involved in the manufacturing and/or sale of gypsum drywall.  Upon information and belief, Georgia-Pacific LLC manufactured, distributed, marketed and/or sold the drywall at issue in this litigation."  With this one exception, Georgia-Pacific is never specifically mentioned in

9

the Complaint.  Instead, the remainder of the Complaint simply lumps all Defendants together using the fictitious, collective term "Defendants."

Courts have routinely dismissed complaints which, like Plaintiffs' Complaint, "lump[ ] all the defendants together in each claim and provid[e] no factual basis to distinguish their conduct."  *Lane v. Capital Acquisitions and Mgmt. Co.*, No. 04-60602-CIV-MARRA/SELTZER, 2006 U.S. Dist. LEXIS 96422, at *15 (S.D. Fla. Apr. 14, 2006).  Where a suit merely alleges claims against an artificially constructed "collective 'defendant,'" "individual defendants cannot determine from the face of the Complaint [for] which acts or omissions the Plaintiffs seek to hold each of them liable."  *Id.* at *15-16; *see also Atuahene v. City of Hartford*, No. 00-7711, 2001 U.S. App. LEXIS 11694, at *3 (2d Cir. May 31, 2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, Atuahene's complaint failed to satisfy [Rule 8].");  *McLean v. U.S. Home Corp.*, No. 3:98-CV-0962-BC, 1999 U.S. Dist. LEXIS 7105, at *6-7 (N.D. Tex. May 11, 1999) (complaint alleging damages caused by "defendants" does not adequately allege damages caused by one defendant in particular).

That such claims cannot survive a motion to dismiss is all the more clear after the United States Supreme Court's decisions in *Twombly* and *Iqbal*, both of which require a plaintiff to allege both the elements of a cause of action and plausible grounds for recovery as to each defendant to withstand a motion to dismiss.  *Twombly*, 550 U.S. at 555, 570; *Iqbal*, 129 S. Ct. at 1949-50.  A complaint that asks a court to speculate about which allegations pertain to which defendant does not state a plausible basis for relief against any.  *See New Mexico v. Vanderbilt Capital Advisors, LLC*, No. CIV 09-0178 RB/MEH, 2009 U.S. Dist. LEXIS 105528, at *15-16 (D.N.M. Apr. 13, 2009) ("It is particularly noteworthy that, in circumstances in which multiple defendants are sued, the complaint must 'make clear exactly *who* is alleged to have done *what* to

10

*whom . . .* as distinguished from collective allegations.' . . . [I]f a complaint uses 'either the collective term "Defendants" or a list of the defendants named individually but with no distinction as to what acts are attributable to whom,' the Court will not speculate as to what acts a particular defendant is alleged to have committed.") (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008), and citing *Twombly,* 127 S. Ct. at 1970-71 n.10); *Pro Image Installers, Inc. v. Dillon*, No. 3:08cv273/MCR/MD, 2009 U.S. Dist. LEXIS 3777, at *6 (N.D. Fla. Jan. 15, 2009) ("The court finds that Pro Image's First Amended Verified Complaint does not meet even the minimum pleading standard of Rule 8(a), because it does not provide adequate notice to each defendant of the nature of the claims against it.  For example, the tort claims in Counts IV, V, and VI are pleaded against all or almost all the defendants, but very little in these counts distinguishes the eight defendants from each other . . . .") (footnote omitted).

The same result should obtain here.  Plaintiffs have added a company related solely to North American-manufactured drywall as a defendant in an MDL related solely to Chinese-manufactured drywall without alleging any good-faith factual basis for doing so.  They have failed to follow fundamental federal pleading requirements and have thereby failed to put Georgia-Pacific on adequate notice of the claims it is being called upon to defend.  *Twombly* and *Iqbal* dictate that dismissal of Plaintiffs' Complaint against Georgia-Pacific is required under these circumstances.

## CONCLUSION

This Court should dismiss the complaint against Georgia-Pacific under Fed. R. Civ. P. 8(a) and 12(b)(6).

Respectfully submitted,

| | |
|---|---|
| s/ Carolyn J. Frantz | William F. Hamilton |
| Adam L. Hoeflich, T.A. | HOLLAND & KNIGHT LLP |
| Carolyn J. Frantz | 100 N. Tampa St., Suite 4100 |
| Andrew C. Baak | Tampa, FL  33602 |
| Martha M. Pacold | Phone: 813-227-8500 |
| BARTLIT BECK HERMAN | Fax: 813-229-0134 |
|   PALENCHAR & SCOTT LLP | |
| 54 West Hubbard Street, Suite 300 | |
| Chicago, IL  60654 | |
| Telephone:  312-494-4400 | |
| Facsimile:  312-494-4440 | |

*Counsel for Defendant Georgia-Pacific LLC*

**CERTIFICATE OF SERVICE**

  I hereby certify that the above and foregoing document has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 12th day of February, 2010.

                 s/ Carolyn J. Frantz
                 Carolyn J. Frantz