UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANGELES P. BLALOCK, DONALD FISHER, NADJA FISHER, WILLIAM METHVIN, and DEBORAH METHVIN | * * * | CIVIL ACTION NO.: **09 - 3608** |
| Plaintiffs, | * | SECTION |
| | * | MAGISTRATE **SECT. J MAG. 1** |
| VERSUS | * * | |
| INTERIOR/EXTERIOR BUILDING SUPPLY, L.P., ET AL. | * * | |
| Defendants. | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS, and RULE 12(e) MOTION FOR MORE DEFINITE STATEMENT

Defendant, Interior/Exterior Building Supply, L.P., ("Interior/Exterior"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, objects to and moves to strike Article 21(b)-(e), (g), (i)-(m), (o), and (r)-(t) of the Class Action Petition for Damages filed on behalf of Plaintiffs, Angeles P. Blalock, Donald Fisher, Nadja Fisher, William Methvin, and Deborah Methvin, and on behalf of the class of Plaintiffs, on the grounds that these allegations are not available to these Plaintiffs under the Louisiana Products Liability Act, and moves, alternatively, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, to compel the Plaintiffs to clarify whether their

cause of action is brought in products liability against a manufacturer or in negligence against a seller of products, because the allegations are vague and ambiguous.

The allegations identified above are not in accordance with the pleading provisions of the Federal Rules of Civil Procedure and should be stricken.   At a minimum, Interior/Exterior requests that this Honorable Court order Plaintiffs to amend the Class Action Petition for Damages in such a manner as to allow Defendant to prepare a proper defense.

## ARGUMENT

I.   **Plaintiffs' Class Action Petition for Damages Fails to State a Claim Upon Which Relief can be Granted to the Extent it Makes Allegations Not Allowed Under the Louisiana Products Liability Act.**

Plaintiffs, Angeles P. Blalock, Donald Fisher, Nadja Fisher, William Methvin, Deborah Methvin, and the class of Plaintiffs, claim that Chinese drywall obtained from Interior/Exterior allegedly caused extensive property damage.   Plaintiffs allege in their Class Action Petition for Damages that the drywall was "manufactured, processed, distributed, delivered, supplied, marketed, sold, and/or installed by" Interior/Exterior.   *See*, Article 6 of the Plaintiffs' Class Action Petition for Damages.

In their Class Action Petition for Damages, Plaintiffs allege Interior/Exterior may be liable to them for negligence, negligent and/or intentional misrepresentation, exemplary, punitive, and/or other damages, relief to reduce threat of future harm, fraudulent concealment, fraudulent misrepresentation, intentional/negligent infliction of emotional distress, breach of implied warranty of merchantability, and for actions to defraud, misrepresent, and deceive Plaintiffs.   The only claim against Interior/Exterior in Plaintiffs' Class Action Petition for Damages is for products liability.   The Louisiana Products Liability Act provides the exclusive claims which may be brought against manufacturers for damage caused by their products.   *See*,

La. R.S. 2800.52 ("this Chapter establishes the *exclusive* theories of liability for manufacturers for damage caused by their products. A claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in this Chapter") (emphasis added).

The theories of liability allowed under the Louisiana Products Liability Act do not include negligence, negligent and/or intentional misrepresentation, exemplary, punitive, and/or other damages, relief to reduce threat of future harm, fraudulent concealment, fraudulent misrepresentation, intentional/negligent infliction of emotional distress, breach of implied warranty of merchantability, or actions to defraud, misrepresent, and deceive Plaintiffs. Pursuant to the Louisiana Products Liability Act, which establishes the exclusive theories of liability available against manufacturers for damage caused by their products, these other claims are beyond the scope of Louisiana law. *See, e.g., Humphries v. Cooper Truck Center*, 40,586 (La. App. 2 Cir. 03/08/06); 923 So.2d 940, 946 (noting that the Louisiana Products Liability Act establishes the exclusive theories of liability available against manufacturers for damage caused by their products). *See also, Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 261-262 (5th Cir. 2002) (noting that the Louisiana Products Liability Act limits a plaintiff's theories of recovery against a manufacturer of an allegedly defective product to those established by the Louisiana Products Liability Act).

Because Plaintiffs' allegations of negligence, negligent and/or intentional misrepresentation, exemplary, punitive, and/or other damages, relief to reduce threat of future harm, fraudulent concealment, fraudulent misrepresentation, intentional/negligent infliction of emotional distress, breach of implied warranty of merchantability, and for actions to defraud, misrepresent, and deceive Plaintiffs contained in Article 21 of their Class Action Petition for

Damages are not allowed under the Louisiana Products Liability Act, and therefore not recognized by Louisiana law, these allegations must be stricken from the Class Action Petition for Damages.

**II.     Plaintiffs' Class Action Petition for Damages Requires a More Definite Statement.**

In the event this Court does not strike the allegations in Article 21(b)-(e), (g), (i)-(m), (o), and (r)-(t) from the Class Action Petition for Damages, as stated above, it should direct Plaintiffs to make a more definite statement regarding the basis of their claim.

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the form of federal court pleadings and requires that every pleading "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiffs' Class Action Petition for Damages presents a claim for products liability against Interior/Exterior. However, Plaintiffs' Class Action Petition for Damages also alleges negligence, negligent and/or intentional misrepresentation, exemplary, punitive, and/or other damages, relief to reduce threat of future harm, fraudulent concealment, fraudulent misrepresentation, intentional/negligent infliction of emotional distress, breach of express warranties, breach of implied warranty of merchantability, and for actions to defraud, misrepresent, and deceive Plaintiffs. As explained above, the Louisiana Products Liability Act establishes the exclusive theories of liability available against manufacturers for damage caused by their products. These theories of liability do not include the ones listed above.

If Plaintiffs bring a claim for products liability against Interior/Exterior, Plaintiffs cannot also bring an action for damages based on one of the other allegations listed above, but it is unclear which of these theories of recovery Plaintiffs allege. Plaintiffs do not clearly state whether they intend to bring a claim against Interior/Exterior as a product manufacturer or a

seller of goods. Plaintiffs' allegations are so vague and nonspecific that Interior/Exterior cannot determine whether to prepare a defense against a products liability claim under the Louisiana Products Liability Act or against one of the other allegations listed above.

This Court must protect Interior/Exterior's inalienable right to know, in advance, the nature of the causes of action asserted against it. *Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1171 (1 Cir. 1995). Thus, Interior/Exterior respectfully requests that this Honorable Court order Plaintiffs to amend their Class Action Petition for Damages to clarify whether the claim brought against Interior/Exterior is brought exclusively under the Louisiana Products Liability Act or under one of the other allegations listed above, and to clearly give notice whether they intend to pursue Interior/Exterior as a product manufacturer, or as a mere seller of goods.

## CONCLUSION

Louisiana law and jurisprudence are unequivocal as they relate to Plaintiffs' claim of products liability alleged against Interior/Exterior. As explained above, claims other than the ones outlined in the Louisiana Products Liability Act are unavailable to the Plaintiffs. Accordingly, Article 21(b)-(e), (g), (i)-(m), (o), and (r)-(t) of Plaintiffs' Class Action Petition for Damages must be stricken to the extent it contains claims other than those recognized in the Louisiana Products Liability Act. Additionally, in the event Article 21 of Plaintiffs' Class Action Petition for Damages is not stricken by this Court as requested, the Plaintiffs' Class Action Petition for Damages is so vague and ambiguous as to leave Interior/Exterior uncertain of whether the allegations are brought against it as a product manufacturer based on the Louisiana Products Liability Act or as a seller of goods based on one of the other allegations listed above. Interior/Exterior is unable to formulate a complete answer as a result of this uncertainty. Therefore, Interior/Exterior respectfully moves this Court to strike the allegations in Article 21,

as described above, from the Plaintiffs' Class Action Petition for Damages.  In the alternative, Interior/Exterior moves this Court to order Plaintiffs to clarify whether their allegations are brought exclusively under the Louisiana Products Liability Act or under one of the other allegations listed above, and to clearly give notice whether they intend to pursue Interior/Exterior as a product manufacturer or as a mere seller of goods, as required by law.

**THE AUBERT LAW FIRM**

BY: _____
CHRISTOPHER J. AUBERT, T.A.
Louisiana State Bar Association Number 14057
DAVID M. GOLD
Louisiana State Bar Association Number 24720
506 E. Rutland Street
Covington, Louisiana 70433
Telephone: (504) 809-2000
Facsimile:  (504) 809-2001
ATTORNEYS FOR INTERIOR/EXTERIOR BUILDING SUPPLY, L.P.

## CERTIFICATE OF SERVICE

I certify that a copy of this Memorandum in Support of Rule 12(b)(6) Motion to Dismiss, and Rule 12(e) Motion for More Definite Statement has been served on the following counsel by United States mail, postage prepaid and properly addressed, this _____ day of May 2009:

Scott R. Bickford, Esquire
Lawrence J. Centola, III, Esquire
Roshawn H. Donahue, Esquire
MARTZELL & BICKFORD
338 Lafayette Street
New Orleans, Louisiana   70130
ATTORNEYS FOR PLAINTIFFS

_____
DAVID M. GOLD