## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ANGELES BLALOCK, et al.** | * | **CIVIL ACTION NO. 09-3608** |
| | * | |
| **VERSUS** | * | |
| | * | |
| **INTERIOR/EXTERIOR** | * | |
| **BUILDING SUPPLY, et al.** | * | **SEC. J, MAG. 1** |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM IN SUPPORT OF MOTION TO REMAND

MAY IT PLEASE THE COURT:

_____Putative Class Plaintiffs move this Honorable Court to remand this case to the Civil District Court for the Parish of Orleans and asks that this Court find that no federal jurisdiction under CAFA exists and/or decline to exercise jurisdiction under 28 U.S.C. §1332(d)(2) because:

A.)     Defendants did not prove "minimal diversity" exists;

B.)     Greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of Louisiana, the Defendants are citizens of Louisiana, and the action was originally filed in Louisiana. [The "home state exception" found at 28 U.S.C. §1332(d)(4)(B)];

1

# I.  **INTRODUCTION AND BACKGROUND**

Putative Class Plaintiffs filed this class action on April 7, 2009 against the Defendants, Interior/Exterior Building Supply, L.P. and Interior/Exterior Enterprises, L.L.C. (hereinafter collectively "Interior/Exterior") for damages suffered by the class of plaintiffs resulting from the Defendants' manufacturing, processing, distributing, delivering, suppling, inspecting, marketing and/or sale of defective gypsum drywall from China ("Chinese Drywall").  Defendants are liable to Putative Class Plaintiffs under the Louisiana Products Liability Act[1] and under redhibition.[2]

The instant class of plaintiffs is defined in the state court petition as:

> *All persons who own a home in the State of Louisiana in which Defendant's drywall was installed.*

(See Doc. 1-2, para. 19, Class Action Petition for Damages.)  Defendants attempt to manufacture "minimal diversity" for purposes of the Class Action Fairness Act ("CAFA")[3] arguing that at least three out-of-state companies purchased Chinese Drywall from Interior/Exterior and, as these three out-of-state companies are putative class members, minimal diversity exists.

Defendants have not put forth sufficient evidence to prove that the three out-of-state companies [none of whom are listed as active entities with the Louisiana Secretary of State (See Doc. 1-3)], own any home in the State of Louisiana in which Defendant's drywall was installed, and thus Defendants have not carried their burden under CAFA.  The alleged out-of-state parties noted by

---

[1]La. R.S. 9:2800.52 *et seq.*

[2]La. C.C. art. 2541 *et seq.*

[3]28 U.S.C. §1332(d)

Defendants are not putative class members because there is no proof of home ownership by these out-of-state companies. Regardless, this Court must decline jurisdiction under the home state exception to CAFA jurisdiction.

## II. LAW AND ARGUMENT

### A.   DEFENDANTS HAD BURDEN TO PROVE "MINIMAL DIVERSITY" AND DID NOT CARRY THEIR BURDEN.

The removing party bears the burden of showing that removal was proper. Smallwood v. Illinois Central Railroad Company, 385 F.3d 568, 573 (5th Cir.2004). Federal removal statutes are strictly construed. Sygenta Crop Protection, Inc. V. Henson, 537 U.S. 28, 32 (2002). Any doubt as to the propriety of the removal must be construed against removal. Diez v. Sheppard, 85 F.3rd 1502, 1505 (11th Cir. 1996). Removal cannot be based upon conclusory allegations. White v. FCI USA, Inc., 319 F.3d 672, 675 (5th Cir. 2003).

Defendants removed this action under CAFA alleging minimal diversity alleging Defendants sold Chinese Drywall to three inactive corporate entities that are citizens of other states besides Louisiana. The state court Class Action Petition for Damages defines the putative class as:

> All persons who own a home in the State of Louisiana in which Defendant's drywall was installed.

(See Doc. 1-2, para. 19, Class Action Petition for Damages.) Defendants do not allege that any of the three inactive corporate entities listed in Doc. 1-2 own a home in the State of Louisiana that contained Chinese Drywall.

Defendants did not prove that the three inactive corporate entities listed by Defendants in their removal documents own homes with Chinese Drywall in Louisiana. To be a putative class

member in this action, the out-of-state entities must *own a home in Louisiana.* The mere purchase of Chinese Drywall does not make a juridical person a putative class member under the class proposed in the state court Class Action Petition for Damages. Defendants have not alleged and have not attempted to prove that Savoir-Vivre, LLC, Hi-Lo Auto Supply, LP, or Slidell Property Management, LLC own a home in Louisiana.

The three inactive corporate entities listed by Defendants are not putative class members. Thus, Defendants have not shown that minimal diversity exists, and this Court respectfully does not have jurisdiction over the state court class action under CAFA. The Motion to Remand must be granted.

**B.    THE "HOME STATE" EXCEPTION APPLIES TO THIS CLASS PETITION.**

The home state exception to CAFA provides that the district court shall decline to exercise jurisdiction when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. §1332(d)(4)(B). CAFA uses the mandatory language that a district court "shall decline to exercise jurisdiction" if the home state exception applies. Because the factors of the home state exception are met, this Court must decline jurisdiction under CAFA in this case.

*1.    Two-Thirds or More of the Members of all Proposed Plaintiff Classes are Citizens of Louisiana.*

Citizenship, for diversity purposes, is determined by "domicile," which is defined as "permanent residence in a particular state with the intention of remaining." Stine v. Moore, 213 F.2d 446, 448 (5th Cir.1954). The Putative Class of plaintiffs in the state court petition are Louisiana

4

homeowners who have Chinese Drywall.  Although it is possible that some Louisiana homeowners who have Chinese Drywall are domiciled in other states, two-thirds or more of the proposed class of Louisiana homeowners who have Chinese Drywall are citizens of Louisiana.[4]

In Caruso v. Allstate, 469 F. Supp.2d 364 (E.D.La. 2007), Judge Vance recognized a common sense presumption regarding the citizenship of a closed end class of persons when analyzing CAFA exceptions.  This common sense presumption has been recognized by the Fifth Circuit in Preston v. Tenet Healthsystem Memorial Medical Center, Inc., 485 F.3d 804, (5th Cir. 2007) and has been adopted by other members of this bench.  See Bennett v. Board of Commissioners, 2007 WL 2571942 (E.D.La.).

This Court should take the common sense presumption recognized as proper by the Fifth Circuit to determine that two-thirds or more of the proposed class of Louisiana homeowners who have Chinese Drywall are citizens of Louisiana.

2.      *Both Defendants are Citizens of Louisiana.*

Both Interior/Exterior Building Supply, L.P. and Interior/Exterior Enterprises, L.L.C. are domiciled in New Orleans, Louisiana, (See Exhibit "A").   Thus, Defendants are citizens of Louisiana.

3.      *This Action was filed in New Orleans, Louisiana.*

---

[4]Putative Class Plaintiffs ask this Court to take judicial notice that two-thirds or more of Louisiana homeowners who have Chinese Drywall are citizens of Louisiana.  Brown v. Piper, 91 U.S. 37, 1 Otto 37, 1875 WL 17867 (U.S.Mass.), 23 L.Ed. 200.  If this Court declines to take judicial notice of the fact that two-thirds or more of Louisiana homeowners who have Chinese Drywall are citizens of Louisiana, Putative Class Plaintiffs request that discovery be conducted to prove the citizenship of the Louisiana homeowners with Chinese Drywall.

The state court Class Action Petition for Damages was originally filed in New Orleans, Louisiana.  (See Doc. 1-2).

4.      *All Three Prongs of the "Home State" Exception are Met.*

Because two-thirds of the members of the class are citizens of Louisiana, because the defendants are citizens of Louisiana, and because the state court Class Action Petition for Damages was filed in Louisiana, the home state exception to CAFA jurisdiction applies and this Court must decline jurisdiction.

## III.  **CONCLUSION**

Defendants have the burden on removal to show that removal was proper.  Defendants have not proven that any of the three inactive corporate entities listed in Doc. 1-2 own a home in the State of Louisiana that contained Chinese Drywall.  Thus, the out-of-state entities are not putative class members.  Defendants did not carry their burden of minimal diversity and this Court does not have jurisdiction under CAFA.

Regardless, this Court must decline CAFA jurisdiction under the home state exception. Putative Class Plaintiffs respectfully request that this Motion to Remand be granted.


Respectfully submitted,

**MARTZELL & BICKFORD, A.P.C.**

/S/ *Lawrence J. Centola, III*
**SCOTT R. BICKFORD T.A. (#1165)**
**LAWRENCE J. CENTOLA, III (#27402)**
**SPENCER R. DOODY (#27795)**
**NEIL F. NAZARETH (#28969)**

6

**ROSHAWN DONAHUE (#30905)**
338 Lafayette Street
New Orleans, Louisiana 70130
(504) 581-9065
(504) 581-7635 (facsimile)

**ATTORNEYS FOR PUTATIVE CLASS PLAINTIFFS**

<u>**CERTIFICATE OF SERVICE**</u>

_____I hereby certify that on the <u>2nd</u> day of June 2009, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to the following:

Chris Aubert

David Michael Gold

/S/ Lawrence J. Centola, LLL

7