**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | ) | |
| DRYWALL PRODUCTS LIABILITY | ) | MDL NO. 2047 |
| LITIGATION | ) | |
| | ) | SECTION: L |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | JUDGE FALLON |
| Duane Ankney v. Knauf Gips KG, et al., | ) | |
| CASE NO.: 2:09-CV-04113 | ) | MAG. JUDGE WILKINSON |
| | ) | |

### ANSWER, AFFIRMATIVE DEFENSES, AND CROSS-CLAIMS OF L&W SUPPLY CORPORATION d/b/a SEACOAST SUPPLY

Defendant, L&W SUPPLY CORPORATION d/b/a SEACOAST SUPPLY ("Defendant" or "L&W Supply"), by and through its undersigned attorneys, hereby files its Answer, Affirmative Defenses, and Cross-Claims in response to Plaintiff's Class Action Complaint ("Plaintiff's Complaint") and says:

1. Defendant denies the allegations of Paragraph 1 to the extent they purport to apply to Defendant and specifically denies that it supplied drywall used in Plaintiff Duane Ankney's home. To the extent the allegations of Paragraph 1 apply to other entities, no response is required.

2. Defendant denies the allegations of Paragraph 2 to the extent they purport to apply to Defendant. To the extent the allegations of Paragraph 2 apply to other entities, no response is required.

3. Defendant denies the allegations of Paragraph 3 to the extent they purport to apply to Defendant. To the extent the allegations of Paragraph 3 apply to other entities, no response is required.

4.      Defendant denies the allegations of Paragraph 4 to the extent they purport to apply to Defendant.   To the extent the allegations of Paragraph 4 apply to other entities, no response is required.

5.      Defendant denies the allegations of Paragraph 5 to the extent they purport to apply to Defendant.   To the extent the allegations of Paragraph 5 apply to other entities, no response is required.

6.      In response to the allegations of Paragraph 6, Defendant admits that Plaintiff has filed this lawsuit as a putative class action.   Defendant denies any remaining allegations contained in Paragraph 6.   Defendant further states that this lawsuit does not meet the standards for a class action.

7.      In response to the allegations of Paragraph 7, Defendant admits that Plaintiff has filed this lawsuit as a putative class action.   Defendant denies any remaining allegations contained in Paragraph 7.

8.      Paragraph 8 contains legal conclusions to which no response is required and further contains allegations which Defendant lacks information sufficient to admit or deny; therefore, Defendant denies the allegations of Paragraph 8 to the extent a response is required.

9.      In response to the allegations of Paragraph 9, Defendant states that the first sentence of Paragraph 9 contains legal conclusions to which no response is required and further contains allegations which Defendant lacks information sufficient to admit or deny; therefore, Defendant denies the allegations of the first sentence of Paragraph 9 to the extent a response is required.   Defendant denies the allegations of the second sentence of Paragraph 9 to the extent they purport to apply to Defendant.   To the extent the

allegations of the second sentence of Paragraph 9 apply to other entities, no response is required.

10.     In response to the allegations of Paragraph 10, Defendant lacks information sufficient to admit or deny the allegation as to Duane Ankney's current place of residence and, therefore, denies same.  Defendant denies all other allegations in Paragraph 10.

11.     In response to the allegations of Paragraph 11, Defendant admits that Knauf Gips is a corporate entity headquartered in Germany.  Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 11 and, therefore, denies the same.

12.     In response to the allegations of Paragraph 12, Defendant admits that Knauf Gips is a manufacturer of building materials.  Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 12 and, therefore, denies the same.

13.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 13 and, therefore, denies the same.

14.     In response to the allegations of Paragraph 14, Defendant admits, upon information and belief, that Knauf has three wallboard manufacturing plants in China, which are located in Wuhu, Tianjin, and Donnguan, and that the manufacture of wallboard in the plants is directly or indirectly controlled by Knauf Gips or its affiliates. Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 14 and, therefore, denies the same.

15.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 15 and, therefore, denies the same.

16.     Paragraph 16 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

17.     Paragraph 17 and its subparts contain legal conclusions and/or factual allegations regarding another defendant that require no response.

18.     Paragraph 18 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

19.     In response to the allegations of Paragraph 19, Defendant admits, upon information and belief, that Knauf has three wallboard manufacturing plants in China, which are located in Wuhu, Tianjin, and Donnguan, and that the manufacture of wallboard in the plants is directly or indirectly controlled by Knauf Gips or its affiliates. Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 19 and, therefore, denies the same.

20.     In response to the allegations of Paragraph 20, Defendant admits, upon information and belief, that Knauf has three wallboard manufacturing plants in China, which are located in Wuhu, Tianjin, and Donnguan, and that the manufacture of wallboard in the plants is directly or indirectly controlled by Knauf Gips or its affiliates. Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 20 and, therefore, denies the same.

21.     In response to the allegations of Paragraph 21, Defendant admits that Knauf Gips is headquartered in Germany.  Defendant further admits, upon information and belief, that Knauf has three wallboard manufacturing plants in China, which are

located in Wuhu, Tianjin, and Donnguan, and that the manufacture of wallboard in the plants is directly or indirectly controlled by Knauf Gips or its affiliates. Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 21 and, therefore, denies the same.

22.     Paragraph 22 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

23.     Paragraph 23 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

24.     Paragraph 24 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

25.     In response to the allegations of Paragraph 25, Defendant admits that in 2006 it purchased wallboard manufactured in China by Knauf and further admits, upon information and belief, that Knauf sold wallboard to other distributors in the United States. L&W Supply's purchases were made at a time when there was a shortage of domestically manufactured wallboard. Defendant denies the remaining allegations of Paragraph 25 to the extent they purport to apply to Defendant. To the extent the remaining allegations of Paragraph 25 apply to other entities, no response is required.

26.     Paragraph 26 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

27.     Paragraph 27 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

28.     Paragraph 28 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

29.    Defendant lacks information sufficient to admit or deny the allegations of Paragraph 29 and, therefore, denies the same.

30.    In response to the allegations of Paragraph 30, Defendant admits that in 2006 L&W Supply Corporation purchased wallboard manufactured in China by Knauf and further admits, upon information and belief, that Knauf sold wallboard to other distributors in the United States.  L&W Supply's purchases were made at a time when there was a shortage of domestically manufactured wallboard.  Defendant denies the remaining allegations of Paragraph 30 to the extent they purport to apply to Defendant.  To the extent the remaining allegations of Paragraph 30 apply to other entities, no response is required.

31.    Defendant lacks information sufficient to admit or deny the allegations of Paragraph 31 and, therefore, denies the same.

32.    Defendant lacks information sufficient to admit or deny the allegations of Paragraph 32 and, therefore, denies the same.

33.    Defendant lacks information sufficient to admit or deny the allegations of Paragraph 33 and, therefore, denies the same.

34.    Defendant lacks information sufficient to admit or deny the allegations of Paragraph 34 and, therefore, denies the same.

35.    Defendant lacks information sufficient to admit or deny the allegations of Paragraph 35 and, therefore, denies the same.

36.    In response to the allegations of Paragraph 36, Defendant denies that the "shipments" referenced in Paragraph 36 were imported by United States Gypsum

Corporation. Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 36 and, therefore, denies the same.

37.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 37 and, therefore, denies the same.

38.     In response to the allegations of Paragraph 38, Defendant admits, upon information and belief, that Knauf Plasterboard (Tianjin) Co., Ltd. is a corporation, subsidiary, or other entity affiliated with or related to Knauf Gips.  Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 38 and, therefore, denies the same.

39.     Paragraph 39 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

40.     Paragraph 40 and its subparts contain legal conclusions and/or factual allegations regarding another defendant that require no response.

41.     Paragraph 41 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

42.     In response to the allegations of Paragraph 42, Defendant admits, upon information and belief, that Knauf Plasterboard (Wuhu) Co., Ltd. is a corporation, subsidiary, or other entity affiliated with or related to Knauf Gips.  Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 42 and, therefore, denies the same.

43.     Paragraph 43 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

44.     Paragraph 44 and its subparts contain legal conclusions and/or factual allegations regarding another defendant that require no response.

45.     Paragraph 45 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

46.     In response to the allegations of Paragraph 46, Defendant admits, upon information and belief, that Knauf Plasterboard (Dongguan) Co., Ltd. is a corporation, subsidiary, or other entity affiliated with or related to Knauf Gips.  Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 46 and, therefore, denies the same.

47.     Paragraph 47 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

48.     Paragraph 48 and its subparts contain legal conclusions and/or factual allegations regarding another defendant that require no response.

49.     Paragraph 49 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

50.     In response to the allegations of Paragraph 50, Defendant admits, upon information and belief, that there is a company named Knauf Insulation GmbH, which has facilities in Shelbyville, Indiana.  Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 50 and, therefore, denies the same.

51.     Paragraph 51 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

52.     Paragraph 52 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

53.      Paragraph 53 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

54.      Paragraph 54 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

55.      Paragraph 55 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

56.      Paragraph 56 and its subparts contain legal conclusions and/or factual allegations regarding another defendant that require no response.

57.      Paragraph 57 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

58.      In response to the allegations of Paragraph 58, Defendant admits that in 2006 it purchased wallboard manufactured in China by Knauf and further admits, upon information and belief, that Knauf sold wallboard to other distributors in the United States.   L&W Supply's purchases were made at a time when there was a shortage of domestically manufactured wallboard.   Defendant denies the remaining allegations of Paragraph 58 to the extent they purport to apply to Defendant.   To the extent the remaining allegations of Paragraph 58 apply to other entities, no response is required.

59.      Defendant denies the allegations of Paragraph 59 to the extent they purport to apply to Defendant.   To the extent the allegations of Paragraph 59 apply to other entities, no response is required.

60.      Paragraph 60 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

61.     In response to the allegations of Paragraph 61, Defendant admits that USG Corporation is a Delaware corporation with its headquarters in Chicago, Illinois, and that L&W Supply, a subsidiary of USG Corporation, is the leading specialty building products distribution business in the United States.  L&W Supply Corporation further admits that it is authorized to and conducts business in Florida. Defendant denies the allegations of Paragraph 61 not explicitly admitted.

62.     In response to the allegations of Paragraph 62, Defendant admits that Gebr. Knauf Verwaltungsgesellschaft KG was a shareholder of USG Corporation.   In December 2009, the shares owned by Gebr. Knauf Verwaltungsgesellschaft KG were transferred to C&G Verwaltungs GmbH, an indirect subsidiary of Gebr. Knauf Verwaltungsgesellschaft KG.  Defendant denies the remaining allegations of Paragraph 62.

63.     In response to the allegations of Paragraph 63, Defendant admits that it is a Delaware corporation that is authorized to and conducts business in Florida, that it is a subsidiary of USG Corporation, and that it conducts business under the name Seacoast Supply at certain locations in Florida.

64.     Paragraph 64 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

65.     Paragraph 65 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

66.     Paragraph 66 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

67. Paragraph 67 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

68. Paragraph 68 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

69. In response to the allegations of Paragraph 69, Defendant admits that gypsum board is the generic name for panel-type products consisting of a noncombustible core, primarily of gypsum, with a paper surfacing on the face, back, and long edges. Gypsum board is often called drywall, wallboard, or plasterboard. Generally speaking, in making gypsum wallboard, gypsum must be partially dehydrated or calcined to produce calcium sulfate hemihydrate, commonly called stucco. The calcining process occurs by heating the gypsum, driving off approximately three-fourths of the chemically combined water. The calcined gypsum is then mixed with water and additives to form a slurry. The additives may include paper fiber, fiberglass, plasticizer, foaming agent, accelerators, starch, retarders, and/or other additives for mold and fire resistance. Some manufacturers may use foaming agents including alkyl ethoxy sulfates, and dispersing agents or plasticizers such as lignin or naphthalene sulfonates. The slurry is fed between continuous layers of paper on a wallboard line. As the board moves down the conveyer line, the calcium sulfate recrystallizes or rehydrates, reverting to a hardened state. The paper becomes chemically and mechanically bonded to the gypsum core. The board is then cut to length and conveyed through dryers to remove any free moisture. Defendant further states that the specific processes for manufacture of gypsum wallboard vary by manufacturer, and defendant admits only that the foregoing is a general description of

how gypsum wallboard is made. Defendant denies all allegations not specifically admitted.

70. In response to the allegations of Paragraph 70, Defendant incorporates herein its response to Paragraph 69.

71. In response to the allegations of Paragraph 71, Defendant incorporates herein its response to Paragraph 69.

72. In response to the allegations of Paragraph 72, Defendant incorporates herein its response to Paragraph 69.

73. In response to the allegations of Paragraph 73, Defendant incorporates herein its response to Paragraph 69.

74. In response to the allegations of Paragraph 74, Defendant incorporates herein its response to Paragraph 69.

75. In response to the allegations of Paragraph 75, Defendant incorporates herein its response to Paragraph 69.

76. In response to the allegations of Paragraph 76, Defendant admits that drywall it sells may be made from mined gypsum, synthetic gypsum, or a combination of both. Defendant is without information sufficient to answer for other defendants, and therefore denies the allegations as they relate to other defendants.

77. Defendant denies the allegations of Paragraph 77 to the extent they purport to apply to Defendant. To the extent the allegations of Paragraph 77 apply to other entities, no response is required.

78.     Defendant denies the allegations of Paragraph 78.  Defendant is aware of studies prior to this lawsuit relating to sulfide emissions from landfills containing gypsum wallboard but not studies relating to installed wallboard.

79.     Defendant denies the allegations of Paragraph 79 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 79 apply to other entities, no response is required.

80.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 80 and, therefore, denies the same.

81.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 81 and, therefore, denies the same.

82.     In response to the allegations of Paragraph 82, Defendant lacks information sufficient to admit or deny the allegations of the first sentence of Paragraph 82 and, therefore, denies the same.  Defendant denies all other allegations of Paragraph 82 to the extent they apply to Defendant.  To the extent the remaining allegations of Paragraph 82 apply to other entities, no response is required.

83.     Paragraph 83 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

84.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 84 and, therefore, denies the same.

85.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 85 and, therefore, denies the same.

86.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 86 and, therefore, denies the same.

87.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 87 and, therefore, denies the same.

88.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 88 and, therefore, denies the same.

89.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 89 and, therefore, denies the same.

90.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 90 and, therefore, denies the same.

91.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 91 and, therefore, denies the same.

92.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 92 and, therefore, denies the same.

93.     Defendant denies the allegations of Paragraph 93 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 93 apply to other entities, no response is required.

94.     Defendant denies the allegations of Paragraph 94 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 94 apply to other entities, no response is required.

95.     Defendant denies the allegations of Paragraph 95 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 95 apply to other entities, no response is required.

96.     Defendant denies the allegations of Paragraph 96 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 96 apply to other entities, no response is required.

97.     Paragraph 97 contains legal conclusions to which no response is required. To the extent a response is required to any allegations in Paragraph 97, Defendant denies those allegations.

98.     In response to the allegations of Paragraph 98, Defendant admits that Plaintiff has filed this lawsuit as a putative class action.  Defendant denies any remaining allegations contained in Paragraph 98 and its subparts.  Defendant further states that this lawsuit does not meet the standards for a class action.

99.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 99 and, therefore, denies the same.

100.    Defendant denies the allegations of Paragraph 100 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 100 apply to other entities, no response is required.

101.    Defendant denies the allegations of Paragraph 101 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 101 apply to other entities, no response is required.

102.    Paragraph 102 and its subparts contain legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 102, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

103.     Paragraph 103 contains legal conclusions that require no response.  To the extent a response is required, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

104.     Defendant denies the allegations of Paragraph 104.

105.     Paragraph 105 contains legal conclusions that require no response.  To the extent a response is required, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

106.     Paragraph 106 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 106, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

107.     Paragraph 107 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 107, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

108.     Paragraph 108 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 108, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

109.     Paragraph 109 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 109, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

110.    Paragraph 110 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 110, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

111.    Paragraph 111 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 111, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

112.    In response to Paragraph 112, Defendant incorporates herein its responses to Paragraphs 1 through 111.

113.    Defendant denies the allegations of Paragraph 113 and its subparts to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 113 apply to other entities, no response is required.

114.    Defendant denies the allegations of Paragraph 114 and its subparts to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 114 apply to other entities, no response is required.

115.    Defendant denies the allegations of Paragraph 115 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 115 apply to other entities, no response is required.

116.    Defendant denies the allegations of Paragraph 116 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 116 apply to other entities, no response is required.

117.    Defendant denies the allegations of Paragraph 117 and its subparts to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 117 apply to other entities, no response is required.

118.    In response to Paragraph 118, Defendant incorporates herein its responses to Paragraphs 1 through 117.

119.    Defendant denies the allegations of Paragraph 119 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 119 apply to other entities, no response is required.

120.    Defendant denies the allegations of Paragraph 120 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 120 apply to other entities, no response is required.

121.    Defendant denies the allegations of Paragraph 121 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 121 apply to other entities, no response is required.

122.    Defendant denies the allegations of Paragraph 122 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 122 apply to other entities, no response is required.

123.    Defendant denies the allegations of Paragraph 123 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 123 apply to other entities, no response is required.

124.    Defendant denies the allegations of Paragraph 124 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 124 apply to other entities, no response is required.

125.    Defendant denies the allegations of Paragraph 125 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 125 apply to other entities, no response is required.

126.    Defendant denies the allegations of Paragraph 126 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 126 apply to other entities, no response is required.

127.    Defendant denies the allegations of Paragraph 127 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 127 apply to other entities, no response is required.

128.    Defendant denies the allegations of Paragraph 128 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 128 apply to other entities, no response is required.

129.    Defendant denies the allegations of Paragraph 129 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 129 apply to other entities, no response is required.

130.    Defendant denies the allegations of Paragraph 130 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 130 apply to other entities, no response is required.

131.    Defendant denies the allegations of Paragraph 131 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 131 apply to other entities, no response is required.

132.    Defendant denies the allegations of Paragraph 132 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 132 apply to other entities, no response is required.

133.    Defendant denies the allegations of Paragraph 133 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 133 apply to other entities, no response is required.

134.    Defendant denies the allegations of Paragraph 134 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 134 apply to other entities, no response is required.

135.    Defendant denies the allegations of Paragraph 135 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 135 apply to other entities, no response is required.

136.    Defendant denies the allegations of Paragraph 136 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 136 apply to other entities, no response is required.

137.    Defendant denies the allegations of Paragraph 137 and its subparts to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 137 apply to other entities, no response is required.

138.    In response to Paragraph 138, Defendant incorporates herein its responses to Paragraphs 1 through 137.

139.    Paragraph 139 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 139, Defendant denies the same.

140.     Paragraph 140 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 140, Defendant denies the same.

141.     Paragraph 141 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 141, Defendant denies the same.

142.     Defendant denies the allegations of Paragraph 142 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 142 apply to other entities, no response is required.

143.     Defendant denies the allegations of Paragraph 143 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 143 apply to other entities, no response is required.

144.     Defendant denies the allegations of Paragraph 144 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 144 apply to other entities, no response is required.

145.     Defendant denies the allegations of Paragraph 145 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 145 apply to other entities, no response is required.

146.     Defendant denies the allegations of Paragraph 146 and its subparts to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 146 apply to other entities, no response is required.

147.     In response to Paragraph 147, Defendant incorporates herein its responses to Paragraphs 1 through 146.

148.     Defendant denies the allegations of Paragraph 148 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 148 apply to other entities, no response is required.

149.     In response to the allegations of Paragraph 149, Defendant admits that it is a distributor of drywall and related building products.  To the extent the allegations of Paragraph 149 apply to other entities, no response is required.

150.     Defendant denies the allegations of Paragraph 150 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 150 apply to other entities, no response is required.

151.     Defendant denies the allegations of Paragraph 151 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 151 apply to other entities, no response is required.

152.     Defendant denies the allegations of Paragraph 152 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 152 apply to other entities, no response is required.

153.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 153 and, therefore, denies the same.

154.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 154 and, therefore, denies the same.

155.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 155 and, therefore, denies the same.

156.    Defendant denies the allegations of Paragraph 156 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 156 apply to other entities, no response is required.

157.    Defendant denies the allegations of Paragraph 157 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 157 apply to other entities, no response is required.

158.    Defendant denies the allegations of Paragraph 158 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 158 apply to other entities, no response is required.

159.    Defendant denies the allegations of Paragraph 159 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 159 apply to other entities, no response is required.

160.    Defendant denies the allegations of Paragraph 160 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 160 apply to other entities, no response is required.

161.    Defendant denies the allegations of Paragraph 161 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 161 apply to other entities, no response is required.

162.    Defendant denies the allegations of Paragraph 162 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 162 apply to other entities, no response is required.

163.    Defendant denies the allegations of Paragraph 163 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 163 apply to other entities, no response is required.

164.    Defendant denies the allegations of Paragraph 164 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 164 apply to other entities, no response is required.

165.    Defendant denies the allegations of Paragraph 165 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 165 apply to other entities, no response is required.

166.    Defendant denies the allegations of Paragraph 166 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 166 apply to other entities, no response is required.

167.    Defendant denies the allegations of Paragraph 167 and its subparts to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 167 apply to other entities, no response is required.

168.    In response to Paragraph 168, Defendant incorporates herein its responses to Paragraphs 1 through 167.

169.    Paragraph 169 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 169, Defendant denies the same.

170.    Paragraph 170 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 170, Defendant denies the same.

171.     Paragraph 171 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 171, Defendant denies the same.

172.     Defendant denies the allegations of Paragraph 172 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 172 apply to other entities, no response is required.

173.     Defendant denies the allegations of Paragraph 173 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 173 apply to other entities, no response is required.

174.     Defendant denies the allegations of Paragraph 174 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 174 apply to other entities, no response is required.

175.     Defendant denies the allegations of Paragraph 175 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 175 apply to other entities, no response is required.

176.     In response to Paragraph 176, Defendant incorporates herein its responses to Paragraphs 1 through 175.

177.     Defendant denies the allegations of Paragraph 177 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 177 apply to other entities, no response is required.

178.     Defendant denies the allegations of Paragraph 178 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 178 apply to other entities, no response is required.

179.     Defendant denies the allegations of Paragraph 179 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 179 apply to other entities, no response is required.

180.     Defendant denies the allegations of Paragraph 180 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 180 apply to other entities, no response is required.

181.     Defendant denies the allegations of Paragraph 181 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 181 apply to other entities, no response is required.

182.     Defendant denies the allegations of Paragraph 182 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 182 apply to other entities, no response is required.

183.     Defendant denies the allegations of Paragraph 183 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 183 apply to other entities, no response is required.

184.     Defendant denies the allegations of Paragraph 184 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 184 apply to other entities, no response is required.

185.     Defendant denies the allegations of Paragraph 185 and its subparts to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 185 apply to other entities, no response is required.

186.     In response to Paragraph 186, Defendant incorporates herein its responses to Paragraphs 1 through 185.

187.     Defendant denies the allegations of Paragraph 187 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 187 apply to other entities, no response is required.

188.     Defendant denies the allegations of Paragraph 188 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 188 apply to other entities, no response is required.

189.     Defendant denies the allegations of Paragraph 189 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 189 apply to other entities, no response is required.

190.     Defendant denies the allegations of Paragraph 190 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 190 apply to other entities, no response is required.

191.     Defendant denies the allegations of Paragraph 191 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 191 apply to other entities, no response is required.

192.     Defendant denies the allegations of Paragraph 192 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 192 apply to other entities, no response is required.

193.     Defendant denies the allegations of Paragraph 193 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 193 apply to other entities, no response is required.

194.     Defendant denies the allegations of Paragraph 194 and its subparts to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 194 apply to other entities, no response is required.

195.     In response to the first sentence of Paragraph 195, Defendant incorporates herein its responses to Paragraphs 1 through 194.  The second sentence of Paragraph 195 contains legal conclusions that require no response.  To the extent a response is required to any allegations in the second sentence of Paragraph 195, Defendant denies the same.

196.     Paragraph 196 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 196, Defendant denies the same.

197.     Paragraph 197 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 197, Defendant denies the same.

198.     Defendant denies the allegations of Paragraph 198 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 198 apply to other entities, no response is required.

199.     Defendant denies the allegations of Paragraph 199 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 199 apply to other entities, no response is required.

200.     Defendant denies the allegations of Paragraph 200 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 200 apply to other entities, no response is required.

201.    Defendant denies the allegations of Paragraph 201 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 201 apply to other entities, no response is required.

202.    Defendant denies the allegations of Paragraph 202 and its subparts to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 202 apply to other entities, no response is required.

203.    In response to Paragraph 203, Defendant incorporates herein its responses to Paragraphs 1 through 202.

204.    Defendant denies the allegations of Paragraph 204 and its subparts to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 204 apply to other entities, no response is required.

205.    Defendant denies the allegations of Paragraph 205 and its subparts to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 205 apply to other entities, no response is required.

206.    Defendant denies the allegations of Paragraph 206 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 206 apply to other entities, no response is required.

207.    Defendant denies the allegations of Paragraph 207 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 207 apply to other entities, no response is required.

208.    Defendant denies the allegations of Paragraph 208 and its subparts to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 208 apply to other entities, no response is required.

209.    In response to Paragraph 209, Defendant incorporates herein its responses to Paragraphs 1 through 208.

210.    Defendant denies the allegations of Paragraph 210 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 210 apply to other entities, no response is required.

211.    Defendant denies the allegations of Paragraph 211 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 211 apply to other entities, no response is required.

212.    Defendant denies the allegations of Paragraph 212 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 212 apply to other entities, no response is required.

213.    Defendant denies the allegations of Paragraph 213 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 213 apply to other entities, no response is required.

214.    Defendant denies the allegations of Paragraph 214 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 214 apply to other entities, no response is required.

215.    Defendant denies the allegations of Paragraph 215 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 215 apply to other entities, no response is required.

216.    Defendant denies the allegations of Paragraph 216 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 216 apply to other entities, no response is required.

217.    Defendant denies the allegations of Paragraph 217 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 217 apply to other entities, no response is required.

218.    Defendant denies the allegations of Paragraph 218 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 218 apply to other entities, no response is required.

219.    Defendant denies the allegations of Paragraph 219 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 219 apply to other entities, no response is required.

220.    Defendant denies the allegations of Paragraph 220 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 220 apply to other entities, no response is required.

221.    In response to Paragraph 221, Defendant incorporates herein its responses to Paragraphs 1 through 220.

222.    In response to Paragraph 222, Defendant responds that Defendant provided an express warranty applicable to the drywall it sold.  The terms of the express warranty speak for themselves, and Defendant denies any allegations inconsistent with the terms of Defendant's express warranty. To the extent the allegations of Paragraph 222 apply to other entities, no response is required.

223.    Defendant denies the allegations of Paragraph 223 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 223 apply to other entities, no response is required.

224.     Defendant denies the allegations of Paragraph 224 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 224 apply to other entities, no response is required.

225.     Defendant denies the allegations of Paragraph 225 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 225 apply to other entities, no response is required.

226.     In response to Paragraph 226, Defendant responds that Defendant provided an express warranty applicable to the drywall it sold.  The terms of the express warranty speak for themselves, and Defendant denies any allegations inconsistent with the terms of Defendant's express warranty. To the extent the allegations of Paragraph 226 apply to other entities, no response is required.

227.     Defendant denies the allegations of Paragraph 227 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 227 apply to other entities, no response is required.

228.     In response to Paragraph 228, Defendant responds that Defendant provided an express warranty applicable to the drywall it sold.  The terms of the express warranty speak for themselves, and Defendant denies any allegations inconsistent with the terms of Defendant's express warranty. To the extent Paragraph 228 applies to other entities, no response is required.

229.     Defendant denies the allegations of Paragraph 229 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 229 apply to other entities, no response is required.

230.     In response to Paragraph 230, Defendant incorporates herein its responses to Paragraphs 1 through 229.

231.     Defendant denies the allegations of Paragraph 231 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 231 apply to other entities, no response is required.

232.     Defendant denies the allegations of Paragraph 232 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 232 apply to other entities, no response is required.

233.     Defendant denies the allegations of Paragraph 233 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 233 apply to other entities, no response is required.

234.     Defendant denies the allegations of Paragraph 234 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 234 apply to other entities, no response is required.

235.     Defendant denies the allegations of Paragraph 235 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 235 apply to other entities, no response is required.

236.     Defendant denies the allegations of Paragraph 236 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 236 apply to other entities, no response is required.

237.     Defendant denies the allegations of Paragraph 237 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 237 apply to other entities, no response is required.

238. Defendant denies the allegations of Paragraph 238 to the extent they purport to apply to Defendant. To the extent the allegations of Paragraph 238 apply to other entities, no response is required.

239. Defendant denies the allegations of Paragraph 239 to the extent they purport to apply to Defendant. To the extent the allegations of Paragraph 239 apply to other entities, no response is required.

240. Defendant denies the allegations of Paragraph 240 to the extent they purport to apply to Defendant. To the extent the allegations of Paragraph 240 apply to other entities, no response is required.

241. Defendant denies the allegations of Paragraph 241 to the extent they purport to apply to Defendant. To the extent the allegations of Paragraph 241 apply to other entities, no response is required.

242. In response to Paragraph 242, Defendant incorporates herein its responses to Paragraphs 1 through 241.

243. Defendant denies the allegations of Paragraph 243 to the extent they purport to apply to Defendant. To the extent the allegations of Paragraph 243 apply to other entities, no response is required.

244. Defendant denies the allegations of Paragraph 244 to the extent they purport to apply to Defendant. To the extent the allegations of Paragraph 244 apply to other entities, no response is required.

245. Defendant denies the allegations of Paragraph 245 to the extent they purport to apply to Defendant. To the extent the allegations of Paragraph 245 apply to other entities, no response is required.

246. Defendant denies the allegations of Paragraph 246 to the extent they purport to apply to Defendant. To the extent the allegations of Paragraph 246 apply to other entities, no response is required.

247. Defendant denies the allegations of Paragraph 247 to the extent they purport to apply to Defendant. To the extent the allegations of Paragraph 247 apply to other entities, no response is required.

248. Defendant denies the allegations of Paragraph 248 to the extent they purport to apply to Defendant. To the extent the allegations of Paragraph 248 apply to other entities, no response is required.

249. Defendant denies the allegations of Paragraph 249 to the extent they purport to apply to Defendant. To the extent the allegations of Paragraph 249 apply to other entities, no response is required.

250. Defendant denies the allegations of Paragraph 250 and its subparts to the extent they purport to apply to Defendant. To the extent the allegations of Paragraph 250 apply to other entities, no response is required.

251. In response to Paragraph 251, Defendant incorporates herein its responses to Paragraphs 1 through 250.

252. Defendant denies the allegations of Paragraph 252 to the extent they purport to apply to Defendant. To the extent the allegations of Paragraph 252 apply to other entities, no response is required.

253. Defendant denies the allegations of Paragraph 253 to the extent they purport to apply to Defendant. To the extent the allegations of Paragraph 253 apply to other entities, no response is required.

254.     Defendant denies the allegations of Paragraph 254 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 254 apply to other entities, no response is required.

255.     Defendant denies the allegations of Paragraph 255 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 255 apply to other entities, no response is required.

256.     Defendant denies the allegations of Paragraph 256 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 256 apply to other entities, no response is required.

257.     Defendant denies the allegations of Paragraph 257 and its subparts to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 257 apply to other entities, no response is required.

258.     In response to Paragraph 258, Defendant incorporates herein its responses to Paragraphs 1 through 257.

259.     Defendant denies the allegations of Paragraph 259 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 259 apply to other entities, no response is required.

260.     Defendant denies the allegations of Paragraph 260 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 260 apply to other entities, no response is required.

261.     The allegations of Paragraph 261 are in the nature of a request for relief and require no response.  To the extent a response is required to any allegations in Paragraph 261, Defendant denies the same.

262.    Defendant denies the allegations of Paragraph 262 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 262 apply to other entities, no response is required.

263.    Defendant denies the allegations of Paragraph 263 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 263 apply to other entities, no response is required.

264.    Defendant denies the allegations of Paragraph 264 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 264 apply to other entities, no response is required.

265.    Defendant denies the allegations of Paragraph 265 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 265 apply to other entities, no response is required.

266.    Defendant denies the allegations of Paragraph 266 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 266 apply to other entities, no response is required.

267.    Defendant denies the allegations of Paragraph 267 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 267 apply to other entities, no response is required.

268.    Defendant denies the allegations of Paragraph 268 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 268 apply to other entities, no response is required.

269.    Defendant denies the allegations of Paragraph 269 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 269 apply to other entities, no response is required.

270.    Defendant denies the allegations of Paragraph 270 and its subparts to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 270 apply to other entities, no response is required.

271.    To the extent the Prayer for Relief is deemed to contain any allegations against Defendant, Defendant denies the same.

272.    Any and all allegations, claims, contentions, and/or demands contained in Plaintiff's Complaint, which are not expressly and specifically admitted, modified, or explained by this Defendant in this Answer, Affirmative Defenses, and Cross-Claims, are hereby expressly denied, including but not limited to the allegations contained in unnumbered paragraphs at the beginning of Plaintiff's Complaint.

### FIRST DEFENSE

273.    Defendant incorporates herein all of the foregoing responses that are relevant to this defense.

274.    Plaintiff has failed to state a claim for which relief can be granted.

### SECOND DEFENSE

275.    Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

276.    Any damages alleged to have been sustained by Plaintiff were caused in whole or in part by the acts or omissions of persons other than this Defendant over whom

this Defendant had and has no control or by superseding intervening causes outside the control of this Defendant.

## THIRD DEFENSE

277.    Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

278.    Recovery of some or all of the damages alleged to have been sustained by Plaintiff is barred by the economic loss doctrine.

## FOURTH DEFENSE

279.    Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

280.    The terms, provisions, and conditions of any and all contracts entered into between Defendant and any other parties, including but not limited to any warranty provisions, operate as a bar to all or part of Plaintiff's claims.

## FIFTH DEFENSE

281.    Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

282.    Plaintiff's claims are barred, in whole or in part, by their absence of privity with Defendant and lack of standing.

## SIXTH DEFENSE

283.    Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

284.     Plaintiff's Amended Class Action Complaint fails to state a claim for class relief under Rule 23 of the Federal Rules of Civil Procedure; further, class relief should be denied under the governing procedural and substantive law.

## SEVENTH DEFENSE

285.     Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

286.     Plaintiff lacks standing to bring a representative action under the Florida Deceptive and Unfair Trade Practices Act.

## EIGHTH DEFENSE

287.     Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

288.     Plaintiff has failed to mitigate his damages.

## NINTH DEFENSE

289.     Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

290.     Plaintiff's claims are barred in whole or in part by the applicable statute of limitations, statute of repose, prescription period, or the doctrine of laches.

## TENTH DEFENSE

291.     Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

292.     To the extent that Plaintiff prays for punitive, exemplary, or otherwise enhanced damages, Defendant invokes its right under the due process clause of the Fifth

Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution.

**ELEVENTH DEFENSE**

293.     Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

294.     Defendant incorporates herein by reference each and every affirmative defense pleaded by similarly-situated distributor defendants.

**CROSS-CLAIMS AGAINST KNAUF GIPS KG; KNAUF PLASTERBOARD (TIANJIN) CO., LTD.; KNAUF PLASTERBOARD (WUHU), CO., LTD.; KNAUF PLASTERBOARD (DONGGUAN) CO., LTD.**

**FIRST CROSS-CLAIM**

295.     Defendant incorporates herein all of the foregoing responses that are relevant to this cross-claim.

296.     For a further defense and as a cross-claim, Defendant asserts a claim against Knauf Gips KG; Knauf Plasterboard (Tianjin) Co., Ltd.; Knauf Plasterboard (Wuhu), Co., Ltd.; Knauf Plasterboard (Dongguan) Co., Ltd. along with all other applicable affiliates and related entities (collectively hereafter "Knauf") for breach of express warranties.

297.     Defendant purchased a certain quantity of gypsum drywall manufactured by Knauf.

298.     Knauf expressly warranted the gypsum drywall Defendant purchased from Knauf would be free of defects and fit for the ordinary purpose for which gypsum drywall is used.

299.    Without admitting any liability or damages to the Plaintiff, if it is shown that the drywall manufactured and sold to Defendant by Knauf was defective and not fit for the ordinary purpose for which gypsum drywall is used, then Knauf is liable to Defendant for breach of the express warranty.

300.    As a direct and proximate result of Knauf's breach of express warranties, Defendant has incurred damages in that it has been required to respond to homeowner complaints and to defend this action.  Further, Defendant will likely continue to incur additional costs in responding to homeowner complaints and defending this action.

## SECOND CROSS-CLAIM

301.    Defendant incorporates herein all of the foregoing responses that are relevant to this cross-claim.

302.    For a further defense and as a cross-claim, Defendant asserts a claim against Knauf for breach of implied warranty of merchantability under the common law and/or applicable state statutes.

303.    Knauf is a merchant of gypsum drywall.

304.    Defendant purchased from Knauf a certain quantity of gypsum drywall manufactured by Knauf.

305.    Pursuant to the applicable state statutes and/or the common law, Knauf warranted that the gypsum drywall was merchantable and fit for the ordinary purpose for which gypsum drywall is used.

306.    Without admitting any liability or damages to the Plaintiff, if it is shown that the drywall manufactured and sold to by Knauf was defective and not fit for the

ordinary purpose for which gypsum drywall is used, then Knauf is liable to Defendant for breach of implied warranty.

307.    As a direct and proximate result of Knauf's breach of the implied warranty of merchantability, Defendant has incurred damages in that it has been required to respond to homeowner complaints and to defend this action.  Further, Defendant will likely continue to incur additional costs in responding to homeowner complaints and defending this action.

## THIRD CROSS-CLAIM

308.    Defendant incorporates herein all of the foregoing responses that are relevant to this cross-claim.

309.    For a further defense and as a cross-claim, Defendant asserts a claim against Knauf for equitable and/or common law indemnification.

310.    Knauf is solely responsible and liable for any allegedly wrongful acts committed against the Plaintiff with regard to the allegations of Plaintiff's Complaint.

311.    Knauf is solely liable for any damages allegedly suffered by Plaintiff and, if Defendant is required to pay any damages to the Plaintiff, Defendant is entitled to be indemnified, based on the doctrines of equitable and/or common law indemnification, by Knauf for any damages.

312.    This Defendant reserves the right to amend its Answer, Defenses, and Cross-Claims as investigation and discovery may reveal.

WHEREFORE, having fully answered the Plaintiff's Complaint, Defendant L&W Supply Corporation prays the Court that:

a)      Plaintiff recover nothing from Defendant and that judgment be entered in Defendant's favor;

b)      the costs of this action, including attorney's fees and costs that may be allowed by statute, be taxed against Plaintiff;

c)      if Plaintiff recovers any amount from Defendant, that Defendant be granted the relief prayed for in its Cross-Claims against Knauf; and

d)      Defendant have such other and further relief as the Court may deem just and proper.

<div style="margin-left: 40%;">

_____/s/ W. David Conner_____
Moffatt G. McDonald
E-mail:mmcdonald@hsblawfirm.com
W. David Conner
E-mail:dconner@hsblawfirm.com
Charles M. Sprinkle
E-mail: csprinkle@hsblawfirm.com
Christopher B. Major
E-mail: cmajor@hsblawfirm.com
HAYNSWORTH SINKLER BOYD, P.A.
Post Office Box 2048
Greenville, SC 29602
(864) 240-3200
(864) 240-3300

Susan J. Cole
BICE COLE LAW FIRM, PLLC
999 Ponce de Leon Blvd., Suite #710
Coral Gables, FL 33134
Ph.: (305) 444-1225
Fax: (305) 446-1506
cole@bicecolelaw.com

ATTORNEYS FOR DEFENDANT L&W SUPPLY
CORPORATION D/B/A SEACOAST SUPPLY

</div>

Date:  February 15, 2010

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **ANSWER, AFFIRMATIVE DEFENSES, AND CROSS-CLAIMS OF L&W SUPPLY CORPORATION d/b/a SEACOAST SUPPLY** has been served on Plaintiffs' Liaison Counsel, Russ Herman at drywall@hhkc.com, and Defendants' Liaison Counsel, Kerry Miller at Kmiller@frilot, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 15th day of February, 2010.


                                                    /s/   W. David Conner