**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL NO. 2047 |
| | ) | SECTION: L |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | JUDGE FALLON |
| Pastentine v. Knauf Gips KG, et al., | ) | |
| CASE NO.: <u>2:2009-CV-06051</u> | ) | MAG. JUDGE WILKINSON |
| | ) | |

<u>**ANSWER, AFFIRMATIVE DEFENSES, AND CROSS-CLAIMS
OF L&W SUPPLY CORPORATION d/b/a/ SEACOAST SUPPLY**</u>

Defendant, L&W SUPPLY CORPORATION d/b/a SEACOAST SUPPLY ("Defendant" or "L&W Supply Corporation"), by and through its undersigned attorneys, hereby files its Answer, Affirmative Defenses, and Cross-Claims in response to Plaintiffs' Class Action Complaint ("Plaintiffs' Complaint") and says:

1.      Defendant denies the allegations of Paragraph 1 that pertain to it.  Paragraph 1 further contains legal conclusions that require no response and further contains factual allegations which Defendant lacks information sufficient to admit or deny; therefore, Defendant denies the further allegations of Paragraph 1 to the extent a response is required.

2.      Defendant denies the allegations of Paragraph 2.

3.      In response to Paragraph 3, Defendant incorporates herein its responses to Paragraphs 1 through 2.

4.      Paragraph 4 contains legal conclusions to which no response is required and further contains factual allegations which Defendant lacks information sufficient to admit or deny; therefore, Defendant denies the allegations of Paragraph 4 to the extent a response is required.

5.     In response to the allegations of Paragraph 5, Defendant denies that it supplied drywall installed in the home of Judith Ellen Pastentine.  Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 5 and, therefore, denies the same.

6.     In response to the allegations of Paragraph 6, Defendant admits that Gebr. Knauf Verwaltungsgesellschaft KG was a shareholder of USG Corporation.  In December 2009, the shares owned by Gebr. Knauf Verwaltungsgesellschaft KG were transferred to C&G Verwaltungs GmbH, an indirect subsidiary of Gebr. Knauf Verwaltungsgesellschaft KG. Defendant admits that Knauf Gips is a manufacturer of building materials headquartered in Germany.  Defendant further admits, upon information and belief, that Knauf has three wallboard manufacturing plants in China, which are located in Wuhu, Tianjin, and Donnguan, and that the manufacture of wallboard in the plants is directly or indirectly controlled by Knauf Gips or its affiliates.  Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 6 and, therefore, denies the same.

7.     In response to the allegations of Paragraph 7, Defendant admits, upon information and belief, that Knauf has three wallboard manufacturing plants in China, which are located in Wuhu, Tianjin, and Donnguan, and that the manufacture of wallboard in the plants is directly or indirectly controlled by Knauf Gips or its affiliates.  Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 7 and, therefore, denies the same.

8.     In response to the allegations of Paragraph 8, Defendant admits that in 2006 it purchased wallboard manufactured in China by Knauf, and further admits, upon information and belief, that Knauf sold wallboard to other distributors in the United States.  L&W Supply Corporation's purchases were made at a time when there was a shortage of domestically manufactured wallboard.  Paragraph 8 further contains legal conclusions that require no

response.  Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 8 and, therefore, denies the same.

9.      Defendant admits, upon information and belief, the allegations contained in the second and third sentences of Paragraph 9 of Plaintiffs' Complaint.  Defendant denies the sixth sentence of Paragraph 9 of Plaintiffs' Complaint.  Paragraph 9 further contains legal conclusions that require no response.  Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 9 and, therefore, denies the same.

10.     Defendant denies the fifth sentence of Paragraph 10 of Plaintiffs' Complaint. Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 10 and, therefore, denies the same.

11.     Paragraph 11 contains legal conclusions to which no response is required and further contains factual allegations which Defendant lacks information sufficient to admit or deny; therefore, Defendant denies the allegations of Paragraph 11 to the extent a response is required.

12.     In response to the allegations of Paragraph 12, Defendant admits that USG Corporation is a Delaware corporation with its principal place of business at 550 W. Adams Street, Chicago, Illinois, and that L&W Supply, a subsidiary of USG Corporation, is the leading specialty building products distribution business in the United States.  Defendant further admits that it conducts business in Louisiana.  Defendant denies the allegations of Paragraph 12 not explicitly admitted.

13.     In response to the allegations of Paragraph 13, Defendant admits that it is a Delaware corporation that conducts business in Louisiana and that it is a subsidiary of USG Corporation.  Defendant would further show that it conducts business in certain states, including

Louisiana, under the name Seacoast Supply Corporation. Defendant denies the remaining allegations of Paragraph 13.

14. Paragraph 14 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

15. Paragraph 15 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

16. Paragraph 16 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

17. Defendant denies the allegations of Paragraph 17 to the extent that they apply to USG Corporation. Defendant admits that it distributed gypsum drywall in the State of Louisiana, primarily to contractors. Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 17 and, therefore, denies the same.

18. Defendant denies the allegations of Paragraph 20 to the extent that they apply to USG Corporation. Defendant admits that in 2006 L&W Supply Corporation, a subsidiary of USG Corporation, purchased wallboard manufactured in China by Knauf and further admits, upon information and belief, that Knauf sold wallboard to other distributors in the United States. These purchases were made at a time when there was a shortage of domestically manufactured wallboard. Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 18 and, therefore, denies the same.

19. Defendant denies the allegations of Paragraph 19 to the extent they purport to apply to Defendant. To the extent the allegations of Paragraph 19 apply to other entities, no response is required.

20.     Defendant denies the allegations of Paragraph 20 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 20 apply to other entities, no response is required.

21.     Defendant denies the allegations of Paragraph 21 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 21 apply to other entities, no response is required.

22.     Defendant denies the allegations of Paragraph 22 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 22 apply to other entities, no response is required.

23.     Defendant denies the allegations of Paragraph 23 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 23 apply to other entities, no response is required.

24.     Paragraph 24 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

25.     Defendant denies the allegations of Paragraph 25 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 25 apply to other entities, no response is required.

26.     Defendant denies the allegations of Paragraph 26 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 26 apply to other entities, no response is required.

27.     Defendant denies the allegations of Paragraph 27 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 27 apply to other entities, no response is required.

28.     Defendant denies the allegations of Paragraph 28 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 28 apply to other entities, no response is required.

29.     Defendant denies the allegations of Paragraph 29 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 29 apply to other entities, no response is required.

30.     Defendant denies the allegations of Paragraph 30 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 30 apply to other entities, no response is required.

31.     Defendant denies the allegations of Paragraph 31 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 31 apply to other entities, no response is required.

32.     In response to Paragraph 32, Defendant incorporates herein its responses to Paragraphs 1 through 31.

33.     Paragraph 33 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

34.     Paragraph 34 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

35.     Paragraph 35 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

36.     Paragraph 36 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

37.     Paragraph 37 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

38.     Paragraph 38 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

39.     Paragraph 39 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

40.     Paragraph 40 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

41.     In response to Paragraph 41, Defendant incorporates herein its responses to Paragraphs 1 through 40.

42.     Paragraph 42 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

43.     Paragraph 43 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

44.     Paragraph 44 and its subparts contain legal conclusions and/or factual allegations regarding another defendant that require no response.

45.     Paragraph 45 and its subparts contain legal conclusions and/or factual allegations regarding another defendant that require no response.

46.     Paragraph 46 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

47.     Paragraph 47 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

48.     Paragraph 48 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

49.     Paragraph 49 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

50.     Paragraph 50 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

51.     Paragraph 51 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

52.     Paragraph 52 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

53.     In response to Paragraph 53, Defendant incorporates herein its responses to Paragraphs 1 through 52.

54.     Paragraph 54 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

55.     Paragraph 55 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

56.     Paragraph 56 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

57.     Paragraph 57 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

58.     Paragraph 58 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

59.     Paragraph 59 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

60.     Paragraph 60 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

61.     Paragraph 61 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

62.     Paragraph 62 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

63.     Paragraph 63 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

64.     Paragraph 64 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

65.     Paragraph 65 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

66.     Paragraph 66 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

67.     Paragraph 67 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

68.     Paragraph 68 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

69.     Paragraph 69 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

70.     Paragraph 70 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

71.     In response to Paragraph 71, Defendant incorporates herein its responses to Paragraphs 1 through 70.

72.     Paragraph 72 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

73.     Paragraph 73 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

74.     Paragraph 74 and its subparts contain legal conclusions and/or factual allegations regarding another defendant that require no response.

75.     Paragraph 75 and its subparts contain legal conclusions and/or factual allegations regarding another defendant that require no response.

76.     Paragraph 76 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

77.     Paragraph 77 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

78.     Paragraph 78 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

79.     Paragraph 79 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

80.     Paragraph 80 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

81.     Paragraph 81 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

82.     Paragraph 82 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

83.     In response to Paragraph 83, Defendant incorporates herein its responses to Paragraphs 1 through 82.

84.     Paragraph 84 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

85.     Paragraph 85 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

86.     Paragraph 86 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

87.     Paragraph 87 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

88.     Paragraph 88 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

89.     Paragraph 89 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

90.     Paragraph 90 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

91.     Paragraph 91 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

92.     Paragraph 92 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

93.     Paragraph 93 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

94.     Paragraph 94 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

95.     Paragraph 95 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

96.     Paragraph 96 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

97.     Paragraph 97 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

98.     Paragraph 98 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

99.     Paragraph 99 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

100.    Paragraph 100 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

101.    In response to Paragraph 101, Defendant incorporates herein its responses to Paragraphs 1 through 100.

102.    In response to the allegations of Paragraph 102, Defendant admits that Plaintiffs have asserted a cause of action for breach of the warranty of merchantability.  Defendant denies the remaining allegations contained in Paragraph 102.

103.     Defendant admits the allegations of Paragraph 103 to the extent they apply to it. The remaining allegations of Paragraph 103 contains legal conclusions and/or factual allegations regarding other defendants that require no response.

104.     Defendant denies the allegations of Paragraph 104 to the extent they purport to apply to it.  The remaining allegations of Paragraph 104 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

105.     In response to Paragraph 105, Defendant denies that it supplied any drywall installed in the home of Judith Ellen Pastentine.  The remaining allegations of Paragraph 105 contains legal conclusions and/or factual allegations regarding other defendants that require no response.

106.     Defendant denies the allegations of Paragraph 106 to the extent that they apply to it.  The remaining allegations of Paragraph 106 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

107.     Paragraph 107 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 107, Defendant denies the same.

108.     Defendant denies the allegations of Paragraph 108 to the extent that they apply to it.  The remaining allegations of Paragraph 108 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

109.     Defendant denies the allegations of Paragraph 109 to the extent that they apply to it.  The remaining allegations of Paragraph 109 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

110.    Defendant denies the allegations of Paragraph 110 to the extent that they apply to it.   The remaining allegations of Paragraph 110 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

111.    Defendant denies the allegations of Paragraph 111 to the extent that they apply to it.   The remaining allegations of Paragraph 111 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

112.    In response to Paragraph 112, Defendant incorporates its responses to Paragraphs 1 through 111.

113.    In response to the allegations of Paragraph 113, Defendant admits that Plaintiffs have asserted a cause of action for breach of the implied warranty of fitness for a particular purpose.  Defendant denies any remaining allegations contained in Paragraph 113.

114.    Defendant admits the allegations of Paragraph 114 to the extent they apply to it. The remaining allegations of Paragraph 114 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

115.    Defendant denies the allegations of Paragraph 115 to the extent that they apply to it.   The remaining allegations of Paragraph 115 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

116.    In response to Paragraph 116, Defendant denies that it supplied any drywall installed in the home of Judith Ellen Pastentine.  The remaining allegations of Paragraph 116 contain legal conclusions and factual allegations regarding other defendants that require no response.

117.    Defendant denies the allegations of Paragraph 117 to the extent that they apply to it.   The remaining allegations of Paragraph 117 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

118.    Defendant denies the allegations of Paragraph 118 to the extent that they apply to it.   The remaining allegations of Paragraph 118 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

119.    Defendant denies the allegations of Paragraph 119 to the extent that they apply to it.   The remaining allegations of Paragraph 119 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

120.    Paragraph 120 contain legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 120, Defendant denies the same.

121.    Defendant denies the allegations of Paragraph 121 to the extent that they apply to it.   The remaining allegations of Paragraph 121 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

122.    Defendant denies the allegations of Paragraph 122 to the extent that they apply to it.   The remaining allegations of Paragraph 122 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

123.    Defendant denies the allegations of Paragraph 123 to the extent that they apply to it.   The remaining allegations of Paragraph 123 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

124.    Defendant denies the allegations of Paragraph 124 to the extent that they apply to it.   The remaining allegations of Paragraph 124 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

125.    In response to Paragraph 125, Defendant incorporates herein its responses to Paragraphs 1 through 124.

126.    In response to the allegations of Paragraph 126, Defendant admits that Plaintiffs have asserted a cause of action for strict products liability.  Defendant denies any remaining allegations contained in Paragraph 126.

127.    Paragraph 127 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

128.    Paragraph 128 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

129.    Paragraph 129 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

130.    Paragraph 130 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

131.    Paragraph 131 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

132.    Paragraph 132 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

133.    In response to Paragraph 133, Defendant incorporates herein its responses to Paragraphs 1 through 132.

134.    In response to the allegations of Paragraph 134, Defendant admits that Plaintiffs have asserted a cause of action for strict products liability against L&W Supply Corporation. Defendant denies any remaining allegations contained in Paragraph 134.

135.    Defendant denies the allegations of Paragraph 135.

136.    Defendant denies the allegations of Paragraph 136.

137.    Defendant denies the allegations of Paragraph 137.

138.    Defendant denies the allegations of Paragraph 138.

139.    Defendant denies the allegations of Paragraph 139.

140.    Defendant denies the allegations of Paragraph 140.

141.    In response to Paragraph 141, Defendant incorporates herein its responses to Paragraphs 1 through 140.

142.    Paragraph 142 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

143.    Paragraph 143 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

144.    Paragraph 144 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

145.    Paragraph 145 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

146.    Paragraph 146 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

147.    Paragraph 147 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

148.    Paragraph 148 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

149.    Paragraph 149 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

150.     Paragraph 150 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

151.     In response to Paragraph 151, Defendant incorporates herein its responses to Paragraphs 1 through 150.

152.     Paragraph 152 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

153.     Paragraph 153 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

154.     Paragraph 154 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

155.     Paragraph 155 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

156.     Paragraph 156 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

157.     Paragraph 157 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

158.     Paragraph 158 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

159.     Paragraph 159 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

160.     Paragraph 160 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

161.    Paragraph 161 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

162.    Paragraph 162 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

163.    In response to Paragraph 163, Defendant incorporates herein its responses to Paragraphs 1 through 162.

164.    Paragraph 164 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

165.    Paragraph 165 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

166.    Paragraph 166 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

167.    Paragraph 167 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

168.    Paragraph 168 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

169.    Paragraph 169 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

170.    Paragraph 170 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

171.    In response to Paragraph 171, Defendant incorporates herein its responses to Paragraphs 1 through 170.

172.    Paragraph 172 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

173.    Paragraph 173 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

174.    Paragraph 174 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

175.    Paragraph 175 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

176.    Paragraph 176 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

177.    Paragraph 177 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

178.    Paragraph 178 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

179.    In response to Paragraph 179, Defendant incorporates herein its responses to Paragraphs 1 through 178.

180.    In response to Paragraph 180, Defendant states that, to the extent it provided an express warranty, the terms of the express warranty speak for themselves and Defendant denies any allegation inconsistent with the terms of any applicable express warranty.  The remaining allegations of Paragraph 180 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

181.    Defendant denies the allegations of Paragraph 181 to the extent that they apply to it.   The remaining allegations of Paragraph 181 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

182.    Defendant denies the allegations of Paragraph 182 to the extent that they apply to it.   The remaining allegations of Paragraph 182 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

183.    Defendant denies the allegations of Paragraph 183 to the extent that they apply to it.   The remaining allegations of Paragraph 183 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

184.    Defendant denies the allegations of Paragraph 184 to the extent that they apply to it.   The remaining allegations of Paragraph 184 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

185.    Defendant denies the allegations of Paragraph 185 to the extent that they apply to it.   The remaining allegations of Paragraph 185 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

186.    Defendant denies the allegations of Paragraph 186 to the extent that they apply to it.   The remaining allegations of Paragraph 186 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

187.    Defendant denies the allegations of Paragraph 187 to the extent that they apply to it.   The remaining allegations of Paragraph 187 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

188.    In response to Paragraph 188, Defendant incorporates herein its responses to Paragraphs 1 through 187.

189.    Paragraph 189 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

190.    Paragraph 190 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

191.    Paragraph 191 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

192.    Paragraph 192 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

193.    Paragraph 193 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

194.    Paragraph 194 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

195.    Paragraph 195 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

196.    Paragraph 196 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

197.    Paragraph 197 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

198.    Paragraph 198 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

199.    Paragraph 199 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

200.    In response to Paragraph 200, Defendant incorporates its responses to Paragraphs 1 through 199.

201.    Paragraph 201 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

202.    Paragraph 202 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

203.    Paragraph 203 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

204.    Paragraph 204 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

205.    Paragraph 205 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

206.    Paragraph 206 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

207.    Paragraph 207 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

208.    Paragraph 208 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

209.    Paragraph 209 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

210.    Paragraph 210 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

211.    Paragraph 211 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

212.    In response to Paragraph 212, Defendants incorporates herein its responses to Paragraphs 1 through 211.

213.    Paragraph 213 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

214.    Paragraph 214 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

215.    Paragraph 215 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

216.    Paragraph 216 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

217.    Paragraph 217 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

218.    Paragraph 218 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

219.    Paragraph 219 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

220.    Paragraph 220 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

221.    Paragraph 221 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

222.     To the extent the Prayer for Relief is deemed to contain any allegations against Defendant, Defendant denies the same.

223.     Any and all allegations, claims, contentions, and/or demands contained in Plaintiffs' Complaint, which are not expressly and specifically admitted, modified, or explained by this Defendant in this Answer, Affirmative Defenses, and Cross-Claims, are hereby expressly denied, including but not limited to the allegations contained in unnumbered paragraphs at the beginning of Plaintiffs' Complaint.

## FIRST DEFENSE

224.     Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

225.     Plaintiffs have failed to state a claim for which relief can be granted.

## SECOND DEFENSE

226.     Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

227.     Any damages alleged to have been sustained by Plaintiffs were caused in whole or in part by the acts or omissions of persons other than this Defendant over whom this Defendant had and has no control or by superseding intervening causes outside the control of this Defendant.

## THIRD DEFENSE

228.     Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

229.     Recovery of some or all of the damages alleged to have been sustained by Plaintiffs is barred by the economic loss doctrine.

## FOURTH DEFENSE

230.    Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

231.    The terms, provisions, and conditions, including but not limited to any warranty provisions, of any and all contracts entered into between Defendant and any other parties, which are expressly denied, operate as a bar to all or part of Plaintiffs' claims.

## FIFTH DEFENSE

232.    Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

233.    Plaintiffs' claims are barred, in whole or in part, by their absence of privity with Defendant and lack of standing.

## SIXTH DEFENSE

234.    Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

235.    Plaintiffs have failed to mitigate their damages.

## SEVENTH DEFENSE

236.    Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

237.    Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations, statute of repose, prescription period, or the doctrine of laches.

## EIGHTH DEFENSE

238.    Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

239.    To the extent that Plaintiffs pray for punitive, exemplary, or otherwise enhanced damages, Defendant invokes its right under the due process clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution.

## NINTH DEFENSE

240.    Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

241.    Defendant incorporates herein by reference each and every affirmative defense pleaded by similarly-situated distributor defendants.

## CROSS-CLAIMS AGAINST KNAUF GIPS KG; KNAUF PLASTERBOARD (TIANJIN) CO., LTD.

## FIRST CROSS-CLAIM

242.    Defendant incorporates herein all of the foregoing responses that are relevant to this cross-claim.

243.    For a further defense and as a cross-claim, Defendant asserts a claim against Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd., along with all other applicable affiliates and related entities (collectively hereafter "Knauf") for breach of express warranties.

244.    Defendant purchased a certain quantity of gypsum drywall manufactured by Knauf.

245.    Knauf expressly warranted the gypsum drywall Defendant purchased from Knauf would be free of defects and fit for the ordinary purpose for which gypsum drywall is used.

246.    Without admitting any liability or damages to the Plaintiffs, if it is shown that the drywall manufactured and sold to Defendant by Knauf was defective and not fit for the ordinary

purpose for which gypsum drywall is used, then Knauf is liable to Defendant for breach of the express warranty.

247.    As a direct and proximate result of Knauf's breach of express warranties, Defendant has incurred damages in that it has been required to respond to homeowner complaints and to defend this action.  Further, Defendant will likely continue to incur additional costs in responding to homeowner complaints and defending this action.

## SECOND CROSS-CLAIM

248.    Defendant incorporates herein all of the foregoing responses that are relevant to this cross-claim.

249.    For a further defense and as a cross-claim, Defendant asserts a claim against Knauf for breach of implied warranty of merchantability under the common law and/or applicable state statutes.

250.    Knauf is a merchant of gypsum drywall.

251.    Defendant purchased from Knauf a certain quantity of gypsum drywall manufactured by Knauf.

252.    Pursuant to the applicable state statutes and/or the common law, Knauf warranted that the gypsum drywall was merchantable and fit for the ordinary purpose for which gypsum drywall is used.

253.    Without admitting any liability or damages to the Plaintiffs, if it is shown that the drywall manufactured and sold to by Knauf was defective and not fit for the ordinary purpose for which gypsum drywall is used, then Knauf is liable to Defendant for breach of implied warranty.

254.    As a direct and proximate result of Knauf's breach of the implied warranty of merchantability, Defendant has incurred damages in that it has been required to respond to

homeowner complaints and to defend this action.  Further, Defendant will likely continue to incur additional costs in responding to homeowner complaints and defending this action.

## THIRD CROSS-CLAIM

255.   Defendant incorporates herein all of the foregoing responses that are relevant to this cross-claim.

256.   For a further defense and as a cross-claim, Defendant asserts a claim against Knauf for equitable and/or common law indemnification.

257.   Knauf is solely responsible and liable for any allegedly wrongful acts committed against the Plaintiffs with regard to the allegations of Plaintiffs' Complaint.

258.   Knauf is solely liable for any damages allegedly suffered by Plaintiffs and, if Defendant is required to pay any damages to the Plaintiffs, Defendant is entitled to be indemnified, based on the doctrines of equitable and/or common law indemnification, by Knauf for any damages.

259.   This Defendant reserves the right to amend its Answer, Affirmative Defenses, and Cross-Claims as investigation and discovery may reveal.

WHEREFORE, having fully answered the Plaintiffs' Complaint, Defendant L&W Supply Corporation prays the Court that:

a)      Plaintiffs recover nothing from Defendant and that judgment be entered in Defendant's favor;

b)      the costs of this action, including attorney's fees and costs that may be allowed by statute, be taxed against Plaintiffs;

c)      if Plaintiffs recover any amount from Defendant, that Defendant be granted the relief prayed for in its Cross-Claims against Knauf; and

d)      Defendant have such other and further relief as the Court may deem just and proper.

      /s/  W. David Conner
W. David Conner (SC Bar # 66358; Fed. # 5986)
Moffatt G. McDonald (SC Bar # 3784; Fed. # 2805)
Charles Sprinkle (SC Bar # 70630; Fed. # 9712)
Christopher B. Major (SC Bar # 72872; Fed. # 9382)
P.O. Box 2048
Greenville, SC  29602
(864) 240-3226
(864) 240-3300 (fax)
dconner@hsblawfirm.com
mgmcdonald@hsblawfirm.com
csprinkle@hsblawfirm.com
cmajor@hsblawfirm.com

Robert E. Kerrigan, Jr.
DEUTSCH KERRIGAN & STILES
755 Magazine Street
New Orleans, LA  70131
Tel: (504) 593-0619
Fax: (504) 566-1201
rkerrigan@dkslaw.com

Attorneys for Defendant L&W SUPPLY CORPORATION

February 15, 2010

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **ANSWER, AFFIRMATIVE DEFENSES, AND CROSS-CLAIMS OF L&W SUPPLY CORPORATION d/b/a SEACOAST SUPPLY** has been served on Plaintiffs' Liaison Counsel, Russ Herman at drywall@hhkc.com, and Defendants' Liaison Counsel, Kerry Miller at Kmiller@frilot, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 15th day of February, 2010.

_____/s/  W. David Conner_____