UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047

SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*Germano, et al v. Taishan, et al,* No. 09-6687

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## THE PLAINTIFFS' STEERING COMMITTEE'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE (NO. 5) TO EXCLUDE FROM EVIDENCE COSTS OF REMEDIATION INCURRED BY BUILDERS

### I. INTRODUCTION

Two things have been established with clarity in regard to the hearing in anticipation of default proceedings which will commence in this matter on February 19, 2010: First, the Court has specifically limited the subject of the February 19, 2010 hearing to "the scope and extent of the appropriate remediation necessary for a number of properties that would adequately represent a cross-section of properties at issue in the *Germano* cases that are impacted with allegedly defective Chinese Drywall."[1] Second, the Court's findings as a result of the hearing shall have no preclusive effect save as to the seven Virginia homes at issue.[2]

The issue of the extent of property damage remediation entails an analysis of both <u>scope</u> and <u>cost</u>. More specifically, since only the claims of the plaintiff property owners are at issue in this default proceeding at this time, it is the remediation cost to be incurred by an <u>owner</u> that will

---

[1] *See In re Chinese Drywall Products Liability Litigation,* MDL No. 2047, Scheduling Order (E.D.La. January 20,

1

be the only proper cost subject of the hearing. At the hearing, the Plaintiffs' Steering Committee ("PSC") intends to establish the cost to the property owner intervenors in an amount per square foot and in a lump-sum total per structure.

The Court allowed two other intervenors in the *Germano* case, namely Knauf and Mitchell Homes, to participate in this hearing as well. There interventions were deemed relevant to the extent these entities have a legitimate interest in the issues to be addressed and decided. It is not disputed that both Knauf and Mitchell Homes do have a legitimate interest in both the scope and owner cost of remediation.

Noteworthy, however, is the fact that Mitchell sought to do more than simply intervene in these proceedings. It also sought to consolidate its intervention with that of the *Germano* plaintiff homeowners. The Court denied this request to consolidate. This ruling makes it clear that the February 19 hearing is <u>not</u> intended to address the claims of the intervenor Mitchell or any other similarly-situated builder. The rights and remedies of these builders, including <u>their</u> internal cost for remediation in the event they seek to recover same from the manufacturer, are to be addressed in later trials involving the Mitchell class or another builder's suit, and not in the proceeding commencing on February 19. Indeed, Mitchell agrees that the remediation costs which a builder, including Mitchell, would incur in remediating Chinese drywall homes are not relevant to these proceedings. To that effect, Mitchell acknowledges and will not attempt to improperly make such costs an issue or to introduce at the hearing evidence of its expert, Robert Freas, regarding the same. The *Germano* plaintiffs will have their trial and the Mitchell plaintiffs at some later point in time will have theirs. Knauf can defend builder claims in an all-builder trial at that time.

---

2010).

This motion nevertheless is made necessary because it has been disclosed by counsel for the intervenor Knauf that it intends to delve into the extraneous issue of builder costs, ostensibly on the grounds that these costs should act as the limit of its liability. Plaintiff intervenors respectfully suggest that this evidence is for another day because it has no relevance to the instant proceedings. Accordingly, Knauf should be precluded from introducing builder costs of remediation in both its direct and cross-examinations of witnesses and in reference to any documentary evidence.

## II. ARGUMENT

No one will deny that comparing remediation cost of an owner with the remediation cost of a builder is comparing "apples and oranges." Builders are able to avoid certain profit components of subcontractors, etc. and certain overhead margins that are unavoidably paid by owners who remediate their property. Builders are able to proceed on an "economy of scale," which is not available to individual homeowners. The comparison between what it costs an owner to remediate and what it costs a builder to remediate is therefore not unlike comparing a retail price to a wholesale price. More specifically, to invite the comparison in the context of this matter is to suggest that an owner can afford to proceed on a wholesale basis, when the market reality is that the only way for an owner to proceed and be made whole is through the payment of retail rates. Indeed, the attempt to analogize owner remediation costs to builder costs in even more specious if it ignores cost variations in geographic markets, which it appears Knauf is proposing to do by inviting reference to properties outside of the Commonwealth of Virginia.[3]

Rather than go through the more elaborate discussion needed to make these distinctions

---

[2] *See In re Chinese Drywall Products Liability Litigation*, MDL No. 2047, Order (E.D.La. Dec. 4, 2009).
[3] The scope of remediation outside of Virginia is relevant and instructive because geography does not influence scope. Geography, on the other hand, very much influences cost.

in the February 19 hearing, plaintiffs submit that the Court should rule *in limine* that builder remediation costs are simply not relevant and need not be part of the evidence for this home owner hearing. What it costs any builder to remediate a Chinese drywall home is simply not germane to the question what it costs an owner to remediate; and it is only what it costs an owner to remediate that possibly can be the subject of these proceedings. Knauf will have other opportunities to present its defenses against builder claims, if it chooses. When such claims are litigated in these other builder proceedings, Knauf and the builders likewise will be entitled to establish the costs incurred by builders to remediate Chinese drywall properties. Perhaps this will prove relevant in cases where builders are seeking reimbursement from a manufacturer. But in this owner versus manufacturer proceeding, plaintiff owners should not be obliged to respond to or participate in that case and controversy, because it is not theirs.

While Knauf appears to be concerned that if the higher (retail) cost per square foot to remediate for an owner is adjudicated by the Court as part of its findings herein, this somehow will prejudice its defense of claims brought against it, this fear is neither logical nor deserving of legal weight. For the reasons mentioned, any builder's costs are simply not relevant to the owner's costs in a case where the owner is proceeding to recover from a manufacturer, so that owner costs cannot be precedential for purposes of builder claims. Moreover, the fear of precedent is unfounded simply because, as noted at the outset, the Court already has declared that its findings will have no preclusive effect on Knauf or any other parties, besides those of the intervenor plaintiffs. Where there is no precedent issue preclusion as to Knauf, there is no precedent; and absent precedential effect, no issue preclusion. Hence, there is no need to expand the scope of the evidence in this proceeding to include something that is simply not relevant to

the triable issues of the scope of owner cost in remediating Chinese drywall homes.

In addition, Knauf has not developed any independent evidence of homeowner cost per square foot to directly respond to plaintiffs' evidence of owner costs, despite ample opportunity to have done so. Knauf's expert witness, Robert Morse, has issued a supplemental report analyzing plaintiffs' data regarding the homeowners' retail costs for remediation. Knauf was careful to point out that it was not questioning the actual cost information but only items within the scope of work. Yet, Mr. Morse used the cost information provided by plaintiffs' contractor Virtexco, *changed the scope of work* and arrived at a new total remediation cost per homeowner. For example, Mr. Morse asserts that only the CDW should be removed and not the domestic drywall as well. Applying the cost per square foot for total drywall removal provided by Virtexco, this Knauf expert then proceeds to compute a total only for the removal of Chinese drywall. In numerous other areas, Mr. Morse either eliminates an item of work from the scope that Virtexco used for its bid, *i.e.,* carpet removal, or reduces the scope of the work first, and then relies upon Virtexco's unit cost number as the retail cost to the plaintiff.

Knauf has not developed any independent homeowner cost-related evidence, nor has it produced any cost-related information other than Mr. Morse's rebuttal report as discussed above. In contrast, all of plaintiffs' contractor's cost information, with supporting documentation, was provided to Knauf a number of weeks ago for analysis and review. As such, Knauf is now unable to elicit or offer any independent homeowner cost-related remediation evidence. Its apparent strategy to indirectly challenge owner remediation costs by, in effect, citing the "wholesale" numbers of builders is one that should not be condoned as a substitute for proper and competent proof.

## III. CONCLUSION

The plaintiffs have made a sincere effort to streamline these proceedings. Consistent with that effort, plaintiffs respectfully request that the Court confine the evidence on cost of remediation to what remediation costs would be incurred by plaintiff homeowners, and not builders. The introduction of builder cost evidence will require time and testimony to explain how such costs differ fundamentally from what an owner should pay to remediate. This effort would undermine weeks of organizational work to have this hearing conclude within an appropriate and efficient time frame.

For the reasons set forth above, the instant motion should be granted.

Dated: February 17, 2010

Respectfully submitted,

/s/ Russ M. Herman
Russ M. Herman, Esquire
Leonard A. Davis, Esquire
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhkc.com
*Plaintiffs' Liaison Counsel*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
MDL 2047

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Victor Manuel Diaz
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Aragon Avenue, 2nd Floor
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Gerald E. Meunier (On the brief)
Gainsburgh, Benjamin, David, Meunier
  & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Jeremy W. Alters
Alters, Boldt, Brown, Rash & Culmo, P.A.
4141 N.E. 2nd Avenue, Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@abbrclaw.com

Daniel K. Bryson (On the Brief)
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing Plaintiffs' Steering Committee's Motion and Memorandum in Support thereof in Limine No. 5 To Exclude From Evidence Costs of Remediation Incurred by Builders has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 17th day of February, 2010.

      /s/ Leonard A. Davis, Esquire
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhkc.com
Plaintiffs' Liaison Counsel