**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2047**<br>**SECTION: L**<br>**JUDGE FALLON**<br>**MAG. JUDGE WILKINSON** |
| **THIS DOCUMENT RELATES TO: ALL CASES AND**<br><br>**Gross, et al. v. Knauf Gips KG, et al., Case No. 2:09-cv-6690 (E.D.La.)** | |

**THE PLAINTIFFS' STEERING COMMITTEE'S MEMORANDUM OF LAW IN SUPPORT OF ITS RULE 6(b) MOTION FOR EXTENSION OF TIME FOR SERVICE OF PROCESS UNDER RULE 4(m) IN *GROSS***

## I. INTRODUCTION

The Plaintiffs' Steering Committee ("PSC") hereby requests a stay or an extension of the 120 day period for service of process on the defendants in *Gross, et al. v. Knauf Gips KG, et al.*, Case No. 2:09-cv-6690 (E.D.La.). The 120 day period for service of process is set to expire on February 17, 2010 and Plaintiffs have only been successful in serving the complaint on one of the foreign defendants named in the complaint notwithstanding their diligent efforts to accomplish service of process.[1] Additionally, Plaintiffs are attempting to but have been unable to serve many of the domestic defendants as these defendants have been successful in evading service of process.

Given the hardships that Plaintiffs have encountered in seeking to accomplish effective service of the *Gross* complaint, the PSC requests that the Court stay and/or extend the 120 day

[1] The *Gross* Complaint was served on Sunrise Building Materials Ltd. on December 7, 2009. *See* Correspondence dated February 4, 2010 from Josh Cobb to Jennifer Lascio, attached hereto as Exhibit "A". Sunrise Building Materials Ltd. is a Canadian Corporation.

period for service of process under Fed.R.Civ.P. 4(m).[2] For the reasons set forth in detail below, there is good cause for an extension of time and/or a stay the 120 day period for service of process.

## II. FACTS AND PROCEDURAL HISTORY

The Plaintiffs in *Gross* commenced this action on October 7, 2009, by filing a class action complaint directly in the MDL court. Plaintiffs subsequently amended their complaint on October 19, 2009.[3] Accordingly, Plaintiffs are required to accomplish service of process within 120 days from the filing of the Plaintiffs' Amended Class Action Complaint (hereafter the "Complaint") by February 17, 2009. *See* Fed.R.Civ.P. 4(m).

On the same day that Plaintiffs' filed their Complaint, Plaintiffs filed a motion to Authorize service of process on the international defendants and for appointment of an international process server in accordance with the Hague Convention. That motion was granted by Order dated October 21, 2009. Pursuant to this Order, APS International, Ltd. ("APS") has been appointed as the international process server.

After APS was appointed process server, Plaintiffs diligently prepared and submitted summonses and requests for issuance of letter rogatories to the Court so as to accomplish service of the *Gross* complaint. Upon receiving all necessary materials to accomplish service of the

---

[2] Previously, this Court granted the PSC's omnibus Rule 6(b) motion for extension of time for service of process under Rule 4(m), *see* document # 379, dated October 21, 2009, which permitted a stay or extension for service of process on foreign defendants. The PSC is filing the instant motion in an abundance of caution in the event that order does not apply to the *Gross* complaint.

[3] The plaintiffs in *Gross* seek to represent owners of properties with defective Chinese drywall that was manufactured, imported, exported, brokered, distributed, delivered, supplied, marketed, inspected, installed, and/or sold by indeterminate defendants. The *Gross* complaint asserts an industry-wide alternative liability theory against the named defendants and seeks to hold them liable in proportion to their relative market share.

Complaint, APS undertook to have the Complaint translated for service in accordance with the requirements of the Hague Convention. This process has been time consuming and Plaintiffs just recently learned that all documents for service of the Complaint on 44 Chinese defendants were sent to the Central Authority for the People's Republic of China. *See* Cobb Corr. at 2 . The PSC has no way of knowing if or when the Central Authority for the People's Republic of China will serve the Complaint on these 44 Chinese Defendants on January 13, 2009.[4] The same is true with regard to the PSC's efforts to serve the Complaint in other foreign countries. *Id*. (for instance, although the Complaint was sent abroad to Germany for service on Knauf Gips KG on December 16, 2009, it has not yet been served on this defendant).

The PSC has also experienced difficulties in serving the Complaint on many of the domestic defendants. Many of these entities have concealed their location or obfuscated their identity such that Plaintiffs cannot accomplish service of process consistent with the requirements of Fed.R.Civ.P. 4.

## III. <u>ARGUMENT</u>

The PSC is powerless to hasten the service of the summons and Complaint on foreign defendants since it is subject to the whims and vagaries of foreign governments. To further complicate the service of the Complaint, the PSC has learned that many foreign and domestic defendants have deliberately concealed their identities and/or refused to accept service of packages mailed to their corporate headquarters. Because Plaintiffs are unable to accomplish service on these defendants within the 120 days provided for by Fed.R.Civ.P. 4(m), relief in the form requested by

---

[4] If the past is a prelude to the future, Plaintiffs' experience in *Vickers v. Knauf Gips KG, et al.*, 2:09-cv-04117 (E.D.La.) is informative. In *Vickers* months past between sending documents to the central authority and acknowledgment of service of process.

the instant motion is necessary.

With regard to the foreign defendants, the foreign governments responsible for serving defendants that reside within their borders have hindered Plaintiffs in accomplishing service of the Complaint. By way of example, just one complaint in this litigation has been has been served on all named defendants. *See Morris-Chin v. Knauf Plasterboard Tianjin Co., Ltd., et al.*, 2:09-cv-04119 (E.D.La.). Despite prompt efforts to serve foreign defendants through the appropriate diplomatic channels, in all other cases the plaintiffs have been unable to accomplished full service on the foreign defendants. For instance, although the complaint in *Vickers v. Knauf Gips KG, et al.*, 2:09-cv-04117 (E.D.La.) was sent abroad for service on Knauf Plasterboard Dongguan Co. Ltd. on May 6, 2009, it has not yet been served on that defendant. *See* Cobb Corr. at 1-2. This trend clearly evidences a pattern by foreign governments to delay service of process on defendants residing in their borders.[5]

Further, as was noted above, both foreign and domestic defendants have concealed their identities or otherwise made it difficult for Plaintiffs to accomplish service of process. Due to the very nature of this litigation, the Defendants have thwarted Plaintiffs by distributing drywall with few, if any, markings that can be used to trace the drywall to a particular manufacturer. This deceptive conduct has made it very difficult for Plaintiffs to identify the responsible parties and, thus, has caused delay for Plaintiffs seeking to initiate claims against these foreign defendants.

Additionally, both foreign and domestic defendants have taken measures to avoid service of process by either disappearing altogether, by providing the public with addresses that cannot be used

---

[5] Similarly, although the German governmental entity responsible for service of the *Vickers* complaint was provided the complaint on May 28, 2009, it did not serve Knauf Gips KG until November 3, 2009. *Id.*

for service of process,[6] or by refusing to accept delivery of documents when the PSC has attempted to deliver them to appropriate addresses.[7] Thus, there are some foreign and domestic defendants that Plaintiffs will be unable to locate within the 120 days for service and/or who will be uncooperative in accepting service of process once they are located.

In light of the above impediments, there is good cause to extend the 120 day period for service of process and/or to stay the period for service of process. *See* Rule 6(b)(1) ("[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time ...").[8] Just as this Court has allowed for other extensions, *see* document # 379 (October 21, 2009 order granting the PSC's omnibus Rule 6(b) motion for extension of time for service of process under Rule 4(m)), good cause exists for a similar extension.

## IV. <u>CONCLUSION</u>

---

[6] For instance, several of the domestic defendants have provided P.O. Boxes and/or addresses for third-party mail services where the PSC cannot accomplish service consistent with the requirements of Fed.R.Civ.P. 4. By way of example, Marathon Construction Materials Inc.'s only publically available address is of at a UPS store. *See* Entity Information for Marathon Construction Materials Inc. from New York Department of State, Division of Corporations, attached hereto as Exhibit "B"; *see also* Web home for the UPS Store for UPS Store # 5472 in New York, attached hereto as Exhibit "C".

[7] Ever where the PSC has located proper addresses for foreign defendants, some of these defendants have refused to accept packages from the PSC. Although not involving the service of a summons and/or complaint, it is noteworthy that both Beijing New Building Materials Group Co., Ltd. and China National Building Materials Co., Ltd. have refused to accept delivery of a pre-service letter advising them of this Court's pretrial orders.

[8] It is well established that courts have the ability to stay the 120 day period for service of process under Rule 4(m). *See Snyder v. Hall*, 2008 WL 2838814, * 2 (C.D.Ill. 2008) (complete stay of the litigation operated to stay plaintiff's duty to serve the defendant within 120 days of the filing of the complaint); *Denton v. United States of America*, 2006 WL 3783595, * 1-2 (N.D.Ga. 2006) (ruling that plaintiff's attempt to serve defendants during a stay were invalid, and that the stay tolled the running of the 120 day period for service under Rule 4(m)); *Vitaich v. City of Chicago*, 1995 WL 493468, * 5 (N.D.Ill. 1995) (determining that stay of proceedings operated to toll the running of the 120 day for service under Rule 4(m)).

Accordingly, the PSC respectfully requests that the Court grant the relief requested in the instant motion by either extending the period of time for service of process or by staying the 120 days for service of process under Rule 4(m).

Respectfully submitted,

Dated: February 17, 2010

/s/ Russ M. Herman
Russ M. Herman, Esquire
Leonard A. Davis, Esquire
Stephen
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
*Plaintiffs' Liaison Counsel MDL 2047*
*Individual Counsel for the Below Stated Plaintiffs*

**PLAINTIFFS' STEERING COMMITTEE**

Arnold Levin (on the brief)
Fred S. Longer (on the brief)
Matthew C. Gaughan (on the brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*
*Individual Counsel for the Below Stated Plaintiffs*

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com
*Individual Counsel for the Below Stated Plaintiffs*

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com
*Individual Counsel for the Below Stated Plaintiffs*

Victor Manuel Diaz
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com
*Individual Counsel for the Below Stated Plaintiffs*

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
Matthews, Martinez, Gonzales,
Kalbac & Kane
255 Aragon Avenue, 2nd Floor
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com
*Individual Counsel for the Below Stated Plaintiffs*

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020 bgordon@levinlaw.com
*Individual Counsel for the Below Stated Plaintiffs*

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com
*Individual Counsel for the Below Stated Plaintiffs*

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com
*Individual Counsel for the Below Stated Plaintiffs*

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
& Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com
*Individual Counsel for the Below Stated Plaintiffs*

Jerrold Seith Parker
Parker, Waichman, Alonso LLP
27399 Riverview Center Blvd.
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055 Jerry@yourlawyer.com
*Individual Counsel for the Below Stated Plaintiffs*

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com
*Individual Counsel for the Below Stated Plaintiffs*

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com
*Individual Counsel for the Below Stated Plaintiffs*

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com
*Individual Counsel for the Below Stated Plaintiffs*

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com
*Individual Counsel for the Below Stated Plaintiffs*

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com
*Individual Counsel for the Below Stated Plaintiffs*

Jeremy W. Alters
Alters, Boldt, Brown, Rash & Culmo, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@abbrclaw.com
*Individual Counsel for the Below Stated Plaintiffs*

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com
*Individual Counsel for the Below Stated Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Plaintiffs' Steering Committee's Memorandum of Law in Support of its Rule 6(b) Motion for Extension of Time for Service of Process Under Rule 4(m) in *Gross* has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 17th day of February, 2010.

/s/ Leonard A. Davis

Leonard A. Davis, Esquire
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
Plaintiffs' Liaison Counsel
MDL 2047

*Co-counsel for Plaintiff*