IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * * * * | MDL Docket No. 2047 <br><br> SECTION L <br><br> JUDGE FALLON <br><br> MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: *Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al.*, Case No. 2:09-cv–6687 (E.D.La) | * * * * * | |

* * * * * * * * * * * * * * * * *

## THE PLAINTIFFS' STEERING COMMITTEE'S RESPOSNE TO KNAUF PLASTERBOARD (TIANJIN)'S MOTION IN LIMINE (NO. 4) RE: ANIMATION ILLUSTRATIVE OF WITNESSES' TESTIMONY

The Plaintiffs' Steering Committee ("PSC") submits this Response to Knauf Plasterboard (Tianjin)'s (hereinafter "KPT") Motion in Limine to the Court on the following issue:

> Can the Plaintiff use the computer animation as demonstrative evidence to illustrate the witnesses' testimony?

### I. AUTHORITY

KPT has filed a motion in limine, objecting to the admissibility of Plaintiff's computer-generated animation. In so doing, KPT has exaggerated the effect of Plaintiff's animation, and has ignored the ultimate purpose of animations–*i.e.*, to simply illustrate a witnesses' testimony.

The Federal Rules of Evidence do not specifically address the admissibility of computer generated-evidence, such as animations. However, as the use of computer-

generated evidence has proliferated, general rules governing the admissibility of such evidence have begun to appear in the case law. While the Fifth Circuit has yet to specifically address the issue of the admissibility of animations, certain general principles have appeared in the courts, which govern the treatment of this type of evidence. *See, e.g., Hinkle v. City of Clarksburg* 81 F.3d 416, 424-25 (4th Cir. 1996) (computer generated animation admitted); *Robinson v. Missouri Pacific Railroad Co.* 16 F.3d 1083, 1087-88 (10th Cir. 1995)(admitting video animation illustrating expert's accident reconstruction was not an abuse of discretion).

An animation simply illustrates or supports the testimony of a witness, usually an expert. Every aspect of the animation is supported by either testimony or fact, and thus an animation has secondary relevance to the issues, depending on other material testimony for relevance. *Admissibility of Computer Generated Animation,* 111 ALR 5th 529, § 2 (2003). As animations don't draw conclusions, they are treated like demonstrative aids, which have a much less rigorous standard for admissibility than substantive evidence would. In fact, demonstrative evidence used to explain or illustrate a witness' testimony is widely-used with little difficulty. *See, e.g., Strock v. Southern Farm Bureau Cas. Ins. Co.,* 998 F.2d 1010 (4th Cir. 1993) (no abuse of the trial court's discretion in permitting a computer–animated videotape in conjunction with the testimony of his expert witness for demonstrative purposes); *Howell v. Union Pacific R. Co.* 980 So.2d 854, 859 (La. Ct. App. 3d Cir. 2008) (computer animation video was admissible in negligence action as opponents had ample opportunity to cross-examine the expert); *State v. Harvey* 649 So.2d 783, 788-89 (La. Ct. App. 2d Cir. 1995) (animations were demonstrative of doctor's testimony, and were thus admissible).

Like other demonstrative evidence, courts have recognized that the admissibility of computer–generated animation depends on the proponent's ability to sufficiently establish foundational requirements such as: authentication, relevance, accuracy in representing evidence, and probative value exceeding possible prejudice. *See, e.g. Bledsoe v. Salt River Valley Water Users' Ass'n*, 880 P.2d 689, 692 (Ariz.App.Div. 2 1994)(evidentiary use of computer simulations is dependent on satisfying the usual foundational requirements for other demonstrative evidence). In other words, in order to be admissible, the computer animation must "fairly and accurately reflect the underlying oral testimony," and the animation must be authenticated by a witness[1]. 57 Am. Jur. Pof. 3d 455, § 9. If the computer recreation is a faithful reproduction of the events as they occurred, this standard is easy to meet. *Id.*

These foundational requirements can be met by showing that the demonstration is substantially similar to the actual facts of the case. *See Kehm v. Proctor & Gamble Mfg. Co..* 724 F.2d 613, 624 (8th Cir. 1983); *see also Guillory v. Domtar Industries Inc.* 95 F.3d 1320, 1330 (5th Cir. 1996) (forklift model that was not sufficiently similar to the forklift which caused the accident, and thus the court found that the video would confuse the jury). The probative value and prejudicial effect of an animation depends in large part on the extent to which the animation is similar to the actual events. *State v. Trahan* 576 So.2d 1, 7 (La. 1990). **Nevertheless, especially because Knauf will have the opportunity to cross-examine and attack the demonstration, "[p]erfect identity between experimental and actual conditions is neither attainable nor required.**

---

[1] Federal Rule of Evidence Rule 901(b)(9) contains an illustration of what is sufficient authentication for computer evidence, requiring only "evidence showing that the process or system produced an accurate result."

**Dissimilarities affect the weight of the evidence, not its admissibility."** *Kehm*, 724 F.2d at 624 (emphasis added). It is within the discretion of the trial court to determine whether the existence of a dissimilarity between those conditions causes evidence of the experiment to confuse rather than aid the finder of fact, and therefore, whether the evidence should be excluded. *Horn v. Hefner* 115 S.W.3d 255, 257 (Tex.App.-Texarkana 2003); *Muth v. Ford Motor Co.* 461 F.3d 557, 566 (5th Cir. 2006). Further, when demonstrative evidence is only an illustration of general scientific principles, and not a re-enactment of disputed events, it need not even pass the substantial similarity test. *Muth v. Ford Motor Co.* 461 F.3d 557, 566 (5th Cir. 2006).

The trial judge's discretion is broad in determining whether to admit or to reject demonstrative evidence; the ruling may only be overturned with a finding of clear abuse of discretion. *Guillory*, 95 F.3d at 1329. District Court's evidentiary rulings are reviewed only for manifest error. *London v. MAC Corp.*, 44 F.3d 316, 318 (5th Cir. 1995). Thus, once the attorney sets the necessary foundation for the animation and the court determines that its probative value outweighs its potential prejudicial effect under Federal Rules of Evidence Rule 403, the court has the complete discretion to admit the animation. *See Kehm*, 724 F.2d at 624.[2]

## II. APPLICATION

The instant animation is a relevant and accurate illustration of the testimony of Plaintiff's witnesses, and does not unfairly prejudice KPT. The "green gases" referred to as a "dramatic depiction" by KPT, are in fact simply illustrative. There is no way to

---

[2] Note also that animations are often the safest way to provide a demonstration. *See, e.g., Hale v. Firestone Tire & Rubber Co.* 820 F.2d 928 (8th Cir. 1987) (Plaintiff injured in courtroom when counsel actually brought in a tire rim and tire to make a demonstration, and the tire rim exploded and struck him).

{00368494.DOC}                                    4

illustrate gases other than by assigning them a color. While it is true that Plaintiff's experts will not testify to the gases being "green", they will testify to the existence of gases emanating from the walls and through the HVAC system. Therefore, despite KPT's attempts to misdirect the Court based on the color of the gases alone, the animation illustrates the substances of Plaintiff's witnesses testimony. KPT also objects to how quickly the tarnishing and corrosion effects take place in the animation. Apparently, KPT would have these effects take weeks or even months. In the interest of time, however, the animation is not set in real time. Instead, the animation, simply illustrates the witnesses' testimony regarding corrosion, and will be secondary thereto.

KPT is trying to mislead the Court by putting so much focus on the color and haziness of drywall gases, or the pace of the corrosion. Nevertheless, "perfectly similar" has never been the standard. The PSC's animation is a valid demonstrative illustration of the effects of Chinese drywall. That is enough to permit its use.

### III. CONCLUSION

The admissibility of demonstrative evidence is within the discretion of the trial court. To gain admission of an animation as demonstrative evidence, the animation must be illustrative of a witnesses' testimony, and must satisfy the requirements of Federal Rules of Evidence 401 and 402. In other words, the animation must be relevant, fair and accurate. The instant animation is all of these things, and will assist the Court in understanding the witnesses' testimony. Further, and most significantly, KPT will have ample opportunity to cross-examine and attack the animation. Accordingly, Plaintiff should be permitted to use the animation.

| | |
|---|---|
| Dated: February 17, 2010 | Respectfully submitted, |

/s/ Russ M. Herman
Russ M. Herman, Esquire
Leonard A. Davis, Esquire
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

| | |
|---|---|
| Dawn M. Barrios<br>Barrios, Kingsdorf & Casteix, LLP<br>701 Poydras Street, Suite 3650<br>New Orleans, LA 70139<br>Phone: (504) 524-3300<br>Fax: (504) 524-3313<br>Barrios@bkc-law.com | Victor Manuel Diaz<br>Podhurst Orseck, P.A.<br>25 Flagler Street, 8th Floor<br>Miami, FL 33130<br>Phone: (305) 358-2800<br>Fax: (305) 358-2382<br>vdiaz@podhurst.com |

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Aragon Avenue, 2nd Floor
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Daniel K. Bryson (On the Brief)
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Jeremy W. Alters
Alters, Boldt, Brown, Rash & Culmo, P.A.
4141 N.E. 2nd Avenue, Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@abbrclaw.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing The Plaintiffs' Steering Committee's Response to Knauf Plasterboard (Tianjin)'s Motion in Limine (No. 4) Re: Animation Illustrative of Witnesses' Testimony has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 17th day of February, 2010.

/s/ Leonard A. Davis, Esquire
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhkc.com
Plaintiffs' Liaison Counsel
MDL 2047