UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

IN RE CHINESE-MANUFACTURED DRYWALL     MDL No. 2047
PRODUCTS LIABILITY LITIGATION
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -     SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:

Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a
Shandong Taihe Dongxin Co., Ltd., et al.

Case No. 2:09-cv-6687 (E.D. La.)

## THE MITCHELL COMPANY'S RESPONSE TO PLAINTIFFS' STEERING COMMITTEE'S MOTION IN LIMINE (NO. 5) TO EXCLUDE FROM EVIDENCE COSTS OF REMEDIATION INCURRED BY BUILDERS

The Mitchell Company, Inc. ("Mitchell Co.") submits this brief in response to the PSC's Motion in Limine No. 5, not to oppose it, but to set forth the reasons for Mitchell Co.'s willingness not to call its expert witness in the *Germano* proceeding. Mitchell Co. understands that this Court has expressly limited the subject of the *Germano* proceedings to the scope and extent of repair necessary for the seven Virginia properties owned by the Plaintiff intervenors. Thus, as detailed below, Mitchell Co. submits that justice and judicial economy would best be served by reserving evidence of costs incurred by builders for a later proceeding dedicated to proving builders' damages.

As the Court will recall, Defendant Taishan Gypsum Co., Ltd. was served with Mitchell Co.'s complaint on or about May 8, 2009, and failed to answer or otherwise plead before this Court. On September 22, 2009, this Court entered a default judgment in favor of Mitchell Co. against Defendant Taishan Gypsum Co., Ltd. and deferred any ruling on the quantification of Plaintiff's damages. On November 20, 2009 [Doc. 487], the clerk also entered a default against Taishan Gypsum Co., Ltd. in *Germano*. Because of the parallel default in *Germano*, Mitchell Co. sought, and this Court granted, permissive intervention pursuant to FRCP 24(b) on the grounds that common

questions of law and fact existed between Mitchell's claim and the issues presented in *Germano*. However, this Court's stated objective for the *Germano* proceedings is the determination of the scope of repairs necessary for the seven Virginia homes specifically at issue. With that narrow focus in mind, Mitchell's Co. agrees with the PSC that evidence regarding builder costs is unnecessary at this time.

Mitchell Co.'s focus has always been the repairs and accompanying costs necessary for builders to remedy the deleterious effects of defective Chinese drywall. To that end, Mitchell Co. has engaged one expert, Robert M. Freas, a Principal in the Construction Consulting group at Exponent, a global scientific and engineering consulting firm. Mr. Freas has analyzed Mitchell Co.'s properties that contain defective Chinese drywall. Using a repair protocol developed by a consulting expert, Mr. Freas, in consultation with Mitchell Co. employees familiar with relevant building practices and costs, has developed a repair cost estimate for each of Mitchell Co.'s affected homes.

In an effort to crosscheck the reasonability of his estimates, Mr. Freas has conducted a comparative analysis of his estimated repair costs for the Mitchell Co. properties and actual historical repair cost data from other homebuilders operating in the Gulf Coast region. Mr. Freas' work to date indicates that his estimated cost per square foot for repair of Mitchell Co.'s homes is consistent with actual historical cost of repair incurred by other builders.

Mitchell Co. does not dispute the PSC's assertion that a builder may benefit from certain market power and economies of scale that make repair less costly to a builder than a homeowner. The extent of that differential may be disputed by the parties. However, Mitchell Co. and the PSC agree that a comparative analysis of the cost differential between builders and homeowners -- and the market forces that create that differential -- would be a needless and time-consuming diversion at this stage of the proceedings.

As detailed in its Trial Brief, filed February 12, 2010, Mitchell Co. maintains that the proper measure of damages is the repair necessary to deliver to the homeowner the improvements called for under the contract with the builder. Mitchell Co. respectfully advances this measure of damages because, under applicable law, builders face potential liability for whatever sum of money is

necessary to deliver to their homeowner customers the improvements that will meet the homeowner's reasonable contractual expectations.

In light of this Court's Order and Reasons regarding the *Daubert* motions filed by the Plaintiffs' Steering Committee [Doc. 1090] wherein the Court has excluded evidence regarding Knauf's proposed limited repair protocol involving an ECS system, and significantly limited testimony regarding XRF technology, Mitchell Co. believes that it has no meaningful evidence to add to the record regarding the *Germano* Plaintiffs' damages. As noted above, Mitchell Co. understands the focus of this proceeding is on scope of repair, not the collateral damage, if any, covered by the drywall. Mitchell Co. has nothing to add to the factual record regarding the Virginia homeowners' claims with respect to damages arising from personal property damage and, diminution in property value if the homes received a full repair. Mitchell Co. intervened in *Germano* as a plaintiff, and does not claim those types of damages from the upstream suppliers, distributors, or manufacturers. Thus, Mitchell Co. simply has taken no position with regard to those types of damages -- either generally or as they relate to the Virginia homeowners. Any determination of the availability or value of those damages should be limited to the *Germano* homeowners.

For the reasons stated above, Mitchell Co. wishes to voluntarily withdraw from the *Germano* proceedings so long as it retains the right to present evidence of repair costs incurred by builders in a later proceeding tailored to address builders' claims.

Respectfully submitted,

_____
STEVEN L. NICHOLAS
Cunningham Bounds, LLC
1601 Dauphin Street
Mobile, Alabama 36604
251-471-6191
251-479-1031 (fax)
sln@cunninghambounds.com

JONATHAN D. SELBIN
Lieff, Cabraser, Heimann & Bernstein, LLP
780 Third Avenue, 48th Floor
New York, New York 10017-2024
212-355-9500
212-355-9592 (fax)

ELIZABETH J. CABRASER
KRISTEN E. LAW
Lieff, Cabraser, Heimann & Bernstein, LLP
Embarcadero Center West
275 Battery Street, Suite 3000
San Francisco, California 94111-3339
415-956-1000
415-956-1008 (fax)

Attorneys for The Mitchell Company, Inc.

## CERTIFICATE OF SERVICE

I do hereby certify that the above and foregoing the Mitchell Company's Response to Plaintiffs' Steering Committee's Motion in Limine (No. 5) to Exclude from Evidence Costs of Remediation Incurred by Builders has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and email or by hand delivery and email and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this the __17__ day of February, 2010.

STEVEN L. NICHOLAS