UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL         PRODUCTS LIABILITY LITIGATION | * * * * * * * * | MDL NO. 2047<br><br>SECTION L<br><br>JUDGE FALLON<br><br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>Kirk and Lori Meyer v. KB Home/Shaw Louisiana, L.L.C. and ABC Insurance Company,<br>No. 09-6834 | * * * * * * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**KB HOME'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COUNTS I—III, V—VI
AND FOR EXTENSION OF TIME TO ANSWER COUNTS IV AND VII**

**Introduction**

Defendant KB Home/Shaw Louisiana LLC ("KB Home") provides a new home warranty to homebuyers like plaintiffs Kirk and Lori Meyer.  In addition, the Louisiana Legislature has enacted a New Home Warranty Act which provides the exclusive remedy in this state against homebuilders such as KB Home.  Inexplicably, plaintiff's complaint travels on neither of these well-worn roads.  Instead, it alleges a potpourri of barred claims:  breach of implied warranty, redhibition, products liability, fraud, and violation of consumer protection statute, along with negligence and medical monitoring.[1]  The Fifth

---

[1] Plaintiff also brings negligence (Count IV) and medical monitoring (Count VII) claims against KB Home. KB Home is not moving to dismiss those claims.  The filing of a partial motion to dismiss extends the defendant's time to answer the entire complaint.  *See Bertaut v. Parish of Jefferson*, 2002 WL 31528468 (E.D. La. 2002) (citing Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1346 at 146 (2d ed. 1990 and Supp. 2002)).  In an abundance of caution, KB Home seeks an extension until 14 days after the resolution of the motion to dismiss to answer these claims.

Circuit has shown a distaste for complaints such as that filed here, which evinces "a shotgun approach to pleadings … where the pleader heedlessly throws a little bit of everything into his complaint in the hopes that something will stick." *S. Leasing Partners, Ltd. v. McMullen*, 801 F.2d 783, 788 (5th Cir. 1986). Plaintiffs should have filed a straight-forward breach of express warranty case. Because they did not, all claims except Counts III and VII are fatally defective and should be dismissed for failure to state a claim.

### Standard of Review

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Nonetheless, "more than labels and conclusions are necessary, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Id.*

### Argument

**I.    Counts I-III and V-VI Should Be Dismissed Pursuant To the Exclusivity Provision of the New Home Warranty Act**

The Louisiana Legislature enacted the New Home Warranty Act ("NHWA") in 1986. The purpose of the NHWA is to "provid[e] clear, concise, and mandatory warranties for the purchasers and occupants of new homes in Louisiana" as protection "against defects in the construction of new homes." La. Rev. Stat. § 9:3141. The

NHWA provides specific minimum, mandatory warranties on behalf of the builder to the owner. La. Rev. Stat. § 9:3144(A).

The Legislature made clear that "[t]his Chapter provides the exclusive remedies, warranties, and preemptive periods as between builder and owner relative to home construction and <u>no other provisions of law relative to warranties and redhibitory vices and defects shall apply</u>." La. Rev. Stat. § 9:3150 (emphasis supplied). Pursuant to this provision, "Louisiana courts have consistently recognized that the NHWA exclusively applies as to claims between a builder and an owner relative to construction defects in a new residence." *Carter v. Duhe*, 921 So. 2d 963, 970 (La. 2006).

The NHWA defines a "builder" as "any person, corporation, partnership, limited liability company, joint venture, or other entity which constructs a home …" La. Rev. Stat. § 9:3143(1). Plaintiff alleges in paragraph 2 of the complaint that KB Home "designed and constructed" their residence. They further allege in paragraph 1 that they are "owners" of the residence. Thus, this case falls squarely within the ambit of the NHWA. Yet because plaintiffs chose not to exercise their NHWA remedy, their property damage claims in Counts I-III and V-VI should be dismissed.

**II.     Counts I-III and V-VI Should Be Dismissed For Failure To State a Claim.**

Separate and apart from the exclusivity of the NHWA, Counts I-III and V-VI are fatally deficient and subject to dismissal for the following independent reasons.

**Count I – Breach of Implied Warranties**

Count I for breach of implied warranties (La. C.C. Art. 2475, *et. seq.*) improperly comingles claims for breach of the implied warranty of merchantability and the implied

warranty for fitness for particular purpose. Count I should be dismissed for two separate reasons.

First, KB Homes' contract with plaintiffs disclaims "all such other warranties" other than the express warranties set forth in the contract (and specified by the NHWA). The contract expressly states:

> 28. **Limitation of Liability.** EXCEPT FOR THE LIMITED WARRANTY DESCRIBED ABOVE … SELLER MAKES NO WARRANTY OF ANY KIND; SELLER HEREBY DISCLAIMS ALL SUCH OTHER WARRANTIES. SELLER MAKES NO WARRANTY AS TO MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, EITHER EXPRESSED OR IMPLIED… SELLER SHALL NOT BE LIABLE FOR MONETARY DAMAGES OF ANY KIND, INCLUDING SECONDARY, CONSEQUENTIAL, PUNITIVE, GENERAL, SPECIAL OR INDIRECT DAMAGES.[2]

Pursuant to this limitation of warranties, Count I should be dismissed. *See Int'l Marine Terminals, Inc. v. Johnson Bros. Corp. of La.*, 1987 WL 13219 (E.D. La. 1987); *Datamatic, Inc. v. IBM* Corp., 613 F. Supp. 715, 720 (E.D. Pa. 1985).

Second, Count I should be dismissed because a breach of implied warranty of fitness for intended purpose, by definition, requires that the purportedly defective product, here drywall, fail its intended purpose. This Court has already ruled in its January 13, 2010 Order and Reasons (D.E. 741) that the subject drywall does not fail its intended purpose. The Court explained: "[T]he Chinese drywall in the instant matter is operating as intended – as an interior wall and/or ceiling, a room divider, a shell for insulation and wiring, and a base for hanging various items, such as lighting fixtures and decorative items." *Slip op. at 18-19.* "It is not crumbling, deteriorating or failing to serve its intended purpose." *Id.* Thus, irrespective of whether the drywall is defective, as the

---

[2] A copy of the contract is attached as Exhibit A.

- 4 -

complaint alleges, it does not fail its intended purpose. For this reason as well, Count I should be dismissed.

### Count II – Breach of Warranty of Redhibition

Count II should be dismissed because, like a breach of implied warranty of fitness for intended purpose, a breach of warranty of redhibition requires that the purportedly defective product, here drywall, fail its intended purpose. "A plaintiff in redhibition must prove a vice or defect that renders the thing unfit for its intended use."[3] *Adam v. Volvo-Penta of Am.*, 1990 WL 43928, *3 (E.D. La. 1990); *Benoit v. Ryan Chevrolet*, 428 So. 2d 489, 492 (La. App. 2d Cir. 1982). As discussed above, this Court has already ruled in its January 13, 2010 order that the subject drywall does not fail its intended purpose. Accordingly, plaintiffs' redhibition claim should be dismissed.

### Count III – Violation of the Louisiana Products Liability Act

Count III for violation of the Louisiana Products Liability Act (La. Rev. Stat. § 9:2800) should be dismissed because the Act applies only against manufacturers, and the plaintiff has not alleged that KB Home is a manufacturer or a seller otherwise controlled by a manufacturer sufficient to bring it within the ambit of the Act.

La. Rev. Stat. § 9:2800.52 explains that "[t]his Chapter establishes the exclusive theories of liability for <u>manufacturers</u> for damage caused by their products." Thus, "[i]n order to allege a cause of action under the Louisiana Products Liability Act …, a plaintiff

---

[3] La. C.C. art. 2545 provides that "a seller who knows that the thing he sells has a defect but omits to declare it, or a seller who declares that the thing has a quality that he knows it does not have, is liable to the buyer for the return of the price…, and also for damages and reasonable attorney fees." Article 2531 provides that "a seller who did not know that the thing he sold had a defect is bound to repair, remedy, or correct the defect" and "[i]f he is unable or fails so to do, he is then bound to return the price to the buyer …" Article 2520 defines a redhibitory defect as one that "renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect."

must show that the defendants is a 'manufacturer' as defined by the LPLA." *LeBlanc v. Wyeth, Inc.*, 495 F. Supp. 2d 609 (W.D. La. 2007).

The Act defines a "manufacturer" as "a person or entity who is in the business of manufacturing a product for placement into trade or commerce." A "manufacturer" also means (i) a seller of a product "who exercises control over or influences a characteristic of the design, construction or quality of a product that causes damages" or (ii) a seller "of a product of an alien manufacturer if the seller is in the business of importing or distributing the product for resale and the seller is the alter ego of the alien manufacturer." La. Rev. Stat. § 9:2800.53(1). Sellers who do not fit within the statutory definitions are not governed by the Act. *See Pilet v. Ciba-Geigy Corp.*, 1996 WL 89262 (E.D. La. 1996) (granting summary judgment to a pharmacy that sold but did not manufacture an allegedly defective drug); *Matthews v. Wal-Mart Stores, Inc.*, 708 So. 2d 1248 (La. App. 4 Cir. 1998) (reversing judgment against retailer that sold but did not manufacture a defective lamp); *LeBlanc*, 495 F. Supp. 2d at 613-14.

This Court's decision in *In re Propulsid Prods. Liab. Litig.*, 2002 WL 1446714 (E.D. La. 2002), is instructive. In that MDL proceeding, a drug store moved to dismiss a proposed class representative's claims against it on the ground that the LPLA did not apply to it because it was not a manufacturer or a seller which statutorily could be treated as a manufacturer. This Court agreed that, as alleged in the complaint, the drug store did not "meet the criteria under which a seller may be treated as a manufacturer according to the LPLA": (i) it did not make the product; (ii) it did not have any input into the design of the product; (iii) it did not have any control over the construction or quality of the

product. It was a "mere seller" which was "not subject to the liability for defective products established by the LPLA."

The same is true here. The complaint does not allege that KB Home (i) made defective drywall; (ii) had any input into the design of the drywall; (iii) or had any control over the construction or quality of the drywall. Thus, KB Home is not subject to the liability for defective products established by the LPLA. Accordingly, Count III should be dismissed.

Alternatively, to the extent that plaintiffs contend that the product at issue is the home rather than the defective drywall, the LPLA still does not apply to their claims. The Louisiana Products Liability Act does not provide recovery for damage to the product itself. Comment (a) to the Louisiana Civil Code art. 3545 clearly explains:

> This Article applies to any injury caused by a product, rather than to the product itself. The latter type of damage is likely to be characterized as contractual in nature and thus would be governed by the Title on conventional obligations…. This Article applies to any injury directly sustained by a person or his property, whether or not that person is the owner of the product, and whether or not he was using the product at the time of the injury.

Thus, to the extent plaintiffs contend the home is the applicable product rather than the drywall, such a claim is not cognizable under the LPLA. Under either scenario, Count III should be dismissed.

**Count V – Fraudulent Concealment**

Count V for fraudulent concealment should be dismissed for failure to plead fraud with particularity. Fed. R. Civ. P. 9(b) requires, at a minimum, "allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 521 (5th Cir. 1993); *In re Ford Motor Co. Bronco II Prods.*

1008083v.1

*Liab. Litig.*, 1995 WL 491155, *6 (E.D. La. 1995). In *Ford Bronco*, for example, plaintiffs alleged in their complaint that every Ford advertisement omitted the fact that the subject vehicles suffered from a hidden and potentially fatal defect and that Ford covered up critical test studies to the government for a period of seven years. The Eastern District deemed those allegations insufficient because plaintiffs failed to allege the contents of the advertisements or the circumstances surrounding Ford's alleged failure to disclose studies to the government.

Here as well, plaintiffs' allegations against KB Home are deficient. The complaint contains no allegations of particulars of time, place, and content of allegedly false representations. It further fails to identify the person supposedly making the misrepresentation and what he obtained thereby. Accordingly, the complaint fails to allege fraud with the particularity required by Rule 9(b), and Count V should be dismissed.

### **Count VI – Violation of the Louisiana Unfair Trade Practices Act**

Like Count V, Count VI for violation of the La. Unfair Trade Practices Act should be dismissed for failure to plead fraud with particularity. Plaintiffs' Unfair Trade Practices Act claim is predicated upon alleged deception. *See Complaint ¶ 95* ("Specifically, KB HOME misrepresented and omitted material information regarding the defective drywall supplied to Plaintiffs and by failing to disclose known risks regarding the drywall"); ¶ 97 ("KB HOME violated La. Rev. Stat. Ann. § 51:1401, et. Seq. by knowingly and falsely representing that the drywall used in construction of the property was fit to be used for the purpose for which the drywall was intended, was of merchantable quality and contained no hidden defects"); ¶ 98 ("KB HOME engaged in

the deceptive acts and practices alleged herein…"). Such a claim must be pled with the particularity required by Rule 9(b). *See Dale v. IDS Financial Services, Inc.*, 1992 WL 111834 (M.D. La. 1992). As discussed above, the complaint fails to satisfy that heightened standard. Accordingly, Count VI should be dismissed.

## Conclusion

For the foregoing reasons, Counts I through III and V through VI should be dismissed.

DATED: February 17, 2010  Respectfully Submitted,

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509, T.A.
Brooke C. Tigchelarr, 32029
    Of
STONE PIGMAN WALTHER WITTMAN, L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Telephone: (504) 581-3200
Facsimile: (504) 581-3361
*Attorneys for KB Home/Shaw Louisiana, L.L.C.*

1008083v.1

- 10 -

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Support of Motion to Dismiss has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 17th day of February, 2010

                */s/ Dorothy H. Wimberly*
                Attorney for KB Home/Shaw Louisiana, L.L.C.

1008083v.1