UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : : : : : | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. | : |  |

**This Document Relates to** *Germano, et al. v. Taishan Gypsum Co. Ltd., et al.*, **case no. 09-6687**

## ORDER & REASONS

Before the Court are various motions in limine or similar motions filed by the Plaintiffs' Steering Committee ("PSC") and Intervenor Knauf Plasterboard Tianjin Co. Ltd. ("Knauf"). For the foregoing reasons, IT IS ORDERED that the PSC's Motion in Limine to Preclude the Testimony of Knauf Experts on the Cost Effectiveness of XRF Sampling and a Corrosion Grading Scale Assessment as Components of Selective Chinese Drywall Identification and Removal is DENIED; the Court RESERVES ITS RULING FOR PRODUCTION on the PSC's Motion in Limine to Preclude the Testimony of Dr. Perricone Regarding Corrosion Thickness Measurements and Calculations Related to Surrogate Copper Coupon Testing, and directs that Dr. Perricone's recalculations be produced by Friday, February 19, 2010, by 12:00 noon, or this information will be excluded; the PSC's Motion in Limine to Limit the Testimony of Phillip Goad, Ph.D., to Issues Relevant to Property Remediation and Property Damage, and to Preclude Other Knauf Experts from Offering New Opinions on Indoor Air Quality and Corrosion is GRANTED; the PSC's Motion in Limine to Exclude From Evidence Costs of Remediation Incurred by Builders is DENIED; and Knauf's Motion to Strike the Report and Preclude the Testimony of Jack Caravanos is DENIED AS MOOT IN PART AND DENIED IN PART.

**I.    BACKGROUND**

Homeowners whose homes and health have allegedly been damaged by Chinese drywall have filed suit in state and federal courts against various defendants involved with Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in the U.S. District Court, Eastern District of Louisiana.

The present matter, *Germano, et al. v. Taishan Gypsum Co. Ltd., et al.*, Case no. 09-6687, was transferred to this Court after being filed in the United States District Court for the Eastern District of Virginia as a class action on behalf of owners and residents of homes in the Commonwealth of Virginia containing defective Chinese-manufactured drywall that was designed and manufactured by Defendant Taishan Gypsum Co. Ltd. ("Taishan").

Defendant Taishan is a Chinese corporation with its principal place of business located in Shandong Province, China. In June 2009, summons was issued to Taishan, and on September 23, 2009, it was returned executed. In short, Taishan has been properly served. The delay for answering has long passed and yet no answer or responsive pleading has been filed by Taishan. On November 18, 2009, the Plaintiffs' Steering Committee ("PSC") filed a Motion for Default Judgment as to Taishan. On November 20, 2009, the Court issued an Order of Preliminary Default. Subsequently, the Court issued a Scheduling Order for a hearing on default judgment proceedings against Taishan. The Court declared its intent to use the hearing as a vehicle to consider the scope and extent of the appropriate remediation necessary for properties that are impacted by Chinese drywall. Some seven properties were selected as being representative of

the variety of claimed damages in the MDL.[1]  Parties similarly situated or having a common interest in this matter were given an opportunity to intervene and participate in these proceedings.  One of these intervenors was Knauf Plasterboard Tianjin Co. Ltd. ("Knauf").

On February 19, 20, 22, 23, and 24, 2010, the Court will convene a final default judgment hearing at which the interested parties will have an opportunity to present evidence in support of their respective positions.  Following that hearing, the Court will make a determination of the nature and scope of remediation for the properties involved with the hope that this will also provide some guidance for other cases similarly situated.

## II.    PRESENT MOTIONS

The Court has reviewed, when necessary, the reports from the expert testimony at issue and studied the briefs submitted by the parties.  It is now appropriate for the Court to rule on these Motions.

### A.    The PSC's Motion in Limine to Preclude the Testimony of Knauf Experts on the Cost Effectiveness of XRF Sampling and a Corrosion Grading Scale Assessment as Components of Selective Chinese Drywall Identification and Removal

The PSC filed a Motion in Limine to Preclude the Testimony of Knauf Experts on the Cost Effectiveness of XRF Sampling and a Corrosion Grading Scale Assessment as Components of Selective Chinese Drywall Identification and Removal.  The Court has considered the arguments raised by the parties in their briefs.  The Court finds that the PSC's Motion raises

---

[1] Jerry and Inez Baldwin, Steven and Elizabeth Heischober, Joseph and Kathy Leach, Preston and Rachael McKellar, J. Frederick and Vannessa Michaux, William and Deborah Morgan, and Robert and Lea Orlando, all homeowners in Virginia with homes containing Chinese drywall manufactured by Taishan, intervened as plaintiffs to provide a cross-section of properties afflicted with Chinese drywall for the Court to consider in its scope of remediation hearing.

legitimate issues which go to the weight to be given to conclusions reached.  Accordingly, the testimony of Knauf's experts on the cost effectiveness of XRF sampling and a corrosion grading scale assessment as components of selective Chinese drywall identification and removal can be dealt with in cross-examination and is not fodder for *Daubert* challenges.  The PSC's Motion is DENIED.

> **B.  The PSC's Motion in Limine to Preclude the Testimony of Dr. Perricone Regarding Corrosion Thickness Measurement and Calculations Related to Surrogate Copper Coupon Testing**

The PSC filed a Motion in Limine to Preclude the Testimony of Dr. Perricone Regarding Corrosion Thickness Measurement and Calculations Related to Surrogate Copper Coupon Testing.  Dr. Perricone has provided expert opinions based upon recalculations of measurements and calculations performed by MeadeWestVaco ("MWV").  Dr. Perricone, at his deposition, admitted that the density value was the factor that significantly decreased the measurement of corrosion thickness from the MVW reported measurements, and he asserted that his basis for using this density value was that the laboratory equipment printed out such a value.  Dr. Sharp, Knauf's corrosion expert, testified that Dr. Perricone's recalculations were incorrect, and that he had told him so.  However, the PSC has not received a copy of the print out Dr. Perricone relied upon for his recalculations.

The Court has considered the arguments raised by the parties in their briefs.  It directs that Dr. Perricone's recalculations be produced by 12:00 noon, Friday, February 19, 2010, and if they are not, he will not be permitted to testify on these issues.  The Court will reserve its ruling on the Motion pending production.

> **C.  The PSC's Motion in Limine to Limit the Testimony of Phillip Goad, Ph.D. to Issues Relevant to Property Remediation and Property Damage, and to Preclude Other Knauf Experts From Offering New Opinions on Indoor Air**

-4-

**Quality and Corrosion**

The PSC filed a Motion in Limine to Limit the Testimony of Phillip Goad, Ph.D. to Issues Relevant to Property Remediation and Property Damage, and to Preclude Other Knauf Experts From Offering New Opinions on Indoor Air Quality and Corrosion.  The Court has considered the arguments raised by the parties in their briefs.  The Court notes that the scope of the upcoming hearing is limited to property remediation and property damage.  The experts will be limited to these areas.  To some extent, unpleasant odors and eye irritations fall into a gray area; accordingly, they may be considered only to the extent they pose an inconvenience and affect the livability of the property and thus impact the scope of the remediation and extent of the property damage.  The presence/absence and/or extent and potential for personal injuries are not issues for this hearing.  Accordingly, the PSC's Motion is GRANTED as modified above.

### D.  The PSC's Motion in Limine to Exclude From Evidence Costs of Remediation Incurred by Builders

The PSC filed a Motion in Limine to Exclude from Evidence Costs of Remediation Incurred by Builders.  The Court has considered the arguments raised by the parties in their briefs.  The Court finds that the PSC raises a relevancy issue which the Court will deal with and take into consideration during trial.  The Court refrains from taking a position in advance of trial.  Accordingly, the PSC's Motion is DENIED.

### E.  Knauf's Motion to Strike the Report and Preclude the Testimony of Jack Caravanos

Knauf filed a Motion to Strike the Report and Preclude the Testimony of Jack Caravanos.  Mr. Caravanos' expert report contains his opinions on the use of XRF technology to detect Chinese drywall.  The Court has in a prior ruling dealt with the use of XRF technology to selectively identify sheets of defective drywall.  *See* Rec. Doc. No. 1090.  Accordingly, to the

extent theses issues are raised in this Motion, the Motion is DENIED AS MOOT. Further, the other issues raised in this Motion are more properly raised in cross-examination since they involve impeachment issues and go to the weight of the proposed witness testimony. Accordingly, the Motion, as it involves issues outside of the XRF technology, is DENIED.

## IV.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that the PSC's Motion in Limine to Preclude the Testimony of Knauf Experts on the Cost Effectiveness of XRF Sampling and a Corrosion Grading Scale Assessment as Components of Selective Chinese Drywall Identification and Removal is DENIED; the Court RESERVES ITS RULING FOR PRODUCTION on the PSC's Motion in Limine to Preclude the Testimony of Dr. Perricone Regarding Corrosion Thickness Measurements and Calculations Related to Surrogate Copper Coupon Testing and directs that Dr. Perricone's recalculations be produced by Friday, February 19, 2010, by 12:00 noon, or this information will be excluded; the PSC's Motion in Limine to Limit the Testimony of Phillip Goad, Ph.D., to Issues Relevant to Property Remediation and Property Damage, and to Preclude Other Knauf Experts from Offering New Opinions on Indoor Air Quality and Corrosion is GRANTED; the PSC's Motion in Limine to Exclude From Evidence Costs of Remediation Incurred by Builders, is DENIED; and Knauf's Motion to Strike the Report and Preclude the Testimony of Jack Caravanos, is DENIED AS MOOT IN PART AND DENIED IN PART.

New Orleans, Louisiana, this 17th day of February 2010.

ELDON E. FALLON  
UNITED STATES DISTRICT JUDGE