UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE MANUFACTURED DRYWALL : MDL NO. 2047
  PRODUCTS LIABILITY LITIGATION : SECTION: L
:
: JUDGE FALLON
: MAG. JUDGE WILKINSON
.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. :

**This Document Relates to** *Germano, et al. v. Taishan Gypsum Co. Ltd., et al.*, **case no. 09-6687**

## ORDER & REASONS

Before the Court are five motions in limine filed by Intervenor Knauf Plasterboard Tianjin Company, Limited. The Court has considered these motions and orders as follows.

**I.    BACKGROUND**

Homeowners whose homes and health have allegedly been damaged by Chinese drywall have filed suit in state and federal courts against various defendants involved with Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in the U.S. District Court, Eastern District of Louisiana.

The present matter, *Germano, et al. v. Taishan Gypsum Co. Ltd., et al.*, Case no. 09-6687, was transferred to this Court after being filed in the United States District Court for the Eastern District of Virginia as a class action on behalf of owners and residents of homes in the Commonwealth of Virginia containing defective Chinese-manufactured drywall that was designed and manufactured by Defendant Taishan Gypsum Co. Ltd. ("Taishan").

Defendant Taishan is a Chinese corporation with its principal place of business located in

Shandong Province, China.  In June 2009, summons was issued to Taishan, and on September 23, 2009, it was returned executed.  In short, Taishan has been properly served.  The delay for answering has long passed and yet no answer or responsive pleading has been filed by Taishan.  On November 18, 2009, the Plaintiffs' Steering Committee ("PSC") filed a Motion for Default Judgment as to Taishan.  On November 20, 2009, the Court issued an Order of Preliminary Default.  Subsequently, the Court issued a Scheduling Order for a hearing on default judgment proceedings against Taishan.  The Court declared its intent to use the hearing as a vehicle to consider the scope and extent of the appropriate remediation necessary for properties that are impacted by Chinese drywall.  Some seven properties were selected as being representative of the variety of claimed damages in the MDL.[1]  Parties similarly situated or having a common interest in this matter were given an opportunity to intervene and participate in these proceedings.  One of these intervenors was Knauf Plasterboard Tianjin Co. Ltd. ("Knauf").

On February 19, 20, 22, 23, and 24, 2010, the Court will convene a final default judgment hearing at which the interested parties will have an opportunity to present evidence in support of their respective positions.  Following that hearing, the Court will make a determination of the nature and scope of remediation for the properties involved with the hope that this will also provide some guidance for other cases similarly situated.

**II.    PRESENT MOTION**S

    **A.    Motion in Limine to Exclude Testimony and Opinions that Electrical**

---

[1] Jerry and Inez Baldwin, Steven and Elizabeth Heischober, Joseph and Kathy Leach, Preston and Rachael McKellar, J. Frederick and Vannessa Michaux, William and Deborah Morgan, and Robert and Lea Orlando, all homeowners in Virginia with homes containing Chinese drywall manufactured by Taishan, intervened as plaintiffs to provide a cross-section of properties afflicted with Chinese drywall for the Court to consider in its scope of remediation hearing.

### Equipment May Fail as a Result of Chinese Drywall

Knauf filed a Motion in Limine to Exclude Testimony and Opinions that Electrical Equipment May Fail as a Result of Chinese Drywall, arguing that the PSC's experts lack standards or bases to opine about the rate or levels of corrosion that cause failure.  The Court has considered the arguments raised by the parties in their respective briefs.  The Court DENIES the Motion.  The Court finds that the Motion focuses on the conclusions reached and disagrees with the approach.  This goes to the credibility and weight of testimony.

**B.     Motion in Limine to Exclude Testimony that Emissions or Odors from Chinese Drywall are Harmful to, or Otherwise Impact Health are Toxic or Noxious**

Knauf filed a Motion in Limine to Exclude Testimony that Emissions or Odors from Chinese Drywall are Harmful to, or Otherwise Impact Health are Toxic or Noxious, arguing that the subject of the upcoming hearing is remediation and property damage, and specifically not personal injury.  The Court has already ruled on this Motion.  Complaints may be relevant with respect to livability in a house.  This may impact the scope of repairs and amount of property damage.  To the extent such evidence is used, this evidence can be rebutted by debunking the complaints.  But the thrust of pro or con evidence must be focused on property and not personal injury.  Accordingly, this Motion is DENIED as MOOT because it has already been addressed.

**C.     Motion in Limine to Strike and Exclude Hearsay Opinions of Zdenek Hejzlar**

Knauf filed a Motion in Limine to Strike and Exclude Hearsay Opinions of Zdenek Hejzlar.  Knauf alleges that these opinions were attached to the untimely filed Caravanos Report.  It further alleges that Zdenek's statements are hearsay and unauthenticated.  The Court duly notes the comments, observations, and complaints made by counsel.  The Court will apply the rules of evidence and exclude any improper hearsay evidence at the hearing.  The other matters

raised have already been ruled upon.  This Motion is DENIED as MOOT, reserving Knauf's right to raise any evidentiary issues at the hearing.

### D. Motion in Limine to Bar PSC's Animation

Knauf filed a Motion in Limine to Bar the PSC's Animation, arguing that the animation fails to satisfy the foundational elements for demonstrative evidence and is overly prejudicial. The Court has considered the arguments raised by the parties.  The Court will RESERVE RULING pending an offer of evidence and an opportunity to review.

### E. Motion in Limine to Restrict the Evidentiary Hearing and the Court's Findings of Fact and Conclusions of Law to the Scope and Extent of Appropriate Remediation for the Seven Homes at Issue

Knauf filed a Motion in Limine to Restrict the Evidentiary Hearing and the Court's Findings of Fact and Conclusions of Law to the Scope and Extent of Appropriate Remediation for the Seven Homes at Issue.  The Court finds that Knauf's Motion raises a non-issue.  The Court has, as counsel indicates in its Motion, spoken on the record on several occasions as to the limited but hopefully important role of this hearing.  Accordingly, the Motion is DENIED.

## III. CONCLUSION

For the foregoing reasons, Knauf's Motion in Limine to Exclude Testimony and Opinions that Electrical Equipment May Fail as a Result of Chinese Drywall is DENIED; Motion in Limine to Exclude Testimony that Emissions or Odors from Chinese Drywall are Harmful to, or Otherwise Impact Health are Toxic or Noxious is DENIED; Motion in Limine to Strike and Exclude Hearsay Opinions of Zdenek Hejzlar is DENIED as MOOT, reserving Knauf's right to raise any evidentiary issues at the hearing; Motion in Limine to Bar the PSC's Animation is RESERVED FOR RULING; and Motion in Limine to Restrict the Evidentiary Hearing and the Court's Findings of Fact and Conclusions of Law to the Scope and Extent of

Appropriate Remediation for the Seven Homes at Issue is DENIED.

      New Orleans, Louisiana, this 17th day of February 2010.

                                              */s/ Eldon E. Fallon*
                                              ELDON E. FALLON
                                            UNITED STATES DISTRICT JUDGE