UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : : : : : | MDL NO. 2047<br><br>SECTION: L<br><br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. | : | |

**This Document Relates to** *Germano, et al. v. Taishan Gypsum Co. Ltd., et al.*, **case no. 09-6687**

### ORDER & REASONS

Before the Court is the Plaintiffs' Steering Committee's ("PSC") Motion in Limine to Exclude the Expert Affidavit of Tracey Dodd and the Expert Declaration of Robert W. Sproles, Ph.D. For the following reasons, the Motion is GRANTED.

### I.   BACKGROUND

Homeowners whose homes and health have allegedly been damaged by Chinese drywall have filed suit in state and federal courts against various defendants involved with Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in the U.S. District Court, Eastern District of Louisiana.

The present matter, *Germano, et al. v. Taishan Gypsum Co. Ltd., et al.*, Case no. 09-6687**,** was transferred to this Court after being filed in the United States District Court for the Eastern District of Virginia as a class action on behalf of owners and residents of homes in the Commonwealth of Virginia containing defective Chinese-manufactured drywall that was designed and manufactured by Defendant Taishan Gypsum Co. Ltd. ("Taishan").

Defendant Taishan is a Chinese corporation with its principal place of business located in Shandong Province, China. In June 2009, summons was issued to Taishan, and on September 23, 2009, it was returned executed. In short, Taishan has been properly served. The delay for answering has long passed and yet no answer or responsive pleading has been filed by Taishan. On November 18, 2009, the Plaintiffs' Steering Committee ("PSC") filed a Motion for Default Judgment as to Taishan. On November 20, 2009, the Court issued an Order of Preliminary Default. Subsequently, the Court issued a Scheduling Order for a hearing on default judgment proceedings against Taishan. The Court declared its intent to use the hearing as a vehicle to consider the scope and extent of the appropriate remediation necessary for properties that are impacted by Chinese drywall. Some seven properties were selected as being representative of the variety of claimed damages in the MDL.[1] Parties similarly situated or having a common interest in this matter were given an opportunity to intervene and participate in these proceedings. One of these intervenors was Knauf Plasterboard Tianjin Co. Ltd. ("Knauf").

On February 19, 20, 22, 23, and 24, 2010, the Court will convene a final default judgment hearing at which the interested parties will have an opportunity to present evidence in support of their respective positions. Following that hearing, the Court will make a determination of the nature and scope of remediation for the properties involved with the hope that this will also provide some guidance for other cases similarly situated.

## II.    PRESENT MOTION

---

[1] Jerry and Inez Baldwin, Steven and Elizabeth Heischober, Joseph and Kathy Leach, Preston and Rachael McKellar, J. Frederick and Vannessa Michaux, William and Deborah Morgan, and Robert and Lea Orlando, all homeowners in Virginia with homes containing Chinese drywall manufactured by Taishan, intervened as plaintiffs to provide a cross-section of properties afflicted with Chinese drywall for the Court to consider in its scope of remediation hearing.

The PSC filed a Motion in Limine to Exclude the Expert Affidavit of Tracey Dodd and the Expert Declaration of Robert W. Sproles, Ph.D. The PSC states that on January 28, 2010, Knauf filed two new expert affidavits in support of its *Daubert* papers. The two new experts were never identified as witnesses or experts in the case. The PSC claims that the expert affidavits are an attempt, at the last minute, to introduce new experts, new protocols, and new methodologies to fill holes in the key opinions of Knauf's trial experts. It further claims that these submissions are both untimely and prejudicial.

### III.   LAW & ANALYSIS

Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure requires that "[a] party must make [expert testimony] disclosures at the times and in sequence that the court orders." *See Cooper v. Southern Co.*, 390 F.3d 695, 728 (11th Cir. 2004), *reh'g and reh'g en banc denied*, 143 Fed.Appx. 310 (11th Cir.), *cert. denied*, 546 U.S. 960 (2005)("all parties must disclose expert opinion reports when directed by the court"). Failure to do so can result in exclusion pursuant to Federal Rule of Civil Procedure 37(c)(1). *United States v. Garrett*, 238 F.3d 293, 298 (5th Cir. 2000), *reh'g and reh'g en banc denied*, 250 F.3d 745 (5th Cir.), *cert. denied*, 533 U.S. 917(2001).

The Court has considered the arguments raised by the parties, and now holds that the PSC's Motion is GRANTED for the following reasons. The Court's scheduling order provides that a list of all expert witnesses was due on December 18, 2009, and that all Rule 26 expert reports were due on December 30, 2009. Although Knauf timely filed its expert witness list, it did not include Sproles or Dodd. Additionally, Knauf did not provide a timely expert report for Sproles or Dodd. Knauf filed the Affidavit of Dodd, a consultant with knowledge of the XRF gun, a week after Dr. Perricone was cross-examined in deposition on the use of the XRF gun.

The Court finds that Dr. Perricone should not be allowed, after rendering his complete opinion on the XRF gun to now bootstrap the Dodd affidavit into his opinion. Similarly, the Declaration of Robert Sproles involving the corrosion grading scale was introduced after the testimony of Dr. Perricone which discussed the use of the scale.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiffs' Steering Committee's Motion in Limine to Exclude the Expert Affidavit of Tracey Dodd and the Expert Declaration of Robert W. Sproles, Ph.D. is GRANTED.

New Orleans, Louisiana, this 17th day of February 2010.

_____
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE