IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * * * * * * | MDL Docket No. 2047<br><br>SECTION L<br><br>JUDGE FALLON<br><br>MAG. JUDGE WILKINSON |

* * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al.*, Case No. 2:09-cv-6687 (E.D.La.)

### INTERVENOR KNAUF PLASTERBOARD (TIANJIN) CO. LTD.'S OBJECTION TO PSC'S MOTION IN LIMINE (NO.2) TO LIMIT TESTIMONY OF DR. PERRICONE

The Plaintiffs Steering Committee ("PSC") is apparently seeking to bar testimony of Dr. Perricone's corrosion calculations with respect to copper coupons that measure the effectiveness of the Environmental Control System ("ECS"). The PSC's motion confuses several sets of data in their apparent request for the basis of Dr. Perricone's "recalculated" measurements of MeadWestvaco's results. (*See* Mem. In Supp. at 2.) In particular, the PSC seems to be seeking the "scientific or other basis for using the greater density value associated with a copper sulfide species." (*Id.*). The bottom line is Knauf Plasterboard (Tianjin) Co. Ltd. ("KPT") produced the information underlying Dr. Perricone's opinions to the PSC, including the very data discussed in the PSC's Motion. This Court should deny the PSC's Motion as baseless.

As cited in the PSC's Motion, the PSC asked Dr. Perricone in his deposition about some specific calculations with respect to the particular species of copper sulfide that Dr. Perricone measured and explained in Appendix C of his report. (*See* Deposition of Dr. Perricone at

350:16-355:11, attached as Exhibit A.) Dr. Perricone confirmed that the relevant information sought by the PSC was part of the software of the XPS device:

> Q. Figure 20 of Exhibit 30. You used an XPS device to generate that data?
>
> A. Yes, we did at RJ Lee Group.
>
> Q. And did the RJ Lee Group XPS device tell you in some sort of a readout that the spike there was Cu2P3?
>
> A. Yes. These peak locations are compared against the relevant tables and able to identify what the position of these peaks are and how they relate to each individual element.
>
> Q. What relevant table did you compare it to?
>
> A. This is a library of binding energies that would be ***routinely part of the software that is with the XPS device.***
>
> Q. So this was a library that came with your XPS device?
>
> A. Yes. I believe it is a library of published values of all these different binding energies that uniquely identify these individual elements. That's a common way that these types of analyses are done.

(*Id.* at 351:19-352:17 (emphasis added).) Dr. Perricone was asked at the deposition to provide "copies" of the libraries or references. KPT's production of Dr. Perricone's reliance materials includes the XPS data and a specific reference to the trial version of the software, which in turn includes the libraries and calculates the points on the graph in Appendix C of Dr. Perricone's Report that the PSC referenced during his deposition.

To the extent there was a misunderstanding at Dr. Perricone's deposition, KPT's counsel confirmed that the libraries and software were included and identified with XPS data that had been produced before Dr. Perricone's deposition. Thus, the PSC has and has had the data that it believes it needs to review Dr. Perricone's report.

Dr. Perricone did not indicate in the deposition that there were any "printouts." While the PSC asked for "printouts," there are no printouts. There are only the data and instructions to

review the data with software that contains the libraries and references that the PSC seeks. Because KPT actually produced the information, the PSC's Motion should be denied.

Moreover, the PSC grossly mischaracterizes the importance of the data with respect to the totality of Dr. Perricone's opinions on copper sulfide tarnishing, thickness and the data supporting the ECS and his other opinions. The PSC cites to the deposition of Dr. Sharp and a supposed issue with respect to Dr. Perricone's recalculations of the data of another group, MeadWestvaco. KPT denies that there were "errors" or that the PSC's interpretation of Dr. Sharp's testimony or opinions is correct, but it is irrelevant to the PSC's Motion. Dr. Perricone generated significant data by XPS, ESCA and other test methods that have nothing to do with the "recalculations." Dr. Perricone's opinions, independent of the MeadWestvaco data, are based on the XPS along with his observations, education and experience as a materials scientist. The PSC's motion *in limine* should be denied in its entirety.

Respectfully submitted,

BY: /s/ Douglas B. Sanders

KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
PAUL C. THIBODEAUX (#29446)
**FRILOT L.C.**
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone: (504)599-8194
Facsimile: (504)599-8145
Email: kmiller@frilot.com

-AND-

DONALD J. HAYDEN (FL Bar No. 0097136)
**BAKER & MCKENZIE LLP**
Mellon Financial Center
1111 Brickell Avenue, Suite 1700
Miami, FL  33131

Telephone: (305) 789-8966
Facsimile: (305) 789-8953
Email: donald.j.hayden@bakernet.com

DOUGLAS B. SANDERS
(IL Bar No. 6256621)
RICHARD M. FRANKLIN
(IL Bar No. 0864390)
**BAKER & MCKENZIE LLP**
130 E. Randolph Drive
One Prudential Plaza
Chicago, IL 60601
Telephone: (312) 861-8075
Facsimile: (312) 698-2375
Email: douglas.b.sanders@bakernet.com

On behalf of *Intervenor Knauf Plasterboard (Tianjin) Co., Ltd.*

## CERTIFICATE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by paper delivery to the Clerk of Court on this 17th day of February, 2010.

*/s/ Douglas B. Sanders*