IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * * * * * * | MDL Docket No. 2047 <br> SECTION L <br> JUDGE FALLON <br> MAG. JUDGE WILKINSON |

* * * * * * * * * * * * * * * * * *

THIS DOCUMENT RELATES TO: *Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al.*, Case No. 2:09-cv-6687 (E.D.La.)

**INTERVENOR KNAUF PLASTERBOARD (TIANJIN) CO. LTD.'S OBJECTION TO PSC'S MOTION IN LIMINE (NO. 6) TO EXCLUDE OCCUPIED HOME ECS TESTING**

The Plaintiffs Steering Committee ("PSC") moved to bar testimony and evidence regarding testing associated with the installation of the Environmental Control System ("ECS") in a Mandeville, Louisiana house occupied by Mr. Charles and Ms. Marcia Petry.

As this Court is aware, KPT offered the use of the ECS as an effective repair strategy for homes containing Chinese drywall. KPT set forth in its expert reports extensive data regarding the effectiveness of the ECS system in unoccupied test homes. As soon as it was able during the scope of these very expedited proceedings, KPT also installed the ECS system in an occupied home in Mandeville, Louisiana. Unfortunately, this data was not complete prior to the *Daubert* hearings before this Court, although KPT made PSC counsel well aware of the fact that the ECS was installed in an occupied house was being tested. KPT produced the scientific data supporting the effectiveness of the ECS system in this occupied house as soon as it was available, and included this data on its trial exhibit list. KPT further identified as fact witnesses the homeowners to present their perspective on the effectiveness of the ECS solution. While

KPT believes that such data is highly relevant to the assessment of the ECS system as an effective and cost-efficient remediation strategy, in light of this Court's *Daubert* ruling as to the admissibility of evidence at the default damages hearing in the *Germano* matter, KPT recognizes that this issue is likely moot at this juncture as it relates to these default proceedings.

Respectfully submitted,

BY: /s/ Douglas B. Sanders

KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
PAUL C. THIBODEAUX (#29446)
**FRILOT L.C.**
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone: (504)599-8194
Facsimile: (504)599-8145
Email: kmiller@frilot.com

-AND-

DONALD J. HAYDEN (FL Bar No. 0097136)
**BAKER & MCKENZIE LLP**
Mellon Financial Center
1111 Brickell Avenue, Suite 1700
Miami, FL 33131
Telephone:    (305) 789-8966
Facsimile:    (305) 789-8953
Email: donald.j.hayden@bakernet.com

DOUGLAS B. SANDERS
(IL Bar No. 6256621)
RICHARD M. FRANKLIN
(IL Bar No. 0864390)
**BAKER & MCKENZIE LLP**
130 E. Randolph Drive
One Prudential Plaza
Chicago, IL 60601
Telephone:    (312) 861-8075
Facsimile:    (312) 698-2375
Email: douglas.b.sanders@bakernet.com

On behalf of *Intervenor Knauf Plasterboard (Tianjin) Co., Ltd.*

## CERTIFICATE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by paper delivery to the Clerk of Court on this 17th day of February, 2010.

/s/ *Douglas B. Sanders*