IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * * * * * * | MDL Docket No. 2047 SECTION L JUDGE FALLON MAG. JUDGE WILKINSON |

* * * * * * * * * * * * * * * * * * *

THIS DOCUMENT RELATES TO: *Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al.*, Case No. 2:09-cv-6687 (E.D.La.)

## INTERVENOR KNAUF PLASTERBOARD (TIANJIN) CO. LTD.'S OBJECTION TO PSC'S MOTION IN LIMINE (NO.3) TO LIMIT TESTIMONY OF PHILIP GOAD, Ph.D.

The Plaintiffs Steering Committee ("PSC") moved to bar testimony of Dr. Goad and other of Knauf Plasterboard (Tianjin) Co., Ltd.'s ("KPT") experts relating to (1) human health and (2) the "relationship between corrosion and IAQ." (*See* Memo. In Supp. at 1-2.) With respect to Dr. Goad's opinions that there are no impacts from Chinese drywall on human health, KPT agrees that they are not at issue in this case *unless* put at issue by the PSC and its witnesses. To the extent that the PSC does not open the door by having its witnesses testify in any way that the drywall is "toxic," "noxious" or implicitly or explicitly has any impacts on health (or even the suggestion that the CPSC or FDOH investigations on health issues are not completed), KPT does not intend to present this portion of Dr. Goad's opinions.[1] Any order barring testimony with respect to health issues, toxicity, noxiousness, and the like, should be mutual to KPT's and

---

[1] KPT has filed a motion *in limine* to bar the PSC from putting on testimony that the drywall is "toxic," "noxious" or otherwise impacts health. KPT reserves its right to present Dr. Goad's full testimony that Chinese drywall is not a health risk, if the PSC opens the door in any way to such testimony during its case.

PSC's experts, and allow KPT to introduce Dr. Goad's opinions if the PSC opens the door. Many of the opinions proferred by the PSC on necessary remediation expressly presuppose that the CDW in the home impacts health (*See, e.g.,* Ex. A, Expert Report of Ronald Wright, at 23), or by implication that its removal should be done more along the lines of an environmental remediation than construction remediation. (*See, e.g.,* Ex. B, Expert Report of Ronald Bailey, at 11).

It is unclear what the PSC is driving at by its motion that Dr. Goad and KPT's other experts be barred from offering "expert opinion at trial on the relationship between corrosion and IAQ [indoor air quality]." (Memo. at 2.) As described in his reports, Dr. Goad did significant testing in houses with and without Chinese drywall to measure levels of constituents that may be responsible for the damages alleged by the plaintiffs in the *Germano* case. Dr. Goad also conducted tests in ECS houses to measure the impacts of the ECS on the levels of sulfur gases. Many of the PSC's experts have testified that concentration of corrosive gases is relevant to the rate and degree of corrosion. (Ex. C, Deposition of John R. Scully, at 109-10, 117, 120-21; Ex. D., Deposition of Dean Rutila, at 177, 241-42.) While Dr. Goad many not have an independent opinion on corrosion, his testing is relevant to the issues being considered by the Court with respect to the scope of remediation and whether removing or reducing the levels of allegedly corrosive gases plays a part in any remedy. Plaintiffs had an opportunity to depose Dr. Goad and ask him about the various measurements, including with respect to data generated in ECS houses and control houses. To the extent that the PSC is attempting to bar Dr. Goad from testifying about his results, it is misplaced and should be denied.

Similarly, the PSC's motion with respect to KPT's other experts is without basis. Dr. Sharp and Dr. Perricone cite Dr. Goad's reports in their reports and rely upon Dr. Goad's reports

and data. (*See* Ex. E, Expert Report of Dr. Sharp, at 7; Ex. F.,Expert Report of Dr. Perricone, at 2, 5.) The PSC was not interested when it deposed Dr. Sharp or Dr. Perricone in exploring how they relied on Dr. Goad's data and did not ask either questions about Dr. Goad's data. Roger Morse also cited to Dr. Goad's report in his report and relied on the data with respect to validating the ECS. Mr. Morse, when asked during his deposition, identified that data, discussed how it was relevant to his opinions, and referred the PSC to Dr. Goad for specific details. (*See* Exhibit G,Deposition of Roger Morse, at 82, 88, 94, 98.) Mr. Morse did rely on Dr. Goad's data and indicated that to the PSC; again, the PSC chose not to question Dr. Goad on the substance of his data.

While KPT does not understand what exactly the PSC means by barring opinions on "the relationship between corrosion and IAQ," this portion of the Motion *in Limine* should be denied because the PSC did not explore how KPT's other experts relied on Dr. Goad's reports and data and has no basis to bar opinions based on Dr. Goad's reports and data.

Respectfully submitted,

BY: /s/ Douglas B. Sanders

KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
PAUL C. THIBODEAUX (#29446)
**FRILOT L.C.**
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone: (504)599-8194
Facsimile: (504)599-8145
Email: kmiller@frilot.com

-AND-

DONALD J. HAYDEN (FL Bar No. 0097136)
**BAKER & MCKENZIE LLP**
Mellon Financial Center

1111 Brickell Avenue, Suite 1700
Miami, FL 33131
Telephone: (305) 789-8966
Facsimile: (305) 789-8953
Email: donald.j.hayden@bakernet.com

DOUGLAS B. SANDERS
(IL Bar No. 6256621)
RICHARD M. FRANKLIN
(IL Bar No. 0864390)
**BAKER & MCKENZIE LLP**
130 E. Randolph Drive
One Prudential Plaza
Chicago, IL 60601
Telephone: (312) 861-8075
Facsimile: (312) 698-2375
Email: douglas.b.sanders@bakernet.com

On behalf of *Intervenor Knauf Plasterboard (Tianjin) Co., Ltd*

## CERTIFICATE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 2047, on this 17th day of February, 2010.

s/Douglas B. Sanders