IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * * * * * * | MDL Docket No. 2047<br><br>SECTION L<br><br>JUDGE FALLON<br><br>MAG. JUDGE WILKINSON |

* * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al.*, Case No. 2:09-cv-6687 (E.D.La.)

## INTERVENOR KNAUF PLASTERBOARD (TIANJIN) CO. LTD.'S OBJECTION TO THE PLAINTIFFS' STEERING COMMITTEE'S MOTION *IN LIMINE* TO EXCLUDE THE EXPERT AFFIDAVIT OF TRACEY DODD AND THE EXPERT DECLARATION OF ROBERT W. SPROLES, PH.D.

The Plaintiffs Steering Committee ("PSC") seeks to exclude the Affidavit of Tracey Dodd and the Declaration of Robert Sproles. The PSC incorrectly assumes that KPT intends to call Robert Sproles as an expert who will testify to the viability of selective removal of CDW from those houses. The PSC also incorrectly assumes that Tracey Dodd's affidavit provides the basis for Intervenor Knauf Plasterboard (Tianjin) Co. Ltd.'s ("KPT") experts to testify to the effectiveness of XRF and the proper protocol for partial removal of Chinese drywall from the plaintiffs' houses. This Court should reject PSC's motion because KPT does not intend to call Robert Sproles to testify as an expert in this case, and does not intend to call Tracey Dodd at all.

The PSC seeks to exclude Robert Sproles's Declaration, which the PSC criticize for being produced late in the game. Dr. Sproles has been known to the PSC for months. He inspected the wiring at the Virginia houses in December with PSC counsel present.

He signed into those inspections and the PSC videotaped Dr. Sproles as he made observations in the houses. The PSC has known throughout this entire proceeding that Dr. Sproles is a member of the KPT team. Dr. Sproles' wiring inspections, including many of the diagrams that he prepared were raised during the deposition of Dr. Perricone on January 21, 2010. (*See* Deposition of Dr. Matthew Perricone, at 221.11-16, attached as Ex. A.) As such, PSC should not have been surprised when Dr. Sproles' affidavit was filed in responses to the PSC's *Daubert* motion on January 28, 2010. If the PSC thought his potential testimony was so critical that it should be barred, it has had ample opportunity to depose Dr. Sproles or seek additional information from him through KPT's counsel.

The PSC also improperly claims that the Sproles' Declaration should be excluded because it is a belated as an improper basis for Dr. Perricone's testimony that XRF technology can be a reliable tool in the selective CDW removal process. While this point may be moot after the Court's ruling today, the PSC confuses the function of Dr. Sproles in this proceedings. Dr. Sproles was offered as a rebuttal witness in the *Daubert* hearing. Additionally, KPT intends to call Dr. Sproles not as an expert but as a fact witness. Dr. Sproles has undertaken the visual observation phase of the partial board protocol, in particular the characterization of tarnishing on wires. Dr. Sproles can testify to those observations as "rationally based on [his] perception under Fed. R. Evid. *701*.

KPT does not intend to rely on her expert affidavit as a basis for the proposition that XRF can combine with visual observation to create an effective protocol for selective removal of Chinese drywall. KPT has no intention of calling Tracey Dodd as a witness in this case. Ms. Dodd is not one of KPT's experts, and her affidavit was submitted in

support of KPT's Motion to Exclude Jack Caravanos' expert report because his report addressed work in which she was involved in the Virginia houses.

The PSC's concern that Dr. Perricone will "bootstrap" the Dodd Affidavit into his own testimony is unfounded. Dr. Perricone has not relied on the Dodd Affidavit as a bases for testifying to the selective removal of Chinese drywall. KPT will not offer the Dodd Affidavit for any other purpose other than to rebut the PSC's experts' improper presumption that false negatives were rendered by XRF readings during Ms. Dodd's inspection of the Virginia houses. Any other testimony with respect to XRF, including its utility and effectiveness for identifying Chinese drywall in a house, will be based on KPT's experts' own opinions.

Accordingly, this Court should reject the PSC's motion and allow KPT to use the Tracey Dodd's Affidavit should it become necessary as rebuttal evidence and allow Dr. Sproles to testify as a fact witness rather than an expert.

Respectfully submitted,

BY: /s/ Douglas B. Sanders

KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
PAUL C. THIBODEAUX (#29446)
**FRILOT L.C.**
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone: (504)599-8194
Facsimile: (504)599-8145
Email: kmiller@frilot.com

-AND-

DONALD J. HAYDEN (FL Bar No. 0097136)

**BAKER & MCKENZIE LLP**
Mellon Financial Center
1111 Brickell Avenue, Suite 1700
Miami, FL 33131
Telephone:    (305) 789-8966
Facsimile:    (305) 789-8953
Email: donald.j.hayden@bakernet.com

DOUGLAS B. SANDERS
(IL Bar No. 6256621)
RICHARD M. FRANKLIN
(IL Bar No. 0864390)
**BAKER & MCKENZIE LLP**
130 E. Randolph Drive
One Prudential Plaza
Chicago, IL 60601
Telephone:    (312) 861-8075
Facsimile:    (312) 698-2375
Email: douglas.b.sanders@bakernet.com

On behalf of *Intervenor Knauf Plasterboard (Tianjin) Co., Ltd.*

## CERTIFICATE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by paper delivery to the Clerk of Court on this 17th day of February, 2010.

/s/ *Douglas B. Sanders*