IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  CHINESE-MANUFACTURED | * | MDL Docket No. 2047 |
| DRYWALL PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAG. JUDGE WILKINSON |
| | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * *

THIS DOCUMENT RELATES TO: *Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al.*, Case No. 2:09-cv-6687 (E.D.La.)

---

**INTERVENOR KNAUF PLASTERBOARD (TIANJIN) CO. LTD.'S OBJECTION TO PLAINTIFFS' STEERING COMMITTEE'S MOTION IN LIMINE (NO. 1) TO PRECLUDE THE TESTIMONY OF KNAUF EXPERTS ON THE COST EFFECTIVENESS OF XRF SAMPLING AND A CORROSION GRADING SCALE ASSESSMENT AS COMPONENTS OF SELECTIVE CHINESE DRYWALL IDENTIFICATION AND REMOVAL**

---

Intervenor, Knauf Plasterboard Tianjin Co., Ltd. ("KPT"), files this Objection to the

Plaintiffs' Steering Committee's Motion in Limine (No. 1) to Preclude the Testimony of

Knauf Experts on the Cost Effectiveness of XRF Sampling and a Corrosion Grading Scale

Assessment as Components of Selective Chinese Drywall Identification and Removal. The

PSC attempts to bar highly relevant evidence about an effective and cost-effective method

of repairing certain houses which contain localized installation of impacted Chinese

drywall based upon invalid presumptions and issues that would go only to impeachment or

weight of the evidence presented by KPT's experts and fact witnesses on the selective

drywall removal option.  Where the PSC proffers remediation costs that are the actual value

of the houses at issue, it is quite telling that the PSC seeks to exclude reference to cost of partial board repair methods, which just based on common sense alone would be significantly less expensive than the dramatic tear down of the houses that the PSC proposes.

The justification for denial of this motion is not just premised upon common sense, but because KPT has put evidence of the costs involved into the record and intends to speak about this remedial alternative as a more reasonable and cost-effective means to repair the impacted houses.  Roger Morse, one of the experts for KPT's experts was questioned on the costs of the use of the XRF testing of the board in the houses based upon his prior experience with XRF in  lead-based paint surveys (*See* Deposition of Roger Morse at 227:14-228:16, attached as Ex. A.) At least one of the PSC's own experts, Ronald Bailey, and the company that he owns, Bailey Engineering Company, uses the XRF device in survey and investigation that his company's website markets for investigation of Chinese drywall. (*See* Deposition of Ronald Bailey at 109.5-110.4, attached as Ex. B; Affidavit of Manny Sires dated February 4, 2010 at 2, attached as Ex. C) (Bailey Engineering "typically fee for a home in Miami is about $1500.00" and they use an "XRF Gun" to test for Chinese drywall)).  Moreover, contrary to representations of another PSC expert, Ronald Wright, that the XRF gun and the visual inspection suggested for the selective drywall removal plan would require "XRF technicians, laboratory and associated expert costs" (PSC's Memo. at 3),  Robert Sproles, one of the fact witnesses that KPT intends to call to discuss undertaking the visual observation survey of switches and outlets, another aspect of the selective drywall removal option, has also provided information through affidavit and will testify at trial that the visual survey could easily be undertaken "by multiple trained

individuals or field teams." (*See* Declaration of Robert Sproles of January 28, 2010 at paras. 9-10, attached as Ex. D.) Sproles' anticipated testimony would seem to be validated by the fact that the far more labor intensive Threshold Inspection Protocol (PTO 13A) undertaken on 30 CDW houses selected by the Plaintiffs was done by field trained inspectors from Crawford and Company, and originally priced at $300/ home.

To suggest that the court not be able to take into account in determining a reasonable and appropriate repair for the seven Virginia houses the obvious substantial cost differential between the tear down of the houses being proposed by the PSC and the selective drywall removal plan seems highly prejudicial. The Court should consider all possible repair alternatives. In the case of at least two of the selected Virginia houses, the selective drywall removal plan should certainly be an appropriate alternative for remediation of houses where there is only localized evidence of impact from the Chinese drywall. Although KPT's focus in the instant proceedings remains limited to proffering for the court appropriate remedial alternatives to the Court, discussion of the significant price differential between the PSC proposal and the alternative methods suggested by KPT are relevant and should be allowed.

For the above reasons, PSC's Motion in Limine (No. 1) should be denied and this Court should entertain testimony about the costs of the alternative methods being proposed by KPT.

Respectfully submitted,

BY: /s/ Douglas B. Sanders
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
PAUL C. THIBODEAUX (#29446)
**FRILOT L.C.**

1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone: (504)599-8194
Facsimile: (504)599-8145
Email: kmiller@frilot.com

-AND-

DONALD J. HAYDEN (FL Bar No. 0097136)
**BAKER & MCKENZIE LLP**
Mellon Financial Center
1111 Brickell Avenue, Suite 1700
Miami, FL  33131
Telephone:    (305) 789-8966
Facsimile:    (305) 789-8953
Email: donald.j.hayden@bakernet.com

DOUGLAS B. SANDERS
(IL Bar No. 6256621)
RICHARD M. FRANKLIN
(IL Bar No. 0864390)
**BAKER & MCKENZIE LLP**
130 E. Randolph Drive
One Prudential Plaza
Chicago, IL  60601
Telephone:    (312) 861-8075
Facsimile:    (312) 698-2375
Email: douglas.b.sanders@bakernet.com

## CERTIFICATE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties in the *Germano* proceeding by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana under seal, on this ⟨17⟩ day of February, 2010.

*/s/ Douglas B. Sanders*