# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | ) | |
| DRYWALL PRODUCTS LIABILITY | ) | MDL NO. 2047 |
| LITIGATION | ) | |
| | ) | SECTION: L |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | JUDGE FALLON |
| Garcia, et al., v. Lennar Corporation., et al., | ) | |
| CASE NO.: 2:09-cv-04118 | ) | MAG. JUDGE WILKINSON |
| | ) | |

## ANSWER, AFFIRMATIVE DEFENSES, AND
## CROSS-CLAIMS OF USG CORPORATION

Defendant, USG CORPORATION ("Defendant"), by and through its undersigned attorneys, hereby files its Answer, Affirmative Defenses, and Cross-Claims in response to Plaintiffs' Class Action Complaint ("Plaintiffs' Complaint") and says:

1.      In response to the allegations of Paragraph 1, it admitted that Plaintiff has filed this lawsuit as a putative class action.  Defendant denies any remaining allegations contained in Paragraph 1.

2.      Defendant denies the allegations of Paragraph 2 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 2 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

3.      Defendant denies the allegations of Paragraph 3 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 3 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

4.      Defendant denies the allegations of Paragraph 4 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 4 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

5.      Defendant denies the allegations of Paragraph 5 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 5 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

6.      Defendant denies the allegations of Paragraph 6 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 6 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

7.      Paragraph 7 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 7, Defendant denies the same.

8.      Defendant denies the allegations of Paragraph 8 to the extent that they are factual allegations directed to USG Corporation.  The remaining allegations of Paragraph 8 contain legal conclusions that require no response and factual allegations regarding other defendants that require no response.

9.      Defendant denies the allegations of Paragraph 9 to the extent that they are factual allegations directed to USG Corporation.  The remaining allegations of Paragraph 9 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

10.     Defendant denies the allegations of Paragraph 10 to the extent that they are factual allegations directed to USG Corporation.  The remaining allegations of Paragraph 9 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

11.     Paragraph 11 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

12.     Paragraph 12 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

13.     Paragraph 13 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

14.     Defendant denies the allegations of Paragraph 14 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 14 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

15.     In response to the allegations of Paragraph 15, Defendant admits that, upon information and belief, Knauf Gips is a manufacturer of building materials headquartered in Germany and that Knauf Gips, together with its affiliates, sells building materials in the United States.  Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 14 and, therefore, denies the same.

16.     In response to the allegations of Paragraph 16, Defendant admits, upon information and belief, that Knauf has three wallboard manufacturing plants in China, which are located in Wuhu, Tianjin, and Donnguan, and that the manufacture of wallboard in the plants is directly or indirectly controlled by Knauf Gips or its affiliates.  Defendant lacks information sufficient to admit or deny the remaining factual allegations of Paragraph 15 and, therefore, denies the same.

17.     In response to the allegations of Paragraph 17, Defendant admits that in 2006 L&W Supply Corporation, a subsidiary of USG Corporation, purchased wallboard manufactured in China by Knauf and further admits, upon information and belief, that Knauf sold wallboard to other distributors in the United States.  These purchases were made at a time when there was a shortage of domestically manufactured wallboard.  Paragraph 17 further contains legal conclusions that require no response.  Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 17 and, therefore, denies the same.

18.     Paragraph 18 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

19.     Paragraph 19 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

20.     Paragraph 20 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

21.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 21 and, therefore, denies the same.

22.     Paragraph 22 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

23.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 23 and, therefore, denies the same.

24.     Defendant denies the allegations of Paragraph 24 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 24 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

25.     Paragraph 25 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

26.     Paragraph 26 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

27.     Paragraph 27 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

28.     In response to the first sentence of Paragraph 28, Defendant admits, upon information and belief, that Knauf has three wallboard manufacturing plants in China, which are

located in Wuhu, Tianjin, and Donnguan, and that the manufacture of wallboard in the plants is directly or indirectly controlled by Knauf Gips or its affiliates.  The remaining allegations of Paragraph 28 contain legal conclusions regarding another defendant that require no response.

29.     Paragraph 29 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

30.     In response to the allegations of Paragraph 30, Defendant admits that in 2006 L&W Supply Corporation, a subsidiary of USG Corporation, purchased wallboard manufactured in China by Knauf.   These purchases were made at a time when there was a shortage of domestically manufactured wallboard.  Defendant denies the remaining allegations of Paragraph 30 to the extent they purport to apply to Defendant.  To the extent the remaining allegations of Paragraph 30 apply to other entities, no response is required.

31.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 31 and, therefore, denies the same.

32.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 32 and, therefore, denies the same.

33.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 33 and, therefore, denies the same.

34.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 34 and, therefore, denies the same.

35.     In response to the allegations of Paragraph 35, Defendant is aware of a shipment of Knauf wallboard from the Dongguan plant that arrived in Port Canaveral in March 2006. Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 35 and, therefore, denies the same.

36.     In response to the allegations of Paragraph 36, Defendant is aware of a shipment of Knauf wallboard from the Tianjin plant that arrived in Tampa in May 2006.  Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 36 and, therefore, denies the same.

37.     In response to the allegations of Paragraph 37, Defendant denies that the "shipments" referenced in Paragraph 37 were imported by United States Gypsum Corporation. Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 37 and, therefore, denies the same.

38.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 38 and, therefore, denies the same.

39.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 39 and, therefore, denies the same.

40.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 40 and, therefore, denies the same.

41.     In response to the allegations of Paragraph 41, Defendant admits, upon information and belief, that Knauf Plasterboard (Tianjin) Co., Ltd. is a corporation, subsidiary, or other entity affiliated with or related to Knauf Gips.  Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 41 and, therefore, denies the same.

42.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 42 and, therefore, denies the same.

43.     Paragraph 43 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

44.     In response to the allegations of Paragraph 44, Defendant admits, upon information and belief, that Knauf Plasterboard (Wuhu) Co., Ltd. is a corporation, subsidiary, or other entity affiliated with or related to Knauf Gips.  Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 44 and, therefore, denies the same.

45.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 45 and, therefore, denies the same.

46.     Paragraph 46 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

47.     In response to the allegations of Paragraph 47, Defendant admits, upon information and belief, that Knauf Plasterboard (Dongguan) Co., Ltd. is a corporation, subsidiary, or other entity affiliated with or related to Knauf Gips.  Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 47 and, therefore, denies the same.

48.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 48 and, therefore, denies the same.

49.     Paragraph 49 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

50.     In response to the allegations of Paragraph 50, Defendant admits that it is a Delaware corporation, that it conducts business in Florida, and that L&W Supply Corporation, a subsidiary of USG Corporation, is the leading specialty building products distribution business in the United States.   Defendant denies the allegations of Paragraph 50 not explicitly admitted.

51.     Defendant denies the allegations of Paragraph 51.

52.     Paragraph 52 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

53.     Paragraph 53 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

54.     Paragraph 54 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

55.     Paragraph 55 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

56.     Defendant denies the allegations of Paragraph 56 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 56 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

57.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 57 and, therefore, denies the same.

58.     In response to the allegations of Paragraph 58, Defendant admits that gypsum board is the generic name for panel-type products consisting of a noncombustible core, primarily of gypsum, with a paper surfacing on the face, back, and long edges. Gypsum board is often called drywall, wallboard, or plasterboard.  The term "Sheetrock" is a trademark of USG Corporation and properly refers only to a drywall product manufactured by United States Gypsum Company.  Generally speaking, in making gypsum wallboard, gypsum must be partially dehydrated or calcined to produce calcium sulfate hemihydrate, commonly called stucco. The calcining process occurs by heating the gypsum, driving off approximately three-fourths of the chemically combined water.  The calcined gypsum is then mixed with water and additives to form a slurry.  The additives may include paper fiber, fiberglass, plasticizer, foaming agent,

accelerators, starch, retarders, and/or other additives for mold and fire resistance. Some manufacturers may use foaming agents including alkyl ethoxy sulfates, and dispersing agents or plasticizers such as lignin or naphthalene sulfonates. The slurry is fed between continuous layers of paper on a wallboard line. As the board moves down the conveyer line, the calcium sulfate recrystallizes or rehydrates, reverting to a hardened state. The paper becomes chemically and mechanically bonded to the gypsum core. The board is then cut to length and conveyed through dryers to remove any free moisture. Defendant further states that the specific processes for manufacture of gypsum wallboard vary by manufacturer, and defendant admits only that the foregoing is a general description of how gypsum wallboard is made. Defendant denies all allegations not specifically admitted.

59. In response to the allegations of Paragraph 59, Defendant incorporates herein its response to Paragraph 58.

60. Defendant admits the first sentence of Paragraph 60. In response to the second sentence of Paragraph 60, Defendant incorporates herein its response to Paragraph 58.

61. In response to the allegations of Paragraph 61, Defendant admits that drywall panels can range from 1/4 inch (6.35mm) to one inch (25.4mm) thick. Defendant denies all allegations not specifically admitted.

62. In response to the allegations of Paragraph 62, Defendant admits that drywall sold by L&W Supply Corporation, a subsidiary of USG Corporation, and All Interior Supply, Inc., a subsidiary of L&W Supply Corporation, may be made from mined gypsum, synthetic gypsum, or a combination of both. Defendant is without information sufficient to answer for other defendants, and therefore denies the allegations as they relate to other defendants.

63.     In response to the allegations of Paragraph 63, Defendant admits that the color of gypsum can vary from white to gray.  Defendant denies all allegations not specifically admitted.

64.     In response to the allegations of Paragraph 64, Defendant incorporates herein its response to Paragraph 62.

65.     Defendant admits the allegations of Paragraph 65.

66.     In response to the allegations of Paragraph 66, Defendant incorporates herein its response to Paragraph 62.

67.     In response to the allegations of Paragraph 67, Defendant incorporates herein its response to Paragraph 62.

68.     In response to the allegations of Paragraph 68, Defendant incorporates herein its response to Paragraph 62.

69.     In response to the allegations of Paragraph 69, Defendant incorporates herein its response to Paragraph 62.

70.     In response to the allegations of Paragraph 70, Defendant incorporates herein its response to Paragraph 58.

71.     In response to the allegations of Paragraph 71, Defendant incorporates herein its response to Paragraph 58.

72.     In response to the allegations of Paragraph 72, Defendant incorporates herein its response to Paragraph 58.

73.     In response to the allegations of Paragraph 73, Defendant incorporates herein its response to Paragraph 58.

74.     In response to the allegations of Paragraph 74, Defendant incorporates herein its response to Paragraph 58.

75.     In response to the allegations of Paragraph 75, Defendant incorporates herein its response to Paragraph 58.

76.     In response to the allegations of Paragraph 76, Defendant incorporates herein its response to Paragraph 58.

77.     In response to the allegations of Paragraph 77, Defendant incorporates herein its response to Paragraph 62.

78.     Defendant denies the allegations of Paragraph 78 to the extent they purport to apply to Defendant.

79.     Defendant denies the allegations of Paragraph 79 to the extent they purport to apply to Defendant.  Defendant is aware of studies prior to this lawsuit relating to sulfide emissions from landfills containing gypsum wallboard but not studies relating to installed wallboard.

80.     Defendant denies the allegations of Paragraph 80 to the extent they purport to apply to Defendant.

81.     In response to the allegations contained in the first sentence of Paragraph 81, Defendant incorporates herein its response to Paragraph 79. Defendant lacks information sufficient to admit or deny the allegations contained in the second sentence of Paragraph 81 and, therefore, denies the same.

82.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 82 and, therefore, denies the same.

83.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 83 and, therefore, denies the same.

84.    Defendant lacks information sufficient to admit or deny the allegations of Paragraph 84 and, therefore, denies the same.

85.    Defendant lacks information sufficient to admit or deny the allegations of Paragraph 85 and, therefore, denies the same.

86.    Paragraph 86 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

87.    Defendant lacks information sufficient to admit or deny the allegations of Paragraph 87 and, therefore, denies the same.

88.    Paragraph 88 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

89.    Defendant lacks information sufficient to admit or deny the allegations of Paragraph 89 and, therefore, denies the same.

90.    Defendant lacks information sufficient to admit or deny the allegations of Paragraph 90 and, therefore, denies the same.

91.    Paragraph 91 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

92.    Defendant lacks information sufficient to admit or deny the allegations of Paragraph 92 and, therefore, denies the same.

93.    Defendant lacks information sufficient to admit or deny the allegations of Paragraph 93 and, therefore, denies the same.

94.    Defendant lacks information sufficient to admit or deny the allegations of Paragraph 94 and, therefore, denies the same.

95.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 95 and, therefore, denies the same.

96.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 96 and, therefore, denies the same.

97.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 97 and, therefore, denies the same.

98.     Defendant denies the allegations of Paragraph 98 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 98 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

99.     Defendant denies the allegations of Paragraph 99 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 99 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

100.     Defendant denies the allegations of Paragraph 100 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 100 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

101.     Defendant denies the allegations of Paragraph 101 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 101 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

102.     Defendant denies the allegations of Paragraph 102 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 102 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

103.     Defendant denies the allegations of Paragraph 103 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 103 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

104.     Paragraph 104 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 104, Defendant denies the same.

105.     In response to the allegations of Paragraph 105, Defendant admits that Plaintiff has filed this lawsuit as a putative class action.  The remaining allegations of Paragraph 105 and its subparts contain legal conclusions that require no response.  To the extent any further response is required to the allegations in Paragraph 105 and its subparts, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

106.     In response to the allegations of Paragraph 106, Defendant admits that Plaintiffs have filed this lawsuit as a putative class action.  The remaining allegations of Paragraph 106 and its subparts contain legal conclusions that require no response.  To the extent any further response is required to the allegations in Paragraph 106 and its subparts, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

107.     Paragraph 107 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 107, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

108.     Paragraph 108 and its subparts contain legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 108 and its subparts, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

14

109.    Paragraph 109 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 109, Defendant denies the same. Defendant further states that this lawsuit does not meet the standards for a class action.

110.    Paragraph 110 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 110, Defendant denies the same. Defendant further states that this lawsuit does not meet the standards for a class action.

111.    Paragraph 111 and its subparts contain legal conclusions that require no response. To the extent a response is required to any allegations in Paragraph 111, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

112.    Defendant denies the allegations of Paragraph 112 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 112 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

113.    Defendant denies the allegations of Paragraph 113 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 113 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

114.    Defendant denies the allegations of Paragraph 114 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 114 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

115.    Defendant denies the allegations of Paragraph 115 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 115 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

116.    In response to Paragraph 116, Defendant incorporates herein its responses to Paragraphs 1 through 115.

117.    Defendant denies the allegations of Paragraph 117 and its subparts to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 117 and its subparts contain legal conclusions and/or factual allegations regarding other defendants that require no response.

118.    Defendant denies the allegations of Paragraph 118 and its subparts to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 118 and its subparts contain legal conclusions and/or factual allegations regarding other defendants that require no response.

119.    Defendant denies the allegations of Paragraph 119 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 119 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

120.    Defendant denies the allegations of Paragraph 120 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 120 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

121.    Defendant denies the allegations of Paragraph 121 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 121 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

122.    Defendant denies the allegations of Paragraph 122 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 122 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

123.    In response to Paragraph 123, Defendant incorporates herein its responses to Paragraphs 1 through 122.

124.    Defendant denies the allegations of Paragraph 124 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 124 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

125.    Defendant denies the allegations of Paragraph 125 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 125 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

126.    Defendant denies the allegations of Paragraph 126 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 126 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

127.    Defendant denies the allegations of Paragraph 127 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 127 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

128.    Defendant denies the allegations of Paragraph 128 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 128 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

129.    Defendant denies the allegations of Paragraph 129 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 129 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

130.    Defendant denies the allegations of Paragraph 130 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 130 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

131.    Defendant denies the allegations of Paragraph 131 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 131 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

132.    In response to Paragraph 132, Defendant incorporates herein its responses to Paragraphs 1 through 131.

133.    Defendant denies the allegations of Paragraph 133 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 133 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

134.    Defendant denies the allegations of Paragraph 134 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 134 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

135.    Defendant denies the allegations of Paragraph 135 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 135 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

136.    Defendant denies the allegations of Paragraph 136 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 136 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

137.    Defendant denies the allegations of Paragraph 137 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 137 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

138.    Defendant denies the allegations of Paragraph 138 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 138 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

139.     Defendant denies the allegations of Paragraph 139 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 139 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

140.     Defendant denies the allegations of Paragraph 140 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 140 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

141.     Defendant denies the allegations of Paragraph 141 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 141 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

142.     Defendant denies the allegations of Paragraph 142 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 142 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

143.     In response to Paragraph 143, Defendant incorporates herein its responses to Paragraphs 1 through 142.

144.     Defendant denies the allegations of Paragraph 144 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 144 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

145.     Defendant denies the allegations of Paragraph 145 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 145 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

146.     Defendant denies the allegations of Paragraph 146 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 146 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

147.     Defendant denies the allegations of Paragraph 147 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 147 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

148.     Defendant denies the allegations of Paragraph 148 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 148 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

149.     In response to Paragraph 149, Defendant incorporates herein its responses to Paragraphs 1 through 148.

150.     Defendant denies the allegations of Paragraph 150 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 150 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

151.     Defendant denies the allegations of Paragraph 151 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 151 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

152.     Defendant denies the allegations of Paragraph 152 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 152 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

153.     Defendant denies the allegations of Paragraph 153 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 153 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

154.     In response to Paragraph 154, Defendant incorporates herein its responses to Paragraphs 1 through 153.

155.    Defendant denies the allegations of Paragraph 155 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 155 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

156.    Defendant denies the allegations of Paragraph 156 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 156 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

157.    Defendant denies the allegations of Paragraph 157 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 157 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

158.    Defendant denies the allegations of Paragraph 158 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 158 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

159.    Defendant denies the allegations of Paragraph 159 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 159 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

160.    Defendant denies the allegations of Paragraph 160 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 160 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

161.    Defendant denies the allegations of Paragraph 161 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 161 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

162.    Defendant denies the allegations of Paragraph 162 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 162 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

163.    In response to Paragraph 163, Defendant incorporates herein its responses to Paragraphs 1 through 162.

164.    Defendant denies the allegations of Paragraph 164 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 164 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

165.    Defendant denies the allegations of Paragraph 165 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 165 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

166.    Defendant denies the allegations of Paragraph 166 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 166 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

167.    Defendant denies the allegations of Paragraph 167 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 167 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

168.    Defendant denies the allegations of Paragraph 168 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 168 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

169.    In response to Paragraph 169, Defendant incorporates herein its responses to Paragraphs 1 through 168.

170.    Defendant denies the allegations of Paragraph 170 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 170 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

171.    Defendant denies the allegations of Paragraph 171 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 171 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

172.    Defendant denies the allegations of Paragraph 172 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 172 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

173.    Defendant denies the allegations of Paragraph 173 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 173 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

174.    In response to Paragraph 174, Defendant incorporates herein its responses to Paragraphs 1 through 173.

175.    Defendant denies the allegations of Paragraph 175 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 175 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

176.    Defendant denies the allegations of Paragraph 176 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 176 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

177.    Defendant denies the allegations of Paragraph 177 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 177 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

178.    Defendant denies the allegations of Paragraph 178 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 178 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

179.    In response to Paragraph 179, Defendant incorporates herein its responses to Paragraphs 1 through 178.

180.    Paragraph 180 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

181.    Paragraph 181 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

182.    Paragraph 182 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

183.    Paragraph 183 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

184.    In response to Paragraph 184, Defendant incorporates herein its responses to Paragraphs 1 through 183.

185.    Defendant denies the allegations of Paragraph 185 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 185 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

186.    Defendant denies the allegations of Paragraph 186 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 186 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

187.    Defendant denies the allegations of Paragraph 187 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 187 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

188.    Defendant denies the allegations of Paragraph 188 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 188 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

189.    In response to Paragraph 189, Defendant incorporates herein its responses to Paragraphs 1 through 188.

190.    Defendant denies the allegations of Paragraph 190 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 190 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

191.    Defendant denies the allegations of Paragraph 191 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 191 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

192.    The allegations of Paragraph 192 are in the nature of a request for relief and require no response.  To the extent a response is required to any allegations in Paragraph 192, Defendant denies the same.

193.    Defendant denies the allegations of Paragraph 193 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 193 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

194.    Defendant denies the allegations of Paragraph 194 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 194 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

195.    Defendant denies the allegations of Paragraph 195 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 195 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

196.    In response to Paragraph 196, Defendant incorporates herein its responses to Paragraphs 1 through 195.

197.    In response to the allegations of Paragraph 197, Defendant admits that Plaintiffs have asserted a cause of action under the Florida deceptive and Unfair Trade Practices Act. Defendant denies any remaining allegations contained in Paragraph 197.

198.    Paragraph 198 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 198, Defendant denies the same.

199.    Paragraph 199 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 199, Defendant denies the same.

200.    Defendant denies the allegations of Paragraph 200 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 200 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

201.    Defendant denies the allegations of Paragraph 201 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 201 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

202.    Defendant denies the allegations of Paragraph 202 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 202 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

203.    Defendant denies the allegations of Paragraph 203 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 203 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

204.    Defendant denies the allegations of Paragraph 204 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 204 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

205.    Defendant denies the allegations of Paragraph 205 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 205 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

206.    In response to Paragraph 206, Defendant incorporates herein its responses to Paragraphs 1 through 205.

207.    Defendant denies the allegations of Paragraph 207 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 207 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

208.    Defendant denies the allegations of Paragraph 208 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 208 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

209.    Defendant denies the allegations of Paragraph 209 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 209 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

210.    Defendant denies the allegations of Paragraph 210 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 210 contain legal conclusions and/or factual allegations regarding other defendants that require no response..

211.    Defendant denies the allegations of Paragraph 211 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 211 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

212.    Defendant denies the allegations of Paragraph 212 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 212 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

213.    Defendant denies the allegations of Paragraph 213 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 213 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

214.    Defendant denies the allegations of Paragraph 214 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 214 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

215.    Defendant denies the allegations of Paragraph 215 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 215 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

216.    In response to Paragraph 216, Defendant incorporates herein its responses to Paragraphs 1 through 215.

217.    Defendant denies the allegations of Paragraph 217 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 217 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

218.    Defendant denies the allegations of Paragraph 218 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 218 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

219.    Defendant denies the allegations of Paragraph 219 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 219 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

220.    Defendant denies the allegations of Paragraph 220 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 220 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

221.    Defendant denies the allegations of Paragraph 221 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 221 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

222.    Defendant denies the allegations of Paragraph 222 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 222 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

223.    Defendant denies the allegations of Paragraph 223 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 223 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

224.    Defendant denies the allegations of Paragraph 224 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 224 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

225.    To the extent the Prayer for Relief is deemed to contain any allegations against Defendant, Defendant denies the same.

226.    Any and all allegations, claims, contentions, and/or demands contained in Plaintiffs' Complaint, which are not expressly and specifically admitted, modified, or explained by this Defendant in this Answer, Affirmative Defenses, and Cross-Claims, are hereby expressly

denied, including but not limited to the allegations contained in unnumbered paragraphs at the beginning of Plaintiffs' Complaint.

## FIRST DEFENSE

227.    Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

228.    Plaintiffs have failed to state a claim for which relief can be granted.

## SECOND DEFENSE

229.    Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

230.    Any damages alleged to have been sustained by Plaintiffs were caused in whole or in part by the acts or omissions of persons other than this Defendant over whom this Defendant had and has no control or by superseding intervening causes outside the control of this Defendant.

## THIRD DEFENSE

231.    Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

232.    Recovery of some or all of the damages alleged to have been sustained by Plaintiffs is barred by the economic loss doctrine.

## FOURTH DEFENSE

233.    Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

234.     The terms, provisions, and conditions, including but not limited to any warranty provisions, of any and all contracts entered into between Defendant and any other parties, which are expressly denied, operate as a bar to all or part of Plaintiffs' claims.

**FIFTH DEFENSE**

235.     Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

236.     Plaintiffs' claims are barred, in whole or in part, by their absence of privity with Defendant and lack of standing.

**SIXTH DEFENSE**

237.     Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

238.     Plaintiffs have failed to reference an applicable statute, or that they are part of the protected class of any applicable statute, sufficient to state a negligence *per se* cause of action.

**SEVENTH DEFENSE**

239.     Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

240.     Plaintiffs' Complaint fails to state a claim for class relief under Rule 23 of the Federal Rules of Civil Procedure; further, class relief should be denied under the governing procedural and substantive law.

**EIGHTH DEFENSE**

241.     Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

242.     Plaintiffs lack standing to bring representative actions under the unfair trade practices act.

## NINTH DEFENSE

243.     Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

244.     Plaintiffs have failed to mitigate their damages.

## TENTH DEFENSE

245.     Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

246.     Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations, statutes of repose, prescription periods, or the doctrine of laches.

## ELEVENTH DEFENSE

247.     Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

248.     To the extent that Plaintiffs pray for punitive, exemplary, or otherwise enhanced damages, Defendant invokes its right under the due process clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution.

## TWELFTH DEFENSE

249.     Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

Defendant incorporates herein by reference each and every affirmative defense pleaded by similarly-situated distributor defendants.

## CROSS-CLAIMS AGAINST KNAUF GIPS KG; KNAUF PLASTERBOARD (TIANJIN) CO., LTD.; KNAUF PLASTERBOARD (WUHU), CO., LTD.; KNAUF PLASTERBOARD (DONGGUAN) CO., LTD.

### FIRST CROSS-CLAIM

250.    Defendant incorporates herein all of the foregoing responses that are relevant to this cross-claim.

251.    For a further defense and as a cross-claim, Defendant asserts a claim against Knauf Gips KG; Knauf Plasterboard (Tianjin) Co., Ltd.; Knauf Plasterboard (Wuhu), Co., Ltd.; Knauf Plasterboard (Dongguan) Co., Ltd. along with all other applicable affiliates and related entities (collectively hereafter "Knauf") for breach of express warranties.

252.    Defendant purchased a certain quantity of gypsum drywall manufactured by Knauf.

253.    Knauf expressly warranted the gypsum drywall Defendant purchased from Knauf would be free of defects and fit for the ordinary purpose for which gypsum drywall is used.

254.    Without admitting any liability or damages to the Plaintiffs, if it is shown that the drywall manufactured and sold to Defendant by Knauf was defective and not fit for the ordinary purpose for which gypsum drywall is used, then Knauf is liable to Defendant for breach of the express warranty.

255.    As a direct and proximate result of Knauf's breach of express warranties, Defendant has incurred damages in that it has been required to respond to homeowner complaints and to defend this action.  Further, Defendant will likely continue to incur additional costs in responding to homeowner complaints and defending this action.

## SECOND CROSS-CLAIM

256.   Defendant incorporates herein all of the foregoing responses that are relevant to this cross-claim.

257.   For a further defense and as a cross-claim, Defendant asserts a claim against Knauf for breach of implied warranty of merchantability under the common law and/or applicable state statutes.

258.   Knauf is a merchant of gypsum drywall.

259.   Defendant purchased from Knauf a certain quantity of gypsum drywall manufactured by Knauf.

260.   Pursuant to the applicable state statutes and/or the common law, Knauf warranted that the gypsum drywall was merchantable and fit for the ordinary purpose for which gypsum drywall is used.

261.   Without admitting any liability or damages to the Plaintiffs, if it is shown that the drywall manufactured and sold to by Knauf was defective and not fit for the ordinary purpose for which gypsum drywall is used, then Knauf is liable to Defendant for breach of implied warranty.

262.   As a direct and proximate result of Knauf's breach of the implied warranty of merchantability, Defendant has incurred damages in that it has been required to respond to homeowner complaints and to defend this action.  Further, Defendant will likely continue to incur additional costs in responding to homeowner complaints and defending this action.

## THIRD CROSS-CLAIM

263.   Defendant incorporates herein all of the foregoing responses that are relevant to this cross-claim.

264.     For a further defense and as a cross-claim, Defendant asserts a claim against Knauf for equitable and/or common law indemnification.

265.     Knauf is solely responsible and liable for any allegedly wrongful acts committed against the Plaintiffs with regard to the allegations of Plaintiffs' Complaint.

266.     Knauf is solely liable for any damages allegedly suffered by Plaintiffs and, if Defendant is required to pay any damages to the Plaintiffs, Defendant is entitled to be indemnified, based on the doctrines of equitable and/or common law indemnification, by Knauf for any damages.

267.     This Defendant reserves the right to amend its Answer, Affirmative Defenses, and Cross-Claims as investigation and discovery may reveal.

WHEREFORE, having fully answered the Plaintiffs' Complaint, Defendant USG Corporation prays the Court that:

a)       Plaintiffs recover nothing from Defendant and that judgment be entered in Defendant's favor;

b)       the costs of this action, including attorney's fees and costs that may be allowed by statute, be taxed against Plaintiffs;

c)       if Plaintiffs recover any amount from Defendant, that Defendant be granted the relief prayed for in its Cross-Claims against Knauf; and

d)       Defendant have such other and further relief as the Court may deem just and proper.

[SIGNATURE BLOCK ON NEXT PAGE]

<u>         /s/ W. David Conner            </u>
Moffatt G. McDonald
E-mail:mmcdonald@hsblawfirm.com
W. David Conner
E-mail:dconner@hsblawfirm.com
Charles M. Sprinkle
E-mail: csprinkle@hsblawfirm.com
Christopher B. Major
E-mail: cmajor@hsblawfirm.com
HAYNSWORTH SINKLER BOYD, P.A.
Post Office Box 2048
Greenville, SC 29602
Ph: (864) 240-3200
Fax: (864) 240-3300

Susan J. Cole
BICE COLE LAW FIRM, PLLC
999 Ponce de Leon Blvd., Suite #710
Coral Gables, FL 33134
Ph.: (305) 444-1225
Fax: (305) 446-1506
E-mail: cole@bicecolelaw.com

ATTORNEYS FOR DEFENDANT
USG CORPORATION

Date:  February 18, 2010

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing **ANSWER, AFFIRMATIVE DEFENSES, AND CROSS-CLAIMS OF USG CORPORATION** has been served on Plaintiffs' Liaison Counsel, Russ Herman at drywall@hhkc.com, and Defendants' Liaison Counsel, Kerry Miller at Kmiller@frilot, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 18th day of February, 2010.


_____/s/   W. David Conner_____