UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL DOCKET:   2047 |
| | SECTION:         L |
| | JUDGE:            FALLON<br>MAG. JUDGE:    WILKINSON |

_____/

**THIS DOCUMENT RELATES TO ALL CASES**

### PLAINTIFFS' STEERING COMMITTEE'S JOINT RESPONSE TO THE MANUFACTURER AND DISTRIBUTOR DEFENDANTS' REQUEST FOR CERTIFICATION

For their response in opposition to the manufacturer and distributor defendants' request for certification, the Plaintiffs' Steering Committee ("PSC") would briefly and respectfully show:

The manufacturer and distributor defendants have requested that the Court certify its January 13, 2010 order for interlocutory appellate review.  The request is governed by 28 U.S.C. §1292(b), which reads in pertinent part as follows:

> When a district judge, in making in a civil action, an order not otherwise appealable under this section, shall be of the opinion that such order [1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

While a ruling on the defendants' request certainly lies within the Court's discretion, an exercise of that discretion is narrowly constrained by the three conditions set out in the

statute:

> The basic rule of appellate jurisdiction restricts review to final judgments, avoiding the delay and extra effort of piecemeal appeals. Section 1292(b) appeals are exceptional. They are permitted only when there is a substantial difference of opinion about a controlling question of law and the resolution of that question will materially advance, not retard, ultimate termination of the litigation.

*Clark-Dietz & Associates-Engineers, Inc. v. Basic Construction Co.*, 702 F.2d 67, 69 (5th Cir. 1983).

*Commodity Futures Trading Commission v. Preferred Capital Investment Co.*, 664 F.2d 1316, 1319-20 (5th Cir. 1982), strikes a cautionary note:

> Interlocutory appeals should, therefore, be limited to those that are expressly allowed, not because of finical literalness, but in order to conform to the jurisdictional pattern prescribed by Congress, which is intended to permit appeal only from orders of serious, perhaps irreparable consequence, . . . and to avoid opening a floodgate to interlocutory appeals.

*See Garner v. Wolfinbarger*, 433 F.2d 117, 120 (5th Cir. 1970) (similar); *Parcel Tankers, Inc. v. Formosa Plastics Corp.*, 764 F.2d 1153, 1155-56 (5th Cir. 1985) (similar). *See generally Gardner v. Westinghouse Broadcasting Co.*, 437 U.S. 478, 480-81 (1978) (honoring "the long-established policy against piecemeal appeals"; noting that exceptions should be construed narrowly to exclude "orders that have no direct or irreparable impact on the merits of the controversy").

The PSC submits that the requirements of §1292(b) have not been met by the defendants. While the Court's determination that the Economic Loss Rule does not bar the

plaintiffs' claims for economic damages arguably presents a pure question of law, it is not "controlling" of the litigation in any logical sense of that word.  And while there may be difficulty in applying the Economic Loss Rule to the various and sundry factual circumstances that might implicate it, there is no "substantial ground for difference of opinion" concerning its application to the facts in these cases.  Most importantly, as we will demonstrate, an immediate appeal of the order will not advance the ultimate termination of this litigation in any way.  We will address each of these points in turn, and because we do not believe the question is a close one, we will be brief.

### A.  The order does not present a "controlling" question of law.

As a general matter, §1292(b) is designed to permit review of a ruling which, had it gone the other way, would have been "dispositive" of the litigation -- for example rulings on jurisdiction and defenses of statute of limitations, release, immunity from suit, etc.:

> [T]he appeal from interlocutory orders thus provided should and will be used only in exceptional cases where a decision of the appeal may avoid protracted and expensive litigation, . . . where a question which would be dispositive of the litigation is raised and there is serious doubt as to how it should be decided . . . .  It is not thought that district judges would grant the certificate in ordinary litigation which could otherwise be properly disposed of or that mere question as to the correctness of the ruling would prompt the granting of the certificate.  The right of appeal given by the amendatory statute is limited both by the requirement of the certificate of the trial judge, who is familiar with the litigation and will not be disposed to countenance dilatory tactics, and by the resting of final discretion in the matter in the court of appeals, which will not permit its docket to be crowded with piecemeal or minor litigation.

*McFarlin v. Conseco Services, LLC*, 381 F.3d 1251, 1256 (11th Cir. 2004).

The Court's determination that the Economic Loss Rule does not bar the plaintiffs' claims for economic damages against the manufacturer and distributor defendants, if reversed on appeal, would hardly be "dispositive" of the litigation.  Even if the plaintiffs' claims for purely economic damages were removed entirely from the cases, the manufacturer and distributor defendants would still have to defend the liability issues in the cases.  They would still have to defend the claims for economic damages brought by homeowners who purchased the Chinese drywall and subsequently installed it into their homes.  They would still have to defend the claims for economic damages arising under statutory causes of action, like FDUPTA.  *Comptech International, Inc. v. Milam Commerce Park, LTD.*, 753 So.2d 1219 (Fla. 1999).  And they would still have to defend the claims for damages to "other property," personal injury, and medical monitoring.  Most respectfully, an order that addresses only *one* element of *some* of the plaintiffs' claims simply does not present a "controlling" question of law in any logical sense of that word.

### B.  There is no substantial ground for difference of opinion concerning the correctness of the order.

We acknowledge, as the Court did, that application of the Economic Loss Rule to the various and sundry factual circumstances that might implicate it is sometimes a difficult choice for some courts.  That is not the case here.  This Court's order does not present a substantial ground for difference of opinion concerning its correctness.  As this Court recognized in its January 13, 2010 Order, the core conclusion that the Economic Loss Rule

4

does not apply to cases where the alleged product failure poses an "unreasonable risk of harm to persons or other property" has been the identical or analogous facts presented by the noxious, Chinese drywall at issue in this case. *See* Order Denying Defendants' Motions to Dismiss Plaintiffs' Tort Claim Under the Economic Loss Rule. *In re Chinese Drywall Litigation*, Case No. 09-800,000 (Fla. Cir. Ct., Dec. 18, 2009) (Farina, J.); *see also Tioga Public School District #15 v. United States Gypsum Co.*, 984 F.2d 915, 918 (8th Cir. 1993) (holding that, although the North Dakota Supreme Court had adopted the ELR, the doctrine did not apply to the matter, reasoning that "the presence of asbestos in Audicote and the resulting danger have nothing to do with the level of performance of the product. In fact, the evidence suggests that the Audicote, although encapsulated, is still functioning well as acoustical plaster."); *Northridge Co. v. W.R. Grace & Co.*, 471 N.W.2d 179 (Wis. 1991) (holding that property owners whose buildings had been contaminated with asbestos stated a valid tort claim for economic losses, reasoning that the plaintiffs did not appear to assert in their tort counts in the complaint that the product itself was inferior in quality or did not work for its intended purpose, the essence of a claim for economic loss); *80 S. Eighth St. L.P. v. Carey-Canada, Inc.*, 486 N.W.2d 393 (Minn. 1992) (holding that the ELR did not bar the owner of a building with asbestos-containing fireproofing from suing the manufacturer under tort for economic losses); *Bd. of Educ. of City of Chicago v. A, C, & S, Inc.*, 546 N.E.2d 580 (Ill. 1989)(holding school districts sufficiently alleged causes of action in tort against suppliers of asbestos-containing materials); *Detroit Bd. of Educ. v. Celotex Corp.*, 493 N.W.2d 513 (Mich.Ct.App. 1992), appeal denied, 512 N.W.2d 318 (Mich. 1993) (holding the proper remedy for city school board and public schools in class action suit against asbestos manufacturers and sellers was in tort rather than contract or the UCC); *Town of Hooksett Sch. Dist. v. W.R. Grace & Co.*, 617

F.Supp. 126 (D.N.H. 1984)(holding school district's negligence and strict liability claims against a company which sold and installed asbestos products were properly actionable in tort under New Hampshire law); *City of Manchester v. Nat. Gypsum Co.*, 637 F.Supp.646 (D.R.I. 1986)(holding city sufficiently alleged physical harm to its property to state claims for negligence and strict liability against manufacturers and sellers of asbestos products).

Although the defendants' request appears to be more in the nature of a motion for rehearing than a request for certification, we will resist the temptation to respond in kind. The merits have already been thoroughly briefed and carefully considered, and we will therefore limit our response to the core principle underlying the debate.

The core principle, the underlying rationale for both the economic loss rule and its exceptions, has never varied. From inception of the rule in *East River Steamship Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858 (1986), to the present, the rule has been applied where a defective product injures only itself, defeating a consumer's economic expectations and causing purely economic damage. Privity, it is thought, remains a necessary element of any claim to redress such damage. The rule has not been applied to defective products which pose an unreasonable risk of harm to persons and other property. For policy reasons, the privity requirement has long since been abandoned as an element of any claim to redress those quite different types of damage.

The drywall at issue in these cases has not caused damage to itself. It has caused damage to the plaintiffs' health and other property. Given the underlying rationale for the Economic Loss Rule, the Court, just as other courts confronting the same issue, correctly

6

excluded the plaintiffs' claims against the manufacturer and distributor defendants from its reach. We respectfully submit that there is no substantial ground for difference of opinion about that conclusion.

### C. An immediate appeal will not materially advance the ultimate termination of the litigation.

Finally, even if the defendants could succeed in obtaining a reversal of this Court's order in an interlocutory appeal, the ultimate termination of the litigation would not be advanced in any way. As noted above, the defendants would still have to defend the liability issues in the case; the claims for economic damages brought by homeowners who purchased the drywall and installed it in existing homes; the claims for economic damages arising under statutory causes of action; and the claims for damages to "other property," personal injury, and medical monitoring. Most importantly, the defendants would still find themselves defending the very claims for economic damages that they seek to avoid by appealing the Court's order. Those claims would simply be brought against them by a different route.

The homeowner plaintiffs are in privity with the homebuilders. They have warranty and contractual claims against the homebuilders to recover even purely economic damages. The homebuilders, in turn, are in privity with the installers which are in privity with the U.S. distributors which are in privity with the U.S. importers which are in privity with the Chinese distributors which are in privity with the Chinese manufacturers. Each entity in this chain has contractual, warranty, and indemnity claims against the entity from which it purchased the defective drywall.

If the plaintiffs recover their economic damages against the homebuilders, each defendant in that chain is ultimately exposed to those damages.  And because the manufacturer and distributor defendants are fully exposed to those damages, albeit by a different route, they will have to defend them even if they should succeed in preventing the homeowners from suing them directly for their economic damages.  At bottom, that is really all that is in issue here:  will the manufacturer and distributor defendants have to respond directly to the plaintiffs' economic damage claims, or will they have to respond indirectly to those claims because they are part of the distribution chain?  Most respectfully, resolution of that question by the Court of Appeals will not materially advance the termination of this litigation in any way.  Rather, it will only cause unnecessary delay.

In conclusion, we borrow from a recent decision of a sister Court of Appeals:

> [T]he text of §1292(b) requires that resolution of a "controlling question of law . . . may materially advance the ultimate termination of the litigation." . . .  This is not a difficult requirement to understand.  It means that resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation. *See generally* 16 Charles Alan Wright, et al., *Federal Practice & Procedure*, §3930 at 432 (2d Ed. 1996); *see also* . . . *Ashmore v. Northeast Petrol. Div.*, 855 F. Supp. 438, 440 (D. Me. 1994) (§1292(b) appeal inappropriate where the same parties and issues would remain in district court regardless of resolution of issues on appeal).
>
> . . . .
>
> . . . The proper division of labor between the district courts and the court of appeals and the efficiency of judicial resolution of cases are protected by the final judgment rule, and are threatened by too expansive use of the §1292(b) exception to it.

> Because permitting piecemeal appeals is bad policy, permitting liberal use of §1292(b) interlocutory appeals is bad policy.

*McFarlin v. Conseco Services, LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004). For all of these reasons, it is respectfully submitted that the manufacturer and distributor defendants' request for certification is not well taken, and that it should be denied.

DATED this 19th day of February, 2010.

    /s/ Russ M. Herman
Russ M. Herman, Esquire
Leonard A. Davis, Esquire
Stephen J. Herman, Esquire
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
*Plaintiffs' Liaison Counsel*
*MDL 2047*

*and*

Arnold Levin
Fred S. Longer
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Victor Manuel Diaz (on the brief)
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Aragon Avenue, 2nd Floor
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seith Parker
Parker, Waichman, Alonso LLP
27399 Riverview Center Blvd.
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

| | |
|---|---|
| Christopher Seeger<br>Seeger Weiss, LLP<br>One William Street<br>New York, NY 10004<br>Phone: (212) 584-0700<br>Fax: (212) 584-0799<br>cseeger@seegerweiss.com | Scott Wm. Weinstein<br>Morgan & Morgan<br>12800 University Drive, Suite 600<br>Ft. Meyers, FL 33907<br>Phone: (239) 433-6880<br>Fax: (239) 433-6836<br>sweinstein@forthepeople.com |

### OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

| | |
|---|---|
| Richard S. Lewis<br>HAUSFELD LLP<br>1700 K Street, N.W<br>Suite  650<br>Washington, DC 20006<br>Phone: (202) 540-7200<br>Fax:  (202) 540-7201<br>rlewis@hausfeldllp.com | Jeremy W. Alters<br>Alters, Boldt, Brown, Rash & Culmo, P.A.<br>4141 N.E. 2nd Avenue<br>Suite 201<br>Miami, FL 33137<br>Phone: (305) 571-8550<br>Fax: (305) 571-8559<br>jeremy@abbrclaw.com |
| Daniel K. Bryson<br>Lewis & Roberts<br>3700 Glenwood Avenue, Suite 410<br>Raleigh, NC 27612<br>Phone: (919) 981-0191<br>Fax: (919) 981-0431<br>dkb@lewis-roberts.com | Richard J. Serpe, Esquire<br>Law Offices of Richard J. Serpe<br>Crown Center, Ste. 310<br>580 East Main Street<br>Norfolk, VA 23510-2322<br>rserpe@serpefirm.com |

### **CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 19th day of February, 2010.

                                                  /s/ Leonard A. Davis
                                                Attorney