## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL NO. 2047 |
| | ) | SECTION: L |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | JUDGE FALLON |
| Zubrowski v. Knauf Gips KG, et al., | ) | |
| CASE NO.: 2:09-CV-06095-EEF-JCW | ) | MAG. JUDGE WILKINSON |
| | ) | |

### ANSWER, AFFIRMATIVE DEFENSES, AND
### CROSS-CLAIMS OF USG CORPORATION

Defendant USG CORPORATION ("Defendant"), by and through its undersigned attorneys, hereby files its Answer, Affirmative Defenses, and Cross-Claims in response to Plaintiffs' Complaint ("Plaintiffs' Complaint") and says:

1.      Defendant denies the allegations of Paragraph 1 to the extent they purport to apply to Defendant and specifically denies that it supplied drywall used in Plaintiff's home.  To the extent the allegations of Paragraph 1 apply to other entities, no response is required.

2.       Defendant denies the allegations of Paragraph 2 to the extent they purport to apply to Defendant and specifically denies that it supplied drywall used in Plaintiff's home.  To the extent the allegations of Paragraph 2 apply to other entities, no response is required.

3.      In response to Paragraph 3, Defendant incorporates herein its responses to Paragraphs 1 and 2.

4.      Paragraph 4 contains legal conclusions to which no response is required and further contains allegations which Defendant lacks information sufficient to admit or

1

deny; therefore, Defendant denies the allegations of Paragraph 4 to the extent a response is required.

5.      Paragraph 5 contains legal conclusions to which no response is required and further contains allegations which Defendant lacks information sufficient to admit or deny; therefore, Defendant denies the allegations of Paragraph 5 to the extent a response is required.

6.      Defendant lacks information sufficient to admit or deny the allegations of Paragraph 6 and, therefore, denies the same.

7.      In response to the allegations of Paragraph 7, Defendant admits that Gebr. Knauf Verwaltungsgesellschaft KG was a shareholder of USG Corporation.  In December 2009, the shares owned by Gebr. Knauf Verwaltungsgesellschaft KG were transferred to C&G Verwaltungs GmbH, an indirect subsidiary of Gebr. Knauf Verwaltungsgesellschaft KG.  Defendant admits that Knauf Gips is a manufacturer of building materials headquartered in Germany.  Defendant further admits, upon information and belief, that Knauf has three wallboard manufacturing plants in China, which are located in Wuhu, Tianjin, and Donnguan, and that the manufacture of wallboard in the plants is directly or indirectly controlled by Knauf Gips or its affiliates. Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 7 and, therefore, denies the same.

8.      In response to the allegations of Paragraph 8, Defendant admits, upon information and belief, that Knauf Plasterboard (Tianjin) Co., Ltd. is a corporation, subsidiary, or other entity affiliated with or related to Knauf Gips that is involved in the

manufacturing and sale of gypsum drywall.  Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 8 and, therefore, denies the same.

9.      Defendant denies the allegations contained in the last sentence of Paragraph 9 to the extent they purport to apply to Defendant.   To the extent the allegations of Paragraph 9 apply to other entities, no response is required.   Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 9 and, therefore, denies the same.

10.      In response to the allegations of Paragraph 10, Defendant admits that it is a Delaware corporation with its headquarters in Chicago, Illinois, and that L&W Supply Corporation, a subsidiary of USG Corporation, is the leading specialty building products distribution business in the United States.  Defendant further admits that it conducts business in Louisiana.  Defendant denies the allegations of Paragraph 10 not explicitly admitted.

11.      In response to the allegations of Paragraph 11, Defendant admits that L&W Supply Corporation is a Delaware corporation that conducts business in Louisiana and that it is a subsidiary of USG Corporation.  Defendant would further show that L&W Supply Corporation conducts business in certain states, including Louisiana, under the name Seacoast Supply Corporation.   Defendant denies the remaining allegations of Paragraph 11.

12.      Paragraph 12 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

13.      Paragraph 13 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

14.    In response to the allegations of Paragraph 14, Defendant admits, upon information and belief, that Knauf has three wallboard manufacturing plants in China, which are located in Wuhu, Tianjin, and Donnguan, and that the manufacture of wallboard in the plants is directly or indirectly controlled by Knauf Gips or its affiliates. Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 14 and, therefore, denies the same.

15.    Defendant denies the allegations of Paragraph 15 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 15 apply to other entities, no response is required.

16.    Defendant denies the allegations of Paragraph 16 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 16 apply to other entities, no response is required.

17.    Paragraph 17 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

18.    In response to the allegations of Paragraph 18, Defendant admits that in 2006 L&W Supply Corporation purchased wallboard manufactured in China by Knauf and further admits, upon information and belief, that Knauf sold wallboard to other distributors in the United States.  L&W Supply's purchases were made at a time when there was a shortage of domestically manufactured wallboard.  Defendant denies the remaining allegations of Paragraph 18 to the extent they purport to apply to Defendant. To the extent the remaining allegations of Paragraph 18 apply to other entities, no response is required.

19.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 19 and, therefore, denies the same.

20.     In response to the allegations of Paragraph 20, Defendant admits that in 2006 L&W Supply Corporation purchased wallboard manufactured in China by Knauf and further admits, upon information and belief, that Knauf sold wallboard to other distributors in the United States.  These purchases were made at a time when there was a shortage of domestically manufactured wallboard.  Defendant denies the remaining allegations of Paragraph 20 to the extent they purport to apply to Defendant.  To the extent the remaining allegations of Paragraph 20 apply to other entities, no response is required.

21.     Defendant denies the allegations of Paragraph 21 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 21 apply to other entities, no response is required.

22.     Defendant denies the allegations of Paragraph 22 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 22 apply to other entities, no response is required.

23.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 23 and, therefore, denies the same.

24.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 24 and, therefore, denies the same.

25.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 25 and, therefore, denies the same.

26.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 26 and, therefore, denies the same.

27.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 27 and, therefore, denies the same.

28.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 28 and, therefore, denies the same.

29.     Defendant denies the allegations of Paragraph 29 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 29 apply to other entities, no response is required.

30.     In response to Paragraph 30, Defendant incorporates herein its responses to Paragraphs 1 through 29.

31.     Paragraph 31 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

32.     Paragraph 32 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

33.     Paragraph 33 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

34.     Paragraph 34 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

35.     Paragraph 35 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

36.     Paragraph 36 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

37.     Paragraph 37 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

38.     In response to Paragraph 38, Defendant incorporates herein its responses to Paragraphs 1 through 37.

39.     Paragraph 39 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

40.     Paragraph 40 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

41.     Paragraph 41 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

42.     Paragraph 42 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

43.     Paragraph 43 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

44.     Paragraph 44 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

45.     Paragraph 45 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

46.     Paragraph 46 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

47.     In response to Paragraph 47, Defendant incorporates herein its responses to Paragraphs 1 through 46.

48.     Paragraph 48 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

49.     Paragraph 49 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

50.     Paragraph 50 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

51.     Paragraph 51 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

52.     Paragraph 52 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

53.     Paragraph 53 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

54.     Paragraph 54 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

55.     Paragraph 55 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

56.     Paragraph 56 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

57.     Paragraph 57 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

58.     Paragraph 58 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

59.     Paragraph 59 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

60.     Paragraph 60 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

61.     Paragraph 62 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

62.     Paragraph 63 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

63.     In response to Paragraph 64, Defendant incorporates herein its responses to Paragraphs 1 through 63.

64.     Defendant denies the allegations of Paragraph 65 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 65 apply to other entities, no response is required.

65.     Defendant denies the allegations of Paragraph 66 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 66 contain legal conclusions and/or factual allegations regarding another defendant that require no response.

66.     Defendant denies the allegations of Paragraph 67.

67.     In response to Paragraph 68, Defendant denies that it supplied any drywall installed in Plaintiff's home.  The remaining allegations of Paragraph 68 contain legal conclusions and/or factual allegations regarding another defendant that require no response.

68.     Defendant denies the allegations of Paragraph 69 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 69 apply to other entities, no response is required.

69.     Paragraph 70 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 70, Defendant denies the same.

70.     Defendant denies the allegations of Paragraph 71 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 71 apply to other entities, no response is required.

71.     Defendant denies the allegations of Paragraph 72 to the extent they purport to apply to Defendant and Defendant specifically denies that it supplied drywall used in Plaintiff's home.  To the extent the allegations of Paragraph 72 apply to other entities, no response is required.

72.     Defendant denies the allegations of Paragraph 73 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 73 apply to other entities, no response is required.

73.     Defendant denies the allegations of Paragraph 74 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 74 apply to other entities, no response is required.

74.     In response to Paragraph 75, Defendant incorporates herein its responses to Paragraphs 1 through 74.

75.     Defendant denies the allegations of Paragraph 76 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 76 apply to other entities, no response is required.

76.     Defendant denies the allegations of Paragraph 77 to the extent that they apply to USG Corporation.  The remaining allegations of Paragraph 77 contain legal conclusions and/or factual allegations regarding another defendant that require no response.

77.     Defendant denies the allegations of Paragraph 78.

78.     In response to Paragraph 79, Defendant denies that it supplied any drywall installed in the Plaintiff's home.  The remaining allegations of Paragraph 79 contain legal conclusions and/or factual allegations regarding another defendant that require no response.

79.     Defendant denies the allegations of Paragraph 80 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 80 apply to other entities, no response is required.

80.     Paragraph 81 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 81, Defendant denies the same.

81.     Defendant denies the allegations of Paragraph 82 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 82 apply to other entities, no response is required.

82.     Defendant denies the allegations of Paragraph 83 to the extent they purport to apply to Defendant and Defendant specifically denies that it supplied drywall

used in Plaintiff's home.  To the extent the allegations of Paragraph 83 apply to other entities, no response is required.

83.     Defendant denies the allegations of Paragraph 84 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 84 apply to other entities, no response is required.

84.     Defendant denies the allegations of Paragraph 85 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 85 apply to other entities, no response is required.

85.     In response to Paragraph 86, Defendant incorporates herein its responses to Paragraphs 1 through 85.

86.     Defendant denies the allegations of Paragraph 87.

87.     Defendant denies the allegations of Paragraph 88.

88.     Defendant denies the allegations of Paragraph 89.

89.     Defendant denies the allegations of Paragraph 90.

90.     Defendant denies the allegations of Paragraph 91.

91.     Defendant denies the allegations of Paragraph 92.

92.     In response to Paragraph 93, Defendant incorporates herein its responses to Paragraphs 1 through 92.

93.     Paragraph 94 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

94.     Paragraph 95 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

95.     Paragraph 96 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

96.     Paragraph 97 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

97.     Paragraph 98 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

98.     Paragraph 99 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

99.     In response to Paragraph 100, Defendant incorporates herein its responses to Paragraphs 1 through 99.

100.    Paragraph 101 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

101.    Paragraph 102 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

102.    Paragraph 103 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

103.    Paragraph 104 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

104.    Paragraph 105 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

105.    Paragraph 106 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

106.    Paragraph 107 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

107.    Paragraph 108 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

108.    Paragraph 109 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

109.    Paragraph 110 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

110.    In response to Paragraph 111, Defendant incorporates herein its responses to Paragraphs 1 through 110.

111.    Paragraph 112 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

112.    Paragraph 113 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

113.    Paragraph 114 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

114.    Paragraph 115 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

115.    Paragraph 116 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

116.    Paragraph 117 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

117.     In response to Paragraph 118, Defendant incorporates herein its responses to Paragraphs 1 through 117.

118.     Paragraph 119 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

119.     Paragraph 120 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

120.     Paragraph 121 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

121.     Paragraph 122 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

122.     Paragraph 123 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

123.     Paragraph 124 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

124.     In response to Paragraph 125, Defendant incorporates herein its responses to Paragraphs 1 through 124.

125.     Defendant denies the allegations of Paragraph 126 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 126 apply to other entities, no response is required.

126.     Defendant denies the allegations of Paragraph 127 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 127 apply to other entities, no response is required.

127.    Defendant denies the allegations of Paragraph 128 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 128 apply to other entities, no response is required.

128.    Defendant denies the allegations of Paragraph 129 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 129 apply to other entities, no response is required.

129.    In response to Paragraph 130, Defendant incorporates herein its responses to Paragraphs 1 through 129.

130.    Defendant denies the allegations of Paragraph 131 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 131 apply to other entities, no response is required.

131.    Paragraph 132 and its subparts contain legal conclusions to which no response is required.  To the extent a response is required to any allegation in Paragraph 132, Defendant denies the allegations.

132.    Defendant denies the allegations of Paragraph 133 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 133 apply to other entities, no response is required.

133.    Defendant denies the allegations of Paragraph 134 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 134 apply to other entities, no response is required.

134.    Defendant denies the allegations of Paragraph 135 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 135 apply to other entities, no response is required.

135.    Defendant denies the allegations of Paragraph 136 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 136 apply to other entities, no response is required.

136.    In response to Paragraph 137, Defendant incorporates herein its responses to Paragraphs 1 through 136.

137.    Paragraph 138 contains legal conclusions to which no response is required.  To the extent a response is required to any allegation in Paragraph 138, Defendant denies the allegations.

138.    Defendant denies the allegations of Paragraph 139 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 139 apply to other entities, no response is required.

139.    Defendant denies the allegations of Paragraph 140 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 140 apply to other entities, no response is required.

140.    Defendant denies the allegations of Paragraph 141 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 141 apply to other entities, no response is required.

141.    Defendant denies the allegations of Paragraph 142 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 142 apply to other entities, no response is required.

142.    In response to Paragraph 143, Defendant incorporates herein its responses to Paragraphs 1 through 142.

143.    Defendant denies the allegations of Paragraph 144 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 144 apply to other entities, no response is required.

144.    Defendant denies the allegations of Paragraph 145 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 145 apply to other entities, no response is required.

145.    Defendant denies the allegations of Paragraph 146 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 146 apply to other entities, no response is required.

146.    Defendant denies the allegations of Paragraph 147 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 147 apply to other entities, no response is required.

147.    Defendant denies the allegations of Paragraph 148 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 148 apply to other entities, no response is required.

148.    Defendant denies the allegations of Paragraph 149 to the extent they purport to apply to Defendant.  To the extent the allegations of Paragraph 149 apply to other entities, no response is required.

149.    Paragraph 150 contains Plaintiff's demand for a jury trial and requires no response. To the extent the allegations of Paragraph 150 require a response, Defendant denies the same.

150.    To the extent the Prayer for Relief is deemed to contain any allegations against Defendant, Defendant denies the same.

151.    Any and all allegations, claims, contentions, and/or demands contained in Plaintiff's Complaint, which are not expressly and specifically admitted, modified, or explained by this Defendant in this Answer, Affirmative Defenses, and Cross-Claims, are hereby expressly denied, including but not limited to the allegations contained in unnumbered paragraphs at the beginning of Plaintiff's Complaint.

## FIRST DEFENSE

152.    Defendant incorporates herein all of the foregoing responses that are relevant to this defense.

153.    Plaintiff has failed to state a claim for which relief can be granted.

## SECOND DEFENSE

154.    Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

155.    Any damages alleged to have been sustained by Plaintiff were caused in whole or in part by the acts or omissions of persons other than this Defendant over whom this Defendant had and has no control or by superseding intervening causes outside the control of this Defendant.

## THIRD DEFENSE

156.    Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

157.    Recovery of some or all of the damages alleged to have been sustained by Plaintiff is barred by the economic loss doctrine.

## FOURTH DEFENSE

158.    Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

159.    The terms, provisions, and conditions of any and all contracts entered into between Defendant and any other parties, including but not limited to any warranty provisions, operate as a bar to all or part of Plaintiff's claims.

## FIFTH DEFENSE

160.    Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

161.    Plaintiff's claims are barred, in whole or in part, by their absence of privity with Defendant and lack of standing.

## SIXTH DEFENSE

162.    Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

163.    Plaintiff has failed to mitigate his damages.

## SEVENTH DEFENSE

164.    Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

165.    Plaintiff's claims are barred in whole or in part by the applicable statute of limitations, statute of repose, prescription period, or the doctrine of laches.

## EIGHTH DEFENSE

166.    Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

167.   To the extent that Plaintiff prays for punitive, exemplary, or otherwise enhanced damages, Defendant invokes its right under the due process clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution.

## NINTH DEFENSE

168.   Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

169.   Defendant incorporates herein by reference each and every affirmative defense pleaded by similarly-situated distributor defendants.

## CROSS-CLAIMS AGAINST KNAUF GIPS KG
## AND KNAUF PLASTERBOARD (TIANJIN) CO., LTD.

### FIRST CROSS-CLAIM

170.   Defendant incorporates herein all of the foregoing responses that are relevant to this cross-claim.

171.   For a further defense and as a cross-claim, Defendant asserts a claim against Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd., along with all other applicable affiliates and related entities (collectively hereafter "Knauf") for breach of express warranties.

172.   Defendant purchased a certain quantity of gypsum drywall manufactured by Knauf.

173.   Knauf expressly warranted the gypsum drywall Defendant purchased from Knauf would be free of defects and fit for the ordinary purpose for which gypsum drywall is used.

174.    Without admitting any liability or damages to the Plaintiff, if it is shown that the drywall manufactured and sold to Defendant by Knauf was defective and not fit for the ordinary purpose for which gypsum drywall is used, then Knauf is liable to Defendant for breach of the express warranty.

175.    As a direct and proximate result of Knauf's breach of express warranties, Defendant has incurred damages in that it has been required to respond to homeowner complaints and to defend this action.  Further, Defendant will likely continue to incur additional costs in responding to homeowner complaints and defending this action.

## SECOND CROSS-CLAIM

176.    Defendant incorporates herein all of the foregoing responses that are relevant to this cross-claim.

177.    For a further defense and as a cross-claim, Defendant asserts a claim against Knauf for breach of implied warranty of merchantability under the common law and/or applicable state statutes.

178.    Knauf is a merchant of gypsum drywall.

179.    Defendant purchased from Knauf a certain quantity of gypsum drywall manufactured by Knauf.

180.    Pursuant to the applicable state statutes and/or the common law, Knauf warranted that the gypsum drywall was merchantable and fit for the ordinary purpose for which gypsum drywall is used.

181.    Without admitting any liability or damages to the Plaintiff, if it is shown that the drywall manufactured and sold to by Knauf was defective and not fit for the

ordinary purpose for which gypsum drywall is used, then Knauf is liable to Defendant for breach of implied warranty.

182.    As a direct and proximate result of Knauf's breach of the implied warranty of merchantability, Defendant has incurred damages in that it has been required to respond to homeowner complaints and to defend this action.  Further, Defendant will likely continue to incur additional costs in responding to homeowner complaints and defending this action.

## THIRD CROSS-CLAIM

183.    Defendant incorporates herein all of the foregoing responses that are relevant to this cross-claim.

184.    For a further defense and as a cross-claim, Defendant asserts a claim against Knauf for equitable and/or common law indemnification.

185.    Knauf is solely responsible and liable for any allegedly wrongful acts committed against the Plaintiff with regard to the allegations of Plaintiff's Complaint.

186.    Knauf is solely liable for any damages allegedly suffered by Plaintiff and, if Defendant is required to pay any damages to the Plaintiff, Defendant is entitled to be indemnified, based on the doctrines of equitable and/or common law indemnification, by Knauf for any damages.

187.    This Defendant reserves the right to amend its Answer, Affirmative Defenses, and Cross-Claims as investigation and discovery may reveal.

WHEREFORE, having fully answered the Plaintiff's Complaint, Defendant USG Corporation prays the Court that:

a)      Plaintiff recover nothing from Defendant and that judgment be entered in Defendant's favor;

b)      the costs of this action, including attorney's fees and costs that may be allowed by statute, be taxed against Plaintiff;

c)      if Plaintiff recovers any amount from Defendant, that Defendant be granted the relief prayed for in its Cross-Claims against Knauf; and

d)      Defendant have such other and further relief as the Court may deem just and proper.

/s/ W. David Conner

Moffatt G. McDonald
E-mail:mmcdonald@hsblawfirm.com
W. David Conner
E-mail:dconner@hsblawfirm.com
Charles M. Sprinkle
E-mail: csprinkle@hsblawfirm.com
Christopher B. Major
E-mail: cmajor@hsblawfirm.com
HAYNSWORTH SINKLER BOYD, P.A.
Post Office Box 2048
Greenville, SC 29602
Ph: (864) 240-3200
Fax: (864) 240-3300

Robert E. Kerrigan, Jr.
DEUTSCH KERRIGAN & STILES
755 Magazine Street
New Orleans, LA  70131
Tel: (504) 593-0619
Fax: (504) 566-1201
rkerrigan@dkslaw.com

ATTORNEYS FOR
DEFENDANT USG CORPORATION

Date:  February 19, 2010

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing **ANSWER, AFFIRMATIVE DEFENSES, AND CROSS-CLAIMS OF USG CORPORATION** has been served on Plaintiffs' Liaison Counsel, Russ Herman at drywall@hhkc.com, and Defendants' Liaison Counsel, Kerry Miller at Kmiller@frilot.com, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 19th day of February, 2010.


_____ /s/  W. David Conner_____