UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION

MDL No. 2047

SECTION: L

This Document Relates to: 09-4120 (Minafri)

Judge Fallon
Mag. Judge Wilkinson

_____/

## DEFENDANT M/I HOMES OF TAMPA, LLC'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO AMENDED CLASS ACTION COMPLAINT

Defendant M/I Homes of Tampa, LLC ("Defendant") submits the following Answer, Defenses, and Affirmative Defenses to the Amended Class Action Complaint ("Complaint") of Plaintiff Steven Minafri ("Plaintiff").

### FIRST DEFENSE

### Introduction

1.  Defendant admits that Plaintiff purports to bring this action on behalf of similarly situated owners of homes built using the drywall described in the Complaint, but denies Plaintiff may properly do so. Defendant denies the remaining allegations contained in paragraph 1 of the Complaint.

2.  Defendant admits only that there are reports that the drywall at issue ("the drywall") contains levels of sulfur and/or other organic compounds that may emit from the drywall, that the drywall may emit a noxious odor that to some people smells like rotten eggs, and that such emissions may cause corrosion to copper-containing materials. Defendant denies the remaining allegations contained in paragraph 2 of the Complaint.

### Jurisdiction and Venue

3.  Defendant denies that this Court has subject matter jurisdiction over this action. Defendant admits that the transferor Court, the District Court for the Southern District of Ohio,

16425588.1

has subject matter jurisdiction over this action. Defendant denies the remaining allegations of paragraph 3 of the Complaint.

4. Defendant admits that venue is proper in the Southern District of Ohio. Defendant admits that this action was transferred to the Eastern District of Louisiana pursuant to 28 U.S.C. § 1407. Defendant denies the remaining allegations of paragraph 4 of the Complaint.

## The Parties

5. Defendant admits that Plaintiff owns or owned a home located at 2511 Yukon Cliff Drive, Ruskin, Florida 33570, which he purchased in 2006, but denies the remaining allegations of paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in paragraph 6 of the Complaint.

7. Defendant admits that M/I Homes of Tampa, LLC is a Florida limited liability company and a subsidiary of M/I Homes, Inc., but denies the remaining allegations of paragraph 7 of the Complaint.

8. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 8 of the Complaint and therefore denies same.

9. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 9 of the Complaint and therefore denies same.

10. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 10 of the Complaint and therefore denies same.

11. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 11 of the Complaint and therefore denies same.

## General Allegations

12. Defendant admits that it has been reported that Defendants Knauf Gips and Knauf Tianjin were responsible for the manufacturing and distribution of a substantial amount of the drywall and that the drywall may emit sulfur, which may cause certain problems with copper-containing materials. Defendant denies the remaining allegations contained in paragraph 12 of the Complaint.

13. Defendant admits that it has been reported that the drywall may emit a noxious odor that to some people smells like rotten eggs. Defendant denies the remaining allegations contained in paragraph 13 of the Complaint.

14. Defendant admits that there are reports that compounds emitted from the drywall may cause damage to certain copper-containing materials. Defendant denies the remaining allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations of paragraph 15 of the Complaint.

16. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 16 of the Complaint and therefore denies same.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

## Class Action Allegations

18. Defendant admits that Plaintiff seeks to bring this action as a class action on behalf of himself and all other persons similarly situated. Defendant denies that this action may be properly brought and maintained as a class action and therefore denies the allegations in paragraph 18 of the Complaint.

19. Defendant admits that Plaintiff seeks to bring this action as a class action on behalf of himself and all other persons similarly situated. Defendant denies that this action may

16425588.1

- 3 -

be properly brought and maintained as a class action and therefore denies the allegations in paragraph 19 of the Complaint, including subparagraphs A through D.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint, including subparagraphs *a* through *m*.

22. Defendant denies that it engaged in any wrongful course of conduct and denies that Plaintiff has any claims arising out of any conduct of Defendant. Defendant denies the remaining allegations of paragraph 22 of the Complaint.

23. Defendant lacks knowledge or information at this time regarding counsel for Plaintiff and denies the remaining allegations of paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

### Equitable Tolling of Applicable Statutes of Limitations

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

### Count I
### Negligence and Negligence *Per Se*

29. Defendant realleges and incorporates as if fully rewritten herein the responses to the allegations of the preceding paragraphs.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

<strong><u>Count II</u></strong><br><strong><u>Strict Liability</u></strong>

37. Defendant realleges and incorporates as if fully rewritten herein the responses to the allegations of the preceding paragraphs.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint.

<strong><u>Count III</u></strong><br><strong><u>Breach of Express Warranty</u></strong>

47. Defendant realleges and incorporates as if fully rewritten herein the responses to the allegations of the preceding paragraphs.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in paragraph 52 of the Complaint.

## Count IV
## Breach of Implied Warranties

53. Defendant realleges and incorporates as if fully rewritten herein the responses to the allegations of the preceding paragraphs.

54. Defendant denies the allegations contained in paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in paragraph 57 of the Complaint.

## Count V
## Fraudulent Concealment

Count V is not directed to Defendant, therefore, no response is required. To the extent Count V is deemed to pertain to it, Defendant denies the allegations contained in paragraphs 58 through 65.

## Count VI
## Fraudulent Misrepresentation

Count VI is not directed to Defendant, therefore, no response is required. To the extent Count VI is deemed to pertain to it, Defendant denies the allegations contained in paragraphs 66 through 70.

## Count VII
## Negligent Misrepresentation

71. Defendant realleges and incorporates as if fully rewritten herein the responses to the allegations of the preceding paragraphs.

72. Defendant denies the allegations contained in paragraph 72 of the Complaint.

73. Defendant denies the allegations contained in paragraph 73 of the Complaint.

74. Defendant denies the allegations contained in paragraph 74 of the Complaint.

### Count VIII
### Unjust Enrichment

75. Defendant realleges and incorporates as if fully rewritten herein the responses to the allegations of the preceding paragraphs.

76. Defendant denies the allegations contained in paragraph 76 of the Complaint.

77. Defendant denies the allegations contained in paragraph 77 of the Complaint.

78. Defendant denies the allegations contained in paragraph 78 of the Complaint.

79. Defendant denies the allegations contained in paragraph 79 of the Complaint.

### Count IX
### Breach of Contract

80. Defendant realleges and incorporates as if fully rewritten herein the responses to the allegations of the preceding paragraphs.

81. Defendant denies the allegations contained in paragraph 81 of the Complaint.

82. Defendant denies the allegations contained in paragraph 82 of the Complaint.

83. Defendant denies the allegations contained in paragraph 83 of the Complaint.

84. Defendant denies the allegations contained in paragraph 84 of the Complaint.

### Count X
### Private Nuisance

85. Defendant reallegse and incorporates as if fully rewritten herein the responses to the allegations of the preceding paragraphs.

86. Defendant denies the allegations contained in paragraph 86 of the Complaint.

87. Defendant denies the allegations contained in paragraph 87 of the Complaint.

88. Defendant denies the allegations contained in paragraph 88 of the Complaint.

## Count XI
## Equitable Relief, Injunctive Relief and Medical Monitoring

89. Defendant realleges and incorporates as if fully rewritten herein the responses to the allegations of the preceding paragraphs.

90. Defendant denies the allegations contained in paragraph 90 of the Complaint.

91. Defendant denies the allegations contained in paragraph 91 of the Complaint.

92. Defendant denies the allegations contained in paragraph 92 of the Complaint.

93. Defendant denies the allegations contained in paragraph 93 of the Complaint.

94. Defendant denies the allegations contained in paragraph 94 of the Complaint.

95. Defendant denies the allegations contained in paragraph 95 of the Complaint.

96. Defendant denies the allegations contained in the Prayer for Relief following paragraph 95 of the Complaint, including subparagraphs 1 though 5, and specifically denies that Plaintiff is entitled to any relief against Defendant.

97. Defendant denies all allegations contained in the Complaint not specifically admitted in this Answer.

## SECOND DEFENSE

98. Defendant specifically denies all allegations of duty, breach, negligence, causation, and all forms of damages and demands strict proof thereof.

## THIRD DEFENSE

99. The Complaint, including all Counts, fails to state a claim upon which relief can be granted and, therefore, should be dismissed.

## FOURTH DEFENSE

100. To the extent that Plaintiff's claims are based upon alleged representations by Defendant, this action is barred as there was no reliance upon such representations.

## FIFTH DEFENSE

101. Plaintiff fails to state a claim for unjust enrichment as a matter of law because no such claim exists where, as here, Plaintiff has entered into a written contract between parties and where, as here, Plaintiff has an adequate remedy at law.

## SIXTH DEFENSE

102. Plaintiff fails to state a claim for medical monitoring pursuant to *Petito v. A.H. Robins, Co., Inc.*, 750 So.2d 103 (Fla. Ct. App. 1999).

## SEVENTH DEFENSE

103. Plaintiff's claims against Defendant are barred or should be reduced to the extent Plaintiff was himself negligent or otherwise contributed to his alleged damages.

## EIGHTH DEFENSE

104. The proximate cause of the loss complained of by Plaintiff is not due to any acts or omissions on the part of Defendant. Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendant and for whose acts or omissions Defendant is not liable in any way and/or by the actions of persons not having real or apparent authority to take said actions on behalf of Defendant and over whom Defendant had no control and for whom Defendant may not be held accountable.

## NINTH DEFENSE

105. Plaintiff's alleged injuries and damages, if any, were proximately caused by the negligence or fault of Plaintiff, or persons or parties whose identities are unknown at this time, and such comparative negligence or fault is sufficient to proportionately reduce or bar Plaintiff's recovery. Thus, Defendant is entitled to have its liability to the Plaintiff, if any, reduced as a result of the negligence or fault of said persons or entities, pursuant to the provisions of section 768.81, Florida Statutes. To the extent any recovery is permitted in this case, pursuant to sections 768.31

and 768.81, Florida Statutes, judgment must be entered on the basis of Defendant's percentage of fault, taking into account the percentage of fault attributable to all other persons, whether or not a party hereto, and not on the basis of joint and several liability. The persons or entities referred to in this paragraph that are presently unknown to Defendant will be identified in a timely manner consistent with *Nash v. Wells Fargo*, 678 So. 2d 1262 (Fla. 1996).

### TENTH DEFENSE

106. Plaintiff failed to comply with the requirements of Chapter 558, Florida Statutes, prior to filing this action.

### ELEVENTH DEFENSE

107. Plaintiff's action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations.

### TWELFTH DEFENSE

108. Plaintiff's tort claims are barred by the economic loss rule and/or the independent tort doctrine.

### THIRTEENTH DEFENSE

109. Plaintiff has failed to join a necessary party and, in fact, has misjoined a party to this action.

### FOURTEENTH DEFENSE

110. Plaintiff's claims are barred or diminished as a result of Plaintiff's failure to mitigate his alleged damages.

### FIFTEENTH DEFENSE

111. The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendant cannot be liable.

### SIXTEENTH DEFENSE

112. Plaintiff's express and implied warranty claims are specifically limited and/or excluded as provided for in the Agreement for Sale and in the Homeowners Manual.

### SEVENTEENTH DEFENSE

113. Defendant did not breach any express or implied warranties and did not breach any warranties created by law. Therefore, Plaintiff's claims for breach of warranties are barred, fail to state a claim, and should be dismissed with prejudice.

### EIGHTEENTH DEFENSE

114. Plaintiff's claims should be diminished in whole or in part in the amount paid to Plaintiff by any party or non-party with whom Plaintiff has settled or may settle.

### NINETEENTH DEFENSE

115. Plaintiff's alleged injuries/damages, if any, were the result of pre-existing and/or unrelated medical, genetic, and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff, and were independent of or far removed from Defendant's conduct.

### TWENTIETH DEFENSE

116. Any injuries or expenses incurred by Plaintiff were not caused by Defendant, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

### TWENTY-FIRST DEFENSE

117. To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendant's rights under the United States Constitution.

### TWENTY-SECOND DEFENSE

118. Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources for which Defendant is entitled to a set-off.

### TWENTY-THIRD DEFENSE

119. Defendant reserves the right to amend, delete, and/or add additional defenses as discovery and investigation in this matter continue.

### TWENTY-FOURTH DEFENSE

120. Defendant adopts the defenses of any other defendant to the extent that such defenses are not factually or legally inconsistent with Defendant's position and defenses.

WHEREFORE, Defendant respectfully requests that the Court dismiss the Complaint with prejudice and enter judgment in its favor and against Plaintiff, and award to Defendant the costs of this action, attorneys' fees as allowed by law, and for such other relief as the Court deems just and proper.

### JURY DEMAND

Defendant requests a trial by jury on all issues so triable.

Respectfully submitted,

s/ Jaret J. Fuente
Jaret J. Fuente
Florida Bar No. 0146773
CARLTON FIELDS, P.A.
Corporate Center Three, International Plaza
4221 West Boy Scout Blvd., Suite 1000
Tampa, FL 33607
Telephone: (813) 223-7000
Facsimile: (813) 229-4133
E-mail: jfuente@carltonfields.com

Suzanne K. Richards
Ohio Bar No. 0012034
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, Ohio 43216-1008
Tel.: (614) 464-6458
Fax: (614) 719-4920
E-Mail: skrichards@vorys.com

*Counsel for M/I Homes of Tampa, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, and served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pre-Trial Order No. 6 on this <u>22nd</u> day of February, 2010.

s/ Jaret J. Fuente
Attorney