UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047<br><br>SECTION  L<br><br>JUDGE FALLON |
| **This document relates to:**<br>**Stephen and Isis Silva, et al**<br>**No. 2:09-cv-08034** | MAG. JUDGE WILKINSON |

### LANDMARK AMERICAN INSURANCE COMPANY'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

**May It Please the Court:**

Defendant, Landmark American Insurance Company ("Landmark"), respectfully submits this Memorandum in Support of its Motion to Dismiss Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiffs purport to state a claim against Landmark as one of the liability insurers of Interior Exterior under Louisiana's Direct Action Statute, codified in La. R.S. 22:1269. This is the only source of their claim against Landmark, as Plaintiffs are not insureds under the Landmark policy. Accordingly, they are not in privity of contract with Landmark. Completely absent from the

1

complaint are any substantive allegations against Interior Exterior; rather, Plaintiffs seek a declaratory judgment as to insurance coverage.

The Louisiana Direct Action Statute only provides a right of action for an injured party against a tortfeasor's insurer when said injured party can allege and prove the insured's liability. Here, because plaintiffs has failed to allege any negligence on behalf of Interior Exterior, Plaintiffs have failed to state a claim under which relief may be grated.  As such, the Court should dismiss the Plaintiffs' claims against Landmark pursuant to Federal Rule of Civil Procedure 12(b)(6).

Due to Plaintiffs' failure to allege *any* substantive allegations on the part of Interior Exterior, Landmark's insured, or to request any relief against it, Plaintiffs have failed to state a claim against Landmark pursuant to the requirements of Louisiana's Direct Action Statute, which is the sole potential source of their claim against Landmark.  For the above stated reasons, as well as all of the arguments, statements, jurisprudential discussions and statutory law discussed in Liberty Mutual's Motion and Memorandum (Docket No. 864), as if repeated herein, *in extenso,* this Honorable Court should dismiss the claims against Landmark under Federal Rule of Civil Procedure 12(b)(6).

   /s/ James W. Hailey, III
JAMES W. HAILEY, III, T.A. (23111)
WILLIAM C. HARRISON (6616)
JIMMY A. CASTEX, JR. (24339)
MELISSA M. SWABACKER (32710)
**DEUTSCH, KERRIGAN & STILES**
755 Magazine Street
New Orleans  LA  70130
Phone:  504-581-5141
Fax:  504-566-1201
jhailey@dkslaw.com
Attorneys for Landmark American Insurance Co.