UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | |
| | MDL No. 2:09-md-2047 |
| THIS DOCUMENT RELATES TO: | |
| | SECTION L |
| ROBERT C. PATE, as Trustee for the Chinese Drywall Trust, | JUDGE FALLON |
| | MAG. JUDGE WILKINSON |
| Plaintiff, | |
| v. | |
| AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, FCCI COMMERCIAL INSURANCE COMPANY, FCCI INSURANCE COMPANY, et. al. | |
| (**2:09-cv-07791**) **(E.D. La.)** | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
FCCI COMMERCIAL INSURANCE COMPANY  AND FCCI  INSURANCE
COMPANY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO
JOIN INDISPENSABLE PARTIES**

## STATEMENT OF FACTS

Plaintiff Robert C. Pate, in his capacity as Trustee for the WCI Chinese Drywall

Trust, filed this Complaint for Declaratory Judgment naming (1) insurers who issued policies directly to WCI[1] and (2) insurers who issued policies to WCI's subcontractors. FCCI Commercial Insurance Company and FCCI Insurance Company issued policies to S D & Associates, Inc., Residential Drywall, Inc. and Swedberg Enterprises, Inc. d/b/a Florida Drywall.  None of FCCI's insureds are a party to either this Declaratory Judgment Action or the underlying MDL.  Those insureds are indispensable parties and Plaintiff's Complaint must be dismissed for failing to join them[2].

## ARGUMENT & CITATION TO AUTHORITY

Fed. R. Civ. P. 12(b)(7) and (19) provide the standard for the required joinder of indispensable parties. Fed. R. Civ. P. 19 states as follows:

> Rule 19. Required Joinder of Parties
>
> (a)   Persons Required to Be Joined if Feasible.
>
> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or

---

[1] The record is also unclear whether or not WCI Communities, Inc. is an indispensible party.  Rob Woods, Vice President of Construction for WCI Communities, Inc. requested copies of FCCI policies "for policy periods 2004-2008" in a letter dated February 19, 2010 and copies of "policy(s) GL00056902 and UMB0000053572 (both policies are specifically referred to in Plaintiff's Complaint).

[2] The record is unclear whether Plaintiff has sued all the insurers providing coverage to WCI.  If they have not, then those insurers are also indispensable parties who were not joined. Schlumberger Industries, Inc. v. National Sur. Corp., 36 F.3d 1274 (4th Cir. 1994); Evergreen Park Nursing & Convalescent Home, Inc. v. American Equitable Assurance Co., 417 F.2d 1113 (7th Cir.1969) ("where multiple insurers cover the insured's same liability for the same time period, all the insurers are indispensable parties to an adjudication as to coverage").

        (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

           (i) as a practical matter impair or impede the person's ability to protect the interest; or

           (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

. . .

(b)    When Joinder Is Not Feasible. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2) the extent to which any prejudice could be lessened or avoided by:

    (A) protective provisions in the judgment;

    (B) shaping the relief; or

    (C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Federal Rule of Civil Procedure 19 sets forth a two-step inquiry: First, the district court must determine whether the party is "necessary" to the action under Rule 19(a). If the court determines that the party is "necessary," it must then determine whether the party is "indispensable" to the action under Rule 19(b). <u>National Union Fire Ins. Co. of Pittsburgh, Pa V. Rite Aid Of South Carolina, Inc</u>., 210 F.3d 246 (4th Cir. 2000). If the

party is indispensable and cannot be joined, the case must be dismissed.

The issue was perhaps best summarized in the recent case <u>Burns v. Scottsdale Ins. Co</u>., 2009 WL 86549 (W.D. Wash., 2009):

> The insureds are required parties under both 19(a)(1)(A) and 19(a)(1)(B). This is an action for a declaratory judgment involving the interpretation of the insureds' insurance contract. Declaratory relief would be incomplete without both the insurer and the insured. See, e.g., <u>Aetna Cas. & Sur. Co. v. Rasa Mgmt. Co. Inc</u>., 621 F.Supp. 892, 893 (D.Nev.1985) (explaining, "In an action by a liability insurer for a declaratory judgment to determine the insurer's liability to an insured party, the insured is, of course, a necessary and indispensable party"). <u>The fact that the insurer did not institute this action does not change the analysis</u>.

(emphasis added).

**1.     FCCI's Insureds Are Necessary Parties Under FRCP 19(a)**

In <u>National Union</u>, <u>supra</u>, the Court looked at whether or not the named insured was a necessary and indispensable party to a Declaratory Judgment action between a claimant and the insurer. Although both the claimant and the named insured may have a similar interest in establishing coverage, the issue is not that simple. The claimant's interest "as a beneficiary of the policy, is limited solely to coverage in this particular case." <u>Id.</u> The Court noted that the Declaratory Judgment action "will undoubtedly have ramifications for other cases" involving the insured.

In this case, Plaintiff alleges that S D & Associates, Inc., Residential Drywall, Inc. and Swedberg Enterprises, Inc. were contractually obligated to purchase insurance coverage protecting WCI. Plaintiff seeks a declaratory judgment interpreting FCCI's duty to indemnify WCI under those policies. Plaintiff ignores the fact that those policies (1) require FCCI to indemnify S D & Associates, Inc., Residential Drywall, Inc. and Swedberg Enterprises, Inc. for various types of claims unrelated to Chinese Drywall; (2) impose upon

- 4 -

the insureds annual aggregates which, if consumed by Plaintiff, would leave the insureds with no further coverage/indemnity, and (3) excuse the insurer from continuing to defend future claims against the insureds once the policy limits are exhausted.  This Court's decision will impact the named insured's rights to any coverage under the policy whether related to Chinese Drywall claims or related to other claims under the same policies.[3]

For example, if this Court rules that WCI is entitled to coverage and those claims exhaust the policy limits, what will the named insured do with the potential slip and fall lawsuit against it by a different claimant?  The named insured had no voice before this Court.  The named insured's voice is particularly important when the insured is a Florida corporation.  Under Florida law:

> A liability insurer's good faith duty when handling claims against an <u>insured obligates the insurer to advise the insured of settlement opportunities, advise as to the probable outcome of the litigation, warn of the possibility of an excess judgment, advise the insured of any steps he might take to avoid the same,</u> investigate the facts, give fair consideration to a settlement offer that is not unreasonable under the facts, and settle, if possible, where a reasonably prudent person, faced with the prospect of paying the total recovery, would do so."

<u>Farinas v. Florida Farm Bureau General Ins. Co.</u>, 850 So.2d 555 (Fla.App. 4 Dist., 2003).  How does this Court purpose that FCCI fulfill its duties to its insureds when the Court may take away all coverage for the insured with no input from the insured? The named insured is left with no coverage for the slip and fall claimant and no insurer to pay for its defense, yet never had any input into the coverage issues related to WCI.  How does FCCI protect its interest in treating the insured properly when this Court may render a

---

[3] See, <u>Contreras v. U.S. Sec. Ins. Co.</u>, 927 So.2d 16 (Fla.App. 4 Dist., 2006); <u>Underwriters Guarantee Ins. Co. v. Nationwide Mut. Fire Ins. Co.</u>, 578 So.2d 34 (Fla. 4th DCA 1991); <u>Godur v. Travelers Indem. Co.</u>, 567 So.2d 1028 (Fla.App. 3 Dist., 1990) ("We hold that Travelers' duty to defend Godur ended when it had paid its policy limits through settlement and obtained a release on behalf of Godur."

decision that provides coverage to WCI and leaves the named insured without coverage?

Even when the coverage dispute is between liability carriers, the insured is a necessary party. "The contract relationship between Hoe Sai Gai [the named insured] and Travelers is personal, and Travelers has no right, certainly not without Hoe Sai Gai's presence to protect its contract right, to have the court declare Travelers absolved from the contract duty." Travelers Indem. Co. v. Standard Acc. Ins. Co., 329 F.2d 329 (C.A.Ill. 1964).

The National Union Court also noted that permitting the suit to proceed without the named insured could subject the insurer to "a substantial risk of incurring" conflicting legal obligations." Id. at 252. Conflicting legal obligations arose from the threat that the insured might file suit in another forum and subject the insurer to conflicting legal judgments.

The Plaintiff, a stranger to the insurance contract, now seeks to challenge the policy provisions and interpretation without the presence of one the parties to the contract, without the presence of the entity that paid the premiums, and without the presence of the companies most affected by this Court's decision. In future litigation between FCCI and its insureds, either FCCI or the named insureds could be subject to conflicting legal judgments. This Court could impose obligations upon FCCI that are not imposed in future litigation between FCCI and its insureds. Likewise, this Court could excuse obligations that FCCI's insureds seek to impose in the future. The presence of the named insured, as a party to the insurance contract, is necessary to avoid any such conflict.

Rule 19(a)(1) states that a person is to be joined if "in his absence complete relief cannot be accorded among those already parties." The Insured Subcontractors are persons to be joined because the disposition of this case in their absence may (i) as a

practical matter impair or impede their ability to protect that interest or (ii) leave any of the FCCI, already parties to the suit, subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations.  Fed.R.Civ.P. 19(a)(2).

### 2. FCCI's Insureds Are Indispensable Parties Under FRCP 19(b)

An insurance policy is a contract.  "Precedent supports the proposition that a contracting party is the paradigm of an indispensable party."  National Union, supra at 252 (quoting Travelers Indem. Co. v. Household Int'l, Inc., 775 F.Supp. 518, 527 (D.Conn.1991).  The rule has likewise been extended to the insurance context.  Maryland Cas. Co. v. Boyle Const. Co., 123 F.2d 558 (4th Cir. 1941) ("insured is an indispensable party" to "controversy over the meaning or coverage of the policy or over the question of its validity or expiration.")

In considering Rule 19(b) criteria Courts have consistently held the insured to be an indispensible party.  As indicated above, the Rule 19(b)(1) factors are clearly met because the insureds' interests may be prejudiced by their absence.  This Court's decision could leave them with no coverage and no defense in this and future cases.

The second factor to consider under Rule 19(b) is whether a court can tailor relief to lessen or avoid the prejudice to the absent person or to those already parties.  In the coverage context, that relief does not exist.

> As to this factor, we cannot fathom how the district court could have tailored its relief to lessen or avoid prejudice to Rite Aid [the named insured] and National Union [the insurer]. In order to reach a judgment on the merits in this action, the district court could not have avoided addressing the notice provisions of the policy and ancillary agreements . . .

National Union Fire Ins. Co. of Pittsburgh, Pa V. Rite Aid Of South Carolina, Inc, supra at 252.  This Court can only protect FCCI from inconsistent verdicts and can only protect the named insureds' interest by forcing this matter into a single case that involves all the parties.  That lawsuit can only be filed in Florida because that is the only forum where jurisdiction over the FCCI entities (Florida corporations), and the insureds (also Florida corporations), and Pate/WCI can exist.

As the National Union Court indicated:

> Finally, Rule 19(b) directs us to determine whether dismissal for nonjoinder will leave the plaintiff with an adequate remedy. We see no reason, and National Union posits none, why the Pennsylvania state court will not provide an adequate remedy for the parties in this case. In fact, we believe that the Pennsylvania state court will be a more convenient place for adjudication of this matter because both National Union and Rite Aid are Pennsylvania citizens, and the plaintiffs in the underlying lawsuits, who are residents of South Carolina,

National Union, supra at 253.

Analyzing these interests in this case, the Plaintiff's interest in the federal forum is weak. The reality of this case is that it involves Florida insureds who purchased Florida insurance contracts from Florida insurers covering risks to be incurred in Florida.  All of the witnesses are in Florida.  This is a Declaratory Judgment action that seeks judicial interpretation of the policy.  The Plaintiff has no claim that the Trust would be prejudiced by dismissal.  Pate can simply file his Declaratory Judgment action in Florida.

## **CONCLUSION**

The Court simply should not sanction what has occurred in this case.  Judicial economy warrants centralizing all of the Chinese Drywall tort claims in a single court. Insurance coverage cases do not belong in the same case.  Moreover, FCCI does not

belong in this case because this Court lacks subject matter jurisdiction over it. In an apparent zeal for forum shopping, this Plaintiff has ignored the requirements of personal jurisdiction, ignored the requirements of Rule 19, and disregarded the express directives of the United States Judicial Panel on Multidistrict Litigation.[4]

This Court should not allow this Declaratory Judgment action to proceed without the most important parties. The named insureds contracted for and paid for these policies. They are necessary parties under F.R.C.P. 19(a). They are also indispensable parties under F.R.C.P. 19(b). Their addition to this suit defeats diversity jurisdiction and therefore this case must be dismissed as to the FCCI Defendants under F.R.C.P. 12(b)(7) and F.R.C.P. 19.

This 23rd day of February, 2010.

        Respectfully submitted,

        GOODMAN MCGUFFEY LINDSEY & JOHNSON, LLP
        Attorneys for FCCI Insurance Company and FCCI
        Commercial Insurance Company


BY: /S/ Robert M. Darroch
    _____
    ROBERT M. DARROCH
    GA State Bar No.: 205490
    STEPHANIE F. GLICKAUF
    GA State Bar No.: 257540
    3340 Peachtree Road, NE, Suite 2100
    Atlanta, GA  30326-1084
    Phone: (404) 264-1500   Fax: (404) 264-1737

      AND

---

[4] This case was filed in this Court in an apparent attempt to circumvent the Order Vacating Conditional Transfer Order dated December 2, 2009 by the United States Judicial Panel on Multidistrict Litigation in General Fidelity Insurance Co. v. Foster (S.D. FL C.A. No. 9:09-80743) and the Order Denying Transfer dated February 5, 2010 by the United States Judicial Panel on Multidistrict Litigation in Builders Mutual Insurance Co. v. Dragas Management Corp., (E.D. VA, C.A. 2:09-185).

/s/ Patrick E. Costello

_____
PATRICK E. COSTELLO     (#26619)
JACQUES P. DeGRUY       (#29144)
Mouledoux, Bland, Legrand & Brackett, LLC
4250 One Shell Square
701 Poydras Street
New Orleans, Louisiana  70139
Telephone: 504-595-3000
Facsimile: 504-522-2121
pcostello@mblb.com
jdegruy@mblb.com

- 10 -

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **Memorandum of Law In Support of Defendants FCCI Commercial Insurance Company and FCCI Insurance Company's Motion To Dismiss Plaintiff's Complaint For Failure To Join Indispensable Parties** has been served upon Plaintiff's Liaison Counsel, Russ Herman, and Defendant's Liaison Counsel, Kerry Miller by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

On this 23rd day of February, 2010.

GOODMAN MCGUFFEY LINDSEY & JOHNSON, LLP

BY:   /S/  Robert M. Darroch
_____
ROBERT M. DARROCH
rdarroch@gmlj.com

GOODMAN MCGUFFEY LINDSEY & JOHNSON, LLP
3340 Peachtree Road, NE, Suite 2100
Atlanta, GA  30326-1084
Phone:  (404) 264-1500
Fax:     (404) 264-1737