# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2:09-md-2047 |
| | SECTION: L |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| | MAG. JUDGE WILKINSON |
| ROBERT C. PATE, as Trustee for the Chinese Drywall Trust, | |
|    Plaintiff, | |
| v. | |
| AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, FCCI COMMERCIAL INSURANCE COMPANY, FCCI INSURANCE COMPANY, et. al. | |
| (2:09-cv-07791) (E.D. La.) | |
|    Defendants. | |

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS FCCI COMMERCIAL INSURANCE COMPANY  AND FCCI  INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

---

## INTRODUCTION

Plaintiff Robert C. Pate, as Trustee for the WCI Chinese Drywall Trust, has sued

a host of insurance companies, including FCCI Commercial Insurance Company and

FCCI Insurance Company, alleging that they provide coverage for WCI's role in the installation of Chinese Drywall.  None of the insureds of FCCI Commercial Insurance Company and FCCI Insurance Company (Residential Drywall, S D & Associates, Inc., and Swedberg Enterprises d/b/a Florida Drywall) are named as defendants in the underlying Chinese Drywall Products Liability Multi-District Litigation case, MDL No. 2:09-md-2047.

This case was filed in this Court in an apparent attempt to circumvent the Order Vacating Conditional Transfer Order dated December 2, 2009 by the United States Judicial Panel on Multidistrict Litigation in General Fidelity Insurance Co. v. Foster (S.D. FL C.A. No. 9:09-80743) and the Order Denying Transfer dated February 5, 2010 by the United States Judicial Panel on Multidistrict Litigation in Builders Mutual Insurance Co. v. Dragas Management Corp., (E.D. VA, C.A. 2:09-185).  In their rush to get before this Court, Plaintiff's attorneys have named FCCI Commercial Insurance Company and FCCI Insurance Company as Defendants.  These two insurers are not subject to the personal jurisdiction of this Court because they have no contacts with the State of Louisiana.

As set forth herein below, for this and other reasons Defendants FCCI Commercial Insurance Company and FCCI Insurance Company (herein collectively referred to as "FCCI") are not subject to the jurisdiction of this Honorable Court and Plaintiff's Complaint must be dismissed as to the FCCI Defendants as a matter of law.

## STATEMENT OF FACTS

Plaintiff filed this Complaint for Declaratory Judgment alleging that the named Defendants, including but not limited to the FCCI Defendants, "are obligated to indemnify the WCI Chinese Drywall Trust for losses arising from claims against WCI Communities, Inc. and certain of its subsidiaries." (Complaint, pg 2).  Plaintiff alleges that "WCI Communities, Inc. ("WCI") contracted to build various homes and residential communities in such states as Florida, New York, New Jersey, Virginia, Maryland, and Connecticut." (Complaint, ¶ 20).  There is no allegation that WCI contracted to build or built any homes or communities in Louisiana.  As a result of receiving numerous complaints from homeowners involving property damage and/or personal injury arising out of WCI's use of Chinese Drywall, WCI and its subsidiaries filed for bankruptcy on August 4, 2008 and July 1, 2009 (Complaint, ¶ 25).  The WCI Chinese Drywall Trust, of which Plaintiff is the Trustee, was subsequently created as a result of WCI's bankruptcy. (Complaint, ¶ 27).

Plaintiff identifies a number of insurance policies that were allegedly sold by various defendants to WCI.  (Complaint, ¶¶ 33-43).  Plaintiff fails to indicate where such policies were sold, issued or delivered, or whether the various defendants identified are or were authorized to do business and/or sell insurance in the State of Louisiana.  The FCCI Defendants did not sell or otherwise provide insurance coverage to WCI, but rather sold insurance policies to WCI's subcontractors.  (Complaint, ¶ 45).  Plaintiff alleges that WCI was a named or additional insured under such policies.  (Complaint, ¶ 44).

The undisputed jurisdictional facts relevant to this Motion include:

3

1.      The FCCI defendants are Florida corporations with their principal place of business in Florida.  (Complaint, ¶¶ 11-12)   (Exhibit A, Affidavit of Rupert L. Willis, ¶ 3).

2.      Plaintiff is not a citizen of the State of Louisiana.  (Complaint, ¶ 1).

3.      Neither FCCI Insurance Company nor FCCI Commercial Insurance Company has collected any premiums for any business written in Louisiana. (Affidavit of Rupert L. Willis, ¶ 5).

4.      Neither FCCI Insurance Company nor FCCI Commercial Insurance Company has ever authorized any insurance agent to write business on their behalf in Louisiana.  (Affidavit of Rupert L. Willis, ¶ 6).

5.      Neither FCCI Insurance Company nor FCCI Commercial Insurance Company ever appointed a registered agent in the state of Louisiana.   (Affidavit of Rupert L. Willis, ¶ 8).

6.      Neither FCCI Defendant maintains an office in Louisiana.   (Affidavit of Rupert L. Willis, ¶ 7).

7.      Neither FCCI Insurance Company nor FCCI Commercial Insurance Company has any employees with the State of Louisiana.  (Affidavit of Rupert L. Willis, ¶ 8).

8.      Neither FCCI Insurance Company nor FCCI Commercial Insurance Company issues or delivers insurance policies in Louisiana.   (Affidavit of Rupert L. Willis, ¶ 8).

9.      Neither FCCI Insurance Company nor FCCI Commercial Insurance Company markets their insurance policies in Louisiana.  (Affidavit of Rupert L. Willis, ¶ 8).

10.     Neither FCCI Insurance Company nor FCCI Commercial Insurance Company has ever had any rates on file with the Louisiana Department of Insurance. (Affidavit of Rupert L. Willis, ¶ 5).

11.     The FCCI policies under which Plaintiff claims coverage were issued by Florida corporations (FCCI Insurance Company and FCCI Commercial Insurance Company) to Florida corporations (Residential Drywall, S D & Associates, Inc., and Swedberg Enterprises d/b/a Florida Drywall) and insured only construction by those insureds in Florida.   (Affidavit of Rupert L. Willis, ¶ 14).

Paragraph 19 of the Complaint alleges that the FCCI Defendants sell insurance in Louisiana and maintain "a regional office in the Gulf Coast to service states such as Louisiana." As set forth in the affidavit of Rupert L. Willis, Executive Vice President for FCCI Insurance Company, such allegations are clearly incorrect.

As will be set forth below, the FCCI Defendants lack any of the traditional "minimum contacts" a court must rely upon to exercise personal jurisdiction over a nonresident defendant.

## ARGUMENT & CITATION TO AUTHORITY

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), this Court must consider the allegations set forth in Plaintiff's Complaint as true, unless those allegations are refuted by defendant's affidavit.  *See* Asarco, Inc. v. Glenara, Ltd., 912 F.2d 784, 785 (5th Cir. 1990).  When nonresident defendants, such as the FCCI Defendants, move to dismiss for lack of personal jurisdiction, the plaintiff has the burden of establishing the Court's personal jurisdiction.  *See* Telephone Elec.

Corp. v. Southern Pacific Telecomm. Co., 98 F.3d 1338 (5th Cir. 1996) (*citing* Stuart v. Spademan, 772 F.2d 1185, 1192 (5th Cir. 1985)).

The FCCI Defendants never manufactured, marketed, sold, distributed, installed, or were in any way involved with the Chinese drywall that is the subject of this MDL. The FCCI Defendants issued three insurance policies to Florida corporations for work done in Florida. Those facts do not subject the FCCI Defendants to the jurisdiction of this Honorable Court and Plaintiff's Complaint must be dismissed as to the FCCI Defendants.

## A. THE ABSENCE OF JURISDICTION OVER THE FCCI DEFENDANTS REQUIRES THAT PLAINTIFF'S COMPLAINT BE DISMISSED.

In filing this case in this Court, the Plaintiff invoked federal jurisdiction. As such, this Court must apply federal procedural law. *See* Erie R.R. Co. v. Tomkins, 304 U.S. 64, 78-79 (1938). Since the FCCI Defendants are Florida entities, the starting point for analysis of whether this Court may exercise jurisdiction begins with Louisiana's Long-Arm jurisdictional statute, La. R.S. 13:3201, which describes the circumstances under which a Louisiana court may exercise personal jurisdiction over non-resident defendants such as FCCI.

Louisiana's long-arm statute provides:

A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from one of the following activities performed by the nonresident:
    (1) Transacting any business in this state;
    (2) Contracting to supply services or things in this state;
    (3) Causing injury or damage by an offense or quasi offense committed through and act or omission in this state;
    (4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other

> persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.

La. R.S. 13:3201(A).   Subparagraphs (3) and (4) obviously do not apply because Plaintiff has not alleged any injury or damage occurring in Louisiana.  Likewise, there is no allegation that either FCCI Defendant ever contracted to supply services or things in Louisiana.   Neither FCCI Insurance Company nor FCCI Commercial Insurance Company are licensed to write any business in Louisiana, are authorized to write any coverage in Louisiana, or have written any coverage in Louisiana.   (Affidavit of Rupert L. Willis, ¶4).

The basis for jurisdiction appears to be subparagraph (1)'s "transacting business" provision.  La. R.S. 13:3201 was subsequently amended in 1987 to add Subsection (B), which extends the exercise of Louisiana's long-arm jurisdiction over a nonresident to the fullest limits permitted under the Due Process Clause of the Fourteenth Amendment consistent with "the Constitution of this state and the Constitution of the United States." La. R.S. 13:3201(B); Ruppert v. Geo. Kellett & Sons, 996 So.2d 501, 505 (5th Cir 2008) (citing Superior Supply Co. v. Assoc. Pipe and Supply Co., 515 So.2d 790, 792 (La. 1987)).  As such, "under the express terms of the present long-arm statute, the sole inquiry into jurisdiction is a one-step analysis of the constitutional due process requirements."  Id, 996 So. 2d at 505-06.

1.   **Plaintiff Fails To Satisfy The Constitutional Due Process Requirements; Therefore, the FCCI Defendants Must Be Dismissed.**

"Due process requirements are satisfied when the non-resident defendant has certain minimum contacts with the forum state such that the maintenance of the suit

does not offend traditional notions of fair play and substantial justice."  Hogue v. State Farm Fire and Cas. Co., 2009 WL 2525751 (E.D. La. 2009).

> **a.      The FCCI Defendants Do Not Possess Such "Minimum Contacts" with Louisiana So As To Subject Them To Personal Jurisdiction.**

The required degree of "minimum contacts" can arise in two ways:

> When a cause of action arises out of a defendant's purposeful contacts with the forum, minimum contacts are found to exist and the court may exercise its "specific" jurisdiction.  Even a single, substantial act directed toward the forum can support specific jurisdiction.  Where a cause of action does not arise out of a foreign defendant's purposeful contacts with the forum, however, due process requires that the defendant have engaged in "continuous and systematic contacts" in the forum to support the exercise of "general" jurisdiction over that defendant ….  [C]ontacts of a more extensive nature are required.

Asarco, 912 F.2d at 786 (citing Dalton, 897 F.2d at 1361-62 (citations omitted)).  See also Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985); Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408 (1984).

The determination of whether a nonresident defendant has sufficient minimum contacts with the forum state to subject it to personal jurisdiction initially depends upon whether the nonresident has "purposefully availed" itself of the privilege of conducting business in the forum state, "thus invoking the benefits and protections of its laws." Hogue, 2009 WL 2525751 at *4 (citing Wilton Jones v. Touche Ross & Co., 556 So.2d 67 (La. App. 4th Cir. 1989) (quoting Hansen v Denckla, 357 U.S. 235 (1958)).  A nonresident defendant's "purposeful availment" of a foreign forum must be such that the defendant "should reasonably anticipate being haled into court" in the forum state, and ensures that the nonresident defendant will not be haled into a jurisdiction "solely as a result of a random, fortuitous or attenuated contact, or by the unilateral activity of

another party or a third person."  *See* Asahi Metal Industry Co., Ltd. V. Superior Court of California, 480 U.S. 102 (1987); Burger King Corp., 471 U.S. at 475.

The degree of a nonresident defendant's "minimum contacts" with the forum state is critical, since the type of personal jurisdiction a court may exercise over said nonresident defendant depends upon the type of contacts the nonresident defendant has with the forum state.  Asarco, 912 F.2d at 786 (*citing* Dalton, 897 F.2d at 1361-62). *See also* Helicopteros, 466 U.S. at 414.  If the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action, the jurisdiction is said to be "specific."  If the claims are not directly related to the nonresident defendant's contact with the forum state, but the nonresident defendant's contacts with the forum state are both "continuous and systematic," then jurisdiction is said to be "general" in nature.  Wilson v. Belin, 30 F.3d 644, 647 (5th Cir. 1994).

The FCCI Defendants had nothing to do with Chinese Drywall or the construction of any homes.  Therefore, Plaintiff's claims do not arise from, and are not directly related to, the underlying cause of action.  That lack of causal connection precludes this Court from exercising specific personal jurisdiction over the FCCI Defendants. Therefore, if personal jurisdiction exists, it must be general in nature.  For general jurisdiction to exist, the FCCI Defendants contacts with Louisiana must be "systematic and continuous" in nature.  *See* Belin, 20 F.3d at 647.

As to FCCI, none of the factors that generally evidence "purposeful availment" of a forum are present in this case.  Therefore, the FCCI Defendants are not subject to the jurisdiction of this Court.  *See*, *e.g.*, Telephone Elec. Corp., 98 F.3d 1338 (exercise of personal jurisdiction over nonresident defendant is proper where non resident of

Louisiana had discussions and negotiations leading up to agreement conducted in Louisiana, repeated meetings following execution of agreement in Louisiana, and nonresident defendant's office in Louisiana provided a variety of services related to the continued operation of the joint enterprise). *But see* Bearry v. Beech Aircraft Corp., 818 F.2d 370 (5th Cir. 1987) (no personal jurisdiction where nonresident defendant was not qualified to conduct business in forum state, had no employees in forum state, sold goods to forum state only through contracts entered into and executed in other states and accepted all deliveries from forum state via vendors in other states); Dalton, 897 F.2d at 1362-63 (nonresident defendant took care to ensure all boat charters entered into, and payment remitted to, Ohio; no systematic and continuous contacts); Tsaossidis v. State Farm Mut. Auto. Ins. Co., 2009 WL 3448133 at *3 (nonresident defendant not licensed to do business in Louisiana, no evidence it ever defended a lawsuit in Louisiana, accident took place in state other than Louisiana, and no evidence nonresident defendant ever conducted business in Louisiana or entered into any contractual relationships in Louisiana).

As set forth in the affidavit of Rupert Willis, Executive Vice President and Chief Regional Officer for the FCCI Defendants, neither of the FCCI Defendants is licensed to conduct business in Louisiana or to sell insurance in Louisiana. Neither of the FCCI Defendants has ever sold a policy of insurance in Louisiana or collected a premium for a policy sold to an insured in Louisiana. Neither FCCI Insurance Company nor FCCI Commercial Insurance Company has ever authorized any insurance agent to write business on their behalf in Louisiana. Neither FCCI Defendant maintains an office in Louisiana. No entity owned or operated by any FCCI Defendant maintains an office in

Louisiana.  Neither FCCI Defendant has a registered agent for service of process in the State of Louisiana, has any employees with the State of Louisiana, issues or delivers insurance policies in the State of Louisiana, advertises or markets their insurance policies in the State of Louisiana, or collects premiums from any insured for any risk within the State of Louisiana.   No policy of insurance issued by the FCCI Defendants to the subcontractors identified in Plaintiff's Complaint was ever negotiated, delivered, or entered into in the State of Louisiana.

The FCCI Defendants have shown that they are not subject to this Court's exercise of personal jurisdiction over them, and Plaintiff's Complaint should be dismissed as a matter of law as to the FCCI defendants.

> **b.** **The relationship between FCCI Insurance Company and National Trust Insurance Company does not for the basis for an exercise of personal jurisdiction**

The only relationship that could be argued between the FCCI defendants and Louisiana is the past conduct of a sister company, National Trust Insurance Company (NTI).  NTI is not directly owned by either FCCI Defendant.  NTI has no connection to FCCI Commercial Insurance Company.  NTI's connection to FCCI Insurance Company is too remote to support any exercise of jurisdiction.

FCCI Insurance Company owns all of the outstanding stock in FCCI Insurance Group, Inc. (FIG), a Florida stock holding corporation.   FIG in turn owns all the outstanding stock of NTI, a Tennessee corporation previously licensed to write workers' compensation policies in Louisiana.  (Affidavit of Rupert L. Willis, ¶ 3).

From November 1, 2000 until September 13, 2007, NTI wrote Workers Compensation coverage in Louisiana.   During that time National Loss Control

Management, Inc. (NLCM) in Baton Rouge, Louisiana served as the General Agent for NTI.  NLCM was not authorized and did not write coverage on behalf of NTI other than Workers' Compensation coverage.   NLCM was not authorized and did not write business on behalf of FCCI Insurance Company or FCCI Commercial Insurance Company in Louisiana.  (Affidavit of Rupert L. Willis, ¶ 11).

As General Agent, NLCM appointed retail agents to sell workers compensation insurance for NTI.  On behalf of NTI, NLCM solicited applications; bound insurance coverage; issued policies and endorsements; effected renewals, non-renewals, and cancellations; and countersigned policies for NIT.  NLCM maintained possession of all NTI policies issued in Louisiana.  NLCM also maintained all underwriting records, statistical and accounting records required by law for the coverages it wrote for NTI. (Affidavit of Rupert L. Willis, ¶ 11).

During this time, NLCM handled claims made with regard to the Louisiana coverages it wrote for NTI in Louisiana.  NLCM hired the adjusters responsible for handling all NTI claims in Louisiana.  NLCM had the authority to adjust, settle, deny and/or pay losses and loss adjustment expenses on behalf of NTI during that time frame.   NLCM maintained all claims files related to the Louisiana policies issued by NTI.  (Affidavit of Rupert L. Willis, ¶11).

NLCM established bank accounts using its Federal Employer Identification Number for the purposes of collecting premiums and paying all claims and loss adjustment expenses on behalf of NTI.   NLCM paid those expenses using NLCM checks or drafts.  No one at FCCI Insurance Company, FCCI Commercial Insurance

Company, FIG, NTI, or FCCI Services, Inc. was a signatory to that account.  (Affidavit of Rupert L. Willis, ¶ 11).

No entity related to any FCCI affiliated company (including FCCI Insurance Company, FCCI Commercial Insurance Company, FIG, NTI, and FCCI Services, Inc.) retained any right to control and exercised no control over the operations of NLCM.  No employee of NLCM was an employee of FCCI Insurance Company, FCCI Commercial Insurance Company, FIG, NTI, or FCCI Services, Inc.  (Affidavit of Rupert L. Willis, ¶11).

Any communications between NTI and its Louisiana insureds, policy holders claimants, or any others, were handled by NLCM.  NLCM filed all required claims reports with the Louisiana Department of Insurance.

That General Agency Agreement was terminated effective September 13, 2007. In 2008, 2009 and 2010, National Trust Insurance Company did not authorize any insurance agent to write business on its behalf in Louisiana.  (Affidavit of Rupert L. Willis, ¶¶11-12).

During the time that NLCM was handling the activities set forth in paragraph 11 for NTI, FCCI Services, Inc. was providing similar services for FCCI Insurance Company and FCCI Commercial Insurance Company.  There was no overlapping ownership, control or management between NLCM and FCCI Insurance Company, FCCI Commercial Insurance Company, FIG, NTI, or FCCI Services, Inc.  (Affidavit of Rupert L. Willis, ¶ 13).

These facts raise two issues: (1) is there sufficient relationship between FCCI Insurance Company and National Trust Insurance Company for the Court to exercise

personal jurisdiction? and (2) is past conduct by National Trust Insurance Company in writing a small amount of workers compensation coverage sufficient "purposeful availment" by FCCI Insurance Company to subject it to personal jurisdiction for a dispute between Florida insurers and their Florida insureds?

> **(1)** **The relationship between FCCI Insurance Company and National Trust Insurance Company is not sufficient for the Court to exercise personal jurisdiction**

If parent and subsidiary maintain separate and distinct corporate entities, the presence of one corporation in the forum state may not be attributed to the other. Cannon Mfg. Co. v. Cudahy Packing Co., 267 U.S. 333, 45 S.Ct. 250 (U.S. 1925). Because the mere existence of a parent-subsidiary relationship is not sufficient to warrant the assertion of jurisdiction, the foreign parent corporation is not subject to the forum state's jurisdiction simply because its subsidiary is present or doing business in the forum state.   Id.

In those few courts were the conduct of a subsidiary corporation is sufficient to exercise jurisdiction over a parent corporation, the focus is on control.   "Although jurisdiction over a subsidiary does not automatically provide jurisdiction over a parent ... where the parent totally controls the actions of the subsidiary so that the subsidiary is the mere alter ego of the parent, jurisdiction is appropriate over the parent as well." Patin v. Thoroughbred Power Boats Inc.,   294 F.3d 640 (5th Cir. 2002) (quoting Minnesota Mining & Mfg. Co. v. Eco Chem Inc., 757 F.2d 1256, 1265 (Fed.Cir.1985)).

The issue is similar to that required to "pierce the corporate veil" or to find the parent is no more than an "alter ego" of the subsidiary.  See, Hargrave v. Fibreboard

14

Corp., 710 F.2d 1154, 1159 (5th Cir.1983) ("Generally, our cases demand proof of control by the parent over the internal business operations and affairs of the subsidiary in order to fuse the two for jurisdictional purposes.").   The Courts look at the "such domination of finances, policies and practices that the controlled corporation has, so to speak, no separate mind, will, or existence of its own and is but a business conduit for its principal."  Gardemal v. Westin Hotel Co., 186 F.3d 588 (5th Cir. 1999).

This case is one in which there is no evidence to support the exercise of jurisdiction over the FCCI Defendants as a result of their relationship with National Trust.  NTI wrote only workers compensation coverage in Louisiana.   It never wrote any liability coverage in Louisiana.   National Trust is a Tennessee corporation.  The FCCI policies under which Plaintiff claims coverage were issued by Florida corporations (FCCI Insurance Company and FCCI Commercial Insurance Company) to Florida corporations (Residential Drywall, S D & Associates, Inc., and Swedberg Enterprises d/b/a Florida Drywall) and insured only construction by those insureds in Florida.   The FCCI Defendants provided, not workers compensation coverage, but liability coverage.

The affidavit of Rupert L. Willis clearly shows that there was no effort by FCCI Insurance Company or FCCI Commercial Insurance Company to manage or control the business NLCM wrote in Louisiana using NTI's policy forms.  There was no overlapping ownership, control or management between NLCM (the General Agent) and FCCI Insurance Company, FCCI Commercial Insurance Company, FIG, NTI, or FCCI Services, Inc.  This was what might be commonly called a "fronting agreement."  NLCM made all the decisions, issued the policies, maintained the policies, renewed or cancelled the policies, adjusted the claims, and issued loss payments.  NLCM simply

used NTI's policy form.   Absent a significant level of control, this Court simply cannot exercise jurisdiction over the FCCI Defendants.  The existence of a subsidiary, that did unrelated business in the state more than two years ago, simply is not sufficient to show "purposeful availment" by the FCCI Defendants.

> **(2)    The past conduct by National Trust Insurance Company in writing a small amount of workers compensation coverage  in not sufficient "purposeful availment" by FCCI Insurance Company**

Even if the Court attributes National Trust's conduct to FCCI, the defendant's contacts with the forum state must be "such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." Single or even occasional acts are not sufficient to support jurisdiction if they create only an attenuated affiliation with the forum state.  "Purposeful availment" ensures that the moving party will not be haled into a jurisdiction solely as a result of a random, fortuitous or attenuated contact, or by the unilateral activity of another party or a third person. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174 (1985).  In addition, the focus is on whether that **conduct occurred at the time of service of process.**  Cannon Mfg. Co. v. Cudahy Packing Co., 267 U.S. 333, 45 S.Ct. 250 (U.S. 1925).

What was National Trust's relationship with Louisiana at the time this suit was filed?  None!  National Trust ended all business in the state in 2007, more than two years before suit was filed.  In 2008, 2009 and 2010, National Trust Insurance Company did not authorize any insurance agent to write business on its behalf in Louisiana. National Trust had clearly shown its intent to not do business and to not purposefully avail itself of jurisdiction in Louisiana.

As the Court noted in <u>Sasnett v. Iowa State Traveling Men's Ass'n</u>, 90 F.2d 514 (C.A.8 1937):

> The cases appear to hold that merely casual acts do not constitute 'doing business'; that there must be some continuity in the employment of an alleged agent, **or at least that the employment existed at the time of the alleged service**; that the mere insuring of residents of a foreign state, the contract of insurance being made and being carried out in the home state of the association, does not constitute 'doing business' in the state of the insured.

(emphasis added).

Even if the Court uses National Trust's conduct to exercise jurisdiction over the FCCI defendants, National Trust had ended its agency agreement in 2007 and ceased doing business in Louisiana. Neither National Trust nor the FCCI Defendants have employees in Louisiana, have offices in Louisiana, have agents in Louisiana, have insureds in Louisiana, or have any thing to do with Louisiana.   There simply is no basis to bring Florida insurers into a Louisiana court to interpret Florida policies with relation to construction in Florida.   That outcome would offend "traditional notions of fair play and substantial justice."

### B.   <u>SINCE JURISDICTION IS LACKING, VENUE IS IMPROPER AND PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED.</u>

Plaintiff alleges that "[v]enue is proper in this district pursuant to 28 U.S.C. § 391(a)(3) because Defendants are subject to the personal jurisdiction in this judicial district," and that "[v]enue is otherwise appropriate in this district consistent with 28 U.S.C. § 1407."  (Complaint, ¶ 19).  A plaintiff bears the burden of proving his choice of venue is proper.   *See* <u>Thompson v. State of Georgia</u>, 2008 WL 4909421 (W.D. La. 2008) (*citing* <u>Smith v. Fortenberry,</u> 903 F. Supp. 1018, 1019-20 (E.D.La.1995).   When

venue is improper, a Court shall either dismiss the action or, "in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

> A civil action wherein jurisdiction is founded only on a diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, *if all defendant reside in the same State*, (2) *a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred*, or a substantial part of the property that is the subject of the action is situated, or (3) *a judicial district in which any defendant is subject to personal jurisdiction* at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a) (emphasis added).

By Plaintiff's own admissions and allegations, none of the defendant insurance companies are residents of the State of Louisiana.  (Complaint, ¶¶ 2-17).  As such, venue under § 1391(a)(1) is improper.  <u>Fortenberry</u>, 903 F. Supp. At 1020; <u>Francis v. E-Z Bus, Inc.</u>, 2006 WL 901761 (U.S.D.C. E.D. La. 2006).

With respect to subparagraph (2), this action arises out of WCI's alleged use of Chinese drywall **only** in the States of Florida, New York, New Jersey, Virginia, Maryland, and Connecticut. (Complaint, ¶ 20).  Further, Plaintiff alleges that WCI began receiving complaints about the use of Chinese drywall in homes WCI allegedly sold "in Florida, including areas such as Fort Lauderdale, Fort Myers, and Bradenton," beginning in 2006. (Complaint, ¶ 22).  Any policy of insurance through which Plaintiff seeks coverage from the FCCI Defendants was executed and delivered in the State of Florida.  (Affidavit of Rupert L. Willis, ¶ 14).  In an action alleging breach of contract, "venue is proper at the place of performance."  *See* <u>Central Progressive Bank v.</u>

Harvey, 2009 WL 901770, *5 (E.D. La. 2009) (*citing* American Carpet Mills v. The Gunny Corp., 649 F.2d 1056, 1059 (5th Cir. 1981)).

Moreover, since WCI's claims were received from Ft. Lauderdale, Ft Myers and Bradenton, all of which are located in the State of Florida, and WCI's troubles arise out of its activities only in the states of "Florida, New York, New Jersey, Virginia, Maryland, and Connecticut (Complaint, ¶¶ 20, 22)," neither a "substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated" occurred in this judicial district; therefore, § 1391(a)(2) is similarly inapplicable to the instant case.

Finally, as set forth above, the FCCI Defendants are not subject to the jurisdiction of this Court, so venue under § 1391(a)(3) is likewise inapplicable. See, e.g., Orleans Limousines and Transp., Inc. v. Hurd Ins. Agency, Inc., 2003 WL 1193681, *2 (E.D. La. 2003).

## CONCLUSION

The FCCI defendants do not have the required degree of "minimum contacts" with the State of Louisiana sufficient to subject these nonresident defendants, FCCI Commercial Insurance Company and FCCI Insurance Company, to this Court's exercise of personal jurisdiction.  Further, venue is improper in this Court under any subparagraph of 28 U.S.C. § 1391.  As such, having shown that personal jurisdiction is absent, and venue improper,  Defendants FCCI Commercial Insurance Company and FCCI Insurance Company respectfully request this Court GRANT their Motion to Dismiss Plaintiff's Complaint, and cast all expenses and costs against Plaintiff, and

award to the FCCI Defendants such other and further relief as this Court deems proper and just.

This 23rd day of February, 2010.

Respectfully submitted,

GOODMAN MCGUFFEY LINDSEY & JOHNSON, LLP
Attorneys for FCCI INSURANCE COMPANY

BY:   /s/ Robert M. Darroch
_____
ROBERT M. DARROCH
GA State Bar No.:  205490
STEPHANIE F. GLICKAUF
GA State Bar No.:  257540
GOODMAN MCGUFFEY LINDSEY & JOHNSON, LLP
3340 Peachtree Road, NE, Suite 2100
Atlanta, GA  30326-1084
Phone: (404) 264-1500
Fax:  (404) 264-1737

AND

/s/ Patrick E. Costello
_____
PATRICK E. COSTELLO   (#26619)
JACQUES P. DeGRUY     (#29144)
Mouledoux, Bland, Legrand & Brackett, LLC
4250 One Shell Square
701 Poydras Street
New Orleans, Louisiana  70139
Telephone: 504-595-3000
Facsimile: 504-522-2121
pcostello@mblb.com
jdegruy@mblb.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum of Law in Support of Defendants FCCI Commercial Insurance Company and FCCI Insurance Company's Motion to Dismiss Plaintiff's Complaint has been served upon Plaintiff's Liaison Counsel, Russ Herman, and Defendant's Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

On this 23rd day of February, 2010.


BY:   /s/  Robert M. Darroch
      _____
      ROBERT M. DARROCH
      rdarroch@gmlj.com