UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ROBERT C. PATE, as Trustee for the Chinese Drywall Trust,<br><br>    Plaintiff,<br>v.<br><br>AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, FCCI COMMERCIAL INSURANCE COMPANY, FCCI INSURANCE COMPANY, et. al.<br><br>(2:09-cv-07791) (E.D. La.)<br><br>    Defendants. | MDL No. 2:09-md-2047<br><br>SECTION: L<br><br>JUDGE FALLON<br><br>MAG. JUDGE WILKINSON |

## DEFENSES AND ANSWER BY SPECIAL APPEARANCE

COMES NOW, FCCI COMMERCIAL INSURANCE COMPANY and FCCI INSURANCE COMPANY, named Defendants in the above styled action, and without waiving any defenses, including but not limited to lack of jurisdiction and improper venue; and without becoming subject to the jurisdiction of this Court, specially appear to respond to Plaintiff's Complaint as follows:

## FIRST DEFENSE

The Complaint fails to set forth a claim against upon which relief can be granted.

## SECOND DEFENSE

For a Second Defense, these Defendants answer the numbered paragraphs of the Complaint as follows:

## PARTIES

1.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 13, 14, 15, 16 and 17 of the Complaint and, therefore, cannot admit or deny same.

2.

These Defendants admit the allegations contained in paragraphs 11 and 12 of the Complaint.

## JURISDICTION AND VENUE

3.

These Defendants deny the allegations contained in paragraphs 18 and 19 of the Complaint.

## FACTS

4.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraphs 20 and 21 of the Complaint and, therefore, cannot admit or deny same.

### The Underlying Claims

5.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraphs 22, 23 and 24 of the Complaint and, therefore, cannot admit or deny same.

### The WCI Chinese Drywall Trust

6.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraphs 25, 26, 27, 28, 29, 30 and 31 of the Complaint and, therefore, cannot admit or deny same.

### The Insurance Policies

7.

These Defendants deny the allegations contained in paragraph 32 of the Complaint as it relates to these Defendants and whether or not WCI is an additional insured. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 32 of the Complaint as they relate to other Defendants and, therefore, cannot admit or deny same.

8.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraphs 33, 34, 35, 36, 37, 38, 39, 40, 41, 42 and 43 of the Complaint and, therefore, cannot admit or deny same.

### The Subcontractor Insurance Policies

9.

These Defendants deny as pled and stated the allegations contained in Paragraph 44 of the Complaint as they relate to policies issued by these Defendants. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 44 of the Complaint as they relate to other insurers and policies and, therefore, cannot admit or deny same.

10.

In response to Paragraph 45 of the Complaint, these Defendants admit that FCCI Insurance Company issued a policy to S D & Associates, Policy No. GL00039633 with effective dates of 1/7/08 through 1/7/09, that FCCI Insurance Company issued a policy to Residential Drywall, Inc., Policy Nos. CPP0007699 1 and CPP0007699 2 with effective dates of 11/9/07 through 11/9/08 and 11/9/08 through 11/9/09 respectively and that FCCI Commercial Insurance Company issued a policy to Swedberg Enterprises, Inc. d/b/a Florida Drywall, Policy Nos. GL0005690-2 and UMB0005357-2 with effective dates of 5/11/08 through 5/11/09. All other averments contained in Paragraph 45 of the Complaint are hereby denied.

### Notice and Failure to Provide Coverage

11.

These Defendants deny the allegations contained in paragraphs 46, 47, 48 and 49 of the Complaint as they relate to these Defendants. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments

contained in Paragraphs 46, 47, 48 and 49 of the Complaint as they relate to other Defendants and, therefore, cannot admit or deny same.

## COUNT I

## DECLARATORY JUDGMENT

12.

In response to paragraph 50 of the Complaint these Defendants repeat and re-allege their responses to each allegation contained in paragraphs 1 through 49 of the Complaint as if fully set forth herein.

13.

These Defendants deny the allegations contained in paragraphs 51, 52, 53 and 54 of the Complaint as they relate to these Defendants. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraphs 51, 52, 53 and 54 of the Complaint as they relate to other Defendants and, therefore, cannot admit or deny same.

## COUNT II

## BREACH OF CONTRACT

14.

In response to paragraph 55 of the Complaint these Defendants repeat and re-allege their responses to each allegation contained in paragraphs 1 through 54 of the Complaint as if fully set forth herein.

15.

These Defendants deny the allegations contained in paragraphs 56 and 57 of the Complaint as they relate to these Defendants. These Defendants are without knowledge or

information sufficient to form a belief as to the truth of the averments contained in Paragraphs 56 and 57 of the Complaint as they relate to other Defendants and, therefore, cannot admit or deny same.

16.

These Defendants Deny that Plaintiff is entitled to the relief requested in the WHEREFORE paragraph of the Complaint including but not limited to the relief requested in paragraphs A, B, C, D, E and F thereunder.

17.

Any allegation of the Complaint not admitted, denied or otherwise responded to above is hereby denied.

### THIRD DEFENSE

These Defendants are not liable to Plaintiff because these Defendants breached no duty owed to Plaintiff in regard to the occurrence giving rise to this Complaint.

### FOURTH DEFENSE

The Complaint should be dismissed against these Defendants for lack of jurisdiction over the subject matter, lack of jurisdiction over these defendants and improper venue.

### FIFTH DEFENSE

The Complaint should be dismissed for failure to join an indispensible party (the insureds named under the various policies of insurance and possibly any other insurers potentially providing coverage to WCI and/or Plaintiff for the claims asserted in the Complaint and possibly WCI Communities, Inc.).

### SIXTH DEFENSE

Pate, as assignee of WCI, has failed to comply with the terms and

conditions of the policy including but not limited to those related to notice of a claim, notice of suit, and voluntary payments.

## SEVENTH DEFENSE

There has been a failure of consideration for any coverage as alleged in the Complaint.

## EIGHTH DEFENSE

Pate, as assignee of WCI, is estopped to claim coverage under the policy of insurance by reason of WCI's failure to comply with the terms and conditions of the policy.

## NINTH DEFENSE

Pate, as assignee of WCI, is barred from claiming coverage under the policy of insurance by reason the doctrine of laches and WCI's failure to comply with the terms and conditions of the policy.

## TENTH DEFENSE

Pate, as assignee of WCI, has waived the right to claim coverage under the policy of insurance by reason of WCI's failure to comply with the terms and conditions of the policy.

WHEREFORE, having fully answered, Defendants request that the Complaint be dismissed against these Defendants with costs of this action cast against the Plaintiff.

**[SIGNATURE ON NEXT PAGE]**

This 23rd day of February, 2010.

        Respectfully submitted,

        GOODMAN MCGUFFEY LINDSEY & JOHNSON, LLP
        Attorneys for FCCI Commercial Insurance Company
        And FCCI Insurance Company

BY:   /S/ Robert M. Darroch
        _____
        ROBERT M. DARROCH
        GA State Bar No.: 205490
        STEPHANIE F. GLICKAUF
        GA State Bar No.: 257540
        GOODMAN MCGUFFEY LINDSEY & JOHNSON, LLP
        3340 Peachtree Road, NE, Suite 2100
        Atlanta, GA  30326-1084
        Phone: (404) 264-1500
        Fax:  (404) 264-1737

        AND

/s/ Patrick E. Costello
_____
PATRICK E. COSTELLO    (#26619)
JACQUES P. DeGRUY     (#29144)
Mouledoux, Bland, Legrand & Brackett, LLC
4250 One Shell Square
701 Poydras Street
New Orleans, Louisiana  70139
Telephone: 504-595-3000
Facsimile: 504-522-2121
pcostello@mblb.com
jdegruy@mblb.com

DEFENDANTS DEMAND TRIAL BY JURY

- 9 -

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing **Defenses and Answer by Special Appearance** has been served upon Plaintiff's Liaison Counsel, Russ Herman, and Defendant's Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

On this 23rd day of February, 2010.

BY:   /S/ Robert Darroch
　　　―――――――――――――
　　　ROBERT M. DARROCH
　　　rdarroch@gmlj.com