**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | ) | |
| DRYWALL PRODUCTS LIABILITY | ) | MDL NO. 2047 |
| LITIGATION | ) | |
| | ) | SECTION: L |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | JUDGE FALLON |
| McDuffie, et al. v. Knauf Gips KG, et al., | ) | |
| CASE NO.: 2:10-CV-00333 | ) | MAG. JUDGE WILKINSON |
| | ) | |

## AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND CROSS-CLAIMS OF L&W SUPPLY CORPORATION d/b/a SEACOAST SUPPLY

Defendant, L&W SUPPLY CORPORATION d/b/a SEACOAST SUPPLY ("Defendant" or "L&W Supply"), by and through its undersigned attorneys, hereby files its Amended Answer, Affirmative Defenses, and Cross-Claims in response to Plaintiffs' Class Action Complaint ("Plaintiffs' Complaint") and says:

1.      Paragraph 1 contains legal conclusions to which no response is required and further contains factual allegations which Defendant lacks information sufficient to admit or deny; therefore, Defendant denies the allegations of Paragraph 1 to the extent a response is required.

2.      Defendant denies the allegations of Paragraph 2.

3.      In response to Paragraph 3, Defendant incorporates herein its responses to Paragraphs 1 through 2.

4.      Paragraph 4 contains legal conclusions to which no response is required and further contains factual allegations which Defendant lacks information sufficient to admit or deny; therefore, Defendant denies the allegations of Paragraph 4 to the extent a response is required.

5.      Paragraph 5 contains legal conclusions to which no response is required and further contains factual allegations which Defendant lacks information sufficient to admit or deny; therefore, Defendant denies the allegations of Paragraph 5 to the extent a response is required.

6.      In response to the allegations of Paragraph 6, Defendant denies that it designed, manufactured, imported, distributed, delivered, supplied, inspected, marketed and/or sold drywall installed in the home of Claude and Jimmie McDuffie.  Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 6 and, therefore, denies the same.

7.      In response to the allegations of Paragraph 7, Defendant admits that Gebr. Knauf Verwaltungsgesellschaft KG was a shareholder of USG Corporation.  In December 2009, the shares owned by Gebr. Knauf Verwaltungsgesellschaft KG were transferred to C&G Verwaltungs GmbH, an indirect subsidiary of Gebr. Knauf Verwaltungsgesellschaft KG. Defendant admits that Knauf Gips is a manufacturer of building materials headquartered in Germany.  Defendant further admits, upon information and belief, that Knauf has three wallboard manufacturing plants in China, which are located in Wuhu, Tianjin, and Dongguan, and that the manufacture of wallboard in the plants is directly or indirectly controlled by Knauf Gips or its affiliates.  Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 7 and, therefore, denies the same.

8.      In response to the allegations of Paragraph 8, Defendant admits, upon information and belief, that Knauf has three wallboard manufacturing plants in China, which are located in Wuhu, Tianjin, and Dongguan, and that the manufacture of wallboard in the plants is directly or

indirectly controlled by Knauf Gips or its affiliates.  Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 8 and, therefore, denies the same.

9.      In response to the allegations of Paragraph 9, Defendant admits that in 2006 it purchased wallboard manufactured in China by Knauf, and further admits, upon information and belief, that Knauf sold wallboard to other distributors in the United States.  Defendant's purchases were made at a time when there was a shortage of domestically manufactured wallboard.  Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 9 and, therefore, denies the same.

10.     Defendant admits, upon information and belief, the allegations contained in the second and third sentences of Paragraph 10 of Plaintiffs' Complaint.  Defendant denies the sixth sentence of Paragraph 10 of Plaintiffs' Complaint.  Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 10 and, therefore, denies the same.

11.     Defendant denies the fifth sentence of Paragraph 11 of Plaintiffs' Complaint. Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 11 and, therefore, denies the same.

12.     Paragraph 12 contains legal conclusions to which no response is required and further contains factual allegations which Defendant lacks information sufficient to admit or deny; therefore, Defendant denies the allegations of Paragraph 12 to the extent a response is required.

13.     In response to the allegations of Paragraph 13, Defendant admits that USG Corporation is a Delaware corporation with its principal place of business at 550 W. Adams Street, Chicago, Illinois, and that L&W Supply, a subsidiary of USG Corporation, is the leading specialty building products distribution business in the United States.  Defendant further admits

that it conducts business in Alabama.  Defendant denies the allegations of Paragraph 13 not explicitly admitted.

14.     In response to the allegations of Paragraph 14, Defendant admits that it is a Delaware corporation that conducts business in Alabama and that it is a subsidiary of USG Corporation.  Defendant would further show that it conducts business in certain states, including Alabama, under the name Seacoast Supply Corporation.   Defendant denies the remaining allegations of Paragraph 14.

15.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 15 and, therefore, denies the same.

16.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 16 and, therefore, denies the same.

17.     Paragraph 17 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

18.     Paragraph 18 requires no response, as it was left blank.

19.     Defendant denies the allegations of Paragraph 19 to the extent that they apply to USG Corporation.  Defendant admits that L&W Supply distributed gypsum drywall in the State of Alabama, primarily to contractors.  Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 19 and, therefore, denies the same.

20.     Defendant denies the allegations of Paragraph 20 to the extent that they apply to USG Corporation.   Defendant admits that in 2006 L&W Supply, a subsidiary of USG Corporation, purchased wallboard manufactured in China by Knauf and further admits, upon information and belief, that Knauf sold wallboard to other distributors in the United States. Defendant's purchases were made at a time when there was a shortage of domestically

manufactured wallboard.  Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 20 and, therefore, denies the same.

21.     Defendant denies the allegations of Paragraph 21.

22.     Defendant denies the allegations of Paragraph 22.

23.     Defendant denies the allegations of Paragraph 23.

24.     Defendant denies the allegations of Paragraph 24.

25.     Defendant denies the allegations of Paragraph 25.

26.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 26 and, therefore, denies the same.

27.     Defendant denies the allegations of Paragraph 27.

28.     Defendant denies the allegations of Paragraph 28.

29.     Defendant denies the allegations of Paragraph 29.

30.     In response to the allegations of Paragraph 30, Defendant admits that Plaintiffs have filed this lawsuit as a putative class action.  The remaining allegations of Paragraph 30 contain legal conclusions that require no response.  To the extent any further response is required to the allegations in Paragraph 30, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

31.     Paragraph 31 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 31, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

32.     Paragraph 32 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 32, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

33.     Paragraph 33 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 33, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

34.     Paragraph 34 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 34, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

35.     Paragraph 35 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 35, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

36.     Paragraph 36 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 36, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

37.     Defendant denies the allegations of Paragraph 37.

38.     Defendant denies the allegations of Paragraph 38.

39.     Defendant denies the allegations of Paragraph 39.

40.     Defendant denies the allegations of Paragraph 40.

41.     In response to Paragraph 41, Defendant incorporates herein its responses to Paragraphs 1 through 40.

42.     Paragraph 42 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

43.     Paragraph 43 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

44.     Paragraph 44 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

45.     Paragraph 45 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

46.     Paragraph 46 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

47.     Paragraph 47 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

48.     Paragraph 48 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

49.     Paragraph 49 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

50.     In response to Paragraph 50, Defendant incorporates herein its responses to Paragraphs 1 through 49.

51.     Paragraph 51 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

52.     Paragraph 52 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

53.     Paragraph 53 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

54.     Paragraph 54 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

55.     Paragraph 55 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

56.     Paragraph 56 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

57.     Paragraph 57 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

58.     Paragraph 58 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

59.     Paragraph 59 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

60.     Paragraph 60 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

61.     Paragraph 61 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

62.     In response to Paragraph 62, Defendant incorporates herein its responses to Paragraphs 1 through 61.

63.     Paragraph 63 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

64.     Paragraph 64 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

65.     Paragraph 65 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

66.     Paragraph 66 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

67.     Paragraph 67 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

68.     Paragraph 68 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

69.     Paragraph 69 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

70.     Paragraph 70 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

71.     Paragraph 71 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

72.     Paragraph 72 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

73.     Paragraph 73 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

74.     Paragraph 74 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

75.     Paragraph 75 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

76.     Paragraph 76 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

77.    Paragraph 77 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

78.    Paragraph 78 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

79.    Paragraph 79 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

80.    In response to Paragraph 80, Defendant incorporates herein its responses to Paragraphs 1 through 79.

81.    Paragraph 81 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

82.    Paragraph 82 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

83.    Paragraph 83 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

84.    Paragraph 84 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

85.    Paragraph 85 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

86.    Paragraph 86 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

87.    Paragraph 87 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

88.     Paragraph 88 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

89.     Paragraph 89 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

90.     Paragraph 90 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

91.     Paragraph 91 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

92.     In response to Paragraph 92, Defendant incorporates herein its responses to Paragraphs 1 through 91.

93.     Paragraph 93 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

94.     Paragraph 94 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

95.     Paragraph 95 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

96.     Paragraph 96 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

97.     Paragraph 97 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

98.     Paragraph 98 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

99.     Paragraph 99 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

100.    Paragraph 100 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

101.    Paragraph 101 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

102.    Paragraph 102 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

103.    Paragraph 103 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

104.    Paragraph 104 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

105.    Paragraph 105 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

106.    Paragraph 106 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

107.    Paragraph 107 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

108.    Paragraph 108 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

109.    Paragraph 109 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

110.    In response to Paragraph 110, Defendant incorporates herein its responses to Paragraphs 1 through 109.

111.    In response to the allegations of Paragraph 111, Defendant admits that Plaintiffs have asserted a cause of action for breach of the warranty of merchantability.  Defendant denies the remaining allegations contained in Paragraph 111.

112.    Defendant admits the allegations of Paragraph 112 to the extent that they apply to L&W Supply.  The remaining allegations of Paragraph 112 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

113.    Paragraph 113 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

114.    In response to Paragraph 114, Defendant denies that it supplied any drywall installed in the home of Claude and Jimmie McDuffie.  Defendant lacks information sufficient to admit or deny the allegations as to unnamed putative class members and, therefore, denies the same. The remaining allegations of Paragraph 114 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

115.    Defendant denies the allegations of Paragraph 115 to the extent that they apply to L&W Supply.  The remaining allegations of Paragraph 115 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

116.    Paragraph 116 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 116, Defendant denies the same.

117.    Defendant denies the allegations of Paragraph 117 to the extent that they apply to L&W Supply.  The remaining allegations of Paragraph 117 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

118.     Defendant denies the allegations of Paragraph 118 to the extent that they apply to L&W Supply.   The remaining allegations of Paragraph 118 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

119.     Defendant denies the allegations of Paragraph 119 to the extent that they apply to L&W Supply.   The remaining allegations of Paragraph 119 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

120.     Defendant denies the allegations of Paragraph 120 to the extent that they apply to L&W Supply.   The remaining allegations of Paragraph 120 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

121.     In response to Paragraph 121, Defendant incorporates herein its responses to Paragraphs 1 through 120.

122.     In response to the allegations of Paragraph 122, Defendant admits that Plaintiffs have asserted a cause of action for breach of the implied warranty of fitness for a particular purpose.  Defendant denies any remaining allegations contained in Paragraph 122.

123.     Defendant admits the allegations of Paragraph 123 to the extent they apply to L&W Supply Corporation.   The remaining allegations of Paragraph 123 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

124.     Paragraph 124 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

125.     In response to Paragraph 125, Defendant denies that it supplied any drywall installed in the home of Claude and Jimmie McDuffie.  Defendant lacks information sufficient to admit or deny the allegations as to unnamed putative class members and, therefore, denies the

same.  The remaining allegations of Paragraph 125 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

126.    Defendant denies the allegations of Paragraph 126 to the extent that they apply to L&W Supply.  The remaining allegations of Paragraph 126 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

127.    Defendant denies the allegations of Paragraph 127 to the extent that they apply to L&W Supply.  The remaining allegations of Paragraph 127 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

128.    Defendant denies the allegations of Paragraph 128 to the extent that they apply to L&W Supply.  The remaining allegations of Paragraph 128 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

129.    Paragraph 129 contain legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 129, Defendant denies the same.

130.    Defendant denies the allegations of Paragraph 130 to the extent that they apply to L&W Supply.  The remaining allegations of Paragraph 130 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

131.    Defendant denies the allegations of Paragraph 131 to the extent that they apply to L&W Supply.  The remaining allegations of Paragraph 131 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

132.    Defendant denies the allegations of Paragraph 132 to the extent that they apply to L&W Supply.  The remaining allegations of Paragraph 132 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

133.    Defendant denies the allegations of Paragraph 133 to the extent that they apply to L&W Supply.  The remaining allegations of Paragraph 133 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

134.    In response to Paragraph 134, Defendant incorporates herein its responses to Paragraphs 1 through 133.

135.    In response to the allegations of Paragraph 135, Defendant admits that Plaintiffs have asserted a cause of action for strict products liability.  Defendant denies any remaining allegations contained in Paragraph 135.

136.    Paragraph 136 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

137.    Paragraph 137 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

138.    Paragraph 138 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

139.    Paragraph 139 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

140.    Paragraph 140 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

141.    Paragraph 141 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

142.    In response to Paragraph 142, Defendant incorporates herein its responses to Paragraphs 1 through 141.

143.     In response to the allegations of Paragraph 143, Defendant admits that Plaintiffs have asserted a cause of action for strict products liability.  Defendant denies any remaining allegations contained in Paragraph 143.

144.     Defendant denies the allegations of Paragraph 144.

145.     Defendant denies the allegations of Paragraph 145.

146.     Defendant denies the allegations of Paragraph 146.

147.     Defendant denies the allegations of Paragraph 147.

148.     Defendant denies the allegations of Paragraph 148.

149.     Defendant denies the allegations of Paragraph 149.

150.     In response to Paragraph 150, Defendant incorporates herein its responses to Paragraphs 1 through 149.

151.     Paragraph 151 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

152.     Paragraph 152 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

153.     Paragraph 153 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

154.     Paragraph 154 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

155.     Paragraph 155 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

156.     Paragraph 156 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

157.     Paragraph 157 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

158.     Paragraph 158 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

159.     Paragraph 159 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

160.     In response to Paragraph 160, Defendant incorporates herein its responses to Paragraphs 1 through 159.

161.     Paragraph 161 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

162.     Paragraph 162 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

163.     Paragraph 163 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

164.     Paragraph 164 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

165.     Paragraph 165 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

166.     Paragraph 166 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

167.     Paragraph 167 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

168.     Paragraph 168 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

169.     Paragraph 169 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

170.     Paragraph 170 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

171.     Paragraph 171 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

172.     In response to Paragraph 172, Defendant incorporates herein its responses to Paragraphs 1 through 171.

173.     Paragraph 173 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

174.     Paragraph 174 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

175.     Paragraph 175 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

176.     Paragraph 176 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

177.     Paragraph 177 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

178.     Paragraph 178 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

179.     Paragraph 179 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

180.     In response to Paragraph 180, Defendant incorporates herein its responses to Paragraphs 1 through 179.

181.     Paragraph 181 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

182.     Paragraph 182 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

183.     Paragraph 183 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

184.     Paragraph 184 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

185.     Paragraph 185 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

186.     Paragraph 186 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

187.     Paragraph 187 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

188.     Paragraph 188 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

189.     Paragraph 189 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

190.    In response to Paragraph 190, Defendant incorporates herein its responses to Paragraphs 1 through 189.

191.    Paragraph 191 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

192.    Paragraph 192 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

193.    Paragraph 193 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

194.    Paragraph 194 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

195.    Paragraph 195 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

196.    Paragraph 196 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

197.    Paragraph 197 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

198.    Paragraph 198 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

199.    Paragraph 199 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

200.    Paragraph 200 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

201.    Paragraph 201 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

202.    In response to Paragraph 202, Defendant incorporates herein its responses to Paragraphs 1 through 201.

203.    Paragraph 203 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

204.    Paragraph 204 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

205.    Paragraph 205 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

206.    Paragraph 206 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

207.    Paragraph 207 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

208.    Paragraph 208 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

209.    Paragraph 209 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

210.    In response to Paragraph 210, Defendant incorporates herein its responses to Paragraphs 1 through 209.

211.    In response to Paragraph 211, Defendant states that any express warranties applicable to wallboard it distributed in the State of Alabama speak for themselves and Defendant denies any allegations to the contrary.  The remaining allegations of Paragraph 211

contain legal conclusions and/or factual allegations regarding other defendants that require no response.

212.    Defendant denies the allegations of Paragraph 212 to the extent that they apply to L&W Supply.  The remaining allegations of Paragraph 212 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

213.    Defendant denies the allegations of Paragraph 213 to the extent that they apply to L&W Supply.  The remaining allegations of Paragraph 213 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

214.    Defendant denies the allegations of Paragraph 214 to the extent that they apply to L&W Supply.  The remaining allegations of Paragraph 214 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

215.    Defendant denies the allegations of Paragraph 215 to the extent that they apply to L&W Supply.  The remaining allegations of Paragraph 215 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

216.    Defendant denies the allegations of Paragraph 216 to the extent that they apply to L&W Supply.  The remaining allegations of Paragraph 216 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

217.    Defendant denies the allegations of Paragraph 217 to the extent that they apply to L&W Supply.  The remaining allegations of Paragraph 217 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

218.    Defendant denies the allegations of Paragraph 218 to the extent that they apply to L&W Supply.  The remaining allegations of Paragraph 218 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

219.    In response to Paragraph 219, Defendant incorporates herein its responses to Paragraphs 1 through 218.

220.    Paragraph 220 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

221.    Paragraph 221 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

222.    Paragraph 222 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

223.    Paragraph 223 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

224.    Paragraph 224 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

225.    Paragraph 225 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

226.    Paragraph 226 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

227.    Paragraph 227 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

228.    Paragraph 228 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

229.    Paragraph 229 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

230.    Paragraph 230 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

231.    In response to Paragraph 231, Defendant incorporates herein its responses to Paragraphs 1 through 230.

232.    Paragraph 232 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

233.    Paragraph 233 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

234.    Paragraph 234 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

235.    Paragraph 235 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

236.    Paragraph 236 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

237.    Paragraph 237 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

238.    Paragraph 238 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

239.    Paragraph 239 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

240.    Paragraph 240 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

241.     Paragraph 241 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

242.     Paragraph 242 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

243.     In response to Paragraph 243, Defendant incorporates herein its responses to Paragraphs 1 through 242.

244.     Paragraph 244 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

245.     Paragraph 245 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

246.     Paragraph 246 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

247.     Paragraph 247 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

248.     Paragraph 248 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

249.     Paragraph 249 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

250.     Paragraph 250 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

251.     Paragraph 251 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

252.    Paragraph 252 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

253.    To the extent the Prayer for Relief is deemed to contain any allegations against Defendant, Defendant denies the same.

254.    Any and all allegations, claims, contentions, and/or demands contained in Plaintiffs' Complaint, which are not expressly and specifically admitted, modified, or explained by this Defendant in this Amended Answer, Affirmative Defenses, and Cross-Claims, are hereby expressly denied, including but not limited to the allegations contained in unnumbered paragraphs at the beginning of Plaintiffs' Complaint.

## FIRST DEFENSE

255.    Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

256.    Plaintiffs have failed to state a claim for which relief can be granted.

## SECOND DEFENSE

257.    Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

258.    Any damages alleged to have been sustained by Plaintiffs were caused in whole or in part by the acts or omissions of persons other than this Defendant over whom this Defendant had and has no control or by superseding intervening causes outside the control of this Defendant.

## THIRD DEFENSE

259.    Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

260.     Recovery of some or all of the damages alleged to have been sustained by Plaintiffs is barred by the economic loss doctrine.

## FOURTH DEFENSE

261.     Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

262.     The terms, provisions, and conditions, including but not limited to any warranty provisions, of any and all contracts entered into between Defendant and any other parties, which are expressly denied, operate as a bar to all or part of Plaintiffs' claims.

## FIFTH DEFENSE

263.     Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

264.     Plaintiffs' claims are barred, in whole or in part, by their absence of privity with Defendant and lack of standing.

## SIXTH DEFENSE

265.     Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

266.     Plaintiffs' Complaint fails to state a claim for class relief under Rule 23 of the Federal Rules of Civil Procedure; further, class relief should be denied under the governing procedural and substantive law.

## SEVENTH DEFENSE

267.     Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

268.     Plaintiffs have failed to mitigate their damages.

**EIGHTH DEFENSE**

269.    Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

270.    Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations, statute of repose, prescription period, or the doctrine of laches.

**NINTH DEFENSE**

271.    Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

272.    To the extent that Plaintiffs pray for punitive, exemplary, or otherwise enhanced damages, Defendant invokes its right under the due process clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution.

**TENTH DEFENSE**

273.    Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

274.    Defendant incorporates herein by reference each and every affirmative defense pleaded by similarly-situated distributor defendants.

**CROSS-CLAIMS AGAINST KNAUF GIPS KG;
KNAUF PLASTERBOARD (TIANJIN) CO., LTD.**

**FIRST CROSS-CLAIM**

275.    Defendant incorporates herein all of the foregoing responses that are relevant to this cross-claim.

276.    For a further defense and as a cross-claim, Defendant asserts a claim against Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd., along with all other applicable affiliates and related entities (collectively hereafter "Knauf"), for breach of express warranties.

277.    Defendant purchased a certain quantity of gypsum drywall manufactured by Knauf.

278.    Knauf expressly warranted the gypsum drywall Defendant purchased from Knauf would be free of defects and fit for the ordinary purpose for which gypsum drywall is used.

279.    Without admitting any liability or damages to the Plaintiffs, if it is shown that the drywall manufactured and sold to Defendant by Knauf was defective and not fit for the ordinary purpose for which gypsum drywall is used, then Knauf is liable to Defendant for breach of the express warranty.

280.    As a direct and proximate result of Knauf's breach of express warranties, Defendant has incurred damages in that it has been required to respond to homeowner complaints and to defend this action.  Further, Defendant will likely continue to incur additional costs in responding to homeowner complaints and defending this action.

## SECOND CROSS-CLAIM

281.    Defendant incorporates herein all of the foregoing responses that are relevant to this cross-claim.

282.    For a further defense and as a cross-claim, Defendant asserts a claim against Knauf for breach of implied warranty of merchantability under the common law and/or applicable state statutes.

283.    Knauf is a merchant of gypsum drywall.

284.    Defendant purchased from Knauf a certain quantity of gypsum drywall manufactured by Knauf.

285.    Pursuant to the applicable state statutes and/or the common law, Knauf warranted that the gypsum drywall was merchantable and fit for the ordinary purpose for which gypsum drywall is used.

286.    Without admitting any liability or damages to the Plaintiffs, if it is shown that the drywall manufactured and sold to by Knauf was defective and not fit for the ordinary purpose for which gypsum drywall is used, then Knauf is liable to Defendant for breach of implied warranty.

287.    As a direct and proximate result of Knauf's breach of the implied warranty of merchantability, Defendant has incurred damages in that it has been required to respond to homeowner complaints and to defend this action.  Further, Defendant will likely continue to incur additional costs in responding to homeowner complaints and defending this action.

## THIRD CROSS-CLAIM

288.    Defendant incorporates herein all of the foregoing responses that are relevant to this cross-claim.

289.    For a further defense and as a cross-claim, Defendant asserts a claim against Knauf for equitable and/or common law indemnification.

290.    Knauf is solely responsible and liable for any allegedly wrongful acts committed against the Plaintiffs with regard to the allegations of Plaintiffs' Complaint.

291.    Knauf is solely liable for any damages allegedly suffered by Plaintiffs and, if Defendant is required to pay any damages to the Plaintiffs, Defendant is entitled to be indemnified, based on the doctrines of equitable and/or common law indemnification, by Knauf for any damages.

292.    This Defendant reserves the right to amend its Amended Answer, Affirmative Defenses, and Cross-Claims as investigation and discovery may reveal.

WHEREFORE, having fully answered the Plaintiffs' Complaint, Defendant L&W Supply Corporation prays the Court that:

a)    Plaintiffs recover nothing from Defendant and that judgment be entered in Defendant's favor;

b)    the costs of this action, including attorney's fees and costs that may be allowed by statute, be taxed against Plaintiffs;

c)    if Plaintiffs recover any amount from Defendant, that Defendant be granted the relief prayed for in its Cross-Claims against Knauf; and

d)    Defendant have such other and further relief as the Court may deem just and proper.

[SIGNATURE BLOCK ON NEXT PAGE]

                              /s/  W. David Conner
                    W. David Conner (SC Bar # 66358; Fed. # 5986)
                    Moffatt G. McDonald (SC Bar # 3784; Fed. # 2805)
                    Charles Sprinkle (SC Bar # 70630; Fed. # 9712)
                    Christopher B. Major (SC Bar # 72872; Fed. # 9382)
                    P.O. Box 2048
                    Greenville, SC  29602
                    (864) 240-3226
                    (864) 240-3300 (fax)
                    dconner@hsblawfirm.com
                    mgmcdonald@hsblawfirm.com
                    csprinkle@hsblawfirm.com
                    cmajor@hsblawfirm.com

                    Robert E. Kerrigan, Jr.
                    DEUTSCH KERRIGAN & STILES
                    755 Magazine Street
                    New Orleans, LA  70131
                    Tel: (504) 593-0619
                    Fax: (504) 566-1201
                    rkerrigan@dkslaw.com

                    Attorneys for Defendant L&W Supply Corporation

February 24, 2010

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing **AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND CROSS-CLAIMS OF L&W SUPPLY CORPORATION d/b/a SEACOAST SUPPLY** has been served on Plaintiffs' Liaison Counsel, Russ Herman at drywall@hhkc.com, and Defendants' Liaison Counsel, Kerry Miller at Kmiller@frilot.com, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 24th day of February, 2010.


                                             _____/s/  W. David Conner_____