## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) MDL No.2047 <br> ) <br> ) <br> ) SECTION "L" |
| | ) |
| *This Document Relates to:* | ) CIVIL ACTION NO.: 2:09-CV-7791 <br> ) |
| ROBERT C. PATE, as Trustee for the Chinese Drywall Trust, | ) <br> ) <br> ) JUDGE ELDON FALLON |
| Versus, | ) <br> ) MAGISTRATE  JOSEPH WILKINSON, JR. |
| AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, ET AL., | ) <br> ) <br> ) <br> ) <br> ) |

### MEMORANDUM IN SUPPORT OF AMERISURE MUTUAL INSURANCE COMPANY'S AND AMERISURE INSURANCE COMPANY'S MOTION TO DISMISS FOR FAILURE TO JOIN REQUIRED PARTIES

Defendants, Amerisure Mutual Insurance Company, and Amerisure Insurance Company (herein collectively referred to as "Amerisure"), by and through their attorneys of record, hereby move this Court to dismiss Robert C. Pate's, as Trustee for the Chinese Drywall Trust (herein "Plaintiff"), Complaint for failure to include required parties pursuant to Fed. R. Civ. P. 12(b)(7) and 19. In support thereof, Amerisure states as follows.

### INTRODUCTION

Plaintiff's Complaint, in part, seeks declaratory and other relief against Defendant Amerisure, and others, predicated on WCI Communities, Inc.'s (herein "WCI" or "Pate") alleged status as an "additional insured" under certain primary and umbrella liability policies issued by Amerisure to Beta Drywall, LLC and Supreme Drywall & Metal Framing Company (herein

1

collectively referred to as "named insureds").  In particular, Plaintiff seeks a declaration that Amerisure, and other alleged "Subcontractor Insurance Companies," are "obligated to indemnify the WCI Chinese Drywall Trust in connection with the Underlying Claims." (*See* Complaint ¶ 54, and pg. 11). In seeking such broad relief, Plaintiff has conspicuously failed to include the named insureds under the Amerisure policies – parties having negotiated, procured and paid for the policies and who themselves have informed Amerisure of potential claims. Insofar as the pending dispute relates, in part, to the interpretation of the Amerisure insurance contracts, this Court cannot accord complete relief in the absence of Amerisure's named insureds who, undeniably, have an interest in: the Court's interpretation of the parties' rights, interests and obligations under the policies; the disposition of the lawsuit; and, perhaps most importantly, what, if any, policy limits will be available to the named insureds. Put bluntly, any rulings by this Court as to available coverage under the policies will affect the nature and extent available coverage to the named insureds under the policies, particularly insofar as Plaintiff now seeks to have the Amerisure policy limits placed into a trust for its use in extinguishing **only WCI's potential, future liabilities**. By any objective measure, the named insureds are parties required to be joined in the pending lawsuit, and Plaintiff's failure to join them in this action – despite having clear knowledge of their identity and relationship to the insurance contracts at issue – warrants dismissing the Complaint.

## BACKGROUND

In December 23, 2009, Pate, as the Trustee for the Chinese Drywall Trust, (the "Trust"), filed this action seeking a declaration that Amerisure is obligated to indemnify the Trust for any future losses arising from claims asserted against the Trust in relation to houses constructed by

WCI, which contained defective Chinese Drywall. (*See* Complaint, Doc. No. 1). The Complaint alleges that WCI received complaints of alleged property damage and/or bodily injury arising from the drywall in homes that WCI sold in Florida. (*See* Complaint ¶ 22). The Complaint also alleges that "[o]ver 700 homeowners allegedly have Chinese Drywall installed in their homes and may seek recovery through the WCI Chinese Drywall Trust." (*See* Complaint ¶ 31).   The Complaint further alleges that Amerisure issued commercial general liability policies and umbrella policies to Beta Drywall, LLC and Supreme Drywall & Metal Framing Company who were acting as subcontractors for WCI and who allegedly supplied and/or installed Chinese Drywall in the claimants' homes.  (*See* Complaint ¶ 32-45). Pate alleges that WCI is an additional insured under the Amerisure insurance policies issued to Beta Drywall, LLC and Supreme Drywall & Metal Framing Company.[1]  (*See* Complaint ¶ 45).

Beta Drywall, LLC (herein "Beta") is a Florida Limited Liability Company with its principal place of business in Lake Worth, Florida. (*See* Exhibit A).  Supreme Drywall & Metal Framing Company (herein "Supreme") is a Florida Profit Corporation with its principal place of business in St. Petersburg, Florida. (*See* Exhibit B). On information and belief, both Beta and Supreme do not conduct any business in the State of Louisiana.

---

[1] Amerisure issued commercial general liability policies and umbrella policies to Beta Drywall, LLC and Supreme Drywall & Metal Framing Company under multiple policy numbers for consecutive annual policy periods of 2/28/2005 to 2/28/2010 and from 3/17/2005 to 3/17/2009, respectively. Amerisure does not acknowledge that the Complaint accurately identified the applicable Amerisure policies.

## ARGUMENT

### I.   AMERISURE'S NAMED INSUREDS ARE REQUIRED[2] PARTIES, AND COMPLETE RELIEF CANNOT BE ACCORDED IN THEIR ABSENCE

Fed. R. Civ. P. 19(a)(1) provides that a party is "required to be joined if feasible" if that party is "subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction" if "in that person's absence, the court cannot accord complete relief among existing parties . . . ." Here, the Complaint seeks to obtain immediate indemnification from those policies identified therein to address WCI's *future, potential* claims[3] – relief, which if awarded, will effectively exhaust all available coverage under the Amerisure policies for both the named insureds' claims and any additional insured's claim.  This Court is being asked to award such relief in the absence of the policies' named insureds whose rights, interests and protections will incontrovertibly be affected, and likely impaired.  Courts are encouraged to address Rule 19 in a pragmatic fashion, and should freely consider various harms that the parties and absentees might suffer. *See Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1308-09 (5th Cir. 1986); *see also Broussard v. Columbia Gulf Transmission Co.*, 398 F. 2d 885, 888 (5th Cir. 1968) (citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 119 (1968)).  A liability insurance policy is a contract of insurance that is entered between the insurance company and the named insured,[4] and "[f]ederal courts consistently hold that a party to an agreement in dispute is an indispensable [and thus a required] party under F. Rule Civ. P. 19(a) in a suit seeking to . . . interpret that agreement." *Siemens Building Tech., Inc. v. Jefferson*

---

[2] Although Fed. R. Civ. P. 19 no longer uses the terms "necessary" and "indispensable" to describe parties that should or must be joined to the litigation, courts still use these terms as shorthand in their analysis. *See Picciotto v. Cont'l Cas. Co.*, 512 F.3d 9, 16 n. 10 (1st Cir. 2008).

[3] *See Complaint ¶ 31.*

[4] *See generally Ingalls Shipbuilding v. Fed. Ins. Co*, 410 F.3d 214, 221 (5th Cir. 2005).

*Parish*, No. 03-2272, 2004 U.S. Dist. Lexis 16153, at *15 (E. D. La. Aug. 12, 2004) (*See* Exhibit C)

(citing *Niagra Mohawk Power v. Tonawanda Band*, 862 F. Supp. 995 (W.D. N.Y. 1994), *aff'd* 94

F.3d 747 (2nd Cir. 1996) ("[A]ll persons who are parties to the contract may be affected by the

determination of [an] action and are indispensable parties for the purposes of Rule 19.")); *see*

*also Dore Energy Corp. v. Prospective Inv. & Trading Co.*, No. 2:05 CV 1657, 2008 U.S. Dist. LEXIS

1020,at *5 (W.D. La. Jan. 2, 2008 ) (*See* Exhibit D), *rev'd* on other grounds, 570 F.3d 219, 230-32

(5th Cir. 2009); *see also National Union Fire Ins. Co. v. Rite-Aid of South Carolina, Inc.*, 210 F.3d

246, 251 (4th Cir. 2000) (holding that the named insured was a necessary and indispensable

party to a lawsuit seeking to adjudicate rights and obligations under a liability policy, and

allowing such a lawsuit to proceed without named insured would "impair or impede" the ability

of the named insured to protect its interests under the policy); *see also Harris Trust & Saving*

*Bank v. Energy Assets Int'l.*, 124 F.R.D. 115, 117(E.D. La. 1989).[5] As indicated, Fifth Circuit and

other persuasive jurisprudence clearly support including **all** parties to a contract when

adjudicating rights and obligations thereon.

   In the instant matter, Beta and Supreme are so situated (as the named insureds and as

contracting parties under the policies) that any ruling on their policies and in their absence as to

the availability of coverage would likely impair or impede their contractual rights, interest and

protections under the policies. If Plaintiff is ultimately successful, the named insureds stand to

lose most, if not all, of their rights under their own policies, which will likely have direct bearing

---

[5] *See also Ragan Henry Broad. Group, Inc. v. Hughes*, No. 91-CV-6157, 1992 U.S. Dist. LEXIS 9718, at *4 (E.D. Pa. June 18, 1992) (*See* Exhibit E) ("Generally, where rights sued upon arise from a contract, all parties thereto must be joined."); *Burger King Corp. v. American Nat'l Bank & Trust Co.*, 119 F.R.D. 672, 675 (N.D. Ill. 1988) (holding that a party to a contract qualifies under Rule 19 as a necessary and indispensable party); *Lomayaktewa v. Hathaway*, 520 F.2d 1324, 1325 (9th Cir. 1975) (holding same); *Moore v. Ashland Oil*, 901 F.2d 1445 (7th Cir. 1990) (holding same).

on and may substantially affect the named insured's attempt to obtain coverage under these policies for perhaps similar and/or future losses. *See Siemens*, 2004 U.S. Dist. Lexis 16153, at *15 (holding that an absentee's ability to protect its interests under a contract may be impaired or impeded when not included in the litigation). Here, insofar as this Court is now being asked to award policy benefits to a putative additional insured in the absence of the policies' named insureds, the named insureds' "presence is critical to the disposition of the important issues in the litigation." *Haas v. Jefferson Nat'l Bank*, 442 F.2d 394, 398 (5th Cir. 1971); *Alonzo v. State of Louisiana*, No. 02-2792, 2002 U.S. Dist. Lexis 22700, at *5 (E. D. La. Nov. 21, 2002) (*See* Exhibit F) (holding that in a declaratory judgment action to determine available coverage, the named insured "is clearly an indispensable party to any proceeding which seeks a determination of coverage issues and rights and responsibilities under a contract to which the [named insured] is a party"); *see also Acton v. Bachman Foods, Inc.*, 668 F.2d 76, 78-81 (1st Cir. 1982) (holding that the party who negotiated the contract was an indispensable party in lawsuit aimed at determining rights and obligations under the contract).   As such, the named insureds are parties required to be joined in this action, and, having failed to do so, Plaintiff's Complaint is subject to dismissal.

## II.   THIS MATTER SHOULD NOT PROCEED WITHOUT AMERISURE'S NAMED INSUREDS, BETA DRYWALL AND SUPREME DRYWALL.

Under Rule 19(b), if a person who is required to be joined cannot be joined, "the court must determine whether, in equity and good conscience, the action should proceed against the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). In this determination, Rule 19(b) lists four non-exclusive factors for courts to consider: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the

extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the Plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. *See Brown v. Pac. Life Ins. Co.*, 462 F.3d 384, 394 (5th Cir. 2006); *Hood ex rel Mississippi v. City of Memphis*, 570 F.3d 625, 629 (5th Cir. 2009); Fed. R. Civ. P. 19(b). Here, insofar as the named insureds are indubitably required parties under Fed. R. Civ. P. 19(a), this action should not be permitted to continue without their presence,[6] and equity and good conscience do not warrant otherwise.

First, Beta and Supreme are required/indispensible parties because they possess interests affected by the core relief sought in the Complaint. As discussed above, WCI, a putative additional insured, is claiming unilateral entitlement to the Amerisure policy limits without affording the named insureds an opportunity to contest, or at the very least be heard, as to the disposition of such limits. *See Baker v. Dale*, 123 F. Supp. 364, 368 (W.D. Mo. 1954) (absent parties with joint interest triggered Rule 19 (a)). Thus, not only will a disposition in the named insureds' absence prejudice their rights under the Amerisure policies, it also may subject Amerisure, an existing party, to a substantial risk of multiple or inconsistent obligations. *See Siemens,* 2004 U.S. Dist. Lexis 16153, at *15 (holding that, absent all parties to the contract in dispute, the Parish could have been subjected to a substantial risk of incurring multiple or

---

[6] On information and belief, both Beta and Supreme are Florida entities with their principal places of business in Florida. (*See* Exhibits A & B). Perhaps most importantly, on information and belief, neither entity does, nor has it done, business in the State of Louisiana to give rise to the certain minimum contacts to sustain personal jurisdiction over these entities in this matter. While this is perhaps why Plaintiff elected not to include the named insureds in this matter, it neither relieves Plaintiff of its obligations under Fed. R. Civ. P. 19, nor favors permitting this matter to proceed in the named insureds' absence. *See Arthur Tifford v. Tandem Energy Corporation, et al.,* 562 F.3d 699 (5th Cir. 2009) (recognizing that dismissal of a matter may be appropriate when an indispensable party cannot be joined because there is not personal jurisdiction).

otherwise inconsistent judgments); *see also Rite-Aid*, 210 F.3d at 253 (recognizing that, when proceeding in lawsuit without named insured, an insurer could be "whipsawed," and thus prejudiced, by inconsistent judgments). Here, if the *status quo* is maintained, any ruling by this Court will not be binding on the named insureds, which may, in the event the named insureds seek benefits under the policies, subject Amerisure to further coverage litigation and inconsistent coverage obligations. This fact, *ipso facto*, militates in favor of a global resolution including all parties to the insurance contract. *See Siemens*, 2004 U.S. Dist. Lexis 16153, at *15.

Second, proceeding without the named insureds may impede or imperil their ability to receive any benefits under the policies they procured. Indeed, Plaintiff seeks to exhaust the limits of the Amerisure policies for its unilateral, discretionary use. Such "wholesale" relief cannot be "shaped" or crafted to lessen the detrimental impact on the named insureds. If such relief is awarded, the Amerisure policies will likely be unavailable for any of the named insureds' current or future claims.[7] *See Rite-Aid*, 210 F.3d at 253.

Finally, Plaintiff would have any adequate remedy if the action were dismissed for nonjoinder. Indeed, while Plaintiff admits the absence of any contacts to the state of Louisiana,[8] Florida state or Federal courts offer Plaintiff a viable venue to litigate the matters presently at issue. Resolving the entire controversy in a single court would promote "the public interest in avoiding piecemeal and inefficient litigation," and would avoid complicating and enlarging "what would otherwise be a relatively straightforward contract action . . . ." *See Acton*, 668 F.2d

---

[7] Furthermore, if Beta and Supreme are not included in this lawsuit, they would lose a critical opportunity to argue their interpretation of their policies before this Court.

[8] *See* Complaint ¶¶ 1-17, 20 & 22.

at 81. Therefore, this matter should not be permitted to proceed without the named insureds, and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(7) and 19.

WHEREFORE, Amerisure Insurance Company and Amerisure Insurance Company respectfully requests that this Court: grant their Fed. R. Civ. P. 12(b)(7) Motion to Dismiss the Complaint for failure to include required parties under Fed. R. Civ. P 19; award Amerisure its costs associated with bringing this Motion to Dismiss; and award any and all other relief that this Court deems just and proper.

Respectfully submitted,

Defendants, Amerisure Insurance Company
and Amerisure Mutual Insurance Company

By: _____ /s/ Brian K. Abels _____
One of their attorneys

Brian K. Abels, #24928
Boyer, Hebert & Abels, LLC
133 Aspen Square, Suite F
Denham Springs, Louisiana 70726
Telephone: (225) 664-4335

Donald E. Elder, Illinois ARDC No. 6255889
Anthony N. Balice, Illinois ARDC No. 6271902
Abraham Sandoval, Illinois ARDC No. 6296504
Tressler LLP
22nd Floor
233 South Wacker Drive
Chicago, Illinois   60606-6308
Telephone: (312) 627-4000

Tressler LLP Doc. No. 483440

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing **MEMORANDUM IN SUPPORT OF AMERISURE MUTUAL INSURANCE COMPANY'S AND AMERISURE INSURANCE COMPANY'S MOTION TO DISMISS FOR FAILURE TO JOIN REQUIRED PARTIES** has been served on Plaintiff's Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically loading the same to Lexis Nexis File & Serve in accordance with Pre-trial Order No. 6, and the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 24th day of February, 2010.

10