UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

SEAN AND BETH PAYTON, individually, and
on behalf of all others similarly situated,

      CASE NO.:  2:09-cv-07628-EEF-JCW

      Plaintiffs,

v.

KNAUF GIPS KG; KNAUF PASTERBOARD
(TIANJIN) CO., LTD.; KNAUF
PASTERBOARD (WUHU), CO., LTS.; KNAUF
PLASTERBOARD (DONGGUAN) CO., LTD.;
CDC BUILDERS, INC., *et al.*

      Defendants.

---

# DEFENDANT, CDC BUILDERS, INC.'S ANSWER TO PLAINTIFFS' OMNIBUS CLASS ACTION COMPLAINT

---

COMES NOW, CDC Builders, Inc. ("CDC") and files this, its Answer and affirmative

defenses to Plaintiffs' Omnibus Class Action Complaint and Cross-Claim, and states:

## JURISDICTION, PARTIES AND VENUE

1.    Paragraph 1 is admitted for jurisdictional purposes only.

2.    Paragraph 2 is admitted for jurisdictional purposes only.

3.    Paragraph 3 is admitted for purposes of venue selection only.

## PLAINTIFFS

4.    Those allegations contained in paragraphs 4 through 2072 relate to the specific

identities and property interests of each respective Plaintiff.  The majority of those allegations do

not relate to CDC, and it therefore does not respond.  To the extent that a response from

Defendant, CDC is necessary or appropriate, CDC states that it is without knowledge concerning the veracity of these allegations, and therefore denies them and demands strict proof thereon.

## DEFENDANTS

2073.    Those allegations contained in paragraphs 2073 through 2185 relate to the specific identities and roles of individual defendants.  Those allegations are not directed to CDC, and it therefore does not respond.  To the extent that a response from Defendant, CDC is necessary or appropriate, CDC states that it is without knowledge concerning the veracity of these allegations, and therefore denies them and demands strict proof thereon.

2186.    Admitted only as to the location of its principal place of business.  All other allegations contained with paragraph 2186 are denied and strict proof demanded thereon.

2187.    Those allegations contained in paragraphs 2187 through 2609 relate to the specific identities and roles of individual defendants.  Defendant, CDC is without knowledge concerning the veracity of these allegations, and therefore denies them and demands strict proof thereon.

## FACTS REGARDING PRODUCT DEFECT

2610.    Without knowledge and therefore denied.

2611.    Denied and strict proof demanded thereon.

2612.    Denied and strict proof demanded thereon.

2613.    Denied and strict proof demanded thereon.

2614.    Denied and strict proof demanded thereon.

2615.    Denied and strict proof demanded thereon.

2616.    Denied and strict proof demanded thereon.

2617.    Denied and strict proof demanded thereon.

2618.    Denied and strict proof demanded thereon.

2619.    Denied and strict proof demanded thereon.

2620.    Denied and strict proof demanded thereon.

## CLASS ACTION ALLEGATIONS

2621.    Those allegations contained in paragraphs 2621 through 2625 relate to the specific identities and roles of individual defendants.  Those allegations are not directed to CDC, and it therefore does not respond.  To the extent that a response from Defendant, CDC is necessary or appropriate, CDC states that it is without knowledge concerning the veracity of these allegations, and therefore denies them and demands strict proof thereon.

2626.    To the extent a response is required, denied and strict proof demanded thereon.

2627.    To the extent a response is required, denied and strict proof demanded thereon.

2628.    Those allegations contained in paragraphs 2628 through 2629 relate to the specific identities and roles of individual defendants.  Those allegations are not directed to CDC, and it therefore does not respond.  To the extent that a response from Defendant, CDC is necessary or appropriate, CDC states that it is without knowledge concerning the veracity of these allegations, and therefore denies them and demands strict proof thereon.

### General Class Allegations and Exclusions from Class Definitions

2630.    To the extent a response is required, denied and strict proof demanded thereon.

2631.    Without knowledge and therefore denied.

2632.    Denied and strict proof demanded thereon.

2633.    Denied and strict proof demanded thereon.

Payton *et al* v. Knaupf, *et al*
CASE NO.:  2:09-cv-07628-EEF-JCW
Defendant, CDC Builders Answer and Affirmative Defenses

2634.    Without knowledge and therefore denied.

2635.    Without knowledge and therefore denied.

2636.    Denied and strict proof demanded thereon.

2637.    Denied and strict proof demanded thereon.

2638.    Without knowledge and therefore denied.

2639.    Without knowledge and therefore denied.

## COUNT I
## NEGLIGENCE
### (Against All Defendants)

2640.    Defendant adopts and restates the preceding paragraphs and defenses as if fully

set forth herein.

2641.    Denied and strict proof demanded thereon.

2642.    Denied and strict proof demanded thereon.

2643.    Denied and strict proof demanded thereon.

2644.    Denied and strict proof demanded thereon.

2645.    Denied and strict proof demanded thereon.

2646.    Denied and strict proof demanded thereon.

2647.    Denied and strict proof demanded thereon.

## COUNT II
## NEGLIGENCE PER SE
### (Against All Defendants)

2648.    Defendant adopts and restates the preceding paragraphs and defenses as if fully

set forth herein.

2649.    Denied and strict proof demanded thereon.

2650.    Denied and strict proof demanded thereon.

2651.    Denied and strict proof demanded thereon.

2652.    Denied and strict proof demanded thereon.

2653.    Denied and strict proof demanded thereon.

2654.    Denied and strict proof demanded thereon.

## COUNT III
## STRICT LIABILITY
### (Against All Defendants)

2655.    Defendant adopts and restates the preceding paragraphs and defenses as if fully
set forth herein.

2656.    Denied and strict proof demanded thereon.

2657.    Denied and strict proof demanded thereon.

2658.    Denied and strict proof demanded thereon.

2659.    Denied and strict proof demanded thereon.

2660.    Denied and strict proof demanded thereon.

2661.    Denied and strict proof demanded thereon.

2662.    Denied and strict proof demanded thereon.

2663.    Denied and strict proof demanded thereon.

2664.    Denied and strict proof demanded thereon.

2665.    Denied and strict proof demanded thereon.

2666.    Denied and strict proof demanded thereon.

2667.    Denied and strict proof demanded thereon.

2668.    Denied and strict proof demanded thereon.

2669.     Denied and strict proof demanded thereon.

2670.     Denied and strict proof demanded thereon.

2671.     Denied and strict proof demanded thereon.

2672.     Denied and strict proof demanded thereon.

## COUNT IV
## BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES
### (Against All Defendants)

2673.     Defendant adopts and restates the preceding paragraphs and defenses as if fully

set forth herein.

2674.     Denied and strict proof demanded thereon.

2675.     Denied and strict proof demanded thereon.

2676.     Denied and strict proof demanded thereon.

2677.     Denied and strict proof demanded thereon.

2678.     Denied and strict proof demanded thereon.

2679.     Denied and strict proof demanded thereon.

2680.     Denied and strict proof demanded thereon.

## COUNT V
## BREACH OF THE IMIPLIED WARRANTY OF FITNESS AND MERCHANTABILITY
## PURSUANT TO FLORIDA STATUTES SECTION 718.203
### (On Behalf of Plaintiffs Who Own Condominiums in the State of Florida)
### (Against Builders Only)

2681.     Defendant adopts and restates the preceding paragraphs and defenses as if fully

set forth herein.

2682.     Without knowledge and therefore denied.

2683.     Without knowledge and therefore denied.

2684.    This allegation does not appear to be directed at CDC in that it is not a Developer, as defined by Florida Statute 718.203.  To the extent that this allegation is intended to be directed at CDC, it denies the allegation and demands strict proof thereon.

2685.    This allegation does not appear to be directed at CDC in that it is not a Developer, as defined by Florida Statute 718.203.  To the extent that this allegation is intended to be directed at CDC, it denies the allegation and demands strict proof thereon.

2686.    Without knowledge and therefore denied.

2687.    This allegation does not appear to be directed at CDC in that it is not a Developer, as defined by Florida Statute 718.203.  To the extent that this allegation is intended to be directed at CDC, it denies the allegation and demands strict proof thereon.

2688.    This allegation does not appear to be directed at CDC in that it is not a Developer, as defined by Florida Statute 718.203.  To the extent that this allegation is intended to be directed at CDC, it denies the allegation and demands strict proof thereon.

2689.    This allegation does not appear to be directed at CDC in that it is not a Developer, as defined by Florida Statute 718.203.  To the extent that this allegation is intended to be directed at CDC, it denies the allegation and demands strict proof thereon.

2690.    This allegation does not appear to be directed at CDC in that it is not a Developer, as defined by Florida Statute 718.203.  To the extent that this allegation is intended to be directed at CDC, it denies the allegation and demands strict proof thereon.

2691.    This allegation does not appear to be directed at CDC in that it is not a Developer, as defined by Florida Statute 718.203.  To the extent that this allegation is intended to be directed at CDC, it denies the allegation and demands strict proof thereon.

2692.      This allegation does not appear to be directed at CDC in that it is not a Developer, as defined by Florida Statute 718.203.  To the extent that this allegation is intended to be directed at CDC, it denies the allegation and demands strict proof thereon.

## COUNT VI
## BREACH OF THE IMPLIED WARRANTY OF HABITABILITY
### (Against Builders Only)

2693.      Defendant adopts and restates the preceding paragraphs and defenses as if fully set forth herein.

2694.      This allegation does not appear to be directed at CDC in that it is not a Developer, as defined by Florida Statute 718.203.  To the extent that this allegation is intended to be directed at CDC, it denies the allegation and demands strict proof thereon.

2695.      This allegation does not appear to be directed at CDC in that it is not a Developer, as defined by Florida Statute 718.203.  To the extent that this allegation is intended to be directed at CDC, it denies the allegation and demands strict proof thereon.

2696.      This allegation does not appear to be directed at CDC in that it is not a Developer, as defined by Florida Statute 718.203.  To the extent that this allegation is intended to be directed at CDC, it denies the allegation and demands strict proof thereon.

2697.      This allegation does not appear to be directed at CDC in that it is not a Developer, as defined by Florida Statute 718.203.  To the extent that this allegation is intended to be directed at CDC, it denies the allegation and demands strict proof thereon.

2698.      This allegation does not appear to be directed at CDC in that it is not a Developer, as defined by Florida Statute 718.203.  To the extent that this allegation is intended to be directed at CDC, it denies the allegation and demands strict proof thereon.

2699.      This allegation does not appear to be directed at CDC in that it is not a Developer,

as defined by Florida Statute 718.203.  To the extent that this allegation is intended to be directed

at CDC, it denies the allegation and demands strict proof thereon.

## COUNT VII
## BREACH OF CONTRACT
### (Against Builders Only)

2700.      Defendant adopts and restates the preceding paragraphs and defenses as if fully

set forth herein.

2701.      This allegation does not appear to be directed at CDC in that it is not a Developer,

as defined by Florida Statute 718.203.  To the extent that this allegation is intended to be directed

at CDC, it denies the allegation and demands strict proof thereon.

2702.      This allegation does not appear to be directed at CDC in that it is not a Developer,

as defined by Florida Statute 718.203.  To the extent that this allegation is intended to be directed

at CDC, it denies the allegation and demands strict proof thereon.

2703.      This allegation does not appear to be directed at CDC in that it is not a Developer,

as defined by Florida Statute 718.203.  To the extent that this allegation is intended to be directed

at CDC, it denies the allegation and demands strict proof thereon.

## COUNT VIII
## VIOLATION OF THE LOUISIANA NEW HOME WARRANTY ACT
### (Against Louisiana Builders Only)

2704.      COUNT VIII and paragraphs 2704 through 2710 contained therein does not

appear to be directed at CDC as it is not a Louisiana Builder.  CDC therefore does not respond to

those individual paragraphs or the allegations contained therein.   To the extent that the

allegations merit a response from CDC it denies each and every one of those allegations generally and specifically, and demands strict proof thereon.

## COUNT IX
## REDHIBITION
### (By Louisiana Plaintiffs Against All Defendants)

2711.     Defendant adopts and restates the preceding paragraphs and defenses as if fully set forth herein.

2712.     COUNT IX and paragraphs 2712 through 2720 contained therein, although ostensibly directed to all Defendants, does not appear to be directed at CDC as it has no connection to any homes or Plaintiffs within Louisiana.  CDC therefore does not respond to those individual paragraphs or the allegations contained therein.  To the extent that the allegations merit a response from CDC it denies each and every one of those allegations generally and specifically, and demands strict proof thereon.

## COUNT X
## LOUISIANA PRODUCTS LIABILITY ACT
### (Manufacturing Defendants)
### (Pleaded in the Alternative Against Distributor Defendants)

2721.     COUNT X and paragraphs 2721 through 2734 contained therein does not appear to be directed at CDC.  CDC therefore does not respond to those individual paragraphs or the allegations contained therein.  To the extent that the allegations merit a response from CDC it denies each and every one of those allegations generally and specifically, and demands strict proof thereon.

## COUNT XI
## PRIVATE NUISANCE
### (All Defendants)

2735.    Defendant adopts and restates the preceding paragraphs and defenses as if fully set forth herein.

2736.    Denied and strict proof demanded thereon.

2737.    Denied and strict proof demanded thereon.

2738.    Denied and strict proof demanded thereon.

2739.    Denied and strict proof demanded thereon.

2740.    Denied and strict proof demanded thereon.

2741.    Denied and strict proof demanded thereon.

## COUNT XII
## NEGLIGENT DISCHARGE OF A CORROSIVE SUBSTANCE
### (All Defendants)

2742.    Defendant adopts and restates the preceding paragraphs and defenses as if fully set forth herein.

2743.    Denied and strict proof demanded thereon.

2744.    Denied and strict proof demanded thereon.

2745.    Denied and strict proof demanded thereon.

2746.    Denied and strict proof demanded thereon.

2747.    Denied and strict proof demanded thereon.

2748.    Denied and strict proof demanded thereon.

## COUNT XIII
## UNJUST ENRICHMENT
### (All Defendants)

2749.    Defendant adopts and restates the preceding paragraphs and defenses as if fully set forth herein.

2750.    Denied and strict proof demanded thereon.

2751.    Denied and strict proof demanded thereon.

2752.    Denied and strict proof demanded thereon.

## COUNT XIV
## VIOLATION OF CONSUMER PROTECTION ACTS
### (All Defendants)

2753.    Defendant adopts and restates the preceding paragraphs and defenses as if fully

set forth herein.

2754.    Admitted as to what the Florida action purports to be, denied as to all other

allegations as well as the propriety of the action and the veracity of the allegations contained

therein.

2755.    Denied and strict proof demanded thereon.

2756.    Denied and strict proof demanded thereon.

2757.    Denied and strict proof demanded thereon.

## COUNT XV
## EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING
### (All Defendants)

2758.    Defendant adopts and restates the preceding paragraphs and defenses as if fully

set forth herein.

2759.    Denied and strict proof demanded thereon.

2760.    Denied and strict proof demanded thereon.

2761.    This allegation does not appear to require a response.  However, to the extent one

is required, CDC denies said allegation in whole and in part, generally and specifically and

demands strict proof thereon.

2762.     This allegation does not appear to require a response.  However, to the extent one is required, CDC denies said allegation in whole and in part, generally and specifically and demands strict proof thereon.

2763.     Without knowledge and therefore denied.

2764.     Without knowledge and therefore denied.

2765.     Denied and strict proof demanded thereon.

2766.     Without knowledge and therefore denied.

2767.     Without knowledge and therefore denied.

2768.     Without knowledge and therefore denied.

2769.     Without knowledge and therefore denied.

2770.     Without knowledge and therefore denied.

Any paragraph, allegation, or implication contained in Plaintiff's complaint, not expressly admitted or addressed herein is denied, and defendant demands strict proof thereon.

## AFFIRMATIVE DEFENSES

1.     As and for its First Affirmative Defense, CDC states that Plaintiffs' claims are barred in whole or in part based upon their failure to mitigate their damages.

2.     As and for its Second Affirmative Defense, CDC states that to the extent that any damages claimed by Plaintiffs were caused by the negligence of unrelated third parties who are not currently joined in this lawsuit, and otherwise currently unknown, but who will be identified during discovery; CDC is entitled to have those, as of now, unidentified third parties listed on the verdict form, so that fault may be appropriately apportioned.

Payton *et al* v. Knaupf, *et al*
CASE NO.: 2:09-cv-07628-EEF-JCW
Defendant, CDC Builders Answer and Affirmative Defenses

3.     As and for its Third Affirmative Defense, CDC claims that Plaintiffs are barred from pursuing their claims at this time based upon their failure to comply with Florida Statutes, Chapter 558.

4.     CDC reserves the right to amend this Answer and add additional Affirmative Defenses to the extent the grounds for those defenses become known through discovery.

## RESERVATION OF RIGHT TO AMEND TO ADD CROSSCLAIMS AND OR THIRD PARTY CLAIMS

CDC reserves the right to amend this Answer to assert Cross-Claims and or Third Party claims against other Parties as said claims ripen and or become necessary.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via U.S. Mail this _____ day of February, 2010 to all those on the attached services list.

SIEGFRIED, RIVERA, LERNER,
DE LA TORRE & SOBEL, P.A.
Attorneys for Plaintiff
8211 West Broward Blvd., Suite 250
Plantation, Florida 33324
Telephone: (954) 781-1134
Facsimile:   (954) 465-2590
Email: mkurzman@siegfriedlaw.com


By:/s/ B. Michael Clark, Jr.
Michael J. Kurzman, Esq.
Florida Bar Number: 814342
B. Michael Clark, Jr., Esq.
Florida Bar Number: 31797