### In Re: Chinese Drywall October 16, 2009 — Page 99

1. Causation is alleged on Paragraph 189
2. through 90 and damages are alleged specifically
3. in 189 through 90.
4. The negligence claim short and simple
5. statement of the facts. You have seen the
6. negligence counts in the rulebook which is
7. basically the defendant was negligent and the
8. Supreme Court says that is enough.
9. However, we allege the duties on Paragraph
10. 192 in great detail and the breaches of those
11. duties in great details. We also allege
12. causation and damages which are the elements of
13. negligence.
14. The claim that the economic loss doctrine
15. bars the claim is not really a basis for a
16. motion to dismiss. A motion to dismiss only
17. looks at the four corners of the complaint to
18. determine whether a cause of action has been
19. properly pled.
20. They are claiming they are barred
21. substantively under the economic loss doctrine.
22. While we disagree with it because even under --
23. even if it were a contract claim, you are
24. entitled to recover damages for other property
25. under that copycat case, that landmark Supreme

### In Re: Chinese Drywall October 16, 2009 — Page 100

1. Court case, but in this particular case where
2. there is no privity, we are entitled to our
3. full tort damages and that has become clear
4. since 2004 by -- and thereafter there are
5. numerous Supreme Court cases.
6. Unjust enrichment, Your Honor, we are
7. happy to withdraw it because we don't rely on
8. it. So we will withdraw the unjust enrichment
9. count.
10. As to injunctive relief, Mr. Schwartz is
11. at a disadvantage. I handled the Petitor case
12. which is the landmark case that created medical
13. monitoring in the State of Florida. So I know
14. it like the back of my hand because I argued it
15. at the trial court level and argued it at the
16. appellate court level and I wrote the brief on
17. it.
18. You cannot allege a personal injury as a
19. matter of law in order to qualify for medical
20. monitoring. You have to have no injury because
21. if you have an injury, if you sustained an
22. injury by definition you're not entitled to
23. medical monitoring. It's injunctive relief.
24. So there cannot be any adequate remedy of
25. law. If you have an injury, you have an

### In Re: Chinese Drywall October 16, 2009 — Page 101

1. adequate remedy of law.
2. What medical monitoring states under the
3. Petito decision, which is a Third District
4. Court of Appeals case, is that if the risk of
5. injury is present, even though not even yet
6. manifested, the defendant that has caused that
7. risk or substantially contributed to that risk
8. is responsible to monitor the plaintiff, to
9. mitigate future injury or to diagnose early
10. injury that has not yet been diagnosed.
11. So if you already have an injury, if you
12. are already are infirmed, you do not qualify
13. for medical monitoring. So it is necessarily
14. exclusive. We could not allege what they
15. suggested to the Court now and have a medical
16. monitoring claim.
17. Being extremely familiar with the elements
18. required under Petito, we have alleged those
19. elements in Paragraphs 206, 208, 209, 210 as
20. well as specifically setting forth the remedies
21. requested under Paragraph 207 and 208.
22. The landmark case, of course, is Petito,
23. 750 So2d 103 and we have tracked those elements
24. to a great detail.
25. So accordingly, Your Honor, we have stated

### In Re: Chinese Drywall October 16, 2009 — Page 102

1. a cause of action. Our pleadings looking at
2. the four corners of them state a valid cause of
3. action and we request that the Court deny both
4. motions and we thank the Court for its time.
5. THE COURT: Mr. Schwartz, you have the
6. last word. Anything else?
7. MR. SCHWARTZ: I'm satisfied with our
8. record.
9. THE COURT: Thank you all very much. I
10. will reserve on that and I will get back to you.
11. Thank you.
12. Anything else before the Court at this
13. time? Anyone need to be here at 1:45 this
14. afternoon? I see no hands.
15. Thank you all very much. Have a good day.
16. MR. DIAZ: Thank you, Your Honor.
17. MR. FITZSIMMONS: Thank you, Your Honor.
18. (Thereupon, at 12:00 p.m. the hearing was
19. concluded.)


EXHIBIT "A"

www.mydepos.com   Taylor, Jonovic, White, Gendron & Kircher-Echarte   305-358-9047
www.myreporters.com   Florida Realtime Reporting   Fax 305-371-3460

27 (Pages 99 to 102)