UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THE STATE OF LOUISIANA, *ex rel.* JAMES D. ("BUDDY") CALDWELL, the Attorney General of Louisiana  Plaintiff, | * | CIVIL ACTION |
| | * | NO. 10-340 |
| | * | SECTION L; MAG. 2 |
| VERSUS | * | JUDGE FALLON |
| KNAUF GIPS KG, ET AL.,  Defendants. | * | MAGISTRATE JUDGE WILKINSON |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MAYEAUX CONSTRUCTION, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

MAY IT PLEASE THE COURT:

Defendant Mayeaux Construction, Inc. ("Mayeaux") respectively submits this Memorandum in support of its Motion to Dismiss (the "Motion"). Mayeaux is entitled to an order dismissing the Petition filed by Plaintiff, the State of Louisiana (the "State"), because the claims asserted therein against Mayeaux relate to construction or improvement of or installation of drywall in state and local government buildings in the State of Louisiana, which Mayeaux has not done.

**I.**

**INTRODUCTION**

On January 13, 2010, the State filed the instant action in Civil District Court for the Parish of Orleans for claims relating to Chinese drywall. Mayeaux, a builder of quality homes in

Louisiana, was named in that action.  The State has alleged various damages stemming from the alleged installation of Chinese drywall in local and state government buildings.[1]  For example, the State claimed:

> 192.   The State itemizes its Proprietary Claims as follows:
>
>    a.   All expenses incurred and to be incurred by the State in connection with the inspection and testing of **State buildings** to determine the presence or absence of Defendants' drywall.
>
> * * *
>
> 196.   Under its *parens patriae* authority, the State seeks . . .:
>
>    a.   All expenses incurred and to be incurred by a Local Subdivision in connection with the inspection and testing of the Local Subdivision's buildings to determine the presence or absence of Defendants' drywall[1]

Mayeaux has *never* installed drywall in any such government building.  Further, Mayeaux has *never* supervised or otherwise participated in the installation of drywall in a state or local government building.[2]

Accordingly, Mayeaux respectfully requests that this Court dismiss the State's claims against it for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) because:

---

[1] *See* Petition at Paragraphs 192 and 196.  (Emphasis added).

[2] *See id.*

- This Court has authority under Rule 12(b)(6) to dismiss claims when it appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief;

- As alleged, the State's claims against builders such as Mayeaux require some form of participation in the installation of drywall in either state or local government buildings;

- Mayeaux has engaged in no such activity;

- Mayeaux has never installed drywall in a state or local government building in the State of Louisiana; and

- Mayeaux has never supervised or in any other way participated in the installation of drywall in a state or local government building in the State of Louisiana.

Therefore, any claim relating to Chinese drywall in a state or local government building in Louisiana should be dismissed, with prejudice.[3]

## II.

## ARGUMENT

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a pleading that fails to state a claim upon which relief may be granted.[4] A court may dismiss a claim, under Rule 12(b)(6), when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"[5]

---

[3] To the extent that the State's Complaint includes additional claims against Mayeaux, Mayeaux requests an indefinite extension of time to respond to such complaints as they appear identical to and duplicative of claims previously asserted by homeowners against Mayeaux in the class action pending before this Court styled: *Payton v. Knauf Gips KG, et al.*, Case No. 2:09-cv-07628. Mayeaux asks that this Court indefinitely extend the date to file such responsive pleadings in this matter as it has in another Chinese Drywall MDL matter, namely *Vickers v. Knauf GIPS KG*, No. 2:09-cv-04117.

[4] Fed. R. Civ. P. 12(b)(6).

[5] *Ware v. Associated Milk Producers, Inc.*, 614 F.2d 413, 415 (5th Cir. 1980) (per curiam) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

As described above, the State can prove *no* set of facts in support of its claim for damages relating to Chinese drywall in government buildings. Mayeaux has *never* installed drywall in a state or local government building in the State of Louisiana.[6] Furthermore, Mayeaux has *never* supervised or in any other way participated in the installation of drywall in a state or local government building in the State of Louisiana.[7]

### III.

### CONCLUSION

For the reasons more fully asserted above, Mayeaux is entitled to a dismissal of the State's claims against it under Rule 12(b)(6).

This 24th Day of February, 2010.

       RESPECTFULLY SUBMITTED:
       SHARON B. KYLE, A.P.L.C.


       SHARON B. KYLE (La Bar Roll # 25437) sk@kylelaw.net
       NANCY A. RICHEAUX (La Bar Roll # 29397) nr@kylelaw.net
       STEVEN K. SCHILLING (La Bar Roll # 27635) ss@kylelaw.net
       4960 Bluebonnet Blvd., Ste. A
       Baton Rouge, Louisiana 70809
       Telephone: 225/293-8400
       Facsimile: 225/291-9501

       Attorneys for Mayeaux Construction, Inc.

---

[6] *See* Attached Declaration of Phillip G. Mayeaux, at Paragraphs 4 and 5.

[7] *See id.*

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice electronic filing in accordance with the procedures established in MDL 2047, on this 24th day of February, 2010.

                                                      STEVEN K. SCHILLING