# EXHIBIT "1"

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 <br> SECTION: L <br><br> JUDGE FALLON |
| THIS DOCUMENT APPLIES TO: | MAG. JUDGE WILKINSON |
| *Germano, et al v. Taishan Gypsum Co. Ltd., et al; Docket No. 09-06687* | |

## AFFIDAVIT OF J.C. TUTHILL

STATE OF LOUISIANA

PARISH OF ORLEANS

    BEFORE ME, the undersigned authority, personally came and appeared

### J.C. TUTHILL

who after being duly sworn did depose and state that:

1. Affiant has personal knowledge of the facts set forth herein;

2. I am a forensic CPA engaged as an expert for Plaintiffs-Intervenors in the above proceedings. In connection with my engagement I prepared Expert Reports (an original and three supplemental) summarizing the damages incurred by Plaintiffs-Intervenors. My Revised Supplemental Expert Report (final report) and exhibits were admitted into evidence as P3.0622-0001-0015. Exhibits P3.0622-0001- 0015 have a Supplemental Exhibit for each Plaintiff-Intervenor summarizing the economic damages each

1

sustained;

3. In the calculations set forth in my final report, I included a "Cost of Remediation" based upon construction costs "[p]er report of Ronald E. Wright and average of VB Homes and Virtexco Corporation;"

4. The "Cost of Remediation" in my final report did not include estimates for new cabinets (Alternative 4) and new hardwood floors (Alternative 5) as Plaintiffs-Intervenors' counsel instructed me to ignore Alternatives 1-5 from Mr. Wright's report in my calculations;

5. I have been advised that Mr. Wright testified as the last witness at the default hearing and expressed the expert opinion that remediation must include removing and replacing cabinets and hardwood floors. See Pl.2059-0001 and Pl.2060-0001. (I have further been advised that this testimony was identical to the testimony of the Beazer Homes witnesses, Ray Phillips and Jerry Smith);

6. Since completion of the testimony at the default hearing held on February 19 and 22, 2010, I have been requested to include in the "Cost of Remediation" the cost of removal and replacement of the cabinets and hardwood floors, where applicable, as per the trial testimony of Ronald E. Wright, Ray Phillips and Jerry Smith, and Exhibits Pl.2059-0001 and Pl.2060-0001. These charges are now reflected in the Supplemental Damage Exhibits (Revised for Trial Testimony) I prepared on behalf of each Plaintiff-Intervenor and are attached hereto en globo as Exhibit A;

7. Additionally, as described in my trial testimony which was admitted into

evidence in the form of a perpetuation deposition, P3.0632-0001, and in the Supplemental Damage Exhibits (Revised for Trial Testimony) attached hereto as Exhibit A, I included the line item under "Repair Costs" for "Home Environmental Inspection Post Remediation" in the "Amount to be Incurred Post Trial" column as opposed to the "Amount to be Incurred Prior to Trial" column in order to more accurately reflect the time period when those costs will be incurred;

8. And lastly, I have been requested to calculate damages for a six (6) month period of remediation in order to conform my damage calculations to the trial testimony of the Beazer Homes witness Ray Phillips and to that of expert Ronald E. Wright. Accordingly, I have added into my calculations the post trial monthly amount estimated to be incurred by each Plaintiff-Intervenor for the six (6) month period I have been advised it will take for remediation to be completed. This amount is reflected in the "Grand Total Including 6 months of Recurring Monthly Expenses (March 2010 - August 2010) on Exhibit A. This Grand Total for each Plaintiff-Intervenor is a total of all economic damages incurred by each Plaintiff-Intervenor, including amounts incurred prior to trial, amounts to be incurred post trial and six (6) months of recurring posttrial monthly expenses. (Should the remediation not immediately begin or take longer than 6 months, additional amounts for recurring monthly expenses would be due);

9. In all other respects, Exhibit A is identical to P3.0622-0001-0015. All changes have been highlighted for easy recognition;

10. Affiant requests that the Supplemental Damage Exhibits (Revised for Trial Testimony) attached as Exhibit A be substituted for the Summary Damage Exhibits which have previously been entered into evidence (P3.0622-0001-0015), as they conform to the trial testimony and more accurately reflect the economic damages incurred and to be incurred by Plaintiffs-Intervenors;

11. Exhibit A has been given trial exhibit numbers P3.0637-0001-0014.

12. Further affiant sayeth not.

_J.C. Tuthill_
J.C. TUTHILL

SWORN AND SUBSCRIBED
BEFORE ME, THIS 24th DAY OF February, 2010

_____
NOTARY PUBLIC
LA Bar Roll Number
My commission expires at death

Michael J. Ecuyer
NOTARY PUBLIC
State of Louisiana
LA. Bar No. 23050
commission is issued for life.

4