**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

SEAN AND BETH PAYTON, <u>etc.</u>, <u>et al.</u>,

      Plaintiffs,

v.                                 **Case No.: 09-7628** (Sect. L Mag. 2)

KNAUF GIPS KG; <u>et al</u>.

      Defendants.

_____/

### <u>DEFENDANT, G.L.B. AND ASSOCIATES D/B/A BALLI CONSTRUCTION'S MEMORANDUM IN SUPPORT OF VERIFIED MOTION TO ENFORCE SETTLEMENT AGREEMENT, AND FOR AN AWARD OF ATTORNEY'S FEES</u>

Defendant, **G.L.B. AND ASSOCIATES D/B/A BALLI CONSTRUCTION** (Defendant's Subclass # 173), hereby gives notice that it has amicably resolved and settled all claims asserted in this action against it by Plaintiffs, **JOSE HERNANDEZ and CONCEPCION HERNANDEZ**, and submits this memorandum in support of its verified motion seeking to enforce the settlement agreement between the parties, thereby dismissing Defendant from this litigation with prejudice, and for an award of attorney's fees, and states as follows:  (A true copy of the Declaration of Giorgio Balli is attached hereto as Exhibit A.)

1

1.      On May 9, 2009, Plaintiffs, JOSE HERNANDEZ and CONCEPCION HERNANDEZ, sued Defendant, G.L.B. AND ASSOCIATES D/B/A BALLI CONSTRUCTION, and others in Miami Dade County Circuit Court Case No.: 09-41648 (the "State Case").   On or about December 9, 2009, in connection with a voluntary mediation conducted in the State Case, Plaintiffs, JOSE HERNANDEZ and CONCEPCION HERNANDEZ, and Defendant, G.L.B. AND ASSOCIATES D/B/A BALLI CONSTRUCTION, amicably resolved and settled all claims between them arising out of the presence of defective allegedly defective drywall at Plaintiffs' residence located at 6250 S.W. 79th Street, Miami, FL (the "Residence").   A true copy of the parties' Settlement Agreement is attached hereto as Exhibit B.   Therein, at ¶ 2(b), Plaintiffs released this Defendant from the claims now being asserted by Plaintiffs in this action.     At ¶ 3(b) of the Settlement Agreement, Plaintiffs covenanted not to sue this Defendant "on account of any damage, loss or injury either to person or property, or both, . . . arising out of or related to their purchase of, ownership of, occupancy of, repair of, or resale of the Residence."   Finally, at ¶ 9 of the Settlement Agreement, Plaintiffs stipulated to dismiss their claims against this Defendant, with prejudice, which they subsequently did via entry of a stipulated court order entered in the State Case.   A true copy of the state court action order dismissing this Defendant, with prejudice, is attached hereto as Exhibit C.

2.      On February 5, 2010, this Defendant was served with a summons and a copy of the Complaint in this action.   Defendant, G.L.B. AND ASSOCIATES D/B/A BALLI CONSTRUCTION, has only been sued in this action by Plaintiffs, JOSE HERNANDEZ and CONCEPCION HERNANDEZ.   *See* Plaintiffs' Complaint Schedule "3," page 23 of 67.

3.      Based on the terms of the Settlement Agreement, Defendant is entitled to entry of an order enforcing the Settlement Agreement against Plaintiffs, JOSE HERNANDEZ and

CONCEPCION HERNANDEZ via entry of an order dismissing said Plaintiffs' action against this Defendant, with prejudice.  In addition, pursuant to ¶ 10, this Defendant is entitled to an award of attorney's fees incurred to enforce the Settlement Agreement as requested herein.

A settlement agreement is a contract.  *See White Farm Equipment Co. v. Kupcho*, 792 F.2d 526, 529 (5th Cir.1986).  "A party to a settlement agreement may move to enforce the agreement when the other party reneges. The court may grant such a motion if it finds, after an evidentiary hearing concerning any disputed issues of the validity and scope of the agreement, that an agreement was reached. [Citations omitted.]"  *See Nelson v. Chet Morrison Diving, L.L.C.*, 2007 WL 442220 (E.D.La., 2007).

**WHEREFORE**, Defendant, G.L.B. AND ASSOCIATES D/B/A BALLI CONSTRUCTION, requests entry of an order enforcing its Settlement Agreement against Plaintiffs, JOSE HERNANDEZ and CONCEPCION HERNANDEZ via entry of an order dismissing said Plaintiffs' action against this Defendant, with prejudice, for an award of attorney's fees, and such other relief as is just  and proper.

Respectfully Submitted,

*/s/ Stephen J. Kolski, Jr.*
**STEPHEN J. KOLSKI, JR.**
(Fla. Bar No.: 856673)
Email: stevekolski@catlin-saxon.com
**Catlin Saxon Fink & Kolski, LLP**
2600 Douglas Road, Suite 1109
Coral Gables, Florida 33134
Telephone:  (305) 371-9575
Facsimile:  (305) 371-8011

*/s/ Jason Waguespack*
**JASON WAGUESPACK**
Email: jwaguespack@gtbs.com
Galloway, Johnson, Tompkins Burr and Smith
One Shell Square
701 Poydras St., 40th Floor
New Orleans, Louisiana 70139
Telephone: (504) 525-6802
Fax: (504) 525-2456

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Memorandum in Support of Verified Motion to Enforce Settlement Agreement, and for an Award of Attorney's Fees has been served on Plaintiffs' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 25th day of February, 2010.

*/s/ Jason Waguespack*
**JASON WAGUESPACK**