*Execution Copy – December 9, 2009*

the institution or prosecution of any claim, demand, action, cause of action, creditor's claim or proceeding supplementary for damages, costs, loss of use, repair expenses, or compensation against Patricia Kern, or any employer or principal who employed or engaged her in connection with Plaintiffs acquisition of the Residence, for or on account of any damage, loss or injury either to person or property, or both, whether developed or undeveloped, resulting or to result, known or unknown, past, present or future, arising out of or related to their acquisition of, ownership of, occupancy of, repair of, or resale of the Residence.

      g.    **In favor of One Sotheby's.** Plaintiffs, individually and collectively, and on behalf of their minor children, their unborn children, and their heirs, successors, successors in interest, and assigns, hereby covenant not to sue and shall never institute any action or suit at law or in equity against One Sotheby's, its, officers, managers, members, agents and employees, nor institute, prosecute or in any way aid in the institution or prosecution of any claim, demand, action, cause of action, creditor's claim or proceeding supplementary for damages, costs, loss of use, repair expenses, or compensation against One Sotheby's, its officers, managers, members, agents, and employees for or on account of any damage, loss or injury either to person or property, or both, whether developed or undeveloped, resulting or to result, known or unknown, past, present or future, arising out of or related to their purchase of, ownership of, occupancy of, repair of, or resale of the Residence.

    4.    **Unknown Facts.** All parties hereto acknowledge that the facts on which this Agreement is based, or which motivated the parties to enter into this Agreement, may hereafter prove to be different from the facts now known by such party or believed

16

*Execution Copy – December 9, 2009*

by such party to be true, and that facts not known now may be later discovered. Nonetheless, each party agrees that all of the terms of this Agreement shall be in all respects effective and that no mistake of such facts (whether mutual or unilateral), and no later discovery of facts not now known, will justify rescission of this Agreement, or the releases and covenants not to sue provided herein.

5. **No admission of fault or liability.** By entering this agreement, no party is making any admission of fault, liability or the existence or non-existence of insurance coverage in connection with the claims asserted to date by Plaintiffs.

6. **Indemnification.** Plaintiffs, individually and collectively, agree to indemnify, hold harmless and defend Settling Defendants from any and all liens, claims, suits, demands and/or causes of action ("Claims") made by or asserted by any Third Party Claimant provided such Claims are based on subrogation to either Plaintiffs', or both Plaintiffs', rights or claims arising out of or relating to such Third Party's payments or other settlement benefits paid to and received by either Plaintiff or both Plaintiffs, due to the presence of allegedly defective drywall in the Residence. A "Third Party Claimant" for purposes of this Section 6 means any person or entity other than: (a) a party to this Agreement, (b) Sunshine Drywall, Inc., (c) Enrique Martinez, (d) Patricia Kern or her employer or principal or (e) any successor or assign to anyone identified in (a) through (d) immediately above including, without limitation, any insurance carrier who has acquired rights through subrogation or otherwise. The scope of the indemnity shall include attorney's fees and costs incurred to defend such claims and actions at the trial and appellate levels.

17



*Execution Copy – December 9, 2009*

7. **Plaintiffs' warranties.**

   A. Settling Plaintiff hereby warrant to all of the other parties to this Agreement that they have not sold or assigned any of their claims asserted in the above-styled lawsuit to any third party.

   B. Plaintiffs hereby warrant to all of the other parties to this Agreement that their minor children's claims have not been sold or assigned to any third party.

   C. Plaintiffs will not sell the Residence to any third party buyer without disclosing that there is or was defective Drywall in the Residence to any purchaser(s), and obtaining a written general release from the purchaser(s) in favor of Settling Defendants and Colony Insurance for any claim arising out of or related to the fact there is or was allegedly defective drywall installed at the Residence as of the Effective Date.

8. **Federal Court Declaratory Judgment Action.** Colony Insurance shall forthwith dismiss the Federal Court Declaratory Judgment Action, with prejudice.

9. **Stipulation for dismissal of Settling Defendants, with prejudice.** Upon timely receipt of clear funds representing the Total Settlement Payment into counsel for Plaintiff's Trust Account as specifically provided by paragraphs 1(a), 1(b) and 1(c), above, the parties hereto stipulate to entry of an agreed final order dismissing Plaintiff's claims against Defendants, 6250 LLC, GLB & Associates, Giorgio Balli, Adella Balli and One Sotheby's, with prejudice. Counsel for Plaintiffs shall file the appropriate motion with the Court to obtain the contemplated order forthwith after all conditions precedent to such action have been met.

18



*Execution Copy – December 9, 2009*

10. **Attorney's fees.** Each party shall bear its own costs and fees in the above-styled action, and in the Federal Court Declaratory Judgment Action, through and including compliance with paragraphs 9 and 10, above. The prevailing party in any motion or action arising out of or related to this Agreement, shall be entitled to recover their reasonable attorney's fees from the non-prevailing party.

11. **Modification.** The parties signing below acknowledge that this Agreement may not be modified except in a writing signed by the party to be charged with the modification.

12. **Severability.** The provisions of this Agreement are severable. In the event that any paragraph or language in this Agreement shall be ordered or decreed to be unenforceable, it is the intent of the parties that the remaining paragraphs and provisions nevertheless be given full force and effect.

13. **Rule of construction.** All parties have reviewed and participated in the drafting of this Agreement. Accordingly, no paragraph or provision of this Agreement shall be construed against any party as drafter.

14. **Choice of law.** This Agreement shall be governed and construed in accordance with Florida law, without regard to its conflict of law principles.

15. **Counterparts.** This Agreement may be executed in several counterparts, each of which shall be deemed an original, but all which together shall constitute one and the same instrument.

16. **Terms of settlement confidential.** The terms of this Agreement shall remain confidential between the parties, and, as applicable, their members, managers,

*Execution Copy – December 9, 2009*

shareholders, directors, officers, employees, tax advisors and attorneys. Notwithstanding the foregoing:

    A.    In the event any party signing below defaults under this Agreement, a non-defaulting party may file this Agreement, in whole or in relevant part, with the Court for purposes of enforcing such party's rights hereunder.

    B.    The parties signing below may disclose to a third party that the case was "amicably resolved pursuant to a confidential settlement agreement."

    C.    The parties signing below may disclose the existence of or discuss the contents of the Agreement pursuant to any lawful subpoena after providing ten days notice to all other parties, care of their attorneys signing below, so that the parties receiving such may object or move for protective Order, or if compelled to do so by the Court.

    D.    Settling Defendants may disclose the terms of this Agreement in any pre-suit demands, or file same with the Court or offer it into evidence at trial in connection with any litigation against any insurance company in connection with any claim or action seeking to recover costs and attorney's fees incurred to defend this action, or in connection with any action seeking to recover amounts paid by such party to Plaintiffs to settle the claims resolved by this Agreement.

    E.    GLB & Associates, Giorgio Balli and Adella Balli may disclose the terms of this Agreement in any pre-suit demands, or file same with the Court or offer it into evidence at trial, in connection with any claim or litigation against Co-Defendant, Sunshine Drywall, Inc., and non-party, Enrique Martinez, to recover sums spent to defend the above-styled litigation, or in connection with any action

20



*Execution Copy – December 9, 2009*

seeking to recover amounts paid by such party to Plaintiffs to settle the claims resolved by this Agreement.

17. **Binding, Authorized, Voluntary, and Knowing Agreement.** Each Party hereto represents and warrants that this Agreement constitutes such Party's legal, valid and binding obligation, enforceable against such Party, and its members, officers, directors, employees, agents, heirs, successors, assigns and beneficiaries, in accordance with its terms. Each of the undersigned who executes this Agreement on behalf of an entity represents and warrants that such undersigned is fully authorized to so act on that entity's behalf. Each Party acknowledges that it enters into this Agreement voluntarily, following consultation with such party's legal counsel. Each Party represents and warrants that no other releases or settlements are necessary from any other person or entity to release and discharge completely the other Parties from the claims specified herein.

18. **Waiver of Breach.** No breach of any provision hereof can be waived except in writing by the Party against whom enforcement of the waiver is sought. Waiver of one breach of any provision hereof shall not be deemed to be a waiver of any other breach of the same or any other provision hereof. Failure on the part of any Party hereto to complain of any act or failure to act of any other Party or to declare any other Party in default hereunder, irrespective of how long such failure continues, shall not constitute a waiver of the right of such Party hereunder. The failure of a Party at any time or times to require performance of or enforce any provision of this Agreement shall in no manner affect such Party's right at a later time to enforce the same or any other provision of this Agreement, and no purported waiver by a Party of any condition of, or



*Execution Copy – December 9, 2009*

any breach of any provision contained in, this Agreement shall be effective unless embodied in a writing signed by an authorized representative of such Party.

19.     **Representation.**  The Parties represent, acknowledge and warrant that they have been represented in negotiations for, and in the preparation of, this Agreement by counsel of their choosing.  The Parties represent and warrant that each has read this Agreement or has had it read or explained by counsel, that each understands and is fully aware of its contents and legal effect, that it is voluntarily entering into this Agreement after consultation with counsel.

READ AND AGREED:

_____
**Jose G. Hernandez**, individually
and on behalf of his minor and
any unborn children

6250 SW 79th Street, LLC

By: _____
Giorgio Balli,
as Managing Member

_____
**Concepcion Hernandez**, individually
and on behalf of his minor and
any unborn children

G.L.B. & Associates, Inc.

By: _____
Giorgio Balli, as President

_____
**Giorgio Balli**, individually and d/b/a Balli Construction

22

*Execution Copy – December 9, 2009*

any breach of any provision contained in, this Agreement shall be effective unless embodied in a writing signed by an authorized representative of such Party.

19. **Representation.** The Parties represent, acknowledge and warrant that they have been represented in negotiations for, and in the preparation of, this Agreement by counsel of their choosing. The Parties represent and warrant that each has read this Agreement or has had it read or explained by counsel, that each understands and is fully aware of its contents and legal effect, that it is voluntarily entering into this Agreement after consultation with counsel.

**READ AND AGREED:**

_____
**Jose G. Hernandez**, individually
and on behalf of his minor and
any unborn children

**6250 SW 79th Street, LLC**

By: _____
Giorgio Balli,
as Managing Member

_____
**Concepcion Hernandez**, individually
and on behalf of his minor and
any unborn children

**G.L.B. & Associates, Inc.**

By: _____
Giorgio Balli, as President

_____
**Giorgio Balli, individually and d/b/a Balli Construction**

22