THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SEAN AND BETH PAYTON, et al | * | Civil Action No. 09-7628 |
| Plaintiffs | * | |
| | * | Judge Eldon E. Fallon |
| V. | * | |
| | * | Magistrate Judge Joseph C. Wilkerson, Jr. |
| KNAUF GIPS KG, et al | * | |
| | * | Section L |
| Defendants | * | |

## SUN CONSTRUCTION LLC'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND TO STAY THE PROCEEDINGS PENDING ARBITRATION

**MAY IT PLEASE THE COURT:**

The Plaintiffs identified on Exhibit 1, attached hereto and made a part hereof, filed suit naming Sun Construction, LLC as a Defendant, describing Sun Construction as the builder of the homes purchased by the Plaintiffs. Each of the Plaintiffs alleges that Sun Construction as the builder of their home breached the warranties owed to the Plaintiffs in the construction of their homes.

### Background

The facts are not in dispute. All Plaintiffs signed a purchase agreement for the home they purchased from Sun Construction. The date of their purchase agreements as well as their addresses is included on Exhibit 1. Those purchase agreements provided for mandatory binding arbitration for any and all claims arising out of the sale of the homes. (Exhibits 2.1 - 2.29) At the Act of Sale for each home, the Plaintiffs signed the Bonded Builders Home Warranty application (Exhibits 3.1 - 3.29). A sample of the Bonded Builders Warranty Group warranty was provided

to each of the Plaintiffs (Exhibit 4). A binding agreement to arbitrate is contained in the General Warranty Provisions of the Bonded Builders Warranty Group warranty.

For the sake of organization, the Plaintiffs can be segregated into 3 factual groups. The first group are Louisiana residents with one page Bonded Builders home warranty applications (Exhibits 3.6, 3.7, 3.8, 3.10, 3.11, 3.16, 3.17, 3.18, 3.21, 3.24 and 3.25). The second group are Louisiana residents with two page Bonded Builders home warranty applications (Exhibits 3.1 - 3.5, 3.9, 3.12 - 3.15, 3.19, 3.20, 3.22, 3.23 and 3.26). And the third group are Mississippi residents with two page Bonded Builders home warranty applications (Exhibits 3.27 - 3.29). The affidavit of Natalie Culpeper, Director of Operations of Sun Construction, LLC, attached hereto as Exhibit 5, attests to the authenticity of the above referenced Exhibits.

## Law and Argument

Sun Construction, and the Plaintiffs entered into Purchase Contracts. (Exhibits 2.1 - 2.29). Pursuant to these Purchase Contracts, the parties bound themselves to arbitrate any controversy or claim arising out of the purchase of the new home which is the subject of that contract. The Purchase Contracts specifically provide:

> If any dispute or difference shall arise between Buyer and Seller with respect to any matter or thing arising out of, or in any way relating to this Contract, such difference or dispute shall, immediately after it has arisen, be referred for final binding determination to Maps Professional Systems, Inc. a recognized expert. . . . The decision of the expert shall be final and conclusive as to matters referred to him.... This agreement for the settlement of disputes shall be the sole method for dispute resolution.

(See, p. 2 of Exhibits 2.1 - 2.29).

In addition the General Warranty Provisions of the Bonded Builders Warranty provide:

### C. ARBITRATION PROVISION

In the event any Dispute under any BBWG warranty, including without limitation a claim of subrogation, negligent or intentional misrepresentation or nondisclosure in inducement, breach of any alleged duty of good faith and fair dealing, and/or any dispute over the scope of the Arbitration Provision, cannot be resolved by one of the Alternative Dispute Resolution processes described herein, You, the Builder and BBWG agree to submit the Dispute to binding arbitration. You will have the right to select the arbitration company from the list of approved arbitration companies BBWG will provide to You when arbitration is requested. The arbitration will be conducted under the arbitration company's rules in effect at the time of the arbitration .

The decision of the arbitrator shall be final and binding on all parties and may be entered as a judgment in any State or Federal court of competent jurisdiction. **By accepting the Warranty, You are agreeing to waive Your right to a trial by either judge or jury in a court of law.** (Emphasis added.)

The initiation or participation by any party in any judicial proceeding shall not be deemed a waiver of the right to enforce this arbitration provision and notwithstanding any provision of law to the contrary, shall be not asserted or accepted as reason to delay, to refuse to participate in, or to refuse to enforce this arbitration provision. Any party who shall commence a judicial proceeding concerning a dispute,, which is arbitrable hereunder, shall also be deemed to be a party requesting arbitration within the meaning of this paragraph. Any party shall be entitled to recover reasonable attorney's fees and cost incurred in enforcing this arbitration

> provision, and the arbitrator shall have sole authority to award such fees and cost.

See Exhibit 4 in the general conditions sections found on page 10 of the exhibit.

The Plaintiff's Petition centers around Sun's alleged breach of warranties; both expressed and implied that it owed to its customers. In the Bonded Builders Warranty provided by Sun to the Plaintiffs, the Plaintiffs and Sun agreed to waive the right to trial by judge or jury on any warranty dispute. Plaintiffs failed to submit this dispute to binding arbitration as required by contractual provisions agreed to by the parties; and therefore, Plaintiffs' suit is premature as a matter of law. Plaintiffs should be compelled to arbitrate their claims against Sun Construction and, pending the conclusion of that arbitration, the matter before this Court should be stayed.

## Louisiana Law

With respect to the Louisiana Plaintiffs, arbitration is governed by the Louisiana Arbitration Act found in La. R.S. 9:4201 et seq. La. R.S. 9:4201 provides:

> A provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, **shall be valid, irrevocable, and enforceable,** save upon such grounds as exist at law or in equity for the revocation of any contract. (Emphasis added.)

Louisiana Courts have held that the public policy of the state is in favor of arbitration and alternative dispute resolution. *Aguillard v. Auction Management Corporation*, 908 So. 2d 1, 7 (La. 2005). The Louisiana Supreme Court in *Aguillard*, supra, goes even further stating:

> . . . even when the scope of an arbitration clause is fairly debatable or reasonably in doubt, the court should decide the question of construction in favor of arbitration. The weight of this presumption is heavy and arbitration should not be denied unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation that could cover the dispute at issue. Therefore, even if some legitimate doubt could be hypothesized, this Court, in conjunction with the [United States] Supreme Court, requires resolution of the doubt in favor of arbitration.

*Id.* at 18. Under state law, the failure of a party to arbitrate in accordance with the terms of an agreement may be raised either through a dilatory exception of prematurity demanding dismissal of the suit or by a motion to stay the proceedings pending arbitration. *Marsh Farms v. Olvey*, 974 So.2d 194, 197 (La. App. 2 Cir.2008); See also, *Wied v. TRCM, Inc.*, 698 So.2d 685, 688 (La. App. 2 Cir. 1997).

Under Louisiana law Plaintiffs' only cause of action against Sun arises under the New Home Warranty Act (hereinafter the "NHWA"), La. R.S. 9:3141, et seq. La. R.S. 9:3150 with respect to exclusiveness, states:

> This Chapter provides the exclusive remedies, warranties, and peremptive periods as between builder and owner relative to home construction and no other provisions of law relative to warranties and redhibitory vices and defects shall apply. Nothing herein shall be construed as affecting or limiting any warranty of title to land or improvements.

The NHWA specifically states at La. R.S. 9:3149 B that "The parties may provide for the arbitration of any claim in dispute. Any arbitration shall comply with, and may be binding only to the extent provided in R.S. 9:4201 et seq." Sun Construction purchased the Bonded Builders Warranty Group warranty to protect both Sun Construction (to insure warranty claims) and Plaintiffs (from Sun Construction going out of business) in the event the Plaintiffs' home

contains a covered defect. The mandatory arbitration provision of the Bonded Builders Warranty Group warranty contains the Plaintiffs' and Sun Construction's agreement that disputes concerning defects shall be arbitrated. It applies to Plaintiffs' claims in the present case.

As previously stated, the Louisiana Plaintiffs have been segregated into two groups reflecting which Bonded Builders Warranty application each signed. These applications are referred to as "one page" and "two page." The primary difference in the applications is that the "two page" application contains an agreement to arbitrate in the application itself while the "one page" does not.[1] This, however, is a distinction without a legal difference as the warranty policies themselves are identical and contain an arbitration agreement. In fact, Louisiana courts have addressed exceptions of prematurity involving both types of applications with the same result. In *Hidalgo v. Sun Construction, L.L.C., et al*, No. 2009-14698 on the docket of the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, Division A and *Wayne v. Knauf Gips KG, et al.*, No. 2009-13466 on the docket of the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, Division A, Judge Childress granted Sun Construction's Exceptions of Prematurity based upon the arbitration clause contained in the Bonded Builders Warranty policy. The Bonded Builders Warranty application in *Hidalgo* was on the "one page" form and the application in *Wayne* on the "two page" form. The arbitration

---

[1] In the "two page" Warranty Coverage Application, the Plaintiffs agreed to:

> ... accept the terms and conditions contained therein in their entirety including but not limited to the exclusive, final and binding alternative dispute resolution processes, including, but not limited to arbitration, contained therein. **By accepting this warranty, I/we are agreeing to waive my/our right to a trial by either judge or jury in a court of law** ...

requirements in the warranty policy and agreements to purchase were sufficient to support the exceptions rendering the form of the application irrelevant to the outcome.[2]

## Mississippi Law

With respect to the Mississippi Plaintiffs, Miss.Code Ann.§11-15-103 provides that "parties....**may agree in writing to submit to arbitration**...any controversy thereafter arising between them relative to such contract or refusal to perform the whole or any part thereof. **Such agreement or provision shall be valid, enforceable, and irrevocable** without regard to the justifiable character of the controversy." (Emphases added). Arbitration is strongly favored under Mississippi law. The Mississippi Supreme Court has said: "Mississippi has long observed a policy of favoring agreements to arbitrate, and this Court hesitates to disturb an agreement that knowledgeable and experienced parties freely enter into." *Smith Barney v. Henry*, 755 So.2d 722,725 (Miss. 2001) (quoting *IP Timberlands Operating Co. v. Denmiss Corp.*, 726 So.2d 96 (Miss. 1998)).

## Federal Law

In addition to the laws of both Louisiana and Mississippi, Section 2 of the Federal Arbitration Act (FAA) provides that "[a} written provision in ...... a contract... to settle by arbitration a controversy thereafter arising out of such contract... shall be valid, irrevocable, and enforceable, save upon grounds at law or equity for the revocation of any contract." 9 U.S.C. § 2. Section 3 of 9 U.S.C. provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an

---

[2] A third state court case, *Harding, et al. v. L.A. Homes, Inc., et al.*, No. 679-634 on the docket of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, Division A, was voluntarily dismissed by plaintiffs' counsel pending the outcome of the mandated arbitration.

> agreement, **shall** on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration. (Emphasis added.)

The FAA creates a body of federal substantive law that is applicable in both state and federal courts. Moreover, this Circuit has recently held that

> a district court lacks discretion to decide whether to stay judicial proceedings due to the presence of intertwining nonarbitrable claims, because the United States Supreme Court recently "expressly rejected the intertwining doctrine adopted by the Fifth, Ninth and Eleventh Circuits." *Austin Municipal Securities v. National Association of Securities Dealers, Inc.*, 757 F.2d 676, 697 (5th Cir.1985) (citing *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 105 S. Ct. 1238, 1241, 84 L. Ed. 2d 158 (1985) (Arbitration Act requires district courts to compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel, even where result would be possibly inefficient maintenance of separate proceedings in different forums)).

*Tenneco Resins, Inc. v. Davy International, AG*, 770 F.2d 416, 422 (5th Cir. 1985). The case law in Louisiana and Mississippi favoring arbitration and case law under the FAA are consistent with one another. *See, Aguillard v. Auction Management Corporation*, 908 So. 2d 1, 8; *Smith Barney*, 775 So.2d at 724-25.

The Plaintiffs' Petitions center around Sun Construction's alleged breach of warranties, both expressed and implied, that it owed to its customers. In the Bonded Builders Warranty Group warranty provided by Sun Construction to the Plaintiffs, the Plaintiffs and Sun Construction agreed to waive the right to trial by judge or jury on any warranty dispute. Thus, Sun Construction asserts its Motion for Summary Judgment pursuant to FRCP Rule 56 seeking dismissal of Plaintiffs' Petitions on the ground that the Plaintiffs failed to submit their disputes to binding arbitration as required by contractual provisions agreed to by the parties, and, therefore, Plaintiffs' suits are premature as a matter of law. Summary judgment is the appropriate vehicle to

seek such a dismissal because documentary evidence (attached hereto) beyond the four corners of the petitions is necessary for adjudication.

## Conclusion

The Court in the present matter has indicated on a number of occasions that it intends to be consistent with the state courts in its application of substantive law. The state courts addressing the issue of whether arbitration is mandatory have consistently upheld the contracts and dismissed the matters as premature. In the present case, rather than following the mandatory alternative dispute resolution process provided in both the purchase and the warranty agreements, the Plaintiffs made Sun Construction a defendant in these proceedings. Because such filings are prohibited by the contracts between the parties and because Louisiana, Mississippi and federal law favor the enforcement of arbitration agreements, Sun Construction's Motion to Compel Arbitration and to Stay the Proceedings Pending Arbitration should be granted; the Plaintiffs compelled to arbitrate their claims against Sun Construction, LLC; and the Plaintiffs' cases against Sun Construction, LLC ought to be stayed.

Respectfully submitted,

COUHIG PARTNERS, L.L.C.

_____
DAVID C. LOEB (LA Bar No. 8660)
DANIEL E. ZELENKA, II (LA Bar No. 17874)
643 MAGAZINE STREET, SUITE 300
NEW ORLEANS, LA 70130
Telephone 504-588-1288
Facsimile 504-588-9750
dloeb@couhigpartners.com
dzelenka@couhigpartners.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Sun Construction LLC's Memorandum In Support Of Motion For Summary Judgment Pursuant To FRCP Rule 56 has been served on Plaintiffs' Liaison Counsel, Russ Hermann at Drywall@hhkc.com, and Defendants' Liaison Counsel, Kerry Miller at Kmiller@frilot.com, and Homebuilder Sterring Committees' Counsel Phillip A. Wittmann at pwittman@stonepigman.com and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on the _____ day of March, 2010.

DAVID C. LOEB