UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SEAN AND BETH PAYTON, individually, and on behalf of all others similarly situated, [ADDITIONAL PLAINTIFFS LISTED ON SCHEDULE OF PLAINTIFFS FILED IN PROCEEDING]<br>    Plaintiffs,<br><br>v.<br><br>KNAUF GIPS KG, ET AL<br>DESIGN CONTRACTORS, L.L.C.<br><br>    Defendants. | CASE NO.: 09-7628<br>SEC L MAG2<br><br>MOTION TO DISMISS |

## MOTION TO DISMISS COMPLAINT AS TO DESIGN CONTRACTORS, L.L.C.

Now comes Defendant, Design Contractors, L.L.C. subclass # 143 under class of Developer/Builders subclass, under the Class Action Complaint, through undersigned Counsel, who moves the Court to Dismiss the Complaint of Plaintiffs, William Todd Etzel and Rebecca Etzel (paragraph 602 of the Complaint), Defendant, predicated upon PlaintiffS' failure to state a claim for which a remedy is provided, as follows:

1.

Plaintiffs have proceeded against Defendant, the builder of a new home in the State of Louisiana, predicated upon the bases of Negligence (Count I of the Complaint), Negligence Per Se (Count II of the Complaint), Strict Liability (Count III of the Complaint), Breach of Express and/or Implied Warranties (Count IV of the Complaint) Breach of Implied Warranty of Habitability (Count VI of the Complaint), Breach of Contract in the sale of the home (Count VII

of the Complaint), Redhibition as provided under the Laws of the State of Louisiana (Count IX of Complaint), Private Nuisance (Count XI of the Complaint), Negligent Discharge of a Corrosive Substance (Count XII of the Complaint) and Unjust Enrichment (Count XIII of the Complaint). The home was a newly built home for Plaintiffs and as such all of the stated Counts are not remedies afforded them under the Laws of Louisiana for the claimed defective dry wall installed in the new home (paragraph 2216 of the complaint). The Home Warranty Act of Louisiana, as it states in La. R.S. 9:3150, is the <u>sole and exclusive</u> remedy available to Plaintiffs under the Laws of Louisiana, there being no federal statute providing for remedies for the alleged defective drywall installed in the new home construction affecting new homes built in the state of Louisiana.

2.

Plaintiffs have asserted a claim under Louisiana New Home Warranty Act, Louisiana Revised Statutes 9:3143, et seq. (Count VIII of Complaint). As shown on the attached Sale document, incorporated herein by reference, the new home was sold to Plaintiffs, defined as "Initial purchaser" under the definitions of said Act, La. R.S. 9:3143(4), on August 21, 2006, defined as the "Warranty commencement date" under La. R.S. 9:4143(7), by Defendant, defined as a "Builder" under the definitions of said Act, La. R.S. 9:3143(1), more than two (2) years and thirty (30) days before the date of filing of this complaint on December 9, 2009, said date ending on September 21, 2008.

3.

Under the Louisiana New Home Warranty Act, La. R.S. 9:3144, the time for bringing a claim thereunder is subject to preemptive periods depending upon the claimed breach of the Act

or the alleged defect in the premises, which period expires thirty (30) days after the time period set by La. R.S. 9:3144A(2).

4.

Plaintiffs must have brought their action within two (2) years and thirty (30) of the closing on the home. To file a claim under the five year preemptive period as set forth in the statute, the new home must be subject to such defects that would be classified as a "Major structural defect" that is defined as "...any actual physical damage to the following designated load-bearing portions of a home caused by failure of the load-bearing portions which affects their load-bearing functions to the extent the home becomes unsafe, unsanitary, or is otherwise unlivable..." La. R.S. 9:3143(5). As Plaintiffs did not assert a claim for a major structural defect, the preemptive period set by La. R.S. 9:3144A(2)

5.

Plaintiffs assert a claim against Defendant pursuant to Louisiana Unfair Trade Practices and Consumer Protection Act, L.S.A.-R.S. 51:1401, et seq (Count XIV of the Complaint). Plaintiffs fails to state a claim for which a remedy is provided as any action they may have had is preempted by the passage of one year from the sale of the property to the Plaintiffs as provided by La. R.S. 51:1409E, which provides that the action shall be prescribed by one year running from the time of the transaction or act which gave rise to this right of action.

After due proceedings, Defendant prays that the Court dismiss Plaintiffs complaint as to Design Contractors, L.L.C. for failure to state a claim for which a remedy is provided, at Plaintiffs' cost.

BY ATTORNEYS,
**REYNOLDS LAW FIRM**

_____
**EARL REYNOLDS** : Bar Roll No. 11199
**CHAD REYNOLDS** : Bar Roll No. 25844
**ANDREW REYNOLDS** : Bar Roll No. 32223
Of Trial Counsel:
**AIDAN REYNOLDS** : Bar Roll No. 23269
11813 Market Place Avenue
Baton Rouge, LA 70816
Telephone: (504) 296-0060

**Certificate of Service**: I hereby certify that a copy of the foregoing Motion to Dismiss has been served by electronic means to Class Counsel for Plaintiffs, this 1st day of March, 2010.

_____
AIDAN REYNOLDS