UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SEAN AND BETH PAYTON, individually, and on behalf of all others similarly situated, [ADDITIONAL PLAINTIFFS LISTED ON SCHEDULE OF PLAINTIFFS FILED IN PROCEEDING]<br>Plaintiffs,<br><br>v.<br><br>KNAUF GIPS KG, ET AL<br>DESIGN CONTRACTORS, L.L.C.<br><br>Defendants. | CASE NO.: 09-7628<br>SEC L MAG2<br><br>MOTION TO DISMISS MEMORANDUM |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT

May it Please the Court:

Plaintiffs, William Todd Etzel and Rebecca Etzel, (identified in paragraph 602 of the Complaint) have brought this action asserting various counts in their complaint against the Defendant, Design Contractors, L.L.C. (hereafter referred to as "Design". Design is in the subclass # 143 of the class of Developer/Builders subclass, pursuant to this Class Action Complaint that will be dealt with individually herein.

**Louisiana New Home Warranty Act is Exclusive Remedy**

Plaintiffs have proceeded against Defendant in the complaint predicated upon the basis of Negligence (Count I of the Complaint), Negligence Per Se (Count II of the Complaint), Strict Liability (Count III of the Complaint), Breach of Express and/or Implied Warranties (Count IV of the Complaint) Breach of Implied Warranty of Habitability (Count VI of the Complaint), Breach

-1-

of Contract in the sale of the home (Count VII of the Complaint), Redhibition as provided under the Laws of the State of Louisiana, La. Civil Code 2524 and 2545, (Count IX of Complaint), Private Nuisance (Count XI of the Complaint), Negligent Discharge of a Corrosive Substance (Count XII of the Complaint) and Unjust Enrichment (Count XIII of the Complaint). The home was a newly built home for Plaintiffs, as shown in the attached copy of the Cash Sale and stated in the Affidavit of R. Wayne Close, an authorized Member of Defendant Design. Being a new home, all the Counts other than the Count VIII asserting a claim pursuant to the Louisiana New Home Warrant Act are excluded as remedies by the provisions of such Act. The claim is for defective dry wall installed in the new home (paragraph 2216 of the complaint). The Home Warranty Act of Louisiana is the sole and exclusive remedy available to Plaintiffs under the Laws of Louisiana. La. R.S. 9:3150 provides:

> "This Chapter provides the exclusive remedies, warranties, and peremptive periods as between builder and owner relative to home construction and no other provisions of law relative to warranties and redhibitory vices and defects shall apply. Nothing herein shall be construed as affecting or limiting any warranty of title to land or improvements." Emphasis added.

The case law of Louisiana has interpreted this statute to preclude any action involving a new home that is outside the provisions of this statute. See **Wayne and Prescilla Royer Versus V. P. Pierret Construction Company, Inc., et al.,** 2002-263 (La.App. 3 Cir. 10/28/02); *834 So. 2d 1078; 2002.* These claims should be dismissed as to Defendant Design. There is no federal statute providing for remedies for the alleged defective drywall installed in the new home construction affecting new homes built in the state of Louisiana.

Plaintiffs have alleged a claim under Louisiana New Home Warranty Act, Louisiana Revised Statutes 9:3143, et seq. (Count VIII of Complaint). The definitions, as provided in the

statute are as follows:

> "For purposes of this Chapter the following words, phrases, and terms shall be defined and construed as follows:
>
> (1) "Builder" means any person, corporation, partnership, limited liability company, joint venture, or other entity which constructs a home, or addition thereto, including a home occupied initially by its builder as his residence. A person, corporation, partnership, limited liability company, joint venture, or other entity which constructs a home, or any addition thereto, is a "builder", whether or not the consumer purchased the underlying real estate with the home.
>
> (2) "Building standards" means the standards contained in the building code, mechanical-plumbing code, and electrical code in effect in the parish, city, or other local political subdivision where a home is to be located, at the time construction of that home is commenced, or, if the parish, city, or other local political subdivision has not adopted such codes, the Standard Building Code, together with any additional performance standards, if any, which the builder may undertake to be in compliance.
>
> (3) "Home" means any new structure designed and used only for residential use, together with all attached and unattached structures, constructed by the builder whether or not the land was purchased from the builder. Such term includes structures containing multiple family dwellings or residences.
>
> (4) "Initial purchaser" means any person for whom a home is built or the first person to whom a home is sold upon completion of construction.
>
> (5) "Major structural defect" means any actual physical damage to the following designated load-bearing portions of a home caused by failure of the load-bearing portions which affects their load-bearing functions to the extent the home becomes unsafe, unsanitary, or is otherwise unlivable:
>
> (a) Foundation systems and footings. (b) Beams. (c) Girders (d) Lintels.(e) Columns. (f) Walls and partitions. (g) Floor systems. (h) Roof framing systems.
>
> (6) "Owner" means the initial purchaser of a home and any of his successors in title, heirs, invitees, or assigns to a home during the time the warranties provided under this Chapter are in effect.
>
> (7) "Warranty commencement date" means the date that legal title to a home is conveyed to its initial purchaser or the date the home is first occupied, whichever occurs first."
> La. R.S. 9:3143.

As shown on the attached Sale document, incorporated herein by reference, the new home was sold to Plaintiffs, defined as "Initial purchaser" under the definitions of said Act, La. R.S. 9:3143(4), on August 21, 2006, defined as the "Warranty commencement date" under La. R.S. 9:4143(7), by Defendant, defined as a "Builder" under the definitions of said Act, La. R.S. 9:3143(1), more than two (2) years and thirty (30) days before the date of filing of this complaint on December 9, 2009, said date ending on September 21, 2008.

The preemptive periods under the New Warranty Act are provided for in La. R.S. 9:3144, in pertinent part:

> "A. Subject to the exclusions provided in Subsection B of this Section, every builder warrants the following to the owner:
>
> (1) One year following the warranty commencement date, the home will be free from any defect due to noncompliance with the building standards or due to other defects in materials or workmanship not regulated by building standards.
>
> (2) Two years following the warranty commencement date, the plumbing, electrical, heating, cooling, and ventilating systems exclusive of any appliance, fixture, and equipment will be free from any defect due to noncompliance with the building standards or due to other defects in materials or workmanship not regulated by building standards.
>
> (3) Five years following the warranty commencement date, the home will be free from major structural defects due to noncompliance with the building standards or due to other defects in materials or workmanship not regulated by building standards. ***"

The time for bringing a claim thereunder is subject to preemptive periods depending upon the claimed breach of the Act or the alleged defect in the premises, which period expires thirty (30) days after the time period set by La. R.S. 9:3144A, above.

To file a claim under the five year preemptive period as set forth in the statute, the new home must be subject to such defects that would be classified as a "Major structural defect". As

defined by the statute definitions above, that is defined as "...any actual physical damage to the following designated load-bearing portions of a home caused by failure of the load-bearing portions which affects their load-bearing functions to the extent the home becomes unsafe, unsanitary, or is otherwise unlivable..." La. R.S. 9:3143(5). As Plaintiffs did not assert a claim for a major structural defect, the preemptive period set by La. R.S. 9:3144A(2), or " [t]wo years following the warranty commencement date, the plumbing, electrical, heating, cooling, and ventilating systems exclusive of any appliance, fixture, and equipment will be free from any defect due to noncompliance with the building standards or due to other defects in materials or workmanship not regulated by building standards". This statutory provision dictates that Plaintiffs had to have brought their action within two (2) years and thirty (30) of the closing on the home, or September 21, 2008, more than a year prior to the filing of this complaint.

**No Claim under Louisiana Unfair Trade Practice Act**

Plaintiffs have attempted to assert a claim against Defendant pursuant to Louisiana Unfair Trade Practices and Consumer Protection Act, L.S.A.-R.S. 51:1401, et seq (Count XIV of the Complaint). L.S.A. R.S. 51:1409E provides:

> "The action provided by this section shall be prescribed by one year running from the time of the transaction or act which gave rise to this right of action."

This statutory provision for a private action has been interpreted by Louisiana Courts to be preemptive; thus any claims under LUPTA involving Plaintiffs claim ceased one year later after the sale on August 21, 2006, without regard to plaintiffs' knowledge of, or inability to act on, any alleged cause of action, as held in **Morris v. Sears, Roebuck & Co.**, La. App. 99-2772, 765 So. 2d 419, 2000.

Plaintiffs fails to state a claim for which a remedy is provided as any action they may have had is preempted by the passage of one year from the sale of the property to the Plaintiffs as provided by La. R.S. 51:1409E, or August 21, 2007.

After due proceedings, Defendant prays that the Court dismiss Plaintiffs complaint as to Design Contractors, L.L.C. for failure to state a claim for which a remedy is provided, at Plaintiffs' cost.

BY ATTORNEYS,
**REYNOLDS LAW FIRM**

**EARL REYNOLDS** : Bar Roll No. 11199
**CHAD REYNOLDS** : Bar Roll No. 25844
**ANDREW REYNOLDS** : Bar Roll No. 32223
Of Trial Counsel:
**AIDAN REYNOLDS** : Bar Roll No. 23269
11813 Market Place Avenue
Baton Rouge, LA 70816
Telephone: (504) 296-0060