UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : | MDL No. 2047 |
| | : : | SECTION: L JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | : : | MAG. JUDGE WILKINSON |
| Alexandra Bartholomew, et al. v. Knauf Plasterboard (Tianjin) Co., et al. Case No. 09-7495 (E.D.La.) | : : : : | |

### ANSWER TO PETITION FOR BREACH OF CONTRACT, WARRANTY AND FOR DAMAGES, CROSSCLAIM, AND THIRD-PARTY COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes L.A. Homes, Inc. ("L.A. Homes" or "Defendant"), sought to be made defendant herein, who answers the *Petition for Breach of Contract, Warranty and for Damages* (the "Complaint") filed herein by Plaintiffs, Alexandra Bartholomew and Craig Bartholomew (collectively, "Bartholomew" or "Plaintiffs" or "Petitioners"), as follows:

### First Affirmative Defense

The Court lacks subject-matter jurisdiction.

### Second Affirmative Defense

The Complaint fails to state a claim or cause of action against your answering Defendant upon which relief can be granted.

### Third Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because they failed to mitigate their alleged damages, if any, and which are specifically denied.

### Fourth Affirmative Defense

At all material times herein, L.A. Homes, and any persons or entities from whom it is legally responsible, were free from fault, negligence or other culpable conduct.

### Fifth Affirmative Defense

Plaintiffs' damages, if any, and which are specifically denied, were caused, or contributed to, by the negligence, fault, and/or other culpable conduct of third persons for whom your answering Defendant has no legal responsibility, or were caused by or contributed to by acts and circumstances outside the control of your answering Defendant.

### Sixth Affirmative Defense

Your answering Defendant further avers that Plaintiffs' damages, if any, and which are specifically denied, were caused, or contributed to, by Plaintiffs' negligence, comparative fault, voluntary assumption of a known risk and/or other culpable conduct, which are pleaded in bar or diminution of Plaintiffs' recovery herein.

### Seventh Affirmative Defense

At all material times herein, your answering Defendant acted in a reasonable and proper manner, and in accordance with and in satisfaction of the standards of the industry in which it operates, and further satisfied any and all requirements of that industry for any entity or entities of its kind, and in performance of, or in connection with,

any acts which form the basis of this claim and further in connection with the acts and transactions as outlined in the allegations which form the subject of this litigation.

### Eighth Affirmative Defense

Your answering Defendant affirmatively pleads that the New Home Warranty Act, LSA-R.S. 9:3141, *et seq.*, provides the exclusive remedies, warranties, and warranty periods as between your answering Defendant and Plaintiffs, and raises any and all defenses available to it under the New Home Warranty Act.

### Ninth Affirmative Defense

Your answering Defendant affirmatively pleads that Plaintiffs are not entitled to recover consequential damages, of any kind, under the New Home Warranty Act.

### Tenth Affirmative Defense

Your answering Defendant affirmatively pleads that Plaintiffs are not entitled to recover damages for bodily injury or damage to personal property under the New Home Warranty Act.

### Eleventh Affirmative Defense

Your answering Defendant affirmatively pleads that Plaintiffs are not entitled to recover damages for mental anguish, aggravation or inconvenience under the New Home Warranty Act, or any other applicable law.

### Twelfth Affirmative Defense

Your answering Defendant affirmatively pleads that Plaintiffs are not entitled to recover damages for the cost of relocation or diminution in the value of their home under the New Home Warranty Act.

### Thirteenth Affirmative Defense

Your answering Defendant affirmatively pleads that Plaintiffs are not entitled to recover treble, punitive, exemplary, or otherwise enhanced damages under the New Home Warranty Act, or any other applicable law, and your answering Defendant invokes its rights under the due process clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution.

### Fourteenth Affirmative Defense

Your answering Defendant denies it breached any warranty under the New Home Warranty Act to Plaintiffs.

### Fifteenth Affirmative Defense

Your answering Defendant affirmatively pleads that Plaintiffs' home is free from any defect due to non-compliance with any applicable building code and/or industry standards.

### Sixteenth Affirmative Defense

Your answering Defendant affirmatively pleads that there is no defect in the design or construction of Plaintiffs' home.

### Seventeenth Affirmative Defense

Your answering Defendant affirmatively pleads that the materials used in the construction of Plaintiffs' home were not defective and complied with any applicable building and industry standards.

### Eighteenth Affirmative Defense

Your answering Defendant affirmatively pleads that there is no causal relation between the use of the complained of materials in the construction of Plaintiffs' home and Plaintiffs' damages, if any, and which are specifically denied.

### Nineteenth Affirmative Defense

Your answering Defendant affirmatively pleads that should Plaintiffs be found to be entitled to any relief whatsoever, which is strenuously denied, your answering Defendant is entitled to a reduction of or credit against, or setoff, of any award for the value and benefits of the use of the home derived by Plaintiffs.

### Twentieth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations, statute of repose, prescription period, peremption period, warranty period, or the doctrine of laches.

### Twenty-First Affirmative Defense

Your answering Defendant incorporates herein by reference each and every affirmative defense pleaded by similarly-situated builder defendants.

### Twenty-Second Affirmative Defense

Your answering Defendant reserves the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery and further investigation.

**AND NOW**, answering the specific allegations of the Complaint, paragraph by paragraph, your answering Defendant avers as follows:

1. The allegations of fact and law contained in Paragraph 1 as to L.A. Homes are denied. It is admitted that L.A. Homes is a domestic corporation with its principal place of business in the Parish of Jefferson, State of Louisiana. The remaining allegations of fact and law contained in Paragraph 1 do not appear to require a response from your answering Defendant, but to the extent that a response may be deemed necessary, said allegations are denied for a lack of sufficient information to justify a belief therein and out of an abundance of caution.

2. The allegations of fact and law contained in Paragraph 2 are denied.

3. The allegations of fact and law contained in Paragraph 3 are denied.

4. The allegations of fact and law contained in Paragraph 4 are denied.

5. The allegations of fact and law contained in Paragraph 5 are denied.

6. The allegations of fact and law contained in Paragraph 6 are denied.

7. The allegations of fact and law contained in Paragraph 7 referring to a fictitious subcontractor and supplier do not appear to require a response from your answering Defendant, but to the extent that a response may be deemed necessary, said allegations are denied for a lack of sufficient information to justify a belief therein and out of an abundance of caution. Upon information and belief, it is admitted that some, if not all, of the drywall installed in the Property may have been manufactured by Knauf Plasterboard (Tianjin) Company.

8. The allegations of fact and law contained in Paragraph 8 are denied except to admit that L.A. Homes maintained insurance policies at the times in controversy and that any such insurance policies, being written contracts, are the best

evidence of their terms, conditions, and limitations, which are pleaded herein as if copied *in extenso*.

9. The allegations of fact and law contained in Paragraph 9 are denied for a lack of sufficient information to justify a belief therein except to admit that Petitioners closed on the Property in or around October 2006.

10. The allegations of fact and law contained in Paragraph 10 are denied for a lack of sufficient information to justify a belief therein.

11. The allegations of fact and law contained in Paragraph 11 are denied.

12. The allegations of fact and law contained in Paragraph 12 are denied except to admit that your answering Defendant received a certified letter dated September 28, 2009, from an attorney purportedly on behalf of Petitioners.

13. The allegations of fact and law contained in Paragraph 13 are denied except to admit that your answering Defendant received a certified letter dated September 28, 2009, from an attorney purportedly on behalf of Petitioners, and that said letter, being a written document, is the best evidence of its contents.

14. The allegations of fact and law contained in Paragraph 14 are denied.

15. The allegations of fact and law contained in Paragraph 15 as to L.A. Homes are denied. To the extent the allegations of fact and law contained in Paragraph 15 apply to another defendant, no response is required.

16. The allegations of fact and law contained in Paragraph 16 are denied.

17. The allegations of fact and law contained in Paragraph 17 are denied.

18. The allegations of fact and law contained in Paragraph 18 are denied.

19. The allegations of fact and law contained in Paragraph 19 are denied.

20. The allegations of fact and law contained in Paragraph 20 are denied except to admit that the New Home Warranty Act is codified in Louisiana Rev. Stat. 9:3141, *et seq*.

21. The allegations of fact and law contained in Paragraph 21 are denied.

22. The allegations of fact and law contained in Paragraph 22 are denied.

23. The allegations of fact and law contained in Paragraph 23 do not appear to not appear to require a response from your answering Defendant, but to the extent that a response may be deemed necessary, said allegations are denied for a lack of sufficient information to justify a belief therein and out of an abundance of caution.

24. The allegations of fact and law contained in Paragraph 24 are denied as calling for a legal conclusion.

25. The allegations of fact and law contained in Paragraph 25 are denied.

26. The allegations of fact and law contained in Paragraph 26 are denied.

27. The allegations of fact and law contained in Paragraph 27 are denied.

28. Upon information and belief, it is admitted that some, if not all, of the drywall installed in the Property may have been manufactured by Knauf Plasterboard (Tianjin) Company. The remaining allegations of fact and law contained in Paragraph 28 do not appear to require a response from your answering Defendant, but to the extent that a response may be deemed necessary, said allegations are denied for a lack of sufficient information to justify a belief therein and out of an abundance of caution.

29. The allegations of fact and law contained in Paragraph 29 as to L.A. Homes are denied. To the extent the allegations of fact and law contained in Paragraph 29 apply to other defendants, no response is required.

30. The allegations of fact and law contained in Paragraph 30 as to L.A. Homes are denied. To the extent the allegations of fact and law contained in Paragraph 29 apply to other defendants, no response is required.

31. The allegations of fact and law contained in Paragraph 31 are denied.

32. The allegations of fact and law contained in Paragraph 32 as to L.A. Homes are denied. To the extent the allegations of fact and law contained in Paragraph 32 apply to other defendants, no response is required.

33. The allegations of fact and law contained in Paragraph 33 as to L.A. Homes are denied. To the extent the allegations of fact and law contained in Paragraph 33 apply to other defendants, no response is required.

34. The allegations of fact and law contained in Paragraph 34 as to L.A. Homes are denied. To the extent the allegations of fact and law contained in Paragraph 34 apply to other defendants, no response is required.

35. The allegations of fact and law contained in Paragraph 35 as to L.A. Homes are denied. To the extent the allegations of fact and law contained in Paragraph 35 apply to other defendants, no response is required.

36. The allegations of fact and law contained in Paragraph 36 as to L.A. Homes are denied. To the extent the allegations of fact and law contained in Paragraph 36 apply to other defendants, no response is required.

37. The allegations of fact and law contained in Paragraph 37 as to L.A. Homes are denied. To the extent the allegations of fact and law contained in Paragraph 37 apply to other defendants, no response is required.

38. The allegations of fact and law contained in Paragraph 38 are denied as calling for a legal conclusion.

39. The allegations of fact and law contained in Paragraph 39 as to L.A. Homes are denied. To the extent the allegations of fact and law contained in Paragraph 39 apply to other defendants, no response is required.

40. The allegations of fact and law contained in Paragraph 40 as to L.A. Homes are denied. To the extent the allegations of fact and law contained in Paragraph 40 apply to other defendants, no response is required.

41. The allegations of fact and law contained in Paragraph 41 as to L.A. Homes are denied as calling for a legal conclusion. To the extent the allegations of fact and law contained in Paragraph 41 apply to other defendants, no response is required.

42. The allegations of fact and law contained in Paragraph 42 as to L.A. Homes are denied. To the extent the allegations of fact and law contained in Paragraph 42 apply to other defendants, no response is required.

43. The allegations of fact and law contained in Paragraph 43 are denied.

44. The allegations of fact and law contained in Paragraph 44 are denied as calling for a legal conclusion.

45. The allegations of fact and law contained in Paragraph 45 are denied.

46. The allegations of fact and law contained in Paragraph 46 as to L.A. Homes are denied. To the extent the allegations of fact and law contained in Paragraph 46 apply to other defendants, no response is required.

47. The allegations of fact and law contained in Paragraph 47 do not appear to require a response from your answering Defendant, but to the extent that a response

may be deemed necessary, said allegations are denied for a lack of sufficient information to justify a belief therein and out of an abundance of caution.

48. The allegations of fact and law contained in Paragraph 48 do not appear to require a response from your answering Defendant, but to the extent that a response may be deemed necessary, said allegations are denied for a lack of sufficient information to justify a belief therein and out of an abundance of caution.

49. To the extent the allegations of fact and law contained in the prayer for relief found in the Complaint require an answer from your answering Defendant, those allegations are denied for lack of sufficient information to justify a belief therein and out of an abundance of caution.

## CROSSCLAIM

L.A. Homes, Inc. ("L.A. Homes" or "Cross-Claimant"), the Defendant/Cross-Claimant in the above captioned civil action, by and through its undersigned attorneys, subject to and without waiving the allegations and affirmative defenses raised in its Answer to Petition for Breach of Contract, Warranty and for Damages, alleges for its Crossclaim against Defendant/Defendant-in-Crossclaim, Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT" or "Defendant-in-Crossclaim"), upon knowledge as to its own acts and upon information and belief as to all other matters, as follows:

1. This action is a crossclaim against a coparty pursuant to Rule 13 of the Federal Rules of Civil Procedure.

2. Upon information and belief, Defendant-in-Crossclaim, KPT, is a Chinese corporation with its principal place of business located at North Yinhe Bridge, East

Jingjjn Road, Beichein District, Tianjin, 300400 P.R.C., and, at all material times herein, conducted business in the State of Louisiana and within this honorable district.

3. Cross-Claimant has been named as a defendant in the above captioned suit arising out of the alleged use of defective "Chinese drywall" in the construction of the home bearing municipal address 959 Avenue B, Westwego, Louisiana 70094 (the "Home"), and has denied any liability or fault on its behalf, and incorporates herein by reference, as if copied *in extenso*, the allegations and affirmative defenses of the Answer filed on its behalf.

4. Upon information and belief, KPT manufactured the drywall used by L.A. Homes in the construction of the Home.

5. Cross-Claimant respectfully avers that if, in fact, "Chinese drywall" was used in the construction of the Home as alleged by Plaintiffs in the main demand, and that such "Chinese drywall," or any drywall manufactured by Defendant-in-Crossclaim, was, or is, proven to be defective, and/or in any way found to be the cause of any of Plaintiffs' damages, all allegations of negligence, fault or other culpable conduct by L.A. Homes being strictly denied, then, the sole and proximate, or in the alternative, contributing legal cause of Plaintiffs' damages, if any, and which are specifically denied, was the negligence, fault or other culpable conduct of KPT and/or its employees, servants, agents, or other persons for whom it is legally responsible, in the following list of non-exclusive particulars, to wit:

    a. Manufacturing defective drywall;

    b. Failing to manufacture drywall that complied with all applicable building and industry standards;

    c.    Failing to comply with all applicable building and industry standards;

    d.    Failing to properly inspect the drywall to ensure that it met all applicable building and industry standards;

    e.    Failing to properly inspect the drywall to ensure that it was not defective; and,

    f.    Any and all other acts, failures to act or negligent acts which may be proven at or prior to the trial of this matter.

6.    As a result of the aforementioned negligence, fault and/or other culpable conduct, KPT is liable to Cross-Claimant for any damages for which Cross-Claimant may be cast as a result of the principal demand.

## THIRD-PARTY COMPLAINT

L.A. Homes, Inc. ("L.A. Homes" or "Third-Party Plaintiff"), the Defendant/Third-Party Plaintiff in the above captioned civil action, by and through its undersigned attorneys, subject to and without waiving the allegations and affirmative defenses raised in its Answer to Petition for Breach of Contract, Warranty and for Damages, alleges for its Third-Party Complaint against Third-Party Defendant, L & W Supply Corporation, d/b/a Seacoast Supply ("Seacoast" or "Third-Party Defendant"), upon knowledge as to its own acts and upon information and belief as to all other matters, as follows:

1.    This action is a third-party complaint pursuant to Rule 14 of the Federal Rules of Civil Procedure.

2.    Third-Party Defendant, Seacoast, is a Delaware Corporation authorized to do and doing business in the State of Louisiana and within this honorable district, with a registered office in Baton Rouge, Louisiana, and a principal business establishment in Harahan, Louisiana.

3. Third-Party Plaintiff has been named as a defendant in the above captioned suit arising out of the alleged use of defective "Chinese drywall" in the construction of the home bearing municipal address 959 Avenue B, Westwego, Louisiana 70094 (the "Home"), and has denied any liability or fault on its behalf, and incorporates herein by reference, as if copied *in extenso*, the allegations and affirmative defenses of the Answer filed on its behalf.

4. Upon information and belief, Seacoast supplied the drywall used by L.A. Homes in the construction of the Home.

5. Third-Party Plaintiff respectfully avers that if, in fact, "Chinese drywall" was used in the construction of the Home as alleged by Plaintiffs in the main demand, and that such "Chinese drywall," or any drywall supplied by Third-Party Defendant, was, or is, proven to be defective, and/or in any way, found to be the cause of any of Plaintiffs' damages, all allegations of negligence, fault or other culpable conduct by L.A. Homes being strictly denied, then, the sole and proximate, or in the alternative, contributing legal cause of Plaintiffs' damages, if any, and which are specifically denied, was the negligence, fault or other culpable conduct of Seacoast and/or its employees, servants, agents, or other persons for whom it is legally responsible, in the following list of non-exclusive particulars to wit:

    a.    Supplying L.A. Homes with defective drywall;

    b.    Failing to provide L.A. Homes with drywall that complied with all applicable building and industry standards;

    c.    Failing to comply with all applicable building and industry standards;

    d.    Failing to properly inspect the drywall supplied to L.A. Homes to ensure that it met all applicable building and industry standards;

  e. Failing to properly inspect the drywall to ensure that it was not defective; and,

  f. Any and all other acts, failures to act or negligent acts which may be proven at or prior to the trial of this matter.

6. As a result of the aforementioned negligence, fault and/or other culpable conduct, Seacoast is liable to Third-Party Plaintiff for any damages for which Third-Party Plaintiff may be cast as a result of the principal demand.

**WHEREFORE**, Defendant, L.A. Homes, Inc., prays that its Answer and Affirmative Defenses to Plaintiffs' *Petition for Breach of Contract, Warranty and for Damages* be deemed good and sufficient, and that after due proceedings are had, there be judgment herein in favor of your answering Defendant and against Plaintiffs, Alexandra Bartholomew and Craig Bartholomew, dismissing Plaintiffs' *Petition for Breach of Contract, Warranty and for Damages*, with prejudice, and at their costs.

**FURTHER**, Cross-Claimant, L.A. Homes, Inc., prays that its Crossclaim be deemed good and sufficient, and that Defendant-in-Crossclaim, Knauf Plasterboard (Tianjin) Co., be duly served with a true and correct copy of this Crossclaim and further cited to appear herein and respond to the same within the delays allowed by law, and that after all due proceedings are had, there be judgment herein in these proceedings in favor of Cross-Claimant and against Defendant-in-Crossclaim awarding Cross-Claimant indemnification from Defendant-in-Crossclaim for all judgments are damages to which Cross-Claimant may be cast in the main demand herein.

**FURTHER**, Third-Party Plaintiff, L.A. Homes, Inc., prays that its Third-Party Complaint be deemed good and sufficient, and that Third-Party Defendant, L & W Supply Company, d/b/a Seacoast Supply, be duly served with a true and correct copy of

this Third-Party Complaint and further cited to appear herein and respond to the same within the delays allowed by law, and that after all due proceedings are had, there be judgment rendered in these proceedings in favor of Third-Party Plaintiff and against Third-Party Defendant awarding Third-Party Plaintiff indemnification from Third-Party Defendant for all judgments or damages to which Third-Party Plaintiff may be cast in the main demand herein.

**FURTHER**, L.A. Homes, Inc., prays for all general and equitable relief to which it may be entitled, and further reserves the right to amend this Answer, Crossclaim, and Third-Party Complaint or file incidental pleadings, if appropriate, as prescribed by law, as discovery continues.

Respectfully submitted,

**HELLER, DRAPER, HAYDEN, PATRICK & HORN, L.L.C.**

_____
Warren Horn (La. Bar #14380)
Drew R. Ballina (LA Bar #01704)
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130
Telephone: (504) 568-1888
Facsimile: (504) 522-0949
**ATTORNEYS FOR L.A. HOMES, INC., DEFENDANT**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and foregoing *Answer to Petition for Breach of Contract, Warranty and for Damages, Crossclaim, and Third-Party Complaint* has been served on Plaintiffs' Liaison Counsel, Russ Herman, and the Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 2nd day of March 2010.

_____
**WARREN HORN**