UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * | MDL NO. 2047 |
| THIS DOCUMENT RELATES TO: | * * | JUDGE FALLON |
| State of Louisiana, *ex rel.* James D. ("Buddy") Caldwell, the Attorney General of Louisiana | * * * * | MAG. WILKINSON (#10-0340) |
| VERSUS              #10-0340 | * * | |
| Knauf Gips KG, <u>et al</u> | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM IN OPPOSITION TO SOUTHERN HOMES' MOTION TO DISMISS

Plaintiff State of Louisiana, through its Attorney General James D. "Buddy" Caldwell (the "State"), submits this Memorandum in opposition to the Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted (Document No. 1192) filed by Southern Homes, LLC ("Southern Homes"), a defendant in this action that was recently removed from Civil District Court for Orleans Parish. Nothing in this Opposition Memorandum is to be deemed or construed as a waiver by the State of its right to seek remand of this action to the Louisiana state courts.

1

The removed action was filed by the State not only to recover damages for defective Chinese drywall which may have been installed in state owned buildings, but also in its *parens patriae* capacity both on behalf of its local political subdivisions ("Local Subdivisions") and also on behalf of all citizens of this State, regardless of whether they own homes containing defective Chinese drywall. The basis for the State's *parens patriae* claims is set forth at length in Paragraphs 175-190 of its Petition, which are incorporated herein by reference. They are distinct from claims which have been (or could be) asserted by homeowners in the MDL litigation. The defendants in the State's action are all businesses involved in some capacity in bringing Chinese drywall into Louisiana, whether as manufacturers in China, as importers or distributors, or as contractors and builders which ultimately installed the defective Chinese drywall into new or renovated buildings here.

The basis for Southern Homes' Motion can be simply stated: It asserts it did not install any Chinese drywall in public buildings belonging to the State or any of its Local Subdivisions, and therefore it should be dismissed.[1]  Nowhere in its Petition does the State ever claim that Southern Homes installed Chinese drywall in any public buildings. However, Paragraph 172 asserts that it (and two other home builders with respect to which the Attorney General had received complaints from affected homeowners) had installed it in new or renovated residences in Louisiana. Southern Homes, quite properly, does not deny that allegation.

---

[1] Although Southern Homes brings its Motion under Rule 12(b)(6), claiming that the State's Petition fails to state a claim against it upon which relief can be granted, it has nevertheless filed in support thereof an affidavit of its president in support of its Motion. Unless the court elects *sua sponte* to treat this Motion as a motion for summary judgment, consideration of evidence in support of a Rule 12(b)(6) motion is improper. As will be seen, the Court need not even consider that affidavit in order to rule on and deny the Motion.

Southern Homes' Motion focuses on only two paragraphs of the Petition, Paragraph 192 (in which the State itemizes its own "proprietary claims" for direct damages to its sovereign interests) and Paragraph 196 (in which it asserts *parens patriae* claims on behalf of its Local Subdivisions). The itemization of damages to Local Subdivisions includes in subparagraph (b) their expenses in removing and replacing defective Chinese drywall.

Whether either the State or any Local Subdivision owns any building contaminated by defective Chinese drywall installed by Southern Homes (or by anyone else) is irrelevant. The reason for this is found in the following paragraph of the Petition (Paragraph 197), in which the State recites additional *parens patriae* claims on behalf of all Louisiana citizens, regardless of whether they own homes contaminated with defective Chinese drywall.[2] Notably (and intentionally) absent from the State's itemization of such communal damages suffered by all its citizens is any claim for the expense of remediating any private residence. In fact, Paragraph 198 specifically disavows any such claim, as they are already asserted elsewhere both in this Multi-District Litigation and also in similar suits by homeowners pending in the Louisiana state courts.

If Southern Homes installed Chinese drywall in any homes constructed by it in the State of Louisiana (a fact which it does not deny) it is a proper defendant with respect to all *parens patriae* damage claims asserted on behalf of all Louisiana citizens in Paragraph 197 of the Petition.

---

[2] The pernicious collective effects of Chinese drywall contamination on the State and all of its governmental bodies and its private citizens are set forth in detail at Paragraphs 175-190 of the Petition.

Finally, brief mention should be made of footnote 4 to Southern Home's Memorandum, in which it obliquely suggests other grounds justifying dismissal or other relief may exist. It asserts that the State's claims are "duplicative" of claims already pending before this Court in an uncertified class action titled *Payton v. Knauf Gips KG, et al.*, Docket No. 09-07628. This is wrong for two reasons already explained above. First, the putative class of homeowners sought to be certified is comprised only of homeowners with defective Chinese drywall; the State manifestly does not fall into that definition. Second, the kinds of damages sought in *Payton* are precisely the type of claims the State has disclaimed in Paragraph 198 of its Petition. The State's claims thus do not duplicate, or even overlap, the claims to be decided in *Payton*.

In the same footnote, Southern Homes alternatively requests an indefinite extension to answer the State's Petition, citing as "authority" an unspecified order entered in another MDL case, *Vickers v. Knauf Gips KG*, Docket No. 09-4117. That case originated in Florida, and Southern Homes is not a defendant in it. Since Southern Homes neither identifies the order so that it can be reviewed nor even explains the justification for it, it is impossible to respond to this assertion.

CONCLUSION

Southern Homes' Motion does not challenge the existence or extent of the State's *parens patriae* authority to seek damages on behalf of its citizens, generally.[3] Moreover, the validity of the State's claims against it is not dependent on whether it ever installed defective Chinese drywall in any public building. This Court should dismiss its Rule 12(b)(6) Motion on the face of the pleadings

---

[3]The United States Supreme Court has recognized the right of a state to seek damages on behalf of its citizens in a *parens patriae* action, although it left it to later cases to define the permissible parameters of such claims. *Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel. Berez*, 458 U.S. 592, 607, 102 S. Ct. 3260, 3268-69 (1982); see also *State of Texas v. Scott & Fetzer Co.*, 709 F.2d 1024 (5th Cir. 1983). The State's Petition recites at Paragraph 195 its intention to assert any and all claims within the constitutional bounds of its *parens patriae* authority.

and ignore the superfluous affidavit improperly submitted in support of it.

                Respectfully submitted,

**JAMES D. "BUDDY" CALDWELL**
**LOUISIANA ATTORNEY GENERAL**

Bryan K. McMinn (Bar Roll #20520)
James Trey Phillips (Bar Roll #19978)
Sanettria Glasper Pleasant (Bar Roll #25396)
Assistant Attorneys General
**LOUISIANA DEPARTMENT OF JUSTICE**
1885 North Third Street
Post Office Box 94005
Baton Rouge, Louisiana 70804-9005
Telephone: (225) 326-6000
Facsimile: (225) 326-6499

**Usry, Weeks & Matthews, APLC**
T. Allen Usry, La. Bar #12988
Trial Attorney

   s/John F. Weeks, II
John F. Weeks, II, La. Bar #13309
1615 Poydras St., Ste. 1250
New Orleans, LA 70112
(504) 592-4600

**Shows, Cali, Berthelot & Walsh, LLP**
E. Wade Shows, La. Bar #7637
Trial Attorney
John C. Walsh, La. Bar #24903
628 St. Louis St.
P.O. Drawer 4425
Baton Rouge, LA 70821
(225) 346-1461

        **Perkins Coie, LLP**
        David L. Black
        1899 Wynkoop St., #700
        Denver, CO 80202
        (303) 291-2306
        *Pro Hac Vice*

        COUNSEL FOR THE STATE OF LOUISIANA

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing State of Louisiana's Memorandum in Opposition to Motion to Dismiss by Southern Homes, L.L.C. has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liason Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 2nd day of March, 2010.

                                                                 s/John F. Weeks, II
                                                              (Signature of Filing Attorney)

H:\AG08-225\AG09-390\MEMORANDUM IN OPPOSITION TO SOUTHERN HOLMES MOTION.wpd