BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In re:   CHINESE MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

CASE NO. MDL Docket No. 2047

THIS DOCUMENT RELATES TO THE
FOLLOWING CASES:
09-4117 and 09-4294

## REPLY MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER
## AND RENEWED NOTICE OF RELATED AND
## POTENTIAL TAG-ALONG ACTION PURSUANT TO J.P.M.L. 7.5(e)

Taylor Woodrow Communities at Vasari, L.L.C. ("Taylor Woodrow"), files this reply to the response to Taylor Woodrow's Motion to Transfer and Renewed Notice of Related and Potential Tag-Along Actions filed pursuant to Rule 7.5(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation submitted by Mid-Continent Casualty Company ("MCC") (the "Response"), and states:

**I.   Scope and Purpose of Multidistrict Litigation**

The scope of multidistrict litigation, including MDL No. 2047, is limited to discovery and pre-trial litigation. *See* 28 U.S.C. § 1407. The multidistrict litigation statute, 28 U.S.C. § 1407, was enacted as a means of conserving judicial resources in situations where multiple cases involving common questions of fact were filed in different districts. *In re Food Lion, Inc.*, 73 F.3d 528, 531-2 (4th Cir. 1996). The statute permits the transfer of the various cases or parts

thereof to a single judge for consolidated *pretrial* proceedings.  *Id.*  Here, the common facts from which this case – and all cases previously transferred and consolidated with MDL No. 2047 – stem is the installation of defective Chinese drywall and the chemical (or biological) processes through which that defective Chinese drywall has caused damages.  Discrete coverage defenses aside, MCC has indicated that it *may* rely on the "pollution exclusion" under f.1(a) to preclude coverage in this matter.  *See* Response, p. 8.  MCC and every other insurer named in a defective Chinese drywall coverage action *will* rely on the "pollution exclusion."  Doing so will require a determination of facts identical to those being considered by Judge Fallon in MDL No. 2047, in regards to both underlying liability and the existence of coverage.[1]  Providing one forum for the presentation and examination of expert testimony regarding the mechanism and processes through which defective Chinese drywall has caused damages will save the parties untold sums in attorneys' fees and expert witness costs.

There are currently approximately twenty-six (26) insurers named as parties in coverage actions pending before Judge Fallon in MDL No. 2047.  MCC is as a party to a coverage action currently pending in MDL No. 2047.  MCC notes that previous efforts to transfer and consolidate coverage cases have been denied by the JPML.  MCC fails to note that the insurers in those cases  - General Fidelity Insurance Company (case no. 9:09-80743 (S.D. Fla. Dec 2, 2009)) and Builders Mutual Insurance Company (case no. 2:09-00185 (E.D. Va. Feb. 5, 2010)) – were not already parties to actions pending in MDL No. 2047, nor were the builders seeking coverage.  Here, Taylor Woodrow has been named as a defendant in liability actions pending in MDL No. 2047 for which it seeks coverage from MCC, who has also been named as a party in a case

---

[1]  Judge Fallon has already heard and considered several days of expert testimony regarding the mechanism and processes through which damage is caused by defective drywall in *Germano, et al. v. Taishan Gypsum Co. Ltd., et al.*, 2:09-cv-06687 (E.D. La.).

pending in MDL No. 2047.  As such, and unlike in the previously denied motions to transfer and consolidate, this coverage action does relate to an action pending in MDL No. 2047 and the coverage sought by Taylor Woodrow could flow from a judgment against it in MDL No. 2047.

Other insurers appear to have embraced the prospect of conducting this matter with the efficiency that only the MDL setting can provide.  Specifically, Liberty Mutual Insurance Company and State Farm Fire and Casualty Company have filed a Joint Motion for the Creation of an Insurer Steering Committee for MDL No. 2047.  *See In Re: Chinese Manufactured Drywall Products Liability Litigation*, 2:09-md-02047-EEF-JCW (E.D. La.)(DE 760).   The Plaintiffs' Steering Committee for MDL No. 2047 has endorsed and supported the insurers' motion to create an Insurer Steering Committee.  *See In Re: Chinese Manufactured Drywall Products Liability Litigation*, (DE 841).   Thereafter, Travelers Indemnity Company and The Standard Fire Insurance Company moved for appointment to the proposed Insurer Steering Committee.  *See In Re: Chinese Manufactured Drywall Products Liability Litigation*, (DE 1032).

Judge Fallon has not only endorsed and supported the inclusion of coverage cases in MDL No. 2047, Judge Fallon has indicated that coverage cases will be addressed in MDL No. 2047.  *See In re Chinese-Manufactured Drywall Products Liability Litigation,* MDL No. 2047, February 11, 2010 Minute Entry at 25 (E.D. La. Feb 11, 2010)(DE 1463), where Judge Fallon stated:

> There are a number of issues involving insurance matters that will be addressed in this litigation, including the establishment of an insurer steering committee (Rec. Doc. No. 760).  These include actions against insurers of manufacturers, exporters, importers, brokers, distributors, builders, drywall contractors/installers and home owners.

## II.      Florida insurance policies

MCC contends that this action should not be transferred to MDL No. 2047 because this action concerns the interpretation of Florida insurance policies.   There are hundreds, if not thousands, of Florida homes affected by Chinese drywall that are currently a part of MDL No. 2047.  Most, if not all, of those homes were purchased under contracts entered into in Florida that have Florida venue and/or choice of law provisions.  Judge Fallon has acknowledged his obligation to apply the appropriate law in rendering decisions on issues raised in each case. MCC should have no concern that he will not do the same in this case.

Moreover, as noted by Judge Fallon, *supra*, the policy exclusions relied upon by MCC in this matter are identical to those being relied upon by MCC and every other insurer in every other matter regarding coverage for damages caused by defective Chinese drywall.  It is on these policy exclusions that MCC and every other insurer will seek to conduct discovery and on which home builders, and other insureds, will seek findings of fact.   Neither MCC, nor Taylor Woodrow, should have to conduct discovery on these issues more than once.

## III.      Voluntary payment

MCC further argues that this coverage action is unique because Taylor Woodrow has undertaken the repairs of homes without MCC's consent.  Nearly every major home builder and many smaller home builders have repaired or are in the process of repairing homes, with or without the consent of their insurers.  Taylor Woodrow has placed the subcontractors and manufacturer on notice prior to conducting any repairs.  The repairs conducted by Taylor Woodrow have been undertaken only after the subcontractor and manufacturer refused to do so. This is not an issue unique to this case or any other that MCC is defending in the context of Chinese drywall coverage.  As such, the issues of unauthorized repairs and "voluntary payment"

4

are ripe for transfer and consolidation and consideration in the MDL setting in the interest of avoiding inconsistent results and duplicative discovery.  The circumstances leading up to a home builder's "voluntary payment" and the reasonableness thereof are exactly what is being litigated and considered by Judge Fallon in MDL No. 2047.

### IV.    Discrete coverage defenses

At several points throughout the Response, MCC suggests that transfer and consolidation is not appropriate for this case due to discrete coverage defenses that MCC believes that it possesses.  MCC's position is misplaced in several respects.  First, MCC's argument is based upon the false presumption that it will prevail on those discrete issues.  If it does not, MCC and Taylor Woodrow would have been otherwise improperly excluded from an MDL that would otherwise provided for the convenient, efficient and just litigation of this matter.  Second, MCC fails to recognize that if this matter is transferred and consolidated with other similar cases, MCC will still benefit from the efficiencies of consolidation, even if MCC does prevail on the discrete coverage defenses in this case, because it will be able to efficiently litigate other coverage cases in the MDL setting.  Finally, if MCC's argument precluded transfer and consolidation, no cases would ever be transferred and consolidated.  Every case transferred and consolidated in any MDL has discrete issues that need to be resolved.  As set forth above, the purpose of the MDL is to consolidate cases for the purposes of discovery and pre-trial litigation of *common* issues.

### V.    Convenience of the parties and promotion of just and efficient litigation

MCC contends that litigating this matter in the Eastern District of Louisiana would be inconvenient and result in increased costs and significant delay.  MCC's contention is short-sighted and incorrect.  MCC fails to see the value in the coordination of all of the defective Chinese drywall coverage cases in which it has or will become involved.  MCC will save

considerable expenditures in attorneys' fees and costs from sharing the burden of litigation with fellow insurers who have similar defenses.   And, while MCC points out that there are no international defendants, such as Chinese drywall manufacturers, in this case, MCC will also find it convenient to assert its inevitable subrogation claims through MDL No. 2047.   Undoubtedly, MCC and other insurers will seek to subrogate against the Chinese drywall manufacturers and undoubtedly, they will be frustrated by the process of obtaining proper service.   Transfer and consolidation of this and other similar actions will simplify that process.

**VI.     Conclusion**

Taylor Woodrow respectfully requests that the Panel conditionally transfer the action referenced in the Motion to Transfer and Renewed Notice of Related and Potential Tag-Along Case and in the attached schedule, to MDL Case No. 2047, now pending in the Eastern District of Louisiana, before the Honorable Eldon E. Fallon.

Dated:  March 2, 2010.

Respectfully submitted,

/s/ Stephen E. Walker
Neal A. Sivyer
Florida Bar No. 373745
nsivyer@sbwlegal.com
Stephen E. Walker
swalker@sbwlegal.com
Florida Bar No. 0497851
SIVYER BARLOW & WATSON, P.A.
401 E. Jackson Street, Suite 2225
Tampa, Florida  33602
Telephone:  (813) 221-4242
Facsimile:  (813) 227-8598
*Attorneys for Taylor Woodrow Communities at Vasari, LLC*

## CERTIFICATE OF SERVICE

I HEREBY certify that on March 2, 2010, this document has been served on Plaintiffs'
Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller by U.S. Mail and
email or by hand delivery and email upon all parties by electronically uploading the same to
Lexis/Nexis File & Serve in accordance with Pretrial Order No.: 6 and that the foregoing was
electronically filed with the Clerk of the Court of the United States District Court for the Eastern
District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing
in accordance with the procedures established in MDL 2047.  The above documents were also
electronically filed with the Clerk of Court of the United States District Court for the Middle
District of Florida by using the CM/ECF System, which will send notice of the electronic filing
to:

Mid-Continent Casualty Company
Ronald L. Kammer, Esq.
Pedro E. Hernandez, Esq.
Hinshaw & Culbertson, LLP
9155 S. Dadeland Boulevard, Suite 1600
Miami, Florida 33156

/s/ Stephen E. Walker
Stephen E. Walker