UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * | MDL 2047 SECTION "L" |
| This document relates to 09-6690 (Gross): | * * | JUDGE FALLON |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Defendant Steeler Inc.'s Answer and Affirmative Defenses**

Defendant Steeler, Inc. (hereinafter "Steeler") responds to the Amended Class Action Complaint (hereinafter "Complaint") as follows:

**I.   Response to the specific allegations in the Complaint**

1.  Steeler denies all allegations of the Complaint, except as specifically admitted below.  In response to the material allegations of the counterclaim, Steeler answers as follows:

2.  The allegations set forth in paragraphs 1 and 2 of the Complaint state conclusions of law and require no answer.  To the extent an answer is required Steeler denies the allegations in paragraphs 1 and 2 of the Complaint.

3.  The allegations set forth in paragraphs 3-14 of the Complaint are denied for lack of sufficient information upon which to form a belief.

4.  The allegations set forth in paragraphs 15-116 of the Complain concern defendants other than Steeler and require no answer.  To the extent an answer is required, Steeler denies those allegations for lack of sufficient information upon which to form a belief.

5.  Steeler admits that it is a Washington based corporation with a principal place of business located in Seattle, Washington.  Steeler further admits that as part of its business, it has previously sold drywall to certain customers.  Steeler denies all remaining allegations in

paragraph 117 including any allegation that Steeler is a "supplier of drywall" or that Steeler supplied any of the drywall at issue in this litigation.

6. The allegations set forth in paragraphs 118-146 of the Complain concern defendants other than Steeler and require no answer. To the extent an answer is required, Steeler denies those allegations for lack of sufficient information upon which to form a belief.

7. All other remaining allegations of the Complaint are denied.

## II. Additional defenses, affirmative defenses and assertions

1. The Complaint fails to state a claim upon which relief can be granted against Steeler.

2. Steeler pleads prescription, statute of limitations, statute of repose and laches.

3. Steeler asserts that any actionable bases of negligence, fault or other means for imposing liability, exist only as to third parties over whom this defendant exercises no control.

4. Steeler denies that this action is appropriate for class action status as to Steeler.

5. Steeler has acted in good faith at all times.

6. Steeler has complied with all applicable laws and regulations.

7. Recovery of some or all of the damages alleged to have been sustained by Plaintiff is barred by the economic loss doctrine.

8. Plaintiffs have failed to mitigate its damages, if any.

9. Plaintiff's claims are barred, in whole or in part, by their absence of privity with Steeler and lack of standing.

10. Plaintiffs have suffered no damages proximately caused by Steeler.

11. Steeler specifically pleads all rights and defenses available pursuant to the Louisiana Product Liability Act or other applicable law.

12.     Steeler deny plaintiffs have a viable claim for punitive damages.  Plaintiffs claims must fail under applicable state law, federal law and under provision of the United States Constitution.  The standard by which defendants conduct is to be judged, with regard to the plaintiffs' claims for exemplary damages, as allege, is vague and arbitrary, and as such denies due process in violation of the Louisiana Constitution Article One, section 2 and the Fifth and Fourteenth Amendments of the United States Constitution.

13.     Steeler incorporates herein by reference as if pleaded in extensor each and every common affirmative defense pleaded by similarly situated defendants.

14.     Steeler reserves the right to assert amend its answer and assert any additional defenses that may be discovered during the course of additional investigation and discovery.

WHEREFORE, Steeler prays that this answer be deemed good and sufficient, and that after due proceedings, judgment be entered herein in its favor, dismissing the Complaint with prejudice and at plaintiffs' cost.  Steeler further prays for any additional relief to which it might be entitled, and reserves the right to supplement and to amend its answer, if necessary.

Respectfully Submitted:
GORDON, ARATA, MCCOLLAM
 DUPLANTIS & EAGAN L.L.P.
201 St. Charles Avenue, 40th Floor
New Orleans, LA  70170-4000
Telephone:  (504) 582-1111
Facsimile:  (504) 582-1121
/s/Dana Dupre_____
STEVEN W. COPLEY (#16869), T.A.
DANA DUPRE (#31143)

**ATTORNEYS FOR STEELER, INC.**

4

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing on Defendant Steeler, Inc.'s Answer and Affirmative Defenses have been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and email or by hand delivery and email and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that all the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 3rd day of March, 2010.

                                              s/Dana Dupre_____
                                              DANA DUPRE