UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DAVID KESSLER and AMANDA KESSLER | * | CA NO.  09-6072 |
| | * | JUDGE ELDON E. FALLON |
| v. | | |
| | * | MAG. JUDGE WILKINSON |
| GMI CONSTRUCTION, INC., ET AL | | |
| | * | IN RE: CHINESE-MANUFACTURED PRODUCTS |
| * * * * * * * * * * * * | | LIABILITY LITIGATION MDL No. 09-2047 (L) |

### HBW INSURANCE SERVICES' MEMORANDUM IN SUPPORT OF ITS RULE 12 MOTION TO DISMISS

Defendant, HBW Insurance Services ("HBWIS"), respectfully moves this Court, pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(5) of the Federal Rules of Civil Procedure, to dismiss Plaintiffs' Complaint as to HBWIS for the following reasons.

### BACKGROUND

This case arises out of the purchase of a home by plaintiffs, David and Amanda Kessler, that allegedly contained "Chinese Drywall" imported from China.  Plaintiffs allege that the "Chinese Drywall" is defective  and renders the walls of the home and the home itself, defective.

As a result of the allegedly defective "Chinese Drywall," plaintiffs filed a Complaint in which they asserted multiple causes of action.  Specifically, they allege that defendant, HBWIS provided

"home warranty insurance" allegedly covering the subject property for this type of loss. Further, they allege that HBWIS is liable for bad faith, breach of contract, unconscionable contractual provisions, and total loss.

## ARGUMENT

**A.     Plaintiffs' Complaint Should be Dismissed for Insufficient Service of Process Pursuant to Federal Rule of Civil Procedure 12(b)(5)**.

A court must have personal jurisdiction over a defendant and it acquires jurisdiction through proper service of process. *McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902, 906-907 (5th Cir. 1995). In the absence of proper service, or waiver of service pursuant to Fed. R. Civ. Proc. 4(d), a court generally may not exercise power over a party. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

Rule 4 of the federal rules describes the proper methods for serving a defendant. Service on a corporation, partnership, or other association must be made in accordance with Rule 4(h). Rule 4(h) provides either for personal service or service in a manner prescribed by Rule 4(e)(1).

Rule 4(e)(1) allows for service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Louisiana law requires personal service on a corporate defendant. La. Code. Civ. Proc. art. 1261. Alternate service is only allowed when personal service cannot be made. *Id*.; see also La. Code Civ. Proc. Art. 1262. HBWIS maintains a registered agent in Louisiana. See a copy of the Affidavit of Alison Short, attached hereto as Exhibit "A." Accordingly, as set forth below, service was improper under Louisiana law.

HBWIS was served through the Lo[1]uisiana Secretary of State. A copy of the Proof of Service is attached hereto as Exhibit "B." Although La. Rev. Stat. Ann. §22:335 provides that every foreign or alien insurance company shall appoint the Secretary of State as its agent for service of process by authorization of law so long as any contract or any other liability of the insurer remains outstanding in Louisiana, HBWIS is not an insurance company, but is a managing general agent which merely procures insurance coverage for others, but does not insure anyone. As such, HBWIS does not possess any outstanding insurance policies in the Louisiana. See Exhibit "A." Therefore service cannot properly be made on the Secretary of State.

Plaintiffs failed to properly effect service upon HBWIS through personal service, as was required by both state and federal law, and instead improperly attempted to effect service through the Secretary of State. Consequently, plaintiffs' Complaint should be dismissed for Insufficient Service of Process Pursuant to Federal Rule of Civil Procedure 12(b)(5).

**B.     The Complaint Should be Dismissed Pursuant to Federal Rule of Civil Procedure 12(b)(1) for Lack of Subject Matter Jurisdiction.**

A motion to dismiss for lack of subject matter jurisdiction must be granted if the court lacks statutory authority to hear and decide the dispute. Fed. R. Civ. P. 12(b)(1). The party seeking to invoke jurisdiction bears the burden of demonstrating evidence of jurisdiction. *Davis v. U.S. (on behalf of U.S. Postal Service)*, No. 06-1161 2007, U.S. Dist. LEXIS 50548 at *3 (W.D. La. Jul. 12, 2007). *See also*, *Huda v. Lockheed Martin*, No. 07-9090, 2008 U.S. Dist. LEXIS 4305 (E.D. La. Jan. 22, 2008) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ("the burden of

---

[1] A copy of the un-executed affidavit is attached. One we receive the executed original, we will file a motion to supplement it into the record.

establishing subject matter jurisdiction falls squarely upon the plaintiff.")). In ruling on a motion to dismiss under Rule 12(b)(1), a court may look to: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.*, citing *Robinson v. TCI/US West. Commc'n*, 117 F.3d 900, 904 (5th Cir. 1997).

The Complaint asserts at Paragraph 2 that jurisdiction is proper because "the Court maintains jurisdiction over the dispute based on the object of the demand and the amount in controversy." Presumably, plaintiffs are asserting that jurisdiction is founded on 28 U.S.C. §1332, which requires complete diversity of citizenship and an amount in controversy greater than $75,000.00. However, because there is no complete diversity of citizenship as to all plaintiffs and defendants, there is no jurisdiction.

As the party seeking to invoke jurisdiction under Section 1332, plaintiffs have the burden of proving that complete diversity existed at the time the action was filed. *Aetna Cas. & Sur. Co. v. Hillman*, 796 So.2d 770, 775 (5th Cir. 1986); 15 *Moore's Federal Practice*, §102.14 (Mathew Bender 3d.3d). In order to meet their burden, plaintiffs must present jurisdictional facts to prove complete diversity - i.e., that all plaintiffs are from different states from all defendants. *Moore's, supra* at §102.12[1]. However, as demonstrated below, the plaintiffs cannot meet their burden of proof.

State citizenship for individuals under Section 1332 is determined by their domicile. Plaintiffs, in their Complaint, state that their domicile is that of Louisiana. The citizenship of a corporation lies in any state where it has been incorporated and the state where it has its principal place of business. U.S.C.A. §1332(c)(1). In their Complaint, plaintiffs additionally allege that defendant, GMI Construction, is a "Louisiana Company at all relevant times doing business in this

State and Parish." Consequently, based upon the face of the plaintiffs' Complaint, complete diversity is lacking and the case should be dismissed for lack of Subject Matter Jurisdiction.

## CONCLUSION

The plaintiffs failed to properly serve HBWIS pursuant to Rule 4 of the Federal Rules of Civil Procedure. Additionally, this Court lacks subject matter jurisdiction because complete diversity does not exist as required by 28 U.S.C.A. 1332. Therefore, defendant, HBWIS requests that the Court enter an order dismissing plaintiffs' Complaint against HBWIS for Insufficient Service of Process, or, in the alternative, to enter an order dismissing plaintiffs' Complaint for Lack of Subject Matter Jurisdiction.

Respectfully Submitted,

/s/ Jay H. Kern
Daniel J. Caruso (03941)
Jay H. Kern (07345) (T.A.)
Douglass F. Wynne (32019)
Simon, Peragine, Smith & Redfearn, L.L.P.
1100 Poydras St., 30th Floor
New Orleans, LA 70163-3000
Telephone: (504) 569-2030

Attorneys for Defendant, HBW Insurance Services, L.L.C.

Original Signed Document on File with the Court

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 4th day of November, 2009.

/s/ Jay H. Kern
(Signature of Filing Attorney)