UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * * | MDL 2047 SECTION: L JUDGE FALLON |
| * * * * * * * * | | MAG. JUDGE WILKINSON |

**THIS DOCUMENTS RELATES TO:**

RONNIE VAN WINKLE SR. et al      No. 09-4378

**MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER
JURISDICTION PURSUANT TO FRCP RULE 12(b)(1)**

**MAY IT PLEASE THE COURT:**

Ronnie Van Winkle, Sr. and Anne Van Winkle filed a Complaint maintaining that they are residents of and domiciled in St. Tammany Parish, Louisiana. The Complaint seeks damages for the alleged use of defective "Chinese Dry Wall" in their home located at 70304 Eighth Street, Covington, Louisiana 70433.

Subsequently, plaintiffs' First Amended and Supplemental Complaint was filed, which added Nautilus Insurance Group, LLC, (hereinafter referred to as "Nautilus") as a defendant. The plaintiffs' First Amended and Supplemental Complaint alleges that Tudela's Classic Homes, LLC, "is a Louisiana Limited Liability Company, organized with

1

its principle place of business located at 22374 Max Jude Lane, Mandeville, Louisiana 70471" that was the builder, purchaser, supplier and installer of the gypsum drywall in plaintiff's home.  Plaintiffs further allege that Nautilus provided a policy of liability insurance coverage to Tudela's Classic Homes, LLC.

Nautilus submits that Tudela's Classic Homes, LLC, does not dispute plaintiffs; designation that it is a Louisiana Limited Liability Company.  Accordingly, the plaintiffs and Tudela's Classic Homes, LLC are both citizens of the State of Louisiana.

"Federal Courts are courts of limited jurisdiction having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress." Johnson v. U.S., 460 F.3d 616, 621, n.6 (5th Cir. 2006).

To establish Federal District Court jurisdiction under 28 U.S.C.A. 1332, there must be diversity of citizenship.  The presence of a single non-diverse party destroys the Federal District Court's original jurisdiction. Wisconsin Department of Corrections v. Schacht, 524 U.S. 381, 389, 118 So.2d 2047, 2052, 141 L. Ed 2d, 362 (1998).

A limited liability company is a citizen of all of the states of which its members are citizens. Harvey v. Gray Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008).

Attached to the Tudela's Classic Homes, LLC's Motion to Dismiss for Lack of Subject Matter Jurisdiction (pleading #348 in MDL No.2047), is the Affidavit of Brian Tudela, which is adopted and relied upon by Nautilus as if it was copied herein *in*

*extenso*. As attested to by Mr. Tudela, he is the sole member of the LLC which established Tudela's Classic Homes, LLC. Additionally, Mr. Tudela is, and since approximately 2001 has been, a resident and domiciliary of Mandeville, Louisiana 70471.

Diversity is clearly lacking in this matter. The plaintiffs are Louisiana residents and domiciliaries, and Tudela's Classic Homes, LLC is a Louisiana Limited Liability Company with its domicile and principle place of business located in Mandeville, Louisiana. Mr. Tudela is also a Louisiana domiciliary.

Furthermore, the plaintiffs have not alleged any federal question jurisdiction pursuant to 28 U.S. C. A. 1331, that would confer jurisdiction on this Court. The plaintiffs allege no cause of action "arising under the constitution, laws or treaties of the United States." Plaintiffs allege generally causes of action against various defendants as follows:

    a.    Breach of an implied warranty of merchantability;

    b.    Breach of an implied warranty of fitness for the products intended purpose;

    c.    Products liability;

    d.    Breach of expressed warranties;

    e.    Violation of the Louisiana Unfair Trade Practices Act and Consumer Protection Law;

      f.      Redhibition;

      g.      Fraudulent misrepresentation;

      h.      Negligent misrepresentation;

      i.      Medical Monitoring.

These are all state law causes of action.

In conclusion, the court lacks jurisdiction over the plaintiffs' claims in this matter. The plaintiffs have not alleged any federal question causes of action and there is a lack of diversity of citizenship. Accordingly, this matter should be dismissed pursuant to FRCP Rule 12(b)(1).

"It is incumbent on all Federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking. This is the first principle of Federal jurisdiction." *Stockman v. Federal Election Commission,* 138 F.3d 144, 151 (5th Cir. 1998).

Respectfully submitted,

**HEBBLER & GIORDANO, L.L.C.**
*Attorneys at Law*

BY: _____
GEORGE P. HEBBLER, JR. (T.A.)
Louisiana Bar No: 6722
Email: hebbler@hebblergiordano.com
FRANK A. ROMEU, JR.
Louisiana Bar No: 18412
Email: romeu@hebblergiordano.com
MICHAEL P. HIGGINS
Louisiana Bar No: 30554
Email: higgins@hebblergiordano.com
Attorney for Defendants
3636 S. I-10 Service Road W, Suite 300
Metairie, Louisiana 70001
Telephone: (504) 833-8007
Facsimile: (504) 833-2866

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion to Dismiss for Lack of Subject Matter Jurisdiction has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No.6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 23rd day of October, 2009.

_____
George P. Hebbler, LSBA #6722