UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LUCILLE BOURDON | * | CIVIL ACTION NO: 09-7025 |
| Plaintiff | * | |
| | * | SECTION: L |
| | * | JUDGE FALLON |
| VERSUS | * | |
| | * | |
| INTERIOR/EXTERIOR BUILDING SUPPLY, | * | |
| LIMITED PARTNERSHIP, INTERIOR/ | * | |
| EXTERIOR ENTERPRISES, L.L.C., ARCH | * | |
| INSURANCE COMPANY, LIBERTY MUTUAL | * | |
| FIRE INSURANCE COMPANY, ARTHUR | * | |
| HOMES, L.L.C., JOSEPH L. ARTHUR, | * | |
| LOUISIANA HOME BUILDERS ASSOCIATION | | |
| GENERAL LIABILITY TRUST, MARKEL | * | |
| INSURANCE COMPANY, AND STATE FARM | * | |
| FIRE AND CASUALTY COMPANY | * | MAGISTRATE 2 |
| Defendants | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * | | |

PLAINTIFF'S MOTION TO REMAND

*************************************************************************

NOW INTO COURT, through undersigned counsel, comes Lucille Bourdon ("Plaintiff"), who, pursuant to 28 U.S.C. § 1447 (c), respectfully moves for an Order remanding this case to the Civil District Court for the Parish of Orleans, State of Louisiana, and for sanctions of attorney fees and costs, for the reasons that follow:

I.

This lawsuit was filed in the Civil District Court for the Parish of Orleans, State of Louisiana, Div. "H-12", No. 09-9595, on September 10, 2009 by Lucille Bourdon ("Plaintiff") against Interior/Exterior Building Supply, Limited Partnership and Interior/Exterior Enterprises, L.L.C. (Louisiana Suppliers of defective drywall), Arch Insurance Company & Liberty Mutual Fire Insurance Company (Suppliers' commercial liability insurers), Arthur Homes, L.L.C. &

Joseph L. Arthur (Louisiana Builder), Louisiana Home Builders Association General Liability Trust (a Louisiana trust owned and controlled by the builders, all of whom are required to be members of LHBA), Markel Insurance Company (Builder's and/or Trust's commercial liability insurer) and State Farm Fire and Casualty Company (Plaintiff's homeowner's insurer) for damages arising from defective drywall used in her home. The Builder/Suppliers were sued for breach of warranties, redhibition, violations of Louisiana Unfair Trade Practices and Consumer Protection Law, and violations of the New Home Warranty Act, fraudulent concealment and misrepresentation, etc. Each insurer was made a defendant by virtue of the Louisiana Direct Action statute (LSA-R.S. 22:655, et seq.), which allows claims to be made directly to the party-defendant's insurer. Plaintiff sued State Farm as her homeowner's insurer, which issued a policy in favor of Plaintiff for damages involving her new home.

II.

Defendant State Farm is a foreign insurer duly organized under the laws of the State of Illinois. Its Notice of Removal contends that removal was proper via 28 U.S.C. § 1332, to-wit: amount in controversy exceeds $75,000 and involves citizens of different states. Defendant alleges that the Builder/Suppliers Defendants were improperly and fraudulently joined. Plaintiff asserts that the action it filed in Civil District Court is not removable to federal court because there is not complete diversity among the defendants, and denies improper and fraudulent joinder.[1]

III.

Removal statutes are, in general, strictly construed. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002). A district court must remand a case to state court "[i]f at any time

---

[1] If this is "fraudulent joinder", perhaps the Court and Plaintiffs' counsel should ask State Farm who should be sued, if not the Builder and Supplier.

before final judgment it appears that the district court lacks subject matter jurisdiction." *Preston v. Tenet Healthsys. Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 813 n.3 (5th Cir. 2007). Given that removal can implicate important federalism concerns, "any doubts concerning removal must be resolved against removal and in favor of remanding the case ... to state court." *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). A court must "consider the claims in the state court petition as they existed at the time of removal" in order to determine whether jurisdiction is present. *Manguno v. Prudential Prop. & Cas. Ins Co.*, 276 F.3d 720, 723 (5th Cir.2002).

IV.

Plaintiff's claims were brought against two non-diverse defendants, who are relevant parties and who bear clear liability in her suit for damages due to defective drywall. Plaintiff has the right to bring her action against these culpable parties and her insurer, which she did in state court.

V.

Plaintiff's damages arise from a single set of facts. Plaintiff did not sue her Builder or his Suppliers in order to defeat diversity, and Defendant State Farm has failed to prove actual fraud or an inability of Plaintiff to establish a cause of action against the non-diverse defendants, as required by law. See *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir.2007). Moreover, conducting the trial against her homeowner's insurer (State Farm) in federal court and the Builder/Suppliers and their respective insurers in state court would be time consuming, costly, and may result in inconsistent rulings.

VI.

This Court does not have subject matter jurisdiction for the reasons set forth above. The arguments and authorities further supporting Plaintiff's motion are also contained within

*Plaintiff's Memorandum in Support of Plaintiff's Motion for Remand*, which is incorporated by reference herein.

Respectfully submitted:

/s/Paul A. Lea, Jr.
Paul A. Lea, Jr. (La. Bar No. 18637)
527 East Boston St., Suite 201
Covington, Louisiana 70433
Telephone:(985) 292-2300
Facsimile: (985) 292-3501
**Counsel for Plaintiff**

CERTIFICATE OF SERVICE

I certify that on this ⁄3 day of November 2009, the undersigned electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

/s/Paul A. Lea, Jr.
Paul A. Lea, Jr.