UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO: 2047<br><br>SECTION: L |
| This document relates to:<br>David Gross, et al v. Knauf Gips KG, et al<br>Case No. 2:09cv06690 (E.D. La.) | JUDGE FALLON<br><br>MAG. JUDGE WILKINSON |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS
DEFENDANT DEVON INTERNATIONAL TRADING, INC.**

I.

Plaintiffs, David Gross, Cheryl Gross, and Louis Velez (hereinafter referred to collectively as "Plaintiffs") filed a class action lawsuit in the United States District Court for the Eastern District of Louisiana on October 7, 2009 against 95 named defendants and 20 fictitious defendants, including Devon International Trading, Inc., incorrectly named "Devon International" (hereinafter referred to as "Devon"). On November 4, 2009, Plaintiffs amended the class action lawsuit adding 35 new named defendants.

II.

Plaintiffs allege that following the ravishes of Hurricane Katrina and Rita, their homes were remodeled using gypsum drywall that was manufactured, exported, imported, distributed,

1

delivered, supplied, inspected, marketed, and/or by certain unnamed defendants. Plaintiffs further allege that the gypsum drywall installed into their homes caused them to suffer damages, to wit: property damage, several instances of corrosion, bad odors, and other personal injuries that have been linked to the defective Chinese drywall at issue in this litigation. (Amended Complaint, ¶ 6, 14). Plaintiffs do not know the identity of the manufacturer of the alleged defective Chinese drywall installed in their homes. (Amended Complaint, ¶ 4, 5, 11, 12). Plaintiffs' homes are located in New Orleans, Louisiana. (Amended Complaint, ¶ 3, 9)

In the allegation specifically against Devon, plaintiffs make the following vague statement: "Defendant Devon International is a Pennsylvania Corporation with a principal place of business located in King of Prussia, Pennsylvania. Devon International is a supplier of drywall and related building products. By information and belief, Devon International supplied the drywall at issue in this litigation in certain of the affected states." (Amended Complaint, ¶ 108).

Devon is a corporation of the State of Pennsylvania. Devon has never directly conducted any business in the State of Louisiana. Its business records reveal that Devon did not make any sales or delivery of drywall to the Plaintiffs. Devon's business records indicate that two (2) lots of drywall were sold to non-Plaintiffs with Louisiana addresses; however, the consideration and delivery did not occur in the State of Louisiana. As evidenced in the affidavit (attached as Exhibit A) of Devon's Vice President of Operations, Ruth Wu, Devon establishes that it:

- Never sought a business license nor been licensed to conduct business in the Louisiana;
- Never maintained a business listing, telephone number, or business address in Louisiana;

2

- Never owned any real property in Louisiana;
- Never advertised in Louisiana;
- Never marketed, promoted, or sold any products in Louisiana;
- Never maintained bank accounts in Louisiana.

"In diversity actions ... the law of the forum state, subject to the Constitutional limits imposed by the Due Process Clause, controls the ability of a district court to exercise personal jurisdiction over nonresident defendants." *Harper Macleod Solicitors v. Keaty & Keaty*, 260 F. 3d 389 (5th Cir. 2001) citing *Southmark Corp. v. Life Investors, Inc.*, 851 F. 2d 763 (5th Cir. 1988) and *Stuart v. Spademan*, 722 F. 2d 1158 (5th Cir. 1985).

The Louisiana long-arm statute, La. R.S. 13:3201(A) and (B), describes the circumstances under which a Louisiana court may exercise personal jurisdiction over a nonresident defendant such as Devon:

> A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
> (1) Transacting any business in this state.
> (2) Contracting to supply services or things in this state.
> (3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.
> (4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.
> B. In addition to the provision of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the Constitution of this state and of the Constitution of the United States.

La. R.S. 13:3201(B) ensures that the long-arm jurisdiction of a Louisiana court extends to the limits permitted by the Due Process Clause of the Fourteenth Amendment. Superior *Supply Co. v. Associated Pipe and Supply Co.*, 515 So. 2d 790 (La. 1987). In *Superior Supply*, the court stated that under "the express terms of the present long-arm statute, the sole inquiry into

jurisdiction over a nonresident is a one-step analysis of the constitutional due process requirements. If the assertion of jurisdiction meets the constitutional requirements of due process, jurisdiction is authorized under the long-arm statute." Id. (citing *Petroleum Helicopters, Inc. v. Avco Corp.*, 513 So. 2d 1188 (La. 1987). See also *Puckett v. Advance Sports, Inc.*, No. 2009 CA 0507, 2009 WL 3430283 (La. App. 1 Cir. Oct. 26, 2009) at *4; *Thomas v. Kennedy*, supra, 75 Fed. Appx. at 283.

Devon is not subject to the jurisdiction of this court because it has not established minimum contacts with the State of Louisiana. A non-resident defendant is not subject to the jurisdiction of this Court unless it has sufficient "minimum contacts" with the State of Louisiana, and maintaining the suit does not offend "traditional notions of fair play and substantial justice." *Dalton v. R&M Marine, Inc.*, 897 F. 2d 1359 (5th Cir. 1990) citing International Shoe Co. v. Washington, 326 U.S. 310 (1945); *LaRocca's Auto Sales Floorplan, Inc. v. Shelton*, No. 09-CA-143 2009 WL 3447606 at *2, (La. App. 5th Cir. Oct. 27, 2009). There are two components to the due process test: (1) "minimum contacts" and (2) "traditional notions of fair play and substantial justice." *Asarco, Inc. v. Glenara, Ltd.*, 912 F. 2d 784 (5th Cir. 1990).

Devon does not have "minimum contacts" with the State of Louisiana because Devon has not purposefully availed itself of the privilege of conducting business in Louisiana. For the exercise of personal jurisdiction over Devon to be proper, Devon must have purposefully established "minimum contacts" with Louisiana such that it invoked the benefits and protections of Louisiana's laws and could reasonably anticipate being hauled into court there. *Id* at 786. *Asarco, Inc. v. Glenara Ltd.*, supra, 912 F. 2d at 786 citing *Asahi Metal Industry Co. v. Superior Court of California*, 489 U.S. 102 (1987) and Gulf *Consolidated Services v. Corinth Pipeworks, S.A.* 898 F. 2d 1071 (5th Cir. 1990). Further, the United States Supreme court held that "[i]t is

4

essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus evoking the benefits and protection of its laws. *Hanson v. Denckla*, 357 U.S. 235 (1958) citing *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). This 'purposeful availment' requirement ensures that a defendant will not be hauled into court into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or by the unilateral activity of another party or a third person." *Puckett v. Advance Sports*, supra, at *4, citing de *Reyes v. Marine Mgt and Consulting*, 586 So. 2d 103 (La. 1991); *Alonso v. Line*, 846 So. 2d 745 (La. 2003) cert. denied, 540 U.S. 967 (2003); *Burger King Corporation v. Rudzewicz*, 471 U.S. 462 (1985) citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1985) and *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980).

As evidenced in Exhibit A, Devon's primary place of business is the State of Pennsylvania. Devon has never held or sought a business license in Louisiana. Devon has never maintained a business office, telephone listing, or business address in Louisiana. Devon has never owned any real property or held a bank account in Louisiana. Devon has never marketed, promoted, or sold any product in Louisiana. Therefore, Devon has not purposely availed itself of the protection of Louisiana's laws because it has not had any "minimum contacts" with Louisiana.

In *Asarco, Inc. v. Glenara, Ltd.* supra, the Fifth Circuit Court of Appeals identified two categories of minimum contacts which give rise to personal jurisdiction over a non-resident defendant. These categories are specific and general jurisdiction. Specific jurisdiction arises when the suit is derived from, or related to, the defendant's purposeful contacts with the forum state. Asarco, 912 F. 2d at 786 citing *Dalton v. R&W Marine*, supra, 897 F. 2d at 1361-1362;

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984). Louisiana has general jurisdiction over a defendant when the defendant has "continuous and systematic contacts" with the state. *Asarco*, supra at 786.

In *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370 (1987), the court held that "[a] conclusion that there is a stream of commerce ensures that the contact that caused harm in the forum occurred there through the defendant's conduct and not the plaintiff's unilateral activities; it does not ensure that defendant's relationship with the forum is continuous and systematic, such that it can be sued there for unrelated claims." Any "continuous and systematic" contact with the State of Louisiana by Devon has been limited by the potential unilateral acts of non-Plaintiff buyers. Devon' business records indicate that it sold two (2) lots of drywall to entities or individuals with Louisiana addresses; however, the purchase and delivery occurred outside the State of Louisiana (Exhibit A). Devon did not sell any drywall in the State of Louisiana (Exhibit A). Devon has not conducted any activity in the State of Louisiana as alleged by Plaintiffs. Therefore, there is no basis for exercising either specific or general jurisdiction over Devon in Louisiana.

### III.

The Eastern District of Louisiana is an improper venue for any and all claims brought against Devon. As stated above, Devon has not conducted any business in the State of Louisiana. Devon does not have any business offices in Louisiana. Devon has not marketed, promoted or sold any products in Louisiana. In the event that any of the alleged drywall sold by Devon becomes an issue in this litigation, then venue would be proper in the State of Florida where the purchase and delivery of drywall occurred.

### IV.

6

When considering a motion to dismiss pursuant to Fed. R. Civ. Rule 12(b)(2) and 12(b)(6), this Court must consider the allegations contained in the Plaintiff's complaint as true, unless those allegations are controverted by the defendant's affidavit. *Thomas v. Kennedy*, 75 Fed. Appx. 281 (5th Cir. 2003) (unpublished) citing *Asarco, Inc. v. Glenara Ltd.*, 912 F. 2d 784 (5th Cir. 1990).

Plaintiffs have not alleged any facts that link the alleged defective drywall installed in their homes with Devon. Under Fed. R. Civ. P. 8(a), a complaint must allege a cause of action. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court held that a complaint must plead "enough facts to state a claim to relief that is plausible on its face." The Court also held in *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937 (2009), that when evaluating the sufficiency of a complaint, a court must identify and disregard all unsupported legal conclusions, and determine whether the remaining factual allegations plausibly suggest defendant's liability because "[t]hreadbare recitals of a cause of action supported by mere conclusory statements do not suffice." Id.

Plaintiffs cite eight (8) counts of allegations against all Defendants that include: acts of negligence, negligence per se, breach of express and/or implied warranties, private nuisance, negligent discharge of a corrosive substance, unjust enrichment, violation of various state Consumer Protection Acts, and equitable and injunctive relief and medical. Each of these counts provide no plausible facts as to how Devon breached any duty, reasonable or statutory, and what occurrence created the duty that existed between the Plaintiffs and Devon.

In addition, Plaintiffs do not have standing because Devon did not cause Plaintiff's alleged injuries. To establish standing "there must be a causal connection between the injury and the conduct complained … the injury has to be 'fairly … trace [able] to the challenged action of

7

the defendant ...' " *Lujan v. Defenders of Wildlife,* 504 U.S. 555 (1992). Further, "[s]tanding is a prerequisite to bringing suit and nothing in Rule 23 Fed. R. Civ.P. alters this requirement." *Thompson v. Board of Educ. of Romeo Community Schools,* 709 F.2d 1200 (6th Cir. 1983) citing *LaMar v. H&B Novelty & Loan Co.,* 489 F. 2d 461 (9th Cir. 1973).

Since Plaintiffs' Complaint fails to state a cause of action against Devon, it must be dismissed pursuant to Fed. R. Civ. Rule 12(b)(6). Plaintiff's complaint provides only vague recitals of a cause of action with only conclusory statements as to any liability of defendant, Devon.

V.

Because Plaintiffs have failed to identify any causal connection between the Defendants, in particular Devon, and the alleged injuries, the Complaint offers a claim under alternative liability or "market share" liability. If jurisdiction and venue in Louisiana are deemed proper, then Louisiana law must control. Under Louisiana law, this theory of liability has not been recognized. *Thompson v. Johns-Manville Sales Corp.,* 714 F.2d 581 (1983). Louisiana's Product Liability Act (hereinafter referred to as "LPLA") "establishes the exclusive theories of liability for manufacturers for damages caused by their products." La.Rev.Stat.Ann. § 9:2800.52. The LPLA provides that a manufacturer of a product is liable to a claimant for damage "proximately caused" by a characteristic of the product that rendered it "unreasonably dangerous" when the damage arose from a reasonably anticipated use of the product by the "claimant or another person or entity." La.Rev.Stat.Ann. § 9:2800.54A.

The LPLA defines a manufacturer as a "person or entity who is in the business of manufacturing a product for placement into trade or commerce." La.Rev.Stat.Ann. § 9:2800.53(1) "Manufacturer" is further defined as (a) a person or entity who labels a product as

8

his own or who otherwise holds himself out to be the manufacturer of the product, (b) a seller of a product who exercises control over or influences a characteristic of the design, construction, or quality of the product that causes damage, (c) a manufacturer of a product who incorporates into the product a component or part manufactured by another manufacturer, and (d) a seller of a product of an alien manufacturer if the seller is in the business of importing or distributing the product for resale and the seller is the alter ego of the alien manufacturer. Id. Plaintiffs have failed to show any action by Devon that indicates it conducted any activity in which it conducted business as a manufacturer as defined under LPLA. In fact, Plaintiffs have failed to identify the manufacturer of the allegedly defective drywall found in their respective homes. The drywall found in the home of Plaintiff Louis Velez has "markings with unintelligible numbering. There are no corresponding markings identifying the manufacturer of the drywall." (Amended Complaint, ¶ 5) Plaintiffs David Gross and Cheryl Gross discovered "made in China" markings on their drywall without any corresponding markings identifying the manufacturer." (Amended Complaint, ¶ 11, 12)

Devon is not considered a manufacturer under the LPLA; therefore, any claim for relief should be dismissed against Devon. Furthermore, Devon at all times denies that it has materially altered any drywall. At all times, Devon denies that it knew or should have known that any drywall contained any inherent defects or vices. In *Parks v. Baby Fair Imports, Inc.*, 726 So.2d 62 (La.App. 5th Cir. 1998), the court held that simply ordering a product from a manufacturer and specifying the type of material or color from the manufacturer does not turn a seller into a manufacturer under the LPLA.

VI.

9

Devon did not sell any drywall to the Plaintiffs in the State of Louisiana. However, if Devon was a seller, redhibition is a buyer's legal course of action against a seller in the State of Louisiana. La.Rev.Stat.Ann. Art. 2520, inter alia. A seller is liable for any redhibitory defects whether known to the seller or not. If the seller did not know of the defect, then the seller is "only bound to repair, remedy, or correct the defect." La.Rev.Stat.Ann. Art. 2531. In addition, if Devon was a seller, "under Louisiana law, a non-manufacturer/seller is not required to inspect a product prior to sale to determine the possibility of inherent defects." *Tunica-Biloxi Indians of Louisiana v. Pecot*, 2006 WL 1228902 (W.D.La. 2006).

WHEREFORE, defendant prays that after all legal proceedings be had, there be judgment herein dismissing plaintiffs' claims at their cost.

DEFENDANT FURTHER PRAYS for all orders and decrees necessary in the premises and for general and equitable relief.

        Respectfully submitted,

        WOODLEY, WILLIAMS LAW FIRM, L.L.C.

BY:  /s/ **Donald C. Brown**
       DONALD C. BROWN (#3549)
       P. O. Box 3731
       Lake Charles, LA 70602-3731
       Telephone: (337) 433-6328
       Facsimile: (337) 433-7513
       E-mail: dcbrown@woodleywilliams.com
Attorney for defendants, DEVON INTERNATIONAL TRADING, INC.

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above and foregoing Memorandum of Law in Support of Motion to Dismiss Defendant, Devon International Trading, Inc. has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECG System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 4th day of March, 2010.

                                WOODLEY, WILLIAMS LAW FIRM, L.L.C.

                                /s/ Donald C. Brown
                              **DONALD C. BROWN**
                              **LA BAR ROLL #3549**
                              P. O. Box 3731
                              Lake Charles, LA  70602-3731
                              Telephone:  (337) 433-6328
                              Facsimile:  (337) 433-7513
                              dcbrown@woodleywilliams.com