IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : : : | MDL No.  2047 |
| | | Section  L |
| | | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | : : | MAG. JUDGE WILKINSON |
| David Gross, Cheryl Gross and Louis Velez v. KNAUF GIPS KG, et al. Case No. 09-6690 (E.D. La.) | : : : : | |

**DEFENDANT SMOKY MOUNTAIN MATERIALS, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFFS'
<u>AMENDED CLASS ACTION COMPLAINT</u>**

Defendant Smoky Mountain Materials, Inc. d/b/a Emerald Coast Building Materials (hereinafter "Smoky Mountain"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby files this Memorandum of Law in Support of Its Motion to Dismiss Plaintiff's Amended Class Action Complaint for failure to state a claim upon which relief can be granted.  For all the reasons set forth herein, the instant Motion should be granted.

Plaintiffs allege that certain of the 90 named Defendants manufactured, sold, distributed, marketed, and placed within the stream of commerce gypsum drywall, with the expectation that the drywall would be purchased by consumers of various states, including, but not limited to, Louisiana, Alabama, Florida, Mississippi, Texas, North Carolina, and Virginia.  Plaintiffs allege that the defective drywall was used to remodel their homes located in New Orleans, Louisiana, which has caused them to suffer damages.

The Grosses allege that they remodeled their home after Hurricanes Katrina and Rita, and that the repairs were completed in December 2006.  Hurricane Katrina first impacted Louisiana on

IN RE: CHINESE-MANUFACTURED　　　　　　　　　　　Case No. 09-6690 (E.D. La.)
DRYWALL PRODUCTS LIABILITY LITIGATION　　　　　　　　　　　　　　　Page 2

August 29, 2005.[1] Velez does not provide the dates that the drywall was installed in his home, and states only that the remodeling occurred "approximately two years ago." *See* Complaint at ¶ 4. Since the initial Complaint was filed on October 7, 2009, Velez's remodeling and installation of drywall presumably occurred in 2007. Therefore, the relevant time period for the alleged installation of drywall in the Gross and Velez homes is from August 29, 2005 through 2007.

Plaintiffs do not know who manufactured or distributed the drywall that is allegedly installed in their homes. The Grosses admit that they do not know who manufactured or sold the drywall in their home. *See* Complaint at ¶¶ 11-13. They allege that the product bears "made in China" markings. *See* Complaint at ¶ 12. Velez merely suspects that the drywall in his home was manufactured in China because of several alleged instances of corrosion, bad odors, and because a renter in his home has complained of headache and "other personal injuries." *See* Complaint at ¶ 6. <u>Plaintiffs do not allege that Smoky Mountain sold them the drywall used to remodel their homes</u>. Instead, Plaintiffs make the following allegations with regard to Smoky Mountain and Emerald Coast Building Materials (under which name Smoky Mountain does business in certain locations):

> 96.　　Defendant Smokey Mountain Materials, Inc. is a foreign corporation, having its principal place of business in Knoxville, Tennessee. Smokey Mountain Materials, Inc. supplied the drywall at issue in this litigation in certain of the affected states.
>
> 97.　　Defendant Emerald Coast Building Materials is a division of Smokey Mountain Materials, Inc. Emerald Coast Building Materials is a supplier of drywall and related building products. By information and belief, Emerald Coast Building Materials supplied the drywall at issue in this litigation in certain of the affected states.

---

[1] A Louisiana state court has taken judicial notice of the date of Hurricane Katrina. *In re Family Adoption of A.G.T.*, 956 So.2d 641 (La. App. 2007).

IN RE: CHINESE-MANUFACTURED  Case No. 09-6690 (E.D. La.)
DRYWALL PRODUCTS LIABILITY LITIGATION  Page 3

## ARGUMENT

**A.  The Amended Complaint Does Not Comport with Rule 8(a).**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief.  Plaintiffs' Amended Complaint does not meet this requirement.  Although the Amended Complaint is 58 pages in length, comprising 297 paragraphs, it is still so vague as to Smoky Mountain's relationship to the Plaintiffs and/or alleged Class Members that Smoky Mountain cannot reasonably be required to frame a response.  All that Smoky Mountain can glean from the bare allegations is that at an *unspecified* time it allegedly sold Chinese drywall which was installed by *unspecified* subcontractors in *unspecified* homes in *unspecified* locations in one or more of several states.  Pursuant to Rule 8(a), Plaintiffs are required to assert  factual averments including the who, where, and when regarding the alleged supply of the subject drywall as to each named Defendant.  *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.").

The Grosses admit that they do not know who manufactured or sold the drywall that was installed in their home.  Their only point of reference is that the drywall allegedly has markings showing that it was made in China.  *See* Complaint at ¶¶ 11-12.  Velez admits that he does not know when the drywall was installed in his home, and he does not even know whether it came from China. *See* Complaint at ¶¶ 4-7.  He merely suspects that his property has Chinese drywall because of "several instances of corrosion," "bad odors," and because his tenant has complained of headaches

IN RE: CHINESE-MANUFACTURED  Case No. 09-6690 (E.D. La.)
DRYWALL PRODUCTS LIABILITY LITIGATION  Page 4

and "other personal injuries." *See* Complaint at ¶ 6.

Plaintiffs have not alleged any facts that link the drywall at issue with Smoky Mountain. Their Complaint is based on rank speculation that Smoky Mountain is a proper defendant. Consequently, Plaintiffs' Complaint should be dismissed pursuant to Fed. R. Civ. P. 8(a) because it does not contain operative factual allegations which state any cause of action against Smoky Mountain.

Dismissal is also required because the Complaint is an impermissible "shotgun pleading." In each of Plaintiffs' eight counts against Defendants, they "adopt and restate" *all of the preceding paragraphs* "as if fully set forth" therein. *See* Complaint ¶¶ 240, 248, 254, 262, 269, 276, 280, and 285. This manner of "shotgun pleading" is improper, as by its use Plaintiffs incorporate, for example, their negligence count into their breach of warranty count, making each count after the first one compound and nonsensical, and making it impossible to frame a proper response. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 980 (11th Cir. 2008); *Barkley v. Davis*, 2007 U.S. Dist. LEXIS 94431, at *4 (S.D. Fla. December 21, 2007).[2]  Plaintiffs' Complaint should be dismissed because it does not contain a short and plain statement of the claim showing the pleader

---

[2] Any drywall of Chinese manufacture that is alleged to have been distributed by Smoky Mountain, the defective nature of which is expressly denied, would have been sold only in Florida or Alabama. According to *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 822 (1985), application of the forum's law to all of the claims aggregated in a class action is inappropriate where the class contains claims based on transactions having no contact with the forum state. *Accord Powers v. Lycoming Engines*, 328 Fed. Appx. 121, 125 (3d Cir. 2009). Smoky Mountain did not distribute drywall in Louisiana at the time it is alleged to have distributed drywall manufactured in China. Because Smoky Mountain distributed drywall primarily from its Florida locations, Florida law is applied in this memorandum. Supplementary reference to Louisiana law is made for the Court's convenience where the law of Florida and Louisiana are in accord.

IN RE: CHINESE-MANUFACTURED　　　　　　　　　　　　　　Case No. 09-6690 (E.D. La.)
DRYWALL PRODUCTS LIABILITY LITIGATION　　　　　　　　　　　　　　Page 5

is entitled to relief as against Smoky Mountain, as required by Rule 8(a).

**B.　　Determination of Class Status Is Premature.**

Plaintiffs purport to represent a class of plaintiffs comprising "[a]ll owners and landlords of real properties located in the United States containing defective Chinese drywall manufactured, sold, distributed, and/or supplied by Defendants." *See* Complaint at ¶ 226. Class certification issues are not ripe for determination at this time as no motion has yet been made for certification of the class and no discovery has yet been conducted on the issue of class certification. Smoky Mountain hereby reserves its right to raise its objections to class certification after discovery on class certification issues has been conducted and the issue is ripe for determination.[3]

**C.　　Plaintiffs Fail to State a Valid Claim for Negligence.**

In Count I for Negligence, Plaintiffs make blanket conclusory allegations against all Defendants, without specifying which Defendant committed which been negligent act or omission. Although Plaintiffs claim that Smoky Mountain is liable as a drywall supplier, they nonetheless allege that *all* Defendants negligently designed, manufactured, exported, imported, distributed, delivered, supplied, inspected, marketed and/or sold the allegedly defective drywall. *See* Complaint at ¶ 241. By grouping all Defendants together with respect to the alleged wrongdoing, Plaintiffs fail to state a claim with the required specificity as to any individual Defendant. Defendant Smoky Mountain has not been given adequate notice of its alleged wrongdoing. Plaintiffs also fail to state

---

[3] Several purported class action complaints have already been filed, and more are expected to be filed, which classes overlap with the purported class in Plaintiffs' instant Amended Complaint. To the extent that the class purported to be represented in the instant action may be subsumed by any other class action complaint, it is especially premature and a waste of judicial resources to address class certification issues herein.

IN RE: CHINESE-MANUFACTURED                                Case No. 09-6690 (E.D. La.)
DRYWALL PRODUCTS LIABILITY LITIGATION                                        Page 6

an actionable claim against Smoky Mountain for failure to warn based upon failure to recall. Distributors do not have a duty to recall products found or suspected to be defective.

**D.     Plaintiffs Fail to State a Valid Claim for Negligence Per Se.**

Similarly, in Count II for Negligence Per Se, Plaintiffs again make blanket allegations as to all Defendants, without specifying which Defendant engaged in which purportedly negligent act or omission.  Plaintiffs fail to allege specifically which duties the Defendants are alleged to have breached, instead, generally alleging that Defendants breached statutory duties under the International Building Code, "and other State and local Building Codes."  *See* Complaint at ¶ 251.  Plaintiffs do not identify the "other" building codes, do not allege whether they have been adopted by the jurisdictions in which the Plaintiffs' and Class Members' homes are located, and do not allege the provisions of those building codes that were breached.  Plaintiffs are required to do so in order to meet the pleading notice requirement.  *See West Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 2006 U.S. Dist. LEXIS 93991 (M.D. Fla. December 29, 2006) ("plaintiff's vague references to similar statutory provisions and/or codes in the other forty-nine states falls far short of the adequate pleading notice requirement.").  By lumping all Defendants together, and by failing to specify the duties allegedly owed to Plaintiffs, Plaintiffs fail to state a claim for negligence per se with the required specificity as to any individual Defendant.  *See Twombly*, 550 U.S. at 555 (2007).

Negligence per se may arise from violation of a statute or regulation where the statute is designed to protect a particular class of persons from a particular type of injury, and the injury complained of is the one the statute was designed to protect against.  *See deJesus v. Seaboard Coast Line Railroad Company*, 281 So.2d 198, 201 (Fla. 1973); *Marshall v. Isthmian Lines, Inc.*, 334 F.2d

IN RE: CHINESE-MANUFACTURED　　　　　　　　　　　　　Case No. 09-6690 (E.D. La.)
DRYWALL PRODUCTS LIABILITY LITIGATION　　　　　　　　　　　　　　　　Page 7

131, 134 (5th Cir. 1964). Here, there is no allegation that any of the building codes referenced by Plaintiffs are specifically designed to protect against the injuries claimed here by Plaintiffs. The building codes are not alleged to address the danger of sulfur compound emissions from drywall and causing damage to Plaintiffs' property or health. They are presumed to pertain to drywall only in consideration of structural integrity and fire resistance. Therefore, Plaintiffs fail to state a valid claim for negligence per se based upon unspecified building codes.

**E.    Plaintiffs Fail to State a Valid Claim for Breach of Express or Implied Warranties.**

In Count III of their Amended Complaint, Plaintiffs purport to state a claim against Smoky Mountain for breach of express and implied warranties. Count III alleges *inter alia* that "Plaintiffs and Class Members were foreseeable third party beneficiaries of any warranty" and that Defendants expressly or impliedly warranted the product to be fit for use as a building material. *See* Complaint at ¶¶ 255-256.

Plaintiffs fail to state a valid claim for relief against Smoky Mountain for breach of express or implied warranties. Privity is unquestionably required to assert a claim for breach of implied warranty of merchantability. Plaintiffs do not specifically allege that they bought drywall *directly* from Smoky Mountain. To the extent that Plaintiffs attempt to dodge the privity requirement by alleging that they and Class Members are third-party beneficiaries of Smoky Mountain's relationship with drywall installers, Plaintiffs are not entitled to third-party beneficiary status. *See In re: Masonite Corp. Hardboard Siding Products Liab. Litig*, 21 F. Supp. 2d 593, 599-600 (E.D. La. 1998) (dismissing under Florida law a homebuilder's implied warranty claims against a siding manufacturer for lack of privity and rejecting an argument that either the homebuilder or the

IN RE: CHINESE-MANUFACTURED                                      Case No. 09-6690 (E.D. La.)
DRYWALL PRODUCTS LIABILITY LITIGATION                                      Page 8

homeowners were third-party beneficiaries of a contract between manufacturer Masonite and subcontractors).

Dismissal is further required absent allegations that Smoky Mountain warranted *to Plaintiffs* that the drywall would meet Plaintiffs' expectations. Although Plaintiffs purport to state a claim for breach of express warranty against all Defendants, their breach of express warranty claims fail absent specific factual averments that Smoky Mountain made representations regarding the drywall, that the Plaintiffs relied on those representations, and that Smoky Mountain was in privity with the Plaintiffs. Plaintiffs' Complaint purports to allege breach of warranty of fitness for a particular purpose. *See* Complaint at ¶¶ 256-259. However, no claim for breach of implied warranty of fitness for a particular purpose is stated where the goods are used for their ordinary purpose. *See, e.g., In re: Masonite Corp. Hardboard Siding Products Liab. Litig*, 21 F. Supp. 2d at 602 (rejecting homebuilder's claims against siding manufacturer for breach of implied warranty of fitness for a particular purpose: "The siding was used only for its ordinary purpose – as exterior siding on a residential home."). As in *Masonite*, subject drywall was "used only for its ordinary purpose" as a building material in houses. *Id.*

Additionally, to the extent that Count III purports to state a claim for personal injury under a theory of breach of warranty, such claims are not cognizable as warranty claims. *See West v. Caterpillar Tractor Co.*, 336 So.2d 80, 91 (Fla. 1976) (strict liability replaces warranty as the vehicle for personal injury claims in the absence of privity).

IN RE: CHINESE-MANUFACTURED  Case No. 09-6690 (E.D. La.)
DRYWALL PRODUCTS LIABILITY LITIGATION  Page 9

**F.  Plaintiffs Fail to State a Valid Claim for Private Nuisance.**

Count IV for Private Nuisance does not state an actionable claim. The gravamen of this litigation is products liability. The sale of an allegedly defective product is not redressable under a private nuisance theory. *See Beckman v. Marshall*, 85 So.2d 552 (Fla. 1956) (holding that a nuisance, in law, consists of so using one's property as to injure the land or some incorporeal right of one's neighbor, and that its existence generally turns on whether the use to which the defendant's property is put is reasonable under the circumstances); 58 Am. Jur. 2d, *Nuisances*, *§ 123*, p 764 (liability for nuisance is not based on responsibility for creation of a harmful condition, but upon the fact that the defendant has exclusive control over the land and the things done upon it and should have the responsibility of taking reasonable measures to remedy conditions on it that are a source of harm to others"); *City of Philadelphia v. Beretta U.S.A. Corp.*, 126 F. Supp. 2d 882, 909-910 (E.D. Pa. 2000) (holding that nuisance theories are inapplicable to suits based on the design and distribution of products). In the instant case, Plaintiffs have not alleged a leaching from the property of Smoky Mountain onto the property of Plaintiffs. Instead, their allegations solely concern a defect in a product purchased in a commercial transaction. Where a commercial transaction is involved, control of the nuisance *at the time of injury* is required for assertion of a private nuisance claim. *See McCroy v. Ford Motor Co.*, 1996 Mich. App. LEXIS 1095 (Mich. App. 1996). In this instance, the drywall was out of Defendants' control long before any alleged injuries occurred.

Plaintiffs allege in support of their private nuisance claim that Defendants "interfered " with and "invaded" Plaintiffs' property interests. *See* Complaint at ¶¶ 264-5. This is unsupported by the factual allegations in Plaintiffs' Complaint, wherein they implicitly admit that they each "undertook"

to remodel or repair their homes using Chinese drywall. *See* Complaint at ¶¶ 4 and 10. Plaintiffs' admitted undertaking to bring drywall into their homes for the purpose of remodeling or repair is at odds with their allegation in this count of an invasion, which is defined as a "hostile or forcible encroachment." BLACK'S LAW DICTIONARY 843 (8th ed. 2004). It is clear by Plaintiffs' own admissions that they brought the subject drywall onto their own property, either personally or through their agents, and thus their allegations of private nuisance fail to state a valid claim.

**G.    Plaintiffs Fail to State a Valid Claim for Negligent Discharge of a Corrosive Substance.**

Plaintiffs' Count V for Negligent Discharge of a Corrosive Substance is entirely duplicative of their Negligence count. There is no separate cause of action for negligent discharge of a corrosive substance existing at law. Plaintiffs again make blanket allegations against all Defendants, without specifying which Defendant is alleged to have been negligent as to any one act or omission. Although Plaintiffs claim that Smoky Mountain is liable as a drywall supplier, they also allege that *all* Defendants designed, manufactured, imported, distributed, delivered, supplied, marketed, inspected, installed or sold the allegedly defective drywall. *See* Complaint at ¶ 241. By grouping all Defendants together with respect to the alleged wrongdoing, Plaintiffs fail to state a claim with the required specificity as to any individual Defendant. *See Twombly*, 550 U.S. at 555 (2007). Plaintiffs further fail to state the nature of the duties Defendants purportedly owed to Plaintiffs and/or Class Members. Such failure results in an inadequate allegation of negligence.

**H.    Plaintiffs Fail to State a Valid Claim for Unjust Enrichment.**

In Count VI of their Complaint, Plaintiffs purport to state a claim for unjust enrichment. Unjust enrichment is unavailable to Plaintiffs as a cause of action where there is an adequate legal

IN RE: CHINESE-MANUFACTURED                                    Case No. 09-6690 (E.D. La.)
DRYWALL PRODUCTS LIABILITY LITIGATION                                           Page 11

remedy. *See In re Managed Care Litigation*, 185 F. Supp. 2d 1310, 1337 (S.D. Fla. 2002); *Craven v. Canal Barge Co.*, 135 Fed. Appx. 632, 635 (5th Cir. 2004) (citing *Minyard v. Curtis Products, Inc.*, 251 La. 624, 205 So. 2d 422, 426-27, 431-33 (1967)). Plaintiffs are seeking a legal remedy, which would provide compensation for any alleged injuries under the circumstances alleged. In addition, Plaintiffs fail to allege that Defendant *Smoky Mountain* received any benefit directly from Plaintiffs, relying only on generic allegations that all Defendants received a benefit from Plaintiffs. Such amorphous allegations are patently insufficient. *See Twombly*, 550 U.S. at 555 (2007). Therefore, Count VI of Plaintiffs' Complaint fails to state a valid claim for unjust enrichment against Smoky Mountain.

**I.      Plaintiffs Fail to State a Valid Claim for Violation of Consumer Protection Acts.**

In Count VII of their Complaint, Plaintiffs purport to state a claim against Smoky Mountain for violation of Consumer Protection Acts in which affected properties are present, specifically, under the Louisiana Unfair Trade Practices and Consumer Protection Law, Alabama Deceptive Trade Practices Act, North Carolina Consumer Protection Act, Florida Deceptive and Unfair Trade Practices Act, Virginia Consumer Protection Act, Texas Deceptive Trade Practices-Consumer Protection Act, and Mississippi Consumer Protection Act. Plaintiffs allege that Defendants violated these laws by "knowing misrepresentation or failure to disclose the source, affiliation, origin, characteristics, ingredients, standards and quality of defective drywall." *See* Complaint at ¶ 282. This is an allegation of fraud. *See Carran v. Morgan*, 510 F. Supp. 2d 1053, 1058 (S.D. Fla. 2007). *See also Unimobil 84 Inc. v. Spurney*, 797 F.2d 214, 217 (5th Cir. 1986). According to Fed. R. Civ. P. 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances

constituting fraud or mistake." General allegations that do not state with particularity what representations each defendant made, the time and place of such representation, Plaintiffs' reliance on the representation, and Defendants' alleged gain due to the fraud, do not meet the pleading requirement. *See Carran*, 510 F. Supp. 2d at 1058 (2007). *See also Unimobil 84*, 797 F.2d at 217 (1986). Plaintiffs have not pled fraud or misrepresentation with the requisite particularity in their Complaint, and thus fail to state a claim against Smoky Mountain for violation of any consumer protection laws.

**J.      Plaintiffs Fail to State a Valid Claim for Medical Monitoring.**

In Count VIII of their Complaint, Plaintiffs purport to state a claim against Smoky Mountain for Equitable and Injunctive Relief and Medical Monitoring. Plaintiffs allege that personal injury has already occurred as a result of Defendants' alleged acts or omissions. In light of these allegations, Plaintiffs are not in need of, and may not claim, the necessity of medical monitoring. *See Petito v. A.H. Robins Co.*, 750 So.2d 103 (Fla. 3d DCA 1999) (recognizing a cause of action for medical monitoring only where the plaintiffs have not suffered a personal injury). Thus, Count VIII fails to state a valid claim against Smoky Mountain for medical monitoring.

**K.      Plaintiffs Fail to State a Valid Claim for Punitive Damages.**

Plaintiffs purport to state a claim for punitive damages in their prayer for relief. *See* Complaint at page 58. The Plaintiffs have not alleged ultimate facts which support the recovery of punitive damages. There are no specific factual allegations in the Complaint which demonstrate the type of reprehensible conduct which is necessary to support a claim for punitive damages under Florida law. The standard for awarding punitive damages is very high. Even allegations of "willful,

wanton, or reckless [conduct are] not sufficient to state a case entitling recovery of exemplary or punitive damages." *Rice v. Clement*, 184 So.2d 678, 680 (Fla. 4th DCA 1966). *See also Jeep Corp. v. Walker*, 528 So.2d 1203 (Fla. 4th DCA 1988) (notwithstanding Jeep's marketing of a vehicle which it knew had a propensity to roll over, the defendant's conduct did not support an award of punitive damages). Plaintiffs do not allege any conduct by Smoky Mountain which evinces a reckless disregard for human life, or which would otherwise support the imposition of punitive damages. Accordingly, the punitive damages claims should be stricken.

## CONCLUSION

In summary, Plaintiffs have failed to state valid claims against Smoky Mountain for negligence, negligence per se, breach of express and/or implied warranties, private nuisance, negligent discharge of a corrosive substance, unjust enrichment, violation of consumer protection acts, and medical monitoring. For all the foregoing reasons, Smoky Mountain respectfully requests that this Honorable Court grant its Motion to Dismiss Plaintiffs' Amended Class Action Complaint against Smoky Mountain Materials, Inc. d/b/a Emerald Coast Building Materials, and grant such other and further relief as deemed necessary and proper.

Respectfully submitted,

*/s/Edward J. Briscoe*
Edward J. Briscoe
Fla. Bar No. 109691
Donald W. Hardeman
Fla. Bar No. 180982
Elizabeth J. Ferry
Fla. Bar No. 43823

IN RE: CHINESE-MANUFACTUREDCase No. 09-6690 (E.D. La.)
DRYWALL PRODUCTS LIABILITY LITIGATIONPage 14

> FOWLER WHITE BURNETT P.A.
> Espirito Santo Plaza, 14th Floor
> 1395 Brickell Avenue
> Miami, Florida 33131-3302
> Telephone: (305) 789-9200
> Facsimile: (305) 789-9201
> *Counsel for Defendant Smoky Mountain Materials, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served via e-mail on Plaintiffs' Liaison Counsel, Russ Herman at drywall@hhkc.com, and Defendants' Liaison Counsel, Kerry Miller at kmiller@frilot.com, and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 4th day of March, 2010.

/s/Edward J. Briscoe
Edward J. Briscoe