UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL No. 2047 |
| THIS DOCUMENT RELATES TO: | * * | SECTION: L JUDGE FALLON |
| David Gross, Cheryl Gross and Louis Velez, individually, and on behalf of all others similarly situated, v. Knauf Gips KG, et al. Case No. 2:09-cv-6690 | * * * * * * | MAG. JUDGE WILKINSON |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### MEMORANDUM IN SUPPORT OF DEFENDANT GREAT WESTERN BUILDING MATERIALS' MOTION FOR MORE DEFINITE STATEMENT

Defendant, Great Western Building Materials, submits this Memorandum in Support of its Motion for More Definite Statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, and states the following:

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

**A.   PLAINTIFFS' CLAIMS**

On October 7, 2009, Plaintiffs, David Gross, Cheryl Gross and Louis Velez, individually and on behalf of a proposed class action of "individuals similarly situated" filed a Class Action Complaint in the Eastern District of Louisiana alleging they suffered personal injuries and

property damage caused by allegedly defective "Chinese drywall" installed at their residences. (*See generally* Complaint)[Rec. Doc. No. 1].  An Amended Class Action Complaint was filed by Plaintiffs on October 19, 2009.  (*See generally* Amended Complaint)[Rec. Doc. No. 366]. Plaintiffs have defined the other members of the class as:  "All owners and landlords of real properties located in the United States containing defective Chinese drywall manufactured, sold, distributed, and/or supplied by Defendants." (Complaint ¶191; Amended Complaint ¶226)

Great Western Building Materials has been named as a Defendant in both the Class Action Complaint and Amended Class Action Complaint.  (Complaint ¶97; Amended Complaint ¶110).  Plaintiffs allege in their Class Action Complaint and Amended Class Action Complaint that "Great Western Building Materials supplied the drywall at issue in this litigation **in certain of the affected states**."  (Complaint ¶97; Amended Complaint ¶110)(emphasis added)  Plaintiffs do not define the term "affected states" in the Class Action Complaint or Amended Class Action Complaint.

Both the Gross Plaintiffs and Louis Velez assert in the Complaint that the allegedly defective Chinese drywall, manufactured by an unknown entity, "was designed, manufactured, exported, imported, distributed, delivered, supplied, inspected, marketed and/or sold by certain unknown defendants." (Complaint ¶7,13; Amended Complaint ¶7,13)   Plaintiffs do not identify in their Class Action Complaint or Amended Class Action Complaint the identity of the supplier or the installer of the drywall used in their residences.  Plaintiffs have identified over forty (40) "suppliers of drywall and related building products," including Great Western Building Materials, who allegedly supplied drywall to the Plaintiffs' residence and the other unidentified class members.

Counsel for Great Western Building Materials has requested documentation to support their claims that Great Western "supplied the drywall at issue in this litigation in certain of the affected states." To date, Plaintiffs have not produced any supporting documentation. (See Correspondence from Counsel for Great Western Building Materials to Counsel for Plaintiffs, attached as Exhibit A).

### B.   PLAINTIFFS' CLAIMS AGAINST GREAT WESTERN BUILDING MATERIALS

Great Western Building Materials is an Arizona based corporation, with its principal place of business in Oxnard, California. Great Western has one location in Phoenix, Arizona, and three California locations in Oxnard, Riverside and Pico Rivera. Great Western supplies drywall to professional contractors in the Phoenix, Oxnard, Riverside and Pico Rivera areas only. It does not maintain distribution centers in any other cities or states. Furthermore, Great Western is not authorized nor does it conduct any business outside of the states of Arizona and California. It has not, and does not solicit, any business in the states of Louisiana, Alabama, Florida, Mississippi, Texas, North Carolina or Virginia. Great Western does not have information nor does it believe that any products sold from its Phoenix, Oxnard, Riverside or Pico Rivera locations have been transported into the states of Louisiana, Alabama, Florida, Mississippi, Texas, North Carolina and/or Virginia.

### C.   PLAINTIFFS' MOTION TO INTERVENE

On February 10, 2010, counsel for Plaintiffs filed a Motion to Intervene seeking to add Mary Anne Benes and over 1,050 additional class members to the Gross' Class Action lawsuit. (*See generally* LexisNexis File & Serve Transaction ID 29505862). Plaintiffs have asserted in support of this Motion to Intervene that the Intervening Plaintiffs are similarly situated as the

*Gross* Plaintiffs.  *Id.*  These Intervening Plaintiffs are unable to identify the manufacturers of their products, but have been more successful in identifying the defendants who distributed, delivered, supplied, sold, marketed, inspected and/or installed defective drywall in their homes. *Id.*

None of the Intervening Plaintiffs own a residence in Arizona or California areas in which Chinese Drywall was allegedly installed.  The Intervening Plaintiffs reside in the following states:  Florida, Louisiana, Alabama, Georgia, Mississippi, Texas, Tennessee, North Carolina, Iowa, Ohio, and Wisconsin.  It is not alleged that Great Western supplied any of the allegedly defective drywall which was ultimately installed in the residences of the Intervening Plaintiffs.  In fact, <u>Plaintiffs' Omnibus Class Action Complaint in Intervention is devoid of any direct reference to Great Western</u>, other than Plaintiffs' incorporation and adoption all the prior allegations from the *Gross* Complaint by reference.

## LAW & ARGUMENT

### A.   STANDARD FOR MOTION FOR MORE DEFINITE STATEMENT

Federal Rule of Civil Procedure Rule 12(e) provides a party "may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  The Motion "must point out the defects complained of and the details desired."  FRCP Rule 12(e).  A Motion for More Definite Statement may also be appropriate when the pleading "fails to specify the allegations in a manner that provides sufficient notice" to the responding party.  *Acker v. Bishop*, 2006 WL 1895484 *1 (W.D. La. 7/10/06), citing to *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S.Ct. 992 (2002).

The standard for evaluating a Motion for More Definite Statement is whether the complaint "is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Babcock & Wilcox Company v. McGriff, Seibels & Williams, Inc., et al*, 235 F.R.D. 632, 633 (E.D. La. 6/8/06), citing to *Advanced Communication Technologies, Inc. v. Li*, No. 05 Civ. 4628, 2005 WL 3215222, at *3 (S.D.N.Y. Nov. 30, 2005).

In evaluating a Motion for Definite Statement, the Court must consider the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides in pertinent part, "A pleading which sets forth a claim for relief…shall contain…a short and plain statement of the claim showing the pleader is entitled to relief…" FRCP 8(a). Federal Rule of Civil Procedure Rule 8 requires that a complaint provide a short and plain statement sufficient to (1) provide notice of the circumstances giving rise to the claim or (2) set forth sufficient information to outline the claim elements or permit inferences to be drawn that these elements exist. *General Star Indem. Co. v. Vesta Fire Ins. Co.*, 173 F.3d 946, 951 (5th Cir. 1999).

> **B.    PLAINTIFFS' COMPLAINT AND AMENDED COMPLAINT IS IMPERMISSIBLY VAUGE AND AMBIGUOUS SUCH THAT GREAT WESTERN CANNOT PROPERLY PREPARE A RESPONSE.**

Plaintiffs' Class Action Complaint and Amended Class Action Complaint set forth vague and ambiguous claims against Great Western Building Materials. Plaintiffs allege:

> Defendant Great Western Building Materials is an Arizona Corporation with a principal place of business located in California. Great Western Building Materials is a supplier of drywall and related building products. By information and belief, Great Western Building Materials supplied the drywall at issue in this litigation <u>in certain of the affected states.</u>

(Complaint ¶97; Amended Complaint ¶110) (emphasis added).

>    1. **Plaintiffs' Complaint and Amended Complaint fail to specify which state(s) it is alleged that Great Western supplied "the drywall at issue in this litigation."**

Upon review of Plaintiffs' Complaint and Amended Complaint, Great Western Building Materials has been unable to determine which states Plaintiffs allege that it "supplied the drywall at issue" and what states compromise the "affected states." As set forth above, Great Western Building Materials is a regionally based company and does not have offices outside of Phoenix, Arizona and three locations in the Southern California area.

Plaintiffs do not define the term "affected states" in any paragraph in their Class Action Complaint or Amended Class Action Complaint. <u>Currently, there is no Plaintiff or prospective Intervening Plaintiff who resides in either of the states where Great Western conducts business</u>. Due to Plaintiffs' use of this vague and ambiguous term of "affected states", Great Western is unable to ascertain whether Plaintiffs are alleging that Great Western supplied allegedly defective drywall to Louisiana, Alabama, Florida, Mississippi, Texas, North Carolina and/or Virginia or one of the other forty three (43) states.

Plaintiffs consistently reference the states of Louisiana, Alabama, Florida, Mississippi, Texas, North Carolina and Virginia as the locations in which it alleges that numerous defendants "manufactured, sold, distributed, marketed and/or placed within the stream of commerce" drywall products. (*See generally* Complaint, Amended Complaint) In support of their claims against several manufacturers, suppliers and/or distributors, Plaintiffs use the phrases "doing business in several States, including <u>but not limited to</u>, Louisiana, Alabama, Florida, Mississippi, Texas, North Carolina and Virginia" and "manufactured, sold, distributed, marketed and/or placed within the stream of commerce…within various States, including but not limited to,

Louisiana, Alabama, Florida, Mississippi, Texas, North Carolina and Virginia." (*See generally* Complaint ¶17-111, Amended Complaint ¶17-146)   Plaintiffs also allege in several paragraphs that individual companies, including La Suprema Training, Black Bear, Tobin, and Venture, allegedly supplied drywall to specific states such as Florida and Virginia.  (See Amended Complaint ¶¶ 93, 95, 104)  However, Plaintiffs have not defined the location where it is alleged that Great Western allegedly supplied drywall in their Complaint or Amended Complaint.

Great Western has sought clarification from counsel for Plaintiffs on two occasions regarding the claim that Great Western "supplied the drywall at issue in this litigation in certain of the affected states."  (*See* Exhibit A)  Great Western has advised Plaintiffs' counsel that it does not show sales or purchases in the states of Louisiana, Alabama, Florida, Mississippi, Texas, North Carolina and Virginia.  (*See* Exhibit A).  Furthermore, Great Western has previously requested that counsel for Plaintiffs provide any evidence of documents which support their claim that it supplied drywall to the "affected states."  (*See* Exhibit A).  To date, counsel for Plaintiffs have not responded to Great Western's request for additional information.

> **2.   Plaintiffs' Complaint and Amended Complaint fails to specify which state law applies to the claims asserted by the Plaintiffs and class members against Great Western.**

Additionally, Great Western is unable to determine which state(s) law applies to the claims asserted against it by the Plaintiffs and class members.   Plaintiffs state in the Complaint and Amended Complaint that the "law of the States where the property is located should apply to the claims of such class members."  (Complaint ¶193; Amended Complaint ¶228).  However, Plaintiffs have not alleged which states it believes that Great Western has supplied drywall products that were used in the residences of the Plaintiffs and/or class members. Upon review of

Plaintiffs' Complaint and Amended Complaint, Great Western cannot determine under which state(s) law(s) it will need to prepare defenses in responses to the affected properties of the Plaintiffs and/or class members.

Plaintiffs allege in Count VII of their Complaint and Amended Complaint that they are seeking relief "under the various Consumer Protection Acts of the jurisdictions in which affected properties are present." (Complaint ¶245-249; Amended Complaint ¶280-284). Plaintiffs allege that the Defendants violated the "Consumer Protection Acts of the Relevant States" which are listed as Louisiana, Alabama, North Carolina, Florida, Virginia, Texas, and Mississippi. (Complaint ¶246-247; Amended Complaint ¶281-282). As set forth above, Great Western does not supply drywall to the "Relevant States" of Louisiana, Alabama, North Carolina, Florida, Virginia, Texas and Mississippi. Great Western is unable to determine upon review of Plaintiffs' vague and ambiguous claims in the Complaint and Amended Complaint whether these states are the "affected states" where it is alleged that it supplied drywall.

> **3.    Great Western cannot prepare a response to Plaintiffs' Complaint and Amended Complaint as required by the Federal Rules of Civil Procedure without a more definite statement as to the claims asserted against it by Plaintiffs.**

Great Western respectfully asserts that it would be seriously prejudiced if it attempts to answer Plaintiffs' vague and ambiguous allegations in the Complaint and Amended Complaint in its current form. Great Western cannot admit or deny the allegations asserted by Plaintiffs without knowledge of which states it is alleged that it supplied drywall which was installed in the homes of the Plaintiffs and Class Members. *See* FRCP Rule 8(b). Plaintiffs have asserted the law of the states in which the property is located should apply to the claims of the class members. (Complaint ¶193; Amended Complaint ¶228). Based upon the current language,

Great Western will be required by Plaintiffs to prepare to defend claims in an unknown number of states, including the forty-eight (48) states in which they do not conduct business and have no evidence to support that any product sold by it was transported into other states.  Furthermore, Great Western cannot, and should not, be required to prepare defenses to the allegation that it "supplied the drywall at issue in this litigation in certain of the affected states" without knowledge of which states it is alleged to have supplied drywall to contractors and/or individuals.  *See generally* FRCP Rule 8(a).

The only way Great Western can be certain that it has not waved a potential affirmative defense is to provide affirmative defenses to each of the "various Consumer Protection Acts" of all fifty states in the Union.  This prophylactic measure is necessary due to Plaintiffs' failure to provide even a scintilla of description of which state's law is applicable to Plaintiffs' claims against Great Western.  Great Western respectfully asserts that such vague pleadings, resulting in the high possibility of waving an affirmative defense due to Great Western's inability to discern the allegations asserted against it are the very essence of the type of claim that requires a more definite statement.

The vague and ambiguous claims in Plaintiffs' Complaint and Class Action Complaint cannot be resolved by requiring Great Western answer the vague and ambiguous claims and to conduct discovery.   Currently, Great Western will be required to assert affirmative defenses and propound Interrogatories, Requests for Production of Documents and Requests for Admission related to each of the fifty (50) states in an attempt to narrow down the locations where Plaintiffs allege that Great Western allegedly supplied defective Chinese drywall to contractors and/or individuals.

Therefore, Great Western seeks this Court to order Plaintiffs to provide a short and plain statement as to which states Plaintiffs allege that it supplied Chinese Drywall. If Plaintiff is unable to provide a short and plain statement, Great Western requests this Court strike the allegations from the Complaint and Class Action Complaint relating to Great Western Building Materials.

Respectfully submitted,

**DEGAN, BLANCHARD & NASH**

  /s/ Laura M. Mayes
Foster P. Nash, III, Esq. (#19079)
Laura M. Mayes, Esq. (#32197)
2600 Texaco Center
400 Poydras Street
New Orleans, Louisiana 70130
Telephone: (504) 529-3333
Facsimile: (504) 529-3337

*Attorneys for Defendant, Great Western Building Materials*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Unopposed Motion for Extension of Time has been served upon Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and email and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this  4th  day of   March  , 2010.

  /s/ Laura M. Mayes
LAURA M. MAYES

L:\360\7008\Doc\07 Memo in Support of Mt for More Def Statmnt.doc