UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2:09-md-2047 |
| THIS DOCUMENT RELATES TO: | SECTION: L |
| SEAN AND BETH PAYTON, individually, and on behalf of all others similarly situated, et. al., | JUDGE FALLON |
| | MAG. JUDGE WILKINSON |
| **Plaintiffs** | |
| v. | |
| KNAUF GIPS KG; KNAUF PLASTERBOARD (TIANJIN) CO., LTD.; KNAUF PLASTERBOARD (WUHU) CO., LTD.; KNAUF PLASTERBOARD (DONGGUAN) CO., LTD., et. al. | |
| **Defendants** | |

**ANSWER OF BASS HOMES, INC.**

COMES NOW Bass Homes, Inc., and for its answer to Plaintiff's Omnibus Class Action Complaint (I), states as follows:

## JURISDICTION, PARTIES, AND VENUE

1. Admitted on information and belief.

2. Admitted on information and belief.

3. Admitted on information and belief.

## PLAINTIFFS

4-2072. Without knowledge.

## DEFENDANTS

2073. Admitted as to Bass Homes, Inc.

### The Manufacturing Defendants

2074-2079. Without knowledge.

### The Distributor and Supplier Defendants

2080-2128. Without knowledge.

### The Developer/Builder Subclass

2129-2157. Without knowledge.

2158. Admitted that Bass Homes Inc. is an Alabama Corporation located in Stapleton, Alabama. The remainder is denied as stated.

2159-2516. Without knowledge.

### The Contractor/Installer Subclasses

2517-2609. Without knowledge.

## FACTS REGARDING (ALLEGED) PRODUCT DEFECT

2610.  Admitted on information and belief.

2611-2614.   Without knowledge.

2615.  Denied that any tortious activity on the part of Bass Homes, Inc. occurred.  The remainder is denied as stated.

2616.  Denied as stated regarding Bass Homes, Inc.

2617.  Denied as stated regarding Bass Homes, Inc.

2618-2620.   Without knowledge.

## CLASS ACTION ALLEGATIONS

**The Knauf Class**

2621.  Without knowledge.

**The Distributor/Supplier Subclasses (Subclass 1-43)**

2622.  Without knowledge.

**The Importer/Exporter/Broker Subclasses (Subclasses 44-48)**

2624-2625.   Without knowledge.

**The Builder/Developer Subclasses (Subclasses 49-436)**

2626.  Without knowledge.

2627. Subclass # 78:  Without knowledge as to this subclass; denied that Bass Homes, Inc. should be included as a defendant in any Chinese drywall litigation as Bass Homes, Inc. was not in the business of manufacturing or selling drywall; therefore it is not

liable for latent defects and/or defective building materials supplied to it by suppliers.

**The Contractor/Installer Subclasses (Subclasses 437-529)**

2628.  Without knowledge.

**General Class Allegations and Exclusion from the Class Definitions.**

2630.  This allegation requires no response from this defendant.

2631-2639.   Without knowledge.

# COUNT I
## NEGLIGENCE (AGAINST ALL DEFENDANTS)

2640.  Bass Homes, Inc. adopts and re-alleges its responses to previous allegations as if fully set forth herein.

2641.  Admitted that Bass Homes, Inc. owed a duty to exercise reasonable care installing drywall in its homes; denied that Bass Homes, Inc. should be included as a defendant in any Chinese drywall litigation as Bass Homes, Inc. was not in the business of manufacturing or selling drywall; therefore it is not liable for latent defects and/or defective building materials supplied to it by suppliers.

2642.  Denied as to Bass Homes, Inc.

2643.  Denied as to Bass Homes, Inc.; denied that Bass Homes, Inc. should be included as a defendant in any Chinese drywall litigation as Bass Homes, Inc. was not in the business of manufacturing or selling drywall; therefore it is not liable for latent defects and/or defective building materials supplied to it by suppliers.

2644. Denied as to Bass Homes, Inc. as Bass Homes, Inc. justifiably relied on its own merchant drywall suppliers and drywall suppliers for its subcontractors (if any) to provide drywall that was fit for the ordinary purpose for which it was intended, i.e. fit for installation in the homes Bass built; further denied because at the time the subject drywall was installed in the home(s) built by Bass, Bass had no reason to know or to suspect that there were problems with the drywall it purchased from its suppliers; therefore, it would have not have been under any duty to warn of defects now alleged.

2645. Denied as to Bass Homes, Inc.; further denied as Bass Homes, Inc. expressly disclaimed any warranty for building materials used in construction of its homes and supplied by others.

2646. Denied as to Bass Homes, Inc. At the time this drywall was installed in the home(s) built by Bass, the state of the art regarding knowledge of potential problems with Chinese drywall and alleged "off gassing" was such that potential problems were unknown to recipients and users of these materials, such as builders like Bass Homes, Inc. and others similarly situated.

2647. Denied as stated.

## COUNT II
## NEGLIGENCE PER SE (AGAINST ALL DEFENDANTS)

2648. Bass Homes, Inc. adopts and re-alleges its responses to previous allegations as if fully set forth herein.

2649. Without knowledge.

2650. Denied as stated regarding Bass Homes, Inc. as Bass Homes, Inc. justifiably relied on its own merchant drywall suppliers and drywall suppliers for its subcontractors (if any) to provide drywall that was fit for the ordinary purpose for which it was intended, i.e. fit for installation in the homes Bass built; further denied because at the time the subject drywall was installed in the home(s) built by Bass, Bass had no reason to know or to suspect that there were problems with the drywall it purchased from its suppliers; therefore, it would have not have been under any duty to warn of defects now alleged.

2651. Denied as to Bass Homes, Inc. as Bass Homes, Inc. justifiably relied on its own merchant drywall suppliers and drywall suppliers for its subcontractors (if any) to provide drywall that was fit for the ordinary purpose for which it was intended, i.e. fit for installation in the homes Bass built; further denied because at the time the subject drywall was installed in the home(s) built by Bass, Bass had no reason to know or to suspect that there were problems with the drywall it purchased from its suppliers; therefore, it would have not have been under any duty to warn of defects now alleged.

2652. Denied as to Bass Homes, Inc. because at the time this drywall was installed in the home(s) built by Bass, the state of the art regarding knowledge of potential problems with Chinese drywall and alleged "off gassing" was such that potential problems were

unknown to recipients and users of these materials, such as builders like Bass Homes, Inc. and others similarly situated.

2653. Denied as to Bass Homes, Inc. because at the time this drywall was installed in the home(s) built by Bass, the state of the art regarding knowledge of potential problems with Chinese drywall and alleged "off gassing" was such that potential problems were unknown to recipients and users of these materials, such as builders like Bass Homes, Inc. and others similarly situated.

2654. Denied as to Bass Homes, Inc.

## COUNT III
## STRICT LIABILITY (ALL DEFENDANTS)

2655. Bass Homes, Inc. adopts and re-alleges its responses to previous allegations as if fully set forth herein.

2656. Denied as to Bass Homes, Inc.; denied that Bass Homes, Inc. should be included as a defendant in any Chinese drywall litigation as Bass Homes, Inc. was not in the business of manufacturing or selling drywall; therefore it is not liable for latent defects and/or defective building materials supplied to it by suppliers.

2657. Denied as to Bass Homes, Inc.; denied that Bass Homes, Inc. should be included as a defendant in any Chinese drywall litigation as Bass Homes, Inc. was not in the business of manufacturing or selling drywall; therefore it is not liable for latent defects and/or defective building materials supplied to it by suppliers.

2658. Without knowledge.

2659. Denied as stated as to Bass Homes, Inc.

2660. Without knowledge.

2661. Admitted on information and belief.

2662. Without knowledge as to other parties; admitted on information and belief as to Bass Homes, Inc.

2663. Denied as stated as to Bass Homes, Inc.; denied that Bass Homes, Inc. should be included as a defendant in any Chinese drywall litigation as Bass Homes, Inc. was not in the business of manufacturing or selling drywall; therefore it is not liable for latent defects and/or defective building materials supplied to it by suppliers.

2664-2666. Without knowledge.

2667. Denied as stated as to Bass Homes, Inc.; denied that Bass Homes, Inc. should be included as a defendant in any Chinese drywall litigation as Bass Homes, Inc. was not in the business of manufacturing or selling drywall; therefore it is not liable for latent defects and/or defective building materials supplied to it by suppliers.

2668. Denied as to Bass Homes, Inc. as Bass Homes, Inc. justifiably relied on its own merchant drywall suppliers and drywall suppliers for its subcontractors (if any) to provide drywall that was fit for the ordinary purpose for which it was intended, i.e. fit for installation in the homes Bass built; further denied because at the time the subject drywall was installed in the home(s) built by Bass, Bass had no reason to

know or to suspect that there were problems with the drywall it purchased from its suppliers; therefore, it would have not have been under any duty to warn of defects now alleged.

2669-2671. Without knowledge.

2672. Without knowledge as to alleged defects; denied that Bass Homes, Inc. had any duty to warn as Bass had no reason to know or to suspect that there were problems with the drywall it purchased from its suppliers.

## COUNT IV
## BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES
## (ALL DEFENDANTS)

2673. Bass Homes, Inc. adopts and re-alleges its responses to previous allegations as if fully set forth herein.

2674. Without knowledge.

2675. Denied as stated as to any knowledge of potential defects. Denied as stated as to any alleged warranty expressed or implied, as Bass Homes, Inc. expressly disclaimed any warranty for building materials used in construction of its homes and supplied by others.

2676. Denied as Bass Homes, Inc. was not in the business of manufacturing or selling drywall.

2677. Without knowledge.

2678. Denied as stated as to any alleged breach of warranty. Denied as stated as to any

alleged warranty expressed or implied, as Bass Homes, Inc. expressly disclaimed any warranty for building materials used in construction of its homes and supplied by others.

2679. Denied.

2680. Without knowledge.

## COUNT V
## BREACH OF THE IMPLIED WARRANTY OF FITNESS AND MERCHANTABILITY PURSUANT TO FLORIDA STATUTE SECTION 718.203
**(On behalf of Plaintiffs Who Own Condominiums in the State of Florida)**
**(Against Builders Only)**

2681-2692. These allegations do not appear to apply to Bass Homes, Inc., as Bass is not a Florida condo builder. To the extent a response is required, without knowledge; therefore, denied.

## COUNT VI
## BREACH OF THE IMPLIED WARRANTY OF HABITABILITY
**(Against Builders Only)**

2693. Bass Homes, Inc. adopts and re-alleges its responses to previous allegations as if fully set forth herein.

2694. Admitted.

2695. Denied.

2696. Denied as stated.

2697. Denied. Bass Homes, Inc. justifiably relied on its own merchant drywall suppliers and drywall suppliers for its subcontractors (if any) to provide drywall that was fit for

the ordinary purpose for which it was intended, i.e. fit for installation in the homes Bass built. At the time this drywall was installed in the home(s) built by Bass, Bass had no reason to know or to suspect that there were problems with the drywall it purchased from its suppliers. At the time this drywall was installed in the home(s) built by Bass, the state of the art regarding knowledge of potential problems with Chinese drywall and alleged "off gassing" was such that potential problems were unknown to recipients and users of these materials, such as builders like Bass Homes, Inc. and others similarly situated.

2698. Denied.

2699. Without knowledge.

## COUNT VII
## BREACH OF CONTRACT (Against Builders Only)

2700. Bass Homes, Inc. adopts and re-alleges its responses to previous allegations as if fully set forth herein.

2701. Denied as stated.

2702. Denied as stated.

2703. Without knowledge.

## COUNT VIII
## VIOLATION OF THE LOUISIANA NEW HOME WARRANTY ACT
## (Against Louisiana Builders Only)

2704. Bass Homes, Inc. adopts and re-alleges its responses to previous allegations as if fully set forth herein.

2705-2710.   These allegations do not appear to apply to Bass Homes, Inc., as Bass is not a Louisiana builder.  To the extent a response is required, without knowledge; therefore, denied.

## COUNT IX
### REDHIBITION (By Louisiana Plaintiffs Against All Defendants)

2711-2720.   This Count should not apply to Bass Homes, Inc. as it is not a Louisiana Builder.  To the extent a response is required, without knowledge; therefore denied.

## COUNT X
### LOUISIANA PRODUCTS LIABILITY ACT (Manufacturing Defendants (Pled in the Alternative Against Distributor Defendants)

2721.   Bass Homes, Inc. adopts and re-alleges its responses to previous allegations as if fully set forth herein.

2722-2734.   This Count should not apply to Bass Homes, Inc. as it is not a Manufacturing Defendant or a Distributor Defendant.  To the extent a response is required, without knowledge; therefore denied.

## COUNT XI
### PRIVATE NUISANCE (All Defendants)

2735.   Bass Homes, Inc. adopts and re-alleges its responses to previous allegations as if fully set forth herein.

2736-2741.   Denied as stated as to Bass Homes, Inc.

## COUNT XII
## NEGLIGENT DISCHARGE OF A CORROSIVE SUBSTANCE (All Defendants)

2742. Bass Homes, Inc. adopts and re-alleges its responses to previous allegations as if fully set forth herein.

2743-2748. Denied as stated as to Bass Homes, Inc.

## COUNT XIII
## UNJUST ENRICHMENT (All Defendants)

2749. Bass Homes, Inc. adopts and re-alleges its responses to previous allegations as if fully set forth herein.

2750-2752. Denied as stated.

## COUNT XIV
## VIOLATIONS OF CONSUMER PROTECTION ACTS (All Defendants)

2753. Bass Homes, Inc. adopts and re-alleges its responses to previous allegations as if fully set forth herein.

2754. This allegation does not appear to require a response. To the extent one is required, denied as stated.

2755-2757. Denied as stated as to Bass Homes, Inc.

## COUNT XV
## EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING (All Defendants)

2758. Bass Homes, Inc. adopts and re-alleges its responses to previous allegations as if fully set forth herein.

2759. Without knowledge.

2760-2770.   To the extent that a response if required from Bass Homes, Inc., denied that it is the actual or proximate cause of the situation as alleged; therefore, denied that Bass Homes Inc. is legally liable for the relief requested.

## AFFIRMATIVE DEFENSES

I.   Bass Homes, Inc. denies any paragraph or part thereof not specifically denied above.

II.   Bass Homes, Inc. adopts all affirmative defenses of other defendants similarly situated, to the extent they are consistent with the defenses asserted herein.

III.   Bass Homes, Inc. was not in the business of manufacturing or selling drywall; therefore it is not liable for latent defects and/or defective building materials supplied to it by others, including but not limited to suppliers.

IV.   Bass Homes, Inc. was not in the business of manufacturing drywall; therefore it is not liable for any alleged misrepresentation regarding drywall.

V.   Bass Homes, Inc. was not in the business of selling drywall; therefore it is not liable for any alleged warranty for drywall or alleged breach thereof.

VI.   Bass Homes, Inc. is not a merchant selling drywall; therefore it is not liable for any alleged implied warranty of merchantability for drywall or any alleged breach thereof.

VII.   Bass Homes, Inc. is not a merchant selling drywall; therefore it is not liable for any alleged implied warranty of fitness for a particular purpose or alleged breach thereof.

VIII.   Regarding the homes it constructed, Bass Homes, Inc. expressly disclaimed any

warranty for building materials used in construction of its homes and supplied by others.

IX. Bass Homes, Inc. justifiably relied on its own merchant drywall suppliers and drywall suppliers for its subcontractors (if any) to provide drywall that was fit for the ordinary purpose for which it was intended, i.e. fit for installation in the homes Bass built.

X. At the time this drywall was installed in the home(s) built by Bass, Bass had no reason to know or to suspect that there were problems with the drywall it purchased from its suppliers; therefore, it would have not have been under any duty to warn of defects now alleged.

XI. At the time this drywall was installed in the home(s) built by Bass, the state of the art regarding knowledge of potential problems with Chinese drywall and alleged "off gassing" was such that potential problems were unknown to recipients and users of these materials, such as builders like Bass Homes, Inc. and others similarly situated.

XII. To the extent this product is, has been, or becomes subject to a recall by the U.S. Consumer Product Safety Commission, all state and federal legal and equitable defenses arising from said product recall are incorporated herein by reference.

XIII. The complaint, and each cause of action alleged therein, fails to state a claim against Bass Homes, Inc. upon which relief may be granted.

XIV. Plaintiffs claims are barred by the applicable statute(s) of limitations.

XV. Bass Homes, Ins. actions were not the actual or proximate cause of the claimed

damages; hence, Plaintiffs ought not recover from Bass Homes, Inc.

XVI. Plaintiffs damages/injuries are less than claimed.

XVII. All alleged damages, if any, were caused in whole or in part by the actions of others over whom this Defendant had no control, and no right of control; hence Plaintiffs ought not recover against Bass Homes, Inc.

XVIII. The state of the art as of the date this answer was filed is that there is no conclusive evidence from government studies or otherwise that "off gassing" from Chinese drywall causes health problems in humans.

XIX. To the extent they claim the drywall in their dwellings is defective and/or a cause of health problems, the Plaintiffs are and have been under an affirmative duty to mitigate their damages and/or to terminate their exposure since the date they first obtained notice of their alleged problems.

XX. In the event that it is judicially determined that Plaintiff sustained damages as alleged, all of which has been specifically denied, then the damages were proximately caused by the intervening and supervening act(s) of other parties over whom this Defendant had no control, and no right of control, and for whose actions this Defendant is not liable.

XXI. All work performed by Bass Homes, Inc. was performed in a workmanlike manner, in accordance with building code requirements, and in conjunction with installation specifics; hence the Plaintiff ought not recover against Bass for the claimed damages.

XXII. Defendant asserts the fulfillment of all legal duties owed to Plaintiff, and the absence of any additional legal duties the Plaintiff attempts to impose via its Complaint, hence Plaintiff ought not recover against Bass Homes, Inc.

XXIII. Regarding alleged Redhibition in Count IX of the Omnibus Complaint purportedly by Louisiana Plaintiffs against all defendants:

    (i) The Plaintiff buyers did not give Bass Homes, Inc. a reasonable opportunity to repair the allegedly defective drywall product;

    (ii) The alleged hidden defect in the drywall product did not surface until well over three days after purchase; therefore, the responsibility for proving that the alleged defect existed at the time of the sale rests with the Plaintiff/buyer(s).

    (iii) Suit was not instituted within one year from the date of sale of the alleged defective products.

XXIV. The procedural standard for imposing punitive damages is unduly vague and does not furnish the jury sufficient guidance in determining whether, and how much to award in punitive damages, thereby permitting arbitrary and capricious taking of property in violation of the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

XXV. The imposition of punitive damages would violate the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution in each of the following ways:

(i)  The imposition of punitive damages that are vastly disproportionate to any actual injury would violate the Fourteenth Amendment of the United States Constitution.

(ii)  Disproportionate punitive damages constitute an arbitrary and capricious taking of property which is unjustified by any rational government interest, thereby violating the Fifth and Fourteenth Amendments of the United States Constitution.

(iii)  The award of punitive damages without specific standards to guide a jury's discretion in determining the amount of damages is contrary to Due Process under the Fourteenth Amendment of the United States Constitution.

(iv)  The substantive standards of liability under which punitive damages are sought in this case are ambiguous, subjective, and not reasonably ascertainable, and are thus void for vagueness under the Fourteenth Amendment of the United States Constitution.

**Bass Homes, Inc.  reserves the right to add additional defenses.**

WHEREFORE, having fully answered the Omnibus Class Action Complaint (I), Bass Homes, Inc. requests that the Court dismiss the allegations against Bass, and enter a judgment in its favor on all counts contained in the complaint, and that the Court grant such other relief as is just and proper.

    /s/   James T. Patterson
JAMES T. PATTERSON (PATTJ 0784)
*Counsel for Bass Homes, Inc.*

VERNIS & BOWLING of Southern Alabama, LLC

204 S. Royal Street
Mobile, AL 36602
Tel: (251) 432-0337
Fax: (251) 432-0244
JPatterson@Law-Alabama.com

**CERTIFICATE OF SERVICE**

  I hereby certify that the above and foregoing **Answer of Bass Homes, Inc.** has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this   8th   day of   March  , 2010.


               /s/ James T. Patterson
            JAMES T. PATTERSON (PATTJ 0784)
            *Counsel for Bass Homes, Inc.*

            VERNIS & BOWLING of Southern Alabama, LLC
            204 S. Royal Street
            Mobile, AL 36602
            Tel: (251) 432-0337
            Fax: (251) 432-0244