## United States District Court for the Eastern Louisiana

| | |
|---|---|
| Sean and Beth Payton, et al | Civil Action No.: 09-7628 |
| Plaintiff | MDL No.: 09-2047 |
| vs. | |
| KNAUF GIPS KG, et al | |
| Defendant | |
| _____/ | |

## MEMORANDUM IN SUPPORT OF DEFENDANT, TOTAL CONTRACTING AND ROOFING, INC'S MOTION TO DISMISS

**MAY IT PLEASE THE COURT**

The Defendant, TOTAL CONTRACTING AND ROOFING, INC., by and through its undersigned counsel appearing solely for the purpose of this Motion to Dismiss, moves this Honorable Court to issue an Order dismissing the claims of the Plaintiffs under Fed. R. Civ. Pro. Rule 12(b) (2) and (3) for the reasons articulated below. Specifically, TOTAL CONTRACTING AND ROOFING, INC is not subject to, nor have they submitted to, the jurisdiction of this Court, and the Eastern District of Louisiana is an improper venue for the proceedings against TOTAL CONTRACTING AND ROOFING, INC..

### I. BACKGROUND FACTS

This case includes numerous and varying claims arising out of the importation, installation, and use, of allegedly tainted dry wall. TOTAL CONTRACTING AND ROOFING, INC is alleged to be a distributor of the potentially hazardous drywall. On

1

January 7, 2010, Plaintiffs filed an "Omnibus Class Action Complaint I" naming TOTAL CONTRACTING AND ROOFING, INC and many other entities as Defendants. (Rec. Doc. 1). TOTAL CONTRACTING AND ROOFING, INC is correctly alleged to be a Florida corporation, with its principle place of business located in Parkland, Florida (Rec. Doc.1).

As this Court is aware, this class action suit filed by the Plaintiffs is related to numerous other filings across the country, all arising out of similar allegations that certain drywall, imported from China, is potentially hazardous. It is believed that TOTAL CONTRACTING AND ROOFING, INC. was named as a Defendant as they are an installer. However, as will be demonstrated below, TOTAL CONTRACTING AND ROOFING, INC. does not maintain minimum contacts with the State of Louisiana sufficient to allow jurisdiction by this Honorable Court. Accordingly, TOTAL CONTRACTING AND ROOFING, INC. moves this Court to issue an Order Dismissing the Plaintiff's Complaint against TOTAL CONTRACTING AND ROOFING, INC for lack of personal jurisdiction, and/or for improper venue.

    **II.**    **LAW AND ARGUMENT**

    **A.**    **TOTAL CONTRACTING AND ROOFING, INC. is not subject to personal jurisdiction in Louisiana.**

On December 9, 2009, Plaintiffs filed an Omnibus Class Action Complaint I" naming TOTAL CONTRACTING AND ROOFING, INC. and many other entities as defendants. (Rec Doc. 1). In the Complaint, the Plaintiffs allege, TOTAL CONTRACTING AND ROOFING, INC is an installer of drywall and related building products that engaged in these practices, which resulted in harm and damages to

Subclass Members." (Rec. Doc. 1, Paragraph 2123).  Further, Plaintiffs allege that TOTAL CONTRACTING AND ROOFING, INC. installed drywall that was installed in David and Wendy Smith's (5101 Lakeview Drive, Miami Beach, Florida 33141).  Plaintiffs correctly state that TOTAL CONTRACTING AND ROOFING, INC. is a Florida Corporation, with its principle place of business located at 5975 NW 72nd Court, Parkland, Florida 33067 (Rec. Doc. 1, Schedule 1, Page 54). However, TOTAL CONTRACTING AND ROOFING, INC.  is not authorized to do, and has never done, any business in the State of Louisiana. (Exhibit "A").  Additionally, TOTAL CONTRACTING AND ROOFING, INC. has never advertised in any publications targated to the State of Louisiana, has never received any business from any contacts in Louisiana, does not maintain an office in Louisiana, and does not solicit any business in Louisiana (Exhibit "A".)

Initially, it is clear that when the jurisdiction of the Court over the defendant is challenged, the burden rests with the Plaintiffs to prove there is personal jurisdiction. *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F. 2d 1134 (5th Cir. 1980).  Therefore, in the present matter, the burden rests with the Plaintiffs to demonstrate to this Court that there is personal jurisdiction over TOTAL CONTRACTING AND ROOFING, INC.. However, as will be demonstrated below, the Plaintiffs are unable to meet their burden of proof.

As this Court is aware, there are two (2) types of analyses that are applied to issues of jurisdiction, "specific" and "general".  When a cause of action arises out of a Defendant's purposeful contacts with the forum, the appropriate consideration is "specific" jurisdiction.  See *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286,

100 S.Ct. 559, 62 L. Ed.2d 490 (1980). Where a cause of action does not arise out of a foreign defendants's purposeful contacts with the forum, however, due process requires that the defendant have engaged in continuous any systematic contacts" in the forum to support the exercises of "general" jurisdiction over that defendant.  See _Helicopteros Nacionales de Colombia, S. A. V. Hall_, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984), Essentially, "general jurisdiction" requires a higher level of contact with the forum to support jurisdiction over the defendant.  However, as detailed below, TOTAL CONTRACTING AND ROOFING, INC. Is not subject to the jurisdiction of this Honorable Court under either a specific or general jurisdiction analysis.

### I)     SPECIFIC JURISDICTION

The Fourteenth Amendment's Due Process Clause protects a defendant's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts.  _Nuovo Pignone, Spa v. Storman Asia M/V,_ 310 F.3d 374, 378 (5th Cir. 10/31/2002); citing _Int'l Shoe Co. v. Washington_, 326 U.S. 310, 319, 66 S.Ct., 154, 90 L.Ed. 954 (1945).

The Fifth Circuit has clarified that when determining whether a court may assert jurisdiction over a non-resident defendant there are two components.  _Dalton v. R & W Marine, Inc._ 897 F.2d 1359, 1359, 1360 (5th Cir. 04/13/1990).  Initially, the defendant must be amenable to service of process under the forum state's jurisdictional long-arm statute. Id. Second, the exercise of jurisdiction must comport with the Due Process Clause of the Fourteenth Amendment _Id; See Stuart v. Spademan_, 772 F.2d 1185 (5th Cir. 1985).  Louisiana's long-arm statute, La. R.S. 13:3201, provides in pertinent part,

4

  A. A Court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident.

 (1) Transacting any business in this state.

 (2) Contracting to supply services or things in this state.

 (3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.

 (4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.

 (8) Manufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer's marketing practices.

" In addition to the provisions of Subsection A, a Court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States."  La. R.S. 13:3201 (B).

Accordingly, under the applicable case law and the Louisiana long-arm statute the proper analysis is whether exercising jurisdiction would violate the Due Process clause. The pertinent consideration regarding jurisdiction over TOTAL CONTRACTING AND ROOFING, INC. is whether TOTAL CONTRACTING AND ROOFING, INC. has "certain minimum contacts with the [the forum] such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."  See International Shoe Co. v. Washington, 326 U.S. at 316 (citations omitted).

The Fifth Circuit has developed a three-part test in order to determine whether

5

jurisdiction is appropriate under the Due Process Clause and *International Shoe. Nuovo Pignone, Spa v. Storman Asia M/V,* 310 F.3d 374 (5th Cir. 10/31/2002). First, the Court analyzes whether the defendant has minimum contacts with the forum state, i.e., whether it purposefully directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there. Second, the appropriate inquiry is whether the Plaintiff's cause of action arises of, or results from, the defendant's forum related contacts. The last consideration is whether the exercise of personal jurisdiction is fair and reasonable.

### a). <u>**TOTAL CONTRACTING AND ROOFING, INC. did not purposefully direct its activities toward Louisiana.**</u>

In order to determine whether Venture Supply has minium contacts with Louisiana, the Court, must identify some act whereby [TOTAL CONTRACTING AND ROOFING, INC.] "purposely avail[ed] itself of the privilege of conducting activities [there], thus invoking the benefits and protections of its laws." *Luv n' Care, Ltd. v. insta-Mix, Inc.*, 438 F.3d 465, 469, 470 (5th Cir. ½ 5/2006). In other words, Venture Supply's conduct must show that it "reasonably anticipates being haled into Court" in Louisiana. Id. At 470; citing *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). However, **TOTAL CONTRACTING AND ROOFING, INC. Has not commited any act to show that it reasonably anticipates being haled into Court in Louisiana, and the burden is on the plaintiffs to prove to the contrary.**

Plaintiffs are unable to meet their burden of proof as established by this Court

and the United States Fifth Circuit.  As stated above, <u>TOTAL CONTRACTING AND ROOFING, INC.  has not installed any of its products to any customers in the State of Louisiana. (Exhibit "A").  TOTAL CONTRACTING AND ROOFING, INC. has not targeted any of its activities towards the State of Louisiana (Exhibit "A").  TOTAL CONTRACTING AND ROOFING, INC. is unaware, and it has not been established, that any of its products even entered Louisiana. (Exhibit "A".)</u>  Plaintiffs have not established any fact to the contrary, and it is their burden to make such a showing to this Court.

### b)     Plaintiffs claims do not arise out of any contact with Louisiana by TOTAL CONTRACTING AND ROOFING, INC. .

The second inquiry under the Fifth Circuit's test established in Nuovo Pignone. Spa v. Storman Asia M/V, 310 F.3d 374 (5th Cir. 10/31/2002), is whether Plaintiffs' cause of action relates to the Defendant's forum-related contacts.  This case involves allegedly defective drywall.  TOTAL CONTRACTING AND ROOFING, INC did not design, manufacture, export, import, distribute, market or sell the "defective" drywall, and therefore, had no duty to test the drywall (Exhibit "A").  Although Plaintiffs have made vague and generic allegations about "distributing defective drywall to Class Members." plaintiffs have no information or evidence to show that this litigation relates to any contacts with Louisiana by TOTAL CONTRACTING AND ROOFING, INC. Plaintiffs do not even allege that TOTAL CONTRACTING AND ROOFING, INC. distributed drywall in Louisiana. Consequently, the plaintiffs' cause of action cannot arise from or relate to these non-existent contacts.

    **c)**    **Exercising jurisdiction over TOTAL CONTRACTING AND ROOFING, INC. would violate the dictates of International Shoe.**

Lastly, the Court must inquire into whether the exercise of jurisdiction in Louisiana would "offend traditional notions of fair play and substantial justice." Id.; citing International Shoe, 326 U.S. at 316, 66 S. Ct. 154. TOTAL CONTRACTING AND ROOFING, INC. is not authorized to do, and has never done any business in the State of Louisiana. (Exhibit "A").

TOTAL CONTRACTING AND ROOFING, INC. incorporates of all of the previous arguments and submits to this Court, that requiring them to defend a suit in a state where they have absolutely no contracts, and the Plaintiffs have failed to establish that TOTAL CONTRACTING AND ROOFING, INC. is not an installer have entered the forum or caused injury, would "offend traditional notions of fair play and substantial justice."  Furthermore, the burden and expense of litigating in Louisiana, and the expected heavy amount of travel from Florida in order to defend the allegation in this complex litigation outweighs the benefit of exercising jurisdiction.  See in general: _Felch v. Transportes Lar-Mex Sa De CV,_ 92 F.3d 320, 324 (4th Cir. 1996) (Wherein the Fifth Circuit announces the reasonableness factors discussed infra).  While Louisiana has in interest in protecting its citizens, and Total Contracting and Roofing, Inc. acknowledges this fact, Total Contracting and Roofing, Inc. has never directed any activity to the citizens of Louisiana (Exhibit "A"), and Plaintiffs must satisfy their prima facie showing prior to this Court considering Louisiana's interest in adjudicating this matter.  Next, the Plaintiff may secure relief in a proper forum, other than the Eastern District of Louisiana.

TOTAL CONTRACTING AND ROOFING, INC. is a Florida corporation with its principle place of business in Florida. Accordingly, the Plaintiffs have already filed a Complaint against TOTAL CONTRACTING AND ROOFING, INC.. Lastly, the shared interests of the several states would be furthered by adhering to the long-held requirements that a Defendant maintain minimum contacts with a forum prior to being subject to the jurisdiction of that forum's courts.

For the reasons set forth above, the Plaintiffs have not satisfied their burden of proof justifying this Court's exercise of jurisdiction over TOTAL CONTRACTING AND ROOFING, INC. under a specific jurisdiction analysis.

### 2.) GENERAL JURISDICTION

It is anticipated that, the Plaintiffs will also argue that this Court should exercise jurisdiction over TOTAL CONTRACTING AND ROOFING, INC. even in the event that the cause of action did not arise out of TOTAL CONTRACTING AND ROOFING, INC. contacts with Louisiana.

As previously set forth, where a cause of action does not arise out of a foreign Defendant's purposeful contacts with the forum, due process requires that the Defendant have engaged in the higher standard of "continuous and systematic contacts" in the forum to support the exercise of "general" jurisdiction over that Defendant. See *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 104 S. Ct. 1868, 80 L.Ed.2d 404 (1984).

The Louisiana Eastern District addressed the issue of general jurisdiction in *Olagues v. Kousharian*, 557 R. Supp.2d 731 (E.D. La. 5/27/200/). In *Olagues*, the

9

Eastern District stated that general jurisdiction may be exercised over a defendant where that Defendant has "continuous and systematic general business contacts with the forum state." Id. At 738; citing <u>Helicopeteros Nacionales de Colombia</u>, S.A. v. Hall, 466 U.S. at 416.  Consequently, the Plaintiffs would be subject to a higher burden of proving that TOTAL CONTRACTING AND ROOFING, INC. engaged in "continuous and systematic" contacts.  The *Olagues* court found, "The "continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a Defedant and forum." (Emphasis Added). Id; citing Johnston v. Multidata Sys. Int'l Corp.; 523 F.3d 602, 609 (5th Cir. 2008).  As discussed above, 1) <u>They never advertised in any publication targeted to the State of Louisiana</u>, 2) <u>Total Contracting and Roofing, Inc. has never received any business from any contacts in Louisiana</u>, 3) <u>They do not maintain any offices in Louisiana;</u> and 4) <u>Total Contracting and Roofing, Inc. does not solicit any business in Louisiana. (Exhibit "A").</u>

Further, even repeated contacts by Total Contracting and Roofing, Inc., which at all times is vehemently denied, with Louisiana, "may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction." Id.; citing Revell v. Lidov, 317 F.3d 467, 471 (5th. Cir. 2002).  Even if the Plaintiffs were able to establish some of the products Total Contracting and Roofing, Inc. distributed ultimately found their way to Louisiana, this Court has found that, random, fortuitous, or attenuated contacts will not be sufficient for the Court to find that general jurisdiction exists. Id. At 738.

### 3)     EFFECT OF THESE PROCEEDINGS AS A CLASS ACTION OR MULTI-DISTRICT LITIGATED MATTER.

The Louisiana Eastern District has refused to alter its jurisdictional analysis based on a class certification. *In Re: train Derailment Near Amite, Louisiana, On October 12, 2002;* 2004 WL 224573 (E.D. La. 2/3/2004.) In that case, the Plaintiff brought suit against two railroad defendants arising out of a train derailment in Louisiana. *Id.* at *1. The Plaintiff asserted individual and class claims. The defendant individual and class claims. The Defendant asserted that it was not amenable to suit in Louisiana. In opposition, the Plaintiff asserted that the Motion to Dismiss should be denied or deferred because, the Court has recently certified a class in this matter changing the procedural paradigm from one of multidistrict litigation to a class action." Id. At *1. Following the analysis of jurisdiction, the Court concluded, "Finally, this court is unpersuaded that the certification of a class in this case has any bearing on the [Defendant's] Motion to Dismiss for lack of personal jurisdiction. **The personal jurisdiction determination depends solely on [the defendant's] conduct in and contacts with the forum state."** *Id.* at *3.

**B.   The Eastern District of Louisiana is an improper forum for any claims brought against Total Contracting and Roofing, Inc.**

Alternatively, should this Court find that Total Contracting and Roofing, Inc. is subject to personal jurisdiction, the Eastern District of Louisiana is not the proper forum for the claims against Total Contracting and Roofing, Inc..

28 U.S.C.A. Statute 1404 states in pertinent part:

(**a**) For the convenience of parties and witnesses, in the interest of justice, a District Court may transfer any civil action to any other district or division where it might have been brought.

11

(**b**) Upon Motion, consent or Stipulation of all parties, any action, suit or proceedings of a civil nature or any Motion or hearing thereof, may be transfered, in the discretion of the Court, from the division in which pending to any other division in the same district.  Transfer of proceedings, *in rem* brought by or on behalf of the United States may be transferred under this section without the consent of the United States where all other parties request transfer. Additionally, 28 U.S.C.A. Statute 1406 states in pertinent part:

(**a**)   The District Court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if be in the interest of justice, transfer such case to any district or division in which it could have been brought.

As is discussed at length above, the Eastern District of Louisiana does not possess jurisdiction over Total Contracting and Roofing, Inc..  Additionally, or in the alternative, the Eastern District of Louisiana is an improper venue for any and all claims brought against Total Contracting and Roofing, Inc.. 1) <u>They never advertised in any publications targeted to the State of Louisiana</u>. 2) <u>Total Contracting and Roofing, Inc. never received any business from any contacts in Louisiana</u>, 3) <u>They do not maintain any offices in Louisiana</u>; and 4) <u>Total Contracting does not solicit any business in Louisiana</u>. (Exhibit "A").  The Plaintiffs are unable to establish that any activities on behalf of Total Contracting and Roofing, Inc. occurred in the State of Louisiana, that any of Total Contracting and Roofing products ended up in the forum, or that Total Contracting and Roofing, Inc. is even subject to jurisdiction in this district.  If this Court does not dismiss the claims against Total Contracting and Roofing, Inc. for lack of

12

personal jurisdiction, the convenience of the parties and witnesses and interest of justice require a transfer of this case. Total Contracting and Roofing, Inc. prays that this Honorable Court dismiss the Plaintiffs' claims against Total Contracting and Roofing, Inc., or transfer said claims to a venue where they could have originally been brought, namely Florida.

### III. CONCLUSION

On December 9, 2009, Plaintiffs filed an "Omnibus Class Action Complaint I" naming Total Contracting and Roofing, Inc. as a Defendant. (Rec. Doc. 1). However, Total Contracting and Roofing, Inc. does not have minimum contacts within Louisiana sufficient to be subject to the jurisdiction of this Honorable Court. The Fifth Circuit Court is clear that when jurisdiction of the Court over the Defendant is challenged, the burden rests with the Plaintiffs to prove there is personal jurisdiction. *Familia DeBoom v. Arosa Mercantil,* S.A., 629 F.2d 1134 (5th Cir. 1980). In the present matter, Total Contracting and Roofing, Inc. has demonstrated to this Court that the exercise of jurisdiction would be improper. In the alternative, Total Contracting and Roofing, Inc. argues that venue is also improper in the Easter District of Louisiana.

Accordingly, Defendant, Total Contracting and Roofing, Inc. prays that its Motion to Dismiss pursuant to Fed. R. Civ. Pro. Rule 12 be granted, and that this Honorable Court dismiss the Plaintiffs' claim against Total Contracting and Roofing, Inc. as this Court does not have personal jurisdiction over Total Contracting and Roofing, Inc. and

the Eastern District of Louisiana is an improper venue for any claims against Total Contracting and Roofing, Inc.

                                               Respectfully submitted,

*Gloria Pomerantz*
Gloria Pomerantz, Esquire
Florida Bar No.: 483192
Law Office of Gloria Pomerantz, P.A.
2881 East Oakland Park Boulevard,
The Crexent Business Center, Suite 312
Fort Lauderdale, Florida 33306
Telephone No.: 954-463-1310
Facsimile: 954-463-7289

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the Memorandum in Support of Defendant, Total Contracting and Roofing, Inc.'s Motion to Dismiss was forwarded by U.S. Mail this 8th day of March, 2010 to the Law Office of Russ M. Herman, Esquire, Leonard A. Davis, Esquire, attorneys for the Plaintiffs Sean and Beth Payton, et al, of Herman, Herman, Katz & Cotlar, LLP, 820 O'Keefe Avenue, New Orleans, Louisiana 70113, and Kerry Miller, Esquire, 1100 Poydars Street, Suite 3700, New Orleans, Louisiana 70163

                Gloria Pomerantz, Esquire
                Law Office of Gloria Pomerantz, P.A.
                2881 East Oakland Park Boulevard,
                The Crexent Business Center, Suite 312
                Fort Lauderdale, Florida 33306
                Telephone No.: 954-463-1310
                Facsimile: 954-463-7289

By: *Gloria Pomerantz*
      Gloria Pomerantz, Esquire.
      FLORIDA BAR NO.: 483192