UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * | MDL NO. 2047 |
| THIS DOCUMENT RELATES TO: | * * | JUDGE FALLON |
| SHELLY SANSONE | * * | MAG. WILKINSON |
| Versus | * * | 10-723 |
| STATE FARM FIRE & CASUALTY COMPANY | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT STATE FARM FIRE & CASUALTY COMPANY'S
RULE 12(b)(6) MOTION TO DISMISS PETITION FOR DAMAGES**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant State Farm Fire & Casualty Company ("State Farm"), through undersigned counsel, respectfully moves this Court for dismissal of the claim against State Farm set forth in the Petition for Damages filed by Plaintiff Shelly Sansone for failure to state a claim upon which relief can be granted. State Farm states the following grounds for its motion to dismiss:

1. Plaintiff's Petition alleges that she has sustained property damage and bodily injury as the result of the existence of defective drywall in her home. Plaintiff alleges that her

homeowners insurance policy issued by State Farm ("the Policy") provides coverage for such losses.

2. The presence of defective drywall in Plaintiff's home is not an accidental direct physical loss within the insuring agreement of the Policy.

3. Any damage to Plaintiff's home was caused by faulty workmanship or faulty materials, which are unambiguously excluded from coverage under the Policy.

4. Any damage to Plaintiff's home was directly and immediately caused by a latent defect. The plain and unambiguous terms of the Policy exclude such losses from coverage.

5. Any damage to Plaintiff's home consisting of or directly and immediately caused by corrosion is excluded from coverage under the Policy.

6. Any alleged damage to Plaintiff's home consisted of or was directly and immediately caused by contamination, which are losses the Policy unambiguously excludes from coverage.

7. Any alleged damage to Plaintiff's personal property was not caused by an enumerated peril, as required by the personal-property insuring agreement of the Policy.

8. The Policy does not provide first-party coverage for any bodily injury purportedly sustained by Plaintiff or her family.

9. The Policy does not cover Plaintiff's alleged loss of use of her property in the absence of an underlying loss that is otherwise insured under the Policy.

10. Under Louisiana law, Plaintiff may not recover for any alleged diminished value of her property on a first-party insurance contract claim.

11. Because no coverage exists under the Policy for Plaintiff's alleged losses, Plaintiff has no claim as a matter of law for bad faith, failure to adjust and pay a claim, or attorneys' fees.

In support of its motion, State Farm relies on its Memorandum of Law in Support of Its Rule 12(b)(6) Motion to Dismiss, submitted herewith, and the authorities cited therein.

WHEREFORE, Defendant State Farm Fire & Casualty Company respectfully requests that the instant motion be granted and that the Court dismiss Plaintiff's claim against State Farm with prejudice for failure to state a claim upon which relief can be granted.

This 8th day of March, 2010.

_____
**ADRIANNE L. BAUMGARTNER, T.A. (#2861)**
**DARRIN M. O'CONNOR (#24582)**
**EMILY S. MORRISON  (#18351**)
PORTEOUS, HAINKEL & JOHNSON
408 North Columbia Street
Covington, LA 70434
(985) 893-4790
Abaumgartner@phjlaw.com
doconnor@phjlaw.com
emorrison@phjlaw.com

**JAMES R. NIESET, JR. (#24856)**
PORTEOUS, HAINKEL & JOHNSON, LLP
704 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3838
Jnieset@phjlaw.com

**Attorneys for State Farm Fire & Casualty Company**

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing Defendant State Farm Fire & Casualty Company's Rule 12(b)(6) Motion to Dismiss has been served upon Greg Dileo and Kanner and Whiteley, counsel for Plaintiff Shelly Sansone, Plaintiffs' Liaison Counsel Russ Herman, and Defendants' Liaison Counsel Kerry Miller by U.S. Mail and email <u>or</u> by hand-delivery and email <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on the 8th day of March, 2010.

                                                                     <u>/s/ Adrianne L. Baumgartner</u>