UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | § | MDL No. 2047 |
| DRYWALL PRODUCTS LIABILITY | § | |
| LITIGATION | § | SECTION: L |
| | § | |
| | § | JUDGE FALLON |
| | § | |
| This Document Relates to: | § | MAG. JUDGE WILKINSON |
| | § | |
| *Hernandez v. Knauf*, Case No. 09-6050 | § | |
| (E.D.La.) | § | |
| | § | |

**KNAUF PLASTERBOARD (TIANJIN) CO. LTD.'S MEMORANDUM IN
SUPPORT OF MOTION IN *LIMINE* (NO. 3) TO BAR DAVID MALONEY FROM
TESTIFYING ABOUT HIS OBSERVATIONS OR OPINIONS WITH RESPECT
TO PURPORTED DAMAGE TO PLAINTIFFS' PERSONAL PROPERTY**

Knauf Plasterboard (Tianjin) Co. Ltd. ("KPT") submits this Memorandum in

Support of its Motion *In Limine* to Bar Certain Observations or Opinions expressed by

David Maloney during his trial deposition.  Plaintiffs retained Mr. Maloney to appraise

the replacement cost of specified personal property.   Mr. Maloney admits that this

direction by the plaintiffs prevents him from considering other potential value

measurements.  Nevertheless, Mr. Maloney testifies to the extraordinary assumption that

exposure to drywall may have damaged some of the personal property.

Because Mr. Maloney admits that his property damage assumption is unrelated to

his valuation determination, is irrelevant, and is not grounded in an analysis of the actual

condition of the personal property, pursuant to FRE 403 and 702, any opinions regarding

damage to personal property, such as perceived odors or the ability to adequately repair

the property, should be barred.

## I. Background.

Mr. Maloney is a personal property appraiser. Plaintiffs retained him to testify as to the value of personal property that the Hernandez's allege to have been damaged by drywall. Importantly, Mr. Maloney was not asked to devise a methodology for the value determination. Rather, Plaintiffs instructed him to simply determine the cost to replace forty (40) articles, including appliances, televisions, toasters and other common household items. (*See* Maloney Deposition, attached as Exhibit A, at 22-23, 56.) Mr. Maloney determined their replacement cost by searching the internet websites of stores like Wal-Mart, Home Depot, Lowe's, Target, etc. (Maloney Dep. at 47.)

Mr. Maloney's report and his proposed trial testimony offers superfluous, "extraordinary assumptions" regarding purported property damage that are unrelated to the value determination and should be excluded:

- That prior to the installation of Chinese drywall, all mechanical, electrical and electronic items of property were in good working order, and the fabric home furnishings did not have a strong, abnormal smell. These assumptions are supported by statements made by the owners.

- That subsequent to exposure to Chinese drywall, the mechanical, electrical and electronic condition of some of the items of property may have become compromised, and some fabric home furnishings have a strong, abnormal smell. These assumptions are supported by my personal observations as well as statements made by the owners.

(Report, dated Feb. 12, 2010 at 2, attached as Ex. B.)

## II. Argument.

Mr. Maloney was not retained to provide opinions regarding the extent of damage to Plaintiffs' personal property, but to provide a simple valuation of replacement cost by surfing the internet for the current prices of select objects. More specifically, as Mr. Maloney admitted in his deposition, no analysis of personal property damage was even

necessary, because Plaintiffs instructed that he use replacement value (new) to appraise the items selected by Plaintiffs:

> Q:    Were you instructed to use replacement value (new) as the criteria of the appraisal of these items?
>
> A:    Yes, I was.
>
> Q:    Were you also instructed on exactly what items to appraise?
>
> A:    Yes, I was.

(Maloney Dep. at 23:9-15.)

Similarly, Mr. Maloney admitted that he did not perform any analysis to support opinions regarding purported property damage, and is not qualified to offer such opinions.    (Maloney Dep. at 65:7-11.)    Rather, in developing his extraordinary assumptions and opinions regarding purported property damage, Mr. Maloney simply relied on his discussions with the Plaintiffs:

> Q:    You're not providing an opinion in this case that these items are actually corroded or failed, correct?
>
> A:    No, I am not.
>
>         *        *        *
>
> Q:    Did you seek out or ask for any kind of opinions or sort of a comprehensive review of whether or not the—these materials are compromised?
>
> A:    No, I didn't; just my discussions with the [Plaintiffs].
>
> Q:    So in a sense, your opinions obviously go to the value of replacement, not whether the items actually need to be replaced?
>
> A:    That was my task, yes.

(Maloney Dep. at 65:3-6 & 68:13-23.)  Mr. Maloney was not asked to and should not provide opinions reading Plaintiffs' alleged property damage beyond the request

replacement cost (new) valuation.   His observations are merely redundant of the Hernandez's and plaintiffs' other experts and are not relevant to the case.

Moreover, on direct examination and cross-examination, Mr. Maloney admitted that the "extraordinary assumptions" he reached are "irrelevant" and have "have no impact on the replacement value (new) of the 40 items."   (Maloney Dep. at 33-35). Instead, Mr. Maloney described the extraordinary assumptions as merely "informative":

> Q:     … these extraordinary assumptions are informative, but your assignment was to calculate the replacement value new?
>
> A:  That's correct.
>
> Q:     And so they're not relevant to the numbers that you came up with for replacement value new?
>
> A:     That's correct.   They're just supportive of --- of the understandability of the report.

(Maloney Dep. at 66:15 – 67:2.)

For the foregoing reasons, KPT respectfully requests that any opinions or testimony of Mr. Maloney regarding actual damage to Plaintiffs' personal property, such as perceived odors or the ability to adequately repair the personal property, be barred pursuant to FRE 403 and 702.

Respectfully submitted,

BY:s/Douglas B. Sanders

KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
PAUL C. THIBODEAUX (#29446)
**FRILOT L.C.**
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone: (504)599-8194
Facsimile: (504)599-8145

Email: kmiller@frilot.com

-AND-

DONALD J. HAYDEN (Fla. Bar No. 0097136)
BAKER & McKENZIE LLP
MELLON Financial Center
1111 Brickell Avenue Suite 1700
Miami, FL  33131
Telephone:      (305) 789-8966
Facsimile:      (305) 789-8953
Email: donald.j.hayden@bakernet.com

DOUGLAS B. SANDERS (IL Bar No. 6256621)
RICHARD M. FRANKLIN (IL Bar No. 0864390)
**BAKER & MCKENZIE LLP**
130 E. Randolph Drive
One Prudential Plaza
Chicago, IL  60601
Telephone:      (312) 861-8075
Facsimile:      (312) 698-2375
Email: douglas.b.sanders@bakernet.com

## **CERTIFICATE**

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 2047, on this 8th day of March, 2010.

s/Douglas B. Sanders