UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  CHINESE-MANUFACTURED | * | MDL Docket No. 2047 |
| DRYWALL PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE WILKINSON |
| | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * *

**JOINT REPORT NO.  9 OF
PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL**

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC")

submit this Joint Report No. 9.  All Pre-Trial Orders are posted on the court's website located at

www.laed.uscourts.gov which has a tab that links directly to "Drywall MDL".  The Court's

website also includes other postings relevant to the litigation.

I.      PRE-TRIAL ORDERS

The Court has issued the following Pre-Trial Orders:

Pre-Trial Order No. 1 entered June 15, 2009 – Initial Case Management

Pre-Trial Order No. 1A entered August 28, 2009 – Counsel must Enter
Appearances for Served Parties or risk Default Judgment

Pre-Trial Order No. 1B entered October 9, 2009 – Amending Pre-Trial Order No.
1 to clarify the preservation of physical evidence during home remediation.

Pre-Trial Order No. 1C entered November 24, 2009 – Lifting the stay on motion
practice, but continuing all motions filed in the MDL without date.  Pursuant to a
November 25, 2009 Order, all motion practice in the *Gross* matter (09-6690) is
stayed.

Pre-Trial Order No. 1D entered January 8, 2010 – Clarifies Pre-Trial Order 1C and lifts the stay with regard to responsive pleadings.

Pre-Trial Order No. 1E entered February 12, 2010 – Regarding stay of responsive pleadings in *Gross.*

Pre-Trial Order No. 2 entered June 16, 2009 – Notice to Transferor Court

Pre-Trial Order No. 2A entered September 18, 2009 – Means of Tracking Remands in MDL 2047

Pre-Trial Order No. 3 entered July 6, 2009 – Designation of Plaintiffs' Liaison Counsel

Pre-Trial Order No. 4 entered July 6, 2009 – Designation of Defendants' Liaison Counsel

Pre-Trial Order No. 5 entered July 6, 2009 – Contact Information

Pre-Trial Order No. 5A entered July 9, 2009 – Counsel Contact Information Form

Pre-Trial Order No. 6 entered July 21, 2009 – Electronic Service (LexisNexis)

Pre-Trial Order No. 7 entered July 27, 2009 – Appointment Defendants' Steering Committee

Pre-Trial Order No. 7A entered August 4, 2009 – Amending PTO 7 re: Defendants' Steering Committee

Pre-Trial Order No. 7B entered August 27, 2009 – Amending PTO 7 re: list containing Defendants' Steering Committee and lists responsibilities for same

Pre-Trial Order No. 8 entered July 28, 2009 – Appointing Plaintiffs' Steering Committee

Pre-Trial Order No. 9 entered July 28, 2009 – Time and Billing Guidelines/Submissions

Pre-Trial Order No. 10 entered August 21, 2009 – All parties to provide PLC or DLC with photographic catalog of markings, brands, endtapes and other identifying markers found in affected homes by August 26, 2009. PSC and DSC to collect and submit data to the Court and inspection company for TIP a joint catalog of data to assist in training of inspections no later than August 28, 2009.

Pre-Trial Order No. 11 entered August 17, 2009 -  Profile forms to be distributed to appropriate parties and filed and returned on or before September 2, 2009

Pre-Trial Order No. 12 entered August 25, 2009 – Court will prepare final version of Distributor Profile Form.

Pre-Trial Order No. 12A entered August 25, 2009 – Court adopted Distributor Profile Form be distributed to appropriate parties and returned to DLC Kerry Miller on or before 9/8/09, either electronically or by hard copy

Pre-Trial Order No. 13 entered August 27, 2009 – Court institutes and will supervise Threshold Inspection Program (TIP).  Court appoints Crawford & Company to carry out the inspections.

Pre-Trial Order No. 13(A) entered November 24, 2009 – Amending the Threshold Inspection Program (TIP).

Pre-Trial Order No. 14 entered September 24, 2009 - Court approves Exporter, Importer or Broker Profile Form, and provides requirements for issuance and return of the form.

Pre-Trial Order No. 14(A) entered October 13, 2009 – Court approves a revised Exporter, Importer or Broker Defendant Profile Form.

Pre-Trial Order No. 15 entered September 25, 2009 – Counsel must provide privilege log for documents withheld in response to discovery requests.  Also, the accidental production of privileged information does not constitute a waiver of the privilege.

Pre-Trial Order No. 16 entered September 25, 2009 – Pertains to the disclosure, use and protection of confidential information produced during the course of this MDL.

Pre-Trial Order No. 17 entered November 2, 2009 – Recognizing and Confirming KPT's Agreement to Accept Service of PSC's Omnibus Class Action Complaint.

Pre-Trial Order No. 18 entered November 5, 2009 – Appointing Phillip A. Wittmann to be the Homebuilders and Installers Liaison Counsel.


II.    PROPERTY INSPECTIONS

Crawford & Company ("Crawford") inspected thirty (30) homes initially pursuant to Pre-Trial Order No. 13 and the revised inspection protocol.  No additional inspections have taken place; however, Crawford is prepared to continue inspections upon notice from the parties

3

or the Court.  The parties will be prepared to discuss this further at the monthly status conference on March 11, 2010.

### III.    PLAINTIFF AND DEFENDANT PROFILE FORMS

In Pre-Trial Orders 11 and 12A, the Court approved a Plaintiff Profile Form, a Defendant Manufacturers' Profile Form, a Contractor/Installer Profile Form, a Builder Defendant Profile Form and a Defendant Distributor Profile Form.   In Pre-Trial Order 14, the Court approved the Importer/Exporter/Broker Profile Form.   Completed and signed profile forms must be submitted timely pursuant to the Pre-Trial Orders, by all parties, and all parties are to continue to supplement responses as additional information is received.   As new parties are added to the MDL, those parties are to respond to the appropriate profile form currently due 15 days of becoming a party to the MDL.    The parties have submitted to the Court a proposed Pre-Trial Order 1F to address certain deadlines for the filing of Profile Forms and Appearances of Parties in cases in the MDL.   The parties will be prepared to discuss this further at the monthly status conference on March 11, 2010.

Further, the parties have been discussing the creation of a Retailer Profile Form. To date, the retailer form has not been submitted to the Court.   The parties will be prepared to discuss this further at the monthly status conference on March 11, 2010.

### IV.    PRESERVATION ORDER

On October 9, 2009, the Court issued Pre-Trial Order No. 1B, clarifying the protocol for the preservation of physical evidence during home remediation.   Pre-Trial Order No. 1 continues in effect regarding documents/ESI.

### V.    STATE/FEDERAL COORDINATION

At the status conference on August 11, 2009, the Court instructed the PSC and DSC to confect separate subcommittees on state and federal coordination.   The PSC has filed a

Motion to Create a State/Federal Coordination Committee.  The matter is not yet set for hearing and the PSC has requested that the stay be lifted so that the motion can be heard.  The parties will be prepared to discuss State/Federal coordination at the monthly status conference on March 11, 2010.

VI.   <u>STATE COURT TRIAL SETTINGS</u>

Defendants will be prepared to advise the Court, to the best of their knowledge, of the following at the status conference on March 11, 2010:

1)   All trial settings in state court that are set over the next 12 months;

2)   All pending discovery motions in state court cases;

3)   All dispositive motions pending in state court cases; and

4)   Any state court issues that should be discussed as a matter of state/federal coordination.

In addition to the foregoing, the PSC will advise the Court of all motions that are pending regarding tag-along cases and, to the extent known, assist in advising the Court regarding the above mentioned matters.

VII.   <u>MOTIONS IN THE MDL</u>

PLC has consulted with DLC and they are in the process of creating a master database that sets forth the identification of pending motions, the parties who filed the motion, the docket number and other relevant information so that the Court can have an index of substantive motions pending in this matter.  PLC and DLC will coordinate with the Court and provide reports on an ongoing basis once the database is completed.  It is anticipated that the index will assist the Court pursuant to the directive given by the Court on September 8, 2009 to counsel for Plaintiffs and Defendants to indicate which motions needed to be heard on an expedited basis and to prioritize such motions and further set forth scheduling deadlines with

respect to such motions.  The stay issued in Pre-Trial Order No. 1 was modified to allow the parties to file certain proposed motions.

On November 29, 2009, the Court issued Pre-Trial Order No. 1C which allows parties to file motions before the MDL Court and provides that the motions will be continued without date, unless a motion is specifically excepted from the continuance set forth in the Pre-Trial Order and further that the Court will organize and prioritize the continued motions and in due course, set the motions for hearing and further that no responses to the motions are due until two (2) weeks before the hearing date set by the Court.  On January 8, 2010, Pre-Trial Order 1D was issued to clarify Pre-Trial Order 1C and lifts the stay with regard to responsive pleadings. On February 12, 2010, the Court issued Pre-Trial Order No. 1E which clarifies filings of responsive pleadings in the *Gross* matter (09-6690).  The parties will be prepared to discuss this further at the monthly status conference on March 11, 2010.

VIII.  <u>DISCOVERY ISSUES</u>

On September 2, 2009, the PSC provided its First Set of Discovery Requests on Defendants.  Numerous meet and confers have taken place between the parties in an attempt to narrow issues in dispute.  The meet and confers included topics relating to hard copy document production, ESI and also addressed the FRCP 30(b)(6) deposition notices that were provided to Defendants on September 2, 2009.

On October 19, 2009, the 30(b)(6) deposition of the La Suprema entities took place.  On December 16 and 17, 2009, the 30(6)(6) deposition of Venture Supply and Porter Blaine entities took place.  The 30(b)(6) deposition of Mazer Super Discount Store took place on January 29, 2010.  The 30(b)(6) deposition of Interior/Exterior Building Supply, LP took place on February 5, 2010.  Additionally, the 30(b)(6) deposition of the Lennar entities has been postponed and is to be rescheduled at a later date.  No other Defendants' 30(b)(6) depositions

have been scheduled as of yet.  The PSC has requested production of documents, ESI and dates for depositions and will be prepared to discuss this further at the monthly status conference on March 11, 2010.

On October 15, 2009, the HSC propounded Personal Jurisdiction Interrogatories and Request for Production of Documents to Knauf Gips KG in connection with Knauf Gips' objection to personal jurisdiction.  Also, on October 30, 2009, the PSC propounded its First Set of Interrogatories and Request for Production Concerning Jurisdictional Issues to Defendants, Knauf Gips KG, Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd. and Knauf Plasterboard (Dongguan) Co., Ltd.  (See Section XIX, *infra*.)  On December 4, 2009, the Knauf entities provided responses to plaintiffs' and the HSC's discovery requests and on January 4, 2010 Knauf Gips provided some documents responsive to the jurisdictional discovery requests.  Knauf Gips is in the process of producing additional documentation and undertaking the collection of ESI documents responsive to the requests. The 30(b)(6) deposition of Knauf Gips KG was noticed to take place on January 12 and 13, 2010, but the matter has been postponed and will be rescheduled.  The parties will be prepared to discuss this further at the monthly status conference on March 11, 2010.

The PSC has issued a number of subpoena duces tecums and deposition notices to various defendants seeking production and information relating to insurance policies.  As the information is produced, the PSC will make the documents responsive to the subpoena available to DLC.  The parties will be prepared to discuss this further at the monthly status conference on March 11, 2010.

IX.     FREEDOM OF INFORMATION ACT/PUBLIC RECORDS REQUESTS

Several Freedom of Information Act/Public Records Requests have been made by Plaintiffs.  Any party desiring to receive information regarding requests and the status of

responses are directed to contact their respective Plaintiffs' Liaison Counsel of Defendants' Liaison Counsel, who will make the information available.

Upon receipt of Freedom of Information Act/Public Records Requests, the PLC and Defendants have been and will continue to transmit copies pursuant to the other party's request.  PLC and DLC will be prepared to discuss this matter and the status of any request at the monthly status conference on March 11, 2010.

X.     TRIAL SETTINGS IN FEDERAL COURT

The Court has advised that it plans to establish "Bellwether" trials (see Minute Entry dated July 9, 2009 [Doc. 111]).  The Court has further advised that any such trials will be limited to property damage only.  *Id.* at sect. IV;   The parties have been discussing the protocol and procedure for selecting Bellwether trial candidates.   The PSC suggests a sufficient representative sample of cases be selected with regard to geography, concentration of properties, distinctive facts and legal issues.   The Defendants suggest that the selection of Bellwether plaintiffs must be limited to the approximately 31 plaintiffs that have submitted profile forms where personal injuries are not claimed.   A list of these plaintiff properties has been made available to the PSC and the Court.   The parties continue to discuss the selection of Bellwether trials.

The *Germano, et al v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd, et* al, Case No. 2:09-cv-6687 (E.D.La.) case was tried in February, 2010.  The parties await a Judgment and Reasons for Judgment from the Court.

At the status conference on December 10, 2009, the PSC announced its suggested Bellwether trial for the March 15, 2010 date as *Tatum B. Hernandez and Charlene M. Hernandez, individually and obo their minor children, Grant M. Hernandez and Amelia C. Hernandez versus Knauf Gips KG, et al*, USDC EDLA No. 2:09-cv-06050 (see Section XXI,

8

*infra.*).   On January 25, 2010, the Court issued a Case Management Order setting the *Hernandez* case for trial on March 15, 2010.

On February 26, 2010, PLC provided to DLC a listing of eleven properties that it suggested as possible trial candidates for the April 2010 trial setting.  PLC has communicated with counsel of record identified for each of the potential trial properties and will be responding to DLC regarding the information sought to be obtained by DLC.   The parties will be prepared to discuss this further at the monthly status conference on March 11, 2010.

## XI.   FILINGS IN THE MDL

The parties also continue to discuss the prospect of direct filings and acceptance of service with Defendants under such circumstances maintaining Defendants' objections as to personal jurisdiction and other defenses, including the right to return cases to the originating venue for trial purposes. Plaintiffs assert this process allows for multiple plaintiffs to file claims in one matter (see Minute Entry dated July 9, 2009 [Doc. 111]).  Six (6) suppliers have advised that they will consent to direct filings in the MDL and one (1) supplier has a specific reservation. Builders have advised that they are willing to accept service of any cases, but are not willing to agree to direct filings in the MDL.  The parties will be prepared to discuss this further at the monthly status conference on March 11, 2010.

## XII.   NOTICES OF APPEARANCE AND DEFAULT JUDGMENTS

Pursuant to Pre-Trial Order 1A, counsel must file Notices of Appearances for all parties served in MDL cases or risk entry of a default judgment.  On December 15, 2009, the PSC filed a Notice to Defendants of Initially Relevant Pre-Trial Orders [Doc. 617] and suggested that all named Defendants in the *Gross v. Knauf Gips* case (see Section XVI, *infra.*) familiarize themselves with Pre-Trial Orders issued by the Court, as well as the Court's website.   On January 20, 2010, the PSC also filed a Notice to Defendants of the Court's Lifting of the Stay

With Regard to Responsive Pleadings [Doc. 770]. Counsel making an appearance are encouraged to familiarize themselves with the same information. The parties will be prepared to discuss the status of this issue in more detail at the March 11, 2010 status conference.

XIII.   <u>INSURANCE ISSUES</u>

There are a number of issues involving insurance matters that will be addressed in this litigation, including the establishment of an insurer steering committee (Rec. Doc. No. 760). These include actions against insurers of manufacturers, exporters, importers, brokers, distributors, builders, drywall contractors/installers and homeowners. The parties will be prepared to discuss these issues at the monthly status conference on March 11, 2010.

On January 18, 2010, a Joint Motion for the Creation of an Insurer Steering Committee and Appointment of Lead Counsel and Members to the Insurer Steering Committee was filed by Homeowner's Insurers, Liberty Mutual Insurance Company and State Farm Fire & Casualty Company [Doc. 760]. The PSC filed a response to the motion on January 28, 2010 [Doc. 841]. The matter is not yet set for hearing by the Court. The parties will be prepared to discuss this further at the monthly status conference on March 11, 2010.

On March 4, 2010, the Homebuilders' and Installers' Liaison Counsel filed an Ex Parte Motion to Appoint Lead Counsel for Installers [Rec. Doc. 1540]. The Court has not yet acted on the motion. The parties will be prepared to discuss this further at the monthly status conference on March 11, 2010.

XIV.   <u>SERVICE OF PLEADINGS ELECTRONICALLY</u>

The LexisNexis File & Serve System has been established for the service of pleadings electronically in the MDL in order to facilitate service to all counsel. All counsel are required pursuant to Pre-Trial Order No. 6 to serve pleadings both through LexisNexis and the Electronic Filing System (ECF) of the Eastern District of Louisiana Court. Pre-Trial Order No. 6

governs service of pleadings electronically and sets forth the procedure required for all counsel to register with LexisNexis.

In addition to the foregoing, the parties have been advised that LexisNexis is in the process of establishing a system that allows for tracking state cases involving Chinese drywall. The parties will be prepared to discuss this further with the Court at the monthly status conference on March 11, 2010.

XV.  MASTER COMPLAINT

PSC is in the process of drafting a Master Complaint. The parties will be prepared to discuss this further at the monthly status conference on March 11, 2010.

XVI.  CLASS ACTION COMPLAINT (INDETERMINATE DEFENDANT)

On October 7, 2009, a Class Action Complaint (Indeterminate Defendant), *Gross, et al v. Knauf Gips KG, et al*, Case No. 2:09-cv-06690 (E.D.La.), was filed with the Court and on October 19, 2009, an amendment was filed. Service of the complaint has been accomplished on all of the domestic defendants that can presently be located. Efforts to locate the remaining domestic defendants so that service can be effected upon them are ongoing. As to the foreign defendants named in the complaint, they are in the process of being served under the Hague Convention. The Court has directed that the stay on motion practice instituted by Pre-Trial Order No. 1 remains in place in the Class Action Complaint (Indeterminate Defendant) until further notice from the Court. The PSC filed a Notice to Defendants of Initially Relevant Pre-Trial Orders [Doc. 617] and suggested that all named Defendants familiarize themselves with Pre-Trial Orders issued by the Court, as well as the Court's website. On February 6, 2010, PLC and DLC filed a Motion for Entry of Pre-Trial Order No. 1E, requesting that the Court clarify that the stay on motion practice and responsive pleading is now lifted in *Gross*, and providing a

11

deadline for service of responsive pleadings. The parties will be prepared to discuss this further at the monthly status conference on March 11, 2010.

XVII.  OMNIBUS CLASS ACTION COMPLAINT

On November 2, 2009, Pre-Trial Order No. 17 was issued which recognizes and confirms Knauf Plasterboard (Tianjin) Co., Ltd.'s agreement to accept service of the PSC's Omnibus Class Action Complaint.  The Omnibus Class Action Complaint, *Sean and Beth Payton, et al v. Knauf Gips KG, et al,* Case No. 2:09-cv-07628 (E.D.La.), was filed with the Court on December 9, 2009 and Knauf Plasterboard (Tianjin) Co., Ltd. waived its right to demand service of process through the Hague Convention.  The complaint is in the process of being served; numerous defendants named therein have been served with the summons and Complaint.

Consistent with PTO No. 17, the PSC also prepared and filed on February 10, 2010, additional omnibus class action complaints*, i.e.*, : *Kenneth and Barbara Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, Civil Action No.10-361(E.D.La.)(Omni II)–This is a complaint against non-Knauf Chinese manufacturing defendants and others; and *Joyce W. Rogers, et al. v. Knauf Gips, K.G., et al.*, Case No. 10-362 (E.D.La.)  (Omni IV)–This is a Complaint naming new plaintiffs asserting claims against Knauf and others.  Both the Omni II and Omni IV complaints will be amended shortly.  Thereafter, the PSC will make preparations for service of process upon all of the defendants, including translating the complaints for service under the Hague Convention.  Also on February 10, 2010, in *Gross, et al. v. Knauf Gips, K.G., et al.*, Case No. 09-6690 (E.D.La.), the PSC filed a Motion in Intervention (attaching a proposed Complaint in Intervention, *Mary Anne Benes, et al. v. Knauf Gips, K.G., et al.,* Case No. _____(E.D.La.) (Omni III))– The proposed Omni III complaint in intervention is a class action that adopts the theory of the Gross complaint and  adds

12

direct actions against new defendants in the course of commerce that have been identified.  The motion to intervene is currently pending. No domestic drywall manufacturers will be named as a defendant on any Omni complaint.

The PSC has not decided whether to file additional any additional Omni complaints.  Should the PSC determine to file any additional Omni complaint appropriate notice to plaintiffs' counsel will be afforded.  The PSC gives notice that clients provided to Lead counsel whose non-Knauf drywall manufacturer was improperly identified, where appropriate, have been named as plaintiffs in the Omni III complaint.

The parties will be prepared to discuss these omni complaints further at the monthly status conference on March 11, 2010.

XVIII. SPECIAL MASTER

On November 24, 2009, the Court appointed Michael K. Rozen of Feinberg Rozen, LLP, as Special Master.

XIX.   KNAUF GIPS KG PERSONAL JURISDICTION MATTER

On September 21, 2009, Knauf Gips KG filed a Motion for Protective Order to Require Use of the Hague Evidence Convention.  On October 5, 2009, the PSC filed a Response in Opposition and the HSC also filed a Response in Opposition.  On October 12, 2009, Knauf Gips KG filed a Motion for Leave to File Reply in Support of Motion of Knauf Gips KG for Protective Order to Require Use of the Hague Evidence Convention.   On October 27, 2009, the Court issued Order & Reasons denying the motion.

On September 29, 2009, the Court issued an Order advising that the briefing schedule originally established in connection with a Motion for Protective Order would extend well into January 2010, after commencement of the first Bellwether trial, and therefore, the parties were directed to discuss the matter with the Court.  The PSC and the HSC have each

issued discovery relating to personal jurisdiction issues to Knauf Gips KG. (See Section VIII, *infra*.)  The parties will be prepared to discuss this further at the monthly status conference on March 11, 2010.

> XX.   DEFAULT PROCEEDINGS IN *GERMANO* AND REMEDIATION HEARING.

On September 24, 2009, the Court entered a preliminary default judgment against Taishan Gypsum Co., Ltd. [Doc. 190].  Counsel for The Mitchell Co. has advised they need additional time to gather the evidence documents in support of the confirmation of the default judgment.   On December 24, 2009, The Mitchell Co., Inc., filed a Motion for Class Certification Against Taishan Gypsum Co., Ltd. [Doc. 653].   The PSC and Mitchell have communicated regarding the motion, as well as the default steps and timing issues associated with such motion, and have agreed to defer further briefing on the motion.   The PSC and The Mitchell Co. have jointly suggested that a briefing schedule and hearing on the Class Certification be established at a time that is appropriate after the conclusion of the remediation hearing.  Trial of the *Germano, et al v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd, et* al, Case No. 2:09-cv-6687 (E.D.La.) case, which involved an evidentiary hearing on the scope and extent of the appropriate remediation necessary for a number of properties representing a cross-section of properties at issue in the case that are impacted with allegedly defective drywall, concluded on February 22, 2010.  The parties will be prepared to discuss this further at the monthly status conference on March 11, 2010.

> XXI.   *HERNANDEZ* TRIAL

The *Tatum B. Hernandez and Charlene M. Hernandez, individually and obo their minor children, Grant M. Hernandez and Amelia C. Hernandez versus Knauf Gips KG, et al*, USDC EDLA No. 2:09-cv-06050, matter has been selected as the proposed trial setting for the

14

March 15, 2010 setting.  On January 22, 2010, the Court entered a Case Management Order setting pre-trial deadlines and the trial date.  On February 24, 2010, a Joint Stipulation [Doc. 1438] was entered by the Court.  To date, the parties have engaged in written discovery, depositions and additional inspections of the Hernandez home, as well as other pre-trial matters. The parties will be prepared to discuss issues concerning the *Hernandez* trial at the monthly status conference on March 11, 2010.

### XXII.  MATTERS SET FOR HEARING FOLLOWING THE CURRENT STATUS CONFERENCE

There are no matters set for hearing at this status conference.

### XXIII. NEXT STATUS CONFERENCE

PLC and DLC will be prepared to schedule the next status conference, on a date to be selected by the Court.

Respectfully submitted,

| | |
|---|---|
| */s/ Russ M. Herman*_____ | */s/ Kerry Miller*_____ _____ |
| Russ M. Herman (Bar No. 6819) | Kerry Miller (Bar No. 24562) |
| Leonard A. Davis (Bar No. 14190) | Kyle Spaulding (Bar No. 29000) |
| ***Herman, Herman, Katz & Cotlar, LLP*** | ***Frilot L.L.C.*** |
| 820 O'Keefe Avenue | 1100 Poydras Street |
| New Orleans, LA  70113 | Suite 3700 |
| PH:  (504) 581-4892 | New Orleans, LA  70613-3600 |
| FAX:  (504) 561-6024 | PH:     (504) 599-8000 |
| | FAX:   (504) 599-8100 |
| **Plaintiffs' Liaison Counsel** | **Defendants' Liaison Counsel** |

### CERTIFICATE

I hereby certify that the above and foregoing Joint Status Report No. 9 of Plaintiffs' and Defendants' Liaison Counsel has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court

for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of

Electronic Filing in accordance with the procedures established in MDL 2047, on this 9th day of

March, 2010.

                                     */s/    Leonard A. Davis*