UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | ) | CIVIL ACTION NO. 09-2047 |
| DRYWALL PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | JUDGE FALLON |
| | ) | |
| This Document Relates to: | | MAGISTRATE WILKINSON |
| **David Gross, et al. v. Knauf Gips KG, et al,** | | |
| **Case No.09-6690 (E.D. La)** | | |

## ANSWER ON BEHALF OF DEFENDANTS BUILDERS GYPSUM SUPPLY, LLP AND BUILDERS GYPSUM SUPPLY CO., INC.

NOW INTO COURT, through undersigned counsel, come Builders Gypsum Supply LLP and Builders Gypsum Supply Co., Inc. (collectively "Defendants" or "BGS") without waiving any rights, objections, defenses or causes of action that Defendants may possess, who respectfully answers, avers, and pleads as follows to plaintiffs' "Amended Class Action Complaint" ("Plaintiffs' Complaint").

### FIRST DEFENSE

Defendants deny any and all liability with regard to the allegations made in Plaintiffs' Complaint. BGS specifically denies it ever owned, sold, distributed, delivered, supplied, or installed any drywall manufactured in China at any time.

### SECOND DEFENSE

This Court lacks personal jurisdiction over BGS. BGS denies selling or distributing any products in Louisiana during the relevant time period in question-- August 2005 through October 2006 (in October 2006 BGS ceased operations). Further, BGS did not have a sales operation in Louisiana and never advertised in Louisiana.

## THIRD DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

## FOURTH DEFENSE

Plaintiffs' claims have prescribed and/or barred by the applicable statute of limitation.

## FIFTH DEFENSE

Defendants hereby plead plaintiffs' failure to mitigate damages.

## SIXTH DEFENSE

Defendants affirmatively plead comparative and/or contributory negligence.

## SEVENTH DEFENSE

Defendants plead the fault and/or negligence of plaintiffs and/or named parties and/or other unnamed parties (for whom Defendants are not liable) who's individual and collective fault and/or negligence bars or reduces any liability to plaintiffs which may otherwise attach in proportion to the fault and/or negligence of such parties.

## EIGHTH DEFENSE

Plaintiff alleged injuries or damages, which are specifically denied, were the result of intervening or superseding causes, events, factors, occurrences or conditions that were not caused by Defendants, and for which Defendants are not responsible.

## NINTH DEFENSE

All activities undertaken by Defendants were completed in conformity with industry standard and applicable regulations, all of which is plead in bar of any recovery by Plaintiffs.

## TENTH DEFENSE

Defendants affirmatively plead estoppel.

523023.1

## ELEVENTH DEFENSE

Defendants specifically plead all rights and defenses available pursuant to the Louisiana Products Liability Act or other applicable law.

## TWELVTH DEFENSE

Defendants deny plaintiffs have a viable claim for punitive damages.  Plaintiffs' claims must fail under applicable state law, federal law and under provisions of the United States Constitution. The standard by which defendants conduct is to be judged, with regard to the plaintiffs' claims for exemplary damages, as alleged, is vague and arbitrary, and as such denies due process in violation of the Louisiana Constitution Article One, § 2 and the Fifth and Fourteenth Amendments of the United States Constitution.

## THIRTEENTH DEFENSE

The standard for determining the amount of exemplary damages are vague and provide no notices to defendants of the potential amount of damages, and subject to the unbridled discretion of the jury, thereby denying due process under Louisiana Constitution Article One, § 2 and the Fifth and Fourteenth Amendments of the United States Constitution.

## FOURTEENTH DEFENSE

The imposition of punitive damages, as requested by plaintiffs, would be criminal in nature and the rights given to any defendant in a criminal proceeding under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and Article One. § 13 of the Louisiana Constitution are applicable.

## FIFTEENTH DEFENSE

The imposition of exemplary damages against defendants would constitute cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and

523023.1

Article One, § 20 of the Louisiana Constitution. Plaintiffs' request for exemplary damages exposes the defendants to multiple punishments for the same alleged wrong, thereby, denying due process under the Fifth and Fourteenth Amendments of the United States Constitution and Article One, § 2 of the Louisiana Constitution.

## SIXTEENTH DEFENSE

Defendants deny any allegations not specifically admitted herein and all allegations contained in the introductory paragraphs of Plaintiffs' Complaint, and Defendants specifically deny that Plaintiffs' Complaint satisfies any of the criteria set forth in Rule 23 of the Federal Rules of Civil Procedure.

## JURISDICTION, PARIES, AND VENUE

1.

The allegations in paragraph **1 and 2** of Plaintiffs' Complaint are denied.

## PLAINTIFFS

2.

The allegations in paragraphs **3 through 14** of Plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

## DEFENDANTS

3.

The allegations in paragraphs **15 through 126** of Plaintiffs' Complaint do not pertain to Defendants BGS and do not require a response from BGS. In the event that a response is required, it is denied for lack of sufficient information to justify a belief there.

523023.1

4.

The allegations in paragraph **127** regarding Defendant Builders Gypsum Supply LLP are denied except to admit Builders Gypsum Supply LLP was a Texas limited liability partnership and a distributor of dry wall products with its principal place of business in Texas. Defendant Builders Gypsum Supply LLP ceased operations in October 2006 and denies that is sold or distributed any products from August 2005 to October 2006. Defendant Builders Gypsum Supply LLP specifically denies it ever owned, sold, distributed, delivered, supplied, or installed any drywall manufactured in China at any time.

5.

The allegations in paragraph **128** regarding Defendant Builders Gypsum Supply Co. Inc are denied except to admit Builders Gypsum Supply Company Inc. was a Texas corporation and a distributor of dry wall products with its principal place of business in Texas. Defendant Builders Gypsum Supply Co. Inc filed articles of conversion to Builders Gypsum Supply LLP in December 2000. Builders Gypsum Supply LLP ceased operations in October 2006. Both Builders Gypsum Supply Co. Inc and Builders Gypsum Supply LLP deny they sold or distributed any products in Louisiana from August 2005 to October 2006. Both Builders Gypsum Supply Co. Inc and Builders Gypsum Supply LLP specifically deny they ever owned, sold, distributed, delivered, supplied, or installed any drywall manufactured in China at any time.

6.

The allegations in paragraphs **129 through 146** of Plaintiffs' Complaint do not pertain to Defendants BGS and do not require a response from BGS. In the event that a response is required, it is denied for lack of sufficient information to justify a belief therein.

523023.1

## FACTS GIVING RISE TO INDUSTRY WIDE ALTERNATIVE LIABLITY

7.

The allegations in paragraphs **147 through 152** of Plaintiffs' Complaint directed to BGS do not state a cause of action and are denied.  Both Builders Gypsum Supply Co. Inc and Builders Gypsum Supply LLP specifically deny it every sold or distributed any drywall manufactured in China at any time.  To the extent the allegations are directed to defendants other than BGS, no answer is required. If an answer to the allegations toward other defendants is required by BGS, the allegations are denied for lack of sufficient information to justify a belief therein.

## FACTS REGARDING PRODUCT DEFECT

8.

The allegations in paragraphs **153 through 165** of Plaintiffs' Complaint directed to BGS are denied.  Both Builders Gypsum Supply Co. Inc and Builders Gypsum Supply LLP specifically deny they ever sold or distributed any drywall manufactured in China at any time. To the extent the allegations are directed to defendants other than BGS, no answer is required. If an answer to the allegations toward other defendants is required by BGS, the allegations are denied for lack of sufficient information to justify a belief therein.

## FACTS REGARDING INVESTORS WHO AIDED AND ABETTED DEFENDANTS

9.

The allegations in paragraphs **166 through 175** of Plaintiffs' Complaint are directed at "Investing Entities" and not BGS.  Accordingly, no answer is required to these allegations by BGS. If an answer to the allegations toward the "Investing Entities" is required by BGS, the

allegations are denied for lack of sufficient information to justify a belief therein.  To the extent the allegations are directed at BGS, these allegations are denied.

## FACTS REGARDING OTHER ENTITIES THAT MAY HAVE AIDED AND ABETTED DEFENDANTS

10.

The allegations in paragraphs **176 through 225** of Plaintiffs' Complaint are directed at "entities that are affiliated with certain foreign defendants" and not BGS.  Accordingly, no answer is required to these allegations by BGS. If an answer to the allegations toward the "entities that are affiliated with certain foreign defendants" is required by BGS, the allegations are denied for lack of sufficient information to justify a belief therein.  To the extent the allegations are directed at BGS, these allegations are denied.

## CLASS ACTION ALLEGATIONS

11.

The allegations in Paragraph **226** of Plaintiffs' Complaint are denied.  Defendants assert that this case is inappropriate for class certification because the requirements in Federal Rule of Civil Procedure 23 cannot be met.

12.

The allegations in Paragraph **227** of Plaintiffs' Complaint are denied.  Defendants assert that this case is inappropriate for class certification because the requirements in Federal Rule of Civil Procedure 23 cannot be met.

523023.1

13.

The allegations in Paragraph **228** of Plaintiffs' Complaint are denied.  Defendants assert that this case is inappropriate for class certification because the requirements in Federal Rule of Civil Procedure 23 cannot be met.

14.

The allegations in Paragraph **229** of Plaintiffs' Complaint are denied.  Defendants assert that this case is inappropriate for class certification because the requirements in Federal Rule of Civil Procedure 23 cannot be met; in particular plaintiffs cannot satisfy the numerosity requirement of Federal Rule 23(a)(1).

15.

The allegations in Paragraph **230** of Plaintiffs' Complaint are denied.  Defendants assert that this case is inappropriate for class certification because the requirements in Federal Rule of Civil Procedure 23 cannot be met; in particular plaintiffs cannot satisfy the commonality requirement of Federal Rule 23(a)(2).

16.

The allegations in Paragraph **231** of Plaintiffs' Complaint are denied.  Defendants assert that this case is inappropriate for class certification because the requirements in Federal Rule of Civil Procedure 23 cannot be met; in particular plaintiffs cannot satisfy the typicality requirement of Federal Rule 23(a)(3).

17.

The allegations in Paragraph **232** of Plaintiffs' Complaint are denied.  Defendants assert that this case is inappropriate for class certification because the requirements in Federal Rule of Civil Procedure 23 cannot be met.

18.

The allegations in Paragraph **233** of Plaintiffs' Complaint are denied.  Defendants assert that this case is inappropriate for class certification because the requirements in Federal Rule of Civil Procedure 23 cannot be met; in particular plaintiffs cannot satisfy the requirement of Federal Rule 23(a)(4).

19.

The allegations in Paragraph **234** of Plaintiffs' Complaint are denied.  Defendants assert that this case is inappropriate for class certification because the requirements in Federal Rule of Civil Procedure 23 cannot be met.  Defendants submit class counsel cannot adequately represent the class because of a conflict of interest between representing the claims of the class representatives and the putatitve class members.

20.

The allegations in Paragraph **235** of Plaintiffs' Complaint are denied.  Defendants assert that this case is inappropriate for class certification because the requirements in Federal Rule of Civil Procedure 23 cannot be met; in particular plaintiffs cannot satisfy the requirements of Federal Rule 23(b).

21.

The allegations in Paragraph **236** of Plaintiffs' Complaint are denied.  Defendants assert that this case is inappropriate for class certification because the requirements in Federal Rule of Civil Procedure 23 cannot be met; in particular plaintiffs cannot satisfy the requirement of Federal Rule 23(b).

22.

523023.1

The allegations in Paragraph **237** of Plaintiffs' Complaint are denied.  Defendants assert that this case is inappropriate for class certification because the requirements in Federal Rule of Civil Procedure 23 cannot be met; in particular plaintiffs cannot satisfy the superiority requirement of Federal Rule 23(b)(3).

23.

The allegations in Paragraph **238** of Plaintiffs' Complaint are denied.  Defendants assert that this case is inappropriate for class certification because the requirements in Federal Rule of Civil Procedure 23 cannot be met.

24.

The allegations in Paragraph **239** of Plaintiffs' Complaint are denied.  Defendants assert that this case is inappropriate for class certification because the requirements in Federal Rule of Civil Procedure 23 cannot be met.

### COUNT 1 – NEGLIGENCE

25.

The allegations in paragraphs **240 through 247** of Plaintiffs' Complaint directed to BGS are denied.  Both Builders Gypsum Supply Co. Inc and Builders Gypsum Supply LLP specifically deny they ever sold or distributed any drywall manufactured in China at any time. To the extent the allegations are directed to defendants other than BGS, no answer is required. If an answer to the allegations toward other defendants is required by BGS, the allegations are denied for lack of sufficient information to justify a belief therein.

523023.1

## COUNT II- NEGLIGENCE PER SE

26.

The allegations in paragraphs **248 through 253** of Plaintiffs' Complaint directed to BGS are denied.   Both Builders Gypsum Supply Co. Inc and Builders Gypsum Supply LLP specifically deny they every sold or distributed any drywall manufactured in China at any time. To the extent the allegations are directed to defendants other than BGS, no answer is required. If an answer to the allegations toward other defendants is required by BGS, the allegations are denied for lack of sufficient information to justify a belief therein.

## COUNT III – BREACH OF EXPRESS OR IMPLIED WARRANTY

27.

The allegations in paragraphs **254 through 261** of Plaintiffs' Complaint directed to BGS are denied.   Both Builders Gypsum Supply Co. Inc and Builders Gypsum Supply LLP specifically deny they every sold or distributed any drywall manufactured in China at any time. To the extent the allegations are directed to defendants other than BGS, no answer is required. If an answer to the allegations toward other defendants is required by BGS, the allegations are denied for lack of sufficient information to justify a belief therein.

## COUNT IV – PRIVATE NUISANCE

28.

The allegations in paragraphs **262 through 268** of Plaintiffs' Complaint directed to BGS are denied.   Both Builders Gypsum Supply Co. Inc and Builders Gypsum Supply LLP specifically deny they every sold or distributed any drywall manufactured in China at any time. To the extent the allegations are directed to defendants other than BGS, no answer is required. If

523023.1

an answer to the allegations toward other defendants is required by BGS, the allegations are denied for lack of sufficient information to justify a belief therein.

## COUNT V—NEGLIGENT DISCHARGE OF A CORROSIVE SUBSTANCE

### 29.

The allegations in paragraphs **269 through 275** of Plaintiffs' Complaint directed to BGS are denied.  BGS specifically denies it ever sold or distributed any drywall manufactured in China at any time.  To the extent the allegations are directed to defendants other than BGS, no answer is required. If an answer to the allegations toward other defendants is required by BGS, the allegations are denied for lack of sufficient information to justify a belief therein.

## COUNT VI –UNJUST ENRICHMENT

### 30.

The allegations in paragraphs **276 through 279** of Plaintiffs' Complaint directed to BGS are denied.  BGS specifically denies it ever sold or distributed any drywall manufactured in China at any time.  To the extent the allegations are directed to defendants other than BGS, no answer is required. If an answer to the allegations toward other defendants is required by BGS, the allegations are denied for lack of sufficient information to justify a belief therein.

## COUNT VII-VIOLATION OF CONSUMER PROTECTION ACTS

### 31.

The allegations in paragraphs **280 through 284** of Plaintiffs' Complaint directed to BGS are denied.  BGS specifically denies it ever sold or distributed any drywall manufactured in China at any time.  To the extent the allegations are directed to defendants other than BGS. no answer is required. If an answer to the allegations toward other defendants is required by BGS, the allegations are denied for lack of sufficient information to justify a belief therein.

523023.1

## COUNT VIII – EQUITABLE AND INJUNCTIVE RELIFE AND MEDICAL MONITORING

32.

The allegations in paragraphs **285 through 297** of Plaintiffs' Complaint directed to BGS are denied.  BGS specifically denies it ever sold or distributed any drywall manufactured in China at any time.  To the extent the allegations are directed to defendants other than BGS, no answer is required. If an answer to the allegations toward other defendants is required by BGS, the allegations are denied for lack of sufficient information to justify a belief therein.

## JURY DEMAND

33.

Defendants requests and are entitled to a trial by jury.

## PRAYER

34.

The allegations in the prayer, which are not numbered, are denied.

WHEREFORE defendants Builders Gypsum Supply LLP and Builders Gypsum Supply Co., Inc. pray that their Answer and Affirmative Defenses to Plaintiffs' Complaint be deemed good and sufficient and that after due proceedings had, there be a judgment in their favor dismissing Plaintiffs' claims against defendants at plaintiffs' costs, and for all general and equitable relief including a trial by jury.

523023.1

Respectfully submitted,

TAYLOR, PORTER, BROOKS, & PHILLIPS L.L.P.

By: /s/ Amy C. Lambert _____
      Harry J. "Skip" Philips (#2047)
      Margaret L. Tooke (#19810)
      Amy C. Lambert (#24348)
      John M. Parker, Jr. (#32629)
      451 Florida Street, 8th Floor
      P.O. Box 2471
      Baton Rouge, LA  70821
      Phone: 225-387-3221
      Fax: 225-346-8049
      Skip.philips@taylorporter.com
      Amy.Lambert@taylorporter.com
      *Attorneys for Builders Gypsum Supply, LLP and Builders*
      *Gypsum Supply Co., Inc*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing ANSWER  has been served on plaintiff's liaison counsel Russ Herman and Defendant liaison counsel, Kerry Miller, by U.S. Mail and Email and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with procedures established in MDL 2047, on this 2nd day of March, 2010.

**s/Amy C. Lambert** _____