UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**NORTHSTAR HOLDINGS, INC.,**     CASE NO.:   10-384  "L" (2)
**NORTHSTAR HOMES, INC. AND**
**NORTHSTAR HOLDINGS AT B & A, LLC,**

    **Plaintiffs,**

v.

**GENERAL FIDELITY INSURANCE**
**COMPANY, QUANTA INDEMNITY**
**COMPANY, MID-CONTINENT CASUALTY**
**COMPANY, AXIS SURPLUS INSURANCE**
**COMPANY AND ESSEX INSURANCE**
**COMPANY**

    **Defendants.**
_____/

## UNOPPOSED MOTION TO DROP PARTY DEFENDANT, AXIS SURPLUS INSURANCE COMPANY

  Plaintiffs, Northstar Holdings, Inc., Northstar Homes, Inc. and Northstar Holdings at B & A, LLC (collectively "the Northstar entities"), by and through their undersigned counsel, move this Court to drop party Defendant, AXIS SURPLUS INSURANCE COMPANY ("Axis"), with prejudice.

  1.  On February 12, 2010, the Northstar entities filed their Complaint in the above-styled action naming Axis, among other insurance companies, as a defendant.

  2.  In the Complaint, the Northstar entities seek, *inter alia*, a judgment from the Court in accordance with 28 U.S. C. § 2201, declaring that certain insurance companies that issued insurance companies in favor of the Northstar entities, including Axis, are obligated to defend and indemnify the Northstar entities against certain claims that have been asserted by homeowners that purchased homes built by the Northstar entities, which claims arise from the installation of purportedly defective Chinese drywall in their homes.

3.  Although at the time that the Northstar entities filed the Complaint the Northstar entities believed in good faith that Axis had issued a commercial general liability insurance policy ("CGL Policy") in their favor, in connection with which the Northstar entities are entitled to coverage against the aforementioned claims, the Northstar entities have since learned from Axis' counsel that Axis, in fact, did not issue a CGL Policy in their favor, but rather, a policy providing only commercial inland marine coverage which does not provide coverage against the aforementioned claims.

4.  Accordingly, the Northstar entities move the Court to dismiss the Complaint against Defendant Axis, only, with prejudice.

5.  The undersigned conferred with counsel to Defendant, Axis, David J. Maldoff, Esq. of the law firm of Butler Pappas Weihmuller Katz Craig LLP prior to the filing of this motion and received his consent to same.

Dated this 8th day of March, 2010.

Respectfully submitted,

BROAD and CASSEL

/s/ Michael K. Wilson
Florida Bar No. 657069
mkwilson@broadandcassel.com
390 N. Orange Avenue, Suite 1400
Orlando, Florida 32801
Telephone: (407) 839-4200
Facsimile: (407) 425-8377
Attorneys for Northstar Holdings, Inc., Northstar Homes, Inc. and Northstar Holdings at B&A, LLC

4815-4684-4677.1
43587/0001