IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL Docket No. 2047 SECTION L |
| | * * | JUDGE FALLON |
| THIS APPLIES TO: *Hernandez (09-6050)* | * * * | MAG. JUDGE WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF
KNAUF PLASTERBOARD TIANJIN CO., LTD.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
<u>RELATING TO ALLEGED NONPECUNIARY DAMAGES</u>**

NOW COMES Defendant, Knauf Plasterboard Tianjin Co., Ltd. ("KPT"), who files the following memorandum in support of its partial summary judgment relating to alleged nonpecuniary losses under redhibition and fitness for ordinary use.

**<u>I. SUMMARY OF SALIENT FACTS</u>**

This case arises out damages allegedly caused by KPT manufactured drywall in Plaintiffs' home. On December 8, 2009, Plaintiffs, Tatum and Charlene Hernandez ("Plaintiffs") were among 2,068 claimants who filed suit against KPT in the *Payton, et al. v. Knauf Plasterboard Tianjin Co., Ltd., et al.* (Omnibus Class Action Complaint I) (case no. 09-7628) matter.

Plaintiffs were subsequently selected as the PSC's first bellwether section. On December 18, 2009, Plaintiffs filed an Amended and Restated Complaint against KPT, alleging several causes of action, including those under the Louisiana Products Liability Act (La.R.S. 9:2800.51, *et seq.*), redhibition (La.

C.C. arts. 2520, *et seq*.) and fitness for ordinary use (La. C.C. art. 2524). See Rec. Doc. 635 (Plaintiffs' Amended and Restated Complaint previously filed into the record on December 18, 2009).

In order to streamline the *Hernandez* bellwether trial beginning March 15, 2010, the parties entered a Joint Stipulation approved by the Court which limited Plaintiffs' cause of action to redhibition and fitness for ordinary use. See Exhibit "A" (Joint Stipulation served and approved by the Court on February 24, 2010). Plaintiffs also agreed to waive their personal injury claims, proceeding forward with only property damage claims.

As part of pre-trial proceedings for the March 15, 2010 trial, Plaintiffs were deposed on March 5, 2010. At their depositions, Plaintiffs waived all nonpecuniary damages claims, but reserved their rights to claim loss of enjoyment of their property. See Exhibit "B" (Deposition of Tatum Hernandez at 192:3-192:20). Specifically, counsel for Plaintiffs stipulated on the record:

> MR HERMAN: We're going to stipulate for the – purposes of the Federal Court Hernandez suit going to trial March 15th, as defined by the Amended and Restated Complaint, that we will not seek any non-pecuniary damages for mental anguish or emotional distress, those types of general damages. We may seek a claims which might be defined as a non-pecuniary claim for the loss of enjoyment of their property, and we'll deal with whatever the effect there are of that, and we'll address that later. We might drop that too, but as of right now – and we'll reserve all claims against any other defendants or parties.

As set forth in greater detail below, (1) Plaintiffs' failed to plead Plaintiffs' loss of enjoyment of their property in their Amended and Restated Complaint and is thus not recoverable, and even if it is recoverable (which is specifically denied), such nonpecuniary damages are not allowed under Louisiana redhibition or fitness for use law, and therefore must be dismissed as a matter of law.

## II. LAW AND ARGUMENT

**A.     Summary judgment standard.**

Pursuant to Federal Rule of Civil Procedure 56(f), summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed.R.Civ.P. 56(f)*. A fact is "material" if its resolution in favor of one party might affect the outcome of the action under governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To withstand a properly supported motion, the nonmoving party who bears the burden of proof at trial must come forward with evidence to support the essential elements of its claim. *Id.* (citing *Celotex v. Catress*, 477 U.S. 317, 321-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). "[A] complete failure of proof concerning an essential element of the nonmoving party's case renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmovant must go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1046-47 (5th Cir. 1996). This burden may <u>not</u> be satisfied by conclusory allegations, unsubstantiated assertions, or metaphysical doubt as to the facts, or a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *Wallace*, 80 F.3d at 1047. Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial. *Anderson, supra.* at 249-51. Plaintiffs have failed to meet their burden of proving loss of enjoyment of their property under redhibition or fitness for ordinary use, and thus those claims must be dismissed with prejudice.

**B.   Plaintiffs failed to plead "loss of enjoyment of their property" as a part of their damages.**

Federal Rule of Civil Procedure 8(a)(3) requires "a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded." Plaintiffs' Prayer for Relief in Plaintiffs' Amended and Restated Complaint states,

> **WHEREFORE** Plaintiffs Tatum and Charlene Hernandez respectfully pray that this Amended and Restated Complaint be deemed good and sufficient, and that, after due proceedings be had, there be judgment herein, in favor of Plaintiffs, and against Defendant, Knauf Plasterboard (Tianjin) Co., Ltd., for return of the purchase price, (with interest); reimbursement of the reasonable expenses occasioned by the sale, as well as those incurred for the preservation of the drywall and associated items; for damages, including any and all property damages, economic damages, mental anguish, fear and fright, inconvenience and/or loss of use, (but *excluding* damages for physical injuries); legal interest; the costs of these proceedings; and reasonable attorneys' fees.

Noticeably absent from Plaintiffs' claimed damages is the loss of enjoyment of their home. Plaintiffs' failure to plead the remedy of loss of enjoyment of their property means they cannot recover such damages. See Goldsmith v. City of Atmore, 996 F.2d 1155, 1161 (11th Cir. 1993) (demand for judgment met by identifying requested remedies and parties from who remedies are sought). Accordingly, Plaintiffs' failure to plead loss of enjoyment of their property forecloses their ability to recover under this damage theory.

**C.   La. C.C. art. 1998 (Damages for nonpecuniary loss) govern claims for nonpecuniary damages under redhibition and fitness for ordinary use.**

La. C.C. art. 2545 (Liability of seller who knows of the defect; presumption of knowledge) provides the framework for determining damages under redhibition. The article states,

> A seller who knows that the thing he sells has a defect but omits to declare it, or a seller who declares that the thing has a quality that he knows it does not have, is liable to the buyer for the return of the price with interest from the time it was paid, for the reimbursement of the reasonable expenses occasioned by the sale and those incurred for the preservation of thing, and also for damages and reasonable attorneys

> fees. If the use made of the thing, or the fruits it might have yielded, were of some value to the buyer, such a seller may be allowed credit for such use or fruits.
>
> A seller is deemed to know that the thing he sells has a redhibitory defect when he is the manufacturer of that thing.

La. C.C. art. 2545. Comment (j) to Article 2545 states that "nonpecuniary damages are recoverable, as in other cases of contractual breach, whenever the requirements set forth in Civil Code Article 1998 (Rev. 1984) are met." See also *Robert v. Bayou Bernard Marine, Inc.*, 514 So.2d 540 (La. App. 3rd Cir. 1987).

Likewise, claims for nonpecuniary damages in actions for breach of fitness for ordinary use under La. C.C. art. 2545 are governed by the principles of contract law. See *La. C.C. art. 2545, comment (b); La. C.C. art. 1998*, comment (b); *Sanders v. Zeagler*, 96-1170 (La. 1/14/97); 686 So.2d 819, 821.

La. C.C. art. 1998 provides that "damages for nonpecuniary loss" are not recoverable where the object is pecuniary, unless "the obligor intended, through his failure, to aggrieve the feelings of the obligee." Article 1998 provides for only two circumstances when nonpecuniary damages may be recoverable: (1) "when the contract, because of its nature, is intended to gratify a nonpecuniary interest and because of the circumstances surrounding the formation or the nonperformance of the contract, the obligor knew, or should have known, that his failure to perform would cause that kind of loss, or (2) when the obligor intended, through his failure, to aggrieve the feelings of the obligee." *Id.*

**D.    Plaintiffs have failed to provide any evidence that the purchase of their residence was to gratify a significant nonpecuniary purpose.**

Article 1998, comment (c), defines "gratification of a nonpecuniary purpose" as "one intended to satisfy an interest of a spiritual order, such as a contract to create a work of art, or a contract to conduct scientific research, or a contract involving sentimental value. In such a case, upon the obligor's failure to perform, the obligee may recover the damages he has sustained of a nonpecuniary—or "moral"—nature. See Litvinoff, *supra*.

It is well settled under Louisiana redhibition and fitness for ordinary use law that the plaintiff bears the burden of proving that a nonpecuniary purpose was a significant reason in making the purchase. *Landry v. Forest River, Inc.*, 2006-1424 (La.App. 3 Cir. 3/14/07); 953 So.2d 1046. "A plaintiff seeking nonpecuniary damages in a redhibition case has the burden to prove that those damages were suffered due to the failure of the contract." *Id.* Moreover, more than self-serving testimony must corroborate a plaintiffs' claim that an object was bought for a nonpecuniary purpose, including medical testimony. *Id.*

Here, Plaintiffs have presented no evidence to support any argument that the purchased drywall by their contractor as part of a construction project of their home was to gratify a nonpecuniary purpose, let alone provide any evidence that a ***substantial*** reason was to gratify a nonpecuniary purpose. Plaintiffs have also presented no evidence from any other sources that a significant motivation for buying the drywall (through their contractor) was for a nonpecuniary purpose. Moreover, Plaintiffs have provided no evidence that KPT knew or should have known that its actions would cause a nonpecuniary loss to Plaintiffs. Finally, Plaintiffs have provided no evidence that KPT intended to aggrieve Plaintiffs' feelings. Clearly, Plaintiffs do not satisfy any requirements to claim nonpecuniary damages under La. C.C. art. 1998. Accordingly, all claims for nonpecuniary damages must be dismissed as a matter of law.

### III. CONCLUSION

For the reasons set forth above, KPT respectfully requests that the Court grant the foregoing motion for summary judgment, and for all other appropriate relief.

Respectfully submitted,

BY: /s/ Kyle A. Spaulding
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
PAUL C. THIBODEAUX (#29446)
**FRILOT L.C.**
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone: (504)599-8194
Facsimile: (504)599-8145
Email: kmiller@frilot.com

-AND-

DONALD J. HAYDEN (FL Bar No. 0097136)
**BAKER & MCKENZIE LLP**
Mellon Financial Center
1111 Brickell Avenue, Suite 1700
Miami, FL 33131
Telephone:    (305) 789-8966
Facsimile:    (305) 789-8953
Email:  donald.j.hayden@bakernet.com

DOUGLAS B. SANDERS
(IL Bar No. 6256621)
RICHARD M. FRANKLIN
(IL Bar No. 0864390)
**BAKER & MCKENZIE LLP**
130 E. Randolph Drive
One Prudential Plaza
Chicago, IL 60601
Telephone:    (312) 861-8075
Facsimile:    (312) 698-2375
Email:  douglas.b.sanders@bakernet.com

## **CERTIFICATE**

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana, on this 9th day of March, 2010.

/s/ *Kyle A. Spaulding*