

Mar 1 2010
2:48PM

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
|---|---|
| THIS DOCUMENT RELATES TO:<br><br>*Hernandez v. Knauf, et al.*, Case No. 2:09-cv-09-6050 (E.D. La.) | |

### ORDER

The Court has reviewed the following Joint Stipulation. IT IS ORDERED that the Stipulation be entered into the record.

New Orleans, Louisiana, this 24th day of February, 2010.

*[signature]*
United States District Court Judge

### JOINT STIPULATION

Plaintiffs, Tatum B. Hernandez and Charlene M. Hernandez ("Plaintiffs"), and Defendant, Knauf Plasterboard Co. (Tianjin), Ltd. ("KPT"), in light of the evidence presented against Taishan Gypsum Co., Ltd., in the evidentiary default hearing in the *Germano* case, stipulate as follows:

(1) The parties stipulate that jurisdiction is vested in this Honorable Court under 28 U.S.C. §1332(a)(2), as plaintiffs allege more than $75,000 in controversy, (exclusive of interest and costs), in a dispute between citizens of the State of Louisiana and subjects of China. The parties further stipulate that in addition, or in the alternative, jurisdiction may be founded upon 28 U.S.C. §1367.

(2) The parties stipulate to venue as alleged by Plaintiffs in paragraph VI of the Amended and Restated Complaint.



EXHIBIT A

(3) This stipulation shall only apply to the redhibition and fitness for ordinary use claims and associated defenses asserted by Plaintiffs in *Hernandez v. Knauf, et al.* (Case No. 09-6050). This stipulation shall not apply to any other claims or defenses which have been asserted or which may be asserted in the future by Plaintiffs, KPT, or any other party in any other matter. KPT expressly reserves, and does not waive, any of its defenses. KPT, nevertheless, stipulates in the *Hernandez* case, and only the *Hernandez* case, that it will not assert certain defenses, including comparative fault, contribution and/or reduction in KPT's legal responsibility to Plaintiffs as a result of any alleged conduct or fault of any other party, person or entity, in the *Hernandez* case, (and only in the *Hernandez* case). KPT expressly reserves and does not waive any other defenses in this or any other case. KPT and Plaintiffs do not intend that this stipulation, or any of its terms, or any adjudication of any matter in this case, be used for purposes of collateral estoppel or issue preclusion or as an evidentiary admission in any other case.

(4) The parties stipulate that Plaintiffs will dismiss and not pursue any claims in this matter against KPT other than their claims in redhibition and fitness for ordinary use pursuant to La. Civil Code Articles 2520, *et seq.*

(5) The parties stipulate that the damages sought by Plaintiffs in the Amended and Restated Complaint are not precluded under the exclusivity provisions of the Louisiana Products Liability Act.

(6) The parties stipulate that Plaintiffs' redhibition and fitness for ordinary use claims have not prescribed in accordance with La. Civ. Code art. 2534.

(7) The parties stipulate that KPT manufactured and sold drywall contained in Plaintiffs' house.

(8) The parties stipulate that Plaintiffs bought certain KPT drywall.

2

(9) The parties stipulate that the drywall in Plaintiffs' home emits certain reduced sulfur gases and that the drywall emits an odor.

(10) The parties stipulate pursuant to La. Civ. Code art. 2524 that the drywall in Plaintiffs' home is not fit for its ordinary and/or intended purpose and is so useless and/or inconvenient that it must be presumed that Plaintiffs would not have purchased the drywall had they known about the emissions of reduced sulfur gases and odors at the time of sale.

(11) The parties stipulate that reduced sulfur gases from the drywall were hidden, non-apparent, and unknown to Plaintiffs at the time of delivery in accordance with La. Civ. Code art. 2530.

(12) The parties stipulate that Plaintiffs gave sufficient and timely notice to KPT.

(13) The parties stipulate that Plaintiffs' redhibition and fitness for ordinary use claims are not subject to an exclusion or limitation of warranty.

(14) The parties stipulate that Plaintiffs will not depose any KPT employees either in their corporate or individual capacity in the *Hernandez* matter.

(15) The parties stipulate to waive their rights to a trial by jury, and stipulate to a bench trial in the *Hernandez* matter.

Respectfully submitted,

/s/ Stephen J. Herman
Russ M. Herman, *Liaison Counsel*
Leonard A. Davis, Esq.
Stephen J. Herman, T.A.
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
sherman@hhkc.com

/s/ Kerry Miller
Kerry Miller (LA Bar No. 24562)
Kyle A. Spaulding (LA Bar No. 29000)
FRILOT L.L.C.
1100 Poydras Street
Suite 3700
New Orleans, Louisiana 70163
Telephone:  (504) 599-8194
Facsimile:  (504) 599-8145
kmiller@frilot.com

| | |
|---|---|
| Arnold Levin<br>Fred S. Longer<br>Levin, Fishbein, Sedran & Berman<br>510 Walnut Street, Suite 500<br>Philadelphia, PA 19106<br>215-592-1500 (phone)<br>215-592-4663 (fax)<br>alevin@lfsblaw.com<br>*Plaintiffs' Lead Counsel* | Richard M. Franklin<br>Douglas B. Sanders<br>BAKER & MCKENZIE LLP<br>130 E. Randolph Drive<br>One Prudential Plaza<br>Chicago, IL 60601<br>Telephone: (312) 861-8075<br>Facsimile: (312) 698-2375<br>douglas.b.sanders@bakermckenzie.com |
| Christopher Seeger<br>Seeger Weiss, LLP<br>One William Street<br>New York, NY 10004<br>Phone: (212) 584-0700<br>Fax: (212) 584-0799<br>cseeger@seegerweiss.com<br><br>*Attorneys for Plaintiffs,*<br>*Tatum and Charlene Hernandez.* | Donald J. Hayden<br>BAKER & McKENZIE LLP<br>Mellon Financial Center<br>1111 Brickell Avenue, Suite 1700<br>Miami, FL 33131<br>Telephone: (305) 789-8966<br>Facsimile: (305) 789-8953<br>donald.j.hayden@bakermckenzie.com<br>*Attorneys for Defendant KPT* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail **or** by hand delivery and e-mail **and** upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with pretrial Order No. 6, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 24th day of February, 2010.

/s/ Donald J. Hayden

4