# In Re:
## *Chinese Drywall MDL*

*Tatum B. Hernandez*

*March 05, 2010*

*Confidential – Subject to Further Confidentiality Review*

## GOLKOW TECHNOLOGIES, INC.

*Excellence In Court Reporting For Over 20 Years*

*877.370.3377*

*deps@golkow.com*

Original File th030510.txt

Min-U-Script® with Word Index

**EXHIBIT B**

## Page 1

```
 1      UNITED STATES DISTRICT COURT
          EASTERN DISTRICT OF LOUISIANA
 2
 3   _____  §
                                  §   MDL NO. 2047
     IN RE:                       §
 4   CHINESE-MANUFACTURED         §   SECTION: L
     DRYWALL PRODUCTS LIABILITY   §
 5   LITIGATION                   §
                                  §   JUDGE FALLON
 6   _____  §
                                  §
     Hernandez v. Knauf,          §   MAG. JUDGE
 7   Case No. 09-6050 (E.D.La.)   §   WILKINSON
 8   _____
                  - - -
 9
            FRIDAY, MARCH 5, 2010
10
              - CONFIDENTIAL -
11
     SUBJECT TO FURTHER CONFIDENTIALITY REVIEW
12
              DISCOVERY TESTIMONY
13
                  - - -
14
15         Videotaped deposition of TATUM B.
16   HERNANDEZ, held at the Law Offices of Herman
17   Herman Katz & Cotlar, 820 O'Keefe Road, New
18   Orleans, Louisiana, commencing at 9:21 a.m.,
19   on the above date, before Kari J. Behan,
20   Certified Court Reporter, Certified Shorthand
21   Reporter.
22                - - -
23        GOLKOW TECHNOLOGIES, INC.
       ph 877.370.3377 | fax 917.591.5672
24           deps@golkow.com
```

## Page 2

```
 1  A P P E A R A N C E S :
 2      BARRIOS KINGSDORF & CASTEIX, LLP
        BY:  DAWN M. BARRIOS, ESQUIRE
 3           barrios@bkc-law.com
        One Shell Square
 4      701 Poydras Street, Suite 3650
        New Orleans, Louisiana 70139-3650
 5      (504) 524-3300
        Counsel for Plaintiffs
 6
 7      HERMAN HERMAN KATZ & COTLAR, LLP
        BY:  STEPHEN J. HERMAN, ESQUIRE
 8           sherman@hhkc.com
             JEREMY S. EPSTEIN, ESQUIRE
 9           jepstein@hhkc.com
        820 O'Keefe Avenue
10      New Orleans, Louisiana 70113
        (504) 581-4892
11      Counsel for Plaintiffs
12
        FRILOT, LLC
13      BY:  KERRY J. MILLER, ESQUIRE
             kmiller@frilot.com
14           KYLE A. SPAULDING, ESQUIRE
             kspaulding@frilot.com
15      3700 Energy Centre
        1100 Poydras Street
16      New Orleans, Louisiana 70163
        (504) 599-8000
17      Counsel for Knauf Plasterboard
        Tianjin Company, Ltd.
18
19      THOMPSON, COE, COUSINS & IRONS, LLP
        BY:  DIANA M. BROWN, ESQUIRE
20           dbrown@thompsoncoe.com
             (via teleconference)
21      One Riverway, Suite 1600
        Houston, Texas 77056
22      (713) 403-8210
        Counsel for North River Insurance
23      Company
24
```

## Page 3

```
 1  A P P E A R A N C E S:
 2
 3  ALSO PRESENT:
 4       CHARLENE M. HERNANDEZ
 5
 6  VIDEOGRAPHER:
 7       MELISSA BARDWELL,
         Golkow Technologies, Inc.
 8
 9                - - -
```

## Page 4

```
                  I N D E X
                TATUM B. HERNANDEZ
                 March 5, 2010

 4  APPEARANCES                                    2
 5  PROCEEDINGS                                    7

 7  EXAMINATION OF TATUM B. HERNANDEZ:
 8       BY MR. MILLER                             8
 9       BY MR. HERMAN                           210
10       BY MR. MILLER                           216

    CERTIFICATE                                  217
    ACKNOWLEDGMENT OF DEPONENT                   218
    ERRATA                                       219
    LAWYER'S NOTES                               220
```

Page 189

1  everything. I try not to get involved in
2  the -- a number since I'm just leaving that
3  to the attorneys.
4  Q. Do you know of any other
5  damages that you're claiming other than these
6  that are set forth on the schedule we're
7  looking at?
8  A. We have talked about some other
9  damages as far as maybe mental anguish, but
10 I'm not sure if that's being considered or
11 not.
12 Q. Have you seen a psychiatrist or
13 any kind of mental healthcare provider?
14 A. Yes.
15 Q. As a result of Chinese drywall
16 issues?
17 A. Not as a result, but definitely
18 issues related to Chinese drywall that --
19 that we discussed on a regular basis.
20 Q. And when did you have those
21 appointments?
22 A. Weekly.
23 Q. When did they begin?
24 A. In general or related to

Page 190

1  drywall?
2  Q. In general.
3  A. 2004.
4  Q. And how do the appointments
5  you've been having since 2004 relate to
6  Chinese drywall now?
7  A. Just stress and anxiety that
8  affects other areas of my life.
9  Q. So you began seeing someone in
10 2004 related to stress and an- -- anxiety; is
11 that correct?
12 A. I don't -- just it's more as --
13 he is a family and marriage counselor that I
14 started seeing.
15 Q. All right. Did you make a
16 home-warranty claim connected with Chinese
17 drywall?
18 A. Yes.
19 Q. Who would that claim have been
20 made against?
21 A. I think the company is 210. It
22 was a warranty company that was -- warranty
23 as purchased, came with the home that Marino
24 paid for.

Page 191

1  Q. What was the result of that
2  claim?
3  A. They denied it because -- I
4  don't know. We have the denial letter. I
5  think it was outside of the time --
6  time-frame limit.
7  Q. Have you recovered any money at
8  all from insurance companies, warranty
9  companies related to any damages sustained by
10 Chinese drywall?
11     MR. HERMAN: Objection to the
12 extent it's collateral source.
13     But you can answer it.
14     THE WITNESS: I did not collect
15 any damages.
16     MR. MILLER: Let's take a
17 little break one second to try and see
18 if I can to talk to Steve for a
19 second. We might be done.
20     THE VIDEOGRAPHER: Time now is
21 approximately 12:56 p.m. We are now
22 off the record.
23     (A brief recess.)
24     THE VIDEOGRAPHER: Time now is

Page 192

1  approximately 1:11 p.m., and we are
2  now back on the record.
3     MR. HERMAN: We're going to
4  stipulate for the -- purposes of the
5  Federal Court Hernandez suit going to
6  trial March 15th, as defined by the
7  Amended and Restated Complaint, that
8  we will not seek any non-pecuniary
9  damages for mental anguish or
10 emotional distress, those types of
11 general damages. We may seek a claim
12 which might be defined as a
13 non-pecuniary claim for the loss of
14 enjoyment of their property, and we'll
15 deal with whatever effects there are
16 of that, and we'll address that later.
17 We might drop that too, but as of
18 right now -- and we'll reserve all
19 claims against any other defendants or
20 parties.
21     Does that help, or is it too
22 vague?
23     MR. MILLER: No, I think that's
24 right, as long as -- as we're clear