c.  an award of attorneys' fees and taxable costs; and,

d.  any and all such further relief as this Court deems just and proper.

## C. BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY AGAINST BUILDER/DEVELOPER

173) Plaintiff(s) adopt(s) and restate(s) paragraphs 1-5, and 15-43 as if fully set forth herein.

174) Defendant was in privity with Plaintiff(s).

175) At the times Defendant installed, utilized, supplied, inspected, and/or sold drywall for use in the home, Defendant knew, or it was reasonably foreseeable, that the drywall would be installed in the home for use as a building material, and impliedly warranted the product to be fit for that use.

176) Defendant's drywall product was placed into the stream of commerce by Defendant in a defective condition and was expected to, and did, reach users, handlers, and persons coming into contact with said product without substantial change in the condition in which it was sold.

177) The drywall was defective because it was not fit for the uses intended or reasonably foreseeable by Defendant; to wit, the installation of the drywall in the home for use as a building material, because it contained defects as set forth herein.

178) The Defendant breached the implied warranty of merchantability because the drywall was not fit to be installed in the home as a building material due to the defects set forth herein.

179) Defendant had reasonable and adequate notice of the claims of the Plaintiff(s) for breach of implied warranty of merchantability and failed to cure.

Colson Hicks Eidson Colson Matthews Martínez Gonzalez Kalbac & Kane
255 Aragon Avenue, 2nd Floor, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444

180) As a direct and proximate cause of Defendant's acts and omissions, Plaintiff(s) has/have incurred economic damages and is/are entitled to recover monetary damages for: replacement/repair of the home; the removal and replacement of all of the drywall contained in the home; the replacement of Other Property (air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, electronic appliances, and other metal surfaces and household items); and the repair and/or replacement of any materials contaminated or corroded by the drywall.

181) As a direct and proximate cause of Defendant's acts and omissions, Plaintiff(s) has/have incurred or will incur incidental and consequential damages for the costs of moving while the home is being repaired; renting of comparable housing during the duration of the repairs; the loss of use and enjoyment of real property; the loss in value of the home due to the stigma attached to having defective drywall in the home; and other related expenses.

182) Defendant knew or should have known that their wrongful acts and omissions would result in economic, incidental, and consequential damages in the manner set forth herein.

WHEREFORE Plaintiff(s) demand(s):

    a.  compensatory damages;

    b.  post and pre-judgment interest;

    c.  an award of taxable costs; and,

    d.  any and all such further relief as this Court deems just and proper.

## D. BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE AGAINST BUILDER/DEVELOPER

183) Plaintiff(s) adopt(s) and restate(s) paragraphs 1-5, and 15-43 as if fully set forth herein.

184) Defendant was in privity with Plaintiff(s).

Colson Hicks Eidson Colson Matthews Martinez Gonzalez Kalbac & Kane
255 Aragon Avenue, 2nd Floor, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444

185) Defendant's drywall product was placed into the stream of commerce by Defendant in a defective condition and was expected to, and did, reach users, handlers, and persons coming into contact with said product without substantial change in the condition in which it was sold.

186) The drywall was defective because it was not fit for the specific purpose of installing in the home as a building material, for which Plaintiff(s) bought the product in reliance on the judgment of Defendant.

187) The Defendant breached the implied warranty of fitness for a particular purpose because the drywall was not fit to be installed in the home as a building material due to the defects set forth herein.

188) Defendant had reasonable and adequate notice of the claims of the Plaintiff(s) for breach of implied warranty of merchantability and failed to cure.

189) As a direct and proximate cause of Defendant's acts and omissions, Plaintiff(s) has/have incurred economic damages and is/are entitled to recover monetary damages for: replacement/repair of the home; the removal and replacement of all of the drywall contained in the home; the replacement of Other Property (air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, electronic appliances, other metal surfaces and household items); and the repair and/or replacement of any materials contaminated or corroded by the drywall.

190) As a direct and proximate cause of Defendant's acts and omissions, Plaintiff(s) has/have incurred or will incur incidental and consequential damages for the costs of moving while the home is being repaired; renting of comparable housing during the duration of the

Colson Hicks Eidson Colson Matthews Martínez Gonzalez Kalbac & Kane
255 Aragon Avenue, 2nd Floor, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444

repairs; the loss of use and enjoyment of real property; the loss in value of the home due to the
stigma attached to having defective drywall in the home; and other related expenses.

191) Defendant knew or should have known that their wrongful acts and omissions
would result in economic, incidental, and consequential damages in the manner set forth herein.

WHEREFORE Plaintiff(s) demand(s):

      a.   compensatory damages;

      b.   post and pre-judgment interest;

      c.   an award of taxable costs; and,

      d.   any and all such further relief as this Court deems just and proper.

## E. BREACH OF IMPLIED WARRANTY OF HABITABILITY AGAINST BUILDER/DEVELOPER

192) Plaintiff(s) adopt(s) and restate(s) paragraphs 1-5, and 15-43 as if fully set forth
herein.

193) Defendant was in privity with Plaintiff(s).

194) The drywall that Defendant installed in the home was placed into the stream of
commerce by Defendant in a defective condition and was expected to, and did, reach users,
handlers, and persons coming into contact with said product without substantial change in the
condition in which it was sold.

195) Plaintiff(s) bought the product in reliance on the judgment of Defendant.

196) The Defendant breached the implied warranty of habitability because the
defective drywall causes the residence not to meet ordinary, normal standards reasonably to be
expected of living quarters of comparable kind and quality due to the defects set forth herein.

197) Defendant had reasonable and adequate notice of the claims of the Plaintiff(s) for
breach of implied warranty of habitability and failed to cure.

Colson Hicks Eidson Colson Matthews Martínez Gonzalez Kalbac & Kane
255 Aragon Avenue, 2nd Floor, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444

198) As a direct and proximate cause of Defendant's acts and omissions, Plaintiff(s) has/have incurred economic damages and is/are entitled to recover monetary damages for: replacement/repair of the home; the removal and replacement of all of the drywall contained in the home; the replacement of Other Property (air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, electronic appliances, other metal surfaces and household items); and the repair and/or replacement of any materials contaminated or corroded by the drywall.

199) As a direct and proximate cause of Defendant's acts and omissions, Plaintiff(s) has/have incurred or will incur incidental and consequential damages for the costs of moving while the home is being repaired; renting of comparable housing during the duration of the repairs; the loss of use and enjoyment of real property; the loss in value of the home due to the stigma attached to having defective drywall in the home; and other related expenses.

200) Defendant knew or should have known that their wrongful acts and omissions would result in economic, incidental, and consequential damages in the manner set forth herein.

WHEREFORE Plaintiff(s) demand(s):

      a.   compensatory damages;

      b.   post and pre-judgment interest;

      c.   an award of taxable costs; and,

      d.   any and all such further relief as this Court deems just and proper.

## F. BREACH OF CONTRACT AGAINST BUILDER/DEVELOPER

201) Plaintiff(s) adopt(s) and restate(s) paragraphs 1-5, and 15-43 as if fully set forth herein.

202) Defendant made an offer to build a home for Plaintiff(s).

Colson Hicks Eidson Colson Matthews Martinez Gonzalez Kalbac & Kane
255 Aragon Avenue, 2nd Floor, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444

203) Plaintiff(s) accepted Defendant's offer to build the home.

204) As consideration, Plaintiff(s) agreed to compensate Defendant for building the home.

205) As part of the agreement to purchase the home, Defendant promised Plaintiff(s) that the home would be free of defects, such as drywall that is inherently defective because it emits various sulfide gases and/or other chemicals through "off-gassing" that causes property damage and potential health hazards.

206) Defendant breached the contract by providing Plaintiff(s) with a home that was not free of defects, to wit, the home contained drywall that is inherently defective because it emits various sulfide gases and/or other chemicals through "off-gassing" that causes property damage and potential health hazards.

207) As a direct and proximate cause of Defendant's breach of contract, Plaintiff(s) has/have incurred economic damages and is/are entitled to recover monetary damages for: replacement/repair of the home; the removal and replacement of all of the drywall contained in the home; the replacement of Other Property (air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, electronic appliances, and other metal surfaces and household items); and the repair and/or replacement of any materials contaminated or corroded by the drywall.

208) As a direct and proximate cause of Defendant's breach of contract, Plaintiff(s) has/have incurred or will incur incidental and consequential damages for the costs of moving while the home is being repaired; renting of comparable housing during the duration of the repairs; the loss of use and enjoyment of real property; the loss in value of the home due to the stigma attached to having defective drywall in the home; and other related expenses.

Colson Hicks Eidson Colson Matthews Martinez Gonzalez Kalbac & Kane
255 Aragon Avenue, 2nd Floor, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444

WHEREFORE Plaintiff(s) demand(s):

      a.   compensatory damages;

      b.   post and pre-judgment interest;

      c.   an award of taxable costs; and,

      d.   any and all such further relief as this Court deems just and proper.

## G. NEGLIGENCE AGAINST BUILDER/DEVELOPER FOR OTHER PROPERTY

209) Plaintiff(s) adopt(s) and restate(s) paragraphs 1-5, and 15-43 as if fully set forth herein.

210) Defendant owed a duty to Plaintiff(s) to exercise reasonable care in the a) inspecting, and b) testing, of the drywall they were installing in the home, including a duty to adequately warn of its failure to do the same. Defendant's duty includes, but was not limited to the following:

      a.   using reasonable care in the inspecting of the drywall they installed in the the home to discover that it contained Defects as set forth herein and not to install the defective drywall in the home;

      b.   using reasonable care in the testing of the drywall they installed in the home to discover that it contained Defects as set forth herein and not to install the defective drywall in the home;

      c.   adequately warning and instructing the Plaintiff(s) of the Defects associated with drywall; and

      d.   otherwise exercising reasonable care in the inspecting and testing of the drywall they installed in the home to discover that it contained Defects as set forth herein and not to install the defective drywall in the home.

Colson Hicks Eidson Colson Matthews Martínez Gonzalez Kalbac & Kane
255 Aragon Avenue, 2nd Floor, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444

211) Defendant was negligent and breached its duty to exercise reasonable care in the a) inspecting, and b) testing of the drywall they were installing in the home, including a duty to adequately warn of its failure to do the same. Defendant's negligence included, but was not limited to the following:

    a. failing to use reasonable care in the inspecting of the drywall they installed in the home to discover that it contained Defects as set forth herein and not to install the defective drywall in the home;

    b. failing to use reasonable care in the testing of the drywall they installed in the home to discover that it contained Defects as set forth herein and not to install the defective drywall in the home;

    c. failing to adequately warn and instruct the Plaintiff(s) of the Defects associated with drywall; and

    d. failing to otherwise exercise reasonable care in the inspecting and testing of the drywall they installed in the home to discover that it contained Defects as set forth herein and not to install the defective drywall in the home.

212) As a direct and proximate cause of Defendant's acts and omissions, Plaintiff(s) has/have incurred economic damages and is/are entitled to recover monetary damages for: Other Property (air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, furnishings, electronic appliances, and other metal surfaces and household items); and the repair and/or replacement of any materials contaminated or corroded by the drywall.

213) As a direct and proximate cause of Defendant's acts and omissions, Plaintiff(s) has/have incurred or will incur incidental and consequential damages for the costs of moving

while the home is being repaired; renting of comparable housing during the duration of the repairs; the cost of repair or replacement of the home; the loss of use and enjoyment of real property; the loss in value of the home due to the stigma attached to having defective drywall in the home; and other related expenses.

214) Defendant's knew or should have known that their wrongful acts and omissions would result in economic, incidental, and consequential damages in the manner set forth herein.

WHEREFORE Plaintiff(s) demand(s):

      a.   compensatory damages;

      b.   post and pre-judgment interest;

      c.   an award of taxable costs; and,

      d.   any and all such further relief as this Court deems just and proper.

## H. PRIVATE NUISANCE AGAINST BUILDER/DEVELOPER

215)    Plaintiff(s) adopt(s) and restate(s) paragraphs 1-5, and 15-43 as if fully set forth herein.

216)    The Defendant's tortious or wrongful acts or omissions have caused sulfide gas and/or other chemical leaching into the home of the Plaintiff(s) which has unreasonably interfered, and continues to interfere, with the use and enjoyment of the property and caused potential health problems.

217)    Defendant's interference has impaired the rights of the Plaintiff(s) and the health, comfort, safety, free use of the property, and/or peaceful enjoyment of the property.

218)    Defendant's invasions were intentional and unreasonable, and/or unintentional but otherwise negligent or reckless.

219) The interference with the use of the property caused by Defendant is substantial and is ongoing.

220) Defendant's private nuisance was the direct, proximate, and foreseeable cause of the damages, injuries, harm, economic loss, and increased risk of harm, which Plaintiff(s) suffered and will continue to suffer.

221) As a direct and proximate cause of Defendant's acts and omissions, Plaintiff(s) has/have incurred economic damages and is/are entitled to recover monetary damages for: replacement/repair of the home; the removal and replacement of all of the drywall contained in the home; the replacement of Other Property (air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, electronic appliances, and other metal surfaces and household items); and the repair and/or replacement of any materials contaminated or corroded by the drywall.

222) As a direct and proximate cause of Defendant's acts and omissions, Plaintiff(s) has/have incurred or will incur incidental and consequential damages for the costs of moving while the home is being repaired; renting of comparable housing during the duration of the repairs; the loss of use and enjoyment of real property; the loss in value of the home due to the stigma attached to having defective drywall in the home; and other related expenses.

223) Defendant knew or should have known that their wrongful acts and omissions would result in economic, incidental, and consequential damages in the manner set forth herein.

WHEREFORE Plaintiff(s) demand(s):

      a. compensatory damages;

      b. post and pre-judgment interest;

      c. an award of taxable costs; and,

Colson Hicks Eidson Colson Matthews Martinez Gonzalez Kalbac & Kane
255 Aragon Avenue, 2nd Floor, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444

       d.   any and all such further relief as this Court deems just and proper.

## I. MEDICAL MONITORING AGAINST BUILDER/DEVELOPER

224) Plaintiff(s) adopt(s) and restate(s) paragraphs 1-5, and 15-43 as if fully set forth herein.

225) Plaintiff(s) is/are without adequate remedy at law, rendering injunctive and other equitable relief appropriate.

226) Plaintiff(s) will suffer irreparable harm if the Court does not render the medical monitoring relief set forth herein.

227) Plaintiff(s) demand(s) injunctive and equitable relief and further, that defendant be ordered to create, fund, and support a medical monitoring program consistent with the requirements of Florida law.

228) Until Defendant's defective drywall has been removed, Defendant should provide continued environmental and air monitoring in the home.

229) Plaintiff(s) has/have been exposed to greater than normal background levels of sulfides and other hazardous chemicals as a result of exposures to Defendant's defective drywall.

230) The sulfides gases and the other chemicals which have been released from Defendant's drywall and to which Plaintiff(s) has/have been exposed are proven hazardous, dangerous, or toxic substances.

231) The exposures were caused by the Defendant's negligence or otherwise tortious conduct.

232) The exposure may lead to serious health problems, diseases, and medical conditions that may be prevented by timely medical diagnosis and treatment.

Colson Hicks Eidson Colson Matthews Martínez Gonzalez Kalbac & Kane
255 Aragon Avenue, 2nd Floor, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444

233) The method and means for diagnosing the potential medical problems are well accepted in the medical and scientific community and will be of great benefit to the Plaintiff(s) by preventing or minimizing health problems that may be encountered as a result of the defective drywall.

234) As a proximate result of the exposure to sulfide gases and other toxic chemicals from Defendant's defective drywall, Plaintiff(s) has/have developed a significantly increased risk of contracting a serious latent disease.

235) Monitoring procedures exist that makes the early detection of any latent disease possible that are different from those normally recommended in the absence of the exposure.

236) The prescribed monitoring regime is reasonably necessary according to contemporary scientific principles.

WHEREFORE Plaintiff(s) demand(s):

      a.   compensatory damages;

      b.   post and pre-judgment interest;

      c.   an award of attorneys' fees and taxable costs; and,

      d.   any and all such further relief as this Court deems just and proper.

## VII. COUNTS AGAINST CONTRACTOR/INSTALLER

### A. STRICT LIABILITY AGAINST BUILDER DEVELOPER

237) Plaintiff(s) adopt(s) and restate(s) paragraphs 1-5, and 13-43 as if fully set forth herein.

238) At all times relevant hereto, Defendant(s) was/were in the business of distributing, delivering, supplying, inspecting, marketing, and/or selling drywall for sale to the general public.

Colson Hicks Eidson Colson Matthews Martinez Gonzalez Kalbac & Kane
255 Aragon Avenue. 2nd Floor, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444

239)    The drywall, including that installed in the home of Plaintiff(s) was placed by Defendant(s) in the stream of commerce.

240)    Defendant(s) knew that the subject drywall would be used without inspection for defects by consumers.

241)    Defendant(s) intended that the drywall reach the ultimate consumer, such as Plaintiff(s), and it indeed reached Plaintiff(s) when it was installed in the home.

242)    When installed in the home, the drywall was in substantially the same condition it was when Defendant(s) manufactured, sold, and/or delivered it.

243)    At all times relevant hereto the subject drywall was used in a manner consistent with the uses intended by, or known to Defendant(s), and in accordance with the Defendant(s)' directions and instructions.

244)    The subject drywall was not misused or altered by any third parties.

245)    The Defendant(s)' drywall was defectively manufactured, designed, inspected, tested, marketed, distributed, and sold.

246)    The design defect was in designing drywall that allowed high levels of sulfur and/or other chemicals to emit through off-gassing and damage the property that caused corrosion of air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, electronic appliances, and other metal surfaces and household items ("Other Property") and potential health hazards.

247)    The manufacturing defect was in improperly selecting, testing, inspecting, mining, making, assembling, and using, gypsum for drywall with levels of sulfur that were too high and emitted various sulfide gases and/or other chemicals through "off-gassing" that creates noxious, "rotten egg-like" odors for drywall that caused corrosion of air-conditioner and

48

refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, electronic appliances, and other metal surfaces and household items ("Other Property").

248)   The drywall was also defective because it was improperly exported, imported, distributed, delivered, supplied, inspected, marketed, and/or sold in a defective condition, as described above.

249)   The Defendant(s)' defective manufacturing, designing, inspecting, testing, marketing, distributing, and selling of the drywall rendered it unsafe and unreasonably dangerous for its intended use and to the Plaintiff(s).

250)   The drywall is also defective and unreasonably dangerous because Defendant(s) failed to adequately warn and instruct the Plaintiff(s) of the defective design, inspection, testing, manufacturing, marketing, and selling of the drywall.

251)   Plaintiff(s) was/were unaware of the unreasonably dangerous propensities and defective condition of the drywall, nor could Plaintiff(s), acting as a reasonably prudent person/people discover that Defendant(s)' drywall was defective, as set forth herein, or perceive its danger.

252)   Defendant(s)' defective drywall was much more dangerous and harmful than expected by the average consumer and by Plaintiff(s).

253)   Defendant(s)' defective drywall benefit to Plaintiff(s), if any, was greatly outweighed by the risk of harm and danger to them.

254)   The defects in the drywall, as well as Defendant(s)' failure to adequately warn the Plaintiff(s) of the defects rendered the drywall unreasonably dangerous and was the direct and proximate cause of damages to Plaintiff(s).

Colson Hicks Eidson Colson Matthews Martinez Gonzalez Kalbac & Kane
255 Aragon Avenue, 2nd Floor, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444

255) As a direct and proximate cause of Defendant(s)' acts and omissions, Plaintiff(s) has/have incurred economic damages and is/are entitled to recover monetary damages for: replacement/repair of the home; the removal and replacement of all of the drywall contained in the home; the replacement of Other Property (air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, furnishings, electronic appliances, and other metal surfaces and household items); and the repair and/or replacement of any materials contaminated or corroded by the drywall.

256) As a direct and proximate cause of Defendant(s)' acts and omissions, Plaintiff(s) has/have incurred or will incur incidental and consequential damages for the cost of moving while the home is being repaired/replaced; renting of comparable housing during the duration of the repairs or until the home is replaced; the cost of repair or replacement of the home; the loss of use and enjoyment of real property; the loss in value of the home due to the stigma attached to having defective drywall in the home; and other related expenses.

WHEREFORE Plaintiff(s) demand(s):

    a. compensatory damages;

    b. post and pre-judgment interest;

    c. an award of taxable costs; and,

    d. any and all such further relief as this Court deems just and proper.

## B. NEGLIGENCE AGAINST CONTRACTOR/INSTALLER

257) Plaintiff(s) adopt(s) and restate(s) paragraphs 1-5, and 13-43 as if fully set forth herein.

258) Defendant owed a duty to Plaintiff(s) to exercise reasonable care in the a) inspecting, b) testing, the drywall it was installing in the home, including a duty to adequately

Colson Hicks Eidson Colson Matthews Martinez Gonzalez Kalbac & Kane
255 Aragon Avenue, 2nd Floor, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444

Case 2:09-md-02047-EEF-MBN   Document 1689-8   Filed 03/10/10   Page 16 of 26

warn of its failure to do the same. Defendant's duty includes, but was not limited to the following:

    a)    using reasonable care in the inspecting of the drywall it installed in the home to discover that it contained Defects as set forth herein and not to install the defective drywall in the home;

    b)    using reasonable care in the testing of the drywall it installed in the home to discover that it contained Defects as set forth herein and not to install the defective drywall in the home;

    c)    adequately warning and instructing the Plaintiff(s) of the Defects associated with drywall; and

    d)    otherwise exercising reasonable care in the inspecting and testing of the drywall it installed in the home to discover that it contained Defects as set forth herein and not to install the defective drywall in the home.

259) Defendant was negligent and breached its duty to exercise reasonable care in the a) inspecting, b) testing, the drywall it was installing in the home, including a duty to adequately warn of its failure to do the same. Defendant's negligence included, but was not limited to the following:

    a)    failing to use reasonable care in the inspecting of the drywall it installed in the home to discover that it contained Defects as set forth herein and not to install the defective drywall in the home;

    b)    failing to use reasonable care in the testing of the drywall it installed in the home to discover that it contained Defects as set forth herein and not to install the defective drywall in the home;

Colson Hicks Eidson Colson Matthews Martinez Gonzalez Kalbac & Kane
255 Aragon Avenue, 2nd Floor, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444

  c)  failing to adequately warn and instructing the Plaintiff(s) of the Defects associated with drywall; and

  d)  failing to otherwise exercise reasonable care in the inspecting and testing of the drywall it installed in the home to discover that it contained Defects as set forth herein and not to install the defective drywall in the home.

260) As a direct and proximate cause of Defendant's acts and omissions, Plaintiff(s) has/have incurred economic damages and is/are entitled to recover monetary damages for: replacement/repair of the home; the removal and replacement of all of the drywall contained in the home; the replacement of Other Property (air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, furnishings, electronic appliances, and other metal surfaces and household items); and the repair and/or replacement of any materials contaminated or corroded by the drywall.

261) As a direct and proximate cause of Defendant's acts and omissions, Plaintiff(s) has/have incurred or will incur incidental and consequential damages for the costs of moving while the home is being repaired/replaced; renting of comparable housing during the duration of the repairs or until the home is replaced; the cost of repair or replacement of the home; the loss of use and enjoyment of real property; the loss in value of the home due to the stigma attached to having defective drywall in the home; and other related expenses.

262) Defendant knew or should have known that their wrongful acts and omissions would result in economic, incidental, and consequential damages in the manner set forth herein. WHEREFORE Plaintiff(s) demand(s):

  a. compensatory damages;

  b. post and pre-judgment interest;

Colson Hicks Eidson Colson Matthews Martínez Gonzalez Kalbac & Kane
255 Aragon Avenue, 2nd Floor, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444

      c.   an award of attorneys' fees and taxable costs; and,

      d.   any and all such further relief as this Court deems just and proper.

## C. PRIVATE NUISANCE AGAINST CONTRACTOR/INSTALLER

263)    Plaintiff(s) adopt(s) and restate(s) paragraphs 1-5, and 13-43 as if fully set forth herein.

264)    The Defendant's tortious or wrongful acts or omissions have caused sulfide gas and/or other chemical leaching into the home which has unreasonably interfered, and continues to interfere, with the use and enjoyment of the property and caused potential health problems.

265)    Defendant's interference has impaired the rights of the Plaintiff(s) and the health, comfort, safety, free use of the property, and/or peaceful enjoyment of the property.

266)    Defendant's invasions were intentional and unreasonable, and/or unintentional but otherwise negligent or reckless.

267)    The interference with the use of the property caused by Defendant is substantial and is ongoing.

268)    Defendant's private nuisance was the direct, proximate, and foreseeable cause of the damages, injuries, harm, economic loss, and increased risk of harm, which Plaintiff(s) suffered and will continue to suffer.

269)    As a direct and proximate cause of Defendant's acts and omissions, Plaintiff(s) has/have incurred economic damages and is/are entitled to recover monetary damages for: replacement/repair of the home; the removal and replacement of all of the drywall contained in the home; the replacement of Other Property (air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, electronic

appliances, and other metal surfaces and household items); and the repair and/or replacement of any materials contaminated or corroded by the drywall.

270)   As a direct and proximate cause of Defendant's acts and omissions, Plaintiff(s) has/have incurred or will incur incidental and consequential damages for the costs of moving while the home is being repaired; renting of comparable housing during the duration of the repairs; the loss of use and enjoyment of real property; the loss in value of the home due to the stigma attached to having defective drywall in the home; and other related expenses.

271)   Defendant knew or should have known that their wrongful acts and omissions would result in economic, incidental, and consequential damages in the manner set forth herein.

WHEREFORE Plaintiff(s) demand(s):

      a.   compensatory damages;

      b.   post and pre-judgment interest;

      c.   an award of taxable costs; and,

      d.   any and all such further relief as this Court deems just and proper.

## D. MEDICAL MONITORING AGAINST CONTRACTOR/INSTALLER

272)   Plaintiff(s) adopt(s) and restate(s) paragraphs 1-5, and 13-43 as if fully set forth herein.

273)   Plaintiff(s) is/are without adequate remedy at law, rendering injunctive and other equitable relief appropriate.

274)   Plaintiff(s) will suffer irreparable harm if the Court does not render the medical monitoring relief set forth herein.

275) Plaintiff(s) demand(s) injunctive and equitable relief and further, that defendant be ordered to create, fund, and support a medical monitoring program consistent with the requirements of Florida law.

276) Until Defendant's defective drywall has been removed, Defendant should provide continued environmental and air monitoring in the home.

277) Plaintiff(s) has/have been exposed to greater than normal background levels of sulfides and other hazardous chemicals as a result of exposures to Defendant's defective drywall.

278) The sulfides gases and the other chemicals which have been released from Defendant's drywall and to which Plaintiff(s) has/have been exposed are proven hazardous, dangerous, or toxic substances.

279) The exposures were caused by the Defendant's negligence or otherwise tortious conduct.

280) The exposure may lead to serious health problems, diseases, and medical conditions that may be prevented by timely medical diagnosis and treatment.

281) The method and means for diagnosing potential medical problems are well accepted in the medical and scientific community and will be of great benefit to the Plaintiff(s) by preventing or minimizing health problems that they may encounter as a result of the defective drywall.

282) As a proximate result of the exposure to sulfide gases and other toxic chemicals from Defendant's defective drywall, Plaintiff(s) has/have developed a significantly increased risk of contracting a serious latent disease.

283) Monitoring procedures exist that makes the early detection of any latent disease possible that are different from those normally recommended in the absence of the exposure.

284) The prescribed monitoring regime is reasonably necessary according to contemporary scientific principles.

WHEREFORE Plaintiff(s) demand(s):

    a.  compensatory damages;

    b.  post and pre-judgment interest;

    c.  an award of attorneys' fees and taxable costs; and,

    d.  any and all such further relief as this Court deems just and proper.

## VIII. PERSONAL INJURY CLAIM AGAINST DEFENDANT(S)

285) As a direct and proximate result of Defendant(s) acts and omissions, Plaintiff(s) sustained bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, oss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

WHEREFORE Plaintiff(s) demand(s):

    a.  compensatory damages;

    b.  costs of this action

    c.  post-judgment interest; and,

    d.  any and all such further relief as this Court deems just and proper.

## IX.  LOSS OF CONSORTIUM CLAIM AGAINST DEFENDANT(S)

286) As a direct and proximate result of the Defendant(s) acts and omissions alleged in section VIII above, and the resulting injury to Plaintiff's spouse, Plaintiff has in the past suffered, and will in the future continue to suffer, the loss of services, companionship, comfort, safety, society

and attentions of his/her spouse.  In addition, he/she has in the past incurred, and will in the future incur, pain and suffering, mental anguish as well as hospital, nursing, medical, rehabilitation, transportation and related expenses for the care and treatment of his/her spouse.  These losses and damages are permanent and continuing in nature and Plaintiff will continue to suffer these losses and damages in the future.

WHEREFORE Plaintiff(s) demand(s):

      a.  compensatory damages;

      b.  costs of this action

      c.  post-judgment interest; and,

      d.  any and all such further relief as this Court deems just and proper.

## X. ATTORNEYS' FEES CLAIM AGAINST BUILDER/DEVELOPER FOR BREACH OF CONTRACT

287)  Plaintiff(s) adopt(s) and restate(s) paragraphs 1-5, and 15-43 as if fully set forth herein.

288)  Plaintiff(s) has/have retained undersigned counsel and are obligated to pay attorneys' fees and costs.

289)  Pursuant to the contract between the Plaintiff(s) and Defendant builder/developer, the prevailing party is entitled to recover reasonable attorneys' fees, reasonable costs and expenses incurred as set forth in the contract.

WHEREFORE Plaintiff(s) demand(s):

      a.  Attorneys' fees and costs and expenses pursuant to the contract.

## DEMAND FOR JURY TRIAL

Plaintiff(s) hereby demand(s) a trial by jury as to all issues so triable as a matter of right.

DATED:      September ___, 2009

Colson Hicks Eidson Colson Matthews Martinez Gonzalez Kalbac & Kane
255 Aragon Avenue, 2nd Floor, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444

ATTORNEY NAME_____

Fla. Bar No. _____

E-mail: _____

Address:_____

_____

_____

Phone:_____

*Counsel for Plaintiff(s)*

Colson Hicks Eidson Colson Matthews Martínez Gonzalez Kalbac & Kane
255 Aragon Avenue, 2nd Floor, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444

IN RE CHINESE DRYWALL SHORT FORM
COMPLAINT

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

_____
Plaintiff(s),

GENERAL JURISDICTION DIVISION

CASE NO:

v.

_____
Defendant(s)

_____/

## SHORT FORM COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff(s) _____, pursuant to pretrial order, dated _____,

hereby adopt(s) the court approved Master Complaint in the matter, as set forth herein. In

support thereof, Plaintiff(s) state(s) as follows:

## JURISDICTION, PARTIES, AND VENUE

1)    Plaintiff(s) _____, is/are residents of Miami-Dade County whose

home with defective drywall is located at _____.

2)    Venue in this district is proper because the property that is the subject matter of this

action is located in Miami-Dade County at Florida and the cause of action accrued in Miami-

Dade County.

## DEFENDANTS

3)    Upon information and belief Defendant _____ was

the manufacturer of the Plaintiff(s)' home containing defective drywall.

Colson Hicks Eidson Colson Matthews Martinez Gonzalez Kalbac & Kane
255 Aragon Avenue, 2nd Floor, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444

1

4)      Directly or indirectly through agents, affiliates, or co-conspirators, Defendant manufacturer's acts or omissions related to defective drywall has injured Plaintiff(s) as alleged herein.

5)      Upon information and belief Defendant _____ was the distributor/supplier of the defective drywall to Plaintiff(s)' home.

6)      Directly or indirectly through agents, affiliates or co-conspirators, Defendant distributor/supplier's acts or omissions related to defective drywall has injured Plaintiff(s) as alleged herein.

7)      Upon information and belief Defendant _____ was the builder/developer of Plaintiff(s)' home containing defective drywall.

8)      Directly or indirectly through agents, affiliates or co-conspirators, Defendant builder/developer's acts or omissions related to defective drywall has injured Plaintiff(s) as alleged herein.

9)      Upon information and belief Defendant _____ was the installer of the defective drywall in Plaintiff(s)' home.

10)      Directly or indirectly through agents, affiliates or co-conspirators, Defendant contractor/installer's acts or omissions related to defective drywall has injured Plaintiff(s) as alleged herein.

## NOTICE OF ADOPTION OF MASTER COMPLAINT

11)      Plaintiff(s) adopt(s) and restate(s) section(s) _____ of the Master Complaint as if fully set forth herein.

12)      Plaintiff(s) adopt(s) and restate(s) section(s) _____ of the Master Complaint against manufacturer Defendant _____ as is fully set forth herein.

**Colson Hicks Eidson Colson Matthews Martínez Gonzalez Kalbac & Kane**
255 Aragon Avenue, 2nd Floor, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444

2

13)     Plaintiff(s) adopt(s) and restate(s) section(s) _____ of the Master Complaint against distributor/supplier Defendant _____ as is fully set forth herein.

14)     Plaintiff(s) adopt(s) and restate(s) section(s) _____ of the Master Complaint against builder/developer Defendant _____ as is fully set forth herein.

15)     Plaintiff(s) adopt(s) and restate(s) section(s) _____ of the Master Complaint against installer Defendant _____ as is fully set forth

## DEMAND FOR JURY TRIAL

Plaintiff(s) hereby demand(s) a trial by jury as to all issues so triable as a matter of right.

DATED:      This _____ day of _____, 2009

X_____
ATTORNEY NAME_____
Fla. Bar No. _____
E-mail: _____
Address:_____
_____
_____
Phone:_____
*Counsel for Plaintiff(s)*

Colson Hicks Eidson Colson Matthews Martinez Gonzalez Kalbac & Kane
255 Aragon Avenue, 2nd Floor, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444