FILED by _RGS_ D.C.

SEP 0 1 2009

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. _____

# 09-22605

JASON HARRELL and MELISSA HARRELL,
individually and on behalf of their minor
children,

   *Plaintiffs,*

vs.

KNAUF PLASTERBOARD TIANJIN CO.,
LTD., a Foreign corporation; KNAUF GIPS
KG, a Foreign corporation; KNAUF
PLASTERBOARD (WUHU) CO. LTD., a
Foreign corporation; KNAUF
PLASTERBOARD (DONGGUAN) CO. LTD.,
a Foreign corporation; and ROTHCHILT
INT'L., LTD., a Foreign corporation,

   *Defendants.*

_____ /

CIV-KING

MAGISTRATE
BANDSTRA

## COMPLAINT

  Plaintiffs, JASON HARRELL and MELISSA HARRELL ("Plaintiffs"), individually and on

behalf of their minor children, sue defendants Knauf Plasterboard Tianjin Co., Ltd. ("Knauf"); Knauf

Gips KG ("Knauf Gips"); Knauf Plasterboard (Wuhu) Co. Ltd. ("Knauf Wuhu"); Knauf Plasterboard

(Dongguan) Co. Ltd. ("Knauf Dongguan"); and Rothchilt Int'l, Ltd. ("Rothchilt") (collectively,

"Defendants"), and allege as follows:

## INTRODUCTION

  1. Plaintiffs purchased a home that contains defective and unreasonably dangerous

drywall that was designed, tested, manufactured, marketed, wholesaled, supplied and/or sold by

**EXHIBIT
"B"**

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.3‚‚‚‚‚‚  ‚‚derdale 954.463.4346    www.podhurst.com

Knauf, Knauf Wuhu, Knauf Dongguan, and Knauf Gips and imported into and distributed inside of the United States, including in the State of Florida, by Rothchilt.

2.    Drywall is a common manufactured building material used globally for the construction of interior walls and ceilings. On information and belief, at all relevant times, a substantial quantity of defective and unreasonably dangerous drywall was designed, tested, manufactured, marketed, wholesaled, supplied and/or sold by Knauf, Knauf Wuhu, Knauf Dongguan, Knauf Gips and Rothchilt. The use of drywall is extensive. Reporting indicates that over 10 million square feet of the defective and unreasonably dangerous drywall have been used in construction in the State of Florida alone, and that as many as 60,000 average-sized homes may have been built in the State of Florida with the defective drywall. The same defective and unreasonably dangerous drywall is reported to have been installed in homes in at least 23 other states.

3.    The drywall designed, tested, manufactured, marketed, wholesaled, supplied and/or sold for use in the construction of homes and structures by Defendants was and is defective and unreasonably dangerous because toxic chemicals emanate from the drywall. When certain chemical compounds in the drywall, including but not limited to sulphur, are exposed to moisture or react with other chemicals found in the houses, they create noxious chemicals that volatilize into the homes. These chemicals that are released into the homes damage the houses, fixtures attached thereto, and personal property contained therein, and render the homes unsafe and/or uninhabitable.

4.    The defect in the drywall was latent and existed at the time of manufacture, sale and installation of the defective drywall. The defect exists irrespective of the manner in which the drywall was installed, maintained, or painted. The defect cannot be repaired.

5.    The problems caused by defective and unreasonably dangerous drywall are numerous,

including damage to other property in the home and adverse health effects on the occupants of the home.

6.      Plaintiffs assert six counts: (a) a strict products liability claim; (b) a negligence claim; (c) a breach of the implied warranty of fitness claim; (d) an unjust enrichment claim; (e) a private nuisance claim; and (f) a claim for equitable relief seeking medical monitoring to monitor the effects of exposure to defective and unreasonably dangerous drywall on Plaintiffs.

**PARTIES**

7.      At all times material to the allegations set forth herein, Plaintiffs were and are residents of Miami-Dade County, within Southern District of Florida who, within the applicable statute of limitations period(s), purchased a home containing defective and unreasonably dangerous drywall that was manufactured by Knauf, Knauf Wuhu, Knauf Dongguan, and Knauf Gips and imported and/or imported into the United States by Rothchilt. Plaintiffs Jason and Melissa Harrell are guardians of their two minor children, with whom they live.

8.      At all times material to the allegations set forth herein, Knauf was and is a company organized under the laws of the People's Republic of China and carries on a business that has directed its activities, including the manufacture and sale of drywall, to residents of the State of Florida, including within the Southern District of Florida, from which it has derived pecuniary gain. Knauf's principal place of business is located at North Yinhe Bridge, East Jingjin Road, Beichen District, Tianjin, 300400, China. Upon information and belief Knauf is a wholly-owned subsidiary of Knauf Gips.

9.      At all times material to the allegations set forth herein, Knauf Wuhu was and is a company organized under the laws of the People's Republic of China and carries on a business that

has directed its activities, including the manufacture and sale of drywall, to residents of the State of Florida, including within the Southern District of Florida, from which it has derived pecuniary gain. Knauf Wuhu's principal place of business is located at 2 Gang Wan Road, RC-241009, Wuhu Anhui, China.  Upon information and belief Knauf Wuhu is a wholly-owned subsidiary of Knauf Gips.

10.    At all times material to the allegations set forth herein, Knauf Dongguan was and is a company organized under the laws of the People's Republic of China and carries on a business that has directed its activities, including the manufacture and sale of drywall, to residents of the State of Florida, including within the Southern District of Florida, from which it has derived pecuniary gain. Knauf Dongguan's principal place of business is located at No. 2 Xinsha Development Zone RC-523147, Guangdong, China. Upon information and belief Knauf Dongguan is a wholly-owned subsidiary of Knauf Gips.

11.    At all times material to the allegations set forth herein, Knauf Gips was and is a corporation organized under the laws of Germany and carries on a business that has directed its activities, including the manufacture and sale of drywall, to residents of the State of Florida, including within the Southern District of Florida, from which it has derived pecuniary gain.  Knauf Gips is an international leading manufacturer of building materials and systems.  Knauf Gips, together with its affiliates, including Knauf,  has over 130 plants worldwide and has annual sales exceeding 4.8 billion Euros.  Knauf Gips, in conjunction with its subsidiaries and affiliates, does business in over 50 countries and employs approximately 20,000 individuals worldwide. Knauf Gips does substantial business in the United States of America generally, and in the State of Florida specifically.  Since the late 1990's Knauf Gips built three plants for the manufacture of drywall in China.  These plants are located in Wuhu, Tianjin and Dongguan. Upon information and belief,

Knauf Gips exercises strict control over the manufacture and sale of drywall by its Chinese subsidiaries and affiliates, including Knauf, Knauf Wuhu and Knauf Dongguan. Upon information and belief, at all material times hereto, Knauf Gips supervised, operated, trained and otherwise exercised control and/or had the right to control the operations of Knauf, Knauf Wuhu, Knauf Dongguan and their agents, apparent agents, and employees. Knauf Gips also established the quality control criteria for the production of drywall and monitored the production of drywall according to these criteria by its subsidiaries, including Knauf, Knauf Wuhu, and Knauf Dongguan.

12.    At all times material to the allegations set forth herein, Rothchilt was and is a company organized in Taiwan and carried on a business that has directed its activities, including the distribution or importation of the defective drywall, to residents of the Southern District of Florida and the State of Florida, from which it has derived pecuniary gain. Rothchilt's principal place of business is located at N-510 Chia Hsin Bld. Annex 96 Chung Shan N. Rd. Sec. 2, Tapei, Taiwan. Rothchilt is the distributor and/or importer of the defective drywall manufactured by Knauf, Knauf Gips, Knauf Wuhu and Knauf Dongguan, and placed in Plaintiffs' home.

## JURISDICTION AND VENUE

13.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because Plaintiffs are citizens of the State of Florida and Defendants Knauf, Knuf Wuhu, Knauf Dongguan, Knauf Gips, and Rothchilt are citizens or subjects of foreign states and Plaintiffs' claims, exclusive of interest and costs, exceed seventy-five thousand dollars ($75,000.00).

14.    Venue is proper pursuant to Chapter 28 U.S.C. § 1391(a) because a substantial part of the acts and omissions giving rise to the claims occurred and the property that is the subject of the action is situated in this District.

15.    This Court may exercise personal jurisdiction over Knauf pursuant to § 48.193, Fla.

Stat., because Knauf, personally or through an agent, operated, conducted, engaged in or carried out a business or business venture in this State. This Court may further exercise personal jurisdiction over Knauf because Knauf, personally or through an agent, committed a tortious act within this State. This Court may further exercise personal jurisdiction over Knauf because, by its acts or omissions, Knauf, either personally or through an agent, caused injury to property within this State and, at or about the time of injury, products and/or materials manufactured, serviced and/or processed by Knauf, personally or through an agent, were consumed by persons within this State in the ordinary course of commerce, trade or use. This Court may further exercise personal jurisdiction over Knauf because Knauf, personally, or through an agent, engaged in substantial and not isolated activity in the State.

16.     This Court may exercise personal jurisdiction over Knauf Wuhu pursuant to § 48.193, Fla. Stat., because Knauf Wuhu, personally or through an agent, operated, conducted, engaged in or carried out a business or business venture in this State. This Court may further exercise personal jurisdiction over Knauf Wuhu because Knauf Wuhu, personally or through an agent, committed a tortious act within this State. This Court may further exercise personal jurisdiction over Knauf Wuhu because, by its acts or omissions, Knauf Wuhu, either personally or through an agent, caused injury to property within this State and, at or about the time of injury, products and/or materials manufactured, serviced and/or processed by Knauf Wuhu personally or through an agent, were consumed by persons within this State in the ordinary course of commerce, trade or use. This Court may further exercise personal jurisdiction over Knauf Wuhu because Knauf Wuhu, personally, or through an agent, engaged in substantial and not isolated activity in the State.

17.     This Court may exercise personal jurisdiction over Knauf Dongguan pursuant to § 48.193, Fla. Stat., because Knauf Dongguan, personally or through an agent, operated, conducted,

Podhurst Orseck, P.A.
H:\P DOCS\010047\1\00\00942.WPD                                                                 6

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346         www.podhurst.com

engaged in or carried out a business or business venture in this State. This Court may further exercise personal jurisdiction over Knauf Dongguan because Knauf Dongguan, personally or through an agent, committed a tortious act within this State. This Court may further exercise personal jurisdiction over Knauf Dongguan because, by its acts or omissions, Knauf Dongguan, either personally or through an agent, caused injury to property within this State and, at or about the time of injury, products and/or materials manufactured, serviced and/or processed by Knauf Dongguan personally or through an agent, were consumed by persons within this State in the ordinary course of commerce, trade or use. This Court may further exercise personal jurisdiction over Knauf Dongguan because Knauf Dongguan, personally or through an agent, engaged in substantial and not isolated activity in the State.

18.    This Court may exercise personal jurisdiction over Knauf Gips pursuant to § 48.193, Fla. Stat., because Knauf Gips, personally or through an agent, operated, conducted, engaged in or carried out a business or business venture in this State. This Court may further exercise personal jurisdiction over Knauf Gips because Knauf Gips, personally or through an agent, committed a tortious act within this State. This Court may further exercise personal jurisdiction over Knauf Gips because, by its acts or omissions, Knauf Gips, either personally or through an agent, caused injury to property within this State and, at or about the time of injury, products and/or materials manufactured, serviced and/or processed by Knauf Gips, personally or through an agent, were consumed by persons within this State in the ordinary course of commerce, trade or use. This Court may further exercise personal jurisdiction over Knauf Gips because Knauf Gips, personally or through an agent, engaged in substantial and not isolated activity in the State.

19.    This Court may exercise personal jurisdiction over Rothchilt pursuant to § 48.193, Fla. Stat., because Rothchilt, personally or through an agent, operated, conducted, engaged in or

carried out a business or business venture in this State. This Court may further exercise personal jurisdiction over Rothchilt because Rothchilt, personally or through an agent, committed a tortious act within this State. This Court may further exercise personal jurisdiction over Rothchilt because, by its acts or omissions, Rothchilt, either personally or through an agent, caused injury to property within this State and, at or about the time of injury, products and/or materials manufactured, serviced and/or processed by Rothchilt, personally or through an agent, were consumed by persons within this State in the ordinary course of commerce, trade or use. This Court may further exercise personal jurisdiction over Rothchilt because Rothchilt, personally or through an agent, engaged in substantial and not isolated activity in the State.

## SUBSTANTIVE ALLEGATIONS
### Allegations Related to Defendants

20.     Knauf designs, tests, manufacturers, creates, distributes, wholesales, markets and/or sells drywall. Knauf designed, tested, manufactured, created, distributed, wholesaled, marketed, exported and/or sold drywall containing high levels of toxic chemicals at all relevant times.

21.     On information and belief, Knauf began manufacturing drywall in 1995. In 2001 Knauf established three plasterboard plants located in Wuhu (Anhui province), Tianjin and Dongguan (Guangdong province), operated by Knauf, Knauf Wuhu, and Knauf Dongguan.

22.     Since as early as approximately 1997, Knauf has continuously and systematically distributed and sold drywall to numerous purchasers in the State of Florida, including suppliers based in the Southern District of Florida, to be used in construction in the State of Florida and throughout the United States.

23.     Knauf marketed, sold or caused to be marketed and sold drywall it manufactured with the expectation that it would be purchased and used by thousands of consumers in the State of Florida and throughout the United States. Knauf purposefully availed itself of the laws of the State

of Florida by shipping substantial quantities of drywall into the State of Florida through Florida ports, including through ports in the Southern District of Florida, and by seeking out and hiring experts, investigators, and consultants and other agents in the State of Florida in response to complaints relating to the defective drywall described herein.

24.     Knauf Gips, through its subsidiaries Knauf, Knauf Wuhu, and Knauf Dongguan, which are its apparent and/or actual agents, designs, tests, manufacturers, creates, distributes, wholesales, markets and/or sells drywall.   Knauf Gips manufactured, created, distributed, wholesaled, marketed, exported and/or sold drywall containing high levels of toxic chemicals that was installed in Plaintiffs' home.

25.     On information and belief, Knauf Gips has, since as early as approximately 1997, continuously and systematically distributed and sold drywall to numerous purchasers in the State of Florida and throughout the United States, including suppliers based in the Southern District of Florida, to be used in construction in the State of Florida.  Knauf Gips marketed, sold or caused to be marketed and sold drywall with the expectation that it would be purchased and used by thousands of consumers in the State of Florida and throughout the United States.  Knauf Gips purposefully availed itself of the laws of the State of Florida by shipping substantial quantities of drywall into the State of Florida through Florida ports, including through ports in the Southern District of Florida, and by seeking out and hiring experts, investigators, and consultants and other agents in the State of Florida in response to complaints relating to the defective drywall described herein.

26.     Rothchilt distributes, wholesales, markets and/or sells drywall. Rothchilt distributed, wholesaled, marketed, exported and/or sold drywall containing high levels of toxic chemicals manufactured by Knauf, Knauf Wuhu, Knauf Dongguan, and Knauf Gips. Rothchilt marketed, sold or caused to be marketed and sold drywall with the expectation that it would be purchased and used

by thousands of consumers in the State of Florida and throughout the United States. Rothchilt purposefully availed itself of the laws of the State of Florida by shipping substantial quantities of drywall into the State of Florida through Florida ports, including through ports in the Southern District of Florida.

### Allegations Related to Plaintiffs

27.     In or about January 2008, Plaintiffs formed a contract to purchase a new residence, located at 1926 SE 23 Court, Homestead, FL 33035.

28.     In or about February 2008, Plaintiffs closed on their new residence. In or about June 2008, Plaintiffs and their minor children moved into their new home, which -- unbeknownst to them -- was built with defective and unreasonably dangerous drywall manufactured and supplied by Defendants.

29.     The defective and unreasonably dangerous drywall caused damages to Plaintiffs because they have experienced damage to their home, fixtures attached thereto, and personal property contained therein. Consequently, Plaintiffs' home, in which defective and unreasonably dangerous drywall has been installed, is in need of costly remediation.

30.     The drywall contained in Plaintiffs' home was supposed to be safe and free from defects but, in reality, because of the toxic chemicals it contains, is unfit for the purpose for which it was sold and, as a consequence, Plaintiffs' home is unhabitable because it fails to meet ordinary, normal standards that are reasonably to be expected of living quarters of comparable kind because of the defective and unreasonably dangerous drywall installed therein.

### EQUITABLE TOLLING

31.     The running of any applicable statute of limitations has been tolled by reason of Defendants' fraudulent concealment. Defendants, by failing to disclose a known defect to Plaintiffs,

and misrepresenting the nature of their product, concealed from Plaintiffs the risks associated with defective drywall.

32.     As a result of Defendants' actions, Plaintiffs could not reasonably know or have learned of the defect in the drywall through the exercise of reasonable diligence. In fact, Plaintiffs could not possibly have discovered the existence of the defect in the drywall until press reports of defective drywall were released in or about December 2008.

33.     Defendants must be estopped from relying on any statute of limitations because of their fraudulent concealment of the defective nature of the drywall installed in Plaintiffs' home.

34.     Plaintiffs had no knowledge that Defendants were engaged in wrongdoing and, because of Defendants' fraudulent concealment thereof, any applicable statute of limitations must be tolled.

## COUNT I
## PRODUCTS LIABILITY
### Strict Liability (Defective Product)
### All Defendants

35.     Plaintiffs hereby adopt and incorporate by reference paragraphs 1 to 34 as if fully set forth herein.

36.     This Count addresses the unlawful practice of placing a defective and unreasonably dangerous product -- defective drywall -- into the stream of commerce through the design, testing, manufacture, distribution, wholesale, marketing, and/or sale of defective drywall by Knauf, Knauf Wuhu, Knauf Dongguan, Knauf Gips, and Rothchilt.

37.     Knauf, Knauf Wuhu, Knauf Dongguan, Knauf Gips, and Rothchilt are in the for-profit business manufacturing and supplying drywall for use in construction in the United States and in the State of Florida.

38.     Knauf, Knauf Wuhu, Knauf Dongguan, Knauf Gips and Rothchilt placed defective

and unreasonably dangerous drywall into the stream of commerce for use in construction of homes, including Plaintiffs' home, and Plaintiffs are expected, foreseeable consumers, users or handlers of drywall. The drywall was defective and unreasonably dangerous at the time Knauf, Knauf Wuhu, Knauf Dongguan, Knauf Gips and Rothchilt introduced it into the stream of commerce.

39.    At all material times, the defective and unreasonably dangerous drywall and homes or structures containing defective and unreasonably dangerous drywall, including the home and drywall installed in Plaintiffs' home, were used for their intended purposes and the defective and unreasonably dangerous drywall was installed in the normal course of construction without any known changes or alterations to its condition.

40.    The defective and unreasonably dangerous drywall was incorporated into the home sold to Plaintiffs before the damages to Plaintiffs were caused.

41.    Unknown to and hidden from Plaintiffs, the drywall installed in their home was defective and unreasonably dangerous because it contained toxic chemicals that damaged the home, fixtures attached thereto, and personal property contained therein, and rendered the home unsafe and/or uninhabitable. The drywall also did not conform to applicable building standards, guidelines and/or codes intended to protect Plaintiffs.

42.    As a direct and proximate result of the faulty and/or defective design, testing, manufacture, distribution, wholesale, marketing, and/or sale of defective and unreasonably dangerous drywall by Knauf, Knauf Wuhu, Knauf Dongguan, Knauf Gips, and Rothchilt, Plaintiffs suffered damages, including, but not limited to, property damage to their home, to fixtures attached thereto and property contained therein.

43.    If Knauf, Knauf Wuhu, Knauf Dongguan, Knauf Gips, and Rothchilt had exercised that degree of care that a prudent or reasonably cautious person acting under the same circumstances

would exert, they could have foreseen that the drywall was defective and unreasonably dangerous and that damages to Plaintiffs would reasonably be expected to ensue as a result of the design, testing, manufacture, distribution, wholesale, marketing, and/or sale of defective drywall for construction in homes.

44.     As a direct and proximate result of the foregoing acts and omissions of the Defendants, Plaintiffs' home requires extensive reconstruction and repairs and will incur inspection, repair and replacement costs to repair the home, fixtures attached thereto, and personal property contained therein.

45.     As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs have incurred economic damages and are entitled to recover monetary damages for: replacement/repair of their home; the removal and replacement of all of the drywall contained in their home; the replacement of other property (air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, electronic appliances, and other metal surfaces and household items); and the repair and/or replacement of any materials contaminated or corroded by the drywall.

46.     As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs have incurred or will incur incidental and consequential damages for the costs of moving while the home is being repaired; renting of comparable housing during the duration of the repairs; the loss of use and enjoyment of real property; the loss in value of the home due to the stigma attached to having defective and unreasonably dangerous drywall in the home; and other related expenses.

## COUNT II
## NEGLIGENCE
### All Defendants

47.     Plaintiffs hereby adopt and incorporate by reference paragraphs 1 to 34 as if fully set

Podhurst Orseck, P.A.
25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

13

forth herein.

48.     Plaintiffs bring this claim for the unlawful practice of breaching a duty to design, test, manufacture, distribute, wholesale, market, and/or sell drywall that is free from defects and in compliance with applicable laws, codes, regulations and standards applicable to the industry that are intended to protect Plaintiffs.

49.     At all material times, Defendants owed duties of care to Plaintiffs to design, test, manufacture, distribute, wholesale, market, and/or sell materials that were free from defects and in compliance with applicable laws, codes, regulations and standards applicable to the industry and intended to protect Plaintiffs.  At all material times, Defendants were also under duties to disclose any defects in the drywall they designed, tested, manufactured, distributed, wholesaled, marketed, and/or sold.  These duties were independent of any duty to perform under any written contract or warranty.

50.     At the time Knauf, Knauf Wuhu, Knauf Dongguan, Knauf Gips, and Rothchilt designed, tested, manufactured, distributed, wholesaled, marketed, and/or sold the drywall, the drywall was defective and not in compliance with applicable laws, codes, regulations and standards applicable to the industry and intended to protect Plaintiffs.

51.     Knauf, Knauf Wuhu, Knauf Dongguan, Knauf Gips, and Rothchilt breached their duties of care to Plaintiffs by one or more of the following means:

        A.     Failing to exercise reasonable care in the design, testing, manufacturing, distribution, wholesale, marketing, and/or sale of defective drywall that was likely to, and did, cause property and other damage to the intended users through exposure to sulphur and sulphur compounds;

        B.     Failing to exercise reasonable care in overseeing, managing, controlling,

inspecting, investigating and/or auditing the manufacturer of the drywall and the supply of its component materials;

      C.    Failing to exercise reasonable care in overseeing, managing, controlling, inspecting, investigating and/or auditing of the discrete processes used in the manufacture of drywall to prevent the harm to Plaintiffs;

      D.    Failing to comply with applicable laws, codes, regulations and standards applicable to the industry and intended to protect Plaintiffs;

      E.    Failing to exercise reasonable care in overseeing, managing, controlling, inspecting, investigating and/or auditing of the process of supplying drywall for use in construction in the State of Florida and throughout the United States to prevent the harm to Plaintiffs;

      F.    Failing to adequately warn foreseeable users, including Plaintiffs, of the defective nature of the drywall;

      G.    Failing to initiate a timely recall of the defective drywall; and

      H.    Failing to initiate a remediation plan as it relates to defective drywall installed in homes in the United States and the State of Florida, including Plaintiffs' home.

    52.    If Knauf, Knauf Wuhu, Knauf Dongguan, Knauf Gips, and Rothchilt had exercised that degree of care that a prudent or reasonably cautious person acting under the same circumstances would exert, they could have foreseen that the drywall was defective and that damages to Plaintiffs would reasonably be expected to ensue as a result of the design, testing, manufacture, distribution, wholesale, marketing, and/or sale of defective drywall.

    53.    Plaintiffs were damaged as a direct and proximate result of the Defendants' breaches of their respective duties of care, which caused damage to Plaintiffs' home, to fixtures attached thereto, and to property contained therein, and/or rendered the home unsafe and/or uninhabitable.

**Podhurst Orseck, P.A.**
H:\PDOCS\0120\12809\CO552.WPD    15
25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

54. The damages suffered by Plaintiffs, which are separate and apart from those damages resulting from any breach of contract or warranty, were directly and proximately caused by the Defendants.

55. As a direct and proximate result of the foregoing acts and omissions of the Defendants, Plaintiffs' home requires extensive reconstruction and repairs and will incur inspection, repair and replacement costs to repair the home, fixtures attached thereto, and personal property contained therein.

56. As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs have incurred economic damages and are entitled to recover monetary damages for: replacement/repair of their home; the removal and replacement of all of the drywall contained in their home; the replacement of other property (air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, electronic appliances, and other metal surfaces and household items); and the repair and/or replacement of any materials contaminated or corroded by the drywall.

57. As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs have incurred or will incur incidental and consequential damages for the costs of moving while the home is being repaired; renting of comparable housing during the duration of the repairs; the loss of use and enjoyment of real property; the loss in value of the home due to the stigma attached to having defective drywall in the home; and other related expenses.

## COUNT III
## BREACH OF IMPLIED WARRANTY OF FITNESS
### All Defendants

58. Plaintiffs hereby adopt and incorporate by reference paragraphs 1 to 34 as if fully set forth herein.

59.    This count addresses the unlawful practice of selling drywall that fails to meet the ordinary, normal standards that are reasonably to be expected of products of comparable kind.

60.    Knauf, Knauf Wuhu, Knauf Dongguan, Knauf Gips, and Rothchilt sold or supplied drywall that carried an implied warranty of fitness for use in the construction of residential homes and that was reasonably free of defects.

61.    Plaintiffs owned, used and/or occupied a home that contained drywall that was used in the intended manner.

62.    The drywall that was sold or supplied by Knauf, Knauf Wuhu, Knauf Dongguan, Knauf Gips, and Rothchilt failed to meet the ordinary, normal standards that are reasonably to be expected of drywall because the drywall emits toxic chemicals which damage homes, fixtures attached thereto, and personal property contained therein, and renders the homes unsafe and/or uninhabitable.

63.    Knauf, Knauf Wuhu, Knauf Dongguan, Knauf Gips, and Rothchilt therefore breached the implied fitness in connection with the sale or supply of defective drywall to Plaintiffs.

64.    The breach existed at the time of the sale or supply of the defective drywall to Plaintiffs.

65.    As a direct and proximate result of the Defendants' breaches, Plaintiffs have suffered damages, including, but not limited to, damage to Plaintiffs' home, to fixtures attached thereto, to property contained therein, and/or Plaintiffs' home has been rendered unsafe and/or uninhabitable.

66.    As a direct and proximate result of the foregoing acts and omissions of the Defendants, Plaintiffs' home requires extensive reconstruction and repairs and will incur inspection, repair and replacement costs to repair the home, fixtures attached thereto, and personal property contained therein.

**Podhurst Orseck, P.A.**
25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

17

67.     As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs have incurred economic damages and are entitled to recover monetary damages for: replacement/repair of their home; the removal and replacement of all of the drywall contained in their home; the replacement of other property (air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, electronic appliances, and other metal surfaces and household items); and the repair and/or replacement of any materials contaminated or corroded by the drywall.

68.     As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs have incurred or will incur incidental and consequential damages for the costs of moving while the home is being repaired; renting of comparable housing during the duration of the repairs; the loss of use and enjoyment of real property; the loss in value of the home due to the stigma attached to having defective drywall in the home; and other related expenses.

## COUNT IV
### UNJUST ENRICHMENT
### All Defendants

69.     Plaintiffs hereby adopt and incorporate by reference paragraphs 1 to 34 as if fully set forth herein.

70.     Knauf, Knauf Wuhu, Knauf Dongguan, Knauf Gips, and Rothchilt individually and collectively profited from the sale of the defective drywall to Plaintiffs, receiving payment themselves or through an agent. Defendants received payment for the defective drywall and have retained those sums to the detriment of Plaintiffs .

71.     Defendants' receipt and retention of the profits gained by sale of the defective drywall to Plaintiffs is unjust and inequitable.

72.     Defendants knew or should have known of the damages their defective drywall would

cause as described herein.

73.     As a direct and proximate result of the foregoing acts and omissions of the Defendants, Plaintiffs' home requires or will require extensive reconstruction and repairs and will incur inspection, repair and replacement costs to repair their home, fixtures attached thereto, and personal property contained therein.

74.     As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs have incurred economic damages and are entitled to recover monetary damages for: replacement/repair of their home; the removal and replacement of all of the drywall contained in their home; the replacement of other property (air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, electronic appliances, and other metal surfaces and household items); and the repair and/or replacement of any materials contaminated or corroded by the drywall.

75.     As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs have incurred or will incur incidental and consequential damages for the costs of moving while the home is being repaired; renting of comparable housing during the duration of the repairs; the loss of use and enjoyment of real property; the loss in value of the home due to the stigma attached to having defective drywall in the home; and other related expenses.

## COUNT V
## PRIVATE NUISANCE
### (Against All Defendants)

76.     Plaintiffs hereby adopt and incorporate by reference paragraphs 1 to 34 as if fully set forth herein.

77.     The Defendants' tortious or wrongful acts or omissions have caused toxic chemicals to be released into Plaintiffs' home, which has unreasonably interfered and continues to interfere

with the Plaintiffs' use and enjoyment of their property and caused them potential health problems.

78.    Defendants' interference has impaired the rights of Plaintiffs to health, comfort, safety, free use of their property, and/or peaceful enjoyment of their property.

79.    Defendants' invasions were intentional and unreasonable, and/or unintentional but otherwise negligent or reckless.

80.    The interference with Plaintiffs' use of their property caused by Defendants is substantial and is ongoing.

81.    Defendants' private nuisance was the direct, proximate, and foreseeable cause of Plaintiffs' damages, injuries, harm, economic loss, and increased risk of harm, which they suffered and will continue to suffer.

82.    As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs have incurred economic damages and are entitled to recover monetary damages for: replacement/repair of their home; the removal and replacement of all of the drywall contained in their home; the replacement of other property (air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, electronic appliances, and other metal surfaces and household items); and the repair and/or replacement of any materials contaminated or corroded by the drywall.

83.    As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs have incurred or will incur incidental and consequential damages for the costs of moving while the home is being repaired; renting of comparable housing during the duration of the repairs; the loss of use and enjoyment of real property; the loss in value of the home due to the stigma attached to having defective drywall in the home; and other related expenses.

## COUNT VI
## EQUITABLE RELIEF
### All Defendants
### Medical Monitoring to Determine Effects of
### Exposure to Gasses Emitted by Defective Drywall

84.     Plaintiffs hereby adopt and incorporate by reference paragraphs 1 to 34 as if fully set forth herein.

85.     In addition to causing damages to Plaintiffs' home, Plaintiffs and their minor children have been exposed to toxic chemicals by themselves or in combination with other chemicals in the home emanating from the defective drywall that was designed, tested, manufactured, distributed, wholesaled, supplied, marketed, and/or sold by Defendants.

86.     As a result of exposure to the toxic chemicals emanating from the defective drywall, Plaintiffs and their minor children may have suffered adverse health consequences. These adverse health effects include, but may not be limited to, respiratory problems, sinus problems, headaches, sore throats, eye irritation and nosebleeds, and the increased danger of latent disease, in addition to the creation of noxious odors, which smell like "rotten eggs."

87.     As a result of their exposure to the various toxins emitted by the defective drywall, Plaintiffs and their minor children are at an increased risk of harm and thus have need for injunctive and/or equitable relief in the form of emergency notice, environmental monitoring, and medical monitoring.

88.     As of the date of filing of this Complaint, Plaintiffs possess incomplete information regarding the long-term or permanent health effects caused by the toxic chemicals emanating from the defective drywall that was installed in Plaintiffs' home.

89.     Because no adequate remedy exists for the conduct of Defendants, equitable and injunctive relief is appropriate.

90.     Plaintiffs and their minor children will suffer irreparable injury if the Court does not order injunctive relief and medical monitoring.

91.     Plaintiffs, on behalf of themselves and their minor children, demand that Defendants: (a) recall, repurchase and/or repair Plaintiffs' home and (b) initiate and pay for a medical monitoring program under Florida law.

92.     Medical monitoring is a necessary component of the relief the Court should order because some of the toxic chemicals emanating the defective drywall are very hazardous.

93.     As a direct consequence of the wrongful and/or tortious acts and/or omissions of Defendants, Plaintiffs and their minor children have been exposed to toxic chemicals in quantities sufficient to harm them.

94.     Until it has been conclusively established that all defective drywall has been removed and that the air quality inside Plaintiffs' home is safe, Defendants should bear the expense of air and environmental monitoring Plaintiffs' home.

WHEREFORE, Plaintiffs, on behalf of themselves and their minor children, pray for relief and judgment against Defendants as follows:

A.     For damages as provided by law;

B.     For pre-judgment and post-judgment interest, as allowed by law;

C.     For reasonable attorneys' fees and costs as allowed by law;

D.     An order requiring medical monitoring; and

E.     For such other and further relief as is just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

DATED this ____ day of September, 2009

Respectfully Submitted,

PODHURST ORSECK, P.A.
25 W. Flagler Street, Suite 800
Miami, Florida  33130
Tel:  (305) 358-2800
Fax:  (305) 358-2382
Robert C. Josefsberg, Esq.
Florida Bar No. 040856
rjosefsberg@podhurst.com
Victor M. Diaz, Jr., Esq.
Florida Bar No. 503800
vdiaz@podhurst.com
Stephen F. Rosenthal, Esq.
Fla. Bar No. 0131458
srosenthal@podhurst.com
Alexander Rundlet, Esq.
Florida Bar No. 0692301
arundlet@podhurst.com

**and**


HIGER LICHTER & GIVNER, LLP
Bank of America Building
18305 Biscayne Blvd., Suite 402
Aventura, Florida  33160
Tel: (305) 933-9970
Fax: (305) 933-0998
David H. Lichter, Esq
Florida Bar No. 359122
dlichter@hlglawyers.com
J. Joseph Givner, Esq.
Florida Bar No.850705
jgivner@hlglawyers.com

**and**

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382  •  Fort Lauderdale 954.463.4346        www.podhurst.com

THE BLUMSTEIN LAW FIRM
Bank of America Building
18305 Biscayne Blvd., Suite 402
Aventura, Florida 33160
Tel: (305) 356-7547
Fax: (305) 356-7539
Mark Blumstein, Esq.
Florida Bar No. 0090700
Mark@BlumsteinLaw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I CERTIFY on this ___ day of September, 2009 that the undersigned is in the process of effecting service of process on all Defendants named herein in accordance with the applicable procedures of the Federal Rules of Civil Procedure.

Alexander Rundlet
Fla. Bar No. 0692301

H:\LIB\DOCS\40120\11209\CQ9552.WPD          24

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

JASON HARRELL and MELISSA HARRELL, individually and on behalf of all others similarly situated;

**(b)** County of Residence of First Listed Plaintiff

MIAMI-DADE COUNTY, FLORIDA

(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Victor M. Diaz, Jr., Esq., Robert C. Josefsberg, Esq., Alexander T. Rundlet, Esq., Stephen F. Rosenthal, Esq., Podhurst Orseck, P.A., 25 W. Flagler Street, Suite 800, Miami, Florida 33130
Telephone: 305-358-2800

**DEFENDANTS**

KNAUF PLASTERBOARD TIANJIN CO., LTD., a Foreign corporation; KNAUF GIPS KG, a Foreign corporation; KNAUF PLASTERBOARD (WUHU) CO. LTD., a Foreign corporation; KNAUF PLASTERBOARD (DONGGUAN) CO. LTD., a Foreign corporation; GUANGDONG KNAUF NEW BUILDING MATERIAL PRODUCTS CO., LTD., a Foreign corporation,

**(b)** County of Residence of First Listed Defendant

(EXCEPT IN U.S. PLAINTIFF CASES)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys (If Known)

FILED by _____ D.C.

SEP 0 1 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

**(d)** Check County Where Action | X DADE | MONROE | BROWARD | PALM BEACH | MARTIN | ST. LUCIE | INDIAN RIVER | OKEECHOBEE HIGHLANDS

| II. BASIS OF JURISDICTION (Place an "X" in One Box Only) | III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) | | | |
|---|---|---|---|---|
| | | PTF | DEF | |
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) | Citizen of This State ☒ 1 ☐ 1 | Incorporated or Principal Place of Business In This State ☐ 4 ☐ 4 | |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State ☐ 2 ☐ 2 | Incorporated and Principal Place of Business ☐ 5 ☐ 5 | |
| | | Citizen or Subject of a Foreign Country ☐ 3 ☒ 3 | Foreign Nation ☐ 6 ☐ 6 | |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury – | Of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| Of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☒ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt. Reporting | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS–Third Party | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | Security Act | 26 USC 7609 | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities – | ☐ 540 Mandamus & Other | | | Determination |
| | Employment | ☐ 550 Civil Rights | | | Under Equal Access |
| | ☐ 446 Amer. w/Disabilities – | ☐ 555 Prison Condition | | | to Justice |
| | Other | | | | ☐ 950 Constitutionality of |
| | ☐ 440 Other Civil Rights | | | | Statue Statutes |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

(Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

PRODUCTS LIABILITY CLASS ACTION PURSUANT TO 28 USC § 1332 (d) (2) ARISING OUT OF DEFECTIVE DRYWALL.

LENGTH OF TRIAL via 42 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** | ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ > 5,000,000.00 | CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY: PLEASE SEE ATTACHED LIST OF RELATED CASES ATTACHED HERETO**

(See Instructions): | JUDGE PLEASE SEE ATTACHED LIST OF RELATED CASES | DOCKET NUMBER (PLEASE SEE ATTACHED LIST OF RELATED CASES)

DATE 9-1-09

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 1007671 AMOUNT $350.00

APPLYING IFP

09/01/09

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT OF
FLORIDA IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

JASON HARRELL and MELISSA HARRELL,    CASE NO.: 09-08401 CA (40)
Individually and on behalf of all others
similarly situated,    COMPLEX BUSINESS LITIGATION

         *Plaintiffs,*    **CLASS REPRESENTATION**
                              **JURY TRIAL DEMANDED**

vs.

SOUTH KENDALL CONSTRUCTION
CORP., a Florida corporation; PALM ISLES
HOLDINGS, LLC, a Florida limited liability
company; KEYS GATES REALTY, INC., a
Florida corporation; BANNER SUPPLY CO.,
a Florida corporation,

         *Defendants.*
_____/

## AMENDED CLASS ACTION COMPLAINT

Plaintiffs, JASON HARRELL and MELISSA HARRELL, ("Plaintiffs"), and on behalf of

all others similarly situated, file this Amended Class Action Complaint against defendants South

Kendall Construction Corp. ("SKCC"), Palm Isles Holdings, LLC ("PIH"), Keys Gate Realty, Inc.

("KGR"), and Banner Supply Co. ("Banner"), and allege as follows:

### INTRODUCTION

1.     This is a class action suit brought on behalf of Plaintiffs and others similarly situated

who own homes in the State of Florida that contain defective drywall supplied by Banner, caused

to be installed in homes and by SKCC and its affiliates, KGR and PIH. On behalf of themselves and

the proposed class, Plaintiffs assert three counts: (a) a strict products liability claim; (b) a negligence

H:\LIB\DOCS\40129\11309\CM2729.WPD

---

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346     www.podhurst.com



CASE NO.: 09-08401 CA (40)

claim; and (c) a breach of the implied warranty of habitability claim. These claims arise out of the Defendants' supply and installation of defective drywall in homes and structures, and the marketing and sale of homes and structures containing defective drywall, all within the State of Florida, to Plaintiffs and members of the proposed class, more than two-thirds of whom are residents of the State of Florida.

2.      Drywall is a common manufactured building material used globally for the finish construction of interior walls and ceilings. On information and belief, a substantial quantity of defective drywall was supplied by Banner in the State of Florida and used by SKCC to construct and sell a substantial number of homes in the State of Florida, each of which likely contains defective drywall.

## PARTIES

3.      At all times material to the allegations set forth herein, Plaintiffs were and are residents of Miami-Dade County, Florida, who, within the applicable statute of limitations period(s), purchased a home with defective drywall that was supplied by Banner, and installed or caused to be installed by SKCC, and was marketed and sold by SKCC, KGR, and PIH.

4.      At all times material to the allegations set forth herein, SKCC was and is a Florida corporation with its principal place of business in Miami-Dade County, Florida. SKCC caused the installation of defective drywall into the homes it developed and caused to be constructed and, with PIH and KGR, marketed and sold homes containing defective drywall to Plaintiffs and those similarly situated.

5.      At all times material to the allegations set forth herein, KGR was and is a Florida

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800   Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

CASE NO.: 09-08401 CA (40)

corporation with its principal place of business in Miami-Dade County, Florida. KGR is the exclusive or captive real estate broker controlled by those principals of SKCC and/or PIH who sold homes to Plaintiffs and those similarly situated.

6.      At all times material to the allegations set forth herein, PIH was and is a Florida limited liability company with its principal place of business in Miami Dade County, Florida. PIH is the assignee and/or seller of homes sold by SKCC and KRG to Plaintiffs and those similarly situated.

7.      At all times material to the allegations set forth herein, Banner was and is a Florida corporation with its principal place of business in Miami-Dade County, Florida. Banner marketed, supplied, wholesaled, and/or sold defective drywall to SKCC for installation in homes marketed and sold to Plaintiffs and those similarly situated.

## JURISDICTION AND VENUE

8.      This action is brought as a class action pursuant to Rule 1.220 of the Florida Rules of Civil Procedure. More than two-thirds of the members of the proposed class, as defined below, are residents and citizens of Florida.

9.      The damages suffered and sought to be recovered herein total, in the aggregate, in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), exclusive of interest, costs and attorney's fees.

10.     This Court has subject matter jurisdiction pursuant to § 26.012, Fla. Stat. This Court also has jurisdiction pursuant to § 48.193, Fla. Stat., because all of the Defendants, either individually or collectively, or through an agent, conduct business in Florida, committed tortious acts

H:\LIB\DOCS\40120\11209\CM2729.WPD                           3

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, Miami 305.358.2800 Fax 305.358.2382  •  Fort Lauderdale 954.463.4346   |   www.podhurst.com

CASE NO.: 09-08401 CA (40)

within Florida, own, use or possess real property in Florida, and/or caused injury to persons and property within Florida arising from acts committed in Florida. Defendants are further subject to the jurisdiction of this Court because, at or about the time of the injuries alleged herein, products and materials manufactured and processed by Defendants were used within the State of Florida in the ordinary course of commerce, trade or use.

11.   Venue is proper pursuant to Chapter 47 of Florida Statutes, including §§ 47.011, 47.025 and 47.051, Fla. Stat., because the transactions, acts and occurrences that give rise to this action occurred and/or accrued, among other places, in Miami-Dade County, Florida, and Defendants' wrongful conduct occurred in, among other places, Miami-Dade County, Florida.

### SUBSTANTIVE ALLEGATIONS
### Factual Allegations Related to Defendants

12.   SKCC was founded in or about 1999 in Miami-Dade County, Florida to engage in a for-profit business as a contractor to develop, improve and sell real property, including single-family residences.

13.   SKCC developed, among others, communities, including those in Miami-Dade County, Florida commonly known as Palm Isles, Arbor Park and Augusta Greens.

14.   Banner, in the course of engaging in a for-profit business, procured drywall for supply in the State of Florida.

15.   The drywall procured by Banner for supply in construction in the State of Florida was and is defective because it contains and emits toxins, including sulphur and sulphur compounds such as carbon disulfide, carbonyl sulfide and hydrogen sulfide, which damage homes, fixtures attached thereto, and personal property contained therein, in many ways, including, but not limited to: (a)

H:\LIB\DOCS\40129\1120\FCM\2729.WPD          4

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

CASE NO.: 09-08401 CA (40)

eroding, corroding and/or tarnishing various metals within residences, including plumbing and interior electrical wiring; (b) disrupting and/or interfering with the operation of electric and electronic equipment and appliances within said residences, including but not limited to microwaves, computers, air conditioning and refrigerator coils; and (c) creating a noxious rotten egg-like odor that renders the homes uninhabitable. The defect in the drywall was latent and existed at the time of manufacture, supply, installation and sale of the defective drywall. The defect exists irrespective of the manner in which the drywall was installed, maintained, or painted. The defect cannot be repaired.

16.    Banner supplied defective drywall to SKCC, who caused the defective drywall to be installed in houses in developments SKCC caused to be constructed, including Palm Isles, Arbor Park, and Augusta Greens.

### Factual Allegations Related to Plaintiffs

17.    In or about January 2008, Plaintiffs, through KGR, purchased a residence from SKCC, which was later assigned to PIH prior to closing. Plaintiffs agreed to pay SKCC and/or its assigns $360,000.00 for their new residence.

18.    In or about February 2008, Plaintiffs closed on their new residence. In or about June 2008, Plaintiffs moved into their new home, which -- unbeknownst to them -- was built with defective drywall that was supplied by Banner in the State of Florida and used by SKCC in the construction of Plaintiffs' newly-purchased home.

19.    The defective drywall supplied by Banner and installed by SKCC in the home sold to Plaintiffs by SKCC, KGR and PIH caused damages to Plaintiffs and putative class members

H:\LIB\DOCS\40120\1229\CM2729.WPD                         5

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346                www.podhurst.com

CASE NO.: 09-08401 CA (40)

because they have experienced damage to their homes, fixtures attached thereto, and personal property contained therein as a direct result of the sulphuric toxins emitted by the defective drywall. Consequently, the homes of Plaintiffs and members of the putative class in which defective drywall has been installed are in need of costly remediation.

20.  Plaintiffs' home was supposed to be habitable and free from defects but, in reality, it fails to meet ordinary, normal standards that are reasonably to be expected of living quarters of comparable kind because of the defective drywall installed therein.

21.  Pursuant to § 558.003, Fla. Stat., and like notice provisions in contracts signed in connection with the purchase of their home, Plaintiffs have provided to Banner and SKCC and/or its assigns written notices of the defects relating to their home in letters dated February 3 and 4, 2009. Banner, SKCC and/or its assigns have so far failed to repair these defects and replace the property damaged thereby.

## CLASS REPRESENTATION ALLEGATIONS

22.  Plaintiffs bring this action on their own behalf and as a class action pursuant to Rule 1.220 of the Florida Rules of Civil Procedure.  The class Plaintiffs propose to represent is defined as follows: "All natural persons and business entities residing in the State of Florida who purchased homes from SKCC and/or its assigns or affiliated companies between January 2004 and the present and whose homes contain the defective drywall" supplied by Banner (the "Class"). Excluded from the Class are Defendants, their parents, subsidiaries and affiliates, their directors and officers, and members of their immediate families.  Also excluded from the Class are the Court, the Court's spouse or partner, if applicable, all persons within the third degree of relationship to the Court and

H:\LIB\DOCS\0120\1209\CM\2729.WPD                      6

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346         www.podhurst.com

CASE NO.: 09-08401 CA (40)

its spouse, and the spouses of all such persons.

23.   The prerequisites to class representation pursuant to Rule 1.220(a) are present in this action as follows:

A.   **Numerosity.**  The members of the Class are so numerous and geographically diverse that joinder of all of them is impracticable.  While the exact number and identities of members of the Class are unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs believe and therefore aver that there are hundreds if not thousands of Class members in the State of Florida because, upon information and belief, hundreds of people have purchased homes from SKCC in Palm Isles, Arbor Place, Augusta Green and elsewhere, some or all of which contain the defective drywall.

B.   **Commonality.**  There are questions of fact and law common to the claims of the Plaintiffs and the members of the Class that predominate over any questions affecting any individual members including, among others, the following questions:

1.   Whether the drywall was defective;

2.   Whether the defective drywall was supplied by Banner;

3.   Whether the defective drywall was negligently supplied by Banner;

4.   Whether the defective drywall was installed in homes of Plaintiffs and members of the putative class;

5.   Whether the defective drywall was installed in homes of Plaintiffs and members of the putative class negligently by SKCC;

6.   Whether SKCC, KGR, and PIH marketed and/or sold homes

Podhurst Orseck, P.A.

03/17/2009    17:11    PODHURST, ORSECK                                    NO.768    P009

CASE NO.: 09-08401 CA (40)

containing defective drywall;

7.      Whether Banner breached its duties of care to Plaintiffs and members of the class by supplying defective drywall that was in violation of applicable laws, codes, regulations and standards applicable to its industry and intended to protect Plaintiffs and members of the putative class;

8.      Whether defendants failed to disclose that the drywall was defective;

9.      Whether the homes with defective drywall that were sold by SKCC, KGR and PIH failed to meet ordinary, normal standards that are reasonably to be expected of living quarters of comparable kind; and

10.     Whether the defective drywall caused damages to the homes, fixtures attached thereto, and personal property contained therein belonging to Plaintiffs and members of the Class.

C.      **Typicality.**  Plaintiffs' claims are typical of the claims of the other members of the Class in that Plaintiffs allege a common course of conduct by Defendants towards members of the Class.  Plaintiffs, like other members of the respective Class, have purchased homes containing defective drywall that was supplied and installed in a home that was marketed and sold to Plaintiffs by Defendants.  Plaintiffs and the other members of the Class seek identical remedies under identical legal theories, and there is no antagonism or material factual variation between Plaintiffs' claims and those of the Class.

D.      **Adequacy:**  Plaintiffs will fairly and adequately protect the interests of the Class.  Plaintiffs' claims are coextensive with, and not antagonistic to, the claims of the other

H:\LIB\DOCS\40120\11209\CM2729.WPD                                  8

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346           www.podhurst.com

CASE NO.: 09-08401 CA (40)

members of the Class.  Plaintiffs are willing and able to vigorously prosecute this action on behalf

of the Class, and Plaintiffs have retained competent counsel experienced in litigation of this nature.

24.     Plaintiffs bring this action under Rule 1.220(b)(3) of the Florida Rules of Civil

Procedure because common questions of law and fact predominate over questions of law and fact

affecting individual members of the Class.  Indeed, the predominant issues in this action are whether

Defendants are violating and have violated the law by supplying defective drywall in the State of

Florida, installing defective drywall in homes constructed in the State of Florida, and selling homes

constructed with defective drywall in the State of Florida.  In addition, the expense of litigating each

Class member's claim individually would be so cost prohibitive as to deny Class members a viable

remedy.  Should individual Class members be required to bring separate actions, this Court would

be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk

of inconsistent rulings and contradictory judgments.  In contrast to proceeding on a case-by-case

basis, in which inconsistent results will magnify the delay and expense to all parties and the court

system, this class action presents far fewer management difficulties while providing unitary

adjudication, economies of scale and comprehensive supervision by this Court.  Certification under

Rule 1.220 of the Florida Rules of Civil Procedure is therefore appropriate because a class action is

superior to the other available methods for the fair and efficient adjudication of this action, and

Plaintiffs envision no unusual difficulty in the management of this action as a class action.

## EQUITABLE TOLLING

25.     The running of any applicable statute of limitations has been tolled by reason of

Defendants' fraudulent concealment.  Defendants, by failing to disclose a known defect to Plaintiffs

H:\LIB\DOCS\40120\11209\CM2729.WPD                                9

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.268.2382  ▪  Fort Lauderdale 954.463.4346          www.podhurst.com

03/17/2009    17:11    PODHURST, ORSECK                                    NO.768    P011

CASE NO.: 09-08401 CA (40)

and the Class, and failing to disclose the defective nature of their product, concealed from Plaintiffs and the Class the risks associated with drywall.

26.    As a result of Defendants' actions, Plaintiffs and the Class could not reasonably know or have learned of the defect in the drywall through the exercise of reasonable diligence.

27.    Defendants must be estopped from relying on any statute of limitations because of their fraudulent concealment of the defective nature of the drywall installed in the homes of Plaintiffs and the Class.

28.    Plaintiffs and the Class had no knowledge that Defendants were engaged in wrongdoing and, because of Defendants' concealment thereof, any applicable statute of limitations must be tolled.

## COUNT I
### PRODUCTS LIABILITY
### Strict Liability (Defective Product)
### All Defendants

29.    Plaintiffs hereby adopt and incorporate by reference paragraphs 1 to 28 as if fully set forth herein.

30.    This Count addresses the unlawful practice of placing a defective product -- defective drywall -- into the stream of commerce through the supply by Banner of defective drywall in the State of Florida, through the installation of defective drywall in homes in Florida caused to be constructed by SKCC, and through the marketing and sale of homes containing defective drywall by SKCC, KGR and PIH.

31.    Banner is in the for-profit business of supplying drywall in the State of Florida and

H:\LIB\DOCS\401200\1209\CM\0729.WPD                    10

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382 ▪ Fort Lauderdale 954.463.4346        www.podhurst.com

CASE NO.: 09-08401 CA (40)

placed defective drywall into the stream of commerce in the State of Florida by supplying defective drywall to SKCC, an expected consumer and/or handler of drywall. The drywall was defective at the time Banner supplied it to SKCC.

32.     SKCC is in the for-profit business of developing and constructing homes and placed defective drywall into the stream of commerce in Florida by installing or causing to be installed defective drywall into homes and structures it constructed or caused to be constructed. The drywall was defective at the time SKCC installed or caused it to be installed in homes SKCC constructed.

33.     SKCC, KGR, and PIH are in the for-profit business of selling homes and placed defective drywall into the stream of commerce in Florida by marketing and/or selling or causing to be sold to Plaintiffs and the Class homes and structures constructed or caused to be constructed by SKCC which contained defective drywall. The drywall was defective at the time of the sale of the homes. Plaintiffs and the Class were expected consumers of homes containing drywall.

34.     At all material times, the defective drywall and homes or structures containing defective drywall were used for their intended purposes and the defective drywall was installed in the normal course of construction without any known changes or alterations to its condition.

35.     The defective drywall was incorporated into the homes and structures sold to Plaintiffs and the Class before the damages to Plaintiffs and the Class were caused.

36.     Unknown to and hidden from Plaintiffs and the Class, the drywall installed in their homes was defective because it contained toxins like sulphur and sulphuric compounds that damaged homes, fixtures attached thereto, and personal property contained therein, in many ways, including, but not limited to: (a) eroding, corroding and/or tarnishing various metals within residences,

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346         www.podhurst.com

03/17/2009    17:11    PODHURST,ORSECK                                    NO.768    P013

CASE NO.: 09-08401 CA (40)

including plumbing and interior electrical wiring; (b) disrupting and/or interfering with the operation of electric and electronic equipment and appliances within said residences, including but not limited to microwaves, computers, air conditioning and refrigerator coils; and (c) creating a noxious rotten egg-like odor that renders the homes uninhabitable. The drywall also did not conform to applicable building standards, guidelines and/or codes intended to protect Plaintiffs and the Class.

37.    As a result of the supply of defective drywall in the State of Florida, the installation of defective drywall in homes and structures in the State of Florida, and the marketing and sale of homes and other structures containing defective drywall in the State of Florida, Plaintiffs and members of the Class suffered damages, including, but not limited to, property damage to their homes, fixtures attached thereto and property contained therein.

38.    If Defendants had exercised that degree of care that a prudent or reasonably cautious person acting under the same circumstances would exert, the Defendants could have foreseen that the drywall was defective and that damages to Plaintiffs and the Class would reasonably be expected to ensue as a result of the supply and installation of defective drywall and the marketing and sale of homes containing defective drywall.

39.    As a result of the foregoing acts and omissions of the Defendants, the homes of Plaintiffs and the Class have required, require or will require extensive reconstruction and repairs and will incur inspection, repair and replacement costs to repair their homes, fixtures attached thereto, and personal property contained therein.

40.    Plaintiffs seek to obtain a pecuniary benefit for the Class in the form of all actual and consequential damages from Defendants. Plaintiffs' counsel are entitled to recover their reasonable

H:\LIB\DOCS\40120\11209\CM\4729.WPD                         12

CASE NO.: 09-08401 CA (40)

attorneys' fees and expenses as a result of conferring a pecuniary benefit on behalf of the Class, and will seek an award of such fees and expenses at the appropriate time.

## COUNT II
## NEGLIGENCE
### Banner

41.    Plaintiffs hereby adopt and incorporate by reference paragraphs 1 to 28 as if fully set forth herein.

42.    Plaintiffs bring this claim for the unlawful practice of breaching a duty to supply materials that are free from defects and in compliance with applicable laws, codes, regulations and standards applicable to its industry.

43.    At all material times, Banner owed duties of care to Plaintiffs and the Class to supply materials that were free from defects and in compliance with applicable laws, codes, regulations and standards applicable to the industry. At all materials times, Banner was also under duties to disclose any defects in the materials supplied.  These duties were independent of any duty to perform under any written contract or warranty.

44.    At the time Banner supplied the drywall in the State of Florida, the drywall was defective and not in compliance with applicable laws, codes, regulations and standards applicable to Banner's industry and intended to protect Plaintiffs and the Class.

45.    Banner breached its duty of care to Plaintiffs and the Class by one or more of the following means:

    A.    Acquiring, procuring, marketing, distributing, wholesaling and/or selling defective drywall that was likely to cause property and other damage to the intended user through

H:\LIB\DOCS\40120\11209\CNG729.WPD                    13

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382 • Fort Lauderdale 954.463.4346        www.podhurst.com

CASE NO.: 09-08401 CA (40)

exposure to sulphur and sulphur compounds;

       B.    Failing to exercise reasonable care in overseeing, managing, controlling, inspecting, investigating and/or auditing the manufacturers or distributor of the drywall it supplied in the State of Florida;

       C.    Failing to exercise reasonable care in the inspection and testing of the drywall it supplied in the State of Florida;

       D.    Failing to comply with applicable laws, codes, regulations and standards applicable to its industry and intended to protect Plaintiffs and the Class;

       E.    Failing to adequately warn foreseeable users of the defective nature of the drywall it supplied in the State of Florida;

       F.    Supplying defective drywall in the State of Florida and/or failing to disclose its defects; and

       G.    Failing to initiate a timely recall of the defective drywall it supplied in the State of Florida.

    46.    If Banner had exercised that degree of care that a prudent or reasonably cautious person acting under the same circumstances would exert, Banner could have foreseen that the drywall was defective and that damages to Plaintiffs and the Class would reasonably be expected to ensue as a result of the supply and installation of defective drywall.

    47.    Plaintiffs and the Class were damaged by Banner's breaches of its duties of care, which caused property damage to Plaintiffs' homes, to fixtures attached thereto and to property contained therein.

R:\LIB\DOCS\0129\01209\CM2729.WPD          14

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346  •  www.podhurst.com

CASE NO.: 09-08401 CA (40)

48.     The damages suffered by Plaintiffs and the Class, which are separate and apart from those damages resulting from any breach of contract or warranty, were directly and proximately caused by Banner.

49.     As a result of the foregoing acts and omissions of Banner, the homes of Plaintiffs and the Class require or will require extensive reconstruction and repairs and will incur inspection, repair and replacement costs to repair their homes, fixtures attached thereto, and personal property contained therein.

50.     Plaintiffs seek to obtain a pecuniary benefit for the Class in the form of all actual and consequential damages recoverable from Banner. Plaintiffs' counsel are entitled to recover their reasonable attorneys' fees and expenses as a result of conferring of a pecuniary benefit on behalf of the Class, and will seek an award of such fees and expenses at the appropriate time.

## COUNT III
### BREACH OF IMPLIED WARRANTY OF HABITABILITY
### SKCC and/or its Assigns, including PIH

51.     Plaintiffs hereby adopt and incorporate by reference paragraphs 1 to 28 as if fully set forth herein.

52.     This count addresses the unlawful practice of selling homes that fail to meet the ordinary, normal standards that are reasonably to be expected of living quarters of comparable kind.

53.     SKCC, PIH, and their assigns and/or affiliates sold Plaintiffs a new home constructed or caused to be constructed by SKCC. The sale of the home carried an implied warranty of habitability from SKCC, PIH., and their assigns and/or affiliates that the home was reasonably habitable and free of defects.

H:\LIB\DOCS\40125\11209\CM2729.WPD                              15

03/17/2009   17:11   PODHURST,ORSECK   NO.768   ℗017

CASE NO.: 09-08401 CA (40)

54.   SKCC, PIH, their assigns and/or affiliates sold new homes to members of the Class that carried the same warranty of habitability.   The homes sold by SKCC, PIH and their assigns and/or affiliates contained defective drywall at the time of the sale.

55.   Plaintiffs and the Class used and/or occupied the homes sold by SKCC, PIH and their affiliates and assigns consistent with the intended manner.

56.   Plaintiffs have provided notice of the breach of warranty but as yet no repairs have been made.

57.   SKCC, PIH and their assigns and/or affiliates sold homes that failed to meet the ordinary, normal standards that are reasonably to be expected of living quarters of comparable kind by selling homes containing defective drywall that emitted toxins, including sulphur and sulphur compounds such as carbon disulfide, carbonyl sulfide and hydrogen sulfide, which sulphuric compounds damage homes, fixtures attached thereto, and personal property contained therein, in many ways, including, but not limited to: (a) eroding, corroding and/or tarnishing various metals within residences, including plumbing and interior electrical wiring; (b) disrupting and/or interfering with the operation of electric and electronic equipment and appliances within said residences including but not limited to microwaves, computers, air conditioning and refrigerator coils; and (c) creating a noxious rotten egg-like odor that renders the homes uninhabitable.

58.   SKCC, PIH, their assigns and affiliates therefore breached the implied warranty of habitability in connection with the sale of homes containing defective drywall to Plaintiffs and the Class.

59.   The breach existed at the time of the sale of the homes to Plaintiffs and to the Class.

H:\LIB\DOCS\012011209\CM07729.WPD                                16

CASE NO.: 09-08401 CA (40)

60.    As a result of the breach, Plaintiffs and members of the Class have suffered damages, including, but not limited to, property damage to Plaintiffs' homes, to fixtures attached thereto, and to property contained therein.

61.    As a result of the foregoing acts and omissions of the Defendants, the homes of Plaintiffs and the Class require or will require extensive reconstruction and repairs and will incur inspection, repair and replacement costs to repair their homes, fixtures attached thereto, and personal property contained therein.

62.    Plaintiffs seek to obtain a pecuniary benefit for the Class in the form of all actual and consequential damages recoverable.  Plaintiffs' counsel are entitled to recover their reasonable attorneys' fees and expenses as a result of conferring a pecuniary benefit on behalf of the Class, and will seek an award of such fees and expenses at the appropriate time.

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for relief and judgment against Defendants as follows:

A.    For an order certifying the Class under the appropriate provisions of Rule 1.220 and appointing Plaintiffs and their legal counsel to represent the Class;

B.    For damages as provided by law;

C.    For pre-judgment and post-judgment interest to the Class, as allowed by law;

D.    For reasonable attorneys' fees and costs to counsel for the Class if and when pecuniary benefits are obtained on behalf of the Class; and

E.    For such other and further relief as is just and proper.

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

CASE NO.: 09-08401 CA (40)

### JURY DEMAND

Plaintiffs, individually and on behalf of all members of the proposed Class, hereby demand

a trial by jury on all issues so triable.

DATED this 17ᵗʰ day of March, 2009

Respectfully Submitted,

_signature_

HIGER LICHTER & GIVNER, LLP
Bank of America Building
18305 Biscayne Blvd., Suite 402
Aventura, Florida 33160
Tel: (305) 933-9970
Fax: (305) 933-0998
David H. Lichter, Esq
Florida Bar No. 359122
dlichter@hlglawyers.com
J. Joseph Givner, Esq.
Florida Bar No.850705
jgivner@hlglawyers.com

_Counsel for Plaintiffs_

THE BLUMSTEIN LAW FIRM
Bank of America Building
18305 Biscayne Blvd., Suite 402
Aventura, Florida 33160
Tel: (305) 356-7547
Fax: (305) 356-7539
Mark Blumstein, Esq.
Florida Bar No. 0090700
Mark@BlumsteinLaw.com

_Counsel for Plaintiffs_

PODHURST ORSECK, P.A.
25 W. Flagler Street, Suite 800
Miami, Florida 33130
Tel: (305) 358-2800
Fax: (305) 358-2382
Robert C. Josefsberg, Esq.
Florida Bar No. 040856
rjosefsberg@podhurst.com
Victor M. Diaz, Jr., Esq.
Florida Bar No. 503800
vdiaz@podhurst.com
Alexander Rundlet, Esq.
Florida Bar No. 0692301
arundlet@podhurst.com

_Counsel for Plaintiffs_

H:\LIB\DOCS\4012\01\1205\CM2729.WPD

18

CASE NO.: 09-08401 CA (40)

## CERTIFICATE OF SERVICE

I CERTIFY that on this 17 day of March, 2009, a true and correct copy of the foregoing was served by U.S. Mail, First Class, on all counsel of record on the attached Service List.

## SERVICE LIST

LAW OFFICE OF KIERAN P. FALLON, P.A.
436 S.W. 8th St., Suite 200
Miami, Florida 33130
Kieran P. Fallon, Esq.
Tel: (305) 961-2900
Fax: (305) 857-9239

*Counsel for Defendant Keys Gate Realty, Inc.*

GUNSTER, YOAKLEY & STEWART, P.A.
One Biscayne Tower, Suite 3400
2 South Biscayne Blvd.
Miami, Florida 33130
Raymond V. Miller, Esq.
Tel: (3050) 376-6000
Fax: (305) 376-6910

*Counsel for Defendant Banner Supply Co.*

Podhurst Orseck, P.A.
25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346      www.podhurst.com