UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047
SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*Hernandez v. Knauf, et al,* No. 09-6050

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

The parties in the above captioned matter submitted the following Joint Stipulation to the Court. The Court has considered the Joint Stipulation; accordingly, IT IS ORDERED that the following Joint Stipulation be entered into the record.

New Orleans, Louisiana, this 12th day of March, 2010.

_____
U.S. DISTRICT JUDGE

**JOINT STIPULATION**

NOW INTO COURT, through undersigned counsel, come plaintiffs and defendant in the above-captioned matter, who, for purposes of the trial commencing on March 15, 2010, jointly stipulate as follows:

1. The proposal to use an Environmental Controlled System (ECS) as a response to Chinese drywall off-gassing in the Hernandez home will not be presented in this matter; and, accordingly, there will be no presentation of testimony or evidence concerning ECS. Knauf Plasterboard ("Tianjin") Co., Ltd. ("KPT") reserves the right to propose such a system in further proceedings or later trials in this litigation; and likewise the PSC reserves the right to oppose such a

technique or approach under *Daubert* or any other basis, if the issue is presented in further proceedings or trials.

2. The use of XRF and/or wire corrosion visual inspections as a technique or combination of techniques to identify and/or remove Chinese drywall will not be proposed by the defendant KPT in this trial; and, accordingly, there will be no presentation of evidence or testimony on this technique or combination of techniques. KPT reserves the right to propose such a technique or techniques in further proceedings or later trials in this litigation; and likewise the PSC reserves the right to oppose such a technique or approach under *Daubert* or any other basis, if the issue is presented in further proceedings or trials.

3. No evidence will be presented in this trial regarding the diminution of property value based upon Chinese drywall "stigma." The PSC reserves the right to present such evidence in further proceedings or later trials in this litigation; and likewise KPT reserves the right to oppose such evidence under *Daubert* or on any other basis, if presented by plaintiffs in further proceedings or trials.

4. With respect to the appropriate scope of remediation for the Hernandez home, the parties agree that (except with respect to the possibility of maintaining certain "green board" in the bathrooms), all drywall in the home, both Chinese-manufactured and domestic, will be removed and replaced, as well as all insulation, all flexible ductwork, all switches, all receptacles, all molding, and the countertops. Beyond these agreed-upon elements of the scope of remediation, the parties are in disagreement and will present opposing evidence and testimony at trial on the scope of remediation. Likewise, as to the cost of any and all remediation activity, the parties remain in disagreement and will present opposing evidence and testimony at trial.

5. The parties stipulate that, in light of the foregoing, it will not be necessary for plaintiffs to present the expert testimony of Greg Rigamer and Kenneth Acks.

6.     The parties stipulate that the Hernandez's will not offer testimony as to the dollar value of their home or lot.  In light of that stipulation, and the withdrawal of Acks and Rigamer, KPT will not present the expert testimony of Richard Roddewig, except for a Declaration and exhibit relating to rental values, which has been stipulated to as admissible.

7.     The parties stipulate that, in light of the foregoing, it will not be necessary for any of the parties to present the expert testimony of Robert W. Sproles, Ph.D.in this trial.

8.     In light of the foregoing agreement, the parties further stipulate that it will not be necessary for the defendant KPT to present the expert testimony of Phillip T. Goad, Ph.D. in this trial, save to the extent necessary to address the issues of drywall cross-contamination and, in the event raised by plaintiffs, health effects of exposure to Chinese drywall off-gassing.  Plaintiffs reserve the right to object to any such testimony by Dr. Goad on the grounds of irrelevance in these proceedings.

Respectfully submitted,

BY: /s/ Stephen J. Herman
RUSS M. HERMAN (Bar No. 6819)
LEONARD A. DAVIS (Bar No. 14190)
STEPHEN J. HERMAN (Bar No. 23129)
**HERMAN HERMAN KATZ & COTLAR, LLP**
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone:    (504) 581-4892
Facsimile:    (504) 561-6024
E-mail: sherman@hhkc.com

ARNOLD LEVIN
FRED S. LONGER
**LEVIN, FISHBEIN, SEDRAN & BERMAN**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone:    (212) 592-1500
Facsimile:    (212) 592-4663
E-mail: alevin@lfsblaw.com

CHRISTOPHER SEEGER
**SEEGER WEISS, LLP**
One William Street
New York, New York 10004
Telephone:    (212) 584-0700
Facsimile:    (212) 584-0799
E-mail: cseeger@seegerweiss.com

Attorneys for Plaintiffs,
Tatum and Charlene Hernandez

BY:    /s/ Donald J. Hayden
DONALD J. HAYDEN (FL Bar No. 0097136)
**BAKER & MCKENZIE LLP**
Mellon Financial Center
1111 Brickell Avenue, Suite 1700
Miami, FL 33131
Telephone:    (305) 789-8966
Facsimile:    (305) 789-8953
Email: donald.j.hayden@bakermckenzie.com

DOUGLAS B. SANDERS (IL Bar No. 6256621)
RICHARD M. FRANKLIN (IL Bar No. 0864390)
**BAKER & MCKENZIE LLP**
130 E. Randolph Drive, One Prudential Plaza
Chicago, IL 60601
Telephone:    (312) 861-8075
Facsimile:    (312) 698-2375
Email: douglas.b.sanders@bakermckenzie.com

KERRY J. MILLER (Bar No. 24562)
KYLE A. SPAULDING (Bar No. 29000)
PAUL C. THIBODEAUX (Bar No. 29446)
**FRILOT L.C.**
1100 Poydras Street, Suite 3700
New Orleans, LA 70163
Telephone: (504)599-8194
Facsimile: (504)599-8145
Email: kmiller@frilot.com

On behalf of *Knauf Plasterboard (Tianjin) Co., Ltd.*

## **CERTIFICATE**

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 2047, on this 12th day of March, 2010.



s/Donald J. Hayden

MIADMS/358131.1