UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : : : : : | MDL NO. 2047  SECTION: L  JUDGE FALLON MAG. JUDGE WILKINSON |

**This Document Relates to** *Tatum B. Hernandez, et al. v. Knauf Plasterboard Tianjin Co., Ltd.,* **Case no. 09-6050**

## ORDER & REASONS

Before the Court are various motions in *limine*, *Daubert* motions, and other similar motions filed by the Plaintiffs, Tatum B. Hernandez and Charlene M. Hernandez, individually and on behalf of their minor children, and Defendant Knauf Plasterboard Tianjin Co., Ltd. ("Knauf"). The Court has considered the arguments raised by the parties in their briefs, the exhibits submitted, and the applicable law, and now rules as follows.

1. Plaintiffs' Motion to Preclude Specific Aspects of the Testimony of Knauf's Experts on the Impact of Corrosion on the Scope of Remediation (Rec. Doc. No. 1653). Plaintiffs argue that four of Knauf's experts' opinions on the impact of the corrosion in the Hernandez home and the scope of remediation do not meet the scientific reliability standard of *Daubert*. Plaintiffs challenge testimony opining that most of the metal components in the home that are corroded with copper sulfide and silver sulfide can be left behind in the partial remediation proposal that Knauf recommends. Plaintiffs support their motion with the following claims: (1) building code requirements prohibit corrosive residues on electrical equipment and require six inches of slack at receptacles and outlets, (2) cleaning copper ground wires and other electrical components with a damp cloth or

scotch-brite is not a recognized method to repair corroded wires or electrical contacts, (3) the CPSC has not found the corroded wires to be safe, (4) Knauf experts ignore the Battelle corrosivity classifications and failure standards, (5) Knauf experts' contact resistance tests do not comply with recognized standards and are unreliable, (6) Knauf's experts incorrectly opine that copper oxide film on wires is the same as copper sulfide film, and (7) Knauf's experts incorrectly deny that water required for copper corrosion is in the Chinese drywall homes other than in the HVAC coils.  The Court has considered the Motion and Knauf's opposition, and finds that the issues raised by the Plaintiffs are best addressed through vigorous cross-examination.  Accordingly, Plaintiffs' Motion to Preclude Specific Aspects of the Testimony of Knauf's Experts on the Impact of Corrosion on the Scope of Remediation is DENIED.

2. <u>Knauf's Motion in Limine to Exclude Testimony that Chinese Drywall Emissions or Odors are Harmful to, or Otherwise Impact, Health, are Toxic or Noxious</u> (Rec. Doc. No. 1654).  Knauf argues that because the parties have agreed that the present matter is limited to property damages, excluding personal injuries, the Court should bar any references to alleged emissions or odors being toxic, noxious, or harmful, and any testimony with respect to alleged health problems or symptoms resulting from exposure to Chinese drywall.  The Court has considered Knauf's Motion and Plaintiffs' response, and finds that the testimony Knauf seeks to exclude on the odors and health effects may be relevant to explain detection of Chinese drywall in the home and the degree of livability in the home as a result of the Chinese drywall's presence.  Accordingly, Knauf's Motion in Limine to Exclude Testimony that Chinese Drywall Emissions or

        Odors are Harmful to, or Otherwise Impact, Health, are Toxic or Noxious is DENIED.

3.     <u>Knauf's Motion in Limine to Exclude Reports and Testimony of John Scully, Ph.D.</u> (Rec. Doc. No. 1655). Knauf notes that Plaintiffs previously stated that they will not call or introduce testimony or reports of Dr. Scully in the present matter. Knauf further notes that it has not deposed Dr. Scully. Accordingly, Knauf asks that the Court exclude Dr. Scully's reports, opinions, and prior deposition or trial testimony. Plaintiffs do not challenge Knauf's motion directly, but request that other witnesses be allowed to rely upon Dr. Scully's opinions in their own testimony. The Court finds that Dr. Scully's own testimony and reports are excluded, but that other witnesses may rely upon Dr. Scully's testimony or reports under Federal Rule of Evidence 703. Knauf's Motion is thus GRANTED IN PART and DENIED IN PART.

4.     <u>Knauf's Motion in Limine to Bar David Maloney from Testifying About his Observations or Opinions with Respect to Purported Damage to Plaintiffs' Personal Property</u> (Rec. Doc. No. 1658). Knauf notes that Plaintiffs retained Mr. Maloney to appraise the replacement cost of specific personal property. Knauf further notes that Mr. Maloney admits that his direction by the Plaintiffs prevents him from considering other potential value measurements. Accordingly, Knauf argues that because Mr. Maloney testifies that exposure to drywall may have damaged some personal property, this testimony is unrelated to his valuation determination, is irrelevant, and not grounded in the analysis of the actual condition of the personal property. The Court finds that Mr. Maloney's opinions may be relevant to support the nature and extent of the damages to

the items which are the subject of his report.  Thus, Knauf's Motion to Exclude is DENIED.

5. <u>Knauf's Motion in Limine to Exclude Dr. Lori Streit's Testimony Because it Relates Solely to Liability and is Cumulative </u>(Rec. Doc. No. 1659).  Knauf notes that the parties have stipulated to liability under Louisiana's redhibition statute, La. Civ. Code arts. 2520 *et seq*.  Knauf argues that Dr. Streit's testimony regarding the emissions from Chinese drywall and the formation of copper sulfide is unnecessary to the Plaintiffs' damages case and duplicative of testimony offered by Plaintiffs' other experts, including Bradley Krantz and Dean Rutila.  The Court finds that to the extent this testimony is cumulative, it will be excluded, but to exclude it in advance of trial is not appropriate.  Thus, Knauf's Motion in Limine is DENIED.

6. <u>Knauf's Motion to Exclude the Report and Testimony of Kenneth Acks </u>(Rec. Doc. No. 1660).  Subsequent to Knauf filing this motion, the parties entered into a Joint Stipulation agreeing that (1) no evidence will be presented regarding the diminution of property value based upon Chinese drywall "stigma," and (2) it will not be necessary for Plaintiffs to present the expert testimony of Kenneth Acks.  Accordingly, Knauf's Motion to Exclude the Report and Testimony of Kenneth Acks is DENIED as MOOT.

7. <u>Knauf's Motion for Partial Summary Judgment Relating to Alleged Nonpecuniary Damages </u>(Rec. Doc. No. 1684).  Knauf notes that the Plaintiffs are parties in the *Hernandez* bellwether trial and the *Payton* Omnibus Class Action Complaint I, Case No.

09-7628. Knauf further notes that for the bellwether trial, the parties entered into a Joint Stipulation which limited Plaintiffs' cause of action to redhibition and fitness for ordinary use, waiving personal injury claims. At depositions on March 5, 2010, Plaintiffs waived all nonpecuniary damages claims, but reserved their rights to claim loss of enjoyment of property. Knauf argues that the nonpecuniary damage claims should be dismissed because (1) Plaintiffs failed to plead loss of enjoyment of their property in their Amended and Restated Complaint, and (2) such nonpecuniary damages are not allowed under Louisiana redhibition or fitness for use law. In response, Plaintiffs argue that while nonpecuniary damages are generally available, the Hernandez's are not claiming non-pecuniary damages in the present bellwether trial. Accordingly, Knauf's Motion for Partial Summary Judgment Relating to Alleged Nonpecuniary Damages is DENIED AS MOOT.

New Orleans, Louisiana, this 15th day of March 2010.

ELDON E. FALLON
UNITED STATES DISTRICT JUDGE