UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>Vickers, et al. v. Knauf GIPS KG, et. al., Case No. 2:09-cv-04117 (E.D.La.) | |

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR JUDICIAL ASSISTANCE FOR PURPOSES OF
SERVING AMENDED COMPLAINT ON FOREIGN DEFENDANT

I.   **INTRODUCTION**

Plaintiffs, by and through their counsel, hereby submit this memorandum of law in support of Plaintiffs' motion for judicial assistance for purposes of serving amended complaint on foreign defendant. One of the defendants named in Plaintiffs' Amended Class Action Complaint (the "Complaint"), Knauf Plasterboard (Dongguan) Co., Ltd., has refused to accept service of the Complaint as it claims its registered name is "Guangdong Knauf New Building Materials Products Co., Ltd." For the reasons set forth below, Plaintiffs respectfully request that the Court grant their motion for judicial assistance and deem "Guangdong Knauf New Building Materials Products Co., Ltd." to be substituted for "Knauf Plasterboard (Dongguan) Co., Ltd." in all instances where it appears in the Complaint.

II.  **FACTS**

Plaintiffs instituted a legal action against the manufacturer, sellers, and distributors of defective drywall in their homes (Knauf Gips KG; Knauf Plasterboard (Tianjin) Co., Ltd.; Knauf Pasterboard (Wuhu) Co., Ltd.; Knauf Plasterboard (Dongguan) Co., Ltd. (collectively "Knauf"); Rothchilt International Ltd. ("Rothchilt"); and Banner Supply Co.). Plaintiffs also brought claims against the builders or their homes (Taylor Woodrow Communities at Vasari, L.L.C.

("Taylor Woodrow") and South Kendall Construction Corp. ("South Kendall Construction")).[1]

As with the many other complaints that have been filed in this litigation, Plaintiffs' Complaint names Knauf Plasterboard (Dongguan) Co., Ltd. as a defendant. When Plaintiffs attempted service on this entity, service was refused as the defendant claims its registered name is actually "Guangdong Knauf New Building Materials Products Co., Ltd." See Proof of Service, attached hereto as Exhibit "A". Despite this refusal to accept service, Plaintiffs were understandably confused about the proper name of the defendant since Knauf's website lists Knauf Plasterboard (Dongguan) Co., Ltd. as a viable corporate entity. See printout from Knauf's website, attached hereto as Exhibit "B".

### III. ARGUMENT

The proposed order granting Plaintiffs' motion for judicial assistance is necessary to avoid additional expenses and further delay in serving the Complaint on Guangdong Knauf New Building Materials Products Co., Ltd. Although Plaintiffs filed their initial complaint on March 11, 2009, Plaintiffs have experienced considerable difficulty in serving the foreign defendants in large measure due to the constraints imposed by the Hague Convention. These rigid procedures have caused Plaintiffs to incur significant expenses and have also put Plaintiffs at the mercy of foreign governmental authorities who are responsible for serving the Complaint on the foreign defendants.

Added to all of this delay and expense is the confusion caused by Knauf's own website.

---

[1] The Complaint asserts claims against defendants for negligence (manufacturer and builder/developer defendants), strict liability (manufacturer and distributor/supplier defendants), violation of consumer protection acts (all defendants), breach of implied warranty of merchantability (builder/developer defendants), breach of warranty of fitness for a particular purpose (builder/developer defendants), breach of contract (builder/developer defendants), private nuisance (all defendants), unjust enrichment (all defendants), and for equitable injunctive and medical monitoring (all defendants).

2

Knauf's website misidentified Guangdong Knauf New Building Materials Products Co., Ltd. as Knauf Plasterboard (Dongguan) Co., Ltd. Therefore, it would seem obvious that Guangdong Knauf New Building Materials Products Co., Ltd.'s refusal to accept service of the Complaint is just another effort to take advantage of the delay and expense attributable the Hague service procedures. Since Guangdong Knauf New Building Materials Products Co., Ltd. was misidentified as Knauf Plasterboard (Dongguan) Co., Ltd. on Knauf's website, it should not be permitted to further delay and/or increase Plaintiffs' service costs by forcing Plaintiffs to amend their Complaint.

By forcing Plaintiffs to amend the Complaint at this stage, Plaintiffs would need to begin their efforts to serve Guangdong Knauf New Building Materials Products Co., Ltd. from scratch. If the past is a prelude to the future, this process is likely to significantly delay the service of the Complaint on Guangdong Knauf New Building Materials Products Co., Ltd., *i.e.*, since Plaintiffs will need to file and get approval of a motion to amend, file and get approval of a motion to appoint APS International, Ltd. as process server, have the Complaint translated, and will need to step to the back of the line and again be at the mercy of the governmental authorities who are responsible for serving the Complaint on Guangdong Knauf New Building Materials Products Co., Ltd. This entire process is likely to delay the service of the Complaint needlessly by up to or exceeding eight months.[2]

Since Guangdong Knauf New Building Materials Products Co., Ltd. was misidentified as

---

[2] For instance, although the Complaint was sent abroad for service on Knauf Plasterboard (Dongguan) Co., Ltd. on May 6, 2009, *see* Correspondence dated February 4, 2010 from Josh Cobb to Jennifer Lascio at pages 1-2, attached hereto as Exhibit "C", Plaintiffs did not learn of Guangdong Knauf New Building Materials Products Co., Ltd.'s refusal to accept service until January 27, 2010. *See* Proof of Service. More to the point, even though the governmental authority responsible for serving the Complaint on Guangdong Knauf New Building Materials Products Co., Ltd. was alerted that it was refused to accept service back on June 24, 2009, it did not notify Plaintiffs of this fact until some seven months later on January 27, 2010.

Knauf Plasterboard (Dongguan) Co., Ltd. on Knauf's website, allowing this result would be inequitable. Plaintiffs have already encountered enough delay and expense. The quickest, least expensive, and most efficient way for Plaintiffs to accomplish service on Guangdong Knauf New Building Materials Products Co., Ltd., is for the Court to grant the instant motion for judicial assistance. By deeming the Complaint to state "Guangdong Knauf New Building Materials Products Co., Ltd." in all instances where the name "Knauf Plasterboard (Dongguan) Co., Ltd." appears, Plaintiffs can have the existing Complaint served on Guangdong Knauf New Building Materials Products Co., Ltd. along with a copy of the Court's order granting the motion for judicial assistance. Such a result is justified under the facts of this case.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant their motion for judicial assistance for purposes of serving amended complaint on foreign defendant.

Respectfully submitted,

**Dated: March 15, 2010**

/s/ Arnold Levin
Arnold Levin, Esquire
Fred S. Longer, Esquire
Daniel Levin, Esquire
Matthew C. Gaughan, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
*Co-counsel for Plaintiffs*

Richard Serpe, Esquire
LAW OFFICES OF RICHARD J. SERPE
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
*Counsel for Plaintiffs*

Michael D. Hausfeld, Esquire
Richard S. Lewis, Esquire
James J. Pizzirusso, Esquire
Faris Ghareeb, Esquire
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
*Co-counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

  I hereby certify that the above and foregoing Plaintiffs' motion for judicial assistance for purposes of serving amended complaint on a foreign defendant and memorandum of law in support thereof has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 15th day of March, 2010.

          /s/ Arnold Levin
          Arnold Levin
          Fred S. Longer
          Daniel Levin
          Matthew Gaughan
          Levin, Fishbein, Sedran & Berman
          510 Walnut Street
          Suite 500
          Philadelphia, PA 19106
          Phone: (215) 592-1500
          Fax: (215) 592-4663
          *Co-counsel for Plaintiff*