UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL Docket No. 02047 |
| THIS DOCUMENT RELATES TO: | |
| TIMOTHY AND ASHLEY FRANCIS | SECTION L |
| | JUDGE ELDON E. FALLON |
| VERSUS | |
| COLONY INSURANCE COMPANY, HAL COLLUMS CONSTRUCTION, L.L.C., AND GREAT NORTHERN INSURANCE COMPANY | MAGISTRATE JUDGE WILKINSON |
| | 10-720 |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM IN SUPPORT OF MOTION TO REMAND DUE TO LACK OF SUBJECT MATTER JURISDICTION AND UNTIMELINESS AND FOR COSTS

Timothy and Ashley Francis (jointly "Plaintiffs"), respectfully move this Court for an order remanding this matter to Orleans Parish Civil District Court. The Motion for Remand should be granted for the following reasons:

- Great Northern Insurance Company's ("Chubb's") Petition for Removal is **untimely** because it filed its removal on March 1, 2010, more than two months after co-defendant Colony Insurance Company (a Virginia corporation) was served and consented to proceeding in state court.

- **This Court lacks subject matter jurisdiction** over this dispute because complete diversity jurisdiction does not exist.

1

- Chubb's reliance on the "improper joinder" doctrine fails because **Plaintiffs' claims against Chubb are factually and legally connected** to Plaintiffs' claims against the co-defendants.

Plaintiffs further move this Court for an order awarding them costs, including attorney fees, associated with filing this Motion as this matter was improperly removed. *See* 28 U.S.C. § 1447(c).

## I.   <u>BACKGROUND</u>[1]

Plaintiffs, Tim and Ashley Francis, executed a contract ("the Contract") with Hal Collums Construction, LLC ("Collums") for construction of an addition and remodeling to their home. The Contract contained an indemnity provision, providing that the "Contractor shall indemnify and hold harmless Owner from and against any loss, cost, damages or expense, including attorneys' fees, arising out of contractor's performance of this Agreement." While Collums' commercial general liability policy provided by Colony Insurance Company ("Colony") was still in effect, Collums sold and installed (via a subcontractor) Chinese drywall throughout Plaintiffs' home. The home suffered physical damage and ensuing loss and it has a pervasive odor as a result of the use of the Chinese drywall.

As a result of these actions, Plaintiffs filed suit in Louisiana state court. Plaintiffs asserted claims of negligence and contractual indemnity against Collums. Additionally, Plaintiffs brought a claim under the Louisiana Direct Action Statute against Colony, claiming that as Collums' insurer, Colony is solidarily liable with Collums for its insured's negligence. Colony is a foreign company, incorporated and headquartered in Virginia.

---

[1] All facts set forth in the "Background" section are set forth in the original and First Supplemental and Amended Petitions. Further, all documents and contracts supporting the facts set forth in the "Background" section are attached as exhibits to the Petitions.

**Colony accepted service of the Petition on December 16, 2009.  Plaintiffs served Collums on December 21, 2009.**

In January of 2010, Plaintiffs filed a Supplemental and Amended Petition to add Chubb as a defendant.  **Chubb was served, via the Louisiana Secretary of State, on January 29, 2010.**[2]

Chubb issued a policy and/or policies of first party property insurance to Plaintiffs during the time periods at issue in this matter.  Chubb's All Risk Policy insures Plaintiffs' home and its contents.  Plaintiffs' claim against Chubb stems from the ensuing losses associated with the installation of the Chinese drywall, which losses are covered base upon Chubb's  mandatary's assertion that the All Risk Policy provided coverage for these ensuing losses. Despite this statement, Chubb later denied coverage based on the policy's contamination exclusion and/or an exclusion entitled "gradual or sudden loss."  Chubb, however, failed to reference the ensuing loss provision, which its agent admitted provides coverage.  Thus, Plaintiffs supplemented their petition to include claims of payment of insurance proceeds, breach of contract, equitable estoppel, and detrimental reliance, among other things, against Chubb.

## II.   PETITION FOR REMOVAL IS UNTIMELY.

Chubb's petition for removal is untimely.  Under 28 U.S.C. 1446, the notice of removal:

> ***shall be filed within thirty days*** after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.[3]

---

[2] *See* Exhibit A, Citation with stamp indicating service was made on Secretary of State on January 20, 2010.

[3] *See* 28 U.S.C. §1446(b) (emphasis added).

3

**In the case of multiple defendants, all served defendants must join in the removal no later than thirty days from the day the *first* defendant was served**.[4]

Plaintiffs served Collums on December 21, 2009, and Colony, a Virginia corporation, accepted service on December 16, 2009. Now, ***nearly three months later***, Defendant Chubb seeks to remove this matter.[5]  If this matter is removable, which Plaintiffs dispute, it should have been removed within thirty days after the first defendant was served with the Original Petition - December 21, 2009.  *See* 28 U.S.C. § 1446(b).

In paragraph 5 of its Petition for Removal, Chubb asserts that their Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).  Defendant, however, failed to quote important language contained in section 1446(b).  In particular, section 1446(b) states that "***[i]f the case stated by the initial pleading is not removable***," a notice of removal may be filed within thirty days after receipt by the defendant of an amended pleading from which it may first be ascertained that the case has become removable.  Facts forming the basis of Plaintiffs' claims against all Defendants were pled in their Original Petition.  If this case is removable now, it was removable when the petition was originally filed.  An amended petition merely adding insurers and setting forth additional theories of recovery arising from facts that were pled originally does not allow Chubb to remove this case at

---

[4] *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262-63 (5th Cir. 1988).

[5] Chubb attempts to justify this untimely removal by asserting that Plaintiffs' recently-filed Supplemental and Amended Petition allows removal at this late date.  But Plaintiffs' Supplemental and Amended Petition merely added an insurer and set forth additional theories of recovery that arose from the same transactions and occurrences that were pled in the Original Petition.

4

this late date.[6]

Moreover, the "general rule" recognized in *Brown v. Demco*, 792 F.2d 478, 481 (5th Cir. 1986), is that if any defendant abstains from seeking removal or does not effect removal within thirty days after the first defendant is served, the right to remove is waived. Assuming for arguments' sake that Colony, a Virginia company, who was served on December 16, 2009, was a removable defendant, *Brown* required Colony to file its removal papers within thirty days of December 16, 2009. Colony failed to do so. Accordingly, its failure to remove this matter precludes the newly added Defendant, Chubb, from doing so, in light of the interrelated nature of the claims set forth against Chubb in the Supplemental and Amended Petition.

In short, this matter must be remanded to state court because Chubb did not remove within the allowable time period.

## III.   REMOVAL OF THIS SUIT IS IMPROPER BECAUSE THIS COURT LACKS SUBJECT MATTER JURISDICTION.

Chubb attempts to circumvent the consent requirement for removal and this Court's lack of subject matter jurisdiction by claiming that it has been "improperly joined." Chubb's argument, however, is erroneous as Plaintiffs' claims stem from the same transaction or occurrence and contain connected facts, and there exists no complete diversity.

---

[6] *See In re Norplant Contraceptive Products Liability Litigation*, 878 F. Supp. 972 (E.D. Tex. 1995); *Brizendine v. Cont. Cas. Co.*, 773 F. Supp. 313 (N.D. Ala. 1991); *Cantrell v. Great Republic Ins. Co.*, 873 F.2d 1249 (9th Cir. 1989); *O'Bryan v. Chandler*, 496 F.2d 403 (10th Cir. 1974).

Chubb cites *Smith v. Nationwide Mutual Insurance Company* in support of its argument.[7] The plaintiff in *Smith* filed a state court complaint alleging negligence against the tortfeasor.[8] Additionally, the complaint alleged tortious interference with contract and failure to pay benefits against the plaintiff's insurer and another company that placed a lien on the plaintiff's insurance benefits.[9]  In finding that the defendants were improperly joined, the court noted that a ruling of improper joinder of defendants is appropriate where the "claims against different defendants *have no real connection*," which is not the case here.[10]

Chubb also relies on another Fifth Circuit case which is inapplicable to this matter. In *In re Benjamin Moore & Company*, the Fifth Circuit found misjoinder of defendants where only four of seventeen plaintiffs, "who had *nothing* in common with each other," asserted claims that were "**related in *any way***" to the non-diverse defendants.[11]

Plaintiffs' situation is factually distinguishable from both *Smith* and *Benjamin Moore*. Plaintiffs' claims against each Defendant are factually connected. Not only are all of Plaintiffs' claims based on the same transaction or occurrence (namely the negligent installation of Chinese drywall), but the claims are factually connected as well. Chubb insures the home that is the subject of the claims asserted in the Original Petition against Collums and his insurer Colony.  Plaintiffs specifically assert that part of their claim against Chubb originated from Chubb's statement, in front

---

[7] *See* 286 F. Supp. 2d 777 (S.D. Miss. 2003).

[8] *See id.* at 778.

[9] *See id.*

[10] *See id.* at 781 (emphasis added).

[11] *See* 309 F.3d 296, 296 (5th Cir. 2002).

6

of Collums, that ensuing losses associated with the installation and removal of the Chinese drywall (which was installed by Collums) are covered under the Chubb policy.

Chubb incorrectly states in its Petition for Removal that the claims against Collums and Chubb are "wholly distinct," arguing that the coverage dispute has nothing to do with the claims against Collums for installation of defective drywall - the very issue for which coverage is sought. Chubb's argument ignores the fact that the coverage issues involved in Plantiffs' claims against Chubb are related to the claims made against Collums. Plaintiffs' claims are legally and factually connected, and Chubb should not be allowed to circumvent the consent requirements or subject matter jurisdiction by attempting to fabricate a distinction between Plaintiffs' claims where none exists.

IV.   **CONCLUSION**

Chubb's Petition for Removal is untimely and erroneous due to lack of subject matter jurisdiction. This Petition for Removal is untimely. If this matter was ever removable, it would have been removable at the time of filing of the Original Petition, as nothing in the Amended Petition created a change in jurisdiction. Therefore, because Chubb's co-defendants did not seek removal within thirty days of the first defendant's service of the petition, Chubb may not seek removal now.

Additionally, this lawsuit arises from one transaction or occurrence, which is the installation of Chinese drywall in the Plaintiffs' home. The facts behind each of the Plaintiffs' claims are connected as well, as the claims against the Plaintiffs' contractor directly impact the claims made against their insurer and the contractor's insurer. Therefore, Great Northern's attempt to circumvent the consent requirement and the necessity of subject matter jurisdiction is erroneous, and this case should be remanded to Orleans Parish Civil District Court.

Accordingly, Plaintiffs move this Court for an order awarding them costs, including attorney fees, incurred in filing this Motion to Remand.

Respectfully submitted,

/s/ Howard T. Boyd, III
HOWARD T. BOYD, III #27186
PAUL R. TRAPANI, III #32735
**SHER GARNER CAHILL RICHTER KLEIN &
HILBERT, L.L.C.**
909 Poydras Street, Twenty-eighth Floor
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
hboyd@shergarner.com


Thomas M. Flanagan #19569
Flanagan Partners LLP
201 St. Charles Ave., Suite 2405
New Orleans, LA 70170

**COUNSEL FOR TIMOTHY AND ASHLEY
FRANCIS**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, and Kerry Miller, Defendants' Liaison Counsel, by U.S. Mail and email and to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana, on this 16th day of March 2010.

/s/ Howard T. Boyd, III
HOWARD T. BOYD, III

8