of business at 2601 East 4th Avenue, Tampa, Florida 33629.  Defendant is organized under the

laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through

agents, installed defective drywall in these homes, which has resulted in harm and damages to

Subclass members as described herein.

617.   Defendant, MJF Construction Corporation is an entity or individual with a principal

place of business at 1805 Ponce de Leon Boulevard, #110, Coral Gables, Florida 33134.

Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members'

homes and, directly or through agents, installed defective drywall in these homes, which has

resulted in harm and damages to Subclass members as described herein.\

618.   Defendant, Majestic Homes & Realty SW, LLC is an entity or individual with a

principal place of business at 4121 Royal Palm Beach Boulevard, Royal Palm Beach, Florida

33411.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass

Members' homes and, directly or through agents, installed defective drywall in these homes,

which has resulted in harm and damages to Subclass members as described herein.

619.   Defendant, Majestic Homes of Port St. Lucie, Inc. is an entity or individual with a

principal place of business at 4061 Royal Palm Beach Boulevard, Royal Palm Beach, Florida

33411.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass

Members' homes and, directly or through agents, installed defective drywall in these homes,

which has resulted in harm and damages to Subclass members as described herein.

620.   Defendant, Maronda Homes, Inc. of Florida is an entity or individual with a

principal place of business at 1383 St. Route 30, Clinton, Pennsylvania 15026.  Defendant is

organized under the laws of Florida.  Defendant built certain Subclass Members' homes and,

123

directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

621.   Defendant, Northstar Holdings at B & A, LLC is an entity or individual with a principal place of business at 1732 S. Congress Avenue, Suite 335, Palm Springs, Florida 33461. Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

622.   Defendant, O'Key Homes, Inc. is an entity or individual with a principal place of business at 805 NE 7th Terrace, Cape Coral, Florida 33909.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

623.   Defendant, PNK Builders, LLC is an entity or individual with a principal place of business at 444 Swift Fox Run, Madisonville, Louisiana 70447.  Defendant is organized under the laws of Louisiana.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

624.   Defendant, Palm Isle Holdings, LLC is an entity or individual with a principal place of business at 888 Kingman Road, Homestead, Florida 33035.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

625. Defendant, South Kendall Construction Corp. is an entity or individual with a principal place of business at 888 Kingman Road, Homestead, Florida 33035. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

626. Defendant, Paul Homes is an entity or individual with a principal place of business at 1524 SE 16 Place, #2C, Cape Coral, Florida 33904. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

627. Defendant, Pine Ridge Real Estate Enterprises, LLC is an entity or individual with a principal place of business at 1311 Newport Center Drive West, Suite C, Deerfield Beach, Florida 33442. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

628. Defendant, Port St. Lucie Builders, Inc. is an entity or individual with a principal place of business at 1500 NW Federal Hwy., Stuart, Florida 34994. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

629. Defendant, Pride Homes of Lakes by the Bay - Parcel H, LLC is an entity or individual with a principal place of business at 12448 S.W. 127th Avenue, Miami, Florida 33186.

Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

630.  Defendant, Princeton Homes, Inc. is an entity or individual with a principal place of business at 500 Australian Avenue, Suite 110, West Palm Beach, Florida 33400.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

631.  Defendant, RCR Holdings II, LLC is an entity or individual with a principal place of business at 1500 Gateway Blvd., Suite 200, Boynton Beach, Florida 33426.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

632.  Defendant, RCR Holdings I and II, LLC is an entity or individual with a principal place of business at 1500 Gateway Blvd., Suite 200, Boynton Beach, Florida 33426.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

633.  Defendant, Richard Jones Construction Company, Inc. is an entity or individual with a principal place of business at 190 Congress Park Drive, Suite 180, Delray Beach, Florida 33445.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes,

which has resulted in harm and damages to Subclass members as described herein.

634. Defendant, Rivercrest, LLC/The St. Joe Company is an entity or individual with a principal place of business at 245 Riverside Avenue, Suite 500, Jacksonville, Florida 32202. Defendant is organized under the laws of Delaware. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

635. Defendant, Royal Homes, LLC is an entity or individual with a principal place of business at 4800 Sharp Road, Mandeville, Louisiana 70471. Defendant is organized under the laws of Louisiana. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

636. Defendant, Santa Barbara Townhomes, Inc. is an entity or individual with a principal place of business at 7975 NW 154 Street, Suite 400, Miami Lakes, Florida 33016. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

637. Defendant, Southern Homes, LLC is an entity or individual with a principal place of business at 1209 Orange Street, Wilmington, Delaware 19801. Defendant is organized under the laws of Delaware. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

638. Defendant, Sovereign Homes, LLC is an entity or individual with a principal place

of business at 27499 Riverview Center Blvd., Suite 404, Bonita Springs, Florida 34134.
Defendant is organized under the laws of Florida. Defendant built certain Subclass Members'
homes and, directly or through agents, installed defective drywall in these homes, which has
resulted in harm and damages to Subclass members as described herein.

639. Defendant, Standard Pacific of South Florida is an entity or individual with a
principal place of business at 9900 SW 107 Avenue, Miami, Florida 33176. Defendant is
organized under the laws of Delaware. Defendant built certain Subclass Members' homes and,
directly or through agents, installed defective drywall in these homes, which has resulted in harm
and damages to Subclass members as described herein.

640. Defendant, Standard Pacific of South Florida, GP, Inc. is an entity or individual
with a principal place of business at 9900 SW 107th Avenue, Miami, Florida 33176. Defendant
is organized under the laws of Delaware. Defendant built certain Subclass Members' homes and,
directly or through agents, installed defective drywall in these homes, which has resulted in harm
and damages to Subclass members as described herein.

641. Defendant, Standard Pacific of Tampa GP, Inc. f/k/a Westfield Homes of Florida,
Inc. is an entity or individual with a principal place of business at 5100 W. Lemon Street, Suite
312, Tampa, Florida 33609. Defendant is organized under the laws of Delaware. Defendant
built certain Subclass Members' homes and, directly or through agents, installed defective
drywall in these homes, which has resulted in harm and damages to Subclass members as
described herein.

642. Defendant, Summit Contractors, Inc. is an entity or individual with a principal place
of business at 200 Commercial Square Road, Slidell, Louisiana 70461. Defendant is organized

128

under the laws of Louisiana.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

643.  Defendant, Summit Homes, LLC n/k/a PHL Construction, LLC is an entity or individual with a principal place of business at 7525 Picardy Avenue, Suite 220, Baton Rouge, Louisiana 70808.  Defendant is organized under the laws of Louisiana.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

644.  Defendant, Sunrise Construction and Development, LLC is an entity or individual with a principal place of business at 62250 West End Blvd., Slidell, Louisiana 70461.  Defendant is organized under the laws of Louisiana.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

645.  Defendant, Symphony Builders, Inc. is an entity or individual with a principal place of business at 10110 NW 33rd Street, Coral Springs, Florida 33065.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

646.  Defendant, The Kabar Group, LLC is an entity or individual with a principal place of business at 1625 N. Commerce Pkwy., Suite 320, Weston, Florida  33326.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm

129

and damages to Subclass members as described herein.

647. Defendant, The Sterling Collection, Inc. is an entity or individual with a principal place of business at 4704 SE 9th Place, Cape Coral, Florida 33904. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

648. Defendant, Tillman Construction, Inc. is an entity or individual with a service address at Jerry Tillman, 570 Bradford Drive, Brandon, Mississippi 39047. Defendant is organized under the laws of Mississippi. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

649. Defendant, Timberline Builders Inc. is an entity or individual with a principal place of business at 3618 Del Prado Blvd., Cape Coral, Florida 33904. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

650. Defendant, Treasure Coast is an entity or individual with a principal place of business at 6301 SE Federal Hwy., Stuart, Florida 34997. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

651. Defendant, Tuscan-Harvey Estates is an entity or individual with a principal place

130

of business at 902 Clint Moore Road, Suite 120, Boca Raton, Florida 33487.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

652.  Defendant, United Homes, Inc. is an entity or individual with a principal place of business at 7975 NW 15th Street, Suite 400, Miami Lakes, Florida  33016.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

653.  Defendant, United Homes International, Inc. is an entity or individual with a principal place of business at 7975 NW 154 Street, Suite 400, Miami Lakes, Florida 33016. Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

654.  Defendant, Venus Street, LLC is an entity or individual with a principal place of business at 19080 N.E. 29th Avenue, Aventura, Florida 33180.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

655.  Defendant, Villa Development, Inc. is an entity or individual with a principal place of business at 4414-6 DelPrado Blvd., Cape Coral, Florida 33904.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through

agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

656. Defendant, Waterways Joint Venture IV is an entity or individual with a principal place of business at 15122 Summit Place Circle, Naples, Florida 34119. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

657. Defendant, Waterways Joint Venture IV, LLC is an entity or individual with a principal place of business at 15013 Summit Place Circle, Naples, Florida 34119. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

658. Defendant, West Construction, Inc. is an entity or individual with a principal place of business at 318 S. Dixie Hwy., Suite 4-5, Lake Worth, Florida 33460. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

659. Defendant, Westminster Builders, Inc. is an entity or individual with a principal place of business at 8910 Wendy Lane W, West Palm Beach, Florida 33411. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

660. Defendant, Woodside f/k/a GHO Properties is an entity or individual with a principal place of business at 3600 Burgundy Drive North, Palm Beach Gardens, Florida 33410. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

661. Defendant, Woodside Homes of Southeast Florida, LLC is an entity or individual with a principal place of business at 2540 Metro Centre Blvd., Suite 3, West Palm Beach, Florida 33407. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

### The Contractor/Installer Subclasses

662. Defendant, AI Brothers, Inc. is an entity or individual with a principal place of business at 2512 SW 22nd Place, Cape Coral, Florida 33914. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

663. Defendant, Baystate Drywall, Inc. is an entity or individual with a principal place of business at 14420 SW 23 Street, Davie, Florida 33325. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

664. Defendant, Can-Am Drywall, Inc.(successor to Baystate Drywall, Inc.) is an entity

or individual with a principal place of business at 14420 SW 23 Street, Davie, Florida 33325.
Defendant is organized under the laws of Florida.  Upon information and belief, Defendant
constructed or installed defective drywall in the homes of certain Subclass Members, which has
resulted in harm and damages to Subclass Members.

665.  Defendant, Chicas Construction, Inc. is an entity or individual with a principal place
of business at 4131 Lakeside Drive, Tamarac, florida  33319.  Defendant is organized under the
laws of Florida.  Upon information and belief, Defendant constructed or installed defective
drywall in the homes of certain Subclass Members, which has resulted in harm and damages to
Subclass Members.

666.  Defendant, Construction Building Services, Inc. is an entity or individual with a
principal place of business at 7975 NW 154th Street, Suite 400, Hileah, florida 33016.  Defendant
is organized under the laws of Florida.  Upon information and belief, Defendant constructed or
installed defective drywall in the homes of certain Subclass Members, which has resulted in harm
and damages to Subclass Members.

667.  Defendant, D & C Construction Group, Inc. is an entity or individual with a service
address at Christian R. Saballos, 1062 SW 128 Avenue, Miami, Florida  33184.  Defendant is
organized under the laws of Florida. Upon information and belief, Defendant constructed or
installed defective drywall in the homes of certain Subclass Members, which has resulted in harm
and damages to Subclass Members.

668.  Defendant, Florida Style Services, Inc. is an entity or individual with a principal
place of business at 26475 Eagle Boulevard, Punta Gorda, Florida 33950.  Defendant is
organized under the laws of Florida.  Upon information and belief, Defendant constructed or

installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

669. Defendant, George Meza. is an entity or individual with a principal place of business at 4824 Belle Drive, Metairie, Louisiana 70006. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

670. Defendant, Gomez Interiors, Inc. is an entity or individual with a principal place of business at 15530 SW 300 Street, Homestead, Florida 33033. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

671. Defendant, Interior/Exterior Enterprises, LLC is an entity or individual with a principal place of business at 727 S. Cortez Street, New Orleans, Louisiana 70119. Defendant is organized under the laws of Louisiana. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

672. Defendant, Interior/Exterior Building Supply, LP is an entity or individual with a principal place of business at 727 S. Cortez Street, New Orleans, Louisiana 70119. Defendant is organized under the laws of Louisiana. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

673. Defendant, L.R. Gardere Drywall Construction, Inc. is an entity or individual with a

135

principal place of business at 2721 Drew Street. New Orleans, Louisiana 70122.  Defendant is organized under the laws of Louisiana.  Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

674.  Defendant, Mandy Drywall, Inc. is an entity or individual with a principal place of business at 13751 SW 143 Ct., Unit 106, Miami, Florida 33186.  Defendant is organized under the laws of Florida.  Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

675.  Defendant, Marsiglia Construction Company is an entity or individual with a principal place of business at 111 Veterans Mem. Blvd., #1452, Metairie, Louisiana  70005.  Defendant is organized under the laws of Louisiana.  Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

676.  Defendant, Mesa Construction Group, Inc. is an entity or individual with a principal place of business at 7300 SW 8 Ct., N. Lauderdale, Florida 33068.  Defendant is organized under the laws of Florida.  Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

677.  Defendant, Moore Unique Interiors, Inc is an entity or individual with a principal place of business at 16889 Secretariat Drive, Loxahatchee, Florida 33470.  Defendant is organized under the laws of Florida.  Upon information and belief, Defendant constructed or

136

installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

678.  Defendant, Richard Hoover.is an entity or individual with a principal place of business at 20345 Sisters Road, Ponchatoula, Louisiana 70454.  Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

679.  Defendant, Robert/Charles Builders, Inc.is an entity or individual with a service address at Ziegenfuss, 705 NW 6th Street, Boca Raton, Florida 33486.  Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

## FACTS REGARDING PRODUCT DEFECT

680.  Upon information and belief, Defendants' drywall contains gypsum.

681.  In "defective drywall" (such as that designed, manufactured, exported, imported, distributed, delivered, supplied, inspected, installed, marketed, and/or sold by Defendants herein), the gypsum and other components of the product break down and release sulfides and other noxious gases that are then emitted (or "off-gassed") from the drywall.

682.  Sulfides and other noxious gases, such as those emitted from Defendants' drywall, cause corrosion and damage to personal property (such as air conditioning and refrigerator coils, faucets, utensils, electrical wiring, copper, electronic appliances and other metal surfaces and property).

683.  Exposure to sulfide and other noxious gases, such as those emitted from Defendants' drywall, causes personal injury resulting in eye irritation, sore throat and cough,

nausea, fatigue, shortness of breath, fluid in the lungs, and/or neurological harm.

684. As a direct and proximate result of Defendants' actions and omissions, Plaintiffs' and the Class Members' structures, personal property, and bodies have been exposed to Defendants' defective and unfit drywall and the corrosive and harmful effects of the sulfide and other noxious gases being released from Defendants' defective drywall.

685. Defendants tortiously manufactured, exported, imported, distributed, delivered, supplied, inspected, installed, marketed and/or sold the defective drywall, which was unfit for its intended purpose and unreasonably dangerous in its normal use in that the drywall caused corrosion and damage to personal property in Plaintiffs' and Class Members' homes, residences or structures and/or caused personal injury resulting in eye irritation, a sore throat and cough, nausea, fatigue, shortness of breath, fluid in the lungs, and/or neurological harm.

686. Defendants recklessly, wantonly, and/or negligently manufactured, exported, imported, distributed, delivered, supplied, inspected, installed, marketed and/or sold the defective drywall at issue in this litigation.

687. Defendants recklessly, wantonly and/or negligently implement faulty, procedures for purposes of formulating, preparing, testing, and otherwise ensuring the quality and/or character of the defective drywall at issue in this litigation.

688. As a direct and proximate result of Defendants' defective and unfit drywall and the corrosive and harmful effects of the sulfide and other noxious gases being released from these products, Plaintiffs and Class Members have suffered, and continue to suffer economic harm and/or personal injury.

689. As a direct and proximate result of Defendants' defective and unfit drywall and the

corrosive and harmful effects of the sulfide and other noxious gases being released from these products, the Plaintiffs and the Class Members have suffered, and continue to suffer damages. These damages include, but are not limited to, costs of inspection; costs and expenses necessary to remedy, replace and remove the defective drywall and other property that has been impacted; lost value or devaluation of their homes, residences or structures and property as a direct result of damage caused to the property and indirect damage resulting from perceived defects to the property, including stigma damages; loss of use and enjoyment of their home and property; and/or damages associated with personal injuries.

690.   As a direct and proximate result of Defendants' defective and unfit drywall and the corrosive and harmful effects of the sulfide and other noxious gases being released from these products, Plaintiffs and the Class Members have been exposed to toxic gases, suffered personal injury, have been placed at an increased risk of disease, and have need for injunctive relief in the form of repair and remediation of their home, recision of their home purchase contracts, the ordering of emergency/corrective notice, the ordering of environmental testing and monitoring, and/or the ordering of medical monitoring.

## **CLASS ACTION ALLEGATIONS**

### **The Knauf Class**

691.   All Plaintiffs bring this suit as a class action pursuant to Rules 23(a), (b)(1), (b)(2), (b)(3) and/or 23(c)(4) of the Federal Rules of Civil Procedure, on behalf of themselves and the following Class comprised of:

> All owners and residents (past or present) of real property located in the United States containing defective Chinese drywall manufactured, sold, distributed, and/or supplied by Knauf.

### The Distributor/Supplier/Importer/Exporter/Broker Subclasses (Subclasses 1-11)

692.  The representative Plaintiffs with claims against their distributors/suppliers, set forth in the attached Schedule "1" (the alignment of Plaintiffs and Defendants is depicted in Schedule 1 for each subclass), assert subclasses pursuant to Rules 23(a), (b)(1), (b)(2), (b)(3) and/or 23(c)(4) of the Federal Rules of Civil Procedure, on behalf of themselves and those similarly situated, against the distributors/suppliers for whom they have standing.  The designated Plaintiffs in Schedule 1 define their subclasses to be as follows:

> All owners and residents (past or present) of real property located in the United States containing Knauf's defective drywall that was sold, distributed, supplied, marketed, inspected, imported, brokered, or delivered by each defendant identified in Schedule 1.

693.  The Distributor/Supplier/Importer/Exporter/Broker subclasses identified in Schedule 1 are comprised as follows:

| Subclass #1: | Andrews Hardware Company, Inc. d/b/a Andrews Ace Hardware |
| Subclass #2: | Banner Supply Co. |
| Subclass #3: | Banner Supply Company Fort Myers, LLC |
| Subclass #4: | Cape Cement & Supply, Inc. |
| Subclass #5: | Holmes Building Materials, LLC |
| Subclass #6: | Interior/Exterior Building Supply, LP |
| Subclass #7: | Interior/Exterior Enterprises, LLC |
| Subclass #8: | L&W Supply Corporation d/b/a Seacoast Supply Company |
| Subclass #9: | La Suprema Enterprise, Inc. |
| Subclass #10: | La Suprema Trading, Inc. |

Subclass #11:        Phillips Abita Lumber Company, Inc. d/b/a Abita Lumber
                     Company, Inc.

**The Builder/Developer Subclasses (Subclasses 12-124)**

694.  The representative Plaintiffs with claims against their builders/developers, set forth

in the attached Schedule "2" (the alignment of Plaintiffs and Defendants is depicted in Schedule

2 for each subclass), assert subclasses pursuant to Rules 23(a), (b)(1), (b)(2), (b)(3) and/or

23(c)(4) of the Federal Rules of Civil Procedure, on behalf of themselves and those similarly

situated, against the builders/developers for whom they have standing.  The designated Plaintiffs

in Schedule 2 define their subclasses to be as follows:

> All owners and residents (past or present) of real property located
> in the United States containing Knauf's defective drywall where
> each of the defendants identified in Schedule 2 was the builder or
> developer of the property.

695.  The builder/developer subclasses identified in Schedule 2 are comprised as follows:

Subclass #12:        3180 Lamb Court Acquisition, LLC

Subclass #13:        616 LLC/ Andy Ziffer

Subclass #14:        Aburton Homes, Inc.

Subclass #15:        Adams Homes of Northwest Florida, Inc.

Subclass #16:        Albanese-Popkin the Oaks Development Group, L.P.

Subclass #17:        Angel Developments, LLC

Subclass #18:        Antilles Vero Beach, LLC

Subclass #19:        Aranda Homes, Inc.

Subclass #20:        Arizen Homes

Subclass #21:        Avalon Preserve Developers, LLC

141

| | |
|---|---|
| Subclass #22: | B & E Construction Miami Corp. |
| Subclass #23: | Baywood Construction, Inc. |
| Subclass #24: | Berrywood Estates a Senior Community, LLC |
| Subclass #25: | Buquoi Construction, LLC |
| Subclass #26: | Burmaster Construction, Inc. |
| Subclass #27: | Cabot Homes |
| Subclass #28: | Cajun Construction & Development, LLC |
| Subclass #29: | Carribean Custom Builders and Developers |
| Subclass #30: | Carter Custom Homes, Inc. |
| Subclass #31: | Centerline Homes at Port St. Lucie, LLC |
| Subclass #32: | Centerline Homes at Georgetown, LLC |
| Subclass #33: | Centerline Homes, Inc. |
| Subclass #34: | CL Architects & Contractors Corp. |
| Subclass #35: | Comfort Home Builders, Inc. |
| Subclass #36: | Completed Communities, II, LLC |
| Subclass #37: | Core Construction, LLC |
| Subclass #38: | Cornerstone Group |
| Subclass #39: | Cornerstone Group Development, LLC |
| Subclass #40: | Cretin Homes, Inc. |
| Subclass #41: | D.R. Horton, Inc. |
| Subclass #42: | D&W Homes, LLC |
| Subclass #43: | Davis General Contractors |

| | |
|---|---|
| Subclass #44: | Delacruz Enterprise's, Inc. |
| Subclass #45: | Diamond Court Construction Co. |
| Subclass #46: | Edweaard Development Company, LLC |
| Subclass #47: | Enchanted Homes, Inc. |
| Subclass #48: | First Home Builders, Inc. |
| Subclass #49: | First Home Builders of Florida I, LLC |
| Subclass #50: | Freemar Homes, Inc. |
| Subclass #51: | Grand Palazzo Hendricks, LLC |
| Subclass #52: | Gregan Construction Corp. |
| Subclass #53: | Gremillion Homes, Inc. |
| Subclass #54: | Grove Hammocks Investments, LLC |
| Subclass #55: | Groza Builders, Inc. |
| Subclass #56: | Hanover Homes |
| Subclass #57: | Hansen Homes of South Florida, Inc. |
| Subclass #58: | Hilliard Butler Construction Company, Inc. |
| Subclass #59: | Hovnanian Developments of Florida, Inc. |
| Subclass #60: | Hovstone Properties of Florida, LLC |
| Subclass #61: | HPH Properties, LLC |
| Subclass #62: | Ironwood Properties, Inc. |
| Subclass #63: | J. Cherry and Sons, Inc. |
| Subclass #64: | James Stokley d/b/a Choctaw Builders, Inc. |
| Subclass #65: | Jim Walter Homes, Inc. |

143

| | |
|---|---|
| Subclass #66: | Joseph E. Clouse, Inc. |
| Subclass #67: | JPG Enterprises, Inc. d/b/a Majestic Homes |
| Subclass #68: | KB Homes |
| Subclass #69: | Laporte Builders, Inc. |
| Subclass #70: | Lavish Holding Corp. |
| Subclass #71: | Lennar Homes, Corp. |
| Subclass #72: | Lennar Homes, LLC |
| Subclass #73: | Liberty Home Builders, Inc. |
| Subclass #74: | Lifescape Buildings, LLC |
| Subclass #75: | Linel Consulting, LLC |
| Subclass #76: | Lloyd & Sons Construction, Inc. |
| Subclass #77: | LPR Builders, Inc. |
| Subclass #78: | LTL Construction, Inc. |
| Subclass #79: | M J F Construction Corporation |
| Subclass #80: | Majestic Homes  & Realty SW, LLC |
| Subclass #81: | Majestic Homes of Port St. Lucie, Inc. |
| Subclass #82: | Majestic Homes of Vero Beach, Inc. |
| Subclass #83: | Maronda Homes, Inc. of Florida |
| Subclass #84: | Northstar Holdings at B & A, LLC |
| Subclass #85: | O' Key Homes, Inc. |
| Subclass #86: | P N K Builders, LLC |
| Subclass #87: | Palm Isles Holdings, LLC |

| | |
|---|---|
| Subclass #88: | Paul Homes |
| Subclass #89: | Pine Ridge Real Estate Enterprises, LLC |
| Subclass #90: | Port St. Lucie Builders, Inc. |
| Subclass #91: | Pride Homes of Lakes by the Bay-Parcel H, LLC |
| Subclass #92: | Princeton Homes, Inc. |
| Subclass #93: | RCR Holding II, LLC |
| Subclass #94: | RCR Holdings I and II, LL |
| Subclass #95: | Richard Jones Construction Company, Inc. |
| Subclass #96: | Rivercrest, LLC/The St. Joe Company |
| Subclass #97: | Royal Homes, LLC |
| Subclass #98: | Santa Barbara Townhomes, Inc. |
| Subclass #99: | South Kendall Construction Corp. |
| Subclass #100: | Southern Homes, LLC |
| Subclass #101: | Sovereign Homes, LLC |
| Subclass #102: | Standard Pacific of South Florida |
| Subclass #103: | Standard Pacific of South Florida, GP, Inc. |
| Subclass #104: | Standard Pacific of Tampa GP, Inc. f/k/a Westfield Homes of Florida, Inc. |
| Subclass #105: | Summit Contractors, Inc. |
| Subclass #106: | Summit Homes, LLC n/k/a PHL Construction, LLC |
| Subclass #107: | Sunrise Construction and Development, LLC |
| Subclass #108: | Symphony Builders, Inc. |

Subclass #109:        The Kabar Group, LLC

Subclass #110:        The Sterling Collection, Inc.

Subclass #111:        Tillman Construction, Inc.

Subclass #112:        Timberline Builders Inc.

Subclass #113:        Treasure Coast

Subclass #114:        Tuscan-Harvey Estates

Subclass #115:        United Homes, Inc.

Subclass #116:        United Homes International, Inc.

Subclass #117:        Venus Street, LLC

Subclass #118:        Villa Development, Inc.

Subclass #119:        Waterways Joint Venture IV

Subclass #120:        Waterways Joint Venture IV, LLC

Subclass #121:        West Construction, Inc.

Subclass #122:        Westminster Builders, Inc.

Subclass #123:        Woodside f/k/a GHO Properties

Subclass #124:        Woodside Homes of Southeast Florida, LLC

### The Contractor/Installer Subclasses (Subclasses 125-142)

696.  The representative Plaintiffs with claims against their contractors/installers, set forth

in the attached Schedule "3" (the alignment of Plaintiffs and Defendants is depicted in Schedule

3 for each subclass), assert subclasses pursuant to Rules 23(a), (b)(1), (b)(2), (b)(3) and/or

23(c)(4) of the Federal Rules of Civil Procedure, on behalf of themselves and those similarly

situated, against the contractors/installers for whom they have standing.  The designated

146

Plaintiffs in Schedule 3 define their subclasses to be as follows:

> All owners and residents (past or present) of real property located
> in the United States containing Knauf's defective drywall where
> each of the defendants identified in Schedule 3 was the contractor
> or installer of the drywall for the property.

697. The contractor/installer subclasses identified in Schedule 3 are comprised as follows:

| | |
|---|---|
| Subclass #125: | AI Brothers, Inc. |
| Subclass #126: | Baystate Drywall, Inc. |
| Subclass #127: | Can-Am Drywall, Inc. (successor to Baystate Drywall, Inc.) |
| Subclass #128: | Chicas Construction, Inc. |
| Subclass #129: | Construction Building Services, Inc. |
| Subclass #130: | D & C Construction Group, Inc. |
| Subclass #131: | Florida Style Services, Inc. |
| Subclass #132: | George Meza |
| Subclass #133: | Gomez Interiors, Inc. |
| Subclass #134: | Interior/Exterior Building Supply, LP |
| Subclass #135: | Interior/Exterior Enterprises, LLC |
| Subclass #136: | L.R. Gardere Drywall Construction, Inc. |
| Subclass #137: | Mandy Drywall, Inc. |
| Subclass #138: | Marsiglia Construction Company |
| Subclass #139: | Mesa Construction Group, Inc. |
| Subclass #140: | Moore Unique Interiors, Inc. |
| Subclass #141: | Richard Hoover |

Subclass #142:        Robert/Charles Builders, Inc.

**General Class Allegations and Exclusions from the Class Definitions**

698.  The following Persons shall be excluded from the Class and Subclasses: (1) Defendants and their subsidiaries, affiliates, officers and employees; (2) all Persons who make a timely election to be excluded from the proposed Class; (3) governmental entities; and (4) the judge(s) to whom this case is assigned and any immediate family members thereof.

699.  Upon information and belief, Knauf's defective and unfit drywall was installed in at least hundreds of homes, residences, or other structures owned by Plaintiffs and Class Members. Therefore, the Class and Subclasses are sufficiently numerous such that the joinder of all members of the Class and Subclasses in a single action is impracticable.

700.  There are numerous common questions of law and fact that predominate over any questions affecting only individual members of the Class or Subclasses.  Among these common questions of law and fact are the following:

   a.     whether Defendants' drywall products that release sulfide and other noxious gases are defective and/or unfit for their intended purpose;

   b.      whether Defendants tortiously manufactured, exported, imported, distributed, delivered, supplied, inspected, installed, marketed, and/or sold defective drywall products;

   c.     whether Plaintiffs are entitled to recover compensatory, exemplary, incidental, consequential, and/or other damages as a result of Defendants' unlawful and tortious conduct; and

   d.     whether Plaintiffs are entitled to recover injunctive and/or equitable relief as a

result of Defendants' unlawful and tortious conduct.

701.  The legal claims of named Plaintiffs are typical of the legal claims of other Class and Subclass Members.  Additionally, for each of the subclasses that named Plaintiffs seek to participate in, the legal claims of the named Plaintiffs are typical of the legal claims of other Subclass Members.  Named Plaintiffs have the same legal interests and need for legal remedies as other Class and/or Subclass Members.

702.  Named Plaintiffs are adequate representatives of the Class and Subclasses in which they participate, together with their legal counsel, each will fairly and adequately protect the interests of Class and Subclass Members.  Named Plaintiffs have no known conflict with the Class or Subclasses and are committed to the vigorous prosecution of this action.

703.  The undersigned counsel are competent counsel experienced in class action litigation, mass torts, and complex litigation involving defective and harmful products.  Counsel will fairly and adequately protect the interests of the Class and Subclasses.

704.  The various claims asserted in this action are certifiable under the provisions of Federal Rules of Civil Procedure 23(b)(1) because prosecuting separate actions by or against individual Class and/or Subclass members would create a risk of inconsistent or varying adjudications with respect to individual Class and Subclass members that would establish incompatible standards of conduct for the party opposing the Class and Subclass; or adjudications with respect to individual Class and Subclass members that, as a practical matter, would be dispositive of the interests of the other Class and Subclass members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

149

705. The claims for injunctive relief in this case are certifiable under Fed. R. Civ. P. 23(b)(2). Defendants have acted or refused to act on grounds that apply generally to the Class and/or Subclass, so that final injunctive relief is appropriate respecting the Class and/or Subclass as a whole.

706. A class action is superior in this case to other methods of dispute resolution. The Class and Subclass members have an interest in class adjudication rather than individual adjudication because of their overlapping rights. It is highly desirable to concentrate the resolution of these claims in this single forum because it would be difficult and highly unlikely that the affected Class and Subclass Members would protect their rights on their own without this class action case. Management of the class will be efficient and far superior to the management of individual lawsuits. Accordingly, Plaintiffs' legal claims are properly certified pursuant to Rule 23(b)(3).

707. The issues particularly common to the Class and Subclass members' claims, some of which are identified above, are alternatively certifiable pursuant to Fed. R. Civ. P. 23(c)(4), as resolution of these issues would materially advance the litigation, and class resolution of these issues is superior to repeated litigation of these issues in separate trials.

### COUNT I
### NEGLIGENCE
### (Against All Defendants)

708. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

709. Defendants owed a duty to Plaintiffs and Class Members to exercise reasonable care in a) designing, b) manufacturing, c) exporting, d) importing, e) distributing, f) delivering, g) supplying, h) inspecting, i) installing, j) marketing, and/or k) selling this drywall, including a

duty to adequately warn of their failure to do the same.

710.  Defendants knew or should have known that their wrongful acts and omissions would result in harm and damages in the manner set forth herein.

711.  Defendants breached their duty to exercise reasonable care in the designing, manufacturing, exporting, importing, distributing, delivering, supplying, inspecting, marketing, and/or selling this drywall.

712.  Defendants likewise breached their duties to Plaintiffs and Class Members by failing to warn about the defective nature of the drywall.  Defendants, through the exercise of reasonable care, knew or should have known the nature of the defective drywall and the adverse effects that it could have on the property and bodies of Plaintiffs and Class Members.

713.  Defendants breached their duty to exercise reasonable care to timely remove and/or recall from the market and/or otherwise prevent the continued contact of Plaintiffs and Class Members with the drywall, upon leaning it had been sold in an unreasonably dangerous condition.

714.  Given the defect in the Defendants' drywall, Defendants knew or should have known that their product could, and would, cause harm, damages and/or personal injuries to Plaintiffs and Class Members.

715.  As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs and Class Members were harmed and have incurred damages and/or personal injuries as described herein.

### COUNT II
### NEGLIGENCE PER SE
### (Against All Defendants)

716.  Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

717.  Defendants owed statutory duties to Plaintiffs and Class Members to exercise

reasonable care in a) designing, b) manufacturing, c) exporting, d) importing, e) distributing, f) delivering, g) supplying, h) inspecting, I) marketing, and/or j) selling this drywall.

718.  Defendants breached their statutory duties to the Plaintiffs and Class Members by failing to exercise reasonable care in a) designing, b) manufacturing, c) exporting, d) importing, e) distributing, f) delivering, g) supplying, h) inspecting, I) marketing, and/or j) selling this drywall.

719.  Defendants likewise breached their statutory duties, including but not limited to those imposed under the International Building Code ("IBC") and other State and local Building Codes, to Plaintiffs and Class Members by failing to warn about the defective nature of the drywall.  For instance, it is specifically alleged that Defendants furnished the drywall in violation of ASTMC C 1396/C 1396M-069, and its predecessor(s).

720.  Defendants, through the exercise of reasonable care, knew or should have known the nature of the defective drywall and the adverse effects that it could have on the property and bodies of Plaintiffs and Class Members.

721.  Given the defect in the Defendants' drywall, Defendants knew or should have known that their product could, and would, cause harm, damages and/or personal injuries to Plaintiffs and Class Members.

722.  As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs and Class Members were harmed and have incurred damages and/or personal injuries as described herein.

## COUNT III
## STRICT LIABILITY
### (All Defendants)

723.  Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

724.  At all times relevant hereto, Defendants were in the business of distributing, delivering,

supplying, inspecting, marketing, and/or selling drywall for sale to the general public.

725. The drywall, including that installed in the homes of Class Members was placed by Defendants in the stream of commerce.

726. Defendants knew that the subject drywall would be used without inspection for defects by consumers.

727. Defendants intended that the drywall reach the ultimate consumers, such as Class Members, and it indeed reached Class Members when it was installed in their homes.

728. When installed in Class Members' homes, the drywall was in substantially the same condition as it was in when Defendants manufactured, sold, and/or delivered it.

729. At all times relevant hereto the subject drywall was used in a manner consistent with the uses intended by, or known to Defendants, and in accordance with the Defendants' directions and instructions.

730. The subject drywall was not misused or altered by any third parties.

731. The Defendants' drywall was defectively manufactured, designed, inspected, tested, marketed, distributed, and sold.

732. The design defect was in designing drywall that allowed high levels of sulfur and/or other chemicals to emit through off-gassing.

733. The manufacturing defect was in improperly selecting, testing, inspecting, mining, making, assembling, and using, gypsum for drywall with levels of sulfur that were too high and emitted various sulfide gases and/or other chemicals through off-gassing.

734. The drywall was also defective because it was improperly exported, imported, distributed, delivered, supplied, inspected, marketed, and/or sold in a defective condition, as

153

described above.

735. The Defendants' defective manufacturing, designing, inspecting, testing, marketing, distributing, and selling of the drywall rendered it unsafe and unreasonably dangerous for its intended use and to Class Members.

736. The drywall is also defective and unreasonably dangerous because Defendants failed to adequately warn and instruct Class Members of the defective design, inspection, testing, manufacturing, marketing, and selling of the drywall.

737. Class Members were unaware of the unreasonably dangerous propensities and defective condition of the drywall, nor could Class Members, acting as reasonably prudent people discovery that Defendants' drywall was defective, as set forth herein, or perceive its danger.

738. Defendants' defective drywall was much more dangerous and harmful than expected by the average consumer and by Class Members.

739. Defendants' defective drywall benefit to Class Members, if any, was greatly outweighed by the risk of harm and danger to them.

740. The defects in the drywall, as well as Defendants' failure to adequately warn Class Members of the defects rendered the drywall unreasonably dangerous and was the direct and proximate cause of damages and/or personal injuries to Class Members.

## COUNT IV
### BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES
### (All Defendants)

741. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

742. Defendants and/or their agents were in privity with Plaintiffs and Class Members and/or Plaintiffs and Class Members were foreseeable third party beneficiaries of any warranty.

154

743. At the times Defendants utilized, supplied, inspected, and/or sold this drywall for use in structures owned by Plaintiffs and Class Members, Defendants knew, or it was reasonably foreseeable, that the drywall would be installed in structures owned by Plaintiffs and Class Members for use as a building material, and expressly or impliedly warranted the product to be fit for that use.

744. Defendants placed their drywall products into the stream of commerce in a defective condition and these products were expected to, and did, reach users, handlers, and persons coming into contact with said products without substantial change in the condition in which they were sold.

745. The drywall was defective and not merchantable because it was unfit for the uses intended or reasonably foreseeable by Defendants; to wit, the installation of the drywall in structures owned by Plaintiffs and Class Members for use as a building material, because it contained defects as set forth herein.

746. The Defendants breached their warranty because the drywall was not fit and safe for the particular purposes for which the goods were required (to be installed in structures owned by Plaintiffs and Class Members as a building material) due to the defects set forth herein.

747. Defendants had reasonable and adequate notice of the Plaintiffs' and the Class Members' claims for breach of warranty and failed to cure.

748. As a direct and proximate cause of Defendants' breach of warranties, Plaintiffs and Class Members have incurred harm and damages and/or personal injuries as described herein.

## COUNT V
## BREACH OF THE IMPLIED WARRANTY OF FITNESS AND MERCHANTABILITY
## PURSUANT TO FLORIDA STATUTES SECTION 718.203
### (On Behalf of Plaintiffs Who Own Condominiums in the State of Florida)
### (Against Builders Only)

749. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

155

750. Subclass Members who own condominiums in Florida, are owners of condominiums as that term is defined by Florida Statutes section 718.503.

751. Such Subclass Members, as owners, are entitled to the benefit of the statutory warranties of fitness and merchantability pursuant to Florida Statutes section 718.203.

752. Each of the builders who are subject to this claim are developers, as defined by Florida Statutes section 718.203(16), as they created condominiums or offered condominiums for sale in the ordinary course of business.

753. Pursuant to Florida Statutes section 718.203(1)(a-e), each of the builders who are subject to this claim is deemed to have granted Subclass Members, who own condominiums in Florida, an implied warranty of fitness and merchantability for the purposes or uses as follows:

a. As to each unit, a warranty for 3 years commencing with the completion of the building containing the unit.

b. As to the personal property that is transferred with, or appurtenant to, each unit, a warranty which is for the same period as that provided by the manufacturer of the personal property, commencing with the date of closing of the purchase or the date of possession of the unit, whichever is earlier.

c. As to all other improvements for the use of unit owners, a 3 year warranty commencing with the date of completion of the improvements.

d. As to all other personal property for the use of unit owners, a warranty which shall be the same as that provided by the manufacturer of the personal property.

e. As to the roof and structural components of a building or other improvements and as to mechanical, electrical, and plumbing elements serving improvements or a

156

building, except mechanical elements serving only one unit, a warranty for a period

beginning with the completion of construction of each building or improvement and

continuing for 3 years thereafter or 1 year after owners other than the developer obtain

control of the association, whichever occurs last, but in no event more than 5 years.

754.   At all times relevant hereto, routine maintenance was performed by Subclass Members

and/or the builders who are subject to this claim or by an association controlled by such builders.

755.   At the times the builders who are subject to this claim installed, utilized, supplied,

inspected, and/or sold drywall for use in the Subclass Members' homes, the builders knew, or it was

reasonably foreseeable, that the drywall would be installed in the Subclass Members' homes for use

as a building material, and warrantied the product be fit and merchantable for that use.

756.   Defendants' drywall product was placed into the stream of commerce by the builders

who are subject to this claim in a defective condition and was expected to, and did, reach users,

handlers, and persons coming into contact with said product without substantial change in the

condition in which it was sold.

757.   The drywall was defective because it was not fit for the uses intended or reasonably

foreseeable by the builders; to wit, the installation of the drywall in Subclass Members' homes for use

as a building material, because it contained defects as set forth herein.

758.   The builders who are subject to this claim breached the implied warranty of

merchantability and fitness because the drywall was not fit to be installed in Subclass Members'

homes as a building material due to the defects set forth herein.

759. The builders who are subject to this claim had reasonable and adequate notice of the Subclass Members' claims for breach of implied warranty of fitness and merchantability and failed to cure.

760. As a direct and proximate cause of the builders' breach of the warranties under Florida Statutes section 718.203, Subclass Members have incurred harm and damages and/or personal injuries as described herein.

## COUNT VI
## BREACH OF THE IMPLIED WARRANTY OF HABITABILITY
### (Against Builders Only)

761. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

762. The Builder Defendants were in direct contractual privity with their Subclass Members.

763. The drywall that the Builder Defendants installed in the homes of Subclass Members was placed into the stream of commerce by the Builder Defendants in a defective condition and was expected to, and did, reach users, handlers, and persons coming into contact with said drywall product without substantial change in the condition in which it was sold.

764. Certain Subclass Members bought their homes containing defective drywall based upon the judgment of the Builder Defendants.

765. The Builder Defendants breached the implied warranty of habitability because the defective drywall causes Subclass Members homes not be meet ordinary, normal standards reasonably to be expected of living quarters of comparable kind and quality due to the defects set forth herein.

766. The Builder Defendants had reasonable and adequate notice of the claims of the Subclass Members for breach of implied warranty of habitability and failed to cure.

158

767. As a direct and proximate cause of the Builder Defendants' breach of the implied warranty of habitability, Plaintiffs and Subclass Members have incurred harm and damages and/or personal injuries as described herein.

## COUNT VII
## BREACH OF CONTRACT
### (Against Builders Only)

768. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

769. As part of the agreements to purchase real properties from the Builder Defendants, for which Subclass Members paid valuable consideration, the Builder Defendants contracted with Subclass Members to construct homes that would be free of defects.

770. The Builder Defendants materially breached their contracts by providing Subclass Members with defective homes; to wit, the homes contained drywall that is inherently defective because it emits various sulfide and other noxious gases through off-gassing that causes harm and damage as described herein.

771. As a direct and proximate cause of the Builder Defendants' breach of contract, Plaintiffs and Subclass Members have incurred harm and damages as described herein.

## COUNT VIII
### VIOLATION OF THE LOUISIANA NEW HOME WARRANTY ACT
#### (on Behalf of Plaintiffs Who Own Homes in the State of Louisiana)
#### (Against Louisiana Builders Only)

772. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

773. The Louisiana New Home Warranty Act provides protection to owners of homes against builders in connection with the construction of the homes.

774. For each applicable subclass, every subclass plaintiff is an "owner," as that term is defined by LSA-R.S. 9:3143(3), who is asserting a claim under the New Home Warranty Act against their "builder," as that term is defined by LSA-R.S. 9:3143(1).

775. Implicit in every Builder Defendant's building contract is the requirement that the work to be completed be performed in a workmanlike manner that is free from defects in material and workmanship.

776. Each of the Builders who are subject to this claim violated their duty to use materials that are free from defects. The Knauf drywall used by these Builders is defective for the reasons set forth above.

777. Given the defect in the Knauf drywall, the Builders knew or should have known that their product could, and would, cause harm, damages and/or personal injuries to Plaintiffs and Class Members.

778. As a direct and proximate cause of the Builders' acts and omissions, Plaintiffs and Class Members were harmed and have incurred damages and/or personal injuries as described herein.

## COUNT IX
## REDHIBITION
### (By Louisiana Plaintiffs Against All Defendants)

779.  Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

780.  The drywall manufactured, distributed and/or sold by Defendants was not reasonably fit for its ordinary and intended purpose.

781.  Defendants are therefore liable to Louisiana Plaintiffs for all damages reasonable in the premises, in accordance with La. Civ. Code art. 2524.

782.  In addition, or in the alternative, the drywall manufactured, distributed and/or sold by Defendants contained redhibitory defects, in that, at the time of delivery, the propensity to emit or off-gas Sulfer compounds and/or other potentially harmful, irritating and/or corrosive substances renders the drywall so useless and/or inconvenient that it must be presumed that Plaintiffs would not have purchased the drywall had they known of the defect or defects.

783.  In the alternative, the defects are redhibitory in that, while not rendering the drywall totally useless, diminish the drywall's use and/or value to such an extent that it must be presumed that the buyer would have bought it, but for a lesser price.

784.  The Manufacturing Defendants are conclusively presumed to know of the defects in the drywall manufactured by them.

785.  In addition, it is believed and alleged that All Defendants knew of the defects in the drywall at the time the drywall was delivered and/or sold.

786.  Defendants have had numerous opportunities to repair and/or replace the drywall and associated fixtures and/or building components and have failed to do so; in addition, and/or in the alternative, such requests have been, would have been and/or would be futile; Manufacturing

Defendants and/or Distributor Defendants are, moreover, deemed to be placed on notice when notice is provided to Builder Defendants (and/or Distributor Defendants); and All Defendants, in addition, or alternatively, had actual knowledge of the problems in the drywall and the need for replacement, remediation and/or repair.

787.  All Defendants are therefore liable to all Louisiana Plaintiffs for a return of the purchase price, (with interest from the time it was paid), reimbursement of the reasonable expenses occasioned by the sale and those incurred for the preservation of the drywall and associated items, for damages, and for reasonable attorneys' fees, in accordance with La. Civ. Code art. 2545.

788.  In the alternative, to the extent that any Distributor Defendant and/or Builder Defendant did not know of the defects in the drywall at the time of delivery and/or sale, those defendants are liable to Louisiana Plaintiffs to repair, remedy or correct the defect; and/or, if unable to do so, for a return of the purchase price, (with interest from the time it was paid), reimbursement of the reasonable expenses occasioned by the sale, and those expenses incurred for the preservation of the drywall and associated items, in accordance with La. Civ. Code art. 2531.

## COUNT X
### LOUISIANA PRODUCTS LIABILITY ACT
#### (Manufacturing Defendants)
#### (Pleaded in the Alternative Against Distributor Defendants)

789.  Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

790.   In addition to any and all damages, attorneys fees and other remedies made available to Louisiana Plaintiffs under the warranty of fitness and/or warranty against redhibitory defects, the Manufacturing Defendants are liable to Louisiana Plaintiffs under the Louisiana Products Liability Act, ("LPLA"), La. R.S. 9:2800.51, *et seq.*

162

791. The LPLA is also pleaded in the alternative with respect to any Distributor Defendant who might be considered a "manufacturer" under La. R.S. 9:2800.53(1)(a) (labels or otherwise holds the drywall out as his own), 9:2800.53(1)(b) (exercises control over or influences a characteristic of the drywall causing damage), 9:2800.53(1)(c) (the manufacturer of a product which contains the drywall as a component part), and/or 9:2800.53(1)(d) (a seller of a product of an alien manufacturer where the seller is in the business of importing or distributing the drywall for resale and is the *alter ego* of the alien manufacturer).

792. The Manufacturing Defendants, upon information and belief, expressly warranted that "the gypsumboards manufactured and sold ... are guaranteed to be free from defects in materials and workmanship."

793. The Manufacturing Defendants expressly warranted that "the gypsumboards were manufactured in accordance to ASTM C36."

794. The drywall at issue is, in all cases, unreasonably dangerous by virtue of the unreasonable off-gassing and/or emission of Sulfer compounds and/or other corrosives, toxins and/or irritants, which do not in any way contribute to or enhance the utility of the drywall, yet pose a risk to the wiring, plumbing, appliances, personal property, overall economic value of the property and financial security of the owner, and/or the health of the residents of the property.

795. At all times pertinent and material hereto, there existed alternative feasible manufacturing processes and/or designs of drywall which perform all of the functions and utility of traditional drywall, without emitting unreasonable levels of Sulfer and/or other toxic and/or corrosive compounds.

796. At all times pertinent and material hereto, Manufacturing Defendants (and/or

Distributer Defendants who may be considered "manufacturers" under the LPLA) knew that their drywall was unreasonably dangerous and/or defective as set forth herein.

797. In the alternative, Manufacturing Defendants (and/or Distributer Defendants who may be considered "manufacturers" under the LPLA) should have, at all times pertinent and material hereto, known of the unreasonably dangerous and/or defective characteristics and/or conditions, had they reasonably employed then-existing scientific and/or technical knowledge, reasonable testing, and/or other reasonable and then-accepted methods of quality assurance and/or quality control.

798. Defendants' drywall is unreasonably dangerous in composition or construction in that, at the time it left Defendant's control, it deviated in a material way from Defendant's own specifications or performance standards.

799. In addition, and in the alternative, Defendants' drywall is unreasonably dangerous in design, in that, at the time the drywall left Defendant's control, there existed an alternative design for the product that was capable of preventing Plaintiffs' damage, and the likelihood of causing the plaintiffs' damage and the gravity of that harm outweighed the burden (if any) on the Defendant in adopting such alternative design and the adverse effect (if any) on the utility of the drywall.

800. In addition, and in the alternative, Defendants' drywall is unreasonably dangerous in that it fails to conform to an express warranty about the product which induced the use of the product and caused damage to Plaintiffs to the extent that the warranty was untrue.

801. In addition, and in the alternative, Defendants' drywall is unreasonably dangerous due to an inadequate warning, in that, at the time the drywall left Defendant's control, the drywall possessed a characteristic that might cause damage and yet Defendant failed to use reasonable care to provide an adequate warning of such characteristics and/or dangers to users and/or handlers of the drywall.

802.  Defendants are therefore liable to Louisiana Plaintiffs for all damages reasonable in the premises.

## COUNT XI
## PRIVATE NUISANCE
### (All Defendants)

803.  Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

804.  The Defendants' tortious or wrongful acts or omissions have caused sulfide gas and/or other chemical leaching into structures owned by Plaintiffs and Class Members which has unreasonably interfered, and continues to interfere, with the Plaintiffs' and Class Members' use and enjoyment of their properties and caused them harm and damage as discussed herein.

805.  Defendants' interference has impaired the rights of Plaintiffs' and Class Members' health, comfort, safety, free use of their property, and/or peaceful enjoyment of their property.

806.  Defendants' invasions were intentional and unreasonable, and/or unintentional but otherwise negligent or reckless.

807.  The interference with Plaintiffs' and Class Members' use of their property caused by Defendants is substantial and is ongoing.

808.  Defendants' private nuisance was the direct, proximate, and foreseeable cause of Plaintiffs' and Class Members' damages, injuries, harm, loss, and increased risk of harm, which they suffered and will continue to suffer.

809.  As a direct and proximate cause of Defendants' creation of a private nuisance, Plaintiffs and Class Members have incurred harm and damages and/or personal injuries as described herein.

## COUNT XII
## NEGLIGENT DISCHARGE OF A CORROSIVE SUBSTANCE
### (All Defendants)

810.  Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

811.  Defendants had actual or constructive knowledge of the extremely corrosive and dangerous propensities of the drywall at issue in this litigation.

812.  Notwithstanding their actual or constructive knowledge of the corrosive and dangerous propensities of the drywall, Defendants nevertheless designed, manufactured, imported, distributed, delivered, supplied, marketed, inspected, installed, or sold the drywall for use in the homes or other structures owned by Plaintiffs and class members.

813.  By causing the sale, distribution, delivery, and/or supply of the drywall under these circumstances, Defendants breached their duty to exercise reasonable care and created a foreseeable zone of risk of injury to Plaintiffs and class members.

814.  Defendants likewise breached their duties to Plaintiffs and Class Members by failing to warn about the corrosive and dangerous propensities of the drywall.  Defendants, through the exercise of reasonable care, knew or should have known the nature of the defective drywall and the adverse effects that it could have on the property and bodies of Plaintiffs and Class Members.

815.  Plaintiffs and class members have suffered injuries by virtue of their exposure to the defective drywall at issue in this litigation.  Given the defect in the Defendants' drywall, Defendants knew or should have known that their product could, and would, cause harm, damages and/or personal injuries to Plaintiffs and Class Members.

816.  As a direct and proximate result of Defendants' acts and omissions, Plaintiffs and Class Members were harmed and have incurred damages and/or personal injuries as described herein.  The

injuries sustained by Plaintiffs and Class Members are within the foreseeable zone of risk created by Defendants.

## COUNT XIII
## UNJUST ENRICHMENT
### (All Defendants)

817.  Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

818.  Defendants received money as a result of Plaintiffs' and Class Members' purchases of Defendants' defective drywall, or purchases of structures containing this drywall, either directly or through an agent, and Defendants wrongfully accepted and retained these benefits to the detriment of Plaintiffs and Class Members.

819.  Defendants' acceptance and retention of these benefits under the circumstances make it inequitable and unjust for Defendants to retain the benefit without payment of the value to the Plaintiffs and the Class Members.

820.  Defendants, by the deliberate and tortious conduct complained of herein, have been unjustly enriched in a manner which warrants restitution.

## COUNT XIV
## VIOLATION OF CONSUMER PROTECTION ACTS
### (All Defendants)

821.  Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

822.  This is an action for relief under the various Consumer Protection Acts of the jurisdictions in which affected properties are present, including but not limited to, L.SA-R.S. 51:1401, *et seq.* (Louisiana Unfair Trade Practices and Consumer Protection Law); Ala. Code 1975 § 8-19-1, *et seq.* (Alabama Deceptive Trade Practices Act); G.S. § 75-1.1, *et seq.* (North Carolina Consumer Protection Act); F.S. § 501.201, *et seq.* (Florida Deceptive and Unfair Trade Practices

167

Act); Va. Code. Ann. § 59.1-196, *et seq.* (Virginia Consumer Protection Act); Tex. Bus. Com. Code

Ann. § 17.41, *et seq.* (Texas Deceptive Trade Practices-Consumer Protection Act); Miss. Code Ann.

§ 75-24-1, *et seq.* (Mississippi Consumer Protection Act).

823.   The Defendants' acts and omissions as well as their failure to use reasonable care in this

matter as alleged in this amended complaint, including but not limited to, the knowing

misrepresentation or failure to disclose the source, affiliation, origin, characteristics, ingredients,

standards and quality of defective drywall constitute violation of the provisions of the Consumer

Protection Acts of the Relevant States.

824.   Plaintiffs and Class Members have suffered actual damages as a result of Defendants'

violation of these Consumer Protection Acts and are entitled to relief.

825.   As a direct and proximate cause of Defendants' violations of the Consumer Protection

Acts of the Relevant States, Plaintiffs and Class Members have incurred harm and damages as

described herein.

## COUNT XV
### EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING
### (All Defendants)

826.   Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

827.   Plaintiffs and the Class Members are without adequate remedy at law, rendering

injunctive and other equitable relief appropriate.

828.   Plaintiffs and the Class Members will suffer irreparable harm if the Court does not

render the injunctive relief and medical monitoring relief set forth herein, and if defendants are not

ordered to recall, buy back, rescind, and/or repair the structures owned by Plaintiffs and Class

Members.

829.  Plaintiffs, on behalf of themselves and all others similarly situated, demand injunctive and equitable relief and further, that defendants be ordered to: (1)  to buy back or rescind the contracts for Plaintiffs' and Class Members' homes or other structures, or  in the alternative, remediate, repair and/or replace the drywall in such structures upon proof by the defendants of the feasibility of such remedy or repair; (2) cease and desist from misrepresenting to the Class and the general public that there is no defect in, or danger associated with, the drywall; (3) institute, at their own cost, a public awareness campaign to alert the Class and general public of the defect and dangers associated with the drywall; and (4) create, fund, and support a medical monitoring program.

830.  Until Defendants' defective drywall has been removed and remediated, Defendants must provide continued environmental and air monitoring in the structures owned by Plaintiffs and Class Members.

831.  Plaintiffs and Class Members have been exposed to greater than normal background levels of sulfides and other hazardous chemicals as a result of exposures to Defendants' defective and unfit drywall and have suffered personal injuries as a result.

832.  The sulfides and other noxious gases which have been released from Defendants drywall and to which Plaintiffs and Class Members have been exposed are proven hazardous, dangerous, or toxic substances.

833.  Plaintiffs' and Class Members' exposures were caused by the Defendant's negligent or otherwise tortious conduct.

834.  Plaintiffs' and Class Members' exposure may lead to serious health problems, diseases, and medical conditions that may be prevented by timely medical diagnosis and treatment.

169

835.  The method and means for diagnosing the Plaintiffs' and Class Members' potential medical problems are well accepted in the medical and scientific community and will be of great benefit to the Plaintiffs and Class Members by preventing or minimizing health problems that they may encounter as a result of the defective and unfit drywall.

836.  As a proximate result of their exposure to sulfide and other noxious gases from Defendants' defective and unfit drywall, Plaintiffs and Class Members have developed a significantly increased risk of contracting a serious latent disease.

837.  Monitoring procedures exist that make the early detection of any latent disease possible that are different from those normally recommended in the absence of the exposure.

838.  The prescribed monitoring regime is reasonably necessary according to contemporary scientific principles.

## DEMAND FOR JURY TRIAL

Plaintiffs, individually and on behalf of the Class and Subclass Members, hereby demand a trial by jury as to all issues so triable as a matter of right.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs, on behalf of themselves and all others similarly situated demand upon Defendants jointly and severally for:

      a.    an order certifying the case as a class action;

      b.    an order certifying the Class and each of the Subclasses;

      c.    an order appointing Plaintiffs as the Class Representatives of the Class;

      d.    an order appointing undersigned counsel and their firms as counsel for the Class;

e.      compensatory and statutory damages;

f.      punitive damages as allowed by law;

g.      pre and post-judgment interest as allowed by law;

h.      injunctive relief;

I.      an award of attorneys' fees as allowed by law;

j.      an award of taxable costs; and

k.      any and all such further relief as this Court deems just and proper.

Respectfully submitted,

Dated: 3/15/10

By:
       Russ M. Herman
       Leonard A. Davis
       Herman, Herman, Katz & Cotlar, LLP
       820 O'Keefe Avenue
       New Orleans, Louisiana 70113
       Phone: (504) 581-4892
       Fax: (504) 561-6024
       Ldavis@hhkc.com
       *Plaintiffs' Liaison Counsel MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

       Arnold Levin
       Fred S. Longer
       Levin, Fishbein, Sedran & Berman
       510 Walnut Street, Suite 500
       Philadelphia, PA 19106
       Phone: (215) 592-1500
       Fax: (215) 592-4663
       Alevin@lfsblaw.com
       *Plaintiffs' Lead Counsel MDL 2047*

171

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Victor Manuel Diaz
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Aragon Avenue, 2nd Floor
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

172

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seith Parker
Parker, Waichman, Alonso LLP
27399 Riverview Center Blvd.
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

173

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W.
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

174

Jeremy W. Alters
Alters, Boldt, Brown, Rash & Culmo, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@abbrclaw.com

Richard Serpe
Law Offices of Richard J. Serpe
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

## COUNSEL FOR INDIVIDUAL PLAINTIFFS[2]

### Alters, Boldt, Brown, Rash & Culmo,
*Counsel on Behalf of the Following Individual Plaintiffs*:

Acosta, Carlos
Adams, Kevin
Aguilar, Eleanor
Almeida, Jeff
Ambroise, Donald
Anderson, Mark
Andreoli, Robert
Anton, Kevin & Joann
Araujo, Marcos
Aria Properties, LLC
Ashley, Tatiana
Athouriste, Herold
Barrozo, Hector
Becker, Larry
Belalczar, Luz
Bidigare, Susan
Blue Water of Cape Coral
Blue Water Condo Association
Bolton, Wade
Bongiorno, Salvatore & Arlene
Borkowski, Julie & Stephen
Brown, Dorene
Bruce, Jamie & Erick

Buckingham, Keith, Fasenda, Jose
Burey, Roxanne
Burkman, Ken, Puello, Rosi
Caliguirie, Jacob
Caliper Capital of Florida, LLC
Campbell, Ana Marie
Campbell, Daniel & Joan
Carr, Craig, Windsor, Jill
Carrion, Kathy
Carter-Smith, Jill
Case, Ronald
Casper, Bruce
Castaneda, Juan Carlos
Castillo, Alexis
Catalogna, Michael & Phyllis
Ceglio, Carmine
Clarke, Roger
Cohen, Jan & Michael
Coplin, Jose
Cramer, David & Denise
Cummings, Mark
D'Agresto, Lewis
Dano, Robbin

Davis, Matthew & Tricia
Davy, Christopher
DeJesus, Leslie
Del Torro, Gilbert & Zamira
DePirro, Stephen
DeSola, Nick & Heather
Diamond, James & Heidi
DiFillipo, Steven & Kathleen
Doreus, Gerta
Dube, Tim & Laura
Dunne, Cahal
Edelman, Michael
Elkins, Joseph
Estrada,, Edgar
Fellows, David
Ferroni, Peter Christian
Field, Theodore & Leslie
Firmani, Terry Lee
Fleming, Alan
Fleurantain, Toussaint & Bernite
Fodor, Amy & Angelo
Foster, Katherine
Fothergill, Zen

---

[2]Attached hereto as Exhibit "C" is the contact information for each plaintiff's counsel and pro se plaintiff.

Frazier, Larry & Dorothy
Frenz, Ray
Fulks, Bonnie & Richard
Gandhi, Shailesh & Hemangini
Garcia, Gabriela
Garcia, Lorena & Angela
Gardner, Francesca & Brian
Gascon, Ed
Geensburg, Cary
Genoune, Meir
Gesele, Michael & Jessica
Giggey, Richard & Linda
Gimenez, Adriana
Goldstein, Cindy
Gomez, Axel & Nicole
Gomez, Georgina
Gonzalez, Dolores
Grant, Olga & Ross
Green, Colin & Natasha
Greenwald, Mike
Greever, Jeanne
Gumina, Frank
Hansen, Deborah
Hanson, Rene
Haynes, Elvis & Coral
Hernandez, Ernest
Hovis, Michelle
Insco, John & Ruth
Jackson, Anthony
Jackson, Douglas
Jackson, Leonard & Juliet
James, John
Jimenez, Camilo
Johnson, Paul
Kampf, Richard & Patricia
Knouff, John and Jacqueline
Koe, Jeffrey & Lori
Kraham, Stuart
Kuhne, Erica
Lagano, Sasha
Lake, William and Jacqueline
Lemmon, Dennis & Helen
Leonard, Jeff
Levin, Ronald and Carol
Lezama, Juan Carlos
Libertella, Rocco
Logie, Kevin & Nicole

Lundberg, Rick
Lunsford, Barry
Macias, Juan Carlos, Hernandez, Adrianna
Maestre, Elsy
Manriquez, Ruben
Martin, Aaron
Mason, Fay and Michael
Mazzaca, Philip
McAuliffe, Dixie and Matthew
Melville, Maundy and John
Merclop Holding, LLC
Merryfield, David
Mesa, Mirta
Metzl, Justin
Miranda , Jorge & Cheza
Moses, William
Myers, Paul & Lisa
Naidus, Gary
Nelson, Brian & Victoria
Nolan, James & Adele
O'Brien, Wendy
Osaiyuwu, Ivie
Oxman, Samuel
Parrillo, Joseph & Dorothy
Peace Harbor Clubhouse
Peace Harbor Condo Association
Pelaez, Diego
Pereira, Fernanda
Persky, Paula Wansor
Pestenski, Tirzah & Ryan
Petrorairo, Michael & Kathy
Plas, Doug
Plaza, Ana Maria
Poliard, Phares
Porch, David & Ashley
Potes, Lino
Pritchard, Thomas
Properties In Miami, LLC
Rautenberg, Lee
Rehrig, Neil
Restrepo, Joege & Jennnifer
Reyes, Jorge
Risko, Dawn
Ritman, William
Rodriguez, Rudy
Rose, Novelt

Rothman, James & Jodi
Rucker, Johnnie
Saintil, Ducassea nd Mereegrace
Salguero, Diana
Samlal, Nalinie D.
Sampson, Henry & Pauline
Sanchez, Lisset
Schneiderman, Leonardo & Jean
Schumacher, Jay
Scully, Lenoy & Valrie
Senior, Wendy & Lucianil
Shea, Doris
Shikley, Ahmed & Shazia
Shirley, Jason
Simms, Troy & Carrie
Singh, Janet
Sisso, Alberto
Snyder, Robert
Steiner, Roland
Sutton Lori
Talley, Lawrence & Cathleen
Tapia, Arben
Taylor, Brian
Taylor, Eric
Terrazas, John & Karen
Thayer, Thomas
Trees, Eric & Natalie
Trotman, Shonae
Tucker, Joseph & Deborah
Turkell, Barbara
Umana, Jose
Unschuld, Neil
Vargas, Jose
Venius, Jean-Enor & Rosita
Victores, Monica & Didio
Virden, David
Walker, Andrew
Walsh, Gladys, Martin, Frank
Wanounou, Susan & Yacov
Whaley, John & Sharon
Williams, Demitrius
Williams, Herbert
Yourich, Stephen
Zeigler, Bart
Zheng, Ziaojuan,Weifang, Frank

**Alters, Boldt, Brown, Rash & Culmo and**
**Shapiro, Blasi, Wasserman & Gora, P.A.**
*Counsel on Behalf of the Following Individual Plaintiffs*:

Albacete, Alfonso & Francisco
Albandor, Francisco
Blanco, Rodrigo & Lisa
Bohorquez, Rafael
Borst, Crystal & Morea, Beverly
Carey, Vernon & Latavia
Cooper, Martin
Cora, Jose & Kiria
Dickens, Faith
Goldberg, Scott
Gomez, German & Marcela
Hagan, Kristin
Hill, Michael
Iadisernia, Giuseppe
Keddo, Terriano
Lafleur, Nury
Lauderdale One Condominium
Association
Lemay, Elizabeth

Leung, Jim & Maggie
Lewis, Una
Licata, Domenico
Lichtenberger, Andres
Litwin, Benjamin
Madonia, Joseph
Magdalena Gardens Condo
Association
Massop, Lois
Maxellan, Michele
Mertz, Lyndon
Michalopoulos, Anthony
Mullen, Carl
Parker, Bryon
Pino, Deborah
Potts, Lakendra
Rabadia, Murji & Vekaria, Anjni
Raventos, Antonio & Eliana

Reck, Robert
Reckseit, Ronald & Jacqueline
Redelco, LLC
Robinson, Courtney
Rojas, Eugenio & Marulanda,
Liliana
Romero, Ruben & Jennifer
Saint- Fleur, Omer & Anne
Shaw, William
Sill, Garth
Silver, Stacey
Szuflada, Susan
Toglia Total Solutions, LLC
Varchetti, Paul & Hixon, Lawrence
Williams, Judith
Wright, Steven

**Baron & Budd, P.C.,** *Counsel on Behalf of the Following Individual Plaintiffs*:

Green, Desmond
Jenevein, Stella
The Parc in Hammond, LLC
Zamora, Hope

**Barrios, Kingsdorf & Casteix,** *Counsel on Behalf of the Following Individual Plaintiffs*:

Peerbhai, Iqbal, Prem, Tajwathie

**Becnel Law Firm,** *Counsel on Behalf of the Following Individual Plaintiffs*:

Bonnette, Joel & Holly
Kelly, Gary & Vicki
Mayfield, Jeffrey
Panepinto, Rory
Pizzolato, Ronald

**Bencomo & Associates,** *Counsel on Behalf of the Following Individual Plaintiffs*

Bienemy, Eric

177

**Daigle, Fisse & Kessenich,** *Counsel on Behalf of the Following Individual Plaintiffs*

Fernandez, Vernon Leroy & JoAnn Cross

**Lewis & Roberts, PLLC,** *Counsel on Behalf of the Following Individual Plaintiffs:*

| | | |
|---|---|---|
| Armstrong, Jeremy & Heather | Franks, Steve | Nyugen, Katie |
| Bakane, Raymond | Grosfeld, Ralph & Donna | Porter, Doris & Lindsey |
| Baldone, Charles | Hardin, Peter | Rice, James & Leigh |
| Bennett, Steve | Harris, Angela | Rogers, Vanessa |
| Bolle, Jonathan | Henderson, Jason & Jay Jay | Sanford, Bill |
| Branch, Ken | Hendrix, Ben & Denise | Sharit, Juanita |
| Burson, Glenda | Hendrix, Ron | Sinclar, Marty |
| Campbell, Scott & Mary | Henke, Christopher & Laurie | Stein, Brad |
| Carr, Bridget | Howard, James & Ann | Storie, Phillip |
| Catron, James | Hubbard, Shane & Elizabeth | Sumner, Sam |
| Chandler, Jared & Brittany | Ingram, Juanita | Tabor, Lisa & Jordan |
| Chestang, Russell | Jolly, Charles & Barbara | Tempel, Harvey & Lisa |
| Cissell, Darren & Melissa | Jones, Starla | Tidwell, Patrick |
| Clark, Joseph & Cathleen | Jones, Steven Chad | Todd, Debra, Smith, Frank |
| Conner, Cynthia | Juliano, Jasper & Sheree | Trierwiler, Chuck |
| Cox, Jeffrey & Georgann | Kelley, Sharon | Van DeVeer, Joan T. |
| Crawford, Daniel & Sara | Ladd, Keith | Weldon, N. Seth |
| Crutcher, John | Lee, Tamanika | Williams, Alicia D. |
| Cryer, Joan | Marks, Edward | Williamson, Chris |
| Duncan, Charles & Estoria | McMahon, William R. & Setsuke | Wood, John & Beatrice |
| Durden, Jennifer | Merrill, Carrie | Woodward, Sam |
| Easley, Gail | Methany, Brance | Wormly, Paturina |
| Egermayer, Craig | Moses, Claudia | Wylie, Patrick & Kim |
| Elliott, Kevin | Neel, Kevin & Stacy | Yasinski, Joseph & Barbara |
| Everett, Michael | Nichols, Brook | |
| Ferguson, Kimberly | Nunes, Andrea & Ferreira, Andre | |

**Law Offices of Rusell Lazega, P.A.,** *Counsel on Behalf of the Following Individual Plaintiffs*:

Orlowski, David

**deGravelles, Palmintier, Holthaus & Fruge, LLC**
*Counsel on Behalf of the Following Individual Plaintiffs*:

Brian, Wilton & Rita

**Freedland Russo, PL,** *Counsel on Behalf of the Following Individual Plaintiffs*:

Hunt, Nancy

178

**Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC,**
*Counsel on Behalf of the Following Individual Plaintiffs*:

Benjamin, Jack
Martin, Robert & Denise
Morlas, Ralph

**Levin, Fishbein, Sedran & Berman**
**Colson, Hicks, Eidson, Colson, Matthews,**
**Martinez, Gonzales, Kalbac & Kane;**
**Hausfeld, LLP, and Law Offices of Richard J. Serpe**
*Counsel on Behalf of the Following Individual Plaintiffs*:

Alegria, Robert & Rafaela
Alvarez-Farre, Emilio & Martha
Beringhaus, Robert
Blanchard, Peter & Sally
Bloom, Andrew & Ina
Byrne, Gertrude
Colman, Kevin & Maria
Crane, Raymond A.
Cuningham, Eddie
Defalco, John
Eskenazi, Anna & Mark
Fulgueira, Marie E. & Oscar J. Gonzalez
Gaita, Gina
Glenz, David
Hopmayer, Peter
Hueston, Debra
Joachim, Ronald
L&M Estates
Lago, Gueorgui & Jomari Torres

M & F Development, LLC
Mikita, Michael
Novello, Robin
Oceanique Development Company
Podlasek, Christopher
Promenade at Tradition Community Association, Inc.
Ramirez, Fredrick
Real Property Resolutions Group
Rebolledo, Enrique & Maritza de Souza
Rosen, Michael
Santamaria, Raphael
Sheldon Friefield, Inc. & Southern Homes Development Corp.
Spellman, Kelley
Valdez, Enrique & Ivy
Vescio, Angelo & Elena
Wahlgren, Henry & Joan

**Hawkins, Stracener & Gibson, PLLC,**
*Counsel on Behalf of the Following Individual Plaintiffs*:

France, Glen
Green, Clarence
Hoyle, Matt
Humphreys, Etta
Ladner, Tammy
Lowry Development
Menhennett, Eric
Mitchell, James R.
Myers, Jack
Vu, Michael
Waddell, David & Sharon

### Herman, Herman, Katz & Colar, LLP,
*Counsel on Behalf of the Following Individual Plaintiffs:*

Darensbourg, Mark & Barbara
Guice, Kenneth

### Krupnick, Campbell, Malone, *Counsel on Behalf of the Following Individual Plaintiffs:*

Anderson, William & Mary
Black, Douglas & Elizabeth
Cohen, Yossef
Duncan, Stuart & Diane
Flores, Charles
Fordham, Allen & Anissa Fordham
Harrison, David
Lindstrom, Jack & Barbara
Maskol, Diane
Milykovic, Ralph & Nancy
Romelus, Jay
Russo, Charles & Josephine

### Lambert & Nelson, PLC, *Counsel on Behalf of the Following Individual Plaintiffs:*

Donahoe, Patrick & Tina

### Law Office of Joseph M. Bruno, APLC,
*Counsel on Behalf of the Following Individual Plaintiffs:*

Linzy, Sherie
Roy, Chad

### Law Offices of Sidney D. Torres, III,
*Counsel on Behalf of the Following Individual Plaintiffs:*

Bruder, Joan, Don Bruder
Chaisson, Henry J. & Olga A.
Duckworth, Helen T.
Funel, Louis C. & Joyce M.
Raffo, Edmond & Mary Desiree

### Lemmon Law Firm, LLC, *Counsel on Behalf of the Following Individual Plaintiffs:*

Darby, Harry & Melissa

**Lumpkin & Reeves, PLLC,** *Counsel on Behalf of the Following Individual Plaintiffs*:

Aven, Teresa
Beasley, Austin
Fouqet, Louis & Marsha
Glassman, Michael
Hasty, Bernadette
Masse Contracting, Greg Masse
Moulton, Tom
Parker, James
Ragusa, Ben
Robicheaux, Bobbie
Strong, William
Ward, Jason

**Martzell & Bickford.** *Counsel on Behalf of the Following Individual Plaintiffs*:

Kustenmacher, Kenneth & Juile
Whitaker, Robert & Dana

**Matthews & Associates,** *Counsel on Behalf of the Following Individual Plaintiffs*:

Myers, Christopher & Kandice

**McCallum, Hoaglund, Cook & Irby, LLP,**
*Counsel on Behalf of the Following Individual Plaintiffs*:

Adair, Manciel & Susan
Burleson, Dorothy
Fuller, Deandra Charles & Adriann
Nabors, S. Jason & Rhonda
Taylor, Beck & Julie
Virciglio, John & Karen

**Milstein, Adelman & Kreger and Roberts & Durkee,** *Counsel on Behalf of the Following Individual Plaintiffs*:

Acosta, Jose & Sofia
Arellano, Raulin Carlo & Karla
Boog, Vernon G.
Curbelo, Anika
De Leon, William & Zully
Ervin, Ronnie & Rodella
Fothergill, Zen
Gonzalez, Alberto, Diaz, Yarenis
Guilhempe, Edmund
Joseph, Roderick
Kondek, Anke & Dieter
Kroeger, Jeff

Medlen, Dianne
Mihelich, George & Mara
Nguyen, Kinh
Puckett, Charles & Sandra
Reinner, Stephanie, Graham, Wayne
Robert, Jarl, Tucker, Janice
Rucki, Thomas & Mary Sue
Saroza, Robert & Martha
Taylor, Charles & Rosa
Webster, Frank

181

**Morgan and Morgan**, *Counsel on Behalf of the Following Individual Plaintiffs*:

Arcinega, Juan & Jillian
Candalaria, William & Turpia, Sarah
Domanic, Ajith & Elezabeth
Klujan, Matthew & Sirapi
LaValle, Randy & Debra
Martin, Mario & Ivanilda
McNeill, Michael & Stephanie
Montero, Jorge & Niza
Quaranta, Renato & Yoraima
Ricupero, Kevin & Karen
Sims, David
Tullo, Richard & Larene
Welk, William

**Parker, Waichman, Alonson, LLP**, *Counsel on Behalf of the Following Individual Plaintiffs*:

Agulay, Philip & Clarita
Alvarez, Anoldo & Clara
Bercy, Charles Jr. & Patricia Tran-Bercy
Callwood, Alberto & Sandy
Hall, Gerald & Leigh Ann
Herrera, Arcelia Camacho & Orlando
Howerzyl, Theodore & Annette
Jackson, Edmund & Diane
Lopez, Beatrix
Lott, David
Martin, Ross & Lisa
Milton, Koka

Nguyen, Huynh Hiep
Osceola, Doreen
Poschel, William & Rosemary
Premier Loan Services Company, Inc., Johansen, Fred
Pryce, Dionne Smith & Hazel
Somnarain, Bhanmattie & Derse
Torres, Pablo & Maria
Valdez, Ariel
Watson, Franklin

**Paul A. Lea, Jr.**, *Counsel on Behalf of the Following Individual Plaintiffs*

Rogers, Joyce W.

**Pita & Del Prado**, *Counsel on Behalf of the Following Individual Plaintiffs*:

Sanchez, Alfonso & Maria

**Pittman, Dutton, Kirby & Hellums, P.C.**
*Counsel on Behalf of the Following Individual Plaintiffs*:

Pittman, Robert & Robin
Wood, Miriam & Chris

182

**Podhurst Orseck, PA**, *Counsel on Behalf of the Following Individual Plaintiffs*:

Cabrera, Ana M. & Gabriel
Lanza, Antonio & Gretchen
Lewis, Ethel & Lewis-Pierre, Latoya
Williams, Andrew

**Potts & Potts, APLC**, *Counsel on Behalf of the Following Individual Plaintiffs*:

Stoute, Louis Jr. & Patricia Navilhoo

**Simon, Sigalos & Spyredes, PA**,
*Counsel on Behalf of the Following Individual Plaintiffs*:

Sharper, Darren

**Stone, Granade & Crosby**,
*Counsel on Behalf of the Following Individual Plaintiffs*:

Crum, Jarrett & Kit

**Taylor, Martino, Zarzaur, P.C.**, *Counsel on Behalf of the Following Individual Plaintiffs*:

David Pilger
Michael Cabrera
Robin Spence
Samuel Mitchell
Riverbend Condominiums, Inc.
Ante Bellu, LLC
Wiggins, Bryan & Kasey

**The Thornhill Law Firm, APLC**,
*Counsel on Behalf of the Following Individual Plaintiffs*

Diez, Douglas on behalf of Pelican Point Properties, L.L.C.

**Vaughn & Bowden, PA. and Wooten Law Firm**,
*Counsel on Behalf of the Following Individual Plaintiffs*:

Letard, Dr. Thomas & Martha

**Webb & Scarmozzino**, *Counsel on Behalf of the Following Individual Plaintiffs*:

Gonzalez, Ariel

**Yance Law Firm, LLC**, *Counsel on Behalf of the Following Individual Plaintiffs*:

Mitchell, Steve and Shannon

## Pro Se Plaintiffs

Cooper, Brenda
Dejan, Charlotte
Dejan, Leroy & Ann
McCoy, Clyde & Ira

184