# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL Case No. 09-md-2047 |
| PERTAINING ONLY TO: | ) ) | |
| THE STATE OF LOUISIANA, *ex rel.* JAMES D. ("BUDDY") CALDWELL, The Attorney General of Louisiana, | ) ) ) ) ) | |
| vs. | ) ) | C.A. No.: 2:10-cv-00340-EEF-JCW |
| KNAUF GIPS KG; KNAUF INTERNATIONAL GMBH; KNAUF PLASTERBOARD (TIANJIN) CO. LTD.; KNAUF PLASTERBOARD (WUHU) CO. LTD.; GUANDONG KNAUF NEW BUILDING MATERIAL PRODUCTS CO., LTD.; KNAUF INSULATION, GMBH; BEIJING NEW BUILDING MATERIALS PLC; TAISHAN GYPSUM CO., LTD.; TAIAN TAISHAN PLASTERBOARD CO., LTD.; INTERIOR EXTERIOR BUILDING SYPPLY, L.P.; METRO RESOURCES CORPORATION; ALL STAR FOREST PRODUCTS INC.; NORTH PACIFIC GROUP, INC.; PHOENIX IMPORTS CO., LTD.; ROTHCHILT INTERNATIONAL, LTD.; USG CORPORATION; UNITED STATES GYPSUM COMPANY; USG INTERIORS, INC.; FLY SYSTEM, INC.; L&W SUPPLY CORPORATION D/B/A SEACOAST SUPPLY; MAYEAUX CONSTRUCTION, INC.; SOUTHERN HOMES, LLC; AND SUNRISE CONSTRUCTION AND DEVELOPMENT, LLC; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

## ANSWER, EXCEPTIONS, AFFIRMATIVE DEFENSES AND CROSS-CLAIMS OF DEFENDANT L&W SUPPLY CORPORATION d/b/a/ SEACOAST SUPPLY TO PLAINTIFF'S PETITION

1

Defendant, L&W SUPPLY CORPORATION d/b/a SEACOAST SUPPLY ("Defendant" or "L&W Supply"), by and through its undersigned attorneys, hereby files its Answer, Exceptions, Affirmative Defenses and Cross-Claims in response to Plaintiff's Petition regarding allegedly defective Chinese wallboard distributed, sold, and/or installed in homes and other buildings in the State of Louisiana, and says:

1.     Defendant denies the allegations of Paragraph 1 to the extent that they apply to it. The remaining allegations of Paragraph 1 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

2.     In response to Paragraph 2, Defendant admits that in August 2005 and September 2005, Hurricanes Katrina and Rita struck Louisiana.  Defendant admits that buildings in Louisiana were destroyed or damaged by the hurricanes.  Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 2 and, therefore, denies same.

3.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 3 and, therefore, denies the same.

4.     In response to Paragraph 4, Defendant admits that drywall was used in construction projects undertaken as a result of the damaged caused by Hurricane Katrina and Hurricane Rita.

5.     In response to Paragraph 5, Defendant admits that in 2006 it purchased wallboard manufactured in China by Knauf, and further admits, that some of that wallboard was distributed in the State of Louisiana.  Defendant denies that this wallboard is defective.  Defendant's purchases were made at a time when there was a shortage of domestically manufactured wallboard.  Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 5 and, therefore, denies the same.

6.      Defendant denies the allegations of Paragraph 6 to the extent that they apply to it. All other allegations of Paragraph 6 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

7.      Defendant denies the allegations of Paragraph 7 to the extent that they apply to it. All other allegations of Paragraph 7 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

8.      Defendant denies the allegations of Paragraph 8 to the extent that they apply to it. All other allegations of Paragraph 8 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

9.      Defendant denies the allegations of Paragraph 9 to the extent that they apply to it. All other allegations of Paragraph 9 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

10.      Defendant denies the allegations of Paragraph 10 to the extent that they apply to it.   The remaining allegations of Paragraph 10 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

11.      Defendant denies the allegations of Paragraph 11 to the extent that they apply to it.   The remaining allegations of Paragraph 11 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

12.      Defendant denies the allegations of Paragraph 12 to the extent that they apply to it.   The remaining allegations of Paragraph 12 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

13.     Defendant denies the allegations of Paragraph 13 to the extent that they apply to it.   The remaining allegations of Paragraph 13 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

14.     In response to Paragraph 14, Defendant admits that it distributes drywall in the State of Louisiana.  The remaining allegations of Paragraph 14 contain legal conclusions that require no response.  To the extent a response is required to the remaining allegations of Paragraph 14, Defendant denies the same.

15.     Defendant denies the allegations of Paragraph 15 to the extent that it contains any factual allegations directed at it.  The remaining allegations of Paragraph 15 contain legal conclusions that require no response.  To the extent a response is required to the remaining allegations of Paragraph 15, Defendant denies the same.

16.     In response to Paragraph 16, Defendant admits that Knauf Gips is a corporate entity headquartered in Germany.  Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 16 and, therefore, denies the same.

17.     In response to Paragraph 17, Defendant admits, upon information and belief, that Knauf International, Gmbh is a corporation, subsidiary, or other entity affiliated with or related to Knauf Gips.   Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 17 and, therefore, denies the same.

18.     In response to Paragraph 18, Defendant admits, upon information and belief, that Knauf International, Gmbh is affiliated with Knauf Gips. Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 18 and, therefore, denies the same.

19.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 19 and, therefore, denies the same.

4

20.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 20 and, therefore, denies the same.

21.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 21 and, therefore, denies the same.

22.     In response to Paragraph 22, Defendant admits, upon information and belief, that there is a company named Knauf Insulation GmbH, which has facilities in Shelbyville, Indiana. Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 22 and, therefore, denies the same.

23.     In response to Paragraph 23, Defendant admits, upon information and belief, that Knauf has three wallboard manufacturing plants in China, which are located in Wuhu, Tianjin, and Dongguan, and that the manufacture of wallboard in the plants is directly or indirectly controlled by Knauf Gips or its affiliates.  Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 23 and, therefore, denies the same.

24.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 24 and, therefore, denies the same.

25.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 25 and, therefore, denies the same.

26.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 26 and, therefore, denies the same.

27.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 27 and, therefore, denies the same.

28.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 28 and, therefore, denies the same.

29.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 29 and, therefore, denies the same.

30.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 30 and, therefore, denies the same.

31.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 31 and, therefore, denies the same.

32.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 32 and, therefore, denies the same.

33.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 33 and, therefore, denies the same.

34.     In response to Paragraph 34, Defendant admits that USG Corporation is a Delaware corporation with its headquarters located at 550 W. Adams Street, Chicago, Illinois. Defendant further admits that USG Corporation is the parent company of L&W Supply Corporation, United States Gypsum Company, and USG Interiors, Inc. Defendant denies the remaining allegations of Paragraph 34.

35.     In response to Paragraph 35, Defendant admits that United States Gypsum Company is a Delaware corporation, has its headquarters located at 550 W. Adams Street, Chicago, Illinois, and it is authorized to and conducts business in Louisiana. Defendant further states that United States Gypsum Company manufactures wallboard in North America and did not manufacture or sell any Chinese drywall.

36.     In response to Paragraph 36, Defendant admits that it is a Delaware corporation with its headquarters located at 550 W. Adams Street, Chicago, Illinois. Defendant further

admits that it is authorized to and conducts business in Louisiana, and that it conducts business under the name Seacoast Supply in Louisiana.

37.     In response to Paragraph 37, Defendant admits that USG Interiors, Inc. is a Delaware corporation with its headquarters at 550 W. Adams Street, Chicago, Illinois. Defendant further admits that USG Interiors, Inc. conducts business in Louisiana.   USG Interiors, Inc. manufactures ceiling tile and grid and related products.  USG Interiors, Inc. did not manufacture or sell any Chinese drywall.   Defendant denies all allegations not explicitly admitted herein.

38.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 38 and, therefore, denies the same.

39.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 39 and, therefore, denies the same.

40.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 40 and, therefore, denies the same.

41.     Defendant admits the allegations of Paragraph 41.

42.     Defendant admits the allegations of Paragraph 42.

43.     Defendant admits, upon information and belief, the allegations of Paragraph 43.

44.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 44 and, therefore, denies the same.

45.     Defendant admits Paragraph 45.

46.     In response to Paragraph 46, Defendant admits that gypsum board is the generic name for panel-type products consisting of a noncombustible core, primarily of gypsum, with a paper surfacing on the face, back, and long edges. Gypsum board is often called drywall,

wallboard, or plasterboard.   The term "Sheetrock" is a trademark of USG Corporation and properly refers only to a drywall product manufactured by United States Gypsum Company. Generally speaking, in making gypsum wallboard, gypsum must be partially dehydrated or calcined to produce calcium sulfate hemihydrate, commonly called stucco. The calcining process occurs by heating the gypsum, driving off approximately three-fourths of the chemically combined water.  The calcined gypsum is then mixed with water and additives to form a slurry. The additives may include paper fiber, fiberglass, plasticizer, foaming agent, accelerators, starch, retarders, and/or other additives for mold and fire resistance.   Some manufacturers may use foaming agents including alkyl ethoxy sulfates, and dispersing agents or plasticizers such as lignin or naphthalene sulfonates.   The slurry is fed between continuous layers of paper on a wallboard line.  As the board moves down the conveyer line, the calcium sulfate recrystallizes or rehydrates, reverting to a hardened state. The paper becomes chemically and mechanically bonded to the gypsum core. The board is then cut to length and conveyed through dryers to remove any free moisture.  Defendant further states that the specific processes for manufacture of gypsum wallboard vary by manufacturer, and defendant admits only that the foregoing is a general description of how gypsum wallboard is made.  Defendant denies all allegations not explicitly admitted.

47.    Defendant responds to Paragraph 47 by incorporating herein its response to Paragraph 46.

48.    Defendant admits the first sentence of Paragraph 48.  Defendant responds to the second sentence of Paragraph 48 by incorporating herein its response to Paragraph 46.

49.     In response to Paragraph 49, Defendant admits that drywall panels range in thickness from 1/4 inch (6.35mm) to one inch (25.4mm).   Defendant denies all allegations not explicitly admitted.

50.     In response to Paragraph 50, Defendant admits that drywall sold by L&W Supply may be made from mined gypsum, synthetic gypsum, or a combination of both.  Defendant is without information sufficient to answer for other defendants, and therefore denies the allegations as they relate to other defendants.  Defendant denies all allegations not explicitly admitted.

51.     In response to Paragraph 51, Defendant admits that the color of gypsum can vary from white to gray.  Defendant denies all allegations not explicitly admitted.

52.     Defendant responds to Paragraph 52 by incorporating herein its responses to Paragraphs 46 and 50.   Defendant further admits that synthetic gypsum is a raw material sometimes used in the manufacture of gypsum drywall.  Synthetic gypsum is obtained from using limestone and water to "scrub" the emissions from coal-fired power plants.  The end product of the scrubbing process is calcium sulfate, a high-purity mineral identical in chemical composition to mined gypsum ore.  The scrubbing process is also called "flue gas desulfurization," or FGD.

53.     Defendant admits the allegations of Paragraph 53.

54.     Defendant responds to Paragraph 54 by incorporating herein its response to Paragraph 52.

55.     Defendant responds to Paragraph 55 by incorporating herein its response to Paragraph 52.

56.     Defendant responds to Paragraph 56 by incorporating herein its response to Paragraph 52.

57.     Defendant responds to Paragraph 57 by incorporating herein its response to Paragraph 52.

58.     Defendant responds to Paragraph 58 by incorporating herein its response to Paragraph 46.

59.     Defendant responds to Paragraph 59 by incorporating herein its response to Paragraph 46.

60.     Defendant responds to Paragraph 60 by incorporating herein its response to Paragraph 46.

61.     Defendant responds to Paragraph 61 by incorporating herein its response to Paragraph 46.

62.     Defendant responds to Paragraph 62 by incorporating herein its response to Paragraph 46.

63.     Defendant responds to Paragraph 63 by incorporating herein its response to Paragraph 46.

64.     Defendant responds to Paragraph 64 by incorporating herein its response to Paragraph 46.

65.     Defendant denies the allegations of Paragraph 65 to the extent that they apply to it.  The remaining allegations of Paragraph 65 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

66.     Defendant responds to Paragraph 66 by incorporating herein its responses to Paragraphs 46, 50, and 52.

67.     Defendant denies the allegations of Paragraph 67 to the extent the allegations apply to it.

68.     Defendant denies the allegations of Paragraph 68 to the extent that they apply to it.  All other allegations of Paragraph 68 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

69.     Defendant denies the allegations of Paragraph 69 to the extent that they apply to it.  All other allegations of Paragraph 69 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

70.     The allegations of Paragraph 70 relate to testing conducted by or on behalf of various government agencies and these tests speak for themselves.  Defendant denies that Paragraph 70 accurately and completely describes the results of those tests.

71.     Defendant denies the allegations of Paragraph 71 to the extent they purport to apply to Defendant.  Defendant is aware of studies prior to this lawsuit relating to sulfide emissions from landfills containing gypsum wallboard but not studies relating to installed wallboard.

72.     Defendant responds to Paragraph 72 by incorporating herein its response to Paragraph 71.

73.     Defendant responds to Paragraph 73 by incorporating herein its response to Paragraph 71.

74.     Paragraph 74 contains allegations about statements supposedly made by the general counsel for Defendant Knauf Gips. Defendant L&W Supply lacks information sufficient to admit or deny the allegations of Paragraph 74 and, therefore, denies the same.

75.     Paragraph 75 contains allegations about an unidentified number of "published reports" speculating about how wallboard in China is made.   Defendant lacks information sufficient to admit or deny the allegations of Paragraph 75 and, therefore, denies the same.

76.     Defendant L&W Supply lacks information sufficient to admit or deny the allegations of Paragraph 76 and, therefore, denies the same.

77.     Paragraph 77 contains allegations about statements supposedly made by "Knauf entities."  Defendant L&W Supply lacks information sufficient to admit or deny the allegations of Paragraph 77 and, therefore, denies the same.

78.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 78 and, therefore, denies the same.

79.     Defendant denies the allegations of Paragraph 79.

80.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 80 and, therefore, denies the same.

81.     Defendant denies the allegations of Paragraph 81.

82.     Defendant denies the allegations of Paragraph 82.

83.     Defendant denies the allegations of Paragraph 83.

84.     Defendant denies the allegations of Paragraph 84.

85.     Defendant denies the allegations of Paragraph 85.

86.     Defendant denies the allegations of Paragraph 86.

87.     Defendant denies the allegations of Paragraph 87.

88.     Defendant denies the allegations of Paragraph 88.

89.     In response to Paragraph 89, Defendant admits that in 2006 it purchased wallboard manufactured in China by Knauf, and further admits that a portion of that wallboard

was imported into the State of Louisiana.  About 9,600 sheets of this wallboard were trucked to Defendant's distribution center in Jefferson, Louisiana.  Defendant denies that this wallboard is defective.  Defendant's purchases were made at a time when there was a shortage of domestically manufactured wallboard.  Defendant denies the allegations of this paragraph not explicitly admitted.

90.    Defendant responds to Paragraph 90 by incorporating herein its response to Paragraph 89.

91.    Defendant responds to Paragraph 91 by incorporating herein its response to Paragraph 89.

92.    Defendant responds to Paragraph 92 by incorporating herein its response to Paragraph 89.

93.    Defendant lacks information sufficient to admit or deny the allegations of Paragraph 93 and, therefore, denies the same.

94.    Defendant lacks information sufficient to admit or deny the allegations of Paragraph 94 and, therefore, denies the same.

95.    In response to Paragraph 95, Defendant admits that Knauf Gips, through its affiliates, is a manufacturer of building materials, including drywall, and is headquartered in Germany.  Defendant admits that Knauf Gips, through its affiliates, sold drywall in the United States, including Louisiana.  Defendant further admits that Knauf affiliates manufacture and sell insulation products in the United States.  Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 95 and, therefore, denies the same.

96.    Defendant responds to Paragraph 96 by incorporating herein its response to Paragraph 23.

97.     Defendant responds to Paragraph 97 by incorporating herein its response to Paragraph 23.

98.     Defendant responds to Paragraph 98 by incorporating herein its response to Paragraph 23.

99.     Defendant responds to Paragraph 99 by incorporating herein its response to Paragraph 23.

100.    Defendant responds to Paragraph 100 by incorporating herein its response to Paragraph 23.

101.    Defendant responds to Paragraph 101 by incorporating herein its response to Paragraph 23.

102.    Defendant responds to Paragraph 102 by incorporating herein its response to Paragraph 23.

103.    Paragraph 103 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

104.    Paragraph 104 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

105.    Paragraph 105 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

106.    Defendant admits, upon information and belief, the allegations contained in the first sentence of Paragraph 106. Defendant admits that in April and May 2006 the ship Yong an Cheng delivered to the United States shipments of drywall manufactured by Knauf plants in Wuhu and Dongguan.  Defendant admits that it is the leading specialty building products distribution business in the United States and that Gebr. Knauf Verwaltungsgesellschaft KG was

a shareholder of USG Corporation.   In December 2009, the shares owned by Gebr. Knauf Verwaltungsgesellschaft KG were transferred to C&G Verwaltungs GmbH, an indirect subsidiary of Gebr. Knauf Verwaltungsgesellschaft KG.   Defendant denies any allegations of Paragraph 106 not explicitly admitted.

107.   Defendant lacks information sufficient to admit or deny the allegations of Paragraph 107 and, therefore, denies the same.

108.   Paragraph 108 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

109.   Paragraph 109 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

110.   Paragraph 110 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

111.   Defendant denies Paragraph 111 to the extent that it alleges that the drywall it distributed in Louisiana was defective.  The remaining allegation of Paragraph 111 contain legal conclusions and/or factual allegations regarding another defendant that require no response.

112.   Defendant denies Paragraph 112 to the extent that it alleges that the drywall distributed by L&W Supply in Louisiana was defective.  The remaining allegation of Paragraph 112 contain legal conclusions and/or factual allegations regarding another defendant that require no response.

113.   Paragraph 113 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

114.   Paragraph 114 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

115.    Paragraph 115 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

116.    Paragraph 116 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

117.    Paragraph 117 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

118.    Paragraph 118 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

119.    Paragraphs 119 through 137 contain allegations about transactions involving Knauf entities and Defendant Interior Exterior Building Supply, L.P.   Defendant lacks information sufficient to admit or deny those allegations and, therefore, denies same.

120.    Defendant responds to Paragraph 120 by incorporating herein its response to Paragraph 119.

121.    Defendant responds to Paragraph 121 by incorporating herein its response to Paragraph 119.

122.    Defendant responds to Paragraph 122 by incorporating herein its response to Paragraph 119.

123.    Defendant responds to Paragraph 123 by incorporating herein its response to Paragraph 119.

124.    Defendant responds to Paragraph 124 by incorporating herein its response to Paragraph 119.

125.    Defendant responds to Paragraph 125 by incorporating herein its response to Paragraph 119.

126.    Defendant responds to Paragraph 126 by incorporating herein its response to Paragraph 119.

127.    Defendant responds to Paragraph 127 by incorporating herein its response to Paragraph 119.

128.    Defendant responds to Paragraph 128 by incorporating herein its response to Paragraph 119.

129.    Defendant responds to Paragraph 129 by incorporating herein its response to Paragraph 119.

130.    Defendant responds to Paragraph 130 by incorporating herein its response to Paragraph 119.

131.    Defendant responds to Paragraph 131 by incorporating herein its response to Paragraph 119.

132.    Defendant responds to Paragraph 132 by incorporating herein its response to Paragraph 119.

133.    Defendant responds to Paragraph 133 by incorporating herein its response to Paragraph 119.

134.    Defendant responds to Paragraph 134 by incorporating herein its response to Paragraph 119.

135.    Defendant responds to Paragraph 135 by incorporating herein its response to Paragraph 119.

136.    Defendant responds to Paragraph 136 by incorporating herein its response to Paragraph 119.

137.    Defendant responds to Paragraph 137 by incorporating herein its response to Paragraph 119.

138.    Defendant lacks information sufficient to admit or deny the allegations of Paragraph 138 and, therefore, denies the same.

139.    Defendant lacks information sufficient to admit or deny the allegations of Paragraph 139 and, therefore, denies the same.

140.    Defendant lacks information sufficient to admit or deny the allegations of Paragraph 140 and, therefore, denies the same.

141.    Defendant states that ASTM specifications speak for themselves; thus, the allegations of Paragraph 141 require no response from this Defendant.

142.    Defendant denies Paragraph 142 to the extent that it alleges that the drywall Defendant distributed in Louisiana was defective and further denies that the drywall distributed by Defendant failed to meet ASTM standards.   The remaining allegation of Paragraph 142 contain legal conclusions and/or factual allegations regarding another defendant that require no response.

143.    In response to Paragraph 143, Defendant L&W Supply admits that it is a distributor of drywall.  Defendant further admits that it received one shipment of drywall from Knauf's plant in Dongguan to the Port of New Orleans, and that this shipment consisted of approximately 82,500 sheets of drywall, of which only approximately 9,600 sheets were trucked to Defendant's distribution center in Jefferson, Louisiana.   Defendant denies the remaining allegations of Paragraph 143.

144.    Paragraph 144 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

145.     Paragraph 145 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

146.     Paragraph 146 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

147.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 147 and, therefore, denies the same.

148.     Paragraph 148 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

149.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 149 and, therefore, denies the same.

150.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 150 and, therefore, denies the same.

151.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 151 and, therefore, denies the same.

152.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 152 and, therefore, denies the same.

153.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 153 and, therefore, denies the same.

154.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 154 and, therefore, denies the same.

155.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 155 and, therefore, denies the same.

156.  Defendant lacks information sufficient to admit or deny the allegations of Paragraph 156 and, therefore, denies the same.

157.  Defendant lacks information sufficient to admit or deny the allegations of Paragraph 157 and, therefore, denies the same.

158.  Defendant lacks information sufficient to admit or deny the allegations of Paragraph 158 and, therefore, denies the same.

159.  Defendant lacks information sufficient to admit or deny the allegations of Paragraph 159 and, therefore, denies the same.

160.  Defendant lacks information sufficient to admit or deny the allegations of Paragraph 160 and, therefore, denies the same.

161.  Paragraph 161 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

162.  Paragraph 162 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

163.  Paragraph 163 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

164.  Paragraph 164 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

165.  Paragraph 165 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

166.  Paragraph 166 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

167.   Paragraph 167 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

168.   Paragraph 168 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

169.   Paragraph 169 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

170.   Paragraph 170 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

171.   Defendant denies the allegations of Paragraph 171 to the extent that they apply to it or any wallboard it distributed in Louisiana.   Defendant further denies the allegations of Paragraph 171 to the extent they apply to the "USG entities."   The remaining allegations of Paragraph 171 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

172.   Defendant denies the allegations of Paragraph 172 to the extent that they apply to it.   The remaining allegations of Paragraph 172 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

173.   Defendant lacks information sufficient to admit or deny the allegations of Paragraph 173 and, therefore, denies the same.

174.   Defendant lacks information sufficient to admit or deny the allegations of Paragraph 174 and, therefore, denies the same.

175.   Defendant denies the allegations of Paragraph 175.

176.   Defendant denies the allegations of Paragraph 176.

177.   Defendant denies the allegations of Paragraph 177.

178.     Defendant admits the general allegation that it is preferable to have Medicaid and Medicare programs operated in an efficient and cost-effective manner.   Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 178 and, therefore, denies the same.

179.     Defendant denies the allegations of Paragraph 179.

180.     Defendant denies the allegations of Paragraph 180.

181.     Defendant denies the allegations of Paragraph 181.

182.     Defendant denies the allegations of Paragraph 182 to the extent that they apply to it or any drywall it distributed in Louisiana.  The remaining allegations of Paragraph 182 contain legal conclusions and/or factual allegations regarding other defendants or third parties unrelated to Defendant that require no response.

183.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 183 and, therefore, denies the same.

184.     Defendant denies the allegations of Paragraph 184 to the extent that they apply to it or any drywall it distributed in Louisiana.  The remaining allegations of Paragraph 184 contain legal conclusions and/or factual allegations regarding other defendants or third parties unrelated to Defendant that require no response.

185.     Defendant denies the allegations of Paragraph 185 to the extent that they apply to it or any drywall it distributed in Louisiana.  The remaining allegations of Paragraph 185 contain legal conclusions and/or factual allegations regarding other defendants or third parties unrelated to Defendant that require no response.

186.     Defendant denies the allegations of Paragraph 186 to the extent that they apply to it or any drywall it distributed in Louisiana.  The remaining allegations of Paragraph 186 contain

legal conclusions and/or factual allegations regarding other defendants or third parties unrelated to Defendant that require no response.

187.     Defendant denies the allegations of Paragraph 187 to the extent that they apply to it or any drywall it distributed in Louisiana.  The remaining allegations of Paragraph 187 contain legal conclusions and/or factual allegations regarding other defendants or third parties unrelated to Defendants that require no response.

188.     Defendant denies the allegations of Paragraph 188 to the extent that they apply to it or any drywall it distributed in Louisiana.  The remaining allegations of Paragraph 188 contain legal conclusions and/or factual allegations regarding other defendants or the State of Louisiana that require no response.

189.     Defendant denies the allegations of Paragraph 189 to the extent that they apply to it or any drywall it distributed in Louisiana.  The remaining allegations of Paragraph 189 contain legal conclusions and/or factual allegations regarding other defendants, the State of Louisiana, or third parties unrelated to Defendant that require no response.

190.     Defendant denies the allegations of Paragraph 190 to the extent that they apply to it.  The remaining allegations of Paragraph 190 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

191.     Defendant denies the allegations of Paragraph 191 to the extent that they apply to it or any drywall it distributed in Louisiana.  The remaining allegations of Paragraph 191 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

192.     The allegations of Paragraph 192 and its subparts are in the nature of a request for relief and require no response.  To the extent a response is required to any allegations in Paragraph 192, Defendant denies the same.

193.    Defendant denies the allegations of Paragraph 193 to the extent that it contains any factual allegations directed at it.  The remaining allegations of Paragraph 193 contain legal conclusions that require no response.  To the extent a response is required to the remaining allegations of Paragraph 193, Defendant denies the same.

194.    Paragraph 194 contains legal conclusions that require no response.  To the extent a response is required to the remaining allegations of Paragraph 194, Defendant denies the same.

195.    Paragraph 195 contains legal conclusions that require no response.  To the extent a response is required to the remaining allegations of Paragraph 195, Defendant denies the same.

196.    Defendant denies the allegations of Paragraph 196, including its subparts, to the extent that it contains any factual allegations directed at it.  The remaining allegations of Paragraph 196 and its subparts are in the nature of a request for relief and require no response. To the extent a response is required to any allegations in Paragraph 196, Defendant denies the same.

197.    Defendant denies the allegations of Paragraph 197, including its subparts, to the extent that it contains any factual allegations directed at it.  The remaining allegations of Paragraph 197 and its subparts are in the nature of a request for relief and require no response. To the extent a response is required to any allegations in Paragraph 197, Defendant denies the same.

198.    In response to Paragraph 198, Defendant admits that numerous lawsuits have been filed by plaintiffs claiming that their homes contain defective drywall manufactured in China, and that federal lawsuits asserting such claims have been consolidated in a Multi-District Litigation bearing docket number 2:09-md-02047.  The remaining allegations of Paragraph 198 and its subparts contain legal conclusions that require no response.  To the extent a response is

required to the remaining allegations of Paragraph 198 and its subparts, Defendant denies the same.

199.    Defendant denies the allegations of Paragraph 199 to the extent that they apply to it or any drywall it distributed in Louisiana.  The remaining allegations of Paragraph 199 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

200.    Defendant denies the allegations of Paragraph 200 to the extent that they apply to it or any drywall it distributed in Louisiana.  The remaining allegations of Paragraph 200 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

201.    Defendant denies the allegations of Paragraph 201 to the extent that they apply to it or any drywall it distributed in Louisiana.  The remaining allegations of Paragraph 201 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

202.    Defendant denies the allegations of Paragraph 202 to the extent that they apply to it.   The remaining allegations of Paragraph 202 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

203.    Defendant denies the allegations of Paragraph 203 to the extent that they apply to it.   The remaining allegations of Paragraph 203 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

204.    Paragraph 204 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

205.    Defendant admits that Plaintiff has asserted a cause of action under La. Rev. Stat. § 51:1401, *et. seq.* in Paragraph 205.  Defendant denies any remaining allegations contained in Paragraph 205.

206.     Defendant denies the allegations of Paragraph 206 to the extent that they apply to it.     The remaining allegations of Paragraph 206 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

207.     Defendant denies the allegations of Paragraph 207 to the extent that they apply to it.     The remaining allegations of Paragraph 207 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

208.     Defendant denies the allegations of Paragraph 208 to the extent that they apply to it.     The remaining allegations of Paragraph 208 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

209.     Defendant denies the allegations of Paragraph 209 to the extent that they apply to it.     The remaining allegations of Paragraph 209 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

210.     Defendant denies the allegations of Paragraph 210 to the extent that they apply to it or any drywall it distributed in Louisiana.  The remaining allegations of Paragraph 210 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

211.     Defendant denies the allegations of Paragraph 211 to the extent that they apply to it.     The remaining allegations of Paragraph 211 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

212.     Defendant denies the allegations of Paragraph 212 to the extent that they apply to it.     The remaining allegations of Paragraph 212 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

213.    Defendant denies the allegations of Paragraph 213 to the extent that they apply to it.   The remaining allegations of Paragraph 213 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

214.    Defendant denies the allegations of Paragraph 214 to the extent that they apply to it or any drywall it distributed in Louisiana.  The remaining allegations of Paragraph 214 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

215.    Defendant denies the allegations of Paragraph 215 to the extent that they apply to it.   The remaining allegations of Paragraph 215 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

216.    Defendant denies the allegations of Paragraph 216 to the extent that they apply to it.   The remaining allegations of Paragraph 216 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

217.    Defendant denies the allegations of Paragraph 217 to the extent that they apply to it.   The remaining allegations of Paragraph 217 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

218.    Paragraph 218 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

219.    Paragraph 219 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

220.    Paragraph 220 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

221.    Paragraph 221 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

222.    Paragraph 222 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

223.    Paragraph 223 contains legal conclusions that require no response. To the extent a response is required to the allegations of Paragraph 223, Defendant denies the same.

224.    Paragraph 224 contains legal conclusions that require no response. To the extent a response is required to the allegations of Paragraph 224, Defendant denies the same.

225.    Defendant denies the allegations of Paragraph 225 to the extent that they apply to it. The remaining allegations of Paragraph 225 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

226.    Defendant denies the allegations of Paragraph 226 to the extent that they apply to it. The remaining allegations of Paragraph 226 contain legal conclusions and/or factual allegations regarding other defendants, the State of Louisiana, and third parties unrelated to Defendant that require no response.

227.    Defendant denies the allegations of Paragraph 227 to the extent that they apply to it. The remaining allegations of Paragraph 227 contain legal conclusions and/or factual allegations regarding other defendants, the State of Louisiana, and third parties unrelated to Defendant that require no response.

228.    Paragraph 228 and its subparts contains legal conclusions that require no response. To the extent a response is required to the allegations of Paragraph 228 and its subparts, Defendant denies the same.

229.    Defendant denies the allegations of Paragraph 229 to the extent that they apply to it. The remaining allegations of Paragraph 229 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

230.    Defendant denies the allegations of Paragraph 230 to the extent that they apply to it.   The remaining allegations of Paragraph 230 contain legal conclusions and/or factual allegations regarding other defendants, the State of Louisiana, and third parties unrelated to Defendant that require no response.

231.    Defendant denies the allegations of Paragraph 231 to the extent that they apply to it.   The remaining allegations of Paragraph 231 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

232.    Paragraphs 232 through 241 contain allegations regarding transactions involving Interior Exterior Building Supply, L.P.  Defendant lacks information sufficient to admit or deny the allegations of these Paragraphs and, therefore, denies same.

233.    Defendant responds to Paragraph 233 by incorporating herein its response to Paragraph 232.

234.    Defendant responds to Paragraph 234 by incorporating herein its response to Paragraph 232.

235.    Defendant responds to Paragraph 235 by incorporating herein its response to Paragraph 232.

236.    Defendant responds to Paragraph 236 by incorporating herein its response to Paragraph 232.

237.    Defendant responds to Paragraph 237 by incorporating herein its response to Paragraph 232.

238.    Defendant responds to Paragraph 238 by incorporating herein its response to Paragraph 232.

239.    Defendant responds to Paragraph 239 by incorporating herein its response to Paragraph 232.

240.    Defendant responds to Paragraph 240 by incorporating herein its response to Paragraph 232.

241.    Defendant responds to Paragraph 241 by incorporating herein its response to Paragraph 232.

242.    Paragraph 242 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

243.    Paragraph 243 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

244.    Paragraph 244 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

245.    Paragraph 245 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

246.    Paragraph 246 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

247.    Paragraph 247 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

248.    Paragraph 248 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

249.    Paragraph 249 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

250. Paragraph 250 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

251. Defendant responds to Paragraph 251 by incorporating herein its responses to Paragraphs 232 through 250.

252. Paragraph 252 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

253. Paragraph 253 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

254. Paragraph 254 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

255. Defendant denies the allegations of Paragraph 255 to the extent that they apply to it. The remaining allegations of Paragraph 255 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

256. Defendant denies the allegations of Paragraph 256 to the extent that they apply to it. The remaining allegations of Paragraph 256 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

257. Defendant denies the allegations of Paragraph 257 to the extent that they apply to it. The remaining allegations of Paragraph 257 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

258. Defendant denies the allegations of Paragraph 258 to the extent that they apply to it. The remaining allegations of Paragraph 258 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

259.    Defendant denies the allegations of Paragraph 259 to the extent that they apply to it.    The remaining allegations of Paragraph 259 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

260.    Defendant denies the allegations of Paragraph 260 to the extent that they apply to it.    The remaining allegations of Paragraph 260 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

261.    Defendant denies the allegations of Paragraph 261 to the extent that they apply to it.    The remaining allegations of Paragraph 261 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

262.    Defendant denies the allegations of Paragraph 262 to the extent that they apply to it.    The remaining allegations of Paragraph 262 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

263.    Defendant denies the allegations of Paragraph 263 to the extent that they apply to it.    The remaining allegations of Paragraph 263 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

264.    Paragraph 264 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

265.    Paragraph 265 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

266.    Paragraph 266 contains legal conclusions and/or factual allegations regarding another defendant that require no response.

267. Defendant denies the allegations of Paragraph 267 to the extent that they apply to it. The remaining allegations of Paragraph 267 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

268. Defendant denies the allegations of Paragraph 268 to the extent that they apply to it. The remaining allegations of Paragraph 268 contain legal conclusions and/or factual allegations regarding other defendants that require no response.

269. To the extent the Prayer for Relief is deemed to contain any allegations against Defendant, Defendant denies the same.

270. Any and all allegations, claims, contentions, and/or demands contained in Plaintiff's Petition, which are not expressly and specifically admitted, modified, or explained by this Defendant in this Answer, Exceptions, Affirmative Defenses, and Cross-Claims, are hereby expressly denied, including but not limited to the allegations contained in unnumbered paragraphs at the beginning of Plaintiff's Petition.

## EXCEPTIONS

271. Defendant excepts to the Petition for Damages on the ground that the Petition fails to state a valid claim against Defendant.

272. Plaintiff has no right or cause of action against Defendant.

## FIRST DEFENSE

273. Plaintiff's Petition for Damages fails to state a claim against Defendant.

## SECOND DEFENSE

274. Any damages alleged to have been sustained by Plaintiff were caused in whole or in part by the acts or omissions of persons other than this Defendant, including but not limited to

the manufacturer of any Chinese drywall at issue in this lawsuit, over whom this Defendant had and has no control or by superseding intervening causes outside the control of this Defendant.

### THIRD DEFENSE

275.     Recovery of some or all of the damages alleged to have been sustained by Plaintiff is barred by the economic loss doctrine or its statutory or common law equivalent.

### FOURTH DEFENSE

276.     The terms, provisions, and conditions, including but not limited to any warranty provisions, of any and all contracts entered into between Defendant and any other parties operate as a bar to all or part of Plaintiff's claims.

### FIFTH DEFENSE

277.     Plaintiff's claims are barred, in whole or in part, by their absence of privity with Defendant and lack of standing to pursue a *parens patriae* action, as this action is a disguised class action duplicating claims that have been asserted in numerous lawsuits.

### SIXTH DEFENSE

278.     Plaintiff has failed to mitigate its damages and failed to afford Defendant the opportunity to repair any alleged redhibitory defect.

### SEVENTH DEFENSE

279.     Defendant is not a manufacturer of Chinese drywall and had no knowledge of any alleged redhibitory defects.

### EIGHTH DEFENSE

280.     Plaintiff's claims are barred or has lapsed, in whole or in part, by the applicable statute of limitations, statute of repose, prescription period, or the doctrine of laches, because the lawsuit was initiated more than four years after delivery of the wallboard.

34

### NINTH DEFENSE

281.    Defendant was not aware and could not reasonably have been aware of the existence of any alleged defect at the time that it sold the drywall it distributed in the State of Louisiana. Moreover, Defendant did not hold out as its own any drywall purchased from Knauf.

### TENTH DEFENSE

282.    To the extent that Plaintiff prays for punitive, exemplary, or otherwise enhanced damages, Defendant invokes its right under the due process clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution.

### ELEVENTH DEFENSE

283.    The chosen venue in this action is improper.

### TWELFTH DEFENSE

284.    Defendant incorporates herein by reference each and every exception and affirmative defense pleaded by similarly-situated defendants.

### CROSS-CLAIMS AGAINST KNAUF GIPS KG; KNAUF INTERNATIONAL GMBH; KNAUF PLASTERBOARD (TIANJIN) CO., LTD.; KNAUF PLASTERBOARD (WUHU) CO., LTD.; GUANDONG KNAUF NEW BUILDING MATERIAL PRODUCTS CO. LTD.; AND KNAUF INSULATION, GMBH

### FIRST CROSS-CLAIM

285.    Defendant incorporates herein all of the foregoing responses that are relevant to this cross-claim.

286.    For a further defense and as a cross-claim, Defendant asserts a claim against Knauf Gips KG, Knauf International GmBh, Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guandong Knauf New Building Material Products Co., and

Knauf Insulation, GmBh, along with all other applicable affiliates and related entities (collectively hereafter "Knauf") for breach of express warranties.

287.    Defendant purchased a certain quantity of gypsum drywall manufactured by Knauf.

288.    Knauf expressly warranted the gypsum drywall Defendant purchased from Knauf would be free of defects and fit for the ordinary purpose for which gypsum drywall is used.

289.    Without admitting any liability or damages to the Plaintiff, if it is shown that the drywall manufactured and sold to Defendant by Knauf was defective and not fit for the ordinary purpose for which gypsum drywall is used, then Knauf is liable to Defendant for breach of the express warranty.

290.    As a direct and proximate result of Knauf's breach of express warranties, Defendant has incurred damages in that it has been required to respond to homeowner complaints and to defend this action.  Further, Defendant will likely continue to incur additional costs in responding to homeowner complaints and defending this action.

## SECOND CROSS-CLAIM

291.    Defendant incorporates herein all of the foregoing responses that are relevant to this cross-claim.

292.    For a further defense and as a cross-claim, Defendant asserts a claim against Knauf for breach of implied warranty of merchantability under the common law and/or applicable state statutes.

293.    Knauf is a merchant of gypsum drywall.

294.    Defendant purchased from Knauf a certain quantity of gypsum drywall manufactured by Knauf.

295.    Pursuant to the applicable state statutes and/or the common law, Knauf warranted that the gypsum drywall was merchantable and fit for the ordinary purpose for which gypsum drywall is used.

296.    Without admitting any liability or damages to the Plaintiff, if it is shown that the drywall manufactured and sold by Knauf was defective and not fit for the ordinary purpose for which gypsum drywall is used, then Knauf is liable to Defendant for breach of implied warranty.

297.    As a direct and proximate result of Knauf's breach of the implied warranty of merchantability, Defendant has incurred damages in that it has been required to respond to homeowner complaints and to defend this action.  Further, Defendant will likely continue to incur additional costs in responding to homeowner complaints and defending this action.

## THIRD CROSS-CLAIM

298.    Defendant incorporates herein all of the foregoing responses that are relevant to this cross-claim.

299.    For a further defense and as a cross-claim, Defendant asserts a claim against Knauf for equitable and/or common law indemnification.

300.    Without admitting any liability or damages to the Plaintiff, Knauf is solely responsible and liable for any allegedly wrongful acts committed against the Plaintiff with regard to the allegations of Plaintiff's Petition.

301.    Without admitting any liability or damages to the Plaintiff, Knauf is solely liable for any damages allegedly suffered by Plaintiff and, if Defendant is required to pay any damages to the Plaintiff, Defendant is entitled to be indemnified, based on the doctrines of equitable and/or common law indemnification, by Knauf for any damages.

## FOURTH CROSS-CLAIM

302.   Defendant incorporates herein all of the foregoing responses that are relevant to this cross-claim.

303.   For a further defense and as a cross-claim, Defendant asserts a claim for redhibitory defect against Knauf pursuant to La. Civ. Code Ann. § 2531.

304.   Knauf is the manufacturer of the Chinese wallboard distributed by Defendant in the State of Louisiana.

305.   Without admitting any liability or damages to the Plaintiff, any defect in the wallboard purchased from Knauf existed at the time it was delivered to Defendant.

306.   Without admitting any liability or damages to the Plaintiff, Knauf is solely liable for any damages allegedly suffered by Plaintiff and, if Defendant is required to pay any damages to the Plaintiff, Defendant is entitled to recovery from Knauf.

307.   This Defendant reserves the right to amend its Answer, Affirmative Defenses, and Cross-Claims as investigation and discovery may reveal.

WHEREFORE, having fully answered the Plaintiff's Petition, Defendant L&W Supply Corporation prays the Court that:

a)      Plaintiff recover nothing from Defendant and that judgment be entered in Defendant's favor;

b)      the costs of this action, including attorney's fees and costs that may be allowed by statute, be taxed against Plaintiff;

c)      if Plaintiff recovers any amount from Defendant, that Defendant be granted the relief prayed for in its Cross-Claims against Knauf; and

d)     Defendant have such other and further relief as the Court may deem just and

proper.

/s/ Robert E. Kerrigan, Jr.
Robert E. Kerrigan, Jr. (LA Bar #7350)
Marc J. Yellin (LA Bar #13741)
DEUTSCH KERRIGAN & STILES, L.L.C.
755 Magazine Street
New Orleans, LA  70130
Telephone: (504) 593-0619
Facsimile:  (504) 566-1201
rkerrigan@dkslaw.com
myellin@dkslaw.com

W. David Conner (SC Bar # 66358)
Moffatt G. McDonald (SC Bar # 3784)
Charles Sprinkle (SC Bar # 70630)
Christopher B. Major (SC Bar # 72872)
HAYNSWORTH SINKLER BOYD, P.A.
P.O. Box 2048
Greenville, SC  29602
Telephone: (864) 240-3226
Facsimile:  (864) 240-3300
dconner@hsblawfirm.com
mgmcdonald@hsblawfirm.com
csprinkle@hsblawfirm.com
cmajor@hsblawfirm.com

Attorneys for Defendant L&W Supply Corporation

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing Answer, Exceptions,

Affirmative Defenses and Cross-Claims of Defendant L&W Supply Corporation d/b/a Seacoast

Supply to Plaintiff's Petition has been forwarded to all counsel of record via the CM/ECF e-mail

notification system on this 16th day of March, 2010.

/s/ Robert E. Kerrigan, Jr.