**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>Gross, et al. v. Knauf GIPS KG, et. al., Case No. 2:09-cv-6690 (E.D.La.) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDICIAL ASSISTANCE FOR PURPOSES OF SERVING AMENDED CLASS ACTION COMPLAINT ON FOREIGN DEFENDANT**

**I.    INTRODUCTION**

Plaintiffs, by and through their counsel, hereby submit this memorandum of law in support of Plaintiffs' motion for judicial assistance for purposes of serving the Amended Class Action Complaint ("Complaint") on a foreign defendant. One of the defendants named in Plaintiffs' Complaint, Knauf Plasterboard (Dongguan) Co., Ltd., has refused to accept service of process in *Vickers, et al. v. Knauf GIPS KG, et. al.*, Case No. 2:09-cv-04117 (E.D.La.), as it claims its registered name is "Guangdong Knauf New Building Materials Products Co., Ltd." Since it is anticipated that Guangdong Knauf New Building Materials Products Co., Ltd. will refuse service of Plaintiffs' Complaint for this same reason, Plaintiffs respectfully request that the Court grant the instant motion and deem the Complaint to state "Guangdong Knauf New Building Materials Products Co., Ltd." in all instances where "Knauf Plasterboard (Dongguan) Co., Ltd." appears.

**II.    FACTS**

Plaintiffs are the owners of properties with defectively manufactured Chinese drywall that cannot be traced to a particular manufacturer (*i.e.*, since the drywall in their homes either has no markings or markings that fail to provide any meaningful information for purposes of identifying

the manufacturer).  Since Plaintiffs have been unable to identify the manufacturers and/or the other parties in the chain of distribution of the drywall, Plaintiffs instituted a class action asserting an alternative liability theory against some eighty-eight parties thought to be responsible for the manufacture and/or the distribution and supply of the defective drywall.[1]  Knauf Gips KG; Knauf Plasterboard (Tianjin) Co., Ltd.; Knauf Plasterboard (Wuhu) Co., Ltd.; Knauf Plasterboard (Dongguan) Co., Ltd. (collectively "Knauf") are among the eighty-eight defendants who are named in the Complaint.[2]

As with the many other complaints that have been filed in this litigation, Plaintiffs' Complaint names Knauf Plasterboard (Dongguan) Co., Ltd. as a defendant.  Plaintiffs have since come to learn that this defendant has refused to accept service of process in *Vickers*, *supra*, as the defendant claims its registered name is "Guangdong Knauf New Building Materials Products Co., Ltd."  *See* Proof of Service in *Vickers*, attached hereto as Exhibit "A".  Despite this refusal to accept service in *Vickers*, Plaintiffs were understandably confused about the proper name of the defendant since Knauf's website lists Knauf Plasterboard (Dongguan) Co., Ltd. as a viable corporate entity. *See* printout from Knauf's website, attached hereto as Exhibit "B".

---

[1] Plaintiffs complaint was originally filed on October 13, 2009.  Plaintiffs filed the Amended Class Action Complaint a few days later on October 19, 2009.

[2] The Complaint asserts claims against defendants for negligence, negligence per se, breach of express and/or implied warranty, private nuisance, negligent discharge of corrosive substance, unjust enrichment, violation of the Consumer Protection Acts, and for equitable and injunctive relief and medical monitoring.

## III. **ARGUMENT**

The proposed order granting Plaintiffs' motion for judicial assistance is necessary to avoid additional expense and delay in serving the Complaint on Guangdong Knauf New Building Materials Products Co., Ltd. As in the other actions that have been filed in this litigation, Plaintiffs anticipate that they will experience considerable difficulty in serving the foreign defendants in large measure due to the constraints imposed by the Hague Convention.

These rigid procedures have already caused Plaintiffs to incur significant expenses in the nature of having the Complaint translated into multiple different languages for service. After the Complaint was fully translated, these same Hague procedures put Plaintiffs at the mercy of foreign governmental authorities who are responsible for serving the Complaint on the foreign defendants. Although the Complaint was sent abroad for service on the Chinese defendants on January 13, 2010, none of these defendants have been served. Nor have Plaintiffs been advised of Guangdong Knauf New Building Materials Products Co., Ltd.'s refusal to accept service of the Complaint. For this reason, Plaintiffs anticipate a significant delay before the Complaint is served on Guangdong Knauf New Building Materials Products Co., Ltd. and other foreign defendants.[3][4]

Added to all of this delay and expense is the confusion caused by Knauf's own website. Knauf's website misidentified Guangdong Knauf New Building Materials Products Co., Ltd. as

---

[3] For instance, although the *Vickers* complaint was sent abroad for service on Knauf Plasterboard (Dongguan) Co., Ltd. on May 6, 2009, *see* Correspondence dated February 4, 2010 from Josh Cobb to Jennifer Lascio at pages 1-2, attached hereto as Exhibit "C", Plaintiffs did not learn of Guangdong Knauf New Building Materials Products Co., Ltd.'s refusal to accept service until January 27, 2010. *See* Proof of Service. More to the point, even though the governmental authority responsible for serving the *Vickers* complaint on Guangdong Knauf New Building Materials Products Co., Ltd. was alerted that it had refused to accept service back on June 24, 2009, it did not notify Plaintiffs of this fact until some seven months later on January 27, 2010.

[4] Indeed, the Plaintiffs' Steering Committee (the "PSC") has been forced to file motions to extend/stay the 120 day period for service of process in other cases in large measure due to the delays that have been experienced in serving the foreign defendants.

Knauf Plasterboard (Dongguan) Co., Ltd. Therefore, it would seem obvious that Guangdong Knauf New Building Materials Products Co., Ltd.'s refusal to accept service in *Vickers* is another effort to take advantage of the delay and expense attributable to the Hague service procedures. Since it is anticipated that Guangdong Knauf New Building Materials Products Co., Ltd. will raise this same objection to service of Plaintiffs' Complaint, the misidentification of Guangdong Knauf New Building Materials Products Co., Ltd. as Knauf Plasterboard (Dongguan) Co., Ltd. takes on added significance. Allowing Guangdong Knauf New Building Materials Products Co., Ltd. to take advantage of the misidentification will only result in additional delay and expense to Plaintiffs. Such a result would be inequitable.

By forcing Plaintiffs to amend the Complaint, Plaintiffs will lose the benefit of all that has been accomplished in the five months that have elapsed since the Complaint was filed. If the past is a prelude to the future, repeating these steps is likely to delay the service of the Complaint on Guangdong Knauf New Building Materials Products Co., Ltd., *i.e.*, since Plaintiffs will need to file and get approval of a motion to amend, file and get approval of a motion to appoint APS International, Ltd. as process server, and will need to have the amended complaint translated so that it can be served consistent with the requirements of the Hague Convention. Forcing Plaintiffs to start from scratch would be both a waste of resources and a waste of time especially when Knauf's deliberate misidentification is brought into consideration.

Plaintiffs have already encountered enough delay and expense. The quickest, least expensive, and most efficient way for Plaintiffs to accomplish service on Guangdong Knauf New Building Materials Products Co., Ltd., is for the Court to grant the instant motion for judicial assistance. By deeming the Complaint to state "Guangdong Knauf New Building Materials Products Co., Ltd." in all instances where the name "Knauf Plasterboard (Dongguan) Co., Ltd." appears, Plaintiffs can have the existing Complaint served on Guangdong Knauf New Building Materials

Products Co., Ltd. along with a copy of the Court's order granting the motion for judicial assistance. Such a result is justified under the facts of this case.

## IV.     CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant their motion for judicial assistance for purposes of serving the Amended Class Action Complaint on a foreign defendant.

Respectfully submitted,

Dated: March 17, 2010

/s/ Russ M. Herman
Russ M. Herman, Esquire
Leonard A. Davis, Esquire
Stephen J. Herman, Esquire
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Victor Manuel Diaz
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
 Matthews, Martinez, Gonzales,
 Kalbac & Kane
255 Aragon Avenue, 2nd Floor
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.WSuite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Jeremy W. Alters
Alters, Boldt, Brown, Rash & Culmo, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@abbrclaw.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Plaintiffs' Memorandum of Law in Support of Motion for Judicial Assistance for Purposes of Serving Amended Class Action Complaint on Foreign Defendant has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 17th day of March, 2010.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
Plaintiffs' Liaison Counsel
MDL 2047

*Co-counsel for Plaintiff*