UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED DRYWALL    MDL DOCKET: 2047
PRODUCTS LIABILITY LITIGATION

SECTION:  L

JUDGE FALLON
MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO
CASE NO. 2:09cv-07628
_____/

## THE RYLAND GROUP, INC.'S MOTION TO DISMISS
## OMNIBUS CLASS ACTION COMPLAINT

COMES NOW, Defendant, The Ryland Group, Inc., ("Ryland") by and through its undersigned counsel, and files this, its Motion under Rule 12(b)(6) Federal Rules of Civil Procedure, to dismiss the Omnibus Class Action Complaint as it relates to the following Plaintiffs, Brad and Kerry Keller, ("Ryland Homeowners").  In support thereof, Ryland would allege as follows:

1. Counts I through III are all tort claims for economic damages, which are barred by the contractual privity Economic Loss Rule ("ELR"), since the Ryland Homeowners have a written contract and a warranty with Ryland.  The case law supporting the grounds therefore is contained in the Memorandum of Law being filed simultaneously herewith.  The claims for Private Nuisance and Negligence Discharge of Corrosive Substances, Counts XI and XII should similarly be dismissed based upon the ELR.

2. Counts IV, V, VI and VII should be dismissed since none of the specific terms of the Contract or Warranty between Ryland and Ryland Homeowners are pled in Ryland Homeowners' claims.  Instead Ryland Homeowners' improperly combine implied warranty

claims with express warranty claims. Implied warranty claims have been waived in the parties' contract. The Ryland Homeowners should be allowed to amend their claims to specifically allege the terms of the express warranty contained in the parties' agreement.

3. The claim for unjust enrichment should be dismissed on the grounds that Ryland Homeowners have an adequate remedy at law and have pled the same.

4. The claim for Violation of the Consumer Protection Act should be dismissed for the grounds enumerated in the Memorandum of Law.

5. The claim for Medical Monitoring should be dismissed since Ryland Homeowners have not pled personal injury and are therefore limited to their contract remedies by the ELR, which do not include medical monitoring.

WHEREFORE, Defendant, The Ryland Group, Inc., respectfully requests the Court dismiss the claims of the named Ryland Homeowners herein.

Respectfully submitted,

/s/ Neal A. Sivyer
Neal A. Sivyer
Florida Bar No. 373745
**SIVYER BARLOW & WATSON, P.A.**
401 E. Jackson Street, Suite 2225
Tampa, Florida  33602
Telephone:  (813) 221-4242
Facsimile:   (813) 227-8598

## **CERTIFICATE OF SERVICE**

      I HEREBY certify that on March 17, 2010, this document has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller by U.S. Mail and email or by hand delivery and email upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No.: 6 and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

      /s/ Neal A. Sivyer  
      Neal A. Sivyer