UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : | MDL NO. 2047 |
| | : | SECTION: L |
| | : | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | : | MAG. JUDGE WILKINSON |
| Michelle Germano, et al. v. Taishan Gypsum Co. Ltd., et al. Case No. 2:2009-cv-06687 (E.D. La.) | : | |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**THE PORTER-BLAINE CORPORATION AND VENTURE SUPPLY, INC.'S ANSWER AND RULE 13(g) CROSS-CLAIM IN RESPONSE TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Come now the defendants The Porter-Blaine Corporation ("Porter-Blaine") and Venture Supply, Inc. ("Venture"), by counsel, and, for their Answer and Rule 13(g) Cross-Claim in response to Plaintiffs' Second Amended Complaint, without waiving their Motions pursuant to Rules 12(b)(1) and 12(b)(6) filed simultaneously, state as follows[1]:

**JURISDICTION, PARTIES, AND VENUE**

1. The allegations of paragraph one of the Plaintiffs' Second Amended Complaint are unknown to these defendants in that it is not clear if this Court has subject matter jurisdiction over Taishan Gypsum Co., Ltd f/k/a Shandong Tiahe Dongxin, Co., Ltd ("Taishan"). If the Court does not have subject matter jurisdiction over Taishan, then it does not have original jurisdiction over this action by virtue of 18 U.S.C. § 1332(d)(2) and the Class Action Fairness Act. By filing this pleading, these defendants do not intend to waive any jurisdictional argument

[1] Porter-Blaine and Venture previously filed this answer and cross-claim which was not marked as deficient by the Clerk's office. However, the Clerk's office has suggested that this answer and cross-claim be re-filed separated from the 12(b)(1) and 12(b)(6) motions.

they may have should Taishan be dismissed from this action or the Court determines it has no personal jurisdiction over Taishan.

2. The allegations of paragraph two of the Plaintiffs' Second Amended Complaint are denied.

3. The allegations of paragraph three of the Plaintiffs' Second Amended Complaint are denied.

**PLAINTIFFS**

4. The allegations of paragraph four of the Plaintiffs' Second Amended Complaint are admitted.

5. The allegations of paragraph five of the Plaintiffs' Second Amended Complaint are admitted in part and denied in part. These defendants admit that drywall was installed by Porter-Blaine. The remaining allegations of this paragraph are denied.

6. The allegations of paragraph six of the Plaintiffs' Second Amended Complaint are admitted.

7. The allegations of paragraph seven of the Plaintiffs' Second Amended Complaint are admitted in part and denied in part. These defendants admit that drywall was installed by Porter-Blaine. The remaining allegations of this paragraph are denied.

8. The allegations of paragraph eight of the Plaintiffs' Second Amended Complaint are admitted.

9. The allegations of paragraph nine of the Plaintiffs' Second Amended Complaint are admitted in part and denied in part. These defendants admit that the Dunaways built their own home. The remaining allegations of this paragraph are denied.

**DEFENDANTS**

10. The allegations of paragraph ten of the Plaintiffs' Second Amended Complaint are not known to these defendants and as such, they are denied.

11. The allegations of paragraph eleven of the Plaintiffs' Second Amended Complaint are not known to these defendants and as such, they are denied.

12. The allegations of paragraph twelve of the Plaintiffs' Second Amended Complaint are not known to these defendants and as such, they are denied.

13. The allegations of paragraph thirteen of the Plaintiffs' Second Amended Complaint are not known to these defendants and as such, they are denied.

14. The allegations of paragraph fourteen of the Plaintiffs' Second Amended Complaint are not known to these defendants and as such, they are denied.

15. The allegations of paragraph fifteen of the Plaintiffs' Second Amended Complaint are denied.

16. The allegations contained in paragraph sixteen of the Plaintiffs' Second Amended Complaint are admitted in part and denied in part.  Venture is no longer conducting business.

17. The allegations of paragraph seventeen of the Plaintiffs' Second Amended Complaint are denied.

18. The allegations of paragraph eighteen of the Plaintiffs' Second Amended Complaint are not known to these defendants and as such, they are denied.

19. The allegations of paragraph nineteen of the Plaintiffs' Second Amended Complaint are not known to these defendants and as such, they are denied.

20. The allegations contained in paragraph twenty of the Plaintiffs' Second Amended Complaint are admitted in part and denied in part.  Porter-Blaine is no longer conducting business.

21. The allegations of paragraph twenty-one of the Plaintiffs' Second Amended Complaint are admitted in part and denied in part. These defendants admit that Porter-Blaine shared an address with Venture Supply and installed drywall. The remaining allegations of this paragraph are denied.

22. The allegations of paragraph twenty-two of the Plaintiffs' Second Amended Complaint are denied.

**GENERAL ALLEGATIONS**

23. The allegations of paragraph twenty-three of the Plaintiffs' Second Amended Complaint are admitted.

24. The allegations of paragraph twenty-four of the Plaintiffs' Second Amended Complaint are not known to these defendants and as such, they are denied.

25. The allegations of paragraph twenty-five of the Plaintiffs' Second Amended Complaint are not known to these defendants and as such, they are denied.

26. The allegations of paragraph twenty-six of the Plaintiffs' Second Amended Complaint are not known to these defendants and as such, they are denied.

27. The allegations of paragraph twenty-seven of the Plaintiffs' Second Amended Complaint are not known to these defendants and as such, they are denied.

28. The allegations of paragraph twenty-eight of the Plaintiffs' Second Amended Complaint are not known to these defendants and as such, they are denied.

29. The allegations of paragraph twenty-nine of the Plaintiffs' Second Amended Complaint are not known to these defendants and as such, they are denied.

30. The allegations of paragraph thirty of the Plaintiffs' Second Amended Complaint are not known to these defendants and as such, they are denied.

31. The allegations of paragraph thirty-one of the Plaintiffs' Second Amended Complaint are not known to these defendants and as such, they are denied.

**CLASS ACTION ALLEGATIONS**

32. These defendants admit that the Plaintiffs have made the allegations they make in their Second Amended Complaint. However, these defendants deny that they should be certified as a class or subclass(es).

33. The allegations of paragraph thirty-three of the Plaintiffs' Second Amended Complaint contain legal conclusions to which no response is required.

34. The allegations of paragraph thirty-four of the Plaintiffs' Second Amended Complaint are denied.

35. The allegations of paragraph thirty-five of the Plaintiffs' Second Amended Complaint are denied.

36. The allegations of paragraph thirty-six of the Plaintiffs' Second Amended Complaint are denied.

37. The allegations of paragraph thirty-seven of the Plaintiffs' Second Amended Complaint are denied.

38. These defendants deny that this dispute should be certified as a class action. The remainder of the allegations of paragraph thirty-eight are not known to these defendants and are therefore denied.

39. These defendants deny that this dispute should be certified as a class action. The remainder of the allegations of paragraph thirty-nine are not known to these defendants and are therefore denied.

40. The allegations of paragraph forty of the Plaintiffs' Second Amended Complaint are denied.

41. The allegations of paragraph forty-one of the Plaintiffs' Second Amended Complaint are denied.

42. The allegations of paragraph forty-two of the Plaintiffs' Second Amended Complaint are denied.

43. The allegations of paragraph forty-three of the Plaintiffs' Second Amended Complaint are denied.

**COUNT I**
**NEGLIGENCE**

44. These defendants set forth their responses to the preceding paragraphs as if fully set forth herein.

45. The allegations of paragraph forty-five of the Plaintiffs' Second Amended Complaint are denied.

46. The allegations of paragraph forty-six of the Plaintiffs' Second Amended Complaint are denied.

47. The allegations of paragraph forty-seven of the Plaintiffs' Second Amended Complaint are denied.

48. The allegations of paragraph forty-eight of the Plaintiffs' Second Amended Complaint are denied.

49. The allegations of paragraph forty-nine of the Plaintiffs' Second Amended Complaint are denied.

50. The allegations of paragraph fifty of the Plaintiffs' Second Amended Complaint are denied.

**COUNT II**
**NEGLIGENCE PER SE**

51. These defendants set forth their responses to the preceding paragraphs as if fully set forth herein.

52. The allegations of paragraph fifty-two of the Plaintiffs' Second Amended Complaint are denied.

53. The allegations of paragraph fifty-three of the Plaintiffs' Second Amended Complaint are denied.

54. The allegations of paragraph fifty-four of the Plaintiffs' Second Amended Complaint are denied.

55. The allegations of paragraph fifty-five of the Plaintiffs' Second Amended Complaint are denied.

56. The allegations of paragraph fifty-six of the Plaintiffs' Second Amended Complaint are denied.

**COUNT III**
**BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES**

57. These defendants set forth their responses to the preceding paragraphs as if fully set forth herein.

58. The allegations of paragraph fifty-eight of the Plaintiffs' Second Amended Complaint are denied.

59. The allegations of paragraph fifty-nine of the Plaintiffs' Second Amended Complaint are denied.

60. The allegations of paragraph sixty of the Plaintiffs' Second Amended Complaint are denied.

61. The allegations of paragraph sixty-one of the Plaintiffs' Second Amended Complaint are denied.

62. The allegations of paragraph sixty-two of the Plaintiffs' Second Amended Complaint are denied.

63. The allegations of paragraph sixty-three of the Plaintiffs' Second Amended Complaint are denied.

64. The allegations of paragraph sixty-four of the Plaintiffs' Second Amended Complaint are denied.

**COUNT IV**
**BREACH OF CONTRACT**

65.-68. The allegations of paragraphs sixty-five through sixty-eight of the Plaintiffs' Second Amended Complaint are not directed towards theses defendants and as such, no response is required. To the extent these paragraphs allege any wrongdoing by these defendants, they are denied.

**COUNT V**
**PRIVATE NUISANCE**

69. These defendants set forth their responses to the preceding paragraphs as if fully set forth herein.

70. The allegations of paragraph seventy of the Plaintiffs' Second Amended Complaint are denied.

71. The allegations of paragraph seventy-one of the Plaintiffs' Second Amended Complaint are denied.

72. The allegations of paragraph seventy-two of the Plaintiffs' Second Amended Complaint are denied.

73. The allegations of paragraph seventy-three of the Plaintiffs' Second Amended Complaint are denied.

74. The allegations of paragraph seventy-four of the Plaintiffs' Second Amended Complaint are denied.

75. The allegations of paragraph seventy-five of the Plaintiffs' Second Amended Complaint are denied.

**COUNT VI**
**UNJUST ENRICHMENT**

76. These defendants set forth their responses to the preceding paragraphs as if fully set forth herein.

77. The allegations of paragraph seventy-seven of the Plaintiffs' Second Amended Complaint are denied.

78. The allegations of paragraph seventy-eight of the Plaintiffs' Second Amended Complaint are denied.

79. The allegations of paragraph seventy-nine of the Plaintiffs' Second Amended Complaint are denied.

**COUNT VII**
**VIOLATION OF CONSUMER PROTECTION ACTS**

80. These defendants set forth their responses to the preceding paragraphs as if fully set forth herein.

81. The allegations of paragraph eighty-one of the Plaintiffs' Second Amended Complaint are admitted in part. These defendants admit that the Plaintiffs are attempting to make a claim under the Virginia Consumer Protection Act, which, as noted in their Motion to Dismiss, they do not have. These defendants deny that such a claim is proper.

82. The allegations of paragraph eighty-two of the Plaintiffs' Second Amended Complaint are denied.

83. The allegations of paragraph eighty-three of the Plaintiffs' Second Amended Complaint are denied.

84. The allegations of paragraph eighty-four of the Plaintiffs' Second Amended Complaint are denied.

## COUNT VIII
## EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING

85. These defendants set forth their responses to the preceding paragraphs as if fully set forth herein.

86. The allegations of paragraph eighty-six of the Plaintiffs' Second Amended Complaint are denied.

87. The allegations of paragraph eighty-seven of the Plaintiffs' Second Amended Complaint are denied.

88. The allegations of paragraph eighty-eight of the Plaintiffs' Second Amended Complaint are denied.

89. The allegations of paragraph eighty-nine of the Plaintiffs' Second Amended Complaint are denied.

90. The allegations of paragraph ninety of the Plaintiffs' Second Amended Complaint are denied.

91. The allegations of paragraph ninety-one of the Plaintiffs' Second Amended Complaint are denied.

92. The allegations of paragraph ninety-two of the Plaintiffs' Second Amended Complaint are denied.

93. The allegations of paragraph ninety-three of the Plaintiffs' Second Amended Complaint are denied.

94. The allegations of paragraph ninety-four of the Plaintiffs' Second Amended Complaint are denied.

95. The allegations of paragraph ninety-five of the Plaintiffs' Second Amended Complaint are denied.

96. The allegations of paragraph ninety-six of the Plaintiffs' Second Amended Complaint are denied.

97. The allegations of paragraph ninety-seven of the Plaintiffs' Second Amended Complaint are denied.

98. Any of the Plaintiffs' allegations not specifically admitted herein are denied.

99. These defendants deny being indebted to these Plaintiffs' under any theory of liability.

100. To the extent applicable to any valid cause of action not dismissed by this Court, these defendants reserve the right to rely on the following affirmative defenses pursuant to Rule 8: contributory negligence, assumption of the risk and the applicable statute of limitations.

**CROSSCLAIM AGAINST TAISHAN GYPSUM CO., Ltd f/k/a SHANDONG TIAHE DONGXIN, CO., Ltd AND TOBIN TRADING, INC.**

Venture and Porter-Blaine, pursuant to Rule 13(g) of the Federal Rules of Civil Procedure, set forth the following for their Crosscla im against Taishan Gypsum Co., Ltd f/k/a Shandong Tiahe Dongxin, Co., Ltd ("Taishan"), to the extent this Court has personal jurisdiction over Taishan, and Tobin Trading, Inc. ("Tobin").

1. Plaintiffs have filed an action against defendants Venture, Porter-Blaine, Tobin and Taishan, among others, claiming in their Second Amended Complaint that they have suffered damages based on acts or omissions of these defendants and others relating to drywall allegedly incorporated in their homes. A copy of the Plaintiffs' Second Amended Complaint is attached hereto as Exhibit A and is incorporated herein by reference.

2. Plaintiffs claim that the alleged acts or omissions committed by defendants Venture and Porter-Blaine and others lead to the alleged improper and/or inadequate sale or installation of drywall which is allegedly "off gassing."

3. Defendants Venture and Porter-Blaine have generally denied any liability to the Plaintiffs and has expressly denied any improper conduct in relation to the drywall.

4. Taishan is in the business of manufacturing and marketing drywall. Drywall was manufactured, marketed and sold by Taishan for use in residential construction.

5. Based upon the claims made in Plaintiffs' Second Amended Complaint, defendants Venture and Porter-Blaine are informed and therefore allege that Taishan manufactured and sold some of the drywall installed in Plaintiffs' homes.

6. Defendant Venture was in privity of contract with Taishan with respect to the drywall and Porter-Blaine was a forseeable user of such drywall.

7. Tobin acted as an intermediary in the sale of the drywall from Taishan.

8. Tobin expressly and impliedly warranted that it would inspect the drywall for quality, fitness, and compliance with the contract documents, and, irrespective of the warranties and contractual obligations, had the duty to do so.

9. To the extent that the drywall of Taishan was defective and negligently designed, manufactured, marketed, or otherwise unfit for use in the Plaintiffs' homes, and to the extent

Venture or Porter-Blaine are found liable to the Plaintiffs, such liability would be the proximate cause of Taishan's or Tobin's breach of contract, breach of warranties, or active negligence.

10. Venture and Porter-Blaine, therefore, make this claim for indemnity or contribution against Taishan and/or Tobin for any sums awarded to the Plaintiffs, and for their attorney's fees and costs incurred herein.

**WHEREFORE,** Venture and Porter-Blaine demand judgment against Taishan and/or Tobin for indemnity or contribution for any sums awarded to the Plaintiffs, and their attorney's fees and costs incurred herein.

This the 18th day of March, 2010.

Respectfully submitted,

By: __________/s/__________

Kenneth F. Hardt, Esquire (VSB # 23966)
Mark C. Nanavati, Esquire (VSB #38709)
Sinnott, Nuckols & Logan, P.C.
13811 Village Mill Drive
Midlothian, Virginia 23114
(804) 378-7600 ext. 3311 or 3316
(804) 378-2610 (fax)
khardt@snllaw.com
mnanavati@snllaw.com
*Attorneys for Defendants Venture Supply Inc. and The Porter-Blaine Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Answer and Cross-Claim has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that

the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 18th day of March, 2010.

/s/
Kenneth F. Hardt