# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MICHELLE GERMANO, et al.,                    )
                                             )
                              Plaintiffs,    )
                                             )
v.                                           )        Civil Action No.:  2:09cv202
                                             )
TAISHAN GYPSUM CO., LTD., et al.             )
                                             )
                              Defendants.    )

## THE PORTER-BLAINE CORPORATION AND VENTURE SUPPLY, INC.'S RULE 12(b)1 AND 12(B)6 MOTIONS WITH BRIEFS IN SUPPORT, ANSWER AND RULE 13(g) CROSS-CLAIM

Come now the defendants The Porter-Blaine Corporation ("Porter-Blaine") and Venture

Supply, Inc. ("Venture"), by counsel, and for their Rule 12(b)(1) and 12(b)(6) Motions with

Briefs in Support, Answer and Rule 13(g) Cross-Claim state as follows:

## MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF PURSUANT TO RULE 12(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE

The Plaintiffs have filed this action in this Court under the Class Action Fairness Act of

2005.  (Complaint, ¶ 1) Under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), the

only potential jurisdiction of this Court is the presence of the Chinese manufacturer - . Taishan

Gypsum Co., Ltd f/k/a Shandong Tiahe Dongxin, Co., Ltd ("Taishan").  All of the other parties,

including all the Plaintiffs and the remaining defendants, are residents of the Commonwealth of

Virginia.

Under the facts known to them at this time, Venture and PB have serious doubts that this

Court has personal jurisdiction over Taishan.  Accordingly, its presence may, in effect, be an

attempt to secure a class-action lawsuit under the Class Action Fairness Act of 2005 where no

1

other class action would be permitted under Virginia law.   To the extent there is no jurisdiction

over Taishan, this Court would lack subject matter jurisdiction over this action, which is, in

reality, an action under Virginia law between Virginia homeowners and a Virginia supplier and

Virginia contractors.

## MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

### A.    BACKGROUND

In their Complaint the Plaintiffs allege that they either purchased a home from a general

contractor, Harbor Walk Development, LLC ("Harbor Walk") or built their own home; that

drywall used in their homes was either installed by Porter-Blaine or sold by Venture; and that the

drywall is allegedly defective.  They primarily seek removal of the drywall from their home.

Their Complaint contains numerous Counts.  As to Venture and Porter-Blaine, the

Plaintiffs set forth seven separate causes of action, taking a shotgun approach alleging everything

from "nuisance" to "unjust enrichment".  However, most, if not all, of these manufactured counts

fail as a matter of law and should be dismissed.  Each one will be addressed separately below.

### B.    COUNT I "NEGLIGENCE" FAILS UNDER THE ECONOMIC LOSS RULE AND SHOULD BE DISMISSED

The vast majority of Plaintiffs claims are based on the allegations that they purchased a

house; that the house supposedly has defective drywall; and that they want the allegedly

defective drywall removed.  As such, the Plaintiffs are merely claiming economic loss due to

disappointed economic expectations in the purchase or construction of their homes.

The Plaintiffs claim either that (a) Venture sold defective drywall to a drywall installer –

Porter-Blaine - who installed it in homes being built by Harbor Walk, the general contractor; or (b)

that their home contains defective drywall sold by Venture but installed by someone else . They further allege that they purchased their homes from Harbor Walk or that they built their own home presumably acting as their own general contractor, and that their homes are damaged because the drywall is allegedly defective.

The only duties that Venture has arise by virtue of the sale of the drywall to Porter-Blaine or to the other drywall installers.  The only duties that Porter-Blaine has arise by virtue of its contractual relationship with Harbor Walk.  Had Venture or Porter-Blaine not entered into these contracts, there would be no duty owed by Venture or Porter-Blaine to the Plaintiffs or to anyone. Accordingly, any duties breached must be contractual in nature.

The Virginia Supreme Court has made clear that in this situation the parties are limited to their contractual rights and may not turn a contract action into a tort action.  For example, in <u>Filak v. George</u>, 267 Va. 612, 594 S.E.2d 610 (2004), homeowners sued an insurance agent alleging, among other things, a cause of action based upon fraud.  The Plaintiffs alleged that the agent told them that they were getting one type of insurance policy, that this was a misrepresentation, and that by relying on this misrepresentation they received a different type of policy and were damaged as a result.

The Trial Court granted the defendant's demurrer to this count, finding that no common law duty existed and that the Plaintiffs were limited to their contract remedies.  The Supreme Court affirmed.  First, the Court examined the Plaintiffs' contention:

> The plaintiffs argue that the circuit court erred in sustaining George's demurrer to their constructive fraud claim.  The plaintiffs note that they alleged George made material misrepresentations, which caused them to enter into both the alleged oral contract with George and the insurance contract with Farm Bureau, and that the plaintiffs reasonably relied on George's misrepresentations to their detriment.  The plaintiffs contend that the "economic loss rule"

3

> does not bar their constructive fraud claim because George had a
> "common law duty" to be truthful to them.  We disagree with
> plaintiffs' arguments.

Id. at 617, 594 S.E. 2d at 613.

The Court went on to discuss the economic loss rule announced in Sensenbrenner v. Rust,

Orling & Neale, Architects, Inc., 236 Va. 419, 425, 374 S.E.2d 55, 58 (1988), noting that when

losses are suffered as a result of duties assumed by contract, rather than some duty imposed by

law, then the party is limited to contractual remedies rather than tort-based remedies.  The Court

noted that the plaintiffs in the case before it were alleging economic losses.  Finally, the Court

ruled that there was no duty on the part of the defendant to refrain from making a

misrepresentation:

> Further, contrary to the plaintiffs' assertion, George did not have a
> common law duty to the plaintiffs arising out of the parties'
> dealings.  The law of torts provides redress only for the violation
> of certain common law and statutory duties involving the safety of
> persons and property, which are imposed to protect the broad
> interests of society.  Therefore, we hold that the plaintiffs did not
> assert a valid claim of constructive fraud against George because
> whatever duties George may have assumed arose solely from the
> parties' alleged oral contract.

Id. at 618 - 619, 594 S.E. 2d at 613 - 614 (citations omitted).

The present case is governed by this holding.  There is no duty imposed upon Venture or

Porter-Blaine outside any of their contractual duties.  Rather, the Plaintiffs are seeking

disappointed economic expectations from the purchase or construction of their home.  "[W]hen a

plaintiff alleges and proves nothing more than disappointed economic expectations, the law of

contracts, not the law of torts, provides the remedy for such economic losses." Id. at 618, 594

S.E. 2d at 613.  This holding was recently re-affirmed in Augusta Mutual Insurance Company v.

4

Mason, 274 Va. 199, 645 S.E.2d 290 (2007)(dismissing fraud and breach of fiduciary duty causes of action).

The decision in Filak followed a long stream of cases dealing with allegations of negligence in economic loss cases, and in those cases the Court made it clear – the issue is one of duty and where that duty arises. See Richmond Metropolitan Authority v. McDevitt Street Bovis, Inc., 256 Va. 553, 507 S.E.2d 344 (1998). If the alleged duty one party owes to another arises solely by reason of a contract, then the action is a contract action not a tort action. "In short, RMA has alleged only McDevitt's breach of contractual obligations 'because no duty apart from contract to do what is complained of exists.'" Id. at 559, 507 S.E.2d at 347 (quoting Oleyar v. Kerr, Trustee, 217 Va. 88, 90, 90 S.E.2d 398, 399 (1976)).

According to Oleyar, in determining whether a cause of action sounds in contract or tort, one must ascertain the source of the duty. Id. In order to support a tort action "the duty tortiously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of the contract." McDevitt, 256 Va. at 558, 507 S.E.2d at 347 (quoting Foreign Mission Bd. v. Wade, 242 Va. 234, 241, 409 S.E.2d 144, 148 (1991)). As the source of duties in this action arises from contract, the Plaintiffs' tort-based negligence claim must fail.

This issue was also addressed in Sensenbrenner v. Rust, 236 Va. 419, 374 S.E.2d 55 (1988). In that case, homeowners asserted a negligence claim against the builder of their home, alleging that the builder was negligent in constructing their pool, which shifted, causing damage to their home. The Court addressed the issue of "duty" in that case, and noted:

> The law of torts is well equipped to offer redress for losses suffered by reason of a 'breach of some duty imposed by law to protect the broad interests of social policy.' Kamlar, 224 Va. at 706, 299 S.E.2d at 517. Tort law is not designed, however, to compensate parties for losses suffered as a result of a breach of duties assumed only by agreement. That type

5

> of compensation necessitates an analysis of the damages
> which were within the contemplation of the parties when
> framing their agreement.  It remains the particular province
> of the law of contracts.
>
> The controlling policy consideration underlying tort law is
> the safety of persons and property -- the protection of persons
> and property from losses resulting from injury.  The
> controlling policy consideration underlying the law of
> contracts is the protection of expectations bargained for.

Sensenbrenner, 236 Va. at 425, 374 S.E.2d at 58.

Sensenbrenner was followed by Rotunda Condominium Unit Owners Association v.

Rotunda Associates, 238 Va. 85, 380 S.E.2d 876 (1989).  In Rotunda, the owners association of a

condominium development filed suit against the developer alleging structural defects in the

common elements.  The Court held that the association lacked standing, but also held that the

association's claim based upon negligence was not permitted under Virginia law:

> It is apparent from the motion for judgment and the
> Association's argument concerning this count, that the
> Association sought only to recover damages from the
> economic losses associated with the cost of repairing defects
> in the common elements.  Such economic losses are not
> recoverable in tort; they are purely the result of disappointed
> economic expectations.  The law of contracts provides the
> sole redress for such claims.  [citing Sensenbrenner].
>
> Here the unit owners and the Developer bargained for certain
> standards of quality which allegedly were not met.  The unit
> owners' sole redress lay in actions for breach of their
> contracts of purchase, or for breach of the statutory
> warranties.

Id., at 90, 380 S.E.2d at 879.

This ruling is based upon traditional tort principles.  The question is does the duty arise at

common law or solely by virtue of the contractual relationship between the parties?

6

The plaintiffs allege negligence on the part of the declarant,
the builder and several officers and directors in connection
with the construction of the condominium improvements.
There is no such thing, however, as negligence in the
abstract.  Inherent in all negligence actions is the existence of
a legal duty owed to the plaintiff and a breach of that duty by
the defendant which proximately causes an injury to the
plaintiff.  General Bronze Corp. v. Kostopulos, 203 Va. 66,
122 S.E.2d 548 (1961); Bartlett v. Roberts Recapping, Inc.,
207 Va. 789, 153 S.E.2d 193 (1967); Semler v. Psychiatric
Inst., 538 F.2d 121 (4th Cir. 1976), cert. Denied, 429 U.S. 827
… (1976)….

With the exception of the duty upon the declarant to provide
the statutory warranty, the plaintiffs allege no legal duty
whatsoever owed to them by the other defendants relating to
the improvements constructed by them.  The non-existence
of a legal duty is fatal to a claim for negligence.

Kuhn v. West Alexandria Properties, Inc., 22 Va. Cir. 439 (Alexandria Cir. 1980)(Grenadier, J) ; see

also Pender Veterinary Clinic v. Patton, Harris, Rust & Assoc., 23 Va. Cir. 106 (Fairfax Cir.

1991)(Steven, J.)(economic loss not recoverable in negligence action); P&T Assoc. v. Paciulli,

Simmons and Assoc., 27 Va. Cir. 405 (Richmond Cir. 1992)(Johnson, J.)(economic losses not

allowed under negligence theory for parties in privity).

Accordingly, the Supreme Court's decisions are clear – tort based actions in economic

loss cases are no longer permitted in Virginia because there is no common law duty.  Absent a

duty, there can be no tort and no negligence.  Accordingly, Plaintiffs' negligence claim fails as a

matter of law and should be dismissed.

C.    COUNT II "NEGLIGENCE PER SE" FAILS BECAUSE THE PLAINTIFFS
      HAVE NOT ALLEGED A STATUTORY VIOLATION

In Count II, the Plaintiffs allege a cause of action based upon "negligence per se". This

claim should be dismissed for the above reasons. In addition, however, the Plaintiffs fail to

allege any statute or law Venture or Porter-Blaine supposedly violated which was enacted for the

protection of a class of persons which would include the Plaintiffs.

> The doctrine of negligence per se represents the adoption of "the
> requirements of a legislative enactment as the standard of conduct
> of a reasonable [person]." Butler v. Frieden, 208 Va. 352, 353, 158
> S.E.2d 121, 122 (1967). A party relying on negligence per se does
> not need to establish common law negligence provided the
> proponent produces evidence supporting a determination that the
> opposing party violated a statute enacted for public safety, that the
> proponent belongs to the class of persons for whose benefit the
> statute was enacted and the harm suffered was of the type against
> which the statute was designed to protect, and that the statutory
> violation was a proximate cause of the injury. Halterman v.
> Radisson Hotel Corp., 259 Va. 171, 176-77, 523 S.E.2d 823, 825
> (2000); Virginia Elec. & Power Co. v. Savoy Constr. Co., 224 Va.
> 36, 45, 294 S.E.2d 811, 817 (1982).

McGuire v. Hodges, 273 Va. 199, 206, 639 S.E.2d 284, 288 (2007).

Plaintiffs' Complaint contains no allegations of the breach by Venture or Porter-Blaine of

any specific statutory duties, other than a vague general allegation that the Defendants owed

"statutory duties". Therefore, the claim for negligence per se fails as a matter of law, or is

merely redundant of the "negligence" cause of action in Count I. Accordingly, Count II should

be dismissed.


D.    COUNT III "BREACH OF IMPLIED WARRANTIES" FAILS AS A MATTER
      OF LAW

In Count III Plaintiffs allege that Venture and Porter-Blaine breached "implied

warranties" in the sale or use of the drywall. However, other than a vague general allegation that

there were "express" warranties (which Defendants specifically deny), Plaintiffs can point to no

warranties in the sale of a product by Venture or use by Porter-Blaine other than those that might

be implied by Virginia's version of the Uniform Commercial Code ("U.C.C.")

However, the implied warranties (merchantability or fitness for a particular purpose) in

Virginia's version of the U.C.C. do not apply to the present case, because the drywall was not a

"good", but was a building material incorporated into real property.

> The UCC applies only to transactions in goods, defined as "all
> things … which are movable at the time of identification to the
> contract for sale." Va. Code §§ 8.2-102, 105. Pursuant to these
> provisions, state courts have held that the UCC does not apply to
> transactions in real property or to building components
> incorporated into real property. See Bruce Farms, Inc. v. Coupe,
> 219 Va. 287, 289, 247 S.E.2d 400 (1978); Glass v. Trafalgar
> House Prop., Inc., 58 Va. Cir. 437, 442 (2002); Bay Point Condo.
> Ass 'n v. RML Corp., 54 Va. Cir. 422, 431 (2001); MacConkey v.
> F. J Matter Design, Inc., 54 Va. Cir. 1 (2000); Winchester Homes,
> Inc. v. Hoover Universal, Inc., 30 Va. Cir. 22, 30 (1996).

French v. York Int'l Corp., 72 Va. Cir. 538 (Greene Co. 2007).

Two of the named Plaintiffs purchased homes from Harbor Walk – not "goods" under the

U.C.C.   Similarly, the other named Plaintiffs, who apparently acted as their own general

contractors, are not alleged to have purchased a "good" either.  Accordingly, the U.C.C. does not

apply and there are no implied warranties.

Moreover, to the extent that the Plaintiffs allege breach of an implied warranty for a

particular purpose, they do not allege that either the drywall was put to some "particular"

purpose; that Venture or Porter-Blaine knew of this "particular" purpose; or that they relied on

Venture or Porter-Blaine to sell them a product that conformed to this "particular" purpose

Under Va. Code Section 8.2-315:

> Where the seller at the time of contracting has reason to know any
> particular purpose for which the goods are required and that the

9

> buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is . . . an implied warranty that the goods shall be fit for such purpose.

In order to establish a breach of the implied warranty for a particular purpose, the plaintiff must show "(1) the seller had reason to know the particular purpose for which the buyer required the goods, (2) the seller had reason to know the buyer was relying on the seller's skill or judgment to furnish appropriate goods, and (3) the buyer in fact relied upon the seller's skill or judgment." Medcom, Incorporated, et al. v. C. Arthur Weaver Company, Incorporated, 232 Va. 80, 84, 348 S.E.2d 243, 246 (1986).

There is no allegation of a "particular purpose" of the drywall. Rather, it is clear the drywall was to be used for its ordinary purpose as drywall during construction of a home. In addition, there is no evidence that Venture or Porter-Blaine was made aware of any "particular purpose" for the drywall. Accordingly, this claim fails as a matter of law. Bayliner Marine Corp. v. Crow, 257 Va. 121; 509 S.E.2d 499 (1999)(plaintiff failed to prove he made seller aware of any particular purpose of using a boat; therefore, claim was dismissed).

E.   COUNT V "PRIVATE NUISANCE" FAILS BECAUSE VENTURE AND PORTER-BLAINE DO NOT HAVE OWNERSHIP IN OR CONTROL OVER THE ALLEGEDLY DEFECTIVE DRYWALL

In Count V of the Complaint, the Plaintiffs attempt to allege a cause of action against Venture and Porter-Blaine for "private nuisance". However, the Plaintiffs fail to allege that either defendant has any ownership in or control over the thing which is allegedly causing a nuisance to the plaintiff – the drywall. Under Virginia law:

> A private nuisance is the using, or authorizing the use of, one's property, or of anything under one's control, so as to injuriously affect an owner or occupier of property (1) by diminishing the value of that property; (2) by continuously interfering with his

10

> power of control or enjoyment of that property; (3) by causing
> material disturbance or annoyance to him in his use or occupation
> of that property.

Virginia Railway Company v. London, 114 Va. 334, 344, 76 S.E. 306, 308 (1912).

In the present case, the Plaintiffs allege that Venture sold drywall to the drywall installer, and that the drywall was installed on a home they purchased from the builder or built themselves. Some of the Plaintiffs allege that Porter-Blaine installed the drywall on homes they purchased from the builder. Venture and Porter-Blaine have no ownership in or control over the allegedly defective drywall. Therefore there can be no nuisance cause of action against these defendants.

Courts across the country find that in this type of action, a claim for private nuisance is not viable. For example, in City of Manchester v. Nat'l Gypsum Co., 637 F. Supp. 646, 648 (D.R.I. 1986), the plaintiff arranged for construction of additions and modifications to City schools. Plaster products containing asbestos were used in the construction. The plaintiff filed suit over six years after construction was completed alleging, among other things, a cause of action based on nuisance. The Court noted that the plaster products had been in possession of the plaintiff since the completion of construction, and that after the product was manufactured and sold by the defendant it had no control over the product. Id., at 656. The Court found that because the defendant "had [no] power to abate the nuisance…, a basic element of the tort of nuisance [was] absent, and that the plaintiff [could not] succeed on [that] theory of relief. Id.

Similarly in Tioga Public School District v. U.S. Gypsum Co., 984 F. 2d 915 (8th Cir. 1993), the court held that "nuisance law does not afford a remedy against the manufacturer of an asbestos-containing product to an owner whose building has been contaminated by asbestos following the installation of that product in the building. Id., at 920. Because the defendant had

11

no further control of the contaminated material after it was sold to the plaintiff, the defendant could not be held liable in nuisance.  Id.

Accordingly, Count V of the Complaint fails to state a valid cause of action against Venture or Porter-Blaine and should be dismissed.

F.     COUNT VI DOES NOT ALLEGE A VALID CAUSE OF ACTION FOR "UNJUST ENRICHMENT"

In Count VI of the Complaint, the Plaintiffs attempt to allege a cause of action for "unjust enrichment".  However, in order to state a valid cause of action under Virginia law for unjust enrichment, the plaintiff must, at the least, prove that the defendant knew of the benefit conferred by the plaintiff and either promised to pay for it or reasonably knew that it was expected to pay for it:

> To state a cause of action for unjust enrichment, [plaintiff] had to allege that: (1) he conferred a benefit on [defendant]; (2) [defendant] knew of the benefit and should reasonably have expected to repay [plaintiff]; and (3) [defendant] accepted or retained the benefit without paying for its value. *See* Nedrich v. Jones, 245 Va. 465, 476, 429 S.E.2d 201, 207 (1993) ("One may not recover under a theory of implied contract simply by showing a benefit to the defendant, without adducing other facts to raise an implication that the defendant promised to pay the plaintiff for such benefit." (citing Mullins v. Mingo Lime & Lumber Co., 176 Va. 44, 51, 10 S.E.2d 492, 495 (1940)); *see also* Provident Life & Accident Ins. Co. v. Waller, 906 F.2d 985, 993-94 (4th Cir. 1990).

Schmidt v. Household Finance Corp., 276 Va. 108, 116, 661 S.E.2d 834, 838 (2008).

Plaintiffs do not allege any contact between themselves and Venture or Porter-Blaine; that Venture or Porter-Blaine received directly any "benefit" from the Plaintiffs; or that Venture or Porter-Blaine either promised to pay or knew it was expected to pay the Plaintiffs anything. As such, the allegations fail as a matter of law and Count VI should be dismissed.

12

G.   COUNT VII "VIOLATION OF THE VIRGINIA CONSUMER PROTECTION ACT" FAILS BECAUSE PLAINTIFFS HAVE NOT PLED RELIANCE ON ANY ALLEGED FALSE STATEMENT AND BECAUSE THE ACT DOES NOT APPLY TO THE PRESENT ACTION

In Count VII of the Complaint, the Plaintiffs claim that Venture and Porter-Blaine violated the Virginia Consumer Protection Act ("VCPA") because they allegedly made misrepresentations about the source or manufacturer of the drywall.  However, they never allege (a) that they saw any such representation, or (b) that they relied on this representation to their detriment.

While the Virginia Supreme Court apparently has not ruled on whether proof of reliance is necessary in a private action under the VCPA, the issue has been raised in a number of courts in Virginia, and those courts have consistently ruled that such proof is required.  In a well reasoned decision, Judge Ellis of the Eastern District of Virginia explained why such proof is necessary:

> Analysis of whether the VCPA requires a showing of reliance properly  begins with the statutory text and must end there if that language is clear and unambiguous in this respect. See Hillman v. I.R.S., 263 F.3d 338, 342 (4th Cir.2001) (citing Caminetti v. United States, 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917). If the statutory text does not address the question or is less than plain and unambiguous in doing so, it is appropriate to consult the statute's structure and purpose to resolve the question. See U.S. Army Engineer Center v. Federal Labor Relations Authority, 762 F.2d 409, 416 (4th Cir. 1985).   The VCPA prohibits specific "fraudulent acts or practices committed by a supplier in connection with a consumer transaction" which are set forth in forty-four numbered paragraphs, the following three of which are most pertinent here:
>
> 5. Misrepresenting that goods or services have certain quantities, characteristics, ingredients, uses or benefits;
> . . .
> 8. Advertising goods or services with intent not to sell them as advertised, or with intent not to sell at the price or upon the terms advertised;
> . . .

13

14. Using any other deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction.

Va. Code § 59.1-200(A).   While VCPA § 200 does not explicitly mention reliance, that does not end the analysis because a separate VCPA provision speaks directly to this point. Section 59.1-204, which creates a private cause of action for VCPA violations, provides, in pertinent part, that "any person who suffers loss as the result of a violation of this chapter shall be entitled to initiate an action to recover actual damages, or $ 500, whichever is greater." Thus, in order for a claimant to recover for a VCPA violation, his loss must be the result of, that is caused by, the violation. And, of course, this causal connection cannot exist without the consumer's reliance on the misrepresentation.

Although the Supreme Court of Virginia has not yet squarely addressed this question, other courts in Virginia have done so, holding consistently that reliance is required to establish a VCPA claim. [9] As another court in this district put it, "in order to sustain a claim under the VCPA, a plaintiff must prove that the defendant acted with an intent to deceive or otherwise mislead, i.e., with fraudulent intent, as to a material fact *on which the plaintiff relied to his detriment* and which resulted in measurable damages." Padin v. Oyster Point Dodge, 397 F. Supp. 2d 712, 2005 U.S. Dist. LEXIS 10292, 2005 WL 2218898, *7 (E.D.Va. 2005) (emphasis added). Similarly, in Mock v. Boczar, 64 Va. Cir. 260 (Va. Cir. Ct. 2004), a Virginia circuit court held that a contractor's misrepresentation that he had a Class B contractor's license did not give rise to a claim under the VCPA because the plaintiffs could not show that they entered into the contract "solely because he was licensed," and that, in any event, his lack of a license did not cause the plaintiffs any actual damage. *Id.* The lesson of all these cases is that the VCPA requires a claimant to show reliance.

---

**9** See, e.g., Shirland Arms Corp. v. Hall Const., Inc., 67 Va. Cir. 299, 2005 WL 1125656, *1 (Va. Cir. Ct. 2005) (concluding that VCPA claims, like common law fraud claims, require reliance); Reed v. Litton Loan Servicing LP, 64 Va. Cir. 447, 2004 WL 1386314, *2 (Va. Cir. Ct. 2004) (same); Weiss v. Cassidy Development Corp., 63 Va. Cir. 76, 2003 WL 22519650, *2 (Va.Cir.Ct. 2003) ("Allegations of misrepresentation of fact [under the VCPA] must include the elements of fraud: a false

> representation, of material fact, made intentionally and
> knowingly, with intent to mislead, reliance by the party misled,
> and resulting damage.") (emphasis added).

Cooper v. GGGR Investments, LLC, 334 B.R. 179, 187-88, 2005 U.S. Dist. LEXIS 32333 (E.D.
Va. 2005).

In the present action, the Plaintiffs cannot allege that they saw or heard of any
representation made by Venture or Porter-Blaine or that they relied upon any such
representation. In fact, when the Plaintiffs purchased their home it is extremely doubtful that
they knew Venture or Porter-Blaine existed or provided or installed building materials for their
home. As such, they cannot prove that they suffered a loss "as a result of" any alleged
misrepresentation of Venture. Va. Code Section 59.1- 204. Accordingly, they have no private
right of action under the VCPA and Count VII should be dismissed as a matter of law.

In addition, a number of courts in Virginia have held that the VCPA, which applies to
"consumer transactions", does not apply to building materials incorporated into homes that are
purchased.

> The Court also sustained the Defendants' demurrer to Count V of
> the Second Amended Motion for Judgment based on alleged
> violations of the Virginia Consumer Protection Act. *See* Va. Code
> Ann. § 59.1-196 to 59.1-207 (1987 & Supp. 1991). The Court
> found that the sales of FRTP between the Defendants and
> Winchester were not consumer transactions as contemplated by the
> Act. The Defendants' commercial transactions with Winchester do
> not fall within the ambit of the Act's restrictions on consumer
> transactions. Specifically, as sold by the Defendants, the FRTP was
> to be used as component parts in the construction of homes and not
> "primarily for personal, family or household purposes" as
> envisioned by the Act. *See* Va. Code Ann. § 59.1-198(A)(i) (1987
> & Supp. 1991).

15

Winchester Homes, Inc. v. Hoover Universal, Inc., 27 Va. Cir. 62 (Fairfax Co. 1992); see also Sergeant v. Early Street Properties, 56 Va. Cir. 168 (Alexandria 2001); Murray v. Dryvit Systems, Inc., 2002 Va. Cir. LEXIS 420 (Franklin County 2002); Bay Point Condominium Association, Inc. v. RML Corp., 54 Va. Cir. 422 (Norfolk 2001); MacConkey v. F.J. Matter Design, Inc., 54 Va. Cir. 1 (Va. Beach 2000); Bindra v. Bowman, 58 Va. Cir. 47 (Fairfax County 2001).

The present case involves the sale of drywall by Venture to suppliers or the installation of the drywall by Porter-Blaine for a general contractor.  Neither of these was a "consumer transaction", but were commercial transactions between Venture or Porter-Blaine and the companies with whom they contracted.  Accordingly, the VCPA does not apply and Count VII should be dismissed.

H.    THE PLAINTIFFS ARE NOT ENTITLED TO THE EQUITABLE RELIEF
SOUGHT IN COUNT VIII AS THEY HAVE AN ADEQUATE REMEDY AT
LAW

In Count VIII of the Complaint, the Plaintiffs are seeking injunctive relief in the nature of an Order requiring Venture and Porter-Blaine to replace the drywall and to monitor the Plaintiffs' environmental and medical condition apparently forever.  However, in reality the Plaintiffs are merely seeking the costs associated with any such repairs or environmental or medical monitoring.[1]  If the Plaintiffs prove that they are entitled to recover repair costs or future damages in the nature of doctor's visits or having their home tested periodically by an environmental lab, they can certainly prove the costs associated with such repairs, visits or tests.

---

[1] Certainly, Plaintiffs do not want Venture or Porter-Blaine themselves to medically monitor them. Neither defendant is licensed to practice medicine.

Accordingly, their remedy at law is adequate.  <u>Generally</u>, <u>Great-West Life Annuity Insurance Company v. Knudson</u>, 534 U.S. 204, 210 (2002)( "Almost invariably . . . suits seeking (whether by judgment, injunction, or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages,' as that phrase has traditionally been applied, since they seek no more than compensation for loss resulting from the defendant's breach of legal duty." <u>Bowen</u> v. <u>Massachusetts, 487 U.S. 879, 918-919, 101 L. Ed. 2d 749, 108 S. Ct. 2722 (1988)</u> (SCALIA, J., dissenting). And "money damages are, of course, the classic form of *legal* relief." <u>Mertens, supra, at 255</u>."); <u>Ticonderoga Farms, Inc. v. County of Loudoun</u>, 242 Va. 170, 176, 409 S.E.2d 446, 449 (1991)("…proof of irreparable harm and proof of the lack of an adequate remedy at law are prerequisites to a grant of injunctive relief under a court's traditional equity jurisdiction…").  Therefore, Count VIII should be dismissed.

**WHEREFORE,** Venture and Porter-Blaine requests that its Motion to Dismiss be granted and that the above referenced Counts be dismissed with prejudice.

## NOTICE

Please take notice that Porter-Blaine and Venture Supply request oral argument on the preceding Motions under Rule 12 of the Federal Rules of Civil Procedure.

## ANSWER

Venture and Porter-Blaine set forth the following as their Answer to the Complaint without waiving the above Motions to Dismiss.

## JURISDICTION, PARTIES, AND VENUE

17

1.      The allegations of paragraph one of the plaintiffs' Complaint are unknown to these defendants in that it is not clear if this Court has subject matter jurisdiction over Taishan Gypsum Co., Ltd f/k/a Shandong Tiahe Dongxin, Co., Ltd ("Taishan").  If the Court does not have subject matter jurisdiction over Taishan, then it does not have original jurisdiction over this action by virtue of 18 U.S.C. § 1332(d)(2) and the Class Action Fairness Act.  By filing this pleading, these defendants do not intend to waive any jurisdictional argument they may have should Taishan be dismissed from this action or the Court determines it has no personal jurisdiction over Taishan.

2.      The allegations of paragraph two of the plaintiffs' Complaint are admitted.

## PLAINTIFFS

3.      The allegations of paragraph three of the plaintiffs' Complaint are admitted.

4.      The allegations of paragraph four of the plaintiffs' Complaint are admitted in part and denied in part. These defendants admit that drywall was installed by Porter-Blaine.  The remaining allegations of this paragraph are denied.

5.      The allegations of paragraph five of the plaintiffs' Complaint are admitted.

6.      The allegations of paragraph six of the plaintiffs' Complaint are admitted in part and denied in part. These defendants admit that drywall was installed by Porter-Blaine.  The remaining allegations of this paragraph are denied.

7.      The allegations of paragraph seven of the plaintiffs' Complaint are admitted.

8.      The allegations of paragraph eight of the plaintiffs' Complaint are admitted in part and denied in part. These defendants admit that the Dunaways built their own home and that

Venture was a supplier of some drywall used in their home.  The remaining allegations of this paragraph are denied.

## DEFENDANTS

9.    The allegations of paragraph nine of the plaintiffs' Complaint are not known to these defendants and as such, they are denied.

10.   The allegations of paragraph ten of the plaintiffs' Complaint are not known to these defendants and as such, they are denied.

11.   The allegations of paragraph eleven of the plaintiffs' Complaint are not known to these defendants and as such, they are denied.

12.   The allegations of paragraph twelve of the plaintiffs' Complaint are not known to these defendants and as such, they are denied.

13.   The allegations of paragraph thirteen of the plaintiffs' Complaint are admitted.

14.   The allegations of paragraph fourteen of the plaintiffs' Complaint are admitted in part and denied in part. These defendants admit that Venture Supply imported and supplied drywall.  The remaining allegations of this paragraph are denied.

15.   The allegations of paragraph fifteen of the plaintiffs' Complaint are admitted.

16.   The allegations of paragraph sixteen of the plaintiffs' Complaint are not known to these defendants and as such, they are denied.

17.   The allegations of paragraph seventeen of the plaintiffs' Complaint are admitted.

18.   The allegations of paragraph eighteen of the plaintiffs' Complaint are admitted in part and denied in part. These defendants admit that Porter-Blaine shares an address with Venture Supply and installs drywall.  The remaining allegations of this paragraph are denied.

19

19.     The allegations of paragraph nineteen of the plaintiffs' Complaint are denied.

## GENERAL ALLEGATIONS

20.     The allegations of paragraph twenty of the plaintiffs' Complaint are admitted.

21.     The allegations of paragraph twenty-one of the plaintiffs' Complaint are not known to these defendants and as such, they are denied.

22.     The allegations of paragraph twenty-two of the plaintiffs' Complaint are not known to these defendants and as such, they are denied.

23.     The allegations of paragraph twenty-three of the plaintiffs' Complaint are not known to these defendants and as such, they are denied.

24.     The allegations of paragraph twenty-four of the plaintiffs' Complaint are not known to these defendants and as such, they are denied.

25.     The allegations of paragraph twenty-five of the plaintiffs' Complaint are not known to these defendants and as such, they are denied.

26.     The allegations of paragraph twenty-six of the plaintiffs' Complaint are not known to these defendants and as such, they are denied.

27.     The allegations of paragraph twenty-seven of the plaintiffs' Complaint are not known to these defendants and as such, they are denied.

28.     The allegations of paragraph twenty-eight of the plaintiffs' Complaint are not known to these defendants and as such, they are denied.

## CLASS ACTION ALLEGATIONS

29.     These defendants admit that the plaintiffs have made the allegations they make in their Complaint.  However, these defendants deny that they should be certified as a class or subclass.

30.     The allegations of paragraph thirty of the plaintiffs' Complaint contain legal conclusions to which no response is required.

31.     The allegations of paragraph thirty-one of the plaintiffs' Complaint are denied.

32.     The allegations of paragraph thirty-two of the plaintiffs' Complaint are denied.

33.     The allegations of paragraph thirty-three of the plaintiffs' Complaint are denied.

34.     The allegations of paragraph thirty-four of the plaintiffs' Complaint are denied.

35.     These defendants deny that this dispute should be certified as a class action.  The remainder of the allegations of paragraph thirty-five are not known to these defendants and are therefore denied.

36.     These defendants deny that this dispute should be certified as a class action.  The remainder of the allegations of paragraph thirty-six are not known to these defendants and are therefore denied.

37.     The allegations of paragraph thirty-seven of the plaintiffs' Complaint are denied.

38.     The allegations of paragraph thirty-eight of the plaintiffs' Complaint are denied.

39.     The allegations of paragraph thirty-nine of the plaintiffs' Complaint are denied.

40.     The allegations of paragraph forty of the plaintiffs' Complaint are denied.

## COUNT I
## NEGLIGENCE
**(Against All Defendants)**

41.     These defendants set forth their responses to the preceding paragraphs as if fully set forth herein.

42.     The allegations of paragraph forty-two of the plaintiffs' Complaint are denied.

43.     The allegations of paragraph forty-three of the plaintiffs' Complaint are denied.

44.     The allegations of paragraph forty-four of the plaintiffs' Complaint are denied.

45.     The allegations of paragraph forty-five of the plaintiffs' Complaint are denied.

46.     The allegations of paragraph forty-six of the plaintiffs' Complaint are denied.

47.     The allegations of paragraph forty-seven of the plaintiffs' Complaint are denied.

## COUNT II
## NEGLIGENCE PER SE
**(Against All Defendants)**

48.     These defendants set forth their responses to the preceding paragraphs as if fully set forth herein.

49.     The allegations of paragraph forty-nine of the plaintiffs' Complaint are denied.

50.     The allegations of paragraph fifty of the plaintiffs' Complaint are denied.

51.     The allegations of paragraph fifty-one of the plaintiffs' Complaint are denied.

52.     The allegations of paragraph fifty-two of the plaintiffs' Complaint are denied.

53.     The allegations of paragraph fifty-three of the plaintiffs' Complaint are denied.

## COUNT III
## BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES
### (All Defendants)

54.     These defendants set forth their responses to the preceding paragraphs as if fully set forth herein.

55.     The allegations of paragraph fifty-five of the plaintiffs' Complaint are denied.

56.     The allegations of paragraph fifty-six of the plaintiffs' Complaint are denied.

57.     The allegations of paragraph fifty-seven of the plaintiffs' Complaint are denied.

58.     The allegations of paragraph fifty-eight of the plaintiffs' Complaint are denied.

59.     The allegations of paragraph fifty-nine of the plaintiffs' Complaint are denied.

60.     The allegations of paragraph sixty of the plaintiffs' Complaint are denied.

61.     The allegations of paragraph sixty-one of the plaintiffs' Complaint are denied.

## COUNT IV
## BREACH OF CONTRACT
### (Against Defendant Harbor Walk Only)

62.-65. The allegations of paragraphs sixty-two through sixty-five of the plaintiffs' Complaint are not directed towards theses defendants and as such, no response is required.  To the extent these paragraphs allege any wrongdoing by these defendants, they are denied.

## COUNT V
## PRIVATE NUISSANCE
### (Against All Defendants)

66.     These defendants set forth their responses to the preceding paragraphs as if fully set forth herein.

67.     The allegations of paragraph sixty-seven of the plaintiffs' Complaint are denied.

68.     The allegations of paragraph sixty-eight of the plaintiffs' Complaint are denied.

69.     The allegations of paragraph sixty-nine of the plaintiffs' Complaint are denied.

70.     The allegations of paragraph seventy of the plaintiffs' Complaint are denied.

71.     The allegations of paragraph seventy-one of the plaintiffs' Complaint are denied.

72.     The allegations of paragraph seventy-two of the plaintiffs' Complaint are denied.


**COUNT VI**
**UNJUST ENRICHMENT**
**(All Defendants)**

73.     These defendants set forth their responses to the preceding paragraphs as if fully set forth herein.

74.     The allegations of paragraph seventy-four of the plaintiffs' Complaint are denied.

75.     The allegations of paragraph seventy-five of the plaintiffs' Complaint are denied.

76.     The allegations of paragraph seventy-six of the plaintiffs' Complaint are denied.


**COUNT VII**
**VIOLATION OF THE VIRGINIA CONSUMER PROTECTION ACT**
**(All Defendants)**

77.     These defendants set forth their responses to the preceding paragraphs as if fully set forth herein.

78.     The allegations of paragraph seventy-eight of the plaintiffs' Complaint are admitted in part.  These defendants admit that the plaintiffs are attempting to make a claim under the Virginia Consumer Protection Act, which, as noted above, they do not have.  These defendants deny that such a claim is proper.

24

79.     The allegations of paragraph seventy-nine of the plaintiffs' Complaint are incomplete statements of law rather than allegations of fact and are denied.

80.     The allegations of paragraph eighty of the plaintiffs' Complaint are denied.

81.     The allegations of paragraph eighty-one of the plaintiffs' Complaint are incomplete statements of law rather than allegations of fact and are denied.

82.     The allegations of paragraph eighty-two of the plaintiffs' Complaint are denied.

83.     The allegations of paragraph eighty-three of the plaintiffs' Complaint are denied.

84.     The allegations of paragraph eighty-four of the plaintiffs' Complaint are denied.

## COUNT VIII
**EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING**
**(All Defendants)**

85.     These defendants set forth their responses to the preceding paragraphs as if fully set forth herein.

86.     The allegations of paragraph eighty-six of the plaintiffs' Complaint are denied.

87.     The allegations of paragraph eighty-seven of the plaintiffs' Complaint are denied.

88.     The allegations of paragraph eighty-eight of the plaintiffs' Complaint are denied.

89.     The allegations of paragraph eighty-nine of the plaintiffs' Complaint are denied.

90.     The allegations of paragraph ninety of the plaintiffs' Complaint are denied.

91.     The allegations of paragraph ninety-one of the plaintiffs' Complaint are denied.

92.     The allegations of paragraph ninety-two of the plaintiffs' Complaint are denied.

93.     The allegations of paragraph ninety-three of the plaintiffs' Complaint are denied.

94.     The allegations of paragraph ninety-four of the plaintiffs' Complaint are denied.

95.     The allegations of paragraph ninety-five of the plaintiffs' Complaint are denied.

96.     The allegations of paragraph ninety-six of the plaintiffs' Complaint are denied.

97.     The allegations of paragraph ninety-seven of the plaintiffs' Complaint are denied.

98.     Any of the plaintiffs' allegations not specifically admitted herein are denied.

99.     These defendants deny being indebted to these plaintiffs' under any theory of liability.

100.    To the extent applicable to any valid cause of action not dismissed by this Court, these defendants reserve the right to rely on the following affirmative defenses pursuant to Rule 8: contributory negligence and the applicable statute of limitations.

## CROSSCLAIM

Venture and Porter-Blaine, pursuant to Rule 13(g) of the Federal Rules of Civil Procedure, set forth the following for their Crossclaim against Taishan Gypsum Co., Ltd f/k/a Shandong Tiahe Dongxin, Co., Ltd ("Taishan"), to the extent this Court has personal jurisdiction over Taishan.

1.      Plaintiffs have filed an action against defendants Venture, Porter-Blaine and Taishan, claiming in their Complaint that they have suffered damages based on acts or omissions of these defendants and others relating to drywall allegedly incorporated in their homes.  A copy of the Plaintiffs' Complaint is attached hereto as Exhibit A and is incorporated herein by reference.

2.      Plaintiffs claim that the alleged acts or omissions committed by defendants Venture and Porter-Blaine and others lead to the alleged improper and/or inadequate sale or installation of drywall which is allegedly "off gassing."

3.      Defendants Venture and Porter-Blaine have generally denied any liability to the Plaintiffs and has expressly denied any improper conduct in relation to the drywall.

4.      Taishan is in the business of manufacturing and marketing drywall.  Drywall was manufactured, marketed and sold by Taishan for use in residential construction.

5.      Based upon the claims made in Plaintiffs' Complaint, defendants Venture and Porter-Blaine are informed and therefore allege that Taishan manufactured and sold some of the drywall installed in Plaintiffs' homes.

6.      Defendant Venture was in privity of contract with Taishan with respect to the drywall and Porter-Blaine was a forseeable user of such drywall.

7.      To the extent that the drywall of Taishan was defective and negligently designed, manufactured, marketed, or otherwise unfit for use in the Plaintiffs' homes, and to the extent Venture or Porter-Blaine are found liable to the Plaintiffs, such liability would be the proximate cause of Taishan's breach of contract, breach of warranties, or active negligence.

8.      Venture and Porter-Blaine, therefore, make this claim for indemnity or contribution against Taishan for any sums awarded to the Plaintiffs, and for their attorney's fees and costs incurred herein.

**WHEREFORE,** Venture and Porter-Blaine demand judgment against Taishan for indemnity or contribution for any sums awarded to the Plaintiffs, and their attorney's fees and costs incurred herein.

This 27th day of May, 2009.

                                 /s/
                       _____
                       Mark C. Nanavati , Esquire (VSB# 38709)
                       Kenneth F. Hardt, Esquire (VSB# 23966 )
                       Attorneys for Venture Supply, Inc. and The Porter-
                       Blaine Corporation
                       SINNOTT, NUCKOLS & LOGAN, P.C.
                       13811 Village Mill Dr.
                       Midlothian, VA 23114-4365
                       (804) 378-7600
                       (804) 378-2610 (fax)
                       mnanavati@snllaw.com

CERTIFICATE OF SERVICE

I hereby certify that on the 27$^h$ day of May, 2009, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste 3120
580 East Main Street
Norfolk, VA 23510-2322

I hereby certify that I will mail the document by U.S. mail to the following parties who have not entered an appearance:

Taishan Gypsum Co. Ltd f/k/a
Shandong Taihe Dongxin Co. Ltd.
Dawenkou, Daiyue District
Tai'an City, Shandong Province
China 271026; and

Harbor Walk Development, LLC
c/o Paul W. Gerhardt, Registered Agent
4801 Courthouse Street, Suite 300
Williamsburg, Virginia  23188-2678.

/s/

Mark C. Nanavati , Esquire (VSB# 38709)
Kenneth F. Hardt, Esquire (VSB# 23966 )
Attorneys for Venture Supply, Inc. and The Porter-Blaine Corporation
SINNOTT, NUCKOLS & LOGAN, P.C.
13811 Village Mill Dr.
Midlothian, VA 23114-4365
(804) 378-7600
(804) 378-2610 (fax)
mnanavati@snllaw.com