UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 <br><br> SECTION: L |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| State of Louisiana, *ex rel.* James D. ("Buddy") Caldwell, the Attorney General of Louisiana | MAG. WILKINSON <br><br> (#10-0340) |
| VERSUS          #10-0340 | |
| Knauf Gips KG, et al. | |

### MEMORANDUM IN SUPPORT OF THE STATE OF LOUISIANA'S EMERGENCY MOTION THAT ITS MOTION TO REMAND BE EXCEPTED FROM PRETRIAL ORDER NO. 1C

The State of Louisiana ("Louisiana"), through the Honorable James D. "Buddy" Caldwell, Attorney General of the State of Louisiana, submits this Memorandum in Support of Louisiana's Emergency Motion that its Motion to Remand be excepted from this Court's Pretrial Order No. 1C[1]. For the following reasons, Louisiana respectfully requests that this Court except its Motion to Remand (Doc. 1636), filed on March 8, 2010, from the continuance set forth in Pretrial Order No. 1C., that a hearing date be set thereon, and that this Court fix a date by which any opposition memoranda must be filed.

---

[1] The State does not request an emergency hearing on the present Motion, but has instead noticed it for hearing in accordance with the ordinary rules of this Court.

1. In Pretrial Order No. 1, the Court issued a stay of motion practice until further order. In Pretrial Order No. 1C, the Court lifted the stay on motion practice but ordered that "[o]nce motions are properly before the MDL Court, the motions will be continued without date, unless a motion is specifically excepted from the continuance by the Court. The Court will then organize and prioritize the continued motions and in due course, set the motions for hearing." (Pretrial Order No. 1C at 2.) For the following reasons, the Court should except Louisiana's Motion to Remand from Pretrial Order No. 1C and set Louisiana's motion for hearing.

2. On January 14, 2010, Louisiana filed its Petition in Orleans Parish Civil District Court seeking vindication of Louisiana's rights under Louisiana state law and redress for the direct and indirect injuries suffered by Louisiana, its political subdivisions, and its general public. Louisiana is the only plaintiff in its case. On February 5, 2010, two defendants purported to remove Louisiana's Petition to this Court. On March 8, 2010, Louisiana filed its Motion to Remand.

3. Review of Louisiana's Petition and Motion to Remand shows that Louisiana's action is unlike any other case in the MDL or other Chinese drywall litigation. First, Louisiana's action is the only *parens patriae* action and the only case filed by a state. Moreover, while all other cases in the MDL focus on the individual injuries to owners and occupants of homes containing defective Chinese drywall, the focus of Louisiana's Petition is much different. Louisiana's Petition is concerned with the unique direct and indirect injuries suffered by the State of Louisiana, its political subdivisions, and all residents of Louisiana as a whole, *including those who do not have any Chinese drywall in their homes*. (*See* Petition at ¶¶ 177, 178, 185, 187, 192; Motion to Remand at 5-10.) Louisiana's interests and injuries are so separate, distinct, and unique from those asserted by other plaintiffs in the MDL that grouping Louisiana's claims, much less its Motion to Remand, with that of other parties is wholly inappropriate.

4. As demonstrated by the allegations of the Attorney General of Louisiana appearing at paragraph 198 of Louisiana's Petition, Louisiana's action is separate and distinct from any other cases pending in the MDL (or elsewhere). Louisiana expressly alleges that "nothing contained in this Petition shall be construed to duplicate or otherwise assert any claim for relief property asserted in such lawsuits on behalf of owners or occupants of homes in Louisiana which are contaminated with Defendants' drywall, or which may be properly asserted in any similar lawsuits hereafter filed by or on behalf of owners or occupants of homes in Louisiana which are contaminated with Defendants' drywall." (Petition ¶ 198.)

5. Because Louisiana is unlike any other party in the MDL and Louisiana's Petition is unlike any other complaint in the MDL, Louisiana's Motion to Remand is also unique and unlike any other remand motions pending in the MDL. First, as a sovereign state, Louisiana is not a "citizen" for purposes of diversity jurisdiction. This Court's exercise of jurisdiction with respect to Louisiana is, therefore, wholly distinct from that of any other party in the MDL, and Louisiana's pending Motion to Remand its Petition is wholly unlike any other motion to remand filed in this case. There are therefore no other motions similar to Louisiana's motion with which Louisiana's motion may properly be "grouped."

6. Moreover, as a sovereign state, Louisiana's motion and the vindication of its own rights cannot be subjected to the discretion of Lead Counsel or of either the DSC or the PSC.[2] Under the Louisiana Constitution, only the Louisiana Attorney General may represent Louisiana's interest in court. Thus, not only is Louisiana's Motion to Remand unlike any other remand motions, Louisiana itself is entirely unlike any other party to the MDL, and its Motion to

---

[2] Based on Pretrial Order No. 1C and the Court's comments during a monthly status conference on March 11, 2010, it is Louisiana's understanding that the Court intends to work with lead counsel for the Plaintiffs' Steering Committee and Defendants' Steering Committee to group related pending motions together, prioritize the groups, identify representative motions within each group, and then proceed with the briefing and hearing of those motions.

Remand should be excepted from the continuance set forth in Pretrial Order No. 1C and set for hearing.

7. Finally, respect for state sovereignty, federalism, and the Eleventh Amendment compels (1) that consideration of Louisiana's Motion to Remand not be delayed, and (2) that Louisiana's Motion to Remand be excepted from this Court's Pretrial Order No. 1C and set for hearing at the earliest convenient date available on this Court's docket.

8. For these reasons, Louisiana respectfully requests that this Court except Louisiana's Motion to Remand (Doc. 1636) from the continuance set forth in Pretrial Order No. 1C. Louisiana further requests, as set forth in its Notice of Hearing on Motion to Remand (Doc. 1636-2) and Request for Oral Argument on Motion to Remand (Doc. 1637), that Louisiana's Motion to Remand be set for hearing before this Court at the earliest convenient date, and that the Court also fix a date by which any memoranda in opposition thereto must be filed.

Respectfully submitted,

**JAMES D. "BUDDY" CALDWELL**
**LOUISIANA ATTORNEY GENERAL**

Bryan K. McMinn (Bar Roll # 20520)
James Trey Phillips (Bar Roll # 19978)
Sanettria Glasper Pleasant (Bar Roll#25396)
Assistant Attorneys General
**LOUISIANA DEPARTMENT OF JUSTICE**
1885 North Third Street
Post Office Box 94005
Baton Rouge, Louisiana 70804-9005
Telephone: (225) 326-6000
Facsimile: (225) 326-6499

**Usry, Weeks & Matthews, APLC**
T. Allen Usry, La. Bar #12988
Trial Attorney

_s/John F. Weeks, II_
John F. Weeks, II, La. Bar #13309
1615 Poydras St., Ste. 1250


New Orleans, LA 70112
(504) 592-4600

**Shows, Cali, Berthelot & Walsh, LLP**
E. Wade Shows, La. Bar #7637
Trial Attorney
John C. Walsh, La. Bar #24903
628 St. Louis St.
P. O. Drawer 4425
Baton Rouge, LA 70821
(225) 346-1461

**Perkins Coie, LLP**
David L. Black
1899 Wynkoop St., #700
Denver, CO 80202
(303) 291-2306

Counsel for the State of Louisiana

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing State of Louisiana's Memorandum in Support of the State of Louisiana's Motion that Its Motion to Remand Be Excepted From Pretrial Order No. 1C has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail, _or_ by hand delivery and e-mail _and_ upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 19th day of March, 2010.

                                         s/John F. Weeks, II
                                         (Signature of Filing Attorney)