UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL DOCKET: 2047 |
| | SECTION: L |
| THIS DOCUMENT RELATES TO: SEAN AND BETH PAYTON, et al. vs. KNAUF GIPS, DG, et al. CASE NO. 2:09cv-07628 | JUDGE FALLON |
| | MAG. JUDGE WILKINSON |

_____/

## MORRISON HOMES, INC., TAYLOR MORRISON OF FLORIDA, INC., AND TAYLOR WOODROW COMMUNITIES AT VASARI, LLC's MOTION TO DISMISS OMNIBUS CLASS ACTION COMPLAINT

COMES NOW, Defendants, Morrison Homes, Inc., n/k/a Taylor Morrison Services, Inc., Taylor Morrison of Florida, Inc., and Taylor Woodrow Communities at Vasari, LLC., (collectively "Taylor") by and through its undersigned counsel, and files this, their Motion under Rule 12(b)(6) Federal Rules of Civil Procedure, to dismiss the Omnibus Class Action Complaint as it relates to the following Plaintiffs, Robert and Maria Hay ("Hay"), Jason and Shanique Herbert, (Herbert), Grant and Kathyrn Reid, ("Reid"), Patrick Dinitto and Hevanilson Magalhaes ("Dinitto"), Dale and Beverly Dodge, (Dodge"), Christine and Robert Akers, ("Akers"), Larry and Rene Galvin, ("Galvin"), Allan Neumann, ("Neumann"), and Jim Tarzy[1] ("Tarzy")

---

[1] Taylor and plaintiff, Jim Tarzy have reached a Settlement Agreement

1

(collectively, the "Taylor Homeowners"). A chart of the Taylor Homeowners claims is attached hereto as Exhibit "A". In support thereof, Taylor would allege as follows:

1. Counts I through III, XI and XII are all tort claims for economic damages, which are barred by the contractual privity Economic Loss Rule ("ELR"), since each of these Taylor Homeowners have a written contract and a warranty with Taylor. The case law supporting the grounds therefore is contained in the Memorandum of Law being filed simultaneously herewith.

2. Counts IV, V, VI and VII should be dismissed since none of the specific terms of the contract or warranty between Taylor and the Taylor Homeowners are pled in the Taylor Homeowners' claims. Instead Taylor Homeowners' improperly combine implied warranty claims with express warranty claims. The Taylor homeowners' have waived all implied warranty claims in their contracts. The Taylor Homeowners should be required to amend their claims to allege the specific terms of the contracts and/or warranties that Taylor breached.

3. The claim for unjust enrichment should be dismissed on the grounds that Taylor Homeowners have an adequate remedy at law and have pled the same.

4. The claim for Violation of the Consumer Protection Act should be dismissed for the grounds enumerated in the Memorandum of Law.

5. The claim for Medical Monitoring should be dismissed since the Taylor Homeowners have not pled personal injury and are therefore limited to their contract remedies by the ELR, which remedies do not include medical monitoring.

WHEREFORE, Defendants, Morrison Homes, Inc., Taylor Morrison of Florida, Inc., and Taylor Woodrow Communities at Vasari, LLC., respectfully requests the Court dismiss the claims of the named Taylor Homeowners herein.

Respectfully submitted,

/s/ Neal A. Sivyer
Neal A. Sivyer
Florida Bar No. 373745
**SIVYER BARLOW & WATSON, P.A.**
401 E. Jackson Street, Suite 2225
Tampa, Florida 33602
Telephone: (813) 221-4242
Facsimile: (813) 227-8598

## CERTIFICATE OF SERVICE

I HEREBY certify that on March 22, 2010, this document has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller by U.S. Mail and email or by hand delivery and email upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No.: 6 and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

/s/ Neal A. Sivyer
Neal A. Sivyer

3

# **EXHIBIT A**

| **PLAINTIFFS** | **PROPERTY ADDRESS** | **DEFENDANT BUILDER** |
|---|---|---|
| Akers, Christine and Robert | 11019 Carrara Court, #201, Bonita Springs, FL 34135 | Taylor Woodrow Communities at Vasari, L.L.C. |
| Dinitto, Patrick and Hevanilson Magalhaes | 28479 Altessa Way, #102, Bonita Springs, FL 34135 | Taylor Woodrow Communities at Vasari, L.L.C. |
| Dodge, Dale and Beverly | 3632 101st Ave. E., Parrish, FL 34219 | Taylor Morrison Services, Inc. |
| Galvin, Larry and Rene | 11019 Carrara Court, #202, Bonita Springs, FL 34135 | Taylor Woodrow Communities at Vasari, L.L.C. |
| Hay, Robert and Maria | 7173 50th Ave. Circle E., Palmetto, FL 34221 | Taylor Morrison Services, Inc. |
| Herbert, Jason and Shanique | 7207 53rd PL E., Palmetto, FL 34221 | Taylor Morrison Services, Inc. |
| Neumann, Allan | 11019 Carrara Court, #101, Bonita Springs, FL 34135 | Taylor Woodrow Communities at Vasari, L.L.C. |
| Reid, Grant and Kathyrn | 7208 53rd PL E., Palmetto, FL 34221 | Taylor Morrison Services, Inc. |
| Tarzy, Jim[2] | 28479 Altessa Way, #101, Bonita Springs, FL 34135 | Taylor Woodrow Communities at Vasari, L.L.C. |

---

[2] Taylor Woodrow Communities at Vasari, L.L.C. and Jim Tarzy have reached a Settlement Agreement.