UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | * | MDL No. 2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION "L" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE FALLON |
| SEAN AND BETH PAYETON, et al. | * | |
| vs. | * | MAG. JUDGE WILKINSON |
| KNAUF GIPS, DG., et al. | * | |
| Case No. 2:09-CV-7628 | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT ADAMS HOMES OF NORTH WEST FLORIDA, INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

COMES NOW Adams homes of North West Florida, Inc. ("Adams Homes"), by and through its undersigned counsel, and files this Answer to Plaintiffs' Second Amended Class Action Complaint, and in support, states as follows:

### JURISDICTION, PARTIES AND VENUE

**1.** The allegations in Paragraphs one (1) through three (3) of Plaintiffs' Second Amended Complaint state conclusions of law and require no answer, but if an answer is required, Adams Homes denies Paragraphs one (1) through three (3) for lack of sufficient information upon which to base relief.

### PLAINTIFFS

**2.** The allegations in Paragraphs four (4) through two-thousand-seventy-two (2072) of Plaintiffs' Second Amended Complaint are denied for lack of sufficient information upon which to form a belief.

**DEFENDANTS**

3. The allegations in Paragraphs two-thousand-seventy-three (2073) through two-thousand-one-hundred-thirty-one (2131) of Plaintiffs' Second Amended Complaint are not applicable to Adams Homes, but if an answer is required, Adams Homes denies all allegations in said Paragraphs for lack of sufficient information upon which to form a belief.

4. Regarding Paragraph two-thousand-one-hundred-thirty-two, Adams Homes admits only that it is organized under the laws of Florida and its principle place of business is 3000 Gulf Breeze Parkway, Gulf Breeze, Florida 32563—all other allegations in Paragraph two-thousand-one-hundred-thirty-two (2132) are denied.

5. The allegations in Paragraphs two-thousand-one-hundred-thirty-three (2133) through two-thousand-six-hundred-and-nine (2609) of Plaintiffs' Second Amended Complaint are not applicable to Adams Homes, but if an answer is required, Adams Homes denies all allegations in said Paragraphs for lack of sufficient information upon which to form a belief.

**FACTS REGARDING PRODUCT DEFECT**

6. Adams Homes denies all allegations in Paragraphs two-thousand-six-hundred-and-ten (2610) through two-thousand-six-hundred-twenty (2620) of Plaintiffs' Second Amended Complaint.

**CLASS ACTION ALLEGATIONS**

7. Adams Homes denies all allegations in Paragraphs two-thousand-six-hundred-twenty-one (2621) through two-thousand-six-hundred-thirty-nine (2639) of Plaintiffs' Second Amended Complaint.

## COUNT I - NEGLIGENCE

8. Adams Homes denies all allegations in Paragraphs two-thousand-six-hundred-forty (2640) through two-thousand-six-hundred-forty-seven (2647) of Plaintiffs' Second Amended Complaint.

## COUNT II – NEGLIGENCE PER SE

9. Adams Homes denies all allegations in Paragraphs two-thousand-six-hundred-forty-eight (2648) through two-thousand-six-hundred-fifty-four (2654) of Plaintiffs' Second Amended Complaint.

## COUNT III – STRICT LIABILITY

10. Adams Homes denies all allegations in Paragraphs two-thousand-six-hundred-fifty-five (2655) through two-thousand-six-hundred-seventy-two (2672) of Plaintiffs' Second Amended Complaint.

## COUNT IV – BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES

11. Adams Homes denies all allegations in Paragraphs two-thousand-six-hundred-seventy-three (2673) through two-thousand-six-hundred-eighty (2680) of Plaintiffs' Second Amended Complaint.

## COUNT V – BREACH OF FLORIDA STATUTES SECTION 718.203

12. The allegations in Paragraphs two-thousand-six-hundred-eighty-one (2681) through two-thousand-six-hundred-ninety-two (2692) of Plaintiffs' Second Amended Complaint are not applicable to Adams Homes, but if an answer is required, Adams Homes denies all allegations in said Paragraphs.

## COUNT VI – BREACH OF IMPLIED WARRANTY OF HABITABILITY

**13.** Adams Homes denies all allegations in Paragraphs two-thousand-six-hundred-ninety-three (2693) through two-thousand-six-hundred-ninety-nine (2699) of Plaintiffs' Second Amended Complaint.

## COUNT VII – BREACH OF CONTRACT

**14.** Adams Homes denies all allegations in Paragraphs two-thousand-seven-hundred (2700) through two-thousand-seven-hundred-and-three (2703) of Plaintiffs' Second Amended Complaint.

## COUNT VIII – VIOLATION OF LOUISIANA NEW HOME WARRANTY ACT

**15.** The allegations in Paragraphs two-thousand-seven-hundred-and-four (2704) through two-thousand-seven-hundred-and-ten (2710) of Plaintiffs' Second Amended Complaint are not applicable to Adams Homes, but if an answer is required, Adams Homes denies all allegations in said Paragraphs.

## COUNT IX - REDHIBITION

**16.** Adams Homes denies all allegations in Paragraphs two-thousand-seven-hundred-and-eleven (2711) through two-thousand-seven-hundred-and-twenty (2720) of Plaintiffs' Second Amended Complaint.

## COUNT X – LOUISIANA PRODUCTS LIABILITY ACT

**17.** The allegations in Paragraphs two-thousand-seven-hundred-twenty-one (2721) through two-thousand-seven-hundred-thirty-four (2734) of Plaintiffs' Second Amended Complaint are not applicable to Adams Homes, but if an answer is required, Adams Homes denies all allegations in said Paragraphs.

### COUNT XI – PRIVATE NUISANCE

18.   Adams Homes denies all allegations in Paragraphs two-thousand-seven-hundred-thirty-five (2735) through two-thousand-seven-hundred-forty-one (2741) of Plaintiffs' Second Amended Complaint.

### COUNT XII – NEGLIGENT DISCHARGE OF A CORROSIVE SUBSTANCE

19.   Adams Homes denies all allegations in Paragraphs two-thousand-seven-hundred-forty-two (2742) through two-thousand-seven-hundred-forty-eight (2748) of Plaintiffs' Second Amended Complaint.

### COUNT XIII – UNJUST ENRICHMENT

20.   Adams Homes denies all allegations in Paragraphs two-thousand-seven-hundred-forty-nine (2749) through two-thousand-seven-hundred-fifty-two (2752) of Plaintiffs' Second Amended Complaint.

### COUNT XIV – VIOLATION OF CONSUMER PROTECTION ACTS

21.   Adams Homes denies all allegations in Paragraphs two-thousand-seven-hundred-fifty-three (2753) through two-thousand-seven-hundred-fifty-seven (2757) of Plaintiffs' Second Amended Complaint.

### COUNT XV – EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING

22.   Adams Homes denies all allegations in Paragraphs two-thousand-seven-hundred-fifty-eight (2758) through two-thousand-seven-hundred-and-seventy (2770) of Plaintiffs' Second Amended Complaint.

## ADAMS HOMES' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**23.** The claims asserted in Plaintiffs' Second Amended Complaint may be barred, in part or in whole, due to the Plaintiffs' lack of standing to prosecute such claims.

### SECOND AFFIRMATIVE DEFENSE

**24.** Adams Homes denies that the Plaintiffs or putative class members have been damaged in the manner or to the extent alleged, and further denies that the Plaintiffs or putative class members are entitled to any of the relief demanded in the "Prayer for Relief."

### THIRD AFFIRMATIVE DEFENSE

**25.** The claims asserted in the Second Amended Complaint may be barred, in part or in whole, due to the Plaintiffs' or putative class members' failure to mitigate their alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

**26.** The claims asserted in Plaintiffs' Second Amended Complaint may be time barred, in part or in whole, due to latches and/or the applicable statute(s) of limitations.

### FIFTH AFFIRMATIVE DEFENSE

**27.** The claims asserted in Plaintiffs' Second Amended Complaint may be barred, in part or in whole, due to contributory negligence and/or the negligence of other persons or entities for which this defendant is not responsible and exercised no control.

### SIXTH AFFIRMATIVE DEFENSE

28. The claims asserted in the Second Amended Complaint may be barred, in part or in whole, pursuant to the economic loss doctrine and/or lack of privity with this defendant.

### SEVENTH AFFIRMATIVE DEFENSE

29. As to Adams Homes, Count I of Plaintiffs' Second Amended Complaint fails to state a cause of action against Adams Homes and fails to state sufficient facts upon which relief may be granted.

### EIGHTH AFFIRMATIVE DEFENSE

30. As to Adams Homes, Count II of Plaintiffs' Second Amended Complaint fails to state a cause of action against Adams Homes and fails to state sufficient facts upon which relief may be granted.

### NINTH AFFIRMATIVE DEFENSE

31. As to Adams Homes, Count III of Plaintiffs' Second Amended Complaint fails to state a cause of action against Adams Homes and fails to state sufficient facts upon which relief may be granted.

### TENTH AFFIRMATIVE DEFENSE

32. As to Adams Homes, Count IV of Plaintiffs' Second Amended Complaint fails to state a cause of action against Adams Homes and fails to state sufficient facts upon which relief may be granted.

ELEVENTH AFFIRMATIVE DEFENSE

33. As to Adams Homes, Count V of Plaintiffs' Second Amended Complaint fails to state a cause of action against Adams Homes and fails to state sufficient facts upon which relief may be granted.

TWELFTH AFFIRMATIVE DEFENSE

34. As to Adams Homes, Count VI of Plaintiffs' Second Amended Complaint fails to state a cause of action against Adams Homes and fails to state sufficient facts upon which relief may be granted.

THIRTEENTH AFFIRMATIVE DEFENSE

35. As to Adams Homes, Count VII of Plaintiffs' Second Amended Complaint fails to state a cause of action against Adams Homes and fails to state sufficient facts upon which relief may be granted.

FOURTEENTH AFFIRMATIVE DEFENSE

36. As to Adams Homes, Count VIII of Plaintiffs' Second Amended Complaint fails to state a cause of action against Adams Homes and fails to state sufficient facts upon which relief may be granted.

FIFTEENTH AFFIRMATIVE DEFENSE

37. As to Adams Homes, Count IX of Plaintiffs' Second Amended Complaint fails to state a cause of action against Adams Homes and fails to state sufficient facts upon which relief may be granted.

### SIXTEENTH AFFIRMATIVE DEFENSE

**38.** As to Adams Homes, Count X of Plaintiffs' Second Amended Complaint fails to state a cause of action against Adams Homes and fails to state sufficient facts upon which relief may be granted.

### SEVENTEENTH AFFIRMATIVE DEFENSE

**39.** As to Adams Homes, Count XI of Plaintiffs' Second Amended Complaint fails to state a cause of action against Adams Homes and fails to state sufficient facts upon which relief may be granted.

### EIGHTEENTH AFFIRMATIVE DEFENSE

**40.** As to Adams Homes, Count XII of Plaintiffs' Second Amended Complaint fails to state a cause of action against Adams Homes and fails to state sufficient facts upon which relief may be granted.

### NINETEENTH AFFIRMATIVE DEFENSE

**41.** As to Adams Homes, Count XIII of Plaintiffs' Second Amended Complaint fails to state a cause of action against Adams Homes and fails to state sufficient facts upon which relief may be granted.

### TWENTIETH AFFIRMATIVE DEFENSE

**42.** As to Adams Homes, Count XIV of Plaintiffs' Second Amended Complaint fails to state a cause of action against Adams Homes and fails to state sufficient facts upon which relief may be granted.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

43. As to Adams Homes, Count XV of Plaintiffs' Second Amended Complaint fails to state a cause of action against Adams Homes and fails to state sufficient facts upon which relief may be granted.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

44. Adams Homes denies that grounds exist for this Court to enter an order certifying the case as a class action, as demanded in Plaintiffs' Prayer for Relief.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

45. Adams Homes denies that grounds exist for this Court to enter an order appointing Plaintiffs as the class representatives of the class, as demanded in Plaintiffs' Prayer for Relief.

## TWENTY-FORTH AFFIRMATIVE DEFENSE

46. Adams Homes denies liability to the extent that Plaintiff's alleged damages were caused by sources other than Chinese-manufactured drywall.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

47. Adams Homes incorporates herein by reference, as if pleaded *in extenso*, each and every affirmative defense pleaded by similarly-situated Defendants.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

48. Adams Homes reserves the right to supplement and to amend its answer, if necessary, as additional facts or information are discovered.

WHEREFORE, Defendant Adams Homes of North West Florida, Inc. prays that this answer be deemed good and sufficient, and that after due proceedings, judgment be entered herein in its favor, dismissing the complaint with prejudice and at plaintiffs' cost. Adams Homes of North West Florida, Inc. further prays for any additional relief to which

it might be entitled, and reserves the right to supplement and to amend its answer, if necessary.

          Respectfully submitted,

          Emmanuel, Sheppard and Condon

          ORIGINAL SIGNED DOCUMENT ON
          FILE WITH THE COURT

          BY:     /s/ Matthew M. Villmer
          Matthew M. Villmer
          Florida Bar No. 71016
          Robert A. Emmanuel, Esq.
          Florida Bar No. 283797
          Emmanuel, Sheppard & Condon
          30 South Spring Street
          Post Office Drawer 1271
          Pensacola, Florida   32591-1271
          Telephone (850) 433-6581
          Facsimile   (850) 429-0492
          Email: rae@esclaw.com
                  mmv@esclaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing *Answer to Plaintiffs' Second Amended Class Action Complaint* has been served on Plaintiffs' Liaison Counsel, Russ Herman, Herman, Herman, Katz & Cotlar, LLP, 820 O'Keefe Ave., Suite 100, New Orleans, LA 70113, rherman@hhke.com, and Defendants' Liaison Counsel, Kerry Miller, Frilot, L.L.C., Suite 3700, 1100 Poydras St., New Orleans, LA 70163, kmiller@frilot.com, by U.S. Mail and email upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6 and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in

accordance with the procedures established in MDL 2047, on this 22nd day of March, 2010.

/s/ Matthew M. Villmer