U. S. DISTRICT COURT
Eastern District of Louisiana

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   FEB 2 5 2010

LORETTA G. WHYTE
Clerk

| | |
|---|---|
| SEAN AND BETH PAYTON, individually, and on behalf of all others similarly situated, [Additional Plaintiffs Listed on Schedule of Plaintiffs, Attached Hereto as Exhibit "A"], <br><br> Plaintiffs <br><br> VERSUS <br><br> KNAUF GIPS KG, KNAUF PLASTERBOARD (TIANJIN) CO., LTD.; KNAUF PLASTERBOARD (WUHU) CO., LTD.; KNAUF PLASTERBOARD (DONGGUAN) CO., LTD.; [Additional Defendants Listed on Schedule of Defendants, Attached Hereto as Exhibit "B"], <br><br> Defendants. | CIVIL ACTION NO. 09-7628 <br><br> SECT. L., MAG. 3 |

## DEFENDANT STEPHEN SHIVERS' F.R.C.P. 12(b) MOTION

COMES NOW the Defendant, STEPHEN SHIVERS, pro se ["Shivers"], and files this his Motion pursuant to Fed. R. Civ. P. 12(b)(1), (2), (3), (5), (6) and (7) in response to Plaintiffs Omnibus Class Action Complaint (1) filed by Sean Payton, et. Al [collectively the "Plaintiffs"], and would respectfully show unto this Honorable Court the following, to-wit:

I.   **FACTUAL BACKGROUND.**

1.   On or about December 9, 2009, Plaintiffs filed their Complaint herein, naming Defendant, Stephen Shivers, individually, as a defendant.

2.   On or about February 12, 2010, Plaintiffs attempted service of the Complaint upon Shivers at his personal residence located at 720 Clover Place, Biloxi, Mississippi 39532 [The personal residence of Shivers hereafter referred to as "Shivers Residence"].. At the time service of process was attempted at the Shivers Residence, both Shivers and his wife, Laurie

Ibele Shivers, were away. Shivers and his wife are the only adults residing at the Shivers Residence.

3. At the time Plaintiff attempted service of process upon Shivers, Shivers' mother-in-law, Brenda Ibele, was babysitting his minor children and she was the only person over the age of 18 years of age at the Shivers Residence. Mrs. Ibele does not reside at the Shivers Residence; instead, she resides at 4262 Road 116, D'Iberville, Mississippi 39540.

4. Plaintiffs' process server inquired whether she was Mrs. Shivers and she informed the female process server that she was not and further informed said process server as to how she was related and that she did not reside at the Shivers Residence. Plaintiffs' process server never inquired whether Shivers had authorized her to accept process for and on behalf of Shivers; which Shivers hereby denies.

5. Despite having actual knowledge that Mrs. Ibele was not a resident of the Shivers residence and having never inquired whether Mrs. Ibele was authorized to accept service of process for and on behalf of Shivers, which she is not, Plaintiffs erroneously filed their proof of service, claiming it properly served Shivers pursuant to Fed. R. Civ. P. 4(e)(2)(B).

## II. INSUFFICIENCY OF SERVICE OF PROCESS.

6. If service of process is made at the residence of a defendant and service is made upon someone other than a defendant; Fed. R. Civ. P. 4(e)(2)(B) requires that service of the Summons and Complaint be made by "leaving a copy of each at the individual's dwelling, or usual place of abode with someone of suitable age and discretion who resides there."

7. Plaintiffs did not comply with the requirements Fed. R. Civ. P. 4(e)(2)(B), and their service of process is thus invalid. Shivers hereby objects to Plaintiffs' service of process

upon him pursuant to Fed. R. Civ. P. 12(b)(5), and accordingly requests that this Court enter its order setting aside the service of process Plaintiff made upon Shivers and directing Plaintiffs to serve Shivers with process as required under Fed. R. Civ. P. 4(e)(2).

### III. LACK OF SUBJECT MATTER AND PERSONAL JURISDICTION, AND IMPROPER VENUE.

8. Shivers further moves that all of the claims against him be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), (2) and/or (3), and Shivers hereby objects to venue of this cause being before this Court. Further, Shivers and the actual claimant, Rochelle Frazier Harkins, are both Mississippi residents and none of the claims in this Cause would be considered a federal question. Moreover, all of the claims being made against Shivers, are alleged to have occurred in the State of Mississippi, outside the jurisdiction of this Honorable Court. Therefore, this Court lacks subject matter jurisdiction and personal jurisdiction and venue is not properly before this Court.

### IV. FAILURE TO STATE A CLAIM.

9. Shivers further moves that all of the claims against him be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), because they fail to state a claim upon which any relief can be granted.

### V. FAILURE TO JOIN INDESPENSABLE PARTY.

10. Shivers further moves that all of the claims against him be dismissed pursuant to Fed. R. Civ. P. 12(b)(7), because Plaintiffs improperly named him individually as a defendant in this Cause and failed to properly join the entity responsible for constructing the claimant's home, namely: I & S Contracting, LLC, a Mississippi limited liability company.

**WHEREFORE,** Defendant Stephen Shivers respectfully requests that his motion be well taken and that upon hearing thereof, find that the Summons and Complaint were not served upon

him as required by Fed. R. Civ. P. 4(e)(2)(B); that Plaintiff's service of the Summons and Complaint be set aside; that Plaintiffs are ordered to properly serve Defendant Steven Shivers as required under Fed. R. Civ. P. 4(e)(2); that this Court further find that it lacks subject matter jurisdiction, personal jurisdiction over Defendant Steven Shivers and that venue is not proper; that this Court further find that Plaintiffs failed to state a claim upon which relief may be granted and dismiss all claims against said Defendant Steven Shivers, with prejudice; and alternatively, that this Court further find that Plaintiffs improperly named said Defendant individually, that Plaintiffs should have named I & S Contracting, LLC as Defendant in this Cause, and that Defendant Stephen Shivers be dismissed from this cause, with prejudice, upon the joinder of said limited liability company.

RESPECTFULLY SUBMITTED, this the 23 day of February, 2010.

BY: _____
Stephen Shivers, Pro Se Defendant
375 Teagarden Road
Gulfport, Mississippi 39507
Tel. No.: 228.896.6000
Fax No.: 228.896.7766

## CERTIFICATE OF SERVICE

I hereby certify to this Court that on this day, I have served a copy of this pleading upon counsel for Plaintiffs at the following address by U.S. Mail, postage prepaid in full:

Russ M. Herman
Herman, Herman, Katz & Cotler
820 O'Keefe Avenue
New Orleans, LA 70113
Fax No.: 504.561.6024

SO CERTIFIED, this the 23 day of February, 2010.

*Stephen Shivers*
Stephen Shivers

STEPHEN SHIVERS
375 Teagarden Road
Gulfport, Mississippi 39507

February 23, 2010

Attn.: MDL 2047 Deputy Clerk

Loretta G. Whyte
Clerk of Court
U.S. District Court, Eastern District of LA
500 Poydras Street, Room C151
New Orleans, LA 70130

    RE: Sean Payton, et al. v. Knauf GIPS KG, et al.
          Civil Action No. 09-7628

Dear Ms. Whyte:

Please find the enclosed Motion to be filed on my behalf in the above-referenced matter. I am not represented by counsel at this time.

If you have any questions, please contact me at 228.896.6000.

                                      Sincerely,

                                      Stephen Shivers,
                                      pro se Defendant

TENDERED
[stamp, Eastern District of Louisiana, Deputy Clerk]

TENDERED FOR FILING

FEB 25 2010

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk