UNITED STATES DISTRICT COURT

EASTERN OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * | CIVIL ACTION NO.: 09-MDL-2047 SECTION: "L" – JUDGE FALLON |
| THIS DOCUMENT RELATES TO: Sean and Beth Payton, individually on an behalf of all others similarly situated v. Knauf Gips KG, et al Civil Action No. 09-07628 | * * * * * * * * * * * | MAGISTRATE: "2" - JUDGE WILKINSON |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>DEFENDANT, KELLEY DRYWALL, INC.'S, MOTIONS TO DISMISS PURUSANT TO FEDERAL RULES 12(b)(2) AND 12(b)(3), ANSWER TO PLAINTIFFS' OMNIBUS CLASS ACTION COMPLAINT, AND AFFIRMATIVE DEFENSES</u>

NOW INTO COURT, through undersigned counsel, comes Kelley Drywall, Inc. ("Kelley Drywall"), which files this, its Motion to Dismiss Pursuant to Federal Rules Rule 12(b)(2) and 12 (b)(3), Answer to Plaintiffs' Omnibus Class Action Complaint, and Affirmative Defenses, and states:

<u>MOTION TO DIMSISS PURSUANT TO RULE 12(b)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE</u>

Kelley Drywall, Inc., a Florida company, hereby moves to dismiss all allegations alleged against it in Plaintiffs' Omnibus Class Action Complaint under Federal Rule of Civil Procedure 12(b)(2). Kelley Drywall is not subject to, nor has it submitted to, the jurisdiction of this Court.

WHEREFORE, Defendant, Kelley Drywall, Inc., prays that this Court enter an Order granting is Motion to Dismiss and dismissing Plaintiffs' claims against it as this Court lacks personal jurisdiction over Kelley Drywall, Inc.

<u>MOTION TO DIMSISS PURSUANT TO RULE 12(b)(3) OF THE<br>FEDERAL RULES OF CIVIL PROCEDURE</u>

Kelley Drywall, Inc. affirmatively challenges and objects to the Eastern District of Louisiana as an improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1691.  The Eastern District of Louisiana is not a judicial district in which a substantial part of the events or omissions giving rise to the claims asserted against Kelley Drywall occurred, nor is it a judicial district in which a substantial part of property that is the subject of the action is situated.

WHEREFORE, Defendant, Kelley Drywall, Inc., prays that this Court is an improper venue for plaintiffs' allegations against Kelley Drywall, Inc.

<u>NOTICE REQUESTING HEARING</u>

Please take notice that Kelley Drywall, Inc. requests hearing on the preceding Motions under Rule 12 of the Federal Rules of Civil Procedure; a Notice of Hearing setting same for hearing, without oral argument, has been filed contemporaneously herewith.

Kelley Drywall sets forth the following as its Answer to Plaintiffs' Omnibus Class Action Complaint (I) without waiving the above Motions to Dismiss.

<u>JURISDICTION, PARTIES, AND VENUE</u>

1.    Kelley Drywall  lacks knowledge or information sufficient to form a belief about the truth

of the allegations of Paragraph 1 of Plaintiffs' Omnibus Class Action Complaint, and therefore denies the same. Further answering, if the Court cannot exercise personal or subject matter jurisdiction over defendant, Kelley Drywall, then it lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (d)(2).

2.      Kelley Drywall lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of Plaintiffs' Omnibus Complaint, and therefore denies same.

3.      To the extent Plaintiffs are alleging that venue is proper in the Eastern District of Louisiana, the allegations in Paragraph 3 are denied.  With respect to any and all claims against Kelley Drywall it objects to venue in the Eastern District of Louisiana.

<u>PLAINTIFFS</u>

4.      No answer by Kelley Drywall is deemed necessary in response to the allegations contained in Paragraphs 4 through 2072, as they relate to the specific identities and property interests of each respective Plaintiff/purported class member.  The majority of those allegations do not relate to Kelley Drywall.  To the extent an answer is deemed necessary, the allegations of Paragraphs 4 through 2072 are denied for lack of sufficient information to justify a belief therein.

<u>DEFENDANTS</u>

5.      The allegations of paragraph 2073 are denied for lack of sufficient information to justify a belief therein.

<u>The Manufacturing Defendants</u>

6.      No answer by Kelley Drywall is deemed necessary in response to the allegations contained in Paragraphs 2074 through 2079, as they relate to the specific identities and roles of individual defendants.  Those allegations do not relate to Kelley Drywall.  To the extent an

answer is deemed necessary, the allegations of Paragraphs 2074 through 2079 are denied for lack of sufficient information to justify a belief therein.

The Distributor and Supplier Defendants

7.      No answer by Kelley Drywall is deemed necessary in response to the allegations contained in Paragraphs 2080 through 2128, as they relate to the specific identities and roles of individual defendants.  Those allegations do not relate to Kelley Drywall.  To the extent an answer is deemed necessary, the allegations of Paragraphs 2080 through 2128 are denied for lack of sufficient information to justify a belief therein.

The Developer/Builder Subclasses

8.      No answer by Kelley Drywall is deemed necessary in response to the allegations contained in Paragraphs 2129 through 2516, as they relate to the specific identities and roles of individual defendants.  Those allegations do not relate to Kelley Drywall.  To the extent an answer is deemed necessary, the allegations of Paragraphs 2129 through 2516 are denied for lack of sufficient information to justify a belief therein.

The Contractor/Installer Subclasses

9.      No answer by Kelley Drywall is deemed necessary in response to the allegations contained in Paragraphs 2517 through 2566, as they relate to the specific identities and roles of individual defendants.  Those allegations do not relate to Kelley Drywall.  To the extent an answer is deemed necessary, the allegations of Paragraphs 2517 through 2566 are denied for lack of sufficient information to justify a belief therein.

10.     The allegations of Paragraph 2567 are admitted only as to the location of Kelley Drywall's principle place of business.  All other allegations contained within Paragraph 2567 are denied and strict proof is demanded thereon.

11.     No answer by Kelley Drywall is deemed necessary in response to the allegations contained in Paragraphs 2568 through 2609, as they relate to the specific identities and roles of individual defendants.   Those allegations do not relate to Kelley Drywall.   To the extent an answer is deemed necessary, the allegations of Paragraphs 2568 through 2609 are denied for lack of sufficient information to justify a belief therein.

## FACTS REGARDING PRODUCT DEFECT

12.     The allegations of Paragraph 2610 are denied for lack of sufficient information to justify a belief therein.

13.     The allegations of Paragraph 2611 are denied for lack of sufficient information to justify a belief therein.

14.     The allegations of Paragraph 2612 are denied for lack of sufficient information to justify a belief therein.

15.     The allegations of Paragraph 2613 are denied for lack of sufficient information to justify a belief therein.

16.     The allegations of Paragraph 2614 are denied for lack of sufficient information to justify a belief therein.

17.     The allegations of Paragraph 2615 are denied as written.   Kelley Drywall denies the allegations of any tortuous activity on its part and demands strict proof thereon.

18.     The allegations of Paragraph 2616 are denied as written.   Kelley Drywall denies the allegations as they relate to it and demands strict proof thereon.

19.     The allegations of Paragraph 2617 are denied as written.   Kelley Drywall denies the allegations as they relate to it and demands strict proof thereon.

20.     The allegations of Paragraph 2618 are denied for lack of sufficient information to justify a belief therein.

21.     The allegations of Paragraph 2619 are denied for lack of sufficient information to justify a belief therein.

22.     The allegations of Paragraph 2620 are denied for lack of sufficient information to justify a belief therein.

<u>CLASS ACTION ALLEGATIONS</u>

<u>The Knauf Class</u>

23.     The allegations of Paragraph 2621 are denied for lack of sufficient information to justify a belief therein.

<u>The Distributor/Supplier Subclasses (Subclasses 1-43)</u>

24.     No answer by Kelley Drywall is deemed necessary in response to the allegations contained in Paragraphs 2622 through 2623, as they relate to the specific identities and roles of individual defendants.  Those allegations do not relate to Kelley Drywall.  To the extent an answer is deemed necessary, the allegations of Paragraphs 2622 through 2623 are denied for lack of sufficient information to justify a belief therein.

<u>The Importer/Exporter/Broker Subclasses (Subclasses 44-48)</u>

25.     No answer by Kelley Drywall is deemed necessary in response to the allegations contained in Paragraphs 2624 through 2625, as they relate to the specific identities and roles of individual defendants.  Those allegations do not relate to Kelley Drywall.  To the extent an answer is deemed necessary, the allegations of Paragraphs 2624 through 2625 are denied for lack of sufficient information to justify a belief therein.

<u>The Builder/Developer Subclasses (Subclasses 49-436)</u>

26.    No answer by Kelley Drywall is deemed necessary in response to the allegations contained in Paragraphs 2626 through 2627, as they relate to the specific identities and roles of individual defendants.  Those allegations do not relate to Kelley Drywall.  To the extent an answer is deemed necessary, the allegations of Paragraphs 2626 through 2627 are denied for lack of sufficient information to justify a belief therein.

The Contractor/Installer Subclasses (Subclasses 437-529)

27.    To the extent an answer is deemed necessary, the allegations of Paragraph 2628 are denied for lack of sufficient information to justify a belief therein.

28.    To the extent an answer is deemed necessary, the allegations of Paragraph 2629 are denied for lack of sufficient information to justify a belief therein. Kelley Drywall denies that it should be included as a defendant (Subclass #488) in any Chinese drywall litigation as Kelley Drywall was not in the business of manufacturing or selling drywall; therefore, it is not liable for latent defects and/or defective building materials supplied to it by suppliers.

General Class Allegations and Exclusions from the Class Definitions

29.    No answer by Kelley Drywall is deemed necessary in response to the allegations contained in Paragraph 2630. To the extent an answer is deemed necessary, the allegations of Paragraph 2630 are denied for lack of sufficient information to justify a belief therein.

30.    The allegations of Paragraph 2631 are denied for lack of sufficient information to justify a belief therein.

31.    The allegations of Paragraph 2632 are denied.

32.    The allegations of Paragraph 2633 are denied.

33.    The allegations of Paragraph 2634 are denied for lack of sufficient information to justify a belief therein.

34.     The allegations of Paragraph 2635 are denied for lack of sufficient information to justify a belief therein.

35.     The allegations of Paragraph 2636 are denied.

36.     The allegations of Paragraph 2637 are denied.

37.     The allegations of Paragraph 2638 are denied for lack of sufficient information to justify a belief therein.

38.     The allegations of Paragraph 2639 are denied for lack of sufficient information to justify a belief therein.

<u>COUNT I</u>
NEGLIGENCE
(Against All Defendants)

39.     Defendant, Kelley Drywall, adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

40.     The allegations of Paragraph 2641 are denied.

41.     The allegations of Paragraph 2642 are denied.

42.     The allegations of Paragraph 2643 are denied.

43.     The allegations of Paragraph 2644 are denied.

44.     The allegations of Paragraph 2645 are denied.

45.     The allegations of Paragraph 2646 are denied.

46.     The allegations of Paragraph 2647 are denied.

<u>COUNT II</u>
NEGLIGENCE PER SE
(Against All Defendants)

47.     Defendant, Kelley Drywall, adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

48.     The allegations of Paragraph 2649 are denied.

49.     The allegations of Paragraph 2650 are denied.

50.     The allegations of Paragraph 2651 are denied.

51.     The allegations of Paragraph 2652 are denied.

52.     The allegations of Paragraph 2653 are denied.

53.     The allegations of Paragraph 2654 are denied.


<u>COUNT III</u>
STRICT LIABILITY
(All Defendants)

54.     Defendant, Kelley Drywall, adopts and re-alleges its responses and defenses to previous

allegations as if fully set forth herein.

55.     The allegations of Paragraph 2656 are denied.

56.     The allegations of Paragraph 2657 are denied.

57.     The allegations of Paragraph 2658 are denied.

58.     The allegations of Paragraph 2659 are denied.

59.     The allegations of Paragraph 2660 are denied.

60.     The allegations of Paragraph 2661 are denied.

61.     The allegations of Paragraph 2662 are denied.

62.     The allegations of Paragraph 2663 are denied.

63.     The allegations of Paragraph 2664 are denied.

64.     The allegations of Paragraph 2665 are denied.

65.     The allegations of Paragraph 2666 are denied.

66.     The allegations of Paragraph 2667 are denied.

67.     The allegations of Paragraph 2668 are denied.

68.     The allegations of Paragraph 2669 are denied.

69.     The allegations of Paragraph 2670 are denied.

70.     The allegations of Paragraph 2671 are denied.

71.     The allegations of Paragraph 2672 are denied.

COUNT IV

BREACH OF EXPRESS AND/OR IMPLIED WARRANTY

(All Defendants)

72.     Defendant, Kelley Drywall, adopts and re-alleges its responses and defenses to previous

allegations as if fully set forth herein.

73.     The allegations of Paragraph 2674 are denied.

74.     The allegations of Paragraph 2675 are denied.

75.     The allegations of Paragraph 2676 are denied.

76.     The allegations of Paragraph 2677 are denied.

77.     The allegations of Paragraph 2678 are denied.

78.     The allegations of Paragraph 2679 are denied.

79.     The allegations of Paragraph 2680 are denied.

COUNT V

BREACH OF THE IMPLIED WARRANTY OF FITNESS AND MERCHANTABILITY

PURSUANT TO FLORIDA STATUTES SECTION 718.203

(On Behalf of Plaintiffs Who Own Condominiums in the State of Florida)

(Against Builders Only)

80.     Defendant, Kelley Drywall, adopts and re-alleges its responses and defenses to previous

allegations as if fully set forth herein.

81.     No answer by Kelley Drywall is deemed necessary in response to the allegations

contained in Count V, Breach of the Implied Warranty of Fitness and Merchantability Pursuant

to Florida Statutes Section 718.203, Paragraphs 2682 through 2692, as they relate to builders of

10

Florida condominiums.  Those allegations do not relate to Kelley Drywall as it is not a Florida condominium builder.  To the extent an answer is deemed necessary, the allegations of Paragraphs 2682 through 2692 are denied.

COUNT VI
BREACH OF THE IMPLIED WARRANTY OF HABITABILITY
(Against Builders Only)

82.     Defendant, Kelley Drywall, adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

83.     No answer by Kelley Drywall is deemed necessary in response to the allegations contained in Count VI, Breach of the Implied Warranty of Habitability, Paragraphs 2694 through 2699.  Those allegations do not relate to Kelley Drywall as it is not builder defendant.  To the extent an answer is deemed necessary, the allegations of Paragraphs 2694 through 2699 are denied.

COUNT VII
BREACH OF CONTRACT
(Against Builders Only)

84.     Defendant, Kelley Drywall, adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

85.     No answer by Kelley Drywall is deemed necessary in response to the allegations contained in Count VII, Breach of Contract, Paragraphs 2701 through 2703.  Those allegations do not relate to Kelley Drywall as it is not builder defendant.  To the extent an answer is deemed necessary, the allegations of Paragraphs 2701 through 2703 are denied.

COUNT VIII
VIOLATION OF THE LOUISIANA NEW HOME WARRANTY ACT
(Against Louisiana Builders Only)

86.     Defendant, Kelley Drywall, adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

87.     No answer by Kelley Drywall is deemed necessary in response to the allegations contained in Count VIII, Violation of the Louisiana New Home Warranty Act, Paragraphs 2705 through 2710.  Those allegations do not relate to Kelley Drywall as it is not a Louisiana builder.  To the extent an answer is deemed necessary, the allegations of Paragraphs 2705 through 2710 are denied.

COUNT IX
REDHIBITION
(By Louisiana Plaintiffs Against All Defendants)

88.     Defendant, Kelley Drywall, adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

89.     No answer by Kelley Drywall is deemed necessary in response to the allegations contained in Count IX, Redhibition, Paragraphs 2712 through 2720, although ostensibly directed to all Defendants.  To the extent an answer is deemed necessary, the allegations of Paragraphs 2712 through 2720 are denied.

COUNT X
LOUISIANA PRODUCTS LIABILITY ACT
(Manufacturing Defendants)
(Pleaded in the Alternative Against Distributor Defendants)

90.     Defendant, Kelley Drywall, adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

91.     No answer by Kelley Drywall is deemed necessary in response to the allegations contained in Count X, Louisiana Products Liability Act, Paragraphs 2722 through 2734.  Those

allegations do not relate to Kelley Drywall as it is not a manufacturing defendant.  To the extent an answer is deemed necessary, the allegations of Paragraphs 2722 through 2734 are denied.

<u>COUNT XI</u>
PRIVATE NUISANCE
(All Defendants)

92. Defendant, Kelley Drywall, adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

93.     The allegations of Paragraph 2736 are denied.

94.     The allegations of Paragraph 2737 are denied.

95.     The allegations of Paragraph 2738 are denied.

96.     The allegations of Paragraph 2739 are denied.

97.     The allegations of Paragraph 2740 are denied.

98.     The allegations of Paragraph 2741 are denied.

<u>COUNT XII</u>
NEGLIGENT DISCHARGE OF A CORROSIVE SUBSTANCE
(All Defendants)

99. Defendant, Kelley Drywall, adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

100.    The allegations of Paragraph 2743 are denied.

101.    The allegations of Paragraph 2744 are denied.

102.    The allegations of Paragraph 2745 are denied.

103.    The allegations of Paragraph 2746 are denied.

104.    The allegations of Paragraph 2747 are denied.

105.    The allegations of Paragraph 2748 are denied.

## COUNT XIII
## UNJUST ENRICHMENT
### (All Defendants)

106.    Defendant, Kelley Drywall, adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

107.    The allegations of Paragraph 2750 are denied.

108.    The allegations of Paragraph 2751 are denied.

109.    The allegations of Paragraph 2752 are denied.

## COUNT XIV
## VIOLATION OF CONSUMER PROTECTION ACTS
### (All Defendants)

110.    Defendant, Kelley Drywall, adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

111.    The allegations of Paragraph 2754 are denied for lack of information to justify belief therein.

112.    The allegations of Paragraph 2755 are denied.

113.    The allegations of Paragraph 2756 are denied.

114.    The allegations of Paragraph 2756 are denied.

115.    The allegations of Paragraph 2757 are denied.

## COUNT XV
## EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING
### (All Defendants)

116.    Defendant, Kelley Drywall, adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

117.    The allegations of Paragraph 2759 are denied.

118.    The allegations of Paragraph 2760 are denied.

119.    No answer is deemed necessary in response to Paragraph 2761.  To the extent an answer is deemed necessary by Kelley Drywall, the allegations of Paragraph 2761 are denied.

120.    The allegations of Paragraph 2762 are denied.

121.    The allegations of Paragraph 2763 are denied for lack of information to justify belief therein.

122.    The allegations of Paragraph 2764 are denied for lack of information to justify belief therein.

123.    The allegations of Paragraph 2765 are denied.

124.    The allegations of Paragraph 2766 are denied for lack of information to justify belief therein.

125.    The allegations of Paragraph 2767 are denied for lack of information to justify belief therein.

126.    The allegations of Paragraph 2768 are denied for lack of information to justify belief therein.

127.    The allegations of Paragraph 2769 are denied for lack of information to justify belief therein.

128.    The allegations of Paragraph 2770 are denied for lack of information to justify belief therein.

<u>DEMAND FOR JURY TRIAL</u>

No answer is deemed necessary in response to Plaintiffs' Demand for Jury Trial.  To the extent an answer is deemed necessary, the allegations contained therein are denied.

<u>PRAYER FOR RELIEF</u>

No answer is deemed necessary in response to Plaintiffs' Pray for Relief. To the extent an answer is deemed necessary, the allegations contained therein are denied.

129. All unnumbered and mis-numbered paragraphs, as well as any allegations claiming negligence and/or liability on the part of Kelley Drywall and all allegations not specifically answered herein are denied.

## RESERVATION OF RIGHT TO AMEND TO ADD CROSS-CLAIMS AND OR THIRD PARTY CLAIMS

130. Kelley Drywall, Inc. reserves the right to amend this Answer to assert Cross-Claims and/or Third Party claims against other parties as said claims ripen or become necessary.

## AFFIRMATIVE DEFENSES

AND NOW FURTHER ANSWERING, Defendant, Kelley Drywall, Inc., respectfully presents the following affirmative defenses:

## FIRST DEFENSE

Kelley Drywall adopts all affirmative defenses of other defendants similarly situated to the extent they are consistent with the defenses asserted herein.

## SECOND DEFENSE

This Court lacks jurisdiction over this defendant and over the controversy forming the basis of this litigation.

## THIRD DEFENSE

There is insufficiency of citation and service of process against this defendant.

## FOURTH DEFENSE

This Court lacks venue as alleged in the Petition.

## FIFTH DEFENSE

To the extent this product is, has been, or becomes subject to a recall by the U.S. Consumer Product Safety Commission, all state and federal legal and equitable defenses arising from said product recall are incorporated herein by reference.

SIXTH DEFENSE

The complaint, and each cause of action alleged therein, fails to state a claim against Kelley Drywall upon which relief may be granted.

SEVENTH DEFENSE

Plaintiffs' claims are barred in whole, or in part, by the doctrines of waiver, payment, estopples, and set-off.  Plaintiffs' claims are also barred in whole, or in part, by their own judicial admissions.

EIGHTH DEFENSE

All applicable federal and state prescriptive and/or preemptive statutory time limitations act as a bar to any recovery of Plaintiffs herein.

NINTH DEFENSE

Kelley Drywall's actions were not the actual or proximate cause of the claimed damages; hence, Plaintiffs ought not recover from it. Kelley Drywall specifically and affirmatively avers that the products manufactured by it were at all times reasonably fit and suitable for the purposes for which they were manufactured and sold, and denies that said products were in any manner defective for the use for which they were manufactured.

TENTH DEFENSE

Further answering, Kelley Drywall, alternatively avers that it is entitled to a set-off, reduction or credit for a *pro rata* virile share, for each of the entities whose products are shown to have caused Plaintiffs' damages, and/or for all entities and individuals whose fault or negligence are found to have caused or contributed to Plaintiffs' damages, regardless or whether those entities are parties to this action or are bankrupt.

ELEVENTH DEFENSE

Kelley Drywall specifically pleads the "state-of-the-art" defense to each and every allegation raised by Plaintiffs.  Kelley Drywall  denies any defects in its products and avers that at all pertinent times, its products were reasonably fit and suitable for the purposes for which they were manufactured and intended and were delivered with such advice as was consistent with the state of the existing medical and industrial art.

TWELFTH DEFENSE

Kelley Drywall denies the existence of or breach of any actual or implied warranty.

THIRTEENTH DEFENSE

Kelley Drywall denies Plaintiffs have a viable claim for punitive damages.  Plaintiffs' claims must fail under applicable state law, federal law and under provisions of the United States Constitution.  The standard by which defendants conduct is to be judged, with regard to the Plaintiffs claims for exemplary damages, as alleged, it vague and arbitrary, and as such denies due process in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

FOURTEENTH DEFENSE

The standard for determining the amount of exemplary damages are vague and provide no notice to defendants of the potential amount of damages, and subject to the unbridled discretion of the jury, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution.

FIFTEENTH DEFENSE

The imposition of punitive damages, as requested by Plaintiffs, would be criminal in nature and the rights given to any defendant in a criminal proceedings under the Fifth, Sixth, Eight, and Fourteenth Amendments to the United State Constitution.

SIXTEENTH DEFENSE

The imposition of exemplary damages against defendants would constitute cruel and unusual punishment in violation of the Eight Amendment to the United States Constitution.  Plaintiffs' request for exemplary damages exposes the defendants to multiple punishments for the same alleged, thereby, denying due process under the Fifth and Fourteenth Amendments of the United States Constitution.

SEVENTEENTH DEFENSE

Kelley Drywall denies that this action is appropriate for class actions status as to this Defendant.

EIGHTEENTH DEFENSE

Plaintiffs failed to mitigate their damages, if any.

NINETEENTH DEFENSE

Any claim for punitive damages herein is barred by the Eighth and Fifteenth Amendments of the United States Constitution and are prescribed.

## TWENTIETH DEFNSE

Plaintiffs failed to join as necessary and indispensable parties all of the manufacturers, distributors, suppliers, contractors, subcontractors, and other persons, firms, corporations, associations, and groups which provided drywall to the Plaintiffs, or which used such products in the vicinity of the Plaintiffs, thereby causing or substantially contributing to Plaintiffs' injuries. The failure to join such third parties demonstrates that complete relief cannot be accorded among those who are now parties to this suit.  The failure to join necessary and indispensable parties subjects Kelley Drywall to the substantial risk of incurring double, multiple, and otherwise inconsistent obligations for the damages claimed by Plaintiffs.

## TWENTY-FIRST DEFENSE

If Plaintiffs suffered any damages, as alleged, such injuries were caused, in whole or in part, by the actions or inactions of third parties, and not Kelley Drywall.  Kelley Drywall is not responsible for those damages.

## TWENTY-SECOND DEFENSE

Kelley Drywall gives notice that it intends to invoke any other defense that may become available or appear during the subsequent proceedings in this case and hereby reserves the right to amend this response to assert any such defense.

## TWENTY-THIRD DEFENSE

Kelley Drywall states that its investigation into the claims and defenses in this action continues, and it expressly reserves the right to modify, amend and/or supplement its defenses to this Complaint.  Kelley Drywall further gives notice that it intends to invoke any other defense

20

that may become available or appear during the subsequent proceedings in this case and hereby reserves its right to amend this response to assert any such defense.

TWENTY-FOURTH DEFENSE

Kelley Drywall denies any and all liability with regard to the allegations made in Plaintiffs' complaint.  Kelley Drywall specifically denies it ever owned, sold, distributed, delivered, supplied, or installed any drywall manufactured in China at any time.

TWENTY-FIFTH DEFENSE

Kelley Drywall provided no warranties as to any drywall that it installed.

TWENTY-SIXTH DEFENSE

In the alternative, Kelley Drywall allege the acts and omission for others for whom it may be held responsible, caused the damages alleged in the Petition in whole or in part and they are responsible for any damages sustained by Plaintiffs the extent caused by them.

TWENTY-SEVENTH DEFENSE

Kelley Drywall state that to the extent that any damages claimed by Plaintiffs were caused by the negligence of unrelated third parties who are not currently joined in this lawsuit, and otherwise currently unknown, but who will be indentified during discovery; Kelley Drywall is entitled to have those, as of now, unidentified third parties listed on the verdict form, so that fault may be appropriately apportioned.

TWENTY-EIGHTH DEFENSE

If Plaintiffs have heretofore settled or should hereafter settle for any of the alleged injuries and/or damages or loss with any parties, then Kelley Drywall is entitled to a credit for the virile portion of fault attributable to any and all settling defendants and/or third-party defendants.

21

WHEREFORE, Defendant, Kelley Drywall, Inc., prays that this Answer be deemed good and sufficient, and after due proceedings had, there be a judgment in favor and against Plaintiffs, dismissing with prejudice their claims at Plaintiffs' costs. Defendant further prays for all general and equitable relief to which it may be entitled.

Respectfully submitted,

s/ Glenn B. Adams
GLENN B. ADAMS (2316)
DENIA S. AIYEGBUSI (31549)
Porteous, Hainkel & Johnson, L.L.P.
704 Carondelet Street
New Orleans, LA  70130
Telephone:  (504) 581-3838
Facsimile: (504) 581-4069
Email: gadams@phjlaw.com
Email: daiyegbusi@phjlaw.com
*Attorneys for Kelley Drywall, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that Kelley Drywall, Inc.'s  above and foregoing Motions to Dismiss Pursuant to Federal Rules 12(b)(2) and 12(b)(3), Answer to Plaintiffs' Omnibus Class Action Complaint, and Affirmative Defenses has been served upon Plaintiffs' Liaison Counsel, Russ Herman at drywall@hhk.com and Defendants' Liaison Counsel, Kerry Miller at kmiller@frilot.com and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically file with the Clerk of Court of the United States District court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2047, on this 24th day of March, 2010.

s/ Glenn B. Adams
GLENN B. ADAMS
DENIA S. AIYEGBUSI