UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : : : : | MDL NO. 2047<br><br>SECTION: L<br><br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . :

THIS DOCUMENT RELATES TO:

|  |  |  |
|---|---|---|
| SAMUEL LEDFORD, individually and on behalf of others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. CV-09-4292 |
| v. | ) ) | |
| KNAUF GIPS KG; KNAUF PLASTERBOARD TIANJIN CO., LTD.; and MAZER SUPER DISCOUNT STORE et al., | ) ) ) ) | |
| Defendants. | ) ) | |

## Mazer's Discount Home Centers, Inc.'s Third-Party Complaint/ Crossclaim Against Devon International, Inc.

Mazer's Discount Home Centers, Inc., incorrectly designated in Samuel

Ledford's Complaint as Mazer Super Discount Store (hereinafter "Mazer"), asserts the

following third-party complaint and crossclaim against Devon International, Inc.

("Devon") in accordance with Rules 13 and 14, Fed. R. Civ. P.

*Nature of Claim*

1.     This case involves claims by Plaintiff Samuel Ledford, on behalf of himself and a proposed class of similarly situated persons, alleging that drywall purchased from Mazer was defective and caused damage to the property of the Plaintiff and to members of the proposed class and caused personal injury to the Plaintiff and to members of the proposed class.  Mazer denies the material allegations of the Plaintiffs and denies any liability for the alleged damages and injuries sustained, if any.  This third-party claim/crossclaim is brought by Mazer, the alleged retail seller of drywall to Plaintiff Ledford, against Devon, who sold the drywall at issue to Mazer, asserting that, for various reasons, Devon is responsible for reimbursing Mazer for its liability, if any is found, to Ledford and to any member of the proposed class based on Devon's breach of warranties on the drywall it supplied to Mazer and based upon the negligence and/or wantonness of Devon which previously caused damage to Mazer.

*Jurisdiction*

2.     This Court has jurisdiction over this these third-party claims/crossclaims in accordance with 28 U.S.C. § 1332 because the Third-Party Plaintiff, Mazer, is a citizen of Alabama and Delaware, and the Third-Party Defendant, Devon, is a citizen of Pennsylvania, thereby establishing complete diversity of citizenship, and because the value of the subject matter of this action exceeds $75,000.00.  The Court has

jurisdiction over the state-law claims under 28 U.S.C. § 1367 if it is determined that there is no independent basis of jurisdiction for those claims.

*Venue*

3.    Venue is proper in the Northern District of Alabama under 28 U.S.C. § 1391.

*Parties*

4.    Mazer's Discount Home Centers, Inc. is a Delaware corporation with its principal place of business in Jefferson County, Alabama.

5.    Devon is a Pennsylvania corporation with its principal place of business in Pennsylvania.

*Facts*

6.    Starting in 2006 and through 2007, Mazer purchased a total of approximately 100 to 130 truck loads of gypsum drywall from Devon.

7.    That drywall is alleged to have been manufactured in China.

8.    The only Chinese-manufactured drywall purchased and sold by Mazer was purchased by Mazer from Devon.  The drywall was supplied by Devon pursuant to a purchase agreement entered into between Devon and Mazer.

9.    Mazer sold the drywall purchased from Devon to consumers at retail. Devon knew or reasonably should have known that Mazer was going to sell the drywall it purchased from Devon to consumers at retail.

3

10.   Plaintiff Samuel Ledford filed this action in the United States District Court for the Northern District of Alabama, case no. 2:09-cv-00538, against Mazer and two companies who manufacture drywall in China.  The case was transferred for pretrial purposes to the United States District Court for the Eastern District of Louisiana, given the case no. 2:09-cv-4292, and was consolidated for pretrial purposes with other cases involving Chinese-manufactured drywall alleged to be defective in MDL 2047.

11.   Plaintiff Samuel Ledford alleges that he purchased drywall from Mazer.

12.   Plaintiff Samuel Ledford alleges that the drywall is defective and unreasonably dangerous in that, he claims, the drywall in its normal use in his house caused corrosion to HVAC coils and refrigerator units, certain electrical wiring and plumbing components, and caused allergic reactions, coughing, sinus and throat infection, eye irritation, respiratory problems and other health concerns.  Plaintiff Ledford alleges that the drywall emits sulfuric compounds that dissolve solder joints and corrode and blacken coils, copper tubing, electrical wiring, plumbing components, and other metals, which creates leaks and causes HVAC systems, refrigerators, and other electronic items and appliances to fail. Plaintiff Ledford alleges that the drywall also has a "noxious odor, akin to the smell of rotten eggs."

13.   Plaintiff Ledford has asserted claims against Mazer on behalf of himself and a class of others similarly situated.

4

14.  Plaintiff Ledford alleges that he and the proposed class members have suffered, and continue to suffer, damages caused by the drywall and the alleged corrosive effects of the sulfur compounds, which he contends include costs of inspection and the costs and expenses necessary to replace and remove the defective drywall, adjoining components, electrical wiring, interior finishes and personal property.  He also alleges that he and other members of his proposed class, who have used the drywall in their homes, have  suffered and continue to suffer personal injuries as a result of the drywall, including, but not limited to, allergic reactions, coughing, sinus and throat infection, eye irritation, respiratory problems and other health concerns.  Plaintiff Ledford also alleges that he and members of his proposed class have suffered diminution in the value of their homes.

15.  Plaintiff Ledford asserts a claim against Mazer in his Complaint, as amended, for products liability.  (Count III of Corrected First Amended Complaint.)

## Count I - Indemnity

16.  Mazer adopts and realleges paragraphs 4-15 of this Third-Party Complaint/Crossclaim as if specifically set forth herein.

17.  Mazer denies that it has any liability to Plaintiff Ledford or any members of the proposed class for the damages and injuries alleged in this action.  However,

if Mazer is found to be liable, any such liability is the result of the conduct of Devon, through negligence, wantonness, breach of contract, or breach of warranty.

18.   If Mazer is found to be liable to Ledford or members of the proposed class in this matter, Devon is liable to Mazer under a theory of common-law indemnification for loss, damages, costs and expenses, including attorneys' fees, that Mazer has incurred and will incur in defending the claims brought by Ledford and the proposed class for the amount of any judgment entered against Mazer in this action or amounts paid in settlement of this action.

19.   Mazer demands judgment against Devon in an amount deemed sufficient to indemnify and hold harmless Mazer against its loss, damages, costs and expenses, including attorneys' fees, incurred in defending the claims asserted by Plaintiff Ledford and/or his proposed class, and against any amount for which Mazer may be liable as a result of the claims asserted by Plaintiff Ledford and/or his proposed class either by judgment or by settlement.

**Count II - Breach of Implied Warranties of Merchantability and Fitness**

20.   Mazer adopts and realleges paragraphs 4-15 of this Third-Party Complaint/Crossclaim as if specifically set forth herein.

21.   Mazer denies that it has any liability to Plaintiff Ledford or any members of the proposed class for the damages and injuries alleged in this action.  However,

if Mazer is found to be liable, any such liability is the result of the conduct of Devon, through its breach of implied warranties.

22.   A warranty that the drywall shall be merchantable was and is implied in the contract for the sale of the drywall from Devon to Mazer.

23.   If Plaintiff Ledford or any members of the proposed class are successful in proving that the drywall was defective and not merchantable, as that term is defined by the Alabama Commercial Code, § 7-2-314, or other applicable version of the Uniform Commercial Code, then Devon has breached its implied warranty of merchantability and is liable to Mazer for the damages incurred due to the drywall.

24.   Devon had reason to know, or reasonably should have known, that at the time of sale to Mazer, the purpose of the drywall was for Mazer to sell it at retail to customers who would use the drywall in constructing and remodeling homes and buildings.  As such, a warranty of fitness for this purpose is implied in the contract or contracts between Mazer and Devon.

25.   If Plaintiff Ledford or any members of the proposed class are successful in proving that the drywall was defective and not fit for that purpose, then Devon has breached its implied warranty of fitness for a particular purpose, as set out by the Alabama Commercial Code, § 7-2-315, or other applicable version of the Uniform Commercial Code, and Devon is liable to Mazer for the damages incurred due to the drywall.

26.  Mazer demands judgment against Devon in an amount deemed sufficient to reimburse Mazer for any amount for which Mazer may be liable as a result of the claims asserted by Plaintiff Ledford and/or his proposed class either by judgment or by settlement.  Mazer also seeks reimbursement of costs and expenses, including attorneys' fees, incurred in defending the claims asserted by Plaintiff Ledford and/or his proposed class.

## Count III - Breach of Contract

27.  Mazer adopts and realleges paragraphs 4-15 of this Third-Party Complaint/Crossclaim as if specifically set forth herein.

28.  Mazer denies that it has any liability to Plaintiff Ledford or any members of the proposed class for the damages and injuries alleged in this action.  However, if Mazer is found to be liable, any such liability is the result of the conduct of Devon, through its breach of the contract or contracts with Mazer.

29.  If Plaintiff Ledford or any members of the proposed class are successful in proving that the drywall was defective, then Devon has breached its contract or contracts for the sale of drywall to Mazer, and Devon is liable to Mazer for the damages incurred due to the drywall.

30.  Mazer demands judgment against Devon in an amount deemed sufficient to reimburse Mazer for any amount for which Mazer may be liable as a result of the

claims asserted by Plaintiff Ledford and/or his proposed class either by judgment or by settlement.  Mazer also seeks reimbursement of costs and expenses, including attorneys' fees, incurred in defending the claims asserted by Plaintiff Ledford and/or his proposed class.

### Count IV - Negligence

31. Mazer adopts and realleges paragraphs 4-30 of this Third-Party Complaint/Crossclaim as if specifically set forth herein.

32.  Mazer denies that it has any liability to Plaintiff Ledford or any members of the proposed class for the damages and injuries alleged in this action. However, if Mazer is found to be liable to the Plaintiffs for negligence in selling the Chinese Drywall to Ledford or any members of the proposed class than any such liability is solely the result of the negligent conduct of Devon in selling the Chinese Drywall to Mazer, and not from any conduct of Mazer.

33.  If Mazer is found to be liable to Plaintiff and/or his proposed class for negligence then it is due to the negligent conduct of Devon, and Mazer demands judgment against Devon in an amount deemed sufficient to reimburse Mazer for any amount for which Mazer may be liable as a result of the claims asserted by Plaintiff Ledford and/or his proposed class either by judgment or by settlement. Mazer also demands judgment against Devon awarding Mazer reimbursement of costs and

expenses, including attorneys' fees and costs incurred in defending the claims asserted

by Plaintiff Ledford and/or his proposed class.

### Jury Demand

### Mazer demands a trial by struck jury.

Respectfully submitted and filed on March _____, 2010, using one of the below-listed attorneys' CM/ECF user log-in and password as a signature in accordance with Rule 8 of the Court's Administrative Procedures for Electronic Case Filing,

 s/ *Larry S. Logsdon*
Larry  S. Logsdon
Voice:    (205) 874-0341
Fax:       (205) 874-3241
E-mail: llogsdon@wallacejordan.com

 s/ *Michael L. Jackson*
Michael L. Jackson
Voice:    (205) 874-0315
Fax:       (205) 874-3251
E-mail: mjackson@wallacejordan.com

Attorneys for the Defendant designated as Mazer Super Discount Store

Of Counsel:

Wallace, Jordan, Ratliff & Brandt, L.L.C.
Post Office Box 530910
Birmingham, Alabama 35253
Voice:  (205) 870-0555

Christopher A. Bottcher
E-mail: cbottcher@sirote.com

Mary Blanche Hankey
E-mail: mhankey@sirote.com

C. Lee Reeves
E-mail: lreeves@sirote.com

Attorneys for the Defendant designated as
Mazer Super Discount Store

Of Counsel:

Sirote & Permutt, P.C.
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Voice:    (205) 930-5100
Fax:        (205) 930-5101

## Certificate of Service

I certify that on March ___, 2010, the above and foregoing *Mazer's Discount Home Centers, Inc.'s Third-Party Complaint/ Crossclaim Against Devon International, Inc.* was served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendant's Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

    s/ *Michael L. Jackson*
Michael L. Jackson
Wallace, Jordan, Ratliff & Brandt, L.L.C.
Post Office Box 530910
Birmingham, Alabama 35253
Voice:  (205) 874-0315
Fax:     (205) 874-3251
E-mail:  mjackson@wallacejordan.com