UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL NO. 2:09-md-02047 |
| | | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | * * | MAGISTRATE WILKINSON |
| SEAN AND BETH PAYTON, et al VS. KNAUF GIPS, et al CASE NO. 2:09-cv-7628 | * * * * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT E. JACOB CONSTRUCTION, INC.'S AFFIRMATIVE DEFENSES AND ANSWER TO PLAINTIFFS' OMNIBUS CLASS ACTION COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes E. Jacob Construction, Inc. ("Defendant"), erroneously named as E. Jacob Fakouri Construction, Inc., who responds to the allegations contained in Plaintiffs' Omnibus Class Action Complaint (I) (the "Complaint") with a general denial of each and every allegation that Defendant designed, manufactured, imported, distributed, delivered, supplied, marketed, inspected, installed or sold any defective drywall at issue in this litigation. Defendant otherwise responds to the Complaint as follows:

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Plaintiffs fail to state a claim or right and/or cause of action upon which relief may be granted against this defendant.

## SECOND DEFENSE

Defendant affirmatively pleads herein all affirmative defenses available to it under Rule 12(b) of the Federal Rules of Civil Procedure, and reserves the right to assert any additional defenses allowed by law that may be discovered during the course of additional investigation and discovery.

## THIRD DEFENSE

The Plaintiffs' sole and exclusive remedy against Defendant, the entitlement to which is specifically denied, is by way of the Louisiana New Home Warranty Act, La. R.S. 9:3141 *et seq.*

## FOURTH DEFENSE

Defendant further pleads La. R.S. 9:2771 in its entirety and all defenses created therein. Further, Defendant asserts that pursuant to La. R.S. 9:2771, the work it performed at the locations at issue was performed in accordance with the plans and specifications furnished to it which it did not make, and therefore, this defendant is not liable for any defects that may exist as a result of the fault or insufficiency of such plans or specifications.

## FIFTH DEFENSE

The claims asserted in the Complaint may be barred, in whole or in part, due to Plaintiffs' or the putative class members' failure to mitigate their alleged damages.

## SIXTH DEFENSE

Defendant specifically pleads that the sole cause of the damages and injuries sued upon herein were caused only and solely by the superseding and intervening negligence and/or fault of third parties or other entities over whom Defendant exercised no control

and/or supervision, and for whose negligence and/or fault Defendant cannot be held legally responsible.

## SEVENTH DEFENSE

The claims asserted in the Complaint may be time barred, in whole or in part, due to laches, statute(s) of limitations, prescription and/or peremption.

## EIGHTH DEFENSE

Defendant prays for and is entitled to, as a matter of law, a reduction of damages based on percentages of fault of any released party.

## NINTH DEFENSE

Defendant pleads and incorporates by reference the defenses, terms and conditions contained within all contracts that existed between any and all parties to this litigation and any company, individual or entity not yet named a party to this litigation.

## TENTH DEFENSE

Defendant reaffirms and re-alleges the affirmative defenses filed by any other co-defendants in this litigation, to the extent they do not assert or impute liability to Defendant, all as if copied herein *in extenso*.

## ELEVENTH DEFENSE

The Plaintiffs' claims against Defendant may be barred due to lack of jurisdiction over the subject matter and/or by the failure to exhaust any and all administrative remedies which may be afforded to the parties.

## TWELFTH DEFENSE

The Plaintiffs or putative class members have not alleged or sustained any actual damages that were proximately caused by Defendant.

### THIRTEENTH DEFENSE

The Plaintiffs' or putative class members' claims as set forth in the Omnibus Class Action Complaint are barred by prescription and/or are perempted under the New Home Warranty Act, La. R.S. 9:3141 *et seq.*

### FOURTEENTH DEFENSE

Defendant is entitled to a set-off and/or credit and/or recoupment against any and all alleged damages that Plaintiffs or putative class members seek to collect in this litigation.

### FIFTEEN DEFENSE

Solely in the alternative, Defendant asserts that any damages sustained by the Plaintiffs or putative class members are a result of their own negligence, fault, or deviation of their duties under the circumstances, and as such, serve as a bar to or in mitigation from any right of recovery herein.

### SIXTEENTH DEFENSE

Defendant further pleads estoppel and/or acceptance of the construction work to the extent that the Plaintiffs or the putative class members were aware of any alleged defects or deficiencies. Defendant further reserves the right to add any party, and/or to file any cross claims necessary to defend this matter on giving counsel and this Honorable Court appropriate notice of same.

### SEVENTEENTH DEFENSE

Defendant requests a trial by jury on all issues.

### EIGHTEENTH DEFENSE

Defendant is entitled to indemnity and defense from other juridical persons both named and not yet named in this litigation.

### NINETEENTH DEFENSE

The Plaintiffs have failed to join necessary and indispensable parties required to properly adjudicate this case.

### TWENTIETH DEFENSE

The Plaintiffs' allegations contained in the Omnibus Class Action Complaint are vague and ambiguous as to Defendant and should, therefore, be dismissed.

### TWENTY-FIRST DEFENSE

The claims for punitive damages against Defendant are in violation of the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States of America, which prohibits the imposition of excessive and/or arbitrary punishments against tortfeasors. Said claims should, therefore, be dismissed.

### TWENTY-SECOND DEFENSE

The Complaint is premature as any plaintiff failed to give the builder written notice and a reasonable opportunity to comply with the provisions of the New Home Warranty Act, Louisiana R.S. 9:3145, or to give the seller notice with an opportunity to repair.

### TWENDY-THIRD DEFENSE

The class action allegations in the Complaint fail to meet the prerequisites for a Class Action as to the claims against this defendant, and more generally, in that:

a) The alleged class does not meet the numerosity requirement and joinder of all alleged members of the class is not impracticable as to the claims made against this defendant;

b) The questions of law or fact common to the alleged members of the class do not predominate over individual questions of law and fact, particularly with regard to individual liability, causation, and damages issues;

c) The named plaintiffs do not fairly and adequately protect the interest of the alleged class members and do not have claims typical of the other alleged class members, particularly as applied to this defendant;

d) Other grounds to be proven at the trial of this matter.

## TWENTY-FOURTH DEFENSE

The Complaint fails to state a claim against this defendant for negligence, negligence per se, strict liability, breach of express and/or implied warranties, breach of implied warranty of habitability, breach of contract, redhibition, Louisiana Products Liability Act liability, private nuisance, negligent discharge of a corrosive substance, unjust enrichment, violations of the Louisiana Unfair Trade Practices Act, violations of any consumer protection act, equitable and injunctive relief, medical monitoring, punitive damages, and attorney's fees.

## TWENTY-FIFTH DEFENSE

The claims have prescribed based on the time limit of the warranties provided by Louisiana R.S. 9:3144.

## TWENTY-SIXTH DEFENSE

The claims are perempted by the peremption period provided in Louisiana R.S. 9:3146 and the warranty time limits provided by Louisiana R.S. 9:3144.

## TWENTY-SEVENTH DEFENSE

The remedies and warranties of the New Home Warranty Act are exclusive relative to home construction and no other provisions of law relative to warranties and redhibitory devices and defects apply and the New Home Warranty Act warranties are limited exclusively to those provided by Louisiana R.S. 9:3144.

## TWENTY EIGHTH DEFENSE

Any damages to which any plaintiff is entitled to recover are limited to reasonable costs of repair or replacement necessary to cure any defects or the original purchase price of the home, as set forth in Louisiana R.S. 9:3149.

**AND NOW**, further answering, Defendant responds to the Complaint as follows:

1. The Introductory Paragraph of the Complaint does not require a response. To the extent a response might be required, however, Defendant denies any allegations contained therein.

2. The allegations of Paragraphs 1 through 3 of the Complaint state conclusions of law, and therefore, require no response. To the extent a response might be required, however, Defendant denies any allegations contained therein for lack of sufficient information to justify a belief therein.

3. The allegations contained in Paragraphs 4 through 2072 of the Complaint pertain to parties other than Defendant and, therefore, do not require a response. To the

extent a response might be required, however, Defendant denies any allegations contained therein for lack of sufficient information to justify a belief therein.

4. Defendant admits that it is a Louisiana corporation. The remaining allegations of Paragraph 2073 are, however, denied for lack of sufficient information to justify a belief therein.

5. The allegations contained in Paragraphs 2074 through 2079 of the Complaint pertain to parties other than Defendant and, therefore, do not require a response. To the extent a response might be required, however, Defendant denies any allegations contained therein for lack of sufficient information to justify a belief therein.

6. The allegations contained in Paragraphs 2080 through 2123 of the Complaint pertain to parties other than Defendant and, therefore, do not require a response. To the extent a response might be required, however, Defendant denies any allegations contained therein for lack of sufficient information to justify a belief therein.

7. The allegations contained in Paragraphs 2124 through 2128 of the Complaint pertain to parties other than Defendant and, therefore, do not require a response. To the extent a response might be required, however, Defendant denies any allegations contained therein for lack of sufficient information to justify a belief therein.

8. The allegations contained in Paragraphs 2129 through 2221 of the Complaint pertain to parties other than Defendant and, therefore, do not require a response. To the extent a response might be required, however, Defendant denies any allegations contained therein for lack of sufficient information to justify a belief therein.

9. Defendant denies the allegations contained in Paragraph 2222 of the Complaint, except to admit that Defendant is a Louisiana corporation.

10. The allegations contained in Paragraphs 2223 through 2516 of the Complaint pertain to parties other than Defendant and, therefore, do not require a response. To the extent a response might be required, however, Defendant denies any allegations contained therein for lack of sufficient information to justify a belief therein.

11. The allegations contained in Paragraphs 2517 through 2542 of the Complaint pertain to parties other than Defendant and, therefore, do not require a response. To the extent a response might be required, however, Defendant denies any allegations contained therein for lack of sufficient information to justify a belief therein.

12. Defendant denies the allegations contained in Paragraph 2543 of the Complaint, except to admit that Defendant is a Louisiana corporation.

13. The allegations contained in Paragraphs 2544 through 2609 of the Complaint pertain to parties other than Defendant and, therefore, do not require a response. To the extent a response might be required, however, Defendant denies any allegations contained therein for lack of sufficient information to justify a belief therein.

14. Defendant lacks sufficient knowledge or information to form a viable opinion regarding the veracity of the allegations contained in Paragraphs 2610 through 2620 of the Complaint.

15. Paragraph 2621 of the Complaint does not require a response. To the extent a response might be required, however, Defendant denies any allegations contained therein.

16. The allegations contained in Paragraphs 2622 through 2623 of the Complaint pertain to parties other than Defendant and, therefore, do not require a

response. To the extent a response might be required, however, Defendant denies any allegations contained therein for lack of sufficient information to justify a belief therein.

17. The allegations contained in Paragraphs 2624 through 2625 of the Complaint pertain to parties other than Defendant and, therefore, do not require a response. To the extent a response might be required, however, Defendant denies any allegations contained therein for lack of sufficient information to justify a belief therein.

18. To the extent the allegations contained in Paragraphs 2626 through 2627 pertain to and/or are directed to Defendant, said allegations are denied. Otherwise, the allegations contained therein are denied for lack of sufficient information to justify a belief therein.

19. To the extent the allegations contained in Paragraphs 2628 through 2629 pertain to and/or are directed to Defendant, said allegations are denied. Otherwise, the allegations contained therein are denied for lack of sufficient information to justify a belief therein.

20. The allegations contained in Paragraphs 2630 through 2639 state legal conclusions and/or pertain to parties other than Defendant, and therefore, do not require a response. To the extent a response might be required, however, Defendant denies any allegations contained therein for lack of sufficient information to justify a belief therein.

21. With respect to Paragraphs 2640 through 2647 of the Complaint, Defendant hereby adopts and restates the preceding paragraphs as if fully set forth herein, and further, denies all allegations contained therein.

22. With respect to Paragraphs 2648 through 2654 of the Complaint, Defendant hereby adopts and restates the preceding paragraphs as if fully set forth herein, and further denies all allegations contained therein.

23. With respect to Paragraphs 2655 through 2672 of the Complaint, Defendant hereby adopts and restates the preceding paragraphs as if fully set forth herein, and further, denies all allegations contained therein.

24. With respect to Paragraphs 2673 through 2680 of the Complaint, Defendant hereby adopts and restates the preceding paragraphs as if fully set forth herein, and further, denies all allegations contained therein.

25. With respect to Paragraphs 2681 through 2692 of the Complaint, Defendant hereby adopts and restates the preceding paragraphs as if fully set forth herein, and further, denies all allegations contained therein.

26. With respect to Paragraphs 2693 through 2699 of the Complaint, Defendant hereby adopts and restates the preceding paragraphs as if fully set forth herein, and further, denies all allegations contained therein.

27. With respect to Paragraphs 2700 through 2703 of the Complaint, Defendant hereby adopts and restates the preceding paragraphs as if fully set forth herein, and further, denies all allegations contained therein.

28. With respect to Paragraphs 2704 through 2710 of the Complaint, Defendant hereby adopts and restates the preceding paragraphs as if fully set forth herein, and further, denies all allegations contained therein.

**29.**   With respect to Paragraphs 2711 through 2720 of the Complaint, Defendant hereby adopts and restates the preceding paragraphs as if fully set forth herein, and further, denies all allegations contained therein.

**30.**   With respect to Paragraphs 2721 through 2734 of the Complaint, Defendant hereby adopts and restates the preceding paragraphs as if fully set forth herein, and further, denies all allegations contained therein.

**31.**   With respect to Paragraphs 2735 through 2741 of the Complaint, Defendant hereby adopts and restates the preceding paragraphs as if fully set forth herein, and further, denies all allegations contained therein.

**32.**   With respect to Paragraphs 2742 through 2748 of the Complaint, Defendant hereby adopts and restates the preceding paragraphs as if fully set forth herein, and further, denies all allegations contained therein.

**33.**   With respect to Paragraphs 2749 through 2752 of the Complaint, Defendant hereby adopts and restates the preceding paragraphs as if fully set forth herein, and further, denies all allegations contained therein.

**34.**   With respect to Paragraphs 2753 through 2757 of the Complaint, Defendant hereby adopts and restates the preceding paragraphs as if fully set forth herein, and further, denies all allegations contained therein.

**35.**   With respect to Paragraphs 2758 through 2770 of the Complaint, Defendant hereby adopts and restates the preceding paragraphs as if fully set forth herein, and further, denies all allegations contained therein.

**36.**   To the extent the Demand for Jury Trial Paragraph contains allegations that pertain to and/or are directed to Defendant, said allegations are denied.

37. Plaintiffs' Prayer for Relief does not require a response. To the extent that a response might be required, however, Defendant denies any allegations contained therein.

**WHEREFORE** Defendant, E. Jacob Construction, Inc., respectfully requests that this, its Answer and Affirmative Defenses, be deemed good and sufficient and that, after due proceedings had, there be judgment in favor of Defendant, dismissing all of the Plaintiffs' claims, with prejudice, and at Plaintiffs' sole costs, and in granting such other and further equitable relief as the Court shall deem to be just and proper.

Respectfully Submitted:

**LAWRENCE & ASSOCIATES**

By: ***/John S. Lawrence, Jr.***
John S. Lawrence Jr., a P.L.C. (#19678)
David P. Curlin (#20771)
Matthew L. Devereaux (#32125)
225 St. Ann Drive
Mandeville, Louisiana 70471
Telephone: (985) 674-4446
Facsimile: (985) 674-4450

*Co-Counsel for Defendant,* E. Jacob Construction, Inc.

**LOEB & LOEB, LLC**

By: ***/J. Scott Loeb***
J. Scott Loeb (#25771)
Jonas P. Baker (#25563)
225 St. Ann Drive
Mandeville, Louisiana 70471
Telephone: (985) 674-4446
Facsimile: (985) 674-4450

*Co-Counsel for Defendant,* E. Jacob Construction, Inc.

**CERTIFICATE OF SERVICE**

I, hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 25TH day of March 2010.

                                                */ John S. Lawrence, Jr.*
                                                John S. Lawrence, Jr.