UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * * | MDL NO. 2047 |
| | | SECTION: "L" |
| | | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: Civil Action No.: 10-CV-688 | * * | MAG. WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**ANSWER & AFFIRMATIVE DEFENSES OF DEFENDANT
PROPERTY & CASUALTY INSURANCE COMPANY OF HARTFORD**

**NOW INTO COURT**, through undersigned counsel, comes Defendant Property & Casualty Insurance Company of Hartford ("Hartford"), which hereby responds to the allegations in the Plaintiff's Complaint as follows:

1.      Hartford denies the allegations in Paragraph 1 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein, and leaves the Plaintiff to his proof.

2.      Hartford admits the allegations in Paragraph 2.

3.      Hartford admits that venue is proper in the United States District Court for the Eastern District of Louisiana. Hartford denies the remaining allegations in Paragraph 3.

4.      Hartford admits that it issued to the Plaintiff a Homeowners insurance policy, bearing policy number 55RBC633324, effective from October 11, 2008 to October 11, 2009 (hereinafter "the Policy") and that the Policy provides certain coverage for risks of direct physical loss to covered property according to the terms, conditions, exclusions, limitations and other provisions, including

all limits of insurance, contained in the full text of the Policy.  Hartford states the Policy speaks for itself.  Hartford denies the remaining allegations in Paragraph 4.

5.      Hartford admits that the Policy has limits of insurance of the following: (1) Coverage A (Dwelling) - $182,000, (2) Coverage C (Personal Property) - $16,000, and (3) Coverage D (Loss of Use) - $6,400.  Hartford denies the remaining allegations in Paragraph 5.

6.      Hartford admits that the Plaintiff reported an insurance claim for loss caused by the use of Chinese-manufactured drywall in the construction of his home, that Hartford's investigation of the claim established that drywall in the home was stamped with the word "China", and that there is no coverage available for the claim.  Hartford denies the remaining allegations in Paragraph 6.

7.      Hartford admits that the Plaintiff reports that drywall used in the construction of the Plaintiff's home off-gasses odorous and noxious gases and caused corrosion of certain household items in the Plaintiff's home.  Hartford denies the remaining allegations in Paragraph 7 because it lacks sufficient information to justify a belief as to the truth of the matters, and leaves the Plaintiff to his proof.

8.      Hartford admits that the Plaintiff reports that drywall used in the construction of the Plaintiff's home off-gasses odorous and noxious gases.  Hartford denies the allegations concerning physical injuries to the Plaintiff and his tenants because it lacks sufficient information to justify a belief as to the truth of the matters, and leaves the Plaintiff to his proof.

9.      Hartford admits that the Plaintiff reports that drywall used in the construction of the Plaintiff's home off-gasses odorous and noxious gases.  Hartford denies the allegation that the nose

- 3 -

bleeds, headaches, and respiratory problems allegedly sustained by the Plaintiff and his tenants constitute physical loss or damage within the meaning of the Policy, and Hartford lacks sufficient information to justify a belief as to the truth of the matter concerning whether such physical injuries actually took place, and leaves the Plaintiff to his proof.  Hartford denies the remaining allegations in Paragraph 9.

10. Hartford admits that the Policy provides certain coverage for risks of direct physical loss to covered property according to the terms, conditions, exclusions, limitations and other provisions, including all limits of insurance, contained in the full text of the Policy.  Hartford states the Policy speaks for itself.  Hartford denies the remaining allegations in Paragraph 10.

11. Hartford admits that Steve Rossman was informed of the Plaintiff's claim and of the Plaintiff's belief that it related to Chinese drywall in his home.  Hartford denies the remaining allegations in Paragraph 11.

12. Hartford denies the allegations in Paragraph 12.

13. Hartford admits that within seven (7) days of receiving notice of the Plaintiff's claim, Paul Giangrosso inspected the Plaintiff's home and took photographs.  Hartford denies the remaining allegations in Paragraph 13.

14. Hartford admits that it sent the Plaintiff a letter dated June 23, 2009 that identified several provisions in the Policy precluding coverage for the claim, and that the letter speaks for itself.  Hartford further admits that there is no coverage under the Policy for the Plaintiff's claim.  Hartford denies the remaining allegations in Paragraph 14.

- 4 -

15. Hartford denies the allegations in Paragraph 15.

16. Hartford admits that the Policy is a valid contract of insurance between the Plaintiff and Hartford. Hartford denies the remaining allegations in Paragraph 16.

17. Hartford denies the allegations in Paragraph 17.

18. Hartford admits that the Plaintiff reports that drywall used in the construction of the Plaintiff's home off-gasses odorous and noxious gases, and that the foregoing caused the alleged loss. Hartford further admits that the alleged loss is not covered under the Policy and that it has not made a payment under the Policy for the alleged loss. Hartford denies the remaining allegations in Paragraph 18.

19. Hartford denies the allegations in Paragraph 19.

20. Hartford denies the allegations in Paragraph 20

21. Hartford denies the allegations in Paragraph 21.

22. Hartford denies the allegations in Paragraph 22.

23. Hartford denies the allegations in Paragraph 23.

To the extent a response to the WHEREFORE clause is required, Hartford denies all allegations contained in it.

## FIRST AFFIRMATIVE DEFENSE

24. The Complaint fails to state a claim upon which relief may be granted.

- 5 -

## SECOND AFFIRMATIVE DEFENSE

25.  Any amount payable under the Policy is subject to all applicable deductibles and all applicable limits and sub-limits of insurance.

## THIRD AFFIRMATIVE DEFENSE

26.  The Plaintiff is barred from any recovery against Hartford to the extent that he failed to mitigate his damages in any way, including but not limited to failing to pursue an insurance claim through insurance coverage required by Louisiana Revised Statutes section 1123.112, *et seq*.

## FOURTH AFFIRMATIVE DEFENSE

27.  A bona fide controversy existed and continues to exist concerning the Plaintiff's' entitlement to insurance benefits from Hartford.  As such, the Plaintiff has no claim for extra-contractual liability, including under La. R.S. 22:1973 and La. R.S. 22:1892.

## FIFTH AFFIRMATIVE DEFENSE

28.  To the extent that the Plaintiff prays for punitive, exemplary, or otherwise enhanced damages, Hartford invokes its rights under the due process clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE

29.  To the extent that the Plaintiff prays for punitive, exemplary, or otherwise enhanced damages, such request should be denied because it violates the equal protection rights guaranteed by

the Fifth and Fourteenth Amendments to the Constitution of the United States and the provisions of the Eighth Amendment to the Constitution of the United States.

## SEVENTH AFFIRMATIVE DEFENSE

30. To the extent that the Plaintiff failed to fulfill one or more conditions to recovery under the Policy, including without limitation providing timely notice and a detailed description and inventory of the alleged loss, no payment is due under the Policy.

## EIGHTH AFFIRMATIVE DEFENSE

31. The Policy provides the following:

Even if any of the terms of this policy might be construed otherwise, the following Perils, as described in Paragraphs A. and B. below, are **SPECIFICALLY EXCEPTED FROM THIS POLICY. WE DO NOT COVER OR INSURE AGAINST LOSS OR DAMAGE DIRECTLY OR INDIRECTLY CAUSED BY, RESULTING FROM, CONTRIBUTED TO OR AGGRAVATED BY, OR WHICH WOULD NOT HAVE OCCURRED BUT FOR EITHER OF THESE PERILS:**

**A.   ACTS, ERRORS OR OMISSIONS** by you or others in:

. . . .

    3.    The design, specifications, workmanship, repair, construction, renovation, remolding [sic], grading or compaction of all or any part of the following:
        a.    land or buildings or other structures;
        . . . .
        c.    Other improvements or changes in or additions to land or other property.

    4.    The furnishing of work, materials, parts or equipment in connection with the design, specifications, workmanship, repair, construction, renovation, remodeling, grading or compaction of any of the above property or facilities; or

     5.     The maintenance of such property or facilities

### NINTH AFFIRMATIVE DEFENSE

32.     The Policy only insures against risk of direct physical loss to covered property.

### TENTH AFFIRMATIVE DEFENSE

33.     The Policy provides the following:

     2.     We do not insure, however, for loss:

          c.     Caused by:

               (6)     Any of the following:

                     (b)     Mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;

### ELEVENTH AFFIRMATIVE DEFENSE

34.     The Policy provides the following:

     2.     We do not insure, however, for loss:

          c.     Caused by:

               (6)     Any of the following:

                     (c)     Smog, rust or other corrosion or dry rot;

### TWELFTH AFFIRMATIVE DEFENSE

35.     The Policy provides the following:

     2.     We do not insure, however, for loss:

          c.     Caused by:

> > (6) Any of the following:
> >
> > > (e) Discharge, dispersal, seepage, migration, release or escape of pollutants unless the discharge, dispersal, seepage, migration, release or escape is itself caused by a Peril Insured Against named under Coverage C of this policy.
> > >
> > > Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste.

## THIRTEENTH AFFIRMATIVE DEFENSE

36. The Policy provides the following:

We do not insure for loss to property described in Coverage A caused by any of the following.

> . . . .
>
> 3. Faulty, inadequate or defective:
>
> > . . . .
> >
> > b. Design, specifications, workmanship, repair, construction [sic], renovation, remodeling, grading, compaction;
> >
> > c. Materials used in repair, construction, renovation or remodeling; or
> >
> > d. Maintenance;
>
> of part or all of any property whether on or off the "residence premises".

### FOURTEENTH AFFIRMATIVE DEFENSE

37.     The Policy provides the following:

If, at the time of the loss, there is other insurance or a service agreement in the name of the a corporation or association of property owners covering the same property covered by this policy, this insurance policy will be excess over the amount recoverable under such other insurance or service agreement.

### FIFTHTEENTH AFFIRMATIVE DEFENSE

38.     The Policy provides the following:

C.      Loss Settlement:

. . . .

       2.      Coverage A – Dwelling :

            a.      If the damage is repaired or replaced within a reasonable time, at the actual cost to repair or replace;
            b.      If the damage is not repaired or replaced with a reasonable time, at actual cash value but not more than the amount required to repair or replace.

### SIXTEENTH AFFIRMATIVE DEFENSE

39.     The Policy does not provide coverage for the injuries to the Plaintiff and his tenants alleged in Paragraphs 8 and 9 of the Petition For Damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

40.     The Policy applies only to loss which occurs during the policy period.

### EIGHTEENTH AFFIRMATIVE DEFENSE

41. The Plaintiff is not entitled to relief that attempts to avoid the application or enforcement of any terms, conditions, exclusions, limitations and other provisions, including all limits of insurance, contained in the full text of the Policy.

### JURY DEMAND

42. Hartford claims a trial by jury of all issues so triable.

Hartford reserves the right to amend its answer and affirmative defenses and to assert any additional defenses or any other applicable terms, conditions, exclusions, limitations and other provisions, including all limits of insurance, contained in the full text of the Policy that may become apparent during Hartford's ongoing investigation and discovery.

**WHEREFORE**, Hartford prays that the claims asserted against it in the Complaint be dismissed with prejudice and Judgment be entered directing that the Plaintiff take nothing from Hartford in this action. Hartford further prays that it be awarded reasonable costs and such other and further relief as may be appropriate.

Respectfully submitted,

/s/ Seth A. Schmeeckle
Ralph S. Hubbard, III (La. Bar #7040)
Seth A. Schmeeckle, Esq. (La. Bar #27076)
**Lugenbuhl, Wheaton, Peck, Rankin
 & Hubbard**
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Tel: (504) 568-1990 Ext. 119
Fax: (504) 310-9195
e-mail: rhubbard@lawla.com
sschmeeckle@lawla.com
**Counsel for Property & Casualty Insurance Company of Hartford**

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of March 2010, a copy of the foregoing has been served upon all counsel of record in this action by electronic service through the Court's CM/ECF to all known counsel of record.

/s/ Seth A. Schmeeckle
Seth A. Schmeeckle