UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

**THIS DOCUMENT RELATES TO:**

SEAN AND BETH PAYTON, ET AL.

V.

KNAUF GIPS KG, ET AL

CASE NO. 2:09-CV-07628

MDL No. 2047

SECTION:  L

JUDGE FALLON

MAGISTRATE WILKINSON

**COX LUMBER CO.'S ANSWER AND DEFENSES TO
PLAINTIFFS' OMNIBUS CLASS ACTION COMPLAINT (I)**

Defendant, Cox Lumber Co. (identified in Plaintiffs' Omnibus Class Action Complaint (I) as Cox Lumber Co. d/b/a HD Supply Lumber & Building Materials, and incorrectly identified earlier herein as HD Supply, Inc., formerly doing business as Cox Lumber Co.), hereinafter referred to as "Defendant", responds to said Complaint in the above captioned matter showing as follows:

**RULE 12(b) DEFENSES**

**First Defense**

This court lacks subject matter over claims against this Defendant.

**Second Defense**

This court lacks in personam (personal) jurisdiction over this Defendant.

**Third Defense**

1

Venue is not proper in this court for claims against this Defendant.

## Fourth Defense

There has been an insufficiency of process over this Defendant.

## Fifth Defense

There has been an insufficiency of service of process over this Defendant.

## Sixth Defense

The Complaint fails to state a claim or cause of action for which relief might be granted against this Defendant.

## Seventh Defense

There has been a failure to join a party under Rule 19.

## ADDITIONAL DEFENSES

## Eighth Defense

The allegations in the Complaint are vague and fail to state with particularity the alleged facts upon which the asserted causes of action against this Defendant are based, including without limitation the Complaint's failure to identify the party from whom the drywall forming the basis of claims against this Defendant was allegedly purchased, the Complaint's failure to identify the party who allegedly purchased said drywall, and the Complaint's failure to set forth facts showing that this Defendant actually sold or distributed the drywall that is at issue.

## Ninth Defense

Plaintiffs have failed to establish that they have standing or are otherwise the proper parties to pursue the claims alleged in the Complaint.

## Tenth Defense

Defendant specifically denies that grounds exist for this Court to certify this case as a class action or to appoint a class representative as demanded in the Complaint, or to include this Defendant in said class action for reasons including without limitation (a) individual issues predominate over any common issues whether they be issues of fact or law, and (b) Plaintiffs are not proper class representatives of any persons who may have claims against this Defendant.

### Eleventh Defense

Defendant specifically denies that Plaintiffs or putative class members have been damaged as alleged or are entitled to the relief requested in the Complaint.

### Twelfth Defense

Defendant specifically denies that it is properly made a party to the class action as alleged in the Complaint.

### Thirteenth Defense

Defendant specifically denies that claims against it are properly consolidated with other claims pending in these Multi District Litigation (MDL) proceedings.

### Fourteenth Defense

The claims attempted to be asserted in the Complaint against this Defendant are time-barred by the applicable statute of limitations, statute of repose, peremption and/or by laches.

### Fifteenth Defense

The claims attempted to be asserted in the Complaint against this Defendant are barred by the terms and conditions of written contract documents relating to the products described in the Complaint.  Alternatively, the terms and conditions of these contract documents limit the rights, recovery and remedies available against this Defendant.

### Sixteenth Defense

Except as may be specifically admitted herein, Defendant denies each and every, all and singular, of the allegations contained in the Compliant and demands strict proof thereof.

### Seventeenth Defense

Defendant specifically denies that it distributed or sold any Chinese Drywall products that caused damages as alleged in the Complaint and demands strict proof thereof.

### Eighteenth Defense

Defendant specifically denies that any product which it distributed or sold was defective in any way and demands strict proof thereof. Any product distributed or sold by this Defendant was compliant with the then-existing state of the art, relevant technology, and applicable State and federal law.

### Nineteenth Defense

The damages alleged were not caused, contributed to, or brought about by any fault, commission, omission or breach of any contractual duty or warranty on the part of this Defendant, or on the part of any person or entity for whom Defendant may be responsible.  To the contrary, the alleged damages, if any, were caused by Plaintiffs' own fault, negligence, commissions or omissions (including without limitation alteration and/or misuse of any product to which these claims apply), or were the result of such actions on the part of others for whom Defendant was not responsible and for whom Defendant has no legal liability.  Such fault of Plaintiffs and/or third parties serves to bar any recovery by Plaintiffs herein or to proportionately reduce any such recovery; and the fact finder must accordingly assess fault percentages against Plaintiffs and third parties as they may be identified in these proceedings.

### Twentieth Defense

5

Defendant specifically denies that it had actual or constructive knowledge of any alleged defect in the products described in the Complaint.

### Twenty-First Defense

Plaintiffs have failed to mitigate alleged damages.

### Twenty-Second Defense

Plaintiffs' alleged claims are barred by waiver, release, issue preclusion, estoppel and/or res judicata.

### Twenty-Third Defense

Plaintiffs' alleged claims are barred by set-off, compromise, accord and satisfaction as those terms are known and understood at law.

### Twenty-Fourth Defense

The damages alleged constitute a betterment, enhancement or improvement of the property at issue and are not recoverable by Plaintiffs herein.

### Twenty-Fifth Defense

Plaintiffs' alleged claims are barred by failure to provide claim notice, including without limitation, notice under Florida Statutes §558 et seq., as required by applicable law.

### Twenty-Sixth Defense

The claims attempted to be asserted are barred or limited by the economic loss rule.

### Twenty-Seventh Defense

The claims attempted to be asserted are barred by lack of privity with this Defendant.

### Twenty-Eighth Defense

No claims are available in equity as alleged in the Compliant. Alternatively, Plaintiffs' alleged claims in equity are barred by the availability of adequate remedy at law.

### Twenty-Ninth Defense

The Complaint alleges claims that are an improper cumulation of actions.

### Thirtieth Defense

To the extent the incident product has been or may in the future be subject to a recall by the U.S. Consumer Product Safety Commission or similarly situated entity, Defendant incorporates herein by reference any applicable federal and/or equitable defenses arising from or incident to said recall.

### Thirty-First Defense

Plaintiffs' claims are barred by the sophisticated user and/or learned intermediary doctrine.

### Thirty-Second Defense

The claims attempted to be asserted against this Defendant are barred due to spoliation of evidence.

### Thirty-Third Defense

The Complaint, insofar as it alleges liability of this Defendant, may be barred in whole or in part by the existence of another pending action or proceedings with overlapping parties and/or issues.

### Thirty-Fourth Defense

Punitive damages are not recoverable herein as alleged in the Complaint, and the assessment of punitive damages against Defendant herein would violate Defendant's rights under the Fifth Amendment, Sixth Amendment, Eighth Amendment, Fourteenth Amendment, Fifteenth Amendment and other provisions of the United States Constitution as well as corresponding provisions of applicable State law and State Constitutions for reasons including without limitation (a) the procedural and substantive standards for the imposition of punitive damages are unduly vague, ambiguous, subjective, and they lack sufficient standards to guide the fact finder

so to permit the arbitrary and capricious taking of property; and (b) punitive damages are imposed in amounts that are vastly disproportionate to any actual injury.

### Thirty-Fifth Defense

Defendant is entitled to credit and/or setoff for any settlement that Plaintiffs may reach with other persons in connection with the matters in dispute, and for any benefits, collateral sources, or other sources of setoff or recoupment available to Plaintiffs; and Defendant accordingly claims such setoffs, credits and recoupments as allowed by law (including without limitation Florida Statutes 768.76 et seq).

### Thirty-Sixth Defense

Defendant specifically denies that it is a "manufacturer" subject to any manufacturer liability under applicable law; and Defendant specifically denies that it constructed or built any residence for purposes of subjecting Defendant to any "contractor" liability under applicable law.

### Thirty-Seventh Defense

Defendant incorporates by reference herein, as if pleaded *in extenso*, each and every affirmative defense pleaded by similarly situated defendants herein insofar as they are consistent with the defenses asserted herein.

### Thirty-Eighth Defense

Defendant reserves its right to supplement and/or amend Answer and These Defenses as may be appropriate under the Federal Rules of Civil Procedure, including without limitation Defendant's right to assert cross-claims and/or third party claims against others as may become necessary or appropriate.

## ANSWER

AND NOW, responding to the separately numbered paragraphs of the Complaint, Defendant states as follows:

### Jurisdiction, Parties and Venue

1.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 1 through 3 of the Complaint; and said allegations are accordingly denied.

### Plaintiffs

2.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 4 through 2072 of the Complaint; and said allegations are accordingly denied.

### Defendants

3.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 2073 through 2533, and Paragraphs 2535 through 2609 of the Complaint; and said allegations are accordingly denied.

4.

Responding to Paragraph 2534 of the Complaint, Defendant admits that it is a Florida corporation with a business address in Georgia at 3100 Cumberland Blvd, Suite 1700, Atlanta, Georgia 30339.  Defendant denies that it constructed or installed defective drywall as alleged in Paragraph 2534 of the Compliant. Defendant is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph 2534 of the Complaint; and said allegations are accordingly denied.

### Facts Regarding Product Defect

5.

Responding to Paragraphs 2610 through 2620 of the Complaint, Defendant denies that it designed, manufactured, exported, imported, distributed, delivered, supplied, inspected, installed, marketed or sold defective drywall described in said Paragraphs of the Complaint; and Defendant denies that it was otherwise at fault or caused the damages described in said Paragraphs of the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraphs 2610 through 2620 of the Complaint; and said allegations are accordingly denied.

### Class Action Allegations

6.

Responding to Paragraphs 2621 through 2639 of the Complaint, Defendant denies that grounds exist for this Court to certify this case as a class action or to appoint a class representative as demanded in the Complaint; Defendant denies that Plaintiffs or putative class members have been damaged as alleged or are entitled to the relief requested in said Paragraphs of the Complaint; and Defendant denies that it is properly made a party defendant to the class action as alleged in said Paragraphs of in the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraphs 2621 through 2639 of the Complaint; and said allegations are accordingly denied.

### Count I Negligence

7.

Defendant denies the allegations contained in Paragraphs 2640 through 2647 of the Complaint insofar as they are directed to this Defendant. Insofar as they are directed to other parties, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 2640 through 2647 of the Complaint; and said allegations are accordingly denied.

### Count II Negligence Per Se

8.

Defendant denies the allegations contained in Paragraphs 2648 through 2654 of the Complaint insofar as they are directed to this Defendant. Insofar as they are directed to other parties, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 2648 through 2654 of the Complaint; and said allegations are accordingly denied.

### Count III Strict Liability

9.

Defendant denies the allegations contained in Paragraphs 2655 through 2672 of the Complaint insofar as they are directed to this Defendant. Insofar as they are directed to other parties, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 2655 through 2672 of the Complaint; and said allegations are accordingly denied.

### Count IV Breach of Express and/or Implied Warranties

10.

Defendant denies the allegations contained in Paragraphs 2673 through 2680 of the Complaint insofar as they are directed to this Defendant. Insofar as they are directed to other parties, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 2673 through 2680 of the Complaint; and said allegations are accordingly denied.

### Count V Breach of the Implied Warranty of Fitness and Merchantability Pursuant to Florida Statutes Section 718.203

11.

Defendant denies the allegations contained in Paragraphs 2681 through 2692 of the Complaint insofar as they are directed to this Defendant. Insofar as they are directed to other parties, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 2681 through 2692 of the Complaint; and said allegations are accordingly denied.

### Count VI Breach of The Implied Warranty of Habitability

12.

Defendant denies the allegations contained in Paragraphs 2693 through 2699 of the Complaint insofar as they are directed to this Defendant. Insofar as they are directed to other parties, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 2693 through 2699 of the Complaint; and said allegations are accordingly denied.

## Count VII Breach of Contract

13.

Defendant denies the allegations contained in Paragraphs 2700 through 2703 of the Complaint insofar as they are directed to this Defendant. Insofar as they are directed to other parties, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 2700 through 2703 of the Complaint; and said allegations are accordingly denied.

## Count VIII Violation of the Louisiana New Home Warranty Act

14.

Defendant denies the allegations contained in Paragraphs 2704 through 2710 of the Complaint insofar as they are directed to this Defendant. Insofar as they are directed to other parties, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 2704 through 2710 of the Complaint; and said allegations are accordingly denied.

## Count IX Redhibition

15.

Defendant denies the allegations contained in Paragraphs 2711 through 2720 of the Complaint insofar as they are directed to this Defendant. Insofar as they are directed to other parties, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 2711 through 2720 of the Complaint; and said allegations are accordingly denied.

## Count X Louisiana Products Liability Act

16.

Defendant denies the allegations contained in Paragraphs 2721 through 2734 of the Complaint insofar as they are directed to this Defendant. Insofar as they are directed to other parties, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 2721 through 2734 of the Complaint; and said allegations are accordingly denied.

## Count XI Private Nuisance

17.

Defendant denies the allegations contained in Paragraphs 2735 through 2741 of the Complaint insofar as they are directed to this Defendant. Insofar as they are directed to other parties, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 2735 through 2741 of the Complaint; and said allegations are accordingly denied.

## Count XII Negligent Discharge Of A Corrosive Substance

18.

Defendant denies the allegations contained in Paragraphs 2742 through 2748 of the Complaint insofar as they are directed to this Defendant. Insofar as they are directed to other parties, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 2742 through 2748 of the Complaint; and said allegations are accordingly denied.

## Count XIII Unjust Enrichment

18.

Defendant denies the allegations contained in Paragraphs 2749 through 2752 of the Complaint insofar as they are directed to this Defendant. Insofar as they are directed to other parties, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 2749 through 2752 of the Complaint; and said allegations are accordingly denied.

## Count XIV Violation of Consumer Protection Acts

19.

Defendant denies the allegations contained in Paragraphs 2753 through 2757 of the Complaint insofar as they are directed to this Defendant. Insofar as they are directed to other parties, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 2753 through 2757 of the Complaint; and said allegations are accordingly denied.

## Count XV Equitable and Injunctive Relief and Medical Monitoring

20.

Defendant denies the allegations contained in Paragraphs 2758 through 2770 of the Complaint insofar as they are directed to this Defendant. Insofar as they are directed to other parties, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 2758 through 2770 of the Complaint; and said allegations are accordingly denied.

21.

No response is required as to the Paragraphs beginning with the headings "Demand for Jury Trial" and "Prayer for Relief." However, if a response is required, Defendant denies that Plaintiffs are entitled to any relief or recovery against Defendant herein.

ACCORDINGLY, Defendant, Cox Lumber Co., respectfully request that Plaintiffs' claims be dismissed with prejudice at Plaintiffs' costs and that Defendant recover its costs, expenses and attorneys fees as may be appropriate, and that Defendant recover such other and further relief to which it may be entitled.

Respectfully submitted,

**DAIGLE FISSE & KESSENICH, PLC**

By:    s/Michael D. Fisse_____
Michael D. Fisse (La #19270)
James L. Bradford, III (La #23662)
Klint E. Beckendorf (La #32336)
P. O. Box 5350
Covington, LA  70434-5350
Telephone:    985.871.0800
Facsimile:    985.871.0899
E-mail:    mfisse@daiglefisse.com
    jbradford@daiglefisse.com


COUNSEL FOR DEFENDANT,
HD SUPPLY, INC.

16

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing **COX LUMBER CO.'S ANSWER AND DEFENSES TO PLAINTIFFS' OMNIBUS CLASS ACTION COMPLAINT (I)** has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 25th day of March, 2010.


*/s/ Michael D. Fisse*

17