## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL NO. 2047 |
| | ) | SECTION: L |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | JUDGE FALLON |
| Payton, et al. v. Knauf Gips KG, et al., | ) | |
| CASE NO.: 2:09-CV-7628 | ) | MAG. JUDGE WILKINSON |
| _____ | ) | |

### ANSWER, AFFIRMATIVE DEFENSES, AND
### CROSS-CLAIMS OF USG CORPORATION

Defendant, USG CORPORATION ("Defendant" or "USG"), by and through its undersigned attorneys, hereby files its Answer, Affirmative Defenses, and Cross-Claims in response to Plaintiffs' Omnibus Class Action Complaint I ("Plaintiffs' Complaint") and says:

1.      Paragraph 1 contains legal conclusions to which no response is required and further contains factual allegations which Defendant lacks information sufficient to admit or deny; therefore, Defendant denies the allegations of Paragraph 1 to the extent a response is required.  Defendant further states that this lawsuit does not meet the standards for a class action.

2.      Paragraph 2 contains legal conclusions to which no response is required.  To the extent a response is required to any factual allegations in Paragraph 2, Defendant denies the allegations.  Defendant further states that this lawsuit does not meet the standards for a class action.

3.      Paragraph 3 contains legal conclusions to which no response is required.  To the extent a response is required to any factual allegations in Paragraph 3, Defendant denies the allegations.

4.      Defendant lacks information sufficient to admit or deny the allegations of Paragraph 4 and, therefore, denies the same.

5—2072.   Defendant lacks information sufficient to admit or deny the allegations of Paragraphs 5 through 2072 and, therefore, denies the allegations of Paragraphs 5 through 2072.

2073.      Defendant lacks information sufficient to admit or deny the allegations of Paragraph 2073 and, therefore, denies the same.   Defendant L&W Supply is a Delaware corporation with its principle place of business in Chicago, Illinois.

2074.      In response to the allegations of Paragraph 2074, Defendant admits that Gebr. Knauf Verwaltungsgesellschaft KG was a shareholder of USG Corporation.  In December 2009, the shares owned by Gebr. Knauf Verwaltungsgesellschaft KG were transferred to C&G Verwaltungs GmbH, an indirect subsidiary of Gebr. Knauf Verwaltungsgesellschaft KG. Defendant admits that Knauf Gips is a manufacturer of building materials headquartered in Germany.  Defendant further admits, upon information and belief, that Knauf has a wallboard manufacturing plant in Tianjin, China, and that the manufacture of wallboard in the plant is directly or indirectly controlled by Knauf  Gips or its affiliates(collectively referred to herein as "Knauf").  Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 2074 and, therefore, denies the same.

2075.      Paragraph 2075 contains legal conclusions to which no response is required.  In further response to the allegations of Paragraph 2075, Defendant admits, upon information and belief, that Knauf has three wallboard manufacturing plants in China, which are located in Wuhu, Tianjin, and Donnguan, and that the manufacture of wallboard in the plants is directly or indirectly controlled by Knauf Gips or its affiliates.  Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 2075 and, therefore, denies the same.

2076.     On information and belief, Defendant admits the allegations of the first, second, and third sentences of Paragraph 2076.  Defendant further admits that in 2006 L&W Supply Corporation, a subsidiary of USG Corporation, purchased wallboard manufactured in China by Knauf and that these purchases were made at a time when there was a shortage of domestically manufactured wallboard.  Defendant lacks information sufficient to admit or deny the remaining allegations of Paragraph 2076 and, therefore, denies the same.

2077.     Paragraph 2077 contains legal conclusions to which no response is required. Defendant admits the second sentence of Paragraph 2077.  Defendant admits, upon information and belief, the factual allegations of the remainder of Paragraph 2077.

2078.     Paragraph 2078 contains legal conclusions to which no response is required. Defendant admits the second sentence of Paragraph 2078.  Defendant admits, upon information and belief, the factual allegations of the remainder of Paragraph 2078.

2079.     Paragraph 2079 contains legal conclusions to which no response is required. Defendant admits the second sentence of Paragraph 2079.  Defendant admits, upon information and belief, the factual allegations of the remainder of Paragraph 2079.

2080—2106.     The allegations of Paragraphs 2080 through 2106 relate to other parties unrelated to Defendant.  Defendant lacks information sufficient to admit or deny the allegations of Paragraphs 2080 through 2106 and, therefore, denies those allegations.

2107.     In response to the allegations of Paragraph 2107, Defendant admits that it is a Delaware corporation with its headquarters in Chicago, Illinois.  Defendant further admits that L&W Supply Corporation is a subsidiary of USG Corporation and that L&W Supply Corporation is the leading specialty building products distribution business in the United States. Defendant denies the remaining allegations of Paragraph 2107.

2108.      In response to the allegations of Paragraph 2108, Defendant admits that L&W Supply Corporation is a Delaware corporation with its headquarters at 550 W. Adams Street, Chicago, Illinois, that it is a distributor of drywall and other building products, and that it is a subsidiary of USG Corporation.  Defendant also admits that L&W Supply Corporation conducts business under the name Seacoast Supply in certain locations in Alabama, Louisiana and Florida. Defendant denies the remaining allegations of Paragraph 2108.

2109—2598.      The allegations of Paragraphs 2109 through 2598 relate to other parties unrelated to Defendant.  Defendant lacks information sufficient to admit or deny the allegations of Paragraphs 2109 through 2598 and, therefore, denies those allegations.

2599.       In response to the allegations of Paragraph 2599, Defendant admits that L&W Supply Corporation is a Delaware corporation with its headquarters at 550 W. Adams Street, Chicago, Illinois, that it is a distributor of drywall and other building products, and that it is a subsidiary of USG Corporation.  Defendant also admits that L&W Supply Corporation conducts business under the name Seacoast Supply in certain locations in Alabama, Louisiana and Florida. Defendant denies the remaining allegations of Paragraph 2599.  Defendant further denies that L&W Supply Corporation has constructed or installed any drywall.

2600—2609.      The allegations of Paragraphs 2600 through 2609 relate to other parties unrelated to Defendant.  Defendant lacks information sufficient to admit or deny the allegations of Paragraphs 2600 through 2609 and, therefore, denies those allegations.

2610.      In response to Paragraph 2610, Defendant denies that it manufactures, imports, distributes or sells drywall.

2611.      Defendant denies the allegations of Paragraph 2611.

2612.      Defendant denies the allegations of Paragraph 2612.

2613.     Defendant denies the allegations of Paragraph 2613.

2614.     Defendant denies the allegations of Paragraph 2614.

2615.     Defendant denies the allegations of Paragraph 2615.

2616.     Defendant denies the allegations of Paragraph 2616.

2617.     Defendant denies the allegations of Paragraph 2617.

2618.     Defendant denies the allegations of Paragraph 2618.

2619.     Defendant denies the allegations of Paragraph 2619.

2620.     Defendant denies the allegations of Paragraph 2620.

2621.     In response to Paragraph 2621, Defendant admits that Plaintiffs filed this lawsuit as a putative class action.  Defendant further states that this lawsuit does not meet the standards for a class action.

2622.     In response to Paragraph 2622, Defendant admits that Plaintiffs filed this lawsuit as a putative class action with subclasses.  The remaining allegations of Paragraph 2622 contain legal conclusions that require no response.  To the extent any further response is required to the allegations in Paragraph 2622, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

2623.     The allegations of Paragraph 2623 contain legal conclusions that require no response.  To the extent any further response is required to the allegations in Paragraph 2623, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

2624.     In response to Paragraph 2624, Defendant admits that Plaintiffs filed this lawsuit as a putative class action.  The remaining allegations of Paragraph 2624 contain legal conclusions that require no response.  To the extent any further response is required to the

allegations in Paragraph 2624, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

2625.    The allegations of Paragraph 2625 contain legal conclusions that require no response.  To the extent any further response is required to the allegations in Paragraph 2625, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

2626.    In response to Paragraph 2626, Defendant admits that Plaintiffs filed this lawsuit as a putative class action.   The remaining allegations of Paragraph 2626 contain legal conclusions that require no response.  To the extent any further response is required to the allegations in Paragraph 2626, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

2627.    The allegations of Paragraph 2627 contain legal conclusions that require no response.  To the extent any further response is required to the allegations in Paragraph 2627, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

2628.    In response to Paragraph 2628, Defendant admits that Plaintiffs filed this lawsuit as a putative class action.   The remaining allegations of Paragraph 2628 contain legal conclusions that require no response.  To the extent any further response is required to the allegations in Paragraph 2628, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

2629.    The allegations of Paragraph 2629 contain legal conclusions that require no response.  To the extent any further response is required to the allegations in Paragraph 2629,

Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

2630.     The allegations of Paragraph 2630 contain legal conclusions that require no response.  To the extent any further response is required to the allegations in Paragraph 2630, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

2631.     The allegations of Paragraph 2631 contain legal conclusions that require no response.  Defendant admits, upon information and belief, that drywall manufactured by Knauf was installed in at least hundreds of homes.  Defendant denies any allegations of Paragraph 2631 not specifically admitted.  Defendant further states that this lawsuit does not meet the standards for a class action.

2632.     Paragraph 2632 and its subparts contain legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 2632, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

2633.     Paragraph 2633 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 2633, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

2634.     Paragraph 2634 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 2634, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

2635.     Paragraph 2635 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 2635, Defendant denies the same. Defendant further states that this lawsuit does not meet the standards for a class action.

2636.     Paragraph 2636 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 2636, Defendant denies the same. Defendant further states that this lawsuit does not meet the standards for a class action.

2637.     Paragraph 2637 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 2637, Defendant denies the same. Defendant further states that this lawsuit does not meet the standards for a class action.

2638.     Paragraph 2638 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 2638, Defendant denies the same. Defendant further states that this lawsuit does not meet the standards for a class action.

2639.     Paragraph 2639 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 2639, Defendant denies the same. Defendant further states that this lawsuit does not meet the standards for a class action.

2640.     Defendant responds to Paragraph 2640 by incorporating herein its responses to Paragraphs 1 through 2639.

2641.     Paragraph 2641 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 2641, Defendant denies the same.

2642.     Defendant denies the allegations of Paragraph 2642.

2643.     Defendant denies the allegations of Paragraph 2643.

2644.     Defendant denies the allegations of Paragraph 2644.

2645.     Defendant denies the allegations of Paragraph 2645.

2646.     Defendant denies the allegations of Paragraph 2646.

2647.     Defendant denies the allegations of Paragraph 2647 to the extent that they apply to it.  The remaining allegations of Paragraph 2647 contain legal conclusions and/or factual allegations regarding other parties that require no response.

2648.     Defendant responds to Paragraph 2648 by incorporating herein its responses to Paragraphs 1 through 2647.

2649.     Paragraph 2649 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 2649, Defendant denies the same.

2650.     Defendant denies the allegations of Paragraph 2650.

2651.     Defendant denies the allegations of Paragraph 2651.

2652.     Defendant denies the allegations of Paragraph 2652.

2653.     Defendant denies the allegations of Paragraph 2653.

2654.     Defendant denies the allegations of Paragraph 2654.

2655.     Defendant responds to Paragraph 2655 by incorporating herein its responses to Paragraphs 1 through 2654.

2656.     Defendant denies the allegations of Paragraph 2656 to the extent that they apply to it.  The remaining allegations of Paragraph 2656 contain legal conclusions and/or factual allegations regarding other parties that require no response.

2657.     Defendant denies the allegations of Paragraph 2657 to the extent that they apply to it.  The remaining allegations of Paragraph 2657 contain legal conclusions and/or factual allegations regarding other parties that require no response.

2658.     Defendant denies the allegations of Paragraph 2658 to the extent that they apply to it.  The remaining allegations of Paragraph 2658 contain legal conclusions and/or factual allegations regarding other parties that require no response.

2659.     Defendant denies the allegations of Paragraph 2659 to the extent that they apply to it.  The remaining allegations of Paragraph 2659 contain legal conclusions and/or factual allegations regarding other parties that require no response.

2660.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 2660 and, therefore, Defendant denies the same.

2661.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 2661 and, therefore, Defendant denies the same.

2662.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 2662 and, therefore, Defendant denies the same.

2663.     Defendant denies the allegations of Paragraph 2663.

2664.     Defendant denies the allegations of Paragraph 2664.

2665.     Defendant denies the allegations of Paragraph 2665.

2666.     Defendant denies the allegations of Paragraph 2666.

2667.     Defendant denies the allegations of Paragraph 2667.

2668.     Defendant denies the allegations of Paragraph 2668.

2669.     Defendant denies the allegations of Paragraph 2669.

2670.     Defendant denies the allegations of Paragraph 2670.

2671.     Defendant denies the allegations of Paragraph 2671.

2672.     Defendant denies the allegations of Paragraph 2672.

2673.     Defendant responds to Paragraph 2673 by incorporating herein its responses to Paragraphs 1 through 2672.

2674.     Defendant denies the allegations of Paragraph 2674.

2675.      Defendant denies the allegations of Paragraph 2675.

2676.     Defendant denies the allegations of Paragraph 2676.

2677.     Defendant denies the allegations of Paragraph 2677.

2678.     Defendant denies the allegations of Paragraph 2678.

2679.     Defendant denies the allegations of Paragraph 2679.

2680.     Defendant denies the allegations of Paragraph 2680.

2681.     Defendant responds to Paragraph 2681 by incorporating herein its responses to Paragraphs 1 through 2680.

2682—2710.     The allegations of Paragraphs 2682 through 2710, which relate to Counts V through VII of Plaintiffs' Complaint seeking relief against defendants other than USG Corporation, contain legal conclusions and/or factual allegations regarding other parties that require no response.  To the extent a response is required, Defendant denies the allegations of Paragraphs 2682 through 2710.

2711.     Defendant responds to Paragraph 2711 by incorporating herein its responses to Paragraphs 1 through 2710.

2712.     Defendant denies the allegations of Paragraph 2712.

2713.     Defendant denies the allegations of Paragraph 2713.

2714.     Defendant denies the allegations of Paragraph 2714.

2715.     Defendant denies the allegations of Paragraph 2715.

2716.     Paragraph 2716 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 2716, Defendant denies the same.

2717.     Defendant denies the allegations of Paragraph 2717.

2718.     Defendant denies the allegations of Paragraph 2718.

2719.     Defendant denies the allegations of Paragraph 2719.

2720.     Defendant denies the allegations of Paragraph 2720.

2721.     Defendant responds to Paragraph 2721 by incorporating herein its responses to Paragraphs 1 through 2720.

2722.     Defendant denies the allegations of Paragraph 2722 to the extent that they apply to it.  The remaining allegations of Paragraph 2722 contain legal conclusions and/or factual allegations regarding other parties that require no response.

2723.     Paragraph 2723 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 2723, Defendant denies the same.

2724.     Defendant denies the allegations of Paragraph 2724 to the extent that they apply to it, as Defendant is not a manufacturer of drywall.  The remaining allegations of Paragraph 2724 contain legal conclusions and/or factual allegations regarding other parties that require no response.

2725.     Defendant denies the allegations of Paragraph 2725 to the extent that they apply to it, as Defendant is not a manufacturer of drywall.  The remaining allegations of Paragraph 2725 contain legal conclusions and/or factual allegations regarding other parties that require no response.

2726.     Defendant denies the allegations of Paragraph 2726.

2727.     Defendant denies the allegations of Paragraph 2727.

2728.        Defendant denies the allegations of Paragraph 2728.

2729.        Defendant denies the allegations of Paragraph 2729.

2730.        Defendant denies the allegations of Paragraph 2730.

2731.        Defendant denies the allegations of Paragraph 2731.

2732.        Defendant denies the allegations of Paragraph 2732.

2733.        Defendant denies the allegations of Paragraph 2733.

2734.        Defendant denies the allegations of Paragraph 2734.

2735.        Defendant responds to Paragraph 2735 by incorporating herein its responses to Paragraphs 1 through 2734.

2736.        Defendant denies the allegations of Paragraph 2736.

2737.        Defendant denies the allegations of Paragraph 2737.

2738.        Defendant denies the allegations of Paragraph 2738.

2739.        Defendant denies the allegations of Paragraph 2739.

2740.        Defendant denies the allegations of Paragraph 2740.

2741.        Defendant denies the allegations of Paragraph 2741.

2742.        Defendant responds to Paragraph 2742 by incorporating herein its responses to Paragraphs 1 through 2741.

2743.        Defendant denies the allegations of Paragraph 2743.

2744.        Defendant denies the allegations of Paragraph 2744.

2745.        Defendant denies the allegations of Paragraph 2745.

2746.        Defendant denies the allegations of Paragraph 2746.

2747.        Defendant denies the allegations of Paragraph 2747.

2748.        Defendant denies the allegations of Paragraph 2748.

2749.     Defendant responds to Paragraph 2749 by incorporating herein its responses to Paragraphs 1 through 2748.

2750.     Defendant denies the allegations of Paragraph 2750.

2751.     Defendant denies the allegations of Paragraph 2751.

2752.     Defendant denies the allegations of Paragraph 2752.

2753.     Defendant responds to Paragraph 2753 by incorporating herein its responses to Paragraphs 1 through 2752.

2754.     Paragraph 2754 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 2754, Defendant denies the same.

2755.     Defendant denies the allegations of Paragraph 2755.

2756.     Defendant denies the allegations of Paragraph 2756.

2757.     Defendant denies the allegations of Paragraph 2757.

2758.     Defendant responds to Paragraph 2758 by incorporating herein its responses to Paragraphs 1 through 2757.

2759.     Defendant denies the allegations of Paragraph 2759.

2760.     Defendant denies the allegations of Paragraph 2760.

2761.     The allegations of Paragraph 2761 are in the nature of a request for relief and require no response.  To the extent a response is required to any allegations in Paragraph 2761, Defendant denies the same.

2762.     Defendant denies the allegations of Paragraph 2762.

2763.     Defendant denies the allegations of Paragraph 2763.

2764.     Defendant denies the allegations of Paragraph 2764.

2765.     Defendant denies the allegations of Paragraph 2765.

2766.    Defendant denies the allegations of Paragraph 2766.

2767.    Defendant denies the allegations of Paragraph 2767.

2768.    Defendant denies the allegations of Paragraph 2768.

2769.    Defendant denies the allegations of Paragraph 2769.

2770.    Defendant denies the allegations of Paragraph 2770.

2771.    To the extent the Prayer for Relief is deemed to contain any allegations against Defendant, Defendant denies the same.

2772.    Any and all allegations, claims, contentions, and/or demands contained in Plaintiffs' Complaint, which are not expressly and specifically admitted, modified, or explained by this Defendant in this Answer, Affirmative Defenses, and Cross-Claims, are hereby expressly denied, including but not limited to the allegations contained in unnumbered paragraphs at the beginning of Plaintiffs' Complaint.

## FIRST DEFENSE

2773.    Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

2774.    Plaintiffs have failed to state a claim for which relief can be granted.

## SECOND DEFENSE

2775.    Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

2776.    Any damages alleged to have been sustained by Plaintiffs were caused in whole or in part by the acts or omissions of persons other than this Defendant over whom this Defendant had and has no control or by superseding intervening causes outside the control of this Defendant.

## THIRD DEFENSE

2777.     Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

2778.     Recovery of some or all of the damages alleged to have been sustained by Plaintiffs is barred by the economic loss doctrine or its common law or statutory equivalent.

## FOURTH DEFENSE

2779.     Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

2780.     The terms, provisions, and conditions of any and all contracts entered into between Defendant and any other parties, including but not limited to any warranty provisions, operate as a bar to all or part of Plaintiffs' claims.

## FIFTH DEFENSE

2781.     Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

2782.     Plaintiffs' claims are barred, in whole or in part, by their absence of privity with Defendant.

## SIXTH DEFENSE

2783.     Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

2784.     Plaintiffs have failed to reference an applicable statute, or that they are part of the protected class of any applicable statute, sufficient to state a negligence *per se* cause of action.

## SEVENTH DEFENSE

2785.     Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

2786.     Plaintiffs' Omnibus Class Action Complaint fails to state a claim for class relief under Rule 23 of the Federal Rules of Civil Procedure; further, class relief should be denied under the governing procedural and substantive law.

## EIGHTH DEFENSE

2787.     Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

2788.     Plaintiffs lack standing to bring representative actions under the various "Consumer Protection Acts" of one or more of the States identified in the Omnibus Class Action Complaint.

## NINTH DEFENSE

2789.     Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

2790.     Plaintiffs have failed to mitigate their damages.

## TENTH DEFENSE

2791.     Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

2792.     Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations, statutes of repose, prescription periods, or the doctrine of laches.

## ELEVENTH DEFENSE

2793.     Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

2794.     Plaintiff has failed to mitigate its damages and failed to afford Defendant the opportunity to repair any alleged redhibitory defect.

## TWELFTH DEFENSE

2795.     Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

2796.     Defendant is not a manufacturer, distributor, or seller of Chinese drywall and had no knowledge of any alleged redhibitory defects.

## THIRTEENTH DEFENSE

2797.     Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

2798.     To the extent that Plaintiffs pray for punitive, exemplary, or otherwise enhanced damages, Defendant invokes its right under the due process clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution.

## FOURTEENTH DEFENSE

2799.     Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

2800.     Defendant incorporates herein by reference each and every affirmative defense pleaded by similarly-situated defendants.

**CROSS-CLAIMS AGAINST KNAUF GIPS KG; KNAUF PLASTERBOARD (TIANJIN) CO., LTD.; KNAUF PLASTERBOARD (WUHU), CO., LTD.; AND KNAUF PLASTERBOARD (DONGGUAN) CO., LTD.**

## FIRST CROSS-CLAIM

2801.     Defendant incorporates herein all of the foregoing responses that are relevant to this cross-claim.

2802.     For a further defense and as a cross-claim, Defendant asserts a claim against Knauf Gips KG; Knauf Plasterboard (Tianjin) Co., Ltd.; Knauf Plasterboard (Wuhu), Co., Ltd.; Knauf Plasterboard (Dongguan) Co., Ltd., along with all other applicable affiliates and related entities (collectively hereafter "Knauf") for breach of express warranties.

2803.     L&W Supply Corporation, a subsidiary of USG Corporation, purchased a certain quantity of gypsum drywall manufactured by Knauf.

2804.     Knauf expressly warranted the gypsum drywall purchased from Knauf would be free of defects and fit for the ordinary purpose for which gypsum drywall is used.

2805.     Without admitting any liability or damages to the Plaintiffs, if it is shown that the drywall manufactured and sold by Knauf was defective and not fit for the ordinary purpose for which gypsum drywall is used, then Knauf is liable for breach of the express warranty.

2806.     As a direct and proximate result of Knauf's breach of express warranties, Defendant has incurred damages in that it has been required to respond to homeowner complaints and to defend this action.  Further, Defendant will likely continue to incur additional costs in responding to homeowner complaints and defending this action.

## SECOND CROSS-CLAIM

2807.     Defendant incorporates herein all of the foregoing responses that are relevant to this cross-claim.

2808.     For a further defense and as a cross-claim, Defendant asserts a claim against Knauf for breach of implied warranty of merchantability under the common law and/or applicable state statutes.

2809.     Knauf is a merchant of gypsum drywall.

2810.     L&W Supply Corporation, a subsidiary of USG Corporation, purchased from Knauf a certain quantity of gypsum drywall manufactured by Knauf.

2811.     Pursuant to the applicable state statutes and/or the common law, Knauf warranted that the gypsum drywall was merchantable and fit for the ordinary purpose for which gypsum drywall is used.

2812.     Without admitting any liability or damages to the Plaintiffs, if it is shown that the drywall manufactured and sold by Knauf was defective and not fit for the ordinary purpose for which gypsum drywall is used, then Knauf is liable for breach of implied warranty.

2813.     As a direct and proximate result of Knauf's breach of the implied warranty of merchantability, Defendant has incurred damages in that it has been required to respond to homeowner complaints and to defend this action.  Further, Defendant will likely continue to incur additional costs in responding to homeowner complaints and defending this action.

## THIRD CROSS-CLAIM

2814.     Defendant incorporates herein all of the foregoing responses that are relevant to this cross-claim.

2815.     For a further defense and as a cross-claim, Defendant asserts a claim against Knauf for equitable and/or common law indemnification.

2816.     Without admitting any liability or damages to the Plaintiffs, Knauf is solely responsible and liable for any allegedly wrongful acts committed against the Plaintiffs with

regard to the allegations of Plaintiffs' Complaint.

2817.    Without admitting any liability or damages to the Plaintiffs, Knauf is solely liable for any damages allegedly suffered by Plaintiffs and, if Defendant is required to pay any damages to the Plaintiffs, Defendant is entitled to be indemnified, based on the doctrines of equitable and/or common law indemnification, by Knauf for any damages.

## FOURTH CROSS-CLAIM

2818.    Defendant incorporates herein all of the foregoing responses that are relevant to this cross-claim.

2819.    For a further defense and as a cross-claim, Defendant, without admitting any liability or damages to the Plaintiff,  asserts a claim for redhibitory defect against Knauf pursuant to La. Civ. Code Ann. § 2531.

2820.    Knauf is the manufacturer of the Chinese wallboard distributed by L&W Supply Corporation, a subsidiary of USG Corporation, in the State of Louisiana.

2821.    Without admitting any liability or damages to the Plaintiff, any defect in the wallboard purchased from Knauf existed at the time it was delivered to L&W Supply Corporation.

2822.    Without admitting any liability or damages to the Plaintiff, Knauf is solely liable for any damages allegedly suffered by Plaintiff and, if Defendant is required to pay any damages to the Plaintiff, Defendant is entitled to recovery from Knauf.

2823.    This Defendant reserves the right to amend its Answer, Affirmative Defenses, and Cross-Claims as investigation and discovery may reveal.

WHEREFORE, having fully answered the Plaintiffs' Complaint, Defendant USG Corporation prays the Court that:

a)      Plaintiffs recover nothing from Defendant and that judgment be entered in Defendant's favor;

b)      the costs of this action, including attorney's fees and costs that may be allowed by statute, be taxed against Plaintiffs;

c)      if Plaintiffs recover any amount from Defendant, that Defendant be granted the relief prayed for in its Cross-Claims against Knauf; and

d)      Defendant have such other and further relief as the Court may deem just and proper.

_/s/  W. David Conner_____
W. David Conner (SC Bar # 66358; Fed. # 5986)
Moffatt G. McDonald (SC Bar # 3784; Fed. # 2805)
Charles Sprinkle (SC Bar # 70630; Fed. # 9712)
Christopher B. Major (SC Bar # 72872; Fed. # 9382)
P.O. Box 2048
Greenville, SC  29602
Telephone: (864) 240-3226
Facsimile: (864) 240-3300 (fax)
dconner@hsblawfirm.com
mgmcdonald@hsblawfirm.com
csprinkle@hsblawfirm.com
cmajor@hsblawfirm.com

Robert E. Kerrigan, Jr.
DEUTSCH KERRIGAN & STILES
755 Magazine Street
New Orleans, LA  70131
Tel: (504) 593-0619
Fax: (504) 566-1201
rkerrigan@dkslaw.com

Attorneys for Defendant USG Corporation

March 25, 2010

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **ANSWER, AFFIRMATIVE DEFENSES, AND CROSS-CLAIMS OF USG CORPORATION** has been served on Plaintiffs' Liaison Counsel, Russ Herman at drywall@hhkc.com, and Defendants' Liaison Counsel, Kerry Miller at Kmiller@frilot.com, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 25th day of March, 2010.


      /s/   W. David Conner_____