UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * | MDL NO. 2047 |
| | * | SECTION L |
| **THIS DOCUMENT RELATES TO:** | * * | JUDGE FALLON |
| SEAN AND BETH PAYTON, ET AL. | * * | MAG. JUDGE WILKINSON |
| V. | * * | CIVIL ACTION NO. 09-7628 |
| KNAUF GIPS KG, ET AL. | * | |

**This pleading applies to the claims of Plaintiffs, Jake and Emily Mayo, ONLY.**

## DEFENDANT, HOLMES BUILDING MATERIAL, L.L.C.'S ANSWER, DEFENSES AND CROSS-CLAIM IN RESPONSE TO PLAINTIFFS OMNIBUS ACTION COMPLAINT WITH JURY TRIAL DEMAND

Defendant, Holmes Building Materials (hereinafter "Holmes"), through undersigned counsel, hereby files this Answer, Affirmative Defenses and Cross-Claim in response to Plaintiffs' Omnibus Action Complaint as follows:

### JURISDICTION, PARTIES AND VENUE

1. The allegations contained in paragraph 1 of Plaintiffs' Omnibus Action Complaint are admitted on information and belief.

2. The allegations contained in paragraph 2 of Plaintiffs' Omnibus Action Complaint are admitted on information and belief.

3. The allegations contained in paragraph 3 of Plaintiffs' Omnibus Action Complaint are admitted on information and belief.

## PLAINTIFFS

4. The allegations contained in paragraphs 4 – 2072 of Plaintiffs' Omnibus Action Complaint relate to the specific identity and property interest of each plaintiff and require no response on behalf of answering Defendant. To the extent that any response is necessary, Defendant is without knowledge concerning these allegations and thereby denied.

## DEFENDANTS

5. In response to Paragraph 2073 of Plaintiffs' Omnibus Action Complaint, Defendant admits that it is a Limited Liability Company presently admitted to and doing business in Louisiana.

6. The allegations contained in Paragraphs 2074 – 2097 of Plaintiffs' Omnibus Action Complaint are not directed to this Defendant and require no response. To the extent a response may be necessary; Defendant is without knowledge of these allegations and thereby denied.

7. The allegations contained in Paragraph 2098 of Plaintiffs' Omnibus Action Complaint are admitted to the extent that Holmes is a Limited Liability Company with its principal place of business in Baton Rouge, Louisiana. All other allegations of paragraph 2098 of Plaintiffs' Omnibus Action Complaint are denied.

8. The allegations contained in Paragraphs 2099 – 2609 of Plaintiffs' Omnibus Action Complaint is not directed to this Defendant and requires no response. To the extent a response may be necessary; Defendant is without knowledge of these allegations and thereby denied.

## FACTS REGARDING PRODUCT DEFECT

9. Defendant is without sufficient knowledge or proof as to Paragraphs 2610 - 2620 of Plaintiffs' Omnibus Action Complaint therefore, Paragraphs 2610 – 2620 are denied.

## CLASS ACTION ALLEGATIONS

10. The allegations contained in Paragraph 2621 of Plaintiffs' Omnibus Action Complaint are not directed to this Defendant and require no response. To the extent a response may be necessary; Defendant is without knowledge of these allegations and thereby denied.

11. The allegations contained in Paragraphs 2622 - 2623 of Plaintiffs' Omnibus Action Complaint are denied.

12. The allegations contained in Paragraphs 2624 – 2629 of Plaintiffs' Omnibus Action Complaint are not directed to this Defendant and require no response. To the extent a response may be necessary; Defendant is without knowledge of these allegations.

13. The allegations contained in Paragraph 2630 of Plaintiffs' Omnibus Action Complaint are not directed to this Defendant and require no response. To the extent a response may be necessary the allegations are denied.

14. Defendant is without sufficient knowledge or proof as to Paragraphs 2631 - 2639 of Plaintiffs' Omnibus Action Complaint therefore, Paragraphs 2631 – 2639 are denied.

## COUNT I
## NEGLIGENCE
### (Against All Defendants)

15. As to paragraph 2640 Defendant adopts and re-states the preceding paragraphs and defenses as if fully set forth herein.

16. The allegations contained in Paragraphs 2641 - 2647 of Plaintiffs' Omnibus Action Complaint are denied.

3

## COUNT II
## NEGLIGENCE PER SE
**(Against All Defendants)**

17. As to paragraph 2648 Defendant adopts and re-states the preceding paragraphs and defenses as if fully set forth herein.

18. The allegations contained in Paragraphs 2649 - 2654 of Plaintiffs' Omnibus Action Complaint are denied.

## COUNT III
## STRICT LIABILITY
**(Against All Defendants)**

19. As to paragraph 2655 Defendant adopts and re-states the preceding paragraphs and defenses as if fully set forth herein.

20. The allegations contained in Paragraphs 2656 - 2672 of Plaintiffs' Omnibus Action Complaint are denied.

## COUNT IV
## BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES
**(Against All Defendants)**

21. As to paragraph 2673 Defendant adopts and re-states the preceding paragraphs and defenses as if fully set forth herein.

22. The allegations contained in Paragraphs 2674 - 2680 of Plaintiffs' Omnibus Action Complaint are denied.

## COUNT V
### BREACH OF THE IMPLIED WARRANTY OF FITNESS AND MERCHANTABILITY PURSUANT TO FLORIDA STATUTES SECTION 718.203
(On Behalf of Plaintiffs Who Own Condominiums in the State of Florida)
(Against Builders Only)

23.  The allegations contained in Paragraphs 2681 - 2692 of Plaintiffs' Omnibus Action Complaint are not directed to this Defendant and require no response. To the extent a response may be necessary the allegations are denied.

## COUNT VI
### BREACH OF THE IMPLIED WARRANTY OF HABITABILITY
(Against Builders Only)

24.  The allegations contained in Paragraphs 2693 - 2699 of Plaintiffs' Omnibus Action Complaint are not directed to this Defendant and require no response. To the extent a response may be necessary the allegations are denied.

## COUNT VII
### BREACH OF CONTRACT
(Against Builders Only)

25.  The allegations contained in Paragraphs 2700 - 2703 of Plaintiffs' Omnibus Action Complaint are not directed to this Defendant and require no response. To the extent a response may be necessary the allegations are denied.

## COUNT VIII
### VIOLATION OF THE LOUISIANA NEW HOME WARRANTY ACT
(Against Louisiana Builders Only)

26.  The allegations contained in Paragraphs 2704 - 2710 of Plaintiffs' Omnibus Action Complaint are not directed to this Defendant and require no response. To the extent a response may be necessary the allegations are denied.

## COUNT IX
## REDHIBITION
### (By Louisiana Plaintiffs Against All Defendants)

27. As to paragraph 2711 Defendant adopts and re-states the preceding paragraphs and defenses as if fully set forth herein.

28. The allegations contained in Paragraphs 2712 - 2720 of Plaintiffs' Omnibus Action Complaint are denied.

## COUNT X
## LOUISIANA PRODUCTS LIABILITY ACT
### (Manufacturing Defendants)
### (Pleaded in the Alternative Against Distributor Defendants)

29. As to paragraph 2721 Defendant adopts and re-states the preceding paragraphs and defenses as if fully set forth herein.

30. The allegations contained in Paragraphs 2722 - 2734 of Plaintiffs' Omnibus Action Complaint are denied.

## COUNT XI
## PRIVATE NUISANCE
### (All Defendants)

31. As to paragraph 2735 Defendant adopts and re-states the preceding paragraphs and defenses as if fully set forth herein.

32. The allegations contained in Paragraphs 2736 - 2741 of Plaintiffs' Omnibus Action Complaint are denied.

## COUNT XII
## NEGLIGENT DISCHARGE OF A CORROSIVE SUBSTANCE
### (All Defendants)

33. As to paragraph 2742 Defendant adopts and re-states the preceding paragraphs and defenses as if fully set forth herein.

34. The allegations contained in Paragraphs 2743 - 2748 of Plaintiffs' Omnibus Action Complaint are denied.

## COUNT XIII
## UNJUST ENRICHMENT
### (All Defendants)

35. As to paragraph 2749 Defendant adopts and re-states the preceding paragraphs and defenses as if fully set forth herein.

36. The allegations contained in Paragraphs 2750 - 2752 of Plaintiffs' Omnibus Action Complaint are denied.

## COUNT XIV
## VIOLATION OF CONSUMER PROTECTION ACTS
### (All Defendants)

37. As to paragraph 2753 Defendant adopts and re-states the preceding paragraphs and defenses as if fully set forth herein.

38. The allegations contained in Paragraphs 2754 - 2757 of Plaintiffs' Omnibus Action Complaint are denied.

## COUNT XV
## EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING
### (All Defendants)

39. As to paragraph 2758 Defendant adopts and re-states the preceding paragraphs and defenses as if fully set forth herein.

40. The allegations contained in Paragraphs 2759 through 2770 of Plaintiffs' Omnibus Action Complaint are denied.

41. Defendant denies any allegations not specifically identified herein and now Defendant asserts the following Affirmative Defenses:

## FIRST AFFIRMATIVE DEFENSE

42. Plaintiff's demands are barred or alternatively reduced to the extent of the Plaintiffs' failure to mitigate, minimize, or abate any damages allegedly sustained.

## SECOND AFFIRMATIVE DEFENSE

43. Defendant avers that the injuries and damages alleged, if any, were caused by the negligence, strict liability or fault of third parties, for which Defendant is not liable.

## THIRD AFFIRMATIVE DEFENSE

44. Defendant was not in the business of manufacturing or developing drywall; therefore, is not liable for any latent defects or any alleged misrepresentation regarding drywall.

## FOURTH AFFIRMATIVE DEFENSE

45. Any and all products sold and/or distributed by Defendant were at all times reasonably fit and/or suitable for the purposes for which they were sold and/or distributed.

## FIFTH AFFIRMATIVE DEFENSE

46. Defendant affirmatively pleads the "state of art" defense and denies the existence of any defects in products sold/or distributed by it. Further, Defendant affirmatively avers that at all pertinent times and any and all products sold and/or distributed by it were reasonably fit and suited for the purposes for which they were sold and/or distributed by this Defendant and were sold and/or distributed with such advices as were consistent with the state of the existing medical and industrial arts.

## SIXTH AFFIRMATIVE DEFENSE

47. This Defendant specifically pleads herein any and all defenses available to it under the Louisiana Civil Code, and/or the Louisiana Code of Civil Procedure and further specifically,

including without limitation, the Louisiana Products Liability Act, La. R.S. 9:2851, *et. seq.*, as if same were restated and copied herein.

### SEVENTH AFFIRMATIVE DEFENSE

48. Defendant specifically denies all allegations of duty, breach, causation, negligence, as well as all damages alleged, and demands strict proof thereof.

### EIGHTH AFFIRMATIVE DEFENSE

49. Plaintiffs' claims against Defendant are barred to the extent any of the property damage alleged in the Complaint arose from non-fortuitous events, either in whole or in part.

### NINTH AFFIRMATIVE DEFENSE

50. To the extent that Plaintiffs' damages, if any, resulted from their own contributory fault and/or contributory negligence, assumption of known risks, and/or victim fault, then the amount of damages otherwise recoverable should be extinguished or reduced.

### TENTH AFFIRMATIVE DEFENSE

51. Plaintiffs' claims against Defendant are barred, in whole or in part, to the extent that Plaintiffs' alleged damages, if any, were caused by pre-existing conditions over which Holmes had no control and/or for which Holmes is not responsible and may not be held liable.

### ELEVENTH AFFIRMATIVE DEFENSE

52. Plaintiffs' claims are barred in whole or in part by prescription, statute of limitations, and/or laches.

### TWELFTH AFFIRMATIVE DEFENSE

53. The proximate cause of damages and/or injuries alleged by Plaintiffs is not the result of any acts or omissions on the part of Holmes. Defendant maintains such alleged damages are the result of the acts or omissions of third parties unrelated to Holmes. Accordingly, Defendant

cannot be held liable and/or accountable for the actions of entities lacking real or apparent authority to act on behalf of Holmes and over whom Defendant lacked control.

### THIRTEENTH AFFIRMATIVE DEFENSE

54. The alleged damages of Plaintiffs, if any, were proximately caused by the negligence or fault of entities whose identities are unknown at this time and the comparative negligence or fault proportionately reduces or bars Plaintiffs' recovery.

### FOURTEENTH AFFIRMATIVE DEFENSE

55. Defendant did not breach any express or implied warranties and/or warranties created by law. The claims of Plaintiffs for breach of warranty are therefore barred, fail to state a claim, and must be dismissed with prejudice.

### FIFTEENTH AFFIRMATIVE DEFENSE

56. The alleged damages and/or injuries of Plaintiffs, if any, resulted from pre-existing and/or unrelated medical, genetic, and/or environmental conditions, diseases, or illnesses that cannot be attributed to any alleged act or omission of Defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

57. To the extent the claims of Plaintiffs are based upon a theory of liability without proof of causation, such claims violate Defendant's rights pursuant to the United States Constitution.

### SEVENTEENTH AFFIRMATIVE DEFENSE

58. In the event that Defendant is found to be liable to Plaintiffs, all damages against Holmes should be apportioned among each of the defendants, as well as amongst any other defendants and/or their respective insurers, whether named in this action or not, in proportion to the respective obligations of each such defendant.

### EIGHTEENTH AFFIRMATIVE DEFENSE

59. Plaintiffs have failed to join all necessary parties to this action.

### NINETEENTH AFFIRMATIVE DEFENSE

60. This action and/or any relief sought by Plaintiffs against Defendant is or may be barred, in whole or in part, because of the acts or omissions to act of Plaintiffs, or because Plaintiffs waived their right, or are estopped, to pursue this action.

### TWENTIETH AFFIRMATIVE DEFENSE

61. Any damages allegedly sustained by Plaintiffs were caused in whole, or in part, by the acts or omissions of entities other than this Defendant, over whom this Defendant had no control or by intervening causes outside the control of this Defendant.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

62. This action and/or any relief sought by Plaintiffs against Defendant is or may be barred, in whole or in part, to the extent Plaintiffs have incurred unreasonable and inappropriate costs and/or expenses with regard or in relation to any alleged damages and/or injuries.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

63. This action and/or any relief sought by Plaintiffs against Defendant is or may be barred, in whole or in part, because the Plaintiffs may not have requisite standing to sue Holmes.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

64. This action and/or any relief sought by Plaintiffs against Defendant is or may be barred, in whole or in part to the extent Plaintiffs have impaired Holmes' rights of subrogation or contribution.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

65. This action and/or any relief sought by Plaintiffs against Defendant is or may be barred, in whole or in part to the extent Plaintiffs seek compensation for property that has not been damaged from an alleged defect, deficiency, inadequacy, or dangerous condition in the materials allegedly supplied by Defendant.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

66. This action and/or any relief sought by Plaintiffs against Defendant is or may be barred, in whole or in part to the extent Plaintiffs seek compensation for property damage related to materials not supplied by Holmes.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

67. The Complaint is vague to the extent it does not describe the claims made against Defendant with sufficient particularity to enable Holmes to determine applicable defenses to claims within the Complaint. Defendant therefore reserves the right to raise all defenses which may be pertinent to the Complaint once the precise nature of the claims are ascertained through discovery or through amendments to pleadings.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

68. This Honorable Court may lack subject matter jurisdiction because there is not complete diversity among the parties and the cause of action of plaintiff is not established by federal statutory law.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

69. The Complaint of Plaintiffs fails to state a claim against Holmes for which relief may be granted.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

70. Defendant further adopts any and all defenses asserted by other parties hereto, to the extent such defenses are not inconsistent with the defenses asserted by Holmes.

## CROSS CLAIMS AGAINST KNAUF GIPS; KNAUF PLASTERBOARD (TIANJIN) CO., LTD., KNAUF PLASTERBOARD (WUHU), CO. LTD., KNAUF PLASTERBOARD (DONGGUAN) CO., LTD. AND INTERIOR/EXTERIOR BUILDING SUPPLY, LP

71. HOLMES BUILDING MATERIALS, L.L.C., (hereinafter "Holmes") defendant herein, hereby asserts the following allegations as Plaintiff-in-Cross-Claim, as follows:

72. Plaintiff-in-Cross Claim, Holmes Building Materials, L.L.C., is a Limited Liability Company authorized to and doing business in the State of Louisiana, which falls within this Court's jurisdictional authority.

73. Made Defendants-in-Cross Claim are KNAUF GIPS; KNAUF PLASTERBOARD (TIANJIN) CO., LTD., KNAUF PLASTERBOARD (WUHU), CO. LTD., KNAUF PLASTERBOARD (DONGGUAN) CO., LTD., along with all other applicable affiliates and related entities (hereinafter "Knauf"); and

74. Defendant-in-Cross-Claim INTERIOR/EXTERIOR BUILDING SUPPLY, LP. a limited partnership authorized to do and doing business in the State of Louisiana, Parish of Orleans, along with all other applicable affiliates and related entities ("Interior/Exterior").

75. Plaintiffs, SEAN AND BETH PAYTON, ET AL[1], have brought claims against HOLMES BUILDING MATERIALS, L.L.C., along with hundreds of other defendants, to recover damages as a result of property damage allegedly caused by defective drywall installed in their homes and businesses.

---

[1] Specifically, only plaintiffs Jake C. and Emily Mayo have brought claims against Holmes Building Materials, L.L.C.

13

76. Plaintiff-in-Cross-Claim, HOLMES BUILDING MATERIALS, L.L.C., has answered the aforementioned Complaint denying liability as set forth in its answer which has been filed herewith into the record of this Honorable Court. Plaintiff-in-Cross Claim, HOLMES BUILDING MATERIALS, L.L.C., avers that the incident which is the subject of this litigation, and which has allegedly given rise to the damages sought by the Plaintiffs was caused in whole or in part by the negligence of Defendant-in-Cross-Claim, Knauf, its employees, representatives, agents, sub-contractors, and/or the negligence Defendant-in-Cross-Claim of Interior/Exterior, its employees, representatives, agents, sub-contractors. By way of Cross-Claim, and only in the event that Holmes is held liable to Plaintiffs for their alleged damages, which liability is denied, Holmes adopts by reference (as if reproduced herein *in extenso*) all allegations made by Plaintiffs against the above-listed Defendants-in-Cross-Claim. This includes specific allegations as to named entities and general allegations concerning manufacturers, distributors, and/or suppliers. Holmes avers that it is entitled to judgment over and against said Defendants-in-Cross-Claim for contribution and/or indemnity.

## CROSS-CLAIMS AGAINST KNAUF GIPS, KNAUF PLASTERBOARD (TIANJIN) CO., LTD., KNAUF PLASTERBOARD (WUHU), CO. LTD., KNAUF PLASTERBOARD (DONGGUAN) CO., LTD.

### FIRST CROSS-CLAIM FOR BREACH OF EXPRESS WARRANTIES

77. Holmes hereby incorporates all prior responses and allegations previously asserted that may be relevant to the foregoing Cross-Claim.

78. In its capacity as Plaintiff-in-Cross-Claim, Holmes asserts claims against Defendant-in-Cross-Claim, Knauf Gips KG, Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Knauf Plasterboard (Dongguan) Co., Ltd., and all other applicable affiliates and/or entities (hereinafter "Knauf") for breach of express warranties.

79. Holmes paid for and acquired a specific amount of gypsum drywall manufactured by Knauf.

80. The Knauf gypsum drywall was expressly warranted to be fit for the ordinary purpose such material is utilized and free of defects.

81. Holmes has previously denied any liability for damages allegedly sustained by Plaintiffs. In the event it is established the gypsum drywall manufactured by Knauf and subsequently sold to Holmes was in any manner defective and/or not fit for its ordinary purpose, Knauf is liable to Holmes for breach of its express warranty.

82. Holmes has incurred significant monetary damages resulting from its defense of the foregoing action of Plaintiffs as a direct and proximate result of Knauf's breach of express warranties. Upon information and belief, Holmes will continue to incur monetary damages in its defense of the foregoing action.

## SECOND CROSS-CLAIM FOR BREACH OF IMPLIED MERCHANTABILITY

83. Holmes hereby incorporates all prior responses and allegations previously asserted that may be relevant to the foregoing Cross-Claim.

84. In its capacity as Plaintiff-in-Cross-Claim, Holmes asserts claims against Defendant-in-Cross-Claim Knauf for breach of implied merchantability.

85. Knauf is a merchant of gypsum drywall.

86. Holmes paid for and acquired a specific amount of gypsum drywall manufactured by Knauf.

87. Knauf warranted its gypsum drywall was merchantable and fit for the ordinary purpose such material is utilized.

88. Holmes has previously denied any liability for damages allegedly sustained by Plaintiffs. In the event it is established the gypsum drywall manufactured by Knauf and subsequently sold to Holmes was in any manner defective and/or not fit for its ordinary purpose, Knauf is liable to Holmes for breach of its implied warranty.

89. Holmes has incurred significant monetary damages resulting from its defense of the foregoing action of Plaintiffs and has been required to respond to complaints of homeowners as a direct and proximate result of Knauf's breach of implied warranties. Upon information and belief, Holmes will continue to incur monetary damages in its defense of the foregoing action and in its response to homeowner complaints.

### THIRD CROSS-CLAIM FOR INDEMNIFICATION

90. Holmes hereby incorporates all prior responses and allegations previously asserted that may be relevant to the foregoing Cross-Claim.

91. In its capacity as Plaintiff-in-Cross-Claim, Holmes asserts claims against Defendant-in-Cross-Claim Knauf for equitable and/or common law indemnification.

92. Knauf is solely responsible and liable for any allegedly wrongful acts committed as alleged within the Complaint of Plaintiffs.

93. Knauf is solely liable for any and all damages alleged by Plaintiffs.

94. In the event Holmes is required to pay any amount of damages to Plaintiffs, Defendant is entitled to be indemnified by Knauf for any such damages based on the doctrines of equitable and/or common law indemnification.

### CROSS-CLAIMS AGAINST INTERIOR/EXTERIOR BUILDING SUPPLY, LP
### FOURTH CROSS-CLAIM FOR BREACH OF EXPRESS WARRANTIES

95. Holmes hereby incorporates all prior responses and allegations previously asserted that may be relevant to the foregoing Cross-Claim.

96. In its capacity as Plaintiff-in-Cross-Claim, Holmes asserts claims against Defendant-in-Cross-Claim, Interior/Exterior Building Supply, LP and all other applicable affiliates and/or entities (hereinafter "Interior/Exterior") for breach of express warranties.

97. Holmes paid for and acquired a specific amount of gypsum drywall manufactured by Knauf and supplied by Interior/Exterior.

98. The Knauf gypsum drywall Interior/Exterior supplied to Holmes was expressly warranted to be fit for the ordinary purpose such material is utilized and free of defects.

99. Holmes has previously denied any liability for damages allegedly sustained by Plaintiffs. In the event it is established the gypsum drywall manufactured by Knauf and supplied by Interior/Exterior to Holmes was in any manner defective and/or not fit for its ordinary purpose, Interior/Exterior is liable to Holmes for breach of its express warranty.

100. Holmes has incurred significant monetary damages resulting from its defense of the foregoing action of Plaintiffs as a direct and proximate result of Interior/Exterior's breach of express warranties. Upon information and belief, Holmes will continue to incur monetary damages in its defense of the foregoing action.

## FIFTH CROSS-CLAIM FOR BREACH OF IMPLIED MERCHANTABILITY

101. Holmes hereby incorporates all prior responses and allegations previously asserted that may be relevant to the foregoing Cross-Claim.

102. In its capacity as Plaintiff-in-Cross-Claim, Holmes asserts claims against Defendant-in-Cross-Claim Interior/Exterior for breach of implied merchantability.

103. Knauf is a merchant of gypsum drywall.

104. Holmes paid for and acquired a specific amount of gypsum drywall manufactured by Knauf and supplied by Interior/Exterior.

17

105. Interior/Exterior warranted the Knauf gypsum drywall supplied to Holmes was merchantable and fit for the ordinary purpose such material is utilized.

106. Holmes has previously denied any liability for damages allegedly sustained by Plaintiffs. In the event it is established the gypsum drywall manufactured by Knauf and supplied to Holmes by Interior/Exterior was in any manner defective and/or not fit for its ordinary purpose, Interior/Exterior is liable to Holmes for breach of its implied warranty.

107. Holmes has incurred significant monetary damages resulting from its defense of the foregoing action of Plaintiffs and has been required to respond to complaints of homeowners as a direct and proximate result of Knauf's breach of implied warranties. Upon information and belief, Holmes will continue to incur monetary damages in its defense of the foregoing action and in its response to homeowner complaints.

## SIXTH CROSS-CLAIM FOR INDEMNIFICATION

108. Holmes hereby incorporates all prior responses and allegations previously asserted that may be relevant to the foregoing Cross-Claim.

109. In its capacity as Plaintiff-in-Cross-Claim, Holmes asserts claims against Defendant-in-Cross-Claim Interior/Exterior for equitable and/or common law indemnification.

110. Knauf and/or Interior/Exterior are solely responsible and liable for any allegedly wrongful acts committed as alleged within the Complaint of Plaintiffs.

111. Knauf and/or Interior/Exterior are solely liable for any and all damages alleged by Plaintiffs.

112. In the event Holmes is required to pay any amount of damages to Plaintiffs, Defendant is entitled to be indemnified by Interior/Exterior for any such damages based on the doctrines of equitable and/or common law indemnification.

113.    Holmes reserves its right to amend its Cross-Claims.

## JURY TRIAL REQUEST

114.    Defendant, HOLMES BUILDING MATERIALS, L.L.C., prays for trial by jury on all issues presented herein.

WHEREFORE, Defendant and Plaintiff-in-Cross-Claim, Holmes Building Materials, L.L.C., prays that this Answer and Cross-Claim be deemed good and sufficient and that after due proceedings are had and in the event that Holmes Building Materials, L.L.C., is cast in judgment as a liable Defendant, which liability is denied, that it be awarded contribution and/or indemnity from the aforementioned Defendants-in-Cross-Claim and for all general and equitable relief, and for trial by jury of all issues herein.

Respectfully submitted,

/s/ Ney J. Gehman
Kaye N. Courington (La. Bar # 18582)
William J. Sommers, Jr. (La. Bar #12253)
Barbara Bourdonnay O'Donnell (La. Bar #17921)
Magali A. Puente-Martin (La. Bar #27279)
Ney J. Gehman (La. Bar #26490)
Duncan, Courington & Rydberg, L.L.C.
400 Poydras Street, Suite 1200
New Orleans, LA 70130
504-524-5566
Counsel for Holmes Building Materials, L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer, Affirmative Defenses, and Cross-Claims of Holmes Building Materials, LLC has been served on Plaintiffs' Liaison Counsel, Russ Herman at drywall@hhkc.com, and Defendants' Liaison Counsel, Kerry Miller at KMiller@frilot.com, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using CM/ECF System, which will send notice of electronic filing in accordance with the procedures established in MDL 2047, on this 25th day March, 2010.

                                                        /s/ Ney J. Gehman
                                                        ATTORNEY