# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

SEAN AND BETH PAYTON, individually, and      MDL Docket No. 2047
on behalf of all other similarly situated,

    **Plaintiffs,**

vs.

KNAUF GIPS, KG; KNAUF PLASTERBOARD
(TIANJIN) CO., LTD.; KNAUF
PLASTERBOARD (WUHU), CO., LTD.;
KNAUF PLASTERBOARD (DONGGUAN)
CO., LTD. et al.

    **Defendants.**

**This document relates to Case No.: 2:09-cv-7628**

---

### DEFENDANT, STERLING COMMUNITIES, INC.'S ANSWER
### TO PLAINTIFFS' OMNIBUS CLASS ACTION COMPLAINT

---

Defendant, Sterling Communities, Inc. ("SCI") by and through the undersigned counsel hereby responds to Plaintiffs' Omnibus Class Action Complaint as follows:

### JURISDICTION, PARTIES, AND VENUE

1.    SCI lacks sufficient knowledge to form a belief about the truth of the allegations in Paragraph 1 and therefore denies them.

2.    SCI lacks information and knowledge sufficient to admit or deny the allegation set forth in the previous paragraph, namely, that this Court has original jurisdiction over the subject matter.  Therefore SCI lacks sufficient knowledge to admit or deny the allegation that this Court has original jurisdiction under CAFA and/or supplemental jurisdiction under 28 U.S.C. § 1367.

3.      SCI admits for venue purposes only that Plaintiffs and a significant number of the absent class members reside in this jurisdiction.  SCI admits that events and occurrences giving rise to these claims occurred in this District, but lacks information and knowledge sufficient to admit or deny that such events or occurrences constitute a substantial amount of such events or occurrences or a substantial part of such property and therefore denies the remainder of this paragraph.

## PLAINTIFFS

4.      SCI lacks information and knowledge sufficient to admit or deny the allegations in paragraph 4 and therefore denies them.

5.      The allegations contained in paragraphs 5 through 2042 relate to the specific identities, property interests, and class participant status of Plaintiffs wholly unrelated to SCI.  These allegations are not directed to SCI and as such no response is required.  To the extent a response is required, SCI lacks information and knowledge sufficient to admit or deny such allegations and therefore denies them.

2043.   SCI admits that Plaintiffs own the property identified.  SCI lacks information and knowledge sufficient to admit or deny the remaining allegations in Paragraph 2043 and therefore denies them.

2044.   The allegations contained in paragraphs 2044 through 2052 relate to the specific identities, property interests, and class participant status of Plaintiffs wholly unrelated to SCI. These allegations are not directed to SCI and as such no response is required.  To the extent a response is required, SCI lacks information and knowledge sufficient to admit or deny such allegations and therefore denies them.

2

2053.   SCI admits that Plaintiffs own the property identified.  SCI lacks information and knowledge sufficient to admit or deny the remaining allegations in Paragraph 2053 and therefore denies them.

2054.   The allegations contained in paragraphs 2054 through 2072 related to the specific identities, property interests, and class participant statuses of Plaintiffs wholly unrelated to SCI. These allegations are not directed to SCI and as such no response is required.  To the extent a response is required, SCI lacks information and knowledge sufficient to admit or deny such allegations and therefore denies them.

### DEFENDANTS

2073.   Denied.  Defendant is not a citizen of the state where they do business.  Defendant is a citizen of its place of incorporation and the state where it maintains its principal place of business.

2074.   The allegations contained in paragraphs 2074 through 2467 relate to and are directed to specific defendants other than SCI, and as such no response is required.  To the extent a response is required, SCI lacks information and knowledge sufficient to admit or deny such allegations and therefore denies them.

2468.   SCI admits it is an entity with a principal place of business at 3090 Canterbury Drive, Boca Raton, Florida 33443.  SCI admits it is organized under the laws of Florida.  All other allegations pled in paragraph 2468 are denied and strict proof demanded thereof.

2649.   The allegations contained in paragraphs 2469 through 2609 relate to and are directed to specific defendants other than SCI and as such no response is required.  To the extent a response is required, SCI lacks information and knowledge sufficient to admit or deny such allegations

3

and therefore denies them.

## FACTS REGARDING PRODUCT DEFECT

2610.   SCI lacks information and knowledge sufficient to deny the allegation contained in paragraph 2610 and demands strict proof thereof.

2611.   SCI lacks information and knowledge sufficient to deny the allegation contained in paragraph 2611 and demands strict proof thereof.

2612.   SCI lacks information and knowledge sufficient to deny the allegation contained in paragraph 2612 and demands strict proof thereof.

2613.   SCI lacks information and knowledge sufficient to deny the allegation contained in paragraph 2613 and demands strict proof thereof.

2614.   SCI lacks information and knowledge sufficient to deny the allegation contained in paragraph 2614 and demands strict proof thereof.

2615.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2616.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2617.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2618.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2619.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2620.   SCI denies all allegations in this paragraph and demands strict proof thereof.

## CLASS ACTION ALLEGATIONS

2621.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2622.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2623.   SCI denies all allegations in this paragraph and demands strict proof thereof.

DM_US:23134879_2

2624.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2625.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2626.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2627.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2628.   The allegations contained in paragraphs 2628 and 2629 relate to and are directed to specific defendants other than SCI, and as such no response is required.  To the extent a response is required, SCI lacks information and knowledge sufficient to admit or deny such allegations and therefore denies them.

2630.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2631.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2632.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2633.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2634.   SCI lacks information and knowledge sufficient to admit or deny the allegations contained in paragraph 2634 and therefore denies them.

2635.   SCI lacks information and knowledge sufficient to admit or deny the allegations contained in paragraph 2634 and therefore denies them.

2636.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2637.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2638.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2639.   SCI denies all allegations in this paragraph and demands strict proof thereof.

**COUNT I**
**NEGLIGENCE**
**(Against All Defendants)**

5

2640.    Defendant adopts and restates its responses contained in the preceding paragraphs as if fully set forth herein.

2641.  SCI denies all allegations in this paragraph and demands strict proof thereof.

2642.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2643.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2644.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2645.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2646.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2647.   SCI denies all allegations in this paragraph and demands strict proof thereof.

## COUNT II
## NEGLIGENCE PER SE
### (Against All Defendants)

2648.    Defendant adopts and restates its responses contained in the preceding paragraphs as if fully set forth herein.

2649.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2650.  SCI denies all allegations in this paragraph and demands strict proof thereof.

2651.  SCI denies all allegations in this paragraph and demands strict proof thereof.

2652.  SCI denies all allegations in this paragraph and demands strict proof thereof.

2653.  SCI denies all allegations in this paragraph and demands strict proof thereof.

2654.  SCI denies all allegations in this paragraph and demands strict proof thereof.

## COUNT III
## STRICT LIABILITY
### (All Defendants)

2655.    Defendant adopts and restates its responses contained in the preceding paragraphs as if

6

fully set forth herein.

2656.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2657.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2658.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2659.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2660.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2661.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2662.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2663.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2664.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2665.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2666.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2667.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2668.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2669.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2670.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2671.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2672.   SCI denies all allegations in this paragraph and demands strict proof thereof.

## COUNT IV
### BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES
### (All Defendants)

2673.    Defendant adopts and restates its responses contained in the preceding paragraphs as if

fully set forth herein.

7

2674.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2675.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2676.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2677.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2678.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2679.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2680.   SCI denies all allegations in this paragraph and demands strict proof thereof.

<u>COUNT V</u>
**BREACH OF THE IMPLIED WARRANTY OF FITNESS AND MERCHANTABILITY
PURSUANT TO FLORIDA STATUTES SECTION 718.203
(On Behalf of Plaintiffs Who Own Condominiums in the State of Florida)
(Against Builders Only)**

2681.   Defendant adopts and restates its responses contained in the preceding paragraphs as if fully set forth herein.

2682.   SCI denies the allegations contained in paragraph 2682 on the ground that Florida Statues section 718.503 does not define "condominium owner" or any like term.  To the extent the allegations contained in paragraph 2682 refers to a different section of the Florida Code, SCI lacks information and knowledge sufficient to admit or deny the allegations contained in paragraph 2682 and therefore denies them.

2683.   SCI lacks information and knowledge sufficient to admit or deny the allegations contained in paragraph 2683 and therefore denies them.

2684.   SCI denies the allegations contained in this paragraph on the ground that Florida Statutes section 718.203 does not contain a subsection (16).  To the extent this paragraph alleges

8

SCI is a developer pursuant to Florida Statutes section 718.103(16), SCI denies the allegation and demands strict proof thereof.

2685.    To the extent this paragraph alleges SCI is a developer as that term is defined in Florida Statutes section 718.103 (16), SCI denies such allegations and demands strict proof thereof.  SCI denies the remaining allegations in this paragraph and demands strict proof thereof.

2686.    SCI lacks information and knowledge sufficient to admit or deny the allegations contained in this paragraph and therefore denies them.

2687.    To the extent this paragraph alleges SCI is a developer as that term is defined in Florida Statutes section 718.103 (16), SCI denies such allegations and demands strict proof thereof.  SCI denies the remaining allegations in this paragraph and demands strict proof thereof.

2688.    To the extent this paragraph alleges SCI is a developer as that term is defined in Florida Statutes section 718.103 (16), SCI denies such allegations and demands strict proof thereof.  SCI denies the remaining allegations in this paragraph and demands strict proof thereof.

2689.    To the extent this paragraph alleges SCI is a developer as that term is defined in Florida Statutes section 718.103 (16), SCI denies such allegations and demands strict proof thereof.  SCI denies the remaining allegations in this paragraph and demands strict proof thereof.

2690.    To the extent this paragraph alleges SCI is a developer as that term is defined in Florida Statutes section 718.103 (16), SCI denies such allegations and demands strict proof thereof.  SCI denies the remaining allegations in this paragraph and demands strict proof thereof.

2691.    To the extent this paragraph alleges SCI is a developer as that term is defined in Florida Statutes section 718.103 (16), SCI denies such allegations and demands strict proof thereof.  SCI denies the remaining allegations in this paragraph and demands strict proof thereof.

DM_US:23134879_2

2692.    To the extent this paragraph alleges SCI is a developer as that term is defined in Florida Statutes section 718.103 (16), SCI denies such allegations and demands strict proof thereof.  SCI denies the remaining allegations in this paragraph and demands strict proof thereof.

**COUNT VI**
**BREACH OF THE IMPLIED WARRANTY OF HABITABILITY**
**(Against Builders Only)**

2693.    Defendant adopts and restates its responses contained in the preceding paragraphs as if fully set forth herein.

2694.    To the extent this paragraph alleges SCI is a developer as that term is defined in Florida Statutes section 718.103 (16), SCI denies such allegations and demands strict proof thereof.  SCI denies the remaining allegations in this paragraph and demands strict proof thereof.

2695.    To the extent this paragraph alleges SCI is a developer as that term is defined in Florida Statutes section 718.103 (16), SCI denies such allegations and demands strict proof thereof.  SCI denies the remaining allegations in this paragraph and demands strict proof thereof.

2696.    To the extent this paragraph alleges SCI is a developer as that term is defined in Florida Statutes section 718.103 (16), SCI denies such allegations and demands strict proof thereof.  SCI denies the remaining allegations in this paragraph and demands strict proof thereof.

2697.    To the extent this paragraph alleges SCI is a developer as that term is defined in Florida Statutes section 718.103 (16), SCI denies such allegations and demands strict proof thereof.  SCI denies the remaining allegations in this paragraph and demands strict proof thereof.

2698.    To the extent this paragraph alleges SCI is a developer as that term is defined in Florida Statutes section 718.103 (16), SCI denies such allegations and demands strict proof thereof.  SCI denies the remaining allegations in this paragraph and demands strict proof thereof.

DM_US:23134879_2

2699.    To the extent this paragraph alleges SCI is a developer as that term is defined in Florida Statutes section 718.103 (16), SCI denies such allegations and demands strict proof thereof.  SCI denies the remaining allegations in this paragraph and demands strict proof thereof.

**COUNT VII**
**BREACH OF CONTRACT**
**(Against Builders Only)**

2700.    Defendant adopts and restates its responses contained in the preceding paragraphs as if fully set forth herein.

2701.    To the extent this paragraph alleges SCI is a developer as that term is defined in Florida Statutes section 718.103 (16), SCI denies such allegations and demands strict proof thereof.  SCI denies the remaining allegations in this paragraph and demands strict proof thereof.

2702.    To the extent this paragraph alleges SCI is a developer as that term is defined in Florida Statutes section 718.103 (16), SCI denies such allegations and demands strict proof thereof.  SCI denies the remaining allegations in this paragraph and demands strict proof thereof.

2703.    To the extent this paragraph alleges SCI is a developer as that term is defined in Florida Statutes section 718.103 (16), SCI denies such allegations and demands strict proof thereof.  SCI denies the remaining allegations in this paragraph and demands strict proof thereof.

**COUNT VIII**
**VIOLATION OF THE LOUISIANA NEW HOME WARRANTY ACT**
**(Against Louisiana Builders Only)**

2704.  Count VIII and paragraphs 2704 through 2710 contain allegations that are directed to Louisiana Builders.  SCI is not a Louisiana Builder and as such no response is required.  To the extent a response is required, SCI lacks information and knowledge sufficient to admit or deny

11

such allegations and therefore denies Count VIII, paragraphs 2704 through 2710 and the allegations contained therein.

**COUNT IX**
**REDHIBITION**
**(By Louisiana Plaintiffs Against All Defendants)**

2711.   Defendant adopts and restates its responses contained in the preceding paragraphs as if fully set forth herein.

2712.   Count IX and this paragraph contain allegations by Louisiana Plaintiffs against all Builders. SCI has no relation to any Plaintiffs located within Louisiana, and the Plaintiffs alleged as being aligned with SCI in Schedule 3 are not Louisiana residents.  To the extent a response is required, SCI denies all allegations in this paragraph and demands strict proof thereof.

2713.   Count IX and this paragraph contain allegations by Louisiana Plaintiffs against all Builders. SCI has no relation to any Plaintiffs located within Louisiana, and the Plaintiffs alleged as being aligned with SCI in Schedule 3 are not Louisiana residents.  To the extent a response is required, SCI denies all allegations in this paragraph and demands strict proof thereof.

2714.   Count IX and this paragraph contain allegations by Louisiana Plaintiffs against all Builders. SCI has no relation to any Plaintiffs located within Louisiana, and the Plaintiffs alleged as being aligned with SCI in Schedule 3 are not Louisiana residents.  To the extent a response is required, SCI denies all allegations in this paragraph and demands strict proof thereof.

2715.   Count IX and this paragraph contain allegations by Louisiana Plaintiffs against all Builders. SCI has no relation to any Plaintiffs located within Louisiana, and the Plaintiffs alleged as being aligned with SCI in Schedule 3 are not Louisiana residents.  To the extent a response is required, SCI denies

all allegations in this paragraph and demands strict proof thereof.

2716.   Count IX and this paragraph contain allegations by Louisiana Plaintiffs against all Builders. SCI has no relation to any Plaintiffs located within Louisiana, and the Plaintiffs alleged as being aligned with SCI in Schedule 3 are not Louisiana residents.   To the extent a response is required, SCI denies all allegations in this paragraph and demands strict proof thereof.

2717.   Count IX and this paragraph contain allegations by Louisiana Plaintiffs against all Builders. SCI has no relation to any Plaintiffs located within Louisiana, and the Plaintiffs alleged as being aligned with SCI in Schedule 3 are not Louisiana residents.   To the extent a response is required, SCI denies all allegations in this paragraph and demands strict proof thereof.

2718.   Count IX and this paragraph contain allegations by Louisiana Plaintiffs against all Builders. SCI has no relation to any Plaintiffs located within Louisiana, and the Plaintiffs alleged as being aligned with SCI in Schedule 3 are not Louisiana residents.   To the extent a response is required, SCI denies all allegations in this paragraph and demands strict proof thereof.

2719.   Count IX and this paragraph contain allegations by Louisiana Plaintiffs against all Builders. SCI has no relation to any Plaintiffs located within Louisiana, and the Plaintiffs alleged as being aligned with SCI in Schedule 3 are not Louisiana residents.   To the extent a response is required, SCI denies all allegations in this paragraph and demands strict proof thereof.

2720.   Count IX and this paragraph contain allegations by Louisiana Plaintiffs against all Builders. SCI has no relation to any Plaintiffs located within Louisiana, and the Plaintiffs alleged as being aligned with SCI in Schedule 3 are not Louisiana residents.   To the extent a response is required, SCI denies all allegations in this paragraph and demands strict proof thereof.

DM_US:23134879_2

**COUNT X**
**LOUISIANA PRODUCTS LIABILITY ACT**
**(Manufacturing Defendants)**
**(Pleaded in the Alternative Against Distributor Defendants)**

2721.   Defendant adopts and restates its responses contained in the preceding paragraphs as if fully set forth herein.

2722.   Count X and paragraphs 2722 through 2734 contain allegations that are directed to Distributors.  SCI is not a distributor and as such no response is required.  To the extent a response is required, SCI lacks information and knowledge sufficient to admit or deny such allegations and therefore denies Count X, paragraphs 2722 through 2734 and the allegations contained therein.

**COUNT XI**
**PRIVATE NUISANCE**
**(All Defendants)**

2735.   Defendant adopts and restates its responses contained in the preceding paragraphs as if fully set forth herein.

2736.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2737.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2738.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2739.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2740.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2741.   SCI denies all allegations in this paragraph and demands strict proof thereof.

**COUNT XII**
**NEGLIGENT DISCHARGE OF A CORROSIVE SUBSTANCE**
**(All Defendants)**

2742.   Defendant adopts and restates its responses contained in the preceding paragraphs as if fully set forth herein.

14

2743.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2744.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2745.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2746.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2747.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2748.   SCI denies all allegations in this paragraph and demands strict proof thereof.

**COUNT XIII**
**UNJUST ENRICHMENT**
**(All Defendants)**

2749.   Defendant adopts and restates its responses contained in the preceding paragraphs as if fully set forth herein.

2750.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2751.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2752.   SCI denies all allegations in this paragraph and demands strict proof thereof.

**COUNT XIV**
**VIOLATION OF CONSUMER PROTECTION ACTS**
**(All Defendants)**

2753.   Defendant adopts and restates its responses contained in the preceding paragraphs as if fully set forth herein.

2754.   SCI admits that Florida Statutes section 501.201 is known as the Florida Deceptive and Unfair Trade Practices Act.  SCI denies all other allegations in this paragraph.

2755.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2756.   SCI denies all allegations in this paragraph and demands strict proof thereof.

2757.   SCI denies all allegations in this paragraph and demands strict proof thereof.

DM_US:23134879_2

## COUNT XV
## EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING
### (All Defendants)

2758.    Defendant adopts and restates its responses contained in the preceding paragraphs as if fully set forth herein.

2759.    SCI denies all allegations in this paragraph and demands strict proof thereof.

2760.    SCI denies all allegations in this paragraph and demands strict proof thereof.

2761.    To the extent this paragraph contains allegations that merit a response, SCI denies all allegations in this paragraph and demands strict proof thereof.

2762.    To the extent this paragraph contains allegations that merit a response, SCI denies all allegations in this paragraph and demands strict proof thereof.

2763.    SCI denies all allegations in this paragraph and demands strict proof thereof.

2764.    SCI denies all allegations in this paragraph and demands strict proof thereof.

2765.    SCI denies all allegations in this paragraph and demands strict proof thereof.

2766.    SCI lacks information and knowledge sufficient to admit or deny the allegations contained in this paragraph and therefore denies them.

2767.    SCI lacks information and knowledge sufficient to admit or deny the allegations contained in this paragraph and therefore denies them.

2768.    SCI denies all allegations in this paragraph and demands strict proof thereof.

2769.    SCI lacks information and knowledge sufficient to admit or deny the allegations contained in this paragraph and therefore denies them.

2770.    SCI denies all allegations in this paragraph and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

16

1.      This Court lacks personal jurisdiction over the Defendant.

2.      Venue is Improper in the Eastern District of Louisiana.

3.      Defendant opposes and objects to certification of this case as a class action.

4.      Defendant opposes and objects to certification of any class or subclass in this action.

5.      Plaintiffs' claims are barred by operation of Florida Statutes, Chapter 558.

6.      Plaintiffs' claims are barred by the doctrine of mutual mistake.

7.      Plaintiffs' claims are barred by the doctrine of unilateral mistake.

8.      Plaintiffs' claims are barred by the statute of limitations.

9.      Plaintiffs' claims are barred by the doctrine of release.

10.      Plaintiffs' claims are barred by the doctrine of waiver.

11.      Plaintiffs' claims are barred by the doctrine of estoppel.

12.      Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

13.      Plaintiffs have failed to state claims upon which relief may be granted.

14.      Plaintiffs' claims are barred by its failure to mitigate damages.

15.      Plaintiffs' claims are barred by laches.

16.      Plaintiffs' claims are barred by the doctrine of unclean hands.

17.      Plaintiffs' claims are barred by the doctrine that an equitable remedy shall not be available where damages at law are adequate.

18.      Plaintiffs' claims are barred by Florida's economic loss rule.

19.      Plaintiffs' claims are barred because SCI is not a developer as that term is defined in Florida Statutes, Chapter 718.

20.      Plaintiffs lack standing.

DM_US:23134879_2

21.     Plaintiffs' claims for punitive damages are barred to the extent prohibited by law.

22.     Plaintiffs' claims for interest, attorneys fees and costs are barred to the extent prohibited by law.

### CROSS CLAIM AGAINST KNAUF DEFENDANTS
### AND THIRD PARTY DEFENDANT J.W. HODGES DRYWALL, INC

NOW COMES SCI, and, pursuant to Rule 13 (g), asserts a Cross-Claim against co-defendants Knauf Gips KG, Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu), Co., Ltd., and Knauf Plasterboard (Dongguan) Co., Ltd. (collectively, "Knauf Defendants"), and co-defendant J.W. Hodges Drywall, Inc. ("J.W. Hodges").  For its Cross-Claim, SCI avers the following:

1.     Subject matter jurisdiction is proper to the extent the Court has subject matter jurisdiction over the original action.

2.     This Court has personal jurisdiction over the Knauf Defendants by consent (See MDL Pretrial Order No. 17).  The Court has personal jurisdiction over J.W. Hodges to the extent personal jurisdiction is proper over J.W. Hodges in the original action.

3.     Venue is proper to the extent it is proper over the original action.

4.     SCI adopts and incorporates, as if set forth fully herein, paragraphs 2074 through 2079, identifying each of the Knauf Cross-Claim Defendants and describing the nature of each Cross-Claim Defendant's business activity, and paragraph 2560, identifying J.W. Hodges, its address and the nature of its business activity.

5.     Upon information and belief, to the extent that cross-claimant SCI was supplied with drywall to be used in the construction of the homes occupied by Plaintiffs Fallman and Miller, such drywall was manufactured by the Knauf Defendants.

6.     Upon information and belief, J.W. Hodges had a subcontract with cross-claimant SCI whereby J.W. Hodges agreed to supply and install drywall installed in the homes of Plaintiffs Fallman and Miller.

7.     Upon information and belief, to the extent cross-claimant SCI was supplied with drywall to be used in the construction of the homes occupied by Plaintiffs Fallman and Miller, and to the extent such drywall was installed in said homes, such drywall was supplied and installed by J.W. Hodges.

8.     For the purposes of this cross-claim only and not constituting an admission of liability by SCI, the allegations set forth in paragraphs 2610 through 2620 in the Omnibus Class Action Complaint by Plaintiffs Fallman and Miller describing the alleged defects in the drywall manufactured and installed in the Fallman and Miller homes are adopted and incorporated as if set forth fully herein.

## COUNT I
### CONTRIBUTION
### (against Knauf Defendants and J.W. Hodges Drywall, Inc.)

9.     Paragraphs 1 through 8 are adopted and incorporated as if fully set forth herein.

10.    To the extent SCI is found liable in tort to Plaintiffs Fallman and Miller for damages caused by defects in the drywall contained in Plaintiffs' homes, by their individual acts of negligence and/or individual liability in strict products liability, Knauf Defendants and J.W. Hodges are joint tortfeasors with SCI.

11.    Pursuant to Fl. Stat. §768.31, joint tortfeasors, the Knauf Defendants and J.W. Hodges Drywall, Inc., are each jointly and severally liable to SCI for payments made to Plaintiffs Fallman

DM_US:23134879_2

and Miller in excess of SCI's pro rata share of common liability as between SCI, the Knauf

Defendants, and J.W. Hodges Drywall, Inc.

## COUNT II
## CONTRACTUAL INDEMNITY
### (against J.W. Hodges Drywall, Inc. )

12.      Paragraphs 1 through 11 are adopted and incorporated as if fully set forth herein.

13.      Upon information and belief, J.W. Hodge Drywall, Inc.'s subcontract with SCI obligates

J.W. Hodges to indemnify and hold harmless SCI for damages caused by fault on the part of J.W.

Hodges.

14.      Upon information and belief, J.W. Hodges negligently supplied and installed defective

drywall in a in breach of its subcontract with SCI.

15.      Defendant J.W. Hodges is therefore liable in contract to indemnify SCI for amounts paid to

Plaintiffs resulting from this lawsuit.

## COUNT III
## COMMON LAW INDEMNITY
### (against Knauf Defendants and J.W. Hodges Drywall, Inc.)

16.      Paragraphs 1 thorugh 15 are adopted and incorporated as if fully set forth herein.

17.      Upon information and belief, the Knauf Defendants and J.W. Hodges negligently

manufactured, supplied and/or installed defective and dangerous drywall for use in the homes of

Plaintiffs Fallman and Miller.

18.      As parties at fault in negligence and strict products liability, Defendants Knauf and J.W.

Hodges have an equitable duty under Florida law to indemnify SCI, an innocent party, for amounts

paid to Plaintiffs Fallman and Miller resulting from this lawsuit.

DM_US:23134879_2

19.     Defendants Knauf and J.W. Hodges are therefore liable to SCI, in common law implied indemnity, for amounts paid to Plaintiffs resulting from this lawsuit.

## COUNT IV
### NEGLIGENCE
### (against Knauf Defendants and J.W. Hodges Drywall, Inc.)

20.     Paragraphs 1 through 19 are adopted and incorporated as if fully set forth herein.

21.     Each of these cross-claim Defendants owed SCI a duty to exercise reasonable care in manufacturing, supplying, and/or installing the drywall in Plaintiffs' homes which was free from defects that could cause property damage, bodily injury, and damage to health and safety of SCI's customers.

22.     By manufacturing, supplying, installing drywall which allegedly contained defects that could cause such damage, the Knauf Defendants and J.W. Hodges failed to exercise reasonable care, thereby breaching the duty of care.  Defendants knew or reasonably should have known that the drywall they manufactured supplied or installed was defective and would cause the damages alleged herein.

23.     As a direct and proximate result of such breaches, Defendants have caused SCI to be exposed to liability to Plaintiffs Fallman and Miller for damages arising out of such breaches, for which SCI bears no responsibility or fault of its own.

## COUNT V
### STRICT PRODUCTS LIABILITY
### (against Knauf Defendants and J.W. Hodges Drywall, Inc.)

24.     Paragraphs 1 though 23 are adopted and incorporated as if fully set forth herein.

DM_US:23134879_2

25.     Upon information and belief, the Knauf Defendants and J.W. Hodges are – and at all relevant times were – in the business of manufacturing, delivering, supplying, and installing drywall.

26.     Upon information and belief, the drywall contained in Plaintiff Fallman and Miller's homes was placed into the stream of commerce by Defendants.

27.     Upon information and belief, at the time said drywall was placed into the stream of commerce, Defendants intended that the drywall reach consumers, and Defendants knew that consumers would not inspect the drywall for defects, nor could consumers have discovered any defects upon such an inspection.

28.     Upon information and belief, the drywall manufactured, sold, supplied, installed, and otherwise placed into the stream of commerce contains defects, which, as pled by Plaintiffs Fallman and Miller in paragraphs 2610 through 2620 of Plaintiffs' Complaint, pose a hazard and risk to Plaintiffs' health and safety.

29.     As a direct and proximate result of Defendants' manufacture, supply, sale, and installation of the defective drywall, Plaintiffs Fallman and Miller have allegedly suffered damages, for which SCI may be held liable through no fault of its own.

## COUNT V
## BREACH OF CONTRACT
### (against J.W. Hodges Drywall, Inc.)

30.     Paragraphs 1 through 29 are adopted and incorporated as if fully set forth herein.

31.     Upon information and belief, J.W. Hodges entered into a subcontract with SCI governing the supply and installation of drywall in Plaintiffs' homes.

32.     Upon information and belief, J.W. Hodges agreed in its subcontract with SCI to (1) supply and install drywall in accordance with the contract documents; (2) perform its duties in a workmanlike manner; (3) correct or reimburse SCI for the correction of defective work not in compliance with the contract documents; (4) warrant its work for merchantability and fitness for a particular purpose and other express and implied warranties.

33.     By manufacturing, supplying, and installing drywall which allegedly contained the defects alleged herein, J.W. Hodges breached material obligations of its contract.

34.     As a result of such breaches, SCI has been exposed to liability to Plaintiffs for damages arising out of such breaches, for which SCI bears no responsibility or fault of its own.

<u>COUNT VI</u>
**BREACH OF IMPLIED WARRANTIES OF MERCHANTIBILITY AND FITNESS FOR A PARTICULAR PURPOSE**
**(against J.W. Hodges Drywall, Inc.)**

35.     Paragraphs 1 through 34 are adopted and incorporated as if fully set forth herein.

36.     J.W. Hodges is in privity of contract with SCI.  The contract was for the sale of goods and is governed by the Uniform Commercial Code, as adopted by the Florida legislature in Florida Statutes, Chapter 672.

37.     In selling and installing the allegedly defective drywall contained in Plaintiffs' homes, J.W. Hodges sold and installed goods which were not saleable, a breach of J.W. Hodge's implied warranty of merchantability set forth in Fl. Stat. §672.314.

38.     In selling and installing the allegedly defective drywall contained in Plaintiffs' homes, J.W. Hodges sold and installed goods which were not fit for the particular purpose for which they were intended, i.e., as indoor room partitions, a breach of J.W. Hodge's implied warranty of fitness for particular purpose set forth in Fl. Stat. §672.315.

DM_US:23134879_2

39.     Upon information and belief, J.W. Hodges received notice of the breach by SCI within a

reasonable time of SCI's discovery of the allegedly defective drywall.

40.     As a result of J.W. Hodges' breach of its implied warranties, SCI has been exposed to

liability to Plaintiffs for damages arising out of such breaches, for which SCI bears no responsibility

or fault of its own.

WHEREFORE, SCI demands that Defendants be found liable, jointly and severally, for

1.      contribution and indemnity damages;

2.      compensatory and general damages;

3.      punitive damages as allowed by law;

4.      pre and post-judgment interest as allowed by law;

5.      costs and attorney's fees; and

6.      any and all further relief as this Court deems just and proper.

Dated:  March 25, 2010.                                Respectfully Submitted,

                                                       /s/ Christian F. Henel
                                                       Christian F. Henel
                                                       VA Bar No. 76830
                                                       DC Bar No. 989746

                                                       Melissa C. Lesmes
                                                       MD Bar No. 22864
                                                       DC Bar No. 450389

                                                       Michael S. McNamara
                                                       WA Bar No.29127
                                                       DC Bar No. 493773

24

Laura A. Kamas
MD Bar No. 16726
DC Bar No. 499837

HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tele:  (202) 783-0800
Fax:   (202) 383-6610
HenelC@howrey.com
LesmesM@howrey.com
McNamaraM@howrey.com
KamasL@howrey.com

*Attorneys for Defendants Sterling
Communities, Inc. and Sterling Communities
Realty, Inc.*

25

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Answer and Cross-claim has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 25th day of March 2010.

 /s/ Christian F. Henel
Christian F. Henel

DM_US:23134879_2