## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | * | MDL. NO. 2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION "L" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE FALLON |
| SEAN AND BETH PAYTON, et al | * | |
| v. | * | MAG. JUDGE WILKINSON |
| KNAUF GIPS, DG, et al | * | |
| Case No. 2:09-CV-7628 | * | |

**************************************

## ANSWER AND CROSS CLAIM OF ED PRICE BUILDING MATERIALS

NOW INTO COURT through undersigned counsel comes defendant, Ed Price Building

Materials (hereinafter "Ed Price"), being number 2196 under the distributor and supplier

defendants, and for answer and Cross Claim in response to plaintiffs' omnibus complaint, avers

as follows:

1

The allegations of Paragraphs 1 through 3 are, upon information and belief, admitted.

2.

Regarding Paragraphs 4-2072, those allegations are denied for lack of sufficient

information to justify a belief therein.

3.

With respect to Paragraph 2073, it is admitted as true during the existence of this entity,

but denied for lack of sufficient information to justify a belief therein in all other respects.

732748-I

4.

With regard to Paragraphs 2074-2095, this defendant denies same for lack of sufficient information to justify a belief therein.

5.

With regard to the allegations of Paragraph 2096, the allegations as to principle place of business are admitted only as to the time of this entity's existence.  The remaining allegations are denied as written.  While it is admitted that defendant may have supplied building products,  this paragraph is in all other respects denied.

6.

With regard to Paragraphs 2097-2609, those allegations are denied by this defendant for lack of sufficient information to justify a belief therein.


## FACTS REGARDING (ALLEGED) PRODUCT DEFECT

7.

As regards Paragraph 2610, upon information and belief, they are denied for lack of sufficient information to justify a belief therein.

8.

Regarding Paragraphs 2611-2620, they are denied as to this defendant.

## CLASS ACTION ALLEGATIONS

9.

The allegations of Paragraph 2621 require no answer of this defendant, but should answer be necessary, they are denied for lack of sufficient information to justify a belief therein.

10.

The allegations of Paragraph 2622 are denied to the extent they may deem to refer to this defendant.  In all other respects they are denied for lack of sufficient information to justify a belief therein.

11.

The allegations of Paragraph 2623, to the extent they do not refer to this defendant, are denied for lack of sufficient information to justify a belief therein.  To the extent they do refer to this defendant, namely as sub-class number 17, it is specifically denied that this defendant should be included herein and/or that this defendant bears any fault and/or responsibility for any damages claimed herein.

12.

The allegations of Paragraphs 2624 to 2626 are denied for lack of sufficient information to justify a belief therein.

13.

The allegations of Paragraph 2627 up to 2629 do not refer to this defendant and are denied for lack of sufficient information to justify a belief therein.

## GENERAL CLASS ALLEGATIONS AND EXCLUSIONS
## FROM THE CLASS DEFINITIONS

14.

With respect to Paragraphs 2630-2639, they require no answer of this defendant and further state conclusions of law which require no answer; but, in the event they should be deemed subject to answer, they are denied as written.

## COUNT I
## NEGLIGENC (AGAINST ALL DEFENDANTS)

15.

The allegations of Paragraphs 2640-2647 are denied to the extent they may be deemed to pertain to this defendant.  In all other respects they are denied for lack of sufficient information to justify a belief therein.

## COUNT II
## NEGLIGENCE PER SE (AGAINST ALL DEFENDANTS)

16.

The allegations of Paragraphs 2648-2654 are denied to the extent they may be deemed to pertain to this defendant.  In all other respects they are denied for lack of sufficient information to justify a belief therein.

## COUNT III
## STRICK LIABILITY (ALL DEFENDANTS)

17.

The allegations of Paragraphs 2655-2672 are denied to the extent they may be deemed to pertain this defendant. In all other respects they are denied for lack of sufficient information to justify a belief therein.

## COUNT IV
## BREACH OF EXPRESS AND/OR IMPLIED WARRANTY
(ALL DEFENDANTS)

18.

The allegations of Paragraphs 2673-2680 are denied to the extent they may be deemed to pertain this defendant. In all other respects they are denied for lack of sufficient information to justify a belief therein.

## COUNT V.

19.

The allegations of Paragraphs 2681-2692 do not apply to this defendant, but should answer be deemed necessary, they are denied for lack of sufficient information to justify a belief therein. They further contain conclusions of law which require no answer.

## COUNT VI

20.

The allegations of Paragraphs 2693-2699 do not apply to this defendant, but should answer be deemed necessary, they are denied for lack of sufficient information to justify a belief therein.

## COUNT VII.

21.

The allegations of Paragraphs 2700-2703 do not apply to this defendant, but should answer be deemed necessary, they are denied for lack of sufficient information to justify a belief therein.

## COUNT VIII

22.

The allegations of Paragraphs 2704-2710 do not apply to this defendant, but to the extent that they may deemed to so apply, they are denied.

## COUNT IX.

23.

The allegations of Paragraphs 2711-2720 are denied to the extent they may be deemed to pertain to this defendant.  In all other respects they are denied for lack of sufficient information to justify a belief therein.

## COUNT X.

24.

The allegations of Paragraphs 2721-2734 are denied to the extent they may be deemed to apply to this defendant.  In all other respects they are denied for lack of sufficient information to justify a belief therein.

## COUNT XI

### 25.

The allegations of Paragraphs 2735-2741 are denied to the extent they may be deemed to pertain to this defendant.  In all other respects they are denied for lack of sufficient information to justify a belief therein.

## COUNT XII

### 26.

The allegations of Paragraphs 2742-2748 are denied to the extent they may be deemed to pertain to this defendant.  In all other respects they are denied for lack of sufficient information to justify a belief therein.

## COUNT XIII.

### 27.

The allegations of Paragraphs 2749-2752 are denied to the extent they may be deemed to pertain to this defendant.  In all other respects they are denied for lack of sufficient information to justify a belief therein.

## COUNT XIV.

### 28.

The allegations of Paragraphs 2753-2757 are denied to the extent they may be deemed to pertain to this defendant.  In all other respects they are denied for lack of sufficient information to justify a belief therein.

## COUNT XV.

### 29.

The allegations of Paragraphs 2758-2770 state conclusions of law which require no answer, but should answer be deemed necessary, they are denied, to the extent they may be deemed to pertain to this defendant.

### FIRST AFFIRMATIVE DEFENSE

### 30.

Plaintiff's demands are barred or alternatively reduced to the extent of the Plaintiffs' failure to mitigate, minimize, or abate any damages allegedly sustained.

### SECOND AFFIRMATIVE DEFENSE

### 31.

Defendant avers that the injuries and damages alleged, if any, were caused by the negligence, strict liability or fault of third parties, for which Defendant is not liable.

### THIRD AFFIRMATIVE DEFENSE

### 32.

Defendant was not in the business of manufacturing or developing drywall; therefore, is not liable for any latent defects or any alleged misrepresentation regarding drywall.

### FOURTH AFFIRMATIVE DEFENSE

### 33.

Any and all products sold and/or distributed by Defendant were at all times reasonably fit and/or suitable for the purposes for which they were sold and/or distributed.

732748-1

## FIFTH AFFIRMATIVE DEFENSE

### 34.

Defendant affirmatively pleads the "state of art" defense and denies the existence of any defects in products sold/or distributed by it. Further, Defendant affirmatively avers that at all pertinent times and any and all products sold and/or distributed by it were reasonably fit and suited for the purposes for which they were sold and/or distributed by this Defendant and were sold and/or distributed with such advices as were consistent with the state of the existing medical and industrial arts.

## SIXTH AFFIRMATIVE DEFENSE

### 35.

This Defendant specifically pleads herein any and all defenses available to it under the Louisiana Civil Code, and/or the Louisiana Code of Civil Procedure and further specifically, including without limitation, the Louisiana Products Liability Act, La. R.S. 9:2851, *et. seq.*, as if same were restated and copied herein.

## SEVENTH AFFIRMATIVE DEFENSE

### 36.

Defendant specifically denies all allegations of duty, breach, causation, negligence, as well as all damages alleged, and demands strict proof thereof.

## EIGHTH AFFIRMATIVE DEFENSE

### 37.

Plaintiffs' claims against Defendant are barred to the extent any of the property damage alleged in the Complaint arose from non-fortuitous events, either in whole or in part.

## NINTH AFFIRMATIVE DEFENSE

### 38.

To the extent that Plaintiffs' damages, if any, resulted from their own contributory fault and/or contributory negligence, assumption of known risks, and/or victim fault, then the amount of damages otherwise recoverable should be extinguished or reduced.

## TENTH AFFIRMATIVE DEFENSE

### 39.

Plaintiffs' claims against Defendant are barred, in whole or in part, to the extent that Plaintiffs' alleged damages, if any, were caused by pre-existing conditions over which Ed Price had no control and/or for which Ed Price is not responsible and may not be held liable.

## ELEVENTH AFFIRMATIVE DEFENSE

### 40.

Plaintiffs' claims are barred in whole or in part by prescription, statute of limitations, and/or laches.

## TWELFTH AFFIRMATIVE DEFENSE

### 41.

The proximate cause of damages and/or injuries alleged by Plaintiffs is not the result of any acts or omissions on the part of Ed Price. Defendant maintains such alleged damages are the result of the acts or omissions of third parties unrelated to Ed Price. Accordingly, Defendant cannot be held liable and/or accountable for the actions of entities lacking real or apparent authority to act on behalf of Ed Price and over whom Defendant lacked control.

## THIRTEENTH AFFIRMATIVE DEFENSE

42.

The alleged damages of Plaintiffs, if any, were proximately caused by the negligence or fault of entities whose identities are unknown at this time and the comparative negligence or fault proportionately reduces or bars Plaintiffs' recovery.

## FOURTEENTH AFFIRMATIVE DEFENSE

43.

Defendant did not breach any express or implied warranties and/or warranties created by law. The claims of Plaintiffs for breach of warranty are therefore barred, fail to state a claim, and must be dismissed with prejudice.

## FIFTEENTH AFFIRMATIVE DEFENSE

44.

The alleged damages and/or injuries of Plaintiffs, if any, resulted from pre-existing and/or unrelated medical, genetic, and/or environmental conditions, diseases, or illnesses that cannot be attributed to any alleged act or omission of Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

45.

To the extent the claims of Plaintiffs are based upon a theory of liability without proof of causation, such claims violate Defendant's rights pursuant to the United States Constitution.

## SEVENTEENTH AFFIRMATIVE DEFENSE

46.

In the event that Defendant is found to be liable to Plaintiffs, all damages against Ed Price should be apportioned among each of the defendants, as well as amongst any other defendants

732748-1

and/or their respective insurers, whether named in this action or not, in proportion to the respective obligations of each such defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

47.

Plaintiffs have failed to join all necessary parties to this action.

## NINETEENTH AFFIRMATIVE DEFENSE

48.

This action and/or any relief sought by Plaintiffs against Defendant is or may be barred, in whole or in part, because of the acts or omissions to act of Plaintiffs, or because Plaintiffs waived their right, or are estopped, to pursue this action.

## TWENTIETH AFFIRMATIVE DEFENSE

49.

Any damages allegedly sustained by Plaintiffs were caused in whole, or in part, by the acts or omissions of entities other than this Defendant, over whom this Defendant had no control or by intervening causes outside the control of this Defendant.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

50.

This action and/or any relief sought by Plaintiffs against Defendant is or may be barred, in whole or in part, to the extent Plaintiffs have incurred unreasonable and inappropriate costs and/or expenses with regard or in relation to any alleged damages and/or injuries.

732748-1

## TWENTY-SECOND AFFIRMATIVE DEFENSE

51.

This action and/or any relief sought by Plaintiffs against Defendant is or may be barred, in whole or in part, because the Plaintiffs may not have requisite standing to sue Ed Price.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

52.

This action and/or any relief sought by Plaintiffs against Defendant is or may be barred, in whole or in part to the extent Plaintiffs have impaired Ed Price's rights of subrogation or contribution.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

53.

This action and/or any relief sought by Plaintiffs against Defendant is or may be barred, in whole or in part to the extent Plaintiffs seek compensation for property that has not been damaged from an alleged defect, deficiency, inadequacy, or dangerous condition in the materials allegedly supplied by Defendant.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

54.

This action and/or any relief sought by Plaintiffs against Defendant is or may be barred, in whole or in part to the extent Plaintiffs seek compensation for property damage related to materials not supplied by Ed Price.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### 55.

The Complaint is vague to the extent it does not describe the claims made against Defendant with sufficient particularity to enable Ed Price to determine applicable defenses to claims within the Complaint.  Defendant therefore reserves the right to raise all defenses which may be pertinent to the Complaint once the precise nature of the claims are ascertained through discovery or through amendments to pleadings.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### 56.

This Honorable Court may lack subject matter jurisdiction because there is not complete diversity among the parties and the cause of action of plaintiff is not established by federal statutory law.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### 57.

The Complaint of Plaintiffs fails to state a claim against Ed Price for which relief may be granted.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### 58.

Defendant further adopts any and all defenses asserted by other parties hereto, to the extent such defenses are not inconsistent with the defenses asserted by Ed Price.

**CROSS CLAIMS AGAINST KNAUF GIPS; KNAUF PLASTERBOARD
(TIANJIN) CO., LTD., KNAUF PLASTERBOARD (WUHU), CO. LTD., KNAUF
PLASTERBOARD (DONGGUAN) CO., LTD. AND
INTERIOR/EXTERIOR BUILDING SUPPLY, LP**

59.

ED PRICE BUILDING MATERIALS (hereinafter "Ed Price") defendant herein, hereby

asserts the following allegations as Plaintiff-in-Cross-Claim, as follows:

60.

Plaintiff-in-Cross Claim, Ed Price, formally existed as a company authorized to and

doing business in the State of Mississippi, which falls within this Court's jurisdictional authority.

61.

Made Defendants-in-Cross Claim are KNAUF GIPS; KNAUF PLASTERBOARD

(TIANJIN) CO., LTD., KNAUF PLASTERBOARD (WUHU), CO. LTD., KNAUF

PLASTERBOARD (DONGGUAN) CO., LTD., along with all other applicable affiliates and

related entities (hereinafter "Knauf").

62.

Plaintiffs, SEAN AND BETH PAYTON, ET AL[1], have brought claims against ED PRICE

BUILDING MATERIALS, L.L.C., along with hundreds of other defendants, to recover damages

as a result of property damage allegedly caused by defective drywall installed in their homes and

businesses.

---

[1] Specifically, only one set of plaintiffs, Randy and Pamela Raborn, have brought claims against
Ed Price Building Materials, L.L.C.

732748-1

63.

Plaintiff-in-Cross-Claim, Ed Price, has answered the aforementioned Complaint denying liability as set forth in its answer which has been filed herewith into the record of this Honorable Court. Plaintiff-in-Cross Claim, Ed Price, avers that the incident which is the subject of this litigation, and which has allegedly given rise to the damages sought by the Plaintiffs was caused in whole or in part by the negligence of Defendant-in-Cross-Claim, Knauf, its employees, representatives, agents, and sub-contractors. By way of Cross-Claim, and only in the event that Ed Price is held liable to Plaintiffs for their alleged damages, which liability is denied, Ed Price adopts by reference (as if reproduced herein *in extenso*) all allegations made by Plaintiffs against the above-listed Defendants-in-Cross-Claim. This includes specific allegations as to named entities and general allegations concerning manufacturers, distributors, and/or suppliers. Ed Price avers that it is entitled to judgment over and against said Defendants-in-Cross-Claim for contribution and/or indemnity.

## CROSS-CLAIMS AGAINST
## KNAUF GIPS, KNAUF PLASTERBOARD (TIANJIN) CO., LTD.,
## KNAUF PLASTERBOARD (WUHU), CO. LTD.,
## KNAUF PLASTERBOARD (DONGGUAN) CO., LTD.

## FIRST CROSS-CLAIM FOR BREACH OF EXPRESS WARRANTIES

64.

Ed Price hereby incorporates all prior responses and allegations previously asserted that may be relevant to the foregoing Cross-Claim.

65.

In its capacity as Plaintiff-in-Cross-Claim, Ed Price asserts claims against Defendant-in-Cross-Claim, Knauf Gips KG, Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Knauf Plasterboard (Dongguan) Co., Ltd., and all other applicable affiliates and/or entities (hereinafter "Knauf") for breach of express warranties.

66.

Ed Price paid for and acquired a specific amount of gypsum drywall manufactured by Knauf.

67.

The Knauf gypsum drywall was expressly warranted to be fit for the ordinary purpose such material is utilized and free of defects.

68.

Ed Price has previously denied any liability for damages allegedly sustained by Plaintiffs. In the event it is established the gypsum drywall manufactured by Knauf and subsequently sold to Ed Price was in any manner defective and/or not fit for its ordinary purpose, Knauf is liable to Ed Price for breach of its express warranty.

69.

Ed Price has incurred significant monetary damages resulting from its defense of the foregoing action of Plaintiffs as a direct and proximate result of Knauf's breach of express warranties.  Upon information and belief, Ed Price will continue to incur monetary damages in its defense of the foregoing action.

## SECOND CROSS-CLAIM FOR BREACH OF IMPLIED MERCHANTABILITY

70.

Ed Price hereby incorporates all prior responses and allegations previously asserted that may be relevant to the foregoing Cross-Claim.

71.

In its capacity as Plaintiff-in-Cross-Claim, Ed Price asserts claims against Defendant-in-Cross-Claim Knauf for breach of implied merchantability.

72.

Knauf is a merchant of gypsum drywall.

73.

Ed Price paid for and acquired a specific amount of gypsum drywall manufactured by Knauf.

74.

Knauf warranted its gypsum drywall was merchantable and fit for the ordinary purpose such material is utilized.

75.

Ed Price has previously denied any liability for damages allegedly sustained by Plaintiffs. In the event it is established the gypsum drywall manufactured by Knauf and subsequently sold to Ed Price was in any manner defective and/or not fit for its ordinary purpose, Knauf is liable to Ed Price for breach of its implied warranty.

76.

Ed Price has incurred significant monetary damages resulting from its defense of the foregoing action of Plaintiffs and has been required to respond to complaints of homeowners as a

direct and proximate result of Knauf's breach of implied warranties.  Upon information and belief, Ed Price will continue to incur monetary damages in its defense of the foregoing action and in its response to homeowner complaints.

## THIRD CROSS-CLAIM FOR INDEMNIFICATION

### 77.

Ed Price hereby incorporates all prior responses and allegations previously asserted that may be relevant to the foregoing Cross-Claim.

### 78.

In its capacity as Plaintiff-in-Cross-Claim, Ed Price asserts claims against Defendant-in-Cross-Claim Knauf for equitable and/or common law indemnification.

### 79.

Knauf is solely responsible and liable for any allegedly wrongful acts committed as alleged within the Complaint of Plaintiffs.

### 80.

Knauf is solely liable for any and all damages alleged by Plaintiffs.

### 81.

In the event Ed Price is required to pay any amount of damages to Plaintiffs, Defendant is entitled to be indemnified by Knauf for any such damages based on the doctrines of equitable and/or common law indemnification.

## JURY TRIAL REQUEST

### 82.

Defendant, Ed Price prays for trial by jury on all issues.

732748-1

WHEREFORE, defendant and cross-claimant, Ed Price Building Materials, prays that this answer and counter claim be deemed good and sufficient and that after due delays and proceedings are had, there be judgment herein in favor of Ed Price Building Materials dismissing the Plaintiffs' claims, in their entirety, as they pertain to this defendant, and that in the event Ed Price is cast in judgment as a liable defendant, which liability is denied, that it be awarded contribution and indemnification from defendants in cross claim.

DEFENDANT FURTHER PRAYS for all general and equitable relief.

LEMLE & KELLEHER, L.L.P.

/s/   *Elizabeth Haecker Ryan*
Elizabeth Haecker Ryan (La. Bar No. 6404)
C. Kieffer Johnson (La. Bar No.
Pan-American Life Center
601 Poydras Street, 21st Floor
New Orleans, LA 70130
Tel:   504.584.9138
Fax:   504.584.9142
E-mail:eryan@lemle.com

*Attorney for Defendant Ed Price Building Materials*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the foregoing **Answer** has been filed with the Clerk of Court by using the CM/ECF system; that the foregoing pleading has been mailed electronically by the Clerk of Court to all parties who have registered to receive electronic notification; that notice of the filing of the foregoing pleading has been delivered by other means by the Clerk of Court to all parties who have not registered to receive electronic notification on this 25th day of March, 2010.

/s/ *Elizabeth Haecker Ryan*
ELIZABETH HAECKER RYAN (La. Bar #6404)
*Attorney for Defendants Ed Price Building Materials*

732748-1