IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED

DRYWALL PRODUCTS LIABILITY
LITIGATION

(This Document Relates to Case No. 2:09-CV-7628)

MDL NO.: 2047

SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

## DEFENDANT K. HOVNANIAN FIRST HOMES, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendant K. Hovnanian First Homes, LLC ("KHFH"), hereby files this Memorandum of Law in Support of its Motion to Stay Discovery Pending Resolution of its Motion to Dismiss for Lack of Personal Jurisdiction, filed contemporaneously herewith.

### INTRODUCTION

As set forth more fully in KHFH's Motion to Dismiss for Lack of Personal Jurisdiction and supporting Memorandum of Law (together the "Motion to Dismiss") [DE 2090], which arguments are incorporated by reference herein, this Court lacks personal jurisdiction over KHFH. Specifically, because KHFH does not have any connection with the State of Louisiana, Louisiana's long-arm statute does not reach KHFH, and any exercise of *in personam* jurisdiction over KHFH would violate the Constitutional Due Process requirements. Given the Court's lack of personal jurisdiction with respect to KHFH, KHFH respectfully submits that it should not be required to complete the Homebuilder Profile Form, nor should the Plaintiffs be entitled to obtain any other discovery from KHFH prior to the Court's disposition of the Motion to Dismiss.

MDL NO.: 2047 (Section: L) Fallon/ Wilkinson
(This Document Relates to Case No. 2:09-CV-7628)

## ARGUMENT

It is axiomatic that control of discovery is committed to the sound discretion of the trial court. In this regard, the Fifth Circuit has held that "it is appropriate to stay discovery until preliminary questions that may dispose of the case are determined." *Parish of Jefferson v. S. Recovery Management, Inc.*, 1996 WL 144400, *2 (E.D. La. 1996) (unpublished) (vacating magistrate's order denying motion to stay discovery and finding that although "the discovery sought would not be prohibitively costly, even minimal cost is unwarranted where imminent jurisdictional rulings may render such discovery altogether moot.") *citing Petrus v. Bowen*, 833 F. 2d 581, 583 (5th Cir. 1987) (holding that nothing in discovery could have affected the resolution of the Rule 12(b)(6) motion and the district court properly deferred discovery while deciding whether the defendants were proper parties to the action).

Moreover, courts within the Fifth Circuit have routinely held that when the lack of personal jurisdiction is clear and the discovery would serve no purpose, it should not be permitted. *See, e.g., Paolino v. Argyll Equities, LLC*, 401 F. Supp. 2d 712, 722 (W.D. Tex. 2005) (denying even jurisdictional discovery because the lack of personal jurisdiction was clear and therefore the discovery would serve no purpose); *Tschirn v. Kurzweg*, 2003 WL 21087741, *2 (E.D. La. 2003) (unpublished) (granting motion for stay of all discovery pending ruling on motion to dismiss for lack of jurisdiction and recognizing that if plaintiff "is allowed to conduct discovery at this time, the parties will incur the expense of litigating over the scope of the discovery and conducting the discovery and this may be unnecessary"); *Dykes v. Maverick Motion Picture Grp.*, 2009 WL 3053738, *2 n.1 (M.D. La. 2009) (unpublished) (refusing to permit merit discovery and recognizing that certain defendants "will be dismissed should they

MDL NO.: 2047 (Section: L) Fallon/ Wilkinson
(This Document Relates to Case No. 2:09-CV-7628)

prevail on their jurisdictional arguments, so there is no need for merits discovery relating to them (or by them, about others) until and unless they actually lose their jurisdictional arguments").

In this case, as set forth in the Motion to Dismiss, there is no basis whatsoever upon which to assert personal jurisdiction over KHFH. Therefore, any discovery would serve no purpose but to force KHFH to incur unnecessary expenses and waste judicial resources.

The Homebuilder Profile Form applicable to KHFH, requires KHFH to compile substantial information with respect to numerous plaintiffs, and provide that information with certain supporting documentation to liaison counsel. Requiring KHFH to complete this disclosure places not only a significant burden on KHFH to complete the profile form and compile the required information, but also requires KHFH to provide what amounts to merit-based discovery to Plaintiffs notwithstanding the Court's lack of jurisdiction over KHFH.

## **CONCLUSION**

Based on the foregoing, KHFH respectfully requests that the Court relieve KHFH of any obligation to respond to the Homebuilder Profile Form and stay all other discovery with respect to KHFH, pending the resolution of its Motion to Dismiss.

3

MDL NO.: 2047 (Section: L) Fallon/ Wilkinson
(This Document Relates to Case No. 2:09-CV-7628)

Dated March 25, 2010                Respectfully submitted,

                                                BILZIN SUMBERG BAENA PRICE
& AXELROD LLP
Attorneys for Defendant, KHFH
2500 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Tel.: (305)374-7580   Fax: (305)374-7593

BY:   /s/ *Melissa Pallett-Vasquez*
ROBERT W. TURKEN, ESQ.
Florida Bar No. 306355
rturken@bilzin.com
ADAM F. HAIMO, ESQ.
Florida Bar No. 502731
ahaimo@bilzin.com
MELISSA PALLETT-VASQUEZ, ESQ.
Florida Bar No. 715816
mpallett@bilzin.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Memorandum of Law in Support of its Motion to Stay Discovery has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 25th day of March, 2010.

By: /s/ *Melissa Pallett-Vasquez*
Melissa Pallett-Vasquez