UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  CHINESE MANUFACTURED DRYWALL          MDL NO. 09-2047
PRODUCTS LIABILITY LITIGATION

                                                               SECTION L
                                                               JUDGE FALLON
                                                               MG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:

SEAN AND BETH PAYTON, et al.,
vs.
KNAUF GIPS KG., et al.
CASE NO.  2:09-CV-7628
_____/

**DEFENDANT BANNER SUPPLY CO. PORT ST. LUCIE, LLC'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFF'S OMNIBUS CLASS ACTION**
**COMPLAINT AND CROSS-CLAIM**

Defendant, BANNER SUPPLY CO. PORT ST. LUCIE, LLC ("BANNER"), by and

through its undersigned counsel, hereby files its Answer, Affirmative Defenses, and Cross-Claim

in response to the Omnibus Class Action Complaint (the "Complaint") filed by Plaintiffs, SEAN

and BETH PEYTON, individually, and on behalf of all others similarly situated (collectively

referred to as "Plaintiffs"), and states as follows:

**JURISDICTION, PARTIES, AND VENUE**

1.       In response to Paragraph 1 of the Complaint, BANNER states that 29 U.S.C. §

1332(d) and 28 U.S.C. § 1711, *et. seq.*, speak for themselves.  BANNER denies the allegations in

Paragraph 1 of the Complaint to the extent they are inconsistent with the contents of 29 U.S.C. §

1332(d) and 28 U.S.C. § 1711, *et. seq.*  BANNER is without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of the

Complaint and, therefore, denies same and demands strict proof.

2.     BANNER denies the truth of the allegations contained in Paragraph 2 of the Complaint as they relate to BANNER.

3.     In response to Paragraph 3 of the Complaint, BANNER states that 28 U.S.C. § 1391(b)(1)-(2) and (c), 28 U.S.C. § 1407 and the June 15, 2009 Transfer Order of the Judicial Panel on Multidistrict Litigation ("JPML") speak for themselves. BANNER denies the allegations in Paragraph 3 of the Complaint to the extent they are inconsistent with the contents of 28 U.S.C. § 1391(b)(1)-(2) and (c), 28 U.S.C. § 1407 and the Transfer Order of the JPML. BANNER is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of the Complaint and, therefore, denies same and demands strict proof.

## PLAINTIFFS

4.     BANNER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and, therefore, denies same and demands strict proof.

5-2072.     BANNER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "5" through "2072" of the Complaint and, therefore, denies same and demands strict proof.

## DEFENDANTS

2073.     BANNER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2073 of the Complaint and, therefore, denies same and demands strict proof.

### The Manufacturing Defendants

2074-2079.     Paragraphs "2074" through "2079" contain legal conclusions and/or factual allegations regarding other defendants that require no response.  To the extent a response is required, BANNER states that it is without knowledge of the legal conclusions and/or factual allegations in Paragraphs "2074" through "2079" of the Complaint and, therefore, denies same and demands strict proof.

### The Distributor and Supplier Defendants

2080-2088.     Paragraphs "2080" through "2088" contain legal conclusions and/or factual allegations regarding another defendant that require no response.  To the extent a response is required, BANNER states that it is without knowledge of the legal conclusions and/or factual allegations in Paragraphs "2080" through "2088" of the Complaint and, therefore, denies same and demands strict proof.

2089.          In response to Paragraph 2089 of the Complaint, BANNER admits that it is an entity organized under the laws of Florida with its principal place of business at 7195 NW 30th Street, Miami, Florida 33122, and is a distributor/supplier of drywall and related building products.  BANNER denies the remaining allegations in Paragraph 2089 of the Complaint and demands strict proof.

2090-2123.     Paragraphs "2090" through "2123" contain legal conclusions and/or factual allegations regarding other defendants that require no response.  To the extent a response is required, BANNER states that it is without knowledge of the legal conclusions and/or factual allegations in Paragraphs "2090" through "2123" of the Complaint and, therefore, denies same and demands strict proof.

**The Importer/Exporter/Broker Defendants**

2124-2128.    Paragraphs "2124" through "2128" contain legal conclusions and/or factual allegations regarding other defendants that require no response.  To the extent a response is required, BANNER states that it is without knowledge of the legal conclusions and/or factual allegations in Paragraphs "2124" through "2128" of the Complaint and, therefore, denies same and demands strict proof.

**The Developer/Builder Subclasses**

2129-2516.    Paragraphs "2129" through "2516" contain legal conclusions and/or factual allegations regarding other defendants that require no response.  To the extent a response is required, BANNER states that it is without knowledge of the legal conclusions and/or factual allegations in Paragraphs "2129" through "2516" of the Complaint and, therefore, denies same and demands strict proof.

**The Contractor/Installer Subclasses**

2517-2516.    Paragraphs "2517" through "2609" contain legal conclusions and/or factual allegations regarding other defendants that require no response.  To the extent a response is required, BANNER states that it is without knowledge of the legal conclusions and/or factual allegations in Paragraphs "2517" through "2609" of the Complaint and, therefore, denies same and demands strict proof.

**FACTS REGARDING PRODUCT DEFECT**

2610-2613.    Paragraphs "2610" through "2613" of the Complaint contain legal conclusions to which no response is required and further contains factual allegations which BANNER lacks information sufficient to admit or deny.  BANNER, therefore, denies the allegations contained in Paragraphs "2610" through "2613" to the extent a response is required.

2614-2620.     BANNER denies the truth of the allegations contained in Paragraphs "2614" through "2620" as they relate to BANNER.

## CLASS ACTION ALLEGATIONS

### The Knauf Class

2621.        BANNER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2621 of the Complaint and, therefore, denies same and demands strict proof.

### The Distributor/Supplier Subclasses (Subclasses 1-43)

2622-2623.      BANNER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "2622" and "2623" of the Complaint and, therefore, denies same and demands strict proof.

### The Importer/Exporter/Broker Subclasses (Subclasses 44-48)

2624-2625.      BANNER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "2624" and "2623" of the Complaint and, therefore, denies same and demands strict proof.

### The Builder/Developer Subclasses (Subclasses 49-436)

2626-2627.      BANNER is without knowledge or information sufficient to form a belief as  to the truth of the allegations contained in Paragraphs "2626" and "2627" of the Complaint and, therefore, denies same and demands strict proof.

### The Contractor/Installer Subclasses (Subclasses 437-529)

2628-2629.      BANNER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "2628" and "2629" of the Complaint and, therefore, denies same and demands strict proof.

**General Class Allegations and Exclusions from the Class Definitions**

2630.         BANNER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2630 of the Complaint and, therefore, denies same and demands strict proof.

2631-2639.    BANNER denies the truth of the allegations contained in Paragraphs "2631" through "2639" of the Complaint as they relate to BANNER.

## COUNT I
### NEGLIGENCE
**(Against All Defendants)**

2640.         In response to Paragraph 2640, BANNER readopts and realleges its responses to Paragraphs "1" through "2639" of the Complaint as though fully set forth herein.

2641-2647.    BANNER denies the truth of the allegations contained in Paragraphs "2641" through "2647" of the Complaint as they relate to BANNER.

## COUNT II
### NEGLIGENCE PER SE
**(Against All Defendants)**

2648.         In response to Paragraph 2648, BANNER readopts and realleges its responses to Paragraphs "1" through "2639" of the Complaint as though fully set forth herein.

2649-2654.    BANNER denies the truth of the allegations contained in Paragraphs "2649" through "2654" of the Complaint as they relate to BANNER.

## COUNT III
### STRICT LIABILITY
**(All Defendants)**

2655.         In response to Paragraph 2655, BANNER readopts and realleges its responses to Paragraphs "1" through "2639" of the Complaint as though fully set forth herein.

2656-2660.    BANNER denies the truth of the allegations contained in Paragraphs

"2656" through "2660" of the Complaint as they relate to BANNER.

2661-2662.     BANNER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "2661" and "2662" of the Complaint and, therefore, denies same and demands strict proof.

2663.     BANNER denies the truth of the allegations contained in Paragraph 2663 of the Complaint as they relate to BANNER.

2664-2665.     BANNER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "2664" and "2665" of the Complaint and, therefore, denies same and demands strict proof.

2666-2668.     BANNER denies the truth of the allegations contained in Paragraphs "2666" through "2668" of the Complaint as they relate to BANNER.

2669.     BANNER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2669 of the Complaint and, therefore, denies same and demands strict proof.

2670-2672.     BANNER denies the truth of the allegations contained in Paragraphs "2670" through "2672" of the Complaint as they relate to BANNER.

<u>COUNT IV</u>
**BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES**
**(All Defendants)**

2673.     In response to Paragraph 2673, BANNER readopts and realleges its responses to Paragraphs "1" through "2639" of the Complaint as though fully set forth herein.

2674-2680.     BANNER denies the truth of the allegations contained in Paragraphs "2674" through "2680" of the Complaint as they relate to BANNER.

## COUNT V
### BREACH OF THE IMPLIED WARRANTY OF FITNESS AND MERCHANTIBILITY PURSUANT TO FLORIDA STATUTES SECTION 718.203
**(On Behalf of Plaintiffs Who Own Condominiums in the State of Florida)**
**(Against Builders Only)**

2681.        In response to Paragraph 2681, BANNER readopts and realleges its responses to Paragraphs "1" through "2639" of the Complaint as though fully set forth herein.

2682-2692.    BANNER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "2682" through "2692" of the Complaint and, therefore, denies same and demands strict proof.

## COUNT VI
### BREACH OF THE IMPLIED WARRANTY OF HABITABILITY
**(Against Builders Only)**

2693.        In response to Paragraph 2693, BANNER readopts and realleges its responses to Paragraphs "1" through "2639" of the Complaint as though fully set forth herein.

2694-2699.    BANNER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "2693" through "2699" of the Complaint and, therefore, denies same and demands strict proof.

## COUNT VII
### BREACH OF CONTRACT
**(Against Builders Only)**

2700.        In response to Paragraph 2700, BANNER readopts and realleges its responses to Paragraphs "1" through "2639" of the Complaint as though fully set forth herein.

2701-2703.    BANNER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "2701" through "2703" of the Complaint and, therefore, denies same and demands strict proof.

## COUNT VIII
## VIOLATIONS OF THE LOUISIANA NEW HOME WARRANTY ACT
### (Against Louisiana Builders Only)

2704.        In response to Paragraph 2704, BANNER readopts and realleges its responses to Paragraphs "1" through "2639" of the Complaint as though fully set forth herein.

2705-2710.    BANNER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "2705" through "2710" of the Complaint and, therefore, denies same and demands strict proof.

## COUNT IX
## REDHIBITION
### (By Louisiana Plaintiffs Against All Defendants)

2711.        In response to Paragraph 2711, BANNER readopts and realleges its responses to Paragraphs "1" through "2639" of the Complaint as though fully set forth herein.

2712-2720.    BANNER denies the truth of the allegations contained in Paragraphs "2712" through "2720" of the Complaint as they relate to BANNER.

## COUNT X
## LOUISIANA PRODUCTS LIABILITY ACT
### (Manufacturing Defendants)
### (Pleaded in the Alternative Against Distributor Defendants)

2721.        In response to Paragraph 2721, BANNER readopts and realleges its responses to Paragraphs "1" through "2639" of the Complaint as though fully set forth herein.

2722-2734.    BANNER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "2722" through "2734" of the Complaint and, therefore, denies same and demands strict proof.

## COUNT XI
### PRIVATE NUISANCE
**(All Defendants)**

2735.        In response to Paragraph 2735, BANNER readopts and realleges its responses to Paragraphs "1" through "2639" of the Complaint as though fully set forth herein.

2736-2741.    BANNER denies the truth of the allegations contained in Paragraphs "2736" through "2741" of the Complaint as they relate to BANNER.

## COUNT XII
### NEGLIGENT DISCHARGE OF A CORROSIVE SUBSTANCE
**(All Defendants)**

2742.        In response to Paragraph 2742, BANNER readopts and realleges its responses to Paragraphs "1" through "2639" of the Complaint as though fully set forth herein.

2743-2748.    BANNER denies the truth of the allegations contained in Paragraphs "2743" through "2748" of the Complaint as they relate to BANNER.

## COUNT XIII
### UNJUST ENRICHMENT
**(All Defendants)**

2749.        In response to Paragraph 2749, BANNER readopts and realleges its responses to Paragraphs "1" through "2639" of the Complaint as though fully set forth herein.

2750-2752.    BANNER denies the truth of the allegations contained in Paragraphs "2750" through "2752" of the Complaint as they relate to BANNER.

## COUNT XIV
### VIOLATION OF CONSUMER PROTECTION ACTS
**(All Defendants)**

2753.        In response to Paragraph 2753, BANNER readopts and realleges its responses to Paragraphs "1" through "2639" of the Complaint as though fully set forth herein.

2754-2757.    BANNER denies the truth of the allegations contained in Paragraphs "2754" through "2757" of the Complaint as they relate to BANNER.

### COUNT XV
### EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING
### (All Defendants)

2758.    In response to Paragraph 2758, BANNER readopts and realleges its responses to Paragraphs "1" through "2639" of the Complaint as though fully set forth herein.

2759-2770.    BANNER denies the truth of the allegations contained in Paragraphs "2759" through "2770" of the Complaint as they relate to BANNER.

2771.    To the extent the Prayer for Relief is deemed to contain any allegations against BANNER, BANNER denies same.

2772.    Any and all allegations, claims, contentions, and/or demands contained in the Complaint, which are not expressly and specifically admitted, modified, or explained by BANNER in this Answer, Affirmative Defenses, and Crossclaim, are hereby expressly denied, including but not limited to the allegations contained in unnumbered paragraphs at the beginning of the Complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

For its first affirmative defense, BANNER alleges that they are only responsible for their relative degree of culpability as determined by the trier of fact.  Furthermore, BANNER reserves the right to place on the Jury Verdict Form any parties that may also be culpable for the damages alleged in this action.

## SECOND AFFIRMATIVE DEFENSE

For its second affirmative defense, BANNER alleges that Plaintiffs' injuries were caused by the negligent actions of one or more third parties not named as defendants in this action and/or who are not in the employment and/or agency of BANNER and, therefore, the Court should apportion a percentage of liability among those non-parties. BANNER specifically asks that these names as identified in the course of discovery be included on the Jury Verdict Form and that a percentage of negligence be attributed to them in this action.

## THIRD AFFIRMATIVE DEFENSE

For its third affirmative defense, BANNER alleges that Plaintiffs failed to comply with Chapter 558, Florida Statutes, as a condition precedent to bringing this action.

## FOURTH AFFIRMATIVE DEFENSE

For its fourth affirmative defense, BANNER alleges that at all times material hereto, Plaintiffs, individually, collectively, and on behalf of others similarly situated, acted in a negligent and careless manner, and as a direct and proximate result of this negligence, are barred from recovery, in whole or in part, against BANNER on the grounds of comparative negligence.

## FIFTH AFFIRMATIVE DEFENSE

For its fifth affirmative defense, BANNER alleges that they are entitled to a credit and/or set-off from any benefits, collateral sources, or other sources of set-offs or recoupment, paid or payable to Plaintiffs.

## SIXTH AFFIRMATIVE DEFENSE

For its sixth affirmative defense, BANNER alleges that the incident alleged by Plaintiffs herein was unforeseeable to BANNER and, therefore, BANNER had neither a duty nor an opportunity to prevent same.

SEVENTH AFFIRMATIVE DEFENSE

For its seventh affirmative defense, BANNER alleges that there is no connection between Plaintiffs' damages or injuries and any alleged negligence on the part of BANNER and, therefore, Plaintiffs are not entitled to recover due to the absence of proximate cause.

EIGHTH AFFIRMATIVE DEFENSE

For its eighth affirmative defense, BANNER alleges that at all times material hereto, it acted within its contractual and/or statutory rights, and pursuant to State and Federal law.

NINTH AFFIRMATIVE DEFENSE

For its ninth affirmative defense, BANNER alleges that the Drywall was altered and/or otherwise substantively changed by Plaintiffs and/or by third parties.

TENTH AFFIRMATIVE DEFENSE

For its tenth affirmative defense, BANNER alleges the existence of a superseding cause, precluding a negligence claim against BANNER.

ELEVENTH AFFIRMATIVE DEFENSE

For its eleventh affirmative defense, BANNER alleges that Plaintiffs' damages were caused by an intervening cause.

TWELFTH AFFIRMATIVE DEFENSE

For its twelfth affirmative defense, BANNER alleges that Plaintiffs' claims are barred, in whole or in part, as BANNER has not violated a penal statute designed to protect a class of Plaintiffs of which Plaintiffs are member.

## THIRTEENTH AFFIRMATIVE DEFENSE

For its thirteenth affirmative defense, BANNER alleges that Plaintiffs failed to join one or more necessary parties.

## FOURTEENTH AFFIRMATIVE DEFENSE

For its fourteenth affirmative defense, BANNER alleges that Plaintiffs' claims are barred by the applicable statute of limitations.

## FIFTEENTH AFFIRMATIVE DEFENSE

For its fifteenth affirmative defense, BANNER alleges that Plaintiffs' claims are time-barred due to the equitable doctrine of latches.

## SIXTEENTH AFFIRMATIVE DEFENSE

For its sixteenth affirmative defense, BANNER alleges that Plaintiffs have failed to mitigate their damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

For its seventeenth affirmative defense, BANNER alleges that Plaintiffs' claims are barred, in whole or in part, due to Plaintiffs' lack of standing.

## EIGHTEENTH AFFIRMATIVE DEFENSE

For its eighteenth affirmative defense, BANNER alleges that Plaintiffs' claims are barred due to this Court's lack of personal jurisdiction over BANNER.

## NINETEENTH AFFIRMATIVE DEFENSE

For its nineteenth affirmative defense, BANNER alleges that Plaintiffs' claims are barred due to improper venue pursuant to 28 U.S.C. § 1391.

## TWENTIETH AFFIRMATIVE DEFENSE

For its twentieth affirmative defense, BANNER alleges that Plaintiffs' claims are barred, in whole or in part, Plaintiffs' lack of privity with BANNER.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

For its twenty-first affirmative defense, BANNER alleges that Plaintiffs' claims are barred, in whole or in part, for failure to state a cause of action against BANNER and failure to state sufficient facts upon which the relief demanded can be granted.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

For its twenty-second affirmative defense, BANNER alleges that Plaintiffs' claim for nuisance is barred because BANNER cannot abate the alleged nuisance, as the drywall is no longer in BANNER'S dominion, custody, or control.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

For its twenty-third affirmative defense, BANNER alleges that Plaintiffs' claim for violation of the Florida Deceptive and Unfair Trade Practices Act is barred by Section 501.212(03), Florida Statutes.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

For its twenty-fourth affirmative defense, BANNER alleges that any alleged defect in the drywall was not present at the time it left BANNER'S possession.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

For its twenty-fifth affirmative defense, BANNER alleges that to their knowledge, all drywall they provided for Plaintiffs' use met or exceeded all applicable industry standards at the time.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

For its twenty-sixth affirmative defense, BANNER alleges that Plaintiffs' claims are barred by the doctrines of waiver, estoppel, and ratification.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

For its twenty-seventh affirmative defense, BANNER alleges that Plaintiffs' claims are barred, in whole or in part, because BANNER had no fiduciary relationship with Plaintiffs.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

For its twenty-eighth affirmative defense, BANNER alleges that Plaintiffs' claims are barred, in whole or in part, as they had no knowledge of the alleged drywall defect when the drywall was placed into the stream of commerce by BANNER.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

For its twenty-ninth affirmative defense, BANNER alleges that Plaintiffs' claims are barred, in whole or in part, for failure of consideration.

## THIRTIETH AFFIRMATIVE DEFENSE

For its thirtieth affirmative defense, BANNER alleges that Plaintiffs' claims are barred, in whole or in part, as Plaintiffs were not an intended third party beneficiaries of any warranty given by BANNER.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

For its thirty-first affirmative defense, BANNER alleges that Plaintiffs' claims are barred, in whole or in part, as the drywall at issue was used for its usual, and not an unusual, purpose.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

For its thirty-second affirmative defense, BANNER alleges that Plaintiffs' claims are barred, in whole or in part, as the drywall at issue are a structural improvement to real property.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

For its thirty-third affirmative defense, BANNER alleges that Plaintiffs' claim for attorneys' fees and costs are barred, as Plaintiffs never entered into any contracts with BANNER providing for an award of attorneys' fees and costs.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

For its thirty-fourth affirmative defense, BANNER alleges that Plaintiffs' claim for attorneys' fees and costs are barred, as Plaintiffs' claims do not arise under a statute which provides for an award of attorneys' fees and costs.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

For its thirty-fifth affirmative defense, BANNER alleges that the named Plaintiffs are inadequate class representatives and their counsel is inappropriate and inadequate due to their participation in other similar pending class actions involving the same parties and issues.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

For its thirty-sixth affirmative defense, BANNER alleges that this action is not suitable for class action status pursuant to Rule 23, Fed. R. Civ. P.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

For its thirty-seventh affirmative defense, BANNER alleges that Plaintiffs have failed to reference an applicable statute, or that they are part of the protected class of any applicable statute sufficient to state a negligence *per se* cause of action.

BANNER specifically reserves the right to supplement its affirmative defenses to Plaintiffs' Complaint as discovery progresses in this case.

## CROSSCLAIM

Defendant/Crossclaim-Plaintiff, BANNER SUPPLY CO. PORT ST. LUCIE, LLC ("BANNER"), by and through its undersigned counsel, hereby files its CrossClaim against Crossclaim-Defendants, KNAUF GIPS KG ("KNAUF GIPS"), KNAUF PLASTERBOARD TIANJIN CO., LTD. ("KNAUF TIANJIN"), ROTHCHILT INTERNATIONAL LTD. ("ROTHCHILT"), LA SUPREMA TRADING, INC. ("LST"), and LA SUPREMA ENTERPRISE, INC. ("LSE"), and states as follows:

## GENERAL ALLEGATIONS

1.       This is an action for indemnification and damages within the monetary jurisdiction of this Court.

2.       BANNER has been named as a defendant in the above-styled action wherein it is alleged by Plaintiffs in their Complaint that the drywall supplied by BANNER was defective and caused damages to Plaintiffs.

3.       BANNER has denied any liability owing to Plaintiffs or any such class of plaintiffs, should a class be certified.   BANNER'S foregoing Answer to the Complaint is incorporated herein.

4.       This Crossclaim arises from the same transactions or occurrences as Plaintiffs' action.  Accordingly, should this Court determine that it has jurisdiction and proper venue over Plaintiffs' action, this Court shall have jurisdiction and proper venue over the instant Crossclaim and the named Crossclaim-Defendants.

5.       All conditions precedent to the filing of this Crossclaim have been performed, excused, or otherwise waived.

## COUNT I – INDEMNITY
## (AGAINST KNAUF GIPS )

6.      BANNER readopts and realleges the allegations contained in Paragraphs "1"

through "5" as though fully set forth herein.

7.      BANNER is wholly without fault for Plaintiffs' damages as alleged herein

because they had no involvement in manufacturing the allegedly defective drywall (the

"Drywall") in Plaintiffs' homes.

8.      A special relationship existed between BANNER and KNAUF GIPS by virtue of

the respective duties undertaken by KNAUF GIPS to distribute drywall that is free of defects and

safe for construction of residential housing.

9.      KNAUF GIPS is at fault for its failure to reasonably manufacture, design, and sell

the Drywall and insure that it was reasonably safe, free of defects, and safe for construction of

residential housing.

10.      To the extent Plaintiffs seek to hold BANNER liable, such liability is vicarious,

constructive, derivative and/or technical, arising out of the negligent conduct of KNAUF GIPS.

11.      As a direct and proximate cause of the negligence of KNAUF GIPS, BANNER

has suffered damages, which continue to accrue.

12.      BANNER is entitled to recover their reasonable attorneys' fees pursuant to the

wrongful act doctrine.  Specifically, BANNER's involvement in the instant action is solely due

to KNAUF GIPS' wrongful acts, as more specifically described in the Complaint.  As a result of

KNAUF GIPS' actions, BANNER has been forced to incur significant expenses to defend

Plaintiffs' claims and protect their interests.

WHEREFORE, BANNER SUPPLY CO. PORT ST. LUCIE, LLC, demands judgment

against Crossclaim-Defendant, KNAUF GIPS, for common law indemnification, together with

attorneys' fees and costs, and for such other and further relief as this Honorable Court deems just and proper.

### COUNT II – INDEMNITY
### (AGAINST KNAUF TIANJIN)

13.     BANNER readopts and realleges the allegations contained in Paragraphs "1" through "5" as though fully set forth herein.

14.     BANNER is wholly without fault for Plaintiffs' damages, as alleged herein, because they had no involvement in manufacturing the allegedly defective drywall (the "Drywall") in Plaintiffs' homes.

15.     A special relationship existed between BANNER and KNAUF TIANJIN by virtue of the respective duties undertaken by KNAUF TIANJIN to distribute drywall that is free of defects and safe for construction of residential housing.

16.     KNAUF TIANJIN is at fault for its failure to reasonably manufacture, design, and sell the Drywall and insure that it was reasonably safe, free of defects, and safe for construction of residential housing.

17.     To the extent Plaintiffs seek to hold BANNER liable, such liability is vicarious, constructive, derivative and/or technical, arising out of the negligent conduct of KNAUF TIANJIN.

18.      As a direct and proximate cause of the negligence of KNAUF TIANJIN, BANNER has suffered damages, which continue to accrue.

19.     BANNER is entitled to recover its reasonable attorneys' fees pursuant to the wrongful act doctrine.  Specifically, BANNER'S involvement in the instant action is solely due to KNAUF TIANJIN's wrongful acts, as more specifically described in the Complaint.  As a

result of KNAUF TIANJIN's actions, BANNER has been forced to incur significant expenses to defend Plaintiffs' claims and protect their interests.

WHEREFORE, BANNER SUPPLY CO. PORT ST. LUCIE, LLC, demands judgment against Crossclaim-Defendant, KNAUF PLASTERBOARD TIANJIN CO. LTD., for common law indemnification, together with attorneys' fees and costs, and for such other and further relief as this Honorable Court deems just and proper.

## COUNT III – INDEMNITY
## (AGAINST ROTHCHILT)

20.     BANNER readopts and realleges the allegations contained in Paragraphs "1" through "5" as though fully set forth herein.

21.     BANNER is wholly without fault for Plaintiffs' damages, as alleged herein, because they had no involvement in manufacturing the allegedly defective drywall (the "Drywall") in Plaintiffs' homes.

22.     A special relationship existed between BANNER and ROTHCHILT by virtue of the respective duties undertaken by ROTHCHILT to distribute drywall that is free of defects and safe for construction of residential housing.

23.     ROTHCHILT is at fault for its failure to reasonably inspect the Drywall and insure that it was reasonably safe, free of defects, and safe for construction of residential housing.

24.     To the extent Plaintiffs seek to hold BANNER liable, such liability is vicarious, constructive, derivative and/or technical, arising out of the negligent conduct of ROTHCHILT.

25.     As a direct and proximate cause of the negligence of ROTHCHILT, BANNER has suffered damages, which continue to accrue.

26.     BANNER is entitled to recover its reasonable attorneys' fees pursuant to the wrongful act doctrine.  Specifically, BANNER'S involvement in the instant action is solely due to ROTHCHILT's wrongful acts, as more specifically described in the Complaint.  As a result of ROTHCHILT's actions, BANNER has been forced to incur significant expenses to defend Plaintiffs' claims and protect its interest.

WHEREFORE, BANNER SUPPLY CO. PORT ST. LUCIE, LLC, demands judgment against Crossclaim-Defendant, ROTHCHILT INTERNATIONAL LTD., for common law indemnification, together with attorneys' fees and costs, and for such other and further relief as this Honorable Court deems just and proper.

## COUNT IV – INDEMNITY
## (AGAINST LA SUPREMA TRADING, INC.)

27.     BANNER readopts and realleges the allegations contained in Paragraphs "1" through "5" as though fully set forth herein.

28.     BANNER is wholly without fault for Plaintiffs' damages, as alleged herein, because they had no involvement in manufacturing the allegedly defective drywall (the "Drywall") in Plaintiffs' homes.

29.     A special relationship existed between BANNER and LST by virtue of the respective duties undertaken by LST to distribute drywall that is free of defects and safe for construction of residential housing.

30.     LST is at fault for its failure to reasonably inspect the Drywall and insure that it was reasonably safe, free of defects, and safe for construction of residential housing.

31.     To the extent Plaintiffs seek to hold BANNER liable, such liability is vicarious, constructive, derivative and/or technical, arising out of the negligent conduct of LST.

32.     As a direct and proximate cause of the negligence of LST, BANNER has suffered damages, which continue to accrue.

33.     BANNER is entitled to recover their reasonable attorneys' fees pursuant to the wrongful act doctrine.  Specifically, BANNER'S involvement in the instant action is solely due to LST's wrongful acts, as more specifically described in the Complaint.  As a result of LST's actions, BANNER has been forced to incur significant expenses to defend Plaintiffs' claims and protect their interests.

WHEREFORE, BANNER SUPPLY CO. PORT ST. LUCIE, LLC, demands judgment against Crossclaim-Defendant, LA SUPREMA TRADING, INC., for common law indemnification, together with attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

### COUNT V – INDEMNITY
### (AGAINST LA SUPREMA ENTERPRISE, INC.)

34.     BANNER readopts and realleges the allegations contained in Paragraphs "1" through "5" as though fully set forth herein.

35.     BANNER is wholly without fault for Plaintiffs' damages, as alleged herein, because they had no involvement in manufacturing the allegedly defective drywall (the "Drywall") in Plaintiffs' homes.

36.     A special relationship existed between BANNER and LSE by virtue of the respective duties undertaken by LSE to manufacture drywall that is free of defects and safe for construction of residential housing.

37.     LSE is at fault for its failure to reasonably sell the Drywall and insure that it was reasonably safe, free of defects, and safe for construction of residential housing.

38.     To the extent Plaintiffs seek to hold BANNER liable, such liability is vicarious, constructive, derivative and/or technical, arising out of the negligent conduct of LSE.

39.     As a direct and proximate cause of the negligence of LSE, BANNER has suffered damages, which continue to accrue.

40.     BANNER is entitled to recover their reasonable attorneys' fees pursuant to the wrongful act doctrine.  Specifically, BANNER'S involvement in the instant action is solely due to LSE's wrongful acts, as more specifically described in the Complaint.  As a result of LSE's actions, BANNER has been forced to incur significant expenses to defend Plaintiffs' claims and protect their interests.

WHEREFORE, BANNER SUPPLY CO. PORT ST. LUCIE, LLC, demand judgment against Crossclaim-Defendant, LA SUPREMA ENTERPRISE, INC., for common law indemnification, together with attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

Dated this  26th  of March, 2010.

Respectfully submitted,

**PETERSON & ESPINO, P.A.**
Attorneys for Banner Supply Co., Port
   St. Lucie, LLC
8900 Southwest 117th Avenue, Suite C-104
Miami, Florida  33186
Telephone:     (305) 270-3773
Facsimile:      (305) 275-7410


By:     /s/Michael P. Peterson
          Michael P. Peterson, Esq.
          Florida Bar No. 982040

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer, Affirmative Defenses and Crossclaim of BANNER SUPPLY CO. PORT ST. LUCIE, LLC has been served on Liaison Counsel by e-mail and upon all Chinese Dry Wall parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 6 on this _26th_ day of March, 2010.  I further certify that the above and foregoing Answer, Affirmative Defenses and Crossclaim of BANNER SUPPLY CO. PORT ST. LUCIE, LLC was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this _26th_ day of March, 2010.

By:      /s/Michael P. Peterson