UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * | MDL No. 09-2047 |
| | * | JUDGE: FALLON |
| THIS DOCUMENT RELATES TO Sean and Beth Payton, et al. v. Knauf Gips, KG, et al. Case No. 2:09-cv-07628 (E.D.La.) | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**ANSWER, AFFIRMATIVE DEFENSES
AND CROSS-CLAIMS OF
BAILEY LUMBER & SUPPLY COMPANY**

Defendant Bailey Lumber & Supply Company ("Defendant" or "Bailey"), through its

undersigned counsel, hereby asserts its Answer, Affirmative Defenses and Cross-Claims

in response to the Plaintiffs' Omnibus Class Action Complaint ("Complaint"), as follows:

**JURISDICTION, PARTIES AND VENUE**

1.

The allegations of Paragraph 1 are denied for lack of information sufficient to form

a belief as to their truth or falsity.

2.

Concerning the allegations of Paragraph 2, Defendant denies that this action meets

the standards of a class action.

-1-

3.

Paragraph 3 contains legal conclusions that require no response, however, to the extent a response is required to any allegation, Defendant denies the same.

**PLAINTIFFS**

4.

Concerning the allegations of Paragraphs 4 through 2072, Defendant denies the legal conclusions and allegations concerning the class representatives participation, and for all remaining allegations Defendant lacks information sufficient to admit or deny the allegations, and therefore, denies the same.

**DEFENDANTS**

5.

Concerning the allegations of Paragraphs 2073 through 2083, Defendant lacks information sufficient to admit or deny the allegations, and therefore, denies the same.

6.

Concerning the allegations of Paragraph 2084, Defendant admits that it is a Mississippi corporation with a principal place of business at 813 E. Pass Road, Gulfport, Mississippi, further that it is a distributor or supplier of drywall and related building products. All remaining allegations of Paragraph 2084 are denied.

7.

Concerning the allegations of Paragraphs 2085 through 2609 Defendant lacks information sufficient to admit or deny the allegations, and therefore, denies the same.

## FACTS REGARDING PRODUCT DEFECT

8.

The allegations of Paragraph 2610 are denied because Defendant lacks information sufficient to admit or deny the same.

9.

The allegations of Paragraphs 2611 through 2620 are denied.

## CLASS ACTION ALLEGATIONS

10.

Concerning the allegations of Paragraphs 2621 through 2639 Defendant admits that Plaintiffs have filed this suit as a putative class action, however all allegations containing legal conclusions require no response. To the extent any further response is required, Defendant denies the allegations. Defendant further states that this suit does not meet the standards for a class action.

## COUNT I

(NEGLIGENCE)

11.

The allegations of Paragraphs 2640 require no response by Defendant.

12.

Paragraphs 2641 through Paragraphs 2647 are denied.

-3-

## COUNT II

(NEGLIGENCE PER SE)

13.

The allegations of Paragraph 2648 require no response by Defendant.

14.

The allegations of Paragraphs 2649 through 2654 are denied.

## COUNT III

STRICT LIABILITY

15.

The allegations of Paragraph 2655 require no response by Defendant.

16.

The allegations of Paragraphs 2656 through 2672 are denied.

## COUNT IV

BREACH OF EXPRESS AND/OR
IMPLIED WARRANTIES

17.

The allegations of Paragraph 2673 require no response by Defendant.

18.

The allegations of Paragraphs 2674 through 2680 are denied.

## COUNT V

### BREACH OF THE IMPLIED WARRANTY OF FITNESS
AND MERCHANTABILITY PURSUANT TO
FLORIDA STATUTES SECTION 718.203
(On Behalf of Plaintiffs Who Own Condominiums in the
State of Florida; against Builders Only)

19.

The allegations of Paragraphs 2681 through 2692 require no response by

Defendant.

## COUNT VI

### BREACH OF THE IMPLIED WARRANTY
OF HABITABILITY
(Against Builders Only)

20.

The allegations of Paragraphs 2693 through 2699 require no response by

Defendant.

## COUNT VII

### BREACH OF CONTRACT
(Against Builders Only)

21.

The allegations of Paragraphs 2700-2703 require no response by Defendant.

## COUNT VIII

VIOLATION OF THE LOUISIANA
NEW HOME WARRANTY ACT
(Against Louisiana Builders Only)

22.

The allegations of Paragraphs 2704-2710 require no response from Defendant.

## COUNT IX

REDHIBITION
(By Louisiana Plaintiffs Against All Defendants)

23.

Concerning the allegations of Paragraphs 2711 through 2720, the Complaint has

identified no Louisiana plaintiffs who assert claims against Defendant. To the extent

Louisiana Plaintiffs with claims against the Defendant are subsequently identified, then

these allegations are denied.

## COUNT X

LOUISIANA PRODUCTS LIABILITY ACT
(Manufacturing Defendants; Pleaded in the
Alternative Against Distributor Defendants)

24.

Concerning the allegations of Paragraphs 2721 through 2734, the Complaint has

identified no Louisiana plaintiffs who assert claims against Defendant. To the extent

Louisiana Plaintiffs with claims against the Defendant are subsequently identified, then

these allegations are denied.

## COUNT XI

### PRIVATE NUISANCE

25.

The allegations of Paragraph 2735 require no response by Defendant.

26.

The allegations of Paragraphs 2736 through 2741 are deneid.

## COUNT XII

### NEGLIGENT DISCHARGE OF A
### CORROSIVE SUBSTANCE

27.

The allegation of Paragraph 2742 require no response by Defendant.

28.

The allegations of Paragraphs 2743 through 2748 are denied.

## COUNT XIII

### UNJUST ENRICHMENT

29.

The allegations of Paragraph 2749 require no response by Defendant.

30.

The allegations of Paragraphs 2750 through 2752 are denied.

**COUNT XIV**

VIOLATIONS OF CONSUMER PROTECTION ACTS

31.

The allegations of Paragraphs 2753 and 2754 require no response by Defendant.

32.

The allegations of Paragraphs 2755 through 2757 are denied.

**COUNT XV**

EQUITABLE AND INJUNCTIVE RELIEF
AND MEDICAL MONITORING

33.

The allegations of Paragraph 2758 require no response by Defendant.

34.

The allegations of Paragraphs 2759 through 2760 are denied.

35.

To the extent that Paragraphs 2761 and 2762 require a response, Defendant denies

Plaintiffs are entitled to the equitable relief which they seek.

36.

The allegations of Paragraphs 2763 through 2770 are denied.

**EACH AND EVERY ALLEGATION CONTAINED IN THE
COMPLAINT NOT SPECIFICALLY ADMITTED IS HEREBY
DENIED.**

**FIRST DEFENSE**

37.

Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

38.

Plaintiffs have failed to state a claim for which relief can be granted.

**SECOND DEFENSE**

39.

Defendant incorporates herein are of the responses in the preceding paragraph that are relevant to this defense.

40.

Plaintiffs have no cause of action against Defendant based on principles of strict liability or express or implied warranty.

**THIRD DEFENSE**

41.

Defendants incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

42.

Any damages alleged to have been sustained by Plaintiffs were caused in whole or in part by the acts, or omissions or fault of persons other than this Defendant over whom this Defendant had and has no control, or by superseding intervening causes outside the

control of this Defendant.

## FOURTH DEFENSE

43.

Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

44.

Any damages alleged to have been sustained by Plaintiffs were caused in whole or in part by the acts, omissions or fault of persons other than Defendant over whom this Defendant had and has no control, and which persons were responsible for the design or manufacture of the drywall about which Plaintiffs complain, as well as the selection of drywall for delivery to Plaintiffs' properties.

## FIFTH DEFENSE

45.

Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

46.

Defendant was an "innocent seller" who had no active negligence, and no actual or constructive knowledge of any defective condition of the drywall products about which Plaintiffs complain, being a mere conduit of any such products.

## SIXTH DEFENSE

47.

Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

48.

Recovery of some or all of the damages alleged to have been sustained by Plaintiffs is barred by the economic loss doctrine or its common law or statutory equivalent.

## SEVENTH DEFENSE

49.

Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

50.

The terms, provisions, and conditions of any and all contracts entered into between Defendant and any other parties, including but not limited to any warranty provisions, operate as a bar to all or part of Plaintiffs' claim.

## EIGHTH DEFENSE

51.

Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

52.

Plaintiffs' claims are barred, in whole or in part, by their absence of privity with

Defendant and lack of standing.

## NINTH DEFENSE

53.

Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

54.

Plaintiffs have failed to reference an applicable statute, or that they are part of the protected class of any applicable statute, sufficient to state a negligence *per se* cause of action.

## TENTH DEFENSE

55.

Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

56.

Plaintiffs' Complaint fails to state a claim for class relief under Rule 23 of the Federal Rules of Civil Procedure; further, class relief should be denied under the governing procedural and substantive law.

## ELEVENTH DEFENSE

57.

Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

58.

Plaintiffs lack standing to bring representative actions under the consumer protection acts or the unfair trade practices laws or regulations of one or more of the states identified in the Complaint.

## TWELFTH DEFENSE

59.

Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

60.

Plaintiffs have failed to mitigate their damages.

## THIRTEENTH DEFENSE

61.

Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

62.

Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations, statutes of repose, prescriptive periods, or the doctrine of laches.

## FOURTEENTH DEFENSE

63.

Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

64.

To the extent that Plaintiffs pray for punitive, exemplary, or otherwise enhanced damages, Defendant invokes its rights under the Due Process Cause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution, together with its rights under the Constitutions and law of the states, which states are set forth in the Complaint, including but not limited to Miss. Code Ann. § 11-1-65, and Florida Statutes §§ 768.72, *et seq.*

## FIFTEENTH DEFENSE

65.

Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

66.

Should Defendant be found to be guilty of any negligence, which is specifically denied, then Defendant plead Plaintiffs' own contributory and/or comparative negligence as a bar to Plaintiffs' recover. More specifically, Plaintiffs failed to properly inspect the premises in question, failed to exercise reasonable care after discovery of the alleged defective conditions, and acted or failed to act in such other ways as shall be determined at trial or through the discovery process.

-14-

## SIXTEENTH DEFENSE

67.

Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

68.

All activities undertaken by Defendant were completed in conformity with the industry standards and in conformance with the applicable standard of care, all of which is pled in bar of any recovery by Plaintiffs against Defendant.

## SEVENTEENTH DEFENSE

69.

Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

70.

Plaintiffs are barred from recovery against Defendant pursuant to the Mississippi Products Liability Act, Miss. Code Ann. § 11-1-63, *et seq*.

## EIGHTEENTH DEFENSE

71.

Defendant incorporates herein all responses in the preceding paragraphs that are relevant to this defense.

72.

In the event any Plaintiff has settled with any other parties for the damages and/or

injuries set forth in the Complain, Defendant is entitled to a credit equivalent to the settlement.

## NINETEENTH DEFENSE

73.

Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

74.

Defendant pleads lack of jurisdiction.

## TWENTIETH DEFENSE

75.

Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

76.

Venue is improper in the Eastern District of Louisiana.

## TWENTY-FIRST DEFENSE

77.

Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

78.

Defendant pleads lack of causation.

## TWENTY-SECOND DEFENSE

79.

Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

80.

Defendant denies that it is a manufacturer under governing law.

## TWENTY-THIRD DEFENSE

81.

Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

82.

Defendant denies that the drywall at issue is a "product" under governing law.

## TWENTY-FOURTH DEFENSE

83.

Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

84.

Defendant incorporates herein by reference each and every affirmative defense pleaded by similarly-situated distributor defendants.

-17-

## CROSS-CLAIMS AGAINST KNAUF GIPS KG: KNAUF PLASTERBOARD (TIANJIN) CO., LTD.; KNAUF PLASTERBOARD (WUHU), CO. LTD.; GUANGDONG KNAUF NEW BUILDING MATERIALS PRODUCTS CO., LTD.

### FIRST CROSS-CLAIM

1.

Defendant incorporates herein all of the foregoing responses that are relevant to this cross-claim.

2.

For a further defense and a cross-claim, Defendant asserts a claim against Knauf Gips KG; Knauf Plasterboard (Tianjin) Co., Ltd.; Knauf Plasterboard (Wuhu) Co., Ltd.; and Guangdong Knauf New Building Materials Products Co., Ltd. [1] along with all other applicable affiliates and related entities (collectively hereafter "Knauf").

3.

Defendant purchased from Interior/Exterior Building Supply, L.P. and Interior/Exterior Enterprises, L.L.C. (collectively sometimes referred to as "INEX") a certain quantity of drywall believed to have been manufactured by Knauf.

4.

Knauf expressly warranted the drywall Defendant purchased from INEX would be free of defects and fit for the ordinary purpose for which drywall is used.

5.

Without admitting any liability or damages to the Plaintiffs, if it is shown that the

_____

[1] Identified erroneously in the Complaint as Knauf Plasterboard ("Dongguan") Co., Ltd. *See* Doc. 1705 and 1719 correcting defendant name.

-18-

drywall manufactured by Knauf and sold to Defendant was defective and not fit for the ordinary purpose for which drywall is used, then Knauf is liable to Defendant for breach of the express warranty.

6.

As a direct and proximate result of Knauf's breach of express warranties, Defendant has incurred damages in that it has been required to respond to property owner complaints and to defend this action. Further, Defendant will likely continue to incur additional costs in responding to property owner complaints and defending this action.

### SECOND CROSS-CLAIM

7.

Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this cross-claim.

8.

Knauf owed a duty of care to Defendant, such duties being specifically set forth in the Plaintiffs' Complaint and incorporated herein by reference.

9.

If the allegations of the Plaintiffs Complaint are true, Knauf breached the aforementioned duties and was negligent as specifically described in the Plaintiffs' Complaint and incorporated herein by reference.

-19-

10.

If the allegations of Plaintiffs' Complaint are true, Knauf breached the aforementioned duties and was negligent by failing to warn Defendant about the defective nature of the drywall.

11.

If the allegations of the Plaintiffs' Complaint are true, Knauf, through the exercise of reasonable care, knew or should have know the nature of the defective drywall.

12.

If the allegations of the Plaintiffs' Complaint are true, it was reasonably foreseeable that the aforementioned acts of negligence would cause damage to Defendant.

13.

If the allegations of Plaintiffs' Complaint are true, as a direct and proximate consequence of Knauf's negligence, Defendant has suffered and incurred damages, costs and litigation expenses for which Knauf is liable.

### THIRD CROSS-CLAIM

14.

Defendant incorporates herein all of the foregoing responses that are relevant to this cross-claim.

15.

For a further defense and as a cross-claim, Defendant asserts a claim against Knauf for breach of implied warranty of merchantability under the common law and/or applicable

state statutes.

16.

Knauf is a manufacturer and merchant of drywall.

17.

Defendant purchased from INEX a certain quantity of drywall believed to have been manufactured and sold by Knauf.

18.

Pursuant to the applicable state statutes and/or the common law, Knauf warranted that the drywall was merchantable and fit for the ordinary purpose for which the drywall is used.

19.

Without admitting any liability or damages to the Plaintiffs, if it is shown that the drywall manufactured by Knauf and sold by INEX to Defendant was defective and not fit for the ordinary purpose for which drywall is used, then Knauf is liable to Defendant for breach of implied warranty.

20.

As a direct and proximate result of Knauf's breach of the implied warranty of merchantability, Defendant has incurred damages in that it has been required to respond to property owner complaints and to defend this action. Further, Defendant will likely continue to incur additional costs in responding to homeowner complaints and defending this action.

## FOURTH CROSS-CLAIM

21.

Defendant incorporates herein all of the foregoing responses that are relevant to this cross-claim.

22.

For a further defense and as a cross-claim, Defendant asserts a claim against Knauf for equitable, statutory and/or common law indemnification.

23.

Knauf is solely responsible and liable for any allegedly wrongful acts committed against the Plaintiffs with regard to the allegations of Plaintiffs' Complaint.

24.

Knauf is solely liable for any damages allegedly suffered by Plaintiffs and, if Defendant is required to pay any damages to the Plaintiffs, Defendant is entitled to be indemnified by Knauf for any damages, cost of litigation, reasonable expenses and reasonable attorney's fees, based on the doctrines of equitable, statutory and/or common law indemnification.

## CROSS-CLAIMS AGAINST INTERIOR/EXTERIOR BUILDING SUPPLY, L.P. AND INTERIOR/EXTERIOR ENTERPRISES, L.L.C.

## FIFTH CROSS-CLAIM

25.

Defendant incorporates herein all of the foregoing responses that are relevant to this cross-claim.

26.

For a further defense and a cross-claim, Defendant asserts a claim against Interior/Exterior Building Supply, L.P. and Interior/Exterior Enterprises, L.L.C. (collectively sometimes referred to as "INEX").

27.

Defendant purchased from INEX a certain quantity of drywall believed to have been manufactured by Knauf.

28.

INEX expressly warranted the drywall Defendant purchased would be free of defects and fit for the ordinary purpose for which drywall is used.

29.

Without admitting any liability or damages to the Plaintiffs, if it is shown that the drywall sold by INEX to Defendant was defective and not fit for the ordinary purpose for which drywall is used, then INEX is liable to Defendant for breach of the express warranty.

30.

As a direct and proximate result of INEX's breach of express warranties, Defendant has incurred damages in that it has been required to respond to property owner complaints and to defend this action. Further, Defendant will likely continue to incur additional costs in responding to property owner complaints and defending this action.

## SIXTH CROSS-CLAIM

31.

Defendant incorporates herein all of the foregoing responses that are relevant to this cross-claim.

32.

For a further defense and as a cross-claim, Defendant asserts a claim against INEX for breach of implied warranty of merchantability under the common law and/or applicable state statutes.

33.

INEX is a merchant of drywall.

34.

Defendant purchased from INEX a certain quantity of drywall believed to have been manufactured by Knauf.

35.

Pursuant to the applicable state statutes and/or the common law, INEX warranted that the drywall was merchantable and fit for the ordinary purpose for which the drywall is used.

36.

Without admitting any liability or damages to the Plaintiffs, if it is shown that the drywall sold by INEX to Defendant was defective and not fit for the ordinary purpose for which drywall is used, then INEX is liable to Defendant for breach of implied warranty.

-24-

37.

As a direct and proximate result of INEX's breach of the implied warranty of merchantability, Defendant has incurred damages in that it has been required to respond to property owner complaints and to defend this action. Further, Defendant will likely continue to incur additional costs in responding to property owner complaints and defending this action.

## SEVENTH CROSS-CLAIM

38.

Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this cross-claim.

39.

INEX owed a duty of care to Defendant, such duties being specifically set forth in the Plaintiffs' Complaint and incorporated herein by reference.

40.

If the allegations of the Plaintiffs Complaint are true, INEX breached the aforementioned duties and was negligent as specifically described in the Plaintiffs' Complaint and incorporated herein by reference.

41.

If the allegations of Plaintiffs' Complaint are true, INEX breached the aforementioned duties and was negligent by failing to warn Defendant about the defective nature of the drywall.

-25-

42.

If the allegations of the Plaintiffs' Complaint are true, INEX through the exercise of reasonable care, knew or should have know the nature of the defective drywall.

43.

If the allegations of the Plaintiffs' Complaint are true, it was reasonably foreseeable that the aforementioned acts of negligence would cause damage to Defendant.

44.

If the allegations of Plaintiffs' Complaint are true, as a direct and proximate consequence of INEX's negligence, Defendant has suffered and incurred damages, costs and litigation expenses for which INEX is liable.

**EIGHTH CROSS-CLAIM**

45.

Defendant incorporates herein all of the foregoing responses that are relevant to this cross-claim.

46.

For a further defense and as a cross-claim, Defendant asserts a claim against INEX for equitable, statutory and/or common law indemnification.

47.

INEX is solely responsible and liable for any allegedly wrongful acts committed against the Plaintiffs with regard to the allegations of Plaintiffs' Complaint.

48.

INEX is solely liable for any damages allegedly suffered by Plaintiffs and, if Defendant is required to pay any damages to the Plaintiffs, Defendant is entitled to be indemnified by INEX for any damages, cost of litigation, reasonable expenses of reasonable attorney's fees based on statutory law, the doctrines of equitable and/or common law indemnification.

WHEREFORE, Defendant Bailey Lumber & Supply Company prays that:

a)      Plaintiffs recover nothing from Defendant and that judgment be entered in Defendant's favor;

b)      the costs of this action, including attorney's fees and costs that may be allowed by law or statute, be taxed against Plaintiffs;

c)      if Plaintiffs recover any amount from Defendant, that Defendant be granted the relief prayed for in its Cross-Claims against Knauf and INEX; and

d)      Defendant shall have such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Daniel J. Caruso (03941) (T.A.)
Herman J. Hoffmann (06899)
Robert L. Redfearn, Jr. (17106)
Betty F. Mullin (09818)
Simon Peragine Smith & Redfearn L.L.P.
1100 Poydras Street, 30th Floor
New Orleans, Louisiana 70163-3000
Telephone: (504) 569-2030
Fax: (504) 569-2999
Attorneys for Bailey Lumber & Supply Company

-27-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing Answer, Affirmative Defenses and Cross-Claims of Bailey Lumber & Supply Company has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail  and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this _26th_ day of March, 2010.

_____

Betty F. Mullin

N:\DATA\K\03437001\pleadings\answer.wpd