UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | CIVIL ACTION NO.: 09-md-2047 |
| This case relates to: | * * * | JUDGE:  FALLON |
| **No. 10-720,** *Timothy and Ashley Francis v. Colony Ins. Co., et al.* | * * * | MAGISTRATE:  WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**GREAT NORTHERN INSURANCE COMPANY'S
ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, Great Northern Insurance Company ("Great Northern"), responds to Plaintiffs' Supplemental and Amended Petition as follows:

**I.**

**AFFIRMATIVE AND OTHER DEFENSES[1]**

Great Northern raises the following affirmative defenses:

---

[1] Plaintiffs' Policy is subject to certain terms, provisions, definitions, exclusions, conditions, endorsements, and limitations.  Great Northern has undertaken in good faith to list all of the special or affirmative defenses that it may have with respect to insurance coverage under the Policy or at law for the claims in Plaintiffs' Petition.  Great Northern, however, reserves the right to amend, supplement, restate and/or withdraw any of the special or affirmative defenses listed herein or to assert additional defenses with regard to insurance coverage for the Plaintiffs' claims given Great Northern's continued investigation of the Plaintiffs' claims.  Great Northern specifically does not waive any of its rights under the Great Northern Policy or at law with respect to insurance coverage for the Plaintiffs' claims, and all such rights are hereby expressly reserved.  Furthermore, Great Northern does not admit that it bears the burden of proof on any of the issues raised by the defenses listed herein.

- 1 -

155597

**1.**
**FIRST AFFIRMATIVE DEFENSE**

The plaintiffs have failed to state a claim against upon which relief can be granted against Great Northern as their homeowner insurer. Accordingly, the case against Great Northern should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

**2.**
**SECOND AFFIRMATIVE DEFENSE**

Great Northern pleads the terms, definitions, conditions, endorsements, provisions, limits, and exclusions of the Policy issued to the insured as if copied here *in extenso,* which bar or diminish recovery by plaintiffs. Due process provisions of the Louisiana and United States Constitutions bar any attempt by plaintiffs to require Great Northern to pay losses not resulting from covered perils.

**3.**
**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs have not suffered a covered loss.

**4.**
**FOURTH AFFIRMATIVE DEFENSE**

The Policy insures against "all risk of physical loss to your house." Policy, p. B-3. There is no insurance coverage under the Policy to the extent that the plaintiffs have not suffered a "physical loss". The defective drywall did not sustain a "physical loss" within the Policy's coverage.

**5.**
**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' homeowners policy does not provide coverage for "the presence of wear and tear, gradual deterioration, rust, bacteria, corrosion, dry or wet rot, or warping, however

caused, or any loss caused by wear and tear, gradual deterioration, rust, bacteria, corrosion, dry or wet rot, or warping." Policy, p. B-7.

### 6.
### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' Policy does not cover "any loss caused by inherent vice, latent defect, or mechanical breakdown." Policy, p. B-7.

### 7.
### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Policy coverage does not provide coverage for "any loss caused by air dampness, water vapor, or temperature extremes." Policy, p. B-9.

### 8.
### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' Policy does not provide coverage for "any loss caused by contamination, pollution, smog, or industrial or agricultural smoke." Policy, p. B-7.

### 9.
### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' Policy does not provide coverage for "any loss caused by the faulty acts, errors, or omissions of you or any other person in planning, construction, or maintenance." Policy, p. B-9.

### 10.
### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' Policy does not cover loss to the extent it was "caused by your failure to use all reasonable means to protect property before, at, or after the time of a loss". Policy, p. B-9.

155597

**11.**
**ELEVENTH AFFIRMATIVE DEFENSE**

Without admitting any liability on the part of Great Northern, any additional amounts due under the Policy are subject to its applicable policy deductible, limits of liability, valuation clauses, waiting periods, and all other policy provisions, conditions, and exclusions.

**12.**
**TWELFTH AFFIRMATIVE DEFENSE**

Without admitting any liability on the part of Great Northern, Great Northern avers that it is not subject to any consequential damages, or economic loss, or any type of extra contractual damages, because Great Northern at all times acted in good faith in handling the insureds' claim, and Great Northern adjusted the insureds' claim according to Louisiana law and the terms and conditions of the Policy.

**13.**
**THIRTEENTH AFFIRMATIVE DEFENSE**

Under the circumstances of this case, any award of punitive damages would violate the Fifth, Eighth, Tenth, and Fourteenth Amendments to the United States Constitution.

**14.**
**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims under La. R.S. 22:1892 and La. R.S. 22:1973 are neither warranted by existing law nor by a non-frivolous argument for the extension, modification or reversal of existing law or the establishment of new law nor supported by the facts.

## 15.
## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for relief may be barred to the extent plaintiffs have failed to perform all of their obligations, promises and/or covenants under the policies of insurance at issue in this action.

## 16.
## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that plaintiffs failed to mitigate, minimize or avoid any damage allegedly sustained, recovery against defendant Great Northern, if any, must be reduced by the amount of said failure.

## 17.
## SEVENTEENTH AFFIRMATIVE DEFENSE

Great Northern alleges that it faithfully and fully performed all duties and obligations owed under the policies of insurance at issue in this action in connection with the subject claim, and plaintiffs' recovery is accordingly, barred, restricted and/or limited.

## 18.
## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Great Northern, if any, may be barred in whole or in part by the equitable doctrines of laches, waiver, and/or estoppel.

## 19.
## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' homeowners policy does not provide coverage for plaintiffs' alleged personal property loss, because the Policy covers only losses to personal property that are caused by specific perils and this loss was not caused by any peril enumerated in the homeowners policy.

155597

**20.**
**TWENTIETH AFFIRMATIVE DEFENSE**

Great Northern further gives notice that it intends to invoke any other defense that may become available or appear during the subsequent proceedings in this case and hereby reserves its right to amend this response to assert any such defense.

**21.**
**TWENTY FIRST AFFIRMATIVE DEFENSE**

Great Northern alleges that, pursuant to Louisiana Revised Statute 22:867, any modifications that plaintiffs claim were made to the Policy must be in writing and "physically made a part of the policy or other written evidence of insurance" or incorporated by reference therein to be effective.

**II.**
**ANSWER**

1.

Great Northern states that the Original Petition contains allegations targeted at parties other than Great Northern, and denies all allegations in the Original Petition for that reason.

2.

Great Northern admits that it is an Indiana corporation doing business in Louisiana.

3.

Great Northern admits the allegations contained in paragraph 3.

4.

Great Northern admits that it issued Policy No. 12568219-01 ("the Policy") to the plaintiffs, but states that the Policy is the best evidence of its contents and denies any statement inconsistent with those contents. To the extent that Paragraph 4 contains additional factual allegations, Great Northern denies those allegations.

5.

Great Northern admits that it issued Policy No. 12568219-01 ("the Policy") to the plaintiffs, but states that the Policy is the best evidence of its contents and denies any statement inconsistent with those contents. Further answering, Great Northern states that Great Northern denies as written the remaining factual allegations in paragraph 5.

6.

Great Northern denies the allegations contained in Paragraph 6.

7.

Great Northern states that the Policy is the best evidence of its contents and denies any statement inconsistent with those contents.

8.

Great Northern states that the Policy is the best evidence of its contents and denies any statement inconsistent with those contents.

9.

Great Northern states that the Policy is the best evidence of its contents and denies any statement inconsistent with those contents.

155597

10.

Great Northern admits that the plaintiffs notified it of the loss in May of 2009 and that a Chubb representative inspected their home.

11.

Great Northern admits that Stuart Chisholm met with the plaintiffs on May 28, 2009. To the extent Paragraph 11 discusses the Policy, Great Northern states that the Policy is the best evidence of its contents and denies any statement inconsistent with those contents. Great Northern denies as written the remaining factual allegations contained in Paragraph 11.

12.

Great Northern states that the June 2, 2009 letter from Stuart Chisholm to the plaintiffs is the best evidence of its contents and denies any statement inconsistent with those contents.

13.

Great Northern states that the July 24, 2009 letter is the best evidence of its contents and denies any statement inconsistent with those contents.

14.

Great Northern denies the allegations contained in paragraph 14.

## SUPPLEMENTAL COUNT I

## DECLARATORY JUDGMENT

15.

Great Northern incorporates by reference its responses to Paragraphs 1-14. Further answering, Great Northern admits that the plaintiffs are requesting a declaratory judgment, but denies that the plaintiffs are entitled to the relief that they seek.

## SUPPLEMENTAL COUNT II

## PAYMENT OF INSURANCE PROCEEDS, ATTORNEYS' FEES, AND PENALTIES

16.

Great Northern incorporates by reference its responses to Paragraphs 1-15. Great Northern admits that the plaintiffs are seeking insurance proceeds and damages, but denies that the plaintiffs are entitled to the relief that they seek. To the extent that paragraph 16 contains additional factual allegations, Great Northern denies all remaining factual allegations contained in Paragraph 16.

## SUPPLEMENTAL COUNT III

## BREACH OF CONTRACT

17.

Great Northern denies the allegations contained in Paragraph 17.

155597

18.

Great Northern admits that the plaintiffs purport to seek relief for contractual breaches, but denies that the plaintiffs are entitled to the relief that they seek. To the extent that Paragraph 18 contains additional factual allegations, Great Northern denies those allegations.

## SUPPLEMENTAL COUNT IV

## EQUITABLE ESTOPPEL/WAIVER

19.

Great Northern incorporates by reference its responses to Paragraphs 1-18. Further answering, Great Northern admits that the plaintiffs purport to plead alternative claims, but denies that the plaintiffs are entitled to any alternative relief.

20.

Great Northern denies the allegations contained in Paragraph 20.

21.

Great Northern denies the allegations contained in Paragraph 21.

22.

Great Northern denies as written the allegations contained in paragraph 22.

23.

Great Northern denies the allegations contained in Paragraph 23.

155597

- 11 -

## SUPPLEMENTAL COUNT V

## DETRIMENTAL RELIANCE

24.

Great Northern incorporates by reference its responses to Paragraphs 1-23. To the extent that Paragraph 24 contains additional factual allegations, Great Northern denies those allegations.

25.

Great Northern denies as written the allegations contained in Paragraph 25.

26.

Great Northern denies the allegations contained in Paragraph 26.

## SUPPLEMENTAL PRAYER

No answer is required to plaintiffs' prayer, but Great Northern denies that plaintiffs are entitled to any of the relief they seek.

WHEREFORE, defendant Great Northern Insurance Company respectfully prays that its Answer and Affirmative Defenses be deemed good and sufficient and that after due proceedings be had, plaintiffs' Petition be dismissed with prejudice and defendant awarded all general and equitable relief to which it is entitled.

155597

- 12 -

        Respectfully submitted,

        <u>/s/John W. Joyce</u>
        Judy Y. Barrasso, 2814
        John W. Joyce, 27525
        Madeline M. Chimento, 32390
        BARRASSO USDIN KUPPERMAN
            FREEMAN & SARVER, L.L.C.
        909 Poydras Street, Suite 2400
        New Orleans, Louisiana 70112
        Telephone: (504) 589-9700

        *Attorneys for Great Northern Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Great Northern Insurance Company's Answer and Affirmative Defenses has been filed on March 26, 2010, using this Court's ECF procedure and copies have been served on all known counsel of record by facsimile, hand delivery, electronic mail, or placing same in the United States mail, postage prepaid and properly addressed, this 26th day of March, 2010.

        <u>/s/John W. Joyce</u>