UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 09-2047<br><br>SECTION L<br>JUDGE FALLON<br>MG. JUDGE WILKINSON |

THIS DOCUMENT RELATES TO:

*Sean and Beth Payton, et al. v. Knauf Gips KG, et al.,*
Case No. 09-7628
_____/

### DEFENDANT, TWIN LAKES RESERVE AND GOLF CLUB, INC.'S MOTION TO DISMISS PLAINTIFFS OMNIBUS CLASS ACTION COMPLAINT FILED ON BEHALF OF <u>PLAINTIFFS, DIANA E. GAY AND JAMES M. HENSEN</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, the Defendant Twin Lakes Reserve and Golf Club, Inc. (hereinafter "Twin Lakes") moves to dismiss the Plaintiffs' claims alleged in the Plaintiffs' Omnibus Class Action Complaint (I) filed December 9, 2009 [Dkt. 1] (hereinafter "Federal MDL" or the "Federal MDL action") and shows the Court as follows:

**I.      Introduction and Relevant Procedural History**

This is a civil action in which numerous homeowners and residents allege claims against a wide variety of distributors, suppliers, importers, exporters, broker, builders, developers, contractors, and installers regarding defective Chinese manufactured drywall. (Federal MDL Complaint at 1-2.) Plaintiffs allege claims

of Negligence (Federal MDL Complaint, ¶¶ 2640-2647), Negligence Per Se (Federal MDL Complaint, ¶¶ 2648-2654), Strict Liability (Federal MDL Complaint, ¶¶ 2655-2672), Breach of Express and/or Implied Warranties (Federal MDL Complaint, ¶¶ 2673-2680), Redhibition[1] (Federal MDL Complaint, ¶¶2711-2720), Private Nuisance (Federal MDL Complaint, ¶¶ 2735-2741), Negligent Discharge of a Corrosive Substance (Federal MDL Complaint, ¶¶ 2742-2748), Unjust Enrichment (Federal MDL Complaint, ¶¶ 2749-2752), Violation of Consumer Protection Acts under various state laws (Federal MDL Complaint, ¶¶ 2753-2757), and Equitable and Injunctive Relief and Medical Monitoring (Federal MDL Complaint, ¶¶ 2758-2770).

The Plaintiffs, Diana E. Gay and James Meredith Hensen own property at 105 Twin Lake Circle and 109 Twin Lake Circle, respectively, in Umatilla, Florida. (Federal MDL Complaint, ¶¶ 2044-2045.) The Defendant is a corporation organized and operating in the State of Florida. (Federal MDL Complaint, ¶ 2391.)

In this instance, the Plaintiffs have not and cannot show that the Defendant is subject to the jurisdiction of this Court. In addition, these Plaintiffs are actively prosecuting a civil action in the state court of Florida in which they allege

---

[1] This count is plead by the Louisiana Plaintiffs against all Defendants. Neither Plaintiff, Gay nor Plaintiff, Hensen is a resident of Louisiana. Therefore, this claim does not apply to this Defendant.

duplicative claims against this Defendant arising from the same set of facts. Therefore, the Plaintiffs' claims should be dismissed as to the Defendant, Twin Lakes.

## II. Legal Argument and Citation of Authority

### A. Standard of Review

A motion to dismiss should be granted where the plaintiff cannot show sufficient facts to establish a right to relief. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level"). The Plaintiffs in this instance have not and cannot show that this Defendant is subject to the Court's jurisdiction. Therefore, the Plaintiffs' claims as to this Defendant should be dismissed. <u>Thompson v. Chrysler Motors Corp.</u>, 755 F. 2d 1162, 1165 (5th Cir. 1985).

### B. The Plaintiffs cannot assert jurisdiction over this Defendant.

The Plaintiffs cannot assert any facts or cite to any law that allows this Court to have jurisdiction over this non-resident Defendant. *See* <u>Rush v. Savchuck</u>, 444 U.S. 320, 333, 100 S. Ct. 571, 62 L. Ed. 2d 516 (1980). There has been no allegation that the Defendant has any contacts with the State of Louisiana. In fact, the Defendant has none. The two Plaintiffs are property owners in the State of Florida and the subject properties are in the State of Florida. (Federal MDL

Complaint, ¶¶ 2044-2045.)  The Defendant is a corporation organized and operating in the State of Florida.  (Federal MDL Complaint, ¶ 2391.)  Furthermore, the two Plaintiffs have been pursuing duplicative claims against the Defendant in a state court action in Florida.  A copy of the Complaint deemed filed December 18, 2009, in Gay v. Palm State Construction, Inc., et al., Case No. 2009-CA 004725 in Lake County Circuit Court, Florida is attached hereto as "Exhibit A."  In the Complaint, the Gay Plaintiffs note that:

> Defendant[] Twin Lakes Reserve & Golf Club, Inc… .[is] authorized to conduct and do[es] conduct significant amounts of business in Lake County as well as throughout the State of Florida.  In particular… *a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in Lake County, Florida*.

(Exh. A, ¶ 9) (emphasis added).  Therefore, there is no basis for jurisdiction and the Plaintiffs' claims against this Defendant should be dismissed.

### C. The Federal MDL claims should be dismissed as the Plaintiffs are litigating the same claims against the same Defendants in state court.

As noted supra, the Plaintiffs are also pursuing a civil action in state court in Florida in which they allege duplicative claims against this Defendant.[2]  In Gay v. Palm State Construction, Inc., Case No. 2009-CA-4725, filed in the Circuit Court of the Fifth Judicial Circuit in Lake County, Florida (hereinafter "the State

---

[2]   The Plaintiffs also name Palm State Construction, Inc. in both the state and federal MDL actions.  (Federal MDL Complaint, ¶ 2390; State action Complaint, ¶¶ 9 and 15.)

action"), the Plaintiffs allege damages as a result of the installation of "defective Chinese Drywall."  (Exh. A, ¶¶ 1-7.)  The State action alleges six counts, each of which is also asserted in the Federal MDL action:  Strict Liability (Exh. A, ¶¶ 43-64), Negligence and Negligence Per Se (Exh. A, ¶¶ 65-77), Breach of Express Warranty (Exh. A, ¶¶ 78-87), Breach of Implied Warranty (Exh. A, ¶¶ 88-101), Violation of Florida Deceptive and Unfair Trade Practices Act (Exh. A, 102-112), and "Equitable Relief, Injunctive Relief and Medical Monitoring" (Exh. A, ¶¶ 113-121).

If the Plaintiffs are allowed to continue litigating in the Federal MDL action, the Plaintiffs' efforts in pursing the same claims against the same Defendant in federal court and state court will inevitably result in piecemeal litigation and waste valuable legal resources at both the state and federal levels.  However, this Court may dismiss the Plaintiffs' claims and allow the State action to continue.

In <u>DeVona v. City of Providence</u>, 652 F. Supp. 683 (D.R.I. 1987), the plaintiff filed simultaneous state and federal actions alleging state and federal constitutional violations and state law claims against the defendant and arising from the same set of facts.  *Id.* at 684-685.  The federal court dismissed the plaintiff's federal claims and declined to exercise jurisdiction of the state claims.  *Id.*  The court noted that "piecemeal adjudication would result in a waste of legal resources and unnecessarily burden this court's administrative process."  *Id.* at 688.

In addition, parallel litigation allowed the plaintiff to unfairly evaluate which court would likely give him a better result. *Id.* The court warned that the plaintiff's federal case "might suddenly 'disappear' in favor of a parallel state proceeding" at any time, frustrating the federal court and rendering meaningless any work performed on the federal case to date. *Id.* As a final point, the <u>DeVona</u> court advised that parallel cases create awkward competition between the state and federal courts as both race to beat the other to a final adjudication; the "loser" is bound to the "winner" by res judicata. *Id.*

These same issues are likely if this Court allows the Plaintiffs' claims against this Defendant to proceed in the Federal MDL action. Furthermore, assuming for the sake of argument that jurisdiction in the Federal MDL action is proper, this Defendant will be forced to litigate the same claims in an inconvenient venue instead of in its home state. Finally, the parties have been litigating the State action and are well entrenched in those proceedings. (*See* Lake County (Florida) Clerk of Courts On-Line Docket for Case No. 2009 CA 004725 attached hereto as "Exhibit B.") The parties have amended pleadings, responded to the Complaint, and conducted discovery. (*See generally* Exh. B.) It simply makes more sense to allow the State action to continue to follow its course and to dismiss the Federal MDL claims now in their infancy.

**III.   Conclusion**

The law is clear that the Plaintiffs cannot show that this Defendant is subject to the Court's jurisdiction. Furthermore, the Court has no legal obligation to retain jurisdiction over the Defendant, particularly in light of the Plaintiffs' duplicative, parallel State court action, and prudence and economy dictates that the Federal MDL claims should be dismissed in deference to the parallel state court proceedings.

WHEREFORE, based on the legal arguments and citations of authority above, the Defendant, Twin Lakes Reserve and Golf Club, Inc. asks that this Court grant its Motion to Dismiss and dismiss all claims against it alleged by the Plaintiffs, Diana E. Gay and James Meredith Hensen.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 26th day of March, 2010.

*s/ Gail C. Bradford*
MICHAEL J. ROPER, ESQUIRE
Florida Bar No. 0473227
GAIL C. BRADFORD, ESQUIRE
Florida Bar No. 0295980
BELL AND ROPER, P.A.
2707 East Jefferson Street
Orlando, FL  32803
Telephone:  (407) 897-5150

Facsimile: (407) 897-3332
*Attorneys for Twin Lakes Reserve and Golf Club, Inc.*