UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  CHINESE MANUFACTURED DRYWALL          MDL NO. 09-2047
PRODUCTS LIABILITY LITIGATION

                                                                          SECTION L
                                                                          JUDGE FALLON
                                                                          MG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:

SEAN AND BETH PAYTON, et al.,
vs.
KNAUF GIPS KG., et al.
CASE NO.  2:09-CV-7628
_____/

**ANSWER AND AFFIRMATIVE DEFENSES AND
CROSS-CLAIM OF DEFENDANTS BANNER SUPPLY CO.,
BANNER SUPPLY COMPANY POMPANO, LLC, BANNER SUPPLY COMPANY
FORT MYERS, LLC, BANNER SUPPLY COMPANY TAMPA, LLC
AND BANNER SUPPLY INTERNATIONAL, LLC**

Defendants BANNER SUPPLY CO., BANNER SUPPLY COMPANY POMPANO,

LLC, BANNER SUPPLY COMPANY FORT MYERS, LLC, BANNER SUPPLY COMPANY

TAMPA, LLC, and BANNER SUPPLY INTERNATIONAL, LLC (the "BANNER Entities"),

by and through their undersigned counsel, file this, their Answer and Affirmative Defenses to the

Omnibus Class Action Complaint ("Complaint") filed by Plaintiffs SEAN and BETH PAYTON,

individually, and on behalf of all others similarly situated, and states:

1.       Deny the truth of each and every allegation contained in Paragraphs "1" through

"3" of the Complaint as they relate to the BANNER Entities.

2.       Without knowledge or information sufficient to form a belief as to the truth of

each and every allegation contained in Paragraph "4" of the Complaint as it relates to the

BANNER Entities.

{218429.0005/N0820387_1}

**ADORNO & YOSS LLP**
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

3.       Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "5" through "2,072" of the Complaint as they relate to the BANNER Entities.

4.       Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "2,073" of the Complaint as it relates to the BANNER Entities.

5.       Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "2,074" through "2,084" of the Complaint as they relate to the BANNER Entities.

6.       Admit that BANNER SUPPLY CO. is an entity with a place of business at 7195 N.W. 30th Street, Miami, Florida 33122.  Admit BANNER SUPPLY CO. is organized under the laws of Florida.  Deny the truth of each and every remaining allegation contained in Paragraph "2,085" of the Complaint.

7.       Admit that BANNER SUPPLY COMPANY POMPANO, LLC is an entity with a place of business at 1660 S.W. 13th Court, Pompano Beach, Florida 33069.  Admit that BANNER SUPPLY COMPANY POMPANO, LLC is organized under the laws of Florida.  Deny the truth of each and every remaining allegation contained in Paragraph "2,086" of the Complaint.

8.       Admit that BANNER SUPPLY COMPANY FORT MYERS, LLC is an entity with a place of business at 2910 Cargo Street, Fort Myers, Florida 33916.  Admit that BANNER SUPPLY COMPANY FORT MYERS, LLC is organized under the laws of Florida.  Deny the truth of each and every remaining allegation contained in Paragraph "2,087" of the Complaint.

9.       Admit that BANNER SUPPLY COMPANY TAMPA, LLC is an entity with a place of business at 7195 N.W. 30th Street, Miami, Florida 33122.  Admit that BANNER

{218429.0005/N0820387_1}

2

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

SUPPLY COMPANY TAMPA, LLC is organized under the laws of Florida.  Deny the truth of each and every remaining allegation contained in Paragraph "2,088" of the Complaint.

10.      Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "2,089" of the Complaint as it relates to the BANNER Entities.

11.      Admit that BANNER SUPPLY INTERNATIONAL, LLC is an entity with a place of business at 7195 N.W. 30th Street, Miami, Florida 33122.  Admit that BANNER SUPPLY COMPANY INTERNATIONAL, LLC is organized under the laws of Florida.  Deny the truth of each and every remaining allegation contained in Paragraph "2,090" of the Complaint.

12.      Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "2,091" through "2,525" of the Complaint as they relate to the BANNER Entities.

13.      Admit that BANNER SUPPLY CO.  is an entity with a place of business at 7195 N.W. 30th Street, Miami, Florida 33122.  Admit that BANNER SUPPLY CO. is organized under the laws of Florida.   Deny the truth of each and every remaining allegation contained in Paragraph "2,526" of the Complaint.

14.      Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "2,527" through "2,609" of the Complaint as they relate to the BANNER Entities.

15.      Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "2,610" through "2,613" of the Complaint as they relate to the BANNER Entities.

{218429.0005/N0820387_1}

3

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

16.     Deny the truth of each and every allegation contained in Paragraphs "2,614" through "2,620" of the Complaint as they relate to the BANNER Entities.

17.     Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "2,621" through "2,630" of the Complaint as they relate to the BANNER Entities.

18.     Deny the truth of each and every allegation contained in Paragraphs "2,631" through "2,639" of the Complaint.

19.     As to Paragraph "2,640," the BANNER Entities repeat and reallege their answers to Paragraphs "1" through "2,639" as if fully set forth herein.

20.     Deny the truth of each and every allegation contained in Paragraphs "2,641" through "2,647" of the Complaint as they relate to the BANNER Entities.

21.     As to Paragraph "2,648," the BANNER Entities repeat and reallege their answers to Paragraphs "1" through "2,639" as if fully set forth herein.

22.     Deny the truth of each and every allegation contained in Paragraphs "2,649" through "2,654" of the Complaint as they relate to the BANNER Entities.

23.     As to Paragraph "2,655," the BANNER Entities repeat and reallege their answers to Paragraphs "1" through "2,639" as if fully set forth herein.

24.     Deny the truth of each and every allegation contained in Paragraphs "2,656" through "2,660" of the Complaint as they relate to the BANNER Entities.

25.     Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "2,661" and "2,662" of the Complaint as they relate to the BANNER Entities.

26.     Deny the truth of each and every allegation contained in Paragraph "2,663" of the Complaint as it relates to the BANNER Entities.

Adorno & Yoss LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

27.     Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "2,664" and "2,665" of the Complaint as they relate to the BANNER Entities.

28.     Deny the truth of each and every allegation contained in Paragraph "2,666" of the Complaint as they relate to the BANNER Entities.

29.     Deny the truth of each and every allegation contained in Paragraph "2,667" of the Complaint as it relates to the BANNER Entities.

30.     Deny the truth of each and every allegation contained in Paragraph "2,668" of the Complaint as they relate to the BANNER Entities.

31.     Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "2,669" of the Complaint as they relate to the BANNER Entities.

32.     Deny the truth of each and every allegation contained in Paragraphs "2,670" through "2,672 of the Complaint as they relate to the BANNER Entities.

33.     As to Paragraph "2,673, the BANNER Entities repeat and reallege their answers to Paragraphs "1" through "2,639" as if fully set forth herein.

34.     Deny the truth of each and every allegation contained in Paragraphs "2,674" through "2,680" of the Complaint as they relate to the BANNER Entities.

35.     As to Paragraph "2,681," the BANNER Entities repeat and reallege their answers to Paragraphs "1" through "2,639" as if fully set forth herein.

36.     Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "2,682" or "2,692" of the Complaint as they relate to the BANNER Entities.

{218429.0005/N0820387_1}

5

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

37.     As to Paragraph "2,693," the BANNER Entities repeat and reallege their answers to Paragraphs "1" through "2,639" as if fully set forth herein.

38.     Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "2,694" through "2,699" of the Complaint as they relate to the BANNER Entities.

39.     As to Paragraph "2,700," the BANNER Entities repeat and reallege their answers to Paragraphs "1" through "2,639" as if fully set forth herein.

40.     Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "2,701" through "2,703" of the Complaint as they relate to the BANNER Entities.

41.     As to Paragraph "2,704," the BANNER Entities repeat and reallege their answers to Paragraphs "1" through "2,639" as if fully set forth herein.

42.     Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "2,705" through "2,710" of the Complaint as they relate to the BANNER Entities.

43.     As to Paragraph "2,711," the BANNER Entities repeat and reallege their answers to Paragraphs "1" through "2,639" as if fully set forth herein.

44.     Deny the truth of each and every allegation contained in Paragraphs "2,712" through "2,720" of the Complaint as they relate to the BANNER Entities.

45.     As to Paragraph "2,721," the BANNER Entities repeat and reallege their answers to Paragraphs "1" through "2,639" as if fully set forth herein.

46.     Without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs "2,722" through "2,734" of the Complaint as they relate to the BANNER Entities.

Adorno & Yoss LLP

350 EAST LAS OLAS BLVD.•  SUITE  1700 •  FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

47.     As to Paragraph "2,735," the BANNER Entities repeat and reallege their answers to Paragraphs "1" through "2,639" as if fully set forth herein.

48.     Deny the truth of each and every allegation contained in Paragraphs "2,736" through "2,741" of the Complaint as they relate to the BANNER Entities.

49.     As to Paragraph "2,742," the BANNER Entities repeat and reallege their answers to Paragraphs "1" through "2,639" as if fully set forth herein.

50.     Deny the truth of each and every allegation contained in Paragraphs "2,743" through "2,748" of the Complaint as they relate to the BANNER Entities.

51.     As to Paragraph "2,749," the BANNER Entities repeat and reallege their answers to Paragraphs "1" through "2,639" as if fully set forth herein.

52.     Deny the truth of each and every allegation contained in Paragraphs "2,750" through "2,752" of the Complaint as they relate to the BANNER Entities.

53.     As to Paragraph "2,753," the BANNER Entities repeat and reallege their answers to Paragraphs "1" through "2,639" as if fully set forth herein.

54.     Deny the truth of each and every allegation contained in Paragraphs "2,754" through "2,757" of the Complaint as they relate to the BANNER Entities.

55.     As to Paragraph "2,758," the BANNER Entities repeat and reallege their answers to Paragraphs "1" through "2,639" as if fully set forth herein.

56.     Deny the truth of each and every allegation contained in Paragraphs "2,759" through "2,770" of the Complaint as they relate to the BANNER Entities.

{218429.0005/N0820387_1}

7

Adorno & Yoss LLP
350 EAST LAS OLAS BLVD.• SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

57.     The BANNER Entities affirmatively allege that they are only responsible for their relative degree of culpability as determined by the trier of fact.  Furthermore, the BANNER Entities reserve the right to place on the Jury Verdict Form any parties that may also be culpable for the damages alleged in this action.

## SECOND AFFIRMATIVE DEFENSE

58.     The BANNER Entities affirmatively allege that Plaintiffs' injuries were caused by the negligent actions of one or more third parties not named as defendants in this action and/or who are not in the employment and/or agency of the BANNER Entities and therefore, the Court should apportion a percentage of liability among those non-parties. The BANNER Entities specifically asks that these names as identified in the course of discovery be included on the Jury Verdict Form and that a percentage of negligence be attributed to them in this action.

## THIRD AFFIRMATIVE DEFENSE

59.     The BANNER Entities affirmatively allege that Plaintiffs failed to comply with Chapter 558, Florida Statutes as a condition precedent to bringing this action.

## FOURTH AFFIRMATIVE DEFENSE

60.     The BANNER Entities affirmatively allege that at all times material hereto, Plaintiffs, individually, collectively, and on behalf of others similarly situated, acted in a negligent and careless manner, and as a direct and proximate result of this negligence, are barred from recovery, in whole or in part, against the BANNER Entities on the grounds of comparative negligence.

{218429.0005/N0820387_1}

8

Adorno & Yoss LLP
350 EAST LAS OLAS BLVD. ● SUITE 1700 ● FT. LAUDERDALE, FLORIDA 33301 ● TELEPHONE 954-763-1200 ● FAX 954-766-7800

## FIFTH AFFIRMATIVE DEFENSE

61.     The BANNER Entities affirmatively allege that they are entitled to a credit and/or set-off from any benefits, collateral sources, or other sources of set-offs or recoupment, paid or payable to Plaintiffs.

## SIXTH AFFIRMATIVE DEFENSE

62.     The BANNER Entities affirmatively allege that the incident alleged by Plaintiffs herein was unforeseeable to the BANNER Entities and therefore, the BANNER Entities had neither a duty nor an opportunity to prevent same.

## SEVENTH AFFIRMATIVE DEFENSE

63.     The BANNER Entities affirmatively allege that there is no connection between Plaintiffs' damages or injuries and any alleged negligence on the part of the BANNER Entities, and therefore, Plaintiffs are not entitled to recover due to the absence of proximate cause.

## EIGHTH AFFIRMATIVE DEFENSE

64.     The BANNER Entities affirmatively allege that at all times material hereto, they acted within its contractual and/or statutory rights, and pursuant to state and federal law.

## NINTH AFFIRMATIVE DEFENSE

65.     The BANNER Entities affirmatively allege that the Drywall was altered and/or otherwise substantively changed by Plaintiffs and/or by third parties.

## TENTH AFFIRMATIVE DEFENSE

66.     The BANNER Entities affirmatively allege superseding cause.

## ELEVENTH AFFIRMATIVE DEFENSE

67.     The BANNER Entities affirmatively allege that Plaintiffs' damages were caused by an intervening cause.

Adorno & Yoss LLP

350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

## TWELFTH AFFIRMATIVE DEFENSE

68.     The BANNER Entities affirmatively allege that Plaintiffs' claims are barred, in whole or in part, as Defendants have not violated a penal statute designed to protect a class of Plaintiffs of which Plaintiffs are member.

## THIRTEENTH AFFIRMATIVE DEFENSE

69.     The BANNER Entities affirmatively allege that Plaintiffs failed to join one or more necessary parties.

## FOURTEENTH AFFIRMATIVE DEFENSE

70.     The BANNER Entities affirmatively allege that Plaintiffs' claims are barred by the applicable statute of limitations.

## FIFTEENTH AFFIRMATIVE DEFENSE

71.     The BANNER Entities affirmatively allege that Plaintiffs' claims are time-barred due to the equitable doctrine of latches.

## SIXTEENTH AFFIRMATIVE DEFENSE

72.     The BANNER Entities affirmatively allege that Plaintiffs have failed to mitigate their damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

73.     The BANNER Entities affirmatively allege that Plaintiffs' claims are barred, in whole or in part, due to Plaintiffs' lack of standing.

## EIGHTEENTH AFFIRMATIVE DEFENSE

74.     The BANNER Entities affirmatively allege that Plaintiffs' claims are barred due to this Court's lack of personal jurisdiction over the BANNER Entities.

Adorno & Yoss LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

## NINETEENTH AFFIRMATIVE DEFENSE

75.     The BANNER Entities affirmatively allege that Plaintiffs' claims are barred due to improper venue pursuant to 28 U.S.C. § 1391.

## TWENTIETH AFFIRMATIVE DEFENSE

76.     The BANNER Entities affirmatively allege that Plaintiffs' claims are barred, in whole or in part, Plaintiffs' lack of privity with the BANNER Entities.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

77.     The BANNER Entities affirmatively allege that Plaintiffs' claims are barred, in whole or in part, for failure to state a cause of action against the BANNER Entities and failure to state sufficient facts upon which the relief demanded can be granted.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

78.     The BANNER Entities affirmatively allege that Plaintiffs' claim for nuisance is barred because BANNER Entities cannot abate the alleged nuisance, as the drywall is no longer in the BANNER Entities' dominion, custody, or control.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

79.     The BANNER Entities affirmatively allege that Plaintiffs' claim for violation of the Florida Deceptive and Unfair Trade Practices Act is barred by Section 501.212(03), *Florida Statutes*.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

80.     The BANNER Entities affirmatively allege that any alleged defect in the drywall was not present at the time it left BANNER Entities' possession.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

81.     The BANNER Entities affirmatively allege that to their knowledge, all drywall they provided for Plaintiffs' use met or exceeded all applicable industry standards at the time.

{218429.0005/N0820387_1}

11

Adorno & Yoss LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

82.     The BANNER Entities affirmatively allege that Plaintiffs' claims are barred by the doctrines of waiver, estoppel, and ratification.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

83.     The BANNER Entities affirmatively allege that Plaintiffs' claims are barred, in whole or in part, because BANNER Entities had no fiduciary relationship with Plaintiffs.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

84.     The BANNER Entities affirmatively allege that Plaintiffs' claims are barred, in whole or in part, as they had no knowledge of the alleged drywall defect when the drywall was placed into the stream of commerce by the BANNER Entities.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

85.     The BANNER Entities affirmatively allege that Plaintiffs' claims are barred, in whole or in part, for failure of consideration.

## THIRTIETH AFFIRMATIVE DEFENSE

86.     The BANNER Entities affirmatively allege that Plaintiffs' claims are barred, in whole or in part, as Plaintiffs were not an intended third party beneficiaries of any warranty given by the BANNER Entities.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

87.     The BANNER Entities affirmatively allege that Plaintiffs' claims are barred, in whole or in part, as the drywall at issue was used for its usual, and not an unusual, purpose.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

88.     The BANNER Entities affirmatively allege that Plaintiffs' claims are barred, in whole or in part, as the drywall at issue are a structural improvement to real property.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

89.     The BANNER Entities affirmatively allege that Plaintiffs' claim for attorneys' fees and costs are barred, as Plaintiffs never entered into any contracts with the BANNER Entities providing for an award of attorneys' fees and costs.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

90.     The BANNER Entities affirmatively allege that Plaintiffs' claim for attorneys' fees and costs are barred, as Plaintiffs' claims do not arise under a statute which provides for an award of attorneys' fees and costs.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

91.     The BANNER Entities affirmatively allege that the named Plaintiffs are inadequate class representatives and their counsel is inadequate due to their participation in other similar pending class actions involving the same parties and issues.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

92.     The BANNER Entities affirmatively allege that this action is not suitable for class action status pursuant to Federal Rule of Civil Procedure 23.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

93.     The BANNER Entities affirmatively allege that any claims against them are subject to and governed by Florida law.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

94.     The BANNER Entities affirmatively allege that they are only responsible for their relative degree of culpability as determined by the trier of fact pursuant to the *Fabre* Doctrine as set forth in *Fabre v. Marin,* 623 So.2d 1182 (Fla. 1993) and Section 768.81, Florida Statutes; furthermore, the BANNER Entities reserve the right to place on the Jury Verdict Form any parties that may also be culpable for the damages alleged in this action.

Adorno & Yoss LLP

350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

## THIRTY-NINTH AFFIRMATIVE DEFENSE

95.     The BANNER Entities affirmatively allege that Plaintiffs' injuries were caused by the negligent actions of one or more third parties not named as defendants in this action and/or who are not in the employment and/or agency of the BANNER Entities and therefore, the Court should apportion a percentage of liability among those non-parties pursuant to *Fabre v. Marin,* 623 So.2d 1182 (Fla. 1993).   The BANNER Entities specifically ask that these names as identified in the course of discovery be included on the Jury Verdict Form and that a percentage of negligence be attributed to them in this action.

96.     The BANNER Entities reserve the right to supplement their affirmative defenses to Plaintiffs' Complaint as additional facts and/or information are discovered.

## CROSSCLAIM

Defendants/Crossclaim-Plaintiffs  BANNER  SUPPLY  CO.,  BANNER  SUPPLY COMPANY POMPANO, LLC, BANNER SUPPLY COMPANY FORT MYERS, LLC, BANNER SUPPLY COMPANY TAMPA, LLC, and BANNER SUPPLY INTERNATIONAL, LLC ("BANNER Entities"), through their undersigned counsel, hereby file their Crossclaim against  Crossclaim-Defendants  KNAUF  GIPS  KG  ("KNAUF  GIPS"),  KNAUF PLASTERBOARD  TIANJIN  CO.,  LTD.  ("KNAUF  TIANJIN"),  ROTHCHILT INTERNATIONAL LTD. ("ROTHCHILT"), LA SUPREMA TRADING, INC. ("LST"), and LA SUPREMA ENTERPRISE, INC. ("LSE"), and state as follows:

## GENERAL ALLEGATIONS

1.     This is an action for indemnification and for damages and is within the monetary jurisdiction of this Court.

{218429.0005/N0820387_1}

14

Adorno & Yoss LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

2.      The BANNER Entities have been named as defendants in the above-styled action wherein it is alleged by Plaintiffs that the drywall supplied by the BANNER Entities was defective and caused damages to Plaintiffs.  (*See* Complaint)

3.      The BANNER Entities have denied any liability owing to Plaintiffs or any such class of plaintiffs, should a class be certified.  The BANNER Entities' Answer to the Complaint, above, is incorporated herein.

4.      This Crossclaim arises from the same transactions or occurrences as Plaintiffs' action.  Accordingly, should this Court determine that it has jurisdiction and proper venue over Plaintiffs' action, this Court shall have jurisdiction and proper venue over the instant Crossclaim and the named Crossclaim-Defendants.

5.      All conditions precedent to the filing of this Crossclaim have been performed, excused, or otherwise waived.

### COUNT I – INDEMNITY
### (AGAINST KNAUF GIPS )

6.      The BANNER Entities repeat and reallege each and every allegation contained in Paragraphs "1" through "5" above, with the same force and effect as if set forth fully herein.

7.      The BANNER Entities are wholly without fault for Plaintiffs' damages as alleged herein because they had no involvement in manufacturing the allegedly defective drywall (the "Drywall") in Plaintiffs' homes.

8.      A special relationship existed between the BANNER Entities and KNAUF GIPS by virtue of the respective duties undertaken by KNAUF GIPS to distribute drywall that is free of defects and safe for construction of residential housing.

{218429.0005/N0820387_1}

15

Adorno & Yoss LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

9.      KNAUF GIPS is at fault for its failure to reasonably manufacture, design, and sell the Drywall and insure that it was reasonably safe, free of defects, and safe for construction of residential housing.

10.     To the extent Plaintiffs seek to hold the BANNER Entities liable, such liability is vicarious, constructive, derivative and/or technical, arising out of the negligent conduct of KNAUF GIPS.

11.     As a direct and proximate cause of the negligence of KNAUF GIPS, the BANNER Entities have suffered damages, which continue to accrue.

12.     The BANNER Entities are entitled to recover their reasonable attorneys' fees pursuant to the wrongful act doctrine.  Specifically, the BANNER Entities involvement in the instant action is due solely to KNAUF GIPS' wrongful acts, as more specifically described in the Complaint.  As a result of KNAUF GIPS' actions, the BANNER Entities have been forced to incur significant expenses to defend Plaintiffs' claims and protect their interests.

WHEREFORE, BANNER SUPPLY CO., BANNER SUPPLY COMPANY POMPANO, LLC, BANNER SUPPLY COMPANY FORT MYERS, LLC, BANNER SUPPLY COMPANY TAMPA, LLC, and BANNER SUPPLY INTERNATIONAL, LLC., demand judgment against Crossclaim-Defendant KNAUF GIPS for common law indemnification, together with attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT II – INDEMNITY
## (AGAINST KNAUF TIANJIN)

13.     The BANNER Entities repeat and reallege each and every allegation contained in Paragraphs "1" through "5" above, with the same force and effect as if set forth fully herein.

{218429.0005/N0820387_1}

16

Adorno & Yoss LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

14. The BANNER Entities are wholly without fault for Plaintiffs' damages as alleged herein because they had no involvement in manufacturing the allegedly defective drywall (the "Drywall") in Plaintiffs' homes.

15. A special relationship existed between the BANNER Entities and KNAUF TIANJIN by virtue of the respective duties undertaken by KNAUF TIANJIN to distribute drywall that is free of defects and safe for construction of residential housing.

16. KNAUF TIANJIN is at fault for its failure to reasonably manufacture, design, and sell the Drywall and insure that it was reasonably safe, free of defects, and safe for construction of residential housing.

17. To the extent Plaintiffs seek to hold the BANNER Entities liable, such liability is vicarious, constructive, derivative and/or technical, arising out of the negligent conduct of KNAUF TIANJIN.

18. As a direct and proximate cause of the negligence of KNAUF TIANJIN, the BANNER Entities have suffered damages, which continue to accrue.

19. The BANNER Entities are entitled to recover their reasonable attorneys' fees pursuant to the wrongful act doctrine. Specifically, the BANNER Entities' involvement in the instant action is due solely to KNAUF TIANJIN's wrongful acts, as more specifically described in the Complaint. As a result of KNAUF TIANJIN's actions, the BANNER Entities have been forced to incur significant expenses to defend Plaintiffs' claims and protect their interests.

WHEREFORE, BANNER SUPPLY CO., BANNER SUPPLY COMPANY POMPANO, LLC, BANNER SUPPLY COMPANY FORT MYERS, LLC, BANNER SUPPLY COMPANY TAMPA, LLC, and BANNER SUPPLY INTERNATIONAL, LLC, demand judgment against Crossclaim-Defendant KNAUF PLASTERBOARD TIANJIN CO. LTD. for common law

{218429.0005/N0820387_1}

17

Adorno & Yoss LLP

350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

indemnification, together with attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

**COUNT III – INDEMNITY**
**(AGAINST ROTHCHILT)**

20.     The BANNER Entities repeat and reallege each and every allegation contained in Paragraphs "1" through "5" above, with the same force and effect as if set forth fully herein.

21.     The BANNER Entities are wholly without fault for Plaintiffs' damages as alleged herein because they had no involvement in manufacturing the allegedly defective drywall (the "Drywall") in Plaintiffs' homes.

22.     A special relationship existed between the BANNER Entities and ROTHCHILT by virtue of the respective duties undertaken by ROTHCHILT to distribute drywall that is free of defects and safe for construction of residential housing.

23.     ROTHCHILT is at fault for its failure to reasonably inspect the Drywall and insure that it was reasonably safe, free of defects, and safe for construction of residential housing.

24.     To the extent Plaintiffs seek to hold the BANNER Entities liable, such liability is vicarious, constructive, derivative and/or technical, arising out of the negligent conduct of ROTHCHILT.

25.     As a direct and proximate cause of the negligence of ROTHCHILT, the BANNER Entities have suffered damages, which continue to accrue.

26.     The BANNER Entities are entitled to recover their reasonable attorneys' fees pursuant to the wrongful act doctrine. Specifically, the BANNER Entities' involvement in the instant action is due solely to ROTHCHILT's wrongful acts, as more specifically described in

the Complaint.  As a result of ROTHCHILT's actions, the BANNER Entities have been forced to incur significant expenses to defend Plaintiffs' claims and protect its interest.

WHEREFORE, BANNER SUPPLY CO., BANNER SUPPLY COMPANY POMPANO, LLC, BANNER SUPPLY COMPANY FORT MYERS, LLC, BANNER SUPPLY COMPANY TAMPA, LLC, and BANNER SUPPLY INTERNATIONAL, LLC demand judgment against Crossclaim-Defendant ROTHCHILT INTERNATIONAL LTD. for common law indemnification, together with attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

### COUNT IV – INDEMNITY
### (AGAINST LA SUPREMA TRADING, INC.)

27.     The BANNER Entities repeat and reallege each and every allegation contained in Paragraphs "1" through "5" above, with the same force and effect as if set forth fully herein. The BANNER Entities are wholly without fault for Plaintiffs' damages as alleged herein because they had no involvement in manufacturing the allegedly defective drywall (the "Drywall") in Plaintiffs' homes.

28.     A special relationship existed between the BANNER Entities and LST by virtue of the respective duties undertaken by LST to distribute drywall that is free of defects and safe for construction of residential housing.

29.     LST is at fault for its failure to reasonably inspect the Drywall and insure that it was reasonably safe, free of defects, and safe for construction of residential housing.

30.     To the extent Plaintiffs seek to hold the BANNER Entities liable, such liability is vicarious, constructive, derivative and/or technical, arising out of the negligent conduct of LST. As a direct and proximate cause of the negligence of LST, the BANNER Entities have suffered damages, which continue to accrue.

{218429.0005/N0820387_1}

19
Adorno & Yoss LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

31.     The BANNER Entities are entitled to recover their reasonable attorneys' fees pursuant to the wrongful act doctrine.  Specifically, the BANNER Entities' involvement in the instant action is due solely to LST's wrongful acts, as more specifically described in the Complaint.  As a result of LST's actions, the BANNER Entities have been forced to incur significant expenses to defend Plaintiffs' claims and protect their interests.

WHEREFORE, BANNER SUPPLY CO., BANNER SUPPLY COMPANY POMPANO, LLC, BANNER SUPPLY COMPANY FORT MYERS, LLC, BANNER SUPPLY COMPANY TAMPA, LLC, and BANNER SUPPLY INTERNATIONAL, LLC, demand judgment against Crossclaim-Defendant LA SUPREMA TRADING, INC. for common law indemnification, together with attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

### COUNT V – INDEMNITY
### (AGAINST LA SUPREMA ENTERPRISE, INC.)

32.     The BANNER Entities repeat and reallege each and every allegation contained in Paragraphs "1" through "5" above, with the same force and effect as if set forth fully herein. The BANNER Entities are wholly without fault for Plaintiffs' damages as alleged herein because they had no involvement in manufacturing the allegedly defective drywall (the "Drywall") in Plaintiffs' homes.

33.     A special relationship existed between the BANNER Entities and LSE by virtue of the respective duties undertaken by LSE to distribute drywall that is free of defects and safe for construction of residential housing.

34.     LSE is at fault for its failure to reasonably inspect the Drywall and insure that it was reasonably safe, free of defects, and safe for construction of residential housing.

35.     To the extent Plaintiffs seeks to hold the BANNER Entities liable, such liability is vicarious, constructive, derivative and/or technical, arising out of the negligent conduct of LSE. As a direct and proximate cause of the negligence of LSE, the BANNER Entities have suffered damages, which continue to accrue.

36.     The BANNER Entities are entitled to recover their reasonable attorneys' fees pursuant to the wrongful act doctrine.  Specifically, the BANNER Entities' involvement in the instant action is due solely to LSE's wrongful acts, as more specifically described in the Complaint.  As a result of LSE's actions, the BANNER Entities have been forced to incur significant expenses to defend Plaintiffs' claims and protect their interests.

WHEREFORE, BANNER SUPPLY CO., BANNER SUPPLY COMPANY POMPANO, LLC, BANNER SUPPLY COMPANY FORT MYERS, LLC, BANNER SUPPLY COMPANY TAMPA, LLC, and BANNER SUPPLY INTERNATIONAL, LLC, demand judgment against Crossclaim-Defendant LA SUPREMA ENTERPRISE, INC. for common law indemnification, together with attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

**ADORNO & YOSS LLP**

By: /s/Jeffrey A. Backman
Jan Douglas Atlas
Florida Bar Number:  226246
Jeffrey A. Backman
Florida Bar Number:  0662501
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, Florida 33301-4217
Phone:  (954) 763-1200
Fax:  (954) 766-7800
*Attorneys for Defendants the Banner Entities*

{218429.0005/N0820387_1}

21
ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the above and foregoing has been served on Liaison Counsel by e-mail and upon all Chinese Dry Wall parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 6, on this 26th day of March, 2010.  I further certify that the above and foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 26th day of March, 2010.


By: /s/Jeffrey A. Backman_____