## COUNT XI
## PRIVATE NUISANCE
### (All Defendants)

2735.

Home Depot repeats and realleges its responses to paragraphs 1-2734 as if fully set forth herein.

2736.

To the extent the allegations in this paragraph are directed at Home Depot, the allegations are denied. To the extent the allegations in this paragraph are not directed at Home Depot, no response from Home Depot is required.

2737.

To the extent the allegations in this paragraph are directed at Home Depot, the allegations are denied. To the extent the allegations in this paragraph are not directed at Home Depot, no response from Home Depot is required.

2738.

To the extent the allegations in this paragraph are directed at Home Depot, the allegations are denied. To the extent the allegations in this paragraph are not directed at Home Depot, no response from Home Depot is required.

2739.

To the extent the allegations in this paragraph are directed at Home Depot, the allegations are denied. To the extent the allegations in this paragraph are not directed at Home Depot, no response from Home Depot is required.

2740.

To the extent the allegations in this paragraph are directed at Home Depot, the allegations are denied. To the extent the allegations in this paragraph are not directed at Home Depot, no response from Home Depot is required.

2741.

To the extent the allegations in this paragraph are directed at Home Depot, the allegations are denied. To the extent the allegations in this paragraph are not directed at Home Depot, no response from Home Depot is required.

## COUNT XII
## NEGLIGENT DISCHARGE OF A CORROSIVE SUBSTANCE
### (All Defendants)

2742.

Home Depot repeats and realleges its responses to paragraphs 1-2741 as if fully set forth herein.

2743.

To the extent the allegations in this paragraph are directed at Home Depot, the allegations are denied. To the extent the allegations in this paragraph are not directed at Home Depot, no response from Home Depot is required.

2744.

To the extent the allegations in this paragraph are directed at Home Depot, the allegations are denied. To the extent the allegations in this paragraph are not directed at Home Depot, no response from Home Depot is required.

2745.

To the extent the allegations in this paragraph are directed at Home Depot, the allegations are denied. To the extent the allegations in this paragraph are not directed at Home Depot, no response from Home Depot is required.

2746.

To the extent the allegations in this paragraph are directed at Home Depot, the allegations are denied. To the extent the allegations in this paragraph are not directed at Home Depot, no response from Home Depot is required.

2747.

To the extent the allegations in this paragraph are directed at Home Depot, the allegations are denied. To the extent the allegations in this paragraph are not directed at Home Depot, no response from Home Depot is required.

2748.

To the extent the allegations in this paragraph are directed at Home Depot, the allegations are denied. To the extent the allegations in this paragraph are not directed at Home Depot, no response from Home Depot is required.

**COUNT XIII**
**UNJUST ENRICHMENT**
**(All Defendants)**

2749.

Home Depot repeats and realleges its responses to paragraphs 1-2748 as if fully set forth herein.

2750.

To the extent the allegations in this paragraph are directed at Home Depot, the allegations are denied. To the extent the allegations in this paragraph are not directed at Home Depot, no response from Home Depot is required.

2751.

To the extent the allegations in this paragraph are directed at Home Depot, the allegations are denied. To the extent the allegations in this paragraph are not directed at Home Depot, no response from Home Depot is required.

2752.

To the extent the allegations in this paragraph are directed at Home Depot, the allegations are denied. To the extent the allegations in this paragraph are not directed at Home Depot, no response from Home Depot is required.

**COUNT XIV**
**VIOLATION OF CONSUMER PROTECTION ACTS**
**(All Defendants)**

2753.

Home Depot repeats and realleges its responses to paragraphs 1-2753 as if fully set forth herein.

2754.

The allegations in this paragraph are not directed at Home Depot, and thus no response from Home Depot is required. To the extent a response to those allegations is required from Home Depot, Home Depot lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph that pertain to other defendants and, therefore, denies them.

2755.

The allegations in this paragraph are not directed at Home Depot, and thus no response from Home Depot is required. To the extent a response to those allegations is required from Home Depot, Home Depot lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph that pertain to other defendants and, therefore, denies them.

2756.

The allegations in this paragraph are not directed at Home Depot, and thus no response from Home Depot is required. To the extent a response to those allegations is required from Home Depot, Home Depot lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph that pertain to other defendants and, therefore, denies them.

2757.

The allegations in this paragraph are not directed at Home Depot, and thus no response from Home Depot is required. To the extent a response to those allegations is required from Home Depot, Home Depot lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph that pertain to other defendants and, therefore, denies them.

**COUNT XV**
**EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING**
**(All Defendants)**

2758.

Home Depot repeats and realleges its responses to paragraphs 1-2757 as if fully set forth herein.

2759.

To the extent the allegations in this paragraph are directed at Home Depot, the allegations are denied. To the extent the allegations in this paragraph are not directed at Home Depot, no response from Home Depot is required.

2760.

To the extent the allegations in this paragraph are directed at Home Depot, the allegations are denied. To the extent the allegations in this paragraph are not directed at Home Depot, no response from Home Depot is required.

2761.

To the extent the allegations in this paragraph are directed at Home Depot, the allegations are denied. To the extent the allegations in this paragraph are not directed at Home Depot, no response from Home Depot is required.

2762.

To the extent the allegations in this paragraph are directed at Home Depot, the allegations are denied. To the extent the allegations in this paragraph are not directed at Home Depot, no response from Home Depot is required.

2763.

To the extent the allegations in this paragraph are directed at Home Depot, the allegations are denied. To the extent the allegations in this paragraph are not directed at Home Depot, no response from Home Depot is required.

1011960v.1

2764.

To the extent the allegations in this paragraph are directed at Home Depot, the allegations are denied. To the extent the allegations in this paragraph are not directed at Home Depot, no response from Home Depot is required.

2765.

To the extent the allegations in this paragraph are directed at Home Depot, the allegations are denied. To the extent the allegations in this paragraph are not directed at Home Depot, no response from Home Depot is required.

2766.

To the extent the allegations in this paragraph are directed at Home Depot, the allegations are denied. To the extent the allegations in this paragraph are not directed at Home Depot, no response from Home Depot is required.

2767.

To the extent the allegations in this paragraph are directed at Home Depot, the allegations are denied. To the extent the allegations in this paragraph are not directed at Home Depot, no response from Home Depot is required.

2768.

To the extent the allegations in this paragraph are directed at Home Depot, the allegations are denied. To the extent the allegations in this paragraph are not directed at Home Depot, no response from Home Depot is required.

2769.

To the extent the allegations in this paragraph are directed at Home Depot, the allegations are denied. To the extent the allegations in this paragraph are not directed at Home Depot, no response from Home Depot is required.

2770.

To the extent the allegations in this paragraph are directed at Home Depot, the allegations are denied. To the extent the allegations in this paragraph are not directed at Home Depot, no response from Home Depot is required.

Home Depot denies all of the allegations in the Complaint not expressly herein admitted, denied, or neither admitted nor denied for lack of information or knowledge sufficient to form a belief as to the truth or falsity of the allegations.

## JURY DEMAND

Home Depot hereby demands trial by jury on any and all Counts and defenses so triable.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiffs, Home Depot further pleads the following defenses to both the individual and class claims contained in the Complaint.

### First Defense

The Complaint fails to state a claim for relief upon which relief can be granted.

### Second Defense

Any loss or damage claimed by Plaintiffs is not the consequence of any actionable conduct by Home Depot.

### Third Defense

Plaintiffs' claims are barred, in whole or in part, because the alleged damages, if any, are speculative and cannot be calculated with reasonable certainty.

### Fourth Defense

Plaintiffs' claims are barred in whole or in part by the doctrines of laches, waiver, and/or estoppel.

### Fifth Defense

Plaintiffs' claims are barred by the applicable statutes of limitations and prescription and peremption periods.

### Sixth Defense

Plaintiffs' claims are barred because Home Depot is not a real party in interest.

### Seventh Defense

Plaintiffs' claims are barred because Plaintiffs have not acted with reasonable diligence and have not mitigated their damages, if any.

### Eighth Defense

Plaintiffs are not in privity of contract with Home Depot.

### Ninth Defense

Plaintiffs failed to give Home Depot notice within a reasonable time after they discovered or should have discovered any alleged breach and/or failed to give Home Depot

reasonable opportunities to cure the alleged defect. Alternatively, any notice provided by Plaintiffs was insufficient and/or untimely.

### Tenth Defense

Home Depot made no express or implied warranties to Plaintiffs.

### Eleventh Defense

Plaintiffs' claims are barred because some and/or all of any express or implied warranties were disclaimed and/or expired.

### Twelfth Defense

This case is not suitable for class treatment. Plaintiffs have failed to allege adequately all of the elements necessary to establish a valid class action under Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs are not appropriate class representatives because their claims are not common and/or typical of the claims of the other purported class members. Plaintiffs' claims are inappropriate for class treatment because there are no common questions of law or fact, the alleged common questions do not predominate over individual issues raised by Plaintiffs' claims, and Plaintiffs would not adequately represent the members of the putative class.

### Thirteenth Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered any damage as a result of any matter alleged in the Complaint.

### Fourteenth Defense

Plaintiffs' claims are barred to the extent they have failed to satisfy any condition precedent to suit under applicable law.

### Fifteenth Defense

Plaintiffs' negligence-based claims fail because Home Depot owed no duty of care to Plaintiffs.

### Sixteenth Defense

Plaintiffs are not entitled to injunctive relief. Plaintiffs have an adequate remedy at law and will not be harmed or prejudiced in the absence of an injunction. Plaintiffs cannot show a likelihood that they will suffer any future injury from Home Depot. There is no likelihood that Plaintiffs' rights will be violated in the future.

### Seventeenth Defense

Home Depot denies the material allegations of the Complaint and demands strict proof thereof.

### Eighteenth Defense

Plaintiffs are not entitled to any attorneys' fees, costs, or expenses.

### Nineteenth Defense

Plaintiffs' claim is barred to the extent Plaintiffs seek damages, including punitive damages, that are excessive and in violation of the Fourteenth Amendment to the United States Constitution.

1011960v.1

### Twentieth Defense

Plaintiffs' claim for punitive damages is barred by the applicable laws of the relevant states.

### Twenty-First Defense

Plaintiffs' claims are barred to the extent Plaintiffs seek application of one state's law to the purported claims of the members of the putative nationwide class because such application would violate due process. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 821-822 (1985).

### Twenty-Second Defense

Home Depot's right to due process is violated by Plaintiffs' claims proceeding among 529 individual putative subclasses because Home Depot is denied notice of the claims against it and an opportunity to be heard.

### Twenty-Third Defense

Home Depot's right to a jury trial as guaranteed to it under the 7th Amendment of the United States Constitution is violated by Plaintiffs' claims proceeding among 529 individual putative subclasses.

### Twenty-Fourth Defense

In the alternative, Plaintiffs' claims against Home Depot are barred to the extent that Home Depot had no notice or knowledge that any product was defective or not suitable for the purposes for which it was sold.

### Twenty-Fifth Defense

Venue as to the claims asserted against Home Depot is improper.

### Twenty-Sixth Defense

The claims asserted against Home Depot have been improperly cumulated with other claims.

### Twenty-Seventh Defense

The claims asserted against Home Depot as to the construction of new homes are barred by the exclusivity provisions and time periods of the New Home Warranty Acts of the respective states.

### Twenty-Eighth Defense

The claims asserted against Home Depot are barred to the extent that Plaintiffs have waived any such claims by contract or by operation of law and/or such claims are deemed by operation of law to have been extinguished or otherwise merged.

### Twenty-Ninth Defense

Any loss or damage claimed by Plaintiffs is the fault of third parties for whom Home Depot is not liable.

### Thirtieth Defense

In the alternative, and only in the event that Home Depot is determined to be liable to Plaintiffs, which is denied, then Home Depot is entitled to an offset of any amount as to which delivery of the product in question avoided plaintiffs' loss and expense and/or plaintiffs have otherwise been compensated for losses.

### Thirty-First Defense

Plaintiffs' claims of unfair trade practices and consumer protection violations are barred to the extent the applicable statutes bar such claims when brought in a representative capacity.

### Thirty-Second Defense

Recovery of some or all of the damages alleged to have been sustained by Plaintiffs are barred by the economic loss doctrine or its common law or statutory equivalent.

### Thirty-Third Defense

Home Depot hereby gives notice that it intends to rely upon any other defense that may become available or appear during the proceedings or discovery in this case and hereby reserves its right to supplement and amend its Answer and Defenses to assert any such defense.

WHEREFORE, having fully answered Plaintiffs' Complaint, Home Depot denies that the Plaintiffs are entitled to any of the relief requested in the paragraph entitled "Prayer for Relief" set out at the end of "Plaintiffs Omnibus Class Action Complaint (I)" and prays as follows:

    (a)    that judgment be entered for Home Depot and against Plaintiffs;

    (b)    that the Complaint be dismissed with prejudice;

1011960v.1

      (c)    that costs be adjudged against Plaintiffs; and

      (d)    that any and all further legal and equitable relief available to Home Depot be granted.

Dated: March 26, 2010

          Respectfully submitted,

          */s/Carmelite S. Bertaut*
          Carmelite S. Bertaut, 3054
            cbertaut@stonepigman.com
          Jackie M. McCreary, 28676
            jmccreary@stonepigman.com
          STONE PIGMAN WALTHER WITTMANN L.L.C.
          546 Carondelet Street
          New Orleans, Louisiana 70130
          Phone: 504-581-3200
          Fax:    504-581-3361

          *Counsel for The Home Depot, U.S.A., Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Answer and Defenses to Plaintiffs' Omnibus Class Action Complaint (I) has been served on Liaison Counsel by hand delivery and e-mail and upon all Chinese Dry Wall parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 6, on this 26th day of March, 2010.

I further certify that the above and foregoing Answer and Defenses to Plaintiffs' Omnibus Class Action Complaint (I) was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 26th day of March, 2010.

*/s/Carmelite M. Bertaut*

1011960v.1