IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL. NO: 2047

SECTION: L

(Relates to 2:09-cv-7628)

JUDGE FALLON
MAG. JUDGE WILKINSON

## Answer and Defenses of O'Neal-Holliman Corporation

COMES NOW the separate Defendant O'Neal-Holliman Corporation, through counsel, and responds to the allegations presented in Plaintiffs' Complaint, including specifically those claims presented by Plaintiffs James and Barbara Bennett, Jason and Felicia Bourgeois, Curt and Carrie Hansen, Debbie Mailhes, Lisa McQueen and Brandi Bollinger, Madeline Deano, Frank Mumphrey and Gail Arcement, Michael and Wendy Roberts, Marshall Knight, Sr. and Christopher Whitfield, as follows:

FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted and it should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

SECOND DEFENSE

The separate Defendant is not subject to personal jurisdiction and the Complaint should be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

THIRD DEFENSE

The Complaint fails to articulate a basis for subject matter jurisdiction in this Court

and the Complaint should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

FOURTH DEFENSE

Venue is improper in this Court and the Complaint should be dismissed pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.

The Defendant generally denies all of the averments contained in the Complaint, and each paragraph and subparagraph thereof, except such designated averments, paragraphs or subparagraphs, as are expressly set forth to the contrary more fully herein below pursuant to Rule 8(b) of the Federal Rules of Civil Procedure.

**AND NOW**,  without waiving any of the above-referenced defenses, Defendant responds to each and every numbered paragraph in Plaintiff's Complaint, as follows, to-wit:

The separate Defendant generally denies the allegations of the unnumbered introductory paragraph of the Complaint, including specifically Plaintiffs' assertion of class status and all allegations of liability made by any Plaintiffs as they relate to this separate Defendant.

Jurisdiction, Parties and Venue

1.      Denied.  The Plaintiffs asserting claims against the separate Defendant are citizens of Mississippi.  The separate Defendant is likewise a citizen of Mississippi.  There is therefore incomplete diversity.

2.      Denied.

3.      Denied.  Neither the separate Defendant or the party or parties making claims

against it reside in this jurisdiction, none of the property that is the subject of this action is situated in this district and none of the events allegedly giving rise to a right of action against this separate Defendant occurred in this district.  Venue is not otherwise appropriate pursuant to 28 U.S.C. § 1407 as the claim against the separate Defendant did not originate in another district and such action would have been improperly filed in federal court even if it had for the reasons recounted herein and above.

<u>Plaintiffs</u>

4.      The statements of Paragraph 4 require no response.

5-36.   The Plaintiffs listed in these paragraphs state no apparent claim against this Defendant and no response is required.  To the extent a response is required, the allegations are denied for lack of sufficient information to form a belief.

37.     The statements of this paragraph are admitted.  To the extent any allegations against this Defendant are inferred or intended, same are denied.

38.     The statements of this paragraph are admitted.  To the extent any allegations against this Defendant are inferred or intended, same are denied.

39.     The Plaintiffs listed in this paragraph states no apparent claim against this Defendant and no response is required.  To the extent a response is required, the allegations are denied for lack of sufficient information to form a belief.

40.     The statements of this paragraph are admitted.  To the extent any allegations against this Defendant are inferred or intended, same are denied.

41-61.  The Plaintiffs listed in these paragraphs state no apparent claim against this

Defendant and no response is required.  To the extent a response is required, the allegations are denied for lack of sufficient information to form a belief.

62.     The statements of this paragraph are admitted.  To the extent any allegations against this Defendant are inferred or intended, same are denied.

63-70.  The Plaintiffs listed in these paragraphs state no apparent claim against this Defendant and no response is required.  To the extent a response is required, the allegations are denied for lack of sufficient information to form a belief.

71.     The statements of this paragraph are admitted.  To the extent any allegations against this Defendant are inferred or intended, same are denied.

72-73.  The Plaintiffs listed in these paragraphs state no apparent claim against this Defendant and no response is required.  To the extent a response is required, the allegations are denied for lack of sufficient information to form a belief.

74.     The statements of this paragraph are admitted.  To the extent any allegations against this Defendant are inferred or intended, same are denied.

75-76.  The Plaintiffs listed in these paragraphs state no apparent claim against this Defendant and no response is required.  To the extent a response is required, the allegations are denied for lack of sufficient information to form a belief.

77.     The statements of this paragraph are admitted.  To the extent any allegations against this Defendant are inferred or intended, same are denied.  Note these Plaintiffs are listed separately but identically in paragraph 1961.

78-81.  The Plaintiffs listed in these paragraphs state no apparent claim against this

Defendant and no response is required.  To the extent a response is required, the allegations are denied for lack of sufficient information to form a belief.

82.     The statements of this paragraph are admitted.  To the extent any allegations against this Defendant are inferred or intended, same are denied.

83-238.   The Plaintiffs listed in these paragraphs state no apparent claim against this Defendant and no response is required.  To the extent a response is required, the allegations are denied for lack of sufficient information to form a belief.

239.     This Plaintiff has apparently asserted no claim against this Defendant as Plaintiff's name is not listed in the "schedule" attached to Complaint.  Consequently, no response is required.  To the extent any allegations against this Defendant are inferred or intended, same are denied.

240-255.   The Plaintiffs listed in these paragraphs state no apparent claim against this Defendant and no response is required.  To the extent a response is required, the allegations are denied for lack of sufficient information to form a belief.

256.     This Plaintiff has apparently asserted no claim against this Defendant as Plaintiff's name is not listed in the "schedule" attached to Complaint.  Consequently, no response is required.  To the extent any allegations against this Defendant are inferred or intended, same are denied.

257-511.   These paragraphs state no apparent claim against this Defendant and no response is required.  To the extent a response is required, the allegations are denied for lack of sufficient information to form a belief.

512.    The Plaintiff listed herein (also listed separately and identically in paragraph 1118) initially asserted a claim against O'Neal Homes, Inc. The answering Defendant changed its name to O'Neal Homes, Inc., in January 2008.  No response by this Defendant is required because Plaintiff filed a "Notice of Dropping Party Without Prejudice" on March 3, 2010, before a responsive pleading was due from the Defendant.  To the extent any allegations against this Defendant are inferred or intended, same are nevertheless denied.

513-605.   The Plaintiffs listed in these paragraphs state no apparent claim against this Defendant and no response is required.  To the extent a response is required, the allegations are denied for lack of sufficient information to form a belief.

606.    The statements of this paragraph are admitted.  To the extent any allegations against this Defendant are inferred or intended, same are denied.

607-2072.   The Plaintiffs listed in these paragraphs state no apparent claim against this Defendant and no response is required.  To the extent a response is required, the allegations are denied for lack of sufficient information to form a belief.

## Defendants

2073.   The statements of Paragraph 2073 require no response.

### The Manufacturing Defendants

2074-2079.  The allegations are not directed to this Defendant and require no response. To the extent a response is required, the allegations are denied for lack of sufficient information to form a belief.

<u>The Distributor and Supplier Defendants</u>

2080-2123.  The allegations are not directed to this Defendant and require no response. To the extent a response is required, the allegations are denied for lack of sufficient information to form a belief.

<u>The Importer/Exporter/Broker Defendants</u>

2124-2128.   The allegations are not directed to this Defendant and require no response. To the extent a response is required, the allegations are denied for lack of sufficient information to form a belief.

<u>The Developer/Builder Subclass</u>

2129-2381.   The allegations are not directed to this Defendant and require no response. To the extent a response is required, the allegations are denied for lack of sufficient information to form a belief.

2382.   The separate Defendant admits its principal place of business is the location alleged.  O'Neal-Holliman Corporation changed its name to O'Neal Homes, Inc., in January 2008.  It is further admitted the separate Defendant performed work at certain residences identified by Plaintiffs, as outlined more fully herein and above.  The remaining allegations of paragraph 2382 are denied.

2383.   See response to previous paragraph.

2384-2516.   The allegations are not directed to this Defendant and require no response. To the extent a response is required, the allegations are denied for lack of sufficient information to form a belief.

<u>The Contractor/Installer Subclasses</u>

2517-2609.  The allegations are not directed to this Defendant and require no response. To the extent a response is required, the allegations are denied for lack of sufficient information to form a belief.

<u>Facts Regarding Product Defect</u>

2610.   To the extent this allegation references claims asserted by those Plaintiff(s) actually asserting claims against this Defendant, the precise chemical composition of the drywall installed in the home is unknown but presumed to contain gypsum.  To the extent these paragraphs reference Defendants other than the separate Defendant, no response is required.  If a response is required then the allegations are denied for lack of sufficient information to form a belief.

2611-2620.   To the extent these allegations reference claims asserted by those Plaintiff(s) actually asserting claims against this Defendant, the allegations are denied.  To the extent these paragraphs reference Defendants other than the separate Defendant, no response is required but if a response is required then the allegations are denied for lack of sufficient information to form a belief.

<u>Class Action Allegations</u>

<u>The Knauf Class</u>

2621.   The separate Defendant denies those Plaintiff(s) actually asserting claims against

this Defendant are entitled to the relief asserted. To the extent these paragraphs reference Defendants other than the separate Defendant, no response is required but if a response is required then the allegations are denied for lack of sufficient information to form a belief.

The Distributor/Supplier Subclasses (Subclasses 1-43)

2622-2623.   The separate Defendant is not a member of the subclass referenced and the Plaintiff(s) actually asserting claims against this Defendant have asserted no claims against the Defendants listed in this subclass.  To the extent these paragraphs reference Defendants such that a response is required then the allegations are denied.

The Importer/Exporter/Broker Subclasses (Subclasses 44-48)

2624-2625.   The separate Defendant is not a member of the subclass referenced and the Plaintiff(s) actually asserting claims against this Defendant have asserted no claims against the Defendants listed in this subclass.  To the extent this paragraph references Defendants such that a response is required then the allegations are denied.

The Builder/Developer Subclass (Subclasses 49-436)

2626-2627.   The separate Defendant denies those Plaintiff(s) actually asserting claims against this Defendant are entitled to the relief asserted.

The Contractor/Installer Subclasses (Subclasses 437-529)

2628-2629.   The separate Defendant is not a member of the subclass referenced and the Plaintiff(s) actually asserting claims against this Defendant have asserted no claims against the Defendants listed in this subclass.  To the extent this paragraph references Defendants such that a response is required then the allegations are denied.

<u>General Class Allegations and Exclusions from the Class Definitions</u>

2630.   The separate Defendant presumes the "Class and Subclasses" referenced are intended as restricted to Plaintiffs or individuals alleging a right to assert claims against the various Defendants although same is not clear from the Complaint.  To the extent any response is required of the separate Defendant, it is denied Plaintiff(s) are entitled to the relief asserted.

2631.   To the extent these allegations reference claims asserted by those Plaintiff(s) actually asserting claims against this Defendant, the allegations are denied.  To the extent this paragraph references Defendants other than the separate Defendant, no response is required but if a response is required then the allegations are denied for lack of sufficient information to form a belief.

2632.   Denied.

2633.   To the extent these allegations references claims asserted by those Plaintiff(s) actually asserting claims against this Defendant, the allegations are denied.  To the extent this paragraph references Defendants other than the separate Defendant, no response is required but if a response is required then the allegations are denied for lack of sufficient information to form a belief.

2634.   To the extent these allegations references claims asserted by those Plaintiff(s) actually asserting claims against this Defendant, the allegations are denied.  To the extent this paragraph references Defendants other than the separate Defendant, no response is required but if a response is required then the allegations are denied for lack of sufficient information to form a belief.

2635.   The allegations are denied for lack of sufficient information to form a belief.

2636-2639.   To the extent these allegations references claims asserted by those Plaintiff(s)actually asserting claims against this Defendant, the allegations are denied.  To the extent this paragraph references Defendants other than the separate Defendant, no response is required but if a response is required then the allegations are denied for lack of sufficient information to form a belief.

Count I
Negligence
(Against All Defendants)

2640.   The separate Defendant adopts and restates its responses to preceding paragraphs as if fully set forth herein.

2641.   To the extent these allegations references claims asserted by those Plaintiff(s) actually asserting claims against this Defendant, the allegations are denied.  To the extent this paragraph references Defendants other than the separate Defendant, no response is required.

2642-2647.   To the extent these allegations references claims asserted by those Plaintiff(s) actually asserting claims against this Defendant, the allegations are denied.  To the extent these paragraphs reference Defendants other than the separate Defendant, no response is required but if a response is required then the allegations are denied for lack of sufficient information to form a belief.

Count II
Negligence Per Se
(Against All Defendants)

2648.   The separate Defendant adopts and restates its responses to preceding paragraphs

as if fully set forth herein.

2649.   To the extent these allegations references claims asserted by those Plaintiff(s) actually asserting claims against this Defendant, the allegations are denied.  To the extent this paragraph references Defendants other than the separate Defendant, no response is required.

2650-2654.   To the extent these allegations references claims asserted by those Plaintiff(s) actually asserting claims against this Defendant, the allegations are denied.  To the extent these paragraphs reference Defendants other than the separate Defendant, no response is required but if a response is required then the allegations are denied for lack of sufficient information to form a belief.

Count III
Strict Liability
(All Defendants)

2655.   The separate Defendant adopts and restates its responses to preceding paragraphs as if fully set forth herein.

2656-2660.   To the extent these allegations references claims asserted by those Plaintiff(s) actually asserting claims against this Defendant, the allegations are denied.  To the extent these paragraphs reference Defendants other than the separate Defendant, no response is required but if a response is required then the allegations are denied for lack of sufficient information to form a belief.

2661.   To the extent these allegations references claims asserted by those Plaintiff(s) actually asserting claims against this Defendant, the separate Defendant admits its use of the drywall was as intended by this Defendant.  To the extent these paragraphs reference Defendants

other than the separate Defendant, no response is required but if a response is required then the allegations are denied for lack of sufficient information to form a belief.

2662.   To the extent these allegations references claims asserted by those Plaintiff(s) actually asserting claims against this Defendant, the allegations are denied for lack of sufficient information to form a belief.

2663.   To the extent these allegations references claims asserted by those Plaintiff(s) actually asserting claims against this Defendant, the allegations are denied.  To the extent this paragraph references Defendants other than the separate Defendant, no response is required but if a response is required then the allegations are denied for lack of sufficient information to form a belief.

2664-2672.     To the extent these allegations references claims asserted by those Plaintiff(s) actually asserting claims against this Defendant, the allegations are denied.  To the extent these paragraphs reference Defendants other than the separate Defendant, no response is required but if a response is required then the allegations are denied for lack of sufficient information to form a belief.

Count IV
Breach of Express and/or Implied Warranties
(All Defendants)

2673.   The separate Defendant adopts and restates its responses to preceding paragraphs as if fully set forth herein.

2674.   To the extent these allegations references claims asserted by those Plaintiff(s) actually asserting claims against this Defendant, the allegations are denied.  To the extent this

13

paragraph references Defendants other than the separate Defendant, no response is required but if a response is required then the allegations are denied for lack of sufficient information to form a belief.

2675 - 2680  To the extent these allegations references claims asserted by those Plaintiff(s) actually asserting claims against this Defendant, the allegations are denied.  To the extent this paragraph references Defendants other than the separate Defendant, no response is required but if a response is required then the allegations are denied for lack of sufficient information to form a belief.

Count V
Breach of the Implied Warranty of Fitness and Merchantability
Pursuant to Florida Statutes Section 718.203
(On Behalf of Plaintiffs Who Own Condominiums in the State of Florida)
(Builders Only)

2673.   The separate Defendant adopts and restates its responses to preceding paragraphs as if fully set forth herein.

2682-2692.   This Defendant is not a Florida condominium builder but, to the extent these allegations references claims asserted by those Plaintiff(s) actually asserting claims against this Defendant, the allegations are denied.  To the extent this paragraph references Defendants other than the separate Defendant, no response is required but if a response is required then the allegations are denied for lack of sufficient information to form a belief.

Count VI
Breach of Implied Warranty of Habitability
(Builders Only)

2693.   The separate Defendant adopts and restates its responses to preceding paragraphs

as if fully set forth herein.

2694-2699.   To the extent these allegations references claims asserted by those Plaintiff(s) actually asserting claims against this Defendant, the allegations are denied.  To the extent these paragraphs reference Defendants other than the separate Defendant, no response is required but if a response is required then the allegations are denied for lack of sufficient information to form a belief.

## Count VII
### Breach of Contract
### (Builders Only)

2700.   The separate Defendant adopts and restates its responses to preceding paragraphs as if fully set forth herein.

2701-2703.   To the extent these allegations references claims asserted by those Plaintiff(s) actually asserting claims against this Defendant, the allegations are denied.  To the extent these paragraphs reference Defendants other than the separate Defendant, no response is required but if a response is required then the allegations are denied for lack of sufficient information to form a belief.

## Count VIII
### Breach of Louisiana New Home Warranty Act
### (Louisiana Builders Only)

2704.   The separate Defendant adopts and restates its responses to preceding paragraphs as if fully set forth herein.

2705-2710.   This Defendant is not a Louisiana builder and no response is required but, to the extent a response is required then the allegations are denied for lack of sufficient information

15

to form a belief.

Count IX
Redhibition
(By Louisiana Plaintiffs Against All Defendants)

2711.   The separate Defendant adopts and restates its responses to preceding paragraphs as if fully set forth herein.

2712-2720.   These paragraphs reference Defendants other than the separate Defendant and no response is required, but if a response is required then the allegations are denied for lack of sufficient information to form a belief.  To the extent any "Louisiana Plaintiffs" purport to make claim against this Defendant, those claims are denied.

Count X
Louisiana Products Liability Act
(Manufacturing Defendants)
(Plead in the Alternative Against Distributor Defendants)

2721.   The separate Defendant adopts and restates its responses to preceding paragraphs as if fully set forth herein.

2722-2734.   These paragraphs reference Defendants other than the separate Defendant and no response is required but, if a response is required, then the allegations are denied for lack of sufficient information to form a belief.  To the extent any "Louisiana Plaintiffs" purport to make claim against this Defendant, those claims are denied.

Count XI
Private Nuisance
(All Defendants)

2735.   The separate Defendant adopts and  restates its responses to preceding paragraphs as if fully set forth herein.

16

2736-2741.   To the extent these allegations references claims asserted by those Plaintiff(s) actually asserting claims against this Defendant, the allegations are denied.  To the extent these paragraphs reference Defendants other than the separate Defendant, no response is required but if a response is required then the allegations are denied for lack of sufficient information to form a belief.

<u>Count XII</u>
Negligent Discharge of a Corrosive Substance
(All Defendants)

2742.   The separate Defendant adopts and restates its responses to preceding paragraphs as if fully set forth herein.

2743-2748.   To the extent these allegations references claims asserted by those Plaintiff(s) actually asserting claims against this Defendant, the allegations are denied.  To the extent these paragraphs reference Defendants other than the separate Defendant, no response is required but if a response is required then the allegations are denied for lack of sufficient information to form a belief.

<u>Count XIII</u>
Unjust Enrichment
(All Defendants)

2749.   The separate Defendant adopts and restates its responses to preceding paragraphs as if fully set forth herein.

2750-2752.   To the extent these allegations references claims asserted by those Plaintiff(s) actually asserting claims against this Defendant, the allegations are denied.  To the

extent these paragraphs reference Defendants other than the separate Defendant, no response is required but if a response is required then the allegations are denied for lack of sufficient information to form a belief.

Count XIV
Violation of Consumer Protection Acts
(All Defendants)

2753.   The separate Defendant adopts and restates its responses to preceding paragraphs as if fully set forth herein.

2754-2757.   To the extent these allegations references claims asserted by those Plaintiff(s) actually asserting claims against this Defendant, the allegations are denied and Defendant denies Plaintiffs have standing under such statute.   To the extent these paragraphs reference Defendants other than the separate Defendant, no response is required but if a response is required then the allegations are denied for lack of sufficient information to form a belief.

Count XV
Equitable and Injunctive Relief and Medical Monitoring
(All Defendants)

2758.   The separate Defendant adopts and restates its responses to preceding paragraphs as if fully set forth herein.

2759-2770.   To the extent these allegations references claims asserted by those Plaintiff(s) actually asserting claims against this Defendant, the allegations are denied.   To the extent these paragraphs reference Defendants other than the separate Defendant, no response is required but if a response is required then the allegations are denied for lack of sufficient information to form a belief.

In response to the unnumbered paragraphs labeled "Demand for Jury Trial" and "Prayer for Relief," the separate Defendant denies Plaintiff is entitled to judgment or the other relief demanded and requests the Complaint against it be dismissed with prejudice at Plaintiffs' cost. This Defendant takes no position whatsoever concerning the right to jury trial and asserts its right to compel arbitration pursuant to statute and contract.

AND NOW, RESPONDING AFFIRMATIVELY, Defendant would show unto the Court the following, to-wit:

FIFTH DEFENSE

The Complaint fails to comply with Federal Rule of Civil Procedure 8(a) in that the terms "Defendants" and "Plaintiffs" are used indiscriminately and without specificity leading to confusion on the part of this Defendant when attempting to determine the claims plausibly made against it and by whom.

SIXTH DEFENSE

This Defendant would affirmatively plead Miss. Code Ann. § 11-7-15 (1972) and would aver that the acts and/or omissions of the Plaintiff caused, in whole or in part, his own injuries and/or damages and that a recovery, if any, by the Plaintiff must be reduced in accordance with his own proportionate share of fault.

SEVENTH DEFENSE

This Defendant avers those allegedly at fault for Plaintiff's injuries and damages exercised the degree of care which a reasonably prudent person would have exercised in the same or similar circumstances and thus did not breach any applicable duty owed to Plaintiff.

19

## EIGHTH DEFENSE

The Plaintiff has failed to mitigate damages as required by law.

## NINTH DEFENSE

In the event subsequent investigation reveals that the sole proximate, and/or contributing, cause of the Plaintiff's damages, if any, was a preexisting condition, disease, lesion or other illness for which this Defendant would not be liable, and Defendant reserves the right to defend on said basis.

## TENTH DEFENSE

This Defendant would affirmatively plead Mississippi Code Annotated § 11-7-15 (1972) and § 85-5-7 (Rev. 1991) and would aver that the acts or omissions of others, for whom this Defendant has no responsibility or liability, are the sole proximate, or contributing, cause of the Plaintiff's injury and that a jury must be allowed to assess the proportionate share of fault to said parties and/or participants.

## ELEVENTH DEFENSE

In the event subsequent investigation reveals that the Plaintiff's damages, if any, are the result of an intervening act and/or event occurring subsequent to the date complained of herein which was the sole proximate and/or substantially contributing cause of said damages, this Defendant reserves the right to defend on said basis.

## TWELFTH DEFENSE

Defendant reserves the right to affirmatively plead any and all other defenses and affirmative defenses available to it which may become applicable through discovery and during

20

the trial of this cause.

## THIRTEENTH DEFENSE

The facts not having been fully developed, Defendant adopts the following affirmative defenses: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge and bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense as may be shown by the facts in this cause.

## FOURTEENTH DEFENSE

The Complaint fails to state a claim upon which punitive damages may be awarded.

## FIFTEENTH DEFENSE

The Defendants aver that any award of punitive damages to Plaintiff in this case would be in violation of the constitutional rights and safeguards provided to these Defendants under the Constitution of the State of Mississippi and the Constitution of the United States of America including, without limitation, that there are no constraining limitations placed on a jury's discretion in considering the imposition or amount of punitive damages, there are no meaningful trial court and appellate review mechanisms to constitutionally confirm any punitive damage award, imposition would allow a verdict tainted by passion and prejudice, and Plaintiff impermissibly seeks a punitive damage award that bears an unconstitutional relationship to the alleged actual amount in question.

## SIXTEENTH DEFENSE

Imposition of punitive damages in this case would constitute a violation of the Defendants' constitutional rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

## SEVENTEENTH DEFENSE

Imposition of punitive damages in this case would constitute a violation of due process and/or would be a violation of the statutory law of this state providing for penalty.

## EIGHTEENTH DEFENSE

The procedure and/or standards governing imposition of punitive damages are impermissibly vague, arbitrary, improper and/or violate the Due Process Clause of the Fourteenth Amendment and/or the Fifth Amendment of the Constitution of the United States and/or Article III, Section 14 of the Constitution of the State of Mississippi.

## NINETEENTH DEFENSE

Any award of punitive damages in this case would violate the procedural and/or substantive safeguards provided to the Defendant under the Fifth, Sixth, Eighth and/or Fourteenth Amendments to the Constitution of the United States and/or under Article III, Section 14 and 26 of the Constitution of the State of Mississippi, in that punitive damages are penal in nature and, consequently, this Defendant is entitled to the same procedural and substantive safeguards accorded to non-civil defendants.

## TWENTIETH DEFENSE

The Defendants aver that it would violate the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the United States of America and/or Article III, Section 26 of the Constitution of the State of Mississippi, to impose against Defendants punitive damages, which are penal in nature, yet compel the Defendants to disclose documents and evidence despite the 5th Amendment.

## TWENTY-FIRST DEFENSE

It violates the rights and safeguards guaranteed by the Constitution of the United States of America and/or the Constitution of the State of Mississippi to impose punitive damages against this Defendant which are penal in nature by requiring a burden of proof on the Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in non-civil cases in this state.

## TWENTY-SECOND DEFENSE

The Defendants aver that any award of punitive damages to the Plaintiff in this case will violate the Eighth Amendment to the Constitution of the United States and/or Article III, Section 28 of the Constitution of the State of Mississippi in that said punitive damages would be an imposition of an excessive fine.

## TWENTY-THIRD DEFENSE

The imposition of punitive damages in this case measured by wealth of the Defendant would constitute a constitutionally impermissible punishment of status.

## TWENTY-FOURTH DEFENSE

It would be unconstitutional to award any punitive damages as such would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article III, Section 14 of the Mississippi State Constitution in that:

1.     Said damages are intended to punish and deter the Defendant and thus this proceeding is essentially non-civil in nature;

2.     The Defendants are being compelled to be a witness against themselves in a proceeding essentially and effectively non-civil in nature, in violation of the Defendants' right to due process;

3.     The Plaintiff's burden of proof to establish punitive damages in this proceeding, effectively non-civil in nature, is less than the burden of proof required in other non-civil proceedings, and thus violates these Defendant's right to due process;

4.     That inasmuch as this proceeding is essentially and effectively non-civil in nature, the Defendants is being denied requirement of notice of the elements of the offense and the law and authorities authorizing punitive damages are sufficiently vague and ambiguous so as to be in violation of the Due Process Clause of the Fifth Amendment and/or the Fourteenth Amendment of the United States Constitution and also in violation of Article III, Section 14 of the Constitution of the State of Mississippi.

## TWENTY-FIFTH DEFENSE

The potential of awarding of disproportionate judgments against some Defendants who allegedly commit similar offenses resulting in similar injury, who differ only in material wealth,

constitutes an arbitrary and invidious discrimination prohibited by the equal protection clause and rights of the Defendants under the Fourteenth Amendment to Constitution of the United States.

## TWENTY-SIXTH DEFENSE

The imposition of punitive damages in the premises would violate the rights of the Defendants under the contracts clause of Article I, Section 10 of the Constitution of the United States of America and Article III, Section 16 of the Constitution of the State of Mississippi.

## TWENTY-SEVENTH E DEFENSE

This Defendant would show that the Plaintiff's claims for exemplary and punitive damages do not conform with and the standards set forth in *State Farm Mutual Automobile Insurance Company v. Campbell*, 123 S. Ct. 1513 (2003) and in *Cooper Industries, Inc., Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct. 1678, 149 L. Ed. 2d 674(2001).

## TWENTY-EIGHTH DEFENSE

The separate Defendant adopts and incorporates herein by reference all affirmative defenses plead by similarly situated Defendants.

## TWENTY-NINTH DEFENSE

Some or all of the damages claimed by Plaintiffs are barred by the economic loss doctrine.

## THIRTIETH DEFENSE

This cause of action does not meet the standards for class action status.

## THIRTY-FIRST DEFENSE

This Defendant reserves the right to assert cross-claims and/or third-party claims as they

ripen or prove necessary.

### THIRTY-SECOND DEFENSE

This Defendant avers it was unaware of any defect in any product it utilized and that each was reasonably fit and suitable for the purposes for which they were intended, delivered to Defendant and subsequently used.

### THIRTY-THIRD DEFENSE

This Defendant denies breaching any express or implied warranty, including specifically any warranties applicable to drywall it utilized in construction.

### THIRTY-FOURTH DEFENSE

Plaintiff has failed to join necessary or indispensable parties.

### THIRTY-FIFTH DEFENSE

To the extent Plaintiff's claim arises from an improvement to real property, a claim of strict products liability is not actionable under Mississippi law.

### THIRTY-SIXTH DEFENSE

Mississippi law provides no cause of action for future injury and claim for medical monitoring must be dismissed absent proof of current physical injury.  Same has not been specifically plead by those Plaintiffs making claims against this Defendant.

### THIRTY-SEVENTH DEFENSE

To the extent evidence ultimately shows the drywall utilized by Defendant was defective due to its design, this Defendant was unaware of any dangers (including those for which recovery was sought) and could not have been aware absent the exercise of more than reasonable care.

THIRTY-EIGHTH DEFENSE

Should the manufacturer of Plaintiff's drywall be found liable for defective product pursuant to Miss. Code Ann. § 11-1-63, this defendant is entitled to indemnity pursuant to subsection (g)(i) of that title.

THIRTY-NINTH DEFENSE

This Defendant claims the immunity provided to a mere conduit of a product pursuant to Miss. Code Ann. § 11-1-63(h).

FORTIETH DEFENSE

The terms and conditions of any contracts, if any, entered into between this Defendant and Plaintiffs operates to bar the claim(s).

FORTY-FIRST DEFENSE

The Complaint fails to cite a statute providing a cause of action of negligence per se, or otherwise assert Plaintiffs' status as a protected class under such statute.

FORTY-SECOND DEFENSE

The separate Defendant reserves its statutory and contractual right to compel arbitration. Nothing in this Answer should be construed as waiver of this right or active participation in this litigation.

RESPECTFULLY SUBMITTED, this the 26th day of March, 2010.

O'Neal-Holliman Corporation

By:     /s/ Jeff Moffett
        JEFFREY S. MOFFETT

27

JEFFREY S. MOFFETT - MSB #100301
Markow Walker, P.A.
2113 Government Street
Building M
Ocean Springs, Mississippi 39564
Tel. (228) 872-1923
Fax (228) 872-1973
E-Mail: jmoffett@markowwalker.com


CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Notice of Appearance has been served on Plaintiffs' Liaison Counsel Russ Herman, Defendants' Liaison Counsel Kerry Miller and Homebuilders Liaison Counsel Phillip Wittmann by U.S. Mail and e-mail and upon all parties by electronically uploading same to Lexis Nexis File & Share in accordance with Pre-Trial Order No. 6 and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send notice of electronic filing in accordance with the procedures established in MDL 2047, on this the 26th day of March, 2010.


By:    /s/ Jeff Moffett
       JEFFREY S. MOFFETT