**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF LOUISIANA**

**IN RE: CHINESE-MANUFACTURED DRYWALL**

**PRODUCTS LIABILITY LITIGATION**          **MDL NO. 09-2047**

**THIS DOCUMENT RELATES TO:**          **JUDGE FALLON**

**SEAN AND BETH PAYTON, ET AL. V. KNAUF GIPS KG, ET AL.**

**CASE NO. 2:09-CV-07628 (E.D. LA.)**

_____

**D.R. HORTON, INC.'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
UNDER FED. R. CIV. PRO. 12(b)(2) AND MOTION TO DISMISS FOR
IMPROPER VENUE UNDER FED. R. CIV. PRO. 12(b)(3)**

MAY IT PLEASE THE COURT:

Defendant, D.R. Horton, Inc., through its undersigned counsel, appearing solely

for the purpose of this Motion to Dismiss, moves this Honorable Court to issue an order

dismissing the claims of the plaintiffs under Federal Rule of Civil Procedure 12(b)(2).

D.R. Horton, Inc. is not subject to, nor have they submitted to, the jurisdiction of this

Court, or any court in the State of Louisiana.    Alternatively, if this Court finds D.R.

Horton, Inc. is subject to personal jurisdiction, the claims should still be dismissed as the

Eastern District of Louisiana is an improper venue to hear such claims.

I.          **PROCEDURAL BACKGROUND**

This suit includes claims against various subclasses of defendants for the alleged

importation, installation, and use of allegedly tainted dry wall from Chinese

manufacturers.  D.R. Horton, Inc. is correctly alleged to be a Delaware corporation with

its principle place of business in Fort Worth, Texas.

529456.1

D.R. Horton, Inc. is alleged to be a member of the subclass of builders of single-family homes. The complaint alleges D.R. Horton, Inc. built homes for five plaintiffs, two located in Louisiana, and three located in Florida. However, as is shown below and in the affidavit of David Morice attached, D.R. Horton, Inc. did not build homes for the two plaintiffs located in Louisiana.

This suit was filed under the Class Action Fairness Act, 28 U.S.C. §1711 et seq. and 28 U.S.C. §1332(d)(2), diversity jurisdiction in class actions, and is one of a number of filings across the country which has prompted consolidation into a Multi-District Litigation located in the United States District Court for the Eastern District of Louisiana.

Each case in the MDL maintains its individual standing and all defendants must be subject to the personal jurisdiction of the court in which the suit was brought. In this case, the suit was filed in the Eastern District of Louisiana. Therefore, defendants must be subject to the jurisdiction of the Eastern District of Louisiana or must be dismissed under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Class certification, or attempted class certification does not alter the jurisdictional analysis. See *In Re: Train Derailment Near Amite, Louisiana on October 12, 2002,* 2004 WL 224573 (E.D.La. 2/3/2004).

As will be shown below, D.R. Horton, Inc. is not subject to personal jurisdiction in the Eastern District of Louisiana and must be dismissed or transferred in accordance with Fed. R. Civ. Pro. 12(b)(2).

## II.    D.R. HORTON, INC. IS NOT SUBJECT TO PERSONAL JURISDICTION

There is no basis for personal jurisdiction of D.R. Horton, Inc. in Louisiana. D.R. Horton, Inc. is a corporation organized under the laws of the State of Delaware with its

principle place of business in Fort Worth, Texas.[1]  D.R. Horton, Inc. is not licensed or registered to conduct business in Louisiana, does not have an agent for service of process in Louisiana, does not have any offices or employees in Louisiana, and does not own any property in Louisiana.[2]  There is no basis for this Court to exercise personal jurisdiction over D.R. Horton, Inc. under Louisiana's long-arm statue or constitutional due process requirements.   Therefore, the Complaint must be dismissed for lack of personal jurisdiction.

When the jurisdiction of the Court over a defendant is challenged, the burden rests with the plaintiffs to prove there is personal jurisdiction.  *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134 (5th Cir. 1980).  As is shown below and in the Affidavit of David Morice, attached to the Motion as Exhibit "A", D.R. Horton, Inc. is not subject to personal jurisdiction.  The plaintiffs will be unable to meet their burden.

A federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant only if two requirements are satisfied:  (1) the forum state's long-arm statute confers personal jurisdiction and (2) the exercise of jurisdiction does not exceed the boundaries of Due Process.  See *Seiferth v. Helicopteros Atuneros, Inc*., 472 F.3d 266, 270 (5th Cir. 2006).

Louisiana's long-arm statute, La. R.S. 13:3201 provides in part that a Louisiana court "may exercise personal jurisdiction over a nonresident on any basis consistent with…the Constitution of the United States."  La. R.S. 13:3201(B).  Because the limits of Louisiana's long-arm statute are co-extensive with the limits of constitutional due process, the inquiry is simply whether this Court's exercise of jurisdiction over D.R.

---

[1] See Affidavit of David Morice, attached hereto as Exhibit "A."
[2] *Id*.

Horton, Inc. would offend due process.  See *Luv N' Care, LTD v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006).

The Due Process clause limits the Court's power to assert personal jurisdiction over a nonresident defendant.  See *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-414 (1994).  A Due Process inquiry must consider whether D.R. Horton, Inc., a non-resident defendant, has the requisite minimum contacts with Louisiana, the forum state, and whether exercising personal jurisdiction over D.R. Horton, Inc. would offend "traditional notions of fair play and substantial justice."  See *Luv N' Care*, 438 F.3d at 469 (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945).  For the following reasons, the Due Process inquiry clearly shows that the Court lacks the power to assert personal jurisdiction over D.R. Horton, Inc.

The constitutional limitations on the exercise of personal jurisdiction differ depending on whether a court seeks to exercise general or specific jurisdiction over the defendant. "Specific" jurisdiction is considered when a cause of action arises out of a defendant's purposeful contacts with the forum.  See *World-Wide Volkswagen Corp. v. Woodsen*, 444 U.S. 286 (1980).  "General" jurisdiction is considered when the cause of action does not arise out of a foreign defendant's specific contacts, but when the defendant has engaged in "continuous and systematic contacts" in the forum to subject it to jurisdiction.  See *Helicopteros Nacionales de Colombia, S.A.,* 466 U.S. 408 (1984).

In this case, the Court lacks the power to exercise either general or specific jurisdiction over D.R. Horton, Inc. because D.R. Horton, Inc. has no contacts with the State of Louisiana.

      **A.**     **D.R. Horton, Inc. is not Subject to Specific Jurisdiction in the Eastern District of Louisiana.**

The Court may exercise specific jurisdiction over a nonresident defendant "in a suit arising out of or related to the defendant's contacts with the forum." *Seiferth*, 472 F3d at 271 (citing *Helicopteros Nacionales de Colombia*, 466 U.S. at 413-14). The Fifth Circuit has articulated a three-step personal jurisdiction inquiry: (1) whether the defendant has minimum contacts with the state to have purposefully availed itself of the privileges of conducting activities there, (2) whether the plaintiffs' causes of action arose out of the defendant's forum related contacts, and (3) whether the exercise of personal jurisdiction is fair and reasonable. *Id.*

### (1) D.R. Horton, Inc. did not purposefully avail itself of the privilege of conducting activities in Louisiana.

The first analysis of specific personal jurisdiction is to determine whether D.R. Horton, Inc. conducted activities in Louisiana enough to have invoked the privileges, benefits and protections of Louisiana law. See *Luv N' Care, LTD*, 438 F.3d at 469-470. Plaintiffs cannot meet their burden on this prong of analysis. D.R. Horton, Inc. has no contacts with the state of Louisiana. D.R. Horton, Inc. has not conducted activities in Louisiana to have invoked the privileges, benefits and protection of Louisiana law. D.R. Horton, Inc. is a corporation organized under the laws of the State of Delaware with its principle place of business in Fort Worth, Texas.[3] D.R. Horton, Inc. is not licensed or registered to conduct business in Louisiana, does not have an agent for service of process in Louisiana, does not have any offices or employees in Louisiana, and does not own any property in Louisiana.[4]

### (2) Plaintiffs cause of action did not arise out of D.R. Horton, Inc.'s forum related contacts.

---

[3] See Exhibit "A".
[4] See Exhibit "A".

The second area of analysis in determining specific personal jurisdiction is whether the plaintiffs' cause of action arose out of the defendant's forum related contacts. See *Luv N' Care, LTD*, 438 F.3d at 469-470.  Although Plaintiffs have alleged that D.R. Horton, Inc. built homes in Louisiana, D.R. Horton, Inc. is not the correct entity which built the homes[5] and therefore, plaintiffs' cause of action did not arise out of D.R. Horton, Inc.'s forum related contacts.

> ### (3)    The exercise of personal jurisdiction over D.R. Horton, Inc. in Louisiana is not fair and reasonable.

The Supreme Court has articulated that a defendant is not subject to personal jurisdiction if such exercise would offend traditional notions of fair play and substantial justice.  See *International Shoe*, 326 U.S. at 316.   Exercise of personal jurisdiction over D.R. Horton, Inc. in Louisiana would offend traditional notions of fair play and substantial justice.  D.R. Horton, Inc. is a corporation organized under the laws of the State of Delaware with its principle place of business in Fort Worth, Texas.[6]  D.R. Horton, Inc. is not licensed or registered to conduct business in Louisiana, does not have an agent for service of process in Louisiana, does not have any offices or employees in Louisiana, and does not own any property in Louisiana.[7]

D.R. Horton, Inc. has never anticipated litigation in Louisiana, a state where they have no contacts.   Requiring them to submit to jurisdiction and defend a case in Louisiana would offend traditional notions of fair play and substantial justice.

There are proper forums for Plaintiffs to bring a claim against D.R. Horton, Inc., but the Eastern District of Louisiana is not one.

---

[5] See Exhibit "A".
[6] See Exhibit "A".
[7] See Exhibit "A".

529456.1

**B.     D.R. Horton, Inc. is not Subject to General Jurisdiction in the Eastern District of Louisiana.**

While Plaintiffs may argue that the Court should exercise general jurisdiction over D.R. Horton, Inc., as a specific personal jurisdiction argument fails, the standard is higher for contacts in a forum state under a general inquiry.  See *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. 408.  Because D.R. Horton, Inc. is not licensed or registered to conduct business in Louisiana, has no employees or office in Louisiana, does not have property in Louisiana, and has no agent for service of process in Louisiana, an inquiry under general personal jurisdiction must fail for lack of "continuous and systematic contacts" with Louisiana.  See *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. 408.

**C.     The actions of D.R. Horton, Inc.—Gulf Coast cannot be attributed to D.R. Horton, Inc. for the purposes of determining personal jurisdiction.**

As stated in the Affidavit of David Morice, D.R. Horton, Inc.—Gulf Coast, a separate legal entity, does operate in Louisiana.  "Courts have long presumed the institutional independence of related corporations, such as parent and subsidiary, when determining if one corporation's contacts with a forum can be the basis of a related corporation's contacts."  *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 338 (5th Cir. 1999).  While this presumption may be overcome by clear evidence of alter ego or agency, the burden rests with plaintiffs to show D.R. Horton, Inc.—Gulf Coast acted as an alter ego of D.R. Horton, Inc., which they cannot.  See *Id.* at 338.

The Fifth Circuit has articulated a test for determining whether a parent company can be subject to personal jurisdiction because of acts of a subsidiary.  These factors are:

"(1) amount of stock owned by the parent of the subsidiary; (2) did the two corporations have separate headquarters; (3) did they have common officers and directors; (4) did they observe corporate formalities; (5) did they maintain separate accounting systems; (6) did the parent exercise

complete authority over general policy; and (7) did the subsidiary exercise complete authority over daily operations." *Id.* at 339.

D.R. Horton, Inc. cannot be subjected to personal jurisdiction based on the actions of D.R. Horton, Inc.—Gulf Coast. D.R. Horton, Inc.—Gulf Coast observes separate corporate formalities, maintains separate accounting, and exercises authority over daily operations in Louisiana. See Exhibit "A." Therefore, the actions and forum related contacts of D.R. Horton, Inc.—Gulf Coast cannot be attributed to D.R. Horton, Inc. for the purposes of personal jurisdictional analysis.

### III.   THE CLAIMS AGAINST D.R. HORTON, INC. HAVE BEEN FILED IN AN IMPROPER VENUE.

Alternatively, if this Court should find that it maintains personal jurisdiction over D.R. Horton, Inc., the Eastern District of Louisiana is an improper venue to hear such claims. Therefore, the claims should be dismissed under Fed. R. Civ. Pro. 12(b)(3).

28 U.S.C. § 1404 states in pertinent part:  "(a) [f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Further, 28 U.S.C. 1406 (a) states "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

As discussed above and in the Affidavit of David Morice, the homes involved in the litigation which were built by D.R. Horton, Inc. are all located in Florida. The plaintiffs are unable to establish any claims against D.R. Horton, Inc. for actions or activities which occurred in Louisiana. All actions and/or activities of D.R. Horton, Inc. at issue occurred in Florida, specifically, in the Middle District of Florida. All witnesses, including the plaintiff homeowners, are located in Florida. If the Court does not dismiss

the claims against D.R.  Horton, Inc. for lack of personal jurisdiction, then the Court should dismiss based on improper forum.  Alternatively, the Court should transfer the claims against D.R. Horton, Inc. to the United States District Court for the Middle District of Florida, for the convenience of the parties, where they should have originally been brought.

**IV.      CONCLUSION**

D.R. Horton, Inc. is not subject to personal jurisdiction in Louisiana.  D.R. Horton, Inc. does not have the minimum contacts with the State of Louisiana necessary for Plaintiffs to satisfy their burden of proof.  Exercise by this Court of personal jurisdiction over D.R. Horton, Inc. will offend traditional notions of fair play and substantial justice.  Therefore, all claims against D.R. Horton, Inc. should be dismissed.

Alternatively, the claims should be dismissed as the United States District Court for the Eastern District of Louisiana is an improper venue to hear such claims.

**Respectfully submitted,**

**TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.**

**BY**: /s/ Erick Y. Miyagi_____
          Erick Y. Miyagi, #22533  (T.A.)
           hiko.miyagi@taylorporter.com
          Edward J. Laperouse, II #29310
           ted.laperouse@taylorporter.com
          Leslie Ayres Daniel, #27948
           leslie.daniel@taylorporter.com
          Kari A. Bergeron #31043
           kari.bergeron@taylorporter.com
          (451 Florida Street, 8th Floor, 70801)
          P. O. Box 2471
          Baton Rouge, LA 70821
          Telephone:  225-387-3221
          Fax:          225-346-8049

James M. Talley  FL#0331961
  jtalley@fisherlawfirm.com
Fisher, Rushmer, Werrenrath, Dickson,
  Talley &  Dunlap, P.A.
P.O. Box 712
Orlando, FL 32802
Telephone:  (407) 843-2111
Facsimile:  (407) 422-1080

*Attorneys for D.R. Horton, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on Plaintiffs' Liaison Counsel Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and electronic mail upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pre-Trial Order No. 6 and that the foregoing was electronically filed with the Clerk of Court, United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this the 29th day of March, 2010.

/s/ Erick Y. Miyagi_____