UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047<br><br>SECTION L<br><br>JUDGE FALLON |
| **This document relates to:**<br>*Pate v. American International Specialty Lines Insurance Co., et al.*<br>**No. 2:09-cv-7791** | MAG. JUDGE WILKINSON |

## LANDMARK AMERICAN INSURANCE COMPANY'S
## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

**May It Please the Court:**

Defendant, Landmark American Insurance Company ("Landmark"), respectfully submits this Memorandum in Support of its Motion to Dismiss Plaintiff Pate's claims contained in the Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(7).[1]

This case centers, in large part, on the interpretation of the Landmark insurance agreement with Hinkle Drywall, L.L.C. ("Hinkle"). As Hinkle is the insured under the Landmark policy, the allegations of Plaintiff cannot be completely adjudicated in the absence of Hinkle, Landmark's

---

[1] This motion is substantially similar to Defendant Landmark American Insurance Company's motion filed on February 24, 2010, Docket No. 1345.

1

insured, who has an undeniable interest in this Honorable Court's interpretation of the policies, the disposition of the lawsuit and if any policy coverage and/or limits will be available to Hinkle for future litigation. Landmark requests this Court dismiss this lawsuit pursuant to Federal Rule of Civil Procedure 12(b)(7) because Plaintiff failed to join Hinkle. Hinkle is a required party to this action pursuant to Fed. Rule. Civ. P 19(a), and as such, should be joined if feasible. Unfortunately, joinder of Hinkle will not likely be feasible because it is a Florida limited liability company, whose members are all citizens of Florida. Because Hinkle will not likely be joined to this action, this case should be dismissed because both Hinkle and Landmark's interests will be impaired by disposition of the action in Hinkle's absence. Additionally, if a judgment is rendered in this action without Hinkle as a co-party, any ruling exposes Landmark to a substantial and very real risk of incurring multiple or otherwise inconsistent obligations. Accordingly, Landmark requests this Honorable Court to dismiss this action.

## I.      FACTUAL BACKGROUND.

This is an insurance coverage dispute involving houses constructed in Florida by developer, WCI Communities, Inc. ("WCI"), and its various subcontractors. On December 23, 2009, Pate, in his alleged capacity as the Trustee for the Chinese Drywall Trust of WCI, filed this lawsuit seeking a declaratory judgment regarding the liability of the defendant insurers. Pate alleges that the Defendant insurance companies owe indemnification for claims made against WCI related to WCI construction.[2] Specifically, Pate seeks a declaration that Landmark and the other alleged "subcontractor insurance companies" are obligated to indemnify the Chinese Drywall Trust in

---

[2] *See* Complaint at ¶ 54.

2

connection with the underlying claims against WCI.[3]

In Pate's Complaint, he alleges that WCI and its affiliate companies filed a voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code.[4] The subsequent Chapter 11 Reorganization Plan purportedly created the Chinese Drywall Trust to assume WCI's liability for losses suffered by claimants due to allegedly defective drywall. Said order was allegedly confirmed by the United States Bankruptcy Court, on or about August 26, 2009.

Under the Plan, WCI purportedly transferred the rights to pursue claims against insurers that issued insurance policies, under which WCI may be covered, to the Chinese Drywall Trust and its named Trustee, Robert C. Pate. Pate alleges that the defendant insurance companies in this action all issued liability insurance policies either directly to WCI or its subcontractors. As such, Pate further asserts that WCI is entitled to coverage under the policies for the drywall claims to be asserted against the trust. To that end, Pate seeks a declaratory judgment stating that the defendant insurers must indemnify the Chinese Drywall Trust for these losses.

Pate's original Complaint names all insurers who issued policies both directly to WCI and to WCI's subcontractors.[5] Landmark American Insurance Company issued a General Commercial Liability policy to Hinkle.[6] Hinkle is a limited liability company of Florida, who, upon information and belief, has never conducted any business in the State of Louisiana. Hinkle was not named as a

---

[3] *Id.*

[4] *See* Complaint at ¶ 25. *See also In re WCI Communities, Inc., et al.*, No. 08-11643 (Bankr. D. Del., 8/4/08).

[5] *See* Complaint at ¶¶ 2-17, 32-41, 45.

[6] *See* Complaint at ¶ 14.

3

party to the first Complaint.[7] In fact, none of the other subcontractors mentioned in the Complaint were named.

On March 15, 2010, Plaintiff Pate filed a First Amended Complaint.[8] This amended complaint adds a new cause of action against Defendants for tortious interference with the Lexington Policies against Chartis Claims, Inc. and added claims against Hartford Accident & Indemnity Company, National Union Fire Insurance Company of Pittsburgh, NGM Insurance Company, Ohio Casualty Company, Owners Insurance Company (a subsidiary of the previously named Auto-owners) and West American Insurance Company.

Hinkle has not been named as a party to this action in the Amended Complaint.[9] Pate's amended complaint also does not name any of the other named subcontractors. Hinkle, not WCI, negotiated with Landmark to procure the Hinkle policy, and has reported the underlying claims in the instant lawsuit to Landmark. The First Amended Complaint contains no substantive allegations against Hinkle. Hinkle, as Landmark's insured, is a required and indispensable party to this lawsuit and as such, Plaintiff's First Amended Complaint must be dismissed for failure to join them.

## II.  LAW AND ARGUMENT.

Federal Rule of Civil Procedure 12(b)(7) allows a party to ask the court to dismiss a claim for failure to join a party pursuant to Rule 19. Fed.R.Civ.P. 19 provides for the joinder of all parties whose presence in a lawsuit is required for the "fair and complete resolution of the dispute at

---

[7] *See, generally,* Complaint.

[8] The First Amended Complaint is Docket No. 1732.

[9] *See, generally,* First Amended Complaint.

4

issue."[10] If the court's jurisdiction is threatened by the joinder of a necessary party, the court must dismiss the case if it finds that, as a "matter of equity and good conscience, the lawsuit cannot proceed without them."[11] Courts are encouraged to address Rule 19 in a practical manner and should consider the various harms that the parties and absentees may suffer, if not joined.[12]

Rule 19 defines a "required" party as one without whom complete relief cannot be granted, or should the adjudication of the dispute proceed without said party, it will prejudice that person, or the interests of parties before the court. Specifically, Federal Rule of Civil Procedure 19, entitled "Required Joinder of Parties" states as follows:

(a) Persons Required to Be Joined If Feasible

(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or,
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or

---

[10] *See* Fed.R.Civ.P. 19; *Pulitzer-Polster v. Pulitzer*, 784 F. 2d 1305, 1308 (5th Cir. 1986) (stating that, "[t]he federal rules seek to bring all persons that may have an interest in the subject of an action together in one forum so that the lawsuit can be fairly and completely disposed of. In accord with this goal, Rule 19 seeks to bring into a lawsuit all those persons who ought to be there by requiring joinder"). (Internal citations omitted).

[11] *Cornhill Insurance PLC v. Valsamis, Inc.*, 106 F. 3d 80, 84 (5th Cir. 1997).

[12] *See Pulitzer Polster v. Pultizer*, F.2d 1305, 1308-09 (5th Cir. 1986); *Broussard v. Columbia Gulf Transmission Co.*, 398 F.2d 885, 888 (5th Cir. 1968), *citing to Provident Tradesmens Bank & Trust Company v. Patterson*, 390 U.S. 102, 111 (1968).

5

>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

* * *

(2) Joinder by Court Order. If a person has not been joined as required, the court must order that the persons be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

(3) Venue. If a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party.

> (b) When Joinder Is Not Feasible. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
>
>> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the parties;
>>
>> (2) the extent to which any prejudice could be lessened or avoided by:
>
> (A) provisions in the judgment
>
>> (b) shaping the relief; or,
>
> (C) other measures;
>
>> (3) whether a judgment rendered in the person's absence would be adequate; and,
>>
>> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non joinder.

Joinder under Rule 19 is a two-step process.[13] The inquiry regarding whether to dismiss a claim based on Rule 12(b)(7) and the failure to join a person or party under Rule 19 is a two-step process. First, the court must determine whether a party or entity is "required" pursuant to Rule

---

[13] *See, e.g., HS Resources, Inc. v. Wingate,* 327 F.3d 432, 439 (5th Cir. 2003).

6

19(a), and, thus, whether they should be joined.[14] A required party is one whose joinder will not deprive the Court of subject matter jurisdiction over the action if (A) in that person's absence complete relief cannot be accorded among those already parties; or, (B) the person sought to be joined claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) impair or impede the person's ability to protect that interest; or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest. Fed.R.Civ.P. 19(a).

If a "required" party or entity cannot be joined in an action for whatever reason, the second step requires the court to utilize the framework provided in 19(b) to determine if the suit should dismissed.[15] These factors include, but are not limited to:[16] (1) the prejudice to an absent party or others in the lawsuit from a judgment; (2) whether the shaping of relief can lessen prejudice to absent parties; (3) whether adequate relief can be given without participation of the party; and, 4) whether the plaintiff has another effective forum if the suit is dismissed.[17]

---

[14] *Id.*

[15] *Id.*

[16] *See Republic of the Philippines v. Pimentel,* 128 S. Ct. 2180, 2192-93 (2008), in which the United States Supreme Court stated that beyond these four factors, courts should look whether in equity and good conscience, the action should proceed among the existing parties or should be dismissed. Thus, because the determination of who is a "necessary" and "required" party to a suit has direct consequences on all persons effected by the judgment, for the judicial system and for society's concern for fair and prompt resolution of disputes, the court should consider both the facts listed in subpart (b) of Rule 19, as well as equitable considerations. *Id.*

[17] *Id.*

### A. Hinkle Drywall, LLC is a Required and Indispensable Party.[18]

Hinkle is a required party to be joined because the disposition of this case in its absence may impair or impede their ability to protect their interests and will cause defendant Landmark to be subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations.

Parties to a contract, and those with a substantial interest in the contract, are considered required parties under Rule 19.[19] Similarly, federal courts consistently hold that a party to an agreement in dispute is an indispensable party in a suit seeking to annul, interpret or rescind said agreement.[20] Moreover, in an action for declaratory judgment involving the interpretation of an insurance contract, both the insurer and the insured are necessary and indispensable parties to the suit.[21]

---

[18]   The Federal Rules of Civil Procedure no longer use the terms "necessary" and "indispensable" to describe parties that should or must be joined to the litigation, though they are still often used in by courts in their analysis of these issues. *See Picciotto v. Cont'l Cas. Co.*, 512 F.3d 9, 16 n. 10 (1st Cir. 2008).

[19]   *See, e.g., Pujol v. Shearson/American Express, Inc.*, 877 F. 2d 132, 137 (1st Cir. 1989); *H.D. Corp. of Puerto Rico v. Ford Motor Company*, 791 F. 2d 987, 993 (1st Cir. 1986); *Maryland Cas. Co. v. Boyle Construction Co.*, 123 F. 2d 558 (4th Cir. 1941) (holding an "insured is an indispensable party" in a "controversy over the meaning of coverage of the policy or over the question of its validity or expiration."); *Siemens Building Technologies, Inc. v. Jefferson Parish*, 03-2272, *6 (E.D. La., 8/16/04); 2004 WL 1837386.

[20]   *Siemens Building Technologies, Inc. v. Jefferson Parish*, 03-2272, *6 (E.D. La., 8/16/04); 2004 WL 1837386, *citing Niagra Mohawk Power*, 94 F. 3d 747 (2nd Cir. 1996) (in which the Second Circuit affirmed the district court's ruling, 862 F. Supp. 995); *Moore v. Ashland Oil*, 901 F. 2d 1445 (7th Cir. 1990); *Lomayaktewa v. Hathaway*, 520 U.S. 1324, 1327 (9th Cir. 1975), *cert denied; The Torrington Co. v. Youst*, 139 F.R.D. (D.S.C., 1990). *See also Denkmann Association v. International Paper Company*, 132 F.R.D. 168 (M.D. La. 1990).

[21]   *See Burns v. Scottsdale Insurance Co.*, 2009 WL 86549 (W.D. Wash. 2009) (holding that an insured was a required party to a declaratory judgment action concerning the interpretation and application of the insured's insurance policy); *Aetna Cas. & Sur. Co. v. Rasa Management Company, Inc.*, 621 F. Supp. 892, 893 (D. Nev. 1985).

Hinkle is a required party because this Court's decision will highly impact Hinkle's rights of coverage by Landmark to both Chinese drywall claims, as well as any and all other claims arising under the same CGL policy. Surely Pate cannot seriously contend that Hinkle does not have an interest related to the subject matter of the action. Pate alleges that Hinkle was obligated, as WCI's subcontractor, to purchase insurance that would provide coverage to WCI for lawsuits. Pate seeks a judgment of this Court that Landmark has a duty to provide indemnification to WCI under its policy. If this Court were to determine Landmark owes a duty to indemnify WCI, this Court could prohibit or exhaust Hinkle's potential future coverage, without allowing it any input or voice in the subject matter litigation. If the policy limits are exhausted in this subject matter litigation, Hinkle may not have any insurer to pay for future coverage and defense costs. This is simply untenable. Thus, Hinkle is so situated that the disposition of this action in its absence will almost undoubtedly impair or impede its ability to protect its interest in future litigation.

Further, the failure to join Hinkle will almost undoubtedly leave both Hinkle and Landmark subject to a substantial risk of incurring multiple or otherwise inconsistent obligations. In this case, it is easy to envision a situation in which Hinkle files suit seeking indemnification and/or defense under the terms of the same insurance contract in another jurisdiction which results in a different interpretation of the contract. This could subject Landmark to conflicting judgments or obligations that are inconsistent.

Clearly, Hinkle has an interest in this action and should be joined so its position can be heard. Any decision by this Court could potentially leave Hinkle with no coverage and no defense in both this case and future litigation that is potentially covered by the same policy. Further, Landmark bears the risk of having to pay for multiple lawsuits and multiple costs for defense and/or indemnification

if Hinkle is not joined as a party to the instant suit. Therefore, Hinkle is a required party pursuant to Fed.R.Civ.P. 19(a).

### B.     This Action Should Be Dismissed.

Because Hinkle is a required party to this action, it must be joined or risk prejudicing itself and parties to the instant suit. However, because joinder of Hinkle is unfeasible, this case should be dismissed.

The first 19(b) factor listed in the text of the statute requires a determination of the extent to which a judgment rendered in the person's absence may prejudice the missing party, or the existing parties to the action. *See* Fed.R.Civ.P. 19(b)(1). In this case, a judgment rendered in Hinkle's absence, as well as in the absence of all named insureds in this action, may prejudice both Hinkle and Landmark. Specifically, as discussed above, Hinkle's interests may be prejudiced by this action, should it occur in its absence.

The second 19(b) factor is the extent to which, if any, prejudice could be lessened or avoided by relief or other such measures, other than dismissal. Fed.R.Civ.P. 19(b)(2). There are no other alternative protective measures of this Court that would prevent inconsistent future judgments, avoid prejudice to Hinkle (or the other not named subcontractors), or avoid prejudice to the named parties to this action. Because of jurisdiction issues, joinder of all required and indispensable parties into one complete suit cannot be accomplished in the Eastern District of Louisiana.

The third 19(b) factor is whether or not a judgment rendered, without the absent party, would be adequate. Fed.R.Civ.P. 19(b)(3). Adequacy has been defined through jurisprudence to mean the "public stake in settling disputes in wholes, whenever possible," and the "social interest in the

10

efficient administration of justice and the avoidance of multiple litigation."[22] Any judgment rendered without Hinkle, WCI or the other subcontractors would be inadequate.

The final factor listed in Rule 19(b) asks whether the Plaintiff will have an adequate remedy if the action were dismissed for non-joinder.[23] Here, Hinkle is a Florida corporation. The houses at issue in the subject matter litigation were constructed in Florida. All of the defendant insurers are subject to personal jurisdiction in Florida. On belief, all of the insured parties listed in the Complaint are all subject to jurisdiction in Florida. Thus, it appears that both venue and jurisdiction would be proper if this suit was dismissed and re-filed in Florida. As such, clearly there is a forum available to plaintiff that can provide an adequate remedy, should this honorable Court dismiss this action.

In sum, all four factors listed in 19(b) point toward the dismissal of this action for failure to join Hinkle as a party. Further, while the consideration of judicial economy alone does not justify dismissal, it is a "major policy behind Rule 19 and should be considered with other relevant factors."[24] Should this suit not be dismissed, similar actions will be filed in Florida state courts, in which either the insurer or the insured may seek a declaratory judgment to the policy, and the same exclusions and coverage issues will be litigated multiple times.[25] In this case, where there is an available forum in which *all* interested parties to the suit can litigate *all* of the issues involved at the

---

[22] *Provident Tradesmens Bank & Trust Company v. Patterson*, 390 U.S. 102, 111 (1968); *Illinois Brick Company v. Illinois*, 431 U.S. 702, 737-38 (1977).

[23] Fed.R.Civ.P. 19(b)(4).

[24] *Dernick v. Bralorne Resources, Ltd.*, 639 F. 2d 196 (5th Cir. 1981); *Ralli-Coney, Inc. v. Gates*, 528 F. 2d 572 (5th Cir. 1973); *Martin v. Travelers Indem. Co.*, 450 F. 2d 543 (5th Cir. 1971); *Denkmann Association v. International Paper Company*, 132 F.R.D. 168 (M.D. La. 1990).

[25] *See, e.g., Mid Continental Cas. Co. v. Pate*, an action filed in the Middle District of Florida on February 23, 2010.

same time, and all interests being represented, it makes less sense to maintain this action in the Eastern District which will only prolong what looks to be lengthy litigation.

### III. CONCLUSION.

Hinkle is an indispensable party under Fed.R.Civ.P. 19. Based upon the face of the First Amended Complaint, Hinkle's interests may be impaired by disposition of the action in its absence, or whose absence may leave Landmark subject to a substantial and very real risk of incurring multiple or otherwise inconsistent obligations. Because joinder of Hinkle is probably not feasible as a Florida limited liability company with no jurisdictional ties to Louisiana, this case should be dismissed. As such, Landmark prays that this Honorable Court dismiss Pate's claims against Landmark American Insurance Company under Federal Rules of Civil Procedure 12(b)(7) and 19.

/s/ James W. Hailey, III
JAMES W. HAILEY, III, T.A. (23111)
WILLIAM C. HARRISON (6616)
WENDEL A. STOUT, III (12511)
MELISSA M. SWABACKER (32710)
DEUTSCH, KERRIGAN & STILES
755 Magazine Street
New Orleans LA 70130
Phone: 504-581-5141
Fax: 504-566-1201
jhailey@dkslaw.com
Attorneys for Landmark American Insurance Co.