UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | * | MDL No. 2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION "L" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE FALLON |
| | * | |
| SEAN and BETH PAYTON, individually, | * | MAG. JUDGE WILKINSON |
| and on behalf of all others similarly | * | |
| situated [and ADDITIONAL PLAINTIFFS | * | |
| listed on Plaintiffs' Exhibit A] | * | |
| | * | |
| vs. | * | |
| | * | |
| KNAUF GIPS KG; KNAUF | * | |
| PLASTERBOARD (TIANJIN) CO., LTD.; | * | |
| KNAUF PLASTERBOARD (WUHU), CO., | * | |
| LTD.; KNAUF PLASTERBOARD | * | |
| (DONGGUAN) CO., LTD. | * | |
| [and ADDITIONAL DEFENDANTS listed | * | |
| on Plaintiffs' Exhibit B] | * | |
| | * | |
| CASE NO. 2:09-CV-7628 | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER AND RULE 12 DEFENSES
## OF LOWE'S HOME CENTERS, INC.

NOW INTO COURT, through undersigned counsel, comes Lowe's Home Centers, Inc.

("Lowe's"), sought to be made defendant herein, which files the following Answer and Rule 12

Defenses in response to Plaintiffs' "Omnibus Class Action Complaint" ("Complaint").

a.      The allegations in the first, unnumbered Paragraph in Plaintiffs' Complaint are

not directed at Lowe's and require no response from Lowe's.  In the event a response is required,

1

Lowe's denies that it is liable for damages incurred by Plaintiffs and denies the remaining allegations in this first, unnumbered Paragraph for lack of information sufficient to form a belief as to the truth of the allegations.

      b.      The allegations in the first, unnumbered Paragraph in Plaintiffs' Complaint refer to "Chinese manufactured drywall."  Elsewhere in the Complaint, Plaintiffs use the more general word "drywall."  In light of the use of the phrase "Chinese manufactured drywall" in the first, unnumbered Paragraph, and considering that this Complaint is filed in MDL litigation in which "[a]ll actions share factual allegations concerning drywall manufactured in China, imported to and distributed in the United States, and used in the construction of homes,"[1] Lowe's interprets the word "drywall" in all other Paragraphs in the Complaint to mean "Chinese manufactured drywall" as opposed to, for example, drywall manufactured in the United States.  Accordingly, the responses in this Answer to any Paragraphs in the Complaint containing the word "drywall" should be interpreted solely as a response to an allegation concerning Chinese manufactured drywall.

      1.      The allegations in Paragraph 1 assert legal conclusions to which no response is required.  To the extent a response is required, Lowe's states that it is a North Carolina corporation with its principal place of business in North Carolina.  Lowe's denies the remaining allegations in Paragraph 1 because Plaintiffs are entitled to no recovery from Lowe's.

      2.      The allegations in Paragraph 2 assert legal conclusions to which no response is required.  To the extent a response is required, Lowe's denies the allegations in Paragraph 2 for lack of information sufficient to form a belief as to the truth of the allegations.

      3.      The allegations in Paragraph 3 assert legal conclusions to which no response is required.  To the extent that a response is required, Lowe's denies the allegations in Paragraph 3

---

[1]  *In re: Chinese-Manufactured Drywall Products Liability Litigation*, 626 F.Supp.2d 1346, 1347 (J.P.M.L. 2009).

for lack of information sufficient to form a belief as to the truth of the allegations, but Lowe's acknowledges that venue in this district for coordinated or consolidated pretrial proceedings is consistent with the Transfer Order of the Judicial Panel on Multidistrict Litigation ("JPML") *See In re: Chinese-Manufactured Drywall Products Liability Litigation*, 626 F.Supp.2d 1346 (J.P.M.L. Jun. 15, 2009.

4.     The allegations in Paragraph 4 are not directed at Lowe's and require no response from Lowe's.  In the event a response is required, Lowe's denies the allegations in Paragraph 4 for lack of information sufficient to form a belief as to the truth of the allegations.

5-2072.  The allegations in Paragraphs 5 through 2072 are not directed at Lowe's and require no response from Lowe's.  In the event a response is required, Lowe's denies the allegations in Paragraphs 5 through 2072 for lack of information sufficient to form a belief as to the truth of the allegations.

2073-2609.  In response to the allegations in Paragraphs 2073 to 2609, Lowe's admits that it is a North Carolina corporation with its principal place of business in North Carolina. Lowe's denies that it has engaged in practices which resulted in harm and damages to Plaintiffs or any proposed class or subclass members.  The remaining allegations in Paragraphs 2073-2609 are not directed at Lowe's and require no response from Lowe's.  In the event a response is required, Lowe's denies the remaining allegations in Paragraphs 2073-2609 for lack of information sufficient to form a belief as to the truth of the allegations.

2610-2620.  Lowe's denies the allegations in Paragraphs 2610 to 2620 to the extent that they are directed to Lowe's.  The remaining allegations in Paragraphs 2610 to 2620 are not directed at Lowe's and require no response from Lowe's.

2621.   The allegations in Paragraph 2621 are not directed at Lowe's and require no response from Lowe's.  In the event a response is required, Lowe's denies the allegations in Paragraph 2621 for lack of information sufficient to form a belief as to the truth of the allegations.

2622.   The allegations in Paragraph 2622 are not directed at Lowe's and require no response from Lowe's.  In the event a response is required, Lowe's denies the allegations in Paragraph 2622 for lack of information sufficient to form a belief as to the truth of the allegations.

2623.   The allegations in Paragraph 2623 assert legal conclusions to which no response is required.  In the event a response is required, Lowe's denies the allegations in Paragraph 2623 for lack of information sufficient to form a belief as to the truth of the allegations.

2624.   The allegations in Paragraph 2624 are not directed at Lowe's and require no response from Lowe's.  In the event a response is required, Lowe's denies the allegations in Paragraph 2624 for lack of information sufficient to form a belief as to the truth of the allegations.

2625.   The allegations in Paragraph 2625 are not directed at Lowe's and require no response from Lowe's.  In the event a response is required, Lowe's denies the allegations in Paragraph 2625 for lack of information sufficient to form a belief as to the truth of the allegations.

2626.   The allegations in Paragraph 2626 are not directed at Lowe's and require no response from Lowe's.  In the event a response is required, Lowe's denies the allegations in Paragraph 2626 for lack of information sufficient to form a belief as to the truth of the allegations.

2627.   The allegations in Paragraph 2627 are not directed at Lowe's and require no response from Lowe's.  In the event a response is required, Lowe's denies the allegations in Paragraph 2627 for lack of information sufficient to form a belief as to the truth of the allegations.

2628.   The allegations in Paragraph 2628 are not directed at Lowe's and require no response from Lowe's.  In the event a response is required, Lowe's denies the allegations in Paragraph 2628 for lack of information sufficient to form a belief as to the truth of the allegations.

2629.   The allegations in Paragraph 2629 are not directed at Lowe's and require no response from Lowe's.  In the event a response is required, Lowe's denies the allegations in Paragraph 2629 for lack of information sufficient to form a belief as to the truth of the allegations.

2630.   The allegations in Paragraph 2630 are not directed at Lowe's and require no response from Lowe's.  In the event a response is required, Lowe's denies the allegations in Paragraph 2630 for lack of information sufficient to form a belief as to the truth of the allegations.

2631.   The allegations in Paragraph 2631 are not directed at Lowe's and require no response from Lowe's.  In the event a response is required, Lowe's denies the allegations in Paragraph 2631 for lack of information sufficient to form a belief as to the truth of the allegations.

2632.   The allegations in Paragraph 2632 assert legal conclusions to which no response is required and are not directed at Lowe's and require no response from Lowe's.  To the extent a response is required, Lowe's denies the allegations in Paragraph 2632.

2633.   The allegations in Paragraph 2633 assert legal conclusions to which no response is required and are not directed at Lowe's and require no response from Lowe's.  To the extent a response is required, Lowe's denies the allegations in Paragraph 2633.

2634.   The allegations in Paragraph 2634 assert legal conclusions to which no response is required and are not directed at Lowe's and require no response from Lowe's.  To the extent a response is required, Lowe's denies the allegations in Paragraph 2634.

2635.   The allegations in Paragraph 2635 assert legal conclusions to which no response is required and are not directed at Lowe's and require no response from Lowe's.  To the extent a response is required, Lowe's denies the allegations in Paragraph 2635 for lack of information sufficient to form a belief as to the truth of the allegations.

2636.   The allegations in Paragraph 2636 assert legal conclusions to which no response is required and are not directed at Lowe's and require no response from Lowe's.  To the extent a response is required, Lowe's denies the allegations in Paragraph 2636.

2637.   The allegations in Paragraph 2637 assert legal conclusions to which no response is required and are not directed at Lowe's and require no response from Lowe's.  To the extent a response is required, Lowe's denies the allegations in Paragraph 2637.

2638.   The allegations in Paragraph 2638 assert legal conclusions to which no response is required and are not directed at Lowe's and require no response from Lowe's.  To the extent a response is required, Lowe's denies the allegations in Paragraph 2638.

2639.   The allegations in Paragraph 2639 assert legal conclusions to which no response is required and are not directed at Lowe's and require no response from Lowe's.  To the extent a response is required, Lowe's denies the allegations in Paragraph 2639.

2640.   In response to Paragraph 2640, Lowe's restates its responses to the preceding paragraphs.

2641.   The allegations in Paragraph 2641 assert legal conclusions to which no response is required.  To the extent a response is required, Lowe's denies the allegations in Paragraph 2641 for lack of information sufficient to form a belief as to the truth of the allegations.

2642.   To the extent that the allegations in Paragraph 2642 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2642.  To the extent that the allegations in Paragraph 2642 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2643.   To the extent that the allegations in Paragraph 2643 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2643.  To the extent that the allegations in Paragraph 2643 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2644.   To the extent that the allegations in Paragraph 2644 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2644.  To the extent that the allegations in Paragraph 2644 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2645.   To the extent that the allegations in Paragraph 2645 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2645.  To the extent that the allegations in Paragraph 2645 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2646.   To the extent that the allegations in Paragraph 2646 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2646.  To the extent that the allegations in Paragraph

2646 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2647.   To the extent that the allegations in Paragraph 2647 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2647.  To the extent that the allegations in Paragraph 2647 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2648.   In response to Paragraph 2648, Lowe's restates its responses to the preceding paragraphs.

2649.   Paragraph 2649 is vague and ambiguous because it does not identify any applicable statutes and therefore requires no response.  Additionally, the allegations in Paragraph 2649 assert legal conclusions to which no response is required.  To the extent a response is required, Lowe's denies the allegations in Paragraph 2649 for lack of information sufficient to form a belief as to the truth of the allegations.

2650.   Paragraph 2650 is vague and ambiguous because it does not identify any applicable statutes and therefore requires no response.  To the extent a response is required, and to the extent that the allegations in Paragraph 2650 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2650.  To the extent a response is required, and to the extent that the allegations in Paragraph 2650 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2651.   Paragraph 2651 is vague and ambiguous because it does not identify any applicable statutes and therefore requires no response.  To the extent a response is required, and to the extent that the allegations in Paragraph 2651 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2651.  To the extent a response is required, and to the extent that the

allegations in Paragraph 2651 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2652.  To the extent that the allegations in Paragraph 2652 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2652.  To the extent that the allegations in Paragraph 2652 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2653.  To the extent that the allegations in Paragraph 2653 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2653.  To the extent that the allegations in Paragraph 2653 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2654.  To the extent that the allegations in Paragraph 2654 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2654.  To the extent that the allegations in Paragraph 2654 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2655.  In response to Paragraph 2655, Lowe's restates its responses to the preceding paragraphs.

2656.  Paragraph 2656, including the phrase "at all times relevant hereto," is vague and ambiguous and therefore requires no response.  To the extent a response is required, and to the extent that the allegations in Paragraph 2656 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2656.  To the extent a response is required, and to the extent that the allegations in Paragraph 2656 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2657.   Paragraph 2657 is vague and ambiguous and therefore requires no response.  To the extent a response is required, and to the extent that the allegations in Paragraph 2657 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2657. To the extent a response is required, and to the extent that the allegations in Paragraph 2657 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2658.   To the extent that the allegations in Paragraph 2658 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2658.  To the extent that the allegations in Paragraph 2658 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2659.   To the extent that the allegations in Paragraph 2659 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2659.  To the extent that the allegations in Paragraph 2659 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2660.   To the extent that the allegations in Paragraph 2660 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2660 for lack of information sufficient to form a belief as to the truth of the allegations. To the extent that the allegations in Paragraph 2660 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2661.   To the extent that the allegations in Paragraph 2661 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2661 for lack of information sufficient to form a belief as to the truth of the allegations. To the extent that the allegations in Paragraph 2661 are

directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2662.   To the extent that the allegations in Paragraph 2662 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2662 for lack of information sufficient to form a belief as to the truth of the allegations. To the extent that the allegations in Paragraph 2662 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2663.   The allegations in Paragraph 2663 assert legal conclusions to which no response is required.  To the extent a response is required, and to the extent that the allegations in Paragraph 2663 are directed to Lowe's, Lowe's denies these allegations.  To the extent a response is required, and to the extent that the allegations in Paragraph 2663 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2664.   The allegations in Paragraph 2664 assert legal conclusions to which no response is required.  To the extent a response is required, and to the extent that the allegations in Paragraph 2664 are directed to Lowe's, Lowe's denies these allegations.  To the extent a response is required, and to the extent that the allegations in Paragraph 2664 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2665.   The allegations in Paragraph 2665 assert legal conclusions to which no response is required.  To the extent a response is required, and to the extent that the allegations in Paragraph 2665 are directed to Lowe's, Lowe's denies these allegations.  To the extent a response is required, and to the extent that the allegations in Paragraph 2665 are directed at other

Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2666.   The allegations in Paragraph 2666 assert legal conclusions to which no response is required.  To the extent a response is required, and to the extent that the allegations in Paragraph 2666 are directed to Lowe's, Lowe's denies these allegations.  To the extent a response is required, and to the extent that the allegations in Paragraph 2666 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2667.   The allegations in Paragraph 2667 assert legal conclusions to which no response is required.  To the extent a response is required, and to the extent that the allegations in Paragraph 2667 are directed to Lowe's, Lowe's denies these allegations.  To the extent a response is required, and to the extent that the allegations in Paragraph 2667 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2668.   The allegations in Paragraph 2668 assert legal conclusions to which no response is required.  To the extent a response is required, and to the extent that the allegations in Paragraph 2668 are directed to Lowe's, Lowe's denies these allegations.  To the extent a response is required, and to the extent that the allegations in Paragraph 2668 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2669.   To the extent that the allegations in Paragraph 2669 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2669.  To the extent that the allegations in Paragraph

2669 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2670.   To the extent that the allegations in Paragraph 2670 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2670.  To the extent that the allegations in Paragraph 2670 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2671.   To the extent that the allegations in Paragraph 2671 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2671.  To the extent that the allegations in Paragraph 2671 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2672.   To the extent that the allegations in Paragraph 2672 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2672.  To the extent that the allegations in Paragraph 2672 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2673.   In response to Paragraph 2673, Lowe's restates its responses to the preceding paragraphs.

2674.   The allegations in Paragraph 2674 assert legal conclusions to which no response is required.  To the extent a response is required, and to the extent that the allegations in Paragraph 2674 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2675.   The allegations in Paragraph 2675 assert legal conclusions to which no response is required.  To the extent a response is required, and to the extent that the allegations in

Paragraph 2675 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2676.   To the extent that the allegations in Paragraph 2676 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2676.  To the extent that the allegations in Paragraph 2676 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2677.   To the extent that the allegations in Paragraph 2677 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2677.  To the extent that the allegations in Paragraph 2677 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2678.   To the extent that the allegations in Paragraph 2678 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2678.  To the extent that the allegations in Paragraph 2678 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2679.   To the extent that the allegations in Paragraph 2679 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2679.  To the extent that the allegations in Paragraph 2679 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2680.   To the extent that the allegations in Paragraph 2680 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2680.  To the extent that the allegations in Paragraph 2680 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2681-2710.  The allegations in Paragraphs 2681 to 2710 are directed at "Builders Only" or "Louisiana Builders Only" and not Lowe's, and therefore no response from Lowe's is required.  To the extent that the allegations in Paragraphs 2681-2710 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2681-2710.  To the extent that the allegations in Paragraph 2681-2710 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2711-2720.  The allegations in Paragraph 2711 to 2720 are not directed at Lowe's because these allegations are brought by "Louisiana Plaintiffs" and the two Plaintiffs suing Lowe's in this Complaint are not Louisiana Plaintiffs; therefore no response from Lowe's is required.  To the extent that a response is required and to the extent that the allegations in Paragraphs 2711 to 2720 are directed at Lowe's, Lowe's denies the allegations. Also, to the extent that a response is required and to the extent that the allegations in Paragraphs 2711 to 2720 are directed at Lowe's, the allegations are unreasonably vague and ambiguous. Finally, to the extent that a response is required and to the extent the allegations are directed at other defendants, Lowe's denies all remaining allegations in Paragraphs 2711 to 2720 for lack of information sufficient to form a belief as to the truth of the allegations.

2721-2734.  The allegations in Paragraph 2721 to 2734 are not directed at Lowe's because these allegations are brought by "Louisiana Plaintiffs" and the two Plaintiffs suing Lowe's in this Complaint are not Louisiana Plaintiffs; therefore no response from Lowe's is required.  Additionally, the allegations in Paragraph 2721 to 2734 are directed at Manufacturing Defendants and Distributor Defendants and not Lowe's, and therefore no response from Lowe's is required.  To the extent that a response is required and to the extent that the allegations in Paragraphs 2721 to 2734 are directed at Lowe's, Lowe's denies the allegations in Paragraphs

2721 to 2734.  To the extent that the allegations in Paragraphs 2721 to 2734 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2735.   In response to Paragraph 2735, Lowe's restates its responses to the preceding paragraphs.

2736.   To the extent that the allegations in Paragraph 2736 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2736.  To the extent that the allegations in Paragraph 2736 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2737.   To the extent that the allegations in Paragraph 2737 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2737.  To the extent that the allegations in Paragraph 2737 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2738.   To the extent that the allegations in Paragraph 2738 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2738.  To the extent that the allegations in Paragraph 2738 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2739.   To the extent that the allegations in Paragraph 2739 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2739.  To the extent that the allegations in Paragraph 2739 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2740.   To the extent that the allegations in Paragraph 2740 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2740.  To the extent that the allegations in Paragraph

2740 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2741.   To the extent that the allegations in Paragraph 2741 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2741.  To the extent that the allegations in Paragraph 2741 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2742.   In response to Paragraph 2742, Lowe's restates its responses to the preceding paragraphs.

2743.   To the extent that the allegations in Paragraph 2743 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2743.  To the extent that the allegations in Paragraph 2743 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2744.   To the extent that the allegations in Paragraph 2744 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2744.  To the extent that the allegations in Paragraph 2744 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2745.   To the extent that the allegations in Paragraph 2745 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2745.  To the extent that the allegations in Paragraph 2745 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2746.   To the extent that the allegations in Paragraph 2746 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2746.  To the extent that the allegations in Paragraph

2746 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2747.   To the extent that the allegations in Paragraph 2747 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2747.  To the extent that the allegations in Paragraph 2747 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2748.   To the extent that the allegations in Paragraph 2748 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2748.  To the extent that the allegations in Paragraph 2748 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2749.   In response to Paragraph 2749, Lowe's restates its responses to the preceding paragraphs.

2750.   To the extent that the allegations in Paragraph 2750 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2750.  To the extent that the allegations in Paragraph 2750 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2751.   To the extent that the allegations in Paragraph 2751 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2751.  To the extent that the allegations in Paragraph 2751 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2752.   To the extent that the allegations in Paragraph 2752 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2752.  To the extent that the allegations in Paragraph

2752 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2753.   In response to Paragraph 2753, Lowe's restates its responses to the preceding paragraphs.

2754.   The allegations in Paragraph 2754 are not directed at Lowe's and assert legal conclusions to which no response is required.  To the extent a response is required, Lowe's denies the allegations in Paragraph 2754 for lack of information sufficient to form a belief as to the truth of the allegations.

2755.   The allegations in Paragraph 2755 are not directed at Lowe's and assert legal conclusions to which no response is required.  To the extent a response is required, Lowe's denies the allegations in Paragraph 2755 for lack of information sufficient to form a belief as to the truth of the allegations.

2756.   To the extent that the allegations in Paragraph 2756 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2756.  To the extent that the allegations in Paragraph 2756 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2757.   To the extent that the allegations in Paragraph 2757 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2757.  To the extent that the allegations in Paragraph 2757 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2758.   In response to Paragraph 2758, Lowe's restates its responses to the preceding paragraphs.

2759.   The allegations in Paragraph 2759 assert legal conclusions to which no response is required.  To the extent a response is required, and to the extent that the allegations in Paragraph 2759 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2759.  To the extent a response is required, and to the extent that the allegations in Paragraph 2759 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2760.   The allegations in Paragraph 2760 assert legal conclusions to which no response is required.  To the extent a response is required, and to the extent that the allegations in Paragraph 2760 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2760.  To the extent a response is required, and to the extent that the allegations in Paragraph 2760 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2761.   To the extent that the allegations in Paragraph 2761 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2761.  To the extent that the allegations in Paragraph 2761 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2762.   The allegations in Paragraph 2762 assert legal conclusions to which no response is required.  To the extent a response is required, and to the extent that the allegations in Paragraph 2762 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2762.  To the extent a response is required, and to the extent that the allegations in Paragraph 2762 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2763.   To the extent that the allegations in Paragraph 2763 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2763.  To the extent that the allegations in Paragraph 2763 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2764.   To the extent that the allegations in Paragraph 2764 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2764.  To the extent that the allegations in Paragraph 2764 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2765.   To the extent that the allegations in Paragraph 2765 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2765.  To the extent that the allegations in Paragraph 2765 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2766.   To the extent that the allegations in Paragraph 2766 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2766.  To the extent that the allegations in Paragraph 2766 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2767.   To the extent that the allegations in Paragraph 2767 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2767.  To the extent that the allegations in Paragraph 2767 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2768.   To the extent that the allegations in Paragraph 2768 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2768.  To the extent that the allegations in Paragraph

2768 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2769.   To the extent that the allegations in Paragraph 2769 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2769.  To the extent that the allegations in Paragraph 2769 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2770.   To the extent that the allegations in Paragraph 2770 are directed to Lowe's, Lowe's denies the allegations in Paragraph 2770.  To the extent that the allegations in Paragraph 2770 are directed at other Defendants, Lowe's denies the allegations for lack of information sufficient to form a belief as to the truth of the allegations.

2771.   In response to the final, unnumbered paragraph, Lowe's also hereby demands a trial by jury.

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

The Complaint fails to join a party under Rule 19 including without limitation the manufacturer(s) and/or importer(s) of drywall.

**THIRD DEFENSE**

This case cannot proceed as a class action under Fed. R. Civ. Pro. 23(a) because the class is not so numerous that joinder of all members impracticable, there are not questions of law or fact common to the class, the claims or defenses of the proposed representatives are not typical of the claims or defenses of the class, and/or the representative parties will not fairly and adequately protect the interests of any proposed class.  Additionally, Plaintiffs do not meet any

of the requirements of Fed. R. Civ. Pro. 23(b) because it would be appropriate for any prospective class members to prosecute separate actions, Lowe's did not act or refuse to act on grounds that apply generally to the class such that injunctive or declaratory relief is appropriate, and any questions of law or fact common to the proposed class members do not predominate over questions affecting only individual members and a class action is not superior to other methods of adjudicating claims.

### FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the applicable law of prescription, laches, estoppel, waiver, applicable statutes of limitation, and applicable statutes of repose.

### FIFTH DEFENSE

To the extent that some or all of the Plaintiffs seek application of a state's law other than the state law that governs pursuant to an appropriate choice-of-law analysis, such claims conflict with the Due Process and Full Faith and Credit Clauses and are barred by the Supremacy Clause of the United States Constitution.

### SIXTH DEFENSE

To the extent that the laws of another state apply to the action of an individual Plaintiff, Lowe's asserts any and all defenses under the laws of that state, including any defenses arising under that state's Constitution or similar charter.

### SEVENTH DEFENSE

If Plaintiffs sustained any damages, which is denied, such damages were caused by the acts or omissions of others for whom Lowe's bears no responsibility or liability, including without limitation the manufacturer(s) and/or importer(s) of drywall.

## EIGHTH DEFENSE

Any defect in the product, which is denied, resulted from the fault of third persons presently unknown.

## NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because of the comparative fault of Plaintiffs and/or third persons, which entitles Lowe's to have any award for Plaintiffs extinguished or reduced.

## TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the fault of Plaintiffs and/or third persons was an intervening and/or superseding cause so that any fault of Lowe's was not a legal or proximate cause of Plaintiffs' alleged damages.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the defenses of statutory and/or contractual indemnity by, without limitation, the manufacturer(s) or importer(s) of the drywall that is the subject of this lawsuit.

## TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because of Plaintiffs' assumption of the risk.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because of Plaintiffs' failure to mitigate their damages.

**FOURTEENTH DEFENSE**

Plaintiffs allege hidden defects that were unknown to Lowe's at the time of the sale. To the extent there is any credible evidence that Lowe's sold "drywall" as defined in this Answer and Defenses, which is denied, Lowe's cannot be held liable to Plaintiffs because a non-manufacturer seller does not have a duty to inspect a product prior to sale to determine the possibility of hidden vices or defects.

**FIFTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not provide Lowe's with notice of their particular intended use of the product sold, nor did Lowe's otherwise know of Plaintiffs' particular intended use of the product.

**SIXTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to give Lowe's notice of any alleged defect and failed to provide opportunity and reasonable time for Lowe's to cure any alleged defect.

**SEVENTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the product sold was reasonably fit for ordinary use.

**EIGHTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Lowe's did not select a product for Plaintiffs, nor did Lowe's have any knowledge that Plaintiffs purported to rely on Lowe's skill or judgment in selecting the product.

## NINETEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because of a lack of privity and/or because Plaintiffs were not known to be third party beneficiaries of any alleged sale.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Lowe's was not a manufacturer.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, because it would violate Lowe's due process rights to hold Lowe's liable on a claim of negligence per se or strict liability.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to allege practices that were unfair or deceptive.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs brought this action in a representative capacity.

## TWENTY-FOURTH DEFENSE

Plaintiffs' medical monitoring claims are barred, in whole or in part, because there is no independent cause of action for medical monitoring and Plaintiffs must first prove some other tort to seek damages which constitute medical monitoring.

## TWENTY-FIFTH DEFENSE

Plaintiffs' medical monitoring claims are barred, in whole or in part, because Plaintiffs have not alleged and cannot prove all of the required elements.

## TWENTY-SIXTH DEFENSE

Plaintiffs' medical monitoring claims are barred, in whole or in part, because the medical monitoring sought by Plaintiffs is not directly related to a manifest or current physical or mental injury or disease caused by exposure.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Economic Loss Rule.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' request for punitive damages fails for numerous reasons.  First, the Complaint does not set forth any justification for punitive damages, and instead simply requests them in the prayer.  Second, Plaintiffs fail to satisfy all of the statutory requirements for punitive damages under the applicable state law, and Lowe's pleads all rights and defenses under the applicable state law, including for example (and without limitation) Miss. Code Ann. § 11-1-65 and Fla. Stat. § 768.72.  Additionally, any law providing for punitive damages against Lowe's in this case is unconstitutional on its face, or alternatively any award of punitive damages in this case would be unconstitutional under the Fifth and Fourteenth Amendments of the United States Constitution ("Due Process," "Equal Protection" and "Double Jeopardy"), the Eighth Amendment of the United States Constitution ("Excessive Punishment"), Article I, Section 8 of the United States Constitution (the "Commerce Clause"), Article I, Section 2 of the Louisiana Constitution ("Due Process"), Article I, Section 3 of the Louisiana Constitution ("Equal Protection"), Article I, Section 4 of the Louisiana Constitution ("Right to Property"), Article I, Section 15 of the Louisiana Constitution ("Double Jeopardy"), and Article I, Section 20 of the Louisiana Constitution ("Excessive Punishment"), Article 3 §14 of the Mississippi Constitution ("Due Process Clause"), Article 3 §22 of the Mississippi Constitution ("Double Jeopardy"),

Article 3 §28 of the Mississippi Constitution ("Excessive Punishment"), Article 3 §32 of the

Mississippi Constitution ("Inherent Rights"), and similar provisions under the Florida

Constitution on the following non-exclusive grounds:

(a) The law allowing for punitive damages is impermissibly over-broad and vague and fails to give adequate notice of either the proscribed conduct or the severity of punishment that may be imposed, and on this basis violates federal and state due process and the state right to property;

(b) The law allowing for punitive damages provides for a defendant to be punished in part based on harm to the public, i.e., nonparties, and is therefore facially unconstitutional or unconstitutional as applied under federal and state due process and the state right to property;

(c) An award of punitive damages in this case would violate federal and state due process as well as the state right to property to the extent based on harm to nonparties;

(d) An award of punitive damages in this case would violate federal and state due process as well as the state right to property to the extent based on conduct that occurred outside of the state or that affected persons who reside outside of the state;

(e) An award of punitive damages in this case would violate federal and state due process as well as the state right to property to the extent based on conduct that occurred prior to or after the time period during which any law allowing punitive damages was in effect;

(f) An award of punitive damages in this case would violate federal and state due process as well as the state right to property to the extent based on Lowe's lawfully conducting a legal activity;

(g) An award of punitive damages in this case would violate federal and state due process and equal protection as well as the state right to property to the extent that the Lowe's wealth or corporate status is taken into consideration in determining the amount of the award or, alternatively, to the extent that the award is disproportionate to awards against other Defendants who commit similar offenses resulting in similar injuries but who differ only in material wealth;

(h) An award of punitive damages in this case would violate federal and state due process as well as the state right to property and state protection against excessive punishment to the extent that it is excessive or disproportionate to the award of compensatory damages, and Lowe's further pleads for an extension of the law

such that the federal protection against excessive punishment likewise applies in this situation;

(i)    An award of punitive damages in this case would violate federal and state due process as well as the state right to property and state protection against excessive punishment and double jeopardy to the extent that Lowe's may have already been punished for the same conduct, and Lowe's further pleads for an extension of the law such that the federal protection against excessive punishment and double jeopardy is also applicable in this situation;

(j)    An award of punitive damages in this case would violate federal and state due process as well as the state right to property to the extent that Lowe's is adjudged liable for punitive damages based not on its own conduct, but rather for other persons' conduct, whether under the doctrines of joint and several liability, solidary liability, vicarious liability, respondeat superior, or otherwise;

(k)    An award of any damages in this case would violate federal and state due process and the state right to property to the extent that there are not separate trials of compensatory and punitive damages;

(l)    An award of punitive damages in this case would violate federal and state due process and the state right to property to the extent that they are adjudicated prior to adjudication of any and all compensatory damages to Plaintiffs;

(m)    An award of punitive damages in this case would violate federal and state due process to the extent that the laws of this state fail to require that an award of punitive damages bear a close relationship to appropriate civil fines or penalties established by the legislature, or by administrative agencies under authority delegated by the legislature;

(n)    An award of punitive damages in this case would violate federal and state due process, the state right to property, the state right to equal protection, and the state protection against excessive punishment to the extent that Lowe's is not afforded the safeguards afforded Defendants in other penal or criminal proceedings, including without limitation the protection against self-incrimination, the right to confront adverse witnesses, the requirement of a unanimous jury, and the application of a heightened burden of proof of beyond a reasonable doubt or, alternatively, clear and convincing evidence;

(o)    An award of punitive damages in this case would unduly burden interstate commerce and thereby violate the federal Commerce Clause because some or all of Plaintiffs' allegations involve transactions that took place in interstate commerce and Lowe's maintains its principal place of business in another state;

(p)    To the extent that Plaintiffs seek punitive damages, any attempt at class-wide or consolidated adjudication of punitive damages necessarily would violate Lowe's

due process rights and equal protection rights because punitive damages must bear a reasonable relationship to an individual's actual damages, which is an individual issue that cannot be determined on a class-wide or consolidated basis; and

(q)   To the extent that Plaintiffs seek punitive damages, any attempt at class-wide or consolidated adjudication of punitive damages necessarily would violate Lowe's due process rights and equal protection rights by allowing a State to use a punitive damages award to punish Lowe's for injury that it inflicts upon non-parties.

## TWENTY-NINTH DEFENSE

In the alternative, to the extent that Plaintiffs have a right to any punitive damages against Lowe's, which is denied, the amount of any such damages is limited by the applicable statutory limits on punitive damages, including for example Fla. Stat. § 768.73, Miss. Code Ann. § 11-1-60 and Miss. Code Ann. § 11-1-65, and by due process.

## THIRTIETH DEFENSE

To the extent there is any credible evidence that Lowe's sold "drywall" as defined in this Answer and Defenses, which is denied, Lowe's cannot be held liable to Plaintiffs because it would be an innocent seller that did not exercise control over the aspect of the design, testing, manufacture, packaging or labeling of the product, did not modify the product in any way that was a substantial factor in causing the harm, and did not have any actual knowledge of the allegedly defective condition at the time the product was sold.

## THIRTY-FIRST DEFENSE

At all times, upon information and belief, the product at issue contained proper warnings, information, and instructions pursuant to generally recognized and prevailing standards in existence at the time. Lowe's further pleads the benefits of Sections 768.1256, and 768.1257, Florida Statutes.

## THIRTY-SECOND DEFENSE

Should Lowe's be held liable to Plaintiffs, which liability is specifically denied, Lowe's would be entitled to a set-off for all sums of money received or available from or on behalf of any tortfeasors for the same injuries alleged in Plaintiffs' Complaint.

## THIRTY-THIRD DEFENSE

Lowe's pleads all benefits of Sections 768.31, 768.78, and 768.81, Florida Statutes including all benefits of contribution among tortfeasors, alternative methods of payment of damages, and comparative fault.

## THIRTY-FOURTH DEFENSE

Pursuant to *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993), *Allied-Signal, Inc. v. Fox*, 623 So. 2d 1180 (Fla. 1993), and *Messmer v. Teachers' Ins. Co.*, 588 So. 2d 610 (Fla. 5th DCA 1991), and any other similar law, any damages awarded to Plaintiffs are subject to apportionment by the jury of the total fault of all participants, including, but not limited to, any additional entities or persons revealed through discovery. Lowe's specifically reserves the right to amend its Answer to identify any such parties or non-parties to have such parties or non-parties included on the verdict form pursuant to *Nash v. Wells Fargo Guard Servs., Inc.*, 678 So. 2d 1262 (Fla. 1996).

## THIRTY-FIFTH DEFENSE

Prior to filing their Complaint, Plaintiffs did not comply with the mandatory pre-suit requirements for claims of construction defect found in Fla. Stat. sections 558.003, et seq. Lowe's specifically pleads all the benefits of Fla. Stat. sections 558.003, et seq.

## THIRTY-SIXTH DEFENSE

Plaintiffs have not fulfilled all conditions precedent to bringing this action, including, but not limited to their failure to comply with the mandatory pre-suit notice provisions for construction defect claims.

## THIRTY-SEVENTH DEFENSE

Plaintiffs' claims against Lowe's under the FDUTPA are barred or limited to any actual damages sustained and proven.

## THIRTY-EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to attempt to resolve their claims through an informal resolution program approved by the Mississippi Attorney General's Office.

## THIRTY-NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Mississippi law does not recognize a marketing defect claim.

## FORTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part section § 402A of the Restatement (Second) of Torts and by §§ 4 and 6 of the Restatement (Third) of Torts (Product Liability).

## FORTY-FIRST DEFENSE

Plaintiffs' equitable claims against Lowe's are barred because Plaintiffs have an adequate remedy at law.

## FORTY-SECOND DEFENSE

Plaintiffs' cumulation of claims against Lowe's and numerous other defendants is improper, and proceeding with claims among 529 individual putative subclasses violates its rights, under the U.S. and applicable state constitutions, to due process and to a jury trial.

## FORTY-THIRD DEFENSE

Any allegations in the Complaint not admitted above are hereby denied.

**FURTHER ANSWERING**, Lowe's hereby reserves the right to amend this Answer to add additional defenses as they become known to Lowe's.  Lowe's also reserves the right to file any related claims including cross-claims or counterclaims as the facts supporting such claims become known.

**WHEREFORE**, Lowe's Home Centers, Inc., sought to be made defendant herein, prays that this, its Answer and Rule 12 Defenses, be deemed good and sufficient, and that after due proceedings be had, there be judgment in favor of Lowe's Home Centers, Inc. and against Plaintiffs, denying the class certification sought by the Complaint, dismissing Plaintiffs' Complaint with prejudice and at Plaintiffs' costs, and for all other equitable and general relief.

Respectfully submitted,

ADAMS AND REESE LLP

*s/Francis V. Liantonio, Jr.*
WILLIAM B. GAUDET (#1374)
FRANCIS V. LIANTONIO, JR. (#19282)
EDWIN C. LAIZER (#17014)
JEFFREY E. RICHARDSON (#23273)
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, LA 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
**Attorneys for Defendant Lowe's Home Centers, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 29th day of March, 2010.

*s/Francis V. Liantonio, Jr.*