UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| | * | MDL NO. 2047 |
| IN RE: CHINESE-MANUFACTURED | * | |
| DRYWALL PRODUCTS LITIGATION | * | SECTION: L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAG. JUDGE WILKINSON |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * | * | |

**THIS DOCUMENT RELATES TO:**
*Sean and Beth Payton, et al.*                                    NO.  09-7628
*versus*
*Knauf Gips KG, et al.*

## <u>ANSWER AND AFFIRMATIVE DEFENSES OF NICE HOMES, INC.</u>

NOW INTO COURT, through undersigned counsel, comes defendant, Nice Homes, Inc. ("Nice Homes"), who submits this Answer and Affirmative Defenses to Plaintiff's Omnibus Class Action Complaint (I) ("Complaint").

## **FIRST DEFENSE**

The Complaint is premature as any plaintiff failed to give the builder written notice and a reasonable opportunity to comply with the provisions of the New Home Warranty Act, Louisiana R.S. 9:3145, or to give the seller notice with an opportunity to repair.

1

## SECOND DEFENSE

The class action allegations in the Complaint fail to meet the prerequisities for a Class Action as to the claims against this defendant, and more generally, in that:

a)  The alleged class does not meet the numerosity requirement and joinder of all alleged members of the class is not impracticable as to the claims made against this defendant;

b)  The questions of law or fact common to the alleged members of the class do not predominate over individual questions of law and fact, particularly with regard to individual liability, causation, and damage issues;

c)  The named plaintiffs do not fairly and adequately protect the interest of the alleged class members and do not have claims typical of the other alleged class members, particularly as applied to this defendant;

d)  Other grounds to be proven at the trial of this matter.

## THIRD DEFENSE

This Honorable Court is without jurisdiction as there is no diversity of citizenship and/or the amount in controversy does not exceed $75,000.00, exclusive of interest and costs.

## FOURTH DEFENSE

The Complaint fails to state a claim against this defendant upon which relief can be granted.

2

## FIFTH DEFENSE

The Complaint fails to state a claim against this defendant for negligence, negligence per se, strict liability, breach of express and/or implied warranties, breach of implied warranty of habitability, breach of contract, redhibition, Louisiana Products Liability Act liability, private nuisance, negligent discharge of a corrosive substance, unjust enrichment, violations of the Louisiana Unfair Trade Practices Act, violations of any consumer protection act, equitable and injunctive relief, medical monitoring, punitive damages, and attorney's fees.

## SIXTH DEFENSE

The exclusive remedy of any plaintiff against defendant is under the Louisiana New Home Warranty Act, Louisiana R.S. 9:3144.

## SEVENTH DEFENSE

The claims have prescribed based on the time limit of the warranties provided by Louisiana R.S. 9:3144, *et seq*.

## EIGHTH DEFENSE

The claims are preempted by the preemption period provided in Louisiana R.S. 9:3146 and the warranty time limits provided by Louisiana R.S. 9:3144.

## NINTH DEFENSE

The remedies and warranties of the New Home Warranty Act are exclusive relative to home construction and no other provisions of law relative to warranties and

redhibitory devices and defects apply and the New Home Warranty Act warranties are limited exclusively to those provided by Louisiana R.S. 9:3144.

### TENTH DEFENSE

Alternatively, any plaintiff's claims are barred, reduced, or mitigated for any or all of the following reasons:

a)    The damages were caused by defective produces for which this defendant is not responsible or liable;

b)    The damages were caused by the fault, negligence, or want of due care of others for whom this defendant in not responsible or liable;

c)    The damages were caused by nature, weather, or other conditions not the responsibility, fault, or liability of this defendant;

d)    The damages were caused by the failure of the owner to maintain the residence;

e)    The damages were caused by the failure of the owner to minimize or mitigate damages;

f)    The damages complained of are not recoverable under the New Home Warranty Act;

g)    Damages for costs of shelter, transportation, food, moving, storage, or other incidental expenses related to relocation during repair are not recoverable;

h)    Consequential damages are not recoverable; and

i)    Mold and mold damages are not recoverable.

4

## ELEVENTH DEFENSE

Any damages to which any plaintiff is entitled to recover are limited to reasonable costs of repair or replacement necessary to cure any defects or the original purchase price of the home, as set forth in Louisiana R.S. 9:3149.

## TWELFTH DEFENSE

Plaintiff failed to mitigate their damages, if any.

## THIRTEENTH DEFENSE

Sheetrock is subject to a one (1) year warranty per the Louisiana New Home Warranty Act.

## FOURTEENTH DEFENSE

Nice Homes specifically pleads that the sole cause of the damages and injuries sued upon herein were caused by the superseding and intervening negligence and/or fault of third parties or other entities over whom this Defendant exercised no control and/or supervision, and for whom such negligence and/or fault this Defendant cannot be held legally responsible.

## FIFTEENTH DEFENSE

Nice Homes prays for and is entitled to, as a matter of law, a reduction of damages based on percentages of fault of any released party.

## SIXTEENTH DEFENSE

Nice Homes pleads and incorporates by reference the defenses, terms, and conditions contained within all contracts that existed between any and all parties to this

litigation and any company, individual, or entity not yet named a party to this litigation related to the construction of the Stanley home.

## SEVENTEENTH DEFENSE

Nice Homes adopts all affirmative defenses of other defendants similarly situated, to the extent they are consistent with the defenses asserted herein.

## EIGHTEENTH DEFENSE

Plaintiffs have not alleged or sustained any actual damages that were proximately caused by Nice Homes.

## NINTHTEENTH DEFENSE

Nice Homes is entitled to a set-off and/or credit and/or recoupment against any and all alleged damages that Plaintiffs seek to collect in this lawsuit.

## TWENTIETH DEFENSE

Solely in the alternative, Nice Homes asserts that any damages sustained by the Plaintiffs are the result of their own negligence, fault, or deviation of their duties under the circumstances, and as such, serve as bar to or in mitigation from any right of recovery herein.

## TWENTY-FIRST DEFENSE

Nice Homes further pleads all rights and remedies under La. R.S. 9:2771 in its entirety and all defenses created therein.  Further, Nice Homes asserts that, pursuant to La. R.S. 9:2771, the work it performed at the location at issue was performed in accordance with the plans and specifications furnished to it which it did not make and,

therefore, Nice Homes is not liable for any defects that may exist as a result of the fault or insufficiency of such plans or specifications.

### TWENTY-SECOND DEFENSE

Plaintiffs have not alleged or sustained any actual damages that were proximately caused by Nice Homes.

### TWENTY-THIRD DEFENSE

Nice Homes reserves the right to assert any additional defenses allowed by law that may be discovered during the course of additional investigation and discovery.

### TWENTY-FOURTH DEFENSE

Nice Homes justifiably relied on its drywall supplier to provide drywall that was fit for its ordinary and intended purpose, that is, it was fit for installation in the homes built by Defendant.

### TWENTY-FIFTH DEFENSE

At the time the drywall was installed in the home built by Nice Homes, Nice Homes had no reason to know or to suspect that there were problems with the drywall it purchased from its supplier; therefore, it would not have been under any duty to warn of defects now alleged.

### TWENTY-SIXTH DEFENSE

To the extent the Plaintiffs claim the drywall in their dwelling is defective and/or a cause of health problems, the Plaintiffs are and have been under an affirmative duty to

mitigate their damage and/or to terminate their exposure since the date they first obtained notice of their alleged problems.

**TWENTY-SEVENTH DEFENSE**

All work performed by Nice Homes was performed in a workmanlike manner, in accordance with all applicable building code requirements.

**TWENTY-EIGHTH DEFENSE**

Nice Homes reserves the right to amend this Answer and assert Cross-Claims or Third Party claims against other Parties as said claims ripen and/or become necessary.

AND NOW ANSWERING the specific allegations of the Complaint, Nice Homes avers:

1.      The allegations in the first, un-numbered paragraph of the Complaint are denied as written.

**JURISDICTION, PARTIES, AND VENUE**

2.      The allegations of paragraphs 1-3 of the Plaintiffs' Complaint are denied for lack of sufficient information to justify a belief at this time that this Court has jurisdiction and venue over Nice Homes pursuant to the Class Action Fairness Act and 28 U.S.C. § 1332(d)(2).

**PLAINTIFFS**

3.      The allegations of paragraphs 4-2072 of the Plaintiffs' Complaint relate to the specific identities and property interests of each respective Plaintiff.    The

8

allegations in these paragraphs do not relate to Nice Homes, and, therefore, do not require a response from this Defendant.  To the extent a response from Nice Homes is required, Nice Homes denies the allegations in paragraphs 4-2072 of the Plaintiffs' Complaint for lack of sufficient information to justify a belief therein at this time.

**DEFENDANTS**

4.      In response to the allegations contained in paragraph 2073 of the Plaintiffs' Complaint, Nice Homes admits that it is a Louisiana corporation and its principal place of business is 25160 Stassi Road, Plaquemine, Louisiana.

**THE MANUFACTURING DEFENDANTS**

5.      The allegations of paragraphs 2074-2375 and 2377-2516 do not relate to Nice Homes, and, therefore, do not require a response from this Defendant.  To the extent a response from Nice Homes is required, Nice Homes denies the allegations in paragraphs 2074-2375 and 2377-2516 of the Plaintiffs' Complaint for lack of sufficient information to justify a belief therein at this time.

6.      In response to the allegations contained in paragraph 2376 of the Plaintiffs' Complaint, Nice Homes admits that it is a Louisiana corporation and its principal place of business is in Plaquemine, Louisiana.  Nice Homes further admits that it built the home identified in paragraph 2376 as the home of Billy Wayne and

Amanda Stanley, at 4488 Raymond LaBauve Road, Brusly, Louisiana 70719 ("Stanley Home') and that, upon information and belief, drywall was installed at the Stanley Home.  Nice Homes denies the remaining allegations of paragraph 2376 of the Plaintiffs' Complaint.

## THE CONTRACTORS/INSTALLERS SUBCLASS

7.    The allegations of paragraphs 2517-2609 do not relate to Nice Homes and, therefore, do not require a response from this Defendant.   To the extent a response from Nice Homes is required, Nice Homes denies the allegations in paragraphs 2517-2609 of the Plaintiffs' Complaint for lack of sufficient information to justify a belief therein at this time.

## FACTS REGARDING PRODUCT DEFECT

8.    Nice Homes denies the allegations in paragraphs 2610-2620 of the Plaintiffs' Complaint as it lacks knowledge or information sufficient to form an opinion about the truthfulness of the allegations.

## CLASS ACTION ALLEGATIONS
## THE KNAUF CLASS

9.    The allegations in paragraph 2621 of the Plaintiffs' Complaint do not relate to Nice Homes, and, therefore, do not require a response from this Defendant.   To the extent a response from Nice Homes is required, Nice Homes denies the allegations in paragraph 2621 of the Plaintiffs' Complaint as it lacks knowledge or

information sufficient to form an opinion about the truthfulness of these allegations.

## THE DISTRIBUTOR/SUPPLIER SUBCLASSES
## (SUBCLASSES 1-43)

10. The allegations in paragraphs 2622-2623 of the Plaintiffs' Complaint do not relate to Nice Homes, and, therefore, do not require a response from this Defendant. To the extent a response from Nice Homes is required, Nice Homes denies the allegations in paragraph 2622-2623 of the Plaintiffs' Complaint as it lacks knowledge or information sufficient to form an opinion about the truthfulness of these allegations.

## THE IMPORTER/EXPORTER/BROKER SUBCLASSES
## (SUBCLASSES 44-48)

11. The allegations in paragraphs 2624-2625 of the Plaintiffs' Complaint do not relate to Nice Homes, and, therefore, do not require a response from this Defendant. To the extent a response from Nice Homes is required, Nice Homes denies the allegations in paragraph 2624-2625 of the Plaintiffs' Complaint as it lacks knowledge or information sufficient to form an opinion about the truthfulness of these allegations.

## THE BUILDER/DEVELOPER SUBCLASSES
## (SUBCLASSES 49-436)

12.     Nice Homes, identified in the Plaintiffs' Complaint as subclass #303, denies the allegations in paragraphs 2626-2627 of the Plaintiffs' Complaint, except to admit that it built the home identified in paragraph 2376 as the home of Billy Wayne and Amanda Stanley, at 4488 Raymond LaBauve Road, Brusly, Louisiana 70719.

## THE CONTRACTOR/INSTALLER SUBCLASSES
## (SUBCLASSES 437-529)

13.     The allegations in paragraphs 2628-2629 of the Plaintiffs' Complaint do not relate to Nice Homes, and, therefore, do not require a response from this Defendant. To the extent a response from Nice Homes is required, Nice Homes denies the allegations in paragraph 2624-2625 of the Plaintiffs' Complaint as it lacks knowledge or information sufficient to form an opinion about the truthfulness of these allegations.

## GENERAL CLASS ALLEGATIONS AND
## EXCLUSIONS FROM THE CLASS DEFINITIONS

14.     The allegations in paragraphs 2630-2631 of the Plaintiffs' Complaint do not relate to Nice Homes, and, therefore, do not require a response from this Defendant. To the extent a response from Nice Homes is required, Nice Homes denies the allegations in paragraph 2630-2631 of the Plaintiffs' Complaint as it lacks

knowledge or information sufficient to form an opinion about the truthfulness of these allegations.

15.     The allegations in paragraph 2632 of the Plaintiffs' Complaint, including its sub-parts (a) through (d), are denied as Nice Homes lacks knowledge or information sufficient to justify a belief therein.

16.     The allegations in paragraph 2633-2639 of the Plaintiffs' Complaint are denied as Nice Homes lacks knowledge or information sufficient to justify a belief therein.

**COUNT I**
**NEGLIGENCE**
**(Against All Defendants)**

17.     In response to paragraph 2640 of the Plaintiffs' Complaint, Nice Homes adopts and re-alleges its responses to the previous allegations in Plaintiffs' Complaint as if fully set forth herein.

18.     Nice Homes denies the allegations in paragraph 2641-2647 of the Plaintiffs' Complaint.

**COUNT II**
**NEGLIGENCE PER SE**
**(Against All Defendants)**

19.     In response to paragraph 2648 of the Plaintiffs' Complaint, Nice Homes adopts and re-alleges its responses to the previous allegations in Plaintiffs' Complaint as if fully set forth herein.

20.     Nice Homes denies the allegations in paragraph 2649 of the Plaintiffs' Complaint.

21.   Nice Homes denies the allegations in paragraph 2650-2652 of the Plaintiffs' Complaint.  Nice Homes avers that it justifiably relied on its drywall supplier to provide drywall that was fit for the ordinary purpose for which it was intended.  At the time the drywall was installed in the Stanley Home, Nice Homes had no reason to know or to suspect that there were problems with the drywall purchased from its suppliers; therefore, it would not have been under any duty to warn of defects now alleged.

22.   Nice Homes denies the allegations in paragraph 2653 of the Plaintiffs' Complaint.

23.   Nice Homes denies the allegations in paragraph 2654 of the Plaintiffs' Complaint, as Nice Homes lacks knowledge or information sufficient to justify a belief therein.

**COUNT III**
**STRICT LIABILITY**
**(All Defendants)**

24.   In response to paragraph 2655 of the Plaintiffs' Complaint, Nice Homes adopts and re-alleges its responses to the previous allegations in Plaintiffs' Complaint as if fully set forth herein.

25.   Nice Homes denies the allegations in paragraph 2656-2657 of the Plaintiffs' Complaint.   Nice Homes specifically avers that it was not in the business of manufacturing or selling drywall and is not liable for latent defects and/or defective building materials supplied to it by suppliers.

26.   Nice Homes denies the allegations in paragraph 2658-2660 of the Plaintiffs' Complaint, as it lacks knowledge on information sufficient to justify a belief therein.

27.   In response to the allegations in paragraph 2661 of the Plaintiffs' Complaint, Nice Homes admits, upon information and belief, that the drywall installed at the Stanley Home was installed in a manner consistent with its intended use and according to industry standards.   The remaining allegations contained in paragraph 2661 of the Plaintiffs' Complaint are denied for lack of knowledge or information sufficient to justify a belief therein at this time.

28.   Nice Homes denies the allegations in paragraph 2662 of the Plaintiffs' Complaint regarding third parties as it lacks knowledge or information sufficient to justify a belief therein.  Nice Homes admits, based on information and belief,  that it did not misuse or alter the subject drywall installed at the Stanley Home.

29.   Nice Homes denies the allegations in paragraph 2663 of the Plaintiffs' Complaint as Nice Homes was not in the business of manufacturing or selling drywall and it not liable for any defects in the manufacturing, design, inspection, testing, marketing, distribution, or sale of drywall.

30.   Nice Homes denies the allegations in paragraph 2664-2665 of the Plaintiffs' Complaint as it is without knowledge regarding the design, manufacturing, and/or defects of the drywall.

31.   Nice Homes denies the allegations in paragraph 2666-2667 of the Plaintiffs' Complaint, as it is not an importer, exporter, distributor, supplier, manufacturer, deliverer, or inspector of drywall, and is not liable for latent defects and/or defective building materials supplied to Nice Homes, and, further, Nice Homes Inc., is without knowledge or information sufficient to justify a belief in the allegations at this time.

32.   Nice Homes denies the allegations in paragraph 2668 of the Plaintiffs' Complaint, as it is not an importer, exporter, distributor, supplier, manufacturer, deliverer, or inspector of drywall and is not liable for latent defects and/or defective building materials supplied to Nice Homes, and, further, Nice Homes is without knowledge or information sufficient to justify a belief in the allegations at this time.  Nice Homes further avers that it justifiably relied on its drywall supplier to provide drywall that was fit for the ordinary purpose for which it was intended and further denies that, at the time the drywall was installed at the Stanley Home, it had reason to know or suspect that there were problems with the drywall it purchased from its supplier and therefore had no duty to warn of the defects now alleged by Plaintiffs.

33.   Nice Homes denies the allegations in paragraph 2669 of the Plaintiffs' Complaint for lack of sufficient information to justify a belief therein.

34.   Nice Homes denies the allegations in paragraph 2670-2672 of the Plaintiffs' Complaint for lack of sufficient information to justify a belief therein.  Nice Homes

avers that it justifiably relied on its drywall supplier to provide drywall that was fit for the ordinary purpose for which it was intended and further denies that, at the time the drywall was installed at the Stanley Home, it had reason to know or suspect that there were problems with the drywall it purchased from its supplier.

**COUNT IV**
**BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES**
**(All Defendants)**

35.   In response to paragraph 2673 of the Plaintiffs' Complaint, Nice Homes adopts and re-alleges its responses to the previous allegations in Plaintiffs' Complaint as if fully set forth herein.

36.   Nice Homes denies the allegations in paragraph 2674 of the Plaintiffs' Complaint for lack of sufficient information to justify a belief therein.

37.   Nice Homes denies the allegations in paragraph 2675 of the Plaintiffs' Complaint for lack of sufficient information to justify a belief therein.  Nice Homes avers that it justifiably relied on its drywall supplier to provide drywall that was fit for the ordinary purpose for which it was intended and further denies that, at the time the drywall was installed at the Stanley Home, it had reason to know or suspect that there were problems with the drywall it purchased from its supplier.

38.   Nice Homes denies the allegations contained in paragraph 2676-2678 of the Plaintiffs' Complaint, as Nice Homes was not in the business of manufacturing or supplying drywall, and it lacks knowledge or information to justify a belief in the allegations at this time.

17

39.     The allegations in paragraph 2679 of the Plaintiffs' Complaint call for a legal conclusion; therefore, a response is not required by Nice Homes.  If a response is deemed necessary, Nice Homes denies the allegations in paragraph 2679.

40.     Nice Homes denies the allegations in paragraph 2680 of the Plaintiffs' Complaint.

## COUNT V
## BREACH OF THE IMPLIED WARRANTY OF FITNESS AND MERCHANTABILITY
## PURSUANT TO FLORIDA STATUTES SECTION 718.203
### (On behalf of Plaintiffs Who Own Condominiums in the State of Florida)
### (Against Builders Only)

41.     In response to paragraph 2681 of the Plaintiffs' Complaint, Nice Homes adopts and re-alleges its responses to the previous allegations in Plaintiffs' Complaint as if fully set forth herein.

42.     The allegations in paragraphs 2682-2692 do not apply to Nice Homes, as the Stanley Home built by Nice Homes is not a condominium nor is it located in Florida and Florida law does not apply.

## COUNT VI
## BREACH OF THE IMPLIED WARRANTY OF HABITABILITY
### (Against Builders Only)

43.     In response to paragraph 2693 of the Plaintiffs' Complaint, Nice Homes adopts and re-alleges its responses to the previous allegations in Plaintiffs' Complaint as if fully set forth herein.

44.     In response to the allegations in paragraph 2694 of the Plaintiffs' Complaint, Nice Homes admits that it entered into a contract with Billy Wayne and Amanda Stanley for the property located at 4488 Raymond LaBauve Road, Brusly,

Louisiana 70719.  The terms and conditions of the contract are pled herein, as if copied *in extenso*.  The allegations remaining of paragraph 2694 are denied.

45.     The allegations in paragraph 2695 of the Plaintiffs' Complaint are denied, except to admit that Nice Homes did not substantially change the drywall sold to Nice Homes by its supplier.  Nice Homes avers that it justifiably relied on its drywall supplier to provide drywall that was fit for the ordinary purpose for which it was intended and further denies that, at the time the drywall was installed at the Stanley Home, it had reason to know or suspect that there were problems with the drywall it purchased from its supplier.

46.     Nice Home denies the allegations in paragraph 2696 of the Plaintiffs' Complaint.

47.     The allegations in paragraph 2697-2698 of the Plaintiffs' Complaint call for legal conclusions and do not require a response by Nice Homes.  To the extent a response is deemed required, the allegations of paragraph 2697 are denied.

48.     The allegations in paragraph 2699 of the Plaintiffs' Complaint are denied.

**COUNT VII**
**BREACH OF CONTRACT**
**(Against Builders Only)**

49.     In response to paragraph 2700 of the Plaintiffs' Complaint, Nice Homes adopts and re-alleges its responses to the previous allegations in Plaintiffs' Complaint as if fully set forth herein.

50.     In response to the allegations in paragraph 2701 of the Plaintiffs' Complaint, Nice Homes admits that it entered into a contract with Billy Wayne and Amanda

Stanley for the property located at 4488 Raymond LaBauve Road, Brusly, Louisiana 70719. The contract is a written document and the terms and conditions of the contract are specifically pled in this answer as if copied herein *in extenso*. The remaining allegations of paragraph 2701 are denied.

51.   The allegations in paragraph 2702 of the Plaintiffs' Complaint call for legal conclusions and do not require a response by Nice Homes.  To the extent a response is deemed required, the allegations of paragraph 2702 are denied.

52.   The allegations in paragraph 2703 are denied.

**COUNT VIII**
**VIOLATION OF THE LOUISIANA NEW HOME WARRANTY ACT**
**(Against Louisiana Builder's Only)**

53.   In response to paragraph 2704 of the Plaintiffs' Complaint, Nice Homes adopts and re-alleges its responses to the previous allegations in Plaintiffs' Complaint as if fully set forth herein.

54.   The allegations in paragraph 2705 of the Plaintiffs' Complaint calls for a legal conclusion and does not require a response from Nice Homes.  To the extent a response is required, Nice Homes admits that Louisiana has implemented legislation known as the Louisiana New Home Warranty Act.  The remaining allegations of paragraph 2705 are denied as written.

55.   The allegations in paragraph 2706-2707 of the Plaintiffs' Complaint calls for a legal conclusion and therefore does not require a response from Nice Homes. To the extent a response is deemed required, the allegations are denied.

56.    Nice Homes denies the allegations in paragraph 2708-2709 of the Plaintiffs'
Complaint.  Nice Homes avers that it justifiably relied on its drywall supplier to
provide drywall that was fit for the ordinary purpose for which it was intended and
further denies that, at the time the drywall was installed at the Stanley Home, it
had reason to know or suspect that there were problems with the drywall it
purchased from its supplier.

57.    The allegations in paragraph 2710 of the Plaintiffs' Complaint are denied.

**COUNT IX**
**REDHIBITION**
**(By Louisiana Plaintiffs Against All Defendants)**

58.    In response to paragraph 2711 of the Plaintiffs' Complaint, Nice Homes adopts
and re-alleges its responses to the previous allegations in Plaintiffs' Complaint as
if fully set forth herein.

59.    The allegations in paragraph 2712-2715 of the Plaintiffs' Complaint calls for a
legal conclusion and does not require a response from Nice Homes.  To the
extent a response is required, the allegations are denied.

60.    The allegations contained in paragraph 2716 are not directed to Nice Homes as it
is not in the business of manufacturing drywall; therefore, no response is
required.  To the extent a response is required, the allegations are denied.

61.    Nice Homes denies the allegations in paragraph 2717 of the Plaintiffs' Complaint.
Nice Homes avers that it justifiably relied on its drywall supplier to provide drywall
that was fit for the ordinary purpose for which it was intended and further denies

that, at the time the drywall was installed at the Stanley Home, it had reason to know or suspect that there were problems with the drywall it purchased from its supplier.

62. Nice Homes denies the allegations in paragraph 2718 of the Plaintiffs' Complaint are denied.

63. The allegations in paragraph 2719 of the Plaintiffs' Complaint call for a legal conclusion and do not require a response from Nice Homes.  To the extent a response is required, the allegations are denied.

64. The allegations in paragraph 2720 of the Plaintiffs' Complaint call for a legal conclusion and does not require a response from Nice Homes.  To the extent a response is required, the allegations are denied, except to admit that, at the time of delivery of the drywall to the Stanley Home, Nice Homes had no reason to know or suspect that there were problems with the drywall it purchased from its supplier.

**COUNT X**
**LOUISIANA PRODUCTS LIABILITY ACT**
**(Manufacturing Defendants)**
**(Pleaded in the Alternative Against Distributor Defendants)**

65. In response to paragraph 2721 of the Plaintiffs' Complaint, Nice Homes adopts and re-alleges its responses to the previous allegations in Plaintiffs' Complaint as if fully set forth herein.

66. The allegations in paragraphs 2722-2734 of the Plaintiffs' Complaint are not directed towards Nice Homes as it is not a manufacturer,  distributor, or supplier

22

of drywall; therefore, no response is required.   To the extent a response is required, the allegations are denied.

## COUNT XI
## PRIVATE NUISANCE
## (All Defendants)

67.   In response to paragraph 2735 of the Plaintiffs' Complaint, Nice Homes adopts and re-alleges its responses to the previous allegations in Plaintiffs' Complaint as if fully set forth herein.

68.   Nice Homes denies the allegations in paragraphs 2736-2738 of the Plaintiffs' Complaint.

69.   The allegations in paragraph 2739 of the Plaintiffs' Complaint are denied for lack of knowledge or information to justify a belief therein.

70.   Nice Homes denies the allegations in paragraphs 2740-2741 of the Plaintiffs' Complaint.

## COUNT XII
## NEGLIGENT DISCHARGE OF A CORROSIVE SUBSTANCE
## (All Defendants)

71.   In response to paragraph 2742 of the Plaintiffs' Complaint, Nice Homes adopts and re-alleges its responses to the previous allegations in Plaintiffs' Complaint as if fully set forth herein.

72.   Nice Homes denies the allegations in paragraphs 2743-2748 of the Plaintiffs' Complaint.  Additionally, Nice Homes avers that it is not an importer, exporter, distributor, supplier, manufacturer, deliverer, or inspector of drywall and further,

Nice Homes justifiably relied on its drywall supplier to provide drywall that was fit for the ordinary purpose for which it was intended.  Further, Nice Homes denies that, at the time the drywall was installed at the Stanley Home, it had reason to know or suspect that there were problems with the drywall it purchased from its supplier.

**COUNT XIII**
**UNJUST ENRICHMENT**
**(All Defendants)**

73.    In response to paragraph 2749 of the Plaintiffs' Complaint, Nice Homes adopts and re-alleges its responses to the previous allegations in Plaintiffs' Complaint as if fully set forth herein.

74.    The allegations in paragraph 2750 of the Plaintiffs' Complaint are denied except to admit that, upon information and belief, Nice Homes received payment from the Stanley Plaintiffs for the purchase of drywall.

75.    Nice Homes denies the allegations in paragraphs 2751-2752 of the Plaintiffs' Complaint.

**COUNT XIV**
**VIOLATION OF CONSUMER PROTECTION ACTS**
**(All Defendants)**

76.    In response to paragraph 2753 of the Plaintiffs' Complaint, Nice Homes adopts and re-alleges its responses to the previous allegations in Plaintiffs' Complaint as if fully set forth herein.

24

77.     Nice Homes denies the allegations in paragraphs 2754-2757 of the Plaintiffs' Complaint are denied.

**COUNT XV**
**EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING**
**(All Defendants)**

78.     In response to paragraph 2758 of the Plaintiffs' Complaint, Nice Homes adopts and re-alleges its responses to the previous allegations in Plaintiffs' Complaint as if fully set forth herein.

79.     Nice Homes denies the allegations in paragraphs 2759-2762 of the Plaintiffs' Complaint are denied.

80.     The allegations in paragraphs 2763-2764 of the Plaintiffs' Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

81.     Nice Homes denies the allegations in paragraph 2765 of the Plaintiffs' Complaint.

82.     The allegations in paragraph 2766-2770 of the Plaintiffs' Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

83.     The allegations contained in the un-numbered paragraph after the heading "Demand for Jury Trial" is a request for trial by jury and does not require a response.

84.     The allegations contained in the un-numbered paragraph after the heading "Prayer for Relief," do not require a response; however, to the extent a response is required, the allegations are denied.

## REQUEST FOR TRIAL BY JURY

Nice Homes requests and prays for a trial by jury on Plaintiffs' Demands.

## PRAYER FOR RELIEF

WHEREFORE, Nice Homes, Inc. respectfully prays that its Answer to Plaintiffs' Complaint be deemed good and sufficient, and for judgment herein in favor of Nice Homes, Inc., and against Plaintiffs, dismissing Plaintiffs' Complaint, at Plaintiffs' cost, and for all general and equitable relief afforded by the premises.

Respectfully Submitted,
TAYLOR, WELLONS, POLITZ & DUHE, APLC

*/s/ Paula Wellons*

Paula M. Wellons (19028)
Vicki A. Elmer (28569)
1515 Poydras Street, Suite 1900
New Orleans, Louisiana 70112
Telephone: (504) 525-9888
Facsimile: (504) 525-9899
Attorneys for Nice Homes, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing *Answer and Affirmative Defenses of Nice Homes, Inc.* has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established by MDL 20417, on this 29th day of March, 2010.

*/s/ Paula Wellons*

TAYLOR, WELLONS, POLITZ & DUHE, APLC