UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | *  MDL No. 2:09-md-02047<br>*<br>*<br>*<br>*  JUDGE FALLON |
| **This document relates to:** | *<br>* |
| ROBERT C. PATE, as Trustee for the Chinese Drywall Trust<br>v.<br>AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, ET AL (**2:09-cv-07791**) (E.D. La.) | *<br>*  MAGISTRATE WILKINSON<br>*<br>*<br>*<br>*<br>* |

**********************************************

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(7)
<u>FOR FAILURE TO JOIN A PARTY UNDER RULE 19</u>**

**NOW INTO COURT**, comes Thomas E. Schwab of the law firm of Barkley & Thompson, L.C., a member in good standing of the bar of this Court and the State of Louisiana, and counsel for NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA ("National Union") and moves this Court pursuant to Fed. R. Civ. P. 12(b)(7) for an order dismissing the First Amended Complaint of Robert C. Pate ("Pate"), as Trustee of the Chinese Drywall Trust, on the basis that Pate failed to join necessary parties under Fed. R. Civ. P. 19.

**I.    BACKGROUND**

This matter arises out of claims asserted against homebuilder WCI Communities, Inc. ("WCI") alleging property damage and bodily injury caused by allegedly defective Chinese-manufactured drywall installed in the claimants' homes in Florida.  Plaintiff, Pate, was appointed Trustee of a "Chinese Drywall Trust" (the "Trust") created in the Chapter 11 bankruptcy proceeding

initiated by WCI in Delaware Bankruptcy Court, captioned *In re WCI Communities, Inc., et al.*, No. 08-11643 (Bankr. D. Del.).[1] Pate alleges in this action that WCI is a contractor that builds homes in Florida, New York, New Jersey, Virginia, Maryland and Connecticut and that WCI began receiving complaints in 2006 of "property damage and/or bodily injury allegedly arising from Chinese Drywall installed in homes that WCI sold in Florida, including areas such as Fort Lauderdale, Fort Myers, and Bradenton." (1st Am. Complaint, ¶¶ 25, 27). Pate, as trustee of the Trust, seeks in this action to obtain insurance proceeds to settle the underlying Chinese Drywall claims asserted against WCI.

Pate seeks relief against the insurer defendants in two classes: (1) insurers who purportedly issued policies to WCI as the named insured; and (2) insurers who purportedly issued policies to certain subcontractors of WCI pursuant to which WCI claims rights as a named or additional insured. National Union issued coverage to two subcontractors, Beta Drywall LLC ("Beta") and Finest Drywall, Inc. ("Finest"). Pate alleges that National Union issued policy no. BE 5346464, effective 9/15/08-9/15/09, to Finest Drywall Inc. and policy no. BE 6564380, effective 2/28/07-2/28/08, to Beta Drywall, LLC. (1st Am. Complaint, ¶ 50) ("National Union Policies"). Copies of the National Union Policies are attached hereto as Exhibits A and B, respectively.[2]

---

[1] Under the Chapter 11 Reorganization Plan, WCI purportedly transferred to the Trust the right to pursue and recover insurance proceeds from insurers that issued insurance policies under which WCI may be entitled to coverage. (1st Am. Complaint, ¶ 28). On December 23, 2009, Pate, in his alleged capacity as Trustee, commenced this lawsuit seeking a declaration that the defendant insurers are obligated to indemnify the Trust for losses arising from claims that may be brought against the Trust related to houses constructed by WCI and its subcontractors. Pate amended his complaint on March 15, 2010.

[2] The First Amended Complaint incorrectly identifies the effective dates for National Union policy no. BE 5346464 issued to Finest Drywall, Inc., which actually was effective September 15, 2007 to September 15, 2008. (*See* Exhibit A.) The complaint incorrectly identifies the effective dates for National Union policy no. BE 6564380 issued to Beta Drywall, LLC, which actually was effective from February 28, 2006 to February 28, 2007. (*See* Exhibit B.)

Both Beta and Finest are incorporated in Florida with their principal places of business in Florida. See Florida Secretary of State Records for Beta and Finest attached hereto as Exhibits C and D, respectively. There is no indication that either Beta or Finest has ever conducted any business in Louisiana, including performing subcontracting services, marketing themselves to Louisiana businesses and residents, or shipping any products to Louisiana. The Louisiana Secretary of State's Corporations Database does not contain listings for either Beta or Finest as registered corporations operating within the state of Louisiana. Additionally, neither Beta nor Finest are listed with the Louisiana State Licensing Board for Contractors.

National Union is aware that Beta has been named in lawsuits or notified of potential claims arising out of Chinese Drywall that the company allegedly installed in Florida homes sold by developers other than WCI. These claims (along with any other claims asserted against Beta or Finest) may be asserted under the National Union Policies and compete with the WCI claims for insurance proceeds.

Despite Beta and Finest's interest in the outcome of this litigation and the disposition of any available insurance proceeds under the National Union Policies issued to them as named insureds, the First Amended Complaint does not name either Beta or Finest (nor any other subcontractors) as defendants.

## II.  ARGUMENT

National Union brings this motion to dismiss pursuant to Rule 12(b)(7) for failure to join necessary parties under Rule 19 and applicable Florida substantive law. National Union is entitled to a dismissal of this case because (1) Beta and Finest are necessary parties to this litigation as the named insureds under the National Union Policies, (2) it is not feasible to join Beta or Finest as

parties to this litigation because this court does not have personal jurisdiction over either party, and (3) a balancing of the equities under Rule 19 leads to the conclusion that Beta and Finest are indispensable parties. Accordingly, this action should be dismissed because proceeding without Beta and Finest could cause substantial prejudice to their rights under the National Union Policies, it is likely to spawn additional lawsuits filed by Beta and Finest in other jurisdictions, and such duplicative litigation is unnecessary because Pate's insurance coverage action could proceed with Beta and Finest in a Florida court.

### A.      Beta And Finest Are Necessary Parties That Cannot Be Joined

Rule 19 of the Federal Code of Civil Procedure provides a two step analysis for determining whether to dismiss an action for failure to join an absent party. First, this Court must determine whether the party is necessary and thus should be joined if feasible under Rule 19(a). *Denkmann Assocs. v. Int'l Paper Co.*, 132 F.R.D. 168, 171 (M.D. La. 1990) (finding an absent party necessary because the outcome of the litigation *could* substantially prejudice its rights); *Harris Trust & Savings Bank v. Energy Assets Int'l Corp.*, 124 F.R.D. 115, 117 (E.D. La. 1989) (contractual disputes require joinder of all parties to the contract). If the party is necessary, but its joinder is not feasible, then the Court must determine whether, under Rule 19(b), the action should be allowed to proceed in the party's absence. *Santamauro v. Taito do Brasil Industria E Comercia*, 587 F. Supp. 1312, 1318 (E.D. La. 1984). Where, as here, the court cannot exercise personal jurisdiction over a party, it is not feasible to join that party. *Id.* (if the court cannot exercise personal jurisdiction over a necessary party, it is not feasible to join that party).

1.      **Beta And Finest Are Necessary Parties Under Rule 19(a)**

Rule 19 addresses "required joinder of parties." Fed. R. Civ. P. 19. Rule 19 is interpreted to require joinder of "necessary" parties where "feasible." Rule 19 states in relevant part:

**(a)** **Persons Required to Be Joined if Feasible.**

> (1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
> **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect that interest or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

a.      **Complete Relief Cannot Be Granted In The Absence of Beta And Finest**

Rule (a)(1)(A) has been interpreted to mean that a party is "necessary" if a hearing on the merits would begin rather than conclude the litigation. *Tick v. Cohen*, 787 F.2d 1490, 1493 (11th Cir. 1986) (Rule 19(a) requires that "persons whose joinder is desirable from the standpoint of complete adjudication and elimination of relitigation" be joined where feasible); *Schutten v. Shell Oil Co.*, 421 F.2d 869, 874 (5th Cir. 1970) (one of the purposes of Rule 19 is the avoidance of multiple litigation on the same issues). In an action on a contract, all parties to the contract are necessary parties. *Harris Trust & Savings Bank v. Energy Assets Int'l Corp.*, 124 F.R.D. 115, 117 (E.D. La. 1989) ("Courts applying [Rule 19] to cases requiring contractual interpretation have held that 'there is a general rule that where

rights sued upon arise from a contract, all parties to it must be joined.'"). Courts reason that if a contractual dispute is addressed in a lawsuit in which parties to the contract are absent, the parties "will be left in essence with a determination of rights binding on the other party but not binding upon the absentees…. [The absent party] could refuse to abide by the judgment … and relitigate the same issue all over again." *Id.*

Furthermore, a named insured policy holder is a necessary party in an insurance coverage action. *Bethel v. Security National Ins. Co.*, 949 So.2d 219, 223 (Fla. App. 3 Dist. 2006). The reasoning is clear – a named insured's right to seek coverage under its policies is equal to an additional insured's right to coverage. *Hartford Ins. Co. of the Midwest v. Bellsouth*, 824 So.2d 234, 241 (Fla. App. 4 Dist. 2001) (rights of the additional insured can be no greater than those of the named insured). If the named insured is not a party to the additional insured's coverage dispute, the named insured's rights to coverage for competing claims may precipitate additional litigation by the named insured.

Rule 19 seeks to avoid this problem by joining all necessary parties where feasible. It is clear that Beta and Finest, as the named insureds under the National Union Policies, are necessary parties to any coverage dispute arising out of Chinese Drywall that they allegedly installed in homes built by WCI which are now the subject of homeowners' claims for property damage and bodily injury. Their right to insurance proceeds for covered claims under the policies is equal to WCI's right to such proceeds. *See Bellsouth*, 824 So.2d at 241. Accordingly, Beta and Finest may assert competing claims under the National Union Policies, for Chinese Drywall or other exposures, which must be given equal consideration to WCI's claim for coverage. Any judgment in this action would not be complete in the

absence of Beta and Finest because they would be entitled to seek their own judgment with respect to coverage under the National Union Policies, which could lead to competing and inconsistent judgments.

Accordingly, under Rule 19(a)(1)(a) and relevant case law, Beta and Finest are necessary parties.

        **b.**        **The Interests Of Beta And Finest And National Union Could Be Prejudiced If Beta And Finest Are Not Parties To This Action**

An alternative method of establishing that parties are necessary is set forth in Rule 19(a)(1)(b), which mandates that a party is necessary if the absent party's rights would be impaired or impeded if it was not joined to the litigation or the rights of a party who is already a defendant in the suit will be impeded if the absent party is not joined. In this case, Beta and Finest's rights, as well as the rights of National Union, would be impeded if Beta and Finest are not parties to the coverage dispute.

        **i.**        **Beta and Finest have an interest in this action and disposing of the action in their absence may impair or impede their abilities to protect their respective interests.**

According to Rule 19(a)(1)(b)(i), where a judgment on the merits could adversely affect the absent parties' interests, the absent party is a necessary party. *Denkmann Assocs.*, 132 F.R.D. at 171 (finding an absent party necessary because the outcome of the litigation *could* substantially prejudice its rights); *Tick*, 787 F.2d at 1494 ("[I]n view of the fact that a judgment in favor of the Ticks could adversely affect the absent beneficiaries [sic] interests, we find that the absent beneficiaries are persons to be joined if feasible."); *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Rite Aid of South Carolina, Inc.*, 210 F.3d 246, 251 (4th Cir. 2000) (concluding that absent party was a necessary party because proceeding

without the absent party would "impair or impede" its ability as a contracting party to protect a claimed interest relating to the subject of the action).

The Fourth Circuit addressed Rule 19 in *National Union v. Rite Aid*, 210 F.3d at 247. In *Rite Aid*, National Union brought a declaratory judgment action against Rite-Aid of South Carolina, Inc. ("RASC"), a named additional insured under a policy it issued to RASC's parent company, Rite-Aid Corp. ("Rite-Aid"). National Union sought a declaration with respect to the availability of coverage for two product liability suits. 210 F.3d at 247. Rite-Aid had negotiated the terms of the policy with National Union, made all premium payments for the policy, and managed all aspects of the policy for itself and its subsidiaries, including providing notice of claims. *Id.* The dispute with National Union centered on whether National Union had received timely notice of the product liability suits pending against RASC. RASC and Rite-Aid filed a parallel action in a state court where jurisdiction was proper, and RASC moved to dismiss the federal action filed by National Union on the basis that Rite-Aid was a necessary and indispensable party that could not be joined because it would destroy complete diversity. *Id.* at 248.

The district court dismissed the action filed by National Union and the Fourth Circuit affirmed. In so holding, the Fourth Circuit determined that a resolution of RASC's entitlement to coverage would be dependent on an interpretation of policy provisions and other agreements between National Union and Rite Aid. The court found that "as the contracting party and the party charged with giving notice of claims under the policy," Rite Aid had a "direct interest" in the court's determination of its policy obligations and in coverage for RASC. *Id.* at 251. Accordingly, the court concluded that Rite Aid was a

necessary party because proceeding without Rite Aid would "impair or impede" its interests. *Id.*

As in *Rite Aid*, in this case, the contracting parties are the absent parties, Beta and Finest, who negotiated the policies with National Union, including the additional insured or indemnification coverage, if any, for WCI. The claims brought by Pate on behalf of the Chinese Drywall Trust arise out of work allegedly performed by WCI's subcontractors, including Beta and Finest, in installing allegedly defective Chinese Drywall in the claimants' homes. Accordingly, Beta and Finest are potentially subject to their own liability to the homeowners or other interested parties. Moreover, Beta and Finest could assert a right to coverage for other drywall-related claims. This lawsuit may adversely impact Beta and Finest's rights to coverage, if any, under the National Union policies because any indemnity payments made to the Chinese Drywall Trust will erode or exhaust the available aggregate limits. Furthermore, litigation of WCI's right to coverage under the National Union Policies will require discovery into WCI's alleged actions and installer contracts – issues that Beta and Finest certainly have an interest in addressing. Thus, Beta and Finest are necessary parties under Rule 19(a)(1)(b)(i) because they have a "direct interest" in the terms of the coverage provided under the National Union policies for the drywall claims, an interest that would be "impaired or impeded" if this litigation proceeds in their absence.

        **ii.    Allowing the instant action to proceed without Beta and Finest could subject National Union to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations.**

According to Rule 19(a)(1)(b)(ii), Beta and Finest are necessary parties because National Union would be subject to a substantial risk of incurring multiple, inconsistent

judgments if different courts interpret the same National Union policies and find National Union owes different obligations. *See, e.g., Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1312 (5th Cir. 1986) (risk that defendant would be forced to pay twice for the same alleged conduct weighed in favor of requiring joinder of the absent party); *In re Image Masters, Inc.*, 421 B.R. 164, 190 (Bankr. E.D. Pa. 2009) (failure to join absent parties could subject defendants and absent parties to substantial risk of multiple inconsistent judgments, and every dollar the bankruptcy trustee recovered from defendants could reduce the payments due the absent parties); *Allison v. Shapiro & Burson, LLP*, No. 1:09CV00057, 2009 WL 4015410 at *6 (W.D. Va. Nov. 19, 2009) (finding a very real possibility that defendants, if required to participate in two different adjudications in order to seek full relief may be left with inconsistent decisions); *National Union Fire Ins. Co. v. Rite Aid*, 210 F.3d 246, 252 (4th Cir. 2000) (finding possibility of inconsistent judgments regarding the interpretation of the policy provisions in competing actions weighed heavily in favor of finding that a party is a necessary party); *Zurich Am. Ins. Co. v. Electronics for Imaging, Inc.*, No. C 09-02408 WHA, 2009 WL 2252098 at *5 (N.D. Cal. July 28, 2009) (second and third-level excess carriers were necessary parties in suit filed by fourth and fifth-level excess carriers because of risk of inconsistency in parallel litigation involving same underlying loss).

    The Middle District of Pennsylvania recently addressed the issue of competing claims under an insurance policy. In *Wilson v. The Canada Life Assurance Company*, No. 4:08-CV-1258, 2009 WL 532830 (M.D. Pa. Mar. 3, 2009), the insurer sought dismissal of the action on the basis that a second party claiming rights to the proceeds under the life

insurance policy in issue was a necessary party and was proceeding in its own action in a Canadian court. In considering the application of Rule 19(a)(1)(b), the court observed:

> [Plaintiff] argues that [the unjoined party] does not face a substantial risk of prejudice because this action and the Canadian action may proceed at the same time. But [plaintiff's] claims and [the unjoined party's] claims to the common proceeds of the insurance policy are mutually exclusive, and although the two actions may proceed simultaneously, it is the possibility of inconsistent judgments that creates the almost unavoidable risk of prejudice to [the unjoined party]."

*Id.* at *4. (holding that the unjoined party was a necessary party.)

Rule 19 seeks to avoid problems of multiple, inconsistent judgments by joining all necessary parties where feasible. It is clear that Beta and Finest, as the named insureds, would be entitled to seek their own judgment with respect to coverage under the National Union Policies, which could lead to competing and inconsistent judgments. Moreover, coverage actions initiated by Beta and Finest would be duplicative of this litigation and create unnecessary confusion and procedural hurdles. *BFI Waste Systems of North America v. Broward County, Florida*, 209 F.R.D. 509, 515 (S.D. Fla. 2002) (Rule 19(a) reflects the judicial system's interest in resolving disputes efficiently and avoiding duplicitous litigation); *Schutten v. Shell Oil Co.*, 421 F.2d 869, 874 (5th Cir. 1970) (one purpose of Rule 19 is to avoid multiple litigation on the same issues). Accordingly, Beta and Finest are necessary parties under Rule 19(A)(1)(b)(ii).

### 2. It Is Not Feasible To Join Beta Or Finest To This Litigation Because The Court Lacks Personal Jurisdiction

Under Rule 19(a), a necessary party must be joined to the litigation if it is feasible. It is feasible to join a party only if the party is subject to the court's personal and subject matter jurisdiction. Fed. R. Civ. P. 19(a)(1); *Santamauro v. Taito do Brasil Industria E Comercia*, 587 F. Supp. 1312, 1318 (E.D. La. 1984) (if the court cannot exercise personal jurisdiction over a necessary

party, it is not feasible to join that party).  It appears that this federal court does not have personal jurisdiction over Beta and Finest, and the application of the Louisiana Long-Arm Statute is not constitutional under the circumstances.  Thus, it is not feasible to join Beta and Finest to this litigation.

### a. This Court Lacks Personal Jurisdiction Over Beta And Finest

Neither Beta nor Finest is a resident of Louisiana.  "[N]o federal court may assume personal jurisdiction over a non-resident defendant unless the defendant has meaningful 'contacts, ties, or relations' with the forum state." *Luv N' Care, Ltd. V. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006).  The court may apply Louisiana's long-arm statute, which may confer jurisdiction over an out-of-of state resident, but only within constitutional limits.  *Id.* at 471, *citing* LSA-R.S. 13:3201 (2006).  Compliance with constitutional due process requirements can be shown by establishing that the court has general or specific jurisdiction over the non-resident.  *Id.*  "Where a defendant has 'continuous and systematic general business contacts' with the forum state, the court may exercise 'general' jurisdiction over any action brought against the defendant." *Id.*  "Where contacts are less pervasive, the court may exercise 'specific' jurisdiction 'in a suit arising out of or related to the defendant's contacts with the forum." *Id.*  (minimum contacts test asks whether the non-resident 'purposely availed itself of the privilege of conducting activities [in the forum state] thus invoking the benefits and protections of its laws" and showing that the non-resident "reasonably anticipates being haled into court" in Louisiana).

This court has no basis to exercise personal jurisdiction over Beta or Finest.  It is clear that neither Beta nor Finest has "continuous and systematic" contacts with Louisiana to afford the court general jurisdiction.  *See Luv N'Care*, 438 F.3d at 469.  Both Beta and Finest are Florida

corporations in the business of providing subcontracting services, primarily drywall installation, in residences and businesses within the state of Florida. There is no indication that either Beta or Finest has ever conducted any business in Louisiana, including performing subcontracting services, marketing themselves to Louisiana businesses and residents, or shipping any products to Louisiana. The Louisiana Secretary of State's Corporations Database does not contain listings for either Beta or Finest as registered corporations operating within the state of Louisiana. Additionally, neither Beta nor Finest are listed with the Louisiana State Licensing Board for Contractors.

Moreover, it is clear that this court does not have specific jurisdiction over Beta and Finest for purposes of this action because this suit does not arise out of any contacts between Beta or Finest and the state of Louisiana. *See Harris v. Nichols Concrete Equip. Co., Inc.*, No. 02-2671, 2002 WL 31729490, *2 (E.D. La. Dec. 2, 2002) (finding no personal jurisdiction over subcontractor whose principal place of business was in Alabama because the company had no contacts with Louisiana); *Luv N'Care*, 438 F.3d at 470 (finding that "purposeful availment" of a forum state's laws and protections was shown by establishing that a non-resident knew, for example, that its products would be delivered into the stream of commerce and be purchased by consumers in the forum state).

In this action, Pate alleges that the Chinese Drywall claims arise out of homes constructed in Florida (1st Am. Complaint, ¶ 27) and further that WCI was in the business of constructing homes in Florida, New York, New Jersey, Virginia, Maryland, and Connecticut. (1st Am. Complaint, ¶ 25). Nowhere in the First Amended Complaint does Pate allege that any of the activities giving rise to this claim took place in Louisiana. There is no indication in facts outside of the First Amended Complaint that any party could discover a basis for asserting that Beta and Finest had contacts with Louisiana that could have given rise to the underlying claims. *Luv N' Care*, 438 F.3d at 471-72

(purpose of limitations is to promote "that degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assistance as to where that conduct will and will not render them liable to suit."). Accordingly, this court does not have specific jurisdiction over Beta or Finest.

Thus, this court cannot exercise personal jurisdiction over the absent parties.

### b. It Is Not Feasible To Join Beta Or Finest

When a court cannot exercise personal jurisdiction over a non-resident necessary party, it is not feasible to join that party to the litigation under Rule 19. *Santamauro v. Taito do Brasil Industria E Comercia*, 587 F. Supp. 1312, 1318 (E.D. La. 1984); *See also Wilson v. The Canada Life Assurance Company*, No. 4:08-CV-1258, 2009 WL 532830 at *5 (M.D. Pa. Mar. 3, 2009) (holding that it was not feasible to join a necessary party because the court could not assert personal jurisdiction over the absent party); *Cf. Denkmann Assocs*, 132 F.R.D. at 171 (On basis that "Rule 19(a) also requires that the person's joinder cannot deprive the court of jurisdiction and that the person sought to be joined is subject to service of process," court held that it was not feasible to join a party if it would destroy diversity). As this court cannot exercise personal jurisdiction over Beta and Finest, it is not feasible to join them to this litigation.

### B. This Action Must Be Dismissed Pursuant to Rule 12(b)(7) Because Beta And Finest Are Indispensible Parties To This Litigation

The court must dismiss an action pursuant to rule 12(b)(7) for failure to join a necessary party unless "equity and good conscience" dictate proceeding without the necessary party. Fed. R. Civ. P. 19(b); *AT&T Communications v. BellSouth Telecommunications Inc.*, 238 F.3d 636, 658 (5th Cir. 2001) (affirming dismissal for failure to join an indispensible party to the suit). This test has been described as a determination of whether the party is "indispensable" to the litigation. *AT&T*,

-14-

238 F.3d at 658-59. A balancing of the equities strongly favors dismissing this action pursuant to Rule 12(b)(7) because Beta and Finest are indispensable to this litigation.

Rule 19 sets forth four factors for determining whether to proceed when a necessary party cannot be joined: (1) to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Fed. R. Civ. P. 19(b). The evaluation of these factors leads to the inevitable conclusion that this case cannot proceed without Beta and Finest, the named insureds under the National Union Policies.

### 1. Prejudice To Beta, Finest and National Union

Based upon the established case law of the federal courts, a judgment in the instant action could be prejudicial to Beta, Finest and National Union. As discussed in previous sections, proceeding without Beta and Finest could prejudice their interests because the characterization of the coverage issues by WCI could affect Beta and Finest's claims and the erosion of the aggregate limits on the policies will reduce the insurance available to Beta and Finest. When an insured's interests are not represented in a coverage action, its interests may be prejudiced. *Northland Ins. Co. v. Berkebile Oil Co.*, No. 3:03CV00011, 2003 WL 22995127 at * 5-6 (W.D. Va. Dec. 12, 2003) (holding that named insured was an indispensable party because it would be prejudiced by the insurer's characterization of the coverage issues because its claim for coverage was premised on the same underlying claims); *Wilson,* at *9 (absence of a party with a potential interest in life insurance policy proceeds presents a substantial risk of prejudice to absent party). Furthermore, National

Union would be prejudiced because it could be subjected to inconsistent judgments if Beta and Finest pursue their asserted rights to coverage in a competing action. *National Union Fire Ins. Co. of Pittsburgh, Pennsylvania v. Rite Aid of South Carolina, Inc.*, 210 F.3d 246, 252 (4th Cir. 2000) (if coverage action were to proceed without named insured's subsidiary company, the named would be impaired or impeded from protecting its separate and distinct interest and the insurer could be subject to inconsistent judgments); *In re Image Masters, Inc.*, 421 B.R. at 190 (failure to join absent parties could subject defendants and absent parties to substantial risk of multiple inconsistent judgments, and every dollar the bankruptcy trustee recovered from defendants could reduce the payments due the absent parties). Thus, the first factor weighs in favor of dismissal.

### 2. The Prejudice Cannot Be Lessened If The Case Proceeds

Under the second factor, it is impossible for this court to lessen prejudice to the absent parties or National Union if this court proceeds without Beta or Finest. Where a court cannot make a coverage determination of issues separate and distinct from those involved in claims against the absent party, dismissal is warranted because proceeding would "complicate and enlarge what would otherwise be a relatively straightforward contract action in a single court." *Rite Aid of South Carolina, Inc.*, 210 F.3d at 252 (dismissing coverage action in part based on an inability to lessen the prejudice caused by the absence of the named insured); *see also Denkmann Associates v. International Paper Company*, 132 F.R.D. 168, 176 (M.D. La. 1990) (where the court cannot fashion a judgment which would not affect absent party's rights, dismissal was proper). Pate seeks additional insured coverage under the National Union Policies issued to Beta and Finest. Such coverage, if any, necessarily arises out of Beta and Finest's actions or omissions with respect to the drywall these subcontractors allegedly installed in homes constructed by WCI. Any recovery by

Pate will reduce the coverage available to Beta and Finest for such acts or omissions and other claims. It would be impossible for this court to shape a judgment to give due consideration to Beta and Finest's rights under the policies. Thus, the second factor weighs in favor of dismissal.

### 3. A Judgment Will Be Inadequate Without Beta and Finest

Under the third factor, an "adequate" judgment cannot be rendered in the absence of the named insured subcontractors because Beta and Finest's interests are competing with Pate's interest in the policies. "A judgment is 'adequate' if it furthers the public interest in 'complete, consistent, and efficient resolution of controversies." *B. Fernandez & HNOS, Inc. v. Kellogg USA, Inc.*, 516 F.3d 18, 25-26 (1st Cir. 2008) (finding that absent party's rights were "inextricably bound" with issues raised in the pending action rendering any judgment in the action inadequate); *Rite Aid of South Carolina, Inc.*, 210 F.3d at 253 (resolution of coverage issued in piecemeal fashion is inadequate); *Santamauro v. Taito do Brasil Industria E Comercia*, 587 F. Supp. 1312, 1318 (E.D. La. 1984) ("Consistent with the general interests of Rule 19 to avoid repeated lawsuits on the same subject and to provide parties with complete relief in a single action, it is desirable for plaintiff to proceed in one action….").

Beta and Finest's interests are "inextricably bound" with the pending action because Pate is seeking coverage to benefit the Chinese Drywall Trust pursuant to WCI's asserted additional insured status under the policies issued to Beta and Finest as the named insureds. If judgment is rendered in favor of Pate, it necessarily impacts the rights of Beta and Finest to the insurance proceeds. *See B. Fernandez*, 516 F.3d at 26. Moreover, National Union may be forced to litigate the same issues on two fronts if Beta and Finest choose to bring an action in a proper venue. *See*

*Wilson*, at *10 (insured's relief may be complete, but the separate insured's controversy over the policy will not be resolved). Accordingly, the third factor weighs in favor of dismissing this action.

### 4. Pate Has An Adequate Remedy In Florida Court

Under the fourth and final factor, if the First Amended Complaint is dismissed, Pate, a Texas resident, can file suit in a Florida court because diversity will not be destroyed and it appears that a court sitting in Florida would have personal jurisdiction over all the parties. *See, e.g. Rite Aid of South Carolina, Inc.*, 210 F.3d at 253-54 (suit dismissed where plaintiff had an adequate remedy in state court, which was a more convenient place for coverage action since both the insurer and insured were citizens of the same state); *Denkmann Associates,* 132 F.R.D. at 177 (where all parties had adequate remedies in state courts if the federal action was dismissed, dismissal was proper); *Washington International Ins. Co. v. Board of Supervisors*, No. 2:98-CV-67-B-B, 1999 WL 33537171 at *2 (N.D. Miss. Jan. 26, 1999) (same). Moreover, a Florida court would be more convenient for all of the relevant parties because the acts or omissions giving rise to Pate's claims on behalf of the Drywall Trust, even as plead in the First Amended Complaint, took place in Florida and the subcontractors named in the complaint are all located in Florida. Accordingly, the fourth factor supports dismissal of this action.

As all four factors weigh in favor of dismissing this action, National Union's motion to dismiss pursuant to 12(b)(7) failure to join a party should be granted.

### III.  CONCLUSION

For the reasons stated above, National Union, on behalf of itself and the other defendant insurers respectfully requests that the Court grant its motion and dismiss this action pursuant to Fed.R.Civ.P. 12(b)(7).

Dated: March 29, 2010

        Respectfully submitted:

BY:      /s/Thomas E. Schwab
Thomas E. Schwab
BARKLEY & THOMPSON, L.C.
1515 Poydras Street, Suite 2350
New Orleans, Louisiana 70112
Phone: (504) 595-3370
Fax: (504) 595-3355
E-mail: tschwab@barkleythompson.com

Joseph A. Hinkhouse
Sara Uffelman Gattie
HINKHOUSE WILLIAMS WALSH
180 North Stetson Street, Suite 3400
Chicago, Illinois 60601
Phone: (312) 784-5454
Fax: (312) 784-5494
E-mail:  **jhinkhouse@hww-law.com**
        suffelman@hww-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum in Support of Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(7) for Failure to Join a Party under Rule 19 has been served on Plaintiffs; Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing in accordance with the procedures established in MDL 2047, on this 29th day of March, 2010.

                                                  /s/Thomas E. Schwab
                                              ATTORNEYS FOR DEFENDANT,
                                              National Union Fire Insurance Company of Pittsburgh, Pa.