UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL No. 2:09-md-02047 |
| | * | JUDGE FALLON |
| **This document relates to:** | * * | |
| ROBERT C. PATE, as Trustee for the Chinese Drywall Trust v. AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, ET AL **(2:09-cv-07791)** (E.D. La.) | * * * * * * * | MAGISTRATE WILKINSON |

**********************************************

**MEMORANDUM OF LAW IN SUPPORT OF
CERTAIN DEFENDANTS' JOINT MOTION TO DISMISS FIRST AMENDED
COMPLAINT FOR IMPROPER VENUE OR, IN THE ALTERNATIVE,
<u>TO TRANSFER ACTION TO THE MIDDLE DISTRICT OF FLORIDA</u>**

**NOW INTO COURT**, through undersigned counsel, come CHARTIS SPECIALTY INSURANCE COMPANY ("Chartis") (f/k/a American International Specialty Lines Insurance Company) and LEXINGTON INSURANCE COMPANY ("Lexington") and move this Court pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a) for an order on behalf of Chartis, Lexington and

other defendants[1] (collectively "defendants") dismissing the first amended complaint of Robert C. Pate ("Pate"), as Trustee for the Chinese Drywall Trust, on the basis that the Eastern District of Louisiana is an improper venue for this action under 28 U.S.C. § 1391. In the alternative, defendants move for an order transferring this case to the Middle District of Florida pursuant to 28 U.S.C. § 1406(a).

I.   BACKGROUND

This is an insurance coverage dispute involving houses constructed in Florida. On December 23, 2009, Pate, in his alleged capacity as the Trustee for the Chinese Drywall Trust (the "Trust"), commenced this lawsuit seeking a declaration that the defendant insurers are obligated to indemnify the Trust for losses arising from claims that may be brought against the Trust related to houses constructed by WCI Communities, Inc. ("WCI") and its subcontractors. In response, on February 24, 2010, Chartis and other defendants filed a joint motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a). On March 15, 2010, Pate filed a first amended complaint. The filing of the amended complaint mooted the original joint motion to dismiss.

In the first amended complaint Pate alleges that on August 4, 2008 and July 1, 2009, WCI and its affiliates filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.[2] *In re WCI Communities, Inc., et al.*, No. 08-11643 (Bankr. D. Del.). The debtors filed a Second Amended Joint Chapter 11 Plan of Reorganization on July 17, 2009 (the "Plan").[3] The Plan reportedly created the Trust to assume the debtors' liability for losses suffered by claimants due

---

[1] American Guarantee and Liability Insurance Company, Amerisure Insurance Company, Amerisure Mutual Insurance Company, FCCI Commercial Insurance Company, FCCI Insurance Company, Hermitage Insurance Company, Illinois Union Insurance Company, National Union Fire Insurance Company of Pittsburgh, PA., Scottsdale Insurance Company, and Steadfast Insurance Company.
[2] Amd. Complaint at ¶ 30.
[3] Amd. Complaint at ¶ 31.

to allegedly defective drywall installed in Florida homes the debtors constructed.[4]  Pate alleges that WCI received complaints of alleged property damage and/or bodily injury arising from the drywall.[5]  Pate further contends that United States Bankruptcy Court confirmed the Plan by Order dated August 26, 2009.[6]

Under the Plan, WCI purportedly transferred to the Trust the right to pursue and recover from insurers that issued insurance policies under which WCI may be entitled to coverage.[7]  Pate alleges that the defendants issued liability insurance policies directly to WCI or to its subcontractors.[8]  Pate further contends that WCI is a named or additional insured under policies issued to the subcontractors, who allegedly supplied or installed the defective drywall.[9]  Pate asserts that WCI is entitled to coverage under the policies for the drywall claims that may be asserted against the Trust, and seeks a declaration that the defendants must indemnify the Trust in connection with such claims.[10]  Further, Pate alleges that the defendant insurers breached their obligations under the policies by failing to acknowledge coverage for the claims.[11]

The amended complaint contains no allegation suggesting any nexus between Louisiana and the insurance coverage dispute at issue.  The amended complaint alleges that plaintiff is a Texas resident.[12]  The amended complaint does not allege that any defendant is a Louisiana corporation, or maintains its principal place of business in Louisiana.[13]  Further, the amended complaint does not allege that any alleged insured (*i.e.* WCI or its subcontractors) is a Louisiana corporation, or maintains its principal place of business in Louisiana.  None of the alleged

---

[4] Amd. Complaint at ¶ 32.
[5] Amd. Complaint at ¶ 27, 29, 36.
[6] Amd. Complaint at ¶ 35.
[7] Amd. Complaint at ¶ 33.
[8] Amd. Complaint at ¶¶ 37-50.
[9] Amd. Complaint at ¶ 49.
[10] Amd. Complaint at ¶¶ 36, 56-60.
[11] Amd. Complaint at ¶¶ 36, 61-63.
[12] Amd. Complaint at ¶ 1.
[13] Amd. Complaint at ¶¶ 2-22.

underlying claims of property damage and/or personal injury arising from defective drywall installed in homes sold by WCI are located in Louisiana. All are alleged to be located in Florida.[14] Similarly, the amended complaint contains no allegation that any WCI homeowner claimant is a resident of Louisiana. The amended complaint alleges that some, but not all, defendants are authorized to sell insurance or conduct business in Louisiana.[15] There is no allegation that any insurance at issue was sold in Louisiana pertaining to WCI or its subcontractors.

Despite no apparent connection between Louisiana and this insurance coverage dispute, the complaint alleges that the Eastern District of Louisiana is the proper venue for this action. Specifically, Pate alleges that venue is appropriate under 28 U.S.C. § 1391(a)(3) because "the Defendants are subject to personal jurisdiction in this judicial district."[16] With the exception of defendants FCCI Commercial Insurance Company, FCCI Insurance Company, NGM Insurance Company, Owners Insurance Company, and Chartis Claims, Inc., the amended complaint alleges that the defendants are "authorized to sell insurance in Louisiana."[17] Further, the amended complaint asserts that venue is otherwise appropriate in this district pursuant to 28 U.S.C. § 1407 and the June 15, 2009 Transfer Order of the Judicial Panel on Multidistrict Litigation.[18]

## II.   ARGUMENT

Venue is not proper in the Eastern District of Louisiana, and the amended complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3), 28 U.S.C § 1391(a), and 28 U.S.C § 1406(a). Alternatively, this action should be transferred to the Middle District of Florida pursuant to 28 U.S.C. § 1406(a).

---

[14] Amd. Complaint at ¶ 27.
[15] Amd. Complaint at ¶ 24.
[16] Amd. Complaint at ¶ 24.
[17] Amd. Complaint at ¶ 24,
[18] Amd. Complaint at ¶ 24.

### A. Venue is not Proper Under § 1391(a) and the Amended Complaint Should be Dismissed

The Eastern District of Louisiana is not the proper venue for this diversity action because none of the conditions set forth in 28 U.S.C. § 1391(a) is satisfied. Section § 1391(a) provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, *if there is no district in which the action may otherwise be brought*. (emphasis added)

The burden is on plaintiff to demonstrate that this district is the proper venue under the statute. *See Smith v. Fortenberry*, 903 F. Supp. 1018, 1019-1020 (E.D. La. 1995). "The general rule is that venue must be established for each separate cause of action and for each defendant." *Burkitt v. Flawless Records, Inc.*, No. 03-2483, 2005 U.S. Dist. LEXIS 11986 at *14 (E.D. La. June 13, 2005).

The amended complaint alleges that venue in this district is proper under 28 U.S.C. § 1391(a)(3).[19] As discussed below, none of the three bases for venue under 28 U.S.C. § 1391(a) is satisfied, and the amended complaint should be dismissed.

#### 1. All defendants do not reside in Louisiana.

Under § 1391(a)(1), a diversity action may be brought in "a judicial district where any defendant resides, if all defendants reside in the same State." For the purposes of venue under the statue, a corporation is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). This court lacks personal jurisdiction over various defendants in this action, including FCCI Commercial

---

[19] Amd. Complaint at ¶ 24.

Insurance Company, FCCI Insurance Company, and Mid-Continent Casualty Company. They have filed motions to dismiss for lack of personal jurisdiction.[20] As this Court lacks personal jurisdiction over one or more of the defendants, all defendants do not reside in Louisiana. Accordingly, this district is not the proper venue under § 1391(a)(1). *See Francis v. E-Z Bus, Inc.*, No. 05-6905, 2006 U.S. Dist. LEXIS 17565 at *3 (E.D. La. Apr. 7, 2006) (venue is improper under § 1391(a)(1) where one defendant did not reside in the state); *Joseph v. Emmons*, No. 04-2843, 2005 U.S. Dist. LEXIS 5528 at *5 (E.D. La. Mar. 22, 2005) (same).

### 2. A substantial part of the events or omissions giving rise to the claim did not occur in Louisiana.

Alternatively, venue is proper under § 1391(a)(2) in a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Under this provision, a court evaluates whether any events that occurred in the venue gave rise to the litigation. *Factory Girl, LLC v. Wiersma*, No. 06-2159, 2006 U.S. Dist. LEXIS 47497 at *4 (E.D. La. July 12, 2006). With respect to contracts, the place where a contract is made or performed can establish proper venue. *Id. See also American Carpet Mills v. Gunny Corp.*, 649 F.2d 1056, 1059 (5th Cir. 1981) (holding that under an earlier version of § 1391 venue is proper at the place of performance in an action for breach of contract). In the context of insurance contracts, the insured's principal place of business, the place the policy was negotiated and delivered, the place from which the insurance premiums were paid, and location of the underlying claim are significant to the venue determination. *Starnet Ins. Co. v. Fueltrac, Inc.*, No. 08-1644, 2009 WL 1210508 at *2 (W.D. La. May 1, 2009); *PIC Group, Inc. v. Landcoast Insulation, Inc.*, No. 09-461, 2009 U.S. Dist.

---

[20] Upon information and belief, the Court also lacks personal jurisdiction over defendant Owners Insurance Company ("Owners"). The time for Owners to respond to the first amended complaint would be 50 days upon service and defendants reserve the right to supplement their joint motion to dismiss to include as an additional ground in support the fact that the Court lacks personal jurisdiction over Owners.

LEXIS 81234 at *3-*4 (W.D. La. Sept. 8, 2009) (venue was improper under § 1391(a)(2) where the insurance policy was issued in Louisiana but the accident for which coverage was sought occurred outside Louisiana); *Orleans Limousines & Transp. v. Hurd Ins. Agency*, No. 02-2742, 2003 U.S. Dist. LEXIS 3899 at *5-*6 (E.D. La. Mar. 13, 2003) (venue was improper under § 1391(a)(2) where contract claims had no connection with Louisiana).

Section 1391(a)(2) does not apply based on the allegations in the amended complaint because Pate alleges no facts suggesting that the insured's principal place of business is in Louisiana, the insurance policies were negotiated and/or delivered in Louisiana, or the insurance premiums were paid in Louisiana.  With respect to Chartis Claims, Inc., Pate alleges no activity in Louisiana by that company with respect to any policy or underlying claim.  Further, Pate does not allege the underlying claims upon which the instant coverage action are founded occurred in Louisiana.  Quite the opposite, Pate alleges that individuals have made claims for property damage and/or bodily injury "arising from Chinese Drywall installed in homes that WCI sold in Florida, including areas such as Fort Lauderdale, Fort Myers, and Bradenton."[21]  Pate seeks coverage for those claims under policies issued to WCI or its subcontractors.[22]  There are no allegations that any individuals have made claims with respect to houses WCI built in Louisiana.  There are no allegations that any policy was issued to WCI or its subcontractors in Louisiana.  Moreover, plaintiff does not allege that WCI or any of its alleged subcontractors is located in Louisiana, or that WCI or its subcontractors conducted any activities in Louisiana related to the Florida houses at issue.  Nothing in the complaint suggests that any defendant handled WCI's claim for coverage in Louisiana.  There are no allegations that WCI has dealt with any underlying claim or a request for coverage in Louisiana.  No events giving rise to plaintiff's

---

[21] Complaint at ¶¶ 27.
[22] Complaint at ¶¶ 38-50.

claim for coverage are alleged to have occurred in Louisiana.   For these reasons a substantial part of the events or omissions giving rise to this coverage dispute did not occur in Louisiana, and thus, venue is not proper under § 1391(a)(2).

      **3.**      **Not all defendants are subject to personal jurisdiction in the Eastern District of Louisiana and this action could have been brought in another district.**

Finally, 28 U.S.C. § 1391(a)(3) provides that venue is proper in a "judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, *if there is no district in which the action may otherwise be brought*." (emphasis added)  Notably, Pate cites this section as the basis for venue in this district.  The section applies, however, only where venue is not proper in any other district under § 1391(a)(1) or (a)(2).  Section 1391(a)(3) "operates only in the instance that there is no district in which the action may otherwise be brought."  *Waldron v. Freightliner Corp.*, No. 96-2530, 1996 U.S. Dist. LEXIS 19147 at *9 (E.D. La. Dec. 19, 1996). *See also Smith*, 903 F.Supp. at 1021; *Hogue v. State Farm Fire & Cas. Co.*, No. 08-5000, 2009 U.S. Dist. LEXIS 79572 at *21-*22   (E.D. La. Aug. 13, 2009); *Labranche v. Embassy Suites, Inc.*, No. 97-3721, 1999 U.S. Dist. LEXIS 1495 at *4 (E.D. La. Feb. 3, 1999); *Norton Packaging Inc. v. Industrial Packaging Corp.*, No. 95-1179, 1995 U.S. Dist. LEXIS 12336 at *4-*5 (E.D. La. Aug. 23, 1995).

Here, venue is proper in the Middle District of Florida.  For purposes of this lawsuit, all defendants reside in the Middle District of Florida because they are subject to personal jurisdiction in that district.  They all have sufficient contacts in that district to support the exercise of personal jurisdiction over them.  In addition, the amended complaint alleges the underlying claims against WCI  concern homes in three areas of Florida, and two of these area

are located in the Middle District of Florida: Fort Myers and Bradenton.[23] Because there is another district in which this action may have been brought, venue is not proper in this district under Section 1391(a)(3).

### B. Venue is Not Proper Under 28 U.S.C. § 1407 or the Transfer Order

Plaintiff further asserts that venue is proper under 28 U.S.C. § 1407 and the June 15, 2009, Transfer Order of the Judicial Panel on Multidistrict Litigation.[24] Neither the statute nor the Order makes this district a proper venue in which Pate may file this action. On its face, § 1407 does not apply. It provides that "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). The statute does not provide the venue where a party may bring a civil action in the first instance, as Pate did here. Rather, it provides for the transfer of civil actions into a single district under certain circumstances. Similarly, on its face, the Transfer Order does not make this district the proper venue for this original action. *In re Chinese Drywall Products Liability Litigation*, 626 F. Supp. 2d 1346 (U.S. Jud. Pan. Mult. Lit. 2009). The Order transferred ten pending underlying homeowner lawsuits to this district for coordinated pretrial proceedings as permitted under § 1407. *Id.* at 1346. The Order provides that other pending actions may be treated as "tag-along" actions subject to transfer after the parties have been provided an opportunity to object. *Id.* at 1346 n.1 (citing R.P.J.P.M.L. 7.4-7.5). Nothing in the Order provides that a party may commence an action in the Eastern District of Louisiana simply because the Judicial Panel on Multidistrict Litigation consolidated some cases in the district.

---

[23] Amd. Complaint at ¶ 27
[24] Amd. Complaint at ¶ 24

Moreover, the JPML has twice considered and rejected transfer of insurance coverage actions involving Chinese drywall to MDL No. 2047. In both instances, the JPML determined that the provisions of 28 U.S.C. §1407(a) did not support transfer of the coverage disputes to MDL No. 2047, stating that transfer of the coverage actions to the MDL would not serve of the convenience of parties and witnesses, nor promote the just and efficient conduct of the litigation. *See* Order Vacating Conditional Transfer Order of *General Fid. Ins. Co. v. Foster*, No. 9:09-80743 (S.D. Fla. Dec. 2, 2009); Order Denying Transfer of *Builders Mut. Ins. Co. v. Dragas Mgt. Corp.*, No. 2:09-185 (E.D. Va. Feb. 5, 2010).

### C. In the Alternative to Dismissing the Amended Complaint, This Action Should be Transferred to the Middle District of Florida Pursuant to 28 U.S.C. § 1406

As an alternative to dismissal, the Court may transfer this action to any district in which plaintiff could have filed this action. Pursuant to 28 U.S.C. § 1406(a), the "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Pate could have brought this action in the Middle District of Florida where for purposes of the claims at issue, all defendants reside for the purposes of § 1391(a)(1). The amended complaint alleges that claims for defective drywall have been made against WCI in three areas of Florida.[25] Two of these three areas, Fort Myers and Bradenton, are located in the Middle District of Florida. Accordingly, the Court may transfer this action to the Middle District of Florida under 28 U.S.C. § 1406 instead of dismissing it. *See Ellis v. Great Southwestern Corp.*, 646 F.2d 1099, 1107 (5th Cir. 1981) (transfer to a district in which personal jurisdiction over the defendant may be obtained may properly be made under § 1406(a)); *Starnet Ins.*, 2009

---

[25] Amd. Complaint at ¶ 27

WL 1210508 at *2 (transferring the case to a district where insured resides and a substantial part of the events giving rise to the litigation occurred).

### III. CONCLUSION

For the reasons stated above, the defendants jointly request that the Court grant the motion and dismiss this action pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a). In the alternative, defendants move that the Court transfer this action to the Middle District of Florida pursuant to 28 U.S.C. § 1406(a).

    Respectfully submitted:

s/Erin Fury Parkinson
**ERIN FURY PARKINSON, T.A.  (# 22549)**
**JOSE L. BARRO, III   (# 30857)**
**SARAH J. MURPHY  (#31893)**
MCGLINCHEY STAFFORD, PLLC
601 Poydras Street, 12th Floor
New Orleans, Louisiana  70130
Telephone:  (504) 586-1200
Facsimile:  (504) 910-9539
E-mail:  eparkinson@mcglinchey.com
        jbarro@mcglinchey.com
        smurphy@mcglinchey.com

**WARREN LUTZ**
**PAUL D. SMOLINSKY**
JACKSON & CAMPBELL, P.C.
1120 20th Street, N.W.
Suite 300 South
Washington, D.C.  20036
Phone:  (202) 457-1600
Facsimile:  (202) 457-1678
E-mail:  wlutz@jackscamp.com
        psmolinsky@jackscamp.com

**Attorneys for Defendants:**
**CHARTIS SPECIALTY INSURANCE COMPANY (**formerly known as  American International Specialty Lines Insurance Company) **and LEXINGTON INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing "*Memorandum of Law in Support of Certain Defendants' Joint Motion to Dismiss First Amended Complaint for Improper Venue or, in the Alternative, to Transfer Action to the Middle District of Florida*" has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United states District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 29th day of March, 2010.

s/Erin Fury Parkinson
**ERIN FURY PARKINSON, T.A.  (# 22549)**
**JOSE L. BARRO, III   (# 30857)**
**SARAH J. MURPHY  (#31893)**
McGlinchey Stafford, PLLC
601 Poydras Street, 12th Floor
New Orleans, Louisiana  70130
Telephone:  (504) 586-1200
Facsimile:  (504) 910-9539
E-mail:   eparkinson@mcglinchey.com
              jbarro@mcglinchey.com
              smurphy@mcglinchey.com