## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | * | MDL No. 2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | |
| | * | SECTION "L" |
| THIS DOCUMENT RELATES TO: | * | |
| | * | JUDGE FALLON |
| SEAN and BETH PAYTON, et al., | * | |
| Plaintiffs, | * | |
| vs. | * | MAG. JUDGE WILKINSON |
| KNAUF GIPS KG, et al., | * | |
| Defendants. | | |
| CASE NO. 2:09-CV-7628 | * | |
| * * * * * * * * * * * * * * | * | |

## DEFENDANT STOCK BUILDING SUPPLY, LLC'S ANSWER AND CROSSCLAIMS

Defendant Stock Building Supply, LLC ("Stock"), by and through its undersigned attorneys, hereby files its Answer, Affirmative Defenses, and Crossclaims in response to Plaintiffs' Omnibus Class Action Complaint ("Complaint"), and states as follows:

### RESPONSE TO PLAINTIFF'S OMNIBUS CLASS ACTION COMPLAINT (I)

Stock denies that it is liable to Plaintiffs, denies that Plaintiffs are entitled to recover any damages or relief from Stock, and denies that Plaintiffs' Complaint satisfies the requirements for asserting and maintaining a class action under Fed. R. Civ. P. 23 as it pertains to Stock.

### RESPONSE TO JURISDICTION, PARTIES, AND VENUE

1.      Paragraph 1 of the Complaint contains legal conclusions to which Stock is not required to respond and further contains factual allegations about which Stock lacks information sufficient to admit or deny.  To the extent a response is required, Stock denies the allegations of Paragraph 1 of the Complaint as they pertain to Stock.

1

2.      Paragraph 2 of the Complaint contains legal conclusions to which Stock is not required to respond.  To the extent a response is required, Stock denies the allegations of Paragraph 2 of the Complaint as they pertain to Stock.

3.      Paragraph 3 of the Complaint contains legal conclusions to which Stock is not required to respond and further contains factual allegations about which Stock lacks information sufficient to admit or deny.  To the extent a response is required, Stock denies the allegations of Paragraph 3 of the Complaint as they pertain to Stock.

## RESPONSE TO PLAINTIFFS

4 - 2072.      Stock is without sufficient information to admit or deny the allegations contained in Paragraph 4 - 2072 of the Complaint and therefore denies the same.

## RESPONSE TO DEFENDANTS

2073.  Stock admits that at times relevant to the Complaint it was a North Carolina corporation, that it is now a North Carolina limited liability company, and that it has its principal place of business in Raleigh, North Carolina.  Except as admitted, Stock is without sufficient information to admit or deny the allegations contained in Paragraph 2073 of the Complaint and therefore denies the same.

### Response to The Manufacturing Defendants

2074 - 2079.   Stock admits the allegations contained in Paragraphs 2072 - 2079 of the Complaint, upon information and belief.

### Response to The Distributor and Supplier Defendants

2080 - 2120.   Stock is without sufficient information to admit or deny the allegations contained in Paragraphs 2080 - 2120 of the Complaint and therefore denies the same.

2121.  Stock admits that it is a North Carolina limited liability company with its principal place of business at 8020 Arco Corporate Drive, Raleigh, North Carolina 27617, and that it is organized under North Carolina law.  Stock further admits that it is a distributor of building products to professional contractors.  Except as admitted, Stock denies the allegations contained in Paragraph 2121 of the Complaint.

2122 - 2123.  Stock is without sufficient information to admit or deny the allegations contained in Paragraphs 2122 - 2123 of the Complaint and therefore denies the same.

### Response to The Importer/Exporter/Broker Defendants

2124 - 2128.  Stock is without sufficient information to admit or deny the allegations contained in Paragraphs 2124 - 2128 of the Complaint and therefore denies the same.

### Response to The Developer/Builder Subclasses

2129 - 2516.  Stock is without sufficient information to admit or deny the allegations contained in Paragraphs 2129 - 2516 of the Complaint and therefore denies the same.

### Response to The Contractor/Installer Subclasses

2517- 2609.  Stock is without sufficient information to admit or deny the allegations contained in Paragraphs 2517 - 2609 of the Complaint and therefore denies the same.

### RESPONSE TO FACTS REGARDING PRODUCT DEFECTS

2610.  Stock is not a manufacturer of drywall, and Stock is without sufficient information to admit or deny the allegations contained in Paragraph 2610 of the Complaint and therefore denies the same.

2611.  Stock is without sufficient information to admit or deny the allegations contained in Paragraph 2611 of the Complaint and therefore denies the same.

2612.   Stock is without sufficient information to admit or deny the allegations contained in Paragraph 2612 of the Complaint and therefore denies the same.

2613.   Stock is without sufficient information to admit or deny the allegations contained in Paragraph 2613 of the Complaint and therefore denies the same.

2614.   Stock denies the allegations contained in Paragraph 2614 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2614 of the Complaint and therefore denies the same.

2615.   Stock denies the allegations contained in Paragraph 2615 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2615 of the Complaint and therefore denies the same.

2616    Stock denies the allegations contained in Paragraph 2616 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2616 of the Complaint and therefore denies the same.

2617.   Stock denies the allegations contained in Paragraph 2617 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2617 of the Complaint and therefore denies the same.

2618.   Stock denies the allegations contained in Paragraph 2618 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2618 of the Complaint and therefore denies the same.

2619.   Stock denies the allegations contained in Paragraph 2619 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2619 of the Complaint and therefore denies the same.

2620.   Stock denies the allegations contained in Paragraph 2620 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2620 of the Complaint and therefore denies the same.

## RESPONSE TO CLASS ACTION ALLEGATIONS

### Response to The Knauf Class

2621.   Paragraph 2621 the Complaint contains legal conclusions to which Stock is not required to respond.   To the extent a response is required, Stock denies the allegations of Paragraph 2621 the Complaint as they pertain to Stock.

### Response to The Distributor/Supplier Subclasses (Subclasses 1-43)

2622.   Paragraph 2622 the Complaint contains legal conclusions to which Stock is not required to respond.   To the extent a response is required, Stock denies the allegations of Paragraph 2622 the Complaint as they pertain to Stock.

2623.   Paragraph 2623 the Complaint contains legal conclusions to which Stock is not required to respond.   To the extent a response is required, Stock denies the allegations of Paragraph 2623 the Complaint as they pertain to Stock.

### Response to The Importer/Exporter/Broker Subclasses (Subclasses 44-48)

2624.   Paragraph 2624 the Complaint contains legal conclusions to which Stock is not required to respond.   To the extent a response is required, Stock denies the allegations of Paragraph 2624 the Complaint as they pertain to Stock.

2625.   Paragraph 2625 the Complaint contains legal conclusions to which Stock is not required to respond.   To the extent a response is required, Stock denies the allegations of Paragraph 2625 the Complaint as they pertain to Stock.

### Response to The Builder/Developer Subclasses (Subclasses 49-436)

2626.   Paragraph 2626 the Complaint contains legal conclusions to which Stock is not required to respond.   To the extent a response is required, Stock denies the allegations of Paragraph 2626 the Complaint as they pertain to Stock.

2627.   Paragraph 2627 the Complaint contains legal conclusions to which Stock is not required to respond.   To the extent a response is required, Stock denies the allegations of Paragraph 2627 the Complaint as they pertain to Stock.

### Response to The Builder/Developer Subclasses (Subclasses 49-436)

2628.   Paragraph 2628 the Complaint contains legal conclusions to which Stock is not required to respond.   To the extent a response is required, Stock denies the allegations of Paragraph 2628 the Complaint as they pertain to Stock.

2629.   Paragraph 2629 the Complaint contains legal conclusions to which Stock is not required to respond.   To the extent a response is required, Stock denies the allegations of Paragraph 2629 the Complaint as they pertain to Stock.

### Response to General Class Allegations and Exclusions from the Class Definitions

2630.   Paragraph 2630 the Complaint contains legal conclusions to which Stock is not required to respond.   To the extent a response is required, Stock denies the allegations of Paragraph 2630 the Complaint as they pertain to Stock.

2631.   Paragraph 2631 the Complaint contains legal conclusions to which Stock is not required to respond.   To the extent a response is required, Stock denies the allegations of Paragraph 2631 the Complaint as they pertain to Stock.

2632.   Paragraph 2632 (a) - (d) of the Complaint contains legal conclusions to which Stock is not required to respond.   To the extent a response is required, Stock denies the allegations of Paragraph 2632 (a) - (d) the Complaint as they pertain to Stock.

2633.   Paragraph 2633 the Complaint contains legal conclusions to which Stock is not required to respond.   To the extent a response is required, Stock denies the allegations of Paragraph 2633 the Complaint as they pertain to Stock.

2634.   Paragraph 2634 the Complaint contains legal conclusions to which Stock is not required to respond.   To the extent a response is required, Stock denies the allegations of Paragraph 2634 the Complaint as they pertain to Stock.

2635.   Paragraph 2635 the Complaint contains legal conclusions to which Stock is not required to respond.   To the extent a response is required, Stock denies the allegations of Paragraph 2635 the Complaint as they pertain to Stock.

2636.   Paragraph 2636 the Complaint contains legal conclusions to which Stock is not required to respond.   To the extent a response is required, Stock denies the allegations of Paragraph 2636 the Complaint as they pertain to Stock.

2637.   Paragraph 2637 the Complaint contains legal conclusions to which Stock is not required to respond.   To the extent a response is required, Stock denies the allegations of Paragraph 2637 the Complaint as they pertain to Stock.

2638.   Paragraph 2638 the Complaint contains legal conclusions to which Stock is not required to respond.   To the extent a response is required, Stock denies the allegations of Paragraph 2638 the Complaint as they pertain to Stock.

2639.   Paragraph 2639 the Complaint contains legal conclusions to which Stock is not required to respond.   To the extent a response is required, Stock denies the allegations of Paragraph 2639 the Complaint as they pertain to Stock.

**RESPONSE TO COUNT I**
**NEGLIGENCE**
**(Against All Defendants)**

2640.   Stock incorporates by reference its responses to Paragraphs 1 - 2639 of the Complaint as if fully set forth herein.

2641.   Stock denies the allegations contained in Paragraph 2641 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2641 of the Complaint and therefore denies the same.

2642.   Stock denies the allegations contained in Paragraph 2642 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2642 of the Complaint and therefore denies the same.

2643.   Stock denies the allegations contained in Paragraph 2643 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2643 of the Complaint and therefore denies the same.

2644.   Stock denies the allegations contained in Paragraph 2644 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2644 of the Complaint and therefore denies the same.

2645.   Stock denies the allegations contained in Paragraph 2645 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2645 of the Complaint and therefore denies the same.

2646.   Stock denies the allegations contained in Paragraph 2646 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2646 of the Complaint and therefore denies the same.

2647.   Stock denies the allegations contained in Paragraph 2647 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2647 of the Complaint and therefore denies the same.

## RESPONSE TO COUNT II
### NEGLIGENCE PER SE
**(Against All Defendants)**

2648.   Stock incorporates by reference its responses to Paragraphs 1 - 2647 of the Complaint as if fully set forth herein.

2649.   Stock denies the allegations contained in Paragraph 2649 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2649 of the Complaint and therefore denies the same.

2650.   Stock denies the allegations contained in Paragraph 2650 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2650 of the Complaint and therefore denies the same.

2651.   Stock denies the allegations contained in Paragraph 2651 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2651 of the Complaint and therefore denies the same.

2652.   Stock denies the allegations contained in Paragraph 2652 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2652 of the Complaint and therefore denies the same.

2653.   Stock denies the allegations contained in Paragraph 2653 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2653 of the Complaint and therefore denies the same.

2654.   Stock denies the allegations contained in Paragraph 2654 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2654 of the Complaint and therefore denies the same.

## <u>RESPONSE TO COUNT III</u>
### STRICT LIABILITY
### (Against All Defendants)

2655.   Stock incorporates by reference its responses to Paragraphs 1 - 2654 of the Complaint as if fully set forth herein.

2656.   Stock admits that at times relevant to the Complaint it was a distributor of building products including drywall to professional contractors.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2656 of the Complaint and therefore denies the same.

2657.   Stock is without sufficient information to admit or deny the allegations contained in Paragraph 2657 of the Complaint and therefore denies the same.

2658.   Stock denies the allegations contained in Paragraph 2658 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2658 of the Complaint and therefore denies the same.

2659.   Stock is without sufficient information to admit or deny the allegations contained in Paragraph 2659 of the Complaint and therefore denies the same.

2660.   Stock is without sufficient information to admit or deny the allegations contained in Paragraph 2660 of the Complaint and therefore denies the same.

2661.   Stock is without sufficient information to admit or deny the allegations contained in Paragraph 2661 of the Complaint and therefore denies the same.

2662.   Stock is without sufficient information to admit or deny the allegations contained in Paragraph 2662 of the Complaint and therefore denies the same.

2663.   Stock is without sufficient information to admit or deny the allegations contained in Paragraph 2663 of the Complaint and therefore denies the same.

2664.   Stock is without sufficient information to admit or deny the allegations contained in Paragraph 2664 of the Complaint and therefore denies the same.

2665.   Stock is without sufficient information to admit or deny the allegations contained in Paragraph 2665 of the Complaint and therefore denies the same.

2666.   Stock is without sufficient information to admit or deny the allegations contained in Paragraph 2666 of the Complaint and therefore denies the same.

2667.   Stock is without sufficient information to admit or deny the allegations contained in Paragraph 2667 of the Complaint and therefore denies the same.

2668.   Stock is without sufficient information to admit or deny the allegations contained in Paragraph 2668 of the Complaint and therefore denies the same.

2669.   Stock is without sufficient information to admit or deny the allegations contained in Paragraph 2669 of the Complaint and therefore denies the same.

2670.   Stock is without sufficient information to admit or deny the allegations contained in Paragraph 2670 of the Complaint and therefore denies the same.

2671.   Stock is without sufficient information to admit or deny the allegations contained in Paragraph 2671 of the Complaint and therefore denies the same.

2672.   Stock is without sufficient information to admit or deny the allegations contained in Paragraph 2672 of the Complaint and therefore denies the same.

### RESPONSE TO COUNT IV
### BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES
#### (Against All Defendants)

2673.   Stock incorporates by reference its responses to Paragraphs 1 - 2672 of the Complaint as if fully set forth herein.

2674.   Stock denies the allegations contained in Paragraph 2674 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2674 of the Complaint and therefore denies the same.

2675.   Stock is without sufficient information to admit or deny the allegations contained in Paragraph 2675 of the Complaint and therefore denies the same.

2676.   Stock denies the allegations contained in Paragraph 2676 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2676 of the Complaint and therefore denies the same.

2677.   Stock is without sufficient information to admit or deny the allegations contained in Paragraph 2677 of the Complaint and therefore denies the same.

2678.   Stock denies the allegations contained in Paragraph 2678 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2678 of the Complaint and therefore denies the same.

2679.   Stock denies the allegations contained in Paragraph 2679 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2679 of the Complaint and therefore denies the same.

2680.   Stock denies the allegations contained in Paragraph 2680 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2680 of the Complaint and therefore denies the same.

**RESPONSE TO COUNT V**
**BREACH OF THE IMPLIED WARRANTY OF FITNESS AND MERCHANTABILITY**
**PURSUANT TO FLORIDA STATUTES SECTION 719.203**
**(On Behalf of Plaintiffs Who Own Condominiums in the State of Florida)**
**(Against Builders Only)**

2681.   Stock incorporates by reference its responses to Paragraphs 1 - 2680 of the Complaint as if fully set forth herein.

2682 - 2692.   The allegations contained in Paragraphs 2682 - 2692 of the Complaint are not asserted against Stock and therefore Stock is not required to respond.   To the extent Stock is required to respond, Stock is without sufficient information to admit or deny the allegations contained in Paragraphs 2682 - 2692 of the Complaint and therefore denies the same.

**RESPONSE TO COUNT VI**
**BREACH OF THE IMPLIED WARRANTY OF HABITABILITY**
**(Against Builders Only)**

2693.   Stock incorporates by reference its responses to Paragraphs 1 - 2692 of the Complaint as if fully set forth herein.

2694 - 2699.   The allegations contained in Paragraphs 2694 - 2699 of the Complaint are not asserted against Stock and therefore Stock is not required to respond.   To the extent Stock is required to respond, Stock is without sufficient information to admit or deny the allegations contained in Paragraphs 2694 - 2699 of the Complaint and therefore denies the same.

### RESPONSE TO COUNT VII
### BREACH OF CONTRACT
### (Against Builders Only)

2700.  Stock incorporates by reference its responses to Paragraphs 1 - 2699 of the Complaint as if fully set forth herein.

2701 - 2703.   The allegations contained in Paragraphs 2701 - 2703 of the Complaint are not asserted against Stock and therefore Stock is not required to respond.  To the extent Stock is required to respond, Stock is without sufficient information to admit or deny the allegations contained in Paragraphs 2701 - 2703 of the Complaint and therefore denies the same.

### RESPONSE TO COUNT VIII
### VIOLATION OF THE LOUISIANA NEW HOME WARRANTY ACT
### (Against Louisiana Builders Only)

2704.  Stock incorporates by reference its responses to Paragraphs 1 - 2703 of the Complaint as if fully set forth herein.

2705 - 2710.   The allegations contained in Paragraphs 2705 - 2710 of the Complaint are not asserted against Stock and therefore Stock is not required to respond.  To the extent Stock is required to respond, Stock is without sufficient information to admit or deny the allegations contained in Paragraphs 2705 - 2710 of the Complaint and therefore denies the same.

### RESPONSE TO COUNT IX
### REDHIBITION
### (By Louisiana Plaintiffs Against All Defendants)

2711.  Stock incorporates by reference its responses to Paragraphs 1 - 2710 of the Complaint as if fully set forth herein.

2712.   Stock denies the allegations contained in Paragraph 2712 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2712 of the Complaint and therefore denies the same.

2713.   Stock denies the allegations contained in Paragraph 2713 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2713 of the Complaint and therefore denies the same.

2714.   Stock denies the allegations contained in Paragraph 2714 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2714 of the Complaint and therefore denies the same.

2715.   Stock denies the allegations contained in Paragraph 2715 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2715 of the Complaint and therefore denies the same.

2716.   Stock denies the allegations contained in Paragraph 2716 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2716 of the Complaint and therefore denies the same.

2717.   Stock denies the allegations contained in Paragraph 2717 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2717 of the Complaint and therefore denies the same.

2718.   Stock denies the allegations contained in Paragraph 2718 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2718 of the Complaint and therefore denies the same.

2719.   Stock denies the allegations contained in Paragraph 2719 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2719 of the Complaint and therefore denies the same.

2720.   Stock denies the allegations contained in Paragraph 2720 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2720 of the Complaint and therefore denies the same.

## RESPONSE TO COUNT X
## LOUISIANA PRODUCTS LIABILITY ACT
### (Manufacturing Defendants)
### (Pleaded in the Alternative Against Distributor Defendants)

2721.   Stock incorporates by reference its responses to Paragraphs 1 - 2720 of the Complaint as if fully set forth herein.

2722.   Stock denies the allegations contained in Paragraph 2722 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2722 of the Complaint and therefore denies the same.

2723.   Stock denies the allegations contained in Paragraph 2723 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2723 of the Complaint and therefore denies the same.

2724.   Stock denies the allegations contained in Paragraph 2724 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2724 of the Complaint and therefore denies the same.

2725.   Stock denies the allegations contained in Paragraph 2725 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2725 of the Complaint and therefore denies the same.

2726.   Stock denies the allegations contained in Paragraph 2726 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2726 of the Complaint and therefore denies the same.

2727.   Stock denies the allegations contained in Paragraph 2727 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2727 of the Complaint and therefore denies the same.

2728.   Stock denies the allegations contained in Paragraph 2728 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2728 of the Complaint and therefore denies the same.

2729.   Stock denies the allegations contained in Paragraph 2729 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2729 of the Complaint and therefore denies the same.

2730.   Stock denies the allegations contained in Paragraph 2730 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2730 of the Complaint and therefore denies the same.

2731.   Stock denies the allegations contained in Paragraph 2731 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2731 of the Complaint and therefore denies the same.

2732.   Stock denies the allegations contained in Paragraph 2732 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2732 of the Complaint and therefore denies the same.

2733.   Stock denies the allegations contained in Paragraph 2733 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2733 of the Complaint and therefore denies the same.

2734.   Stock denies the allegations contained in Paragraph 2734 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2734 of the Complaint and therefore denies the same.

## RESPONSE TO COUNT XI
## PRIVATE NUISANCE
### (All Defendants)

2735.   Stock incorporates by reference its responses to Paragraphs 1 - 2734 of the Complaint as if fully set forth herein.

2736.   Stock denies the allegations contained in Paragraph 2736 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2736 of the Complaint and therefore denies the same.

2737.   Stock denies the allegations contained in Paragraph 2737 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2737 of the Complaint and therefore denies the same.

2738.   Stock denies the allegations contained in Paragraph 2738 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2738 of the Complaint and therefore denies the same.

2739.   Stock denies the allegations contained in Paragraph 2739 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2739 of the Complaint and therefore denies the same.

2740.   Stock denies the allegations contained in Paragraph 2740 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2740 of the Complaint and therefore denies the same.

2741.   Stock denies the allegations contained in Paragraph 2741 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2741 of the Complaint and therefore denies the same.

## RESPONSE TO COUNT XII
## NEGLIGENT DISCHARGE OF A CORROSIVE SUBSTANCE
### (All Defendants)

2742.   Stock incorporates by reference its responses to Paragraphs 1 - 2741 of the Complaint as if fully set forth herein.

2743.   Stock denies the allegations contained in Paragraph 2743 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2743 of the Complaint and therefore denies the same.

2744.   Stock denies the allegations contained in Paragraph 2744 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2744 of the Complaint and therefore denies the same.

2745.   Stock denies the allegations contained in Paragraph 2745 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2745 of the Complaint and therefore denies the same.

2746.   Stock denies the allegations contained in Paragraph 2746 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2746 of the Complaint and therefore denies the same.

2747.   Stock denies the allegations contained in Paragraph 2747 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2747 of the Complaint and therefore denies the same.

2748.   Stock denies the allegations contained in Paragraph 2748 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2748 of the Complaint and therefore denies the same.

## RESPONSE TO COUNT XIII
### UNJUST ENRICHMENT
### (All Defendants)

2749.   Stock incorporates by reference its responses to Paragraphs 1 - 2748 of the Complaint as if fully set forth herein.

2750.   Stock denies the allegations contained in Paragraph 2750 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2750 of the Complaint and therefore denies the same.

2751.   Stock denies the allegations contained in Paragraph 2751 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2751 of the Complaint and therefore denies the same.

2752.   Stock denies the allegations contained in Paragraph 2752 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2752 of the Complaint and therefore denies the same.

## RESPONSE TO COUNT XIV
### VIOLATION OF CONSUMER PROTECTION ACTS
### (All Defendants)

2753.   Stock incorporates by reference its responses to Paragraphs 1 - 2752 of the Complaint as if fully set forth herein.

2754.   Stock denies the allegations contained in Paragraph 2754 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2754 of the Complaint and therefore denies the same.

2755.   Stock denies the allegations contained in Paragraph 2755 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2755 of the Complaint and therefore denies the same.

2756.   Stock denies the allegations contained in Paragraph 2756 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2756 of the Complaint and therefore denies the same.

2757.   Stock denies the allegations contained in Paragraph 2757 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2757 of the Complaint and therefore denies the same.

## RESPONSE TO COUNT XV
## EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING
### (All Defendants)

2758.   Stock incorporates by reference its responses to Paragraphs 1 - 2757 of the Complaint as if fully set forth herein.

2759.   Stock denies the allegations contained in Paragraph 2759 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2759 of the Complaint and therefore denies the same.

2760.   Stock denies the allegations contained in Paragraph 2760 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2760 of the Complaint and therefore denies the same.

2761.  The allegations contained in Paragraph 2761 of the Complaint are legal conclusions to which Stock is not required to respond.  To the extent a response is required, Stock denies the allegations contained in Paragraph 2761 of the Complaint as they pertain to

Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2761 of the Complaint and therefore denies the same.

2762.   Stock denies the allegations contained in Paragraph 2762 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2762 of the Complaint and therefore denies the same.

2763.   Stock is without sufficient information to admit or deny the allegations contained in Paragraph 2763 of the Complaint and therefore denies the same.

2764.   Stock is without sufficient information to admit or deny the allegations contained in Paragraph 2764 of the Complaint and therefore denies the same.

2765.   Stock denies the allegations contained in Paragraph 2765 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2765 of the Complaint and therefore denies the same.

2766.   Stock denies the allegations contained in Paragraph 2766 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2766 of the Complaint and therefore denies the same.

2767.   Stock is without sufficient information to admit or deny the allegations contained in Paragraph 2767 of the Complaint and therefore denies the same.

2768.   Stock denies the allegations contained in Paragraph 2768 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2768 of the Complaint and therefore denies the same.

2769.   Stock is without sufficient information to admit or deny the allegations contained in Paragraph 2769 of the Complaint and therefore denies the same.

2770.   Stock denies the allegations contained in Paragraph 2770 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2770 of the Complaint and therefore denies the same.

2771.   To the extent the Prayer for Relief is deemed to contain any allegations against Stock, Stock denies the same.

2772.   Any and all allegations, claims, contentions, and/or demands contained in Plaintiffs' Complaint that are not expressly and specifically admitted, modified, or explained by Stock's Answer, Affirmative Defenses, and Cross-Claims are hereby expressly denied, including but not limited to the allegations contained in unnumbered paragraphs at the beginning of Plaintiffs' Complaint.

## DEFENSES AND/OR AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted as against Stock and should, therefore, be dismissed.  Fed. R. Civ. P. 12(b)(6).

### SECOND DEFENSE

Stock is entitled to assert and hereby asserts as a bar to Plaintiffs' claims all applicable statutes of limitation, statutes of repose, and/or prescription periods.

### THIRD DEFENSE

Plaintiffs' claims against Stock are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, and/or laches.

### FOURTH DEFENSE

Plaintiffs' claims against Stock are barred, in whole or in part, because Stock is not a manufacturer of any product about which Plaintiffs complain in their Complaint and therefore Stock is not liable under any states' laws applicable to this action.

## FIFTH DEFENSE

Upon information and belief, Plaintiffs' claims against Stock are barred because Plaintiffs have failed to mitigate their damages by undertaking proper preventative or curative measures.

## SIXTH DEFENSE

Plaintiffs' claims are barred to the extent that they discovered any defect and were aware of any danger as alleged in their Complaint and nevertheless unreasonably proceeded to make use of the product.

## SEVENTH DEFENSE

Plaintiffs' claims fail because Stock had no duty to warn concerning building products it supplied for the homes at issue in this case.  Stock did not have actual or constructive knowledge of any product defect.  Alternatively, to the extent Stock had a duty to warn, its warnings were legally sufficient.

## EIGHTH DEFENSE

Stock owed no duty to Plaintiffs.

## NINTH DEFENSE

Stock breached no duty owed to Plaintiffs.

## TENTH DEFENSE

 Stock is entitled to a credit and/or set-off from any benefits, collateral sources, or other sources of set-offs or recoupment, paid or payable to Plaintiffs.

## ELEVENTH DEFENSE

Stock denies any knowledge of any defect in any product it supplied, or any defects in its work, or any legal deficiency in any instructions or other communications concerning the use of any product it supplied, if any such instructions or communications were made.  Stock states

further that the products it supplied were subsequently sold to learned intermediaries or purchasers with learned intermediaries as advisors, and to Stock's knowledge each received a product in compliance with applicable standards and state of the art at the time.

### TWELFTH DEFENSE

Plaintiffs' claims against Stock are barred because Stock was good faith seller, and further Stock had no knowledge of any alleged redhibitory defects.

### THIRTEENTH DEFENSE

The alleged damages about which Plaintiffs complain arose as a result of acts or omissions of others over whom Stock had no control or which occurred after Stock had fully performed its obligations, if any.  If Stock acted improperly, or breached any warranties, or otherwise engaged in misconduct in the manner alleged by Plaintiffs, which Stock expressly denies, the acts or omissions of others were a superseding cause and/or intervening proximate cause of any damages suffered by Plaintiffs.

### FOURTEENTH DEFENSE

To the extent any damages sustained by Plaintiffs as alleged in the Complaint were due to and caused by the negligence of Plaintiffs or their agents and representatives, which acts combined, contributed and concurred with any alleged negligence on the part of Stock, which is expressly denied, Plaintiffs are barred from any recovery from Stock or alternatively their recovery should be reduced proportionately.

### FIFTEENTH DEFENSE

Any claims that are asserted by Plaintiffs for breach of implied or express warranties are barred by Stock's disclaimers, exclusions, or modifications of warranties and limitations of remedies.

## SIXTEENTH DEFENSE

Any claims that are asserted by Plaintiffs for breach of warranty are further barred by Plaintiffs' failure to notify Stock of such alleged breach within a reasonable time after discovery thereof in accordance with applicable laws or codes.

## SEVENTEENTH DEFENSE

Any claims that are asserted by Plaintiffs for breach of an Implied Warranty of Fitness for a Particular Purpose is barred because no particular purpose existed for use of any products supplied by Stock and, to the extent such a particular purpose existed, Stock had no reason to know any such particular purpose existed nor did Plaintiffs or others rely on Stock's skill or judgment to furnish suitable goods for such particular purpose.

## EIGHTEENTH DEFENSE

Any claims that are asserted by Plaintiffs for breach of an Implied Warranty of Merchantability is barred because Stock's products at issue in this case, if any, pass without objection in the trade and are fit for the ordinary purposes for which such goods are used, and otherwise satisfy applicable laws and codes.

## NINETEENTH DEFENSE

Any claims that are asserted by Plaintiffs for breach of an Implied Warranty of Workmanlike Service is barred because Stock did not hold itself out as specifically qualified to perform any work of a particular character.  To the extent an Implied Warranty of Workmanlike Service was given by Stock, which is expressly denied, there was no breach of such warranty because any service provided by Stock was performed in a careful, diligent, and workmanlike manner.

## TWENTIETH DEFENSE

To the extent Plaintiffs seek recovery for purely economic losses, such losses are not recoverable against Stock under applicable states' laws  or codes.  Therefore, recovery of some or all of the damages alleged to have been sustained by Plaintiffs is barred by the economic loss doctrine or its common law or statutory equivalent.

## TWENTY-FIRST DEFENSE

Upon information and belief, Stock avers that Plaintiffs' claims have prescribed.

## TWENTY-SECOND DEFENSE

Stock denies that Plaintiffs are entitled to recover costs and/or attorneys' fees from Stock.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims are or may be barred under the spoliation of evidence doctrine, to the extent they have destroyed, lost, misplaced, discarded, etc. information, documents, and/or materials necessary to Stock's defense of the Complaint.

## TWENTY-FOURTH DEFENSE

Upon information and belief, Plaintiffs' claims are barred because Plaintiffs lacks standing to assert against Stock some or all of the claims set forth in the Complaint.

## TWENTY-FIFTH DEFENSE

Stock adhered to the plans, specifications, and requests provided to Stock by others involved in the provision of products and/or services to the construction of Plaintiffs' homes. Such adherence to the plans and specifications is thus pled as a complete defense and bar to Plaintiffs' claims.

## TWENTY-SIXTH DEFENSE

Stock denies that Plaintiffs are entitled to any recovery from Stock for the matters set forth in the Complaint because, to its knowledge, all drywall Stock provided that have been

installed in Plaintiffs' home by others met or exceeded applicable industry standards at the time, Stock had no knowledge of the alleged defects in the Chinese drywall, and the drywall was used for its usual and intended purpose.

## TWENTY-SEVENTH DEFENSE

Stock denies that Plaintiffs' Complaint satisfies the requirements for asserting and maintaining a class action under Fed. R. Civ. P. 23 as it pertains to Stock.  Plaintiffs' Omnibus Class Action Complaint fails to state a claim for class relief under Rule 23 of the Federal Rules of Civil Procedure; further, class relief should be denied under the governing procedural and substantive laws.

## TWENTY-EIGHTH DEFENSE

To the extent such relief is sought, Plaintiffs' Complaint is not properly the subject of an industry wide alternate liability theory because Stock can identify the properties to which it delivered wallboard.

## TWENTY-NINTH DEFENSE

The terms, provisions, and conditions of any and all contracts entered into between Stock and any other parties, including but not limited to any warranty provisions, operate as a bar to all or part of Plaintiffs' claims.

## THIRTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their absence of privity with Stock and their lack of standing.

## THIRTY-FIRST DEFENSE

Plaintiffs have failed to reference an applicable statute, or that they are part of the protected class of any applicable statute, sufficient to state a negligence *per se* cause of action.

### THIRTY-SECOND DEFENSE

Plaintiffs lack standing to bring representative actions under the unfair trade practices act of one or more of the states identified in the Omnibus Class Action Complaint.

### THIRTY-THIRD DEFENSE

To the extent that Plaintiffs pray for punitive, exemplary, or otherwise enhanced damages, Stock invokes its right under the due process clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution.

### THIRTY-FOURTH DEFENSE

Stock adopts and incorporates herein by reference each and every affirmative defense pleaded by similarly-situated distributor defendants, to the extent such defenses are applicable and consistent with those asserted by Stock herein.

### THIRTY-FIFTH DEFENSE

The Court lacks personal jurisdiction over Stock, in that Stock has not submitted to the personal jurisdiction of this Court for purposes of Plaintiffs' Complaint.  The Court should dismiss Plaintiffs' Complaint for lack of personal jurisdiction over Stock.  Fed. R. Civ. 12(b)(2).

### THIRTY-SIXTH DEFENSE

The Eastern District of Louisiana and the State of Louisiana are improper venues for purposes of the claims asserted against Stock in Plaintiffs' Complaint.  The Court should dismiss Plaintiffs' Complaint for improper venue.  Fed. R. Civ. 12(b)(3).

### RESERVATION AND NON-WAIVER

Stock reserves the right to assert any additional and further defenses as may be revealed by additional information received or as may be warranted by discovery.

**STOCK BUILDING SUPPLY, LLC' CROSSCLAIMS AGAINST KNAUF GIPS KG;
KNAUF PLASTERBOARD (TIANJIN) CO., LTD.; KNAUF PLASTERBOARD (WUHU),
CO., LTD.; AND KNAUF PLASTERBOARD (DONGGUAN) CO., LTD.**

## GENERAL ALLEGATIONS

1.       This is an action for indemnification and damages within the monetary jurisdiction of this Court.

2.       Stock has been named as a defendant in the above-styled action, in which Plaintiffs have alleged in their Complaint that Chinese-manufactured drywall distributed by Stock was defective and caused damages to Plaintiffs.

3.       Stock has denied any liability to Plaintiffs, and denies owing any liability to a class of plaintiffs as requested in the Complaint, should a class be certified.  Stock's foregoing Answer to the Complaint is incorporated herein by reference.

4.       This Crossclaim arises from the same transactions or occurrences as Plaintiffs' action.  Accordingly, should this Court determine that it has jurisdiction and proper venue over Plaintiffs' action and Stock, this Court shall have jurisdiction and proper venue over the instant Crossclaim and the named Crossclaim-Defendants.

5.       All conditions precedent to the filing of this Crossclaim have been performed, excused, or otherwise waived.

## FIRST CROSSCLAIM

6.       Stock incorporates herein all of the foregoing responses and allegations that are relevant to this cross-claim.

7.       Upon information and belief, Stock asserts a claim against Knauf Gips KG; Knauf Plasterboard (Tianjin) Co., Ltd.; Knauf Plasterboard (Wuhu), Co., Ltd.; and Knauf Plasterboard (Dongguan) Co., Ltd., along with all other applicable affiliates and related entities (collectively hereafter "Knauf"), for breach of any express warranties made to Stock.

8.      Stock purchased from third-party brokers a certain quantity of gypsum drywall manufactured in China.  It is uncertain whether the Chinese-manufactured drywall that Stock purchased was manufactured by Knauf.

9.      Upon information and belief, Knauf expressly warranted that any gypsum drywall Stock purchased which had been manufactured by Knauf would be free of defects and fit for the ordinary purpose for which gypsum drywall is used.

10.      Without admitting any liability or damages to Plaintiffs, if it is shown that the drywall sold to Stock was manufactured by Knauf and was defective and not fit for the ordinary purpose for which gypsum drywall is used, then Knauf is liable to Stock for breach of the express warranty.

11.      Upon information and belief, as a direct and proximate result of Knauf's breach of express warranties, Stock has incurred or may incur damages in that it has been required or may be required to respond to homeowner complaints and to defend this action. Further, Stock will likely continue to incur additional costs in responding to homeowner complaints and defending this action.

## SECOND CROSSCLAIM

12.      Stock incorporates herein all of the foregoing responses and allegations that are relevant to this cross-claim.

13.      Upon information and belief, Stock asserts a claim against Knauf for breach of implied warranty of merchantability under the common law and/or applicable state statutes.

14.      Knauf is a merchant of gypsum drywall.

15.     Stock purchased from third parties a certain quantity of gypsum drywall manufactured by Knauf.  It is uncertain whether the Chinese-manufactured drywall that Stock purchased was manufactured by Knauf.

16.     Upon information and belief, pursuant to the applicable state statutes and/or the common law, Knauf warranted that the gypsum drywall was merchantable and fit for the ordinary purpose for which gypsum drywall is used.

17.     Without admitting any liability or damages to Plaintiffs, if it is shown that the drywall sold to Stock was manufactured by Knauf and was defective and not  fit for the ordinary purpose for which gypsum drywall is used, then Knauf is liable to Stock for breach of implied warranty.

18.     Upon information and belief, as a direct and proximate result of Knauf's breach of the implied warranty of merchantability, Stock has incurred or will incur damages in that it has been required to respond or will be required to respond to homeowner complaints and to defend this action.   Further, Stock will likely continue to incur additional costs in responding to homeowner complaints and defending this action.

## THIRD CROSSCLAIM

19.     Stock incorporates herein all of the foregoing responses and allegations that are relevant to this cross-claim.

20.     Upon information and belief, Stock asserts a claim against Knauf for equitable and/or common law indemnification.

21.     Stock purchased from third parties a certain quantity of gypsum drywall manufactured by Knauf.  It is uncertain whether the Chinese-manufactured drywall that Stock purchased was manufactured by Knauf.

22.    Upon information and belief, Knauf is solely responsible and liable for any allegedly wrongful acts committed against Plaintiffs with regard to the allegations of Plaintiffs' Complaint.

23.    Upon information and belief, Knauf is solely liable for any damages allegedly suffered by Plaintiffs.  If Stock is required to pay any damages to Plaintiffs as a result of Knauf's manufacture and sale of drywall, Stock is entitled to be indemnified, based on the doctrines of equitable and/or common law indemnification, by Knauf for any damages.

24.    Stock reserves the right to amend its Answer, Affirmative Defenses, and Cross-Claims as investigation and discovery may reveal.

WHEREFORE, having fully answered the Plaintiffs' Complaint, Defendant Stock Building Supply, LLC prays the Court that:

1.    Plaintiffs recover nothing from Stock and that judgment be entered in Stock's favor;

2.    The costs of this action, including attorneys' fees and costs that may be allowed by law or statute, be taxed against Plaintiffs or other parties to this action;

3.    If Plaintiffs recover any amount from Stock, that Stock be granted the relief prayed for in its Crossclaims against Knauf;

4.    It have a trial by jury on all matters so triable; and

5.    Stock have such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**HUNTON & WILLIAMS LLP**

*/s/ A. Todd Brown*
A. Todd Brown
Bank of America Plaza
101 South Tryon Street, Suite 3500
Charlotte, NC  28280
Telephone: (704) 378-4700
Facsimile: (704) 378-4890
tbrown@hunton.com

*Counsel for Defendant Stock Building Supply, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 29th day of March 2010.

*/s/ A. Todd Brown*
A. Todd Brown