**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br><br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**THIS DOCUMENT RELATES TO:**
Sean and Beth Peyton, et al. v.
Knauf Gips KG, et al., No. 09-7628

**ANSWER OF HUBERT AND SARAH SEALS D/B/A SEALS DRYWALL TO PLAINTIFFS OMNIBUS CLASS ACTION COMPLAINT (1)**

**COME NOW** Hubert Seals and Sarah Seals, d/b/a Seals Drywall ("the Seals," improperly named "Hc Seals Drywall Partners" in Article 2557, Page 494, of Plaintiffs Omnibus Class Action Complaint (1) ("the OCAC1"), and also improperly named "Seals Drywall" in Article 2594, Page 502, of the OCAC1), **who demand trial by jury** and answer the OCAC1, as follows:

**First Defense**

The OCAC1 fails to state a claim or cause of action against the Seals upon which relief can be granted; more particularly, but without limitation hereto, the OCAC1 fails to state a claim or cause of action against the Seals for negligence, negligence per se, strict liability, breach of express and/or implied warranties, breach of the implied warranty of fitness and merchantability pursuant to Florida Statutes Section 718.203, breach of the implied warranty of habitability, breach of contract, violation of the Louisiana New Home Warranty Act, redhibition, violation of the Louisiana Products Liability Act, private nuisance, negligent discharge of a corrosive substance, unjust enrichment, violation of consumer protection acts, equitable or injunctive relief, compensatory damages, punitive damages, and/or a right to a medical monitoring program.

**Second Defense**

The Seals deny each and every allegation of the OCAC1, including, Articles 1 through 2770, to the extent that any allegation requires the Seals to answer, except to admit that the Seals are

{00113345-1 }

individuals of the full age of majority, that they are citizens of the State of Mississippi, that they are residents of Carriere, Mississippi, and that they are engaged in the business of installing drywall.

### Third Defense

The Seals specifically deny the class action allegations of the OCAC1, Articles 2621 through 2639. The class action allegations of the OCAC1 fail to meet the prerequisites for a class action with regard to the alleged claims against the Seals, for the following reasons, *inter alia*: the alleged class does not meet the numerosity requirement, and joinder of all alleged members of the class is not impractical as to the alleged claims made against the Seals; the questions of law or fact common to the alleged members of the class do not predominate over individual questions of law and fact, particularly, with regard to individual liability, causation, and damage issues; and, the named plaintiffs do not fairly and adequately protect the interests of the alleged class members and do not have claims typical of the other alleged class members, particularly, as applied to the Seals.

### Fourth Defense

The Seals aver that any damages sustained by plaintiffs, which damages are specifically denied, were caused by the sole fault, and/or comparative fault, of plaintiffs, and the Seals plead each plaintiff's fault as a bar to, and/or in mitigation of, any recovery herein.

### Fifth Defense

The Seals aver that each plaintiff asserting a claim against them has failed to mitigate his damages.

### Sixth Defense

The Seals aver that any damages sustained by plaintiffs, which damages are specifically denied, were caused by the sole fault, and/or comparative fault, of third-parties for whom the Seals have no responsibility, and the Seals plead third-party fault as a bar to, and/or in mitigation of, each plaintiff's recovery against them.

### Seventh Defense

The Seals aver that plaintiffs' claims against them are time barred due to laches and/or by the applicable statute of limitations, prescriptive period, and/or peremption period.

### Eighth Defense

The Seals aver that any damages sustained by plaintiffs, which damages are specifically denied, were caused by defective products for which the Seals are not responsible or liable.

### Ninth Defense

The Seals aver that any damages sustained by plaintiffs, which damages are specifically denied, were caused by nature, weather, or other conditions that are not the responsibility, fault, or liability of the Seals.

### Tenth Defense

The Seals aver that any damages sustained by plaintiffs, which damages are specifically denied, were caused by the failure of each plaintiff to maintain his residence.

### Eleventh Defense

The Seals aver that they did not know of any defects or unreasonably dangerous conditions in the drywall at the time of installation; consequently, the Seals are not responsible or liable for any damages sustained by plaintiffs as a result of such defects or conditions, which damages are specifically denied.

### Twelfth Defense

The Seals aver that plaintiffs are not entitled to punitive damages as a matter of fact and law, that plaintiffs' claims for punitive damages cannot be upheld to the extent these claims violate or contravene the holdings of the United States Supreme Court, that plaintiffs' claims for punitive damages cannot be upheld to the extent these claims violate or contravene the Due Process Clause, the Equal Protection Clause, the right to property, and the prohibition against excessive punishment

of the Constitution of the State of Louisiana, and that plaintiffs' claims for punitive damages cannot be upheld to the extent these claims violate or contravene the Equal Protection Clause of the Fifth and Fourteenth Amendments and due process of law under the Fourteenth Amendment of the United States Constitution.

### Thirteenth Defense

The Seals, and all individuals working for them or on their behalf, performed in a workmanlike manner and/or in accordance with the standards of the trade in the community; consequently, the Seals are not responsible or liable for any damages sustained by plaintiffs, which damages are specifically denied.

### Fourteenth Defense

There was no contract, or quasi contract, existing between the Seals and any of the plaintiffs claiming against them, nor was there any express or implied warranty made by the Seals to any of the plaintiffs claiming against them; consequently, the Seals did not breach any contractual, or quasi contractual, obligations or any express or implied warranties to any of the plaintiffs claiming against them.

### Fifteenth Defense

The Seals incorporate by reference, as if pleaded and copied *in extenso*, each and every affirmative defense pleaded by similarly-situated defendants.

**WHEREFORE**, Hubert Seals and Sarah Seals, d/b/a Seals Drywall, pray that their answer be deemed good and sufficient, that their case be tried by jury, and that, after legal delays and due proceedings had, there be judgment rendered in their favor, dismissing plaintiffs' claims with prejudice at plaintiffs' sole costs. Hubert Seals and Sarah Seals, d/b/a Seals Drywall, further pray for all just and equitable relief.

Respectfully submitted,

**JAMES RYAN III & ASSOCIATES, LLC**

_____
**JAMES RYAN III (#11558)**
**TIMOTHY T. RONIGER  (#11443)**
**JEFFREY A. CLAYMAN (#30442)**
201 St. Charles Avenue, Suite 2420
New Orleans, LA 70170
Telephone:     (504) 599-5990
Facsimile:      (504) 599-5991

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and foregoing pleading has been served upon, Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by email, and to all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing pleading was filed with the Clerk of Court by using the CM/ECF system which will send a notice of filing to counsel of record in accordance with the procedures established in MDL 2047, on this the 29th day of March 2010.

_____
JEFFREY A. CLAYMAN