IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) MDL No.2047 ) ) ) SECTION "L" ) |
| *This Document Relates to:* | ) CIVIL ACTION NO.: 2:09-CV-7791 ) |
| ROBERT C. PATE, as Trustee for the Chinese Drywall Trust, | ) ) ) JUDGE ELDON FALLON |
| Versus | ) ) ) MAGISTRATE  JOSEPH WILKINSON, JR. |
| AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, ET AL., | ) ) ) |

**AMERISURE MUTUAL INSURANCE COMPANY'S AND AMERISURE INSURANCE COMPANY'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO JOIN REQUIRED PARTIES**

Now comes Defendants, Amerisure Mutual Insurance Company and Amerisure Insurance Company (herein collectively referred to as "Amerisure"), by and through their attorneys of record, for their motion to dismiss Robert C. Pate's, as Trustee for the Chinese Drywall Trust (herein "Plaintiff"), First Amended Complaint because of its failure to join required parties pursuant to Fed. R. Civ. P. 12(b)(7) and 19.  In support thereof, Amerisure states as follows:

1. In this action, Plaintiff filed a First Amended Complaint on March 15, 2010, seeking indemnity coverage from Amerisure under primary and umbrella liability policies that were issued to Beta Drywall, LLC and Supreme Drywall & Metal Framing Company (herein collectively "named insureds") for undefined, future claims allegedly relating to

the installation of Chinese Drywall in homes constructed by WCI Communities, Inc. (herein "WCI").

2. Plaintiff alleges that WCI is an additional insured on the Amerisure policies issued to Beta Drywall, LLC and Supreme Drywall & Metal Framing Company.

3. Plaintiff's First Amended Complaint fails to include those named insureds under the Amerisure policies.

4. As parties to the insurance contracts, the named insureds are parties required to be joined in this proceeding pursuant to Fed. R. Civ. P. 19.

5. In the absence of the named insureds, this Court cannot accord complete relief. *See* Fed. R. Civ. P. 19(a)(1)(A).

6. The named insureds are indispensable to this proceeding insofar as: any judgment entered in their absence might prejudice their rights under the policies; such prejudice cannot be lessened or avoided; such a judgment will be inadequate; and Plaintiff has an adequate remedy if the matter is dismissed for nonjoinder. *See* Fed. R. Civ. P. 19(b)(1-4).

7. Equity and good conscience do not warrant allowing this matter to proceed with the existing parties. *See* Fed. R. Civ. P. 19(b)

8. For failing to comply with Fed. R. Civ. P. 19, this action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(7).

**WHEREFORE,** based on the foregoing, Amerisure respectfully requests that this Court:

a. GRANT Amerisure's Motion to Dismiss the First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(7) and 19 for the reasons set forth herein and for those set forth in the supporting memorandum;

b. FIND that the named insureds, Beta Drywall, LLC and Supreme Drywall & Metal Framing Company, are required parties under Fed. R. Civ. P. 19;

c. DISMISS Plaintiff's First Amended Complaint for failure to join required parties;

d. AWARD Amerisure its costs associated with bringing this motion; and

e. AWARD any and all relief that this Court deems just and proper.

Respectfully submitted,

Defendants, Amerisure Insurance Company
and Amerisure Mutual Insurance Company

By: _____/s/ Brian K. Abels_____
One of their attorneys

Brian K. Abels, #24928
Boyer, Hebert & Abels, LLC
133 Aspen Square, Suite F
Denham Springs, Louisiana 70726
Telephone: (225) 664-4335

Donald E. Elder, Illinois ARDC No. 6255889
Anthony N. Balice, Illinois ARDC No. 6271902
Abraham Sandoval, Illinois ARDC No. 6296504
Tressler LLP
22nd Floor
233 South Wacker Drive
Chicago, Illinois   60606-6308
Telephone: (312) 627-4000

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing **AMERISURE MUTUAL INSURANCE COMPANY'S AND AMERISURE INSURANCE COMPANY'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO JOIN REQUIRED PARTIES** has been served on Plaintiff's Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically loading the same to Lexis Nexis File & Serve in accordance with Pre-trial Order No. 6, and the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 29th day of March, 2010.