UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br>ALL CASES AND<br><br>*Payton, et al. v. Knauf GIPS KG, et. al.*,<br>Case No. 2:09-cv-07628 (E.D.La.) | |

THE PLAINTIFFS' STEERING COMMITTEE'S MEMORANDUM OF
LAW IN SUPPORT OF ITS RULE 6(b) MOTION FOR EXTENSION
OF TIME FOR SERVICE OF PROCESS UNDER RULE 4(m) IN *PAYTON*

I. **INTRODUCTION**

The Plaintiffs' Steering Committee ("PSC") hereby requests a stay or an extension of the 120 day period for service of process on the defendants in *Payton, et al. v. Knauf Gips KG, et al.*, Case No. 2:09-cv-07628 (E.D.La.). The 120 day period for service of process is set to expire on April 8, 2010 and the complaint is still in the process of being interpreted for service under the Hague Convention. Once the complaint is translated for service, Plaintiffs anticipate further delays based on their past experiences with other complaints that have been sent abroad for service in this litigation (*i.e.*, both the foreign defendants and the governmental authorities responsible for serving the foreign defendants have evaded service and/or delayed the service of other complaints in this litigation). Additionally, Plaintiffs' efforts to serve many of the domestic defendants remain unfulfilled as these defendants, like many of the foreign defendants, have been successful in evading service of process.

Given the hardships that Plaintiffs have encountered or anticipate in seeking to

1

accomplish effective service of the *Payton* complaint, the PSC requests that the Court stay and/or extend the 120 day period for service of process under Fed.R.Civ.P. 4(m), as it was for other similar complaints.[1] For the reasons set forth in detail below, there is good cause for an extension of time and/or a stay of the 120 day period for service of process.

## II. FACTS AND PROCEDURAL HISTORY

Pursuant to PTO 17, the Plaintiffs in *Payton* commenced this action on December 9, 2009, by filing the Omnibus Class Action Complaint (I) ("Complaint") directly in the MDL court. Pursuant to Fed.R.Civ.P. 4(m), Plaintiffs are required to accomplish service of process within 120 days from the filing of the Complaint by April 8, 2010.

To meet this obligation, shortly after the filing of the Complaint, Plaintiffs filed a motion to authorize service of process on Rothchilt International Limited in Taiwan and Knauf Gips, KG in Germany in accordance with the Hague Convention. That motion was granted by Order dated January 22, 2010, which authorized APS International, Ltd. ("APS") to handle all matters related to the service of the Complaint on both the foreign and domestic defendants. APS has been fully engaged, along with the PSC, in this endeavor since its appointment.

After the entry of the order authorizing the service of process on Rothchilt International Limited and Knauf Gips, KG, Plaintiffs immediately prepared and submitted summonses to the clerk for issuance. APS translated the Complaint for service in accordance with the requirements of the Hague Convention. In light of the gargantuan nature of the Complaint, 834

---

[1] This Court previously granted the PSC's omnibus Rule 6(b) motion for extension of time for service of process under Rule 4(m) by order dated October 21, 2009, *see* document # 379, which permitted a stay or extension for service of process on foreign defendants. The PSC is filing the instant motion in an abundance of caution in the event that the order does not apply to the *Payton* complaint.

2

pages with exhibits and schedules, the Complaint is still in the process of being translated for service on the foreign defendants. *See* E-mail Correspondence (March 8, 2010) of Josh Cobb at 4, attached hereto as Exhibit "A". Thus, the Complaint has not yet been forwarded to the governmental authorities responsible for serving the Complaint on the foreign defendants. Once the Complaint is fully translated and submitted to the governmental authorities responsible for service, the PSC has no assurance that the Complaint will be served on the foreign defendants before April 8, 2010.[2]

The PSC has also experienced difficulties in serving the Complaint on many of the domestic defendants. Many of these entities have concealed their location or obfuscated their identity such that Plaintiffs cannot accomplish service of process consistent with the requirements of Fed.R.Civ.P. 4.

## III. ARGUMENT

The deadline for serving the Complaint is rapidly approaching on April 8, 2010 and the Complaint is still in the process of being translated for service on the foreign defendants. Since the Complaint has not yet been translated for service on the foreign defendants, it is doubtful that the PSC will be able to serve the Complaint on these defendants before April 8, 2010. That is, once the Complaint has been translated and submitted to the governmental authorities responsible for serving the foreign defendants, the PSC will be powerless to hasten the service of the summons and Complaint on foreign defendants since it is subject to the whims and vagaries of foreign governments. Additionally, the service of the Complaint on both foreign and

---

[2] If the past is a prelude to the future, Plaintiffs' experience in *Vickers v. Knauf Gips KG, et al.*, 2:09-cv-04117 (E.D.La.) is informative. In *Vickers* months elapsed between sending documents to the central authority and acknowledgment of service of process.

domestic defendants has been further complicated since the PSC has learned that many such defendants have deliberately concealed their identities and/or otherwise hindered plaintiffs in serving the Complaint. Because Plaintiffs are unable to accomplish service on all defendants within the 120 days provided for by Fed.R.Civ.P. 4(m), relief in the form requested by the instant motion is necessary.

With regard to the foreign defendants, Plaintiffs anticipate that the governmental authorities responsible for serving these defendants will hinder Plaintiffs in accomplishing service once the Complaint has been translated and provided to the governmental authorities responsible for service. For instance, certain governmental authorities have refused to serve other complaints in this litigation where they have disagreed with verbiage used in the body of the complaint.[3] Other complaints sent for service of process have languished on the desks of foreign administrator. Their lackadaisical efforts prevented prompt service of the complaints. Their dilatory efforts at service were compounded by delayed notice that service was either accomplished or rejected.

By way of example, the PSC just recently learned that one of the defendants named in *Vickers, et al. v. Knauf GIPS KG, et. al.*, Case No. 2:09-cv-04117 (E.D.La.), Knauf Plasterboard (Dongguan) Co., Ltd., has refused to accept service of process as it claims its registered name is "Guangdong Knauf New Building Materials Products Co., Ltd." *See* Proof of Service in *Vickers*, attached hereto as Exhibit "B". Although the *Vickers* complaint was sent abroad for

---

[3] *See* Cobb Correspondence at 2 (stating that Hong Kong authorities returned a request for service on The China Corporation, Ltd. in *Gross, et al. v. Knauf GIPS KG, et. al.*, Case No. 2:09-cv-6690 (E.D.La.), because the complaint stated that certain defendants were "controlled by the Chinese government.").

4

service on Knauf Plasterboard (Dongguan) Co., Ltd. on May 6, 2009, *see* Cobb Correspondence at pages 1-2, Plaintiffs did not learn of Guangdong Knauf New Building Materials Products Co., Ltd.'s refusal to accept service until January 27, 2010. *See* Proof of Service.[4] More to the point, even though the governmental authority responsible for serving the *Vickers* complaint on Guangdong Knauf New Building Materials Products Co., Ltd. was alerted that it had refused to accept service back on June 24, 2009, it did not notify Plaintiffs of this fact until over seven months had elapsed on January 27, 2010.

Despite prompt efforts to serve foreign defendants through the appropriate diplomatic channels, the PSC is unaware of any case where the plaintiff(s) have been successful in serving a complaint on all of the foreign defendants. This trend clearly evidences a pattern by foreign governments to delay service of process on defendants residing in their borders.

Added to all of the delay, is the efforts of foreign defendants to conceal their identities. For instance, Knauf's website misidentified Guangdong Knauf New Building Materials Products Co., Ltd. as Knauf Plasterboard (Dongguan) Co., Ltd. *See* printout from Knauf's website, attached hereto as Exhibit "C". Therefore, it would seem obvious that Guangdong Knauf New Building Materials Products Co., Ltd.'s refusal to accept service in *Vickers* is another effort to take advantage of the delay and expense attributable to the Hague service procedures.[5]

---

[4] Similarly, although the German governmental entity responsible for service of the *Vickers* complaint was provided the complaint on May 28, 2009, it did not serve Knauf Gips KG until November 3, 2009. *Id.*

[5] Guangdong Knauf New Building Materials Products Co., Ltd.'s efforts to take advantage of this misidentification has caused the PSC to file several motions for judicial assistance for purposes of serving Guangdong Knauf New Building Materials Products Co., Ltd. *See* Motion for Judicial Assistance in *Payton* (Doc. No. 1705); Motion for Judicial Assistance in *Vickers* (Doc. No. 1730); and Motion for Judicial Assistance in *Gross* (Doc. No. 1763).

Additionally, both foreign and domestic defendants have taken measures to avoid service of process by either disappearing altogether,[6] by refusing to accept service on technicalities,[7] or by refusing/evading service of the Complaint where the PSC has attempted service at a proper address.[8] Thus, there are some foreign and domestic defendants that Plaintiffs will be unable to locate within the 120 days for service and/or who will be uncooperative in accepting service of process once they are located.

In light of the above impediments, there is good cause to extend the 120 day period for service of process and/or to stay the period for service of process. *See* Rule 6(b)(1) ("[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time

---

[6] There have been multiple instances where APS has discovered vacant properties and/or learned that a defendant has relocated to an unknown address. Examples of such defendants are Aced Interior Drywall; A1 Brothers, Inc.; Alternate Source, Inc.; Caribe Central LLC; Century Builders Group, Inc.; Elite Construction Co. SW Inc.; Elite Home Construction Inc.; Floridian Gulf Coast Homes, Inc.; Fortis Construction, LLC; Graf's Drywall, LLC; J&J Builders Northshore, Inc.; and JB Plaster, Inc.

[7] For instance, GL Homes has refused to accept service of the *Payton* Complaint since it claims its registered name is "GL Homes Limited Corporation".

[8] The PSC has been unable to accomplish service on several defendants that have service addresses within gated communities. Examples of such entities are B.B.S. Builders, Inc.; Hansen Homes, Inc.; JPG Enterprises, Inc.; and Majestic Homes & Realty SW LLC. Similarly, other defendants have repeatedly evaded service even though the PSC has proper service addresses. Examples of such defendants are S&O Investments, LLC (six unsuccessful attempts to serve at correct address); RJM Homes, Inc. (four unsuccessful attempts to serve defendant who has refused to open the door); Bella Builders, Inc. (four unsuccessful attempts to serve registered agent at correct address); Central Peninsula Contracting LLC (eleven unsuccessful attempts to serve registered agent at correct address); Christopher M. Odom (six unsuccessful attempts to serve at correct address).

Even where the PSC has located proper addresses for foreign defendants, some of these defendants have refused to accept packages from the PSC. Although not involving the service of a summons and/or complaint, it is noteworthy that both Beijing New Building Materials Group Co., Ltd. and China National Building Materials Co., Ltd. have refused to accept delivery of a pre-service letter advising them of this Court's pretrial orders.

...").[9] Just as this Court has allowed for other extensions of time for service of process under Rule 4(m), *see* Oder dated October 21, 2009, good cause exists for a similar extension.

## IV. CONCLUSION

Accordingly, the PSC respectfully requests that the Court grant the relief requested in the instant motion by either extending the period of time for service of process or by staying the 120 days for service of process under Rule 4(m).

Dated: March 30, 2010

Respectfully submitted,

/s/ Russ M. Herman
Russ M. Herman, Esquire (LA Bar No. 6819)
Leonard A. Davis, Esquire (LA Bar No. 14190)
Stephen J. Herman, Esquire (LA Bar No. 23129)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
MDL 2047

---

[9] It is well established that courts have the ability to stay the 120 day period for service of process under Rule 4(m). *See Snyder v. Hall*, 2008 WL 2838814, * 2 (C.D.Ill. 2008) (complete stay of the litigation operated to stay plaintiff's duty to serve the defendant within 120 days of the filing of the complaint); *Denton v. United States of America*, 2006 WL 3783595, * 1-2 (N.D.Ga. 2006) (ruling that plaintiff's attempt to serve defendants during a stay were invalid, and that the stay tolled the running of the 120 day period for service under Rule 4(m)); *Vitaich v. City of Chicago*, 1995 WL 493468, * 5 (N.D.Ill. 1995) (determining that stay of proceedings operated to toll the running of the 120 day for service under Rule 4(m)).

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Victor Manuel Diaz
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Aragon Avenue, 2nd Floor
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
  Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Jeremy W. Alters
Alters, Boldt, Brown, Rash & Culmo, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@abbrclaw.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Plaintiffs' Steering Committee's Memorandum of Law in Support of its Rule 6(b) Motion for Extension of Time for Service of Process under Rule 4(m) in *Payton* has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 30th day of March, 2010.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire (LA Bar No. 141900)
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
Plaintiffs' Liaison Counsel MDL 2047
*Co-counsel for Plaintiff*