schedules accompanying this complaint which are incorporated herein by reference.

920.   Plaintiffs - Intervenors, Christopher and Jessica Kelly are citizens of Florida and together own real property located at 2836 NW 25th Terrace, Cape Coral, Florida 33993. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

921.   Plaintiffs - Intervenors, Lou and Sara Appelman are citizens of Florida and together own real property located at 1157 SW 39th Terrace, Cape Coral, Florida 33914.  Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

922.   Plaintiff - Intervenor, Ashley Ball is a citizen of Florida and owns real property located at 19420 La Serena Drive, Ft. Myers, Florida 33967.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

923.   Plaintiff - Intervenor, Pollux, LLC owns real property located at 1220 Ederle Street, Lehigh Acres, Florida 33913 and 721 Ashley Road, Lehigh Acres, Flordia 33974.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

924.   Plaintiffs - Intervenors, Tonya and Carmine DiSapio are citizens of Florida and together own real property located at 3730 SW 11th Avenue, Cape Coral, Florida 33914. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

925.   Plaintiffs - Intervenors, Matthew and Stephanie Distel are citizens of Florida and

173

together own real property located at 1145 NW 28th Avenue, Cape Coral, Florida 33993.
Plaintiffs are participating as class representatives in the class and subclasses as set forth in the
schedules accompanying this complaint which are incorporated herein by reference.

926. Plaintiffs - Intervenors, Frank and Elizabeth Vollmar are citizens of Florida and
together own real property located at 1810 SW 47th Terrace, Cape Coral, Florida 33914.
Plaintiffs are participating as class representatives in the class and subclasses as set forth in the
schedules accompanying this complaint which are incorporated herein by reference.

927. Plaintiff - Intervenor, Dailyn Martinez is a citizen of Florida and owns real property
located at 1624 NW 37th Avenue, Cape Coral, Florida 33993. Plaintiff is participating as a class
representative in the class and subclasses as set forth in the schedules accompanying this
complaint which are incorporated herein by reference.

928. Plaintiffs - Intervenors, Christopher Moss and Crystal Cox are citizens of Florida
and together own real property located at 8627 Pegasus Drive, Lehigh Acres, Florida 33971.
Plaintiffs are participating as class representatives in the class and subclasses as set forth in the
schedules accompanying this complaint which are incorporated herein by reference.

929. Plaintiffs - Intervenors, Jean and Carmelle Martel are citizens of Florida and
together own real property located at 10852 Tiberio Drive, Ft. Myers, Florida 33913. Plaintiffs
are participating as class representatives in the class and subclasses as set forth in the schedules
accompanying this complaint which are incorporated herein by reference.

930. Plaintiff - Intervenor, Mike Young is a citizen of California and owns real property
located at 740 Alabama Road South, Lehigh Acres, Florida 33936; 742 Alabama Road South,
Lehigh Acres, Florida 33936 and 743 Alabama Road South, Lehigh Acres, Florida 33936.

Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

931.  Plaintiffs - Intervenors, Paul and Gloria Callan are citizens of Pennsylvania and together own real property located at 8650 Athena Court, Lehigh Acres, Florida 33971. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

932.  Plaintiffs - Intervenors, Michael and Bridgett Adcock are citizens of Florida and together own real property located at 922 NE 15th Terrace, Cape Coral, Florida 33909. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

933.  Plaintiffs - Intervenors, Gary and Nancy Aumack are citizens of Florida and together own real property located at 1195 SE Westminster Place, Stuart, Florida 34997. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

934.  Plaintiffs - Intervenors, Steven and Rhonda Benson are citizens of Florida and together own real property located at 445 NE 355 Avenue, Old Town, Florida 32660. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

935.  Plaintiffs - Intervenors, Richard and Rebecca Burke are citizens of Florida and together own real property located at 4551 Mapletree Loop, Wesley Chapel, Florida 33544. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

936.  Plaintiffs - Intervenors, Thomas and Kelli Campell are citizens of Florida and together own real property located at 25504 Antler Street, Christmas, Florida 32709.  Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

937.  Plaintiff - Intervenor, Rose Cribb is a citizen of Florida and owns real property located at 8865 Garden Street, Jacksonville, Florida 32219.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

938.  Plaintiffs - Intervenors, Norbert Dillinger and Rita Svetty are citizens of Florida and together own real property located at 3531 NW 14th Street, Cape Coral, Florida 33993.  Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

939.  Plaintiff - Intervenor, Mary Elliott is a citizen of Florida and owns real property located at 2996 Centerwood Drive, Jacksonville, Florida 32218.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

940.  Plaintiffs - Intervenors, Wilson Fajardo and Esther Gonzalez are citizens of Florida and together own real property located at 1730 NE 7th Avenue, Cape Coral, Florida 33909.  Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

941.  Plaintiff - Intervenor, Donna Feltner is a citizen of Florida and owns real property located at 4139 Constantine Loop, Wesley Chapel, Florida 33543.  Plaintiff is participating as a

class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

942. Plaintiffs - Intervenors, William and Vicki Foster are citizens of Florida and together own real property located at 10814 Fortina Drive, Ft. Myers, Florida 33913. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

943. Plaintiff - Intervenor, Nora Gaston is a citizen of Florida and owns real property located at 195 SheShe Road, Hawthorne, Florida 32640. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

944. Plaintiffs - Intervenors, Anthoney and Candace Gody are citizens of Florida and together own real property located at 10842 Tiberio Drive, Ft. Myers, Florida 33913. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

945. Plaintiffs - Intervenors, Ricardo and Maria Gomez are citizens of Florida and together own real property located at 1329 SW 6th Avenue, Cape Coral, Florida 33991. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

946. Plaintiffs - Intervenors, Adam and Keely Grover are citizens of Florida and together own real property located at 3371 Horace Avenue, North Port, Florida 34286. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

947. Plaintiff - Intervenor, Sherri Hatcher is a citizen of Florida and owns real property located at 20002 NW 266th Street, Okeechobee, Florida 34972. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

948. Plaintiffs - Intervenors, Clifford and Crispina Henry are citizens of Florida and together own real property located at 4970 N. Pine Avenue, Winter Park, Florida 32792. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

949. Plaintiffs - Intervenors, Robert and Colleen Jablonski are citizens of Florida and together own real property located at 8000 Allamanda Court, Lehigh Acres, Florida 33872. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

950. Plaintiff - Intervenor, Abraham Johnson is a citizen of Maryland and owns real property located at 11316 Bridge Pine Drive, Riverview, Florida 33569. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

951. Plaintiff - Intervenor, Christopher Kelso is a citizen of Florida and owns real property located at 4234 Tyler Circle N, #102B, St. Petersburg, Florida 33709. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

952. Plaintiff - Intervenor, Dominick Lauria is a citizen of Florida and owns real property located at 9096 Villa Palma Lane, Palm Beach Garden, Florida 33418. Plaintiff is participating

178

as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

953. Plaintiff - Intervenor, Kevin Lee is a citizen of Florida and owns real property located at 13712 Trinity Leaf Place, Riverview, Florida 33579. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

954. Plaintiffs - Intervenors, John and Jacine Lester and Larry Schiller are citizens of Florida and together own real property located at 921 NW 8th Place, Cape Coral, Florida 33993 and 13861 Fern Train, North Ft. Myers, Florida 33903. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

955. Plaintiff - Intervenor, Eddie Licon is a citizen of Florida and owns real property located at 100715 Rockledge View Drive, Riverview, Florida 33579. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

956. Plaintiff - Intervenor, Dread Mattox is a citizen of Florida and owns real property located at 6551 Woodlawn Road, Macclenny, Florida 32063. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

957. Plaintiffs - Intervenors, Carmine and Emmanie Maurice are citizens of Florida and together own real property located at 149 Pennfield, Lehigh Acres, Florida 33873; and 151 Pennfield, Lehigh Acres, Florida 33873. Plaintiffs are participating as class representatives in the

179

class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

958. Plaintiff - Intervenor, Erika Maysonet is a citizen of Florida and owns real property located at 4201 28th St. SW, Lehigh Acres, Florida 33876. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

959. Plaintiff - Intervenor, Larry McEldowney is a citizen of Florida and owns real property located at 916 Fitch Avenue, Lehigh Acres, Florida 33872. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

960. Plaintiffs - Intervenors, Brett and Sara McKee are citizens of Florida and together own real property located at 1341 Lyonshire Drive, Wesley Chapel, Florida 33543. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

961. Plaintiffs - Intervenors, Brian and Stephanie McLendon are citizens of Florida and together own real property located at 11317 Bridge Pine Drive, Riverview, Florida 33569. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

962. Plaintiff - Intervenor, Shevon McNeal is a citizen of Florida and owns real property located at 879 SE 35th Street, Melrose, Florida 32666. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

963.  Plaintiff - Intervenor, Julie Nutting is a citizen of Florida and owns real property located at 3245 Reef Road Se, Palm Bay, Florida 32909.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

964.  Plaintiffs - Intervenors, Sean and Candace Pequigney are citizens of Florida and together own real property located at 2882 43rd Avenue NE, Naples, Florida 34120.  Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

965.  Plaintiffs - Intervenors, John Pitcher and Gina Brust are citizens of Florida and together own real property located at 11191 Laurel Walk Road, Wellington, Florida 33449.  Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

966.  Plaintiffs - Intervenors, Harold and Tricia Potter are citizens of Florida and together own real property located at 4819 Portmarnock Way, Wesley Chapel, Florida 33543.  Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

967.  Plaintiff - Intervenor, Veronica Purcell is a citizen of Florida and owns real property located at 6845 Mitchell Street, Jupiter, Florida 33458.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

968.  Plaintiffs - Intervenors, Steven and Dorothy Raucci are citizens of Florida and together own real property located at 10856 Tiberio Drive, Ft. Myers, Florida 33913.  Plaintiffs

are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

969. Plaintiffs - Intervenors, Manuel and Jessica Reinoso are citizens of Florida and together own real property located at 16117 East Aintreet Drive, Loxahatchee, Florida 33470. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

970. Plaintiffs - Intervenors, Alexander and Irina Rekheis are citizens of New York and together own real property located at 1344 SW Sultan Drive, Port St. Lucie, Florida 34953. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

971. Plaintiff - Intervenor, Kathryn Roberts is a citizen of Florida and owns real property located at 3096 Hibiscus Circle, West Palm Beach, Florida 33409. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

972. Plaintiffs - Intervenors, Enock and Marie Sanon are citizens of Florida and together own real property located at 4303 17th Street, Lehigh Acres, Florida 33976. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

973. Plaintiffs - Intervenors, Jose and Yvette Santacruz are citizens of Florida and together own real property located at 4806 Portmarnock Way, Wesley Chapel, Florida 33543. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

974.  Plaintiffs - Intervenors, Manuel and Judith Santos are citizens of Florida and together own real property located at 3175 Tucker Avenue, St. Cloud, Florida 34772.  Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

975.  Plaintiffs - Intervenors, Hugh and Lorraine Savoury are citizens of Florida and together own real property located at 4401 SW Jaunt Road, Port St. Lucie, Florida 34953. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

976.  Plaintiffs - Intervenors, Jeffrey and Monica Segnelio are citizens of Florida and together own real property located at 393 NW Sheffield Circle, Port St. Lucie, Florida 34983. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

977.  Plaintiff - Intervenor, Edna Spencer is a citizen of Florida and owns real property located at 3806 N. 24th Street, Tampa, Florida 33610.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

978.  Plaintiff - Intervenor, Edith Thompson is a citizen of Canada and owns real property located at 2437 NW 9th Street, Cape Coral, Florida 33993.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

979.  Plaintiff - Intervenor, Theotis Ward is a citizen of Florida and owns real property located at 11507 Summer Bird Court, Jacksonville, Florida 32221.  Plaintiff is participating as a

class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

980.  Plaintiffs - Intervenors, John and Robin Whealan are citizens of Florida and together own real property located at 6588 Canton Street, Fort Myers, Florida 33966. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

981.  Plaintiffs - Intervenors, Scott and Lucille Whitlock are citizens of Florida and together own real property located at 1124 NE 15th Street, Cape Coral, Florida 33909. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

982.  Plaintiffs - Intervenors, Richard and Judith Yost are citizens of Florida and together own real property located at 10838 Tiberio Drive, Fort Myers, Florida 33913. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

983.  Plaintiff - Intervenor, Shirley Abels is a citizen of Mississippi and owns real property located at 690 Waters View Drive, Biloxi, Mississippi 39532. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

984.  Plaintiff - Intervenor, Janice Alfred is a citizen of Mississippi and owns real property located at 2314 10th Street, Pascagoula, Mississippi 39567. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

184

985.  Plaintiff - Intervenor, Judith Anderson is a citizen of Mississippi and owns real property located at 5508 Center Street, Ocean Springs, Mississippi 39564.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

986.  Plaintiff - Intervenor, Judy Baptiste is a citizen of Louisiana and owns real property located at 6131 Craigie Road, New Orleans, Louisiana 70126.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

987.  Plaintiff - Intervenor, Larry Bennett is a citizen of Mississippi and owns real property located at 1618 Lewis, Gulfport, Mississippi 39501.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

988.  Plaintiff - Intervenor, Wayne G. Clarke is a citizen of Mississippi and owns real property located at 1205 Magnolia Street, Ocean Springs, Mississippi 39564.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

989.  Plaintiff - Intervenor, Charles Coleman is a citizen of Mississippi and owns real property located at 1600 Sunset Street, Pascagoula, Mississippi 39567.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

990.  Plaintiffs - Intervenors, Perry and Deborah Dixon are citizens of Mississippi and together own real property located at 3201 Westlane, Gautier, Mississippi 39553.  Plaintiffs are

participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

991. Plaintiffs - Intervenors, Leo and Jacqueline Fairley are citizens of Mississippi and together own real property located at 2308 Seneca Avenue, Pascagoula, Mississippi 39567. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

992. Plaintiffs - Intervenors, Gregory and Diane Fletcher are citizens of Mississippi and together own real property located at 1308 Oak Street, Ocean Springs, Mississippi 39564. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

993. Plaintiffs - Intervenors, Rose and Raymond Frazier are citizens of Mississippi and together own real property located at 12409 Moreton Place, Ocean Springs, Mississippi 39564. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

994. Plaintiffs - Intervenors, Joseph and Debbie Galle are citizens of Mississippi and together own real property located at 1900 Beachview Drive, Ocean Springs, Mississippi 39564. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

995. Plaintiffs - Intervenors, Joey and Amanda Galle are citizens of Mississippi and together own real property located at 1905 Beachview Drive, Ocean Springs, Mississippi 39564. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

996.  Plaintiff - Intervenor, Geraldine Galloway is a citizen of Mississippi and owns real property located at 5712 Gregory Street, Moss Point, Mississippi 39563.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

997.  Plaintiff - Intervenor, Patricia Stevens Green is a citizen of Mississippi and owns real property located at 2712 Martin Street, Pascagoula, Mississippi 39567.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

998.  Plaintiff - Intervenor, Raymond Hester is a citizen of Mississippi and owns real property located at 1202 Williams Street, Pascagoula, Mississippi 39567.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

999.  Plaintiff - Intervenor, Patricia Howell is a citizen of Mississippi and owns real property located at 2126 South 7th Street, Ocean Springs, Mississippi 39564.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1000.  Plaintiffs - Intervenors, Jeffrey and Lauren King are citizens of Mississippi and together own real property located at 4703 Seminole Drive, Pascagoula, Mississippi 39567.  Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1001.  Plaintiff - Intervenor, Jacques LeCarpentier is a citizen of Florida and owns real property located at 15907 Crestline Road, Fountain, Florida 32438.  Plaintiff is participating as a

187

class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1002. Plaintiffs - Intervenors, Joseph and Sherry Loper are citizens of Mississippi and together own real property located at 190 Buddy Finch Road, Lucedale, Mississippi 39452. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1003. Plaintiffs - Intervenors, Terri Maranoci and Terri Lee are citizens of Mississippi and together own real property located at 3907 Sculpin Street, Pascagoula, Mississippi 39567. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1004. Plaintiff - Intervenor, Gregory Marshall is a citizen of Mississippi and owns real property located at 1912 12th Street, Pascagoula, Mississippi 39567. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1005. Plaintiff - Intervenor, Wilda E. Marshall is a citizen of Mississippi and owns real property located at 2005 C.W. Webb Road, Gautier, Mississippi 39553. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1006. Plaintiffs - Intervenors, David and Betty Martin are citizens of Mississippi and together own real property located at 1716 Seacliffe Drive, Gautier, Mississippi 39553. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

188

1007.  Plaintiffs - Intervenors, Osizy and Margie McCrory are citizens of Mississippi and together own real property located at 4024 Rose Drive, Moss Point, Mississippi 39563.  Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1008.  Plaintiffs - Intervenors, Bobby and Celia McTigue are citizens of Mississippi and together own real property located at 1921 Roosevelt Street, Pascagoula, Mississippi 39567. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1009.  Plaintiffs - Intervenors, James and Patricia Mingto are citizens of Mississippi and together own real property located at 6225 Grierson Street, Moss Point, Mississippi 39563. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1010.  Plaintiffs - Intervenors, Virgil and Rosetta Mitchell are citizens of Mississippi and together own real property located at 686 North Haven Drive, Biloxi, Mississippi 39532. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1011.  Plaintiffs - Intervenors, William and Earlene Moore are citizens of Mississippi and together own real property located at 2 Mossy Oaks Drive, Long Beach, Mississippi 39560. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1012.  Plaintiff - Intervenor, Linda Morgan is a citizen of Mississippi and owns real property located at 928 Courthouse Road, Unit 39, Gulfport, Mississippi 39507.  Plaintiff is

189

participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1013.  Plaintiffs - Intervenors, Robert and Sandra Morrison are citizens of Mississippi and together own real property located at 223 Boggs Circle, Long Beach, Mississippi 39560. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1014.  Plaintiffs - Intervenors, Thomas C. Randle and Ann Randle Poche are citizens of Hawaii and together own real property located at 502 Hancock Street, Bay St. Louis, Mississippi 39520; and 504 Hancock Street, Bay St. Louis, Mississippi 39520.  Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1015.  Plaintiff - Intervenor, Krondenser Means Ratliff is a citizen of Mississippi and owns real property located at 2320 Westgate Parkway, Gautier, Mississippi 39553.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1016.  Plaintiff - Intervenor, Willie James Riley is a citizen of Mississippi and owns real property located at 3531 Sherlawn Drive, Moss Point, Mississippi 39563.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1017.  Plaintiff - Intervenor, Robert Roberts is a citizen of Mississippi and owns real property located at 2604 Tampica Road, Gautier, Mississippi 39553.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this

190

complaint which are incorporated herein by reference.

1018.  Plaintiff - Intervenor, Pearl Scott is a citizen of Mississippi and owns real property located at 4466 Robinhood Drive, Moss Point, Mississippi 39563.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1019.  Plaintiff - Intervenor, Valerie Sherrod is a citizen of Mississippi and owns real property located at 4300 Wisteria Drive, Moss Point, Mississippi 39562.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1020.  Plaintiffs - Intervenors, George and Deborah Stewart are citizens of Mississippi and together own real property located at 3304 Martin Street, Pascagoula, Mississippi 39581. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1021.  Plaintiffs - Intervenors, John and Grace Steubben are citizens of Mississippi and together own real property located at 8426 Kaleki Way, Diamondhead, Mississippi 39525. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1022.  Plaintiffs - Intervenors, Robert and Sandra Taylor are citizens of Mississippi and together own real property located at 2223 Clevleand Avenue, Pascagoula, Mississippi 39567. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1023.  Plaintiffs - Intervenors, Freddie and Glenda Thiroux are citizens of Mississippi and

together own real property located at 270 Laurel Court, Biloxi, Mississippi 39530. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1024. Plaintiffs - Intervenors, John and Claire Tuepker are citizens of Mississippi and together own real property located at 103 Driftwood Drive, Long Beach, Mississippi 39560. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1025. Plaintiff - Intervenor, David Varnado is a citizen of Mississippi and owns real property located at 6804 Tunica Road, Biloxi, Mississippi 39532. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1026. Plaintiff - Intervenor, John Volland is a citizen of California and owns real property located at 4009 Ash Street, Ocean Springs, Mississippi 39564. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1027. Plaintiffs - Intervenors, Curtis and Monsue Walley are citizens of Mississippi and together own real property located at 4401 Jamestown Road, Moss Point, Mississippi 39563. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1028. Plaintiffs - Intervenors, Eugene and Yvonne Washington are citizens of Mississippi and together own real property located at 4819 King James Drive, Pascagoula, Mississippi 39581. Plaintiffs are participating as class representatives in the class and subclasses

192

as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1029.  Plaintiff - Intervenor, Samuel L. Webster is a citizen of Mississippi and owns real property located at 4306 Webb Street, Moss Point, Mississippi 39562.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1030.  Plaintiffs - Intervenors, William and Joan Wiley are citizens of Mississippi and together own real property located at 182 Hannibal Court, Biloxi, Mississippi 39530.  Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1031.  Plaintiffs - Intervenors, Lawrence and Rebecca Ruse are citizens of Florida and together own real property located at 5731 Oak Bend Avenue, Sebring, Florida 33876.  Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1032.  Plaintiff - Intervenor, Lou Marschhauser is a citizen of Florida and owns real property located at 8039 NW 108 Place, Miami, Florida 33178.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1033.  Plaintiffs - Intervenors, Richard and Judy Casburn are citizens of Florida and together own real property located at 2120 Della Drive, Naples, Florida 34117.  Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1034.  Plaintiff - Intervenor, Melissa Guillette is a citizen of Florida and owns real property located at 2525 White Sand Lane, Clearwater, Florida 33763.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1035.  Plaintiff - Intervenor, Timothy Hesbeens is a citizen of Florida and owns real property located at 506 Wheaton Trent Place, Tampa, Florida 33619.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1036.  Plaintiff - Intervenor, Charles Beale is a citizen of Florida and owns real property located at 505 Vincinda Crest Way, Tampa, Florida 33619.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1037.  Plaintiff - Intervenor, Joseph Martillo is a citizen of Florida and owns real property located at 507 Vincinda Crest Way, Tampa, Florida 33619.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1038.  Plaintiffs - Intervenors, Joseph and Christina McKinnon are citizens of Florida and together own real property located at 528 Wheaton Trent Place, Tampa, Florida 33619.  Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1039.  Plaintiff - Intervenor, Anika Beasley is a citizen of Louisiana and owns real property located at 7071 Whitmore Place, New Orleans, Louisiana 70128.  Plaintiff is

194

participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1040.   Plaintiff - Intervenor, Joseph Serio is a citizen of Louisiana and owns real property located at 5 Hunter Place, Metairie, Louisana 70001.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1041.   Plaintiffs - Intervenors, Lester and Catherine Arnaud are citizens of Louisiana and together own real property located at 17504 Rosemont Drive, Prairieville, Louisiana 70769. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1042.   Plaintiffs - Intervenors, Don and Agnes Wheeler are citizens of Louisiana and together own real property located at 41311 Tulip Hill Ave., Praireville, Louisiana 70769. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1043.   Plaintiffs - Intervenors, Aldo and Ghady Matus are citizens of Louisiana and together own real property located at 41299 Tulip Hill Ave., Prairieville, Louisiana 70769. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1044.   Plaintiffs - Intervenors, Jimmy and Louise Bradley are citizens of Louisiana and together own real property located at 19405 Kelly Wood Court, Baton Rouge,  Louisiana 70809. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1045.  Plaintiffs - Intervenors, Wilton and Rita Brian are citizens of Louisiana and together own real property located at 18523 Bellingrath Lakes, Greenwell Springs, Louisiana 70739.  Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1046.  Plaintiff - Intervenor, Diane Dunn is a citizen of Louisiana and owns real property located at 1733 Davenport Avenue, Bogalusa, Louisiana 70427.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1047.  Plaintiffs - Intervenors, Darren and Kim Dowell are citizens of Louisiana and together own real property located at 421 Lavoisier Street, Gretna, Louisiana 70053.  Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1048.  Plaintiff - Intervenor, Ralph Morlas is a citizen of Louisiana and owns real property located at 4091 Brown Thraser Loop, Madisonville, Louisiana 70447.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1049.  Plaintiff - Intervenor, Debra Bryant is a citizen of Louisiana and owns real property located at 27 South Oak Ridge Court, New Orleans, Louisiana 70128.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1050.  Plaintiff - Intervenor, Andrea Carter is a citizen of Louisiana and owns real property located at 10201 Deerfield Drive, New Orleans, Louisiana 70128.  Plaintiff is

participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1051.  Plaintiffs - Intervenors, Jesse and Gelone Conrad are citizens of Louisiana and together own real property located at 2318 Piety Street, New Orleans, Louisiana 70117. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1052.  Plaintiffs - Intervenors, Gary E. and Chris Boyce are citizens of Alabama and together own real property located at 4049 Greenan Way, Gulf Shores, Alabama 36542. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1053.  Plaintiffs - Intervenors, J. Richmond Pearson and Julene R. Pearson are citizens of Alabama and together own real property located at 3928 Butler Springs Way, Hoover, Alabama 35226.  Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1054.  Plaintiff - Intervenor, Yossef Cohen is a citizen of Florida and owns real property located at 23 SE 3 Avenue, Hallandale Beach, Florida 33009.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1055.  Plaintiff- Intervenor, Charles England, is a citizen of Louisiana and owns real property located at 2516 Reunion Drive, Violet, Louisiana 70092.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

197

1056.  Plaintiffs - Intervenors, Robert and Tasha Lambert are citizens of Alabama and together own real property located at 541 Lynn Hurst Court, Montgomery, Alabama 36117. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1057.  Plaintiff-Intervenor, Brenda Owens, is a citizen of Alabama and owns real property located at 2105 Lane Avenue, Birmingham, Alabama 35217.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1058.  Plaintiffs-Intervenors, Daniel and Nicole Smith are citizens of Alabama and together own real property located at 766 Tabernacle Road, Monroeville, Alabama 36460. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1059.  Plaintiff-Intervenor, Travis Taylor is a citizen of Alabama and owns real property located at 11090 Douglas Road, Grand Bay, Alabama 36541.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1060.  Plaintiff-Intervenor, Chester Bilbo is a citizen of Mississippi and owns real property located at 403 Seventh Street, Bay St. Louis, Mississippi 39520.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1061.  Plaintiff-Intervenor, Crystal Farve is a citizen of Mississippi and owns real property located at 5032 Sixth Street, Bay St. Louis, Mississippi 39520.  Plaintiff is participating

as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

1062.  Plaintiff-Intervenor, Margie Foxworth is a citizen of Mississippi and owns real property located at 360 Church Avenue, Pass Christian, Mississippi 39571.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

## DEFENDANTS

1063.  Unless specifically stated to the contrary, all individual defendants are citizens of the state where they do business and all entities are citizens of the state where they are organized. For those entities, where the state of organization is not listed, it is asserted upon information and belief that the entity is incorporated and/or organized in the state of its principal place of business.

### A.    Allegations Regarding the *Gross* Defendants

1064.  The amended class action complaint in *Gross* asserts class action claims against the following defendants: Knauf Gips KG ("Knauf Gips"); Knauf Plasterboard (Tianjin) Co., Ltd. ("Knauf Tianjin"); Knauf Plasterboard (Wuhu) Co., Ltd.; Knauf Plasterboard (Dongguan) Co., Ltd.; Taishan Gypsum Co., Ltd. F/k/a as Shandong Taihe Dongxin Co., Ltd. ("Taishan"); Pingyi Baier Building Materials Co., Ltd.; Changzhou Yinhe Wood Industry Co., Ltd.; King Shing Steel Enterprises Co., Ltd.; Nanhai Silk Imp. & Exp. Corporation; Jinan Run & Fly New Materials Co., Ltd.; Shandong Yifang Gypsum Industry Co., Ltd.; Siic Shanghai International Trade (Group) Co., Ltd.; Tianjin Tianbao Century Development Co., Ltd.; Wide Strategy Limited; Shandong Oriental International Trading Co., Ltd.; Shanghai East Best Arts & Crafts

199

Co., Ltd.; Qingdao Yilie International Trade Co., Ltd.; Tai'an Kangyijia Building Materials Co.,

Ltd.; USG Corporation ("USG"); Beijing New Building Materials Public Limited Co.

("BNBM"); China National Building Materials Co. Ltd.; Beijing New Building Materials

(Group) Co. Ltd.; China National Building Material Group Corporation ("CNBM Group");

Pingyi Zhongxing Paper-Faced Plasterboard Co., Ltd. f/k/a Shandong Chenxiang Building

Materials Co., Ltd. ("Chenxiang"); Sinkiang Tianshan Building Material And Gypsum Product

Co, Ltd.; Taishan Gypsum Co., Ltd. Lucheng Branch; Yunan Taishan Gypsum And Building

Material Co. Ltd.; Tai'an Jindun Building Material Co., Ltd.; Taishan Gypsum (Xiangtan) Co.

Ltd.; Taishan Gypsum (Pingshan) Co., Ltd.; Taishan Gypsum (Hengshui) Co., Ltd.; Taishan

Gypsum (Henan) Co., Ltd.; Hubei Taishan Building Material Co., Ltd.; Taishan Gypsum

(Tongling) Co., Ltd.; Weifang Aotai Gypsum Co., Ltd.; Taishan Gypsum (Pizhou) Co., Ltd.;

Fuxin Taishan Gypsum And Building Material Co., Ltd.; Taishan Gypsum (Wenzhou) Co., Ltd.;

Taishan Gypsum (Chongqing) Co., Ltd.; Taishan Gypsum (Jiangyin) Co., Ltd.; Qinhuangdao

Taishan Building Material Co., Ltd.; Tai'an Taishan Gypsum Board Co., Ltd.; Taishan Gypsum

(Baotou) Co., Ltd.; Shaanxi Taishan Gypsum Co., Ltd; Rothchilt International, Ltd.

("Rothchilt"); L&W Supply Corporation d/b/a Seacoast Supply Company ("Seacoast"); Banner

Supply Co. ("Banner"); La Suprema Trading, Inc. ("La Suprema Trading"); La Suprema

Enterprise, Inc. ("La Suprema Enterprise"); Black Bear Gypsum Supply, Inc. ("Black Bear");

Smokey Mountain Materials, Inc.; Emerald Coast Building Materials; Interior/Exterior Building

Supply, LP; Interior/Exterior Enterprises LLC; Rightway Drywall Inc.; Independent Builders

Supply Association, Inc. ("IBSA"); Tobin Trading Inc. ("Tobin"); Venture Supply Inc.

("Venture"); Knauf Insulation GMBH a/k/a Knauf USA ("Knauf USA"); CNBM USA Corp.;

Sunrise Building Materials Ltd.; Devon International; Triorient Trading, Inc.; Great Western Building Materials; All Interior Supply, Inc.; A&R Hardware Supply, Inc.; Davis Construction Supply, LLC; Elite Supply Corporation; International Materials Trading, Incorporated; Marathon Construction Materials Inc.; Steeler, Inc.; Maurice Pincoffs Company, Inc.; Metro Resources Corp.; North Pacific Lumber Co.; Oriental Merchandise Company, Inc. f/k/a Oriental Trading Company, Inc.; Stock Building Supply, LLC; .; Oriental Merchandise Company, Inc. f/k/a Oriental Trading Company, Inc.; Stock Building Supply, LLC; Stock Building Supply, Inc.; Bedrock Building Materials, LLC; The China Corporation, Ltd.; Tov Trading Inc.; Builders Gypsum Supply, L.L.P.; Builders Gypsum Supply Co., Inc.; J.W. Allen & Company Incorporated; Phoenix Imports Co., Ltd.; TMO Global Logistics, LLC; Quite Solutions Inc.; Mazer's Discount Home Centers, Inc.; Knauf Gypsum Indonesia; Guangdong Knauf New Building Product Co., Ltd.; Knauf Amf GmbH & Co. Kg; Knauf Do Brasil Ltd.; Taian Taishan Plasterboard Co., Ltd.; Shanghai Yu Yuan Imp & Exp Co., Ltd.; and John Doe defendants 1-20 (hereafter the "*Gross* Defendants"). Service of the *Gross* Complaint will effectuate service for the plaintiffs herein and the other absent class members in *Gross*.

1065.  Plaintiffs incorporate herein the factual allegations concerning the *Gross* Defendants from the *Gross* Complaint. *See Gross* Complaint ¶¶ 15-146 (as presently pled and as subsequently amended).

1066.  Plaintiffs incorporate herein the allegations from the *Gross* complaint that are pled in support of the request for industry-wide alternative liability. *See Gross* Complaint ¶¶ 147-152 (as presently pled and as subsequently amended).

1067.  The *Gross* Defendants are liable to Plaintiffs for the reasons alleged in the *Gross*

201

complaint (as presently pled and as subsequently amended).

**B.    Allegations Regarding Identifiable Defendants**

**The Distributor/Supplier/Importer/Exporter/Broker Defendants**

1068.  Defendant USG Corporation is a Delaware corporation with a principal place of business in Chicago, Illinois.  USG, together with its various affiliates, including its subsidiary, L&W Supply Corporation and Seacoast Supply, is the nation's largest distributor of drywall and related building products.  USG, through its subsidiary L&W Supply Corporation, sold, distributed, supplied, marketed, inspected, imported, exported, or delivered the drywall at issue in this litigation.  USG is responsible for the actions of its subsidiary through control person and other management activities.

1069.  Defendant, L&W Supply Corporation d/b/a Seacoast Supply Company is an entity or individual with a principal place of business at 550 W. Adams Street, Dept. 174, Chicago, Illinois 60661.  Defendant is organized under the laws of Delaware.  L&W Supply Corporation is a subsidiary of USG.  Defendant is a importer, exporter, distributor or supplier of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

1070.  Defendant, Ace Home Center, Inc. is an entity or individual with a principal place of business at 21090 Highway 59 South, Robertsdale, Alabama 36567.  Defendant is organized under the laws of Alabama.  Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

1071.  Defendant, Bailey Lumber & Supply Co. is an entity or individual with a service

202

address at c/o John Howard Shows, 2950 Layfair Drive, Suite 101, Flowood, Mississippi 39232. Defendant is organized under the laws of Mississippi. Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

1072. Defendant, Bailey Lumber & Supply Company of Biloxi is an entity or individual with a service address at Sherwood R. Bailey, Bailey Building, Washington Avenue, Gulfport, Mississippi 39507. Defendant is organized under the laws of Mississippi. Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

1073. Defendant, Banner Supply Co. is an entity or individual with a principal place of business at 7195 NW 30th Street, Miami, Florida 33122. Defendant is organized under the laws of Florida. Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

1074. Defendant, Banner Supply Co. Fort Myers, LLC is an entity or individual with a principal place of business at 2910 Cargo Street, Fort Myers, Florida 33916. Defendant is organized under the laws of Florida. Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

1075. Defendant, Banner Supply Co. Pompano, LLC is an entity or individual with a principal place of business at 1660 SW 13th Court, Pompano Beach, Florida 33069. Defendant is organized under the laws of Florida. Defendant is an importer, exporter, distributor, supplier or

broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

1076. Defendant, Baron Construction Co. is an entity or individual with a principal place of business at 749 Huckleberry Lane, Terrytown, Louisiana 70056. Defendant is organized under the laws of Louisiana. Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

1077. Defendant, Bayou Building Products, LLC is an entity or individual with a principal place of business at 200 Wright Avenue C, Gretna, Louisiana 70056. Defendant is organized under the laws of Louisiana. Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

1078. Defendant, Black Bear Gypsum Supply, Inc. is an entity or individual with a principal place of business at 2050 Tall Pines Drive, Suite B, Largo, Florida 33771. Defendant is organized under the laws of Florida. Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

1079. Defendant, Boyle Lumber Company is an entity or individual with a service address at Danny J. Barfield, P.O. Box 1208, Cleveland, Mississippi 38732. Defendant is organized under the laws of Mississippi, Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

1080. Defendant, Bradford Lumber & Supply, Inc. is an entity or individual with a principal place of business at 4215 Highway 165 North, Monroe, Louisiana 71203. Defendant is organized under the laws of Louisiana. Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

1081. Defendant, Brent Garrod Drywall, Inc. is an entity or individual with a principal place of business at 4271 James Street, Port Charlotte, Florida 33980. Defendant is organized under the laws of Florida. Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

1082. Defendant, Building Supply House, LLC is an entity or individual with a principal place of business at 15 Jacqueline Court, Mandeville, Louisiana 70471. Defendant is organized under the laws of Louisiana. Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

1083. Defendant, C&L Roofing and Remodeling is an entity or individual with a service address at 5606 Jennifer Lane, Boosier, City, Louisiana 71112. Defendant is organized under the laws of Louisiana. Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

1084. Defendant, Cajun Construction & Design, Inc. is an entity or individual with a service address at Clint Nunez, 2310 Perdido Street, New Orleans, Louisiana 70119. Defendant

is organized under the laws of Louisiana. Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

1085.  Defendant, HLP/GAC International, Inc. is an entity or individual with a service address at George Thomas Anding, 1718 Trinity Valley Drive, Carrollton, Texas 75006. Defendant is organized under the laws of Texas.  Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

1086.  Defendant, Capitol Materials, Incorporated is an entity or individual with a principal place of business at 464 Bishop Street, N.W., Atlanta, Georgia 30318.  Defendant is organized under the laws of Georgia.  Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

1087.  Defendant, Delta Lumber Co. Building Supply is an entity or individual with a principal place of business at 210 E. Georgetown Street, Suite C, Crystal Springs, Mississippi 39059.  Defendant is organized under the laws of Mississippi. Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

1088.  Defendant, Everglades Lumber and Building Supplies, LLC is an entity or individual with a principal place of business at 6991 SW 8th Street, Miami, Florida.  Defendant is organized under the laws of Florida.  Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has

206

resulted in harm and damages to Subclass Members.

1089. Defendant, Gator Gypsum, Inc. is an entity or individual with a principal place of business at 3904 East Adamo Drive, Tampa, Florida 33605. Defendant is organized under the laws of Florida. Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

1090. Defendant, Global Trading of Louisiana, LLC is an entity or individual with a principal place of business at 8217 W. St. Bernard Highway, Chalmette, Louisiana 70043. Defendant is organized under the laws of Louisiana. Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

1091. Defendant, Gulf Coast Drywall Building Products, LLC is an entity or individual with a principal place of business at 13087 Highway 190 West, Hammond, Alabama 70403. Defendant is organized under the laws of Alabama. Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

1092. Defendant, Gulf Coast Shelter, Inc. is an entity or individual with a service address at James B. Newman, 150 Government Street, Suite 2000, Mobile, Alabama 36602. Defendant is organized under the laws of Alabama. Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

1093. Defendant, Hartsville Lumber & Barns, Inc. is an entity or individual with a

207

service address at Timothy S. Kirkley, 1113 North 5th Street, Hartsville, South Carolina 29550.

Defendant is organized under the laws of South Carolina.  Defendant is an importer, exporter,

distributor, supplier or broker of drywall and related building products that engaged in these

practices, which has resulted in harm and damages to Subclass Members.

1094.  Defendant, Gulf Coast Supply, Inc. is an entity or individual with a principal place

of business at 6016 Highway 63, Moss Point, Mississippi  39563.  Defendant is organized under

the laws of Mississippi. Defendant is an importer, exporter, distributor, supplier or broker of

drywall and related building products that engaged in these practices, which has resulted in harm

and damages to Subclass Members.

1095.  Defendant, Holmes Building Materials, LLC is an entity or individual with a

principal place of business at 6190 Greenwell Springs Road, Baton Rouge, Louisiana 70806.

Defendant is organized under the laws of Louisiana.  Defendant is an importer, exporter,

distributor, supplier or broker of drywall and related building products that engaged in these

practices, which has resulted in harm and damages to Subclass Members.

1096.  Defendant, Home Depot USA, Inc. is an entity or individual with a service address

at Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware

19808. Defendant is organized under the laws of Delaware.  Defendant is an importer, exporter,

distributor, supplier or broker of drywall and related building products that engaged in these

practices, which has resulted in harm and damages to Subclass Members.

1097.  Defendant, All County Drywall Services, Inc. is an entity or individual with a

principal place of business at 514 Sugar Creek Drive, Plant City, Florida 33563. Defendant is

organized under the laws of Florida.  Defendant is an importer, exporter, distributor, supplier or

broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

1098.   Defendant, Lowe's Home Centers, Inc. is an entity or individual with a principal place of business at 1605 Curtis Bridge Road, Wilkesboro, North Carolina 28697. Defendant is organized under the laws of North Carolina. Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

1099.   Defendant, 84 Lumber Company, LP is an entity or individual with a principal place of business at 4121 Washington Rod, McMurray, Pennsylvania 15317. Defendant is organized under the laws of Pennsylvania. Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

1100.   Defendant, Interior Exterior Enterprises, LLC is an entity or individual with a principal place of business at 727 South Cortez Street, New Orleans, Louisiana 70119. Defendant is organized under the laws of Louisiana. Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

1101.   Defendant, Interior Exterior Building Supply, LLC is an entity or individual with a principal place of business at 727 South Cortez Street, New Orleans, Louisiana 70119. Defendant is organized under the laws of Louisiana. Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

1102.  Defendant, Ocean Springs Lumber Company, LLC is an entity or individual with a service address at Alfred R. Moran, Jr., 1001 Bowen Avenue, P.O. Box 1647, Ocean Springs, Mississippi 39566.  Defendant is organized under the laws of Mississippi.  Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

1103.  Defendant, Marvins Building Materials and Home Centers is an entity or individual with a service address at 2015 Highway 19 North, Meridian, Mississippi 39307. Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

1104.  Defendant, Mazer's Discount Home Centers, Inc. is an entity or individual with a principal place of business at 1112 King Street, Wilmington, Delaware.  Defendant is organized under the laws of Delaware.  Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

1105.  Defendant, Devon International Group, Inc. is an entity or individual with a service address at James A. Bennett, 1100 First Avenue, Suite 100, King of Prussia, Pennsylvania 19406.  Defendant is organized under the laws of Pennsylvania.  Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

1106.  Defendant, North Pacific Group is an entity or individual with a principal place of business at 10200 SW Greenburg Road, Portland, Oregon 97223.  Defendant is organized under

210

the laws of Oregon. Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

1107. Defendant, Oakwood Mobile Homes, Inc. is an entity or individual with a principal place of business at 2225 South Holden Road, Greensboro, North Carolina 27417. Defendant is organized under the laws of North Carolina. Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

1108. Defendant, Pate Stevedore Company of Pensacola is an entity or individual with a service address at W.H. Pate, Jr., 612 South 1st Street, #20, Pensacola, Florida 32507. Defendant is organized under the laws of Florida. Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

1109. Defendant, PFS Corporation is an entity or individual with a principal place of business at 2402 Daniels Street, Madison, Wisconsin 53718. Defendant is organized under the laws of Wisconsin. Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

1110. Defendant, Picayune Discount Building Supply is an entity or individual with a principal place of business at 1919 Palestine Road, Picayune, Mississippi 39466. Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

211

1111.  Defendant, Port of Pensacola Users Association, Inc. is an entity or individual with a principal place of business at 720-A South Barracks Street, Pensacola, Florida 32502. Defendant is organized under the laws of Florida.  Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

1112.  Defendant, R & H Masonry Contractors, Inc. is an entity or individual with a principal place of business at 3909 Andrew Jackson Circle, Pace, Florida 32571.  Defendant is organized under the laws of Florida.  Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

1113.  Defendant, Renfrow Insulation and Supply is an entity or individual with a principal place of business at 5650 Terry Road, Jackson, Mississippi 39272.  Defendant is organized under the laws of Misissippi.  Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

1114.  Defendant, Renfrow Insulation I is an entity or individual with a principal place of business at 400 Byram Drive, Byram, Mississippi  39272.  Defendant is organized under the laws of Mississippi.  Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

1115.  Defendant, Shelter Products, Inc. is an entity or individual with a service address at CT Corporation Systems, 1200 South Pine Island Road, Plantation, Florida 33324.  Defendant is

organized under the laws of Oregon. Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

1116. Defendant, Smoky Mountain Materials, Inc. is an entity or individual with a principal place of business at 5218 S. National Drive, Knoxville, Tennessee 37914. Defendant is organized under the laws of Florida. Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

1117. Defendant, Speights Cash & Carry is an entity or individual with a principal place of business at 1805 Dale Street, Prentiss, Mississippi 39474. Defendant is organized under the laws of Mississippi. Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

1118. Defendant, Garraway's Stores, Inc. is an entity or individual with a principal place of business at 2127 Columbus Avenue, Prentiss, Mississippi 39474. Defendant is organized under the laws of Mississippi. Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

1119. Defendant, Stine Lumber, LLC is an entity or individual with a service address at Cheri Dunn, 199 US Highway 61 South, Natchez, Mississippi 39120. Defendant is organized under the laws of Louisiana. Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm

213

and damages to Subclass Members.

1120. Defendant, W.B. Howland Co., L.L.C. is an entity or individual with a principal place of business at 610 11th Street, Live Oak, Florida 32064. Defendant is organized under the laws of Florida. Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

214

**The Developer/Builder Defendants**

1121.   Defendant, A & C Development, LLC is an entity or individual with a principal place of business at 4439 Park Blvd., Pinellas Park, Florida 33781.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1122.   Defendant, Aarco, LLC is an entity or individual with a principal place of business at 57 Doubloon Drive, Slidell, Louisiana 70461.  Defendant is organized under the laws of Louisiana.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1123.  Defendant, Aburton Homes, Inc. is an entity or individual with a principal place of business at 590 North West Bayshore Boulevard, Port St. Lucie, Florida 34983.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1124.   Defendant, Adams Homes, Realty, Inc. is an entity or individual with a principal place of business at 5508 N. "W" Street #B, Pensacola, Florida 32505.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1125.  Defendant, Adam's Homes of Northwest Florida, Inc. is an entity or individual

215

with a principal place of business at 3000 Gulf Breeze Parkway, Gulf Breeze, Florida 32563.

Defendant is organized under the laws of Florida. Defendant built certain Subclass Members'

homes and, directly or through agents, installed defective drywall in these homes, which has

resulted in harm and damages to Subclass members as described herein.

1126. Defendant, Advantage Builders of America, Inc. a/ka/ Advantage Builders of

SWFL, Inc. is an entity or individual with a principal place of business at 11796 C Metro

Parkway, Ft. Myers, Florida 33966. Defendant is organized under the laws of Florida.

Defendant built certain Subclass Members' homes and, directly or through agents, installed

defective drywall in these homes, which has resulted in harm and damages to Subclass members

as described herein.

1127. Defendant, Albanese-Popkin The Oaks Development Group, L.P. is an entity or

individual with a principal place of business at 1200 S. Rogers Circle, Suite #11, Boca Raton,

Florida 33487. Defendant is organized under the laws of Florida. Defendant built certain

Subclass Members' homes and, directly or through agents, installed defective drywall in these

homes, which has resulted in harm and damages to Subclass members as described herein.

1128. Defendant, Albert Howard, Jr. is an entity or individual with a principal place of

business at 2685 Columbus Highway, Box Springs, Georgia 31801. Defendant built certain

Subclass Members' homes and, directly or through agents, installed defective drywall in these

homes, which has resulted in harm and damages to Subclass members as described herein.

1129. Defendant, American Gallery Development Group, LLC is an entity or individual

with a principal place of business in Cape Coral, Florida during all periods relevant to the instant

cause of action who no longer does business in Florida and pursuant to F.S. Chapter 48 has

216

authorized service to be made upon the Secretary of State of the State of Florida, P.O. Box 6327,
Tallahassee, Florida 32314. Defendant is organized under the laws of Delaware. Defendant built
certain Subclass Members' homes and, directly or through agents, installed defective drywall in
these homes, which has resulted in harm and damages to Subclass members as described herein.

1130. Defendant, Amerisouth, Inc. is an entity or individual with a principal place of
business at 11495 Ranchette Road, Ft. Myers, Florida 33966. Defendant is organized under the
laws of Florida. Defendant built certain Subclass Members' homes and, directly or through
agents, installed defective drywall in these homes, which has resulted in harm and damages to
Subclass members as described herein.

1131. Defendant, Andre Rogers, Carpenter is an entity or individual with a principal
place of business at 218 St. Charles, Street, Hazlehurst, Mississippi 39083. Defendant built
certain Subclass Members' homes and, directly or through agents, installed defective drywall in
these homes, which has resulted in harm and damages to Subclass members as described herein.

1132. Defendant, Angel Developments, LLC is an entity or individual with a principal
place of business at 216 South West Maclay Way, Port St. Lucie, Florida 34986. Defendant is
organized under the laws of Florida. Defendant built certain Subclass Members' homes and,
directly or through agents, installed defective drywall in these homes, which has resulted in harm
and damages to Subclass members as described herein.

1133. Defendant, Aranda Homes, Inc. is an entity or individual with a principal place of
business at 1310 SW 4th Terrace, Cape Coral, Florida 33991. Defendant is organized under the
laws of Florida. Defendant built certain Subclass Members' homes and, directly or through
agents, installed defective drywall in these homes, which has resulted in harm and damages to

217

Subclass members as described herein.

1134.  Defendant, Atchafalaya Homes is an entity or individual with a principal place of business at 4478 N.E. Evangeline Trwy., Carenero, Louisiana 70520.  Defendant is organized under the laws of Louisiana.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1135.  Defendant, Aubuchon Homes, Inc. is an entity or individual with a principal place of business at 4704 SE 9th Place, Cape Coral, Florida 33904.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1136.  Defendant, Avalon Building Corporation of Tampa Bay is an entity or individual with a principal place of business at 905 Martin Luther King Dr., Ste. 250, Tarpon Springs, Florida 34689.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1137.  Defendant, Avalon Preserve Developers, L.L.C. is an entity or individual with a principal place of business at 11854 Bayport Lane, Unit #3, Ft. Myers, Florida 33908.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1138.  Defendant, Banner Homes of Florida, Inc. is an entity or individual with a

218

principal place of business at 1049 W. Busch Blvd., Tampa, Florida 33612.  Defendant is

organized under the laws of Florida.  Defendant built certain Subclass Members' homes and,

directly or through agents, installed defective drywall in these homes, which has resulted in harm

and damages to Subclass members as described herein.

1139.  Defendant, Bass Homes, Inc. is an entity or individual with a principal place of

business at P.O. Box 344, Stapleton, Alabama 36578.  Defendant is organized under the laws of

Alabama.  Defendant built certain Subclass Members' homes and, directly or through agents,

installed defective drywall in these homes, which has resulted in harm and damages to Subclass

members as described herein.

1140. Defendant, Bay Colony-Gateway, Inc. has a service address at 24301 Walden

Center Dr., Ste. 300, Bonita Springs, Florida 34134.  Defendant is organized under the laws of

Florida.  Defendant built certain Subclass Members' homes and, directly or through agents,

installed defective drywall in these homes, which has resulted in harm and damages to Subclass

members as described herein.

1141.  Defendant, Baywood Construction, Inc. is an entity or individual with a principal

place of business at 3515 Del Prado Blvd., #107, Cape Coral, Florida 33990.  Defendant is

organized under the laws of Florida.  Defendant built certain Subclass Members' homes and,

directly or through agents, installed defective drywall in these homes, which has resulted in harm

and damages to Subclass members as described herein.

1142.  Defendant, BBL - Florida, LLC is an entity or individual with a principal place of

business at 22 Century Hill Drive, Ste. 201B, Latham, New York 12110.  Defendant is organized

under the laws of New York.  Defendant built certain Subclass Members' homes and, directly or

through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1143.   Defendant, Beazer Homes, Corp. is an entity or individual with a principal place of business at 1000 Abernathy Road, Ste. 1200, Atlanta, Georgia 30328.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1144.   Defendant, Belfor USA Group, Inc. has a service address at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.  Defendant is organized under the laws of Colorado.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1145. Defendant, Bell Construction has a service address at PO Box 322, Hermanville, Mississippi 39086.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1146.   Defendant, BJ&K Construction, Inc. is an entity or individual with a principal place of business at  970 West McNab Rd., Suite 210, Ft. Lauderdale, Florida  33309.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1147.  Defendant, Blanchard Homes, Inc. is an entity or individual with a principal place

of business at 10276 Devonshire Lake Drive, Tampa, Florida 33647. Defendant is organized

under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or

through agents, installed defective drywall in these homes, which has resulted in harm and

damages to Subclass members as described herein.

1148. Defendant, Brothers Properties, LA, LLC is an entity or individual with a principal

place of business at 3440 East St. Bernard Hwy., Meraux, Louisiana 70075. Defendant is

organized under the laws of Louisiana. Defendant built certain Subclass Members' homes and,

directly or through agents, installed defective drywall in these homes, which has resulted in harm

and damages to Subclass members as described herein.

1149. Defendant, Buras Construction, LLC has a service address at 102 Leighton Street,

Gretna, Louisiana 70053. Defendant is organized under the laws of Louisiana. Defendant built

certain Subclass Members' homes and, directly or through agents, installed defective drywall in

these homes, which has resulted in harm and damages to Subclass members as described herein.

1150. Defendant, C & N Construction Co., LLC is an entity or individual with a

principal place of business at 2739 Acron Avenue, Kenner, Louisiana 70062. Defendant is

organized under the laws of Louisiana. Defendant built certain Subclass Members' homes and,

directly or through agents, installed defective drywall in these homes, which has resulted in harm

and damages to Subclass members as described herein.

1151. Defendant, Carter Custom Homes, Inc. is an entity or individual with a principal

place of business at 3090 East Gause, Ste. 401, Slidell, Louisiana 70461. Defendant is organized

under the laws of Louisiana. Defendant built certain Subclass Members' homes and, directly or

through agents, installed defective drywall in these homes, which has resulted in harm and

damages to Subclass members as described herein.

1152.  Defendant, Centerline Homes at Tradition, LLC is an entity or individual with a principal place of business at 825 Coral Ridge Drive, Coral Springs, Florida 33071.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1153.  Defendant, Centerline Homes Construction, Inc. is an entity or individual with a principal place of business at 825 Coral Ridge Drive, Coral Springs, Florida 33071.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1154.    Defendant, Centerline Homes, Inc. is an entity or individual with a principal place of business at 825 Coral Ridge Drive, Coral Springs, Florida 33071.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1155.  Defendant, Completed Communities II, LLC is an entity or individual with a principal place of business at 825 Coral Ridge Drive, Coral Springs, Florida 33071.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1156. Defendant, Centerra Homes, LLC is an entity or individual with a principal place of business at 1050 Eagles Landing Parkway, Ste. 200, Stockbridge, Georgia 30281. Defendant is organized under the laws of Georgia. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1157. Defendant, Chase Construction, Inc. is an entity or individual with a principal place of business at 4237 South West 23rd Avenue, Cape Coral, Florida 33914. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1158. Defendant, Chateau Bourbon, LLC is an entity or individual with a principal place of business at 317 Magazine Street, New Orleans, Louisiana 70130. Defendant is organized under the laws of Louisiana. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1159. Defendant, Chateau Development, LLC has a service address at 61 Highpointe Drive, Hattiesburg, Mississippi 39402. Defendant is organized under the laws of Mississippi. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1160. Defendant, Cloutier Brothers, Inc. is an entity or individual with a principal place of business at 14248 Equestrian Way, West Palm Beach, Florida 33414. Defendant is organized

under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1161. Defendant, Comfort Home Builders, Inc. is an entity or individual with a principal place of business at 514 North East 16th Place - Unit #4, Cape Coral, Florida 33909. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1162. Defendant, Conti Construction Company, Inc. is an entity or individual with a principal place of business at 6660 Pine Forest Road, Pensacola, Florida 32526. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1163. Defendant, Core Construction, LLC is an entity or individual with a principal place of business at 555 NE 15th Street, 30-H, Miami, Florida 33132. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1164. Defendant, Cornerstone Builders, LLC is an entity or individual with a principal place of business at 1725 East Gause Boulevard, Ste. B, Slidell, Louisiana 70461. Defendant is organized under the laws of Louisiana. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm

224

and damages to Subclass members as described herein.

1165.  Defendant, Curtis Lee Wimberly General Contractor Incorporated is an entity or individual with a principal place of business at 12921 Brynwood Way, Naples, Florida 34105. Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1166.  Defendant, Custom Homes by Kaye, Inc. is an entity or individual with a principal place of business at 5979 Pine Ridge Road, Naples, Florida 34119.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1167.  Defendant, Cypress Builders, Inc. is an entity or individual with a principal place of business at 18028 Via Rio Road, Jupiter, Florida 33458.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1168.  Defendant, D.R. Horton, Inc. is an entity or individual with a principal place of business at 301 Commerce Street, Ste. 500, Fort Worth, Texas 76102.  Defendant is organized under the laws of Delaware.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1169.  Defendant, D.R. Horton, Texas, Ltd. is an entity or individual with a principal

225

place of business at 301 Commerce Street, #500, Fort Worth, Texas 76102. Defendant is organized under the laws of Texas. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1170. Defendant, Daniel Dae Loughy Homes, Inc. d/b/a Tropical Homes is an entity or individual with a principal place of business at 612 SW Port St. Lucie Blvd., Port St. Lucie, Florida 34952. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1171. Defendant, Dave Walker Construction, Inc. is an entity or individual with a principal place of business at 6161 Hidden Oaks Lane, Naples, Florida 34119. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1172. Defendant, David W. Stewart, Inc. is an entity or individual with a principal place of business at 53089 Highway 433, Slidell, Louisiana 70461. Defendant is organized under the laws of Louisiana. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1173. Defendant, Diamond Court Construction Co. is an entity or individual with a principal place of business at 2112 SE Bersell Road, Port St. Lucie, Florida 34952. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and,

226

directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1174.   Defendant, Dupont Builders, Inc. is an entity or individual with a principal place of business at 6442 Commerce Park Drive, Ste. 1, Ft. Myers, Florida 33966.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1175.   Defendant, Dupree Construction Co., LLC is an entity or individual with a principal place of business at 10626 Timberlake Avenue, Baton Rouge, Louisiana 70810. Defendant is organized under the laws of Louisiana.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1176.   Defendant, CB Dupree Construction, LLC is an entity or individual with a principal place of business at 10626 Timberlake Ave., Baton Rouge, Louisiana 70810. Defendant is organized under the laws of Louisiana.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1177.   Defendant, Horton Homes, Inc. is an entity or individual with a principal place of business at 101 Industrial Blvd., Eatonton, Georgia 31024.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

227

1178. Defendant, E. Jacob Construction, Inc. has a service address at 15735 Florida Boulevard, Baton Rouge, Louisiana 70819. Defendant is organized under the laws of Louisiana. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1179. Defendant, Eagle Builders, Inc. has a service address at 7009 Chinquapin Court, Picayune, Mississippi 39466. Defendant is organized under the laws of Mississippi. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1180. Defendant, Edwards Construction Company has a service address at 1860 Whippoorwill Road, Hartsville, South Carolina 29550. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1181. Defendant, Eric Bolden is an entity or individual with a principal place of business at Carlton Avenue, Mobile, Alabama 36607. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1182. Defendant, Federal Construction Specialist, Inc. has a service address at 5252 Norfolk, Shreveport, Louisiana 71107. Defendant is organized under the laws of Louisiana. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members

228

as described herein.

1183. Defendant, First Choice Homes of S.W. Florida, Inc. is an entity or individual with a principal place of business at 2610 Cape Coral Parkway West, Cape Coral, Florida 33914. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1184. Defendant, First Home Builders of Florida I, LLC is an entity or individual with a principal place of business at 12730 New Brittany Blvd., Ste. 407, Ft. Myers, Florida 33907. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1185. Defendant, First Home Builders, Inc. is an entity or individual with a principal place of business at 120 Colonial Blvd., Ste. 101, Ft. Myers, Florida 33907. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1186. Defendant, Fleetwood Homes of GA, Inc. is an entity or individual with a principal place of business at 147 Connector 206 NW, Douglas, GA 31543. Defendant is organized under the laws of Georgia. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1187. Defendant, Fleetwood Homes of Florida, Inc. is an entity or individual with a

229

principal place of business at 3125 Myers Street, Riverside, California 92503. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1188. Defendant, G & F Drywall is an entity or individual with a principal place of business at 2101 Standard Place, Chalmette, Louisiana 70043. Defendant is organized under the laws of Louisiana. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1189. Defendant, Gabourel's Construction, L.L.C. is an entity or individual with a principal place of business at 5024 Hastings, Metairie, Louisiana 70006. Defendant is organized under the laws of Louisiana. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1190. Defendant, Gant & Shivers is an entity or individual with a principal place of business at 1231 28th Street, Gulfport, Mississippi 39501. Defendant is organized under the laws of Mississippi. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1191. Defendant, Gatco Construction, Inc. is an entity or individual with a principal place of business at 5100 S. Cleveland Avenue, 318-347, Ft. Myers, Florida 33907. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and,

230

directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1192. Defendant, Grogan Construction and Real Estate, Inc. is an entity or individual with a principal place of business at 4992 Sagemeadow Cir. Hickory, North Carolina 28601-9120. Defendant is organized under the laws of North Carolina. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1193. Defendant, Groza Builders, Inc. is an entity or individual with a principal place of business at 511 SW Port St. Lucie Road, Port St. Lucie, Florida 34953. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1194. Defendant, Hanover Homes, Inc. is an entity or individual with a principal place of business at 2407 SW Monterrey Lane, Port St. Lucie, Florida 34953. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1195. Defendant, Hansen Homes of South Florida, Inc. is an entity or individual with a principal place of business at 1436 South East 16th Place, Cape Coral, Florida 33990. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

231

1196. Defendant, Heights Properties, L.L.C. is an entity or individual with a principal place of business at 8695 College Parkway, Ste. 255, Cape Coral, Florida 33904. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1197. Defendant, Heritage Homes, Inc. is an entity or individual with a principal place of business at 10127 Holsberry Road, Pensacola, Florida 32534. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1198. Defendant, Hilliard Butler Construction Company, Inc. is an entity or individual with a principal place of business at 5026 Par Four Drive, New Orleans, Louisiana 70128. Defendant is organized under the laws of Louisiana. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1199. Defendant, Holiday Builders, Inc. is an entity or individual with a principal place of business at 1801 Penn Street, Ste. 1A, Melbourne, Florida 32901. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1200. Defendant, Homes of Merit, Inc. is an entity or individual with a principal place of business at Bldg. 121 Bartow AFB, Bartown, Florida 33830. Defendant is organized under the

laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1201. Defendant, Hulsey-Nezlo Construction, L.L.C. is an entity or individual with a principal place of business at 346 Railroad Avenue, Albertville, Alabama 35950. Defendant is organized under the laws of Alabama. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1202. Defendant, Infinity Homes, Inc. is an entity or individual with a principal place of business at 5208 Hwy 90 West, Mobile, Alabama 36693. Defendant is organized under the laws of Alabama. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1203. Defendant, Inman Construction Services, Inc. has a service address at 618 Central Avenue, Jefferson, Louisiana 70121. Defendant is organized under the laws of Louisiana. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1204. Defendant, Ironwood Properties, Inc. is an entity or individual with a principal place of business at 202 SE 5th Avenue, Delray Beach, Florida 33483. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and

damages to Subclass members as described herein.

    1205.   Defendant, Jade Organization General Contractor, LLC is an entity or individual with a principal place of business at 2101 North Commerce Way, Weston, Florida 33326. Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

    1206.   Defendant, James Kayser is an entity or individual with a principal place of business at 2414 Welly Street, Prichard, Alabama 36610.  Defendant is organized under the laws of Alabama.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

    1207.   Defendant, Jim Korn Builders, LLC has a service address at 15094 Lorraine Road, Biloxi, Mississippi 39532.  Defendant is organized under the laws of Mississippi.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

    1208.   Defendant, Jim Walter Homes, Inc. has a service address at 2000 Interstate Drive, Ste. 204, Montgomery, Alabama 36109.  Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

    1209.   Defendant, Jim Walter Homes, LLC is an entity or individual with a principal

234

place of business at 4211 West Boy Scout Blvd., Ste, 1000, Tampa, Florida 33607. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1210. Defendant, John P. Gregg is an entity or individual with a principal place of business at 336 Driftwood Circle, Slidell, Louisiana 70458. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1211. Defendant, Johnson & Johnson Home Repairs, L.L.C. is an entity or individual with a principal place of business at 2712 Clover Street, New Orleans, Louisiana 70122. Defendant is organized under the laws of Louisiana. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1212. Defendant, JP Renovations, Inc. is an entity or individual with a principal place of business at 930 Gulf Drive, Gretna, Louisiana 70053. Defendant is organized under the laws of Louisiana. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1213. Defendant, K. Hovnanian First Homes, LLC is an entity or individual with a principal place of business at 110 West Front Street, Red Bank, New Jersey 07701. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm

and damages to Subclass members as described herein.

1214. Defendant, K&B Homes, Inc. is an entity or individual with a principal place of business at 1121 Lumsden Trace Circle, Valrico, Florida 33594. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1215. Defendant, Kaye Homes, Inc. is an entity or individual with a principal place of business at 5979 Pine Ridge Road, Naples, Florida 34119. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1216. Defendant, KB Home Florida, LLC is an entity or individual with a principal place of business at 10475 Fortune Pkwy, #100, Jacksonville, Florida 32256. Defendant is organized under the laws of Delaware. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1217. Defendant, KB Home Jacksonville, LLC is an entity or individual with a principal place of business at 10990 Wilshire Blvd., 7th Floor, Los Angeles, California 90024. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1218. Defendant, KB Home Tampa, LLC is an entity or individual with a principal place

236

of business at 3450 Buschwood Park Drive, #250, Tampa, Florida 33618. Defendant is organized under the laws of California. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1219. Defendant, KB Home Orlando, LLC is an entity or individual with a principal place of business at 9102 South Park Center Loop, Suite 140, Orlando, Florida 32819. Defendant is organized under the laws of Delaware. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1220. Defendant, KB Home/Shaw Louisiana, L.L.C. is an entity or individual with a principal place of business at 2711 Centerville Road, Ste. 400, Wilmington, Delaware 19808. Defendant is organized under the laws of Delaware. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1221. Defendant, KB Homes Fort Myers, LLC has a service address at 1201 Hays Street, Tallahassee, Florida 32301. Defendant is organized under the laws of Delaware. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1222. Defendant, KC2 Investments, LLC is an entity or individual with a principal place of business at 1625 North Commerce Parkway, Ste. No. 320, Weston, Florida 33326. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm

237

and damages to Subclass members as described herein.

1223.  Defendant, Kenneth B. Speights Construction Co. is an entity or individual with a principal place of business at 187 Walthall Avenue, Carson, Mississippi 39427.  Defendant is organized under the laws of Mississippi.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1224.  Defendant, Kenwood Homes, Inc. is an entity or individual with a principal place of business at 5610 Division Drive, Ft. Myers, Florida 33905.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1225.  Defendant, Kimball Hill Homes Florida, Inc. is an entity or individual with a principal place of business at 5999 New Wilke Rd., Ste. 504, Rolling Meadow, Illinois 60008.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1226.  Defendant, L.A. Homes, Inc. has a service address at 2604 Seagull Drive, Marrero, Louisiana 70072.  Defendant is organized under the laws of Louisiana.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1227.  Defendant, L'Oasis Builders Incorporated is an entity or individual with a principal place of business at 4754 130th Avenue N, Royal Palm Beach, Florida 33411.

238

Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1228. Defendant, L & J Builders, Inc. is an entity or individual with a principal place of business at 6 Intracoastal Way, Lake Worth, Florida 33460. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1229. Defendant, La Homes and Properties, Inc. is an entity or individual with a principal place of business at 2922 Oakland Road, Lakeland, Louisiana 70752. Defendant is organized under the laws of Louisiana. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1230. Defendant, Lakeridge Builders, Inc. is an entity or individual with a principal place of business at 1150 Lakeway Drive, Ste. 101, Lakeway, Texas 78734. Defendant is organized under the laws of Texas. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1231. Defendant, Laporte Family Properties, LLC is an entity or individual with a principal place of business at 950 West Causeway Approach, Mandeville, Louisiana 70471. Defendant is organized under the laws of Louisiana. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has

resulted in harm and damages to Subclass members as described herein.

1232. Defendant, Lavish Holding Corp. is an entity or individual with a principal place of business at 2070 N. Ocean Blvd., #3, Boca Raton, Florida 33431. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1233. Defendant, Lee Roy Jenkins Builder, Inc. is an entity or individual with a principal place of business at 37 Spruce, Covington, Louisiana 70433. Defendant is organized under the laws of Louisiana. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1234. Defendant, Legend Custom Builders, Inc. is an entity or individual with a principal place of business at 1429 Colonial Blvd., Ste. 201, Ft. Myers, Florida 33907. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1235. Defendant, Lennar Corporation is an entity or individual with a principal place of business at 700 NW 107 Avenue, Ste. 400, Miami, Florida 33172. Defendant is organized under the laws of Delaware. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1236. Defendant, Lennar Homes, LLC is an entity or individual with a principal place of

business at 700 NW 107th Avenue, Ste. 400, Miami, Florida 33172. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1237. Defendant, LPR Builders, Inc. is an entity or individual with a principal place of business at 1150 NW 72 Avenue, Ste. 501, Miami, Florida 33126. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1238. Defendant, LTL Construction, Inc. is an entity or individual with a principal place of business at 2601 East 4th Avenue, Tampa, Florida 33605 Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1239. Defendant, Lucas Construction Corporation has a service address at 5472 Louis Prima Drive West, New Orleans, Louisiana 70128. Defendant is organized under the laws of Louisiana. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1240. Defendant, M/I Homes, Inc. is an entity or individual with a principal place of business at 3 Easton Oval, Suite 500, Columbus, Ohio 43219 Defendant is organized under the laws of Ohio. Defendant built certain Subclass Members' homes and, directly or through agents,

installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1241. Defendant, MacGlen Builders, Inc. is an entity or individual with a principal place of business at 5985 South River Circle, Macclenny, Florida 32063. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1242. Defendant, Magnum Development, LLC is an entity or individual with a principal place of business at 6704 Kenwood Drive, North Port, Florida 34287. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1243. Defendant, Majestic Homes of Port St. Lucie, Inc. is an entity or individual with a principal place of business at 4061 Royal Palm Beach Boulevard, Royal Palm Beach, Florida 33411. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1244. Defendant, Maronda Homes, Inc. of Florida is an entity or individual with a principal place of business at 1383 St. Route 30, Clinton, Pennsylvania 15026. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

242

1245.  Defendant, Master Builders of South Florida, Inc. is an entity or individual with a principal place of business at 1400 E. Oakland Park Boulevard, Suite 210, Oakland Park, Florida 33334.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1246.  Defendant, Mat D Construction is an entity or individual with a principal place of business at 732 Carricox Street, Gretna, Louisiana 70053.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1247.  Defendant, McCar Homes - Tampa, LLC is an entity or individual with a principal place of business at 4125 Old Milton Parkway, Alpharetta, Georgia 30005.  Defendant is organized under the laws of Georgia.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1248.  Defendant, Meadows of Estero - Bonita Springs Ltd. P'ship, d/b/a Shelby Homes has a service address at NRAI Services, Inc., 2731 Executive Park Drive, Suite 4, Weston, Florida 33331.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1249.  Defendant, Medallion Homes, LLC is an entity or individual with a principal place of business at 6470 Briarcliff Road, Ft. Myers, Florida 33912  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through

agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1250.  Defendant, Medallion Homes Gulf Coast, Inc. is an entity or individual with a principal place of business at 2212 58th Avenue E, Brandenton, Florida 34203. Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1251.  Defendant, Meritage Homes of Florida, Inc. is an entity or individual with a principal place of business at 17851 North 85th Street, #300, Scottsdale, Arizona 85255. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1252.  Defendant, MGB Construction is an entity or individual with a principal place of business at 945 Sebastian Boulevard, Suite 4, Sebastian, Florida 32958. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1253.  Defendant, Mike Jones Construction, Inc. has a service address at 1054 Michael Road, Monroe, Georgia 30656. Defendant is organized under the laws of Georgia. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

244

1254.  Defendant, Miller Construction Company is an entity or individual with a principal place of business at 518 South 15th Street, Vincennes, Indiana 47591. Defendant is organized under the laws of Indiana. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1255.  Defendant, Mitchell Homes, Inc. is an entity or individual with a principal place of business at 41 W. Interstate 65, Service Road N., Mobile, Alabama 36608. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1256.  Defendant, Modern Construction Group, Inc. is an entity or individual with a principal place of business at 6530 Nina Rosa Drive, Orlando, Florida 32819. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1257.  Defendant, Monzelle Diles is an entity or individual with a principal place of business at 1925 Aubry Street, New Orleans, Louisiana 70116. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1258.  Defendant, MW Johnson Construction of Florida, Inc. is an entity or individual with a principal place of business at 17645 Juniper Path, Suite 100, Lakeville, Minnesota 55044. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members'

245

homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1259.  Defendant, Negotiable Remodeling is an entity or individual with a principal place of business at 17 Kerry Street, Carriere, Mississippi 39426. Defendant is organized under the laws of Mississippi. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1260.  Defendant, Oyster Bay Homes, Inc. is an entity or individual with a principal place of business at 4207 Lee Boulevard, Lehigh Acres, Florida 33971. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1261.  Defendant, Palm Isles Holdings, LLC is an entity or individual with a principal place of business at 888 Kingman Road, Homestead, Florida 33035. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1262.  Defendant, South Kendall Construction Corp. is an entity or individual with a principal place of business at 888 Kingman Road, Homestead, Florida 33035. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1263. Defendant, Paramount Quality Homes Corp. is an entity or individual with a principal place of business at 1597 South East Port Saint Lucie Boulevard, Port Saint Lucie, Florida 34952. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1264. Defendant, Parkview Homes Realty, Inc. is an entity or individual with a principal place of business at 12610 Race Track Road, Tampa, Florida 33626. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1265. Defendant, Parr-Self, Inc. is an entity or individual with a principal place of business at 2525 SE 20th Place, Cape Coral, Florida, 33904. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1266. Defendant, Patter Construction Services is an entity or individual with a principal place of business at 226 Basin School Road, Lucedale, Mississippi. Defendant is organized under the laws of Mississippi. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1267. Defendant, Pine Ridge Development, Inc. is an entity or individual with a principal place of business at 2209 Murphy Court, North Port, Florida 34289. Defendant is organized

under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1268. Defendant, Pine Ridge Real Estate Enterprises, LLC is an entity or individual with a principal place of business at 1311 Newport Center Drive West, Suite C, Deerfield Beach, Florida 33442. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1269. Defendant, Pod Homes, LLC is an entity or individual with a principal place of business at 1783 Four Mile Cove Parkway, Unit 246. Cape Coral, Florida 33990. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1270. Defendant, Premier Design Homes, Inc. is an entity or individual with a principal place of business at 11030 N. Kendall Drive, Suite 100, Miami, Florida 33176. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1271. Defendant, Pride Homes-of Lakes by the Bay - Parcel H, LLC is an entity or individual with a principal place of business at 12448 S.W. 127th Avenue, Miami, Florida 33186. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has

248

resulted in harm and damages to Subclass members as described herein.

1272. Defendant, Princeton Homes, Inc. is an entity or individual with a principal place of business at 500 Australian Avenue South, Suite 120, West Plam Beach, Florida 33401. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1273. Defendant, Pulte Home Corporation is an entity or individual with a principal place of business at 100 Bloomfield Hills Parkway, Suite 300, Bloomfield Hills, Michigan 48304. Defendant is organized under the laws of Michigan. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1274. Defendant, Pyramid Construction Corporation has a service address at 5501 Edenboro Road, New Orleans, Louisiana 70127. Defendant is organized under the laws of Louisiana. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1275. Defendant, Richard Jones Construction Company, Inc. is an entity or individual with a principal place of business at 190 Congress Park Drive, Suite 180, Delray Beach, Florida 33445. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1276. Defendant, Rivercrest, LLC/The St. Joe Company is an entity or individual with a

249

principal place of business at 245 Riverside Avenue, Suite 500, Jacksonville, Florida 32202. Defendant is organized under the laws of Delaware. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1277.  Defendant, RNB Construction has a service address at 14023 Denver West Parkway, Building 64, Suite 200, Golden, Colorado 80401. Defendant is organized under the laws of Colorado. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1278.  Defendant, Rocky Ruckman is an entity or individual with a principal place of business at 11367 Creel Circle, Gulport, Mississippi. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1279.  Defendant, Ross Home Builders, Inc. has a service address at Thomas C. Fry, Jr., 621 Cape Coral Pkwy., #2, Cape Coral, Florida, 33904. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1280.  Defendant, Russ Mills has a service address at 10160 I-10 Service Road, New Orleans, Louisiana 70127. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1281.  Defendant, Rylex Homes, Inc. is an entity or individual with a principal place of business at 5214 Hammock Circle, Saint Cloud, Florida 34771.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1282.  Defendant, S. Petersen Homes, Inc. is an entity or individual with a principal place of business at 1217 East Cape coral Parkway, Cape Coral, Florida 33904  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1283.  Defendant, S&D Specialists, Inc. is an entity or individual with a principal place of business at 12835 SW 46th Trail, Lake Butler, Florida 32054.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1284.  Defendant, SC Builders, LLC is an entity or individual with a principal place of business at 605 Codifer Boulevard, Metairie, Louisiana 70005.  Defendant is organized under the laws of Louisiana.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1285.  Defendant, Seaside Development, LLC has a service address at James Romains, 821 Hardy Avenue, Apt. E, Gulfport, Mississippi 39501.  Defendant is organized under the laws

251

of Mississippi. Defendant built certain Subclass Members' homes and, directly or through

agents, installed defective drywall in these homes, which has resulted in harm and damages to

Subclass members as described herein.

1286. Defendant, Sedgwick Developers, Inc. is an entity or individual with a principal

place of business at 11030 N. Kendall Drive, Suite 100, Miami, Florida 33126. Defendant is

organized under the laws of Florida. Defendant built certain Subclass Members' homes and,

directly or through agents, installed defective drywall in these homes, which has resulted in harm

and damages to Subclass members as described herein.

1287. Defendant, Shelby Homes, Inc. is an entity or individual with a principal place of

business at 2750 North East 185th Street, 2NF, Aventura, Florida 33180. Defendant is organized

under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or

through agents, installed defective drywall in these homes, which has resulted in harm and

damages to Subclass members as described herein.

1288. Defendant, Shoma Homes, Inc. is an entity or individual with a principal place of

business at 5835 Blue Lagoon Drive, 4th Floor, Miami, Florida 33126. Defendant is organized

under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or

through agents, installed defective drywall in these homes, which has resulted in harm and

damages to Subclass members as described herein.

1289. Defendant, Shoma Homes Splendido, Inc. is an entity or individual with a

principal place of business at 5835 Blue Lagoon Drive, 4th Floor, Miami, Florida 33126.

Defendant is organized under the laws of Florida. Defendant built certain Subclass Members'

homes and, directly or through agents, installed defective drywall in these homes, which has

resulted in harm and damages to Subclass members as described herein.

1290. Defendant, Signature Series Homes, Inc. is an entity or individual with a principal place of business at 4344 Chiquita Boulevard South, Cape Coral, Florida 33914. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1291. Defendant, Smith Family Homes Corporation is an entity or individual with a principal place of business at 5110 Eisenhower Boulevard, Suite 160, Tampa, Florida 33634. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1292. Defendant, Southern Homes, LLC is an entity or individual with a principal place of business at 1209 Orange Street, Wilmington, Delaware 19801. Defendant is organized under the laws of Delaware. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1293. Defendant, Springhill, LLC is an entity or individual with a principal place of business at 59101 Amber Street, Slidell, Louisiana 70461. Defendant is organized under the laws of Louisiana. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1294. Defendant, Adrian Kornman is an entity or individual with a principal place of

business at 2053 E. Gause Boulevard, Suite 200, Slidell, Louisiana 70461. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1295. Defendant, Southern Homes of Broward XI, Inc. is an entity or individual with a principal place of business at 12895 Southwest 132nd Street, Suite 200, Miami, Florida 33186. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1296. Defendant, Southern Star Construction Company, Inc. is an entity or individual with a principal place of business at 950 West Causeway Approach, Mandeville, Louisiana 70471. Defendant is organized under the laws of Louisiana. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1297. Defendant, Leroy Laporte, Jr. is an entity or individual with a principal place of business at 950 West Causeway Approach, Mandeville, Louisiana 70471. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1298. Defendant, Standard Pacific of South Florida GP, Inc. is an entity or individual with a principal place of business at 9900 South West 107th Avenue, Miami, Florida 33176. Defendant is organized under the laws of Delaware. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1299.  Defendant, Standard Pacific of Southwest Florida GP, Inc. is an entity or individual with a principal place of business at 5100 West Lemon Street, Suite 312, Tampa, Florida 33609. Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1300.  Defendant, Statewide Associates, Inc. is an entity or individual with a principal place of business at 5115 16th Avenue South, Tampa, Florida 33619.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1301.  Defendant, Steve Harrington Homes, Inc. is an entity or individual with a principal place of business at 2746 Greenridge Lane, Jay, Florida 32565.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1302.  Defendant, Steven R. Carter, Inc. is an entity or individual with a principal place of business at 3808 West San Nicholas Street, Tampa, Florida 33629.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1303.  Defendant, Stock Development, LLC is an entity or individual with a principal place of business at 2647 Professional Circle, Suite 1201, Naples. Florida  34119.  Defendant is

255

organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1304. Defendant, Suarez Housing Corporation is an entity or individual with a principal place of business at 9950 Princess Palm Avenue, #212, Tampa, Florida 33619. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1305. Defendant, Summit Homes, LLC n/k/a PHL Construction, LLC is an entity or individual with a principal place of business at 7525 Picardy Avenue, Suite 220, Baton Rouge, Louisiana 70808. Defendant is organized under the laws of Louisiana. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1306. Defendant, Sun Construction, LLC is an entity or individual with a principal place of business at 62250 West End Boulevard, Slidell, Louisiana 70461. Defendant is organized under the laws of Louisiana. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1307. Defendant, Sunrise Construction and Development, LLC is an entity or individual with a principal place of business at 62250 West End Boulevard, Slidell, Louisiana 70461. Defendant is organized under the laws of Louisiana. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has

resulted in harm and damages to Subclass members as described herein.

1308.  Defendant, Sunrise Homes is an entity or individual with a principal place of business at 62250 West End Boulevard, Slidell, Louisiana 70461.  Defendant is organized under the laws of Louisiana. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1309.  Defendant, Taylor Morrison, Inc. is an entity or individual with a principal place of business at 4900 N. Scottsdale Road, Suite 2000, Scottsdale, Arizona 85251.  Defendant is organized under the laws of Delaware.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1310.   Defendant, Taylor Morrison Services, Inc. is an entity or individual with a principal place of business at 4900 N. Scottsdale Road, Suite 2000, Scottsdale, Arizona 85251. Defendant is organized under the laws of Delaware. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1311.  Defendant, The Haskell Company is an entity or individual with a principal place of business at 111 Riverside Avenue, Jacksonville, Florida 32202.  Defendant is organized under the laws of Delaware. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1312.  Defendant, The Jade Organization, Inc. is an entity or individual with a principal

257

place of business at 2102 North Commerce Parkway, Weston, Florida 33326.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1313.  Defendant, The Ryland Group, Inc. is an entity or individual with a principal place of business at 24025 Park Sorrento, Suite 400, Calabasas, California 91302.  Defendant is organized under the laws of California.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1314.  Defendant, Thomas R. Gould, Inc. is an entity or individual with a principal place of business at 19 Teak Way Drive, Ocala, Florida 34472.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1315.  Defendant, Curington Contracting, Inc. is an entity or individual with a principal place of business at 2652 NE 24th Street, Ocala, Florida 34470.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1316.  Defendant, Thompson Wood Products, Inc. is an entity or individual with a service address at Charles Wayne Thompson and Barbara J. Thompson, 78290 Highway 1083, Bush, Louisiana 70431.  Defendant is organized under the laws of Louisiana.  Defendant built certain

Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1317. Defendant, Tillman Construction, Inc. is an entity or individual with a service address at Jerry Tillman, 570 Bradford Drive, Brandon, Mississippi 39047. Defendant is organized under the laws of Mississippi. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1318. Defendant, Timberline Homes is an entity or individual with a principal place of business at 1251 South Boulevard, Brewton, Alabama 36426. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1319. Defendant, Timberline Builders, Inc. is an entity or individual with a principal place of business at 3618 Del Prado Boulevard, Cape Coral, Florida 33904. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1320. Defendant, Toll Estero Ltd. Partnership d/b/a Toll Brothers is an entity or individual with a service address at CT Corporation System, 1200 S. Pine Island Road, Plantation, Florida 33324. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1321.  Defendant, Treasure Coast Communities, Inc. is an entity or individual with a principal place of business at 1798 Degroodt Road, Palm Bay, Florida 32910.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1322.  Defendant, Trust America Homes, Inc. is an entity or individual with a principal place of business at 5007 LaFrance Avenue, North Port, Florida 34291.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1323.  Defendant, United Home Builders, Inc. is an entity or individual with a service address at Joseph L. Sealey, 231 Del Prado Boulevard, Suite #11, Cape Coral, Florida 33990. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1324.  Defendant, United Homes, Inc. is an entity or individual with a principal place of business at 7975 NW 154th Street, Suite 400, Miami Lakes, Florida 33016.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1325.  Defendant, US Home Corporation, a Delaware Corporation is an entity or individual with a principal place of business at 700 NW 107th Avenue, Suite 400, Miami, Florida

33172. Defendant is organized under the laws of Delaware. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1326. Defendant, Veal Enterprises, Inc. is an entity or individual with a principal place of business at 117 South Rampart Street, New Orleans, Louisiana 70112. Defendant is organized under the laws of Louisiana. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1327. Defendant, Venture Homes is an entity or individual with a service address at Robert C. White, 1580 Terrell Mill Road, SE, Marietta, Georgia 30067. Defendant is organized under the laws of Louisiana. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1328. Defendant, Venus Street, LLC is an entity or individual with a principal place of business at 19080 NE 29th Avenue, Aventura, Florida 33180. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1329. Defendant, Waterways Joint Venture IV is an entity or individual with a principal place of business at 15122 Summit Place Circle, Naples, Florida 34119. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and

damages to Subclass members as described herein.

1330.  Defendant, Waterways Joint Venture IV, LLC is an entity or individual with a principal place of business at 15013 Summit Place Circle, Naples, Florida 34119.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1331.  Defendant, WB Construction Company, Inc. is an entity or individual with a principal place of business at 18465 Tulip Road, Fort Myers, Florida 33967.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1332.  Defendant, Wellington Shores-Wellington Limited Partnership is an entity or individual with a principal place of business at 1401 Broward Boulevard, Suite 302, Ft. Lauderdale, Florida 33301.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1333.  Defendant, Westerheim Properties, Inc. is an entity or individual with a principal place of business at 3108 Brittany Court, Pensacola, Florida 32504.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1334.  Defendant, William P. Joseph, Jr. Construction, Inc. is an entity or individual with

262

a principal place of business at 860 N. Street, Jackson, Mississippi 39209. Defendant is organized under the laws of Mississippi. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

1335. Defendant, Woodland Enterprises, Inc. is an entity or individual with a principal place of business at 15592 Jupiter Farms Road, Jupiter, Florida 33478. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

### The Contractor/Installer Defendants

1336. Defendant, Aced Interior Drywall, Inc. is an entity or individual with a principal place of business at 2204 North East 25th Terrace, Cape Coral, Florida 33909. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1337. Defendant, Aggies First Call Contractors is an entity or individual with a principal place of business at 4056 Monterey Drive, Montgomery, Alabama. Defendant is organized under the laws of Alabama. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1338. Defendant, B&B Stucco, Inc. is an entity or individual with a principal place of business at 12244 Treeline Avenue #10, Fort Myers, Florida 33913. Defendant is organized

under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1339. Defendant, Baron Construction Co. is an entity or individual with a principal place of business at 749 Huckleberry Lane, Terrytown, Louisiana 70056. Defendant is organized under the laws of Louisiana. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1340. Defendant, Beta Drywall, LLC is an entity or individual with a principal place of business at 6586 Hypoluxo Road, #306, Lake Worth, Florida 33467. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1341. Defendant, Billy Wayne Goekler is an entity or individual with a principal place of business at 18391 Amanda Lane, Saucier, Mississippi 39574. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1342. Defendant, Brandon Gremillion is an entity or individual with a principal place of business at 2209 Aramis Drive, Meaux, Louisiana 70043. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1343. Defendant, Brent Garrod Drywall, Inc. is an entity or individual with a principal

place of business at 4271 James Street, Port Charlotte, Florida 33980. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1344. Defendant, Brian Saltamachia is an entity or individual with a principal place of business at 3721 East Louisiana Street, Kenner, Louisiana 70065. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1345. Defendant, Burnon Properties, LLC is an entity or individual with a principal place of business at 1096 Forrest Ridge Loop, Pearl River, Louisiana 70452. Defendant is organized under the laws of Louisiana. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1346. Defendant, By George, Inc. is an entity or individual with a principal place of business at 7606 North West 18 Place, Margate, Florida 33063. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1347. Defendant, C.A. Steelman, Inc. is an entity or individual with a principal place of business at 2271 Bruner Lane, Suite 5, Fort Myers, Florida 33912. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to

Subclass Members.

1348.  Defendant, C.L. Paul Plastering, Inc. is an entity or individual with a principal place of business at 17490 East Street, Unit 3, North Fort Myers, Florida 33917.  Defendant is organized under the laws of Florida.  Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1349.  Defendant, Capital Construction is an entity or individual with a principal place of business at 336 Coosada Ferry Road, Montgomery, Alabama 36110.  Defendant is organized under the laws of Alabama.  Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1350.  Defendant, Cemex, Inc. (Formerly CRS Rinker) is an entity or individual with a principal place of business at 840 Gessner Street, Suite 1400, Houston, Texas 77024.  Defendant is organized under the laws of Louisiana.  Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1351.  Defendant, Chavez is an entity or individual with a principal place of business at 214 Cotton Street, Metairie, Louisiana 70005. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1352.  Defendant, CMH Manufacturing, Inc. is an entity or individual with a principal place of business at Waco 2, 7001 Imperial Drive, Waco, Texas 76712.  Defendant is organized

under the laws of Texas. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1353. Defendant, Colvin Homes, Inc. is an entity or individual with a principal place of business at 2533 Windward Drive, Gautier, Mississippi 39553. Defendant is organized under the laws of Mississippi. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1354. Defendant, Continental Classic Construction, Inc. is an entity or individual with a principal place of business at 2386 Chapel Hill Drive, Mobile, Alabama 36695. Defendant is organized under the laws of Alabama. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1355. Defendant, Coral Plastering & Wall Systems, Inc. is an entity or individual with a principal place of business at 1820 South West 46th Terrace, Cape Coral, Florida 33914. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1356. Defendant, Dave's Drywall is an entity or individual with a principal place of business at 190 Pine Street, Monroeville, Alabama 36560. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1357.  Defendant, DeLaCruz Drywall, Plastering & Stucco, Inc. is an entity or individual with a principal place of business at 322 Gunnery Road, Suite C, Lehigh Acres, Florida 33971. Defendant is organized under the laws of Florida.  Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1358.  Defendant, Deloach Corporation is an entity or individual with a principal place of business at 18911 Santa Maria Drive, Baton Rouge, Louisiana 70809.  Defendant is organized under the laws of Louisiana.  Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1359.  Defendant, Done-Rite Construction is an entity or individual with a principal place of business at 155 Jean Street, Montgomery, Alabama 36107.  Defendant is organized under the laws of Alabama.  Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1360.  Defendant, Drywall Done Right is an entity or individual with a principal place of business at P. O. Box 374, Holden, Alabama 70744.  Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1361.  Defendant, Dwayne Williams is an entity or individual with a principal place of business at 2405 Linwood Drive, Gautier, Mississippi 39553.  Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members,

which has resulted in harm and damages to Subclass Members.

1362.  Defendant, Dynamic Contractors is an entity or individual with a service address of 425 Heart D. Farm Road. Youngsville, Louisiana 70592.  Defendant is organized under the laws of Louisiana.  Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1363.  Defendant, Ed's Drywall & Construction is an entity or individual with a principal place of business at 3109 Feliciana Street, New Orleans, Louisiana 70126.  Defendant is organized under the laws of Louisiana.  Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1364.  Defendant, First Choice Drywall Services, Inc. is an entity or individual with a principal place of business at 17580 Cypress Point Road, Fort Myers, Florida 33912.  Defendant is organized under the laws of Florida.  Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1365.  Defendant, Florida Style Services, Inc. is an entity or individual with a principal place of business at 26475 Eagle Boulevard, Punta Gorda, Florida 33950.  Defendant is organized under the laws of Florida.  Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1366.  Defendant, G. Drywalls Corporation is an entity or individual with a principal

269

place of business at 12951 South West 124th Street, Miami, Florida 33186. Defendant is

organized under the laws of Florida. Upon information and belief, Defendant constructed or

installed defective drywall in the homes of certain Subclass Members, which has resulted in harm

and damages to Subclass Members.

1367. Defendant, United Drywall & Stucco, Inc. is an entity or individual with a

principal place of business at 4040 16th Avenue East, Naples, Florida 34117. Defendant is

organized under the laws of Florida. Upon information and belief, Defendant constructed or

installed defective drywall in the homes of certain Subclass Members, which has resulted in harm

and damages to Subclass Members.

1368. Defendant, George Meza is an entity or individual with a principal place of

business at 4824 Belle Drive, Metairie, Louisiana 70006. Upon information and belief,

Defendant constructed or installed defective drywall in the homes of certain Subclass Members,

which has resulted in harm and damages to Subclass Members.

1369. Defendant, Gulf South Drywall is an entity or individual with a principal place of

business at 9551 Lancaster Road, Theodore, Alabama 36582. Defendant is organized under the

laws of Alabama. Upon information and belief, Defendant constructed or installed defective

drywall in the homes of certain Subclass Members, which has resulted in harm and damages to

Subclass Members.

1370. Defendant, HC Seals Drywall Partners is an entity or individual with a principal

place of business at 125 George Mitchell Road, Carriere, Mississippi 39426. Defendant is

organized under the laws of Mississippi. Upon information and belief, Defendant constructed or

installed defective drywall in the homes of certain Subclass Members, which has resulted in harm

and damages to Subclass Members.

1371.  Defendant, Hendrickson Contracting is an entity or individual with a principal place of business at 981 Gum Pond Beall Road, Lumberton, Mississippi 39455.  Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1372.  Defendant, Interior-Exterior is an entity or individual with a principal place of business at 7350 E. Industrial, Baton Rouge, Louisiana 70805.  Defendant is organized under the laws of Louisiana.  Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1373.  Defendant, J&S Drywall is an entity or individual with a principal place of business at 68491 Martha Drive, Pearl River, Louisiana 70452.  Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1374.  Defendant, J.B. Homes, Inc. is an entity or individual with a principal place of business at 2319 E. 15th Street, Cedar Grove, Florida 32401.  Defendant is organized under the laws of Florida.  Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1375.  Defendant, Jacob Chapman is an entity or individual with a principal place of business at 62 Ormond Place, Destrehan, Louisiana 70047.  Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members,

which has resulted in harm and damages to Subclass Members.

1376. Defendant, James Walker is an entity or individual with a principal place of business at 1110 State Street, Mobile, Alabama 36603. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1377. Defendant, Jay 37 Construction, LLC is an entity or individual with a principal place of business at 3443 Howze Street, Moss Point, Mississippi 39563. Defendant is organized under the laws of Mississippi. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1378. Defendant, Jeff Laporte is an entity or individual with a principal place of business at 2157 Third Street, Suite E, Manderville, Louisiana 70471. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1379. Defendant, M&M Construction is an entity or individual with a principal place of business at P. O. Box 5294, Vancleave, Mississippi 39565. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1380. Defendant, John Kidd is an entity or individual with a principal place of business at Camcal Street, Mobile, Alabama 36610. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1381. Defendant, Johnny Weary is an entity or individual with a principal place of business at 616 Lincerne Street, Bogalusa, Louisiana 70427. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1382. Defendant, Karr Drywall, Inc. is an entity or individual with a principal place of business at 3550 Work Drive, Suite B-9, Ft. Myers, Florida 33916. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1383. Defendant, Kelley Drywall, Inc. is an entity or individual with a principal place of business at 13755 115 Street, Fellsmere, Florida 32948. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1384. Defendant, Kenneth Campo is an entity or individual with a principal place of business at 1301 Yslockey Highway, Saint Bernard, Louisiana 70085. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1385. Defendant, Lawrence McCorvey is an entity or individual with a principal place of business at 1825 Claussel Road, Monroeville, Alabama 36460. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1386. Defendant, Leon Ramsey is an entity or individual with a principal place of business at 192 Music Road, Monroe, Louisiana 71203. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1387. Defendant, Magnolia State Construction, Inc. is an entity or individual with a principal place of business at 8103 Fairway Villa Drive, Gautier, Mississippi 39553. Defendant is organized under the laws of Mississippi. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1388. Defendant, Maguel Torez is an entity or individual with a principal place of business at 1629 Choctaw Street, New Orleans, Louisiana 70017. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1389. Defendant, Mario Salvana is an entity or individual with a principal place of business at 3120 St. Phillip Street, New Orleans, Louisiana 70119. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1390. Defendant, Martinez Drywall & Painting, LLC is an entity or individual with a service address of 112 Reedy River Way, Greenville, South Carolina 29606. Defendant is organized under the laws of South Carolina. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1391. Defendant, MATSA Construction is an entity or individual with a principal place of business at 14167 SW 143 Court, Miami, Florida 33186. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1392. Defendant, McLean Drywall is an entity or individual with a principal place of business at 508 Bear Park Trail, Blue Ridge, Georgia 30513. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1393. Defendant, Meeks Drywall & Stucco, Inc. is an entity or individual with a service address of 1017 SW 12 Avenue, Unit F, Cape Coral, Florida 33990 Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1394. Defendant, Banner Supply Company Ft. Myers, LLC is an entity or individual with a principal place of business at 2910 Cargo Street, Fort Myers, Florida 33916. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1395. Defendant, Michael Hownrd is an entity or individual with a service address of Route 1, Box 169, Escatawpa, Mississippi 39552. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has

resulted in harm and damages to Subclass Members.

1396. Defendant, Norman Gannon is an entity or individual with a principal place of business at 32 Napoleon Circle, Brandon, Mississippi 39047. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1397. Defendant, NuWay Drywall, LLC is an entity or individual with a service address of c/o Alex Rivera, 384 Snapdragon Loop, Brandenton, Florida 34212. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1398. Defendant, O.C.D. of S. Florida, Inc. is an entity or individual with a principal place of business at 3431 SW 11 St., #11, Deerfield Beach, Florida 33442. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1399. Defendant, Mesa Construction Group, Inc. is an entity or individual with a principal place of business at 7300 SW 8 Court, N. Lauderdale, Florida 33068. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1400. Defendant, Paul England Construction is an entity or individual with a principal place of business at 4503 Chippewa Avenue, Pascagoula, Mississippi 39581. Upon information

276

and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1401. Defendant, P.D.C. Drywall Contractors, Inc. is an entity or individual with a principal place of business at 3458 SE Gran Parkway, Stuart, Florida 34997. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1402. Defendant, Precision Drywall, Inc. is an entity or individual with a principal place of business at 352 Tall Pines Road, West Palm Beach, Florida 33414. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1403. Defendant, R&B Housing, LLC is an entity or individual with a principal place of business at 401 Oakwood Street, Boissier City, Louisiana 71111. Defendant is organized under the laws of Louisiana. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1404. Defendant, Ray Horvath Drywall, Inc. is an entity or individual with a principal place of business at 10155 NE 101st Street, Okeechobee, Florida 34972. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1405. Defendant, Redman Homes, Inc. is an entity or individual with a principal place of business at 2550 Walnut Hill Lane, Suite 200, Dallas, Texas 75229. Defendant is organized under the laws of Delaware. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1406. Defendant, Residential Drywall, Inc. is an entity or individual with a principal place of business at 9237 Lazy Lane, Tampa, Florida 33614. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1407. Defendant, RJL Drywall, Inc. is an entity or individual with a principal place of business at 8181 Bayshore Road, Fort Myers, Florida 33917. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1408. Defendant, Roman Gonzalez is an entity or individual with a principal place of business at 3232 Sugar Mill Road, Kenner, Louisiana 70065. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1409. Defendant, Sands Construction Group, LLC is an entity or individual with a principal place of business at 6230 SW 58th Street, Miami, Florida 33143. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or

278

installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1410. Defendant, Sorrento Lumber Co., Inc. is an entity or individual with a principal place of business at 9563 Airline Highway, Sorrento, Louisiana 70778. Defendant is organized under the laws of Louisiana. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1411. Defendant, Space Coast Truss, LLC is an entity or individual with a principal place of business at 6905 North Wickman Road, Suite 501, Melbourne, Florida 32940. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1412. Defendant, Speedy Drywall is an entity or individual with a service address of 600 Justice Court, Marrero, Louisiana 70072. Defendant is organized under the laws of Louisiana. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1413. Defendant, Steve Suchmel is an entity or individual with a principal place of business at 14181 Joe Blatt Road, Biloxi, Mississippi 39565. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1414. Defendant, Stewart's Remodeling & Electrical is an entity or individual with a principal place of business at 4201 Iola Street, Metairie, Louisiana 70001. Upon information and

279

belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1415. Defendant, Swedberg Enterprises, Inc. is an entity or individual with a principal place of business at 8811 State Road, Suite 26, Hudson, Florida 34667. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1416. Defendant, Titan Demolition & Construction, LLC is an entity or individual with a principal place of business at 32 Adin Drive, Mandeville, Louisiana 70471. Defendant is organized under the laws of Louisiana. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1417. Defendant, Total Community Action is an entity or individual with a principal place of business at 1420 S. Jefferson Davis Parkway, New Orleans, Louisiana 70125. Defendant is organized under the laws of Louisiana. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1418. Defendant, Victor Bustillos is an entity or individual with a principal place of business at 4868 Orleans Way, Lot 47, Marrero, Louisiana 70072. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1419. Defendant, VP Construction Services, Inc. is an entity or individual with a service

address of 9101 S. Urbana, Unit 2F, Tulsa, Oklahoma 74137 . Defendant is organized under the laws of Oklahoma. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1420. Defendant, Walter Ferri is an entity or individual with a principal place of business at P. O. Box 981, Saucier, Mississippi 39540. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1421. Defendant, William Hurst is an entity or individual with a principal place of business at 1950 Magazine Road, Mobile, Alabama 36610. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

1422. Defendant, Willie Kelly Construction Co. is an entity or individual with a principal place of business at 1020 Nancy Place, Gulfport, Mississippi 39503. Defendant is organized under the laws of Mississippi. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

## FACTS REGARDING PRODUCT DEFECT

1423. Upon information and belief, Defendants' drywall contains gypsum.

1424. In "defective drywall" (such as that designed, manufactured, exported, imported, distributed, delivered, supplied, inspected, installed, marketed, and/or sold by Defendants herein), the gypsum and other components of the product break down and release sulfides and

other noxious gases that are then emitted (or "off-gassed") from the drywall.

1425.  Sulfides and other noxious gases, such as those emitted from Defendants' drywall, cause corrosion and damage to personal property (such as air conditioning and refrigerator coils, faucets, utensils, electrical wiring, copper, electronic appliances and other metal surfaces and property).

1426.  Exposure to sulfide and other noxious gases, such as those emitted from Defendants' drywall, causes personal injury resulting in eye irritation, sore throat and cough, nausea, fatigue, shortness of breath, fluid in the lungs, and/or neurological harm.

1427.  As a direct and proximate result of Defendants' actions and omissions, Plaintiffs' and the Class Members' structures, personal property, and bodies have been exposed to Defendants' defective and unfit drywall and the corrosive and harmful effects of the sulfide and other noxious gases being released from Defendants' defective drywall.

1428.  Defendants tortiously manufactured, exported, imported, distributed, delivered, supplied, inspected, installed, marketed and/or sold the defective drywall, which was unfit for its intended purpose and unreasonably dangerous in its normal use in that the drywall caused corrosion and damage to personal property in Plaintiffs' and Class Members' homes, residences or structures and/or caused personal injury resulting in eye irritation, a sore throat and cough, nausea, fatigue, shortness of breath, fluid in the lungs, and/or neurological harm.

1429.  Defendants recklessly, wantonly, and/or negligently manufactured, exported, imported, distributed, delivered, supplied, inspected, installed, marketed and/or sold the defective drywall at issue in this litigation.

1430.  Defendants recklessly, wantonly and/or negligently implement faulty, procedures

282

for purposes of formulating, preparing, testing, and otherwise ensuring the quality and/or character of the defective drywall at issue in this litigation.

1431.  As a direct and proximate result of Defendants' defective and unfit drywall and the corrosive and harmful effects of the sulfide and other noxious gases being released from these products, Plaintiffs and Class Members have suffered, and continue to suffer economic harm and/or personal injury.

1432.  As a direct and proximate result of Defendants' defective and unfit drywall and the corrosive and harmful effects of the sulfide and other noxious gases being released from these products, the Plaintiffs and the Class Members have suffered, and continue to suffer damages. These damages include, but are not limited to, costs of inspection; costs and expenses necessary to remedy, replace and remove the defective drywall and other property that has been impacted; lost value or devaluation of their homes, residences or structures and property as a direct result of damage caused to the property and indirect damage resulting from perceived defects to the property, including stigma damages; loss of use and enjoyment of their home and property; and/or damages associated with personal injuries.

1433.  As a direct and proximate result of Defendants' defective and unfit drywall and the corrosive and harmful effects of the sulfide and other noxious gases being released from these products, Plaintiffs and the Class Members have been exposed to toxic gases, suffered personal injury, have been placed at an increased risk of disease, and have need for injunctive relief in the form of repair and remediation of their home, recision of their home purchase contracts, the ordering of emergency/corrective notice, the ordering of environmental testing and monitoring, and/or the ordering of medical monitoring.

## DEFENDANTS HAVE FRAUDULENTLY CONCEALED THEIR IDENTITIES

1434.  The defective Chinese drywall that is installed in Plaintiffs' homes was designed, manufactured, exported, imported, distributed, delivered, supplied, inspected, marketed, and/or sold by certain unknown defendants.

1435.  Plaintiffs have been unable to identify the manufacturer and/or certain other parties in the chain of distribution of the defective drywall in their homes since the Defendants have marketed their products in a manner designed to conceal their identity. That is, there are no markings on the drywall that can be used to identify the manufacturer.

1436.  Notwithstanding the lack of any information that can be used to track the defective drywall to a particular manufacturer, there are other factors that demonstrate that Plaintiffs have defective Chinese manufactured drywall in their homes. For instance, Plaintiffs have detected bad odors, witnessed instances of corrosion, observed markings such as "made in China", and have experienced headaches and other personal injuries that are commonly associated with the defective Chinese manufactured drywall at issue in this litigation.

1437.  Plaintiffs, and Plaintiffs alone, have engaged in a genuine and diligent effort to identify the manufacturers and other parties connected to the distribution of the defective drywall in this litigation with limited success due to the inherent inability to identify the manufacturer of the product that caused them harm. This inability to identify the product manufacturer results from the Defendants' deliberate distribution of the defective Chinese drywall in a manner that makes it difficult and/or impossible for consumers to determine the source of the drywall.

1438.  For instance, Defendants concealed the origin of the defective Chinese drywall by distributing it without any packaging and/or markings that can be used to track the product to a

284

specific manufacturer, supplier, distributor, etc. By way of example, certain manufacturers have deliberately engaged in subterfuge by marking their drywall as "made in China" without any corresponding markings identifying that defendant as the manufacturer of the drywall in question. The Plaintiffs Steering Committee ("PSC") has identified several such unidentifiable markings that have been made of record in accordance with PTO 10.

1439. Defendants engaged in a course of conduct, individually and/or collectively, that caused the Plaintiffs' and Class Members' exposure to the defective drywall at issue in this litigation by virtue of their interdependent conscious parallel conduct in the manufacture, exporting, importing, distribution, delivery, supply, inspection, marketing, and/or sale of the defective drywall at issue in this litigation. Defendants' parallel conduct suggests their common behavior was not the result of idiosyncratic decision making.

1440. By information and belief, certain of the foreign defendants have positioned themselves in a manner designed to avoid or evade liability for their role in causing the manufacture, exporting, importing, distribution, delivery, supply, marketing, and/or sale of the defective drywall at issue in this litigation by making it difficult for injured consumers (located in the United States) to accomplish service on them. Such foreign defendants are seemingly attempting to avoid responsibility for their tortious conduct.

**CLASS ACTION ALLEGATIONS**

1441. Because Plaintiffs have been able to identify some, but not all, or the non-manufacturing defendants in the chain of distribution of the defective drywall in their homes, Plaintiffs are asserting class claims against the *Gross* defendants. To the extent Plaintiffs have identified parties responsible for the sale, distribution, supply, marketing, inspecting, importing,

285

exporting, brokering, or delivery of the defective drywall in their homes, Plaintiffs are

participating in subclasses against these parties.

1442. For those Intervening plaintiffs that have been unable to identify any of the non-

manufacturing defendants in the chain of distribution of the defective drywall in their homes,

these Plaintiffs are not participating in any subclass at this time.

### The *Gross* Class

1443. All Plaintiffs bring this suit as a class action pursuant to Rules 23(a), (b)(1), (b)(2),

(b)(3) and/or 23(c)(4) of the Federal Rules of Civil Procedure, on behalf of themselves and the

following Class comprised of:

> All owners and residents (past or present) of real property located
> in the United States containing defective Chinese drywall
> manufactured, sold, distributed, supplied, marketed, inspected,
> imported, exported, brokered, or delivered by the *Gross*
> Defendants.

### The Distributor/Supplier/Importer/Exporter/Broker Subclasses (Subclasses 1-52)

1444. The representative Plaintiffs with claims against their distributors/suppliers, set

forth in the attached Schedule "1" (the alignment of Plaintiffs and Defendants is depicted in

Schedule 1 for each subclass), assert subclasses pursuant to Rules 23(a), (b)(1), (b)(2), (b)(3)

and/or 23(c)(4) of the Federal Rules of Civil Procedure, on behalf of themselves and those

similarly situated, against the distributors/suppliers for whom they have standing. The

designated Plaintiffs in Schedule 1 define their subclasses to be as follows:

> All owners and residents (past or present) of real property located
> in the United States containing defective Chinese drywall that was
> sold, distributed, supplied, marketed, inspected, imported,
> exported, brokered, or delivered by each defendant identified in
> Schedule 1.

286

1445.  The Distributor/Supplier/Importer/Exporter/Broker subclasses identified in

Schedule 1 are comprised as follows:

| | |
|---|---|
| Subclass #1: | 84 Lumber Company, LP |
| Subclass #2: | Ace Home Center, Inc. |
| Subclass #3: | All County Drywall Services, Inc. |
| Subclass #4: | Bailey Lumber & Supply Co. |
| Subclass #5: | Bailey Lumber & Supply Company of Biloxi |
| Subclass #6: | Banner Supply Co. |
| Subclass #7: | Banner Supply Company Fort Myers, LLC |
| Subclass #8: | Banner Supply Company Pompano, LLC |
| Subclass #9: | Baron Construction Co. |
| Subclass #10: | Bayou Building Products, LLC |
| Subclass #11: | Black Bear Gypsum Supply, Inc. |
| Subclass #12: | Boyle Lumber Company |
| Subclass #13: | Bradford Lumber & Supply , Inc. |
| Subclass #14: | Brent Garrod Drywall, Inc. |
| Subclass #15: | Building Supply House, LLC |
| Subclass #16: | C&L Roofing and Remodeling |
| Subclass #17: | Cajun Construction & Design, Inc. |
| Subclass #18: | Capitol Materials, Incorporated |
| Subclass #19: | Delta Lumber Co. Building Supply |
| Subclass #20: | Devon International Group, Inc. |

| Subclass #21: | Everglades Lumber and Building Supplies, LLC |
| Subclass #22: | Garraway's Stores, Inc. |
| Subclass #23: | Gator Gypsum, Inc. |
| Subclass #24: | Global Trading of Louisiana, LLC |
| Subclass #25: | Gulf Coast Drywall Building Products, LLC |
| Subclass #26: | Gulf Coast Shelter, Inc. |
| Subclass #27: | Gulf Coast Supply, Inc. |
| Subclass #28: | Hartsville Lumber & Barns, Inc. |
| Subclass #29: | HLP/GAC International, Inc. |
| Subclass #30: | Holmes Building Materials, LLC |
| Subclass #31: | Home Depot USA, Inc. |
| Subclass #32: | Interior Exterior Building Supply, LP |
| Subclass #33: | Interior Exterior Enterprises, LLC |
| Subclass #34: | L&W Supply Corporation d/b/a Seacoast Supply Company |
| Subclass #35: | Lowe's Home Centers, Inc. |
| Subclass #36: | Marvins Building Materials and Home Centers |
| Subclass #37: | Mazer's Discount Home Centers, Inc. |
| Subclass #38: | North Pacific Group |
| Subclass #39: | Oakwood Mobile Homes, Inc. |
| Subclass #40: | Ocean Springs Lumber Company, L.L.C. |
| Subclass #41: | Pate Stevedore Company of Pensacola |
| Subclass #42: | PFS Corporation |

288

Subclass #43:       Picayune Discount Building Supply

Subclass #44:       Port of Pensacola Users Association, Inc.

Subclass #45:       R & H Masonry Contractors, Inc.

Subclass #46:       Renfrow Insulation & Supply

Subclass #47:       Renfrow Insulation 1

Subclass #48:       Shelter Products, Inc.

Subclass #49:       Smoky Mountain Materials, Inc.

Subclass #50:       Speights Cash & Carry

Subclass #51:       Stine Lumber, LLC

Subclass #52:       W.B. Howland Co., L.L.C.

**The Builder/Developer Subclasses (Subclasses 53-269)**

1446. The representative Plaintiffs with claims against their builders/developers, set forth in the attached Schedule "2" (the alignment of Plaintiffs and Defendants is depicted in Schedule 2 for each subclass), assert subclasses pursuant to Rules 23(a), (b)(1), (b)(2), (b)(3) and/or 23(c)(4) of the Federal Rules of Civil Procedure, on behalf of themselves and those similarly situated, against the builders/developers for whom they have standing. The designated Plaintiffs in Schedule 2 define their subclasses to be as follows:

> All owners and residents (past or present) of real property located in the United States containing defective Chinese drywall where each of the defendants identified in Schedule 2 was the builder or developer of the property.

1447. The builder/developer subclasses identified in Schedule 2 are comprised as follows:

Subclass #53:        A & C Development, LLC

Subclass #54:        Aarco, LLC

Subclass #55:        Aburton Homes, Inc.

Subclass #56:        Adam Homes Realty, Inc.

Subclass #57:        Adams Homes of Northwest Florida, Inc.

Subclass #58:        Adams Homes Realty, Inc.

Subclass #59:        Adrian Komman

Subclass #60:        Advantage Builders of America, Inc. a/k/a Advantage Builders of

                    SWFL, Inc.

Subclass #61:        Albanese-Popkin The Oaks Development Group, L.P.

Subclass #62:        Albert Howard, Jr.

Subclass #63:        American Gallery Development Group, LLC

Subclass #64:        Amerisouth, Inc.

Subclass #65:        Andre Rodgers, Carpenter

Subclass #66:        Angel Developments, LLC

Subclass #67:        Aranda Homes, Inc.

Subclass #68:        Atchafalaya Homes

Subclass #69:        Aubuchon Homes, Inc.

Subclass #70:        Avalon Building Corporation of Tampa Bay

Subclass #71:        Avalon Preserve Developers, L.L.C.

Subclass #72:        Banner Homes of Florida, Inc.

Subclass #73:        Bass Homes, Inc.

Subclass #74:          Bay Colony-Gateway, Inc.

Subclass #75:          Baywood Construction, Inc.

Subclass #76:          BBL - Florida, LLC

Subclass #77:          Beazer Homes Corp.

Subclass #78:          Belfor USA Group, Inc.

Subclass #79:          Bell Construction

Subclass #80:          BJ&K Construction, Inc.

Subclass #81:          Blanchard Homes, Inc.

Subclass #82:          Brothers Properties, LA, LLC

Subclass #83:          Buras Construction LLC,

Subclass #84:          C & N Construction Co. LLC

Subclass #85:          Carter Custom Homes, Inc.

Subclass #86:          CB Dupree Construction, LLC

Subclass #87:          Centerline Homes at Tradition, LLC

Subclass #88:          Centerline Homes Construction, Inc.

Subclass #89:          Centerline Homes, Inc.

Subclass #90:          Centerra Homes, LLC

Subclass #91:          Chase Construction, Inc.

Subclass #92:          Chateau Bourbon, LLC

Subclass #93:          Chateau Development LLC

Subclass #94:          Cloutier Brothers, Inc.

Subclass #95:          Comfort Home Builders, Inc.

| | |
|---|---|
| Subclass #96: | Completed Communities II, LLC |
| Subclass #97: | Conti Construction Company, Inc. |
| Subclass #98: | Core Construction, LLC |
| Subclass #99: | Cornerstone Builders, LLC |
| Subclass #100: | Curington Contracting, Inc. |
| Subclass #101: | Curtis Lee Wimberly General Contractor Incorporated |
| Subclass #102: | Custom Homes by Kaye, Inc. |
| Subclass #103: | Cypress Builders, Inc |
| Subclass #104: | D. R. Horton, Inc. |
| Subclass #105: | D.R. Horton, Texas, Ltd. |
| Subclass #106: | Daniel Dæ Loughy Homes, Inc. d/b/a Tropical Homes |
| Subclass #107: | Dave Walker Construction, Inc. |
| Subclass #108: | David W. Stewart, Inc. |
| Subclass #109: | Diamond Court Construction Co. |
| Subclass #110: | Dupont Builders, Inc. |
| Subclass #111: | Dupree Construction Co. , LLC |
| Subclass #112: | E. Jacob Construction, Inc. |
| Subclass #113: | Eagle Builders, Inc. |
| Subclass #114: | Edwards Construction Company |
| Subclass #115: | Eric Bolden |
| Subclass #116: | Federal Construction Specialist, Inc. |
| Subclass #117: | First Choice Homes of S.W. Florida, Inc. |

Subclass #118:      First Home Builders of Florida I, Inc.

Subclass #119:      First Home Builders, Inc.

Subclass #120:      Fleetwood Homes of Florida, Inc.

Subclass #121:      Fleetwood Homes of GA, Inc.

Subclass #122:      G & F Drywall

Subclass #123:      Gabourel's Construction, L.L.C.

Subclass #124:      Gant & Shivers

Subclass #125:      Gatco Construction, Inc.

Subclass #126:      Grogan Construction and Real Estate, Inc.

Subclass #127:      Groza Builders, Inc.

Subclass #128:      Hanover Homes, Inc.

Subclass #129:      Hansen Homes of South Florida, Inc.

Subclass #130:      Heights Properties, L.L.C.

Subclass #131:      Heritage Homes, Inc.

Subclass #132:      Hilliard Butler Construction Company, Inc.

Subclass #133:      Holiday Builders, Inc.

Subclass #134:      Homes of Merit, Inc.

Subclass #135:      Horton Homes, Inc.

Subclass #136:      Hulsey-Nezlo Construction, LLC

Subclass #137:      Infinity Homes, Inc

Subclass #138:      Inman Construction Services, Inc.

Subclass #139:      Ironwood Properties, Inc.

| | |
|---|---|
| Subclass #140: | Jade Organization General Contractor, LLC |
| Subclass #141: | James Kayser |
| Subclass #142: | Jim Korn Builders, LLC |
| Subclass #143: | Jim Walter Homes, Inc. |
| Subclass #144: | Jim Walter Homes, L.L.C. |
| Subclass #145: | John P. Gregg |
| Subclass #146: | Johnson & Johnson Home Repairs, L.L.C. |
| Subclass #147: | JP Renovations, Inc. |
| Subclass #148: | K. Hovnanian First Homes, LLC |
| Subclass #149: | K&B Homes, Inc. |
| Subclass #150: | Kaye Homes, Inc. |
| Subclass #151: | KB Home Florida, LLC |
| Subclass #152: | KB Home Jacksonville, LLC |
| Subclass #153: | KB Home Orlando, LLC |
| Subclass #154: | KB Home/Shaw Louisiana, L.L.C. |
| Subclass #155: | KB Home Tampa, LLC |
| Subclass #156: | KB Homes Fort Myers, LLC |
| Subclass #157: | KC2 Investments, LLC |
| Subclass #158: | Kenneth B. Speights Construction Co. |
| Subclass #159: | Kenwood Homes, Inc. |
| Subclass #160: | Kimball Hill Homes Florida, Inc. |
| Subclass #161: | L.A. Homes, Inc. |

Subclass #162:        L'Oasis Builders Incorporated

Subclass #163:        L&J Builders, Inc.

Subclass #164:        La Homes and Properties Inc.

Subclass #165:        Lakeridge Builders, Inc.

Subclass #166:        Laporte Family Properties, LLC

Subclass #167:        Lavish Holding Corp.

Subclass #168:        Lee Roy Jenkins Builder, Inc.

Subclass #169:        Legend Custom Builders, Inc.

Subclass #170:        Lennar Corporation

Subclass #171:        Lennar Homes, LLC

Subclass #172:        Leroy Laporte, Jr.

Subclass #173:        LPR Builders, Inc.

Subclass #174:        LTL Construction, Inc.

Subclass #175:        Lucas Construction Corporation

Subclass #176:        M/I Homes, Inc.

Subclass #177:        MacGlen Builders, Inc.

Subclass #178:        Magnum Development, LLC

Subclass #179:        Majestic Homes of Port St. Lucie, Inc.

Subclass #180:        Maronda Homes, Inc. of Florida

Subclass #181:        Master Builders of South Florida, Inc.

Subclass #182:        Mat D Construction

Subclass #183:        McCar Homes-Tampa, LLC

Subclass #184:     Meadows of Estero-Bonita Springs Ltd. P'ship d/b/a Shelby Homes

Subclass #185:     Medallion Homes Gulf Coast, Inc.

Subclass #186:     Medallion Homes, LLC

Subclass #187:     Meritage Homes of Florida, Inc.

Subclass #188:     MGB Construction

Subclass #189:     Mike Jones Construction, Inc.

Subclass #190:     Miller Construction Company

Subclass #191:     Mitchell Homes, Inc.

Subclass #192:     Modern Construction Group, Inc.

Subclass #193:     Monzelle Diles

Subclass #194:     MW Johnson Construction of Florida, Inc.

Subclass #195:     Negotiable Remodeling

Subclass #196:     Oyster Bay Homes, Inc.

Subclass #197:     Palm Isles Holdings, LLC

Subclass #198:     Paramount Quality Homes Corp.

Subclass #199:     Parkview Homes Realty, Inc.

Subclass #200:     Parr-Self, Inc.

Subclass #201:     Patter Construction Services

Subclass #202:     Pine Ridge Development, Inc.

Subclass #203:     Pine Ridge Real Estate Enterprises, L.L.C.

Subclass #204:     Pod Homes, LLC

Subclass #205:     Premiere Design Homes, Inc.

Subclass #206:     Pride Homes of Lakes by the Bay - Parcel H, LLC

Subclass #207:     Princeton Homes, Inc.

Subclass #208:     Pulte Home Corporation

Subclass #209:     Pyramid Construction Corporation

Subclass #210:     Residential Drywall, Inc.

Subclass #211:     Richard Jones Construction Company, Inc.

Subclass #212:     Rivercrest LLC/St. Joe & Company

Subclass #213:     RNB Construction

Subclass #214:     Rocky Ruckman

Subclass #215:     Ross Home Builders, Inc.

Subclass #216:     Russ Mills

Subclass #217:     Rylex Homes, Inc.

Subclass #218:     S. Petersen Homes, Inc.

Subclass #219:     S&D Specialists, Inc.

Subclass #220:     SC Builders, L.L.C.

Subclass #221:     Seaside Development, LLC

Subclass #222:     Sedgwick Developers, Inc.

Subclass #223:     Shelby Homes, Inc.

Subclass #224:     Shoma Homes, Inc.

Subclass #225:     Shoma Homes Splendido, Inc.

Subclass #226:     Signature Series Homes, Inc.

Subclass #227:     Smith Family Homes Corporation

| | |
|---|---|
| Subclass #228: | South Kendall Construction Corp. |
| Subclass #229: | Southern Homes, LLC |
| Subclass #230: | Southern Homes of Broward XI, Inc. |
| Subclass #231: | Southern Star Construction Company, Inc. |
| Subclass #232: | Springhill, LLC |
| Subclass #233: | Standard Pacific Homes of South Florida, GP, Inc. |
| Subclass #234: | Standard Pacific of Southwest Florida GP, Inc. |
| Subclass #235: | Statewide Associates, Inc. |
| Subclass #236: | Steve Harrington Homes, Inc. |
| Subclass #237: | Steven R. Carter, Inc. |
| Subclass #238: | Stock Development, LLC |
| Subclass #239: | Suarez Housing Corporation |
| Subclass #240: | Summit Homes, LLC n/k/a PHL Construction, LLC |
| Subclass #241: | Sun Construction, LLC |
| Subclass #242: | Sunrise Construction and Development, LLC |
| Subclass #243: | Sunrise Homes |
| Subclass #244: | Taylor Morrison, Inc. |
| Subclass #245: | Taylor Morrison Services, Inc. |
| Subclass #246: | The Haskell Company |
| Subclass #247: | The Jade Organization, Inc. |
| Subclass #258: | The Ryland Group, Inc. |
| Subclass #259: | Thomas R. Gould, Inc. |

Subclass #250:      Thompson Wood Products, Inc.

Subclass #251:      Tillman Construction, Inc.

Subclass #252:      Timberline Builders, Inc.

Subclass #253:      Timberline Homes

Subclass #254:      Toll Estero Ltd. Partnership, d/b/a Toll Brothers

Subclass #255:      Treasure Coast Communities, Inc.

Subclass #256:      Trust America Homes, Inc.

Subclass #257:      United Home Builders, Inc.

Subclass #258:      United Homes, Inc.

Subclass #259:      US Home Corporation, a Delaware Corporation

Subclass #260:      Veal Enterprises, Inc.

Subclass #261:      Venture Homes

Subclass #262:      Venus Street, LLC

Subclass #263:      Waterways Joint Venture IV

Subclass #264:      Waterways Joint Venture IV, LLC

Subclass #265:      WB Construction Company, Inc.

Subclass #266:      Wellington Shores-Wellington Limited Partnership

Subclass #267:      Westerheim Properties, Inc.

Subclass #268:      William P. Joseph Jr. Construction, Inc.

Subclass #269:      Woodland Enterprises, Inc.

**The Contractor/Installer Subclasses (Subclasses 270-356)**

1448.  The representative Plaintiffs with claims against their contractors/installers, set

299

forth in the attached Schedule "3" (the alignment of Plaintiffs and Defendants is depicted in

Schedule 3 for each subclass), assert subclasses pursuant to Rules 23(a), (b)(1), (b)(2), (b)(3)

and/or 23(c)(4) of the Federal Rules of Civil Procedure, on behalf of themselves and those

similarly situated, against the contractors/installers for whom they have standing.  The designated

Plaintiffs in Schedule 3 define their subclasses to be as follows:

> All owners and residents (past or present) of real property located
> in the United States containing defective Chinese drywall where
> each of the defendants identified in Schedule 3 was the contractor
> or installer of the drywall for the property.

1449. The contractor/installer subclasses identified in Schedule 3 are comprised as

follows:

| | |
|---|---|
| Subclass #270: | Aced Interior Drywall, Inc. |
| Subclass #271: | Aggies First Call Contractors |
| Subclass #272: | B &B Stucco, Inc. |
| Subclass #273: | Banner Supply Company Fort Myers, LLC |
| Subclass #274: | Baron Construction Co. |
| Subclass #275: | Beta Drywall, LLC |
| Subclass #276: | Billy Wayne Goekler |
| Subclass #277: | Brandon Gremillion |
| Subclass #278: | Brent Garrod Drywall, Inc. |
| Subclass #279: | Brian Saltalmachia |
| Subclass #280: | Burmon Properties, LLC |
| Subclass #281: | By George, Inc. |

Subclass #282:       C.A. Steelman, Inc.

Subclass #283:       C.L. Paul Plastering, Inc.

Subclass #284:       Capital Construction

Subclass #285:       Cemex, Inc. (formerly CSR Rinker)

Subclass #286:       Chavez

Subclass #287:       CMH Manufacturing, Inc.

Subclass #288:       Colvin Homes , Inc.

Subclass #289:       Continental Classic Construction, Inc.

Subclass #290:       Coral Plastering & Wall Systems, Inc.

Subclass #291:       Dave's Drywall

Subclass #292:       DeLaCruz Drywall Plastering & Stucco, Inc.

Subclass #293:       Deloach Corporation

Subclass #294:       Done-Rite Construction

Subclass #295:       Drywall Done Right

Subclass #296:       Dwayne Williams

Subclass #297:       Dynamic Contractors

Subclass #398:       Ed's Drywall & Construction

Subclass #399:       First Choice Drywall Services, Inc.

Subclass #300:       Florida Style Services, Inc.

Subclass #301:       G. Drywalls Corp.

Subclass #302:       George Meza

Subclass #303:       Gulf South Drywall

301

Subclass #304:      HC Seals Drywall Partners

Subclass #305:      Hendrickson Contracting

Subclass #306:      Interior-Exterior

Subclass #307:      J & S Drywall

Subclass #308:      J. B. Homes, Inc.

Subclass #309:      Jacob Chapman

Subclass #310:      James Walker

Subclass #311:      Jay 37 Construction, LLC

Subclass #312:      Jeff Laporte

Subclass #313:      John Kidd

Subclass #314:      Johnny Weary

Subclass #315:      Karr Drywall, Inc.

Subclass #316:      Kelley Drywall, Inc.

Subclass #317:      Kenneth Campo

Subclass #318:      Lawrence McCorvey

Subclass #319:      Leon Ramsey

Subclass #320:      M & M Construction

Subclass #321:      Magnolia State Construction, Inc.

Subclass #322:      Maguel Torez

Subclass #323:      Mario Salvana

Subclass #324:      Martinez Drywall & Painting, LLC

Subclass #325:      MATSA Construction

Subclass #326:      McLean Drywall

Subclass #327:      Meeks Drywall & Stucco, Inc.

Subclass #328:      Mesa Construction Group, Inc.

Subclass #329:      Michael Hownrd

Subclass #330:      Norman Gannon

Subclass #331:      NuWay Drywall, LLC

Subclass #332:      O.C.D. of S. Florida, Inc.

Subclass #333:      P.D.C. Drywall Contractors, Inc.

Subclass #334:      Paul England Construction

Subclass #335:      Precision Drywall, Inc.

Subclass #336:      R & B Housing, LLC

Subclass #337:      Ray Horvath Drywall, Inc.

Subclass #338:      Redman Homes, Inc.

Subclass #339:      Residential Drywall, Inc.

Subclass #340:      RJL Drywall, Inc.

Subclass #341:      Roman Gonzalez

Subclass #342:      Sands Construction Group, LLC

Subclass #343:      Sorrento Lumber Co., Inc.

Subclass #344:      Space Coast Truss, LLC

Subclass #345:      Speedy Drywall

Subclass #346:      Steve Suchmel

Subclass #347:      Stewart's Remodeling & Electrical

| | |
|---|---|
| Subclass #348: | Swedberg Enterprises, Inc. |
| Subclass #349: | Titan Demolition and Construction, LLC |
| Subclass #350: | Total Community Action |
| Subclass #351: | United Drywall & Stucco, Inc. |
| Subclass #352: | Victor Bustillos |
| Subclass #353: | VP Construction Services, Inc. |
| Subclass #354: | Walter Ferri |
| Subclass #355: | William Hurst |
| Subclass #356: | Willie Kelly Construction Co. |

## General Class Allegations and Exclusions from the Class Definitions

1450. The following Persons shall be excluded from the Class and Subclasses: (1) Defendants and their subsidiaries, affiliates, officers and employees; (2) all Persons who make a timely election to be excluded from the proposed Class; (3) governmental entities; and (4) the judge(s) to whom this case is assigned and any immediate family members thereof.

1451. Upon information and belief, the defective and unfit drywall in Plaintiffs' homes or other structures was installed in at least hundreds of homes, residences, or other structures owned by Plaintiffs and Class Members. Therefore, the Classes and Subclasses are sufficiently numerous such that the joinder of all members of the Classes and Subclasses in a single action is impracticable.

1452. There are numerous common questions of law and fact that predominate over any questions affecting only individual members of the Classes and/or Subclasses. Among these common questions of law and fact are the following:

304

a.  whether Defendants' drywall products that release sulfide and other noxious gases are defective and/or unfit for their intended purpose;

b.  whether Defendants tortiously manufactured, exported, imported, distributed, delivered, supplied, inspected, installed, marketed, and/or sold defective drywall products;

c.  whether Plaintiffs are entitled to recover compensatory, exemplary, incidental, consequential, and/or other damages as a result of Defendants' unlawful and tortious conduct; and

d.  whether Plaintiffs are entitled to recover injunctive and/or equitable relief as a result of Defendants' unlawful and tortious conduct.

1453.  The legal claims of named Plaintiffs are typical of the legal claims of other Class and Subclass Members.  Additionally, for each of the subclasses that named Plaintiffs seek to participate in, the legal claims of the named Plaintiffs are typical of the legal claims of other Subclass Members.  Named Plaintiffs have the same legal interests and need for legal remedies as other Class and/or Subclass Members.

1454.  Named Plaintiffs are adequate representatives of the Class and Subclasses in which they participate, together with their legal counsel, each will fairly and adequately protect the interests of Class and Subclass Members.  Named Plaintiffs have no known conflict with the Class or Subclasses and are committed to the vigorous prosecution of this action.

1455.  The undersigned counsel are competent counsel experienced in class action litigation, mass torts, and complex litigation involving defective and harmful products.  Counsel will fairly and adequately protect the interests of the Classes and/or Subclasses.

1456. The various claims asserted in this action are certifiable under the provisions of Federal Rules of Civil Procedure 23(b)(1) because prosecuting separate actions by or against individual Class and/or Subclass members would create a risk of inconsistent or varying adjudications with respect to individual Class and Subclass members that would establish incompatible standards of conduct for the party opposing the Class and Subclass; or adjudications with respect to individual Class and Subclass members that, as a practical matter, would be dispositive of the interests of the other Class and Subclass members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

1457. The claims for injunctive relief in this case are certifiable under Fed. R. Civ. P. 23(b)(2). Defendants have acted or refused to act on grounds that apply generally to the Class and/or Subclass, so that final injunctive relief is appropriate respecting the Class and/or Subclass as a whole.

1458. A class action is superior in this case to other methods of dispute resolution. The Class and Subclass members have an interest in class adjudication rather than individual adjudication because of their overlapping rights. It is highly desirable to concentrate the resolution of these claims in this single forum because it would be difficult and highly unlikely that the affected Class and Subclass Members would protect their rights on their own without this class action case. Management of the class will be efficient and far superior to the management of individual lawsuits. Accordingly, Plaintiffs' legal claims are properly certified pursuant to Rule 23(b)(3).

1459. The issues particularly common to the Class and Subclass members' claims, some

306

of which are identified above, are alternatively certifiable pursuant to Fed. R. Civ. P. 23(c)(4), as resolution of these issues would materially advance the litigation, and class resolution of these issues is superior to repeated litigation of these issues in separate trials.

## COUNT I
## NEGLIGENCE
### (Against All Defendants)

1460.  Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

1461.  Defendants owed a duty to Plaintiffs and Class Members to exercise reasonable care in a) designing, b) manufacturing, c) exporting, d) importing, e) distributing, f) delivering, g) supplying, h) inspecting, i) installing, j) marketing, and/or k) selling this drywall, including a duty to adequately warn of their failure to do the same.

1462.  Defendants knew or should have known that their wrongful acts and omissions would result in harm and damages in the manner set forth herein.

1463.  Defendants breached their duty to exercise reasonable care in the designing, manufacturing, exporting, importing, distributing, delivering, supplying, inspecting, marketing, and/or selling this drywall.

1464.  Defendants likewise breached their duties to Plaintiffs and Class Members by failing to warn about the defective nature of the drywall.  Defendants, through the exercise of reasonable care, knew or should have known the nature of the defective drywall and the adverse effects that it could have on the property and bodies of Plaintiffs and Class Members.

1465.  Defendants breached their duty to exercise reasonable care to timely remove and/or recall from the market and/or otherwise prevent the continued contact of Plaintiffs and Class Members with the drywall, upon leaning it had been sold in an unreasonably dangerous condition.

307

1466.  Given the defect in the Defendants' drywall, Defendants knew or should have known that their product could, and would, cause harm, damages and/or personal injuries to Plaintiffs and Class Members.

1467.  As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs and Class Members were harmed and have incurred damages and/or personal injuries as described herein.

**COUNT II**
**NEGLIGENCE PER SE**
**(Against All Defendants)**

1468.  Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

1469.  Defendants owed statutory duties to Plaintiffs and Class Members to exercise reasonable care in a) designing, b) manufacturing, c) exporting, d) importing, e) distributing, f) delivering, g) supplying, h) inspecting, I) marketing, and/or j) selling this drywall.

1470.  Defendants breached their statutory duties to the Plaintiffs and Class Members by failing to exercise reasonable care in a) designing, b) manufacturing, c) exporting, d) importing, e) distributing, f) delivering, g) supplying, h) inspecting, I) marketing, and/or j) selling this drywall.

1471.  Defendants likewise breached their statutory duties, including but not limited to those imposed under the International Building Code ("IBC") and other State and local Building Codes, to Plaintiffs and Class Members by failing to warn about the defective nature of the drywall.  For instance, it is specifically alleged that Defendants furnished the drywall in violation of ASTMC C 1396/C 1396M-069, and its predecessor(s).  Defendants, through the exercise of reasonable care, knew or should have known the nature of the defective drywall and the adverse effects that it could have on the property and bodies of Plaintiffs and Class Members.

1472.  Defendants, through the exercise of reasonable care, knew or should have known the

308

nature of the defective drywall and the adverse effects that it could have on the property and bodies of Plaintiffs and Class Members.

1473.  Given the defect in the Defendants' drywall, Defendants knew or should have known that their product could, and would, cause harm, damages and/or personal injuries to Plaintiffs and Class Members.

1474.  As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs and Class Members were harmed and have incurred damages and/or personal injuries as described herein.

**COUNT III**
**STRICT LIABILITY**
**(All Defendants)**

1475.  Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

1476.  At all times relevant hereto, Defendants were in the business of distributing, delivering, supplying, inspecting, marketing, and/or selling drywall for sale to the general public.

1477.  The drywall, including that installed in the homes of Class Members was placed by Defendants in the stream of commerce.

1478.  Defendants knew that the subject drywall would be used without inspection for defects by consumers.

1479.  Defendants intended that the drywall reach the ultimate consumers, such as Class Members, and it indeed reached Class Members when it was installed in their homes.

1480.  When installed in Class Members' homes, the drywall was in substantially the same condition as it was in when Defendants manufactured, sold, and/or delivered it.

1481.  At all times relevant hereto the subject drywall was used in a manner consistent with the uses intended by, or known to Defendants, and in accordance with the Defendants' directions and

309

instructions.

1482.  The subject drywall was not misused or altered by any third parties.

1483.  The Defendants' drywall was defectively manufactured, designed, inspected, tested, marketed, distributed, and sold.

1484.  The design defect was in designing drywall that allowed high levels of sulfur and/or other chemicals to emit through off-gassing.

1485.  The manufacturing defect was in improperly selecting, testing, inspecting, mining, making, assembling, and using, gypsum for drywall with levels of sulfur that were too high and emitted various sulfide gases and/or other chemicals through off-gassing.

1486.  The drywall was also defective because it was improperly exported, imported, distributed, delivered, supplied, inspected, marketed, and/or sold in a defective condition, as described above.

1487.  The Defendants' defective manufacturing, designing, inspecting, testing, marketing, distributing, and selling of the drywall rendered it unsafe and unreasonably dangerous for its intended use and to Class Members.

1488.  The drywall is also defective and unreasonably dangerous because Defendants failed to adequately warn and instruct Class Members of the defective design, inspection, testing, manufacturing, marketing, and selling of the drywall.

1489.  Class Members were unaware of the unreasonably dangerous propensities and defective condition of the drywall, nor could Class Members, acting as reasonably prudent people discovery that Defendants' drywall was defective, as set forth herein, or perceive its danger.

1490.  Defendants' defective drywall was much more dangerous and harmful than expected

310

by the average consumer and by Class Members.

1491. Defendants' defective drywall benefit to Class Members, if any, was greatly outweighed by the risk of harm and danger to them.

1492. The defects in the drywall, as well as Defendants' failure to adequately warn Class Members of the defects rendered the drywall unreasonably dangerous and was the direct and proximate cause of damages and/or personal injuries to Class Members.

## COUNT IV
## BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES
### (All Defendants)

1493. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

1494. Defendants and/or their agents were in privity with Plaintiffs and Class Members and/or Plaintiffs and Class Members were foreseeable third party beneficiaries of any warranty.

1495. At the times Defendants utilized, supplied, inspected, and/or sold this drywall for use in structures owned by Plaintiffs and Class Members, Defendants knew, or it was reasonably foreseeable, that the drywall would be installed in structures owned by Plaintiffs and Class Members for use as a building material, and expressly or impliedly warranted the product to be fit for that use.

1496. Defendants placed their drywall products into the stream of commerce in a defective condition and these products were expected to, and did, reach users, handlers, and persons coming into contact with said products without substantial change in the condition in which they were sold.

1497. The drywall was defective and not merchantable because it was unfit for the uses intended or reasonably foreseeable by Defendants; to wit, the installation of the drywall in structures owned by Plaintiffs and Class Members for use as a building material, because it contained defects as set forth herein.

311

1498. The Defendants breached their warranty because the drywall was not fit and safe for the particular purposes for which the goods were required (to be installed in structures owned by Plaintiffs and Class Members as a building material) due to the defects set forth herein.

1499. Defendants had reasonable and adequate notice of the Plaintiffs' and the Class Members' claims for breach of warranty and failed to cure.

1500. As a direct and proximate cause of Defendants' breach of warranties, Plaintiffs and Class Members have incurred harm and damages and/or personal injuries as described herein.

<u>COUNT V</u>
**BREACH OF THE IMPLIED WARRANTY OF FITNESS AND MERCHANTABILITY**
**PURSUANT TO FLORIDA STATUTES SECTION 718.203**
**(On Behalf of Plaintiffs Who Own Condominiums in the State of Florida)**
**(Against Builders Only)**

1501. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

1502. Subclass Members who own condominiums in Florida, are owners of condominiums as that term is defined by Florida Statutes section 718.503.

1503. Such Subclass Members, as owners, are entitled to the benefit of the statutory warranties of fitness and merchantability pursuant to Florida Statutes section 718.203.

1504. Each of the builders who are subject to this claim are developers, as defined by Florida Statutes section 718.203(16), as they created condominiums or offered condominiums for sale in the ordinary course of business.

1505. Pursuant to Florida Statutes section 718.203(1)(a-e), each of the builders who are subject to this claim is deemed to have granted Subclass Members, who own condominiums in Florida, an implied warranty of fitness and merchantability for the purposes or uses as follows:

312

a. As to each unit, a warranty for 3 years commencing with the completion of the building containing the unit.

b. As to the personal property that is transferred with, or appurtenant to, each unit, a warranty which is for the same period as that provided by the manufacturer of the personal property, commencing with the date of closing of the purchase or the date of possession of the unit, whichever is earlier.

c. As to all other improvements for the use of unit owners, a 3 year warranty commencing with the date of completion of the improvements.

d. As to all other personal property for the use of unit owners, a warranty which shall be the same as that provided by the manufacturer of the personal property.

e. As to the roof and structural components of a building or other improvements and as to mechanical, electrical, and plumbing elements serving improvements or a building, except mechanical elements serving only one unit, a warranty for a period beginning with the completion of construction of each building or improvement and continuing for 3 years thereafter or 1 year after owners other than the developer obtain control of the association, whichever occurs last, but in no event more than 5 years.

1506. At all times relevant hereto, routine maintenance was performed by Subclass Members and/or the builders who are subject to this claim or by an association controlled by such builders.

1507. At the times the builders who are subject to this claim installed, utilized, supplied, inspected, and/or sold drywall for use in the Subclass Members' homes, the builders knew, or it was reasonably foreseeable, that the drywall would be installed in the Subclass Members' homes for use as a building material, and warrantied the product be fit and merchantable for that use.

313

1508. Defendants' drywall product was placed into the stream of commerce by the builders who are subject to this claim in a defective condition and was expected to, and did, reach users, handlers, and persons coming into contact with said product without substantial change in the condition in which it was sold.

1509. The drywall was defective because it was not fit for the uses intended or reasonably foreseeable by the builders; to wit, the installation of the drywall in Subclass Members' homes for use as a building material, because it contained defects as set forth herein.

1510. The builders who are subject to this claim breached the implied warranty of merchantability and fitness because the drywall was not fit to be installed in Subclass Members' homes as a building material due to the defects set forth herein.

1511. The builders who are subject to this claim had reasonable and adequate notice of the Subclass Members' claims for breach of implied warranty of fitness and merchantability and failed to cure.

1512. As a direct and proximate cause of the builders' breach of the warranties under Florida Statutes section 718.203, Subclass Members have incurred harm and damages and/or personal injuries as described herein.

**COUNT VI**
**BREACH OF THE IMPLIED WARRANTY OF HABITABILITY**
**(Against Builders Only)**

1513. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

1514. The Builder Defendants were in direct contractual privity with their Subclass Members.

314

1515.  The drywall that the Builder Defendants installed in the homes of Subclass Members was placed into the stream of commerce by the Builder Defendants in a defective condition and was expected to, and did, reach users, handlers, and persons coming into contact with said drywall product without substantial change in the condition in which it was sold.

1516.  Certain Subclass Members bought their homes containing defective drywall based upon the judgment of the Builder Defendants.

1517.  The Builder Defendants breached the implied warranty of habitability because the defective drywall causes Subclass Members homes not be meet ordinary, normal standards reasonably to be expected of living quarters of comparable kind and quality due to the defects set forth herein.

1518.  The Builder Defendants had reasonable and adequate notice of the claims of the Subclass Members for breach of implied warranty of habitability and failed to cure.

1519.  As a direct and proximate cause of the Builder Defendants' breach of the implied warranty of habitability, Plaintiffs and Subclass Members have incurred harm and damages and/or personal injuries as described herein.

315

## COUNT VII
## BREACH OF CONTRACT
### (Against Builders Only)

1520.  Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

1521.  As part of the agreements to purchase real properties from the Builder Defendants, for which Subclass Members paid valuable consideration, the Builder Defendants contracted with Subclass Members to construct homes that would be free of defects.

1522.  The Builder Defendants materially breached their contracts by providing Subclass Members with defective homes; to wit, the homes contained drywall that is inherently defective because it emits various sulfide and other noxious gases through off-gassing that causes harm and damage as described herein.

1523.  As a direct and proximate cause of the Builder Defendants' breach of contract, Plaintiffs and Subclass Members have incurred harm and damages as described herein.

## COUNT VIII
## VIOLATION OF THE LOUISIANA NEW HOME WARRANTY ACT
### (on Behalf of Plaintiffs Who Own Homes in the State of Louisiana)
### (Against Louisiana Builders Only)

1524.  Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

1525.  The Louisiana New Home Warranty Act provides protection to owners of homes against builders in connection with the construction of the homes.

1526.  For each applicable subclass, every subclass plaintiff is an "owner," as that term is defined by LSA-R.S. 9:3143(3), who is asserting a claim under the New Home Warranty Act against their "builder," as that term is defined by LSA-R.S. 9:3143(1).

316

1527. Implicit in every Builder Defendant's building contract is the requirement that the work to be completed be performed in a workmanlike manner that is free from defects in material and workmanship.

1528. Each of the Builders who are subject to this claim violated their duty to use materials that are free from defects. The drywall used by these Builders is defective for the reasons set forth above.

1529. Given the defect in the drywall, the Builders knew or should have known that their product could, and would, cause harm, damages and/or personal injuries to Plaintiffs and Class Members.

1530. As a direct and proximate cause of the Builders' acts and omissions, Plaintiffs and Class Members were harmed and have incurred damages and/or personal injuries as described herein.

**COUNT IX**
**REDHIBITION**
**(By Louisiana Plaintiffs Against All Defendants)**

1531. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

1532. The drywall manufactured, distributed and/or sold by Defendants was not reasonably fit for its ordinary and intended purpose.

1533. Defendants are therefore liable to Louisiana Plaintiffs for all damages reasonable in the premises, in accordance with La. Civ. Code art. 2524.

1534. In addition, or in the alternative, the drywall manufactured, distributed and/or sold by Defendants contained redhibitory defects, in that, at the time of delivery, the propensity to emit or off-gas Sulfer compounds and/or other potentially harmful, irritating and/or corrosive substances renders the drywall so useless and/or inconvenient that it must be presumed that Plaintiffs would not have

317

purchased the drywall had they known of the defect or defects.

1535. In the alternative, the defects are redhibitory in that, while not rendering the drywall totally useless, diminish the drywall's use and/or value to such an extent that it must be presumed that the buyer would have bought it, but for a lesser price.

1536. The Manufacturing Defendants are conclusively presumed to know of the defects in the drywall manufactured by them.

1537. In addition, it is believed and alleged that All Defendants knew of the defects in the drywall at the time the drywall was delivered and/or sold.

1538. Defendants have had numerous opportunities to repair and/or replace the drywall and associated fixtures and/or building components and have failed to do so; in addition, and/or in the alternative, such requests have been, would have been and/or would be futile; Manufacturing Defendants and/or Distributor Defendants are, moreover, deemed to be placed on notice when notice is provided to Builder Defendants (and/or Distributor Defendants); and All Defendants, in addition, or alternatively, had actual knowledge of the problems in the drywall and the need for replacement, remediation and/or repair.

1539. All Defendants are therefore liable to all Louisiana Plaintiffs for a return of the purchase price, (with interest from the time it was paid), reimbursement of the reasonable expenses occasioned by the sale and those incurred for the preservation of the drywall and associated items, for damages, and for reasonable attorneys' fees, in accordance with La. Civ. Code art. 2545.

1540. In the alternative, to the extent that any Distributor Defendant and/or Builder Defendant did not know of the defects in the drywall at the time of delivery and/or sale, those defendants are liable to Louisiana Plaintiffs to repair, remedy or correct the defect; and/or, if unable to

318

do so, for a return of the purchase price, (with interest from the time it was paid), reimbursement of the reasonable expenses occasioned by the sale, and those expenses incurred for the preservation of the drywall and associated items, in accordance with La. Civ. Code art. 2531.

## COUNT X
## LOUISIANA PRODUCTS LIABILITY ACT
### (Manufacturing Defendants)
### (Pleaded in the Alternative Against Distributor Defendants)

1541.  Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

1542.  In addition to any and all damages, attorneys fees and other remedies made available to Louisiana Plaintiffs under the warranty of fitness and/or warranty against redhibitory defects, the Manufacturing Defendants are liable to Louisiana Plaintiffs under the Louisiana Products Liability Act, ("LPLA"), La. R.S. 9:2800.51, *et seq.*

1543.  The LPLA is also pleaded in the alternative with respect to any Distributor Defendant who might be considered a "manufacturer" under La. R.S. 9:2800.53(1)(a) (labels or otherwise holds the drywall out as his own), 9:2800.53(1)(b) (exercises control over or influences a characteristic of the drywall causing damage), 9:2800.53(1)(c) (the manufacturer of a product which contains the drywall as a component part), and/or 9:2800.53(1)(d) (a seller of a product of an alien manufacturer where the seller is in the business of importing or distributing the drywall for resale and is the *alter ego* of the alien manufacturer).

1544.  The Manufacturing Defendants, upon information and belief, expressly warranted that "the gypsumboards manufactured and sold ... are guaranteed to be free from defects in materials and workmanship."

1545.  The Manufacturing Defendants expressly warranted that "the gypsumboards were

319

manufactured in accordance to ASTM C36."

1546.   The drywall at issue is, in all cases, unreasonably dangerous by virtue of the unreasonable off-gassing and/or emission of Sulfer compounds and/or other corrosives, toxins and/or irritants, which do not in any way contribute to or enhance the utility of the drywall, yet pose a risk to the wiring, plumbing, appliances, personal property, overall economic value of the property and financial security of the owner, and/or the health of the residents of the property.

1547.   At all times pertinent and material hereto, there existed alternative feasible manufacturing processes and/or designs of drywall which perform all of the functions and utility of traditional drywall, without emitting unreasonable levels of Sulfer and/or other toxic and/or corrosive compounds.

1548.   At all times pertinent and material hereto, Manufacturing Defendants (and/or Distributer Defendants who may be considered "manufacturers" under the LPLA) knew that their drywall was unreasonably dangerous and/or defective as set forth herein.

1549.   In the alternative, Manufacturing Defendants (and/or Distributer Defendants who may be considered "manufacturers" under the LPLA) should have, at all times pertinent and material hereto, known of the unreasonably dangerous and/or defective characteristics and/or conditions, had they reasonably employed then-existing scientific and/or technical knowledge, reasonable testing, and/or other reasonable and then-accepted methods of quality assurance and/or quality control.

1550.   Defendants' drywall is unreasonably dangerous in composition or construction in that, at the time it left Defendant's control, it deviated in a material way from Defendant's own specifications or performance standards.

1551.   In addition, and in the alternative, Defendants' drywall is unreasonably dangerous in

320

design, in that, at the time the drywall left Defendant's control, there existed an alternative design for the product that was capable of preventing Plaintiffs' damage, and the likelihood of causing the plaintiffs' damage and the gravity of that harm outweighed the burden (if any) on the Defendant in adopting such alternative design and the adverse effect (if any) on the utility of the drywall.

1552.   In addition, and in the alternative, Defendants' drywall is unreasonably dangerous in that it fails to conform to an express warranty about the product which induced the use of the product and caused damage to Plaintiffs to the extent that the warranty was untrue.

1553.   In addition, and in the alternative, Defendants' drywall is unreasonably dangerous due to an inadequate warning, in that, at the time the drywall left Defendant's control, the drywall possessed a characteristic that might cause damage and yet Defendant failed to use reasonable care to provide an adequate warning of such characteristics and/or dangers to users and/or handlers of the drywall.

1554.   Defendants are therefore liable to Louisiana Plaintiffs for all damages reasonable in the premises.

### COUNT XI
### PRIVATE NUISANCE
### (All Defendants)

1555.   Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

1556.   The Defendants' tortious or wrongful acts or omissions have caused sulfide gas and/or other chemical leaching into structures owned by Plaintiffs and Class Members which has unreasonably interfered, and continues to interfere, with the Plaintiffs' and Class Members' use and enjoyment of their properties and caused them harm and damage as discussed herein.

1557. Defendants' interference has impaired the rights of Plaintiffs' and Class Members' health, comfort, safety, free use of their property, and/or peaceful enjoyment of their property.

1558. Defendants' invasions were intentional and unreasonable, and/or unintentional but otherwise negligent or reckless.

1559. The interference with Plaintiffs' and Class Members' use of their property caused by Defendants is substantial and is ongoing.

1560. Defendants' private nuisance was the direct, proximate, and foreseeable cause of Plaintiffs' and Class Members' damages, injuries, harm, loss, and increased risk of harm, which they suffered and will continue to suffer.

1561. As a direct and proximate cause of Defendants' creation of a private nuisance, Plaintiffs and Class Members have incurred harm and damages and/or personal injuries as described herein.

**COUNT XII**
**NEGLIGENT DISCHARGE OF A CORROSIVE SUBSTANCE**
**(All Defendants)**

1562. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

1563. Defendants had actual or constructive knowledge of the extremely corrosive and dangerous propensities of the drywall at issue in this litigation.

1564. Notwithstanding their actual or constructive knowledge of the corrosive and dangerous propensities of the drywall, Defendants nevertheless designed, manufactured, imported, distributed, delivered, supplied, marketed, inspected, installed, or sold the drywall for use in the homes or other structures owned by Plaintiffs and class members.

1565. By causing the sale, distribution, delivery, and/or supply of the drywall under these

322

circumstances, Defendants breached their duty to exercise reasonable care and created a foreseeable zone of risk of injury to Plaintiffs and class members.

1566. Defendants likewise breached their duties to Plaintiffs and Class Members by failing to warn about the corrosive and dangerous propensities of the drywall. Defendants, through the exercise of reasonable care, knew or should have known the nature of the defective drywall and the adverse effects that it could have on the property and bodies of Plaintiffs and Class Members.

1567. Plaintiffs and class members have suffered injuries by virtue of their exposure to the defective drywall at issue in this litigation. Given the defect in the Defendants' drywall, Defendants knew or should have known that their product could, and would, cause harm, damages and/or personal injuries to Plaintiffs and Class Members.

1568. As a direct and proximate result of Defendants' acts and omissions, Plaintiffs and Class Members were harmed and have incurred damages and/or personal injuries as described herein. The injuries sustained by Plaintiffs and Class Members are within the foreseeable zone of risk created by Defendants.

**COUNT XIII**
**UNJUST ENRICHMENT**
**(All Defendants)**

1569. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

1570. Defendants received money as a result of Plaintiffs' and Class Members' purchases of Defendants' defective drywall, or purchases of structures containing this drywall, either directly or through an agent, and Defendants wrongfully accepted and retained these benefits to the detriment of Plaintiffs and Class Members.

1571. Defendants' acceptance and retention of these benefits under the circumstances make it

inequitable and unjust for Defendants to retain the benefit without payment of the value to the Plaintiffs and the Class Members.

1572. Defendants, by the deliberate and tortious conduct complained of herein, have been unjustly enriched in a manner which warrants restitution.

**COUNT XIV**
**VIOLATION OF CONSUMER PROTECTION ACTS**
**(All Defendants)**

1573. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

1574. This is an action for relief under the various Consumer Protection Acts of the jurisdictions in which affected properties are present, including but not limited to, L.SA-R.S. 51:1401, *et seq.* (Louisiana Unfair Trade Practices and Consumer Protection Law); Ala. Code 1975 § 8-19-1, *et seq.* (Alabama Deceptive Trade Practices Act); G.S. § 75-1.1, *et seq.* (North Carolina Consumer Protection Act); F.S. § 501.201, *et seq.* (Florida Deceptive and Unfair Trade Practices Act); Va. Code. Ann. § 59.1-196, *et seq.* (Virginia Consumer Protection Act); Tex. Bus. Com. Code Ann. § 17.41, *et seq.* (Texas Deceptive Trade Practices-Consumer Protection Act); Miss. Code Ann. § 75-24-1, *et seq.* (Mississippi Consumer Protection Act).

1575. The Defendants' acts and omissions as well as their failure to use reasonable care in this matter as alleged in this complaint, including but not limited to, the knowing misrepresentation or failure to disclose the source, affiliation, origin, characteristics, ingredients, standards and quality of defective drywall constitute violation of the provisions of the Consumer Protection Acts of the Relevant States.

1576. Plaintiffs and Class Members have suffered actual damages as a result of Defendants' violation of these Consumer Protection Acts and are entitled to relief.

324

1577.  As a direct and proximate cause of Defendants' violations of the Consumer Protection Acts of the Relevant States, Plaintiffs and Class Members have incurred harm and damages as described herein.

**COUNT XV**
**EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING**
**(All Defendants)**

1578.  Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

1579.  Plaintiffs and the Class Members are without adequate remedy at law, rendering injunctive and other equitable relief appropriate.

1580.  Plaintiffs and the Class Members will suffer irreparable harm if the Court does not render the injunctive relief and medical monitoring relief set forth herein, and if defendants are not ordered to recall, buy back, rescind, and/or repair the structures owned by Plaintiffs and Class Members.

1581.  Plaintiffs, on behalf of themselves and all others similarly situated, demand injunctive and equitable relief and further, that defendants be ordered to: (1)  to buy back or rescind the contracts for Plaintiffs' and Class Members' homes or other structures, or  in the alternative, remediate, repair and/or replace the drywall in such structures upon proof by the defendants of the feasibility of such remedy or repair; (2) cease and desist from misrepresenting to the Class and the general public that there is no defect in, or danger associated with, the drywall; (3) institute, at their own cost, a public awareness campaign to alert the Class and general public of the defect and dangers associated with the drywall; and (4) create, fund, and support a medical monitoring program.

325

1582.  Until Defendants' defective drywall has been removed and remediated, Defendants must provide continued environmental and air monitoring in the structures owned by Plaintiffs and Class Members.

1583.  Plaintiffs and Class Members have been exposed to greater than normal background levels of sulfides and other hazardous chemicals as a result of exposures to Defendants' defective and unfit drywall and have suffered personal injuries as a result.

1584.  The sulfides and other noxious gases which have been released from Defendants drywall and to which Plaintiffs and Class Members have been exposed are proven hazardous, dangerous, or toxic substances.

1585.  Plaintiffs' and Class Members' exposures were caused by the Defendant's negligent or otherwise tortious conduct.

1586.  Plaintiffs' and Class Members' exposure may lead to serious health problems, diseases, and medical conditions that may be prevented by timely medical diagnosis and treatment.

1587.  The method and means for diagnosing the Plaintiffs' and Class Members' potential medical problems are well accepted in the medical and scientific community and will be of great benefit to the Plaintiffs and Class Members by preventing or minimizing health problems that they may encounter as a result of the defective and unfit drywall.

1588.  As a proximate result of their exposure to sulfide and other noxious gases from Defendants' defective and unfit drywall, Plaintiffs and Class Members have developed a significantly increased risk of contracting a serious latent disease.

1589.  Monitoring procedures exist that make the early detection of any latent disease possible that are different from those normally recommended in the absence of the exposure.

1590.   The prescribed monitoring regime is reasonably necessary according to contemporary scientific principles.

## DEMAND FOR JURY TRIAL

Plaintiffs, individually and on behalf of the Class and Subclass Members, hereby demand a trial by jury as to all issues so triable as a matter of right.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs, on behalf of themselves and all others similarly situated demand upon Defendants jointly and severally for:

    a.   an order certifying the case as a class action;

    b.   an order certifying the Class and each of the Subclasses;

    c.   an order appointing Plaintiffs as the Class Representatives of the Class;

    d.   an order appointing undersigned counsel and their firms as counsel for the
         Class;

    e.   compensatory and statutory damages;

    f.   punitive damages as allowed by law;

    g.   pre and post-judgment interest as allowed by law;

    h.   injunctive relief;

    I.   an award of attorneys' fees as allowed by law;

    j.   an award of taxable costs; and

    k.   any and all such further relief as this Court deems just and proper.

327

Respectfully submitted,

Dated: 3/18/10

By: _____
Russ M. Herman
Leonard A. Davis
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhkc.com
*Plaintiffs' Liaison Counsel MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Arnold Levin
Fred S. Longer
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

328

Victor Manuel Diaz
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
 Matthews, Martinez, Gonzales,
 Kalbac & Kane
255 Aragon Avenue, 2nd Floor
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

329

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seith Parker
Parker, Waichman, Alonso LLP
27399 Riverview Center Blvd.
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

330

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W.
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Jeremy W. Alters
Alters, Boldt, Brown, Rash & Culmo, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@abbrclaw.com

Richard Serpe
Law Offices of Richard J. Serpe
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

331

# COUNSEL FOR INDIVIDUAL PLAINTIFFS[3]

## Alters, Boldt, Brown, Rash & Culmo
*Counsel on Behalf of the Following Individual Plaintiffs:*

Abbott, Carl D. & Adele
Bosse, David & Christina
Gitto, Frank

## Alters, Boldt, Brown, Rash & Culmo and
## Shapiro, Blasi, Wasserman & Gora, P.A.
*Counsel on Behalf of the Following Individual Plaintiffs:*

Adams, Robert & Klein- Adams, Marni
Amorin, Eduardo & Carmen
Anderson, James & Stager, Patricia
Anderson, Samuel
Attard, Kenneth
Attard, Steve
Ayanbadejo, Oladele
Batsch, Kevin
Bautista, Mario
Benes, Mary Anne
Benoit, Richard & Carol
Bloom, Amy
Blue Water Condominium Association
Blue Water of Cape Coral, Inc.
Bosch, Unia
Brewer, Clatues & Frances
Brown, Alganan & Regina
Brown, Morton & Ruth
Burns, Robert
Candiani, Karen & Donald
Cattano, Phyllis
Cohen, Ariel
Corvaia, Steve
Cotilla, Marisela & Adolfo
Cox, Shawn & Lisa
Crespo, Elliott
D'Anna, Gaetano
Dearborn, John
DeCarlo, Ellen & Nelson, Jerald
DeGlopper, Jenni
DeMange, Craig
Dineen, Robert
Dinneen, Walter F. & Vickie L.
Divanno, Michael & Iben

Dow, Jared
Downing, Kenneth & Maria
Dunn, Howard
Ehrsam, Howard
Engasser, Paul & Patricia
Englert, Thomas & Karen
Estimond, James & Jordany
Fermoile, James & Frau
Ferroni, Peter & Christian
Flint, Joseph & Sloan, Danielle
Francipane, Susan
Francisco, Tom & Jane
Gaines, Timothy & Julie
Galvis, Luis & Beatriz
Gamboa, Luis & Mercedes
Gaylord, Peter & Kelly
Ghanta, Madhav
Goldstein, Ira
Golin, Steven & Karen
Golovkine, Sergei & Natalia
Gorton, Peter
Greenberg, Benjamin
Guerrero, Maria, Blanco, Roberto
Helger, Dennis
Hendricksen, Paul
Herston, James
Hill, Jerry & Sharon
Humphreys, Thomas
Huszar, Steve
ITSM Corp. c/o Ana Maria Tascon
Jackson, Michael
Johnson, Aisha & Geoffrey
Jorda, Carlos
Karp, Lillian & Herbert
Katarsky, John & Carol
LABO, LLC. c/o Peter Lampheele

Lang, Danielle Marie
Lauderdale One Condo Association, Inc.
Lee, Mark & Wendy
Legendre, Joan
Lehmann, Horst
Leon, Aldo
Lloyd, Maxwell & Joete
Magdalena Gardens Condo Association
Mariana, Margaret
Martin, Richard & Judith
Mas, Rachel & Bonilla, Fred
Massaro, Mario
Matute, Argerie
McKimey, Ali & Ilka
McNealy, James & Fran
Medina, Pedro
Metcalfe, George & Amy
Miranda, Jose & Adela
Morton, Robert
Mottolo, Gene
Myers, Odette
Nilsson, Jan Erik & Anette
Nowicki, John C.
Osicki, Sieward
Oyer, Steve & Angela
Palazzalo, Michelle
Patching, Trevor & Karen
Peace Harbor Condo Association
Perez, Gustavo
Petrella, Elaine
Quezada, Nelly & Flaque, Gines
Redway, Robert
Reels, Tamara
Rezny, Brian & Linda

---

[3]Attached hereto as Exhibit "C" is the contact information for each plaintiff's counsel and pro se plaintiff.

Royal, Kim & Bryson
Ruse, Lawrence & Rebecca
Sanden, Paul
Sanders, Joseph
Santelle, Thomas & Anne
Schoenfelder, Robert & Phyllis
Scott, James & Karen
Serrano, Irene & Pouncey, Kenneth
St. Fort, Ed & Barosy, Regine

Tinney, Marjorie
Trillo, Raquel
Trujillo, Lisset
Usaga, Johana
Vaca, Amada
Vanasdale, Connie & Dennis
Vancio, Robert & Karen
Walker, Melissa & William

Wegweiser, Wanda & Rebecca
White, Marshall & Cynthia
Whitlington, Richard
Wiesman, Robert H. & Juan Z.
Wilson, Michael
Worthington, George & Adria

## Aronfeld Trial Lawyers, *Counsel on Behalf of the Following Individual Plaintiffs*

Franklin, Michael & Aimee
Greenwald, James & Debra
Lozano, Jorge & Cristina
Tibbetts, Daniel & Janet

## Baron & Budd, *Counsel on Behalf of the Following Individual Plaintiffs*:

Beasley, Anika
Burk, Johns & Monica
Craven, Dan
Dinette, Rodney & Geraldine
Farley, Patrick Michael
Galvan, Eric, Marsh, Lavenda
Kelly, James & Sandra
LeBlanc, Steven & Dana
Leonard, Bridget
Molden, Frank
Scoggins, Margaret
Shoss, Gregory
Trent, Wilson & Terry

## Barrios, Kingsdorf & Casteix, *Counsel on Behalf of the Following Individual Plaintiffs*:

Moritz, Christy
Fontana, Patricia
Malkki, Donna, Clough, Daniel

## Becnel Law Firm, LLC, *Counsel on Behalf of the Following Individual Plaintiffs*:

Alexander, Henry & Penny
Arroyo, Terreli & Lionel
Batiste, Frank & Gralina
Belsom, Scott & Jennifer
Dakin, Kim
Davis, Vernon
Deharde, Kelly & Christopher
Desselle, Brent
Dillard, Ronnie & Linda
Domingue, Craig & Lesa
Donaldson, Jill & Oertling, Jared
Dunlap, Jay & Vanessa

Griffin, Thomas
Haindel, Mary
Hall, Nathaniel & Darlene
Hickey, Raymond & Elizabeth
Indovina, Leon
Mays, Bobby & Gina
McKinnies, Kionne & Terral
Miller, Jo Ann
Mitchell, James & Kelsey
Riggio, Brenda & Ignatius
Robinson, Jerome & Ellen
Roland, Linda

Rushing, Shirley
Staub, Dana & Marcus
Stone, Thomas & Lauren
Tatum, Martin & Doris
Williams, Kate

Wischler, Robert
Young, Melissa

### Bencomo & Associates, *Counsel on Behalf of the Following Individual Plaintiffs*

Bertholette, Anna & Leslie Lund

### Berrigan, Litchfield, *Counsel on Behalf of the Following Individual*

Triche, Susan & Glenn

### Gould Cooksey Fennell, P.C., *Counsel on Behalf of the Following Individual Plaintiffs*:

Webster, James & Rosalie

### C.S. Chiepalich, P.C., *Counsel on Behalf of the Following Individual Plaintiffs*:

Branning, William & Betty

### Cunco, Gilbert & LaDuca, LLC, *Counsel on Behalf of the Following Individual Plaintiffs*

Marrero, Charlene

### deGravelles, Palmintier, Holthaus & Furge, LLC
*Counsel on Behalf of the Following Individual Plaintiffs*:

Arnaud, Lester & Catherine
Bradley, Jimmy & Louise
Brian, Wilton & Rita
Matus, Aldo & Ghady
Wheeler, Don & Agnes

### Diliberto & Kirin, *Counsel on Behalf of the Following Individual Plaintiffs*

Serio, Joseph

### Don, Barrett, P.A. and Lovelace Law Firm, P.A.,
*Counsel on Behalf of the Following Individual Plaintiffs*

| | | |
|---|---|---|
| Abels, Shirley | Coleman, Charles | Galle, Joseph & Debbie |
| Alfred, Janice | Dixon, Perry & Deborah | Galloway, Geraldine |
| Anderson, Judith | Fairley, Leo & Jacqueline | Green, Patricia Stevens |
| Baptiste, Judy | Fletcher, Gregory & Diane | Hester, Raymond |
| Bennett, Larry | Frazier, Rose & Raymond | Howell, Patricia |
| Clarke, Wayne G. | Galle, Joey & Amanda | King, Jeffrey & Lauren |

| | | |
|---|---|---|
| LeCarpentier, Jacques | Morgan, Linda | Thiroux, Freddie & Glenda |
| Loper, Joseph & Sherry | Morrison, Robert & Sandra | Tuepker, John & Claire |
| Maranoci, Terri, Lee, Terri | Randle, Thomas C. , Poche, Ann | Varnado, David |
| Marshall, Gregory | Randle Poche | Volland, John |
| Marshall, Wilda F. | Ratliff, Krondenser Means | Walley, Curtis & Monsue |
| Martin, David & Betty | Riley, Willie James | Washington, Eugene & Yvonne |
| McCrory, Osizy & Margie | Roberts, Robert | Webster, Samuel L. |
| McTigue, Bobby & Celia | Sherrod, Valerie | Wiley, William & Joan |
| Mingto, James & Patricia | Steubben, John & Grace | Scott, Pearl |
| Mitchell, Virgil & Rosetta | Stewart, George & Deborah | |
| Moore, William & Earlene | Taylor, Robert & Sandra | |

### Dysart & Tabary, LLP, *Counsel on Behalf of the Following Individual Plaintiffs*:

Lamarque, Carroll, Jr.

### Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC,
#### *Counsel on Behalf of the Following Individual Plaintiffs*:

Alonzo, Lana
Desmore, Judy & Barry
Everard, Elliott
Hartenstein, Lorena
Martin, Robert & Denise
Morlas, Ralph

### Galante & Bivalacqua, LLC,
#### *Counsel on Behalf of the Following Individual Plaintiffs*

Barlow, Regine & John

### Gentle, Turner & Sexton,
#### *Counsel on Behalf of the Following Individual Plaintiffs*

Boyce, Gary E. and Chris
Pearson, J. Richmond & Julene R. Pearson

**Hawkins, Stracener & Gibson, PLLC,**
*Counsel on Behalf of the Following Individual Plaintiffs:*

Biglane, Billy
Bishop, Brian
Gregory, Betty
Hatten, Gabriel
Hudson, Adam
Lopez, Christie
Noldge, Don
Reese, Virgil
Somerhalder, Robert
Tracy, Ron & Hazel

**Herman, Herman, Katz & Colar, LLP,**
*Counsel on Behalf of the Following Individual Plaintiffs:*

Barisich, Frances & Joseph Barisich, & George
Barisich,
   & Ann Marie Barisich Sever
Billy, William & Thadius
Boutte, Don & Michael Robinson
Catalanotto, Mary Ann
Cheramie, Bertoule & Joan
Gillan, Zelda
Jones, Allie & Jeanie
Lund, Daniel (III) & Elizabeth

Martinez, Kim
Nguyen, Cathy Mai Thi
Peoples, Debra
Pritchett, Carla
Rogers, Michelle
Romain, Eric & Tracey
Ryckman, Rickey
Velez, Louis
Whitfield, Tydell Nealy

**James, Hoyer, Newcomer & Smiljanich, P.A. and**
**Norton, Hammersley, Lopez & Skokos, P.A.,**
*Counsel on Behalf of the Following Individual Plaintiffs:*

Birkholz, Berlyn & Elaine
Kaltio, Gary & Jennifer

**Krupnick, Campbell, Malone,** *Counsel on Behalf of the Following Individual Plaintiffs:*

Acadia II Condo d/o
   Russell Foti,
Acosta, Amparo
Alford, Edgar & Rita
Anderson, William
Arnold, Lee & Maureen
Auger, Susan
Bailey, Robert & Anne
Battista, Leo
Benesch, Paul
Black, Douglas & Elizabeth
Bo, Theresa
Bontu, Prakash R. & Rupa
Briscoe, Hopeton
Burt, James & Janie

Cannestro, Michael & Enny
Carter, Jack, Jr.
Caruso, Leonard & Cheryl
Chladny, Ray & Stafford, Debbie
Ciaufrini, Jerry
Cintula, Theodore
Cohen, Yossef
D'Ambrosio, John & Pamela
Delpapa, Pamela
DePompa, Angelo
Dharamsey, Shabbir
Edwards, Cecile
Fifteen B's, LC, a Florida
   Corporation
Fordham, Allen & Anissa

Frank, David & Catherine
Gaynor, Peter & Tracy
Gesualde, Domenic & Darlene
Gillespie, Thomas
Gobos, Peter V.
Goldblum, John, Shirali, Asmita
Goodstein, Martin & Nancy
Gottung, Douglas & Dolores Florio
Grajales, Beatriz
Greenblott, Charles
Heller, James & Barbara
Herbert, Ken & Margot Foglia
Hogan, Roger & Joanne
Iannazzi, Ronald & Florence
James, Richard & Marion

Jones, Roosevelt, Green, Barbara
King, John
Ksal, Paul & Melody
Lahn, Gerald & Karen
LaSalle, Julio & Carmen
Levy, Kenneth & Lynn
Lewis, Eloise
Lumarc Properties c/o Mauricio
Reyes Henao
Mancuso, Robert & Lorraine
Marcario, Katherine
Maya, Adi
McCarty, Terrance & Sandra
Miller, Alan
Neste, Dave
Nijhawan, Balraj & Pushpa
Norton, James

O'neil, Gerald & Brasch, Jacqueline
Onori, Paul
Orjuela, Sonia
Ortiz, Amelia & Mark
Patterson, Gary & Nicole
Perone, Samuel
Portsmith Condo Association
Prescott, Scott
Price, Robert & Edith
Pruscha, Calman & Charleen Living
Trust
Raio, Joseph
Ravelo, Carlos
Richards, John & Patricia
Rizzo, Frank & Christina
Rose, Michael

Ross, Robert & Natalie
Rutherford, Chris
Schafer, Clyde & Pauline
Shirali, Sudheer
Sisk, Robert & Suzanne
Sosa, Gustavo & Maria
Tobin, Eric & Beth Sorenson
Toscana II at Renaissance, Inc. c/o
James Enyart, President
Troutman, Rodney & Sheila
Villarama, Lilia
Weiner, Darryl
Wilbar Investments LLC c/o a
Florida Corporation

## Lambert & Nelson, PLC, *Counsel on Behalf of the Following Individual Plaintiffs*:

Back, Charles &  Mary
Banner, Tammy
Blue, John & Rachelle
Borne, Barry & Mary
Braselman, Holly
Chalmers, Ryan & Julie
Fineschi, Nicola & Connie
Grant, Marcus & Jevon

Kehoe, Molly
Meyer, Kirk & Lori
Pierce, Alton
Slidell Property Management LLC
Wilfer, Rosanne

## Law Office of Joseph M. Bruno, APLC,
*Counsel on Behalf of the Following Individual Plaintiffs*:

Ambrose, Rosalie
Baptiste, Harrison
Guidry, Sheila
Lampton, Alean
Lewis, Wanda
Thomas, Celeste
Tromatore, Peggy

## Law Offices of Sidney D. Torres, III,
*Counsel on Behalf of the Following Individual Plaintiffs*:

Antoun, Ivan
Boudreaux, Shawn & Justine
Breaux, Roy Jr.
Burton, Rose & Tebault
Couture, Patrick G. & Kasie F.
Dasilva, Jose & Maria
Gonzales, Huey P. Jr.
Hunter, Dorothy
Johnson, Ronald
Lewis, Felton
Manuel, Barbara W. & Lucien

Mowers, Evelyn B. & Matthew R.
Nelton, Mary
Nicolosa, Martin & Sharon
O'Sullivan, Steven
Picado, Henry & Tina
Reynolds, Karen
Scallan, Patricia E. & Ronald
Westerfield, Robert & Ashley
White, Jerry P. & Celeste E.

337

**Leopold-Kuvin, PA,** *Counsel on Behalf of the Following Individual Plaintiffs:*

Lakind, Alan & Linda

## Levin, Fishbein, Sedran & Berman
## Colson, Hicks, Eidson, Colson, Matthews,
## Martinez, Gonzales, Kalbac & Kane;
## Hausfeld, LLP, and Law Offices of Richard J. Serpe
*Counsel on Behalf of the Following Individual Plaintiffs:*

Brennan, Arlene
Busbee, Jr., Clarence & Sheri
Dubocq de Vicente, Evelyn
Farley, Nancy A.
Ferrer, Haydee
Gaita, Gina
Garcia, Nerio, Hedy M., Mazzarri, Clara
Gimpel, Nicholas & Cathy O'Brien
Godwin, Franklin & Veronica
Groeninger, Susan
Howard, Monika
Hueston, Deborah A.
Jensen, Andrea
Labell, Barry
Machado Bohorques, Noe A.
Marschhauser, Lou

Montalvo, Samuel, Jr.
Nunez, Alvaro
Nuss, Doug
Peltigra, Anna R.
Pereira Dos Ramos, Jose J.
Perez, Mike
Promenade at Tradition Community Association, Inc.
Real Property Resolutions Group, LLC
Rodriguez, Peter
The Schaper Family Trust
Vaidez, Jore & Juana
Villalobos, Angel & Maria de
Von dem Bach, Christine
Wites, Marc & Jennifer

## Levin, Papantonio, Thomas, Mitchell, Echsner & Protor. P.A..
*Counsel on Behalf of the Following Individual Plaintiffs:*

Bentley, Lonnette & Lowery, Kenneth
Brewton, III, I.D. & Sonia
Burkhead, Samantha & John L.
Calloway, Frederic (Kent) & Amanda
Daniels, Lula
Davis, Chris
Fluharty, Carson & Charlene
Gillman, James c/o Houck, Carolyn
Harvey, Jr., Ronald & Brnady
Holt, Herschel & Karen
Hughes, Amanda
Jones, Rosetta & Lucious
Kapalin, Daniel & Danielle
Kelson, Sherrie
Knowles, Timothy & Tosha
Lundy, William & Gena
Lussier, Lynne
Miller, Sr., Ronald & Lisa

Morris, Robert
Nelms, Jr., William
Nowling, Michael & Angel
Parker, Jr., William
Parker, Sr., William
Pate, Jeremy
Posey, Susan
Reber, Todd & Melissa
Risko, Mark & Beverly Ann
Salter, Kenneth & Cindy
Sims, Fred
Sims, Willie
Swan, Christina & Harwick, Michael
Taylor, George & Anna
Weekley, William & Charlotte
Willey, Ryan & Danielle

338

**Lewis & Roberts, PLLC,** *Counsel on Behalf of the Following Individual Plaintiffs*

Allison, Tim
Arif, Mohammed I. & Aamara Shazia
Aultman, Delores
Avant, Catherine
Balassone, Arthur & Barbara
Baron, Allen
Belcher, Robert
Belt, Marvaleen
Belt, Thomas E.
Boglin, Regina
Burton, Jenise
Butler, Bernice
Cammarata, Louis & Michele
Caruthers, Lewis Harland
Cashion, William
Chauppetta, Larry & Michelle
Coleman, Misty
Copello, Victor & Pamela
Cox, Jeffery
D'Ambrosio, Angelo & Deborah
Delk, Smith
Donmeyer, Scott D. & Kristin
Eleuterius, Gregory & Elizabeth
Engel, Jefferey & Elta
Englander, Mark
Everett, Michael
Falls, Jamison & Lauren
Flaherty, Sean
Foster, Van
Franklin, Allison
Gani, Jacques & Rose
Garvey, Thomas & Carly
Graham, Gerald & Terry
Green, Mary Nell
Hahn, Letitia
Hales, Lisa
Hammer, Allen
Hankins, Lee & Barbara
Harkley, Alfred
Harris, James
Hatcher, Cecil
Hayes, Joseph & Selena
Headley, Danny & Cathy

Hickman, David & Vickie
Howard Krause as Trustee of the Naomi Krause Revocable Trust
Howell, Victor & Leannertistene
Hummer, Charles
Johnson, Fred
Julia, Juan Carlos & Martha
Kallfelz, Marica
Kaufman, Leslie
Keyt, Stacey R.
Kovens, Arthur & Martha
Kramer, Ronald & Anita
L&L South Florida Realty, LLC
Ledford, Samuel
Lescarini, Richard & Shannon
Lewis, Leonard
Lewis, Lesley
Lontz, George & Adrienne
Madigan, Murphy
Maesel, Shawn
Marable, Kimberly
Marino, Teresa
Marks, Edward
Martin Riback, as Trustee of the Martin Riback Revocable Trust Agreement
McCool, Michael
McKee, Maria
McKenzie, Martha
McKinley, Jacob
McMahon, William R. & Satsuke
Meinholz, Nancy
Melton, Carolyn & Jackson, Ivory
Miller, Robert
Miller, William & Teresa
Mize, Brandon
Moon, Daniel & Marva
Moore, Jerry & Rhonda
Moore, Roxzana
Moses, Brenda & Bryant Moses
Murphree, James Lamar
Murray, Paul & Lois
Pearson, Richmond

Pesseackey, Mike & Phyllis
Pitman, Sharon
Polychronopoulos, George & Nathalie
Poplausky, Maurice & Hanna
Pray, Jeffrey & Lana
Presnall, Donald & Sherron
Rattler, Mike & Tara
Reed, Randy
Reeves, Carrie
Richardson, Tammy
RMM Investments, LLC
Robohm, Donald & Natalie
Seratt, Doug
Sheppard, Austin
Shirley, Michael
Shiyou, Carol
Somma, Joseph
Stamps, Reginald
Stewart, Glenn & Kristina
Stock, Amir & Bella
Tarver, Cynthia R.
Taylor, Lloyd & Hoxter, Scott
Tempel, Harvey & Lisa
Thornton, Stanley & April
Thrower, Chris
Tillman, Harold & Shavona
Tilmann, Stacey Ann & Kimberly Noah
Toles, Purvis & Patricia
Tombrello, Debbie
Twin Crest Associates, LLC
Veal, David & Mary
Vessel, Charles & Diane
Waites, Shashanda
Wallace, Alonza
Wiley, Thad
Wood, John & Beatrice
Yasinski, Joseph & Barbara
Yoder, Beth
Zhou, Zhongmin & Huang, Qinxi

**Lumpkin & Reeves, PLLC,** *Counsel on Behalf of the Following Individual Plaintiffs*:

Bilbo, Chester
Commander, Aurorina
Farve, Crystal
Foxworth, Margie
Garrison, Roberto
Sinclair, Brittany
Smith, Daniel & Nicole
Taylor, Travis

**Martzell & Bickford.** *Counsel on Behalf of the Following Individual Plaintiffs*:

Anderson, Clarence & Constance
Badon, Ive & Loraine
Berthaut, Colin & Dayne Gelpi
Blalock, Angeles
Callais, Gary & Michelle
Cruchfield, James & Louella
Dillon, Ray & Selestin
Dowell, Darren & Kim
Dunn, Diane
Harding, Matthew & Kristin

Hotard, Christopher
Macomber, Shawn
Maggiore, Peter & Frankie
Melton, John & Tamara
Muliet, Edwin & Debbie
Samples, Deneen
Schubert, Alex & Beth
Theard, Avery & Tjaynell

**Matthews & Associates,** *Counsel on Behalf of the Following Individual Plaintiffs*:

Allen, Darius
Anderson, Brodrick J.
Anderson, Farrel & Kimberly
Anderson, Quaintrell T.
Anderson, Shirley
Aquart, Juanita V.
Arnold, Rosa
Banks, Dorothy Mae
Barbarin, Earline H.
Bell, Latonya
Black, Rubie
Blaise, Ervin & Felthus Elizabeth
Bowden, Erica
Bowen, Tia
Boxton, Glenda
Brackett, Orlesa W.
Brand, Mariyn D.
Brister, Candy
Brown, Joan E.
Brown, Joshua
Brown, Robin
Butler, Laddy J.
Cager, Mitchell & Patricia
Carroll, Mattie B.
Carter, Alice
Carter, Antione C.
Clark, Lisa
Cole, Eddie C.
Comick, Ronnie
Coopier, Royce, Cuff, Cynthia
Copeland, Mildred
Cuenea, Peggy
Damond, Pam
Daniels, Anita
Davis, Lee Ester
Davis, Veronica
Duchane, Charles & Susianna
Duplesis, Georgiana
Eager, Raymond & Willie M.
Enclarde, Mary
England, Charles
England, Michael & Kim

Fairley, Jeffery A.
Fardella, Michael
Foreston, Anthony & Sherrie
Foster, Evelyn
Gambier, Lenox Jr.
Gomez, Augustus P. & Annice P.
Grissom, John D. & Becky
Haggerty, Katheryn
Hale, George
Hall, Emma
Hampton, Helen
Hampton, Samuel & Shavonne
Harris, Emily & Gregg
Herring, Homer
Hill, Geraldin
Hoover, Stephen R.
Hunter, Isa
Jackson, Irene
Johnson, Antonio & Saunja
Johnson, Carol
Johnson, Regina
Kimble, Tijuana Leigh
Kimble, Velma
Knotts, Burnistine
LaFontaine, Steven & Jennifer
LaFrance, Marione J.
Lambert, Robert & Tasha
Lee, Dorothy
Leslie, Daphne
Leverette, Gilletto & Donna
Loper, Flavor & Lucille
Ludgood, Stokes & Angela
Mack, Thomas Jr.
Malone, Dianne
Malone, Monica
Marcum, Regina
Martinez, Arnold Sr.
Mayes, Jacqueline
Mayeus, Cory & Kristy
McBride, Shirley Ann
McMillan, Claretha
McMillian, Timothy

McRae, Frances E..
Montoya, Frank & Eva Ann
Moore, Evelyn
Morgan, Sylvia
Mulkey, Kareen J.
Nack, Thomas
Newell, Michael & Faris
Odoms-Lewis, Janretta C.
Oliver, Kevin
Overton, Edward
Owens, Brenda
Parsley, Marshall
Paul, Audrey B.
Pettway, Susan
Peyton, Evelyn
Pigott, Janette
Porter, Vanessa
Preyear, Charlotte D.
Richard, David
Richardson, Terry & Frances O.
Roberson, Martha
Roberson, Nadine
Robinson, Louis
Rogers, Ashley J.
Rogers, Brenda
Rogers, Gretta
Rogers, Joyce
Rogers, Leslie & Lucille
Rogers, Marcella
Schamber, John
Shaw, Susan
Simmons, Penny
Soloman, Caffie
Sylvester, Jessie
Taylor, Doris
Taylor, Michell
Todd, Linda
Tuecke, Donald E.
Tuyet, Bui A.
Walter, David A.
Wilkerson, Annie M.
Williams, Deborah M.

340

Williams, Houston
Williams, Michael & Alice

Williams, Susie
Woods, Mattie L.

Zeleny, Margaret

## McCallum, Hoaglund, Cook & Irby, LLP,
*Counsel on Behalf of the Following Individual Plaintiffs:*

Austin, Jason & Tara
Bryant, Victor & Faiana
Diffley, Mathew & Krista
Harris, J. Wesley Branden & Jessica

## Milstein, Adelman & Kreger, LLP and Roberts & Durkee,
*Counsel on Behalf of the Following Individual Plaintiffs:*

Batra, Vinod
Boucher, Gordon & Nancy
Brumbaugh, Russell R. Jr. & Carol
Cambric, Shannon
Cole, John & Star
Cummins, Rolland & Charlene
Edgar, Faroh on behalf of Marazul
  LLC
Fores, David, Vasquez, Monica
Gauthier, Paul & Patricia
Grassel, Eric & Svetlana
Gransted, Tamarra
Hanzel, Gary on behalf of Security
Source, Inc.
Helmick, Timothy & Maria
Herbert, Brian

Jerry, Jason, Prokopetz, Linda
Katz, Barry & Rebecca
Kirby, Robert
Kranz, Helene & Christina
Lee, Scott & Donna
Mantuo, Jo Ellen
Masih, Parveem
Morgan, Jetson & Lee
Muenchen, Stephen M. Jr.
Murphy, Ronald
Packard, Suki & Michael
Parker, David
Patti, Anthony J.
Peterson, Derrick & Robin
Powell, Laura Ann & Lindeerth
Reilly, Reed & Victoria

Schneider-Christians, Michael &
  Verena
Serajuddowla, Mohammad & Ruth
Serrano, Jose & Diana
Siddiqui, Hassan & Frauke
Sierra, Santos & Martha
Simonian, Thomas E. & Barbara R.
  Petty
Steed, Max
Talerico, Michele & Tom
Torpy, Larry & Terri
White, Jill & Vincent
Zamora, Michael

## Morgan & Morgan, *Counsel on Behalf of the Following Individual Plaintiffs:*

Adcock, Michael & Bridgitte
Aumack, Gary & Nancy
Beale, Charles
Benson, Steven & Rhonda
Burke, Richard & Rebecca
Campell, Thomas & Kelli
Cribb, Rose
Dillinger, Norbert & Svetty, Rita
Elliott, Mary
Fajardo, Wilson, Gonzalez, Esther
Feltner, Donna
Foster, William & Vicki
Gaston, Nora
Gody, Anthoney & Candace
Gomez, Ricardo & Maria
Grover, Adam & Keely
Hatcher, Sherri
Henry, Clifford & Crispina
Jablonski, Robert & Colleen

Johnson, Abraham
Kelso, Christopher
Lauria, Dominick
Lee, Kevin
Lester, John & Jacine, Schiller,
  Larry
Licon, Eddie
Martillo, Joseph
Matlox, Dread
Maurice, Carmine & Emmanie
Maysonet, Erika
McEIdowney, Larry
McKee, Brett & Sara
McKinnon, Joseph/Christina
McLendon, Brian & Stephanie
McNeal, Shevon
Nutting, Julie
Penny, Andrew & Rachel
Pequigney, Sean & Candace

Pitcher, John, Brust, Gina
Polter, Harold & Tricia
Purcell, Veronica
Raucci, Steven & Dorothy
Reinoso, Manuel & Jessica
Rekhels, Alexander & Irina
Roberts, Kathryn
Sanon, Enock & Marie
Santacruz, Jose & Yvette
Santos, Manue & /Judith
Savoury, Hugh & Lorraine
Segnello, Jeffrey & Monica
Spencer, Edna
Thompson, Edith
Ward, Theotis
Whealan, John & Robin
Whitlock, Scott & Lucille
Yost, Richard & Judith

**Morris Bart LLC,** *Counsel on Behalf of the Following Individual Plaintiffs:*

Adams, Eddie & Rose
Bourg, Junius
Boutte, Gloria
Bryant, Debra
Carter, Andrea
Conrad, Jesse & Gelone
Evans, Ronald
Glasper, Gregg & Beunker
Green, Mary
Gross, Cheryl & David
Hamilton, Rhett
Hayes, Gloria
Mai, Kim & Nguyen, David
Mai, Long

Moore, Leon
Morel, Rudolph
Pasos, Gwendolyn
Saunders, Felician & John
Simmons, Melinda & Andre
Simmons, Sandra & James
Stephens, Urseleen
Stout, Michael & Kristina
Vu, Jessie & Mai, Kristy
Williams, Shelby & Arnelle
Young, Irvin

**Parker, Waichman, Alonson, LLP,** *Counsel on Behalf of the Following Individual Plaintiffs:*

Aguilar, Antonio & Jenny
Andersen, Michael Campos, Karla
Astrin, Scott & Terri
Azor, Stephanie & Harry
Barreto, Adolfo
Benzo, Ramon & Candida
Borges, Virgilio & Janaina
Bowers, Roger
Bradley, Chris
Braga, Henry & Deborah
Brito, Nelson
Browne, James & Jill
Caple, Janelle
Carciato, Lisa
Cardiello, Frank & Gayle
Carter, Daniel & My-duyen
Casburn, Richard & Judy
Casey, William & Pamela
Chinoy, Raymond & Vinita
Cricco, Carl & Kimberly
D'Ambroiso, John & Pamela
Davis, Susan M.
Dekeyser, Phyllis & Lee
Delisser, John & Maryalyn
Demirgian, Edward & Tonya
Dickinson, William
Donnelly, Mary Rose & James
Douglas, Aprile L.
Duckett, Larry Heath
Dudreck, Albert & Jaon
Dunn, Keith & Krystal
Durrance, Barry & Denise
Evans, Donald & Barbara
Ewald, Thomas & Christina
Foster, Gregg
Foxwell, Craig & Linda
Freel, Kevin
Fugazy, Lenni & Justin

Gainey, Dale & Carolyn
Gangl, Donald & Michelle
Garvey, Stephen & Karen
Giannini, Dominic
Giannoussidis, Nikolaos
Gill, Ted & Pamela
Goede, John & Kristin
Guillette, Melissa
Gutierezz, Liset
Hurter, Harry & Olga
Hartley, Charles & Janet
Hasselschwert, Craig & Jane
Hattemer, Jennifer
Hoffman, Hannelor, Lengel, Donna
Hornbeck, Ronald & Linda
Hubbard, Michelle & Curtis
Hudson, Michelle
Hurley, Jonathan & April
Kehl, Hans Joachim
Kepler, LLC
Kim, Mai, Bui, Tom
Kostelecky, Joseph & Charlotte
Lau, Donald
Leon, Daimarys
Loader, Jennifer
Lopez, Valerie
Love, Nakisha
Love, Robert & Adele
Lowande, Paul & Renee
Lumar, Semyon & Darina
Malhoe, Ashok
Mancini, Richard
Maniscalco, Frank & Grace
Marion, James
Martin, Victor & Geraldine
Mastrogiacomo, Kim
Meister, David & Diane
Mendez, Jose & Sonia

Mercedes, William & Carmen
Mitchell, Robert & Bonnie
Morillo, Madelyn
Mueller, Lawrence & Jamie
Murdali, Fazeel
Murphy, Paul & Danielle
Murray, Robin & Marva
Nemes, Robert & Frances
Nord, John
Nuccio, Thomas & Darlene
Ondrovic, Joseph
Organista, Maria
Owen, Scott & Emilia
Page, Michael & Rikke
Patterson, Kellie
Pelak, Paul & Michele
Peltier, Isaac & Shanon
Pfeiffer, Marion
Pham, Kelly
Pietrantonio, Tamie
Rand, Ricahrd
Reaves, Eugene W. IV
Reiprecht, Raymond
Riley, Estela
Robinson, Dane & Patricia
Robles, Amparo
Roth, Stephen
Sakalauskas, Alberto & Laura
Santiago, Angel & Yvette
Santiago, Cesar, Crespo, Eileen
Santiago, Jose & Yasuany
Santiago, Marcos & Carmen
Santos, Joel
Scocco, Bart
Seddon, Robert & Joan
Sellman, Terry
Sheehan, Michael
Smith, Gloria & Robert

342

Smith, Richard
Sullivan, William & Sheila
Swartz, Sylvia & Christopher
Teitelbaum, Donna & Ronald
Timothy Hesbeens

Toler, Calvin & Allison
Uttaro, Francis & Christine
Vaiden, Janet
White, Richard & Linda

Wienstoer, Danny & Patrick
Wilson, Darrell & Darlene
Wilson, Diane & Richard
Younger, Leslie. Cummings, Brian

### Podhurst Orseck, PA, *Counsel on Behalf of the Following Individual Plaintiffs*:

Anderton, Gloria and George
Lopez, Rebekah
Veras, Ingrid
Williams, Andrew

### Reich & Binstock, LLP, *Counsel on Behalf of the Following Individual Plaintiffs*:

Aubert, John & Pamela
Bart, Eugene & Cynthia
Brock, Ora
Broesder, Stanley
Chestnut, Thomas & Patty
Crandle, Angela
Galmiche, Stephen & Tiffany
Haughton, Marcia
Laergne, Sheral Ann
Lee, Anh Van
Meyer, Harry E. Jr.
Palmer, Frances
Rankins, Edward & Pamela
Steele, Wanda E.
Trinh, Thuong
Urtubey, Jason

### Seeger Weiss, LP, *Counsel on Behalf of the Following Individual Plaintiffs*:

Butler, Mary
Carney, Garnet & William
Cunningham, Shirley
Macon, Jeremy
Polk, Donna

### Strom Law Firm, LLC, *Counsel on Behalf of the Following Individual Plaintiffs*:

Gainey, Billy C & Kathryn

### The Thornhill Law Firm, APLC,
*Counsel on Behalf of the Following Individual Plaintiffs*

Anderson, Shawnree & John
Niswonger, Mary M.

**Viles and Beckman, LLC,** *Counsel on Behalf of the Following Individual Plaintiffs:*

Bishop, Michael
Dao, Cuc
Dorsey, Rachel & David
Shedd, Kevin & Christine

**Webb & Scarmozzino, PA,** *Counsel on Behalf of the Following Individual Plaintiffs:*

Appelman, Lou & Sara
Ball, Ashley
Calian, Paul & Gloria
DiSapio, Tonya & Carmine
Distel, Matthew & Stephaine
Kelly, Christopher & Jesica
Martel, Jean & Carmelle
Martinez, Dailyn

Moss, Christopher & Cox, Crystal
Pollux, LLC
Soldavini-Clapper, Brigid
St John, Kelvin & Laura
Vollmar, Frank & Elizabeth
Young, Mike

**Willis & Buckley, APC,** *Counsel on Behalf of the Following Individual Plaintiffs:*

Chaeffer, Brad
Mullet, Crystal

# Pro Se Plaintiffs

Mayo, Edward & Jacqueline