UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  CHINESE MANUFACTURED DRYWALL          MDL NO. 09-2047
PRODUCTS LIABILITY LITIGATION                           CASE NO.  2:09-cv-04117

                                                                            SECTION:  L

                                                                            MG. JUDGE WILKINSON

**THIS DOCUMENT RELATES TO:**
Vickers et al v. Knauf GIPS KG et al
Case No.: 09-CIV-20510
_____/

## BANNER SUPPLY CO.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOURTH-PARTY COMPLAINT

Defendant BANNER SUPPLY CO. ("BANNER"), by its undersigned counsel, hereby files

its Memorandum in Support of its Motion to Dismiss Fourth-Party Plaintiff ATCO INT. CORP.'s

("AIC") Fourth-Party Complaint.  For all the reasons set forth herein, the instant Motion should be

granted.

### BACKGROUND

On or about March 2, 2009, Plaintiff KAREN VICKERS ("Plaintiff") filed a Class Action

Complaint in the instant action asserting causes of action against BANNER and several other

Defendants, including SOUTH KENDALL CONSTRUCTION CORP. ("SKCC") for:  1) strict

liability; 2) violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTA"); 3) private

nuisance; 4) unjust enrichment; and 5) equitable and injunctive relief and medical monitoring.  On

March 24, 2009, Plaintiff served an Amended Complaint.  Plaintiff's causes of action purportedly

arise out of the manufacturing, supply and installation of allegedly defective drywall.

{218429.0005/N0820602_1}

**ADORNO & YOSS LLP**
350 EAST LAS OLAS BLVD.• SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

Thereafter, SKCC filed a Third-Party Complaint against its subcontractor, AIC, in the instant action, purportedly arising out of AIC's alleged use of defective or faulty materials, i.e., defective drywall.

Accordingly, AIC filed a Fourth-Party Complaint against BANNER.  The Fourth-Party Complaint arises out of BANNER's alleged breach of contract and warranties in connection with its sale of defective drywall to AIC and alleges, *inter alia*, that AIC purchased various drywall products from BANNER. (Fourth-Party Compl. at ¶ 7).  AIC also claims that the "drywall contained a defect which permitted high levels of sulfur and other noxious gases to be emitted" which corrode certain household items and other property.  (Fourth-Party Compl. at ¶ 7). AIC denies SKCC's allegations of liability in the Third-Party Complaint, but claims that if it is liable for said allegations, "any liability of AIC to SKCC is technical and derivative in nature."  (Fourth-Party Compl. at ¶ 11).  AIC has asserted causes of action against BANNER for: 1) indemnity; 2) breach of warranty; 3) strict liability; and 4) breach of contract.  For the reasons set forth herein, this Court should dismiss the Fourth-Party Complaint in its entirety and grant the instant Motion.

## I.     ARGUMENT

### A.     Standard on Motion to Dismiss

Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint is subject to dismissal if it fails to state a claim.  To state a valid claim, a complaint must factually allege each element of the claim for which relief is sought.  When allegations in a complaint are wholly conclusory and fail to set forth facts which, if proved, would warrant relief for the Plaintiff, dismissal is appropriate. *American Association of People with Disabilities v. Smith*, 227 F. Supp. 2d 1276, 1280 (M.D. Fla. 2002); *see also G. Davidson v. State of Georgia*, 622 F. 2d 895, 899 (5th Cir. 1980) (the naked assertion that a

{218429.0005/N0820602_1}

2

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

regulatory system could be improperly applied does not state a claim upon which relief may be granted).

**B.**     The Fourth-Party Complaint Fails to Comply with the Federal Rules of Civil Procedure

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Alleging merely opinions, theories, legal conclusions or arguments is insufficient. See Norris v. Hearst Trust, 500 F.3d 454, 464 (5th Cir. 2007). Ultimate facts must be alleged to support the elements of the legal causes of action asserted. See Anderson v. U.S. Dept. of Housing and Urban Development, 554 F.3d 525, 528 (5th Cir. 2008) (Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading). The purpose of this rule is to give the defendant fair notice of what the claim is and the grounds upon which it rests. Id. Herein, AIC's Fourth-Party Complaint fails to comply with the standards imposed by Rule 8 and the case law interpreting this rule.

**C.**     **Indemnity**

Count I of the Fourth-Party Complaint purports to be a cause of action against BANNER for common law indemnity. Indemnification can arise pursuant to common law or by contract. See United of Omaha Life Ins. Co. v. Nob Hill Assoc., 450 So. 2d 536, 539 (Fla. 3d DCA 1984) ("The law is well settled that a party may recover under an indemnity theory where its liability…would be solely vicarious, constructive, derivative or technical and based upon the actual wrongdoing or breach of contract of the indemnitor."); see also Barnett Bank of Miami v. Mutual of Omaha Ins. Co., 354 So. 2d 114, 115 (Fla. 3d DCA 1978) ("The obligation to indemnify need not solely be based upon an express contract of indemnification, but may arise out of a liability imposed by law…and "has been said to exists whenever the relationship between the parties is such that either in

{218429.0005/N0820602_1}

3

law or in equity there is an obligation on one party to indemnify the other, as where one person is exposed to liability by the wrongful act of another in which he does not join.").

In <u>Houdaille Industries, Inc. v. Edwards</u>, 374 So. 2d 490 (Fla. 1979), the Supreme Court of Florida addressed the right of indemnity, stating:

> Indemnity is a right which inures to one who discharges a duty owned to him, but which, as between himself and another, should have been discharged by the other and is allowable only where the Whole fault is in the one against whom indemnity is sought. It shifts the entire loss from one who, although without active negligence or fault, has been obligated to pay, because of some vicarious, constructive, derivative, or technical liability [i.e., a special relationship], to another who should bear the costs because it was the latter's wrongdoing for which the former is held liable.

<u>Id.</u> at 493-92. It is based "upon the fault of another which has been imputed to or constructively fastened upon the one seeking indemnity, and there can be no indemnity between joint tortfeasors." <u>Id.</u> at 492. In other words, indemnity may only be sought where the one seeking indemnity is without fault. <u>Id.</u>

In this case, there is clearly no contractual relationship which entitles AIC to "indemnity." Accordingly, BANNER is not contractually obligated to indemnify AIC for the claims alleged by SKCC. <u>See</u> <u>Spolski Gen. Contractor, Inc. v. Jett-Aire Corp. Aviation Mgmt. of Cent. Fla., Inc.</u>, 637 So. 2d 968, 970 (Fla. 5th DCA 1994) (manufacturer of floor paint used in building project was not bound to indemnify general contractor who alleged that paint was defective, in absence of a contractual relationship between manufacturer and contractor on project).

Similarly, BANNER is not obligated to indemnify AIC pursuant to the common law theory of indemnification. AIC claims it was not aware of the latent defects in the drywall or that it had been manufactured in China, and that it "is not guilty of any act of wrongdoing." (Fourth-Party Compl. at ¶ 11). AIC further claims that any liability of AIC to SKCC "is technical and derivative in nature." (Fourth-Party Compl. at ¶ 11). Notwithstanding, AIC fails to allege that its liability would arise from

{218429.0005/N0820602_1}

4

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

a technical and/or derivative relationship *with BANNER*.  In fact, AIC does not allege that it had any

"special relationship" with BANNER, as the law requires in order to set forth a cause of action for

indemnity.  Accordingly, AIC's cause of action for indemnification must fail.

### D.     Breach of Implied Warranty

Section 672.314, <u>Florida</u> <u>Statutes</u> states:

> (1) Unless excluded or modified (s. 672.316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind...

> (2) Goods to be merchantable must be at least such as:

>> (a) Pass without objection in the trade under the contract description; and

>> (b) In the case of fungible goods, are of fair average quality within the description; and

>> (c) Are fit for the ordinary purposes for which such goods are used; and

>> (d) Run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and

>> (e) Are adequately contained, packaged, and labeled as the agreement may require; and

>> (f) Conform to the promises or affirmations of fact made on the container or label if any.

> (3) Unless excluded or modified (s. 672.316) other implied warranties may arise from course of dealing or usage of trade.

§ 672.314, <u>Fla.</u> <u>Stat.</u> (2009).  Regardless of whether a product fails to comport with the foregoing

statutory requirements, Florida law requires privity of contract to maintain an action for breach of an

implied warranty.  <u>Ocana v. Ford Motor Co.</u>, 992 So. 2d 319, 325 (Fla. 3d DCA 2008).  AIC has

failed to allege any ultimate facts showing that it is in privity with BANNER; merely stating that

BANNER sold AIC drywall does not satisfy the requirements of the Federal Rules of Civil

{218429.0005/N0820602_1}

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

Procedure, which require that allegations be supported with ultimate facts. Accordingly, AIC has failed to state a cause of action for breach of implied warranty of merchantability, and Count II of the Fourth-Party Complaint should be dismissed.

Accordingly, AIC has failed to state a cause of action for breach of implied warranty of merchantability, and Count II should be dismissed.

### E.    Strict Liability

In Count III of the Fourth-Party Complaint, AIC has improperly asserted a cause of action for strict liability against BANNER. "[S]trict liability should be imposed only when a product the manufacturer places on the market, knowing that it is to be used without inspection for defects, proves to have a defect that causes injury to a human being." Federal Ins. Co. v. Bonded Lightning Protection Systems, Inc. 2008 WL 5111260, *4 (S.D. Fla. 2008) (citing West v. Caterpillar Tractor Co., Inc., 336 So. 2d 80, 86 (Fla. 1976)). This doctrine has since been expanded "to others in the distributive chain including retailers, wholesalers, and distributors." Plaza v. Fisher Development, Inc., 971 So. 2d 918, 920 (Fla. 3d DCA 2007) (quoting Samuel Friedland Family Enters. v. Amoroso, 630 So. 2d 1067, 1068 (Fla.1994)).

"[T]he doctrine of strict products liability does not apply to structural improvements to real estate." Id. (quoting Easterday v. Masiello, 518 So. 2d 260, 261 (Fla. 1988)); see Pamperin v. Interlake Companies, Inc., 634 So. 2d 1137 (Fla. 1st DCA 1994) (structural improvements to real property are generally not considered products for purposes of products liability actions). In determining whether something constitutes a "product" or a "structural improvement to real property" with regard to products liability actions, courts will look at several factors, including: (1) whether the structure can be disassembled and resold, Pamperin, 634 So. 2d at 1137; (2) whether the item adds value to the property; (3) whether the item is intended to enhance the property's value,

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD.• SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

beauty, or utility, <u>Plaza v. Fisher Development, Inc.</u>, 971 So. 2d 918, 920 (Fla. 3d DCA 2007); and (4) whether the item is available for purchase in the sense that it is offered in the stream of commerce. <u>Edward M. Chadbourne, Inc. v. Vaughn</u>, 491 So. 2d 551 (Fla. 1986); <u>Easterday</u>, 518 So. 2d at 260.  AIC has failed to allege that the drywall is a product within the scope of the strict products liability doctrine.  The drywall at issue is clearly a structural improvement to real property not subject to strict products liability.

Moreover, this cause of action is barred by the Economic Loss Rule because it is founded on tort theories of liability and alleges certain duties purportedly breached by BANNER in connection with its alleged supply of defective drywall.  This cause of action relates to the quality of the drywall allegedly supplied by BANNER.  As such, it is barred by the product liability economic loss rule (the "Economic Loss Rule").

The Economic Loss Rule "prohibits tort recovery when a product damages itself, causing economic loss, but does not cause personal injury or damage to any property other than itself." <u>Casa Clara Condominium Ass'n, Inc. v. Charley Toppino and Sons, Inc.</u>, 620 So. 2d 1244, 1246 (Fla. 1993).  The Economic Loss Rule was developed "to protect manufacturers from liability for economic damages caused by a defective product beyond those damages provided by warranty law." <u>See</u> <u>Indemnity Ins. Co. of N. America v. America v. American Aviation, Inc.</u>, 891 So. 2d 532, 538 (Fla. 3d DCA 1986).  "[A] manufacturer or distributor in a commercial relationship has no duty beyond that arising from its contract to prevent a product from malfunctioning or damaging itself." <u>Id.</u> at 542.  The Economic Loss Rule "applies even in the absence of privity of contract." <u>Id.</u> at 541 (citations omitted).

"Economic loss has been defined as 'damages for inadequate value, costs of repair and replacement of the defective product, or consequent loss of profits-without any claim of personal

{218429.0005/N0820602_1}

injury or damage to other property.' It includes 'the diminution in the value of the product because it is inferior in quality and does not work for the general purposes for which it was manufactured and sold,'" or the "'disappointed economic expectations,' which are protected by contract law, rather than tort law." Id. "[T]here must be a showing of harm above and beyond disappointed expectations," for a plaintiff to recover in tort. Id. "A buyer's desire to enjoy the benefit of his bargain is not an interest that tort law traditionally protects." Id. (citations omitted).

Herein, AIC claims that BANNER sold it defective drywall which AIC later installed in certain homes being built by SKCC. Because SKCC has been sued by Plaintiffs and SKCC has sued AIC, AIC, in turn, has sued BANNER. The relief sought by AIC is purely economic, as it has failed to allege that anyone has sustained any physical injuries and no property, other than the drywall itself has sustained any damage. In an attempt to defeat the Economic Loss Rule, AIC states that other property has been damaged as a result of BANNER's sale of the allegedly defective drywall. (See Fourth-Party Compl. at ¶ 26.) However, AIC has no standing to bring a cause of action for strict liability against BANNER based on purported damage to "other property," since the allegedly damaged property is not owned by AIC, but rather, Plaintiffs. Accordingly, the Economic Loss Rule precludes AIC's cause of action for strict liability against BANNER, and Count III of the Fourth-Party Complaint should be dismissed.

## F.   <u>Breach of Contract</u>

Pursuant to Florida law, in order to maintain a cause of action for breach of contract, a plaintiff must show: a valid contract; a material breach; and damages. Sulkin v. All Florida Pain Management, Inc., 932 So.2d 485, 486 (Fla. 4th DCA 2006). In this case, AIC makes the conclusory allegation that "AIC entered an agreement with Banner to purchase the standard and customary one-half inch drywall made in the United States." (See Fourth Am. Compl. at ¶ 28.) However, AIC has

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

not only failed to set forth any ultimate facts in support of this allegation, but it has also failed to attach any such contract to the Fourth Amended Complaint as an Exhibit. Accordingly, AIC has failed to provide fair notice of its claim for breach of contract. Furthermore, AIC has violated Florida Rule of Civil Procedure 1.130, which requires that all contracts upon which an action may be brought, or a copy thereof, shall be incorporated in or attached to the pleading. Fla. R. Civ. P. 1.130. Accordingly, AIC's purported claim for breach of contract must be dismissed.

## II. CONCLUSION

For all the foregoing reasons, Fourth-Party Defendant BANNER SUPPLY CO. respectfully requests that this Court enter an Order dismissing Fourth-Party Plaintiff ATCO INT. CORP.'s Fourth-Party Complaint and awarding BANNER such other and further relief that this Court deems just and proper under the circumstances.

**ADORNO & YOSS LLP**

Jan Douglas Atlas
Florida Bar No.: 226246
Jeffrey A. Backman
Florida Bar No.: 0662501
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, Florida 33301
(954) 763-1200 (Telephone)
(954) 766-7800 (Facsimile)

Attorneys for Defendant Banner Supply Co.


By: /s/ Jeffrey A. Backman

{218429.0005/N0820602_1}

9

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsel by e-mail and upon all Chinese Dry Wall parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 6, on this 30th day of March, 2010.  I further certify that the above and foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 30th day of March, 2010.

By: /s/Jeffrey A. Backman