# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL | * | MDL NO.:  2047 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION: "L" |
| THIS DOCUMENT RELATES TO: | * | |
| | * | JUDGE FALLON |
| *SEAN AND BETH PAYTON, ET AL.* | * | |
| *vs.* | * | MAGISTRATE JUDGE |
| *KNAUF GIPS KG, ET AL.* | * | WILKINSON |
| Case No. 2:09-CV-7628 | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## DEFENDANT, McDOWELL BUILDERS, L.L.C.'S ANSWER TO PLAINTIFFS' OMNIBUS CLASS ACTION COMPLAINT (I), AND AFFIRMATIVE DEFENSES

NOW INTO COURT, through undersigned counsel, comes McDowell Builders, L.L.C. who responds to the allegations of Plaintiffs' Omnibus Class Action Complaint (I) (hereinafter referred to as the "Complaint") as follows:

## JURISDICTION, PARTIES, AND VENUE

1.    Denied.

2.    Denied.

3.    To the extent Plaintiffs are alleging that venue is proper in the Eastern District of Louisiana, the allegations in Paragraph 3 are denied.  With respect to any and all claims against McDowell Builders, L.L.C., defendant objects to venue in the Eastern District of Louisiana.

## PLAINTIFFS

4.     No answer by McDowell Builders, L.L.C. is necessary in response to the allegations contained in Paragraphs 4 through 2072, as they relate to the specific identities and property interests of each respective Plaintiff/purported class member.  The majority of those allegations do not relate to McDowell Builders, L.L.C.  To the extent an answer is deemed necessary, the allegations of Paragraphs 4 through 2072 are denied for lack of sufficient information to justify a belief therein.

## DEFENDANTS

5.     The allegations of paragraph 2073 are denied for lack of sufficient information to justify a belief therein.

### The Manufacturing Defendants

6.     No answer by McDowell Builders, L.L.C. is necessary in response to the allegations contained in Paragraphs 2074 through 2079, as they relate to the specific identities and roles of individual defendants.  Those allegations do not relate to McDowell Builders, L.L.C.  To the extent an answer is deemed necessary, the allegations of Paragraphs 2074 through 2079 are denied for lack of sufficient information to justify a belief therein.

### The Distributor and Supplier Defendants

7.     No answer by McDowell Builders, L.L.C. is necessary in response to the allegations contained in Paragraphs 2080 through 2123, as they relate to the specific identities and roles of individual defendants.  Those allegations do not relate to McDowell Builders, L.L.C.  To the extent an answer is deemed necessary, the allegations of Paragraphs 2080 through 2123 are denied for lack of sufficient information to justify a belief therein.

**The Importer/Exporter/Broker Defendants**

8.      No answer by McDowell Builders, L.L.C. is necessary in response to the allegations contained in Paragraphs 2124 through 2128, as they relate to the specific identities and roles of individual defendants.  Those allegations do not relate to McDowell Builders, L.L.C.  To the extent an answer is deemed necessary, the allegations of Paragraphs 2124 through 2128 are denied for lack of sufficient information to justify a belief therein.

**The Developer/Builder Subclasses**

9.      No answer by McDowell Builders, L.L.C. is necessary in response to the allegations contained in Paragraphs 2129 through 2356 and 2358 through 2516, as they relate to the specific identities and roles of individual defendants.  Those allegations do not relate to McDowell Builders, L.L.C.  To the extent an answer is deemed necessary, the allegations of Paragraphs 2129 through 2356 and 2358 and 2516 are denied for lack of sufficient information to justify a belief therein.

10.     McDowell Builders, L.L.C. denies the allegations of Paragraph 2157 except to admit that defendant is a Louisiana limited liability company.   All other allegations contained within Paragraph 2516 are denied and strict proof is demanded thereon.

**The Contractor/Installer Subclasses**

11.     No answer by McDowell Builders, L.L.C. is necessary in response to the allegations contained in Paragraphs 2517 through 2609, as they relate to the specific identities and roles of individual defendants.  Those allegations do not relate to McDowell Builders, L.L.C.  To the extent an answer is deemed necessary, the allegations of Paragraphs 2517 through 2609 are denied for lack of sufficient information to justify a belief therein.

## FACTS REGARDING PRODUCT DEFECT

12.     The allegations of Paragraph 2610 are denied.

13.     The allegations of Paragraph 2611 are denied.

14.     The allegations of Paragraph 2612 are denied.

15.     The allegations of Paragraph 2613 are denied.

16.     The allegations of Paragraph 2614 are denied.

17.     The allegations of Paragraph 2615 are denied as written.  McDowell Builders, L.L.C. denies the allegations of any tortuous activity on its part and demands strict proof thereon.

18.     The allegations of Paragraph 2616 are denied as written.  McDowell Builders, L.L.C. denies the allegations as they relate to it and demands strict proof thereon.

19.     The allegations of Paragraph 2617 are denied as written.  McDowell Builders, L.L.C. denies the allegations as they relate to it and demands strict proof thereon.

20.     The allegations of Paragraph 2618 are denied.

21.     The allegations of Paragraph 2619 are denied.

22.     The allegations of Paragraph 2620 are denied.

## CLASS ACTION ALLEGATIONS

### The Knauf Class

23.     The allegations of Paragraph 2621 are statements and/or conclusions of law that do not require an answer of McDowell Builders, L.L.C.  To the extent an answer is deemed necessary, McDowell Builders, L.L.C. denies the allegations of Paragraph 2621.

### The Distributor/Supplier Subclasses (Subclasses 1-43)

24.     The allegations of Paragraphs 2622 through 2623 are statements and/or conclusions of law that do not require an answer of McDowell Builders, L.L.C.  To the extent an answer is

deemed necessary, McDowell Builders, L.L.C. denies the allegations of Paragraphs 2622 through 2623.

### The Importer/Exporter/Broker Subclasses (Subclasses 44-48)

25.     The allegations of Paragraphs 2624 through 2625 are statements and/or conclusions of law that do not require an answer of McDowell Builders, L.L.C.  To the extent an answer is deemed necessary, McDowell Builders, L.L.C. denies the allegations of Paragraphs 2622 through 2623.

### The Builder/Developer Subclasses (Subclasses 49-436)

26.     The allegations of Paragraphs 2626 through 2627 are statements and/or conclusions of law that do not require an answer of McDowell Builders, L.L.C.  To the extent an answer is deemed necessary, McDowell Builders, L.L.C. denies the allegations of Paragraphs 2626 through 2627 except that it is in the business of building and/or constructing properties in Louisiana.

### The Contractor/Installer Subclasses (Subclasses 437-529)

27.     The allegations of Paragraphs 2628 through 2629 are statements or conclusions of law that do not require an answer of McDowell Builders, L.L.C.  To the extent an answer is deemed necessary, McDowell Builders, L.L.C. denies the allegations of Paragraphs 2628 through 2629.

### General Class Allegations and Exclusions from the Class Definitions

28.     The allegations of Paragraph 2630 are statements or conclusions of law that do not require an answer of McDowell Builders, L.L.C.  To the extent an answer is deemed necessary, McDowell Builders, L.L.C. denies the allegations of Paragraphs 2630.

29.     The allegations of Paragraph 2631 are denied generally and with respect to the claims of the plaintiffs' class and subclass against McDowell Builders, L.L.C. in particular.

30.     The allegations of Paragraph 2632, including subpart "a" through "d", are denied generally and with respect to the claims of the plaintiffs' class and subclass against McDowell Builders, L.L.C. in particular.

31.     The allegations of Paragraph 2633 are denied generally and with respect to the claims of the plaintiffs' class and subclass against McDowell Builders, L.L.C. in particular.

32.     The allegations of Paragraph 2634 are denied.

33.     The allegations of Paragraph 2635 are denied for lack of sufficient information to justify a belief therein.

34.     The allegations of Paragraph 2636 are denied generally and with respect to the claims of the plaintiffs' class and subclass against McDowell Builders, L.L.C. in particular.

35.     The allegations of Paragraph 2637 are denied generally and with respect to the claims of the plaintiffs' class and subclass against McDowell Builders, L.L.C. in particular.

36.     The allegations of Paragraph 2638 are denied generally and with respect to the claims of the plaintiffs' class and subclass against McDowell Builders, L.L.C. in particular.

37.     The allegations of Paragraph 2639 are denied generally and with respect to the claims of the plaintiffs' class and subclass against McDowell Builders, L.L.C. in particular.

<u>COUNT I</u>
**NEGLIGENCE**
**(Against All Defendants)**

38.     Defendant, McDowell Builders, L.L.C. denies the allegations of Paragraph 2640 and adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

39.     The allegations of Paragraph 2641 are denied.

40.     The allegations of Paragraph 2642 are denied.

41.     The allegations of Paragraph 2643 are denied.

42.     The allegations of Paragraph 2644 are denied.

43.     The allegations of Paragraph 2645 are denied.

44.     The allegations of Paragraph 2646 are denied.

45.     The allegations of Paragraph 2647 are denied.

**COUNT II**
**NEGLIGENCE PER SE**
**(Against All Defendants)**

46.     Defendant, McDowell Builders, L.L.C. denies the allegations of Paragraph 2648 and adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

47.     The allegations of Paragraph 2649 are denied.

48.     The allegations of Paragraph 2650 are denied.

49.     The allegations of Paragraph 2651 are denied.

50.     The allegations of Paragraph 2652 are denied.

51.     The allegations of Paragraph 2653 are denied.

52.     The allegations of Paragraph 2654 are denied.

**COUNT III**
**STRICT LIABILITY**
**(All Defendants)**

53.     Defendant, McDowell Builders, L.L.C. denies the allegations of Paragraph 2655 and adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

54.     The allegations of Paragraph 2656 are denied.

55.     The allegations of Paragraph 2657 are denied.

56.     The allegations of Paragraph 2658 are denied.

57.     The allegations of Paragraph 2659 are denied.

58.     The allegations of Paragraph 2660 are denied.

59.     The allegations of Paragraph 2661 are denied.

60.     The allegations of Paragraph 2662 are denied.

61.     The allegations of Paragraph 2663 are denied.

62.     The allegations of Paragraph 2664 are denied.

63.     The allegations of Paragraph 2665 are denied.

64.     The allegations of Paragraph 2666 are denied.

65.     The allegations of Paragraph 2667 are denied.

66.     The allegations of Paragraph 2668 are denied.

67.     The allegations of Paragraph 2669 are denied.

68.     The allegations of Paragraph 2670 are denied.

69.     The allegations of Paragraph 2671 are denied.

70.     The allegations of Paragraph 2672 are denied.

## COUNT IV
## BREACH OF EXPRESS AND/OR IMPLIED WARRANTY
### (All Defendants)

71.     Defendant, McDowell Builders, L.L.C. denies the allegations of Paragraph 2673 and adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

72.     The allegations of Paragraph 2674 are denied.

73.     The allegations of Paragraph 2675 are denied.

74.     The allegations of Paragraph 2676 are denied.

75.     The allegations of Paragraph 2677 are denied.

76.     The allegations of Paragraph 2678 are denied.

77.     The allegations of Paragraph 2679 are denied.

78.     The allegations of Paragraph 2680 are denied.

**COUNT V**
**BREACH OF THE IMPLIED WARRANTY OF FITNESS AND MERCHANTABILITY**
**PURSUANT TO FLORIDA STATUTES SECTION 718.203**
**(On Behalf of Plaintiffs Who Own Condominiums in the State of Florida)**
**(Against Builders Only)**

79.     Defendant, McDowell Builders, L.L.C. denies the allegations of Paragraph 2681 and adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

80.     No answer by McDowell Builders, L.L.C. is deemed necessary in response to the allegations contained in Count V, Breach of the Implied Warranty of Fitness and Merchantability Pursuant to Florida Statutes Section 718.203, Paragraphs 2682 through 2692, as they relate to builders of Florida condominiums.  Those allegations do not relate to McDowell Builders, L.L.C. as it is not a Florida condominium builder.  To the extent an answer is deemed necessary, the allegations of Paragraphs 2682 through 2692 are denied.

**COUNT VI**
**BREACH OF THE IMPLIED WARRANTY OF HABITABILITY**
**(Against Builders Only)**

81.     Defendant, McDowell Builders, L.L.C. denies the allegations of Paragraph 2693 and adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

82.     The allegations of Paragraph 2694 are denied.

83.     The allegations of Paragraph 2695 are denied.

84.     The allegations of Paragraph 2696 are denied.

85.     The allegations of Paragraph 2697 are denied.

86.     The allegations of Paragraph 2698 are denied.

87.     The allegations of Paragraph 2699 are denied.

**COUNT VII**
**BREACH OF CONTRACT**
**(Against Builders Only)**

88.     Defendant, McDowell Builders, L.L.C. denies the allegations of Paragraph 2700 and adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

89.     The allegations of Paragraph 2701 are denied.

90.     The allegations of Paragraph 2702 are denied.

91.     The allegations of Paragraph 2703 are denied.

**COUNT VIII**
**VIOLATION OF THE LOUISIANA NEW HOME WARRANTY ACT**
**(Against Louisiana Builders Only)**

92.     Defendant, McDowell Builders, L.L.C. denies the allegations of Paragraph 2704 and adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

93.     The allegations of Paragraph 2705 are statements and/or conclusions of law that do not require an answer of McDowell Builders, L.L.C.  To the extent an answer is deemed necessary, McDowell Builders admits only that which is accurate and in accord with the stated purpose of Louisiana's New Home Warranty Act, which can be found in Louisiana Revised Statutes 9:3141 *et seq*.

94.     The allegations of Paragraph 2706 are denied for lack of sufficient information to justify a belief therein.  With respect to subclass members, Jared and Emily Lewis only, McDowell Builders, L.L.C. admits the allegations of Paragraph 2706.

95.     The allegations of Paragraph 2707 are statements and/or conclusions of law that do not require an answer of McDowell Builders, L.L.C.  To the extent an answer is deemed necessary, the allegations of Paragraph 2707 are denied.

96.     The allegations of Paragraph 2708 are denied.

97.     The allegations of Paragraph 2709 are denied.

98.     The allegations of Paragraph 2710 are denied

**COUNT IX**
**REDHIBITION**
**(By Louisiana Plaintiffs Against All Defendants)**

99.     Defendant, McDowell Builders, L.L.C. denies the allegations of Paragraph 2711 and adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

100.    The allegations of Paragraph 2711 are denied.

101.    The allegations of Paragraph 2712 are denied.

102.    The allegations of Paragraph 2713 are denied.

103.    The allegations of Paragraph 2714 are denied.

104.    The allegations of Paragraph 2715 are denied.

105.    The allegations of Paragraph 2716 are statements and/or conclusions of law that do not require an answer of McDowell Builders, L.L.C.  To the extent an answer is deemed necessary, the allegations of Paragraph 2716 are denied.

106.    The allegations of Paragraph 2717 are denied.

107.    The allegations of Paragraph 2718 are denied.

108.    The allegations of Paragraph 2719 are denied.

109.    The allegations of Paragraph 2720 are denied.

**COUNT X**
**LOUISIANA PRODUCTS LIABILITY ACT**
**(Manufacturing Defendants)**
**(Pleaded in the Alternative Against Distributor Defendants)**

110.    Defendant, McDowell Builders, L.L.C. denies the allegations of Paragraph 2721 and adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

111.    No answer by McDowell Builders, L.L.C. is deemed necessary in response to the allegations contained in Count X, Louisiana Products Liability Act, Paragraphs 2722 through 2734.  Those allegations do not relate to McDowell Builders, L.L.C. as it is not a manufacturing defendant.  To the extent an answer is deemed necessary, the allegations of Paragraphs 2722 through 2734 are denied.

**COUNT XI**
**PRIVATE NUISANCE**
**(All Defendants)**

112.    Defendant, McDowell Builders, L.L.C. denies the allegations of Paragraph 2735 and adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

113.    The allegations of Paragraph 2736 are denied.

114.    The allegations of Paragraph 2737 are denied.

115.    The allegations of Paragraph 2738 are denied.

116.    The allegations of Paragraph 2739 are denied.

117.    The allegations of Paragraph 2740 are denied.

118.    The allegations of Paragraph 2741 are denied.

## COUNT XII
### NEGLIGENT DISCHARGE OF A CORROSIVE SUBSTANCE
### (All Defendants)

119.    Defendant, McDowell Builders, L.L.C. denies the allegations of Paragraph 2742 and adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

120.    The allegations of Paragraph 2743 are denied.

121.    The allegations of Paragraph 2744 are denied.

122.    The allegations of Paragraph 2745 are denied.

123.    The allegations of Paragraph 2746 are denied.

124.    The allegations of Paragraph 2747 are denied.

125.    The allegations of Paragraph 2748 are denied.

## COUNT XIII
### UNJUST ENRICHMENT
### (All Defendants)

126.    Defendant, McDowell Builders, L.L.C. denies the allegations of Paragraph 2749 and adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

127.    The allegations of Paragraph 2750 are denied.

128.    The allegations of Paragraph 2751 are denied.

129.    The allegations of Paragraph 2752 are denied.

## COUNT XIV
## VIOLATION OF CONSUMER PROTECTION ACTS
### (All Defendants)

130.    Defendant, McDowell Builders, L.L.C. denies the allegations of Paragraph 2753 and adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

131.    The allegations of Paragraph 2754 are statements and/or conclusions of law that do not require an answer of McDowell Builders, L.L.C.  To the extent an answer is deemed necessary, the allegations of Paragraph 2754 are denied.

132.    The allegations of Paragraph 2755 are statements and/or conclusions of law that do not require an answer of McDowell Builders, L.L.C.  To the extent an answer is deemed necessary, the allegations of Paragraph 2755 are denied.

133.    The allegations of Paragraph 2756 are denied.

134.    The allegations of Paragraph 2757 are denied.

## COUNT XV
## EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING
### (All Defendants)

135.    Defendant, McDowell Builders, L.L.C. denies the allegations of Paragraph 2758 and adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

136.    The allegations of Paragraph 2759 are denied.

137.    The allegations of Paragraph 2760 are denied.

138.    No answer is deemed necessary in response to Paragraph 2761.  To the extent an answer is deemed necessary by McDowell Builders, L.L.C., the allegations of Paragrap2761 are denied.

139.    The allegations of Paragraph 2762 denied.

140.    The allegations of Paragraph 2763 are denied.

141.    The allegations of Paragraph 2764 are denied.

142.    The allegations of Paragraph 2765 are denied.

143.    The allegations of Paragraph 2766 are denied.

144.    The allegations of Paragraph 2767 are denied.

145.    The allegations of Paragraph 2768 are denied.

146.    The allegations of Paragraph 2769 are denied.

147.    The allegations of Paragraph 2770 are denied.

## DEMAND FOR JURY TRIAL

No Answer is deemed necessary in response to Plaintiffs' Demand for Jury Trial.  To the extent and answer is deemed necessary, the allegations contained therein are denied.

## PRAYER FOR RELIEF

No Answer is deemed necessary in response to Plaintiffs' Prayer for Relief.  To the extent and answer is deemed necessary, the allegations contained therein are denied.

148.    All unnumbered and miss-numbered paragraphs, as well as any allegations claiming negligence and/or liability on the part of McDowell Builders, L.L.C. and all allegations not specifically answered herein are denied.

## RESERVATION OF RIGHT TO AMEND TO ADD CROSS-CLAIMS AND/OR THIRD PARTY CLAIMS

149.    McDowell Builders, L.L.C. reserves the right to amend this Answer to assert Cross-Claims and/or Third Party claims against other parties as said claims ripen or become necessary.

## AFFIRMATIVE DEFENSES

AND  NOW  FURTHER  ANSWERING,  Defendant,  McDowell  Builders,  L.L.C., respectfully presents the following affirmative defenses:

## FIRST DEFENSE

The Plaintiffs fail to state a claim and/or cause of action against McDowell Builders, L.L.C. upon which relief may be granted.

## SECOND DEFENSE

Defendant affirmatively pleads herein all affirmative defenses available to it under Rule 12(b) of the Federal Rules of Civil Procedure, and reserves the right to assert any additional defenses allowed by law that may be discovered during the course of additional investigation and discovery.

## THIRD DEFENSE

McDowell Builders, L.L.C. adopts all affirmative defenses of other defendants similarly situated to the extent they are consistent with the defenses asserted herein.

## FOURTH DEFENSE

This Court lacks subject matter jurisdiction over this matter.

## FIFTH DEFENSE

There is insufficiency of citation and service of process against this defendant.

## SIXTH DEFENSE

This Court lacks venue as alleged in the Petition.

## SEVENTH DEFENSE

The Plaintiffs' sole and exclusive rights and remedies, if any exist for the complaints asserted herein, against McDowell Builders, L.L.C. are those enumerated under Louisiana's New Home Warranty Act, La. R.S. 9:3141 *et seq.*  All other causes of action must be dismissed.

## EIGHTH DEFENSE

The Plaintiffs' and/or putative class members' claims as set forth in the Complaint are barred by peremption under the Louisiana New Home Warranty Act, La. R.S. 9:3141 *et seq.*

## NINTH DEFENSE

The Plaintiffs' and/or putative class members' claims as set forth in the Complaint are premature for failure to provide and/or assert that they provided the mandatory notice required under the Louisiana New Home Warranty Act, La. R.S. 9:3141 *et seq.*

## TENTH DEFENSE

The Plaintiffs' and/or putative class members' have not alleged or sustained any actual damages that were proximately caused by Defendant for which it can be held liable under any theory of law.

## ELEVENTH DEFENSE

The Plaintiffs' and/or putative class members' claims as set forth in the Complaint are barred by preemption under the New Home Warranty Act, La. R.S. 9:3141 *et seq.*

## TWELTH DEFENSE

Defendant asserts that pursuant to La. R.S. 9:2771, the work it performed at the locations at issue was performed in accordance with the plans and specifications furnished to it which it did not make, and therefore, this defendant is not liable for any defects that may exist as a result of the fault or insufficiency of such plans or specifications.

## THIRTEENTH DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, due to Plaintiffs' or the putative class members' failure to provide mitigate their alleged damages.

## FOURTEENTH DEFENSE

To the extent this product is, has been, or becomes subject to a recall by the U.S. Consumer Product Safety Commission, all state and federal legal and equitable defenses arising from said product recall are incorporated herein by reference.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred in whole, or in part, by the doctrines of waiver, payment, estoppels, and set-off.  Plaintiffs' claims are also barred in whole, or in part, by their own judicial admissions.

## SIXTEENTH DEFENSE

All applicable federal and state prescriptive and/or preemptive statutory time limitations act as a bar to any recovery of Plaintiffs herein.

## SEVENTEENTH DEFENSE

McDowell Builders, L.L.C.'s actions were not the actual or proximate cause of the claimed damages; hence, Plaintiffs ought not recover from it.  McDowell Builders, L.L.C. specifically and affirmatively avers that it was not the manufacturer of the allegedly defective product, and all products supplied and/or installed by it were at all times reasonably fit and suitable for the purposes for which they were manufactured and sold, and denies that said products were in any manner defective for the use for which they were manufactured.

## EIGHTEENTH DEFENSE

Further answering, McDowell Builders, L.L.C. alternatively avers that it is entitled to a set-off, reduction or credit for a *pro rata* virile share, for each of the entities whose products are shown to have caused Plaintiffs' damages, and/or for all entities and individuals whose fault or

negligence are found to have caused or contributed to Plaintiffs' damages, regardless of whether those entities are parties to this action or are bankrupt.

## NINETEENTH DEFENSE

McDowell Builders, L.L.C. denies the existence of or breach of any actual or implied warranty.

## TWENTIETH DEFENSE

McDowell Builders, L.L.C. denies Plaintiffs have a viable claim for punitive damages. Plaintiffs' claims must fail under applicable state law, federal law and under provisions of the United States Constitution.  The standard by which defendants conduct is to be judged, with regard to the Plaintiffs' claims for exemplary damages, as alleged, it vague and arbitrary, and as such denies due process in violation of the Fifth and Fourteenth Amendments of the United Sates Constitution.

## TWENTY-FIRST DEFENSE

The standard for determining the amount of exemplary damages are vague and provide no notice to defendants of the potential amount of damages, and subject to the unbridled discretion of the jury, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution.

## TWENTY-SECOND DEFENSE

The imposition of punitive damages, as requested by Plaintiffs, would be criminal in nature and the rights given to any defendant in a criminal proceeding under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

## TWENTY-THIRD DEFENSE

The imposition of exemplary damages against defendants would constitute cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. Plaintiffs' request for exemplary damages exposes the defendants to multiple punishments for the same alleged, thereby, denying due process under the Fifth and Fourteenth Amendments of the United States Constitution.

## TWENTY-FOURTH DEFENSE

McDowell Builders, L.L.C. denies that this action is appropriate for class action status as to this Defendant.  McDowell Builders, L.L.C. further opposes and objects to certification of this case as a class action and/or certification of any class or subclass in this action.

## TWENTY-FIFTH DEFENSE

Plaintiffs failed to join as necessary and indispensable parties all of the manufacturers, distributors, suppliers, contractors, subcontractors, and other persons, firms, corporations, associations, and groups which provided drywall to the Plaintiffs, or which used such products in the vicinity of the Plaintiffs, thereby causing or substantially contributing to Plaintiffs' injuries. The failure to join such third parties demonstrates that complete relief cannot be accorded among those who are now parties to this suit.  The failure to join necessary and indispensable parties subjects McDowell Builders, L.L.C. to the substantial risk of incurring double, multiple, and otherwise inconsistent obligations for the damages claimed by Plaintiffs.

## TWENTY-SIXTH DEFENSE

If Plaintiffs suffered any damages, as alleged, such injuries were caused, in whole or in part, by the actions or inactions of third parties, and not McDowell Builders, L.L.C.  McDowell Builders, L.L.C. is not responsible for those damages.

### TWENTY-SEVENTH DEFENSE

McDowell Builders, L.L.C. gives notice that it intends to invoke any other defense that may become available or appear during the subsequent proceedings it his case and hereby reserves the right to amend this response to assert any such defense.

### TWENTY-EIGHTH DEFENSE

McDowell Builders, L.L.C. states that its investigation into the claims and defenses in this action continues, and it expressly reserved the right to modify, amend and/or supplement its defenses to this Complaint.

### TWENTY-NINTH DEFENSE

McDowell Builders, L.L.C. denies any and all liability with regard to the allegations made in Plaintiffs' complaint.  McDowell Builders, L.L.C. specifically denies it ever manufactured, owned, sold, distributed, delivered, and/or supplied any defective drywall.

### THIRTIETH DEFENSE

McDowell Builders, L.L.C. provided no express warranties as to any drywall that it installed.

### THIRTY-FIRST DEFENSE

In the alternative, McDowell Builders, L.L.C. alleges the acts and omissions for others for whom it may be held responsible, caused the damages alleged in the Petition in whole or in part and they are responsible for any damages sustained by plaintiffs the extent cause by them.

### THIRTY-SECOND DEFENSE

McDowell Builders, L.L.C. states that to the extent that any damages claimed by Plaintiffs were caused by the negligence of unrelated third parties who are not currently joined in this lawsuit, and otherwise currently unknown, but who will be identified during discovery;

McDowell builders, L.L.C. is entitled to have those, as of now, unidentified third parties listed on the verdict form, so that fault may be appropriately apportioned.

<u>**THIRTY-THIRD DEFENSE**</u>

If Plaintiffs have heretofore settled or should hereafter settle for any of the alleged injuries and/or damages or loss with any parties, then McDowell Builders, L.L.C. is entitled to a credit for the virile portion of fault attributable to any ad all settling defendants and/or third-party defendants.

<u>**JURY DEMAND**</u>

McDowell Builders prays for trial by jury as to all issues so triable as a matter of right.

WHEREFORE, Defendant, McDowell Builders, L.L.C. prays that this Answer be deemed good and sufficient, and after due proceedings had, there be a judgment in their favor and against Plaintiffs, dismissing with prejudice the claims at Plaintiffs' costs.  Defendant further prays for all general and equitable relief to which it may be entitled.

Respectfully submitted,

DEGAN, BLANCHARD & NASH, APLC


_____*/s/ Foster P. Nash, III*_____
Sidney W. Degan, III (#04804)
sdegan@degan.com
Foster P. Nash (#19079)
fnash@degan.com
Stephanie L. Cheralla (#31433)
scheralla@degan.com
400 Poydras Street, Suite 2600
New Orleans, Louisiana  70130
Telephone:  (504) 529-3333
Facsimile:  (504) 529-3337
***Attorneys for McDowell Builders, L.L.C.***

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the above and foregoing pleading has been served on Liaison Counsel by e-mail and upon all Chinese Drywall parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 6, on this 30th day of March, 2010.

I further certify that the above and foregoing pleading was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM-ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 30th day of March, 2010.

*/s/ Foster P. Nash, III*

L:\168\6876\Doc\03 Answer (MDL- McDowell Builders, LLC).doc