UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY

MDL No. 2047

JUDGE FALLON

MAGISTRATE WILKINSON

*This document relates to:*

SEAN AND BETH PAYTON, et al.

vs.

KNAUF GIPS, DG., et al.
Case No. 2:09-CV-7628

---

### ANSWER ON BEHALF OF SIDNEY SUTTON DRYWALL, INC

---

NOW INTO COURT, through undersigned counsel, comes Sidney Sutton Drywall, Inc. (the "Defendant" or "Sutton"), without waiving any rights, objections, defenses or causes of action that Defendant may possess, who respectfully answers, avers, and pleads as follows to "Plaintiffs Omnibus Class Action Complaint (I)" (Plaintiffs' Complaint").

### FIRST DEFENSE

Defendant denies any and all liability with regard to the allegations made in Plaintiffs' Complaint. Sutton specifically denies it ever manufactured, imported, distributed, delivered, supplied, marketed, inspected, installed or sold any drywall manufactured in China at any time.

528780.1

## SECOND DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted. Sutton affirmatively states he was a dry wall finisher and had no part in selecting or installing drywall. Sutton specifically denies it ever manufactured, imported, distributed, delivered, supplied, marketed, inspected, installed or sold any drywall manufactured in China at any time.

## THIRD DEFENSE

Plaintiffs' claims have prescribed and/or barred by the applicable statute of limitation.

## FOURTH DEFENSE

Defendant hereby pleads plaintiffs' failure to mitigate damages.

## FIFTH DEFENSE

Defendant affirmatively pleads comparative and/or contributory negligence.

## SIXTH DEFENSE

Defendant pleads the fault and/or negligence of plaintiffs and/or named parties and/or other unnamed parties (for whom Defendant is not liable) who's individual and collective fault and/or negligence bars or reduces any liability to plaintiffs which may otherwise attach in proportion to the fault and/or negligence of such parties.

## SEVENTH DEFENSE

Plaintiff alleged injuries or damages, which are specifically denied, were the result of intervening or superseding causes, events, factors, occurrences or conditions that were not caused by Defendant, and for which Defendant is not responsible.

## EIGHTH DEFENSE

All activities undertaken by the Defendant was completed in conformity with industry standard and applicable regulations, all of which is plead in bar of any recovery by Plaintiffs.

528780.1

## NINTH DEFENSE

Defendant affirmatively plead estoppel.

## TENTH DEFENSE

Defendant specifically pleads all rights and defenses available pursuant to the Louisiana New Home Warranty Act or Louisiana Products Liability Act or other applicable law.

## ELEVENTH DEFENSE

Defendant denies plaintiffs have a viable claim for punitive damages. Plaintiffs' claims must fail under applicable state law, federal law and under provisions of the United States Constitution. The standard by which defendant's conduct is to be judged, with regard to the plaintiffs' claims for exemplary damages, as alleged, is vague and arbitrary, and as such denies due process in violation of the Louisiana Constitution Article One, § 2 and the Fifth and Fourteenth Amendments of the United States Constitution.

## TWELVTH DEFENSE

The standard for determining the amount of exemplary damages is vague and provides no notices to defendant of the potential amount of damages, and subject to the unbridled discretion of the jury, thereby denying due process under Louisiana Constitution Article One, § 2 and the Fifth and Fourteenth Amendments of the United States Constitution.

## THIRTEENTH DEFENSE

The imposition of punitive damages, as requested by plaintiffs, would be criminal in nature and the rights given to any defendant in a criminal proceeding under the Fifth, Sixth,

Eighth, and Fourteenth Amendments to the United States Constitution and Article One, § 13 of the Louisiana Constitution are applicable.

## FOURTEENTH DEFENSE

The imposition of exemplary damages against defendant would constitute cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and Article One, § 20 of the Louisiana Constitution. Plaintiffs' request for exemplary damages exposes the defendant to multiple punishments for the same alleged wrong, thereby, denying due process under the Fifth and Fourteenth Amendments of the United States Constitution and Article One, § 2 of the Louisiana Constitution.

## FIFTEENTH DEFENSE

Defendant denies any allegations not specifically admitted herein and all allegations contained in the introductory paragraphs of Plaintiffs' Complaint as well as the allegations in the attachments/exhibits. The Defendant specifically denies that Plaintiffs' Complaint satisfies any of the criteria set forth in Rule 23 of the Federal Rules of Civil Procedure.

## JURISDICTION, PARIES, AND VENUE

1.

The allegations in paragraph **1 through 3** of Plaintiffs' Complaint are denied.

## PLAINTIFFS

2.

The allegations in paragraphs **3 through 2072** of Plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

**DEFENDANTS**

3.

The allegations in paragraphs **2073 through 2594** of Plaintiffs' Complaint do not pertain to Defendant Sutton and does not require a response from Sutton. In the event that a response is required, it is denied for lack of sufficient information to justify a belief there.

4.

The allegations in paragraph **2595** regarding Defendant Sidney Sutton Drywall, Inc are denied except to admit Sutton is a Louisiana Corporation with principal place of business in Denham Springs, Louisiana. Sutton affirmatively states it is in the business of a dry wall finisher and had no part in selecting or installing drywall. Sutton specifically denies it ever manufactured, imported, distributed, delivered, supplied, marketed, inspected, installed or sold any drywall manufactured in China at any time.

5.

The allegations in paragraphs **2596 through 2609** of Plaintiffs' Complaint do not pertain to Defendant Sutton and does not require a response from Sutton. In the event that a response is required, it is denied for lack of sufficient information to justify a belief there.

**FACTS REGARDING PRODUCT DEFECT**

6.

The allegations in paragraphs **2610 through 2620** of Plaintiffs' Complaint directed to Sutton are denied. The allegations directed at other defendants do not require a response from Sutton. In the event that a response is required, it is denied. Further answering, Sutton denies it ever "designed, manufactured, exported, imported, distributed, delivered, supplied, inspected, installed, marketed or sold" drywall manufactured in China.

528780.1

## CLASS ACTION ALLEGATIONS

**The Knauf Class**

7.

The allegations in Paragraph **2621** of Plaintiffs' Complaint are directed at other defendants and, therefore, do not require a response from Defendant Sutton. In the event that a response is required, the allegations are denied. Defendant affirmatively asserts that this case is inappropriate for class certification because the requirements in Federal Rule of Civil Procedure 23 cannot be met.

**The Distributors/Supplier Subclasses**

8.

The allegations in Paragraph **2622 through 2623** of Plaintiffs' Complaint are directed at other defendants and, therefore, do not require a response from Defendant Sutton. In the event that a response is required, the allegations are denied. Defendant affirmatively asserts that this case is inappropriate for class certification because the requirements in Federal Rule of Civil Procedure 23 cannot be met.

**The Importer/Exporter Broker Subclasses**

9.

The allegations in Paragraph **2624 through 2625** of Plaintiffs' Complaint are directed at other defendants and, therefore, do not require a response from Defendant Sutton. In the event that a response is required, the allegations are denied. Defendant affirmatively asserts that this case is inappropriate for class certification because the requirements in Federal Rule of Civil Procedure 23 cannot be met.

528780.1

**The Builder/Developer Subclasses**

10.

The allegations in Paragraph **2626 through 2627** of Plaintiffs' Complaint are directed at other defendants and, therefore, do not require a response from Defendant Sutton. In the event that a response is required, the allegations are denied. Defendant affirmatively asserts that this case is inappropriate for class certification because the requirements in Federal Rule of Civil Procedure 23 cannot be met.

**The Contractor/Installer Subclasses**

11.

The allegations in Paragraphs **2628 through 2629** of Plaintiffs' Complaint are denied. Defendant affirmatively asserts that this case is inappropriate for class certification because the requirements in Federal Rule of Civil Procedure 23 cannot be met. Further answering, Sutton denies it ever "designed, manufactured, exported, imported, distributed, delivered, supplied, inspected, installed, marketed or sold" drywall manufactured in China.

**General Allegations and Exclusions from the Class Definition**

12.

The allegations in Paragraph **2630** of Plaintiffs' Complaint are denied. Defendant affirmatively asserts that this case is inappropriate for class certification because the requirements in Federal Rule of Civil Procedure 23 cannot be met.

13.

The allegations in Paragraph **2631** of Plaintiffs' Complaint are denied. Defendant asserts that this case is inappropriate for class certification because the requirements in Federal Rule of

Civil Procedure 23 cannot be met; in particular plaintiffs cannot satisfy the numerosity requirement of Federal Rule 23(a)(1).

14.

The allegations in Paragraph **2632** of Plaintiffs' Complaint are denied. Defendant asserts that this case is inappropriate for class certification because the requirements in Federal Rule of Civil Procedure 23 cannot be met; in particular plaintiffs cannot satisfy the commonality requirement of Federal Rule 23(a)(2).

15.

The allegations in Paragraph **2633** of Plaintiffs' Complaint are denied. Defendant asserts that this case is inappropriate for class certification because the requirements in Federal Rule of Civil Procedure 23 cannot be met; in particular plaintiffs cannot satisfy the typicality requirement of Federal Rule 23(a)(3).

16.

The allegations in Paragraph **2634** of Plaintiffs' Complaint are denied. Defendant asserts that this case is inappropriate for class certification because the requirements in Federal Rule of Civil Procedure 23 (a)(4) cannot be met.

17.

The allegations in Paragraph **2635** of Plaintiffs' Complaint are denied. Defendant asserts that this case is inappropriate for class certification because the requirements in Federal Rule of Civil Procedure 23 cannot be met. Defendant submits class counsel cannot adequately represent the class because of a conflict of interest between representing the claims of the class representatives and the putatitve class members.

18.

528780.1

The allegations in Paragraph **2636** of Plaintiffs' Complaint are denied. Defendant asserts that this case is inappropriate for class certification because the requirements in Federal Rule of Civil Procedure 23(a) and (b)(1) cannot be met.

19.

The allegations in Paragraph **2637** of Plaintiffs' Complaint are denied. Defendant asserts that this case is inappropriate for class certification because the requirements in Federal Rule of Civil Procedure 23(a) and (b)(2) cannot be met.

20.

The allegations in Paragraph **2638** of Plaintiffs' Complaint are denied. Defendant asserts that this case is inappropriate for class certification because the requirements in Federal Rule of Civil Procedure 23(a) and (b)(3) cannot be met.

21.

The allegations in Paragraph **2639** of Plaintiffs' Complaint are denied. Defendants assert that this case is inappropriate for class certification because the requirements in Federal Rule of Civil Procedure 23(c)(4) cannot be met.

## **COUNT 1 – NEGLIGENCE**

22.

The allegations in paragraphs **2640 through 2647** of Plaintiffs' Complaint directed to Defendant Sutton are denied. Sutton specifically denies it ever manufactured, imported, distributed, delivered, supplied, marketed, installed or sold any drywall manufactured in China at any time. To the extent the allegations are directed to defendants other than Sutton, no answer is required. If an answer to the allegations toward other defendants is required by Sutton, the allegations are denied for lack of sufficient information to justify a belief therein.

## COUNT II- NEGLIGENCE PER SE

23.

The allegations in paragraphs **2648 through 2654** of Plaintiffs' Complaint directed to Defendant Sutton are denied. Sutton specifically denies it ever manufactured, imported, distributed, delivered, supplied, marketed, installed or sold any drywall manufactured in China at any time. To the extent the allegations are directed to defendants other than Sutton, no answer is required. If an answer to the allegations toward other defendants is required by Sutton, the allegations are denied for lack of sufficient information to justify a belief therein.

## COUNT III – STRICT LIABILITY

24.

The allegations in paragraphs **2655 through 2672** of Plaintiffs' Complaint directed to Defendant Sutton are denied. Sutton specifically denies it ever manufactured, imported, distributed, delivered, supplied, marketed, installed or sold any drywall manufactured in China at any time. To the extent the allegations are directed to defendants other than Sutton, no answer is required. If an answer to the allegations toward other defendants is required by Sutton, the allegations are denied for lack of sufficient information to justify a belief therein.

## COUNT IV – BREACH OF EXPRESS OR IMPLIED WARRANTIES

25.

The allegations in paragraphs **2673 through 2680** of Plaintiffs' Complaint directed to Defendant Sutton are denied. Sutton specifically denies it ever manufactured, imported, distributed, delivered, supplied, marketed, installed or sold any drywall manufactured in China at any time. To the extent the allegations are directed to defendants other than Sutton, no answer is

required. If an answer to the allegations toward other defendants is required by Sutton, the allegations are denied for lack of sufficient information to justify a belief therein.

## COUNT V—BREACH OF IMPLIED WARRANTY OF FITNESS AND MERCHANTABILITY PURSUANT O FLORIDA STATUES 718.203

26.

The allegations in paragraphs **2681 through 2692** of Plaintiffs' Complaint are directed to defendants other than Defendant Sutton, therefore, no answer is required. If an answer to the allegations is required by Defendant Sutton, the allegations are denied for lack of sufficient information to justify a belief therein.

## COUNT VI –BREACH OF IMPLIED WARRANTY OF HABITABILITY

27.

The allegations in paragraphs **2693 through 2699** of Plaintiffs' Complaint are directed to defendants other than Defendant Sutton (Builders only), therefore, no answer is required. If an answer to the allegations is required by Defendant Sutton, the allegations are denied for lack of sufficient information to justify a belief therein.

## COUNT VII-BREACH OF CONTRACT

28.

The allegations in paragraphs **2700 through 2703** of Plaintiffs' Complaint are directed to defendants other than Defendant Sutton (Builders only), therefore, no answer is required. If an answer to the allegations is required by Defendant Sutton, the allegations are denied for lack of sufficient information to justify a belief therein.

528780.1

## COUNT VIII – VIOLATIONS OF THE NEW HOME WARRANTY ACT

29.

The allegations in paragraphs **2704 through 2710** of Plaintiffs' Complaint are directed to defendants other than Defendant Sutton (Builders only), therefore, no answer is required. If an answer to the allegations is required by Defendant Sutton, the allegations are denied for lack of sufficient information to justify a belief therein.

## COUNT IX- REHIBITION

30.

The allegations in paragraphs **2711 through 2720** of Plaintiffs' Complaint directed to Defendant Sutton are denied.  Sutton specifically denies it ever manufactured, imported, distributed, delivered, supplied, marketed, installed or sold any drywall manufactured in China at any time.  To the extent the allegations are directed to defendants other than Sutton, no answer is required.  If an answer to the allegations toward other defendants is required by Sutton, the allegations are denied for lack of sufficient information to justify a belief therein.

## COUNT X- LOUISIANA PRODUCTS LIABLITY ACT

31.

The allegations in paragraphs **2721 through 2734** of Plaintiffs' Complaint are directed to defendants other than Defendant Sutton (Manufacturing defendants only/Distributor defendants in alternative only), therefore, no answer is required. If an answer to the allegations is required by Defendant Sutton, the allegations are denied for lack of sufficient information to justify a belief therein.

528780.1

## COUNT XI-PRIVATE NUISANCE

32.

The allegations in paragraphs **2735 through 2741** of Plaintiffs' Complaint directed to Defendant Sutton are denied. Sutton specifically denies it ever manufactured, imported, distributed, delivered, supplied, marketed, installed or sold any drywall manufactured in China at any time. To the extent the allegations are directed to defendants other than Sutton, no answer is required. If an answer to the allegations toward other defendants is required by Sutton, the allegations are denied for lack of sufficient information to justify a belief therein.

## COUNT XII-NEGLIGENT OF A CORROSIVE SUBSTANCE

33.

The allegations in paragraphs **2742 through 2748** of Plaintiffs' Complaint directed to Defendant Sutton are denied. Sutton specifically denies it ever manufactured, imported, distributed, delivered, supplied, marketed, installed or sold any drywall manufactured in China at any time. To the extent the allegations are directed to defendants other than Sutton, no answer is required. If an answer to the allegations toward other defendants is required by Sutton, the allegations are denied for lack of sufficient information to justify a belief therein.

## COUNT XIII- UNJUST ENRICHMENT

34.

The allegations in paragraphs **2749 through 2752** of Plaintiffs' Complaint directed to Defendant Sutton are denied. Sutton specifically denies it ever manufactured, imported, distributed, delivered, supplied, marketed, installed or sold any drywall manufactured in China at any time. To the extent the allegations are directed to defendants other than Sutton, no answer is

required. If an answer to the allegations toward other defendants is required by Sutton, the allegations are denied for lack of sufficient information to justify a belief therein.

## COUNT XIV-VIOLATION OF CONSUMER PROTECTION ACTS

35.

The allegations in paragraphs **2753 through 2757** of Plaintiffs' Complaint directed to Defendant Sutton are denied. Sutton specifically denies it ever manufactured, imported, distributed, delivered, supplied, marketed, installed or sold any drywall manufactured in China at any time. To the extent the allegations are directed to defendants other than Sutton, no answer is required. If an answer to the allegations toward other defendants is required by Sutton, the allegations are denied for lack of sufficient information to justify a belief therein.

## COUNT XV – EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING

36.

The allegations in paragraphs **2758 through 2770** of Plaintiffs' Complaint directed to Defendant Sutton are denied. Sutton specifically denies it ever manufactured, imported, distributed, delivered, supplied, marketed, installed or sold any drywall manufactured in China at any time. To the extent the allegations are directed to defendants other than Sutton, no answer is required. If an answer to the allegations toward other defendants is required by Sutton, the allegations are denied for lack of sufficient information to justify a belief therein.

## JURY DEMAND

37.

Defendant requests and is entitled to a trial by jury.

## PRAYER FOR RELIEF

38.

The allegations in the prayer, which are not numbered, are denied.

WHEREFORE defendant Sidney Sutton Drywall, Inc. pray that their Answer and Affirmative Defenses to Plaintiffs' Complaint be deemed good and sufficient and that after due proceedings had, there be a judgment in their favor dismissing Plaintiffs' claims against defendant at plaintiffs' costs, and for all general and equitable relief including a trial by jury.

Respectfully submitted,

TAYLOR, PORTER, BROOKS, & PHILLIPS L.L.P.

By: /s/ Amy C. Lambert
    Harry J. "Skip" Philips (#2047)
    Margaret L. Tooke (#19810)
    Amy C. Lambert (#24348)
    John M. Parker, Jr. (#32629)
    451 Florida Street, 8th Floor
    P.O. Box 2471
    Baton Rouge, LA 70821
    Phone: 225-387-3221
    Fax: 225-346-8049
    Skip.philips@taylorporter.com
    *Amy.Lambert@taylorporter.com*
*Attorneys for Sidney Sutton Drywall, Inc.*

528780.1

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing ANSWER has been served on plaintiff's liaison counsel Russ Herman and Defendant liaison counsel, Kerry Miller, by U.S. Mail and Email and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with procedures established in MDL 2047, on this 31st day of March, 2010.

                                                                      **s/Amy C. Lambert**

528780.1