UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE MANUFACTURED DRYWALL          MDL NO. 09-2047
PRODUCTS LIABILITY LITIGATION

                                             JUDGE FALLON
                                             MAG. JUDGE WILKINSON

▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪

THIS DOCUMENT RELATES TO

SEAN PAYTON, et al., v. KNAUF GIPS KG, et al.
CASE NO. 09-7628

▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪

## HPH HOMES' MOTION TO DISMISS
## AND MEMORANDUM BRIEF IN SUPPORT

I.      **BACKGROUND**

        On December 9, 2010, 2,067 Plaintiffs directly filed this class action against 535 named

Defendants, including HPH Homes (hereinafter "HPH Homes" or "HPH"), in the United States

District Court for the Eastern District of Louisiana invoking diversity jurisdiction pursuant to 28

U.S.C. § 1332(d)(2) and the Class Action Fairness Act 28 U.S.C. § 1711 *et seq.*

        Plaintiffs allege that named Defendants are liable for damages incurred by the Plaintiffs

due to Defendants' role in the design, manufacture, importing, distributing, delivery, supply,

marketing, inspecting, installing, or sale of defective drywall.  (Complaint, p. 2).

1

Plaintiffs allege that HPH Homes built certain Plaintiffs' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damage to Plaintiffs.  (Complaint, ¶ 2285).

## II.      CHOICE OF LAW

Because Plaintiffs have invoked federal jurisdiction, this Court must apply the substantive law of Louisiana and federal procedural law.  *Erie RR Co. v. Tomkins*, 304 U.S. 64, 78-79 (1938); *Hanna v. Plumer*, 380 U.S. 460, 473 (1965).  State substantive law includes Louisiana's choice of law principles.  *Klaxon v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941).

This Court has previously held that actions filed directly into an MDL in Louisiana "by citizens who reside in the MDL court's judicial district … would have been filed [in Louisiana] whether or not an MDL existed in [Louisiana].  In these cases, the MDL court must apply its own state law, that is, the law of the state in which it sits.  It is undisputed that the MDL court has complete authority over every aspect of these cases."  *In re Vioxx Products Liability Litigation*, 478 F.Supp.2d 897, 903 (E.D. La. 2007).  Therefore, Louisiana law applies to this case.[1]

## III.     STANDARD ON MOTION TO DISMISS

When considering this motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3), this Court must consider the allegations contained in Plaintiffs' complaint as true, unless those allegations are controverted by the defendant's affidavit.  *Thomas v. Kennedy*, 75

---

[1] Even if Alabama law applied, HPH is due to be dismissed for lack of personal jurisdiction, because both Louisiana's and Alabama's long-arm statutes extend due process to the fullest extent permitted by federal due process.  *Davis v. Dempster*, 790 So. 2d 43, 46 (La. App. 2000) writ denied 785 So. 2d 830 (La. 2001);  *See Ex parte Citizens Property Ins. Corp.*, 15 So. 3d 511, 515-16 (Ala. 2009).  *See e.g. In re Bausch & Lomb, Inc.*, 2007 WL 3046682 at *3 (D.S.C.).

Fed. Appx. 281, 283-4 (5th Cir. 2003)(unpublished) (citing *Asarco, Inc. v. Glenara Ltd.*, 912 F. 2d 784, 785 (5th Cir. 1990)).

### IV.     THIS ACTION IS DUE TO BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

#### A.     Under Louisiana's Long-Arm Statute and Applicable Federal Law, Plaintiffs' Claims Must be Dismissed.

"In diversity action … the law of the forum state, subject to the Constitutional limits imposed by the Due Process Clause, controls the ability of a district court to exercise personal jurisdiction over nonresident defendants." *Harper Macleod Solicitors v. Keaty & Keaty,* 260 F.3d 389, 396 (5th Cir. 2001) citing *Southmark Corp. v. Life Investors, Inc.*, 851 F.2d 763, 772 n. 15 (5th Cir. 1988) and *Stuart v. Spademan*, 722 F.2d 1158, 1189 (5th Cir. 1985).

The Louisiana long-arm statute, La. R.S. 13:3201(A) and (B), describes the circumstances under which a Louisiana court may exercise personal jurisdiction over a nonresident defendant such as HPH:

Subsection A states that a court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:  Transacting any business in this state; Contracting to supply services or things in this state; Causing injury or damage by an offense or quasi offense committed through an act or omission in this state; Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.

Subsection B provides, "In addition to the provision of Subsection A, a court of this state

may exercise personal jurisdiction over a nonresident on any basis consistent with the Constitution of this state and of the Constitution of the United States."

La. R.S. 13:3201(B) ensures that the long-arm jurisdiction of a Louisiana court extends to the limits permitted by the Due Process Clause of the Fourteenth Amendment. *Superior Supply Co. v. Associated Pipe and Supply Co.*, 515 So. 2d 790, 792 (La. 1987). In *Superior Supply*, the court stated that under "the express terms of the present long-arm statute, the sole inquiry in to jurisdiction over a nonresident is a one-step analysis of the constitutional due process requirements. If the assertion of jurisdiction meets the constitutional requirements of due process, jurisdiction is authorized under the long-arm statute." *Id.* (citing *Petroleum Helicopters, Inc. v. Avco Corp.*, 513 So. 2d 1188, 1192 (La. 1987). *See also Puckett v. Advance Sports, Inc.*, No. 2009 CA 0507, 2009 WL 3430283 (La. App. 1 Cir. Oct. 26, 2009) at *4; *Thomas v. Kennedy*, *supra*, 75 Fed. Appx. at 283.

> **B.      HPH is Not Subject to the Jurisdiction of this Court Because It Has Not Established Minimum Contacts with the State of Louisiana and Maintaining the Suit in Louisiana Offends Traditional Notions of Fair Play and Substantial Justice.**

A non-resident defendant is not subject to the jurisdiction of this Court unless it has sufficient "minimum contacts" with the State of Louisiana, and maintaining the suit does not offend "traditional notions of fair play and substantial justice." *Dalton v. R&M Marine, Inc*., 897 F.2d 1359, 1361 (5th Cir. 1990) (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)); *See also, LaRocca's Auto Sales Floorplan, Inc. v. Shelton*, No. 09-CA-143 2009 WL 3447606 at *2, (La. App. 5th Cir. Oct. 27, 2009). There are two components to the due process

test, they are "minimum contacts" and "traditional notions of fair play and substantial justice."

*Asarco, Inc. v. Glenara, Ltd.*, 912 F. 2d 784, 786 (5th Cir. 1990).

> **C.   HPH Does Not Have Minimum Contacts with Louisiana Because HPH Has Not Purposefully Availed Itself of the Privilege of Conducting Activities in Louisiana.**

HPH Homes does not have minimum contacts with the State of Louisiana, because HPH has not purposefully availed itself of the privilege of conducting business in Louisiana.  (*See* Exhibit A, attached).  For the exercise of personal jurisdiction over HPH to be proper, HPH must have purposefully established "minimum contacts" with Louisiana such that it invoked the benefits and protections of Louisiana's laws and could reasonably anticipate being hauled into court there.  *Asarco, Inc.,* 912 F. 2d at 786 (*citing Asahi Metal Industry Co. v. Superior Court of California*, 489 U.S. 102, 107 (1987) and *Gulf Consolidated Services v. Corinth Pipeworks, S.A.*, 898 F. 2d 1071 (5th Cir. 1990)).

The United States Supreme Court has held,

> [i]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus evoking the benefits and protections of its laws.

*Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)).  This 'purposeful availment' requirement ensures that a defendant will not be haled into court into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or by the unilateral activity of another party or a third person."  *Puckett v. Advance Sports*, *supra*, at *4, (citing *de Reyes v. Marine Mgt. and Consulting*, 586 So. 2d 103, 106 (La. 1991)); *see also Alonso v. Line*, 846 So. 2d 745 (La. 2003) cert. denied, 540 U.S. 967 (2003); *Burger King Corporation v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citing *Keeton v.*

*Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1985) and *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 299 (1980)).

HPH Homes has not purposefully availed itself of the privilege of doing business in Louisiana. The undisputed evidence before this Court confirms this fact. (Exhibit A). Specifically:

1. HPH Homes is an Alabama company, and its only place of business is in Birmingham, Alabama. (Exhibit A at ¶ 3).

2. HPH is a construction company, and has never had a location outside of Alabama. (Exhibit A at ¶ 4).

3. HPH has never constructed any house, building or other structure in the state of Louisiana. (Exhibit A at ¶ 5).

4. HPH has never sought a business license in Louisiana, or been licensed to conduct business in Louisiana. (Exhibit A at ¶ 6).

5. HPH has never maintained a business listing, telephone number or business address in Louisiana. (Exhibit A at ¶ 7).

6. HPH has never owned any real property in Louisiana. (Exhibit A at ¶ 8).

7. HPH has never maintained or operated any factories, warehouses or offices in Louisiana. (Exhibit A at ¶ 9).

8. HPH has never advertised in Louisiana. (Exhibit A at ¶ 10).

9. HPH has never marketed or promoted sales of any products or services in Louisiana. (Exhibit A at ¶ 11).

10. HPH has never maintained bank accounts in Louisiana. (Exhibit A at ¶ 12).

**D.     This Court Does Not Have Specific Jurisdiction or General Jurisdiction Over HPH Homes.**

In *Asarco, Inc. v. Glenara, Ltd., supra,* the Fifth Circuit Court of Appeals identified two categories of minimum contacts which give rise to personal jurisdiction over a non-resident defendant such as HPH Homes.   These categories are specific jurisdiction and general jurisdiction.   Specific jurisdiction arises when the suit is derived from, or related to, the defendant's purposeful contacts with the forum state.   *Asarco*, 912 F. 2d at 786 (*citing Dalton v. R&W Marine, supra,* 897 F. 2d 1359, 1361-62 (5th Cir. 1990));  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).   Louisiana has general jurisdiction over a defendant when the defendant has "continuous and systematic contacts" with the state.  *Asarco*, *supra, at 786*.

There is no basis for subjecting HPH Homes to specific jurisdiction in Louisiana.  HPH never constructed any homes, buildings or other structures in Louisiana.  (Exhibit A at ¶ 5). Clearly, there is no basis for exercising specific personal jurisdiction over HPH in Louisiana. There also no evidence to support a finding of general jurisdiction over HPH.  HPH's only place of business is in Birmingham, Alabama, and it has not purposefully availed itself of the privilege of conducting activities in Louisiana.  (Exhibit A at ¶ 3).  One of HPH's managing partners has testified to the following:

1.  HPH has never constructed any house, building or other structure in the state of Louisiana.  (Exhibit A at ¶ 5).

2.  HPH has never sought a business license in Louisiana, or been licensed to conduct business in Louisiana.  (Exhibit A at ¶ 6).

3.  HPH has never maintained a business listing, telephone number or business address in Louisiana.  (Exhibit <u>A</u> at ¶ 7).

4.  HPH has never owned any real property in Louisiana. (Exhibit <u>A</u> at ¶ 8).

5.  HPH has never maintained or operated any factories, warehouses or offices in Louisiana.  (Exhibit <u>A</u> at ¶ 9).

6.  HPH has never advertised in Louisiana.  (Exhibit <u>A</u> at ¶ 10).

7.  HPH has never marketed or promoted sales of any products or services in Louisiana. (Exhibit <u>A</u> at ¶ 11).

8.  HPH has never maintained bank accounts in Louisiana.  (Exhibit <u>A</u> at ¶ 12).

Accordingly, HPH Homes cannot be subjected to personal jurisdiction in the State of Louisiana under either the specific or general jurisdiction theories.


**V.    SUBJECTING HPH TO PERSONAL JURISDICTION IN THE STATE OF LOUISIANA WOULD OFFEND TRADITIONAL NOTIONS OF FAIR PLAY AND SUBSTANTIAL JUSTICE**

Even where a defendant's contacts with the forum are sufficient to meet the minimum contacts requirement for exercising personal jurisdiction, the Due Process Clause forbids a state court from exercising jurisdiction if doing so would offend "traditional notions of fair play and substantial justice."  *International Shoe v. Washington*, 326 U.S. 310, 316 (1945) (*quoting Milliken v. Meyer*, 311 U.S. 457, 463 (1940)); *see also Asahi Metal Industry Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 113-14 (1987).

Even if HPH Homes had minimum contacts with Louisiana, it would be entirely unfair to require HPH to answer this Complaint in Louisiana because HPH has not constructed any home, building or other structure for any customers in Louisiana.

## VI.    VENUE IS IMPROPER AS TO HPH

HPH Homes' only place of business is in Alabama.  (*See* Exhibit "A" ¶ 3).  In the event this Court does not dismiss HPH from this matter, HPH respectfully requests this Court to transfer the claim against HPH to the United States District Court for the Northern District of Alabama (where HPH's principal place of business is located) pursuant to 28 U.S.C. § 1406(a) which provides that when a venue is improper, this Court may dismiss the action, or, if in the interests of justice, transfer the case to the district or division in which it could have been brought.

In a diversity action, for venue purposes, a corporation resides in any judicial district in which it is subject to personal jurisdiction when the action is commenced.  28 U.S.C. § 1391(c). Venue in the Eastern District of Louisiana is not proper as to HPH because this Court does not have personal jurisdiction over HPH in Louisiana.

## VII.    CONCLUSION

The evidence before this Court clearly demonstrates that HPH has not "purposefully availed" itself of the privilege of conducting business in Louisiana, and is not subject to personal jurisdiction in the Eastern District of Louisiana.  Even if HPH did have sufficient minimum contacts with Louisiana so that is should reasonably have expected to have been haled into court there, Louisiana's assertion of jurisdiction in this case would unconstitutionally violate traditional notions of fair play and substantial justice.

HPH respectfully requests that this Court enter an Order dismissing it from this case for lack of *in personam* jurisdiction in accordance with Fed. R. Civ. P. 12(b)(2).  In the alternative, if

this Court does not dismiss this case, HPH requests that it be transferred to the United States District Court for the Northern District of Alabama, where venue is properly laid, pursuant to 28 U.S.C. § 1406(a).

Respectfully submitted on this the 31st day of March, 2010.

/s/ Lucy W. Jordan
James A. Kee, Jr., KEE005
Lucy W. Jordan, JOR037
Attorneys for HPH Homes

OF COUNSEL:

KEE & SELBY, LLP
1900 International Park Drive, Suite 220
Birmingham, Alabama 35243
(205) 968-9900
(205) 968-9909 *facsimile*

/s/ Amy C. Lambert
Harry J. "Skip" Philips (#2047)
Amy C. Lambert (#24348)
Attorneys for HPH Homes

OF COUNSEL:
TAYLOR, PORTER, BROOKS & PHILLIPS
8th Floor, Chase Tower
P.O. Box 2471
Baton Rouge, LA 70821
(225) 387-3221
(225) 346-8049 *facsimile*

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that a copy of the above and foregoing Memorandum in Support of Motion to Dismiss has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this the 31st day of March, 2010.

                    /s/ Lucy W. Jordan
                    OF COUNSEL