Case No.:

    b.    Does not include "bodily injury" or "property damage" arising out of:

    (1)    The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

    (2)    The existence of tools, uninstalled equipment or abandoned or unused materials; or

    (3)    Products or operations for which the classification, listed in the Declarations or in a policy schedule, states the products completed operations are subject to the General Aggregate Limit.

**17.**    "Property damage" means:

    a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

***

**21.**    "Your product":

    a.    Means:

    (1)    Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

    (a)    You;

    (b)    Others trading under your name; or

    (c)    A person or organization whose business or assets you have acquired; and

    (2)    Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

    b.    Includes:

    (1)    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

   (2) The providing of or failure to provide warnings or instructions.

  c. Does not include vending machines or other property rented to or located for the use of others but not sold.

**22.** "Your work" means":

 a. Means:

 (1) Work or operations performed by you or on your behalf; and

 (2) Materials, parts or equipment furnished in connection with such work or operations.

 b. Includes:

 (1) Warranties or representatives made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

 (2) The providing of or failure to provide warnings or instruction.

***

78. Both the Centerline and United Framers Primary Policies contain the following pertinent endorsement:

**EXCLUSION—DAMAGE TO WORK PERFORMED BY SUBCONTRACTORS ON YOUR BEHALF (CG 22 94 10 01)**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

Exclusion l. of Section I-Coverage A – Bodily Injury And Property Damage Liability is replaced by the following:

2. Exclusions

This insurance does not apply to:

l. Damage To Your Work

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

***

17

Case No.:

## *CENTERLINE EXCESS POLICIES*

79.   The Centerline Excess Policies contain the following pertinent insuring agreement:

### COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. **Insuring Agreement**

   a.   We will indemnify the insured for ultimate net loss in excess of the retained limit because of bodily injury or property damage to which this insurance applies. We will have the right to associate with the underlying insurer and the insured to defend any claim or suit seeking damages for bodily injury or property damage to which this insurance applies. But

   (1)   The amount we will indemnify for ultimate net loss is limited as described in SECTION IV - LIMIT OF INSURANCE;

   (2)   We have a right to defend any claims or suits to which this Insurance applies but which are not covered by any underlying insurance shown in the Declarations, we also have the right to defend such claims or suits if the applicable limit of underlying insurance is exhausted;

   (3)   At our discretion, we may investigate any occurrence and settle any claim or suit that we have a right to defend; and

   (4)   Our right to defend any existing or future suits end when we have exhausted the applicable Limit of Insurance in indemnification of judgments or settlements under Coverage A and B.

   No other obligation or liability to indemnify or perform acts or services is covered unless explicitly provided for under SECTION II - DEFENSE.

   b.   It is agreed that

   (1)   The bodily injury or property damage must occur during the policy period of this policy; and

   Prior to the policy period, no insured listed under Paragraph 1 of SECTION III - WHO IS AN INSURED and no employee authorized by you to give or receive notice of an occurrence or claim, knew that the bodily injury or property damage had occurred, in whole or in part. If such a listed insured or authorized employee knew, prior to the policy period, that the bodily injury or property damage occurred, then any continuation, change or resumption of such bodily injury or property

18

Case No.:

damage during or after the policy period will be deemed to have been known prior to the policy period.

(2) Bodily injury or property damage which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1 of SECTION III WHO IS AN INSURED or any employee authorized by you to give or receive notice of an occurrence or claim, includes any continuation, change or resumption of that bodily injury or property damage after the end of the policy period.

(3) Bodily injury or property damage will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of SECTION III - WHO IS AN INSURED or any employee authorized by you to give or receive notice of an occurrence or claim

   (a) Reports all, or any part, of the bodily injury or property damage to us or any other insurer,

   (b) Receives a written or verbal demand or claim for damages because of the bodily injury or property damage; or

   (c) Becomes aware by any other means that bodily injury or property damage has occurred or has begun to occur.

(4) With respect to your liability (other than under a contract or agreement) for bodily injury to your employees arising out of and in the course of their employment by you.

   (a) Bodily injury by disease must be caused or aggravated by the conditions of the employment, and

   (b) An employee's last day of last exposure to conditions causing or aggravating such a disease must occur during the policy period of this policy.

(5) Damages because of bodily injury include damages sought by any person or organization for care or loss of services resulting at any time from the bodily injury,

(6) The bodily injury or property damage must be caused by an occurrence; and

(7) The occurrence must take place m the coverage territory.

* * *

80. The Centerline Excess Policies contain the following pertinent exclusions:

19

Case No.:

2. **Exclusions**

This insurance does not apply to:

a. Bodily injury or property damage either expected or intended from the standpoint of the insured. This exclusion does not apply to bodily injury resulting from the use of reasonable force to protect persons or property.

b. Bodily injury or property damage for which the insured is obligated to pay damages by reason of the assumption or liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) Assumed in contract or agreement that is an insured contract provided the bodily injury or property damage occurs subsequent to the execution of the contract or agreement; or

(2) The insured would have in the absence of the contract or agreement.

\* \* \*

k. Property damage to:

(1) Property you own;
(2) Premises you sell, give away or abandon, if the property damage arises out of any part of those premises;

(3) That particular part of real property on which you or any contractor or subcontractor working directly or indirectly on your behalf is performing operations, if the property damage arises our of those operation; or

(4) That particular part of any property that must be restored, repaired or replaced because your work was incorrectly performed on it.

Paragraph (2) of this exclusion does not apply if the premises are your work and were never occupied, rented or held for rental by you.

Paragraph (3) and (4) of this exclusion do not apply to liability assumed under a railroad sidetrack agreement.

Paragraph (4) of this exclusion does not apply to property damage included in the products-completed operations hazard.

\* \* \*

n. Property damage to impaired property or property that has not been physically injured, arising out of

20

Case No.:

(1) A defect, deficiency, inadequacy or dangerous condition in your product or your work, or

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to your product or your work after it has been put to its intended use.

\* \* \*

o.  Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal, or disposal of:

(1) Your product;

(2) Your work; or

(3) Impaired property.

If such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

81. The Centerline Excess Policies contain the following pertinent definitions:

**SECTION VI - DEFINITIONS**

\* \* \*

4. Bodily injury means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

10. Impaired property means tangible property, other than your work that is known or thought to be defective, deficient, inadequate or dangerous; or

   a. It incorporates your product or your work that is known or thought to be defective, deficient, inadequate or dangerous; or

   b. You have failed to fulfill the terms of a contract or agreement;

If such property can be restored to use by:

(1) The repair, replacement, adjustment or removal of your product or your work; or

21

Case No.:

(2) Your fulfilling the terms of the contract or agreement.

* * *

15. Occurrence means:

   a. With respect to bodily injury or property damage, an accident, including continuous or repeated exposure to substantially the same general harmful conditions. This does not apply to your liability (other than under a contract or agreement) for bodily injury to your employees arising out of and in the course of employment by you; or

   b. With respect to your liability (other than under a contract or agreement) for bodily injury to your employees arising out of and in the course of employment by you, bodily injury caused by accident or disease.

* * *

20. a.  Products-completed operations hazard includes all bodily injury or property damage occurring away from premises you own or rent and arising out of your product or your work except:

      (1)   Products that are still in your physical possession; or

      (2)   Work that has not yet been completed or abandoned.

   b.  Your work will be deemed completed at the earliest of the following times:

      (1)   When all of the work called for in your contract has been completed;

      (2)   When all of the work to be done at the site has been completed if your contract calls for work at more than one site;

      (3)   When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

      Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

   c.  This hazard does not include bodily injury or property damage arising out of:

22

Case No.:

    (1)    The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle created by the loading or unloading of it; or

    (2)    The existence of tools, uninstalled equipment or abandoned or unused materials.

21. Property damage means:

    a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the occurrence that caused it.

22. Retained limit means the greater of:

    a. The sum of amounts applicable to any claim or suit from:

    (1)    Underlying insurance, whether such underlying insurance is collectible or not; and

    (2)    Other collectible primary insurance; or

    b. The self-insured retention.

23. Self-insured retention means the amount in Item 3 of the Declarations.

\* \* \*

30. Your product means:

    a.    Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

    (1)    You;

    (2)    Others trading under your name; or

    (3)    A person or organization whose business or assets you have acquired; and

    b.    Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

Your product includes:

23

Case No.:

    a.    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

    b.    The providing of or failure to provide warnings or instructions.

Your product does not include vending machines or other property rented to or located for the use of others but not sold.

**31.** Your work means:

    a.    Work or operations performed by you or on your behalf; and

    b.    Materials, parts or equipment furnished in connection with such work or operations.

Your work includes:

    a.    Warranties or representation made at any time with respect to the fitness, quality, durability, performance or use of your work; and

    b.    The providing of or failure to provide warnings or instructions.

\* \* \*

82.    The Centerline Excess Policies contain the following pertinent damage to work performed by subcontractors exclusion:

### EXCLUSION - DAMAGE TO WORK PERFORMED BY SUBCONTRACTORS ON YOUR BEHALF (MU 6149)

This endorsement modifies insurance provided under the following:

### COMMERCIAL UMBRELLA POLICY

Exclusion m. of Section I - Coverage A - Bodily Injury And Property Damage Liability is replaced by the following:

2.    Exclusions

    This insurance does not apply to:

        m.    Damage To Your Work

            "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

All other conditions remain unchanged.

14470430v1 908840 56475

Case No.:

\* \* \*

## COUNT I – THERE IS NO DUTY TO DEFEND OR INDEMNIFY CENTERLINE FOR DAMAGES THAT DO NOT CONSTITUTE PROPERTY DAMAGE OR TO DEFEND OR INDEMNIFY CENTERLINE TO THE EXTENT THE DAMAGES DID NOT TAKE PLACE DURING THE POLICY PERIODS UNDER THE CENTERLINE POLICIES

83. MCC realleges paragraphs 1 through 82 as paragraph 83 of Count I.

84. MCC's duty to indemnify is limited to pay damages because of property damage caused by an occurrence. To the extent the Homeowners are seeking to recover from Centerline the cost to repair and replace defective work/defective product, as opposed to damage caused by defective work/defective product, or damages for economic losses in the nature of the diminished value of the Projects, such damages do not meet the definition of property damage.

85. MCC's duty to indemnify is limited to property damage that occurs during the policy period. To the extent Centerline and/or the Homeowners are seeking to recover from MCC any damages that did not take place during the policy periods, MCC has no duty to defend or indemnify Centerline.

86. In view of the foregoing, an actual and present controversy exists between the parties as to the scope of MCC's obligation to indemnify and in particular to:

    a. Whether MCC has an obligation to indemnify Centerline for the cost to remove and replace the defective work/defective product;

    b. Whether MCC has an obligation to indemnify Centerline for the cost to remove, repair and replace undamaged property in order to remove and replace the defective work/defective product for which no coverage is provided under the Policies;

    c. Whether MCC has an obligation to indemnify Centerline for economic damages in the nature of the diminished value of the Projects;

25

Case No.:

  d. Whether MCC has an obligation to indemnify Centerline for any equitable relief such as the recall the materials used to construct the Projects; and

  e. Whether MCC has an obligation to indemnify Centerline for only those damages, if any, that took place during the policy periods.

87. Without this Court's declaration, the parties cannot settle, as the parties are in doubt as to what damages, if any, constitute property damage under the Centerline Policies.

88. Pursuant to 28 U.S.C. §§2201 and 2202, this Court has the power to declare the rights and obligations of MCC under the Centerline Policies.

Wherefore, MCC respectfully requests this Court to:

  a. Take jurisdiction over this matter;

  b. Find and declare that MCC's obligation under the Centerline Policies is limited to indemnifying Centerline for property damage, if any, as that term is defined in the Policies;

  c. Find and declare that MCC's obligation under the Centerline Policies is limited to indemnifying Centerline for property damage that took place during the policy periods and if no property damage took place during the policy periods that MCC has no obligation to defend or indemnify Centerline; and

  d. Enter any other order the Court deems proper under the evidence and circumstances.

## COUNT II – NO DUTY TO DEFEND AND INDEMNIFY TO THE EXTENT THE POLLUTION EXCLUSION APPLIES OR TO INDEMNIFY FOR DAMAGES EXCLUDED FROM COVERAGE UNDER THE PRIMARY POLICIES

89. MCC realleges paragraphs 1 through 82 as paragraph 89 of Count II.

26

Case No.:

90. The Centerline Primary Policies and the United Framers Policy contain the expected or intended, your product, damage to work performed by subcontractors on your behalf, pollution, impaired property, recall, and contractual liability exclusions, each of which limit, in whole or in part, MCC's obligation to defend or indemnify Centerline and United Framers.

91. In view of the foregoing, an actual and present controversy exists between the parties as to the scope of MCC's obligation to defend and/or indemnify Centerline.

92. Without this Court's declaration, the parties cannot settle, as the parties are in doubt as to what damages, if any, are covered under the Centerline Primary Policies and United Framers Policy.

93. Pursuant to 28 U.S.C. §§2201 and 2202, this Court has the power to declare the rights and obligations of MCC under the Centerline Primary Policies and the United Framers Policy.

Wherefore, MCC respectfully requests this Court to:

    a. Take jurisdiction over this matter;

    b. Find and declare that MCC's obligation under the Centerline Primary Policies and the United Framers Policy is limited to indemnifying Centerline for damages, if any, not excluded by the Centerline Primary Policies and United Frmaers Policy;

    c. Find and declare that MCC has no obligation under the Centerline Primary Policies and the United Framers Policy to defend or defend Centerline if the pollution exclusion applies; and

    d. Enter any other order the Court deems proper under the evidence and circumstances.

Case No.:

## COUNT III – NO DUTY TO INDEMNIFY TO THE EXTENT THE POLLUTION EXCLUSION APPLIES OR TO INDEMNIFY FOR DAMAGES EXCLUDED FROM COVERAGE UNDER THE CENTERLINE EXCESS POLICIES

94.  MCC realleges paragraphs 1 through 82 as paragraph 94 of Count III.

95.  The Centerline Excess Policies contain exclusions a, b, k, n, and endorsement MU 6149, each of which limit, in whole or in part, MCC's obligation to defend or indemnify Centerline.

96.  In view of the foregoing, an actual and present controversy exists between the parties as to the scope of MCC's obligation to defend and/or indemnify Centerline.

97.  Without this Court's declaration, the parties cannot settle, as the parties are in doubt as to what damages, if any, are covered under the Centerline Excess Policies.

98.  Pursuant to 28 U.S.C. §§2201 and 2202, this Court has the power to declare the rights and obligations of MCC under the Centerline Excess Policies.

Wherefore, MCC respectfully requests this Court to:

    a.  Take jurisdiction over this matter;

    b.  Find and declare that MCC's obligation under the Centerline Excess Policies are limited to indemnifying Centerline for damages, if any, not excluded by the Centerline Excess Policies;

    c.  Find and declare that MCC has no obligation under the Centerline Excess Policies to indemnify Centerline if the pollution exclusion applies; and

    d.  Enter any other order the Court deems proper under the evidence and circumstances.

Case No.:

## COUNT IV – NO DUTY TO INDEMNIFY FOR EQUITABLE RELIEF, INCLUDING MEDICAL AND ENVIRONMENTAL MONITORING UNDER THE POLICIES

99. MCC realleges paragraphs 1 through 82 as paragraph 99 of Count IV.

100. MCC's duty to indemnify is limited to pay damages because of bodily injury or property damage caused by an occurrence.

101. In view of the foregoing, a present actual controversy exists between the parties as to the scope of MCC's obligation to indemnify Centerline and in particular to:

    a. initiate and pay for medical monitoring;

    b. identify each and every home with defective drywall;

    c. test every home in which defective drywall may be found;

    d. retain experts/consultants to analyze the drywall in any way;

    e. temporarily relocating the homeowners;

    f. pay for storage fees;

    g. to recall and/or to repurchase the home; and

    h. initiate and pay for environmental monitoring.

102. Without this Court's declaration, the parties cannot settle, as the parties are in doubt as to whether equitable relief, including medical and environmental monitoring, constitutes damages and/or bodily injury/property damage under the Policies.

103. Pursuant to 28 U.S.C. §§2201 and 2202, this Court has the power to declare the rights and obligations of MCC under the Policies.

Wherefore, MCC respectfully requests this Court to:

    a. Take jurisdiction over this matter;

Case No.:

    b.    Find and declare that MCC is not obligated under the Policies to pay for the costs to initiate and pay for medical/environmental monitoring or for any other equitable relief; and

    c.    Enter any other order the Court deems proper under the evidence and circumstances.

Dated: __3/30/2010.

_____
Ronald L. Kammer
Florida Bar No. 360589
rkammer@hinshawlaw.com
Pedro E. Hernandez
Florida Bar No. 30365
phernandez@hinshawlaw.com
HINSHAW & CULBERTSON LLP
9155 S. Dadeland Boulevard, Suite 1600
Miami, Florida 33156-2741
Telephone: 305-358-7747
Facsimile: 305-577-1063
*Counsel for Mid-Continent Casualty Company*