**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE:  CHINESE MANUFACTURED | * | MDL No. 2:09-md-02047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | |
| | * | |
| | * | JUDGE FALLON |
| **This document relates to:** | * | |
| | * | |
| CENTERLINE HOMES CONSTRUCTION, INC., *et* | * | |
| *al.*, | * | MAGISTRATE WILKINSON |
| v. | * | |
| MID-CONTINENT CASUALTY CO., *et al.* | * | |
| **(2:10-cv-00178)** (E.D. La.) | * | |
| | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF
THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA TO DISMISS
FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER**

**NOW INTO COURT**, through undersigned counsel, comes THE INSURANCE COMPANY

OF THE STATE OF PENNSYLVANIA ("ISOP") and moves this Court under Fed. R. Civ. P. 12(b)(3)

and 28 U.S.C. § 1406(a) for an order on behalf of ISOP dismissing the complaint of Centerline

Homes Construction, Inc., Completed Communities II, LLC, Centerline Homes at Georgetown,

LLC and Centerline Homes, Inc. (collectively, "Centerline") on the basis that the Eastern District of Louisiana is an improper venue for this action under 28 U.S.C. § 1391.  In the alternative, ISOP moves for an order transferring this case to the Southern District of Florida under 28 U.S.C. § 1406(a).

## I.   BACKGROUND

This is an insurance coverage dispute involving houses constructed in Florida.  On January 26, 2010, Centerline filed this lawsuit seeking declaratory judgment and relief for alleged breach of contract from ISOP and other insurers with respect to alleged losses arising from claims and lawsuits brought in Florida against Centerline by owners of houses allegedly constructed in Florida by Centerline with defective drywall.

Centerline alleges no facts suggesting a nexus between Louisiana and the insurance coverage dispute at issue.  The complaint alleges that each plaintiff is a Florida resident, and no connection is alleged between any plaintiff and Louisiana.[1]  There are no allegations that ISOP or any other defendant is a Louisiana corporation or maintains its principal place of business in Louisiana.[2]  Centerline claims that each plaintiff is or has been involved in building single-family or multi-family homes in Florida.[3]  It further claims that homeowners in Broward, Palm Beach and Saint Lucie Counties, Florida allege that they have suffered personal injury, damage to property or both due to allegedly defective drywall installed in their homes.[4]  There are no allegations that Centerline build or sold homes in Louisiana, or that any homeowner resides in Louisiana or suffered any injuries in Louisiana.  The complaint alleges that ISOP and the other

---

[1] Complaint at ¶¶ 1-2.
[2] Complaint at ¶¶ 3-6.
[3] Complaint at ¶¶ 9-11.
[4] Complaint at ¶¶ 11, 13.

defendants are authorized to conduct business in Louisiana and have issued policies in the state.[5]
Centerline, however, does not allege that any defendant sold or issued an insurance policy at
issue to Centerline in Louisiana.

Despite no apparent connection between Louisiana and this insurance coverage dispute,
Centerline asserts that the Eastern District of Louisiana is the proper venue for this action.
Specifically, Centerline alleges that venue is appropriate under 28 U.S.C. § 1391(a)(3) because
"the Defendants are subject to personal jurisdiction in this judicial district."[6]   Centerline also
claims that venue is otherwise appropriate in this district under 28 U.S.C. § 1407 and the June
15, 2009 Transfer Order of the Judicial Panel on Multidistrict Litigation.[7]

## II.    ARGUMENT

Venue is not proper in the Eastern District of Louisiana, and the complaint should be
dismissed under Fed. R. Civ. P. 12(b)(3), 28 U.S.C § 1391(a), and 28 U.S.C § 1406(a).
Alternatively, this action should be transferred to the Middle District of Florida under 28 U.S.C.
§ 1406(a).

### A.    Venue is not Proper Under § 1391(a) and the Complaint Should be Dismissed

The Eastern District of Louisiana is not the proper venue for this diversity action
because none of the conditions set forth in 28 U.S.C. § 1391(a) is satisfied.  Section § 1391(a)
provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship
> may, except as otherwise provided by law, be brought only in (1) a judicial
> district where any defendant resides, if all defendants reside in the same State, (2)
> a judicial district in which a substantial part of the events or omissions giving rise
> to the claim occurred, or a substantial part of property that is the subject of the
> action is situated, or (3) a judicial district in which any defendant is subject to

---

[5] Complaint at ¶¶ 3-6.
[6] Complaint at ¶ 8.
[7] *Id.*

personal jurisdiction at the time the action is commenced, *if there is no district in which the action may otherwise be brought*. (emphasis added)

Centerline has the burden of demonstrating that this district is the proper venue under the statute. *See Smith v. Fortenberry*, 903 F. Supp. 1018, 1019-1020 (E.D. La. 1995). "The general rule is that venue must be established for each separate cause of action and for each defendant." *Burkitt v. Flawless Records, Inc.*, No. 03-2483, 2005 U.S. Dist. LEXIS 11986 at *14 (E.D. La. June 13, 2005).

The complaint alleges that venue in this district is proper under 28 U.S.C. § 1391(a)(3).[8] As discussed below, none of the three bases for venue under 28 U.S.C. § 1391(a) is satisfied, and the complaint should be dismissed.

### 1. All defendants do not reside in Louisiana.

Under 28 U.S.C. § 1391(a)(1), a diversity action may be brought in "a judicial district where any defendant resides, if all defendants reside in the same State." For the purposes of venue under the statue, a corporation is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). This court lacks personal jurisdiction over defendant Mid-Continent Casualty Company ("Mid-Continent"). Mid-Continent has filed a motion to dismiss for lack of personal jurisdiction. As this Court lacks personal jurisdiction over at least one defendant, all defendants do not reside in Louisiana. Accordingly, this district is not the proper venue under § 1391(a)(1). *See Francis v. E-Z Bus, Inc.*, No. 05-6905, 2006 U.S. Dist. LEXIS 17565 at *3 (E.D. La. Apr. 7, 2006) (venue is improper under § 1391(a)(1) where one defendant did not reside in the state); *Joseph v. Emmons*, No. 04-2843, 2005 U.S. Dist. LEXIS 5528 at *5 (E.D. La. Mar. 22, 2005) (same).

---

[8] Complaint at ¶ 8.

**2.      A substantial part of the events or omissions giving rise to the claim did not occur in Louisiana.**

Alternatively, venue is proper under § 1391(a)(2) in a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."  Under this provision, a court evaluates whether any events that occurred in the venue gave rise to the litigation.  *Factory Girl, LLC v. Wiersma*, No. 06-2159, 2006 U.S. Dist. LEXIS 47497 at *4 (E.D. La. July 12, 2006).  With respect to contracts, the place where a contract is made or performed can establish proper venue. *Id.   See also American Carpet Mills v. Gunny Corp.*, 649 F.2d 1056, 1059 (5th Cir. 1981) (holding that under an earlier version of § 1391 venue is proper at the place of performance in an action for breach of contract).  In the context of insurance contracts, the insured's principal place of business, the place the policy was negotiated and delivered, the place from which the insurance premiums were paid, and location of the underlying claim are significant to the venue determination.  *Starnet Ins. Co. v. Fueltrac, Inc.*, No. 08-1644, 2009 WL 1210508  at *2 (W.D. La. May 1, 2009); *PIC Group, Inc. v. Landcoast Insulation, Inc.*, No. 09-461, 2009 U.S. Dist. LEXIS 81234 at *3-*4 (W.D. La. Sept. 8, 2009) (venue was improper under § 1391(a)(2) where the insurance policy was issued in Louisiana but the accident for which coverage was sought occurred outside Louisiana); *Orleans Limousines & Transp. v. Hurd Ins. Agency*, No. 02-2742, 2003 U.S. Dist. LEXIS 3899 at *5-*6 (E.D. La. Mar. 13, 2003) (venue was improper under § 1391(a)(2) where contract claims had no connection with Louisiana).

Section 1391(a)(2) does not apply based on the allegations in the complaint because Centerline alleges no facts suggesting that any insured's principal place of business is in Louisiana, or that the insurance policies were negotiated or delivered in Louisiana, or that the insurance premiums were paid in Louisiana.  Further, Centerline does not allege that the

underlying claims for which it seeks coverage occurred in Louisiana.   Quite the opposite, Centerline alleges that individuals have made claims for injuries "allegedly occurring as a result of the use of Chinese drywall in homes that one or more of the Centerline entities sold to homeowners . . . in Broward, Palm Beach and Saint Lucie County, Florida."[9]   Centerline seeks coverage for those claims under policies issued to Centerline or its subcontractors.[10]   There are no allegations that any individuals have made claims with respect to houses Centerline built in Louisiana.   There are no allegations that any policy was issued to Centerline or its subcontractors in Louisiana.   Moreover, plaintiffs do not allege that they or any of their alleged subcontractors are located in Louisiana or conducted any activities in Louisiana related to the Florida houses at issue.   Nothing in the complaint suggests that any defendant insurer handled Centerline's claim for coverage in Louisiana.   There are no allegations that Centerline has dealt with any underlying claim or a request for coverage in Louisiana.   No events giving rise to plaintiffs' claims for coverage are alleged to have occurred in Louisiana.    For these reasons, a substantial part of the events or omissions giving rise to this coverage dispute did not occur in Louisiana, and venue is not proper under § 1391(a)(2).

> **3.** **Not all defendants are subject to personal jurisdiction in the Eastern District of Louisiana and this action could have been brought in another district.**

Finally, 28 U.S.C. § 1391(a)(3) provides that venue is proper in a "judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, *if there is no district in which the action may otherwise be brought*." (emphasis added)  Notably, Centerline cites this section as the basis for venue in this district.   The section applies, however, only where venue is not proper in any other district under § 1391(a)(1) or (a)(2).    Section

---

[9] Complaint at ¶¶ 11.
[10] Complaint at ¶¶ 14-19.

1391(a)(3) "operates only in the instance that there is no district in which the action may otherwise be brought." *Waldron v. Freightliner Corp.*, No. 96-2530, 1996 U.S. Dist. LEXIS 19147 at \*9 (E.D. La. Dec. 19, 1996). *See also Smith*, 903 F.Supp. at 1021; *Hogue v. State Farm Fire & Cas. Co.*, No. 08-5000, 2009 U.S. Dist. LEXIS 79572 at \*21-\*22  (E.D. La. Aug. 13, 2009); *Labranche v. Embassy Suites, Inc.*, No. 97-3721, 1999 U.S. Dist. LEXIS 1495 at \*4 (E.D. La. Feb. 3, 1999); *Norton Packaging Inc. v. Industrial Packaging Corp.*, No. 95-1179, 1995 U.S. Dist. LEXIS 12336 at \*4-\*5 (E.D. La. Aug. 23, 1995).

Here, venue is proper in the Southern District of Florida.  For purposes of this lawsuit, all defendants reside in the Southern District of Florida because they are subject to personal jurisdiction in that district.  They all have sufficient contacts in that district to support the exercise of personal jurisdiction over them.  In addition, the complaint alleges the underlying claims against Centerline concern homes in three counties of Florida located in the Southern District of Florida: Broward, Palm Beach and Saint Lucie.[11]  Because there is another district in which this action may have been brought, venue is not proper in this district under Section 1391(a)(3).

### B.     Venue is Not Proper Under 28 U.S.C. § 1407 or the Transfer Order

Centerline further asserts that venue is proper under 28 U.S.C. § 1407 and the June 15, 2009, Transfer Order of the Judicial Panel on Multidistrict Litigation.[12]  Neither the statute nor the Order makes this district a proper venue in which Centerline may file this action.  On its face, § 1407 does not apply.  It provides that "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings."  28 U.S.C. § 1407(a).  The statute does not

---

[11]  Complaint at ¶ 11.
[12]  Complaint at ¶ 8.

provide the venue where a party may bring a civil action in the first instance, as Centerline did here. Rather, it provides for the transfer of civil actions into a single district under certain circumstances. Similarly, on its face, the Transfer Order does not make this district the proper venue for this original action. *In re Chinese Drywall Products Liability Litigation*, 626 F. Supp. 2d 1346 (U.S. Jud. Pan. Mult. Lit. 2009). The Order transferred ten pending underlying homeowner lawsuits to this district for coordinated pretrial proceedings as permitted under § 1407. *Id.* at 1346. The Order provides that other pending actions may be treated as "tag-along" actions subject to transfer after the parties have been provided an opportunity to object. *Id.* at 1346 n.1 (citing R.P.J.P.M.L. 7.4-7.5). Nothing in the Order provides that a party may commence an action in the Eastern District of Louisiana simply because the Judicial Panel on Multidistrict Litigation consolidated some cases in the district.

Moreover, the JPML has twice considered and rejected transfer of insurance coverage actions involving Chinese drywall to MDL No. 2047. In both instances, the JPML determined that the provisions of 28 U.S.C. §1407(a) did not support transfer of the coverage disputes to MDL No. 2047, stating that transfer of the coverage actions to the MDL would not serve of the convenience of parties and witnesses, nor promote the just and efficient conduct of the litigation. *See* Order Vacating Conditional Transfer Order of *General Fid. Ins. Co. v. Foster*, No. 9:09-80743 (S.D. Fla. Dec. 2, 2009); Order Denying Transfer of *Builders Mut. Ins. Co. v. Dragas Mgt. Corp.*, No. 2:09-185 (E.D. Va. Feb. 5, 2010).

**C. In the Alternative to Dismissing the Complaint, This Action Should be Transferred to the Southern District of Florida Pursuant to 28 U.S.C. § 1406**

As an alternative to dismissal, the Court may transfer this action to any district in which plaintiff could have filed this action. Pursuant to 28 U.S.C. § 1406(a), the "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or

if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Centerline could have brought this action in the Southern District of Florida where for purposes of the claims at issue, all defendants reside for the purposes of § 1391(a)(1). The complaint alleges that claims for defective drywall have been made against Centerline in three Florida counties located in the Southern District of Florida.[13] Accordingly, the Court may transfer this action to the Southern District of Florida under 28 U.S. C. § 1406 instead of dismissing it. *See Ellis v. Great Southwestern Corp.*, 646 F.2d 1099, 1107 (5th Cir. 1981) (transfer to a district in which personal jurisdiction over the defendant may be obtained may properly be made under § 1406(a)); *Starnet Ins.*, 2009 WL 1210508 at *2 (transferring the case to a district where insured resides and a substantial part of the events giving rise to the litigation occurred).

## III.   CONCLUSION

For the reasons stated above, the defendants jointly request that the Court grant the motion and dismiss this action pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a). In the alternative, defendants move that the Court transfer this action to the Southern District of Florida pursuant to 28 U.S.C. § 1406(a).

---

[13]  Complaint at ¶ 11.

Respectfully submitted:


s/Erin Fury Parkinson

**ERIN FURY PARKINSON, T.A.  (# 22549)**
**JOSE L. BARRO, III   (# 30857)**
**SARAH J. MURPHY  (#31893)**
MCGLINCHEY STAFFORD, PLLC
601 Poydras Street, 12th Floor
New Orleans, Louisiana  70130
Telephone:  (504) 586-1200
Facsimile:  (504) 910-9539
E-mail:   eparkinson@mcglinchey.com
          jbarro@mcglinchey.com
          smurphy@mcglinchey.com

**WARREN LUTZ**
**PAUL D. SMOLINSKY**
JACKSON & CAMPBELL, P.C.
1120 20th Street, N.W.
Suite 300 South
Washington, D.C.   20036
Phone:  (202) 457-1600
Facsimile:  (202) 457-1678
E-mail:   wlutz@jackscamp.com
          psmolinsky@jackscamp.com

**Attorneys for Defendants:**
**THE INSURANCE COMPANY OF THE STATE OF**
**PENNSYLVANIA**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing *Memorandum of Law in Support of the Motion of The Insurance Company of the State of Pennsylvania to Dismiss for Improper Venue or, in the Alternative, to Transfer* has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United states District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 1st day of April, 2010.

s/Erin Fury Parkinson

**ERIN FURY PARKINSON, T.A.  (# 22549)**
**JOSE L. BARRO, III   (# 30857)**
**SARAH J. MURPHY  (#31893)**
MCGLINCHEY STAFFORD, PLLC
601 Poydras Street, 12th Floor
New Orleans, Louisiana  70130
Telephone:  (504) 586-1200
Facsimile: (504) 910-9539
E-mail:   eparkinson@mcglinchey.com
          jbarro@mcglinchey.com
          smurphy@mcglinchey.com