UNITED STATES DISTRICT COURT

EASTERN OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * | CIVIL ACTION NO.: 09-MDL-2047 SECTION: "L" – JUDGE FALLON |
| THIS DOCUMENT RELATES TO: Sean and Beth Payton, individually on an behalf of all others similarly situated v. Knauf Gips KG, et al Civil Action No. 09-07628 | * * * * * * * * * * | MAGISTRATE: "2" - JUDGE WILKINSON |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANT, DMH DEVELOPMENT, CO.'S, ANSWER TO PLAINTIFFS' OMNIBUS CLASS ACTION COMPLAINT AND AFFIRMATIVE DEFENSES

NOW INTO COURT, through undersigned counsel, comes DMH Development, Co. ("DMH"), which files this, its Answer to Plaintiffs' Omnibus Class Action Complaint and Affirmative Defenses, and states:

DMH sets forth the following as its Answer to Plaintiffs' Omnibus Class Action Complaint (I) without waiving its Motion to Dismiss Pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure, filed contemporaneously herewith.

## JURISDICTION, PARTIES, AND VENUE

1.      DMH lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 1 of Plaintiffs' Omnibus Class Action Complaint, and therefore denies the same. Further answering, if the Court cannot exercise personal or subject matter jurisdiction

over defendant, DMH, then it lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (d)(2).

2.      DMH lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of Plaintiffs' Omnibus Complaint, and therefore denies same.

3.      To the extent Plaintiffs are alleging that venue is proper in the Eastern District of Louisiana, the allegations in Paragraph 3 are denied.  With respect to any and all claims against DMH it objects to venue in the Eastern District of Louisiana.

<u>PLAINTIFFS</u>

4.      No answer by DMH is deemed necessary in response to the allegations contained in Paragraphs 4 through 2072, as they relate to the specific identities and property interests of each respective Plaintiff/purported class member.  The majority of those allegations do not relate to DMH.  To the extent an answer is deemed necessary, the allegations of Paragraphs 4 through 2072 are denied for lack of sufficient information to justify a belief therein.

<u>DEFENDANTS</u>

5.      The allegations of paragraph 2073 are denied for lack of sufficient information to justify a belief therein.

<u>The Manufacturing Defendants</u>

6.      No answer by DMH is deemed necessary in response to the allegations contained in Paragraphs 2074 through 2079, as they relate to the specific identities and roles of individual defendants.  Those allegations do not relate to DMH.  To the extent an answer is deemed necessary, the allegations of Paragraphs 2074 through 2079 are denied for lack of sufficient information to justify a belief therein.

<u>The Distributor and Supplier Defendants</u>

7.     No answer by DMH is deemed necessary in response to the allegations contained in Paragraphs 2080 through 2128, as they relate to the specific identities and roles of individual defendants.   Those allegations do not relate to DMH.   To the extent an answer is deemed necessary, the allegations of Paragraphs 2080 through 2128 are denied for lack of sufficient information to justify a belief therein.

The Developer/Builder Subclasses

8.     No answer by DMH is deemed necessary in response to the allegations contained in Paragraphs 2129 through 2217, as they relate to the specific identities and roles of individual defendants.   Those allegations do not relate to DMH.   To the extent an answer is deemed necessary, the allegations of Paragraphs 2129 through 2217 are denied for lack of sufficient information to justify a belief therein.

9.     The allegations of Paragraph 2218 are admitted only as to the location of DMH's principle place of business.   All other allegations contained within Paragraph 2218 are denied and strict proof is demanded thereon.

10.     No answer by DMH is deemed necessary in response to the allegations contained in Paragraphs 2219 through 2516, as they relate to the specific identities and roles of individual defendants.   Those allegations do not relate to DMH.   To the extent an answer is deemed necessary, the allegations of Paragraphs 2219 through 2516 are denied for lack of sufficient information to justify a belief therein.

The Contractor/Installer Subclasses

11.     No answer by DMH is deemed necessary in response to the allegations contained in paragraphs 2517 through 2609, as they relate to the specific identities and roles of individual defendants.   Those allegations do not relate to DMH.   To the extent an answer is deemed

necessary, the allegations of paragraphs 2517 through 2609 are denied for lack of sufficient information to justify a belief therein.

FACTS REGARDING PRODUCT DEFECT

12.     The allegations of Paragraph 2610 are denied for lack of sufficient information to justify a belief therein.

13.     The allegations of Paragraph 2611 are denied for lack of sufficient information to justify a belief therein.

14.     The allegations of Paragraph 2612 are denied for lack of sufficient information to justify a belief therein.

15.     The allegations of Paragraph 2613are denied for lack of sufficient information to justify a belief therein.

16.     The allegations of Paragraph 2614 are denied for lack of sufficient information to justify a belief therein.

17.     The allegations of Paragraph 2615 are denied as written.  DMH denies the allegations of any tortuous activity on its part and demands strict proof thereon.

18.     The allegations of Paragraph 2616 are denied as written.  DMH denies the allegations as they relate to it and demands strict proof thereon.

19.     The allegations of Paragraph 2617 are denied as written.  DMH denies the allegations as they relate to it and demands strict proof thereon.

20.     The allegations of Paragraph 2618 are denied for lack of sufficient information to justify a belief therein.

21.     The allegations of Paragraph 2619 are denied for lack of sufficient information to justify a belief therein.

4

22.     The allegations of Paragraph 2620 are denied for lack of sufficient information to justify a belief therein.

CLASS ACTION ALLEGATIONS

<u>The Knauf Class</u>

23.     The allegations of Paragraph 2621 are denied for lack of sufficient information to justify a belief therein.

<u>The Distributor/Supplier Subclasses (Subclasses 1-43)</u>

24.     No answer by DMH is deemed necessary in response to the allegations contained in Paragraphs 2622 through 2623, as they relate to the specific identities and roles of individual defendants.   Those allegations do not relate to DMH.   To the extent an answer is deemed necessary, the allegations of Paragraphs 2622 through 2623 are denied for lack of sufficient information to justify a belief therein.

<u>The Importer/Exporter/Broker Subclasses (Subclasses 44-48)</u>

25.     No answer by DMH is deemed necessary in response to the allegations contained in Paragraphs 2624 through 2625, as they relate to the specific identities and roles of individual defendants.   Those allegations do not relate to DMH.   To the extent an answer is deemed necessary, the allegations of Paragraphs 2624 through 2625 are denied for lack of sufficient information to justify a belief therein.

<u>The Builder/Developer Subclasses (Subclasses 49-436)</u>

26.     To the extent an answer is deemed necessary, the allegations of Paragraph 2626 are denied for lack of sufficient information to justify a belief therein.

27.     To the extent an answer is deemed necessary, the allegations of Paragraph 2627 are denied for lack of sufficient information to justify a belief therein. DMH denies that it should be

5

included as a defendant (Subclass #146) in any Chinese drywall litigation as DMH was not in the business of manufacturing or selling drywall; therefore, it is not liable for latent defects and/or defective building materials supplied to it by suppliers.

The Contractor/Installer Subclasses (Subclasses 437-529)

28.    No answer by DMH is deemed necessary in response to the allegations contained in Paragraphs 2628 through 2629, as they relate to the specific identities and roles of individual defendants.   Those allegations do not relate to DMH.   To the extent an answer is deemed necessary, the allegations of Paragraphs 2628 through 2629 are denied for lack of sufficient information to justify a belief therein.

General Class Allegations and Exclusions from the Class Definitions

29.    No answer by DMH is deemed necessary in response to the allegations contained in Paragraph 2630. To the extent an answer is deemed necessary, the allegations of Paragraph 2630 are denied for lack of sufficient information to justify a belief therein.

30.    The allegations of Paragraph 2631 are denied for lack of sufficient information to justify a belief therein.

31.    The allegations of Paragraph 2632 are denied.

32.    The allegations of Paragraph 2633 are denied.

33.    The allegations of Paragraph 2634 are denied for lack of sufficient information to justify a belief therein.

34.    The allegations of Paragraph 2635 are denied for lack of sufficient information to justify a belief therein.

35.    The allegations of Paragraph 2636 are denied.

36.    The allegations of Paragraph 2637 are denied.

37.     The allegations of Paragraph 2638 are denied for lack of sufficient information to justify a belief therein.

38.     The allegations of Paragraph 2639 are denied for lack of sufficient information to justify a belief therein.

<u>COUNT I</u>
NEGLIGENCE
(Against All Defendants)

39.     Defendant, DMH, adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

40.     The allegations of Paragraph 2641 are denied.

41.     The allegations of Paragraph 2642 are denied.

42.     The allegations of Paragraph 2643 are denied.

43.     The allegations of Paragraph 2644 are denied.

44.     The allegations of Paragraph 2645 are denied.

45.     The allegations of Paragraph 2646 are denied.

46.     The allegations of Paragraph 2647 are denied.

<u>COUNT II</u>
NEGLIGENCE PER SE
(Against All Defendants)

47.     Defendant, DMH, adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

48.     The allegations of Paragraph 2649 are denied.

49.     The allegations of Paragraph 2650 are denied.

50.     The allegations of Paragraph 2651 are denied.

51.     The allegations of Paragraph 2652 are denied.

52.     The allegations of Paragraph 2653 are denied.

53.     The allegations of Paragraph 2654 are denied.


COUNT III
STRICT LIABILITY
(All Defendants)

54.     Defendant, DMH, adopts and re-alleges its responses and defenses to previous allegations

as if fully set forth herein.

55.     The allegations of Paragraph 2656 are denied.

56.     The allegations of Paragraph 2657 are denied.

57.     The allegations of Paragraph 2658 are denied.

58.     The allegations of Paragraph 2659 are denied.

59.     The allegations of Paragraph 2660 are denied.

60.     The allegations of Paragraph 2661 are denied.

61.     The allegations of Paragraph 2662 are denied.

62.     The allegations of Paragraph 2663 are denied.

63.     The allegations of Paragraph 2664 are denied.

64.     The allegations of Paragraph 2665 are denied.

65.     The allegations of Paragraph 2666 are denied.

66.     The allegations of Paragraph 2667 are denied.

67.     The allegations of Paragraph 2668 are denied.

68.     The allegations of Paragraph 2669 are denied.

69.     The allegations of Paragraph 2670 are denied.

70.     The allegations of Paragraph 2671 are denied.

71.     The allegations of Paragraph 2672 are denied.

## COUNT IV
## BREACH OF EXPRESS AND/OR IMPLIED WARRANTY
### (All Defendants)

72.     Defendant, DMH, adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

73.     The allegations of Paragraph 2674 are denied.

74.     The allegations of Paragraph 2675 are denied.

75.     The allegations of Paragraph 2676 are denied.

76.     The allegations of Paragraph 2677 are denied.

77.     The allegations of Paragraph 2678 are denied.

78.     The allegations of Paragraph 2679 are denied.

79.     The allegations of Paragraph 2680 are denied.

## COUNT V
## BREACH OF THE IMPLIED WARRANTY OF FITNESS AND MERCHANTABILITY
## PURSUANT TO FLORIDA STATUTES SECTION 718.203
### (On Behalf of Plaintiffs Who Own Condominiums in the State of Florida)
### (Against Builders Only)

80.     Defendant, DMH, adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

81.     No answer by DMH is deemed necessary in response to the allegations contained in Count V, Breach of the Implied Warranty of Fitness and Merchantability Pursuant to Florida Statutes Section 718.203, Paragraphs 2682 through 2692.  Those allegations do not relate to DMH as it is not a Florida condominium builder.  To the extent an answer is deemed necessary, the allegations of Paragraphs 2682 through 2692 are denied.

COUNT VI
BREACH OF THE IMPLIED WARRANTY OF HABITABILITY
(Against Builders Only)

82.     Defendant, DMH, adopts and re-alleges its responses and defenses to previous allegations

as if fully set forth herein.

83.     The allegations of Paragraph 2694 are denied.

84.     The allegations of Paragraph 2695 are denied.

85.     The allegations of Paragraph 2696 are denied.

86.     The allegations of Paragraph 2697 are denied.

87.     The allegations of Paragraph 2698 are denied.

88.     The allegations of Paragraph 2699 are denied.

COUNT VII
BREACH OF CONTRACT
(Against Builders Only)

89.     Defendant, DMH, adopts and re-alleges its responses and defenses to previous allegations

as if fully set forth herein.

90.     The allegations of Paragraph 2701 are denied as written.

91.     The allegations of Paragraph 2702 are denied.

92.     The allegations of Paragraph 2703 are denied.

COUNT VIII
VIOLATION OF THE LOUISIANA NEW HOME WARRANTY ACT
(Against Louisiana Builders Only)

93.     Defendant, DMH, adopts and re-alleges its responses and defenses to previous allegations

as if fully set forth herein.

94.     No answer by DMH is deemed necessary in response to the allegations contained in

Count VIII, Violation of the Louisiana New Home Warranty Act, Paragraphs 2705 through

2710.  Those allegations do not relate to DMH as it is not a Louisiana builder.  To the extent an answer is deemed necessary, the allegations of Paragraphs 2705 through 2710 are denied.

COUNT IX
REDHIBITION
(By Louisiana Plaintiffs Against All Defendants)

95.     Defendant, DMH, adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

96.     No answer by DMH is deemed necessary in response to the allegations contained in Count IX, Redhibition, Paragraphs 2712 through 2720.  To the extent an answer is deemed necessary, the allegations of Paragraphs 2712 through 2720 are denied.

COUNT X
LOUISIANA PRODUCTS LIABILITY ACT
(Manufacturing Defendants)
(Pleaded in the Alternative Against Distributor Defendants)

97.     Defendant, DMH, adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

98.     No answer by DMH is deemed necessary in response to the allegations contained in Count X, Louisiana Products Liability Act, Paragraphs 2722 through 2734.  Those allegations do not relate to DMH as it is not a manufacturing defendant.  To the extent an answer is deemed necessary, the allegations of Paragraphs 2722 through 2734 are denied.

COUNT XI
PRIVATE NUISANCE
(All Defendants)

99. Defendant, DMH, adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

100.    The allegations of Paragraph 2736 are denied.

101.    The allegations of Paragraph 2737 are denied.

102.    The allegations of Paragraph 2738 are denied.

103.    The allegations of Paragraph 2739 are denied.

104.    The allegations of Paragraph 2740 are denied.

105.    The allegations of Paragraph 2741 are denied.

COUNT XII
NEGLIGENT DISCHARGE OF A CORROSIVE SUBSTANCE
(All Defendants)

106. Defendant, DMH, adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

107.    The allegations of Paragraph 2743 are denied.

108.    The allegations of Paragraph 2744 are denied.

109.    The allegations of Paragraph 2745 are denied.

110.    The allegations of Paragraph 2746 are denied.

111.    The allegations of Paragraph 2747 are denied.

112.    The allegations of Paragraph 2748 are denied.

COUNT XIII
UNJUST ENRICHMENT
(All Defendants)

113.    Defendant, DMH, adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

114.    The allegations of Paragraph 2750 are denied.

115.    The allegations of Paragraph 2751 are denied.

116.    The allegations of Paragraph 2752 are denied.

## COUNT XIV
## VIOLATION OF CONSUMER PROTECTION ACTS
### (All Defendants)

117.    Defendant, DMH, adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

118.    The allegations of Paragraph 2754 are denied for lack of information to justify belief therein.

119.    The allegations of Paragraph 2755 are denied.

120.    The allegations of Paragraph 2756 are denied.

121.    The allegations of Paragraph 2756 are denied.

122.    The allegations of Paragraph 2757 are denied.

## COUNT XV
## EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING
### (All Defendants)

123.    Defendant, DMH, adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

124.    The allegations of Paragraph 2759 are denied.

125.    The allegations of Paragraph 2760 are denied.

126.    No answer is deemed necessary in response to Paragraph 2761.  To the extent an answer is deemed necessary by DMH, the allegations of Paragraph 2761 are denied.

127.    The allegations of Paragraph 2762 are denied.

128.    The allegations of Paragraph 2763 are denied for lack of information to justify belief therein.

129.    The allegations of Paragraph 2764 are denied for lack of information to justify belief therein.

130.    The allegations of Paragraph 2765 are denied.

131.    The allegations of Paragraph 2766 are denied for lack of information to justify belief therein.

132.    The allegations of Paragraph 2767 are denied for lack of information to justify belief therein.

133.    The allegations of Paragraph 2768 are denied for lack of information to justify belief therein.

134.    The allegations of Paragraph 2769 are denied for lack of information to justify belief therein.

135.    The allegations of Paragraph 2770 are denied for lack of information to justify belief therein.

<u>DEMAND FOR JURY TRIAL</u>

No answer is deemed necessary in response to Plaintiffs' Demand for Jury Trial.  To the extent an answer is deemed necessary, the allegations contained therein are denied.

<u>PRAYER FOR RELIEF</u>

No answer is deemed necessary is response to Plaintiffs' Pray for Relief.  To the extent an answer is deemed necessary, the allegations contained therein are denied.

136.    All unnumbered and mis-numbered paragraphs, as well as any allegations claiming negligence and/or liability on the part of DMH Development, Co., and all allegations not specifically answered herein are denied.

<u>RESERVATION OF RIGHT TO AMEND TO ADD CROSS-CLAIMS AND OR THIRD
PARTY CLAIMS</u>

137.   DMH Development, Co., reserves the right to amend this Answer to assert Cross-Claims
and/or Third Party claims against other parties as said claims ripen or become necessary.

<u>AFFIRMATIVE DEFENSES</u>

AND   NOW   FURTHER   ANSWERING,   Defendant,   DMH   Development,   Co.,
respectfully presents the following affirmative defenses:

FIRST DEFENSE

DMH adopts all affirmative defenses of other defendants similarly situated to the extent they
are consistent with the defenses asserted herein.

SECOND DEFENSE

This Court lacks jurisdiction over this defendant and over the controversy forming the basis
of this litigation.

THIRD DEFENSE

There is insufficiency of citation and service of process against this defendant.

FOURTH DEFENSE

This Court lacks venue as alleged in the Petition.

FIFTH DEFENSE

To the extent this product is, has been, or becomes subject to a recall by the U.S. Consumer
Product Safety Commission, all state and federal legal and equitable defenses arising from said
product recall are incorporated herein by reference.

SIXTH DEFENSE

The complaint, and each cause of action alleged therein, fails to state a claim against DMH
upon which relief may be granted.

## SEVENTH DEFENSE

Plaintiffs' claims are barred in whole, or in part, by the doctrines of waiver, payment, estoppels, and set-off.  Plaintiffs' claims are also barred in whole, or in part, by their own judicial admissions.

## EIGHTH DEFENSE

All applicable federal and state prescriptive and/or peremptive statutory time limitations act as a bar to any recovery of Plaintiffs herein.

## NINTH DEFENSE

DMH's actions were not the actual or proximate cause of the claimed damages; hence, Plaintiffs ought not recover from DMH. DMH specifically and affirmatively avers that the products manufactured by it were at all times reasonably fit and suitable for the purposes for which they were manufactured and sold, and denies that said products were in any manner defective for the use for which they were manufactured.

## TENTH DEFENSE

Further answering, DMH, alternatively avers that it is entitled to a set-off, reduction or credit for a *pro rata* virile share, for each of the entities whose products are shown to have caused Plaintiffs' damages, and/or for all entities and individuals whose fault or negligence are found to have caused or contributed to Plaintiffs' damages, regardless or whether those entities are parties to this action or are bankrupt.

## ELEVENTH DEFENSE

DMH specifically pleads the "state-of-the-art" defense to each and every allegation raised by Plaintiffs.  DMH denies any defects in its products and avers that at all pertinent times, its products were reasonably fit and suitable for the purposes for which they were manufactured and

intended and were delivered with such advice as was consistent with the state of the existing medical and industrial art.

## TWELFTH DEFENSE

DMH denies the existence of or breach of any actual or implied warranty.

## THIRTEENTH DEFENSE

DMH denies Plaintiffs have a viable claim for punitive damages. Plaintiffs' claims must fail under applicable state law, federal law and under provisions of the United States Constitution. The standard by which defendants conduct is to be judged, with regard to the plaintiffs claims for exemplary damages, as alleged, it vague and arbitrary, and as such denies due process in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

## FOURTEENTH DEFENSE

The standard for determining the amount of exemplary damages are vague and provide no notice to defendants of the potential amount of damages, and subject to the unbridled discretion of the jury, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution.

## FIFTEENTH DEFENSE

The imposition of punitive damages, as requested by Plaintiffs, would be criminal in nature and contrary to the rights given to any defendant in a criminal proceedings under the Fifth, Sixth, Eight, and Fourteenth Amendments to the United State Constitution.

## SIXTEENTH DEFENSE

The imposition of exemplary damages against defendants would constitute cruel and unusual punishment in violation of the Eight Amendment to the United States Constitution. Plaintiffs' request for exemplary damages exposes the defendants to multiple punishments for the same

alleged, thereby, denying due process under the Fifth and Fourteenth Amendments of the United States Constitution.

## SEVENTEENTH DEFENSE

This defendant denies that this action is appropriate for class actions status as to this Defendant.

## EIGHTEENTH DEFENSE

Plaintiffs failed to mitigate their damages, if any.

## NINETEENTH DEFENSE

Any claim for punitive damages herein is barred by the 8th and 15th Amendment of the United States Constitution and are prescribed.

## TWENTIETH DEFNSE

Plaintiffs failed to join as necessary and indispensable parties all of the manufacturers, distributors, suppliers, contractors, subcontractors, and other persons, firms, corporations, associations, and groups which provided drywall or which used such products in the vicinity of the Plaintiffs, thereby causing or substantially contributing to Plaintiffs' injuries.  The failure to join such third parties demonstrates that complete relief cannot be accorded among those who are now parties to this suit.  The failure to join necessary and indispensable parties subjects DMH to the substantial risk of incurring double, multiple, and otherwise inconsistent obligations for the damages claimed by Plaintiffs.

## TWENTY-FIRST DEFENSE

If Plaintiffs suffered any damages, as alleged, such injuries were caused, in whole or in part, by the actions or inactions of third parties, and not DMH.  DMH is not responsible for those damages.

## TWENTY-SECOND DEFENSE

DMH gives notice that it intends to invoke any other defense that may become available or appear during the subsequent proceedings in this case and hereby reserves the right to amend this response to assert any such defense.

## TWENTY-THIRD DEFENSE

DMH states that its investigation into the claims and defenses in this action continues, and it expressly reserves the right to modify, amend and/or supplement its defenses to this Complaint. DMH further gives notice that it intends to invoke any other defense that may become available or appear during the subsequent proceedings in this case and hereby reserves its right to amend this response to assert any such defense.

## TWENTY-FOURTH DEFENSE

DMH denies any and all liability with regard to the allegations made in Plaintiffs complaint. DMH specifically denies it ever owned, sold, distributed, delivered, supplied, or installed any drywall manufactured in China at any time.

## TWENTY-FIFTH DEFENSE

DMH provided no warranties as to any drywall that it installed.

## TWENTY-SIXTH DEFENSE

In the alternative, DMH alleges the acts and omission for others for whom it may be held responsible, caused the damages alleged in the Petition in whole or in part and they are responsible for any damages sustained by Plaintiffs the extent caused by them.

## TWENTY-SEVENTH DEFENSE

DMH states that to the extent that any damages claimed by Plaintiffs were caused by the negligence of unrelated third parties who are not currently joined in this lawsuit, and otherwise

currently unknown, but who will be indentified during discovery; DMH is entitled to have those, as of now, unidentified third parties listed on the verdict form, so that fault may be appropriately apportioned.

TWENTY-EIGHTH DEFENSE

If Plaintiffs have heretofore settled or should hereafter settle for any of the alleged injuries and/or damages or loss with any parties, then DMH is entitled to a credit for the virile portion of fault attributable to any and all settling defendants and/or third-party defendants.

WHEREFORE, Defendant, DMH Development, Co., prays that this Answer be deemed good and sufficient, and after due proceedings had, there be a judgment in favor and against Plaintiffs, dismissing with prejudice their claims at Plaintiffs' costs. Defendant further prays for all general and equitable relief to which it may be entitled.

Respectfully submitted,

s/ Glenn B. Adams
GLENN B. ADAMS (2316)
DENIA S. AIYEGBUSI (31549)
Porteous, Hainkel & Johnson, L.L.P.
704 Carondelet Street
New Orleans, LA  70130
Telephone:  (504) 581-3838
Facsimile: (504) 581-4069
Email: gadams@phjlaw.com
Email: daiyegbusi@phjlaw.com
*Attorneys for DMH Development, Co.*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that DMH Development, Co.'s above and foregoing Answer to Plaintiffs' Omnibus Class Action Complaint and Affirmative Defenses has been served upon Plaintiffs' Liaison Counsel, Russ Herman at <u>drywall@hhk.com</u> and Defendants' Liaison Counsel, Kerry Miller at <u>kmiller@frilot.com</u> and upon all parties by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 1st day of April, 2010.

s/ Glenn B. Adams
GLENN B. ADAMS
DENIA S. AIYEGBUSI