**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


| | | |
|---|---|---|
| **IN RE: CHINESE-MANUFACTURED** | * | **MDL NO. 2047** |
| **DRYWALL PRODUCTS LITIGATION** | * | |
| _____ | * | **SECTION: "L"** |
| | * | |
| **THIS DOCUMENT RELATES TO:** | * | |
| **Payton, et al. v. Knauf GIPS KG, et al.** | * | |
| | * | |
| **Case No. 09-7628, Sect. L MAG. 2** | * | **MAG. JUDGE WILKINSON** |
| | * | |
| | * | |
| ********************************************* | | |

**ANSWER, AFFIRMATIVE DEFENSES AND**
**CROSS-COMPLAINT OF CREOLA ACE HARDWARE, INC.**

Defendant, Creola Ace Hardware, Inc. (hereinafter "Defendant" or "Creola"), through its

undersigned counsel, hereby asserts its Answer, Affirmative Defenses and Cross-Claim in

response to the Plaintiffs' Omnibus Class Action Complaint (hereinafter "Complaint") as

follows:

**JURISDICTION, PARTIES AND VENUE**

1.

Paragraph 1 contains legal conclusions to which no response is required and further

contains factual allegations which Defendant lacks information sufficient to admit or deny;

therefore, Defendant denies the allegations of Paragraph 1 to the extent a response is required. Defendant further states that this lawsuit does not meet the standards for a class action.

2.

Paragraph 2 contains legal conclusions that require no response, however, to the extent a response is required to any allegation, Defendant denies the same. Defendant further states that this lawsuit does not meet the standards for a class action.

3.

Paragraph 3 contains legal conclusions that require no response, however, to the extent a response is required to any allegation, Defendant denies the same.

## PLAINTIFFS

4.

Defendant lacks information sufficient to admit or deny the allegations in Paragraphs 4 through 2072, and therefore, denies the same.

## DEFENDANTS

5.

Defendant lacks information sufficient to admit or deny the allegations of Paragraph 2073, and therefore, denies the same.

6.

Paragraphs 2074 through 2079 contain legal conclusions that require no response. Defendant admits, upon information and belief, the remaining allegations of Paragraphs 2074 through 2079.

7.

Paragraphs 2080 through 2094 contain legal conclusions that require no response. Defendant admits, upon information and belief, the remaining allegations of Paragraphs 2074 through 2079.

8.

In response to the allegations of Paragraph 2095, Defendant admits that it is an Alabama corporation with a principal place of business in Creola, Alabama, further that it sells drywall and other related building products to its customers.  All remaining allegations of Paragraph 2095 are denied.

9.

Defendant lacks information sufficient to admit or deny the allegations of Paragraphs 2096 through 2609, and therefore, denies the same.

## FACTS REGARDING PRODUCT DEFECT

10.

Defendant lacks information sufficient to admit or deny the allegations of Paragraph 2610, and therefore, denies the same.

11.

The allegations of Paragraphs 2611 through 2620 are denied.

## CLASS ACTION ALLEGATIONS

12.

In response to the allegations of Paragraphs 2621 through 2639, Defendant admits that Plaintiffs have filed this suit as a putative class action, however all allegations containing legal

conclusions require no response. To the extent any further response is required, Defendant denies the allegations. Defendant further states that this suit does not meet the standards for a class action.

## COUNT I
(NEGLIGENCE)
(Against All Defendants)

13.

The allegations of Paragraphs 2640 require no response, however, to the extent a response is required to any allegation, Defendant denies the same.

14.

The allegations of Paragraphs 2641 through 2647 are denied.

## COUNT II
(NEGLIGENCE PER SE)
(Against All Defendants)

15.

The allegations of Paragraph 2648 require no response, however, to the extent a response is required to any allegation, Defendant denies the same.

16.

The allegations of Paragraphs 2649 through 2654 are denied.

## COUNT III
STRICT LIABILITY
(Against All Defendants)

17.

The allegations of Paragraph 2655 require no response, however, to the extent a response is required to any allegation, Defendant denies the same.

18.

The allegations of Paragraphs 2656 through 2672 are denied.

## COUNT IV
### BREACH OF EXPRESS AND/OR
### IMPLIED WARRANTIES
(Against All Defendants)

19.

The allegations of Paragraph 2673 require no response, however, to the extent a response is required to any allegation, Defendant denies the same.

20.

The allegations of Paragraphs 2674 through 2680 are denied.

## COUNT V
### BREACH OF THE IMPLIED WARRANTY OF FITNESS
### AND MERCHANTABILITY PURSUANT TO
### FLORIDA STATUTES SECTION 718.203
(On Behalf of Plaintiffs Who Own Condominiums in the
State of Florida; against Builders Only)

21.

The allegations of Paragraphs 2681 through 2692 require no response by this Defendant, however, to the extent a response is required to any allegation, Defendant denies the same.

## COUNT VI
### BREACH OF THE IMPLIED WA.RRANTY
### OF HABITABILITY
(Against Builders Only)

22.

The allegations of Paragraphs 2693 through 2699 require no response by this Defendant, however, to the extent a response is required to any allegation, Defendant denies the same.

5

## COUNT VII
BREACH OF CONTRACT
(Against Builders Only)

23.

The allegations of Paragraphs 2700 through 2703 require no response by this Defendant,

however, to the extent a response is required to any allegation, Defendant denies the same.

## COUNT VIII
VIOLATION OF THE LOUISIANA
NEW HOMEWARRANTY ACT
(Against Louisiana Builders Only)

24.

The allegations of Paragraphs 2704 through 2710 require no response by this Defendant,

however, to the extent a response is required to any allegation, Defendant denies the same.

## COUNT IX
REDHIBITION
(By Louisiana Plaintiffs Against All Defendants)

25.

In response to the allegations of Paragraphs 2711 through 2720, the Complaint has

identified no Louisiana plaintiffs who assert claims against Defendant.  However, to the extent

that these allegations are deemed to apply to it, Defendant denies the allegations of Paragraphs

2711 through 2720.

## COUNT X
LOUISIANA PRODUCTS LIABILITY ACT
(Manufacturing Defendants; Pleaded in the Alternative Against Distributor Defendants)

26.

In response to the allegations of Paragraphs 2721 through 2734, the Complaint has

identified no Louisiana plaintiffs who assert claims against Defendant.  However, to the extent

that these allegations are deemed to apply to it, Defendant denies the allegations of Paragraphs 2721 through 2734.

## COUNT XI
### PRIVATE NUISANCE

27.

The allegations of Paragraph 2735 require no response, however, to the extent a response is required to any allegation, Defendant denies the same.

28.

The allegations of Paragraphs 2736 through 2741 are denied

## COUNT XII
### NEGLIGENT OISCHARGEOF A
### CORROSIVE SUBSTANCE

29.

The allegations of Paragraph 2742 require no response, however, to the extent a response is required to any allegation, Defendant denies the same.

30.

The allegations of Paragraphs 2743 through 2748 are denied.

## COUNT XIII
### UNJUST ENRICHMENT

31.

The allegations of Paragraph 2749 require no response, however, to the extent a response is required to any allegation, Defendant denies the same.

32.

The allegations of Paragraphs 2750 through 2752 are denied.

## COUNT XIV
## VIOLATIONS OF CONSUMER PROTECTION ACTS

33.

The allegations of Paragraphs 2753 and 2754 require no response, however, to the extent a response is required to any allegation, Defendant denies the same.

34.

The allegations of Paragraphs 2755 through 2757 are denied.

## COUNT XV
## EQUITABLE AND INJUNCTIVE RELIEF
## ANDMEDIGAL MONITORING

35.

The allegations of Paragraph 2758 require no response, however, to the extent a response is required to any allegation, Defendant denies the same.

36.

The allegations of Paragraphs 2759 through 2760 are denied.

37.

The allegations of Paragraphs 2761 and 2762 are in the nature of a request for relief and require no response.  To the extent a response is required, Defendant denies Plaintiffs are entitled to the equitable relief which they seek.

38.

The allegations of Paragraphs 2763 through 2770 are denied.

39.

Any and all allegations, claims, contentions, and/or demands contained in Plaintiffs' Complaint, which are not expressly and specifically admitted, modified, or explained by this

8

Defendant in this Answer, Affirmative Defenses, and Cross-Claims, are hereby expressly denied, including but not limited to the allegations contained in unnumbered paragraphs at the beginning of Plaintiffs' Complaint.

## JURY DEMAND

Creola hereby demands trial by jury on any and all Counts and defenses so triable.

## DEFENSES

Without assuming Plaintiffs' burden of proof, Creola further pleads the following defenses to both the individual and class claims contained in the Complaint.

### First Defense

This Honorable Court is without jurisdiction as there is no diversity of citizenship and the amount in controversy does not exceed $75,000, exclusive of interest and costs.

### Second Defense

The Complaint fails to state a claim for relief upon which relief can be granted.

### Third Defense

Any loss or damage claimed by Plaintiffs is not the consequence of any actionable conduct by Creola.

### Fourth Defense

Plaintiffs' claims are barred, in whole or in part, because the alleged damages, if any, are speculative and cannot be calculated with reasonable certainty.

### Fifth Defense

Plaintiffs' claims are barred because Creola is not a real party in interest.

**Sixth Defense**

Plaintiffs' claims are barred because Plaintiffs have not acted with reasonable diligence and have not mitigated any alleged damages.

**Seventh Defense**

There was no contract, or quasi contract, existing between Creola and any Plaintiffs claiming against them, nor was there any express or implied warranty made by Creola to any Plaintiffs claiming against them; consequently, Creola did not breach any contractual, or quasi contractual, obligations or any express or implied warranties to any of the Plaintiffs claiming against them.

**Eighth Defense**

Plaintiffs are not in privity of contract with Creola.

**Ninth Defense**

Plaintiffs failed to give Creola notice within a reasonable time after they discovered or should have discovered any alleged breach and/or failed to give Creola reasonable opportunities to cure the alleged defect. Alternatively, any notice provided by Plaintiffs' was insufficient and/or untimely.

**Tenth Defense**

Creola denies the existence or breach of any warranties, expressed or implied.

**Eleventh Defense**

In the alternative, Plaintiffs' claims are barred because some and/or all of any express or implied warranties were disclaimed and/or expired.

### Twelfth Defense

Plaintiffs have failed to reference an applicable statute, or that they are part of the protected class of any applicable statute, sufficient to state a negligence *per se* cause of action.

### Thirteenth Defense

Creola specifically denies the class action allegations Complaint. The class action allegations of the Complaint fail to meet the prerequisites for a class action with regard to the alleged claims against Creola, for the following reasons, *inter alia*: the alleged class does not meet the numerosity requirement, and joinder of all alleged members of the class is not impractical as to the alleged claims made against Creola; the questions of law or fact common to the alleged members of the class do not predominate over individual questions of law and fact, particularly, with regard to individual liability, causation, and damage issues; and, the named Plaintiffs do not fairly and adequately protect the interests of the alleged class members and do not have claims typical of the other alleged class members, particularly, as applied to Creola.

### Fourteenth Defense

The claims asserted against Creola have been improperly cumulated with other claims.

### Fifteenth Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered any damage as a result of any matter alleged in the Complaint.

### Sixteenth Defense

Plaintiffs' claims are barred to the extent they have failed to satisfy any condition precedent to suit under applicable law.

**Seventeenth Defense**

Plaintiffs' negligence-based claims fail because Creola owed no duty of care to Plaintiffs. However, to the extent Creola is found to have owed a duty to Plaintiffs, which is denied, Creola did not breach such duty.

**Eighteenth Defense**

Plaintiffs are not entitled to injunctive relief. Plaintiffs have an adequate remedy at law and will not be harmed or prejudiced in the absence of an injunction. Plaintiffs cannot show a likelihood that they will suffer any future injury from Creola. There is no likelihood that Plaintiffs' rights will be violated in the future.

**Nineteenth Defense**

Creola denies the material allegations of the Complaint and demands strict proof thereof.

**Twentieth Defense**

Plaintiffs are not entitled to any attorneys' fees, costs, or expenses.

**Twenty-First Defense**

Plaintiffs are not entitled to punitive damages as a matter of fact and law, that Plaintiffs' claims for punitive damages cannot be upheld to the extent these claims violate or contravene the holdings of the United States Supreme Court, that Plaintiffs' claims for punitive damages cannot be upheld to the extent these claims violate or contravene the Due Process Clause, the Equal Protection Clause, the right to property, and the prohibition against excessive punishment of the Constitutions of the States of Louisiana and Alabama, and that Plaintiffs' claims for punitive damages cannot be upheld to the extent these claims violate or contravene the Equal Protection

12

Clause of the Fifth and Fourteenth Amendments and due process of law under the Fourteenth Amendment of the United States Constitution.

### Twenty-Second Defense

Any damages sustained by Plaintiffs, which damages are specifically denied, were caused by nature, weather, or other conditions that are not the responsibility, fault, or liability of Creola.

### Twenty-Third Defense

Creola specifically pleads the defense of extinguishment of the debt in that any alleged liability on the part of Creola has been extinguished, discharged or released by Plaintiffs' settlement with, and/or release of, a solidary obligor.

### Twenty-Fourth Defense

Plaintiffs' claims are barred to the extent Plaintiffs seek application of one state's law to the purported claims of the members of the putative nationwide class because such application would violate due process. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 821-822 (1985).

### Twenty-Fifth Defense

Creola's right to due process is violated by Plaintiffs' claims proceeding among 529 individual putative subclasses because Creola is denied notice of the claims against it and an opportunity to be heard.

### Twenty-Sixth Defense

Creola's right to a jury trial as guaranteed to it under the 7th Amendment of the United States Constitution is violated by Plaintiffs' claims proceeding among 529 individual putative subclasses.

**Twenty-Seventh Defense**

Plaintiffs' claims against Creola are barred to the extent that Creola had no notice or knowledge that any product was defective or not suitable for the purposes for which it was sold.

**Twenty-Eight Defense**

Venue as to the claims asserted against Creola is improper.

**Twenty-Ninth Defense**

The claims asserted against Creola as to the construction of new homes are barred by the exclusivity provisions and time periods of the New Home Warranty Acts of the respective states.

**Thirtieth Defense**

The claims asserted against Creola are barred to the extent that Plaintiffs have waived any such claims by contract or by operation of law and/or such claims are deemed by operation of law to have been extinguished or otherwise merged.

**Thirty-First Defense**

Any loss or damage claimed by Plaintiffs is the fault of third parties for whom Creola is not liable.

**Thirty-Second Defense**

The damages complained of herein by Plaintiffs were caused or contributed to by the fault of third parties for which Creola is not responsible and over which Creola has/had no control.  To the extent Plaintiffs' damages, if any, were caused by the acts of omissions of third parties, Plaintiffs' damages, if any, should be reduced by the percentage of causation attributable to the fault or negligence of such third parties.

14

### Thirty-Third Defense

In the alternative, and only in the event that Creola is determined to be liable to Plaintiffs, which is denied, then Creola is entitled to an offset of any amount as to which delivery of the product in question avoided plaintiffs' loss and expense and/or Plaintiffs have otherwise been compensated for losses.

### Thirty-Fourth Defense

Plaintiffs' claims of unfair trade practices and consumer protection violations are barred to the extent the applicable statutes bar such claims when brought in a representative capacity.

### Thirty-Fifth Defense

Recovery of some or all of the damages alleged to have been sustained by Plaintiffs are barred by the economic loss doctrine or its common law or statutory equivalent.

### Thirty-Sixth Defense

Any claim against Creola is barred, in whole or in part, by the one-year prescriptive period and/or any other applicable prescriptive period or statute(s) of limitations, and/or laches, estoppel, or preemption.

### Thirty-Seventh Defense

If Plaintiffs sustained any illness, injury, disability, loss and/or damages, which is expressly denied, such was the result of a condition or conditions of Plaintiffs that was pre-existing the alleged occurrences of exposure, or occurred outside of or subsequent to such occurrences, in whole or in part, and consequently, Creola is not responsible for any such injuries or damages.

**Thirty-Eighth Defense**

Plaintiffs' decedent's alleged injuries and damages, if any, were caused by the intervening or superseding acts or omissions of others over whom Creola had no control or right of control.

**Thirty-Ninth Defense**

Any claim based on any theory of strict liability, or liability without fault, constitutes a deprivation of Creola's property without due process of law in violation of the Constitution of the United States of America and the Constitution of the State of Louisiana and/or Alabama.

**Fortieth Defense**

Any drywall product to which Plaintiffs may have been exposed was mined, milled, processed, manufactured, installed, maintained, sold, and/or distributed by persons or entities other than Creola, and Creola therefore cannot be held liable for the use of or exposure to any such product.

**Forty-First Defense**

In the alternative, the terms, provisions, and conditions of any and all contracts entered into between Defendant and any other parties, including but not limited to any warranty provisions, operate as a bar to all or part of Plaintiffs' claims.

**Forty-Second Defense**

Plaintiffs have failed to join parties necessary for a just adjudication of their claims.

**Forty-Third Defense**

Plaintiffs have no claim for damages against Creola, as there is no defect that any drywall possessed which is redhibitory in nature and, at all times material hereto, Creola has acted and

16

dealt with Plaintiffs in good faith and did not know, nor should have known of the alleged defect in any drywall.

### Forty-Fourth Defense

Alternatively, if Plaintiff should show that the product at issue was unreasonably dangerous and/or defective in design, which Creola specifically denies, then there was no causal relation between defect and this Defendant, and, further, Creola would show that at the time the product left its control:

    a.   Creola did not know and, in light of then-existing reasonably available scientific and technological knowledge, could not have known of the design characteristic that caused Plaintiffs' alleged damage or the danger of such characteristic;

    b.   Creola did not, in fact have any knowledge of the alleged defective condition; and

    c.   Creola had no better opportunity to inspect the product than did the Plaintiffs.

### Forty-Fifth Defense

Alternatively, if Plaintiff should show that the product at issue was unreasonably dangerous for lack of adequate warnings, which Creola specifically denies, then Creola would show that at the time the product left its control, it did not know and, in light of then existing reasonably available scientific and technological knowledge, could have not known of the characteristic that caused the damage or the danger of such characteristic.

### Forty-Sixth Defense

If any defect existed in any drywall, which is specifically denied, Plaintiffs did not give respondents notice of the existence of a redhibitory defect in any drywall and as such Plaintiffs' claim is barred.

**Forty-Seventh Defense**

Creola incorporates by reference, as if pleaded and copied *in extenso*, each and every affirmative defense pleaded by similarly-situated defendants.  Creola hereby gives notice that it intends to rely upon any other defense that may become available or appear during the proceedings or discovery in this case and hereby reserves its right to supplement and amend its Answer and Defenses to assert any such defense, and/or file additional answers, third-party complaints, reconventional demands, or cross-claims such as facts may later disclose or require.

**<u>FIRST CROSS-CLAIM</u>**

1.

Defendant incorporates herein all of the foregoing responses that are relevant to this cross-claim.

2.

For a further defense and a cross-claim, Defendant asserts a claim against Knauf Gips KG; Knauf Plasterboard (Tianjin) CO., Ltd.; Knauf Plasterboard (Wuhu) Co. Ltd.; and Guangdong Knauf New Building Materials Products Co. Ltd.[1] along with all other applicable affiliates and related entities (herein collectively referred to as "Knauf").

3.

Defendant purchased from Interior/Exterior Building Supply, LP and/or Interior/Exterior Enterprises, LLC (herein collectively referred to as "INEX") a certain quantity of drywall believed to have been manufactured by Knauf.

---

[1]   Identified erroneously in the Complaint as Knauf Plasterboard ("Dongguan") Co., Ltd. See [Dkt# 1705 and 1719].

4.

Knauf expressly warranted the drywall Defendant purchased from INEX would be free of defects and fit for the ordinary purpose for which drywall is used.

5.

Without admitting any liability or damages to the Plaintiffs, if it is shown that the drywall manufactured by Knauf and sold to Defendant was defective and not fit for the ordinary purpose for which drywall is used, then Knauf is liable to Defendant for breach of the express warranty.

6.

As a direct and proximate result of Knaufs breach of express warranties, Defendant has incurred damages in that it has been required to respond to property owner complaints and to defend this action.  Further, Defendant will likely continue to incur additional costs and fees in responding to property owner complaints and defending this action.

**SECOND CROSS-CLAIM**

7.

Defendant adopts and restates the preceding paragraphs that are relevant to this cross-claim as if fully set forth herein.

8.

Knauf owed a duty of care to Defendant, such duties being specifically set forth in the Plaintiffs' Complaint and incorporated herein by reference.

9.

If the allegations of the Plaintiffs Complaint are true, Knauf breached the aforementioned duties and was negligent as specifically described in the Plaintiffs' Complaint and Incorporated herein by reference.

10.

lf the allegations of Plaintiffs' Complaint are true, Knauf breached the aforementioned duties and was negligent by failing to warn Defendant about the defective nature of the drywall.

11.

If the allegations of the Plaintiffs' Complaint are true, Knauf through the exercise of reasonable care, knew or should have know the nature of the defective drywall.

12.

If the allegations of the Plaintiffs' Complaint are true, it was reasonably foreseeable that the aforementioned acts of negligence would cause damage to Defendant.

13.

If the allegations of Plaintiffs' Complaint are true, as a direct and proximate consequence of Knauf's negligence, Defendant has suffered and incurred damages, costs and litigation expenses for which Knauf is liable.

**THIRD CROSS-CLAIM**

14.

Defendant adopts and restates the preceding paragraphs that are relevant to this cross-claim as if fully set forth herein.

20

15.

For a further defense and as a cross-claim, Defendant asserts a claim against Knauf for breach of implied warranty of merchantability under the common law and for applicable state statutes.

16.

Knauf is a manufacturer and merchant of drywall.

17.

Defendant purchased from INEX a certain quantity of drywall believed to have been manufactured and sold by Knauf.

18.

Pursuant to the applicable state statutes and/or the common law, Knauf warranted that the drywall was merchantable and fit for the ordinary purpose for which the drywall is used.

19.

Without admitting any liability or damage to the Plaintiffs, if it is shown that the drywall manufactured by Knauf and sold by INEX to Defendant was defective and not fit for the ordinary purpose for which drywall is used then Knauf is liable to Defendant for breach of implied warranty.

20.

As a direct and proximate result of Knauf's breach of the implied warranty of merchantability, Defendant has incurred damages in that it has been required to respond to property owner complaints and to defend this action. Further, Defendant will likely continue to incur additional costs in responding to homeowner complaints and defending this action.

21

## FOURTH CROSS-CLAIM

### 21.

Defendant incorporates herein all of the foregoing responses that are relevant to this cross-claim.

### 22.

For a further defense and as a cross-claim, Defendant asserts a claim against Knauf for equitable, statutory and/or common law indemnification.

### 23.

Knauf is solely responsible and liable for any allegedly wrongful acts committed against the Plaintiffs with regard to the allegations of Plaintiffs' Complaint.

### 24.

Knauf is solely liable for any damages allegedly suffered by Plaintiffs and, if Defendant is required to pay any damages to the Plaintiffs, Defendant is entitled to be indemnified by Knauf for any damages, cost of litigation, reasonable expenses and reasonable attorney's fees, based on the doctrines of equitable, statutory and/or common law indemnification.

## FIFTH CROSS-CLAIM

### 25.

Defendant adopts and restates the preceding paragraphs that are relevant to this cross-claim as if fully set forth herein.

26.

For a further defense and a cross-claim, Defendant asserts a claim against Interior/Exterior Building Supply, LP, and Interior/Exterior Enterprises, LLC. (herein collectively referred to as "INEX").

27.

Defendant purchased from INEX a certain quantity of drywall believed to have been manufactured by Knauf.

28.

INEX expressly warranted the drywall Defendant purchased would be free of defects and fit for the ordinary purpose for which drywall is used.

29.

Without admitting any liability or damages to the Plaintiffs, if it is shown that the drywall sold by INEX to Defendant was defective and not fit for the ordinary purpose for which drywall is used, then INEX is liable to Defendant for breach of the express warranty.

30.

As a direct and proximate result of INEX's breach of express warranties, Defendant has incurred damages in that it has been required to respond to property owner complaints and to defending action.  Further, Defendant will likely continue to incur additional costs in responding to property owner complaints and defending this action.

## SIXTH CROSS-CLAIM

31.

Defendant adopts and restates the preceding paragraphs that are relevant to this cross-claim as if fully set forth herein.

32.

For a further defense and as a cross-claim, Defendant asserts a claim against INEX for breach of implied warranty of merchantability under the common law and/or applicable state statutes.

33.

INEX is a merchant of drywall.

34.

Defendant purchased from INEX a certain quantity of drywall believed to have been manufactured by Knauf.

35.

Pursuant to the applicable state statutes and/or the common law, INEX warranted that the drywall was merchantable and fit for the ordinary purpose for which the drywall is used.

36.

Without admitting any liability or damages to the Plaintiffs, if it is shown that the drywall, sold by INEX to Defendant was defective and not fit for the ordinary purpose for which drywall is used, then INEX is liable to Defendant for breach of implied warranty.

37.

As a direct and proximate result of INEX's breach of the implied warranty of merchantability, Defendant has incurred damages in that it has been required to respond to property owner complaints and to defend this action.  Further, Defendant will likely continue to incur additional costs and fees in responding to property owner complaints and defending this action.

## SEVENTH CROSS-CLAIM

38.

Defendant adopts and restates the preceding paragraphs that are relevant to this cross-claim as if fully set forth herein.

39.

INEX owed a duty of care to Defendant such duties being specifically set forth in the Plaintiffs' Complaint and incorporated herein by reference.

40.

If the allegations of the Plaintiffs Complaint are true; INEX breached the aforementioned duties and was negligent as specifically described in the Plaintiffs' Complaint and incorporated herein by reference.

41.

If the allegations of Plaintiffs' Complaint are true, INEX breached the aforementioned duties and was negligent by failing to warn Defendant about the defective nature of the drywall.

42.

If the allegations of the Plaintiffs' Complaint are true, INEX through the exercise of reasonable care, knew or should have know the nature of the defective drywall.

43.

If the allegations of the Plaintiffs' Complaint are true, it was reasonably foreseeable that the aforementioned acts of negligence would cause damage to Defendant.

44.

If the allegations of Plaintiffs' Complaint are true, as a direct and proximate consequence of INEX is negligence, Defendant has suffered and incurred damages, costs and litigation expenses for which INEX is liable.

**EIGHTH CROSS CLAIM**

45.

Defendant adopts and restates the preceding paragraphs that are relevant to this cross-claim as if fully set forth herein.

46.

For a further defense and as a cross-claim, Defendant asserts a claim against INEX for equitable statutory and/or common law indemnification.

47.

lNEX is solely responsible and liable for any allegedly wrongful acts committed against the Plaintiffs with regard to the allegations of plaintiffs' Complaint.

26

48.

INEX is solely liable for any damages allegedly suffered by Plaintiffs and, if Defendant is required to pay any damages to the Plaintiffs, Defendant is entitled to be indemnified by INEX for any damages, cost of litigation, reasonable expenses of reasonable attorney's fees based on statutory law, the doctrines of equitable and/or common law indemnification

**WHEREFORE**, Defendant Creola Ace Hardware, Inc. prays that:

a) Plaintiffs recover nothing from Defendant and that judgment be entered in Defendant's favor;

b) The costs of this action, including attorney's fees a\ld costs that may be allowed by law of statute, be taxed against Plaintiffs;·

c) If Plaintiffs recover any amount from Defendant, that Defendant be granted the relief prayed for in its Cross-Claims against Knauf and INEX;

d) It have a trial by jury on all matters so triable; and

e) Defendant shall have such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**KUCHLER POLK SCHELL
WEINER & RICHESON, LLC**

BY:    /s/ Robert E. Guidry
DEBORAH D. KUCHLER (La. Bar No. 17013)
ROBERT E. GUIDRY (La. Bar No. 28064)
1615 Poydras St., Suite 1300
New Orleans, LA  70112
Telephone:  (504) 592-0691
Facsimile: (504) 592-0696
**Counsel for Creola Ace Hardware, Inc.**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the above and foregoing Answer, Affirmative Defenses and Cross-Complaint of Creola Ace Hardware, Inc. has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 1st day of April, 2010.

/s/ Robert E. Guidry
ROBERT E. GUIDRY