UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | * | MDL No. 2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION "L" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE FALLON |
| | * | |
| SEAN AND BETH PAYTON, et al. | * | MAG. JUDGE WILKINSON |
| v. | * | |
| KNAUF GIPS, DG, et al. | * | |
| Case No. 2:09-md-7628 | * | |

**************************************

### DEFENDANT ANDREWS HARDWARE COMPANY INC.'s
### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Defendant, Andrews Hardware Company, Inc.("Andrews") seeks an Order dismissing the claims of Plaintiffs under FRCP 12(b)(2) and (3) because Andrews is not subject to the jurisdiction of this Court, and the Eastern District of Louisiana is an improper venue for the proceedings against Andrews.

### I. BACKGROUND

On December 9, 2009 the Plaintiffs filed this class action Complaint against certain Knauf Manufacturers of Chinese drywall, distributors, suppliers, importers, exporters/brokers, builders/developers and contractors/installers, seeking to recover damages said to be caused by the allegedly defective Chinese drywall. *See* DE 1. Plaintiffs allege that Andrews is a distributor or supplier of drywall which resulted in harm and damages to certain Subclass Members (DE 1 at p. 390; Paragraph 2083). Schedule I to the Complaint identifies five Subclass Members owning properties in Alabama with claims against Andrews. As Plaintiffs' Complaint correctly asserts, Andrews is an Alabama Company with a principal place of business in Citronelle, Alabama.

As shown herein, Andrews is not subject to the personal jurisdiction of this Court because

it lacks the constitutionally mandated "minimum contacts" with the state of Louisiana, required before the Court can properly exercise jurisdiction. Therefore, Andrews seeks an order of dismissal.

## II. ARGUMENT

Plaintiffs allege that Andrews is an Alabama corporation headquartered in Alabama, further that Andrews supplied drywall which was installed in five residences in Alabama. These allegations are insufficient to establish this Court's jurisdiction over Andrews.

Due to Andrews' challenge to this Court's jurisdiction over it, the Plaintiffs must prove that personal jurisdiction is present. *Familia De Boom v. Arosa Mercantil*, S.A., 629 F.2d 1134 (5th Cir. 1980). In this instance, because Plaintiffs assert diversity jurisdiction, the Court can exercise personal jurisdiction of a non-resident such as Andrews only if two criteria are met: (1) the forum state's long-arm statute confers personal jurisdiction; **and** (2) the exercise of jurisdiction does not exceed the boundaries of due process. *See Seiferth v. Helicopters Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006).

Louisiana's long-arm statute states that a Louisiana court "may exercise personal jurisdiction over a nonresident on any basis consistent with ... the Constitution of the United States," La. R.S. 13:3201(B). La.R.S. 13:3201, provides in its entirety:

    A.    A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:

        (1)    Transacting any business in this state.

        (2)    Contracting to supply services or things in this state

        (3)    Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.

        (4)    Causing injury or damage in this state by an offense or

> quasi offense committed through an act or omission outside of this state if he regularly does or solicits business or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.
>
> (5) Having an interest in, using or possessing a real right on immovable property in this state.
>
> (6) Non-support of a child, parent or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the nonresident formerly resided in this state.
>
> (7) Parentage and support of a child who was conceived by the nonresident while he resided in or was in this state.
>
> (8) Manufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer's marketing practices.
>
> B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of the state and of the Constitution of the United States.

The long-arm statute sets forth two methods for the exercise of personal jurisdiction over a nonresident. La. R.S. 13:3201(A) outlines instances in which a court may exercise "specific" jurisdiction on account of activities by the defendant from which a cause of action arises. The activities supporting the existence of "specific" jurisdiction grow out of a defendant's purposeful contacts with the forum. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980).

La. R.S. 13:3201(B) sets forth a second basis for exercising jurisdiction in instances where such exercise is consistent with the laws of the forum, and the U.S. Constitution. Therefore, if a

court lacks specific jurisdiction, it may exercise general jurisdiction consistent with due process considerations - i.e., the defendant is engaged in "continuous and systematic contacts" with the forum state. *Helicopteros Nactionales de Columbia, S.A. v. Hall*, 466 U.S. 408 (1984).

Because the limits of Louisiana's long-arm statute are co-extensive with the limits of constitutional due process, the inquiry is simply whether this Court's exercise of jurisdiction over Andrews would offend due process. *Luv N'Care, Ltd. v. Insta-Mix, Inc.*, 438 F3d 465, 469 (5th Cir. 2006); *Electrosource, Inc. v. Horizon Battery Techs., Ltd.*, 176 F.3d 867, 761 (5th Cir. 1999).

The Due Process Clause of the United States Constitution limits the Court's power to assert personal jurisdiction over a nonresident defendant. *Helicopteros Nactionales de Columbia, S.A. v. Hall*, 466 U.S. at 413-14. The Due process inquiry is two-fold. First, the Court must establish whether Andrews, a nonresident defendant, has the requisite minimum contacts with Louisiana, the forum state. *Luv N'Care*, 438 F3d at 469 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. at 319). Second, the Court must determine whether exercising personal jurisdiction over Andrews would violate "traditional notions of fair play and substantial justice." *Int'l Shoe Co.*, 326 U.S. 310 (1945).

The Fifth Circuit has developed a three-part test in order to determine whether jurisdiction is appropriate under the Due Process Clause and *International Shoe*. *See Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F.3d 374 (5th Cir 10/31/2002). First, the Court determines if the defendant has minimum contacts with the forum state, i.e., whether it purposefully directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there. Second, the Court asks whether the plaintiffs' cause of action arises out of, or results from the defendant's forum-related contacts. Last, the Court determines if the exercise of personal jurisdiction is fair and reasonable.

In order to determine whether Andrews has minimum contacts with Louisiana, the Court

"must identify some act whereby [Andrews] 'Purposely avail[ed] itself of the privilege of conducting activities [in Louisiana], thus invoking the benefits and protections of its laws.'" *Luv N'Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469-470 (5th Cir. 1/25/2006). Andrews conduct must show that it "reasonably anticipates being haled into Court" in Louisiana. *Id.* at 470; citing *World Wide Volkswagen Corp.*, 444 U.S. at 297. Here, Andrews has committed no act to show that it reasonably anticipates being haled into court in Louisiana, and the burden is on the Plaintiffs to prove to the contrary.

Plaintiffs are unable to meet their jurisdictional burden of proof. Attached hereto as Exhibit A is the Affidavit of Andrews' Vice President, John Andrews, wherein he states:

1. Andrews is an Alabama company with its principal place of business in Citronelle, Alabama.

2. None of the officers of Andrews reside in or are domiciled in Louisiana.

3. Andrews has no, and has never had any, subsidiaries or other related entities in Louisiana.

4. Andrews is an independently-owned retail hardware store.

5. Andrews has never conducted any business within, nor had any contracts to perform within, the state of Louisiana.

6. Andrews has not purchased or sold real property in Louisiana.

7. Andrews has no bank accounts in Louisiana.

8. Andrews has never been licensed or registered to do business in Louisiana and has no registered agent for service of process in Louisiana.

9. Andrews has not and does not maintain any office(s) nor employ any employees in Louisiana.

10. Andrews does not solicit, and has never solicited, any business in Louisiana and has never transacted business in Louisiana.

11. According to the schedules attached to the Complaint in this matter, the residences for which Andrews allegedly supplied defective Chinese Drywall are all in Alabama.

>None of the alleged homeowners who have asserted any claims in the Complaint in this matter against Andrews reside in Louisiana, none of the property at issue in the Complaint in this matter (as pertains to Andrews) is located in Louisiana and Andrews did not negotiate or enter into any contract with any plaintiff in Louisiana.
>
>12. Andrews does not have any agreements with agents located in the state of Louisiana who are authorized to perform work on behalf of Andrews in Louisiana.

It is clear that Plaintiffs' causes of action for damages caused to their Alabama properties are not related to any forum-related contacts by Andrews. Plaintiffs make no allegations that their damages are connected to acts by Andrews in Louisiana. As previously noted, Andrews is not aware of any instances wherein any type of business activity it has undertaken has involved Louisiana. *Id.*

To require Andrews to defend the claims of Alabama property owners in Louisiana offends traditional notions of fair play and substantial justice. In reaching its decision, this Court must consider the burden on Andrews of having to defend the claims of Alabama property owners in a Louisiana court at a great distance from its place of business, when Andrews has never sought to do business in Louisiana. Here, the Plaintiffs reside in Alabama and the properties at issue are located in Alabama. Andrews' primary witnesses will be Alabama citizens. Under these circumstances, it would be anything but fair and reasonable for Andrews to be subjected to litigation in Louisiana.

As demonstrated, Plaintiffs cannot establish specific jurisdiction over Andrews because the Plaintiffs' causes of action to not arise out of any of Andrews' activities in Louisiana. Nor can Plaintiffs establish that the Court can exercise general jurisdiction because Andrews has not engaged in continuous and systematic activities in Louisiana.

"A court may exercise general jurisdiction over a defendant when the defendant has engaged in 'continuous and systematic contacts' with the forum, but the contacts are not necessarily related to the lawsuit." *Helicopteros*, 466 U.S. at 414-415; *Peters v. Alpharetta Spa, L.L.C.*, 2004-0979 (La.App. 1 Cir. 5/6/05), 915 So.2d 910, 911. Thus, the sole focus of a general jurisdiction inquiry

is whether there are any continuous and systematic contacts between Andrews and the state of Louisiana. *Dickinson Marine, Inc.*, 179 F.3d at 339. The Fifth Circuit has found that the continuous and systematic test "is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Submersible Sys., Inc. v. Perforadora Cent.*, 249 F.3d 413, 419 (5th Cir. 2001). In addition, Louisiana jurisprudence establishes that "much more substantial contacts with the forum state are required to establish general jurisdiction." *Curran v. Fisherman Marine Prod., Inc., et al*, 2000-0099 (La.App. 4 Cir. 11/15/00), 773 So.2d 285, 288.

The Supreme Court addressed the question of general jurisdiction in *Helicopteros v. Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, wherein a helicopter accident occurred in Peru resulting in the death of American citizens. *Id.* at 410-411. The relatives of these citizens then sued the foreign defendant, Helicopteros, in Texas state court. *Id.* at 412. The Supreme Court was thus forced to consider whether the Texas state court had general jurisdiction over Helicopteros. *Id.* at 415-416. The Supreme Court concluded that no general jurisdiction existed. *Id.* at 416. In reaching its decision, the Court looked to the fact that Helicopteros had never been authorized to do business in Texas, never signed a contract in Texas (although it did contract with residents of Texas several times), never had any employee based in Texas, never maintained an office in Texas, did not maintain any records in Texas, and did not have any shareholders in Texas. *Id.*

However, Helicopteros did have numerous contacts with Texas. *Id.* at 411. For example, for seven years, Helicopteros purchased helicopters, spare parts, and accessories from Bell Helicopters, a Texas Company. *Id.* Additionally, Helicopteros sent prospective pilots to Texas for training and management and maintenance personnel of Helicopteros visited Bell Helicopters. *Id.* Despite these contacts, the Supreme Court held that the contacts did not "constitute the kind of continuous and systematic general business contacts" necessary to find general jurisdiction. *Id.* at

418-419.

Andrews is organized under the laws of the state of Alabama and has its principal place of business in Alabama. *See*, Exhibit A. Andrews has no facilities in Louisiana, is not authorized to do business in Louisiana, and has no offices, real property, or telephone listings in Louisiana. *Id.* Moreover, Andrews has no employees in Louisiana, recruits no employees in Louisiana, does not make any unsolicited mailings to Louisiana, does not advertise in Louisiana, and has no contracts that are performed in Louisiana. *Id.*

Plaintiffs' Petition is thus devoid of any proof that Andrews has continuous and systematic contacts with Louisiana as required for a finding of general jurisdiction. Consequently, because Andrews has no continuous contacts with Louisiana, an exercise of general jurisdiction over Andrews offends the Due Process Clause.

Furthermore, this Court has refused to alter its jurisdictional analysis based on a class certification. *See In Re: Train Derailment Near Amite, Lousiana, on October 12, 2002*; 2004 WL 224573 (E.D. La. 2/3/2004), wherein the plaintiff brought suit against two railroad defendants arising out of a train derailment in Louisiana. *Id.* at *1, asserting individual and class claims. The defendant challenged the Court's jurisdiction. In response to that challenge, the plaintiff asserted that the Motion to Dismiss should be denied or deferred because, "the Court has recently certified a class in this matter changing the procedural paradigm from one of multi-district litigation to a class action." *Id.* Following the analysis of jurisdiction, the Court concluded, "Finally, this Court is unpersuaded that the certification of a class in this case has any bearing on [the defendant's] motion to dismiss for lack of personal jurisdiction. The personal jurisdiction determination depends solely on [the defendant's] conduct in and contacts with the forum state." *Id.* at *3.

### III. CONCLUSION

In sum, Plaintiffs' Complaint fails to establish that Andrews has the necessary minimum contacts with Louisiana in order to render it subject to jurisdiction in Louisiana. Since Andrews has not purposefully availed itself of the privileges of conducting activities within the forum state, Plaintiffs' allegations have no basis for specific or general jurisdiction over Andrews. Therefore, Plaintiffs' Complaint should be dismissed for lack of personal jurisdiction.

Respectfully submitted

ADAMS | COOGLER
Post Office Box 2069
1555 Palm Beach Lakes Blvd., Suite 1600 (Zip Code: 33401)
West Palm Beach, FL 33402-2069
Telephone: (561) 478-4500
Facsimile: (561) 684-7346
E-Mail: mswitzer@adamscoogler.com
Attorney for Defendant Andrews Hardware Company, Inc.

By: _____
MICHAEL W. SWITZER, ESQUIRE
Florida Bar # 0728268

I HEREBY CERTIFY that the above and foregoing document has been served on Plaintiffs' Liason Counsel, Russ Herman, and Defendants' Liason Counsel, Kerry Miller, by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with teh procedures established in MDL 2047, on this ____ day of April, 2010.

_____
Michael W. Switzer