UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION:  L |
| | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | MAG. JUDGE WILKINSON |
| Sean and Beth Payton, et al. v. Knauf Gips, KG, et al., Case No. 2:09-cv-07628. | |

_____/

### DEFENDANT, MEADOWS OF ESTERO'S, MOTION TO DISMISS PLAINTIFFS' OMNIBUS CLASS ACTION (I) COMPLAINT

Defendant, Meadows of Estero-Bonita Springs Limited Partnership ("Meadows"), by and through its undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves to dismiss Brigid Soldavini-Clapper's ("Soldavini") claims against Meadows in the Payton Omnibus (I) Class Action Complaint ("Complaint").[1]  In support thereof, Meadows alleges as follows:

1. Counts I through III (respectively, Negligence, Negligence Per Se, and Strict Liability), XI (Private Nuisance), and XII (Negligent Discharge of a Corrosive Substance) are all tort claims for economic damages which are barred by the Contractual Privity Economic Loss Rule since Meadows has a written contract with Soldavini.  Soldavini has not asserted any

---

[1] Meadows also objects to Soldavini's initial filing of her claims in the MDL proceeding to the extent it was procedurally improper to do so and reserves the right to assert any applicable defenses relating to Soldavini's initial filing in the MDL.

1

2. personal injury or property damage which would exclude her tort claims from the Economic Loss Rule.

3. Counts IV (Breach of Express and/or Implied Warranties), V (Breach of the Implied Warranty of Fitness and Merchantability Pursuant to Florida Statutes, Section 718.203), VI (Breach of the Implied Warranty of Habitability) should be dismissed since none of the specific terms of the contract or alleged warranties between Meadows and Soldavini are pled in the Complaint. Soldavini also improperly combines implied and express warranty claims. Furthermore, Soldavini waived all implied warranty claims in her Contract with Meadows, except for the warranty provided in the Florida Condominium Act.

4. Count VII (Breach of Contract) should be dismissed because Soldavini failed to identify any terms of the Contract that were materially breached or any resulting damages.

5. Count XIII (Unjust Enrichment) should be dismissed because Soldovini has an adequate remedy at law.

6. Count XIV (Violation of the Consumer Protection Act) should be dismissed because Soldavini did not plead a viable claim under Florida's Unfair and Deceptive Trade Practices Act.

7. Count XV (Injunctive Relief and Medical Monitoring) should be dismissed because Soldavini did not properly plead such claim.[2]

WHEREFORE, Defendant, Meadows of Estero-Bonita Springs Limited Partnership, respectfully requests the Court dismiss the above-referenced claims asserted by Soldavini against Meadows in the Complaint, and grant such further relief as is appropriate.

---

[2] To the extent any response is required with respect to the remaining claims asserted by Soldavini or others against Meadows, such claims are denied in their entirety.

Dated:  April 2, 2010.

            s/ Adam C. King
          JEFFREY M. PASKERT
          Florida Bar No. 846041
          jpaskert@mpdlegal.com
          ADAM C. KING
          Florida Bar No. 156892
          aking@mpdlegal.com
          MILLS PASKERT DIVERS
          100 N. Tampa Street, Suite 2010
          Tampa, Florida  33602
          (813) 229-3500 − Telephone
          (813) 229-3502 − Facsimile
          *Attorneys for Meadows of Estero-Bonita Springs Limited Partnership*

## CERTIFICATE OF SERVICE

I HEREBY certify that on April 2, 2010, this document has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6 and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

            s/ Adam C. King
          Attorney