UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL<br>PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION:  L |
| | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | MAG. JUDGE WILKINSON |
| Sean and Beth Payton, et al. v. Knauf Gips, KG, et al.,<br>Case No. 2:09-cv-07628. | |
| _____/ | |

### DEFENDANT, SHELBY HOMES AT MEADOWS, INC.'S, MOTION TO DISMISS PLAINTIFFS' OMNIBUS CLASS ACTION (I) COMPLAINT

Defendant, Shelby Homes at Meadows, Inc. ("Shelby"), by and through its undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves to dismiss Harry and Rosemarie Hurley's ("Plaintiffs") claims against Shelby in the Payton Omnibus (I) Class Action Complaint ("Complaint").[1]  In support thereof, Shelby alleges as follows:

1.	Count I (Negligence) should be dismissed because the Complaint does not provide any factual allegations regarding how Shelby's alleged duty to Plaintiffs arose or the scope of the duty.

2.	Count II (Negligence Per Se) should be dismissed because it fails to state a cause of action as a matter of law.  Plaintiffs fail to identify what statutory duty Shelby owed them or

---

[1] Shelby also objects to Plaintiffs' initial filing of their claims in the MDL proceeding to the extent it was procedurally improper to do so and reserves the right to assert any applicable defenses relating to Plaintiffs' initial filing in the MDL.

1

how Shelby allegedly breached such duty. Furthermore, Count II is asserted against all of the Defendants and does not distinguish between any alleged statutory duties owed by Manufacturers, Distributors, Developers/Builders, Contractors, Installers, or others.

3. Count III (Strict Liability) should be dismissed because it fails to state a cause of action as a matter of law. Plaintiffs do not allege how Shelby was in the distributive chain of the alleged Chinese drywall, nor do they include any factual support for their claims.

4. Count IV (Breach of Express and/or Implied Warranties) should be dismissed because the Plaintiffs do not allege how the warranties were made, to whom they were made, when the warranties were made, the terms of the warranties, or how such warranties were breached. Furthermore, the Plaintiffs improperly combine causes of action for express and implied warranties.

5. Count V (Breach of the Implied Warranty of Fitness and Merchantability) should be dismissed because the Plaintiffs do not allege what statutory Condominium Warranty provision applies and how such warranty was breached, nor do they provide any factual allegations to support their claim.

6. Count VI (Breach of the Implied Warranty of Habitability) should be dismissed because the Plaintiffs do not allege any specific facts relating to their purchase of their condominium unit ("Unit"), any dealings or relationship with Shelby, or how the warranty was breached.

7. Count VII (Breach of Contract) should be dismissed because the Plaintiffs do not identify any contract that exists between them and Shelby, the terms of such contract, how it was materially breached, or any resulting damages.

8. Count XI (Private Nuisance) should be dismissed because the Plaintiffs do not allege the required elements of their Private Nuisance claim.

9. Count XII (Negligent Discharge of a Corrosive Substance) should be dismissed because it simply contains conclusory allegations and does not adequately plead a cause of action.

10. Count XIII (Unjust Enrichment) should be dismissed because the Plaintiffs do not allege the required elements of an Unjust Enrichment claim nor do they provide any factual support for the claim.

11. Count XIV (Violation of Consumer Protection Acts) should be dismissed because the Plaintiffs do not plead a viable claim under Florida's Unfair and Deceptive Trade Practices Act and the damages requested cannot be recovered under the statute.

12. Count XV (Equitable and Injunctive Relief and Medical Monitoring) should be dismissed because the Plaintiffs did not properly plead such claim and the Plaintiffs are not entitled to such relief in the instant case.[2]

13. Finally, Shelby objects to the jurisdiction of the U.S. District Court in Louisiana for the reasons more fully set forth in its supporting memorandum.

WHEREFORE, Defendant, Shelby Homes at Meadows, Inc., respectfully requests that the Court dismiss the above-referenced claims asserted by the Plaintiffs against Shelby in the Complaint, and grant such further relief as is appropriate.

---

[2] To the extent any response is required with respect to the remaining claims asserted by Plaintiffs or others against Shelby, such claims are denied in their entirety.

Dated:  April 2, 2010.

            s/ Adam C. King
JEFFREY M. PASKERT
Florida Bar No. 846041
jpaskert@mpdlegal.com
ADAM C. KING
Florida Bar No. 156892
aking@mpdlegal.com
MILLS PASKERT DIVERS
100 N. Tampa Street, Suite 2010
Tampa, Florida  33602
(813) 229-3500 − Telephone
(813) 229-3502 − Facsimile
*Attorneys for Shelby Homes at Meadows, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY certify that on April 2, 2010, this document has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6 and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

            s/ Adam C. King
Attorney