UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL<br>PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L |
| | JUDGE FALLON |
| THIS DOCUMENT RELATES TO:<br>Sean and Beth Payton, et al. v. Knauf Gips, KG, et al.,<br>Case No. 2:09-cv-07628.<br>_____/ | MAG. JUDGE WILKINSON |

**DEFENDANT, SHELBY HOMES AT MEADOWS', MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS
<u>PLAINTIFFS' OMNIBUS CLASS ACTION (I) COMPLAINT</u>**

Defendant, Shelby Homes at Meadows, Inc. ("Shelby"), by and through its undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, has contemporaneously filed a motion to dismiss certain claims asserted against Shelby by Harry and Rosemarie Hurley ("Plaintiffs") in the Payton Omnibus Class Action (I) Complaint ("Complaint"). Shelby submits the following Memorandum of Law in Support of its Motion to Dismiss:

**I. Background.**

Shelby was the general contractor for certain aspects of the Meadows of Estero Condominiums in Estero, Florida ("Project"). Complaint, ¶ 2450. Plaintiffs allege that they own a condominium unit within the Project ("Unit"). *Id.* at ¶ 379. The Complaint accurately

1

alleges that certain units in the Project were constructed with suspected Chinese Drywall. *Id*.

Plaintiffs, as two of the many Class Action Plaintiffs in the Payton Omnibus (I) Action, have asserted claims against Shelby in the Complaint for: I) Negligence, II) Negligence Per Se, III) Strict Liability, IV) Breach of Express and/or Implied Warranties, V) Breach of the Implied Warranty of Fitness and Merchantability Pursuant to Florida Statutes, Section 718.203, VI) Breach of the Implied Warranty of Habitability, VII) Breach of Contract, XI) Private Nuisance, XII) Negligent Discharge of a Corrosive Substance, XIII) Unjust Enrichment, XIV) Violation of Consumer Protection Acts, and XV) Equitable and Injunctive Relief and Medical Monitoring. The Complaint does not include any specific factual allegations relating to Plaintiffs' claims against Shelby. As more fully set forth below, the Court should dismiss Counts I, II, III, IV, V, VI, VII, XI, XII, XIII, XIV, and XV which Plaintiffs asserted against Shelby in the Complaint.[1]

**II.  Applicable Law.**

In a multidistrict litigation matter, the court must apply the choice of law rules of the transferor court and should apply the substantive law that would have been applied by the transferor court. *In re Educational Testing Service Praxis Principles of Learning and Teaching: Grades 7-12 Litigation*, 517 F. Supp. 2d 832, 839 (E.D. La. 2007); *In re Masonite Corp. Hardboard Siding Products Liability Litigation*, 21 F. Supp. 2d 593 (E.D. La. 1998). When determining questions of state law, the transferee court must apply the state law applicable to the individual case had there not been a transfer for purposes of consolidation. *In re Temporomandibular Joint Implants Products Liability Litigation*, 97 F. 3d 1050, 1055 (8th Cir. 1996).

---

[1] To the extent any response is required with respect to the remaining claims asserted by Plaintiffs against Shelby, such claims are denied in their entirety.

2

It is important to note that the Plaintiffs' claims were not transferred to the MDL proceeding because they did not file a federal court action against Shelby in another jurisdiction. Plaintiffs' claims against Shelby originated as part of the Payton Omnibus (I) Action.[2] Nonetheless, the Court should still apply Florida law because, to the extent Plaintiffs were entitled to file a federal action against Shelby, they should have filed the action in a Florida District Court. Furthermore, Florida's substantive law should apply to all claims the Plaintiffs asserted against Shelby because the Project is located in Florida, Plaintiffs' Unit is located in Florida, and Plaintiffs purchased the Unit in Florida.

### III. Legal Standard Applicable to A Motion to Dismiss.

Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint is subject to dismissal if it fails to state a claim. To state a valid claim, a complaint must factually allege each element of the claim for which relief is sought. *See Russell v. Theyrwin-Williams Co.*, 767 So.2d 592, 593 (Fla. 4th DCA 2000); *Todd v. Johnson*, 965 So.2d 255, 256-57 (Fla. 1st DCA 2007); *Chaires v. North Florida Nat. Bank*, 432 So.2d 183, 184 (Fla. 1st DCA 1983). In ruling on a motion to dismiss, the court must determine if a party has sufficiently pled the facts supporting the elements necessary to state a valid cause of action. *Id*. When allegations in a complaint are wholly conclusory and fail to set forth facts which, if provided, would warrant relief for the Plaintiff, dismissal is appropriate. *American Ass'n of People with Disabilities v. Smith*, 227 F. Supp. 2d 1276, 1280 (M.D. Fla. 2002).

### IV. Objection to Federal Court Jurisdiction In Louisiana.

A plaintiff has the burden of alleging sufficient facts in a complaint to demonstrate the basis for a court's jurisdiction over a defendant. If the plaintiff fails to allege sufficient

---

[2] Shelby objects to Plaintiffs' initial filing of their claims in the MDL proceeding to the extent it was procedurally improper to do so and reserves the right to assert any applicable defenses relating to the Plaintiffs' initial filing in the MDL.

jurisdictional facts over the defendant and the defendant lacks sufficient minimum contacts with the state where the action is pending, the court lacks personal jurisdiction over the defendant and the complaint should be dismissed for lack of personal jurisdiction.  Due process requires: (1) minimum contacts with the forum state, and that (2) the exercise of jurisdiction is consistent with fair play and substantial justice.  Here, Plaintiffs fail to make the necessary showing to establish jurisdiction over Shelby.  The Complaint does not allege that Shelby has any contacts with the State of Louisiana.  Furthermore, the Plaintiffs are property owners in the State of Florida and the subject property is in the State of Florida.  The Defendant is a corporation organized and operating in the State of Florida.  As a result, this Court lacks jurisdiction over Shelby.

**V.  Arguments in Support of Motion to Dismiss Specific Counts of the Complaint.**

Shelby moves to dismiss the following claims which were asserted against it by Plaintiffs in the Complaint:

**A.  Count I – Negligence.**

An action for negligence requires:  (1) the existence of a legal duty, (2) a breach of that duty, (3) damages caused by the breach.  *Florida Dep't of Correction v. Abril*, 969 So.2d 201, 204-205 (Fla. 2007).  A negligence claim fails to state a cause of action when the plaintiff fails to allege ultimate facts regarding forseeability to support the duty element for negligence.  *Scott v. Fla. Dep't of Transp.*, 752 So.2d 30, 34 (Fla. 1st DCA 2000).  The duty element requires the defendant's conduct to create a foreseeable zone of risk.  *Smith v. Fla. Power and Light Co.*, 857 So.2d 224, 229 (Fla. 2d DCA 2003).  As a result, a plaintiff fails to state a claim for negligence when it fails to plead facts to support the existence of a duty and how such duty arose.  *See generally, Scott*, 752 So.2d at 34.

In the Complaint, the Plaintiffs simply allege that all Defendants "owed a duty to Plaintiffs and Class Members to exercise reasonable care in a) designing, b) manufacturing, c) exporting, d) importing, e) distributing, f) delivering, g) supplying, H) inspecting, i) installing, j) marketing, and/or k) selling [the] drywall, including a duty to adequately warn of their failure to do the same . . ." Complaint, ¶ 2641. The Complaint does not provide any factual allegations regarding how Shelby's alleged duty to Plaintiffs arose or the scope of the duty. Because of the Plaintiffs' failure to properly allege a negligence duty owed by Shelby to Plaintiffs, the Court should dismiss Count I.

    **B. Count II - Negligence Per Se.**

A violation of any statute is not necessarily negligence per se. *Dejesus v. Seaboard Coast Line R. Co.*, 281 So.2d 198, 201 (Fla. 1973). Negligence per se is a violation of a "statute which establishes a duty to take precautions to protect a particular class of persons from a particular injury or type of injury." *Id.*; *see also Eckelbarger v. Frank*, 732 So.2d 433, 435-36 (Fla. 2d DCA 1999). Violations of other types of statutes only provide for potential evidence of negligence, not negligence per se. *Chevron U.S.A., Inc. v. Forbes*, 783 So.2d 1215, 1218-19 (Fla. 4th DCA 2001)(holding that a statute providing a particular building code requirement is a statute designed to protect the general public and a violation of such a statute is not evidence of negligence per se).

In Count II, the Plaintiffs simply allege that the "Defendants owed statutory duties to Plaintiffs." Complaint, ¶ 2649. The Plaintiffs fail to identify the specific statute allegedly violated, what statutory duty Shelby owed them, or how Shelby allegedly breached such duty. To state a cause of action, the Plaintiffs must identify the alleged statutory duty and why it applies to Shelby under the circumstances. Furthermore, Count II is asserted against all of the

Defendants and does not distinguish between any alleged statutory duties owed by Manufacturers, Distributors, Developers/Builders, Contractors, Installers, or others. Thus, Count II fails to state a cause of action as a matter of law.

### C. Count III - Strict Liability.

The elements for strict products liability claims are that: (1) the item in question be a product, (2) the defendant be either the manufacturer or seller of the product, (3) the product be in a defective and unreasonably dangerous condition when it left the defendant's control and when the accident occurred, and (4) the defective condition be the proximate cause of the injury. *See Tran v. Toyota Motor Corp.*, 420 F.3d 1310 (11th Cir. 2005); *see also Cunningham v. General Motors Corp.*, 561 So.2d 656, 659 (Fla. 1st DCA 1990). Strict liability only extends to those in the distributive chain. *Samuel Friedland Family Enterprises v. Amoroso*, 630 So.2d 1067, 1068 (Fla. 1994).

Count III is asserted against all of the Defendants and does not distinguish between any alleged duties owed by Manufacturers, Distributors, Developers/Builders, Contractors, Installers, or others. The Plaintiffs do not allege how Shelby's role as the contractor of the Project placed it in the distributive chain of the alleged Chinese drywall. Moreover, the Plaintiffs fail to include any factual support for their claims that Shelby was in the business of "distributing, delivering, supplying, inspecting, marketing, and/or selling drywall . . . to the general public." Complaint, ¶ 2656. Accordingly, this Count fails to state a cause of action as a matter of law.

### D. Count IV - Breach of Express and/or Implied Warranties.

The Complaint asserts claims against all of the Defendants for "Breach of Express and/or Implied Warranties" (Count IV). The Plaintiffs do not allege how the warranties arose, to whom they were made, when the warranties arose, the terms of the warranties, or how such warranties

were breached. Furthermore, the Plaintiffs combine causes of action for express and implied warranties such that the claim being asserted against Shelby is so unclear that Shelby cannot prepare an appropriate defense. Because of the inadequacy of the pleading, the Court should dismiss Count IV.

    **E. Count V - Breach of the Implied Warranty of Fitness and Merchantability Pursuant to Florida Statutes, Section 718.203.**

Count V of the Complaint for Breach of Implied Warranty asserts a claim pursuant to Chapter 718, Fla. Stat. (the Florida Condominium Act). However, Count V simply contains a laundry list of each of the warranties provided under the Florida Condominium Act without identifying which statutory warranty allegedly applies, why it applies to the Plaintiffs' Unit, and how it was allegedly breached.

A party must state its claims with sufficient specificity to allow a defense to be prepared. *Viterra Energy Services, Inc. v. Gateway GP Sawgrass Mills, Inc.*, 858 So.2d 1208, 1209 (Fla. 4th DCA 2003). In cases involving warranty claims under Section 718.203, at a minimum, a Plaintiffs should allege the specific warranty provision that is applicable and how such warranty was breached. Since the Plaintiffs do not provide sufficient factual support for their purported Condominium Act claim, the Court should dismiss the claim.

    **F. Count VI - Breach of the Implied Warranty of Habitability.**

The Complaint asserts claims against all of the Defendants for Breach of the Implied Warranty of Habitability (Count VI). The Plaintiffs do not allege any specific facts relating to their purchase of the Unit, any dealings or relationship with Shelby, or how the warranty was breached. Furthermore, the claim being asserted against Shelby is so unclear that Shelby cannot prepare an appropriate defense. Because of the inadequacy of the pleading, the Court should dismiss Count VI.

### G. Count VII - Breach of Contract.

The elements of a breach of contract claim are: (1) the existence of a contract, (2) a material breach of that contract, and (3) damages resulting from the breach. *Rollins, Inc. v. Butland*, 951 So.2d 860, 876 (Fla. 2d DCA 2006). The Plaintiffs do not identify any contract that exists between them and Shelby, the terms of such contract, how it was materially breached, or any resulting damages. Since the Plaintiffs failed to properly allege the elements of a breach of contract cause of action, the Court should dismiss Count VII.

### H. Count XI - Private Nuisance.

The elements for a private nuisance claim are: (1) a defendant's interference with the use and enjoyment of the claimant's land, (2) which harms only the person or persons with property rights or privileges in the land, (3) that the claimant's use of the property is reasonable under the circumstances, (4) and that the interference causes substantial injury resulting in actual physical discomfort. *Beckman v. Marshall*, 85 So.2d 552 (Fla. 1956). Shelby built the Project for the developer, Meadows of Estero-Bonita Springs Limited Partnership (another Defendant in the Payton Omnibus (I) Action). Complaint, ¶ 2361, 2450. The Plaintiffs have not alleged any facts to support their private nuisance claim or alleged how Shelby is interfering with the use and enjoyment of their Unit. Moreover, the Plaintiffs have not alleged how Shelby's purported interference with their rights is causing substantial injury resulting in actual physical discomfort. Since the Plaintiffs failed to allege the required elements of their Private Nuisance claim, the claim should be dismissed.

### I. Count XII - Negligent Discharge of a Corrosive Substance.

In the Complaint, the Plaintiffs allege that all Defendants "had actual or constructive knowledge of the extremely corrosive and dangerous propensities of the drywall at issue in the

litigation." Complaint, ¶ 2743. The Complaint does not provide any factual allegations regarding Shelby's alleged knowledge regarding the drywall, how such knowledge was obtained, or when it was obtained. Furthermore, the Plaintiffs fail to allege how Shelby's alleged duty to the Plaintiffs arose or the scope of the duty. Without some basic factual support, Shelby cannot prepare a responsive pleading. Because Count XII simply contains conclusory allegations and does not adequately plead a cause of action, the Court should dismiss Count XII.

### J. Count XIII- Unjust Enrichment.

Plaintiffs' unjust enrichment claim against Shelby (Count XIII) fails as a matter of law. The elements of an unjust enrichment cause of action are: "(1) that a benefit was conferred upon the defendant, (2) that the defendant either requested the benefit or knowingly and voluntarily accepted it, (3) that a benefit flowed to the defendant, and (4) that under the circumstances it would be inequitable for the defendant to retain the benefit without paying the value thereof." *See W.R. Townsend Contracting, Inc. v. Jensen Civil Construction, Inc.*, 728 So.2d 297, 303 (Fla. 1st D.C.A. 1999)(*citing Gomes v. Stevens*, 548 So.2d 1163 (Fla. 2d D.C.A. 1989)). The Plaintiffs do not provide any factual support for their claim, including: that they had any direct dealings with Shelby; how they conferred any benefit on Shelby; that Shelby requested some benefit or knowingly and voluntarily accepted it; what benefit flowed to Shelby; or how it would be inequitable for Shelby to retain the unidentified benefit. Since the Plaintiffs failed to allege the required elements of their Unjust Enrichment claim, the claim should be dismissed.

### K. Count XIV - Violation of Consumer Protection Acts.

The Court should dismiss Plaintiffs' claim under FDUTPA (Count XIV) because they fail to allege any facts in support of their claim and they clearly seek damages that are not recoverable under FDUTPA as a matter of law. To state a claim under FDUTPA, a plaintiff

9

must allege the following: (1) a deceptive or unfair trade practice, (ii) causation, and (iii) actual damages. *See e.g., Rollins, Inc. v. Butland*, 951 So.2d 860, 869 (Fla. 2d DCA 2006). To allege a proper FDUTPA claim, "a plaintiff must do more than merely allege in a conclusory fashion that a defendant's actions constitute an 'unfair or deceptive act' or that the defendant acted 'wrongfully, unreasonably and unjustly' and for a deceptive and improper purpose." *Infinity Global, LLC v. Resort at Singer Island, Inc*., 2008 WL 1711535 at *4 (S.D. Fla. 2008) (finding that plaintiff failed to state a claim under FDUTPA).

As the basis for their FDUTPA claim, Plaintiffs merely allege that all of the "Defendants" acts and omissions, as well as their failure to use reasonable care, constitute a violation of the provisions of the Consumer Protection Acts of the "Relevant States." Complaint, ¶ 2755. The Plaintiffs do not identify the specific conduct of Shelby that was allegedly deceptive or unfair or how this unidentified conduct constituted an unfair or deceptive act. Instead, Plaintiffs' allegations are nothing more that bare legal conclusions, which are insufficient to state a claim under FDUTPA. *See Infinity Global, LLC*, 2008 WL 1711535 at *4.

Moreover, even if the Plaintiffs alleged sufficient facts to support a FDUTPA claim, the Plaintiffs fail to allege any damages that are recoverable under FDUTPA. FDUTPA is "intended to protect a consumer from unfair or deceptive acts or practices which diminish the value or worth of the goods or services purchased by the consumer" and authorizes a consumer to recover actual damages for a FDUTPA violation. *See Urling v. Helms Exterminators, Inc.,* 468 So.2d 451, 454 (Fla. 1st DCA 1985); *see also* Fla. Stat. §501.211(2). The measure of actual damages is "the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered." *Urling*, 468 So 2d at 454.

Where a plaintiff has failed to allege a recoverable loss under FDUTPA (i.e., actual damages), the claim is subject to dismissal. *See Smith v. 2001 South Dixie Highway, Inc.,* 872 So.2d 992, 994 (Fla. 4th DCA 2004) ("we conclude that the trial court was correct in dismissing appellant's complaint [for FDUTPA] because appellant did not allege a recoverable loss under the statute and, therefore, failed to state a cause of action").

In this case, the Plaintiffs do not seek actual damages resulting from a deceptive or unfair trade practice. Rather, Plaintiffs seek special and consequential damages, including the costs to repair the Unit and replace the other property allegedly damaged by the defective drywall and diminution in value damages. Complaint, ¶ 2632. These damages are not recoverable under FDUTPA. *See Urling,* 468 So.2d at 454 (denying cost spent repairing damages caused by termites because it "constitutes special or consequential damages which fall outside the statutory concept as defined in Section 501.211, Fla. Stat."); *see also Kia Motors America Corp. v. Butler*, 985 So.2d 1133, 1140 (Fla. 3rd DCA 2008) (noting that under FDUTPA "actual damages" do not include consequential damages, such as repair damages or resale damages); and *Rollins,* 951 So.2d at 869-70 (the recovery afforded under FDUTPA does not include diminution in value or stigma damages).

Moreover, a FDUTPA claimant cannot recover damages to "property other than the property that is the subject of the consumer transaction." *See* Fla. Stat. § 501.212(3); *see also Rollins, Inc. v. Heller*, 454 So.2d 580, 584-85 (Fla. 3rd DCA 1984) (denying recovery for items stolen due to defective burglary alarm system because FDUTPA "only allows recovery of damages related to the property which was the subject of the consumer transaction").

Since Plaintiffs failed to properly plead a FDUTPA claim and seek damages that are not recoverable under FDUTPA, the Court should dismiss Plaintiffs' FDUTPA claim.

L.  **Count XV - Equitable and Injunctive Relief and Medical Monitoring.**

In Count XV of the Complaint, Plaintiffs seek equitable and injunctive relief, including requiring Shelby to "create, fund and support a medical monitoring program."  Complaint, ¶ 2761.  However, the Plaintiffs failed to allege the elements necessary to state a claim for medical monitoring.  For instance, the Plaintiffs do not allege that:  (1) a monitoring procedure exists that makes the early detection of the alleged disease possible or what the "disease" is, (2) how the prescribed monitoring regime is different from that normally recommended in the absence of the exposure; or (3) why the prescribed monitoring regime is reasonably necessary according to contemporary scientific principles.

Furthermore, medical monitoring is an equitable remedy that is available in only limited circumstances that are not applicable in the instant case.  *See generally, Petito v. A.H. Robins Co., Inc.*, 750 So.2d 103, 108 (Fla. 3d DCA 1999); *see also Wyeth, Inc. v. Gottlieb*, 930 So.2d 635 (Fla. 3d DCA 2006).  Accordingly, Plaintiffs' claims against Shelby in Count XV of the Complaint should be dismissed.

VI.  **Conclusion.**

For the reasons set forth herein, the Court should dismiss Counts I, II, III, IV, V, VI, VII, XI, XII, XIII, XIV, and XV which the Plaintiffs asserted against Shelby in the Complaint.

Dated:  April 2, 2010.

        s/ Adam C. King
JEFFREY M. PASKERT
Florida Bar No. 846041
jpaskert@mpdlegal.com
ADAM C. KING
Florida Bar No. 156892
aking@mpdlegal.com
MILLS PASKERT DIVERS
100 N. Tampa Street, Suite 2010
Tampa, Florida  33602
(813) 229-3500 − Telephone
(813) 229-3502 − Facsimile
*Attorneys for Shelby Homes at Meadows, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY certify that on April 2, 2010, this document has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6 and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

        s/ Adam C. King
Attorney