UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br>Sean and Beth Payton, et al. v. Knauf Gips, KG, et al., Case No. 2:09-cv-07628.<br>_____/ | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

### DEFENDANT, SHELBY HOMES, INC.'S, MOTION TO DISMISS PLAINTIFFS' OMNIBUS CLASS ACTION (I) COMPLAINT

Defendant, Shelby Homes, Inc. ("Shelby"), by and through its undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves to dismiss Patricia Daly ("Daly") and Tim McGee's ("McGee") (collectively, "Plaintiffs") claims against Shelby in the Payton Omnibus (I) Class Action Complaint ("Complaint").[1]  In support thereof, Shelby alleges as follows:

1. Count I (Negligence) should be dismissed because the Complaint does not provide any factual allegations regarding how Shelby's alleged duty to Plaintiffs arose or the scope of the duty.

2. Count II (Negligence Per Se) should be dismissed because it fails to state a cause of action as a matter of law.  Plaintiffs fail to identify what statutory duty Shelby owed them or

---

[1] Shelby also objects to Daly's initial filing of her claims in the MDL proceeding to the extent it was procedurally improper to do so and reserves the right to assert any applicable defenses relating to her initial filing in the MDL.

1

how Shelby allegedly breached such duty. Furthermore, Count II is asserted against all of the Defendants and does not distinguish between any alleged statutory duties owed by Manufacturers, Distributors, Developers/Builders, Contractors, Installers, or others.

3. Count III (Strict Liability) should be dismissed because it fails to state a cause of action as a matter of law. Plaintiffs do not allege how Shelby was in the distributive chain of the alleged Chinese drywall, nor do they include any factual support for their claims.

4. Count IV (Breach of Express and/or Implied Warranties) should be dismissed because the Plaintiffs do not allege how the warranties were made, to whom they were made, when the warranties were made, the terms of the warranties, or how such warranties were breached. Furthermore, the Plaintiffs improperly combine causes of action for express and implied warranties.

5. Count V (Breach of the Implied Warranty of Fitness and Merchantability) should be dismissed because the Plaintiffs do not allege what statutory Condominium Warranty provision applies and how such warranty was breached, nor do they provide any factual allegations to support their claim.

6. Count VI (Breach of the Implied Warranty of Habitability) should be dismissed because the Plaintiffs do not allege any specific facts relating to their purchases of their condominium units, any dealings or relationship with Shelby, or how the warranty was breached.

7. Count VII (Breach of Contract) should be dismissed because the Plaintiffs do not identify any contract that exists between either of them and Shelby, the terms of such contracts, how the contracts were materially breached, or any resulting damages.

8. Count XI (Private Nuisance) should be dismissed because the Plaintiffs do not allege the required elements of their Private Nuisance claim.

9. Count XII (Negligent Discharge of a Corrosive Substance) should be dismissed because it simply contains conclusory allegations and does not adequately plead a cause of action.

10. Count XIII (Unjust Enrichment) should be dismissed because the Plaintiffs do not allege the required elements of an Unjust Enrichment claim nor do they provide any factual support for their claims.

11. Count XIV (Violation of Consumer Protection Acts) should be dismissed because the Plaintiffs do not plead viable claims under Florida's Unfair and Deceptive Trade Practices Act and the damages requested cannot be recovered under the statute.

12. Count XV (Equitable and Injunctive Relief and Medical Monitoring) should be dismissed because the Plaintiffs did not properly plead such claims and the Plaintiffs are not entitled to such relief in the instant case.[2]

13. Shelby also objects to the jurisdiction of the U.S. District Court in Louisiana for the reasons more fully set forth in its supporting memorandum.

14. Finally, McGee previously filed a state court action against Shelby. The undersigned counsel has been advised by McGee's counsel that McGee's claims in the instant MDL proceeding against Shelby will be dismissed. If such claims are not voluntarily dismissed, Shelby asserts that the Court should dismiss McGee's claims in the MDL proceeding.

WHEREFORE, Defendant, Shelby Homes, Inc., respectfully requests that the Court dismiss the above-referenced claims asserted by the Plaintiffs against Shelby in the Complaint, and grant such further relief as is appropriate.

---

[2] To the extent any response is required with respect to the remaining claims asserted by Plaintiffs or others against Shelby, such claims are denied in their entirety.

Dated: April 2, 2010.

          s/ Adam C. King
JEFFREY M. PASKERT
Florida Bar No. 846041
jpaskert@mpdlegal.com
ADAM C. KING
Florida Bar No. 156892
aking@mpdlegal.com
MILLS PASKERT DIVERS
100 N. Tampa Street, Suite 2010
Tampa, Florida 33602
(813) 229-3500 − Telephone
(813) 229-3502 − Facsimile
*Attorneys for Shelby Homes, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY certify that on April 2, 2010, this document has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6 and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

          s/ Adam C. King
Attorney