UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURERS DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L |
| | JUDGE FALLON MAG. JUDGE WILKINSON |

**THIS DOCUMENT RELATES TO: Case No.: 09-7628**
**Sean and Beth Payton, et al. Vs. Knauf Gips KG, et al.**

### MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b) FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

The Defendant, MAVIED CORP., by and through their undersigned counsel, hereby files this Motion to Dismiss pursuant to Federal Rules of Civil Procedure Rule 12(b) for lack of Personal Jurisdiction and Improper Venue and/or its Motion for More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e) and would states as follows:

### MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND/OR IMPROPER VENUE

1. Pursuant to the allegation in Plaintiff's Complaint, this Defendant would fall into the proposed "contractor/installer sub-class". (Complaint, page 486).

2. Defendant, Mavied Corp. is alleged in paragraph 2575 of Plaintiff's Complaint to have its principle place of business in Miami Shores, Florida.

3. Plaintiffs have filed the omnibus class action Complaint seeking, among other relief, an Order of this Court certifying the case as a class action.

4. In regards to this Defendant, the Complaint asserts subclasses of Plaintiffs that have been harmed by this Defendant as designated in schedule 4 and defines these as "all owners and residents (past or present) or real property located in the United States containing Knauf's defective drywall where each of these Defendants identified and scheduled for was the contractor or installer of the drywall for the property" (Page 530 of Plaintiff's Complaint).

5. Plaintiff's Complaint does not set forth specifically which Plaintiff this Defendant, Mavied Corp., is alleged to have installed the defective drywall in their home. Paragraph 2575 merely states "upon information of belief, Defendant contractor installed defective drywall in the homes of *certain* sub-class members" (emphasis added). As such, Plaintiff has merely alleged that this Defendant installed defective drywall in certain homes. Plaintiff does not set forth the specific address, city or even state in which this allegedly defective drywall was installed by this Defendant.

6. Further, Plaintiff's allegations in this Complaint does not set forth sufficient facts to create proper venue in the Eastern District of Louisiana on Defendant, a Florida corporation.

7. Defendant moves to dismiss for lack of personal jurisdiction upon this Defendant and for improper venue.

### MOTION FOR MORE DEFINITE STATEMENT

8. Pursuant to Federal Rule of Civil Procedure 12(e), Defendant moves, in the alternative, for a more definite statement as to the identity of specific Plaintiff's which this Defendant allegedly installed defective drywall into their home.

Plaintiff's allegations as against this Defendant are vague and ambiguous in that Plaintiff's Complaint merely alleges that this Defendant constructed or installed defective drywall in the homes of *certain sub-class members*, without specifying the identity, address, city, and state of the homes of these sub class members.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing motion was filed electronically with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 5th day of April, 2010.

>PEREZ & RODRIGUEZ, P.A.
>Attorneys for Defendants, MAVIED CORP. and
>  CONTINENTAL DRYWALL
>95 Merrick Way, Suite 610
>Coral Gables, Florida 33134
>(305) 667-9878
>
>
>By:_____/s/ Luis N. Perez_____
>      LUIS N. PEREZ
>      Florida Bar No.: 438685