### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | * | MDL No. 2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | |
| | * | SECTION "L" |
| THIS DOCUMENT RELATES TO: | * | |
| | * | JUDGE FALLON |
| DAVID GROSS, CHERYL GROSS, and | * | |
| LOUIS VELEZ, et al., | * | |
| vs. | * | MAG. JUDGE WILKINSON |
| KNAUF GIPS KG, et al. | * | |
| CASE NO. 09-6690 | * | |
| * * * * * * * * * * * * * | * | |

## DEFENDANT STOCK BUILDING SUPPLY, LLC'S ANSWER AND CROSSCLAIMS

Defendant Stock Building Supply, LLC f/k/a Stock Building Supply, Inc. ("Stock"), by and through its undersigned attorneys, hereby files its Answer, Affirmative Defenses, and Crossclaims in response to Plaintiffs' Amended Class Action Complaint ("Complaint"), and states as follows:

### RESPONSE TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT

Stock denies that it is liable to Plaintiffs, denies that Plaintiffs are entitled to recover any damages or relief from Stock, and denies that Plaintiffs' Complaint satisfies the requirements for asserting and maintaining a class action under Fed. R. Civ. P. 23 as it pertains to Stock.

### RESPONSE TO JURISDICTION, PARTIES, AND VENUE

1.      Paragraph 1 of the Complaint contains legal conclusions to which Stock is not required to respond and further contains factual allegations about which Stock lacks information sufficient to admit or deny.  To the extent a response is required, Stock denies the allegations of Paragraph 1 of the Complaint as they pertain to Stock.

2.     Paragraph 2 of the Complaint contains legal conclusions to which Stock is not required to respond.   To the extent a response is required, Stock denies the allegations of Paragraph 2 of the Complaint as they pertain to Stock.

## RESPONSE TO PLAINTIFFS

3 - 14.  Stock is without sufficient information to admit or deny the allegations contained in Paragraphs 3 - 14 of the Complaint and therefore denies the same.

## RESPONSE TO DEFENDANTS

15 - 22.  Stock admits the allegations contained in Paragraphs 15 - 22 of the Complaint, upon information and belief.

23 - 121.   Stock is without sufficient information to admit or deny the allegations contained in Paragraphs 23 - 121 of the Complaint and therefore denies the same.

122 - 123.  Stock admits that at times relevant to the Complaint it was a North Carolina corporation, that it is now a North Carolina limited liability company, and that it has its principal place of business in Raleigh, North Carolina.  Except as admitted, Stock is without sufficient information to admit or deny the allegations contained in Paragraphs 122 - 123 of the Complaint and therefore denies the same.

124 - 146.   Stock is without sufficient information to admit or deny the allegations contained in Paragraphs 124 - 146 of the Complaint and therefore denies the same.

## RESPONSE TO FACTS GIVING RISE
## TO INDUSTRY WIDE ALTERNATIVE LIABILITY

147.     Stock is without sufficient information to admit or deny the allegations contained in Paragraph 147 of the Complaint and therefore denies the same.

148.     Stock is without sufficient information to admit or deny the allegations contained in Paragraph 148 of the Complaint and therefore denies the same.

149.    Stock is without sufficient information to admit or deny the allegations contained in Paragraph 149 of the Complaint and therefore denies the same.

150.    Stock is without sufficient information to admit or deny the allegations contained in Paragraph 150 of the Complaint and therefore denies the same.

151.    Stock denies the allegations contained in Paragraph 151 of the Complaint as they pertain to Stock.  Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 151 of the Complaint and therefore denies the same.

152.    Stock denies the allegations contained in Paragraph 152 of the Complaint as they pertain to Stock.  Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 152 of the Complaint and therefore denies the same.

## RESPONSE TO FACTS REGARDING PRODUCT DEFECT

153.    Stock is not a manufacturer of drywall, and Stock is without sufficient information to admit or deny the allegations contained in Paragraph 153 of the Complaint and therefore denies the same.

154.    Stock is without sufficient information to admit or deny the allegations contained in Paragraph 154 of the Complaint and therefore denies the same.

155.    Stock is without sufficient information to admit or deny the allegations contained in Paragraph 155 of the Complaint and therefore denies the same.

156.    Stock is without sufficient information to admit or deny the allegations contained in Paragraph 156 of the Complaint and therefore denies the same.

157.    Stock denies the allegations contained in Paragraph 157 of the Complaint as they pertain to Stock.  Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 157 of the Complaint and therefore denies the same.

158.     Stock denies the allegations contained in Paragraph 158 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 158 of the Complaint and therefore denies the same.

159.     Stock denies the allegations contained in Paragraph 159 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 159 of the Complaint and therefore denies the same.

160.     Stock denies the allegations contained in Paragraph 160 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 160 of the Complaint and therefore denies the same.

161.     Stock denies the allegations contained in Paragraph 161 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 161 of the Complaint and therefore denies the same.

162.     Stock denies the allegations contained in Paragraph 162 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 162 of the Complaint and therefore denies the same.

163.     Stock denies the allegations contained in Paragraph 163 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 163 of the Complaint and therefore denies the same.

164.     Stock denies the allegations contained in Paragraph 164 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 164 of the Complaint and therefore denies the same.

165.     Stock denies the allegations contained in Paragraph 165 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 165 of the Complaint and therefore denies the same.

### RESPONSE TO FACTS REGARDING INVESTORS
### WHO AIDED AND ABETTED DEFENDANTS

166 - 175.   Stock is without sufficient information to admit or deny the allegations contained in Paragraphs 166 - 175 of the Complaint and therefore denies the same.

### RESPONSE TO FACTS REGARDING OTHER ENTITIES
### THAT MAY HAVE AIDED AND ABETTED DEFENDANTS

176 - 225.   Stock is without sufficient information to admit or deny the allegations contained in Paragraphs 176 - 225 of the Complaint and therefore denies the same.

### RESPONSE TO CLASS ACTION ALLEGATIONS

226.     Paragraph 226 of the Complaint contains legal conclusions to which Stock is not required to respond.   To the extent a response is required, Stock denies the allegations of Paragraph 226 of the Complaint as they pertain to Stock.

227.     Paragraph 227 of the Complaint contains legal conclusions to which Stock is not required to respond.   To the extent a response is required, Stock denies the allegations of Paragraph 227 of the Complaint as they pertain to Stock.

228.     Paragraph 228 of the Complaint contains legal conclusions to which Stock is not required to respond.   To the extent a response is required, Stock denies the allegations of Paragraph 228 of the Complaint as they pertain to Stock.

229.     Paragraph 229 of the Complaint contains legal conclusions to which Stock is not required to respond.   To the extent a response is required, Stock denies the allegations of Paragraph 229 of the Complaint as they pertain to Stock.

230.    Paragraph 230 (a) - (e) of the Complaint contains legal conclusions to which Stock is not required to respond.  To the extent a response is required, Stock denies the allegations of Paragraph 230 (a) - (e)  of the Complaint as they pertain to Stock.

231.    Paragraph 231 of the Complaint contains legal conclusions to which Stock is not required to respond.  To the extent a response is required, Stock denies the allegations of Paragraph 231 of the Complaint as they pertain to Stock.

232.    Paragraph 232 of the Complaint contains legal conclusions to which Stock is not required to respond.  To the extent a response is required, Stock denies the allegations of Paragraph 232 of the Complaint as they pertain to Stock.

233.    Paragraph 233 of the Complaint contains legal conclusions to which Stock is not required to respond.  To the extent a response is required, Stock denies the allegations of Paragraph 233 of the Complaint as they pertain to Stock.

234.    Paragraph 234 of the Complaint contains legal conclusions to which Stock is not required to respond.  To the extent a response is required, Stock denies the allegations of Paragraph 234 of the Complaint as they pertain to Stock.

235.    Paragraph 235 of the Complaint contains legal conclusions to which Stock is not required to respond.  To the extent a response is required, Stock denies the allegations of Paragraph 235 of the Complaint as they pertain to Stock.

236.    Paragraph 236 of the Complaint contains legal conclusions to which Stock is not required to respond.  To the extent a response is required, Stock denies the allegations of Paragraph 236 of the Complaint as they pertain to Stock.

237.     Paragraph 237 of the Complaint contains legal conclusions to which Stock is not required to respond.   To the extent a response is required, Stock denies the allegations of Paragraph 237 of the Complaint as they pertain to Stock.

238.     Paragraph 238 of the Complaint contains legal conclusions to which Stock is not required to respond.   To the extent a response is required, Stock denies the allegations of Paragraph 238 of the Complaint as they pertain to Stock.

239.     Paragraph 239 of the Complaint contains legal conclusions to which Stock is not required to respond.   To the extent a response is required, Stock denies the allegations of Paragraph 239 of the Complaint as they pertain to Stock.

## RESPONSE TO COUNT I
### NEGLIGENCE
**(Against All Defendants)**

240.     Stock incorporates by reference its responses to Paragraphs 1 - 239 of the Complaint as if fully set forth herein.

241.     Stock denies the allegations contained in Paragraph 241 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 241 of the Complaint and therefore denies the same.

242.     Stock denies the allegations contained in Paragraph 242 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 242 of the Complaint and therefore denies the same.

243.     Stock denies the allegations contained in Paragraph 243 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 243 of the Complaint and therefore denies the same.

244.     Stock denies the allegations contained in Paragraph 244 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 244 of the Complaint and therefore denies the same.

245.     Stock denies the allegations contained in Paragraph 245 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 245 of the Complaint and therefore denies the same.

246.     Stock denies the allegations contained in Paragraph 246 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 246 of the Complaint and therefore denies the same.

247.     Stock denies the allegations contained in Paragraph 247 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 247 of the Complaint and therefore denies the same.

**RESPONSE TO COUNT II**
**NEGLIGENCE PER SE**
**(Against All Defendants)**

248.     Stock incorporates by reference its responses to Paragraphs 1 - 247 of the Complaint as if fully set forth herein.

249.     Stock denies the allegations contained in Paragraph 249 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 249 of the Complaint and therefore denies the same.

250.     Stock denies the allegations contained in Paragraph 250 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 250 of the Complaint and therefore denies the same.

251.    Stock denies the allegations contained in Paragraph 251 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 251 of the Complaint and therefore denies the same.

252.    Stock denies the allegations contained in Paragraph 252 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 252 of the Complaint and therefore denies the same.

253.    Stock denies the allegations contained in Paragraph 253 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 253 of the Complaint and therefore denies the same.

## RESPONSE TO COUNT III
### BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES
### (All Defendants)

254.    Stock incorporates by reference its responses to Paragraphs 1 - 253 of the Complaint as if fully set forth herein.

255.    Stock denies the allegations contained in Paragraph 255 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 255 of the Complaint and therefore denies the same.

256.    Stock denies the allegations contained in Paragraph 256 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 256 of the Complaint and therefore denies the same.

257.    Stock denies the allegations contained in Paragraph 257 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 257 of the Complaint and therefore denies the same.

258.     Stock is without sufficient information to admit or deny the allegations contained in Paragraph 258 of the Complaint and therefore denies the same.

259.     Stock denies the allegations contained in Paragraph 259 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 259 of the Complaint and therefore denies the same.

260.     Stock denies the allegations contained in Paragraph 260 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 260 of the Complaint and therefore denies the same.

261.     Stock denies the allegations contained in Paragraph 261 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 261 of the Complaint and therefore denies the same.

**RESPONSE TO COUNT IV**
**PRIVATE NUISANCE**
**(Against All Defendants)**

262.     Stock incorporates by reference its responses to Paragraphs 1 - 261 of the Complaint as if fully set forth herein.

263.     Stock denies the allegations contained in Paragraph 263 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 263 of the Complaint and therefore denies the same.

264.     Stock denies the allegations contained in Paragraph 264 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 264 of the Complaint and therefore denies the same.

265.     Stock denies the allegations contained in Paragraph 265 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 265 of the Complaint and therefore denies the same.

266.     Stock denies the allegations contained in Paragraph 266 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 266 of the Complaint and therefore denies the same.

267.     Stock denies the allegations contained in Paragraph 267 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 267 of the Complaint and therefore denies the same.

268.     Stock denies the allegations contained in Paragraph 268 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 268 of the Complaint and therefore denies the same.

## RESPONSE TO COUNT V
### NEGLIGENT DISCHARGE OF A CORROSIVE SUBSTANCE
### (All Defendants)

269.     Stock incorporates by reference its responses to Paragraphs 1 - 268 of the Complaint as if fully set forth herein.

270.     Stock denies the allegations contained in Paragraph 270 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 270 of the Complaint and therefore denies the same.

271.     Stock denies the allegations contained in Paragraph 271 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 271 of the Complaint and therefore denies the same.

272.    Stock denies the allegations contained in Paragraph 272 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 272 of the Complaint and therefore denies the same.

273.    Stock denies the allegations contained in Paragraph 273 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 273 of the Complaint and therefore denies the same.

274.    Stock denies the allegations contained in Paragraph 274 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 274 of the Complaint and therefore denies the same.

275.    Stock denies the allegations contained in Paragraph 275 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 275 of the Complaint and therefore denies the same.

## RESPONSE TO COUNT VI
### UNJUST ENRICHMENT
### (All Defendants)

276.    Stock incorporates by reference its responses to Paragraphs 1 - 275 of the Complaint as if fully set forth herein.

277.    Stock denies the allegations contained in Paragraph 277 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 277 of the Complaint and therefore denies the same.

278.    Stock denies the allegations contained in Paragraph 278 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 278 of the Complaint and therefore denies the same.

279.    Stock denies the allegations contained in Paragraph 279 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 279 of the Complaint and therefore denies the same.

## RESPONSE TO COUNT VII
### VIOLATION OF CONSUMER PROTECTION ACTS
### (All Defendants)

280.    Stock incorporates by reference its responses to Paragraphs 1 - 279 of the Complaint as if fully set forth herein.

281.    The allegations contained in Paragraph 281 of the Complaint are legal conclusions to which Stock is not required to respond.   To the extent a response is required, Stock denies the allegations contained in Paragraph 281 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 281 of the Complaint and therefore denies the same.

282.    Stock denies the allegations contained in Paragraph 282 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 282 of the Complaint and therefore denies the same.

283.    Stock denies the allegations contained in Paragraph 283 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 283 of the Complaint and therefore denies the same.

284.    Stock denies the allegations contained in Paragraph 284 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 284 of the Complaint and therefore denies the same.

## RESPONSE TO COUNT VIII
## EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING
### (All Defendants)

285.    Stock incorporates by reference its responses to Paragraphs 1 - 284 of the Complaint as if fully set forth herein.

286.    Stock denies the allegations contained in Paragraph 286 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 286 of the Complaint and therefore denies the same.

287.    Stock denies the allegations contained in Paragraph 287 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 287 of the Complaint and therefore denies the same.

288.    The allegations contained in Paragraph 288 of the Complaint are legal conclusions to which Stock is not required to respond.   To the extent a response is required, Stock denies the allegations contained in Paragraph 288 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 288 of the Complaint and therefore denies the same.

289.    Stock denies the allegations contained in Paragraph 289 of the Complaint as they pertain to Stock.   Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 289 of the Complaint and therefore denies the same.

290.    Stock is without sufficient information to admit or deny the allegations contained in Paragraph 290 of the Complaint and therefore denies the same.

291.    Stock is without sufficient information to admit or deny the allegations contained in Paragraph 291 of the Complaint and therefore denies the same.

292.    Stock denies the allegations contained in Paragraph 292 of the Complaint as they pertain to Stock.    Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 292 of the Complaint and therefore denies the same.

293.    Stock denies the allegations contained in Paragraph 293 of the Complaint as they pertain to Stock.    Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 293 of the Complaint and therefore denies the same.

294.    Stock is without sufficient information to admit or deny the allegations contained in Paragraph 294 of the Complaint and therefore denies the same.

295.    Stock denies the allegations contained in Paragraph 295 of the Complaint as they pertain to Stock.    Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 295 of the Complaint and therefore denies the same.

296.    Stock is without sufficient information to admit or deny the allegations contained in Paragraph 296 of the Complaint and therefore denies the same.

297.    Stock denies the allegations contained in Paragraph 297 of the Complaint as they pertain to Stock.    Stock is without sufficient information to admit or deny the remaining allegations contained in Paragraph 297 of the Complaint and therefore denies the same.

298.    To the extent the Prayer for Relief is deemed to contain any allegations against Stock, Stock denies the same.

299.    Any and all allegations, claims, contentions, and/or demands contained in Plaintiffs' Complaint that are not expressly and specifically admitted, modified, or explained by Stock's Answer, Affirmative Defenses, and Cross-Claims are hereby expressly denied, including but not limited to the allegations contained in unnumbered paragraphs at the beginning of Plaintiffs' Complaint.

## DEFENSES AND/OR AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted as against Stock and should, therefore, be dismissed.  Fed. R. Civ. P. 12(b)(6).

### SECOND DEFENSE

Stock is entitled to assert and hereby asserts as a bar to Plaintiffs' claims all applicable statutes of limitation, statutes of repose, and/or prescription periods.

### THIRD DEFENSE

Plaintiffs' claims against Stock are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, and/or laches.

### FOURTH DEFENSE

Plaintiffs' claims against Stock are barred, in whole or in part, because Stock is not a manufacturer of any product about which Plaintiffs complain in their Complaint and therefore Stock is not liable under any states' laws applicable to this action.

### FIFTH DEFENSE

Upon information and belief, Plaintiffs' claims against Stock are barred because Plaintiffs have failed to mitigate their damages by undertaking proper preventative or curative measures.

### SIXTH DEFENSE

Plaintiffs' claims are barred to the extent that they discovered any defect and were aware of any danger as alleged in their Complaint and nevertheless unreasonably proceeded to make use of the product.

16

## SEVENTH DEFENSE

Plaintiffs' claims fail because Stock had no duty to warn concerning building products it supplied for the homes at issue in this case.  Stock did not have actual or constructive knowledge of any product defect.  Alternatively, to the extent Stock had a duty to warn, its warnings were legally sufficient.

## EIGHTH DEFENSE

Stock owed no duty to Plaintiffs.

## NINTH DEFENSE

Stock breached no duty owed to Plaintiffs.

## TENTH DEFENSE

 Stock is entitled to a credit and/or set-off from any benefits, collateral sources, or other sources of set-offs or recoupment, paid or payable to Plaintiffs.

## ELEVENTH DEFENSE

Stock denies any knowledge of any defect in any product it supplied, or any defects in its work, or any legal deficiency in any instructions or other communications concerning the use of any product it supplied, if any such instructions or communications were made.  Stock states further that the products it supplied were subsequently sold to learned intermediaries or purchasers with learned intermediaries as advisors, and to Stock's knowledge each received a product in compliance with applicable standards and state of the art at the time.

## TWELFTH DEFENSE

Plaintiffs' claims against Stock are barred because Stock was good faith seller, and further Stock had no knowledge of any alleged defects in any drywall sold, redhibitory or otherwise.

## THIRTEENTH DEFENSE

The alleged damages about which Plaintiffs complain arose as a result of acts or omissions of others over whom Stock had no control or which occurred after Stock had fully performed its obligations, if any.  If Stock acted improperly, or breached any warranties, or otherwise engaged in misconduct in the manner alleged by Plaintiffs, which Stock expressly denies, the acts or omissions of others were a superseding cause and/or intervening proximate cause of any damages suffered by Plaintiffs.

## FOURTEENTH DEFENSE

To the extent any damages sustained by Plaintiffs as alleged in the Complaint were due to and caused by the negligence of Plaintiffs or their agents and representatives, which acts combined, contributed and concurred with any alleged negligence on the part of Stock, which is expressly denied, Plaintiffs are barred from any recovery from Stock or alternatively their recovery should be reduced proportionately.

## FIFTEENTH DEFENSE

Any claims that are asserted by Plaintiffs for breach of implied or express warranties are barred by Stock's disclaimers, exclusions, or modifications of warranties and limitations of remedies.

## SIXTEENTH DEFENSE

Any claims that are asserted by Plaintiffs for breach of warranty are further barred by Plaintiffs' failure to notify Stock of such alleged breach within a reasonable time after discovery thereof in accordance with applicable laws or codes.

## SEVENTEENTH DEFENSE

Any claims that are asserted by Plaintiffs for breach of an Implied Warranty of Fitness for a Particular Purpose are barred because no particular purpose existed for use of any products supplied by Stock and, to the extent such a particular purpose existed, Stock had no reason to know any such particular purpose existed nor did Plaintiffs or others rely on Stock's skill or judgment to furnish suitable goods for such particular purpose.

## EIGHTEENTH DEFENSE

Any claims that are asserted by Plaintiffs for breach of an Implied Warranty of Merchantability are barred because Stock's products at issue in this case, if any, pass without objection in the trade and are fit for the ordinary purposes for which such goods are used, and otherwise satisfy applicable laws and codes.

## NINETEENTH DEFENSE

Any claims that are asserted by Plaintiffs for breach of an Implied Warranty of Workmanlike Service are barred because Stock did not hold itself out as specifically qualified to perform any work of a particular character. To the extent an Implied Warranty of Workmanlike Service was given by Stock, which is expressly denied, there was no breach of such warranty because any service provided by Stock was performed in a careful, diligent, and workmanlike manner.

## TWENTIETH DEFENSE

To the extent Plaintiffs seek recovery for purely economic losses, such losses are not recoverable against Stock under applicable states' laws or codes. Therefore, recovery of some or all of the damages alleged to have been sustained by Plaintiffs is barred by the economic loss doctrine or its common law or statutory equivalent.

**TWENTY-FIRST DEFENSE**

Upon information and belief, Stock avers that Plaintiffs' claims have prescribed.

**TWENTY-SECOND DEFENSE**

Stock denies that Plaintiffs are entitled to recover costs and/or attorneys' fees from Stock.

**TWENTY-THIRD DEFENSE**

Plaintiffs' claims are or may be barred under the spoliation of evidence doctrine, to the extent they have destroyed, lost, misplaced, discarded, etc. information, documents, and/or materials necessary to Stock's defense of the Complaint.

**TWENTY-FOURTH DEFENSE**

Upon information and belief, Plaintiffs' claims are barred because Plaintiffs lack standing to assert against Stock some or all of the claims set forth in the Complaint.

**TWENTY-FIFTH DEFENSE**

Stock adhered to the plans, specifications, and requests provided to Stock by others involved in the provision of products and/or services to the construction of Plaintiffs' homes. Such adherence to the plans and specifications is thus pled as a complete defense and bar to Plaintiffs' claims.

**TWENTY-SIXTH DEFENSE**

Stock denies that Plaintiffs are entitled to any recovery from Stock for the matters set forth in the Complaint because, to its knowledge, all drywall Stock provided that has been installed in Plaintiffs' homes by others met or exceeded applicable industry standards at the time, Stock had no knowledge of the alleged defects in the Chinese drywall, and the drywall was used for its usual and intended purpose.

## TWENTY-SEVENTH DEFENSE

Stock denies that Plaintiffs' Complaint satisfies the requirements for asserting and maintaining a class action under Fed. R. Civ. P. 23 as it pertains to Stock. Plaintiffs' Omnibus Class Action Complaint fails to state a claim for class relief under Rule 23 of the Federal Rules of Civil Procedure; further, class relief should be denied under the governing procedural and substantive laws.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' Complaint is not properly the subject of an industry wide alternate liability theory because Stock can identify the properties to which it delivered wallboard.

## TWENTY-NINTH DEFENSE

The terms, provisions, and conditions of any and all contracts entered into between Stock and any other parties, including but not limited to any warranty provisions, operate as a bar to all or part of Plaintiffs' claims.

## THIRTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their absence of privity with Stock and their lack of standing.

## THIRTY-FIRST DEFENSE

Plaintiffs have failed to reference an applicable statute, or that they are part of the protected class of any applicable statute, sufficient to state a negligence *per se* cause of action.

## THIRTY-SECOND DEFENSE

Plaintiffs lack standing to bring representative actions under the unfair trade practices act of one or more of the states identified in the Omnibus Class Action Complaint.

## THIRTY-THIRD DEFENSE

To the extent that Plaintiffs pray for punitive, exemplary, or otherwise enhanced damages, Stock invokes its right under the due process clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution.

## THIRTY-FOURTH DEFENSE

Stock adopts and incorporates herein by reference each and every affirmative defense pleaded by similarly-situated distributor defendants, to the extent such defenses are applicable and consistent with those asserted by Stock herein.

## THIRTY-FIFTH DEFENSE

The Court lacks personal jurisdiction over Stock, in that Stock has not submitted to the personal jurisdiction of this Court for purposes of Plaintiffs' Complaint.  The Court should dismiss Plaintiffs' Complaint for lack of personal jurisdiction over Stock.  Fed. R. Civ. 12(b)(2).

## THIRTY-SIXTH DEFENSE

The Eastern District of Louisiana and the State of Louisiana are improper venues for purposes of the claims asserted against Stock in Plaintiffs' Complaint.  The Court should dismiss Plaintiffs' Complaint for improper venue.  Fed. R. Civ. 12(b)(3).

## RESERVATION AND NON-WAIVER

Stock reserves the right to assert any additional and further defenses as may be revealed by additional information received or as may be warranted by discovery.

**STOCK BUILDING SUPPLY, LLC'S CROSSCLAIMS AGAINST KNAUF GIPS KG;
KNAUF PLASTERBOARD (TIANJIN) CO., LTD.; KNAUF PLASTERBOARD (WUHU),
CO., LTD.; AND KNAUF PLASTERBOARD (DONGGUAN) CO., LTD.**

## GENERAL ALLEGATIONS

1.      This is an action for indemnification and damages within the monetary jurisdiction of this Court.

2.      Stock has been named as a defendant in the above-styled action, in which Plaintiffs have alleged in their Complaint that Chinese-manufactured drywall distributed by Stock was defective and caused damages to Plaintiffs.

3.      Stock has denied any liability to Plaintiffs, and denies owing any liability to a class of plaintiffs as requested in the Complaint, should a class be certified.  Stock's foregoing Answer to the Complaint is incorporated herein by reference.

4.      This Crossclaim arises from the same transactions or occurrences as Plaintiffs' action.  Accordingly, should this Court determine that it has jurisdiction and proper venue over Plaintiffs' action and Stock, this Court shall have jurisdiction and proper venue over the instant Crossclaim and the named Crossclaim-Defendants.

5.      All conditions precedent to the filing of this Crossclaim have been performed, excused, or otherwise waived.

## FIRST CROSSCLAIM

6.      Stock incorporates herein all of the foregoing responses and allegations that are relevant to this Crossclaim.

7.      Upon information and belief, Stock asserts a claim against Knauf Gips KG; Knauf Plasterboard (Tianjin) Co., Ltd.; Knauf Plasterboard (Wuhu), Co., Ltd.; and Knauf Plasterboard (Dongguan) Co., Ltd., along with all other applicable affiliates and related entities (collectively hereafter "Knauf"), for breach of any express warranties made to Stock.

23

8.      Stock purchased from third-party brokers a certain quantity of gypsum drywall manufactured in China.  It is uncertain whether the Chinese-manufactured drywall that Stock purchased was manufactured by Knauf.

9.      Upon information and belief, Knauf expressly warranted that any gypsum drywall Stock purchased which had been manufactured by Knauf would be free of defects and fit for the ordinary purpose for which gypsum drywall is used.

10.     Without admitting any liability or damages to Plaintiffs, if it is shown that the drywall sold to Stock was manufactured by Knauf and was defective and not fit for the ordinary purpose for which gypsum drywall is used, then Knauf is liable to Stock for breach of the express warranty.

11.     Upon information and belief, as a direct and proximate result of Knauf's breach of express warranties, Stock has incurred or may incur damages in that it has been required or may be required to respond to homeowner complaints and to defend this action. Further, Stock will likely continue to incur additional costs in responding to homeowner complaints and defending this action.

## SECOND CROSSCLAIM

12.     Stock incorporates herein all of the foregoing responses and allegations that are relevant to this Crossclaim.

13.     Upon information and belief, Stock asserts a claim against Knauf for breach of implied warranty of merchantability under the common law and/or applicable state statutes.

14.     Knauf is a merchant of gypsum drywall.

15.     Stock purchased from third parties a certain quantity of gypsum drywall manufactured in China.  It is uncertain whether the Chinese-manufactured drywall that Stock purchased was manufactured by Knauf.

16.     Upon information and belief, pursuant to the applicable state statutes and/or the common law, Knauf warranted that the gypsum drywall was merchantable and fit for the ordinary purpose for which gypsum drywall is used.

17.     Without admitting any liability or damages to Plaintiffs, if it is shown that the drywall sold to Stock was manufactured by Knauf and was defective and not  fit for the ordinary purpose for which gypsum drywall is used, then Knauf is liable to Stock for breach of implied warranty.

18.     Upon information and belief, as a direct and proximate result of Knauf's breach of the implied warranty of merchantability, Stock has incurred or will incur damages in that it has been required to respond or will be required to respond to homeowner complaints and to defend this action.   Further, Stock will likely continue to incur additional costs in responding to homeowner complaints and defending this action.

### THIRD CROSSCLAIM

19.     Stock incorporates herein all of the foregoing responses and allegations that are relevant to this Crossclaim.

20.     Upon information and belief, Stock asserts a claim against Knauf for equitable and/or common law indemnification.

21.     Stock purchased from third parties a certain quantity of gypsum drywall manufactured in China.  It is uncertain whether the Chinese-manufactured drywall that Stock purchased was manufactured by Knauf.

22.     Upon information and belief, Knauf is solely responsible and liable for any allegedly wrongful acts committed against Plaintiffs with regard to the allegations of Plaintiffs' Complaint.

23.     Upon information and belief, Knauf is solely liable for any damages allegedly suffered by Plaintiffs.  If Stock is required to pay any damages to Plaintiffs as a result of Knauf's manufacture and sale of drywall, Stock is entitled to be indemnified, based on the doctrines of equitable and/or common law indemnification, by Knauf for any damages.

24.     Stock reserves the right to amend its Answer, Affirmative Defenses, and Cross-Claims as investigation and discovery may reveal.

WHEREFORE, having fully answered the Plaintiffs' Complaint, Defendant Stock Building Supply, LLC f/k/a Stock Building Supply, Inc. prays the Court that:

1.     Plaintiffs recover nothing from Stock and that judgment be entered in Stock's favor;

2.     The costs of this action, including attorneys' fees and costs that may be allowed by law or statute, be taxed against Plaintiffs or other parties to this action;

3.     If Plaintiffs recover any amount from Stock, that Stock be granted the relief prayed for in its Crossclaims against Knauf;

4.     It have a trial by jury on all matters so triable; and

5.     Stock have such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**HUNTON & WILLIAMS LLP**

*/s/ A. Todd Brown*
A. Todd Brown
Bank of America Plaza
101 South Tryon Street, Suite 3500
Charlotte, NC  28280
Telephone: (704) 378-4700
Facsimile: (704) 378-4890
tbrown@hunton.com

*Counsel for Defendant Stock Building Supply, LLC f/k/a Stock Building Supply, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 5th day of April 2010.

_/s/ A. Todd Brown_
A. Todd Brown