UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
|  | : MDL NO. 2047 |
| IN RE:  CHINESE MANUFACTURED DRYWALL | : |
| PRODUCTS LIABILITY LITIGATION | : SECTION:  L |
|  | : |
| THIS DOCUMENT RELATES TO: | : JUDGE FALLON |
|  |  |
|  | : MAG. JUDGE WILKINSON |
| Case No. 09-7628 | : |
| Sean Payton, *et al.*  v. Knauf Gips KG, *et al.* | : |
| ———————————————————— | : |

### MEMORADUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Defendants CRF Management Co., Inc. and Lake Ashton Development Group II, LLC file this Memorandum of Law in support of its Motion to Dismiss the Plaintiffs claims pursuant to Fed. R. Civ. Prod. 12(b)(2) and (6) for lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted. The Motion to Dismiss should be granted for the reasons set forth herein.

## I.  Introduction

This matter is a class action by plaintiffs alleging that defective Chinese drywall was used in the construction of their homes. The primary nationwide class action alleged in the complaint is asserted against the Chinese manufacturers of the allegedly defective drywall. In addition to the primary action, designated sub-class representatives have also alleged claims against numerous sub-classes including the manufacturers/distributors/suppliers, importers/exporters/brokers, developers/builders, and contractor/installers. Defendants CRF Management Co., Inc. ("CRF") and Lake Ashton Development Group II, LLC ("Lake Ashton II") are two of the developer/builder

subclasses. Plaintiffs allege that CRF and Lake Ashton II developed and built homes containing defective Chinese drywall. All of the causes of action against the developer/builder subclass arise out of state law.

## II.  Summary Argument

Only two grounds for subject matter jurisdiction against the sub-classes are alleged in the Complaint[1]: (1) original jurisdiction pursuant to the Class Action Fairness Act and (2) supplemental jurisdiction under 28 U.S.C. § 1367. The Complaint should be dismissed for two distinct reasons. First, neither Class Action Fairness Act nor supplement jurisdiction under 28 U.S.C. § 1367 confers subject matter jurisdiction on this Court. Second, this Court does not have personal jurisdiction over CRF or Lake Ashton II.

## III. Argument

A.  <u>There is no basis for subject matter jurisdiction</u>.

The grounds of subject matter jurisdiction must be alleged within the Complaint. Fed. R. Civ. Pro. 8(a)(1). As to the sub-classes of which CRF and Lake Ashton II are a part, only two grounds for subject matter jurisdiction have been alleged: (1) original jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq*., and (2) supplemental jurisdiction under 28 U.S.C. § 1367. (Complaint, ¶ 2). Looking only to the four corners of the Complaint, neither is sufficient.

1. *The Complaint Fails to allege an appropriate basis for jurisdiction pursuant to the Class Action Fairness Act for two independent reasons.*

The Class Action Fairness Act ("CAFA") provides for subject matter jurisdiction…

---

[1] Plaintiffs Omnibus Class Action Complaint (I) dated December 9, 2009.

> "…of any civil action in which the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—
>
> > (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
> > (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State;
> > (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state."  28 U.S.C. § 1332(d)(2).

Paragraph 2 of the Complaint alleges that CAFA confers original jurisdiction over the sub-class claims, but fails because it does not contain the required allegation of the necessary jurisdictional amount to confer jurisdiction over the sub-class claims. There is no allegation that at least $5,000,000 is in controversy as to any of the claims asserted against a sub-class. The only allegation of at least $5,000,000 in controversy is contained in paragraph 1, which refers to the underlying class action against the manufacturers. For this reason alone, the complaint is facially insufficient to allege jurisdiction over the sub-class claims under CAFA.

Secondly, at least as to defendants CRF and Lake Ashton II, the complaint fails to allege the required diversity of citizenship to confer jurisdiction over the sub-class claims under CAFA. A single sub-class representative is alleged to represent those with claims against CRF and Lake Ashton II: Ronald Manes. (Complaint, Sched. 3, subclasses 131 and 242)[2]. However, the Complaint alleges that the sub-class representative, Ronald Manes, CRF, and Lake Ashton II are all Florida citizens. (Complaint, ¶ 994, 2314, 2315). Therefore, as to the sub-class allegations against CRF and Lake Ashton II, the diversity

---

[2] Defendants CRF and Lake Ashton II are designated in the complaint as subclass 131 and 242, respectively (Complaint, ¶ 2627).

requirements of 28 U.S.C. § 1332(d)(2)(A), (B), and (C) are not met. CAFA does not confer jurisdiction over the claims against these defendants.

Plaintiffs asserted a second basis for jurisdiction over the sub-class claims: supplemental jurisdiction. But this basis also fails.

2. *The Complaint Fails to allege an appropriate basis for supplemental jurisdiction.*

Supplemental jurisdiction is provided for in 28 U.S.C. § 1367:

> "Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

The deficiency arises from the limitations provided for in subsection (b) of 28 U.S.C. § 1367:

> "(b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332" 28 U.S.C. § 1367(b).

As applied to this situation, subsection (b) sets forth three questions that, if all are answered in the affirmative, must result in dismissal of the Complaint for lack of subject matter jurisdiction: first, is original jurisdiction founded solely on section 1332? Second, are the claims against persons made parties under Rule 20[3]? Third, would exercising

---

[3] Rules 14, 19, and 24 are not implicated here.

supplemental jurisdiction over such claims be inconsistent with the jurisdictional requirements of section 1332? The answer, in all three instances, is "yes."

First, as to the question of original jurisdiction, the only basis for original jurisdiction over the fundamental class action against the manufacturers is 28 U.S.C. § 1332(d). (Complaint, ¶ 1). Therefore, original jurisdiction is found solely in § 1332 as required.

The second question asks whether the claims are made against persons made parties under Rule 20 concerning permissive joinder of plaintiffs and defendants. This is clearly the case. Nothing would have prevented the Plaintiff from asserting their sub-class claims against CRF and Lake Ashton II in state court or in a separate action. The claims against CRF and Lake Ashton have been included in the same case as the manufacturers simply because Rule 20 allows them to be so included because common questions of fact are involved.

The third question asks whether exercising supplemental jurisdiction over such claims is inconsistent with the jurisdictional requirements of section 1332. This is also plainly true. Section 1332 requires that the amount in controversy be in excess of $5,000,000. While this amount is alleged to be in controversy as to the underlying claim against the manufacturers (Complaint, ¶ 1), there has been no allegation that the claims asserted against CRF or Lake Ashton II reach this threshold. Further, the required diversity of the parties does not exist. Both points are expounded upon above.

Because these three requirements of the exception to supplemental jurisdiction described by § 1367(b) are all satisfied, the Court lacks supplemental jurisdiction over the sub-class claims against CRF and Lake Ashton II.[4]

For these reasons, the Complaint fails to allege a valid basis for jurisdiction over the subject matter and must therefore be dismissed as to CRF and Lake Ashton II.

B.  There is no basis for personal jurisdiction.

In addition, this Court lacks personal jurisdiction over CRF and Lake Ashton II. Both CRF and Lake Ashton II are Florida entities with their principal places of business in Florida. Neither entity conducts business in Louisiana, has any offices or employees there, or owns property there. Therefore, the Complaint must be dismissed for lack of personal jurisdiction.

When the jurisdiction of the Court over a defendant is challenged, the burden rests with the plaintiffs to prove there is personal jurisdiction. *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134 (5th Cir. 1980). A federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant only if two requirements are satisfied: (1) the forum state's long-arm statute confers personal jurisdiction and (2) the

---

[4] Note that the case of *Exxon Movil Corp v. Allapattah Services, Inc.*, 545 U.S. 546 (2005), which allowed supplemental jurisdiction over claims that deed not meet the amount in controversy threshold, is not applicable. In *Exxon Mobil*, the primary class representative had claims against the defendant that met the threshold. The issue was whether the court had jurisdiction over the claims of co-plaintiffs with the same allegations against the *same defendant* that did not meet the threshold. The issue here is whether the court has supplemental jurisdiction over claims asserted against *other defendants*. The distinction was noted by the Supreme Court in *Exxon Mobil*: "The natural, indeed the necessary, inference is that §1367 confers supplemental jurisdiction over claims by Rule 20 and Rule 23 plaintiffs. This inference, at least with respect to Rule 20 plaintiffs, is strengthened by the fact that §1367(b) explicitly excludes supplemental jurisdiction over claims against defendants joined under Rule 20." *Id*.

exercise of jurisdiction does not exceed the boundaries of Due Process. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006).

Louisiana's long-arm statute, La. R.S. 13:3201, provides in part that a Louisiana court "may exercise personal jurisdiction over a nonresident on any basis consistent with… the Constitution of the United States." La. R.S. 13:3201(B). Because the limits of Louisiana's long-arm statute are co-extensive with the limits of constitutional due process, the inquiry is simply whether this Court's exercise of jurisdiction over CRF or Lake Ashton II would offend due process. See *Luv N' Care, LTD v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006).

A Due Process inquiry must consider whether CRF or Lake Ashton II has the requisite minimum contacts with Louisiana and whether exercising personal jurisdiction would offend "traditional notions of fair play and substantial justice." See *Luv N' Care*, 438 F.3d at 469 (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945). For the following reasons, the Due Process inquiry clearly shows that the Court lacks the power to assert personal jurisdiction over CRF or Lake Ashton II.

The constitutional limitations on the exercise of personal jurisdiction differ depending on whether a court seeks to exercise general or specific jurisdiction over the defendant. Specific jurisdiction is considered when a cause of action arises out of a defendant's purposeful contacts with the forum. See *World-Wide Volkswagen Corp. v. Woodsen*, 444 U.S. 286 (1980). General jurisdiction is considered when the cause of action does not arise out of a foreign defendant's specific contacts, but when the defendant has engaged

in "continuous and systematic contacts" in the forum to subject it to jurisdiction. *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. 408 (1984).

In this case, the Court lacks the power to exercise either general or specific jurisdiction over CRF or Lake Ashton II because neither entity has any contacts with the State of Louisiana.

*1. CRF and Lake Ashton II are not Subject to Specific Jurisdiction in the Eastern District of Louisiana.*

The Court may exercise specific jurisdiction over a nonresident defendant "in a suit arising out of or related to the defendant's contacts with the forum." *Seiferth*, 472 F3d at 271 (citing *Helicopteros Nacionales de Colombia*, 466 U.S. at 413-14). The Fifth Circuit has articulated a three-step personal jurisdiction inquiry: (1) whether the defendant has minimum contacts with the state to have purposefully availed itself of the privileges of conducting activities there, (2) whether the plaintiffs' causes of action arose out of the defendant's forum related contacts, and (3) whether the exercise of personal jurisdiction is fair and reasonable. Id.

CRF and Lake Ashton did not purposefully avail itself of the privilege of conducting activities in Louisiana. They have no contacts with the state of Louisiana. They have not conducted activities in Louisiana to have invoked the privileges, benefits and protection of Louisiana law. They are not licensed or registered to conduct business in Louisiana, do not have an agent for service of process in Louisiana, do not have any offices or employees in Louisiana, and do not own any property in Louisiana. The cause of action could not possibly have arisen out of CRF or Lake Ashton's forum related contacts,

because there have not been any. The only state in which CRF and Lake Ashton do business is Florida, and it would offend notions of fair play and substantial justice to require them to submit to litigation in Louisiana.

*2. CRF and Lake Ashton are not Subject to General Jurisdiction in the Eastern District of Louisiana.*

Obviously, if the defendants, as set forth above, have conducted no activities in the forum state whatsoever, they cannot be subject to general jurisdiction there.

For the reasons set forth above, the Complaint should be dismissed as to CRF and Lake Ashton. The affidavit is attached as Exhibit A sets forth the facts necessary to establish the factual allegations made in this memorandum.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing Notice of Appearance has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and E-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 6th day of April, 2010.

Respectfully submitted,

By:   /s/ J. Kemp Brinson
          J. KEMP BRINSON

Florida Bar No. 0752541
kbrinson@ccmattorneys.com
JOSEPH P. MAWHINNEY
Florida Bar No. 0219932
jmawhinney@ccmattorneys.com
RONALD L. CLARK
Florida Bar No. 0205192
rclark@ccmattorneys.com
Clark, Campbell, Mawhinney & Lancaster, P.A.
500 South Florida Avenue, Suite 800
Lakeland, Florida 33801
Phone:  (863) 647-5337
Facsimile:  (863) 647-5012

*Trial Counsel for CRF Management Co., Inc. and Lake Ashton Development Group II, LLC*

J:\CENTURY\Lake Ashton Dev Grp II\Payton v. Knauf\Pleadings\Memorandum of Law - motion to dismiss.doc