3578.03002

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **CASE NO.: 2047** |
| | **SECTION: L** |
| | **JUDGE FALLON** |
| **THIS DOCUMENT RELATES TO: PAYTON, ET. AL. V. KNAUF GIPS KG, ET. AL. CASE NO. 2:09-CV-7628 (E.D.LA.)** | **MAG: JUDGE WILKINSON** |

_____/

## ANSWER PRESENTING DEFENSES UNDER RULE 12(b) AND CROSS CLAIM
### (Responding to Allegations in the Plaintiffs' Omnibus Complaint)

COMES NOW, the Defendant, Northstar Homebuilders, Inc, by and through its undersigned counsel and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, gives notice to all of its Answer and Affirmatives to the Plaintiffs Omnibus Class Action Complaint (I), and on behalf of the class representatives, all other similarly situated owners and residents of real property containing the alleged defective Chinese manufactured drywall that was alleged to be designed, manufactured, imported, distributed, delivered, supplied, marketed, inspected, installed, or sold by the Defendants, and for its complaint against Defendants Knauf Gips KG ("Knauf Gips"); Knauf Plasterboard (Tianjin) Co., Ltd. ("Knauf Tianjin"); Taishan Gypsum Co. Ltd.(f/Ida Shandong Taihe Dongxin Co. Ltd.) ("Taishan'"); and the additional defendants listed on schedule of defendants, attached as Exhibit "B" to the Plaintiffs Omnibus Complaint:

1.      Defendant is without knowledge or to knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 4 through 2132, inclusive, 2134 through

2639, inclusive, including all of their subparts of Plaintiffs' Omnibus Class Action Complaint (I) and neither admits nor denies same, but demands strict proof thereof.

2.      Defendant admits that Northstar Homebuilders, Inc is an entity or individual with a principal place of business at 5901 Southwest 74th Street, Suite 411, Miami, FL   33143. Defendant is organized under the laws of Florida in Plaintiffs' additional Defendants listed in schedule "Exhibit "B" attached to Plaintiffs' Omnibus Class Action Complaint (I), and denies or lacks knowledge or information sufficient to form a belief about the truth of the rest of the allegations in general or specific to the subclass of Defendant/Builders of the Plaintiffs' Omnibus Class Action Complaint (1).

3.      Defendant admits the allegations in paragraphs 1, 2, and 3, inclusive, including all of their subparts Plaintiffs' Omnibus Class Action Complaint (I).

4.      Defendant denies all other allegations contained within the Plaintiffs' Omnibus Class Action Complaint (I), specifically denying all allegations of negligence, proximate cause, and damages.

**COUNT I**
**NEGLIGENCE**
**(All Defendants)**

5.      Northstar Homebuilders, Inc adopts and re-alleges its responses to previous allegations as if fully set forth herein.

6.      Northstar Homebuilders, Inc admits it owed a duty to exercise reasonable care installing drywall in its homes; but denies that it was in the business of manufacturing or selling drywall; therefore it is not liable for latent defects and/or defective building materials supplied to it by suppliers as alleged in ¶2641 of the Plaintiffs' Omnibus Class Action Complaint (I).

7.      Denied as alleged in ¶2642 of the Plaintiffs' Omnibus Class Action Complaint (I).

8.     Denied as alleged in ¶2643 of the Plaintiffs' Omnibus Class Action Complaint (I). Northstar Homebuilders, Inc was not in the business of manufacturing or selling drywall; therefore, it is not liable for latent defects and/or defective building materials supplied to it by suppliers.

9.     Denied as alleged in ¶2644 of the Plaintiffs' Omnibus Class Action Complaint (I). Northstar Homebuilders, Inc justifiably relied on its own merchant drywall suppliers and drywall suppliers for its subcontractors (if any) to provide drywall that was fit for the ordinary purpose for which it was intended, i.e. fit for installation in the homes Northstar Homebuilders, Inc, built; further denied because at the time the subject drywall was installed in the home built by Northstar Homebuilders, Inc. Further, Northstar Homebuilders, Inc had no reason to know or to suspect that there were problems with the drywall it purchased from its suppliers; therefore, it would have not have been under any duty to warn of defects now alleged.

10.     Denied as alleged in ¶2645 of the Plaintiffs' Omnibus Class Action Complaint (I). Northstar Homebuilders, Inc expressly disclaimed any warranty for building materials used in construction of its homes and supplied by others.

11.     Denied as alleged in ¶2646 of the Plaintiffs' Omnibus Class Action Complaint (I) At the time this drywall was installed in the home) built by Northstar Homebuilders, Inc, the state of the art regarding knowledge of potential problems with Chinese drywall and alleged "off gassing" was such that potential problems were unknown to recipients and users of these materials, such as builders like Northstar Homebuilders, Inc and others similarly situated.

12.     Denied as alleged in ¶2647 of the Plaintiffs' Omnibus Class Action Complaint (I).

## COUNT II
## NEGLIGENCE PER SE
### (All Defendants)

13.     Northstar Homebuilders, Inc adopts and re-alleges its responses to previous allegations as if fully set forth herein.

14.     Without knowledge as to ¶2649 of the Plaintiffs' Omnibus Class Action Complaint (I).

15.     Denied as alleged in ¶2650 of the Plaintiffs' Omnibus Class Action Complaint (I). Northstar Homebuilders, Inc justifiably relied on its own merchant drywall suppliers and drywall suppliers for its subcontractors (if any) to provide drywall that was fit for the ordinary purpose for which it was intended, i.e. fit for installation in the homes built by Northstar Homebuilders, Inc. Further, at the time the subject drywall was installed in the homes built by Northstar Homebuilders, Inc. Northstar Homebuilders, Inc had no reason to know or to suspect that there were problems with the drywall it purchased from its suppliers; therefore, it would have not have been under any duty to warn of defects now alleged.

16.     Denied as alleged in ¶2651 of the Plaintiffs' Omnibus Class Action Complaint (I). Northstar Homebuilders, Inc justifiably relied on its own merchant drywall suppliers and drywall suppliers for its subcontractors (if any) to provide drywall that was fit for the ordinary purpose for which it was intended, i.e. fit for installation in the homes Northstar Homebuilders, Inc. Further, at the time the subject drywall was installed in the homes built by Northstar Homebuilders, Inc. Northstar Homebuilders, Inc had no reason to know or to suspect that there were problems with the drywall it purchased from its suppliers; therefore, it would have not have been under any duty to warn of defects now alleged.

17.     Denied as alleged in ¶2652 of the Plaintiffs' Omnibus Class Action Complaint (I) because at the time this drywall was installed in the homes built by Northstar Homebuilders, Inc,

the state of the art regarding knowledge of potential problems with Chinese drywall and alleged "off gassing" was such that potential problems were unknown to recipients and users of these materials, such as builders like Northstar Homebuilders, Inc and others similarly situated.

18.     Denied as alleged in ¶2653 of the Plaintiffs' Omnibus Class Action Complaint (1). At the time, this drywall was installed in the homes built by Northstar Homebuilders, Inc the state of the art regarding knowledge of potential problems with Chinese drywall and alleged "off gassing" was such that potential problems were unknown to recipients and users of these materials, such as builders like Northstar Homebuilders, Inc and others similarly situated.

19.     Denied as alleged in ¶2654 of the Plaintiffs' Omnibus Class Action Complaint (I).

### COUNT III
### STRICT LIABILITY
### (All Defendants)

20.     Northstar Homebuilders, Inc adopts and re-alleges its responses to previous allegations as if fully set forth herein

21.     Denied as alleged in ¶2656 of the Plaintiffs' Omnibus Class Action Complaint (I). Northstar Homebuilders, Inc was not in the business of manufacturing or selling drywall; therefore, it is not liable for latent defects and/or defective building materials supplied to it by suppliers.

22.     Denied as alleged in ¶2657 of the Plaintiffs' Omnibus Class Action Complaint (I). Northstar Homebuilders, Inc should be included as a defendant in any Chinese drywall litigation as Northstar Homebuilders, Inc was not in the business of manufacturing or selling drywall; therefore it is not liable for latent defects and/or defective building materials supplied to it by suppliers.

23.     Without knowledge as to ¶2658 of the Plaintiffs' Omnibus Class Action Complaint (I).

24.     Denied as alleged in ¶2659 of the Plaintiffs' Omnibus Class Action Complaint (I).

25.     Without knowledge as to ¶2660 of the Plaintiffs' Omnibus Class Action Complaint (I).

26.     Admitted on information and belief as alleged in ¶2661 of the Plaintiffs' Omnibus Class Action Complaint (I).

27.     Without knowledge as to other parties; but admitted on information and belief as alleged in ¶2662 of the Plaintiffs' Omnibus Class Action Complaint (I).

28.     Denied as alleged in ¶2663 of the Plaintiffs' Omnibus Class Action Complaint (I) Northstar Homebuilders, Inc should be included as a defendant in any Chinese drywall litigation as Northstar Homebuilders, Inc was not in the business of manufacturing or selling drywall; therefore it is not liable for latent defects and/or defective building materials supplied to it by suppliers.

29.     Without knowledge as to ¶2664 through ¶2666 of the Plaintiffs' Omnibus Class Action Complaint (I).

30.     Denied as alleged in ¶2667 of the Plaintiffs' Omnibus Class Action Complaint (I) Northstar Homebuilders, Inc should be included as a defendant in any Chinese drywall litigation as Northstar Homebuilders, Inc was not in the business of manufacturing or selling drywall; therefore it is not liable for latent defects and/or defective building materials supplied to it by suppliers.

31.     Denied as alleged in 12668 of the Plaintiffs' Omnibus Class Action Complaint (I) Northstar Homebuilders, Inc justifiably relied on its own merchant drywall suppliers and drywall suppliers for its subcontractors (if any) to provide drywall that was fit for the ordinary purpose for which it was intended, i.e. fit for installation in the homes Northstar Homebuilders, Inc built; further denied because at the time the subject drywall was installed in the homes built by

Northstar Homebuilders, Inc. Northstar Homebuilders, Inc had no reason to know or to suspect that there were problems with the drywall it purchased from its suppliers; therefore, it would have not have been under any duty to warn of defects now alleged.

32.    Without knowledge as to ¶2669 through ¶2671 of the Plaintiffs' Omnibus Class Action Complaint (I).

33.    Without knowledge as to alleged defects as alleged in ¶2672 of the Plaintiffs' Omnibus Class Action Complaint (I). Northstar Homebuilders, Inc had no reason to know or to suspect that there were problems with the drywall it purchased from its suppliers.

**COUNT IV**
**BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES**
**(All Defendants)**

34.    Northstar Homebuilders, Inc adopts and re-alleges its responses to previous allegations as if fully set forth herein.

35.    Without knowledge as to ¶2674 of the Plaintiffs' Omnibus Class Action Complaint (I).

36.    Denied as alleged in ¶2675 of the Plaintiffs' Omnibus Class Action Complaint (I) as to any knowledge of potential defects. Northstar Homebuilders, Inc expressly disclaimed any warranty for building materials used in construction of its homes and supplied by others

37.    Denied as alleged in ¶2676 of the Plaintiffs' Omnibus Class Action Complaint (I). Northstar Homebuilders, Inc was not in the business of manufacturing or selling drywall.

39.    Without knowledge as to ¶2677 of the Plaintiffs' Omnibus Class Action Complaint (I).

40.    Denied as alleged in ¶2678 of the Plaintiffs' Omnibus Class Action Complaint (I) Northstar Homebuilders, Inc expressly disclaimed any warranty for building materials used in construction of its homes and supplied by others.

41.    Denied as alleged in ¶2678 of the Plaintiffs' Omnibus Class Action Complaint (I).

42.     Without knowledge as to ¶2680 of the Plaintiffs' Omnibus Class Action Complaint (I).

## COUNT V
### BREACH OF THE IMPLIED WARRANTY OF FITNESS AND MERCHANTABILITY PURSUANT TO FLORIDA STATUTE SECTION 718.203
### (On behalf of Plaintiffs Who Own Condominiums in the State of Florida)
### (Against Builders Only)

43.     These allegations do not appear to apply to Northstar Homebuilders, Inc as Northstar

Homebuilders, Inc is not a Florida condominium builder. To the extent a response is required,

without knowledge; therefore, denied as to ¶2681 through ¶2692 of the Plaintiffs' Omnibus

Class Action Complaint (I).

## COUNT VI
### BREACH OF THE IMPLIED WARRANTY OF HABITABILITY
### (Against Builders Only)

44.     Northstar Homebuilders, Inc adopts and re-alleges its responses to previous allegations as

if fully set forth herein.

45.     Admitted as alleged in ¶2694 of the Plaintiffs' Omnibus Class Action Complaint (I).

46.     Denied as alleged in ¶2695 of the Plaintiffs' Omnibus Class Action Complaint (I).

47.     Denied as alleged in ¶2696 of the Plaintiffs' Omnibus Class Action Complaint (I).

48.     Denied as alleged in ¶2697 of the Plaintiffs' Omnibus Class Action Complaint (I).

Northstar Homebuilders, Inc justifiably relied on its own merchant drywall suppliers and drywall

suppliers for its subcontractors (if any) to provide drywall that was fit for the ordinary purpose

for which it was intended, i.e. fit for installation in the homes Northstar Homebuilders, Inc built.

At the time this drywall was installed in the homes built by Northstar Homebuilders, Inc.

Northstar Homebuilders, Inc had no reason to know or to suspect that there were problems with

the drywall it purchased from its suppliers. At the time, this drywall was installed in the homes

built by Northstar Homebuilders, Inc the state of the art regarding knowledge of potential

problems with Chinese drywall and alleged "off gassing" was such that potential problems were unknown to recipients and users of these materials, such *as* builders like Northstar Homebuilders, Inc and others similarly situated.

48.     Denied as alleged in ¶2698 of the Plaintiffs' Omnibus Class Action Complaint (I).

49.     Without knowledge as alleged in ¶2699 of the Plaintiffs' Omnibus Class Action Complaint (I).

## COUNT VII
## BREACH OF CONTRACT
### (Against Builders Only)

50.     Northstar Homebuilders, Inc adopts and re-alleges its responses to previous allegations as if fully set forth herein.

51.     Denied as stated as alleged in ¶2701 of the Plaintiffs' Omnibus Class Action Complaint (I).

52.     Denied as stated as alleged in ¶2702 of the Plaintiffs' Omnibus Class Action Complaint (I).

53.     Without knowledge as alleged in ¶2703 of the Plaintiffs' Omnibus Class Action Complaint (I).

## COUNT VIII
## VIOLATION OF THE LOUISIANA NEW HOME WARRANTY ACT
### (Against Louisiana Builders Only)

54.     Northstar Homebuilders, Inc adopts and re-alleges its responses to previous allegations as if fully set forth herein.

55.     These allegations do not appear to apply to Northstar Homebuilders, Inc as Northstar Homebuilders, Inc is not a Louisiana builder. To the extent a response is required, without

knowledge; therefore, denied as to ¶2705 through ¶2710 of the Plaintiffs' Omnibus Class Action Complaint (I).

## COUNT IX
### REDHIBITION
**(By Louisiana Plaintiffs against All Defendants)**

56.     This Count should not apply to Northstar Homebuilders, Inc as it is not a Louisiana Builder. To the extent a response is required, without knowledge; therefore denied as to ¶2711 through ¶2720 of the Plaintiffs' Omnibus Class Action Complaint (I).

## COUNT X
### LOUISIANA PRODUCTS LIABILITY ACT
**(Manufacturing Defendants Pled in the Alternative against Distributor Defendants)**

57.     Northstar Homebuilders, Inc adopts and re-alleges its responses to previous allegations as if fully set forth herein.

58.     This Count should not apply to Northstar Homebuilders, Inc as it is not a Manufacturing Defendant or a Distributor Defendant. To the extent a response is required, without knowledge; therefore denied as alleged in ¶2722 through ¶2734 of the Plaintiffs' Omnibus Class Action Complaint (I).

## COUNT XI
### PRIVATE NUISANCE
**(All Defendants)**

59.     Northstar Homebuilders, Inc adopts and re-alleges its responses to previous allegations as if fully set forth herein.

60.     Denied as alleged in 112736 through ¶2741 of the Plaintiffs' Omnibus Class Action Complaint (I).

## COUNT XII
### NEGLIGENT DISCHARGE OF A CORROSIVE SUBSTANCE
### (All Defendants)

61.     Northstar Homebuilders, Inc adopts and re-alleges its responses to previous allegations as if fully set forth herein.

62.     Denied as alleged in ¶2743 through ¶2748 of the Plaintiffs' Omnibus Class Action Complaint (I).

## COUNT XIII
### UNJUST ENRICHMENT
### (All Defendants)

63.     Northstar Homebuilders, Inc adopts and re-alleges its responses to previous allegations as if fully set forth herein.

64.     Denied as alleged in ¶2750 through ¶2752 of the Plaintiffs' Omnibus Class Action Complaint (I).

## COUNT XIV
### VIOLATIONS OF CONSUMER PROTECTION ACTS
### (All Defendants)

65.     Northstar Homebuilders, Inc adopts and re-alleges its responses to previous allegations as if fully set forth herein.

66.     This allegation does not appear to require a response. To the extent, one is required, denied as alleged in ¶2754 of the Plaintiffs' Omnibus Class Action Complaint (I).

67.     Denied as alleged in ¶2755 through ¶2757 of the Plaintiffs' Omnibus Class Action Complaint (I).

## COUNT XV
## EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING
### (AD Defendants)

68.     Northstar Homebuilders, Inc adopts and re-alleges its responses to previous allegations as if fully set forth herein.

69.     Without knowledge as alleged in ¶2759 of the Plaintiffs' Omnibus Class Action Complaint (I).

70.     Denied as alleged in ¶2760 through ¶2770 of the Plaintiffs' Omnibus Class Action Complaint (I) to the extent that a response is required from Northstar Homebuilders, Inc. Further, Defendant denied that it is the actual or proximate cause of the situation as alleged; therefore, denied that Northstar Homebuilders, Inc is legally liable for the relief requested.

## AFFIRMATIVE DEFENSES

I.      Defendant affirmatively alleges that the Plaintiffs' Omnibus Class Action Complaint (I) fails to state a cause of action against this Defendant as it fails to identify from whom the product was purchased and it fails to set forth ultimate facts, which show that this Defendant actually distributed the drywall that is at issue.

II.     Defendant affirmatively alleges that the cause of action, claim and item of damages in the Plaintiffs' Omnibus Class Action Complaint (I) did not accrue within the time prescribed by law for them before this action was brought. Therefore, this action is barred by the applicable statute of limitations.

III.    Defendant affirmatively alleges that Plaintiffs' injuries were caused by the negligent actions of one or more third parties not named as Defendants in this case and/or who are not in the employment and/or agency of the Defendants herein and therefore, the Court should apportion a percentage of liability among those non-parties, pursuant to *Fabre v. Marin* and

*Allied Signal, Inc. v. Fox* and related cases. Defendant specifically asks that these names as identified during the course of discovery be included on the Jury Verdict Form and that a percentage of negligence be attributed to them in the case.

IV.     Defendant affirmatively alleges that at all times material to the Plaintiffs' Omnibus Class Action Complaint (I), Sean and Beth Payton, individually and on behalf of others similarly situated, and the additional plaintiffs listed on schedule of Plaintiffs, attached as Exhibit "A" of the Plaintiffs' Omnibus Class Action Complaint (I), conducted themselves in a negligent and careless manner, and as a direct and proximate result of this negligence, is barred from recovery in whole or in part against this Defendant on the grounds of comparative negligence.

V.      Defendant affirmatively alleges that it is entitled to a credit and/or set off from any and all personal injury protection benefits paid and/or payable, and any and all other benefits, collateral sources or other sources of setoffs or recoupments and therefore claims said setoffs, credits, and recoupments in accordance with §768.76 of the Florida Statutes.

VI.     Defendant affirmatively alleges that there is a complete absence of justiciable issues of either law or fact raised by the Plaintiffs' Omnibus Class Action Complaint (I), and Defendant is entitled to the remedies of Rule 11 of the Federal Rules of Civil Procedure.

VIII.   Defendant affirmatively alleges that there is a complete absence of justiciable issues of either law or fact raised by the Plaintiffs' Omnibus Class Action Complaint (I), and Defendant is entitled to the remedies of §57.105 and §57.104 of the Florida Statutes, and Rule 11 of the Federal Rules of Civil Procedure.

IX.      Defendant affirmatively alleges that the Plaintiffs' seeks damages based on medical treatment and expenses that are not reasonable, related, or necessary and is not entitled to any reimbursement of unreasonable or unnecessary expenses.

X.       Defendant affirmatively alleges that any damages, which the Plaintiffs' herein makes complaint, were caused by the negligence, if negligence there were, of others over whom this Defendant had no dominion, custody or control.

XI.      Defendant affirmatively alleges that incident complained of was totally unforeseeable to this Defendant and, therefore, this Defendant had neither duty nor opportunity to take steps to prevent same.

XII.     Defendant affirmatively alleges would state that there was no nexus between the Plaintiffs' damages or injuries and any alleged negligence on the part of this Defendant, and therefore this action should fail due to the absence of proximate cause.

XIII.    Defendant affirmatively alleges that it acted within its contractual and statutory rights, and pursuant to law.

XIV.     Defendant affirmatively alleges that at the time this particular product was manufactured and marketed, it was manufactured and marketed in accordance with the then existing state of the relevant technology pertaining to the subject product, and pursuant to State and Federal Law.

XV.      Defendant affirmatively alleges that the Plaintiffs' Omnibus Class Action Complaint (I) fails to state a cause of action against this Defendant as it fails to identify from whom the product was purchased and it fails to set forth ultimate facts, which show that this Defendant actually distributed the particular item and used by the Plaintiffs.

XVI.     Defendant affirmatively alleges it is not guilty of any negligence and did not cause nor contribute to causing the Plaintiffs' damages or injuries.

XVII.    Defendant affirmatively alleges that at the time this particular product was manufactured and marketed, it was manufactured and marketed in accordance with the then existing state of the relevant technology pertaining to the subject product, and pursuant to State and Federal Law.

XVIII.   Defendant affirmatively alleges that the product had been altered and/or otherwise substantively changed by the Plaintiffs and/or by other third parties after it left the custody and control of this Defendant.

XIX.     Defendant affirmatively alleges that it adopts all affirmative defenses of other defendants similarly situated, to the extent they are consistent with the defenses asserted herein.

XX.      Defendant affirmatively alleges that it was not in the business of manufacturing or selling drywall; therefore, it is not liable for latent defects and/or defective building materials supplied to it by others, including but not limited to suppliers.

XXI.     Defendant affirmatively alleges that it was not in the business of manufacturing drywall; therefore, it is not liable for any alleged misrepresentation regarding drywall.

XXII.    Defendant affirmatively alleges that it was not in the business of selling drywall; therefore, it is not liable for any alleged warranty for drywall or alleged breach thereof.

XXIII.   Defendant affirmatively alleges that it is not a merchant selling drywall; therefore, it is not liable for any alleged implied warranty of merchantability for drywall or any alleged breach thereof

XXIII.   Defendant affirmatively alleges that it is not a merchant selling drywall; therefore, it is not liable for any alleged implied warranty of fitness for a particular purpose or alleged breach thereof.

XXIV.   Defendant affirmatively alleges that regarding the homes it constructed, Northstar Homebuilders, Inc expressly disclaimed any warranty for building materials used in construction of its homes and supplied by others.

XXV.    Defendant affirmatively alleges that it justifiably relied on its own merchant drywall suppliers and drywall suppliers for its subcontractors (if any) to provide drywall that was fit for the ordinary purpose for which it was intended, i.e. fit for installation in the homes Northstar Homebuilders, Inc.

XXVI.   Defendant affirmatively alleges that that at the time this drywall was installed in the homes built by Northstar Homebuilders, Inc. Northstar Homebuilders, Inc had no reason to know or. to suspect that there were problems with the drywall it purchased from its suppliers; therefore, it would have not have been under any duty to warn of defects .now alleged.

XXVII.  Defendant affirmatively alleges that at the time this drywall was installed in the homes built by Northstar Homebuilders, Inc the state of the art regarding knowledge of potential problems with Chinese drywall and alleged "off gassing" was such that potential problems were unknown to recipients and users of these materials, such as builders like Northstar Homebuilders, Inc and others similarly situated.

XXVIII. Defendant affirmatively alleges that to the extent this product is, has been, or becomes subject to a recall by the U.S. Consumer Product Safety Commission, all state and federal legal and equitable defenses arising from said product recall are incorporated herein by reference.

XXIX.   Defendant affirmatively alleges that the complaint and each cause of action alleged therein, fails to state a claim against Northstar Homebuilders, Inc upon which relief may be granted.

XXX.    Defendant affirmatively alleges that Plaintiffs claims are barred by the applicable statute(s) of limitations.

XXXI.   Defendant affirmatively alleges that its actions were not the actual or proximate cause of the claimed damages; hence, Plaintiffs ought not to recover from Northstar Homebuilders, Inc.

XXXII.  Defendant affirmatively alleges that Plaintiffs damages/injuries are less than claimed.

XXXIII. Defendant affirmatively alleges that it that all alleged damages, if any, were caused in whole or in part by the actions of others over whom this Defendant had no control, and no right of control; hence Plaintiffs ought not recover against Northstar Homebuilders, Inc.

XXXIV. Defendant affirmatively alleges that the state of the art as of the date this answer was filed is that there is no conclusive evidence from government studies or otherwise that "off gassing" from Chinese drywall causes health problems in humans.

XXXV.  Defendant affirmatively alleges that to the extent they claim the drywall in their dwellings is defective and/or a cause of health problems, the Plaintiffs are and have been under an affirmative duty to mitigate their damages and/or to terminate their exposure since the date they first obtained notice of their alleged problems.

XXXVI. Defendant affirmatively alleges that in the event that it is judicially determined that Plaintiff sustained damages as alleged, all of which has been specifically denied, then the damages were proximately caused by the intervening and supervening act(s) of other parties

over whom this Defendant had no control, and no right of control, and for whose actions this Defendant is not liable.

XXXVII.   Defendant affirmatively alleges that all work performed by Northstar Homebuilders, Inc was performed in a workmanlike manner, in accordance with building code requirements, and in conjunction with installation specifics; hence the Plaintiff ought not recover against Northstar Homebuilders, Inc for the claimed damages.

XXXVIII.   Defendant affirmatively alleges that it fulfill of all the legal duties owed to Plaintiff, and the absence of any additional legal duties the Plaintiff attempts to impose via its Complaint, hence Plaintiff ought not recover against Northstar Homebuilders, Inc.

XXXIX. Defendant affirmatively alleges that it regarding allege  in "Count IX of the Omnibus Complaint purportedly by Louisiana Plaintiffs against all defendants:

> i.      The Plaintiff buyers did not give Northstar Homebuilders, Inc a reasonable opportunity to repair the allegedly defective drywall product;

> ii.     The alleged hidden defect in the drywall product did not surface until well over three days after purchase; therefore, the responsibility for proving that the alleged defect existed at the time of the sale rests with the Plaintiff/buyer(s).

> iii.    Suit was not instituted within one year from the date of sale of the alleged defective products.

XL.    Defendant affirmatively alleges that the procedural standard for imposing punitive damages is unduly vague and does not furnish the jury sufficient guidance in determining whether, and how much to award in punitive damages, thereby permitting arbitrary and capricious taking of property in violation of the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

XLI.   Defendant affirmatively alleges that the imposition of punitive damages would violate the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution in each of the following ways:

     i.     The imposition of punitive damages that are vastly disproportionate to any actual injury would violate the Fourteenth Amendment of the United States Constitution.

     ii.     Disproportionate punitive damages constitute an arbitrary and capricious taking of property, which is unjustified by any rational government interest, thereby violating the Fifth and Fourteenth Amendments of the United States Constitution.

     iii.     The award of punitive damages without specific standards to guide a jury's discretion in determining the amount of damages is contrary to Due Process under the Fourteenth Amendment of the United States Constitution.

     iv.     The substantive standards of liability under which punitive damages are sought in this case are ambiguous, subjective, and not reasonably ascertainable, and are thus void for vagueness under the Fourteenth Amendment of the United States Constitution.

     v.     Northstar Homebuilders, Inc reserves the right to add additional defenses.

XLII.   Defendant affirmatively alleges that the drywall at issue is not a product upon which a strict liability claim may be based; it is instead a structural improvement to real property and, accordingly, cannot form the basis for a strict liability claim.

XLIII.   Defendant affirmatively alleges that Plaintiffs' tort claims are barred by the products liability economic loss rule to the extent Plaintiffs are seeking damages related to repair or

replacement of their homes or individual components thereof. Specifically, Plaintiffs do not allege to have purchased the allegedly defective drywall directly; rather, Plaintiffs allege that they purchased residents that were constructed with allegedly defective drywall. Accordingly, damages related to repair/replacement of Plaintiffs' homes as well as the integral components thereof, are merely economic losses for which recovery in tort is unavailable.

XLIV.   Defendant affirmatively alleges that the character of a loss determines the appropriate remedies, and, to determine the character of a loss, one must look to the product purchased by the plaintiff, not the product sold by the defendant. These homeowners bought finished products dwellings not the individual components of those dwellings.

XLV.   Defendant affirmatively alleges that since the Plaintiffs purchased completed dwellings, the allegedly defective drywall is an integrated component of the product purchased by Plaintiffs. Any claimed damages relating to repair or replacement of the homes or the integral components thereof (such as fixtures, major appliances, HVAC systems, wiring, etc.) are recoverable only via contract remedies against those parties in privity with Plaintiffs.

XLVI.    Defendant affirmatively alleges that the drywall at issue was not inherently dangerous, and therefore, there is no duty to discover, correct or warn of latent defects absent actual or implied knowledge of such defects.

XLVII.    Defendant affirmatively alleges that for a Breach of Warranty and/or Fitness claim there must be a Privity of contract which is a prerequisite to recovery under a claim for breach of either express or implied warranty and that there is no privity between this Defendant and the Plaintiffs.

XLVIII.    Defendant affirmatively alleges that the Breach of Warranty or Fitness claim is time barred pursuant to §718.203 of the Florida Statues.

XLIX.     Defendant affirmatively alleges that the Plaintiffs are asserting a nuisance claim that fails to demonstrate that the maintenance of the nuisance was the natural and proximate cause of the injury. Plaintiffs have omitted any allegations detailing how the allegedly defective drywall created the alleged nuisance that actually and proximately caused Plaintiff's damages.

L.     Defendant affirmatively alleges that Plaintiffs assert that the alleged nuisance consists of "[t]he odors and effects resulting from the emission of gasses from the Chinese Drywall." The Plaintiffs' Omnibus Class Action Complaint (I) omits allegations of ultimate fact detailing how Defendant alleged construction of the property created or caused the nuisance of emission of gasses. On the contrary, the alleged nuisance claimed by Plaintiffs suggests a defect in the manufacturing of the drywall rather than issues related to the manner in which it was used.

**CROSS-CLAIMS AGAINST KNAUF GIPS KG; KNAUF PLASTERBOARD (TIANJIN) CO., LTD.; KNAUF PLASTERBOARD (WUHU), CO., LTD.; KNAUF PLASTERBOARD (DONGGUAN) CO., LTD.**

**FIRST CROSS-CLAIM**

1.     Defendant incorporates herein all of the foregoing responses that are relevant to and consistent with this cross-claim.

2.     For a further defense and as a cross-claim, Defendant asserts a claim against Knauf Gips KG; Knauf Plasterboard (Tianjin) Co., Ltd.; Knauf Plasterboard (Wuhu), Co., Ltd.; Knauf Plasterboard (Dongguan) Co., Ltd. along with all other applicable affiliates and related entities (collectively hereafter "Knauf") for breach of express warranties.

3.     Defendant received a certain quantity of gypsum drywall manufactured by Knauf via its suppliers and subcontractors.

4.     Knauf expressly warranted the gypsum drywall Defendant purchased from Knauf would be free of defects and fit for the ordinary purpose for which gypsum drywall is used.

5.      Without admitting any liability or damages to the Plaintiffs, if it is shown that the drywall manufactured and supplied to Defendant in whatever manner by Knauf was defective and not fit for the ordinary purpose for which gypsum drywall is used, then Knauf is liable to Defendant for breach of the express warranty.

6.      As a direct and proximate result of Knauf's breach of express warranties, Defendant has incurred damages in that it has been required to respond to homeowner complaints and to defend this action. Further, Defendant will likely continue to incur additional costs in responding to homeowner complaints and defending this action.

## SECOND CROSS-CLAIM

7.      Defendant incorporates herein all of the foregoing responses that are relevant to and consistent with this cross-claim.

8.      For a further defense and as a cross-claim, Defendant asserts a claim against Knauf for breach of implied warranty of merchantability under the common law and/or applicable state statutes.

9.      Knauf is a merchant of gypsum drywall.

10.     Defendant received via its suppliers or subcontractors from Knauf a certain quantity of gypsum drywall manufactured by Knauf.

11.     Pursuant to the applicable state statutes and/or the common law, Knauf warranted that the gypsum drywall was merchantable and fit for the ordinary purpose for which gypsum drywall is used.

12.     Without admitting any liability or damages to the Plaintiffs, if it is shown that the drywall manufactured and sold to by Knauf was defective and not fit for the ordinary purpose for which gypsum drywall is used, then Knauf is liable to Defendant for breach of implied warranty.

13.    As a direct and proximate result of Knauf's breach of the implied warranty of merchantability, Defendant has incurred damages in that it has been required to respond to homeowner complaints and to defend this action. Further, Defendant will likely continue to incur additional costs in responding to homeowner complaints and defending this action.

## THIRD CROSS-CLAIM

14.    Defendant incorporates herein all of the foregoing responses that are relevant to and consistent with this cross-claim.

15.    For a further defense and as a cross-claim, Defendant asserts a claim against Knauf for equitable and/or common law indemnification.

16.    Knauf is solely responsible and liable for any allegedly wrongful acts committed against the Plaintiffs with regard to the allegations of Plaintiffs' Complaint.

17.    Knauf is solely liable for any damages allegedly suffered by Plaintiffs and, if Defendant is required to pay any damages to the Plaintiffs, Defendant is entitled to be indemnified, based on the doctrines of equitable and/or common law indemnification, by Knauf for any damages.

18.    This Defendant reserves the right to amend its Answer, Affirmative Defenses, and Cross-Claims as investigation and discovery may reveal.

19.

WHEREFORE, Defendant, Northstar Homebuilders, Inc a Limited Liability Company, having fully Answered Plaintiffs' Omnibus Class Action Complaint (I) prays the Court that:

i.    Plaintiffs recover nothing from Defendant and that judgment be entered in Defendant's favor; the costs of this action, including attorney's fees and costs that may be allowed by statute, be taxed against Plaintiffs;

ii.      If Plaintiffs recover any amount from Defendant, that Defendant be granted the relief prayed for in its Cross-Claims against Knauf;

iii.     Defendant have such other and further relief as the Court may deem just and proper.

iv.      Judgment in their favor, and against Plaintiffs, together with all taxable fees and costs; and

v.       Further demands trial by jury of all issues so triable as of right.

Respectfully submitted,

Dated: April 5, 2010

/s/ Raul R. Loredo
Raul R. Loredo, Esquire
MINTZER SAROWITZ ZERIS
LEDVA & MEYERS, LLP
The Waterford at Blue Lagoon
1000 NW 57th Court, Suite 300
Miami, FL  33126
Tel:  305-774-9966
Fax:  305-774-7743
rloredo@defensecounsel.com

/s/ Addison J. Meyers
Addison J. Meyers, Esquire
MINTZER SAROWITZ ZERIS
LEDVA & MEYERS, LLP
The Waterford at Blue Lagoon
1000 NW 57th Court, Suite 300
Miami, FL  33126
Tel:  305-774-9966
Fax:  305-774-7743
ameyers@defensecounsel.com

## <u>CERTIFICATE OF SERVICE</u>

I, hereby certify that the above and forgoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by United States Mail and email or hand delivery and email and upon all parties electronically uploading same to Lexis Nexis File and Serve® in accordance with Pre-Trial Order No.: 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with procedures established in MDL 2047 on this April 5, 2010 at 12:00 am.


<u>/s/ Raul R. Loredo</u>
Raul R. Loredo