UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED DRYWALL          MDL No. 2047
PRODUCTS LIABILITY LITIGATION

                                             SECTION: L
THIS DOCUMENT RELATES TO:

                                             JUDGE FALLON
Payton, et al. v. Knauf GIPS KG, et al.
Case No. 2:09-CV-07628                       MAG. JUDGE WILKINSON
_____ /

### DEFENDANT PRECISION DRYWALL'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' OMNIBUS CLASS ACTION COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

Defendant PRECISION DRYWALL (hereinafter "PRECISION"), through special appearance of its undersigned counsel, hereby files this Memorandum in support of its Motion to Dismiss Plaintiffs' Omnibus Class Action Complaint for Lack of Personal Jurisdiction and Improper Venue, under Federal Rule of Civil Procedure 12(b)(2), and Federal Rule of Civil Procedure 12(b)(3), and in support thereof states as follows:

I.     **PROCEDURAL BACKGROUND.**

1.  On December 9, 2009, Plaintiffs, SEAN AND BETH PAYTON, individually and on behalf of all others similarly situated, filed an Omnibus Class Action Complaint (hereinafter the "Complaint") against multiple Defendants, including PRECISION.

2.  The Complaint demands judgment for damages and injunctive relief and asserts ten causes of action against PRECISION; to wit, Counts 1, 2, 3, 4, 9, 11, 12, 13, 14, and 15.

3.  PRECISION is a Florida entity with its principal place of business in Florida.  This is admitted by Plaintiffs in Paragraph 2583 of the Complaint.

II.    **THIS COURT LACKS PERSONAL JURISDICTION OVER PRECISION DRYWALL.**

4.  A federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant only if two requirements are satisfied: (1) the forum state's long-arm statute confers personal jurisdiction, and (2) the exercise of jurisdiction does not exceed the boundaries of due process.  *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006).

5.  When a defendant challenges personal jurisdiction, the burden is placed on the plaintiff to establish a *prima facie* case in favor of jurisdiction.  *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006).

6.  This Court lacks personal jurisdiction over PRECISION because Louisiana's long-arm statute, La. R.S. 13:3201(B), does not reach this nonresident Defendant and because the exercise of personal jurisdiction over this nonresident Defendant would violate the Due Process Clause of the United States Constitution.

7.  Louisiana's long-arm statute, La. R.S. 13:3201(B), provides that a Louisiana court "may exercise personal jurisdiction over a nonresident on any basis consistent with ... the Constitution of the United States."  Because the limits of Louisiana's long-arm statute are coextensive with the limits of constitutional due process, the inquiry is simply whether this Court's exercise of jurisdiction over PRECISION would offend due process.  *See Luv N' care, Ltd.*, 438 F.3d at 469 (5th Cir. 2006), *Electrosource, Inc. v. Horizon Battery Techs, Ltd.*, 176 F.3d 867, 871 (5th Cir. 1999).

8.  The Due Process Clause limits the Court's power to assert personal jurisdiction over a nonresident defendant.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-14 (1984).  There are two steps to the Due Process inquiry.  First, the Court must establish whether PRECISION, a nonresident defendant, has the requisite minimum

contacts with Louisiana, the forum state. *Luv N' care*, 438 F.3d at 469 (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). Second, the Court must determine whether exercising personal jurisdiction over PRECISION would violate "traditional notions of fair play and substantial justice." *International Shoe Co.*, 326 U.S. at 310. For the following reasons, the Due Process inquiry clearly demonstrates that the Court lacks the power to assert personal jurisdiction over PRECISION.

9.  The minimum contacts tests takes two forms and the constitutional limitations on the exercise of personal jurisdiction differ depending on whether a court seeks to exercise general or specific jurisdiction over the defendant. However, in this case, the Court clearly lacks the power to exercise either general or specific jurisdiction over PRECISION because PRECISION simply has no contacts with Louisiana[1].

**A.    Precision Drywall Does Not Have Sufficient Minimum Contacts with Louisiana for This Court to Subject It to General Jurisdiction.**

10. The sole focus of a general jurisdiction inquiry is whether there are continuous and systematic contacts between the nonresident defendant and the forum state. *Dickson Marine, Inc. v. Panalpina, Inc.*, 179 F.3d 331, 339 (5th Cir. 1999). The Fifth Circuit has found that the continuous and systematic test is "difficult ... to meet, requiring extensive contacts between a defendant and a forum." *Submersible Systems, Inc. v. Perforadora Central, S.A. de C.V.*, 249 F.3d 413, 419 (5th Cir. 2001).

11. As PRECISION has no contacts at all with Louisiana, an exercise of general jurisdiction clearly violates the Due Process Clause. PRECISION is a Florida corporation with its principal place of business in Florida, PRECISION is not licensed or registered to business in Louisiana, and it has no offices, employees, property, or assets of any kind in

---

[1] See Affidavit of Brian Allen Boisvert, attached hereto as Exhibit "A."

Louisiana.[2]  PRECISION has never performed any work on a residence in Louisiana.[3]

No case can be made that PRECISION, without any contacts to Louisiana, has the

"continuous and systematic" contacts required for general jurisdiction.  *See, e.g.,*

*Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 408.

> ### B.    Precision Drywall Does Not Have Sufficient Minimum Contacts with Louisiana for This Court to Subject It to Specific Jurisdiction.

12.  The Court may exercise specific jurisdiction over a nonresident defendant "in a suit

arising out of or related to the defendant's contacts with the forum."  *Helicopteros*

*Nacionales de Colombia, S.A.*, 466 U.S. at 414.  The Fifth Circuit has articulated a three-

step specific jurisdiction inquiry:

> 1)  whether the defendant has minimum contacts with the forum state, i.e., whether it
>
> purposely directed its activities toward the forum state or purposefully availed
>
> itself of the privileges of conducting activities there;
>
> 2)  whether the plaintiff's cause of action arises out of or results from the defendant's
>
> forum-related contacts; and
>
> 3)  whether the exercise of personal jurisdiction is fair and reasonable.

*Seiferth*, 472 F.3d at 271 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474

(1985) and *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374 (5th Cir. 2002)).

> ### 1.    Precision Drywall Did Not Avail Itself of the Privilege of Conducting Activities in Louisiana.

13.  The first prong of the specific jurisdiction analysis requires Plaintiffs to establish that

PRECISION purposefully availed itself of the privilege of conducting activities in

Louisiana, thus invoking the benefits and protections of Louisiana's laws.  *Jones v. Petty-*

---

[2] See Exhibit "A."
[3] *Id.*

*Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1068 (5th Cir. 1992) (quoting *Hanson*

*v. Denckla*, 375 U.S. 235 (1958)).  This prong is the constitutional touchstone for the

exercise of personal jurisdiction.  *See Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Calif.,*

*Solano County*, 480 U.S. 102, 108-09 (1987).

14. Plaintiffs have not and cannot establish the first prong of the analysis.  As stated above,

PRECISION is not registered to do business in Louisiana.[4]  PRECISION does not have

an office or any employees in Louisiana.[5]  PRECISION does not own any property or

maintain any assets in Louisiana.[6]  Moreover, none of the claims raised against

PRECISION relate in any way whatsoever to Louisiana.

15.  In fact, Plaintiffs merely allege in Schedule 4 of the Complaint that PRECISION

installed drywall in one single-family residence at issue in this lawsuit located in Boynton

Beach, Florida.  As such, Plaintiffs have failed to establish that PRECISION purposefully

availed itself of the privilege of conducting business in Louisiana; therefore, the Court

cannot exercise specific jurisdiction over PRECISION.

> **2.      Plaintiffs' Causes of Action Did Not Arise out of or Relate to**
> **Precision Drywall's Forum-Related Contacts.**

16. To satisfy the second prong of the analysis, Plaintiffs' causes of action must arise out of

or relate to PRECISION's forum-related contacts.  Plaintiffs, however, have not and

cannot establish that any of the causes of action asserted against PRECISION arise out of

or relate to PRECISION's conduct in Louisiana.  Simply put, PRECISION has no contact

with Louisiana.

17. The underlying basis for this class action lawsuit is allegedly defective drywall used in

the construction of certain residences.  Yet, the sole residence allegedly involving

---

[4] See Exhibit "A."
[5] *Id.*
[6] *Id.*

PRECISION in this action is not located in Louisiana.  Moreover, PRECISION is not even registered to do business in Louisiana.[7]  PRECISION does not have an office or any employees in Louisiana, nor does it own property in Louisiana.[8]  As PRECISION has no contact whatsoever with Louisiana, none of the Plaintiffs' tort-based causes of action arise out of or relate to PRECISION's forum-related contact because such contacts are nonexistent.

18. Additionally, Plaintiffs assert several contract claims against PRECISION.  In contract cases, the Fifth Circuit looks to contemplated future consequences of the agreement and the actual course of dealing between the contracting parties.  *Dickson Marine, Inc.*, 179 F.3d at 337.  The only class members alleged to relate to PRECISION, Steven and Gayle Felicetti of Boynton Beach, Florida, are not even alleged to have anything to do with Louisiana.

19. In light of the fact PRECISION has no contact with the state of Louisiana, Plaintiffs have not and cannot establish that their causes of action arise out of or relate to PRECISION's "forum-related contacts."

### 3. The Exercise of Personal Jurisdiction by this Court over Precision Drywall Is Not Fair or Reasonable.

20. Only <u>after</u> a plaintiff "makes its *prima facie* case that the defendant has 'minimum contacts' with the forum state" does the burden of proof shift to the defendant to show that the exercise of jurisdiction would be unfair or unreasonable.  *Seifert*, 472 F.3d at 271.  Because the Plaintiffs have come nowhere close to carrying their burden, this inquiry is not only unnecessary, it is entirely improper.

21. However, should the Court consider this prong, it is to examine the following factors:

---

[7] *Id.*

[8] *Id.*

    1)  the burden on the nonresident defendant,

    2)  the forum state's interests,

    3)  the plaintiff's interest in securing relief,

    4)  the interest of the interstate judicial system in the efficient administration of justice, and

    5)  the shared interest of the several states in furthering fundamental social policies.

*Luv N' care*, 438 F.3d at 473.

22. The first prong weighs heavily in PRECISION's favor.  PRECISION is being haled into a court that is located far from its place of business and where it has no contacts.  In addition, if this lawsuit were allowed to proceed in Louisiana, most if not all of the critical witnesses, along with all of the physical evidence, subject property, and related documents are located in Florida.

23. Furthermore, Louisiana, as a forum state, has no cognizable interest in litigating the claims made by the Felicettis, as Florida residents, against PRECISION, a Florida entity, involving the Felicetti home, located in Florida.

24. In light of the foregoing, it would be unreasonable and unfair to force PRECISION, a Florida entity, to litigate in Louisiana events which took place in Florida between Florida residents.

## III.   THE CLAIMS FILED AGAINST PRECISION DRYWALL HAVE BEEN FILED IN AN IMPROPER VENUE.

25. In the alternative, if this Court should find that it maintains personal jurisdiction over PRECISION, the Eastern District of Louisiana is an improper venue to hear such claims. The claims should therefore be dismissed under Federal Rule of Civil Procedure 12(b)(3).

26. 28 U.S.C. § 1404(a) provides, "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Further, 28 U.S.C. 1406(a) states, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

27. As discussed above, the Complaint concedes that PRECISION is a Florida entity and alleges only that it installed defective drywall in a home located in Boynton Beach, Florida.  Plaintiffs are unable to establish any claims against PRECISION for actions or activities which occurred in Louisiana.  All actions and/or activities of PRECISION at issue occurred in Florida, specifically, in the Southern District of Florida.  If the Court does not dismiss the claims against PRECISION for lack of personal jurisdiction, then the Court should dismiss based on improper venue.

28. Alternatively, the Court should transfer the claims against PRECISION to the United States District Court for the Southern District of Florida, for the convenience of the parties, where such claims should have originally been brought.

## IV.  **<u>CONCLUSION.</u>**

29. PRECISION is not subject to personal jurisdiction in Louisiana.  PRECISION does not have any contacts in Louisiana, much less the constitutionally sufficient minimum contacts required for this Court to exercise personal jurisdiction.  This Court's exercise of personal jurisdiction over PRECISION would offend traditional notions of fair play and substantial justice.  As a result, all claims against PRECISION should be dismissed.

30. Alternatively, the claims should be dismissed as the United States District Court for the Eastern District of Louisiana is an improper venue to hear such claims.

WHEREFORE, Defendant PRECISION DRYWALL respectfully requests that its Motion be GRANTED, and that this Court enter an Order dismissing the instant action against it pursuant to Federal Rule of Civil Procedure 12(b)(2) or, in the alternative, pursuant to Federal Rule of Civil Procedure 12(b)(3), and awarding to this Defendant such other and further relief as this Court deems just and proper under the circumstances.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this document has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6 and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 6th day of April, 2010.

Respectfully submitted,

By:   /s/ Kieran F. O'Connor
      Kieran F. O'Connor, Esquire
      Florida Bar No. 896829
      Ogden, Sullivan & O'Connor, P.A.
      111 N Orange Ave.
      Suite 850
      Orlando, FL 32801
      Telephone: (407) 843-2100
      Facsimile: (407) 843-2061
      koconnor@ogdensullivan.com
      *Attorneys for Defendant Precision Drywall*