UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) ) | ) MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: | | |
| Gross, et al. v. Knauf Gips, Kg., et al. Case No. 09-6690 (E.D.La.) | | |

<u>**MEMORANDUM IN SUPPORT OF**</u>
<u>**CNBM USA CORP.'S MOTION TO DISMISS**</u>

**NOW COMES,** Defendant, CNMB USA Corp. ("CNMB USA"), by its undersigned counsel, and submit this Memorandum in Support of its Motion to Dismiss.

I.  <u>**NATURE OF THE MOTION**</u>

1. CNBM USA brings this motion to dismiss pursuant to Rule 12(b)(2) because this court lacks personal jurisdiction over CNBM USA. CNBM USA has had no contacts with the forum state of Louisiana, either in connection with this litigation or otherwise, and thus the exercise of jurisdiction over it would violate the Due Process Clause of the Fourteenth Amendment. Accordingly, the Court should dismiss the claims against CNBM USA.

1

## II. BACKGROUND

2. In the Amended Complaint, the plaintiffs seek to recover for damages caused by allegedly defective drywall produced in China. The plaintiffs allege that they have brought suit against over 90 named defendants and 20 John Doe defendants because it is difficult or impossible to determine the source of the drywall. The plaintiffs further allege that the defendants comprise the entire Chinese drywall industry. (Am. Compl. 147-152.)

3. Defendant CNBM USA is a California Corporation with its principal place of business in California. (See Exhibit A -- Affidavit of Lina Zhang ¶ 3.) CNBM USA has never been licensed in Louisiana. (Zhang Aff. ¶ 4.) CNBM USA has never had an office, place of business, mailing address, post office box, telephone number or assets in Louisiana. (Zhang Aff. ¶ 7.) CNBM USA has never purchased newspaper, television, radio, magazine, billboard or any other form of advertising in Louisiana. (Zhang Aff. ¶ 8.) CNBM USA has never sold any goods in Louisiana nor shipped any goods to Louisiana. (Zhang Aff. ¶ 11.)

## III. STANDARD FOR MOTION TO DISMISS

4. When the defendant challenges personal jurisdiction, the plaintiff bears the burden of establishing that the Court has personal jurisdiction over the defendant. *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982). The court is not limited the allegations in the complaint and can consider affidavits to determine whether the defendant's contacts with the forum state are sufficient to support jurisdiction. *Id.* at 282-83 n. 13.

### IV. THE COURT SHOULD GRANT CNBM USA'S MOTION TO DISMISS BECAUSE CNBM USA HAS NO CONTACTS WITH LOUISIANA

5. The Due Process Clause of the Fourteenth Amendment restricts a federal district court from exercising personal jurisdiction over a non-resident defendant unless the defendant has some meaningful "contacts, ties or relations" with the forum state. *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945). A federal district court may exercise personal jurisdiction only to the extent permitted under the forum-state's long-arm statute. *See Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir.1997). Louisiana's long-arm statute extends personal jurisdiction to the same extent permitted by the Due Process Clause of the Fourteenth Amendment. *See* La. R.S. 13:3201(B); *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2005).

6. A court may exercise general jurisdiction over any claim against a defendant when the defendant has "continuous and systematic general business contacts" with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984). If the court cannot exercise general jurisdiction, it may exercise specific jurisdiction when the claims against the defendant are related to or arise from the defendant's specific contacts with the forum state. *Id.* at 414 n. 8.

7. The Fifth Circuit has developed a three-step analysis to determine whether the court has personal jurisdiction over a non-resident defendant: "(1) whether the defendant ... purposefully directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Nuovo Pignone v. Storman Asia M/V*, 310 F.3d 374, 378 (5th

Cir. 2002) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). None of these factors weigh in favor of exercising personal jurisdiction over CNBM USA.

A.  *CNBM USA did not Purposefully Direct Activities Toward Louisiana or Avail Itself of the Privileges of Conducting Activities in Louisiana*

8.  Under the first step of the analysis, the court must consider the "quality and nature" of the defendant's contacts with the forum state. *International Shoe*, 326 U.S. at 319. The court can exercise jurisdiction over a non-resident defendant only if the defendant has certain "minimum contacts" with the forum state and the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." *Id.* at 316.

9.  Minimum contacts cannot exist unless there is "some act by which the defendant purposefully avail[ed] itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). A parent or affiliated corporation's contacts with the forum state are insufficient to impute jurisdiction over the defendant; the defendant's contacts with the forum state must be analyzed. *Southmark Corp. v. Life Investors Inc.*, 851 F.2d 763, 774 n. 18 (5th Cir. 1988).

10.  Where the plaintiff alleges that a defendant is subject to personal jurisdiction because it placed a product in the stream of commerce that caused an injury in the forum state, the defendant must have been aware or it must have been foreseeable that the product would make its way to the forum state. *See Luv N' Care, Ltd.*, 438 F.3d at 470. Unless a defendant "knowingly benefits from the availability of a particular state's market for its products," it is not amenable to suit in that state. *Id.* (citing *Oswalt v. Scripto*, 616 F.2d 191, 199-200 (5th Cir. 1980)).

11.  Foreseeable injury alone is not sufficient to confer specific jurisdiction, absent the direction of specific acts toward the forum. *Southmark Corp.*, 851, F.2d at 773. "The focus is on

4

the defendant's actions and whether they are purposefully directed at the forum state, not the consumer's actions." *Starfleet Marine Trans., Inc. v. Kobelt Manufacturing Co. Ltd.*, C.L., 2006 WL 3087171, *6, No. 05-0297 (E.D. La. Oct. 24, 2006) (Fallon, J.). The court can only exercise jurisdiction over a non-resident defendant if the defendant's conduct and connection to the forum state indicate that the defendant reasonably anticipated being haled into court there. *Id.*

12. In this case, CNBM USA did not purposefully direct any activities toward Louisiana or avail itself of the privileges of conducting business in Louisiana. The attached affidavit of Lina Zhang attests that CNBM USA is a California corporation with its principal place of business in California. (Zhang Aff. ¶ 3.) CNBM USA has never been licensed to do business in Louisiana nor has it ever established an office, mailing address, post office box or telephone number in Louisiana. (Zhang Aff. ¶ 7.) CNBM has never sent any of its employees to Louisiana. (Zhang Aff. ¶ 9-10.) CNBM USA has not entered into any contracts in Lousiana or shipped goods to Louisiana. (Zhang Aff. ¶ 11-12.) USA has never purchased newspaper, television, radio, magazine, billboard or any other form of advertising in Louisiana. (Zhang Aff. ¶ 8.) These facts and the others outlined in the affidavit fully support a finding that this Court lacks personal jurisdiction over CNBM USA.

13. The plaintiffs' complaint does not assert any additional facts that would establish personal jurisdiction over CNBM USA. Indeed, the complaint acknowledges that CNBM USA is a California corporation with its principal place of business in California. (Am. Compl. at ¶ 46). The complaint does not allege that CNBM USA placed any products directly into the stream of commerce. Rather, the plaintiffs allege "by information and belief" that CNBM USA is a subsidiary of one or more Chinese entities. (Am. Compl. at ¶ 46). The plaintiffs also allege "by information and belief" and that CNBM USA acted as an agent for one or more of these

entities "by promoting and marketing the drywall at issue in this litigation to American suppliers." (Am. Compl. ¶ 46-47.). The plaintiffs do not, however, allege that CNBM USA took any action in or directed to Louisiana. In fact, as set forth in the attached affidavit, CNBM USA has never directed any activities toward Louisiana. (Zhang Aff. ¶¶ 4-12.) Thus, personal jurisdiction is not appropriate. *See Southmark Corp.*, 851 F.2d at 774 n. 18.

14. Furthermore, the plaintiffs have not and cannot allege that CNBM USA has ever sold or otherwise provided any drywall in Louisiana, which would be necessary to justify an exercise of personal jurisdiction over CNBM USA in this case.[1] Indeed, the plaintiffs acknowledge in their complaint that they "have no way of identifying the manufacturer" of the drywall in their home. (Am. Compl. at ¶¶ 4, 11). Accordingly, the plaintiffs are seeking to pursue claims based upon "industry wide alternative liability." (Am. Compl. at ¶¶ 147-152). Thus, the plaintiffs readily admit that there is no factual basis to allege that CNBM USA was involved in the sale of the subject drywall that is located in their Louisiana homes.

15. In sum, Ms. Zhang's affidavit establishes that there is simply no basis for this Court to assert personal jurisdiction over CNBM USA in this action. *See World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 298 (1980); *Starfleet Marine*, 2006 WL 3087171 at *6 (quoting *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 374 (5th Cir. 1987)).[2] Accordingly, the Court should find that there is no basis to assert personal jurisdiction over CNBM USA and should therefore grant CNBM USA's motion to dismiss.

---

[1] In addition, CNBM USA never manufactured, sold, distributed or was otherwise involved in the sale of <u>any</u> drywall in Louisiana, the United States or elsewhere. This further demonstrates that CNBM USA is not subject to personal jurisdiction in Louisiana and is not a proper defendant in this case.

[2] Because the plaintiffs cannot establish that CNBM USA had sufficient contacts with Louisiana to justify specific jurisdiction, there is certainly no basis to find that CNBM USA is subject to the general jurisdiction of Louisiana courts. Ms. Zhang's affidavit establishes that CNBM USA has no contacts with Louisiana, much less the "continuous and systematic general business contacts" necessary for general jurisdiction to apply. *See Helicopteros Nacionales*, 466 U.S. at 414-15.

**B.      *The Plaintiffs' Claims do not Arise from CNBM USA's Contacts with Louisiana***

16.     The second prong of the analysis concerns the connection between the defendant's contacts with the forum state and whether the plaintiff's claims arise from those contacts. In this case, however, the plaintiffs' claims could not have arisen from CNBM USA's contacts with Louisiana because there were no such contacts. As outlined in Ms. Zhang's affidavit, CNBM USA had no business contacts with Louisiana. Moreover, the plaintiffs' complaint admits that the plaintiffs have no way of knowing the entities that manufactured or supplied the drywall in their homes. (Am. Compl. at ¶ 4, 11).

17.     Accordingly, there is no factual basis for this Court to conclude that the plaintiffs' claims arise from any contacts that CNBM USA had with Louisiana. This Court should therefore grant CNBM USA's motion to dismiss.

**C.      *The Exercise of Personal Jurisdiction over CNBM USA would not be Fair and Reasonable***

18.     The third prong of the analysis concerns whether the exercise of personal jurisdiction would "offend traditional notions of fair play and substantial justice" contained in the Due Process Clause of the U. S. Constitution. *International Shoe*, 326 U.S. at 316. This inquiry involves consideration of various factors including the burden on the parties and the forum state's interests. *Starfleet Marine*, 2006 WL 3087171 at *7 (citing *Gundle Lining Const. Corp. V. Adams County Asphalt, Inc.*, 85 F.3d 201, 207 (5th Cir.1996)). However, the Due Process Clause "does not contemplate that a state may make a binding judgment in personam against an individual or corporate defendant with which the state has no contacts, ties or relations." *International Shoe*, 326 U.S. at 319.

7

19. Here, as outlined above, CNBM USA has had no contacts with Louisiana. Accordingly, there is no basis for this Court to conclude that "notions of fair play and substantial justice" allow for the exercise of personal jurisdiction over CNBM USA. *Id.*

20. Furthermore, notions of fair play and substantial justice militate against the exercise of personal jurisdiction over CNBM USA. Here, it would be fundamentally unfair and burdensome to require a California corporation that has had no contacts with Louisiana to litigate this entire matter thousands of miles away from its home state. Moreover, the plaintiffs have not and cannot allege that the interests of the plaintiffs or Louisiana are somehow sufficient to override CNBM USA's Due Process rights.

V. **IN THE ALTERNATIVE, THE COURT SHOULD DISMISS THE PLAINTIFFS' CLAIMS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) BECAUSE LOUISIANA DOES NOT RECOGNIZE "MARKET SHARE LIABILITY" OR "ALTERNATIVE LIABILITY"**

21. In the alternative, this Court should dismiss plaintiffs' complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

22. In their complaint, plaintiffs acknowledge that they cannot identify the manufacturers or distributors of the drywall in their homes. Accordingly, the plaintiffs are attempting to bring their claims under "market share liability" or "alternative liability" theories. However, the State of Louisiana has specifically refused to adopt such theories of recovery. *See Thompson v. Johns-Manville Sales Corp.*, 714 F.2d 581, 583 (5th Cir. 1983); *Cross v. Alpha Therapeutic Corp. (In re Factor VIII or IX Concentrate Blood Prods. Litig.*, No. 94-0382 Section "C" Magistrate "3", 2000 U.S. Dist. LEXIS 3328 at *31-32 (E.D. La. Mar. 14, 2000).

23. This argument is fully addressed in the motions to dismiss filed by co-defendants Georgia-Pacific LLC and La Suprema Enterprise, Inc. and La Suprema Trading, Inc. (Docket

8

Nos. 1070 and 1601.) CNBM USA hereby adopts and incorporates by reference those arguments. Because plaintiffs are pursuing a theory of recovery that is not recognized in the state of Louisiana, this Court should dismiss plaintiffs' claims with prejudice.

## VI. IN THE ALTERNATIVE, THE COURT SHOULD DISMISS THE PLAINTIFFS' CLAIMS BECAUSE THE PLAINTIFFS DO NOT HAVE STANDING TO PURSUE CLAIMS AGAINST CNBM USA.

24. The plaintiffs' amended complaint cannot identify the manufacturers, distributors, installers or sellers of the drywall located in their residence. Under Louisiana law, the plaintiffs lack standing to pursue claims against CNBM USA if the plaintiffs are unable to allege that CNBM USA actually caused damages to their property. *See Matte v. Sunshine Mobile Homes*, 270 F. Supp. 2d 805, 814-15 (W.D. La. 2003); *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 570 F. Supp. 2d 851, 854-56 (E.D. La. 2008).

25. This standing argument is fully articulated in the motion to dismiss filed by La Suprema Enterprise, Inc. and La Suprema Trading, Inc. (*See* Docket No. 1601.) CNBM USA hereby adopts and incorporates by reference the standing arguments from that brief. Because plaintiffs lack standing to pursue their purported claims against CNBM USA, this Court should dismiss plaintiffs' claims with prejudice.

## VII. CONCLUSION

The Due Process Clause of the Fourteenth Amendment prohibits a court from exercising personal jurisdiction over a defendant unless the defendant has some meaningful contacts with the forum state. CNBM USA has no significant contacts with Louisiana, and is not subject to personal jurisdiction in Louisiana. This Court should therefore dismiss the claims against CNBM USA under Rule 12(b)(2). In the alternative, this court should dismiss the claims under Rule 12(b)(6) because Louisiana does not recognize the "market share" or "alternative liability"

theories that the plaintiffs assert in the complaint. Furthermore, the plaintiffs do not have standing to bring claims against CNBM USA. Accordingly, CNBM USA respectfully asks the Court to grant this motion to dismiss.

Respectfully submitted,

IRWIN FRITCHIE URQUHART & MOORE LLC


/s/ Quentin F. Urquhart, Jr.
QUENTIN F. URQUHART, JR (#14475)
DAVID W. O'QUINN (#18366)
JOHN W. SINNOTT (#23943)
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
Telephone: (504) 310-2100
Facsimile: (504) 310-2101

And

J. Jeffrey Patton
Daniel L. Stanner
TABET DiVITO & ROTHSTEIN LLC
The Rookery Building
209 South LaSalle Street, 7th Floor
Chicago, Illinois 60604
Telephone: (312) 762-9450
Facsimile: (312) 762-9451
Counsel for Defendant CNBM USA Corp.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been served on Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel via email and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing on this 6th day of April, 2010.

/s/ Quentin F. Urquhart, Jr.