**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2047**<br>**SECTION: L**<br>**JUDGE FALLON**<br>**MAG. JUDGE WILKINSON** |
| **THIS DOCUMENT RELATES TO:**<br><br>Gross, et al. v. Knauf GIPS KG, et. al., Case No. 2:09-cv-6690 (E.D.La.) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFFS' JOINT MOTION TO DISMISS CERTAIN
DEFENDANTS, WITHOUT PREJUDICE, UNDER FED.R.CIV. P. 41(a)
AND TO AMEND THE AMENDED CLASS ACTION COMPLAINT**

**I.     INTRODUCTION**

Plaintiffs, by and through their counsel, hereby submit this memorandum of law in support of Plaintiffs' joint motion to dismiss certain defendants, without prejudice, under Fed.R.Civ.P. 41(a) and to amend the Amended Class Action Complaint (the "Complaint"). Plaintiffs are seeking to dismiss the claims, without prejudice, against Georgia-Pacific LLC; King Shing Steel Enterprises Co., Ltd.; Rightway Drywall, Inc.; Maurice Pincoffs Company, Inc.; Bedrock Building Materials, LLC; and Quiet Solutions Inc. since each of these parties have attested that they were not involved in the manufacture, distribution, supply, brokering, and/or sale of the defective drywall at issue in this litigation. Plaintiffs are also seeking to amend the Complaint in order to reflect these dismissals and to make certain other minor amendments to the Complaint.

For the reasons set forth below, Plaintiffs motion to dismiss and to amend should be granted.[1]

**II.    FACTS**

Plaintiffs are the owners of properties with defectively manufactured Chinese drywall that

---

[1] Plaintiffs' proposed order granting the instant motion is Exhibit "A" to Plaintiffs' motion to dismiss and to amend the Complaint.

cannot be traced to a particular manufacturer (*i.e.*, since the drywall in their homes either has no markings or markings that fail to provide any meaningful information for purposes of identifying the manufacturer). Since Plaintiffs have been unable to identify the manufacturers and/or the other parties in the chain of distribution of the drywall, Plaintiffs instituted a class action asserting an alternative liability theory against some eighty-eight parties thought to be responsible for the manufacture and/or the distribution and supply of the defective drywall.[2] Knauf Gips KG; Knauf Plasterboard (Tianjin) Co., Ltd.; Knauf Plasterboard (Wuhu) Co., Ltd.; Guangdong Knauf New Building Materials Products Co., Ltd.[3] (collectively "Knauf"); Georgia-Pacific LLC; King Shing Steel Enterprises Co., Ltd.; Yunan Taishan Gypsum and Building Material Co., Ltd.; Oriental Merchandise Company, Inc. f/k/a Oriental Trading Company, Inc; Rightway Drywall, Inc.; Maurice Pincoffs Company, Inc.; Bedrock Building Materials, LLC; and Quiet Solutions Inc. are among the eighty-eight defendants who are named in the Complaint.[4]

Only two of the named defendants, Rightway Drywall, Inc. and Maurice Pincoffs Company, Inc., have filed an answer to the Complaint and/or moved for summary judgment. Both Rightway

---

[2] Plaintiffs complaint was originally filed on October 13, 2009. Plaintiffs filed the Amended Class Action Complaint a few days later on October 19, 2009.

[3] The Complaint originally named "Knauf Plasterboard (Dongguan) Co., Ltd." and not "Guangdong Knauf New Building Materials Products Co., Ltd." as a defendant. Plaintiffs subsequently filed a motion for judicial assistance asking that the Court deem the Complaint to state "Guangdong Knauf New Building Materials Products Co., Ltd." in all instances where Knauf Plasterboard (Dongguan) Co., Ltd." appears. The Court granted this motion by order dated March 18, 2010.

[4] The Complaint asserts claims against defendants for negligence, negligence per se, breach of express and/or implied warranty, private nuisance, negligent discharge of corrosive substance, unjust enrichment, violation of the Consumer Protection Acts, and for equitable and injunctive relief and medical monitoring.

Drywall, Inc. and Maurice Pincoffs Company, Inc. have agreed to dismissals without prejudice.[5]

### III.     ARGUMENT

#### A.     The Court Should Authorize the Dismissals, Without Prejudice, Under FED.R.CIV. P. 41(a)

Fifth Circuit case law allows for the dismissal of claims against named defendants to be without prejudice when dismissal is sought before those defendants file an answer and/or a motion for summary judgment. *See International Driver Training Inc. v. J-BJRD Inc.*, 202 Fed.Appx. 714, 715 (5th Cir. 2006) ("a plaintiff's right to file a notice of dismissal under Rule 41(a)(1)(I) before the service of an answer or motion for summary judgment is absolute and unconditional.").

The PSC's motion to dismiss, without prejudice, should be granted since the defendants for whom Plaintiffs are seeking dismissal have either agreed to be dismissed without prejudice (Rightway Drywall, Inc. and Maurice Pincoffs Company, Inc.) or have not yet filed an answer to the operative complaint and/or moved for summary judgement (Georgia-Pacific LLC; King Shing Steel Enterprises Co., Ltd.; Bedrock Building Materials, LLC; and Quiet Solutions Inc.). *See International Driver Training Inc.*, *supra*. Accordingly, the claims against these defendants should be dismissed without prejudice.

#### B.     Leave to Amend the Amended Complaint Should be Accorded Under FED.R.CIV. P. 15(a)

Plaintiffs are seeking to amend the complaint to remove the defendants for whom they are seeking dismissal without prejudice (Georgia-Pacific LLC; King Shing Steel Enterprises Co., Ltd.; Rightway Drywall, Inc.; Maurice Pincoffs Company, Inc.; Bedrock Building Materials, LLC; and

---

[5] *See* E-mail Correspondences (March 25, 2010) from Greg Burge, Esq. (counsel for Rightway Drywall, Inc.), Exhibit "B" to Plaintiffs' motion to dismiss and to amend the Complaint; *see also* E-mail Correspondence (March 30, 2010) from Patrick H. Patrick, Esq. (counsel for Maurice Pincoffs Company, Inc.), Exhibit "C" to Plaintiffs' motion to dismiss and to amend the Complaint.

Quiet Solutions Inc.); to revise "Knauf Pasterboard (Dongguan) Co., Ltd." to "Guangdong Knauf New Building Materials Products Co., Ltd.";[6] to revise a typographical error where the PSC's has mistakenly identified "Yunnan Taishan Gypsum and Building Material Co., Ltd." as "Yunan Taishan Gypsum and Building Material Co., Ltd."; to substitute "Oriental Trading Company, LLC" for "Oriental Merchandise Company, Inc. f/k/a Oriental Trading Company, Inc.";[7] and to revise the allegations in paragraphs 38, 42, and 44 since the Hong Kong authorities have refused to serve The China Corporation, Ltd. unless the allegations in these paragraphs are revised.[8] Finally, after exhaustive investigations of the dealings between the various defendants in this litigation, Plaintiffs are seeking to amend the allegations regarding interrelated corporate entities and aiders and abetters in order to properly allege their interdependent conscious parallel conduct.

The above amendments sought by Plaintiffs should be granted since they are not the result of undue delay, bad faith, dilatory motive, and/or repeated failures by Plaintiffs to cure deficiencies in prior amendments. Defendants will not be prejudiced by the amendments. Nor are the amendments be futile.

---

[6] This revision is being sought in order to be consistent with the Court's March 18, 2010 order granting the PSC's motion for judicial assistance.

[7] Plaintiffs initially named "Oriental Merchandise Company, Inc. f/k/a Oriental Trading Company, Inc." as a defendant since various shipping records listed shipments of Chinese manufactured drywall to "Oriental Trading Company". Plaintiffs have learned through further investigation that the company receiving these shipments is actually "Oriental Trading Company, LLC" and not "Oriental Merchandise Company, Inc. f/k/a Oriental Trading Company, Inc." Accordingly, Plaintiffs wish to dismiss the claims against "Oriental Merchandise Company, Inc. f/k/a Oriental Trading Company, Inc." and substitute "Oriental Trading Company, LLC" for this defendant.

[8] *See* E-mail Correspondence (March 18, 2010) of Josh Cobb at 2 ("Hong Kong authorities refused to serve the papers (receipt of returned documents in my office on 2/18/2010), claiming that the language in paragraphs 38, 42 and 44 of the Class Action Complaint, "controlled by the Chinese government", should be changed to, "owned by the Chinese government", or "a Chinese state-owned entity"), Exhibit "D" to Plaintiffs' motion to dismiss and to amend the Complaint.

In determining whether to grant leave to amend a pleading, it is appropriate for a court to consider judicial economy. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594 (5th Cir. 1991). "Leave to amend should be freely granted when justice requires." *See Financial Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006). Rule 15(a) of the Federal Rules of Civil Procedure is in accord and requires that when leave of court is sought to file an amended complaint is should be "freely given." Fed.R.Civ.P. 15(a). There is a strong presumption in favor of granting leave to amend a complaint. *Id*. "A district court must possess a "substantial reason" to deny a request for leave to amend." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). Indeed, when ruling on a motion to amend a complaint, the motion to amend should only be denied in very limited circumstances as the Fifth Circuit explained in *Smith v. EMC Corp.*, *supra*. Therein the Fifth Circuit explained as follows:

> As outlined by the Supreme Court, this Circuit examines five consideration to determine whether to grant a party leave to amend a complaint: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). Absent any of these factors, the leave sought should be "freely given." *Foman*, 371 U.S. at 182, 83 S.Ct. 227.

*EMC Corp.*, 393 F.3d at 595. Applying these factors, leave to amend is appropriate in this case.

### 1. The Proposed Amendments are not the Result of Undue Delay, Bad Faith, Dilatory Motive, and/or Repeated Failures by Plaintiffs to Cure Deficiencies in Prior Amendments

The amendments being requested by Plaintiffs are necessary to reflect the dismissals of party defendants from the Complaint, to correct the names of party defendants who have been improperly identified, to revise the allegations in paragraph 38, 42, and 44 so the Complaint may be served on The China Corporation, Ltd., and to amend the allegations regarding the interrelated corporate entities and the aiders and abetters in order to properly allege their interdependent conscious parallel

conduct. As a consequence, the proposed amendment is not the result of undue delay, bad faith or dilatory motive, and/or Plaintiffs' repeated failure to cure deficiencies by previous amendments. Under these circumstances, Plaintiffs are not seeking the amendment to delay these proceedings or to harass the Defendants.[9]

### 2.    **Defendants will Not be Prejudiced by the Amendment**

Nor will the proposed amendments result in any undue prejudice to the opposing parties. No party to Plaintiffs' Complaint can properly complain of the amendments reflecting the dismissals without prejudice, the amendments to correct the names of party defendants, or the amendments required to accomplish service on The China Corporation, Ltd.

Further, so far as Plaintiffs seek to amend the allegations regarding the interrelated corporate entities and the aiders and abetters in order to properly allege their interdependent conscious parallel conduct, these amendments are necessary to reflect Defendants' common and coordinated conduct in the sale and distribution of the defective Chinese manufactured drywall at issue in this litigation. As Plaintiffs' investigation into this matter has become more involved, the amendments to these allegations became necessary. Accordingly, defendants are not prejudiced by the proposed amendments to the allegations regarding the interrelated corporate entities and the aiders and abetters.

---

[9] *Compare, Wimm v. Jack Eckerd Corp.*, 3 F.3d 137 (5th Cir. 1993) (where plaintiffs sought to amend the complaint nine months after action was commenced and after defendant had filed motion for summary judgment, plaintiffs' delay in asserting additional claims, even though they were aware of underlying facts supporting claims at outset of action, supported District Court's finding of bad faith and dilatory motive, and therefore denial of motion to file second amended complaint was proper; *Little v. Liquid Air Corp.*, 952 F.2d 841 (5th Cir. 1992), *aff'd en banc*, 37 F.3d 1069(5th Cir. 1994) (where plaintiffs sought to file amendment which would have radically altered the nature of the action well over a year after it was instituted, several months after discovery had effectively terminated, and after the defendant had moved for summary judgment, and further, plaintiffs offered no evidence that the delay was excusable or the result of a mere oversight, District Court's denial of motion was not an abuse of discretion).

The proposed amendment will not result in any undue prejudice to the opposing parties.

### 3. The Proposed Amendment is not Futile

The proposed amendment will not be futile. The proposed allegations add to and embellish the Complaint and in no way create claims that cannot be developed during discovery or otherwise.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant their joint motion to dismiss certain defendants, without prejudice, and to amend the Complaint.

Dated: April 6, 2010

Respectfully submitted,

/s/ Russ M. Herman
Russ M. Herman, Esquire (LA Bar No. 6819)
Leonard A. Davis, Esquire (LA Bar No. 14190)
Stephen J. Herman, Esquire (LA Bar No. 23129)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Victor Manuel Diaz
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Aragon Avenue, 2nd Floor
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Jeremy W. Alters
Alters, Boldt, Brown, Rash & Culmo, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@abbrclaw.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Plaintiffs' Memorandum of Law in Support of Joint Motion to Dismiss Certain Defendants, Without Prejudice, Under Fed.R.Civ.P. 41(a) and to Amend the Amended Class Action Complaint has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 6th day of April, 2010.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire (LA Bar No. 141900
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
Plaintiffs' Liaison Counsel MDL 2047
*Co-counsel for Plaintiff*