UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>Gross, et al. v. Knauf GIPS KG, et. al.,  Case No. 2:09-cv-6690 (E.D.La.) | |

## ORDER

AND NOW, upon consideration of the Plaintiffs' Joint Motion to Dismiss Certain Defendants, Without Prejudice, Under Fed.R.Civ.P. 41(a) and to Amend the Amended Class Action Complaint (the "Complaint"), it is hereby ORDERED, ADJUDGED AND DECREED that said motion is GRANTED.

The claims against Georgia-Pacific LLC; King Shing Steel Enterprises Co., Ltd.; Rightway Drywall, Inc.; Maurice Pincoffs Company, Inc.; Bedrock Building Materials, LLC; and Quiet Solutions Inc. are hereby DISMISSED without prejudice.

So far as Plaintiffs have moved to amend the Complaint, the Complaint is to be deemed amended as set forth below.  All other unamended averments in the Complaint remain in effect as if repeated in this Supplemental Amendment which by this order should be hereinafter referred to as "Supplement to Amended Class Action Complaint."

Since the Court is aware that Plaintiffs have incurred considerable delay and cost in interpreting the Complaint for service on the foreign defendants, the Court does not wish to disrupt or further delay Plaintiffs' efforts to serve the foreign defendants.  For this reason, Plaintiffs are directed to promptly mail each of the domestic defendants a copy of this ORDER and within ten

1

days of learning that any foreign defendant has been served with a copy of the translated Complaint, Plaintiffs are to likewise mail a copy of this ORDER to that defendant.

Plaintiffs' Complaint is hereby deemed to be further amended as follows:

**A.     Amendment to Caption**

The caption is hereby deemed to be amended, with regard to the defendants only, as follows: Knauf Gips KG; Knauf Plasterboard (Tianjin) Co., Ltd.; Knauf Plasterboard (Wuhu), Co., Ltd.; Guangdon Knauf New Building Materials products Co., Ltd.; Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.; Pingyi Baier Building Materials Co., Ltd.; Changzhou Yinhe Wood Industry Co., Ltd.; Nanhai Silk Imp. & Exp. Corporation; Jinan Run & Fly New Materials Co., Ltd.; Shandong Yifang Gypsum Industry Co., Ltd.; Siic Shanghai International Trade (Group) Co., Ltd.; Tianjin Tianbao Century Development Co., Ltd.; Wide Strategy Limited; Shandong Oriental International Trading Co., Ltd.; Shanghai East Best Arts & Crafts Co., Ltd.; Qingdao Yilie International Trade Co., Ltd.; Tai'an Kangyijia Building Materials Co., Ltd.; USG Corporation; Beijing New Building Materials Public Limited Company, ("BNBM"); China National Building Materials Co. Ltd., ("CNBM"); Beijing New Building Materials (Group) Co., Ltd., ("BNBM Group"); China National Building Material Group Corporation ("CNBM Group"); Pingyi Zhongxing Paper-Faced Plasterboard Co., Ltd. f/k/a Shandong Chenxiang Building Materials Co., Ltd., (Chenxiang); Sinkiang Tianshan Building Material and Gypsum Product Co., Ltd.; Taishan Gypsum Co., Ltd. Lucheng Branch; Yunnan Taishan Gypsum and Building Material Co. Ltd.; Tai'an Jindun Building Material Co., Ltd.; Taishan Gypsum (Xiangtan) Co. Ltd.; Taishan Gypsum (Pingshan) Co., Ltd.; Taishan Gypsum (Hengshui) Co., Ltd.; Taishan Gypsum (Henan) Co., Ltd.; Hubei Taishan Building Material Co., Ltd.; Taishan Gypsum (Tongling) Co., Ltd.; Weifang Aotai

Gypsum Co., Ltd.; Taishan Gypsum (Pizhou) Co., Ltd.; Fuxin Taishan Gypsum and Building Material Co., Ltd.; Taishan Gypsum (Wenzhou) Co., Ltd.; Taishan Gypsum (Chongqing) Co., Ltd.; Taishan Gypsum (Jiangyin) Co., Ltd.; Qinhuangdao Taishan Building Material Co., Ltd.; Tai'an Taishan Gypsum Board Co., Ltd.; Taishan Gypsum (Baotou) Co., Ltd.; Shaanxi Taishan Gypsum Co., Ltd; Rothchilt International, Ltd.; L&W Supply Corporation d/b/a Seacoast Supply; Banner Supply Co.; La Suprema Trading, Inc.; La Suprema Enterprise, Inc.; Black Bear Gypsum Supply, Inc.; Smokey Mountain Materials, Inc.; Emerald Coast Building Materials; Interior/Exterior Building Supply, LP.; Interior/exterior Enterprises, Llc; Independent Builders Supply Association, Inc.; Tobin Trading Inc.; Venture Supply Inc.; Knauf Insulation Gmbh a/k/a Knauf USA; CNBM USA Corp.; Sunrise Building Materials Ltd.; Devon International; Triorient Trading, Inc.; Great Western Building Materials; All Interior Supply, Inc.; A&R Hardware Supply, Inc.; Davis Construction Supply, LLC; Elite Supply Corporation; International Materials Trading, Incorporated; Marathon Construction Materials Inc.; Steeler, Inc.; Metro Resources Corp.; Northern Pacific Lumber Co.; Oriental Trading Company, LLC.; Stock Building Supply, LLC; Stock Building Supply, Inc.; The China Corporation, Ltd.; Tov Trading Inc.; Builders Gypsum Supply, L.L.P.; Builders Gypsum Supply Co., Inc.; J.W. Allen & Company Incorporated; Phoenix Imports Co., Ltd.; TMO Global Logistics, LLC; Mazer's Discount Home Centers, Inc.; Knauf Gypsum Indonesia; Guangdong Knauf New Building Products Co., Ltd.; Knauf AMF GMBH & Co. KG; Knauf Do Brasil Ltd.; Taian Taishan Plasterboard Co., Ltd.; Shanghai Yu Yuan Imp & Exp Co., Ltd. and; John Doe Defendants 1-20.

    **B.**    <u>**Amendments to Introductory Paragraph**</u>

The introductory paragraph to the Complaint is deemed to be amended as follows:

Pursuant to Fed. R. Civ. P. 23, Plaintiffs bring this class action on behalf of themselves and all other similarly situated individuals and entities that have owned, own, or acquired homes, residences, or other structures physically located in the United States containing defective drywall that was designed, manufactured, exported, imported, distributed, delivered, supplied, marketed, or sold by Defendants, Knauf Gips KG ("Knauf Gips"); Knauf Plasterboard (Tianjin) Co., Ltd. ("Knauf Tianjin"); Knauf Plasterboard (Wuhu) Co., Ltd.; Guangdong Knauf New Building Materials Products Co., Ltd..; Taishan Gypsum Co., Ltd. F/k/a as Shandong Taihe Dongxin Co., Ltd. ("Taishan"); Pingyi Baier Building Materials Co., Ltd.; Changzhou Yinhe Wood Industry Co., Ltd.; Nanhai Silk Imp. & Exp. Corporation; Jinan Run & Fly New Materials Co., Ltd.; Shandong Yifang Gypsum Industry Co., Ltd.; Siic Shanghai International Trade (Group) Co., Ltd.; Tianjin Tianbao Century Development Co., Ltd.; Wide Strategy Limited; Shandong Oriental International Trading Co., Ltd.; Shanghai East Best Arts & Crafts Co., Ltd.; Qingdao Yilie International Trade Co., Ltd.; Tai'an Kangyijia Building Materials Co., Ltd.; USG Corporation ("USG"); Beijing New Building Materials Public Limited Co. ("BNBM"); China National Building Materials Co. Ltd.; Beijing New Building Materials (Group) Co. Ltd.; China National Building Material Group Corporation ("CNBM Group"); Pingyi Zhongxing Paper-Faced Plasterboard Co., Ltd. f/k/a Shandong Chenxiang Building Materials Co., Ltd. ("Chenxiang"); Sinkiang Tianshan Building Material And Gypsum Product Co, Ltd.; Taishan Gypsum Co., Ltd. Lucheng Branch; Yunnan Taishan Gypsum and Building Material Co. Ltd.; Tai'an Jindun Building Material Co., Ltd.; Taishan Gypsum (Xiangtan) Co. Ltd.; Taishan Gypsum (Pingshan) Co., Ltd.; Taishan Gypsum (Hengshui) Co., Ltd.; Taishan Gypsum (Henan) Co., Ltd.; Hubei Taishan Building Material Co., Ltd.; Taishan Gypsum (Tongling) Co., Ltd.; Weifang Aotai Gypsum Co., Ltd.; Taishan Gypsum (Pizhou) Co., Ltd.; Fuxin Taishan Gypsum And Building

Material Co., Ltd.; Taishan Gypsum (Wenzhou) Co., Ltd.; Taishan Gypsum (Chongqing) Co., Ltd.; Taishan Gypsum (Jiangyin) Co., Ltd.; Qinhuangdao Taishan Building Material Co., Ltd.; Tai'an Taishan Gypsum Board Co., Ltd.; Taishan Gypsum (Baotou) Co., Ltd.; Shaanxi Taishan Gypsum Co., Ltd; Rothchilt International, Ltd. ("Rothchilt"); L&W Supply Corporation d/b/a Seacoast Supply ("Seacoast"); Banner Supply Co. ("Banner"); La Suprema Trading, Inc. ("La Suprema Trading"); La Suprema Enterprise, Inc. ("La Suprema Enterprise"); Black Bear Gypsum Supply, Inc. ("Black Bear"); Smokey Mountain Materials, Inc.; Emerald Coast Building Materials; Interior/Exterior Building Supply, LP; Interior/Exterior Enterprises LLC; Independent Builders Supply Association, Inc. ("IBSA"); Tobin Trading Inc. ("Tobin"); Venture Supply Inc. ("Venture"); Knauf Insulation GMBH a/k/a Knauf USA ("Knauf USA"); CNBM USA Corp.; Sunrise Building Materials Ltd.; Devon International; Triorient Trading, Inc.; Great Western Building Materials; All Interior Supply, Inc.; A&R Hardware Supply, Inc.; Davis Construction Supply, LLC; Elite Supply Corporation**;** International Materials Trading, Incorporated; Marathon Construction Materials Inc.; Steeler, Inc.; Metro Resources Corp.; North Pacific Lumber Co.; Oriental Trading Company, LLC.; Stock Building Supply, LLC; .; Stock Building Supply, Inc.; The China Corporation, Ltd.; Tov Trading Inc.; Builders Gypsum Supply, L.L.P.; Builders Gypsum Supply Co., Inc.; J.W. Allen & Company Incorporated; Phoenix Imports Co., Ltd.; TMO Global Logistics, LLC; Mazer's Discount Home Centers, Inc.; Knauf Gypsum Indonesia; Guangdong Knauf New Building Product Co., Ltd.; Knauf Amf GmbH & Co. Kg; Knauf Do Brasil Ltd.; Taian Taishan Plasterboard Co., Ltd.; Shanghai Yu Yuan Imp & Exp Co., Ltd.; and John Doe defendants 1-20.

C.  **Amendments to Numbered Paragraphs**

1.  **Amendments to Existing Allegations**

20.  In each instance where the name "Knauf Pasterboard (Dongguan) Co., Ltd." appears in paragraph 20, paragraph 20 is deemed to state, "Guangdong Knauf New Building Materials Products Co., Ltd."

23.  The allegations in paragraph 23 are stricken from the Complaint and replaced with "Intentionally left blank."

26.  The allegations in paragraph 26 are stricken from the Complaint and replaced with "Intentionally left blank."

38.  Paragraph 38 is revised to state as follows:

"Upon information and belief, defendant Taishan is owned and/or controlled by defendant Beijing New Building Materials Public Limited Co. ("BNBM"), which is a state-owned entity that is owned by the Chinese government.  BNBM is traded on the Shenzhen Stock Exchange."

42.  Paragraph 42 is revised to state as follows:

"Upon information and belief, defendant BNBM is owned and/or controlled by defendant Beijing New Building Materials (Group) Co., Ltd. ("BNBM Group"), which is a state owned entity that is owned by the Chinese government."

44.  Paragraph 44 is revised to state as follows:

"Upon information and belief, BNBM Group is owned and/or controlled by China National Building Materials Group Co. ("CNBM Group"), which is a state owned entity that is owned by the Chinese government.  CNBM Group is traded on the Hong Kong stock exchange."

54-55.   In each instance where the name "Yunan Taishan Gypsum And Building Material Co., Ltd." appears in paragraphs 54-55, the Complaint is deemed to state, "Yunnan Taishan Gypsum and Building Material Co., Ltd."

100.   The allegations in paragraph 100 are stricken from the Complaint and replaced with "Intentionally left blank."

118.   The allegations in paragraph 118 are stricken from the Complaint and replaced with "Intentionally left blank."

121.   Paragraph 121 is revised to state as follows:

"Defendant Oriental Trading Company, LLC is a Florida limited liability company with a principal place of business located in Ft. Lauderdale, Fl.  Oriental Trading Company, LLC is a supplier of drywall and related building products.  By information and belief, Oriental Trading Company, LLC supplied the drywall at issue in this litigation in certain of the affected states."

124.   The allegations in paragraph 124 are stricken from the Complaint and replaced with "Intentionally left blank."

132.   The allegations in paragraph 132 are stricken from the Complaint and replaced with "Intentionally left blank."

### 2. Additional Allegations to be Deemed Part of the Amended Complaint

The Complaint is deemed amended by adding the following paragraphs:

160(a).   By way of example, Defendants knew or should have known that the government sponsored inspections and/or certifications of the defective Chinese manufactured drywall were unreliable and never should have been relied upon for purposes of determining whether the drywall was in compliance with American regulatory standards.  Many of these

government sponsored inspections and certifications were performed at the behest of entities that were either directly or indirectly owned by the Chinese government. This conflict of interest by the entities and individuals performing the inspections/certifications was known to Defendants and, therefore, Defendants were reckless in relying upon such inspections and certifications.

164(a).  The United States has been invaded by defective Chinese-manufactured drywall that is being produced by over one hundred Chinese manufacturers, most of which are partially state-owned entities related to the Peoples Republic of China through byzantine corporate structures. By way of example, entities such as Taishan; CNBM USA Corp., which is incorporated and located in the United States; BNBM; China National Building Material Co., Ltd.; BNBM Group; CNBM Group; are all interrelated corporate entities that have significant ownership interests held by the Peoples Republic of China (either directly or indirectly). This family of interrelated corporate defendants have dozens of subsidiaries or other related entities with whom they engaged in interdependent parallel conduct in the manufacture, exporting, importing, distribution, delivery, supply, inspection, marketing, and/or sale of the defective drywall at issue in this litigation.

164(b).  Several of the manufacturers in China are subsidiaries of German entities (*i.e.*, the Knauf entities in China), and others have American investors with substantial investments such as JP Morgan Chase & Co. and/or its subsidiaries (collectively referred to hereafter as "JP Morgan"). These stakeholders, many of whom are named defendants, are either directly responsible for the injuries incurred by Plaintiffs or have aided and abetted the named defendants in the manufacture, exporting, importing, distribution, delivery, supply, inspection, marketing, and/or sale of the defective drywall at issue in this litigation. Stakeholders such as JP Morgan have a voice in the affairs of the Chinese corporations and continued to aid, abet, or otherwise assist the Chinese

corporations in the scheme. These stakeholders have provided assistance to the Chinese corporations in a manner that is designed to shield them from liability. For instance, Knauf has a byzantine corporate structure (with interrelated corporate entities located in Europe, Asia, the United States, and elsewhere), and has attempted to use its complex corporate structure to profit through the distribution and sale of the defective Chinese manufactured drywall while at the same time attempting to shield itself from liability to Plaintiffs and Class Members.

164(c).   The distributors, suppliers, importers, exporters, and brokers have also aided, abetted, and/or otherwise assisted the Chinese manufacturers of the defective products that were imported into the United States. These defendants engaged in a course of conduct, individually and/or collectively, that caused the Plaintiffs' and Class Members' exposure to the defective drywall at issue in this litigation by virtue of their interdependent parallel conduct in the exporting, importing, distribution, delivery, supply, inspection, marketing, and/or sale of the defective drywall at issue in this litigation.

175(a).   Similarly, other entities such as Morgan Stanley (the "Underwriter Entities") have likewise engaged in deliberate and/or reckless course of conduct designed to aid and abet Defendants in the manufacture, exporting, importing, distribution, delivery, supply, marketing, and/or sale of the defective drywall at issue in this litigation.

175(b).   By information and belief, but for the these underwriting activities by the Underwriter Entities, Defendants would not have been able to manufacture, export, import, distribute, deliver, supply, market, and/or sell the defective drywall at issue in this litigation.

175(c).   The Underwriter Entities were aware or should have been aware that Defendants were manufacturing, exporting, importing, distributing, delivering, supplying,

marketing, and/or selling the defective drywall at issue in this litigation in a manner that would make it difficult for injured consumers (located in the United States) to locate and accomplish service of the foreign defendants.

175(d). Notwithstanding their apparent knowledge and/or negligent failure to discover the tortious scheme by the foreign defendants, the Underwriter Entities purposefully underwrote public offerings by the foreign defendants and profited from such activities to the detriment of American property owners.

175(e). For instance, Morgan Stanley underwrote public offerings by BNBM and CNBM (some of which date back to the 2006-2007 time period) with the understanding that these entities would profit from its exploitation of homeowners seeking to rebuild their lives after devastation of hurricanes.

175(f). By participating in such underwriting activities, the Underwriter Entities put themselves in a position to profit from the exploitation of American consumers who were injured by Defendants.

175(g). Accordingly, the Underwriter Entities engaged in a course of conduct, individually and/or collectively, that caused the Plaintiffs' and Class Members' exposure to the defective drywall at issue in this litigation by virtue of their interdependent conscious parallel conduct in the underwriting of public offerings by foreign entities responsible for the manufacturer, exporting, importing, distribution, delivery, supply, inspection, marketing, and/or sale of the defective drywall.

175(h). Additional discovery will reveal the full role and responsibility of the Underwriting Entities for the damages incurred by Plaintiffs and Class Members and their potential as party defendants.

New Orleans, Louisiana, this _____ day of _____, 2010.

                                                        _____
Eldon E. Fallon
United States District Court Judge