# CIVIL BILL OF DEFENSE

UNITED STATES DISTRICT COURT FOR EASTERN DISTRICT OF LOUISIANA

Civil case No.: 09-6690

Respondent (Defender): Shandong Oriental International Trading Corp. Ltd.

Address: 51 Taiping road, Qingdao City

17-21 Floor, Shandong International Trade Building

Legal representative: Liu Xinzi, Position: Chairman of the Board of Directors

Responding to (Plaintiff): In the class action No. 09-6690 in the United State District Court for the Eastern District of Louisiana, many plaintiffs with the representatives of David Gross, Cheryl Gross and Louis Velez, as well as all the other people in the same situation

Whereas, the representatives above and/or other plaintiffs complain the tort liability caused by the quality problems in the Chinese-manufactured paper surface gypsum board. The Respondent, as one of the defenders, was sued in the United State District Court for the Eastern District of Louisiana. The Respondent hereby defends as follows upon facts listed in the complaint and the plaintiffs' claims:

**I The representatives and/or other plaintiffs claiming the tort liability listed in the complaint upon Respondent is mistaken in subject, and should not be supported by the Court.**

The three plaintiff representatives listed in the complaint are David Gross, Cheryl Gross and Louis Velez. The three representatives and/or other plaintiffs are plaintiffs in the class action. They are all owners or tenants in Louisiana or

other states or other districts in the United States.

The builder and seller of the houses in which the plaintiff representatives and/or other plaintiffs reside or rent should provide houses that meet the living and residing standards of people to the consumers with all possible duties of care and attention.

The plaintiff representatives and/or other plaintiffs complain that the gypsum boards used in the houses give out harmful gas, threaten the health of the plaintiff representatives and/or other plaintiffs, and damage some properties of the plaintiff representatives and/or other plaintiffs with corrosion. Obviously, these are serious default actions of the builder and seller of the houses above, and the builder and seller of the houses should be the first ones to be responsible for the health damage and property damage of the plaintiff representatives and/or other plaintiffs.

The plaintiff representatives and/or other plaintiffs should make claim upon the builder and seller of the houses on the basis of the house purchase contract or house-leasing contract signed with them for that the quality of the houses do not meet the living standard of human being and there are serious quality problems. According to the principle of contract relativity in the Contract Law, when there is default, the plaintiff representatives and/or other plaintiffs should claim upon the direct relative party in the contract.

During the circulation of gypsum boards from the initial manufacturer to the consumers (the plaintiff representatives and/or other plaintiffs that have complained in Court in the United States) in the United States, the boards must

go through such legal subjects as the manufacturer, export agent, importer in the United States, intermediate merchant in the United States, the whole sale merchant in the United States, the retail trader in the United States, the builder of houses in the United States, the seller of houses in the United States before they reach the consumers and are fitted in the houses used by the consumers. From the contract relativity, the consumers in the United States should make claim of default/tort directly upon the relative party in the contract, i.e., the builder and seller of the houses, for the unqualified houses, instead of only making claim upon the Respondent Shandong Oriental International Trading Corp. Ltd., which is only one of the links in the sales.

For the plaintiff representatives and/or other plaintiffs, making claim of default/tort upon the builder and seller of the houses for the unqualified houses is the best way to protect the plaintiff representatives and/or other plaintiffs, and is most likely to realize the purpose of claim of the plaintiff representatives and/or other plaintiffs.

However, the plaintiff representatives and/or other plaintiffs seek from afar what lies close at hand, instead of claiming upon the default/tort liabilities of the builder and seller of the houses, they claim upon the Respondent (The Respondent is only the export agent of one shipment of gypsum boards, and it will be explained in detail later) in the far P.R. China for the so called tort liability, which is mistaken in subject. The claims of the plaintiff representatives and/or other plaintiffs upon the Respondent should not be supported by United States District Court for the Eastern District of Louisiana or any other court in

the United States.

**II As a summary of the facts above, in the complaint, the plaintiff representatives and/or other plaintiffs only listed a very small part as the defendant upon which claimed by the plaintiff representatives and/or other plaintiffs in the legal subjects related with Chinese-made gypsum boards, including a)design b)manufacture c)export d)import e)sales f)delivery g)supply h)inspection i)marketing and/or j)selling gypsum boards. It is not complete, conscientious, and it's unfair.**

The plaintiff representatives and/or other plaintiffs are all owners or tenants in Louisiana or other states or other districts in the United States. The builder and seller of the houses in which the plaintiff representatives and/or other plaintiffs reside or rent should take the first, key and final inspection obligations for the quality of building materials used in the houses. However, we noted that they are not listed in the complaint of the plaintiff representatives and/or other plaintiffs as the defendants who should bear the main liability.

It is known that there is a large number of builders and sellers of houses with ample strength. And the quality inspection institutions for building materials of houses in the United States are known as the strongest in the world. Suppose, there is the fact of quality problem in the gypsum boards for building houses claimed by the plaintiff representatives and/or other plaintiffs, we shall ask the questions: Can the builder, seller of the houses and inspector of building materials have no liability at all? The plaintiff representatives and/or other plaintiffs only claim upon the foreign companies including the Respondent

outside the United States, can they forget so many builders, sellers of the houses and the inspector of the building materials?

Therefore, in light of the special feature of class action, the Respondent hereby ask with care the United States District Court for the Eastern District of Louisiana to pay attention to the following points: The number of defendants and relevant industries listed by the plaintiff representatives and/or other plaintiffs are far from enough. There are possible persons liable not listed as the defendants, including the builders, sellers of the houses, the inspector of the building materials, the wholesale merchants and retail traders of the gypsum boards. Hence, we ask the United States District Court for the Eastern District of Louisiana to list the defendants that may bear relevant liabilities as complete as possible, to find out the facts in this case, protect the legal rights of the plaintiff representatives and/or other plaintiffs, also protect the legal rights of the Respondent, Shandong Oriental International Trading Corp. Ltd., which should not bear any liability, in a fair, open and impartial way.

**III The plaintiffs believe on the basis of the "Made in China" printed on the gypsum boards that the gypsum boards were manufactured by factories in the People's Republic of China or were sold by the Respondent Shandong Oriental International Trading Corp. Ltd. in the People's Republic of China. There is not any fact or evidence to prove it. The Respondent did export a shipment of gypsum boards to the United States, but there were clear marks on the gypsum boards, not only "made in China" as described by the plaintiffs.**

5

The plaintiffs consider only on the basis of the "Made in China" printed on the gypsum boards used for their houses that the gypsum boards were manufactured in China. It is arbitrary and there is no legal or effective evidence to support it.

In fact, since there are multiple ways of international trade and investment of enterprises, many merchants set up factories outside their country, or purchase their products from other factories in the way of OEM, furthermore, there are imitated or faked products outside the People's Republic of China pretending to be excellent products from China. Therefore, regarding the infringing products to be made in the People's Republic of China only on the basis of the words "made in China" is not enough in evidence and facts, claiming upon all the merchants of gypsum boards in China only on the basis of the words "made in China" by the plaintiff representatives and/or other plaintiffs has no legal evidence. The claims of the plaintiff representatives and/or other plaintiffs has no factual or legal relevance with the Respondent.

Moreover, according to the contract between the Respondent and the production factory, on the gypsum boards produced by Taian Taishan Plasterboard Co., Ltd. (also listed as one of the defendants in the case), of which the Respondent acted as the agent in export, not only "Made in China" was printed, but also "Creseent City (the trade mark of the importer HLP/GAC INTERNATIONAL, INC in the United States, we ask the Court to confirm it) Gypsum Incorporated, Manufactured in P.R.C." was printed according to the requirements of HLP, the importer in the United States.

If only "Made in China" was printed, "Creseent City  Gypsum Incorporated,

Manufactured in P.R.C." was not printed on the gypsum boards used by the plaintiff representatives and/or other plaintiffs, there will be no doubt that the gypsum boards used by the plaintiff representatives and/or other plaintiffs are not the products for which the Respondent acted as the agent. Even if there is health damage or property damage caused by the gypsum board used by the plaintiff representatives and/or other plaintiffs, it shall have no relation with the goods for which the Respondent acted as the agent, and the Respondent shall not bear any liability for it.

**IV The Respondent is only a foreign trade agent or a company doing brokerage business, acted as the export agent for gypsum boards producers in China, does not involve the production or manufacture of gypsum boards, and should not bear any liability of quality problems claimed by the plaintiffs.**

The only shipment of 200,000 gypsum boards exported to the United States by the Respondent went from the production to the sales as follows: Taian Taishan Plasterboard Co., Ltd. (also listed as one of the defendants in the case) produced the boards; The Respondent Shandong Oriental International Trading Corp. Ltd. acted as the agent, signed a SALES CONTRACT with the HLP/GAC INTERNATIONAL, INC (Not listed as a defendant in this case, HLP for short) in the United States, and exported the boards to the United States. Due to improper stowage, some gypsum boards were damaged. We had considered to have the goods returned, since the costs of demurrage and returning were too high, the goods cannot be returned. The shipment of gypsum boards were finally

sold by auction by the Court in the United States. As an agent, the Respondent does not know the final buyer of the gypsum boards.

From the process of production, sales, export and auction of the gypsum boards, the Respondent is only an export agent of the goods, has never taken part in the production or manufacture of gypsum boards, only hired trucks to take the goods from the production factory to beside the ship for delivery onto the carrier's ship which went to the United States. The Respondent has never made any change or influence on the quality of the gypsum boards. Actually, as an export agent, it is impossible for the Respondent to make any influence.

The plaintiff representatives and/or other plaintiffs listed the Respondent as one of the defendants only because the Respondent is the export agent of a certain shipment of gypsum boards, and ask the Court to determine the Respondent to bear the quality liability of the goods. There is no factual evidence or legal basis for it.

**V Even so, as an export agent, the Respondent has taken the obligations of enough care, so that the quality of the gypsum boards is controlled to the utmost.**

During the export of the only shipment of gypsum boards, according to the Sales Contract between the importer HLP in the United States and the Respondent, the gypsum boards shall be produced strictly according to the ASTM C36 and C1396 standards in the United States.

When the Respondent signed the contract with the manufacturer Taian Taishan Plasterboard Co., Ltd., the ASTM C36 and C1396 standards in the United States

were also listed in the contract to be strictly obeyed.

In fact, the manufacturer Taian Taishan Plasterboard Co., Ltd. made the production and controlled the quality strictly according to the ASTM C36 and C1396 standards in the United States above, and obtained the relevant quality inspection certificate.

After the production of the gypsum boards agreed in the contract above, in order to ensure the goods to meet the ASTM C36 and C1396 standards in the United States as required in the contract, the producer Taian Taishan Plasterboard Co., Ltd. entrusted the most authoritative State Quality Control, Inspection and Testing Center for Building Material Industrial Decoration Materials to make the strict inspection in February 16, 2006, and the quality certificate for sampling inspection of the goods above was issued (certificate No.: No. 062019). The conclusion of the inspection is: The method A in United States Standard ASTM C 473-03 Test Method for Physical Mechanics Performance of Gypsum Boards is used to make the entrusted inspection on the gypsum boards (3660mm×1220mm×12.7mm), and the inspection result is that the indexes measured met the requirements in ASTM C 1396/C 1396-04 Gypsum Boards. Therefore, it is proved that the gypsum boards exported by the Respondent as the agent has completely met the quality standards specified in the contract. There is no quality problem at all. It is impossible to make any damage to the health or property of the plaintiff representatives and/or other plaintiffs.

Thus, the Respondent has taken the obligations of enough care as an export agent and has no fault in each stage of contract signing, contract implementation,

goods inspection and relevant quality control, etc.

The plaintiff representatives and/or other plaintiffs claiming damages upon the Respondent has no authoritative inspection report for products to support the claim, especially, there is not any legal relation between the quality problem and the gypsum boards exported by the Respondent as the agent. Hence, there is no factual evidence or legal basis for the plaintiff representatives and/or other plaintiffs to claim tort liability upon the Respondent.

**VI The gypsum boards were inspected by the authoritative certification body SGS applied by the importer HLP in the United States. The inspection certificate was issued by SGS for the quality of the goods, and the importer HLP in the United States also issued a written approval for the quality.**

After the production and before shipment of goods, as a conscientious company with experience in export of goods, the respondent, together with HLP, the importer in the United States, applied to the most authoritative inspection company in the world, SGS-CSTC Standard Technical Services Co., Ltd.(hereinafter as SGS), to make the final inspection on the goods before loading, for the quality of the only shipment of gypsum boards. The certificate for quality inspection of goods made by SGS has completely proved that there is no quality problem in the goods of gypsum boards above, and it is impossible to cause any damage to the health or property of the plaintiff representatives and/or other plaintiffs.

Moreover, in order to be safer, the Respondent signed a supplementary agreement for quality of goods before export with HLP, the importer in the

United States. In the agreement, HLP finally issued a written confirm for the Respondent, through the SGS inspection report, the buyer HLP has clearly known about the quality of the goods, HLP accepts the goods above completely, the goods above were produced completely according to the contract signed by the two parties, and the buyer will not refuse the payment of goods with any reason.

Hence, as a foreign trade agent, the Respondent performed the obligation of care, which he should perform, not only at time of signing the contract, but also in the actual inspection after production and before shipment of the goods, so that the quality of goods has met the requirements in the strict standards for gypsum boards in the United States. There is no quality problem in the goods exported by the Respondent as the agent. The Respondent should not bear any tort liability for quality of products claimed by the plaintiff representatives and/or other plaintiffs.

**VII With the prerequisite of not affecting the defense above, even if there is quality problem in the goods exported by the Respondent as the agent, it is the manufacturer who should bear the tort liability, instead of the Respondent, as the export agent, to bear any legal liability due to the unqualified products.**

In preparation of export of goods, the Respondent, as the export agent of the manufacturer, Taian Taishan Plasterboard Co., Ltd., required the manufacturer to issue the quality assurance certificate of "Mill Certificate", etc., so as to ensure that there shall be no quality problem or defect in such aspects as the production,

pallet packing, seal, production materials, production technology and wood package materials. In the mean time, it showed that the Respondent, as the export agent, has performed the obligation of enough care, and should not bear any liability for the quality problem in the manufacturer's products.

With the prerequisite of not affecting the defense above, even if Taian Taishan Plasterboard Co., Ltd. breaches the assurance obligation, does not manufacture and pack the gypsum boards according to relevant standards, the damage liability caused by quality problem should be held by the manufacturer instead of the export agent who has no fault at all.

According to Article 42 of the Product Quality Law of the People's Republic of China: Where damage to human life or another person property is due to a products defect caused by the fault of a seller, the seller shall be liable for compensation. Where the seller can identify neither the producer of the defective product nor the supplier thereof, the seller shall be liable for compensation.

In other words, only there is fault liability of the seller, the seller shall be liable for compensation; Furthermore, only when the seller does not disclose or identify the manufacturer of the tort products, the seller may be liable for compensation.

Moreover, according to the Article 8 in the Purchase Contract between the Respondent and the manufacturer, "After the delivery, if the foreign customer claims or returns the goods due to shortage of goods or quality problem in production, the Supplier shall bear all the loss." The two parties signed the Purchase Contract strictly according to the Product Quality Law of the People's

Republic of China, it is agreed that if there is loss due to the quality of the gypsum boards, the production factory shall hold all the compensation liabilities. Therefore, the Respondent, as a seller of export agent, should not bear the legal liability caused by quality problem of goods, the producer and manufacturer should bear the relevant legal liabilities.

All in all, the plaintiff representatives and/or other plaintiffs claiming upon Respondent is mistaken in subject. The plaintiff representatives and/or other plaintiffs should list as defendants all the legal subjects in design, manufacture, sales, whole sale, retail and inspection. There is no evidence to prove that the Respondent is the seller of gypsum boards used by the plaintiff representatives and/or other plaintiffs. The Respondent, as the export agent of the only shipment of gypsum boards, has performed all the obligations of enough care for the quality of gypsum boards. Even if there is quality problem in the shipment of goods, the plaintiff representatives and/or other plaintiffs should claim the tort liability directly upon the manufacturer of goods instead of the Respondent as the export agent. Hence, we hereby ask the United State District Court for the Eastern District of Louisiana to reject all the claims of the plaintiff representatives and/or other plaintiffs upon the Respondent.

Regards

United State District Court for the Eastern District of Louisiana

The Respondent: Shandong Oriental International Trading Corp. Ltd.

Date: March 6, 2010