# 民 事 答 辩 状

路易斯安那州东部地区美国地方法院  民事诉讼案号码：09—6690

答辩人（被告）：山东省东方国际贸易股份有限公司

　　住所地：中国山东省青岛市太平路51号山东国贸大厦17—21楼

　　法定代表人：刘新姿　　职务：董事长

被答辩人（原告）：路易斯安那州东部地区美国地方法院09—6690案

　　集团诉讼案中，以大卫·格罗斯、谢里尔·格罗斯、路易斯·威

　　勒斯为代表的众多原告，及所有其他同样处境的人

因上述各原告代表人和/或其他原告诉称由于"中国制造"的纸面石膏板的质量问题所导致的相关侵权责任，答辩人作为被告之一，被诉至路易斯安那州东部地区美国地方法院。现答辩人根据起诉书中所列明的事实及原告的诉讼请求，答辩如下：

一、各原告代表人和/或其他原告向答辩人主张其起诉书中所列明的侵权责任，属于其主张的对象错误，不应得到法院的支持。

起诉书中列明的三个原告代表人是大卫·格罗斯、谢里尔·格罗斯、路易斯·威勒斯，上述三位原告代表人和/或其他原告，是集团诉讼中的原告，均系在路易斯安那州或美国其他州或地区拥有或租用房屋的房东或租房客。

作为各原告代表人和/或其他原告所居住、租用的房屋的建造商、出售商，应当尽到一切可能的谨慎和注意义务，向消费者提供符合人类生活居住标准的房屋。

各原告代表人和/其他原告所称的房屋上所使用的石膏板挥发出有害气

1

体，对各原告代表人和/或其他原告的身体构成健康威胁、对各原告代表人和/或其他原告的某些财产构成腐蚀损害，这显然属于上述房屋的建造商、出售商的严重违约行为，这些房屋的建造商、出售商才是造成各原告代表人和/或其他原告身体损害和财产损害的第一位责任人。

上述各原告代表人或/和其他原告，应当依据其和房屋建造商、出售商之间签订的《房屋买卖合同》或《房屋租赁合同》，向房屋建造商、出售商主张其拥有或居住的房屋质量不符合人类居住标准，即上述房屋存在严重质量问题的索赔主张。

根据合同法上的合同相对性原则，在发生违约纠纷时，各原告代表人和/或其他原告，应当向合同上的直接相对方去主张权利。

在纸面石膏板从最初制造商到达美国消费者（即在美国法院已经起诉的各原告代表人和/或其他原告）的流通过程中，必须经过石膏板制造商、出口代理商、美国进口商、美国中间商、美国批发商、美国零售商、美国的房屋建造商、房屋销售商等法律主体，石膏板才能真正到达并被安装到消费者所使用的房屋。从合同相对性上来讲，美国消费者应当直接向其合同相对方，即美国的房屋建造商、销售商去主张房屋质量不合格的违约/侵权责任，而不应当选择仅仅作为销售环节中一环的答辩人山东省东方国际贸易股份有限公司主张侵权责任。

对于各原告代表人和/或其他原告来说，向其房屋的建造商、出售商主张房屋质量不合格所导致的违约/侵权责任，是最有利于保护各原告代表人和/或其他原告权利的最佳途径，也是最有可能实现各原告代表人和/其他原告索赔目的的最佳途径。

然而，各原告代表人和/或其他原告，却舍近求远，不去追究其房屋建造

商、销售商的违约/侵权责任，却向远在中华人民共和国的答辩人（答辩人的身份仅仅是一票石膏板货物的出口代理商，待后详述）主张所谓的侵权责任，属于主张的对象错误。各原告代表人和/或其他原告针对答辩人的诉讼请求，不应得到路易斯安那州美国地方法院和/或其他美国任何法院的支持。

**二、综合前述事实，各原告代表人和/或其他原告的起诉书中，仅仅列明了包括答辩人在内的涉及中国制造石膏板的 a）设计 b）制造 c）出口 d）进口 e）销售 f）交付 g）供应 h）检测 i）推销，以及/或者 j）出售纸面石膏板的有关法律主体中的很小一部分，以作为各原告代表人和/或其他原告所主张权利的被告方，这是非常不全面的、不负责任的，也是非常不公平的。**

如前所述，各原告代表人和/或其他原告均系路易斯安那州和/或美国其他地区的房东或租房客，那么作为各原告代表人和/或其他原告拥有、居住、租用的房屋的建造商、销售商，对房屋所使用的建筑材料的质量问题，负有第一位的、关键性的、最终的检测义务，然而，我们注意到，在原告代表人和/或其他原告的起诉书中，却并未列明任何房屋建造商、销售商作为本应当承担主要责任的被告。

众所周知，美国的房屋建造商、销售商规模巨大、数量众多、实力雄厚，而且美国的房屋建筑材料质量检测机构，号称全球最强，然而-----假设事实存在的话----却发生了各原告代表人和/或其他原告诉称的建筑房屋用纸面石膏板的质量问题，试问：这难道没有房屋建造商、销售商、建筑材料检测人的责任？难道各原告代表人和/或其他原告，只向美国以外的包括答辩人在内的众多外国公司主张其所谓的权利，却忘了他们家门口的众多房屋建造人、销售人、建筑材料检测人？

因此，鉴于本案集团诉讼的特殊性质，答辩人在此谨慎的提请路易斯安

那州东部地区美国地方法院注意：本案中各原告代表人和/或其他原告所列明的被告人数及所涉及的行业类别远远不够，还有大量的包括房屋建造人、销售人、建筑材料检测人、石膏板批发商、石膏板零售商在内的可能的责任人，未被列入被告之列，因此，请求路易斯安那州东部地区美国地方法院，尽可能全面详尽的列明可能负有相关责任的被告，以查清本案的事实，使各原告代表人和/或其他原告的合法权益得到保护，也使不应当承担任何责任的答辩人山东省东方国际贸易股份有限公司的合法权利，得到路易斯安那州当地法律的公正的、公开的、公平的、毫无偏颇的保护。

**三、原告仅凭石膏板上印制的"中国制造"的字眼，就武断的确认原告所称的纸面石膏板为中华人民共和国的厂商制造，或者由位于中华人民共和国的答辩人山东省东方国际贸易股份有限公司销售，没有任何事实依据和证据支持。**答辩人的确曾经向美国出口过一批纸面石膏板，但是该批石膏板上有明确的标示，也并非原告所称的仅仅只有"中国制造"的字样。

各原告代表人和/或其他原告仅仅依据其房屋上使用的石膏板上印有"中国制造"的字眼，就断定其使用的石膏板确系中国制造，有失武断，更无任何合法有效的证据支持。

实际上，由于现在国际贸易以及企业投资形式的多样化，所导致的厂商纷纷在本国以外区域建厂，或者以OEM（即贴牌制造）的方式向其他厂商订购其所生产的产品，甚至在中华人民共和国以外的其他地区，也或多或少的存在以假冒伪劣产品充当中国优质产品的现象，因此，仅凭"中国制造"的字眼，就确认侵权产品属于中华人民共和国制造，是缺乏证据支持和事实依据的，仅仅凭据各原告代表人和/或其他原告所称的"中国制造"字眼，就追究所有经营中国纸面石膏板的厂商，也是没有任何法律依据的。各原告代表

人和/或其他原告的诉讼请求，与答辩人没有任何事实上和法律上的关联性。

更重要的是，按照答辩人与生产厂家的合同规定，答辩人所代理出口的泰安市泰山纸面石膏板有限公司（也被列为本案的被告之一）生产的纸面石膏板上，不仅仅印有"Made in China"字样，还印有"Creseent City（这是美国进口商 HLP/GAC INTERNATIONAL，INC 公司的商标，请法庭查明该事实）Gypsum Incorporated，Manufactured in P.R.C."的字样，这也是按照美国进口商 HLP 公司的要求所印制。

如果各原告代表人和/或其他原告房屋上所使用的石膏板上，只标注有"Made in China（中国制造）"的字眼，而没有"Creseent City Gypsum Incorporated，Manufactured in P.R.C."，那么，可以确信的事实是，各原告代表人和/或其他原告所使用的纸面石膏板，就根本不是答辩人所代理出口的产品，即使各原告代表人和/或其他原告因其所使用的纸面石膏板导致身体损害和财产损害，也与答辩人所代理出口的货物没有任何关系，答辩人不应当为此承担任何责任。

**四、答辩人只是一个从事外贸代理或经纪业务的公司，依据合同约定作为中国石膏板生产厂商的出口代理人，并不参与纸面石膏板的生产制造过程，不应对原告所称的石膏板的质量问题承担任何责任。**

答辩人所出口到美国的唯一一批石膏板，数量为 20 万片，从生产到销售的路径是：由中国山东省泰安市泰山纸面石膏板有限公司（也被列为本案的被告之一）生产，答辩人山东省东方国际贸易股份有限公司作为代理商，与美国 HLP/GAC INTERNATIONAL，INC 公司（未被列为本案的被告，简称 HLP 公司）签订了一份 SALES CONTRACT（买卖合同），并出口到美国。由于上述石膏板的海上运输承运人的不适当配载、积载行为，导致该批货物中

的部分石膏板损坏，我们曾考虑将货物退运，但是由于滞港费、退运费过高，不能退运货物。最终这批纸面石膏板货物被美国法院拍卖掉了。最终的买方是谁，答辩人作为代理商，并不知情。

从以上纸面石膏板的生产、销售、出口、拍卖过程来看，答辩人山东省东方国际贸易股份有限公司，只是相关货物的出口代理商，从未参与石膏板的生产制造，只是雇佣货车公司把相关货物从生产厂家运输到船边交货，然后交由海运承运人的船舶装船承运到美国，答辩人自始至终，从未对纸面石膏板的质量和品质进行任何形式的改变和影响，而答辩人山东省东方国际贸易股份有限公司作为出口代理商，事实上也根本不可能对货物的质量和品质产生任何影响。

各原告代表人和/或其他原告，仅仅凭据答辩人是某批纸面石膏板货物的出口代理人，就将答辩人山东省东方国际贸易股份有限公司列为被告之一，并请求法院判令答辩人承担相应的货物质量责任，没有任何事实依据和法律根据。

**五、即使如此，答辩人作为一个外贸出口代理商，也尽到了足够的谨慎注意的义务，最大限度的做到了对石膏板货物质量的控制。**

在出口上述唯一一批纸面石膏板的过程中，按照美国进口商 HLP 公司和答辩人山东省东方国际贸易股份有限公司之间买卖合同的约定，上述石膏板要依据美国 ASTM C36 和 C1396 标准为生产标准，严格执行。

答辩人山东省东方国际贸易股份有限公司，在与制造商泰安市泰山纸面石膏板有限公司签署合同时，也将上述美国 ASTM C36 和 C1396 标准，作为在生产时要严格执行的标准，列入购买合同的条款中，并已严格执行。

事实上，制造商泰安市泰山纸面石膏板有限公司，也正是严格按照上述

6

美国 ASTM C36 和 C1396 标准，严格进行生产，严控产品质量，并取得了相关的产品质量检验合格证书。

上述合同中约定的纸面石膏板货物生产出来以后，为了确保货物符合合同要求的美国 ASTM C36 和 C1396 质量标准，由生产厂家泰安市泰山纸面石膏板有限公司，于 2006 年 2 月 16 日委托中国最权威的国家建筑材料工业装饰装修建筑材料质量监督检验测试中心进行了严格检验，并出具了上述货物抽样检验合格的证书（证书编号：No.062019），检验结论为：按照美国标准 ASTM C 473-03《石膏板产品物理力学性能测试方法》中方法 A 对石膏板（3660mm X 1220mm X 12.7mm）进行委托检验，检验结果为所测指标符合 ASTM C 1396/C 1396-04《石膏板》标准要求。由此可以证明，答辩人代理出口的该批石膏板货物，完全符合合同约定的美国纸面石膏板产品质量标准，不存在任何质量问题，根本不可能对各原告代表人和/或其他原告造成任何身体的和财产的损害。

因此，答辩人在签订合同、履行合同、货物检测、相关质量监控等各个环节，已经做到了一个出口代理人所能尽到的全部谨慎注意义务，不存在任何过错和过失。

各原告代表人和/或其他原告，向答辩人主张损害赔偿责任，没有相关权威的产品检验报告作为其诉讼请求的支持，特别是该质量问题和答辩人所代理出口的纸面石膏板之间没有任何法律上的关联性，那么，各原告代表人和/或其他原告向答辩人主张侵权责任，就没有任何事实依据和法律根据。

六、在石膏板货物的出口装船之前，经美国进口商 HLP 公司申请权威认证机构 SGS 公司进行检验，货物质量得到了 SGS 公司签发的检验合格证书，也得到了美国进口商 HLP 公司的书面认可。

在货物生产出来以后，装船交货出运之前，答辩人作为一个富有货物出口经验，并且是一个负责任的公司的情况下，还是会同美国进口商 HLP 公司，针对上述唯一一批纸面石膏板的货物质量，申请全球最权威的检验公司 SGS-CSTC Standard Technical Services Co., Ltd 公司（简称 SGS 公司），对货物又进行了一次装船前的最终检验，并取得了 SGS 公司签发的权威检验合格证书。由 SGS 作出的货物质量检验合格证书，已完全证明上述纸面石膏板货物的质量没有任何问题，不可能对各原告代表人和/或其他原告的人身健康和财产安全构成任何形式的侵害和损害。

另外，为了更加安全、稳妥起见，答辩人山东省东方国际贸易股份有限公司，又会同美国进口商 HLP 公司，在货物出口前，签署了一份关于货物质量的补充协议，在该协议中，美国进口商 HLP 公司最终向答辩人山东省东方国际贸易股份有限公司出具书面确认，买方 HLP 公司通过 SGS 的检测报告，非常清晰的知悉货物的质量，并且 HLP 公司完全接受上述货物，上述货物是完全按照双方买卖合同的约定所生产的货物，买方不会以任何理由而拒绝支付货款。

综上，答辩人山东省东方国际贸易股份有限公司作为一个外贸代理商，不但在签订合同时，而且在货物生产出来以后及装船之前的实际检验过程中，均尽到了应尽的谨慎注意的义务，确保了货物质量符合美国关于纸面石膏板的严格标准的要求。答辩人代理出口的货物不存在任何质量问题，不应当承担各原告代表人和/或其他原告所诉称的产品质量侵权责任。

**七、在不影响以上抗辩的基础上，退一步讲，即使答辩人代理出口的货物存在质量问题，也应当由制造商承担侵权责任，而不应当由作为出口代理商的答辩人承担因其产品质量不合格所产生的任何法律责任。**

在货物准备出口的过程中，答辩人山东省东方国际贸易股份有限公司作为制造商泰安市泰山纸面石膏板有限公司的出口代理人，要求泰安市泰山纸面石膏板有限公司向答辩人出具了相关的 "Mill Certificate" 等质量保证书，保证其货物在生产、托盘包装、密封、生产材料、生产工艺、木包装材料等各个方面，都不存在任何质量问题和缺陷。这也同时证明，答辩人作为出口代理商，已尽到了足够的谨慎注意的义务，不应为制造商的产品质量问题承担任何责任。

在不影响以上抗辩的基础上，退一步讲，即使制造商泰安市泰山纸面石膏板有限公司违反其保证义务，没有按照相关标准制造、包装其纸面石膏板货物，由此所产生的由于质量问题所导致的损害赔偿责任，也应当由制造商自己承担全部的损害赔偿责任，而不应当由没有任何过错的出口代理商承担任何法律责任。

依据《中华人民共和国产品质量法》第四十二条的规定：

由于销售者的过错使产品存在缺陷，造成人身、他人财产损害的，销售者应当承担赔偿责任。销售者不能指明缺陷产品的生产者也不能指明缺陷产品的供货者的，销售者应当承担赔偿责任。（译文：Article 42 Where damage to human life or another person property is due to a products defect caused by the fault of a seller, the seller shall be liable for compensation. Where the seller can identify neither the producer of the defective product nor the supplier thereof, the seller shall be liable for compensation。）

也就是说，销售者只有在存在过错责任的情况下，才会承担相应的赔偿责任；而且，只有在销售商不披露、不指明侵权产品制造商的情况下，才有可能承担相应的赔偿责任。

另外，根据答辩人山东省东方国际贸易股份有限公司和上述纸面石膏板货物的生产厂家之间《订货合同》第八条的约定"交货后如因货物数量短缺、生产质量问题，造成外商索赔、退货等事宜，一切损失由供方承担"。也即是说，正如《中华人民共和国产品质量法》规定的那样，双方在《订货合同》中严格按照《中华人民共和国产品质量法》的法律规定，约定了在纸面石膏板产品质量造成损失的情况下，由生产厂家承担一切赔偿责任。

因此，答辩人作为一个代理货物出口的销售商，不应当承担由于货物质量问题所导致的法律责任，相关法律责任应当由货物的生产制造商全部承担。

综上所述，各原告代表人和/或其他原告向答辩人主张对象错误，各原告代表人和/或其他原告应当将全部有关纸面石膏板的设计、制造、销售、批发、零售、检测等法律主体列为本案被告，也没有证据证明答辩人是各原告代表人和/或其他原告所使用的石膏板的销售商。答辩人作为唯一一票纸面石膏板货物的出口代理商，已尽到对纸面石膏板货物质量全部的、足够的谨慎注意义务，退一步讲，即使该票货物存在质量问题，各原告代表人和/或其他原告也应当直接向货物制造商主张侵权责任，而不应当向作为出口代理商的答辩人山东省东方国际贸易股份有限公司主张任何权利。因此，请求路易斯安那州东部地区美国地方法院驳回各原告代表人和/或其他原告对答辩人的全部诉讼请求。

此致

路易斯安那州东部地区美国地方法院

答辩人：山东省东方国际贸易股份有限公司

2010年3月6日