## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PATRICIA BOURGEOIS | * | CIVIL ACTION |
| & GLENN BOURGEOIS | * | NO: 10-0052 |
| | * | |
| VERSUS | * | JUDGE: |
| | * | ELDON E. FALLON |
| ALLSTATE INDEMNITY COMPANY, | * | |
| LOUISIANA CITIZENS PROPERTY | * | MAGISTRATE: |
| INSURANCE CORPORATION | * | JOSEPH C. WILKINSON, JR. |
| & ASI LLOYDS | * | |
| | * | IN RE: CHINESE-MANUFACTURED |
| | * | PRODUCTS LIABILITY LITIGATION |
| | * | |
| | * | MDL No. 2047 |
| | * | SECTION "L" (2) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ANSWER TO PETITION FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes Defendant, ASI Lloyds ("ASI"), who for answer to Plaintiffs' Petition for Damages respectfully avers as follows:

1.

The allegations of Paragraphs 1, 2, 3, and 4 of Plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief therein.

2.

The allegations of Paragraph 5 of Plaintiffs' Petition for Damages are admitted.

3.

The allegations of Paragraph 6 of Plaintiffs' Petition for Damages require no answer of the part of ASI, but in the event that an answer is deemed required, they are denied.

4.

The allegations of Paragraphs 7, 8, 9, 10, 11, and 12 of Plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief therein.

5.

The allegations of Paragraphs 13 and 14 of Plaintiffs' Petition for Damages are denied as written except to admit that ASI provided a policy of insurance to its insured, and ASI denies any allegations that tend to contradict, contravene, enlarge or otherwise vary the terms, conditions, limitations, or exclusions of said policy, averring that the contract of insurance is the best evidence of the coverage, if any, afforded herein.

6.

The allegations of Paragraphs 15 and 16 of Plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief therein.

7.

The allegations of Paragraph 17 of Plaintiffs' Petition for Damages are admitted.

8.

The allegations of Paragraphs 18 of Plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief therein.

9.

The allegations of Paragraph 19 of Plaintiffs' Petition for Damages are admitted in part and denied in part. ASI admits that the Chinese drywall is contaminated and defective, but ASI denies that the ASI policy of insurance at issue provides coverage.

10.

The allegations of Paragraph 20 of Plaintiffs' Petition for Damages are admitted in part and denied in part. ASI admits that the Chinese drywall emits gases; however, all other allegations contained in Paragraph 20 are denied for lack of sufficient information to justify a belief therein.

11.

The allegations of Paragraphs 21 of Plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief therein.

12.

The allegations of Paragraph 22 of Plaintiffs' Petition for Damages are admitted in part and denied in part. ASI denies that it was contacted on October 16, 2009, but ASI admits that an inspection took place on November 18, 2009.

13.

The allegations of Paragraphs 23, 24, and 25 of Plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief therein.

14.

The allegations of Paragraph 26 of Plaintiffs' Petition for Damages are admitted.

15.

The allegations of Paragraphs 27 and 28 of Plaintiffs' Petition for Damages are denied.

16.

The allegations of Paragraph 29 of Plaintiffs' Petition for Damages require no answer on the part of ASI, but in the event that an answer is deemed required, they are denied.

17.

All unnumbered, misnumbered or otherwise unanswered paragraphs, as well as any and all allegations of the preamble and prayer for relief and all allegations claiming negligence and liability on the part of ASI and all allegations not specifically answered herein are denied.

**AND NOW FURTHER ANSWERING,** ASI avers:

18.

Plaintiffs have failed to provide satisfactory proof of loss for all or some of the damages complained of, thus barring any recovery against ASI. Accordingly, Plaintiffs are not entitled to any penalties and/or attorney's fees under La. R.S. 22:1892 (formerly La. R.S. 22:658) and/or La. R.S. 22:1973 (formerly La. R.S. 22:1220).

19.

ASI issued a policy of insurance, policy number LAL6824, 12/01/2008 to 12/01/2009, to Patricia Bourgeois and Glenn Bourgeois, which provided homeowner insurance coverage for the residence located at 409 Sable, Arabi, Louisiana, 70032. Policy number LAL6824 provided the following coverages, with the following limits:

| | |
|---|---|
| Coverage A (dwelling) | $166,000 |
| Coverage B (other structures) | $16,600 |
| Coverage C (personal property) | $83,000 |

|  |  |  |
|---|---|---|
| Coverage D (loss of use) | - | $33,200 |
| Coverage E (personal liability) | - | $100,000 |
| Coverage F (medical payments) | - | $1,000 |

20.

Policy number LAL6824 provided in pertinent part:

**SECTION 1 – PERILS INSURED AGAINST**
**A.     Coverage A – Dwelling And Coverage B – Other Structures**
**1.** We insure for sudden and accidental direct physical loss to property described in Coverages **A** and **B**;
**2.** We do not insure, however, for loss:
    **a.** Excluded under Section **I** – Exclusions;
    **c.** Caused by:
        **(6)** Any of the following:
            **(a)** Wear and tear, marring, deterioration;
            **(b)** Mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;
            **(c)** Smog, rust or other corrosion, or dry rot;
            **(e)** Discharge, dispersal, seepage, migration, release or escape of pollutants unless the discharge, dispersal, seepage, migration, release or escape is itself caused by a Peril Insured Against named under Coverage **C**.
            Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

21.

ASI respectfully avers that pursuant to the policy language quoted above, ASI has no liability for Plaintiffs' alleged damages because all losses and/or damages allegedly caused by the installation of Chinese drywall are excluded by the pollution exclusion, "wear and tear" exclusion, and/or "latent defect" exclusions as quoted above.

22.

Policy number LAL6824 provided in pertinent part:

**SECTION I – EXCLUSIONS**
A.  We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other caused or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.
   1.  **Ordinance Or Law**
       Ordinance Or Law means any ordinance or law:
       a.  Requiring or regulating the construction, demolition, remodeling, renovation, or repair of property, including removal of any resulting debris. This Exclusion **A.1.a** does not apply to the amount of coverage that may be provided for in **E.11**. Ordinance Or Law under Section **I** – Property Coverages;
       b.  The requirements of which result in a loss in value to the property; or
       c.  Requiring any "insured" or others to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, pollutants.
       Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.
       This Exclusion **A.1.** applies whether or not the property has been physically damaged.
B.  We do not insure for loss to property described in Coverages **A** and **B** caused by any of the following. However, any ensuing loss to property described in Coverages **A** and **B** not precluded by any other provision in this policy is covered.
   2.  Acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body.
   3.  Faulty, inadequate or defective:
       a.  Planning, zoning, development, surveying and sitting;
       b.  Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
       c.  Materials used in repair, construction, renovation or remodeling; or
       d.  Maintenance;
           of part or all of any property whether on or off the "residence premises".

23.

ASI avers that pursuant to the exclusion quoted above, ASI has no liability for Plaintiffs' alleged damages because the alleged losses and damages resulted from faulty design, planning, workmanship, construction, renovation, remodeling, etc…, as quoted above.

6

24.

ASI avers that it had no responsibility or liability for damages intentionally caused by the installing, selling, and/or manufacturing of Chinese drywall because the policy does not provide coverage for intentional acts. Policy number LAL6824 provided in pertinent part:

**SECTION I – EXCLUSIONS**

* * *

   **A.**   We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.
      **8.**   **Intentional Loss**, meaning any loss arising out of any act committed:
         **b.**   With respect to loss caused by a peril other than fire and with respect to all "insureds" covered under this policy;
            **(1)**   By you or at your direction; and
            **(2)**   With the intent to cause a loss.

25.

ASI avers that it had no responsibility or liability for the damages complained of because Plaintiffs failed to satisfy the conditions of the policy prior to filing suit. Policy number LAL6824 provided in pertinent part:

**B.**   **Duties After Loss**
In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, an "insured" seeking coverage, or a representative of either:
      **1.**   Give prompt notice to us or our agent;
      **4.**   Protect the property from further damage. If repairs to the property are required, you must:
         **a.**   Make reasonable and necessary repairs to protect the property; and
         **b.**   Keep an accurate record of repair expenses;
   **5.**   Cooperate with us in the investigation of a claim;
   **6.**   Prepare an inventory of damaged personal property showing the quantity, description, actual cash value and amount of loss. Attach all bills, receipts and related documents that justify the figures in the inventory;
   **7.**   As often as we reasonably require:

      **a.**    Show the damaged property;
      **b.**    Provide us with records and documents we request and permit us to make copies; and
      **c.**    Submit to examination under oath, while not in the presence of another "insured", and sign the same;

**8.**    Send to us your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:
      **a.**    The time and cause of loss;
      **b.**    The interests of all "insureds" and all others in the property involved and all liens on the property;
      **c.**    Other insurance which may cover the loss;
      **d.**    Changes in title or occupancy of the property during the term of the policy;
      **e.**    Specifications of damaged buildings and detailed repair estimates;
      **f.**    The inventory of damaged personal property described in **6.** above;
      **g.**    Receipts for additional living expenses incurred and records that support the fair rental value loss; and
      **h.**    Evidence or affidavit that supports a claim under **E.6.** Credit Card, Electronic Fund Transfer Or Access Device, Forgery And Counterfeit Money under Section **1** – Property Coverages, stating the amount and cause of loss.

This proof of loss must be sent to us within:
    **(2)**    60 days after our request in all other cases.

26.

ASI avers that it had no responsibility or liability for the damages complained of because Plaintiffs' loss was not sudden and accidental. Policy number LAL6824 provided in pertinent part:

**SECTION 1 – PERILS INSURED AGAINST**

  **A.**    **Coverage A – Dwelling and Coverage B – Other Structures**
      1.    We insure for sudden and accidental direct physical loss to property described in Coverages **A** and **B**;

\* \* \*

  **B.**    **Coverage C – Personal Property**
      1.    We insure for sudden and accidental direct physical loss to the property described in Coverage C caused by any of the following perils unless the loss is excluded under Section **1** – Exclusions;

27.

ASI avers that it had no responsibility or liability for the damages complained of because Plaintiffs' loss did not occur during the policy period. Policy number LAL6824 provided in pertinent part:

**SECTION 1 – CONDITIONS**

\* \* \*

**P.     Policy Period**
This policy applies only to loss which occurs during the policy period.

28.

If there was negligence and/or fault on the part of anyone other than Plaintiffs in any way constituting a proximate cause of the alleged injuries, if any, made the subject of this lawsuit, such negligence was that of persons or parties other than ASI or persons for whom ASI is or was not responsible, and ASI is, therefore, not liable under its policy.

29.

ASI specifically avers that Plaintiffs have failed to mitigate their damages herein.

30.

Out of an abundance of caution, ASI specifically pleads the affirmative defenses enumerated in the Federal Rules of Civil Procedure.

31.

ASI reserves the right to supplement and amend this Answer to plead any further defenses which may be shown applicable by future discovery.

**WHEREFORE**, Defendant, ASI, prays that its Answer to Plaintiffs' Petition for Damages be deemed good and sufficient, and that after due proceedings are had, there be

judgment rendered in favor of ASI, dismissing the Plaintiffs' Petition for Damages, with prejudice, at Plaintiffs' costs, and for all other relief afforded by these premises.

Respectfully submitted,

**CHOPIN, WAGAR, RICHARD & KUTCHER, LLP**

_____
**JASON P. FOOTE (No. 25050)
BRITTANY M. COURTENAY (No. 31846)**
Two Lakeway Center - Suite 900
3850 North Causeway Boulevard
Metairie, Louisiana 70002
Telephone: (504) 830-3838
***Attorneys for Defendant, ASI Lloyds***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer to Petition for Damages has been served upon Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U. S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6 and that the foregoing was electronically filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on the 8th day of April, 2010.

_____
**JASON P. FOOTE**