**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL | * | MDL NO. 2047 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAG. JUDGE |
| | * | WILKINSON |
| THIS DOCUMENT RELATES TO: | * | |
| | * | |
| Case No.09-7628 | * | |
| Sean Payton, *et al*, v. Knauf Gips KG, et al., | * | |
| | * | |

**************************************************

**MEMORANDUM OF LAW IN SUPPORT OF ST. JOE HOME BUILDING, L.P.'S
OBJECTION AND MOTION TO QUASH PLAINTIFFS' SUBPOENA FOR TESTIMONY AND
SUBPOENA FOR PRODUCTION AND MOTION FOR PROTECTIVE ORDER**

### A.    FACTUAL BACKGROUND

1.      On or about December 9, 2009, Plaintiffs filed the above captioned action.  St. Joe Home Building, L.P. ("St. Joe") is named as a defendant in the action.  Because Plaintiffs are in the process of amending their complaint, St. Joe has not yet responded to the complaint pursuant to an agreement reached with the Plaintiffs' Steering Committee.  St. Joe has completed and served its Defendant's Profile Form and required insurance information.

2.      On March 26, 2010, without prior notice or conferral with counsel, Plaintiff served a Subpoena for Testimony and a Subpoena for Production of documents upon St. Joe. Copies of both Subpoenas are attached hereto as Exhibit A.

3.      Plaintiffs' Subpoena for Production of Documents demands production of documents and materials in Pensacola, Florida on Friday, April 9, 2010, approximately two weeks after service.

4.      Plaintiffs' Subpoena for Testimony demands the deposition of St. Joe's corporate representative with knowledge of the documents requested in the prior subpoena, on April 19, 2010 (which is a Monday, but is improperly identified as a Friday in the Subpoena), in Pensacola, Florida.

5.      Both Subpoenas issued to St. Joe request all insurance policies issued to St. Joe which may apply to the above captioned matter, as well as claims made to carriers, all correspondence with carriers, and all correspondence related to insurance investigations.  See Notice of Deposition attached to Exhibit A.   The Subpoena for Testimony demands the deposition of St. Joe's representative with knowledge of these materials.

6.      The Subpoenas were served without providing reasonable notice, are overly broad, unduly burdensome, premature, and duplicative of the Court's required profile forms. The Subpoenas also improperly request documents which are protected by the attorney client and attorney work product privileges.   This discovery should also be undertaken in the course of mandatory and binding arbitration.  Plaintiffs' Subpoenas should be quashed accordingly.

**B.      ARGUMENT.**

A person commanded to produce pursuant to a subpoena may serve written objections to inspection or copying of the designated materials sought and may move to quash or modify such subpoena. See Fed. R. Civ. P. 45(c)(2)(B) and (3)(A).

1.      **St. Joe Is Entitled To A Protective Order Under Rule 45(c)(2) And (c)(3) Because the Subpoenas Fail To Provide A Reasonable Time To Comply.**

Under Federal Rule of Civil Procedure 45(c)(3)(A), a "court must quash or modify a subpoena" that "fails to allow a reasonable time to comply."

Here, it is plain that Plaintiffs' Subpoenas fail to allow a reasonable time to comply. Both subpoenas were served on March 26, 2010. They were received by St. Joe on March 31, 2010. The Subpoena for Production demands gathering and procurement of a vast range of materials in a ten day window. St. Joe simply cannot marshal, review, and produce the broad range of materials demanded in this limited period.

By the same token, the Subpoena for Testimony requests a corporate representative to testify about thousands of pages of materials mere days after these materials are to be produced. This timeframe is unreasonable, particularly given the complete lack of notice from Plaintiffs, who have been in possession of St. Joe's profile forms and notices of appearance for more than a month. Indeed, St. Joe's counsel has attempted to contact the counsel serving the subpoena, but has received no response. For these reasons, the Subpoenas should be quashed.

## 2.    St. Joe Is Entitled To A Protective Order Under Rule 45(c)(2) And (c)(3) Because The Subpoenas Are Premature And Impose An Undue Burden.

Federal Rule of Civil Procedure 45(c)(3)(A) also provides that a court <u>must</u> quash or modify a subpoena if such subpoena subjects a party to an undue burden.[1] Production of the documents requested and the testimony sought in Plaintiffs' Subpoenas would be unduly burdensome.

Whether a subpoena imposes an "undue burden" upon a witness is a case specific inquiry that turns on "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." <u>Concord Boat Corp. v. Brunswick Corp.</u>, 169 F.R.D. 44,

---

[1] "On timely motion, the issuing court <u>must</u> quash or modify a subpoena that . . . (iii) requires <u>disclosure of privileged</u> or other protected matter, if no exception or waiver applies, or (iv) subjects a person to <u>undue burden</u>." Fed. R. Civ. P. 45(c)(3)(A) (emphasis added).

53 (S.D. N.Y. 1996) (quoting United States v. Int'l Bus. Mach. Corp., 83 F.R.D. 97, 104 (S.D.

N.Y. 1979)).  Demonstrating relevance is the burden of the party seeking discovery.  See id.

Plaintiffs cannot justify the burden their Subpoenas place on St. Joe at this stage of the

suit.  This suit is at an extremely early stage – the complaint is to be amended, and St. Joe has not

yet had to respond.  Despite this, Plaintiffs' Subpoenas seek documents relating to all of St. Joe's

insurance policies potentially applicable to this action, and all correspondence concerning

communications with carriers, claims on policies, and investigations under policies.   Even

assuming such information is relevant to the merits of Plaintiffs' claims, St. Joe has already

produced a meaningful selection of these materials by furnishing its court-required profile form.

Requiring duplicative and voluminous discovery before St. Joe even responds to the complaint

imposes a burden disproportionate to Plaintiffs' need at this stage of the case.  The Subpoenas

should be quashed accordingly.

### 3. St. Joe Is Entitled To A Protective Order Under Rule 45(c)(2) And (c)(3) Because The Subpoenas Seek Privileged Materials.

In addition to the foregoing, the Subpoenas are drafted so broadly as to request

documents which are protected from production by the attorney client and attorney work product

privileges.  The Subpoenas should be quashed accordingly, or at a minimum, limited to ensure

these privileges are preserved.

### 4. The Subpoenas Should be Quashed Because Plaintiffs' Claims Against St. Joe Are Subject To Mandatory and Binding Arbitration.

In addition to the foregoing, Plaintiffs' claims against St. Joe are subject to a mandatory

and binding arbitration provision.  St. Joe is in the process of preparing and filing its Motion to

Compel Arbitration at this time.  Accordingly, discovery against St. Joe should occur in the

context of arbitration, and St. Joe should not be required to participate in duplicative discovery which could potentially limit its arbitration rights. The Subpoenas should therefore be quashed.

WHEREFORE, Defendant St. Joe Home Building, L.P. respectfully requests that the Court enter an order quashing Plaintiffs' Subpoena for Production and Subpoena for Testimony, or enter a protective order providing that St. Joe shall not be required to make production at this stage of the litigation, and occur after reasonable opportunity to gather and review materials, and be reasonably limited in scope to preserve St. Joe's privileged records, and providing such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ D. Matthew Allen
Chris S. Coutroulis
Florida Bar No. 300705
Mark A. Smith
Florida Bar No. 0022033
D. Matthew Allen
Florida Bar No. 866326
CARLTON FIELDS
P.O. Box 3239
Tampa, Florida 33601-3239
Telephone:     (813) 223-7000
Fax:              (813) 229-4133
ccoutrolis@carltonfields.com
msmith@carltonfields.com
mallen@carltonfields.com

*Counsel for St. Joe Home Building, L.P.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing memorandum has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and email or by hand delivery and email and upon all parties  by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6 and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 8th day of April, 2010.

/s/ D. Matthew Allen