# EXHIBIT A

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

NORTHERN District of FLORIDA

| In RE: Chinese-Manufactured Drywall Products Liability | ) |
| *Plaintiff* | ) |
| v. | ) |
| | ) |
| KB HOME FLORIDA LLC | ) |
| *Defendant* | ) |

ERIC LARSON
CERT. IN CIRCUIT COURT OF
2ND JUDICIAL CIRCUIT #063

Civil Action No. MDL NO. 2047

(If the action is pending in another district, state where:

EASTERN DISTRICT OF LOUISIANA

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  KB HOME FLORIDA LLC, through their agent for service, CORPORATION SERVICE COMPANY
1201 HAYS ST.
TALLAHASSEE, FL 32301

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: LEVIN PAPANTONIO, BEN W. GORDON, JR., ESQ. | Date and Time: APRIL 19, 2010 |
| 316 SOUTH BAYLEN STREET, SUITE 600 | 3:00 p.m. |
| PENSACOLA, FL 32502 | |

The deposition will be recorded by this method:  STENOGRAPH, LIVENOTE AND VIDEOTAPED

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Exhibit "A" and "B" attached to Notice of Oral and Videotaped Deposition Pursuant to Fed. R. Civ. P. 30(b)(6).

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 3/26/10

CLERK OF COURT

OR

_____          _____
Signature of Clerk or Deputy Clerk                        Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing (*name of party*) _____ Plaintiff
_____, who issues or requests this subpoena, are:

Leonard Davis, Esq.
Herman Herman Katz & Cotlar
820 O'Keefe Avenue, New Orleans, LA 70113
(504) 581-4892

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
NORTHERN   District of   FLORIDA

| | |
|---|---|
| In RE: Chinese-Manufactured Drywall Products Liability | ) |
| *Plaintiff* | ) |
| v. | ) |
| KB HOME FLORIDA LLC | ) |
| *Defendant* | ) |

ERIC LARSON
CERT. IN CIRCUIT COURT OF
2ND JUDICIAL CIRCUIT #083

Civil Action No.   MDL NO. 2047

(If the action is pending in another district, state where:
EASTERN DISTRICT OF LOUISIANA )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   KB HOME FLORIDA LLC, through their agent for service, CORPORATION SERVICE COMPANY
1201 HAYS ST.
TALLAHASSEE, FL 32301

☑ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  See Exhibit "A" and "B" attached to Notice of Oral and Videotaped Deposition Pursuant to Fed. R. Civ. P. 30(b)(6).

| Place: LEVIN PAPANTONIO<br>BEN W. GORDON, JR., ESQ.<br>316 SOUTH BAYLEN STREET, STE. 600, PENSACOLA, FL 32502 | Date and Time: APRIL 9, 2010<br>10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 3·26·10

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*          Plaintiff
_____, who issues or requests this subpoena, are:

Leonard Davis, Esq.
Herman Herman Katz & Cotlar
820 O'Keefe Road, New Orleans, LA 70113 (504)581-4892

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  MDL No. 2047 EDLA

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ —

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**LAMBERT & NELSON**
A PROFESSIONAL LAW CORPORATION
701 MAGAZINE STREET
NEW ORLEANS, LA. 70130-3629

HUGH P. LAMBERT
LINDA J. NELSON

(504) 581-1750
FAX: (504) 529-2931

March 23, 2010

KB HOME FLORIDA LLC
CORPORATION SERVICE COMPANY
1201 HAYS ST.
TALLAHASSEE, FL 32301

RE:    In Re: Chinese Manufactured Drywall Products Liability Litigation
       MDL No. 2047

Dear Sir and/or Madam:

Enclosed herewith please find a 30b6 Notice of Deposition, as well as a
Subpoena for certain documents to be produced by you in the above referenced matter.

If you are represented by Counsel, please have your attorney contact me and we
will arrange for an orderly transfer of these documents. If you do not have legal
counsel, please contact me so that we can discuss the production of these documents
at a time convenient to all concerned.

Please note that the documents are required to be produced at least five (5) days
prior to the deposition. Once we receive these documents from you, we will review
them to determine if a deposition is necessary or if the document production is sufficient
without the need for the deposition.

Thank you in advance for your courtesy and cooperation in this regard.

With best regards,

HUGH P. LAMBERT
hlambert@lambertandnelson.com
Amy@lambertandnelson.com

HPL/adg
Enclosures

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | * | MDL NO. 2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION: L |
| | * | |
| THIS DOCUMENT APPLIES TO ALL | * | JUDGE FALLON |
| CASES | * | MAG. JUDGE WILKINSON |

## NOTICE OF ORAL AND VIDEOTAPED DEPOSITION
## PURSUANT TO FED. R. CIV. P. 30(b)(6)

TO:    KB HOME FLORIDA LLC
       1201 HAYS ST.
       TALLAHASSEE, FL 32301

PLEASE TAKE NOTICE that, pursuant to Rule 26 and 30(b)(6) of the Federal Rules of Civil Procedure, plaintiffs, by and through their undersigned attorneys, the Plaintiffs Steering Committee in the MDL, will take the deposition of **KB HOME FLORIDA LLC** on **FRIDAY, APRIL 19, 2010**, at **3:00 p.m.** at the offices of **LEVIN PAPANTONIO located at 316 SOUTH BAYLEN STREET, SUITE 600, PENSACOLA, FL 32502**, or at another location mutually agreed upon by the parties. Pursuant to Fed. R. Civ. P. 30(b)(6), **KB HOME FLORIDA LLC** shall designate and produce a designated representative or representatives, as may be required, to testify on behalf of **KB HOME FLORIDA LLC** concerning the topics identified in Exhibit "A" attached hereto., as well as produce all documents referred to in Exhibit "B".

Please contact Hugh P. Lambert, Esq., of Lambert & Nelson, PLC, at (504) 581-1750 or hlambert@lambertandnelson.com with any questions regarding this Notice.

Primary Examiner:        A member of the PSC or its designee
Videotaped Deposition:   Yes
Call-In Number:          888-337-8218
                         Participant Code: 769758

The deposition will be taken before a person authorized by law to administer

oaths, pursuant to Fed. R. Civ. P. 28, and will continue from day-to-day, excluding

Sundays and court-recognized holidays, until the examination is completed.

Respectfully submitted,

/s/ Russ M. Herman
Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024

**Plaintiffs' Liaison Counsel**

Please contact Hugh P. Lambert, Esq., of Lambert & Nelson, PLC, at (504) 581-1750 or
hlambert@lambertandnelson.com with any questions regarding this Notice.

| | |
|---|---|
| Dawn M. Barrios<br>701 Poydras Street<br>Suite 3650<br>New Orleans, LA 70139<br>PH: (504) 524-3300<br>Fax: (504) 524-3313 | Daniel E. Becnel, Jr.<br>425 W. Airline Highway<br>Suite B<br>LaPlace, LA 70068<br>PH: (985) 536-1186<br>Fax: (985) 536-6445 |
| Victor M. Diaz<br>25 Flagler Street<br>8th Floor<br>Miami, FL 33130<br>PH: (305) 358-2800<br>Fax: (305) 358-2382 | Ervin Amanda Gonzalez<br>255 Aragon Avenue<br>Cora Gables, FL 33134<br>PH: (305) 476-7400<br>Fax: 305) 476-7444 |
| Ben Gordon<br>316 S. Baylen Street<br>Suite 600<br>Pensacola, FL 32502<br>PH: (850) 435-7090<br>Fax: (850) 436-6091 | Hugh P. Lambert<br>701 Magazine Street<br>New Orleans, LA 70130<br>PH: (504) 581-1750<br>Fax: (504) 529-2931 |
| Arnold Levin<br>510 Walnut Street<br>Suite 500<br>Philadelphia, PA 19106<br>PH: (215) 592-1500<br>Fax: (215) 592-4663 | Gerald E. Meunier<br>2800 Energy Centre<br>1100 Poydras Street<br>New Orleans, LA 70163-2800<br>PH: (504) 522-2304<br>Fax: (504) 528-9973 |
| Jerrold Seth Parker<br>3301 Bonita Beach Road<br>Bonita Springs, FL 34134<br>PH: (239) 390-1000<br>Fax: (239) 390-0055 | James Robert Reeves<br>160 Main Street<br>Biloxi, MS 39530<br>PH: (228) 374-5151<br>Fax: (228) 374-6630 |
| Christopher Seeger<br>One William Street<br>New York, NY 10004<br>PH: (212) 584-0700<br>Fax: (212) 584-0799 | Bruce William Steckler<br>3102 Oak Lawn Ave.<br>Suite 1100<br>Dallas, TX 75219<br>PH: (214) 523-6674<br>Fax: (214) 520-1181 |
| Scott Weinstein<br>12800 University Drive<br>Suite 600<br>Ft. Myers, FL 33907<br>PH: (239) 433-6880<br>Fax: (239) 433-6836 | |

Please contact Hugh P. Lambert, Esq., of Lambert & Nelson, PLC, at (504) 581-1750 or
hlambert@lambertandnelson.com with any questions regarding this Notice.

PLAINTIFFS' STEERING COMMITTEE

OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

| | |
|---|---|
| Richard S. Lewis<br>HAUSFELD LLP<br>1700 K Street, N.WSuite 650<br>Washington, DC 20006<br>Phone: (202) 540-7200<br>Fax: (202) 540-7201<br>rlewis@hausfeldllp.com | Jeremy W. Alters<br>Alters, Boldt, Brown, Rash & Culmo, P.A.<br>4141 N.E. 2nd Avenue<br>Suite 201<br>Miami, FL 33137<br>Phone: (305) 571-8550<br>Fax: (305) 571-8559<br>jeremy@abbrclaw.com |
| Daniel K. Bryson<br>Lewis & Roberts<br>3700 Glenwood Avenue, Suite 410<br>Raleigh, NC 27612<br>Phone: (919) 981-0191<br>Fax: (919) 981-0431<br>dkb@lewis-roberts.com | Richard J. Serpe, Esquire<br>Law Offices of Richard J. Serpe<br>Crown Center, Ste. 310<br>580 East Main Street<br>Norfolk, VA 23510-2322<br>rserpe@serpefirm.com |

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Notice of Oral and Videotaped Deposition Pursuant to Fed.R.Civ.P. 30(b)(6) has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 26TH day of March, 2010.

/s/Leonard A. Davis
Leonard A. Davis
**Herman, Herman, Katz & Cotlar, LLP**
820 O'Keefe Ave.
New Orleans, LA 70113
PH: (504) 581-4892
Fax: (504) 561-6024
ldavis@hhkc.com

Please contact Hugh P. Lambert, Esq., of Lambert & Nelson, PLC, at (504) 581-1750 or hlambert@lambertandnelson.com with any questions regarding this Notice.

## DEFINITIONS & INSTRUCTIONS

    1.    Whenever used herein, the following terms shall have the following meanings:

    (a)    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

    (b)    "Computer" means all devices utilizing microchips to facilitate processing, analysis, or storage of data, including microcomputers (also known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (also known as personal digital assistants or PDA's), minicomputers and mainframe computers.

    (c)    "Concerning" means relating to, referring to, describing, evidencing, embodying, or constituting.

    (d)    "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. Documents shall include all drafts, including drafts with "track changes" and shall be deemed to be separate documents within the meaning of this term.

    (e)    "Electronically stored information" or "ESI" means the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings and data compilations in any form, and of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. ESI includes, by way of example only, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts and transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail displaying full e-mail alias's (not merely "display names"), electronic calendars, I'm logs, PBX logs, document management system data, operating systems, all metadata, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said ESI consists in an active file, deleted file or file fragment. Electronically stored information includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Zip disks, Jaz cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, EPROM, PROM, RAM and ROM, on or in any other vehicle for digital data storage and transmittal. The term ESI also includes the file, folder tabs and containers and labels appended to, or associated with, any physical storage device associated with each original and copy.

Please contact Hugh P. Lambert, Esq., of Lambert & Nelson, PLC, at (504) 581-1750 or hlambert@lambertandnelson.com with any questions regarding this Notice.

(f)    "Electronic media" means any magnetic or other storage media device used to record electronically stored information. Electronic media devices may include computer memories, hard disks, floppy disks, CD-ROM, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, EPROM, PROM, RAM and ROM, or on or in any other vehicle for digital data storage and transmittal.

(g)    "Identify" with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(h)    "Identify" with respect to documents, means to give, to extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

(i)    "Including" or "includes" means including, without limitation.

(j)    "Defendant," "you," or "your" means the individual party to whom this request is directed and being responded to, and any of its domestic or international predecessors in interest, successors in interest, subsidiaries, divisions, subdivisions, affiliates, officers, directors, employees, representatives, independent contractors, consultants, or agents, whether present or former, including but not limited to their attorneys and accountants.

(k)    "Chinese drywall" relates to drywall, plasterboard, or wallboard manufactured in China.

(l)    "Test" or "Tests" means all tests, inspections, checks, studies, evaluations, measurements, and analyses of drywall and the materials and compounds which make up the same, into or of the composition, chemical or physical properties, performance, life expectancy, and formulation thereof.

(m)    "Person" means any natural person or any business, legal, or governmental entity or association.

2.    The following rules of construction apply to all discovery requests:

(a)    The terms "all" and "each" shall be construed as all and each;

(b)    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

Please contact Hugh P. Lambert, Esq., of Lambert & Nelson, PLC, at (504) 581-1750 or hlambert@lambertandnelson.com with any questions regarding this Notice.

(c)     The use of the singular form of any word includes the plural and vice versa; and

(d)     Requests that are stated in the present tense include the past tense and those in the past tense include the present tense.

3.     Unless otherwise indicated, the Relevant Time Period for the information sought is between January 1, 2001 and the current date.

4.     In responding to this request, if any document is withheld on the basis of a claim of privilege, work product, or any other ground, it is to be identified in a privilege log, produced in an electronic format that allows text searching and organization of data. Defendant shall produce a privilege log within 7 days after the production of documents for which privilege is asserted to apply.   For each document for which Defendant asserts a privilege applies, it must provide in the privilege log: (a) a statement of the ground alleged for withholding such document; (b) the date of the document; (c) the location of any attachments associated with the document and whether the asserted privilege also applies to such attachments; (d) the identity of its author and signatories; (e) the type of document (e.g., letter); (f) a summary of its content; (g) its present location and custodian; and (h) a listing of all persons to whom the contents of such documents have been disclosed and all persons who have or have had possession, custody, or control of the documents (or any portions thereof), pursuant to Federal Rule of Civil Procedure 45(d)(2).   Notwithstanding the assertion of an objection, any purportedly privileged document containing non-privileged matter must be disclosed with the purportedly privileged portion redacted, with the redacted portion indicated on the document itself and listed on the privilege log to be provided pursuant to this paragraph.

To assist in the prompt resolution of disputed claims of privilege, Defendant shall submit to the Court under seal, un-redacted copies of all documents for which it asserts a privilege.

5.     In responding to this request, for each document furnished, documents are to be produced in full and in their unexpurgated form.   Redacted documents shall not constitute compliance with this request, unless such documents are redacted pursuant to any claim of privilege as set forth in paragraph 4 above.

6.     In responding to this request, for each document furnished, documents shall be produced in their original language (e.g., Mandarin, German) and shall include any translations of such documents, whether such translations were performed prior to or subsequent to the date of these requests.

7.     All hard copy documents and electronically stored information (ESI) produced in response to this request shall be organized and labeled either to correspond with the number of the specific request to which the documents are responsive or shall be produced in the order, format, and manner in which they are kept in the usual course of business. With respect to the production of electronically stored

Please contact Hugh P. Lambert, Esq., of Lambert & Nelson, PLC, at (504) 581-1750 or hlambert@lambertandnelson.com with any questions regarding this Notice.

information, all ESI that is demanded is to be produced in its native usable format, as maintained on the computer storage systems, regardless of whether such ESI exists (and/or may have been copied and/or otherwise converted) in more than one electronic format.

      8.    In responding to this request, for each document furnished, each page of a produced document shall have a legible, unique page identifier ("Bates Number") electronically "burned" onto the image at a location that does not obliterate, conceal, or interfere with any information from the source document (e.g., for ABC Defendant, Inc. "ABC001"; "ABC002"). No other legend or stamp will be placed on the document image other than a confidentiality legend (where applicable) redactions (consistent with the Stipulated Protective Order in this matter), and the Bates Number identified above. The confidential legend shall be "burned" onto the document's image at a location that does not obliterate or obscure any information from the source document.

## DEPOSITION TOPICS – EXHIBIT A

      Pursuant to Rule 30(b)(6), please produce for deposition one or more of your officers, directors, managing agents, or other persons who consent to testify on its behalf concerning the following subject matters:

1.    All policies of insurance which you believe should provide insurance coverage for the claims made against you in this litigation.

2.    Any and all policies of insurance, issued to you or which you claim provide coverage in effect from 2005 through the present; including, but not limited to, any and all C.G.L., excess and/or umbrella policies and state the following: policy holder, policy limits, policy terms, policy period, policy provider/insurance carrier, agent or underwriter that provided and/or sold the policy in effect or any and all policies of insurance in full force and effect from 2005 through the present.

3.    Public Management Liability policies for directors of the corporation, if any;

4.    Primary Policies from 2005 to the present;

5.    Errors and Omissions policies, from 2005 to the present;

6.    Any and all claims made by you to your insurers related to the subject matter of the instant litigation.

7.    Any and all correspondence between you and insurance brokers and/ or agents relative to claims made related to the subject matter of the instant litigation; including, but not limited to coverage, scope of coverage, demand for defense, demand for indemnification, reservation(s) of rights, and denial(s) of any potential coverage.

8.    Any and all correspondence/information regarding investigations conducted by insurers pursuant to the insured's request for coverage.

Please contact Hugh P. Lambert, Esq., of Lambert & Nelson, PLC, at (504) 581-1750 or hlambert@lambertandnelson.com with any questions regarding this Notice.

## DOCUMENT REQUESTS – EXHIBIT B

Pursuant to Rules 30(b)(2) and 34 of the Federal Rules of Civil Procedure, please produce the following:

1.    Certified copies of any and all documents relative to numbers 1 through 8 of above.

Please contact Hugh P. Lambert, Esq., of Lambert & Nelson, PLC, at (504) 581-1750 or hlambert@lambertandnelson.com with any questions regarding this Notice.