UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTION LIABILITY LITIGATION | MDL No. 2047 |
| | SECTION: L |
| **THIS DOCUMENT RELATES TO:** | JUDGE FALLON |
| Case No. 09-7628<br>Sean Payton, et al v. Knauf Gips KG, et al | MAGISTRATE WILKINSON |

### COX LUMBER CO.'S OBJECTION TO PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION AND SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION; MOTION TO QUASH AND/OR FOR PROTECTIVE ORDER

**NOW COMES** Cox Lumber Co., by its undersigned counsel and pursuant to the Federal Rules of Procedure, including without limitation Rules 34 and 45, submits the following objections and motion responsive to the subpoenas issued by Plaintiffs herein and attached hereto as Exhibits "A" and "B" showing as follows:

**PRELIMINARY STATEMENT**

The subpoenas attached hereto as Exhibits "A" and "B" were served and/or delivered on 6 April 2010 and call for the production of documents and witness depositions on 9 and 16 April respectively. These objections and motion are made without waiver of Cox Lumber Co.'s defenses to Plaintiffs' Complaint, and Cox Lumber Co. expressly reserves said defenses, including without limitation Cox Lumber Co.'s defenses to said complaint under Rule 12(b) of the Federal Rules of Civil Procedure.

**OBJECTION TO SUBPOENA**

1.

Cox Lumber Co. objects to the subpoenas as premature pending the disposition of Cox Lumber Co.'s Rule 12(b) defenses on file in this litigation, including without limitation Cox Lumber Co.'s objections to this Court's assertion of in personam jurisdiction over Cox Lumber Co.

2.

Cox Lumber Co. objects to the subpoenas because they fail to provide reasonable notice as required by the Federal Rules and the standing rules and orders of this Court.

3.

Cox Lumber Co. objects to the subpoenas because they are duplicative of the Profile Form information already provided for in this litigation.

4.

Cox Lumber Co. objects to the subpoenas for lack of proper service of process and citation.

5.

Cox Lumber Co. objects to the subpoenas because they request data and documents that are irrelevant to any currently justiciable issue in this litigation, nor are they reasonable calculated to lead to the discovery of admissible evidence.

6.

Cox Lumber Co. objects to the subpoenas to the extent that they impose requirements on Cox Lumber Co. that are different to, other than, in addition to, or more burdensome than the requirements imposed by the applicable Rules of Civil Procedure and the standing rules and orders of this Court.

7.

Cox Lumber Co. objects to the subpoenas to the extent they require a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person.

8.

Cox Lumber Co. objects to the subpoena's request for the production of documents which are "related to" or "regarding" a particular topic (or requests using similar terminology) for the reason that such requests are overly broad, vague, unduly burdensome, and fail to identify with sufficient particularity the items requested for production.

9.

Cox Lumber Co. further objects to the production of any documents in response to said subpoenas until an agreed Confidentiality Agreement and/or Protective Order in satisfactory form(s) is/are signed and returned to Cox Lumber Co.

10.

Cox Lumber Co. objects to the subpoena's request for the personal appearance of a records custodian at the specified date, time and location for the reasons that such personal appearance presents an undue burden on involved personnel and attorneys.

11.

Cox Lumber Co. objects to any date, time and place scheduling of any deposition without prior consult with or sufficient notice to Cox Lumber Co. and/or any necessary witness and without appropriate service of process. Such scheduling presents an undue burden on the business and personal scheduling of any involved witnesses or attorneys.

12.

Cox Lumber Co. objects to the production of documents that are more readily or as easily obtainable by the requesting party from third parties and/or other parties to the pending litigation as they are from Cox Lumber Co.

13.

Cox Lumber Co. objects to the production of any documents that contain proprietary information, trade secrets or other confidential research, development or commercial information.

14.

Cox Lumber Co. objects to the subpoena to the extent it calls for documents encompassed by privilege or other exemption from discovery; including without limitation attorney-client, accountant-client, work product and/or any other applicable privilege or exemption from discovery. Requests for documents concerning correspondence and other communications between Cox Lumber Co. and its insurer regarding the pending litigation are among the documents requested by Plaintiffs that are protected or are exempted from discovery by privilege or other exemption.

15.

Cox Lumber Co. objects to the subpoenas for failure to provide sufficient notice and reasonable time within which to respond to same.

16.

Cox Lumber Co. objects to the subpoenas because the requests for documents contained therein are, on their face, vague, ambiguous, overly broad, burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

17.

Cox Lumber Co. objects to the Subpoenas to the extent they call for the production of documents that are confidential, proprietary, trade secret and/or encompassed by privacy interest as to Cox Lumber Co. and/or any third party.

**MOTION TO QUASH AND ALTERNATIVE MOTION FOR PROTECTIVE ORDER**

Pursuant to Rules 45(c)(2)(B) and (3)(A) of the Federal Rules of Civil Procedure, the aforementioned objections support this Court's quashing of the aforementioned subpoenas and/or

the entry of a protective order that the requested discovery not be allowed until further clarification from this Court regarding the scope of permissible discovery herein.

ACCORDINGLY, Cox Lumber Co. respectfully request that its objections to the aforementioned subpoenas be sustained, that this Court quash said subpoenas and/or for such other and further relief to which Cox Lumber Co. may be entitled.

    Respectfully submitted,

    DAIGLE FISSE & KESSENICH, PLC

    BY: */s/ Michael D. Fisse*
    Michael D. Fisse (#19270)
    James L. Bradford, III (#23662)
    Klint E. Beckendorf (#32336)
    P. O. Box 5350
    Covington, LA  70434-5350
    Telephone:     985.871.0800
    Facsimile:      985.871.0899
    E-mail:  mfisse@daiglefisse.com

    ATTORNEYS FOR DEFENDANT,
    COX LUMBER CO.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing **COX LUMBER CO.'S OBJECTION TO PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION AND SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION; MOTION TO QUASH AND/OR FOR PROTECTIVE ORDER** has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 9th day of April, 2010.

/s/ Michael D. Fisse