## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL No. 2047 |
| | * | SECTON "L" |
| THIS DOCUMENT RELATES TO: | * * | |
| Sean and Beth Payton, et al | * * | JUDGE FALLON |
| vs. | * * | |
| Knauf Gips, KG, et al | * * | MAG. JUDGE WILKINSON |
| Case No. 2:09-cv-07628-EEF-JCW | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### STEVEN R. CARTER, INC.'S
### ANSWER, AFFIRMATIVE DEFENSES, RULE 12 DEFENSES TO
### PLAINTIFFS' OMNIBUS CLASS ACTION COMPLAINT
### AND DEMAND FOR JURY TRIAL

**NOW INTO COURT**, through undersigned counsel, comes **Steven R. Carter, Inc.**, sought to be made defendant herein, which files the following Answer, Affirmative Defenses, Rule 12 Defenses and Demand for Jury Trial in response to Plaintiffs' "Omnibus Class Action Complaint (I)" ("Complaint").

a.      The allegations in the first, unnumbered Paragraph in Plaintiffs' Complaint are not directed at Steven R. Carter, Inc., and require no response from Steven R. Carter, Inc.  In the event a response is required, Steven R. Carter, Inc., denies that it is liable for damages incurred by Plaintiffs and denies the remaining allegations in this first, unnumbered Paragraph for lack of information sufficient to form a belief as to the truth of the allegations.

### JURISDICTION, PARTIES, AND VENUE

1.      The allegations in Paragraph 1 assert legal conclusions to which no response is required.  To the extent a response is require, Steven R. Carter, Inc., states that it is a Florida

1

corporation with its principle place of business in Florida.  Steven R. Carter, Inc., denies the remaining allegations in Paragraph 1 because Plaintiffs are entitled to no recovery from Steven R. Carter, Inc.

2.     The allegations in Paragraph 2 assert legal conclusions to which no response is required.  To the extent a response is required, Steven R. Carter, Inc., denies the allegations in Paragraph 2 for lack of information sufficient to form a belief as to the truth of the allegations.

3.     The allegations in Paragraph 3 assert legal conclusions to which no response is required.  To the extend that a response is required, Steven R. Carter, Inc., denies the allegations in Paragraph 3 for lack of information sufficient to form a belief as to the truth of the allegations, but Steven R. Carter, Inc., acknowledges that venue in this district for coordinated or consolidated pretrial proceedings is consistent with the Transfer Order of the Judicial Panel on Multidistrict Litigation (JPML).  *See In re: Chinese-Manufactured Drywall Products Liability Litigation*, 629 F.Supp.2d 1346 (J.P.M.L. Jun. 15, 2009).

## PLAINTIFFS

4.     The allegations in Paragraph 4 are not directed at Steven R. Carter, Inc., and require no response from Steven R. Carter, Inc.  In the event a response is required, Steven R. Carter, Inc., denies the allegations in paragraph 4 for lack of information sufficient to form a belief as to the truth of the allegations.

5-2072.  The allegations in Paragraphs 5-2072 are not directed at Steven R. Carter, Inc., and require no response from Steven R. Carter, Inc.  In the event a response is required, Steven R. Carter, Inc., denies the allegations in Paragraphs 5-2072 for lack of information sufficient to form a belief as to the truth of the allegations.

## DEFENDANTS

2073-2609.  In response to the allegations in Paragraphs 2073-2609, Steven R. Carter, Inc., admits that it is a Florida corporation with its principle place of business in Florida.  Steven R. Carter, Inc., denies that it has engaged in practices which resulted in harm and damage to Plaintiffs or any proposes class or subclass members.  The remaining allegations in paragraphs 2073-2609 are not directed at Steven R. Carter, Inc., and require no response from Steven R. Carter, Inc.  In the event a response is required, Steven R. Carter, Inc., denies the remaining allegations in paragraphs 2073-2609 for lack of information sufficient to form a belief as to the truth of the allegations.

## FACTS REGARDING PRODUCT DEFECT

2610-2620.  Steven R. Carter, Inc., denies the allegations in Paragraphs 2610-2620 to the extent that they are directed to Steven R. Carter, Inc.  The remaining allegations in Paragraphs 2610-2620 are not directed at Steven R. Carter, Inc., and require no response from Steven R. Carter, Inc.,

## CLASS ACTION ALLEGATIONS

2621.   A response to Paragraph 2621 is not required of Steven R. Carter, Inc.

2622-2623.  A response to Paragraphs 2622-2623 is not required by Steven R. Carter, Inc.

2624-2625.  A response to Paragraphs 2624-2625 is not required by Steven R. Carter, Inc.

2626-2627.  Steven R. Carter, Inc., denies the allegations in Paragraphs 2626-2627 for lack of information sufficient to form a belief as to the truth of the allegations.

2628-2629.  A response to Paragraphs 2628-2629 is not required by Steven R. Carter, Inc.

2630-2631.  A response to Paragraphs 2630-2631 is not required by Steven R. Carter, Inc.  To the extent that a response is required, Steven R. Carter, Inc., denies the allegations in Paragraphs 2630-2631 for lack of information sufficient to form a belief as to the truth of the allegations.

2632-2634.  Denied.

2635.    Steven R. Carter, Inc., denies the allegations in Paragraph 2635 for lack of information sufficient to form a belief as to the truth of the allegations.

2636-2639.  Denied.

## COUNT I – NEGLIGENCE

2640.  In response to Paragraph 2640, Steven R. Carter, Inc., restates its responses to the preceding paragraphs.

2641.  This Paragraph asserts legal conclusions requiring no response by Steven R. Carter, Inc.  To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.  To the extent that this Paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2642.  To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.  To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2643.   To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.   To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2644.   To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.   To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2645.   To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.   To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2646.   To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.   To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2647.   To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.   To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

## COUNT II – NEGLIGENCE PER SE

2648.   In response to Paragraph 2648, Steven R. Carter, Inc., restates its responses to the preceding paragraphs.

2649.  This Paragraph is vague and ambiguous because it does not identify any applicable statutes and therefore requires no responses by Steven R. Carter, Inc.  Furthermore, this Paragraph asserts legal conclusions requiring no response by Steven R. Carter, Inc.  To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied for lack of information sufficient to form a belief as to the truth of the allegations.  To the extent that this Paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2650.  This Paragraph is vague and ambiguous because it does not identify any applicable statutes and therefore requires no responses by Steven R. Carter, Inc.  To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.  To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2651.  This Paragraph is vague and ambiguous because it does not identify any applicable statutes and therefore requires no responses by Steven R. Carter, Inc.  To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.  To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2652.  To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.  To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2653.  To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.  To the extent that this paragraph is directed at other

defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2654. To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied. To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

## COUNT III – STRICT LIABILITY

2655. In response to Paragraph 2655, Steven R. Carter, Inc., restates its responses to the preceding paragraphs.

2656. This Paragraph is vague and ambiguous, including in its use of the phrase "at all times relevant hereto," and requires no response by Steven R. Carter, Inc. To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied. To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2657. This Paragraph is vague and ambiguous and therefore requires no response. To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied. To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2658. To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied. To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2659.  To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.  To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2660.  To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied for lack of information sufficient to form a belief as to the truth of the allegations.  To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2661.  To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied for lack of information sufficient to form a belief as to the truth of the allegations.  To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2662.  To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied for lack of information sufficient to form a belief as to the truth of the allegations.  To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2663.  This Paragraph asserts legal conclusions requiring no response by Steven R. Carter, Inc.  To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.  To the extent that this Paragraph is directed at other

defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2664.  This Paragraph asserts legal conclusions requiring no response by Steven R. Carter, Inc.  To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.  To the extent that this Paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2665.  This Paragraph asserts legal conclusions requiring no response by Steven R. Carter, Inc.  To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.  To the extent that this Paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2666.  This Paragraph asserts legal conclusions requiring no response by Steven R. Carter, Inc.  To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.  To the extent that this Paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2667.  This Paragraph asserts legal conclusions requiring no response by Steven R. Carter, Inc.  To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.  To the extent that this Paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2668.  This Paragraph asserts legal conclusions requiring no response by Steven R. Carter, Inc.  To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.  To the extent that this Paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2669.  To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied for lack of information sufficient to form a belief as to the truth of the allegations.  To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2670.  To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.  To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2671.  To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.  To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2672.  To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.  To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

## COUNT IV – BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES

2673.   In response to Paragraph 2673, Steven R. Carter, Inc., restates its responses to the preceding paragraphs.

2674.   To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.   To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2675. To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.   To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2676. To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.   To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2677. To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.   To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2678. To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.   To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2679. To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied. To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2680. This Paragraph asserts legal conclusions requiring no response by Steven R. Carter, Inc. To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied. To the extent that this Paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

### COUNT V – BREACH OF THE IMPLIED WARRANTY OF FITNESS AND MERCHANTABILITY PURSUANT TO FLORIDA STATUTES SECTION 718.203

2681-2692. The allegations in Paragraphs 2681-2692 are directed at builders of Florida condominiums and require no response from Steven R. Carter, Inc. To the extent that these Paragraphs are directed at Steven R. Carter, Inc., and require a response, their allegations are denied for lack of information sufficient to form a belief as to the truth of the allegations. To the extent that these Paragraphs are directed at other defendants, their allegations are denied for lack of information sufficient to form a belief as to the truth of the allegations.

### COUNT VI – BREACH OF THE IMPLIED WARRANTY OF HABITABILITY

2693. In response to Paragraph 2693, Steven R. Carter, Inc., restates its responses to the preceding paragraphs.

2694. To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied. To the extent that this paragraph is directed at other

defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2695.   To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied for lack of information sufficient to form a belief as to the truth of the allegations.  To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2696.   To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied for lack of information sufficient to form a belief as to the truth of the allegations.  To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2697.   To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.  To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2698.   To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.  To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2699.   To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.  To the extent that this paragraph is directed at other

defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

**COUNT VII – BREACH OF CONTRACT**

2700.  In response to Paragraph 2700, Steven R. Carter, Inc., restates its responses to the preceding paragraphs.

2701.  To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.  To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2702.  To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.  To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2703.  To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.  To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

**COUNT VIII – VIOLATION OF THE LOUISIANA NEW HOME WARRANTY ACT**

2704-2710.  The allegations in Paragraphs 2704-2710 are directed at "Louisiana Builders Only" and require no response from Steven R. Carter, Inc.  To the extent that these Paragraphs are directed at Steven R. Carter, Inc., and require a response, their allegations are denied for lack of information sufficient to form a belief as to the truth of the allegations.  To the extent that

14

these Paragraphs are directed at other defendants, their allegations are denied for lack of information sufficient to form a belief as to the truth of the allegations.

## COUNT IX – REDHIBITION

2711-2720.   The allegations in Paragraphs 2711-2720 are brought "by Louisiana Plaintiffs" and require no response from Steven R. Carter, Inc.   To the extent that these Paragraphs are directed at Steven R. Carter, Inc., and require a response, their allegations are denied for lack of information sufficient to form a belief as to the truth of the allegations.   To the extent that these Paragraphs are directed at other defendants, their allegations are denied for lack of information sufficient to form a belief as to the truth of the allegations.

## COUNT X – LOUISIANA PRODUCTS LIABILITY ACT

2721-2734.   The allegations in Paragraphs 2721-2734 are "Pleaded in the Alternative Against Distributor Defendants" by Louisiana Plaintiffs and require no response from Steven R. Carter, Inc.   To the extent that these Paragraphs are directed at Steven R. Carter, Inc., and require a response, their allegations are denied for lack of information sufficient to form a belief as to the truth of the allegations.   To the extent that these Paragraphs are directed at other defendants, their allegations are denied for lack of information sufficient to form a belief as to the truth of the allegations.

## COUNT XI – PRIVATE NUISANCE

2735.   In response to Paragraph 2735, Steven R. Carter, Inc., restates its responses to the preceding paragraphs.

2736. To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.   To the extent that this paragraph is directed at other

defendants, Steven R. Carter, Inc. denies for lack of information sufficient to form a belief as to the truth of the allegations.

2737.   To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.   To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2738.   To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.   To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2739.   To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.   To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2740.   To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.   To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2741.   To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.   To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

## COUNT XII – NEGLIGENCE DISCHARGE OF A CORROSIVE SUBSTANCE

2742.   In response to Paragraph 2742, Steven R. Carter, Inc., restates its responses to the preceding paragraphs.

2743.   To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.   To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2744.   To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.   To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2745.   To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.   To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2746.   To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.   To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2747.   To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.   To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2748.   To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.   To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

## COUNT XIII – UNJUST ENRICHMENT

2749.   In response to Paragraph 2749, Steven R. Carter, Inc., restates its responses to the preceding paragraphs.

2750.   To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.   To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2751.   To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.   To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2752.   To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.   To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

## COUNT XIV – VIOLATION OF CONSUMER PROTECTION ACTS

2753.   In response to Paragraph 2753, Steven R. Carter, Inc., restates its responses to the preceding paragraphs.

2754.  This Paragraph asserts legal conclusions requiring no response by Steven R. Carter, Inc.  To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.   To the extent that this Paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2755.  To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.   To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2756.  To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.   To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2757.  To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.   To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

## COUNT XV – EQUITABLE AND INJUNCTIVE RELIEF
## AND MEDICAL MONITORING

2758.  In response to Paragraph 2758, Steven R. Carter, Inc., restates its responses to the preceding paragraphs.

2759.  This Paragraph asserts legal conclusions requiring no response by Steven R. Carter, Inc.  To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a

response, its allegations are denied.   To the extent that this Paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2760.   To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.   To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2761.   To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.   To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2762.   This Paragraph asserts legal conclusions requiring no response by Steven R. Carter, Inc.  To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.   To the extent that this Paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2763.   To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.   To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2764.   To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.   To the extent that this paragraph is directed at other

defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2765.   To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.   To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2766.   To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.   To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2767.   To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.   To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2768.   To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.   To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2769.   To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied.   To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

2770. To the extent that this Paragraph is directed at Steven R. Carter, Inc., and requires a response, its allegations are denied. To the extent that this paragraph is directed at other defendants, Steven R. Carter, Inc., denies for lack of information sufficient to form a belief as to the truth of the allegations.

## STEVEN R. CARTER, INC.'S JURY DEMAND

Steven R. Carter, Inc., also hereby demands a trial by jury.

## STEVEN R. CARTER, INC.'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

This case cannot proceed as a class action under Fed. R. Civ. Pro. 23(a) because the class is not so numerous that joinder of all members is impracticable, there are not questions of law or fact common to the class, the claims or defenses of the proposed representatives are not typical of the claims or defenses of the class, and/or the representative parties will not fairly and adequately protect the interests of any proposed class. Additionally, Plaintiffs do not meet any of the requirements of Fed. R. Civ. Pro. 23(b) because it would be appropriate for any prospective class members to prosecute separate actions, Steven R. Carter, Inc., did not act or refuse to act on grounds that apply generally to the class such that injunctive or declaratory relief is appropriate, and any questions of law or fact common to the proposed class members do not predominate over questions affecting only individual members and a class action is not superior to other methods of adjudicating claims.

### THIRD AFFIRMATIVE DEFENSE

Steven R. Carter, Inc., is not subject to, nor has it submitted to, the personal jurisdiction of this Court, and the Eastern District of Louisiana is an improper venue for proceedings against Steven R. Carter, Inc., pursuant to Fed. R. Civ. Pro. 12(b)(2) and (3).

### FOURTH AFFIRMATIVE DEFENSE

To the extent that some or all of the Plaintiffs seek application of a state's law other than the state law that governs pursuant to an appropriate choice-of-law analysis, such claims are barred by the Supremacy Clause of the United States Constitution as violative of the Due Process and Full Faith and Credit Clauses.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint fails to join a party under Rule 19 including without limitation the manufacturer(s), supplier(s), installer(s), and/or importer(s) of drywall.

### SIXTH AFFIRMATIVE DEFENSE

As to Steven R. Carter, Inc.,, Count I of Plaintiffs' Complaint fails to state a cause of action Against Steven R. Carter, Inc., and fails to state sufficient facts upon which relief may be granted.

### SEVENTH AFFIRMATIVE DEFENSE

As to Steven R. Carter, Inc., Count II of Plaintiffs' Complaint fails to state a cause of action against Steven R. Carter, Inc., and fails to state sufficient facts upon which relief may be granted.

### EIGHTH AFFIRMATIVE DEFENSE

As to Steven R. Carter, Inc., Count III of Plaintiffs' Complaint fails to state a cause of action against Steven R. Carter, Inc., and fails to state sufficient facts upon which relief may be granted.

### NINTH AFFIRMATIVE DEFENSE

As to Steven R. Carter, Inc., Count IV of Plaintiffs' Complaint fails to state a cause of action against Steven R. Carter, Inc., and fails to state sufficient facts upon which relief may be granted.

### TENTH AFFIRMATIVE DEFENSE

As to Steven R. Carter, Inc., Count V of Plaintiffs' Complaint fails to state a cause of action against Steven R. Carter, Inc., and fails to state sufficient facts upon which relief may be granted.

### ELEVENTH AFFIRMATIVE DEFENSE

As to Steven R. Carter, Inc., Count VI of Plaintiffs' Complaint fails to state a cause of action against Steven R. Carter, Inc., and fails to state sufficient facts upon which relief may be granted.

### TWELFTH AFFIRMATIVE DEFENSE

As to Steven R. Carter, Inc., Count VII of Plaintiffs' Complaint fails to state a cause of action against Steven R. Carter, Inc., and fails to state sufficient facts upon which relief may be granted.

## THIRTEENTH AFFIRMATIVE DEFENSE

As to Steven R. Carter, Inc., Count VIII of Plaintiffs' Complaint fails to state a cause of action against Steven R. Carter, Inc., and fails to state sufficient facts upon which relief may be granted.

## FOURTEENTH AFFIRMATIVE DEFENSE

As to Steven R. Carter, Inc., Count IX of Plaintiffs' Complaint fails to state a cause of action against Steven R. Carter, Inc., and fails to state sufficient facts upon which relief may be granted.

## FIFTEENTH AFFIRMATIVE DEFENSE

As to Steven R. Carter, Inc., Count X of Plaintiffs' Complaint fails to state a cause of action against Steven R. Carter, Inc., and fails to state sufficient facts upon which relief may be granted.

## SIXTEENTH AFFIRMATIVE DEFENSE

As to Steven R. Carter, Inc., Count XI of Plaintiffs' Complaint fails to state a cause of action against Steven R. Carter, Inc., and fails to state sufficient facts upon which relief may be granted.

## SEVENTEENTH AFFIRMATIVE DEFENSE

As to Steven R. Carter, Inc., Count XII of Plaintiffs' Complaint fails to state a cause of action against Steven R. Carter, Inc., and fails to state sufficient facts upon which relief may be granted.

## EIGHTEENTH AFFIRMATIVE DEFENSE

As to Steven R. Carter, Inc., Count XIII of Plaintiffs' Complaint fails to state a cause of action against Steven R. Carter, Inc., and fails to state sufficient facts upon which relief may be granted.

## NINETEENTH AFFIRMATIVE DEFENSE

As to Steven R. Carter, Inc., Count XIV of Plaintiffs' Complaint fails to state a cause of action against Steven R. Carter, Inc., and fails to state sufficient facts upon which relief may be granted, including but not limited to plaintiffs' failure to identify Steven R. Carter, Inc.'s allegedly deceptive act or unfair practice.

## TWENTIETH AFFIRMATIVE DEFENSE

As to Steven R. Carter, Inc., Count XV of Plaintiffs' Complaint fails to state a cause of action against Steven R. Carter, Inc., and fails to state sufficient facts upon which relief may be granted.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim under the law for strict liability.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim under the law for attorney fees or penalties.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim under the Alabama Deceptive Trade Practices Act and/or the Florida Deceptive and Unfair Trade Practices Act.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Steven R. Carter, Inc., did not know nor could have known of any alleged defect.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Steven R. Carter, Inc., did not have reasonable or adequate notice of a claim.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Steven R. Carter, Inc., complied with all warranties, whether implied or express.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Steven R. Carter, Inc., owed no duty to the plaintiffs.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the applicable law of prescription, laches, estoppel, waiver, applicable statutes of limitation, and applicable statutes of repose, including but not limited to the limitations for claims brought under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 95.11(3)(f), and/or the Alabama Deceptive Trade Practices Act, Ala. Code 1975 § 8-19-14.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Steven R. Carter, Inc., denies liability on the basis of contributory/comparative negligence to the extent that Plaintiffs' damages, if any, were the result of acts or omissions of the Plaintiffs or of other parties, named or unnamed in this action, for which Steven R. Carter, Inc., bears no control or responsibility.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs damages, if any, were caused by sources other than Chinese-manufactured drywall.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims against Steven R. Carter, Inc., are premature and must be stayed pursuant to F.S. 558.003 insofar as Plaintiffs did not serve written notice on Steven R. Carter, Inc., individually pursuant to Chapter 558, Florida Statutes, governing construction defects.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs fail to plead actual damages but have merely asserted speculative claims or possible losses.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs fail to state a cause of action for their economic damages, if any, not rooted in contract or governmental mandate.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs lack the requisite consideration and/or privity of contract with Steven R. Carter, Inc., to assert contract and/or express/implied warranty claims, including but not limited to claims under implied warranties of habitability.  Alternatively, plaintiffs' claims are barred to the extent that they noticed outside the warranties' terms.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

To the extent that contractual privity exists between Plaintiffs and Steven R. Carter, Inc., which is denied, there have been material breaches of the terms and conditions of such contracts and Plaintiffs are entitled to no relief thereon.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs assumed the risk of all damages, if any, of which they now complain.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Steven R. Carter, Inc., under the Florida Deceptive and Unfair Trade Practices Act are waived by the doctrine of assumption of the risk.  Alternatively, to the extent that contractual privity exists between Plaintiffs and Steven R. Carter, Inc., which is denied, Plaintiffs waived by contract any claims under the Florida Deceptive and Unfair Trade Practices Act.  Furthermore, Steven R. Carter, Inc., did not knowingly commit any act or knowingly engage in any activity which constitutes a violation of the Florida Deceptive and Unfair Trade Practices Act.  Steven R. Carter, Inc., expressly reserves its right to assert all defenses available under F.S. § 501.201, *et seq.*

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Steven R. Carter, Inc., under the Alabama Deceptive Trade Practices Act are waived by the doctrine of assumption of the risk.  Alternatively, to the extent that contractual privity exists between Plaintiffs and Steven R. Carter, Inc., which is denied, Plaintiffs waived by contract any claims under the Alabama Deceptive Trade Practices Act. Furthermore, Steven R. Carter, Inc., did not knowingly commit any act or knowingly engage in any activity which constitutes a violation of the Alabama Deceptive Trade Practices Act.  Steven R. Carter, Inc., expressly reserves its right to assert all defenses available under Ala. Code 1975 § 8-19-1, *et seq.*

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Any alleged conduct or omission by Steven R. Carter, Inc., was not the cause in fact or proximate cause of any injury alleged by Plaintiffs.

### FORTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by their failure to mitigate damages. Alternatively, Plaintiffs' recovery must be reduced by those damages, if any, that the Plaintiffs failed to mitigate.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Steven R. Carter, Inc., complied with all local, municipal, state, federal, and international building codes, including but not limited to the International Building Code (IBC).

### FORTY-SECOND AFFIRMATIVE DEFENSE

At all pertinent times, Steven R. Carter, Inc., followed manufacturers' design/installation specifications, which bars Plaintiffs' recovery.

### FORTY-THIRD AFFIRMATIVE DEFENSE

Steven R. Carter, Inc., performed all services in a workman-like manner for which Steven R. Carter, Inc., was paid a proper and adequate sum.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to injunctive relief in that they fail to assert evidence of irreparable harm.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which exemplary or punitive damages may be awarded.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

Steven R. Carter, Inc., asserts herein all constitutional defenses to an award of punitive damages, including but not limited to those set forth within:

(a)        Article I, Sections 1, 6, 11, 13, 15, and 22 of the Constitution of the State of Alabama, separately and severally;

(b)        Article I, Sections 9, 10, and 17 of the Constitution of the State of Florida, separately and severally;

(c)        Article I, Section 8 of and the Fifth, Fourteenth, and Eighth Amendments to United States Constitution, separately and severally; and

(d)        Similar provisions under the constitutions of the United States, Alabama, Florida, or other states.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

Steven R. Carter, Inc., pleads all rights and defenses to Plaintiffs' prayer for punitive damages, including but not limited to those found under Fla. Stat. § 768.72, *et seq.*, and Ala. Code 1975 § 6-11-20, *et seq.*

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' medical monitoring claims are barred, in whole or in part, because there is no independent cause of action for medical monitoring and Plaintiffs must first prove some other tort to seek damages which constitute medical monitoring.

## FORTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' medical monitoring claims are barred, in whole or in part, because Plaintiffs have not alleged and cannot prove all of the required elements.

## FIFTIETH AFFIRMATIVE DEFENSE

Plaintiffs' medical monitoring claims are barred, in whole or in part, because the medical monitoring sought by Plaintiffs is not directly related to a manifest or current physical or mental injury or disease caused by exposure.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

Steven R. Carter, Inc., incorporates herein by reference, as if pleaded *in extensio*, each and every affirmative defense pleaded by similarly-situated Defendants.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is couched in conclusory terms and Steven R. Carter, Inc., cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, Steven R. Carter, Inc., specifically reserves the right to assert additional affirmative defenses, if and to the extent such affirmative defenses are applicable.

### FIFTY-THIRD AFFIRMATIVE DEFENSE

Steven R. Carter, Inc., reserves the right to supplement and to amends its answer, if necessary, as additional facts or information are discovered.

**FURTHER ANSWERING**, Steven R. Carter, Inc., expressly reserves the right to amend this Answer to add additional defenses as they become known to Steven R. Carter, Inc. Steven R. Carter, Inc., also reserves the right to file any related claims including cross-claims or counterclaims as the facts supporting such claims become known.

**WHEREFORE**, Steven R. Carter, Inc., Construction Company, sought to be made defendant herein, prays that this, its Answer, Affirmative Defenses, Rule 12 Defenses to Plaintiffs' Omnibus Class Action Complaint and Demand for Jury Trial be deemed good and sufficient, and that after due proceedings be had, there be judgment in favor of Steven R. Carter, Inc., and against Plaintiffs, denying the class certification sought by the Complaint, dismissing Plaintiffs' Complaint with prejudice and at Plaintiffs' costs, and for all other equitable and general relief.

Respectfully submitted,

**ADAMS AND REESE LLP**

s/Christopher A. D'Amour
CHRISTOPHER A. D'AMOUR (#26252)
DAVID C. COONS (#32403)
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, LA 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
*Attorneys for Defendant Steven R. Carter, Inc.,*
*Construction Company*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6 and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 9th day of April, 2010.

s/Christopher A. D'Amour