IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LITIGATION | * * * | MDL NO. 2047 |
| | * | SECTION: "L" |
| THIS DOCUMENT RELATES TO: CHINESE DRYWALL MASTER CASE | * * * | |
| | * * | JUDGE FALLON MAG. JUDGE WILKINSON |

*********************************************

### RESIDENTIAL DRYWALL INC.'S OBJECTION TO AND MOTION TO QUASH PLAINTIFFS' SUBPOENA FOR TESTIMONY AND SUBPOENA FOR PRODUCTION AND MOTION FOR PROTECTIVE ORDER

Defendant, Residential Drywall, Inc. ("Residential"), by special appearance[1] of its undersigned counsel and pursuant to Fed.R.Civ.P. 45(c) and 26(c), hereby submits the following objections to the two subpoenas issued by Plaintiffs and hereby moves the Court to enter an order quashing Plaintiffs' Subpoena for Testimony and Plaintiffs' Subpoena for Production of Documents served upon Residential and granting its Motion for Protective Order. These Objections and Motions are warranted given the following: both of Plaintiffs' subpoenas were served without providing reasonable notice, the Subpoenas are overly broad and unduly burdensome, the subpoenas are not limited in time and scope, the subpoenas seek information that is not relevant to any pending case

---

[1] Residential has been served with a copy of the summons and complaint in Payton v. Knauf Gips, KG et al., Case No. 0907628, and has been responded by special appearance with a motion to dismiss for lack of jurisdiction. The subpoenas in this matter reference only the Chinese Drywall MDL Master Case. However, to the extent that anyone attempts to argue that this is a pleading in the Payton matter, which it is not. it should be noted that this appearance is special, preserving all objections to jurisdiction in Louisiana over Residential.

1

regarding Chinese Drywall, the subpoenas seek information that is not reasonably calculated to lead to discoverable material, the subpoenas were not served in connection to the one case in which Residential was named as a party, the subpoenas seek proprietary information, trade secrets or other confidential research, development or commercial information, the subpoenas are harassing in nature, the subpoenas do not contain the provision of Rule 45 as it states on the subpoena, the subpoenas are vague and ambiguous, the subpoenas were served under the auspices of an action that does not exist and involves no parties, all of the attachment to the subpoenas were not served upon Residential, specifically there was no Exhibit A, which states the areas of inquiry and the types of documents to be produced, the subpoenas impose requirements on Residential that are different to, other than, in addition to, or more burdensome than the requirements imposed by the applicable rules of civil procedure, the subpoenas request information which is "related to" or "regarding" topics (or using similar terminology) and are overly broad, vague, unduly burdensome, and fail to identify with sufficient particularity the information requested, the subpoenas call for information that is more readily or as easily obtainable by the requesting party from third parties, the subpoenas call for information encompassed by privilege or other exemption from discovery, including without limitation attorney-client, accountant-client, work-product and/or any other applicable privilege or exemption from discovery, and the subpoenas call for information encompassed by privacy interests of Residential and/or third parties. Residential reserves the right to assert additional objections as warranted under the Rules of Civil Procedure. A memorandum of law in support of this motion is attached.

WHEREFORE, Defendant Residential Drywall, Inc., respectfully requests that the court enter an order quashing Plaintiffs' Subpoena for Production and Subpoena for Testimony, or in the

alternative enter a protective order providing that Residential shall not be required to make production at this time, and only after a reasonable opportunity to gather and review materials and be reasonably limited in scope to preserve Residential's privileged records and to only mandate production of non-objectionable documents, and providing such other and further relief as the court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing OBJECTION TO AND MOTION TO QUASH PLAINTIFF'S SUBPOENA FOR TESTIMONY AND SUBPOENA FOR PRODUCTION AND MOTION FOR PROTECTIVE ORDER has been served on Plaintiffs' Liaison Counsel, Russ Herman (drywall@hhkc.com), and Defendants' Liaison Counsel, Kerry Miller (kmiller@frilot.com), by U. S. Mail, email, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the USDC for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 9th day of April, 2010.

SELLARS, MARION & BACHI, P.A.

By: _____/s/ Jeremy D. Bertsch_____
Florida Bar No.: 0043308
Attorneys for Defendant, Residential Drywall, Inc.
811 North Olive Avenue
West Palm Beach, FL 33401
Telephone: (561) 655-8111
Facsimile: (561) 655-4994