IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LITIGATION | * * * | MDL NO. 2047 |
| _____ | * * | SECTION: "L" |
| THIS DOCUMENT RELATES TO: CHINESE DRYWALL MASTER CASE | * * * | |
| | * * | JUDGE FALLON MAG. JUDGE WILKINSON |
| | * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## RESIDENTIAL DRYWALL INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO AND MOTION TO QUASH PLAINTIFF'S SUBPOENA FOR TESTIMONY AND SUBPOENA FOR PRODUCTION AND MOTION FOR PROTECTIVE ORDER

Defendant, RESIDENTIAL DRYWALL, INC. (hereafter "RESIDENTIAL"), through special appearance[1] of its undersigned counsel, hereby files this memorandum in support of its Objection to and Motion to Quash Plaintiffs' Subpoena for Testimony and Subpoena for Production and Motion for Protective Order and in support thereof states as follows:

1.  On March 26, 2010, without prior notice or conferral with counsel, Plaintiff served a Subpoena for Testimony and a Subpoena for Production of Documents upon Residential.

_____

[1] Residential has been served with a copy of the summons and complaint in Payton v. Knauf Gips, KG et al., Case No. 0907628, and has been responded by special appearance with a motion to dismiss for lack of jurisdiction. The subpoenas in this matter reference only the Chinese Drywall MDL Master Case. However, to the extent that anyone attempts to argue that this is a pleading in the Payton matter, it should be noted that this appearance is special, preserving all objections to jurisdiction in Louisiana over Residential.

1

Copies of both are attached hereto as Exhibit 1.[2]

2.    Plaintiffs' Subpoena for Production of Documents demands production of documents and materials in Fort Myers, Florida, on Friday, April 9, 2010.

3.    When the Subpoenas were served upon Residential, they did not contain all of the documents that were purported to be attached. In fact, the Exhibit A, which was the document that listed the documents to be produced and the areas of inquiry for the deposition, was not attached. After counsel for Residential contacted the attorney managing the subpoenas for the PFS, it was emailed to him on April 6, 2010. This was a mere 3 days before production was to take place.

4.    Plaintiffs' Subpoena for Testimony demands the deposition of Residential's corporate representative with knowledge of the documents requested in the prior Subpoena on April 16, 2010, in Fort Myers, Florida.

5.    Both Subpoenas issued to Residential request various insurance policies issued to Residential, as well as documents regarding claims made to carriers, correspondence with carriers, and correspondence related to insurance investigations. *See* Exhibit A. The Subpoena for Testimony demands the deposition of Residential's representative with knowledge of these materials.

6.    The objection and these motions are appropriate given that both of Plaintiffs' subpoenas were served without providing reasonable notice, the Subpoenas are overly broad and unduly burdensome, the subpoenas are not limited in time and scope, the subpoenas seek

---

[2] The original Subpoena served upon Residential did not even include Exhibit A, which lists the documents requested and the areas of inquiry for the deposition. Exhibit A was not received by the undersigned until it was emailed by the office of Hugh Lambert on April 6.

information that is not relevant to any pending case regarding Chinese Drywall, the subpoenas seek information that is not reasonably calculated to lead to discoverable material, the subpoenas were not served in connection to the one case in which Residential was named as a party, the subpoenas seek proprietary information, trade secrets or other confidential research, development or commercial information, the subpoenas are harassing in nature, the subpoenas do not contain the provision of Rule 45 as it states on the subpoena, the subpoenas are vague and ambiguous, the subpoenas were served under the auspices of an action that does not exist and involves no parties, all of the attachment to the subpoenas were not served upon Residential, specifically there was no Exhibit A, which states the areas of inquiry and the types of documents to be produced, the subpoenas impose requirements on Residential that are different to, other than, in addition to, or more burdensome than the requirements imposed by the applicable rules of civil procedure, the subpoenas request information which is "related to" or "regarding" topics (or using similar terminology) and are overly broad, vague, unduly burdensome, and fail to identify with sufficient particularity the information requested, the subpoenas call for information that is more readily or as easily obtainable by the requesting party from third parties, the subpoenas call for information encompassed by privilege or other exemption from discovery, including without limitation attorney-client, accountant-client, work-product and/or any other applicable privilege or exemption from discovery, and the subpoenas call for information encompassed by privacy interests of Residential and/or third parties. Residential reserves the right to assert additional objections as warranted under the Rules of Civil Procedure. Plaintiffs' Subpoenas should be quashed accordingly.

7.   A person commanded to produce documents pursuant to a Subpoena may serve written objections to inspection or copying of the designated materials sought and may move to quash or modify such subpoena. *See* Fed.R.Civ.P. 45(c)(2)(B) and (3)(A).

   **Residential is Entitled to a Protective Order Under Rule 45(c)(2) and (c)(3)**
   **Because the Subpoena Fail to Provide a Reasonable Time to Comply**

8.   Under Federal Rule of Civil Procedure 45(c)(3)(A), a court must quash or modify a subpoena that "fails to allow a reasonable time to comply." Here, Plaintiffs' Subpoenas fail to allow a reasonable time to comply. They were signed by counsel for the PSC on March 26, 2010. The undersigned did not receive all of the Exhibits to the subpoenas until April 6, 2010. The subpoena for documents called for production by April 9, 2010. The Subpoena for Production demands gathering and procurement of a vast rage of materials in three-day window. Residential simply cannot marshal, review, and produce the broad range of materials demanded in this limited period.

9.   By the same token, the Subpoena for Testimony requests a corporate representative to testify about these materials mere days after these materials are to be produced. This time frame is unreasonable, particularly given the complete lack of notice from Plaintiffs. For these reasons, the Subpoenas should be quashed.

   **Residential is Entitled to a Protective Order Under Rule 45(c)(2) and (c)(3) Because the**
   **Subpoenas Impose an Undue Burden and are otherwise objectionable**

10.   Federal Rules of Civil Procedure 45(c)(3)(A) also provides that a court must quash or modify a subpoena if such subpoena subjects a part to an undue burden. Production of the documents requested and the testimony sought Plaintiffs' Subpoenas would be unduly burdensome.

11.     If a timely motion is filed, the subpoena must be quashed or modified if is requires disclosure of privileged or other protected matter, if no exception or waiver applies, or (iv) subjects a person to undue burden. Fed.R.Civ.P. 45(c)(3)(A).

12.     Whether a subpoena imposes an "undue burden" upon a witness is a case specific inquiry that turns on "such factors as relevance, the need of the party for the documents, the breadth of the documents request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Concord Boat Corp. V. Brunswick Corp.*, 169 F.R.D. 44, 53 (S.D. N.Y. 1996) (quoting *United States v. Int'l Bus. Mach. Corp.*, 83 F.D.R. 97, 104, (S.D. N.Y. 1979)). Demonstrating relevance is the burden of the party seeking discovery. *See id.*

13.     Plaintiffs cannot justify the burden their Subpoenas place on Residential. The plaintiffs have no need for this information about Residential's insurance coverage, claims or investigations in the Chinese Drywall Master Case, or in any other pending case regarding Chinese Drywall. It is not as if this information was requested in the context of a case in which Residential was a party. As such, Residential should not be subjected to document production and a deposition given this.

**Residential is Entitled to a Protective Order Under Rule 45(c)(2) and (c)(3) because the Subpoenas Seek Privileged Materials**

14.     In addition to the foregoing, the Subpoenas are drafted so broadly as to request documents which are protected from production by the attorney-client and work-product privileges. The Subpoenas should be quashed accordingly, or at a minimum, limited to ensure these privileges are preserved.

WHEREFORE, Defendant Residential Drywall, Inc., respectfully requests that the court enter an order quashing Plaintiffs' Subpoena for Production and Subpoena for Testimony, or in the alternative enter a protective order providing that Residential shall not be required to make production at this time, and only after a reasonable opportunity to gather and review materials and be reasonably limited in scope to preserve Residential's privileged records and to only mandate production of non-objectionable documents, and providing such other and further relief as the court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO AND MOTION TO QUASH PLAINTIFF'S SUBPOENA FOR TESTIMONY AND SUBPOENA FOR PRODUCTION AND MOTION FOR PROTECTIVE ORDER has been served on Plaintiffs' Liaison Counsel, Russ Herman (drywall@hhkc.com), and Defendants' Liaison Counsel, Kerry Miller (kmiller@frilot.com), by U. S. Mail, email, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the USDC for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDl 2047, on this 9TH day of April, 2010.

SELLARS, MARION & BACHI, P.A.

By:_____/s/ Jeremy D. Bertsch_____
Florida Bar No.: 0043308
Attorneys for Defendant, Residential Drywall, Inc.
811 North Olive Avenue
West Palm Beach, FL 33401
Telephone: (561) 655-8111
Facsimile: (561) 655-4994