UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE-MANUFACTURED | : | MDL No. 2047 |
| DRYWALL PRODUCTS | : | |
| LIABILITY LITIGATION | : | SECTION:  L |
| | : | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | : | MAG. JUDGE WILKINSON |
| | : | |
| Sean and Beth Payton, et al. v. | : | |
| Knauf Gips KG, et al. | : | |
| Case No. 09-7628 (E.D.La.) | : | |

**MEMORANDUM OF LAW IN SUPPORT OF GMI CONSTRUCTION,
INC'S OBJECTION AND MOTION TO QUASH PLAINTIFFS'
SUBPOENA FOR TESTIMONY AND SUBPOENA FOR
PRODUCTION AND MOTION FOR PROTECTIVE ORDER**

A.  **FACTUAL BACKGROUND**

1. On or about December 9, 2009, Plaintiffs filed the above captioned action. GMI Construction, Inc. ("GMI") is named as a defendant in the action.  Pursuant to Pre-Trial Order No. 1F responsive pleadings on behalf of GMI to Plaintiffs' Complaint are not due until April 23, 2010, and GMI's Builder Defendant Profile Form is not due until April 13, 2010.

2. On April 6, 2010, without prior notice or conferral with counsel, Plaintiffs' served a Subpoena for Testimony and a Subpoena for Production of Documents upon GMI.  Copies of both Subpoenas are attached hereto as Exhibit A, *in globo*.

3. Plaintiff's Subpoena for Production of Documents demands production of documents and materials on April 12, 2010, less than two weeks after service.

4. Plaintiffs' Subpoena for Testimony demands the deposition of GMI's corporate representative with knowledge of the documents requested in the prior subpoena on April 19, 2010 less than two weeks after service.

5. Both Subpoenas issued to GMI request a range of all insurance policies issued to GMI which may apply to the above captioned matter, as well as claims made to carriers, all correspondence with carriers, and all correspondence related to insurance investigations.  See Notice of Deposition attached to Exhibit A.  The Subpoena for Testimony demands the deposition of GMI's representative with knowledge of these materials.

6. The Subpoenas were served without providing reasonable notice, are overly broad, unduly burdensome, and are largely duplicative of the Court's required profile form.  The Subpoenas also improperly request documents which are protected by the attorney-client and attorney work product privileges, and are premature, and, accordingly, should be quashed.

**B. ARGUMENT**

A person commanded to produce pursuant to a subpoena may serve written objections to inspection or copying of the designated materials sought and may move to quash or modify such subpoena.  *See* Fed. R. Civ. P. 45(c)(2)(B) and (3)(A).

1. **GMI is entitled to a Protective Order Under Rule 45(c)(2) and (c)(3) Because the Subpoenas Fail to Allow a Reasonable Time to Comply.**

Under Federal Rules of Civil Procedure 45(c)(3)(A), a "court must quash or modify a subpoena" that "fails to allow a reasonable time to comply."

Here, it is plain that Plaintiffs' Subpoenas fail to allow a reasonable time to comply. Both subpoenas were served on April 6, 2010. The Subpoena for Production demands gathering and procurement of a vast range of materials in six days. GMI cannot marshal, review, and produce the broad range of materials demanded in six days.

Similarly, the Subpoena for Testimony requests a corporate representative to testify one week after these materials are to be produced. This timeframe is unreasonable, particularly given the complete lack of notice from Plaintiffs, who have been in possession of GMI's notices of appearance for several weeks. GMI's counsel has attempted to contact the counsel serving the Subpoenas, but has received no response. For the foregoing reasons, the Subpoenas should be quashed.

2. **GMI is entitled to a Protective Order Under Rule 45(c)(2) and (c)(3) Because the Subpoenas are Premature and Impose an Undue Burden.**

Federal Rule of Civil Procedure 45(c)(3)(A) also provides that a court <u>must</u> quash or modify a subpoena if such subpoena subjects a party to an undue burden.[1] Production of the documents requested and the testimony sought in Plaintiffs' Subpoenas would be unduly burdensome.

Whether a subpoena imposes an "undue burden" upon a witness is a case specific inquiry that turns on "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 53 (S.D. N.Y. 1996) (quoting

---

[1] "On timely motion, the court by which a subpoena was issued must quash or modify the subpoena that … (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies, or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A) (emphasis added).

*United States v. Int'l Bus. Mach. Corp.*, 83 F.R.D. 97, 104 (S.D. N.Y. 1979)). Demonstrating relevance is the burden of the party seeking discovery. *See id*.

Plaintiffs cannot justify the burden their Subpoenas place on GMI at this stage of the litigation. This matter is at an extremely early stage. GMI has not yet had to respond. Despite this, Plaintiffs' Subpoenas seeks documents relating to all of GMI's insurance policies potentially applicable to this action, and all correspondence concerning communications with carriers, claims on policies, and investigations under policies. Even assuming such information is relevant to the merits of Plaintiffs' claims, GMI will be producing a meaningful selection of these materials by furnishing its court-required profile form. Requiring such additional voluminous discovery before GMI even responds to the Complaint imposes a burden disproportionate to Plaintiffs' need at this stage of the case. Therefore, the Subpoenas should be quashed.

3. **GMI is entitled to a Protective Order Under Rule 45(c)(2) and (c)(3) Because the Subpoenas Seek Privileged Materials.**

In addition to the foregoing, the Subpoenas are drafted so broadly as to request documents which are protected from production by the attorney-client and attorney work product privileges. Accordingly, the Subpoenas should be quashed, or at a minimum, limited to ensure these privileges are preserved.

**WHEREFORE**, Defendant, GMI Construction, Inc., respectfully requests that the Court enter an order quashing Plaintiffs' Subpoena for Production and Subpoena for Testimony, or enter a protective order providing that the production of responsive materials and testimony regarding same occur after reasonable opportunity to gather

and review materials, and be reasonably limited in scope to preserve GMI's privileged records, and providing such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    **HELLER, DRAPER, HAYDEN**
    **PATRICK & HORN, L.L.C.**

    */s/ Drew R. Ballina*
    Warren Horn (La. Bar #14380)
    Drew R. Ballina (LA Bar #01704)
    650 Poydras Street, Suite 2500
    New Orleans, Louisiana   70130
    Telephone: (504) 568-1888
    Facsimile: (504) 522-0949
    **COUNSEL FOR GMI CONSTRUCTION, INC.**

### CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that the above and foregoing *Memorandum of Law in Support of GMI Construction, Inc.'s Objection and Motion to Quash Plaintiffs' Subpoenas Duces Tecum and Motion for Protective Order* has been served on Plaintiffs' Liaison Counsel, Russ Herman, and the Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 12th day of April 2010.

    */s/ Drew R. Ballina*
    **DREW R. BALLINA**