IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * * * * | MDL NO. 2047 |
| | | SECTION L |
| | | JUDGE FALLON |
| | | MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: | * * | |
| Case No.09-7628 Sean Payton, *et al*, v. Knauf Gips KG, et al., | * * * | |

******************************************************

**MEMORANDUM OF LAW IN SUPPORT OF KB HOME ORLANDO LLC'S OBJECTION AND MOTION TO QUASH PLAINTIFFS' SUBPOENAS DUCES TECUM AND MOTION FOR PROTECTIVE ORDER**

A.  **FACTUAL BACKGROUND**

1.  On or about December 9, 2009, Plaintiffs filed the above captioned action. KB HOME Orlando LLC ("KB Orlando") is named as a defendant in the action. Because Plaintiffs are in the process of amending their complaint, KB Orlando has not yet responded to the complaint pursuant to an agreement reached with the Plaintiffs' Steering Committee. KB Orlando has completed and served its Defendant's Profile Form and required insurance information.

16656168.1

2.      On Wednesday, March 31, 2010, without prior notice or conferral with counsel, Plaintiff served a Subpoena for Testimony and a Subpoena for Production of Documents upon KB Orlando. Copies of both Subpoenas are attached hereto as Exhibit A.

3.      Plaintiffs' Subpoena for Production of Documents demands production of documents and materials in Pensacola, Florida on Friday, April 9, 2010, less than two weeks after service.

4.      Plaintiffs' Subpoena for Testimony demands the deposition of KB Orlando's corporate representative with knowledge of the documents requested in the prior subpoena less than three weeks after service, on April 19, 2010 (which is a Monday, but is improperly identified as a Friday in the Subpoena), in Pensacola, Florida.

5.      Both Subpoenas issued to KB Orlando request a range of all insurance policies issued to KB Orlando which may apply to the above captioned matter, as well as claims made to carriers, all correspondence with carriers, and all correspondence related to insurance investigations. See Notice of Deposition attached to Exhibit A. The Subpoena for Testimony demands the deposition of KB Orlando's representative with knowledge of these materials

6.      The Subpoenas were served without providing reasonable notice, are overly broad, unduly burdensome, and are largely duplicative of the Court's required profile forms. The Subpoenas also improperly request documents which are protected by the attorney client and attorney work product privileges, and are premature. They should be quashed accordingly.

**B.      ARGUMENT.**

A person commanded to produce pursuant to a subpoena may serve written objections to inspection or copying of the designated materials sought and may move to quash or modify such subpoena. See Fed. R. Civ. P. 45(c)(2)(B) and (3)(A).

16656168.1

1.  **KB Orlando is entitled to a Protective Order Under Rule 45(c)(2) and (c)(3) Because the Subpoenas Fail to Allow A Reasonable Time To Comply.**

Under Federal Rule of Civil Procedure 45(c)(3)(A), a "court must quash or modify a subpoena" that "fails to allow a reasonable time to comply."

Here, it is plain that Plaintiffs' Subpoenas fail to allow a reasonable time to comply. Both subpoenas were served on March 31, 2010. The Subpoena for Production demands gathering and procurement of a vast range of materials in a ten day window. KB Orlando is a publicly traded national builder. It simply cannot marshal, review, and produce the broad range of materials demanded in less than two weeks.

By the same token, the Subpoena for Testimony requests a corporate representative to testify about thousands of pages of materials mere days after these materials are to be produced. This timeframe is unreasonable, particularly given the complete lack of notice from Plaintiffs, who have been in possession of KB Orlando's profile forms and notices of appearance for more than a month. Indeed, KB Orlando's counsel has attempted to contact the counsel serving the Subpoenas, but has received no response. For these reasons, the Subpoenas should be quashed.

2.  **KB Orlando is entitled to a Protective Order Under Rule 45(c)(2) and (c)(3) Because the Subpoenas are Premature and Impose an Undue Burden.**

Federal Rule of Civil Procedure 45(c)(3)(A) also provides that a court <u>must</u> quash or modify a subpoena if such subpoena subjects a party to an undue burden.[1] Production of the documents requested and the testimony sought in Plaintiffs' Subpoenas would be unduly burdensome.

Whether a subpoena imposes an "undue burden" upon a witness is a case specific inquiry that turns on "such factors as relevance, the need of the party for the documents, the breadth of

---

[1] "On timely motion, the court by which a subpoena was issued <u>must</u> quash or modify the subpoena that . . . (iii) requires <u>disclosure of privileged</u> or other protected matter, if no exception or waiver applies, or (iv) subjects a person to <u>undue burden</u>." Fed. R. Civ. P. 45(c)(3)(A) (emphasis added).

the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 53 (S.D. N.Y. 1996) (quoting United States v. Int'l Bus. Mach. Corp., 83 F.R.D. 97, 104 (S.D. N.Y. 1979)). Demonstrating relevance is the burden of the party seeking discovery. See id.

Plaintiffs cannot justify the burden their Subpoenas place on KB Orlando at this stage of the suit. This suit is at an extremely early stage – the complaint is to be amended, and KB Orlando has not yet had to respond. Despite this, Plaintiffs' Subpoenas seeks documents relating to all of KB Orlando's insurance policies potentially applicable to this action, and all correspondence concerning communications with carriers, claims on policies, and investigations under policies. Even assuming such information is relevant to the merits of Plaintiffs' claims, KB Orlando has already produced a meaningful selection of these materials by furnishing its court-required profile form. Requiring such additional voluminous discovery before KB Orlando even responds to the complaint imposes a burden disproportionate to Plaintiffs' need at this stage of the case. The Subpoenas should be quashed accordingly.

3. **KB Orlando is entitled to a Protective Order Under Rule 45(c)(2) and (c)(3) Because the Subpoenas Seek Privileged Materials.**

In addition to the foregoing, the Subpoenas are drafted so broadly as to request documents which are protected from production by the attorney client and attorney work product privileges. The Subpoenas should be quashed accordingly, or at a minimum, limited to ensure these privileges are preserved.

WHEREFORE, Defendant KB Home Orlando, LLC respectfully requests that the Court enter an order quashing Plaintiffs' Subpoena for Production and Subpoena for Testimony, or enter a protective order providing that the production of responsive materials and testimony regarding same occur after reasonable opportunity to gather and review materials, and be

16656168.1

reasonably limited in scope to preserve KB Orlando's privileged records, and providing such other and further relief as the Court deems just and proper.

                                  Respectfully submitted,

                                  /s/ D. Matthew Allen
Chris S. Coutroulis
Florida Bar No. 300705
Mark A. Smith
Florida Bar No. 0022033
D. Matthew Allen
Florida Bar No. 866326
Lannie D. Hough, Jr.
Florida Bar No. 0149470
CARLTON FIELDS
P.O. Box 3239
Tampa, Florida 33601-3239
Telephone:   (813) 223-7000
Fax:         (813) 229-4133
ccoutrolis@carltonfields.com
msmith@carltonfields.com
mallen@carltonfields.com
lhough@carltonfields.com

and

Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Telephone:   (504) 581-3200
Fax:         (504) 581-3361

*Counsel for KB HOME Orlando LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing memorandum has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and email or by hand delivery and email and upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6 and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 8th day of April, 2010. (Corrected copy was filed this date: 12th day of April, 2010.)

/s/ D. Matthew Allen