**MINUTE ENTRY**
**J. FALLON**
**APRIL 8, 2010**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  CHINESE-MANUFACTURED | * | MDL Docket No. 2047 |
| DRYWALL PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE WILKINSON |
| | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * *

The monthly status conference was held on this date in the Courtroom of Judge Eldon E. Fallon. The Court first met with Liaison Counsel and the Chairs of the Steering Committees. At the conference, counsel reported to the Court on topics set forth in Joint Report No. 10. This monthly status conference was transcribed by Ms. Cathy Pepper, Official Court Reporter. Counsel may contact Ms. Pepper at (504) 589-7779 to request a copy of the transcript. A summary of the monthly status conference follows.

    I.    PRE-TRIAL ORDERS

The Court has issued the following Pre-Trial Orders:

Pre-Trial Order No. 1 entered June 15, 2009 – Initial Case Management

Pre-Trial Order No. 1A entered August 28, 2009 – Counsel must Enter Appearances for Served Parties or risk Default Judgment

Pre-Trial Order No. 1B entered October 9, 2009 – Amending Pre-Trial Order No. 1 to clarify the preservation of physical evidence during home remediation.

JS10(00:31)

Pre-Trial Order No. 1C entered November 24, 2009 – Lifting the stay on motion practice, but continuing all motions filed in the MDL without date. Pursuant to a November 25, 2009 Order, all motion practice in the *Gross* matter (09-6690) is stayed.

Pre-Trial Order No. 1D entered January 8, 2010 – Clarifies Pre-Trial Order 1C and lifts the stay with regard to responsive pleadings.

Pre-Trial Order No. 1E entered February 12, 2010 – Regarding stay of responsive pleadings in *Gross.*

Pre-Trial Order No. 1F entered March 9, 2010-Clarifying the deadline dates for responsive pleadings, notices of appearance, profile forms, and alleviating the need to file motions for extensions in all cases.

Pre-Trial Order No. 2 entered June 16, 2009 – Notice to Transferor Court

Pre-Trial Order No. 2A entered September 18, 2009 – Means of Tracking Remands in MDL 2047

Pre-Trial Order No. 3 entered July 6, 2009 – Designation of Plaintiffs' Liaison Counsel

Pre-Trial Order No. 4 entered July 6, 2009 – Designation of Defendants' Liaison Counsel

Pre-Trial Order No. 5 entered July 6, 2009 – Contact Information

Pre-Trial Order No. 5A entered July 9, 2009 – Counsel Contact Information Form

Pre-Trial Order No. 6 entered July 21, 2009 – Electronic Service (LexisNexis)

Pre-Trial Order No. 7 entered July 27, 2009 – Appointment Defendants' Steering Committee

Pre-Trial Order No. 7A entered August 4, 2009 – Amending PTO 7 re: Defendants' Steering Committee

Pre-Trial Order No. 7B entered August 27, 2009 – Amending PTO 7 re: list containing Defendants' Steering Committee and lists responsibilities for same

Pre-Trial Order No. 8 entered July 28, 2009 – Appointing Plaintiffs' Steering Committee

Pre-Trial Order No. 9 entered July 28, 2009 – Time and Billing Guidelines/Submissions

Pre-Trial Order No. 10 entered August 21, 2009 – All parties to provide PLC or DLC with photographic catalog of markings, brands, endtapes and other identifying markers found in affected homes by August 26, 2009.  PSC and DSC to collect and submit data to the Court and inspection company for TIP a joint catalog of data to assist in training of inspections no later than August 28, 2009.

Pre-Trial Order No. 11 entered August 17, 2009 -  Profile forms to be distributed to appropriate parties and filed and returned on or before September 2, 2009

Pre-Trial Order No. 12 entered August 25, 2009 – Court will prepare final version of Distributor Profile Form.

Pre-Trial Order No. 12A entered August 25, 2009 – Court adopted Distributor Profile Form be distributed to appropriate parties and returned to DLC Kerry Miller on or before 9/8/09, either electronically or by hard copy

Pre-Trial Order No. 13 entered August 27, 2009 – Court institutes and will supervise Threshold Inspection Program (TIP).  Court appoints Crawford & Company to carry out the inspections.

Pre-Trial Order No. 13(A) entered November 24, 2009 – Amending the Threshold Inspection Program (TIP).

Pre-Trial Order No. 14 entered September 24, 2009 - Court approves Exporter, Importer or Broker Profile Form, and provides requirements for issuance and return of the form.

Pre-Trial Order No. 14(A) entered October 13, 2009 – Court approves a revised Exporter, Importer or Broker Defendant Profile Form.

Pre-Trial Order No. 15 entered September 25, 2009 – Counsel must provide privilege log for documents withheld in response to discovery requests.  Also, the accidental production of privileged information does not constitute a waiver of the privilege.

Pre-Trial Order No. 16 entered September 25, 2009 – Pertains to the disclosure, use and protection of confidential information produced during the course of this MDL.

Pre-Trial Order No. 17 entered November 2, 2009 – Recognizing and Confirming KPT's Agreement to Accept Service of PSC's Omnibus Class Action Complaint.

Pre-Trial Order No. 18 entered November 5, 2009 – Appointing Phillip A. Wittmann to be the Homebuilders and Installers Liaison Counsel.

Pre-Trial Order No. 19 entered March 18, 2010—Appointing a State and Federal Coordination Committee.

Pre-Trial Order No. 20 was entered April 6, 2010-Appointing an Insurer Steering

Committee and Judy Barrasso as Lead Counsel of that Committee.

Pre-Trial Order No. 21 was entered April 6, 2010-Creating a Retailer Profile Form and directing all retailers parties to appropriately complete and submit the form.

## II.     PROPERTY INSPECTIONS

Crawford & Company ("Crawford") inspected thirty (30) homes initially pursuant to Pre-Trial Order No. 13 and the revised inspection protocol. No additional inspections have taken place; however, Crawford is prepared to continue inspections upon notice from the parties or the Court.

The parties are currently inspecting the properties being considered for the June 2010 bellwether trials.

## III.    PLAINTIFF AND DEFENDANT PROFILE FORMS

In Pre-Trial Orders 11 and 12A, the Court approved a Plaintiff Profile Form, a Defendant Manufacturers' Profile Form, a Contractor/Installer Profile Form, a Builder Defendant Profile Form and a Defendant Distributor Profile Form. In Pre-Trial Order 14, the Court approved the Importer/Exporter/Broker Profile Form. Completed and signed profile forms must be submitted timely pursuant to Pre-Trial Order 1F by all parties, and all parties are to continue to supplement responses as additional information is received. As new parties are added to the MDL, plaintiffs are to respond to the Plaintiff Profile Form within 40 days of filing a Complaint, and defendants are to respond to the appropriate profile form within 40 after service of a Complaint on that defendant.

Further, the parties have recently agreed upon a Retailer Profile Form and submitted it to the Court for consideration. Pretrial Order No. 21 was issued adopting the submitted Retailer Profile Form and directing retailer parties to comply with completion and submission requirements

of Pretrial Order No. 1.

An insurer profile form is forthcoming.

Currently, the PSC and the installers are in discussions as to whether there should be a single profile form for contractors and installers or two separate forms.

### IV.   PRESERVATION ORDER

On October 9, 2009, the Court issued Pre-Trial Order No. 1B, clarifying the protocol for the preservation of physical evidence during home remediation. Pre-Trial Order No. 1 continues in effect regarding documents/ESI.

### V.   STATE/FEDERAL COORDINATION

At the status conference on August 11, 2009, the Court instructed the PSC and DSC to confect separate subcommittees on state and federal coordination. On March 18, 2010, the Court entered Pre-Trial Order No. 19 appointing State and Federal Coordination Committee. The Committee submitted an updated CD containing information on state court cases.

### VI.   STATE COURT TRIAL SETTINGS

Defendants advised the Court, to the best of their knowledge, of the following at the status conference on April 8, 2010:

1) All trial settings in state court set over the next 12 months;

2) All pending discovery motions in state court cases;

3) All dispositive motions pending in state court cases; and

4) Any state court issues that should be discussed as a matter of state/federal coordination.

In addition to the foregoing, the PSC advised the Court of all motions that are pending regarding tag-along cases and, to the extent known, assist in advising the Court regarding the above mentioned matters.

Specifically, the Court was informed that Judge Farina in Florida has scheduled his first trial for the first two weeks of June. It is anticipated that three cases will be tried during this time.

### VII.   MOTIONS IN THE MDL

PLC has consulted with DLC and they are in the process of creating a master database that sets forth the identification of pending motions, the parties who filed the motion, the docket number and other relevant information so that the Court can have an index of substantive motions pending in this matter. PLC and DLC will coordinate with the Court and provide reports on an ongoing basis once the database is completed. It is anticipated that the index will assist the Court pursuant to the directive given by the Court on September 8, 2009 to counsel for Plaintiffs and Defendants to indicate which motions needed to be heard on an expedited basis and to prioritize such motions and further set forth scheduling deadlines with respect to such motions.

On November 29, 2009, the Court issued Pre-Trial Order No. 1C which allows parties to file motions before the MDL Court and provides that the motions will be continued without date, unless a motion is specifically excepted from the continuance set forth in the Pre-Trial Order and further that the Court will organize and prioritize the continued motions and in due course, set the motions for hearing and further that no responses to the motions are due until two (2) weeks before the hearing date set by the Court. On January 8, 2010, Pre-Trial Order 1D was issued to clarify Pre-Trial Order 1C and lifts the stay with regard to responsive pleadings. On February 12, 2010, the Court issued Pre-Trial Order No. 1E which clarifies filings of responsive pleadings and motion practice in the *Gross* matter (09-6690).

VIII.   DISCOVERY ISSUES

On September 2, 2009, the PSC provided its First Set of Discovery Requests on Defendants. Numerous meet and confers have taken place between the parties in an attempt to narrow issues in dispute. The meet and confers included topics relating to hard copy document production, ESI and also addressed the FRCP 30(b)(6) deposition notices that were provided to Defendants on September 2, 2009.

On October 19, 2009, the 30(b)(6) deposition of the La Suprema entities took place. On December 16 and 17, 2009, the 30(6)(6) deposition of Venture Supply and Porter Blaine entities took place. The 30(b)(6) deposition of Mazer Super Discount Store took place on January 29, 2010. The 30(b)(6) deposition of Interior/Exterior Building Supply, LP took place on February 5, 2010. Additionally, the 30(b)(6) deposition of the Lennar entities has been postponed and is to be rescheduled at a later date. No other Defendants' 30(b)(6) depositions have been scheduled as of yet. The PSC has requested production of documents, ESI and dates for depositions.

On October 15, 2009, the HSC propounded Personal Jurisdiction Interrogatories and Request for Production of Documents to Knauf Gips KG in connection with Knauf Gips' objection to personal jurisdiction. Also, on October 30, 2009, the PSC propounded its First Set of Interrogatories and Request for Production Concerning Jurisdictional Issues to Defendants, Knauf Gips KG, Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd. and Knauf Plasterboard (Dongguan) Co., Ltd. (See Section XIX, *infra*.)  On December 4, 2009, the Knauf entities provided responses to plaintiffs' and the HSC's discovery requests and on January 4, 2010 Knauf Gips provided some documents responsive to the jurisdictional discovery requests. Knauf Gips is in the process of producing additional documentation and undertaking the collection of ESI documents responsive to the requests. The 30(b)(6) deposition of Knauf Gips KG was noticed to

take place on January 12 and 13, 2010, but the matter has been postponed and will be rescheduled. Both the PSC and the Homebuilders indicated they would like to move forward with Knauf's discovery. The PSC has issued a number of subpoena duces tecums and deposition notices to various defendants seeking production and information relating to insurance policies. As the information is produced, the PSC will make the documents responsive to the subpoena available to DLC. Certain counsel, including the homebuilders counsel, are opposed to this method of obtaining information. Accordingly, the Court directed the parties to meet and for defense counsel to provide a list of all parties they represent to the PSC. Additionally, the PSC announced that if defense counsel contacts its members, extensions of time to respond will be granted.

DLC advises it will be serving discovery requests to plaintiffs and co-defendants concerning known warehouses containing stockpiled drywall. PLC has advised DLC of the various warehouses it is aware of. DLC advises that the request will be served no later than April 9, 2010.

## IX.    FREEDOM OF INFORMATION ACT/PUBLIC RECORDS REQUESTS

Several Freedom of Information Act/Public Records Requests have been made by Plaintiffs. Any party desiring to receive information regarding requests and the status of responses are directed to contact their respective Liaison Counsel, who will make the information available.

Upon receipt of Freedom of Information Act/Public Records Requests, the PLC and Defendants have been and will continue to transmit copies pursuant to the other party's request.

On April 2, 2010, the Consumer Products Safety Commission and the Department of Housing and Urban Development issued *Interim Remediation Guidance for Homes with Corrosion from Problem Drywall.* The Task Force developed interim guidance that focuses on the replacement of problem drywall and building components for which drywall induced corrosion

might cause a safety problem. In sum, the interim remediation guidance for homes with problem drywall calls for the replacement of:

1. All possible problem drywall;

2. All fire safety alarm devices (including smoke alarms and carbon monoxide alarms);

3. All electrical components and wiring (including outlets, switches and circuit breakers); and

4. All gas service piping and fire suppression sprinkler systems.

It further recommends that all testing and remediation work should be conducted in compliance with applicable building codes, occupational safety and health standards and environmental regulations. A complete copy of the report and recommendation can be obtained form the U.S. Consumer Products Safety Commission's website located at **www.cpsc.gov**.

X. TRIAL SETTINGS IN FEDERAL COURT

The Court has advised that it plans to establish "Bellwether" trials (see Minute Entry dated July 9, 2009 [Doc. 111]). The Court has further advised that any such trials will be limited to property damage only. *Id.* at sect. IV; The parties have been discussing the protocol and procedure for selecting Bellwether trial candidates. The PSC suggests a sufficient representative sample of cases be selected with regard to geography, concentration of properties, distinctive facts and legal issues. The Defendants suggest that the selection of Bellwether plaintiffs must be limited to the approximately 31 plaintiffs that have submitted profile forms where personal injuries are not claimed. A list of these plaintiff properties has been made available to the PSC and the Court. The parties continue to discuss the selection of Bellwether trials.

The *Germano, et al v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd, et* al, Case No. 2:09-cv-6687 (E.D.La.) case was tried in February, 2010. The Court issued

Findings of Fact and Conclusions of Law on April 8, 2010. This document can be found on the Court's website and on Pacer. In the fall there may be a trial involving the *Germano* Plaintiff-intervenors against the non-manufacturing defendants.

At the status conference on December 10, 2009, the PSC announced its suggested Bellwether trial for the March 15, 2010 date as *Tatum B. Hernandez and Charlene M. Hernandez, individually and obo their minor children, Grant M. Hernandez and Amelia C. Hernandez versus Knauf Gips KG, et al*, USDC EDLA No. 2:09-cv-06050 (see Section XXI, *infra.*). From March 15, 2010 through March 20, 2010, the *Hernandez* trial took place. On March 30, 2010, the parties submitted their proposed Findings of Fact and Conclusions of Law. The parties await a Judgment and Reasons for Judgment from the Court in the *Hernandez* matter.

The next trial is set to commence on June 21, 2010. KPT is to select the plaintiffs for this trial. KPT sent an initial list of potential trial candidates to the PLC on February 27, 2010, and after a number of meet and confers and communications with the Court, the PLC responded on March 24, 2010 by providing information and photographs on the properties identified by KPT, as well as some additional potential properties. Thereafter, initial inspections of some of these potential trial properties were conducted during the weeks of March 29, 2010 and April 5, 2010 and additional information was provided to KPT. The Court directed KPT to select three cases by Friday, April 16, 2010. The three most likely cases involve Plaintiffs represented by Andrew Lemmon, Dan Bryson, and Skip Lambert.

The next bellwether trial will occur sometime during the early fall. The Homebuilders will select the case which will be the subject of this trial. The Court directed the Homebuilders to select a case in which they are plaintiffs, rather than defendants.

XI.   FILINGS IN THE MDL

The parties also continue to discuss the prospect of direct filings and acceptance of service with Defendants under such circumstances maintaining Defendants' objections as to personal jurisdiction and other defenses, including the right to return cases to the originating venue for trial purposes. Plaintiffs assert this process allows for multiple plaintiffs to file claims in one matter (see Minute Entry dated July 9, 2009 [Doc. 111]).  Six (6) suppliers have advised that they will consent to direct filings in the MDL and one (1) supplier has a specific reservation.  Builders have advised that they are willing to accept service of any cases, but are not willing to agree to direct filings in the MDL.

XII.   NOTICES OF APPEARANCE AND DEFAULT JUDGMENTS

Pursuant to Pre-Trial Order 1A, counsel must file Notices of Appearances for all parties served in MDL cases or risk entry of a default judgment.  On December 15, 2009, the PSC filed a Notice to Defendants of Initially Relevant Pre-Trial Orders [Doc. 617] and suggested that all named Defendants in the *Gross v. Knauf Gips* case (see Section XVI, *infra.*) familiarize themselves with Pre-Trial Orders issued by the Court, as well as the Court's website.  On January 20, 2010, the PSC also filed a Notice to Defendants of the Court's Lifting of the Stay With Regard to Responsive Pleadings [Doc. 770].  Counsel making an appearance are encouraged to familiarize themselves with the same information.

XIII.   INSURANCE ISSUES

There are a number of issues involving insurance matters that will be addressed in this litigation, including the establishment of an insurer steering committee (Rec. Doc. No. 760).

These include actions against insurers of manufacturers, exporters, importers, brokers, distributors, builders, drywall contractors/installers and homeowners.

On January 18, 2010, a Joint Motion for the Creation of an Insurer Steering Committee and Appointment of Lead Counsel and Members to the Insurer Steering Committee was filed by Homeowner's Insurers, Liberty Mutual Insurance Company and State Farm Fire & Casualty Company [Doc. 760]. The PSC filed a response to the motion on January 28, 2010 [Doc. 841]. At the status conference on March 11, 2010, the Court advised that it intended to appoint Judy Barrasso to act as Liaison for an Insurer Steering Committee and since that time, both PLC and DLC have communicated with Ms. Barrasso. On April 6, 2010, the Court issued Pretrial Order No. 20, creating an Insurer Steering Committee and appointing Ms. Barrasso as Lead Counsel for that committee.

On March 4, 2010, the Homebuilders' and Installers' Liaison Counsel filed an Ex Parte Motion to Appoint Lead Counsel for Installers [Rec. Doc. 1540]. On March 18, 2010, the Court appointed Robert V. Fitzsimmons of Kirk & Caldwell for lead counsel of the Installers [Doc. 1870] and directed him to assist and coordinate Installers' issues with the Homebuilders and Installers Liaison Counsel.

On April 7, 2010, the MDL Panel transferred an insurance case to the MDL.

### XIV. SERVICE OF PLEADINGS ELECTRONICALLY

The LexisNexis File & Serve System has been established for the service of pleadings electronically in the MDL in order to facilitate service to all counsel. All counsel are required pursuant to Pre-Trial Order No. 6 to serve pleadings both through LexisNexis and the Electronic Filing System (ECF) of the Eastern District of Louisiana Court. Pre-Trial Order No. 6 governs

service of pleadings electronically and sets forth the procedure required for all counsel to register with LexisNexis.

In addition to the foregoing, the parties have been advised that LexisNexis is in the process of establishing a system that allows for tracking state cases involving Chinese drywall.

The PSC furnished to the Court a list of all complaints which have been served and which parties have received service.

### XV. MASTER COMPLAINT

The PSC is in the process of drafting a Master Complaint.

### XVI. CLASS ACTION COMPLAINT (INDETERMINATE DEFENDANT)

On October 7, 2009, a Class Action Complaint (Indeterminate Defendant), *Gross, et al v. Knauf Gips KG, et al*, Case No. 2:09-cv-06690 (E.D.La.), was filed with the Court and on October 19, 2009, an amendment was filed. Service of the complaint has been accomplished on all of the domestic defendants that can presently be located. Efforts to locate the remaining domestic defendants so that service can be effected upon them are ongoing. As to the foreign defendants named in the complaint, they are in the process of being served under the Hague Convention. The PSC filed a Notice to Defendants of Initially Relevant Pre-Trial Orders [Doc. 617] and suggested that all named Defendants familiarize themselves with Pre-Trial Orders issued by the Court, as well as the Court's website. On February 6, 2010, PLC and DLC filed a Motion for Entry of Pre-Trial Order No. 1E, requesting that the Court clarify that the stay on motion practice and responsive pleading is now lifted in *Gross*, and providing a deadline for service of responsive pleadings. On March 10, 2010, the Court entered Pre-Trial Order No. 1F clarifying the deadlines for responsive pleadings, notices of appearance, and profile forms in all cases. To address certain pleading matters, Plaintiffs intend to file a joint motion to dismiss certain defendants, without prejudice and to amend

the amended class action complaint. Plaintiffs indicated that they would reach an agreement with those defendants who have already answered the initial complaint, to relieve them of answering the amended complaints as well.

### XVII. OMNIBUS CLASS ACTION COMPLAINT

On November 2, 2009, Pre-Trial Order No. 17 was issued which recognizes and confirms Knauf Plasterboard (Tianjin) Co., Ltd.'s agreement to accept service of the PSC's Omnibus Class Action Complaint. The Omnibus Class Action Complaint, *Sean and Beth Payton, et al v. Knauf Gips KG, et al,* Case No. 2:09-cv-07628 (E.D.La.)(presently referred to as Omnibus I), was filed with the Court on December 9, 2009 and Knauf Plasterboard (Tianjin) Co., Ltd. waived its right to demand service of process through the Hague Convention. The complaint is in the process of being served; numerous defendants named therein have been served with the summons and Complaint and some of the domestic defendants have filed responsive pleadings. This complaint is still in the process of being translated for service on the remaining foreign defendants.

Consistent with PTO No. 17, the PSC also prepared and filed on February 10, 2010, additional omnibus class action complaints*, i.e.*, : *Kenneth and Barbara Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, Civil Action No.10-361(E.D.La.)(Omni II)–This is a complaint against non-Knauf Chinese manufacturing defendants and others; and *Joyce W. Rogers, et al. v. Knauf Gips, K.G., et al.*, Case No. 10-362 (E.D.La.) (Omni IV)–This is a Complaint naming new plaintiffs asserting claims against Knauf and others; and *Amato v. Liberty Mutual Ins. Co., et al.*, Case No. 10-932 (Omni V)- This is a Complaint naming additional defendants, including insurers, underwriters and previously named defendants Proposed amendments to Omni II and Omni IV Complaints have been filed. On March 15, 2010, technical and other amendments were made to

the Omni II and Omni IV complaints. The PSC has made arrangements for service of process upon all of the defendants, including translating these amended Omni complaints for service under the Hague Convention. Also on February 10, 2010, in *Gross, et al. v. Knauf Gips, K.G., et al.*, Case No. 09-6690 (E.D.La.), the PSC filed a Motion in Intervention (attaching a proposed Complaint in Intervention, *Mary Anne Benes, et al. v. Knauf Gips, K.G., et al.,* (E.D.La.) (Omni III)– The Omni III complaint in intervention is a class action that adopts the theory of the Gross complaint and adds direct actions against new defendants in the course of commerce that have been identified. The Court's order granting the motion to intervene was entered on March 17, 2010. Thereafter, on March 23, 2010, the Court entered an order deeming a substituted and amended Omnibus Complaint (Omni III) to be entered on the docket. The Substituted and Amended Omni III complaint is now in the process of being served. No domestic drywall manufacturers are named as a defendant on any Omni complaint.

The PSC has taken under advisement whether to file any additional Omni complaints. Should the PSC determine to file any additional Omni complaint, appropriate notice to plaintiffs' counsel will be afforded.

XVIII. SPECIAL MASTER

On November 24, 2009, the Court appointed Michael K. Rozen of Feinberg Rozen, LLP, as Special Master.

XIX.   KNAUF GIPS KG PERSONAL JURISDICTION MATTER

On September 21, 2009, Knauf Gips KG filed a Motion for Protective Order to Require Use of the Hague Evidence Convention. On October 5, 2009, the PSC filed a Response in Opposition and the HSC also filed a Response in Opposition. On October 12, 2009, Knauf Gips KG filed a Motion for Leave to File Reply in Support of Motion of Knauf Gips KG for Protective Order

to Require Use of the Hague Evidence Convention. On October 27, 2009, the Court issued Order & Reasons denying the motion.

On September 29, 2009, the Court issued an Order advising that the briefing schedule originally established in connection with a Motion for Protective Order would extend well into January 2010, after commencement of the first Bellwether trial, and therefore, the parties were directed to discuss the matter with the Court. The PSC and the HSC have each issued discovery relating to personal jurisdiction issues to Knauf Gips KG. (See Section VIII, *infra*.) The parties will be prepared to discuss this further at the monthly status conference on April 8, 2010.

### XX. MATTERS SET FOR HEARING FOLLOWING THE CURRENT STATUS CONFERENCE

There were no matters set for hearing at this status conference.

### XXI. FRE 706 DATABASE MANAGEMENT EXPERT

PLC and DLC provided to the Court a proposed show cause order regarding the possible appointment of a FRE 706 database management expert. The proposed role of this Court-appointed expert would be to assist the parties and the Court in the collection, organization, centralization and management of data relating to this litigation, provide access to such information, and such other support services as may jointly be requested by the parties or ordered by the Court. The Court indicated that it was in favor of appointing Brown Greer to fill this role. The Court directed the Homebuilders and Installers Liaison Counsel to organize representatives of each party to discuss the cost allocations of appointing a FRE 706 expert.

### XXII. FREQUENTLY ASKED QUESTIONS

The Court, with the input of Liaison Counsel, created a list of Frequently Asked Questions, and placed them on the Court's website. The "MDL FAQs" may be found at

**www.laed.uscourts.gov/Drywall/FAQ.htm.**  Liaison counsel reminds the parties to review the FAQs before contacting Liaison Counsel.

###### XXIII. NEXT STATUS CONFERENCE

The next monthly status conference will be held on Thursday, May 27, 2010, at 9:00 a.m. CST.  A conference call line has been established by the Court for all interested persons.  The conference call number is 866-213-7163 and the conference ID number is 68225769.

