UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL | * | MDL NO. 2047 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION L |
| **THIS DOCUMENT RELATES TO:** | * | |
| | * | JUDGE FALLON |
| SEAN AND BETH PAYTON, ET AL. | * | MAG. JUDGE WILKINSON |
| | * | |
| V. | * | CIVIL ACTION NO. 09-7628 |
| | * | |
| KNAUF GIPS KG, ET AL. | * | |

**This pleading applies to the claims of Plaintiffs, Jake and Emily Mayo, ONLY.**

### MEMORANDUM OF LAW IN SUPPORT OF HOLMES BUILDING MATERIALS, LLC'S OBJECTION AND MOTION TO QUASH PLAINTIFFS' SUBPOENAS DUCES AND MOTION FOR PROTECTIVE ORDER

**A.     FACTUAL BACKGROUND**

1.     On or about December 9, 2009, Plaintiffs filed the above captioned action. Holmes Building Materials, LLC ("Holmes") is named as a defendant in the action. Holmes has answered this Complaint.

2.     On April 7, 2010, without prior notice or conferral with counsel, Holmes was served a Subpoena for Testimony and a Subpoena for Production of Documents. Copies of both Subpoenas are attached as Exhibit A.

3.     Plaintiffs' Subpoena for Production of Documents demands production of documents and materials in New Orleans on Tuesday, April 13, 2010, less than five business days after service.

4.       Plaintiffs' Subpoena for Testimony demands the deposition of Holmes' corporate representative with knowledge of the documents requested in the prior subpoena less than two weeks after service.

5.       Both Subpoenas issued to Holmes request a range of all insurance policies issued to Holmes which may apply to the above captioned matter, as well as claims made to carriers, all correspondence with carriers, and all correspondence related to insurance investigations.  See Notice of Deposition attached to Exhibit A.  The Subpoena for Testimony demands the deposition of Holmes' representative with knowledge of these materials.

6.       The Subpoenas were served without providing reasonable notice, are overly broad, unduly burdensome, and are largely duplicative of the Court's required profile forms. The Subpoenas also improperly request documents which are protected by the attorney client and attorney work product privileges, and are premature.  They should be quashed accordingly.

**B.       ARGUMENT**

A person commanded to produce pursuant to a subpoena may serve written objections to inspection or copying of the designated materials sought and may move to quash or modify such subpoena.  *See* Fed. R. Civ. P. 45(c)(2)(B) and (3)(A).

**1.       Holmes is entitled to a Protective Order Under Rule 45(c)(2) and (c)(3) Because the Subpoenas Fail to Allow A Reasonable Time To Comply.**

Under Federal Rule of Civil Procedure 45(c)(3)(A), a "court must quash or modify a subpoena" that "fails to allow a reasonable time to comply."

Here, it is plain that Plaintiffs' Subpoenas fail to allow a reasonable time to comply. Both subpoenas were served on April 7, 2010.  The Subpoena for Production demands gathering and procurement of a vast range of materials in a five-day window.  Holmes simply cannot produce the broad range of materials demanded in that amount of time.

By the same token, the Subpoena for Testimony requests a corporate representative to testify about multiple pages of materials mere days after these materials are to be produced. This timeframe is unreasonable, particularly given the complete lack of notice from Plaintiffs, who have been in possession of Holmes' Notice of Appearance for more than a month. For these reasons, the Subpoenas should be quashed.

### 2. Holmes is entitled to a Protective Order Under Rule 45(c)(2) and (c)(3) Because the Subpoenas are Premature and Impose an Undue Burden.

Federal Rule of Civil Procedure 45(c)(3)(A) also provides that a court must quash or modify a subpoena if such subpoena subjects a party to an undue burden.[1] Production of the documents requested and the testimony sought in Plaintiffs' Subpoenas would be unduly burdensome.

Whether a subpoena imposes an "undue burden" upon a witness is a case specific inquiry that turns on "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 53 (S.D. N.Y. 1996) (quoting *United States v. Int'l Bus. Mach. Corp.*, 83 F.R.D. 97, 104 (S.D. N.Y. 1979)). Demonstrating relevance is the burden of the party seeking discovery. *See id.*

Plaintiffs cannot justify the burden their Subpoenas place on Holmes at this stage of the suit. This suit is at an extremely early stage and the complaint is to be amended. Despite this, Plaintiffs' Subpoenas seek documents relating to all of Holmes' insurance policies potentially applicable to this action, and all correspondence concerning communications with carriers, claims on policies, and investigations under policies. Requiring such additional voluminous

---

[1] "On timely motion, the court by which a subpoena was issued must quash or modify the subpoena that … (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies, or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A) (emphasis added).

discovery imposes a burden disproportionate to Plaintiffs' need at this state of the case. The Subpoenas should be quashed accordingly.

### 3. Holmes is entitled to a Protective Order Under Rules 45(c)(2) and (c)(3) Because the Subpoenas Seek Privileged Materials.

In addition to the foregoing, the Subpoenas are drafted so broadly as to request documents which are protected from production by the attorney client and attorney work product privileges. The Subpoenas should be quashed accordingly, or at a minimum, limited to ensure these privileges are preserved.

WHEREFORE, Defendant Holmes Building Materials, LLC, respectfully requests that the Court enter an order quashing Plaintiffs' Subpoena for Production and Subpoena for Testimony, or enter a protective order providing that the production of responsive materials and testimony regarding same occur after reasonable opportunity to gather and review materials, and be reasonably limited in scope to preserve Holmes' privileged records, and providing such other and further relief as the Court deems just and proper.

Respectfully submitted,

   /s/ Ney J. Gehman
Kaye N. Courington (La. Bar # 18582)
William J. Sommers, Jr. (La. Bar #12253)
Barbara Bourdonnay O'Donnell (La. Bar #17921)
Magali A. Puente-Martin (La. Bar #27279)
Ney J. Gehman (La. Bar #26490)
Duncan, Courington & Rydberg, L.L.C.
400 Poydras Street, Suite 1200
New Orleans, LA 70130
504-524-5566
Counsel for Holmes Building Materials, L.L.C.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum of Holmes Building Materials, LLC has been served on Plaintiffs' Liaison Counsel, Russ Herman at drywall@hhkc.com, and Defendants' Liaison Counsel, Kerry Miller at KMiller@frilot.com, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using CM/ECF System, which will send notice of electronic filing in accordance with the procedures established in MDL 2047, on this 12th day of April, 2010.

/s/ Ney J. Geyman