UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL ) | MDL No. 09-md-2047 |
| PRODUCTS LIABILITY LITIGATION ) | |
| ) | SECTION: L |
| ) | |
| **THIS DOCUMENT RELATES TO:** ) | JUDGE FALLON |
| ) | MAG. JUDGE WILKINSON |
| SEAN AND BETH PAYTON, et al. ) | |
| vs. ) | |
| KNAUF GIPS KG, et al. ) | |
| Civil Action No. 09-cv-7628 ) | |

**84 LUMBER COMPANY AND 84 LUMBER COMPANY, LP'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' OMNIBUS CLASS ACTION COMPLAINT (I) ACCORDING TO FLORIDA LAW**

AND NOW, come 84 Lumber Company and 84 Lumber Company, LP (collectively hereinafter "84 Lumber"), by and through their attorneys, BUCHANAN INGERSOLL & ROONEY PC, and file the within Memorandum in Support of Their Motion to Dismiss Plaintiffs' Omnibus Class Action Complaint (I), and in support thereof aver as follows:

## I.   PRELIMINARY STATEMENT

As an initial matter, Plaintiffs purport to bring claims against 84 Lumber Company and 84 Lumber Company, LP; however, Plaintiffs have improperly named 84 Lumber Company, LP as a Defendant.  84 Lumber Company is the properly named Defendant with regard to all claims brought against 84 Lumber Company and 84 Lumber Company, LP, and the Complaint should be amended accordingly.

With that said, Plaintiffs' Omnibus Class Action Complaint (I) ("Complaint") contains a myriad of general claims related to allegedly defective drywall, but pleads no specific facts concerning 84 Lumber.  In fact, the substantive allegations of the Complaint are conclusory,

bereft of any ultimate facts necessary to support the stated causes of action and are therefore woefully inadequate.

Within the Complaint, there appears to be three (3) sets of Class Action Plaintiffs ("84 Lumber Plaintiffs") who have purported to set forth claims against 84 Lumber. The 84 Lumber Plaintiffs are John and Barbara Brennan; Gregory and Cynthia Guillory; and Anthony Peter Petone. (Compl. at Schedule "1"). The 84 Lumber Plaintiffs reside in three (3) separate states; respectively Louisiana, Florida and Mississippi, where their individual alleged-claims presumably arose. Accordingly, the substantive law applicable to the respective actions brought by the 84 Lumber Plaintiffs will necessarily differ.

Given the above and for the Court's convenience, 84 Lumber has separated its Motion to Dismiss Plaintiffs' Omnibus Class Action Complaint(I) into three (3) separate filings, each specific to a different set of 84 Lumber Plaintiffs. The within filing relates to John and Barbara Brennan (hereinafter "Brennan Plaintiffs") who claim to reside at 875 39th Avenue Northwest, Naples, FL 34120. (Compl. at Schedule "1").

## II.  APPLICABLE LAW

A federal court sitting in diversity jurisdiction looks to the forum state's choice-of-law rules to determine which substantive law to apply. *Marchesani v. Pellerin-Milnor Corp.*, 269 F.3d 481, 485 (5th Cir. 2001). Although the Louisiana Civil Code dictates that in products liability cases such as the instant litigation, Louisiana law applies if the injury was sustained in Louisiana by a Louisiana resident, *see* La. Civ.Code Ann. Art. 3545, the analysis is altered in this case because the Brennan Plaintiffs' claimed causes of action against 84 Lumber can only be said to have arisen in Florida.

La. Civ.Code Ann. Art. 3542 provides:

> Except as otherwise provided in this Title, an issue of delictual or quasi-delictual obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
>
> That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of: (1) the pertinent contacts of each state to the parties and the events giving rise to the dispute, including the place of conduct and injury, the domicile, habitual residence, or place of business of the parties, and the state in which the relationship, if any, between the parties was centered; and (2) the policies referred to in Article 3515, as well as the policies of deterring wrongful conduct and of repairing the consequences of injurious acts.

The above provision dictates that Florida law be applied to the Brennan Plaintiffs' claims because the parties' relevant contacts are with; the claimed events occurred; the Brennan Plaintiffs' reside; and any claimed relationship between the parties was centered in Florida. As will be discussed below, the Brennan Plaintiffs' asserted causes of action fail as a matter of Florida law.

### III.   ARGUMENT

#### A.   Plaintiffs Fail To State A Viable Claim Of Negligence

The Brennan Plaintiffs' assertions as to the nature of the alleged defect in the drywall dictate that, absent actual knowledge, 84 Lumber could not have known about the claimed defect except through chemical testing. Specifically, the Brennan Plaintiffs allege, "the gypsum and other components of the product break down and release sulfides and other noxious gases that are then emitted (or 'off-gassed') from the drywall." (Complaint at ¶2611). Logically, it follows that the alleged defect could not have been discerned with the naked eye, nor would the alleged product break-down be evident in its normal distribution. Rather, absent laboratory testing or chemical analysis, the claimed defect is latent.

84 Lumber is alleged to be a distributor of drywall (Complaint at ¶¶2080-81). The Complaint glaringly omits allegations establishing that the alleged defect in the drywall resulted from the manner in which it was distributed. Accordingly, the Brennan Plaintiffs' assertion of a negligence claim against 84 Lumber is dependent upon a legal duty to inspect the drywall and/or warn of its alleged latent defects.

Florida law clearly holds that, unless a product is inherently dangerous, there is no duty to discover, correct or warn of latent defects absent actual or implied knowledge of such defects. *Ryan v. Atlantic Fertilizer & Chemical Co.*, 515 So.2d 324, 326 (Fla. 3d DCA 1987) (*citing Carter v. Hector Supply Co.*, 128 So.2d 390, 392 (Fla. 1961)); *Skinner v. Volkswagen of America, Inc.*, 350 So.2d 1122, 1123 (Fla. 3d DCA 1977); *see also Mendez v. Honda Motor Co.*, 738 F.Supp. 481, 483-84 (S.D.Fla. 1990).

The Complaint contains no allegations that the drywall is inherently dangerous, nor do the Brennan Plaintiffs allege how 84 Lumber should have known of the alleged defects in the drywall merely by virtue of its alleged distribution of same. Although it is claimed that, "Defendants, through the exercise of reasonable care" should have known of the latent defect (Complaint at ¶2644), such conclusory assertion essentially seeks to impose a duty to discover where none exists pursuant to Florida law. Count I is therefore substantively defective and must be dismissed.

### B. Plaintiffs Fail To State A Viable Claim Under The Florida Deceptive And Unfair Trade Practices Act, (the "FDUTPA")

*1. Plaintiffs fail to set forth their claim with the requisite specificity*

The Court should dismiss the Brennan Plaintiffs' claim brought under the FDUTPA (Count XIV). To state a claim under the FDUTPA, a plaintiff must establish the following: (i) a deceptive or unfair practice; (ii) causation; and (iii) actual damages. *See e.g., Rollins, Inc. v.*

4

*Butland*, 951 So.2d 860, 869 (Fla. 2d DCA 2006).  In bringing a claim under the FDUTPA, "a plaintiff must do more than merely allege in a conclusory fashion that a defendant's actions constitute an 'unfair or deceptive act' or that the defendant acted 'wrongfully, unreasonably and unjustly' and for a 'deceptive and improper purpose.'  *Infinity Global, LLC v. Resort at Singer Island, Inc.*, No. 07- 80690-CIV, 2008 WL 1711535, at *4 (S.D.Fla. 2008) (finding that plaintiff failed to state a claim under the FDUTPA) (citations omitted).

Furthermore, where a FDUTPA claim is asserted against multiple defendants, the pleader must allege facts establishing deceptive or unfair conduct on the part of each individual defendant which directly resulted in the damages at issue. *See, e.g., Virgilio v. Ryland Group, Inc.*, 2009 WL 320857 at 6 (M.D.Fla. 2009); *General Motors Acceptance Corp. v. Laesser*, 718 So.2d 276, 277-78 (Fla. 4th DCA 1998).

As the basis for their FDUTPA claim, the Brennan Plaintiffs merely allege that all of the "Defendants acts and omissions, as well as their failure to use reasonable care, constitute a violation of the provisions of the Consumer Protection Acts of the Relevant States."  (Compl. at ¶2755).  Plaintiffs do not identify the specific conduct of 84 Lumber that was allegedly deceptive or unfair, or how any unidentified conduct constituted an unfair or deceptive act.  Instead, the Brennan Plaintiffs' allegations are nothing more than bare legal conclusions, which are insufficient to state a claim under the FDUTPA. *Infinity Global, LLC*, 2008 WL 1711535, at *4; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) ("a plaintiffs obligation to provide the 'grounds' of his `entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.")   Accordingly, County XIV of the Complaint should be dismissed.

### 2. *Plaintiffs fail to allege damages that are recoverable under the FDUTPA*

Regardless of whether the Brennan Plaintiffs have pled a FDUTPA claim with the sufficient specificity, the claim should still be dismissed solely because the Brennan Plaintiffs have not alleged damages that are recoverable under the Act.  The FDUTPA is "intended to protect a consumer from unfair or deceptive acts or practices which diminish the value or worth of the goods or services purchased by the consumer" and authorizes a consumer to recover **actual** damages for a violation of the FDUTPA.  *Urling v. Helms Exterminators, Inc.*, 468 So.2d 451, 454 (Fla. 1st DCA 1985) (emphasis added); Fla. Stat. § 501.211(2).  The measure of actual damages is "the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered . . .." *Urling*, 468 So.2d at 454.  Where a plaintiff has failed to allege a recoverable loss under the FDUTPA (i.e., actual damages), the claim is subject to dismissal.  *See Smith v. 2001 South Dixie Highway, Inc.*, 872 So.2d 992, 994 (Fla. 4th DCA 2004) ("We conclude that the trial court was correct in dismissing appellant's complaint because appellant did not allege a recoverable loss under the statute and, therefore, failed to state a cause of action.").

In this case, the Brennan Plaintiffs are not seeking actual damages.  Rather, Plaintiffs plead only special and consequential damages, including the costs to repair their home and replace the other property allegedly damaged by the supposed defective drywall, and diminution in value damages.  (Compl. at ¶2632).  However, these damages are not recoverable under the FDUTPA.  *Urling*, 468 So.2d at 454 (denying cost spent repairing damages caused by termites because it "constitutes special or consequential damages which fall outside the statutory concept as defined in section 501.211, Florida Statutes").  *Kia Motors America Corp. v. Butler*, 985 So.2d 1133, 1140 (Fla. 3rd DCA 2008) (noting that under "FDUTPA 'actual damages' do not

include consequential damages, such as repair damages or resale damages"); *Rollins, Inc.*, 951 So.2d at 869-70 ("the recovery afforded under FDUTPA does not include diminution in value or stigma damages"). Further, damage to "property other than the property that is the subject of the consumer transaction" is simply not recoverable. Fla. Stat. § 501.212(3); *Rollins, Inc. v. Heller*, 454So.2d 580, 584-85 (Fla. 3rd DCA 1984) (denying recovery for items stolen due to defective burglary alarm system because FDUTPA "only allows recovery of damages related to the property which was the subject of the consumer transaction").

Therefore, because the Brennan Plaintiffs have failed to plead actual damages, the Court should dismiss Plaintiffs' FDUTPA claim against 84 Lumber. *Smith*, 872 So.2d at 994.

### C. Plaintiffs Fail To State A Claim For Unjust Enrichment

#### 1. *Plaintiffs have not conferred a benefit on 84 Lumber*

The Brennan Plaintiffs' unjust enrichment claim in Count XIII fails as a matter of law. Again, Plaintiffs' allegations are devoid of any specific facts relating to 84 Lumber. To state a claim for "unjust enrichment" a plaintiff must plead the following elements: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant has knowledge of the benefit; (3) the defendant has accepted or retained the benefit conferred; and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it." *Golden v. Woodward*, 15 So.3d 664, 670 (Fla. 1st DCA 2009).

The Brennan Plaintiffs do not specifically allege that they purchased any drywall directly, or even indirectly, from 84 Lumber. Assuming, *arguendo*, that any defective drywall used in the Brennan Plaintiffs' home was distributed or supplied by 84 Lumber indirectly and through another source, the Brennan Plaintiffs cannot establish that they conferred a benefit upon 84 Lumber. *See, e.g., Virgilio v. Ryland Group, Inc.*, 2009 WL 320857 at 5 (M.D.Fla. 2009)

7

(plaintiffs failed to allege that they conferred any benefit on defendants as they did not allege that home was purchased directly from defendant.  The benefit cannot be conferred indirectly).

Accordingly, the Brennan Plaintiffs' have failed to state a claim for unjust enrichment.

### 2. *In the alternative, Plaintiffs have adequate legal remedies*

To the extent it can be shown that the Brennan Plaintiffs alleged to have purchased drywall directly from 84 Lumber, the Brennan Plaintiffs have necessarily alleged an express contract with 84 Lumber and the claims should be dismissed as a matter of law.  *Garcia v. Cosicher*, 504 So.2d 462, 463 n.2 (Fla. 3d DCA 1987); *Williams v. Bear Stearns & Co.,* 725 So.2d 397, 400 (Fla. 5th DCA 1998) (upon a showing of an express contract a claim for unjust enrichment fails).

It is well settled in Florida that "unjust enrichment is equitable in nature and is, therefore, not available where there is an adequate legal remedy."  *Bowleg v. Bowe*, 502 So.2d 71, 72 (Fla. 3rd DCA 1987).  Under Florida law, the general rule is that if the complaint on its face shows that adequate legal remedies exist, equitable remedies are not available.  *See e.g. H.L. McNorton v. Pan American Bank of Orlando,* 387 So.2d 393, 399 (Fla. 5th DCA 1980). Consequently, an unjust enrichment claim must fail to the extent an express contract has been alleged.  *Id*.; *Garcia v. Cosicher*, 504 So. 2d 462, 463 n.2 (Fla. 3d DCA 1987).  As such, Count XIII of the Complaint should be dismissed.

**D.    Plaintiffs Fail to State a Claim for Equitable And Injunctive Relief and Medical Monitoring**

In Count XV of the Complaint, the Brennan Plaintiffs ask the Court for equitable and injunctive relief, including requiring 84 Lumber to "create, fund, and support a medical monitoring program." (Compl. at ¶2761).  Further, medical monitoring is an equitable remedy that is available in only limited circumstances.  *Petito v. A.H. Robins Co., Inc.*, 750 So.2d 103,

8

108 (Fla. 3rd DCA 1999). However, Plaintiffs have alleged an adequate remedy at law and therefore cannot plead a claim for "equitable and injunctive relief." For instance, Plaintiffs demand that Defendants, "buy back or rescind the contracts for Plaintiffs' and Class Members' homes ... or ... remediate, repair and/or replace the drywall ..." (Complaint at ¶2761). Accordingly, Plaintiffs are merely seeking remuneration for the allegedly defective drywall; injunctive relief is therefore unavailable due to the existence of (and, indeed, specific request for) an adequate legal remedy. *See Action Elec. & Repair, Inc. v. Batelli*, 416 So.2d 888, 889 (Fla. 4th DCA 1982) ("An action for damages does not become an equitable action merely because a request for injunction is also made.")

Notwithstanding the above, the Brennan Plaintiffs have failed to allege the elements necessary to state a claim for medical monitoring. "To state a claim in a class action for a medical monitoring program, plaintiffs must satisfy the following elements:"

> (1) exposure to greater than normal background levels,
> (2) to a proven hazardous substance,
> (3) caused by the defendant's negligence,
> (4) as a proximate result of the exposure, plaintiff has a significantly increased risk of contracting a serious latent disease,
> (5) a monitoring procedure exists that makes the early detection of the disease possible,
> (6) the prescribed monitoring regime is different from that normally recommended in the absence of the exposure, and
> (7) the prescribed monitoring regime is reasonably necessary according to contemporary scientific principles.

*Wyeth, Inc. v. Gottlieb*, 930 So.2d 635, 640 (Fla. 3d DCA 2006).

The Brennan Plaintiffs' relevant claim is replete with conclusory allegations which cannot satisfy the above-listed elements. For instance, the Brennan Plaintiffs do not allege the identity of any specific disease or illness; that a monitoring regime has been prescribed; how any prescribed monitoring regime is different from that normally recommended in the absence of the exposure; or why any prescribed monitoring regime is reasonably necessary according to contemporary

9

scientific principles. Simply stated, Plaintiffs' conclusory averments are inadequate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) ("a plaintiffs obligation to provide the 'grounds' of his `entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.")

Therefore, the Brennan Plaintiffs fail to state a claim for medical monitoring, equitable relief and injunction, and Count XV should be dismissed.

### E. Plaintiffs Fail To State A Claim For Negligence *Per Se*

In Count II, the Brennan Plaintiffs set forth a claim for "negligence *per se"* against these Defendants. However, the aforesaid claim should be dismissed as a matter of law for the reasons set forth below.

Count II merely alleges that "Defendants owed statutory duties to Plaintiffs and Class Members to exercise reasonable care in a) designing, b) manufacturing, c) exporting, d) importing, e) distributing, f) delivering, g) supplying, h) inspecting, i) marketing, and/or j) selling this drywall." (Compl. at ¶2649). In setting forth their allegations, the Brennan Plaintiffs fail to cite to any specific statute or regulation that Defendants have allegedly violated. Instead, Plaintiffs only generally allege that Defendants "breached their statutory duties, including but not limited to the International Building Code ("IBC") and other State and local Building Codes." (Compl. at ¶2651).

Florida courts have consistently held that in order to give a Defendant fair notice of the grounds on which a negligence *per se* claim rests, plaintiffs are required to cite to a specific statute or regulation that was allegedly breached. *Gates v. W.R.Grace & Co.*, 2009 WL 1455316 (M.D.Fla. 2009). Further, to adequately state a claim of negligence *per se*, plaintiffs are required to allege that they are within the class of persons the statute was designed to protect. *Irwin v.*

10

*Miami-Dade County Pub. Schs.*, 2009 WL 497652, at *4 (S.D.Fla. 2009); *cf. Mest v. Cabot Corp.*, 449 F.3d 502, 518 (3d Cir. 2006). The Brennan Plaintiffs simply failed to site any specific statute, let alone aver that they are within the class of persons a statute was designed to protect.

In fact, the only specific prescription referenced by the Brennan Plaintiffs is an industry standard, ASTMC C 1396/C 1396M-069. However, pursuant to Florida law, a violation of industry standards and customs does not constitute negligence *per se*. *Seaboard Coastline R.R. v. Clark,* 491 So.2d 1196, 1198 (Fla. D.C. 1986).

"A cause of action in negligence *per se* is created when a penal statute is designed to protect a class of persons, of which the plaintiff is a member, against a particular type of harm." *Newsome v. Haffner*, 710 So.2d 184, 186 (Fla. 1st DCA). In Florida, violations of two types of statutes may establish negligence *per se*. First, negligence *per se* is established by violation of a "strict liability" statute, which is "designed to protect a particular class of persons from their inability to protect themselves." *deJesus v. Seaboard Coast Line R.R. Co.*, 281 So.2d 198, 201 (1973) (citing *Tamiami Gun Shop v. Klein*, 116 So.2d 421 (Fla. 1959)). Strict liability statutes comprise a narrow group of "unusual and exceptional statutes," including child labor laws and statutes prohibiting the sale of firearms to minors. *Eckelbarger v. Frank*, 732 So.2d 433, 435-36 (Fla. 2d DCA 1999).

Second, negligence *per se* may be demonstrated by violation of "any other statute which establishes a duty to take precautions to protect a particular class of persons from a particular injury or type of injury." *deJesus*, 281 So.2d at 201. The plaintiff must establish that he "suffered injury of the type the statute was designed to prevent, and that the violation of the

statute was the proximate cause of his injury." *Id*. The Florida Supreme Court has held that a violation of this type of statute is considered only prima facie evidence of negligence. *Id*.

Without question, the Brennan Plaintiffs fail to allege the violation of any specific statute or regulation of the type which can form the basis of a negligence *per se* action. By failing to set forth a specific statute, the Brennan Plaintiffs have not given 84 Lumber fair notice of the grounds on which this claim rests. *Gates v. W.R.Grace & Co.*, 2009 WL 1455316 (M.D.Fla. 2009) (granting motion to dismiss because of plaintiff's failure to point to a specific statute or regulation); *cf. Tatum v. Pactiv Corp., Case No.* 2:06-cv-83, 2006 WL 3543106, at *2 (M.D.Ala. 2006).

Consequently, this Court should dismiss Count II of Plaintiffs' Omnibus Class Action Complaint with respect to Plaintiffs John and Barbara Brennan.

### F. Negligent Discharge Of A Corrosive Substance Is Not Recognized As A Separate Cause Of Action By Florida Courts

In Count XII, the Brennan Plaintiffs purport to set forth a claim for "negligent discharge of a corrosive substance" against 84 Lumber. However, the claim for "negligent discharge of a corrosive substance" should be dismissed as a matter of law for the reasons set forth below.

Simply stated, there is no record of any Florida court ever recognizing "negligent discharge of a corrosive substance" as a valid cause of action. The Plaintiffs simply cannot proceed on a cause of action that is not recognized by the Florida courts. *See e.g.*, *Riedel v. NCNB National Bank of Florida, Inc.,* 591 So.2d 1083 (Fla. Dist. 1992). Because Florida courts do not recognize the doctrine of "negligent discharge of a corrosive substance" as a cause of action, Plaintiffs John and Barbara Brennan, in Court XII of their Complaint, fail to state a claim for which relief can be granted. Consequently, this Court should dismiss Count XII of Plaintiffs' Omnibus Class Action Complaint.

### III.     CONCLUSION

For all the foregoing reasons, the Court should dismiss Counts I, II, XII, XIII, XIV, and XV and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/Marc T. Thirkell
S. Manoj Jegasothy, Esquire, PA ID #80084
Jeffrey R. Wilson, Esquire, PA ID #72735
John G. Ebken, Esquire, PA ID #91031
Marc T. Thirkell, Esquire, PA ID #90995
BUCHANAN INGERSOLL & ROONEY PC
One Oxford Centre, 20th Floor
Pittsburgh, Pennsylvania 15219
Phone: 412-562-8800
Fax:     412-562-1041
*Counsel for 84 Lumber Company, L.P. and 84 Lumber Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of April, 2010, this document has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and e-mail upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6 and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

/s/Marc T. Thirkell
Marc T. Thirkell