UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL ) | MDL No. 09-md-2047 |
| PRODUCTS LIABILITY LITIGATION ) | |
| ) | SECTION: L |
| ) | |
| **THIS DOCUMENT RELATES TO:** ) | JUDGE FALLON |
| ) | MAG. JUDGE WILKINSON |
| SEAN AND BETH PAYTON, et al. ) | |
|      vs. ) | |
| KNAUF GIPS KG, et al. ) | |
| Civil Action No. 09-cv-7628 ) | |

**84 LUMBER COMPANY AND 84 LUMBER COMPANY, LP'S MOTION TO
DISMISS PLAINTIFFS' OMNIBUS CLASS ACTION COMPLAINT(I)
<u>ACCORDING TO LOUISIANA LAW</u>**

     AND NOW, come 84 Lumber Company and 84 Lumber Company, LP (collectively hereinafter "84 Lumber"), by and through their attorneys, BUCHANAN INGERSOLL & ROONEY PC, and file the within Motion to Dismiss Plaintiffs' Omnibus Class Action Complaint (I), and in support thereof aver as follows:

     1.     The within filing relates to Plaintiffs Gregory and Cynthia Guillory (hereinafter "Guillory Plaintiffs"), who allege to be residents at 12060 Clanton Drive, Walker, LA 70785.  As such, and for the reasons more fully set forth in the attached Memorandum of Law, the substantive law of the state of Louisiana applies.

     2.     For the reasons set forth in the accompanying Memorandum of Law, Plaintiffs fail to state a viable Negligence Claim.  As such, Count I of Plaintiff's Complaint should be dismissed as a matter of law.

     3.     For the reasons set forth in the accompanying Memorandum of Law, Plaintiffs fail to state a claim for Negligence *Per Se*.  As such, Count II of Plaintiffs' Complaint should be dismissed as a matter of law.

1

4. As fully explained in the accompanying Memorandum of Law, Negligent Discharge of a Corrosive Substance is not recognized as a cause of action by Florida courts. As such, Count XII of Plaintiffs' Complaint should be dismissed as a matter of law.

5. For the reasons set forth in the accompanying Memorandum of Law, Plaintiffs fail to state a viable claim for Unjust Enrichment. As such, Count XIII of Plaintiffs' Complaint should be dismissed as a matter of law.

6. For the reasons set forth in the accompanying Memorandum of Law, Plaintiffs fail to state a viable claim for Equitable and Injunctive Relief and Medical Monitoring. As such, Count XV of Plaintiffs' Complaint should be dismissed as a matter of law.

7. For the reasons set forth in the accompanying Memorandum of Law, Plaintiffs fail to state a viable claim under the Louisiana Unfair Trade Practice and Consumer Protection Law. As such, Count XIV of Plaintiffs' Complaint should be dismissed as a matter of law.

8. For the reasons set forth in the accompanying Memorandum of law, the Court should dismiss Counts I, II, XII, XIII, XIV, and XV of Plaintiffs' Complaint and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/Marc T. Thirkell
S. Manoj Jegasothy, Esquire, PA ID #80084
Jeffrey R. Wilson, Esquire, PA ID #72735
John G. Ebken, Esquire, PA ID #91031
Marc T. Thirkell, Esquire, PA ID #90995
BUCHANAN INGERSOLL & ROONEY PC
One Oxford Centre, 20th Floor
Pittsburgh, Pennsylvania 15219
Phone: 412-562-8800
Fax:    412-562-1041
*Counsel for 84 Lumber Company, L.P. and 84 Lumber Company*

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of April, 2010, this document has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and e-mail upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6 and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

/s/Marc T. Thirkell
Marc T. Thirkell