**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL | ) | MDL No. 09-md-2047 |
| PRODUCTS LIABILITY LITIGATION | ) | |
| | ) | SECTION: L |
| | ) | |
| **THIS DOCUMENT RELATES TO:** | ) | JUDGE FALLON |
| | ) | MAG. JUDGE WILKINSON |
| SEAN AND BETH PAYTON, et al. | ) | |
| vs. | ) | |
| KNAUF GIPS KG, et al. | ) | |
| Civil Action No. 09-cv-7628 | ) | |

**84 LUMBER COMPANY AND 84 LUMBER COMPANY, LP'S MEMORANDUM IN**
**SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' OMNIBUS CLASS**
**ACTION COMPLAINT(I) ACCORDING TO LOUISIANA LAW**

AND NOW, come 84 Lumber Company and 84 Lumber Company, LP (collectively hereinafter "84 Lumber"), by and through their attorneys, BUCHANAN INGERSOLL & ROONEY PC, and file the within Memorandum of Law in Support of Their Motion to Dismiss Plaintiffs' Omnibus Class Action Complaint(I), and in support thereof aver as follows:

## I.      PRELIMINARY STATEMENT

As an initial matter, Plaintiffs purport to bring claims against 84 Lumber Company and 84 Lumber Company, LP; however, Plaintiffs have improperly named 84 Lumber Company, LP as a Defendant.  84 Lumber Company is the properly named Defendant with regard to all claims brought against 84 Lumber Company and 84 Lumber Company, LP, and the Complaint should be amended accordingly.

With that said, Plaintiffs' Omnibus Class Action Complaint (I) ("Complaint") contains a myriad of general claims related to allegedly defective drywall, but pleads no specific facts concerning 84 Lumber.  In fact, the substantive allegations of the Complaint are conclusory,

bereft of any ultimate facts necessary to support the stated causes of action and are therefore woefully inadequate.

Within the Complaint, three (3) sets of Class Action Plaintiffs ("84 Lumber Plaintiffs") have set forth claims against 84 Lumber.  The 84 Lumber Plaintiffs are John and Barbara Brennan; Gregory and Cynthia Guillory; and Anthony Peter Petone.  The 84 Lumber Plaintiffs reside in three (3) separate states; Louisiana, Florida and Mississippi, where their respective alleged-claims presumably arose.  Accordingly, the substantive law applicable to the respective actions brought by the 84 Lumber Plaintiffs will differ.

Given the above and for the Court's convenience, 84 Lumber has separated its Motion to Dismiss Plaintiffs' Omnibus Class Action Complaint into three (3) separate filings, each specific to a different set of 84 Lumber Plaintiffs.

## II.    <u>APPLICABLE LAW</u>

A federal court sitting in diversity jurisdiction looks to the forum state's choice-of-law rules to determine which substantive law to apply.  *Marchesani v. Pellerin-Milnor Corp.*, 269 F.3d 481, 485 (5th Cir. 2001).  The Louisiana Civil Code dictates that in products liability cases such as the instant litigation, Louisiana law applies if the injury was sustained in Louisiana by a Louisiana resident, *see* La. Civ.Code Ann. Art. 3545

This filing relates to Plaintiffs Gregory and Cynthia Guillory (hereinafter "Guillory Plaintiffs"), who allege to be residents at 12060 Clanton Drive, Walker, LA 70785.  Presumably then, the Guillory Plaintiffs purport to allege to have sustained an injury in Louisiana.  As such, the applicable substantive law relative to the Guillory Plaintiffs' claims is Louisiana state law.

### III.     ARGUMENT

**A.     Plaintiffs Fail To State A Viable Claim Of Negligence**

The Guillory Plaintiffs' assertions as to the nature of the alleged defect in the drywall dictate that, absent actual knowledge, 84 Lumber could not have known about the claimed defect except through chemical testing.  Specifically, the Guillory Plaintiffs allege, "the gypsum and other components of the product break down and release sulfides and other noxious gases that are then emitted (or 'off-gassed') from the drywall."  (Complaint at ¶2611).  Logically, it follows that the alleged defect could not have been discerned with the naked eye, nor would the alleged product break-down be evident in its normal distribution.  Rather, absent laboratory testing or chemical analysis, the claimed defect is latent.

84 Lumber is alleged to be a distributor of drywall (Complaint at ¶¶2080-81).  The Complaint glaringly omits allegations establishing that the alleged defect in the drywall resulted from the manner in which it was distributed.  Accordingly, the Guillory Plaintiffs' assertion of a negligence claim against 84 Lumber is dependent upon a legal duty to inspect the drywall and/or warn of its alleged latent defects.

Louisiana law clearly holds that, unless a product is inherently dangerous, there is no duty to discover, correct or warn of latent defects absent actual or implied knowledge of such defects.  *Thomasson v. A. K. Durnin Chrysler-Plymouth, Inc.*, 399 So.2d 1205, 1208 (La. App. 1981) ("[S]eller is not required to search for latent, nonapparent defects.") *citing Hunt v. Ford Motor Company*, 341 So. 2d 614 (La. App. 1977).

The Complaint contains no allegations that the drywall is inherently dangerous, nor do the Guillory Plaintiffs allege how 84 Lumber should have known of the alleged defects in the drywall merely by virtue of its alleged distribution of same.  Although it is claimed that,

"Defendants, through the exercise of reasonable care" should have known of the latent defect (Complaint at ¶2644), such conclusory assertion essentially seeks to impose a duty to discover where none exists pursuant to Louisiana law.  Count I is therefore substantively defective and must be dismissed.

### B.    Plaintiffs Fail To State A Claim For Negligence *Per Se*

In Count II, the Guillory Plaintiffs set forth a claim of "negligence *per se*" against 84 Lumber.  However, the claim for negligence *per se* should be dismissed as a matter of law for the reasons set forth below.

Louisiana Courts have long held that "the doctrine of 'negligence *per se*' has been repudiated." *Phillips v. K-Mart*, 588 So. 2d 142, 143 (App. La. 1991); *see also Weber v. Phoenix Insurance Company of NY,* 273 So. 2d 30 (La. 1973); *Boyer v. Johnson*, 360 So. 2d 1164 (La. 1978).  In repudiating the doctrine of negligence *per se*, the Louisiana Supreme Court held that "[p]laintiffs cannot rely upon the doctrine of negligence *per se* to establish liability . . .." *Id*. at 144.

Because Louisiana Courts do not recognize the doctrine of "negligence *per se*" as a cause of action, Plaintiffs Gregory and Cynthia Guillory, in Court II of Plaintiffs' Omnibus Class Action Complaint, fail to state a claim for which relief can be granted.  As such, this Court should dismiss Count II of Plaintiffs Omnibus Class Action Complaint as it relates to Plaintiffs Gregory and Cynthia Guillory.

### C.    Negligent Discharge Of A Corrosive Substance Is Not Recognized As A Cause Of Action By Louisiana Courts

In Count XII, the Guillory Plaintiffs set forth a claim for "negligent discharge of a corrosive substance*"* against 84 Lumber. However, the claim for "negligent discharge of a corrosive substance" should be dismissed as a matter of law for the reasons set forth below.

There is no record of any Louisiana court ever recognizing "negligent discharge of a corrosive substance" as a valid cause of action.  The Guillory Plaintiffs simply cannot proceed on a cause of action that is not recognized by the Louisiana courts.  *See e.g.*, *Tichenor v. Roman Catholic Church,* 665 So.2d 1307, 95-0930 (La.App. 4 Cir. 12/14/95).  Because Louisiana Courts do not recognize the doctrine of "negligent discharge of a corrosive substance" as a cause of action, Plaintiffs Gregory and Cynthia Guillory, in Court XII of their Complaint, fail to state a claim for which relief can be granted.

Accordingly, this Court should dismiss Count XII of Plaintiffs' Omnibus Class Action Complaint.

**D.      Plaintiffs Cannot State A Claim For Unjust Enrichment Because They Have Adequate Remedies At Law And Have Pled Them**

The Guillory Plaintiffs' unjust enrichment claim in Count XIII fails as a matter of law.  It is well settled in Louisiana that "unjust enrichment is equitable in nature and is, therefore, not available where there is an adequate legal remedy."  *Garber v. Badon & Ranier*, 981 So.2d 92 (LA App. 3 Cir. 2008).  Where plaintiff has other causes of action, unjust enrichment will not apply.  Further, "[i]t is not the success or failure of other causes of action, but rather the *existence* of other causes of action, that determine whether unjust enrichment can be applied." *Id*. at 100.  "[U]njust enrichment principles are only applicable to fill a gap in the law where no express remedy is provided." *Louisiana Nat'l. Bank of Baton Rouge v. Belello,* 577 So.2d 1099, 1102 (La.App. 1 Cir.1991); *see also Coastal Envtl. Specialists, Inc. v. Chem-Lig Int'l., Inc.,* 00-1936 (La.App. 1 Cir. 2001), 818 So.2d 12.

For example, the Louisiana Supreme Court in *Morphy, Makofsky & Masson, Inc. v. Canal Place 2000,* held that the existence of a claim on an express or implied contract precludes

application of the unjust enrichment theory, because the *potential* claim constitutes a practical remedy at law available to the impoverishee.  *Garber*, 981 So.2d at 100 (citing 538 So.2d 569 (La.1989)).

Here, the Guillory Plaintiffs have alleged in Count IV, "Breach of Express and/or Implied Warranties" against 84 Lumber.  Consequently, the Guillory Plaintiffs allege to have adequate remedies at law and are, in fact, pursuing those remedies in this case.  Indeed, the Guillory Plaintiffs are seeking the same relief in their unjust enrichment count as they are in almost every other count in the Complaint, namely economic damages as a result of the allegedly defective drywall.  Therefore, because the Guillory Plaintiffs have adequate remedies at law, their claim for unjust enrichment fails as a matter of law and the Court should dismiss Count XIII of the Complaint.

### E.    Plaintiffs Fail to State a Claim for Equitable And Injunctive Relief and Medical Monitoring

In Count XV of the Complaint, Plaintiffs ask the Court for equitable and injunctive relief, including requiring 84 Lumber to . . . "create, fund, and support a medical monitoring program." (Compl. at ¶2761).  As stated above, Plaintiffs have alleged an adequate remedy at law and therefore cannot plead a claim for "equitable and injunctive relief."

In addition, Plaintiffs have failed to allege the elements necessary to state a claim for medical monitoring pursuant to Louisiana law.  To state a claim for a medical monitoring, plaintiffs must satisfy the following elements:

(1) Significant exposure to a proven hazardous substance.
(2) As a proximate result of this exposure, plaintiff suffers a significantly increased risk of contracting a serious latent disease.
(3) Plaintiff's risk of contracting a serious latent disease is greater than (a) the risk of contracting the same disease had he or she not been exposed and (b) the chances of members of the public at large of developing the disease.
(4) A monitoring procedure exists that makes the early detection of the disease possible.

(5) The monitoring procedure has been prescribed by a qualified physician and is reasonably necessary according to contemporary scientific principles.
(6) The prescribed monitoring regime is different from that normally recommended in the absence of exposure.
(7) There is some demonstrated clinical value in the early detection and diagnosis of the disease.

*Bourgeois v. A.P. Green Industries, Inc*. 716 So. 2d 355 (La. 1998).

The Guillory Plaintiffs have only set forth conclusory statements which cannot establish a claim for medical monitoring.  Furthermore, the Guillory Plaintiffs' have not alleged that a monitoring procedure "has been prescribed by a qualified physician" as required by element five. *See id* at 361.  "Plaintiff must show that administration of the diagnostic test is medically advisable **for him or her specifically**. *Id.* (emphasis added).  "Absent the advisability of monitoring for a specific individual, the associated costs should not be recoverable." *Id.*

In addition to the above enumerated elements, plaintiff must establish that the illness, the risk of which has been increased by exposure, is both serious and latent.  *Id*.  The Louisiana Supreme Court explained, "[b]y this we mean an illness that is dormant and that, in its ordinary course, may result in significant impairment or death."  *Id*.  The Guillory Plaintiffs have only vaguely referred to "health problems" and the need for detection of "any latent disease." (Compl. at ¶2766 ).  Certainly, the Guillory Plaintiffs have not alleged any specific illness, let alone that any illness could lead to significant impairment or death.  For all of the above stated reasons,  the Guillory Plaintiffs fail to state a claim for medical monitoring, equitable relief and injunction, and Count XV should be dismissed.

> **F.      The Complaint Fails To State A Viable Claim Under The Louisiana Unfair Trade Practices And Consumer Protection Law, (the "LUTPCPL")**

As the basis for their LUTPCPL claim in Count XIV of the Complaint, Plaintiffs merely allege that all of the "Defendants acts and omissions, as well as their failure to use reasonable

care, constitute a violation of the provisions of the Consumer Protection Acts of the Relevant States." (Compl. at ¶2755). Plaintiffs do not identify the specific conduct of 84 Lumber that was allegedly deceptive or unfair, or how any unidentified conduct constituted an unfair or deceptive act. Instead, Plaintiffs' allegations are nothing more than bare legal conclusions, which are insufficient to state a claim under the LUTPCPL. *Infinity Global, LLC*, 2008 WL 1711535, at *4; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) ("a plaintiffs obligation to provide the 'grounds' of his `entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.")

Accordingly, Count XIV is legally deficient and should be dismissed.

### III.   CONCLUSION

For all the foregoing reasons, the Court should dismiss Counts I, II, XII, XIII, XIV, and XV and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,


/s/Marc T. Thirkell
S. Manoj Jegasothy, Esquire, PA ID #80084
Jeffrey R. Wilson, Esquire, PA ID #72735
John G. Ebken, Esquire, PA ID #91031
Marc T. Thirkell, Esquire, PA ID #90995
BUCHANAN INGERSOLL & ROONEY PC
One Oxford Centre, 20th Floor
Pittsburgh, Pennsylvania 15219
Phone: 412-562-8800
Fax:    412-562-1041
*Counsel for 84 Lumber Company, L.P. and 84 Lumber Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 13th day of April, 2010, this document has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and e-mail upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6 and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.


/s/Marc T. Thirkell
Marc T. Thirkell