UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL ) | MDL No. 09-md-2047 |
| PRODUCTS LIABILITY LITIGATION ) | |
| ) | SECTION: L |
| ) | |
| **THIS DOCUMENT RELATES TO:** ) | JUDGE FALLON |
| ) | MAG. JUDGE WILKINSON |
| SEAN AND BETH PAYTON, et al. ) | |
| vs. ) | |
| KNAUF GIPS KG, et al. ) | |
| Civil Action No. 09-cv-7628 ) | |

**84 LUMBER COMPANY AND 84 LUMBER COMPANY, LP'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' OMNIBUS CLASS ACTION COMPLAINT (I) ACCORDING TO MISSISSIPPI LAW**

AND NOW, come 84 Lumber Company and 84 Lumber Company, LP (collectively hereinafter "84 Lumber"), by and through their attorneys, BUCHANAN INGERSOLL & ROONEY PC, and file the within Memorandum of Law in Support of Their Motion to Dismiss Plaintiffs' Omnibus Class Action Complaint (I), and in support thereof aver as follows:

**I.    PRELIMINARY STATEMENT**

As an initial matter, Plaintiffs purport to bring claims against 84 Lumber Company and 84 Lumber Company, LP; however, Plaintiffs have improperly named 84 Lumber Company, LP as a Defendant. 84 Lumber Company is the properly named Defendant with regard to all claims brought against 84 Lumber Company and 84 Lumber Company, LP, and the Complaint should be amended accordingly.

With that said, Plaintiffs' Omnibus Class Action Complaint (I) ("Complaint") contains a myriad of general claims related to allegedly defective drywall, but pleads no specific facts concerning 84 Lumber. In fact, the substantive allegations of the Complaint are conclusory,

1

bereft of any ultimate facts necessary to support the stated causes of action and are therefore woefully inadequate.

Within the Complaint, there appears to be three (3) sets of Class Action Plaintiffs ("84 Lumber Plaintiffs") who have purported to set forth claims against 84 Lumber. The 84 Lumber Plaintiffs are John and Barbara Brennan; Gregory and Cynthia Guillory; and Anthony Peter Petone. (Compl. at Schedule "1"). The 84 Lumber Plaintiffs reside in three (3) separate states; respectively Louisiana, Florida and Mississippi, where their individual alleged-claims presumably arose. Accordingly, the substantive law applicable to the respective actions brought by the 84 Lumber Plaintiffs will necessarily differ.

Given the above and for the Court's convenience, 84 Lumber has separated its Motion to Dismiss Plaintiffs' Omnibus Class Action Complaint into three (3) separate filings, each specific to a different set of 84 Lumber Plaintiffs. The within filing relates to Plaintiff Anthony Petone ("Plaintiff Petone"), who alleges to reside at 910 Maple Street, Waveland, Mississippi. (Compl. at Schedule "1").

## II.    APPLICABLE LAW

A federal court sitting in diversity jurisdiction looks to the forum state's choice-of-law rules to determine which substantive law to apply. *Marchesani v. Pellerin-Milnor Corp.*, 269 F.3d 481, 485 (5th Cir. 2001). Although the Louisiana Civil Code dictates that in products liability cases such as the instant litigation, Louisiana law applies if the injury was sustained in Louisiana by a Louisiana resident, *see* La. Civ.Code Ann. Art. 3545, the analysis is altered in this case because Plaintiff Petone's claimed causes of action against 84 Lumber can only be said to have arisen in Mississippi.

La. Civ.Code Ann. Art. 3542 provides:

> Except as otherwise provided in this Title, an issue of delictual or quasi-delictual obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
>
> That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of: (1) the pertinent contacts of each state to the parties and the events giving rise to the dispute, including the place of conduct and injury, the domicile, habitual residence, or place of business of the parties, and the state in which the relationship, if any, between the parties was centered; and (2) the policies referred to in Article 3515, as well as the policies of deterring wrongful conduct and of repairing the consequences of injurious acts.

The above provision dictates that Mississippi law be applied to Plaintiff Petone's claims because the parties' relevant contacts are with; the claimed events occurred; Plaintiff Petone resides; and any claimed relationship between the parties was centered in Mississippi. As will be discussed below, Plaintiff Petone's asserted causes of action fail as a matter of Mississippi law.

### III.   ARGUMENT

**A.   Plaintiffs Fail To State A Viable Claim Of Negligence**

Plaintiff Petone's assertions as to the nature of the alleged defect in the drywall dictate that, absent actual knowledge, 84 Lumber could not have known about the claimed defect except through chemical testing. Specifically, Plaintiff Petone alleges, "the gypsum and other components of the product break down and release sulfides and other noxious gases that are then emitted (or 'off-gassed') from the drywall." (Complaint at ¶2611). Logically, it follows that the alleged defect could not have been discerned with the naked eye, nor would the alleged product "break-down" be evident in its normal distribution. Rather, absent laboratory testing and chemical analysis, the claimed defect is latent.

3

84 Lumber is alleged to be a distributor and/or seller of drywall (Complaint at ¶¶2080-81). The Complaint glaringly omits allegations establishing that the alleged defect in the drywall resulted from the manner in which it was distributed. Accordingly, Plaintiff Petone's assertion of a negligence claim against 84 Lumber is dependent upon a legal duty to inspect the drywall and/or warn of its alleged latent defects.

However, Mississippi law clearly holds that a distributor who did not manufacture a product owes no duty to discover, correct or warn of latent defects. *Sam Shainberg Co. of Jackson v. Barlow*, 258 So.2d 242, 244 (Ms. 1972) (no duty devolves on a seller to inspect and discover a latent defect). Although it is claimed that, "Defendants, through the exercise of reasonable care" should have known of the latent defect (Complaint at ¶2644), such conclusory assertion essentially seeks to impose a duty to discover where none exists pursuant to Mississippi law. Count I is therefore substantively defective and must be dismissed.

  **B.**  **Plaintiff Fails To State A Claim For Negligence *Per Se***

In Count II, Plaintiff Petone sets forth a claim for "negligence *per se"* against 84 Lumber. Plaintiff Petone's negligence *per se* claim should be dismissed as a matter of law for the reasons set forth below.

Plaintiff Petone generally alleges that "Defendants owed statutory duties to Plaintiffs and Class Members to exercise reasonable care in a) designing, b) manufacturing, c) exporting, d) importing, e) distributing, f) delivering, g) supplying, h) inspecting, i) marketing, and/or j) selling this drywall." (Compl. at ¶2649). However, Plaintiff fails to cite to any specific statute or regulation that Defendants have allegedly violated with respect to its negligence *per se* claim. Instead, Plaintiff only generally alleges that Defendants "breached their statutory duties,

including but not limited to the International Building Code ("IBC") and other State and local Building Codes."  (Compl. at ¶2651).

In Mississippi, to adequately state a claim of negligence *per se*, a plaintiff must allege that he was a member of the class sought to be protected under the statute, that the injuries were of a type sought to be avoided, and that violation of the statute proximately caused the injuries. *Accu-Fab & Construction, Inc. v. Ladner,* 778 So.2d 766 (Ms. 2001)*; see also Snapp v. Harrison,* 699 So.2d 594, 597 (Ms. 1995).  Obviously, it is impossible for Plaintiff Petone to carry his burden since he has failed to first allege the violation of any specific statute or regulation.  By failing to allege the specific statutory or regulatory basis for the negligence *per se* claim, Plaintiff Petone has failed to give 84 Lumber fair notice of the grounds on which this claim rests and 84 Lumber is therefore unable fashion a defense.

The only specific prescription referenced by Plaintiff Petone is one industry standard, ASTMC C 1396/C 1396M-069.  However, according to Mississippi law, a violation of an industry standard does not constitute negligence *per se*.  *Accu-Fab & Construction, Inc. v. Ladner,* 778 So.2d 766 (Ms. 2001).

Consequently, this Court should dismiss Count II of Plaintiffs' Omnibus Class Action Complaint with respect to Plaintiff Petone.

      **C.**    **Negligent Discharge Of A Corrosive Substance Is Not Recognized As A Cause Of Action By Mississippi Courts**

In Count XII, Plaintiff Petone sets forth a claim for "negligent discharge of a corrosive substance" against 84 Lumber.  However, the claim for "negligent discharge of a corrosive substance" should be dismissed as a matter of law for the reasons set forth below.

There is no record of any Mississippi court ever recognizing "negligent discharge of a corrosive substance" as a valid cause of action.  Plaintiff Petone simply cannot proceed on a

cause of action that is not recognized by the Mississippi courts. *See e.g.*, *Beech v. Leaf River Forest Products,* 691 So.2d 446 (Ms. 1997). Because Mississippi courts do not recognize the doctrine of "negligent discharge of a corrosive substance" as a cause of action, Plaintiff Petone, in Court XII of the Complaint, fails to state a claim for which relief can be granted. As such, this Court should dismiss Count XII of Plaintiffs' Omnibus Class Action Complaint.

> D.   **The Complaint Fails To State A Viable Claim Under The Mississippi Consumer Protection Act, (the "MCPA")**

> 1. *Plaintiff fails to allege the required attempt to informally resolve the dispute*

The Court should dismiss Plaintiff Petone's claim brought under the MCPA (Count XIV) because Plaintiff Petone has failed to allege that he first attempted to informally resolve his claim with 84 Lumber. Mississippi Code Annotated Section 75-24-15(2) mandates that: "[i]n any private action brought under this chapter [the MCPA], the plaintiff must have first made a reasonable attempt to resolve any claim through an informal dispute settlement program approved by the Attorney General."

In *Taylor v. Southern Farm Bureau Cas. Co.*, the Mississippi Appellate Court ruled that the lower court properly dismissed an action pursuant to the MCPA because plaintiff did not claim to have made an attempt to resolve the dispute through an informal settlement program. 954 So.2d 1045, 1049 (Ms. App. 2007). Like in our case, plaintiff in *Taylor* simply made no reference to any attempt to resolve the dispute through an informal settlement program. *Id*. Accordingly, the Court concluded that plaintiff failed to state a claim upon which relief may be granted. *Id.*

As Plaintiff Petone has without question failed to allege a prior attempt to resolve the matter informally, this matter must be dismissed pursuant to the *Taylor* Court's ruling.

### *2. Plaintiff fails to set forth their claim with the requisite specificity*

Furthermore, Plaintiff Petone merely alleges that all of the "Defendants acts and omissions, as well as their failure to use reasonable care, constitute a violation of the provisions of the Consumer Protection Acts of the Relevant States." (Compl. at ¶2755). Plaintiff does not identify the specific conduct of 84 Lumber that was allegedly deceptive or unfair, or how any unidentified conduct constituted an unfair or deceptive act. Instead, Plaintiff Petone's allegations are nothing more than bare legal conclusions, which are insufficient to state a claim under the MCPA. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) ("a plaintiffs obligation to provide the 'grounds' of his `entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.")

Accordingly, this Court should dismiss Count XIV of the Complaint as it relates to Plaintiff Petone.

### E.  Plaintiff Cannot State A Claim For Unjust Enrichment Because He Has Adequate Remedies At Law And Has Pled Them

Plaintiff Petone's unjust enrichment claim in Count XIII fails as a matter of law. It is well settled in Mississippi that unjust enrichment is equitable in nature and is, therefore, not available where there is an adequate legal remedy. *See 1704 21st Avenue, Ltd. v. City of Gulfport*, 988 So.2d 412 (Ms. App. 2008); *see also Hans v. Hans,* 482 So.2d 1117, 1122 (Ms. 1986) (The doctrine of unjust enrichment or recovery in quasi contract applies to situations where there is no legal contract).

Plaintiff claims that all Defendants received money as a result of "Plaintiffs' and Class Members' purchases of Defendants' defective drywall, or purchases of structures containing this drywall, either directly or through an agent . . .." (Compl. at ¶2750). Although it is not entirely

clear, it appears as though Plaintiff Petone has plead to have purchased drywall, or a structure containing drywall, from 84 Lumber.  As such, Plaintiff Petone has necessarily alleged a contract with 84 Lumber and the claims should therefore be dismissed as a matter of law.  *See Hans v. Hans,* 482 So.2d 1117, 1122 (Ms. 1986).

Furthermore, Plaintiff Petone has alleged in Count IV, "Breach of Express and/or Implied Warranties" against 84 Lumber.  Consequently, Plaintiff Petone has alleged to have adequate remedies at law and is, in fact, pursuing those remedies in this case.  Indeed, Plaintiff Petone is seeking the same relief in his unjust enrichment count as he is in almost every other count in the Complaint, namely economic damages as a result of the allegedly defective drywall.  Therefore, because Plaintiff Petone has adequate remedies at law, his claim for unjust enrichment fails as a matter of law and the Court should dismiss Count XIII of the Omnibus Complaint.

### F. Plaintiff Fails To State A Claim For Equitable And Injunctive Relief And Medical Monitoring

Plaintiff's claim of Medical Monitoring in Count XV of the Complaint should be dismissed as Plaintiff has not alleged a current, physical injury.  With regard to Plaintiff's claim for Medical Monitoring, Plaintiff Petone speculates that: "exposure may lead to serious health problems . . . that may be prevented by timely medical diagnosis and treatment"; Plaintiff may encounter health problems as a result of the defective drywall; and Plaintiff has developed a significantly increased risk of contracting a serious latent disease.  (Compl. at ¶¶2766-68). Importantly, Plaintiff Petone has not alleged any current, physical damage.  In other words, Plaintiff Petone's cause of action seeks medical monitoring based on an increased risk of a future, unnamed disease.

However, Mississippi law does not recognize a claim for medical monitoring based on increased risk of future disease. *Paz v. Brush Engineered Materials, Inc.*, 949 So.2d 1 (Ms. 2007). In fact, the Mississippi Supreme Court has expressly refused to recognize such a claim. *Id*. In *Paz*, plaintiffs claimed they should be able to recover damages in the form of medical monitoring costs solely on the basis that they had been exposed to harmful levels of beryllium and were in danger of suffering from latent diseases. *Id*. at 3.

In response, the Mississippi Supreme Court noted that "[t]he possibility of a future injury is insufficient to maintain a tort claim. Recognizing a medical monitoring cause of action would be akin to recognizing a cause of action for fear of future illness. Each bases a claim for damages on the possibility of incurring an illness with no present manifest injury. There is no tort cause of action in Mississippi without some identifiable injury . . .. Thus, this Court has held that 'it is clear that Mississippi does not recognize a cause of action for fear of possibly contracting a disease at some point in the future.'" *Id*. at 5 (citing *Brewton v. Reichhold Chemicals, Inc.,* 707 So.2d 618, 620 (Ms. 1998) (citing *Beech v. Leaf River Forest Prods., Inc.,* 691 So.2d 446, 451 (Ms. 1997)); *Leaf River Forest Products, Inc. v. Ferguson,* 662 So.2d 648, 658 (for the same proposition).

The *Paz* Court unequivocally held that Mississippi common law continues to decline to recognize a medical monitoring cause of action without a showing of physical injury. *Id*. at 8. In addition, to the extent Count XV sets forth a claim for other equitable and injunctive relief, Plaintiff Petone has alleged an adequate remedy at law, as discussed herein, and therefore cannot plead a claim for the same.

Therefore, Plaintiff Petone fails to state a claim for medical monitoring, equitable relief and injunction, and Count XV should be dismissed.

### III.     CONCLUSION

For all the foregoing reasons, the Court should dismiss Counts I, II, XII, XIII, XIV and XV and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/Marc T. Thirkell
S. Manoj Jegasothy, Esquire, PA ID #80084
Jeffrey R. Wilson, Esquire, PA ID #72735
John G. Ebken, Esquire, PA ID #91031
Marc T. Thirkell, Esquire, PA ID #90995
BUCHANAN INGERSOLL & ROONEY PC
One Oxford Centre, 20th Floor
Pittsburgh, Pennsylvania 15219
Phone: 412-562-8800
Fax:    412-562-1041
*Counsel for 84 Lumber Company, L.P. and 84 Lumber Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of April, 2010, this document has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and e-mail upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6 and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

/s/Marc T. Thirkell
Marc T. Thirkell