# Exhibit H

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 09-80743-MOORE

GENERAL FIDELITY INSURANCE CO.,

    Plaintiff,

v.

KATHERINE L. FOSTER, an individual;
NORTHSTAR HOLDINGS, INC., a Florida
corporation; NORTHSTAR HOMES, INC.,
a Florida corporation; and NORTHSTAR
HOLDINGS AT B & A, LLC, a Florida
corporation,

    Defendants.
_____/

## PLAINTIFF/COUNTER-DEFENDANT GENERAL FIDELITY INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSE TO DEFENDANTS/COUNTER-PLAINTIFF NORTHSTAR'S COUNTERCLAIM

Plaintiff/Counter-Defendant, General Fidelity Insurance Company ("General Fidelity"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 7(a)(3), hereby responds to the Counterclaim filed by Defendants/Counter-Plaintiffs, Northstar Holdings, Inc., Northstar Homes, Inc., and Northstar Holdings at B & A, LLC ("Northstar Defendants"), as follows:

1. Admitted for jurisdictional purposes only.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted that Northstar Holdings at B & A, LLC was the general contractor of a project known as Cobblestone Creek located in Palm Beach County, Florida; remainder of allegations, without knowledge and therefore denied.

8. Admitted.

9. Without knowledge, therefore denied.

10. Without knowledge, therefore denied.

11. Without knowledge, therefore denied.

12. Without knowledge, therefore denied.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. A copy of the Policy is attached to Plaintiff's Complaint and is the best evidence of its terms; therefore, no response is required.

20. A copy of the Policy is attached to Plaintiff's Complaint and is the best evidence of its terms; therefore, no response is required.

21. Admitted.

22. Admitted that Defendant Katherine Foster has filed a "putative" class action lawsuit.

23. Admitted.

2

24. Admitted.

25. Admitted.

26. Admitted.

27. Denied that the alleged damages fall within the coverage afforded by the Policies; remainder of allegations, without knowledge and therefore denied.

28. Denied.

29. Denied. To the extent that the "Florida Total Pollution Exclusion Endorsement" does not apply to the costs and expenses in connection with the removal and replacement of the defective drywall itself, other Policy provisions preclude coverage for these costs and expenses, including, but not limited to, the definitions of "occurrence" and "property damage."

30. Denied.

31. Denied.

30.[sic] Admitted that an actual and justiciable controversy exists between Northstar and General Fidelity as to General Fidelity's duties to defend Northstar against claims for damage brought against Northstar by homeowners within the Cobblestone Community and as to General Fidelity's duty to indemnify Northstar for any losses sustained by Northstar in connection with such third party claims; denied to the extent that Defendant Foster has brought a class action lawsuit in that Defendant Foster has instead brought a "putative" class action.

Any and all remaining allegations not specifically addressed are denied.

3

## AFFIRMATIVE DEFENSE

The "Florida Total Pollution Exclusion Endorsement" bars all damages as a result of defective drywall, including, but not limited to, the recovery of costs and expenses in removing and replacing the defective drywall itself. To the extent that the "Florida Total Pollution Exclusion Endorsement" does not apply to the costs and expenses in the removal and replacement of the defective drywall itself, other Policy provisions preclude coverage for these costs and expenses, including, but not limited to, the definitions of "occurrence" and "property damage."

Respectfully submitted,

/s Ryan K. Hilton
RYAN K. HILTON, ESQ.
Florida Bar No.: 304610
rhilton@butlerpappas.com
BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP
777 S. Harbour Island Boulevard, Suite 500
Tampa, FL 33602
Tel. 813-281-1900
Fax. 813-281-0900
Attorneys for Plaintiff, GENERAL FIDELITY INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the following Service List in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF. Defendant Katherine Foster is not being served with the foregoing document as she has not filed a notice of appearance or a responsive pleading in this case yet.

/s Ryan K. Hilton
RYAN K. HILTON, ESQ.

## SERVICE LIST

**GENERAL FIDELITY INSURANCE COMPANY v. KATHERINE L. FOSTER, an individual; NORTHSTAR HOLDINGS, INC., a Florida corporation; NORTHSTAR HOMES, INC., a Florida corporation; and NORTHSTAR HOLDINGS AT B & A, LLC, a Florida corporation**

### Case No.: 09-80743-Civ-MOORE

### United States District Court, Southern District of Florida

MICHAEL K. WILSON, P.A.
mkwilson@broadandcassel.com
BROAD AND CASSEL
390 N. Orange Avenue
Orlando, FL 32801
Telephone: (407) 839-4200
Facsimile: (407) 425-8377
Attorney for Defendants,
Northstar Holdings, Inc.,
Northstar Homes, Inc., and
Northstar Holdings at B & A, LLC

6