# Exhibit K

# MDL 2047

## UNITED STATES JUDICIAL PANEL

on

## MULTIDISTRICT LITIGATION

IN RE: CHINESE-MANUFACTURED DRYWALL
PRODUCT LIABILITY LITIGATION

*General Fidelity Ins. Co. v. Katherine Foster, et al.* )
(S.D. Fla., Cas. No. 09-80743)                    )        MDL No. 2047

## GENERAL FIDELITY INSURANCE COMPANY'S RESPONSE TO THE NORTHSTAR DEFENDANTS' MOTION TO TRANSFER

General Fidelity Insurance Company ("General Fidelity"), by and through undersigned counsel and pursuant to Rule of Procedure of the Judicial Panel on Multidistrict Litigation 7.2(c), hereby responds to the Motion to Transfer Action ("the Motion") filed by Northstar Homes, Inc., Northstar Holdings, Inc., and Northstar Holdings at B & A, LLC ("the Northstar Defendants"), and states:

1.      Admitted.

2.      Admitted.

3.      Admitted.

4.      Without knowledge with respect to Judge Fallon's pre-trial preparations, therefore denied. Admitted that on January 14, 2010, Judge Fallon stated that he expected insurance issues to play a role in the MDL litigation and expressed a preference for handling insurance matters in the MDL. However, on September 24, 2009, Judge Fallon also stated that he expected insurance matters to be addressed in the MDL. Despite this expectation, this Panel three months ago ruled that the instant case should

OFFICIAL FILE COPY          IMAGED MAR 1 1 2010

not be transferred to the MDL, but should remain in the Southern District of Florida by

stating:

> After considering all argument of counsel, we will grant the motion to vacate. This action does not share sufficient questions of fact with previously centralized actions to warrant inclusion in MDL No. 2047. Plaintiffs in the majority of the actions in MDL No. 2047 are individuals who seek relief related to property damage or personal injuries arising from drywall manufactured in China and installed in their homes. The plaintiff insurance company in the declaratory judgment action before the Panel seeks to determine its rights and obligations under a commercial general liability policy. Accordingly, this action raises distinctly different factual and legal questions from the core allegations at issue in MDL No. 2047, and transfer would not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation. See 28 U.S.C. § 1407(a).

See Order Vacating Conditional Transfer Order on December 2, 2009, attached as

EXHIBIT A (emphasis added).

5.      Admitted.

6.      Admitted.

7.      Denied.  General Fidelity seeks a declaration from the Southern District of

Florida that it does not have a duty to defend or indemnify the Northstar Defendants for

alleged losses resulting from the defective drywall used by the Northstar Defendants. In

Florida, the duty to defend is determined solely by comparing the allegations of the

underlying complaint with the insurance policy. Nat'l Union Fire Ins. Co. v. Lenox Liquors,

Inc., 358 So. 2d 533, 536 (Fla. 1977); Sunshine Birds and Supplies, Inc. v. U.S. Fid. &

Guar. Co., 696 So. 2d 907, 910 (Fla. Dist. Ct. App. 1997). Furthermore, if there is no duty

to defend, there is no duty to indemnify. Fun Spree Vacations, Inc. v. Orion Ins. Co., 659

So. 2d 419, 421 (Fla. Dist. Ct. App. 1995). On February 24, 2010, General Fidelity filed

a summary judgment motion asking the Southern District to rule as a matter of law that

2

General Fidelity does not have a duty to defend or indemnify the Northstar Defendants. The determination of the duty to defend, which involves comparing the allegations of the Underlying Putative Class Action to the policy, will involve no discovery. However, on February 26, 2010, the Southern District of Florida stayed the case until this Panel decides the Northstar Defendants' Motion. *See* Order Staying the Case attached as EXHIBIT B.

8.    Denied. On September 8, 2009, this Panel entered Conditional Transfer Order (CTO-6), conditionally transferring six "tag-along" actions, including this case. *See* CTO-6 attached as EXHIBIT C. On December 2, 2009, this Panel vacated CTO-6 and determined that this case should remain in the Southern District of Florida because it "raises distinctly different factual and legal questions from the core allegations at issue in MDL No. 2047, and transfer would not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation." *See* Order Vacating Conditional Transfer Order attached as Exhibit A; *see also In re Insurance Company "Silent" PPO Litigation*, 517 F. Supp. 2d 1362, 1363 (J.P.M.L 2007) (finding that centralization was not warranted in four actions arising out of insurance contracts because they involved different companies and contracts). The Northstar Defendants' assertions in support of their Motion are in contradiction with this Panel's Order on December 2, 2009, and therefore are without merit. The Northstar Defendants also fail to mention in their Motion that this Panel ruled only three months ago that this case should remain in the Southern District of Florida. Further, the Northstar Defendants fail to recognize that nothing has changed since this Panel ruled, except for this Panel deciding that another declaratory relief action involving insurance coverage issues should not be transferred to the MDL. *See* Order Denying

3

Transfer on February 5, 2010, in *Builders Mutual Insurance Co. v. Dragas Management Corp., et al.*, attached as EXHIBIT D.

     9.     Denied. For the reasons discussed herein, this Panel should once again rule that this case should not be transferred to MDL Case No. 2047.

     WHEREFORE, General Fidelity requests that this Panel reject the Northstar Defendants' Motion so the action may proceed in the Southern District of Florida.

     Dated: March 9, 2010

Respectfully submitted,

R. STEVEN RAWLS, ESQ.
Florida Bar No.: 938254
srawls@butlerpappas.com
BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP
777 S. Harbour Island Boulevard, Suite 500
Tampa, FL 33602
Tel. 813-281-1900
Fax. 813-281-0900
Attorney for General Fidelity Insurance Company

4

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**Dec 02, 2009**

**FILED**
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 1 1 2010

IN RE: CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION
General Fidelity Insurance Co. v. Katherine L. Foster, et al.,         )
S.D. Florida, C.A. No. 9:09-80743         )

FILED
CLERK'S OFFICE
MDL No. 2047

## ORDER VACATING CONDITIONAL TRANSFER ORDER

**Before the entire Panel\*:**  Plaintiff in this Southern District of Florida action moves, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate our order conditionally transferring the action to the Eastern District of Louisiana for inclusion in MDL No. 2047. The individual defendant in the action and the plaintiffs' liaison counsel in MDL No. 2047 oppose the motion to vacate.

After considering all argument of counsel, we will grant the motion to vacate. This action does not share sufficient questions of fact with previously centralized actions to warrant inclusion in MDL No. 2047. Plaintiffs in the majority of the actions in MDL No. 2047 are individuals who seek relief related to property damage or personal injuries arising from drywall manufactured in China and installed in their homes. The plaintiff insurance company in the declaratory judgment action before the Panel seeks to determine its rights and obligations under a commercial general liability policy. Accordingly, this action raises distinctly different factual and legal questions from the core allegations at issue in MDL No. 2047, and transfer would not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation. *See* 28 U.S.C. § 1407(a).

IT IS THEREFORE ORDERED that the Panel's conditional transfer order designated as "CTO-6" is vacated insofar as it relates to this action.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

Robert L. Miller, Jr.          Kathryn H. Vratil
David R. Hansen               W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.         David G. Trager\*

---

\*    Judge Trager took no part in the decision of this matter.


EXHIBIT
A

## Robert Witmeyer

**From:** cmecfautosender@flsd.uscourts.gov
**Sent:** Friday, February 26, 2010 11:45 AM
**To:** flsd_cmecf_notice@flsd.uscourts.gov
**Subject:** Activity in Case 9:09-cv-80743-KMM General Fidelity Insurance Company v Katherine L. Foster, et al Order Dismissing Case

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### Southern District of Florida

### Notice of Electronic Filing

The following transaction was entered on 2/26/2010 at 11:44 AM EST and filed on 2/26/2010
**Case Name:**      General Fidelity Insurance Company v Katherine L. Foster, et al
**Case Number:**      9:09-cv-80743-KMM
**Filer:**
**WARNING: CASE CLOSED on 02/26/2010**
**Document Number:** 38(No document attached)

**Docket Text:**
**PAPERLESS ORDER. THIS CAUSE came before the Court upon the United States Judicial Panel on Multidistrict Litigation's Notice that presently before the Panel, pursuant to 28 U.S.C. § 1407, is a Motion to Transfer this case. UPON CONSIDERATION of the Notice, this cause is hereby STAYED pending a ruling on the Motion to Transfer presently before the Panel. The Clerk of the Court is instructed to administratively CLOSE this case. Signed by Judge K. Michael Moore on 2/26/2010. (rg1)**

**9:09-cv-80743-KMM Notice has been electronically mailed to:**

Kimberly Lynn Boldt    kimberly@abbrclaw.com, beth@abbrclaw.com, deborah@abbrclaw.com, matthew@abbrclaw.com, ryan@abbrclaw.com

Louis Schulman    lschulman@butlerpappas.com, CWhite@ButlerPappas.com, DGiacoia@ButlerPappas.com, KEsposito@ButlerPappas.com, LKim@ButlerPappas.com, rappelbaum@butlerpappas.com



EXHIBIT

B

3/2/2010

Michael Keith Wilson    mkwilson@broadandcassel.com

R. Steven Rawls    srawls@butlerpappas.com

Robert Baldwin Brown , III    bob@abbrclaw.com, ilene@abbrclaw.com

Ryan Kent Hilton    rhilton@butlerpappas.com, cwhite@butlerpappas.com,
fmoschenik@butlerpappas.com, inielson@butlerpappas.com, kesposito@butlerpappas.com

**9:09-cv-80743-KMM Notice has not been delivered electronically to those listed below and will be
provided by other means. For further assistance, please contact our Help Desk at 1-888-318-2260.:**

3/2/2010

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

Sep 08, 2009

FILED
CLERK'S OFFICE

IN RE: CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION

MDL No. 2047

(SEE ATTACHED SCHEDULE)

CONDITIONAL TRANSFER ORDER (CTO-6)

On June 15, 2009, the Panel transferred nine civil actions to the United States District Court for the Eastern District of Louisiana for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 626 F.Supp.2d 1346 (J.P.M.L. 2009). Since that time, 46 additional actions have been transferred to the Eastern District of Louisiana. With the consent of that court, all such actions have been assigned to the Honorable Eldon E. Fallon.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Eastern District of Louisiana and assigned to Judge Fallon.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Eastern District of Louisiana for the reasons stated in the order of June 15, 2009, and, with the consent of that court, assigned to the Honorable Eldon E. Fallon.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Louisiana. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

EXHIBIT

C

IN RE: CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION                    MDL No. 2047

## SCHEDULE CTO-6 - TAG-ALONG ACTIONS

**DIST. DIV. C.A. #**          **CASE CAPTION**

FLORIDA MIDDLE
  FLM 2 09-557          Winifred S. Gill v. Knauf Gips KG, et al.
  FLM 2 09-558          Larry Campanelli, et al. v. Knauf Gips KG, et al.

FLORIDA SOUTHERN
  FLS 9 09-80743        General Fidelity Insurance Co. v. Katherine L. Foster, et al.

MISSISSIPPI SOUTHERN
  MSS 1 09-645          Patches Oliver, et al. v. Knauf Gips KG, et al.
  MSS 1 09-646          Harold Huckabee v. Knauf Gips KG, et al.
  MSS 1 09-649          Charles Coats, et al. v. Knauf Gips KG, et al.

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

Feb 05, 2010

FILED
CLERK'S OFFICE

IN RE: CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION

Builders Mutual Insurance Co. v. Dragas Management Corp., et al.,  )
E.D. Virginia, C.A. No. 2:09-185                                  )          MDL No. 2047
                                                                  )

### ORDER DENYING TRANSFER

**Before the entire Panel***:  Plaintiffs' liaison counsel in MDL No. 2047 moves, pursuant to 28 U.S.C. § 1407 (c), to transfer this Eastern District of Virginia action to the Eastern District of Louisiana for inclusion in MDL No. 2047. The National Association of Home Builders responded in support of the motion. Plaintiff Builders Mutual Insurance Co., defendant Firemen's Insurance Company of Washington, D.C., and third-party defendants Hanover Insurance Co. and Citizens Insurance Company of America oppose the motion to transfer.

After considering all argument of counsel, we will deny the motion to transfer. This action does not share sufficient questions of fact with previously centralized actions to warrant inclusion in MDL No. 2047. Plaintiffs in the majority of the actions in MDL No. 2047 are individuals who seek relief related to property damage or personal injuries arising from drywall manufactured in China and installed in their homes. The plaintiff insurance company in the declaratory judgment action before the Panel seeks to determine its rights and obligations under a commercial general liability policy in advance of any underlying litigation filed against its insured. Resolution of this action will require interpretation and construction of multiple contracts of insurance issued by different insurance carriers. While MDL No. 2047 encompasses some insurance issues already, given that this declaratory judgment action is not related to any action pending in MDL No. 2047, transfer would not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation. *See* 28 U.S.C. § 1407(a).

IT IS THEREFORE ORDERED that the motion for transfer pursuant to 28 U.S.C. § 1407 is denied.

---

*      Judge Hansen took no part in the decision of this matter.



EXHIBIT
D

- 2 -

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

Robert L. Miller, Jr.          Kathryn H. Vratil
David R. Hansen*              W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.         David G. Trager

## UNITED STATES JUDICIAL PANEL

on

## MULTIDISTRICT LITIGATION

IN RE: CHINESE-MANUFACTURED DRYWALL
PRODUCT LIABILITY LITIGATION

General Fidelity Ins. Co. v. Katherine Foster, et al. )
(S.D. Fla., Cas. No. 09-80743)                )        MDL No. 2047

## PROOF OF SERVICE

I hereby certify that on March 9, 2010, I served *General Fidelity Insurance*

*Company's Response to the Northstar Defendants' Motion to Transfer* to the Clerk of the

MDL Panel via Federal Express. I also certify that I served the foregoing to the involved

counsel on the attached Panel Service List via U.S. Mail in addition to David S. Jaffe, Esq.,

National Association of Home Builders, 1201 15th Street N.W., Washington, D.C. 20005.

R. STEVEN RAWLS, ESQ.
Florida Bar No.: 938254
srawls@butlerpappas.com
BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP
777 S. Harbour Island Boulevard, Suite 500
Tampa, FL 33602
Tel. 813-281-1900
Fax. 813-281-0900
Attorneys for Plaintiff General Fidelity Insurance Company

IN RE: CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION

MDL No. 2047

PANEL SERVICE LIST

Jeremy Alters
ALTERS BOLDT BROWN RASH & CULMO PA
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137

Russ M. Herman
HERMAN HERMAN KATZ & COTLAR LLP
820 O'Keefe Avenue
New Orleans, LA 70113-1116

Kerry J. Miller
FRILOT LLC
1100 Poydras Street
Suite 3700
New Orleans, LA 70163-3700

Louis Schulman
BUTLER PAPPAS WEIHMULLER KATZ & CRAIG LLP
One Harbour Place
777 South Harbour Island Boulevard
Suite 500
Tampa, FL 33602

Michael K. Wilson
BROAD & CASSEL
390 North Orange Avenue
Suite 1400
Orlando, FL 32801

Phillip A. Wittmann
STONE PIGMAN WALTHER & WITTMANN LLC
546 Carondelet Street
New Orleans, LA 70130-3588