CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS SECTION 5

STATE OF LOUISIANA

No. 2010-173                                    DIVISION K

JOHN B. BLUE AND RACHELLE R. BLUE

-VERSUS-

AUTO CLUB FAMILY INSURANCE COMPANY

FILED: _____          _____
                                            DEPUTY CLERK

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come Petitioners, JOHN B. BLUE AND RACHELLE R. BLUE, who, for their Petition for Damages, respectfully state as follows:

1.

Petitioners are persons of full age and majority, domiciled in the Parish of Orleans, State of Louisiana, residing at 620 Papworth Avenue, Metairie, Louisiana.

2.

Defendant, AUTO CLUB FAMILY INSURANCE COMPANY, is a Missouri insurance corporation authorized to do and is doing business in Louisiana, located in St. Louis, Missouri and has designated the Louisiana Secretary of State as its agent for service of process in Louisiana.

3.

Venue is proper in this Court pursuant to articles 74, 76 and 76.1 of the Louisiana Code of Civil Procedure.

4.

Petitioners purchased a homeowners' insurance policy from Defendant, providing coverage for, among other things, their dwelling, contents, and loss of use of their property at 422 28th Street, New Orleans, Louisiana.

5.

The policy issued to Petitioners by Defendant provides coverage for the dwelling in the amount of $187,500, for contents in the amount of $112,500, and for loss of use in the amount of $56,250.

**EXHIBIT**

A

6.

In the Spring of 2009, Petitioners discovered that their home was constructed using Chinese manufactured drywall, which caused, and continues to cause, physical loss and damage to Petitioners' home and contents. The Chinese drywall emits odorous gases that cause corrosion of air-conditioner and refrigerator coils, copper tubing, electrical wiring, computer wiring, and other household items and causes personal injuries to Petitioners and their children.

7.

Petitioners' policy issued by Defendant is an all-risk policy, providing coverage for all risks of direct physical loss or damage to the home, contents and other permanent structures unless an exclusion applies.

8.

On May 20, 2009, Petitioners provided notice of Petitioners' claim relating to the presence of Chinese drywall in Petitioners' home to Defendant.

9.

On June 2, 2009, Defendant notified Petitioners that it had completed its investigation of Petitioners' claim and determined that the damages being claimed were excluded from coverage and Defendant was denying coverage for Petitioners' damages caused by the Chinese-manufactured drywall.

10.

Petitioners have complied with all of their obligations under the policy.

11.

A valid contract of insurance exists between Petitioners and Defendant providing coverage for the loss and damage caused by the Chinese-manufactured drywall.

12.

Petitioners have paid all premiums due under their policy of insurance with Defendant and have materially performed their obligations under the policy.

13.

The damage and loss sustained by Petitioners was caused by the presence of Chinese-manufactured drywall in Petitioners' home; yet, Defendant has failed to meet its obligations under the policy of insurance and has failed and/or refuses to cover the loss sustained by Petitioners.

14.

Defendant has breached its policy by unjustifiably denying Petitioners' claim for covered damages.

15.

As a direct and proximate result of the breach by Defendant, Petitioners were deprived of the benefits of insurance coverage for which Defendant was paid substantial premiums, and, accordingly, Petitioners have suffered, and will continue to suffer, substantial economic damage, particularly associated with their remediation efforts.

16.

Defendant breached its duty of good faith and fair dealing that it owes to Petitioners in denying Petitioners' claim.

17.

Defendant misrepresents the policy provisions, including the exclusions, in denying Petitioners' claim under the policy.

18.

Defendant violated La. R.S. 22:1973 and La. R.S. 22:1892 by failing to properly adjust and pay Petitioners' claim in a fair and timely manner.

19.

Petitioners demand a trial by jury.

20.

WHEREFORE, Petitioners, JOHN B. and RACHELLE R. BLUE, respectfully pray that their Petition for Damages be deemed good and sufficient, and that Defendant, Auto Club Family Insurance Company, be duly served and cited with a copy of this Petition for Damages and that Defendant be made to appear and answer the same within the delays allowed by law, and that after all due and legal proceedings are had herein, for the reasons set forth herein, that there be judgment entered in favor of Petitioners, JOHN B. and RACHELLE R. BLUE and against Defendant, Auto Club Family Insurance Company, in an amount that is reasonable under the premises, and together with all costs of these proceedings, for penalties and attorney fees, for legal interest from the date of judicial demand until paid, and for all general and equitable relief.

Dated: January 6, 2010 

Respectfully Submitted,

HUGH P. LAMBERT, T.A.        (Bar #7933)
LINDA J. NELSON             (Bar #9938)
CAYCE C. PETERSON           (Bar #32217)
LAMBERT & NELSON, P.L.C.
701 Magazine Street
New Orleans, LA 70130
Counsel for Petitioners

**PLEASE SERVE**:

Auto Club Family Insurance Company
*Through its agent for service of process:*
Louisiana Secretary of State
8585 Archives Ave
Baton Rouge, LA 70809

A TRUE COPY
DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LOUISIANA

ATTORNEY'S NAME: Lambert, Hugh P. #07933
AND ADDRESS:  701 Magazine St,
New Orleans  LA 70130-3629

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO:  2010  — 00173      1                    SECTION:  5 – K

BLUE, JOHN B.  ET AL VERSUS AUTO CLUB FAMILY INSURANCE COMPANY

# CITATION

TO:  AUTO CLUB FAMILY INSURANCE COMPANY
THROUGH:  ITS AGENT FOR SERVICE OF PROCESS: LA SECRETARY OF STATE
8585 ARCHIVES AVE.

BATONR ROUGE              LA    70809

## YOU HAVE BEEN SUED:

You must either comply with the demand contained in the petition
FOR DAMAGES
a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of
this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the
service hereof under penalty of default

*****************************************************************
ADDITIONAL INFORMATION
Legal assistance is advisable.  If you want a lawyer and can't find one, you may call the New Orleans Lawyer
Referral Service at 561 - 8828.  This Referral Service operates in conjunction with the New Orleans Bar Association.
If you qualify, you may be entitled to free legal assistance through the New Orleans Legal Assistance Corp.; you
may call 529 - 1000 for more information.
COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE
*****************************************************************
IN WITNESS HEREOF,  I have hereunto set my hand and affix the seal of the Civil District Court for
the Parish of Orleans, State of LA      January 12, 2010

Clerk's Office,  Room 402, Civil Courts Building,            DALE N. ATKINS,  Clerk of
421 Loyola Avenue                                           The Civil District Court
New Orleans, LA                                             for the Parish of Orleans
                                                            State of LA

                                                            by  A Bell
                                                                Deputy Clerk

─────────────────────────────────────────────────────────────

SHERIFF'S RETURN
(for use of process servers only)

PERSONAL SERVICE                          DOMICILIARY SERVICE

On this _____ day of _____         On this _____ day of _____
served a copy of the w/i petition          _____ served a copy of the w/i petition
FOR DAMAGES                                FOR DAMAGES

On _____            On _____
AUTO CLUB FAMILY INSURANCE COMPANY         AUTO CLUB FAMILY INSURANCE COMPANY

THROUGH: ITS AGENT FOR SERVICE OF PROCESS: LA    THROUGH: ITS AGENT FOR SERVICE OF PROCESS: LA
SECRETARY OF STATE                         SECRETARY OF STATE

                                           by leaving same at the dwelling house, or usual place of
                                           abode, in the hands of _____
                                           a person of suitable age and discretion residing therein as
                                           a member of the domiciliary establishment, whose name
Returned same day                          and other facts connected with this service I learned by
                                           interrogating  HIM / HER the said _____
                        No.                AUTO CLUB FAMILY INSURANCE COMPANY

Deputy Sheriff of _____

Mileage: $ _____

_____ / ENTERED / _____                    being absent from the domicile at time of said service.
PAPER                                      Returned  same day
01 / ___ / RETURN                                                      No.
SERIAL NO.    DEPUTY. SHERIFF PARISH        Deputy Sheriff of _____



CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2010-173                                        DIVISION "K"

JOHN B. BLUE AND RACHELLE R. BLUE

VERSUS

AUTO CLUB FAMILY INSURANCE COMPANY

FILED: _____        _____
                                                    DEPUTY CLERK

### ANSWER

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Auto Club Family Insurance Company ("ACFIC"), who answers the enumerated allegations of the Petition for Damages of Plaintiffs, John B. Blue and Rachelle R. Blue, as follows:

1.

The allegations of Paragraph 1 are admitted.

2.

The allegations of Paragraph 2 are denied as written. It is admitted that ACFIC is a foreign insurance company that is authorized to do and is doing business in Louisiana. It is also admitted that ACFIC's principal place of business is in St. Louis, Missouri.

3.

The allegations of Paragraph 3 state a legal conclusion, and therefore do not require an answer. In the event an answer is deemed necessary, said allegations are denied.

4.

The allegations of Paragraph 4 are denied as written. It is admitted that ACFIC issued a policy of insurance bearing number P8-261257-1 that was in effect for the period of July 25, 2008 to July 25, 2009. ACFIC avers at all times that the ACFIC policy (including its declarations and any applicable endorsements) is the best evidence of the coverage, if any, afforded under said policy, and any allegations consistent or at variance with the written terms of the policy are specifically denied.

5.

The allegations of Paragraph 5 are denied as written. It is admitted that the ACFIC policy has certain limits which are set forth in the policy itself. The ACFIC policy is the best

evidence of the coverage afforded by the policy, and the limits thereof, and any allegations inconsistent or at variance with the written terms of the policy are specifically denied.

6.

The allegations of Paragraph 6 are denied for lack of information sufficient to justify a belief therein.

7.

The allegations of Paragraph 7 are denied. The ACFIC policy itself is the best evidence of the coverage, if any, afforded by the policy, and any allegations inconsistent or at variance with the written terms of the policy are specifically denied.

8.

The allegations of Paragraph 8 are denied.

9.

The allegations of Paragraph 9 are denied as written. These allegations refer to the June 2, 2009 letter, which is pled herein as the best evidence of the contents of the letter. Any allegations inconsistent or at variance with the June 2, 2009 letter itself is specifically denied.

10.

The allegations of Paragraph 10 are denied.

11.

The allegations of Paragraph 11 are denied.

12.

The allegations of Paragraph 12 are denied, except to admit that all premiums of the ACFIC policy have been paid.

13.

The allegations of Paragraph 13 are denied.

14.

The allegations of Paragraph 14 are denied.

15.

The allegations of Paragraph 15 are denied.

16.

The allegations of Paragraph 16 are denied.

15.

The allegations of Paragraph 15 are denied.

16.

The allegations of Paragraph 16 are denied.

17.

The allegations of Paragraph 17 are denied.

18.

The allegations of Paragraph 18 are denied.

19.

The allegations of Paragraph 19 do not require an answer, but in the event an answer is deemed necessary, said allegations are denied.

20.

The allegations of Paragraph 20 are denied.

**AND NOW,** further answering, ACFIC avers:

21.

The ACFIC policy contains a section entitled "**SECTION I – PERILS INSURED AGAINST,**" which provides, in pertinent part:

**COVERAGE A – DWELLING and**

**COVERAGE B – OTHER STRUCTURES**

We insure against risk of direct loss to property described in Coverages A and B only if that loss is a physical loss to property. We do not, however, insure for loss:

\* \* \*

2.    Caused by:

\* \* \*

e.    Any of the following:
(1)    Wear and tear, marring, deterioration;
(2)    Inherent vice, latent defect, mechanical breakdown;
(3)    Smog, rust or other corrosion, mold, wet or dry rot;
(4)    Smoke from agricultural smudging or industrial operations;
(5)    Discharge, dispersal, seepage, migration, release or escape of pollutants unless the discharge, dispersal, seepage, migration, release or escape is itself caused by a Peril Insured Against under Coverage C of this policy.

Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed;

3

(6)     Settling, shrinking, bulging or expansion, including resultant cracking, of pavements, patios, foundations, walls, floors, roofs or ceilings;

(7)     Birds, vermin, rodents or insects; or

(8)     Animals owned or kept by an **insured.**

If any of these cause water damage not otherwise excluded, from a plumbing, heating, air conditioning or automatic fire protective sprinkler system or household appliance, **we** cover loss caused by the water including the cost of tearing out and replacing any part of a building necessary to repair the system or appliance. **We** do not cover loss to the system or appliance from which this water escaped.

3.     Excluded under **SECTION I – EXCLUSIONS.**

Under items 1. And 2., any ensuing loss to property described in Coverages A and B not excluded or excepted in this policy is covered.

22.

ACFIC avers that the ACFIC policy does not cover damage and loss caused by the presence of Chinese-manufactured drywall to the Plaintiffs' "dwelling" or "other structures" because such loss is not a physical loss to property.

23.

ACFIC avers that the ACFIC policy does not cover damage and loss caused by the presence of Chinese-manufactured drywall to the Plaintiffs' "dwelling" or "other structures" because such damage does not arise out of a covered peril under Section I of the ACFIC policy.

24.

The ACFIC policy, as amended by an endorsement entitled "**SPECIAL PROVISION – LOUISIANA,**" contains a Section entitled "**SECTION 1 – EXCLUSIONS,**" which provides, in pertinent part:

**SECTION 1 – EXCLUSIONS**

1.     **We** do not insure for any loss caused directly or indirectly by any of the following exclusions, regardless of the cause of the excluded event or damage; other causes of the loss; whether any other cause or event acts concurrently or in any sequence with the excluded event to produce the loss; whether the loss or event occurs suddenly or gradually, involves isolated or widespread damage or occurs as a result of any combination of these; or whether the loss is caused by, results from, consists of, involves or is contributed to by a natural, human, animal or plant forces.

*     *     *

e.     **Neglect,** meaning neglect of the **insured** to use all reasonable means to save and preserve property at and after the time of loss.

*     *     *

4

2.      **We** do not insure for loss to property described in Coverages A and B caused directly or indirectly by any of the following regardless of whether any other cause or event contributes or acts concurrently or in any sequence with the excluded event to produce the loss.

*   *   *

c.      **Faulty, inadequate or defective:**
(1)     Planning, zoning, development, surveying, siting;
(2)     Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
(3)     Materials used in repair, construction, renovation or remodeling; or
(4)     Maintenance;
of or part or all of any property whether on or off the **residence premises.**

25.

ACFIC avers that the ACFIC policy excludes coverage for damage and loss complained of pursuant to the above exclusions.

26.

Regarding Coverage C under the ACFIC policy, the ACFIC policy provides in pertinent part:

## COVERAGE C – PERSONAL PROPERTY

**We** insure for direct physical loss to the property described in Coverage C caused by a peril listed below unless the loss is excluded in **SECTION I – EXCLUSIONS.**

27.

ACFIC avers that the Plaintiffs' "personal property" did not suffer a direct physical loss, and therefore there is no coverage for any alleged damages to personal property.

28.

The Plaintiffs' claims do not arise out of any of the 16 perils listed under the section entitled "**COVERAGE C – PERSONAL PROPERTY.**" Therefore, there is no coverage for damages to contents, if any, caused by the presence of Chinese-manufactured drywall in the Plaintiffs' "dwelling" or home.

29.

Regarding  Coverage D, the ACFIC policy contains an endorsement entitled "**SPECIAL PROVISIONS – LOUISIANA,**" which provides, in pertinent part:

**COVERAGE D – LOSS OF USE**

The limit of liability for Coverage D is the actual loss sustained within 12 months from the date of the loss for 1. and 2. below and shall not exceed 30% of the Coverage A amount for Premier, Premier Plus and Premier Select Policies and 30% of Coverage C for Premier Condominium Owners and Premier Renters Policies.

1.   If a loss covered under this Section makes that part of the **residence premises** where **you** reside not fit to live in, **we** cover the Additional Living Expense, meaning any necessary increase in living expenses incurred by **you** so that **your** household can maintain its normal standard of living.

Payment will be for the shortest time required to repair or replace the damage or, if **you** permanently relocate, the shortest time required for **your** household to settle elsewhere.

30.

ACFIC avers that since the damage and loss complained of is not covered under **SECTION I – PROPERTY COVERAGES**, ACFIC is not obligated to pay Plaintiffs for loss of use.

31.

The ACFIC policy contains a Section entitled "**SECTION II – EXCLUSIONS**," which provides, in pertinent part:

**SECTION II – EXCLUSIONS**

1.   **Coverage E-Personal Liability** and **Coverage F-Medical Payments to Others** do not apply to **bodily injury** or **property damage**:

\*   \*   \*

e.   Arising out of a premises:
  (1)   Owned by an **insured**;
  (2)   Rented to an **insured**; or
  (3)   Rented to others by an **insured**;
  That is not an **insured location**;

\*   \*   \*

2.   **Coverage E – Personal Liability**, does not apply to:

\*   \*   \*

f.   **Bodily injury** to **you** or an **insured** within the meaning of part a. or b. of **insured** as defined.

3.   **Coverage F – Medical Payments to Others,** does not apply to **bodily injury**:

\*   \*   \*

d.   To any person, other than a **residence employee** of an **insured**, regularly residing on any part of the **insured location**.

6

32.

The ACFIC policy contains the following pertinent definitions:

> In this policy, **"you"** and **"your"** refer to the named insured shown in the Declarations and the spouse if a resident of the same household. **"We"**, **"us"** and **"our"** refer to the Company providing this insurance. In addition, certain words and phrases are defined as follows:
>
> 1.   **"Bodily injury"** means bodily harm, sickness or disease, including required care, loss of services and death that results.
>
> *   *   *
>
> 3.   **"Insured"** means **you** and residents of **your** household who are:
> a.   **Your** relatives; or
> b.   Other persons under the age 21 and in the care of any person named above.

33.

Considering the foregoing exclusions under the Section of the ACFIC policy entitled "**SECTION II – EXCLUSIONS**," there is no coverage for any bodily injury to the Plaintiffs or their children as a result of the presence of Chinese-manufactured drywall.

34.

The ACFIC policy contains a Section entitled "**SECTION 1 – CONDITIONS**," supplemented by the endorsement entitled "**SPECIAL PROVISION – LOUISIANA**," which provides, in pertinent part:

**SECTION I - CONDITIONS**

> 1.   **Insurable Interest and Limit of Liability.** Ever if more than one person has an insurable interest in the property covered, **we** will not be liable in any one loss:
> a.   To any **insured** for more than the amount of the **insured's** interest at the time of loss;
>
> *   *   *
>
> d.   Protect the property from further damage. If repairs to the property are required, **you** must:
> (1)   Make reasonable and necessary repairs to protect the property; and
> (2)   Keep an accurate record of repair expenses;
> e.   Prepare and submit to **us** within 60 days of the loss an inventory of damaged personal property using the forms **we** provide showing the quantity, description, place of purchase, date of purchase, original cost, actual cash value, replacement cost and amount **you** are claiming as a loss. **You** must attach all bills, receipts and related documents that justify the figures in the inventory;
> f.   As often as **we** reasonably require:
> (1)   Show the damaged property;
> (2)   Provide **us** with records and documents **we** request and permit **us** to make copies; and

7

(3)     Any **insured** must submit to examination under oath, as often as **we** may reasonably request, while not in the presence of any other **insured**, and sign the same;

g.      Send to **us your** signed, sworn proof of loss, using the form **we** provided, which sets forth, to the best of **your** knowledge and belief:

(1)     The time and cause of loss;

(2)     The interest of the **insured** and all others in the property involved and all liens on the property;

(3)     Other insurance which may cover the loss;

(4)     Changes in title or occupancy of the property during the term of the policy;

(5)     Specifications of damaged buildings and detailed repair estimates;

(6)     The inventory of damaged personal property described in 2.e above;

(7)     Receipts for additional living expenses incurred and records that support the fair rental value loss; and

(8)     Evidence or affidavit that supports a claim under the Credit Card, Fund Transfer Card, Forgery and Counterfeit Money coverage, stating the amount and cause of loss.

This proof of loss must be sent within:

(1)     180 days after **our** request, if the loss results from a catastrophic event for which a state of disaster or emergency was declared pursuant to law by civil officials, for those areas within the declaration; however, this 180 day period does not commence until the state of emergency or disaster has ended and **you** have access to **your** property; or

(2)     60 days after **our** request in all other cases.

h.      All **insureds** must help **us** and cooperate with **us** in the investigation of any claim presented under this policy.

\*   \*   \*

8.      **Suit Against Us**.  No action can be brought unless the policy provisions have been fully complied with and the action is started within two years after the date of loss.

### 35.

ACFIC avers that Plaintiffs have not fully complied with all their duties after loss set forth above, thus barring any action against ACFIC.

### 36.

ACFIC relies on any and all other provisions of its policy which may be shown to be applicable, and operate to bar or limit coverage for the damage and loss complained of by Plaintiffs.

### 37.

ACFIC avers that Plaintiffs have failed to provide ACFIC with satisfactory proof of loss.

38.

Under Louisiana law, Plaintiff are also obligated to act reasonably in mitigating their damages. In the event it is shown that Plaintiffs have failed to do so, the damages Plaintiffs are entitled to, if any, should be barred and/or reduced accordingly.

39.

In the event of any tender or payments by ACFIC to Plaintiffs, ACFIC is entitled to a credit for any such tender or payments and ACFIC also reserves the right to subrogate or seek recovery against any parties or persons liable for Plaintiffs' loss and damage caused by Chinese-manufactured drywall, including but not limited to any contractors, subcontractors, suppliers, distributors, manufacturers, or insurers thereof.

**WHEREFORE,** ACFIC, prays that this Answer to the Petition for Damages of Plaintiffs, John B. Blue and Rachelle R. Blue, be deemed good and sufficient, and after due proceedings are had, there be judgment in favor of ACFIC, dismissing the Petition and all claims of Plaintiffs, with prejudice, at Plaintiffs' cost, and for all relief afforded by these premises.

Respectfully submitted,

**CHOPIN WAGAR**
**RICHARD & KUTCHER, LLP**

**THOMAS M. RICHARD (No. 2069)**
**AMY V. CHRISTINA (No. 27995)**
Two Lakeway Center - Suite 900
3850 North Causeway Boulevard
Metairie, Louisiana 70002
Telephone: (504) 830-3838
*Attorneys for Defendant, Auto Club Family Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this _9th_ day of February 2010, served a copy of the foregoing pleading on all counsel for all parties by:

( ) Hand Delivery          ( ✓ ) Prepaid U. S. Mail

( ✓ ) Facsimile          ( ) UPS/Federal Express

**THOMAS M. RICHARD**

9

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2010-173                                           DIVISION "K"

JOHN B. BLUE AND RACHELLE R. BLUE

VERSUS

AUTO CLUB FAMILY INSURANCE COMPANY

FILED: _____        _____
                                                    DEPUTY CLERK

## REQUEST FOR NOTICE

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Auto Club Family Insurance Company, pursuant to La. C.C.P. art. 1572, who moves this Court for written notice ten (10) days in advance of the date fixed for the trial or hearing on any Exception, Motion, Rule or Trial on the Merits in the captioned proceeding, and pursuant to La. C.C. P. arts. 1913 and 1914, request immediate notice of all Interlocutory and Final Orders and Judgments on any Exceptions, Motions, Rules or the Trial on the Merits in the captioned proceeding.

Respectfully submitted,

CHOPIN WAGAR
RICHARD & KUTCHER, LLP

THOMAS M. RICHARD (No. 2069)
AMY V. CHRISTINA (No. 27995)
Two Lakeway Center - Suite 900
3850 North Causeway Boulevard
Metairie, Louisiana 70002
Telephone: (504) 830-3838
*Attorneys for Defendant, Auto Club Family Insurance Company*

VERIFIED
ANGELIA BELL
FEB 11 2009

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this _9th_ day of February 2010, served a copy of the

foregoing pleading on all counsel for all parties by:

( )   Hand Delivery             ( ✓ )   Prepaid U. S. Mail

( ✓ )  Facsimile                  ( )   UPS/Federal Express

**THOMAS M. RICHARD**

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

No. 2010-173                                                    DIVISION "K"

JOHN B. BLUE AND RACHELLE BLUE

-VERSUS-

AUTO CLUB FAMILY INSURANCE COMPANY

FILED:_____          _____

                                              DEPUTY CLERK

## MOTION AND ORDER TO ENROLL ADDITIONAL COUNSEL OF RECORD

NOW INTO COURT, through undersigned counsel, come Petitioners, JOHN B.

BLUE and RACHELLE R. BLUE, and Hugh P. Lambert, of the firm of Lambert and

Nelson, PLC, to request that this Honorable Court allow Allan Kanner (LA Bar # 20580),

Cynthia Green St. Amant (LA Bar # 24439), and Melissa McConnell Fuselier (LA Bar #

31163), of the firm Kanner & Whitely, LLC, to enroll as additional counsel of record in

connection with the above captioned matter.  Hugh P. Lambert, Linda J. Nelson, and

Cayce C. Peterson of Lambert and Nelson, PLC shall also remain counsel of record in

this matter.

Respectfully submitted,

_____
HUGH P. LAMBERT, T.A.  (LA Bar #7933)
LINDA J. NELSON         (LA Bar #9938)
CAYCE C. PETERSON    (LA Bar #32217)
LAMBERT & NELSON, P.L.C.
701 Magazine Street
New Orleans, LA 70130
Telephone:  (504) 581-1750
Facsimile: (504) 529-2931
Counsel for Petitioners, John B. and
Rachelle Blue

**CERTIFICATE OF SERVICE**

I, **HUGH P. LAMBERT, ESQ.**, do hereby certify that a copy of the above and

foregoing has been forwarded to all counsel of record in these proceedings on this 18th

day of February, 2010, by depositing a copy of same in the United States Mail, postage

pre-paid and properly addressed.

HUGH P. LAMBERT, T.A.

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA FILED

No. 2010-173

2010 FEB 18  A II: 15   DIVISION "K"

JOHN B. BLUE AND RACHELLE BLUE

DISTRICT COURT

-VERSUS-

AUTO CLUB FAMILY INSURANCE COMPANY

FILED:_____

_____
DEPUTY CLERK

## ORDER

IT IS HEREBY ORDERED that Allan Kanner (LA Bar # 20580), Cynthia Green

St. Amant (LA Bar # 24439), and Mellissa McConnell Fuselier (LA Bar # 31163), of the

firm Kanner & Whitely, LLC, are hereby enrolled as additional counsel of record with

Hugh P. Lambert, Linda J. Nelson, and Cayce C. Peterson of Lambert and Nelson,

PLC, remaining original counsel of record and trial attorneys.

New Orleans, Louisiana, this 22nd day of February_____, 2010.

_____
HONORABLE JUDGE HERBERT A. CADE

ENTERED ON MINUTES

FEB 2 3 2010

VERIFIED
ANGELIA BELL

Filed by
Legal Wings

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

### STATE OF LOUISIANA

FILED

NO. 2010-173                                                        DIVISION "K"

### JOHN B. BLUE AND RACHELLE R. BLUE

#### VERSUS

CIVIL
DISTRICT COURT

### AUTO CLUB FAMILY INSURANCE COMPANY

FILED: _____        _____
                                          DEPUTY CLERK

#### NOTICE OF REMOVAL

TO:   Dale Atkins
      Clerk of Court
      Civil District Court for the Parish of Orleans
      421 Loyola Avenue
      New Orleans, Louisiana  70112

      Plaintiffs, John B. Blue and Rachelle R. Blue
      Through their attorneys of record:
      Hugh P. Lambert, Esq.
      Lambert & Nelson, PLC
      701 Magazine Street
      New Orleans, Louisiana  70130

Pursuant to 28 U.S.C. § 1446, you are hereby notified that the attached Petition for Removal of the above entitled and numbered civil action has been filed in the United States District Court for the Eastern District of Louisiana, and a copy thereof has been filed with the Clerk of Court for Civil District Court for the Parish of Orleans, State of Louisiana, effecting the removal of these proceedings.

Respectfully submitted,

CHOPIN, WAGAR,
RICHARD & KUTCHER, L.L.P.

By: _____

THOMAS M. RICHARD (#2069)
Two Lakeway Center, Suite 900
3850 North Causeway Boulevard
Metairie, Louisiana  70002
Telephone: 504-830-3845
Telefax: 504-836-9543
*Attorneys for Defendant, Auto Club Family*
*Insurance Company*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this _____ 4th _____ day of March 2010, served a copy of the

foregoing pleadings on counsel for all parties by:

(   )    Hand Delivery      (   )    Prepaid U.S. Mail

(   )    Facsimile      (   )    Overnight Delivery

**THOMAS M. RICHARD**