UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE MANUFACTURED DRYWALL   MDL NO. 09-2047
PRODUCTS LIABILITY LITIGATION

JUDGE FALLON
MAG. JUDGE WILKINSON

.............................................................................

THIS DOCUMENT RELATES TO

SEAN PAYTON, et al., v. KNAUF GIPS KG, et al.
CASE NO. 09-7628

.............................................................................

HPH PROPERTIES, LLC'S MEMORANDUM OF LAW IN SUPPORT OF OBJECTION AND MOTION TO QUASH PLAINTIFFS' SUBPOENA FOR TESTIMONY AND SUBPOENA FOR PRODUCTION AND MOTION FOR PROTECTIVE ORDER

A.   FACTUAL BACKGROUND

1. On or about December 9, 2009, Plaintiffs filed the above captioned action. HPH Properties, LLC ("HPH") is named as a defendant in the action. Pursuant to Pre-Trial Order No. 1F and the Court's order dated March 31, 2010 (Doc.# 2272), HPH's Builder Defendant Profile Form is not due until April 19, 2010.

2. On April 12, 2010, without prior notice or conferral with counsel, Plaintiffs served a Subpoena for Testimony and a Subpoena for Production of Documents upon HPH. Copies of both Subpoenas are attached hereto as Exhibit A.

3. Plaintiff's Subpoena for Production of Documents demands production of documents and materials on April 9, 2010, which was before the subpoena was even served

4. Plaintiffs' Subpoena for Testimony demands the deposition of HPH's corporate representative with knowledge of the documents requested in the prior subpoena on April 16, 2010 only four days after being served with the subpoena.

5. Both Subpoenas issued to HPH request a range of all insurance policies issued to HPH which may apply to the above captioned matter, as well as claims made to carriers, all correspondence with carriers, and all correspondence related to insurance investigations. See Notice of Deposition attached to Exhibit A. The Subpoena for Testimony demands the deposition of HPH's representative with knowledge of these materials.

6. The Subpoenas were served without providing reasonable notice, are overly broad, unduly burdensome, and are largely duplicative of the Court's required profile form. The Subpoenas also improperly request documents which are protected by the attorney-client and attorney work product privileges, and are premature, and, accordingly, should be quashed.

B.   ARGUMENT

A person commanded to produce pursuant to a subpoena may serve written objections to inspection or copying of the designated materials sought and may move to quash or modify such subpoena. See Fed. R. Civ. P. 45(c)(2)(B) and (3)(A).

   1. **HPH is entitled to a Protective Order Under Rule 45(c)(2) and (c)(3) Because the Subpoenas Fail to Allow a Reasonable Time to Comply.**

Under Federal Rules of Civil Procedure 45(c)(3)(A), a "court must quash or modify a subpoena" that "fails to allow a reasonable time to comply." Here, it is plain that Plaintiffs'

Subpoenas fail to allow a reasonable time to comply.  Both subpoenas were served on April 12, 2010.  The Subpoena for Production demands gathering and procurement of a vast range of materials by a date that occurred before the subpoena was even served.  HPH cannot marshal, review, and produce the broad range of materials demanded on such short notice.

Similarly, the Subpoena for Testimony requests a corporate representative to testify four days after the subpoena - and first notice - was served.  This timeframe is unreasonable, particularly given the complete lack of notice from Plaintiffs, who have been in possession of HPH's notices of appearance for several weeks.  For the foregoing reasons, the Subpoenas should be quashed.

**2. HPH is entitled to a Protective Order Under Rule 45(c)(2) and (c)(3) Because the Subpoenas are Premature and Impose an Undue Burden.**

Federal Rule of Civil Procedure 45(c)(3)(A) also provides that a court must quash or modify a subpoena if such subpoena subjects a party to an undue burden.  Production of the documents requested and the testimony sought in Plaintiffs' Subpoenas would be unduly burdensome.

Whether a subpoena imposes an 'undue burden' upon a witness is a case specific inquiry that turns on "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 53 (S.D. N.Y. 1996) (quoting "On timely motion, the court by which a subpoena was issued must quash or modify the subpoena that … (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies, or (iv) subjects a person to undue burden."

Fed. R. Civ. P. 45(c)(3)(A) (emphasis added).  United States v. Int'l Bus. Mach. Corp., 83 F.R.D. 97, 104 (S.D. N.Y. 1979)).

Demonstrating relevance is the burden of the party seeking discovery.  *See id.*  Plaintiffs cannot justify the burden their Subpoenas place on HPH at this stage of the litigation.  This matter is at an extremely early stage.  Plaintiffs' Subpoenas seeks documents relating to all of HPH's insurance policies potentially applicable to this action, and all correspondence concerning communications with carriers, claims on policies, and investigations under policies.  Even assuming such information is relevant to the merits of Plaintiffs' claims, HPH will be producing a meaningful selection of these materials by furnishing its court-required profile form.  Requiring such additional voluminous discovery before HPH's Builder Profile Form is due imposes a burden disproportionate to Plaintiffs' need at this stage of the case.  Therefore, the Subpoenas should be quashed.

3. **HPH is entitled to a Protective Order Under Rule 45(c)(2) and (c)(3) Because the Subpoenas Seek Privileged Materials.**

In addition to the foregoing, the Subpoenas are drafted so broadly as to request documents which are protected from production by the attorney-client and attorney work product privileges.  Accordingly, the Subpoenas should be quashed, or at a minimum, limited to ensure these privileges are preserved.

WHEREFORE, Defendant, HPH Properties, LLC respectfully requests that the Court enter an order quashing Plaintiffs' Subpoena for Production and Subpoena for Testimony, or enter a protective order providing that the production of responsive materials and testimony regarding same occur after reasonable opportunity to gather and review materials, and be reasonably limited in scope to preserve HPH's privileged records, and providing such other and further relief as the Court deems just and proper.

/s/ Lucy W. Jordan
James A. Kee, Jr., KEE005
Lucy W. Jordan, JOR037
Attorneys for HPH Properties, LLC

OF COUNSEL:

KEE & SELBY, LLP
1900 International Park Drive, Suite 220
Birmingham, Alabama 35243
(205) 968-9900
(205) 968-9909 *facsimile*

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above and foregoing *Memorandum of Law in Support of Objection and Motion to Quash Subpoena for Testimony and Subpoena for Production and Motion for Protective Order* has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this the 14th day of April, 2010.

                                                     /s/ Lucy W. Jordan  
                                                     OF COUNSEL