UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : : : : : | MDL NO. 2047 <br><br> SECTION: L <br><br> JUDGE FALLON <br> MAG. JUDGE WILKINSON |
| ............................................. : | | |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | : : : : | |
| ............................................. : | | |

**Memorandum of Law in Support of Mazer's Discount Home Centers, Inc.'s Objection to and Motion to Quash Plaintiffs' Subpoena for Testimony and Subpoena for Production and Motion for Protective Order (Filed April 14, 2010)**

**A.   Factual Background**

1. Defendant Mazer's Discount Home Centers, Inc. ("Mazer") is a party to three cases pending in this MDL proceeding. Mazer has been represented by counsel in this MDL proceeding since July 2009.

2. On April 7, 2010, without prior notice or conferral with counsel, Plaintiffs' counsel served a subpoena for testimony, a subpoena for production of documents, and notice of deposition directly on Mazer, not on its counsel. Copies of the subpoenas and notice of deposition are attached collectively as Exhibit A.

3.  The subpoena for documents demands production by April 9, 2010, just two days after service, and the subpoena for testimony and deposition notice set the deposition for April 16, 2010, in Biloxi, Mississippi, less than two weeks after service (barely more than a week after service).

4.  The subpoena for documents and document request included with the deposition notice seek a range of insurance policies issued to Mazer as well as claims made to insurers related to the subject matter of this litigation, including all correspondence with insurers relative to claims and insurance investigations. *See* Exhibit A. The deposition notice and deposition subpoena request a corporate representative to testify on these topics.

5.  The subpoena for testimony is issued from the United States District Court for the Northern District of Alabama, but the deposition to which it commands attendance is set for Biloxi, Mississippi, which is not in compliance with Rule 45(a)(2)(B).

B.  **Argument**

   1.  **The Subpoenas and Deposition Notice Seek Privileged Materials and Information.**

The subpoenas and notice of deposition (both topics and requests for production) are drafted so broadly as to request documents and information which are protected from production by the attorney-client and attorney-work-product privileges.

Accordingly, the subpoenas and notice of deposition should be quashed and the discovery sought by them forbidden by a protective order or, at a minimum, limited to ensure these privileges are preserved.  The attorney-client privilege extends to communications between an insurer and its insured and to communications between an insurer and the attorneys it retained for the purpose of defending the insured. *See Metroflight, Inc. v. Argonaut Ins. Co.*, 403 F. Supp. 1195, 1197 (N.D. Tex. 1975) (recognizing that statements by an insured to his liability insurer's agent were protected from disclosure by the attorney-client privilege where it appeared that the communication was intended for the assistance of the insurer's attorney in the defense of a possible claim against the insured); *Kerner v. Terminix Int'l Co.*, No. 2:04-cv-0735, 2008 WL 321267, at *3 (S.D. Ohio Jan. 31, 2008) (citing *Metroflight* and noting that this extension of the privilege is premised upon the understanding that such communications are shared with counsel for purposes of defending the legal interests of the insured).  Additionally, Rule 26(b)(3) provides that ordinarily, a party may not discover documents "prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)."  As such, no information concerning the litigation that was prepared by or for Mazer's attorneys or insurers is discoverable.

**2. The Subpoenas and Deposition Notice are Premature, Overly Broad, Unduly Burdensome, Irrelevant, and Largely Duplicative of Both the Information Provided in the Profile Form and Previous Discovery Requests.**

The insurance policies that the Court-approved profile form requires Mazer to disclose have been disclosed by Mazer, and copies of the policies have been produced to the PSC. As such, to the extent the requests seek this information, the requests are duplicative. Anything beyond that is overly broad. The policies and content of the policies is all the information the Plaintiffs are entitled to at this stage of the litigation. The claims made, responses by the insurers, and the correspondence with insurers or agents are well beyond the scope of discovery permitted by Rule 26, and to require collection of that information places an undue burden on the Defendant. If liability has been determined by the Court against the Defendant, some of this information may be proper to obtain in discovery, but not at this stage of the litigation. In that respect, the requests are premature. As noted above, information prepared in anticipation of litigation by a party's attorneys or insurers is not subject to discovery under Rule 26(b)(3).

**3. Plaintiffs Have Already Taken Mazer's Deposition, and It Should Not Be Subject to a Second Deposition.**

The Plaintiffs took the deposition of Mazer's corporate representative on January 29, 2010. At that deposition, Plaintiffs' counsel questioned Mazer's corporate

4

representative about its insurance coverage. Plaintiffs have not shown any good cause why a second deposition is necessary or why they could not have asked Mazer the questions or covered the topics that they are seeking another deposition for now. Especially in this proceeding, with as many parties as are involved in this MDL case, multiple depositions of parties should be permitted only upon a showing of extremely good cause.

> **4. The Subpoenas and Deposition Notice Fail to Allow a Reasonable Time to Comply and Their Service Fails to Comply with the Federal Rules of Civil Procedure and This Court's Orders.**

Under Rule 45(c)(3)(A), Fed. R. Civ. P., a "court must quash or modify a subpoena" that "fails to allow a reasonable time to comply." Additionally, Rule 30, Fed. R. Civ. P., provides that a party who wants to depose a person must give "reasonable notice" to every other party. It is plain that the Plaintiffs' subpoenas and deposition notice do not provide reasonable notice or time to comply. The subpoena gave Mazer two days to respond to the document request and nine days notice to appear in Biloxi, Mississippi, for a deposition. This short of a timeframe is unreasonable.

Additionally, the notice of deposition and subpoenas were not served on counsel for Mazer through LexisNexis File & Serve as ordered by this Court. In fact, it was not served on counsel for Mazer at all, as is required by Rule 5(b)(1), but was instead served directly on Mazer, even though Mazer has been represented in the MDL since

5

July 2009. The deposition notice included in Exhibit A hereto does have a certificate of service saying it was served through LexisNexis File & Serve on March 26, 2010, but that is false.

## Conclusion

For all of the foregoing reasons, the subpoenas and deposition notice to Defendant Mazer's Discount Home Centers, Inc. should be quashed, and the Court should enter a protective order forbidding the discovery sought by subpoenas and deposition notice.

>Respectfully submitted and filed on April 14, 2010, using one of the below-listed attorneys' CM/ECF user log-in and password as a signature in accordance with Rule 8 of the Court's Administrative Procedures for Electronic Case Filing,
>
> *s/ Larry S. Logsdon*
> Larry S. Logsdon
> Voice: (205) 874-0341
> Fax: (205) 874-3241
> E-mail: llogsdon@wallacejordan.com
>
> *s/ Michael L. Jackson*
> Michael L. Jackson
> Voice: (205) 874-0315
> Fax: (205) 874-3251
> E-mail: mjackson@wallacejordan.com
>
> Attorneys for Defendant Mazer's Discount Home Centers, Inc.

Of Counsel:

Wallace, Jordan, Ratliff & Brandt, L.L.C.
Post Office Box 530910
Birmingham, Alabama 35253
(205) 870-0555

                                          **s/** *Christopher A. Bottcher*
                                          Christopher A. Bottcher
                                          E-mail: cbottcher@sirote.com

                                          Mary Blanche Hankey
                                          E-mail: mhankey@sirote.com

                                          C. Lee Reeves
                                          E-mail: lreeves@sirote.com

                                          Attorneys for Defendant Mazer's Discount
                                          Home Centers, Inc.

Of Counsel:

Sirote & Permutt, P.C.
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Voice:    (205) 930-5100
Fax:      (205) 930-5101

## Certificate of Service

I certify that on April 14, 2010, the above and foregoing *Memorandum of Law in Support of Mazer's Discount Home Centers, Inc.'s Objection to and Motion to Quash Plaintiffs' Subpoena for Testimony and Subpoena for Production and Motion for Protective Order* was served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendant's Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

    s/ *Michael L. Jackson*
Michael L. Jackson
Wallace, Jordan, Ratliff & Brandt, L.L.C.
Post Office Box 530910
Birmingham, Alabama 35253
Voice: (205) 874-0315
Fax: (205) 874-3251
E-mail: mjackson@wallacejordan.com