UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 09-2047<br>CASE NO.  2:09-cv-04117<br><br>SECTION:  L<br><br>MG. JUDGE WILKINSON |

**THIS DOCUMENT RELATES TO:**
Vickers et al v. Knauf GIPS KG et al
Case No.: 09-CIV-20510
_____/

# BANNER SUPPLY CO.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AMENDED FOURTH-PARTY COMPLAINT

Defendant BANNER SUPPLY CO. ("BANNER"), by its undersigned counsel, hereby files its Memorandum in Support of its Motion to Dismiss Fourth-Party Plaintiff ATCO INT. CORP.'s ("AIC") Amended Fourth-Party Complaint.  For all the reasons set forth herein, the instant Motion should be granted.

## BACKGROUND

On or about March 2, 2009, Plaintiff KAREN VICKERS ("Plaintiff") filed a Class Action Complaint in the instant action asserting causes of action against BANNER and several other Defendants, including SOUTH KENDALL CONSTRUCTION CORP. ("SKCC") for:  1) strict liability; 2) violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTA"); 3) private nuisance; 4) unjust enrichment; and 5) equitable and injunctive relief and medical monitoring.  On March 24, 2009, Plaintiff served an Amended Complaint.  Plaintiff's causes of action purportedly arise out of the manufacturing, supply and installation of allegedly defective drywall.

{218429.0005/N0823251_1}

Adorno & Yoss LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

Thereafter, SKCC filed a Third-Party Complaint against its subcontractor, AIC, in the instant action, purportedly arising out of AIC's alleged use of defective or faulty materials, i.e., defective drywall.

Accordingly, AIC filed a Fourth-Party Complaint against BANNER, asserting causes of action against BANNER for: 1) indemnity; 2) breach of warranty; 3) strict liability; and 4) breach of contract. On April 12, 2010, AIC filed an Amended Fourth-Party Complaint, asserting causes of action against BANNER for: 1) indemnity; 2) breach of warranty; and 3) breach of contract. The Amended Fourth-Party Complaint arises out of BANNER's alleged breach of contract and warranties in connection with its sale of defective drywall to AIC and alleges, *inter alia*, that AIC purchased various drywall products from BANNER. (Am. Fourth-Party Compl. at ¶¶ 5-6). AIC also claims that the "drywall contained a defect which permitted high levels of sulfur and other noxious gases to be emitted" which corrode certain household items and other property. (Am. Fourth-Party Compl. at ¶ 7). AIC denies SKCC's allegations of liability in the Third-Party Complaint, but claims that "AIC's potential liability to SKCC is technical, imputed and derived from its contractual and other relationship with Banner," and that "because of its special relationship with Banner, AIC is entitled to indemnification from Banner for any liability and damages incurred by AIC to SKCC." (Am. Fourth-Party Compl. at ¶ 16). For the reasons set forth herein, this Court should dismiss the Amended Fourth-Party Complaint in its entirety and grant the instant Motion.

## I.   ARGUMENT

### A.   Standard on Motion to Dismiss

Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint is subject to dismissal if it fails to state a claim. To state a valid claim, a complaint must factually allege each element of the claim for which relief is sought. When allegations in a complaint are wholly conclusory and fail to set forth facts

{218429.0005/N0823251_1}

2

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

which, if proved, would warrant relief for the Plaintiff, dismissal is appropriate. *American Association of People with Disabilities v. Smith*, 227 F. Supp. 2d 1276, 1280 (M.D. Fla. 2002); s*ee also G. Davidson v. State of Georgia*, 622 F. 2d 895, 899 (5th Cir. 1980) (the naked assertion that a regulatory system could be improperly applied does not state a claim upon which relief may be granted).

      **B.**   <u>The Amended Fourth-Party Complaint Fails to Comply with the Federal Rules of Civil Procedure</u>

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Alleging merely opinions, theories, legal conclusions or arguments is insufficient. <u>See</u> <u>Norris v. Hearst Trust</u>, 500 F.3d 454, 464 (5th Cir. 2007). Ultimate facts must be alleged to support the elements of the legal causes of action asserted. <u>See</u> <u>Anderson v. U.S. Dept. of Housing and Urban Development</u>, 554 F.3d 525, 528 (5th Cir. 2008) (Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading). The purpose of this rule is to give the defendant fair notice of what the claim is and the grounds upon which it rests. <u>Id.</u> Herein, AIC's Amended Fourth-Party Complaint fails to comply with the standards imposed by Rule 8 and the case law interpreting this rule.

      **C.**   <u>**Indemnity**</u>

Count I of the Amended Fourth-Party Complaint purports to be a cause of action against BANNER for indemnity. Indemnification can arise pursuant to common law or by contract. <u>See</u> <u>United of Omaha Life Ins. Co. v. Nob Hill Assoc.</u>, 450 So. 2d 536, 539 (Fla. 3d DCA 1984) ("The law is well settled that a party may recover under an indemnity theory where its liability…would be solely vicarious, constructive, derivative or technical and based upon the actual wrongdoing or

{218429.0005/N0823251_1}

3

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

breach of contract of the indemnitor."); see also Barnett Bank of Miami v. Mutual of Omaha Ins. Co., 354 So. 2d 114, 115 (Fla. 3d DCA 1978) ("The obligation to indemnify need not solely be based upon an express contract of indemnification, but may arise out of a liability imposed by law…and "has been said to exists whenever the relationship between the parties is such that either in law or in equity there is an obligation on one party to indemnify the other, as where one person is exposed to liability by the wrongful act of another in which he does not join.").

In Houdaille Industries, Inc. v. Edwards, 374 So. 2d 490 (Fla. 1979), the Supreme Court of Florida addressed the right of indemnity, stating:

> Indemnity is a right which inures to one who discharges a duty owned to him, but which, as between himself and another, should have been discharged by the other and is allowable only where the Whole fault is in the one against whom indemnity is sought. It shifts the entire loss from one who, although without active negligence or fault, has been obligated to pay, because of some vicarious, constructive, derivative, or technical liability [i.e., a special relationship], to another who should bear the costs because it was the latter's wrongdoing for which the former is held liable.

Id. at 493-92. It is based "upon the fault of another which has been imputed to or constructively fastened upon the one seeking indemnity, and there can be no indemnity between joint tortfeasors." Id. at 492. In other words, indemnity may only be sought where the one seeking indemnity is without fault. Id.

In this case, AIC makes the conclusory allegation that it is entitled to indemnification from BANNER due to "its contractual and other relationship" with BANNER. Clearly, no contractual relationship exists between BANNER and AIC which would entitle AIC to indemnity. AIC has failed to set forth any ultimate facts in support of it purported contractual relationship with BANNER, and has also failed to attach a copy of the alleged contract(s) to the Amended Fourth-Party Complaint. Accordingly, BANNER is not contractually obligated to indemnify AIC for the claims alleged by SKCC. See Spolski Gen. Contractor, Inc. v. Jett-Aire Corp. Aviation Mgmt. of

{218429.0005/N0823251_1}

4

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

Cent. Fla., Inc., 637 So. 2d 968, 970 (Fla. 5th DCA 1994) (manufacturer of floor paint used in building project was not bound to indemnify general contractor who alleged that paint was defective, in absence of a contractual relationship between manufacturer and contractor on project).

Similarly, BANNER is not obligated to indemnify AIC pursuant to the common law theory of indemnification. AIC claims it was not aware of the latent defects in the drywall or that it had been manufactured in China, and that it "is not guilty of any act of wrongdoing." (Am. Fourth-Party Compl. at ¶ 16). Also, as previously stated, AIC claims that any liability of AIC to SKCC "is technical, imputed and derived from its contractual *or other relationship* with Banner." (Am. Fourth-Party Compl. at ¶ 16) (emphasis added). AIC has failed to set forth any ultimate facts to support its claim that it was involved in a "special relationship" with BANNER. Accordingly, AIC's cause of action for indemnification must fail.

### D. **Breach of Implied Warranty**

Section 672.314, Florida Statutes states:

> (1) Unless excluded or modified (s. 672.316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind…
>
> (2) Goods to be merchantable must be at least such as:
>
> (a) Pass without objection in the trade under the contract description; and
>
> (b) In the case of fungible goods, are of fair average quality within the description; and
>
> (c) Are fit for the ordinary purposes for which such goods are used; and
>
> (d) Run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and
>
> (e) Are adequately contained, packaged, and labeled as the agreement may require; and

>    (f) Conform to the promises or affirmations of fact made on the container or label if any.
>
>    (3) Unless excluded or modified (s. 672.316) other implied warranties may arise from course of dealing or usage of trade.

§ 672.314, Fla. Stat. (2009).  Regardless of whether a product fails to comport with the foregoing statutory requirements, Florida law requires privity of contract to maintain an action for breach of an implied warranty.  Ocana v. Ford Motor Co., 992 So. 2d 319, 325 (Fla. 3d DCA 2008).  AIC has failed to allege any ultimate facts showing that it is in privity with BANNER; merely stating that BANNER sold AIC drywall does not satisfy the requirements of the Federal Rules of Civil Procedure, which require that allegations be supported with ultimate facts.  Accordingly, AIC has failed to state a cause of action for breach of implied warranty of merchantability, and Count II of the Fourth-Party Complaint should be dismissed.

Accordingly, AIC has failed to state a cause of action for breach of implied warranty of merchantability, and Count II should be dismissed.

### F. Breach of Contract

Pursuant to Florida law, in order to maintain a cause of action for breach of contract, a plaintiff must show: a valid contract; a material breach; and damages.  Sulkin v. All Florida Pain Management, Inc., 932 So.2d 485, 486 (Fla. 4th DCA 2006).  In this case, AIC states that "AIC entered purchase agreements with Banner to purchase standard and customary one-half inch gypsum board/drywall." (See Am. Fourth Am. Compl. at ¶ 26.)  AIC has failed to set forth any ultimate facts to support this claim 7or in support of the terms of the purported contracts.  Furthermore, AIC has also failed to attach any such contract to the Amended Fourth Amended Complaint as an Exhibit.  Accordingly, AIC has failed to provide fair notice of its claim for breach of contract.  Accordingly, AIC's purported claim for breach of contract must be dismissed.

{218429.0005/N0823251_1}

## II.   CONCLUSION

For all the foregoing reasons, Fourth-Party Defendant BANNER SUPPLY CO. respectfully requests that this Court enter an Order dismissing Fourth-Party Plaintiff ATCO INT. CORP.'s Amended Fourth-Party Complaint and awarding BANNER such other and further relief that this Court deems just and proper under the circumstances.

**ADORNO & YOSS LLP**

Jan Douglas Atlas
Florida Bar No.: 226246
Jeffrey A. Backman
Florida Bar No.: 0662501
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, Florida 33301
(954) 763-1200 (Telephone)
(954) 766-7800 (Facsimile)

Attorneys for Defendant Banner Supply Co.

By: /s/ Jeffrey A. Backman

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsel by e-mail and upon all Chinese Dry Wall parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 6, on this 30th day of March, 2010. I further certify that the above and foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 14th day of April, 2010.

By: /s/Jeffrey A. Backman

{218429.0005/N0823251_1}

7

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800