UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 20427 |
| | SECTION õLö |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| SEAN AND BETH PAYTON, individually and on behalf of all others similarly situated,   Plaintiffs | MAG. JUDGE WILKINSON |

v.

KNAUF GIPS KG, et al
Case No. 2:09-CV-7628
    Defendants

**DEFENDANT, O.C.D. OF S. FLORIDA, INC.'S
MOTION TO DISMISS PLAINTIFFS' OMNIBUS CLASS ACTION COMPLAINT**

      COMES NOW, Defendant, O.C.D. of S. Florida, Inc. (improperly named in Complaint as Ocean Coast Drywall, Inc.), by and through its undersigned counsel, and files this, its Motion under Rule 12(b)(6) Federal Rules of Civil Procedure, to dismiss Plaintiffsø Omnibus Class Action Complaint and in support states as follows:

    1.    Counts I, II and XII should be dismissed against Defendant O.C.D. for failure to state a proper cause of action and/or failure to differentiate between Defendants. As a result, Defendant O.C.D. is unable to form a response.

    2.    Count III should be dismissed against Defendant O.C.D. because the doctrine of strict liability does not apply to structural improvements to real property. The case law supporting the grounds is contained in the Memorandum of Law being filed simultaneously herewith.

    3.    Count IV should be dismissed against Defendant O.C.D. because no contract exists between Plaintiffs and Defendant O.C.D.. Further, Plaintiffs are not third party beneficiaries of the contract between the applicable builder and Defendant O.C.D., and therefore Plaintiffs cannot make a claim for breach of implied warranties against

Defendant O.C.D.. The case law supporting the grounds is contained in the Memorandum of Law being filed simultaneously herewith.

4. Count XI should be dismissed on the grounds that Defendant O.C.D. did not create the nuisance, and therefore does not have the ability to abate same. The case law supporting the grounds is contained in the Memorandum of Law being filed simultaneously herewith.

5. Count XIII should be dismissed on the grounds that Plaintiffs have an adequate remedy at law and have pled same.

6. Count XIV should be dismissed on the grounds that Plaintiffs have failed to state a claim under the Florida Deceptive and Unfair Trade Practices Act.  The case law supporting the grounds is contained in the Memorandum of Law being filed simultaneously herewith.

7. Count XV should be dismissed on the grounds that Plaintiffs have an adequate remedy at law and have pled same.

WHEREFORE, Defendant, O.C.D. of S. Florida, Inc., respectfully requests that the Court dismiss the above Counts against Defendant O.C.D. of S. Florida, Inc..

PETERSON BERNARD
Attorneys for Defendants Global Home Builders, Inc., and O.C.D. of S. Florida, Inc.
416 Flamingo Ave.
Stuart, FL  34996
Phone: (772) 286-9881
Fax:    (772) 220-1784


By: /s/ Sarah M. Vazquez
    SARAH M. VAZQUEZ
    Florida Bar No.: 0662526
    E-mail: sarahvazquez@stuart-law.net
    EDWIN E. MORTELL, III
    Florida Bar No.:  832758
    E-mail: edwinmortell@stuart-law.net

**I HEREBY CERTIFY** that on April 15, 2010 this document was served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by e-mail and by e-mail on all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6 and that the foregoing was electronically filed with the Clerk of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will generate a notice of electronic filing in accordance with the procedures established in MDL 2047.

/s/ Sarah M. Vazquez