UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISINA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIBILITY LITIGATION | MDL NO. 2:09-md-02047 |
| | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | MAGISTRATE WILKINSON |
| SEAN AND BETH PAYTON, et al VS. KNAUF GIPS, et al CASE NO. 2:09-cv-7628 | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**RCR HOLDIGS II, INC'S
BRIEF IN SUPPORT OF MOTION TO DISMISS
OR, IN THE ALTERNATIVE, TO STAY**

### INTRODUCTION

Plaintiffs Leonard Axelrod; Dava Baez; Arthur and Barbara Balassone; Allen Baron; Joyce Bashein; Francesco and Georgina Camastro; Janet Campbell; David and Rachael Barbone; Shalini Chandra; Richard Cohen; Victor and Pamela Copello; Renata Csakanyos and Gyorgy Antal; Angelo and Deborah D'Ambrosio; Carl Dileo; Trenice Edwards; Richard Eubank; Kathryn Figueroa; Sean Flaherty; Joseph and Candace Gazzal; Alan and ToniAnn Gottlob and John and Barbara Melchiorre; Khadijeh Grace; Michael Graham and Glenn Dayton; Haworth Holdings,

LLC; Investment Leaders, LLC; Robert and Lori Jioia; Steve Johnson and Mark Knoth; William Jordan; Timothy Klemm; John and Susanna Kolich; Brian and Naidi Kroll; L&L South Florida Realty; Anthony and Brian LaSala; Frank Lattanzio; Joseph Lanza for LLG Investment Properties, LLC; Tarek Loufty; George and Adrienne Luntz; Claudee Michaud and Melissa Laidlaw; William and Teresa Miller; Michael Minuto; Melissa Mogor; Brian Murray; Paul Murray; Joseph and Celine Ovicher; Frank Panico and Fay Teller; John and Ann Piccolo; Annette Polovin; Maurice and Hanna Poplausky; Allen and Rebecca Proske; Joseph and Mariann Ramos; Manuel and Lavinia Ramos; Birgitta Rayman; James Rovezzi; Dominic Sabatino and Richard Hiskey; David and Karen Schmidt; Samuel Shaya; Wesley Sheperd; Kelly Smith; Amir and Bella Stock; Lloyd Taylor and Scott Hoxter; Venesia Thompson and Susan Logan, Twin Crest Association, Thad Wiley; Walter and Linda Wojcik; Ramona Youand and Suluki Id-Deen; and Zhongmin Zhou and Qinxi Huang (the "Plaintiffs" or the "Subclass Representatives") have filed this action against, *inter alia,* Defendant, RCR HOLDINGS II, INC. ("RCR"), seeking to recover damages allegedly caused by defective Chinese-manufactured drywall installed in their Florida home, which were sold by RCR. (See Plaintiffs Omnibus Class Action Complaint (the "Complaint") (Complaint ¶¶ 945, 946, 1450, 1451, 1452, 1455, 1456, 1458, 1459, 1460, 947, 1461, 948, 1462, 1463, 53, 949, 1466, 951, 952, 57, 953, 66, 1468, 954, 68, 1469, 1471, 955, 1472, 957, 1473, 1475, 956, 959, 1476, 1477, 1478, 1479, 76, 1480, 960, 1481, 1482, 961, 1483, 1484, 962, 1486, 963, 1487, 1488, 1489, 1491, 1492, 1493, 1494, 1495, 1495, 1496, 1498, 958, 1500, 1501, 1502, 1503, 2419, 2626 & Schedule 3.) Plaintiffs seek relief not only for themselves, but allegedly on behalf of others similarly situated. (Complaint, at 1-2.) Plaintiffs have filed their Omnibus Class Action Complaint in the Eastern District of Louisiana, where, by June 15, 2009 Transfer Order of the Judicial Panel of Multidistrict

Litigation, other actions involving Chinese-manufactured drywall had previously been transferred only for pretrial proceedings pursuant to 28 U.S.C. § 1407.

None of the Plaintiffs are residents of the State of Louisiana. All the homes at issue in this action against RCR are located in Florida. (Complaint ¶¶ 945, 946, 1450, 1451, 1452, 1455, 1456, 1458, 1459, 1460, 947, 1461, 948, 1462, 1463, 53, 949, 1466, 951, 952, 57, 953, 66, 1468, 954, 68, 1469, 1471, 955, 1472, 957, 1473, 1475, 956, 959, 1476, 1477, 1478, 1479, 76, 1480, 960, 1481, 1482, 961, 1483, 1484, 962, 1486, 963, 1487, 1488, 1489, 1491, 1492, 1493, 1494, 1495, 1495, 1496, 1498, 958, 1500, 1501, 1502, 1503.) RCR is a real estate developer that builds homes only in the State of Florida. (Affidavit of James A. Comparato ¶ 3.) It is a Florida corporation with its principal address in Boynton Beach, Floirda. *Id.* ¶ 4. Neither RCR nor any of their affiliated entities have ever built a home in Louisiana, sold a home in Louisiana, conducted or sought to conduct business in Louisiana, nor in any way targeted their activities towards Louisiana. *Id.* ¶¶ 5-6.

In the absence of a single contact between RCR and the State of Louisiana, this Court simply cannot assert personal jurisdiction over RCR on claims that arise from real property developed by RCR in the State of Florida. While it may be convenient for Plaintiffs to file a class action in the district where other actions have been transferred for multidistrict litigation for pretrial proceedings, neither Plaintiffs' convenience, nor the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) &(d)(6), nor the pendency of multidistrict litigation pursuant to 28 U.S.C. § 1407 can abrogate RCR's due process right not to be subject to litigation in a forum with which it has established no meaningful contacts. Accordingly, this action against RCR must be dismissed.

Furthermore, the Plaintiffs' claims must be stayed pending compliance with the requirements of Chapter 558 of the Florida Statutes, which mandates that any action arising

from a construction defect in the State of Florida that is brought without first completing the statutory process for notice and an opportunity to cure must be stayed. See Fla. Stat. §§ 558.003, 558.004. All of the homes are located in the State of Florida. The owners of the subject homes have not yet complied with the statutory requirements of § 558.004 (see *id.* ¶8), and therefore the class claims asserted in the Complaint must be stayed pursuant to § 558.003 and § 558.004.

## ARGUMENT

### This Court Does Not Have Personal Jurisdiction Over RCR.

When personal jurisdiction is challenged by the defendant, it is the plaintiff's burden to establish it. See *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1138 (5th Cir. 1980). On a motion to dismiss for lack of personal jurisdiction, this Court considers the allegations of the Complaint as true only to the extent they are not controverted by the defendant's affidavit. See *Asarco, Inc. v. Glenara Ltd.*, 912 F.2d 784, 785 (5th Cir. 1990).

Under well-established precedents, there are two jurisdictional analyses that may apply depending on the relationship between the defendant's contacts with the forum state and the cause of action. When the cause of action arises out of the defendant's forum contacts, the court conducts a "specific" jurisdiction analysis. See *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980). When the cause of action does not arise out of the defendant's forum contacts, the court must determine whether the defendant's forum contacts support the exercise of "general" jurisdiction. See *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408 (1984). In this case, however, the distinction between specific and general jurisdiction is academic, given that RCR has absolutely no contacts with the forum state.

A.     This Court May Not Assert Specific Jurisdiction.

In order to exercise specific jurisdiction over a nonresident defendant, two requirements must be met. "First, the defendant must be amenable to service of process under the forum state's jurisdictional long-arm statute. Second, the exercise of jurisdiction under this statute must comport with norms imposed by the due process clause of the fourteenth amendment." *Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1361 (5th Cir. 1990).

Louisiana's long-arm statute provides:

> A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
>
> (1) Transacting any business in this state.
>
> (2) Contracting to supply services or things in this state.
>
> (3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.
>
> (4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.
>
> (5) Having an interest in, using or possessing a real right on immovable property in this state.
>
> (6) Non-support of a child, parent, or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the nonresident formerly resided in this state.

(7) Parentage and support of a child who was conceived by the nonresident while he resided in or was in this state.

(8) Manufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer's marketing practices.

B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.

La. R.S. § 13:3201.

Thus, Louisiana's long-arm statute is effectively coextensive with the Fourteenth Amendment, and the jurisdictional inquiry turns on the constitutional analysis. See *Superior Supp. Co. v. Associated Pipe & Supp. Co.*, 515 So.2d 790, 792 (La. 1987).

A court may constitutionally assert personal jurisdiction over a nonresident defendant only when that defendant has such "minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" See *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *accord Dalton v. R&M Marine, Inc.*, 897 F.2d 1359, 1361 (5th Cir. 1990).

In deciding whether personal jurisdiction is consistent with the Due Process Clause, a three-prong test is applied: (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause

of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Nuovo Pignone, SpA v. STORMAN ASIA MA/,* 310 F.3d 374, 378 (5th Cir. 2002).

### 1. *RCR Has Not Purposely Directed Activities Toward Louisiana Nor Conducted Any Activities There.*

To support assertion of personal jurisdiction over RCR, Plaintiffs must "identify some act whereby [RCR] 'purposefully avail[ed] itself of the privilege of conducting activities [in Louisiana], thus invoking the benefits and protections of its laws.'" *Luv n' Care, Ltd. v. Insta-Mix, Inc.,* 438 F.3d 465, 469-70 (5th Cir. 2006); *accord Hanson v. Denckla,* 357 U.S. 235, 253 (1958). The litmus test is whether the defendant's forum contacts are such that it would "reasonably anticipate[ ] being haled into court" in Louisiana. *Luv n' Care, Ltd.,* 438 F.3d at 470; *accord World Wide Volkswagen Corp.,* 444 U.S. at 297.

Fortunately, the instant case does not require close analysis to determine whether RCR's contacts with Louisiana are of a kind and quality that would make it reasonably foreseeable that it would be haled into court there. This is because RCR simply has no contacts with Louisiana at all.

Plaintiffs do not even allege to the contrary. The Complaint does not even contain an allegation of personal jurisdiction. To the contrary, it alleges that RCR has a principal place of business in Florida, and that it installed defective drywall in homes it built for certain Plaintiffs in Florida. (Complaint ¶¶ 945, 946, 1450, 1451, 1452, 1455, 1456, 1458, 1459, 1460, 947, 1461, 948, 1462, 1463, 53, 949, 1466, 951, 952, 57, 953, 66, 1468, 954, 68, 1469, 1471, 955, 1472, 957, 1473, 1475, 956, 959, 1476, 1477, 1478, 1479, 76, 1480, 960, 1481, 1482,

961, 1483, 1484, 962, 1486, 963, 1487, 1488, 1489, 1491, 1492, 1493, 1494, 1495, 1495, 1496, 1498, 958, 1500, 1501, 1502, 1503, 2419, 2626 & Schedule 3)

In fact, RCR is a real estate developer that builds homes only in the State of Florida. (Affidavit of James A. Comparato ¶3.) It is a Florida corporation with its principal address in Florida. *Id.* ¶4. Neither RCR, nor any of their affiliated entities has ever built a home in Louisiana, sold a home in Louisiana, conducted or sought to conduct business in Louisiana, advertised in Louisiana, nor in any way targeted their activities towards Louisiana. *Id.* 5. Moreover, the very nature of RCR's products, namely homes, is such that they do not move in the stream of commerce but stay fixed to the real estate on which they are built.

In the absence of any contacts between RCR and the State of Louisiana, much less contacts constituting the kind of purposeful availment that would cause RCR to reasonably anticipate being haled into court there, Plaintiffs have wholly failed to carry their burden of demonstrating the kind of minimum contacts that support the exercise of personal jurisdiction.

2.  ***Plaintiffs' Claims Do Not Arise Out of Any Contact Between RCR and the State of Louisiana.***

The second prong of the inquiry under *Nuovo Pignone, SpA* is whether the plaintiff's cause of action arises from the defendant's contacts with the forum. *Nuovo Pignone, SpA,* 310 F.3d at 378. As explained above, RCR has no contacts with the forum. It necessarily follows that Plaintiffs' causes of action cannot arise from nonexistent contacts. Rather, as is clear from the Complaint, Plaintiffs' causes of action against RCR all arise out of RCR's construction and/or sale of homes in Florida owned by plaintiffs.

3.  ***Assertion of Jurisdiction Would Offend Traditional Notions of Fair Play and Substantial Justice.***

The final prong of the jurisdictional inquiry under *Nuovo Pignone, SpA* is whether the court's exercise of jurisdiction would "offend traditional notions of fair play and substantial justice." *Id.* If the assertion of jurisdiction in the absence of a single contact with the forum could comport with notions of fair play and substantial justice, then there is no case in which jurisdiction could not be asserted, and the limits on the exercise of personal jurisdiction would be illusory. This is simply not the law, and this Court's assertion of personal jurisdiction over RCR would violate all notions of fair play and substantial justice.

### B.     RCR Is Not Subject to General Jurisdiction.

Given the complete lack of contact between RCR and the State of Louisiana, any argument for the assertion of general jurisdiction can be addressed summarily. Where the plaintiff's cause of action does not arise from the defendant's contacts with the forum, due process permits the exercise of jurisdiction only when the defendant has "continuous and systematic contacts" with the forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 (1984). "The continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and forum." *Olagues v. Kousharian,* 557 F. Supp. 2d 731, 738 (E.D. La. May 27, 2008).

Plainly, given that RCR has no contacts with Louisiana, has never built or sold a home there, has never conducted nor sought to conduct business there, nor in any way targeted its activities there, and further that the nature of RCR's products (i.e., homes) is that they do not move in the stream of commerce but stay fixed to the foreign real estate on which they are built, it cannot be said that RCR has the kind of continuous and systematic contacts that support the exercise of general jurisdiction. (See Affidavit of James A. Comparato ¶5.)

### C. The Fact That This Is a Class Action and a Multi-District Litigation Has No Effect on the Personal Jurisdictional Analysis.

Jurisdictional analysis does not change merely because the plaintiffs have opted to bring a class action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2) &(d)(6). See *In re Train Derailment Near Amite, Louisiana, on October 12, 2002,* No. MDL 1531, 2004 WL 224573, at * 1, 3 (E.D. La. Feb. 3, 2004) (holding that conversion from multidistrict litigation to class action had no bearing on the personal jurisdiction determination, which "depends solely on the defendant's]... conduct in and contacts with the forum state"); see also *Morrison v. YTB Int'l, Inc.,* 641 F. Supp. 2d 768, 777-81 (S.D. Ill. 2009) (applying ordinary jurisdictional analysis to claim under CAFA); *Baumkel v. Scotts Miracle-Gro Co.,* No. 08-14137, 2009 WL 3190477, at *1-4 (E.D. Mich. Sept. 28, 2009) (same). CAFA expands the subject matter jurisdiction of the federal courts, but does not affect personal jurisdiction. Indeed, Congress could not by mere statute deprive a defendant of its constitutional due process right not to be subject to the judgment of a forum with which it has established no meaningful contacts.

Similarly, as explained by the Judicial Panel on Multidistrict Litigation, multidistrict litigation does not deprive defendants of any right entitled to judicial protection, nor has Congress given any indication that in enacting 28 U.S.C. § 1407 "it intended to expand the territorial limits of effective service." *In re Library Editions of Children's Books,* 299 F. Supp. 1139, 1142 (J.P.M.L. 1969); *accord In re Gypsum Wallboard,* 302 F. Sup. 794, 794&n.1 (J.D.M.L. 1969).

In sum, in the absence of specific or general jurisdiction as discussed above, this Court may not assert personal jurisdiction over RCR

## II. This Action Must Be Stayed Pending Compliance With Chapter 558 of the Florida Statutes.

Chapter 558 of the Florida statutes applies to all claims for property damage arising from a construction defect and imposes specific requirements regarding notice and an opportunity to cure with which a claimant must comply before filing an action asserting such claims. Fla. Stat. §§ 558.003, 558.004. If an action is filed without first complying with these requirements, "on timely motion by a party to the action the court shall stay the action, without prejudice, and the action may not proceed until the claimant has complied with such requirements." Fla. Stat. § 558.003.

This case should be stayed because the Plaintiffs and potential absent class members have yet to complied with the requirements of Chapter 558. RCR has received notice, though RCR makes no waiver to claims that the notices are insufficient. Through its attorney, RCR has requested to inspect the homes pursuant to Florida Statute 558.004. To date Plaintiffs' have refused or failed to provide RCR with an opportunity to inspect the premises. (Affidavit of James A. Comparato ¶8.)

The process for notice and an opportunity to cure that is required by Chapter 558 has not yet concluded with respect any of the homes built/sold by RCR and potentially involved in this class action. See *id.* ¶8. Fla. Stat. 558.004(2) allows the Defendant to perform a reasonable inspection of the property or of each unit subject to the claim to assess each alleged construction defect. Plaintiffs have failed to allow Defendant to inspect the properties. Fla. Stat. § 558.004(5) requires the person who received notice under subsection (1) to serve a written response to the claimant. Defendant is unable to comply with Fla. Stat. § 558.004(5) without the opportunity to inspect the premises.

With respect to all the homes of the Plaintiffs as listed above, RCR is continueing to request the opportunity to inspect the homes, to which it is entitled under § 558.004(2) and which will allow them to determine whether Chinese-manufactured drywall is in fact even present in the houses. (See Affidavit of James A. Comparato ¶8, Fla. Stat. § 558.004(2).)

Given that the owners of homes at issue in this class action have not yet completed the statutory process that is a precondition to any suit, the class claims asserted in this class action must be stayed until subclass members have complied with Chapter 558.

## CONCLUSION

For the foregoing reasons, RCR respectfully requests that this Court grant RCR's Motion to Dismiss this action. At a minimum and in the alternative, RCR respectfully requests that this Court stay this action pending the compliance with Florida Statutes Chapter 558.

Respectfully submitted,

/s/ Sherri L. Bauer
SHERRI L. BAUER, ESQUIRE
Florida Bar No.: 531871
LUKS, SANTANIELLO,
 PEREZ, PETRILLO, GOLD & JONES
Attorneys for RCR Holdings II, LLC
301 Yamato Road, Suite 1234
Boca Raton, FL  33431
Telephone: (561) 893-9088
Facsimile: (561) 893-9048

## SERVICE LIST

I, hereby certify that on this **15th** day of April, 2010, the foregoing has been served on Plaintiffs' Liaison Counsel, **Russ Herman**; Defendants' Liaison Counsel, **Kerry Miller** and Homebuilders'/Installers' Liaison Counsel, **Phillip A. Wittman** by e-mail; and upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

/s/ Sherri L. Bauer
SHERRI L. BAUER, ESQUIRE
Florida Bar No.: 531871
LUKS, SANTANIELLO,
 PEREZ, PETRILLO, GOLD & JONES
Attorneys for RCR
301 Yamato Road, Suite 1234
Boca Raton, FL 33431
Telephone: (561) 893-9088
Facsimile: (561) 893-9048