UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTION LIABILITY LITIGATION | MDL No. 2047 |
| | SECTION: L |
| **THIS DOCUMENT RELATES TO:** | JUDGE FALLON |
| Case No. 09-7628<br>Sean Payton, et al v. Knauf Gips KG, et al | MAGISTRATE WILKINSON |

**MEMORANDUM OF LAW IN SUPPORT OF COX LUMBER CO.'S
MOTION TO OUASH PLAINTIFFS' SUBPOENA FOR TESTIMONY AND SUBPOENA
FOR PRODUCTION AND MOTION FOR PROTECTIVE ORDER**

    A.    **FACTUAL BACKGROUND**

    1.    On or about 9 December 2009, Plaintiffs filed the above captioned action. Cox Lumber Co. ("Cox") is named as a defendant in the action. Cox has completed and served its Defendant's Profile Form including designation of insurance information.

    2.    On Tuesday, 6 April 2010, without prior notice or conferral with counsel, Plaintiffs served a Subpoena for Testimony and a Subpoena for Production of Documents upon Cox. Copies of both Subpoenas are attached hereto as Exhibits "A" and "B."

    3.    Plaintiffs' Subpoena for Production of Documents demands production of documents and materials in Miami, Florida on Friday, 9 April 2010, three days after service.

    4.    Plaintiffs' Subpoena for Testimony demands the deposition of Cox's corporate representative with knowledge of the documents requested in the prior subpoena less than two weeks after service, on 16 April 2010, in Miami, Florida.

5. Both Subpoenas issued to Cox request a range of all insurance policies issued to Cox which may apply to the above captioned matter, as well as claims made to carriers, all correspondence with carriers, and all correspondence related to insurance investigations. See Notice of Deposition attached to Exhibit A. The Subpoena for Testimony demands the deposition of Cox's representative with knowledge of these materials.

6. The Subpoenas were served without providing reasonable notice, are overly broad, unduly burdensome, and are largely duplicative of the Court's required profile forms. The Subpoenas also improperly request documents which are protected by the attorney client and attorney work product privileges, and are premature and are otherwise objectionable. See Objections filed concurrently herewith and incorporated herein by reference. They should be quashed accordingly.

B. **ARGUMENT**

A person commanded to produce pursuant to a subpoena may serve written objections to inspection or copying of the designated materials sought and may move to quash or modify such subpoena. See Fed. R. Civ. P. 45(c)(2)(B) and (3)(A).

1. **Cox is entitled to a Protective Order Under Rule 45(c)(Z) and (c)(3) Because the Subpoenas Fail to Allow A Reasonable Time To Comply.**

Under Federal Rule of Civil Procedure 45(c)(3)(A), a "court must quash or modify a subpoena" that "fails to allow a reasonable time to comply."

Here, it is plain that Plaintiffs' Subpoenas fail to allow a reasonable time to comply. Both subpoenas were served on 6 April 2010. The Subpoena for Production demands gathering and procurement of a vast range of materials in a three day window. Cox simply cannot marshal, review, and produce the broad range of materials demanded in three days.

By the same token, the Subpoena for Testimony requests a corporate representative to testify about the aforementioned materials mere days after these materials are to be produced. This timeframe is unreasonable, particularly given the complete lack of notice from Plaintiffs. For these reasons, the Subpoenas should be quashed.

2.  **Cox is entitled to a Protective Order Under Rule 45(c)(2) and (c)(3) Because the Subpoenas are Premature and Impose an Undue Burden.**

Federal Rule of Civil Procedure 45(c)(3)(A) also provides that a court must quash or modify a subpoena if such subpoena subjects a party to an undue burden.[1] Production of the documents requested and the testimony sought in Plaintiffs' Subpoenas would be unduly burdensome.

Whether a subpoena imposes an "undue burden" upon a witness is a case specific inquiry that turns on "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 53 (S.D. N.Y. 1996) (quoting United States v. Int'l Bus. Mach. Corp., 83 F.R.D. 97, 104 (S.D.N.Y. 1979)). Demonstrating relevance is the burden of the party seeking discovery. See id.

Plaintiffs cannot justify the burden their Subpoenas place on Cox at this stage of the suit. This suit is at an extremely early stage. Despite this, Plaintiffs' Subpoenas seeks documents relating to all of Cox's insurance policies potentially applicable to this action, and all correspondence concerning communications with carriers, claims on policies, and investigations under policies. Even assuming such information is relevant to the merits of Plaintiffs' claims, Cox has already produced a meaningful selection of these materials by furnishing its court-

---

[1] "On timely motion, the court by which a subpoena was issued must quash or modify the subpoena that ... (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies, or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A) (emphasis added).

required profile form. Requiring such additional voluminous discovery imposes a burden disproportionate to Plaintiffs' need at this stage of the case. The Subpoenas should be quashed accordingly.

### 3. Cox is entitled to a Protective Order Under Rule 45(c)(2) and (c)(3) Because the Subpoenas Seek Privileged Materials and are Otherwise Objectionable.

In addition to the foregoing, the Subpoenas are drafted so broadly as to request documents which are protected from production by the attorney client and attorney work product privileges, including without limitation requests for communication regarding insurance coverage for these claims. Further, the Subpoenas are objectionable for multiple additional reasons all as specified in the Objections filed concurrently herewith and incorporated herein by reference. The Subpoenas should be quashed accordingly, or at a minimum, limited to ensure these privileges and discovery exemptions are preserved and to ensure that otherwise objectionable requests are not allowed.

WHEREFORE, Defendant Cox Lumber Co. respectfully requests that the Court enter an order quashing Plaintiffs' Subpoena for Production and Subpoena for Testimony, or enter a protective order providing that the production of responsive materials and testimony regarding same occur after reasonable opportunity to gather and review materials, and be reasonably limited in scope to preserve Cox's privileged records and other objections, and providing such other and further relief as the Court deems just and proper.

Respectfully submitted,

DAIGLE FISSE & KESSENICH, PLC

BY: */s/ Michael D. Fisse*
Michael D. Fisse (#19270)
James L. Bradford, III (#23662)
Klint E. Beckendorf (#32336)
P. O. Box 5350
Covington, LA  70434-5350
Telephone:     985.871.0800
Facsimile:     985.871.0899
E-mail:  mfisse@daiglefisse.com
ATTORNEYS FOR DEFENDANT,
COX LUMBER CO.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum of Law in Support of Motion to Quash Plaintiffs' Subpoena for Testimony and Subpoena for Production and Motion for Protective Order has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and email or by hand delivery and email and upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No.6 and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 9th day of April, 2010.  (Corrected copy was filed this date: 16th day of April, 2010.)

*/s/ Michael D. Fisse*