## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN RE: CHINESE MANUFACTURED** | * | **MDL NO. 2:09-md-02047** |
| **DRYWALL PRODUCTS LIABILITY** | * | |
| **LITIGATION** | * | **JUDGE FALLON** |
| | * | |
| **THIS DOCUMENT RELATES TO:** | * | **MAGISTRATE WILKINSON** |
| | * | |
| **SEAN AND BETH PAYTON, et al** | * | |
| **VS.** | * | |
| **KNAUF GIPS, et al** | * | |
| **CASE NO. 2:09-cv-7628** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT SOUTHERN STAR CONSTRUCTION COMPANY, INC.'S AFFIRMATIVE DEFENSES AND ANSWER TO PLAINTIFFS' OMNIBUS CLASS ACTION COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Southern Star Construction Company, Inc. ("Defendant"), who responds to the allegations contained in Plaintiffs' Omnibus Class Action Complaint (I) (the "Complaint") with a general denial of each and every allegation that Defendant designed, manufactured, imported, distributed, delivered, supplied, marketed, inspected, installed or sold any defective drywall at issue in this litigation.  Defendant otherwise responds to the Complaint as follows:

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Plaintiffs fail to state a claim or right and/or cause of action upon which relief may be granted against Defendant.

### SECOND DEFENSE

Defendant affirmatively pleads herein all affirmative defenses available to it under Rule 12(b) of the Federal Rules of Civil Procedure, and reserves the right to assert

any additional defenses allowed by law that may be discovered during the course of additional investigation and discovery.

## THIRD DEFENSE

The Plaintiffs' sole and exclusive remedy against Defendant, the entitlement to which is specifically denied, is by way of the Louisiana New Home Warranty Act, La. R.S. 9:3141 *et seq.*

## FOURTH DEFENSE

Defendant further pleads La. R.S. 9:2771 in its entirety and all defenses created therein. Further, Defendant asserts that pursuant to La. R.S. 9:2771, the work it performed at the locations at issue was performed in accordance with the plans and specifications furnished to it which it did not make, and therefore, Defendant is not liable for any defects that may exist as a result of the fault or insufficiency of such plans or specifications.

## FIFTH DEFENSE

The claims asserted in the Complaint may be barred, in whole or in part, due to Plaintiffs' or the putative class members' failure to mitigate their alleged damages.

## SIXTH DEFENSE

Defendant specifically pleads that the sole cause of the damages and injuries sued upon herein were caused only and solely by the superseding and intervening negligence and/or fault of third parties or other entities over whom Defendant exercised no control and/or supervision, and for whose negligence and/or fault Defendant cannot be held legally responsible.

## SEVENTH DEFENSE

The claims asserted in the Complaint may be time barred, in whole or in part, due

to laches, statute(s) of limitations, prescription and/or peremption.

## EIGHTH DEFENSE

Defendant prays for and is entitled to, as a matter of law, a reduction of damages based on percentages of fault of any released party.

## NINTH DEFENSE

Defendant pleads and incorporates by reference the defenses, terms and conditions contained within all contracts that existed between any and all parties to this litigation and any company, individual or entity not yet named a party to this litigation.

## TENTH DEFENSE

Defendant reaffirms and realizes the affirmative defenses filed by any other co-defendants in this litigation, to the extent they do not assert or impute liability to Defendant, all as if copied herein *in extenso*.

## ELEVENTH DEFENSE

The Plaintiffs' or putative members' claims against Defendant may be barred due to lack of jurisdiction over the subject matter and/or by the failure to exhaust any and all administrative remedies which may be afforded to the parties.

## TWELFTH DEFENSE

The Plaintiffs or putative class members have not alleged or sustained any actual damages that were proximately caused by Defendant.

## THIRTEENTH DEFENSE

The Plaintiffs' or putative class members' claims as set forth in the Complaint are barred by prescription and/or are perempted under the New Home Warranty Act, La. R.S. 9:3141 *et seq.*

**FOURTEENTH DEFENSE**

Defendant is entitled to a set-off and/or credit and/or recoupment against any and all alleged damages that Plaintiffs or putative class members seek to collect in this litigation.

**FIFTEEN DEFENSE**

Solely in the alternative, Defendant asserts that any damages sustained by the Plaintiffs or putative class members are a result of their own negligence, fault, or deviation of their duties under the circumstances, and as such, serve as a bar to or in mitigation from any right of recovery herein.

**SIXTEENTH DEFENSE**

Defendant further pleads estoppel and/or acceptance of the construction work to the extent that the Plaintiffs or the putative class members were aware of any alleged defects or deficiencies.  Defendant further reserves the right to add any party, and/or to file any cross claims necessary to defend this matter on giving counsel and this Honorable Court appropriate notice of same.

**SEVENTEENTH DEFENSE**

Defendant is entitled to indemnity and defense from other juridical persons both named and not yet named in this litigation.

**EIGHTEENTH DEFENSE**

The Plaintiffs have failed to join necessary and indispensable parties required to properly adjudicate this case.

**NINTEETH DEFENSE**

The Plaintiffs' allegations contained in the Complaint are vague and ambiguous as to Defendant and should, therefore, be dismissed.  By way of example only and

without any limitation, Plaintiffs have alleged that Defendant has violated statutory duties but has failed to alleged which statutes were allegedly violated.

## TWENTIETH DEFENSE

The claims for punitive damages against Defendant are in violation of the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States of America, which prohibits the imposition of excessive and/or arbitrary punishments against tortfeasors.  Said claims should, therefore, be dismissed.

## TWENTY-FIRST DEFENSE

The Complaint is premature as any plaintiff or putative claim member failed to give Defendant written notice and a reasonable opportunity to comply with the provisions of the New Home Warranty Act, Louisiana R.S. 9:3145, or to give the seller notice with an opportunity to repair.

## TWENDY-SECOND DEFENSE

The class action allegations in the Complaint fail to meet the prerequisites for a Class Action as to the claims against Defendant, and more generally, in that:

a)   The alleged class does not meet the numerosity requirement and joinder of all alleged members of the class is not impracticable as to the claims made against Defendant;

b)   The questions of law or fact common to the alleged members of the class do not predominate over individual questions of law and fact, particularly with regard to individual liability, causation, and damages issues;

c)   The named plaintiffs do not fairly and adequately protect the interest of the alleged class members and do not have claims typical of the other alleged class members, particularly as applied to Defendant;

d)      Other grounds to be proven at the trial of this matter.

### TWENTY-THIRD DEFENSE

The Complaint fails to state a claim against Defendant for negligence, negligence *per se*, strict liability, breach of express and/or implied warranties, breach of implied warranty of habitability, breach of contract, redhibition, Louisiana Products Liability Act liability, private nuisance, negligent discharge of a corrosive substance, unjust enrichment, violations of the Louisiana Unfair Trade Practices Act, violations of any consumer protection act, equitable and injunctive relief, medical monitoring, punitive damages, and attorney's fees.

### TWENTY-FORTH DEFENSE

The claims have prescribed based on the time limit of the warranties provided by Louisiana R.S. 9:3144.

### TWENTY-FIFTH DEFENSE

The claims are perempted by the peremption period provided in Louisiana R.S. 9:3146 and the warranty time limits provided by Louisiana R.S. 9:3144.

### TWENTY-SIXTH DEFENSE

The remedies and warranties of the New Home Warranty Act are exclusive relative to home construction and no other provisions of law relative to warranties and redhibitory devices and defects apply and the New Home Warranty Act warranties are limited exclusively to those provided by Louisiana R.S. 9:3144.

### TWENTY-SEVENTH DEFENSE

Any damages to which any plaintiff is entitled to recover are limited to reasonable costs of repair or replacement necessary to cure any defects or the original purchase price of the home, as set forth in Louisiana R.S. 9:3149.

**TWENTY-EIGHTH DEFENSE**

Defendant requests a trial by jury on all issues.

**AND NOW**, further answering, Defendant responds to the Complaint as follows:

**1.**      The Introductory Paragraph of the Complaint does not require a response. To the extent a response might be required, however, Defendant denies any allegations contained therein.

**2.**      The allegations of Paragraphs 1 through 3 of the Complaint state conclusions of law, and therefore, require no response.  To the extent a response might be required, however, Defendant denies any allegations contained therein for lack of sufficient information to justify a belief therein.

**PLAINTIFFS**

**3.**      The allegations contained in Paragraphs 4 through 2072 of the Complaint pertain to parties other than Defendant and, therefore, do not require a response.  To the extent a response might be required, however, Defendant denies any allegations contained in said Paragraphs for lack of sufficient information to justify a belief therein.

**DEFENDANTS**

**4.**      Defendant admits that it is a Louisiana corporation.  The remaining allegations of Paragraph 2073 are, however, denied for lack of sufficient information to justify a belief therein.

**The Manufacturing Defendants**

**5.**      The allegations contained in Paragraphs 2074 through 2079 of the Complaint pertain to parties other than Defendant and, therefore, do not require a response.  To the extent a response might be required, however, Defendant denies any allegations contained in said Paragraphs for lack of sufficient information to justify a

belief therein.

## The Distributor and Supplier Defendants

**6.**     The allegations contained in Paragraphs 2080 through 2123 of the Complaint pertain to parties other than Defendant and, therefore, do not require a response.  To the extent a response might be required, however, Defendant denies any allegations contained in said Paragraphs for lack of sufficient information to justify a belief therein.

## The Importer/Exporter/Broker Defendants

**7.**     The allegations contained in Paragraphs 2124 through 2128 of the Complaint pertain to parties other than Defendant and, therefore, do not require a response.  To the extent a response might be required, however, Defendant denies any allegations contained therein for lack of sufficient information to justify a belief therein.

## The Developer/Builder Subclasses

**8.**     The allegations contained in Paragraphs 2129 through 2457 of the Complaint pertain to parties other than Defendant and, therefore, do not require a response.  To the extent a response might be required, however, Defendant denies any allegations contained in said Paragraphs for lack of sufficient information to justify a belief therein.

**9.**     Defendant denies the allegations contained in Paragraph 2458 of the Complaint, except to admit that Defendant is a Louisiana corporation and that its principal place of business is 950 W. Causeway Approach, Mandeville, Louisiana 70471.

**10.**     The allegations contained in Paragraphs 2459 through 2516 of the Complaint pertain to parties other than Defendant and, therefore, do not require a response.  To the extent a response might be required, however, Defendant denies any

allegations contained in said Paragraphs for lack of sufficient information to justify a belief therein.

## The Contractor/Installer Subclasses

11.     The allegations contained in Paragraphs 2517 through 2609 of the Complaint pertain to parties other than Defendant and, therefore, do not require a response.  To the extent a response might be required, however, Defendant denies any allegations contained in said Paragraphs for lack of sufficient information to justify a belief therein.

## FACTS REGARDING PRODUCT DEFECT

12.     Defendant lacks sufficient knowledge or information to form a viable opinion regarding the veracity of the allegations contained in Paragraphs 2610 through 2620 of the Complaint.

## CLASS ACTION ALLEGATIONS

13.     Paragraph 2621 of the Complaint does not require a response.  To the extent a response might be required, however, Defendant denies any allegations contained therein.

14.     The allegations contained in Paragraphs 2622 through 2623 of the Complaint pertain to parties other than Defendant and, therefore, do not require a response.  To the extent a response might be required, however, Defendant denies any allegations contained in said Paragraphs for lack of sufficient information to justify a belief therein.

15.     The allegations contained in Paragraphs 2624 through 2625 of the Complaint pertain to parties other than Defendant and, therefore, do not require a response.  To the extent a response might be required, however, Defendant denies any

allegations contained in said Paragraphs for lack of sufficient information to justify a belief therein.

16.     To the extent the allegations contained in Paragraphs 2626 through 2627 of the Complaint pertain to and/or are directed to Defendant, said allegations are denied. Otherwise, the allegations contained in said Paragraphs are denied for lack of sufficient information to justify a belief therein.

17.     The allegations contained in Paragraphs 2628 through 2629 of the Complaint pertain to parties other than Defendant, and, therefore, do not require a response.  To the extent a response might be required, however, Defendant denies any allegations contained in said Paragraphs for lack of sufficient information to justify a belief therein.

18.     The allegations contained in Paragraphs 2630 through 2639 state legal conclusions and/or pertain to parties other than Defendant, and therefore, do not require a response.  To the extent a response might be required, however, Defendant denies any allegations contained in said Paragraphs for lack of sufficient information to justify a belief therein.

## COUNT I- NEGLIGENCE

19.     With respect to Paragraphs 2640 through 2647 of the Complaint, Defendant hereby adopts and restates the preceding paragraphs as if fully set forth herein. Defendant denies all allegations against it, and further, denies the allegations against other parties for lack of sufficient information to justify a belief therein.

## COUNT II- NEGLIGENCE PER SE

20.     With respect to Paragraphs 2648 through 2654 of the Complaint, Defendant hereby adopts and restates the preceding paragraphs as if fully set forth herein.

10

Defendant denies all allegations against it, and further, denies the allegations against other parties for a lack of sufficient information to justify a belief therein.

## COUNT III- STRICT LIABILITY

21.     With respect to Paragraphs 2655 through 2672 of the Complaint, Defendant hereby adopts and restates the preceding paragraphs as if fully set forth herein. Defendant denies all allegations against it, and further, denies the allegations against other parties for a lack of sufficient information to justify a belief therein.

## COUNT IV- BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES

22.     With respect to Paragraphs 2673 through 2680 of the Complaint, Defendant hereby adopts and restates the preceding paragraphs as if fully set forth herein. Defendant denies all allegations against it, and further, denies the allegations against other parties for a lack of sufficient information to justify a belief therein.

## COUNT V- BREACH OF IMPLIED WARRANT OF FITNESS AND MERCHANTIABILITY PURSUANT TO FLORIDA STATUTE SECTION 718.203

23.     With respect to Paragraphs 2681 through 2692 of the Complaint, Defendant hereby adopts and restates the preceding paragraphs as if fully set forth herein. The allegations are directed at builders of Florida condominiums and require no response from Defendant.  To the extent a response is required, however, all allegations contained therein against Defendant are denied.  Defendant denies the allegations against other parties for lack of sufficient information to justify a belief therein.

## COUNT VI- BREACH OF IMPLIED WARRANTY OF HABITABILITY

24.     With respect to Paragraphs 2693 through 2699 of the Complaint, Defendant hereby adopts and restates the preceding paragraphs as if fully set forth herein. Defendant denies all allegations against it, and further, denies the allegations against

other parties for a lack of sufficient information to justify a belief therein.

## COUNT VII- BREACH OF CONTRACT

25.    With respect to Paragraphs 2700 through 2703 of the Complaint, Defendant hereby adopts and restates the preceding paragraphs as if fully set forth herein. Defendant denies all allegations against it, and further, denies the allegations against other parties for a lack of sufficient information to justify a belief therein.

## COUNT VIII- VIOLATION OF THE
## LOUISIANANEW HOME WARRANTY ACT

26.    With respect to Paragraphs 2704 through 2710 of the Complaint, Defendant hereby adopts and restates the preceding paragraphs as if fully set forth herein. Defendant denies all allegations against it, and further, denies the allegations against other parties for a lack of sufficient information to justify a belief therein.

## COUNT IX- REDHIBITION

27.    With respect to Paragraphs 2711 through 2720 of the Complaint, Defendant hereby adopts and restates the preceding paragraphs as if fully set forth herein. Defendant denies all allegations against it, and further, denies the allegations against other parties for a lack of sufficient information to justify a belief therein.

## COUNT X- LOUISIANA PRODUCTS LIABILITY ACT

28.    With respect to Paragraphs 2721 through 2734 of the Complaint, Defendant hereby adopts and restates the preceding paragraphs as if fully set forth herein. Defendant denies all allegations against it, and further, denies the allegations against other parties for a lack of sufficient information to justify a belief therein.

## COUNT XI- PRIVATE NUISANCE

29.    With respect to Paragraphs 2735 through 2741 of the Complaint,

Defendant hereby adopts and restates the preceding paragraphs as if fully set forth herein. Defendant denies all allegations against it, and further, denies the allegations against other parties for a lack of sufficient information to justify a belief therein.

### COUNT XII- NEGLIGENCE DISCHARGE OF A CORROSIVE SUBSTANCE

**30.** With respect to Paragraphs 2742 through 2748 of the Complaint, Defendant hereby adopts and restates the preceding paragraphs as if fully set forth herein. Defendant denies all allegations against it, and further, denies the allegations against other parties for a lack of sufficient information to justify a belief therein.

### COUNT XIII-UNJUST ENRICHMENT

**31.** With respect to Paragraphs 2749 through 2752 of the Complaint, Defendant hereby adopts and restates the preceding paragraphs as if fully set forth herein. Defendant denies all allegations against it, and further, denies the allegations against other parties for a lack of sufficient information to justify a belief therein.

### COUNT XIV- VIOLATION OF CONSUMER PROTECTION ACTS

**32.** With respect to Paragraphs 2753 through 2757 of the Complaint, Defendant hereby adopts and restates the preceding paragraphs as if fully set forth herein. Defendant denies all allegations against it, and further, denies the allegations against other parties for a lack of sufficient information to justify a belief therein.

### COUNT XV-EQUITABLE AND INJUNCTIVE
### RELIEF AND MEDICAL MONITORING

**33.** With respect to Paragraphs 2758 through 2770 of the Complaint, Defendant hereby adopts and restates the preceding paragraphs as if fully set forth herein. Defendant denies all allegations against it, and further, denies the allegations against other parties for a lack of sufficient information to justify a belief therein.

## DEMAND FOR JURY TRIAL

**34.**    To the extent the Demand for Jury Trial Paragraph contains allegations that pertain to and/or are directed to Defendant, said allegations are denied.

## PRAYER FOR RELIEF

**35.**    Plaintiffs' Prayer for Relief does not require a response.  To the extent that a response might be required, however, Defendant denies any allegations contained therein.

**WHEREFORE** Defendant, Southern Star Construction Company, Inc., respectfully requests that this, its Answer and Affirmative Defenses, be deemed good and sufficient and that, after due proceedings had, there be judgment in favor of Defendant, dismissing all of the Plaintiffs' claims, with prejudice, and at Plaintiffs' sole costs, and in granting such other and further equitable relief as the Court shall deem to be just and proper.

Respectfully Submitted:

MUSGRAVE, McLACHLAN & PENN, L.L.C.

BY:    /s/ *Amanda H. Aucoin*

Ethan N. Penn, Bar No. 24596
Amanda H. Aucoin, Bar No. 31197
1515 Poydras St., Suite 2380
New Orleans, LA 70112
Telephone: (504) 799-4300
Facsimile: (504) 799-4301
*Co-Counsel for Defendant, Southern Star Construction Company, Inc.*

**LOEB & LOEB, LLC**

By:    /s/ *Scott Loeb*

J. Scott Loeb (#25771)
Jonas P. Baker (#25563)
225 St. Ann Drive

Mandeville, Louisiana 70471
Telephone: (985) 674-4446
Facsimile:  (985) 674-4450
*Co-Counsel for Defendant, Southern Star*
*Construction Company, Inc.*

## CERTIFICATE OF SERVICE

I, hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 16th day of April 2010.

/s/ *J. Scott Loeb*
J. Scott Loeb