IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE:  CHINESE MANUFACTURED
DRYWALL PRODUCTS LIABILITY                : MDL No. 2047
LITIGATION                                : Section L
_____/

This Document Relates to:                 : JUDGE FALLON
Payton, 09-7628                           : MAG. JUDGE WILKINSON

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS LA SUPREMA ENTERPRISE, INC. AND LA SUPREMA TRADING, INC.'S MOTION TO DISMISS DEFENDANTS, BANNER SUPPLY CO., BANNER SUPPLY COMPANY POMPANO, LLC, BANNER SUPPLY COMPANY FORT MYERS, LLC, BANNER SUPPLY COMPANY TAMPA, LLC, BANNER SUPPLY INTERNATIONAL, LLC AND BANNER SUPPLY CO. PORT SAINT LUCIE, LLC'S CROSSCLAIMS**

Defendants, LA SUPREMA ENTERPRISE, INC. and LA SUPREMA TRADING, INC. (collectively, "La Suprema"), by and through undersigned counsel, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), hereby submit their Memorandum of Law in Support of their Motion to Dismiss Counts IV and V of Defendants, BANNER SUPPLY CO., BANNER SUPPLY COMPANY POMPANO, LLC, BANNER SUPPLY COMPANY FORT MYERS, LLC, BANNER SUPPLY COMPANY TAMPA, LLC, BANNER SUPPLY INTERNATIONAL, LLC AND BANNER SUPPLY CO. PORT SAINT LUCIE, LLC'S (collectively, "Banner") Crossclaim ("Crossclaim"), and further state:

    I.    <u>La Suprema lacks the contacts with Louisiana necessary for the Court to exercise personal jurisdiction.</u>

On March 26, 2010, La Suprema filed its Motion to Dismiss Plaintiffs' Omnibus Class Action Complaint (D.E. 2115) with a Supporting Memorandum of Law ("Memorandum") and Affidavit ("Affidavit"). La Suprema hereby adopts, reasserts and incorporates by reference herein section I (as to personal jurisdiction) of its Memorandum as well as the Affidavit filed in support thereof, in opposition to Counts IV and V of Banner's Crossclaim.

    II.    <u>Counts IV and V of Banner's Crossclaim are substantively deficient under Florida law.</u>

La Suprema furthermore adopts, reasserts and incorporates by reference herein that portion of section II of its Memorandum pertaining to the applicability of substantive Florida law. As will be discussed below, Banner has failed to state a claim for common law indemnity.

The Supreme Court of Florida set forth the elements for an indemnity claim in <u>Houdaille Industries, Inc. v. Edwards</u>, 374 So.2d 490, 492-93 (Fla.1979):

> "Indemnity is a right which inures to one who discharges a duty owed by him, but which, as between himself and another, should have been discharged by the other and is allowable only where the whole fault is in the one against whom indemnity is sought. … *It shifts the entire loss from one who, although without active negligence or fault, has been obligated to pay, because of some vicarious, constructive, derivative, or technical liability, to another who should bear the costs because it was the latter's wrongdoing for which the former is held liable.* … Indemnity rests upon the fault of another which has been imputed to or constructively fastened upon the one seeking indemnity, and there can be no indemnity between joint tortfeasors. … *A weighing of the relative fault of tortfeasors has no place in the concept of indemnity for the one seeking*

>   *indemnity must be without fault*." (emphasis added) (citations omitted)

Accordingly, two essential elements are necessary to sustain a claim for indemnification: the indemnitee must be wholly without fault; and the indemnitee's liability must be solely vicarious for the wrongdoing of another. *See* Zeiger Crane Rentals, Inc. v. Double A Industries, Inc., 16 So.3d 907, 911 (Fla. 4th DCA 2009).

In the case at bar, Banner is alleged to be a "distributor or supplier" and La Suprema is alleged to be an "importer, exporter or broker" of allegedly defective drywall installed in Plaintiffs' homes. *See, e.g.,* ¶¶ 2085 - 2090, and 2126-2127 of Plaintiffs' Omnibus Class Action Complaint. Thus, Banner and La Suprema are each alleged to occupy different links along the same chain of distribution. Consequently, any liability assigned to Banner (and for which Banner seeks indemnification from La Suprema) is equally attributable to La Suprema because Banner and La Suprema are alleged by Plaintiff to occupy positions along the chain of distribution of the allegedly defective drywall which are downstream from the manufacturer.

Just as Banner alleges it, "… is wholly without fault for Plaintiff's damages as alleged herein because they had no involvement in manufacturing the allegedly defective drywall …" (Banner Crossclaim ¶¶27, 32 [D.E. 2117]; ¶¶28, 35 [D.E. 2105]), La Suprema is equally without fault since it neither manufactured nor is alleged by Banner or Plaintiffs to have manufactured the drywall at issue. Therefore, Banner's indemnification claims against La Suprema are legally deficient because, as entities each alleged to occupy positions along the distributive chain of a defective product downstream from the manufacturer, both Banner's and La Suprema's prospective

liability is merely vicarious. *See, e.g.,* Costco Wholesale Corp. v. Tampa Wholesale Liquor Co., Inc., 573 So.2d 347 (Fla. 2d DCA 1990).

The facts of Costco Wholesale Corp. are directly analogous to those of the instant case. Therein, Florida's Second District Court of Appeal was faced with a claim for indemnification brought by the retailer of a defective product (Costco) against the intermediate sellers of the product. Referencing the Florida Supreme Court's holding in Houdaille, the Second District noted:

> "Under the holding of *Houdaille*, Costco could recover in common law indemnity against Tampa Wholesale and Tyfield only if Costco was without actual fault and Tampa Wholesale and Tyfield were parties in the chain of distribution to Costco who were possessed of actual fault in regard to the defect in the product. *Since Costco, Tampa Wholesale and Tyfield were all without actual fault in regard to the defective product, common law indemnity will not lie between them. If they were all guilty of some degree of actual fault, common law indemnity would not lie as there can be no common law indemnity among joint tortfeasors.*" Costco Wholesale Corp., 573 So.2d at 348 (emphasis added)

Thus, to the extent La Suprema's liability to Plaintiffs is merely vicarious as an entity along the distributive chain of the drywall, such liability cannot sustain Banner's indemnification claims because La Suprema lacks actual culpability. *Id.* Similarly, to the extent La Suprema's liability to Plaintiffs is based upon actual fault due to allegedly importing, exporting or brokering the drywall at issue to Banner, Banner will likewise possess some degree of actual fault for ultimately selling the drywall to Plaintiffs. Common law indemnification is unavailable under either scenario due to both indemnitor and indemnitee possessing mere vicarious liability, or, alternatively, actual culpability. *Id.*

Respectfully submitted this 16th day of April, 2010.

    ROSENTHAL ROSENTHAL RASCO KAPLAN, LLC
One Aventura, Suite 600
20900 NE 30th Avenue
Aventura, Florida 33180
Tel:    305-937-0300
Fax:    305-937-1311

By:_____
    EDUARDO I. RASCO, ESQ.
    FLORIDA BAR NO. 646326
    STEVE BIMSTON, ESQ.
    FLORIDA BAR NO. 179205

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 16th day of April, 2010.

    ROSENTHAL ROSENTHAL RASCO KAPLAN, LLC
One Aventura, Suite 600
20900 NE 30th Avenue
Aventura, Florida 33180
Tel:    305-937-0300
Fax:    305-937-1311

By:_____
    EDUARDO I. RASCO, ESQ.
    FLORIDA BAR NO. 646326
    STEVE BIMSTON, ESQ.
    FLORIDA BAR NO. 179205