UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED DRYWALL ) MDL No. 2047
PRODUCTS LIABILITY LITIGATION )
) SECTION: L
)
) JUDGE FALLON
) MAG. JUDGE WILKINSON
)

**THIS DOCUMENT RELATES TO:**

PAYTON    NO. 09-07628

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)

Defendant, Duo-Fast Construction, Inc., (hereinafter "Duo-Fast") submits this memorandum in support of its Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue.

### I.    INTRODUCTION:

Defendant submits that this court lacks personal jurisdiction over it as a corporation formed and domiciled in the State of Florida. Duo-Fast's principle place of business is in Florida. The plaintiffs alleges that Duo-Fast was a builder/developer of plaintiffs's property and installed defective Chinese drywall. On October 7, 2009, the plaintiffs, George and Karen Burgess, filed this Class Action Complaint, and its principle place of business is in Dade County, Florida and it is organized under Florida law. Duo-Fast does not maintain

1

sufficient minimum contacts with the State of Louisiana for this court to exercise jurisdiction. Therefore, the Complaint should be dismissed as to Duo-Fast.

## II.   LAW AND ARGUMENT:

The party which is the proponent of jurisdiction has the burden of proving that jurisdiction when a defendant calls the jurisdiction into question in a timely manner. See **Bell v. Hershey Co.,** 557 F. 3d 953 (8th Cir. 2009); **Travelers Indemnity Co. v. Calvert Fire Insurance Co.,** 798 F. 2d 826 (5th Cir. 1986).

"In diversity actions . . . the law of the forum state, subject to the constitutional limits imposed by the Due Process Clause, controls the ability of a district court to exercise personal jurisdiction over non-resident defendants." **Harper Macleod Solicitors v. Keaty and Keaty,** 260 F. 3d 389, 396 (5th Cir. 2001)(citing **South Mark Corp v. Life Investors, Inc.,** 851 F. 2d 763, 722 n. 15 (5th Cir. 1988); **Stuart v. Spademan,** 722 F. 2d 1158 (5th Cir. 1985). In this case, the plaintiffs cannot meet his burden of proving jurisdiction.

Duo-Fast is not a resident of Louisiana. A federal court may not assume personal jurisdiction over a non-resident defendant unless it has meaningful "contacts, ties, or relations" with the forum state. **Luv N' Care, LTD, v. Insta-Mix, Inc.,** 438 F. 3d 465, 469 (5th Cir. 2006).

There are two (2) possible types of jurisdiction in this case - "specific" and "general". Jurisdiction is "specific" when a cause of action arises out of the defendant's purposeful contacts with the forum state. See **Worldwide Volkswagon Corp v. Woodson,** 444 U.S. 286, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980). "General" jurisdiction over a defendant

requires that the defendant have engaged in "continuous and systematic contacts" in the forum state to meet the Due Process requirements of the United States Constitution. See **Helicopteros Nacionales De Colombia, Eps. A. v. Hall,** 466 U.S. 408, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984). "General" jurisdiction requires a high level of contact with the forum state to find jurisdiction over a defendant. In this case, Duo-Fast is not subject to either the general or specific jurisdiction of this court.

### III.   "SPECIFIC" JURISDICTION:

A federal court sitting in diversity applies a two (2) step test to determine whether or not it has personal jurisdiction over a particular defendant:

(1)   Is the defendant amenable to service under the forum state's long arm statute, and

(2)   Does the assertion of jurisdiction comport with Due Process under federal law?

**Standard Fittings Co. v. Sapag,** 625 F. 2d 630 (5 Cir. 1980).

The Fourteenth Amendment's Due Process Clause protects a defendant's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts. ***International Shoe Co. v. Washington,*** 326 U.S. 310, 66 S. Ct. 154, 90 L.Ed. 95 (1945).

The Louisiana Long Arm Statute provides for jurisdiction over a non-resident defendant on any basis "consistent with the Constitution of this state and of the Constitution of the United States." La. R.S. 13:3201. The Louisiana Supreme Court has

stated that the Long Arm Statute insures that Louisiana courts have jurisdiction to the full extent permitted by the Due Process Clause of the Fourteenth Amendment of the United State Constitution. ***Superior Supply Co. v. Associated Pipe and Supply Co.,*** 515 So.2d 790 (La. 1987).

In order to determine whether or not Duo-Fast has purposeful contacts with Louisiana so that the court can exercise jurisdiction over it without violating the Due Process Clause, the court must determine that Duo-Fast has "certain minimum contacts with [Louisiana] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." See ***International Shoe,*** 326 U.S. at 316. See also ***Dalton v. R & M Reen, Inc.,*** 897 F. 2d 1359 (5th Cir. 1990).

In this case, Duo-Fast has no contacts with the State of Louisiana and has not purposely availed itself to the privilege of conducting business in Louisiana "thus invoking the benefits and protections of its laws." ***Luv N' Care, LTD,*** 438 F. 3d at 469-570.

Duo-Fast has not conducted any activity which could cause it to "reasonably anticipate being hailed into court" in the State of Louisiana. *Id.*

The Affidavit of Raul Ramos is attached hereto as Exhibit "A" in support of this motion. As shown in that Affidavit, Duo-Fast has conducted no business in the State of Louisiana, has not sold any products in the State of Louisiana, has not maintained any office in the State of Louisiana, has not solicited any business in the State of Louisiana, is not licensed or authorized to do business in the State of Louisiana.

The construction at issue was done in Florida. All activities were done in Florida.

4

The plaintiffs, George and Karen Burgess, are residents of Florida. All witnesses and exhibits are located in the State of Florida. Any damage which was done was in the State of Florida. It would be burdensome and expensive for the defendant to litigate this matter in Louisiana. There is no Louisiana resident which the state has an interest in protecting with a claim against Duo-Fast. Finally, the plaintiffs herein can secure relief in the proper forum in Florida. Duo-Fast did not maintain minimum contacts with Louisiana to subject itself to the jurisdiction of the Louisiana courts under the Louisiana Long Arm Statute.

## IV.     GENERAL JURISDICTION:

As previously set forth herein, the alternative to "specific" jurisdiction is "general" jurisdiction over a foreign defendant who has not had purposeful contacts with the forum state. In order to qualify for "general" jurisdiction the Due Process Clause requires that a defendant have engaged in the higher standard of "continuous and systematic contacts' with Louisiana to support jurisdiction over that defendant. ***Asarco, Inc. v. Glenara LTD,*** 912 F. 2d 784 (5th Cir. 1990).

"The continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between defendant and forum." ***Olagues v. Kousharian,*** 557 F. Sup. 2d 731, 738 (E.D. La. 5/27/08). As shown by the attached Affidavit, Duo-Fast has no contacts with the State of Louisiana and specifically has no "continuous and systematic" contacts. It does not do business in Louisiana, does not maintain offices in Louisiana, does not solicit business in Louisiana, and has never transacted any business in Louisiana in the past.

**V.     THE CLASS ACTION PROCEEDINGS AND MULTI DISTRICT LITIGATION:**

The fact that this is a Class Action proceeding which names Duo-Fast as a defendant does not relieve the plaintiffs of proving jurisdiction over Duo-Fast. The party seeking to assert the jurisdiction of the court has the burden of proving that jurisdiction in a Class Action lawsuit. See ***Bell v. The Hershey Co.,*** 557 F. 3d 953 (8 Cir. 2009); ***Amoche v. Guarantee Trust Life Insurance Co.,*** 556 F. 3d 41 (1 Cir. 2009); ***Strawn v. AT&T Mobility LLC,*** 530 F. 3d 293 (4th Cir. 2008).

The court was faced with a jurisdictional question in a class action in ***In Re: Train Derailment near Amite, LA, on October 12, 2002;*** 2004 WL 224 573 (E.D. La. 2/3/04). In that case, one (1) of the defendants asserted that Louisiana lacked jurisdiction. The plaintiffs opposed this Motion to Dismiss on the grounds that the matter was a Class Action. In that case, the court concluded "Finally, this court is unpersuaded that the certification of a class in this case has any bearing on [the] Motion to Dismiss for Lack of Personal Jurisdiction. The personal jurisdiction determination depends solely on [the defendants'] conduct in and contacts with the forum state." *Id.* at page 3. As demonstrated, Duo-Fast has no contacts with Louisiana and does not conduct any business in Louisiana.

**VI.    VENUE IS IMPROPER IN THE EASTERN DISTRICT OF LOUISIANA UNDER 28 U.S.C.§ 1391:**

The plaintiffs allege that venue is proper in this case under 28 U.S.C. §1391(b)(1)-(2) and (c). However, 28 U.S.C. §1391(a) provides:

> A civil action wherein jurisdiction is founded only on a diversity

6

> of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, *if all defendants reside in the same state* (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Since Duo-Fast does not reside in the Eastern District of Louisiana, none of the events occurred in the Eastern District of Louisiana, and the Eastern District of Louisiana does not have personal jurisdiction over Duo-Fast, venue is not proper under §1391(a).

The same is true for §1391(b). This section provides for venue in a judicial district where "any defendant may be found, if there is no district in which the action may otherwise be brought." This action may otherwise be brought in Florida.

Alternatively, under 28 U.S.C. §1404, the Eastern District of Louisiana is not a proper forum for the claims against Duo-Fast. §1404 provides in pertinent part:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

As previously stated, all of the witnesses in this case are in Florida. Any damages which occurred are in Florida. The parties are located in Florida, and any exhibits, including the residence at issue, are located in Florida. It would be expensive and time consuming for the parties to litigate this case in Louisiana.

The plaintiffs also allege a basis for venue the Multi District Litigation Statute and transfer order of the Multi District Litigation Panel of June 15, 2009. However, by filing this

matter in the Eastern District of Louisiana, the plaintiffs skipped part of the process for Multi District Litigation. An action must be filed in its correct jurisdiction and venue. If it then fits under the Multi District Litigation Statute, Transfer Order, and jurisprudence, it can be transferred to another judicial district in which Multi District Litigation is pending for pretrial proceedings. A plaintiff is not allowed to skip the jurisdiction and venue requirements of the law because of the Multi District Litigation statute. The statute requires that an action be transferred back to the proper district after pretrial proceedings. In this case, there is no district for the court to transfer the matter back to since it is originally filed in the Eastern District of Louisiana.

## VII.   CONCLUSION:

The plaintiffs in this case have filed a Class Action on October 7, 2009, naming Duo-Fast as a defendant builder/developer. Duo-Fast, however, does not have minimum contacts with the State of Louisiana sufficient to subject it to the jurisdiction of this court and the plaintiffs cannot prove that the court has jurisdiction over Duo-Fast. Accordingly, Duo-Fast moves that this court dismiss the claims of the plaintiffs, George and Karen Burgess, pursuant to the Federal Rule of Civil Procedure 12(b) on the grounds that this court does not have jurisdiction over Duo-Fast. Alternatively, this is an improper venue for the claims being made by the plaintiffs, George and Karen Burgess, against Duo-Fast. The court should transfer this matter to the United States District Court in Florida.

Respectfully submitted,

**GAUDRY, RANSON, HIGGINS AND GREMILLION, LLC**

_____
**THOMAS L. GAUDRY, JR. T.A. (#5980)**
**WADE A. LANGLOIS, III (#17681)**
**GAUDRY, RANSON, HIGGINS & GREMILLION, LLC**
Oakwood Corporate Center
401 Whitney Avenue, Suite 500
Gretna, Louisiana 70056
Telephone: (504) 362-2466   Fax: (504) 362-5938
Emails: tgaudry@grhg.net and wlanglois@grhg.net
Counsel for Duo-Fast Construction, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **Memo in Support of Motion to Dismiss** has been served on Plaintiffs' Liaison Counsel, Russ Herman and Leonard Davis, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and/or e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this __16th__ day of April, 2010.

_____
Wade A. Langlois, III, LSBA #17681

G:\2918\0054\Pleadings\Motion to Dismiss\Mt to Dismiss Memo in Supp.wpd