IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) MDL No.2047 )  ) ) SECTION "L" ) |
| *This Document Relates to:* | ) CIVIL ACTION NO.: 2:10-CV-00178 ) |
| CENTERLINE HOMES CONSTRUCTION, INC., COMPLETED COMMUNITIES II, LLC, CENTERLINE HOMES AT GEORGETOWN, LLC, CENTERLINE HOMES, INC., | ) ) ) JUDGE ELDON FALLON ) |
| Versus, | ) MAGISTRATE JOSEPH WILKINSON, JR. ) ) |
| MID-CONTINENT CASUALTY COMPANY, ET AL., | ) ) ) |

## MEMORANDUM IN SUPPORT OF AMERISURE INSURANCE COMPANY'S MOTION TO DISMISS COMPLAINT FOR FAILURE TO JOIN A REQUIRED PARTY

Defendant, Amerisure Insurance Company (herein "Amerisure"), by and through its attorneys of record, hereby move this Court to dismiss the Complaint of Centerline Homes Construction, Inc., Completed Communities II, LLC, Centerline Homes at Georgetown, LLC, Centerline Homes, Inc., (herein collectively referred to as "Plaintiffs" or "Centerline"), for failure to include a required party pursuant to Fed. R. Civ. P. 12(b)(7) and 19. In support thereof, Amerisure states as follows.

### INTRODUCTION

Plaintiffs' Complaint, in part, seeks declaratory and other relief against Defendant Amerisure predicated on Centerline's supposed status as an "additional insured" under a primary liability policy issued by Amerisure to United Framers, Inc. (herein "United Framers" or

1

"named insured"). In particular, Plaintiffs seek a declaration that Amerisure, and other alleged "Subcontractor Insurance Companies," are "obligated to defend and indemnify the Centerline entities [sic] connection with the Underlying Claims." (See Complaint ¶ 28, and pg. 6). In seeking such broad relief, Plaintiffs have conspicuously failed to include the named insured under the Amerisure policy in this proceeding – the entity who negotiated, procured and paid for the policy and who itself has informed Amerisure of other, unrelated claims. Insofar as the pending dispute relates, in part, to the interpretation of an Amerisure insurance contract, this Court cannot accord complete relief in the absence of the policy's named insured who, undeniably, has an interest in: the Court's interpretation of the parties' rights, interests and obligations under the policy; the disposition of the lawsuit; and, perhaps most importantly, what, if any, policy limits will be available to the named insured. Put bluntly, any rulings by this Court as to available coverage under the policy will affect the nature and extent of available coverage to the named insured under the policy, particularly insofar as Plaintiffs seek to have the Amerisure policy limits used in extinguishing **only Centerline's current and future liabilities**. By any objective measure, the named insured is a party required to be included in the pending lawsuit pursuant to Fed. R. Civ. P. 19 (herein also "Rule 19"), but cannot for want of diversity with the Plaintiffs. Equity and good conscience do not favor allowing this matter to proceed in United Framers' absence, but rather favor dismissing this matter for nonjoinder of a required party. Thus, this matter should be dismissed pursuant to Fed. R. Civ. P. 12(b)(7).

## BACKGROUND

On January 26, 2010, Centerline filed an action seeking a declaration that Amerisure is obligated to defend and indemnify Centerline for any losses arising from claims asserted against

2

Centerline in relation to houses constructed by Centerline, which allegedly contained defective Chinese Drywall. (*See* **Exhibit A**, Centerline Complaint ¶¶ 9-13, 28). The Complaint alleges that Centerline received complaints of alleged property damage and/or bodily injury arising from the drywall in homes that Centerline sold in Florida. (*See* Exhibit A, ¶¶ 9, 11). The Complaint also alleges that Amerisure issued a commercial general liability policy to United Framers, who was acting as a subcontractor for Centerline, and who allegedly supplied and/or installed Chinese Drywall in the underlying claimants' homes. (*See* Exhibit A, ¶ 14-19). Centerline alleges that it is an additional insured under the Amerisure insurance policy issued to United Framers. (*See* Exhibit A, ¶ 19).

Plaintiffs are citizens of the state of Florida. (*See* Exhibit A, ¶¶ 1 & 2). United Framers is a Florida Corporation with its principal place of business in Coral Springs, Florida. (*See* **Exhibit B**, United Framers' Articles of Incorporation and **Exhibit C**, United Framers' 2010 For Profit Corporation Annual Report). Plaintiffs' Complaint does not seek any relief arising out of homes constructed in the State of Louisiana. (*See* Exhibit A, ¶¶ 9 & 11). On information and belief, United Framers does not conduct any business in the State of Louisiana.

## ARGUMENT

### I. UNITED FRAMERS IS A REQUIRED[1] PARTY, AND COMPLETE RELIEF CANNOT BE ACCORDED IN ITS ABSENCE

Fed. R. Civ. P. 19(a)(1) provides that a party is "required to be joined if feasible" if that party is "subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction" if "in that person's absence, the court cannot accord complete relief among

---

[1] Although Fed. R. Civ. P. 19 no longer uses the terms "necessary" and "indispensable" to describe parties that should or must be joined to the litigation, courts still use these terms as shorthand in their analysis. *See Picciotto v. Cont'l Cas. Co.*, 512 F.3d 9, 16 n. 10 (1st Cir. 2008).

3

existing parties . . . ." Here, the Complaint seeks to obtain a defense and immediate indemnification under the identified Amerisure policy to address Centerline's current and potential claims[2] – relief, which if awarded, will likely exhaust or substantially impair the available coverage under the Amerisure policy for not only Centerline, but also United Framers whose rights, interests and protections under the policy will incontrovertibly be affected, and likely impaired or extinguished.

Courts are encouraged to address Rule 19 in a pragmatic fashion, and should freely consider various harms that the parties and absentees might suffer. *See Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1308-09 (5th Cir. 1986); *see also Broussard v. Columbia Gulf Transmission Co.*, 398 F. 2d 885, 888 (5th Cir. 1968) (citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 119 (1968)). A liability insurance policy is a contract of insurance that is entered between the insurance company and the named insured,[3] and "[f]ederal courts consistently hold that a party to an agreement in dispute is an indispensable [and thus a required] party under F. Rule Civ. P. 19(a) in a suit seeking to . . . interpret that agreement." *Siemens Building Tech., Inc. v. Jefferson Parish*, No. 03-2272, 2004 U.S. Dist. Lexis 16153, at *15 (E. D. La. Aug. 12, 2004) (*See* **Exhibit D**) (citing *Niagra Mohawk Power v. Tonawanda Band*, 862 F. Supp. 995 (W.D. N.Y. 1994), *aff'd* 94 F.3d 747 (2nd Cir. 1996) ("[A]ll persons who are parties to the contract may be affected by the determination of [an] action and are indispensable parties for the purposes of Rule 19.")); *see also Dore Energy Corp. v. Prospective Inv. & Trading Co.*, No. 2:05 CV 1657, 2008 U.S. Dist. LEXIS 1020, at *5 (W.D. La. Jan. 2, 2008 ) (*See* **Exhibit E**),

---

[2] Alleged claims which Centerline notably fails to identify in its Complaint, let alone provide that requisite degree of detail needed to substantiate Centerline's claim as an additional insured under the Amerisure policy or any entitlement to coverage under the policy.

[3] *See generally Ingalls Shipbuilding v. Fed. Ins. Co*, 410 F.3d 214, 221 (5th Cir. 2005).

4

*rev'd on other grounds*, 570 F.3d 219, 230-32 (5th Cir. 2009); *see also National Union Fire Ins. Co. v. Rite-Aid of South Carolina, Inc.*, 210 F.3d 246, 251 (4th Cir. 2000) (holding that the named insured was a necessary and indispensable party to a lawsuit seeking to adjudicate rights and obligations under a liability policy, and allowing such a lawsuit to proceed without named insured would "impair or impede" the ability of the named insured to protect its interests under the policy); *see also Harris Trust & Saving Bank v. Energy Assets Int'l.*, 124 F.R.D. 115, 117 (E.D. La. 1989).[4] As indicated, Fifth Circuit and other persuasive jurisprudence clearly support including **all** parties to a contract when adjudicating rights and obligations thereon.

In the instant matter, United Framers is so situated (as the named insured and as the contracting party under the policy) that any ruling on its policy and in its absence as to the availability of coverage would likely impair or impede its contractual rights, interest and protections under the policy. If Plaintiffs are ultimately successful, the named insured stands to lose most, if not all, of its rights under its own policy, which will likely have direct bearing on and may substantially affect the named insured's attempt to obtain coverage under this policy for perhaps similar and/or future losses. *See Siemens*, 2004 U.S. Dist. Lexis 16153, at *15 (holding that an absentee's ability to protect its interests under a contract may be impaired or impeded when not included in the litigation) (Exhibit D). Here, insofar as this Court is now being asked to award policy benefits to a putative additional insured in the absence of the policy's named insured, the named insured's "presence is critical to the disposition of the important

---

[4] *See also Ragan Henry Broad. Group, Inc. v. Hughes*, No. 91-CV-6157, 1992 U.S. Dist. LEXIS 9718, at *4 (E.D. Pa. June 18, 1992) (*See* **Exhibit F**) (recognizing that "[g]enerally, where rights sued upon arise from a contract, all parties thereto must be joined."); *Burger King Corp. v. American Nat'l Bank & Trust Co.*, 119 F.R.D. 672, 675 (N.D. Ill. 1988) (holding that a party to a contract qualifies under Rule 19 as a necessary and indispensable party); *Lomayaktewa v. Hathaway*, 520 F.2d 1324, 1325 (9th Cir. 1975) (holding same); *Moore v. Ashland Oil*, 901 F.2d 1445 (7th Cir. 1990) (holding same).

issues in the litigation." *Haas v. Jefferson Nat'l Bank*, 442 F.2d 394, 398 (5th Cir. 1971); *Alonzo v. State of Louisiana*, No. 02-2792, 2002 U.S. Dist. Lexis 22700, at *5 (E. D. La. Nov. 21, 2002) (*See* **Exhibit G**) (holding that in a declaratory judgment action to determine available coverage, the named insured "is clearly an indispensable party to any proceeding which seeks a determination of coverage issues and rights and responsibilities under a contract to which the [named insured] is a party"); *see also Acton v. Bachman Foods, Inc.*, 668 F.2d 76, 78-81 (1st Cir. 1982) (holding that the party who negotiated the contract was an indispensable party in lawsuit aimed at determining rights and obligations under the contract). As such, United Framers is a required party to this action, and in its absence this matter should not be permitted to proceed.

## II. THIS MATTER SHOULD NOT PROCEED WITHOUT AMERISURE'S NAMED INSURED, UNITED FRAMERS.

As discussed above, United Framers' presence is required in this action as it is a named insured and contracting party to an insurance contract under which Centerline seeks benefits. However, to include United Framers in this action would deprive this Court of subject matter jurisdiction. Indeed, here, Plaintiffs are citizens of the state of Florida. (*See* Exhibit A, ¶¶ 1 & 2). Likewise, United Framers is a Florida corporation with its principal place of business in Florida. (*See* Exhibits B & C). While this may explain why Plaintiffs deliberately elected not to include the named insured in this matter, it neither relieves Plaintiffs of their obligations under Fed. R. Civ. P. 19, nor favors permitting this matter to proceed in the named insured's absence. *See e.g. Hood ex rel Mississippi v. City of Memphis*, 570 F.3d 625, 629 (5th Cir. 2009) (dismissal appropriate when necessary party's joinder will destroy subject-matter jurisdiction). Because the necessary inclusion of United Framers, an indubitably required party under Fed. R. Civ. P. 19(a), will destroy diversity jurisdiction – the very jurisdictional basis asserted by Plaintiffs (*see*

Complaint ¶ 7) – this Court must assess whether the action can proceed with the existing parties under Rule 19(b). Based on the relief sought by the Plaintiffs, this matter should not proceed in the absence of United Framers, see Fed. R. Civ. P. 19(b), and neither equity, nor good conscience warrant otherwise.

Under Rule 19(b), if a person who is required to be joined cannot be joined, "the court must determine whether, in equity and good conscience, the action should proceed against the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). In this determination, Rule 19(b) lists four non-exclusive factors for courts to consider: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the Plaintiffs will have an adequate remedy if the action is dismissed for nonjoinder. See Brown v. Pac. Life Ins. Co., 462 F.3d 384, 394 (5th Cir. 2006); Hood ex rel Mississippi, 570 F.3d at 629; Fed. R. Civ. P. 19(b). Here, insofar as the named insured is a required party under Fed. R. Civ. P. 19(a), Rule 19(b)'s factors weigh heavily in favor of dismissing the Complaint.

First, United Framers is a required/indispensible party because it possesses interests affected by the core relief sought in the Plaintiffs' Complaint. As discussed above, Centerline, a supposed additional insured, is claiming unilateral entitlement to the Amerisure policy limits without affording the named insured an opportunity to contest, or at the very least be heard, as to the disposition of such limits. See Baker v. Dale, 123 F. Supp. 364, 368 (W.D. Mo. 1954) (absent parties with joint interest triggered Rule 19 (a)). Thus, not only will a disposition in

United Framers' absence prejudice its rights under the Amerisure policy, it also may subject Amerisure, an existing party, to a substantial risk of multiple or inconsistent obligations. *See Siemens*, 2004 U.S. Dist. Lexis 16153, at *15 (holding that, absent all parties to the contract in dispute, the Parish could have been subjected to a substantial risk of incurring multiple or otherwise inconsistent judgments); *see also Rite-Aid*, 210 F.3d at 253 (recognizing that, when proceeding in lawsuit without named insured, an insurer could be "whipsawed," and thus prejudiced, by inconsistent judgments). Here, if the *status quo* is maintained, any ruling by this Court will not be binding on the named insured, which may, in the event the named insured seeks benefits under the policy, subject Amerisure to further coverage litigation and inconsistent coverage obligations. This fact, *ipso facto*, militates in favor of a global resolution including all parties to the insurance contract. *See Siemens*, 2004 U.S. Dist. Lexis 16153, at *15.

Second, proceeding without the named insured may impede or imperil its ability to receive any benefits under the policy it procured. Indeed, Plaintiffs seek to exhaust the limits of the Amerisure policy for its unilateral, discretionary use. Such "wholesale" relief cannot be "shaped" or crafted to lessen the detrimental impact on United Framers. If such relief is awarded, the Amerisure policy will likely be unavailable, or at the very least depleted, for any of the United Framers' current or future claims.[5] *See Rite-Aid*, 210 F.3d at 253.

Finally, Plaintiffs have an adequate remedy if the action were dismissed for nonjoinder. Indeed, while Plaintiffs admit the absence of any contacts to the state of Louisiana,[6] Florida state courts offer Plaintiffs a viable and appropriate venue to litigate the matters presently at

---

[5] Furthermore, if United Framers is not included in this lawsuit, it would lose a critical opportunity to argue its interpretation of its policy before this Court.

[6] *See* Complaint ¶¶ 1-6, 9 & 11.

8

issue. Resolving the entire controversy in a single court would promote "the public interest in avoiding piecemeal and inefficient litigation," and would avoid complicating and enlarging "what would otherwise be a relatively straightforward contract action . . . ." *See Acton*, 668 F.2d at 81. For the foregoing reasons, this matter should not be permitted to proceed without United Framers, and thus, should be dismissed pursuant to Fed. R. Civ. P. 12(b)(7) and 19.

WHEREFORE, Amerisure Insurance Company requests that this Court: grant its Fed. R. Civ. P. 12(b)(7) Motion to Dismiss the Complaint for failure to include a required party under Fed. R. Civ. P 19; award Amerisure its costs associated with bringing this Motion to Dismiss; and award any and all other relief that this Court deems just and proper.

Respectfully submitted,

Defendant, Amerisure Insurance Company

By: _____ /s/ Brian K. Abels _____
One of its attorneys

Brian K. Abels, #24928
Boyer, Hebert & Abels, LLC
133 Aspen Square, Suite F
Denham Springs, Louisiana 70726
Telephone: (225) 664-4335

Donald E. Elder, Illinois ARDC No. 6255889
Anthony N. Balice, Illinois ARDC No. 6271902
Abraham Sandoval, Illinois ARDC No. 6296504
Tressler LLP
22nd Floor
233 South Wacker Drive
Chicago, Illinois 60606-6308
Telephone: (312) 627-4000

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **MEMORANDUM IN SUPPORT OF AMERISURE INSURNACE COMPANY'S MOTION TO DISMISS COMPLAINT FOR FAILURE TO JOIN A REQURIED PARTY** has been served on Plaintiff's Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically loading the same to Lexis Nexis File & Serve in accordance with Pre-trial Order No. 6, and the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 19th day of April, 2010.