UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | : | 2:09-MD-02047 |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | SECTION: L |
| This Relates to Case: 2:09-cv-7626 | : | |
| Payton, et al v. Knauf Gips KG, et al | : | JUDGE FALLON |
| | : | |
| | : | MAG. JUDGE WILKINSON |

# MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

NOW INTO COURT, through undersigned counsel, comes HOME TOWN LUMBER & SUPPLY, INC. ("Home Town"), who, pursuant to Rule 12(B)(6) of the Federal Rules of Civil Procedure, moves this court to dismiss the Complaint filed by the Fairley plaintiffs in *Payton, et al. V. Knauf Gips KG, et al.*, Docket No. 2:09-cv-7626, for the reasons set forth in the accompanying Memorandum.

As grounds for its Motion, defendant states as follows:

1.

This action is based upon damages caused by allegedly defective drywall containing high levels of sulphur and emitting hazardous gases. Plaintiffs assert massive class action

claims against the drywall manufacturer and various suppliers, builders and distributors.

2.

The parties involved in this particular subclass of the class action have closer contacts to Mississippi than to Louisiana: (1) the Fairleys, plaintiffs, are Mississippi residents; (2) the allegedly damaged property is located in Mississippi; and (3) Home Town, defendant supplier, is organized in Mississippi.

3.

Louisiana's conflicts of law provisions indicate that Mississippi law should apply to assess the liability of Home Town as asserted by the Fairleys.

4.

The "innocent seller" immunity doctrine found in Mississippi's product liability statute, Miss. Code. Ann. §11-1-63 provides broad protection from products liability for non-manufacturer defendants who simply serve as a conduit for distribution of the product.

5.

As a supplier, Home Town is immune under Mississippi law as an "innocent seller," and thus, plaintiffs do not have a viable cause of action against defendant.

6.

Mississippi Federal Courts specifically extend the "innocent seller" immunity to protect these sellers from negligence and breach of warranty claims. *See, e.g., Land v. Agco Corp.,* 2008 WL 4056224 (N.D.Miss.2008); and *Willis v. Kia Motors Corp.,* 2007 WL

1860769 (N.D.Miss.2007).

7.

Any remaining claims are invalid because they are unavailable under Mississippi law, improperly asserted via class action, or merely a measure of damages.

8.

As such, all claims against Home Town should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to adequately state a claim upon which relief may be granted.

WHEREFORE, Home Town Lumber & Supply, Inc. respectfully prays that its motion to dismiss be granted and that it be dismissed from this suit with prejudice.

Respectfully submitted,

By: ____s/ John P. Wolff, III_____
JOHN P. WOLFF, III, Bar No. 14504
NANCY B. GILBERT, Bar No. 23095
CHRISTOPHER K. JONES, Bar 28101
**KEOGH, COX & WILSON, LTD.**
701 Main Street (70802)
Post Office Box 1151
Baton Rouge, Louisiana 70821
Telephone: (225) 383-3796
Email: jwolff@kcwlaw.com;
ngilbert@kcwlaw.com; cjones@kcwlaw.com;

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of April, 2010, a copy of the foregoing Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

    s/ John P. Wolff, III    
JOHN P. WOLFF, III
