UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED PRODUCTS LIABILITY LITIGATION | : : : | 2:09-MD-02047 |
| | : | SECTION: L |
| This Relates to Case: 2:09-cv-7626 | : | |
| Payton, et al v. Knauf Gips KG, et al | : : : | JUDGE FALLON |
| | : | MAG. JUDGE WILKINSON |

**MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS PURSUANT TO RULE 12(b)(6)
OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Home Town Lumber & Supply, Inc. ("Home Town"), submits this memorandum in support of its motion to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6). Plaintiffs' Complaint fails to state a claim upon which relief may be granted against Home Town, a drywall supplier, therefore making dismissal proper under *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007).

Mississippi law provides broad protection for non-manufacturer defendants who simply serve as a conduit for distribution of the product. As a drywall supplier that was not intricately involved in control or design of the drywall, Home Town is immune from

plaintiffs' claims as an "innocent seller." Mississippi federal courts specifically extend this immunity to other common law and tort-based claims. Further, any remaining claims are invalid because they are unavailable under Mississippi law, improperly asserted via class action, or merely a measure of damages. Plaintiffs fail to state claim against Home Town for which relief can be granted. Accordingly, the complaints against Home Town are properly dismissed pursuant to 12(b)(6).

I.  **BACKGROUND INFORMATION**

The claim against Home Town Lumber & Supply, Inc. is asserted by four individual Mississippi residents ("the Fairley claimants"), via class action petition originally filed in Louisiana,[1] which suit has since been consolidated with other related "Chinese Drywall" suits.[2] The suit seeks damages caused by allegedly defective drywall and includes hundreds of plaintiffs asserting individual and class action claims against the manufacturer of the drywall, and their particular builder, supplier or distributor, resulting in a massive class action. Home Town is named as a defendant and included within the subclass of suppliers and distributors.

Plaintiffs claim the drywall installed in their homes contains high levels of sulphur and emits hazardous gases that corrode metal fixtures in their houses and cause personal injuries. Plaintiffs allege that these defendants tortiously manufactured, distributed, supplied or

---

[1] *Payton, et al v. Knauf Gips KG, et al*, Suit No. 2:09-cv-7626.

[2] In Re: Chinese-manufactured Products Liability Litigation, which bears docket number 2:09-MD-02047.

installed defective drywall and, in doing so, "recklessly, wantonly and/or negligently" implemented faulty procedures for testing and/or ensuring its quality or characteristics.

The main class action is 591 pages and contains 15 causes of action, not all of which are alleged against Home Town.[3] The following claims are asserted against Home Town, as a drywall supplier:

1. Negligence;
2. Negligence per se;
3. Strict liability;
4. Breach of express/implied warranties;
5. Redhibition;
6. Violation of Louisiana Products Liability Act;
7. Private nuisance;
8. Negligent discharge of a corrosive substance;
9. Unjust enrichment;
10. Violation of Consumer Protection Act; and
11. Equitable and injunctive relief.[4]

Despite the large number of allegations contained in the extensive petition, plaintiffs fail to adequately state a claim upon which relief may be granted because Home Town is afforded immunity under Mississippi law as an "innocent seller" and/or the claims are otherwise ineligible because they were improperly asserted via class action, merely a measure of damages, or unavailable under Mississippi law.

---

[3] Plaintiffs Omnibus Class Action Complaint, Case: 2:09-cv-7626, R. Doc. 1.

[4] *Id.* at pgs. 537-557.

## II. LEGAL STANDARDS

### A. Mississippi Law Applies

Louisiana's conflicts of law provisions indicate that Mississippi law should apply to assess the liability of Home Town as asserted by the Fairley claimants.

Where two or more states have contacts to an action, Louisiana's choice of law (or conflicts of law) provisions generally require application of the law of the state whose policies would be most seriously impaired if its law were not applied.[5]

> That state is determined by evaluating the strength and pertinence of the relevant policies in light of:
>
> 1. The pertinent contacts of each state to the parties and the dispute; and
>
> 2. The policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of the parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state.[6]

Each issue in the case must be separately analyzed under this general rule and any specialized rule governing the issue. Here, the four plaintiffs asserting claims against Home Town are all Mississippi residents. Home Town is a Mississippi corporation with its principal place of business in Mississippi. The suits by these four plaintiffs involve properties located in Mississippi. In fact, the subject drywall was delivered to plaintiffs in

---

[5] LA. CIV. CODE art. 3515.

[6] *Id.*

Mississippi. In contrast, the only connection to Louisiana is the remainder of the class action litigation.

In light of the extensive contact with Mississippi, Mississippi policies are most seriously impaired if Mississippi law is not applied. Accordingly, Mississippi law should apply to this case.

### B.     This Case Should be Dismissed Pursuant to Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint which fails to state a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion to dismiss, the Court must accept as true the well-pleaded factual allegations of the complaint, viewing them in the light most favorable to the plaintiff.[7] "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations."[8]

> [T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.[9]

---

[7] *See, e.g., Kane Enters. v. MacGregor (USA) Inc..* 322 F.3d 371, 374 (5th Cir. 2003).

[8] *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992); *see also Bell Atlantic Corp. v. Twombly,* 127 S. Ct. at 1964-65.

[9] *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995).

Dismissal is appropriate where the plaintiff merely states legal conclusions in lieu of specific facts that support each element of his claim.[10] ***Here, plaintiffs' complaint is devoid of factual allegations that support a cause of action against a drywall supplier.*** Moreover, Mississippi law specifically immunizes a supplier from these types of claims under the "innocent seller" immunity doctrine found in Mississippi's product liability statute, Miss. Code. Ann. §11-1-63. As such, the court should dismiss the unfounded allegations.

### III. LAW AND ARGUMENT

Plaintiffs assert that Home Town is liable for the damages caused by the allegedly defective drywall in its capacity as a drywall supplier. These allegations do not properly state a claim on which relief may be granted because Home Town is immune under Mississippi law as an "innocent seller."

The intent behind Mississippi's products liability law is to immunize "innocent sellers who are not actively negligent, but ... are mere conduits of a product." Mississippi Federal Courts determined that such immunity extends to negligence and breach of warranty claims. *See, e.g., Land v. Agco Corp.,* 2008 WL 4056224 (N.D.Miss.2008); and *Willis v. Kia Motors Corp.,* 2007 WL 1860769 (N.D.Miss.2007). Based on these cases, all other claims asserted against Home Town Lumber in this suit should also be dismissed. Further, any remaining allegations are baseless because the claim is either unavailable via class action, merely a

---

[10] *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995).

measure of damages, or has no basis under Mississippi law. As such, all allegations against Home Town should be dismissed.

    **A.    Home Town is Afforded Immunity as an "Innocent Seller"**

Plaintiffs' strict liability claim is based on the defendants' placement of an unreasonably dangerous product into the stream of commerce, without providing any warning, despite knowing it would be used by consumers without inspecting it for defects.[11]

Liability must be assessed under Mississippi's product liability statute, Miss. Code. Ann. §11-1-63, which provides immunity to the "innocent seller." In particular, sub-section (h) of this statute provides in pertinent part:

> In any action alleging that a product is defective ..., the seller of a product other than the manufacturer shall not be liable unless the seller exercised substantial control over that aspect of the design, testing, manufacture, packaging or labeling of the product that caused the harm for which recovery of damages is sought; or the seller altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought; or the seller had actual or constructive knowledge of the defective condition of the product at the time he supplied the product. ***It is the intent of this section to immunize innocent sellers who are not actively negligent, but instead are mere conduits of a product.*** (emphasis added).

This statue creates a broad-based immunity for sellers of defective products unless certain specific requirements are satisfied. A retailer is immune from liability where it did not change the product and is unaware of any obvious defect in the product. Here, Home

---

[11] Plaintiffs Omnibus Class Action Complaint, R. Doc. 1, at pg. 539-41.

Town receives this immunity because it does not meet the elements required to impose liability.

In particular, Home Town did not "exercise substantial control" over the product's design, alter or modify the product, or have actual or constructive knowledge of the defective condition. In fact, Home Town did not knowingly purchase or store any Chinese Drywall at any time. ***The allegations in the class action complaint do not state that Home Town, specifically, was aware of any defect in the drywall.*** As noted in the statute, Home Town is a "mere conduit of a product." Under the clear language of Miss. Code. Ann. §11-1-63, Home Town is immunized from liability for the claims asserted in this case. These claims are properly dismissed under 12(b)(6) for failure to state a claim against Home Town for which relief may be granted.

### B. Based on Home Town's "Innocent Seller" Immunity, the Other Causes of Action are Baseless

The immunity created under the Mississippi Product Liability Act ("MPLA") also extends to other causes of action alleged in plaintiffs' complaint. Mississippi courts specifically extend the "innocent seller" immunity to abrogate other common law and tort-based claims.

1. <u>Negligence</u>

Plaintiffs' negligence claim is based on the alleged breach of duty to exercise reasonable care in selling the drywall and/or failing to warn of its defective nature.[12] This theory of liability is dependent upon Home Town's knowledge of the defect, which is not established under the circumstances that exist in this case. In fact, Home Town did not knowingly purchase or store *any* Chinese Drywall at *any* time. Plaintiffs' conclusory allegations are not specific to Home Town and do not support a cause of action under the *Twombly* analysis.[13]

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right of relief above the speculative level.[14]

Dismissal via 12(b)(6) is appropriate here, where plaintiffs merely state speculative and broad-based conclusory allegations in lieu of specific facts related to Home Town.[15]

Further, in *Jowers v. BOC Group, Inc.*, the court determined that the immunity granted to innocent sellers in Mississippi's Product Liability Act ("MPLA") also applies to common law negligence claims. 2009 WL 995613 (S.D. Miss. 2009). The *Jowers* court specifically finds that "a claim for negligent failure to warn about a product's alleged hazards is still a

---

[12] Plaintiffs Omnibus Class Action Complaint, R. Doc. 1, at pg. 537-38.

[13] *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007).

[14] *Id.* at 1964-65.

[15] *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995).

'product liability claim,' even though it is premised on a theory of negligence and not strict liability," such that "negligence-based claims *of product defect* are abrogated by the MPLA." *Id.* at *3-*4.

Likewise here, plaintiffs' negligence allegations stem from their drywall product defect claims, from which Home Town is immune under the "innocent seller" doctrine. Dismissal of the negligence claims is particularly appropriate under the facts of this case, where plaintiffs make unspecified allegations of negligence against defendants, without any facts specific to Home Town. These negligence allegations should also be dismissed for failure to state a claim for which relief can be granted.

    2.    <u>Negligence Per Se</u>

This claim is based on the defendants' alleged breach of various statutory duties, including the International Building Code ("IBC"), state and local building codes, and ASTMC or its predecessor.[16] Plaintiffs' complaint is completely devoid of any specific allegations that Home Town violated any building codes or statutory duties. Plaintiffs' generalized conclusory allegations against hundreds of defendants do not create the required factual basis to support a claim against Home Town. Without sufficient allegations to demonstrate that a negligence per se claim against Home Town is even plausible, the claims must be dismissed pursuant to F.R.C.P. 12(b). Further, as discussed above, Home Town is immune from liability as an "innocent seller."

---

[16] Plaintiffs Omnibus Class Action Complaint, R. Doc. 1, at pg. 538-39.

      3.      <u>Negligent discharge of a corrosive substance</u>

The allegations in this cause of action are similar to the negligence claim. However, the defendants' liability is based on their actual or constructive knowledge of the product's "extremely corrosive and dangerous propensities" and defendants' breach of the duty of reasonable care is alleged to have created a "foreseeable zone of risk of injury."[17] Because Home Town did not knowingly purchase or store any Chinese drywall, much less have knowledge of any such defect in Chinese drywall, there is no basis for this claim. See the discussion of Home Town's immunity from negligence claims *supra*, Part III.B.1.

      4.      <u>Breach of express and/or implied warranties</u>

This claim is based on warranties associated with the sale of a product.[18] Mississippi recognizes two types of implied warranties in contracts for the sale of goods: (1) the implied warranty of merchantability (Miss. Code Ann. § 75-2-314); and (2) the implied warranty of fitness for a particular purpose (Miss. Code Ann. § 75-2-315). Both warranties are abrogated by the "innocent seller" immunity.

Federal district courts in Mississippi specifically extend the "innocent seller" immunity under Mississippi's product liability statute, Miss. Code. Ann. §11-1-63, as discussed above, to all theories of liability, including breach of implied warranty. *See, e.g., Land v. Agco Corp.,* 2008 WL 4056224 (N.D.Miss.2008); and *Willis v. Kia Motors Corp.,*

---

[17] Plaintiffs Omnibus Class Action Complaint, R. Doc. 1, at pg. 552-53.

[18] Plaintiffs Omnibus Class Action Complaint, R. Doc. 1, at pg. 541-42.

2007 WL 1860769 (N.D.Miss.2007). The *Land* court explains that extension of the immunity comports with the stated intent of §11-1-63(h) to protect innocent sellers:

> [A]llowing innocent retailers to be held liable for claims of breach of implied warranties would erode the rule of innocent seller immunity. In virtually any products liability action, a plaintiff would be able to bring such an action. Carried to its logical conclusion, a plaintiff unable to prove products liability against a manufacturer could recover against an innocent seller. This court doubts that the Mississippi legislature intended to provide protection for innocent sellers in all areas of products liability law except for the areas of implied warranties. ***The court finds that Miss. Code Ann. §11-1-63(h) provides immunity to innocent sellers in actions for breach of implied warranties. The [plaintiffs] have therefore failed to state a valid claim against [defendant] and under Mississippi law they have no chance of recovery from an innocent seller.*** *Lands v. Ago Corp.*, 2008 WL 4056224 at *3 (emphasis added).

Thus, under the clear language of Miss. Code. Ann. §11-1-63 and interpretative Mississippi case law, there is no viable claim against Home Town for any products liability action, including breach of implied warranty. These claims must be dismissed.

5. Private Nuisance

The complaint asserts that defendants substantially impaired plaintiffs' rights in their health, comfort, safety, free use of property and/or peaceful enjoyment of property, and that such invasion of rights were "intentional and unreasonable and/or unintentional, but otherwise negligent or reckless."[19] Under Mississippi law, a "private nuisance is a non-trespassory invasion of another's interest in the use and enjoyment of his property." *Leaf River Forest Prods., Inc. v. Ferguson,* 662 So.2d 648, 662 (Miss.1995).

---

[19] Plaintiffs Omnibus Class Action Complaint, R. Doc. 1, at pg. 551-52.

> One is subject to liability for a private nuisance if, but only if, his conduct is a legal cause of an invasion of another's interest in the private use and enjoyment of land, and th einvasion is either
> (a) intentional and unreasonable, or
> (b) unintentional and otherwise actionable under the rules controlling liability for negligent or reckless conduct, or fir abnormally dangerous conditions or activities. *Id*.

Here, the complaint fails to state any specific allegations against Home Town aside from conclusory legal statements against all defendants. Home Town is not the legal cause of an invasion upon plaintiffs' interests and it did not intentionally cause harm. Further, Home Town is not liable for any unintentional harm under the rules controlling negligent conduct because Home Town is immune from liability for negligent conduct under the "innocent seller" doctrine. Thus, the extent of immunity afforded to an innocent seller for negligence-based claims also extends to this claim.

### C. Louisiana-Based Claims are not Available in a Case Governed by Mississippi Law

Although plaintiffs assert claims based in Louisiana law against all defendants, including Home Town, these claims are not available in cases where Louisiana law does not apply. As discussed *supra* Part II.A., Mississippi law should apply to this suit. Accordingly, claims grounded in Louisiana law are inapplicable.

#### 1. Redhibition

The redhibition claim is asserted only by Louisiana plaintiffs.[20] Because the Fairleys are Mississippi residents, this claim is not pertinent to Home Town Lumber.

---

[20] Plaintiffs Omnibus Class Action Complaint, R. Doc. 1, at pg. 547-49.

### 2. Louisiana Products Liability Act

This claim is alleged against distributor defendants as an alternative cause of action;[21] however, given the Mississippi residency of plaintiffs and Home Town, a claim under this statute does not exist. Please refer to the above discussion regarding "innocent seller" immunity under Mississippi's Product Liability Act.

### D. Plaintiffs' Claim for Violation of Consumer Protection Act is not Eligible in a Class Action

Plaintiffs allege that all defendants are liable for violations of the various consumer protection acts implicated by the state laws governing the affected properties.[22] The property involved in the Fairley claims is located in Mississippi and thus, implicates Mississippi Consumer Protection Law, codified at Miss. Code. Ann. § 75-24-1, *et seq*.

The pertinent statute prohibits all "unfair methods of competition affecting commerce and unfair or deceptive trade practices." § 75-24-5(1). A non-exhaustive listing of prohibited actions is set forth in § 75-24-5(2), which includes: "misrepresentation of designations of geographic origin in connection with goods or services" and "representing that goods or services have ... characteristics, ingredients, uses, benefits, or quantities that they do not have."

Before a plaintiff may assert a private action under the Act, § 75-24-15(2) requires the plaintiff to have "first made a reasonable attempt to resolve any claim through an informal

---

[21] Plaintiffs Omnibus Class Action Complaint, R. Doc. 1, at pg. 549-51.

[22] Plaintiffs Omnibus Class Action Complaint, R. Doc. 1, at pg. 554-55.

dispute settlement program approved by the Attorney General." Moreover, § 75-24-15(4) prohibits the claim from being asserted in a class action proceeding, and instead require that "every private action must be maintained in the name of and for the sole use and benefit of the individual person."

Here, plaintiffs' complaint does not allege facts indicating an attempt to resolve alleged consumer protection violations the through an AG-approved dispute settlement program. Further, these claims are unavailable via class action. As such, plaintiffs fail to state a claim for consumer protection violation on which relief can be granted, and the cause of action must be dismissed.

### E. The Remaining "Claims" are Not Independent Causes of Action, but Merely a Measure of Damages

Plaintiffs include claims for unjust enrichment and injunctive relief in their extensive list of grievances. However, these "claims" are not causes of action that impose a basis of liability, but are items of damage. Without a viable claim against Home Town, these allegations are also invalidated and should be properly dismissed.

#### 1. <u>Unjust enrichment</u>

Plaintiffs allege that defendants are unjustly enriched by the purchase price for this defective product.[23] Under Mississippi law, unjust enrichment is not an independent theory of recovery, but simply a measure of damages. *See, e.g., Estate of Johnson v. Adkins*, 513

---

[23] Plaintiffs Omnibus Class Action Complaint, R. Doc. 1, at pg. 553-54.

So.2d 922, 926 (Miss.1987). Recovery of the purchase price is dependant upon the existence of a legally cognizable claim, which plaintiffs fail to establish.

### 2. Injunctive relief and medical monitoring

Plaintiffs seek injunctive relief, requiring defendants to (1) repair or buy back their homes; (2) institute a public awareness claim; (3) cease and desist representing the product is not defective; (4) create a medical monitoring fund; and (5) conduct air monitoring until homes are restored.[24] Like unjust enrichment, injunctive relief is not an independent theory of recovery, but a measure of damages. Absent a viable liability claim against Home Town, the injunctive relief claim is also eliminated.

## IV. CONCLUSION

Plaintiffs' broad allegations of fault against Home Town, a drywall supplier, are misplaced. Mississippi law provides broad protection for non-manufacturer defendants who simply serve as a conduit for distribution of the product. Here, Home Town did not knowingly purchase or store any Chinese Drywall at any time. Thus, Home Town is immune as an "innocent seller."

Mississippi law does not allow recovery under the facts and circumstances set forth in plaintiffs' complaint. For the foregoing reasons, this Court should dismiss plaintiffs' allegations on the grounds that the complaint fails to state a cause of action upon which relief can be granted.

---

[24] Plaintiffs Omnibus Class Action Complaint, R. Doc. 1, at pg. 555-57.

>
> Respectfully submitted,
>
> By:    s/ John P. Wolff, III
> JOHN P. WOLFF, III, Bar No. 14504
> NANCY B. GILBERT, Bar No. 23095
> CHRISTOPHER K. JONES, Bar No. 28101
> **KEOGH, COX & WILSON, LTD.**
> 701 Main Street (70802)
> Post Office Box 1151
> Baton Rouge, Louisiana 70821
> Telephone: (225) 383-3796
> Email:jwolff@kcwlaw.com;
> ngilbert@kcwlaw.com; cjones@kcwlaw.com;
> ***Attorneys for Home Town Lumber & Supply, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of April, 2010, a copy of the foregoing Memorandum in Support of Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

       s/ John P. Wolff, III
       JOHN P. WOLFF, III