UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

SEAN AND BETH PAYTON,     *
    *
    Plaintiffs,     *
    *
v.     *     Civil Action No.: 09-7628
    *
KNAUF GIPS KG, et al.     *
    *
    Defendants.     *

## ANSWER OF DEFENDANT S & O INVESTMENTS, LLC

COMES NOW, S & O Investments, LLC and, as answer to the plaintiffs' complaint, states as follows:

1. With respect to the allegations set forth in paragraphs 1 through 3, Defendants deny jurisdiction and venue are proper as to claims made against this defendant.

2. With respect to the allegations set forth in paragraphs 4 through 2609 with the exception of paragraph 2439 and 2440, this defendant is without sufficient information to admit or deny the same. Defendant admits the allegations in paragraphs 2439 and 2440 of the Omnibus Class Action Complaint to the extent it admits that it constructed and sold houses located at 963 and 967 Weatherby Street South in the Weatherby Subdivision in Saraland, Alabama.

3. Defendant denies the allegations set forth in paragraphs 2610 through 2620 of the Omnibus Class Action Complaint.

4. Since the allegations set forth in paragraph 2621 through 2625 do not state a claim against this defendant, no response is needed.

5. The allegations set forth in paragraph 2626 through 2627 are denied.

6. Since the allegations set forth in paragraphs 2628 and 2629 do not make a claim against this defendant, no response is needed.

7. The allegations set forth as General Class Allegations and Exclusions from Class Definitions are denied.

8. The allegations set forth in Count I are denied.

9. The allegations set forth in Count II are denied.

10. The allegations set forth in Count III are denied.

11. The allegations set forth in Count IV are denied.

12. The allegations set forth in Count V do not assert claims against this defendant, and, as a result, no response is needed.

13. The allegations set forth in Count VI are denied.

14. The allegations set forth in Count VII are denied.

15. Since the allegations set forth in Count VIII do not make a claim against this defendant, no response is needed.

16. Since the allegations set forth in Count IX do not make a claim against this defendant, no response is needed.

17. Since the allegations set forth in Count X do not make a claim against this defendant, no response is needed.

18. The allegations set forth in Count XI are denied.

19. The allegations set forth in Count XII are denied.

20. The allegations set forth in Count XIII are denied.

21. The allegations set forth in Count XIV are denied.

22. The allegations set forth in Count XV are denied.

23. Defendant denies any class member is entitled to relief against this defendant.

24. The Omnibus Class Action complaint fails to state a claim against this defendant upon which relief may be granted.

25. Personal jurisdiction in this Court over the Defendant is improper since it did not have sufficient minimum contacts with the State of Louisiana so as to have a reasonable expectations of being sued there.

26. The plaintiffs' were themselves guilty of negligence and/or assumed the risk of injury at the time and place in which complaint was made.

27. The plaintiffs' injuries were the result of the acts or omissions of person or entities other than this defendant.

28. The plaintiffs' injuries and claims for damages are the result of intervening efficient acts of others.

29. The defendant pleads lack of capacity and lack of standing.

30. The Omnibus Complaint, to the extent deemed based in fraud, is due to be dismissed for lack of specificity as required under Rule 9 of the Federal Rules of Civil Procedure.

31. The plaintiffs' claims , to the extent based in contract and warranty are due to be dismissed due to lack of privity.

32. The plaintiffs' complaint, to the extent based in warranty, either express or implied, is due to be dismissed because of:

    a.    lack of privity

    b.    The Uniform Commercial Codes does not apply to this claim in that the products sold were not (goods) as defined by the Uniform Commercial Code.

    c.    This defendant was not a seller of goods as defined by the UCC.

33. The plaintiffs' contract claims, whether based in contract or warranty, are due to be dismissed due to lack of privity and further because the plaintiffs', if beneficiaries at all to any construction agreement, were only incidental beneficiaries.

34. To the extent that the plaintiffs' claims are deemed to be based in fraud, the plaintiffs' claims are due to be dismissed because this defendant did not make representations as to material fact to any of the plaintiffs' nor did plaintiffs rely on any representations made by these defendants to third parties relating to product performance.

35. The plaintiffs' claims are bared by the economic loss doctrine.

36. The plaintiffs have failed to mitigate their damages.

37. The plaintiffs' claims are barred by the applicable statute of limitations.

38. This defendant avers that all situations and conditions and dangers, if any, arising from the use of any materials and/or products were open and obvious or otherwise assumed the risk of injury and/or were guilty of contributory negligence. Further, the plaintiffs' knew as much about the damages as did this defendant, as such matters were well known to him/her or should have been known to him/her but, nevertheless, plaintiffs continued in his or her activities to subject himself/herself to potentially dangerous conditions, such that this defendant would not be legally liable

to the plaintiff therefore. Defendant pleads caveat emptor with regard to plaintiff's purchase of a pre-owned home.

39. To the extent that various defendants have concluded or may conclude settlement with the plaintiffs, the defendant is entitled to a set-off or credit for any amount paid or to be paid.

40. Any recovery had by plaintiffs must be reduced or set off by collateral sources paid to plaintiffs.

41. In the further alternative and only in the event plaintiffs should obtain recovery herein against this defendant, plaintiffs' claims against this defendant should be reduced in proportion to the degree or percentage of negligence or fault attributable to the plaintiffs and/or third persons.

42. To the extent based in tort or product liability, the Omnibus Class Action Complaint is due to be dismissed because of:

    1. Lack of privity;

    2. Absence of duty;

    3. The drywall when incorporated into the residence at issue, ceased to be a good or product.

43. Defendant asserts the Sealed Container Doctrine.

44. Defendant pleads the Collateral Source Doctrine.

45. Defendant pleads waiver, estoppel and laches, separately and severally.

46. Plaintiff seeks punitive damages in violation of the excessive fines clause of the Eighth Amendment of the Constitution of the United States, and/or in violation of the excessive fines clause of Article I, Section 16 of the Alabama Constitution (1901).

47. Plaintiff seeks punitive damages in excess of the respective maximums established by the Alabama Legislature and Ala. Code Section 13A-5-11 and Section 13A-5-12 (1975), separately, and in each sub-part of each said section, separately.

48. Plaintiff's claims for punitive damages are limited by the respective maximums set forth in Act 87-184, Acts of Alabama and/or Act 99-358, Acts of Alabama.

49. Plaintiff seeks punitive damages in violation of the due process clause to the Fourteenth Amendment of the Constitution of the United States in one or more of the following respects:

      (a)    The punitive damages claimed are vastly disproportionate to the actual damages.

      (b)    The award of punitive damages would constitute an arbitrary and capricious taking of the property of said defendants, a taking which is unjustified by any rational stated purpose.

      (c)    The award of punitive damages with wholly standardless discretion is inconsistent with due process.

50. The award of punitive damages as claimed by the plaintiff would violate the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, separately, of the Constitution of the United States and Article I, Sections 1, 6 and 22 of the Constitution of Alabama, separately, on each of the following separate and several grounds:

(a) The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(b) The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c) The procedures fail to impose a limit on the amount of the award against these defendants.

(d) The procedures fail to provide specific standards for the award of punitive damages.

(e) The procedures fail to provide specific standards for the amount of the award of punitive damages.

(f) The procedures permit the award of punitive damages upon satisfaction of a standard of proof which is less than that applicable to the imposition of criminal sanctions.

(g) The procedures permit multiple awards of punitive damages for the same alleged act.

(h) The procedures fail to provide a clear consistent appellate standard of review of an award of punitive damages.

(i) The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(j) The standards of conduct upon which punitive damages are sought are vague.

(k) The procedures permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to other tortfeasors in actions other than those for wrongful death.

/s/Dennis McKenna
DENNIS McKENNA (MCK016)

Original Signed document on file with the Court

/s/J. Ritchie M. Prince
J. RITCHIE M. PRINCE (PRI044)

Of counsel:
Dennis McKenna, Esq.
PRINCE, McKEAN, McKENNA & BROUGHTON, P.C.
Lawyers for S & O Investments, LLC
Post Office Box 2866
Mobile, Alabama  36652
(251)433-5441

(251)431-0158
dm@princemckean.com

## Certificate of Service

I hereby certify that the above and foregoing pleading has been served on Plaintiffs' Liaison Counsel, Russ Herman and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and by email or by hand delivery and email and upon all parties by electronically uploading the same to Lexis Nexis File and Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing in accordance with the procedures established in MDL 2047, on this 19th day of April, 2010

/s/Dennis McKenna
DENNIS McKENNA