IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br>10-cv-1111 (CANDELA) | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

HILARIO F. CANDELA, CHARLES M. HARTZ, JOY HARTZ, FRANK MACKLE, JULIO RAMIREZ, MYRIAM RAMIREZ, JERRY STERNSTEIN, GASTON SUAREZ, MARTA SUAREZ, DAVID ZISKA, and JULIE ZISKA, individually and on behalf of themselves,

    Plaintiffs,

       v.

KNAUF PLASTERBOARD TIANJIN CO. LTD.,

    Defendant.

## DEFENDANT KNAUF PLASTERBOARD (TIANJIN) CO. LTD.'S
## ANSWER TO COMPLAINT

    Defendant, Knauf Plasterboard (Tianjin) Co. Ltd. ("KPT"),[1] pursuant to Rule 12(a)(1) of the Federal Rules of Civil Procedure, hereby responds to the corresponding paragraphs of Plaintiffs' Joint Complaint (the "Complaint"), and as to each numbered paragraph states as follows:

    1.    This action is within the original jurisdiction of this Court pursuant to 28 U.S.C. 1332(a). Plaintiffs and Defendant are citizens of different states and the amount in controversy as to each Plaintiff exceeds $75,000, exclusive of interest and costs.

---

[1] Plaintiffs refer to KPT as "Knauf" throughout their Joint Complaint.

**ANSWER:** KPT makes no answer to the allegations of Paragraph 1 to the extent they contain improper allegations and legal conclusions. KPT admits that Plaintiffs purport that the amount in controversy for each Plaintiff exceeds $75,000.00, exclusive of interest and costs, but lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 1 and therefore denies those allegations. Further answering, KPT states that it has no personal knowledge upon which to form a belief as to the truth or falsity of Paragraph 1 with regard to the residential status or citizenship of the plaintiffs and therefore denies those allegations.

2. Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) because the damaged units, the subject of this action, are located in this district.

**ANSWER:** KPT makes no answer to the allegations of Paragraph 2 to the extent they contain improper allegations and legal conclusions. Further answering, KPT answers that the Plaintiffs purport to allege that plaintiffs' property is located in Miami-Dade County, Florida, but lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies those allegations.

3. Plaintiffs are properly joined in this action pursuant to Fed. R. Civ. P. 20(a) as each plaintiff seeks relief arising out of Knauf's sale of defective drywall within the State of Florida. Further, common questions of law and fact will arise in the action due to ownership of units built during the same time period in a single condominium complex.

**ANSWER:** KPT makes no answer to the allegations of Paragraph 3 of the Complaint to the extent they contain improper allegations and legal conclusions. Further answering, KPT answers it has no personal knowledge upon which to form a belief as to the truth or falsity of the allegations of Paragraph 3 and, therefore, denies those allegations.

## PLAINTIFFS
### Owners of Units at the Bermuda Village Condominium Complex

4. Plaintiffs' units are located at the Bermuda Village Condominium Complex, Loretto Avenue, Coral Gables, Miami-Dade County, FL 33146 and were built by Riviera Development using drywall manufactured and supplied by Knauf.

**ANSWER:** KPT states that it has no personal knowledge upon which to form a belief as to the truth or falsity of Paragraph 4 with regard to the location of Plaintiffs' property and, therefore, denies those allegations. KPT denies the remaining allegations of Paragraph 4.

5. Plaintiff, Hilario F. Candela, owns unit 558.

**ANSWER:** KPT states that it has no personal knowledge upon which to form a belief as to the truth or falsity of the allegations of Paragraph 5 and, therefore, denies those allegations.

6. Plaintiffs, Charles Hartz and Joy Hartz, own Unit 570 and Unit 580.

**ANSWER:** KPT states that it has no personal knowledge upon which to form a belief as to the truth or falsity of the allegations of Paragraph 6 and, therefore, denies said allegations.

7. Plaintiffs, David Ziska and Jule Ziska, own Unit 510.

**ANSWER:** KPT states that it has no personal knowledge upon which to form a belief as to the truth or falsity of the allegations of Paragraph 7 and, therefore, denies those allegations.

8. Plaintiff, Frank Mackle, owns Unit 556.

**ANSWER:** KPT states that it has no personal knowledge upon which to form a belief as to the truth or falsity of the allegations of Paragraph 8 and, therefore, denies those allegations.

9. Plaintiffs, Julio Ramirez and Myriam Ramirez, own Unit 550 .

**ANSWER:** KPT states that it has no personal knowledge upon which to form a belief as to the truth or falsity of the allegations of Paragraph 9 and, therefore, denies those allegations.

10. Plaintiff, Jerry Sternstein, owns Unit 526.

**ANSWER:** KPT states that it has no personal knowledge upon which to form a belief as to the truth or falsity of the allegations of Paragraph 10 and, therefore, denies those allegations.

11. Plaintiffs, Gaston Suarez and Marta Suarez, own Unit 532, Unit 540, and Unit 542.

**ANSWER:** KPT states that it has no personal knowledge upon which to form a belief as to the truth or falsity of the allegations of Paragraph 11 and, therefore, denies those allegations.

## DEFENDANT KNAUF

12. Upon information and belief, Defendant, Knauf is an international corporation organized under the laws of China doing business in the State of Florida with its principal place of business located at North Yinhe Bridge, East Jingjin Road, RC-300400, Tianjin, China.

**ANSWER:** KPT denies that it is doing business in the State of Florida. KPT admits that it is a Chinese limited company organized under the laws of the People's Republic of China and that its principal place of business is located at North Yinhe Bridge, East Jingjin Road, Beichen District, Tianjin, 300400, China.

13. Knauf manufactured and distributed defective drywall used in the construction of each of Plaintiffs' units.

**ANSWER:** KPT denies the allegations of Paragraph 13 of the Complaint.

14. The Court has personal jurisdiction over Knauf pursuant to federal law, Florida's long arm statute, and due process because:

    a. Knauf personally or through an agent operated, conducted, engaged in or carried out a business or business venture in this State;

    b. Knauf personally or through an agent committed a tortuous [*sic*] act within this State;

    c. Knauf, by its acts or omissions, either personally or through an agent, caused injury to property within this State, and at or about the time of injury, products and/or materials manufactured, serviced and/or processed by Knauf, personally or through an agent, were consumed by persons with this State in the ordinary course of commerce, trade or use;

    d. Knauf, personally or through an agent, engaged in substantial and not isolated activity in the State by: (1) shipping defective drywall into the Port of Miami, located in this District; and (2) selling and marketing the defective drywall in this District.

    **ANSWER:** KPT makes no answer to the allegations of Paragraph 14 of the Complaint to the extent they contain improper allegations and contain legal conclusions. KPT denies the remaining factual allegations of Paragraph 14.

## GENERAL ALLEGATIONS

  15. Each Plaintiff entered into agreements with Riviera Development LLC for the construction and purchase of individual unit(s) at the Bermuda Village Condominium Complex, located at Loretto Avenue, Coral Gables, Miami-Dade County, FL 33146.

  **ANSWER:** KPT answers that it has no personal knowledge upon which to form a belief as to the truth or falsity of the allegations of Paragraph 15 and, therefore, denies those allegations.

  16. Riviera Development LLC entered into subcontracts for the installation of drywall in the units.

  **ANSWER:** KPT answers that it has no personal knowledge upon which to form a belief as to the truth or falsity of the allegations of Paragraph 16 and, therefore, denies those allegations.

  17. In performing the subcontracts, the Installers purchased gypsum drywall, either directly or indirectly, from various suppliers, including Banner Supply Co.

**ANSWER:** KPT answers that it has no personal knowledge upon which to form a belief as to the truth or falsity of the allegations of Paragraph 17 and, therefore, denies those allegations.

18. Upon information and belief, the Suppliers purchased, directly and/or indirectly gypsum drywall that was manufactured by Knauf.

**ANSWER:** KPT answers that at least some of its drywall was purchased by Banner Supply Company. KPT was not involved in that transaction. KPT denies the remaining allegations of Paragraph 18.

19. Beginning in May 2009, several units identified drywall sheets labeled "Knauf" and "Tianjin" that tested positive for carbon disulfide, carbonyl sulfide and hydrogen sulfide, the chemicals associated with the defective drywall.

**ANSWER:** KPT denies the allegations of Paragraph 19 of the Complaint.

20. Plaintiffs have significant damages to their unit(s) attributable to the installed drywall, which include, but are not limited to:

    a. a sulfur-based smell which makes the unit(s) uninhabitable;
    b. a breakdown and corrosion of major systems in the unit including electrical systems, plumbing systems, air-conditioning systems and all other metal based components of the home;
    c. other damage beyond repair to personal property that has either absorbed the smell of the sulfur or has been otherwise contaminated by the sulfuric by-products emanating from the drywall.

**ANSWER:** KPT makes no answer to the allegations of Paragraph 20 of the Complaint to the extent they contain improper allegations and contain legal conclusions. KPT denies the remaining factual allegations of Paragraph 20.

21. As a result, all of the drywall will have to removed, disposed of and replaced together with other parts of the residence damaged or destroyed during the removal process, together with the replacement of all damaged personal property.

**ANSWER:** KPT makes no answer to the allegations of Paragraph 21 of the Complaint to the extent they contain improper allegations and contain legal conclusions. KPT denies the remaining factual allegations of Paragraph 21.

**COUNT I**
**STRICT PRODUCTS LIABILITY**

22.    Plaintiffs adopt and restate paragraphs 1 through 22.

**ANSWER:** KPT adopts and incorporates by reference its responses to Paragraphs 1 to 22, inclusive, as if fully set forth herein.

23.    Knauf is in the business of manufacturing and supplying drywall for use in construction in the State of Florida.

**ANSWER:** KPT denies the allegations of Paragraph 23 of the Complaint.

24.    Knauf placed the defective drywall into the stream of commerce for use in construction of homes with knowledge that the drywall would be used by consumers without inspection for defects.

**ANSWER:** KPT denies the allegations of Paragraph 24 of the Complaint.

25.    Plaintiffs, foreseeable consumers, users or handlers of drywall, purchased the defective drywall which was installed into their units either directly or indirectly.

**ANSWER:** KPT makes no answer to the allegations of Paragraph 25 to the extent they contain improper allegations and legal conclusions. KPT denies the remaining factual allegations of Paragraph 25.

26.    At the time of the purchase and installation, the defective drywall was used for its intended purpose and was installed in the normal course of construction without any known changes or alterations to its condition.

**ANSWER:** KPT makes no answer to the allegations of Paragraph 26 to the extent they contain improper allegations and legal conclusions. KPT denies the remaining factual allegations of Paragraph 26.

27. At all material times subsequent to the drywall's installation, the units containing the defective drywall were used for their intended purposes.

**ANSWER:** KPT makes no answer to the allegations of Paragraph 27 to the extent they contain improper allegations and legal conclusions. KPT denies the remaining factual allegations of Paragraph 27.

28. Unknown to the Plaintiffs, the drywall installed in their unit(s) was defective and unreasonably dangerous because the drywall released high levels of sulfur and/or other toxic chemicals that caused the corrosion of air conditioner and refrigerator coils, microwaves, faucets, copper tubing, electrical wiring, electronic appliances and other metal surfaces and household items ("Other Property") and rendered the units uninhabitable.

**ANSWER:** KPT makes no answer to the allegations of Paragraph 28 to the extent they contain improper allegations and legal conclusions. KPT denies the remaining factual allegations of Paragraph 28

29. The drywall is also defective and unreasonably dangerous because Knauf failed to adequately warn and instruct the Plaintiffs of the defective design, testing, manufacturing, marketing, and selling of the drywall.

**ANSWER:** KPT makes no answer to the allegations of Paragraph 29 to the extent they contain improper allegations and legal conclusions. KPT denies the remaining factual allegations of Paragraph 29.

30. As a direct and proximate result of the defect(s) described above, Plaintiffs have incurred economic damages and are entitled to recover monetary damages, including but not limited to the costs associated with:

    a. The replacement/repair of their unit(s);
    b. The removal and replacement of all of the drywall contained in the unit(s);
    c. The replacement of "Other Property;"
    d. The repair and/or replacement of any material contaminated or corroded by the drywall.

**ANSWER:** KPT makes no answer to the allegations of Paragraph 30 to the extent they contain improper allegations and legal conclusions. KPT denies the remaining factual allegations of Paragraph 30.

31. As a direct and proximate result of the defect(s) described above, Plaintiffs have incurred or will incur incidental and consequential damages associated with the costs of the following:

    a. Renting comparable housing during the duration of the repairs;
    b. The loss of use and enjoyment of real property;
    c. The loss of value of the unit due to the stigma attached to having defective drywall in the home;
    d. Other related expenses.

**ANSWER:** KPT makes no answer to the allegations of Paragraph 31 to the extent they contain improper allegations and legal conclusions. KPT denies the remaining factual allegations of Paragraph 31.

## COUNT II
## NEGLIGENCE

32. Plaintiffs adopt and restate paragraphs 1 through 22.

**ANSWER:** KPT adopts and incorporates by reference its responses to Paragraphs 1 to 22, inclusive, as if fully set forth herein.

33. Knauf is in the business of manufacturing and supplying drywall for use in construction in the State of Florida.

**ANSWER:** KPT denies the allegations of Paragraph 33 of the Complaint.

34. Knauf owed the Plaintiffs a duty to exercise reasonable care in the design, testing, manufacturing, distributing, supplying and selling drywall that is free from defects and in compliance with applicable laws, codes, regulations and standards applicable to the industry that are intended to protect the Plaintiffs.

**ANSWER:** KPT denies the allegations of Paragraph 34 as they contain improper allegations and legal conclusions.

35. At all material times, Knauf was also under the duty to disclose any defects in the drywall they designed, tested, manufactured, distributed, and/or sold.

**ANSWER:** KPT denies the allegations in Paragraph 35 as they contain improper allegations and legal conclusions.

9

36. Knauf was negligent and breached its duties of care owed to the Plaintiffs by:

    a. Failing to properly select gypsum that did not contain excessive levels of sulfur;
    b. Failing to implement proper quality control mechanisms for detecting defects in the drywall;
    c. Failing to comply with applicable laws, codes, regulations and industry standards;
    d. Failing to initiate a timely recall of the defective drywall;
    e. Advertising and recommending the use of drywall without sufficient knowledge as to its manufacturing defect;
    f. Otherwise failing to exercise reasonable care in the design, testing, manufacturing, distribution, and/or sale of defective drywall that was likely to, and did, expose the property and intended users to sulphur and sulphur compounds and caused damage.

**ANSWER:** KPT denies the allegations of Paragraph 36 to the extent they contain improper allegations and legal conclusions. KPT denies the remaining factual allegations of Paragraph 36.

37. As a direct and proximate result of Knauf's acts and omissions, Plaintiffs have incurred economic damages and are entitled to recover monetary damages, including but not limited to the costs associated with:

    a. The replacement/repair of their unit(s);
    b. The removal and replacement of all of the drywall contained in the unit(s);
    c. The replacement of "Other Property;"
    d. The repair and/or replacement of any material contaminated or corroded by the drywall.

**ANSWER:** KPT denies the allegations of Paragraph 37 to the extent they contain improper allegations and legal conclusions. KPT denies the remaining factual allegations of Paragraph 37.

38. As a direct and proximate result of Knauf's acts and omissions, Plaintiffs have incurred or will incur incidental and consequential damages associated with the costs of the following:

    a. Renting comparable housing during the duration of the repairs;
    b. The loss of use and enjoyment of real property;
    c. The loss of value of the home due to the stigma attached to having defective drywall in the home;

      d.      Other related expenses.

**ANSWER:** KPT denies the allegations of Paragraph 38 to the extent they contain improper allegations and legal conclusions. KPT denies the remaining factual allegations of Paragraph 38.

39.      Plaintiffs adopt and restate paragraphs 1 through 22.

**ANSWER:** KPT adopts and incorporates by reference its responses to Paragraphs 1 to 22, inclusive, as if fully set forth herein.

40.      Knauf sold or supplied drywall that carried an implied warranty of fitness for use in the construction of residential homes and that was reasonably free of defects.

**ANSWER:** KPT makes no answer to the allegations of Paragraph 40 to the extent they contain improper allegations and legal conclusions. KPT denies the remaining allegations of Paragraph 40.

### AFFIRMATIVE DEFENSES

Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT") by and through its attorneys, Baker & McKenzie, LLP, hereby asserts the following affirmative defenses to Plaintiffs' Complaint as follows:

### FIRST AFFIRMATIVE DEFENSE

The claims asserted by Plaintiffs in Count I and Count II against KPT may be barred, in whole or in part, due to Plaintiffs' lack of standing and/or lack of procedural capacity to prosecute such claims.

### SECOND AFFIRMATIVE DEFENSE

The claims asserted by Plaintiffs in Count I and Count II may be barred, in whole or in part, due to the absence of personal jurisdiction over KPT. KPT is a nonresident defendant with no contact or ties with the State of Florida that would subject KPT to this Court's jurisdiction.

For the Court to exercise jurisdiction over a nonresident defendant, that defendant must have sufficient "minimum contacts" with the forum state, such that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). KPT denies that it has engaged in substantial or continuous and systematic activities in Florida such as to subject KPT to the jurisdiction of this Court.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiffs fails to state a claim upon which relief can be granted as it fails to allege requisite facts substantiating each element of the causes of action in Count I and Count II against KPT.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs fail to state a claim upon which relief can be granted for products liability, as the doctrine of strict products liability does not apply to structural improvement to real estate.

### FIFTH AFFIRMATIVE DEFENSE

This action is barred by Plaintiffs' failure to join indispensable parties.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiffs fail to properly mitigate their damages and such failure to mitigate bars or reduces, in whole or in part, any damages which otherwise may be awarded to Plaintiffs, which liability is denied by KPT.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred by the doctrine of voluntary assumption of risk as Plaintiffs did not inspect the drywall at issue upon delivery.

### EIGHTH AFFIRMATIVE DEFENSE

KPT pleads all defenses and affirmative defenses as may be sustained by the evidence, including but not limited to: (1) that any drywall manufactured or sold by KPT was not defective or substandard at the time it left the control of KPT; (2) that the drywall was not unreasonably dangerous in any way; (3) that the drywall was not unfit for its intended purpose or use; (4) that the drywall was placed in an unreasonable and/or unanticipated use; (5) that the drywall was sold to a sophisticated user and/or purchaser of the product; (6) that the drywall was state-of-the-art; (7) that KPT did not know and could not know of any alleged design characteristic that caused any alleged damage or the danger of such alleged characteristic; (8) that KPT did not know and could not have known of any alternative design; (9) that any alternative design identified was not feasible in light of then-existing reasonably available scientific and technological knowledge or the then-existing economic practicality; and (10) that no additional warnings were feasible or required.

### NINTH AFFIRMATIVE DEFENSE

The alleged condition of the drywall, if any, was open, obvious, discoverable, and/or known to Plaintiffs and/or should have been known to Plaintiffs upon reasonable inspection and, as a result, Plaintiffs' negligence claims against KPT are barred, in whole or in part.

### TENTH AFFIRMATIVE DEFENSE

The Plaintiffs have failed to properly give notice of any breach of a contract for sale of the affected drywall and therefore any warranty or nonconformance claims are barred.

### ELEVENTH AFFIRMATIVE DEFENSE

KPT drywall at issue was designed, manufactured, assembled, distributed, and sold in compliance with applicable industry and governmental standards and regulations, and a

rebuttable presumption exists pursuant to §768.1256, Florida Statutes, with respect to the safety of the drywall.

## TWELFTH AFFIRMATIVE DEFENSE

KPT is entitled to all benefits and protections afforded by §768.1257, Florida Statutes.

## THIRTEENTH AFFIRMATIVE DEFENSE

KPT affirmatively alleges that the drywall was altered and/or otherwise substantively changed by Plaintiffs and/or by third parties.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs or others altered, modified, abused, and/or misused the product at issue and/or failed to follow the product's instructions and warnings regarding the use of the product at issue, Plaintiffs' claims against KPT are barred.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs failed to exercise ordinary care on their own behalf, which negligence and carelessness was a proximate cause of some portion, up to and including the whole thereof, of the injuries and damages complained of in this action.  Plaintiffs' recovery therefore against KPT, if any, should be barred or reduced according to principles of comparative negligence and/or contributory negligence.

## SIXTEENTH AFFIRMATIVE DEFENSE

Persons, corporations or entities, including non-parties, other than KPT failed to exercise ordinary care on their own behalf, which negligence and carelessness was a proximate cause of some portion, up to and including the whole thereof, of the injuries and damages complained of by Plaintiffs in this action. The fault, if any, of KPT should be compared with the fault of the other defendants and damages, if any, should be apportioned among the defendants in direct

relation to each defendant's comparative fault. KPT should be obligated to pay only such damages, if any, which are directly attributable to its percentage of comparative fault. To require KPT to pay any more than its percentage of comparative fault, if any, violates the equal protection and due process clauses of the Constitution of the United States and similar provisions of the Constitution of the State of Florida.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The damages sustained by Plaintiffs, if any, were caused by intervening forces and/or the negligent acts of Plaintiffs or other parties, including non-parties, over which KPT had not duty or control. Any damages awarded to Plaintiffs are therefore subject to apportionment pursuant to Florida Statutes § 768.81 and *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993). However, at this time, all at-fault persons or entities are unknown to KPT. KPT reserves the right to place on the Jury Verdict Form any parties that may also be culpable for the damages alleged to have been sustained by Plaintiffs in this action, including any non-party *Fabre* defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Evidence in this case, including evidence of damages sustained by Plaintiffs, if any, was willfully and permanently destroyed by Plaintiffs, their agents or others over whom KPT has no control, in violation of KPT's cautious instructions and placing Plaintiffs on notice against the spoliation and/or destruction of evidence and adherence to preservation protocols. Plaintiffs should be estopped from asserting claims for losses due to Plaintiffs' voluntary and intentional destruction of material evidence as result, Plaintiffs' claims should therefore be barred and KPT should be discharged and relieved of liability. Alternatively, plaintiffs should be disallowed from relying upon such evidence in calculating damages.

### NINETEENTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred and/or reduced by the negligent destruction of evidence by Plaintiffs, their agents or others over whom KPT has no control.

### TWENTIETH AFFIRMATIVE DEFENSE

KPT is not liable for alleged damages sustained by Plaintiffs arising or resulting from drywall in the alleged Affected Homes that are not manufactured by KPT and over which KPT exercised no control.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

KPT is entitled to a credit and/or set-off for any benefits, collateral source payments, or other sources of set-offs or recoupment, described in §§ 768.31 and/or 768.76, Florida Statutes, that have been paid or are payable to or on behalf of Plaintiffs.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the economic loss doctrine. Under Florida law, damage to components of homes developed by Plaintiffs are not considered damage to "other property." *Jamco, Inc. v. Polygard, Inc.*, 668 So. 2d 300, 303 (Fla. 4th DCA 1996) (finding that the economic loss rule under Florida law "bars the use of tort remedies to make society as a whole pay for the failure of the purchases to protect his own interests by bargaining for appropriate provisions in his own contract"); *see also Casa Clara Condo. Ass'n, Inc. v. Charley Toppino & Sons, Inc.*, 620 So. 2d 1244, 1246 (Fla. 1993) (finding that purchasers of defective products are limited by law to those damages that were or could have been provided by contract between the purchaser and his immediate seller).

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

KPT asserts that any award of remediation damages must not exceed the fair market value of the land or property.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs were negligent in the performance of their duties and, therefore, are precluded from recovering damages under its common law indemnity and equitable subrogation claims against KPT.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

The claims asserted in Count I and Count II of the Complaint may be time barred, in whole or in part, due to laches and/or the applicable statute(s) of limitation set forth in §95.11, Florida Statutes.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

KPT affirmatively alleges that this action is duplicative of numerous previously filed actions involving the same parties and substantially similar issues and thus, this action should be stayed and/or abated.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

KPT specifically avers any and all affirmative defenses specifically enumerated in the Florida Rules of Civil Procedure which are applicable in this case and/or any and all affirmative defenses recognized by this jurisprudence, and these are specifically pled herein.

Dated: April 21, 2010                     Respectfully submitted,

/s/ Douglas B. Sanders

Douglas B. Sanders
Richard Franklin
BAKER & MCKENZIE LLP
130 E. Randolph Dr.
Chicago, IL 60601
Telephone: (312) 861-8075
Facsimile:  (312) 698-2375
Email: douglas.b.sanders@bakernet.com

Donald J. Hayden
BAKER & MCKENZIE LLP
1111 Brickell Avenue, Suite 1700
Miami, Florida 33131
Telephone: (305) 789-8966
Facsimile:  (305) 789-8953
E-mail: Donald.hayden@bakernet.com


Kerry Miller (LA Bar No. 24562)
Kyle A. Spaulding (LA Bar No. 29000)
FRILOT L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Telephone:  (504) 599-8194
Facsimile:  (504) 599-8145
Email: kmiller@frilot.com

*Attorneys for Defendant, Knauf
Plasterboard (Tianjin) Co., Ltd*

**CERTIFICATE**

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 2047, on this 21st day of April, 2010.

s/Douglas B. Sanders