IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

**IN RE: CHINESE MANUFACTURED DRYWALL**
**PRODUCTS LIABILITY LITIGATION**

MDL NO. 2047
SECTION: L

**THIS DOCUMENT RELATES TO:**
**09-cv-6690 (GROSS)**

JUDGE FALLON
MAG. JUDGE WILKINSON

DAVID GROSS, CHERYL GROSS, AND
LOUIS VELEZ, individually and on behalf of all
others similarly situated,

    Plaintiffs,

       v.

KNAUF GIPS KG,  KNAUF PLASTERBOARD
TIANJIN CO. LTD., KNAUF PLASTERBOARD
(WUHU) CO. LTD., KNAUF PLASTERBOARD
(DONGGUAN) CO. LTD.

    Defendants.

**DEFENDANT KNAUF GIPS KG'S MEMORANDUM IN SUPPORT OF**
**ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

# TABLE OF CONTENTS

**Page**

I.     ESTABLISHING PERSONAL JURISDICTION ............................................................ 2

II.    KNAUF GIPS NEITHER OWNS NOR DIRECTS THE CHINESE
COMPANIES AND LACKS SIGNIFICANT CONTACTS WITH LOUISIANA .......... 4

III.   ARGUMENT ............................................................................................................. 6

     A.     Knauf Gips Has Not Engaged In Any Activity In Louisiana Sufficient To
Justify The Exercise Of Jurisdiction Over It ...................................................... 6

           1.     Knauf Gips' contacts with Louisiana are insufficient to support a
finding of general personal jurisdiction ................................................. 6

           2.     Knauf Gips' contacts with Louisiana are insufficient to support a
finding of specific personal jurisdiction.................................................. 8

     B.     Knauf Gips Did Not Submit To The Jurisdiction Of This Court Through
An Agent............................................................................................................. 9

IV.   CONCLUSION........................................................................................................ 12

# TABLE OF AUTHORITIES

**Page**

CASES

*Brokerwood Prods., Int'l v. Cuisine Crotone, Inc.,*
104 Fed. Appx. 376 (5th Cir. 2004) .................................................................................... 7

*Dickson Marine Inc. v. Panalpina, Inc.,*
179 F.3d 331 (5th Cir. 1999) ..................................................................................... 2, 10

*DII, LLC v. Crown Pipe Shops, Inc.,*
No. 06-2275, 2007 U.S. Dist. LEXIS 63847 (W.D. La. Aug. 28, 2007) ........................... 3, 8

*Petroleum Helicopters, Inc. v. Avco Corp.,*
804 F.2d 1367 (5th Cir. (La.) 1986) ................................................................................. 4

*Helicopteros Nacionales de Colombia v. Hall,*
466 U.S. 408 (1984) ......................................................................................................... 3

*Henry v. Gallop, Johnson & Neuman L.C.,*
No. 04-0917, 2004 U.S. Dist. LEXIS 18730, . (E.D. La. Sep. 17, 2004) ............................. 7

*ICEE Distribs., Inc. v. J&J Snack Foods Corp.,*
325 F.3d 586 (5th Cir. 2003) ..................................................................................... 2, 3

*In re Sterling Foster & Co., Inc. Sec. Litig.,*
222 F. Supp. 2d 289 (E.D.N.Y. 2002) ............................................................................... 2

*In re Taxable Mun. Bonds Litig.,*
1992 U.S. Dist. LEXIS 11778 (E.D. La. July 27, 1992) ....................................................... 2

*Nuovo Pignone v. Storman Asia M/V,*
310 F.3d 374 (5th Cir. 2002) ........................................................................................... 8

*Patin v. Thoroughbred Power Boats,*
294 F.3d 640 (5th Cir. 2002) ........................................................................................... 3

*Pollard v. Arsenal Digital Solutions Worldwide, Inc.,*
No. 08-0335, 2008 U.S. Dist. LEXIS 83654 (E.D. La. Sep. 26, 2008) ................................. 7

*Scandiliato v. Johnson,*
No. 04-2923, 2005 U.S. Dist. LEXIS 8045 (E.D. La. Apr. 27, 2005) .............................. 1, 7

*The Administrators of the Tulane Ed. Fund v. Biomeasure, Inc.,*
No. 08-5096, 2009 U.S. Dist. LEXIS 104795 (E.D. La. Nov. 10, 2009) ............................. 11

*We're Talkin' Mardi Gras, LLC v. Davis*,
    192 F. Supp. 2d 635 (E.D. La. 2002)...................................................................... 3

*Williams v. Holiday Inn*,
    No. 93-1790, 1995 U.S. Dist. LEXIS 11290 (E.D. La. July 28, 1995) ............................ 1, 8

**STATUTES**

LA. R. S. § 13:3201 .................................................................................................... 3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(2) ............................................................................................. 1, 2

Fed. R. Civ. P. 12(b)(6) ............................................................................................. 1

Knauf Gips KG ("Knauf Gips") moves to dismiss Plaintiffs' Amended Class Action Complaint ("Compl." or "Complaint") for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.[1] Plaintiffs originally filed their Complaint in the U.S. District Court for the Eastern District of Louisiana, and thus this Court may not exercise personal jurisdiction over Knauf Gips absent a finding of sufficient contacts with the State of Louisiana. Here, however, Knauf Gips KG ("Knauf Gips") has no relationship to the allegedly defective drywall upon which Plaintiff's lawsuit is premised, nor has Knauf Gips engaged in any significant contacts with Louisiana itself or through an agent.  Insufficient facts have been alleged, and no facts exist, to justify the exercise of jurisdiction over Knauf Gips with respect to any of the Counts alleged in the Complaint. To overcome the absence of any meaningful contacts, Plaintiffs attempt to manufacture jurisdiction by alleging conclusory facts linking Knauf Gips to Louisiana and attributing acts of other separate and independent entities to Knauf Gips.  Plaintiffs' vague allegations do not provide a basis for jurisdiction, in particular given the facts presented in the Declarations of the Knauf Defendants.

Allegations that are conclusory and/or attempt to establish jurisdiction over a defendant based upon "information and belief" are insufficient to confer jurisdiction on this Court. "[U]nsupported allegations cannot establish personal jurisdiction" *Williams v. Holiday Inn*, No. 93-1790, 1995 U.S. Dist. LEXIS 11290, at *6 (E.D. La. July 28, 1995); *Scandiliato v. Johnson*, No. 04-2923, 2005 U.S. Dist. LEXIS 8045, at *7 (E.D. La. Apr. 27, 2005).  While the Louisiana long-arm statute permits courts to exercise jurisdiction over an entity that engaged in the enumerated acts through its agent, simply alleging an agency relationship does not satisfy the requirements of the long-arm statute.  To prove jurisdiction by virtue of a principal-agent

---

[1] Defendant Knauf Gips, along with Knauf Plasterboard (Tianjin) Co. Ltd. ("KPT"), has also filed a motion to dismiss for failure to state a claim on which relief can be granted, pursuant to Rule 12(b)(6) of

relationship, Louisiana law requires that the plaintiff demonstrate something more than a mere corporate relationship. *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 339 (5th Cir. 1999).

Knauf Plasterboard (Tianjin) Co. Ltd. ("KPT") and the other Chinese companies are independent, Chinese operating companies serving the Chinese market. (Declaration of Mark Norris – KPT ("KPT Decl."), attached as Exhibit A, at ¶¶ 3-5). KPT is a separate Chinese entity in good standing and following all the corporate formalities under Chinese law. (KPT Decl. at ¶ 3). Knauf Gips does not direct KPT's or the other Chinese companies' activities, and Plaintiffs cannot hale Knauf Gips into a court in Louisiana. (Declaration of Oliver Fröhlich – Gips ("Gips Decl."), attached as Exhibit B at ¶ 13).[2]

## I.   ESTABLISHING PERSONAL JURISDICTION.

In multidistrict litigation such as this, the transferee court must apply the law of the transferor forum to determine personal jurisdiction. *In re Taxable Mun. Bonds Litig.*, 1992 U.S. Dist. LEXIS 11778, at *1, *5 (E.D. La. July 27, 1992) (applying Missouri long-arm statute because transferor court was in Missouri); *In re Sterling Foster & Co., Inc. Sec. Litig.*, 222 F. Supp. 2d 289, 300 (E.D.N.Y. 2002). Here, Plaintiffs filed their Complaint in Louisiana, which would determine whether it had personal jurisdiction on the basis of Knauf Gips' contacts with the forum state. *See In re Taxable Mun. Bonds Litig.*, 1992 U.S. Dist. LEXIS 11778, at *5-8. Thus, this Court should likewise apply Louisiana law in determining whether it has personal jurisdiction over Knauf Gips pursuant to Rule 12(b)(2).

Whether a federal court has personal jurisdiction over a defendant is a question of law. *ICEE Distribs., Inc. v. J&J Snack Foods Corp.*, 325 F.3d 586, 591 (5th Cir. 2003). The personal

---

the Federal Rules of Civil Procedure. That motion is incorporated herein by reference.

jurisdiction analysis is a two-step inquiry. *First*, the court must determine whether its exercise of jurisdiction comports with Louisiana's long-arm statute. LA. R. S. § 13:3201. *Second*, if the exercise of jurisdiction is deemed appropriate under the long-arm statute, the court must determine whether it violates the Due Process Clause of the Fourteenth Amendment. *DII, LLC v. Crown Pipe Shops, Inc.*, No. 06-2275, 2007 U.S. Dist. LEXIS 63847, at *9 (W.D. La. Aug. 28, 2007). The Louisiana long-arm statute "extends jurisdiction over nonresidents to the extent allowed by federal due process." *ICEE Distribs.*, 325 F.3d at 591; LA. R. S. § 13:3201(B). Extension of jurisdiction over a nonresident defendant satisfies due process if that nonresident defendant had "sufficient minimum contacts with the forum state to comport with traditional notions of fair play and substantial justice." *Patin v. Thoroughbred Power Boats*, 294 F.3d 640, 652 (5th Cir. 2002) *see also ICEE Distribs.*, 325 F.3d at 591-92. Plaintiff here bears the burden of establishing a *prima facie* case of personal jurisdiction over the defendant. *DII, LLC*, 2007 U.S. Dist. LEXIS 63847, at *7.

As summarily set forth above, Knauf Gips is not subject either to general or specific jurisdiction under Louisiana's long-arm statute. General jurisdiction requires a showing of due process under the Fourteenth Amendment, which is met if a party's contacts with the forum state are so frequent and regular that the court's exercise of jurisdiction is proper regardless of whether those contacts relate to the claims at issue. LA. R. S. § 13:3201(B), *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 416 (1984); *We're Talkin' Mardi Gras, LLC v. Davis*, 192 F. Supp. 2d 635, 641 (E.D. La. 2002) ("Due process requires that continuous and systematic contacts exist between the State and the defendant to exercise general personal

---

[2] KPT, Knauf Wuhu, or Knauf Dongguan do not concede or admit that the drywall manufactured and sold by them was defective.

jurisdiction … .") (internal quotations omitted).  Knauf Gips has not engaged in any substantial or regular business in Louisiana to justify a finding of general jurisdiction over it.

A defendant is deemed to have submitted itself to specific jurisdiction when it "acts directly or by an agent" to engage in any act enumerated in Section A of Louisiana's long-arm statute, *and the plaintiff's cause of action arises from that act*.  *Petroleum Helicopters, Inc. v. Avco Corp.*, 804 F.2d 1367, 1371 n.27 (5th Cir. (La.) 1986) (quoting LA. REV. STAT. ANN. § 13:3201(1)).  In this case, Plaintiffs allege that specific jurisdiction is proper under the long-arm statute for the reason that:

> Knauf Gips, together with its affiliates and/or actual or apparent agents, manufactured, sold distributed, marketed and placed within the stream of commerce gypsum drywall with the expectation that the drywall would be purchased by thousands of consumers within various States, including but not limited to, Louisiana … .

*Id*. at § 13:3201(A)(1), (A)(2), (A)(3), (A)(4); (Compl. at ¶ 17).  Plaintiffs' claims arise from allegedly defective drywall installed in their houses.  Neither Knauf Gips nor its agents designed, tested, manufactured, marketed, supplied or sold the subject drywall.  Accordingly, none of the enumerated factors that could give rise to specific jurisdiction are triggered, and minimum contacts, as required under the due process analysis, do not exist.

## II.    KNAUF GIPS NEITHER OWNS NOR DIRECTS THE CHINESE COMPANIES AND LACKS SIGNIFICANT CONTACTS WITH LOUISIANA.

Knauf Gips is one of many Knauf companies throughout the world that manufactures plasterboard and other building products and provides services to construction related industries.  While many Knauf companies share the name "Knauf," they are engaged in distinct business ventures from Knauf Gips, generally in their own countries or geographic regions.  Plaintiffs' implication that Knauf Gips "exercised control and/or had the right to control" other Knauf entities is misleading and inaccurate.  (*See* Compl. at ¶ 15).

Knauf Gips is organized under the laws of Germany and headquartered in Iphofen, Germany.  (Gips Decl. at ¶ 3).  Knauf Gips manufactures plasterboard and provides systems designed to meet various requirements in the dry construction and plastering sector, primarily in Germany.  (Gips Decl. at ¶ 3).  Knauf Gips does not distribute or sell plasterboard manufactured in China. (Gips Decl. at ¶ 8).

Knauf Gips is not a direct or indirect parent company of KPT, Knauf Plasterboard (Wuhu) Co., Ltd. ("Knauf Wuhu"), or Guangdong Knauf New Building Material Products Co. Ltd. ("Knauf Dongguan"). (Gips Decl. at ¶¶ 5-7; KPT Decl. at ¶ 6; Declaration of David Gregory – Wuhu ("Wuhu Decl."), attached as Exhibit C, at ¶ 6; Declaration of David Gregory – Dongguan ("Dongguan Decl."), attached as Exhibit D, at ¶ 6).  Knauf Gips has not constructed any plants in China for the manufacture of drywall.  (Gips Decl. at ¶ 8).  Knauf Gips has no financial or ownership interest in KPT, Knauf Wuhu, or Knauf Dongguan.  (Gips Decl. at ¶¶ 5-8); KPT Decl. at ¶ 6; Wuhu Decl. at ¶ 6; Dongguan Decl. at ¶ 6).

Knauf Gips plays no role in the management or day-to-day functions of KPT, Knauf Wuhu, or Knauf Dongguan.  (Gips Decl. at ¶ 13; KPT Decl. at ¶ 10; Wuhu Decl. at ¶ 10; Dongguan Decl. at ¶ 10).  Knauf Gips is not, and has never been, financially interdependent with KPT,  Knauf Wuhu and Knauf Dongguan.  (Gips Decl. at ¶ 13; KPT Decl. at ¶¶ 12-13; Wuhu Decl. at ¶¶ 12-13; Dongguan Decl. at ¶¶ 12-13).  Knauf Gips does not share bank accounts with KPT, Knauf Wuhu, or Knauf Dongguan. (Gips Decl. at ¶ 13; KPT Decl. at ¶ 12; Wuhu Decl. at ¶ 12; Dongguan Decl. at ¶ 12).  Knauf Gips does not the maintain production facilities of the Chinese entities and does not utilize the same distribution network as those entities.  (Gips Decl. at ¶¶ 8, 13; KPT Decl. at ¶¶ 11, 13; Wuhu Decl. at ¶¶ 11, 13; Dongguan Decl. at ¶¶ 11, 13).

Knauf Gips does not oversee, monitor or provide day-to-day quality control at KPT's, Knauf Wuhu's or Knauf Dongguan's facilities for the production of drywall in China.  (Gips Decl. at ¶ 14; KPT Decl. at ¶¶ 9, 11; Wuhu Decl. at ¶¶ 9, 11; Dongguan Decl. at ¶¶ 9, 11). Knauf Gips does not direct the manufacture and sale of drywall manufactured in China.  (Gips Decl. at ¶ 8).  Knauf Gips has never purchased drywall manufactured in China, nor has it sold any drywall manufactured in China to any customers in the United States or elsewhere.  (Gips Decl. at ¶ 8; KPT Decl. at ¶ 14; Wuhu Decl. at ¶ 14; Dongguan Decl. at ¶ 14).

Knauf Gips does not have, and has never in the past had, a presence in the State of Louisiana.  (Gips Decl. at ¶ 4).  Knauf Gips has no offices or employees in Louisiana, does not have a license to conduct business in Louisiana, and receives no revenue from business conducted in Louisiana.  (Gips Decl. at ¶ 4).

## III.   ARGUMENT.

### A.   Knauf Gips Has Not Engaged In Any Activity In Louisiana Sufficient To Justify The Exercise Of Jurisdiction Over It.

This Court has no jurisdiction over Knauf Gips.  Contacts between Knauf Gips and the State of Louisiana are utterly lacking.  Drywall manufactured in China by KPT, Knauf Wuhu, or Knauf Dongguan was not manufactured by Knauf Gips.  Knauf Gips does not own or direct KPT, Knauf Wuhu, or Knauf Dongguan.  Thus, Knauf Gips has no connection with the allegedly defective drywall in Louisiana that is the subject of the Complaint.  No facts exist to support the exercise of either general or specific jurisdiction over Knauf Gips.

### 1.   Knauf Gips' contacts with Louisiana are insufficient to support a finding of general personal jurisdiction.

Knauf Gips' has no contacts with Louisiana, and therefore necessarily lacks the required minimum contacts for general jurisdiction.  "General jurisdiction's continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a

forum." *Brokerwood Prods., Int'l v. Cuisine Crotone, Inc.*, 104 Fed. Appx. 376, 382 (5th Cir. 2004); *see also Pollard v. Arsenal Digital Solutions Worldwide, Inc.*, No. 08-0335, 2008 U.S. Dist. LEXIS 83654, at *11 (E.D. La. Sep. 26, 2008).  Further "[t]he continuous corporate operations within a state must be substantial and of such a nature as to justify suit." *Pollard*, 2008 U.S. Dist. LEXIS 83654, at *11.

Significantly, Plaintiffs fail to put forth a single factual allegation to illustrate their conclusions that Knauf Gips is "doing business in several States, including . . . Louisiana" or that "Knauf Gips … has continuously and systematically distributed and sold drywall to numerous purchasers in the United States … ."  (Compl. at ¶¶ 15, 17).  Plaintiffs' conclusory allegations that Knauf Gips is "doing business" in Louisiana are not enough to support general jurisdiction on their face and are disproved by the Defendants' Declarations.

Knauf Gips does not have, and never has had, any office or facility or other physical presence in Louisiana, has never sold products in Louisiana or delivered products to Louisiana residents, has never transacted business in Louisiana, and has never targeted Louisiana residents as its customers through marketing or advertising efforts.  (Gips Decl. at ¶ 4).  Louisiana courts have refused to exercise general jurisdiction absent such significant contacts.  *Scandiliato*, 2005 U.S. Dist. LEXIS 8045, at *6-7. (Refusing to find general jurisdiction over defendant based on plaintiff's unsubstantiated allegation that the defendant issued insurance policies, and finding plaintiff failed to otherwise demonstrate that defendant conducted business in Louisiana because there was no evidence that defendant was licensed to do business in Louisiana or had appointed an agent for service of process there); *Henry v. Gallop, Johnson & Neuman L.C.*, No. 04-0917, 2004 U.S. Dist. LEXIS 18730, at *14-15. (E.D. La. Sep. 17, 2004) (finding no general jurisdiction where the defendant did not maintain a regular place of business in Louisiana, had no

7

registered agent for service of process in the state, did not employ persons in the state, and did not market or advertise its services in the state).

### 2. Knauf Gips' contacts with Louisiana are insufficient to support a finding of specific personal jurisdiction.

Knauf Gips has no contacts with Louisiana.  The absence of any relationship to the alleged injury is fatal to a finding of specific jurisdiction over Knauf Gips.  At no time has Knauf Gips manufactured drywall using components mined from China.  (Gips Decl. at ¶ 8).  All drywall sold by Knauf Gips contains materials mined or manufactured in Germany or other countries in Europe, and its drywall is manufactured at its plants in Germany.  (Gips Decl. at ¶ 8).  Knauf Gips has never purchased or sold drywall manufactured by KPT, Knauf Wuhu, or Knauf Dongguan.  (Gips Decl. at ¶ 8; KPT Decl. at ¶ 14; Wuhu Decl. at ¶ 14; Dongguan Decl. at ¶ 14).  Accordingly, Plaintiffs cannot demonstrate any facts that connect their claims to Knauf Gips under Louisiana's long-arm provision.

The Fifth Circuit follows a three-step analysis for specific jurisdiction:

> (1) whether the defendant has minimum contacts with the forum state, *i.e*, whether it purposefully directed its activities toward the forum state *or purposefully availed itself of the privileges of conducting activities there*;
>
> (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and
>
> (3) whether the exercise of personal jurisdiction is fair and reasonable.

*DII, LLC*, 2007 U.S. Dist. LEXIS 63847, at *11-12 (emphasis original); *see also Nuovo Pignone v. Storman Asia M/V*, 310 F.3d 374, 378 (5th Cir. 2002).  Knauf Gips has no contacts with the forum state and thus Louisiana cannot assert personal jurisdiction over it.  *See Williams*, 1995 U.S. Dist. LEXIS 11290, at *5-6 ( "The moving parties assert they lack any contact whatsoever

with the State of Louisiana. … [P]laintiffs provide no evidence of contacts … with Louisiana to support personal jurisdiction. … Because unsupported allegations cannot establish personal jurisdiction, [the court] grant[s] the motion to dismiss due to lack of personal jurisdiction.")

Plaintiffs have not established that Knauf Gips has minimum contacts with Louisiana.  At no point in time has Knauf Gips availed itself of the privilege of doing business in Louisiana. Knauf Gips does not conduct, and has not conducted in the past, any business in Louisiana. (Gips Decl. at ¶ 4).  No actions by Knauf Gips could be construed as placing it on notice that it could be haled into a Louisiana court for sales of allegedly defective drywall allegedly manufactured by other entities in China.  The exercise of jurisdiction over Knauf Gips by this Court would therefore be inconsistent with constitutional due process.

**B.     Knauf Gips Did Not Submit To The Jurisdiction Of This Court Through An Agent.**

Plaintiffs also attempt to convince the Court to exercise jurisdiction over Knauf Gips through an agency theory.   No facts exist to support the existence of a principal-agent relationship between Knauf Gips and either KPT, Knauf Wuhu, or Knauf Dongguan, much less that any of these Chinese companies are mere shells, as would be required for the Court to find personal jurisdiction based on an agency theory.  To show a principal-agent relationship for the purpose of personal jurisdiction, the Fifth Circuit considers seven factors:

(1) [the] amount of stock owned by the parent of the subsidiary;

(2) [whether]  the two corporations have separate headquarters;

(3) [whether] they have common officers and directors;

(4) [whether] they observe corporate formalities;

(5) [whether] they maintain separate accounting systems;

(6) [whether] the parent exercise complete authority over general policy;

(7) [and whether] the subsidiary exercise[s] complete authority over daily operations.

*Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 339 (5th Cir. 1999). KPT, Knauf Wuhu, and Knauf Dongguan themselves do not have a presence in Louisiana. KPT, Knauf Wuhu, and Knauf Dongguan have no direct corporate relationship to Knauf Gips. (Gips Decl. at ¶¶ 5-7). Each is an independent company with its own managers, bank accounts, offices, employees, and marketing practices. (KPT Decl. at ¶¶ 10-13; Wuhu Decl. at ¶¶ 10-13; Dongguan Decl. at ¶¶ 10-13). The fact that the "Knauf" defendants belong to a loosely described and informally identified Knauf corporate "family" does not give rise to an agency relationship between those entities. *Dickson Marine Inc.*, 179 F.3d at 339 ("[T]he mere fact that a corporate relationship exists is not sufficient to warrant the assertion of jurisdiction over a related corporate entity.") Mere allegations "upon information and belief" that Knauf Gips "exercised control and/or had the right to control" KPT, Knauf Wuhu, and Knauf Dongguan are insufficient to overcome this principle of law.

Knauf Gips has no ownership interest in KPT, Knauf Wuhu, or Knauf Dongguan. KPT, Knauf Wuhu, and Knauf Dongguan maintain and operate their businesses independent of Knauf Gips. (Gips Decl. at ¶¶ 5-7; KPT Decl. at ¶¶ 10-13; Wuhu Decl. at ¶¶ 10-13; Dongguan Decl. at ¶¶ 10-13). KPT, Knauf Wuhu, and Knauf Dongguan do not market or distribute drywall manufactured by Knauf Gips, and Knauf Gips does not sell, market, or distribute drywall manufactured by KPT, Knauf Wuhu, Knauf Dongguan, or any other person or entity in China. (Gips Decl. at ¶ 8; KPT Decl. at ¶ 14; Wuhu Decl. at ¶ 14; Dongguan Decl. at ¶ 14).

Plaintiffs attempt to manufacture an agency relationship based on Knauf Gips' alleged control of KPT, Knauf Wuhu, and Knauf Dongguan. Specifically, Plaintiffs allege that:

Upon information and belief, at all material times [*sic*] hereto, Knauf Gips supervised, operated, trained and otherwise exercised

10

> control and/or had the right to control the operations of Knauf
> Tianjin, and its agents, apparent agents, and employees.

(Compl. at ¶ 15).  These vague allegations of control are unsubstantiated and insufficient for a finding of personal jurisdiction over Knauf Gips.

KPT, Knauf Wuhu, and Knauf Dongguan generally manufacture their drywall according to a Chinese standard, GB/T 9755-1999 (now GB/T 9755-2008), and the shipments to the U.S. also complied with ASTM C36.[3]  (KPT Decl. at ¶ 9; Wuhu Decl. at ¶ 9; Dongguan Decl. at ¶ 9). Knauf Gips does not monitor the production of drywall to ensure that product manufactured by KPT, Knauf Wuhu, or Knauf Dongguan meets quality control standards established by those Chinese companies or their customers.  (Gips Decl. at ¶ 14; KPT Decl. at ¶ 9; Wuhu Decl. at ¶ 9; Dongguan Decl. at ¶ 9).

Even if Plaintiffs' allegations were not refuted by the Declarations of Knauf Gips, KPT, Knauf Wuhu, and Knauf Dongguan, they are insufficient on their face to establish an agency relationship upon which jurisdiction can be predicated.  Plaintiffs' allegations that Knauf Gips had some discretionary, operational control over the activities of KPT, Knauf Wuhu, or Knauf Dongguan, even if true, are not sufficient under the seven-factor test above.  They are independent, domestic Chinese businesses who exercise complete authority over daily operations, with their own headquarters, and maintaining corporate formalities.  Further, while "[t]here is nothing improper about a corporate parent setting general budgeting and purchasing guidelines for its wholly-owned subsidiary or limiting the scope of the subsidiary's strategic activities," that is not even the case here.  *The Administrators of the Tulane Ed. Fund v. Biomeasure, Inc.*, No. 08-5096, 2009 U.S. Dist. LEXIS 104795, at *14 (E.D. La. Nov. 10, 2009). Knauf Gips is not the corporate parent of KPT, Knauf Wuhu or Knauf Dongguan.  (Gips Decl. at

¶¶ 5-8; KPT Decl. at ¶ 3; Wuhu Decl. at ¶ 3; Dongguan Decl. at ¶ 3).  Furthermore, Knauf Gips does not set budgeting, purchasing, marketing or manufacturing guidelines for KPT, Knauf Wuhu or Knauf Dongguan.  (Gips Decl. at ¶¶ 13-14; KPT Decl. at ¶¶ 9, 12-13; Wuhu Decl. at ¶¶ 9, 12-13; Dongguan Decl. at ¶¶ 9, 12-13).

The uncontroverted facts establish that KPT, Knauf Wuhu, and Knauf Dongguan operate independently from Knauf Gips.  Each entity owns its own production facilities, distributes its own products, maintains its own accounts and pays its own employees.  (KPT Decl. at ¶ 7, 12-13; Wuhu Decl. at ¶ 7, 12-13; Dongguan Decl. at ¶ 7, 12-13).  Any contact between Knauf Gips and KPT, Knauf Wuhu, and Knauf Dongguan is within the corporate "family" relationship, the allegation of which is insufficient to confer jurisdiction.  Because Plaintiffs cannot meet their burden to establish an agency relationship sufficient to support the exercise of specific jurisdiction over Knauf Gips, Knauf Gips should be dismissed from this case.

## IV.    CONCLUSION

For the foregoing reasons, Knauf Gips respectfully requests that this Court grant its Motion to Dismiss for lack of personal jurisdiction.

---

[3] ASTM C36 refers to a Standard Specification for Gypsum Wallboard that was set by ASTM International.  It preceded the current standard, C1396/C1396M, which was implemented in 2005.

Date:   April 21, 2010                          Respectfully submitted,

                                                /s/ Douglas B. Sanders

                                                Douglas B. Sanders
                                                Richard Franklin
                                                BAKER & MCKENZIE LLP
                                                130 E. Randolph Dr.
                                                Chicago, IL 60601
                                                Telephone: (312) 861-8075
                                                Facsimile:  (312) 698-2375
                                                Email: douglas.b.sanders@bakernet.com

                                                Donald J. Hayden
                                                BAKER & MCKENZIE LLP
                                                1111 Brickell Avenue, Suite 1700
                                                Miami, Florida 33131
                                                Telephone: (305) 789-8966
                                                Facsimile:  (305) 789-8953
                                                E-mail: Donald.hayden@bakernet.com

                                                Kerry Miller (LA Bar No. 24562)
                                                Kyle A. Spaulding (LA Bar No. 29000)
                                                FRILOT L.L.C.
                                                1100 Poydras Street, Suite 3700
                                                New Orleans, Louisiana 70163
                                                Telephone:  (504) 599-8194
                                                Facsimile:   (504) 599-8145
                                                Email: kmiller@frilot.com

                                                *Attorneys for Defendant, Knauf Gips KG*

13

## <u>CERTIFICATE</u>

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 2047, on this 21st day of April, 2010.

s/Douglas B. Sanders