IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | MDL NO. 2047 SECTION: L |
| **THIS DOCUMENT RELATES TO: 09-cv-4119 (MORRIS-CHIN)** | JUDGE FALLON MAG. JUDGE WILKINSON |

JANET MORRIS-CHIN and DAJAN
GREEN, individually and on behalf of all
others similarly situated,

    Plaintiffs,

       v.

KNAUF PLASTERBOARD TIANJIN CO.
LTD., KNAUF GIPS KG, KNAUF PLASTERBOARD
(WUHU) CO. LTD., KNAUF PLASTERBOARD
(DONGGUAN) CO. LTD., and ROTHCHILT INT'L.,
LTD.,

    Defendants.

**DEFENDANT KNAUF GIPS KG'S MEMORANDUM IN SUPPORT OF
ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

## TABLE OF CONTENTS

**Page**

I.  ESTABLISHING PERSONAL JURISDICTION .................................................................... 2

II.  KNAUF GIPS DOES NOT OWN OR DIRECT THE CHINESE COMPANIES
     AND HAS NO SIGNIFICANT CONTACT WITH FLORIDA ...................................... 4

III.  ARGUMENT ................................................................................................................. 6

     A.  Knauf Gips Has Not Engaged In Any Activity In Florida Sufficient To
         Justify The Exercise Of Jurisdiction Over It ....................................................... 6

         1.  Knauf Gips' contacts with Florida are insufficient to support a
             finding of general personal jurisdiction ................................................... 7

         2.  Knauf Gips' contacts with Florida are insufficient to support a
             finding of specific personal jurisdiction ................................................ 10

             a.  Knauf Gips has not operated a business in Florida .................... 11

             b.  Knauf Gips has not committed a tortious act or caused
                 injury to property in Florida .................................................... 12

             c.  Knauf Gips' drywall did not cause injury to the Plaintiffs .......... 13

     B.  Knauf Gips Did Not Submit To The Jurisdiction Of This Court Through
         An Agent .......................................................................................................... 14

     C.  Plaintiffs' Allegations Of Jurisdiction Do Not Satisfy Due Process
         Requirements ................................................................................................... 19

IV.  CONCLUSION ........................................................................................................... 19

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Abramson v. The Walt Disney Co.*,
132 Fed. Appx. 273 (11th Cir. 2005)............................................................17, 18

*Associated Transp. Line, Inc. v. Productos Fitosanitarios Proficol El. Carmen*,
197 F.3d 1070 (11th Cir. 2000)............................................................... 13

*Bernardele v. Bonorino*,
2009 U.S. Dist. LEXIS 27995 (S.D. Fla. Mar. 27, 2009)............................3, 8, 11

*Consol. Dev. Corp. v. Sherritt, Inc.*,
216 F.3d 1286 (11th Cir. (Fla.) 2000)....................................................2, 14, 15

*Crowe v. Paragon Relocation Res.*,
506 F. Supp. 2d 1113 (N.D. Fla. 2007) ................................................. 10

*Elite Aluminum Corp. v. Trout*,
451 F. Supp. 2d 1311 (S.D. Fla. 2006) ................................................. 11

*Francosteel Corp. v. M/V Charm*,
19 F.3d 624 (11th Cir. 1994)................................................................. 19

*Future Tech. Today, Inc. v. OSF Healthcare Sys.*,
218 F.3d 1247 (11th Cir. 2000)......................................................... 4, 11

*General Cigar Holdings, Inc. v. Altadis, S.A.*,
205 F. Supp. 2d 1335 (S.D. Fla. 2002) ............................................12, 18, 19

*Glovegold Shipping, Ltd. v. Sveriges Angfartygs Assurans Forening*,
791 So. 2d 4 (Fla. Dist. Ct. App. 1st Dist. 2000) ................................. 10

*Helicopteros Nacionales de Colombia v. Hall*,
466 U.S. 408, 104 S. Ct. 1868, 80 L. Ed. 404 (1984)............................... 3

*Hesterly v. Royal Caribbean Cruises, Ltd.*,
2008 U.S. Dist. LEXIS 13892 (S.D. Fla. Feb. 25, 2008) .........................10, 14

*In re Sterling Foster & Co., Inc. Sec. Litig.*,
222 F. Supp. 2d 289 (E.D.N.Y. 2002) ................................................... 2

*In re Taxable Mun. Bonds Litig.*,
1992 U.S. Dist. LEXIS 11778 (E.D. La. July 27, 1992) .............................. 2

*Lawson Cattle & Equip., Inc. v. Pasture Renovators LLC*,
   139 Fed. Appx. 140 (11th Cir. 2005) ................................................................... 1

*Meier v. Sun Int'l Hotels, Ltd.*,
   288 F.3d 1264 (11th Cir. 2002) ................................................................... passim

*Miller v. Berman*,
   289 F. Supp. 2d 1327 (M.D. Fla. 2003) ................................................................ 7

*Oriental Imports & Exports, Inc. v. Maduro & Curiel's Bank, N.V.*,
   701 F.2d 889 (11th Cir. 1983) ..................................................................... 12, 13

*Rexam Airspray, Inc. v. Arminak*,
   471 F. Supp. 2d 1292 (S.D. Fla. 2007) ........................................................... 7, 10

*Snow v. DirectTV, Inc.*,
   450 F.3d 1314 (11th Cir. 2006) .............................................................. 3, 7, 8, 9

*United Techs. Corp. v. Mazer*,
   556 F.3d 1260 (11th Cir. 2009) ................................................................... 9

*White v. Bombardier Corp.*,
   313 F. Supp. 2d 1295 (N.D. Fla. 2004) ............................................................ 12

## STATUTES

FLA. STAT. § 48.193(1)-(2) ................................................................. 3, 4, 7, 12, 13

## OTHER AUTHORITIES

Fed. R. Civ. P. 12(b)(2) ............................................................................ 1, 3

Fed. R. Civ. P. Rule 12(b)(6) ........................................................................ 1

Knauf Gips KG ("Knauf Gips") moves to dismiss Plaintiffs' Amended Class Action Complaint ("Complaint" or "Compl.") for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.[1] Plaintiffs originally filed the Complaint in the U.S. District Court for the Southern District of Florida, and thus this Court may not exercise personal jurisdiction over Knauf Gips absent a finding of sufficient contacts with the State of Florida. Here, however, Knauf Gips KG ("Knauf Gips") has no relationship to the allegedly defective drywall upon which Plaintiff's lawsuit is premised, nor has Knauf Gips engaged in any significant contacts with Florida itself, or through an agent. Insufficient facts have been alleged, and no facts exist, to justify the exercise of jurisdiction over Knauf Gips with respect to any of the Counts alleged in the Amended Class Action Complaint ("Complaint"). To overcome the absence of any meaningful contacts, Plaintiffs attempt to manufacture jurisdiction by alleging conclusory facts linking Knauf Gips to Florida and attributing acts of other separate and independent entities to Knauf Gips. Plaintiffs' vague allegations do not provide a basis for jurisdiction, in particular given the facts presented in the Declarations of the Knauf Defendants.

Allegations that are conclusory and/or attempt to establish jurisdiction over a defendant based upon "information and belief" are insufficient to confer jurisdiction on this Court. "A plaintiff seeking to subject a nonresident defendant to jurisdiction of the court through the long-arm statute must do more than allege facts that show a possibility of jurisdiction." *Lawson Cattle & Equip., Inc. v. Pasture Renovators LLC*, 139 Fed. Appx. 140, 142 (11th Cir. 2005) (quoting *Jet Charter Service, Inc. v. Koeck*, 907 F.2d 1110, 1112 (11th Cir. 1990)). While the Florida long-arm statute permits courts to exercise jurisdiction over an entity that engaged in the enumerated acts through its agent, simply alleging an agency relationship does not satisfy the

---

[1] Defendant Knauf Gips, along with Knauf Plasterboard (Tianjin) Co. Ltd. ("KPT"), has also filed a motion to dismiss for failure to state a claim on which relief can be granted, pursuant to Rule 12(b)(6) of

requirements of the long-arm statute.   To prove jurisdiction by virtue of a principal-agent relationship, Florida law requires that the plaintiff demonstrate that the agent had no purpose or function other than acting on behalf of its principal.  *Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1272 (11th Cir. 2002).   Knauf Plasterboard (Tianjin) Co. Ltd. ("KPT") and the other Chinese companies are independent, Chinese operating companies serving the Chinese market. (Declaration of Mark Norris – KPT ("KPT Decl."), attached as Exhibit A, at ¶¶ 3-5).  KPT is a separate Chinese entity in good standing and following all the corporate formalities under Chinese law.  (Decl. of KPT at ¶ 3).  Knauf Gips does not direct KPT's or the other Chinese companies' activities, and Plaintiffs cannot hale Knauf Gips into a  court in Florida. (Declaration of Oliver Frölich – Gips ("Gips Decl."), attached as Exhibit B, at  ¶ 13).[2]

## I.      ESTABLISHING PERSONAL JURISDICTION.

In multidistrict litigation such as this, the transferee court must apply the law of the transferor forum to determine personal jurisdiction.  *In re Taxable Mun. Bonds Litig.*, 1992 U.S. Dist. LEXIS 11778, at *1, *5 (E.D. La. July 27, 1992) (applying Missouri long-arm statute because transferor court was in Missouri); *In re Sterling Foster & Co., Inc. Sec. Litig.*, 222 F. Supp. 2d 289, 300 (E.D.N.Y. 2002).  Whether a federal court has personal jurisdiction over a defendant is a question of law.  *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. (Fla.) 2000).

Here, the transferor court is a U.S. district court in Florida, which would determine whether it had personal jurisdiction on the basis of Knauf Gips' contacts with the forum state. *See In re Taxable Mun. Bonds Litig.*, 1992 U.S. Dist. LEXIS 11778, at *5-8.   Thus, this Court should likewise apply Florida law in determining whether it has personal jurisdiction over Knauf

---

the Federal Rules of Civil Procedure. That motion is incorporated herein by reference.

Gips pursuant to Rule 12(b)(2). The personal jurisdiction analysis is a two-step inquiry: *First*, the court must determine whether its exercise of jurisdiction comports with Florida's long-arm statute. *Bernardele v. Bonorino*, 2009 U.S. Dist. LEXIS 27995, at *8 (S.D. Fla. Mar. 27, 2009); *see also* FLA. STAT. § 48.193(1)-(2). *Second*, if the exercise of jurisdiction is deemed appropriate under the State's long-arm statute, the court must determine whether the exercise of personal jurisdiction would violate the Due Process Clause of the Fourteenth Amendment. *Bernardele*, 2009 U.S. Dist. LEXIS 27995, at *8. Plaintiff bears the burden of establishing a *prima facie* case of personal jurisdiction over the defendant. *Id.* at *9-10.

As summarily set forth above, Knauf Gips is not subject either to general or specific jurisdiction under Florida's long-arm statute. General jurisdiction requires a showing of due process under the Fourteenth Amendment, which is met if a party's contacts with the forum state are so frequent and regular that the court's exercise of jurisdiction is proper regardless of whether those contacts relate to the claims at issue. FLA. STAT. § 48.193(2); *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 104 S. Ct. 1868, 80 L. Ed. 404 (1984); *Snow v. DirectTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006) (interpreting the term "substantial and not isolated activity" in Florida's long-arm statute to mean "continuous and systematic general business contact with Florida") (internal quotations omitted). Knauf Gips has not engaged in any substantial or regular business in Florida to justify a finding of general jurisdiction over it.

A defendant is deemed to have submitted itself to specific jurisdiction when it "personally or through an agent" engages in any act enumerated in Section 1 of Florida's long-arm statute, ***and the plaintiff's cause of action arises from that act***. In this case, Plaintiffs

---

[2] KPT, Knauf Wuhu, or Knauf Dongguan do not concede or admit that the drywall manufactured and sold by them was defective.

allege that specific jurisdiction is proper under the long-arm statute for the reason that Knauf Gips personally, or through an agent:

> (1) operated, conducted, engaged in or carried on a business or business venture in Florida; and
>
> (2) committed a tortious act within Florida; and
>
> (3) caused injury to property in Florida and, or about the time of injury, products manufactured, serviced, or processed by Knauf Gips or through its agent, were consumed by persons in Florida in the ordinary course of business.

FLA. STAT. § 48.193(1)(a), (b), (f)(2); (Sec. Am. Compl. at ¶ 16).   Plaintiffs' claims arise from allegedly defective drywall installed in their homes.  Neither Knauf Gips nor its agents designed, tested, manufactured, marketed, supplied or sold the subject drywall.  Accordingly, none of the enumerated factors that could give rise to specific jurisdiction are triggered.  As with general jurisdiction, a showing of due process is necessary in order for a court to confer specific personal jurisdiction – even if the technical requirements of the long-arm statute are met.  *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1252 (11th Cir. 2000) (concluding that although the long-arm statute "may have been met on its technical requirements, the due process considerations of minimum contacts and fair play prevent the action from going forward in this court.")

## II.   KNAUF GIPS DOES NOT OWN OR DIRECT THE CHINESE COMPANIES AND HAS NO SIGNIFICANT CONTACT WITH FLORIDA.

Knauf Gips is one of many Knauf companies throughout the world that manufactures plasterboard, other building products and provides services to construction related industries.  While many Knauf companies share the name "Knauf", they are engaged in distinct business ventures from Knauf Gips, generally in their own countries or geographic regions.  Plaintiffs'

implication that Knauf Gips acts "in conjunction" with other Knauf entities is misleading and inaccurate.  (*See* Sec. Am. Compl. at ¶ 11).

Knauf Gips is organized under the laws of Germany and headquartered in Iphofen, Germany.  (Gips Decl. at ¶ 3).  Knauf Gips manufactures plasterboard and provides systems designed to meet various requirements in the dry construction and plastering sector, primarily in Germany.  (Gips Decl. at ¶ 3).  Knauf Gips does not distribute or sell plasterboard manufactured in China. (Gips Decl. at ¶ 8).

Knauf Gips is not a direct or indirect parent company of KPT, Knauf Plasterboard (Wuhu) Co., Ltd. ("Knauf Wuhu"), or Guangdong Knauf New Building Material Products Co. Ltd. ("Knauf Dongguan"). (Gips Decl. at ¶¶ 5-7; KPT Decl. at ¶ 6;  Declaration of David Gregory – Wuhu ("Wuhu Decl."), attached as Exhibit C, at ¶ 6; Declaration of David Gregory – Guangdong ("Dongguan Decl."), attached as Exhibit D, at  ¶ 6).  Knauf Gips has not constructed any plants in China for the manufacture of drywall.  (Gips Decl. at ¶ 8).  Knauf Gips has no financial or ownership interest in KPT, Knauf Wuhu, or Knauf Dongguan.  (Gips Decl. at ¶¶ 5-8); KPT Decl. at ¶ 6; Wuhu Decl. at ¶ 6; Dongguan Decl. at ¶ 6).

Knauf Gips plays no role in the management or day-to-day functions of KPT, Knauf Wuhu or Knauf Dongguan.  (Gips Decl. at ¶ 13; KPT Decl. at ¶ 10; Wuhu Decl. at ¶ 10; Dongguan Decl. at ¶ 10).  Knauf Gips is not, and has never been, financially interdependent with KPT,  Knauf Wuhu and Knauf Dongguan.  (Gips Decl. at ¶ 13; KPT Decl. at ¶¶ 12-13 ; Wuhu Decl. at ¶¶ 12-13; Dongguan Decl. at ¶¶ 12-13).  Knauf Gips does not share bank accounts with KPT, Knauf Wuhu, or Knauf Dongguan. (Gips Decl. at ¶ 13; KPT Decl. at ¶ 12; Wuhu Decl. at ¶ 12; Dongguan Decl. at ¶ 12).  Knauf Gips does not the maintain production facilities of the

Chinese entities and does not utilize the same distribution network as those entities.  (Gips Decl. at ¶¶ 8, 13; KPT Decl. at ¶¶ 11, 13; Wuhu Decl. at ¶¶ 11, 13; Dongguan Decl. at ¶¶ 11, 13).

Knauf Gips does not oversee, monitor, or provide day-to-day quality control at KPT's, Knauf Wuhu's or Knauf Dongguan's facilities for the production of drywall in China.  (Gips Decl. at ¶ 14; KPT Decl. at ¶¶ 9, 11; Wuhu Decl. at ¶¶ 9,11; Dongguan Decl. at ¶¶ 9, 11).  Knauf Gips does not direct the manufacture and sale of drywall manufactured in China.  (Gips Decl. at ¶ 8).  Knauf Gips has never purchased drywall manufactured in China, nor has it sold any drywall manufactured in China to any customers in the United States or elsewhere.  (Gips Decl. at ¶ 8; KPT Decl. at ¶ 8; Wuhu Decl. at ¶ 14; Dongguan Decl. at ¶ 14).

Knauf Gips does not have, and has never in the past had, a presence in the State of Florida.  (Gips Decl. at ¶ 4).  Knauf Gips has no offices or employees in Florida, does not have a license to conduct business in Florida, and receives no revenue from business conducted in Florida.  (Gips Decl. at ¶ 4).  Knauf Gips' only colorable "contact" with Florida is a single sale of drywall to L&W Supply, a Chicago corporation.  (Gips Decl. at ¶ 9; Invoice, attached as Exhibit 1).  The shipment arrived at a port in Cape Canaveral, Florida on March 22, 2006.  (Gips Decl. at ¶ 10; Ex. 1).  To the extent Knauf Gips shipped drywall to the United States that arrived via a port in Florida, the drywall was manufactured in Germany, not China, and did not contain any of the materials that form the basis of Plaintiffs' allegations.  (Gips Decl. at ¶ 10; Sec. Am. Compl. at ¶ 3).  Moreover, Knauf Gips' lone U.S. sale represented less than 0.0265 percent of Knauf Gips' total sales for 2006.  (Gips Decl. at ¶ 9).

III.     **ARGUMENT.**

   A.     **Knauf Gips Has Not Engaged In Any Activity In Florida Sufficient To Justify The Exercise Of Jurisdiction Over It.**

This Court has no jurisdiction over Knauf Gips.  There is a complete lack of meaningful contacts between Knauf Gips and the State of Florida.  Drywall manufactured in China by KPT, Knauf Wuhu, or Knauf Dongguan was not manufactured by Knauf Gips.  Knauf Gips does not control KPT, Knauf Wuhu, or Knauf Dongguan.  Thus, Knauf Gips has no connection with the allegedly defective drywall in Florida that is the subject of the Complaint.  No facts exist to support the exercise of either general or specific jurisdiction against Knauf Gips.

   1.     **Knauf Gips' contacts with Florida are insufficient to support a finding of general personal jurisdiction.**

Knauf Gips' contacts with Florida are nominal and fall far short of the standard needed to justify the exercise of general personal jurisdiction.  A nonresident corporation's contacts with the forum state that are unrelated to the litigation "must be substantial in order to warrant the exercise of general personal jurisdiction."  *Meier*, 288 F.3d at 1274.  Under the long-arm statute providing for general personal jurisdiction, the defendant must have been engaged in "substantial and not isolated activity" in Florida.  FLA. STAT. § 48.193(2); *Snow*, 450 F.3d at 1318-19.  The general personal jurisdiction requirements are "more stringent" than those for specific personal jurisdiction and require "a showing of continuous and systemic general business contacts between the defendant and the forum state."  *Meier*, 288 F.3d at 1274 (quoting *Consolidated Dev. Corp.*, 216 F.3d at 1292); *see also Rexam Airspray, Inc. v. Arminak*, 471 F. Supp. 2d 1292, 1299 (S.D. Fla. 2007) (infrequent business travel to Florida for sales meetings, employment of Florida agent, and single advertisement deemed insufficient for general jurisdiction); *Miller v. Berman*, 289 F. Supp. 2d 1327, 1334 (M.D. Fla. 2003) (finding that general jurisdiction was not conferred over defendants who did not engage in activity within Florida but merely posted a

passive website and did not solicit Florida residents or engage in business with Florida residents over the Internet).

Significantly, Plaintiffs fail to put forth a single factual allegation to illustrate their conclusions that Knauf Gips "has directed its activities, including the manufacture and sale of drywall, to residents of the State of Florida" and "does substantial business … in the State of Florida specifically." (Sec. Am. Compl. at ¶ 11). To establish that a defendant was carrying on a business or business venture in the state, "[t]he activities of the [defendant] sought to be served must be considered collectively and show a general course of business activity in the State for pecuniary benefit." *Bernardele*, 2009 U.S. Dist. LEXIS 27995, at *21 (citing *Sculptchair v. Century Arts Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996)). Plaintiffs' conclusory allegations that Knauf Gips has engaged in substantial business in Florida are not enough to support general jurisdiction on their face and are disproved by the Defendants' Declarations.

Knauf Gips' contact with Florida is, in fact, minimal. The sum total of Knauf Gips' "contact" with Florida consists of two shipments of drywall in March 2006 to L&W Supply Corporation, Chicago, Illinois. L&W Supply directed that the shipment be delivered to a port in Cape Canaveral, Florida. (Gips Decl. at ¶ 9). This drywall was manufactured in Germany, not China. (Gips Decl. at ¶¶ 8, 10). Two shipments to a Florida port sent on a single day at the direction of a Chicago-based company do not amount to a "general course of business activity." Nor did the shipments represent a "pecuniary benefit" derived from Florida, given that the buyer was an Illinois resident; Knauf Gips has no knowledge of whether the drywall even remained in or was used in Florida. (Gips Decl. at ¶ 11); *Bernardele*, 2009 U.S. Dist. LEXIS 27995, at *21 (citing *Sculptchair*, 94 F.3d at 627). Even assuming that *all* of the material shipped was used in Florida homes, it would have constituted only a miniscule amount of Knauf Gips' revenue for

the single year of the "contact", as its actual percentage of Knauf Gips' overall sales represented less than 0.0265 percent in 2006. (Gips Decl. at ¶ 9).

The Eleventh Circuit has refused to exercise general jurisdiction over defendants whose minimal contacts with the state showed little or no pecuniary gain or presence in Florida. *Snow*, 450 F.3d at 1319. In *Snow*, the court measured the plaintiff's speculative allegations that the defendant, Yarmuth, was subject to general jurisdiction in Florida against an affidavit from Yarmuth outlining its few contacts with Florida, and concluded:

> Based on the allegations, the affidavits, and the supporting documentation, we find no "continuous and systematic" contacts sufficient to subject Yarmuth to general jurisdiction in Florida. Any suggestion that Yarmuth was involved in all 1,820 of DirectTV's Florida cases is speculation. Yarmuth's negotiations on DirectTV's behalf with some Florida residents, its seven appearances as counsel of record for DirectTV, and its representation of four Florida clients in Washington courts are not enough to establish general jurisdiction, when balanced against Yarmuth's lack of a physical presence in Florida, its non-solicitation of Florida clients, and its deriving less than one percent of its revenues from matters connected with Florida. Yarmuth falls outside the scope of § 48.193(2).

*Id.* Knauf Gips' single contact with Florida pales in comparison to Yarmuth's contacts in *Snow*. Like Yarmuth, Knauf Gips derived less than 0.0265 percent of its income from the State of Florida during the single year of its "contact" with Florida. Moreover, unlike Yarmuth, Knauf Gips did not intentionally direct its business toward Florida, nor did Knauf Gips at any time gain revenue from Florida residents or seek out Florida residents to further its business purposes. (Gips Decl. at ¶ 4).

Aside from this nominal "contact" with Florida, Knauf Gips does not have, and never has had, any office or facility or other physical presence in Florida; has never sold products in Florida, or delivered products to, Florida residents; has never transacted business in Florida; and has never targeted Florida residents as its customers through marketing or advertising efforts.

(Gips Decl. at ¶ 4).  Florida courts have refused to exercise general jurisdiction absent such significant contacts.  *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1275 n.15 (11th Cir. 2009) (dismissing contention that defendant was subject to general jurisdiction where unrefuted affidavit indicated it conducted no business in Florida; allegations of employee's two-month stay in Florida could not support Florida domicile and alleged business conducted during that time fell far short of "continuous and systemic general business contacts"); *Hesterly v. Royal Caribbean Cruises, Ltd.*, 2008 U.S. Dist. LEXIS 13892, at *31 (S.D. Fla. Feb. 25, 2008) (granting motion to dismiss where unrefuted record evidence showed defendants never resided in Florida, were not licensed to practice in Florida, never owned real property in Florida, never operated an office in Florida, and engaged in no other type of substantial and not isolated activity there); *Rexam Airspray, Inc. v. Arminak,* 471 F. Supp. 2d 1292, 1299 (S.D. Fla. 2007) (infrequent business travel to Florida for sales meetings, employment of Florida agent, and one-time advertisement deemed insufficient).

> **2.     Knauf Gips' contacts with Florida are insufficient to support a finding of specific personal jurisdiction.**

Knauf Gips' sole "contact" with Florida is unrelated to the injury alleged in the Complaint. The absence of any relationship to the alleged injury is fatal to a finding of specific jurisdiction over Knauf Gips.  No nexus exists between the causes of action alleged and the enumerated acts upon which specific jurisdiction is predicated, as is required for specific jurisdiction under the provisions of Section 48.193(1) of the long-arm statute. *Crowe v. Paragon Relocation Res.*, 506 F. Supp. 2d 1113, 1120 (N.D. Fla. 2007) (noting that the "arising from" language of the provision is satisfied by a showing of some 'direct affiliation, nexus, or substantial connection between the cause of action and the [defendant's] activities within the state.'") (quoting *Sun Trust Bank v. Sun Int'l Hotels, Ltd.,* 184 F.Supp.2d 1246, 1269 (S.D. Fla.

2001)) (alteration in *Crowe*); *Glovegold Shipping, Ltd. v. Sveriges Angfartygs Assurans Forening*, 791 So. 2d 4, 10 (Fla. Dist. Ct. App. 1st Dist. 2000) (quoting *Citicorp Ins. Brokers v. Charman*, 635 So. 2d 79, 82 (Fla. Ct. App. 1994)) (alterations in *Glovegold*).   Such nexus is lacking here.

At no time has Knauf Gips manufactured drywall using components mined from China. (Gips Decl. at ¶ 8).  All drywall sold by Knauf Gips contains materials mined or manufactured in Germany or other countries in Europe, and its drywall is manufactured at its plants in Germany. (Gips Decl. at ¶ 8).  Knauf Gips has never purchased or sold drywall manufactured by KPT, Knauf Wuhu, or Knauf Dongguan.  (Gips Decl. at ¶ 8; KPT Decl. at ¶ 14; Wuhu Decl. at ¶ 14; Dongguan Decl. at ¶ 14).  Accordingly, Plaintiffs cannot demonstrate any facts that connect their claims to Knauf Gips under any specific section of Florida's long-arm statute.[3]

### a.    Knauf Gips has not operated a business in Florida.

Plaintiffs' allegation that Knauf Gips operated a business or business venture in Florida has no basis in fact.  (*See* Sec. Am. Compl. at ¶ 19).  Relevant factors in determining whether Knauf Gips conducted business in Florida for the purposes of Section 48.193(1)(a) "include the presence or operation of an office in Florida, the possession and maintenance of a license to do business in Florida, the number of Florida clients served, and the percentage of overall revenue gleaned from Florida clients."   *Bernadele*, 2009 U.S. Dist. LEXIS 27995, at *21 (quoting *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1167 (11th Cir. 2005)).

---

[3] Even if the long-arm statute applied, the due process standard for specific jurisdiction could not be met. *Future Tech. Today, Inc.*, 218 F.3d at 1252; *Elite Aluminum Corp. v. Trout*, 451 F. Supp. 2d 1311, 1316-17 (S.D. Fla. 2006) (declining to confer specific jurisdiction under section 1(b) of the long-arm statute where defendants' sole contact was an unsolicited "solitary sale and shipment of its product into the State of Florida [that] was the result of Plaintiff's conduct" and where defendant "had no other contact with the state, d[id] not advertise in the state, d[id] not have sales representatives in the state, d[id] not have a website or conduct business over the internet, and ha[d] not established method or arrangement for

Knauf Gips has no presence or office in Florida, was not licensed to do business in Florida, and served no clients in Florida.  (Gips Decl. at ¶ 4).

> **b.** **Knauf Gips has not committed a tortious act or caused injury to property in Florida.**

With no factual basis, Plaintiffs conclude that Knauf Gips "committed a tortious act in Florida" or "caused injury to property in Florida" pursuant to Section 1(b) of the long-arm statute.  FLA. STAT. § 48.193(1)(b).  Plaintiffs alleged causes of action for negligence and private nuisance, as well as equitable relief to include "medical monitoring."  (Sec. Am. Compl., ¶¶ 56-59; 88-96; 100-105).[4]  Those causes of action are premised on the sale of allegedly defective drywall from one or more of the three Knauf companies in China to Plaintiffs, and the subsequent installation of drywall from China in their houses.  (*Id.* at ¶¶ 8-11, 56-59, 88-96).  As set forth previously, Knauf Gips neither manufactured nor sold drywall from China.  Knauf Gips could not have committed the alleged torts so as to bring Knauf Gips within the long-arm statute's reach.

The Eleventh Circuit has found that for personal jurisdiction to attach under the "tortious activity" provision of the long-arm statute, the plaintiff must demonstrate that the defendant "committed a substantial aspect of the alleged tort in Florida."  *General Cigar Holdings, Inc. v. Altadis, S.A.*, 205 F. Supp. 2d 1335 (S.D. Fla. 2002) (quoting *Williams Elec. Co. v. Honeywell, Inc.*, 854 F.2d, 389, 394 (11th Cir. 1988)).  This principle is even more significant when the plaintiff has alleged negligence.  Negligence committed entirely out of state by a nonresident defendant, even where it causes injury in Florida, is insufficient to satisfy the tort provision of

---

bringing the product into the state.") (citing *Asahi Metal Indus. Co. v. Sup. Ct. Cal.*, 480 U.S. 102, 109 (1987)).

the long-arm statute. *Oriental Imports & Exports, Inc. v. Maduro & Curiel's Bank, N.V.*, 701 F.2d 889, 894 (11th Cir. 1983) (quoting *Jack Pickard Dodge v. Yarbrough*, 352 So. 2d 130, 134 (Fla. Dist. Ct. App. 1977)) (refusing to confer specific personal jurisdiction based on tort of negligence allegedly committed in Netherlands Antilles). Plaintiffs have alleged that Defendants' acts giving rise to negligence occurred outside of Florida. (Sec. Am. Compl. at ¶ 60). Unlike other torts, the location of negligence is not difficult to identify, and thus there is no justification for haling a foreign defendant into court where the alleged act occurred abroad. *Associated Transp. Line, Inc. v. Productos Fitosanitarios Proficol El. Carmen*, 197 F.3d 1070, 1073-74 (11th Cir. 2000) (declining to apply Section 48.193(1)(b) because the allegedly negligent act, misidentification of a herbicide, took place in Colombia and not in Florida); *Oriental Imports*, 701 F.2d at 894.

There is also no precedent for "medical monitoring" as a "tort" for the purpose of conferring jurisdiction under Section 48.193(1)(b) of the long-arm statute. (Indeed, Plaintiffs identify "medical monitoring" merely as a "necessary component of the relief the Court should order ..." in their claim for "Equitable Relief." (See Sec. Am. Compl.; ¶ 105, "Count VI"). Without conceding that medical monitoring is such a "tort," Knauf Gips asserts that the underlying alleged negligence giving rise to the alleged need for medical monitoring did not occur in Florida. *Associated Transp. Line, Inc.*, 197 F.3d at 1073-74; *Oriental Imports*, 701 F.2d at 894.

### c.   Knauf Gips' drywall did not cause injury to the Plaintiffs.

No facts exist to support a finding of personal jurisdiction pursuant to Section 1(f)(2) of the long-arm statute. Section 1(f)(2) confers jurisdiction where it can be shown that the

---

[4] Plaintiffs' product liability claim, if valid, would fall within the purview of Section 48.193(f)(1), discussed below. (*See* Sec. Am. Compl. at ¶¶ 42-55); *White v. Bombardier Corp.*, 313 F. Supp. 2d 1295,

defendant caused injury to persons or property within Florida if, at or about the time of the injury, "[p]roducts, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this State within the ordinary course of commerce, trade, or use." FLA. STAT. § 48.193(1)(f)(2).  Knauf Gips' shipments to Florida on a single day in 2006 are insufficient to show that, "at or about the time of the injury" alleged, Knauf Gips' products were used or consumed in Florida within the ordinary course, as is required by Section (1)(f)(2).  Application of Section 1(f)(2) requires a "'direct affiliation, nexus, or substantial connection between the cause of action and the [defendant's] activities within the [S]tate.'" *Hesterly*, 2008 U.S. Dist. LEXIS 13892, at *25-26 n.7 (quoting *Crowe v. Paragon Relocation Res.*, 506 F. Supp. 2d 1113, 1122 (N.D. Fla. 2007)).  Given that Knauf Gips' shipment to Florida is not the allegedly defective drywall at issue in this case, there can be no direct affiliation, nexus, or substantial connection to Plaintiffs' cause of action and jurisdiction cannot be asserted under Section 1(f)(2) of the long-arm statute.

### B.   Knauf Gips Did Not Submit To The Jurisdiction Of This Court Through An Agent.

Plaintiffs also attempt to exercise jurisdiction over Knauf Gips through an agency theory. No facts exist to support that a principal-agent relationship between Knauf Gips and KPT, Knauf Wuhu, or Knauf Dongguan, much less that any of the Chinese companies are mere shells, as required to obtain jurisdiction.  The principal-agent relationship must be such that the agent's corporate existence was simply a formality and it exists solely for the benefit of its principal.

> Where the subsidiary's presence in the state is primarily for the purpose of carrying on its own business and the subsidiary has preserved some semblance of independence from the parent, jurisdiction over the parent may not be acquired on the basis of the local activities of the subsidiary.

---

1302 n.11 (N.D. Fla. 2004) (citing *Davis v. Pyrofax Gas Corp.*, 492 So. 2d 1044, 1046 (Fla. 1986)).

*Consolidated Dev.*, 216 F.3d at 1293-94 (internal quotation omitted); *Meier*, 288 F.3d at 1272.

KPT, Knauf Wuhu, and Knauf Dongguan themselves do not have a presence in Florida.  KPT,

Knauf Wuhu and Knauf Dongguan have no direct corporate relationship to Knauf Gips.  (Gips

Decl. at ¶¶ 5-7).  Each is an independent company with its own managers, bank accounts,

offices, employees, and marketing practices.  (KPT Decl. at ¶¶ 10-13; Wuhu Decl. at ¶¶ 10-13;

Dongguan Decl. at ¶¶ 10-13).  The fact that the Knauf defendants belong to a loosely described

and informally identified Knauf corporate "family" does not give rise to an agency relationship

between those entities.  *Consolidated Dev.*, 216 F.3d at 1293 ("It is well established that as long

as a parent and a subsidiary are separate and distinct corporate entities, the presence of one in a

forum state may not be attributed to another.") (citing *Cannon Mfg. Co. v. Cudahy Packing Co.*,

267 U.S. 333, 337 (1925)).  Mere allegations "upon information and belief" that Knauf Gips

exercised "strict control" over KPT, Knauf Wuhu, and Knauf Dongguan are insufficient to

overcome this principle of law.[5]

To justify the exercise of jurisdiction over a foreign corporation based on the acts of an

alleged agent, facts must exist to show that the separate corporate status of the alleged agent is in

name only.  In *Meier*, the Eleventh Circuit determined that jurisdiction over a consortium of

foreign defendants was proper when plaintiffs were able to establish that the foreign defendants'

wholly-owned Florida subsidiary/agent: (i) solicited and coordinated all reservations, advertising

and marketing for the hotel owned by the foreign defendants; (ii) provided day-to-day

accounting services for the hotel; (iii) managed the Florida bank accounts of the foreign

---

[5] Plaintiffs' allegations relating to Knauf Gips' control over the manufacture and sale of drywall from China includes Knauf Gips' alleged Chinese subsidiaries not identified in the Second Amended Complaint.  Plaintiffs allege that "Knauf Gips exercises strict control over the manufacture and sale of drywall by its Chinese subsidiaries and affiliates, including Knauf, Knauf Wuhu and Knauf Dongguan." (Sec. Am. Compl. at ¶ 11).  As set forth above, Knauf Gips has no Chinese subsidiaries.  ([Gips] Decl. at ¶ __).

defendants, including payment of expenses and advertising costs; and (iv) compensated itself through those Florida bank accounts.  288 F.3d at 1272-73.  The facts in *Meier* left no doubt that the foreign defendants' subsidiary, which itself was a Florida company, had no business purpose other than to act on behalf of the foreign defendants.  Those facts are not present in this case.

Here, Knauf Gips has no ownership interest in KPT, Knauf Wuhu, and Knauf Dongguan. KPT, Knauf Wuhu, and Knauf Dongguan maintain and operate their businesses independent of Knauf Gips.  (Gips Decl. at ¶¶ 5-7; KPT Decl. at ¶¶ 10-13; Wuhu Decl. at ¶¶ 10-13; Dongguan Decl. at ¶¶ 10-13).  KPT, Knauf Wuhu, and Knauf Dongguan do not market or distribute drywall manufactured by Knauf Gips, and Knauf Gips does not sell, market, or distribute drywall manufactured by KPT, Knauf Wuhu, Knauf Dongguan, or any other person or entity in China. (Gips Decl. at ¶ 8; KPT Decl. at ¶ 14; Wuhu Decl. at ¶ 14; Dongguan Decl. at ¶ 14).  The case here is even farther removed because unlike the referenced case where the agent was actually located in Florida, here the entities that Plaintiffs contend Knauf Gips controlled are located halfway around the world from both Germany and the State of Florida.

Because the financial and business activity dominance in *Meier* does not exist in this case, Plaintiffs attempt to manufacture an agency relationship based on Knauf Gips' alleged control of KPT, Knauf Wuhu, and Knauf Dongguan.  Specifically, Plaintiffs allege that:

> Upon information and belief, Knauf Gips exercises strict control over the manufacture and sale of drywall by its Chinese subsidiaries and affiliates, including Knauf [Tianjin], Knauf Wuhu and Knauf Dongguan.  Upon information and belief, at all material times hereto, Knauf Gips supervised, operated, trained and otherwise exercised control and/or had the right to control operations of Knauf [Tianjin], Knauf Wuhu, Knauf Dongguan and their agents, apparent agents, and employees.  Knauf Gips also established the quality control criteria for the production of drywall and monitored the production of drywall according to these criteria by its subsidiaries, including Knauf [Tianjin], Knauf Wuhu, and Knauf Dongguan.

(Sec. Am. Compl. at ¶ 11).   These vague allegations of control are unsubstantiated and insufficient to gain jurisdiction over Knauf Gips.

KPT, Knauf Wuhu, and Knauf Dongguan generally manufacture their drywall according to a Chinese standard, GB/T 9755-1999 (now GB/T 9755-2008), and the shipments to the U.S. also complied with ASTM C36.[6]  (KPT Decl. at ¶ 9; Wuhu Decl. at ¶ 9; Dongguan Decl. at ¶ 9). Knauf Gips does not monitor the production of drywall to ensure that product manufactured by KPT, Knauf Wuhu, or Knauf Dongguan meets quality control standards established by those Chinese companies or their customers.  (Gips Decl. at ¶ 14; KPT Decl. at ¶ 9; Wuhu Decl. at ¶ 9; Dongguan Decl. at ¶ 9).

Even if Plaintiffs' allegations were not refuted by the Declarations of Knauf Gips, KPT, Knauf Wuhu, and Knauf Dongguan, they are insufficient on their face to establish an agency relationship upon which jurisdiction is predicated.  Courts will decline to exercise jurisdiction if the control alleged by the plaintiff is not shown to be so complete that the subsidiary/agent is truly a mere instrumentality of the principal.

> To establish an agency relationship, the foreign corporation must exercise such control that the subsidiary's sole purpose for existence is to accomplish the aims of the foreign corporation and there is no evidence of separate interests.  Evidence of operational control is not satisfied where the foreign corporation's policy statements merely establish goals for its subsidiaries and where the subsidiaries operate with a high degree of autonomy.  Jurisdiction over the foreign corporation will not be exercised based on the subsidiary's local activities where the subsidiary carries on its own business and preserves some independence from the foreign corporation.

*Abramson v. The Walt Disney Co.*, 132 Fed. Appx. 273, 276 (11th Cir. 2005) (internal quotations omitted) (citing *State of Fla. v. American Tobacco Co.*, 707 So. 2d 851, 854-55 (Fla. Dist. Ct.

---

[6]  ASTM C36 refers to a Standard Specification for Gypsum Wallboard that was set by ASTM International.  It preceded the current standard, C1396/C1396M, which was implemented in 2005.

App. 1998)); *Consolidated Dev.*, 216 F.2d at 1293.  Plaintiffs' allegations that Knauf Gips had some, discretionary, operational control over the activities of the KPT, Knauf Wuhu, or Knauf Dongguan, even if such allegations were true, are not sufficient.  They are independent, domestic Chinese businesses – their sole purpose for existence is not to accomplish the aims of Knauf Gips.  *Abramson*, 132 Fed. Appx. at 276.

In *General Cigar Holdings*, the plaintiff alleged that jurisdiction was proper under an agency theory due to the extensive contact between the alleged principal and its agent.  205 F. Supp. 2d at 1333.  Factors cited by the plaintiff included: (i) the submission of monthly financial reports by the agent to the principal; (ii) no independent marketing plan by the agent; (iii) overlapping duties of an executive who was, at one time, the Vice President of the principal and the Chairman of the agent; and (iv) requests for approval by the agent for acts such as hiring in-house counsel and extending employee contracts.  *Id.* at 1333-34.  Despite this close working relationship, the court determined that the principal had insufficient operational control over the agent, stating that, "[D]espite the regular contact between the two entities, [the agent] owns and maintains its own production facilities, distributes its own products through its own sales organization, maintains its own accounts and pays its own employees."  *Id.* at 1344.  The existence of a "semblance" of independence by the agent precluded the assertion of jurisdiction based on an agency theory.  *Id.* (quoting *Meier*, 288 F.3d at 1272).

The uncontroverted facts establish that KPT, Knauf Wuhu, and Knauf Dongguan operate independently from Knauf Gips.  Each entity owns its own production facilities, distributes its own products, maintains its own accounts and pays its own employees.  (KPT Decl. at ¶¶ 7, 12-13; Wuhu Decl. at ¶¶ 7, 12-13; Dongguan Decl. at ¶¶ 7, 12-13).  Any contact between Knauf Gips and KPT, Knauf Wuhu, and Knauf Dongguan does not come close to the relationship

described as insufficient in *General Cigar Holdings*.  Because Plaintiffs cannot meet their burden

to establish an agency relationship sufficient to support the exercise of specific jurisdiction over

Knauf Gips, Knauf Gips should be dismissed from this case.

> **C.    Plaintiffs' Allegations Of Jurisdiction Do Not Satisfy Due Process Requirements.**

Due process principles are satisfied only if the defendant has purposefully established

minimum contacts with the forum state.  *Francosteel Corp. v. M/V Charm*, 19 F.3d 624, 627

(11th Cir. 1994).  This Court has employed a three-step analysis to determine whether minimum

contacts are sufficient:

> First, the contacts must be related to the plaintiff's cause of action or have given rise to it.  Second, the contacts must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum…, thus invoking the benefits and protections of its laws.  Third, the defendant's contacts with the forum must be such that [the defendant] should reasonably anticipate being haled into court there.

*General Cigar Holdings*, 205 F. Supp. 2d at 1346 (quoting *Vermeulen v. Renault, U.S.A., Inc.*,

985 F.2d 1534, 1546 (11th Cir. 1993)).

The first step is not satisfied.  Plaintiffs' claims are not related to Knauf Gips' only

contact with Florida, which consists of the shipment, on a single day, of drywall manufactured in

Germany by Knauf Gips (and not China by KPT, Knauf Wuhu, Knauf Dongguan, or any other

entity).  (Gips Decl. at ¶ 9).  The second and third steps are also not satisfied.  Knauf Gips does

not conduct, and has not conducted in the past, any business in Florida.  (Gips Decl. at ¶ 9).  No

actions by Knauf Gips could be construed as placing it on notice that it could be haled into a

Florida court for sales of allegedly defective drywall allegedly manufactured by other entities in

China.  The exercise of jurisdiction over Knauf Gips is inconsistent with constitutional due

process.

IV.     **CONCLUSION**

For the foregoing reasons, Knauf Gips respectfully requests that this Court grant its

Motion to Dismiss for lack of personal jurisdiction.


Date:   April 21, 2010                           Respectfully submitted,

                                                 /s/ Douglas B. Sanders

                                                 Douglas B. Sanders
                                                 Richard Franklin
                                                 BAKER & MCKENZIE LLP
                                                 130 E. Randolph Dr.
                                                 Chicago, IL 60601
                                                 Telephone: (312) 861-8075
                                                 Facsimile:  (312) 698-2375
                                                 Email: douglas.b.sanders@bakernet.com

                                                 Donald J. Hayden
                                                 BAKER & MCKENZIE LLP
                                                 1111 Brickell Avenue, Suite 1700
                                                 Miami, Florida 33131
                                                 Telephone: (305) 789-8966
                                                 Facsimile:  (305) 789-8953
                                                 E-mail: Donald.hayden@bakernet.com

                                                 Kerry Miller (LA Bar No. 24562)
                                                 Kyle A. Spaulding (LA Bar No. 29000)
                                                 FRILOT L.L.C.
                                                 1100 Poydras Street, Suite 3700
                                                 New Orleans, Louisiana 70163
                                                 Telephone:  (504) 599-8194
                                                 Facsimile:   (504) 599-8145
                                                 Email: kmiller@frilot.com

                                                 *Attorneys for Defendant, Knauf Gips KG*

## <u>CERTIFICATE</u>

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 2047, on this 21st day of April, 2010.

s/Douglas B. Sanders