IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

**IN RE: CHINESE MANUFACTURED DRYWALL**          MDL NO. 2047
**PRODUCTS LIABILITY LITIGATION**                SECTION: L

**THIS DOCUMENT RELATES TO:**                    JUDGE FALLON
**09-cv-4115 (MITCHELL)**

THE MITCHELL COMPANY, INC., individually and
on behalf of others similarly situated,

   Plaintiffs,

      v.

KNAUF GIPS KG,  KNAUF PLASTERBOARD
TIANJIN CO., LTD., TAISHAN GYPSUM CO., LTD.,
INTERIOR & EXTERIOR BUILDING SUPPLY, L.P.,
and RIGHTWAY DRYWALL, INC.

   Defendants.

**DEFENDANTS KNAUF PLASTERBOARD (TIANJIN) CO. LTD. AND
KNAUF GIPS KG'S MEMORANDUM IN SUPPORT OF
<u>RULE 12(b)(6) MOTION TO DISMISS</u>**

# TABLE OF CONTENTS

**Page**

I.      STANDARD FOR DISMISSAL UNDER RULE 12(b)(6) ............................................ 1

II.     ARGUMENT ................................................................................................................ 3

      A.      Plaintiff Fails To State A Claim For Unjust Enrichment Under Either
           Florida or Alabama Law (Count III) ............................................................. 3

      B.      Plaintiff Fails To State A Cause Of Action For Breach of Implied
           Warranty Of Merchantability (Count V) ...................................................... 7

           1.      Plaintiffs' claim for Breach of an Implied Warranty is preempted
                 by the CISG and otherwise barred as a matter of law .............................. 7

           2.      Plaintiffs do not, and cannot, allege privity, which is required to
                 sustain a claim for Breach of Implied Warranty of Merchantability ......... 8

           3.      To the extent Plaintiffs' claims is governed by the UCC, recovery
                 is barred because the drywall is not a "good" within the meaning of
                 the UCC ................................................................................................... 11

      C.      Plaintiff Fails To State A Cause Of Action For Breach of Express
           Warranty (Count VI). ................................................................................. 14

III.    CONCLUSION ............................................................................................................ 18

# **TABLE OF AUTHORITIES**

**Page(s)**

CASES

*14250 Realty Assocs. v. Weddle Bros. Constr. Co.*, No. 8:-07-cv-788-T-27EAJ, 2008 U.S.
    Dist. LEXIS 93194 (M.D. Fla. Nov. 6, 2008) ..................................................................... 15

*Ames v. Winnebago Indus., Inc.*,
    5:04-cv-359-Oc-10GRJ, 2005 U.S. Dist. LEXIS 35226 (M.D. Fla. Oct. 14, 2005) ............. 10

*Barnard v. Kellogg*,
    77 U.S. 383 (U.S. 1871) ........................................................................................................ 15, 17

*Bell Atl. Corp. v. Twombly*,
    127 S. Ct. 1955 (2007) ......................................................................................................... 1, 2

*Borchardt v. Mako Marine Int'l, Inc.*,
    No. 08-61199, 2009 U.S. Dist. LEXIS 107192 (S.D. Fla. Nov. 17, 2009) .............. 8, 9, 16, 17

*Brophy v. DaimlerChrysler Corp.*,
    932 So.2d 272 (Fla. 2d Dist. Ct. App. 2005) ........................................................................ 9

*Brown v. United States Postal Svc.*,
    338 Fed. Appx. 438 (5th Cir. Tex. 2009) ............................................................................... 2

*City of St. Petersburg v. Dayco Prods., Inc.*,
    2008 U.S. Dist. LEXIS 104765 (S.D. Fla. Dec. 30, 2008) ..................................................... 5

*Cohen v. Frima Prods. Co.*,
    181 F.2d 324 (5th Cir. (Fla.) 1950) ....................................................................................... 15, 16, 17

*Crum v. Johns Manville, Inc.*, 19 So. 3d 208, 221 (Ala. Civ. App. 2009) ................................. 15

*Cruz v. Mylan, Inc.*,
    2010 U.S. Dist. LEXIS 13563 (M.D. Fla. Feb. 17, 2010) ...................................................... 8

*David v. American Suzuki Motor Corp.*,
    629 F. Supp. 2d 1309 (S.D. Fla. 2009) ................................................................................. 3

*Desouza v. Lauderdale*, 928 So. 2d 1035, 1044 (Ala. Civ. App. 2005) .................................... 15

*Feheley v. LAI Games Sales, Inc.*,
    2009 U.S. Dist. LEXIS 70430 (S.D. Fla. Aug. 10, 2009) ...................................................... 4

*Florida v. Tenet Healthcare Corp.*,
    420 F. Supp. 2d 1288 (S.D. Fla. 2005) ................................................................................. 4, 5, 6

i

*Guyana Tel. & Tel. Co. v. Melbourne Int'l Comms., Ltd.*,
   329 F.3d 1241 (11th Cir. 2003)...............................................................4, 6

*Hibbets v. Lexington Ins. Co.*,
   2009 U.S. Dist. LEXIS 54777 (E.D. La. June 12, 2009)........................................2

*In re Managed Care Litig.*,
   298 F. Supp. 2d 1259 (S.D. Fla. 2003) .......................................................3

*Jebaco Inc. v. Harrah's Operating Co. Inc.*,
   587 F.3d 314 (5th Cir. (La.) 2009) ...........................................................1

*Kramer v. Piper Aircraft Corp.*,
   520 So. 2d 37 (Fla. 1988)....................................................................8

*Kramer v. Piper Aircraft Corp.*, 520 So. 2d 37 ................................................10

*Media Servs. Group, Inc. v. Bay Cities Communs., Inc.*,
   237 F.3d 1326 (11th Cir. 2001)...............................................................3

*Nova Info. Sys., Inc. v. Greenwich Ins. Co.*,
   365 F.3d 996 (11th Cir. 2004)................................................................4

*Price v. Housing Auth. of New Orleans*,
   2008 U.S. Dist. LEXIS 75125 (E.D. La. Sept. 29, 2008) .......................................2

*Prohias v. Pfizer, Inc.*,
   490 F. Supp. 2d 1228 (S.D. Fla. 2007) .....................................................4, 5

*Rentas v. DaimlerChrysler Corp.*,
   936 So.2d 747 (Fla. 4th Dist. Ct. App. 2006) ...............................................8

*Rose v. ADT Sec. Services, Inc.*,
   989 So. 2d 1244 (Fla. Dist. Ct. App. 2008) .................................................3

*Rose v. General Motors Corp.*,
   323 F. Supp. 2d 1244 (N.D. Ala. 2004).......................................................10

*T.W.M. v. American Medical Sys., Inc.*,
   886 F. Supp. 842 (N.D. Fla. 1995) ........................................................8, 9

*Wellcraft Marine v. Zarzour*,
   577 So. 2d 414 (Ala. 1990) .................................................................10

*Wynn v. Davison Design & Dev., Inc.*,
   CA 09-0790-CG-C, 2010 U.S. Dist. LEXIS 21413 (S.D. Ala. Feb. 19, 2010) ......................6

**STATUTES**

28 U.S.C. § 1407 ..................................................................................... 3

FLA. STAT. § 672.313 ............................................................................. 15

ALA. CODE § 7-2-313 ............................................................................ 15

FLA. STAT. § 672.314(3) .....................................................................15, 17

Uniform Commercial Code............................................................14, 16

**RULES**

Fed. R. Civ. P. 12(b)(2) .......................................................................... 1

Fed. R. Civ. P. 12(b)(6) of the Federal Rules of Civil Procedure ....................................1, 2, 3, 6

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT") and Knauf Gips KG ("Knauf Gips")[1] (collectively, the "Moving Defendants"), hereby move this Court for an Order dismissing the Complaint of The Mitchell Company ("Plaintiff"), individually and on behalf of all others similarly situated (the "Complaint").  As set forth more fully herein, Plaintiff's Class Action Complaint fails to set forth causes of action against the Moving Defendants, under the applicable law of the State of Florida, for: (i) unjust enrichment (Count III); (ii) breach of implied warranty of merchantability (Count V); and (iii) breach of express warranty (Count VI).[2]

## I.    STANDARD FOR DISMISSAL UNDER RULE 12(b)(6)

With respect to each of the Counts III, XII, XIII, and IV of the Complaint, Plaintiffs fail to state a claim against the Moving Defendants upon which relief can be granted.  *See* FED. R. CIV. P. 12(b)(6).[3]  A court may grant a motion to dismiss pursuant to a motion under Rule 12(b)(6) if the complaint lacks "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007); *Jebaco Inc. v. Harrah's Operating Co. Inc.*, 587 F.3d 314, 318 (5th Cir. (La.) 2009) (affirming motion to dismiss on

---

[1] Knauf Gips KG has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) on the grounds that this Court does not have personal jurisdiction over it.  Knauf Gips joins this motion as a matter of judicial economy but is not waiving its objection to jurisdiction.

[2] On September 30, 2009, KPT, Knauf Wuhu and Knauf Gips joined in a Motion to Dismiss Or, Alternatively, To Strike Plaintiffs' Claims for Economic Damages, which was brought as a global motion in the MDL seeking to bar Plaintiffs' tort claims based on the application of the economic loss doctrine.  On January 13, 2009, this Court denied the Motion.  KPT, Knauf Wuhu and Knauf Gips filed a request that the Court's order be certified for interlocutory appeal.  This Court denied the request on March 23, 2010.  KPT had filed a similar interlocutory appeal in Florida state court, which was granted and is currently before the Florida Third District Court of Appeals.  In light of this Court's prior ruling and in an effort to further judicial economy and to preserve its rights with regard to the arguments made in the Economic Loss Doctrine Motion to Dismiss, Moving Defendants incorporate and renew (without additional briefing) the arguments made previously in their Economic Loss Doctrine Motion to Dismiss.

[3] Counts IV, V, VI, VII, VIII, IX, X, and XI are not pleaded against KPT or Knauf Gips.

alternate ground that complaint failed to allege sufficient facts to support allegations therein).  A motion to dismiss tests the sufficiency of a complaint, which, to survive a motion to dismiss pursuant to Rule 12(b)(6), must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly,* 127 S. Ct. at 1964-65; *Brown v. United States Postal Svc.*, 338 Fed. Appx. 438, 440 (5th Cir. Tex. 2009) ("The court can[] accept neither inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint, nor legal conclusions cast in the form of factual allegations.") ((internal quotations omitted)).

Pursuant to Rule 12(b)(6), although the court construes all reasonable factual inferences in Plaintiffs' favor, it need not accept the Plaintiffs' inferences if they are unsupported by the facts set forth in the complaint.  *Twombly,* 127 S. Ct. at 1965 (quoting *Papasan* v. *Allain*, 106 S. Ct. 2932, 2944 (1986)).  Moreover, the factual allegations made must "be enough to raise a right to relief above a speculative level." *Twombly*, 127 S. Ct. at 1965; *Price v. Housing Auth. of New Orleans*, 07-9741, 2008 U.S. Dist. LEXIS 75125, at *12 (E.D. La. Sept. 29, 2008) (granting motion to dismiss pursuant to Rule 12(b)(6) motion and noting that where allegations do not meet the standard, "the plaintiff pleads itself out of court").  Furthermore, the complaint "must allege facts sufficiently setting forth the essential elements of cause of action" in order for that cause of action to survive the motion.  *Hibbets v. Lexington Ins. Co.*, 07-5169, 2009 U.S. Dist. LEXIS 54777, at *14 (E.D. La. June 12, 2009) (dismissing claims where complaint merely identified elements of claims but "provided no factual allegations to connect the plaintiffs to those causes of action and an entitlement to relief").  Here, each of Plaintiffs' Counts III, IV, V, and VI fail to meet the *Twombly* standard, requiring dismissal of the claims with respect to the Moving Defendants.

## II.    ARGUMENT[4]

### A.    Plaintiff Fails To State A Claim For Unjust Enrichment Under Either Florida or Alabama Law (Count III).

Plaintiff cannot make out the equitable claim of unjust enrichment because it fails to allege having had any contact whatsoever with the Moving Defendants and because it alleges no basis for stating how payment to the Moving Defendants (by Plaintiffs or by others) for the drywall, if any, would give rise to the claim that the Moving Defendants were unjustly enriched. (*See* Compl. at ¶¶ 57-61). Plaintiff does not allege ever having done business with the Moving Defendants but instead alleges that KPT "and/or" Knauf Gips "distributed and sold drywall to numerous purchasers in the States of Alabama, Mississippi, Louisiana, Georgia, Texas, and Florida, and [the Moving Defendants'] drywall *is installed in numerous homes in those states built by Mitchell* … ." (*Id.* at ¶ 6) (emphasis added).

A plaintiff claiming unjust enrichment must prove that: (1) the plaintiff conferred a benefit upon the named defendants; (2) the defendants appreciated this benefit; and (3) the defendants accepted and retained the benefit under inequitable circumstances and ought to pay the value thereof. *Media Servs. Group, Inc. v. Bay Cities Communs., Inc.*, 237 F.3d 1326, 1330-31 (11th Cir. 2001) (citing *Swindell v. Crowson*, 712 So. 2d 1162, 1163 (Fla. Ct. App. 1998));

---

[4] A choice of law analysis for all potential class plaintiffs is generally conducted at the class certification stage and not upon consideration of a motion to dismiss. *David v. American Suzuki Motor Corp.*, 629 F. Supp. 2d 1309, 1314 & n.2 (S.D. Fla. 2009). Nevertheless, to properly evaluate a Motion to Dismiss pursuant to Rule 12(b)(6), the Court should determine which state's law applies to the named Plaintiff's claims. *Id.* at 1314 n.2. Where an action has been transferred from one district court to another pursuant to 28 U.S.C. § 1407, the transferee court looks to the choice-of-law rules of the transferor court. *In re Managed Care Litig.*, 298 F. Supp. 2d 1259, 1296-1297 (S.D. Fla. 2003). The choice-of-law principles that apply in contractual disputes apply to the claims sought to be dismissed here. *David*, 629 F. Supp. 2d at 1315-16; *Rose v. ADT Sec. Services, Inc.*, 989 So. 2d 1244, 1248 (Fla. Ct. App. 2008). Florida's choice of law rule applies the doctrine of *lex loci contractus* to contract actions and thus considers where the contract was executed. *David*, 629 F. Supp. 2d at 1315-16. Plaintiffs' allegations, however, do not inform this analysis except to the extent that they allege KPT does business in Florida and they do business in Alabama. Accordingly, KPT relies on Florida and Alabama law for its Motion to Dismiss in

*Feheley v. LAI Games Sales, Inc.*, 08-23060, 2009 U.S. Dist. LEXIS 70430, at *19 (S.D. Fla. Aug. 10, 2009) (citing *Rollins, Inc. v. Butland*, 951 So. 2d 860, 876 (Fla. 2d Dist. Ct. App. 2006)).   Compensation under the equitable doctrine of unjust enrichment is not appropriate where a plaintiff conferred merely "an indirect or incidental benefit on" the defendant.  *Nova Info. Sys., Inc. v. Greenwich Ins. Co.*, 365 F.3d 996, 1007 (11th Cir. 2004) (applying Florida law).

Furthermore, a claim for unjust enrichment should be dismissed where the plaintiff fails to plead that it lacks a legal remedy.  *Prohias v. Pfizer, Inc.*, 490 F. Supp. 2d 1228, 1236-37 (S.D. Fla. 2007) (quoting *American Honda Motor Co., Inc. v. Motorcycle Info. Network, Inc.*, 390 F. Supp. 2d 1170, 1178 (M.D. Fla. 2005)).   The claimant's reliance on an alleged wrongdoing by the defendant defeats the claim of unjust enrichment in that "'the law of unjust enrichment is concerned solely with enrichments that are unjust independently of [alleged] wrongs.'" *Florida v. Tenet Healthcare Corp.*, 420 F. Supp. 2d 1288, 1309 (S.D. Fla. 2005) (quoting *Flint v. ABB, Inc.*, 337 F.3d 1326, 1330 n.2 (11th Cir. 2003)) (noting that when the plaintiff relies on a wrong to supply the unjust factor, "the causative event is a wrongful enrichment rather than an unjust enrichment")) (alteration in *Tenet Healthcare Corp.*).   In fact, liability in unjust enrichment is not concerned with "fault" but with wealth being in one party's hands when it should be in another party's.  *Tenet Healthcare Corp.*, 420 F. Supp. 2d at 1309 (quoting *Guyana Tel. & Tel. Co. v. Melbourne Int'l Comms., Ltd.*, 329 F.3d 1241, 1245 n.3 (11th Cir. 2003)).   Mere allegations that it would be "unjust" for a defendant to retain a benefit obtained through the commission of an alleged wrong does not mean that the basis of the restitutionary obligation arises from an unjust enrichment.  *Guyana Tel.*, 329 F.3d at 1245 n.3.

---

this case and reserves its right to address other applicable state laws if necessary on reply or as otherwise directed by this Court.

As a matter of law, here, Plaintiff cannot have conferred a benefit on the Defendants that they knowingly accepted and appreciated so as to satisfy the elements of an unjust enrichment claim.  A theory of unjust enrichment is "untenable" where, as here,

> Plaintiffs had no dealing with the Defendants or even knew of their existence until after this litigation ensued; Plaintiffs have failed to present any evidence of prior dealings with [] Defendants, including evidence of any oral or written communication between Plaintiffs and [] Defendants; and Plaintiffs have also failed to point to any evidence that Defendants knew who purchased the [allegedly defective goods]. Under these undisputed circumstances, Plaintiffs cannot establish [] Defendants knowingly and voluntarily accepted any benefits conferred upon them by Plaintiffs as required to state a claim for unjust enrichment under Florida law.

*City of St. Petersburg v. Dayco Prods., Inc.*, 06-20953, 2008 U.S. Dist. LEXIS 104765, at *27-28 (S.D. Fla. Dec. 30, 2008) (dismissing claim for unjust enrichment).  The reasoning of the court in *Dayco* applies equally in this case, where the Plaintiff conferred zero benefit on the Moving Defendants because while Plaintiff constructed houses, there are no allegations that Plaintiff had, and Plaintiff did not have, any dealings whatsoever with the Moving Defendants relating to the purchase of the drywall.

Furthermore, even if Plaintiff were able to state the elements of an unjust enrichment claim under the present facts, the claim would fail because it is predicated solely on the alleged wrongdoing.  Plaintiff fails to allege that it lacks an adequate legal remedy, and thus dismissal is warranted.  *See Prohias*, 490 F. Supp. 2d at 1236.  In *Prohias*, the court dismissed an action for unjust enrichment where the unjust enrichment claim was supported by the same alleged conduct as in their Consumer Fraud Act claim.  *Id.* at 1236-37.  The court reasoned that if the defendant, Pfizer, had misled the plaintiffs with its pharmaceutical marketing scheme and the plaintiffs had been damaged thereby, plaintiffs had a properly pleaded claim under the Consumer Fraud Act or a claim for negligent misrepresentation.  *Id.*  Similarly, in *Tenet Healthcare*, the court dismissed

the unjust enrichment claim because it was "premised on [defendant's] purported RICO violations and theft of outlier funds," allegations of wrongdoing for which had legal remedies were readily available.  420 F. Supp. 2d at 1309.

The Plaintiffs have a legal remedy for the "wrongful behavior" alleged in Count III. (Compl. at Counts I and II).  The allegation that "Defendants have been unjustly enriched in that they have **wrongfully** acquired a benefit, i.e., funds and profits, by their **wrongful behavior** described above" is unavailing and in fact is fatal to the claim.  (Compl. at ¶ 58 (emphasis added)); *Guyana Tel.*, 329 F.3d at 1245 n.3.  Because the law of unjust enrichment is concerned solely with enrichments that are unjust independently of alleged wrongs, Plaintiffs' unjust enrichment claims, which are based on wrongdoing for which an adequate legal remedy exists, "must be dismissed." *Tenet Healthcare Corp.*, 420 F. Supp. 2d at 1309  (quoting *Flint*, 337 F.3d at 1330 n.2).

Under Alabama law, Plaintiffs could not succeed in their unjust enrichment claim against Defendants.  Recovery on an unjust enrichment claim is not available where Plaintiffs have an adequate remedy at law, provided they succeed in proving the defendant liable.  *Wynn v. Davison Design & Dev., Inc.*, CA 09-0790-CG-C, 2010 U.S. Dist. LEXIS 21413, at *24 (S.D. Ala. Feb. 19, 2010); *Northern Assurance Co.*, CA 08-222-KD-B, 2009 U.S. Dist. LEXIS 4033, at *14-15 (dismissing claim on a Rule 12(b)(6) motion as "precluded, as there [wa]s an adequate remedy at law for damages under [alternative] theories of recovery" alleged in the complaint).  Here, the Plaintiffs, by their own admission, have an adequate remedy at law.  The damages sought pursuant to their tort claimsencompass those sought in Count III. (*See* Compl. at Counts I and II) (alleging Negligence and Strict Products Liability).

For these reasons, the unjust enrichment claim of the Complaint should be dismissed with respect to the Moving Defendants.

**B.** **Plaintiff Fails To State A Cause Of Action For Breach of Implied Warranty Of Merchantability (Count V).**

Plaintiffs' claim for Breach of Implied Warranty of Merchantability is fatally flawed for several reasons.  As a threshold matter, the claim is preempted by the United Nations Convention on Contracts for the International Sale of Goods ("CISG"), which governs the sale of the products in this action and requires privity.  Moreover, Florida jurisprudence requires privity, which the Plaintiffs do not have and do not allege.  For that reason alone, the claim fails.  Alternatively, the UCC does not apply because drywall is not a "good" under the UCC.  Because no privity exists, the Plaintiffs cannot maintain an action under any common-law theory of implied warranty.

**1.** **Plaintiffs' claim for Breach of an Implied Warranty is preempted by the CISG and otherwise barred as a matter of law.**

Warranty claims are quasi-contractual, and therefore arise out of the underlying sales contract of the product at issue.  The underlying sales contract or contracts for KPT drywall sold into the United States involve contracting parties from different nations that are signatories to the United Nations Convention on Contracts for the International Sale of Goods, Apr. 11, 1980, 1489 U.N.T.S. 3 ("CISG") (reprinted in 15 U.S.C. App.).  Articles 35 and 36 of the CISG permit what are, in essence, warranty claims, but such claims require privity of contract.  15 U.S.C. App. Arts. 35-36.  Because the CISG is federal law, its provisions preempt inconsistent state law claims.  *See Chase Manhattan Mortg. Corp. v. Padgett*, 268 B.R. 309, 314, n. 6 (S.D. Fla. 2001).  As Florida requires privity for Plaintiffs to state an action for breach of implied warranty, the result under the CISG and state law is the same, and dismissal is required.

**2.      Plaintiffs do not, and cannot, allege privity, which is required to sustain a claim for Breach of Implied Warranty of Merchantability.**

Plaintiffs have not, and indeed cannot, make out a claim for breach of the implied warranty of merchantability under either Florida or Alabama law because there is no privity between the Moving Defendants and any Plaintiffs.  (Compl. at ¶¶ 71-78).  Under both Florida and Alabama law, privity is required in order to bring a cause of action for breach of implied warranty against a manufacturer.  *Cruz v. Mylan, Inc.*, 8:09-CV-1106-T17-EAJ, 2010 U.S. Dist. LEXIS 13563, at *4 (M.D. Fla. Feb. 17, 2010) (citing *Kramer v. Piper Aircraft Corp.*, 520 So. 2d 37, 39 (Fla. 1988)); *Borchardt v. Mako Marine Int'l, Inc.*, No. 08-61199, 2009 U.S. Dist. LEXIS 107192, at *12-13 (S.D. Fla. Nov. 17, 2009) (citing *Ocana v. Ford Motor Co.*, 992 So.2d 319, 325 (Fla. 3d Dist. Ct. App. 2008) (internal citations omitted)); *T.W.M. v. American Medical Sys., Inc.*, 886 F. Supp. 842, 844 (N.D. Fla. 1995) (quoting *Intergraph Corp. v. Stearman*, 555 So.2d 1282, 1283 (Fla. 2d Dist. Ct. App. 1990)) ("'Privity is required in order to recover damages from the seller of a product for breach of … implied warranties.'"); *Rhodes v. General Motors Corp.*, 621 So. 2d 945, 947 (Ala. 1993) ("[W]ithout privity of contract, there is no right of action against a manufacturer for direct economic loss").[5]

A plaintiff who purchases a product from a party other than the defendant is not in privity with that defendant.  *Cruz*, 2010 U.S. Dist. LEXIS 13563, at *4 (citing *T.W.M.*, 886 F. Supp. at 844) (dismissing claim for lack of privity where plaintiff had purchased allegedly defective drug from pharmacy rather than from defendant manufacturer); *Rentas v. DaimlerChrysler Corp.*, 936 So.2d 747, 751 (Fla. 4th Dist. Ct. App. 2006) (holding that lack of privity between buyers and

---

[5] Florida courts have unequivocally held that the doctrine of strict liability in tort displaced all claims for breach of implied warranty where privity was absent – and in fact that strict liability doctrine was developed specifically to address such claims.  *Kramer v. Piper Aircraft Corp.*, 520 So. 2d 37, 39 (Fla. 1988) (quoting *Affiliates for Evaluation and Therapy, Inc. v. Viasyn Corp.*, 500 So. 2d 688, 692 (Fla. 3d Dist Ct. App. 1987)).

manufacturer precluded claim for breach of implied warranty); *Brophy v. DaimlerChrysler Corp.*, 932 So.2d 272, 275 (Fla. 2d Dist. Ct. App. 2005)) (affirming dismissal of claim for implied warranty because complaint "did not allege the requisite privity of contract")).

In *Borchardt*, the plaintiffs purchased vessels in "used" condition from a third-party non-defendant or an from an unidentified person. *Borchardt,* 2009 U.S. Dist. LEXIS 107192, at *12-13. However, "[t]here [was] no allegation in the Complaint to establish that there is privity of contract" between the plaintiffs and the defendant. *Id.* (citing *T.W.M.*, 886 F. Supp. at 844; *Yvon v. Baja Marine Corp.,* 495 F. Supp. 2d 1179, 1184 (N.D. Fla. 2007)). Accordingly, the court dismissed the breach of implied warranty of merchantability claim "with leave to amend to allege privity, if [the plaintiffs could] do so in good faith." *Borchardt*, 2009 U.S. Dist. LEXIS 10792, at *13.

Here, the requisite privity for a claim of breach of implied warranty cannot be found. Plaintiff alleges only that the Moving Defendants "manufactured and sold, directly and indirectly, to certain suppliers, including Defendants Interior & Exterior and Rightway." (Compl. at ¶ 6). The allegation of "indirect" sales does not satisfy the privity requirement of a claim for breach of implied warranty. *T.W.M.*, 886 F. Supp. at 844. Thus, like the claim in *Borchardt*, this claim merits dismissal on this ground alone. However, unlike the *Borchardt* claimants, Plaintiff here cannot amend its Complaint to allege privity, as Plaintiff never entered into a contract with Moving Defendants to purchase drywall.

In fact, Plaintiff identifies itself as a "construction company [that] has built homes and/or apartments" (*id.* at ¶ 4) and not as a supplier to whom the Moving Defendants may have directly or "indirectly" sold drywall. Plaintiff has identified other Defendants as being the suppliers potentially in privity with the alleged manufacturer defendants. (*Id.* at ¶¶ 9 and 10 (describing

Interior & Exterior Building Supply, L.P., and Rightway Drywall, Inc., as "building supply company[ies]")).  Plaintiff has thus pleaded itself out of court.  Leave to amend should not be granted, as Plaintiff cannot plausibly make out the claim.

Relatedly, the courts of Alabama and Florida do not consider a manufacturer who has not sold goods directly to the plaintiff to be a "seller" within the meaning for purposes of the implied warranties of merchantability or fitness for a particular purpose; thus, plaintiffs cannot, under Alabama or Florida law, state claims for breach of those implied warranties.  *Wellcraft Marine v. Zarzour*, 577 So. 2d 414, 419 (Ala. 1990) ("There is no right of action on an implied warranty theory against a *manufacturer* for property damage without privity of contract. … [B]y their very language the [UCC's] implied warranty sections apply to the seller of the product.") (emphasis in original); *accord*, *Ames v. Winnebago Indus., Inc.*, 5:04-cv-359-Oc-10GRJ, 2005 U.S. Dist. LEXIS 35226, *14 (M.D. Fla. Oct. 14, 2005) (citing *Kramer v. Piper Aircraft Corp.*, 520 So. 2d 37) (rejecting plaintiff's contention that manufacturer was a "seller" as being contrary to Florida law).[6]

In the present case, it is indisputable that Defendants never entered into a contract with any Plaintiff and therefore that no privity exists – as Plaintiffs concede in alleging that it purchased the drywall from, Interior & Exterior, a supplier. (Compl. at ¶ 15).  Plaintiffs provide no factual information whatsoever that would tend to support a reasonable inference of direct privity between themselves and Defendants.  *See Lormand*, 565 F.3d at 257 (quoting *Twombly*,

---

[6] Alabama law does not permit recovery of economic losses resulting from breach of implied warranties where privity is absent and appears not to permit recovery for *personal injury* for "third party beneficiaries" where privity is lacking.  *Rose v. General Motors Corp.*, 323 F. Supp. 2d 1244, 1247-48 (N.D. Ala. 2004) (citing *Ex parte General Motors Corp.*, 769 So. 2d 903 (Ala. 1999); ALA. CODE § 7-2-318) (ruling that under Alabama law consumer could not assert claims for personal injury against an automobile manufacturer).

550 U.S. at 555-56).   Plaintiffs make no attempt to define any relationship, contractual or

otherwise, that might have given rise to direct privity between themselves and KPT.

> **3.     To the extent Plaintiffs' claims is governed by the UCC, recovery is barred because the drywall is not a "good" within the meaning of the UCC.**

The implied warranty claim must fail because the UCC does not apply with respect to

Defendants' sales of drywall.   As codified by the states, the UCC, where applicable, implies a

warranty of fitness for a particular purpose.   UCC §§ 2-314, 2-315; FLA. STAT. ANN. §§ 672.314,

672.315; ALA. CODE 1975 §§ 7-2-314, 7-2-315.   A separate provision permits "third party

beneficiaries" of express or implied warranties to recover for certain losses when those implied

warranties are breached.   UCC § 2-318 (providing three model statutes for states to adopt); FLA.

STAT. ANN. § 672.318 (same); ALA. CODE 1975 § 7-2-318 (permitting recovery only for personal

injury).

However, those UCC remedies apply only to the sale of "goods," and drywall is not a

"good."   Under the UCC, the term "goods":

> means all things that are movable at the time of identification to a
> contract for sale. The term includes future goods, specially
> manufactured goods, the unborn young of animals, growing crops,
> and other identified things attached to realty as described in
> Section 2-107. The term does not include information, the money
> in which the price is to be paid, investment securities under Article
> 8, the subject matter of foreign exchange transactions, or choses in
> action.

UCC §§ 2-103(1)(k).   Although something is affixed to realty may still be a "good," it ceases to

be a good if its removal would result in material harm:     "Article [2,] in including within its

scope 'things attached to realty[,]' adds the further test that they must *be capable of severance*

*without material harm thereto*."   UCC §§ 2-107(2); 2-105 official cmt. ¶ 1 (emphasis added);

*see also* FLA. STAT. ANN. §§ 672.105(1), 672.107(2).

Several courts have found that construction materials similar to drywall that are integrated into a home are not "goods" under the UCC.  *See, e.g.*, *Keck v. Dryvit Sys., Inc.*, 830 So. 2d 1, 8-9 (Ala. 2002) (citing ALA. CODE 1975 § 7-2-105, official cmt. ¶ 1).  In *Keck*, the Supreme Court of Alabama considered whether an exterior insulation finishing system ("EIFS") – a multilayer system composing home's exterior wall – was a "good" under the UCC.  *Keck*, 830 So. 2d at 8-9.  The court found that EIFS was ***not*** a "good" because it was incorporated into the realty and could not be removed without causing material harm to the home:

> [T]o be considered a product within the meaning of the UCC, the EIFS must be capable of severance from the Kecks' home without causing material harm to the home.  Because of the nature and character of the EIFS, we cannot say that the EIFS can be detached from the house without causing significant harm to the house. The EIFS is a multilayer system that composes the exterior wall of the Kecks' home. The EIFS was attached to the underlying sheathing of the Kecks' home during construction of the home. Once incorporated into realty, the EIFS loses its distinct characteristic as a "good" and becomes an integral part of the structure of a home. Removing the EIFS from the Kecks' home would damage the underlying sheathing of the house and the overall structural integrity of the house, leaving the house exposed to the elements. Because removal of the EIFS would unquestionably result in material harm to the Kecks' home, the EIFS cannot be considered a "good" within the meaning of the UCC.

Id. at 8 (emphasis added); *see also Gordon v. Acrocrete, Inc.*, 05-0329-WS-M, 2006 U.S. Dist. LEXIS 31015, *23 (S.D. Ala. Apr. 24, 2006) (citing *Keck*, 830 So. 2d 1) (finding that stucco system used on home's exterior was not a "good" for UCC purposes); *Clear Lake City Water Auth. v. Friendswood Dev. Co.*, 256 S.W.3d 735, 750 (Tex. Ct. App. 2008) (citing TEX. BUS. & COM. CODE ANN. § 2.105(a)) (finding that "the potential sale to the [water a]uthority of fixtures that have become part of the real property does not involve the provision of goods" under the UCC).

-12-

The *Keck* court noted the conformity of its conclusion with a Virginia opinion, wherein the court had concluded that, notwithstanding the absence of a privity requirement under Virginia law, EIFS was not a "good":

> "The EIFS at issue in this case was a good at one time, but once it was incorporated into the walls of the units it ceased to be a 'good' in that it lost any distinctive characteristic it once had.  To hold otherwise would be to hold that any 'building component' used in the construction of any building contains a manufacturer's warranty applicable to remote plaintiffs simply because it was a good at some time.  If this was the intent of the legislature in enacting the anti-privity statute then the General Assembly is the proper forum to specifically address the issue regarding building components incorporated into realty."

Keck, 830 So. 2d at 9 (quoting *BayPoint Condominium Ass'n, Inc. v. Dryvit Sys.*, CL99-475, Apr. 3, 2001 (unpublished)) (emphasis in *Keck*).[7]

Here, the allegedly defective drywall, like the allegedly defective EIFS in *Keck* and *BayPoint Condominium*, is incorporated into property, and its removal would materially harm Plaintiffs' homes.  In fact, Plaintiffs concede that the drywall cannot be removed from Plaintiffs' homes without causing harm, as their damages claim includes replacement of the drywall.  (*See, e.g.*, Compl. at ¶ 2619).  Furthermore, the fact that the drywall at issue may have been a good at one time is unavailing.  *Keck*, 830 So. 2d at 8. Given the failure of the drywall to meet the UCC test for "goods," the statute cannot apply, and thus the state's UCC provisions afford no avenue of relief with respect to KPT.

The common law affords no recourse equivalent to the implied warranty of merchantability, nor for "third party beneficiaries," against a manufacturer where direct privity is lacking; other remedies are found in tort.  *Kramer v. Piper Aircraft Corp.*, 868 F.2d 1538, 1540

---

[7]  The court also concluded that the EIFS was not a "product" under the Alabama Extended Manufacturer's Liability Doctrine.  *Keck*, 830 So. 2d at 7.

(11th Cir. (Fla.) 1989) (citing *Caterpillar Tractor Co.*, 336 So. 2d 80 (Fla. 1976)) (per curiam) (noting that "strict liability in tort … in effect abolished the cause of action for violation of implied warranty in a non-privity situation").  Therefore, Plaintiffs cannot maintain a claim for the implied warranty of merchantability, nor for recovery as "third party beneficiaries," because that warranty and attendant rights arise solely under UCC provisions governing the sale of "goods."

Relatedly, Florida courts do not consider a manufacturer who has not sold goods directly to the plaintiff to be a "seller" within the meaning for purposes of the implied warranty of merchantability; thus, plaintiffs cannot, under Florida law, state claims for breach of that implied warranty.  *Ames v. Winnebago Indus., Inc.*, 5:04-cv-359-Oc-10GRJ, 2005 U.S. Dist. LEXIS 35226, *14 (M.D. Fla. Oct. 14, 2005) (citing *Kramer v. Piper Aircraft Corp.*, 520 So. 2d 37) (rejecting plaintiff's contention that manufacturer was a "seller" as being contrary to Florida law).[8]

For these reasons, the claim for breach of implied warranty of merchantability should be dismissed with respect to the Moving Defendants.

### C.   Plaintiff Fails To State A Cause Of Action For Breach of Express Warranty (Count VI).[9]

Plaintiff likewise fails to state a claim for breach of express warranty under Florida common law or in accordance with the state's Uniform Commercial Code.  (Compl. at ¶¶ 79-84).  A common-law claim for breach of express guarantee requires the claimant to identify the origin

---

[8] Alabama law does not permit recovery of economic losses resulting from breach of implied warranties where privity is absent and appears not to permit recovery for *personal injury* for "third party beneficiaries" where privity is lacking.  *Rose v. General Motors Corp.*, 323 F. Supp. 2d 1244, 1247-48 (N.D. Ala. 2004) (citing *Ex parte General Motors Corp.*, 769 So. 2d 903 (Ala. 1999); ALA. CODE § 7-2-318) (ruling that under Alabama law consumer could not assert claims for personal injury against an automobile manufacturer).

and the terms of the warranty and to describe how it was breached. *14250 Realty Assocs. v. Weddle Bros. Constr. Co.*, No. 8:-07-cv-788-T-27EAJ, 2008 U.S. Dist. LEXIS 93194, at *14 (M.D. Fla. Nov. 6, 2008) (dismissing claim for failure to allege these elements). Express warranties are generally viewed as being created when a seller makes affirmations of fact or promise relating to the goods that become part of the basis of the bargain or when a seller's description of the goods is made part of the basis of the bargain. *See, e.g.*, ALA. CODE § 7-2-313 (UCC claim); *Crum v. Johns Manville, Inc.*, 19 So. 3d 208, 221 (Ala. Civ. App. 2009) (affirming dismissal of claim where complaint, on its face, did not allege the existence of express warranty between plaintiff and defendant). Under Florida law, express warranties by the seller are created by "(a) [a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise; (b) [a]ny description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." FLA. STAT. § 672.313 (LEXIS 2009). Such a claim requires identification of the following:

> "1) Facts in respect to the sale of the goods; 2) Identification of the types of warranties created . . . 3) Facts in respect to the creation of the particular warranty. . . 4) Facts in respect to the breach of the warranty; 5) Notice to seller of breach . . . 6) The injuries sustained by the buyer as a result of the breach of warranty."

14250 *Realty Assocs.*, 2008 U.S. Dist. LEXIS 93194, at *14 (quoting *Dunham-Bush, Inc.*, 351 So. 2d at 353). It is axiomatic that the claimants, at a minimum, must allege that such a warranty exists. *Desouza v. Lauderdale*, 928 So. 2d 1035, 1044 (Ala. Civ. App. 2005) (permitting claim

---

[9] Defendants' argument regarding the application of the CISG applies with equal force to the express warranty claims.

where basic terms of the warranty, i.e., coverage for the first ten years following purchase, was "undisputed" )

Furthermore, a claim based on "trade custom and practice" is not an express warranty but an "implied" warranty between contracting parties. FLA. STAT. § 672.314(3) ("Unless excluded or modified (Section 2-316) other implied warranties may arise from course of dealing or usage of trade."); *Barnard v. Kellogg*, 77 U.S. 383 (U.S. 1871); *Cohen v. Frima Prods. Co.*, 181 F.2d 324, 325 (5th Cir. (Fla.) 1950) ("The conflicting evidence as to custom and usage, could not establish an implied warranty where none existed in law because of the express warranty plead[ed] and sought to be proved.").

In *14250 Realty*, the court granted the third-party defendants' motion to dismiss the plaintiff's claims for "breach of express guarantee" where the plaintiff failed to identify any guarantees that had been breached. 2008 U.S. Dist. LEXIS 93194, at *10-12. The "sparse" allegations underlying the claim included only an averment that the plaintiff "was a known and intended beneficiary of the warranty" and that the defendants had breached that warranty. *Id.* at *14. The court noted, "[The plaintiff] fails to identify the origin of this warranty, fails to identify the terms of the warranty, and fails to describe how it was breached." *Id.* Furthermore, to the extent that the plaintiff meant to allege a breach of express warranty under Florida's Uniform Commercial Code, the claim was "plainly deficient." *Id.* (citing *Dunham-Bush, Inc. v. Thermo-Air Serv., Inc.*, 351 So. 2d 351, 353 (Fla. Ct. App. 1977)).[10]

In the present case, the allegations are even more sparse than those in *14250 Realty*. Plaintiff's claim also fails for lack of factual allegations as to where the warranty was expressed

---

[10] To the extent the plaintiff sought to allege a separate breach of contract, that claim likewise failed because the complaint did not identify "the relevant portion of the contract breached." *14250 Realty Assocs.*, 2008 U.S. Dist. LEXIS 93194, at *14 (citing *Wood-Hopkins Contracting Co. v. Masonry Contractors, Inc.*, 235 So. 2d 548, 552 (Fla. Ct. App. 1970)).

and its terms.  The language of the *Borchardt* opinion applies with at least equal force to the present claim:

> Plaintiffs' allegations of the express warranty are too vague to meet the pleading requirements set forth above.  Plaintiffs allege language and terms of express warranties, but fail to cite when and where those warranties were expressed. While Plaintiffs allege an array of potential sources for express warranties, they fail to cite what language and terms those express warranties provided. … [I]t is unclear whether there is one or multiple express warranties. It is also  unclear whether the express warranty arose at the time of the original sale … , or at a later time.

*Borchardt*, 2009 U.S. Dist. LEXIS 107192, at *11.  In *Borchardt*, plaintiffs asserted that Defendant had affirmed in writing, and specifically "in owner's manuals, labels, product brochures, catalogues and otherwise held themselves out" that the ship's hull was free from defects, and their complaint included the specific language of the alleged express warranties. *Id.* at *10-11.  Despite these allegations, the court dismissed the claims.

The above-quoted language from *14250 Realty* and *Borchardt* applies with at least equal force to the present claim.  Indeed, Plaintiff here alleges far less, asserting only that Defendants "affirmed" that the product sold "was gypsum drywall," provides no language as to the express warranties alleged, and fails to identify where, when, or to whom such an affirmation was made.  Furthermore, Plaintiff contradicts its own claim in alleging, on the one hand, that "Defendants expressly affirmed that the product they were selling to Plaintiff … was gypsum drywall" and, on the other, that the "warranty" was not express but implied: "By *trade custom and practice,* said warranty included an affirmation that the product was essentially gypsum, a paper backing, and nothing else."  (Compl. at ¶ 80).  Warranties established by "trade custom" are *implied* rather than express warranties.  FLA. STAT. § 672.314(3); *Barnard*, 77 U.S. 383; *Cohen*, 181 F.2d at 325.

Therefore, the claim for breach of express warranty should be dismissed with respect to the Moving Defendants.

**III.     CONCLUSION**

For the foregoing reasons, the Moving Defendants respectfully request that this Court grant their Motion to Dismiss Count III (unjust enrichment), Count IV (breach of implied warranty of merchantability); and Count VI (breach of express warranty) for failure to state a claim upon which relief can be granted.

Date:   April 21, 2010

Respectfully submitted,

/s/ Douglas B. Sanders

Douglas B. Sanders
Richard Franklin
BAKER & MCKENZIE LLP
130 E. Randolph Dr.
Chicago, IL 60601
Telephone: (312) 861-8075
Facsimile:  (312) 698-2375
Email: douglas.b.sanders@bakernet.com

Donald J. Hayden
BAKER & MCKENZIE LLP
1111 Brickell Avenue, Suite 1700
Miami, Florida 33131
Telephone: (305) 789-8966
Facsimile:  (305) 789-8953
E-mail: Donald.hayden@bakernet.com

Kerry Miller (LA Bar No. 24562)
Kyle A. Spaulding (LA Bar No. 29000)
FRILOT L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Telephone:  (504) 599-8194
Facsimile:   (504) 599-8145
Email: kmiller@frilot.com

*Attorneys for Defendants, Knauf Plasterboard
(Tianjin) Co., Ltd. and Knauf Gips KG*

## **CERTIFICATE**

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 2047, on this 21st day of April, 2010.

s/Douglas B. Sanders_____

CHIDMS1/2771541.7