UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 20427 |
| | SECTION "L" |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| SEAN AND BETH PAYTON, individually and on beahalf of all others similarly situated, Plaintiffs | MAG. JUDGE WILKINSON |

v.

KNAUF GIPS KG, et al
Case No. 2:09-CV-7628
    Defendants

### DEFENDANT O.C.D. OF S. FLORIDA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' OMNIBUS CLASS ACTION COMPLAINT

COMES NOW, Defendant O.C.D. of S. Florida, Inc. (improperly named in Complaint as Ocean Coast Drywall, Inc.), by and through its undersigned counsel, and pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, and files its Motion to Dismiss Plaintiffs' Omnibus Class Action Complaint. In support, Defendant O.C.D. submits the following memorandum of law:

### NEGLIGENCE

1. Plaintiffs allege claims against Defendant O.C.D. for Negligence (Count I) Negligence Per Se (Count II) and Negligent Discharge of a Corrosive Substance (Count XII).

2. However, Plaintiffs' allegations fail to differentiate between the Defendants. Therefore, Defendant O.C.D. cannot form a response to Counts I, II and XII.

3. In addition, Plaintiffs' allegations are not fact-specific and therefore Defendant O.C.D. is unable to properly respond to Counts I, II and XII.

## STRICT LIABILITY

4. Plaintiffs allege a claim against Defendant O.C.D. for Strict Liability (Count III).

5. However, Plaintiffs' claim for strict liability against Defendant O.C.D. is improper and should be dismissed, as the doctrine of strict product liability does not apply to structural improvements to real estate. Neumann v. Davis, 433 So. 2d 559 (Fla. 2d DCA 1983), Plaza v. Fisher Development, Inc., 971 So. 2d 918 (Fla. 3d DCA 2007).

6. In West v. Caterpillar, 336 So. 2d 80 (Fla. 1976), the Florida Supreme Court established the doctrine of strict liability in tort. However, in Neumann v. Davis, the Second District Court of Appeal declined to extend the doctrine of strict liability established in West v. Caterpillar to structural improvements to real estate. Neumann at 561. In Neumann, Plaintiff brought a claim for strict liability against the Defendant as the installer or assembler of a treatment tank at a sewage facility. Id. The Second District Court of Appeal upheld the trial court's dismissal of the strict liability claim against Defendant, finding the treatment tank to be an integral part of the sewage facility and therefore not subject to the doctrine of strict liability. Id.

7. In Plaza v. Fisher Development, the Third District Court of Appeal upheld summary judgment for Defendant contractor on the grounds that the alleged defective product, a conveyor belt in a retail store, was not a "product" but rather a structural improvement to real estate, rendering the doctrine of strict liability inapplicable. 971 So. 2d 918, 924 (Fla. 3d DCA 2007).

8. Plaintiffs allege that Defendant O.C.D. installed drywall in certain Plaintiffs' homes. (See ¶2579 of Plaintiffs' Complaint).

9. Based on the four corners of the Complaint, Plaintiffs' claim for strict liability against Defendant O.C.D. should be dismissed, as the installation of drywall is a structural improvement to real property and therefore the doctrine of strict product

liability does not apply.  Neumann v. Davis, 433 So. 2d 559 (Fla. 2d DCA 1983), Plaza v. Fisher Development, Inc., 971 So. 2d 918 (Fla. 3d DCA 2007).

## BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES

10.     Plaintiffs allege claims against Defendant O.C.D. for Breach of Express and/or Implied Warranties (Count IV).

11.     However, no contract existed between Plaintiffs and Defendant O.C.D.. Therefore, Plaintiffs' claim against Defendant O.C.D. for breach of express warranty is improper and should be dismissed.

12.     In Kramer v. Piper Aircraft Corp., the Florida Supreme Court made it clear that with the adoption of the doctrine of strict liability in tort, all causes of action based on non-privity breaches of implied warranties were abolished.  520 So.2d 37, 39 (Fla. 1988).  Therefore, in order for Plaintiffs to proceed on a claim for breach of implied warranties against Defendant O.C.D., the Plaintiffs must show either that: 1) Plaintiffs had a contract with Defendant O.C.D.; or 2) Plaintiffs were third party beneficiaries of the contract between the applicable builder and Defendant O.C.D..  Id.; Fla. Stat. §672.318.

13.     Florida Statute Section 672.318, which defines who is a third party beneficiary in regard to implied warranties, provides in relevant part:

> A seller's warranty whether express or implied extends to any natural person who is in the family or household of his or her buyer, who is a guest in his or her home or who is an employee, servant or agent of his or her buyer if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty.

14.     Exceptions to the privity requirement for implied warranties, such as the third party beneficiary exception, should be strictly construed to avoid eroding the protections of the privity requirement and exposing businesses to unlimited liability.  See Florida Bldg. Inspection Services, Inc. v. Arnold Corp., 660 So. 2d 730, 731 (Fla. 3d DCA 1995).   A third party beneficiary is a specific, known party that was contemplated at the time of the contract, and intended to receive the benefits of the contract.  See First American Title Ins. Co., Inc. v. First Title Service Co. of the Florida Keys Inc., 457 So.

2d 467, 471-473 (Fla. 1984). It is not enough to be a foreseeable end-user of a product to be considered a third party beneficiary of a contract. Id.

15.  Plaintiffs were not third party beneficiaries of the contract between the applicable builder(s) and Defendant O.C.D.. Florida Statute Section 672.318 clearly defines those persons who can be considered third party beneficiaries under §§672.314 and 672.315 and Plaintiffs do not fall into any of the statutorily defined groups. Further, Plaintiffs have failed to attach to the Complaint any document showing that Plaintiffs were third party beneficiaries of the contract between the applicable builder and Defendant O.C.D.. Since Plaintiffs were not third party beneficiaries of the contract between the applicable builder and Defendant O.C.D., Count IV should be dismissed.

## PRIVATE NUISANCE

16.  Plaintiffs allege a claim against Defendant O.C.D. for Private Nuisance (Count XI).

17.  However, Plaintiffs' claim for private nuisance against Defendant O.C.D. is improper and should be dismissed, as Defendant O.C.D. did not manufacture the allegedly defective product and therefore does not have the ability to abate the alleged nuisance. See, e.g., Shamhart v. Morrison Cafeteria Co., 32 So. 2d 727, 731 (Fla.1947) (stating that a person is generally not liable for a nuisance caused or promoted by others over whom he has no control).

18.  In addition, in a products liability action such as this, "where the harm is restricted to the user of the product and results from its allegedly negligent manufacture, does not give rise to a nuisance cause of action." DiCarlo v. Ford Motor Co., 409 N.Y.S. 2d 417, 418-19 (N.Y.A.D. 1978).

## UNJUST ENRICHMENT

19.  Plaintiffs allege a claim against Defendant O.C.D. for Unjust Enrichment (Count XIII).

20.  However, Plaintiffs' claim for unjust enrichment against Defendant O.C.D. fails as a matter of law. It is well settled in Florida that "unjust enrichment is equitable in

nature and is, therefore, not available where there is an adequate legal remedy." <u>Bowleg v. Bowe</u>, 502 So. 2d 71, 72 (Fla. 3d DCA 1987) (dismissing unjust enrichment count because plaintiff had a contractual remedy).

21.   Here, Plaintiffs' claim for unjust enrichment must fail because Plaintiffs' have adequate remedies at law and are pursuing those remedies in this case.  In fact, Plaintiffs are seeking the same relief in their unjust enrichment count as they are in almost every other count in the Complaint, namely economic damages as a result of the allegedly defective drywall.  Therefore, because Plaintiffs have adequate remedies at law, their claim for unjust enrichment fails as a matter of law and the Court should dismiss Count XIII of the Plaintiffs' Complaint.

## **FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**

22.   Plaintiffs allege a claim against Defendant O.C.D. for violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count XIV).

23.   However, Plaintiffs' Complaint for violation of FDUTPA fails as a matter of law.

24.   To state a claim under FDUTPA, a plaintiff must establish the following: (1) a deceptive or unfair practice; (2) causation and (3) actual damages.  See e.g., <u>Rollins, Inc. v. Butland</u>, 951 So. 2d 860, 869 (Fla. 2d DCA 2006).  In bringing a claim under FDUTPA, "a plaintiff must do more than merely allege in a conclusory fashion that a defendant's actions constitute an 'unfair or deceptive act' or that the defendant acted 'wrongfully, unreasonably and unjustly' and for a 'deceptive and improper purpose.'" <u>Infinity Global, LLC v. Resort at Singer Island, Inc.</u>, No. 07-80690-CIV, 2008 WL 1711535, at *4 (S.D. Fla. April 10, 2008) (finding that plaintiff failed to state a claim under FDUTPA) (citations omitted).

25.   As the basis for their FDUTPA claim, Plaintiffs merely allege that all of the "Defendants'" acts and omissions, as well as their failure to use reasonable care, constitute a violation of the provisions of the Consumer Protection Acts of the Relevant States."  (See ¶ 2755 of Plaintiffs' Complaint).  Plaintiffs do not identify the specific conduct of Defendant O.C.D. that was allegedly deceptive or unfair, or how this unidentified

- 5 -

conduct constituted an unfair or deceptive act.  Instead, Plaintiffs' allegations are nothing more than bare legal conclusions, which are insufficient to state a claim under FDUTPA. Infinity Global, LLC, 2008 WL 1711535, at *4.

26.     Moreover, even if Plaintiffs had alleged sufficient facts to support a FDUTPA claim, Plaintiffs fail to allege damages that are recoverable under FDUTPA. FDUTPA is "intended to protect a consumer from unfair or deceptive acts or practices which diminish the value or worth of the goods or services purchased by the consumer" and authorizes a consumer to recover actual damages for a violation of FDUTPA.  Urling v. Helms Exterminators, Inc., 468 So. 2d 451, 454 (Fla. 1st DCA 1985); Fla. Stat. §501.211(2).  The measure of actual damages is "the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered…"  Urling, 468 So. 2d at 454.  Where a plaintiff has failed to allege a recoverable loss under FDUTPA (i.e., actual damages), the claim is subject to dismissal.  See Smith v. 2001 South Dixie Highway, Inc., 872 So. 2d 992, 994 (Fla 4th DCA 2004) ("We conclude that the trial court was correct in dismissing appellant's complaint because appellant did not allege a recoverable loss under the statute and, therefore, failed to state a cause of action.").

27.     In this case, Plaintiffs are not seeking actual damages.  Rather, Plaintiffs plead only special and consequential damages, including the costs to repair their homes and replace the other property allegedly damaged by the defective drywall.  (See ¶ 2632 of Plaintiffs' Complaint).  However, these damages are not recoverable under FDUTPA. Urling, 468 So. 2d at 454 (denying cost spent repairing damages caused by termites because it "constitutes special or consequential damages which fall outside the statutory concept as defined in section 501.211, Florida Statutes"); Kia Motors America Corp. v. Butler, 985 So. 2d 1133, 1140 (Fla. 3d DCA 2008) (noting that under "FDUTPA 'actual damages' do not include consequential damages, such as repair damages or resale damages"); Rollins, Inc., 951 So. 2d at 869-70 ("the recovery afforded under FDUTPA does not include diminution in value or stigma damages").  Nor are damages to "property other than the property that is the subject of the consumer transaction."  Fla. Stat. §

501.212(3); Rollins, Inc. v. Heller, 454 So. 2d 580, 584-85 (Fla. 3d DCA 1984) (denying recovery for items stolen due to defective burglary alarm system because FDUTPA "only allows recovery of damages related to the property which was the subject of the consumer transaction").  Therefore, because Plaintiffs have failed to plead actual damages and are instead seeking damages that are not recoverable under FDUTPA, the court should dismiss Plaintiffs' FDUTPA claim against Defendant O.C.D..

## EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING

28.  Plaintiffs allege a claim against Defendant O.C.D. for equitable and injunctive relief, including requiring Defendant O.C.D. to … "create, fund and support a medical monitoring program."  (See Count XV, ¶2761 of Plaintiffs' Complaint).

29.  However, Plaintiffs fail to state a claim for medical monitoring, equitable relief and injunction.

30.  Medical monitoring is an equitable remedy that is available in only limited circumstances. Petito v. A.H. Robins Co., Inc., 750 So. 2d 103, 108 (Fla. 3d DCA 1999). As stated above, Plaintiffs have an adequate remedy at law (which they have pled) and therefore cannot plead a claim for "equitable and injunctive relief."

31.  In addition, Plaintiffs have failed to allege the elements necessary to state a claim for medical monitoring.  For instance, Plaintiffs do not allege that: (1) a monitoring procedure exists that makes the early detection of the alleged disease possible or what the "disease" is; (2) how the prescribed monitoring regime is different from that normally recommended in the absence of the exposure; or (3) why the prescribed monitoring regime is reasonably necessary according to contemporary scientific principles. Therefore, Plaintiffs fail to state a claim for medical monitoring, equitable relief and injunction, and Count XV should be dismissed.  Petito, 750 So. 2d at 106-07.

        PETERSON BERNARD
        Attorneys for Defendants Global Home
        Builders, Inc., and O.C.D. of S. Florida, Inc.
        416 Flamingo Ave.
        Stuart, FL  34996
        Phone: (772) 286-9881
        Fax:    (772) 220-1784


By: /s/ Sarah M. Vazquez
   SARAH M. VAZQUEZ
   Florida Bar No.: 0662526
   E-mail: sarahvazquez@stuart-law.net
   EDWIN E. MORTELL, III
   Florida Bar No.:  832758
   E-mail: edwinmortell@stuart-law.net

**I HEREBY CERTIFY** that on April 15, 2010  this document was served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by e-mail and by e-mail on all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6 and that the foregoing was electronically filed with the Clerk of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will generate a notice of electronic filing in accordance with the procedures established in MDL 2047.

                /s/ Sarah M. Vazquez