IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | MDL NO. 2047<br>SECTION: L |
| **THIS DOCUMENT RELATES TO:<br>09-CV-4324 (WHITFIELD)** | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

CHRISTOPHER WHITFIELD, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

KNAUF GIPS KG , KNAUF PLASTERBOARD TIANJIN CO. LTD., FICTITIOUS DEFENDANTS A-Z,

Defendants.

**DEFENDANT KNAUF GIPS KG'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

## TABLE OF CONTENTS

**Page**

I. ESTABLISHING PERSONAL JURISDICTION .......... 3

II. KNAUF GIPS NEITHER OWNS NOR DIRECTS THE CHINESE COMPANIES AND LACKS SIGNIFICANT CONTACTS WITH MISSISSIPPI .......... 5

III. ARGUMENT .......... 6

A. Knauf Gips Has Not Engaged In Any Activity In Mississippi Sufficient To Justify The Exercise Of Jurisdiction Over It .......... 6

1. Knauf Gips' contacts with Mississippi are insufficient to support a finding of general personal jurisdiction .......... 7

2. Knauf Gips' contacts with Mississippi are insufficient to support a finding of specific personal jurisdiction .......... 8

a. Knauf Gips has never done business in Mississippi .......... 8

b. Knauf Gips has not committed a tortious act or caused injury to property in Mississippi .......... 8

B. Knauf Gips Did Not Submit To The Jurisdiction Of This Court Through An Agent .......... 9

C. Plaintiffs' Allegations Of Jurisdiction Do Not Satisfy Due Process Requirements .......... 12

IV. CONCLUSION .......... 13

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Applewhite v. Metro Aviation, Inc.*,
875 F. 2d 491 (5th Cir. 1989)........................................................................................ 7

*Baggett v. Yamaha Motor Co.*,
No. 06-CV-00184, 2006 U.S. Dist. LEXIS 38473 (S. D. Miss. May 31, 2006)...................... 1

*Bufkin v. Thermage, Inc.*,
No. 08-CV-465, 2009 U.S. Dist. LEXIS 3441 (S.D. Miss. Jan. 16, 2009) ............................ 3

*Charles v. Nasser Al-Anssi*,
No. 06-CV-556, 2007 U.S. Dist. LEXIS 19434 (S. D. Miss. Mar. 19, 2007) ..................... 1, 8

*Coats v. Penrod Drilling Corp.*,
5 F. 3d 877 (5th Cir. 1993)............................................................................................ 7

*Dickson Marine Inc. v. Panalpina, Inc.*,
179 F. 3d 331 (5th Cir. 1999)........................................................................................ 10

*Durham v. Katzman*,
375 F. Supp. 2d 495 (S.D. Miss. 2005) ..................................................................... 4, 5

*Estate of Jones v. Phillips*,
992 So. 2d 1131 (Miss. 2008) ........................................................................................ 3

*Gammill v. Lincoln Life and Annuity Distribs., Inc.*,
200 F. Supp. 2d 632 (S.D. Miss. 2001) ..................................................................... 2, 11

*Griggs v. State Farm Lloyds*,
181 F. 3d 694 (5th Cir. 1999)........................................................................................ 1

*Hargrave v. Fibreboard Corp.*,
710 F. 2d 1154 (5th Cir. 1983)...................................................................................... 10

*Helicopteros Nactionales de Colombia v. Hall*,
466 U.S. 408 (1984)....................................................................................................... 3

*Horne v. Mobile Area Water & Sewer System*,
897 So. 2d 972 (Miss. 2004) .......................................................................................... 9

*J.T. Shannon Lumber Co. v. Gilco Lumber, Inc.*,
No. 07-CV-119, 2010 U.S. Dist. LEXIS 1993 (N.D. Miss. Jan. 11, 2010)............................ 9

*Johnson & Higgins of Miss., Inc. v. Commissioner of Ins. of Miss.*,
321 So. 2d 281 (Miss. 1975) .................... 2

*Kekko v. K&B La. Corp.*,
716 So. 2d 682 (Miss. Ct. App. 1998) .................... 4, 8

*McDaniel v. Ritter*,
556 So. 2d 303 (Miss. 1989) .................... 7

*North Am. Plastics v. Inland Shoe Mfg. Co.*,
592 F. Supp. 875 (N.D. Miss. 1984).................... 2, 12

*Samples v. Vanguard Healthcare, LLC*,
No. 07-CV-157, 2008 U.S. Dist. LEXIS 70822 (N.D. Miss. Sep. 18, 2008) .................... 10

*Seiferth v. Helicopteros Atuneros, Inc.*,
472 F. 3d 266 (5th Cir. 2006).................... 4, 12

*Stripling v. Jordan Prod. Co., LLC*,
234 F. 3d 863 (5th Cir. 2000).................... 2, 12

*Submersible Systems, Inc. v. Perforadora Central, S.A. de C.V.*,
249 F. 3d 413 (5th Cir. 2001).................... 7

**STATUTES**

MISS. CODE ANN.. §13-3-57....................3, 4, 8

**OTHER AUTHORITIES**

Rule 12(b)(2) of the Federal Rules of Civil Procedure .................... 1

Rule 12(b)(6) of the Federal Rules of Civil Procedure .................... 1

Fourteenth Amendment .................... 3

Knauf Gips KG ("Knauf Gips") moves to dismiss Plaintiffs' Class Action Complaint ("Complaint" or "Compl.") for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.[1] Plaintiffs originally filed their Complaint in the U.S. District Court for the Southern District of Mississippi, and thus this Court may not exercise personal jurisdiction over Knauf Gips absent a finding of sufficient contacts with the State of Mississippi. Here, however, Knauf Gips KG ("Knauf Gips") has no relationship to the allegedly defective drywall upon which Plaintiff's lawsuit is premised, nor has Knauf Gips engaged in any significant contacts with Mississippi, either itself or through an agent. Insufficient facts have been alleged, and no facts exist, to justify the exercise of jurisdiction over Knauf Gips with respect to any of the Counts alleged in the Class Action Complaint ("Complaint"). To overcome the absence of any meaningful contacts, Plaintiffs attempt to manufacture jurisdiction by alleging conclusory facts linking Knauf Gips to Mississippi and attributing acts of another separate and independent entity to Knauf Gips. Plaintiffs' vague allegations do not provide a basis for jurisdiction, in particular given the facts presented in the Declarations of the Knauf Defendants.

Allegations that are conclusory and/or attempt to establish jurisdiction over a defendant based upon "information and belief" are insufficient to confer jurisdiction on this Court. *Baggett v. Yamaha Motor Co.*, No. 06-CV-00184, 2006 U.S. Dist. LEXIS 38473, *3 (S. D. Miss. May 31, 2006); *see also Griggs v. State Farm Lloyds*, 181 F. 3d 694, 699 (5th Cir. 1999). Under Mississippi law, "an agency relationship may be either express or *de facto*." *Charles v. Nasser Al-Anssi*, No. 06-CV-556, 2007 U.S. Dist. LEXIS 19434, *7 (S. D. Miss. Mar. 19, 2007). A *de facto* agency may be proven by the presence of three elements "(1) manifestation by the alleged principal, either by words or conduct, that the alleged agent is employed as such by the principal,

[1] Defendant Knauf Gips, along with Knauf Plasterboard (Tianjin) Co. Ltd. ("KPT"), has also filed a motion to dismiss for failure to state a claim on which relief can be granted, pursuant to Rule 12(b)(6) of

(2) the agent's acceptance of the arrangement, and (3) the parties understood that the principal will control the undertaking." *Stripling v. Jordan Prod. Co., LLC*, 234 F. 3d 863, 870 (5th Cir. 2000) (internal quotations omitted). The Plaintiffs in this case are essentially alleging that the Chinese company Knauf Plasterboard Tianjin Co., Ltd. ("KPT") is merely an *alter ego* of Knauf Gips and thus its alleged contacts with the forum state justify haling Knauf Gips into a court in Mississippi. The *alter ego* doctrine is usually applied to a subsidiary-parent relationship, not between two subsidiary corporations. Even if the parent-subsidiary relationship were present, here, which it is not, Plaintiffs would have to demonstrate that

> (1), the parent corporation [allegedly Knauf Gips] owns all or a majority of the capital stock of the subsidiary; (2), the parent and subsidiary corporations have common directors or officers; (3), the parent corporation finances the subsidiary; (4), the parent corporation subscribes to all the capital stock of the subsidiary or otherwise causes its incorporation; (5), the subsidiary has grossly inadequate capital; (6), the parent corporation pays the salaries or expenses or losses of the subsidiary; (7), the subsidiary has substantially no business except with the parent corporation or no assets except those conveyed to it by the parent corporation; (8), in the papers of the parent corporation and in the statements of its officers, "the subsidiary" is referred to as such or as a department or division; (9), the directors or executives of the subsidiary do not act independently in the interest of the subsidiary but take direction from the parent corporation; and (10), the formal legal requirements of the subsidiary as a separate and independent corporation are not observed.

*Gammill v. Lincoln Life and Annuity Distribs., Inc.*, 200 F. Supp. 2d 632, 634-35 (S.D. Miss. 2001); *see also North Am. Plastics v. Inland Shoe Mfg. Co.*, 592 F. Supp. 875, 879 (N.D. Miss. 1984). The corporate veil should not be pierced unless "the corporation exists to perpetrate a fraud or is a mere instrumentality, agent, adjunct, or sham designed to subvert the ends of justice." *North Am. Plastics*, 592 F. Supp. at 878; *see also Johnson & Higgins of Miss., Inc. v. Commissioner of Ins. of Miss.*, 321 So. 2d 281, 285 (Miss. 1975).

---

the Federal Rules of Civil Procedure. That motion is incorporated herein by reference.

KPT is an independent, Chinese operating company serving the Chinese market. (Declaration of Mark Norris – KPT ("KPT Decl."), attached as Exhibit A, at ¶ 3). KPT is a separate Chinese entity in good standing and following all the corporate formalities under Chinese law. (KPT Decl. at ¶ 3). Knauf Gips does not direct KPT's activities, and Plaintiffs cannot hale Knauf Gips into a court in Mississippi. (Declaration of Oliver Fröhlich – Gips ("Gips Decl."), attached as Exhibit B at ¶ 13).[2]

## I. ESTABLISHING PERSONAL JURISDICTION.

The personal jurisdiction analysis is a two-step inquiry. *First*, the court must determine whether its exercise of jurisdiction comports with Mississippi's long-arm statute. MISS. CODE ANN.. §13-3-57. *Second*, if the exercise of jurisdiction is deemed appropriate under the long-arm statute, the court must determine whether it violates the Due Process Clause of the Fourteenth Amendment. *Bufkin v. Thermage, Inc.*, No. 08-CV-465, 2009 U.S. Dist. LEXIS 3441, *4 (S.D. Miss. Jan. 16, 2009). Plaintiff here bears the burden of establishing a *prima facie* case of personal jurisdiction over the defendant. *Id.* at *3.

As summarily set forth above, Knauf Gips is not subject either to general or specific jurisdiction under Mississippi's long-arm statute. General jurisdiction requires a showing of due process under the Fourteenth Amendment, which is met only if a defendant's contacts with the forum state are so systematic and continuous that the court's exercise of jurisdiction is proper regardless of whether those contacts relate to the claims at issue. *Helicopteros Nactionales de Colombia v. Hall*, 466 U.S. 408 (1984); *Estate of Jones v. Phillips*, 992 So. 2d 1131, 1141 (Miss. 2008). Knauf Gips has not engaged in any substantial or regular business in Mississippi to justify a finding of general jurisdiction over it.

[2] KPT does not concede or admit that the drywall manufactured and sold by it was defective.

A defendant is deemed to have submitted itself to specific jurisdiction when it, falls within one of the three prongs of the Mississippi long-arm statute, ***and the plaintiff's cause of action arises from that act***. These include either the "tort prong," the "contract prong," or the "doing business prong" of the statute. MISS. CODE ANN. § 13-3-57. The tort prong encompasses jurisdiction over "[a]ny nonresident person … who shall commit a tort in whole or in part in this state against a resident or nonresident of this state … ." MISS. CODE ANN. § 13-3-57. If the injury occurs in Mississippi, the tort is committed at least in part in the state, and the tortfeasor's presence in the state in not required. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F. 3d 266, 270-71 (5th Cir. 2006). To establish jurisdiction under the contract prong, "the plaintiff must show that a nonresident defendant entered into a contract with the plaintiff which has been, or is to be, performed, at least in part, in Mississippi." *Durham v. Katzman*, 375 F. Supp. 2d 495, 497 (S.D. Miss. 2005). Courts must look to whether the defendant "(1) did some act or consummated a transaction in Mississippi and (2) whether the assumption of jurisdiction by this state would offend traditional notions of fair play and substantial justice" to determine whether the doing business prong is satisfied. *Kekko v. K&B La. Corp.*, 716 So. 2d 682, 683 (Miss. Ct. App. 1998).

In this case, Plaintiffs allege that specific jurisdiction is proper under the long-arm statute for the reason that Knauf Gips personally, or through an agent:

> caus[ed] injury to property within the state of Mississippi arising out of acts or omissions of Defendants, Knauf Gips, and Knauf Tianjin, outside the State of Mississippi, and at the time of the injury, products, materials, or things manufactured by Defendants, Knauf Gips, and Knauf Tianjin, were used and consumed within the State of Mississippi in the ordinary course of commerce, trade or use.

(Compl. at ¶ 12). Plaintiffs' claims arise from allegedly defective drywall installed in their homes. Neither Knauf Gips nor its agents designed, tested, manufactured, marketed, supplied or sold the subject drywall. Accordingly, none of the prongs that must be met to give rise to

specific jurisdiction are fulfilled. As for a finding of general jurisdiction, specific personal jurisdiction cannot be found absent a showing of due process requirements – even if the technical requirements of the long-arm statute are met, which they are not here. *See Durham*, 375 F. Supp. 2d at 498.

## II. KNAUF GIPS NEITHER OWNS NOR DIRECTS THE CHINESE COMPANIES AND LACKS SIGNIFICANT CONTACTS WITH MISSISSIPPI.

Knauf Gips is one of many "Knauf" companies throughout the world that manufactures plasterboard, other building products and provides services to construction related industries. While many Knauf companies share the name "Knauf," they are engaged in distinct business ventures from Knauf Gips, generally in their own countries or geographic regions. Plaintiffs' allegation that Knauf Gips exercises strict control over KPT is misleading and inaccurate. (*See* Compl. at ¶ 35).

Knauf Gips is organized under the laws of Germany and headquartered in Iphofen, Germany. (Gips Decl. at ¶ 3). Knauf Gips manufactures plasterboard and provides systems designed to meet various requirements in the dry construction and plastering sector, primarily in Germany. (Gips Decl. at ¶ 3). Knauf Gips does not distribute or sell plasterboard manufactured in China. (Gips Decl. at ¶ 8).

Knauf Gips is not a direct or indirect parent company of KPT. (Gips Decl. at ¶ 5; KPT Decl. at ¶ 6). Knauf Gips has not constructed any plants in China for the manufacture of drywall. (Gips Decl. at ¶ 8). Knauf Gips has no financial or ownership interest in KPT. (Gips Decl. at ¶¶ 5, 8); KPT Decl. at ¶ 6).

Knauf Gips plays no role in the management or day-to-day functions of KPT. (Gips Decl. at ¶ 13; KPT Decl. at ¶ 10). Knauf Gips is not, and has never been, financially interdependent with KPT. (Gips Decl. at ¶ 13; KPT Decl. at ¶ 12-13). Knauf Gips does not

share bank accounts with KPT. (Gips Decl. at ¶ 13; KPT Decl. at ¶ 12). Knauf Gips does not the maintain production facilities of the Chinese entities and does not utilize the same distribution network as those entities. (Gips Decl. at ¶¶ 8, 13; KPT Decl. at ¶¶ 11, 13).

Knauf Gips does not oversee, monitor or provide day-to-day quality control at KPT's facilities for the production of drywall in China. (Gips Decl. at ¶ 14; KPT Decl. at ¶¶ 9, 11). Knauf Gips does not direct the manufacture and sale of drywall manufactured in China. (Gips Decl. at ¶ 8). Knauf Gips has never purchased drywall manufactured in China, nor has it sold any drywall manufactured in China to any customers in the United States or elsewhere. (Gips Decl. at ¶ 8; KPT Decl. at ¶ 14).

Knauf Gips does not have, and has never in the past had, a presence in the State of Mississippi. (Gips Decl. at ¶ 4). Knauf Gips has no offices or employees in Mississippi, does not have a license to conduct business in Mississippi, and receives no revenue from business conducted in Mississippi. (Gips Decl. at ¶ 4).

## III. ARGUMENT.

### A. Knauf Gips Has Not Engaged In Any Activity In Mississippi Sufficient To Justify The Exercise Of Jurisdiction Over It.

This Court does not have jurisdiction over Knauf Gips. Contacts between Knauf Gips and the State of Mississippi are utterly lacking. Drywall manufactured in China by KPT was not manufactured by Knauf Gips. As set forth above, KPT is an independent entity. Thus, Knauf Gips has no connection with the allegedly defective drywall in Mississippi that is the subject of the Complaint. No facts exist to support the exercise of either general or specific jurisdiction against Knauf Gips.

**1. Knauf Gips' contacts with Mississippi are insufficient to support a finding of general personal jurisdiction.**

Knauf Gips has not had any contacts with Mississippi, and thus Plaintiffs' allegations fall far short of the standard needed to justify the exercise of general personal jurisdiction. "When a plaintiff's claim does not arise out of a defendant's contacts with a forum, then the defendant's contacts with the forum must be, 'continuous and systematic' to satisfy the requirements of due process." *Submersible Systems, Inc. v. Perforadora Central, S.A. de C.V.*, 249 F. 3d 413, 419 (5th Cir. 2001), *Applewhite v. Metro Aviation, Inc.*, 875 F. 2d 491, 495 (5th Cir. 1989) ("In a case such as this where plaintiff's cause of action is unrelated to the nonresident's alleged contacts with the forum state, the defendant's contacts must be substantial, continuous and systematic.") (finding that lending employees to a Mississippi corporation, engaging in a joint venture with a Mississippi corporation, supplying power through this joint venture to a Mississippi corporation, and the fact of membership on a committee that met at least once in Mississippi did not confer jurisdiction.)

Significantly, Plaintiffs fail to put forth a single factual allegation to illustrate their conclusions that Knauf Gips "has caus[ed] injury to property within the State of Mississippi." (Compl. at ¶ 12). To establish that a defendant was carrying on a business or business venture in the state, Plaintiffs must show that the defendant "performs any character of work or service in this state," which, according to the Mississippi Supreme Court, means that the defendant must be shown to have performed "various acts [in Mississippi] for the purpose of realizing a pecuniary benefit or otherwise accomplishing an object." *McDaniel v. Ritter*, 556 So. 2d 303, 309 (Miss. 1989); *see also Coats v. Penrod Drilling Corp.*, 5 F. 3d 877, 882 (5th Cir. 1993). Here, Plaintiffs' conclusory allegation that Knauf Gips "do[es] business" in Mississippi is not enough to support general jurisdiction on its face and is disproved by the Defendants' Declarations.

**2. Knauf Gips' contacts with Mississippi are insufficient to support a finding of specific personal jurisdiction.**

Knauf Gips has no contacts with Mississippi. The absence of any relationship to the alleged injury is fatal to a finding of specific jurisdiction over Knauf Gips. At no time has Knauf Gips manufactured drywall using components mined from China. (Gips Decl. at ¶ 8). All drywall sold by Knauf Gips contains materials mined or manufactured in Germany or other countries in Europe, and its drywall is manufactured at its plants in Germany. (Gips Decl. at ¶ 8). Knauf Gips has never purchased or sold drywall manufactured by KPT. (Gips Decl. at ¶ 8; KPT Decl. at ¶ 14). Accordingly, Plaintiffs cannot demonstrate any facts that connect their claims to Knauf Gips under any provision of Mississippi's long-arm statute.

**a. Knauf Gips has never done business in Mississippi.**

Plaintiffs' allegation that Knauf Gips does business in Mississippi has no basis in fact. (*See* Compl. at ¶ 7). For a nonresident defendant, such as Knauf Gips, to have conducted business in Mississippi for the purposes of Section 13-3-57 "("(1) did some act or consummated a transaction in Mississippi and (2) whether the assumption of jurisdiction by this state would offend traditional notions of fair play and substantial justice" to determine whether the doing business prong is satisfied. *Kekko*, 716 So. 2d at 683; *see also Charles*, 2007 U.S. Dist. LEXIS, at *12. Knauf Gips has no presence or office in Mississippi, was not licensed to do business in Mississippi, and served no clients in Mississippi. ([Gips] Decl. at ¶ __).

**b. Knauf Gips has not committed a tortious act or caused injury to property in Mississippi.**

With no factual basis, Plaintiffs allege that Knauf Gips "caus[ed] injury to property within the state of Mississippi" pursuant to the "tort prong" of MISS. CODE ANN. § 13-3-57. Plaintiffs purported causes of action include negligence, negligence *per se*, strict products liability, fraudulent misrepresentation, fraudulent concealment, and violation of the Mississippi

consumer protection laws. (Compl. at ¶¶ 42-53; 54-74; 72-83; 84-95; 96-104). Those causes of action are premised on the sale of allegedly defective drywall from KPT in China to Plaintiffs, and the subsequent installation of drywall from China in their houses. (*Id.* at ¶¶ 9-11, 13-22). As set forth previously, Knauf Gips neither manufactured nor sold drywall from China. Knauf Gips could not have committed the alleged torts so as to bring Knauf Gips within the long-arm statute's reach.

Mississippi requires that for personal jurisdiction to be established under the "tort prong" of the long-arm statute, the plaintiff must demonstrate that "any element of the tort (or any part of any element) [took] place in Mississippi, *J.T. Shannon Lumber Co. v. Gilco Lumber, Inc.*, No. 07-CV-119, 2010 U.S. Dist. LEXIS 1993, at *7 (N.D. Miss. Jan. 11, 2010), or that "the injury result[ed] in this State," *Horne v. Mobile Area Water & Sewer System*, 897 So. 2d 972, 977 (Miss. 2004). Knauf Gips did not manufacture, sell or distribute the drywall that caused the alleged injuries to Plaintiffs. (Gips Decl. at ¶¶ 9-10). Therefore, Knauf Gips did not perform any element of an alleged tort that caused an injury in Mississippi.

**B. Knauf Gips Did Not Submit To The Jurisdiction Of This Court Through An Agent.**

Plaintiffs also attempt to exercise jurisdiction over Knauf Gips through an agency theory. To justify the exercise of jurisdiction over a foreign corporation based on the acts of its alleged agent, facts must exist to show that the separate corporate status of the alleged agent is in name only. No facts exist to support that a principal-agent relationship between Knauf Gips and KPT is as a mere shell, or alter ego, as required to obtain jurisdiction. To provide a basis for personal jurisdiction, the principal-agent relationship must be such that the agent's corporate existence was simply a formality and existed solely for the benefit of its principal:

> Generally, a foreign parent corporation is not subject to the jurisdiction of a forum state merely because its subsidiary is

> present or doing business there. Moreover, the mere existence of a parent-subsidiary relationship is not sufficient to warrant the assertion of jurisdiction over the foreign parent.

*Samples v. Vanguard Healthcare, LLC*, No. 07-CV-157, 2008 U.S. Dist. LEXIS 70822, at *5 (N.D. Miss. Sep. 18, 2008); *see also Hargrave v. Fibreboard Corp.*, 710 F. 2d 1154, 1159 (5th Cir. 1983) . KPT does not have a presence in Mississippi. Furthermore, KPT has no direct corporate relationship to Knauf Gips. (Gips Decl. at ¶ 5). Each is an independent company with its own managers, bank accounts, offices, employees, and marketing practices. ([KPT] Decl. at ¶¶ 10-13). The fact that the Knauf defendants belong to a loosely described and informally identified Knauf corporate "family" does not give rise to an agency relationship between those entities. *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F. 3d 331, 338 (5th Cir. 1999) ("Courts have long presumed the institutional independence of related corporations, such as parent and subsidiary, when determining if one corporation's contacts with a forum can be the basis of a related corporation's contacts.") (citing *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333, 45 S. Ct. 250, 69 L. Ed. 634 (1925)). Mere allegations "upon information and belief" that Knauf Gips exercised "supervises, monitors and controls" KPT are insufficient to overcome this principle of law.

Here, Knauf Gips has no ownership interest in KPT. KPT maintains and operates its businesses independent of Knauf Gips. (Gips Decl. at ¶ 5; KPT Decl. at ¶ 10-13). KPT does not market or distribute drywall manufactured by Knauf Gips, and Knauf Gips does not sell, market, or distribute drywall manufactured by KPT or any other person or entity in China. (Gips Decl. at ¶ 8; KPT Decl. at ¶ 14).

Plaintiffs attempt to manufacture an agency relationship based on Knauf Gips' alleged control of KPT. Specifically, Plaintiffs allege that:

> Upon information and belief, Defendant Knauf Gips supervises, monitors, and controls Defendant Knauf Tianjin's daily conduct and operations, including the manufacturing, distribution, marketing and sale of Defendant Knauf Tianjin's drywall products. Furthermore, upon information and belief, Defendant Knauf Gips is responsible for establishing, implementing, supervising and maintaining the quality control mechanisms utilized by Defendant Tianjin.

(Compl. at ¶ 38). These allegations of control are unsubstantiated and insufficient to gain jurisdiction over Knauf Gips.

KPT generally manufactures its drywall according to a Chinese standard, GB/T 9755-1999 (now GB/T 9755-2008), and the shipments to the United States also complied with ASTM C36.[3] (KPT Decl. at ¶ 9). Knauf Gips does not monitor the production of drywall to ensure that product manufactured by KPT meets quality control standards established by that Chinese company or its customers. (Gips Decl. at ¶ 14; KPT Decl. at ¶ 9).

Even if Plaintiffs' allegations were not refuted by the Declarations of Knauf Gips and KPT, they are insufficient on their face to establish an agency relationship upon which jurisdiction is predicated. Courts will decline to exercise jurisdiction if the control alleged by the plaintiff is not shown to be so complete that the subsidiary/agent is truly a mere instrumentality of the principal. Under the factors enumerated above from *Gammill*, 200 F. Supp. 2d at 634-35, KPT qualifies as an independent, domestic Chinese business that observes the formal, legal requirements of an independent corporation, whose executives act in that corporation's interest (rather than in those of a parent company), that is not under-capitalized, and that does much of its business with entities other than Knauf Gips, not to mention with corporations outside the Knauf family. *See id*. Further, "courts construing Mississippi law have determined that commonality

[3] ASTM C36 refers to a Standard Specification for Gypsum Wallboard that was set by ASTM International. It preceded the current standard, C1396/C1396M, which was implemented in 2005.

of ownership or officers, absent more, is not sufficient for application of the piercing doctrine." *North Am. Plastics*, 592 F. Supp. at 879.

The uncontroverted facts establish that KPT operates independently of Knauf Gips. KPT owns its own production facilities, distributes its own products, maintains its own accounts, and pays its own employees. (KPT Decl. at ¶¶ 7, 12-13). Any contact between Knauf Gips and KPT does not come close to the relationship required under Mississippi law to establish personal jurisdiction based on an agency theory. Because Plaintiffs cannot meet their burden to establish an agency relationship sufficient to support the exercise of specific jurisdiction over Knauf Gips, the Court should dismiss the claims against Knauf Gips for lack of personal jurisdiction.

**C. Plaintiffs' Allegations Of Jurisdiction Do Not Satisfy Due Process Requirements.**

Due process principles are satisfied only if the defendant has purposefully established minimum contacts with the forum state. *Stripling*, 234 F. 3d at 871. The Fifth Circuit has articulated a three-step analysis for determining whether specific jurisdiction exists:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Seiferth*, 472 F. 3d at 271. Plaintiffs have not established that Knauf Gips has any contacts with Mississippi, let alone the "minimum contacts" required to confer personal jurisdiction. Knauf Gips does not conduct, and has not conducted in the past, any business in Mississippi. (Gips Decl. at ¶ 4). No actions by Knauf Gips could be construed as placing it on notice that it could be haled into a Mississippi court for sales of allegedly defective drywall allegedly manufactured

by other entities in China. The exercise of jurisdiction over Knauf Gips by this Court would be inconsistent with constitutional due process.

## IV. CONCLUSION

For the foregoing reasons, Knauf Gips respectfully requests that this Court grant its Motion to Dismiss for lack of personal jurisdiction.

Date: April 21, 2010

Respectfully submitted,

/s/ Douglas B. Sanders

Douglas B. Sanders
Richard Franklin
BAKER & MCKENZIE LLP
130 E. Randolph Dr.
Chicago, IL 60601
Telephone: (312) 861-8075
Facsimile: (312) 698-2375
Email: douglas.b.sanders@bakernet.com

Donald J. Hayden
BAKER & MCKENZIE LLP
1111 Brickell Avenue, Suite 1700
Miami, Florida 33131
Telephone: (305) 789-8966
Facsimile: (305) 789-8953
E-mail: Donald.hayden@bakernet.com

Kerry Miller (LA Bar No. 24562)
Kyle A. Spaulding (LA Bar No. 29000)
FRILOT L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Telephone: (504) 599-8194
Facsimile: (504) 599-8145
Email: kmiller@frilot.com

*Attorneys for Defendant, Knauf Gips KG*

**CERTIFICATE**

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 2047, on this 23rd day of April, 2010.

s/ Douglas B. Sanders