## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE:  CHINESE-MANUFACTURED DRYWALL  MDL NO. 2047
   PRODUCTS LIABILITY LITIGATION

               SECTION L

               Judge Fallon
               Magistrate Judge Wilkinson

This Document Relates to: Case No.09-7628 (Payton)
_____/

## DEFENDANT RIVERCREST, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS AGAINST IT

   Defendant, Rivercrest, LLC (improperly named in the Complaint as Rivercrest, LLC/The St. Joe Company and St. Joe Home Building, L.P.; hereafter referred to as "Rivercrest"), hereby files this Memorandum in Support of its Motion to Compel Arbitration and Stay Proceedings Against It for the reasons set forth below.

### FACTUAL BACKGROUND

   On December 9, 2009, Plaintiffs Sean and Beth Payton, individually and on behalf of all others similarly situated, filed an Omnibus Class Action Complaint against numerous defendants, including Rivercrest.  The complaint demands judgment for compensatory, statutory and punitive damages, and injunctive relief and asserts twelve claims against Rivercrest:  (1) negligence, (2) negligence per se, (3) strict liability, (4) breach of express and/or implied warranties, (5) breach of implied warranty of habitability, (6) breach of contract, (7) redhibition, (8) private nuisance, (9) negligent discharge of a corrosive substance, (10) unjust enrichment, (11) violation of consumer protection acts, and (12) equitable and injunctive relief and medical monitoring.  Although the Omnibus Class Action Complaint is filed on behalf of numerous homeowners, the following homeowners are among those bringing claims against Rivercrest:

16712051.1

Jason Aymerich, Philip and Robbin Burgos, Craig and Linda Foxwell, Vincente and Maria Herrera, Stephen and Patricia Hunter, Michael Kozlowski, Michael Livesay, Brian and Stephanie McClendon, Louis and Patricia Norman, Michael and Margarita Paukovich, Jose Amaya and Reyna Hernandez, Ashima Bahl, Adalberto and Annette Gonzalez, Ramon Medrano and Nedy Melo, and Jason and Elizabeth Sanchez (collectively "the Rivercrest Claimants").   The Rivercrest Claimants are individuals and Florida residents who purchased Florida homes from Rivercrest.  Complaint, at ¶ 395, ¶ 407, ¶ 683, ¶ 692, ¶ 699, ¶ 972, ¶ 974, ¶ 978, ¶ 980, ¶ 982, ¶ 1842, ¶ 1843, ¶ 1844 ¶ 1947, ¶ 1956, ¶ 2431, ¶ 2462.

In purchasing their Florida homes from Rivercrest, each of the Rivercrest Claimants signed purchase agreements with Rivercrest.   Copies of the Rivercrest Claimants' purchase agreements are attached as Exhibits 1-16.  The purchase agreements executed by the Rivercrest Claimants provide for binding arbitration of all disputes, stating as follows[1]:

> **19.     ARBITRATION AND DISPUTE RESOLUTION.**  Any and all disputes between You and Us or Our affiliates, including without limitation those arising from or related in any way to (a) the Agreement or the Warranty Agreement, (b) Your purchase, ownership or use of the Property, (c) the design or construction of the Home, (d) Our sale or marketing of the Home, (e) personal injuries or any other torts, (f) the improvement, development or maintenance of the Community or the Homesite, or (g) the Deposit Funds, shall be submitted to final and binding arbitration and not to a court for determination.  Prior to commencement of arbitration, You and We must attempt to resolve the dispute by mediation.  If mediation fails to resolve all disputes, arbitration may be initiated by either You or Us and shall be conducted by the American Arbitration Association (in accordance with its applicable rules of procedure, and the State's Arbitration Code) which will appoint three neutral arbitrators, at least one of whom must be an attorney.  The parties may agree to a greater number of arbitrators.  The decision rendered by the arbitrators may be entered in any Court having jurisdiction thereof, and reduced to a judgment.  The parties shall share equally the arbitrators' fees and costs.  Eash party will be responsible to pay its own attorneys' fees, costs and expenses arising as a result of any suit or arbitration proceeding and neither You nor We will be entitled to recover our respective

---

[1] The arbitration provision in the contracts executed between Rivercrest and Rivercrest Claimants Amaya and Sanchez differ from the provision cited here.   Nonetheless, the provisions in both contracts call for binding arbitration of disputes.

attorneys' fees, costs or expenses from another.  If We are subject to arbitration for any claim which could involve Your rights or obligations, or relates to Your dealings or transactions with us, then You hereby consent to being joined in such arbitration for final and binding determination of Your rights and obligations. You will not object to our joinder of any parties We deem necessary for the full and complete resolution of any issues raised in any arbitration between You and Us.  You and We waive any right to trial by jury in any dispute between You and

<u>See</u> Exhibits 1 -15.

The arbitration clause further requires that claims subject to arbitration shall not be pursued on a class basis:

**20.**   Us or our affiliates, regardless of the nature of such dispute.  You agree that You will not voluntarily join, or participate as a member of a class, in any judicial action alleging, involving or relating to matters which are capable of or subject to arbitration pursuant to this paragraph.  You agree that there shall be no right or authority for any claims to be arbitrated on a class action or consolidation basis or on a basis involving claims brought in a purported representative capacity on behalf of the general public, other homeowners, or other persons similarly situated.  This article shall survive Closing and any termination of any other terms of this Agreement.   If any portion of this Article is determined to be unenforceable or void, You and We agree that the unenforceable or void portion shall be removed from this Agreement, and the remaining portions shall remain in force and effect as if the removed portion had never existed.

<u>Id.</u>

Despite these express agreements to arbitrate, the Rivercrest Claimants joined this putative class action alleging breach of contract and numerous theories of recovery.  Based on the Federal Arbitration Act, Florida Arbitration Code, and established precedent on arbitration agreements, the Rivercrest Claimants must arbitrate their claims against Rivercrest.

## <u>ARGUMENT</u>

**I.      THE RIVERCREST CLAIMANTS MUST BE COMPELLED TO ARBITRATE.**

The current dispute between Rivercrest and the Rivercrest Claimants is governed by the Federal Arbitration Act ("FAA").  9 U.S.C. § 1 <u>et seq</u>.  The FAA provides that:

> A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.  The term "commerce," as used in the FAA, means interstate commerce.  9 U.S.C. § 1.  In the Complaint, the Rivercrest Claimants assert multiple counts arising from Rivercrest's business operations.  Although these operations take place in Florida, the sale of Rivercrest's residences is not limited to Florida residents, and as such, the arbitration provision is contained in "a contract evidencing a transaction involving [interstate] commerce," and represents "an agreement in writing to submit to arbitration," meaning the provisions of the FAA govern the contract at issue.  9 U.S.C. § 2.[2]

The Supreme Court has unambiguously held that arbitration provisions are to be followed and enforced.  <u>Shearson/American Express v. McMahon</u>, 482 U.S. 220, 226-27 (1987); <u>Dean</u>

---

[2] Even assuming, *arguendo*, that the FAA does not apply, the Florida Arbitration Code (the "FAC") would be applicable to compel arbitration because the arbitration provision in the subject contracts does not contain language rejecting the applicability of the FAC and the Agreement does not provide for arbitration in another state.  <u>See</u> <u>Sun City of Boca Raton, Inc. v. Century Fin. Advisors, Inc.</u>, 662 So. 2d 967, 968 (Fla. 4th DCA 1995) (Florida Arbitration Code is applicable to agreement which provided for arbitration under rules of American Arbitration Association and which does not contain language stating that Florida Arbitration Code did not apply).  Further, as detailed in this memorandum, the criteria for enforcing arbitration agreements under Florida law is substantially similar to the FAA, and the applicable analysis is identical under either statute. <u>Sims v. Clarendon Nat. Ins. Co.</u>, 336 F.Supp.2d 1311, 1326 (S.D. Fla. 2004); <u>Raymond James Fin. Serv., Inc. v. Saldukas</u>, 896 So. 2d 707, 711 (Fla. 2005).

Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 220 (1985).  Moreover, the Court has consistently applied a presumption in favor of finding arbitrability, stating that "if there is doubt about that matter– about the scope of arbitrable issues–we should resolve that doubt in favor of arbitration." Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985); accord Moses H. Cone Memorial Hospitality v. Mercury Construction Corp., 460 U.S. 1, 24-25 (1983). Indeed, the Court has stated:

> an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.  Doubts should be resolved in favor of coverage.

United Steel Workers of America v. Warrior and Gulf Navigation Co., 363 U.S. 574, 582-83 (1960).

### A.    Arbitration Is a Favored Method of Dispute Resolution.

The public policy of the United States and Florida[3] favors arbitration. The Federal Arbitration Act makes plain that Congress has adopted the policy that an agreement to arbitrate instead of litigate is to be *favored* and enforced, not avoided.  See Moses H. Cone Mem'l Hosp., 460 U.S. at 24 (1983).  As the Eleventh Circuit observed in Paladino v. Avnet Computer Techs., Inc., 134 F.3d 1054, 1062 (11th Cir. 1998):

> [a]rbitration ordinarily brings hardships for litigants along with potential efficiency.  Arbitral litigants often lack discovery, evidentiary rules, a jury, and any meaningful right to further review.  In light of a strong federal policy favoring arbitration, these inherent weaknesses should not make an arbitration clause unenforceable.

---

[3]   The Florida Arbitration Code provides that arbitration agreements are valid, irrevocable and enforceable and that the parties may agree in writing to submit to arbitration any controversy between them, as is the present case.  See Fla. Stat. § 682.02 (2008).  Moreover, if a party to an arbitration agreement fails to pursue arbitration, the other party may apply to the Court for an order directing the parties proceed to arbitration in accordance with the terms of the arbitration agreement.  See Fla. Stat. § 682.03(1) (2009).

The United States Congress explicitly provided in the FAA that arbitration agreements "shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2.  Indeed, this provision prohibits a state from "requir[ing] a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration."  <u>Southland v.  Keating</u>, 465 U.S. 1, 10 (1984).  The federal policy favoring arbitration is accorded such importance that arbitration awards are virtually unreviewable in any court on most grounds.  <u>See, e.g.</u>, <u>Folkways Music Publishers, Inc. v. Weiss</u>, 989 F.2d 108, 111 (2d Cir. 1993) ("Arbitration awards are subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation."); <u>Colonial Penn Ins. Co. v. The Omaha Indem. Co.</u>, 943 F.2d 327, 331 (3d Cir. 1991) ("The scope of review of an arbitration award is very limited both at common law and under the Federal Arbitration Act.").

The Florida Supreme Court has similarly noted that, "[i]n Florida as well as under federal law, the use of arbitration agreements is generally favored by the courts."  <u>Global Travel Marketing, Inc. v. Shea</u>, 908 So.2d 392, (Fla. 2005).

### B.     The Rivercrest Claimants' Complaint Must Be Submitted to Arbitration.

"Under both federal statutory provisions and Florida's arbitration code, there are three elements for courts to consider in ruling on a motion to compel arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived."  <u>Sims v. Clarendon Nat. Ins. Co.</u>, 336 F.Supp.2d 1311, 1326 (S.D. Fla. 2004); <u>Raymond James Fin. Serv., Inc. v. Saldukas</u>, 896 So. 2d 707, 711 (Fla. 2005).  All three of these criteria are satisfied here.

### 1.      Valid Written Agreement to Arbitrate.

The Rivercrest Claimants all executed the purchase contracts containing the arbitration provision.  Under the arbitration provision, the Rivercrest Claimants agreed that all disputes shall be submitted to arbitration.

### 2.      Existence of Arbitrable Issues.

Pursuant to the arbitration provision executed by the parties, "Any and all disputes between You and Us arising from or relating in any way" to the purchase contracts and subject residences shall proceed to arbitration.  Here, the "any dispute" language in the arbitration provision at issue here encompasses the Rivercrest Claimants' present claims, and, therefore, the second prong of the arbitration test—arbitrability—is met.

### 3.      Rivercrest Preserved Its Right to Compel Arbitration.

This motion is Rivercrest's first substantive response to the Complaint, and, Rivercrest expressly reserved the right to seek arbitration in filing a Notice of Appearance. (D.E. # 3).  As such, Rivercrest preserved its right to compel arbitration of these claims.  Morewitz v. West of England Ship Owners Mut. Protection and Indem. Ass'n (Luxembourg), 62 F.3d 1356, 1366 (11th Cir. 1995); see also Ivax Corp. v. B. Braun of America, Inc., 286 F.3d 1309, 1315-16 (11th Cir. 2002); see Miller & Solomon General Contractors, Inc. v. Brennan's Glass Co., Inc., 824 So. 2d 288, 290-91 (Fla. 4th DCA 2002).  Here, Rivercrest is asserting arbitration from the inception of this case and, as such, has not acted in any way inconsistent with an intent to arbitrate. Additionally, this action has only recently commenced, meaning that Rivercrest's assertion of arbitration will not result in prejudice to the Rivercrest Claimants.  As such, the federal arbitration preservation test is satisfied.

Finally, "[i]n considering the issue of waiver, we are mindful of the Supreme Court's admonition that 'questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration.'" <u>Morewitz</u>, 62 F.3d at 1365-66 quoting <u>Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 24 (1983).

Bearing in mind the federal policy favoring arbitration, the existence of clear arbitration agreements and arbitrable claims, and the fact that Rivercrest has acted consistently with an intent to compel arbitration and that the Rivercrest Claimants have not been prejudiced by any delay in demanding arbitration, it is clear that the Court should direct the parties to arbitrate the disputes of the Rivercrest Claimants.

**II.     STAY OF THE RIVERCREST CLAIMANTS' ACTION AS AGAINST RIVERCREST IS APPROPRIATE SINCE ALL OF THE ISSUES RAISED IN THE COMPLAINT MUST BE SUBMITTED TO ARBITRATION.**

This Court must stay the Rivercrest Claimants' action as against Rivercrest since all of the issues they raise in the Complaint must be submitted to arbitration.  The FAA provides that:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, <u>shall</u> on application of one of the parties <u>stay the trial of the action</u> until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3  (Emphasis added).

This section requires a court to stay judicial proceedings, upon application of a party, if the court determines that the matter raised is one which should have been referred to arbitration. <u>Id.</u>  Because the instant matter is referable to arbitration, Section 3 of the FAA applies here.

## CONCLUSION

For all the foregoing reasons, Rivercrest respectfully requests that this Court enter an Order: (i) compelling the Rivercrest Claimants identified herein to arbitrate their claims individually; and (ii) staying any further proceedings by the Rivercrest Plaintiffs in this matter until arbitration of their claims is complete.

Respectfully submitted,

 /s/ D. Matthew Allen
Chris S. Coutroulis
Florida Bar No. 300705
Mark A. Smith
Florida Bar No. 0022033
D. Matthew Allen
Florida Bar No. 866326
Paul J. Ullom
Florida Bar No. 776513
CARLTON FIELDS
P.O. Box 3239
Tampa, Florida 33601-3239
Telephone:      (813) 223-7000
Fax:              (813) 229-4133
ccoutrolis@carltonfields.com
msmith@carltonfields.com
mallen@carltonfields.com
pullom@carltonfields.com
*Counsel for Rivercrest, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and email or by hand delivery and email and upon all parties  by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6 and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 23rd day of April 2010.

<u>/s/ D. Matthew Allen</u>