IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

**IN RE: CHINESE MANUFACTURED DRYWALL**          MDL NO. 2047
**PRODUCTS LIABILITY LITIGATION**                SECTION: L

**THIS DOCUMENT RELATES TO:**                    JUDGE FALLON
**09-cv-4117 (VICKERS)**                         MAG. JUDGE WILKINSON

KARIN VICKERS, FELIX MARTINEZ, JENNY
MARTINEZ, JASON SANTIAGO, GENE RAPHAEL,
WALTER NIEMCZURA, and JIM TARZY,

   Plaintiffs,

     v.

KNAUF GIPS KG,  KNAUF PLASTERBOARD
TIANJIN CO. LTD., KNAUF PLASTERBOARD
(WUHU) CO. LTD., KNAUF PLASTERBOARD
(DONGGUAN) CO. LTD., and ROTHCHILT INT'L.,
LTD., TAYLOR WOODROW COMMUNITIES AT
VASARI, L.L.C., TOUSA HOMES, INC., f/k/a ENGLE
HOMES, and SOUTH KENDALL CONSTRUCTION,
CORP.

   Defendants.

**DEFENDANTS KNAUF PLASTERBOARD (TIANJIN) CO. LTD., KNAUF**
**PLASTERBOARD (WUHU) CO., LTD. AND KNAUF GIPS KG'S**
**MEMORANDUM IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS**

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ................................................................ 2

II.    ARGUMENT ..................................................................... 4

    A.    Plaintiffs Fail To State A Cause Of Action For Violation Of The Florida Deceptive And Unfair Trade Practices Act (Count III) ........................................ 4

        1.    Plaintiffs Fail To Allege Any Facts To Allege KPT Committed Any "Unfair Or Deceptive Acts" Under The FDUTPA .......................... 5

        2.    Plaintiffs Fail To Allege Causation Under the FDUTPA. ........................ 7

        3.    Plaintiffs Fail To Claim Damages Recoverable Under the FDUTPA. ......................................................................... 8

            a.    Plaintiffs Impermissibly Claim Recovery For Damage To Property Other Than That Which Is The Subject Of The Consumer Transaction. .............................................. 8

            b.    Plaintiffs Cannot Recover Incidental Or Consequential Damages Under the FDUTPA ...................................... 9

    B.    Plaintiffs Fail To State A Cause Of Action For Private Nuisance (Count XII) ......................................................................... 11

        1.    "Same-Property Private Nuisance" Claims Are Not Recognized Under Florida Law ........................................................... 11

        2.    Plaintiffs Fail To Allege the Necessary Facts To Bring A Claim for Private Nuisance .............................................................. 13

    C.    Plaintiffs Fail To State A Cause Of Action For Unjust Enrichment (Count XIII) ......................................................................... 18

    D.    Plaintiffs Fail To State A Cause Of Action For Equitable Relief or Medical Monitoring (Count XIV) ............................................ 21

III.    CONCLUSION ................................................................. 24

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*21 Stires v. Carnival Corp.,*
   243 F. Supp. 2d 1313 (M.D. Fla. 2002)................................................................. 3

*Allmond v. Bank of Am.,*
   No. 3:07-cv-186-J-33JRK, 2008 U.S. Dist. LEXIS 4788 (M.D. Fla. Jan. 23, 2008)............ 22

*Beckman v. Marshall,*
   85 So. 2d 552 (Fla. 1956)...........................................................................11, 12

*Bell Atl. Corp. v. Twombly,*
   127 S. Ct. 1955 (2007)............................................................................passim

*Brown v. United States Postal Svc.,*
   338 Fed. Appx. 438 (5th Cir. Tex. 2009)................................................................ 2

*City of St. Petersburg v. Dayco Prods., Inc.,*
   06-20953, 2008 U.S. Dist. LEXIS 104765 (S.D. Fla. Dec. 30, 2008)..............................18, 19

*Cold Stone Creamery, Inc. v. Lenora Foods I, LLC,*
   332 Fed. Appx. 565 (11th Cir. June 3, 2009).......................................................... 6

*Davis v. Powertel, Inc.,*
   776 So. 2d 971 (Fla. Ct. App. 2000)................................................................. 4, 5

*Durrance v. Sanders,*
   329 So. 2d 26 (Fla. Ct. App. 1976)................................................................13, 15

*Feheley v. LAI Games Sales, Inc.,*
   2009 U.S. Dist. LEXIS 70430 (S.D. Fla. Aug. 10, 2009)................................................ 17

*Fitzpatrick v. General Mills, Inc.,*
   09-CV-60412, 2010 U.S. Dist. LEXIS 6917 (S.D. Fla. Jan. 11, 2010).................................. 6

*Florida Digital Network v. Northern Telecom, Inc.,*
   6:06-cv-889-orl-31JGG, 2006 U.S. Dist. LEXIS 61983 (M.D. Fla. Aug. 30, 2006).............. 3

*Florida v. Tenet Healthcare Corp.,*
   420 F. Supp. 2d 1288 (S.D. Fla. 2005) ...............................................................18,19 , 20

*Franceschini v. Allstate Floridian Ins. Co.,*
   2007 U.S. Dist. LEXIS 13268 (M.D. Fla. Feb. 27, 2007) ................................................ 22

*Gates v. W.R. Grace & Co.*,
    No. 08-cv-2560-T-27TBM, 2009 U.S. Dist. LEXIS 47612 (M.D. Fla. May 20, 2009)....13, 14

*Gorran v. Atkins Nutritionals, Inc.*,
    464 F. Supp. 2d 315 (S.D.N.Y. 2006) ................................................................. 9

*Guyana Tel. & Tel. Co. v. Melbourne Int'l Comms., Ltd.*,
    329 F.3d 1241 (11th Cir. 2003)................................................................18, 19

*Hibbets v. Lexington Ins. Co.*,
    07-5169, 2009 U.S. Dist. LEXIS 54777 (E.D. La. June 12, 2009) ........................................ 2

*Hoyte v. Stauffer Chem. Co.*,
    No. 98-3024-CI-7, 2002 WL 31892830 (Fla. Cir. Ct. Nov. 6, 2002)............................21, 22

*Jacobs v. Osmose*,
    01-944-CIV, 2002 U.S. Dist. LEXIS 1926 (S.D. Fla. 2002) ...........................................20, 21

*Jebaco Inc. v. Harrah's Operating Co. Inc.*,
    587 F.3d 314 (5th Cir. (La.) 2009) ................................................................... 1

*Jones v. Trawick*,
    75 So. 2d 785 (Fla. 1954)................................................................................12, 13

*Kertesz v. Net Transactions, Ltd.*,
    635 F. Supp. 2d 1339 (S.D. Fla. 2009) ............................................................... 5

*Lantz v. American Honda Motor Co.*,
    No. 06 C 5932, 2007 U.S. Dist. LEXIS 34948 (N.D. Ill. May 14, 2007)................................ 3

*Macias v. HBC of Fla., Inc.*,
    694 So. 2d 88 (Fla. Ct. App. 1997)................................................................... 3

*Media Servs. Group, Inc. v. Bay Cities Communs., Inc.*,
    237 F.3d 1326 (11th Cir. 2001)...................................................................... 17

*Morgan v. W.R. Grace & Co.*,
    779 So. 2d 503 (Fla. Ct. App. 2000)................................................. 10, 11, 14, 16

*National Numismatic Certification, LLC v. eBay, Inc.*,
    6:08-cv-42-orl-19GJS, 2008 U.S. Dist. LEXIS 109793 (M.D. Fla. July 8, 2008)................ 5

*Nitram Chems., Inc. v. Parker*, 200 So. 2d 220, 225 (Fla. Ct. App. 1967) ................. 13

*Nova Info. Sys., Inc. v. Greenwich Ins. Co.*,
    365 F.3d 996 (11th Cir. 2004)....................................................................... 17

*Orkin Exterminating Co., Inc. v. DelGuidice*,
    790 So. 2d 1158 (Fla. Ct. App. 2001)................................................................. 9

*Perez v. Metabolife Int'l, Inc.*,
   218 F.R.D. 262 (S.D. Fla. 2003) ............................................................ 22

*Petito v. A.H. Robins Co., Inc.*,
   750 So. 2d 103 (Fla. Ct. App. 1999) .......................................... 20, 21, 22

*Philadelphia Elec. Co. v. Hercules, Inc.*,
   762 F.2d 303 (3d Cir. 1985) ................................................................... 11

*PNR, Inc. v. Beacon Prop. Mgmt.*,
   842 So. 2d 773 (Fla. 2003) ....................................................................... 5

*Price v. Housing Auth. of New Orleans*,
   07-9741, 2008 U.S. Dist. LEXIS 75125 (E.D. La. Sept. 29, 2008) ......... 2

*Prohias v. Pfizer, Inc.*,
   490 F. Supp. 2d 1228 (S.D. Fla. 2007) ............................................. 17, 19

*Rae v. Flynn*,
   690 So. 2d 1341 (Fla. Ct. App. 1997) .................................................... 10

*Rink v. Cheminova, Inc.*,
   203 F.R.D. 648 (M.D. Fla. 2001) ........................................................... 22

*Roe v. Aware Women Ctr. for Choice, Inc.*,
   253 F.3d 678 (11th Cir. 2001) ................................................................ 12

*Rollins, Inc. v. Butland*,
   932 So. 2d 1172 (Fla. Ct. App. 2006) ...................................................... 3

*Rollins, Inc. v. Butland*,
   951 So. 2d 860 (Fla. Ct. App. 2006) ........................................................ 9

*Rollins, Inc. v. Heller*,
   454 So. 2d 580 (Fla. Ct. App. 1984) ................................................. 7, 8, 9

*Schauer v. Morse Operations, Inc.*,
   5 So. 3d 2 ............................................................................................. 8, 9

*Smith v. 2001 S. Dixie Hwy., Inc.*,
   872 So. 2d 992 (Fla. Ct. App. 2004) ........................................................ 9

*Special Purpose Accounts Receivable Coop. Corp. v. Prim One Capital Co.*,
   125 F. Supp. 2d 1093 (S.D. Fla. 2000) .................................................. 23

*Sunray Oil Corp. v. Sharpe*,
   209 F.2d 937 (5th Cir. 1954) .................................................................. 15

*Urling v. Helms Exterminators, Inc.*,
    468 So. 2d 451 (Fla. Ct. App. 1985)................................................................................ 9

*Waters v. School Bd. of Broward Co.*,
    401 So. 2d 997 (Fla. App. Ct. 1986)............................................................................... 23

*Wyeth, Inc. v. Gottlieb*,
    930 So. 2d 635 (Fla. Ct. App. 2006)............................................................................... 20

*Zlotnick v. Premier Sales Group, Inc.*,
    431 F. Supp. 2d 1290 (S.D. Fla. 2006) .......................................................................... 11

**STATUTES**

Federal Trade Commission Act, 15 U.S.C. §§ 41 *et seq.* ...................................................... 4

FLA. STAT. § 501.203(3), (7).................................................................................................. 4, 10

FLA. STAT. § 501.204(1), (3).......................................................................................................... 3

FLA. STAT. § 501.211(1), (2)........................................................................................... 3, 4, 8, 9

FLA. STAT. § 501.212(3) ........................................................................................................... 3, 7

**OTHER AUTHORITIES**

Dan B. Dobbs, *The Law of Torts*, § 463 (2001)...................................................................... 11

Richard R. Powell, *Powell on Real Property,* §64.02[3] (Michael Allan Wolf ed., 2000).......... 11

PROSSER AND KEETON ON TORTS, § 87 (5th ed. 1984) ............................................................... 13

**RULES**

Fed. R. Civ. P. 9(b)....................................................................................................................... 3

Fed. R. Civ. P. 9(g)..................................................................................................................... 16

Fed. R. Civ. P. 12(b)(2) ............................................................................................................... 1

Fed. R. Civ. P. 12(b)(6) ............................................................................................................... 1

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co., Ltd. and Knauf Gips KG ("Knauf Gips")[1] (collectively, the "Moving Defendants"), hereby move this Court for an Order dismissing the Complaint of Karin Vickers, Felix Martinez, Jenny Martinez, Jason Santiago, Gene Raphael, Walter Niemczura and Jim Tarzy, individually and on behalf of all others similarly situated (the "Complaint"). As set forth more fully herein, Plaintiffs' Class Action Complaint fails to set forth causes of action against the Moving Defendants, under the applicable law of the State of Florida,[2] for: (i) violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count III); (ii) private nuisance (Count XII); (iii) unjust enrichment (Count XIII); and (iv) injunctive relief and medical monitoring (Count XIV).

## I.    INTRODUCTION

With respect to each of the Counts III, XII, XIII, and IV of the Complaint, Plaintiffs fail to state a claim against the Moving Defendants upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).[3]  A court may grant a motion to dismiss pursuant to a motion under Rule 12(b)(6) if the complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007); *Jebaco Inc. v. Harrah's Operating Co. Inc.*, 587 F.3d 314, 318 (5th Cir. (La.) 2009) (affirming motion to dismiss on alternate ground that complaint failed to allege sufficient facts to support allegations therein).  A

---

[1] Knauf Gips KG has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) on the grounds that this Court does not have personal jurisdiction over it.  Knauf Gips joins this motion as a matter of judicial economy but is not waiving its objection to jurisdiction.

[2] Plaintiffs are residents of Florida or owners of real property in Florida who purport to represent "owners and residents of residential homes in the State of Florida."  (Compl. at ¶¶ 10, 18, 21, 127).  Furthermore, Plaintiffs appear to bring their claims under Florida law.  (Compl. at ¶¶ 167-75).

[3] Counts IV, V, VI, VII, VIII, IX, X, and XI are not pleaded against KPT.

1

motion to dismiss tests the sufficiency of a complaint, which, to survive a motion to dismiss pursuant to Rule 12(b)(6), must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly,* 127 S. Ct. at 1964-65; *Brown v. United States Postal Svc.*, 338 Fed. Appx. 438, 440 (5th Cir. Tex. 2009) ("The court can[] accept neither inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint, nor legal conclusions cast in the form of factual allegations.") ((internal quotations omitted)).

Pursuant to Rule 12(b)(6), although the court construes all reasonable factual inferences in Plaintiffs' favor, it need not accept the Plaintiffs' inferences if they are unsupported by the facts set forth in the complaint. *Twombly,* 127 S. Ct. at 1965 (quoting *Papasan* v. *Allain*, 106 S. Ct. 2932, 2944 (1986)). Moreover, the factual allegations made must "be enough to raise a right to relief above a speculative level." *Twombly*, 127 S. Ct. at 1965; *Price v. Housing Auth. of New Orleans*, 07-9741, 2008 U.S. Dist. LEXIS 75125, at *12 (E.D. La. Sept. 29, 2008) (granting motion to dismiss pursuant to Rule 12(b)(6) motion and noting that where allegations do not meet the standard, "the plaintiff pleads itself out of court"). Furthermore, the complaint "must allege facts sufficiently setting forth the essential elements of cause of action" in order for that cause of action to survive the motion. *Hibbets v. Lexington Ins. Co.*, 07-5169, 2009 U.S. Dist. LEXIS 54777, at *14 (E.D. La. June 12, 2009) (dismissing claims where complaint merely identified elements of claims but "provided no factual allegations to connect the plaintiffs to those causes of action and an entitlement to relief"). Here, each of Plaintiffs' Counts II, III, XII, XIII, and IV fail to meet the *Twombly* standard, requiring dismissal of the claims with respect to the Moving Defendants.

## II.     ARGUMENT

### A.     Plaintiffs Fail To State A Cause Of Action For Violation Of The Florida Deceptive And Unfair Trade Practices Act (Count III).

Plaintiffs cannot make out a claim for violation of the Florida Deceptive and Unfair Trade Practices Act, FLA. STAT. §§ 501.201 *et seq.* (the "FDUTPA"), and thus the Court should dismiss this claim with respect to the Moving Defendants pursuant to Rule 12(b)(6).  (Compl. at ¶¶ 167-75).  To state a claim under FDUTPA, a plaintiff must allege (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. *Rollins, Inc. v. Butland*, 932 So. 2d 1172, 1180 (Fla. Ct. App. 2006).  The FDUTPA prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade of commerce," FLA. STAT. § 501.204(1).  A fraud claim under the FDUTPA also must be pleaded "'with the level of particularity required under FED. R. CIV. P. 9(b).'" *Lantz v. American Honda Motor Co.*, No. 06 C 5932, 2007 U.S. Dist. LEXIS 34948 (N.D. Ill. May 14, 2007) (quoting *Zlotnick v. Premier Sales Group, Inc.*, 431 F. Supp. 2d 1290, 1295 (S.D. Fla. 2006)) (applying the FDUTPA); *21 Stires v. Carnival Corp.,* 243 F. Supp. 2d 1313, 1322 (M.D. Fla. 2002); *Florida Digital Network v. Northern Telecom, Inc.,* 6:06-cv-889-orl-31JGG, 2006 U.S. Dist. LEXIS 61983, at *2 (M.D. Fla. Aug. 30, 2006).

Moreover, the exemption under Section 501.212(3) of the FDUTPA precludes recovery for physical damage to other physical property, caused by the products or goods purchased.  FLA. STAT. § 501.204(3) ("This part does not apply to: … a claim for damage to property other than the property that is the subject of the consumer transaction.")  The FDUTPA affords relief only where the consumer can *plead* and prove that the conduct complained of was unfair and deceptive and also that the plaintiff was "aggrieved by the unfair and deceptive act."  FLA. STAT. § 501.211(1); *Macias v. HBC of Fla., Inc*., 694 So. 2d 88, 90 (Fla. 3d Dist. Ct. App. 1997).  The

3

FDUTPA expressly limits recovery of "actual damages" to persons who have "suffered a loss as a result of a violation" of the statute. FLA. STAT. § 501.211(2).

Here, Plaintiffs fail to state facts giving to a reasonable inference that the Moving Defendants committed any unfair or deceptive acts by rise which the Plaintiffs were aggrieved. Furthermore, Plaintiffs impermissibly claim damages to property other than that which is the subject of the relevant consumer transaction, i.e., the alleged sale or distribution of drywall by the Moving Defendants, and allege incidental and consequential damages, for which express statutory language precludes recovery.   Accordingly, Plaintiffs fail to state a claim under the FDUTPA.

### 1.   Plaintiffs Fail To Allege Any Facts To Allege KPT Committed Any "Unfair Or Deceptive Acts" Under The FDUTPA.

As an initial matter, Plaintiffs fail to allege an "unconscionable or an "unfair" or "deceptive" act or practice as defined by the FDUTPA.  FLA. STAT. § 501.203(3).  A cause of action under the statute can be made out on the basis of a violation of:  (a) any rules promulgated under the Federal Trade Commission Act, 15 U.S.C. §§ 41 *et seq.*; (b) the standards of unfairness and deception set forth and interpreted by the Federal Trade Commission or the federal courts; or (c) any law, statute, rule, regulation, or ordinance that "proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices."  FLA. STAT. § 501.203(3)(a)-(c).  In considering whether a plaintiff has alleged an actionable claim, courts must give "due consideration and great weight" to Federal Trade Commission and federal court interpretations of Section 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C § 45(a)(1).  *Davis v. Powertel, Inc.,* 776 So. 2d 971, 974 (Fla. Ct. App. 2000) (quoting FLA. STAT. § 501.204(2)).  A deceptive act or practice under FDUTPA is a representation, omission, or other act or practice that is likely to mislead a consumer acting reasonably in the circumstances, to the consumer's

4

detriment. *PNR, Inc. v. Beacon Prop. Mgmt.*, 842 So. 2d 773 (Fla. 2003) (citing *Millennium Communs. & Fulfillment, Inc. v. Office of the Attorney Gen.*, 761 So. 2d 1256, 1263 (Fla. Ct. App. 2000)); *Davis*, 776 So. 2d at 974 (noting that a deceptive act is one that is likely to mislead).

Where a plaintiff purporting to bring a claim under the FDUTPA fails to establish that the allegedly unfair and deceptive acts at issue violate (a) rules promulgated by the Federal Trade Commission Act, (b) federal standards of unfairness and deception, or (c) any law, statute, rule, regulation, or ordinance that proscribes unfair methods of competition or unfair, deceptive, or unconscionable acts or practices, the cause of action must be dismissed. *National Numismatic Certification, LLC v. eBay, Inc.*, 6:08-cv-42-orl-19GJS, 2008 U.S. Dist. LEXIS 109793, at *74 (M.D. Fla. July 8, 2008) (citing FLA. STAT. 501.203(3)(a)-(c)). In *National Numanistic Certification*, the court dismissed a claim under the FDUTPA where plaintiff coin dealers alleged that the defendant trade associations had commissioned and published a "deceptive" survey among coin dealers that was intended to defame the plaintiffs. *Id.* Because the plaintiffs failed to sufficiently plead a corresponding claim of trade libel or to point to another source of law that recognized the alleged conduct as "unfair" or "deceptive" within the purview of the FDUTPA, the claim failed. *Id.*

Here, the Complaint fails to cite any rule, standard, or law that the Moving Defendants' acts allegedly violated and thus fails to allege that the Moving Defendants violated Section 501.203 of the Act. In fact, Plaintiffs' claims (*i.e.*, that Defendants' "acts and omissions as well as their failure to use reasonable care in this matter as alleged in this Complaint equals unconscionable acts or practices, as well as deceptive and unfair acts or practices in the conduct of Defendants' trade or commerce" (Compl. at ¶ 171)) add up, at most, to a claim for negligence

5

rather than "unconscionable" or "unfair" or "deceptive" acts or practices.  Indeed, in claiming that the "inherently" defective drywall contains a "latent" defect and that as late as November 2006 "Knauf" was conducting air quality tests, Plaintiffs can hardly now allege that "Knauf" knew that the drywall was defective at the time of sale or distribution, let alone plausibly claim that any acts in the alleged distribution or sale of such drywall were "deceptive" or "unfair" or "unconscionable."  (Compl. at ¶¶ 1, 2, 113).  Because Plaintiffs have failed to allege the first element of an FDUTPA claim, the claim fails as a matter of law.

### 2.     Plaintiffs Fail To Allege Causation Under the FDUTPA.

The Complaint likewise fails to allege the second element, the requisite causation between any act by the Moving Defendants and any damages incurred by Plaintiffs.  To satisfy the causation requirement, a plaintiff need not establish reliance but *must* allege that the deceptive practice would, at least in theory, deceive an objective reasonable consumer. *Fitzpatrick v. General Mills, Inc.*, 09-CV-60412, 2010 U.S. Dist. LEXIS 6917, 19-20 (S.D. Fla. Jan. 11, 2010) (citing *Cold Stone Creamery, Inc. v. Lenora Foods I, LLC,* 332 Fed. Appx. 565, 567 (11th Cir. June 3, 2009)).  The plaintiff must show that "the alleged practice was likely to deceive a consumer acting reasonably in the same circumstances."  *Cold Stone Creamery*, 332 Fed. Appx. at 567 (ruling that allegations by plaintiff franchisors did not meet the standard where franchise agreement provided by defendant franchisees disclosed potential for variation in profitability); *see also Zlotnick,* 480 F.3d at 1284 (explaining that a plaintiff must show "probable, not possible, deception" that is "likely to cause injury to a reasonable relying consumer.")

Plaintiffs have pleaded no facts whatsoever to establish causation. They fail to describe any deceptive act by the Moving Defendants that could have caused the alleged damage. The Complaint is utterly devoid of any allegation that the Moving Defendants made any

representations to any consumer, let alone that such representations would have been likely to mislead a consumer acting reasonably in the circumstances, to the consumer's detriment, into purchasing the drywall.   (Compl. at ¶¶ 57-60).   As Plaintiffs cannot allege causation, the FDUTPA claim must fail.

### 3.   Plaintiffs Fail To Claim Damages Recoverable Under the FDUTPA.

Even if Plaintiffs somehow could establish the first and second elements, the FDUTPA claim fails to the extent it seeks damages for which the statute affords not relief.  Plaintiffs here have alleged primarily consequential and incidental damages, rather than actual damages or injury, whereas only the latter is recoverable under the FDUTPA.  Furthermore, Plaintiffs have impermissibly claimed damages to property other than the subject drywall.  To the extent that the Court finds that Plaintiffs can make out any claim under the statute, the claim must be limited to recoverable losses.

### a.   Plaintiffs Impermissibly Claim Recovery For Damage To Property Other Than That Which Is The Subject Of The Consumer Transaction.

Plaintiffs allege damage not to the allegedly defective drywall that must form the subject of their FDUTPA claim but to a myriad of other personal and real property, thus warranting dismissal.  The statute precludes recovery for "damage to property other than the property that is the subject of the consumer transaction."  FLA. STAT. § 501.212(3).   Thus, recovery for losses flowing from the alleged acts giving rise to a FDUTPA claim is unavailable under the statute. *See Heller*, 454 So. 2d at 584-85.

In *Heller*, the court found that the "consumer transaction" at issue was the defendant's installation of a faulty burglar alarm system and the services performed in association with the alarm, and not the items stolen from the plaintiffs' home.  *Id.* (citing FLA. STAT. § 501.211(2)). The court reasoned that the installer of a burglar alarm does not assume liability for insuring all

of the house's contents even though those contents are intended to be protected by the alarm system. *Heller*, 454 So. 2d at 585.

Here, Plaintiffs impermissibly seek "monetary damages" under the FDUTPA for the following property other than the drywall "which is the subject of the relevant consumer transaction." Specifically, Plaintiffs seek damages for the following:

> replacement/repair of their homes; … the replacement of Other Property (air-conditioner and refrigerator coils, microwaves faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, electronic appliances, and other metal surfaces and household items); and the repair and/or replacement of any materials contaminated or corroded by the drywall.

(*Id.* at ¶ 174).   As in *Heller*, there is no basis for holding the defendants liable for the entire contents of the house where they never undertook to guarantee the protection of such items and where the statute does not afford a remedy for consequential damages.

### b.     Plaintiffs Cannot Recover Incidental Or Consequential Damages Under the FDUTPA.

Plaintiffs' claims are for incidental and consequential damages and are not recoverable under the FDUTPA.   Section 501.211(2) of the statute limits recovery to "actual damages, plus attorney's fees and court costs."   FLA. STAT. § 501.211(2).   That provision does not authorize recovery of consequential damages to other property attributable to the consumer's use of such goods or services.   *Schauer v. Morse Operations, Inc.*, 5 So. 3d 2, 7 (Fla. Ct. App. 2009) (quoting *Fort Lauderdale Lincoln Mercury, Inc. v. Corgnati*, 715 So. 2d 311, 314 (Fla. Ct. App. 1998) (quoting *Urling v. Helms Exterminators, Inc.*, 468 So. 2d 451, 453 (Fla. Ct. App. 1985)).

In *Rollins, Inc. v. Heller*, 454 So. 2d 580 (Fla. Ct. App. 1984), the court expressly held that the "actual damages" provision of the FDUTPA, Section 501.211(2), permits a consumer to recover only the difference between the market value of the product or service as contracted for

and the market value of the product or service as received. *See also Gorran v. Atkins Nutritionals, Inc.*, 464 F. Supp. 2d 315, 328-29 (S.D.N.Y. 2006), *aff'd on other grounds,* 279 F. App'x 40 (2d Cir. 2008) (applying the FDUTPA). Thus, if the service as received was worthless, the maximum recovery is the purchase price. *Heller*, 454 So. 2d at 585. Since *Heller*, courts have consistently used its definition in awarding actual damages under the FDUTPA and denying claims for consequential, incidental or punitive damages. *See, e.g.*, *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. Ct. App. 2006).[4] Based on this measure of damages, courts interpreting the FDUTPA have consistently rejected recovery of consequential or punitive damages for a FDUTPA violation. *See, e.g.*, *Schauer*, 5 So. 3d at 7 (ruling that damages to plaintiff's credit rating upon his acceptance of a loan that was the subject of his FDUTPA claim were consequential damages and thus were not recoverable).

Here, Plaintiffs request not "actual damages" as measured by these established precedents but "removal and replacement of all of the drywall contained in their homes" as well as a myriad of consequential damages that are attributable to Plaintiffs' use of such goods or services. (Compl. at ¶¶ 174, 175). These claims for damages directly contravene the plain language of the FDUTPA and the precedents cited above, which limit compensation to actual damages, which here, at most, amount to the fair market value of the drywall for which the purchaser contracted.[5] FLA. STAT. § 501.211(2).

---

[4] *See also, e.g.*, *Smith v. 2001 S. Dixie Hwy., Inc.*, 872 So. 2d 992, 994 (Fla. Ct. App. 2004) ("Actual damages, as pertaining to FDUTPA, does not include 'actual consequential' damages"); *Orkin Exterminating Co., Inc. v. DelGuidice*, 790 So. 2d 1158, 1162 (Fla. Ct. App. 2001) (same); *Urling v. Helms Exterminators, Inc.,* 468 So. 2d 451, 454 (Fla. Ct. App. 1985) (holding that the FDUTPA allows recovery for diminished value of goods received but does not authorize recovery of special or consequential damages).

[5] The Moving Defendants doubt that Plaintiffs have standing to bring a cause of action under the FDUTPA because they are not "consumers" or "persons" within the meaning of the FDUTPA. There is no allegation that the Plaintiffs purchased any drywall, only that it was manufactured by Defendants and

For the reasons set forth above, Count III for violation of the Florida Deceptive and Unfair Trade Practices Act should be dismissed pursuant to Rule 12(b)(6) with respect to the Moving Defendatns.

**B.      Plaintiffs Fail To State A Cause Of Action For Private Nuisance (Count XII).**

Plaintiffs' claim for private nuisance also should be dismissed pursuant to Rule 12(b)(6). (Compl. at ¶¶ 255-63).  Florida does not recognize the claim where the nuisance complained of emanates from the very objects creating it – in this case, Plaintiffs' homes.  Private nuisance law is "bottomed on the fundamental rule that every person should so use his own property as not to injure that of another."  *Id.* (citing *Reaver v. Martin Theatres of Fla., Inc.*, 52 So. 2d 682 (Fla. 1951) ("a property owner may put his own property to any reasonable and lawful use, so long as he does not thereby deprive the adjoining landowner of any right of enjoyment of his property")); *Rae v. Flynn*, 690 So. 2d 1341 (Fla. Ct. App. 1997).

**1.      "Same-Property Private Nuisance" Claims Are Not Recognized Under Florida Law.**

Plaintiffs seek to extend the concept of private nuisance to include those involving the same property.  Such claims are explicitly disallowed under Florida law, which follows the majority rule and restricts private nuisance actions to disputes between neighboring landowners. *Morgan v. W.R. Grace & Co.*, 779 So. 2d 503, 507 (Fla. Ct. App. 2000) (ruling that plaintiff failed to allege a theory of nuisance based upon condition on her own property that existed at

---

used in Plaintiffs' homes. (Compl. at ¶ 1).  *See Kertesz v. Net Transactions, Ltd.*, 635 F. Supp. 2d 1339, 1349 (S.D. Fla. 2009) (granting motion to dismiss FDUPTA claim because "[w]hile the statute has been amended to expand protection to corporate entities acting as consumers, Florida case law since the 1993 amendments still requires the plaintiff to act in some manner as a consumer in the conduct of trade or commerce."); FLA. STAT. § 501.203(7).

time of purchase).[6]  "Private nuisance is traditionally a claim based upon activities outside the land by a stranger to the title, for instance, based upon a neighbor's noise or pollution."  2 Dan B. Dobbs, *The Law of Torts*, § 463 (2001).  A neighbor–proprietor relationship is the essence of the claim: "Nuisance, in law, for the most part consists in so using one's property as to injure the land or some incorporeal right of one's neighbor." *Beckman v. Marshall*, 85 So. 2d 552, 554 (Fla. 1956) (quoting *Antonik v. Chamberlain*, 78 N.E.2d 752 (Ohio App. 1947)).

In *Morgan*, the court determined that plaintiff's claim for a same-property private nuisance was properly dismissed with prejudice.  779 So. 2d at 505.  The court's rationale was supported by the Third Circuit Court if Appeals' decision in *Philadelphia Electric Co.*, wherein the court stated, "We believe that this result is consonant with the historical role of private nuisance law as a means of efficiently resolving conflicts between ***neighboring, contemporaneous land uses***." 762 F. 2d 303, 314 (3d Cir. 1985) (emphasis added).  In *Morgan*, the court rejected the private-nuisance claim of a plaintiff who alleged that her home was unsafe owing to radiation from uranium and other radioactive materials in the soil and that this condition existed at the time she purchased the property.  779 So. 2d at 504, 507.

Likewise, here, Plaintiffs fail to allege an actionable claim for private nuisance given that the claim does not involve a dispute between adjacent properties.  Plaintiffs impermissibly seek to expand the application of private nuisance to include same-property nuisance, which allegedly stems from the drywall causing "sulfide gas and/or other chemical leaching into Plaintiffs' and Class Members' homes which has [*sic*] unreasonably interfered, and continues to interfere, with the Plaintiffs' and Class Members' use and enjoyment of their properties and caused them

---

[6] *See also Philadelphia Elec. Co. v. Hercules, Inc.*, 762 F.2d 303 (3d Cir. 1985); 9 Richard R. Powell, *Powell on Real Property,* §64.02[3] (Michael Allan Wolf ed., 2000) ("The conclusion of 'unreasonableness' depends then upon liability inviting conduct of the defendant plus a finding that this conduct ***violates a protected interest of the neighbor-plaintiff***.") (emphasis added).

potential health problems." (Compl. at ¶ 256). That Plaintiffs allege same-property private nuisance, an invalid claim under Florida law, is apparent by the relief they seek:

> replacement/repair of their homes; the removal and replacement of all of the drywall contained *in their homes*; the replacement of Other Property (air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, electronic appliances, and other metal surfaces and household items); and the repair and/or replacement of any materials contaminated or corroded by the drywall.

(*Id.* at ¶ 261 (emphasis added)).

Florida law simply does not provide redress for such allegations of same-property private nuisance.  For this reason alone, the private-nuisance claim warrants dismissal.

### 2.    Plaintiffs Fail To Allege the Necessary Facts To Bring A Claim for Private Nuisance.

Even if Florida's long-standing and explicit same-property nuisance rule did not bar the private nuisance claim, Count XII would fail to state such a claim, for it alleges only legal conclusions and lacks the necessary factual allegations to support each element of the claim.  *See Twombly,* 550 U.S. at 555; *Roe v. Aware Women Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (even notice pleading requires that the complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable theory).   An action for private nuisance under Florida law requires plaintiffs to plead the following elements:  (1) the defendant's activity interfered with a property interest used and enjoyed by the plaintiffs; (2) the defendant's invasion with the plaintiffs' use and enjoyment of their land resulted in unreasonable and substantial harm; and (3) the defendant's maintenance of the nuisance was the natural and proximate cause of the injury to the plaintiffs' persons or real properties.  *Jones*, 75 So. 2d at 787; *Beckman v. Marshall*, 85 So. 2d 552, 555 (Fla. 1956);

*Durrance v. Sanders*, 329 So. 2d 26, 29 (Fla. Ct. App. 1976); W. Page Keeton et al., PROSSER AND KEETON ON TORTS, § 87 (5th ed. 1984).

As to the first element of a cognizable claim, the Plaintiffs must plead that the Moving Defendants interfered with the Plaintiffs' use and enjoyment of their property and must also allege the requisite facts to support that element. *See Twombly,* 550 U.S. at 555. The Florida Supreme Court defined a "nuisance" as "[a]nything which annoys or disturbs one in the free use, possession, or enjoyment of his property, or which renders its ordinary use or occupation physically uncomfortable … ." *Jones v. Trawick*, 75 So. 2d 785, 787 (Fla. 1954) (holding that proposed cemetery located in a residential area is a private nuisance since the constant reminder of death would functionally deprive the home of the comfort that its owner is entitled to under the law).

In *Gates v. W.R. Grace & Co.*, No. 08-cv-2560-T-27TBM, 2009 U.S. Dist. LEXIS 47612 (M.D. Fla. May 20, 2009), the court addressed whether plaintiffs, who had owned property in Bartow, Florida, could maintain a nuisance claim against the defendants, who operated a chemical fertilizer plant adjacent to the plaintiffs' property and who had allegedly contaminated the groundwater aquifer system by releasing and discharging toxic contaminants that had ultimately spread into plaintiffs' well.[7] The court ruled that the plaintiffs failed to allege facts suggesting annoyance or disturbance in the use or enjoyment of the property or that the occupation of the home was physically uncomfortable. *Id.*; *Nitram Chems., Inc. v. Parker*, 200 So. 2d 220, 225 (Fla. Ct. App. 1967) (injury arising from a nuisance is annoyance, discomfort, inconvenience, or sickness). Therefore, in *Gates*, the nuisance claim failed because the facts

---

[7] Apart from this, the plaintiffs alleged that defendants released toxic contaminants into the air and soil around the plant, including plaintiffs' property. *Gates v. W.R. Grace & Co.*, No. 08-cv-2560-T-27TBM, 2009 U.S. Dist. LEXIS 47612, at *3.

alleging an injury arising from the nuisance were not pleaded. *Gates*, 2009 U.S. Dist. LEXIS 47612 at *9-10 ("Plaintiff has not … alleged what the 'nuisance' itself was, in terms of the interest invaded").

Here, other than blanket allegations, Plaintiffs do not allege sufficient facts as to their annoyance, discomfort, or disturbance that would support the first element of a private nuisance claim. Plaintiffs argue that a nuisance exists on their property as a result of drywall allegedly manufactured or distributed by the Moving Defendants which "is inherently defective because it emits various sulfide gases and/or other chemicals." (Compl. at ¶ 1). Applying the reasoning of *Gates* here, the court should dismiss Count V for failure to allege an actionable nuisance.

Plaintiffs also fail to meet the second element of the claim, as they fail to plead facts sufficient to establish that the interference resulted in unreasonable or substantial harm. Plaintiffs allege that chemicals are released into the Plaintiffs' homes and unreasonably interfered and continue to interfere with the Plaintiffs' "use and enjoyment of their properties and caused them potential health problems." (Compl. at ¶ 256). However, merely assigning labels, such as "noxious chemicals," without alleging facts in support of those labels, amounts to mere speculation. As in *Morgan*, factual detail, other than conclusory statements, is missing concerning the level of the alleged toxic chemicals present in the respective homes and the correlation as to how these chemicals are toxic. *See Morgan*, 779 So. 2d at 504, 507. Factual allegations in a pleading must rise above a speculative level. *Twombly*, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1216, pp. 235-236 (3d ed. 2004).

Accordingly, Plaintiffs' blanket allegations are insufficient as they fail to identify how the alleged "toxic" chemicals, if deemed a nuisance, affect the interest invaded. Without supportive facts, Plaintiffs state that the "invasions were intentional and unreasonable and/or

unintentional but otherwise negligent or reckless" and that "[t]he interference with Plaintiffs' and Class Members' use of their property caused by Defendants is substantial and ongoing." (Compl. at ¶ 258-59).  Such statements are conclusory, mere iterations of elements of the claim without facts to substantiate the alleged substantial harm resulting from the alleged chemicals released by the alleged defective drywall.  If the second element of a nuisance action fails, there can be no liability in damages on that ground.  *Sunray Oil Corp. v. Sharpe*, 209 F.2d 937 (5th Cir. 1954) ("liability in damages for a nuisance begins only when the interference causes substantial harm.")

As to the third element, causation and injury,[8] Plaintiffs fail to allege how the nuisance, the alleged "toxic" chemicals released into the Plaintiffs' home(s), is the direct and proximate cause of the harm alleged.  The First District Court of Appeal considered the issue of causation in the context of a private nuisance in *Durrance v. Sanders*, 329 So. 2d 26 (Fla. Ct. App. 1976).  In *Durrance*, the defendants had dumped compost onto the property of one defendant; the compost inexplicably caught fire and burned for a week.  *Id*. at 28-29.  Plaintiff property-owners alleged that the burning compost caused the plaintiff property-owners' well water to become contaminated.  *Id*.  However, the nuisance alleged was the smoke and odors from the fire.  *Id*. at 29.  The court's examination of the pleadings (as well as the evidence adduced at trial) led to the "inescapable conclusion that the nuisance maintained by appellants (the piles of compost) was not proved to have proximately caused the injuries suffered by appellees as a result of the fire" and that the claims therefore fell "far short of a showing that the fire, and the smoke and odors

---

[8] Plaintiffs' allegations as to personal injury are contradictory.  The general allegations state that as a result of Defendants' alleged conduct Plaintiffs have suffered harm.  (Compl. at ¶ 5). However, Count XII makes only the blanket allegation that the toxic chemicals released have caused Plaintiffs "***potential*** health problems." (*Id*. at ¶ 256 (emphasis added)). Furthermore, Plaintiffs have not pleaded personal injury as an element of damages. These contradictory statements in the Complaint cast doubt on the veracity of these and other allegations in the Complaint.

associated therewith, were proximately caused by some activity on the part of the defendants." *Id.*

Similarly, here, Plaintiffs likewise fail to plead sufficient facts that further the causation element. Plaintiffs bear the burden of showing that the nuisance alleged – "sulfide gases and/or other chemical leaching" – proximately caused the alleged injuries. Plaintiffs, rather than alleging causation, claim only that this "nuisance" "interfered with" their use and enjoyment of their property and state in conclusory fashion that this "nuisance" "caused them potential health problems." (Compl. at ¶¶ 256-57). The alleged nuisance is the chemicals released into the Plaintiffs' homes as a result of the allegedly defective drywall in those homes, but the allegation is conclusory. As in *Morgan*, factual detail, other than conclusory statements, is missing concerning the level of the alleged toxic chemicals present in the respective homes and the correlation as to how these chemicals are toxic. *See Morgan*, 779 So. 2d at 504, 507. While claiming monetary damages, Plaintiffs fail to link the alleged nuisance to the injury. (*Id.* at ¶ 261 ("As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs and Class Members have incurred economic damages and are entitled to recover … .")). Nor have the Plaintiffs linked their claims for incidental and consequential damages to any acts of the Defendants in such a way as to allege causation. (Compl. at ¶¶ 262-63).[9] As a result, the third element of the Plaintiffs' private nuisance claim fails as a matter of law owing to the failure to establish, through the allegations in the pleading, that the "toxic" chemicals that are allegedly being released in Plaintiffs' homes are the proximate and natural cause of the injuries.

---

[9] As to the claim for special damages, the claim for "other related expenses" cannot be pleaded as special damages since this catch-all phrase is not specific and therefore in direct contravention to Rule 9(g). *See* Fed. R. Civ. P. 9(g); *Italiano v. Jones Chems., Inc.*, 908 F. Supp. 904 (M.D. Fla. 1995).

For the reasons set forth above, Plaintiffs' claim for private nuisance is barred under Florida law, as the alleged nuisance arises from the very property at issue and otherwise fails as improperly pleaded.  Count XII for private nuisance should therefore be dismissed pursuant to Rule 12(b)(6) with respect to the Moving Defendants.

### C.    Plaintiffs Fail To State A Cause Of Action For Unjust Enrichment (Count XIII).

Plaintiffs cannot make out the equitable claim of unjust enrichment because they fail to allege having had any contact whatsoever with the Moving Defendants and because they allege no basis for stating how payment to the Moving Defendants (by Plaintiffs or by others) for the drywall, if any, would give rise to the claim that the Moving Defendants were unjustly enriched. (*See* Compl. at ¶¶ 264-70).  Plaintiffs claiming unjust enrichment must prove that: (1) they conferred a benefit upon the named defendants; (2) the defendants appreciated this benefit; and (3) the defendants accepted and retained the benefit under inequitable circumstances and ought to pay the value thereof.  *Media Servs. Group, Inc. v. Bay Cities Communs., Inc.*, 237 F.3d 1326, 1330-31 (11th Cir. 2001) (citing *Swindell v. Crowson*, 712 So. 2d 1162, 1163 (Fla. 2d Dist. Ct. App. 1998)); *Feheley v. LAI Games Sales, Inc.*, 2009 U.S. Dist. LEXIS 70430, *19 (S.D. Fla. Aug. 10, 2009) (citing *Rollins, Inc. v. Butland*, 951 So. 2d 860, 876 (Fla. 2d Dist. Ct. App. 2006)).  Compensation under the equitable doctrine of unjust enrichment is not appropriate where a plaintiff conferred merely "an indirect or incidental benefit on" the defendant.  *Nova Info. Sys., Inc. v. Greenwich Ins. Co.*, 365 F.3d 996, 1007 (11th Cir. 2004) (applying Florida law).

Furthermore, a claim for unjust enrichment should be dismissed where the plaintiff fails to plead that it lacks a legal remedy.  *Prohias v. Pfizer, Inc.*, 490 F. Supp. 2d 1228, 1236-37 (S.D. Fla. 2007) (quoting *American Honda Motor Co., Inc. v. Motorcycle Info. Network, Inc.*,

390 F. Supp. 2d 1170, 1178 (M.D. Fla. 2005). The claimant's reliance on an alleged wrongdoing by the defendant defeats the claim of unjust enrichment in that "'the law of unjust enrichment is concerned solely with enrichments that are unjust independently of [alleged] wrongs.'" *Florida v. Tenet Healthcare Corp.*, 420 F. Supp. 2d 1288, 1309 (S.D. Fla. 2005) (quoting *Flint v. ABB, Inc.*, 337 F.3d 1326, 1330 n.2 (11th Cir. 2003)) (noting that when the plaintiff relies on a wrong to supply the unjust factor, "the causative event is a wrongful enrichment rather than an unjust enrichment")) (alteration in *Tenet Healthcare Corp.*). In fact, liability in unjust enrichment is not concerned with "fault" but with wealth being in one party's hands when it should be in another party's. *Tenet Healthcare Corp.*, 420 F. Supp. 2d at 1309 (quoting *Guyana Tel. & Tel. Co. v. Melbourne Int'l Comms., Ltd.*, 329 F.3d 1241, 1245 n.3 (11th Cir. 2003)). Mere allegations that it would be "unjust" for a defendant to retain a benefit obtained through the commission of an alleged wrong does not mean that the basis of the restitutionary obligation arises from an unjust enrichment. *Guyana Tel.*, 329 F.3d at 1245 n.3.

Furthermore, as a matter of law, Plaintiffs cannot have conferred a benefit on the Defendants that they knowingly accepted and appreciated so as to satisfy the elements of an unjust enrichment claim. A theory of unjust enrichment is "untenable" where, as here,

> Plaintiffs had no dealing with the Defendants or even knew of their existence until after this litigation ensued; Plaintiffs have failed to present any evidence of prior dealings with [] Defendants, including evidence of any oral or written communication between Plaintiffs and [] Defendants; and Plaintiffs have also failed to point to any evidence that Defendants knew who purchased the [allegedly defective goods]. Under these undisputed circumstances, Plaintiffs cannot establish [] Defendants knowingly and voluntarily accepted any benefits conferred upon them by Plaintiffs as required to state a claim for unjust enrichment under Florida law.

*City of St. Petersburg v. Dayco Prods., Inc.*, 06-20953, 2008 U.S. Dist. LEXIS 104765, *27-28 (S.D. Fla. Dec. 30, 2008) (dismissing claim for unjust enrichment). The reasoning of the court in

18

*Dayco* applies equally in this case, where the Plaintiffs conferred zero benefit on the Moving Defendants because the Plaintiffs purchased built homes and had no dealings whatsoever with the Moving Defendants.

Furthermore, even if Plaintiffs were able to state the elements of an unjust enrichment claim under the present facts, the claim would fail because it is predicated solely on the alleged wrongdoing.  Plaintiffs fail to allege that they lack an adequate legal remedy, and thus dismissal is warranted.  *See Prohias*, 490 F. Supp. 2d at 1236.  In *Prohias*, the court dismissed an action for unjust enrichment where the unjust enrichment claim was supported by the same alleged conduct as in their Consumer Fraud Act claim.  *Id.* at 1236-37.  The court reasoned that if the defendant, Pfizer, had misled the plaintiffs with its pharmaceutical marketing scheme and the plaintiffs had been damaged thereby, plaintiffs had a properly pleaded claim under the Consumer Fraud Acts or a claim for negligent misrepresentation.  *Id.*  Similarly, in *Tenet Healthcare*, the court dismissed the unjust enrichment claim because it was "premised on [defendant's] purported RICO violations and theft of outlier funds," allegations of wrongdoing for which had legal remedies were readily available.

Similarly, here, in support of their unjust enrichment claim, Plaintiffs allege only that "Defendants knew or should have known of the damages their defective drywall would cause as described herein."  (Compl. at ¶ 270).  This allegation simply recasts the Plaintiffs' purported products liability and negligence counts and thus cannot support a claim for unjust enrichment. (*See Id.* at ¶¶ 142, 155-60).  The allegation that "Defendants' acceptance and retention of these benefits … [is] inequitable and unjust" is unavailing.  (Compl. at ¶ 266); *Guyana Tel.*, 329 F.3d at 1245 n.3.  Because the law of unjust enrichment is concerned solely with enrichments that are unjust independently of alleged wrongs, Plaintiffs' unjust enrichment claims, which are based on

wrongdoing for which an adequate legal remedy exists, "must be dismissed." *Tenet Healthcare*, 420 F. Supp. 2d at 1309  (quoting *Flint*, 337 F.3d at 1330 n.2).

For these reasons, the unjust enrichment claim of the Complaint should be dismissed with respect to the Moving Defendants.

### D. Plaintiffs Fail To State A Cause Of Action For Equitable Relief or Medical Monitoring (Count XIV).

Plaintiffs fail to state a claim for medical monitoring as a form of "[e]quitable [r]elief." (*See* Compl. at ¶¶ 271-83).   To survive a motion to dismiss under Florida law, a count for medical monitoring must, at the very minimum, allege that the plaintiffs have been exposed to contaminants through the negligence of the defendants and allege that those exposures have increased the risk of contracting serious latent diseases for which means of early detection are available.  *Petito v. A.H. Robins Co., Inc.*, 750 So. 2d 103, 106 (Fla. Ct. App. 1999).   In particular, the Complaint must allege seven basic elements: (1) exposure greater than normal background levels; (2) to a proven hazardous substance; (3) caused by the defendant's negligence; (4) as a proximate result of the exposure, plaintiff has a significantly increased risk of contracting a serious latent disease; (5) a monitoring procedure exists that makes the early detection of the disease possible; (6) the prescribed monitoring regime is different from that normally recommended in the absence of the exposure; and (7) the prescribed monitoring regime is reasonably necessary according to contemporary scientific principles. *Wyeth, Inc. v. Gottlieb*, 930 So. 2d 635, 640 (Fla. Ct. App. 2006).

In addition to pleading these seven *Petito* elements, Plaintiff must provide factual allegations that link Plaintiffs' exposures to the Defendant's conduct, thereby providing the Defendant with sufficient notice of how Plaintiff was exposed to the allegedly hazardous substances. *Jacobs v. Osmose*, 01-944-CIV, 2002 U.S. Dist. LEXIS 1926, at *10 (S.D. Fla.

2002) (dismissing plaintiff's medical monitoring claim on the grounds that plaintiff's allegation that his deck was made of treated wood purchased at one of the retail defendants was conclusory and did not identify how the plaintiff was exposed to the allegedly hazardous substances).

Count XIV of the Complaint fails to provide the requisite factual allegations that link the *Petito* elements to the Defendants' conduct. *Jacobs*, 2002 U.S. Dist. LEXIS at *10. Rather than following the Supreme Court's instruction in *Twombly*, Plaintiffs simply recite these legal elements. *Petito*, 750 So. 2d at 106-107. Indeed, the Complaint nowhere alleges whether any procedure exists to permit early detection, or any fact to show that any scientific principle necessitates the proposed procedures – let alone identifies the monitoring procedure Plaintiffs seek to have ordered. Once again, Florida law and the Federal Rules of Civil Procedure require more. *See Hoyte v. Stauffer Chem. Co.*, No. 98-3024-CI-7, 2002 WL 31892830, at *51 (Fla. Cir. Ct. Nov. 6, 2002) ("Under *Petito*, medical monitoring is not just a form of relief, it is a separate cause of action with seven specific elements the plaintiffs must establish in order to prevail at trial, including three that expressly require proof of a monitoring program that meets particular standards.")

For instance, the Complaint never identifies any type of "serious latent disease" the Plaintiffs have an increased risk of contracting as a result of their alleged exposure, as the fourth *Petito* element requires. *Petito*, 750 So. 2d at 106-07; (Compl. at ¶¶ 281, 282). Nor does the Complaint identify any type of monitoring program that would be required to monitor the Plaintiffs' health, as required under the fifth, sixth, and seventh elements of *Petito*. (*Id.*) Plaintiffs allege not one symptom that could be associated with any long-term health consequences. (*Id.*) The incomplete and conclusory allegations, to the extent they even exist, are not sufficient to support a medical monitoring claim. *See Jacobs*, 2002 U.S. Dist. LEXIS at

*10.  At a minimum, Plaintiffs have improperly pleaded elements (4), (5), (6), and (7) of the *Petito* test, making the Complaint amenable to a motion to dismiss this Count.

Plaintiffs' repeated use the word "exposure" and its cognates does not salvage their claim.  (*See* Compl. at ¶¶ 276-79).  A claim for medical monitoring does not exist for any and every exposure.  *See Hoyte*, 2002 WL 31892830, at *50; *Perez v. Metabolife Int'l, Inc.*, 218 F.R.D. 262, 271 (S.D. Fla. 2003); *cf. Rink v. Cheminova, Inc.*, 203 F.R.D. 648, 660 (M.D. Fla. 2001) (allegation of "exposure" in support of medical monitoring claim was too vague).  Instead, a complaint must allege facts to show that plaintiffs "absorbed a toxicologically sufficient dose to be at a significantly increased risk."  *Hoyte*, 2002 WL 31892830, at *50.

In the end, Plaintiffs' claims concerning exposure are at best "merely consistent with the material elements" of a medical monitoring claim – even if such a cause of action exists – and fail to "plausibly suggest the elements" in the way that *Twombly* requires.  *Allmond v. Bank of Am.*, No. 3:07-cv-186-J-33JRK, 2008 U.S. Dist. LEXIS 4788, at *3 (M.D. Fla. Jan. 23, 2008) (citing *Twombly*, 127 S. Ct. at 1966)).  Plaintiffs' medical monitoring claim therefore should be dismissed.

Plaintiffs' claims for equitable relief are also fatally flawed for the reason that Plaintifs' alleged loss can be compensated for by a monetary award.  Irreparable harm and lack of an adequate remedy at law are both prerequisites to injunctive relief.  For injunctive relief purposes, irreparable harm is not established where the potential loss can be adequately compensated for by a monetary award.  *Franceschini v. Allstate Floridian Ins. Co.*, 2007 U.S. Dist. LEXIS 13268, at *5 (M.D. Fla. Feb. 27, 2007).  Plaintiffs' ability to obtain monetary relief is evidenced by their claims for negligence (Count I) and strict liability (Count II), both of which seek monetary

damages for the removal and replacement of allegedly defective drywall and attendant repair of Plaintiffs' homes.  (Compl. at ¶¶ 144, 166).

For the same reason, Plaintiffs have failed to allege any specific irreparable harm or any facts that would enable this Court to determined that their injuries will, in fact, be irreparable.

> A complainant alleging irreparable injury must state facts which will enable the court to judge whether the injury will in fact be irreparable.  Mere general allegations of irreparable injury will not suffice.

*Waters v. School Bd. of Broward Co.*, 401 So. 2d 997, 998 (Fla. App. Ct. 1986).  Here, Plaintiffs simply allege that they "will suffer irreparable harm."  (Compl. at ¶ 272).  Even if Plaintiffs were able to overcome the initial hurdle of showing an inadequate remedy at law, such conclusory allegations do not meet the standard required by Florida courts.

Finally, Plaintiffs do not, and cannot, allege that they have a "clear legal right" to the equitable relief requested.  *Special Purpose Accounts Receivable Coop. Corp. v. Prim One Capital Co.*, 125 F. Supp. 2d 1093, 1104 (S.D. Fla. 2000) (setting forth elements necessary to sustain claim for injunctive relief).  As part of its equitable relief, Plaintiffs seek a public awareness campaign and that KPT "cease and desist" from alleged misrepresentations regarding its drywall.  (Compl. at ¶ 274).  Plaintiffs do not have a "clear legal right" to either of these 'remedies' and, as such, cannot properly seek equitable or injunctive relief on those grounds.  *Special Purpose Accounts*, 125 F. Supp. 2d at 1104.

## III.   CONCLUSION

For the foregoing reasons, the Moving Defendants respectfully request that this Court grant their Motion to Dismiss (i) Count III (for violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"); (ii) Count XII (for private nuisance); (iii) Count XIII (for unjust

enrichment); and (iv) Count XIV (equitable relief in the form of medical monitoring) for failure

to state a claim upon which relief can be granted.


Date:   April 21, 2010                                Respectfully submitted,

                                                      /s/ Douglas B. Sanders
                                                      _____

                                                      Douglas B. Sanders
                                                      Richard Franklin
                                                      BAKER & MCKENZIE LLP
                                                      130 E. Randolph Dr.
                                                      Chicago, IL 60601
                                                      Telephone: (312) 861-8075
                                                      Facsimile:  (312) 698-2375
                                                      Email: douglas.b.sanders@bakernet.com

                                                      Donald J. Hayden
                                                      BAKER & MCKENZIE LLP
                                                      1111 Brickell Avenue, Suite 1700
                                                      Miami, Florida 33131
                                                      Telephone: (305) 789-8966
                                                      Facsimile:  (305) 789-8953
                                                      E-mail: Donald.hayden@bakernet.com

                                                      Kerry Miller (LA Bar No. 24562)
                                                      Kyle A. Spaulding (LA Bar No. 29000)
                                                      FRILOT L.L.C.
                                                      1100 Poydras Street, Suite 3700
                                                      New Orleans, Louisiana 70163
                                                      Telephone:  (504) 599-8194
                                                      Facsimile:   (504) 599-8145
                                                      Email: kmiller@frilot.com

                                                      *Attorneys for Defendants, Knauf Plasterboard
                                                      (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu)
                                                      Co., Ltd.  and Knauf Gips KG*

## <u>CERTIFICATE</u>

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 2047, on this 23rd day of April, 2010.

s/Douglas B. Sanders

CHIDMS1/2771538.5