IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

**IN RE: CHINESE MANUFACTURED DRYWALL**      MDL NO. 2047
**PRODUCTS LIABILITY LITIGATION**      SECTION: L

**THIS DOCUMENT RELATES TO:**      JUDGE FALLON
**09-cv-4324 (WHITFIELD)**      MAG. JUDGE WILKINSON

CHRISTOPHER WHITFIELD, individually and on
behalf of all others similarly situated,

   Plaintiffs,

      v.

KNAUF GIPS KG, KNAUF PLASTERBOARD
TIANJIN CO. LTD., and FICTITIOUS DEFENDANTS
A–Z,

   Defendants.

**DEFENDANTS KNAUF PLASTERBOARD (TIANJIN) CO. LTD.'S
AND KNAUF GIPS KG'S MEMORANDUM IN SUPPORT OF
<u>THEIR RULE 12(b)(6) AND RULE 9(b) MOTION TO DISMISS</u>**

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................ 1

II.   ARGUMENT.................................................................................... 4

    A.   Plaintiff Fails To State A Cause Of Action For Negligence Per Se (Count II). ........................................................................................... 4

    B.   Plaintiff Fails To State A Cause Of Action For Fraudulent Misrepresentation (Count VI) ................................................... 6

        1.   Plaintiff fails to allege the elements of a claim for Fraudulent Misrepresentation ................................................ 7

        2.   Plaintiff fails to plead Fraudulent Misrepresentation with the requisite particularity .................................................... 9

    C.   Plaintiff Fails To State A Cause Of Action For Fraudulent Concealment (Count V) ......................................................... 11

        1.   Plaintiff fails to allege the elements of a claim for Faudulent Concealment.......................................................... 12

        2.   Plaintiff fails to plead Fraudulent Concealment with the requisite particularity ................................................ 16

    D.   Plaintiff Fails To State A Cause Of Action For Violation of the Mississippi Consumer Protection Laws (Count VI) ...................... 17

        1.   Plaintiff's class action claim is barred because the MCPA explicitly bars class actions ................................................ 18

        2.   Plaintiff Has Failed To Attempt Resolution Through Informal Dispute Resolution And Thus Has Failed To Meet A Prerequisite To Filing A Private Action Under The MCPA. .................................. 19

        3.   Plaintiff's MCPA Claim Fails To Allege Sufficient Facts To Meet The Requisite Pleading Standard........................................ 20

III.  CONCLUSION.................................................................................. 22

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Aiken v. Rimkus Consulting Group, Inc.*,
   333 Fed. Appx. 806 (5th Cir. (Miss.) 2009)..................................................7, 8, 12

*Archer v. Nissan Motor Acceptance Corp.*,
   633 F. Supp. 2d 259 (S.D. Miss. 2007) ............................................................... 11

*Bell Atl. Corp. v. Twombly*,
   127 S. Ct. 1955 (2007)...................................................................................1, 2, 3, 5

*Benchmark Elecs., Inc. v. J.M. Huber Corp.*,
   343 F.3d 719 (5th Cir. (Tex.) 2003) ................................................................... 21

*Brown v. United States Postal Svc.*,
   338 Fed. Appx. 438 (5th Cir. (Tex.) 2009) ......................................................... 2

*Buford v. Howe*,
   10 F.3d 1184 (5th Cir. (Miss.) 1994)................................................................. 3, 9

*Carroll v. Fort James Corp.*,
   470 F.3d 1171 (5th Cir. (Miss.) 2006)............................................................... 9, 16

*Cole v. Chevron USA, Inc.*
   554 F. Supp. 2d 655 (S.D. Miss. 2007) ...................................................18, 19, 20

*Cooper v. Paragon Sys.*,
   5:08-cv-169, 2008 U.S. Dist. LEXIS 67761 (S.D. Miss. Aug. 27, 2008) .............................. 3

*Davidson v. Rogers*,
   431 So. 2d 483 (Miss. 1983) ............................................................................. 13

*Donald v. AMOCO Prod. Co.*,
   735 So. 2d 161 (Miss. 1999) ............................................................................... 5

*Harris v. Brush Engineered Materials*,
   1:04CV598, 2005 U.S. Dist. LEXIS 42348 (S.D. Miss. Feb. 18, 2005)...................12, 14, 15

*Hibbets v. Lexington Ins. Co.*,
   07-5169, 2009 U.S. Dist. LEXIS 54777 (E.D. La. June 12, 2009) ......................................... 2

*In re Dredging Limitation Actions Consol. Litig.*,
  06-8676, 2008 U.S. Dist. LEXIS 46035 (E.D. La. June 12, 2008) .......................................... 3

*In re Ford Motor Co. Ignition Switch Prods. Liab. Litig. v. Ford Motor Co.*,
  No. 96-3125, 96-1814, 96-3198, 1997 U.S. Dist. LEXIS 24064 (D.N.J. 1997).................... 22

*In re Pharmaceutical Indus. Average Wholesale Price Litig.*,
  230 F.R.D. 61 (D. Mass. 2005) ......................................................................................... 19

*Jebaco Inc. v. Harrah's Operating Co. Inc.*,
  587 F.3d 314 (5th Cir. (La.) 2009) ...................................................................................... 1

*Johnson v. Parke-Davis*,
  114 F. Supp. 2d 522 (S.D. Miss. 2000) ............................................................................. 15

*Keith v. Stoelting, Inc.*,
  915 F.2d 996 (5th Cir. Tex. 1990) ................................................................................18, 21

*Klemka v. Brush Wellman, Inc, et al.*,
  03-CV-3197, 2004 U.S. Dist. LEXIS 29826 (D.N.J., May 26, 2004)................................... 14

*Kraft Food Ingredients, Corp. v. PCI Int'l Consultants, Inc.*,
  07-1842, 2008 U.S. Dist. LEXIS 68628 (W.D. La. Aug. 27, 2008) ...................................... 6

*Lormand v. US Unwired, Inc.*,
  565 F.3d 228 (5th Cir. (La.) 2009) ...................................................................................... 6

*Lusins v. First Am. Real Estate Solutions of Tex.*, L.P.,
  1:06CV646, 2007 U.S. Dist. LEXIS 43364 (S.D. Miss. June 13, 2007)................................ 4

*Mabus v. St. James Episcopal Church*,
  13 So. 3d 260........................................................................................................................ 12

*Mayberry v. Bristol-Myers Squibb Co.*,
  07-942 (Miss. 2009), 07-10992009 U.S. Dist. LEXIS 121115 (D.N.J. Dec. 30, 2009)18, 21, 22

*Miller v. E. I. du Pont de Nemours & Co.*,
  880 F. Supp. 474 (S.D. Miss. 1994) ..................................................................................... 5

*Montalto v. Viacom Int'l, Inc.*
  545 F. Supp. 2d 556 (S.D. Miss. 2008) ............................................................................... 18

*Morrone Co. v. Barbour*,
  241 F. Supp. 2d 683 (S.D. Miss. 2002) ............................................................................... 12

*Powell v. Cohen Realty, Inc.*,
  803 So. 2d 1186 (Miss. Ct. App. 1999) ............................................................................... 7

*Price v. Housing Auth. of New Orleans,*
 07-9741, 2008 U.S. Dist. LEXIS 75125 (E.D. La. Sept. 29, 2008) ........................ 2

*Robinson v. Southern Farm Bureau Cas. Co.,*
 915 So. 2d 516 (Miss. Ct. App. 2005) ................................................................ 9

*Simpson v. Boyd,*
 880 So. 2d 1047 (Miss. 2004) ........................................................................ 4

*Smith v. Ayres,*
 845 F.2d 1360 (5th Cir.1988)....................................................................18, 22

*Taylor v. Southern Farm Bureau Cas. Co.*
 954 So. 2d 1045 (Miss. Ct. App. 2007) ....................................................18, 20, 21

*United States ex rel. Riley v. St. Luke's Episcopal Hosp.,*
 355 F.3d 370 (5th Cir. 2004)......................................................................... 9

*Walker v. Medtronic, Inc.,*
 1:03CV74-D-D, 2003 U.S. Dist. LEXIS 26549 (N.D. Miss. June 4, 2003)................9, 10, 11

*Weiss v. Fischer,*
 1:93CV164-D-D, 1994 U.S. Dist. LEXIS 21191 (N.D. Miss. Sept. 22, 1994) ................... 10

*Wilbanks v. Dalkon Shield Claimants Trust,*
 1:97CV18-JAD, 1998 U.S. Dist. LEXIS 11477 (N.D. Miss., June 8, 1998)......................... 7

*Wilson v. Retail Credit Co.,*
 438 F.2d 1043 (5th Cir. 1971)...................................................................... 15

**STATUTES**

MISS. CODE ANN. § 15-1-67 ................................................................................. 11

MISS. CODE. ANN. § 75-24-1,................................................................................ 4, 17

MISS. CODE ANN. § 75-24-5.......................................................................17, 20, 21, 22

MISS. CODE ANN. § 75-24-9.................................................................................... 21

MISS. CODE ANN. § 75-24-15..........................................................................18, 19, 20

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(2) .................................................................................... 1

Fed. R. Civ. P. 8 ........................................................................................... 3

Fed. R. Civ. P. 9(b)..................................................................................9, 11, 16, 17

Fed. R. Civ. P. 12(b)(6) ................................................................................... 1, 2, 11, 15

Miss. R. Civ. P. 9(b) ................................................................................................ 9, 21

Pursuant to Rule 12(b)(6) and Rule 9(b) of the Federal Rules of Civil Procedure, Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT") and Gips KG ("Knauf Gips")[1] (collectively, the "Moving Defendants"), hereby move this Court for an Order dismissing Counts II, IV, V, and VI of the Complaint of Christopher Whitfield ("Plaintiff"), individually and on behalf of all others similarly situated (the "Complaint"). As set forth more fully herein, Plaintiff's Class Action Complaint fails to set forth causes of action against the Moving Defendants, under the applicable law of the State of Mississippi,[2] for: (i) negligence per se (Count II); (ii) fraudulent misrepresentation (Count IV); (iii) fraudulent concealment (Count V); and (iv) violation of the "Mississippi Consumer Protection Laws" (Count VI).[3]

## I.   INTRODUCTION

With respect to each of the Counts II, IV, V, and VI of the Complaint, Plaintiff fails to state a claim against the Moving Defendants upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). A court may grant a motion to dismiss pursuant to a motion under Rule 12(b)(6) if the complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007); *Jebaco Inc. v. Harrah's Operating Co. Inc*.,

---

[1] Knauf Gips KG has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) on the grounds that this Court does not have personal jurisdiction. Knauf Gips joins the present Motion to Dismiss pursuant to Rule 12(b)(6) as a matter of judicial economy but is not waiving its objection to jurisdiction.

[2] Plaintiff alleges that he owns a home in Mississippi and purports to bring a class action lawsuit on behalf of "[a]ll persons who own a home in the State of Mississippi which was built using Defendants' drywall." (Compl. at ¶¶ 1, 6, 23). Plaintiff has also pleaded under Mississippi law. (*Id.* at ¶¶ 96-104).

[3] On September 30, 2009, KPT, Knauf Wuhu and Knauf Gips joined in a Motion to Dismiss Or, Alternatively, To Strike Plaintiffs' Claims for Economic Damages, which was brought as a global motion in the MDL seeking to bar Plaintiffs' tort claims based on the application of the economic loss doctrine. On January 13, 2009, this Court denied the Motion. KPT, Knauf Wuhu and Knauf Gips filed a request that the Court's order be certified for interlocutory appeal. This Court denied the request on March 23, 2010. KPT had filed a similar interlocutory appeal in Florida state court, which was granted and is currently before the Florida Third District Court of Appeals. In light of this Court's prior ruling and in an effort to further judicial economy and to preserve its rights with regard to the arguments made in the Economic Loss Doctrine Motion to Dismiss,

587 F.3d 314, 318 (5th Cir. (La.) 2009) (affirming motion to dismiss on alternate ground that complaint failed to allege sufficient facts to support allegations therein).  A motion to dismiss tests the sufficiency of a complaint, which, to survive a motion to dismiss pursuant to Rule 12(b)(6), must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 127 S. Ct. at 1964-65; *Brown v. United States Postal Svc.*, 338 Fed. Appx. 438, 440 (5th Cir. (Tex.) 2009) ("The court can[    ] accept neither inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint, nor legal conclusions cast in the form of factual allegations.") ((internal quotations omitted)).

Pursuant to Rule 12(b)(6), although the Court construes all reasonable factual inferences in the plaintiff's favor, it need not accept the plaintiff's inferences if they are unsupported by the facts set forth in the complaint.  *Twombly*, 127 S. Ct. at 1965 (quoting *Papasan* v. *Allain*, 106 S. Ct. 2932, 2944 (1986)).  Moreover, the factual allegations made must "be enough to raise a right to relief above a speculative level."  *Twombly*, 127 S. Ct. at 1965; *Price v. Housing Auth. of New Orleans*, 07-9741, 2008 U.S. Dist. LEXIS 75125, at *12 (E.D. La. Sept. 29, 2008) (granting motion to dismiss pursuant to Rule 12(b)(6) motion and noting that where allegations do not meet the standard, "the plaintiff pleads itself out of court").  Furthermore, the complaint "must allege facts sufficiently setting forth the essential elements of cause of action" in order for that cause of action to survive the motion.  *Hibbets v. Lexington Ins. Co.*, 07-5169, 2009 U.S. Dist. LEXIS 54777, at *14 (E.D. La. June 12, 2009) (dismissing claims where complaint merely identified elements of claims but "provided no factual allegations to connect the plaintiffs to those causes of action and an entitlement to relief").

---

Moving Defendants incorporate and renew (without additional briefing) the arguments made previously in their Economic Loss Doctrine Motion to Dismiss.

Courts have consistently denied plaintiffs the opportunity for discovery where they were unable to meet even the minimal notice pleading standard of Rule 8 of the Federal Rules of Civil Procedure. *See, e.g.*, *Cooper v. Paragon Sys.*, 5:08-CV-169, 2008 U.S. Dist. LEXIS 67761 at *9 (S.D. Miss. Aug. 27, 2008) (dismissing defamation cause of action where plaintiff could not meet the "minimal notice pleading standard" and failed to "set forth information in her complaint regarding the substance or nature of any alleged statement or how it was defamatory. The complaint contains only conclusory allegations that 'defamatory statements were made … by the Defendant …'"); *In re Dredging Limitation Actions Consol. Litig.*, 06-8676, 2008 U.S. Dist. LEXIS 46035 at *26 (E.D. La. June 12, 2008) (affirming dismissal and noting that "[i]n response to plaintiffs' request for discovery to determine whether the [] defendants committed any act of omission or commission … , the Court found that such discovery would have constituted a rank fishing expedition").

Here, each of Plaintiff's Counts II, IV, V, and VI fail to meet the *Twombly* standard. Furthermore, Plaintiff has failed to plead the fraud claims (Counts V and VI) with the particularity that is required by Rule 9(b), as articulated more fully below. *Buford v. Howe*, 10 F.3d 1184, 1188 (5th Cir. (Miss.) 1994).

For these reasons, the Court should dismiss Counts II, IV, V, and VI with respect to the Moving Defendants.

## II.     ARGUMENT

### A.     Plaintiff Fails To State A Cause Of Action For Negligence *Per Se* (Count II).

Plaintiff has not, and indeed cannot, make out a claim for negligence *per se* under Mississippi law because Plaintiff has not alleged a single violation of any statute,[4] ordinance, or regulation, nor has Plaintiff pleaded any additional facts to support such a claim.  (Compl. at ¶¶ 42-53).  Under Mississippi law, violation of a statute, regulation, or ordinance will support a cause of action in tort for "negligence *per se*" only where (1) the plaintiff is within the class protected, and (2) the harm sustained is the type sought to be prevented.  *Simpson v. Boyd*, 880 So. 2d 1047, 1053 (Miss. 2004) (citing *Palmer v. Anderson Infirmary Benevolent Ass'n*, 656 So.2d 790, 796 (Miss. 1995) (reference citations omitted)).  In addition, to prevail on the claim, the plaintiff must be able to show that the violation proximately caused the injury.  *Simpson v. Boyd*, 880 So. 2d at 1053.

Identification of the allegedly violated provision or provisions of Mississippi law is essential, as it is the sole basis for the court's determination of whether the plaintiff is a member of the class sought to be protected and whether his or her injuries are of the type the statute seeks to address.  *See, e.g.*, *Lusins v. First Am. Real Estate Solutions of Tex.*, L.P., 2007 U.S. Dist. LEXIS 43364, *5 (S.D. Miss. June 13, 2007) (citing *Gallagher Bassett Servs. Inc. v. Jeffcoat*, 887 So. 2d 777, 787 (Miss. 2004)) (dismissing negligence *per se* claim based on alleged violation of a provision of the federal Flood Disaster Protection Act, upon finding that plaintiff-borrowers did not belong to the class protected thereby).

---

[4] As explained below in Section D., Plaintiff cannot state a cause of action under the Mississippi Consumer Protection Act, MISS. CODE. ANN. §§ 75-24-1, *et seq.*, ***and indeed has not invoked that statute by name in the Complaint***.

The court's analysis may depend on the type of statute that is at issue; for instance, whether a statute affords a basis for negligence *per se* may depend on whether it provides for a private right of action or an administrative remedy.  *See, e.g.*, *Miller v. E. I. du Pont de Nemours & Co.*, 880 F. Supp. 474, 480 (S.D. Miss. 1994) (quoting *Rodriguez v. American Cyanamid Co.*, 858 F. Supp. 127 (D. Ariz. 1994)) (holding that because the legislature did not intend to create a private right of action in enacting the Federal Insecticide, Fungicide and Rodenticide Act, dismissal of negligence per se based on violation of same was warranted); *Donald v. AMOCO Prod. Co.*, 735 So. 2d 161, 177 (Miss. 1999) (upholding dismissal because oil and gas regulations allegedly violated offered adequate administrative remedy that should have been exhausted prior to filing of private suit).

In the present case, Count II of the Complaint is woefully insufficient to the extent it purports to plead a negligence *per se* claim. Plaintiff contends only that "Defendants' actions and/or inactions, as set forth herein, by virtue of violating statutes, ordinances and/or rules and/or regulations, constitutes [*sic*] negligence per se."  (*Id.* at ¶ 49). Plaintiff not only fails to plead the required elements – that (1) he is a member of the class sought to be protected by *any* "statutes, ordinances and/or rules and/or regulations" and (2) his alleged injury is of the type the "statutes, ordinances and/or rules and/or regulations" sought to redress – but also fails to cite a single provision that has been violated.  Plaintiff's failure to identify any such violation deprives the Court of any basis for evaluating the claim; therefore, the Court should dismiss Count II to the extent it purports to plead negligence *per se*.

Furthermore, a single, sweeping statement that "statutes, ordinances and/or rules and/or regulations" were allegedly violated does not come close to providing "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 544, 570.  "'A plaintiff must

plead specific facts, not mere conclusional allegations, to avoid dismissal for failure to state a claim.'" *Kraft Food Ingredients, Corp. v. PCI Int'l Consultants, Inc.*, 07-1842, 2008 U.S. Dist. LEXIS 68628 (W.D. La. Aug. 27, 2008) (quoting *Kane Enterps. v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir. (La.) 2003)).  To survive a motion to dismiss, the complaint "(1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. (La.) 2009) (citation omitted).  The standard "'calls for enough facts to raise a reasonable expectation that discovery will reveal that the elements of the claim existed.'" *Lormand*, 565 F.3d t 257 (citation omitted).

Here, Plaintiff fails even to allege the elements of a negligence *per se* claim, as the Complaint cites not a single law violated and fails to state that Plaintiff is a member of the class sought to be protected or that his injury is of the type intended to addressed.  Given this failure, Plaintiff can hardly have pleaded sufficient "factual matter" that, taken as true, would raise a reasonable expectation that discovery will reveal evidence of each such element.

For these reasons, Plaintiff's claim for negligence *per se* should be dismissed with respect to the Moving Defendants.

## B.     Plaintiff Fails To State A Cause Of Action For Fraudulent Misrepresentation (Count VI).

Plaintiff has failed to state a claim for fraudulent misrepresentation because they do not, and cannot, allege that the Moving Defendants concealed a material fact that was known to it, nor that the Moving Defendants did so with the intent that Plaintiff rely on the omission, nor that Plaintiff relied on any statement or omission by the Moving Defendants.  (Compl. at ¶¶ 72-83). First, Plaintiff fails to plead the elements of the claim, other than in conclusory terms that provide no plausible basis for the contention that the Moving Defendants misrepresented the

quality or nature of the drywall at issue, nor that any Plaintiff or any Class Member relied on them. Second, Plaintiff fails to plead with the requisite particularity that the Moving Defendants took part in any fraud. Therefore, the Court should dismiss the fraudulent misrepresentation claim against the Moving Defendants.

### 1. Plaintiff fails to allege the elements of a claim for fraudulent misrepresentation.

Under Mississippi law, a claim for fraudulent misrepresentation has nine elements, which are the same as the elements of a fraud claim: (1) a representation, (2) its falsity, (3) its materiality, (4) the defendant's knowledge of the falsity of the representation (or ignorance of its truth), (5) the defendant's intent that the representation should be acted on by the hearer and in the manner reasonably contemplated, (6) the hearer's ignorance of the falsity of the representation, (7) the hearer's reliance on the truth of the representation, (8) the hearer's right to rely thereon, and (9) the hearer's consequent and proximate injury. *Aiken v. Rimkus Consulting Group, Inc.*, 333 Fed. Appx. 806, 811-12 (5th Cir. (Miss.) 2009) (quoting *McCord v. Healthcare Recoveries, Inc.*, 960 So. 2d 399, 406 (Miss. 2007)).

A claim for fraudulent misrepresentation is baseless where "it is clear that [the plaintiff] had no contact with [the defendant] and made no representations" to the plaintiff about the condition of the item sold. *See Powell v. Cohen Realty, Inc.*, 803 So. 2d 1186, 1191 (Miss. Ct. App. 1999) (dismissing claim by purchaser of a home against property broker who had no dealings with the purchaser until the day of closing). Where there is no evidence of a fiduciary relationship between plaintiff and defendant, mere silence or nondisclosure of material facts cannot support a finding of fraudulent misrepresentation. *Wilbanks v. Dalkon Shield Claimants Trust*, 1:98CV18-JAD, 1998 U.S. Dist. LEXIS 11477, *4 (N.D. Miss., June 8, 1998) (citing

*Wilson v. Retail Credit Co.*, 438 F.2d 1043, 1045 (5th Cir. 1971)) (dismissing claim of consumer against manufacturer where the parties had no dealings or fiduciary relationship).

Here, Plaintiff cannot plausibly allege the elements, *i.e.*, that the Moving Defendants made a representation to Plaintiff with the intent to induce Plaintiff's reliance, nor that Plaintiff in fact acted in reliance upon a representation by choosing the plasterboard at issue. *See Aiken*, 333 Fed. Appx. at 811-12. Indeed, Plaintiff makes no allegations of the sort. Rather, Plaintiff pleads (in conclusory fashion) that Defendants induced "Plaintiff and the Plaintiff Class Members ***and/or the consuming public***" into reliance and that this *general populace*, rather than Plaintiff or Class Members themselves, "relied on facts revealed which negligently, fraudulently, and/or purposefully did not include facts that were concealed and/or omitted by Defendants." (Compl. at ¶¶ 91-94) (emphasis added). However, Plaintiff then alleges that "Plaintiff and the Plaintiff Class Members" – and not "the consuming public" – incurred the injury. (*Id.* at ¶ 95). The claim, as articulated under Mississippi law, provides relief only for the "hearer" of the alleged misrepresentation or falsity. *Aiken*, 333 Fed. Appx. at 811-12 (quoting *McCord*, 960 So. 2d at 406.

Plaintiff has failed to allege that either of the Moving Defendants did anything but sell, distribute, market, and place within the stream of commerce gypsum drywall. (Compl. at ¶ 10). Plaintiff does not claim that he or any Class Member is among either of the Moving Defendants' "customers" or "purchasers" (the potential "hearers" of a fraudulent misrepresentation), nor that that Plaintiff or any Class Member selected or installed the drywall used in the homes. (*Id.* at ¶¶ 7, 9). Indeed, Plaintiff identifies "certain suppliers" as the purchasers of the drywall at issue and fails to identify himself as among those "suppliers." (*Id.* at ¶ 9). These allegations make clear

that there is no basis for a claim of fraudulent misrepresentation, given that Plaintiff could not have been a "hearer" of misrepresentations by the Moving Defendants.

> **2.      Plaintiff fails to plead fraudulent misrepresentation with the requisite particularity.**

Plaintiff's claim also fails because it does not meet the standard for pleading a fraud claim.  Rule 9(b) of the Federal Rules of Civil Procedure requires that fraud be pleaded with particularity, and thus the claim of fraudulent misrepresentation is subject to this heightened pleading standard.  Fed. R. Civ. P. 9(b); *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 381 (5th Cir. 2004) (citing 2 JAMES W. MOORE, ET AL., MOORE'S FED. PRAC. § 9.03[1][b] at 9-18 to -19 (3d ed. 2003)); *see also Robinson v. Southern Farm Bureau Cas. Co.*, 915 So. 2d 516, 520 (Miss. Ct. App. 2005) (dismissing claim and noting that claim for fraudulent misrepresentation failed to meet the particularity standard of Rule 9(b) of the Mississippi Rule of Civil Procedure).  Rule 9(b) requires the plaintiff to plead enough facts to illustrate the "'who, what, when, where, and how'" of the fraud alleged. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. (Miss.) 2006) (quoting *Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005) (reference citation omitted)).

"Fraud will not be inferred or presumed and may not be charged in general terms," and thus the plaintiff bringing a claim for fraudulent misrepresentation must state the circumstances of the alleged fraud such as the time, place, and contents of any false representations or conduct. *Walker v. Medtronic, Inc.*, 1:03CV74-D-D, 2003 U.S. Dist. LEXIS 26549, at *10 (N.D. Miss. June 4, 2003) (quoting *Brabham v. Brabham*, 483 So. 2d 341, 342 (Miss. 1986)); *Buford*, 10 F.3d at 1188 (quoting *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 521 (5th Cir. (Tex.) 1993)); *Walker*, 2003 U.S. Dist. LEXIS 26549, at *10 (quoting *Brabham*, 483 So. 2d at 342).

In *Walker*, the court dismissed the claim of fraudulent misrepresentation against the alleged sales agent of a medical device manufacturer, finding that she had been fraudulently joined merely to defeat diversity jurisdiction after removal of the action from state court.  2003 U.S. Dist. LEXIS 26549, at *2.  The court found no basis for such a claim, which rested solely on generalizations:

> As for the Plaintiffs' claims of fraudulent misrepresentation, there are no specific factual allegations in the complaint concerning Vuncannon's participation in any alleged fraudulent acts, much less any factual allegations that would tend to suggest that her involvement was anything other than merely peripheral. … Nowhere in the complaint do the Plaintiffs specifically allege how Vuncannon directly participated in or authorized the commission of the tort of fraudulent misrepresentation, or how her alleged liability is based on her own individual wrongdoing; instead, the Plaintiffs merely use boilerplate language that collectively implicates the Defendants as a group. As the court has already noted, hypothetical allegations of this sort are plainly deficient. Nowhere in the complaint do the Plaintiffs identify with the requisite particularity the date, time, place or content of Vuncannon's alleged false representations.

2003 U.S. Dist. LEXIS 26549, at *9-11 (citations omitted).  The court therefore dismissed the claim.  *Id.* at *13; *see also Weiss v. Fischer*, 1:93CV164-D-D, 1994 U.S. Dist. LEXIS 21191, at *13-14 (N.D. Miss. Sept. 22, 1994) ("The face of the complaint merely avers a representation, reliance, and damages. The cross-plaintiff's claim for fraud[ulent misrepresentation] is legally insufficient to support a recovery, and should be dismissed.")

Likewise, here, the Complaint gives no information whatsoever on the date, time, place, or content of the alleged misrepresentations by the Moving Defendants.  Rather, Plaintiff in each of its allegations uses "boilerplate language that collectively implicates all Defendants as a group" and, thus, fails to state a fraud claim with the requisite particularity.  *Walker*, 2003 U.S. Dist. LEXIS 26549, at *10.  For example, Plaintiff alleges that "***Defendants*** falsely and fraudulently represented to Plaintiff, the Plaintiff Class Members and/or the consuming public in

general that Defendants' drywall had been tested and was found to be safe and/or effective for use," and that "***Defendants*** brought Defendants' drywall to the market and acted fraudulently, wantonly, and maliciously … ." (Compl. at ¶¶ 73, 81) (emphasis added). Such "hypothetical allegations … are plainly deficient." *Walker*, 2003 U.S. Dist. LEXIS 26549, at *11.

For these reasons, Plaintiff's fraudulent misrepresentation claim should be dismissed with respect to the Moving Defendants pursuant to Rules 12(b)(6) and 9(b).

### C.   Plaintiff Fails To State A Cause Of Action For Fraudulent Concealment (Count V).

Plaintiff's claim for fraudulent concealment should be dismissed pursuant to Rule 12(b)(6).  (Compl. at ¶¶ 84-95).[5]  Plaintiff have not, and cannot, allege the nine required elements of the claim, other than in the most conclusory of terms.  Additionally, Plaintiff cannot show that the Moving Defendants took affirmative action to prevent discovery of facts giving rise to the claim or that Moving Defendants' alleged silence is related to a material fact that they had a duty to disclose.  The conclusory statements in Plaintiff's Complaint do not plausibly state a claim, let alone meet the particularity standard of Rule 9(b) of the Federal Rules of Civil Procedure.  Because Plaintiff cannot adequately allege the requisite elements, its claim for fraudulent concealment should be dismissed.

---

[5] This cause of action is separate from Plaintiff's plea for equitable tolling based on "fraudulent concealment." (Compl. at ¶ 29); MISS. CODE ANN. § 15-1-67.  Aware that its claims would be barred by the applicable statutes of limitations, Plaintiff claims that the running of "any" statute of limitations should be tolled owing to fraudulent concealment.  (*Id.*)  Such tolling is inappropriate absent an affirmative act of fraudulent concealment that occurred after the completion of the allegedly fraudulent act.  *Archer v. Nissan Motor Acceptance Corp.*, 633 F. Supp. 2d 259, 266 (S.D. Miss. 2007) (quoting *Ross v. Citifinancial*, 344 F.3d 458, 464 (5th Cir. (Miss.) 2003).  Plaintiff has not alleged any such action and may not merely point to an initial fraudulent statement made at the time of an alleged transaction with the Moving Defendants.  *Archer*, 633 F. Supp. 2d at 266.  Plaintiff alleges no such affirmative act.  The Moving Defendants reserve the right to rely on the applicable statutes of limitations as an affirmative defense to all counts pleaded against them.

**1.      Plaintiff fails to allege the elements of a claim for fraudulent concealment.**

Plaintiff's claim for fraudulent concealment fails because the Complaint falls far short of alleging the necessary elements.  To plead fraudulent concealment as a cause of action, Plaintiff must establish the elements of fraud, enumerated above in Section B.1.  *Aiken*, 333 Fed. Appx. at 812 (affirming trial court's judgment as a matter of law in defendant's favor on a fraudulent concealment claim where plaintiff failed to present evidence of any false statement); *Harris v. Brush Engineered Materials*, 1:04CV598, 2005 U.S. Dist. LEXIS 42348, at *5 (S.D. Miss. Feb. 18, 2005) (citing *Owens Corning v. R.J. Reynolds Tobacco Co.,* 868 So.2d 331, 343 (Miss. 2004)); *Morrone Co. v. Barbour*, 241 F. Supp. 2d 683, 688 & n.9 (S.D. Miss. 2002) (citing *Franklin v. Lovitt Equip. Co., Inc.*, 420 So. 2d 1370 (Miss. 1982)).

Where a plaintiff cites fraudulent concealment as a separate cause of action, he or she must, in addition, allege that the defendant undertook some action, affirmative in nature, which was designed or intended to prevent and which did prevent, the discovery of facts giving rise to the fraud claim.  *Mabus v. St. James Episcopal Church*, 13 So. 3d 260, 264 & n.3 (Miss. 2009); *Aiken*, 333 Fed. Appx. at 812 (quoting *Davidson v. Rogers,* 431 So. 2d 483, 485 (Miss. 1983)).  Furthermore, to establish a fraudulent concealment claim, the plaintiff must show that the defendant's alleged concealment is related to a material fact or matter known to the defendant who failed to disclose and as to which it is the defendant's "legal duty" to communicate to the plaintiff.  *Harris*, 2005 U.S. Dist. LEXIS 42348, at *5 (citing *Mabus v. St. James Episcopal Church,* 884 So. 2d 747, 762 (Miss. 2004) (applying principle in a non-contractual context (reference citation omitted)).

As already discussed above in Section B.1., Plaintiff cannot plausibly allege the nine necessary elements of a fraud claim under the present facts.  Plaintiff conclusorily states that the

Moving Defendants knowingly "misrepresented the safety of Defendants' drywall" and "concealed, and/or intentionally omitted" various alleged "fact[s]" but fails to plausibly allege any facts in support of such allegations and fails to plead that Plaintiff (or any other person) actually relied on representations from which the various "fact[s]" were omitted. (Compl. at ¶¶ 85-89). In a transparent attempt to overcome this inability to plead the elements of the claim, Plaintiff alleges that Defendants intentionally misled "Plaintiff Class Members **and/or the consuming public**" and that this all-inclusive population (and not Plaintiff or the Class Members) relied on the purportedly misrepresented facts. (Compl. at ¶¶ 92-94 (emphasis added)).

In addition to failing to plead the elements of a fraud claim, Plaintiff fails to allege the additional elements of the claim that are required under Mississippi law. First, Plaintiff fails to allege that the Moving Defendants committed any act or conduct of an affirmative nature that was intended to prevent Plaintiff from discovering facts giving rise to the claim. This requirement is based on the tenet that such an act of concealment is equivalent to having "'stated the nonexistence of the matter that the other was thus prevented from discovering.'" *Davidson*, 431 So. 2d at 485 & n.1 (quoting Restat. (2d) Torts § 550 (1976)). Thus, for example, in *Davidson*, the defendant had made repairs to a home that concealed a foundational defect and did not disclose this material fact to the buyer during the negotiations that led to the plaintiff's sales contract and assumption of the deed of trust. 431 So. 2d at 485.

Here, Plaintiff alleges no such affirmative act; to the contrary, Plaintiff alleges that Defendants "were aware of complaints regarding defects in Defendant's drywall **and did nothing**." (Compl. at ¶ 88 (emphasis added)). Thus, by Plaintiff's own admission, the Moving

Defendants committed no affirmative act that would provide a basis for a fraudulent concealment claim.

Second, Plaintiff fails to allege any basis for a "duty to disclose" on the part of the Moving Defendants, as is required to establish the claim.  (*Id.* at ¶ 90).  An alleged manufacturer is not liable to ultimate consumers with whom it has no relationship.  *Harris*, 2005 U.S. Dist. LEXIS 42348, at *7.  In *Harris*, the court dismissed the claim of workers who were allegedly exposed to respirable beryllium.  *Id.* at *2.  The alleged fraud was that the defendant, the manufacturer of beryllium products used in the plaintiffs' workplace, had known for decades that exposures to beryllium would cause chronic beryllium disease but "'claimed to *users and others exposed* to its beryllium products … that such airborne concentrations were safe for even the most sensitive individuals.'"  *Id.* at *6. (quoting complaint) (omission in *Harris*) (emphasis added).  The court ruled that a manufacturer could not be sued by an ultimate consumer where there was no relationship between them[6]:

> There is no indication in [the] Complaint that Brush Wellman ever had any dealings or communicated directly with any Plaintiff, and in fact it appears that *the relationship is quite attenuated*. Plaintiffs state that the beryllium products at issue were processed and manufactured by Defendants Brush Wellman Inc. and Brush Engineered Materials, Inc., [and] were then machined, assembled, and fabricated by Defendant Wess-Del, who in turn sold them to Defendant The Boeing Company, who used them at the Stennis Space Center in Mississippi. Therefore, in the Court's opinion, Plaintiff's allegations are insufficient to state a claim for fraud. Not only is there no support in the law for finding a duty to communicate in these circumstances, but in Mississippi, *the mere silence or nondisclosure of material facts by a manufacturer does not support a finding of fraudulent concealment brought by the ultimate consumer.*

---

[6] The court distinguished *Klemka v. Brush Wellman, Inc, et al.*, 2004 U.S. Dist. LEXIS 29826 (D.N.J., May 26, 2004), in which plaintiffs were permitted to maintain their claim against a motion to dismiss, with instructions to replead with greater particularly, on the grounds that in *Klemka* the plaintiff was the defendant's employee. *Harris*, 2005 U.S. Dist. LEXIS 42348 at *6.

*Id.* at *7 (emphasis added) (citing *Wilbanks*, 1998 U.S. Dist. LEXIS 11477, at *4; *Johnson v. Parke-Davis*, 114 F. Supp. 2d 522, 525 (S.D. Miss. 2000); *Morgan v. Brush Wellman, Inc.*, 165 F. Supp. 2d at 721-22)); *see also Wilson*, 438 F.2d at 1045.  The court dismissed the claim pursuant to Rule 12(b)(6) and declined to permit amendment of the complaint, which "under these circumstances would be futile."  *Harris*, 2005 U.S. Dist. LEXIS 42348 at *8.  Similarly, alleged misrepresentations by sales representatives are unavailing where plaintiffs had no connection to those representatives.  *Johnson*, 114 F. Supp. 2d at 525.

Likewise, here, Plaintiff's claim is unavailing because Plaintiff (like the Class Members) is merely an ultimate consumer that has no relationship – or, at best, a relationship that is "quite attenuated" – to the Moving Defendants.  *See Harris*, 2005 U.S. Dist. LEXIS 42348, at *7.  Plaintiff is allegedly a homeowner, and the purported Class Members consist solely of "persons who own a home in Mississippi [etc.]."  (Compl. at ¶ 23).  Plaintiff does not allege that he or the Class Members purchased from or dealt with the Moving Defendants directly, but only that Knauf Gips, "together with its affiliates" or agents, "manufactured, sold, distributed, marketed and placed into the stream of commerce gypsum drywall" and that  "KPT was "involved in the manufacture and sale" of drywall to others.  (*Id.* at ¶¶ 9, 10).  Nor does Plaintiff claim that he or any Class Member is among the Moving Defendants' "customers" or "purchasers" who are described in the Complaint, nor to have selected or installed the drywall used in the homes.  (*Id.* at ¶¶ 7, 9).  In fact, Plaintiff concedes that persons *other than* himself and the Class Members – *i.e.*, "certain suppliers" – purchased the drywall from the Defendants and that this drywall then "was installed" in the homes.  (*Id.* at 9).  Under *Harris*, the Moving Defendants cannot be liable to Plaintiff or Class Members on a fraudulent concealment claim, given Plaintiff's inability to

allege that KPT or Knauf Gips had a duty to disclose, or that Plaintiff had any relationship with KPT or Knauf Gips giving rise to such a duty.

> **2.      Plaintiff fails to plead fraudulent concealment with the requisite particularity.**

As is true for the fraudulent misrepresentation claim as described above in Section B.2., Plaintiff fails to meet the particularity standard of Rule 9(b) of the Federal Rules of Civil Procedure.  In the context of a claim involving omission of material facts, meeting this standard "'typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading.'"  *Carroll*, 470 F.3d at 1174 (quoting *Riley*, 355 F.3d at 381 (reference citations omitted)).

Failure to disclose is not actionable where the defendant had no duty to disclose the omitted information to the plaintiff, and "conclusory allegations that such a duty existed, and that [defendant] breached it," will not suffice.  *Carroll*, 470 F.3d at 1174.  The *Carroll* court affirmed the trial court's dismissal of a fraudulent concealment claim on the basis that the Rule 9(b) pleading standard was unmet:

> The appellants' two complaints clearly fail to indicate "the place in which the omissions should have appeared." *Riley*, 355 F.3d at 381. They allege no facts showing when, if ever, it was incumbent upon [defendant], which never had any dealings with these appellants, to disclose any information to them at all, nor how [defendant] should have done so. Therefore, we are satisfied that the appellants failed to make out a fraud claim that could satisfy Rules 12(b)(6) and 9(b), and we AFFIRM the district court's dismissal of that claim.

*Id.*

As in *Carroll*, here, Plaintiff has failed to allege any facts showing when, if ever, it was incumbent on the Moving Defendants, which never had any dealings with Plaintiff or the Class

Members, to disclose any information to them at all, nor how the Moving Defendants should have done so.

For the reasons set forth above, Plaintiff's claim for fraudulent concealment is barred under Mississippi law and should be dismissed pursuant to Rules 12(b)(6) and 9(b).

### D.    Plaintiff Fails To State A Cause Of Action For Violation of the Mississippi Consumer Protection Laws (Count VI).

Plaintiff fails to state a claim for violation of the "Mississippi Consumer Protection Laws." (Compl. at ¶¶ 96-104).[7]  Plaintiff cannot file a private cause of action under the Mississippi Consumer Protection Act, MISS. CODE. ANN. §§ 75-24-1, *et seq.* (the "MCPA"). However, even if Plaintiff somehow could meet the preliminary requirements to file a private cause of action under the MCPA, he cannot make out a claim for violation.

The MCPA prohibits "unfair methods of competition affecting commerce and unfair or deceptive trade practices in or affecting commerce." MISS. CODE. ANN. § 75-24-5.   The legislature has expressly prohibited class actions under MCPA by stating that "[n]othing in this chapter shall be construed to permit any class action" and has also provided that "every private action must be maintained in the name of and for the sole use and benefit of the individual person." *Id.* at § 75-24-15(4).   Further, the MCPA requires consumers to "first" make "a reasonable attempt to resolve any claim through an informal dispute settlement program approved by the Attorney General." *Id.* at § 75-24-15(2).  Mississippi courts have consistently

---

[7] Plaintiff fails to identify which "Consumer Protection Laws" it means to invoke, although it evidently refers to one or more statutes because the Compliant states that Defendants have "violate[d] Mississippi law, which was enacted to protect the consuming public from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." (Compl. at ¶ 98).  For the purposes of this Motion, KPT assumes that Plaintiff purports to state a cause of action under the Mississippi Consumer Protection Act, MISS. CODE. ANN. §§ 75-24-1, *et seq.*, but reserves its right to move to dismiss claims under any additional statutes or laws of Mississippi or other jurisdictions.

dismissed private actions of plaintiffs who failed to attempt to resolve the claim through the informal dispute settlement program established by the Attorney General of Mississippi. *Taylor v. Southern Farm Bureau Cas. Co.* 954 So. 2d 1045 (Miss. Ct. App. 2007); *Montalto v. Viacom Int'l, Inc.* 545 F. Supp. 2d 556 (S.D. Miss. 2008*); Cole v. Chevron USA, Inc.* 554 F. Supp. 2d 655 (S.D. Miss. 2007).

Moreover, Plaintiff's MCPA claims should also be dismissed for the additional reason that they fail to state a claim on which relief can be granted.  "To state a claim under the MCPA … Plaintiffs must plead with particularity pursuant to Rule 9(b)."  *Mayberry v. Bristol-Myers Squibb Co.*, 07-942, 07-1099, 2009 U.S. Dist. LEXIS 121115, at *21 (D.N.J. Dec. 30, 2009).  To meet this heightened pleading standard, Plaintiff must, at a minimum allege the time, place and contents of the facts that give rise to the statutory claim.  *Keith v. Stoelting, Inc.*, 915 F.2d 996, 1000 (5th Cir. Tex. 1990).  Conclusory allegations of fraud are not sufficient to survive dismissal for failure to state a claim. *Smith v. Ayres*, 845 F.2d 1360, 1365 (5th Cir.1988).

Here, Plaintiff impermissibly files a class action despite the explicit prohibition of MCPA.  Plaintiff also fails to allege any attempt to resolve the claim through informal dispute resolution prior to commencing suit, as is required under the MCPA.  MISS. CODE ANN. § 75-24-15(2).  Furthermore, Plaintiff cannot make a claim with particularity pursuant to Rule 9(b) where the Complaint failed to allege any specific facts in support of their MCPA claim.  Accordingly, Plaintiff's claim under the MCPA should be dismissed.

        1.        **Plaintiff's class action claim is barred because the MCPA explicitly bars class actions.**

Plaintiff's claim runs counter to the limitation on private actions under the MCPA, which explicitly prohibits class action lawsuits.  The MCPA provision authorizing certain private rights of action states as follows: "***Nothing in [the MCPA] shall be construed to permit any class***

*action or suit*, but every private action must be maintained in the name of and for the sole use and benefit of the ***individual person***." MISS. CODE ANN. § 75-24-15(4) (emphasis added). In *Cole v. Chevron USA, Inc.*, the Court barred consumers' class action, ruling that "because Section 75-24-15(4) is a substantive rather than procedural rule, it must be applied under the *Erie* doctrine to bar the plaintiffs' class action claim." 554 F. Supp. 2d 655 (S.D. Miss. 2007); *see also In re Pharmaceutical Indus. Average Wholesale Price Litig.*, 230 F.R.D. 61, 84 (D. Mass. 2005) ("[u]nder the laws of … Mississippi, … there is no right to bring a class action to enforce the [MCPA].").

Accordingly, to the extent that Plaintiff's Count VI purports to bring a class action lawsuit under the MCPA, this Court should strike it with respect to the Moving Defendants.

> **2.    Plaintiff Has Failed To Attempt Resolution Through Informal Dispute Resolution And Thus Has Failed To Meet A Prerequisite To Filing A Private Action Under The MCPA.**

Aside from the prohibited class action claim, Plaintiff has failed to state an individual cause of action under the MCPA because, contrary to the requirements of the MCPA, Plaintiff has brought this cause of action without first attempting to resolve the dispute. Miss. Code Ann. 75-24-15(2). The MCPA requires that "[i]n any private action brought under this chapter, the plaintiff must have first made a reasonable attempt to resolve any claim through an informal dispute settlement program approved by the Attorney General."[8]   *Id.*   Plaintiff makes no representation of having attempted any form of dispute resolution whatsoever with respect to the Moving Defendants.

---

[8] The public website of the Office of the Attorney General discusses the Office's mediation program and provides a link to an official Complaint Form. Office of the Mississippi Attorney General, How to File a Complaint, http://www.ago.state.ms.us/index.php/sections/consumer/complaints ("In many instances, this office is successful in mediating a dispute between a consumer and a business. In order for a case to be opened, the consumer must first complete an official Complaint Form …").

Automatic dismissal is warranted where a plaintiff has failed to allege that it has met this prerequisite. *Taylor v. Southern Farm Bureau Cas. Co.*, 954 So. 2d 1045 (Miss. Ct. App. 2007). In *Taylor*, the Mississippi Court of Appeals enforced this procedural requirement and affirmed the dismissal of an insured's claim under the MCPA for failure to allege any attempt to satisfy the informal dispute settlement requirement of Section 75-24-15(2). *Id.* at 1049 ("The record in this case is devoid of any reference to [plaintiff's] attempting to resolve this issue through an informal settlement program, and we can only conclude that no such attempt was made."); *see also Cole v. Chevron USA, Inc.*, 554 F. Supp. 2d 655, 668 (S.D. Miss. 2007) (enforcing the informal dispute settlement requirement of Section 75-24-15(2)).

Here, Count VI of the Complaint appears to assert a private cause of action based on violation of the MCPA. (Compl. at ¶¶ 96-104). Despite filing a private claim, the Complaint alleges no attempt by Plaintiff to resolve its MCPA claim through any informal dispute settlement program under the auspices of the Attorney General's office prior to filing as is required by Section 75-24-15(2). Accordingly, Plaintiff's claim should be dismissed.

### 3. Plaintiff's MCPA Claim Fails To Allege Sufficient Facts To Meet The Requisite Pleading Standard.

The MCPA clearly authorizes private rights of action only to remedy certain violations. *See* MISS. CODE ANN. §§ 75-24-15. The statute provides that "any person who … suffers any ascertainable loss … as a result of the use of [*sic*] employment … of a method, act or practice prohibited by Section 75-24-5 may bring an action at law … to recover such loss of money or damages for the loss of such property … ." *Id.* at § 75-24-15(1)(emphasis added). However, Section of 75-24-5 MCPA does not allow for private causes of action to remedy all manner of allegedly unfair methods of competition or unfair or deceptive trade practices, in particular those

alleged here by Plaintiff.  (Compl. at ¶¶ 98-100).[9]  Section 75-24-5(2) identifies a specific list of prohibited acts and prohibits persons from acts such as "[m]isrepresent[ing] the source, sponsorship, approval, or certification of goods or services" and "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."  MISS. CODE. ANN. § 75-24-5(2)(b), (g); *see also Taylor*, 954 So. 2d at 1048 (describing allegations brought under subsections (g) and (h) of Section 75-24-5(2) as "fraud by omission" but finding that an insurance policy is not "merchandise" within the meaning of the MCPA).

Even if Plaintiff could meet the prerequisite of MCPA for bringing a private cause of action, dismissal would be warranted for failure to state a claim.  "To state a claim under the MCPA … Plaintiffs must plead with particularity pursuant to Rule 9(b)."  *Mayberry*, 2009 U.S. Dist. LEXIS 121115, at *21.  The specificity requirement of the MCPA is underscored by the fact that the language of Rule 9(b) of the Mississippi Rules of Civil Procedure precisely mirrors its federal counterpart.  Allegation of fraud, "[a]t a minimum, … requires that the plaintiff allege the time, place and contents of the alleged misrepresentation, as well as the identity of the person making [it]."  *Keith v. Stoelting, Inc.*, 915 F.2d 996, 1000 (5th Cir. (Tex.) 1990); *see also Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. (Tex.) 2003) ("… Rule 9(b) requires 'the who, what, when, where, and how' to be laid out" (citations omitted)).  "[E]lements of common law fraud – namely intentional misrepresentation, detrimental reliance and resultant damages – are also necessary elements of a private action under the consumer

---

[9] Under the MCPA, the Mississippi Attorney General may bring an action in the name of the State against a defendant for unfair methods of competition or unfair or deceptive trade practices.  MISS. CODE. ANN. § 75-24-9.  "Unfair methods of competition affecting commerce and unfair or deceptive trade practices in or affecting commerce are prohibited.  Action may be brought under Section 75-24-5(1) only under the provisions of Section 75-24-9."  *Id.* at § 75-24-5(1).

protection statutes under which plaintiffs bring their statutory fraud claims." *In re Ford Motor Co. Ignition Switch Prods. Liab. Litig. v. Ford Motor Co.*, No. 96-3125, 96-1814, 96-3198, 1997 U.S. Dist. LEXIS 24064, *29 (D.N.J. 1997) (citing MISS. CODE ANN. § 75-24-5(2)(g), § 75-24-15(1)) (dismissing plaintiffs' product liability claims for failure to state reliance on alleged Defendants' misrepresentation); *see also Mayberry*, 2009 U.S. Dist. LEXIS 121115, at *21.

Here, Plaintiff fails to allege with particularity any violation specified under Section 75-24-5.  The conclusory allegation that "Defendants…violated Mississippi law by knowingly and falsely representing that Defendants' drywall was fit to be used for the purpose for which they ere intended" is unsupported by any specific facts set forth with the required particularity. (Compl. at ¶¶ 72-83, 96-104).  The Complaint fails to provide any facts that would support either the when, where, how, by whom or to whom the drywall was touted.  Conclusory allegations of fraud are not sufficient to survive dismissal for failure to state a claim.  *Smith*, 845 F.2d at 1365. Furthermore, according to Section 75-24-5 of the MCPA, plaintiffs cannot bring private causes of action for all sorts of "unconscionable commercial practices, deception, fraud," as Plaintiff purports to claim here, or for claims other than specific violations as listed in MISS. CODE ANN. §§ 75-24-5(2), which Plaintiff fails to assert. (Compl. at ¶ 100).

For these reasons, Plaintiff has failed to state a cause of action under the "Mississippi Consumer Protection Laws," and the claim should be dismissed.

## III.   CONCLUSION

For the foregoing reasons, the Moving Defendants respectfully request that this Court grant their Motion to Dismiss Count II (to the extent it purports to plead a negligence per se claim); (ii) Count IV (for fraudulent misrepresentation); (iii) Count V (for fraudulent concealment); and (iv) Count VI (for violation of the "Mississippi Consumer Protection Laws") for failure to state a claim upon which relief can be granted.

Dated: April 21, 2010

Respectfully submitted,

/s/ Douglas B. Sanders

Douglas B. Sanders
Richard Franklin
BAKER & MCKENZIE LLP
130 E. Randolph Dr.
Chicago, IL 60601
Telephone: (312) 861-8075
Facsimile:  (312) 698-2375
Email: douglas.b.sanders@bakernet.com

Donald J. Hayden
BAKER & MCKENZIE LLP
1111 Brickell Avenue, Suite 1700
Miami, Florida 33131
Telephone: (305) 789-8966
Facsimile:  (305) 789-8953
E-mail: Donald.hayden@bakernet.com

Kerry Miller (LA Bar No. 24562)
Kyle A. Spaulding (LA Bar No. 29000)
FRILOT L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Telephone:  (504) 599-8194
Facsimile:   (504) 599-8145
Email: kmiller@frilot.com

*Attorneys for Defendants, Knauf
Plasterboard (Tianjin) Co., Ltd. and Knauf
Gips KG*

## <u>CERTIFICATE</u>

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 2047, on this 23rd day of April, 2010.

s/Douglas B. Sanders