UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION

MDL NO. 2047

SECTION: L

THIS DOCUMENT RELATES TO:

JUDGE FALLON

Sean and Beth Payton, et al. v. Knauff Gips, KG, et al.
Case No. 2:09-cv-07628-EEF-JCW

MAG. JUDGE WILKINSON

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DEFENDANTS' MEMORANDUM OF LAW
### IN SUPPORT OF THEIR MOTION TO DISMISS OMNIBUS CLASS ACTION
### COMPLAINT FOR LACK OF PERSONAL JURISDICTION

Defendants Standard Pacific of South Florida GP, Inc., HWB Construction, Inc., and

Standard Pacific of South Florida, a Florida General Partnership (collectively, "Defendants"), by

and through undersigned counsel, appearing solely for purposes of this Motion to Dismiss,

pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, respectfully move this Court

for an Order dismissing the Omnibus Class Action Complaint, with prejudice, for lack of

personal jurisdiction on the grounds set forth in the following memorandum of law.

### I.    INTRODUCTION

This Court lacks personal jurisdiction over Defendants under Louisiana's Long-Arm

Statute and Constitutional due process requirements as Defendants have insufficient contacts

with Louisiana to make them subject to the jurisdiction of this Court.  This action should

therefore be dismissed with prejudice as to Defendants.

Defendants have their principal places of business in Florida, where they are engaged in

the business of building residential homes.   None of the Defendants are incorporated in

Louisiana, nor are they qualified to do business in Louisiana.  Defendants, in fact, do not engage

in business within the State of Louisiana.  They have no subsidiaries, employees, offices or

comparable facilities in Louisiana. None of the Defendants have ever directed any advertising specifically towards customers in Louisiana. Given Defendants' lack of any contact whatsoever with Louisiana, imposing jurisdiction over them would violate Louisiana's Long-Arm Statute and Constitutional due process requirements.

## II.     RELEVANT FACTUAL BACKGROUND

Plaintiffs filed their Omnibus Class Action Complaint on December 9, 2009 against hundreds of named Defendants, in the United States District Court for the Eastern District of Louisiana. Plaintiffs maintain that this action is properly brought in federal court pursuant to 28 U.S.C. § 1332(d)(2) and the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq.* Plaintiffs allege that certain of the Defendants designed, manufactured, imported, distributed, delivered, supplied, marketed, inspected, installed, or sold allegedly defective Chinese drywall. (Complaint, p. 1.)

Plaintiffs' Complaint correctly alleges that the principal places of business for all three Defendants presenting this motion are located in Florida. (Complaint, ¶¶ 2463, 2464, & 2515.) Defendants, indeed, only do business within the State of Florida. Defendants have never transacted business, been involved in any business activities, entered into contracts, owned real estate, conducted meetings, maintained a corporate presence, telephone number, tax identification number, employees or agents in Louisiana. (Ibarria Declaration, ¶¶ 3-9.)[1]

Plaintiffs' Omnibus Class Action Complaint contains no allegations whatsoever to support jurisdiction within the State of Louisiana over Defendants. No basis, in fact, exists to require Defendants to defend this lawsuit in Louisiana. Because there is no basis to assert personal jurisdiction over Defendants in this case, they must be dismissed.

---

[1] The declaration of Diana Ibarria is being filed concurrently herewith and is cited herein as "Ibarria Declaration." Ms. Ibarria is the Vice President of both Standard Pacific of South Florida GP, Inc. and Defendant HWB Construction, Inc. Standard Pacific of South Florida GP, Inc. is one of the General Partners of Defendant Standard Pacific of South Florida, a Florida General Partnership.

### III.   **LEGAL ARGUMENT**

The burden is on the plaintiff to establish jurisdiction when challenged by the defendant. *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1138 (5th Cir. 1980), citing *Product Promotions v. Cousteau*, 495 F.2d 483 (5th Cir. 1974). In order to establish personal jurisdiction over a non-resident defendant, a plaintiff must prove both that the state's long-arm statute confers jurisdiction and that the exercise of jurisdiction does not violate federal due process requirements. *Id.*

**A.   Plaintiffs' claims must be dismissed under Louisiana's Long-Arm Statute and Applicable Federal Law.**

"In diversity actions . . . the law of the forum state, subject to the constitutional limits imposed by the Due Process Clause, controls the ability of a district court to exercise personal jurisdiction over nonresident defendants." *Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 396 (5th Cir. 2001) citing *Southmark Corp. v. Life Investors, Inc.*, 851 F.2d 763, 772 n.15 (5th Cir. 1988) and *Stuart v. Spademan*, 772 F. 2d 1185, 1189 (5th Cir. 1985). Louisiana's Long-Arm Statute, *La. R.S. 13:3201 (A) & (B)*, describes the circumstances under which a Louisiana court may exercise personal jurisdiction over a non-resident defendant such as Defendants. The long-arm statute provides that a court "may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States." *La. R.S. 13:3201(B)*.

Thus, *La. R.S. 13:3201 (B)* insures that long-arm jurisdiction of a Louisiana court extends to the limits permitted by the due process clause of the Fourteenth Amendment. *Superior Supply Co. v. Associated Pipe & Supply Co.*, 515 So. 2d 790, 792 (La. 1987). In *Superior Supply*, the Court stated that under "the express terms of the present long-arm statute, the sole inquiry into jurisdiction into a nonresident is a one-step analysis of the constitutional due

process requirements. If the assertion of jurisdiction meets the constitutional requirements of due process, jurisdiction is authorized under the long-arm statute." *Id. Petroleum Helicopters, Inc. v. AVCO Corp.*, 513 So. 2d 1188, 1192 (La. 1987); s*ee also Puckett v. Advance Sports, Inc.*, No. 2009 CA 0507, 2009 WL 3430283 (La. App. 1 Cir. Oct. 26, 2009) at 4; *Thomas v. Kennedy*, 75 Fed. Appx. 281, 283 (5th Cir. 2003). Under this framework, the Court need only look to due process requirements to find jurisdiction lacking in this case.

Minimum contacts supporting personal jurisdiction can arise in two separate ways. First, minimum contacts can be found to exist under "specific" jurisdiction when a cause of action arises out of a defendant's purposeful contacts with the forum. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984). Where a cause of action does not arise out of the foreign defendant's purposeful contacts with the forum, however, due process requires that the defendant have engaged in "continuous and systemic contacts" in the forum to support the exercise of "general" jurisdiction over that defendant. *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 786 (5th Cir. 1990); *Helicopteros*, 466 U.S. at 415 n. 9. With respect to general jurisdiction, contacts of a more extensive quality and nature are required. *Asarco*, 912 F.2d at 786.

Defendants have no contacts whatsoever with Louisiana either related or unrelated to this lawsuit. Nor do Plaintiffs allege any such contacts. As a result, taken in turn, neither specific nor general jurisdiction is appropriate here.

**B.** **Defendants are not subject to specific jurisdiction in this Court because Plaintiffs' causes of action do not arise out of Defendants' contacts with Louisiana.**

In order to exercise specific jurisdiction over an out-of-state defendant, the defendant must have "purposefully directed" its activities at residents of the forum . . . and the litigation

must have resulted from alleged injuries that "arise out of or relate to" those activities. *Stuart*, 722 F.2d at 1190, citing *Burger King Corp. v. Rudzewicz*, 105 S. Ct. 2174, 2182 (1985).  The Omnibus Class Action Complaint makes no allegations whatsoever supporting jurisdiction over Defendants in Louisiana.  In fact, the only activities Plaintiffs cite that relate to Defendants are contacts to Florida—not Louisiana.

As set forth in the accompanying Declaration of Diana Ibarria, Defendants build residential homes within the State of Florida.  (Ibarria Declaration, ¶ 3.)  Plaintiffs have identified nine members of the alleged subclass against Defendant Standard Pacific of South Florida GP, Inc.  (Complaint, Schedule 3 (Dkt. 1-12) at subclass 381.)  All of the members of the subclass against Standard Pacific of South Florida GP, Inc. are identified by Plaintiffs as residing in Florida—not Louisiana.  The same is true for the members of the subclasses who are alleging claims against Defendants HWB Construction, Inc. and Standard Pacific of South Florida, a Florida General Partnership.  All members of those subclasses reside in Florida as well.  (Id. at subclasses 212 and 382).  Thus, all of the Plaintiffs purporting to bring claims against these Defendants reside in homes built by Defendants in Florida—not Louisiana.  This makes perfect sense, of course, given that Defendants do not build homes in Louisiana.

Plaintiffs have not, and cannot, establish that specific jurisdiction is appropriate against Defendants.  None of the homes at issue with respect to Defendants were built within the State of Louisiana.  Nor do any of the Plaintiffs asserting causes of action against Defendants reside in Louisiana.  Thus, the claims contained in the Omnibus Class Action Complaint clearly did not arise out of any specific contact between Defendants and Louisiana, and specific jurisdiction is therefore inappropriate.

**C.**   **Defendants are not subject to general jurisdiction because Defendants have not engaged in continuous and systemic contact with Louisiana.**

Likewise, Defendants do not have sufficient minimum contacts with Louisiana to subject them to general jurisdiction.  In order to comply with due process requirements, a corporation must have sufficient contacts with the forum state to subject it to personal jurisdiction. *Helicopteros*, 466 U.S. at 414.  Those contacts must be sufficiently "systemic and continuous" to support general jurisdiction. *Stuart*, 772 F.2d at 1191, citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1984).  "The continuous and systematic contacts test is a difficult one to meet, requiring extensive contracts between a Defendant and forum." *Olagues v. Kousharian*, 557 F.Supp 2d 731 (E.D. La. 2008).

Defendants are not incorporated in Louisiana and do not do business in Louisiana. (Ibarria Declaration, ¶¶ 3-4.)  They have no subsidiaries, employees, or officers within the State of Louisiana.  (Id. at ¶¶ 4-5.)  Nor have they contracted with any persons residing in Louisiana to act on their behalf with respect to marketing or promoting any of the homes built by Defendants. (Id. at ¶ 6.)  Defendants have no branch offices or comparable facilities in Louisiana.  (Id. at ¶ 7.) Likewise, Defendants have no telephone listings, mailing addresses, bank accounts, or tangible personal or real property in Louisiana.  (Id.)  Defendants do not direct any of their advertising specifically towards Louisiana residents, nor do they advertise in any publications that are directed specifically towards Louisiana residents. (Id. at ¶ 8.)  No meetings of Defendants' officers or employees have been held in Louisiana, and none of their officers or employees have attended business conferences or other similar functions on behalf of Defendants within the State of Louisiana.  (Id. at ¶ 9.)

The record therefore clearly indicates that Defendants have not established any contact—much less systemic and continuous contact—with Louisiana to subject them to jurisdiction here.

**D.    Subjecting Defendants to personal jurisdiction in Louisiana would offend traditional notions of fair play and substantial justice.**

Not only do Defendants have insufficient minimum contacts with Louisiana to subject them to suit here, doing so would violate "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940).   The criteria of fairness requires that the Court consider "among other things, the interest of the state in providing a forum for the suit, the relative conveniences and inconveniences to the parties, and the basic equities." *Stuart*, 772 F.2d at 1191 citing *Southwest Offset, Inc. v. Hudco Publishing Co.*, 622 F.2d 149, 152 (5th Cir. 1980).   "Nevertheless the fairness factors cannot themselves invest the court with jurisdiction over a nonresident when the minimum contacts analysis weighs against the exercise of jurisdiction." *Id.*

Once the Court determines that there are insufficient contacts between a defendant and the forum state to support the exercise of personal jurisdiction, as here, the Court need not consider the fairness requirement of the due process test because "the fairness prong cannot compensate or overcome the requirement of some minimum contacts with the forum state." *Stuart*, 772 F.2d at 1194 n. 7, quoting *Groden v. Ed Bowlin & Assocs., Inc.*, 733 F.2d 1149, 1150-51 (5th Cir. 1984).   Because Defendants have no contacts whatsoever within Louisiana, much less minimum contacts, the fairness prong is irrelevant to the due process analysis.

Even if Defendants had any contacts whatsoever within the State of Louisiana, however, it would be unfair to subject them to jurisdiction in Louisiana.   Although Louisiana may have an interest in this case as it pertains to other Defendants, it clearly does not have an interest as it pertains to these three Defendants.   Defendants have done nothing to subject themselves to jurisdiction here.   All of the homes at issue with respect to these Defendants are located in Florida.   Likewise, all of the subclass members who are allegedly asserting claims against

7

Defendants reside in the State of Florida.  It would be entirely inconvenient and unfair for Defendants to be forced to defend themselves in this distant forum.  The burden and expense of litigating this complex case in Louisiana, with the significant travel requirements in conjunction therewith, clearly outweigh any benefit in exercising jurisdiction.

## IV.   CONCLUSION

In the Omnibus Class Action Complaint, Plaintiffs failed to allege any grounds upon which this Court may exercise personal jurisdiction over Defendants.  The facts of this case and the Declaration of Diana Ibarria demonstrate that Defendants have not engaged in any activity which would subject them to personal jurisdiction in Louisiana.  For the foregoing reasons, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the Omnibus Class Action Complaint must be dismissed as to Defendants Standard Pacific of South Florida GP, Inc., HWB Construction, Inc. and Standard  Pacific of South Florida, a Florida General Partnership, based on the absence of personal jurisdiction.

Dated:  4/29/10

Respectfully submitted,

s/ Lara J. Tibbals
Lara J. Tibbals , Florida Bar No. 129054
J. Rocco Cafaro, Florida Bar No. 507121
Brian L. Josias, Florida Bar No. 893811
HILL, WARD & HENDERSON, PA
101 East Kennedy Boulevard, Suite 3700
Tampa, Florida  33602-2231
Tel: (813) 221-3900/Fax: (813) 221-2900

*Counsel for Defendants Standard Pacific of South Florida, GP, Inc., HWB Construction, Inc. and Standard Pacific of South Florida, a Florida General Partnership*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 29th day of April, 2010.

s/ Lara J. Tibbals
Attorney

1488785v1                                          9