UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| | SECTION: L |
| THIS DOCUMENT RELATES TO: | |
| | JUDGE FALLON |
| Sean and Beth Payton, et al. v. Knauff Gips, KG, et al. Case No. 2:09-cv-07628-EEF-JCW | MAG. JUDGE WILKINSON |

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS OMNIBUS CLASS ACTION
COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

Defendant Standard Pacific of Colorado, Inc. ("Standard Pacific"), by and through undersigned counsel, appearing solely for purposes of this Motion to Dismiss, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, respectfully moves this Court for an Order dismissing the Omnibus Class Action Complaint, with prejudice, for lack of personal jurisdiction on the grounds set forth in the following memorandum of law.

## I.   INTRODUCTION

This Court lacks personal jurisdiction over Standard Pacific under Louisiana's Long-Arm Statute and Constitutional due process requirements as Standard Pacific has insufficient contacts with Louisiana to make it subject to the jurisdiction of this Court. This action should therefore be dismissed with prejudice as to Standard Pacific.

Standard Pacific has its principal place of business in Colorado, where it is engaged in the business of building residential homes. Standard Pacific is not incorporated in Louisiana, nor is it qualified to do business in Louisiana. Standard Pacific, in fact, does not engage in business within the State of Louisiana. It has no subsidiaries, employees, offices or comparable facilities in Louisiana. Standard Pacific has never directed any advertising specifically towards customers

in Louisiana. Given Standard Pacific's lack of any contact whatsoever with Louisiana, imposing jurisdiction over it would violate Louisiana's Long-Arm Statute and Constitutional due process requirements.

## II. RELEVANT FACTUAL BACKGROUND

Plaintiffs filed their Omnibus Class Action Complaint on December 9, 2009 against hundreds of named Defendants, in the United States District Court for the Eastern District of Louisiana. Plaintiffs maintain that this action is properly brought in federal court pursuant to 28 U.S.C. § 1332(d)(2) and the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq*. Plaintiffs allege that certain of the Defendants designed, manufactured, imported, distributed, delivered, supplied, marketed, inspected, installed, or sold allegedly defective Chinese drywall. (Complaint, p. 1.)

Plaintiffs' Complaint correctly alleges that the principal place of business for Standard Pacific is located in Colorado. (Complaint, ¶ 2465.) Standard Pacific, indeed, only does business within the State of Colorado. Standard Pacific has never transacted business, been involved in any business activities, entered into contracts, owned real estate, conducted meetings, maintained a corporate presence, telephone number, tax identification number, employees or agents in Louisiana. (Moroney Declaration, ¶¶ 3-9.)[1]

Plaintiffs' Omnibus Class Action Complaint contains no allegations whatsoever to support jurisdiction within the State of Louisiana over Standard Pacific. No basis, in fact, exists to require Standard Pacific to defend this lawsuit in Louisiana. Because there is no basis to assert personal jurisdiction over Standard Pacific in this case, it must be dismissed.

---

[1] The declaration of John Patrick Moroney is being filed concurrently herewith and is cited herein as "Moroney Declaration." Mr. Moroney is the President of Standard Pacific of Colorado, Inc.

### III. LEGAL ARGUMENT

The burden is on the plaintiff to establish jurisdiction when challenged by the defendant. *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1138 (5th Cir. 1980), citing *Product Promotions v. Cousteau*, 495 F.2d 483 (5th Cir. 1974). In order to establish personal jurisdiction over a non-resident defendant, a plaintiff must prove both that the state's long-arm statute confers jurisdiction and that the exercise of jurisdiction does not violate federal due process requirements. *Id.*

**A.   Plaintiffs' claims must be dismissed under Louisiana's Long-Arm Statute and Applicable Federal Law.**

"In diversity actions . . . the law of the forum state, subject to the constitutional limits imposed by the Due Process Clause, controls the ability of a district court to exercise personal jurisdiction over nonresident defendants." *Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 396 (5th Cir. 2001) citing *Southmark Corp. v. Life Investors, Inc.*, 851 F.2d 763, 772 n.15 (5th Cir. 1988) and *Stuart v. Spademan*, 772 F. 2d 1185, 1189 (5th Cir. 1985). Louisiana's Long-Arm Statute, *La. R.S. 13:3201 (A) & (B)*, describes the circumstances under which a Louisiana court may exercise personal jurisdiction over a non-resident defendant such as Standard Pacific. The long-arm statute provides that a court "may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States." *La. R.S. 13:3201(B)*.

Thus, *La. R.S. 13:3201 (B)* insures that long-arm jurisdiction of a Louisiana court extends to the limits permitted by the due process clause of the Fourteenth Amendment. *Superior Supply Co. v. Associated Pipe & Supply Co.*, 515 So. 2d 790, 792 (La. 1987). In *Superior Supply*, the Court stated that under "the express terms of the present long-arm statute, the sole inquiry into jurisdiction into a nonresident is a one-step analysis of the constitutional due

process requirements. If the assertion of jurisdiction meets the constitutional requirements of due process, jurisdiction is authorized under the long-arm statute." *Id. Petroleum Helicopters, Inc. v. AVCO Corp.*, 513 So. 2d 1188, 1192 (La. 1987); *see also Puckett v. Advance Sports, Inc.*, No. 2009 CA 0507, 2009 WL 3430283 (La. App. 1 Cir. Oct. 26, 2009) at 4; *Thomas v. Kennedy*, 75 Fed. Appx. 281, 283 (5th Cir. 2003). Under this framework, the Court need only look to due process requirements to find jurisdiction lacking in this case.

Minimum contacts supporting personal jurisdiction can arise in two separate ways. First, minimum contacts can be found to exist under "specific" jurisdiction when a cause of action arises out of a defendant's purposeful contacts with the forum. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984). Where a cause of action does not arise out of the foreign defendant's purposeful contacts with the forum, however, due process requires that the defendant have engaged in "continuous and systemic contacts" in the forum to support the exercise of "general" jurisdiction over that defendant. *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 786 (5th Cir. 1990); *Helicopteros*, 466 U.S. at 415 n. 9. With respect to general jurisdiction, contacts of a more extensive quality and nature are required. *Asarco*, 912 F.2d at 786.

Standard Pacific has no contacts whatsoever with Louisiana either related or unrelated to this lawsuit. Nor do Plaintiffs allege any such contacts. As a result, taken in turn, neither specific nor general jurisdiction is appropriate here.

B. **Standard Pacific is not subject to specific jurisdiction in this Court because Plaintiffs' causes of action do not arise out of Standard Pacific's contacts with Louisiana.**

In order to exercise specific jurisdiction over an out-of-state defendant, the defendant must have "purposefully directed" its activities at residents of the forum . . . and the litigation

4

must have resulted from alleged injuries that "arise out of or relate to" those activities. *Stuart*, 722 F.2d at 1190, citing *Burger King Corp. v. Rudzewicz*, 105 S. Ct. 2174, 2182 (1985). The Omnibus Class Action Complaint makes no allegations whatsoever supporting jurisdiction over Standard Pacific in Louisiana. In fact, the only activities Plaintiffs cite that relate to Standard Pacific are contacts to Arizona, where the home at issue was allegedly built—not Louisiana.

As set forth in the accompanying Declaration of John Patrick Moroney, Standard Pacific builds residential homes within the State of Colorado. (Moroney Declaration, ¶ 3.) Plaintiffs have identified one member of the alleged subclass against Standard Pacific. (Complaint, Schedule 3 (Dkt. 1-12) at subclass 380.) The sole member of the subclass against Standard Pacific is identified by Plaintiffs as residing in Arizona—not Louisiana. Thus, the only Plaintiff purporting to bring a claim against Standard Pacific resides in Arizona—not Louisiana. Not only is jurisdiction lacking in this case, Standard Pacific has been improperly named as a Defendant. As stated above, contrary to Plaintiffs' allegations, Standard Pacific only builds homes in Colorado and, therefore, did not build the Arizona home.

Plaintiffs have not, and cannot, establish that specific jurisdiction is appropriate against Standard Pacific. The single home attributed to Standard Pacific was built within the State of Arizona—not Louisiana. Thus, the claims contained in the Omnibus Class Action Complaint clearly did not arise out of any specific contact between Standard Pacific and Louisiana, and specific jurisdiction is therefore inappropriate.

### C. Standard Pacific is not subject to general jurisdiction because Standard Pacific has not engaged in continuous and systemic contact with Louisiana.

Likewise, Standard Pacific does not have sufficient minimum contacts with Louisiana to subject it to general jurisdiction. In order to comply with due process requirements, a corporation must have sufficient contacts with the forum state to subject it to personal

jurisdiction. *Helicopteros*, 466 U.S. at 414. Those contacts must be sufficiently "systemic and continuous" to support general jurisdiction. *Stuart*, 772 F.2d at 1191, citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1984). "The continuous and systematic contacts test is a difficult one to meet, requiring extensive contracts between a Defendant and forum." *Olagues v. Kousharian*, 557 F.Supp 2d 731 (E.D. La. 2008).

Standard Pacific is not incorporated in Louisiana and does not do business in Louisiana. (Moroney Declaration, ¶¶ 3-4.) It has no subsidiaries, employees, or officers within the State of Louisiana. (Id. at ¶¶ 4-5.) Nor has it contracted with any persons residing in Louisiana to act on its behalf with respect to marketing or promoting any of the homes built by Standard Pacific. (Id. at ¶ 6.) Standard Pacific has no branch offices or comparable facilities in Louisiana. (Id. at ¶ 7.) Likewise, Standard Pacific has no telephone listings, mailing addresses, bank accounts, or tangible personal or real property in Louisiana. (Id.) Standard Pacific does not direct any of its advertising specifically towards Louisiana residents, nor does it advertise in any publications that are directed specifically towards Louisiana residents. (Id. at ¶ 8.) No meetings of Standard Pacific's officers or employees have been held in Louisiana, and none of its officers or employees have attended business conferences or other similar functions on behalf of Standard Pacific within the State of Louisiana. (Id. at ¶ 9.)

The record therefore clearly indicates that Standard Pacific has not established any contact—much less systemic and continuous contact—with Louisiana to subject it to jurisdiction here.

**D.     Subjecting Standard Pacific to personal jurisdiction in Louisiana would offend traditional notions of fair play and substantial justice.**

Not only does Standard Pacific have insufficient minimum contacts with Louisiana to subject it to suit here, doing so would violate "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940). The criteria of fairness requires that the Court consider "among other things, the interest of the state in providing a forum for the suit, the relative conveniences and inconveniences to the parties, and the basic equities." *Stuart*, 772 F.2d at 1191 citing *Southwest Offset, Inc. v. Hudco Publishing Co.*, 622 F.2d 149, 152 (5th Cir. 1980). "Nevertheless the fairness factors cannot themselves invest the court with jurisdiction over a nonresident when the minimum contacts analysis weighs against the exercise of jurisdiction." *Id.*

Once the Court determines that there are insufficient contacts between a defendant and the forum state to support the exercise of personal jurisdiction, as here, the Court need not consider the fairness requirement of the due process test because "the fairness prong cannot compensate or overcome the requirement of some minimum contacts with the forum state." *Stuart*, 772 F.2d at 1194 n. 7, quoting *Groden v. Ed Bowlin & Assocs., Inc.*, 733 F.2d 1149, 1150-51 (5th Cir. 1984). Because Standard Pacific has no contacts whatsoever within Louisiana, much less minimum contacts, the fairness prong is irrelevant to the due process analysis.

Even if Standard Pacific had any contacts whatsoever within the State of Louisiana, however, it would be unfair to subject it to jurisdiction in Louisiana. Although Louisiana may have an interest in this case as it pertains to other Defendants, it clearly does not have an interest as it pertains to Standard Pacific. Standard Pacific has done nothing to subject itself to jurisdiction here. The only home at issue with respect to Standard Pacific is located in

Arizona—not Louisiana—and was not even built by this Defendant. It would be entirely inconvenient and unfair for Standard Pacific to be forced to defend itself in this distant forum. The burden and expense of litigating this complex case in Louisiana, with the significant travel requirements in conjunction therewith, clearly outweigh any benefit in exercising jurisdiction.

### IV.  CONCLUSION

In the Omnibus Class Action Complaint, Plaintiffs failed to allege any grounds upon which this Court may exercise personal jurisdiction over Standard Pacific. The facts of this case and the Declaration of John Patrick Moroney demonstrate that Standard Pacific has not engaged in any activity which would subject it to personal jurisdiction in Louisiana. For the foregoing reasons, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the Omnibus Class Action Complaint must be dismissed as to Defendant Standard Pacific of Colorado, Inc. based on the absence of personal jurisdiction.

Dated: 4/29/10                                    Respectfully submitted,

s/ Lara J. Tibbals
Lara J. Tibbals , Florida Bar No. 129054
J. Rocco Cafaro, Florida Bar No. 507121
Brian L. Josias, Florida Bar No. 893811
HILL, WARD & HENDERSON, PA
101 East Kennedy Boulevard, Suite 3700
Tampa, Florida 33602-2231
Tel: (813) 221-3900/Fax: (813) 221-2900

*Counsel for Defendant Standard Pacific of Colorado, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 29th day of April, 2010.

s/ Lara J. Tibbals
Attorney