UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * CIVIL ACTION NO. 09-md-2047 * * |
| | * JUDGE: FALLON |
| This case relates to: | * * |
| No. 10-720, Timothy and Ashley Francis v. Colony Ins. Co., et al. | * MAGISTRATE: WILKINSON * * |

*******************************************

# ANSWER

Defendant, Colony Insurance Company ("Colony"), responds to the Petition for Damages of Timothy and Ashley Francis, as follows:

**AFFIRMATIVE AND OTHER DEFENSES**

FIRST DEFENSE

Plaintiffs' demand against Colony fails to state a claim upon which relief can be granted. Accordingly, the case against Colony should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

SECOND DEFENSE

Plaintiffs' claims against Colony are barred to the extent that Colony is unable to prove the existence of any policies of insurance issued by Colony which provide coverage for their alleged damages.

THIRD DEFENSE

Plaintiffs' claims against Colony are barred, in whole or in part, to the extent that they fall outside the scope of coverage provided by the policies issued by Colony.

1

## FOURTH DEFENSE

Plaintiffs' claims against Colony are barred, in whole or in part, by the terms, exclusions, conditions and/or limitations contained in the policies issued by Colony, all of which are incorporated herein by reference.

## FIFTH DEFENSE

Plaintiffs' demand against Colony fails to provide sufficient specificity in the allegations to permit a full response thereto and, consequently, Colony reserves its right to raise any and all defenses under any policies at issue at issue or applicable law until the precise nature of the claims are ascertained through discovery or amendment to the pleadings.

## SIXTH DEFENSE

Plaintiffs' claims against Colony are barred, in whole or in part, to the extent that Plaintiffs and/or Hal Collums Construction, L.L.C. ("Collums") failed to comply with all of the terms and conditions of the policies at issue or failed to perform any obligations required by said policies.

## SEVENTH DEFENSE

Plaintiffs' claims against Colony are barred, either in whole or in part, to the extent that any of the injuries or damages alleged in the underlying action occurred prior to the commencement of the coverage period, or after the expiration of the coverage period as provided in the policies at issue.

## EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by waiver and/or estoppel.

## NIINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by prescription and/or laches.

## TENTH DEFENSE

To the extent that Colony has any liability under the policies at issue, which is expressly denied, such liability is subject to the limitations of liability, aggregates, deductibles, self-insured retentions and/or retrospective premiums contained in the policies at issue.

## ELEVENTH DEFENSE

Plaintiffs' claims against Colony are barred, in whole or in part, to the extent that any of the injuries or damages alleged in the underlying action do not constitute "bodily injury" or "property damages" within the meaning of the policies at issue.

## TWELVETH DEFENSE

Plaintiffs' claims against Colony are barred in whole or in part, to the extent that any of the injuries or damages alleged in the underlying action were not caused by an "occurrence" within the meaning of the policies at issue.

## THIRTEENTH DEFENSE

Plaintiffs' claims against Colony are barred in whole or in part, to the extent that any insured knew of the injuries or damages alleged in the underlying action prior to the periods of the policies at issue.

## FOURTEENTH DEFENSE

Plaintiffs' claims against Colony are barred in whole or in part, to the extent that the injuries or damages alleged in the underlying action were expected or intended from

the standpoint of any insured, or arose from a non-fortuitous event.

### FIFTEENTH DEFENSE

Plaintiffs' claims against Colony are barred in whole or in part, to the extent that any insured negligently or intentionally concealed, misrepresented, or failed to disclose the nature of its operations or other facts material to the risks undertaken by Colony.

### SIXTEENTH DEFENSE

Plaintiffs' claims against Colony are barred in whole or in part, to the extent that the policies at issue, or any rights under the policies, have been assigned in contravention of the policies' terms and conditions.

### SEVENTEENTH DEFENSE

Plaintiffs' claims against Colony are barred in whole or in part, to the extent that any insured has compromised or paid any claims or assumed any obligations without first notifying Colony and obtaining Colony's consent.

### EIGHTEENTH DEFENSE

Plaintiffs' claims against Colony are barred in whole or in part, to the extent that Plaintiffs failed to mitigate, avoid, minimize or abate any damages allegedly sustained.

### NINETEENTH DEFENSE

Plaintiffs' claims against Colony are barred in whole or in part, to the extent that any insured had notice of the claims, conditions, events or damages alleged in the underlying action and failed to give timely notice and/or forward every demand, notice, summons or other process to Colony in accordance with the terms and conditions of the policies at issue.

## TWENTYITH DEFENSE

Plaintiffs' claims against Colony are barred in whole or in part, by the Expected Or Intended Injury exclusion in the policies at issue.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims against Colony are barred in whole or in part, by the Contractual Liability exclusion in the policies at issue.

## TWENTY-SECOND DEFENSE

Plaintiff's claims against Colony are barred in whole or in part, by the Damage to Property exclusion in the policies at issue.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims against Colony are barred in whole or in part, by the Damage to Your Product and/or the Damage to Your Work exclusions in the policies at issue.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims against Colony are barred in whole or in part, by the Damage to Impaired Property Or Property Not Physically Injured exclusion in the policies at issue.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claims against Colony are barred in whole or in part, by the Recall Of Products, Work Or Impaired Property exclusion in the policies at issue.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims against Colony are barred, in whole or in part, by the Contractual Liability Limitation in the policies at issue.

### TWENTY-SEVENTH DEFENSE

Plaintiffs' claims against Colony are barred, in whole or in part, by the Contractors Coverage Limitations in the policies at issue.

### TWENTY-EIGHTH DEFENSE

Plaintiffs' claims against Colony are barred in whole or in part, to the extent that Plaintiffs and/or Collums have other insurance applicable to the claims asserted.

### TWENTY-NINTH DEFENSE

Plaintiffs' claims against Colony are barred in whole or in part, to the extent that the injuries or damages alleged in the underlying action were caused by the negligence, strict liability, or fault of third parties for whom Collums is not liable.

### THIRTYITH DEFENSE

Plaintiffs' claims against Colony are barred in whole or in part, to the extent that the injuries or damages alleged in the underlying action were not proximately caused by Collums.

### THIRTY-FIRST DEFENSE

Any fault on the part of Collums for the injuries or damages alleged in the underlying action, which is expressly denied, was superseded by the fault of other parties, including Plaintiffs, and/or third parties for whom Collums is not liable.

### THIRTY-SECOND DEFENSE

Plaintiffs' claims against Colony are barred in whole or in part, to the extent that Plaintiffs assumed the risk of the injuries and damages claimed.

6

## THIRTY-THIRD DEFENSE

Plaintiffs' claims against Colony are barred, in whole or in part, to the extent that Plaintiffs in the underlying action assumed the risk of the injuries and damages claimed.

Colony reserves the right to amend this answer to assert additional defenses or any other applicable terms, provisions, exclusions, limitations, or conditions of the policies at issue that become apparent during Colony's ongoing investigation and discovery. Colony has in good faith attempted to list all of the special or affirmative defenses that it may have with respect to insurance coverage under its policies, or at law for Plaintiffs' claims.

## ANSWER

And now, responding to the specific allegations of the Petition for Damages, Colony further states:

### I.

The allegations in Paragraph 1 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, except to admit that Colony is a Virginia corporation authorized to do and doing business in the State of Louisiana, which did issue a policy (and/or policies) to Collums.

### II.

The allegations in Paragraph 2 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, except to the extent that the allegations constitute legal conclusions, which legal conclusions are denied.

7

**III.**

The allegations in Paragraph 3 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, except to the extent that the allegations constitute legal conclusions, which legal conclusions are denied.

**IV.**

The allegations in Paragraph 4 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, except to the extent that the allegations constitute legal conclusions, which legal conclusions are denied.

**V.**

The allegations of Paragraph 5 of the Petition for Damages are denied, except to admit that Colony issued commercial general liability policies to Collums, which policies are subject to the terms, conditions, limitations, and exclusions therein, all of which are incorporated herein by reference. Any allegations which tend to expand, modify, vary, alter, or characterize the terms of the policies are expressly denied. To the extent the allegations constitute legal conclusions; those legal conclusions are also denied.

**VI.**

The allegations in Paragraph 6 of the Petition for Damages do not appear to be directed toward Colony, and require no response from Colony. In an abundance of caution, however, Colony denies the allegations for lack of sufficient information to justify a belief therein. Further, to the extent that the allegations refer to written documents, Colony avers that the documents are the best evidence of their contents. Any allegations which tend to expand, modify, vary, alter or characterize the contents of those

documents are expressly denied.

### VII.

The allegations in Paragraph 7 of the Petition for Damages do not appear to be directed toward Colony, and require no response from Colony. In an abundance of caution, however, Colony denies the allegations for lack of sufficient information to justify a belief therein. Further, to the extent that the allegations refer to written documents, Colony avers that the documents are the best evidence of their contents. Any allegations which tend to expand, modify, vary, alter or characterize the contents of those documents are expressly denied.

### VIII.

The allegations in Paragraph 8 of the Petition for Damages do not appear to be directed toward Colony, and require no response from Colony. In an abundance of caution, however, Colony denies the allegations for lack of sufficient information to justify a belief therein. Further, to the extent that the allegations refer to written documents, Colony avers that the documents are the best evidence of their contents. Any allegations which tend to expand, modify, vary, alter or characterize the contents of those documents are expressly denied.

### IX.

The allegations of Paragraph 9 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, except to admit that Colony issued commercial general liability policies to Collums, which policies are subject to the terms, conditions, limitations, and exclusions therein, all of which are incorporated herein by

reference. Any allegations which tend to expand, modify, vary, alter, or characterize the terms of the policies are expressly denied. To the extent the allegations constitute legal conclusions; those legal conclusions are also denied.

## X.

The allegations of Paragraph 10 of the Petition for Damages are denied, except to admit that Colony issued commercial general liability policies to Collums, which policies are subject to the terms, conditions, limitations, and exclusions therein, all of which are incorporated herein by reference. Any allegations which tend to expand, modify, vary, alter, or characterize the terms of the policies are expressly denied. To the extent the allegations constitute legal conclusions; those legal conclusions are also denied.

## XI.

The allegations of Paragraph 11 of the Petition for Damages are denied, except to admit that Colony issued commercial general liability policies to Collums, which policies are subject to the terms, conditions, limitations, and exclusions therein, all of which are incorporated herein by reference. Any allegations which tend to expand, modify, vary, alter, or characterize the terms of the policies are expressly denied. To the extent the allegations constitute legal conclusions; those legal conclusions are also denied.

## XII.

The allegations of Paragraph 12 of the Petition for Damages are denied, except to admit that Colony issued commercial general liability policies to Collums, which policies are subject to the terms, conditions, limitations, and exclusions therein, all of which are incorporated herein by reference. Any allegations which tend to expand, modify, vary,

alter, or characterize the terms of the policies are expressly denied. To the extent the allegations constitute legal conclusions; those legal conclusions are also denied. Further, to the extent that the allegations refer to written documents, Colony avers that the documents are the best evidence of their contents. Any allegations which tend to expand, modify, vary, alter or characterize the contents of those documents are expressly denied.

## XIII.

The allegations of Paragraph 13 of the Petition for Damages are denied, except to admit that Colony issued commercial general liability policies to Collums, which policies are subject to the terms, conditions, limitations, and exclusions therein, all of which are incorporated herein by reference. Any allegations which tend to expand, modify, vary, alter, or characterize the terms of the policies are expressly denied. To the extent the allegations constitute legal conclusions; those legal conclusions are also denied. Further, to the extent that the allegations refer to other written documents, Colony avers that the documents are the best evidence of their contents. Any allegations which tend to expand, modify, vary, alter or characterize the contents of those documents are expressly denied.

## XIV.

The allegations in Paragraph 14 of the Petition for Damages do not appear to be directed toward Colony, and require no response from Colony. In an abundance of caution, however, Colony denies the allegations for lack of sufficient information to justify a belief therein. Further, to the extent that the allegations refer to written documents, Colony avers that the documents are the best evidence of their contents. Any allegations which tend to expand, modify, vary, alter or characterize the contents of those

documents are expressly denied.

**XV.**

The majority of the allegations in Paragraph 15 of the Petition for Damages do not appear to be directed toward Colony, and require no response from Colony. In an abundance of caution, however, Colony denies these allegations for lack of sufficient information to justify a belief therein. Further, to the extent that the allegations refer to written documents, Colony avers that the documents are the best evidence of their contents. Any allegations which tend to expand, modify, vary, alter or characterize the contents of those documents are expressly denied. Colony admits that it did receive notice of Plaintiffs' claim.

**XVI.**

Colony admits that it did send Plaintiffs a letter date July 30, 2009 as alleged in Paragraph 16 of the Petition for Damages. To the extent that the allegations refer to written documents, Colony avers that the documents are the best evidence of their contents. Any allegations which tend to expand, modify, vary, alter or characterize the contents of those documents are expressly denied.

**XVII.**

Colony admits that Plaintiffs did send Colony a letter dated September 11, 2009 as alleged in Paragraph 17 of the Petition for Damages To the extent that the allegations refer to written documents, Colony avers that the documents are the best evidence of their contents. Any allegations which tend to expand, modify, vary, alter or characterize the contents of those documents are expressly denied.

### XVIII.

The allegations of Paragraph 18 of the Petition for Damages are denied, except to admit that Colony issued commercial general liability policies to Collums, which policies are subject to the terms, conditions, limitations, and exclusions therein, all of which are incorporated herein by reference. Any allegations which tend to expand, modify, vary, alter, or characterize the terms of the policies are expressly denied. To the extent the allegations constitute legal conclusions; those legal conclusions are also denied.

### IXX.

The allegations in Paragraph 19 of the Petition for Damages do not appear to be directed toward Colony, and require no response from Colony. In an abundance of caution, however, Colony denies the allegations for lack of sufficient information to justify a belief therein.

### XX.

The allegations in Paragraph 20 of the Petition for Damages do not appear to be directed toward Colony, and require no response from Colony. In an abundance of caution, however, Colony denies the allegations for lack of sufficient information to justify a belief therein.

### XXI.

The allegations in Paragraph 21 of the Petition for Damages do not appear to be directed toward Colony, and require no response from Colony. In an abundance of caution, however, Colony denies the allegations for lack of sufficient information to justify a belief therein.

## XXII.

The allegations in Paragraph 22 of the Petition for Damages do not appear to be directed toward Colony, and require no response from Colony. In an abundance of caution, however, Colony denies the allegations for lack of sufficient information to justify a belief therein.

## XXIII.

The allegations in Paragraph 23 of the Petition for Damages do not appear to be directed toward Colony, and require no response from Colony. In an abundance of caution, however, Colony denies the allegations for lack of sufficient information to justify a belief therein.

## XXIV.

The allegations in Paragraph 24 of the Petition for Damages do not appear to be directed toward Colony, and require no response from Colony. In an abundance of caution, however, Colony denies the allegations for lack of sufficient information to justify a belief therein.

## XXV.

The allegations of Paragraph 25 of the Petition for Damages are denied, except to admit that Colony issued commercial general liability policies to Collums, which policies are subject to the terms, conditions, limitations, and exclusions therein, all of which are incorporated herein by reference. Any allegations which tend to expand, modify, vary, alter, or characterize the terms of the policies are expressly denied. To the extent the allegations constitute legal conclusions, those legal conclusions are also denied.

## XXVI.

The allegations in Paragraph 26 of the Petition for Damages do not appear to be directed toward Colony, and require no response from Colony. In an abundance of caution, however, Colony denies the allegations for lack of sufficient information to justify a belief therein. Further, to the extent that the allegations refer to written documents, Colony avers that the documents are the best evidence of their contents. Any allegations which tend to expand, modify, vary, alter or characterize the contents of those documents are expressly denied.

## XXVII.

The allegations in Paragraph 27 of the Petition for Damages do not appear to be directed toward Colony, and require no response from Colony. In an abundance of caution, however, Colony denies the allegations for lack of sufficient information to justify a belief therein. Further, to the extent that the allegations refer to written documents, Colony avers that the documents are the best evidence of their contents. Any allegations which tend to expand, modify, vary, alter or characterize the contents of those documents are expressly denied.

## XXVIII.

To the extent the allegations in Paragraph 28 of the Petition for Damages are directed toward Colony, those allegations are denied. To the extent the allegations in Paragraph 28 of the Petition for Damages do not appear to be directed toward Colony, and require no response from Colony, in an abundance of caution, Colony denies those allegations for lack of sufficient information to justify a belief therein. To the extent the

allegations constitute legal conclusions; those legal conclusions are denied.

### IXXX.

The allegations of Paragraph 29 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein. To the extent the allegations constitute legal conclusions; those legal conclusions are also denied.

**WHEREFORE**, Defendant, Colony Insurance Company, prays this Answer be deemed good and sufficient after all legal delays and due proceedings had, there be judgment rendered herein against Plaintiffs, dismissing Plaintiffs' suit at their cost.

Respectfully submitted,

/s/ Rodney J. Lacoste, Jr.
_____
RODNEY J. LACOSTE, JR., #19659
rlacoste@perrierlacoste.com
PERRIER & LACOSTE, LLC
365 Canal Street, Suite 2550
New Orleans, Louisiana 70130
Tel: (504) 212-8820
Fax: (504) 212-8825
*Attorneys for Colony Insurance Company*

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this 30th day of April, 2010, at their last known address of record.

/s/ Rodney J. Lacoste, Jr.
_____
RODNEY J. LACOSTE, JR.