UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO.: 2:09-MD-02047 |
| **This document relates to:** | JUDGE FALLON |
| NORTHSTAR HOLDINGS, INC., *et al.* | |
| v. | MAG: WILKINSON |
| GENERAL FIDELITY INSURANCE COMPANY, *et al.* **(2:10-cv-00384)** (E.D. La.) | |

**MID-CONTINENT CASUALTY COMPANY'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, MOTION TO TRANSFER VENUE**

Defendant, Mid-Continent Casualty Company ("MCC"), moves to dismiss Northstar Holdings, Inc., Northstar Homes, Inc., and Northstar Holdings at B & A, LLC's (collectively "Northstar") Complaint based upon lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2), for improper venue pursuant to 12(b)(3), for failure to join necessary indispensable parties pursuant to 12(b)(7) or, alternatively, to transfer venue to the Southern District of Florida pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1406(a). The grounds for MCC's motion are set forth in the following memorandum of law.

1

## INTRODUCTION AND BACKGROUND

This is an insurance coverage dispute involving homes and residential structures that were constructed in Florida (the "Projects"). On February 12, 2010, Northstar filed this lawsuit for declaratory judgment and breach of contract against MCC and other insurers with respect to alleged losses arising from defective drywall in Florida homes which was allegedly supplied and/or installed by MCC's inured, Precision Drywall, Inc. ("Precision").

Northstar is a developer that sells homes to prospective buyers/homeowners. The Projects were primarily built between 2005 and 2007. After the homes and communities were completed and/or put to their intended use, Northstar began to receive complaints from homeowners regarding Chinese drywall. The homeowners alleged claims include increased rates of corrosion of soft metal materials throughout the houses to air conditioning coils, refrigerator tubing, electrical wires, television connections, tarnishing of silver and soft metal within the homes, and bodily injury from the drywall.

The complaint, however, does not allege any nexus between Louisiana and this insurance coverage dispute. For example, the complaint alleges that each plaintiff is a Florida resident. (Complaint at ¶¶ 1-4). Northstar alleges that the Projects are located in Palm Beach County, Florida. (Complaint at ¶ 13). Northstar further alleges that the Florida homeowners have suffered bodily injury, property damage or both due to allegedly defective drywall. (Complaint at ¶¶ 13-15). There are no allegations that Northstar built or sold even one home in Louisiana, or that any homeowner suffered any injury in Louisiana. There are no allegations that MCC or any other defendant is a Louisiana corporation or maintains its principal place of business in Louisiana. (Complaint at ¶¶ 5-9). While the complaint alleges that MCC is authorized to conduct business in Louisiana and has issued policies in the state, (Complaint at ¶ 5), Northstar, does not allege that MCC sold any insurance policy to Northstar or Precision in Louisiana.

Despite the absence of any connection between Louisiana and this insurance coverage dispute, the complaint alleges that the Eastern District of Louisiana is the proper venue for this action. Specifically, Northstar alleges that venue is appropriate under 28 U.S.C. § 1391(a)(3) because "the Defendants are subject to personal jurisdiction in this judicial district." (Complaint at ¶ 11). Northstar also claims that venue is otherwise appropriate in this district under 28 U.S.C. § 1407. *Id.* For the reasons discussed below Northstar is wrong.

## ARGUMENT

### I. This Action Must be Dismissed Because This Court Lacks Personal Jurisdiction Over MCC.

When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish that in personam jurisdiction exists. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994), *cert. denied*, 513 U.S. 930 (1994); *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993); *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985); *Kelvin Services, Inc. v. Lexington State Bank*, 46 F.3d 13, 14 (5th Cir. 1995). To resolve a jurisdictional issue, a court may review pleadings, affidavits, interrogatories, depositions, oral testimony, exhibits and any part of the record. *Command-Aire Corp. v. Ontario Mech. Sales & Serv., Inc.*, 963 F.2d 90, 95 (5th Cir. 1992). The allegations of the complaint are taken as true except to the extent that they are contradicted by defendant's affidavits. *Wyatt v. Kaplan*, 686 F.2d 276, 282-83 n. 13 (5th Cir. 1982) (*citing Black v. Acme Markets, Inc.*, 564 F.2d 681, 683 n. 3 (5th Cir. 1977)).

In diversity matter, a federal court has jurisdiction over a nonresident defendant if the state long-arm statute confers personal jurisdiction over that defendant, and if the exercise of jurisdiction is consistent with due process under the United States Constitution. *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 418 (5th Cir. 1993) (*citing International Shoe*

*Co. v. Washington*, 326 U.S. 310, 316 (1945)); *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002); *Mink v. AAAA Development, L.L.C.*, 190 F.3d 333, 335 (5th Cir. 1999); and *Irving v. Owens-Corning Fiberglass Corp.*, 864 F.2d 383, 385 (5th Cir. 1989). To determine whether the exercise of jurisdiction is appropriate, the Supreme Court has focused less on presence in the forum state as a means to establish jurisdiction and looked increasingly to whether a defendant's contacts with the forum state make it reasonable to require the defendant to defend the particular suit in that forum. *Quill Corp. v. North Dakota*, 504 U.S. 298, 307 (1992); and *Dickson Marine, Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999) ("[T]he Due Process Clause 'gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.'").

Under Louisiana's long-arm statute:

> A.  *A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from one of the following activities performed by the nonresident:*
>
> (1) *Transacting any business in this state;*
> (2) *Contracting to supply services or things in this state;*
> (3) *Causing injury or damage by an offense or quasi offense committed through and act or omission in this state;*
> (4) *Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.*

*La. R.S. 13:3201(A)*. Subparagraphs (3) and (4) do not apply because Northstar has not alleged any injury or damage occurring in Louisiana. Likewise, there is no allegation that MCC ever supplied construction services or drywall in Louisiana. All MCC did was insure Precision, a

Florida subcontractor who purportedly entered into contract with Northstar to install drywall in residential structures in Florida.

The sole basis for jurisdiction appears to be subparagraph (1)'s "transacting business" provision. Louisiana's long-arm statute allows jurisdiction over a nonresident to the fullest limits permitted under the Due Process Clause of the Fourteenth Amendment consistent with "the Constitution of this state and the Constitution of the United States." *La. R.S. 13:3201*(B); *Ruppert v. Geo. Kellett & Sons*, 996 So. 2d 501, 505 (La. App. 5th Cir 2008) (*citing Superior Supply Co. v. Assoc. Pipe and Supply Co.*, 515 So. 2d 790, 792 (La. 1987)); *Tsaoussidis v. State Farm Mutual Auto. Ins. Co.*, 2009 WL 3448133 (5th Cir. 2009). As such, "under the express terms of the present long-arm statute, the sole inquiry into jurisdiction is a one-step analysis of the constitutional due process requirements." *Ruppert*, 996 So. 2d at 505-06; *See also Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1361 (5th Cir. 1990) ("the exercise of jurisdiction [over a non-resident defendant] … must comport with norms imposed by the due process clause of the fourteenth amendment.").

Northstar cannot establish personal jurisdiction under La. R.S. 13:3201 where, as here, the cause of action does not relate to MCC's purposeful conduct in Louisiana. MCC is an Ohio corporation with its principal place of business in Oklahoma. (Michael Coon Aff. ¶ 3, attached as Exhibit "A"). MCC does not have any insurance agents in Louisiana to write insurance business on its behalf in Louisiana. (Coon Aff. ¶¶ 5-6). MCC does not issue or deliver any commercial general liability policies for construction in Louisiana. (Coon Aff. ¶ *Id.*). MCC does not have any employees or maintains an office in Louisiana. (Coon Aff. ¶ 4). The MCC policies under which Northstar claims coverage were all issued by MCC to a Florida corporations and insured only construction by Precision in Florida. And, the MCC policies specifically exclude coverage

for insureds who perform construction work in Louisiana. (Coon Aff. ¶ 7). The Louisiana long-arm statute is not invoked as jurisdiction over MCC in Louisiana offends the traditional notions of fair play and substantial justice.

The determination of whether a nonresident defendant has sufficient minimum contacts with the forum state to subject it to personal jurisdiction depends upon whether the nonresident has "purposefully availed" itself of the privilege of conducting business in the forum state…" *Hogue*, 2009 WL 2525751 at 4 (*citing Wilton Jones v. Touche Ross & Co.*, 556 So. 2d 67 (La. App. 4th Cir. 1989) (*quoting Hansen v Denckla*, 357 U.S. 235 (1958)); *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 631 (11th Cir. 1996). The requirement of "purposeful availment" ensures that the nonresident defendant will not be haled into a jurisdiction "solely as a result of a random, fortuitous or attenuated contact, or by the unilateral activity of another party or a third person." *Asahi Metal Industry Co., Ltd.*, 480 U.S. at 102; *Burger King Corp.*, at 475.

The factors of whether the assertion of personal jurisdiction comports with "traditional notions of fair play and substantial justice" are 1) the burden on the defendant in defending the lawsuit; 2) the forum state's interest in adjudicating the dispute; 3) the plaintiff's interest in obtaining convenient and effective relief; 4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and, 5) the shared interest of the states in furthering fundamental substantive social policies. *Asahi Metal Industry Co., Ltd.*, at 113; *Cronin v. Washington Nat'l Ins. Co.*, 980 F.2d 663, 671 (11th Cir. 1993) (citing *Int'l Shoe Co.*, 326 U.S. at 316. As the Court noted in *Sasnett v. Iowa State Traveling Men's Ass'n*, 90 F.2d 514 (8th Cir. 1937):

> The cases appear to hold that merely casual acts do not constitute "doing business"; that there must be some continuity in the employment of an alleged agent, or at least that the employment existed at the time of the alleged service; that the mere insuring of residents of a foreign state, the contract of insurance being made and being carried out in the home state of the association, does not constitute "doing business" in the state of the insured.

These factors do not favor personal jurisdiction in Louisiana. As set forth in Michael Coon's Affidavit, MCC's transactions in Louisiana are not sufficient to subject it to personal jurisdiction in Louisiana. In the past four (4) years, MCC's total premium generated in Louisiana, as compared to MCC's total premium revenue were .39% (2006), .28% (2007), .45% (2008), and .72% (2009). MCC did not sell any insurance for construction related work to developers, general contractors, or subcontractors. (Coon Aff. ¶¶ 8-10). In fact MCC has taken steps not to conduct business in the area of construction insurance in Louisiana. All of the policies issued to Precision contain a designated work exclusion which expressly designates Louisiana as a state where coverage is precluded for construction projects of any kind. A copy of this endorsement is attached as Exhibit "B." In addition, MCC has no employees or agents in the State of Louisiana that sell insurance products. As such, its transactions in Louisiana are not sufficient to invoke jurisdiction over it. *See e.g. Bearry v. Beech Aircraft Corp.*, 818 F.2d 370 (5th Cir. 1987) (no personal jurisdiction where nonresident defendant had no employees in forum state even though Beach sold $250 million of goods in the forum state through contracts entered into and executed in other states and purchased $195 million of products from Texas companies); *LeBlanc v. Patton-Tully Transportation LLC*, 138 F.Supp.2d 817, 819 (S.D.Tex. 2001) (court concluded that exercise of jurisdiction in Texas offended traditional notions of fair play even though defendant derived 13% of its revenue in Texas where accident involved a Louisiana resident and the cause of action arose in Mississippi.); *Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1362 (5th Cir. 1990) (holding that general jurisdiction did not exist even though 12.9% of the company's

7

charter boat revenues were generated in Louisiana, the defendant engaged in advertising which reached Louisiana, and purchased vessels in Louisiana); *L.H. Carbide Corp. v. Piece Maker Co.*, 852 F.Supp. 1425, 1435 (N.D. Ind. 1994) (no jurisdiction even though Piece Maker derived revenue from sales in Indiana over a five year period of between .5 and 8% based upon sales activities in that state); *Helicopteros, supra,* 466 U.S. at 411, 417-18 (holding that the non-resident defendant's purchase of 80% of its helicopter fleet, as well as spare parts and accessories for the aircraft, at a cost of several million dollars over a seven-year period was not sufficient to support the exercise of general jurisdiction where that activity was not related to the cause of action sued upon); *Glater v. Eli Lilly & Co.*, 744 F.2d 213, 215, 217 (1st Cir. 1984) (defendant corporation's general business contacts did not satisfy the constitutional standard for general jurisdiction where it advertised its pharmaceutical products in trade journals reaching the forum state and employed eight sales representatives, three of whom resided in New Hampshire to service physicians, pharmacies, and hospitals within the state); *Congoleum Corp. v. DLW Aktiengesellschaft,* 729 F.2d 1240, 1242 (9th Cir. 1984) ("[N]o court has ever held that the maintenance of even a substantial sales force within the state is a sufficient contact to assert jurisdiction in an unrelated cause of action"); *Access Telecom, Inc. v. MCI Telecom. Corp.,* 197 F.3d 694, 717-718 (5th Cir. 1999) (finding no general jurisdiction even though defendant's "revenues derived from Texas residents totaled millions of dollars a month"); *Smirch v. Allied Shipyard, Inc.*, 164 F. Supp.2d 903, 910-11 (S.D. Tex. 2001) (no jurisdiction where defendant corporation had 50 customers in Texas, regularly solicited and collected millions of dollars from those customers in Texas and previously been sued or defended lawsuits in Texas).

Litigating this case in Louisiana would not further any fundamental substantive social policies, or help to resolve the issues in a convenient and effective way. None of the factors

favor personal jurisdiction in Louisiana. First, MCC will incur a financial burden to defend this suit in Louisiana about a Florida matter. Second, this Court cannot have an interest in adjudicating Northstar's claims, as the cause of action occurred in Florida and Northstar is a Florida citizen. Third, since there is no connection between this insurance coverage dispute and Louisiana, litigating this claim in Louisiana would only create inconvenience and additional cost to the parties. Fourth, the most efficient resolution of this case cannot be in Louisiana, because jurisdiction is lacking as to MCC and MCC's subcontractor, Precision, under whose policy Northstar claims it is an additional insured. Lastly, since none of the homeowners impacted by defective drywall installed by Northstar or its subcontractors reside in Louisiana, having this Court deciding coverage for Florida corporations and Florida citizens does not further any social policy. There simply is no basis to bring MCC into a Louisiana court to interpret Florida policies with relation to construction in Florida. That outcome would offend "traditional notions of fair play and substantial justice."

## II. This Action Should Be Transferred To The Southern District Of Florida.

Venue is not proper in the Eastern District of Louisiana, and the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3), 28 U.S.C § 1391(a), and 28 U.S.C § 1406(a). Alternatively, this action should be transferred to the Southern District of Florida pursuant to 28 U.S.C. § 1406(a).

### A. Venue Is Not Proper Under § 1391(A) And The Complaint Should Be Dismissed

The Eastern District of Louisiana is not the proper venue for this diversity action because none of the conditions set forth in 28 U.S.C. § 1391(a) is satisfied. Section § 1391(a) provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, *if there is no district in which the action may otherwise be brought.* (emphasis added)

The burden is on plaintiff to demonstrate that this district is the proper venue under the statute. *See Smith v. Fortenberry*, 903 F. Supp. 1018, 1019-1020 (E.D. La. 1995). "The general rule is that venue must be established for each separate cause of action and for each defendant." *Burkitt v. Flawless Records, Inc.*, No. 03-2483, 2005 WL 2060987 (E.D. La. June 13, 2005).

The complaint alleges that venue is proper under 28 U.S.C. § 1391(a)(3). (Compl. ¶ 11). As discussed below, none of the three bases for venue under 28 U.S.C. § 1391(a) are satisfied, and the complaint should be dismissed.

1. **None Of The Defendants Reside In Louisiana**

Under § 1391(a)(1), a diversity action may be brought in "a judicial district where any defendant resides, if all defendants reside in the same State." For the purposes of venue under the statute, a corporation is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). As stated above, this Court lacks personal jurisdiction over MCC. Accordingly, venue is not proper venue under § 1391(a)(1). *See Francis v. E-Z Bus, Inc.*, No. 05-6905, 2006 WL 901761 at 3 (E.D. La. Apr. 7, 2006) (venue is improper under § 1391(a)(1) where one defendant did not reside in the state); *Joseph v. Emmons*, No. 04-2843, 2005 WL 757358 at 5 (E.D. La. Mar. 22, 2005) (same).

2. **A Substantial Part Of The Events Or Omissions Giving Rise To The Claim Did Not Occur In Louisiana**

Alternatively, venue is proper under § 1391(a)(2) in a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part

of property that is the subject of the action is situated." Under this provision, a court evaluates whether any events giving rise to the litigation occurred in the district. *Factory Girl, LLC v. Wiersma*, No. 06-2159, 2006 WL 1984649 at 4 (E.D. La. July 12, 2006). In the context of insurance contracts, the insured's principal place of business, the place the policy was negotiated and delivered, the place from which the insurance premiums were paid, and location of the underlying claim are factors a court should consider in making a proper venue determination. *Starnet Ins. Co. v. Fueltrac, Inc.*, No. 08-1644, 2009 WL 1210508 at 2 (W.D. La. May 1, 2009); *PIC Group, Inc. v. Landcoast Insulation, Inc.*, No. 09-461, 2009 WL 2912780 at 3-4 (W.D. La. Sept. 8, 2009) (venue was improper under § 1391(a)(2) where the insurance policy was issued in Louisiana but the accident for which coverage was sought occurred outside Louisiana); *Orleans Limousines & Transp. v. Hurd Ins. Agency*, No. 02-2742, 2003 WL 1193681 at 5-6 (E.D. La. Mar. 13, 2003) (venue was improper under § 1391(a)(2) where contract claims had no connection with Louisiana).

Section 1391(a)(2) does not apply based on the allegations in the complaint. Northstar does not allege (nor can it) that MCC's named insured's principal places of business is in Louisiana, that the insurance policies were negotiated and/or delivered in Louisiana, or the insurance premiums were paid in Louisiana. (Coon Aff. at ¶ 7). Northstar does not allege the underlying claims upon which the action are founded occurred in Louisiana. Rather, Northstar alleges that individuals have made claims for property damage and/or personal injury "occurring as a result of the use of Chinese drywall in homes that one or more of the Northstar entities sold to homeowners [] in Palm Beach County, Florida." (Complaint ¶ 13). There are no allegations that any policy was issued to Northstar or Precision in Louisiana. Moreover, there are no allegations that Northstar or Precision are located in Louisiana, or that Northstar or Precision

14475955v1 909729 56475

conducted any activities in Louisiana related to the Florida houses at issue. There are no allegations that Northstar or MCC has dealt with any underlying claim or a request for coverage in Louisiana.[1] In sum, there are no allegations that any event giving rise to Northstar's claim for coverage occurred in Louisiana. For these reasons a substantial part of the events or omissions giving rise to this coverage dispute did not occur in Louisiana, and thus, venue is not proper under § 1391(a)(2).

      3.      **Not All Defendants Are Subject To Personal Jurisdiction In The Eastern District Of Louisiana And This Action Could Have Been Brought In Another District**

Finally, 28 U.S.C. § 1391(a)(3) provides that venue is proper in a "judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, *if there is no district in which the action may otherwise be brought*." (emphasis added)  Notably, Northstar cites this section as the sole basis for venue in this district. The section "operates only in the instance that there is no district in which the action may otherwise be brought." *Waldron v. Freightliner Corp.*, No. 96-2530, 1996 WL 737005 at 9 (E.D. La. Dec. 19, 1996). *See also Smith*, 903 F.Supp. at 1021; *Hogue v. State Farm Fire & Cas. Co.*, No. 08-5000, 2009 WL 2525751 at 21-22  (E.D. La. Aug. 13, 2009); *Labranche v. Embassy Suites, Inc.*, No. 97-3721, 1999 WL 58841 at 4 (E.D. La. Feb. 3, 1999); *Norton Packaging Inc. v. Industrial Packaging Corp.*, No. 95-1179, 1995 WL 505487 at 4-5 (E.D. La. Aug. 23, 1995).

Here, venue is proper in the Southern District of Florida. The court need look no further than the complaint which alleges that Northstar built the homes in Palm Beach County, Florida.

---

[1]     The only reference by Northstar in the complaint pertaining to Louisiana is that some of the underlying tort claims are currently pending in the MDL, (Complaint ¶ 15), and that "at least 10" coverage actions are pending before this Court. (Complaint footnote 1, p. 4). Northstar does not reference, however, that the tort actions in the MDL are not coverage related and are different than this, and other actions, pending before this Court. Also, most, if not all, of the "10 actions" pending before Judge Fallon, have been challenged on similar grounds, or involve first-property claims involving Louisiana homeowners. *See* e.g. R.D. Nos. 1321, 1326, 1333, 1335, 1336, 1342, 1483, 2282, 2284, and 2474.

In addition, unlike the Eastern District of Louisiana, MCC's insured is subject to personal jurisdiction in Florida since Precision is a Florida corporation with its principal places of business in Florida. (Coon Aff. ¶ 7). Finally, Northstar, Precision, and MCC are already involved in a lawsuit in the Southern District of Florida. A copy of the Complaint is attached as Exhibit "C." Because there is another district in which this action may have been brought, venue is not proper under Section 1391(a)(3).

B.      **Venue Is Not Proper Under 28 U.S.C. § 1407**

Plaintiff further asserts that venue is proper under 28 U.S.C. § 1407 (Complaint ¶ 11). The statute provides a basis for this district as a proper venue for this action. On its face, §1407 does not apply. This statute provides that "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). The statute cannot be used to establish that a venue is proper where a party brings an action in the wrong venue in the first instance, as Northstar did here.

C.      **In The Alternative To Dismissing The Complaint, This Action Should Be Transferred To The Southern District Of Florida Pursuant To 28 U.S.C. § 1406**

In the alternative, the Court may transfer this action to any district in which plaintiff could have filed this action. Pursuant to 28 U.S.C. § 1406(a), the "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Northstar could have brought this action in the Southern District of Florida where for purposes of these insurance coverage claims, all defendants reside for the purposes of § 1391(a)(1). There is already a case in the Southern District of Florida addressing these issues which includes MCC's insured, Precision, and Northstar. Accordingly, the Court may transfer

this action to the Southern District of Florida under 28 U.S.C. § 1406 instead of dismissing it. *See Ellis v. Great Southwestern Corp.*, 646 F.2d 1099, 1107 (5th Cir. 1981) (transfer to a district in which personal jurisdiction over the defendant may be obtained may properly be made under § 1406(a)); *Starnet Ins.*, 2009 WL 1210508 at 2 (transferring the case to a district where insured resides and a substantial part of the events giving rise to the litigation occurred).

### III.     This Action Must Be Dismissed Because Northstar Did Not Join A Necessary Indispensable Party.

Northstar has deliberately excluded a necessary party to this action since it has no hope of ever obtaining personal jurisdiction over that corporation. That party is MCC's named insured Precision, under whose policy Northstar claims it is an additional insured. As such, this Court should dismiss Northstar's complaint under Fed.R.Civ.P. 12(b)(7) and 19.

### A.     Rule 12(b)(7) Standard

Rule 12(b)(7) of the Federal Rules of Civil Procedure provides that a court should dismiss a complaint that fails to join a party that is necessary or indispensable to the action under Rule 19 of the Federal Rules of Civil Procedure. See Fed.R.Civ.P. 12(b)(7). The aim of this rule is to resolve a dispute one time with all of the required and necessary parties:

> The federal rules seek to bring all persons that may have an interest in the subject of an action together in one forum so that the lawsuit can be fairly and completely disposed of. In accord with this goal, Rule 19 seeks to bring into a lawsuit all those persons who ought to be there by requiring joinder.

*HS Resources, Inc. v. Wingate*, 327 F.3d 432, 438 n.7 (5th Cir. 2003) (quoting *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1308 (5th Cir. 1986)).

The initial burden of proof is on the party moving to dismiss the suit for failure to join an indispensable party. *See Ilan-Gat Engineers, Ltd. v. Antigua Int'l Bank*, 659 F.2d 234, 242 (D.C. Cir. 1981). However, if an initial appraisal of the facts indicates that a possibly necessary party is absent from the litigation, the burden then shifts to the party opposing joinder to dispute this

14

appraisal. *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1309 (5th Cir. 1986). There are two inquiries, one under Rule 19(a) and one under Rule 19(b). *HS Resources, Inc.*, 327 F.3d at 439. The first inquiry is whether all of the required parties must be joined before moving forward. Fed.R.Civ.P. 19(a). If all of the parties may not be joined, then, the second inquiry is whether the court should dismiss the action. Fed.R.Civ.P. 19(b).

**B.     Under Rule 19(A), Precision Must Be Joined**

Under Federal Rule of Civil Procedure 19, a party should be joined if: (1) in the party's absence complete relief cannot be accorded among those already parties, or (2) the party claims an interest relating to the subject of the action and is so situated that the disposition of the action in the party's absence may (i) as a practical matter impair or impede the party's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. *Power Equities, Inc. v. Atlas Telecom Services-USA, Inc.*, No. 3:06-CV-1892-G, 2007 WL 43843, at 3 (N.D. Tex. Jan. 5, 2007); Fed. R. Civ. P. 19.

Northstar's complaint for declaratory relief cannot go forward without Precision. MCC issued insurance contracts to Precision. Yet Northstar asks this Court to interpret this policy without one of the contracting parties even being present. There is no question this Court's determination will materially impact Precision's interests under its policy. For example, if this Court determines that Northstar is an additional insured under the MCC policy, Northstar may argue that it is entitled to the same protection as MCC's named insured including access to the policy limits to indemnify Northstar as opposed to Precision for the homeowner's claims. Stated in other words, any dollar MCC spends to indemnify Northstar, would mean one less dollar to indemnify Precision. Certainly without Precision being present it cannot protect its interests and puts MCC, Precision and Northstar at risk for multiple litigation with inconsistent results. *See*

15

*Power Equities, Inc.*, at 3; Fed. R. Civ. P. 19.  In fact, at least one Florida court has held, under different facts, that the named insured is a necessary party where the underlying complaint only seeks recovery against an additional insured.  *Bethel v. Security National Ins. Co.*, 949 So. 2d 219 (Fla. 3d DCA 1996)  As such, Precision is a necessary party that must be joined.

### C.   In The Event The Court Cannot Join Precision, The Court Should Dismiss The Complaint To Allow The More Complete Action To Proceed In The Southern District Of Florida

This Court does not have jurisdiction over Precision as it is a Florida corporation with its principal place of business in Florida.  As such, Precision cannot be joined in this action because it is not subject to personal jurisdiction in Louisiana.  If Precision cannot be joined, this Court should dismiss the complaint as it asserts claims directly related to the Precision insurance contract, while at the same time Precision is not part of this litigation. Fed.R.Civ.P. 19(b).

In making this determination, the Court should consider the following factors: (1) to what extent a judgment rendered in the person's absence would be prejudicial to the person or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping the relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. *Power Equities, Inc.*, at 3; Fed. R. Civ. P. 19(b).

All four factors weigh heavily in favor of dismissing Northstar's complaint:

### 1.   Judgment Would Be Prejudicial To Precision.

As argued above, Precision's rights will be impacted by this Court's decision.  For example, if the Court determines Northstar is an additional insured under Precision's policy that judgment might preclude coverage for Precision (for drywall and non-drywall claims) if its policy is exhausted on behalf if Northstar only as an additional insured since the MCC policy

16

contains a provision relieving MCC from any obligation to defend an insured once its policy is properly exhausted. See, *Godur v. Travelers Indem. Co.*, 567 So.2d 1028 (Fla 3rd DCA 1990) ("We hold that Travelers' duty to defend Godur ended when it had paid its policy limits through settlement and obtained a release on behalf of Godur") and *Contreras v. U.S. Sec. Ins. Co.*, 927 So.2d 16 (Fla 4th DCA 2006) (discussing an insurer's obligation to settle where it insures more than one insured). Therefore, not dismissing the Northstar complaint will prejudice Precision. It will also prejudice the existing parties as MCC already has filed an action in Florida naming Precision in order to bind it to a judicial determination as to whether Northstar is an additional insured.

2.  **Prejudice Cannot Be Avoided By Any Protective Measures In The Judgment.**

If the Court determines that Northstar is an additional insured, that potentially gives it certain rights under the policy, including the right to demand that MCC use its policy limit to indemnify Northstar. Without rewriting the insurance contract to limit the named insured's rights under the policy or by attempting to bind a non-party to a judgment in this case, neither of which a court can do, there are no protective measures this Court can take to lessen or avoid the possible prejudice to MCC or Precision. *Siegle v. Progressive Consumers Ins. Co.*, 819 So. 2d 732, 735 (Fla. 2002) (the scope and extent of insurance coverage is defined by the language and terms of the insurance policy, and where the language of a policy is plain and unambiguous, the contract must be enforced as written); and *Swire Pac. Holdings, Inc. v. Zurich Ins., Co.*, 845 So. 2d 161, 165 (Fla. 2003) (quoting *Excelsior Ins. Co. v. Pomona Park Bar & Package Store*, 369 So. 2d 938, 942 (Fla. 1979)) (This rule of construction "does not allow courts to rewrite contracts, add meaning that is not present, or otherwise reach results contrary to the intentions of the parties."). In addition, this action does not preclude MCC's more complete action in Florida from proceeding. That action will also determine if Northstar is an additional insured under the

Precision policies. So long as there are two competing actions the possibility exists for inconstant results. Only the dismissal of this action eliminates that possibility.

3. **Judgment Without Precision Would Not Be Adequate.**

For the same reasons listed in sections 1 and 2 above any judgment in this case without Precision would not be adequate.

4. **Northstar Would Still Have An Adequate Remedy If The Case Is Dismissed.**

Northstar would still have an adequate remedy if this complaint is dismissed because it could litigate these very same issues in a more complete action in the Southern District of Florida which is already pending (Exhibit "C"). As such, all of the necessary parties can have their rights adjudicated in one forum at one time. In fact, this is the only forum where all of the necessary parties can be joined in one action.

## CONCLUSION

For the reasons set forth above this Court should dismiss Northstar's complaint or in the alternative transfer this action to the Southern District of Florida.

14475955v1 909729 56475

        Respectfully submitted,

        **LARZELERE PICOU WELLS**
          **SIMPSON LONERO, LLC**
        Two Lakeway Center - Suite 1100
        3850 North Causeway Boulevard
        Metairie, Louisiana  70002
        Telephone: (504) 834-6500
        Facsimile:  (504) 834-6565

BY:  */s/ Lee M. Peacocke*
        **MORGAN J. WELLS, JR. (No. 18499)**
          mwells@lpwsl.com
        **LEE M. PEACOCKE (No. 18374)**
          lpeacocke@lpwsl.com

        AND

        **HINSHAW & CULBERTSON LLP**
        **RONALD L. KAMMER, T.A. (Fl. No. 360859)**
          rkammer@hinshawlaw.com
        **PEDRO E. HERNANDEZ (Fl. No. 30365)**
          phernandez@hinshawlaw.com
        9155 S. Dadeland Blvd., Suite 1600
        Miami, Florida  33156
        Telephone: (305) 428-5100
        Facsimile: (305) 577-1063

        **ATTORNEYS FOR DEFENDANT,**
        **MID-CONTINENT CASUALTY COMPANY**

### CERTIFICATE OF SERVICE

   I hereby certify that the above and foregoing Memorandum in Support of Motion to Dismiss or, Alternatively, Motion to Transfer Venue has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 4th day of May, 2010.

          /s/ Lee M. Peacocke
          LEE M. PEACOCKE