**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | ) | |
| DRYWALL PRODUCTS LIABILITY | ) | MDL NO. 2047 |
| LITIGATION | ) | |
| | ) | SECTION: L |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | JUDGE FALLON |
| Wiltz, et al. v. Beijing New Building | ) | |
| Materials Public Limited Co., et al., | ) | MAG. JUDGE WILKINSON |
| | ) | |
| CASE NO.: 2:10-CV-00361 | ) | JURY TRIAL DEMANDED |

**ANSWER, AFFIRMATIVE DEFENSES, CROSS-CLAIMS, AND THIRD-PARTY**
**COMPLAINT OF L&W SUPPLY CORPORATION d/b/a SEACOAST SUPPLY**

Defendant, L&W SUPPLY CORPORATION d/b/a SEACOAST SUPPLY ("Defendant" or "L&W Supply"), by and through its undersigned attorneys, hereby files its Answer, Affirmative Defenses, Cross-Claims, and Third-Party Complaint in response to Plaintiffs' Amended Omnibus Class Action Complaint (II) ("Plaintiffs' Complaint") and says:

1.      Paragraph 1 contains legal conclusions to which no response is required and further contains factual allegations which Defendant lacks information sufficient to admit or deny; therefore, Defendant denies the allegations of Paragraph 1 to the extent a response is required.  Defendant further states that this lawsuit does not meet the standards for a class action.

2.      Paragraph 2 contains legal conclusions to which no response is required.  To the extent a response is required to any factual allegations in Paragraph 2, Defendant denies the allegations.  Defendant further states that this lawsuit does not meet the standards for a class action.

3.      Paragraph 3 contains legal conclusions to which no response is required and further contains factual allegations which Defendant lacks information sufficient to admit or

deny; therefore, Defendant denies the allegations of Paragraph 3 to the extent a response is required.

4.      Paragraph 4 contains legal conclusions to which no response is required.  To the extent a response is required to any factual allegations in Paragraph 4, Defendant denies the allegations.  Defendant further states that this lawsuit does not meet the standards for a class action.

5.      Defendant lacks information sufficient to admit or deny the allegations of Paragraph 5 and, therefore, denies the same.

6—504.   Defendant lacks information sufficient to admit or deny the allegations of Paragraphs 6 through 504 and, therefore, denies the allegations of Paragraphs 6 through 504.

505.      Defendant lacks information sufficient to admit or deny the allegations of Paragraph 505 and, therefore, denies the same.  Defendant L&W Supply is a Delaware corporation with its headquarters in Chicago, Illinois.

506-511.   The allegations of Paragraphs 506 through 511 relate to other parties unrelated to Defendant.  Defendant lacks information sufficient to admit or deny the allegations of Paragraphs 506 through 511 and, therefore, denies those allegations.

512.      Defendant denies the allegations of Paragraph 512 to the extent that they apply to it.  The remaining allegations of Paragraph 512 contain legal conclusions and/or factual allegations regarding other parties that require no response.

513-520.   The allegations of Paragraphs 513 through 520 relate to other parties unrelated to Defendant.  Defendant lacks information sufficient to admit or deny the allegations of Paragraphs 513 through 520 and, therefore, denies those allegations.

521.      In response to the allegations of Paragraph 521, Defendant admits that USG Corporation is a Delaware corporation with its headquarters in Chicago, Illinois.  Defendant further admits that L&W Supply Corporation is a subsidiary of USG Corporation, that L&W Supply Corporation conducts business under the name Seacoast Supply in certain locations in Alabama, Louisiana and Florida, and that L&W Supply Corporation is the leading specialty building products distribution business in the United States.  Defendant denies any allegations of Paragraph 521 not explicitly admitted.

522.      In response to the allegations of Paragraph 522, Defendant admits that it is a Delaware corporation with its headquarters at 550 W. Adams Street, Chicago, Illinois, that it is a distributor of drywall and other building products, and that it is a subsidiary of USG Corporation. Defendant also admits that it conducts business under the name Seacoast Supply in certain locations in Alabama, Louisiana and Florida.  Defendant denies any allegations of Paragraph 522 not explicitly admitted.

523—740. The allegations of Paragraphs 523 through 740 relate to other parties unrelated to Defendant.   Defendant lacks information sufficient to admit or deny the allegations of Paragraphs 523 through 740 and, therefore, denies those allegations.

741.      In response to the allegations of Paragraph 741, Defendant admits that drywall it distributes contains gypsum.  Defendant lacks information sufficient to admit or deny the allegations relating to drywall sold by other parties.

742.      Defendant denies the allegations of Paragraph 742 to the extent that they apply to it.  The remaining allegations of Paragraph 742 contain legal conclusions and/or factual allegations regarding other parties that require no response.

743.     Defendant denies the allegations of Paragraph 743 to the extent that they apply to it.   The remaining allegations of Paragraph 743 contain legal conclusions and/or factual allegations regarding other parties that require no response.

744.     Defendant denies the allegations of Paragraph 744 to the extent that they apply to it.   The remaining allegations of Paragraph 744 contain legal conclusions and/or factual allegations regarding other parties that require no response.

745.     Defendant denies the allegations of Paragraph 745 to the extent that they apply to it.   The remaining allegations of Paragraph 745 contain legal conclusions and/or factual allegations regarding other parties that require no response.

746.     Defendant denies the allegations of Paragraph 746 to the extent that they apply to it.   The remaining allegations of Paragraph 746 contain legal conclusions and/or factual allegations regarding other parties that require no response.

747.     Defendant denies the allegations of Paragraph 747 to the extent that they apply to it.   The remaining allegations of Paragraph 747 contain legal conclusions and/or factual allegations regarding other parties that require no response.

748.     Defendant denies the allegations of Paragraph 748 to the extent that they apply to it.   The remaining allegations of Paragraph 748 contain legal conclusions and/or factual allegations regarding other parties that require no response.

749.     Defendant denies the allegations of Paragraph 749 to the extent that they apply to it.   The remaining allegations of Paragraph 749 contain legal conclusions and/or factual allegations regarding other parties that require no response.

750.        Defendant denies the allegations of Paragraph 750 to the extent that they apply to it.   The remaining allegations of Paragraph 750 contain legal conclusions and/or factual allegations regarding other parties that require no response.

751.        Defendant denies the allegations of Paragraph 751 to the extent that they apply to it.   The remaining allegations of Paragraph 751 contain legal conclusions and/or factual allegations regarding other parties that require no response.

752.        Defendant denies the allegations of Paragraph 752 to the extent that they apply to it.   The remaining allegations of Paragraph 752 contain legal conclusions and/or factual allegations regarding other parties that require no response.

753.        Defendant denies the allegations of Paragraph 753 to the extent that they apply to it.   The remaining allegations of Paragraph 753 contain legal conclusions and/or factual allegations regarding other parties that require no response.

754.        Defendant denies the allegations of Paragraph 754 to the extent that they apply to it.   The remaining allegations of Paragraph 754 contain legal conclusions and/or factual allegations regarding other parties that require no response.

755.        Defendant denies the allegations of Paragraph 755 to the extent that they apply to it.   The remaining allegations of Paragraph 755 contain legal conclusions and/or factual allegations regarding other parties that require no response.

756.        Defendant denies the allegations of Paragraph 756 to the extent that they apply to it.   The remaining allegations of Paragraph 756 contain legal conclusions and/or factual allegations regarding other parties that require no response.

757.     Defendant denies the allegations of Paragraph 757 to the extent that they apply to it.  The remaining allegations of Paragraph 757 contain legal conclusions and/or factual allegations regarding other parties that require no response.

758.     Defendant denies the allegations of Paragraph 758 to the extent that they apply to it.  The remaining allegations of Paragraph 758 contain legal conclusions and/or factual allegations regarding other parties that require no response.

759.     Defendant denies the allegations of Paragraph 759 to the extent that they apply to it.  The remaining allegations of Paragraph 759 contain legal conclusions and/or factual allegations regarding other parties that require no response.

760.     Defendant denies the allegations of Paragraph 760 to the extent that they apply to it.  The remaining allegations of Paragraph 760 contain legal conclusions and/or factual allegations regarding other parties that require no response.

761.     Defendant denies the allegations of Paragraph 761 to the extent that they apply to it.  The remaining allegations of Paragraph 761 contain legal conclusions and/or factual allegations regarding other parties that require no response.

762.     In response to Paragraph 762, Defendant admits that Plaintiffs filed this lawsuit as a putative class action with subclasses.  The remaining allegations of Paragraph 762 contain legal conclusions that require no response.  To the extent any further response is required to the allegations in Paragraph 762, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

763.     The allegations of Paragraph 763 contain legal conclusions that require no response.  To the extent any further response is required to the allegations in Paragraph 763,

Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

764.     In response to Paragraph 764, Defendant admits that Plaintiffs filed this lawsuit as a putative class action with subclasses.  The remaining allegations of Paragraph 764 contain legal conclusions that require no response.  To the extent any further response is required to the allegations in Paragraph 764, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

765.     The allegations of Paragraph 765 contain legal conclusions that require no response.  To the extent any further response is required to the allegations in Paragraph 765, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

766.     In response to Paragraph 766, Defendant admits that Plaintiffs filed this lawsuit as a putative class action with subclasses.  The remaining allegations of Paragraph 766 contain legal conclusions that require no response.  To the extent any further response is required to the allegations in Paragraph 766, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

767.     The allegations of Paragraph 767 contain legal conclusions that require no response.  To the extent any further response is required to the allegations in Paragraph 767, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

768.     In response to Paragraph 768, Defendant admits that Plaintiffs filed this lawsuit as a putative class action with subclasses.  The remaining allegations of Paragraph 768 contain legal conclusions that require no response.  To the extent any further response is required to the

allegations in Paragraph 768, Defendant denies the same.   Defendant further states that this lawsuit does not meet the standards for a class action.

769.      The allegations of Paragraph 769 contain legal conclusions that require no response.   To the extent any further response is required to the allegations in Paragraph 769, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

770.      In response to Paragraph 770, Defendant admits that Plaintiffs filed this lawsuit as a putative class action with subclasses.   The remaining allegations of Paragraph 770 contain legal conclusions that require no response.   To the extent any further response is required to the allegations in Paragraph 770, Defendant denies the same.   Defendant further states that this lawsuit does not meet the standards for a class action.

771.      The allegations of Paragraph 771 contain legal conclusions that require no response.   To the extent any further response is required to the allegations in Paragraph 771, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

772.      The allegations of Paragraph 772 contain legal conclusions that require no response.   To the extent any further response is required to the allegations in Paragraph 772, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

773.      The allegations of Paragraph 773 contain legal conclusions that require no response.   To the extent any further response is required to the allegations in Paragraph 773, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

774.     Paragraph 774 and its subparts contain legal conclusions that require no response. To the extent a response is required to any allegations in Paragraph 774, Defendant denies the same.  Defendant further states that this lawsuit does not meet the standards for a class action.

775.     Paragraph 775 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 775, Defendant denies the same. Defendant further states that this lawsuit does not meet the standards for a class action.

776.     Paragraph 776 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 776, Defendant denies the same. Defendant further states that this lawsuit does not meet the standards for a class action.

777.     Paragraph 777 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 777, Defendant denies the same. Defendant further states that this lawsuit does not meet the standards for a class action.

778.     Paragraph 778 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 778, Defendant denies the same. Defendant further states that this lawsuit does not meet the standards for a class action.

779.     Paragraph 779 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 779, Defendant denies the same. Defendant further states that this lawsuit does not meet the standards for a class action.

780.     Paragraph 780 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 780, Defendant denies the same. Defendant further states that this lawsuit does not meet the standards for a class action.

781.     Paragraph 781 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 781, Defendant denies the same. Defendant further states that this lawsuit does not meet the standards for a class action.

782.     Defendant responds to Paragraph 782 by incorporating herein its responses to Paragraphs 1 through 781.

783.     Paragraph 783 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 783, Defendant denies the same.

784.     Defendant denies the allegations of Paragraph 784.

785.     Defendant denies the allegations of Paragraph 785.

786.     Defendant denies the allegations of Paragraph 786.

787.     Defendant denies the allegations of Paragraph 787.

788.     Defendant denies the allegations of Paragraph 788.

789.     Defendant denies the allegations of Paragraph 789 to the extent that they apply to it.  The remaining allegations of Paragraph 789 contain legal conclusions and/or factual allegations regarding other parties that require no response.

790.     Defendant responds to Paragraph 790 by incorporating herein its responses to Paragraphs 1 through 789.

791.     Paragraph 791 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 791, Defendant denies the same.

792.     Defendant denies the allegations of Paragraph 792.

793.     Defendant denies the allegations of Paragraph 793.

794.     Defendant denies the allegations of Paragraph 794.

795.     Defendant denies the allegations of Paragraph 795.

796.     Defendant denies the allegations of Paragraph 796.

797.     Defendant responds to Paragraph 797 by incorporating herein its responses to Paragraphs 1 through 796.

798.     In response to Paragraph 798, Defendant admits that it is a distributor of drywall. Defendant denies the remaining allegations not specifically admitted.

799.     In response to Paragraph 799, Defendant admits that it is a distributor of drywall and that it distributed drywall that was delivered to the homes of one or more named putative class members.  Defendant admits that drywall is installed in homes, but Defendant denies that it installs or manufactures drywall.  Defendant denies the remaining allegations not specifically admitted.

800.     Defendant incorporates its response to Paragraphs 798 and 799 as its response to Paragraph 800.  Defendant denies the allegations of Paragraph 800 not specifically admitted.

801.     Defendant incorporates its response to Paragraphs 798 and 799 as its response to Paragraph 801.  Defendant denies the allegations of Paragraph 801 not specifically admitted.

802.     Defendant incorporates its response to Paragraphs 798 and 799 as its response to Paragraph 802.  Defendant denies the allegations of Paragraph 802 not specifically admitted.

803.     Defendant incorporates its response to Paragraphs 798 and 799 as its response to Paragraph 803.  Defendant denies the allegations of Paragraph 803 not specifically admitted.

804.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 804 and, therefore, Defendant denies the same.

805.     Defendant denies the allegations of Paragraph 805.

806.     Defendant denies the allegations of Paragraph 806.

807.     Defendant denies the allegations of Paragraph 807.

808.        Defendant denies the allegations of Paragraph 808.

809.        Defendant denies the allegations of Paragraph 809.

810.        Defendant denies the allegations of Paragraph 810.

811.        Defendant denies the allegations of Paragraph 811.

812.        Defendant denies the allegations of Paragraph 812.

813.        Defendant denies the allegations of Paragraph 813.

814.        Defendant denies the allegations of Paragraph 814.

815.        Defendant responds to Paragraph 815 by incorporating herein its responses to Paragraphs 1 through 814.

816.        Defendant denies the allegations of Paragraph 816.

817.         Defendant denies the allegations of Paragraph 817.

818.        Defendant incorporates its response to Paragraphs 798 and 799 as its response to Paragraph 818.  Defendant denies the allegations of Paragraph 818 not specifically admitted.

819.        Defendant denies the allegations of Paragraph 819.

820.        Defendant denies the allegations of Paragraph 820.

821.        Defendant denies the allegations of Paragraph 821.

822.        Defendant denies the allegations of Paragraph 822.

823.        Defendant responds to Paragraph 823 by incorporating herein its responses to Paragraphs 1 through 822.

824—852. The allegations of Paragraphs 824 through 852, which relate to Counts V through VII of Plaintiffs' Complaint seeking relief against defendants other than L&W Supply, contain legal conclusions and/or factual allegations regarding other parties that require no response.  To

the extent a response is required, Defendant denies the allegations of Paragraphs 824 through 852.

853.     Defendant responds to Paragraph 853 by incorporating herein its responses to Paragraphs 1 through 852.

854.     Defendant denies the allegations of Paragraph 854.

855.     Defendant denies the allegations of Paragraph 855.

856.     Defendant denies the allegations of Paragraph 856.

857.     Defendant denies the allegations of Paragraph 857.

858.     Paragraph 858 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 858, Defendant denies the same.

859.     Defendant denies the allegations of Paragraph 859.

860.     Defendant denies the allegations of Paragraph 860.

861.     Defendant denies the allegations of Paragraph 861.

862.     Defendant denies the allegations of Paragraph 862.

863.     Defendant responds to Paragraph 863 by incorporating herein its responses to Paragraphs 1 through 862.

864.     Defendant denies the allegations of Paragraph 864 to the extent that they apply to it.  The remaining allegations of Paragraph 864 contain legal conclusions and/or factual allegations regarding other parties that require no response.

865.     Paragraph 865 contains legal conclusions that require no response.  To the extent a response is required to any allegations in Paragraph 865, Defendant denies the same.

866.     Defendant denies the allegations of Paragraph 866 to the extent that they apply to it, as Defendant is not a manufacturer of drywall.  The remaining allegations of Paragraph 866

contain legal conclusions and/or factual allegations regarding other parties that require no response.

867.        Defendant denies the allegations of Paragraph 867 to the extent that they apply to it, as Defendant is not a manufacturer of drywall.  The remaining allegations of Paragraph 867 contain legal conclusions and/or factual allegations regarding other parties that require no response.

868.        Defendant denies the allegations of Paragraph 868.

869.        Defendant denies the allegations of Paragraph 869.

870.        Defendant denies the allegations of Paragraph 870.

871.        Defendant denies the allegations of Paragraph 871.

872.        Defendant denies the allegations of Paragraph 872.

873.        Defendant denies the allegations of Paragraph 873.

874.        Defendant denies the allegations of Paragraph 874.

875.        Defendant denies the allegations of Paragraph 875.

876.        Defendant denies the allegations of Paragraph 876.

877.        Defendant responds to Paragraph 877 by incorporating herein its responses to Paragraphs 1 through 876.

878.        Defendant denies the allegations of Paragraph 878.

879.        Defendant denies the allegations of Paragraph 879.

880.        Defendant denies the allegations of Paragraph 880.

881.        Defendant denies the allegations of Paragraph 881.

882.        Defendant denies the allegations of Paragraph 882.

883.        Defendant denies the allegations of Paragraph 883.

884. Defendant responds to Paragraph 884 by incorporating herein its responses to Paragraphs 1 through 883.

885. Defendant denies the allegations of Paragraph 885.

886. Defendant denies the allegations of Paragraph 886.

887. Defendant denies the allegations of Paragraph 887.

888. Defendant denies the allegations of Paragraph 888.

889. Defendant denies the allegations of Paragraph 889.

890. Defendant denies the allegations of Paragraph 890.

891. Defendant responds to Paragraph 891 by incorporating herein its responses to Paragraphs 1 through 890.

892. Defendant denies the allegations of Paragraph 892.

893. Defendant denies the allegations of Paragraph 893.

894. Defendant denies the allegations of Paragraph 894.

895. Defendant responds to Paragraph 895 by incorporating herein its responses to Paragraphs 1 through 894.

896. Paragraph 896 contains legal conclusions that require no response. To the extent a response is required to any allegations in Paragraph 896, Defendant denies the same.

897. Defendant denies the allegations of Paragraph 897.

898. Defendant denies the allegations of Paragraph 898.

899. Defendant denies the allegations of Paragraph 899.

900. Defendant responds to Paragraph 900 by incorporating herein its responses to Paragraphs 1 through 899.

901. Defendant denies the allegations of Paragraph 901.

902.        Defendant denies the allegations of Paragraph 902.

903.        The allegations of Paragraph 903 are in the nature of a request for relief and require no response.  To the extent a response is required to any allegations in Paragraph 903, Defendant denies the same.

904.        Defendant denies the allegations of Paragraph 904.

905.        Defendant denies the allegations of Paragraph 905.

906.        Defendant denies the allegations of Paragraph 906.

907.        Defendant denies the allegations of Paragraph 907.

908.        Defendant denies the allegations of Paragraph 908.

909.        Defendant denies the allegations of Paragraph 909.

910.        Defendant denies the allegations of Paragraph 910.

911.        Defendant denies the allegations of Paragraph 911.

912.        Defendant denies the allegations of Paragraph 912.

913.        To the extent the Prayer for Relief is deemed to contain any allegations against Defendant, Defendant denies the same.

914.        Any and all allegations, claims, contentions, and/or demands contained in Plaintiffs' Complaint, which are not expressly and specifically admitted, modified, or explained by this Defendant in this Answer, Affirmative Defenses, Cross-Claims, and Third-Party Complaint, are hereby expressly denied, including but not limited to the allegations contained in unnumbered paragraphs at the beginning of Plaintiffs' Complaint.

## **FIRST DEFENSE**

915.        Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

916.     Plaintiffs have failed to state a claim for which relief can be granted.

## SECOND DEFENSE

917.     Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

918.     Any damages alleged to have been sustained by Plaintiffs were caused in whole or in part by the acts or omissions of persons other than this Defendant over whom this Defendant had and has no control or by superseding intervening causes outside the control of this Defendant.

## THIRD DEFENSE

919.     Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

920.     Recovery of some or all of the damages alleged to have been sustained by Plaintiffs is barred by the economic loss doctrine or its common law or statutory equivalent.

## FOURTH DEFENSE

921.     Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

922.     The terms, provisions, and conditions of any and all contracts entered into between Defendant and any other parties, including but not limited to any warranty provisions, operate as a bar to all or part of Plaintiffs' claims.

## FIFTH DEFENSE

923.     Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

924.     Plaintiffs' claims are barred, in whole or in part, by their absence of privity with Defendant.

## SIXTH DEFENSE

925.     Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

926.     Plaintiffs have failed to reference an applicable statute, or that they are part of the protected class of any applicable statute, sufficient to state a negligence *per se* cause of action.

## SEVENTH DEFENSE

927.     Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

928.     Plaintiffs' Complaint fails to state a claim for class relief under Rule 23 of the Federal Rules of Civil Procedure; further, class relief should be denied under the governing procedural and substantive law.

## EIGHTH DEFENSE

929.     Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

930.     Plaintiffs lack standing to bring representative actions under the various "Consumer Protection Acts" of one or more of the States identified in the Plaintiffs' Complaint.

## NINTH DEFENSE

931.     Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

932.     Plaintiffs have failed to mitigate their damages.

## TENTH DEFENSE

933.      Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

934.      Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations, statutes of repose, prescription periods, or the doctrine of laches.

## ELEVENTH DEFENSE

935.      Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

936.      Defendant was not aware and could not reasonably have been aware of the existence of any alleged defect, which is expressly denied, at the time that it sold the drywall it distributed in the State of Louisiana.  Moreover, Defendant did not hold out as its own any Chinese drywall.

## TWELFTH DEFENSE

937.      Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

938.      Plaintiff has failed to afford Defendant the opportunity to repair any alleged redhibitory defect.

## THIRTEENTH DEFENSE

939.      Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

940.      Defendant is not a manufacturer of Chinese drywall and therefore is not liable under La. R.S. 9:2800.52.

## FOURTEENTH DEFENSE

941.     Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

942.     To the extent that Plaintiffs pray for punitive, exemplary, or otherwise enhanced damages, Defendant invokes its right under the due process clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution.

## FIFTEENTH DEFENSE

943.     Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

944.     Defendant is a good faith seller pursuant to La. Civil Code Article 2531.

## SIXTEENTH DEFENSE

945.     Defendant incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

946.     Defendant incorporates herein by reference each and every affirmative defense pleaded by similarly-situated defendants.

## CROSS-CLAIMS AGAINST BEIJING NEW BUILDING MATERIALS PUBLIC LIMITED CO.

## FIRST CROSS-CLAIM

947.     Defendant incorporates herein all of the foregoing responses that are relevant to this cross-claim.

948.     For a further defense and as a cross-claim, Defendant asserts a claim against Beijing New Building Materials Public Limited Co. ("BNBM") for breach of express warranties.

949.     Defendant purchased a certain quantity of gypsum drywall manufactured by BNBM and sold by Dinorio Imports, LLC ("Dinorio") and EAC and Sons Corporation ("EAC").

950.     BNBM warranted that the gypsum drywall they sold would be free of defects and fit for the ordinary purpose for which gypsum drywall is used.

951.     Without admitting any liability or damages to the Plaintiffs, if it is shown that the drywall manufactured by BNBM was defective and not fit for the ordinary purpose for which gypsum drywall is used, then BNBM is liable to Defendant for breach of the express warranty.

952.     Without admitting any liability or damages to the Plaintiffs, Defendant has incurred damages in that it has been required to respond to homeowner complaints and to defend this action as a direct and proximate result of the breach of express warranties by BNBM. Further, Defendant will likely continue to incur additional costs in responding to homeowner complaints and defending this action.

## SECOND CROSS-CLAIM

953.     Defendant incorporates herein all of the foregoing responses that are relevant to this cross-claim.

954.     For a further defense and as a cross-claim, Defendant asserts a claim against BNBM for breach of the implied warranty of merchantability under the common law and/or applicable state statutes.

955.     BNBM is a merchant of gypsum drywall.

956.     Defendant purchased from Dinorio and EAC a certain quantity of gypsum drywall manufactured by BNBM.

957.     Pursuant to the applicable state statutes and/or the common law, BNBM warranted that the gypsum drywall was merchantable and fit for the ordinary purpose for which gypsum drywall is used.

958.     Without admitting any liability or damages to the Plaintiffs, if it is shown that the drywall manufactured by BNBM was defective and not fit for the ordinary purpose for which gypsum drywall is used, then BNBM is liable to Defendant for breach of implied warranty.

959.     Without admitting any liability or damages to the Plaintiffs, Defendant has incurred damages in that it has been required to respond to homeowner complaints and to defend this action as a direct and proximate result of the breach of the implied warranty of merchantability by BNBM.  Further, Defendant will likely continue to incur additional costs in responding to homeowner complaints and defending this action.

## THIRD CROSS-CLAIM

960.     Defendant incorporates herein all of the foregoing responses that are relevant to this cross-claim.

961.     For a further defense and as a cross-claim, Defendant asserts a claim against BNBM for equitable and/or common law indemnification.

962.     Without admitting any liability or damages to the Plaintiffs, BNBM is responsible and liable for any allegedly wrongful acts committed against the Plaintiffs with regard to the allegations of Plaintiffs' Complaint.

963.     Without admitting any liability or damages to the Plaintiffs, BNBM is liable for any damages allegedly suffered by Plaintiffs and, if Defendant is required to pay any damages to the Plaintiffs, Defendant is entitled to be indemnified, based on the doctrines of equitable and/or common law indemnification, by BNBM for any damages.

## FOURTH CROSS-CLAIM

964.     Defendant incorporates herein all of the foregoing responses that are relevant to this cross-claim.

965.     For a further defense and as a cross-claim, Defendant, without admitting any liability or damages to the Plaintiff, asserts a claim for redhibitory defect against BNBM pursuant to La. Civ. Code Ann. § 2531.

966.     BNBM is the manufacturer of Chinese wallboard distributed by L&W Supply Corporation.

967.     Without admitting any liability or damages to the Plaintiff, any defect in the wallboard manufactured by BNBM existed at the time it was delivered to L&W Supply Corporation.

968.     Without admitting any liability or damages to the Plaintiff, BNBM is liable for any damages allegedly suffered by Plaintiffs and, if Defendant is required to pay any damages to the Plaintiffs, Defendant is entitled to recovery from BNBM.

969.     This Defendant reserves the right to amend its Answer, Affirmative Defenses, Cross-Claims, and Third-Party Complaint as investigation and discovery may reveal.

## THIRD PARTY COMPLAINT AGAINST DINORIO IMPORTS, LLC AND EAC AND SONS CORPORATION

L&W Supply Corporation ("L&W Supply"), without admitting liability to Plaintiffs and without waiving its answers and affirmative defenses as pled above, complains of Dinorio Imports, LLC ("Dinorio") and EAC and Sons Corporation ("EAC")(collectively the "Third-Party Defendants") as follows:

1. L&W Supply is a Delaware corporation with its headquarters in Chicago, Illinois.

2.   Upon information and belief, Third-Party Defendant Dinorio Imports, LLC ("Dinorio") is a Florida limited liability company with its principal place of business in Boca Raton, Florida.

3.   Upon information and belief, Third-Party Defendant EAC and Sons Corporation ("EAC") is a Florida corporation with its principal place of business in Kissimmee, Florida.

4.   Jurisdiction is appropriate in this matter pursuant to 28 U.S.C. § 1367 and the transfer order issued by the United States Judicial Panel on Multidistrict Litigation consolidating in this Court all actions relating to Chinese-manufactured drywall.

**<u>FIRST CAUSE OF ACTION</u>**

5.   L&W Supply incorporates herein all of the foregoing responses that are relevant to this third-party claim.

6.   L&W Supply asserts a third-party claim against Dinorio and EAC for breach of express warranties.

7.   L&W Supply purchased a certain quantity of gypsum drywall manufactured by BNBM and sold by Dinorio and EAC.

8.   Dinorio and EAC warranted that the gypsum drywall they sold would be free of defects and fit for the ordinary purpose for which gypsum drywall is used.

9.   Without admitting any liability or damages to the Plaintiffs, if it is shown that the drywall manufactured by BNBM and sold by Dinorio and EAC was defective and not fit for the ordinary purpose for which gypsum drywall is used, then Dinorio and EAC are liable to L&W Supply for breach of the express warranty.

10. Without admitting any liability or damages to the Plaintiffs, L&W Supply has incurred damages in that it has been required to respond to homeowner complaints and to defend this action as a direct and proximate result of the breach of express warranties by Dinorio and EAC.

Further, L&W Supply will likely continue to incur additional costs in responding to homeowner complaints and defending this action.

## SECOND CAUSE OF ACTION

11. L&W Supply incorporates herein all of the foregoing responses and allegations that are relevant to this third-party claim.

12. L&W Supply further asserts a third-party claim against Dinorio and EAC for breach of the implied warranty of merchantability under the common law and/or applicable state statutes.

13. BNBM, Dinorio and EAC are merchants of gypsum drywall.

14. L&W Supply purchased from Dinorio and EAC a certain quantity of gypsum drywall manufactured by BNBM.

15. Pursuant to the applicable state statutes and/or the common law, Dinorio and EAC warranted that the gypsum drywall was merchantable and fit for the ordinary purpose for which gypsum drywall is used.

16. Without admitting any liability or damages to the Plaintiffs, if it is shown that the drywall manufactured by BNBM and sold by Dinorio and EAC was defective and not fit for the ordinary purpose for which gypsum drywall is used, then Dinorio and EAC are liable to L&W Supply for breach of implied warranty.

17. Without admitting any liability or damages to the Plaintiffs, L&W Supply has incurred damages in that it has been required to respond to homeowner complaints and to defend this action as a direct and proximate result of the breach of the implied warranty of merchantability by Dinorio and EAC.  Further, L&W Supply will likely continue to incur additional costs in responding to homeowner complaints and defending this action.

## THIRD CAUSE OF ACTION

18. L&W Supply incorporates herein all of the foregoing responses and allegations that are relevant to this third-party claim.

19. L&W Supply further asserts a third-party claim against Dinorio and EAC for equitable and/or common law indemnification.

20. Without admitting any liability or damages to the Plaintiffs, Dinorio and EAC are responsible and liable for any allegedly wrongful acts committed against the Plaintiffs with regard to the allegations of Plaintiffs' Complaint.

21. Without admitting any liability or damages to the Plaintiffs, Dinorio and EAC are liable for any damages allegedly suffered by Plaintiffs and, if L&W Supply is required to pay any damages to the Plaintiffs, L&W Supply is entitled to be indemnified, based on the doctrines of equitable and/or common law indemnification, by Dinorio and EAC for any damages.

## FOURTH CAUSE OF ACTION

22. L&W Supply incorporates herein all of the foregoing responses and allegations that are relevant to this third-party claim.

23. L&W Supply, without admitting any liability or damages to the Plaintiff, further asserts a claim for redhibitory defect against Dinorio and EAC pursuant to La. Civ. Code Ann. § 2520.

24. Dinorio and EAC each sold Chinese wallboard manufactured by BNBM to L&W Supply.

25. Without admitting any liability or damages to the Plaintiff, any defect in the wallboard manufactured by BNBM existed at the time it was delivered to L&W Supply by Dinorio and EAC.

26. Without admitting any liability or damages to the Plaintiff, Dinorio and EAC are liable for any damages allegedly suffered by Plaintiffs and, if L&W Supply is required to pay any damages to the Plaintiffs, L&W Supply is entitled to recovery from Dinorio and EAC.

WHEREFORE, having fully answered the Plaintiffs' Complaint, Defendant L&W Supply Corporation prays the Court that:

a)       Plaintiffs recover nothing from Defendant and that judgment be entered in Defendant's favor;

b)       the costs of this action, including attorney's fees and costs that may be allowed by statute, be taxed against Plaintiffs;

c)       if Plaintiffs recover any amount from Defendant, that Defendant be granted the relief prayed for in its Cross-Claims against BNBM and its Third-Party Claims against Dinorio and EAC; and

d)       Defendant have such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Defendant/Third-Party Plaintiff demands a jury trial for all issues so triable.

[SIGNATURE BLOCK ON NEXT PAGE]

_____/s/  W. David Conner_____

W. David Conner (SC Bar # 66358; Fed. # 5986)
Moffatt G. McDonald (SC Bar # 3784; Fed. # 2805)
Charles Sprinkle (SC Bar # 70630; Fed. # 9712)
Christopher B. Major (SC Bar # 72872; Fed. # 9382)
HAYNSWORTH SINKLER BOYD, P.A.
P.O. Box 2048
Greenville, SC  29602
Telephone: (864) 240-3226
Facsimile: (864) 240-3300 (fax)
dconner@hsblawfirm.com
mgmcdonald@hsblawfirm.com
csprinkle@hsblawfirm.com
cmajor@hsblawfirm.com

Robert E. Kerrigan, Jr.
DEUTSCH KERRIGAN & STILES
755 Magazine Street
New Orleans, LA  70131
Tel: (504) 593-0619
Fax: (504) 566-1201
rkerrigan@dkslaw.com

Attorneys for Defendant L&W Supply Corporation

May 4, 2010

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing **ANSWER, AFFIRMATIVE DEFENSES, CROSS-CLAIMS, AND THIRD-PARTY COMPLAINT OF L&W SUPPLY CORPORATION d/b/a SEACOAST SUPPLY** has been served on Plaintiffs' Liaison Counsel, Russ Herman at drywall@hhkc.com, and Defendants' Liaison Counsel, Kerry Miller at Kmiller@frilot.com, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 4th day of May, 2010.


_____/s/  W. David Conner_____