

Apr 16 2010
2:26PM

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br>*Payton v. Knauf Plasterboard (Tianjin) Co., Ltd, et al* (Case No. 09-7628) | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

## KNAUF PLASTERBOARD (TIANJIN) CO. LTD'S
## FIRST SET OF INTERROGATORIES TO PLAINTIFFS

**PLEASE TAKE NOTICE** that, pursuant to the Federal Rules of Civil Procedure, Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT)", propounds the following Interrogatories on Plaintiffs, **Celeste Schexnayder and Paul Clement** ("Plaintiffs").

Due to the expedited schedule for the above-captioned litigation, Plaintiffs shall answer these Interrogatories <u>within 10 days</u> from the service of this document, or at such other time as ordered by the Court.

### I. INSTRUCTIONS

A.  In each of your answers to these Interrogatories, you are requested to provide not only such information as is in your possession, but also all information as is reasonably available, whether or not it is in your possession. In the event you are able to provide only part of the information called for by any particular Interrogatory, provide all of the information you are able to provide, and state the reason for your inability to state the remainder.

B.  Unless otherwise stated herein, the relevant time period encompassed by these Interrogatories is from January 1, 2005 through the present date.

C.  Every Interrogatory herein shall be deemed a continuing Interrogatory and you are to supplement your answers promptly if and when you obtain relevant information, in addition to, or in any way inconsistent with, your initial answer to any such Interrogatory.



EXHIBIT A

D.  If you object to, or otherwise decline to answer, any portion of an Interrogatory, please provide all information called for in that portion of the Interrogatory to which you do not object or to which you do not decline to answer. If you object to an Interrogatory on the grounds that it is too broad (i.e., that it calls both for information which is relevant to the subject manner of the action and for information which is not relevant), please provide such information as you concede to be relevant. If you object to an Interrogatory on the grounds that it would constitute an undue burden to provide an answer, please provide such requested information as can be supplied without undertaking such undue burden. For those portions of any Interrogatory to which you object or otherwise decline to answer, state the reason for such objection or declination.

## II. DEFINITIONS

A.  "Document" as used herein has the full extent of its meaning as provided in Rule 34 of Federal Rules of Civil Procedure and includes any written, drawn, recorded, transcribed, filed or graphic matter, however produced or reproduced, and any drafts, revisions or amendments thereof.  This includes, but is not limited to all writing or papers of every kind including, but not limited to, letters, memoranda, reports, studies, notes, speeches, press releases, agenda, minutes, transcripts, summaries, contracts, warranties, punchlists, self-sticking removable notes, telegrams, e-mails, teletypes, telefax, canceled checks, check stubs, invoices, receipts, ticket stubs, maps, pamphlets, notes, charts, tabulations, analyses, photographs, statistical or informational accumulation, audits and associated work papers, any kinds of records, film impressions, magnetic tape, video tape, tape records, sound or mechanical reproductions, all stored compilations of information of any kind which may be retrievable (such as, but without limitation, the content of computer memory or information storage facilities, and computer programs, and any instructions or interpretive materials associated with them) and copies of documents which are not identical duplicates of the originals because handwritten or "blind" notes appear thereon or attached thereto), including prior drafts, whether or not the originals are in the Plaintiffs' possession, custody or control.

B. "Plaintiffs" means named Plaintiffs, **Celeste Schexnayder and Paul Clement**, and/or the individuals who submitted a Plaintiff Profile Form, and any agent or representative of Plaintiffs or person working on behalf of Plaintiffs.

C. When used in connection with a document, "identify" means to state the type of document (e.g., letter, memorandum, drawing, etc.), the subject matter thereof, the date thereof, by whom written or prepared, by whom signed, to whom sent, the present location (name and address of place) thereof, and the present custodian of the original and copies thereof. If any such document was, but no longer is, in your possession or subject to your control, state what disposition was made of the document.

D. When used in connection with a person, "identify" means to state the person's full name and home address, present place of business or employment, present position with respect to such employment or business, and present and past relationship with any of the parties to this lawsuit. If such a person is not presently associated with any of the parties to this lawsuit, state the former relationship of such person to a party and the last known residence.

E. When used in connection with a business entity, "identify" means to state the full name and present address of such entity, the principal place of business of the entity, and the nature of the entity's function.

F. "Communication" means any transfer or exchange between two or more persons of any information, whether by written or oral means, including but not limited to, personal conversations, correspondence, telephone calls and telegrams. This definition includes all communications for which you claim a privilege.

G. When used in connection with a communication, "identify" means to state a brief description of the subject matter communicated, the date it took place, the means of communication (i.e., personal conversation, correspondence, telephone, telegram), the place or places where it occurred, the identity of each document, reporting, referring to, or otherwise

pertaining to the communication and the identity of each person who participated in the communication.

H.   "Person" shall mean the plural as well as the singular and shall include any natural person, corporation, partnership, joint venture, association, government agency and every other form of entity cognizable by law.

I.   "You" or "your" refer to the parties to whom these Interrogatories are directed, each and every name by which the party is known or has been known and each and every employee, attorney and agent of such party.

J.   "Home" is the residence which is the subject of this action.

### III. MODE AND DEMAND OF ANSWERS

In answering each Interrogatory:

1.   Identify each writing

   (a)   Relied upon in the preparation of each answer, or

   (b)   Which forms all or part of the basis for the answer, or

   (c)   Which corroborates the answer, or

   (d)   The substance of which forms all or part of the answer.

2.   If all the information furnished in answer to all or any part of an Interrogatory is not within the personal knowledge of the affiant, state the name of each person to whom all or any part of the information furnished is a matter of personal knowledge, and the name of each person who communicated to the affiant any part of the information furnished.

3.   If the answer to all or any part of the Interrogatory is not presently known or available, include a statement to that effect.

## KPT'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**

State the name, address and relationship to Plaintiffs for each and every person assisting in answering these Interrogatories.

**INTERROGATORY NO. 2:**

State all details related to the purchase and/or lease of your Home, including, but not limited to, date the date the Home was purchased, the primary use of the property, and the name of the previous owner. If the structure on the property is newly constructed, state the name and address of the construction contractor, the date of completion if a newly constructed property, the purchase price of the Home, any capital improvements made on this property and their approximate cost, the rental payments for the Home, the address of the Home, the names and contact information of the residents of the Home, including date(s) of birth.

**INTERROGATORY NO. 3:**

Describe in detail each act or omission by each individual Defendant that you contend was negligent and a contributing legal cause of the incident in question, and when you discovered the alleged damage arising from the act or omission.

**INTERROGATORY NO. 4:**

Describe in detail each item of expense or damage that you claim to have incurred as a result of the circumstances described in the Complaint, including, but not limited to, damage to personal property, physical injury, medical expenses, relocation expenses, and testing, inspection or repair expenses. Please state the value of any such property or expense.

**INTERROGATORY NO. 5:**

For any item listed in your Answer to Interrogatory No. "4," state whether that item was included in Plaintiffs' purchase of the Home.

**INTERROGATORY NO. 6:**

What have you done to mitigate the damages described in your answer to Interrogatory No. "4" (e.g., cleaning, repairing, or replacing any damaged property)? Provide all details, including, but not limited to, who initiated the work, whether you requested the work, and, if so, to whom, who paid for the work, whether the work has been completed, the total cost of the work, the date the work was performed, the method by which the work was performed, and the company that performed the remediation.

**INTERROGATORY NO. 7:**

What recovery do you seek and from whom for the claims set forth in the Complaint?

**INTERROGATORY NO. 8:**

Has anything been paid or is anything payable from any third party for any of the damages listed in your answers to these Interrogatories? If so, state the amounts paid or payable, the name and business address of the person or entity who paid or owes said amounts.

**INTERROGATORY NO. 9:**

Describe any evidence you have obtained indicating that the drywall installed in your Home was "defective" as alleged in the Complaint.

**INTERROGATORY NO. 10:**

Describe in detail the allegedly defective drywall in your home, including, but not limited to, where in the Home the drywall is located, the brand of drywall, any markings on the drywall, when the drywall was purchased, who it was purchased from, when it was installed, who installed it, and who supplied it.

**INTERROGATORY NO. 11:**

Identify the names and addresses of all persons with knowledge of the allegations contained in the Complaint, including, but not limited to, representative(s) of the homebuilder,

general contractor, developer, drywall supplier, and drywall subcontractor, owners of the Home, residents of the Home.

**INTERROGATORY NO. 12:**

State whether you have ever been a party to any other litigation where you have made a claim for property damage to the home you are making a claim for in this action including but not limited to the nature of the suit; the date, court and place where the suit was filed; the names and addresses of all plaintiffs, defendants and all parties and their attorneys.

**INTERROGATORY NO. 13:**

Has the Home been listed for sale in the last 5 years? If so, who was the agent and how was it listed?

**INTERROGATORY NO. 14:**

Does any other party including, but not limited to, an insurance carrier, contractor, or subcontractor, have any interest in the claim that is the subject of this suit such as an assignment, a subrogation interest, etc. If so, please identify that party and the nature of the interest?

**INTERROGATORY NO. 15:**

Identify each lienholder (mortgage or otherwise) against the real estate that is the subject of this action and state the nature, date of origination, and amount of the lienholder's interest?

**INTERROGATORY NO. 16:**

Has your home ever been repaired or renovated since it was built? If so, when, what type of repairs or renovations occurred and who performed the renovations and/or repair work?

**INTERROGATORY NO. 17:**

State whether the presence of the allegedly defective drywall in your home has resulted in odors that you allege to be associated with the drywall. If so, please state the following: (i) a detailed description of the odors in your home, (ii) the conditions under which you experience the odors (night time, day time, after rain events, etc.), (iii) state the date (month and year) after moving into your home when you first noticed the odors, (iv) state whether the odors have

worsened or improved over time and provide the relevant time frame (month and year) for your answer, (v) state whether you are experiencing or have experienced any physical symptoms as a result of smelling or inhaling the odors in your home.

**INTERROGATORY NO. 18:**

State whether you have filed any claims under any homeowners insurance policy for damage incurred or sustained as a result of the allegedly defective drywall. If so, state the following: (i) to whom the claim was made, (ii) policy number and limits, (iii) the exact date the claim was made, (iv) a detailed description of the claim, (v) attach copies of any applications submitted including all documentation submitted in support of said claim, (vi) attach all other correspondence and/or documents submitted by you or received by you in conjunction with said claim, (vii) if any monies were paid to you as a result of the claim, please state the date and amount received.

**INTERROGATORY NO. 19:**

With reference to the Home identified in Interrogatory 2, please state the following: whether any reports concerning the alleged damage to this property have been prepared. If so, state the following: (i) the name of the preparer of such report(s), (ii) the date(s) in which such report(s) were prepared, and (iii) a description of the investigation performed prior to issuance of such report(s) such as dates of investigation, type of investigation, investigatory procedures utilized.

**INTERROGATORY NO. 20:**

State whether any of the medical problems or physical symptoms which you allege were caused by or made worse by exposures to the alleged defective drywall. If so, please state: (i) the nature of the medical problem or physical symptom, (ii) state the name, telephone number, and address of any medical professional, physician, hospital, or clinic which treated the medical problems or physical symptoms which you allege were caused or made worse by exposure to the alleged defective drywall, (iii) the amount of expenses incurred, (iv) the date these expenses were

incurred, (v) the date upon which you first became aware of each medical problem or physical symptom, (vi) whether the medical problem or physical symptom has stopped bothering you, if so please provide the month and year (vii) the date you first sought medical attention for the medical problem or physical symptom, (viii) the scientific basis on which you rely in alleging that your medical problem or physical symptom is the result of such exposure, (ix) state the name, telephone number, and address of any medical professional, physician, hospital, or clinic which has informed you that the alleged medical problems or physical symptoms you have experienced are the result of the alleged defective drywall in your home.

                Respectfully submitted,

s/Kyle A. Spaulding
Donald J. Hayden
BAKER & McKENZIE LLP
Mellon Financial Center
1111 Brickell Avenue, Suite 1700
Miami, FL 33131
Telephone:   (305) 789-8966
Facsimile:   (305) 789-8953
Email: donald.j.hayden@bakermckenzie.com

Richard M. Franklin
Douglas B. Sanders
BAKER & MCKENZIE LLP
130 E. Randolph Drive
One Prudential Plaza
Chicago, IL 60601
Telephone:   (312) 861-8075
Facsimile:   (312) 698-2375
Email: douglas.b.sanders@bakermckenzie.com

Kerry Miller (LA Bar No. 24562)
Kyle A. Spaulding (LA Bar No. 29000)
FRILOT L.L.C.
1100 Poydras Street
Suite 3700
New Orleans, Louisiana 70163
Telephone:   (504) 599-8194
Facsimile:   (504) 599-8145
Email:   kmiller@frilot.com

*Attorneys for Defendant KPT*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with pretrial Order No. 6, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 16th day of April, 2010.

s/Kyle A. Spaulding



IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | x x x x | MDL NO. 2047 SECTION: L |
| THIS DOCUMENT RELATES TO: *Payton v. Knauf Plasterboard (Tianjin) Co., Ltd, et al* (Case No. 09-7628) | x x x | JUDGE FALLON MAG. JUDGE WILKINSON |

## KNAUF PLASTERBOARD (TIANJIN) CO. LTD'S
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

**PLEASE TAKE NOTICE** that, pursuant to the Federal Rules of Civil Procedure, Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT)", propounds the following Request for Production of Documents and Things on Plaintiffs, **Celeste Schexnayder and Paul Clement** ("Plaintiffs").

Due to the expedited schedule for the above-captioned litigation, Plaintiffs shall answer these Requests <u>within 10 days</u> from the service of this document, or at such other time as ordered by the Court.

### DEFINITIONS AND INSTRUCTIONS

1.   "Plaintiffs" means named Plaintiffs, **Celeste Schexnayder and Paul Clement** and any agent or representative of Plaintiffs or person working on behalf of Plaintiffs.

2.   "Defendant" means any named Defendant in this action, including agents and representatives.

3.   Unless otherwise stated herein, the relevant time period encompassed by these requests is from January 1, 2005 through the present.

4.   The "Home" is the residence located at 612 Ridgewood, Metairie, LA, that is the subject of the named Plaintiffs' action.

5.   "Document" is used in its broadest sense and includes, but is not limited to, all writing or papers of every kind including, but not limited to, letters, memoranda, reports, studies,

notes, speeches, press releases, agenda, minutes, transcripts, summaries, contracts, warranties, punchlists, self-sticking removable notes, telegrams, e-mails, teletypes, telefax, canceled checks, check stubs, invoices, receipts, ticket stubs, maps, pamphlets, notes, charts, tabulations, analyses, photographs, statistical or informational accumulation, audits and associated work papers, any kinds of records, film impressions, magnetic tape, video tape, tape records, sound or mechanical reproductions, all stored compilations of information of any kind which may be retrievable (such as, but without limitation, the content of computer memory or information storage facilities, and computer programs, and any instructions or interpretive materials associated with them) and copies of documents which are not identical duplicates of the originals because handwritten or "blind" notes appear thereon or attached thereto), including prior drafts, whether or not the originals are in the Plaintiffs' possession, custody or control.

6. "Complaint" encompasses all Complaints filed, consolidated and/or transferred in the instant MDL 2047 action.

7. As used in this Request for Production, the terms "represent" "referred to", "relate to" or "reflect" mean, without limitation, any reference to, connection to, reflection or inclusion within the scope of the particular request, directly and indirectly.

8. All documents produced shall be segregated in accordance with the numbered and lettered paragraphs and subparagraphs herein. All documents requested herein to which Plaintiffs claim privilege or any other statutory or legal authority as a ground for non-production shall be set forth in a privilege log as required by the Court.

9. As used in this Request for Production, the term "communication" means any oral or written statement, dialogue, colloquy, discussion, conversation or agreement.

10. As used in this Request for Production, the term "statement" includes a written statement made by said person and signed or otherwise adopted or approved by him, and also

includes any statement of any kind or manner made by such person and written or recorded or summarized in any writing or recording.

## DOCUMENTS REQUESTED

**REQUEST NO. 1:**

All documents concerning, supporting, evidencing, referring or relating to the drywall installed in the Home, including the brand of drywall, the manufacturer of the drywall, any markings on the drywall, the person or entity who installed the drywall, the date of installation, the person or entity who supplied the drywall and the approximate date it was supplied.

**REQUEST NO. 2:**

All documents concerning, supporting, evidencing, referring or relating to the lease or purchase of the Home, including, but not limited to, the construction contract, new home warranty declaration, purchase and sale contract, warranty deed, warranties, insurance policies, mortgage(s), leases, and addenda thereto.

**REQUEST NO. 3:**

All documents relating to or comprising all home inspection reports issued at or near the time of purchase or lease of the home.

**REQUEST NO. 4:**

All documents concerning, supporting, evidencing, referring or relating to the construction, renovation, or capital improvements to the Home(s), including information such as the date(s) of construction, renovation, or capital improvements, the homebuilder, contractor, or developer who performed the construction, renovation, or capital improvements and the part of the Home(s) that were renovated.

**REQUEST NO. 5:**

All documents concerning, supporting, evidencing, referring or relating to any upgrades, renovations or improvements in the Home, such as contracts, photographs, emails, inspections, warranties, receipts, punchlists, including information such as the date(s) of upgrade, renovation

or improvements, the homebuilder, contractor, subcontractors, suppliers and/or developer who performed the work, and the part of the Home that was upgraded, renovated or improved.

**REQUEST NO. 6:**

All documents relating to any and all inspections, including but not limited to inspections by local building authorities, relating to any and all construction, upgrade, renovations or improvements to the Home.

**REQUEST NO. 7:**

All documents related to attempts to sell or lease the house, including but not limited to documents comprising or relating to a listing, description, advertisement, offer sheet, property disclosure statement, or similar materials, and all documents related to attempted refinancing of the Home.

**REQUEST NO. 8:**

If Plaintiffs have a mortgage and/or a second mortgage or home equity line using the Home as security, a copy of any and all mortgages, liens, loan agreements, loan applications or similar or related documents.

**REQUEST NO. 9:**

All documents comprising or relating to any and all appraisals of the Home.

**REQUEST NO. 10:**

All documents concerning, supporting, evidencing, referring or relating to any appliances in the Home, including, but not limited to, receipts, warranties and documents evidencing the date(s) the appliances were purchased.

**REQUEST NO. 11:**

All receipts, warranties, and documents indicating where, when, and from whom any items Plaintiffs claims were damaged by the allegedly defective drywall were purchased.

**REQUEST NO. 12:**

All documents concerning, supporting, evidencing, referring or relating to any action you have taken to mitigate any damages alleged in the Complaint, including, but not limited to, investigating, testing, cleaning, repairing, or replacing any element(s) of your Home(s)or personal property contained therein.

**REQUEST NO. 13:**

All documents comprising or relating to all inspections, testing, air monitoring, and all other data collected at the Home related to this case, including but not limited to inspections by the entities identified in the Plaintiffs' Profile Form, Colonial Inspection Services, Driskill Environmental, the Consumer Product Safety Commission, Strategy LLC and/or any other entity or person.

**REQUEST NO. 14:**

All documents confirming or relating to the existence of defective drywall in the Home, including but not limited to, contracts, invoices, supply tickets, photographs, etc..

**REQUEST NO. 15:**

All documents concerning, supporting, evidencing, referring or relating to alleged property damages suffered by you as a result of the allegations in the Complaint, including, but not limited to, damages to your personal property and/or elements of the Home.

**REQUEST NO. 16:**

All agreements with architects, contractors, subcontractors, and builders, including, but not limited to, blueprints, diagrams, drawings, maps, charts, or plans along with their specifications, inspection reports, certificates of occupancy, and permits, concerning, supporting, evidencing, referring or relating to the Home(s) and the location of the allegedly defective drywall in the Home(s).

**REQUEST NO. 17:**

All photographs concerning, supporting, evidencing, referring or relating to the allegedly defective drywall in the Home, including, but not limited to, photographs of the drywall and/or any items allegedly damaged by the drywall.

**REQUEST NO. 18:**

All documents concerning, supporting, evidencing, referring or relating to communications made between either Plaintiffs or their representative(s) regarding the allegations in the Complaint.

**REQUEST NO. 19:**

All documents referenced in the Complaint, to the extent that they are not attached to the Complaint as exhibits.

**REQUEST NO. 20:**

All documents concerning, supporting, evidencing, referring or relating to any defects of the drywall, including, but not limited to, its alleged smell, its chemical composition, its emission of chemicals into the air, and its effect on plaintiffs' personal property.

**REQUEST NO. 21:**

All documents in the possession of Plaintiffs' and/or their representative(s) reflecting any recovery received from any source for any of the alleged losses that form the basis for the Complaint, including, but not limited to, Plaintiffs' insurance carrier(s), or any of the other named Defendants.

**REQUEST NO. 22:**

All documents comprising or relating to any and all releases, covenants not to sue, assignments of claim, subrogation agreements, or other similar legal documents relating in any form or fashion to Plaintiffs' claim.

**REQUEST NO. 23:**

If the Home has been the subject of any drywall repair or remediation, then any and all materials preserved including, but not limited drywall samples, air conditioning coils, electrical wiring or fixtures, appliances, parts of appliances, and any other personal property.

**REQUEST NO. 24:**

All documents in the possession of Plaintiffs and/or their representative(s) that Plaintiffs intend to introduce as evidence at the trial of this cause.

**REQUEST NO. 25:**

All documents comprising or relating to any and all communications with third parties including but not limited to, government agencies; politicians; law enforcement officials, health officials, etc. relating to the subject matter of this action.

**REQUEST NO. 26:**

All documents comprising or relating to any and all communications with parties who may be legally responsible to Plaintiffs' related to the subject matter of this action including, but not limited to, homebuilders, developers, contractors, subcontractors, suppliers, insurance carriers, etc.

**REQUEST NO. 27:**

All documents in the possession of Plaintiffs and/or their representative(s) that supports any claims of wrongdoing or misfeasance on the part of any Defendant in this action.

**REQUEST NO. 28:**

All affidavits, sworn statements, statements, communications, and documents obtained from any person concerning, supporting, evidencing, referring or relating to the allegedly defective drywall.

**REQUEST NO. 29:**

All documents concerning, supporting, evidencing, referring or relating to your relocation from the Home as a result of the allegedly defective drywall, including, but not limited to,

documents evidencing the date you vacated the Home, the date you returned or will be returning to the Home, the location where you relocated to, and any expenditures relating to your relocation.

**REQUEST NO. 30:**

All documents concerning, supporting, evidencing, referring or relating to any obligations of Defendants to Plaintiffs as it relates to the allegations in Plaintiffs' Complaint.

**REQUEST NO. 31:**

All documents mentioned in, referred to, relied upon or consulted, in preparation of your answers to the First Set of Interrogatories served simultaneously herewith. The documents should be reasonably marked and separated so as to indicate the interrogatory response in which each document was identified or relied upon in preparation of your answers to the First Set of Interrogatories.

**REQUEST NO. 32:**

All documents containing the names, phone numbers, and addresses of all individuals known or identified as potential witnesses.

**REQUEST NO. 33:**

All documents confirming the existence of allegedly defective drywall in the Home(s).

**REQUEST NO. 34:**

All motion picture or video tapes concerning, supporting, evidencing, referring or relating to the allegedly defective drywall in the Home(s) and/or any items allegedly damaged by the drywall.

**REQUEST NO. 35:**

All reports prepared by experts regarding the allegedly defective drywall and all documents discussing or referring to such reports.

**REQUEST NO. 36:**

All correspondence with or bills from persons who have performed remediation efforts on the Home(s).

**REQUEST NO. 37:**

All documents containing or referring to claims made against other parties as a result of the allegedly defective drywall.

**REQUEST NO. 38:**

All insurance documents and indemnification agreements potentially covering the allegedly defective drywall including, but not limited to homeowner's insurance policy.

**REQUEST NO. 39:**

All documents relating to any communication between Plaintiffs or their representatives and any public health authority, whether municipal, county, state, or federal, concerning the allegedly defective drywall.

**REQUEST NO. 40:**

Each and every report that has been made to any federal, state, or local official, insurer, or hospital official concerning the allegedly defective drywall alleged in Plaintiffs' Complaint.

Respectfully submitted,

s/Kyle A. Spaulding
Donald J. Hayden
BAKER & McKENZIE LLP
Mellon Financial Center
1111 Brickell Avenue, Suite 1700
Miami, FL  33131
Telephone:    (305) 789-8966
Facsimile:    (305) 789-8953
Email: donald.j.hayden@bakermckenzie.com

Richard M. Franklin
Douglas B. Sanders
BAKER & MCKENZIE LLP
130 E. Randolph Drive
One Prudential Plaza
Chicago, IL  60601
Telephone:    (312) 861-8075
Facsimile:    (312) 698-2375
Email: douglas.b.sanders@bakermckenzie.com

Kerry Miller (LA Bar No. 24562)
Kyle A. Spaulding (LA Bar No. 29000)
FRILOT L.L.C.
1100 Poydras Street
Suite 3700
New Orleans, Louisiana 70163
Telephone:    (504) 599-8194
Facsimile:    (504) 599-8145
Email:  kmiller@frilot.com

*Attorneys for Defendant KPT*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with pretrial Order No. 6, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 16th day of April, 2010.

s/Kyle A. Spaulding