## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED | * | MDL NO. 2:09-md-2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION "L" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE  ELDON E. FALLON |
| SEAN AND BETH PAYTON, ET AL | * | |
| VERSUS | * | MAGISTRATE JUDGE JOSEPH C. |
| KNAUF GIPS, ET AL | | WILKINSON, JR. |
| 2:09-CV-7628-EEF-JCW | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANTS LAPORTE FAMILY PROPERTIES, L.L.C. AND LEROY J. LAPORTE, JR.'S AFFIRMATIVE DEFENSES AND ANSWER TO PLAINTIFFS' ONMIBUS CLASS ACTION COMPLAINT

**NOW  INTO  COURT** through  undersigned  counsel  comes  Laporte  Family Properties, L.L.C. and Leroy J. Laporte, Jr. ("Defendants"), who in response to the allegations contained in Plaintiffs' Omnibus Class Action Complaint (I) ("Complaint") issue a general denial of each and every allegation including but not limited to, Defendant designed, manufactured, imported, distributed, delivered, supplied, marketed, inspected, installed or sold any defective drywall at issue in this litigation.  Defendants otherwise respond to the complaint and do respectfully aver:

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendants plead each and every affirmative defense available to them pursuant to Federal Rules of Civil Procedure (FRCvP) Rule 12(b), and further reserve the right to plead any and all other defenses allowed by law which are not now known but become known during the course of this litigation.

### SECOND DEFENSE

Defendants affirmatively aver they did not a) design, b) manufacture, c) export, d) import, e) distribute, f) deliver, g) supply, h) inspect, i) install, j) market, k) purchase, or l) sell the drywall made subject to this litigation and therefore did not owe a duty of reasonable care to any of the Plaintiffs and Class Members.

### THIRD DEFENSE

Defendants affirmatively aver they did not owe any statutory duties to Plaintiffs and Class Members as they did not a) design, b) manufacture, c) export, d) import, e) distribute, f) deliver, g) supply, h) inspect, i) install, j) market, k) purchase, or l) sell the drywall made subject to this litigation.

### FOURTH DEFENSE

Defendants affirmatively aver they did not owe a duty to Plaintiffs and Class Members to warn of the alleged defects in the drywall made subject to this litigation as they did not a) design, b) manufacture, c) export, d) import, e) distribute, f) deliver, g) supply, h) inspect, i) install, j) market, k) purchase, or l) sell said drywall.

**FIFTH DEFENSE**

Defendants affirmatively aver they did not owe an express and/or implied warranty of fitness to Plaintiffs and Class Members as they did not a) design, b) manufacture, c) export, d) import, e) distribute, f) deliver, g) supply, h) inspect, i) install, j) market, k) purchase or l) sell the drywall made subject to this litigation.

**SIXTH DEFENSE**

Defendants affirmatively aver they did not owe a warranty of habitability to Plaintiffs and Class Members as they did not a) design, b) manufacture, c) export, d) import, e) distribute, f) deliver, g) supply, h) inspect, i) install, j) market, k) purchase, or l) sell the drywall made subject to this litigation.

**SEVENTH DEFENSE**

Defendants affirmatively aver there was no privity of contract between them and any of the Plaintiffs and Class Members.

**EIGHTH DEFENSE**

Defendants affirmatively aver they are not manufacturers of the drywall made subject to the instant litigation and are not liable to Plaintiffs and Class Members under the Louisiana Products Liability Act, La.R.S. 9:2800.51, *et seq.*

**NINTH DEFENSE**

Defendants affirmatively aver they have not created a private nuisance affecting Plaintiffs and Class Members as they did not a) design, b) manufacture, c) export, d) import, e) distribute, f) deliver, g) supply, h) inspect, i) install, j) market, k) purchase, or l) sell the drywall made subject to this litigation.

**TENTH DEFENSE**

Defendants affirmatively aver they had no actual or constructive knowledge of any alleged corrosive and dangerous propensities of the drywall made subject to the instant litigation as they did not a) design, b) manufacture, c) export, d) import, e) distribute, f) deliver, g) supply, h) inspect, i) install, j) market, k) purchase, or l) sell said drywall.

**ELEVENTH DEFENSE**

Defendants affirmatively aver they have not received money from any Plaintiff or Class Member and therefore have not been unjustly enriched in any manner.

**TWELFTH DEFENSE**

Defendants affirmatively aver they are not vendors of the drywall made subject to the instant litigation and are not liable to Plaintiffs and Class Members under the Louisiana Unfair Trade Practices and Consumer Protection Law, La.R.S. 51:1401, *et seq*.

**THIRTEENTH DEFENSE**

Defendants affirmatively aver Plaintiffs' and Class Members' damages and/or injuries contained within the Complaint were caused in whole or in part by their own negligence, as such Plaintiffs and Class Members are barred in whole or in part from recovery thereof.

**FOURTEEHTH DEFENSE**

Defendants affirmatively aver Plaintiffs' and Class Members' damages and/or injuries were caused by the negligence and/or fault of third parties for whom Defendants are not responsible and for whom Defendants exercised no control.

## FIFTEENTH DEFENSE

Defendants affirmatively aver Plaintiffs' and Class Members' claims contained within the Complaint are barred in whole or in part by their own failure to mitigate their alleged damages.

## SIXTEENTH DEFENSE

Defendants affirmatively aver Plaintiffs' and Class Members' damages and/or injuries were caused by events beyond the control of Defendants.

## SEVENTEENTH DEFENSE

Defendants affirmatively aver Plaintiffs' and Class Members' claims are barred in whole or in part by prescription and/or preemption.

## EIGHTEENTH DEFENSE

Defendants affirmatively aver Plaintiffs' and Class Members' claims are barred in whole or in part by their failure to exhaust any and all administrative remedies which may be afforded to the parties.

## NINETEENTH DEFENSE

Defendants affirmatively aver Plaintiffs and Class Members have not alleged or sustained any actual damages and/or injuries that were proximately caused by Defendants.

## TWENTIETH DEFENSE

Defendants affirmatively aver Plaintiffs' and Class Members' claims are barred in whole or in part by prescription and/or preemption pursuant to the Louisiana New Home Warranty Act, La.R.S. 9:3141, *et seq*.

### TWENTY-FIRST DEFENSE

Defendants affirmatively aver Plaintiffs and Class Members fail to state a cause of action against Defendants for which relief can be granted.

### TWENTY-SECOND DEFENSE

Defendants affirmatively aver Plaintiffs' and Class Members' allegations contained within the Complaint are vague and ambiguous and should be dismissed as these Defendants are not members of any class of defendants contained within the Complaint.

### TWENTY-THIRD DEFENSE

Defendants affirmatively aver the Louisiana New Home Warranty Act is the exclusive remedy relative to new home construction and no other provision of law apply.

### TWENTY-FOURTH DEFENSE

Defendants affirmatively aver the defense of comparative fault.

### TWENTY-FIFTH DEFENSE

Defendants reserve their rights to supplement and/or amend this answer and raise additional defenses which may be ascertained during discovery.

### ANSWER

**AND NOW FURTHER** answering, Defendants, Laporte Family Properties, L.L.C. and Leroy J. Laporte, Jr., ("Defendants") do respectfully aver:

1.

The introductory paragraph of the Complaint does not require a response from Defendants.  However, in an abundance of caution to the extent allegations exist, they are denied.

## JURISDICTION, PARTIES, AND VENUE

2.

Paragraphs 1 – 3 are denied for lack of sufficient information to justify a belief therein.

## PLAINTIFFS

3.

Pargraphs 4 – 2072 do not make allegations against Defendants and do not require a response.  However, in an abundance of caution to the extent allegations exist, they are denied.

## DEFENDANTS

4.

The allegations contained within Paragraph 2073 are denied, except to admit Leroy J. Laporte, Jr., is a resident of Louisiana and Chinchuba Creek Garden Homes, L.L.C. is a limited liability company formed pursuant to Louisiana Law.

## The Manufacturing Defendants

5.

Paragraphs 2074 – 2079 pertain to other parties, do not make allegations against Defendants, and therefore do not require a response. However, in an abundance of caution to the extent allegations exist, they are denied.

## The Distributor and Supplier Defendants

6.

Paragraphs 2080 – 2123 pertain to other parties, do not make allegations against Defendants, and therefore do not require a response. However, in an abundance of caution to the extent allegations exist, they are denied.

## The Importer/Exporter/Broker Defendants

7.

Paragraphs 2124 – 2128 pertain to other parties, do not make allegations against Defendants, and therefore do not require a response. However, in an abundance of caution to the extent allegations exist, they are denied.

The Developer/Builder Subclasses

8.

Paragraphs 2129 – 2458 pertain to other parties, do not make allegations against Defendants, and therefore do not require a response. However, in an abundance of caution to the extent allegations exist, they are denied.

9.

The allegations in Paragraph 2459 are denied, except to admit Laporte Family Properties, L.L.C. is a Louisiana limited liability company with its principal place of business locate at 950 W. Causeway Approach, Mandeville, Louisiana 70471.

10.

The allegations in Paragraph 2460 are denied, except to admit Leroy J. Laporte, Jr., is a Louisiana resident.

11.

The allegations in Paragraphs 2461 – 2516 pertain to other parties, do not make allegations against Defendants, and therefore do not require a response. However, in an abundance of caution to the extent allegations exist, they are denied.

**The Contractor/Installer Subclasses**

12.

The allegations in Paragraphs 2517 - 2609 pertain to other parties, do not make allegations against Defendants, and therefore do not require a response. However, in an abundance of caution to the extent allegations exist, they are denied.

**FACTS REGARDING PRODUCT DEFECT**

13.

The allegations in Paragraphs 2610 – 2620 are denied for lack of sufficient information to justify a belief therein.

**CLASS ACTION ALLEGATIONS**

**The Knauf Class**

14.

The allegations in Paragraph 2621 pertain to other parties, do not make allegations against Defendants, and therefore do not require a response. However, in an abundance of caution to the extent allegations exist, they are denied.

**The Distributor/Supplier Subclasses (Subclasses 1-43)**

15.

The allegations in Paragraphs 2622 – 2623 pertain to other parties, do not make allegations against Defendants, and therefore do not require a response.  However, in an abundance of caution to the extent allegations exist, they are denied.

**The Importer/Exporter/Broker Subclasses (Subclasses 44-48)**

16.

The allegations in Paragraphs 2624 – 2625 pertain to other parties, do not make allegations against Defendants, and therefore do not require a response.  However, in an abundance of caution to the extent allegations exist, they are denied.

**The Builder/Developer subclasses (Subclasses 49 – 436)**

17.

The allegations in Paragraphs 2626 – 2627 are denied.

**The Contractor/Installer Subclasses (Subclasses 437-529)**

18.

The allegations in Paragraphs 2628 – 2629 pertain to other parties, do not make allegations against Defendants, and therefore do not require a response.  However, in an abundance of caution to the extent allegations exist, they are denied.

General Class Allegations and Exclusions from the Class Definitions

19.

The allegations in Paragraphs 2630 – 2631 pertain to other parties, do not make allegations against Defendants, and therefore do not require a response.  However, in an abundance of caution to the extent allegations exist, they are denied.

20.

The allegations in Paragraphs 2632 – 2639 are denied for lack of sufficient information to justify a belief therein.

## COUNT I – NEGLIGENCE

21.

Defendants adopt and restate the preceding paragraphs as if fully set forth herein.

22.

Defendants deny each and every allegation contained within Paragraphs 2640 – 2647.

## COUNT II – NEGLIGENCE PER SE

23.

Defendants adopt and restate the preceding paragraphs as if fully set forth herein.

24.

Defendants deny each and every allegation contained within Paragraphs 2648 – 2654.

## COUNT III – STRICT LIABILITY

25.

Defendants adopt and restate the preceding paragraphs as if fully set forth herein.

26.

Defendants deny each and every allegation contained within Paragraphs 2655 – 2672.

**COUNT IV – BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES**

27.

Defendants adopt and restate the preceding paragraphs as if fully set forth herein.

28.

Defendants deny each and every allegation contained within Paragraphs 2673 – 2680.

**COUNT V – BREACH OF THE IMPLIED WARRANTY OF FITNESS AND MERCHANTABILITY PURSUANT TO FLORIDA STATUTES SECTION 718.203.**

29.

Defendants adopt and restate the preceding paragraphs as if fully set forth herein.

30.

The allegations in Paragraphs 2681 - 2692 pertain to other parties, do not make allegations against Defendants, and therefore do not require a response.  However, in an abundance of caution to the extent allegations exist, they are denied.

**COUNT VI – BREACH OF THE IMPLIED WARRANTY OF HABITABILITY**

31.

Defendants adopt and restate the preceding paragraphs as if fully set forth herein.

32.

Defendants deny each and every allegation contained within Paragraphs 2693 – 2699.

## COUNT VII – BREACH OF CONTRACT

33.

Defendants adopt and restate the preceding paragraphs as if fully set forth herein.

34.

Defendants deny each and every allegation contained within Paragraphs 2700 – 2703.

## COUNT VIII
## VIOLATION OF THE LOUISIANA NEW HOME WARRANTY ACT

35.

Defendants adopt and restate the preceding paragraphs as if fully set forth herein.

36.

Defendants deny each and every allegation contained within Paragraphs 2704 – 2710.

## COUNT IX – REDHIBITION

37.

Defendants adopt and restate the preceding paragraphs as if fully set forth herein.

38.

Defendants deny each and every allegation contained within Paragraphs 2711 – 2720.

## COUNT X – LOUISIANA PRODUCTS LIABILITY ACT

39.

Defendants adopt and restate the preceding paragraphs as if fully set forth herein.

40.

Defendants deny each and every allegation contained within Paragraphs 2721 – 2734.

## COUNT XI – PRIVATE NUISANCE

41.

Defendants adopt and restate the preceding paragraphs as if fully set forth herein.

42.

Defendants deny each and every allegation contained within Paragraphs 2735 – 2741.

## COUNT XII – NEGLIGENT DISCHARGE OF A CORROSIVE SUBSTANCE

43.

Defendants adopt and restate the preceding paragraphs as if fully set forth herein.

44.

Defendants deny each and every allegation contained within Paragraphs 2742 – 2748.

## COUNT XIII – UNJUST ENRICHMENT

45.

Defendants adopt and restate the preceding paragraphs as if fully set forth herein.

46.

Defendants deny each and every allegation contained within Paragraphs 2749 – 2752.

## COUNT XIV – VIOLATION OF CONSUMER PROTECTION ACTS

47.

Defendants adopt and restate the preceding paragraphs as if fully set forth herein.

48.

Defendants deny each and every allegation contained within Paragraphs 2753 – 2757.

## COUNT XV – EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING

49.

Defendants adopt and restate the preceding paragraphs as if fully set forth herein.

50.

Defendants deny each and every allegation contained within Paragraphs 2758 – 2770.

## DEMAND FOR JURY TRIAL

51.

This unnumbered paragraph does not make allegations against Defendants and does not require a response.   However, in an abundance of caution to the extent allegations exist, they are denied.

## PRAYER FOR RELIEF

### 52.

Defendants deny each and every allegation contained within the prayer for relief.

### 53.

Further, and in an abundance of caution, Defendants deny each and every allegation contained within any unnumbered and/or misnumbered paragraphs and prayer for relief.

**WHEREFORE** Defendants, Laporte Family Properties, L.L.C. and Leroy J. Laporte, Jr., pray this their Answer and Affirmative Defenses be deemed good and sufficient and after due proceedings had, there be judgment in favor of Defendants dismissing all of Plaintiffs' and Class Members' claims with prejudice, all costs including attorney fees assessed to Plaintiffs and Class Members, and all other general and equitable relief deemed necessary by this Honorable Court.

RESPECTFULLY SUBMITTED:

WYNNE, GOUX & LOBELLO
Attorneys At Law, L.L.C.

Original /s/ *Martha D. Bowden*

By: _____
JEREMY D. GOUX, LBRN 25065 - TA
MARTHA D. BOWDEN, LBRN 28316
417 North Theard Street
Covington, Louisiana 70433
985-898-0504 – Telephone
985-898-0840 – Facsimile
jgoux@wgllawfirm.com
mbowden@wgllawfirm.com

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** the above and foregoing Answer and Affirmative has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and email OR by hand delivery and email and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 5th day of May, 2010.

Original /s/ *Martha D. Bowden*
_____
Martha D. Bowden