## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED | MDL NO.: 2047 |
| DRYWALL PRODUCTS LIABILITY LITIGATION | SECTION: L |
| | JUDGE FALLON |
| (This Document Relates to Wiltz et al, v. Beijing New Building Materials, et al; Case No. 2:10-CV-0361) | MAG. JUDGE WILKINSON |

**DEFENDANT K. HOVNANIAN FIRST HOMES, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant K. Hovnanian First Homes, LLC ("KHFH"), hereby files this Memorandum of Law in Support of its Motion to Stay Discovery Pending Resolution of its Motion to Dismiss for Lack of Personal Jurisdiction, filed contemporaneously herewith.

### INTRODUCTION

As more fully set forth in KHFH's Motion to Dismiss for Lack of Personal Jurisdiction and supporting Memorandum of Law (together the "Motion to Dismiss") [DE 2903], which arguments are incorporated by reference herein, this Court lacks personal jurisdiction over KHFH. Specifically, because KHFH does not have any connection with the State of Louisiana, Louisiana's long-arm statute does not reach KHFH, and any exercise of *in personam* jurisdiction over KHFH would violate the Constitutional Due Process requirements. Given the Court's lack of personal jurisdiction with respect to KHFH, KHFH respectfully submits that it should not be required to complete the Homebuilder Profile Form, nor should the Plaintiffs (or any other party) be entitled to obtain any other discovery from KHFH prior to the Court's disposition of the Motion to Dismiss.

## ARGUMENT

It is axiomatic that control of discovery is committed to the sound discretion of the trial court. In this regard, the Fifth Circuit has held that "it is appropriate to stay discovery until preliminary questions that may dispose of the case are determined." *Parish of Jefferson v. S. Recovery Management, Inc.*, 1996 WL 144400, *2 (E.D. La. 1996) (unpublished) (vacating the magistrate's order denying a motion to stay discovery and finding that although "the discovery sought would not be prohibitively costly, even minimal cost is unwarranted where imminent jurisdictional rulings may render such discovery altogether moot") *citing Petrus v. Bowen*, 833 F. 2d 581, 583 (5th Cir. 1987) (holding that nothing in discovery could have affected the resolution of the Rule 12(b)(6) motion and the district court properly deferred discovery while deciding whether the defendants were proper parties to the action).

Moreover, courts within the Fifth Circuit have routinely held that when the lack of personal jurisdiction over a defendant is clear and the discovery would serve no purpose, it should not be permitted. *See, e.g., Paolino v. Argyll Equities, LLC*, 401 F. Supp. 2d 712, 722 (W.D. Tex. 2005) (denying even jurisdictional discovery because the lack of personal jurisdiction was clear and therefore the discovery would serve no purpose); *Tschirn v. Kurzweg*, 2003 WL 21087741, *2 (E.D. La. 2003) (unpublished) (granting a motion for stay of all discovery pending a ruling on a motion to dismiss for lack of jurisdiction and recognizing that if plaintiff "is allowed to conduct discovery at this time, the parties will incur the expense of litigating over the scope of the discovery and conducting the discovery and this may be unnecessary"); *Dykes v. Maverick Motion Picture Grp.*, 2009 WL 3053738, *2 n.1 (M.D. La. 2009) (unpublished) (refusing to permit merit discovery and recognizing that certain defendants "will be dismissed should they prevail on their jurisdictional arguments, so there is no need for

merits discovery relating to them (or by them, about others) until and unless they actually lose their jurisdictional arguments").

Here, the Homebuilder Profile Form applicable to KHFH requires KHFH to compile substantial information with respect to the Plaintiffs, and provide that information with certain supporting documentation to liaison counsel. Requiring KHFH to complete this disclosure places not only a significant burden on KHFH to complete the profile form and compile the required information, but also requires KHFH to provide what amounts to merit-based discovery notwithstanding the Court's lack of personal jurisdiction over KHFH. Moreover, Plaintiffs and certain co-Defendants have begun to serve discovery on, and issue subpoenas to, KHFH directed at obtaining merit-based discovery. Such discovery should not be permitted. As set forth in the Motion to Dismiss, there is no basis whatsoever upon which to assert personal jurisdiction over KHFH. In light of the clear lack of personal jurisdiction, all of this discovery would serve no purpose but to force KHFH to incur unnecessary expenses and waste judicial resources.

## CONCLUSION

Based on the foregoing, KHFH respectfully requests that the Court relieve it of any obligation to respond to the Homebuilder Profile Form and stay all other discovery currently pending or subsequently served by any party or non-party on KHFH, including, but not limited to, any depositions, written discovery or subpoenas related to same, pending the resolution of its Motion to Dismiss.

MDL NO.: 2047 (Section: L) Fallon/ Wilkinson
(This Document Relates to Case No. 2:10-CV-361)

Dated May 7, 2010               Respectfully submitted,

                                BILZIN SUMBERG BAENA PRICE
                                & AXELROD LLP
                                Attorneys for Defendant, KHFH
                                2500 Wachovia Financial Center
                                200 South Biscayne Boulevard
                                Miami, Florida 33131
                                Tel.: (305)374-7580   Fax: (305)374-7593

                                BY:    /s/ *Melissa Pallett-Vasquez*
                                       ROBERT W. TURKEN, ESQ.
                                       Florida Bar No. 306355
                                       rturken@bilzin.com
                                       ADAM F. HAIMO, ESQ.
                                       Florida Bar No. 502731
                                       ahaimo@bilzin.com
                                       MELISSA PALLETT-VASQUEZ, ESQ.
                                       Florida Bar No.  715816
                                       mpallett@bilzin.com


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Memorandum of Law in Support of its Motion to Stay Discovery has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 7th day of May, 2010.


                                       By: /s/ *Melissa Pallett-Vasquez*
                                              Melissa Pallett-Vasquez

4