UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION

MDL NO. 2047

SECTION L

THIS DOCUMENT RELATES TO
Kenneth and Barbara Wiltz, et al. v. Beijing New
Building Materials Public Ltd. Co., et al.
Case No: 2:10-cv-00361 (E.D.La.)

Judge: Fallon
MAG JUDGE WILKINSON

/

## MEMORANDUM IN SUPPORT OF DEFENDANT, HOLIDAY BUILDERS, INC.'S MOTION TO DISMISS PLAINTIFFS' OMNIBUS CLASS ACTION COMPLAINT FOR LACK OF PERSONAL JURISDICTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2)

**MAY IT PLEASE THE COURT:**

Defendant, HOLIDAY BUILDERS, INC. ("HOLIDAY"), through undersigned counsel, appearing solely for the purpose of this Motion to Dismiss, moves this Court to issue an Order dismissing the claims of the Plaintiffs under Federal Rule of Civil Procedure 12(b)(2) for the reasons set forth below. Specifically, HOLIDAY is not subject to, nor has it submitted to, the jurisdiction of this Court.

### I. FACTUAL BACKGROUND AND INTRODUCTION

On March 15, 2010, Plaintiffs, KENNETH AND BARBARA WILTZ, individually, and on behalf of all others similarly situated, filed Plaintiffs' Amended Omnibus Class Action Complaint (II) ("Complaint") against Defendants, including HOLIDAY before this Court. The Complaint demands judgment for compensatory, statutory and punitive damages and injunctive relief against HOLIDAY and asserts twelve (12) causes of action against HOLIDAY, including negligence, negligence per se, strict liability, breach of express and/or implied warranties, breach

- 1 -

of implied warranty of habitability, breach of contract, redhibition, private nuisance, negligent discharge of a corrosive substance, unjust enrichment, violation of consumer protection acts, and equitable and injunctive relief and medial monitoring.

However, HOLIDAY is a Florida corporation with its principal place of business in Florida, as more fully set forth in the Affidavit of Richard A. Fadil, attached hereto as **Exhibit "A"**. (*See also,* Pl. Compl. ¶ 703). HOLIDAY has never transacted business in the State of Louisiana, does not maintain an office or agent in Louisiana, does not own property in Louisiana, has not breached any contract or committed any tort in Louisiana and has not otherwise conducted itself in any manner that would give rise to personal jurisdiction over HOLIDAY by a court in Louisiana.

Accordingly, this Court lacks personal jurisdiction over HOLIDAY because Louisiana's long-arm statute, La. R.S. 13:3201(B), does not reach this nonresident Defendant and because the exercise of in personam jurisdiction over this non-resident Defendant would violate the Due Process Clause of the United States Constitution.

## II. ARGUMENT

There is no basis for the exercise of personal jurisdiction over HOLIDAY in Louisiana. HOLIDAY is a Florida corporation with its principal place of business in Florida. HOLIDAY is not registered to do business in Louisiana, does not have an agent for service of process in Louisiana, does not have any offices or employees in Louisiana, does not have any bank accounts in Louisiana, and does not own any property in Louisiana. (*See,* Fadil Aff.). Because there is not a sufficient connection (or any connection for that matter) between HOLIDAY and the state of Louisiana to justify this Court's exercise of jurisdiction over HOLIDAY under

Louisiana's long-arm statute or constitutional due process requirements, the Complaint must be dismissed for lack of personal jurisdiction.

### A. THE COMPLAINT MUST BE DISMISSED BECAUSE HOLIDAY IS NOT SUBJECT TO PERSONAL JURISDICTION IN LOUISIANA.

A federal court sitting in diversity[1] may exercise personal jurisdiction over a nonresident defendant **only** if two requirements are satisfied: (1) the forum state's long-arm statute confers personal jurisdiction; **and** (2) the exercise of jurisdiction does not exceed the boundaries of Due Process. *See Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006).

Louisiana's long-arm statute, La. R.S. 13:3201(B), provides that a Louisiana court "may exercise personal jurisdiction over a nonresident on any basis consistent with ... the Constitution of the United States." Because the limits of Louisiana's long-arm statute are co-extensive with the limits of constitutional due process, the inquiry is simply whether this Court's exercise of jurisdiction over HOLIDAY would offend due process. *See Luv N' Care, LTD v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006); *see also Electrosource, Inc. v. Horizon Battery Techs., Ltd.*, 176 F.3d 867, 871 (5th Cir. 1999).

The Due Process Clause limits the Court's power to assert personal jurisdiction over a nonresident defendant. *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 413-14 (1994). The Due Process inquiry is two-fold. First, the Court must establish whether HOLIDAY, a nonresident defendant, has the requisite minimum contacts with Louisiana, the forum state. *See Luv N' Care,* 438 F.3d at 469 (citing *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 319 (1945)). Second, the Court must determine whether exercising personal jurisdiction over HOLIDAY would violate "traditional notions of fair play and substantial justice." *Int'l*

---

[1] Plaintiffs allege that the Court has subject matter jurisdiction by virtue of diversity jurisdiction. (Pl.'s Complaint ¶ 1).

*Shoe Co.,* 326 U.S. at 310. For the following reasons, the Due Process inquiry clearly shows that the Court lacks the power to assert personal jurisdiction over HOLIDAY.

## I.     Minimum Contacts

The minimum contacts test takes two forms, and the constitutional limitations on the exercise of personal jurisdiction differ depending on whether a court seeks to exercise general or specific jurisdiction over the defendant. However, in this case, the Court clearly lacks the power to exercise either general or specific jurisdiction over HOLIDAY because <u>HOLIDAY has no contacts whatsoever with the state of Louisiana</u>.

### a.     Specific Jurisdiction

The Court may exercise specific jurisdiction over a nonresident defendant "in a suit arising out of or related to the defendant's contacts with the forum." *Seiferth,* 472 F.3d at 271 (citing *Helicopteros Nacionales de Colombia,* 466 U.S. at 413-14). The Fifth Circuit articulated a three-step personal jurisdiction inquiry:

> (1) whether the defendant has minimum contacts with the forum state ... whether [he] purposely directed [his] activities toward the forum state or purposely availed [himself] of the privileges of conducting activities there;
> 
> (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and
> 
> (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Id.* (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985) and *Nuovo Pignone v. STORMAN ASIA M/V,* 310 F.3d 374 (5th Cir. 2002)).

### i.     **Plaintiffs <u>fail</u> to establish that HOLIDAY purposefully availed itself of the privilege of conducting activities in Louisiana, thus invoking the benefits and protections of Louisiana's laws.**

308579 v_02 \ 108652.0081

The first prong of the analysis requires that Plaintiffs establish that HOLIDAY purposefully availed itself of the privilege of conducting activities in Louisiana, thus invoking the benefits and protections of Louisiana's laws. *Jones v. Petty-Ray Geophysical*, 954 F.2d 1061, 1086 (5th Cir. 1992) (quoting *Hanson v. Denckla*, 357 U.S. 235 (1958)). This prong is the constitutional touchstone for the exercise of personal jurisdiction. *See Asahi Metal Indus. Co., Ltd v. Super. Ct. of Calif., Solano Co.*, 480 U.S. 102, 108-09 (1987).

Plaintiffs have not and cannot establish the first prong of the analysis. HOLIDAY is not registered to do business in Louisiana. (Fadil Aff. ¶ 3). HOLIDAY does not have any offices or employees in Louisiana. (Fadil Aff. ¶ 6). HOLIDAY does not own any property in Louisiana. (Fadil Aff. ¶¶ 5-8). Moreover, none of the claims raised against HOLIDAY relate in any way whatsoever to Louisiana. In fact, Plaintiffs merely allege that Holiday built one (1) of the single-family residences at issue in this lawsuit. Yet, ¶ 453 of Plaintiffs Complaint shows that the residence is located in Florida. To this end, Holiday maintains that any contracts entered into concerning said residence was negotiated and performed in Florida, not Louisiana. (Fadil Aff. ¶¶ 10, 11). As such, Plaintiffs have failed to establish that HOLIDAY purposefully availed itself of the privileges of conducting business in Louisiana; and therefore, the Court cannot exercise specific jurisdiction over HOLIDAY.

### ii. Plaintiffs fail to establish that their causes of action against HOLIDAY arise out of or relate to HOLIDAY's "forum-related contacts."

To satisfy the second prong of the analysis, Plaintiffs' causes of action must arise out of or relate to HOLIDAY's forum-related contacts. Plaintiffs, however, have not and cannot establish that any of their causes of action (asserted against HOLIDAY) arise our of or relate to HOLIDAY's conduct in Louisiana. Simply put, HOLIDAY has no contact whatsoever with Louisiana. (*See,* Fadil Aff.).

- 5 -

The underlying basis for this class action lawsuit is allegedly defective drywall material used in the construction of certain residences. Yet, the residence allegedly built by HOLIDAY and encompassed by this action is not located in Louisiana. (Pl. Compl. Schedule 3 and Pl. Compl. ¶ 453). In fact, HOLIDAY has never built a residence in the state of Louisiana. (Fadil Aff. ¶ 5). Moreover, HOLIDAY is not even registered to do business in Louisiana. (Fadil Aff. ¶ 6). HOLIDAY does not have any offices or employees in Louisiana, nor does it own property in Louisiana. (Fadil Aff. ¶¶ 6, 8). As HOLIDAY has no contact whatsoever with Louisiana, none of Plaintiffs' tort-based causes of action arise out of or relate to HOLIDAY's forum-related contact, because such contacts are non-existent.

In addition, Plaintiffs assert several contract claims against HOLIDAY. In contract cases, the Fifth Circuit looks to contemplated future consequences of the agreement and the actual course of dealing between the contracting parties. *Dickson Marine Inc. v. Panalpina Inc.*, 179 F.3d 331, 337 (5th Cir. 1999). Plaintiff, Richard Edwards, who allegedly contracted with HOLIDAY was and is a Florida resident. (Compl. ¶ 453).

In light of the fact HOLIDAY has no contact with the state of Louisiana, Plaintiffs have not and cannot establish that their causes of action arise out of or relate to HOLIDAY's "forum-related contacts."

### iii. Plaintiffs <u>fail</u> to established that this Court's exercise of personal jurisdiction over HOLIDAY is "fair and reasonable."

Lastly, the analysis requires that the exercise of personal jurisdiction over the non-resident defendant is fair and reasonable. Plaintiffs have not and cannot establish this third prong of the personal jurisdiction analysis because exercising personal jurisdiction over HOLIDAY is anything but fair and reasonable. Under this reasonableness prong, the exercise of personal

jurisdiction is only reasonable if it does not offend "traditional notions of fair play and substantial justice." *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999).

In reaching its decision, the Court must consider the burden on HOLIDAY. *See World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 292 (1980). HOLIDAY is being hauled into a court that is located far from its place of business and where it has no minimum contacts (as discussed in detail in the first two prongs of this analysis). In addition, if this lawsuit were allowed to proceed in Louisiana, most, if not all of the critical witnesses, along with all of the physical evidence and relevant documents are located in Florida. In light of the foregoing, it would be unreasonable and unfair to force HOLIDAY, a Florida corporation, to litigate in Louisiana.

### b. General Jurisdiction

The sole focus of a general jurisdiction inquiry is whether there are any continuous and systematic contacts between HOLIDAY and the state of Louisiana. *Dickson Marine, Inc.*, 179 F.3d at 339. The Fifth Circuit has found that the continuous and systematic test "is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Submersible Sys., Inc. v. Perforadora Cent.*, 249 F.3d 413, 419 (5th Cir. 2001) (emphasis added).

As HOLIDAY has no contacts whatsoever with the state of Louisiana, an exercise of general jurisdiction over HOLIDAY offends the Due Process Clause. As previously stated, HOLIDAY is a Florida corporation with its principal place of business in Florida. (Fadil Aff. ¶ 3; Pl. Compl. ¶ 703). HOLIDAY is not licensed or registered to do business in Louisiana and it has no offices, employees, property, bank accounts or other resources in this state. (Fadil Aff. ¶¶ 6, 8). In fact, HOLIDAY has never built a residence in Louisiana. (Fadil Aff. ¶ 5). HOLIDAY has not had any contracts or subcontracts with companies located in Louisiana. (*See,*

- 7 -

Fadil Aff.). On these facts, no case can be made that HOLIDAY, with its non-existent contacts, has the "continuous and systematic" contacts required for general jurisdiction. *See generally Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 408.

## II. Exercising personal jurisdiction over HOLIDAY would violate notions of fair play and substantial justice.

Courts consider several factors when making a fair play and substantial justice analysis: "(1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief ..." *Luv N' Care, Ltd.*, 438 F.3d at 473. Fairness dictates the dismissal of the Complaint as to HOLIDAY. HOLIDAY is a Florida corporation with its principal place of business in Florida. (Fadil Aff. ¶ 3; Pl. Compl. ¶ 703). It is not licensed or registered to do business in Louisiana and it has no offices, employees, property, bank accounts or other resources in this state. (Fadil Aff. ¶¶ 6, 8). As detailed in connection with the Minimum Contacts portion of this Motion, it would be a very heavy burden on HOLIDAY to be forced to litigate this action in Louisiana. In addition, Louisiana's interest, as a forum, in adjudicating this action against HOLIDAY is tenuous at best, where neither HOLIDAY nor the causes of action asserted it have any connection to Louisiana. Furthermore, because minimum contacts were not established, Plaintiffs cannot as heavily rely on the "interests of the plaintiff ... [to] justify ... the serious burdens placed on the [] defendant." *Asahi Metal Indus. Co., Ltd*, 480 U.S. at 114. Therefore, exercising personal jurisdiction over HOLIDAY would violate notions of fair play and substantial justice.

## III. CONCLUSION

For the foregoing reasons, adjudicating this dispute against HOLIDAY in Louisiana violates the minimum contacts required to fulfill due process and impedes any notion of "fair

308579 v_02 \ 108652.0081

play and substantial justice." As such, Plaintiffs' Complaint must be dismissed against HOLIDAY for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

Respectfully submitted,

/s /John Armando Boudet
John Armando Boudet
Florida Bar No. 0515670
jboudet@ralaw.com
Roetzel & Andress, LPA
420 South Orange Avenue
CNL Center II, 7th Floor
Orlando, FL  32801
Telephone No:  407.896-2224
Facsimile No:  407.835.3596
*Counsel for Defendant, Holiday Builders, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing HOLIDAY BUILDERS, INC., MEMORANDUM OF LAW, has been served on Plaintiffs' Liaison Counsel, Russ Herman (drywall@hhkc.com), and Defendants' Liaison Counsel, Kerry Miller (kmiller@frilot.com), by US Mail and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047,on this 7th day of May, 2010.

/s /John Armando Boudet
John Armando Boudet
Florida Bar No. 0515670
jboudet@ralaw.com
Roetzel & Andress, LPA
420 South Orange Avenue
CNL Center II, 7th Floor
Orlando, FL  32801
Telephone No:  407.896-2224
Facsimile No:  407.835.3596
*Counsel for Defendant, Holiday Builders, Inc*

308579 v_02 \ 108652.0081