IN THE CIRCUIT COURT OF THE
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 50 2009 CA 01-4458 XXXX MB AA

MARLENE BENNETT,

    Plaintiff,

vs.

CENTERLINE HOMES, INC., a Florida corporation; KNAUF GIPS KG, a German corporation; KNAUF PLASTRBOARD (TIANJIN) CO., LTD., a Chinese limited liability corporation; KNAUF PLASTERBOARD (WUHU) CO. LTD., a Chinese limited liability corporation; KNAUF PLASTERBOARD (DONGGUAN) CO. LTD., a Chinese limited liability corporation; BEIJING NEW BUILDING MATERIAL, PLC, a Chinese corporation; TAISHAN GYPSUM CO. LTD. a Chinese corporation; SHANDONG TAIHE DONGXINCO. LTD., a Chinese corporation; USG CORPORATION, a Delaware corporation; L&W SUPPLY CORP. d/b/a SEACOAST SUPPLY, a Delaware corporation; ALL INTERIOR SUPPLY, INC., a Florida corporation; BANNER SUPPLY CO., a Florida corporation; ROTHCHILT INTERNATIONAL LTD., a foreign corporation; LA SUPREMA TRADING, INC. a Florida corporation; LA SUPREMA ENTERPRISE, INC., a Florida corporation; BLACK BEAR GYPSUM SUPPLY, INC., a Florida corporation; I.B.S.A., INC., a North Carolina corporation,

    Defendants.

_____/

**NOTICE OF FILING ORDER ON CASE MANAGEMENT
CONFERENCE OF MARCH 26, 2010**

{218429.0005/N0825854_1}

Defendant BANNER SUPPLY CO. ("BANNER"), by its undersigned counsel, hereby provides notice of its filing of the attached Order on Case Management Conference of March 26, 2010.

ADORNO & YOSS LLP

Jan Douglas Atlas
Florida Bar No.: 226246
Jeffrey A. Backman
Florida Bar No.: 0662501
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, Florida 33301-4217
Phone: (954) 763-1200
Fax: (954) 766-7800
*Attorneys for Defendant Banner Supply Co.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and foregoing BANNER SUPPLY CO.'S NOTICE has been served on Plaintiffs' Liaison Counsel, Scott Gelfand, Esq. and Defendants' Liaison Counsel, Jeffrey A. Backman, Esq., and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with the Electronic Service Order, and that the foregoing was filed with the Palm Beach Clerk of Court by paper, which will send a notice of electronic filing in accordance with the procedures established by this Court, on this 28th day of April, 2010.

Jeffrey A. Backman, Esq.

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

MARLENE BENNETT,

      Plaintiff(s),

vs.

CENTERLINE HOMES, INC., etc.,

      Defendant(s).
_____/

Case No. 502009CA014458 "DIV. AA"

**ORDER ON CASE MANAGEMENT CONFERENCE OF MARCH 26, 2010**

The court conducted a regularly scheduled case management conference in this matter on March 26, 2010. The primary issue addressed at the status conference was whether this case, and other related Chinese drywall cases in this circuit, should be stayed or abated. While Banner Supply Company took the lead role in arguing the propriety of a stay, various defendants have moved for this relief or for abatement.

There are, essentially, three grounds advanced for the relief sought. First, substantially similar claims were first filed in federal court and, under principles of comity, this case should be stayed pending resolution of those claims. Second, this case should be abated pending plaintiff's compliance with the notice requirements of Chapter 558 of the Florida Statutes. Third, a stay is required because of the existence of duplicative claims being prosecuted in the Multi-District Litigation pending in the United States District Court for the Eastern District of Louisiana (the "MDL").

Defendants' comity based request for a stay is fairly straightforward and simply requires a determination of whether a substantially similar federal court case now pending in the MDL was filed before this action. The moving defendants rely primarily

1

Bennett v. Centerline Homes, Inc.
Case No. 502009CA014458
Order on Case Management Conference of March 26, 2010

on the filing of a class action styled *Krzysztof Olschewski et al v. Centerline Homes, Inc.*, et al Case No. 2009 CA 81274 ("*Olschewski*"). *Olschewski* is now part of the MDL.

Defendants assert that *Olschewski* was filed on April 9, 2009, prior to the filing of this case. Assuming this to be the correct date of filing, the court is not convinced that *Olschewski* supports a stay based on comity. The *Olschewski* case was originally filed in state court in this circuit. The case was later removed to federal court and transferred to the MDL. Under such circumstances, the state court here was actually the first court to exercise jurisdiction over the *Olschewski* case.

The next issue is whether this case should be abated, at least as to certain defendants, for non-compliance with the notice requirements set forth in Florida Statute §558.004. Here there are apparently two classes of defendants to address. As the court understands the facts, certain defendants have received Chapter 558 notices, but those notices were sent after the filing of suit. This appears to be the case with defendant Banner Supply Company. Other defendants, such as GL Homes of Florida Corp., Boynton Beach XVI Corp. and Boynton Beach Associates XVI, LLLP (the "GL defendants") have never received a Chapter 558 notice.

The court concludes that the plaintiff must comply with the mandate of Chapter 558. In this regard, the court will adopt Judge Fallon's case, and defendant, specific approach to the application of Chapter 558. As to any defendant who has previously received a Chapter 558 notice, re-notice is not necessary and suit may proceed. As to any

2

Bennett v. Centerline Homes, Inc.
Case No. 502009CA014458
Order on Case Management Conference of March 26, 2010

defendant who has not previously been served with notice, the case is abated as to that defendant until proper notice is given and 60 days has passed from that notice.

Tracking who has received a Chapter 558 notice and who has not is, to say the least, a difficult task for the court. The court will not, therefore, attempt to specifically identify which parties have received Chapter 558 notices and which have not. However, based on the court's current understanding of the facts, the GL Homes defendants have not received notices and, at a minimum, abatement applies to this group of defendants.

The final issue is whether this case, and other like cases pending in this circuit, should be stayed because duplicative actions are currently pending in the MDL. Here the issue is not the location of the first filed case, but more broadly does it make any sense for the parties to be litigating the same issues in multiple courts. Clearly it does not.

Plaintiffs' counsel acknowledged at the case management conference that judicial economy is not served by litigating in parallel forums. Nevertheless, the plaintiffs assert that it is premature to make an election between pursuing individual state court claims and claims pending in the MDL.

The court is mindful of the plaintiffs' right to proceed in a chosen state court forum. However, judicial economy is not being served by the current state of affairs. Not only are judicial resources being unnecessarily duplicated, the parties are expending resources which could be better utilized in indentifying and correcting the problem apparently created by the use of Chinese manufactured drywall.

3

Bennett v. Centerline Homes, Inc.
Case No. 502009CA014458
Order on Case Management Conference of March 26, 2010

While the court is not inclined to enter an immediate stay of duplicative cases pending here, the court is also not willing to take an indefinite "wait and see" approach to the efficient prosecution of those claims pending here which are also duplicated in the MDL. Therefore, at the June 2010 case management conference, the plaintiffs shall be prepared to show good cause why the court should not stay all actions pending in this circuit which are duplicative of claims currently pending in the MDL. If a case management conference is not conducted in June, this issue shall be addressed at the July 2010 case management conference.

Based on the foregoing, it is hereby,

**ORDERED AND ADJUDGED** as follows:

1. All currently pending motions to stay based on principles of comity are DENIED.

2. All pending motions to abate based on non-compliance with Chapter 558 are GRANTED as follows. As to any defendant who has previously received a Chapter 558 notice, re-notice is not necessary and suit may proceed. As to any defendant who has not previously been served with notice, the case is abated as to that defendant until proper notice is given and 60 days has passed from that notice.

3. As to all pending motions to stay based on the existence of duplicative claims in the MDL, the court defers ruling pending consideration of plaintiffs'

4

Bennett v. Centerline Homes, Inc.
Case No. 502009CA014458
Order on Case Management Conference of March 26, 2010

showing of good cause.

**DONE AND ORDERED** in Chambers, at West Palm Beach, Palm Beach County, Florida this 22nd day of April, 2010.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　JUDGE GLENN D. KELLEY
　　　　　　　　　　　　　　　　　　　　CIRCUIT COURT JUDGE

Copy furnished only to Jeffrey Backman, Esq., Adorno & Yoss, 350 E. Las Olas Blvd., Suite 1700, Ft. Lauderdale, Florida 33301 for service on all parties.