IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LITIGATION | * * * | MDL NO. 2047 |
| | * | SECTION: "L" |
| THIS DOCUMENT RELATES TO: Kenneth and Barbara Wiltz, et al | * * * | |
| Case No. 10-361, Sect. L MAG 2 | * * * | JUDGE FALLON MAG. JUDGE WILKINSON |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANT S3 ENTERPRISES, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' OMNIBUS CLASS ACTION COMPLAINT FOR LACK OF PERSONAL JURISDICTION

Defendant, S3 ENTERPRISES, INC. D/B/A AL BROTHERS METAL FRAMING AND DRYWALL (hereafter "S3 ENTERPRISES"), through special appearance of its undersigned counsel, hereby moves to dismiss this action against S3 ENTERPRISES for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12 (b) (2) and in support thereof states as follows:

1. On March 15, 2010, Plaintiffs, KENNETH AND BARBARA WILTZ, individually, and on behalf of all others similarly situated, filed an Omnibus Class Action Complaint ("hereafter Complaint") against multiple Defendants, including S3 ENTERPRISES.

2. The Complaint demands judgment and asserts causes of action against S3 ENTERPRISES.

3. S3 ENTERPRISES is a Florida corporation with its principal place of business in Florida. This is admitted by Plaintiffs in Paragraph 733 of the Complaint. S3 ENTERPRISES never

1

transacted business in Louisiana, does not maintain an office or agent in Louisiana, does not own property in Louisiana, has not breached any contract or committed any tort in Louisiana and has not otherwise conducted itself in any manner that would give rise to personal jurisdiction over S3 ENTERPRISES by a court in Louisiana. (See Affidavit of Jeff Spencer, attached hereto as Exhibit "A").

4. This Court lacks personal jurisdiction over S3 ENTERPRISES because Louisiana's long-arm statute, La. R.S. 13:3201(B), does not reach this nonresident Defendant and because the exercise of personal jurisdiction over this non-resident Defendant would violate the Due Process Clause of the United States Constitution.

5. There is no basis for the exercise of personal jurisdiction over S3 ENTERPRISES in Louisiana. Because there is no connection between S3 ENTERPRISES and the State of Louisiana to justify this Court's exercise of jurisdiction over S3 ENTERPRISES under Louisiana's log-arm statute or constitutional due process requirements, the Complaint must be dismissed for lack of personal jurisdiction.

6. A federal court sitting in diversity may exercise personal jurisdiction over a non-resident defendant only if two requirements are satisfied: (1) the forums state's long-arm statute confers personal jurisdiction; and (2) the exercise of jurisdiction does not exceed the boundaries of Due Process. *See Seiferth v. Helicopters Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006).

7. Louisiana's long arm statute, La. R.S. 13:3201(B), provides that a Louisiana court "may exercise personal jurisdiction over a non-resident on any basis consistent with ... the Constitution of the United States." Because the limits of Louisiana's long-arm statute are

2

co-extensive with the limits of constitutional due process, the inquiry is simply whether this Court's exercise of jurisdiction over S3 ENTERPRISES would offend due process. *See Luv N' Care, LTD v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006); *see also Electrosource, Inc. V. Horizon Battery Techs, Ltd.*, 176 F.3d 867, 871 (5th Cir. 1999).

8. The Due Process Clause limits the Court's power to assert personal jurisdiction over a non-resident defendant. *See Helicoperos Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 413-14 (1994). The Due Process inquiry is two-fold. First, the Court must establish whether S3 ENTERPRISES, a non-resident defendant, has the requisite minimum contacts with Louisiana, the forum state. *See Lub N' Care*, 438 F.3d at 469 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). Second, the Court must determine whether exercising personal jurisdiction over S3 ENTERPRISES would violate "traditional notions of fair play and substantial justice." *Int'l Shoe Co.*, 326 U.S. at 310. For the following reasons, the Due Process inquiry clearly demonstrates that the Court lacks the power to asserts personal jurisdiction over S3 ENTERPRISES.

9. The minimum contacts test takes two forms and the constitutional limitations on the exercise of personal jurisdiction differ depending on whether a court seeks to exercise general or specific jurisdiction over the defendant. However, in this case, the Court clearly lacks the power to exercise either general or specific jurisdiction over S3 ENTERPRISES because it has no contacts with Louisiana.

10. The Court may exercise specific jurisdiction over a non-residential defendant "in a suit arising out of or related to the defendant's contacts with the forum." *Seifterth*, 472 F.3d at 271 (citing *Hellicopteros Nacionales de Columbia*, 466 U.S. at 413-14. The Fifth Circuit

3

articulated a three-step personal jurisdiction inquiry:

> (1) whether the defendant has minimum contacts with the forum state ... whether [he] purposely directed [his] activities toward the forum state or purposely availed [himself] of the privileges of conducting activities there;
>
> (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and
>
> (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Id.* (citing *Burger King Corp. V. Rudzewicz*, 471 U.S. 462, 474 (1985) and *Nuovo Pignone v. STORMAN ASIA M/V*, 310 F.3d 374 (5th Cir. 2002)).

11. The first prong of the analysis requires that Plaintiffs establish that S3 ENTERPRISES purposefully availed itself of the privilege of conducting activities in Louisiana, thus invoking the benefits and protections of Louisiana's laws. *Jones v. Petty-Ray Geophysical*, 954 F.2d 1061, 1086 (5th Cir. 1992) (quoting *Hanson v. Denckla*, 375 U.S. 235 (1958)). This prong is the constitutional touchstone for the exercise of personal jurisdiction. *See Asahi Medal Indus. Co., Ltd. V. Super. Ct. Of Calif., Solano Colorado*, 480 U.S. 102, 108-09 (1987).

12. Plaintiffs have not and cannot establish the first prong of the analysis. S3 ENTERPRISES is not registered to do business in Louisiana. S3 ENTERPRISES does not have any office or employees in Louisiana. S3 ENTERPRISES does not own any property in Louisiana. (See Affidavit of Jeff Spencer, attached hereto as Exhibit "A"). Moreover, none of the claims raised against S3 ENTERPRISES relate in any way whatsoever to Louisiana. Plaintiffs merely juxtapose the name S3 Enterprises with the name of Florida homeowners in a chart attached to the Complaint. As such, Plaintiffs have failed to establish that S3

4

ENTERPRISES purposefully availed itself of the privilege of conducting business in Louisiana; and therefore, the Court cannot exercise specific jurisdiction over S3 ENTERPRISES.

13. To satisfy the second prong of the analysis, Plaintiffs' causes of action must arise out of or relate to S3 ENTERPRISES' forum-related contacts. Plaintiffs, however, have not and cannot establish that any of their causes of action (asserted against S3 ENTERPRISES) arise out of or relate to S3 ENTERPRISES' conduct in Louisiana. S3 ENTERPRISES simply has no contact whatsoever with Louisiana.

14. The underlying basis for this class-action lawsuit is allegedly defective drywall material used in the construction of certain residences. Yet, none of the residences allegedly involving S3 ENTERPRISES encompassed by this action are located in Louisiana. Moreover, S3 ENTERPRISES is not even registered to do business in Louisiana. S3 ENTERPRISES does not have any offices or employees in Louisiana, nor does it own property in Louisiana. As S3 ENTERPRISES has no contact whatsoever with Louisiana, none of the Plaintiffs' tort-based causes of action arise out of or relate to S3 ENTERPRISES' forum-related contact, because such contracts are non-existent.

15. In addition, Plaintiffs assert several contract claims against S3 ENTERPRISES. In contract cases, the Fifth Circuit looks to contemplated future consequences of the agreement and the actual course of dealing between the contracting parties. *Dickson Marine, Inc. . Panalina, Inc.*, 179 F.3d 331, 337 (5th Cir. 1999). The listed class members alleged to relate to S3 ENTERPRISES had nothing to do with Louisiana.

16. In light of the fact S3 ENTERPRISES has no contact with the state of Louisiana, Plaintiffs

have not and cannot establish that their causes of action arise out of or relate to S3 ENTERPRISES' "forum-related contacts."

17. Lastly, the analysis requires that the exercise of personal jurisdiction over the non-resident is fair and reasonable. Plaintiffs have not and cannot establish this third prong of the personal jurisdiction analysis because exercising personal jurisdiction over S3 ENTERPRISES is anything but fair and reasonable. Under the reasonableness prong, the exercise of personal jurisdiction is only reasonable if it does not offend "traditional notions of fair play and substantial justice." *Latshaw v. Johnson*, 167 F.3d 211 (5th Cir. 1999).

18. In reaching its decision, the Court must consider the burden on S3 ENTERPRISES. *See World-Wide Volkswagon Corp. V. Woodson,* 444 U.S. 286, 292 (1980). S3 ENTERPRISES in being hauled into a court that is located far from its place of business and where it has no minimum contacts. In addition, if this lawsuit were allowed to proceed in Louisiana, most, if not all of the critical witnesses, along with all of the physical evidence and related documents are located in Florida. In light of the foregoing it would be unreasonable and unfair to force S3 ENTERPRISES, a Florida corporation, to litigate in Louisiana.

19. The sole focus on a general jurisdiction inquiry is whether there are any continuous and systematic contacts between S3 ENTERPRISES and the State of Louisiana. *Dickson Marin, Inc.,* 179 F.3d at 339. The Fifth Circuit has found that the continuous and systematic test "is a difficult one to meet, requiring extensive contacts between a defendant and a forum."

20. As S3 ENTERPRISES has no contacts whatsoever with the State of Louisiana, an exercise of general jurisdiction over S3 ENTERPRISES offends the Due Process Clause. As previously stated, S3 ENTERPRISES is a Florida Corporation with its principal place of

business in Florida. S3 ENTERPRISES is not licensed or registered to do business in Louisiana, and it has no offices, employees, property, bank accounts, or other resources in the State. In fact, S3 ENTERPRISES has never worked on a residence in Louisiana. S3 ENTERPRISES has not had any contracts or subcontracts with companies located in Louisiana. On these facts, no case can be made that S3 ENTERPRISES, with its non-existent contacts, has the "continuous and systematic" contacts required for general jurisdiction. *See generally Helicopero Nacionales de Columbia*, S.A., 446 us at 408.

21. Courts consider several factors when making a fair play and substantial justice analysis: "(1) the burden on the non-resident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief ..." *Luv N' Care, Ltd.*, 438 F.3d at 473. Fairness dictates the dismissal of the Complaint as to S3 ENTERPRISES. S3 ENTERPRISES is a Florida corporation with its principal place of business in Florida. It is not licensed or registered to do business in Louisiana and it has no offices, employees, property, bank account or other resources in this State. It would be a very heavy and unreasonable burden on S3 ENTERPRISES to be forced to litigate this action in Louisiana. In addition, Louisiana's interest as a forum, in adjudicating this action against S3 ENTERPRISES is tenuous at best, where neither S3 ENTERPRISES nor the causes of action asserted against it have any connection with Louisiana. Therefore, exercising personal jurisdiction over S3 ENTERPRISES would violate notions of fair play and substantial justice.

22. For the foregoing reasons, adjudicating this dispute against S3 ENTERPRISES in Louisiana violates the minimum contacts required to fulfill due process and impedes any notion of "fair play and substantial justice." As such, pursuant to Federal Rule of Civil Procedure 12 (b)

(2), Plaintiffs' Complaint must be dismissed against S3 ENTERPRISES for lack of personal jurisdiction.

WHEREFORE, Defendant, S3 ENTERPRISES, INC., respectfully requests that its Motion be GRANTED, and that this Court enter an Order dismissing the instant action with prejudice and awarding to this Defendant such other and further relief as this Court deems just and proper under the circumstances.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing MEMORANDUM OF LAW has been served on Plaintiffs' Liaison Counsel, Russ Herman (drywall@hhkc.com), and Defendants' Liaison Counsel, Kerry Miller (kmiller@frilot.com), by U.S. Mail, email, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the USDC for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL NO. 2047, on this 7th day of May, 2010.

SELLARS, MARION & BACHI, P.A.
Attorneys for S3 Enterprises, Inc.
811 North Olive Avenue
West Palm Beach, FL 33401
Telephone: (561) 655-8111
Facsimile: (561) 655-4994

By:      /s/ Jeremy D. Bertsch
         Florida Bar No.: 0043308

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LITIGATION | * MDL NO. 2047 <br> * <br> * <br> * SECTION: "L" <br> * |
| THIS DOCUMENT RELATES TO: <br> Kenneth and Barbara Wiltz, et al <br><br> Case No. 10-361, Sect. L MAG 2 | * <br> * <br> * JUDGE FALLON <br> * MAG. JUDGE WILKINSON <br> * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### AFFIDAVIT OF JEFF SPENCER

STATE OF FLORIDA       )
                       )SS:
COUNTY OF  LEE         )

BEFORE ME, the undersigned authority, personally appeared JEFF SPENCER, who after being duly sworn, deposes and says:

1. My name is JEFF SPENCER. I am over the age of twenty-one (21) years and am otherwise sui juris.

2. I am the President of S3 Enterprises, Inc. (hereafter "S3 Enterprises") and have personal knowledge of the facts contained within this Affidavit. I also have personal knowledge of the business activities of S3 Enterprises and have within my custody and control the business records of S3 Enterprises related to the following.

3. S3 Enterprises is a Florida Corporation with its principal place of business located at 2621 NE 9th Avenue, Cape Coral, FL 33909.

1


DEFENDANT'S EXHIBIT "A"

4. S3 Enterprises has never been authorized to do business in Louisiana. It has never maintained a registered or statutory agent for service in Louisiana.

5. S3 Enterprises has never had offices in Louisiana. It has never had an address or telephone number is Louisiana. It neither owns nor operates, and has never owned nor operated, any property of any sort in Louisiana.

6. S3 Enterprises has never had any directors, officers or employees in Louisiana.

7. S3 Enterprises has never solicited any business in Louisiana and has never transacted any business in the State of Louisiana. It has no contacts whatsoever with Louisiana.

8. S3 Enterprises has never installed any drywall in any building, home or other structure in Louisiana.

FURTHER AFFIANT SAYETH NAUGHT.

_____
JEFF SPENCER, PRESIDENT OF
S3 ENTERPRISES, INC.

The foregoing instrument was acknowledged before me this ___5th___ day of May, 2010, by JEFF SPENCER, who to me is personally known or who has produced _Florida Driver License_ as identification, and who did/did not take an oath.

ERAY TEMIRLIOGLU
Commission #DD577693
My Commission Expires
July 25, 2010

Notary Public, State of Florida  Eray Temirlioglu
My Commission Expires: 7-25-2010
# DD577693

2