IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 09-80743

GENERAL FIDELITY INSURANCE COMPANY,

CIV-RYSKAMP

MAGISTRATE JUDGE
VITUNAC

Plaintiff,

v.

KATHERINE L. FOSTER, an individual; NORTHSTAR HOLDINGS, INC., a Florida corporation; NORTHSTAR HOMES, INC., a Florida corporation; and NORTHSTAR HOLDINGS AT B & A, LLC, a Florida corporation,



FILED by ___ D.C.
INTAKE
MAY 15 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

Defendants.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff, GENERAL FIDELITY INSURANCE COMPANY ("GENERAL FIDELITY"), and hereby files this Complaint for Declaratory Judgment and alleges as follows:

### Parties, Jurisdiction, Applicable Law and Venue

1. This is an action for declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, to declare the rights surrounding questions of actual controversy that presently exist between Plaintiff and Defendants.

2. Venue is proper in the West Palm Beach Division of the Southern District of Florida pursuant to 28 U.S.C. § 1391.

Exhibit B

3.  GENERAL FIDELITY is a corporation organized and existing under the laws of California with its principal place of business in North Carolina, making GENERAL FIDELITY a citizen of the States of California and North Carolina.

4.  At all times material to this action, GENERAL FIDELITY was authorized to transact business in the state of Florida and submits itself to the jurisdiction and venue of this Court.

5.  Defendant Katherine Foster ("FOSTER") is an individual domiciled in Palm Beach County, Florida, and a citizen of Florida. Defendant is subject to the jurisdiction and venue of this Court.

6.  Defendant NORTHSTAR HOLDINGS, INC. is a Florida for-profit corporation with its principal place of business in Palm Beach County, Florida. Defendant is subject to the jurisdiction and venue of this Court.

7.  Defendant NORTHSTAR HOMES, INC. is a Florida for-profit corporation with its principal place of business in Palm Beach County, Florida. Defendant is subject to the jurisdiction and venue of this Court.

8.  Defendant NORTHSTAR HOLDINGS AT B & A, LLC is a Florida for-profit corporation with its principal place of business in Palm Beach County, Florida. Defendant is subject to the jurisdiction and venue of this Court.

9.  The Court has original jurisdiction over this action under the provisions of 28 U.S.C. § 1332(a) because it is a civil action in which the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

10. The issues in controversy in this action should be determined under the laws of Florida because the parties to the insurance contracts, GENERAL FIDELITY, NORTHSTAR HOLDINGS, INC., and NORTHSTAR HOMES, INC., entered into the insurance contracts in Florida.

### Dispute at issue

11. Defendant FOSTER has filed a putative class action in this Court, case number 9:09-cv-80535-JIC. Complaint attached as EXHIBIT A.

12. Defendant FOSTER alleges her lawsuit is a putative class action because: (1) she believes that Class Members number in at least the thousands; (2) common questions of fact and law exist as to all members of the Class; (3) her claims are typical of the claims of the Class; and (4) she is an adequate representative of the Class because she is a member of the Class and her interests do not conflict with the interests of the members of the Class she seeks to represent. See EXHIBIT A at ¶¶ 106-109.

13. The proposed claims of the putative class members allegedly exceed the sum or value of $5 million in the aggregate. See EXHIBIT A at ¶ 7.

14. Defendant FOSTER alleges that the NORTHSTAR Defendants built her home in approximately 2006 located at 8777 Cobblestone Preserve Court in Boynton Beach, Florida and used defective drywall. See EXHIBIT A at ¶ 9.

15. Defendant NORTHSTAR HOLDINGS at B & A, LLC. was the general contractor and entered into a subcontract agreement with Precision Drywall, Inc. for that subcontractor to furnish all labor, supervision, tools and equipment with respect to drywall

work at Cobblestone Creek. Cobblestone Creek Subcontract Agreement is attached as EXHIBIT B.

16. Defendant FOSTER is suing Defendant NORTHSTAR HOMES, INC., NORTHSTAR HOLDINGS, INC. and other defendants for bodily injuries, property damage, and other damages she allegedly sustained as a result of defective drywall in her home. *See* EXHIBIT A.

17. Defendant FOSTER alleges that the defective drywall emitted various sulfide gases and/or other chemicals through "off-gasing" that created noxious, "rotten egg-like" odors, causing bodily injury and property damage. *See* EXHIBIT A at ¶ 2.

18. Defendant FOSTER alleges in her lawsuit that "[a]s a direct and proximate result of Defendants' actions and omissions, Plaintiff's and the Class Members' homes and bodies been exposed to Defendants' drywall and the corrosive and harmful effects of the sulfide gases and other chemicals being released from these proven hazardous substances." *See* EXHIBIT A at ¶ 98.

19. Defendant FOSTER alleges, among other things, negligence against the NORTHSTAR Defendants, including that they were negligent and breached their duty to exercise reasonable care in the supply, inspection, selling, and installation, including a duty to adequately warn, of the defective drywall. See EXHIBIT A at ¶ 117.

20. The following counts are in Defendant FOSTER's putative class action suit:

- Count I Negligence (Against All Defendants)
- Count II Negligence Per Se (Against All Defendants)
- Count III Strict Liability (Against All Defendants)
- Count IV Breach of Express Warranty (Against All Defendants)

4

- Count V Breach of Implied Warranties (Against All Defendants)
- Count VI Fraudulent Concealment (Against All Defendants)
- Count VII Fraudulent Misrepresentation (Against All Defendants)
- Count VIII Negligent Misrepresentation (Against all Defendants)
- Count IX Unjust Enrichment (Against All Defendants)
- Count X Breach of Contract (Against Northstar Homes)
- Count XI Private Nuisance (Against All Defendants)
- Count XII Equitable Relief, Injunctive Relief and Medical Monitoring
- Count XIII Violation of the Florida Deceptive and Unfair Trade Practices Act (All Defendants)
- Count XIV Breach of Implied Warranty of Merchantability (All Defendants)
- Count XV Breach of Implied Warranty of Fitness for a Particular Purpose (All Defendants)

See EXHIBIT A.

### The Policies

21. Plaintiff GENERAL FIDELITY issued to Defendant NORTHSTAR HOLDINGS, INC. a commercial general liability policy, policy number BAG0002215-00 with effective dates of coverage from October 22, 2006 to October 22, 2007 ("First Policy"). A copy of the policy is attached as EXHIBIT C.

22. The First Policy lists NORTHSTAR HOLDINGS AT B & A, LLC as a "supplemental – named insured." See EXHIBIT C.

23. Plaintiff GENERAL FIDELITY issued to Defendant NORTHSTAR HOMES, INC. a commercial general liability policy, policy number BAG0004973-00 with effective

5

dates of coverage from October 22, 2007 to October 22, 2008 ("Second Policy"). A copy of the policy is attached as EXHIBIT D.

24. The Second Policy lists NORTHSTAR HOLDINGS, INC. and NORTHSTAR HOLDINGS AT B & A, LLC as "supplemental – named insured." *See* EXHIBIT D.

25. Plaintiff GENERAL FIDELITY issued to Defendant NORTHSTAR HOMES, INC. a commercial general liability policy, policy number BAG0006227-00, ("Third Policy") with effective dates of coverage from October 22, 2008 to October 22, 2009. A copy of the Policy is attached as EXHIBIT E.

26. The Third Policy lists NORTHSTAR HOLDINGS, INC. and NORTHSTAR HOLDINGS AT B & A, LLC as "supplemental – named insured." *See* EXHIBIT C.

27. The First, Second and Third Policy ("the Policies" collectively) do not cover bodily injuries, property damage, or other damages caused by emissions of gases or fumes from the defective drywall.

28. The Policies also do not cover any costs to repair or replace the defective drywall.

29. The First Policy, effective from October 22, 2006 to October 22, 2007, and the Second Policy, effective from October 22, 2007 to October 22, 2008, use insuring form CG 00 01 12 04, while the Third Policy, effective from October 22, 2008 to October 22, 2009, uses insuring form CG 00 01 12 07. (Differences in language in the insuring forms are noted below).

30. The Policies that GENERAL FIDELITY issued to NORTHSTAR HOLDINGS, INC. and NORTHSTAR HOMES, INC. provide coverage under Section - COVERAGES, COVERAGE A  BODILY INJURY AND PROPERTY DAMAGE LIABILITY, as follows:

SECTION I – COVERAGES

COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1.  **Insuring Agreement**

    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result....

    * * *

    b.  This insurance applies to "bodily injury" and "property damage" only if:

        (1) The "bodily injury" or "property damage" is caused by an occurrence that takes place in the "coverage territory";

        (2) The "bodily injury" or "property damage" occurs during the policy period; and

        (3) Prior to the policy period, no insured listed under Paragraph I. Of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorize "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any contribution, change or resumption of such "bodily injury" or

> "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

\* \* \*

31. The Policies contain the following exclusions:

   **2.   Exclusions**

   This insurance does not apply to:

   \* \* \*

   f.   **Pollution** [replaced by Florida Total Pollution Exclusion Endorsement, see below]

   (1)   "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

   (a)   At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured. However, this subparagraph does not apply to:

   (i)   "Bodily injury" if sustained within a building and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building, or equipment that is used to heat water for personal use, by the building's occupants or their guests;

   (ii)   "Bodily injury" or "property damage" for which you may be held liable, if you are a contractor and the owner or lessee of such premises, site or location has been added to your policy as an additional insured with respect to your ongoing operations performed for that additional insured at that premises, site or location and such premises, site or location is not and never was owned or occupied by, or

8

       rented or loaned to, any insured, other than that additional insured; or

   (iii) "Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire";

(b) At or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste;

(c) Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for:

   (i) Any insured; or
   (ii) Any person or organization for whom you may be legally responsible; or

(d) At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the "pollutants" are brought on or to the premises, site or location in connection with such operations by such insured, contractor or subcontractor. However, this subparagraph does not apply to:

   (i) "Bodily injury" or "property damage" arising out of the escape of fuels, lubricants or other operating fluids which are needed to perform the normal electrical, hydraulic or mechanical functions necessary for the operation of "mobile equipment" or its parts, if such fuels, lubricants or other operating fluids escape from a vehicle part designed to hold, store or receive them. This exception does not apply if the "bodily injury" or "property damage" arises out of the intentional discharge, dispersal or release of the fuels, lubricants or other operating fluids, of if such fuels, lubricants or other operating fluids are brought on or

9

            to the premises, site or location with the intent that they be discharged, dispersed or released as part of the operations being performed by such insured, contractor or subcontractor;

      (ii) "Bodily injury" or "property damage" sustained within a building and caused by the release of gases, fumes or vapors from materials brought into that building in connection with operations being performed by you or on your behalf by a contractor or subcontractor; or

      (iii) "Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire".

  (e) At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants".

(2) Any loss, cost or expense arising out of any:

  (a) Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or

  (b) Claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

However, this paragraph does not apply to liability for damages because of "property damage" that the insured would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a governmental authority.

***

10

    m.    **Damage to Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or
(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

    n.    **Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

(1) "Your product";
(2) "Your work"; or
(3) "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

\* \* \*

**FLORIDA TOTAL POLLUTION EXCLUSION ENDORSEMENT**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

I.    For purposes of this endorsement only, exclusion f. under paragraph 2., Exclusions of SECTION I - COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY is deleted and replaced by the following:

11

    This insurance does not apply to:

    **f.**  **Pollution**

    (1) "Bodily injury" or "property damage" which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

    (2) Any loss, cost or expense arising out of any:

     (a) Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

     (b) Claim or "suit" by or on behalf of a governmental authority or others for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of "pollutants."

 II. For purposes of this endorsement only, definition 15 of SECTION V - DEFINITIONS is deleted and replaced by the following:

    15. "Pollutants" mean any solid, liquid, gaseous, thermal, acoustic, electric, magnetic or electromagnetic irritant or contaminant. "Pollutants" include, but are not limited to, smoke, vapor, soot, dusts, fumes, fibers, radiation, acid(s), alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

All other terms and conditions of this policy remain unchanged.

32. The Policies have the following relevant definitions:

**SECTION V - DEFINITIONS**

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

* * *

    8.    "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

        a.    It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

        b.    You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

        a.    The repair, replacement, adjustment or removal of "your product" or "your work"; or

        b.    Your fulfilling the terms of the contract or agreement.
**[insuring form CG 00 01 12 04]**

    8.    "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

        a.    It incorporates "your product" or "your work" that is known or thought to be known to be defective, deficient, inadequate or dangerous; or

        b.    You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.
**[insuring form CG 00 01 12 07]**

* * *

    13.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

* * *

    15.    "Pollutants" mean any solid, liquid, gaseous or thermal

13

      irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed. [Replaced by Florida Total Pollution Exclusion Endorsement]

* * *

17.   "Property damage" means:

    a.   Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b.   Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence' that caused it.

* * *

22.   "Your work":

    a.   Means:

        (1)   Work or operations performed by you or on your behalf; and
        (2)   Materials, parts or equipment furnished in connection with such work or operations.

    b.   Includes

        (1)   Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

        (2)   The providing of or failure to provide warnings or instructions.

* * *

33.   The "Florida Total Pollution Exclusion Endorsement" endorsement excludes

14

any "bodily injury" or "property damage" caused in whole or in part by the "discharge, dispersal, seepage, migration, release or escape of 'pollutants.'"

34. The "Florida Total Pollution Exclusion Endorsement" excludes any loss, cost or expense arising out of the removal and replacement of the allegedly defective drywall.

35. Exclusion (n) excludes damages, including, but not limited to, the loss of use Defendant FOSTER's home as a result of the defective drywall.

36. Exclusion (m) excludes any damages for any loss, cost or expense incurred for the loss of use of "your work" if it is withdrawn from the market or from use by any person so that the policy excludes damages for the removal and replacement of the defective drywall.

## DECLARATORY JUDGMENT

37. GENERAL FIDELITY re-alleges paragraphs 1 through 36 above as if fully set forth herein.

38. There exists a bona fide, actual, present and practical need for a legal determination by this Court of the duties, rights and obligations, if any, of GENERAL FIDELITY with regard to injuries and damages arising out of the defective drywall.

39. GENERAL FIDELITY, FOSTER, NORTHSTAR HOMES, INC., NORTHSTAR HOLDINGS, INC., and NORTHSTAR HOLDINGS AT B & A, LLC have an actual, present, adverse and antagonistic interest in the subject matter described herein.

40. The rights and obligations of GENERAL FIDELITY under the insurance contract are dependent upon the facts referenced herein and the law applicable to such facts.

41. All conditions precedent to the maintenance of this action have been

15

complied with, have occurred, or otherwise have been waived.

42.  All parties who do or may claim an interest in the subject matter hereof have been joined herein as parties.

43.  The insurance contracts do not provide coverage for any bodily injuries, property damage or other damages arising out of the alleged release, emissions, or "off-gassing" from the defective drywall.

44.  Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, GENERAL FIDELITY is entitled to a declaration that the Policies provide no coverage available for any claims with respect to the allegedly defective drywall.

WHEREFORE, GENERAL FIDELITY requests entry of final judgment in its favor as against Defendants, declaring that the Policies provide no coverage for "bodily injury," "property damage," or other damages arising out of the alleged release, emission, or "off-gasing" from the defective drywall so that GENERAL FIDELITY has no duty to defend or indemnify for the losses complained.

Dated: May 13, 2009
       Tampa, Florida

Respectfully submitted,

*[signature]*

LOUIS SCHULMAN, ESQ.
Florida Bar No.: 377244
lschulman@butlerpappas.com
BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP
777 S. Harbour Island Boulevard, Suite 500
Tampa, FL 33602
Tel. 813-281-1900
Fax. 813-281-0900
Attorneys for Plaintiff, GENERAL FIDELITY INSURANCE COMPANY

17

%JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
General Fidelity Insurance Company

**(b)** County of Residence of First Listed Plaintiff  Mecklenburg, NC
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Louis Schulman  Butler Pappas Weihmuller Katz Craig, LLP
777 S. Harbour Island Blvd., Suite 500, Tampa, FL 33602
813-281-1900

### DEFENDANTS
Katherine L. Foster; Northstar Holdings, Inc.; Northstar Homes, Inc.; Northstar Holdings at B and A, LLC

County of Residence of First Listed Defendant  Palm Beach, FL
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

FILED by ___ D.C.
MAY 15 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. - MIAMI

Attorneys (If Known)

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☑ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☑ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☑ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

WPB09CV80743-Rystan (handwritten)

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)
☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☐ NO   b) Related Cases ☑ YES ☐ NO
JUDGE   K. Michael Moore            DOCKET NUMBER  9:09CV80535

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
28 USC1322(a) Declaratory action involving diversity - Plaintiff is diverse from all Defendants.

LENGTH OF TRIAL via  5  days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☑ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE  May 13, 2009

FOR OFFICE USE ONLY
AMOUNT $350.00  RECEIPT # 100142
05/18/09