UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

KENNETH and BARBARA WILTZ,

   Plaintiffs,         CASE NO.  2:10-cv-361
v.                  Section L, Mag. 2

BEIJING NEW BUILDING MATERIALS
PUBLIC, LTD., CO., et al.,

   Defendants.
_____/

**DEFENDANT, TIMBERLINE BUILDERS, INC.'S MOTION TO DISMISS PLAINTIFF'S OMNIBUS CLASS ACTION COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

   Defendant, Timberline Builders, Inc. (hereinafter "Timberline"), through special appearance of its undersigned counsel, hereby moves to dismiss this action against Timberline for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), or, in the alternative, for improper venue under Federal Rule of Civil Procedure (12(b)(3), and in support thereof states as follows, incorporating the accompanying Affidavit of Brian D. Gomer.

**I.  PROCEDURAL BACKGROUND**

   1.  On March 15, 2010, Plaintiffs, Kenneth and Barbara Wiltz, individually and on behalf of all other similarly situated filed an Amended Omnibus Class Action Complaint (hereinafter the "Complaint") against multiple Defendants, including Timberline.

   2.  The Complaint demands damages and injunctive relief and asserts thirteen causes of action against Timberline, to wit: Counts 1, 2, 3, 4, 5, 6, 7, 9, 11, 12, 13, 14 and 15.

   3.  Timberline is a Florida entity with its principal place of business in Florida.  This is admitted by Plaintiffs in paragraph 685 of the complaint.

**II.  THIS COURT LACKS PERSONAL JURISDICTION OVER TIMBERLINE**

   4.  A federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant only if two requirements are satisfied: 91) the forum state's long-arm statute confers personal jurisdiction, and (2) the exercise of jurisdiction does not exceed the boundaries of due process.  Seiferth v. Helicopteros Atuneros, Inc., 472 F. 3d 266, 270 (5th Cir. 2006).

   5.  When a defendant challenges personal jurisdiction, the burden is placed on the

plaintiff to establish a *prima facie* case in favor of jurisdiction. Luv N' Care Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006).

6. This Court lacks personal jurisdiction over Timberline because Louisiana's long-arm statute, La. R.S. 13:3201(B), does not reach this nonresident Defendant and because the exercise of personal jurisdiction over this nonresident Defendant would violate the Due Process Clause of the United States Constitution.

7. Louisiana's long-arm statute, La. R.S. 13:3201(B), provides that a Louisiana court "may exercise personal jurisdiction over a nonresident on any basis consistent with ... the Constitution of the United States." Because the limits of Louisiana's long-arm statute are coextensive with the limits of constitutional due process, the inquiry is simply whether this Court's exercise of jurisdiction over Timberline would offend due process. See Luv N' Care, Ltd., 438 F.3d at 464 (5th Cir. 2006); Electrosource, Inc. v. Horizon Battery Techs, Ltd., 176 F.3d 867, 871 (5th Cir. 1999).

8. The Due Process Clause limits the Court's power to assert personal jurisdiction over a nonresident defendant. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 413-14 (1984). There are two steps to the Due Process inquiry. First, the Court must establish whether Timberline, a nonresident defendant, has the requisite minimum contacts with Louisiana, the forum state. Luv N' Care, 438 F.3d at 469 (citing International Shoe Co. v. Washington, 326 U.S. 310, 319 (1945). Second, the Court must determine whether exercising personal jurisdiction over Timberline would violate "traditional notions of fair play and substantial justice." International Shoe Co., 326 U.S. at 310. For the following reasons, the Due Process inquiry clearly demonstrates that the Court lacks the power to assert personal jurisdiction over Timberline.

9. The minimum contracts tests takes two forms and the constitutional limitations on the exercise of personal jurisdiction differ depending on whether a court seeks to exercise general or specific jurisdiction over the defendant. However, in this case, the Court clearly lacks the power to exercise either general or specific jurisdiction over Timberline because Timberline simply has no contacts with Louisiana. (See affidavit of Brian Gomer attached hereto as Exhibit A).

**A.    Timberline Does not Have Sufficient Minimum Contacts with Louisiana for**

**this Court to Subject It to General Jurisdiction.**

10. The sole focus of a general jurisdiction inquiry is whether there are continuous and systematic contacts between the nonresident defendant and the forum state. <u>Dickson Marine, Inc. v. Panalpina, Inc.</u>, 179 F.3d 331, 339 (5th Cir. 1999). The Fifth Circuit has found that the continuous and systematic test is "difficult ... to meet, requiring extensive contacts between a defendant and a forum." <u>Submersible Systems, Inc. v. Perforadora Central, S.A. de C.V.</u>, 249 F.3d 413, 419 (5th Cir. 2001).

11. As Timberline has no contacts at all with Louisiana, an exercise of general jurisdiction clearly violates the Due Process Clause. Timberline is a Florida corporation with its principal place of business in Florida, Timberline is not licensed or registered to do business in Louisiana, and it has no offices, employees, property, or assets of any kind in Louisiana. Timberline has never performed any work on a residence in Louisiana. No case can be made that Timberline, without any contacts to Louisiana, has the "continuous and systematic" contacts required for general jurisdiction. <u>See, e.g.</u>, <u>Helicopteros Nacionales de Colombia, S.A.</u>, 446 U.S. at 408.

**B.  Timberline Does Not Have Sufficient Minimum Contacts with Louisiana for This Court to Subject It to Specific Jurisdiction**.

12. The Court may exercise specific jurisdiction over a nonresident defendant "in a suit arising out of or related to the defendant's contacts with the forum." <u>Helicopteros Nacionales de Colombia, S.A.</u>, 446 U.S. at 414. The Fifth Circuit has articulated a three-step specific jurisdiction inquiry:

1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there;

2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and

3) whether the exercise of personal jurisdiction is fair and reasonable.

<u>Seiferth</u>, 472 F.3d at 271 (citing <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 474 (1985)

and Nuovo Pignone, SpA v. Storman Asia M/V, 310 F. 3d 374 (5th Cir. 2002)).

      **1.**    **Timberline Did not Avail Itself of the Privilege of Conducting Activities in Louisiana.**

13. The first prong of the specific jurisdiction analysis requires Plaintiffs to establish that Timberline purposefully availed itself of the privilege of conducting activities in Louisiana, thus invoking the benefits and protections of Louisiana's laws. Jones v. Petty-Ray Geophysical Gesource, Inc., 954 F.2d 1061, 1068 (5th Cir. 1992) (quoting Hanson v. Denckla, 375 U.S. 235 (1958)). This prong is the constitutional touchstone for the exercise of personal jurisdiction. See, Asahi Metal Indus. Co., Ltd. v. Super Ct. of Calif., Solano County, 480 U.S. 102, 108-09 (1987).

14. Plaintiffs have not and cannot establish the first prong of the analysis. A stated above, Timberline is not registered to do business in Louisiana. Tmberline does not have an office or any employees in Louisiana. Timberline does not own any property or maintain any assets in Louisiana. Moreover, none of the claims raised against Timberline relate in any way whatsoever to Louisiana.

      **2.**    **Plaintiffs' Causes of Action Did Not Arise out of or Relate to Timberline's Forum-Related Contacts.**

15. To satisfy the second prong of the analysis, Plaintiffs' causes of action must arise out of or relate to Timberline's forum-related contacts. Plaintiffs however, have not and cannot establish that any of the causes of action asserted against Timberline arise out of or relate to Timberline's conduct in Louisiana. Simply put, Timberline has no contact with Louisiana.

16. The underlying basis for this class action lawsuit is allegedly defective drywall used in the construction of certain residences. Yet, the sole residence allegedly involving Timberline in this action is not located in Louisiana. Moreover, Timberline is not event registered to do business in Louisiana. Timberline does not have an office or any employees in Louisiana, nor does it own property in Louisiana. As Timberline has no contact whatsoever with Louisiana, none of the Plaintiffs' tort-based causes of action arise out of or relate to Timberline's forum-related contact because such contracts are non-existent.

17. Additionally, Plaintiffs assert several contract claims against Timberline. In contact cases, the Fifth Circuit looks to contemplated future consequences of the agreement and the actual

course of dealing between the contract parties.  <u>Dickson Marine, Inc.</u>, 179 F.3d at 337.  The only class members alleged to relate to Timberline, Scott and Lucille Whitlock of Cape Coral, Florida and Samir and Julia Salman of Michigan, are not even alleged to have anything to do with Louisiana.

18.     In light of the fact Timberline has no contact with the State of Louisiana, Plaintiffs have not and cannot establish that their causes of action arise out of or relate to Timberline's "forum-related contacts."

### 3. The Exercise of Personal Jurisdiction by this Court over Timberline is Not Fair or Reasonable.

19.     On <u>after</u> a plaintiff "makes its *prima facie* case that the defendant has 'minimum contacts' with the forum state" does the burden of proof shift to the defendant to show that the exercise of jurisdiction would be unfair or unreasonable.  <u>Seifert</u>, 472 F.3d at 271.  Because the Plaintiffs have come nowhere close to carrying their burden, this inquiry is not only unnecessary, it is entirely improper.

20.     However, should the Court consider this prong, it is to examine the following factors:

1)  the burden on the nonresident defendant;

2)  the forum state's interests;

3)  the Plaintiff's interest in securing relief;

4)  the interest of the interstate judicial system in the efficient administration of justice; and

5)  the shared interest of the several states in furthering fundamental social policies.  <u>Luv N' Care</u>, 438 F.3d at 473.

21.     The first prong weighs heavily in Timberline's favor.  Timberline is being haled into a court that is located far from its place of business and where it has no contacts.  In addition, if this lawsuit were allowed to proceed in Louisiana, most if not all of the critical witnesses, along with all of the physical evidence, subject property and related documents are located in Florida.

22.     Furthermore, Louisiana, as a forum state, has no cognizable interest in litigating the claims made by the Whitlocks and Salmans against Timberline, a Florida entity, involving the

Whitlocks and Salmans' homes located in Florida.

23.     In light of the foregoing, it would be unreasonable and unfair to force Timberline, a Florida entity, to litigate in Louisiana, events which took place in Florida between Florida residents.

### III.    THE CLAIMS FILED AGAINST TIMBERLINE HAVE BEEN FILED IN AN IMPROPER VENUE.

24.     In the alternative, if this Court should find that it maintains personal jurisdiction over Timberline, the Eastern District of Louisiana is an improper venue to hear such claims. The claims should therefore be dismissed under Federal Rule of Civil Procedure 12(b)(3).

25.     28 U.S.C. §1404(1) provides, "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Further 28 U.S.C. 1406(a) states, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

26.     As discussed above, the complaint concedes that Timberline is a Florida entity and alleges that the subject homes were located in Cape Coral, Florida. Plaintiffs are unable to establish any claims against Timberline for actions or activities which occurred in Louisiana. All actions and/or activities of Timberline at issue occurred in Florida, specifically, in the Middle District of Florida. If the Court does not dismiss the claims against Timberline for lack of personal jurisdiction, then the Court should dismiss based on im proper venue.

27.     Alternative, the Court should transfer the claims against Timberline to the United States District Court for the Middle District of Florida, for the convenience of the parties, where such claims should have originally been brought.

### IV.    CONCLUSION

28.     Timberline is not subject to personal jurisdiction in Louisiana. Timberline does not have any contacts in Louisiana, much less the constitutionally sufficient minimum contacts required for this Court to exercise personal jurisdiction. This Court's exercise of personal jurisdiction over Timberline would offend traditional notions of fair play and substantial just. As a result, all claims against Timberline should be dismissed.

29. Alternatively the claims should be dismissed as the United States District Court for the Eastern District of Louisiana is an improper venue to hear such claims.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that this document has been served on Plaintiffs' Liaison Counsel, Russ Herman and Defendants' Liaison Counsel, Kerry Miller, and via e-mail upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6 and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 10th day of May, 2010.

Respectfully submitted,

YESLOW & KOEPPEL, P.A.
Attorneys for Timberline
P.O. Box 9226
Fort Myers, FL 33902
(239) 337-4343

By: /s/ Greg T. Bevillard
Greg T. Bevillard
Florida Bar No. 0236100