UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

KENNETH and BARBARA WILTZ,

        Plaintiffs,                              CASE NO. 10-361

v.                                                Section L, Mag. 2

BEIJING NEW BUILDING MATERIALS
PUBLIC, LTD., CO., et al.,

        Defendants.
_____/

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK
OF PERSONAL JURISDICTION AND IMPROPER VENUE
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)**

        Defendant, Timberline Builders, Inc. (hereinafter "Timberline"), submits this memorandum in support of its Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue.

**I.    INTRODUCTION**

        Defendant submits that this court lacks personal jurisdiction over it as a corporation formed and domiciled in the State of Florida. Timberline's principle place of business is in Florida. The plaintiffs allege that Timberline was a builder/developer of Plaintiffs' property and installed defective Chinese drywall. On March 15, 2010 the Plaintiffs filed an Amended Omnibus Class Action Complaint, and its principle place of business is in Cape Coral Florida and it is organized under Florida law. Timberline does not maintain sufficient minimum contacts with the State of Louisiana for this court to exercise jurisdiction. Therefore, the Complaint should be dismissed as to Timberline.

**II.    LAW AND ARGUMENT**

        The party which is the proponent of jurisdiction has the burden of proving that jurisdiction when a defendant calls the jurisdiction into question in a timely manner. See <u>Bell v. Hershey Co.</u>, 557 F.3d 953 (8th Cir. 2009); <u>Travelers Indemnity Co. v. Calvert Fire Insurance Co.</u>, 798 F. 2d 826 (5th Cir. 1986).

"In diversity actions...the law of the forum state, subject to the constitutional limits imposed by the Due Process Clause, controls the ability of a district court to exercise personal jurisdiction over non-resident defendants." Harper Macleod Solicitors v. Keaty and Keaty, 260 F.3d 389, 396 (5th Cir. 2001) (citing South Mark Corp. v. Life Investors, Inc., 851 F.2d 763, 722 n. 15 (5th Cir. 1988); Stuart v. Spademan, 722 F.2d 1158 (5th Cir. 1985). In this case the plaintiffs cannot meet their burden of proving jurisdiction.

Timberline is not a resident of Louisiana. A federal court may not assume personal jurisdiction over a non-resident defendant unless it has meaningful "contacts, ties, or relations" with the forum state. Luv N' Care, ltd. v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006).

There are two possible types of jurisdiction in this case - "specific" and "general". Jurisdiction is "specific" when a cause of action arises out of the defendant's purposeful contact with the forum state. See Worldwide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980). "General" jurisdiction over a defendant requires that the defendant have engaged in "continuous and systematic contacts" in the forum state to meet the Due Process requirements of the United States Constitution. See, Helicopteros Nacionales De Colombia, Eps. A. v. Hall, 466 U.S. 408, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984). "General" jurisdiction requires a high level of contact with the forum state to find jurisdiction over a defendant. In this case, Timberline is not subject to either the general or specific jurisdiction of this court.

### III.     "SPECIFIC" JURISDICTION

A federal court sitting in diversity applies a two step test to determine whether or not it has personal jurisdiction over a particular defendant:

(1)    Is the defendant amenable to service under the forum state's long arm statute; and

(2)    Does the assertion of jurisdiction comport with Due Process under Federal law?

Standard Fittings Co. v. Spaga, 625 F.2d 630 (5th Cir. 1980).

The Fourteenth Amendment's Due Process Clause protects a defendants liberty interest

in not being subject to the binding judgments of a forum with which he has established no meaningful contacts.  International Shoe Co. v. Washington, 326 U.S. 310, 66 S. Ct. 154, 90 L.Ed. 95 (1945).

The Louisiana Long Arm Statute provides for jurisdiction over a non-resident defendant on any basis "consistent with the Constitution of this state and of the Constitution of the United States." La. R.S. 13:3201.  The Louisiana Supreme Court has stated that the Long Arm Statute insures that Louisiana courts have jurisdiction to the full extent permitted by the Due Process Clause of the Fourteenth Amendment of the United States Constitution.  Superior Supply Co. v. Associated Pipe and Supply Co., 515 So. 2d 790 (La. 1987).

In order to determine whether or not Timberline has purposeful contacts with Louisiana so that the court can exercise jurisdiction over it without violating the Due Process Clause, the court must determine that Timberline has "certain minimum contacts with [Louisiana] such that the maintenance of the suit does not offend traditional notions of fair place and substantial justice." See International Shoe, 326 U.S. at 316.  See also, Dalton v. R & M Reen, Inc., 897 F. 2d 1359 (5th Cir. 1990).

In this case, Timberline has no contacts with the State of Louisiana and has not purposely availed itself to the privilege of conducting business in Louisiana "thus invoking the benefits and protections of its laws."  Luv N' Care, Ltd., 438 F. 3d at 469-570.

Timberline has not conducted any activity which could cause it to "reasonably anticipate being hailed into court" in the State of Louisiana.  Id.

The Affidavit of Brian D. Gomer is attached hereto as Exhibit A in support of this memorandum of law.  As shown in this Affidavit, Timberline has conducted no business in the State of Louisiana, has not sold any products in the State of Louisiana, has not maintained any office in the State of Louisiana, has not solicited any business in the State of Louisiana, is not licensed or authorized to do business in the State of Louisiana.

The construction at issue was done in Florida. All activities were done in Florida. The plaintiffs, Scott and Lucille Whitlock are residents of Florida and Samir and Julia Salman are residents of Michigan. All witnesses and exhibits are located in the State of Florida. any damage which was done was in the State of Florida. It would be burdensome and expensive for the defendants to litigate this matter in Louisiana. There is no Louisiana resident which the state has an interest in protecting with a claim against Timberline. Finally, the plaintiffs herein can secure relief in the proper forum in Florida. Timberline did not maintain minimum contacts with Louisiana to subject itself to the jurisdiction of the Louisiana courts under the Louisiana Long Arm Statute.

## IV.    **GENERAL JURISDICTION**

As previously set forth herein, the alternative to "specific" jurisdiction is "general" jurisdiction over a foreign defendant who has not had purposeful contacts with the forum state. In order to qualify for "general" jurisdiction the Due Process Clause requires that a defendant have engaged in the higher standard of "continuous and systematic contacts" with Louisiana to support jurisdiction over that defendant. Asarco, Inc. v. Glenara, Ltd., 912 F.2d 784 (5th Cir. 1990).

"The continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between defendants and forum". Olagues v. Kousharian, 557 F. Sup. 2d 731, 738 (E.D. La. 5/27/08). As shown by the attached affidavit, Timberline has no contacts with the State of Louisiana and specifically has no "continuous and systematic" contacts. It does not do business in Louisiana, does not maintain offices in Louisiana, does not solicit business in Louisiana, and has never transacted any business in Louisiana in the past.

## V.    **THE CLASS ACTION PROCEEDINGS AND MULTI DISTRICT LITIGATION**

The fact that this is a Class Action proceeding which names Timberline as a defendant does not relieve the Plaintiffs of proving jurisdiction over Timberline. The party seeking to assert the jurisdiction of the court has the burden of proving that jurisdiction in a Class Action lawsuit. See, Bell v. The Hershey Co., 557 F.3d 953 (8th Cir. 2009); Amoche v. Guarantee Trust Life Insurance

Co., 556 F.3d 41 (1st Cir. 2009); Strawn v. AT&T Mobility LLC, 530 F. 3d 293 (4th Cir. 2008).

The court was faced with a jurisdictional question in a class action in In Re: Train Derailment near Amite, LA, on October 12, 2002, 2004 WL 224 573 (E.D. La. 2/3/04). In that case, one of the defendants asserted that Louisiana lacked jurisdiction. The plaintiff opposed this motion to dismiss on the grounds that the matter was a Class Action. in that case, the court concluded "Finally, this court is unpersuaded that the certification of a class in this case has any bearing on [the] motion to dismiss for lack of personal jurisdiction. The personal jurisdiction determination depends solely on [the defendants'] conduct in and contacts with the forum state." Id. at page 3. As demonstrated, Timberline has no contacts with Louisiana and does not conduct any business in Louisiana.

### VI.     VENUE IS IMPROPER IN THE EASTERN DISTRICT OF LOUISIANA UNDER 28 U.S.C. §1391

The Plaintiffs alleges that venue is proper in this case under 28 U.S.C. §1391(b)(1)-(2) and (c). However, 28 U.S.C. §1391(a) provides:

> A civil action wherein jurisdiction is founded only on a diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, *if all defendants reside in the same state* (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district which the action may otherwise be brought.

Since Timberline does not reside in the Eastern District of Louisiana, none of the events occurred in the Eastern District of Louisiana, and the Eastern District of Louisiana does not have personal jurisdiction over Timberline, venue is not proper under §1391(a).

The same is true for §1391(b). The section provides for venue in a judicial district where "any defendant may be found, if there is no district in which the action may otherwise be brought." This action may otherwise be brought in Florida.

Alternatively, under 28 U.S.C. §1404, the Eastern District of Louisiana is not a proper forum for the claims against Timberline. §1404 provides in pertinent part:

> (a) For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

As previously stated, all of the witnesses in this case are in Florida. Any damages which occurred are in Florida. The parties are located in Florida, and any exhibits, including the residence at issue, are located in Florida. It would be expensive and time consuming for the parties to litigate this case in Louisiana.

The plaintiffs also allege a basis for venue the Multi District Litigation Statute and transfer order of the Multi District Litigation Panel of June 15, 2009. However, by filing this matter in the Eastern District of Louisiana, the plaintiffs skipped the part of the process for Multi District Litigation. An action must be filed in its correct jurisdiction and venue. If it then fits under the Multi District Litigation Statute, Transfer Order, and juris prudence, it can be transferred to another judicial district in which Multi District Litigation is pending for pretrial proceedings. A plaintiff is not allowed to skip the jurisdiction and venue requirements of the law because of the Multi District Litigation statute. The statute requires that an action be transferred back to the proper district after pretrial proceedings. In this case, there is no district for the court to transfer the matter back since it is originally filed in the Eastern District of Louisiana.

## VII.    CONCLUSION

The plaintiffs in this case have filed a Class Action originally filed on February 10, 2010 and amended on March 15, 2010, which names Timberline as a defendant builder/developer. Timberline does not have minimum contacts with the State of Louisiana sufficient to subject it to the jurisdiction of this court and the plaintiffs cannot prove that the court has jurisdiction over Timberline. Accordingly, Timberline moves that this court dismiss the claims of the plaintiffs, Whitlock and Salman, pursuant to the Federal Rule of Civil Procedure 12(b) on the grounds that

this court does not have jurisdiction over Timberline.  Alternatively, this is an improper venue for the claims being made by the plaintiffs, Whitlock and Salman against Timberline.  The court should transfer this matter to the United Stated District Court in Florida.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this document has been served on Plaintiffs' Liaison Counsel, Russ Herman and Defendants' Liaison Counsel, Kerry Miller, and via e-mail upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6 and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 10th day of May, 2010.

Respectfully submitted,

YESLOW & KOEPPEL, P.A.
Attorneys for Timberline
P.O. Box 9226
Fort Myers, FL 33902
(239) 337-4343

By: /s/ Greg T. Bevillard
Greg T. Bevillard
Florida Bar No. 0236100