IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | MDL NO. 2047 |
| | ) | SECTION: L |
| THIS DOCUMENT RELATES TO: Bartholomew, et al. v. Knauf Gips KG, et al., CASE NO. 2:09-CV-07495 | ) ) ) ) | JUDGE FALLON |
| | ) | MAG. JUDGE WILKINSON |
| | ) ) | JURY TRIAL DEMANDED |

## ANSWER TO THIRD-PARTY COMPLAINT AND AFFIRMATIVE DEFENSES OF L&W SUPPLY CORPORATION d/b/a SEACOAST SUPPLY

Third-Party Defendant, L&W SUPPLY CORPORATION d/b/a SEACOAST SUPPLY ("Defendant" or "L&W Supply"), by and through its undersigned attorneys, hereby files its answer to Third-Party Complaint And Affirmative Defenses in response to the Third-Party Complaint filed by Defendant L.A. Homes, Inc. (the "Third-Party Complaint") and says:

1. In response to Paragraph 1 of the Third-Party Complaint, L&W Supply admits that Third-Party Plaintiff has purported to file a Third-Party Complaint.

2. In response to the allegations of Paragraph 2 of the Third-Party Complaint, L&W Supply admits that it is a Delaware corporation with its headquarters at 550 W. Adams Street, Chicago, Illinois. L&W Supply would further show that it conducts business in Louisiana under the name Seacoast Supply. L&W Supply further admits that it has a registered agent in Baton Rouge, Louisiana, and a distribution center in Harahan, Louisiana.

3. In response to the allegations of Paragraph 3 of the Third-Party Complaint, L&W Supply admits that Third-Party Plaintiff has been named as a defendant in the lawsuit filed by Alexandra and Craig Bartholomew and that Third-Party Plaintiff has filed an answer to Plaintiffs' Petition.

1

4. In response to Paragraph 4 of the Third-Party Complaint, L&W Supply admits that its records appear to reflect that it delivered some drywall to the address identified in Plaintiffs' Petition, but those records do not identify the source or manufacturer of the drywall.

5. L&W Supply denies Paragraph 5 of the Third-Party Complaint and its subparts.

6. L&W Supply denies Paragraph 6 of the Third-Party Complaint.

7. To the extent the Prayer for Relief is deemed to contain any allegations against L&W Supply, L&W Supply denies the same.

8. To the extent Third-Party Plaintiff's affirmative defenses, answer or cross-claim are deemed to contain any allegations against L&W Supply, L&W Supply denies the same.

9. Any and all allegations, claims, contentions, and/or demands contained in the Third-Party Complaint, which are not expressly and specifically admitted, modified, or explained by L&W Supply in this Answer to Third-Party Complaint And Affirmative Defenses, are hereby expressly denied, including but not limited to the allegations contained in unnumbered paragraph at the beginning of the Third-Party Complaint.

## FIRST DEFENSE

10. L&W Supply incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

11. Third-Party Plaintiff has failed to state a claim against L&W Supply for which relief can be granted.

## SECOND DEFENSE

12. L&W Supply incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

13. Any damages alleged to have been sustained by Plaintiffs or the Third-Party Plaintiff, which are expressly denied, were caused in whole or in part by the acts or omissions of persons other than L&W Supply over whom L&W Supply had and has no control or by superseding intervening causes outside the control of L&W Supply.

### THIRD DEFENSE

14. L&W Supply incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

15. Recovery of some or all of the damages alleged to have been sustained by Plaintiffs or the Third-Party Plaintiff is barred by the economic loss doctrine or its statutory or common law equivalent.

### FOURTH DEFENSE

16. L&W Supply incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

17. The terms, provisions, and conditions, including but not limited to any warranty provisions, of any and all contracts entered into between Defendant and any other parties operate as a bar to all or part of the Third-Party Plaintiff's claims.

### FIFTH DEFENSE

18. L&W Supply incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

19. The Third-Party Plaintiff has failed to mitigate its damages.

### SIXTH DEFENSE

20. L&W Supply incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

21. The Third-Party Plaintiff's claims are barred in whole or in part by the applicable statute of limitations, statute of repose, prescription period, or the doctrine of laches.

### SEVENTH DEFENSE

22. L&W Supply incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

23. To the extent that any party prays for punitive, exemplary, or otherwise enhanced damages against L&W Supply, L&W Supply avers that punitive damages are not recoverable in this matter and invokes its right under the due process clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution.

### EIGHTH DEFENSE

24. L&W Supply incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

25. L&W Supply was not aware and could not reasonably have been aware of the existence of any alleged defect, which is expressly denied, at the time that it sold the drywall it distributed in the State of Louisiana. Moreover, L&W Supply did not hold out as its own any Chinese drywall.

### NINTH DEFENSE

26. L&W Supply incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

27. L&W Supply has not been afforded an opportunity to repair any alleged redhibitory defect.

**TENTH DEFENSE**

28.    L&W Supply incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

29.    L&W Supply is not a manufacturer of Chinese drywall and therefore is not liable under La. R.S. 9:2800.52.

**ELEVENTH DEFENSE**

30.    L&W Supply incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

31.    L&W Supply is a good faith seller pursuant to La. Civil Code Article 2531.

**TWELFTH DEFENSE**

32.    L&W Supply incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

33.    If any drywall in question was substantially changed, altered, mishandled or misused by other parties after it left the care of L&W Supply, then the Third-Party Plaintiff is barred from recovery against L&W Supply.

**THIRTEENTH DEFENSE**

34.    L&W Supply incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

35.    The doctrine of comparative negligence bars Third-Party Plaintiff from any recovery or, in the alternative, requires that any recovery be reduced in proportion to the amount of its own negligence.

### FOURTEENTH DEFENSE

36. L&W Supply incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

37. If any liability, which is expressly denied, is imposed upon L&W Supply, L&W Supply is entitled to total or partial indemnity or contribution from the responsible party or parties in an amount directly proportional to his, her, its, or their relative culpability.

### FIFTEENTH DEFENSE

38. L&W Supply incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

39. L&W Supply is entitled to a credit in the form of a set-off or recoupment of any amounts tendered to and accepted in connection with the claims of Plaintiffs and Third-Party Plaintiff.

### SIXTEENTH DEFENSE

40. L&W Supply incorporates herein all of the responses in the preceding paragraphs that are relevant to this defense.

41. L&W Supply incorporates herein by reference each and every affirmative defense pleaded by Third-Party Plaintiff in response to Plaintiffs' Petition or pleaded by a similarly-situated defendant and/or third-party defendant.

42. L&W Supply reserves the right to amend its Answer to Third-Party Complaint and Affirmative Defenses as investigation and discovery may reveal.

WHEREFORE, having fully answered the Third-Party Complaint, Third-Party Defendant L&W Supply Corporation prays the Court that:

a) L.A. Homes, Inc. recover nothing from L&W Supply and that judgment be entered in L&W Supply's favor;

b) the costs of this action, including attorney's fees and costs that may be allowed by statute, be taxed against Third-Party Plaintiff;

c) L&W Supply have such other and further relief as the Court may deem just and proper.

/s/ W. David Conner
W. David Conner (SC Bar # 66358; Fed. # 5986)
Moffatt G. McDonald (SC Bar # 3784; Fed. # 2805)
Charles Sprinkle (SC Bar # 70630; Fed. # 9712)
Christopher B. Major (SC Bar # 72872; Fed. # 9382)
HAYNSWORTH SINKLER BOYD, P.A.
P.O. Box 2048
Greenville, SC  29602
(864) 240-3226
(864) 240-3300 (fax)
dconner@hsblawfirm.com
mgmcdonald@hsblawfirm.com
csprinkle@hsblawfirm.com
cmajor@hsblawfirm.com

Robert E. Kerrigan, Jr.
DEUTSCH KERRIGAN & STILES
755 Magazine Street
New Orleans, LA  70131
Tel: (504) 593-0619
Fax: (504) 566-1201
rkerrigan@dkslaw.com

Attorneys for Defendant L&W Supply Corporation

May 11, 2010

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing ANSWER TO THIRD-PARTY COMPLAINT AND AFFIRMATIVE DEFENSES OF L&W SUPPLY CORPORATION d/b/a SEACOAST SUPPLY has been served on Plaintiffs' Liaison Counsel, Russ Herman at drywall@hhkc.com, and Defendants' Liaison Counsel, Kerry Miller at Kmiller@frilot.com, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 11th day of May, 2010.

        /s/   W. David Conner_____