UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * | MDL No. 2:09-md-02047 |
| | * | |
| | * | |
| | * | |
| | * | JUDGE FALLON |
| **This document relates to:** | * | |
| | * | |
| CENTERLINE HOMES CONSTRUCTION, INC., *et al.*, | * | MAGISTRATE WILKINSON |
| v. | * | |
| MID-CONTINENT CASUALTY CO., *et al.* | * | |
| **(2:10-cv-00178)** (E.D. La.) | * | |
| | * | |
| | * | |

**********************************************

**MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER STAYING
SUBMISSION OF INSURER PROFILE FORM AND
INSURANCE POLICY PENDING RESOLUTION OF RULE 12(b) MOTIONS**

**NOW INTO COURT**, through undersigned counsel, comes THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA ("ISOP"), pursuant to Fed. R. Civ. P. 26(c), and submits this Memorandum in support of its Motion for Protective Order Staying Submission of Insurer Profile Form and Insurance Policy Pending Resolution of Rule 12(b) Motion.

## I.      BACKGROUND

On January 26, 2010, Centerline Homes Construction, Inc., Completed Communities II, LLC, Centerline Homes at Georgetown, LLC and Centerline Homes, Inc. (collectively, "Centerline"), commenced a lawsuit against ISOP and others in the Eastern District of Louisiana, captioned *Centerline Homes Constr., Inc. v. Mid-Continent Cas. Co.*, No. 2:10-cv-00178, which is now pending in the Chinese Manufactured Drywall Products Liability Litigation, MDL No. 2047 (the "MDL") before this Court.  On April 27, 2010, this Court issued Pretrial Order No. 23 requiring that "each insurance company that is named as a party in any action pending in MDL No. 2047 must complete and sign the attached Insurer Profile Form."  In the *Centerline* lawsuit, ISOP and other defendants filed motions to dismiss on the basis that the Eastern District of Louisiana is an improper venue for the *Centerline* lawsuit under 28 U.S.C. § 1391.  The primary bases for ISOP's motion is that the events giving rise to Centerline's claims did not take place in Louisiana and the Court lacks personal jurisdiction over certain defendants (Docket No. 2284). ISOP filed its motion and accompanying memorandum on April 1, 2010 and, pursuant to the local rules of the Eastern District, properly noticed for hearing on July 7, 2010.  However, given this Court's established procedure under various pretrial orders it has issued in this litigation, these matters are unlikely to be heard or deemed submitted on July 7, 2010, nor is there any obligation for opposing counsel to file its opposition until such time as the Court issues its own date for hearing of the matters.

Since a ruling in ISOP's favor on its and other pending Rule 12(b) motions would effectively relieve ISOP of any obligation to submit an Insurer Profile Form and insurance policy, this Court should stay its obligation to comply with the Court's order until after the pending Rule 12(b) motion is resolved.

## II.   ARGUMENT

Under Fed. R. Civ. P. 26(c), a court may "for good cause, issue an order to protect a party or person from…oppression or undue burden or expense."  The Fifth Circuit has repeatedly held that it is appropriate to stay discovery under Rule 26(c) where the disposition of pending dispositive motions would preclude the need for discovery altogether, thus saving time and expense. *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994) (holding refusal to allow discovery was proper pending a ruling on a motion for change of venue); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (holding stay of discovery was proper where the party seeking discovery could not have learned anything through discovery that could have affected the resolution of defendants' Rule 12(b)(6) motion); *Landry v. Air Line Pilots Assoc. Int'l. AFL-CIO*, 901 F.2d 404, 435-36 (5th Cir. 1990) (holding stay of discovery was proper pending resolution of summary judgment motions); *see also Dresser v. MEBA Med. & Benefits Plan*, 2008 WL 2705584, at *2 (E.D. La. July 10, 2008) (staying discovery pending resolution of motion to dismiss).

The United States District Court for the Eastern District of Louisiana has found it "clearly erroneous" to allow discovery while a motion to dismiss is pending.  *Parish of Jefferson v. Southern Recovery Mgmt., Inc.*, 1996 WL 144400, at *2 (E.D. La. Mar. 27, 1996).  In *Parish of Jefferson*, the court reversed a magistrate judge's order denying a motion to stay discovery where a motion to dismiss on jurisdictional grounds was pending, reasoning that "even minimal cost is unwarranted where imminent jurisdictional rulings may render such discovery altogether moot." *Id.*  Similarly, in *Dykes v. Maverick Motion Picture Group, L.L.C.*, 2009 WL 3053738, at *2 n.1 (M.D. La. Sept. 18, 2009), the Middle District of Louisiana refused to permit discovery regarding the merits of the case, reasoning that "defendants . . . will be dismissed should they

prevail on their jurisdictional arguments, so there is no need for merits discovery relating to them (or by them about others) until and unless they actually lose their jurisdictional arguments."

Requiring ISOP to prepare and submit an Insurer Profile Form under penalty of perjury, and to produce its policy, would impose on it an undue burden and expense in litigation in which it should not be involved.  The present case is indistinguishable from the Fifth Circuit cases discussed above holding that a stay is appropriate pending rulings on dispositive motions.  A ruling in ISOP's favor on venue would relieve ISOP from the requirements imposed on parties to the MDL, including the requirement to submit an Insurer Profile Form, which is akin to Rule 26 discovery.  ISOP should not be required to undertake the burden and expense of producing documents that it may never have to produce – the scenario that the Fifth Circuit and District Court have sought to prevent.  A ruling granting ISOP's Rule 12(b) motion to dismiss would relieve it from producing the information and policies to non-parties (*e.g.* the PSC) that would not otherwise be entitled to obtain such information from ISOP.  Accordingly, this Court should issue a protective order staying the submission of an Insurer Profile Form and insurance policy because such discovery will be a waste of time and expense if ISOP prevails on its motion to dismiss.

## III.    CONCLUSION

For the reasons stated above, ISOP requests that the Court grant the Motion for Protective Order Staying the Submission of Insurer Profile Form And Insurance Policy Pending Resolution of Rule 12(b) Motion.

Respectfully submitted:


s/Erin Fury Parkinson

**ERIN FURY PARKINSON, T.A.  (# 22549)**
**JOSE L. BARRO, III   (# 30857)**
**SARAH J. MURPHY  (#31893)**
MCGLINCHEY STAFFORD, PLLC
601 Poydras Street, 12th Floor
New Orleans, Louisiana  70130
Telephone:  (504) 586-1200
Facsimile:  (504) 910-9539
E-mail:  eparkinson@mcglinchey.com
         jbarro@mcglinchey.com
         smurphy@mcglinchey.com

**WARREN LUTZ**
**PAUL D. SMOLINSKY**
JACKSON & CAMPBELL, P.C.
1120 20th Street, N.W.
Suite 300 South
Washington, D.C.   20036
Phone:  (202) 457-1600
Facsimile:  (202) 457-1678
E-mail:  wlutz@jackscamp.com
         psmolinsky@jackscamp.com

**Attorneys for Defendants:**
**THE INSURANCE COMPANY OF THE STATE OF**
**PENNSYLVANIA**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing "*Memorandum in Support of Motion for Protective Order Staying Submission of Insurer Profile Form and Insurance Policy Pending Resolution of Rule 12(b) Motions*" has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United states District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 12th day of May, 2010.

s/Erin Fury Parkinson

**ERIN FURY PARKINSON, T.A.  (# 22549)**
**JOSE L. BARRO, III   (# 30857)**
**SARAH J. MURPHY  (#31893)**
MCGLINCHEY STAFFORD, PLLC
601 Poydras Street, 12th Floor
New Orleans, Louisiana  70130
Telephone:  (504) 586-1200
Facsimile:  (504) 910-9539
E-mail:   eparkinson@mcglinchey.com
          jbarro@mcglinchey.com
          smurphy@mcglinchey.com