UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | *   MDL No. 2:09-md-02047<br>*<br>*<br>*<br>*   JUDGE FALLON<br>* |
| **This document relates to:** | *<br>* |
| ROBERT C. PATE, as Trustee for the Chinese Drywall Trust<br>v.<br>AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, ET AL<br>**(2:09-cv-07791)** (E.D. La.) | *<br>*   MAGISTRATE WILKINSON<br>*<br>*<br>*<br>*<br>* |

**********************************************

### MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER STAYING SUBMISSION OF INSURER PROFILE FORMS AND INSURANCE POLICIES PENDING RESOLUTION OF RULE 12(b) MOTIONS

**NOW INTO COURT**, through their respective undersigned counsel, come NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA ("National Union"), CHARTIS SPECIALTY INSURANCE COMPANY ("Chartis") (f/k/a American International Specialty Lines Insurance Company), and LEXINGTON INSURANCE COMPANY ("Lexington") (collectively the "Insurers"), pursuant to Fed. R. Civ. P. 26(c), and submit this Memorandum in support of their Motion for Protective Order Staying Submission of Insurer Profile Forms Pending Resolution of Rule 12(b) Motions.

**I.      BACKGROUND**

On December 23, 2009, Robert C. Pate ("Pate"), in his alleged capacity as the Trustee for the Chinese Drywall Trust that was created in the WCI Communities, Inc. Chapter 11 bankruptcy proceeding, commenced a lawsuit against the Insurers and other insurers in the Eastern District of

Louisiana captioned *Pate v. American International Specialty Lines Insurance Co.*, No. 2:09-cv-0779, and identified it as an action related to the *Chinese Manufactured Drywall Products Liability Litigation*, MDL No. 2047 (the "MDL"), before this Court. On April 27, 2010, this Court issued Pretrial Order No. 23 requiring that "each insurance company that is named as a party in any action pending in MDL No. 2047 must complete and sign the attached Insurer Profile Form." In the *Pate* lawsuit, the Insurers filed motions to dismiss on the ground that the Eastern District of Louisiana is an improper venue under 28 U.S.C. § 1391. The primary bases for the motions are that the events giving rise to Pate's claims did not take place in Louisiana, and the Court lacks personal jurisdiction over certain defendants (Docket Nos. 2157, 2167). National Union and other insurers have also sought dismissal for failure to join indispensable parties, because Pate failed to name as parties the named insureds under the policies Pate claims rights as an additional insured (Docket No. 2155). Each of these Motions, with accompanying memorandum, were filed on March 29, 2010 and, pursuant to the local rules of the Eastern District, properly noticed for hearing on June 23, 2010. However, given this Court's established procedure under various pre-trial orders it has issued in this litigation, these matters are unlikely to be heard or deemed submitted on June 23, 2010, nor is there any obligation for opposing counsel to file its opposition until such time as the Court issues its own date for hearing of the matters.

Since a ruling in the Insurers' favor on the pending Rule 12(b) motions would effectively relieve National Union and the other Insurers of any obligation to submit Insurer Profile Forms, this Court should stay their obligation to comply with the Court's order until after the pending Rule 12(b) motions are resolved.

**II.     ARGUMENT**

Under Fed. R. Civ. P. 26(c), a court may "for good cause, issue an order to protect a party or person from…oppression or undue burden or expense." The Fifth Circuit has repeatedly held that it is appropriate to stay discovery under Rule 26(c) where the disposition of pending dispositive motions would preclude the need for discovery altogether, thus saving time and expense. *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994) (holding refusal to allow discovery was proper pending a ruling on a motion for change of venue); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (holding stay of discovery was proper where the party seeking discovery could not have learned anything through discovery that could have affected the resolution of defendants' Rule 12(b)(6) motion); *Landry v. Air Line Pilots Assoc. Int'l. AFL-CIO*, 901 F.2d 404, 435-36 (5th Cir. 1990) (holding stay of discovery was proper pending resolution of summary judgment motions); *see also Dresser v. MEBA Med. & Benefits Plan*, 2008 WL 2705584, at *2 (E.D. La. July 10, 2008) (staying discovery pending resolution of motion to dismiss).

The United States District Court for the Eastern District of Louisiana has found it "clearly erroneous" to allow discovery while a motion to dismiss is pending. *Parish of Jefferson v. Southern Recovery Mgmt., Inc.*, 1996 WL 144400, at *2 (E.D. La. Mar. 27, 1996). In *Parish of Jefferson*, the court reversed a magistrate judge's order denying a motion to stay discovery where a motion to dismiss on jurisdictional grounds was pending, reasoning that "even minimal cost is unwarranted where imminent jurisdictional rulings may render such discovery altogether moot." *Id.* Similarly, in *Dykes v. Maverick Motion Picture Group, L.L.C.*, 2009 WL 3053738, at *2 n.1 (M.D. La. Sept. 18, 2009), the Middle District of Louisiana refused to permit discovery regarding the merits of the case, reasoning that "defendants . . . will be dismissed should they prevail on their jurisdictional

arguments, so there is no need for merits discovery relating to them (or by them about others) until and unless they actually lose their jurisdictional arguments."

Requiring the Insurers to prepare and submit Insurer Profile forms under penalty of perjury, and to produce multiple policies, would impose on them an undue burden and expense in litigation in which they should not be involved. The present case is indistinguishable from the Fifth Circuit cases discussed above holding that a stay is appropriate pending rulings on dispositive motions. A ruling in the Insurers' favor on venue would relieve the Insurers from the requirements imposed on parties to the MDL, including the requirement to submit Insurer Profile Forms, which is akin to Rule 26 discovery. The Insurers should not be required to undertake the burden and expense of producing documents that they may never have to produce - - the scenario that the Fifth Circuit and District Court have sought to prevent. A ruling granting the Insurers' Rule 12(b) motions to dismiss would relieve them from producing the information and policies to non-parties (*e.g.* the PSC) that would not otherwise be entitled to obtain such information from the Insurers. Accordingly, this Court should issue a protective order staying the submission of Insurer Profile Forms because such discovery will be a waste of time and expense if the Insurers prevail on their motions to dismiss.

## III.   CONCLUSION

For the reasons stated above, the Insurers jointly request that the Court grant the Insurers Motion for Protective Order Staying the Submission of Insurer Profile Forms And Insurance Policies Pending Resolution of Rule 12(b) Motions.

Dated:  May 12, 2010

                Respectfully submitted:

                By:  /s/Thomas E. Schwab
                Thomas E. Schwab (#02099)
                BARKLEY & THOMPSON, L.C.
                1515 Poydras Street, Suite 2350
                New Orleans, Louisiana 70112
                Phone: (504) 595-3370
                Fax: (504) 595-3355
                E-mail: tschwab@barkleythompson.com

                Joseph A. Hinkhouse
                Sara Uffelman Gattie
                HINKHOUSE WILLIAMS WALSH LLP
                180 N. Stetson Street, Suite 3400
                Chicago, Illinois 60601
                Phone: (312) 784-5454
                Fax: (312) 784 -5494
                Email:       jhinkhouse@hww-law.com
                            suffelman@hww-law.com

                **Attorneys for Defendant:**
                **NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA**

Erin Fury Parkinson, T.A. (# 22549)
MCGLINCHEY STAFFORD, PLLC
601 Poydras Street, 12th Floor
New Orleans, Louisiana 70130
Phone: (504) 586-1200
Fax: (504) 910-9539
Email: eparkinson@mcglinchey.com

Warren Lutz
JACKSON & CAMPBELL, P.C.
1120 20th Street, N.W.
Suite 300 South
Washington, D.C. 20036
Phone: (202) 457-1600
Fax: (202) 457-1678
Email: wlutz@jackscamp.com

**Attorneys for Defendants:**
**CHARTIS SPECIALTY INSURANCE COMPANY** (f/k/a American International Specialty Lines Insurance Company), and **LEXINGTON INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Support of Motion for Protective Order Staying Submission of Insurer Profile Forms and Insurance Policies Pending Resolution of Rule 12(b) Motions has been served on Plaintiffs Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing in accordance with the procedures established in MDL 2047, on this 12th day of May, 2010.

                                                                         */s/Thomas E. Schwab*
ATTORNEYS FOR DEFENDANT,
National Union Fire Insurance Company of Pittsburgh, Pa.