UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * * * | MDL No. 2:09-md-02047  JUDGE FALLON |
| **This document relates to:** NORTHSTAR HOLDINGS, INC. *et al.*, v. MID-CONTINENT CASUALTY COMPANY, *et al.* **(2:10-cv-00384)** (E.D. La.). | * * * * * | MAGISTRATE WILKINSON |

******************************************

**MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER STAYING SUBMISSION OF INSURER PROFILE FORM AND <u>INSURANCE POLICY PENDING RESOLUTION OF RULE 12(b) MOTIONS</u>**

Defendant, Mid-Continent Casualty Company ("MCC"), pursuant to Fed. R. Civ. P. 26(c), submits this Memorandum in support of its Motion for Protective Order Staying Submission of Insurer Profile Form and Insurance Policy Pending Resolution of Rule 12(b) Motion.

I.   BACKGROUND

On February 12, 2010, Northstar Holdings, Inc., Northstar Homes, Inc., and Northstar Holdings at B&A, LLC (collectively "Northstar") commenced a lawsuit against MCC and others in the Eastern District of Louisiana, captioned *Northstar Holdings, Inc., et. al., v. Mid-Continent*

1

*Cas. Co.*, Case No. 2:10-cv-000384, which is now pending in the Chinese Manufactured Drywall Products Liability Litigation, MDL No. 2047 (the "MDL") before this Court.  On April 27, 2010, this Court issued Pretrial Order No. 23 requiring that "each insurance company that is named as a party in any action pending in MDL No. 2047 must complete and sign the attached Insurer Profile Form."  MCC as well as every other defendant filed motions to dismiss based on, but not limited to, lack of personal jurisdiction, improper venue, and failure to join indispensable parties or, alternatively, to transfer venue to the Middle District of Florida.  (D.E. 2843).  MCC filed its motion and accompanying memorandum and, pursuant to the local rules of the Eastern District, properly noticed this motion for hearing on July 28, 2010.  However, given this Court's established procedure under various pretrial orders it has issued in this litigation, MCC's motion is unlikely to be heard or deemed submitted on July 28, 2010, nor is there any obligation for opposing counsel to file its opposition until such time as the Court issues its own date for hearing this motion.

Since a ruling in MCC's favor on its pending Rule 12(b) motions would relieve MCC of any obligation to submit an Insurer Profile Form and insurance policies, this Court should stay MCC's obligation to comply with the Court's order until after the pending Rule 12(b) motion is resolved.

**II.   ARGUMENT**

Under Fed. R. Civ. P. 26(c), a court may "for good cause, issue an order to protect a party or person from…oppression or undue burden or expense."  The Fifth Circuit has repeatedly held that it is appropriate to stay discovery under Rule 26(c) where the disposition of pending dispositive motions would preclude the need for discovery altogether, thus saving time and

2

expense. *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994) (holding refusal to allow discovery was proper pending a ruling on a motion for change of venue); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (holding stay of discovery was proper where the party seeking discovery could not have learned anything through discovery that could have affected the resolution of defendants' Rule 12(b)(6) motion); *Landry v. Air Line Pilots Assoc. Int'l. AFL-CIO*, 901 F.2d 404, 435-36 (5th Cir. 1990) (holding stay of discovery was proper pending resolution of summary judgment motions); *see also Dresser v. MEBA Med. & Benefits Plan*, 2008 WL 2705584, at *2 (E.D. La. July 10, 2008) (staying discovery pending resolution of motion to dismiss).

The United States District Court for the Eastern District of Louisiana has found it "clearly erroneous" to allow discovery while a motion to dismiss is pending. *Parish of Jefferson v. Southern Recovery Mgmt., Inc.*, 1996 WL 144400, at *2 (E.D. La. Mar. 27, 1996). In *Parish of Jefferson*, the court reversed a magistrate judge's order denying a motion to stay discovery where a motion to dismiss on jurisdictional grounds was pending, reasoning that "even minimal cost is unwarranted where imminent jurisdictional rulings may render such discovery altogether moot." *Id.* Similarly, in *Dykes v. Maverick Motion Picture Group, L.L.C.*, 2009 WL 3053738, at *2 n.1 (M.D. La. Sept. 18, 2009), the Middle District of Louisiana refused to permit discovery regarding the merits of the case, reasoning that "defendants . . . will be dismissed should they prevail on their jurisdictional arguments, so there is no need for merits discovery relating to them (or by them about others) until and unless they actually lose their jurisdictional arguments."

Requiring MCC to prepare and submit an Insurer Profile Form under penalty of perjury, and to produce its policies, would impose on it an undue burden and expense in litigation in

which it should not be involved. The present case is indistinguishable from the cases discussed above holding that a stay is appropriate pending rulings on dispositive motions. A ruling in MCC's favor on either jurisdiction or venue would relieve MCC from the requirements imposed on parties to the MDL, including the requirement to submit an Insurer Profile Form, which is akin to Rule 26 discovery. MCC should not be required to undertake the burden and expense of producing documents that it may never have to produce – the exact scenario that the Fifth Circuit and District Courts have sought to prevent. The rationale behind those decisions are even more compelling here as a ruling granting MCC's Rule 12(b) motion to dismiss would relieve it from producing the information and policies to non-parties (*e.g.* the PSC) that would not otherwise be entitled to obtain such information from MCC. Accordingly, this Court should issue a protective order staying the submission of an Insurer Profile Form and insurance policy.

### III.  CONCLUSION

For the reasons stated above, MCC respectfully requests that the Court grant the Motion for Protective Order Staying the Submission of Insurer Profile Form And Insurance Policy Pending Resolution of Rule 12(b) Motion.

Dated:  May 14, 2010

Respectfully submitted,

**LARZELERE PICOU WELLS
    SIMPSON LONERO, LLC**
Two Lakeway Center - Suite 1100
3850 North Causeway Boulevard
Metairie, Louisiana  70002
Telephone: (504) 834-6500
Facsimile:  (504) 834-6565

BY:   /s/ Lee M. Peacocke
**MORGAN J. WELLS, JR. (La. No. 18499)**
    mwells@lpwsl.com
**LEE M. PEACOCKE (La. No. 18374)**
    lpeacocke@lpwsl.com

AND

**HINSHAW & CULBERTSON LLP
RONALD L. KAMMER, T.A. (Fl. No. 360859)**
    rkammer@hinshawlaw.com
**PEDRO E. HERNANDEZ (Fl. No. 30365)**
    phernandez@hinshawlaw.com
9155 S. Dadeland Blvd., Suite 1600
Miami, Florida  33156
Telephone: (305) 428-5100
Facsimile: (305) 577-1063

**ATTORNEYS FOR DEFENDANT,
MID-CONTINENT CASUALTY COMPANY**

5

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Memorandum in Support of Motion For Protective Order Staying Submission of Insurer Profile Form and Insurance Policy Pending Resolution of Rule 12(b) Motion has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice electronic filing in accordance with the procedures established in MDL 2047, on this 14th day of May, 2010.

                                            /s/ Lee M. Peacocke
                                            LEE M. PEACOCKE

14477141v1 909729 56475