UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 09-2047<br><br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

THIS DOCUMENT RELATES TO

SEAN PAYTON, et al., v. KNAUF GIPS KG, et al.
CASE NO. 09-7628

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STAY DISCOVERY PENDING RESOLUTION OF THEIR MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION

COME NOW Defendants, HPH Properties, LLC and HPH Homes ("HPH"), and hereby file this Memorandum of Law in Support of their Motions to Stay Discovery Pending Resolution of their Motion to Dismiss for Lack of Personal Jurisdiction, filed contemporaneously herewith.

### INTRODUCTION

As set forth more fully in Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and supporting Memorandum of Law (together the "Motion to Dismiss"),

which arguments are incorporated by reference herein, this Court lacks personal jurisdiction over Defendants. Defendants have no connection with the State of Louisiana. Louisiana's long-arm statute does not reach Defendants, and any exercise of *in personam* jurisdiction over Defendants would violate Constitutional Due Process requirements. Given the Court's lack of personal jurisdiction with respect to Defendants, Defendants respectfully submit that they should not be required to participate in discovery prior to the Court's disposition of their Motions to Dismiss.

## ARGUMENT

It is axiomatic that control of discovery is committed to the sound discretion of the trial court. In this regard, the Fifth Circuit has held that "it is appropriate to stay discovery until preliminary questions that may dispose of the case are determined." *Parish of Jefferson v. Southern Recovery Management, Inc.*, 1996 WL 144400, *2 (E.D. La. 1996) (unpublished) (vacating magistrate's order denying motion to stay discovery and finding that although "the discovery sought would not be prohibitively costly, even minimal cost is unwarranted where imminent jurisdictional rulings may render such discovery altogether moot.") *citing Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (holding that nothing in discovery could have affected the resolution of the Rule 12(b)(6) motion and the district court properly deferred discovery while deciding whether the defendants were proper parties to the action).

Moreover, courts within the Fifth Circuit have routinely held that when the lack of personal jurisdiction is clear and the discovery would serve no purpose, it should not be permitted. *See, e.g., Paolino v. Argyll Equities, LLC*, 401 F. Supp. 2d 712, 722 (W.D.

Tex. 2005) (denying even jurisdictional discovery because the lack of personal jurisdiction was clear and therefore the discovery would serve no purpose); *Tschirn v. Kurzweg*, 2003 WL 21087741, *2 (E.D. La 2003) (unpublished) (granting motion for stay of all discovery pending ruling on motion to dismiss for lack of personal jurisdiction and recognizing that if plaintiff "is allowed to conduct discovery at this time, the parties will incur the expense of litigating over the scope of the discovery and conducting the discovery and this may be unnecessary"); *Dykes v. Maverick Motion Picture Grp.*, 2009 WL 3053738, *2 n.1 (M.D. La. 2009) (unpublished) (refusing to permit merits discovery and recognizing that certain defendants "will be dismissed should they prevail on their jurisdictional arguments, so there is no need for merits discovery relating to them (or by them about others) until and unless they actually lose their jurisdictional arguments").

In this case, as set forth in Defendants' Motion to Dismiss, there isno basis whatsoever upon which to assert personal jurisdiction over Defendants. Therefore, any discovery would serve no purpose but to force Defendants to incur unnecessary expenses and waste judicial resources.

## **CONCLUSION**

Based on the foregoing, Defendants HPH Properties, LLC and HPH Homes respectfully request that the Court stay all discovery with respect to them pending the resolution of their Motions to Dismiss.

Respectfully submitted on this the  14th  day of May, 2010.

    /s/ Lucy W. Jordan
James A. Kee, Jr., KEE005
Lucy W. Jordan, JOR037
Attorneys for HPH Properties, LLC and
HPH Homes

OF COUNSEL:

KEE & SELBY, LLP
1900 International Park Drive, Suite 220
Birmingham, Alabama 35243
(205) 968-9900
(205) 968-9909 *facsimile*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the above and foregoing *Memorandum of Law in Support of Motion to Stay Discovery Pending Resolution of their Motion to Dismiss for Lack of Personal Jurisdiction* has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this the 14th day of May, 2010.

                                                                /s/ Lucy W. Jordan
                                                                 OF COUNSEL