UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION

MDL NO. 2047

SECTION: L

THIS DOCUMENT RELATES TO:

JUDGE FALLON

Sean and Beth Payton, et al. v. Knauff Gips, KG, et al.
Case No. 2:09-cv-07628-EEF-JCW

MAG. JUDGE WILKINSON

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OBJECTIONS TO PLAINTIFFS' SUBPOENAS AND MOTION FOR PROTECTIVE ORDER

Defendants Standard Pacific of South Florida GP, Inc., HWB Construction, Inc. and Standard Pacific of South Florida, a Florida General Partnership (collectively "Defendants"), through their undersigned counsel, hereby object to the subpoenas for documents and deposition testimony issued by Plaintiffs' counsel and request entry of a protective order, as set forth in the following memorandum of law.[1]

## FACTUAL BACKGROUND

Plaintiffs filed the above-captioned action on or about December 9, 2009. The undersigned counsel first made appearances on February 24, 2010, on behalf of Standard Pacific of South Florida GP, Inc. and HWB Construction, and on March 26, 2010 on behalf of Standard Pacific of South Florida, a Florida General Partnership.[2] Defendants, in turn, filed their Motion to Dismiss for Lack of Personal Jurisdiction on April 29, 2010. Defendants also contemporaneously filed a Motion to Stay Discovery pending resolution of their Motion to

---

[1] Defendants make this motion without waiving any and all defenses, including their objections to personal jurisdiction. Defendants previously filed a Motion to Dismiss based on Lack of Personal Jurisdiction and a Motion to Stay Discovery, which are pending before the Court.

[2] The Notices of Appearance filed on behalf of Defendants were made subject to all reservation of rights and without waiver of all defenses, including Defendants' objections to personal jurisdiction.

Dismiss. Defendants' Motion to Dismiss and Motion to Stay Discovery are currently pending before the Court.

On Thursday, April 1, 2010, without prior notice or conferral with counsel, Plaintiffs served subpoenas for the production of documents and deposition testimony on Defendants. The subpoenas for documents request a broad range of documents relating to insurance, including all insurance policies issued to Defendants which may apply to the above-captioned matter, as well as claims made to carriers, all correspondence with carriers and all correspondence relating to insurance investigations. See Exhibits "A" and "B." The subpoenas for testimony demanded the depositions of Defendants' representatives with knowledge of these materials on dates unilaterally set by Plaintiffs' counsel.

The Court subsequently entered Pretrial Order No. 24, which specified that the document subpoenas shall be treated as document requests served pursuant to Rule 34 of the Federal Rules of Civil Procedure. The Order provided Defendants additional time to respond – within twenty (20) days of the entry of the Order or thirty (30) days after service of the subpoenas, whichever is later in time. In addition, the Court continued without date the Rule 30(b)(6) depositions that had been unilaterally set by Plaintiffs.

Defendants object to the subpoenas because they are unduly burdensome and cause unnecessary expense given that Defendants have previously moved to dismiss based upon lack of personal jurisdiction and have sought a stay of discovery. In addition, the discovery sought is largely duplicative of the Court's required profile forms, which Defendants have previously submitted. The subpoenas also improperly request documents which are protected by the attorney-client and attorney work-product privileges and are premature. Defendants therefore object to the subpoenas and request entry of a protective order accordingly.

## ARGUMENT

### The Subpoenas Impose an Undue Burden and Expense on Defendants.

Rule 26 of the Federal Rules of Civil Procedure provides for the entry of a protective order to protect a party from undue burden or expense. Fed. R. Civ. P. 26(c)(1). Production of the documents requested and the testimony sought by Plaintiffs' subpoenas would be unduly burdensome and expensive given that Defendants have moved to dismiss Plaintiffs' claims for lack of personal jurisdiction and have sought a stay of discovery in the interim.[3]

The Fifth Circuit has repeatedly held that it is appropriate to stay discovery under Rule 26(c) where the resolution of pending dispositive motions would preclude the need for discovery altogether, thus saving time and expense. *Enplanar, Inc. v. Marsh,* 11 F.3d 1284, 1291 (5th Cir. 1994)(holding refusal to allow discovery was proper pending a ruling on a motion for change of venue); *Petrus v. Bowen,* 833 F.2d 581, 583 (5th Cir. 1987)(holding stay of discovery was proper where the party seeking discovery could not have learned anything through discovery that could have affected the resolution of defendants' motion to dismiss); *Landry v. Air Line Pilots Assoc. Int'l. AFL-CIO,* 901 F.2d 404, 435-36 (5th Cir. 1990)(holding stay of discovery was proper pending resolution of summary judgment motions); *see also Dresser v. MEBA Med. & Benefits Plan,* 2008 WL 2705584 at *2 (E.D. La. July 10, 2008)(staying discovery pending resolution of motion to dismiss).

This Court has found it "clearly erroneous" to allow discovery to proceed while a motion to dismiss is pending. *Parish of Jefferson v. Southern Recovery Mgmt, Inc.,* 1996 WL 144400 at *2 (E.D. La. Mar. 27, 1996). In *Parish of Jefferson*, the court reversed a magistrate judge's order denying a motion to stay discovery where a motion to dismiss on jurisdictional grounds was pending, reasoning that "even minimal cost is unwarranted where imminent jurisdictional rulings

---

[3] The arguments set forth in Defendants' Motion to Stay Discovery are adopted and fully incorporated herein.

3

may render such discovery altogether moot." *Id.*; *see also Dykes v. Maverick Motion Picture Group, L.L.C.*, 2009 WL 3053738 at *2 n.1 (M.D. La. Sept. 18, 2009)(refusing to permit merits discovery stating that "defendants ... will be dismissed should they prevail on their jurisdictional arguments, so there is no need for merits' discovery relating to them (or by them about others) until and unless they actually lose their jurisdictional arguments.").

Requiring Defendants to produce the requested information will impose an undue burden and expense. Defendants' pending motions to dismiss, if successful, will dispose of this case in its entirety as to Defendants. For the same reasoning used by the Fifth Circuit and this Court, Defendants should not be required to undergo the burden and expense of producing documents that they may never have to produce if successful with their pending motions.

Moreover, Plaintiffs cannot justify the burden their subpoenas place on Defendants at this stage of the lawsuit. Although Plaintiffs filed their original Complaint on December 9, 2009, they have announced their intention to file an Amended Complaint. Defendants filed a motion to dismiss based upon lack of personal jurisdiction on April 29, 2010. Defendants anticipate receiving an Amended Complaint, and in turn, again moving to dismiss for lack of personal jurisdiction. This lawsuit is therefore in its infancy. Nevertheless, Plaintiffs' subpoenas seek documents relating to all of Defendants' insurance policies potentially applicable to this action and all correspondence concerning communications with carriers, claims on policies, and investigations under policies. Even assuming this information is relevant to the merits of Plaintiffs' claims, Defendants have already produced a meaningful selection of these materials by furnishing their Court-required Profile Form. Defendants should not be required to provide more at this stage of the lawsuit, especially when Defendants have already filed a motion to dismiss for lack of personal jurisdiction and a corresponding motion to stay discovery pending

4

resolution of their motion to dismiss. A protective order should therefore be entered providing that discovery as to these Defendants not occur until after resolution of their Motion to Dismiss for Lack of Personal Jurisdiction and Motion to Stay Discovery.

## **CONCLUSION**

Defendants Standard Pacific of South Florida GP, Inc., HWB Construction, Inc. and Standard Pacific of South Florida, a Florida General Partnership, respectfully request that this Court enter a protective order providing that the production of responsive materials and testimony sought by the subpoenas not occur until after the resolution of Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Motion to Stay Discovery, together with such additional relief as the Court deems just and proper.

Dated: 5/14/10

Respectfully submitted.

s/ Lara J. Tibbals
Lara J. Tibbals, Florida Bar No. 129054
J. Rocco Cafaro, Florida Bar No. 507121
Brian L. Josias, Florida Bar No. 893811
HILL, WARD & HENDERSON, PA
101 East Kennedy Boulevard, Suite 3700
Tampa, Florida 33602-2231
Tel: (813) 221-3900
Fax: (813) 221-2900

*Counsel for Defendants Standard Pacific of South Florida, GP, Inc., HWB Construction, Inc. and Standard Pacific of South Florida, a Florida General Partnership*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 14th day of May, 2010.

s/ Lara J. Tibbals
Attorney