UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 20427 |
| | SECTION "L" |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| | MAG. JUDGE WILKINSON |

SEAN AND BETH PAYTON, individually, and on behalf of all others similarly situated, [ADDITIONAL PLAINTIFFS LISTED ON SCHEDULE OF PLAINTIFFS, ATTACHED HERETO AS EXHIBIT "A"],

        Plaintiffs,

v.

KNAUF GIPS KG; KNAUF PLASTERBOARD (TIANJIN) CO., LTD; KNAUF PLASTERBOARD (WUHU) CO., LTD; KNAUF PLASTERBOARD (DONGGUAN) CO., LTD; [ADDITIONAL DEFENDANTS LISTED ON SCHEDULE OF DEFENDANTS, ATTACHED HERETO AS EXHIBIT "B"],

        Defendants.

CASE NO.: 09-7628
_____/

**DEFENDANT, NU WAY DRYWALL, LLC'S, NOTICE OF COMPLIANCE WITH SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION AND SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

      Defendant, NU WAY DRYWALL, LLC, hereby gives notice that it has complied with the Subpoena to Testify at a Deposition in a Civil Action, under certificate of service dated March 26, 2010 and the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, served under certificate of service dated March 26, 2010. The documents requested in Exhibits A and B have been produced to Scott Weinstein,

Esquire of Morgan & Morgan, P.A., 12800 University Drive, Suite 600, Fort Myers, Florida 33907.

Any counsel wishing to obtain copies of the documents produced should send a written request to undersigned counsel's office.

TBD/dam

By: /s/ Tammy B. Denbo
**TAMMY B. DENBO, ESQUIRE**
Florida Bar No. 0163597
Masten, Lyerly, Peterson & Denbo, LLC
6906 West Linebaugh Avenue, Suite 101
Tampa, FL 33625
(813) 418-6400/office
(813) 217-9367/fax
Attorneys for Defendants, KLEPK BROS. DRYWALL, INC. and NU WAY DRYWALL, LLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of May, 2010 this document was served on Plaintiffs' Liaison Counsel, **Russ Herman, Esquire**; Defendants' Liaison Counsel, **Kerry Miller, Esquire**; Homebuilders' Liaison Counsel, **Phillip A. Wittmann, Esquire**, and Installers' Liaison Counsel, **Robert Voss Fitzsimmons, Esquire**, by e-mail and by e-mail on all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6 and that the foregoing was electronically filed with the Clerk of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will generate a notice of electronic filing in accordance with the procedures established in MDL 2047.

By: /s/ Tammy B. Denbo

### DEFENDANT, NU WAY DRYWALL, LLC'S, RESPONSE TO SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

Defendant, NU WAY DRYWALL, LLC, by and through its undersigned counsel, hereby responds to Subpoena to Testify at a Deposition in a Civil Action, as follows:

1. All policies of insurance which you believe should provide insurance coverage for the claims made against you in this litigation.

**RESPONSE: Objection. This request is overbroad and vague. Without waiving the foregoing objections, attached please find an insurance policy issued by American Vehicle Insurance Company, which was effective from October 14, 2005 through October 14, 2006.**

**Defendant reserves the right to supplement this response.**

2. Any and all policies of insurance, issued to you or which you claim provide coverage in effect from 2005 through the present; including, but not limited to. any and all C.G.L., excess and/or umbrella policies and state the following: policy holder, policy limits, policy terms, policy period, policy provider/insurance carrier, agent or underwriter that provided and/or sold the policy in effect or any and all policies of insurance in full force and effect from 2005 through the present.

**RESPONSE: Objection. This request is overbroad and vague. Without waiving the foregoing objections, it is Defendant's understanding that its insurer, American Vehicle Insurance Company, has not completed its coverage decision. However, in an abundance of caution, attached please find an insurance policy issued by American Vehicle Insurance Company, which was effective from September 29, 2004 through September 29, 2005; an insurance policy issued by American Vehicle Insurance Company, which was effective from October 14, 2005 through October 14, 2006; and an insurance policy issued by American Vehicle Insurance Company, which was effective from October 10, 2006 through October 10, 2007.**

**Defendant reserves the right to supplement this response.**

3. Public Management Liability policies for directors of the corporation, if any;

**RESPONSE: None known at this time.**

**Defendant reserves the right to supplement this response.**

4. Primary Policies from 2005 to the present;

**RESPONSE: Objection. This request is overbroad and vague. Without waiving the**

3

**foregoing objections, it is Defendant's understanding that its insurer, American Vehicle Insurance Company, has not completed its coverage decision. However, in an abundance of caution, attached please find an insurance policy issued by American Vehicle Insurance Company, which was effective from September 29, 2004 through September 29, 2005; an insurance policy issued by American Vehicle Insurance Company, which was effective from October 14, 2005 through October 14, 2006; and an insurance policy issued by American Vehicle Insurance Company, which was effective from October 10, 2006 through October 10, 2007.**

**Defendant reserves the right to supplement this response.**

5. Errors and Omissions policies, from 2005 to the present;

**RESPONSE: None known at this time.**

**Defendant reserves the right to supplement this response.**

6. Any and all claims made by you to your insurers related to the subject matter of the instant litigation.

**RESPONSE: Objection. The information requested is protected by the work product privilege and the attorney client privilege. Additionally, this request is overbroad and vague.**

**Defendant reserves the right to supplement this response.**

7. Any and all correspondence between you and insurance brokers and/or agents relative to claims made related to the subject matter of the instant litigation; including, but not limited to coverage, scope of coverage, demand for defense, demand for indemnification, reservation(s) of rights, and denial(s) of any potential coverage.

**RESPONSE: Objection. The information requested is protected by the work product privilege and the attorney client privilege. Additionally, this request is overbroad and vague. Without waiving the foregoing objections, attached please find a copy of correspondence sent by the undersigned to Defendant's insurer, American Vehicle Insurance Company, requesting coverage for the claim made against this Defendant in this litigation.**

**Defendant reserves the right to supplement this response.**

8. Any and all correspondence/information regarding investigations conducted by insurers pursuant to the insured's request for coverage.

**RESPONSE: Objection. This request is overbroad and vague. Without waiving the foregoing objections, Defendant is not in possession of any**

4

**documents/information responsive to this request and if Plaintiffs are in need of this information, this request should be directed to Defendant's insurer, American Vehicle Insurance Company.**

**Defendant reserves the right to supplement this response.**

**DEFENDANT, NU WAY DRYWALL, LLC'S, RESPONSE TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

Defendant, NU WAY DRYWALL, LLC, by and through its undersigned counsel, hereby responds to Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, as follows:

1. All policies of insurance which you believe should provide insurance coverage for the claims made against you in this litigation.

   **RESPONSE: Objection. This request is overbroad and vague. Without waiving the foregoing objections, attached please find an insurance policy issued by American Vehicle Insurance Company, which was effective from October 14, 2005 through October 14, 2006.**

   **Defendant reserves the right to supplement this response.**

2. Any and all policies of insurance, issued to you or which you claim provide coverage in effect from 2005 through the present; including, but not limited to. any and all C.G.L., excess and/or umbrella policies and state the following: policy holder, policy limits, policy terms, policy period, policy provider/insurance carrier, agent or underwriter that provided and/or sold the policy in effect or any and all policies of insurance in full force and effect from 2005 through the present.

   **RESPONSE: Objection. This request is overbroad and vague. Without waiving the foregoing objections, it is Defendant's understanding that its insurer, American Vehicle Insurance Company, has not completed its coverage decision. However, in an abundance of caution, attached please find an insurance policy issued by American Vehicle Insurance Company, which was effective from September 29, 2004 through September 29, 2005; an insurance policy issued by American Vehicle Insurance Company, which was effective from October 14, 2005 through October 14, 2006; and an insurance policy issued by American Vehicle Insurance Company, which was effective from October 10, 2006 through October 10, 2007.**

   **Defendant reserves the right to supplement this response.**

3. Public Management Liability policies for directors of the corporation, if any;

   **RESPONSE: None known at this time.**

   **Defendant reserves the right to supplement this response.**

4.  Primary Policies from 2005 to the present;

**RESPONSE: Objection. This request is overbroad and vague. Without waiving the foregoing objections, it is Defendant's understanding that its insurer, American Vehicle Insurance Company, has not completed its coverage decision. However, in an abundance of caution, attached please find an insurance policy issued by American Vehicle Insurance Company, which was effective from September 29, 2004 through September 29, 2005; an insurance policy issued by American Vehicle Insurance Company, which was effective from October 14, 2005 through October 14, 2006; and an insurance policy issued by American Vehicle Insurance Company, which was effective from October 10, 2006 through October 10, 2007.**

**Defendant reserves the right to supplement this response.**

5.  Errors and Omissions policies, from 2005 to the present;

**RESPONSE: None known at this time.**

**Defendant reserves the right to supplement this response.**

6.  Any and all claims made by you to your insurers related to the subject matter of the instant litigation.

**RESPONSE: Objection. The information requested is protected by the work product privilege and the attorney client privilege. Additionally, this request is overbroad and vague.**

**Defendant reserves the right to supplement this response.**

7.  Any and all correspondence between you and insurance brokers and/or agents relative to claims made related to the subject matter of the instant litigation; including, but not limited to coverage, scope of coverage, demand for defense, demand for indemnification, reservation(s) of rights, and denial(s) of any potential coverage.

**RESPONSE: Objection. The information requested is protected by the work product privilege and the attorney client privilege. Additionally, this request is overbroad and vague. Without waiving the foregoing objections, attached please find a copy of correspondence sent by the undersigned to Defendant's insurer, American Vehicle Insurance Company, requesting coverage for the claim made against this Defendant in this litigation.**

**Defendant reserves the right to supplement this response.**

8.  Any and all correspondence/information regarding investigations conducted by insurers pursuant to the insured's request for coverage.

8

**RESPONSE: Objection. This request is overbroad and vague. Without waiving the foregoing objections, Defendant is not in possession of any documents/information responsive to this request and if Plaintiffs are in need of this information, this request should be directed to Defendant's insurer, American Vehicle Insurance Company.**

**Defendant reserves the right to supplement this response.**