UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED         MDL NO. 20427
DRYWALL PRODUCTS LIABILITY
LITIGATION                              SECTION "L"

THIS DOCUMENT RELATES TO:        JUDGE FALLON

                                         MAG. JUDGE WILKINSON

SEAN AND BETH PAYTON, individually, and
  on behalf of all others similarly situated,
  [ADDITIONAL PLAINTIFFS LISTED ON
  SCHEDULE OF PLAINTIFFS, ATTACHED
  HERETO AS EXHIBIT "A"],

              Plaintiffs,

v.

KNAUF GIPS KG; KNAUF PLASTERBOARD
  (TIANJIN) CO., LTD; KNAUF
  PLASTERBOARD (WUHU) CO., LTD;
  KNAUF PLASTERBOARD (DONGGUAN)
  CO., LTD; [ADDITIONAL DEFENDANTS
  LISTED ON SCHEDULE OF DEFENDANTS,
  ATTACHED HERETO AS EXHIBIT "B"],

              Defendants.

CASE NO.: 09-7628
_____/

**<u>DEFENDANT, KLEPK BROS. DRYWALL, INC.'S, NOTICE OF COMPLIANCE WITH
SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION AND
SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION</u>**

      Defendant, KLEP BROS. DRYWALL, INC., hereby gives notice that it has complied

with the Subpoena to Testify at a Deposition in a Civil Action, under certificate of service dated

March 26, 2010 and the Subpoena to Produce Documents, Information, or Objects or to Permit

Inspection of Premises in a Civil Action, served under certificate of service dated March 26,

2010. The documents requested in Exhibits A and B have been produced to Scott Weinstein,

Esquire of Morgan & Morgan, P.A., 12800 University Drive, Suite 600, Fort Myers, Florida 33907.

Any counsel wishing to obtain copies of the documents produced should send a written request to undersigned counsel's office.

By: /s/ Tammy B. Denbo
**TAMMY B. DENBO, ESQUIRE**
Florida Bar No. 0163597
Masten, Lyerly, Peterson & Denbo, LLC
6906 West Linebaugh Avenue, Suite 101
Tampa, FL 33625
(813) 418-6400/office
(813) 217-9367/fax
Attorneys for Defendants, KLEPK BROS. DRYWALL, INC. and NU WAY DRYWALL, LLC

TBD/dam

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 14th day of May, 2010 this document was served on Plaintiffs' Liaison Counsel, **Russ Herman, Esquire**; Defendants' Liaison Counsel, **Kerry Miller, Esquire**; Homebuilders' Liaison Counsel, **Phillip A. Wittmann, Esquire**, and Installers' Liaison Counsel, **Robert Voss Fitzsimmons, Esquire**, by e-mail and by e-mail on all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6 and that the foregoing was electronically filed with the Clerk of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will generate a notice of electronic filing in accordance with the procedures established in MDL 2047.

By: /s/ Tammy B. Denbo

### DEFENDANT, KLEPK BROS. DRYWALL, INC.'S, RESPONSE TO SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

Defendant, KLEPK BROS. DRYWALL, INC., by and through its undersigned counsel,

hereby responds to Subpoena to Testify at a Deposition in a Civil Action, as follows:

1.   All policies of insurance which you believe should provide insurance coverage for the claims made against you in this litigation.

**RESPONSE: Objection.   This request is overbroad and vague.   Without waiving the foregoing objections, attached please find an insurance policy issued by American Vehicle Insurance Company, which was effective from March 17, 2007 through March 17, 2008.**

**Defendant reserves the right to supplement this response.**

2.   Any and all policies of insurance, issued to you or which you claim provide coverage in effect from 2005 through the present; including, but not limited to. any and all C.G.L., excess and/or umbrella policies and state the following: policy holder, policy limits, policy terms, policy period, policy provider/insurance carrier, agent or underwriter that provided and/or sold the policy in effect or any and all policies of insurance in full force and effect from 2005 through the present.

**RESPONSE: Objection.   This request is overbroad and vague.   Without waiving the foregoing objections, it is Defendant's understanding that its insurer, American Vehicle Insurance Company, has not completed its coverage decision.   However, in an abundance of caution, attached please find an insurance policy issued by The Burlington Insurance Company, which was effective from March 17, 2006 through March 17, 2007; an insurance policy issued by American Vehicle Insurance Company, which was effective from March 17, 2007 through March 17, 2008; an insurance policy issued by American Vehicle Insurance Company, which was effective from March 17, 2008 through March 17, 2009; an insurance policy issued by American Vehicle Insurance Company, which was effective from March 17, 2009 through March 17, 2010; and an insurance policy issued by American Vehicle Insurance Company, which is effective from March 17, 2010 through March 17, 2011.**

**Defendant reserves the right to supplement this response.**

3.   Public Management Liability policies for directors of the corporation, if any;

**RESPONSE: None known at this time.**

**Defendant reserves the right to supplement this response.**

3

4.      Primary Policies from 2005 to the present;

**RESPONSE: Objection.   This request is overbroad and vague.   Without waiving the foregoing objections, it is Defendant's understanding that its insurer, American Vehicle Insurance Company, has not completed its coverage decision.   However, in an abundance of caution, attached please find an insurance policy issued by The Burlington Insurance Company, which was effective from March 17, 2006 through March 17, 2007; an insurance policy issued by American Vehicle Insurance Company, which was effective from March 17, 2007 through March 17, 2008; an insurance policy issued by American Vehicle Insurance Company, which was effective from March 17, 2008 through March 17, 2009; an insurance policy issued by American Vehicle Insurance Company, which was effective from March 17, 2009 through March 17, 2010; and an insurance policy issued by American Vehicle Insurance Company, which is effective from March 17, 2010 through March 17, 2011.**

**Defendant reserves the right to supplement this response.**

5.      Errors and Omissions policies, from 2005 to the present;

**RESPONSE:  None known at this time.**

**Defendant reserves the right to supplement this response.**

6.      Any and all claims made by you to your insurers related to the subject matter of the instant litigation.

**RESPONSE: Objection.   The information requested is protected by the work product privilege and the attorney client privilege.   Additionally, this request is overbroad and vague.**

**Defendant reserves the right to supplement this response.**

7.      Any and all correspondence between you and insurance brokers and/or agents relative to claims made related to the subject matter of the instant litigation; including, but not limited to coverage, scope of coverage, demand for defense, demand for indemnification, reservation(s) of rights, and denial(s) of any potential coverage.

**RESPONSE: Objection.   The information requested is protected by the work product privilege and the attorney client privilege.   Additionally, this request is overbroad and vague.   Without waiving the foregoing objections, attached please find a copy of correspondence sent by the undersigned to Defendant's insurer, American Vehicle Insurance Company, requesting coverage for the claim made against this Defendant in this litigation.**

4

**Defendant reserves the right to supplement this response.**

8.      Any and all correspondence/information regarding investigations conducted by insurers pursuant to the insured's request for coverage.

**RESPONSE: Objection.   This request is overbroad and vague.   Without waiving the foregoing objections, Defendant is not in possession of any documents/information responsive to this request and if Plaintiffs are in need of this information, this request should be directed to Defendant's insurer, American Vehicle Insurance Company.**

**Defendant reserves the right to supplement this response.**

**DEFENDANT, KLEPK BROS. DRYWALL, INC.'S, RESPONSE TO
SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

Defendant, KLEPK BROS. DRYWALL, INC., by and through its undersigned counsel,

hereby responds to Subpoena to Produce Documents, Information, or Objects or to Permit

Inspection of Premises in a Civil Action, as follows:

1. All policies of insurance which you believe should provide insurance coverage for the claims made against you in this litigation.

**RESPONSE: Objection.  This request is overbroad and vague.  Without waiving the
foregoing objections, attached please find an insurance policy issued by
American Vehicle Insurance Company, which was effective from March 17,
2007 through March 17, 2008.**

        **Defendant reserves the right to supplement this response.**

2. Any and all policies of insurance, issued to you or which you claim provide coverage in effect from 2005 through the present; including, but not limited to. any and all C.G.L., excess and/or umbrella policies and state the following: policy holder, policy limits, policy terms, policy period, policy provider/insurance carrier, agent or underwriter that provided and/or sold the policy in effect or any and all policies of insurance in full force and effect from 2005 through the present.

**RESPONSE: Objection.  This request is overbroad and vague.  Without waiving the
foregoing objections, it is Defendant's understanding that its insurer,
American Vehicle Insurance Company, has not completed its coverage
decision.  However, in an abundance of caution, attached please find an
insurance policy issued by The Burlington Insurance Company, which was
effective from March 17, 2006 through March 17, 2007; an insurance policy
issued by American Vehicle Insurance Company, which was effective from
March 17, 2007 through March 17, 2008; an insurance policy issued by
American Vehicle Insurance Company, which was effective from March 17,
2008 through March 17, 2009; an insurance policy issued by American
Vehicle Insurance Company, which was effective from March 17, 2009
through March 17, 2010; and an insurance policy issued by American
Vehicle Insurance Company, which is effective from March 17, 2010 through
March 17, 2011.**

        **Defendant reserves the right to supplement this response.**

3. Public Management Liability policies for directors of the corporation, if any;

**RESPONSE:  None known at this time.**

> **Defendant reserves the right to supplement this response.**

4.      Primary Policies from 2005 to the present;

**RESPONSE:  Objection.   This request is overbroad and vague.   Without waiving the foregoing objections, it is Defendant's understanding that its insurer, American Vehicle Insurance Company, has not completed its coverage decision.   However, in an abundance of caution, attached please find an insurance policy issued by The Burlington Insurance Company, which was effective from March 17, 2006 through March 17, 2007; an insurance policy issued by American Vehicle Insurance Company, which was effective from March 17, 2007 through March 17, 2008; an insurance policy issued by American Vehicle Insurance Company, which was effective from March 17, 2008 through March 17, 2009; an insurance policy issued by American Vehicle Insurance Company, which was effective from March 17, 2009 through March 17, 2010; and an insurance policy issued by American Vehicle Insurance Company, which is effective from March 17, 2010 through March 17, 2011.**

> **Defendant reserves the right to supplement this response.**

5.      Errors and Omissions policies, from 2005 to the present;

**RESPONSE:  None known at this time.**

> **Defendant reserves the right to supplement this response.**

6.      Any and all claims made by you to your insurers related to the subject matter of the instant litigation.

**RESPONSE:  Objection.   The information requested is protected by the work product privilege and the attorney client privilege.   Additionally, this request is overbroad and vague.**

> **Defendant reserves the right to supplement this response.**

7.      Any and all correspondence between you and insurance brokers and/or agents relative to claims made related to the subject matter of the instant litigation; including, but not limited to coverage, scope of coverage, demand for defense, demand for indemnification, reservation(s) of rights, and denial(s) of any potential coverage.

**RESPONSE:  Objection.   The information requested is protected by the work product privilege and the attorney client privilege.   Additionally, this request is overbroad and vague.   Without waiving the foregoing objections, attached**

**please find a copy of correspondence sent by the undersigned to Defendant's insurer, American Vehicle Insurance Company, requesting coverage for the claim made against this Defendant in this litigation.**

**Defendant reserves the right to supplement this response.**

8.      Any and all correspondence/information regarding investigations conducted by insurers pursuant to the insured's request for coverage.

**RESPONSE: Objection.   This request is overbroad and vague.   Without waiving the foregoing objections, Defendant is not in possession of any documents/information responsive to this request and if Plaintiffs are in need of this information, this request should be directed to Defendant's insurer, American Vehicle Insurance Company.**

**Defendant reserves the right to supplement this response.**