IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED       *      MDL NO. 2047
DRYWALL PRODUCTS LITIGATION       *
                                  *
_____   *      SECTION: "L"
                                  *
THIS DOCUMENT RELATES TO:         *
Kenneth and Barbara Wiltz, et al  *
                                  *      JUDGE FALLON
Case No. 10-361, Sect. L MAG 2    *      MAG. JUDGE WILKINSON
                                  *
                                  *
**********************************************

### DEFENDANT, AL BROTHERS, INC. 'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' OMNIBUS CLASS ACTION COMPLAINT FOR LACK OF PERSONAL JURISDICTION

Defendant, AL BROTHERS, INC. (hereafter "AL BROTHERS"), through special appearance of its undersigned counsel, hereby moves to dismiss this action against AL BROTHERS for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12 (b) (2) and in support thereof states as follows:

1.      On March 15, 2010, Plaintiffs, KENNETH AND BARBARA WILTZ, individually, and on behalf of all others similarly situated, filed an Omnibus Class Action Complaint ("hereafter Complaint") against multiple Defendants, including AL BROTHERS.

2.      The Complaint demands judgment and asserts causes of action against AL BROTHERS.

3.      AL BROTHERS is a Florida corporation with its principal place of business in Florida. This is admitted by Plaintiffs in the Complaint. AL BROTHERS never transacted business in Louisiana, does not maintain an office or agent in Louisiana, does not own property in

1

Louisiana, has not breached any contract or committed any tort in Louisiana and has not otherwise conducted itself in any manner that would give rise to personal jurisdiction over AL BROTHERS by a court in Louisiana.  (See Affidavit of Alan Jostes, attached hereto as Exhibit "A").

4.     This Court lacks personal jurisdiction over AL BROTHERS because Louisiana's long- arm statute, La. R.S. 13:3201(B), does not reach this nonresident Defendant and because the exercise of personal jurisdiction over this non-resident Defendant would violate the Due Process Clause of the United States Constitution.

5.     There is no basis for the exercise of personal jurisdiction over AL BROTHERS in Louisiana. Because there is no connection between AL BROTHERS and the State of Louisiana to justify this Court's exercise of jurisdiction over AL BROTHERS under Louisiana's log-arm statute or constitutional due process requirements, the Complaint must be dismissed for lack of personal jurisdiction.

6.     A federal court sitting in diversity may exercise personal jurisdiction over a non-resident defendant only if two requirements are satisfied: (1) the forums state's long-arm statute confers personal jurisdiction; and (2) the exercise of jurisdiction does not exceed the boundaries of Due Process. *See Seiferth v. Helicopters Atuneros, Inc.,* 472 F.3d 266, 270 (5th Cir. 2006).

7.     Louisiana's long arm statute, La. R.S. 13:3201(B), provides that a Louisiana court "may exercise personal jurisdiction over a non-resident on any basis consistent with ... the Constitution of the United States."  Because the limits of Louisiana's long-arm statute are co-extensive with the limits of constitutional due process, the inquiry is simply whether this

Court's exercise of jurisdiction over AL BROTHERS would offend due process. *See Luv N' Care, LTD v. Insta-Mix, Inc.,* 438 F.3d 465, 469 (5th Cir. 2006); *see also Electrosource, Inc. V. Horizon Battery Techs, Ltd.,* 176 F.3d 867, 871 (5th Cir. 1999).

8. The Due Process Clause limits the Court's power to assert personal jurisdiction over a non-resident defendant. *See Helicoperos Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 413-14 (1994). The Due Process inquiry is two-fold. First, the Court must establish whether AL BROTHERS, a non-resident defendant, has the requisite minimum contacts with Louisiana, the forum state. *See Lub N' Care*, 438 F.3d at 469 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). Second, the Court must determine whether exercising personal jurisdiction over AL BROTHERS would violate "traditional notions of fair play and substantial justice." *Int'l Shoe Co.*, 326 U.S. at 310. For the following reasons, the Due Process inquiry clearly demonstrates that the Court lacks the power to assert personal jurisdiction over AL BROTHERS.

9. The minimum contacts test takes two forms and the constitutional limitations on the exercise of personal jurisdiction differ depending on whether a court seeks to exercise general or specific jurisdiction over the defendant. However, in this case, the Court clearly lacks the power to exercise either general or specific jurisdiction over AL BROTHERS because it has no contacts with Louisiana.

10. The Court may exercise specific jurisdiction over a non-residential defendant "in a suit arising out of or related to the defendant's contacts with the forum." *Seifterth*, 472 F.3d at 271 (citing *Hellicopteros Nacionales de Columbia,* 466 U.S. at 413-14. The Fifth Circuit articulated a three-step personal jurisdiction inquiry:

> (1) whether the defendant has minimum contacts with the forum state ... whether [he] purposely directed [his] activities toward the forum state or purposely availed [himself] of the privileges of conducting activities there;\
>
> (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and
>
> (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) and *Nuovo Pignone v. STORMAN ASIA M/V,* 310 F.3d 374 (5th Cir. 2002)).

11.   The first prong of the analysis requires that Plaintiffs establish that AL BROTHERS purposefully availed itself of the privilege of conducting activities in Louisiana, thus invoking the benefits and protections of Louisiana's laws. *Jones v. Petty-Ray Geophysical*, 954 F.2d 1061, 1086 (5th Cir. 1992) (quoting *Hanson v. Denckla*, 375 U.S. 235 (1958)). This prong is the constitutional touchstone for the exercise of personal jurisdiction. *See Asahi Medal Indus. Co., Ltd. v. Super. Ct. Of Calif., Solano Colorado*, 480 U.S. 102, 108-09 (1987).

12.   Plaintiffs have not and cannot establish the first prong of the analysis. AL BROTHERS is not registered to do business in Louisiana. AL BROTHERS does not have any office or employees in Louisiana. AL BROTHERS does not own any property in Louisiana. (See Affidavit of Alan Jostes, attached hereto as Exhibit "A"). Moreover, none of the claims raised against AL BROTHERS relate in any way whatsoever to Louisiana. To this end, AL BROTHERS maintains that any contracts entered into concerning residences referenced in the Complaint were negotiated and performed in Florida, not Louisiana. As such, Plaintiffs have failed to establish that AL BROTHERS purposefully availed itself of the privilege of

conducting business in Louisiana; and therefore, the Court cannot exercise specific jurisdiction over AL BROTHERS.

13.   To satisfy the second prong of the analysis, Plaintiffs' causes of action must arise out of or relate to AL BROTHERS' forum-related contacts.  Plaintiffs, however, have not and cannot establish that any of their causes of action (asserted against AL BROTHERS) arise out of or relate to AL BROTHERS' conduct in Louisiana.  AL BROTHERS simply has no contact whatsoever with Louisiana.

14.   The underlying basis for this class-action lawsuit is allegedly defective drywall material used in the construction of certain residences.  Yet, none of the residences allegedly involving AL BROTHERS encompassed by this action are located in Louisiana.  Moreover, AL BROTHERS is not even registered to do business in Louisiana.  AL BROTHERS does not have any offices or employees in Louisiana, nor does it own property in Louisiana.  As AL BROTHERS has no contact whatsoever with Louisiana, none of the Plaintiffs' tort-based causes of action arise out of or relate to AL BROTHERS' forum-related contact, because such contacts are non-existent.

15.   In addition, Plaintiffs assert several contract claims against AL BROTHERS.  In contract cases, the Fifth Circuit looks to contemplated future consequences of the agreement and the actual course of dealing between the contracting parties.  *Dickson Marine, Inc. v. Panalina, Inc.,* 179 F.3d 331, 337 (5th Cir. 1999).  None of the listed class members alleged to relate to AL BROTHERS had anything to do with Louisiana.

16.   In light of the fact AL BROTHERS has no contact with the state of Louisiana, Plaintiffs have not and cannot establish that their causes of action arise out of or relate to AL BROTHERS'

"forum-related contacts."

17. Lastly, the analysis requires that the exercise of personal jurisdiction over the non-resident is fair and reasonable. Plaintiffs have not and cannot establish this third prong of the personal jurisdiction analysis because exercising personal jurisdiction over AL BROTHERS is anything but fair and reasonable. Under the reasonableness prong, the exercise of personal jurisdiction is only reasonable if it does not offend "traditional notions of fair play and substantial justice." *Latshaw v. Johnson*, 167 F.3d 211 (5th Cir. 1999).

18. In reaching its decision, the Court must consider the burden on AL BROTHERS. *See World-Wide Volkswagon Corp. v. Woodson,* 444 U.S. 286, 292 (1980). AL BROTHERS is being hauled into a court that is located far from its place of business and where it has no minimum contacts. In addition, if this lawsuit were allowed to proceed in Louisiana, most, if not all of the critical witnesses, along with all of the physical evidence and related documents are located in Florida. In light of the foregoing it would be unreasonable and unfair to force AL BROTHERS, a Florida corporation, to litigate in Louisiana.

19. The sole focus on a general jurisdiction inquiry is whether there are any continuous and systematic contacts between AL BROTHERS and the State of Louisiana. *Dickson Marin, Inc.,* 179 F.3d at 339. The Fifth Circuit has found that the continuous and systematic test "is a difficult one to meet, requiring extensive contacts between a defendant and a forum."

20. As AL BROTHERS has no contacts whatsoever with the State of Louisiana, an exercise of general jurisdiction over AL BROTHERS offends the Due Process Clause. As previously stated, AL BROTHERS is a Florida Corporation with its principal place of business in Florida. AL BROTHERS is not licensed or registered to do business in Louisiana, and it has

6

no offices, employees, property, bank accounts, or other resources in the State.  In fact, AL

BROTHERS has never worked on a residence in Louisiana.  AL BROTHERS has not had

any contracts or subcontracts with companies located in Louisiana.  On these facts, no case

can be made that AL BROTHERS, with its non-existent contacts, has the "continuous and

systematic" contacts required for general jurisdiction. *See generally Helicopero Nacionales*

*de Columbia*, S.A., 446 U.S. at 408.

21.     Courts consider several factors when making a fair play and substantial justice analysis: "(1)

the burden on the non-resident defendant, (2) the forum state's interests, (3) the plaintiff's

interest in securing relief ..." *Luv N' Care, Ltd.*, 438 F.3d at 473.  Fairness dictates the

dismissal of the Complaint as to AL BROTHERS.  AL BROTHERS is a Florida corporation

with its principal place of business in Florida.  It is not license or registered to do business

in Louisiana and it has no offices, employees, property, bank account or other resources in

this State.  It would be a very heavy and unreasonable burden on AL BROTHERS to be

forced to litigate this action in Louisiana.  In addition, Louisiana's interest as a forum, in

adjudicating this action against AL BROTHERS is tenuous at best, where neither AL

BROTHERS nor the causes of action asserted against it have any connection with Louisiana.

Therefore, exercising personal jurisdiction over AL BROTHERS would violate notions of

fair play and substantial justice.

22.     For the foregoing reasons, adjudicating this dispute against AL BROTHERS in Louisiana

violates the minimum contacts required to fulfill due process and impedes any notion of "fair

play and substantial justice."  As such, pursuant to Federal Rule of Civil Procedure 12 (b)

(2), Plaintiffs' Complaint must be dismissed against AL BROTHERS for lack of personal

jurisdiction.

WHEREFORE, Defendant, AL BROTHERS, INC., respectfully requests that its Motion be GRANTED, and that this Court enter an Order dismissing the instant action as to AL BROTHERS and awarding to this Defendant such other and further relief as this Court deems just and proper under the circumstances.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing MEMORANDUM IN SUPPORT OF MOTION TO DISMISS has been served on Plaintiffs' Liaison Counsel, Russ Herman (drywall@hhkc.com), and Defendants' Liaison Counsel, Kerry Miller (kmiller@frilot.com), by U.S. Mail, email, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the USDC for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 11th day of May, 2010.

SELLARS, MARION & BACHI, P.A.

By:_____/s/ Jeremy D. Bertsch_____
 Florida Bar No.:  0043308
Attorneys for Defendant, Al Brothers, Inc.
811 North Olive Avenue
West Palm Beach, FL  33401
Telephone:  (561) 655-8111
Facsimile:  (561) 655-4994