## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE:      CHINESE-MANUFACTURED DRYWALL          MDL NO. 09-2047

            PRODUCTS LIABILITY LITIGATION          SECTION: L

                                                   JUDGE FALLON

                                                   MAG. JUDGE

                                                   WILKINSON

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**THIS DOCUMENT RELATES TO:**

**KENNETH AND BARBARA WILTZ, ET. AL. vs. BEIJING NEW BUILDING MATERIALS PUBLIC, LTD., ET. AL.,**

**CASE #:      2010 CV 361**

---

### <u>AFFIDAVIT</u>

COMMONWEALTH OF VIRGINIA

COUNTY/CITY OF <u>Virginia Beach</u>

BEFORE ME, the undersigned authority, personally came and appeared:

#### STEVE PALAND

Who, after being duly sworn did depose and state, as follows:

1.     He is the President of **Peak Building Corporation** , a Virginia corporation,

       with its principle place of business located in Virginia Beach, Virginia.



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:      CHINESE-MANUFACTURED DRYWALL        MDL NO. 09-2047

PRODUCTS LIABILITY LITIGATION                   SECTION L

                                                JUDGE FALLON

                                                MAG. JUDGE

                                                WILKINSON

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

THIS DOCUMENT RELATES TO:

KENNETH AND BARBARA WILTZ, ET AL. vs. BEIJING NEW BUILDING
MATERIALS PUBLIC LTD., ET AL.

CASE NO.:   2010 CV 361

AFFIDAVIT

COMMONWEALTH OF VIRGINIA

COUNTY/CITY OF Virginia Beach

BEFORE ME, the undersigned authority, personally came and appeared:

STEVE PALAND

Who, after being duly sworn did depose and state as follows:

1.      He is the President of Paris Building Corporation, a Virginia corporation,

with its principal place of business located in Virginia Beach, Virginia.

2.    In that capacity, he is familiar with the nature of the business, including the general, day-to-day operations of **Peak Building Corporation**.

3.    That he is of proper age, and of sound mind, and capable of providing this Affidavit.

4.    **Peak Building Corporation** is not authorized to do, and has never done, any business in the State of Louisiana.

5.    **Peak Building Corporation** is a general contractor, licensed in the Commonwealth of Virginia, and is in the business of constructing residential housing within the borders of the Commonwealth of Virginia.

6.    **Peak Building Corporation** does not manufacture any products, and it does not sell any products separate and apart from components incorporated into its residential housing construction projects.

7.    He is not personally, nor in his capacity as President of **Peak Building Corporation** aware of **Peak Building Corporation** performing any contracting, building or development work in the State of Louisiana.

8.    **Peak Building Corporation** has never advertised in any publications, either targeted to the State of Louisiana, or in any way intended to draw business from any potential customers in Louisiana.

9.    **Peak Building Corporation** has never received any business from any contacts in the State of Louisiana, whether individual customers, or business customers.

2. In that capacity, he is familiar with the nature of the business, including the general, day-to-day operations of Peak Building Corporation.

3. The affiant is of proper age, and of sound mind, and capable of executing this Affidavit.

4. Peak Building Corporation is not authorized to do, and has never done, any business in the State of Louisiana.

5. Peak Building Corporation is a general contractor, licensed in the Commonwealth of Virginia, and is in the business of constructing residential housing within the borders of the Commonwealth of Virginia.

6. Peak Building Corporation does not manufacture any products, and it does not sell any products separate and apart from components that it integrates into its residential housing construction projects.

7. He is not personally, nor in his capacity as President of Peak Building Corporation aware of Peak Building Corporation performing any contracting, building or development work in the State of Louisiana.

8. Peak Building Corporation has never advertised in any public venue, either targeted in the State of Louisiana, or in any way intended to draw business from any potential customers in Louisiana.

9. Peak Building Corporation has never procured any business from any sources in the State of Louisiana, whether individual customers, or business customers.

10. **Peak Building Corporation** does not maintain an office, headquarters, warehouse, or any other physical facility within the bounds of the State of Louisiana.

11. **Peak Building Corporation** does not, and has never solicited any business in the State of Louisiana.

By: _____

Steve Paland
President
Peak Building Corporation

**SWORN TO AND SUBSCRIBED**
**BEFORE ME THIS** _7_ **DAY OF** _May_ , **2010.**

_____
**NOTARY PUBLIC**

Commonwealth of Virginia
Rebecca S. Taormina - Notary Public
Commission No: 188357
My Commission Expires 08/31/2012

-3-