UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DONALD J. BOUTTE | * | CIVIL ACTION NO.: |
| | * | |
| | * | JUDGE: |
| VERSUS | * | |
| | * | MAGISTRATE: |
| E. JACOB CONSTRUCTION, INC., INTERIOR EXTERIOR BUILDING SUPPLY, L.P., INTERIOR EXTERIOR ENTERPRISES, L.L.C., ARCH INSURANCE COMPANY, THE NORTH RIVER INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, LANDMARK INSURANCE COMPANY, FIREMANS FUND INSURANCE COMPANY, AND ALLSTATE INDEMNITY COMPANY | * * * * * * * * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

## ALLSTATE INDEMNITY COMPANY'S
## MOTION TO SEVER AND PROCEED SEPARATELY

Defendant Allstate Indemnity Company ("Allstate") respectfully requests the Court enter an order granting Allstate's Motion to Sever and Proceed Separately. In support of its Motion, Allstate submits the accompanying Memorandum of Law, which is fully incorporated by reference herein, and states as follows:

1. Plaintiff asserts wholly unrelated claims against Allstate, arising out of Allstate's alleged failure to pay benefits to plaintiff under plaintiff's homeowners insurance policy, from his claims against all the other defendants, arising out of their improper construction and sale of plaintiff's home and the improper sale of Chinese drywall, and seeking insurance coverage from their liability carriers for those specific acts.

1

158882

2..     Plaintiff's claims do not satisfy Article 463's requirement for joinder that there be a "community of interest" between joined parties.  La. Code Civ. P. art. 463.  Similarly, plaintiff's claims do not satisfy Fed. R. Civ. P. 20's requirement for permissive joinder that each claim arise from the same transaction or occurrence, or series of transactions or occurrences.

3.     Moreover, even if these joinder requirements were met (which is not the case), plaintiff's claims against Allstate and the other defendants could not reasonably be tried together in a single trial.  Trying these claims together would severely prejudice the rights of Allstate to a fair trial because of the inherent danger of jury confusion with respect to such unconnected claims.

WHEREFORE, defendant Allstate Indemnity Company respectfully requests that this Court grant Allstate's Motion to Sever and Proceed Separately.

Respectfully submitted,

*/s/ Catherine F. Giarrusso*

Judy Y. Barrasso, 2814
Catherine F. Giarrusso, 29875
BARRASSO USDIN KUPPERMAN
    FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana 70112
Telephone: (504) 589-9700
Telefax:  (504) 589-9701

*Attorneys for Allstate Indemnity Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by facsimile, hand delivery, electronic mail, or placing same in the United States mail, postage prepaid and properly addressed, this 13th day of May, 2010.

/s/ *Catherine F. Giarrusso*
_____

158882