UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DONALD J. BOUTTE | * | CIVIL ACTION NO.: |
| | * | |
| | * | JUDGE: |
| VERSUS | * | |
| | * | MAGISTRATE: |
| E. JACOB CONSTRUCTION, INC., INTERIOR | * | |
| EXTERIOR BUILDING SUPPLY, L.P., | * | |
| INTERIOR EXTERIOR ENTERPRISES, | * | |
| L.L.C., ARCH INSURANCE COMPANY, THE | * | |
| NORTH RIVER INSURANCE COMPANY, | * | |
| LIBERTY MUTUAL INSURANCE | * | |
| COMPANY, LANDMARK INSURANCE | * | |
| COMPANY, FIREMANS FUND INSURANCE | * | |
| COMPANY, AND ALLSTATE INDEMNITY | * | |
| COMPANY | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF ALLSTATE INDEMNITY COMPANY'S MOTION TO SEVER AND PROCEED SEPARATELY

Defendant Allstate Indemnity Company ("Allstate") submits this Memorandum in Support of its Motion to Sever and Proceed Separately.

## INTRODUCTION

Plaintiff asserts wholly unrelated claims against Allstate, arising out of Allstate's alleged failure to pay benefits to plaintiff under plaintiff's homeowners insurance policy, from his claims against all the other defendants, arising out of their improper construction and sale of plaintiff's home and the improper sale of Chinese drywall, and seeking insurance coverage from their liability carriers for those specific acts. As demonstrated below, the claims against Allstate should be severed from the claims against all the other defendants. Plaintiff's claims do not satisfy article 463's requirement for joinder that there be a "community of interest" between joined parties. La. Code Civ. Proc. art. 463. Similarly, plaintiff's claims do not satisfy Fed. R.

1

Civ. P. 20's requirement for permissive joinder that each claim arise from the same transaction or occurrence, or series of transactions or occurrences.

Moreover, even if these joinder requirements were met (which is not the case), plaintiff's claims against Allstate and the other defendants could not reasonably be tried together in a single trial. Trying these claims together would severely prejudice the rights of Allstate to a fair trial because of the inherent danger of jury confusion with respect to such unconnected claims. Severance of the claims against Allstate therefore is clearly warranted here.

<u>**NATURE OF THE ACTION**</u>

Donald J. Boutte commenced this action seeking damages, penalties, and attorneys' fees as a result of Allstate's alleged failure to pay for damages to his property caused by Chinese drywall. Boutte also sued certain other defendants as a result of their alleged improper use and/or sale of Chinese drywall in the construction of plaintiff's home, as well as seeking coverage from their liability carriers. The Complaint alleges Allstate acted in bad faith in violation of La. R.S. 22:1973 by misrepresenting pertinent policy provisions, failing to timely to pay amounts due under plaintiff's homeowners insurance contract with Allstate, and improperly denying claims based on various exclusions in plaintiff's homeowners insurance contract with Allstate. (Compl., ¶¶ 82-85.) The Complaint also alleges Allstate acted in bad faith in violation of La. R.S. 22:1892 by failing to timely pay amounts due under plaintiff's homeowners insurance contract with Allstate. (Compl., ¶¶ 86-91.) In addition, the Complaint alleges Allstate breached the homeowners insurance contract between Allstate and plaintiff and violated Louisiana's Valued Policy Law. (Compl., ¶¶ 92-99.)

With regard to E. Jacob Construction Inc ("EJCI"), Interior Exterior Building Supply, L.P., and Interior Exterior Enterprises, L.L.C. (collectively, "Interior Exterior"), and the

158881

remaining insurer defendants, which are liability insurers for Interior Exterior (the "Other Insurers"), the Complaint alleges wholly unrelated claims to the above claims against Allstate.

As against EJCI, the Complaint asserts claims for unjust enrichment, redhibition and/or the breach of the warranty of fitness, breach of contract and/or failure to warn and negligence, based on ECJI's alleged improper construction and sale of plaintiff's home, knowing it contained defective Chinese drywall. (Compl., ¶¶ 28-68.) Alternatively, also as against EJCI, the Complaint seeks a declaration that the Louisiana New Home Warranty Act is unconstitutional, and, therefore, that ECJI cannot claim protection under that Act. (Compl., ¶¶ 68-75.) As against Interior Exterior, the Complaint asserts claims for alleged violation of various Louisiana laws prohibiting the sale of dangerous or defective products and imposing products liability. (Compl., ¶¶ 76-81.) The Complaint alleges the Other Insurers are liable jointly and *in solido* with their respective insureds (Interior Exterior) for plaintiff's losses through Louisiana's direct action statute, La. Rev. Stat. § 22:1269. (Compl., ¶ 99.)

## ARGUMENT

I. **SEVERANCE OF PLAINTIFF'S CLAIMS AGAINST ALLSTATE IS WARRANTED, BECAUSE THE REQUIREMENTS FOR JOINDER OF PLAINTIFF'S CLAIMS CANNOT BE SATISFIED.**

Joinder of plaintiff's claims against Allstate with the claims against all the other defendants is improper under either Fed. R. Civ. P. 20 or Louisiana's article 463. Although there is a split in the case law regarding whether federal or state joinder laws should apply to this analysis, with regard to Louisiana law there is no material difference between the two rules. *See, e.g., Defourneaux v. Metro. Prop. & Cas. Ins. Co.*, 2006 WL 2524165, *1 n. 2 (E.D. La. Aug. 30, 2006) (severing unrelated claims that included nondiverse parties and noting that there is a split in case law as to whether federal joinder rules or state joinder rules apply, but finding that

158881

Louisiana's joinder rule, article 463 of the Louisiana Code of Civil Procedure, and Fed. R. Civ. P. 20 were very similar such that there is not a material difference between them).

> Rule 20(a) provides:

>> Persons * * * may be joined in one action as defendants if:

>> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

>> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a).

> Similarly, Article 463 provides, in relevant part, that:

>> Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if:

>> (1)   There is a community of interest between the parties joined;

>> (2)   Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and

>> (3)   All of the actions cumulated are mutually consistent and employ the same form of procedure.

La. Code Civ. Proc. art. 463.

There is no "community of interest" among the parties joined in this action. A "community of interest is present between different actions or parties, where enough factual overlap is present between the cases to make it commonsensical to litigate them together." *Accardo v. Lafayette Ins. Co.*, 2007 WL 325368, *4 (E.D. La. Jan. 30, 2007) (*quoting Mauberret-Lavie v. Lavie*, 850 So. 2d 1, 2 (La. Ct. App. 4 Cir. 2003), *writ denied*, 861 So. 2d 569 (La. 2003)).

Because plaintiff's claims against Allstate and all the other defendants did not arise from the same transaction or occurrence, and do not present common issues of law or fact, plaintiff

4

cannot satisfy Fed. R. Civ. P. 20(a). Similarly, because there is insufficient factual overlap among the claims plaintiff is bringing against Allstate and the claim he is asserting against all the other defendants, plaintiff cannot demonstrate a "community of interest," as Article 463 requires. *See Accardo*, 2007 WL 325368, *5.

For example, in *Albarado v. Union Pacific R.R. Co.*, 787 So. 2d 431 (La. Ct. App. 4 Cir. 2001), *reversed on other grounds*, 796 So. 2d 666 (La. 2001), several employees or former employees of railroad carriers sued six separate railroad carriers for exposure to chemicals in the course of their employment with defendants. *Id.* at 433-34. In finding joinder of the claims improper for lack of "community of interest" between the parties, the court explained:

> The present case involving at least sixteen plaintiffs against the six independent railroad defendants presents significantly divergent fact patterns. The defendants' locations, policies, practices, equipment and supervisors, are very different. Each Plaintiff's alleged claim is different, more specifically, work location, sites visited, alleged injuries, length of exposure to different types of chemicals are also different. * * * In fact, no commonality between any of the Plaintiffs and no commonality between the Defendants exists . . . .

*Albarado*, 787 So. 2d at 439.

In *Defourneaux,* the Defourneauxs sued their homeowners' insurance company, MET, and Jefferson Parish, alleging MET arbitrarily denied plaintiffs' insurance claims arising from Hurricane Katrina, and that the Parish failed to properly maintain the pumping and drainage system, which allowed flooding to their home. The court noted the claims against the two defendants presented different issues of law because the claims against MET were grounded in contract law, while the claims against Jefferson Parish were based on negligence and tort theories. 2006 WL 2524165, *2. The court granted the defendants' motion to sever, stating, in language equally applicable here: "These claims present neither overlapping questions of fact nor related issues of law. The plaintiffs' claim against Jefferson Parish will require discovery as

5

to the operation of the pumping and drainage system, while the plaintiffs' claim against MET will require an investigation into the processing and handling of the plaintiffs' insurance claim. The only common factual thread between the claims is Hurricane Katrina, an uncontested fact of which the Court will take judicial notice." *Id. See also Accardo*, 2007 WL 325368, *5 (granting motion to sever where the only factual overlap among the claims was that plaintiffs' properties were affected by Hurricanes Katrina and/or Rita).

Similarly, in *Smith v. Nationwide Mut. Ins. Co.*, 286 F. Supp. 2d 777, 780-81 (S.D. Miss. 2003), the court found that the plaintiffs' negligence claims against tortfeasor defendants were improperly joined with their contract claims against insurer defendants. The plaintiff was driving his pick-up truck and was injured when a tractor-bushhog mower struck a hammerhead causing it to crash through the plaintiff's windshield. *Id.* at 778. The plaintiff sued the mower's driver and his parents, the seller of the mower, and the mower's manufacturer, alleging negligence claims. *Id.* He also sued his uninsured motorist insurer and his medical benefit plan, alleging contract claims. *Id.* The court noted that "the plaintiffs have combined unrelated lawsuits," observing that the claims against the alleged tortfeasors were "based on negligence relating to the accident in question," unlike the claims against the insurers, which "sound in contract, failure to pay benefit claims, and tortious interference with contract." Accordingly, the Court granted ISM's motion to sever.

This case is no different. There are simply no overlapping or common questions of fact or related issues of law as between plaintiff's claims against Allstate and his claims against the other defendants. The plaintiff's tort-based claims against ECJI and Interior Exterior relating to the sale and installation of Chinese drywall into plaintiff's home are unrelated to plaintiff's first-party contract claims against Allstate arising out of Allstate's alleged failure to pay benefits to

6

158881

plaintiff under plaintiff's homeowners insurance policy.  For example, the tort claims against ECJI and Interior Exterior depend upon facts such as what knowledge, if any, these defendants had concerning possible problems with the drywall and what representations, if any, they made to plaintiff.  In contrast, the first-party contract claim against Allstate does not depend upon these facts at all, and instead turns upon the language of Allstate's homeowners policy and the nature of the damage allegedly caused by the drywall.

As in *Defourneaux* and *Smith,* the tort claims against ECJI and Interior Exterior (and the Other Insurers that provided Interior Exterior with liability coverage) will require discovery related to the construction of plaintiff's home and the sale of Chinese drywall, while the contract claims against Allstate will require examination of the unique language of the homeowners policy as well as investigation into the processing and handling of the plaintiff's insurance claim.

*Bowman v. Horace Mann Ins. Co.,* 2008 WL 282760, *1 (E.D. La. Jan. 30, 2008), is also instructive on this point.  There, the insured sued her homeowners insurer, Horace Mann, based on its alleged wrongful failure to pay the full amount of her insurance claim.  She also sued the contractor that performed repairs on her home, DCC & Sons Construction, seeking a declaration regarding the amount of the contractor's fees.  The court stated:  "[a]ssuming *arguendo* that Plaintiff has a claim against DCC, that claim has nothing to do with Plaintiff's claim against Horace Mann.  Plaintiff's entitlement to recovery against Horace Mann will be governed by the terms of the policy between the parties, and to the extent that penalties are sought, by Louisiana statutory law."  *Id.*

Here, as in *Bowman,* plaintiff's entitlement to recovery against Allstate, if any, would be based on plaintiff's insurance contract with Allstate and Louisiana statutory law, and this analysis would be completely separate from the necessary analysis of liability by the builder and

7

seller defendants, as well as those entities' insurance companies' liability to those defendants. *See also Mauberret-Lavie*, 850 So. 2d at 4 ("[t]he petition alleges that Mr. Lavie has attempted to deprive the plaintiff of visitation with her daughter, that he has made false statements to law enforcement officials, and that he has molested the child and then concealed the molestation. The facts necessary to prove these claims differ from the facts necessary to prove malpractice on the part of the various doctors sued, malpractice and misuse of the judicial process on the part of the lawyers sued (including Mr. Cummings), malfeasance of various public officials sued, or unethical business practices on the part of the drug screening defendant").

The only possible common thread among the claims against the various defendants is that plaintiff's loss arose from defective Chinese drywall. But that is no different from *Deforneaux,* where, even though plaintiff's loss due to Hurricane Katrina was a common thread among the claims, that was not enough to satisfy the requirements for joinder. *See also Manard v. Bankers Ins. Co.,* 2007 WL 184829 (E.D. La. Jan. 22, 2007) (citing *Deforneaux* and reaching same conclusion – *i.e.,* granting motion to sever since claims against insurer for failure to pay insurance benefits, and claims against Jefferson Parish for failure to maintain pumping and drainage system, were wholly unrelated, even though Hurricane Katrina was a common factual thread among all the claims); *Campo v. State Farm Fire and Cas. Co.,* 2007 WL 2155792, *3 (E.D. La. July 26, 2007) (same principle; granting motion to sever given unique nature of each plaintiff's claims, even though all suffered a loss due to Hurricane Katrina); *Sucherman v. Metropolitan Property and Cas. Inc. Co.,* 2007 WL 1484067 (E.D. La. May 21, 2007) (same principle; stating: "decisions from the Eastern District of Louisiana and Southern District of Mississippi have found that simply because Hurricane Katrina caused the damage in question is not sufficient, without more, to satisfy the common transaction or occurrence requirement in

8

158881

Rule 20(a)) (citations omitted); *Insolia v. Philip Morris, Inc.*, 186 F.R.D. 547, 549 (W.D. Wis. 1999) (Rule 20(a) "demands more than the bare allegation that all plaintiffs are victims of a fraudulent scheme perpetrated by one or more defendants"); *Saval v. BL Ltd.*, 710 F.2d 1027, 1031-32 (4th Cir. 1983) (allegations of "similar problems" with cars, alleged reliance upon similar misrepresentations and possession of similarly-worded warranties insufficient to support joinder).

## II.   EVEN IF THE JOINDER REQUIREMENTS WERE MET, SEVERANCE SHOULD STILL BE GRANTED BECAUSE A SINGLE TRIAL OF PLAINTIFF'S CLAIMS WOULD PREJUDICE ALLSTATE'S RIGHT TO A FAIR TRIAL.

Pursuant to Fed. R. Civ. P. 21, the court "may . . . sever any claim against a party." The Court has "broad discretion" to sever claims under Rule 21. *See Brunet v. United Gas Pipeline Co.,* 15 F. 3d 500, 505 (5th Cir. 1994). Severance under Rule 21 creates "separate actions or suits where previously there was but one." *Allied Elevator, Inc. v. East Texas State Bank,* 965 F. 2d 34, 36 (5th Cir. 1992) (citation omitted). Severance under Rule 21 is appropriate even where the requirements for permissive joinder are satisfied. *See, e.g., United States v. O'Neil,* 709 F.2d 361, 369 (5th Cir. 1983) (rejecting argument that "Rule 21 may be used only to cure misjoinder of parties," holding that the rule "is not so limited"). Where, as here, "different injuries, different damages, different defensive postures" and other individualized factors will be so dissimilar as to make the management of the joined claims impractical, severance is warranted. *Demboski v. CSX Transp., Inc.*, 157 F.R.D. 28, 30 (S.D. Miss. 1994). *See also Albarado*, 787 So. 2d at 439 (severance is appropriate because the "[c]umulation of unrelated claims is unfair" to Allstate "given the absence of a common operative set of facts").

Here, severance is warranted even if plaintiff could satisfy the requirements for joinder, which, as shown above, he cannot. The prejudice that Allstate would suffer if forced to participate in a single trial of all plaintiff's claims is obvious. The unrelated evidence concerning

9

158881

the differing claims asserted against Allstate and the other defendants would inevitably lead to jury confusion. *See, e.g., Bailey v. Northern Trust Co.*, 196 F.R.D. 513, 518 (N.D. Ill. 2000) (severing action because "[t]he jury may simply resolve the confusion [created by five different factual situations] by considering all the evidence to pertain to all the plaintiffs' claims, even when it is relevant to only one plaintiff's case"); *Grayson v. K-Mart Corp.*, 849 F. Supp. 785, 790 (N.D. Ga. 1994) (severing claims because of the "tremendous danger that one or two plaintiff's unique circumstances could bias the jury against defendant generally, thus, prejudicing defendant with respect to the other plaintiffs' claims").

As one court stated, "[e]ven if tolerably permitted by [Federal Rule of Civil Procedure] 20(a)," where joinder of defendants will prejudice defendants or create significant difficulties in judicial administration, such concerns "far outweigh any financial saving and convenience to plaintiff...." *Movie Sys., Inc. v. Abel*, 99 F.R.D. 129, 130 (D. Minn. 1983). In the instant case, "judicial economy and efficiency are self-evidently furthered by severance in material ways." *In re Merrill Lynch & Co., Inc. Research Reports Securities Litig.*, 214 F.R.D. 152, 157 (S.D.N.Y. 2003).

Different witnesses and documentary proof will be required for plaintiff's first-party contract claims against Allstate and his tort-based claims against ECJI, Interior Exterior (and their insurers). For example, the witnesses and evidence related to plaintiff's claims against ECJI and Interior Exterior will likely relate to those defendants' use and sale of Chinese drywall, their actions or omissions in installing that product in plaintiff's home, their knowledge of problems with Chinese drywall, and/or their failure to warn plaintiff about the drywall. The witnesses and evidence related to plaintiff's claims against the Other Insurers will relate to the specific liability insurance contracts between ECJI and/or Interior Exterior and the Other

10

Insurers, which have nothing to do with Allstate.   By contrast, the witnesses and evidence related to plaintiff's claims against Allstate will deal solely with plaintiff's homeowners insurance policy with Allstate and Allstate's handling of plaintiff's insurance claim under that policy -- none of which has anything to do with the other defendants.

Participation by Allstate in discovery, motion practice and trial on claims unrelated to those against the other defendants would be unnecessarily expensive and complex, and any consolidated trial would be needlessly costly and confusing.   For that reason too, severance of plaintiff's claims against Allstate is warranted. *See also Rohr v. Metropolitan Ins. & Cas. Co.*, 2007 WL 163037 (E.D. La. Jan. 17, 2007) (finding unique and distinct claims arising from Hurricane Katrina were not properly joined, and further holding:  "severance is also warranted in this instance under Rule 21 because a consolidated trial will result in undue prejudice to Metropolitan.  Any practical benefits accrued through the conservation of judicial resources are likely to be outweighed by the burden imposed on Metropolitan in defending multiple claims, with different factual scenarios, in one trial"); *Campo v. State Farm Fire and Cas. Co.*,  2007 WL 2155792, *3 (E.D. La. July 26, 2007) (in granting motion to sever, noting "[a]ny practical benefit accrued through the conservation of judicial resources will be outweighed by the burden imposed on [Defendant] in defending multiple claims, with different factual scenarios, in one trial").

## CONCLUSION

For all the foregoing the reasons, defendant Allstate Indemnity Company respectfully requests that this Court grant Allstate's Motion to Sever and Proceed Separately

11

Respectfully submitted,

*/s/ Catherine F. Giarrusso*

_____

Judy Y. Barrasso, 2814
Catherine F. Giarrusso, 29875
BARRASSO USDIN KUPPERMAN
     FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana 70112
Telephone:  (504) 589-9700
*Attorneys for Allstate Indemnity Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by facsimile, hand delivery, electronic mail, or placing same in the United States mail, postage prepaid and properly addressed, this 13th day of May, 2010.

*/s/ Catherine F. Giarrusso*

_____

12

158881