**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

IN RE: CHINESE-MANUFACTURED DRYWALL          MDL NO. 2047
PRODUCTS LIABILITY LITIGATION                 SECTION: L

                                              JUDGE FALLON
                                              MAG. JUDGE WILKINSON

_____

THIS DOCUMENT RELATES TO:
*Wiltz et al v. Beijing New Building Materials Limited Co., et al*
Case No. 2010 CV 361

**DEFENDANT, GRYPHON CONSTRUCTION, LLC'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
PLAINTIFFS' OMNIBUS CLASS ACTION COMPLAINT (II)**

GRYPHON CONSTRUCTION, LLC ("GRYPHON"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(2), (3) and (4), files this Memorandum of Law in support of its' Motion to Dismiss Plaintiffs' Omnibus Class Action Complaint (II)  and states as follows:

1.      On March 15, 2010, Plaintiffs, KENNETH AND BARBARA WILTZ, individually, and on behalf of all others similarly situated, filed an Amended Omnibus Class Action Complaint (II) (hereafter the "Complaint") against multiple defendants.

3.      The Complaint was served on GRYPHON on or about April 28, 2010.

2.      The Complaint sets forth claims by various Plaintiffs against various subclasses of defendants related to the manufacture, importation, sale, use or installation of drywall manufactured in China (the "Chinese Drywall").  In particular, the Complaint demands judgment for damages and injunctive relief and asserts fifteen (15) causes of action, of which thirteen (13) may apply to GRYPHON.

3.      The Complaint names as a defendant and member of the Builder/Developer Subclass (i.e., Subclass No. 95), an entity identified as Gryphon Corp. ("Gryphon Corp."). *See* Complaint at ¶602, p. 120; Complaint at Exhibit "B" (at p.1); Complaint at Schedule 3.

4.      The Complaint further alleges that Gryphon Corp. is a Florida corporation with its principal place of business at 3635 Bougainvillea Road, Miami, Florida 33133, and that Gryphon Corp. built certain plaintiff Subclass Members' homes. *See* Complaint at ¶602, p. 120.

5.      The Complaint identifies Damien Querol as a plaintiff Subclass Member who owns real property located at 3301 NE 183 Street, Aventura, Florida 33160, and who is participating as a class representative "as set forth in the schedules accompanying this amended complaint which are incorporated herein by reference." *See* Complaint at ¶ 265, p. 52. *See also* Complaint at Exhibit "A" p. 3.

6.      The Complaint specifically identifies Mr. Querol's real property in Aventura, Florida as the only property related to Gryphon Corp. or which was allegedly built/developed by it. *See* Complaint at Schedule 3.

7.      The allegations of the Complaint relate only to Gryphon Corp. and not to GRYPHON.  GRYPHON is not Gryphon Corp.  GRYPHON has never been located at nor done business at 3635 Bougainvillea Road, Miami, Florida 33133. *See* Exhibit "A" attached hereto. According to records maintained by the State of Florida, Gryphon Corp. was voluntarily dissolved in 1981. *See* Exhibit "B" attached hereto.

8.      Accordingly, service of process intended for Gryphon Corp. on GRYPHON is mistaken, erroneous and of no effect.  This is particularly so where the allegations on the face of

the Complaint mention and refer only to Gryphon Corp., not GRYPHON.[1]  As such, and to the extent the Complaint may be deemed to state a claim against GRYPHON, it should be dismissed for insufficient process pursuant to Federal Rule of Civil Procedure 12(b)(4).

9.      Notwithstanding the apparent error in serving the Complaint on it, in an abundance of caution GRYPHON will address other deficiencies in the Complaint in the event it is determined to be operative against it.[2]

10.     The Complaint does not allege that GRYPHON built or developed any houses in Louisiana.

11.     GRYPHON has never transacted business in Louisiana, does not maintain an office or agent in Louisiana, does not own property in Louisiana, has not breached any contract or committed any tort in Louisiana, and has not otherwise conducted itself in any manner that would give rise to personal jurisdiction over GRYPHON by a court in Louisiana.  *See* Exhibit "A" attached hereto.

12.     This Court lacks personal jurisdiction over GRYPHON because Louisiana's long-arm statute, La. R.S. 13:3201, does not reach this nonresident Defendant and because the exercise of personal jurisdiction over this non-resident Defendant would violate the Due Process Clause of the United States Constitution.

---

[1] GRYPHON has been named as a Defendant in other matters pending under MDL 2047 (*e.g., Payton et al v. Knauf Gips KG et al; Amato et al v. Liberty Mutual Insurance Company et al.*)  In these other matters, GRYPHON is named as a defendant in conjunction with the construction of a condominium project located at 3301 NE 183 Street, Aventura, Florida, the same property allegedly at issue in this matter.

[2] As noted above, the Complaint only makes allegations concerning purported actions by Gryphon Corp. and is devoid of any allegations of action (or inaction) by GRYPHON. Nevertheless, for purposes of this motion and memorandum, GRYPHON assumes that references in the Complaint to Gryphon Corp. were intended to be references to GRYPHON.

13.     There is no basis for the exercise of personal jurisdiction over GRYPHON in Louisiana. Because there is no connection between GRYPHON and Louisiana to justify this Court's exercise of jurisdiction over GRYPHON under Louisiana's long-arm statute or constitutional due process requirements, the Complaint must be dismissed for lack of personal jurisdiction as to GRYPHON.

14.     This case is one of a multitude of cases which have been consolidated into a Multi-District Litigation ("MDL") located in this Court.  Nevertheless, each case in the MDL maintains its individual standing and each defendant must be subject to the personal jurisdiction of the court in which the case is brought.  That is, because this case is pending in the Eastern District of Louisiana, the defendants (including GRYPHON) must be subject to the personal jurisdiction of this Court.  The case must be dismissed as to any defendant, such as GRYPHON, over which the Court does not have personal jurisdiction.  Class certification or attempted class certification does not obviate the need for personal jurisdiction or alter the jurisdictional analysis that the Court must conduct to assess whether a defendant is subject to personal jurisdiction in this Court.  *In re: Train Derailment Near Amite, Louisiana on October 12, 2002*, 2004 WL 224573 (E.D.La. 02/03/2004).

15.     Once personal jurisdiction over a defendant is challenged, it is the plaintffs' burden to show that personal jurisdiction may be properly exercised.  *Luv N' Care, Ltd. v. Insta-Mix, Inc.,* 438 F.3d 465, 469 (5th Cir. 2006); *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1138 (5th Cir. 1980).

16.     A federal court sitting in diversity may exercise personal jurisdiction over a non-resident defendant only if two (2) requirements are satisfied: first, the forum state's long-arm statute confers personal jurisdiction; and second, the exercise of jurisdiction does not exceed the

boundaries of constitutional due process. *Seiferth v. Helicopteros Atuneros, Inc.,* 472 F.3d 266, 270 (5th Cir. 2006).

17.     Louisiana's long arm statute, La. R.S. 13:3201(B), provides that a court "may exercise personal jurisdiction over a non-resident on any basis consistent with ... the Constitution of the United States." Because the limits of Louisiana's long-arm statute are co-extensive with the limits of constitutional due process, the inquiry becomes simply whether this Court's exercise of personal jurisdiction over GRYPHON would offend due process. *Luv N' Care, Ltd. v. Insta-Mix, Inc.,* 438 F.3d 465, 469 (5th Cir. 2006); *see also Electrosource, Inc. v. Horizon Battery Technologies, Ltd.,* 176 F.3d 867, 871 (5th Cir. 1999).

18.     The Due Process clause limits a Court's power to assert personal jurisdiction over a non-resident defendant. *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 413-14 (1994). The necessary Due Process inquiry consists of two steps. First, the Court must establish whether the non-resident defendant (here, GRYPHON) has the requisite minimum contacts with the forum state (here, Louisiana). *See Luv N' Care*, 438 F.3d at 469 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945)). Second, the Court must determine whether exercising personal jurisdiction over the non-resident defendant (*i.e.,* GRYPHON) would violate "traditional notions of fair play and substantial justice." *Int'l Shoe Co*., 326 U.S. at 316.  As applied in this case, the Due Process inquiry demonstrates beyond peradventure that the Court lacks the power to assert personal jurisdiction over GRYPHON.

19.     The minimum contacts analysis can take two forms and the constitutional limits on the exercise of personal jurisdiction differs depending on whether the Court seeks to exercise general or specific jurisdiction over the non-resident defendant. *See e.g.*, *World-wide Volkswagen Corp. v. Woodsen*, 444 U.S. 286 (1980); *Helicopteros Nacionales de Columbia, S.A.*

*v. Hall*, 466 U.S. 408 (1984).  In this case, because GRYPHON has no contacts with Louisiana, the Court unequivocally lacks the power to exercise either general or specific jurisdiction over GRYPHON.

20.     The Court may exercise specific jurisdiction over a non-resident defendant "in a suit arising out of or related to the defendant's contacts with the forum." *Seiferth*, 472 F.3d at 271 (citing *Helicopteros Nacionales,* 466 U.S. at 414-15). The Fifth Circuit in *Seiferth* articulated the following three part analysis related to whether personal jurisdiction is properly exercised over a non-resident defendant: (1) whether the defendant has minimum contacts with the forum state so that it could be said that the defendant purposefully directed its' activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable. *Seiferth*, 472 F.3d at 271 (citing *Burger King Corp. V. Rudzewicz*, 471 U.S. 462, 474 (1985); *Nuovo Pignone, SpA v. Storman Asia M/V,* 310 F.3d 374, 378 (5th Cir. 2002).

21.     The first prong of this analysis requires that Plaintiffs establish that GRYPHON purposefully availed itself of the privilege of conducting activities in Louisiana, thus invoking the benefits and protections of Louisiana's laws. *Jones v. Petty-Ray Geophysical*, 954 F.2d 1061, 1068 (5th Cir. 1992) (quoting *Hanson v. Denckla*, 357 U.S. 235 (1958)). This prong is the constitutional touchstone for the exercise of personal jurisdiction. *See Asahi Metal Indus. Co., Ltd. v. Superior Court of Calif., Solano County*, 480 U.S. 102, 108-09 (1987).

22.     Plaintiffs have not and cannot establish the first prong of this analysis. GRYPHON is not registered to do business in Louisiana. GRYPHON does not have any office or employees in Louisiana. GRYPHON does not own any property in Louisiana.  Moreover, as

reflected on the face of the Complaint, the only claim raised against GRYPHON does not relate in any way whatsoever to Louisiana. In fact, Plaintiffs have affirmatively alleged only that GRYOHON built one house and it was located in Florida, not Louisiana. As such, Plaintiffs have failed to establish that GRYPHON purposefully availed itself of the privilege of conducting business in Louisiana; and therefore, the Court cannot exercise specific jurisdiction over GRYPHON.

23.     To satisfy the second prong of the analysis, Plaintiffs' causes of action must arise out of or relate to GRYPHON's forum-related contacts. Plaintiffs, however, have not and cannot establish that any of the causes of action asserted against GRYPHON arise out of or relate to any conduct in Louisiana. GRYPHON simply has no contact with Louisiana upon which to base personal jurisdiction.

24.     The underlying basis for this class-action lawsuit is allegedly defective Chinese Drywall used in the construction of certain residences. Yet, as reflected on the face of the Complaint, the only residence allegedly involving GRYPHON is not located in Louisiana. Moreover, GRYPHON is not registered to do business in Louisiana. GRYPHON does not have any offices or employees in Louisiana, nor does it own property in Louisiana. As GRYPHON has no contact whatsoever with Louisiana, none of the Plaintiffs' tort-based causes of action arise out of or relate to GRYPHON's forum-related contact, because such contacts are non-existent.

25.     Plaintiffs are also asserting several contract or contract-type claims against GRYPHON.  In contract cases, the Fifth Circuit looks to contemplated future consequences of the agreement and the actual course of dealing between the contracting parties. *Dickson Marine,*

*Inc. v. Panalina, Inc.,* 179 F.3d 331, 337 (5th Cir. 1999). However, the only listed class member alleged to relate to GRYPHON had nothing to do with Louisiana.

26.     Finally, the exercise of personal jurisdiction over a non-resident defendant must be fair and reasonable. Plaintiffs have not and cannot establish this third prong of the personal jurisdiction analysis because exercising personal jurisdiction over GRYPHON is anything but fair and reasonable. Under the reasonableness prong, the exercise of personal jurisdiction is only reasonable if it does not offend "traditional notions of fair play and substantial justice." *Latshaw v. Johnson*, 167 F.3d 208, 211 (5th Cir. 1999).

27.     In concluding its' analysis, the Court must also consider the burden placed on GRYPHON, as a non-resident defendant, by requiring it to litigate in this forum. *See e.g., World-wide Volkswagen Corp. v. Woodson,* 444 U.S. 286 (1980). GRYPHON, in being hailed into a court located far from its place of business and where it has no minimum contacts, would be subjected to an undue and improper burden. In addition, most (if not all) of the critical witnesses, along with all of the physical evidence and related documents, necessary to proceed with the purported claims against GRYPHON are located in Florida. In light of the foregoing it would be unreasonable and unfair to force GRYPHON, to defend this matter in Louisiana.

28.     The sole focus of a general jurisdiction inquiry is whether there are continuous and systematic contacts between GRYPHON and Louisiana as would give rise to personal jurisdiction. *See Dickson Marine,* 179 F.3d at 339.  The continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum.

29.     In the absence of any contacts whatsoever with Louisiana, an exercise of general jurisdiction over GRYPHON would offend due process. On the facts of this case (*i.e.,* GRYPHON is a Florida corporation with its principal place of business in Florida; GRYPHON is

8

not licensed or registered to do business in Louisiana, has no offices, employees, property, bank accounts, or other resources in Louisiana, has never worked on a residence in Louisiana, and has not had any contracts or subcontracts with companies located in Louisiana.), it can not be said that GRYPHON has the "continuous and systematic" contacts required for general jurisdiction.

30.    For the foregoing reasons, adjudicating this dispute against GRYPHON in Louisiana would violate the minimum contacts required to fulfill due process and impede any notion of "fair play and substantial justice." As such, Plaintiffs' Complaint must be dismissed against GRYPHON for lack of personal jurisdiction.

WHEREFORE, Defendant, GRYPHON CONSTRUCTION, LLC, respectfully requests that the Court enter an Order granting the Motion, dismissing Plaintiffs' claims against it, and awarding GRYPHON such other and further relief as the Court deems just and proper under the circumstances.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served on Plaintiff's Liaison Counsel, Russ Herman at drywall@hhkc.com, Defendants' Liaison Counsel, Kerry Miller at kmiller@frilot.com and Homebuilder Steering Committees' Liaison Counsel, Phillip A. Wittmann at pwittman@stonepigman.com, by U.S. Mail and e-mail, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will

send a notice of electronic filing in accordance with the procedures established in MDL 2047, on

this 17th day of May, 2010.

Respectfully submitted,

**THE BARTHET FIRM**
Attorneys for Gryphon Construction, LLC
200 South Biscayne Blvd., Suite 1800
Miami, Florida 33131
(305) 347-5290 phone
alex@barthet.com

[Original signed document on file with the Court]
/s/ Alexander E. Barthet

_____

ALEXANDER E. BARTHET
Florida Bar No. 173126

10