UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>Payton, et al. v. Knauf GIPS KG, et. al.,<br>Case No. 2:09-cv-07628 (E.D.La.) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' JOINT MOTION TO DISMISS CERTAIN DEFENDANTS,
WITHOUT PREJUDICE, UNDER FED.R.CIV. P. 41(a) AND TO
AMEND THE PLAINTIFFS' OMNIBUS CLASS ACTION COMPLAINT (I)**

## I.    INTRODUCTION

Plaintiffs, by and through their counsel, hereby submit this memorandum of law in support of Plaintiffs' joint motion to dismiss certain defendants without prejudice under Fed.R.Civ.P. 41(a), and to amend the Plaintiffs' Omnibus Class Action Complaint (I) (the "Complaint"). Plaintiffs are seeking to dismiss the claims against certain of the defendants, without prejudice, where individual plaintiffs are either being dismissed from the Complaint outright or have advised the PSC that they no longer wish to pursue their claims against a particular defendant. Plaintiffs are also seeking to amend the Complaint in order to reflect these dismissals and to make certain other amendments and revisions to the Complaint.

For the reasons set forth below, Plaintiffs motion to dismiss and to amend should be granted.[1]

---

[1] The Proposed Order granting the instant motion is attached to Plaintiffs' motion to dismiss and to amend as Exhibit "1". For the convenience of the parties and the Court, Plaintiffs' have attached their amended exhibits A, B, and D and schedules 1-4 to the Proposed Order. All amended exhibits and schedules use the same designation as that used in the original Complaint, i.e., the amended version of Exhibit "A" is Amended Exhibit "A" to the Proposed Order. Plaintiffs have also attached a chart with paragraph-by-paragraph amendments to the

(continued...)

## II. FACTS

Plaintiffs are the owners of properties in which defective Chinese drywall was installed that was manufactured and distributed by the manufacturing defendants named in the Complaint, *i.e.*, Knauf Gips KG; Knauf Plasterboard (Tianjin) Co., Ltd.; Knauf Plasterboard (Wuhu) Co., Ltd.; and Guangdong Knauf New Building Materials Products Co., Ltd.[2] (collectively "Knauf"). Pursuant to PTO 17, the Plaintiffs in *Payton* (Omni I) commenced this action on December 9, 2009, by filing the Complaint directly in the MDL court. Plaintiffs' Complaint asserts claims against the manufacturers, distributors, suppliers, importers, exports, brokers, builders, developers, and contractor/installers of the defective Chinese manufactured drywall in their homes.[3]

Since filing the Complaint on December 9, 2009, Plaintiffs have been advised of several typographical and other minor errors in the Complaint. Plaintiffs have also been advised that certain of the plaintiffs no longer wish to pursue their claims and/or no longer wish to pursue

---

[1](...continued)
Complaint, Exhibit "E" to the Proposed Order, an amended valediction and signature block, Exhibit "F" to the Proposed Order, and a chart listing the names of plaintiffs and defendants who are being dismissed from the Complaint, Exhibit "G" to the Proposed Order.

[2] The Complaint originally named "Knauf Plasterboard (Dongguan) Co., Ltd." and not "Guangdong Knauf New Building Materials Products Co., Ltd." as a defendant. Plaintiffs subsequently filed a motion for judicial assistance asking that the Court deem the Complaint to replace "Guangdong Knauf New Building Materials Products Co., Ltd." in all instances where Knauf Plasterboard (Dongguan) Co., Ltd." appears. This Court granted that motion by order dated March 12, 2010. The instant motion seeks similar relief.

[3] The Complaint asserts claims against defendants for negligence, negligence per se, strict liability, breach of express and/or implied warranty, breach of implied warranty of fitness and merchantability pursuant to Florida Statutes Section 718.203, breach of implied warranty of habitability, breach of contract, violation of the Louisiana New Home Warranty Act, redhibition, Louisiana Product Liability Act, private nuisance, negligent discharge of corrosive substance, unjust enrichment, violation of the Consumer Protection Acts, and for equitable and injunctive relief and medical monitoring.

claims against one or more of the defendants in the Complaint. Plaintiffs' discovery in this matter has also uncovered grounds for new allegations regarding interrelated entities and Defendants' interdependent conscious parallel conduct. Collectively these grounds provided the impetus for plaintiffs to file the instant motion to address each of these matters.

### III. ARGUMENT

#### A. The Court Should Authorize the Dismissals, Without Prejudice, Under Fed.R.Civ. P. 41(a)

The dismissal of claims without prejudice against named defendants is permitted if sought before any responsive pleading or motion for summary judgment is filed. *See International Driver Training Inc. v. J-BJRD Inc.*, 202 Fed.Appx. 714, 715 (5th Cir. 2006) ("a plaintiff's right to file a notice of dismissal under Rule 41(a)(1)(I) before the service of an answer or motion for summary judgment is absolute and unconditional."). In all other instances, upon a request for dismissal by the plaintiff, the court may order such dismissal "on terms that the court considers proper." Fed.R.Civ.P. 41(a)(2).

The circumstances of this case make it proper for the Court to order that all dismissals be without prejudice. Most of the defendants for whom Plaintiffs are seeking dismissal have not yet filed answers and/or moved for summary judgment. The dismissal of claims against such defendants should be without prejudice in accordance with Fifth Circuit precedent. *See J-BJRD Inc.*, 202 Fed.Appx. at 715. For those defendants that have filed an answer or moved for summary judgment, because this case is in the very early stages of litigation, there has been little or no discovery from the defendants who are to be dismissed, and they are not prejudiced by their dismissals (to the contrary, they are relieved of any further defense obligation). While individual plaintiffs have requested that the PSC have their claims dismissed against certain of the defendants, their claims should be preserved in the event new evidence is presented that warrants

3

pursuing the claim. Accordingly, the defendants and claims to be dismissed by virtue of the amendments should be dismissed without prejudice.

### B. Leave to Amend Complaint Should be Afforded Under Fed.R.Civ. P. 15(a)

Leave to amend should be granted since Plaintiffs are seeking amendments to reflect the dismissals of party defendants, to correct minor errors and omissions in the Complaint, and to address the interrelated corporate entities and the Defendants' interdependent conscious parallel conduct. The amendments being sought by Plaintiffs should be granted since they are not the result of undue delay, bad faith, dilatory motive, and/or repeated failures by Plaintiffs to cure deficiencies in prior amendments. Defendants will not be prejudiced by the amendments, nor are the amendments futile.

In determining whether to grant leave to amend a pleading, it is appropriate for a court to consider judicial economy. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594 (5th Cir. 1991). "Leave to amend should be freely granted when justice requires." *See Financial Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006). Rule 15(a) of the Federal Rules of Civil Procedure is in accord and requires that when leave of court is sought to file an amended complaint its should be "freely given." Fed.R.Civ.P. 15(a). There is a strong presumption in favor of granting leave to amend a complaint. *Id.* "A district court must possess a "substantial reason" to deny a request for leave to amend." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). Indeed, when ruling on a motion to amend a complaint, the motion to amend should only be denied in very limited circumstances as the Fifth Circuit explained in *Smith v. EMC Corp., supra*. Therein the Fifth Circuit explained as follows:

> As outlined by the Supreme Court, this Circuit examines five considerations to determine whether to grant a party leave to amend a complaint: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4)

>undue prejudice to the opposing party, and 5) futility of the amendment. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). Absent any of these factors, the leave sought should be "freely given." *Foman*, 371 U.S. at 182, 83 S.Ct. 227.

*EMC Corp.*, 393 F.3d at 595. Applying these factors to the circumstances here, leave to amend is appropriate in this case since the Federal Rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957). This Court has previously granted a nearly identically structured motion to dismiss and to amend in *Gross, et al. v. Knauf GIPS KG, et. al.*, Case No. 2:09-cv-6690, Order (April 8, 2010, E.D.La.)[Doc. No. 2400].

### 1. The Proposed Amendments are not the Result of Undue Delay, Bad Faith, Dilatory Motive, and/or Repeated Failures by Plaintiffs to Cure Deficiencies in Prior Amendments

While many of the proposed amendments are necessary to reflect the dismissal of certain defendants, the vast majority of the amendments are necessary to fix typographical and other minor errors in the Complaint. Examples of such amendments include the correction of the spelling of party names to include named plaintiffs' spouses and other record title owners who were inadvertently omitted, the removal of the names of plaintiffs who are not record title owners, to substitute the names of trustees or other real parties in interest, to correct typographical errors in addresses, and to correct errors regarding citizenship and states of incorporation.[4] Plaintiffs' only other amendments concern the insertion of new allegations regarding certain interrelated corporate entities and Defendants' interdependent conscious

---

[4] Plaintiffs are also seeking to revise "Knauf Pasterboard (Dongguan) Co., Ltd." to "Guangdong Knauf New Building Materials Products Co., Ltd." in order to be consistent with the Court's March 12, 2010 Order granting the Plaintiffs' motion for judicial assistance.

parallel conduct.[5]

None of these amendments are the result of undue delay, bad faith, dilatory motive, or repeated failures by Plaintiffs to cure deficiencies in prior amendments. Since this is Plaintiffs' first attempt to amend their Complaint, there is no basis for determining that there were repeated failures by Plaintiffs to cure deficiencies in prior amendments. By virtue of the time frame established by PTO 17, Plaintiffs had just seven days to prepare the Complaint after receiving submissions from counsel for individual plaintiffs. These submissions involved the claims of more than two thousand plaintiffs and resulted in a Complaint exceeding 834 pages in length. Given the quantum of material to marshal in that small window of time, typographical and other errors were made. Given the size and the number of Plaintiffs who are participating in the Complaint, it was not practicable for Plaintiffs to have detected and corrected these errors at an earlier date.

In the many months that have elapsed since the filing of the Complaint, the PSC has been advised of the typographical and other minor defects. Additionally, after exhaustive investigations of the dealing between the various defendants in this litigation, Plaintiffs have discovered grounds for including allegations regarding interrelated corporate entities and the Defendants' interdependent conscious parallel conduct. Any delay by Plaintiffs in seeking to accomplish these amendments is attributable to Plaintiffs' attempt to address these amendments in an organized and efficient manner. Additionally, a certain amount of delay was inevitable in light of the onerous and time consuming service procedures imposed by the Hague Convention.

---

[5] Plaintiffs' paragraph-by-paragraph amendments to the Complaint are set forth in the chart appended to Plaintiffs' Proposed Order. *See* Exhibit "E" to Proposed Order. Plaintiffs have also attached amended exhibits and schedules to their Proposed Order in order to reflect the dismissals and to correct typos and other minor errors in the exhibits and schedules. The amended schedules also reflect the realignment of plaintiffs with the proper defendant subclasses.

Under these circumstances, it is clear that Plaintiffs are seeking the amendments in good faith and without delay or dilatory motive.[6]

### 2.     **Defendants will Not be Prejudiced by the Amendments**

The proposed amendments will not result in any undue prejudice to the opposing parties. No party to Plaintiffs' Complaint can properly complain of the amendments reflecting the dismissals without prejudice or the amendments to correct minor deficiencies in the Complaint.

Further, so far as Plaintiffs seek to amend the allegations regarding the interrelated corporate entities and the Defendants' interdependent conscious parallel conduct, these amendments are necessary to reflect Defendants' common and coordinated conduct in the sale and distribution of the defective Chinese manufactured drywall at issue in this litigation. As Plaintiffs' investigation into this matter has developed certain factual patterns to these allegations have become necessary. Defendants are not prejudiced by factual allegations that establish interrelated corporate entities and the Defendants' interdependent conscious parallel conduct.

The proposed amendments will not result in any undue prejudice to the opposing parties.

### 3.     **The Proposed Amendments are not Futile**

The proposed amendments will not be futile. The proposed allegations add to and embellish the Complaint and in no way create claims that cannot be developed during discovery

---

[6] *Compare, Wimm v. Jack Eckerd Corp.*, 3 F.3d 137 (5th Cir. 1993) (where plaintiffs sought to amend the complaint nine months after action was commenced and after defendant had filed motion for summary judgment, plaintiffs' delay in asserting additional claims, even though they were aware of underlying facts supporting claims at outset of action, supported District Court's finding of bad faith and dilatory motive, and therefore denial of motion to file second amended complaint was proper; *Little v. Liquid Air Corp.*, 952 F.2d 841 (5th Cir. 1992), *aff'd en banc*, 37 F.3d 1069(5th Cir. 1994) (where plaintiffs sought to file amendment that would have radically altered the nature of the action well over a year after it was instituted, several months after discovery had effectively terminated, and after the defendant had moved for summary judgment, and further, plaintiffs offered no evidence that the delay was excusable or the result of a mere oversight, District Court's denial of motion was not an abuse of discretion).

or otherwise.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant their joint motion to dismiss certain defendants, without prejudice, and to amend the Complaint.

Respectfully submitted,

Dated: May 17, 2010

/s/ Russ M. Herman
Russ M. Herman, Esquire (LA Bar No. 6819)
Leonard A. Davis, Esquire (LA Bar No. 14190)
Stephen J. Herman, Esquire (LA Bar No. 23129)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Matthew C. Gaughan (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Dawn M. Barrios | Daniel E. Becnel, Jr. |
| Barrios, Kingsdorf & Casteix, LLP | Becnel Law Firm. LLC |
| 701 Poydras Street, Suite 3650 | P.O. Drawer H |
| New Orleans, LA 70139 | 106 W. Seventh Street |
| Phone: (504) 524-3300 | Reserve, LA 70084 |
| Fax: (504) 524-3313 | Phone: (985) 536-1186 |
| Barrios@bkc-law.com | Fax: (985) 536-6445 |
| | dbecnel@becnellaw.com |

Victor Manuel Diaz
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
 Matthews, Martinez, Gonzales,
 Kalbac & Kane
255 Aragon Avenue, 2nd Floor
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Jeremy W. Alters
Alters, Boldt, Brown, Rash & Culmo, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@abbrclaw.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com