UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br><br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

_____

THIS DOCUMENT RELATES TO:
*Payton et al v. Knauf Gips KG et al;*
Case No. 2:09cv07628-EEF-JCW

**DEFENDANT, GRYPHON CONSTRUCTION, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS' MOTION TO STAY DISCOVERY**

Defendant, GRYPHON CONSTRUCTION, LLC ("GRYPHON"), by and through undersigned counsel, hereby files this Memorandum of Law in Support of its Motion for Stay of Discovery served on it herein.

**INTRODUCTION AND BACKGROUND**

On December 9, 2009, Plaintiffs, SEAN AND BETH PAYTON, individually, and on behalf of all others similarly situated, filed an Omnibus Class Action Complaint (I) ("hereafter Complaint") against multiple Defendants, including GRYPHON. The Complaint was served on GRYPHON on or about February 9, 2010. GRYPHON timely filed and served its Motion to Dismiss Plaintiffs' Omnibus Class Action Complaint For Lack of Personal Jurisdiction (the "Motion to Dismiss").

Thereafter, without prior notice of conferring with counsel, Plaintiffs served GRYPHON with subpoenas for the production of documents and for deposition testimony. In addition to calling for production of documents from a party in less time than that permitted by the Federal Rules of Civil Procedure, the subpoenas for documents sought a broad range of documents

relating to insurance (including policies, claims, correspondence, investigative material, etc.). The deposition of GRYPHON's representative was also set on dates unilaterally selected by Plaintiffs and in a location across the State of Florida from GRYPHON's offices.

The Court subsequently entered Pretrial Order No. 24, specifying that the document subpoenas be treated as document requests pursuant to Federal Rule of Civil Procedure 34. Pretrial Order No. 24 also provided a new deadline within which defendants were to response (*i.e.*, the later of twenty days following entry of the order or thirty days following service of the subpoenas). The Court also continued the deposition of Defendant representatives to an unspecified future time.

GRYPHON objects to the subpoenas because they are unduly burdensome and cause unnecessary expense given the pendency of GRYPHON's motion to dismiss based on the Court's lack of personal jurisdiction and the impropriety of venue in Louisiana related to the claims against GRYPHON. In addition, certain of the discovery being sought is duplicative of information already provided to Plaintiffs in conjunction with GRYPHON's submission of the Court-mandated profile forms. The subpoenas are also objectionable given the reality that the requests as drafted impinge on the attorney-client privilege and work-product doctrine.

## LEGAL ARGUMENT

Federal Rule of Civil Procedure 26 permits the protection of a party from the undue expense, burden or inconvenience that would be wrought by responding to improper or overreaching discovery requests. Requiring GRYPHON to respond to Plaintiffs' requests or provide deposition testimony at this stage of the proceedings would be unduly burdensome and expensive, particularly in view of GRYPHON's assertion that the Court lacks subject matter jurisdiction to even entertain the claims being made against it.

It is well-established in this Circuit that it is appropriate to stay discovery where the resolution of pending dispositive motions would preclude the need for discovery in its entirety, thereby sparing the parties unnecessary expense and effort. *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5TH Cir. 1994)(refusing to allow discovery to proceed was proper pending determination of motion to change venue); *Petrus v. Bowen*, 833 F2d 581, 583 (5TH Cir. 1987)(stay of discovery was proper where requests did not affect determination of pending motion to dismiss); *Landry v. Air Line Pilots Assoc. Int'l AFL-CIO*, 901 F.2d 404, 435-36 (5TH Cir. 1990). *See also Dresser v. MEBA Med. & Benefits Plan*, 2008 WL 2705584 at *2 (E.D. La. July 10, 2008)(staying discovery in face of pending motion to dismiss).

In particular, this Court has found that it would be clearly erroneous to allow discovery to proceed while a motion to dismiss is pending. *Parish of Jefferson v. Southern Recovery Management, Inc.*, 1996 WL 144400 at *2 (E.D. La. Mar. 27, 1996). Therein, the Court reversed the magistrate judge's order denying a motion to stay discovery while a jurisdictional motion to dismiss was pending. *See also Dykes v. Maverick Motion Picture Group, LLC,* 2009 WL 3053738 at *2 (M.D. La. Sept. 18, 2009)(merits discovery premature until jurisdictional arguments are settled).

Accordingly, allowing Plaintiffs merits discovery to proceed while GRYPHON's jurisdictional motion to dismiss is pending would impose an undue burden and expense on it. Such a result would be unjust and in contravention of this Court's previous legal determination.

WHEREFORE Defendant GRYPHON CONSTRUCTION, LLC requests that the Court enter an order granting this Motion and stay the discovery served on it pending resolution of GRYPHON's motion to dismiss Plaintiffs' Omnibus Class Action Complaint (I), together with such other and further relief as this Court deems just and proper under the circumstances.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing Memorandum of Law In Support of Motion to Stay Discovery has been served on Plaintiff's Liaison Counsel, Russ Herman at drywall@hhkc.com, Defendants' Liaison Counsel, Kerry Miller at kmiller@frilot.com and Homebuilder Steering Committees' Liaison Counsel, Phillip A. Wittmann at pwittman@stonepigman.com, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States district Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 18TH day of May, 2010.

Respectfully submitted,

**THE BARTHET FIRM**
Attorneys for Gryphon Construction, LLC
200 South Biscayne Blvd., Suite 1800
Miami, Florida 33131
(305) 347-5290 phone
alex@barthet.com

[Original signed document on file with the Court]
/s/ Alexander E. Barthet

_____

ALEXANDER E. BARTHET
Florida Bar No. 173126