UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: CHINESE-MANUFACTURED | * | MDL DOCKET NO. 2047 |
|     DRYWALL PRODUCTS | * | |
|     LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAGISTRATE JUDGE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * *

**CASE MANAGEMENT ORDER**

**THIS DOCUMENT RELATES TO:** *JOHN CAMPBELL v. KPT, et al.*, **Case No. 2:09-cv-7628 (E.D. La.) and** *PAUL CLEMENT & CELESTE SCHEXNAYDRE v. KPT, et al.*, **Case No. 2:09-cv-7628 (E.D. La.)**

    Pleadings have been completed. Jurisdiction and venue are established.

    To expedite discovery, conserve judicial resources, and facilitate the administration of the referenced case before the Court, the Court hereby enters the following Case Management Order.

1. Defendants shall be provided with reasonable access to inspect the subject properties on April 27, 2010, and have on-going access to the properties. The parties shall coordinate to schedule the inspections at a convenient time and with diminished inconvenience to the property owners.

2. The Court has issued the Jury Questionnaire.

3. Plaintiffs' counsel shall voluntarily produce written reports of testifying experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), including but not limited to documents or other materials relied upon by an expert, and a curriculum

vitae, no later than May 14, 2010. In the event Plaintiffs are unable to produce all expert reports to Defendants by May 14, 2010, an extension shall be given to Plaintiffs to produce such reports. However, in no event shall Plaintiffs produce any expert reports past May 21, 2010.

4. Defendant's counsel shall voluntarily produce written reports of testifying experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), including but not limited to documents or other materials relied upon by an expert, and a curriculum vitae, no later than May 28, 2010. In the event Plaintiffs submit any expert reports passed the May 14, 2010 deadline, Defendants tasked with responding to those expert reports are hereby granted an extension of time to respond commensurate with the extension given to Plaintiffs' experts.

5. Rebuttals to expert reports, if any, shall be produced no later than June 4, 2010. The parties agree to produce such rebuttal experts for deposition or re-deposition by June 7, 2010.

6. Either party may rely, in whole or in part, upon any expert report prepared or exchanged in association with the *Germano* and/or *Hernandez* proceedings. Any expert who relies in whole or in part on an earlier expert report shall designate the report or sections thereof and produce such designations consistent with the deadlines in Paragraphs 3, 4, and 5. In addition, the parties have stipulated and agreed that draft reports and communications between counsel and experts or consultants shall not be subject to discovery.

7. Counsel shall complete all depositions for trial use shall be taken and all discovery shall be completed no later than June 11, 2010.

8. All motions *in limine* shall be filed no later than June 12, 2010. Responses in opposition to such motions shall be filed no later than June 15, 2010. All motions *in limine* shall be set for hearing on June 17, 2010 at 9:00 a.m.

9. All *Daubert* motions shall be filed no later than June 12, 2010. Responses in opposition to all *Daubert* motions shall be filed no later than June 15, 2010. All *Daubert* motions shall be set for hearing on June 17, 2010 at 9:00 a.m.

10. Counsel for the parties shall file in the record and serve upon their opponents a list of all witnesses who may or will be called to testify at trial, proposed jury charges, and a proposed jury verdict form no later than June 10, 2010.

11. Counsel for the parties shall file in the record and serve upon their opponents all objections to proposed jury charges, and proposed jury instructions no later than June 11, 2010.

12. Counsel for the parties shall file in the record and serve upon their opponents a list of all exhibits which may or will be used at trial, and all designated deposition testimony which may or will be used at trial no later than June 14, 2010.

13. Counsel for the parties shall file in the record and serve upon their opponents all objections to designated deposition testimony, and exhibits no later than June 17, 2010.

14. Counsel for the parties shall file in the record and serve upon their opponents all responses to objections to designated deposition testimony, exhibits, proposed jury charges, and proposed jury instructions no later than June 19, 2010.

15. The Court will not permit any witnesses, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits without leave of Court.

16. Counsel adding new parties subsequent to mailing of this Notice shall serve on each new party a copy of this Case Management Order. Pleadings responsive thereto, when required, shall be filed within the applicable delays.

17. A Final Pretrial Conference will be held on June 17, 2010 following the hearings on the *Daubert* motions and motions *in limine*.

18. The proposal to use an Environmental Controlled System ("ECS") as a response to Chinese drywall off-gassing will not be presented in this matter; and accordingly, there will be no presentation of testimony or evidence concerning ECS.

19. The use of XRF as a technique to identify and/or remove Chinese drywall will not be proposed by the defendant KPT in these trials; and, accordingly, there will be no presentation of evidence or testimony on this technique.

20. Trial will commence on June 21, 2010 WITH a jury. Attorneys are instructed to report for trial not later than 30 minutes prior to this time. The starting time on the first day of a jury trial may be delayed or moved up because of jury pooling. Trial is estimated to last eight (8) days.

21. Deadlines, cut-off dates, or other limits fixed herein may only be extended by the Court upon timely motion filed in compliance with the Plan and Local Rules and upon a showing of good cause. Continuances will not normally be granted. If, however, a continuance is granted, deadlines and cut off dates will be automatically extended, unless otherwise ordered by the Court.

New Orleans, Louisiana this 17th day of _____May_____, 2010.

_____
JUDGE ELDON E. FALLON