UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  CHINESE-MANUFACTURED DRYWALL  )   MDL NO. 2047
         PRODUCTS LIABILITY LITIGATION  )
           )   SECTION:  L
           )
This Document relates to:  )
*Pate v. American International Specialty Lines*  )   JUDGE FALLON
*Insurance Company, et al* **(09-7791)**  )   MAG. JUDGE WILKINSON
           )
_____ )

## MEMORANDUM IN SUPPORT OF DEFENDANT, NGM INSURANCE COMPANY'S MOTION TO DISMISS

Defendant, NGM Insurance Company ("NGM"), hereby submits this Memorandum in Support of its Motion to Dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), for insufficient process pursuant to Federal Rule of Civil Procedure 12(b)(4), for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5) and for failure to join necessary indispensable parties pursuant to Federal Rule of Civil Procedure 12(b)(7).

1

## BACKGROUND

The plaintiff, Robert C. Pate, as Trustee of the Chinese Drywall Trust ("Trust") has asserted claims for breach of contract and is seeking a declaration that NGM and numerous other insurers are obligated to indemnify the Trust for claims that might be brought against it related to homes built in Florida. (Amd. Compl. ¶ 27, 56-63). As part of a Chapter 11 Plan of Reorganization, the Trust was created to assume the debtors' liability for losses suffered by claimants due to allegedly defective drywall. (Amd. Compl. ¶ 30-36). Pate alleges that WCI began to receive complaints of property damage and personal injury as a result of Chinese Drywall installed in homes that WCI sold in Florida (Amd. Compl. ¶ 27, 29). The plaintiff alleges that WCI is a named or additional insured under the insurance policies of certain subcontractors that allegedly supplied and/or installed Chinese Drywall in the claimants' homes, including HDS Drywall Services, Inc., NGM's insured. (Amd. Compl., ¶ 49-50). The plaintiff is seeking a declaration that NGM must indemnify the Trust in connection with these unidentified claims and is also alleging that NGM breached its policy by failing to acknowledge coverage for the underlying claims. (Amd. Compl. ¶ 56-62).

There is no connection or contact with Louisiana identified in the plaintiff's First Amended Complaint. As to NGM, the First Amended Complaint states only that "NGM offers a complete line of commercial products and services throughout the Southeast and Southwest." (Amd. Compl. ¶ 24). The First Amended Complaint does not allege that NGM was authorized to sell insurance in Louisiana. Moreover, it does not allege that NGM sold insurance in Louisiana, does not allege that its insured, HDS Drywall is located in Louisiana or performed

any work in Louisiana and instead indicates that the underlying claims of property damage and/or personal injury occurred in Florida. (Amd. Compl. ¶ 24, 27 and 29).

The First Amended Complaint alleges that NGM Insurance is a New Hampshire corporation with its principal place of business in Florida (Amd. Compl. ¶ 17). NGM is not a New Hampshire corporation but rather is a Florida corporation that does have its principal place of business in Jacksonville, Florida. *See* Affidavit of Brian J. Brennan, attached herewith and marked Exhibit A. In addition, NGM Insurance Company is not and has never been licensed to write any business in Louisiana, is not and has never been authorized to write any coverage in Louisiana and has never written any coverage in Louisiana. *See* Exhibit A. NGM Insurance Company has never had any rates on file with the Louisiana Department of Insurance and is not registered with the Louisiana Department of Insurance. *See* Exhibit A. NGM Insurance Company has never collected any premiums for insurance written in Louisiana. *See* Exhibit A. NGM Insurance Company has never authorized any insurance agent to write any business on its behalf in Louisiana. *See* Exhibit A. NGM Insurance Company does not maintain an office in Louisiana and has no employees in Louisiana. *See* Exhibit A. NGM Insurance Company does not have a registered agent for service in the State of Louisiana. *See* Exhibit A. NGM Insurance Company does not issue or deliver insurance policies in the State of Louisiana. *See* Exhibit A. NGM Insurance does not advertise or market their insurance policies in the State of Louisiana. *See* Exhibit A. Moreover, NGM Insurance Company issued a commercial general liability policy to HDS Drywall Services, Inc., which is a Virginia Corporation. The subject policy was delivered to HDS Drywall Services, Inc. at a Virginia address and billing for the policy was sent to a Virginia address. An insurance agent in Virginia was utilized. *See* Exhibit A.

Based on the foregoing, Defendant, NGM asserts that the Court lacks personal jurisdiction over it. As a result, venue is also improper and service of the First Amended Complaint was not properly effectuated. Accordingly, the plaintiff's claims against NGM should be dismissed.

## Argument

### I. This Court lacks personal jurisdiction over NGM, and accordingly, this action must be dismissed pursuant to Fed.R.Civ.P.12(b)(2).

When a non-resident defendant brings a Motion to Dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the District Court's jurisdiction over the non-resident. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir., 1985). In determining personal jurisdiction, the allegations of a complaint are taken as true except as contraverted by the defendant's affidavit. *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 785 (1990).

A Federal Court sitting in diversity has jurisdiction over a non-resident defendant if the state long arm statute affords personal jurisdiction over that defendant, and if the exercise of jurisdiction is consistent with due process under the United States Constitution. *See International Shoe Company v. Washington*, 326 U.S. 310, 316 (1945). "Personal jurisdiction over a nonresident defendant attaches only when a defendant is amendable to service of process under the forum state's long-arm statute and the exercise of jurisdiction comports with the due process clause of the fourteenth amendment." *Asarco, Inc.*, 912 F.2d at 786. "[T]hese two inquiries merge into one because Louisiana's long-arm statute permits service of process coterminous with the scope of the due process clause." *Id.*, citing La.R.S. 13:3201; *Dalton v. R&W Marine, Inc.*, 897 F.2d 1359 (5th Cir. 1990).

4

Personal jurisdiction over a non-resident defendant is constitutionally permissible "when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with forum state; and (2) the exercise of jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (*quoting International Shoe Company v. Washington*, 826 U.S. 310). Minimum contacts can be established by either demonstrating specific jurisdiction or general jurisdiction. Specific jurisdiction exists when the lawsuit arises out of a defendant's purposeful contact with the forum state. *Asarco, Inc.*, 912 F.2d at 786. In contrast, due process requires that the defendant has engaged in "continuous and systematic contact" in the forum to support the exercise of general jurisdiction over that defendant. *Dalton*, 897 F.2d at. 1361-1362. In determining whether the exercise of personal jurisdiction conforms with "traditional notions of fair play and substantial justice," the factors to be considered are: (1) the burden on the defendant in defending the lawsuit; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the states in further fundamental substantive social policies. *Asahi Metal Industry Co, Ltd. V. Superior Court of California*, 480 U.S. 102, 113 (1987).

Here, there are no allegations contained in the First Amended Complaint that suggest that NGM had any contacts with Louisiana. In addition, NGM has demonstrated that no minimum contacts with Louisiana exist. NGM is a Florida corporation with a principal place of business in Jacksonville, Florida. *See* Exhibit A. In addition, NGM Insurance does not conduct business in Louisiana and has never written any coverage in Louisiana. *See* Exhibit A. NGM Insurance Company has never had any rates on file with the Louisiana Department of Insurance and is not

registered with the Louisiana Department of Insurance. *See* Exhibit A. NGM Insurance Company has never collected any premiums for insurance written in Louisiana. *See* Exhibit A. NGM Insurance Company has never authorized any insurance agent to write any business on its behalf in Louisiana. *See* Exhibit A. NGM Insurance Company does not maintain an office in Louisiana and has no employees in Louisiana. *See* Exhibit A. NGM Insurance Company does not have a registered agent for service in the State of Louisiana. *See* Exhibit A. NGM Insurance Company does not issue or deliver insurance policies in the State of Louisiana. *See* Exhibit A. NGM Insurance does not advertise or market their insurance policies in the State of Louisiana. Furthermore, NGM's insured, HDS Drywall Services, Inc. is a Virginia corporation. *See* Exhibit A. There are no allegations in the First Amended Complaint that HDS Drywall Services, Inc. engaged in any work in Louisiana or entered into any contracts in Louisiana. Accordingly, there is no basis for the court to exercise specific or general jurisdiction over NGM, and the First Amended Complaint should be dismissed as to NGM pursuant to Fed.R.Civ.P. 12(b)(2).

## II.     Venue is improper, and accordingly, this action must be dismissed pursuant to Fed.R.Civ.P.12(b)(3).

The plaintiff alleges that venue is appropriate in this district pursuant to 28 U.S.C. § 1391(a)(3), 28 U.S.C. § 1407 and the June 15, 2009 Transfer Order of the Judicial Panel on Multidistrict Litigation. Neither the cited statutes, nor the Transfer Order provides a basis for venue in this court, and accordingly, this action must be dismissed pursuant to Fed.R.Civ.P.12(b)(3).

### A.     Venue is not proper under 28 U.S.C. § 1391(a)

Venue in a diversity case is dictated by 28 U.S.C. § 1391(a), which states:

>A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property which is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

It is the plaintiff's burden to establish that venue is proper. *See Smith v. Fortenberry*, 903 F.Supp. 1018, 1019-1020 (E.D.La.1995). Pate will be unable to meet this burden in the instant case.

As indicated above, a diversity action may be brought in "a judicial district where any defendant resides, if all defendants reside in the same State" pursuant to 28 U.S.C. § 1391(a)(1). A corporation is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). This court lacks personal jurisdiction over NGM (and potentially other defendants), and accordingly, NGM does not reside in Louisiana. The Eastern District of Louisiana is not the proper venue under 28 U.S.C. § 1391(a)(1).

The plaintiff fares no better under 28 U.S.C. § 1391(a)(2), which provides that a diversity action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property which is the subject of the action is situated." There are no allegations in the First Amended Complaint that suggest that any part of the events or omissions giving rise to the claim occurred in Louisiana. Pate does not allege that WCI or any of the named subcontractors have a principal place of business in Louisiana. Pate does not allege that the subject insurance policies were negotiated, issued or delivered in Louisiana and does not allege that any premiums were paid in Louisiana. There is no allegation that NGM is located in Louisiana or does business there, and no allegation that it

7

handled or adjusted any claims in Louisiana. Moreover, the First Amended Complaint indicates that the complaints of property damage and/or bodily injury allegedly arose from Chinese Drywall installed in homes in Florida. (Amd. Compl. ¶¶ 27, 29). Accordingly, 28 U.S.C. § 1391(a)(2), provides no support for venue in the Eastern District of Louisiana.

Lastly, 28 U.S.C. § 1391(a)(3) indicates that venue may be had in "a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." The plaintiff has failed to allege or demonstrate that there is no district in which this case may otherwise be brought. Moreover, there is no personal jurisdiction over NGM (and potentially other defendants) and, accordingly 28 U.S.C. § 1391(a)(3) is inapplicable.

### B.     Venue is not proper pursuant to 28 U.S.C. § 1407 or the Transfer Order

In the First Amended Complaint, Pate alleges that "[v]enue is otherwise appropriate in this district consistent with 28 U.S.C. § 1407 and the June 15, 2009 Transfer Order of the Judicial Panel on Multidistrict Litigation." (Amd. Compl. ¶ 24). The statute, however, states that "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated and consolidated pretrial proceedings." 28 U.S.C. § 1407(a). Although the statute permits *transfer* in certain circumstances, it does not establish where an action may be initiated for venue purposes.

In addition, the Transfer Order applied to ten suits by homeowners who claimed damages as a result of the installation of Chinese Drywall in their homes. By way of a footnote, the Judicial Panel on Multidistrict Litigation indicated that other pending and related actions will be treated as "potential tag-along actions" subject to the objection process set forth in Rules 7.4 and

7.5, R.P.J.P.M.L. By definition, "a 'tag-along action' refers to a civil action pending in a district court and involving common questions of fact with actions previously transferred under Section 1407." Rule 1.1, R.P.J.P.M.L. This declaratory judgment/breach of contract action does not share sufficient questions of fact with these underlying tort cases and should therefore not be afforded "tag-along" status. Independent of that fact, there is nothing in the Transfer Order that establishes venue in the Eastern District of Louisiana in the first instance.

### III.     NGM Insurance was not properly served, and accordingly, this action must be dismissed pursuant to Fed.R.Civ.P.12(b)(4) and (5).

NGM asserts that the plaintiff has failed to make proper service of the First Amended Complaint upon it. "When service of process is challenged, the serving party bears the burden of proving its validity . . . ." *Systems Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir.1990). Pate will be unable to meet this burden of proof. Fed.R.Civ.P. 4(e) requires that service upon a nonresident be made pursuant to the law of the forum state. Louisiana law requires that personal jurisdiction exist to effect service pursuant to the Louisiana long-arm statute. La.R.S. § 13:3201. As indicated above, Louisiana does not have personal jurisdiction over NGM, and NGM is therefore not subject to service of process by way of the long-arm statute. *See Jones v. Maritime Overseas Corp.*, 1992 WL 38101 (E.D.La. 1992). In addition, as NGM does not conduct business in Louisiana, has issued no policies in Louisiana, and has collected no premiums in Louisiana, it is not subject to service of process through the secretary of state. *See* La.R.S. 22:1907.

NGM Insurance Company received at its Jacksonville, Florida address an uncertified copy of the complaint by mail from the Louisiana Secretary of State. Another uncertified copy of the complaint was received at its Jacksonville, Florida address by registered mail from

9

plaintiff's counsel. *See* Exhibit A. However, as discussed above, NGM is not a resident of Louisiana, conducts no business in Louisiana, is not registered with the Louisiana Department of Insurance and has no registered agent for service in Louisiana. Louisiana does not have personal jurisdiction over NGM as it does not have sufficient minimum contacts with the state to permit the exercise of jurisdiction. Accordingly, the plaintiff's attempts to make service through the Secretary of State or ostensibly through the long-arm statute are flawed and the attempted service is not valid. NGM also notes that the attempted service by mail was further flawed as an uncertified copy of the First Amended Complaint was sent, rather than a certified copy as required by statute. *See* Exhibit A; *see* La.R.S. 13:3204. Therefore, this action must be dismissed pursuant to Fed.R.Civ.P.12(b)(4) and (5).

### IV. The plaintiff has failed to join necessary indispensable parties, and accordingly, this action must be dismissed pursuant to Fed.R.Civ.P.12(b)(7).

Pursuant to Fed.R.Civ.P.12(b)(7), the Court should dismiss the First Amended Complaint for failure to join a party under Rule 19 as NGM's insured, HDS Drywall Services, Inc. is not a party to this case. "Federal Rule of Civil Procedure sets forth a two-step inquiry for a district court to determine whether a party should be joined in an action." *National Union Fire Ins. Co. of Pittsburgh, PA v. Rite Aid of South Carolina, Inc.*, 210 F.3d 246, 249 (4thCir. 2000). "First, the district court must determine whether the party is 'necessary' to the action under Rule 19(a)." *Id.* "If the court determines that the party is 'necessary,' it must then determine whether the party is 'indispensable' to the action under Rule 19(b)." *Id.* If a party is indispensable and cannot be joined, the action must be dismissed.

Under Fed.R.Civ.P. 19(a), party must be joined if "(A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) the person claims an interest

relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest." Fed.R.Civ.P.19(a)(1). Rule 19(b) goes on to state that "[I]f a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed.R.Civ. P. 19(b). Under this rule, "[t]he factors for the court to consider include: (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief: or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." Fed.R.Civ. P. 19(b).

  Here, HDS Drywall Services, Inc. is both a necessary and indispensable party. The plaintiff is seeking a declaration as to coverage on policies issued by NGM to HDS Drywall Services, Inc. and is further alleging that the Trust has additional insured status under the policies. As a party to the insurance contract, HDS Drywall Services, Inc. is an indispensable party who is required to be joined. HDS Drywall Services, Inc. would be prejudiced by any declaration of coverage made in its absence, as the Court's decision could leave it without coverage or without a defense. This court, however, does not have personal jurisdiction over HDS Drywall Services, Inc. as it is a Virginia corporation with a principal place of business in Virginia. Accordingly, the action should be dismissed. *See National Union*, 210 F.3d at 252-254.

**Conclusion**

For the reasons set forth above, the defendant, NGM Insurance, respectfully requests that the plaintiff's First Amended Complaint be dismissed.

Respectfully submitted,

*/s/ Sarah B. Christie*
**David F. Hassett, Esquire (MA No. 544443)**
dhassett@hassettanddonnelly.com
**Sarah B. Christie, Esquire (MA No. 566833)**
schristie@hassettanddonnelly.com
**HASSETT & DONNELLY, P.C.**
446 Main Street, 12th Floor
Worcester, MA 01608
(508) 791-6287 (Phone)
(508) 791-2652 (Fax)

**ATTORNEYS FOR DEFENDANT,
NGM INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing **MEMORANDUM IN SUPPORT OF DEFENDANT, NGM INSURANCE COMPANY'S MOTION TO DISMISS** has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing to all counsel registered for electronic service, on this 19th day of May, 2010.

                                                           */s/ Sarah B. Christie*
                                                           Sarah B. Christie, Esquire