IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) MDL No.2047 ) ) ) ) SECTION "L" |
| *This Document Relates to:* | ) CIVIL ACTION NO.: 2:10-cv-00178 |
| CENTERLINE HOMES CONSTRUCTION, INC., *et al.*, | ) |
| Versus, | ) JUDGE ELDON FALLON |
| MID-CONTINENT CASUALTY CO., *et al.*, | ) MAGISTRATE JOSEPH WILKINSON, JR. |

**AMERISURE INSURANCE COMPANY'S JOINDER TO THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA MOTION FOR PROTECTIVE ORDER STAYING SUBMISSION OF INSURER PROFILE FORM AND INSURANCE POLICY PENDING RESOLUTION OF RULE 12(B) MOTION**

Now comes Defendant, Amerisure Insurance Company, ("Amerisure"), by and through its attorneys of record, and hereby join "Motion For Protective Order Staying Submission of Insurer Profile Form and Insurance Policy Pending Resolution of Rule 12(b) Motion" filed on May 12, 2010, by The Insurance Company of the State of Pennsylvania ("ISOP") (Docket No. 3040), and the supporting Memorandum of Law. In further support thereof, Amerisure states as follows:

1.  On January 26, 2010, Centerline Homes Construction, Inc., Completed Communities II, LLC, Centerline Homes at Georgetown, LLC and Centerline Homes, Inc. (collectively, "Centerline"), commenced a lawsuit against Amerisure and other insurers in the Eastern District of Louisiana, captioned *Centerline Homes Constr., Inc. v. Mid-Continent Cas. Co.*, No. 2:10-cv-00178, which is now pending in the Chinese Manufactured Drywall Products Liability Litigation, MDL No. 2047 (the "MDL") before this Court.

2.      In the *Centerline* lawsuit, the insurers, including Amerisure, have filed motions to dismiss on the basis that the Eastern District of Louisiana is an improper venue for the *Centerline* lawsuit under 28 U.S.C. § 1391. The primary bases for that motion are that the events giving rise to Centerline's claims did not take place in Louisiana and the Court lacks personal jurisdiction over certain defendants. Amerisure and other insurers have also sought dismissal for failure to join indispensable parties, since Centerline failed to name as parties the named insureds under whose policies Centerline claims rights as an additional insured.

3.      On April 27, 2010, this Court issued Pretrial Order No. 23 requiring that "each insurance company that is named as a party in any action pending in MDL No. 2047 must complete and sign the attached Insurer Profile Form."

4.      In response, on May 12, 2010, ISOP filed a "Motion For Protective Order Staying Submission of Insurer Profile Form and Insurance Policy Pending Resolution of Rule 12(b) Motion" (Docket No. 3040) (herein "motion") and a supporting Memorandum of Law (herein "memorandum").

5.      Amerisure has reviewed the motion and memorandum, and hereby joins and adopts the grounds and arguments set forth in the motion and memorandum solely for the limited purpose of adjudicating the motion.

WHEREFORE, Defendant, Amerisure Insurance Company, respectfully requests that this Court grant the Motion for Protective Order Staying Submission of Insurer Profile Form and Insurance Policy. Finally, Amerisure requests that this Court award such other and further relief to which Amerisure may be justly entitled.

Respectfully submitted,

Defendant, Amerisure Insurance Company

By: /s/ Brian K. Abels
_____
One of its attorneys

Brian K. Abels, #24928
Boyer, Hebert & Abels, LLC
133 Aspen Square, Suite F
Denham Springs, Louisiana 70726
Telephone: (225) 664-4335

Donald E. Elder, Illinois ARDC No. 6255889
Anthony N. Balice, Illinois ARDC No. 6271902
Abraham Sandoval, Illinois ARDC No. 6296504
Tressler LLP
22nd Floor
233 South Wacker Drive
Chicago, Illinois 60606-6308
Telephone: (312) 627-4000

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **AMERISURE INSURANCE COMPANY'S JOINDER TO THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA MOTION FOR PROTECTIVE ORDER STAYING SUBMISSION OF INSURER PROFILE FORM AND INSURANCE POLICY PENDING RESOLUTION OF RULE 12(B) MOTION** has been served on Plaintiff's Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically loading the same to Lexis Nexis File & Serve in accordance with Pre-trial Order No. 6, and the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 20th day of May, 2010.

/s/ Brian K. Abels
_____