UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al., Case No. 2:09-cv-6687 (E.D.La.) | |

INTERVENING PLAINTIFFS' COUNSEL'S
PETITION FOR FEES AND COSTS

I.  INTRODUCTION

On May 11, 2010, this Court entered a default judgment against Defendant Taishan Gypsum Co., Ltd, f/k/a Shandong Taihe Dongxin Co. Ltd. ("Taishan"), and in favor of Plaintiff-intervenors Deborah and William Morgan, Jerry and Inez Baldwin, Joe and Cathy Leach, Robert and Lisa Orlando, Fred and Vanessa Michaux, Preston and Rachel McKellar, and Steven and Elizabeth Heischober. Rec. Doc. No. 3013. This judgment followed the entry of a preliminary default order against Taishan on November 20, 2009, Rec. Doc. No. 487, and an evidentiary hearing that was held on February 19 and 22, 2010, for the assessment of damages as to these Intervening Plaintiffs. *See* Rec. Doc. No. 546 (Consent Order). The Court then issued detailed Findings of Fact and Conclusions of Law on April 8, 2010 (Rec. Doc. No. 2380) ("Findings of Fact"). The Court has permitted Intervening Plaintiffs' Counsel to file a petition for fees and costs on or before May 24, 2010, in anticipation of an award of attorneys' fees and court costs pursuant to Va. Code §59.1-204(B). Rec. Doc. No. 3013 at 3.

II.  STATEMENT OF FACTS

As set forth in the Court's Findings of Fact, Plaintiffs brought a class action complaint against Defendants Taishan, Tobin Trading, Inc., Venture Supply, Inc., Harbor Walk Development,

LLC and The Porter-Blaine Corp. in the Eastern District of Virginia on May 1, 2009. Thereafter, they filed their First Amended Complaint, and on October 13, 2009, the case was transferred to the Eastern District of Louisiana. Subsequent to the transfer, this Court granted Plaintiffs' motion to amend the First Amended Complaint to assert a national class against Taishan. Findings of Fact at 4.

On November 25, 2009, the Court entered a scheduling order permitting interested parties to intervene. In addition to the Intervening Plaintiffs named above, two Defendants – Knauf Plasterboard Tianjin Co. Ltd. and The Mitchell Company, Inc. – requested that the Court permit and thereafter were allowed to intervene in this case. Findings of Fact at 5. Although the Intervening Defendants conducted "vigorous discovery," exchanged expert reports, and filed numerous *Daubert* motions and motions *in limine*, on February 18, 2010, just one (1) day before the commencement of the trial, the Defendant-intervenor, Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT") voluntarily withdrew from the proceeding. On the morning of the default hearing, Intervenor-The Mitchell Company, also withdrew from pursuing the default judgment. This left only the Plaintiff-intervenors to put on evidence. *Id.*

This evidentiary hearing was intended to serve as a bellwether trial for other Plaintiffs alleging damages suffered as a result of the installation of Chinese Drywall in their homes. *See, e.g., In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, MDL 2047, Status Conference Transcript at 15-17 (E.D. La. Oct. 15, 2009). The efforts put forth by Intervening Plaintiffs' Counsel will benefit all of the other Chinese Drywall plaintiffs. *See* Hon. E. Fallon, J. Grabill, R. Wynne, "Bellwether Trials in Multidistrict Litigation," 82 TUL. L. REV. 2323 (Jun. 2008) (concluding that the use of a bellwether trial is "one of the most innovative and useful techniques for the resolution of complex cases"); *In re Chevron U.S.A., Inc.*, 109 F.3d 1016, 1019 (5th Cir. 1997) ("The notion that the trial of some members of a large group of claimants may provide a basis for enhancing

prospects of settlement or for resolving common issues or claims is a sound one that has achieved general acceptance by both bench and bar.... The reasons for acceptance by bench and bar are apparent. If a representative group of claimants are tried to verdict, the results of such trials can be beneficial for litigants who desire to settle such claims by providing information on the value of the cases as reflected by the jury verdicts."); *see also* Findings of Fact at 57 ("average cost per square foot to repair the *Germano* homes is $86.").

Based on the evidence presented at the hearing, the Court has awarded damages to the individual Intervening Plaintiffs as follows:

| | |
|---|---|
| <u>William and Deborah Morgan:</u> | $481,613.29, plus $27,550.92 in pre-judgment interest, post-judgment interest as appropriate and costs. |
| <u>Jerry and Inez Baldwin:</u> | $441,669.11, plus $25,267.61 in pre-judgment interest, post-judgment interest as appropriate and costs. |
| <u>Joseph and Cathy Leach:</u> | $89,676.86, plus $5,130.01 in pre-judgment interest, post-judgment interest as appropriate and costs. |
| <u>Bob and Lisa Orlando:</u> | $407,905.44, plus $23,334.43 in pre-judgment interest, post-judgment interest as appropriate and costs. |
| <u>J. Frederick and Vanessa Michaux:</u> | $355,607.80, plus $20,342.71 in pre-judgment interest, post-judgment interest as appropriate and costs. |
| <u>Preston and Rachel McKellar:</u> | $351,741.22, plus $20,121.52 in pre-judgment interest, post-judgment interest as appropriate and costs. |
| <u>Steven and Elizabeth Heischober:</u> | $480,886.27, plus $27,509.33 in pre-judgment interest, post-judgment interest as appropriate and costs. |

The Intervening Plaintiffs entered into contingency fee agreements with their counsel that provide for payment of attorneys' fees of the amount of "33-1/3% of any recovery if [sic] the

claim(s) by way of settlement or verdict without an appeal" and "40% of any recovery if an appeal is filed in the case." *See* Intervening Plaintiff Contingency Fee Agreements, attached hereto as Exhibits "1" - "7." Intervening Plaintiffs' Counsel are seeking an award of fees that comports with those agreements and equals 1/3 of the gross recoveries in each case, or $919,452.17 in the aggregate, as set forth in detail below.[1] In addition, Intervening Plaintiffs' Counsel are seeking the taxation of costs against Defendant in the amounts provided for by law.

## III. ARGUMENT

### A. Intervening Plaintiffs' Counsel Are Entitled to the Contingency Fees <u>Provided in Their Client Agreements</u>

Intervening Plaintiffs' Counsel entered into contingency fee agreements with the Intervening Plaintiffs that provided for the payment of attorneys' fees in the amount of "33-1/3% of any recovery if [sic] the claim(s) by way of settlement or verdict without an appeal" and "40% of any recovery if an appeal is filed in the case." *See* Exhibits "1" - "7." Intervening Plaintiffs' Counsel are seeking an award of 1/3 of the judgments entered in this case in conformity with these agreements. This percentage is reasonable under Virginia law. *See Richendollar v. Bertini*, 27 F.3d 563 (Table), 1994 WL 266081 (4th Cir. 1994) (recognizing attorney's one-third contingent fee agreement); *Adamick v. Maher*, 23 Vir. Cir. 370, 1991 WL 834907 (Vir. Cir. Ct. 1991) (same); *Phillips v. Day*, 861 F.2d 265 (Table) (4th Cir. 1988) (affirming one-third allowable contingency fee); *Morris Law Office, PC v. Tatum*, — F. Supp. 2d —, 2004 WL 3523515 (W.D. Va. Nov. 10, 2004) (recognizing that "[u]nder the *Virginia Rules of Professional Conduct* ... an attorney's fees need only be 'reasonable' and 'adequately explained to the client ... preferably in writing, before or within a reasonable time

---

[1] Intervening Plaintiffs' Counsel are not seeking a common benefit fee at this time for the work performed on behalf of all Chinese Drywall plaintiffs. At such time as the Common Benefit Counsel seek an award of fees from the Court, if there is one, Common Benefit Counsel will adjust or modify their request by taking into consideration any fees awarded and received or to be received pursuant to the current Petition.

4

after commencing the representation.' Rule 1.5(a) and (b).").

As such, Intervening Plaintiffs' Counsel requests the following attorneys' fees from the individual judgments entered by the Court:

| | |
|---|---|
| William and Deborah Morgan: | $169,721.40, which is 1/3 of $481,613.29, plus $27,550.92 in pre-judgment interest. |
| Jerry and Inez Baldwin: | $155,645.57, which is 1/3 of $441,669.11, plus $25,267.61 in pre-judgment interest. |
| Joseph and Cathy Leach: | $31,602.29, which is 1/3 of $89,676.86, plus $5,130.01 in pre-judgment interest. |
| Bob and Lisa Orlando: | $143,746.62, which is 1/3 of $407,905.44, plus $23,334.43 in pre-judgment interest. |
| J. Frederick and Vanessa Michaux: | $125,316.84, which is 1/3 of $355,607.80, plus $20,342.71 in pre-judgment interest. |
| Preston and Rachel McKellar: | $123,954.25, which is 1/3 of $351,741.22, plus $20,121.52 in pre-judgment interest. |
| Steven and Elizabeth Heischober: | $169,465.20, which is 1/3 of $480,886.27, plus $27,509.33 in pre-judgment interest. |

As set forth in the Affidavit of Plaintiffs' Liaison Counsel, Russ M. Herman, attached hereto as Exhibit "8," the *Germano* intervenors' plaintiff trial counsel expended in the aggregate in excess of 6,000 hours of attorneys time (this figure does not include other professional time such as non-core trial counsel, paralegal and law clerk time) from November, 2009 through February, 2010, litigating plaintiffs' claims against Taishan and the other Intervenor Defendants. Plaintiffs' Liaison Counsel has consulted with the Court appointed auditor for the relevant time period and specifically as to the *Germano* intervenors' plaintiff trial counsel time expended in litigating the *Germano* trial. Thus, if the Court awards Intervening Plaintiffs' Counsel the requested amount of $919,452.17, representing one-third of the Intervening Plaintiffs' recoveries, the attorneys will receive, at best, what amounts to no more than approximately $150.00 per core trial counsel attorney hour, which

5

is low by any standard, and certainly "reasonable" under the circumstances.

**B.   Intervening Plaintiffs' Counsel Are Entitled to Taxable Costs**

Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs shall be allowed as a matter of course to the prevailing party." *Todd Shipyards Corp. v. Turbine Service, Inc.*, 592 F. Supp. 380, 398 (E.D. La. 1984), *aff'd in part, rev'd in part on other grounds*, 763 F.2d 745, *reh'g denied*, 770 F.2d 164 (5th Cir. 1985). Federal statutes define those costs that may be taxed against the losing party in litigation. *See* 28 U.S.C. §§ 1920, 1821; *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987); *Todd Shipyards*, 592 F. Supp. at 398-99, *citing Studiengesellschaft Kohle v. Eastman Kodak*, 713 F.2d 128, 132 (5th Cir. 1983). Intervening Plaintiffs' Counsel are seeking reimbursement of their out-of-pocket costs to the extent permitted under the law. These costs have been itemized on the Bill of Costs, attached hereto as Exhibit "A to the Affidavit of Russ M. Herman (Exhibit 8 hereto)."[2] As set forth below, 28 U.S.C. § 1920 enumerates six categories of costs that may be taxed against the losing party.

**1.   *Fees of the clerk and marshall***

Intervening Plaintiffs' Counsel incurred $350.00 in costs to the clerk of court for the United States District Court, Eastern District of Virginia for the filing of their complaint. In addition, they incurred costs of $2,122.60 to perfect service of the complaint on Taishan in China. Intervenors also incurred the costs associated with the transcripts from the *Daubert* hearing, as well as default hearing, which were subsequently used in drafting the Proposed Findings of Fact and Conclusions of Law. These transcript expenses total $6,734.90. These costs should be taxed against the Defendant. *HEI Resources East OMG Joint Venture v. S. Lavon Evans, Jr. Operating Co.*, 2010 WL 536997, *3-*4 (S.D. Tex. Feb. 20, 2010) (allowing filing fees and private process server fees);

---

[2] To the extent that Plaintiffs' actual costs exceed the amounts allowed to be taxed under § 1920 and/or § 1821, Intervening Plaintiffs' Counsel reserve the right to seek reimbursement of those costs at a later date as part of a common benefit fee petition in the event a common benefit fund is generated.

*Gaddis v. United States*, 381 F.3d 444, 456 (5th Cir. 2004).

### 2.   *Fees for printed or electronically recorded transcripts*

There were numerous necessary deposition and trial transcripts recorded in this case. The costs of those transcripts may be taxed. Courts have held that "[a] deposition may be included in costs '[i]f, at the time it was taken, [it] could reasonably be expected to be used for trial preparation.'" *HEI Resources*, 2010 WL 536997 at *4, *citing Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). "Whether a deposition or copy was necessarily obtained for use in the case is a factual determination to be made by the district court." *ARAMCO*, 920 F.2d at 285-86. And, the district court is accorded "great latitude in this determination." *Id.*

The costs for transcripts of expert testimony used at the *Daubert* hearing and trial are itemized in the Bill of Costs, totaling $46,626.30. Intervening Plaintiffs' Counsel submit that these costs were necessary to their prosecution of the Plaintiffs' cases.

### 3.   *Fees and disbursements for printing and witnesses*

Allowable costs for witness fees and disbursements are specified in 28 U.S.C. § 1821, which provides that "a witness in attendance at any court of the United States, ... or before any person authorized to take his deposition ... shall be paid": an attendance fee "of $40 per day" for each day of attendance and for each day's travel to and from attendance; travel allowance; and subsistence allowance. 28 U.S.C. § 1821(b). Travel costs are reimbursed "at the most economical rate reasonably available." 28 U.S.C. § 1821(c)(1). Allowable costs include: coach airfare, mileage ($0.55/mi. in 2009 and $0.50/mi. in 2010), toll charges, taxicab fares between places of lodging and carrier terminals, and parking fees. 28 U.S.C. § 1821(c)(2)(3)(4); 5 U.S.C. § 5704; http://www.gsa.gov/Portal/gsa/ep/contentView.do?contentType=GSA_BASIC& contentId=9646. Subsistence costs cover lodging and meals, and for New Orleans the allowable per

7

diem costs total $204 for the relevant time period. 28 U.S.C. § 1821(d)(1)(2)(3); 5 U.S.C. § 5702; http://www.gsa.gov/Portal/gsa/ep/contentView.do?queryYear=2010&contentType=GSA _BASIC&contentId=17943&queryState=Louisiana&noc=T.

Intervening Plaintiffs' Counsel are seeking reimbursement of costs related to the travel expenses of the following expert witnesses who were vital to the Plaintiffs' case: Donald Galler, PE (traveled from Boston to New Orleans for two days of testimony); John Scully, Ph.D. (traveled from Charlottesville, Va. to New Orleans to testify at trial); Lori A. Streit, Ph.D. (traveled from Boston to New Orleans to provide deposition testimony); Dean Rutila, PE (traveled from Boston to New Orleans to provide deposition and trial testimony); Jonathan R. Barnett, Ph.D. (traveled from Boston to New Orleans to provide deposition and trial testimony); Ronald E. Wright, PE (traveled from Wilmington, NC to New Orleans to provide deposition and trial testimony); Edward Lyon, PE (traveled from Boston to New Orleans to provide deposition testimony that was used at trial); Jack Caravanos, Ph.D. (provided deposition testimony that was used at trial). An itemized description of the expenses for these witnesses is listed on lines 21 to 28 of the Bill of Costs.

The costs that are sought at the present time comport with governing statutes but clearly are less than the actual costs expended by Plaintiffs' Counsel to try these seven cases. To the extent that Plaintiffs' Counsel have remaining out-of-pocket expenses that were for the common benefit of all plaintiffs, they reserve their right to seek reimbursement of those costs at a later date.

### 4. *Fees for the costs of copying*

The Fifth Circuit Court of Appeals has held that: "Before the district court can tax costs for photocopies, it must find that the copies for which costs are sought were necessarily obtained for use in the litigation. Moreover, the party seeking such costs must offer some proof of the necessity." *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994) (citations omitted). The Bill of Costs submitted herewith show that $87,933.92 was expended for trial exhibits, including an animation

exhibit that was used at trial. These costs were necessary for the prosecution of Plaintiffs' cases. The Court is well aware that numerous sets of voluminous trial exhibits were provided by Plaintiffs and that extensive copying of depositions and exhibits were necessary for this trial. Approximately 8 feet of binder materials consisting of over 2,000 trial exhibits were submitted to the Court.

### 5.  *Docket fees*

Certain docketing fees may be taxed pursuant to the schedule set forth in 28 U.S.C. § 1923. The statute permits $20 on trial or final hearing, $5 on a motion for judgment and $2.50 for each deposition admitted into evidence. Intervening Plaintiffs' Counsel are not seeking costs for any docket fees at this time, but they reserve the right to pursue those costs at a later date as part of a common benefit fee petition.

### 6.  *Compensation of court appointed experts*

Intervening Plaintiffs' Counsel are not seeking costs for any Court-appointed expert at this time, but they reserve the right to pursue those costs at a later date as part of a common benefit fee petition.

## IV.  CONCLUSION

For the reasons outlined above, Intervening Plaintiffs' Counsel respectfully requests that their Petition for Fees and Costs be granted and that the Court award Intervening Plaintiffs' Counsel

the requested sum of $919,452.17 representing attorneys' fees equal to one-third (1/3) of the Intervening Plaintiffs' recoveries, and recoverable costs of $153,423.18.

Dated: May 24, 2010

Respectfully submitted,

/s/ Leonard A. Davis
Russ M. Herman, Esquire
Leonard A. Davis, Esquire
Stephen J. Herman, Esquire
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Victor Manuel Diaz
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
 Matthews, Martinez, Gonzales,
 Kalbac & Kane
255 Aragon Avenue, 2nd Floor
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Jeremy W. Alters
Alters, Boldt, Brown, Rash & Culmo, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@abbrclaw.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Petition for Fees and Costs has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 24th day of May 2010.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhkc.com
Plaintiffs' Liaison Counsel
MDL 2047

*Co-counsel for Plaintiffs*