# EXHIBIT "8"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al., Case No. 2:09-cv-6687 (E.D.La.) | |

AFFIDAVIT OF PLAINTIFFS' LIAISON COUNSEL,
RUSS M. HERMAN, IN SUPPORT OF INTERVENING
PLAINTIFFS' COUNSEL'S PETITION FOR FEES AND COSTS

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned authority;

PERSONALLY CAME AND APPEARED:

**RUSS M. HERMAN**

Plaintiffs' Liaison Counsel, who after being first duly sworn, did depose and declare that:

1. I am an attorney admitted to practice before the bar of the Supreme Court of the United States, the United States Courts of Appeals for the Fifth Circuit, the United States District Courts for the Eastern District of Louisiana and the Supreme Court of the State of Louisiana, among others. I received my L.L.B. from Tulane University Law School in 1966.

2. I make this affidavit in support of Intervening Plaintiffs' Counsel's Petition for Fees and Costs in the *Germano, et al v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al*, Case No. 2:09-cv-6687 (E.D.La.) pending in MDL No. 2047, *In re: Chinese-*

*Manufactured Drywall Products Liability Litigation*. The purpose of this affidavit is to describe the work performed by the common benefit counsel in the coordinated pretrial proceedings and *Germano* default hearing/trial in MDL 2047.

3.      I was appointed by the Court in Pre-Trial Order No. 3 to the position of Plaintiffs' Liaison Counsel (PLC). I was also appointed by the Court in Pre-Trial Order No. 8 as an ex-officio member of the Plaintiffs' Steering Committee's (PSC). Since my appointment in MDL 2047, I have assumed responsibility, together with Lead Counsel, Arnold Levin, appointed in Pre-Trial Order No. 8, for coordinating and supervising all pretrial activities in the litigation, including discovery, motion practice, strategy, committee appointment and overview, state-federal coordination, development, disclosure of "generic" expert testimony, and preparation of cases for trial. My activity included but was not limited to review and assisting in the preparation of the intervening plaintiffs' default judgment against Defendant Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd. ("Taishan") in the case brought by Plaintiff-intervenors Deborah and William Morgan, Jerry and Inez Baldwin, Joe and Cathy Leach, Robert and Lisa Orlando, Fred and Vanessa Michaux, Preston and Rachel McKellar, and Steven and Elizabeth Heischober.

4.      I have regularly and routinely consulted with the Court appointed CPA, Philip Garrett, and reviewed with him the time and expense submissions submitted and considered in the compilation of time and expenses as ordered in Pre-Trial Order No. 9. Mr. Garrett has provided and reported to the Court information regarding the time and expense submissions on an ongoing routine basis and such information is available from Mr. Garrett should it be requested. Specifically, I have consulted with Mr. Garrett regarding the time and expense submissions provided by various counsel who expended time and expense in connection in the intervening plaintiffs' default judgment against Taishan in the case brought by Plaintiff-intervenors Deborah and William Morgan, Jerry and Inez

Baldwin, Joe and Cathy Leach, Robert and Lisa Orlando, Fred and Vanessa Michaux, Preston and Rachel McKellar, and Steven and Elizabeth Heischober, and can safely say that in excess of 6,000 attorneys hours have been expended in connection with the default judgment obtained against Taishan by the core trial team of attorneys[1]. Furthermore, attached as Exhibit "A" to this Affidavit is a detail, with backup support documentation, of expenses incurred in connection with the default judgment obtained against Taishan.

5. In my experience, the time and expenses compiled and reported by Philip Garrett are fair and reasonable that were incurred in connection with the intervening plaintiffs' default judgment against Taishan in the case brought by Plaintiff-intervenors Deborah and William Morgan, Jerry and Inez Baldwin, Joe and Cathy Leach, Robert and Lisa Orlando, Fred and Vanessa Michaux, Preston and Rachel McKellar, and Steven and Elizabeth Heischober.

_____
Russ M. Herman

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 24TH DAY OF
MAY, 2010.

_____
Leonard A. Davis, Notary Public,
LSBA #14190
My Commission Expires at Death

---

[1] The core trial team of attorneys included, in addition to Plaintiffs' Liaison Counsel, Russ M. Herman, and his partners Leonard A. Davis and Stephen J. Herman, Plaintiffs' Lead Counsel, Arnold Levin, and his partner, Fred Longer, - Richard Serpe, Richard Lewis, Dan Bryson, Dawn Barrios, Gerald Meunier, Christopher Seeger, Ben Gordon, Bob Brown, Michael Ecuyer, Kelly Reddell and Jeff Grand.