UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED PRODUCTS LIABILITY LITIGATION | : : : | 2:09-MD-02047 |
| | : | SECTION: L |
| This Relates to Case: 2:09-cv-7626 | : | |
| Payton, et al v. Knauf Gips KG, et al | : : | JUDGE FALLON |
| | : | MAG. JUDGE WILKINSON |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# FIRST SUPPLEMENTAL ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIM OF SORRENTO LUMBER CO., INC.

NOW INTO COURT, through undersigned counsel, comes Defendant SORRENTO LUMBER CO., INC. ("Defendant" or "Sorrento Lumber"), which submits this First Supplemental Answer, Affirmative Defenses, and Cross-Claim, as follows:

I.

By asserting the following Affirmative Defenses, to be added after Paragraph 28 as follows:

29.

**FIRST DEFENSE**

Plaintiffs have failed to state a claim for which relief can be granted.

## SECOND DEFENSE

30.

Plaintiffs have no cause of action against Defendant based on principles of strict liability or express or implied warranty.

## THIRD DEFENSE

31.

Any damages alleged to have been sustained by Plaintiff was caused in whole or in part by the acts, or omissions or fault of persons other than this Defendant over whom this Defendant had and has no control, or by superseding intervening causes outside the control of this Defendant.

## FOURTH DEFENSE

32.

Any damages alleged to have been sustained by Plaintiff was caused in whole or in part by the acts, omissions or fault of persons other than Defendant over whom this Defendant had and has no control, and which persons were responsible for the design or manufacture of the drywall about which Plaintiff complains, as well as the selection of drywall for delivery of Plaintiff's property.

## FIFTH DEFENSE

33.

Defendant was an "innocent seller" who had no active negligence, and no actual or constructive knowledge of any defective condition of the drywall products about which

Plaintiff complains, being a mere conduit of any such products.

## SIXTH DEFENSE

34.

Recovery of some or all of the damages alleged to have been sustained by Plaintiff is barred by the economic loss doctrine or its common law statutory equivalent.

## SEVENTH DEFENSE

35.

The terms, provisions, and conditions of any and all contracts entered into between Defendant and any other parties, including but not limited to any warranty provisions, operate as a bar to all or part of Plaintiff's claim.

## EIGHTH DEFENSE

36.

Plaintiff's claims are barred, in whole or in part, by their absence of privity with Defendant and lack of understanding.

## NINTH DEFENSE

37.

Plaintiff has failed to reference an applicable statute, or that he is a part of the protected class of any applicable statute, sufficient to state a negligence *per se* cause of action.

## TENTH DEFENSE

38.

Plaintiff's Complaint fails to state a claim for class relief under Rule 23 of the Federal Rules of Civil Procedure; further, class relief should be denied under the governing procedural and substantive law.

## ELEVENTH DEFENSE

39.

Plaintiff lacks standing to bring representative actions under the consumer protection acts or the unfair trade practices laws or regulations of one or more of the states identified in the Complaint.

## TWELFTH DEFENSE

40.

Plaintiff failed to mitigate his damages.

## THIRTEENTH DEFENSE

41.

Plaintiff's claims are barred in whole or in part by the applicable statues of limitations, statutes of repose, prescriptive periods, or the doctrine of laches.

## FOURTEENTH DEFENSE

42.

To the extent that Plaintiff prays for punitive, exemplary, or otherwise enhanced damages, Defendant invokes its rights under the Due Process Cause of the Fifth Amendment

of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution, together with its rights under the Constitutions and law of the states, which states are set forth in the Complaint.

### FIFTEENTH DEFENSE

43.

Should Defendant be found to be guilty of any negligence, which is specifically denied, then Defendant plead Plaintiff's own contributory and/or comparative negligence as a bar to Plaintiff's recovery. More specifically, Plaintiff failed to properly inspect the premises in question, failed to exercise reasonable care after discovery of the alleged defective conditions, and acted or failed to act in such other ways as shall be determined at trial or through the discovery process.

### SIXTEENTH DEFENSE

44.

All activities undertaken by Defendant were completed in conformity with the industry standards and in conformance with the applicable standard of care, all of which is pled in bar of any recovery by Plaintiff against Defendant.

### SEVENTEENTH DEFENSE

45.

In the event Plaintiff has settled with any other parties for the damages and/or injuries set forth in the Complaint, Defendant is entitled to a credit equivalent to the settlement.

## EIGHTEENTH DEFENSE

46.

Defendant pleads lack of jurisdiction.

## NINETIETH DEFENSE

47.

Venue is improper in the Eastern District of Louisiana.

## TWENTIETH DEFENSE

48.

Defendant pleads lack of causation.

## TWENTY-FIRST DEFENSE

49.

Defendant denies that the drywall at issue is a "product" under governing law.

RESPECTFULLY SUBMITTED,


BY:   s/Christopher K. Jones
JOHN P. WOLFF, III, Bar #14504
NANCY B. GILBERT, Bar #23095
CHRISTOPHER K. JONES, Bar #28101
VIRGINIA M. MCLIN, Bar #31257
**KEOGH, COX & WILSON, LTD.**
701 Main Street
Post Office Box 1151
Baton Rouge, Louisiana  70821
Telephone:  (225) 383-3796
Facsimile: (225) 343-9612
jwolff@kcwlaw.com
ngilbert@kcwlaw.com
cjones@kcwlaw.com
jmclin@kcwlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel by operation of the court's electronic filing system. I also certify that, as of the date of this mailing, there are no manual recipients identified to receive this mailing.

Baton Rouge, Louisiana, this 24th day of May, 2010.

JOHN P. WOLFF, III
CHRISTOPHER K. JONES