### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED | * | MDL NO. 2:09-md-02047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | JUDGE FALLON |
| | * | |
| THIS DOCUMENT RELATES TO: | * | MAGISTRATE WILKINSON |
| | * | |
| SEAN AND BETH PAYTON, et al | * | |
| VS. | * | |
| KNAUF GIPS, et al | * | |
| CASE NO. 2:09-cv-7628 | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

### ANSWER AND DEFENSES OF JOHN KORN BUILDERS, LLC

**NOW INTO COURT** comes Defendant, John Korn Builders, LLC, by and through its attorneys at Galloway, Johnson, Tompkins, Burr & Smith, and files its Answer and Defenses to Plaintiffs' Omnibus Class Action Complaint (I) (hereinafter "Complaint") as follows:

### FIRST DEFENSE

John Korn Builders affirmatively states the Plaintiffs have failed to state a claim against John Korn Builders upon which relief may be granted, and therefore, the Complaint should be dismissed against John Korn Builders pursuant to Rule 12(b)(6); additionally, John Korn Builders reserves its right to plead any affirmative defense hereinafter discovered under Rule 8 and/or Rule 12 of the Federal Rules of Civil Procedure.

### SECOND DEFENSE

John Korn Builders affirmatively states that Plaintiffs have failed to mitigate their alleged damages, if any.

**THIRD DEFENSE**

John Korn Builders specifically avers that Plaintiffs contributed and/or caused their own damages, if any, and as such, Plaintiffs' damages should be barred or reduced in relation thereto.

**FOURTH DEFENSE**

John Korn Builders specifically avers that Plaintiffs' damages, if any, were proximately caused by independent, intervening, or superseding causes for which John Korn Builders is not liable.

**FIFTH DEFENSE**

John Korn Builders specifically avers it complied with all applicable statutes, rules, codes, regulations, and duties of care at all time relevant to this action.

**SIXTH DEFENSE**

John Korn Builders entered into contracts with only two Plaintiffs: 1) Marshall Eleuterius and 2) Greg Eleuterius. Therefore, any claims made by any other Plaintiffs should be stricken as those Plaintiffs have failed to state any claim against John Korn Builders upon which relief may be granted.

**SEVENTH DEFENSE**

John Korn Builders specifically avers that it is not liable, legally or contractually, for Plaintiffs' damages, if any damages exist. Specifically, Marshall Eleuterius and Greg Eleuterius independently purchased drywall for placement in their homes: John Korn Builders did not select, recommend, purchase or supply any defective drywall for any person or entity.

**EIGHTH DEFENSE**

John Korn Builders specifically denies that it breached any standard of care. Furthermore, to the extent John Korn Builders owed any Plaintiff any duties, John Korn Builders specifically

2

avers that any such duties were not breached.

## NINETH DEFENSE

John Korn Builders affirmatively states that none of its actions or inactions is the proximate cause of any of the Plaintiffs' damages, if any damages exist.

## TENTH DEFENSE

John Korn Builders affirmatively states that it did not breach any warranty to any Plaintiff, and, specifically, it did not breach any warranty given to Marshall Eleuterius and/or Gregory Eleuterius and/or their families. Specifically, John Korn Builders did not warrant that the drywall purchased independently by Marshall Eleuterius and Gregory Eleuterius was free from defects or fit for its intended use/purpose.

## ELEVENTH DEFENSE

John Korn Builders affirmatively states that it did not build any homes in Florida, Louisiana, Alabama, North Carolina, Virginia, or Texas, and therefore, any allegations brought under the laws of those states should be stricken.

## TWELFTH DEFENSE

John Korn Builders affirmatively states that it is not liable to Plaintiffs for any punitive or exemplary damages.

## THIRTEENTH DEFENSE

John Korn Builders affirmatively states Plaintiffs' claim for punitive damages violates John Korn Builders' rights under the United States Constitution because:

(1) The standard for an award of punitive damages is vague and indefinite in that it does not give this Defendant fair notice of the kind of conduct that was subjected to punishment or the severity of the penalty that the state may impose;

3

(2)     The jury does not provide standards of sufficient clarity, objectivity and uniformity for determining either the appropriateness or the amount of a punitive damage award;

(3)     The jury is not instructed on the limits of punitive damage awards by the applicable principles of punishment and deterrents;

(4)     An award of punitive damages is not subject to judicial review on the basis of objective and uniform standards;

(5)     Plaintiffs' claims exceed legitimate interests of the State of Mississippi and punishing conduct in deterring repetition of conduct;

(6)     Plaintiffs' claims are grossly excessive in comparison to any civil or criminal penalty that would be imposed for comparable conduct;

(7)     There is no basis to infer that a lesser deterrent would not fully and adequately protect the interest of Mississippi citizens; and

(8)     Plaintiffs' claims would impose an undue burden on interstate commerce.

### FOURTEENTH DEFENSE – ANSWER

**AND NOW**, in response to the specific allegations of Plaintiffs' Complaint, John Korn Builders pleads as follows:

### JURISDICTION, PARTIES, AND VENUE

1.     The allegations contained in Paragraph 1 of the Complaint are denied for lack of sufficient information to justify a belief therein.

2.     The allegations contained in Paragraph 2 of the Complaint are denied for lack of sufficient information to justify a belief therein.

3.     The allegations contained in Paragraph 3 of the Complaint are denied for lack of

sufficient information to justify a belief therein.

## PLAINTIFFS

4-51. The allegations contained in Paragraphs 4 through 51 of the Complaint do not require a response from this Defendant; however, to the extent a response is necessary, they are denied for lack of sufficient information to justify a belief therein.

52. Upon information and belief, Marshall and Tasha Eleuterius are residents of Mississippi and together own real property located at 6405 Seawinds Boulevard, Biloxi, Mississippi 39532. Any remaining allegations in Paragraph 52 of the Complaint are denied for lack of sufficient information to justify a belief therein.

53-1463. The allegations contained in Paragraphs 53 through 1463 of the Complaint do not require a response from this Defendant; however, to the extent a response is necessary, they are denied for lack of sufficient information to justify a belief therein.

1464. Upon information and belief, Gregory and Elizabeth Eleuterius are residents of Mississippi and together own real property located at 6401 Seawinds Blvd., Biloxi, Mississippi 39532. Any remaining allegations in Paragraph 1464 of the Complaint are denied for lack of sufficient information to justify a belief therein.

1465-2072. The allegations contained in Paragraphs 1465 through 2072 of the Complaint do not require a response from this Defendant; however, to the extent a response is necessary, they are denied for lack of sufficient information to justify a belief therein.

## DEFENDANTS

2073. The allegations contained in Paragraph 2073 of the Complaint do not require a response from this Defendant; however, to the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

### The Manufacturing Defendants

2074-2079. The allegations contained in Paragraphs 2074-2079 of the Complaint do not require a response from this Defendant; however, to the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

### The Distributor and Supplier Defendants

2080-2123. The allegations contained in Paragraphs 2080-2123 of the Complaint do not require a response from this Defendant; however, to the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

### The Importer/Exporter/Broker Defendants

2124-2128. The allegations contained in Paragraphs 2124-2128 of the Complaint do not require a response from this Defendant; however, to the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

### The Developer/Builder Subclasses

2129-2300. The allegations contained in Paragraphs 2129-2300 of the Complaint do not require a response from this Defendant; however, to the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

2301. John Korn Builders, LLC admits it is a Mississippi Limited Liability Company organized under the laws of the State of Mississippi with its principal place of business in Biloxi, Mississippi; all other allegations contained in Paragraph 2301 of the Complaint are denied.

2302-2516. The allegations contained in Paragraphs 2302-2515 of the Complaint do not require a response from this Defendant; however, to the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

### The Contractor/Installer Subclasses

2517-2609. The allegations contained in Paragraphs 2517-2609 of the Complaint do not require a response from this Defendant; however, to the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

### FACTS REGARDING PRODUCT DEFECT

2610. The allegations contained in Paragraph 2610 are denied.

2611. The allegations contained in Paragraph 2611 are denied.

2612. The allegations contained in Paragraph 2612 are denied.

2613. The allegations contained in Paragraph 2613 are denied.

2614. The allegations contained in Paragraph 2614 are denied.

2615. The allegations contained in Paragraph 2615 are denied.

2616. The allegations contained in Paragraph 2616 are denied.

2617. The allegations contained in Paragraph 2617 are denied.

2618. The allegations contained in Paragraph 2618 are denied.

2619. The allegations contained in Paragraph 2619 are denied.

2620. The allegations contained in Paragraph 2620 are denied.

### CLASS ACTION ALLEGATIONS

2621. The allegations contained in Paragraph 2621 of the Complaint do not require a response from this Defendant; however, to the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

### The Distributor/Supplier Subclasses (Subclasses 1-43)

2622. The allegations contained in Paragraph 2622 of the Complaint do not require a response from this Defendant; however, to the extent a response is required, the allegations are

denied for lack of sufficient information to justify a belief therein.

2623. The allegations contained in Paragraph 2623 of the Complaint do not require a response from this Defendant; however, to the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

### The Importer/Exporter/Broker Subclasses (Subclasses 44-48)

2624. The allegations contained in Paragraph 2624 of the Complaint do not require a response from this Defendant; however, to the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

2625. The allegations contained in Paragraph 2625 of the Complaint do not require a response from this Defendant; however, to the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

### The Builder/Developer Subclasses (Subclasses 49-436)

2626. The allegations contained in Paragraph 2626 of the Complaint do not require a response from this Defendant; however, to the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

2627. To the extent the allegations contained in Paragraph 2627 of the Complaint are directed at John Korn Builders, they are denied; all other allegations directed at other Defendants are denied for lack of sufficient information to justify a belief therein.

### The Contractor/Installer Subclasses (Subclasses 437-529)

2628. The allegations contained in Paragraph 2628 of the Complaint do not require a response from this Defendant; however, to the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

2629. The allegations contained in Paragraph 2629 of the Complaint do not require a

response from this Defendant; however, to the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

**General Class Allegations and Exclusions from the Class Definitions**

2630. The allegations contained in Paragraph 2630 of the Complaint do not require a response from this Defendant; however, to the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

2631. The allegations contained in Paragraph 2631 of the Complaint do not require a response from this Defendant; however, to the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

2632. The allegations contained in Paragraph 2632 of the Complaint, including subparts a through d, do not require a response from this Defendant; however, to the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

2633. The allegations contained in Paragraph 2633 of the Complaint do not require a response from this Defendant; however, to the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

2634. The allegations contained in Paragraph 2634 of the Complaint do not require a response from this Defendant; however, to the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

2635. The allegations contained in Paragraph 2635 of the Complaint do not require a response from this Defendant; however, to the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

2636. The allegations contained in Paragraph 2636 of the Complaint do not require a response from this Defendant; however, to the extent a response is required, the allegations are

denied for lack of sufficient information to justify a belief therein.

2637. The allegations contained in Paragraph 2637 of the Complaint do not require a response from this Defendant; however, to the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

2638. The allegations contained in Paragraph 2638 of the Complaint do not require a response from this Defendant; however, to the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

2639. The allegations contained in Paragraph 2639 of the Complaint do not require a response from this Defendant; however, to the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

## COUNT I—NEGLIGENCE

### (Against All Defendants)

2640. John Korn Builders adopts and restates the preceding answers and defenses as if fully set forth herein.

2641. The allegations contained in Paragraph 2641 of the Complaint are denied.

2642. The allegations contained in Paragraph 2642 of the Complaint are denied.

2643. The allegations contained in Paragraph 2643 of the Complaint are denied.

2644. The allegations contained in Paragraph 2644 of the Complaint are denied.

2645. The allegations contained in Paragraph 2645 of the Complaint are denied.

2646. The allegations contained in Paragraph 2646 of the Complaint are denied.

2647. The allegations contained in Paragraph 2647 of the Complaint are denied.

## COUNT II—NEGLIGENCE PER SE

### (Against All Defendants)

2648. John Korn Builders adopts and restates the preceding answers and defenses as if fully set forth herein.

2649. The allegations contained in Paragraph 2649 of the Complaint are denied.

2650. The allegations contained in Paragraph 2650 of the Complaint are denied.

2651. The allegations contained in Paragraph 2651 of the Complaint are denied.

2652. The allegations contained in Paragraph 2652 of the Complaint are denied.

2653. The allegations contained in Paragraph 2653 of the Complaint are denied.

2654. The allegations contained in Paragraph 2654 of the Complaint are denied.

## COUNT II—STRICT LIABILITY

### (All Defendants)

2655. John Korn Builders adopts and restates the preceding answers and defenses as if fully set forth herein.

2656. The allegations contained in Paragraph 2656 of the Complaint are denied.

2657. The allegations contained in Paragraph 2657 of the Complaint are denied.

2658. The allegations contained in Paragraph 2658 of the Complaint are denied.

2659. The allegations contained in Paragraph 2659 of the Complaint are denied.

2660. The allegations contained in Paragraph 2660 of the Complaint are denied.

2661. The allegations contained in Paragraph 2661 of the Complaint are denied.

2662. The allegations contained in Paragraph 2662 of the Complaint are denied for lack of sufficient information to justify a belief therein.

2663. The allegations contained in Paragraph 2663 of the Complaint are denied.

2664. The allegations contained in Paragraph 2664 of the Complaint are denied for lack of sufficient information to justify a belief therein.

2665. The allegations contained in Paragraph 2665 of the Complaint are denied for lack of sufficient information to justify a belief therein.

2666. The allegations contained in Paragraph 2666 of the Complaint are denied for lack of sufficient information to justify a belief therein.

2667. The allegations contained in Paragraph 2667 of the Complaint are denied.

2668. The allegations contained in Paragraph 2668 of the Complaint are denied.

2669. The allegations contained in Paragraph 2669 of the Complaint are denied.

2670. The allegations contained in Paragraph 2670 of the Complaint are denied.

2671. The allegations contained in Paragraph 2671 of the Complaint are denied.

2672. The allegations contained in Paragraph 2672 of the Complaint are denied.

## COUNT IV—BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES

### (All Defendants)

2673. John Korn Builders adopts and restates the preceding answers and defenses as if fully set forth herein.

2674. The allegations contained in Paragraph 2674 of the Complaint are denied.

2675. The allegations contained in Paragraph 2675 of the Complaint are denied.

2676. The allegations contained in Paragraph 2676 of the Complaint are denied.

2677. The allegations contained in Paragraph 2677 of the Complaint are denied.

2678. The allegations contained in Paragraph 2678 of the Complaint are denied.

2679. The allegations contained in Paragraph 2679 of the Complaint are denied.

2680. The allegations contained in Paragraph 2680 of the Complaint are denied.

## COUNT V—BREACH OF THE IMPLIED WARRANTY OF FITNESS AND MERCHANTABILITY PURSUANT TO FLORIDA STATUTES SECTION 718.203

### (On Behalf of Plaintiffs Who Own Condominiums in the State of Florida)

**(Against Builders Only)**

2681. John Korn Builders adopts and restates the preceding answers and defenses as if fully set forth herein.

2682-2692. The allegations contained in Paragraphs 2682-2692 of the Complaint, including any subparts, do not require a response from this Defendant; however, to the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

## COUNT VI—BREACH OF THE IMPLIED WARRANTY OF HABITABILITY

**(Against Builders Only)**

2693. John Korn Builders adopts and restates the preceding answers and defenses as if fully set forth herein.

2694. John Korn Builders admits it entered into contracts with Marshall Eleuterius and Gregory Eleuterius, and those contracts are the best evidence of their contents. All other allegations contained in Paragraph 2694 of the Complaint are denied for lack of sufficient information to justify a belief therein.

2695. The allegations contained in Paragraph 2695 of the Complaint are denied.

2696. The allegations contained in Paragraph 2696 of the Complaint are denied.

2697. The allegations contained in Paragraph 2697 of the Complaint are denied.

2698. The allegations contained in Paragraph 2698 of the Complaint are denied.

2699. The allegations contained in Paragraph 2699 of the Complaint are denied.

## COUNT VII—BREACH OF CONTRACT

**(Against Builders Only)**

2700. John Korn Builders adopts and restates the preceding answers and defenses as if

fully set forth herein.

2701. The allegations contained in Paragraph 2701 of the Complaint are denied.

2702. The allegations contained in Paragraph 2702 of the Complaint are denied.

2703. The allegations contained in Paragraph 2703 of the Complaint are denied.

**COUNT VIII—VIOLATION OF THE LOUISIANA NEW HOME WARRANTY ACT**

**(Against Louisiana Builders Only)**

2704. John Korn Builders adopts and restates the preceding answers and defenses as if fully set forth herein.

2705-2710. The allegations contained in Paragraphs 2705-2710 of the Complaint do not require a response from this Defendant; however, to the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

**COUNT IX—REDHIBITION**

**(By Louisiana Plaintiffs Against All Defendants)**

2711. John Korn Builders adopts and restates the preceding answers and defenses as if fully set forth herein.

2712. The allegations contained in Paragraph 2712 of the Complaint are denied.

2713. The allegations contained in Paragraph 2713 of the Complaint are denied.

2714. The allegations contained in Paragraph 2714 of the Complaint are denied.

2715. The allegations contained in Paragraph 2715 of the Complaint are denied.

2716. The allegations contained in Paragraph 2716 of the Complaint do not require a response from this Defendant; however, to the extent a response is necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

2717. The allegations contained in Paragraph 2717 of the Complaint are denied.

2718. The allegations contained in Paragraph 2718 of the Complaint are denied.

2719. The allegations contained in Paragraph 2719 of the Complaint are denied.

2720. The allegations contained in Paragraph 2720 of the Complaint are denied.

## COUNT X—LOUISIANA PRODUCTS LIABILTY ACT

### (Manufacturing Defendants)
### (Pleaded in the Alternative Against Distributor Defendants)

2721. John Korn Builders adopts and restates the preceding answers and defenses as if fully set forth herein.

2722-2734. The allegations contained in Paragraphs 2722-2734 of the Complaint do not require a response from this Defendant; however, to the extent a response is necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

## COUNT XI—PRIVATE NUISANCE

### (All Defendants)

2735. John Korn Builders adopts and restates the preceding answers and defenses as if fully set forth herein.

2736. The allegations contained in Paragraph 2736 of the Complaint are denied.

2737. The allegations contained in Paragraph 2737 of the Complaint are denied.

2738. The allegations contained in Paragraph 2738 of the Complaint are denied.

2739. The allegations contained in Paragraph 2739 of the Complaint are denied.

2740. The allegations contained in Paragraph 2740 of the Complaint are denied.

2741. The allegations contained in Paragraph 2741 of the Complaint are denied.

## COUNT XII—NEGLIGENT DISCHARGE OF A CORROSIVE SUBSTANCE

### (All Defendants)

2742. John Korn Builders adopts and restates the preceding answers and defenses as if

fully set forth herein.

2743. The allegations contained in Paragraph 2743 of the Complaint are denied.

2744. The allegations contained in Paragraph 2744 of the Complaint are denied.

2745. The allegations contained in Paragraph 2745 of the Complaint are denied.

2746. The allegations contained in Paragraph 2746 of the Complaint are denied.

2747. The allegations contained in Paragraph 2747 of the Complaint are denied.

2748. The allegations contained in Paragraph 2748 of the Complaint are denied.

### COUNT XIII—UNJUST ENRICHMENT

### (All Defendants)

2749. John Korn Builders adopts and restates the preceding answers and defenses as if fully set forth herein.

2750. The allegations contained in Paragraph 2750 of the Complaint are denied.

2751. The allegations contained in Paragraph 2751 of the Complaint are denied.

2752. The allegations contained in Paragraph 2752 of the Complaint are denied.

### COUNT XIV—VIOLATION OF CONSUMER PROTECTION ACTS

### (All Defendants)

2753. John Korn Builders adopts and restates the preceding answers and defenses as if fully set forth herein.

2754. The allegations contained in Paragraph 2754 of the Complaint do not require a response from this Defendant; however, to the extent a response is necessary, the allegations are denied.

2755. The allegations contained in Paragraph 2755 of the Complaint are denied.

2756. The allegations contained in Paragraph 2756 of the Complaint are denied.

2757. The allegations contained in Paragraph 2757 of the Complaint are denied.

## COUNT XV—EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING

### (All Defendants)

2758. John Korn Builders adopts and restates the preceding answers and defenses as if fully set forth herein.

2759. The allegations contained in Paragraph 2759 of the Complaint are denied .

2760. The allegations contained in Paragraph 2760 of the Complaint are denied.

2761. The allegations contained in Paragraph 2761 of the Complaint do not require a response from this Defendant; however, to the extent a response is necessary, the allegations are denied.

2762. The allegations contained in Paragraph 2762 of the Complaint are denied.

2763. The allegations contained in Paragraph 2763 of the Complaint are denied.

2764. The allegations contained in Paragraph 2764 of the Complaint are denied.

2765. The allegations contained in Paragraph 2765 of the Complaint are denied.

2766. The allegations contained in Paragraph 2766 of the Complaint are denied for lack of sufficient information to justify a belief therein.

2767. The allegations contained in Paragraph 2767 of the Complaint are denied for lack of sufficient information to justify a belief therein.

2768. The allegations contained in Paragraph 2768 of the Complaint are denied.

2769. The allegations contained in Paragraph 2769 of the Complaint are denied for lack of sufficient information to justify a belief therein.

2770. The allegations contained in Paragraph 2770 of the Complaint are denied for lack of sufficient information to justify a belief therein.

## DEMAND FOR JURY TRIAL

To the extent Plaintiffs' first unnumbered paragraph on page 557 of the Complaint contains allegations against this Defendant, they are denied.

## PRAYER FOR RELIEF

The allegations contained in Plaintiffs' second unnumbered paragraph on page 557 of the Complaint, including subparts a through k are denied, and this Defendant demands strict proof thereof.

2771.  Defendant John Korn Builders, LLC demands a jury trial on all issues against it made by Plaintiffs.

**WHEREFORE,** Defendant, John Korn Builders, LLC, prays its Answer with Defenses be deemed good and sufficient and, after a jury trial had, the Complaint filed on behalf of the Plaintiffs be dismissed, with prejudice, and for all further general and equitable relief, to which this Defendant is entitled and which this Honorable Court is competent to grant.

        Respectfully submitted,

        GALLOWAY, JOHNSON, TOMPKINS,
          BURR & SMITH

    By:  _/s/ KEVIN L. COLE_
        KEVIN L. COLE, LA Bar No. 04248

**KEVIN L. COLE, LA Bar No. 04248**
Email: kcole@gjtbs.com
GALLOWAY, JOHNSON, TOMPKINS,
  BURR & SMITH
#3 Sanctuary Boulevard – Suite 301
Mandeville, Louisiana  70471
Phone:  (985) 674-6680
Facsimile: (985) 674-6681
*Attorneys for John Korn Builders, LLC*

-and-

**LARRY CANADA, LA Bar No. 17894**
Email:  lcanada@gjtbs.com
**KATHRYN BREARD PLATT, LA  Bar No. 29776**
Email:  kplatt@gjtbs.com
GALLOWAY, JOHNSON, TOMPKINS,
  BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana  70139
Phone: (504) 525-6802
Facsimile:  (504) 525-2456
*Attorneys for John Korn Builders, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify the above and foregoing *Answer and Defenses of John Korn Builders, LLC* has been served on Plaintiffs' Liaison Counsel, Russ Herman, Herman, Herman, Katz & Cotlar, LLP, 820 O'Keefe Avenue, Suite 100,  New Orleans, Louisiana 70113, rherman@hhkc.com, and Defendants' Liaison Counsel, Kerry Miller, Frilot, L.L.C., Suite 3700, 1100 Poydras Street, New Orleans, Louisiana 70163, kmiller@frilot.com, by U.S. Mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing in accordance with procedures established in MDL 2047, on this 25th day of May, 2010.

                                          /s/       KEVIN L. COLE
                                         KEVIN L. COLE, LA Bar No. 04248