IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * | MDL NO. 2:09-MD-02047 |
| | | JUDGE FALLON |
| This document relates to: AMY LOUISE AMERSON, et al. v. KNAUF GIPS KG, et al. CASE NO. 2:09-cv-04275-EEF-JCW | * * * * * * | MAGISTRATE JUDGE WILKINSON |
| * * * * * * * * * * * * * * * * * * * * * * * | * | |

**ANSWER, AFFIRMATIVE DEFENSES, CROSS-CLAIM, and**
**THIRD PARTY DEMAND OF INTERIOR/EXTERIOR BUILDING SUPPLY, L.P.**

Interior/Exterior Building Supply, L.P. ("Interior/Exterior"), files this Answer, Affirmative Defenses, and Cross-Claim in response to Plaintiffs' Class Action Complaint ("Plaintiff's Complaint") and says:

1.      The unnumbered paragraph requires no response from this defendant.

2.      The allegations of Paragraph 1 are denied for lack of sufficient information to justify a reasonable belief therein.

3.      The allegations of Paragraph 2 are denied for lack of sufficient information to justify a reasonable belief therein.

4.      The allegations of Paragraph 3 require no response from this defendant.

5.     The allegations of Paragraph 4 are admitted.

6.     The allegations of Paragraph 5 require no response from this defendant.

7.     The allegations of Paragraph 6 require no response from this defendant.

8.     The allegations of Paragraph 7 require no response from this defendant.

9.     The allegations of Paragraph 8 are denied for lack of sufficient information to justify a reasonable belief therein.

10.    The allegations of Paragraph 9 are denied for lack of sufficient information to justify a reasonable belief therein.

11     The allegations of Paragraph 10 are denied for lack of sufficient information to justify a reasonable belief therein.

12.    The allegations of Paragraph 11 require no response from this defendant.

13.    The allegations of Paragraph 12 require no response from this defendant.

14.    The allegations of Paragraph 13 require no response from this defendant.

15.    The allegations of Paragraph 13a are admitted.

16.    The allegations of Paragraph 14 require no response from this defendant.

17.    The allegations of Paragraph 15 require no response from this defendant.

18.    The allegations of Paragraph 16 require no response from this defendant.

19.    The allegations of Paragraph 17 are denied for lack of sufficient information to justify a reasonable belief therein.

20.    The allegations of Paragraph 18 are denied for lack of sufficient information to justify a reasonable belief therein.

21.    The allegations of Paragraph 19 are denied.

22.     The allegations of Paragraph 20 are denied for lack of sufficient information to justify a reasonable belief therein.

23.     The allegations of Paragraph 21 are denied for lack of sufficient information to justify a reasonable belief therein.

24.     The allegations of Paragraph 22 are denied for lack of sufficient information to justify a reasonable belief therein.

25.     The allegations of Paragraph 23 are denied for lack of sufficient information to justify a reasonable belief therein.

26.     The allegations of Paragraph 24 are denied for lack of sufficient information to justify a reasonable belief therein.

27.     The allegations of Paragraph 25 are denied for lack of sufficient information to justify a reasonable belief therein.

28.     The allegations of Paragraph 26 are denied for lack of sufficient information to justify a reasonable belief therein.

29.     The allegations of Paragraph 27 are denied for lack of sufficient information to justify a reasonable belief therein.

30.     The allegations of Paragraph 28 are denied for lack of sufficient information to justify a reasonable belief therein.

31.     The allegations of Paragraph 29 are denied for lack of sufficient information to justify a reasonable belief therein.

32.     The allegations of Paragraph 30 are denied for lack of sufficient information to justify a reasonable belief therein.

33.     The allegations of Paragraph 31 are denied for lack of sufficient information to justify a reasonable belief therein.

34.     The allegations of Paragraph 32 require no response from this defendant.

35.     The allegations of Paragraph 33 require no response from this defendant.

36.     The allegations of Paragraph 34 require no response from this defendant.

37.     The allegations of Paragraph 35 require no response from this defendant.

38.     The allegations of Paragraph 36 require no response from this defendant.

39.     The allegations of Paragraph 37 require no response from this defendant.

40.     The allegations of Paragraph 38 require no response from this defendant.

41.     The allegations of Paragraph 39 require no response from this defendant.

42.     The allegations of Paragraph 40 require no response from this defendant.

43.     The allegations of Paragraph 41 require no response from this defendant.

44.     The allegations of Paragraph 42 require no response from this defendant.

45.     The allegations of Paragraph 43 require no response from this defendant.

46.     The allegations of Paragraph 44 are denied for lack of sufficient information to justify a reasonable belief therein.

47.     The allegations of Paragraph 45 are denied for lack of sufficient information to justify a reasonable belief therein.

48.     The allegations of Paragraph 46 are denied for lack of sufficient information to justify a reasonable belief therein.

49.     The allegations of Paragraph 47 are denied for lack of sufficient information to justify a reasonable belief therein.

50.     The allegations of Paragraph 48 are denied for lack of sufficient information to justify a reasonable belief therein.

51.     The allegations of Paragraph 49 are denied for lack of sufficient information to justify a reasonable belief therein.

52.     The allegations of Paragraph 50 are denied for lack of sufficient information to justify a reasonable belief therein.

53.     The allegations of Paragraph 51 are denied for lack of sufficient information to justify a reasonable belief therein.

54.     The allegations of Paragraph 52 are denied for lack of sufficient information to justify a reasonable belief therein.

55.     The allegations of Paragraph 53 require no response from this defendant.

56.     The allegations of Paragraph 54 require no response from this defendant.

57.     The allegations of Paragraph 55 require no response from this defendant.

58.     The allegations of Paragraph 56 are denied for lack of sufficient information to justify a reasonable belief therein.

59.     The allegations of Paragraph 57 are denied for lack of sufficient information to justify a reasonable belief therein.

60.     The allegations of Paragraph 58 are denied for lack of sufficient information to justify a reasonable belief therein.

61.     The allegations of Paragraph 59 require no response from this defendant.

62.     The allegations of Paragraph 60 are denied for lack of sufficient information to justify a reasonable belief therein.

63.     The allegations of Paragraph 61 require no response from this defendant.

64.     The allegations of Paragraph 62 are denied for lack of sufficient information to justify a reasonable belief therein.

65.     The allegations of Paragraph 63 are denied for lack of sufficient information to justify a reasonable belief therein.

66.     The allegations of Paragraph 64 are denied for lack of sufficient information to justify a reasonable belief therein.

67.     The allegations of Paragraph 65 are denied for lack of sufficient information to justify a reasonable belief therein.

68.     The allegations of Paragraph 66 are denied for lack of sufficient information to justify a reasonable belief therein.

69.     The allegations of Paragraph 67 are denied for lack of sufficient information to justify a reasonable belief therein.

70.     The allegations of Paragraph 68 are denied for lack of sufficient information to justify a reasonable belief therein.

71.     The allegations of Paragraph 69 are denied for lack of sufficient information to justify a reasonable belief therein.

72.     The allegations of Paragraph 70 are denied for lack of sufficient information to justify a reasonable belief therein.

73.     The allegations of Paragraph 71 require no response from this defendant.

74.     The allegations of Paragraph 72 require no response from this defendant.

75.     The allegations of Paragraph 73 require no response from this defendant.

76.     The allegations of Paragraph 74 require no response from this defendant.

77.     The allegations of Paragraph 75 are denied for lack of sufficient information to justify a reasonable belief therein.

78.     The allegations of Paragraph 76 are denied for lack of sufficient information to justify a reasonable belief therein.

79.     The allegations of Paragraph 77 are denied for lack of sufficient information to justify a reasonable belief therein.

80.     The allegations of Paragraph 78 are denied for lack of sufficient information to justify a reasonable belief therein.

81.     The allegations of Paragraph 79 are denied for lack of sufficient information to justify a reasonable belief therein.

82.     The allegations of Paragraph 80 are denied for lack of sufficient information to justify a reasonable belief therein.

83.     The allegations of Paragraph 81 are denied for lack of sufficient information to justify a reasonable belief therein.

84.     The allegations of Paragraph 82 are denied for lack of sufficient information to justify a reasonable belief therein.

85.     The allegations of Paragraph 83 require no response from this defendant.

86.     The allegations of Paragraph 84 require no response from this defendant.

87.     The allegations of Paragraph 85 require no response from this defendant.

88.     The allegations of Paragraph 86 are denied for lack of sufficient information to justify a reasonable belief therein.

89.     The allegations of Paragraph 87 require no response from this defendant.

90.     The allegations of Paragraph 88 require no response from this defendant.

91.     The allegations of Paragraph 89 require no response from this defendant.

92.     The allegations of Paragraph 90 are denied for lack of sufficient information to justify a reasonable belief therein.

93.     The allegations of Paragraph 91 require no response from this defendant.

94.     The allegations of Paragraph 92 are denied for lack of sufficient information to justify a reasonable belief therein.

95.     The allegations of Paragraph 93 are denied for lack of sufficient information to justify a reasonable belief therein.

96.     The allegations of Paragraph 94 are denied for lack of sufficient information to justify a reasonable belief therein.

97.     The allegations of Paragraph 95 are denied for lack of sufficient information to justify a reasonable belief therein.

98.     The allegations of Paragraph 96 are denied for lack of sufficient information to justify a reasonable belief therein.

99.     The allegations of Paragraph 97 are denied for lack of sufficient information to justify a reasonable belief therein.

100.    The allegations of Paragraph 98 are denied for lack of sufficient information to justify a reasonable belief therein.

101.    The allegations of Paragraph 99 are denied for lack of sufficient information to justify a reasonable belief therein.

102.    The allegations of Paragraph 100 are denied for lack of sufficient information to justify a reasonable belief therein.

103.    The allegations of Paragraphs 101 - 111 contain allegations regarding other defendants and as a result, they are denied for lack of sufficient information to justify a reasonable belief therein.

104.    The allegations of Paragraphs 112 - 124 contain allegations regarding other defendants and as a result, they are denied for lack of sufficient information to justify a reasonable belief therein.

105.    The allegations of Paragraphs 125 - 132 contain allegations regarding other defendants and as a result, they are denied for lack of sufficient information to justify a reasonable belief therein.

106.    The allegations of Paragraphs 133 - 140 contain allegations regarding other defendants and as a result, they are denied for lack of sufficient information to justify a reasonable belief therein.

107.    The allegations of Paragraphs 141 – 150 contain allegations regarding other defendants and as a result, they are denied for lack of sufficient information to justify a reasonable belief therein.

108.    The allegations of Paragraphs 151 – 162 contain allegations regarding other defendants and as a result, they are denied for lack of sufficient information to justify a reasonable belief therein.

109.    The allegations of Paragraphs 163 – 170 contain allegations regarding other defendants and as a result, they are denied for lack of sufficient information to justify a reasonable belief therein.

110.    The allegations of Paragraphs 171 – 178 contain allegations regarding other defendants and as a result, they are denied for lack of sufficient information to justify a reasonable belief therein.

111.    The allegations of Paragraphs 179 – 187 contain allegations regarding other defendants and as a result, they are denied for lack of sufficient information to justify a reasonable belief therein.

112.    The allegations of Paragraphs 188 – 199 contain allegations regarding other defendants and as a result, they are denied for lack of sufficient information to justify a reasonable belief therein.

113.    The allegations of Paragraphs 200 – 211 contain allegations regarding other defendants and as a result, they are denied for lack of sufficient information to justify a reasonable belief therein.

114.    The allegations of Paragraphs 212 – 231 contain allegations regarding other defendants and as a result, they are denied for lack of sufficient information to justify a reasonable belief therein.

115.    The allegations of Paragraph 232 require no response from this defendant.

116.    The allegations of Paragraph 233 require no response from this defendant.

117.    Interior/Exterior admits the allegations of Paragraph 234 in that, among other products, it does sell gypsum drywall.

118.    The allegations of Paragraph 235 are denied for lack of sufficient information to justify a reasonable belief therein.

119.    The allegations of Paragraph 236 are denied for lack of sufficient information to justify a reasonable belief therein.

120.     The allegations of Paragraph 237 are denied.

121.     The allegations of Paragraph 238 are denied for lack of sufficient information to justify a reasonable belief therein.

122.     The allegations of Paragraph 239 are denied for lack of sufficient information to justify a reasonable belief therein.

123.     The allegations of Paragraph 240 are denied for lack of sufficient information to justify a reasonable belief therein.

124.     The allegations of Paragraph 241 are denied for lack of sufficient information to justify a reasonable belief therein.

125.     The allegations of Paragraph 242 are denied.

126.     The allegations of Paragraph 243 are denied for lack of sufficient information to justify a reasonable belief therein.

127.     The allegations of Paragraph 244 require no response from this defendant.

128.     The allegations of Paragraph 245 are denied for lack of sufficient information to justify a reasonable belief therein.

129.     The allegations of Paragraph 246 are denied for lack of sufficient information to justify a reasonable belief therein.

130.     The allegations of Paragraph 247 are denied for lack of sufficient information to justify a reasonable belief therein.

131.     The allegations of Paragraph 248 are denied for lack of sufficient information to justify a reasonable belief therein.

132.     The allegations of Paragraph 249 are denied for lack of sufficient information to justify a reasonable belief therein.

133.    The allegations of Paragraph 250 are denied for lack of sufficient information to justify a reasonable belief therein.

134.    The allegations of Paragraph 251 are denied for lack of sufficient information to justify a reasonable belief therein.

145.    The allegations of the Paragraph beginning with the word "Wherefore" are denied for lack of sufficient information to justify a reasonable belief therein.

### FIRST DEFENSE

146.    Plaintiffs have failed to state a claim for which relief can be granted.

### SECOND DEFENSE

147.    Any damages alleged to have been sustained by Plaintiffs were caused in whole or in part by the acts or omissions of entities other than this defendant over whom this defendant had and has no control, or by superseding intervening causes outside the control of this defendant.   These entities include, but are not limited to, all manufacturers from whom Interior/Exterior purchased Chinese drywall.

### THIRD DEFENSE

148.    Recovery of some or all of the damages alleged to have been sustained by Plaintiffs is barred by the economic loss doctrine.

### FOURTH DEFENSE

149.    The terms, provisions and conditions of any and all contracts entered into between Interior/Exterior and any other parties, including but not limited to any warranty provisions, operate as a bar to all or part of Plaintiffs' claims.

## FIFTH DEFENSE

150.    Plaintiffs' claims are barred, in whole or in part, by their absence of privity with Interior/Exterior and lack of standing.

## SIXTH DEFENSE

151.    Plaintiffs have failed to mitigate their damages.

## SEVENTH DEFENSE

152.    Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations, statute of repose, prescriptive period, or the doctrine of laches.

## EIGHTH DEFENSE

153.    To the extent that Plaintiffs pray for punitive, exemplary, or otherwise enhanced damages, Interior/Exterior invokes its right under the due process clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution.

## NINTH DEFENSE

154.    Interior/Exterior incorporates herein by reference each and every affirmative defense pleaded by similarly-situated distributor defendants.

## TENTH DEFENSE

155.    Interior/Exterior neither knew nor should have known of any defect in the Chinese drywall.

## ELEVENTH DEFENSE

156.    Interior/Exterior is a good faith seller under the law of redhibition, and thus, any damages that may be assessed to Interior/Exterior are limited to those damages available against a good faith seller.

## CROSS-CLAIMS AGAINST KNAUF GIPS KG,
## AND KNAUF PLASTERBOARD (TIANJIN) CO., LTD.

157.    Interior/Exterior incorporates herein all of the foregoing responses that are relevant to this cross-claim.

158.    Interior/Exterior asserts a claim against Knauf Gips KG, and Knauf Plasterboard (Tianjin) Co., Ltd., (collectively hereafter "Knauf") for breach of contract, breach of express warranty, breach of implied warranty, liability under the Louisiana Products Liability Act and under every other theory of recovery and applicable law which affords it relief.

159.    Interior/Exterior purchased a certain quantity of gypsum drywall manufactured by Knauf.

160.    Knauf expressly warranted that the gypsum drywall would be free of defects and fit for the ordinary purpose for which gypsum drywall is used.

161.    Without admitting any liability or damages to the Plaintiffs, if it is shown that the drywall manufactured and sold to Interior/Exterior by Knauf was defective and not fit for the ordinary purpose for which gypsum drywall is used, then Knauf is liable to Interior/Exterior for any amount that Interior/Exterior is cast in judgment on plaintiffs' claims, and for the damages that Interior/Exterior has sustained.

162.    As a direct and proximate result of Knauf's acts and omissions, Interior/Exterior has incurred damages that include: 1) loss of income; 2) defense costs and attorney's fees; 3) loss of reputation; and 4) other damages to be shown at trial.

### THIRD PARTY DEMAND

Defendant, Interior/Exterior Building Supply, L.P. and Interior/Exterior Enterprises, L.L.C. ("Interior/Exterior") asserts the following third party demand:

163.    Made Third Party Defendants are:

14

   **a. Knauf Insulation GMBH a/k/a Knauf USA ("Knauf USA")**, a corporation domiciled in the state of Indiana, and upon information and belief an agent of Knauf Gips KG, Knauf International GmbH, Knauf Plasterboard Tianjin Co., Ltd. and/or other entities which constitute the Knauf family of companies ("the Knauf Companies"). It can be served pursuant to the Louisiana Long Arm Statute. Its registered agent for service of process is Robert H. Claxton, One Knauf Drive, Shelbyville, IN 46176.

   **b. Knauf International GmbH,** a German Corporation, and upon information and belief the parent company and alter ego of Knauf Plasterboard Tianjin Co., Ltd. and Knauf USA, which is doing business in Louisiana.

   164.   Plaintiffs claim that Interior/Exterior sold defective drywall.  Upon information and belief, the drywall at issue was manufactured in China by Knauf Gips KG, Knauf International GmbH, Knauf Plasterboard Tianjin Co., Ltd., and/or other entities which constitute the Knauf family of companies ("the Knauf Companies" and/or "the Drywall Manufacturers").

   165.   If it is proven that the drywall sold by Interior/Exterior and purchased by plaintiffs is defective, then the entities responsible and liable for plaintiffs' damages are Knauf USA and the Knauf Companies.

   166.   From late-2005 to mid-2006, Interior/Exterior purchased drywall that was manufactured in China by the Knauf Companies. The availability and suitability of that drywall was promoted and marketed by Knauf USA, and the sales of that product were initiated, arranged, and facilitated by Knauf USA.

   167.   In late-2005, on information and belief, Knauf USA and the Knauf Companies recognized that there was a significant shortage of drywall in the United States.  That is, demand for the product following Hurricane Katrina and other such disasters far exceeded domestic supply.

Recognizing the opportunity to substantially increase their market share and sell a considerable amount of drywall to American companies, for use by American consumers, Knauf USA and the Knauf Companies set out on a campaign to sell their drywall products to American drywall suppliers, including Interior/Exterior.

168.    As part of that campaign, in late-2005 Knauf USA approached Interior/Exterior about the prospect of buying Knauf drywall.  In taking that action, Knauf USA was acting on its own behalf for its own benefit, and also as the agent and for the benefit of the Knauf Companies.

169.    Knauf USA informed Interior/Exterior that it was manufacturing drywall in China, which it could make available for purchase by Interior/Exterior. Additionally, Knauf USA provided Interior/Exterior with a rate sheet that set forth the prices for its various products including the allegedly defective Chinese drywall.  That rate sheet was transmitted from Knauf USA through Knauf USA's local sales representative to Interior/Exterior.

170.    Following Interior/Exterior's initial purchases of Knauf product, Knauf USA continued to act as an agent for and representative of the Knauf Companies, by engaging in communications with Interior/Exterior about purchasing additional drywall product manufactured at its Chinese plant.

171.    At no time during its marketing and sales efforts did Knauf USA draw any distinction between itself and the Knauf Companies.  It did not because, on information and belief, it was acting both for its own benefit and as the agent and for the benefit of the Knauf Companies. At all times material, Knauf USA presented itself as representing, speaking for, aligned with and part of the Knauf Companies, and was the actual and/or apparent agent of the Knauf Companies.

172.   Throughout the series of events set forth above, the Knauf Companies acted to manifest Knauf USA's authority as its agent, and Interior/Exterior relied on that manifestation of authority.

173.   Upon information and belief, but for Knauf USA's efforts to market and sell Knauf drywall to Interior/Exterior, those purchases would likely not have occurred.

174.   If Interior/Exterior is liable to plaintiffs for the sale of defective drywall, then Interior/Exterior contends that Knauf USA and the Knauf Companies knew or should have known that its drywall presented an unreasonable risk of harm to consumers.

175.   If Interior/Exterior is liable to plaintiffs for the sale of defective drywall, then Interior/Exterior contends that Knauf USA and the Knauf Companies breached their contract with Interior/Exterior by selling a product that was defective and dangerous.

176.   If Interior/Exterior is liable to plaintiffs for the sale of defective drywall, then Knauf USA and the Knauf Companies are liable to it for the defective design and defective manufacturing of the product, as well as for failing to adequately warn of the defects associated with that product.

177.   If Interior/Exterior is liable to plaintiffs for the sale of defective drywall, then Knauf USA and the Knauf Companies are liable to it because it breached its duty to supply truthful information about the drywall it was promoting and about its capacity to manufacture and sell a product that was safe. Interior/Exterior justifiably relied on Knauf USA and the Knauf Companies fulfilling their duty and sustained damages as a result of Knauf USA's and the Knauf Companies' breach of that duty.

178.   If it is proven that the drywall sold by Interior/Exterior and purchased by plaintiff is defective, then the entities responsible and liable for plaintiffs' damages are the Knauf Companies and Knauf USA.

179.    More specifically, plaintiffs contend that the Knauf Companies and Knauf USA are liable to them because the product manufactured by the Knauf Companies and Knauf USA and allegedly sold by Interior/Exterior contained redhibitory defects, and that the Knauf Companies and Knauf USA breached express and implied warranties, and violated the Louisiana Products Liability Act by defective design, manufacture, warranties and warnings.

180.    If Interior/Exterior is liable to plaintiffs for the sale of the Knauf Companies' and Knauf USA's allegedly defective drywall, then Interior/Exterior contends that the Knauf Companies and Knauf USA knew or should have known that its drywall presented an unreasonable risk of harm to consumers.

181.    If Interior/Exterior is liable to plaintiffs for the sale of the Knauf Companies' and Knauf USA's allegedly defective drywall, then Interior/Exterior contends that the Knauf Companies and Knauf USA breached their contract with Interior/Exterior by selling a product that was defective and dangerous.

182.    If Interior/Exterior is liable to plaintiffs for the sale of the Knauf Companies' and Knauf USA's allegedly defective drywall, then the Knauf Companies and Knauf USA are liable to it for the defective design and defective manufacturing of the product, as well as for failing to adequately warn of the defects associated with that product.

183.    If Interior/Exterior is liable to plaintiffs for the sale of the Knauf Companies' and Knauf USA's allegedly defective drywall, then the Knauf Companies and Knauf USA are liable to it because they breached their duty to supply truthful information about the drywall they manufactured and sold.

18

184.   If Interior/Exterior is liable to plaintiffs for the sale of the Knauf Companies' and Knauf USA's allegedly defective drywall, then the Knauf Companies and Knauf USA are liable to it because they breached their contract with Interior/Exterior.

185.   If Interior/Exterior is liable to plaintiffs for the sale of the allegedly defective drywall from the Knauf Companies and Knauf USA, then the Knauf Companies and Knauf USA are liable to Interior/Exterior because they generally misrepresented their product and because they specifically represented that their product conformed to ASTM standards and was safe.

186.   Interior/Exterior would not have purchased the Knauf Companies' and Knauf USA's allegedly defective drywall had it known that the product was defective and/or not fit for its intended use.

187.   On information and belief, Knauf Plasterboard Tianjin Co., Ltd. and Knauf USA are the alter egos of Knauf Gips KG and Knauf International GmbH and therefore Knauf Gips KG and Knauf International GmbH are legally responsible for those companies' acts and omissions.

188.   Knauf Plasterboard Tianjin Co., Ltd. and Knauf USA acted with the approval and apparent authority of Knauf Gips KG and/or Knauf International GmbH and therefore Knauf Gips KG and/or Knauf International GmbH are legally responsible for those companies' acts and omissions.

## JURY DEMAND

Interior/Exterior demands a trial by jury.

**WHEREFORE**, having fully answered the Plaintiffs' Complaint, Interior/Exterior prays:

a)      that plaintiffs recover nothing from Interior/Exterior and that judgment be entered in Interior/Exterior's favor;

b)      that the costs of this action, including attorney's fees and costs that may be allowed by statute, be taxed against plaintiffs;

c)      that Interior/Exterior be granted the relief prayed for in its Cross-Claims against Knauf;

d)      for judgment against Knauf for all damages it has sustained as a result of Knauf's acts and omissions as set forth in its cross-claim;

e)      for judgment against Knauf USA and Knauf International Gmbh as prayed for in Interior/Exterior's third party demand; and

f)      for all other general and equitable relief that the Court may deem just and proper.

Respectfully submitted,

*/s/ Jeffrey P. Green*
Richard G. Duplantier, Jr. #18874
Lambert J. Hassinger, Jr. #21683
Jeffrey P Green, #30531
Carlina C. Eiselen #28524
Galloway, Johnson, Tompkins, Burr & Smith
701 Poydras Street
Suite 4040 One Shell Square
New Orleans, LA 70139
Telephone: (504) 525-6802
Facsimile: (504) 525-2456
rduplantier@gjtbs.com
jhassinger@gjtbs.com
jgreen@gjtbs.com
ceiselen@gjtbs.com
*Counsel for Interior Exterior Building Supply, L.P.*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 25th day of May, 2010 a copy of the foregoing has been forwarded to all counsel of record by filing same electronically with the Clerk of Court using the CM/ECF system and via LexisNeix.com/fileandserve.

/s/ Jeffrey P. Green
Jeffrey P. Green