UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>Vickers, et al. v. Knauf GIPS KG, et. al.,<br>Case No. 2:09-cv-04117 (E.D.La.) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' JOINT MOTION TO DISMISS CERTAIN DEFENDANTS, WITHOUT PREJUDICE, UNDER FED.R.CIV. P. 41(a) AND TO AMEND THE PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**

**I.   INTRODUCTION**

Plaintiffs, by and through their counsel, hereby submit this memorandum of law in support of Plaintiffs' joint motion to dismiss certain defendants without prejudice under Fed.R.Civ.P. 41(a), and to amend the Plaintiffs' Second Amended Class Action Complaint (the "Complaint") under Fed. R.Civ.P. 15(a). Plaintiffs are seeking to dismiss the claims of plaintiffs Walter M. Niemczura, Jim Tarzy, and Gene Raphael as well as the claims against Taylor Woodrow Communities at Vasari, L.L.C. ("Taylor Woodrow").[1] Plaintiffs are also seeking to amend the Complaint in order to reflect these dismissals and to include additional allegations regarding interrelated entities and Defendants' interdependent conscious parallel conduct.

For the reasons set forth below, Plaintiffs motion to dismiss and to amend should be granted.

---

[1] Plaintiffs are seeking dismissals without prejudice as to Gene Raphael and the class claims against Taylor Woodrow. With regard to the individual claims of Walter M. Niemczura and Jim Tarzy, Plaintiffs are seeking dismissal with prejudice as to Taylor Woodrow and dismissal without prejudice for all other defendants.

## II. FACTS

Plaintiffs are the owners of properties in which defective Chinese drywall was installed that was manufactured and distributed by the manufacturing defendants named in the Complaint, *i.e.*, Knauf Gips KG; Knauf Plasterboard (Tianjin) Co., Ltd.; Knauf Plasterboard (Wuhu) Co., Ltd.; and Guangdong Knauf New Building Materials Products Co., Ltd.[2] (collectively "Knauf"). Plaintiffs commenced this action on March 2, 2009, by filing the Complaint in the United States District Court for the Southern District of Florida. Plaintiffs' Complaint asserts claims against the manufacturers, distributors, suppliers, importers, exports, brokers, builders, and developers of the defective Chinese manufactured drywall in their homes.[3]

Since filing the Complaint on March 2, 2009, Walter M. Niemczura and Jim Tarzy have settled their claims against Taylor Woodrow and no longer wish to participate in the Complaint. Upon a comprehensive inspection of his home, Gene Raphael was unable to detect the presence of Knauf brand drywall. Additionally, Mr. Raphael is now a party plaintiff in *Wiltz, et. al., v. Beijing New Building Materials Public Limited Co.*, Case No. 10-361 (E.D.La.), wherein he asserted claims against the known manufacturers of the defective drywall in his home. For these reasons, Mr. Raphael no longer wishes to participate in the Complaint. Because none of the remaining plaintiffs are asserting claims against Taylor Woodrow, Plaintiffs are likewise seeking

---

[2] The Complaint originally named "Knauf Plasterboard (Dongguan) Co., Ltd." and not "Guangdong Knauf New Building Materials Products Co., Ltd." as a defendant. Plaintiffs subsequently filed a motion for judicial assistance asking that the Court deem the Complaint to replace "Guangdong Knauf New Building Materials Products Co., Ltd." in all instances where Knauf Plasterboard (Dongguan) Co., Ltd." appears. This Court granted that motion by order dated March 16, 2010. The instant motion seeks similar relief.

[3] The Complaint asserts claims against defendants for negligence, strict liability, violation of the consumer protection acts, violation of the Florida deceptive and unfair trade practices act, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, breach of contract, private nuisance, unjust enrichment, and for equitable and injunctive relief and medical monitoring.

dismissal of the claims against Taylor Woodrow.

Plaintiffs' discovery in this matter has also uncovered grounds for new allegations regarding interrelated entities and Defendants' interdependent conscious parallel conduct.

Collectively these grounds provided the impetus for plaintiffs to file the instant motion to address each of these matters.

## III. ARGUMENT

### A. The Court Should Authorize the Dismissals, Without Prejudice, Under Fed.R.Civ. P. 41(a)

The dismissal of claims without prejudice against named defendants is permitted if sought before any responsive pleading or motion for summary judgment is filed. *See International Driver Training Inc. v. J-BJRD Inc.*, 202 Fed.Appx. 714, 715 (5th Cir. 2006) ("a plaintiff's right to file a notice of dismissal under Rule 41(a)(1)(I) before the service of an answer or motion for summary judgment is absolute and unconditional.").

Here, because Taylor Woodrow has not yet filed an answer or motion for summary judgment, Plaintiffs have an absolute right to the dismissal, without prejudice, of the class claims against Taylor Woodrow. *See J-BJRD Inc.*, 202 Fed.Appx. at 715.[4] Since Walter M. Niemczura and Jim Tarzy have settled and released their claims against this defendant, their individual claims against Taylor Woodrow should be dismissed with prejudice. Their individual claims against the remaining defendants, none of whom have filed an answer or a motion for summary judgment, should be dismissed without prejudice. *Id.*

---

[4] Prior to the transfer of this action to the MDL court, Taylor Woodrow filed a motion to dismiss complaint for improper venue or, in the alternative, to server and transfer and motion to abate and incorporated memorandum of law on April 2, 2009. This motion does not interfere with plaintiffs absolute right to dismissal without prejudice. Fed.R.Civ.P. 41(a)(1) authorizes plaintiffs to dismiss an action without a court order so long as defendant has not yet filed an answer or a motion for summary judgment. "Unless the notice or stipulation states otherwise, the dismissal is without prejudice." Fed.R.Civ.P. 41(a)(1)(B).

With regard to the claims of Gene Raphael, Mr. Raphael does not wish to proceed with the claims he asserted in the Complaint because there is no evidence he has Knauf brand drywall in his home. Since none of the defendants that Mr. Raphael asserted claims against in the Complaint have filed an answer and/or a motion for summary judgment, the dismissal of Mr. Raphael's claims against the defendants should be without prejudice (*i.e.*, since it is possible Knauf brand drywall will be located in Mr. Raphael's home at a later date).

### B. Leave to Amend Complaint Should be Afforded Under Fed.R.Civ. P. 15(a)

In determining whether to grant leave to amend a pleading, it is appropriate for a court to consider judicial economy. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594 (5th Cir. 1991). "Leave to amend should be freely granted when justice requires." *See Financial Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006). Rule 15(a) of the Federal Rules of Civil Procedure is in accord and requires that when leave of court is sought to file an amended complaint its should be "freely given." Fed.R.Civ.P. 15(a). There is a strong presumption in favor of granting leave to amend a complaint. *Id.* "A district court must possess a "substantial reason" to deny a request for leave to amend." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). Indeed, when ruling on a motion to amend a complaint, the motion to amend should only be denied in very limited circumstances as the Fifth Circuit explained in *Smith v. EMC Corp.*, *supra*. Therein the Fifth Circuit explained as follows:

> As outlined by the Supreme Court, this Circuit examines five considerations to determine whether to grant a party leave to amend a complaint: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). Absent any of these factors, the leave sought should be "freely given." *Foman*, 371 U.S. at 182, 83 S.Ct. 227.

4

*EMC Corp.*, 393 F.3d at 595. Applying these factors to the circumstances here, leave to amend is appropriate in this case since the Federal Rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

### 1. The Proposed Amendments are not the Result of Undue Delay, Bad Faith, Dilatory Motive, and/or Repeated Failures by Plaintiffs to Cure Deficiencies in Prior Amendments

Leave to amend should be granted since Plaintiffs are seeking amendments to reflect the dismissals of party defendants and to address the interrelated corporate entities and the Defendants' interdependent conscious parallel conduct.[5] None of these amendments are the result of undue delay, bad faith, dilatory motive, and/or repeated failures by Plaintiffs to cure deficiencies in prior amendments.

So far as Plaintiffs are seeking amendments to reflect the dismissals, these amendments are necessary so the Complaint will accurately reflect the parties and the claims that are being asserted. Plaintiffs efforts to accomplish these amendments are both prompt and in good faith. Additionally, after exhaustive investigations of the dealing between the various defendants in this litigation, Plaintiffs have discovered grounds for including allegations regarding interrelated corporate entities and the Defendants' interdependent conscious parallel conduct. Plaintiffs did not delay in seeking these amendments. Under these circumstances, it is clear that Plaintiffs are seeking the amendments in good faith and without delay or dilatory motive.[6]

---

[5] Plaintiffs are also seeking to revise "Knauf Pasterboard (Dongguan) Co., Ltd." to "Guangdong Knauf New Building Materials Products Co., Ltd." in order to be consistent with the Court's March 16, 2010 Order granting the Plaintiffs' motion for judicial assistance.

[6] *Compare, Wimm v. Jack Eckerd Corp.*, 3 F.3d 137 (5th Cir. 1993) (where plaintiffs
(continued...)

5

## 2. **Defendants will Not be Prejudiced by the Amendments**

The proposed amendments will not result in any undue prejudice to the opposing parties. No party to Plaintiffs' Complaint can properly complain of the amendments reflecting the dismissals.

Further, so far as Plaintiffs seek to amend the allegations regarding the interrelated corporate entities and the Defendants' interdependent conscious parallel conduct, these amendments are necessary to reflect Defendants' common and coordinated conduct in the sale and distribution of the defective Chinese manufactured drywall at issue in this litigation. As Plaintiffs' investigation into this matter has developed certain factual patterns to these allegations have become necessary. Defendants are not prejudiced by factual allegations that establish interrelated corporate entities and the Defendants' interdependent conscious parallel conduct.

The proposed amendments will not result in any undue prejudice to the opposing parties.

## 3. **The Proposed Amendments are not Futile**

The proposed amendments will not be futile. The proposed allegations add to and embellish the Complaint and in no way create claims that cannot be developed during discovery or otherwise.

---

[6](...continued)
sought to amend the complaint nine months after action was commenced and after defendant had filed motion for summary judgment, plaintiffs' delay in asserting additional claims, even though they were aware of underlying facts supporting claims at outset of action, supported District Court's finding of bad faith and dilatory motive, and therefore denial of motion to file second amended complaint was proper; *Little v. Liquid Air Corp.*, 952 F.2d 841 (5th Cir. 1992), *aff'd en banc*, 37 F.3d 1069(5th Cir. 1994) (where plaintiffs sought to file amendment that would have radically altered the nature of the action well over a year after it was instituted, several months after discovery had effectively terminated, and after the defendant had moved for summary judgment, and further, plaintiffs offered no evidence that the delay was excusable or the result of a mere oversight, District Court's denial of motion was not an abuse of discretion).

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant their joint motion to dismiss certain defendants, without prejudice, and to amend the Complaint.

Dated: May 25, 2010

Respectfully submitted,

/s/ Arnold Levin
Arnold Levin, Esquire
Fred S. Longer, Esquire
Matthew C. Gaughan, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
*Co-counsel for Plaintiffs*

Ervin A. Gonzalez
Patrick S. Montoya
COLSON HICKS EIDSON COLSON MATTHEWS
MARTINEZ GONZALEZ KALBAC & KANE
255 Aragon Avenue, 2nd Floor
Coral Gables, FL 33134
Phone: (305) 476-476-7400
Fax: (305) 476-7444
*Co-Counsel for Plaintiffs*

Richard Serpe, Esquire
LAW OFFICES OF RICHARD J. SERPE
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
*Counsel for Plaintiffs*

Michael D. Hausfeld, Esquire
Richard S. Lewis, Esquire
James J. Pizzirusso, Esquire
Faris Ghareeb, Esquire
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
*Co-counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2010 Plaintiffs' Joint Motion to Dismiss Certain Defendants, Without Prejudice, Under Fed.R.Civ.P. 41(a) and to Amend the Plaintiffs' Second Amended Class Action Complaint, Memorandum of Law in Support thereof and Proposed Order was served on the below parties via First Class Mail and by electronically uploading the same to LexisNexis File & Serve on May 25, 2010 in accordance with Pre-Trial Order No. 6:

Kerry J. Miller, Esquire
Frilot LLC
Suite 3700
1100 Poydras Street
New Orleans LA 70130
*Defendants' Liaison Counsel*

Phillip Wittmann, Esquire
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, LA 70130
*Home Builders and Installers Liaison Counsel*

I further certify that I served the following defendants via Federal Express mail:

ATCO Int Corp.
150 E. 1st Ave., Apt. #310
Hialeah, FL  33010

Rothchilt International, Ltd.
N–510 Chia Hsn Bld
Annex 96 Chung Shan N. Rd.
Sec. 2
Taipei, Taiwan R.O.C.

Guangdong Knauf New Building Materials Products Co., Ltd.
No. 2 Xinsha Development Zone
Machong Country
RC-523147, Guangdong
China

I further certify that service on all other defendants was made by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

/s/  Arnold Levin
Arnold Levin, Esquire
Fred S. Longer, Esquire
Matthew C. Gaughan, Esquire
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*