U. S. DISTRICT COURT
Eastern District of Louisiana

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

FILED   MAY 2 4 2010

LORETTA G. WHYTE
Clerk

| | |
|---|---|
| SEAN AND BETH PAYTON, individually, and on behalf of all others similarly situated, [Additional Plaintiffs Listed on Schedule of Plaintiffs, Attached Hereto as Exhibit "A"], <br><br> Plaintiffs <br><br> VERSUS <br><br> KNAUF GIPS KG, KNAUF PLASTERBOARD (TIANJIN) CO., LTD.; KNAUF PLASTERBOARD (WUHU) CO., LTD.; KNAUF PLASTERBOARD (DONGGUAN) CO., LTD.; [Additional Defendants Listed on Schedule of Defendants, Attached Hereto as Exhibit "B"], <br> Defendants. | CIVIL ACTION NO. 09-7628 <br><br> SECT. L., MAG. 3 |

\* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT STEPHEN SHIVERS' ANSWER, DEFENSES AND CROSS-CLAIMS**

COMES NOW the Defendant, STEPHEN SHIVERS, pro se ["Shivers"], and with a full reservation of his rights relating to all of the other defenses and objections raised in his previously filed Motions, hereby files this his answer and defenses to the allegations of the Complaint filed against him in this Cause; together with his cross-claims against certain other defendants in this Cause, and would respectfully show unto the Court the following, to-wit:

**FIRST DEFENSE**

Shivers further moves that all of the claims against him be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), (2) and/or (3), and Shivers hereby objects to venue of this cause being before this Court. Further, Shivers and the actual claimant, Rochelle Frazier Harkins, are both Mississippi residents and none of the claims in this Cause would be considered a federal question. Moreover, all of the claims being made against Shivers, are alleged to have occurred in the State of Mississippi, outside the jurisdiction of this Honorable Court. Therefore, this

Fee _____
___ Process _____
X__ Dktd _____
X__ CtRmDep _____
Doc. No. _____

Court lacks subject matter jurisdiction and personal jurisdiction and venue is not properly before this Court.

## SECOND DEFENSE

Shivers further moves that all of the claims against him be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), because they fail to state a claim upon which any relief can be granted.

## THIRD DEFENSE

Shivers further moves that all of the claims against him be dismissed pursuant to Fed. R. Civ. P. 12(b)(7), because Plaintiffs improperly named him individually as a defendant in this Cause and failed to properly join the entity responsible for constructing the claimant's home, namely: I & S Contracting, LLC, a Mississippi limited liability company.

## FOURTH DEFENSE

Affirmatively and alternatively, if any injuries or damages alleged in the Complaint were incurred by any of the Plaintiffs, which is denied, such injuries or damages were proximately caused or attributable to the Plaintiffs' actions and/or omissions, and did not proximately result from any negligence on the part of Shivers.

## FIFTH DEFENSE

Affirmatively and alternatively, if any injuries or damages alleged in the Complaint resulted from any negligence, which is denied, then such injuries or damages were caused, solely or in part, by acts or omissions of the Plaintiffs, thus reducing any recovery against Shivers under §11-7-6 of the Mississippi Code of 1972, as amended.

## SIXTH DEFENSE

Affirmatively and alternatively, in the event that it is determined that Shivers was

negligent as alleged in the Complaint, which is denied, it is denied that such negligence proximately caused the damages or the extent of damages alleged in the Complaint.

## SEVENTH DEFENSE

Affirmatively and alternatively, without waiving any other defenses elsewhere asserted herein, Shivers asserts that any allegations in the Complaint of fraud, fraudulent concealment, concert of action, conspiracy and intentional or reckless conduct, as same may be stated against Shivers, are not stated with the specificity required by Rule 9(b) of the Federal Rules of Civil Procedure, and Shivers hereby moves to strike any such claim based upon the deficient allegations.

## EIGHTH DEFENSE

Affirmatively and alternatively, without waiving any other defenses elsewhere asserted herein, Shivers assert as affirmative defenses any applicable statutes of limitation which would bar any claim asserted by Plaintiffs; and assert the Mississippi defense of the doctrine of laches.

## NINTH DEFENSE

Affirmatively and alternatively, without waiving any other defenses elsewhere asserted herein, Shivers asserts that the proximate cause or, alternatively, a proximate contributing cause of the alleged injuries or damages suffered by the Plaintiffs, if any, was the negligence of the Plaintiffs, and in the alternative, Shivers asserts that if not the sole cause of the Plaintiffs' alleged injuries, if any, that Plaintiffs' own negligence was a contributing cause for which they are contributorily or comparatively negligent.

## TENTH DEFENSE

Affirmatively and alternatively, without waiving any other defenses elsewhere asserted herein, Shivers asserts that the Plaintiffs failed to mitigate their damages, if any.

## ELEVENTH DEFENSE

Affirmatively and alternatively, without waiving any other defenses elsewhere asserted herein, Shivers asserts that if the Plaintiffs suffered the injuries alleged, which is denied, then such injuries resulted solely and proximately from Plaintiffs own actions.

## TWELFTH DEFENSE

Affirmatively and alternatively, without waiving any other defenses elsewhere asserted herein, Shivers asserts that if the Plaintiffs suffered injury, which is denied, then such injury resulted solely and proximately from the acts or omissions of persons other than Shivers or from causes or conditions for which Shivers are not liable or responsible, and that Plaintiffs may not recover from Shivers.

## THIRTEENTH DEFENSE

Affirmatively and alternatively, without waiving any other defenses elsewhere asserted herein, Shivers asserts that although denying that the Plaintiffs are entitled to punitive damages, or any relief whatsoever as against Shivers, he would affirmatively assert that:

1.     An award of punitive damages in this civil action would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution.

2.     No legislation has been enacted authorizing punitive damages in a civil action such as this or placing any limit on the amount of punitive damages awardable.

3.     The criteria used for determining whether and in what amount punitive damages may be awarded are impermissibly vague, imprecise and inconsistent and are therefore in

violation of the due process provisions of the Fifth and Fourteenth Amendments to the Constitution of the United States.

4.      An award of punitive damages in this civil action would amount to an excessive fine in violation of the Eighth Amendment to the Constitution of the United States of America and of Section 28 of the Mississippi Constitution.

5.      The Plaintiffs' claim for punitive damages is barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment.

### FOURTEENTH DEFENSE

Affirmatively and alternatively, without waiving any other defenses elsewhere asserted herein, Shivers asserts that even if they were liable to the Plaintiffs, which is denied, this liability is a result of the actions of another and Shivers would not and could not be a joint or concurrent tortfeasor, and would not and could not be jointly and severally liable with any other party.  This action, therefore, cannot be maintained against Shivers and must be dismissed.  Further, all claims accruing after July 1, 1989 are governed by §85-5-7 of the Mississippi Code of 1972, as amended, which requires apportionment or contribution among joint tortfeasors, if any.

### FIFTEENTH DEFENSE

Affirmatively and alternatively, without waiving any other defenses elsewhere asserted herein, Shivers specifically pleads the defenses of estoppel, waiver, fraud, ratification, assumption of risk, license, payment, statute of frauds, assumption of risk, lack of consideration, duress, accord and satisfaction, set off, compromise and settlement.

## SIXTEENTH DEFENSE

Affirmatively and alternatively, without waiving any other defenses elsewhere asserted herein, Shivers asserts the Mississippi doctrine of "unclean hands" as a defense.

## SEVENTEETH DEFENSE

Affirmatively and alternatively, without waiving any other defenses elsewhere asserted herein, Shivers will rely upon all defenses lawfully available to them at the time of trial and reserves the right to amend its answer as necessary.

## EIGHTEENTH DEFENSE

Shivers hereby denies all of the allegations in each and every numbered and unnumbered paragraphs of the Complaint to the extent that said allegations refer to or are otherwise applicable to Shivers; and now, having answered, Shivers denies that Plaintiffs are entitled to any relief as prayed for or any relief whatsoever against Shivers, and prays that the Complaint filed herein is dismissed with all costs assessed to Plaintiffs.

## CROSS-CLAIM

Pursuant to Fed. R. Civ. P. 13(g), Shivers hereby submits his cross-claim for reimbursement of all of this costs, expenses, and damages, including any future attorney fees, incurred as a result of or arising from this action and/or the underlying claims, against any and all other Defendants in this Cause, which took part in the manufacture, distribution, wholesale, sale, delivery and/or installation of any defective drywall in or to the home of class claimant, Rochelle Frazier Harkins; including (but not limited to) Knauf Gips Kg, Knauf Plasterboard (Tianjin) Co., Ltd.; Knauf Plasterboard (Wuhu) Co., Ltd.; Knauf Plasterboard (Dongguan) Co., Ltd.; and any other Defendant identified in the Schedule of Defendants, attached to the Complaint as Exhibit

"B".  In support of his Cross-Claim, Shivers asserts and alleges against said other Defendants all allegations raised in the Complaint, as same pertains or applies to such other Defendants.

RESPECTFULLY SUBMITTED, this the __20__ day of May, 2010.

BY: _____

Stephen Shivers, Pro Se Defendant
375 Teagarden Road
Gulfport, Mississippi 39507
Tel. No.:  228.896.6000
Fax No.:  228.896.7766

-7-

**CERTIFICATE OF SERVICE**

I hereby certify to this Court that on this day, I have served a copy of this pleading upon

counsel for Plaintiffs at the following address by U.S. Mail, postage prepaid in full:

Russ M. Herman
Herman, Herman, Katz & Cotler
820 O'Keefe Avenue
New Orleans, LA 70113
Fax No.: 504.561.6024

SO CERTIFIED, this the 20 day of May, 2010.

Stephen Shivers

315 TeaGarden Rd
Gulfport, MS 39507

RETURN RECEIPT
REQUESTED

Loretta G Whyte
Court Clerk
U.S. District Court
Eastern District of LA
500 Poydras St, Rm C151
Of loeans, LA 70130

7009 1410 0000 7085 4091





CERTIFIED MAIL

UNITED STATES
POSTAL SERVICE

1000          70130

U.S. POSTA...
PAID
GULFPORT, MS
MAY 21, 10
AMOUNT

$5.7...
00029...