UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| | * | |
| IN RE: CHINESE-MANUFACTURED DRYWALL | * | MDL NO. 09-2047 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | |
| THIS DOCUMENT RELATES TO | * | SECTION: L |
| | * | |
| SEAN and BETH PAYTON, et al. | * | |
| | * | JUDGE FALLON |
| vs. | * | |
| | * | |
| KNAUF GIPS, et al. | * | MAG. WILKINSON |
| Case No. 2:09-CV-07628-EEF-JCW | * | |

* * * * * * * * * * * * * * * * * * * * * * *

## ANSWER AND AFFIRMATIVE DEFENSES OF
## COCKERHAM CONSTRUCTION, LLC

NOW INTO COURT, through undersigned counsel, comes Defendant, Cockerham

Construction, LLC ("Cockerham Construction"), and responds to the allegations contained in

Plaintiffs' Omnibus Class Action Complaint (the "Complaint") as follows:

## RULE 12(b) DEFENSES

## First Defense

The Complaint fails to state a claim upon which relief can be granted and must be

dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### Second Defense

The Complaint fails to articulate a basis for subject matter jurisdiction in this Court and the Complaint must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

### Third Defense

Venue is improper in this Court and the Complaint must be dismissed pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.

### Fourth Defense

The Plaintiffs have failed to join necessary and indispensable parties required to properly adjudicate this case pursuant to Rule 12(b)(7) and Rule 19 of the Federal Rules of Civil Procedure.   The failure to join necessary and indispensable parties subjects Cockerham Construction to the substantial risk of incurring double, multiple, and otherwise inconsistent obligations for the damages claimed by Plaintiffs.

### ANSWER TO PLAINTIFFS' OMNIBUS CLASS ACTION COMPLAINT (I)

Cockerham Construction generally denies all of the averments contained in the Complaint, and each paragraph and subparagraph thereof, except such designated averments, paragraphs or subparagraphs, as are expressly set forth to the contrary more fully herein below pursuant to Rule 8(b) of the Federal Rules of Civil Procedure.  Further, Cockerham Construction generally denies the allegations of the unnumbered introductory paragraph of the Complaint, including specifically Plaintiffs' assertion of class status and all allegations of liability made by any Plaintiffs as they relate to Cockerham Construction.

AND NOW, without waiving the above-referenced defenses and responses, Defendant responds to each and every numbered paragraph in Plaintiffs' Complaint, as follows:

### Jurisdiction, Parties and Venue

1.      The allegations contained in Paragraph 1 of the Complaint state legal conclusions and therefore require no response.  Insofar as a response may be deemed required, Cockerham Construction denies that this Court has jurisdiction over the claims of the Plaintiffs herein.

2.      The allegations of Paragraph 2 of the Complaint state legal conclusions and therefore require no response.  Insofar as a response may be deemed required, the allegations of Paragraph 2 are denied.

3.      The allegations of Paragraph 3 of the Complaint state legal conclusions and therefore require no response.  Insofar as a response may be deemed required, the allegations of Paragraph 3 are denied.

### Plaintiffs

4.      No answer by Cockerham Construction is necessary in response to paragraphs 4-2072 as they relate to the specific identities and property interests of each respective Plaintiff/purported class member.  To the extent that Plaintiffs, Brian and Paula Huckaby and Eugene Legendre, Jr., purport to be class representatives relative to any claims alleged against Cockerham Construction, those allegations are specifically denied.  Further answering, to the extent a response to the remaining allegations is required, those allegations are denied for lack of sufficient information upon which to justify a belief therein.

### Defendants

5.     The allegations contained in Paragraph 2073 require no response. To the extent a response is required, the allegations are denied for lack of sufficient information upon which to justify a belief therein.

### The Manufacturing Defendants

6.     The allegations contained in paragraphs 2074-2079 are not directed to this Defendant and require no response.  To the extent a response is required, the allegations are denied for lack of sufficient information upon which to justify a belief therein.

### The Distributor and Supplier Defendants

7.     The allegations contained in paragraphs 2080-2123 are not directed to this Defendant and require no response.  To the extent a response is required, the allegations are denied for lack of sufficient information upon which to justify a belief therein.

### The Importer/Exporter/Broker Defendants

8.     The allegations contained in paragraphs 2124-2128 are not directed to this Defendant and require no response.  To the extent a response is required, the allegations are denied for lack of sufficient information upon which to justify a belief therein.

### The Developer/Builder Subclass

9.     The allegations contained in paragraphs 2129-2200 are not directed to this Defendant and require no response.  To the extent a response is required, the allegations are denied for lack of sufficient information upon which to justify a belief therein.

10.     Cockerham Construction denies the allegations of paragraph 2201 except to admit that defendant is a Louisiana limited liability company.  All other allegations contained within paragraph 2201 are denied and strict proof is demanded thereon.

11.     The allegations contained in paragraphs 2202-2516 are not directed to this Defendant and require no response.  To the extent a response is required, the allegations are denied for lack of sufficient information upon which to justify a belief therein.

### The Contractor/Installer Subclasses

12.     The allegations contained in paragraphs 2517-2609 are not directed to this Defendant and require no response.  To the extent a response is required, the allegations are denied for lack of sufficient information upon which to justify a belief therein.

### Facts Regarding Product Defect

13.     The allegations contained in paragraph 2610 are denied.

14.     The allegations contained in paragraph 2611 are denied.

15.     The allegations contained in paragraph 2612 are denied.

16.     The allegations contained in paragraph 2613 are denied.

17.     The allegations contained in paragraph 2614 are denied.

18.     The allegations contained in paragraph 2615 are denied as written.  Defendant denies the allegations of any tortious activity on its part and demands strict proof thereon.

19.     The allegations contained in paragraph 2616 are denied as written.  Defendant denies the allegations as they relate to it and demands strict proof thereon.

20.     The allegations contained in paragraph 2617 are denied as written.  Defendant denies the allegations as they relate to it and demands strict proof thereon.

21.     The allegations contained in paragraph 2618 are denied.

22.     The allegations contained in paragraph 2619 are denied.

23.     The allegations contained in paragraph 2620 are denied.

### Class Action Allegations

### The Knauf Class

24.     The allegations contained in paragraph 2621 state legal conclusions and therefore require no response.  To the extent a response is required, the allegations are denied.

### The Distributor/Supplier Subclasses (Subclasses 1-43)

25.     The allegations contained in paragraphs 2622 through 2623 state legal conclusions and therefore require no response. To the extent a response is required, the allegations are denied.

### The Importer/Exporter/Broker Subclasses (Subclasses 44-48)

26.    The allegations contained in paragraphs 2624 through 2625 state legal conclusions and therefore require no response. To the extent a response is required, the allegations are denied.

### The Builder/Developer Subclass (Subclasses 49-436)

27.     The allegations contained in paragraphs 2626 through 2627 state legal conclusions and therefore require no response.  To the extent a response is required, the allegations are denied.

### The Contractor/Installer Subclasses (Subclasses 437-529)

28.    The allegations contained in paragraphs 2628 through 2629 state legal conclusions and therefore require no response. To the extent a response is required, the allegations are denied.

### General Class Allegations and Exclusions from the Class Definitions

29.     The allegations contained in paragraph 2630 state legal conclusions and therefore require no response. To the extent a response is required, the allegations are denied.

30.     The allegations contained in paragraph 2631 are denied.

31.     The allegations contained in paragraph 2632 are denied.

32.     The allegations contained in paragraph 2633 are denied.

33.     The allegations contained in paragraph 2634 are denied.

34.     The allegations contained in paragraph 2635 are denied for lack of sufficient information upon which to justify a belief therein.

35.     The allegations of paragraph 2636 are denied.

36.     The allegations of paragraph 2637 are denied.

37.     The allegations of paragraph 2638 are denied.

38.     The allegations of paragraph 2639 are denied.

Count I
Negligence
(Against All Defendants)

39.     Defendant, Cockerham Construction, denies the allegations of paragraph 2640 and adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

40.     The allegations contained in paragraph 2641 are denied.

41.     The allegations contained in paragraph 2642 are denied.

42.     The allegations contained in paragraph 2643 are denied.

43.     The allegations contained in paragraph 2644 are denied.

44.     The allegations contained in paragraph 2645 are denied.

45.     The allegations contained in paragraph 2646 are denied.

46.     The allegations contained in paragraph 2647 are denied.

Count II
Negligence Per Se
(Against All Defendants)

47.     Defendant, Cockerham Construction, denies the allegations of paragraph 2648 and adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

48.     The allegations of paragraph 2649 are denied.

49.     The allegations of paragraph 2650 are denied.

50.     The allegations of paragraph 2651 are denied.

51.     The allegations of paragraph 2652 are denied.

52.     The allegations of paragraph 2653 are denied.

53.     The allegations of paragraph 2654 are denied.

Count III
Strict Liability
(All Defendants)

54.     Defendant, Cockerham Construction, denies the allegations of paragraph 2655 and adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

55.     The allegations of paragraph 2656 are denied.

56.     The allegations of paragraph 2657 are denied.

57.     The allegations of paragraph 2658 are denied.

58.     The allegations of paragraph 2659 are denied.

59.     The allegations of paragraph 2660 are denied.

60.     The allegations of paragraph 2661 are denied.

61.   The allegations of paragraph 2662 are denied.

62.   The allegations of paragraph 2663 are denied.

63.   The allegations of paragraph 2664 are denied.

64.   The allegations of paragraph 2665 are denied.

65.   The allegations of paragraph 2666 are denied.

66.   The allegations of paragraph 2667 are denied.

67.   The allegations of paragraph 2668 are denied.

68.   The allegations of paragraph 2669 are denied.

69.   The allegations of paragraph 2670 are denied.

70.   The allegations of paragraph 2671 are denied.

71.   The allegations of paragraph 2672 are denied.

Count IV
Breach of Express and/or Implied Warranties
(All Defendants)

72.   Defendant, Cockerham Construction, denies the allegations of paragraph 2673 and adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

73.   The allegations of paragraph 2674 are denied.

74.   The allegations of paragraph 2675 are denied.

75.   The allegations of paragraph 2676 are denied.

76.   The allegations of paragraph 2677 are denied.

77.   The allegations of paragraph 2678 are denied.

78.   The allegations of paragraph 2679 are denied.

79.   The allegations of paragraph 2680 are denied.

Count V
Breach of the Implied Warranty of Fitness and Merchantability
Pursuant to Florida Statutes Section 718.203
(On Behalf of Plaintiffs Who Own Condominiums in the State of Florida)
(Builders Only)

80.     Defendant, Cockerham Construction, denies the allegations of paragraph 2681 and adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

81.     The allegations of paragraph 2682 are denied.

82.     The allegations of paragraph 2683 are denied.

83.     The allegations of paragraph 2684 are denied.

84.     The allegations of paragraph 2685 are denied.

85.     The allegations of paragraph 2686 are denied.

86.     The allegations of paragraph 2687 are denied.

87.     The allegations of paragraph 2688 are denied.

88.     The allegations of paragraph 2689 are denied.

89.     The allegations of paragraph 2690 are denied.

90.     The allegations of paragraph 2691 are denied.

91.     The allegations of paragraph 2692 are denied.

Count VI
Breach of Implied Warranty of Habitability
(Builders Only)

92.     Defendant, Cockerham Construction, denies the allegations of paragraph 2693 and adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

93.     The allegations of paragraph 2694 are denied.

94.   The allegations of paragraph 2695 are denied.

95.   The allegations of paragraph 2696 are denied.

96.   The allegations of paragraph 2697 are denied.

97.   The allegations of paragraph 2698 are denied.

98.   The allegations of paragraph 2699 are denied.

Count VII
Breach of Contract
(Builders Only)

99.   Defendant, Cockerham Construction, denies the allegations of paragraph 2700 and adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

100.   The allegations of paragraph 2701 are denied.

101.   The allegations of paragraph 2702 are denied.

102.   The allegations of paragraph 2703 are denied.

Count VIII
Breach of Louisiana New Home Warranty Act
(Louisiana Builders Only)

103.   Defendant, Cockerham Construction, denies the allegations of paragraph 2704 and adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

104.   The allegations of paragraph 2705 state legal conclusions and therefore require no response.  To the extent an answer is deemed necessary, the allegations are denied.

105.   The allegations of paragraph 2706 are denied for lack of sufficient information upon which to justify a belief therein.

106.   The allegations of paragraph 2707 state legal conclusions and therefore require no response.  To the extent an answer is deemed necessary, the allegations are denied.

107.    The allegations of paragraph 2708 are denied.

108.   The allegations of paragraph 2709 are denied.

109.   The allegations of paragraph 2710 are denied.

Count IX
Redhibition
(By Louisiana Plaintiffs Against All Defendants)

110.    Defendant, Cockerham Construction, denies the allegations of paragraph 2711 and adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

111.   The allegations of paragraph 2712 are denied.

112.   The allegations of paragraph 2713 are denied.

113.   The allegations of paragraph 2714 are denied.

114.   The allegations of paragraph 2715 are denied.

115.   The allegations of paragraph 2716 state legal conclusions and therefore require no response.  To the extent an answer is deemed necessary, the allegations are denied.

116.   The allegations of paragraph 2717 are denied.

117.   The allegations of paragraph 2718 are denied.

118.   The allegations of paragraph 2719 are denied.

119.   The allegations of paragraph 2720 are denied.

Count X
Louisiana Products Liability Act
(Manufacturing Defendants)
(Plead in the Alternative Against Distributor Defendants)

120.    Defendant, Cockerham Construction, denies the allegations of paragraph 2721 and adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

121.    The allegations of paragraph 2722 are denied. Further answering, Cockerham Construction submits that said allegations do not relate to Cockerham Construction as it is not a manufacturing defendant.

122.    The allegations of paragraph 2723 are denied. Further answering, Cockerham Construction submits that said allegations do not relate to Cockerham Construction as it is not a manufacturing defendant.

123.    The allegations of paragraph 2724 are denied. Further answering, Cockerham Construction submits that said allegations do not relate to Cockerham Construction as it is not a manufacturing defendant.

124.    The allegations of paragraph 2725 are denied. Further answering, Cockerham Construction submits that said allegations do not relate to Cockerham Construction as it is not a manufacturing defendant.

125.    The allegations of paragraph 2726 are denied. Further answering, Cockerham Construction submits that said allegations do not relate to Cockerham Construction as it is not a manufacturing defendant.

126.    The allegations of paragraph 2727 are denied. Further answering, Cockerham Construction submits that said allegations do not relate to Cockerham Construction as it is not a manufacturing defendant.

127.     The allegations of paragraph 2728 are denied. Further answering, Cockerham Construction submits that said allegations do not relate to Cockerham Construction as it is not a manufacturing defendant.

128.     The allegations of paragraph 2729 are denied. Further answering, Cockerham Construction submits that said allegations do not relate to Cockerham Construction as it is not a manufacturing defendant.

129.     The allegations of paragraph 2730 are denied. Further answering, Cockerham Construction submits that said allegations do not relate to Cockerham Construction as it is not a manufacturing defendant.

130.     The allegations of paragraph 2731 are denied. Further answering, Cockerham Construction submits that said allegations do not relate to Cockerham Construction as it is not a manufacturing defendant.

131.     The allegations of paragraph 2732 are denied. Further answering, Cockerham Construction submits that said allegations do not relate to Cockerham Construction as it is not a manufacturing defendant.

132.     The allegations of paragraph 2733 are denied. Further answering, Cockerham Construction submits that said allegations do not relate to Cockerham Construction as it is not a manufacturing defendant.

133.     The allegations of paragraph 2734 are denied. Further answering, Cockerham Construction submits that said allegations do not relate to Cockerham Construction as it is not a manufacturing defendant.

Count XI
Private Nuisance
(All Defendants)

134.  Defendant, Cockerham Construction, denies the allegations of paragraph 2735 and adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

135.  The allegations of paragraph 2736 are denied.

136.  The allegations of paragraph 2737 are denied.

137.  The allegations of paragraph 2738 are denied.

138.  The allegations of paragraph 2739 are denied.

139.  The allegations of paragraph 2740 are denied.

140.  The allegations of paragraph 2741 are denied.

Count XII
Negligent Discharge of a Corrosive Substance
(All Defendants)

141.   Defendant, Cockerham Construction, denies the allegations of paragraph 2742 and adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

142.  The allegations of paragraph 2743 are denied.

143.  The allegations of paragraph 2744 are denied.

144.  The allegations of paragraph 2745 are denied.

145.  The allegations of paragraph 2746 are denied.

146.  The allegations of paragraph 2747 are denied.

147.  The allegations of paragraph 2748 are denied.

Count XIII
Unjust Enrichment
(All Defendants)

148.    Defendant, Cockerham Construction, denies the allegations of paragraph 2749 and adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

149.    The allegations of paragraph 2750 are denied.

150.    The allegations of paragraph 2751 are denied.

151.    The allegations of paragraph 2752 are denied.

Count XIV
Violation of Consumer Protection Acts
(All Defendants)

152.    Defendant, Cockerham Construction, denies the allegations of paragraph 2753 and adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

153.    The allegations of paragraph 2754 state legal conclusions and therefore require no response.  To the extent an answer is deemed necessary, the allegations are denied.

154.    The allegations of paragraph 2755 state legal conclusions and therefore require no response.  To the extent an answer is deemed necessary, the allegations are denied.

155.    The allegations of paragraph 2756 are denied.

156.    The allegations of paragraph 2757 are denied.

Count XV
Equitable and Injunctive Relief and Medical Monitoring
(All Defendants)

157.   Defendant, Cockerham Construction, denies the allegations of paragraph 2758 and adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

158.   The allegations of paragraph 2759 are denied.

159.   The allegations of paragraph 2760 are denied.

160.   The allegations of paragraph 2761 are denied.

161.   The allegations of paragraph 2762 are denied.

162.   The allegations of paragraph 2763 are denied.

163.   The allegations of paragraph 2764 are denied.

164.   The allegations of paragraph 2765 are denied.

165.   The allegations of paragraph 2766 are denied.

166.   The allegations of paragraph 2767 are denied.

167.   The allegations of paragraph 2768 are denied.

168.   The allegations of paragraph 2769 are denied.

169.   The allegations of paragraph 2770 are denied.

**DEMAND FOR JURY TRIAL**

No answer is deemed necessary in response to Plaintiffs' demand for jury trial.  To the extent an answer is deemed necessary, Defendant denies the demand for jury trial for lack of information upon which to justify a belief therein.  Without admitting that Plaintiffs have sustained any damages, and based solely on the Plaintiffs' allegations, Cockerham Construction

avers that the amount in controversy may exceed the requisite amount required for a trial by jury, and thus Defendant hereby requests a trial by jury as to all issues so triable as a matter of right.

## PRAYER FOR RELIEF

No answer is deemed necessary in response to plaintiffs' prayer for relief. To the extent an answer is deemed necessary, the allegations contained therein are denied.

170.     All un-numbered and mis-numbered paragraphs, as well as any allegations claiming negligence and/or liability on the part of Cockerham Construction and all allegations not specifically answered herein are denied.

## AFFIRMATIVE DEFENSES

AND NOW FURTHER ANSWERING, Defendant, Cockerham Construction, respectfully presents the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

This Defendant adopts and incorporates herein by reference all affirmative defenses pled by similarly situated Defendants.

## SECOND AFFIRMATIVE DEFENSE

Defendant reserves the right to affirmatively plead any and all other defenses and affirmative defenses available to it which may become applicable through discovery and during the trial of this cause, and hereby reserves the right to amend its Answer to assert any such defenses.

## THIRD AFFIRMATIVE DEFENSE

The Plaintiffs have failed to mitigate their damages as required by law.

## FOURTH AFFIRMATIVE DEFENSE

This Defendant reserves the right to assert cross-claims and/or third-party claims as they ripen or prove necessary.

## FIFTH AFFIRMATIVE  DEFENSE

Cockerham Construction denies the class action allegations in the Complaint.  The class action allegations of the Complaint fail to meet the prerequisites for a class action with regard to the alleged claims against Cockerham Construction, for the following reasons, *inter alia:* the alleged class does not meet the numerosity requirement, and joinder of all alleged members of the class is not impractical as to the alleged claims made against Cockerham Construction; the questions of law or fact common to the alleged members of the class do not predominate over individual questions of law and fact, particularly, with regard to individual liability, causation, and damages issues; and, the named Plaintiffs do not fairly and adequately protect the interests of the alleged class members and do not have claims typical of the other alleged class members, particularly, as applied to Cockerham Construction.

## SIXTH AFFIRMATIVE DEFENSE

This Defendant denies that the claims of the Plaintiffs and the purported class have a common origin or share a common basis.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant specifically denies that Plaintiffs or putative class members have been damaged as alleged or are entitled to the relief requested in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant specifically denies that claims against it are properly consolidated with other claims pending in these Multidistrict Litigation (MDL) proceedings.

## NINTH AFFIRMATIVE DEFENSE

This Defendant avers that it was unaware of any defect in any product it utilized and that said product was utilized by the Defendant in the manner in which it was intended to be used.

## TENTH AFFIRMATIVE DEFENSE

This Defendant denies breaching any express or implied warranty, including specifically any warranties applicable to drywall it and/or its subcontractors utilized in construction.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent evidence ultimately shows the drywall utilized by Defendant and/or its subcontractors was defective due to its design, this Defendant was unaware of any alleged dangers associated with the use of the drywall (including those for which recovery is sought).

## TWELFTH AFFIRMATIVE DEFENSE

This Defendant denies that Plaintiffs have a viable claim for punitive damages. Plaintiffs' claims must fail under applicable state law, federal law and under provisions of the United States Constitution.  The standard by which Defendant's conduct is to be judged, with regard to the Plaintiffs' claims for exemplary damages, as alleged, is vague and arbitrary, and as such, denies Defendant due process in violation of the Louisiana Constitution Article One, § 2 and the Fifth and Fourteenth Amendments of the United States Constitution.

## THIRTEENTH AFFIRMATIVE DEFENSE

The imposition of exemplary damages, as requested by Plaintiffs, would be criminal in nature and the rights given to any defendant in a criminal proceeding under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and Article One, § 13 of the Louisiana Constitution are applicable.

**FOURTEENTH AFFIRMATIVE DEEFENSE**

This Defendant avers that any award of punitive damages to Plaintiffs in this case would be in violation of the constitutional rights and safeguards provided to the Defendants under the Constitution of the State of Louisiana and the Constitution of the United States of America including, without limitation, that there are no constraining limitations placed on a jury's discretion in considering the imposition or amount of punitive damages, there are no meaningful trial court and appellate review mechanisms to constitutionally confirm a punitive damage award, imposition would allow a verdict tainted by passion and prejudice, and Plaintiffs impermissibly seek a punitive damages award that bears an unconstitutional relationship to the alleged actual amount in question.

**FIFTEENTH AFFIRMATIVE DEFENSE**

In the alternative, in the event subsequent investigation reveals that the sole proximate, and/or contributing cause of the Plaintiffs' personal injury damages, if any, was a preexisting condition, disease, or other illness for which this Defendant would not be liable, Defendant reserves the right to defend against those claims on said basis.

**SIXTEENTH AFFIRMATIVE DEFENSE**

In the event subsequent investigation reveals that the Plaintiffs' damages, if any, are the result of an intervening act and/or event occurring subsequent to the date complained of herein which was the sole proximate and/or substantially contributing cause of said damages, this Defendant reserves the right to defend against those claims on said basis.

## SEVENTEENTH AFFIRMATIVE DEFENSE

This Defendant avers that it exercised the degree of care which a reasonably prudent person would have exercised in the same or similar circumstances and thus did not breach any applicable duty owed to Plaintiffs.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The claims attempted to be asserted in the Complaint against this Defendant are barred by the terms and conditions of any applicable written contract documents between the parties.

## NINETEENTH AFFIRMATIVE DEFENSE

The damages alleged were not caused, contributed to, or brought about by any fault, commission, omission or breach of any contractual duty or warranty on the part of this Defendant, or on the part of any person or entity for whom Defendant may be responsible.  To the contrary, the alleged damages, if any, were caused by Plaintiffs' own fault, negligence, commissions or omissions (including without limitation, alteration and /or misuse of a product to which these claims apply), or were the result of such actions on the part of others for whom Defendant was not responsible and for whom Defendant has no legal liability.  Such fault of Plaintiffs and/or third parties serves to bar any recovery by Plaintiffs herein or to proportionately reduce any such recovery; and the fact finder must accordingly assess fault percentages against Plaintiffs and third parties as they may be identified in these proceedings.

## TWENTIETH AFFIRMATIVE DEFENSE

To the extent the incident product has been or may in the future be subject to a recall by the U.S. Consumer Product Safety Commission or a similarly situated entity, Defendant incorporates herein by reference any applicable federal and/or equitable defenses arising from or incident to said recall.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The claims attempted to be asserted against this Defendant are barred due to spoliation of evidence.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The claims attempted to be asserted in the Complaint against this Defendant are time-barred by the applicable statute of limitations, statute of repose, peremption and/or by laches.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' alleged claims are barred by waiver, release, issue preclusion, estoppel and/or *res judicata*.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

To the extent the claims alleged in Plaintiffs' Class Action Omnibus Complaint have been settled, compromised, or otherwise discharged, Defendant is entitled to a set-off.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

No claims are available in equity as alleged in the Complaint.  Alternatively, Plaintiffs' alleged claims in equity are barred by the availability of an adequate remedy at law.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The exclusive remedy of any Plaintiff against this Defendant is under the Louisiana New Home Warranty Act, La. R.S. 9:3144.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The subject claims have prescribed based on the time limitations of the warranties provided by La. R.S. 9:3144.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The remedies and warranties of the New Home Warranty Act are exclusive relative to home construction and no other provisions of law relative to warranties and redhibitory devices and defect apply and the New Home Warranty Act warranties are limited exclusively to those provided by La. R.S. 9:3144.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Any damages to which any Plaintiff is entitled to recover are limited to reasonable costs of repair or replacement necessary to cure any defects or the original purchase price of the home, as set forth in La. R.S. 9:3149.

## THIRTIETH AFFIRMATIVE DEFENSE

Any claims are barred by the failure of any plaintiff to give written notice as required by Louisiana R.S. 9:3144B(4)(c) and La. R.S. 9:3145.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendant affirmatively alleges that at the time the subject drywall was installed in the home(s) built by Cockerham Construction, Cockerham Construction had no reason to know or to suspect that there were problems with the drywall it purchased from its suppliers; therefore, it would have not been under any duty to warn of the defects now alleged.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

This Defendant specifically denies that it had actual or constructive knowledge of any alleged defects in the products described in the Complaint.

- 24 -

## THIRTY-THIRD AFFIRMATIVE DEFENSE

This Defendant affirmatively alleges that it was not in the business of manufacturing or selling drywall; therefore, it is not liable for latent defects and/or defective building materials supplied to it by others, including but not limited to suppliers.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Defendant affirmatively alleges that it was not in the business of manufacturing drywall; therefore, it is not liable for any alleged misrepresentation regarding drywall.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Defendant affirmatively alleges that it is not a merchant selling drywall; therefore, it is not liable for any alleged implied warranty of merchantability or implied warranty of fitness for a particular purpose for drywall or any alleged breach thereof.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Defendant affirmatively alleges that it justifiably relied on its own merchant drywall suppliers and drywall suppliers for its subcontractors (if any) to provide drywall that was fit for the ordinary purpose for which it was intended.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant affirmatively alleges that all work performed by Cockerham Construction was performed in a workmanlike manner, in accordance with building code requirements, and in conjunction with installation specifics; hence, the Plaintiffs cannot recover against Cockerham Construction for the claimed damages.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant affirmatively alleges that the drywall at issue is not a product upon which a strict liability claim may be based; it is instead a structural improvement to real property and, accordingly cannot form the basis for a strict liability claim.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Defendant affirmatively alleges that Plaintiffs assert that the alleged nuisance consists of "[t]he odors and effects resulting from the emission of gases from the Chinese Drywall."  The Plaintiffs' Omnibus Class Action Complaint (I) omits allegations of ultimate fact detailing how Defendant's alleged construction of the property created or caused the nuisance of emission of gases.  On the contrary, the alleged nuisance claimed by Plaintiffs suggests a defect in the manufacturing of the drywall rather than issues related to the manner in which it was used.

## FORTIETH AFFIRMATIVE DEFENSE

At all material times, Defendant acted in a reasonable and proper manner, and in accordance with and in satisfaction of the standards of the industry in which it operates, and further satisfied any and all requirements of that industry for any entity or entities of its kind, and in performance of or in connection with, any acts which form the basis of this claim and further in connection with the acts and transactions as outlined in the allegations which form the subject of this litigation.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover consequential damages of any kind under the New Home Warranty Act, or any other applicable law.

### FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover damages for bodily injury, mental anguish, aggravation or inconvenience or damage to personal property under the New Home Warranty Act, or any other applicable law.

### FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover damages for the costs of relocation or for the diminution in the value of their homes under the New Home Warranty Act, or any other applicable law.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

Defendant affirmatively pleads that there is no causal relation between the use of the complained of materials in the construction of Plaintiffs' homes and Plaintiffs' damages, if any. Any and all damages are specifically denied.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

Defendant avers that if any defect, vice and/or deficiency made the basis of this litigation exists in the drywall, which is in fact denied, such defect, vice and/or deficiency did not exist at the time the drywall was installed in Plaintiffs' homes.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

Defendant avers that if any defect, vice and/or deficiency exists in the drywall made the basis of this litigation, which is in fact denied, Defendant was not aware of, nor had knowledge of, such defect, vice and/or deficiency at the time the drywall was installed in Plaintiffs' homes.

WHEREFORE, Defendant, Cockerham Construction, prays that its Answer and Affirmative Defenses to Plaintiffs' Omnibus Class Action Complaint (I) be deemed good and sufficient, and that after due proceedings are had, there be judgment herein in favor of

Cockerham Construction and against Plaintiffs, denying the requested class certification, and dismissing Plaintiffs' Omnibus Class Action Complaint (I), with prejudice, and at Plaintiffs' costs.

FURTHER, Cockerham Construction prays for all general and equitable relief to which it may be entitled and for trial by jury, and further reserves the right to amend this Answer to Plaintiffs' Omnibus Class Action Complaint (I), or file incidental pleadings, if appropriate, as prescribed by law, as discovery continues.

Respectfully submitted:

**PAJARES & SCHEXNAYDRE, LLC**

_____/s/_____Raymond J. Pajares_____
RAYMOND J. PAJARES , T.A.
Louisiana State Bar Association Number 17343
E. ASHLEY CARTER
Louisiana State Bar Association Number 19872
68031 Capital Trace Row
Mandeville, Louisiana  70471
Telephone: 985-292-2000
Facsimile:  985-292-2001
**ATTORNEYS FOR DEFENDANT,**
**COCKERHAM CONSTRUCTION, L.L.C.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and foregoing Answer to Plaintiffs' Omnibus Class Action Complaint (I) has been served on Plaintiffs' Liaison Counsel, Russ Herman, and the Defendant Homebuilders' Liaison Counsel, Phillip A. Wittman, by e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 26th day of May 2010.


        ____/s/____ Raymond J. Pajares_____
        Raymond J. Pajares
        68031 Capital Trace Row
        Mandeville, Louisiana  70471
        Telephone: 985-292-2000
        Facsimile:  985-292-2001
        E-Mail: rpajares@pslawfirm.com