UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * | MDL NO. 2047 SECTION: L JUDGE: FALLON |
| This Document Relates to: *Robert C. Pate v. American International Specialty Lines Insurance Company, et al.* *Case No. 09-7791* | * * * * | MAG: WILKINSON |

**MOTION TO DISMISS FIRST AMENDED COMPLAINT
FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

Defendant OWNERS INSURANCE COMPANY ("Owners") respectfully moves this Honorable Court pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure for an Order dismissing Plaintiff's claims against Owners in the above-styled cause. A Memorandum in support of this motion is filed contemporaneously herewith. As grounds for this motion, Owners shows unto this Court the following:

1. Owners is not a resident of the state of Louisiana and this Court has no grounds for the exercise of personal jurisdiction over Owners. Owners has no ties to the state of Louisiana, does not do business in the state of Louisiana, does not solicit business in the state of Louisiana, and is not licensed to write insurance in the state of Louisiana. (See Affidavit of Scott Norris attached as Exhibit A). Plaintiff does not allege to the contrary in his First Amended Complaint.

2. The averments of the First Amended Complaint which do pertain to Owners allege only that insurance policies were issued by Owners to Hinkle Drywall, LLC, a Florida limited liability company. (First Amended Complaint, ¶50; Exhibit A). The First Amended

43183 v1

Complaint alleges no acts or omissions arising from any contact between Owners and the state of Louisiana, and no conduct Owners allegedly engaged in within the state of Louisiana.

3. Because Owners is not a resident of and has no contacts with the state of Louisiana, and because the acts or omissions alleged in the First Amended Complaint have no connection with the state of Louisiana, this Court cannot exercise personal jurisdiction over Owners and Owners is due to be dismissed from this action.

4. Alternatively, because this Court lacks jurisdiction over Owners, venue is improper in the Eastern District of Louisiana under 28 U.S.C. § 1391. Accordingly, Plaintiff's First Amended Complaint is due to be dismissed under 28 U.S.C. § 1406(a).

WHEREFORE, these premises considered, Owners respectfully moves this Court to dismiss Plaintiff's First Amended Complaint for lack of personal jurisdiction and/or for improper venue.

Respectfully submitted:

> **LEAKE & ANDERSSON, L.L.P.**
>
> */s/ Amanda W. Vonderhaar*
> _____
> **JERRY L. SAPORITO, T.A.  (#11717)**
> **jsaporito@leakeandersson.com**
> **W. PAUL ANDERSSON (#2474)**
> **pandersson@leakeandersson.com**
> **AMANDA W. VONDERHAAR (#31350)**
> **avonderhaar@leakeandersson.com**
> 1700 Energy Center
> 1100 Poydras Street
> New Orleans, Louisiana 70163-1701
> Telephone: (504) 585-7500
> Fax: (504) 585-7775
> *Attorneys for Owners Insurance*
> *Company, Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **Owners Insurance Company's Motion to Dismiss First Amended Complaint for Lack of Personal Jurisdiction and Venue** has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 26th day of May, 2010.

/s/ Amanda W. Vonderhaar

**AMANDA W. VONDERHAAR**