UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * | MDL NO. 2047 |
| | * | SECTION: L |
| | * | |
| | * | JUDGE: FALLON |
| This Document Relates to: | * | |
| *Robert C. Pate v. American International Specialty Lines Insurance Company, et al.* | * * | MAG: WILKINSON |
| Case No. 09-7791 | * | |

**<u>MEMORANDUM IN SUPPORT OF OWNERS INSURANCE COMPANY'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE</u>**

**May it Please the Court:**

Comes now OWNERS INSURANCE COMPANY ("Owners"), a defendant in the above-styled cause, and submits this Memorandum in Support of its Motion to Dismiss for Lack of Jurisdiction and Improper Venue filed contemporaneously herewith:

**I.   INTRODUCTION**

This Court lacks personal jurisdiction over Owners, an insurance company which is not licensed to write and does not write insurance policies in Louisiana, which collects no premiums in Louisiana, which maintains no offices in Louisiana, which has no employees in Louisiana, and which does not solicit customers or business in Louisiana. Accordingly, Owners lacks the "minimum contacts" with the State of Louisiana by which it would reasonably expect to be hailed into Court in this state.

As demonstrated herein, case law precedent from the Fifth Circuit Court of Appeals, the Eastern District of Louisiana, and the Supreme Court of Louisiana all dictate that insurers like Owners, which lack ties to the forum either generally or specifically with reference to the matters

43185 v1

alleged in the First Amended Complaint, do not have the continuous and systematic contacts upon which personal jurisdiction may be based. Though this Court serves as the hub for claims related to Chinese Drywall, this designation does not mitigate this Court's lack of personal jurisdiction over Owners.

Plaintiff's First Amended Complaint at Paragraph 50 references an insurance policy allegedly issued by Owners to Hinkle Drywall, LLC as the sole basis of Plaintiff's claim against Owners. Hinkle Drywall, LLC is a Florida limited liability company which maintained a Florida address during the entire duration of the coverage. The issuance and maintenance of the policy was accomplished with no involvement in or from Louisiana. Accordingly, these facts cannot support the exercise of personal jurisdiction.

This Court should order dismissal of the First Amended Complaint against Owners pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction.

## II.   NARRATIVE OF UNDISPUTED FACTS

Owners is an insurance company formed under the laws of the State of Ohio, with its principal place of business situated in Lansing, Michigan. *See* Affidavit of Scott Norris attached to Notice of Filing as Exhibit A (hereinafter referred to as "Exhibit A"). Owners is one of several wholly-owned subsidiaries of the parent company Auto-Owners Insurance Company, and like all companies in the Auto-Owners group is separately formed. *See* Exhibit A.

Owners is not licensed to write policies of insurance in the State of Louisiana. *Id*.[1] Owners has not collected insurance premiums on any policies issued within the State of

---

[1] Notably, the First Amended Complaint alleges at ¶24 that sixteen of the Defendants in this action are authorized to sell insurance in Louisiana, and that five of the Defendants maintain some sort of tie to Louisiana. Owners is one of three Defendants who are not alleged to possess such authority or contacts.

Louisiana. *Id*. Owners does not operate an office within the State of Louisiana, does not have any employees in the State of Louisiana, and has not designated a registered agent for service of process in Louisiana. *Id*. Owners does not direct its advertisements specifically to the residents of Louisiana, nor does it solicit business from Louisiana residents in any other manner. *Id*. All of these facts are true for every other company in the Auto-Owners group. *Id.*

The First Amended Complaint alleges at ¶50 that Owners issued a policy of insurance to Hinkle Drywall, LLC. At all times, the address maintained for Hinkle Drywall, LLC was in the State of Florida. *Id.* All activities in connection with the application for the policy, the billing of premiums for the policy, and the collection of premiums for the policy, occurred in the State of Florida. *Id.* None of these activities with reference to the policy issued to Hinkle Drywall, LLC occurred in or had any connection to the State of Louisiana. *Id.*

### III. ARGUMENT

#### A. STANDARD OF REVIEW

When considering a motion to dismiss pursuant to FED.R.CIV.P. 12(b)(2), this Court must consider the allegations contained in Plaintiff's First Amended Complaint as true, unless those allegations are controverted by the defendant's affidavit. *Thomas v. Kennedy*, 75 Fed. Appx. 281, 283-284 (5th Cir. 2003)(unpublished)(citing *Asarco, Inc. v. Glenara Ltd.*, 912 F. 2d 784, 785 (5th Cir. 1990)). It is Plaintiff's burden to prove personal jurisdiction over the defendant when defendant timely calls such jurisdiction into question. *Travelers Indemnity Company v. Calvert Fire Ins. Co.*, 798 F. 2d 826, 831 (5th Cir. 1986).

"In diversity actions … the law of the forum state, subject to the Constitutional limits imposed by the Due Process Clause, controls the ability of a district court to exercise personal jurisdiction over nonresident defendants." *Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.

3d 389, 396 (5th Cir. 2001)(citing *Southmark Corp. v. Life Investors, Inc.*, 851 F. 2d 763, 722 n. 15 (5th Cir. 1988)); *Stuart v. Spademan*, 722 F. 2d 1158 (5th Cir. 1985).

A federal court sitting in diversity applies a two-step test to determine whether or not it has personal jurisdiction over a defendant: 1) is the defendant amenable to service under the forum state's long-arm statute, and 2) does the assertion of jurisdiction comport with due process under federal law? *Standard Fittings Co. v. Sapag*, 625 F. 2d 630, 636-37 (5th Cir. 1980).

Thus, this Court sitting in diversity (as invoked by the First Amended Complaint at ¶23) must look first to Louisiana state statutes governing jurisdiction, then to federal precedent outlining Due Process constraints on personal jurisdiction, in determining if it may properly exercise jurisdiction over Owners in this action.

**B.    PERSONAL JURISDICTION DOES NOT EXIST UNDER LOUISIANA'S LONG-ARM STATUTE**

Subsection B of the Louisiana Long-Arm Statute reads: " . . . a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States." LA. REV. STAT. ANN. § 13:3201 (1987). This statute ensures that the long-arm jurisdiction of a Louisiana court extends to the limits permitted by the Due Process Clause of the Fourteenth Amendment. *Superior Supply Co. v. Associated Pipe and Supply Co.*, 515 So. 2d 790, 792 (La. 1987). According to the Supreme Court of Louisiana, the addition of this subsection obviated the need for any inquiry into the propriety of jurisdiction beyond one simple step: an analysis of constitutional due process requirements. *First Guaranty Bank of Hammond v. ALAS*, 515 So. 2d 1080, 1083 (La. 1987). Fortunately then, the determination of whether personal jurisdiction over Owners exists has been reduced, by virtue of Louisiana's Long-Arm Statute, to the single step of a Due Process inquiry. *See id.*

For the exercise of jurisdiction under the Long-Arm Statute to be constitutionally permissible, the defendant's contacts with the forum must either be continuous and systematic in nature, or the cause of action must arise out of the defendant's minimum contacts with the forum. *First Guaranty Bank of Hammond*, 515 So. 2d at 1084 (citing *McGee v. Int'l. Life Ins. Co.*, 355 U.S. 220 (1985)); *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408 (1984). In *First Guaranty Bank of Hammond*, the Louisiana Supreme Court found that ALAS, a malpractice insurance provider, maintained sufficient contacts with Louisiana to satisfy both general and specific jurisdiction, as ALAS insured several Louisiana-based law firms, received substantial sums in premiums from said firms, and sent representatives to Louisiana to advise members of said firms on liability issues. 515 So. 2d at 1084. As such, the fact that ALAS was not licensed to write insurance in Louisiana did not in and of itself overcome the sufficiency of its contacts with Louisiana as a proper basis for personal jurisdiction. *Id*.

In the instant matter, Owners does not maintain the amount, frequency, or nature of contacts with Louisiana that ALAS did in *First Guaranty Bank of Hammond*. Not only is Owners not licensed to write insurance policies in Louisiana, but Owners does not solicit business from or collect premiums from Louisiana residents as individuals or businesses. *See* Exhibit A.

Both the Fifth Circuit Court of Appeals and this Court have found on many occasions that personal jurisdiction is improper on due process grounds over an insurer which, like Owners, is not licensed to write insurance in Louisiana and which does not solicit business in Louisiana. *See*, *e.g.*, *Travelers*, 798 F.2d at 833; *Louis Dreyfus Corp. v. Inter-Industry Ins. Co.*, 723 F.Supp. 375, 379-380 (E.D. La. 1989); *Andrieu v. Countrywide Home Loans, Inc.*, No. 04-3516, 2006 WL 2117713, at *4 (E.D. La. July 26, 2006). More specifically, this Court has found that such

circumstances do not even satisfy the broad standard for due process articulated by the United States Supreme Court in *McGee v. International Life Insurance Company*, 355 U.S. 220 (1985). *Louis Dreyfus Corp.*, 723 F.Supp. at 380.

Because Plaintiff has not alleged contacts between Owners and Louisiana and because Owners has affirmatively shown that it does not do business in Louisiana such that it could reasonably foresee the possibility of facing litigation within the forum, there is no basis consistent with due process for this Court to assert personal jurisdiction over Owners.

**C. PERSONAL JURISDICTION CANNOT BE MAINTAINED OVER OWNERS CONSISTENT WITH DUE PROCESS AND THE CONTROLLING CASE LAW**

A non-resident defendant is not subject to the jurisdiction of this Court unless it has sufficient "minimum contacts" with the State of Louisiana, and maintaining the suit does not offend "traditional notions of fair play and substantial justice." *Dalton v. R&M Marine, Inc.*, 897 F. 2d 1359, 1361 (5th Cir. 1990)(citing *International Shoe v. Washington*, 326 U.S. 310, 316 (1945)); *LaRocca's Auto Sales Floorplan, Inc. v. Shelton*, No. 09-CA-143 2009 WL 3447606 at \*2, (La. App. 5th Cir. Oct. 27, 2009). There are two components to the due process test: "minimum contacts" and "traditional notions of fair play and substantial justice." *Asarco, Inc. v. Glenara Ltd.*, 912 F. 2d 784, 786 (5th Cir. 1990).

In *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784 (5th Cir. 1990), the Fifth Circuit Court of Appeals identified two categories of minimum contacts which give rise to personal jurisdiction over a non-resident defendant -- general jurisdiction and specific jurisdiction. Louisiana has general jurisdiction over a defendant when the defendant has "continuous and systematic contacts" with the state. *Asarco*, 912 F. 2d at 786. Specific jurisdiction arises when the suit is derived from, or related to, the defendant's purposeful contacts with the forum state. *Asarco*, 912

F. 2d at 786 (citing *Dalton v. R&W Marine*, *supra*, 897 F. 2d at 1361-1362); *Helicopteros v. Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).

Owners has affirmatively established that it does not have minimum contacts with the State of Louisiana because it has not purposely availed itself of the privilege of conducting business in Louisiana. *See* Exhibit A. The United States Supreme Court has held that "[i]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus evoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)(citing *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)).

Because Owners does not maintain offices in Louisiana, does not solicit business from or collect premiums from Louisiana residents, and does not hold a license or any authority from the State of Louisiana to conduct the business of insurance within the state, Owners does not have the continuous and systematic contacts necessary to support general jurisdiction over it in Louisiana. *See Travelers*, 798 F.2d at 832 (citing *Helicopteros*, 466 U.S. at 412).

Further, this Court cannot exercise personal jurisdiction over Owners on the basis of specific jurisdiction, which must arise from some act or omission of Owners that is connected to the forum. *Id.* The only involvement of Owners alleged in the First Amended Complaint is the issuance of a policy to Hinkle Drywall LLC. *See* First Amended Complaint, ¶50; Exhibit A. The policy of insurance was issued to Hinkle Drywall, LLC in the state of Florida, and Hinkle Drywall, LLC retained a Florida address during the duration of the policy. Exhibit A. This contract of insurance cannot serve as a basis of specific jurisdiction as the policy has no connection with Louisiana. *See Louis Dreyfus Corp.*, 723 F.Supp. at 379-380. Therefore,

personal jurisdiction in this Court over Owners cannot exist consistent with the boundaries and requirements of due process.

Finally, there are no matters pled in the First Amended Complaint by which the exercise of personal jurisdiction over Owners would comport with "traditional notions of fair play and substantial justice." *International Shoe v. Washington*, 326 U.S. 310, 316 (1945). Owners has demonstrated that it is wholly bereft of any contacts with the State of Louisiana, either generally or in relation to the matters pled in the First Amended Complaint, which would allow the exercise of personal jurisdiction over Owners consistent with Due Process.

### D. NEITHER 28 U.S.C. § 1407 NOR THE JPML ORDER CREATE PERSONAL JURISDICTION OVER OWNERS

Plaintiff does not allege in the First Amended Complaint that Owners has the contacts with the forum necessary to sustain this Court's exercise of personal jurisdiction. Instead, Plaintiff appears to claim that jurisdiction over Owners, and ostensibly over several other defendants who are not alleged to have contacts with the forum, arises from 28 U.S.C. § 1407 and the Order from the Judicial Panel on Multidistrict Litigation (JPML) establishing the Chinese-Manufactured Drywall Products Liability Litigation. *See In re Chinese-Manufactured Drywall Products Liability Litigation*, 626 F.Supp. 2d 1346 (J.P.M.L. 2009).

However, a transfer does not create personal jurisdiction over parties to a claim, whether the claim was transferred under 28 U.S.C. § 1407 to a specific forum or whether Plaintiff's choice of forum was influenced by a previous transfer. *See In re Reciprocal of America Sales Practices Litigation*, No. MDL 1551, Civ. A. 04-2294, 2005 WL 3593635, *1 (W.D. Tenn. Dec. 30, 2005)(citing *Ferens v. John Deere Co.*, 494 U.S. 516 (1990))(when a case is transferred pursuant to a JPML order under 28 U.S.C. § 1407, the transferee court may entertain a motion to

dismiss for lack of personal jurisdiction, which it reviews under long-arm statute or other laws of the forum where the transferor court is located).

A motion to dismiss may still be entertained despite a transfer under § 1407 because a transfer does not serve as a basis for personal jurisdiction. It must then follow that when an action is initiated in a particular forum because cases of similar subject matter already reside there, the forum does not automatically enjoy personal jurisdiction. Because there has been no transfer from one district to another in the case *sub judice*, the laws of Louisiana must be applied to determine personal jurisdiction. *See id.*

As demonstrated above, Owners does not have sufficient minimum contacts with Louisiana to sustain personal jurisdiction on either a general or specific basis. Therefore, despite Plaintiff's attempt to lump Owners in with other insurers over which this Court might exercise jurisdiction, the claims against Owners are due to be dismissed for lack of personal jurisdiction.

## IV. VENUE IS IMPROPER IN THIS FORUM UNDER 28 U.S.C. § 1391

Plaintiff alleges that "[v]enue is proper in this district pursuant to 28 U.S.C. § 1391(a)(3) because Defendants are subject to the personal jurisdiction in this judicial district," and that "[v]enue is otherwise appropriate in this district consistent with 28 U.S.C. § 1407." (Complaint, ¶24). A plaintiff bears the burden of proving his choice of venue is proper. *See Thompson v. State of Georgia*, Civ. A. No. 08-1172, 2008 WL 4909421, *1 (W.D. La. Oct. 15, 2008) (citing *Smith v. Fortenberry*, 903 F. Supp. 1018, 1019-20 (E.D. La.1995). When venue is improper, a Court shall either dismiss the action or, "in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

28 U.S.C. § 1391(a) provides:

> A civil action wherein jurisdiction is founded only on a diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a

> judicial district where any defendant resides, *if all defendant reside in the same State*, (2) *a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred*, or a substantial part of the property that is the subject of the action is situated, or (3) *a judicial district in which any defendant is subject to personal jurisdiction* at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a) (emphasis added).

By Plaintiff's own admissions and allegations, none of the defendant insurance companies are residents of the State of Louisiana. (Complaint, ¶¶2-22). As such, venue under § 1391(a)(1) is improper. *Fortenberry*, 903 F. Supp. At 1020; *Francis v. E-Z- Bus, Inc.*, Civ. A. No. 05-6905, 2006 WL 901761 *1 (E.D. La. April 7, 2006).

With respect to subparagraph (2) of § 1391, this action arises out of WCI's alleged use of Chinese drywall only in the States of Florida, New York, New Jersey, Virginia, Maryland, and Connecticut. (Complaint, ¶25). Further, Plaintiff alleges that WCI began receiving complaints about the use of Chinese drywall in homes WCI allegedly sold "in Florida, including areas such as Fort Lauderdale, Fort Myers, and Bradenton," beginning in 2006. (Complaint, ¶27).

Any policy of insurance by which Plaintiff seeks coverage from Owners was executed and delivered in the State of Florida. (Exhibit A; Complaint, ¶50). In an action alleging breach of contract, venue is proper at the place of performance. *See Central Progressive Bank v. Harvey*, Civ. A. No. 08-4035, 2009 WL 901770, *5 (E.D. La. March 27, 2009) (citing *American Carpet Mills v. The Gunny Corp.*, 649 F.2d 1056, 1059 (5th Cir. 1981)).

Since WCI's claims were received from Ft. Lauderdale, Ft. Myers, and Bradenton, all of which are located in the State of Florida, and WCI's troubles arise out of its activities only in the states of "Florida, New York, New Jersey, Virginia, Maryland, and Connecticut," (Complaint, ¶¶25-27), neither a "substantial part of the events or omissions giving rise to the claim occurred,

or a substantial part of the property that is the subject of the action is situated" in this judicial district.  28 U.S.C. § 1391(a)(2).  Therefore, § 1391(a)(2) is similarly inapplicable to the instant case.

Finally, as set forth in detail above, Owners is not subject to the jurisdiction of this Court, so venue under § 1391(a)(3) is likewise inapplicable.  *See*, *e.g.*, *Brady v. Capital Group, Inc.*, Civ. A. No. 91-3873, 1992 WL 46337, *6 (E.D. La. March 4, 1992) (a court must have personal jurisdiction before venue under § 1391(a)(3) is proper).

V. **CONCLUSION**

For all of the foregoing reasons, the claims against Owners asserted in the First Amended Complaint are due to be dismissed for lack of personal jurisdiction and improper venue.

Respectfully submitted:

                            **LEAKE & ANDERSSON, L.L.P.**

                            */s/ Amanda W. Vonderhaar*
                            _____
                            **JERRY L. SAPORITO, T.A.  (#11717)**
                            **jsaporito@leakeandersson.com**
                            **W. PAUL ANDERSSON (#2474)**
                            **pandersson@leakeandersson.com**
                            **AMANDA W. VONDERHAAR (#31350)**
                            **avonderhaar@leakeandersson.com**
                            1700 Energy Center
                            1100 Poydras Street
                            New Orleans, Louisiana 70163-1701
                            Telephone: (504) 585-7500
                            Fax: (504) 585-7775
                            *Attorneys for Owners Insurance*
                            *Company, Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing **Memorandum in Support of Owners Insurance Company's Motion to Dismiss First Amended Complaint for Lack of Personal Jurisdiction and Venue** has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 26th day of May, 2010.

                                          */s/ Amanda W. Vonderhaar*
                                          AMANDA W. VONDERHAAR