UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION ) ) ) ) This Document relates to: ) *Pate v. American International Specialty Lines Insurance Company, et al* **(09-7791)** ) ) ) ) | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |

## NGM INSURANCE COMPANY'S MOTION FOR PROTECTIVE ORDER STAYING SUBMISSION OF INSURER PROFILE FORMS AND INSURANCE POLICIES PENDING RESOLUTION OF RULE 12(b) MOTIONS

**NOW INTO COURT,** through undersigned counsel, comes NGM Insurance Company ("NGM"), who, pursuant to Fed.R.Civ.P.26(c), moves this Honorable Court for a protective order staying the submission of Insurer Profile Forms and insurance policies pending resolution of its Rule 12(b) Motion to Dismiss. As grounds for this motion, NGM states as follows:

On December 23, 2009, Pate, in his alleged capacity as the Trustee for the Chinese Drywall Trust, instituted the instant suit against various insurer Defendants, including NGM. NGM has filed a Motion to Dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), for insufficient process pursuant to Federal Rule of Civil Procedure 12(b)(4), for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5) and for

1

failure to join necessary indispensable parties pursuant to Federal Rule of Civil Procedure 12(b)(7), since Pate failed to name HDS Drywall Services, Inc., NGM's named insured under whose policies Pate seeks to claim rights as an additional insured. Other insurers in *Pate* have also filed Motions to Dismiss based upon a lack of personal jurisdiction, the failure to join indispensable parties, and improper venue.

On April 27, 2010, this Court issued Pretrial Order No. 23 requiring that "each insurance company that is named as a party in any action pending in MDL No.2047 must complete and sign the attached Insurer Profile Form." The Fifth Circuit has repeatedly instructed trial courts to stay discovery under Rule 26(c), where the disposition of pending dispositive motions would preclude the need for discovery altogether, thus saving time and expense. The Insurer Profile Forms require the insurer to disclose certain information under penalty of perjury and further require the production of insurance policies. Thus, they are akin to discovery. Since a ruling in favor of NGM on its Motion to Dismiss would effectively relieve NGM from any obligation to prepare and submit an Insurer Profile Form and produce its insurance policy, this Court should stay its obligation to comply with the Court order until after the pending Rule 12(b) motions are resolved.

Further, NGM hereby adopts and incorporates by reference as if fully set forth herein the statements, arguments and citations to jurisprudence and statutory law contained in the Motion for Protective Order and Memorandum in Support submitted by the Chartis, Lexington and National Union Fire Defendants (Docket Entry No. 3042).

**WHEREFORE,** for the reasons set forth above and in the accompanying supporting memorandum, as well as the reasons set forth in the Motion and Memorandum in Support filed by the above named Defendants, NGM respectfully requests that this Court grant this motion and

stay the submission of insurer profile forms and the disclosure of insurance policies, pending resolution of its Rule 12 motion.

Dated: May 26, 2010

        Respectfully submitted,

        /s/ Sarah B. Christie
        **David F. Hassett, Esquire (MA No. 544443)**
        dhassett@hassettanddonnelly.com
        **Sarah B. Christie, Esquire (MA No. 566833)**
        schristie@hassettanddonnelly.com
        **HASSETT & DONNELLY, P.C.**
        446 Main Street, 12th Floor
        Worcester, MA 01608
        (508) 791-6287 (Phone)
        (508) 791-2652 (Fax)

        **ATTORNEYS FOR DEFENDANT,
        NGM INSURANCE COMPANY**

## FED.R.CIV.P.26(c)(1) CERTIFICATION

The undersigned counsel hereby certifies that it is her understanding that counsel from the Insurer's Lead Counsel's office has, in good faith, conferred with the Plaintiff's Steering Committee but has been unable to resolve the dispute that is the subject of NGM Insurance Company's Motion for Protective Order Staying Submission of Insurer Profile Forms and Insurance Policies Pending Resolution of Rule 12(b) Motions.

        /s/ Sarah B. Christie
        Sarah B. Christie, Esquire

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing **NGM INSURANCE COMPANY'S MOTION FOR PROTECTIVE ORDER STAYING SUBMISSION OF INSURER PROFILE FORMS AND INSURANCE POLICIES PENDING RESOLUTION OF RULE 12(b) MOTIONS** has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand-delivery and email and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 26th day of May, 2010.

/s/ Sarah B. Christie
Sarah B. Christie, Esquire