## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| IN RE: | CHINESE-MANUFACTURED DRYWALL | * | MDL NO. 09-2047 |
| | PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | | * | |
| THIS DOCUMENT RELATES TO: | | * | |
| | | * | JUDGE FALLON |
| JOYCE W. ROGERS, individually, and on | | * | |
| behalf of all others similarly situated, et al | | * | |
| vs. | | * | |
| KNAUF GIPS KG; KNAUF PLASTERBOARD | | * | MAG. JUDGE |
| (TIANJIN) CO., LTD.; KNAUF PLASTERBOARD | | * | WILKINSON |
| (WUHU) CO., LTD.; GUANGDONG KNAUF NEW | | * | |
| BUILDING MATERIAL PRODUCTS CO., LTD., et al., | | * | |
| | | * | |
| Case No.  2:10-cv-00362 | | * | |

### DEFENDANT'S, PRINCETON HOMES, INC., ANSWER
### TO THE AMENDED OMNIBUS CLASS ACTION COMPLAINT (IV)

Defendant, Princeton Homes, Inc. ("Princeton"), answers the Amended Omnibus Class

Action Complaint (IV), and states:

### JURISDICTION, PARTIES, AND VENUE

1.      Princeton is without knowledge as to paragraphs 1 through 629.

2.      In response to paragraph 630, Princeton admits that its principal place of business is

at 500 Australian Avenue, Suite 110, West Palm Beach, Florida 33400.  Princeton further admits that

it is a corporation organized under the laws of Florida.  Princeton denies all other allegations

contained in paragraph 630.

3.      Princeton is without knowledge as to the allegations in paragraphs 631 through 679.

-1-

**FACES REGARDING PRODUCT DEFECT**

4.      Princeton denies paragraphs 680 through 690.

**CLASS ACTION ALLEGATIONS**

The Knauf Class

5.      Princeton is without knowledge as to the allegations contained in paragraphs 691 through 693.

The Builder/Developer Subclasses (Subclasses 12-124)

6.      Schedules "2" and "3" attached to the Omnibus Class Action Complaint (IV) speak for themselves.  Princeton denies all other allegations in paragraphs 694 through 695.

The Contractor/Installer Subclasses (Subclasses 125-142)

7.      Princeton is without knowledge as the allegations contained in paragraphs 696 through 697.

General Class Allegations and Exclusions from the Class Definitions

8.      To the extent that the allegations are applicable to Princeton, Princeton is without knowledge as to the allegations contained in paragraphs 698 through 707.

**COUNT I**
**NEGLIGENCE**
**(Against all Defendants)**

9.      In response to paragraph 708, Princeton realleges its answers to paragraphs 1 through 707.

10.      Princeton denies the allegations contained in paragraphs 709 through 715.

**COUNT II**
**NEGLIGENCE PER SE**
**(Against all Defendants)**

11.    In response to paragraph 716, Princeton realleges its answers to paragraphs 1 through 715.

12.    Princeton denies the allegations contained in paragraphs 717 through 722.

**COUNT III**
**STRICT LIABILITY**
**(All Defendants)**

13.    In response to paragraph 723, Princeton realleges its answers to paragraphs 1 through 722.

14.    Princeton denies the allegations contained in paragraphs 724 through 740.

**COUNT IV**
**BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES**
**(All Defendants)**

15.    In response to paragraph 741, Princeton realleges its answers to paragraphs 1 through 740.

16.    Princeton denies the allegations contained in paragraphs 742 through 748.

**COUNT V**
**BREACH OF THE IMPLIED WARRANTY OF FITNESS AND MERCHANTABILITY**
**PURSUANT TO FLORIDA STATUTES SECTION 718.203**
**(On Behalf of Plaintiffs Who Own Condominiums in the State of Florida)**
**(Against Builders Only)**

17.    In response to paragraph 749, Princeton realleges its answers to paragraphs 1 through 748.

18.     Paragraphs 750 through 760 do not apply to Princeton.  However, to the extent that any of the allegations contained therein could be construed against Princeton, Princeton denies all such allegations.

**COUNT VI**
**BREACH OF THE IMPLIED WARRANTY OF HABITABILITY**
**(Against Builders Only)**

19.     In response to paragraph 761, Princeton realleges its answers to paragraphs 1 through 760.

20.     The contracts referenced in paragraph 762 speak for themselves.  Princeton denies all other allegations contained in paragraph 762.

21.     Princeton denies the allegations contained in paragraphs 763 through 767.

**COUNT VII**
**BREACH OF CONTRACT**
**(Against Builders Only)**

22.     In response to paragraph 768, Princeton realleges its answers to paragraphs 1 through 767.

23.     In response to paragraph 769, the purchase agreements referenced therein speak for themselves.  Princeton denies all other allegations contained therein.

24.     Princeton denies the allegations contained in paragraphs 770 and 771.

**COUNT VIII**
**VIOLATION OF THE LOUISIANA NEW HOME WARRANTY ACT**
**(on Behalf of Plaintiffs Who Own Homes in the State of Louisiana)**
**(Against Louisiana Builders Only)**

25.     In response to paragraph 772, Princeton realleges its answers to paragraphs 1 through 771.

-4-

26.     Paragraphs 773 through 778 do not apply to Princeton because, among other things, it is not a Louisiana builder, and has never constructed a home in the State of Louisiana.

## COUNT IX
## REDHIBITION
### (By Louisiana Plaintiffs Against All Defendants)

27.     In response to paragraph 779, Princeton realleges its answers to paragraphs 1 through 778.

28.     Princeton denies the allegations contained in paragraphs 780 through 788.

## COUNT X
## LOUISIANA PRODUCTS LIABILITY ACT
### (Manufacturing Defendants)
(Pleaded in the Alternative Against Distributor Defendants)

29.     In response to paragraph 789, Princeton realleges its answers to paragraphs 1 through 788.

30.     Paragraphs 790 through 802 do not apply to Princeton because, among other things, it does not fall within the manufacturing defendants class.

## COUNT XI
## PRIVATE NUISANCE
### (All Defendants)

31.     In response to paragraph 803, Princeton realleges its answers to paragraphs 1 through 802.

32.     Princeton denies the allegations contained in paragraphs 804 through 809.

## COUNT XII
## NEGLIGENT DISCHARGE OF A CORROSIVE SUBSTANCE
### (All Defendants)

33.     In response to paragraph 810, Princeton realleges its answers to paragraphs 1 through 809.

34.     Princeton denies the allegations contained in paragraphs 811 through 816.

## COUNT XIII
## UNJUST ENRICHMENT
### (All Defendants)

35.     In response to paragraph 817, Princeton realleges its answers to paragraphs 1 through 816.

36.     Princeton denies the allegations contained in paragraphs 818 through 820.

## COUNT XIV
## VIOLATION OF CONSUMER PROTECTION ACTS
### (All Defendants)

37.     In response to paragraph 821, Princeton realleges its answers to paragraphs 1 through 820.

38.     Princeton denies the allegations contained in paragraphs 822 through 825.

## COUNT XV
## EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING
### (All Defendants)

39.     In response to paragraph 826, Princeton realleges its answers to paragraphs 1 through 825.

40.     Princeton denies the allegations contained in paragraphs 827 through 838.

## AFFIRMATIVE DEFENSES

41.     <u>FIRST AFFIRMATIVE DEFENSE</u>: Plaintiffs' claims are barred, in whole and/or in part, by their own failure to mitigate damages.

42.     <u>SECOND AFFIRMATIVE DEFENSE</u>: Plaintiffs' claims for breach of express and/or implied warranties are limited by the terms of the contract between the parties.  The contract between Princeton and Plaintiffs expressly provides that "there are no warranties which extend beyond the description on the face of Princeton's Warranty and any implied warranties, including but not limited to, any implied warranty of fitness for a particular purpose or implied warranty of merchantability, are hereby excluded."

43.     <u>THIRD AFFIRMATIVE DEFENSE</u>: Plaintiffs' claims are barred, in whole and/or in part, by the Statute of Limitations.

44.     <u>FOURTH AFFIRMATIVE DEFENSE</u>: Plaintiffs' claims are barred, in whole and/or in part, by the acts and/or omissions of others and not Princeton, including but not limited to, the drywall manufacturer, the drywall supplier, and the drywall installer.  Because such parties are responsible, in whole and/or in part, for Plaintiffs' alleged damages, each party should appear on the verdict form as a *Fabre* defendant.

WHEREFORE, Princeton requests that this Court enter judgment in its favor and against Plaintiffs on all counts of the Complaint asserted against Princeton, and awarding Princeton its costs, attorneys fees as permitted by contract and/or statute, and all other relief deemed appropriate.

Date:   May 27, 2010

/s/ L. Louis Mrachek
L. Louis Mrachek (Fla. Bar No. 182880)
Page, Mrachek, Fitzgerald & Rose, P.A.
Suite 600, 505 South Flagler Drive
West Palm Beach, Florida
561-655-2250 (Telephone)
561-655-5537 (Facsimile)
email: lmrachek@pm-law.com
Attorneys for Defendant, Princeton Homes, Inc.

-8-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 27, 2010, the above and foregoing Answer to the Amended Omnibus Class Action Complaint (IV) has been served upon all parties by electronically uploading the same to *LexisNexis File and Serve*, in accordance with Pre-Trial Order #6, and that the foregoing was electronically filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

*/s/ L. Louis Mrachek*

L. Louis Mrachek
