# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL NO:  2047 |
| | ) ) | SECTION:  L |
| | ) | |
| This document relates to: Samuel Ledlford, et al v. Knauf Gips KG, et al Case No. 2:09cv04292 | ) ) ) | JUDGE FALLON |
| | ) ) | MAG. JUDGE WILKINSON |
| | ) ) | |
| | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS MAZER'S DISCOUNT HOME CENTERS, INC.'S, THIRD-PARTY COMPLAINT/CROSS CLAIM

COMES NOW **Devon International Industries, Inc.,** formerly named **Devon International Trading, Inc.,** (hereinafter "Devon") and pursuant to Rule 12(b)(2), 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure, files this Memorandum of Law in Support of its Motion to Dismiss Mazer's Discount Home Center's Inc.'s, (hereinafter "Mazer") Third Party Complaint/Cross Claim against Devon International Industries, Inc. and says as follows:

1. On or about March 25, 2010, Mazer filed a Motion with this Court for Leave to File Third Party Complaint Against Devon. *(Document # 2053).*

2. On or about March 26, 2010, this Court granted Mazer's Motion for Leave to File Third Party Complaint against Devon. *(Document # 2136).*

1

3. In its Third Party Complaint, Mazer alleges in part that "Devon is responsible for reimbursing Mazer for its liability, if any is found, to Ledford and to any member of the proposed class based on Devon's breach of warranties on the drywall it supplied to Mazer and based upon the negligence and/or wantonness of Devon which previously caused damage to Mazer." (¶ 2 of Mazer's Third Party Complaint).  Mazer goes on to allege four causes of action against Devon: 1) Indemnity – "common-law"; 2) Breach of Implied Warranties of Merchantability and Fitness; 3) Breach of Contract; 4) Negligence.

4. In its Third Party Complaint, Mazer vaguely alleges that "venue is proper in the Northern district of Alabama under 28 U.S.C. § 1391." (¶3 of Mazer's Third Party Complaint).

5. A federal court sitting in diversity may exercise jurisdiction over a nonresident defendant to the same extent as a court of that state. *Ruiz de Molina v. Merritt & Furman Insurance Agency, Inc.*, 207 F. 3d 1351, 1355 (11th Cir. 2000).  Alabama permits its courts to exercise jurisdiction over nonresidents to the fullest extent allowed under the Due Process Clause of the Fourteenth Amendment to the Constitution. *Id*, at 1356 (citations omitted).

6. "The Due Process Clause of the Fourteenth Amendment limits the power of a state court to render a valid personal judgment against a nonresident defendant." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291 (1978).  Alabama's long-arm rule, Rule 4.2(b) provides in part: "[a]n appropriate basis exists for service of process outside of this state upon a person or entity in any action in this state when the person or entity has such contacts with this state that the prosecution of the action against the person or entity in this state is not inconsistent with the constitution of this state or the Constitution of the United States. . ." Rule 4.2.(b) Ala.R.Civ.P.

7.  With regard to personal jurisdiction, "[a] physical presence in Alabama is not a prerequisite to personal jurisdiction over a nonresident." *Ex Parte Gregory* , 947 So. 2d 385, 388 (Ala. 2006); *Seiber v. Campbell*, 810 So. 2d 641, 644 (Ala. 2001). What is required, however, is that the defendant have such contacts with Alabama that it "'should reasonably anticipate being haled [sic] into court [here].'" *Dillon Equities v. Palmer & Cay, Inc.*, 501 So. 2d 459, 462 (Ala. 1986). *Citations omitted.*

8.  Depending on the quality and quantity of the contacts, jurisdiction may be either general or specific. *Leventhal v. Harrelson*, 723 So. 2d. 566, 569 (1998). "General jurisdiction applies where a defendant's activities in the forum state are 'substantial' or 'continuous and systematic,' regardless of whether those activities gave rise to the lawsuit. . . A court has specific jurisdiction when a defendant had few contacts with the forum state, but those contacts gave rise to the lawsuit." *Id.*

9.  Regardless of whether jurisdiction is alleged to be general or specific, the nexus between the defendant and the forum state must arise out of "'an action of the defendant that was purposefully directed toward the forum State.'" *Elliott v. Van Kleef*, 830 So. 2d 726, 729 (Ala. 2002)(quoting *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 112, 107 S. Ct. 1026, 94 L.Ed.2d 92 (1987)). "This purposeful-availment requirement assures that a defendant will not be haled into a jurisdiction as a result of the "'unilaterial activity of another person or a third person."'" *Elliott*, 830 So. 2d at 731 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).

10. In the present action, Devon is not subject to the jurisdiction of the Northern District of Alabama Court because it has not established minimum contacts with the State of

3

Alabama. Devon has not purposefully availed itself of the privilege of conducting business in Alabama. For the exercise of personal jurisdiction over Devon to be proper, Devon must have purposefully established "minimum contacts" with Alabama such that it invoked the benefits and protections of Alabama's laws and could reasonably anticipate being haled into court there. *Asahi*, 480 U.S. 102. Devon's primary place of business is the State of Pennsylvania. Devon has never sought a business license in Alabama. Devon has never maintained a business office, telephone listing, or business address in Alabama. Devon has never owned any real property or held a bank account in Alabama. To Devon's knowledge, it has never marketed, promoted, or sold any product *in* Alabama. All of the sales of the drywall that are at issue in this litigation took place in Pensacola, Florida. *(See Affidavit of Ruth Wu, attached hereto as Exhibit A; said affidavit was filed in support of Devon's currently pending Motion to Dismiss in connection with a Chinese drywall claim filed in the Circuit Court of Baldwin County, State of Alabama).* Upon information and belief, following Mazer's purchase of the drywall, Mazer arranged for collection of the drywall at the port in Pensacola, Florida. Clearly, Devon has not purposefully availed itself of the privilege of doing business in Alabama, has not purposefully availed itself of the protection of Alabama's laws and has not had any "minimum contacts" with Alabama. Therefore, Devon's Motion to Dismiss for want of personal jurisdiction should be granted.

11. Even assuming Mazer can establish minimum contacts by Devon with Alabama, subjecting Devon to litigation in Alabama does not comply with traditional notions of fair play and substantial justice. *Ex Parte DBI, Inc.*, 23 So. 3d 635, 656 (Ala. 2009)(citations omitted). The factors of traditional notions of fair play and substantial

justice include "the burden on the defendant," "the forum State's interest in adjudicating the dispute," "the plaintiff's interest in obtaining convenient and effective relief," "the interstate judicial system's interest in obtaining the most efficient resolution of controversies," and the "shared interest of the several States in furthering fundamental substantive social policies." *Id.* Because Mazer improperly brought its claims against Devon in the Northern District of Alabama, this Court should dismiss Mazer's complaint for want of personal jurisdiction.

12. In addition, venue is not proper in the Northern District of Alabama. 28 U.S.C. § 1391 provides that jurisdiction founded only on diversity of citizenship may be brought only in the following: "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."

13. As set forth above, Devon does not "reside" in the Northern District of Alabama. As also stated above, Devon is not subjected to personal jurisdiction of the Northern District Court of Alabama. Finally, Mazer's alleged claims for indemnity allegedly arise out of the sale of the drywall from Devon to Mazer – in Florida. Accordingly, "a substantial part of the events or omissions giving rise to the claim" did not occur in the Northern District of Alabama. Therefore, because venue is not proper in the Northern District of Alabama pursuant to 28 U.S.C. § 1391, Mazer's Third Party Complaint should be dismissed.

14. Additionally, Mazer's claims against Devon do not state a claim for which relief can be granted. In its Third Party Complaint, Mazer's First Count against Devon claims, "if Mazer is found to be liable, any such liability is the result of the conduct of Devon, through negligence, wantonness, breach of contract, or breach of warranty."

15. Under Alabama law, Mazer is not entitled to recover against Devon under a theory of common-law indemnity or contribution. See *Humana Medical Corp. v. Bagby Elevator Co.*, 653 So.2d 972, 974 (Ala.1995); *Parker v. Mauldin*, 353 So.2d 1375, 1377 (Ala.1977) ("The general rule is that joint tort-feasors are not entitled to indemnity or contribution."); *see also, Sykes v. Blanks*, 533 So. 2d 561 (1988); *Consolidated Pipe & Supply Co. v. Stockham Valves & Fittings, Inc.*, 365 So. 2d 968 (Ala. 1978). In *Vandiver v. Pollak*, 107 Ala. 547, 553, 19 So. 180, 182 (1895), the Alabama Supreme Court explained that the basis of this prohibition is found in the maxim *ex turpi causa non oritur actio:*

> "As a general principle of the common law it is often stated that indemnity or contribution will not be enforced as between joint wrong-doers. The reason underlying the principle is, that courts will not lend assistance to him who found his cause of action on an immoral or illegal act-'*Ex turpi causa, oritur non actio.*' A trespasser confessing that he has injured or taken the property of another, is not entitled to the assistance of courts, instituted as well for the protection of property as for the protection of persons, to recover indemnity or contribution from his associates in the trespass."

16. Although Alabama recognizes an exception to the rule prohibiting contribution among joint tortfeasors in Alabama where one tortfeasor is guilty of only passive or constructive negligence and the other of active negligence – such exception does not apply in this case. See *City of Mobile v. George,* 45 So. 2d 778 (1950); *Walter L. Couse and Co. v. Hardy Corporation,* 274 So. 2d 316 (Ala. 1972); *Mallory S.S. Co. v. Druhan*, 84 So. 874

(1920). "Alabama law analyzes problems involving two putative tortfeasors involved in an indemnification dispute arising out of a personal injury cause of action in terms of active versus passive negligence. The seminal case is _Mallory S.S. Co. v. Druhan,_ 17 Ala.App. 365, 84 So. 874 (1920)." _Unicore, Inc. v. Tennessee Valley Auth.,_ 768 F.2d 109, 112-113 (6th Cir.1985) (applying Alabama law). The Alabama Supreme Court has indicated that the term "passive negligence" may be equivalent to "vicarious liability," "i.e., liability that the law imposes on one party for the wrongful conduct of another, as opposed to 'active negligence,' " which "refer[s] to that form of liability based on one's own wrongful conduct." _Nationwide Mut. Ins. Co. v. Hall,_ 643 So.2d 551, 556 (Ala.1994).

17. As stated above, "passive negligence" is equivalent to "vicarious liability." There exists no relationship between Mazer and Devon which would make the application of "passive negligence" applicable in this case. _See, Consolidated Pipe & Supply Co. v. Stockham Valves & Fittings, Inc._, 365 So. 2d 968, 970 (Ala. 1978), recognizing that the in each instance in cases in which the exception to the rule that there is no contribution among joint tortfeasors in Alabama applied "the indemnitee was under an absolute or non-delegable duty to the injured plaintiff."

18. The other exception to Alabama's general rule prohibiting contribution among alleged joint tortfeasors is where a written "indemnity" agreement exists. The Alabama Supreme Court has enforced, in certain cases, written indemnity agreements so long as the agreement "clearly indicates an intention to indemnify against the consequences of the indemnitee's negligence, and such provision was clearly understood by the indemnitor, and there is not shown to be evidence of a disproportionate bargaining position in favor

of the indemnitee." *Industrial Tile, Inc. v. Stewart,* 388 So.2d 171, 175 (Ala.1980).   In the instant case, Mazer has not alleged, nor upon information and belief, does there exist, any indemnity agreement between Mazer and Devon that would provide a basis for Mazer to bring claims for indemnity against Devon.  Because there exists no contract for indemnity or any common law basis for indemnity under Alabama law, Devon's Motion to Dismiss is to be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

WHEREFORE, defendant prays that after all legal proceedings be had, there be judgment herein dismissing Mazer's claims at their cost.

DEFENDANT FURTHER PRAYS for all orders and decrees necessary in the premises and for general and equitable relief.

Respectfully submitted,

WOODLEY, WILLIAMS LAW FIRM, L.L.C.

BY:   /s/  **Donald C. Brown**
　　　　DONALD C. BROWN (#3549)
　　　　P. O. Box 3731
　　　　Lake Charles, LA  70602-3731
　　　　Telephone:  (337) 433-6328
　　　　Facsimile:  (337) 433-7513
　　　　E-mail:  dcbrown@woodleywilliams.com
　　Attorney for defendants, DEVON
　　INTERNATIONAL TRADING, INC.

　　　　s/ Leslie A. Caldwell
　　　　Leslie A. Caldwell (CAL049)
　　　　Lusk, Caldwell & Dean, P.C.
　　　　2101 Highland Ave., Ste. 410
　　　　Birmingham, Alabama  35205
　　　　Telephone:  205-933-7090

8

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Memorandum of Law in Support of Devon's Motion to Dismiss has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 27th day of May, 2010.

WOODLEY, WILLIAMS LAW FIRM, L.L.C.

/s/ Donald C. Brown
**DONALD C. BROWN**
**LA BAR ROLL #3549**
P. O. Box 3731
Lake Charles, LA  70602-3731
Telephone:  (337) 433-6328
Facsimile:  (337) 433-7513
dcbrown@woodleywilliams.com

9