UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED DRYWALL ) MDL No. 2047
PRODUCTS LIABILITY LITIGATION )
) SECTION: L
)
) JUDGE FALLON
) MAG. JUDGE WILKINSON
)

**THIS DOCUMENT RELATES TO:**

ROGERS   NO. 10-362

## ANSWER

Summit Contractors, Inc., defendant, answers the Amended Complaint of Harry and Melissa Darby as follows:

### FIRST DEFENSE

The Amended Complaint is premature as any plaintiff failed to give the builder written notice and a reasonable opportunity to comply with the provisions of the New Home Warranty Act, Louisiana R.S. 9:3145, or to give the seller notice with an opportunity to repair.

### SECOND DEFENSE

The class action allegations in the Amended Complaint fail to meet the prerequisites for a Class Action as to the claims against this defendant, and more generally, in that:

a) The alleged class does not meet the numerosity requirement and joinder of all alleged members of the class is not impracticable as to the claims made against this defendant;

b) The questions of law or fact common to the alleged members of the class do not predominate over individual questions of law and fact, particularly with regard to individual liability, causation, and damages issues;

c) The named plaintiffs do not fairly and adequately protect the interest of the alleged class members and do not have claims typical of the other alleged class members, particularly as applied to this defendant;

d) Other grounds to be proven at the trial of this matter.

## THIRD DEFENSE

This Honorable Court is without jurisdiction as there is no diversity of citizenship and/or the amount in controversy does not exceed $75,000.00, exclusive of interest and costs.

## FOURTH DEFENSE

The Amended Complaint fails to state a claim against this defendant upon which relief can be granted.

## FIFTH DEFENSE

The Amended Complaint fails to state a claim against this defendant for negligence, negligence per se, strict liability, breach of express and/or implied warranties, breach of

implied warranty of habitability, breach of contract, redhibition, Louisiana Products Liability Act liability, private nuisance, negligent discharge of a corrosive substance, unjust enrichment, violations of the Louisiana Unfair Trade Practices Act, violations of any consumer protection act, equitable and injunctive relief, medical monitoring, punitive damages, and attorney's fees.

## SIXTH DEFENSE

The exclusive remedy of any plaintiff against defendant is under the Louisiana New Home Warranty Act, Louisiana R.S. 9:3144.

## SEVENTH DEFENSE

The claims have prescribed based on the time limit of the warranties provided by Louisiana R.S. 9:3144.

## EIGHTH DEFENSE

The claims are perempted by the peremption period provided in Louisiana R.S. 9:3146 and the warranty time limits provided by Louisiana R.S. 9:3144.

## NINTH DEFENSE

The remedies and warranties of the New Home Warranty Act are exclusive relative to home construction and no other provisions of law relative to warranties and redhibitory devices and defects apply and the New Home Warranty Act warranties are limited exclusively to those provided by Louisiana R.S. 9:3144.

## TENTH DEFENSE

AND NOW ANSWERING the specific allegations of the Amended Complaint, defendant avers:

1.

The allegations of paragraphs 7 and 8, 10 through 641, 643 through 679, and 698 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

2.

The allegations of paragraphs 1 through 6, 9, 642, 680 through 690, 694 through 697, and 699 through 838 of the Amended Complaint are denied.

3.

The allegations of paragraphs 691 through 693 of the Amended Complaint require no answer but, in an abundance of caution, they are denied.

## ELEVENTH DEFENSE

The claims are barred by the time limits provided for in Louisiana R.S. 9:3144.

## TWELFTH DEFENSE

Any plaintiffs have no claims for the warranties set forth in Louisiana R.S. 9:3144 as their claims have been perempted as set forth in Louisiana R.S. 9:3146.

## THIRTEENTH DEFENSE

Any plaintiff has not given written notice as required by Louisiana R.S. 9:3144B(4)(c)

and Louisiana R.S. 9:2144 and any claims are barred.

## FOURTEENTH DEFENSE

Alternatively, any plaintiff's claims are barred, reduced, or mitigated for any or all of the following reasons:

a) The damages were caused by defective products for which this defendant is not responsible or liable;

b) The damages were caused by the fault, negligence, or want of due care of others for whom this defendant is not responsible or liable;

c) The damages were caused by nature, weather, or other conditions not the responsibility, fault, or liability of this defendant;

d) The damages were caused by the failure of the owner to maintain the residence;

e) The damages were caused by the failure of the owner to minimize or mitigate damages;

f) The damages complained of are not recoverable under the New Home Warranty Act;

g) Damages for costs of shelter, transportation, food, moving, storage, or other incidental expenses related to relocation during repair are not recoverable;

h) Consequential damages are not recoverable; and

i) Mold and mold damages are not recoverable.

## FIFTEENTH DEFENSE

Any damages to which any plaintiff is entitled to recover are limited to reasonable costs of repair or replacement necessary to cure any defects or the original purchase price of the home, as set forth in Louisiana R.S. 9:3149.

## SIXTEENTH DEFENSE

Sheetrock is subject to a one (1) year warranty per the Louisiana New Home Warranty Act and the claims are barred by the time limitations of the Louisiana New Home Warranty Act.

## SEVENTEENTH DEFENSE

The remedies and warranties of the New Home Warranty Act are exclusive relative to home construction and no other provisions of law relative to warranties and redhibitory vices and defects apply and the New Home Warranty Act warranties are limited exclusively to those provided by Louisiana R.S. 9:3144.

## EIGHTEENTH DEFENSE

The Amended Complaint has prescribed by the prescription of one year, Louisiana C.C. Art. 2534.

## NINETEENTH DEFENSE

Any warranties by defendant are limited to those warranties provided for in the Louisiana New Home Warranty Act.

## TWENTIETH DEFENSE

Any claims are barred by the time limits provided for in Louisiana R.S. 9:3144.

## TWENTY-FIRST DEFENSE

Any claims for the warranties set forth in Louisiana R.S. 9:3144 are barred as any claims have been perempted as set forth in Louisiana R.S. 9:3146.

## TWENTY-SECOND DEFENSE

Any claims are barred by the failure of any plaintiff to give written notice as required by Louisiana R.S. 9:3144B(4)(c) and Louisiana R.S. 9:3145.

## TWENTY-THIRD DEFENSE

Any claims are barred or reduced for any or all of the following reasons:

a) Any action for alleged defects is prescribed under Louisiana C.C. Art. 2534;

b) Any alleged defects were not redhibitory defects;

c) Any alleged defects could have been repaired;

d) Any alleged defects did not exist at the time of delivery;

e) The seller did not know of any alleged defects;

f) Any alleged defects were discoverable by simple inspection; and

g) The seller owes no warranty for defects that should have been discovered by a reasonably prudent buyer.

## TWENTY-FOURTH DEFENSE

Any claims are barred or reduced for any or all of the following reasons:

a) The product did not deviate in any material way from the manufacturer's specifications or performance standards;

b) There did not exist an alternative design;

c) There was no feasible alternative design;

d) The product conformed to any express warranty;

e) Defendant could not have known of any unreasonably dangerous design characteristic;

f) Defendant did not know and could not have known of any reasonably dangerous characteristic; and

g) At the time the product left defendant's control, defendant could not have known of any design that caused damage.

## TWENTY-FIFTH DEFENSE

Any and all work performed by defendant or on defendant's behalf, or by any subcontractor was performed in a workmanlike manner and/or in accordance with the standards of the trade in the community and any plaintiff's claims are barred.

4.

Defendant desires and is entitled to trial by jury.

WHEREFORE, defendant, Summit Contractors, Inc., prays that there be judgment in its favor and against the plaintiffs, Harry and Melissa Darby, dismissing the Amended Complaint, with prejudice, at the costs of any plaintiff. Defendant prays for trial by jury.

Respectfully submitted,

**GAUDRY, RANSON,
HIGGINS & GREMILLION, L.L.C.**

_____
**THOMAS L. GAUDRY, JR. T.A. (#5980)
WADE A. LANGLOIS, III (#17681)**
Oakwood Corporate Center
401 Whitney Avenue, Suite 500
Gretna, Louisiana 70056
Tele: (504) 362-2466   Fax: (504) 362-5938
Emails: tgaudry@grhg.net and
        wlanglois@grhg.net
Attorneys for defendant,
Summit Contractors, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **ANSWER** has been served on Plaintiffs' Liaison Counsel, Russ Herman and Leonard Davis, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this  28th  day of   May  , 2010.

_____
Thomas L. Gaudry, Jr., LSBA #5980

G:\2918\0059\Pleadings\Answer re Rogers Class Action.wpd