UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISINA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIBILITY LITIGATION | * * * * | MDL NO. 2:09-md-02047 |
| | | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | * * | MAGISTRATE WILKINSON |
| SEAN AND BETH PAYTON, et al VS. KNAUF GIPS, et al CASE NO. 2:09-cv-7628 | * * * * * | |

* * * * * * * * * * * * * * * * * * * * *

## RCR HOLDINGS II, INC'S MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AND TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendant RCR HOLDINGS II, LLC ("RCR"), by and through its undersigned counsel hereby moves this Honorable Court for an Order that RCR does not have to submit itself to discovery in this matter until its Motion to Dismiss for Lack of Personal Jurisdiction has been decided and as such it should not have to comply with the Subpoena for documents and for deposition of a corporate representative, which have by Pretrial Order 24 been converted to Rule 34 Request for Production and Rule 30(b)(6) deposition, issued by Plaintiffs, and in support thereof states as follows.

Plaintiffs filed the above-captioned action on or about December 9, 2009. Defendant, in turn, filed its Motion to Dismiss for Lack of Personal Jurisdiction. Without prior notice or conferral with counsel, Plaintiffs served subpoenas for the production of documents and deposition testimony on Defendant. The subpoenas for documents request a broad range of documents relating to insurance, including all insurance policies issued to Defendants which may apply to the above-captioned

matter, as well as claims made to carriers, all correspondence with carriers and all correspondence relating to insurance investigations. The subpoenas for testimony demanded the depositions of Defendants' representatives with knowledge of these materials.

The Court subsequently entered Pretrial Order No. 24, which specified that the document subpoenas shall be treated as document requests served pursuant to Rule 34 of the Federal Rules of Civil Procedure. The Order provided Defendants additional time to respond - within twenty (20) days of the entry of the Order or thirty (30) days after service of the subpoenas, whichever is later in time. In addition, the Court continued without date the Rule 30(b)(6) depositions that had been unilaterally set by the Plaintiffs.

Defendant objects to the subpoenas because they are unduly burdensome and cause unnecessary expenses given that this Defendant has previously moved to dismiss this action based upon lack of personal jurisdiction. In fact, the subpoenas/request for documents and notice of deposition are overly broad and burdensome, not limited in time and scope, seek information that is not reasonably calculated to lead to discoverable material, seek proprietary information, they are vague and ambiguous, and call for information encompassed by privilege or other exemption from discovery, including without limitation attorney-client, work-product and/or any other applicable privilege or exemption from discovery. Further, neither subpoena is appropriate given that this Defendant has a motion to dismiss this action for lack of personal jurisdiction pending.

Rule 26 of the Federal Rules of Civil Procedure provides for the entry of a protective order to protect a party from undue burden or expense. Fed.R.Civ.P. 26(c)(1). Production of the documents requested and the testimony sought by Plaintiffs' subpoenas would be unduly burdensome and expensive given that Defendants have moved to dismiss Plaintiffs' claims for lack of personal jurisdiction and are seeking a stay of discover in the interim.

The Fifth Circuit has repeatedly held that it is appropriate to stay discovery under Rule 276(c) where the resolution of pending dispositive motions would preclude the need for discovery altogether, thus saving time and expense. *Enplanar, Inc. v. Marsh,* 11 F.3d 1284, 1291 (5th Cir. 1994)(holding refusal to allow discovery was proper pending a ruling on a motion for change of venue); *Petrus v. Bowen,* 833 F.2d 581, 583 (5th Cir. 1987)(holding stay of discovery was proper where the party seeking discovery could not have learned anything through discovery that could have affected the resolution of Defendants' motion to dismiss); *Landry v. Air Line Pilots Assoc. Int'l. AFL-CIO,* 901 F.2d 404, 435-36 (5th Cir. 1990)(holding stay of discovery was proper pending resolution of summary judgment motions); *see also Dresser v. MEBA Med. & Benefits Plan,* 2008 WL 2705584 at *2 (E.D. La. July 10, 2008)(staying discovery pending resolution of motion to dismiss).

This Court has found it "clearly erroneous" to allow discovery to proceed while a motion to dismiss is pending. *Parish of Jefferson v. Southern Recovery Mmgt.,* 1996 WL 144400 at *2 (E.D. La. Mar. 27, 1996). In *Parish of Jefferson,* the court reversed a magistrate judge's order denying a motion to stay discovery where a motion to dismiss on jurisdictional grounds was pending, reasoning that "even minimal cost is unwarranted where imminent jurisdictional rulings may render such discovery altogether moot." *Id.; see also Dykes v. Maverick Motion Picture Group, L.L.C.,* 2009 WL 3053738 at *2 n.1 (M.D. La. Sept. 18, 2009)(refusing to permit merits discovery stating that "defendants . . . will be dismissed should they prevail on their jurisdictional arguments, so there is no need for merits' discovery relating them (or by them about others) until and unless they actually lose their jurisdictional arguments.").

In this case, as set forth in Defendant's Motion to Dismiss, there is no basis whatsoever upon which to assert personal jurisdiction over this Defendant. Therefore, any discovery would serve no purpose but to force Defendant to incur unnecessary expenses and waste judicial resources.

Furthermore, requiring Defendant to produce the requested information will impose an undue burden and expense. Defendant's pending motion to dismiss, if successful, will dispose of this case in its entirety as to Defendant. For the same reasoning used by the 5th Circuit and this Court, Defendant should not be required to undergo the burden and expense of producing documents or attending depositions that they may have to produce if successful with their pending motions or participate in or respond to any discovery in this matter.

Based on the foregoing, Defendant, RCR HOLDINGS II, LLC respectfully requests that the Court stay all discovery as to RCR pending the resolution of its Motion to Dismiss.

Respectfully submitted,

/s/ Sherri L. Bauer
SHERRI L. BAUER, ESQUIRE
Florida Bar No.: 531871
LUKS, SANTANIELLO,
 PEREZ, PETRILLO, GOLD & JONES
Attorneys for RCR Holdings II, LLC
301 Yamato Road, Suite 1234
Boca Raton, FL  33431
Telephone: (561) 893-9088
Facsimile: (561) 893-9048

## SERVICE LIST

    I, hereby certify that on this **28th** day of May, 2010, the foregoing has been served on Plaintiffs' Liaison Counsel, **Russ Herman**; Defendants' Liaison Counsel, **Kerry Miller** and Homebuilders'/Installers' Liaison Counsel, **Phillip A. Wittman** by e-mail; and upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

                                                           /s/ Sherri L. Bauer
                                              SHERRI L. BAUER, ESQUIRE
                                              Florida Bar No.: 531871
                                              LUKS, SANTANIELLO,
                                                PEREZ, PETRILLO, GOLD & JONES
                                              Attorneys for RCR
                                              301 Yamato Road, Suite 1234
                                              Boca Raton, FL  33431
                                              Telephone: (561) 893-9088
                                              Facsimile: (561) 893-9048