**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN RE:** | **CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL NO. 09-2047** **SECTION: L** |
| | | **JUDGE FALLON** |
| | | **MAG. JUDGE WILKINSON** |

_____

**THIS DOCUMENT RELATES TO:**

**KENNETH AND BARBARA WILTZ, ET. AL. vs. BEIJING NEW BUILDING MATERIALS PUBLIC, LTD., ET. AL.,**

**CASE #:     2010 CV 361**

---

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY**
**AND SUBMISSION OF BUILDER PROFILE FORMS**
**PENDING RESOLUTION OF RULE 12(b) MOTIONS.**

NOW INTO COURT, through the undersigned counsel, come Defendant, FRANCISCUS HOMES, INC., and submits this Memorandum in support of its Motion for Protective Order, filed contemporaneously herewith, seeking  a Protective Order, pursuant to Fed.R.Civ.P. 26 (c), staying any discovery requirements or requests to this Defendant, including the submission of any Builder Defendant Profile Forms, pending resolution of their Fed.R.Civ.P. 12(b) motions to dismiss for lack of personal jurisdiction and improper venue.

## I.     BACKGROUND.

On March 15, 2010, Kenneth and Barbara Wiltz, individually, and on behalf of all others similarly situated, filed their Plaintiffs' Amended Omnibus Class Action Complaint (II) (hereinafter "Omnibus II"), in the United States District Court for the Eastern District of Louisiana, a lawsuit bearing Case No. 10-361, which was then subsumed within the "Chinese Drywall" multi-district litigation, bearing MDL No. 2:09-md-02047 ("the MDL"). The Omnibus II Plaintiffs named hundreds of alleged "Builder Defendants" throughout the United States, but primarily in the southeast.

FRANCISCUS HOMES, INC. was identified by the Plaintiffs in Omnibus II as a builder of homes in the Commonwealth of Virginia, allegedly containing defective Chinese drywall. While the Defendant disputes the characterization as a "builder," inasmuch as only some of the entity engages in home building, it feels constrained to respond to the requirements of the Court placed on "Builder Defendants," based on the Plaintiff's erroneous characterization.

In Omnibus II, FRANCISCUS HOMES, INC. filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b), asserting the Court's lack of personal jurisdiction over any of said Defendant, and improper venue. FRANCISCUS HOMES, INC. has not had any contacts with the State of Louisiana, much less the "minimum contacts" required by the United States Supreme Court in its *International Shoe* decision.

On August 17, 2009, the Court issued Pretrial Order # 11, instructing that the parties prepare and submit certain profile forms, including forms directed to Builder

Defendants. On March 9, 2010, the Court extended this requirement by Pretrial Order # 1F, which provides that various profile forms be completed and submitted to liaison counsel, including Builder Defendant Profile Forms. The Order specified the deadlines for such submissions.

The Builder Defendant Profile Forms are to be submitted by the Defendants under oath, and the submitting party is subject to the penalties for perjury. The Builder Defendant Profile Forms require the disclosure of extensive information, including data regarding all affected properties, the identification of the Defendants' insurers as well as production of claims and insurance policy information. This is discovery, pure and simple.

## II.    ARGUMENT.

Requiring this Defendant to engage in the process of collecting and disgorging significant amounts of information, before their Rule 12(b) motions are even heard, is putting the cart before the horse. The Court should first determine whether it has jurisdiction over these parties, before putting them through the time and expense of engaging in this litigation effort.

Under Fed.R.Civ.P. 26 (c) a Court may "for good cause, issue an order to protect a party or person from ... oppression or undue burden or expense." The Fifth Circuit, and this Court, has held that it is appropriate to stay discovery pursuant to Rule 26(c) where the adjudication of dispositive motions would preclude the need for discovery altogether, thereby saving the time and expense of needless litigation. *Enplanar, Inc. v. Marsh*, 11

F.3d 1284, 1291 (5th Cir. 1994) (holding that a refusal to allow discovery was proper in light of a pending motion to dismiss based on venue); *Southern Christian Leadership Conf. v. Supreme Court of the State of Louisiana*, 61 F.Supp.2d 499, 503 (E.D. La. 1999) (noting that the Court stayed all discovery pending a ruling on the motion to dismiss); *Landry v. Air Line Pilots Assoc., AFL-CIO*, 910 F.2d 404,435-36 (5th Cir. 1990) (finding that a stay of discovery pending adjudication of summary judgment motion was proper).

This Court has found, specifically, that it is "clearly erroneous" to allow the plaintiff to engage in discovery while a motion to dismiss is pending. *Parish of Jefferson v. Southern Recovery Mgmt., Inc.*, 1996 WL 144400, at *2 (E.D. La. March 27, 1996). In that case, the Court overturned a Magistrate Judge's denial of a motion to stay discovery, in the face of a pending motion to dismiss, reasoning that "even minimal cost is unwarranted where imminent jurisdictional rulings may render such discovery altogether moot." *Id. See, e.g. Dykes v. Maverick Motion Picture Group, LLC*, 2009 WL 3053738, at *2 n.1 (M.D. La. Sept. 18, 2009).

Requiring FRANCISCUS HOMES, INC. to collect, prepare and submit Builder Defendant Profile Forms, or respond to any form of discovery propounded by the PSC, DSC or previously required by the Court, would impose on it an undue burden and expense in litigation in which it should not be involved. A ruling in this Defendant's favor on its Motion to Dismiss, based on issues of personal jurisdiction or venue would completely relieve it of any of the requirements imposed upon the parties to the MDL, including the requirement to answer discovery or submit a Builder Defendant Profile

Form, which is very similar to the compulsory disgorgement of information and documents pursuant to Rule 26. As such, and considering the pendency of these dispositive motions, FRANCISCUS HOMES, INC., should not be put through the time and expense of producing information to which none of the parties in the MDL would have any right, absent this litigation.

WHEREFORE, the Defendant, FRANCISCUS HOMES, INC., prays that it's Motion for Protective Order, pursuant to Fed. R. Civ. Proc. 26(c) be granted, and that an Order be entered staying all discovery against said defendant, including the submission of Builder Defendant Profile Forms, pending the outcome of the Defendant's Motion to Dismiss, pursuant to Fed. R. Civ. Proc. 12(b).

FRANCISCUS HOMES, INC.

By: _____/s/_____
Of Counsel

Todd M. Fiorella, Esquire
Virginia State Bar No. 30238
Attorney for Defendant FRANCISCUS HOMES, INC.
Fraim & Fiorella, P.C.
150 Boush Street, Suite 601
Norfolk, Virginia 23510
Telephone:  (757) 227-5900
Fax:  (757) 227-5901
mdl.drywall@ff-legal.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 1st day of June, 2010, the above and foregoing Memorandum in Support of Motion for Protective Order Staying Discovery and Submission of Builder Profile Forms Pending Resolution of Rule 12(b) Motions has been served upon all parties by electronically uploading the same to LexisNexis File and Serve, in accordance with Pre-Trial Order #6, and that the foregoing was electronically filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.


_____/s/_____