UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * | MDL NO. 2047 |
| THIS DOCUMENT RELATES TO: | * * | JUDGE FALLON |
| KIMBER FORET AND RYAN FORET | * * | MAG. WILKINSON |
| Versus | * * | 10-1553 |
| KNAUF GIPS KG, KNAUF PLASTERBOARD TAINHIN CO., LTD., TAISHAN GYPSUM CO. LTD., F/K/A SHNDONG TAIHE DONGXIN CO., LTD., USG CORPORATION, L&W SUPPLY CORPORATION, D/B/A SEACOAST SUPPLY, INTERIOR/ EXTERIOR BUILDING SUPPLY, INDEPENDENT BUILDERS SUPPLY ASSOCIATION, INC., ROTHCHILT INT. LTD, LEE ROY JENKINS, AND STATE FARM FIRE & CASUALTY COMPANY | * * * * * * * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT STATE FARM FIRE & CASUALTY COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS <u>MOTION TO SEVER</u>**

This is a suit brought by Plaintiffs against four drywall manufacturers and four building material suppliers or distributors (the "Manufacturer/Supplier Defendants"), a homebuilder (the "Builder Defendant"), and Plaintiffs' homeowners insurance company, State Farm Fire & Casualty Company ("State Farm"). Plaintiffs allege that they have suffered property damage and bodily injury arising from the installation of purportedly defective drywall in their home. Plaintiffs allege that the Manufacturer/Supplier Defendants and the Builder Defendant, by manufacturing, distributing, selling and installing such defective drywall in Plaintiffs' home, created a defective

product; breached a duty to warn; breached the warranties of merchantability and fitness for a particular purpose; and committed fraudulent concealment and misrepresentation, negligent misrepresentation, negligence, and other violations of tort and product-liability law.  (*See* Pet. ¶ VIII.)  In contrast, the only conceivable basis on which Plaintiffs might seek recovery from State Farm is the existence of a State-Farm issued homeowners insurance policy.

While State Farm takes no position on the merits of Plaintiffs' claims against the Manufacturer/Supplier Defendants and the Builder Defendant, those claims are improperly joined with the homeowners' policy-based claim against State Farm.  The allegedly tortious conduct by the Manufacturer/Supplier Defendants and the Builder Defendant is separate and distinct from any alleged first-party contractual coverage obligation on the part of State Farm.  There is no allegation (nor could there be) that State Farm participated in any way in the alleged tortious conduct of the Manufacturer/Supplier Defendants and the Builder Defendant, that State Farm issued an insurance policy for liability coverage to any of the Manufacturer/Supplier Defendants or the Builder Defendant, or that the Manufacturer/Supplier Defendants or the Builder Defendant have any relation to Plaintiffs' homeowners insurance policy.  State Farm is not alleged to be, and could not be, responsible for the Manufacturer/Supplier Defendants' or the Builder Defendants' conduct, nor could the Manufacturer/Supplier Defendants or the Builder Defendant be implicated in any way in the interpretation of Plaintiffs' homeowners policy with State Farm.

Moreover, the claims are based on entirely different legal theories.  Plaintiffs do not allege that any liability of State Farm is premised in any way on the alleged conduct of the Manufacturer/Supplier Defendants or the Builder Defendant.  Accordingly, severance is appropriate based on improper joinder.

Even if joinder were proper, the Court should exercise its discretion to sever the claims under Federal Rule of Civil Procedure 21 to achieve judicial economy and efficiency. The claims against the Manufacturer/Supplier Defendants and the Builder Defendant are wholly unrelated to any claim against State Farm. The only question raised by Plaintiffs' claim against State Farm is whether the property damage and bodily injury allegedly suffered by Plaintiffs are covered or are excluded from coverage under the terms of Plaintiffs' homeowners policy. This is a question of insurance contract interpretation and a pure issue of law having nothing to do with the tort claims against the Manufacturer/Supplier Defendants and the Builder Defendant. The question of coverage under Plaintiffs' homeowners policy is suitable for prompt resolution on a motion to dismiss.[1]

In contrast, the claims against the Manufacturer/Supplier Defendants and the Builder Defendant involve myriad factual and legal issues regarding the manufacture, processing, distribution, delivery, supply, inspection, marketing, sale, purchase, and installation of the allegedly defective drywall in Plaintiffs' home. (*See, e.g.*, Pet. ¶¶ I, VIII.) These claims will likely focus on what duties were owed by the Manufacturer/Supplier Defendants and Builder Defendant to Plaintiffs and whether those duties were breached. There is no reason for the claim against State Farm to be part of the same lawsuit as the claims against the Manufacturer/Supplier Defendants and the Builder Defendant. It will be much more efficient to adjudicate the claim against State Farm separately, so that the homeowners insurance coverage issues can be resolved promptly. Accordingly, the claim against State Farm should be severed from the claims against the Manufacturer/Supplier Defendants and the Builder Defendant pursuant to Rule 21.

---

[1] State Farm has filed, contemporaneously with this motion, a Rule 12(b)(6) Motion to Dismiss and memorandum in support thereof, seeking the dismissal with prejudice of Plaintiffs' claim against State Farm.

**ARGUMENT**

**I.     The Claim Against State Farm Should Be Severed from the Claims Against the Manufacturer/Supplier Defendants and the Builder Defendant.**

    **A.     This Court Has Broad Discretion to Order Severance Under Rule 21.**

Under Federal Rule of Civil Procedure 21, "[a]ny claim against a party may be severed and proceeded with separately." *Allied Elevator, Inc. v. E. Texas State Bank*, 965 F.2d 34, 36 (5th Cir. 1992). When a court grants a motion for severance under Rule 21, this has the effect of creating "two separate actions or suits where previously there was but one," and the severed claims "proceed[] as a discrete, independent action . . . ." *Id.*[2] While Rule 21 also addresses misjoinder, a court may order severance even where joinder was proper. *United States v. O'Neil*, 709 F.2d 361, 369 (5th Cir. 1983) (rejecting argument that Rule 21 "may be used only to cure misjoinder of parties," holding that the rule "is not so limited"); *see also Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968) (stating that Rule 21 "authorizes the severance of any claim, even without finding of improper joinder, where there are sufficient other reasons for ordering a severance"); *Acevedo-Garcia v. Monroig*, 351 F.3d 547, 560 n.5 (1st Cir. 2003) (stating that "a finding of misjoinder is not a prerequisite to severing parties or claims under Rule 21").

A district court has "broad discretion" to sever claims under Rule 21. *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994); *see also Fed. Deposit Ins. Corp. v. Selaiden*

---

[2] Rule 42(b) also provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). Whether the basis for severance is under Rule 42 or Rule 21, the standard is the same. At this stage of the proceedings, severance under Rule 21 is appropriate. *See McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 n.19 (5th Cir. 1993) (noting the difference between Rule 21 severance, which creates "entirely independent actions," and Rule 42(b) severance, which addresses separate trials within the same civil action).

4

*Builders, Inc.*, 973 F.2d 1249, 1253 (5th Cir. 1992) (stating that the decision on whether to grant a motion to sever "rests with the broad discretion of the district court"); *Acevedo-Garcia*, 351 F.3d at 558 ("The decision to separate parties or claims is a case management determination 'peculiarly within the discretion of the trial court . . . .'") (*quoting Gonzalez-Marin v. Equitable Life Assurance Soc'y*, 845 F.2d 1140, 1145 (1st Cir. 1988)); *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000) ("It is within the district court's broad discretion whether to sever a claim under Rule 21.").

      **B.**    **Severance Is Appropriate Because the Claim Against State Farm Is Misjoined with the Claims Against the Manufacturer/Supplier Defendants and the Builder Defendant.**

It is improper to join distinct and separate claims against separate defendants in the same lawsuit. *See In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002); *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *Jones v. Nastech Pharm.*, 319 F. Supp. 2d 720, 728 (S.D. Miss. 2004); *Pena v. McArthur*, 889 F. Supp. 403 (E.D. Cal. 1994).

For example, in *Pena*, the plaintiff brought an action against both the motorist who injured the plaintiff in an accident and his own uninsured motorist carrier. The complaint, filed in state court, alleged negligence and various legal theories against the defendant driver and a claim for breach of the duty of good faith and fair dealing and insurance bad faith against the defendant UM carrier. The UM carrier removed the case to federal court but did not include the defendant driver in the removal, contending he had been improperly joined. On motion of the UM carrier, the court severed the claims against the non-diverse defendant driver and retained the claims against the diverse UM carrier. The court agreed with the carrier that the requirements of permissive joinder under Federal Rule 20 had not been met. The court found that:

5

> [T]here were two occurrences or transactions—the automobile accident between plaintiff and McArthur and the alleged breach of fiduciary duty by State Farm in handling plaintiff's claim. These are two distinct torts (negligence and bath faith claim) committed by different defendants at different times, and they resulted in the invasion of separate legal interests. Additionally, there is no allegation that the named defendants acted in concert or that McArthur knew of State Farm[']s alleged misconduct. Accordingly, joinder is improper.

*Id.* at 406 (*relying on Gruening v. Sucic*, 89 F.R.D. 573 (E.D. Pa. 1981)); *cf. Trail Realty, Inc. v. Beckett*, 462 F.2d 396, 399–400 (10th Cir. 1972) (plaintiff denied leave to amend complaint where it attempted to improperly join "a different action against different parties and presenting entirely different factual and legal issues").

In this case, as in *Pena*, Plaintiffs have improperly joined their claim against State Farm with their claims against the alleged tortfeasors, the Manufacturer/Supplier Defendants and the Builder Defendant. Plaintiffs' claims against the Manufacturer/Supplier Defendants and the Builder Defendant are tort claims alleging creation of a defective product, breaches of warranties, fraudulent and negligent misrepresentation, and various other torts. (*See* Pet. *passim*.) In contrast, Plaintiffs' claim against State Farm can allege nothing more than coverage of their purported losses under their homeowners insurance policy. The allegedly wrongful conduct by the Manufacturer/Supplier Defendants and the Builder Defendant are entirely separate and distinct from any alleged liability on the part of State Farm. Plaintiffs do not allege that State Farm acted jointly with the Manufacturer/Supplier Defendants or the Builder Defendant. State Farm is not alleged to be, and could not be, responsible for the torts which Plaintiffs allege were committed by the Manufacturer/Supplier Defendants and the Builder Defendant. Similarly, neither the Manufacturer/Supplier Defendants nor the Builder Defendant are alleged to be or could be responsible for any coverage under Plaintiffs' State Farm-issued homeowners policy. The claim against State Farm is improperly joined and, therefore, should be severed.

### C. Even if Joinder Were Proper, Severance Would Be Appropriate.

Where joinder is proper, factors that courts have considered in deciding whether to sever claims include the following:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

*In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 214 F.R.D. 152, 154–55 (S.D.N.Y. 2003) (*quoting Wausau Bus. Ins. Co. v. Turner Const. Co.*, 204 F.R.D. 248, 250 (S.D.N.Y. 2001)).  The district court "has broad discretion to sever claims and parties, so long as in doing so the Court furthers the aims of justice, promotes judicial economy and efficiency, and avoids prejudicing the rights of any party." *Id.* at 155 n.7.

In this case, these factors weigh in favor of severing the claim against State Farm from the claims against the Manufacturer/Supplier Defendants and the Builder Defendant.  The claim against State Farm is based on alleged coverage of Plaintiffs' purported losses under the terms of Plaintiffs' homeowners insurance policy.  In contrast, the claims against the Manufacturer/Supplier Defendants and the Builder Defendant allege that Plaintiffs have suffered property damage and bodily injury as the result of those Defendants' tortious conduct in manufacturing, processing, distributing, delivering, supplying, inspecting, marketing and/or selling defective drywall used in the construction of Plaintiffs' home.  (*See, e.g.*, Pet. ¶¶ I, VIII.)

The dispositive legal issue presented by the claim against State Farm is whether Plaintiffs' alleged property damage and bodily injury are covered losses under Plaintiffs' homeowners policy or are excluded from coverage according to the terms of various policy provisions including the corrosion, contamination, latent defect, and faulty workmanship/faulty materials exclusions.  This question of coverage is one of insurance contract interpretation,

separate and distinct from the potential tort liability of the Manufacturer/Supplier Defendants and Builder Defendant.  It is a pure legal issue that can be resolved by the Court on a dispositive motion.  In contrast, the claims against the Manufacturer/Supplier Defendants and the Builder Defendant involve factual and legal issues regarding such matters as what legal duties were owed by the Manufacturer/Supplier Defendants and the Builder Defendant to Plaintiffs and whether the conduct of those Defendants in connection with the manufacture and supply of drywall and the construction of Plaintiffs' home breached any of those duties.

For the same reasons, judicial economy will best be served by severing the claim against State Farm from the claims against the Manufacturer/Supplier Defendants and the Builder Defendant.  The questions of insurance contract interpretation presented by Plaintiffs' claim against State Farm can and should be resolved promptly, and, to that end, State Farm is simultaneously moving to dismiss that claim.  On the other hand, if severance is not granted, interpretation of Plaintiffs' homeowners policy likely would be a collateral, extraneous issue in a case in which at least seven separate tort-based theories of recovery are asserted against nine alleged tortfeasors.

The claims against State Farm and the Manufacturer/Supplier Defendants and the Builder Defendant also are likely to involve different witnesses and different documentary proof.  It is unlikely that any discovery will be necessary with respect to the claim against State Farm because a court cannot look beyond the plain language of the policy where the policy language is unambiguous.  *See Edwards v. Daugherty*, 2003-2104, p. 12 (La. 10/1/04); 883 So. 2d 932, 941 (stating that "[i]f the policy wording at issue is clear and unambiguously expresses the parties' intent, the insurance contract must be enforced as written," and that "[c]ourts lack the authority to alter the terms of insurance contracts under the guise of contractual interpretation when the

8

policy's provisions are couched in unambiguous terms").  No witnesses or documentary proof from the Manufacturer/Supplier Defendants or the Builder Defendant would be appropriate or relevant in determining the intent of Plaintiffs and State Farm with respect to Plaintiffs' homeowners policy.  The claims against the Manufacturer/Supplier Defendants and the Builder Defendant will involve different witnesses and different documentary proof, focusing on such issues as what decisions were made and what actions were taken at the time the allegedly defective drywall was manufactured, processed, inspected, sold, supplied, and installed, what knowledge the Manufacturer/Supplier Defendants and Builder Defendant had at those times, and whether their conduct was reasonable.

Courts have repeatedly granted severance in similar circumstances.  For example, in *In re Zyprexa Prods. Liab. Litig.*, No. MDL 1596, 04-CV-1615, 2004 WL 2812095 (E.D.N.Y. Dec. 3, 2004) (unpublished), the plaintiffs, who were the next of kin of a deceased prisoner, filed a tort action in Tennessee against various prison officials in Tennessee, a psychiatric hospital, a psychiatrist, and a prison doctor, alleging that the defendants' improper refusal to provide appropriate medial treatment resulted in the prisoner's death.  *Id.* at *1.  The defendants brought a drug manufacturer into the case on a product liability theory, and the plaintiffs later amended the complaint to add a product liability claim against the manufacturer.  *Id.*  There was an ongoing multi-district litigation involving claims against the drug manufacturer related to injuries allegedly caused by the drug which the prisoner was taking; thus, the Tennessee case was transferred to the Eastern District of New York as part of that multi-district litigation.  *Id.*

The judge overseeing the MDL case granted a motion to sever the claims against the Tennessee prison officials and doctors from the claims against the drug manufacturer, concluding that the claims involved substantially different issues.  The court reasoned that "[t]he

9

jail's alleged failure to attend to the decedent's serious medical condition has to do with what the jail and other personnel and doctors did once illness should have been apparent," while "[t]he product liability claims require an inquiry into what might have caused the illness." *Id.* at *5. The claims against the Tennessee prison officials and doctors were based upon constitutional law, while the product liability claims against the drug manufacturer were based on tort law. *Id.* The two different sets of claims would also involve different witnesses, evidence and proof: the product liability claims would focus on complicated scientific evidence, while the claims against the Tennessee prison officials and doctors would focus on factual issues pertaining to the events that occurred when the prisoner was ill. *Id.* The court severed the claims against the Tennessee defendants and recommended that the MDL Panel remand those claims to the Eastern District of Tennessee. *Id.* at *6.

The court reached a similar result in *In re Merrill Lynch & Co.*, 214 F.R.D. 152. In that case, the plaintiffs had brought securities fraud claims against a company and its officers, alleging that the company had misrepresented its earnings and that its officers had engaged in illegal insider trading. *Id.* at 153. The plaintiffs later amended the complaint to add claims that Merrill Lynch's investment advice concerning the company's stock was tainted and biased. The case was consolidated with an MDL proceeding involving similar claims against Merrill Lynch involving its stock rating system. *Id.* at 153–54. The court overseeing the MDL proceeding granted a motion to sever the claims against the company from the claims against Merrill Lynch, concluding that "[t]he connection between the claims is tenuous" and that judicial economy and efficiency would be best served by severance. *Id.* at 156–57; *see also T.S.I. 27, Inc. v. Berman Enters., Inc.*, 115 F.R.D. 252, 254 (S.D.N.Y. 1987) (granting motion to sever tort claim arising from accident from counterclaims arising from contract disputes).

10

The same reasoning applies here.  Plaintiffs' claims against State Farm and against the Manufacturer/Supplier Defendants and Builder Defendant involve substantially different issues.  The claim against State Farm will focus on the interpretation of the insuring agreement and various exclusions in Plaintiffs' homeowners policy, whereas the claims against the Manufacturer/Supplier Defendants and the Builder Defendant will focus on the alleged negligence and fraud of those Defendants in manufacturing, supplying, selling, purchasing, and installing defective drywall in connection with the construction of Plaintiffs' home.  The homeowners insurance coverage issues should not be adjudicated together with the issues involving the Manufacturer/Supplier Defendants and the Builder Defendant.

## II. This Court Has Diversity Jurisdiction over Plaintiffs' Claim Against State Farm, When Severed from the Claims Against the Manufacturer/Supplier Defendants and Builder Defendant.

Because the Manufacturer/Supplier Defendants and Builder Defendant have been improperly joined as Defendants with State Farm and should be severed, diversity jurisdiction over Plaintiffs' claim against State Farm exists pursuant to 28 U.S.C. § 1332.  The citizenship of improperly joined parties is to be disregarded for purposes of diversity jurisdiction.  *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 817 (5th Cir. 1993) (co-defendants "were improperly joined, so their citizenship is to be disregarded for purposes of determining diversity jurisdiction"), *cert denied*, 510 U.S. 868 (1993); *see also Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006); *In re Benjamin Moore*, 309 F.3d at 298; *Tapscott*, 77 F.3d at 1359–60.

Disregarding the citizenship of the Manufacturer/Supplier Defendants and the Builder Defendant, there is complete diversity between Plaintiffs and State Farm.  Plaintiffs are citizens of the State of Louisiana.  (*See* Pet. at introductory language.)  State Farm is a foreign insurer duly organized under the laws of the State of Illinois and having its principal place of business in the State of Illinois; therefore, State Farm is a citizen of the State of Illinois.  (*See* Notice of

11

Removal ¶ 6.)  Likewise, the amount in controversy requirement of § 1332 is satisfied.  (*See id.* ¶¶ 13–15.)  Accordingly, there is diversity jurisdiction over the claim against State Farm when severed from the claims against the Manufacturer/Supplier Defendants and the Builder Defendant.

## CONCLUSION

For these reasons, State Farm's Motion to Sever should be granted, and the claim alleged against State Farm should be severed from the claims against the Manufacturer/Supplier Defendants and the Builder Defendant.

This 1st day of June, 2010.

/s/ Adrianne L. Baumgartner

_____

**ADRIANNE L. BAUMGARTNER, T.A. (#2861)**
**DARRIN M. O'CONNOR (#24582)**
**EMILY S. MORRISON  (#18351)**
PORTEOUS, HAINKEL & JOHNSON
408 North Columbia Street
Covington, LA 70434
(985) 893-4790
abaumgartner@phjlaw.com
doconnor@phjlaw.com
emorrison@phjlaw.com

**CHARLES L. CHASSAIGNAC, IV (#20746)**
Porteous, Hainkel & Johnson, L.L.P.
343 Third Street, Suite 202
Baton Rouge, LA  70801-1309
Telephone:  (225) 383-8900
cchassaignac@phjlaw.com

        **JAMES R. NIESET, JR. (#24856)**
        PORTEOUS, HAINKEL & JOHNSON, LLP
        704 Carondelet Street
        New Orleans, LA 70130
        Telephone: (504) 581-3838
        jnieset@phjlaw.com

        **Attorneys for State Farm Fire & Casualty Company**

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing Defendant State Farm Fire & Casualty Company's Motion to Sever has been served upon Brian Houghtaling, counsel for Plaintiffs Kimber Foret and Ryan Foret, Alex Peragine and Amanda Cox, counsel for Defendant Lee Roy Jenkins, and Marc Yellin, counsel for Defendant L&W Supply Corporation by email and by first class mail U.S. Postage Pre-paid pending counsel's registration with Lexis/Nexis File and Serve and on Plaintiffs' Liaison Counsel Russ Herman, and Defendants' Liaison Counsel Kerry Miller by U.S. Mail and email <u>or</u> by hand-delivery and email <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on the 1st day of June, 2010.

                <u>Adrianne L. Baumgartner</u>