UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | CIVIL ACTION NO.: |
| | * | 09-MDL-2047 |
| | * | |
| | * | SECTION:  "L" – JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | * | |
| Kenneth and Barbara Wiltz, individually, and on behalf of others similarly situated | * * | MAGISTRATE: "2" -  JUDGE WILKINSON |
| | * | |
| | * | |
| v. | * | |
| | * | |
| Beijing New Building Materials Public Limited Co., et al | * * | |
| Civil Action No. 10-00361 | * | |
| | * | |
| | * | |

*************************************************************************

### DEFENDANT, D & A CONSTRUCTION SERVICES, INC.'S, ANSWER TO PLAINTIFFS' OMNIBUS CLASS ACTION COMPLAINT (II) AND AFFIRMATIVE DEFENSES

NOW INTO COURT, through undersigned counsel, comes D & A Construction Services, Inc. ("D & A"), which files this, its Answer to Plaintiffs' Omnibus Class Action Complaint (II) and Affirmative Defenses, and states:

D & A sets forth the following as its Answer to Plaintiffs' Omnibus Class Action Complaint (II) without waiving its Motion to Dismiss Pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure, filed contemporaneously herewith.

### JURISDICTION, PARTIES AND VENUE

1. D & A lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 1 of Plaintiffs' Omnibus Class Action Complaint (II), and, therefore,

denies same.  Further answering, if the Court cannot exercise personal or subject matter jurisdiction over defendant, D & A, then it lacks subject matter jurisdiction pursuant to 28 U.S.C. §1332 (d)(2).

2.  D & A lacks knowledge or information sufficient to form a belief about the truth of  the allegations in Paragraph 2 of Plaintiffs' Omnibus Complaint (II), and, therefore, denies same.

3.  To the extent Plaintiffs are alleging that venue is proper in the Eastern District of Louisiana, the allegations in Paragraph 3 are denied. With respect to any and all claims against D & A it objects to venue in the Eastern District of Louisiana.

## PLAINTIFFS

4.  No answer by D & A is deemed necessary in response to the allegations contained in Paragraphs 4 through 524, as they relate to the specific identities and property interests of each respective Plaintiff/purported class member.  The majority of those allegations do not relate to D & A.  To the extent an answer is deemed necessary, the allegations of Paragraphs 4 through 524 are denied for lack of sufficient information to justify a belief therein.

## DEFENDANTS

5.  The allegations of Paragraph 525 are denied for lack of sufficient information to justify a belief therein.

### The Manufacturing Defendants

6.  No answer by D & A is deemed necessary in response to the allegations contained in Paragraphs 526 through 530, as they relate to the specific identities and roles of individual defendants.  Those allegations do not relate to D & A.  To the extent an answer is deemed necessary, the allegations of Paragraphs 526 through 530 are denied for lack of sufficient information to justify a belief therein.

The Unascertainable Manufacturer Defendants

7.   No answer by D & A is deemed necessary in response to the allegations contained in
     Paragraphs 531 through 543, as they relate to the specific identities and roles of individual
     defendants.  Those allegations do not relate to D & A.  To the extent an answer is deemed
     necessary, the allegations of Paragraphs 531 through 543 are denied for lack of sufficient
     information to justify a belief therein.

The Distributor/Supplier/Importer/Exporter/Broker Defendants

8.   No answer by D & A is deemed necessary in response to the allegations contained in
     Paragraphs 544 through 576, as they relate to the specific identities and roles of individual
     defendants.  Those allegations do not relate to D & A.  To the extent an answer is deemed
     necessary, the allegations of Paragraphs 544 through 576 are denied for lack of sufficient
     information to justify a belief therein.

The Developer/Builder Defendants

9.   No answer by D & A is deemed necessary in response to the allegations contained in
     Paragraphs 577 through 736, as they relate to the specific identities and roles of individual
     defendants.  Those allegations do not relate to D & A.  To the extent an answer is deemed
     necessary, the allegations of Paragraphs 577 through 736 are denied for lack of sufficient
     information to justify a belief therein.

The Contractor/Installer Defendants

10.  No answer by D & A is deemed necessary in response to the allegations contained in
     Paragraphs 737 through 744, as they relate to the specific identities and roles of individual
     defendants.  Those allegations do not relate to D & A.  To the extent an answer is deemed
     necessary, the allegations of Paragraphs 737 through 744 are denied for lack of sufficient
     information to justify a belief therein.

11. The allegations of Paragraph 745 are admitted only as to the location of D & A's principle place of business. All other allegations contained within Paragraph 745 are denied and strict proof demanded thereon.

12. No answer by D & A is deemed necessary in response to the allegations contained in Paragraphs 746 through 777, as they relate to the specific identities and roles of individual defendants.  Those allegations do not relate to D & A.  To the extent an answer is deemed necessary, the allegations of Paragraphs 746 through 777 are denied for lack of sufficient information to justify a belief therein.

## FACTS REGARDING PRODUCT DEFECT

13. The allegations of Paragraph 778 are denied for lack of sufficient information to justify a belief therein.

14. The allegations of Paragraph 779 are denied for lack of sufficient information to justify a belief therein.

15. The allegations of Paragraph 780 are denied for lack of sufficient information to justify a belief therein.

16. The allegations of Paragraph 781 are denied for lack of sufficient information to justify a belief therein.

17. The allegations of Paragraph 782 are denied as written.  D & A denies the allegations as they relate to it and demands strict proof thereon.

18. The allegations of Paragraph 783 are denied as written.  D & A denies the allegations as they relate to it and demands strict proof thereon.

19. The allegations of Paragraph 784 are denied as written.  D & A denies the allegations as they relate to it and demands strict proof thereon.

20. The allegations of Paragraph 785 are denied as written.  D & A denies the allegations as they relate to it and demands strict proof thereon.

21. The allegations of Paragraph 786 are denied for lack of sufficient information to justify a belief therein.

22. The allegations of Paragraph 787 are denied for lack of sufficient information to justify a belief therein.

23. The allegations of Paragraph 788 are denied for lack of sufficient information to justify a belief therein.

## FACTS REGARDING INVESTORS WHO AIDED AND ABETTED DEFENDANTS

24. The allegations of Paragraph 789 are denied as written.  D & A denies the allegations as they relate to it and demands strict proof thereon.

25. The allegations of Paragraph 790 are denied as written.  D & A denies the allegations as they relate to it and demands strict proof thereon.

26. The allegations of Paragraph 791 are denied as written.  D & A denies the allegations as they relate to it and demands strict proof thereon.

27. The allegations of Paragraph 792 are denied as written.  D & A denies the allegations as they relate to it and demands strict proof thereon.

28. The allegations of Paragraph 793 are denied for lack of sufficient information to justify a belief therein.

29. The allegations of Paragraph 794 are denied for lack of sufficient information to justify a belief therein.

30. The allegations of Paragraph 795 are denied for lack of sufficient information to justify a belief therein.

31. The allegations of Paragraph 796 are denied for lack of sufficient information to justify a belief therein.

32. The allegations of Paragraph 797 are denied for lack of sufficient information to justify a belief therein.

33. The allegations of Paragraph 798 are denied for lack of sufficient information to justify a belief therein.

## **CLASS ACTION ALLEGATIONS**

The Manufacturing Classes (Classes 1,9 and 13)

34. No answer by D & A is deemed necessary in response to the allegations contained in Paragraphs 799 through 800, as they relate to the specific identifies and roles of individual defendants.  Those allegations do not relate to D & A.  To the extent an answer is deemed necessary, the allegations of Paragraphs 799 and 800 are denied for lack of sufficient information to justify a belief therein.

The Unascertainable Manufacturing Defendant Classes

(Classes 2-8, 10-12, and 14-15)

35. No answer by D & A is deemed necessary in response to the allegations contained in Paragraphs 801 through 802, as they relate to the specific identifies and roles of individual defendants.  Those allegations do not relate to D & A.  To the extent an answer is deemed necessary, the allegations of Paragraphs 801 and 802 are denied for lack of sufficient information to justify a belief therein.

The Distributor/Supplier/Importer/Exporter/Broker Subclasses (Subclasses 16-47)

36. No answer by D & A is deemed necessary in response to the allegations contained in Paragraphs 803 through 804, as they relate to the specific identifies and roles of individual defendants.  Those allegations do not relate to D & A.  To the extent an answer is deemed

necessary, the allegations of Paragraphs 803 and 804 are denied for lack of sufficient information to justify a belief therein.

The Builder/Developer Subclasses (Subclasses 48-213)

37. No answer by D & A is deemed necessary in response to the allegations contained in Paragraphs 805 through 806, as they relate to the specific identifies and roles of individual defendants.  Those allegations do not relate to D & A.  To the extent an answer is deemed necessary, the allegations of Paragraphs 805 and 806 are denied for lack of sufficient information to justify a belief therein.

The Contractor/Installer Subclasses (Subclasses 214-254)

38. To the extent an answer is deemed necessary, the allegations of Paragraph 807 are denied for lack of sufficient information to justify a belief therein.

39. To the extent an answer is deemed necessary, the allegations of Paragraph 808 are denied for lack of sufficient information to justify a belief therein.  D & A denies that it should be included as a defendant (Subclass #223) in any Chinese drywall litigation as D & A is not liable for latent defects and/or defective building materials.

General Class Allegations and Exclusions from the Class Definitions

40. No answer by D & A is deemed necessary in response to the allegations contained in Paragraph 809. To the extent an answer is deemed necessary, the allegations of Paragraph 809 are denied for lack of sufficient information to justify a belief therein.

41. The allegations of Paragraph 810 are denied for lack of sufficient information to justify a belief therein.

42. The allegations of Paragraph 811 are denied for lack of sufficient information to justify a belief therein.

43. The allegations of Paragraph 812 are denied for lack of sufficient information to justify a belief therein.

44. The allegations of Paragraph 813 are denied for lack of sufficient information to justify a belief therein.

45. The allegations of Paragraph 814 are denied for lack of sufficient information to justify a belief therein.

46. The allegations of Paragraph 815 are denied for lack of sufficient information to justify a belief therein.

47. The allegations of Paragraph 816 are denied for lack of sufficient information to justify a belief therein.

48. The allegations of Paragraph 817 are denied for lack of sufficient information to justify a belief therein.

49. The allegations of Paragraph 818 are denied for lack of sufficient information to justify a belief therein.

<u>**COUNT I**</u>
**NEGLIGENCE**
**(Against All Defendants)**

50. Defendant, D & A, adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

51. The allegations of Paragraph 820 are denied.

52. The allegations of Paragraph 821 are denied.

53. The allegations of Paragraph 822 are denied.

54. The allegations of Paragraph 823 are denied.

55. The allegations of Paragraph 824 are denied.

56. The allegations of Paragraph 825 are denied.

57. The allegations of Paragraph 826 are denied.

## COUNT II
### NEGLIGENCE PER SE
### (Against All Defendants)

58. Defendant, D & A, adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

59. The allegations of Paragraph 828 are denied.

60. The allegations of Paragraph 829 are denied.

61. The allegations of Paragraph 830 are denied.

62. The allegations of Paragraph 831 are denied.

63. The allegations of Paragraph 832 are denied.

64. The allegations of Paragraph 833 are denied.

## COUNT III
### STRICT LIABILITY
### (All Defendants)

65. Defendant, D & A, adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

66. The allegations of Paragraph 835 are denied.

67. The allegations of Paragraph 836 are denied.

68. The allegations of Paragraph 837 are denied.

69. The allegations of Paragraph 838 are denied.

70. The allegations of Paragraph 839 are denied.

71. The allegations of Paragraph 840 are denied.

72. The allegations of Paragraph 841 are denied.

73. The allegations of Paragraph 842 are denied.

74. The allegations of Paragraph 843 are denied.

75. The allegations of Paragraph 844 are denied.

76. The allegations of Paragraph 845 are denied.

77. The allegations of Paragraph 846 are denied.

78. The allegations of Paragraph 847 are denied.

79. The allegations of Paragraph 848 are denied.

80. The allegations of Paragraph 849 are denied.

81. The allegations of Paragraph 850 are denied.

82. The allegations of Paragraph 851 are denied.

## COUNT IV
### BREACH OF EXPRESS AND/OR IMPLIED WARRANTY
### (All Defendants)

83. Defendant, D & A, adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

84. The allegations of Paragraph 853 are denied.

85. The allegations of Paragraph 854 are denied.

86. The allegations of Paragraph 855 are denied.

87. The allegations of Paragraph 856 are denied.

88. The allegations of Paragraph 857 are denied.

89. The allegations of Paragraph 858 are denied.

90. The allegations of Paragraph 859 are denied.

## COUNT V
### BREACH OF THE IMPLIED WARRANTY OF FITNESS AND MERCHANTABILITY
### PURSUANT TO FLORIDA STATUTES SECTION 718.203
### (On Behalf of Plaintiff Who Own Condominiums in the State of Florida)
### (Against Builders Only)

91. Defendant, D & A, adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

92. No answer by D & A is deemed necessary in response to the allegations contained in Count V, Breach of the Implied Warranty of Fitness and Merchantability Pursuant to Florida Statutes Section 718.203, Paragraphs 861 through 871. Those allegations do not relate to D & A as it is not named as a Florida condominium builder.  To the extent an answer is deemed necessary, the allegations of Paragraphs 861 through 871 are denied.

## COUNT VI
## BREACH OF THE IMPLIED WARRANTY OF HABITABILITY
### (Against Builders Only)

93. Defendant, D & A, adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

94. No answer by D & A is deemed necessary in response to the allegations contained in Count VI, Breach of the Implied Warranty of Habitability, Paragraphs 873 through 878. Those allegations do not relate to D & A as it is not named as a builder.  To the extent an answer is deemed necessary, the allegations of Paragraphs 873 through 878 are denied.

## COUNT VII
## BREACH OF CONTRACT
### (Against Builders Only)

95. Defendant, D & A, adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

96. No answer by D & A is deemed necessary in response to the allegations contained in Count VII, Breach of Contract, Paragraphs 880 through 882. Those allegations do not relate to D & A as it is not named as a builder.  To the extent an answer is deemed necessary, the allegations of Paragraphs 880 through 882 are denied.

## COUNT VIII
## VIOLATION OF THE LOUISIANA NEW HOME WARRANTY ACT
### (Against Louisiana Builders Only)

97. Defendant, D & A, adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

98. No answer by D & A is deemed necessary in response to the allegations contained in Count VII, Violation of the Louisiana New Home Warranty Act, Paragraphs 884 through 889. Those allegations do not relate to D & A as it is not named as a Louisiana builder. To the extent an Answer is deemed necessary, the allegations of Paragraphs 884 through 889 are denied.

## COUNT IX
## REDHIBITION
### (By Louisiana Plaintiffs Against All Defendants)

99. Defendant, D & A, adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

100.   The allegations of Paragraph 891 are denied.

101.   The allegations of Paragraph 892 are denied.

102.   The allegations of Paragraph 893 are denied.

103.   The allegations of Paragraph 894 are denied.

104.   The allegations of Paragraph 895 are denied.

105.   The allegations of Paragraph 896 are denied.

106.   The allegations of Paragraph 897 are denied.

107.   The allegations of Paragraph 898 are denied.

108.   The allegations of Paragraph 899 are denied.

**COUNT X**
**LOUISIANA PRODUCTS LIABILITY ACT**
**(Manufacturing Defendants)**
**(Pleaded in the Alternative Against Distributor Defendants)**

109.    Defendant, D & A, adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

110.    No answer by D & A is deemed necessary in response to the allegations contained in Count IX, Redhibition, Paragraphs 901 through 913 as it is named as neither a manufacturing defendant nor a distributor defendant.  To the extent an answer is deemed necessary, the allegations of Paragraphs 901 through 913 are denied.

**COUNT XI**
**PRIVATE NUISANCE**
**(All Defendants)**

111.    Defendant, D & A, adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

112.    The allegations of Paragraph 915 are denied.

113.    The allegations of Paragraph 916 are denied.

114.    The allegations of Paragraph 917 are denied.

115.    The allegations of Paragraph 918 are denied.

116.    The allegations of Paragraph 919 are denied.

117.    The allegations of Paragraph 920 are denied.

**COUNT XII**
**NEGLIGENT DISCHARGE OF A CORROSIVE SUBSTANCE**
**(All Defendants)**

118.    Defendant, D & A, adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

119.    The allegations of Paragraph 922 are denied.

120.    The allegations of Paragraph 923 are denied.

121.    The allegations of Paragraph 924 are denied.

122.    The allegations of Paragraph 925 are denied.

123.    The allegations of Paragraph 926 are denied.

124.    The allegations of Paragraph 927 are denied.

## COUNT XIII
## UNJUST ENRICHMENT
### (All Defendants)

125.    Defendant, D & A, adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

126.    The allegations of Paragraph 929 are denied.

127.    The allegations of Paragraph 930 are denied.

128.    The allegations of Paragraph 931 are denied.

## COUNT XIV
## VIOLATION OF CONSUMER PROTECTION ACTS
### (All Defendants)

129.    Defendant, D & A, adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

130.    The allegations of Paragraph 933 are denied for lack of sufficient information to justify a belief therein.

131.    The allegations of Paragraph 934 are denied.

132.    The allegations of Paragraph 935 are denied.

133.    The allegations of Paragraph 936 are denied.

## COUNT XV
## EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING
### (All Defendants)

134.    Defendant, D & A, adopts and re-alleges its responses and defenses to previous allegations as if fully set forth herein.

135.    The allegations of Paragraph 938 are denied.

136.    The allegations of Paragraph 939 are denied.

137.    No answer is deemed necessary in response to Paragraph 940. To the extent an answer is deemed necessary by D & A, the allegations of Paragraph 940 are denied.

138.    The allegations of Paragraph 941 are denied.

139.    The allegations of Paragraph 942 are denied for lack of sufficient information to justify belief therein.

140.    The allegations of Paragraph 943 are denied for lack of sufficient information to justify belief therein.

141.    The allegations of Paragraph 944 are denied.

142.    The allegations of Paragraph 945 are denied for lack of sufficient information to justify belief therein.

143.    The allegations of Paragraph 946 are denied for lack of sufficient information to justify belief therein.

144.    The allegations of Paragraph 947 are denied for lack of sufficient information to justify belief therein.

145.    The allegations of Paragraph 948 are denied for lack of sufficient information to justify belief therein.

146.    The allegations of Paragraph 949 are denied for lack of sufficient information to justify belief therein.

## DEMAND FOR JURY TRIAL

No answer is deemed necessary in response to Plaintiffs' Demand for Jury Trial. To the extent an answer is deemed necessary, the allegations contained therein are denied.

## PRAYER FOR RELIEF

No answer is deemed necessary in response to Plaintiffs' Prayer for Relief. To the extent an answer is deemed necessary, the allegations contained therein are denied.

147.    All unnumbered and mis-numbered paragraphs, as well as any allegations claiming negligence and/or liability on the part of D & A Construction Services, Inc. and all allegations not specifically answered herein are denied.

## RESERVATION OF RIGHT TO AMEND TO ADD CROSS-CLAIMS AND/OR THIRD PARTY CLAIMS

148.    D & A Construction Services, Inc. reserves the right to amend this Answer to assert cross-claims and/or third party claims against other parties as said claims ripen or become necessary.

## AFFIRMATIVE DEFENSES

AND NOW FURTHER ANSWERING, Defendant, D & A Construction Services, Inc., respectfully presents the following affirmative defenses:

FIRST DEFENSE

D & A adopts all affirmative defenses of other defendants similarly situated to the extent they are consistent with the defenses asserted herein.

SECOND DEFENSE

This Court lacks jurisdiction over this defendant and over the controversy forming the basis of this litigation.

THIRD DEFENSE

There is insufficiency of citation and service of process against this defendant.

FOURTH DEFENSE

This Court lacks venue as alleged in the Petition.

FIFTH DEFENSE

To the extent this product is, has been, or becomes subject to a recall by the U.S. Consumer Product Safety Commission, all state and federal legal and equitable defenses arising from said product recall are incorporated herein by reference.

SIXTH DEFENSE

The complaint, and each cause of action alleged therein, fails to state a claim against D & A upon which relief may be granted.

SEVENTH DEFENSE

Plaintiffs' claims are barred in whole, or in part, by the doctrines of waiver, payment, estopples, and set-off.  Plaintiffs' claims are also barred in whole, or in part, by their own judicial admissions.

EIGHTH DEFENSE

All applicable federal and state prescriptive and/or preemptive statutory time limitations act as a bar to any recovery of Plaintiffs herein.

NINTH DEFENSE

D & A's actions were not the actual or proximate cause of the claimed damages; hence, Plaintiffs ought not recover from it. D & A specifically and affirmatively avers that the products used by it were at all times reasonably fit and suitable for the purposes for which they were manufactured and sold, and denies that said products were in any manner defective for the use for which they were manufactured.

TENTH DEFENSE

Further answering, D & A, alternatively avers that it is entitled to a set-off, reduction or credit for a *pro rata* virile share, for each of the entities whose products are shown to have caused Plaintiffs' damages, and/or for all entities and individuals whose fault or negligence are found to have caused or contributed to Plaintiffs' damages, regardless or whether those entities are parties to this action or are bankrupt.

ELEVENTH DEFENSE

D & A specifically pleads the "state-of-the-art" defense to each and every allegation raised by Plaintiffs.  D & A denies any defects in its products and avers that at all pertinent times, its products were reasonably fit and suitable for the purposes for which they were manufactured and intended and were delivered with such advice as was consistent with the state of the existing medical and industrial art.

TWELFTH DEFENSE

D & A denies the existence of or breach of any actual or implied warranty.

THIRTEENTH DEFENSE

D & A denies Plaintiffs have a viable claim for punitive damages.  Plaintiffs' claims must fail under applicable state law, federal law and under provisions of the United States Constitution.  The standard by which defendants conduct is to be judged, with regard to the Plaintiffs' claims for exemplary damages, as alleged, is vague and arbitrary, and as such denies due process in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

## FOURTEENTH DEFENSE

The standard for determining the amount of exemplary damages are vague and provide no notice to defendants of the potential amount of damages, and subject to the unbridled discretion of the jury, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution.

## FIFTEENTH DEFENSE

The imposition of punitive damages, as requested by Plaintiffs, would be criminal in nature and the rights given to any defendant in a criminal proceedings under the Fifth, Sixth, Eight, and Fourteenth Amendments to the United State Constitution.

## SIXTEENTH DEFENSE

The imposition of exemplary damages against defendants would constitute cruel and unusual punishment in violation of the Eight Amendment to the United States Constitution. Plaintiffs' request for exemplary damages exposes the defendants to multiple punishments for the same allegations, thereby, denying due process under the Fifth and Fourteenth Amendments of the United States Constitution.

## SEVENTEENTH DEFENSE

D & A denies that this action is appropriate for class actions status as to this Defendant.

## EIGHTEENTH DEFENSE

Plaintiffs failed to mitigate their damages, if any.

## NINETEENTH DEFENSE

Any claim for punitive damages herein is barred by the Eighth and Fifteenth Amendments of the United States Constitution and are prescribed.

### TWENTIETH DEFNSE

Plaintiffs failed to join as necessary and indispensable parties all of the manufacturers, distributors, suppliers, contractors, subcontractors, and other persons, firms, corporations, associations, and groups which provided drywall to the Plaintiffs, or which used such products in the vicinity of the Plaintiffs, thereby causing or substantially contributing to Plaintiffs' injuries. The failure to join such third parties demonstrates that complete relief cannot be accorded among those who are now parties to this suit.  The failure to join necessary and indispensable parties subjects D & A to the substantial risk of incurring double, multiple, and otherwise inconsistent obligations for the damages claimed by Plaintiffs.

### TWENTY-FIRST DEFENSE

If Plaintiffs suffered any damages, as alleged, such injuries were caused, in whole or in part, by the actions or inactions of third parties, and not D & A.  D & A is not responsible for those damages.

### TWENTY-SECOND DEFENSE

D & A gives notice that it intends to invoke any other defense that may become available or appear during the subsequent proceedings in this case and hereby reserves the right to amend this response to assert any such defense.

### TWENTY-THIRD DEFENSE

D & A states that its investigation into the claims and defenses in this action continues, and it expressly reserves the right to modify, amend and/or supplement its defenses to this Complaint.  D & A further gives notice that it intends to invoke any other defense that may become available or appear during the subsequent proceedings in this case and hereby reserves its right to amend this response to assert any such defense.

TWENTY-FOURTH DEFENSE

D & A denies any and all liability with regard to the allegations made in Plaintiffs' complaint.  D & A specifically denies it ever owned, sold, distributed, delivered, supplied, or installed any drywall manufactured in China at any time.

TWENTY-FIFTH DEFENSE

D & A provided no warranties as to any drywall that it installed.

TWENTY-SIXTH DEFENSE

In the alternative, D & A alleges the acts and omission for others for whom it may be held responsible, caused the damages alleged in the Petition in whole or in part and they are responsible for any damages sustained by Plaintiffs the extent caused by them.

TWENTY-SEVENTH DEFENSE

D & A states that to the extent that any damages claimed by Plaintiffs were caused by the negligence of unrelated third parties who are not currently joined in this lawsuit, and otherwise currently unknown, but who will be indentified during discovery, D & A is entitled to have those, as of now, unidentified third parties listed on the verdict form, so that fault may be appropriately apportioned.

TWENTY-EIGHTH DEFENSE

If Plaintiffs have heretofore settled or should hereafter settle for any of the alleged injuries and/or damages or loss with any parties, then D & A is entitled to a credit for the virile portion of fault attributable to any and all settling defendants and/or third-party defendants.

WHEREFORE, Defendant, D & A Construction Services, Inc., prays that this Answer be deemed good and sufficient, and after due proceedings had, there be a judgment in its favor and

against Plaintiffs, dismissing with prejudice their claims at Plaintiffs' costs. Defendant further

prays for all general and equitable relief to which it may be entitled.

Respectfully submitted,

s/ Glenn B. Adams
GLENN B. ADAMS (2316)
DENIA S. AIYEGBUSI (31549)
Porteous, Hainkel & Johnson, L.L.P.
704 Carondelet Street
New Orleans, LA  70130
Telephone:  (504) 581-3838
Facsimile: (504) 581-4069
Email: gadams@phjlaw.com
Email: daiyegbusi@phjlaw.com
*Attorneys for D & A Construction Services, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that D & A Construction Services, Inc.'s  above and foregoing Answer to Plaintiffs' Omnibus Class Action Complaint (II) and Affirmative Defenses has been served upon Plaintiffs' Liaison Counsel, Russ Herman at drywall@hhk.com  and Defendants' Liaison Counsel, Kerry Miller at kmiller@frilot.com and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically file with the Clerk of Court of the United States District court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2047, on this 2nd day of June, 2010.

s/ Glenn B. Adams
GLENN B. ADAMS
DENIA S. AIYEGBUSI