IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>Payton, et al. v. Knauf Gips KG, et al.,<br>Case No. 09-cv-7628 (E.D. La.) | MDL Docket No. 2047<br><br>SECTION L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

### MEMORANDUM IN SUPPORT OF AMENDED MOTION FOR SUMMARY JUDGMENT OF GREGG NIEBERG, INC. TO COMPLY WITH COURT NOTED DEFICIENCIES

**COMES NOW** the Defendant named as Gregg Nieberg, Inc. (hereinafter "Nieberg") in the above-styled case, and, in accordance with Rule 56 of the Federal Rules of Civil Procedure, moves this Court to enter an Order granting summary judgment in its favor and against Plaintiffs. In support of its motion and along with its Statement of Material Facts, Nieberg states as follows:

### SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that "[summary] judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, and answers to interrogatories, admissions on file and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Williams v. Adams*, 836 F.2d 958, 960 (5th Cir. 1988). Once a proper motion has been made, the non-moving party may not rest upon mere allegations

or denials in the pleadings but must set forth specific facts showing the existence of a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 322-23; *Anderson*, 477 U.S. at 257, 106 S.Ct. at 2514-15; *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), cert. denied, 506 U.S. 825 (1992). Summary judgment is mandated if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to her case on which she bears the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322.

## ARGUMENT

This court does not have personal jurisdiction over Nieberg. When personal jurisdiction is challenged by the defendant, it is the plaintiff's burden to establish it. *See Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1138 (5th Cir. 1980). In the present matter, the plaintiffs have failed to meet their burden to demonstrate that this Court has personal jurisdiction over Nieberg.

There are two well established jurisdictional analyses that may apply depending on the relationship between the defendant's contacts with the forum and the cause of action. When the cause of action arises out of the defendant's forum contacts, the court conducts a "specific" jurisdiction analysis. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980). When the cause of action does not arise out of the defendant's forum contacts, the court must determine whether the defendant's forum contacts support the exercise of "general" jurisdiction. *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408 (1984). "General jurisdiction" requires a higher level of contact with the forum to support jurisdiction over the defendant. In this case, this Court lacks personal jurisdiction under either analysis because Nieberg has absolutely no contacts with the forum State of Louisiana. (Exh. 1 ¶ 12.)

## I. This Court May Not Assert Specific Jurisdiction.

In order to exercise specific jurisdiction over a nonresident defendant, two requirements must be met. "First, the defendant must be amenable to service of process under the forum state's jurisdictional long-arm statute. Second, the exercise of jurisdiction under this statute must comport with norms imposed by the due process clause of the fourteenth amendment." *Dalton v. R&W Marine, Inc.*, 897 F.2d 1359, 1361 (5th Cir. 1990); *see Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 418 (5th Cir. 1993) (*citing International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Louisiana's long-arm statute provides in pertinent part:

A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident.

(1) Transacting any business in this state.

(2) Contracting to supply services or things in this state.

(3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.

(4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.

(5) having an interest in, using or possessing a real right on immovable property in this state.

\*   \*   \*

(8) Manufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer's marketing practices.

B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.

La. R.S. § 13:3201. Thus, Louisiana's long-arm statute is effectively coextensive with the Fourteenth Amendment, and the jurisdictional inquiry turns on the constitutional analysis. *See Superior Supp. Co. v. Associated Pipe & Supp. Co.*, 515 So. 2d 790, 792 (La. 1987).

The Fourteenth Amendment's Due Process Clause protects a defendant's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts. *Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F.3d 374, 378 (5th Cir. 2002). A court may constitutionally assert personal jurisdiction over a nonresident defendant only when that defendant has such "minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *See International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *accord Dalton*, 897 F.2d at 1361.

The Fifth Circuit has developed a three part test in order to determine whether jurisdiction is appropriate under the Due Process clause. *See Nuovo Pignone*, 310 F.3d at 378. First, the Court analyzes whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there. *Id.* Second, the appropriate inquiry is whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts. *Id.* Lastly, the Court must consider whether the exercise of personal jurisdiction is fair and reasonable. *Id.* Under this three-prong approach, this Court lacks personal jurisdiction over Nieberg.

### A. Nieberg Has Not Purposely Directed Activities Toward Louisiana Nor Conducted Any Activities There.

To support an assertion of personal jurisdiction over Nieberg, Plaintiffs must "identify some act whereby [Nieberg] 'purposefully avail[ed] itself of the privilege of conducting activities

1828592 v2                                  4

[in Louisiana], thus invoking the benefits and protections of its laws.'" *Luv n' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469-70 (5th Cir. 2006); *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). The litmus test is whether the defendant's forum conducts are such that it would "reasonably anticipate[] being haled into court" in Louisiana. *Luv n' Care*, 438 F.3d at 470; *World Wide Volkswagon*, 444 U.S. at 297.

The facts of this case show that Nieberg has no contacts with Louisiana and did not anticipate it would be haled into court in Louisiana. (Exh. 1 ¶ 12.) Therefore, it is unnecessary to analyze whether Nieberg's contacts with Louisiana are of a kind and quality that would make it reasonably foreseeable that it would be haled into court there. This is supported by the Plaintiffs' Complaint. Plaintiffs do not even allege that this Court has personal jurisdiction. Instead, Plaintiffs allege that Nieberg has a principal place of business in Florida, and that it is organized under the laws of Florida. (Payton Complaint ¶ 2553, Exh. 1 ¶¶ 3-4.) Further, Plaintiffs allege that Nieberg installed defective drywall in the homes of certain Subclass Members. However, the six (6) homes in which Nieberg installed drywall are all located in Florida. (Exh. 1 ¶ 14.)

Nieberg has never installed drywall, contracted or subcontracted with businesses in Louisiana, conducted any business, sought to conduct any business, advertised, or in any way targeted its activities toward Louisiana. (Exh. 1 ¶ 6.) Nieberg has never been licensed or registered to do business in Louisiana, nor has Nieberg ever had any offices, headquarters or any other facilities, or employees in Louisiana. (Exh. 1 ¶ 7.) Nieberg does not have an agent for service of process in Louisiana. (Exh. 1 ¶ 8.) Nieberg does not have any bank accounts in Louisiana or own any property in Louisiana. (Exh. 1 ¶ 9.) Nieberg has never maintained a telephone line or kept a post office box or otherwise received mail in Louisiana. (Exh. 1 ¶ 10.)

Nieberg has never received any business from contacts in Louisiana. (Exh. 1 ¶ 11.) Further, the very nature of Nieberg's activities, namely installing, hanging, spackling and taping drywall in houses, is such that they do not move in the stream of commerce but stay fixed to the house on the real estate on which they are built. (Exh. 1 ¶ 17.)

In the absence of any contacts between Nieberg and the State of Louisiana, much less contacts constituting the kind of purposeful availment that would cause Nieberg to reasonably anticipate being haled into court there, Plaintiffs have failed to meet their burden of proof of demonstrating the kind of minimum contacts which support the exercise of personal jurisdiction. Thus, summary judgment is due to be granted in favor of Nieberg.

**B.  Plaintiffs' Claims Do Not Arise Out of Any Contact Between Nieberg and the State of Louisiana.**

The second prong of the inquiry under *Nuovo Pignone, SpA* is whether the plaintiff's cause of action arises from the defendant's contacts with the forum. *Nuovo Pignone, SpA*, 310 F.3d at 378. As set forth above, Nieberg has no contacts with the State of Louisiana. Therefore, it follows that Plaintiffs' causes of action cannot arise from nonexistent contacts. Rather, as is clear from the allegations in Plaintiffs' Complaint, Plaintiffs' causes of action against Nieberg all arise out of Nieberg's installation of drywall in houses in Florida owned by plaintiffs who reside in Florida. (Exh. 1 ¶ 14.)

**C.  Assertion of Jurisdiction Would Offend Traditional Notions of Fair Play and Substantial Justice.**

The final prong of the jurisdictional inquiry under *Nuovo Pignone, SpA* is whether the court's exercise of jurisdiction would "offend traditional notions of fair play and substantial justice." *Nuovo Pignone, SpA*, 310 F.3d at 378. If the assertion of jurisdiction in the absence of a single contact with the forum could comport with notions of fair play and substantial justice, then there is no case in which jurisdiction could not be asserted, and the limits on the exercise of

personal jurisdiction would be illusory. This is simply not the law, and this Court's assertion of personal jurisdiction over Nieberg would violate all notions of fair play and substantial justice. Accordingly, summary judgment should be granted in favor of Nieberg as a matter of law.

## II. This Court May Not Assert General Jurisdiction.

Because there is a complete lack of contact between Nieberg and the State of Louisiana, this Court also lacks general jurisdiction over Nieberg. Where the plaintiff's cause of action does not arise from the defendant's contacts with the forum, due process permits the exercise of jurisdiction only when the defendant has "continuous and systematic contacts" with the forum. *Helicopteros Nacionales*, 466 U.S. at 414. "The continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and forum." *Olagues v. Lousharina*, 557 F. Supp. 2d 731, 738 (E.D. La. May 27, 2008).

In this case, Nieberg has no contacts with Louisiana. (Exh. 1 ¶ 12.) Nieberg has never installed drywall in a house in Louisiana, has never conducted nor sought to conduct business there, nor in any way targeted its activities there. (Exh. 1 ¶ 6.) Further, the nature of Nieberg's products (installed drywall) is stationary in the houses in which they are installed. (Exh. 1 ¶ 17.) They do not move in the stream of commerce but stay fixed to the house on the real estate on which they are built. (Exh. 1 ¶ 17.) Therefore, it cannot be said that Nieberg has the kind of continuous and systematic contacts needed to support the exercise of general jurisdiction. (Exh. 1 ¶ 12.)

## C. The Status of This Case As a Class Action and a Multi-District Litigation Has No Effect on the Personal Jurisdiction Analysis.

Jurisdictional analysis does not change merely because the plaintiffs have opted to bring a class action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2) & (d)(6). *See In re Train Derailment Near Amite, Louisiana, on October 12, 2002*, No. MDL 1531, 2004

WL 224573, at *1, 3 (E.D. La. Feb. 3, 2004) (holding that conversion from multidistrict litigation to class action had no bearing on the personal jurisdiction determination, which "depends solely on the defendant['s] . . . conduct in and contacts with the forum state"). *See also Morrison v. YTB Int'l, Inc.*, 641 F. Supp. 2d 768, 777-81 (S.D. Ill. 2009) (applying ordinary jurisdictional analysis to claim under CAFA); *Baumkel v. Scotts Miracle-Gro Co.*, No. 08-14137, 2009 WL 3190477, at *1-4 (E.D. Mich. Sept. 28, 2009) (same). CAFA expands the subject matter jurisdiction of the federal courts, but does not affect personal jurisdiction. Indeed, Congress could not by mere statute deprive a defendant of its constitutional due process right not to be subject to the judgment of a forum with which it has established no meaningful contacts.

Similarly, as explained by the Judicial Panel on Multidistrict Litigation, multidistrict litigation does not deprive defendants of any right entitled to judicial protection, nor has Congress given any indication that in enacting 28 U.S.C. § 1407 "it intended to expand the territorial limits of effective service." *In re Library Editions of Children's Books*, 299 F. Supp. 1139, 1142 (J.P.M.L. 1969); *accord In re Gypsum Wallboard*, 302 F. Supp. 794, 794 n. 1 (J.D.M.L. 1969). In the absence of specific or general jurisdiction, this Court may not assert personal jurisdiction over Nieberg. Therefore, summary judgment is due to be granted in favor of Nieberg.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Gregg Nieberg, Inc. respectfully states that the undisputed facts establish that it did business wholly in the State of Florida and has no contacts with the State of Louisiana. Gregg Nieberg, Inc. therefore respectfully states that there is no genuine issue of material fact as to the lack of personal jurisdiction, and that it is entitled to judgment as a matter of law. For the foregoing reasons, Gregg Nieberg, Inc. respectfully requests that this Honorable Court enter an Order granting summary judgment in its favor and

against the Plaintiffs.

                                          Respectfully submitted,

                                          s/ S. Greg Burge
                                          S. Greg Burge (AL Bar# ASB-0558-B37S)
                                          gburge@burr.com

                                          Attorney for Defendant
                                          GREGG NIEBERG, INC.

OF COUNSEL:
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

       I hereby certify that the above and foregoing has been served upon Plaintiffs' Liaison Counsel, Russ Herman at drywall@hhkc.com, and Defendants' Liaison Counsel, Kerry Miller at kmiller@frilot.com, and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 3rd day of June, 2010.

                                          /s/ S. Greg Burge
                                          OF COUNSEL