# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION _____ This Document Relates to: Payton, et al. v. Knauf Gips KG, et al., Case No. 09-cv-7628 (E.D. La.) THIS DOCUMENT APPLIES TO ALL CASES | ) ) ) ) ) ) ) ) ) ) ) ) MDL Docket No. 2047 SECTION L JUDGE FALLON MAG. JUDGE WILKINSON |

## AFFIDAVIT OF GREGG HUNTER NIEBERG

STATE OF KENTUCKY            )

COUNTY OF MUHLENBERG        )

PERSONALLY APPEARED before the undersigned officer, duly authorized to administer oaths, Gregg Hunter Nieberg, who states under oath as follows:

1.      My name is Gregg Hunter Nieberg. I am over the age of twenty-one years, and I am competent to testify to the matters set forth herein. I have personal knowledge of the facts set forth in this affidavit, and all such facts are true to the best of my knowledge.

2.      I am a natural person currently residing in the State of Kentucky at 155 Higgins Ln., Greenville, KY 42345.

3.      I was in the drywall business for twenty-five (25) years. I operated Gregg Nieberg Drywall as a sole proprietor for fifteen (15) years, and incorporated Gregg Nieberg, Inc. ("Nieberg") under the laws of Florida in 2003. That business was sold in 2006.

4.      Nieberg, previously Gregg Nieberg Drywall, always maintained its business at 1743 S.W. Macedo Rd., Port St. Lucie, FL 34984.

5.      Nieberg was in the business of installing drywall by hanging, spackling and taping drywall in Florida residences.

6.      Nieberg has never installed drywall in a home in Louisiana, contracted or subcontracted with businesses in Louisiana, conducted or sought to conduct any business in Louisiana, advertised in Louisiana, or in any way targeted their activities toward Louisiana.

7.      Nieberg has never been licensed or registered to do business in Louisiana, nor has Nieberg ever had any offices, headquarters or any other facilities, or employees in Louisiana.

8.      Nieberg does not have an agent for service of process in Louisiana.

9.      Nieberg does not have any bank accounts in Louisiana or own any property in Louisiana.

10.     Nieberg has never maintained a telephone line or kept a post office box or otherwise received mail in Louisiana.

11.     Nieberg has never received any business from any contacts in Louisiana.

12.     Nieberg has no contacts with the State of Louisiana that support the exercise of jurisdiction in Louisiana, nor did it ever anticipate it would be haled into court in Louisiana.

13.     During the years of operation, I was licensed to do business in the City of Port St. Lucie and in St. Lucie County, Martin County, Charlotte County, Sarasota County, Brevard County, and India River County in the State of Florida.   A state license for drywall is not required.

14.     Out of all the plaintiffs in this case, Nieberg installed drywall in the homes of six (6) plaintiffs, namely: Pete Catalano, Ray Chladny, Lloyd Ramsarran, Brian Sexton, Daniel Toth and Frank Gumina.   All of the homes of these six (6) plaintiffs in which Nieberg installed drywall were located in the State of Florida.

15.     Nieberg was not hired by these six (6) home owners, nor did it have contracts with these home owners. Rather, Nieberg was hired by the builder and with the exception of Danile Toth, paid by the builder to install drywall in these residences.

16.     Drywall installed in these six (6) plaintiffs' residences came from Banner Supply.

17.     The work products of Nieberg are stationary and stay fixed to the house on the real estate on which they are built.

18.     The work product of Nieberg involved purchasing the drywall from a supplier and bringing it to the job site. Nieberg purchased as much drywall as it needed for a job and did not store any drywall on site, or at any other location.

19.     Nieberg made no decision as to what brand of drywall, which manufacturer, or where the drywall supplier ordered or purchased drywall.

20.     Nieberg was never involved in the manufacture of drywall, the distribution of drywall, or the storage of drywall.

21.     A crew of four workers, which was a part of a separate entity or business and not direct employees of Gregg Nieberg, Inc., would hang the drywall. Another crew, which was also a part of a separate entity or business and not direct employees of Gregg Nieberg, Inc., would spackle, tape and sand the drywall. A final worker, which was also a part of a separate entity or business and not a direct employee of Gregg Nieberg, Inc., would spray the walls with a primer and texture, depending on the requests of the customer.

FURTHER AFFIANT SAYETH NOT.

DATED: ..............................................

By _____

Gregg Hunter Nieberg

I. Barbara A Keith _____ , a Notary Public in and for said County in said State, hereby certify that Gregg Hunter Nieberg, whose name is signed to the foregoing AFFIDAVIT OF GREGG HUNTER NIEBERG, and who is known to me, acknowledged before me on this day that, being informed of the contents of such instrument, he executed the same voluntarily on the day the same bears date.

Given under my hand and seal, this 21st day of May, 2010.

NOTARY PUBLIC

[SEAL]

My Commission Expires: Feb 20, 2012

1830050 v-11817254.txt                                                    4