IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUSIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION, | : : : | MDL NO: 2047 |
| THIS APPLIES TO: | : : | SECTION: L |
| KENNETH and BARBARA WILTZ, *et al.* | : | JUDGE: FALLON |
| v. | : | MAG. JUDGE WILKINSON |
| BEIJING NEW BUILDING MATERIALS PUBLIC LTD., et al. | : : | |
| Case No. 2:10-cv-361-EEF-JCW | : : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PARALLEL DESIGN AND DEVELOPMENT, LLC'S MOTION TO DISMISS**

COMES NOW, Defendant, Parallel Design and Development, LLC (misidentified as "Parellel Design and Development, LLC") (hereinafter "Parallel"), through undersigned counsel, appearing solely for the purpose of this Motion to Dismiss, and hereby submit the following Memorandum of Law in Support of its Motion to Dismiss, filed contemporaneously herewith. Parallel respectfully moves the Court to issue an Order dismissing the claims of the Plaintiffs pursuant to Fed. R. Civ. P. 12 (b)(2) and (3) for the reasons set forth below. Specifically, Parallel argues that it is not subject to, nor has it submitted to, the jurisdiction of this Court, and that the Eastern District of Louisiana is an improper venue for the proceedings against them.

**I. BACKGROUND**

This class action includes numerous claims from around the country, arising out of the importation, installation, and use, of allegedly defective drywall. On March 15, 2010, Plaintiffs filed "Plaintiffs' Amended Omnibus Class Action Complaint (II)" naming Parallel, as well as hundreds of others, as a Defendant. The Plaintiffs name Parallel, as a Defendant, alleging that it

built the homes of certain subclass members, and installed allegedly defective drywall in their homes during construction. Parallel is a Virginia business entity, with its principal places of business located in Williamsburg, Virginia.

As is clear from the text of the lawsuit, Parallel was named in this action because it allegedly played a role in the construction of a single dwelling in Virginia, utilizing allegedly defective drywall, imported from China. However, this lawsuit was not filed in Virginia. This lawsuit was filed in the United States District Court for the Eastern District of Louisiana and, as will be demonstrated below, Parallel has not ever in the past, and does not presently maintain sufficient minimum contacts with the State of Louisiana to allow this Court to exercise jurisdiction over it. The United States District Court for the Eastern District of Louisiana is not a forum where these claims could have originally been brought against Parallel and, as such, is an improper forum for this litigation.

Accordingly, Parallel respectfully moves this Court to issue an Order dismissing the Plaintiffs' Complaint against it, for lack of personal jurisdiction, and/or for improper venue.

## II. AVERMENTS AGAINST PARALLEL

On March 15, 2010, Plaintiffs filed "Plaintiffs' Amended Omnibus Class Action Complaint (II)" naming Parallel, and hundreds of others as a Defendant. In this Amended Complaint, the plaintiffs allege, *inter alia:*

> 649. Defendant, Parellel Design and Development, LLC is an entity or individual with a principal place of business at 2627 Landview Circle, Virginia Beach, Virginia 23454. Defendant is organized under the laws of Virginia. Defendant built certain Subclass Members' homes and, directly or through agents, installed

defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

There is no allegation in the Complaint, which numbers over two hundred (200) pages that Parallel has, or has had in the past, any contacts with the State of Louisiana.

## III. FACTS RELEVANT TO MOTION

As is demonstrated by Exhibit 1 (Affidavit of David Iobst), incorporated herein and attached hereto, Parallel is a company organized under the laws of the Commonwealth of Virginia, and whose principal place of business is likewise located in Virginia. Parallel does not have an office, or other physical facility or presence in the State of Louisiana. Parallel is not authorized to do business in the State of Louisiana, and it has not transacted business in Louisiana. Parallel is not a manufacturer or seller of products. Parallel has not done any contracting, building, construction management, or development work in the State of Louisiana, and it has not advertised, solicited, or targeted business from customers in the State of Louisiana. Parallel has received any business from any contacts located within the State of Louisiana.

## IV. ARGUMENT

This Court cannot exercise personal jurisdiction over Parallel, because it does not have minimum contacts with the State of Louisiana sufficient to permit the Court to exercise such personal jurisdiction, as required by the Supreme Court's holding in the *International Shoe* opinion[1], and its progeny. Alternatively, Parallel would argue that venue has been improperly laid in this case.

---

[1] *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S. Ct. 154 (1945).

**A. Parallel is not Subject to Personal Jurisdiction in the State of Louisiana.**

This District Court has previously explained that "[i]f a nonresident defendant protests the exercise of personal jurisdiction, the burden falls on its opponent to make a *prima facie* showing that personal jurisdiction exists." *Simmons v. Seatide International, Inc.* 693 F.Supp. 510, 513 (E.D. La. 1988) *citing Rittenhouse v. Mabry,* 832 F.2d 1380, (5th Cir. 1987). The Court went on to explain that "[a] federal court may exercise personal jurisdiction over a nonresident defendant only if . . . state law confers such jurisdiction and only if the exercise of such jurisdiction comports with due process under the Constitution." *Simmons,* 693 F.Supp. at 513 (citation omitted).

The Fifth Circuit has explained that when personal jurisdiction is challenged, "[t]he district court is not obligated to consult only the assertions in the plaintiff's complaint in determining whether a prima facie case for jurisdiction has been made. Rather, the district court may consider the contents of the record at the time of the motion, including affidavits . . . ." *Paz* v. *Brush Engineered Materials, Inc.,* 445 F.3d 809, 812 (5th Cir. 2006) *quoting Quick Technologies, Inc.* v. *Sage Group, PLC,* 313 F.3d 338, 343 (5th Cir. 2002).

There is no averment of personal jurisdiction over Parallel in the Complaint, and the Plaintiffs will not be able to make out a prima facie showing of personal jurisdiction. As the affidavit attached hereto, and referenced herein demonstrates, Parallel has not had any contacts, much less "minimum" contacts, with the State of Louisiana.

In determining whether the Court may exercise personal jurisdiction over a non-resident defendant, the Court must consider whether the conduct alleged by the nonresident defendant, with regard to the forum, meets one of two possible classifications - - "specific" or "general."

When an action arises out of or is related to the Defendant's contacts with the forum state, the court's jurisdiction is referred to as "specific jurisdiction." *Hockerson-Halberstadt, Inc.* v. *Costco Wholesale Corporation,* 93 F.Supp. 2d 738, 741 (E.D. La. 2000)(Fallon). *See, e.g. World-Wide Volkswagen Corp.* v. *Woodson,* 444 U.S. 286, 100 S.Ct 559,62 L.Ed.2d 490 (1980). When a defendant has "continuous and systematic contacts" with the forum state, separate and apart from the actions giving rise to the lawsuit, the Court may exercise "general jurisdiction." *Hockerson-Halberstadt, Inc* 93 F.Supp. 2d at 741. *See, e.g. Helicopteros Nacionales de Colombia, SJL* v. *Hall,* 466 U.S. 408, 104 S.Ct 1868,80 L.Ed.2d 404 (1984).

**1. Specific Jurisdiction**

Personal jurisdiction over a non-resident defendant is proper only if (1) the nonresident defendant is amenable to service of process under the forum state's long-arm statute and (2) the exercise of personal jurisdiction over the non-resident defendant is consistent with due process. *Frisella* v. *Transoceanic Cable Ship Company,* 181 F.Supp. 2d 644 (E.D. La. 2002) *citing Ray Geophysical Geosource, Inc.* 954 F.2d 1061, 1067 (5th Cir. 1992).

The State of Louisiana's long-arm statute, La. R.S. l3:3201, provides, in pertinent part:

> A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from anyone of the following activities performed by the nonresident:
> (1) Transacting any business <u>in this state</u>.
> (2) Contracting to supply services or things <u>in this state</u>.
> (3) Causing injury or damage by an offense or quasi offense committed through an act or omission <u>in this state</u>.
> (4) Causing injury or damage <u>in this state</u> by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered <u>in this state</u>.
> (5) Having an interest in, using or possessing a real right on immovable property <u>in this state</u>.

. . .

> (8) Manufacturing of a product or component thereof which caused damage or injury <u>in this state</u>, if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found <u>in this state</u> by reason of its nature and the manufacturers marketing practices.
> (emphasis supplied)

The statute goes on to provide, under Subsection "B" as follows:

> In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.
> La. R.S. 13:3201 (B).

This Court has previously considered the Louisiana long-arm statute, and found that it extends to the limits of constitutional due process. As such, the relevant inquiry is whether jurisdiction over the Defendants satisfies the Due Process Clause. *See Frisella v. Transoceanic Cable Ship Company,* 181 F.Supp.2d 644, 647 (E.D. La. 2002) *citing Simmons* v. *SeaTide International, Inc.,* 693 F.Supp. 510, 513 (E.D. La. 1988) and *Dalton* v. *R&W Marine, Inc.,* 897 F.2d 1359, 1361 (5th Cir. 1990).

Constitutional Due Process is satisfied only where the non-resident defendant has "minimum contacts" with the forum state, and where requiring the defendant to litigate in the forum state does not offend "traditional notions of fair play and substantial justice." *Frisella* v. *Transoceanic Cable Ship Company,* 181 F.Supp.2d 644, 647 (E.D. La. 2002) *citing International Shoe Co.* v. *Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 *(1945); Asahi Metal Indus. Co., Ltd.* v. *Superior Court of California,* 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987).

The Fifth Circuit has set forth a three-part test in order to determine whether jurisdiction is appropriate under the Due Process Clause and *International Shoe. See Nuovo Pignone, SpA* v.

*Storman Asia M/Vy* 310 F.3d 374 (5th Cir. 2002). First, the Court analyzes whether the defendant has minimum contacts with the forum state, i.e., whether it purposefully directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there. Second, whether the plaintiff's cause of action arises out of, or results from, the defendant's forum-related contacts. The third, and final consideration is whether the exercise of personal jurisdiction is fair and reasonable.

Parallel will address each part, in turn. As the Court will readily see, the Plaintiffs have not, and cannot establish that the assertion of personal jurisdiction over Parallel comports with Due Process.

**a. Parallel Did not Purposefully Direct any Activities to the State of Louisiana.**

To determine whether Parallel has minimum contacts with the State of Louisiana, the Court, "must identify some act whereby [the defendant] 'purposely availed] itself of the privilege of conducting activities [there], thus invoking the benefits and protections of its laws.' " *Burger King Corp.* v. *Rudzewicz,* 471 U.S. 462, 474 (1985) The Court must find that the non-resident's conduct and connection to the forum is such that it could "reasonably anticipate being hauled into Court" in Louisiana. *Id.* at 470; *citing World Wide Volkswagen Corp.* v. *Woodson,* 444 U.S. 286, 297,100 S.Ct 559,62 L.Ed.2d490 (1980).

Considering the averments of the Complaint, and the affidavit submitted on behalf of Parallel, there is nothing in the record that suggests that Parallel did anything to purposefully avail itself of the privilege of conducting business in Louisiana. *See* Exhibit 1.

The Complaint does not make any averment suggesting that Parallel did any act within the State of Louisiana.

7

As Exhibit 1 demonstrates, Parallel is a business entity organized under the laws of the Commonwealth of Virginia, not Louisiana. Parallel does not have any offices or physical locations within the State of Louisiana. Parallel is not licensed and does not have authority to transact business in the State of Louisiana. Parallel has never solicited business from customers in Louisiana. Parallel does not advertise in such as way as to reach customers in Louisiana. Parallel is not a manufacturer of products. Parallel is a construction manager for developers of real estate in the Commonwealth of Virginia, and does not sell any products.

Parallel simply has no connection whatsoever to the State of Louisiana. Plaintiffs have not established any fact to the contrary, and it is their burden to make such a showing to this Court.

### b. The Plaintiffs' Claims Against Parallel do not Arise out of a Specific Contact with the State of Louisiana.

The second basis for a finding of "minimum contacts" is whether Plaintiffs' cause of action relates to the defendant's forum-related contacts. This case involves allegedly defective drywall, incorporated as a building material in new home construction.

As set forth above, the Plaintiffs have not alleged that Parallel made any contact with the State of Louisiana, specific or otherwise. As set forth in Exhibit 1 to this motion, Parallel did not have any forum-related contacts. As such, there can be no finding that "minimum contacts" have been established based on a specific contact with the State of Louisiana.

If the Court finds that there are insufficient minimum contacts, the inquiry ends there. This Court does not have to address the question of fairness to the defendant, and justice to the parties. Parallel would submit that, in this action, the inquiry ends at this point, as there is no

evidence in the record, nor can there be, that Parallel had "minimum contacts" with the State of Louisiana. Nevertheless, Parallel will address the final inquiry.

### c. Asserting Personal Jurisdiction over Parallel Would Violate the Rules Governing Personal Jurisdiction Set Forth in *International Shoe*.

The Court's final inquiry is whether the exercise of jurisdiction in Louisiana would "offend traditional notions of fair play and substantial justice." P*az v. Brush Engineered Materials, Inc*. 445 F.3d 809, 814 (5th Cir. 2006). Once there has been a determination that the defendant purposefully directed its activities at the forum state (which cannot be shown here), the defendant "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477, 105 S.Ct. 2174, 2184-85. When determining the fundamental fairness issue this court will normally examine (1) the defendant's burden; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies. *See Asahi Metal Indus. Co., Ltd. v. Superior Court of California,* 480 U.S. at 113, 107 S.Ct. at *1033; World- Wide Volkswagen Corp.,* 444 U.S. at 292, 100 S.Ct. at 564.

Parallel submits that requiring it to defend a lawsuit in a state where it has absolutely no contacts, and where the Plaintiffs has failed to establish that the defendant performed any work in Louisiana, entered the forum for any reason or caused injury there, would "offend traditional notions of fair play and substantial justice."

Parallel would have to bear the heavy burden and expense of litigating in Louisiana, and the extensive amount of travel from Virginia to Louisiana necessary to properly defend the

9

allegations in this complex litigation clearly outweighs the benefit of exercising jurisdiction. *See, e.g., Felch* v. *Transportes Lar-Mex SA De CV,* 92 F.3d 320, 324 (5<sup>tth</sup> Cir. 1996). While Louisiana has an interest in protecting its own citizens, as is reflected in Exhibit 1, Parallel has never directed any activity to the citizens of Louisiana. Therefore, this action (with regard to Parallel) does not seek to, and will not protect the citizens of Louisiana.

The Plaintiffs' interests in convenient and efficient relief may be better satisfied elsewhere. Parallel is a Virginia business, principally located in Virginia, and the homes at issue are located in Virginia. Nearly all of the Plaintiffs with claims against Parallel has filed a state lawsuit in Virginia, where the Plaintiffs themselves are located, where the homes are located, where the witnesses are located and where the non-resident Defendants are located. Prosecuting these state-law actions, in Virginia, is far more convenient and efficient for the Plaintiffs, than doing so in a foreign jurisdiction, many states away.

**2. General Jurisdiction**

The Plaintiffs may also argue that Parallel is subject to "general" jurisdiction in Louisiana, even though the specific cause of action that is the subject of the lawsuit did not arise out their contacts with Louisiana. Such an argument must fail.

Where a cause of action does not arise out of a non-resident defendant's purposeful contacts with the forum, due process requires that the defendant have engaged in the higher standard of "continuous and systematic contacts" in the forum to support the exercise of "general" jurisdiction over that defendant. *See Helicopteros Nacionales de Colombia, S.A.* v. *Hall* 466 U.S. 408,104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

The Louisiana Eastern District addressed the issue of general jurisdiction in *Olagues* v. *Kousharian,* 557 F.Supp. 2d 731 (E.D. La. 2008). In *Olagues,* the Eastern District stated that

10

general jurisdiction may be exercised over a defendant where that defendant has "continuous and systematic general business contacts with the forum state." *Id.* at 738; *citing Helicopteros Nacionales de Colombia, S.A.* v. *Hall,* 466 U.S. at 416. Consequently, the plaintiffs would be subject to a higher burden of proving that Parallel engaged in "continuous and systematic" contacts.

The *Olagues* court found: "[t]he continuous and systematic contacts test is a difficult one to meet requiring extensive contacts between a defendant and a forum." *Id.* (emphasis added)*;* citing *Johnston* v. *Multidata Sys. Int'l Corp.,* 523 F.3d 602, 609 (5th Cir. 2008). Accenting the point, the Court observed that "[e]ven repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction . . . ." *Id.* (additional citations omitted).

As Exhibit 1 demonstrates, Parallel has had no contact with the State of Louisiana whatsoever. Parallel is a company organized under the laws of the Commonwealth of Virginia, not Louisiana. Parallel does not have any offices or physical locations within the State of Louisiana. Parallel is not licensed and does not have authority to transact business in the State of Louisiana. Parallel has never solicited business from customers in Louisiana. Parallel does not advertise in such as way as to reach customers in Louisiana. Parallel is not a manufacturer of products. Parallel is a construction manager for developers of real estate in the Commonwealth of Virginia, and does not sell any products. Parallel simply has no contacts that could be found to be continuous or systematic, and "general" jurisdiction cannot be asserted over it.

### 3. Class Action Status Does Not Change Personal Jurisdiction Requirements.

The Louisiana Eastern District has refused to alter its jurisdictional analysis based on class-action certification. *See In Re: Train Derailment Near Amite, Louisiana, on October 12,*

11

*2002;* 2004 WL 224573 (E.D. La., February 3, 2004). In that case, the plaintiff sued two railroad defendants, in an action arising out of a train derailment in Louisiana. *Id.* at * 1. The plaintiff asserted both individual and class claims. The defendant asserted that it was not amenable to suit in Louisiana.

Opposing the defendant, the plaintiff asserted that the Motion to Dismiss should be denied or deferred because, "the Court has recently certified a class in this matter changing the procedural paradigm from one of multidistrict litigation to a class action." *Id.* at *1. After performing a jurisdictional analysis, the Court concluded, "[f]inally, this Court is unpersuaded that the certification of a class in this case has any bearing on [the defendant's] motion to dismiss for lack of personal jurisdiction. The personal jurisdiction determination depends solely on the defendant's conduct in and contacts with the forum state." *Id.* at *3.

**B. The Eastern District of Louisiana is an Improper Forum for Claims Against Parallel.**

For the reasons set forth above, Parallel steadfastly maintain that this Court does not, and cannot assert personal jurisdiction over it. As such, the issue of venue should be moot. Nevertheless, and in the alternative, should this court find that Parallel is subject to personal jurisdiction, Parallel maintains that the Eastern District of Louisiana is not the proper forum for the claims against it.

In this regard, 28 U.S.CA § 1404 states, in pertinent part, the following:

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.
(b) Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, rnay be transferred, in the discretion of the court, from the division in which pending to any other division in the same district. Transfer of proceedings *in rem* brought by or on behalf of the United States may be transferred under this section without the consent of the United States where all other parties request transfer.

Additionally, 28 U.S.CA. § 1406 states, in pertinent part, as follows:

> (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

The Plaintiffs are unable to establish that any activities by or on behalf of Parallel occurred in the state of Louisiana, that any of their work was performed in the forum, that any of the products utilized in the development projects they managed ended up in the forum, or that Parallel is even subject to jurisdiction in this district. If the Court does not dismiss the claims against Parallel for lack of personal jurisdiction, the convenience of the parties and witnesses and interests of justice require a transfer of this case.

Wherefore, in the alternative, Parallel asks this Court to transfer said claims to a venue where the claims could have originally been brought. The only such option being the Commonwealth of Virginia.

### V. CONCLUSION

For the reasons set forth above, Parallel respectfully requests that its Motion to Dismiss pursuant to Fed R. Civ. P. Rule 12 be granted, and that this Court dismiss the Plaintiffs' claims against it, as this Court does not have personal jurisdiction over Parallel, and the Eastern District of Louisiana is an improper venue for any claims against it.

                                PARALLEL DESIGN AND DEVELOPMENT, LLC

                                By:_____/s/_____
                                            Counsel

Christopher J. Wiemken (VSB #43299)
John Franklin, III (VSB #13267)
Dannille Hall-McIvor. (VSB #74098)
TAYLOR & WALKER, P.C.
555 E. Main Street, Suite 1300
Norfolk, VA 23510
(757) 625-7300
(757) 625-1504 (fax)
jfranklin@taylorwalkerlaw.com
cwiemken@taylorwalkerlaw.com
dhall-mcivor@taylorwalkerlaw.com
Counsel for Parallel Design and Development, LLC

## CERTIFICATE OF SERVICE

I hereby certify that the above Memorandum in Support of Motion to Dismiss has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2047, on this 4th day of June, 2010.

                                                                          /s/
                                                Christopher J. Wiemken

Christopher J. Wiemken (VSB No. 43299)
John Franklin, III (VSB No. 13267)
Dannille Hall-McIvor. (VSB #74098)
TAYLOR & WALKER, P.C.
555 East Main Street, Suite 1300
Norfolk, VA 23510
(757) 625-7300
(757) 625-1504 Facsimile
jfranklin@taylorwalkerlaw.com
cwiemken@taylorwalkerlaw.com
dhall-mcivor@taylorwalkerlaw.com
Counsel for Parallel Design and Development, LLC