## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | *<br>*<br>*<br>* | MDL NO. 2047<br><br>SECTION: "L" (2) |
| THIS DOCUMENT APPLIES TO: *SEAN AND BETH PAYTON v. KNAUF* (2:09-cv-7628) | *<br>*<br>*<br>* | JUDGE ELDON E. FALLON<br><br>MAG. JUDGE WILKINSON |

* * * * * * * * * * * * * * * * * * *

### ANSWER TO
### PLAINTIFFS OMNIBUS CLASS ACTION COMPLAINT (I) BY R.L. DRYWALL, INC.

**NOW INTO COURT**, through undersigned counsel, comes R.L. DRYWALL, INC. ("R.L. DRYWALL" or "defendant"), sought to be made defendant herein, who answers the Plaintiffs Omnibus Class Action Complaint (I) (the "Complaint") filed herein as follows:

### First Affirmative Defense

The Court lacks subject-matter jurisdiction.

### Second Affirmative Defense

The Complaint fails to state a claim or cause of action against your answering defendant upon which relief can be granted.

### Third Affirmative Defense

The Complaint is premature as plaintiffs failed to give your answering defendant written notice and a reasonable opportunity to comply with the provisions of the New Home Warranty Act, LSA-R.S. 9:3141, et seq., as required by that Act, and/or to give your answering defendant notice with an opportunity to repair.

### Fourth Affirmative Defense

The Complaint fails to meet the prerequisites for a Class Action as to the claims against your answering defendant.

### Fifth Affirmative Defense

The Complaint fails to state a claim or cause of action against your answering defendant for negligence, negligence per se, strict liability, breach of express and/or implied warranties, breach of implied warranty of habitability, breach of contract, redhibition, Louisiana Products Liability Act liability, private nuisance, negligent discharge of a corrosive substance, unjust enrichment, violations of the Louisiana Unfair Trade Practices and Consumer Protection Law, violations of any consumer protection acts, equitable and injunctive relief, medical monitoring, punitive damages, and attorney's fees.

### Sixth Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, because they failed to mitigate their alleged damages, if any, and which are specifically denied.

### Seventh Affirmative Defense

At all material times herein, your answering defendant, and any persons or entities from whom it is legally responsible, were free from fault, negligence or other culpable conduct.

### Eighth Affirmative Defense

Plaintiffs' damages, if any, and which are specifically denied, were caused, or contributed to, by the negligence, fault, strict liability, and/or other culpable conduct of third persons for whom your answering defendant has no legal responsibility, or were caused by or contributed to by acts and circumstances outside the control of your answering defendant.

### Ninth Affirmative Defense

Your answering defendant further avers that plaintiffs' damages, if any, and which are specifically denied, were caused, or contributed to, by plaintiffs' negligence, comparative fault, voluntary assumption of a known risk and/or other culpable conduct, which are pleaded in bar or diminution of plaintiffs' recovery herein.

### Tenth Affirmative Defense

At all material times herein, your answering defendant acted in a reasonable and proper manner, and in accordance with and in satisfaction of the standards of the industry in which it operates, and further satisfied any and all requirements of that industry for any entity or entities of its kind, and in performance of, or in connection with, any acts which form the basis of this claim and further in connection with the acts and transactions as outlined in the allegations which form the subject of this litigation.

### Eleventh Affirmative Defense

Your answering defendant affirmatively pleads that the New Home Warranty Act, provides the exclusive remedies and warranty periods as between your answering defendant and plaintiffs, and raises any and all defenses available to it under the New Home Warranty Act.

### Twelfth Affirmative Defense

Your answering defendant affirmatively pleads that plaintiffs are not entitled to recover consequential damages, of any kind, under the New Home Warranty Act, or any other applicable law.

**Thirteenth Affirmative Defense**

Your answering defendant affirmatively pleads that plaintiffs are not entitled to recover damages for bodily injury or damage to personal property under the New Home Warranty Act, or any other applicable law.

**Fourteenth Affirmative Defense**

Your answering defendant affirmatively pleads that plaintiffs are not entitled to recover damages for mental anguish, aggravation or inconvenience under the New Home Warranty Act, or any other applicable law.

**Fifteenth Affirmative Defense**

Your answering defendant affirmatively pleads that plaintiffs are not entitled to recover damages for the costs of relocation or for the diminution in the value of their homes under the New Home Warranty Act, or any other applicable law.

**Sixteenth Affirmative Defense**

Your answering defendant denies it breached any warranty under the New Home Warranty Act to plaintiffs.

**Seventeenth Affirmative Defense**

Your answering defendant further avers that plaintiffs' homes are free from any defect due to non-compliance with any applicable building code and/or industry standard.

**Eighteenth Affirmative Defense**

Your answering defendant further avers that there is no defect in the design or construction of plaintiffs' homes.

### Nineteenth Affirmative Defense

Your answering defendant further avers that the materials used in the construction of plaintiffs' homes were not defective and complied with any applicable building code and/or industry standard.

### Twentieth Affirmative Defense

Your answering defendant affirmatively pleads that there is no causal relation between the use of the complained of materials in the construction of plaintiffs' homes and plaintiffs' damages, if any, and which are specifically denied.

### Twenty-First Affirmative Defense

Your answering defendant affirmatively pleads that should plaintiffs be found to be entitled to any relief whatsoever, which is strenuously denied, your answering defendant is entitled to a reduction of or credit against, or setoff, of any award for the value and benefits of the use of the homes derived by plaintiffs.

### Twenty-Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations, statue of repose, prescription period, peremption period, warranty period, and/or the doctrine of laches.

### Twenty-Third Affirmative Defense

Your answering defendant affirmatively pleads that any damages to which plaintiffs may be entitled, which is strenuously denied, are limited by the New Home Warranty Act to the reasonable cost of repair or replacement necessary to cure the defect, and any damages with respect to all defects, if any, and which are specifically denied, shall not exceed the original purchase price of the home.

### Twenty-Fourth Affirmative Defense

Your answering defendant further avers that the drywall in plaintiffs' homes was reasonably fit for its ordinary and intended purpose.

### Twenty-Fifth Affirmative Defense

Your answering defendant further avers that if any defect, vice and/or deficiency made the basis of this litigation exists in the drywall, which is in fact denied, such defect, vice and/or deficiency did not exist at the time the drywall was installed in plaintiffs' homes.

### Twenty-Sixth Affirmative Defense

Your answering defendant further avers that if any defect, vice and/or deficiency exists in the drywall made the basis of this litigation, which is in fact denied, your answering defendant was not aware of, nor have knowledge of, such defect, vice and/or deficiency at the time the drywall was installed in plaintiffs' homes.

### Twenty-Seventh Affirmative Defense

Your answering defendant incorporates herein by reference each and every affirmative defense pleaded by similarly-situated builder defendants.

### Twenty-Eighth Affirmative Defense

Your answering defendant reserves the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery and further investigation.

AND NOW, answering the specific allegations of the Complaint, your answering defendant avers as follows:

1. The allegations of fact and law contained in Paragraph 1 are denied as calling for a legal conclusion and for a lack of sufficient information to justify a belief therein. To the extent

G:\DOCS\11000's\11600-11699\11639\Answer.001.ser.doc

a response may be deemed necessary, RL Drywall avers that it is a Louisiana corporation with its principal place of business in Louisiana.

2. The allegations of fact and law contained in Paragraph 2 are denied as calling for a legal conclusion and for a lack of sufficient information to justify a belief therein.

3. The allegations of fact and law contained in Paragraph 3 are denied as calling for a legal conclusion and for a lack of sufficient information to justify a belief therein.

4 - 268. The allegations of fact and law contained in Paragraphs 4 - 268 are denied for a lack of sufficient information to justify a belief therein.

269. The allegations of fact and law contained in Paragraph 269 are denied.

270 - 2584. The allegations of fact and law contained in Paragraphs 270 – 2570 are denied for a lack of sufficient information to justify a belief therein.

2585. The allegations of fact and law contained in Paragraph 2585 are denied. It is admitted that R.L. DRYWALL has a principal place of business in Louisiana.

2586 - 2609. The allegations of fact and law contained in Paragraphs 2572 - 2609 are denied for a lack of sufficient information to justify a belief therein.

2610 - 2620. The allegations of fact and law contained in Paragraphs 2610 - 2620 as to R.L. DRYWALL are denied. To the extent the allegations of fact and law contained in Paragraphs 2610 - 2620 apply to other defendants, no response is required.

2621 - 2625. The allegations of fact and law contained in Paragraphs 2621 - 2625 do not appear to require a response from your answering defendant. To the extent a response may be deemed necessary, said allegations are denied out of an abundance of caution and for a lack of sufficient information to justify a belief therein.

2626 - 2627.   The allegations of fact and law contained in Paragraphs 2626 - 2627 do not appear to require a response from your answering defendant. To the extent a response may be deemed necessary, said allegations are denied out of an abundance of caution and for a lack of sufficient information to justify a belief therein.

2628 - 2629.   The allegations of fact and law contained in Paragraphs 2628 - 2629 as to R.L. DRYWALL are denied. To the extent the allegations of fact and law contained in Paragraphs 2628 - 2629 apply to other defendants, no response is required.

2630 - 2631.  The allegations of fact and law contained in Paragraphs 2630 - 2631 do not appear to require a response from your answering defendant. To the extent a response may be deemed necessary, said allegations are denied out of an abundance of caution and for a lack of sufficient information to justify a belief therein.

2632 - 2634.   The allegations of fact and law contained in Paragraphs 2632 - 2634 are denied.

2635.   The allegations of fact and law contained in Paragraph 2635 are denied for a lack of sufficient information to justify a belief therein.

2636 - 2639.   The allegations of fact and law contained in Paragraphs 2636 - 2639 are denied.

2640.   Your answering defendant reavers and realleges its responses to Paragraphs 1 - 2639 of the Complaint.

2641 - 2647.   The allegations of fact and law contained in Paragraphs 2641 - 2647 as to R.L. DRYWALL are denied. To the extent the allegations of fact and law contained in Paragraphs 2641 - 2647 apply to other defendants, no response is required.

2648. Your answering defendant reavers and realleges its responses to Paragraphs 1 - 2647 of the Complaint.

2649 - 2654. The allegations of fact and law contained in Paragraphs 2649 - 2654 as to R.L. DRYWALL are denied. To the extent the allegations of fact and law contained in Paragraphs 2649 - 2654 apply to other defendants, no response is required.

2655. Your answering defendant reavers and realleges its responses to Paragraphs 1 - 2654 of the Complaint.

2656 - 2672. The allegations of fact and law contained in Paragraphs 2656 - 2672 as to R.L. DRYWALL are denied. To the extent the allegations of fact and law contained in Paragraphs 2656 - 2672 apply to other defendants, no response is required.

2673. Your answering defendant reavers and realleges its responses to Paragraphs 1 - 2672 of the Complaint.

2674 - 2680. The allegations of fact and law contained in Paragraphs 2674 - 2680 as to R.L. DRYWALL are denied. To the extent the allegations of fact and law contained in Paragraphs 2674 - 2680 apply to other defendants, no response is required.

2681. Your answering defendant reavers and realleges its responses to Paragraphs 1 - 2680 of the Complaint.

2682 - 2692. The allegations of fact and law contained in Paragraphs 2682 - 2692 do not appear to require a response from your answering defendant. To the extent a response may be deemed necessary, said allegations are denied out of an abundance of caution and for a lack of sufficient information to justify a belief therein.

2693. Your answering defendant reavers and realleges its responses to Paragraphs 1 - 2692 of the Complaint.

2694 - 2699.   The allegations of fact and law contained in Paragraphs 2694 - 2699 as to R.L. DRYWALL are denied. To the extent the allegations of fact and law contained in Paragraphs 2694 - 2699 apply to other defendants, no response is required.

2700.   Your answering defendant reavers and realleges its responses to Paragraphs 1 - 2699 of the Complaint.

2701 - 2703.   The allegations of fact and law contained in Paragraphs 2701 - 2703 as to R.L. DRYWALL are denied. To the extent the allegations of fact and law contained in Paragraphs 2701 - 2703 apply to other defendants, no response is required.

2704.   Your answering defendant reavers and realleges its responses to Paragraphs 1 - 2703 of the Complaint.

2705 - 2710.   The allegations of fact and law contained in Paragraphs 2705 - 2710 as to R.L. DRYWALL are denied. To the extent the allegations of fact and law contained in Paragraphs 2705 - 2710 apply to other defendants, no response is required.

2711.   Your answering defendant reavers and realleges its responses to Paragraphs 1 - 2710 of the Complaint.

2712 - 2720.   The allegations of fact and law contained in Paragraphs 2712 - 2720 as to R.L. DRYWALL are denied. To the extent the allegations of fact and law contained in Paragraphs 2712 - 2720 apply to other defendants, no response is required.

2721.   Your answering defendant reavers and realleges its responses to Paragraphs 1 - 2720 of the Complaint.

2722 - 2734.   The allegations of fact and law contained in Paragraphs 2722 - 2734 do not appear to require a response from your answering defendant. To the extent a response may be

deemed necessary, said allegations are denied out of an abundance of caution and for a lack of sufficient information to justify a belief therein.

2735. Your answering defendant reavers and realleges its responses to Paragraphs 1 - 2734 of the Complaint.

2736 - 2741. The allegations of fact and law contained in Paragraphs 2736 - 2741 as to R.L. DRYWALL are denied. To the extent the allegations of fact and law contained in Paragraphs 2736 - 2741 apply to other defendants, no response is required.

2742. Your answering defendant reavers and realleges its responses to Paragraphs 1 - 2741 of the Complaint.

2743 - 2748. The allegations of fact and law contained in Paragraphs 2743 - 2748 as to R.L. DRYWALL are denied. To the extent the allegations of fact and law contained in Paragraphs 2743 - 2748 apply to other defendants, no response is required.

2749. Your answering defendant reavers and realleges its responses to Paragraphs 1 - 2748 of the Complaint.

2750 - 2752. The allegations of fact and law contained in Paragraphs 2750 - 2752 as to R.L. DRYWALL are denied. To the extent the allegations of fact and law contained in Paragraphs 2750 - 2752 apply to other defendants, no response is required.

2753. Your answering defendant reavers and realleges its responses to Paragraphs 1 - 2752 of the Complaint.

2754 - 2757. The allegations of fact and law contained in Paragraphs 2754 - 2757 as to R.L. DRYWALL are denied. To the extent the allegations of fact and law contained in Paragraphs 2754 - 2757 apply to other defendants, no response is required.

2758. Your answering defendant reavers and realleges its responses to Paragraphs 1 - 2757 of the Complaint.

2759 - 2770. The allegations of fact and law contained in Paragraphs 2759 - 2770 as to R.L. DRYWALL are denied. To the extent the allegations of fact and law contained in Paragraphs 2759 - 2770 apply to other defendants, no response is required.

2771. To the extent the allegations of fact and law contained in the prayer for relief found in the Complaint require an answer from your answering defendant, those allegations are denied lack of sufficient information to justify a belief therein and out of an abundance of caution.

## Demand for Jury Trial

R.L. DRYWALL requests a trial by jury as to all issues so triable as a matter of right.

WHEREFORE, defendant, R.L. DRYWALL, INC., prays that this Answer and Affirmative Defenses to Plaintiffs Omnibus Class Action Complaint (I) be deemed good and sufficient, and that after due proceedings are had, there be judgment herein in favor of your answering defendant and against plaintiffs, denying the requested class certification, and dismissing Plaintiffs Omnibus Class Action Complaint (I), with prejudice, and at plaintiffs' costs.

FURTHER, R.L. DRYWALL, INC. prays for all general and equitable relief to which he may be entitled, and further reserves the right to amend this Answer to Plaintiffs Omnibus Class Action Complaint (I), or file incidental pleadings, if appropriate, as prescribed by law, as discovery continues.

        **UNGARINO & ECKERT, L.L.C.**

        By: /s/ Matthew J. Ungarino
        Matthew J. Ungarino
        3850 N. Causeway Boulevard
        Suite 1280
        Metairie, LA 70002
        Telephone: (504) 836-7565
        Facsimile: (504) 836-7566
        E-Mail: mungarino@ungarino-eckert.com
        *Attorney for R.L. Drywall, Inc.*

        COUNSEL FOR R.L. DRYWALL, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing R.L. DRYWALL, INC. ' Answer to Plaintiffs Omnibus Class Action Complaint (I) has been served on Plaintiffs' Liaison Counsel, Russ Herman, and the Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 4th day of June 2010.

        /s/ Matthew J. Ungarino
        MATTHEW J. UNGARINO

G:\DOCS\11000's\11600-11699\11639\Answer.001.ser.doc