UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2047 |
| | SECTION: L |
| THIS DOCUMENT RELATES TO: | |
| | JUDGE FALLON |
| Payton, et al. v. Knauf GIPS KG, et al. Case No. 2:09-CV-07628 | MAG. JUDGE WILKINSON |
| _____ / | |

### DEFENDANT RJL DRYWALL, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

COMES NOW, by and through its undersigned counsel, RJL DRYWALL, INC. (hereinafter "RJL"), reserving all rights and defenses, including specifically its objections to the jurisdiction of this Court as set forth in its Motion to Dismiss for Lack of Personal Jurisdiction, and hereby files this Memorandum of Law in Support of Its Motion to Stay Discovery Pending Resolution of Its Motion to Dismiss for Lack of Personal Jurisdiction, filed contemporaneously herewith.

### INTRODUCTION

As set forth more fully in RJL's Motion to Dismiss for Lack of Personal Jurisdiction and supporting Memorandum of Law (together the "Motion to Dismiss"), which arguments are incorporated by reference herein, this Court lacks personal jurisdiction over RJL. RJL has no connection with the State of Louisiana. Louisiana's long arm statute does not reach RJL, and any exercise of *in personam* jurisdiction over RJL would violate constitutional Due Process requirements. Given the Court's lack of personal jurisdiction with respect to RJL, RJL respectfully submits that it should not be required to participate in discovery prior to the Court's disposition of its Motion to Dismiss.

## ARGUMENT

It is axiomatic that control of discovery is committed to the sound discretion of the trial court. In this regard, the Fifth Circuit has held that "it is appropriate to stay discovery until preliminary questions that may dispose of the case are determined." *Parish of Jefferson v. Southern Recovery Management, Inc.*, 1996 WL 144400, *2 (E.D. La. 1996) (unpublished) (vacating magistrate's order denying motion to stay discovery and finding that although "the discovery sought would not be prohibitively costly, even minimal cost is unwarranted where imminent jurisdictional rulings may render such discovery altogether moot") *citing Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (holding that nothing in discovery could have affected the resolution of the Rule 12(b)(6) motion and the district court properly deferred discovery while deciding whether the defendants were proper parties to the action).

Moreover, courts within the Fifth Circuit have routinely held that when the lack of personal jurisdiction is clear and the discovery would serve no purpose, it should not be permitted. *See*, *e.g.*, *Paolino v. Argyll Equities, LLC*, 401 F. Supp.2d 712, 722 (W.D. Tex. 2005) (denying even jurisdictional discovery because the lack of personal jurisdiction was clear and therefore the discovery would serve no purpose); *Tschirn v. Kurzweg*, 2003 WL 21087741, *2 (E.D. La. 2003) (unpublished) (granting motion for stay of all discovery pending ruling on motion to dismiss for lack of personal jurisdiction and recognizing that if plaintiff "is allowed to conduct discovery at this time, the parties will incur the expense of litigating over the scope of the discovery and conducting the discovery and this may be unnecessary"); *Dykes v. Maverick Motion Picture Grp.*, 2009 WL 3053738, *2 n.1 (M.D. La. 2009) (unpublished) (refusing to permit merits discovery and recognizing that certain defendants "will be dismissed should they

prevail on their jurisdictional arguments, so there is no need for merits discovery relating to them (or by them about others) until and unless they actually lose their jurisdictional arguments").

In this case, as set forth in RJL's Motion to Dismiss, there is no basis whatsoever upon which to assert personal jurisdiction over RJL. Therefore, any discovery would serve no purpose but to force RJL to incur unnecessary expenses and waste judicial resources.

## CONCLUSION

Based on the foregoing, Defendant RJL DRYWALL, INC. respectfully requests that the Court stay all discovery with respect to it pending the resolution of its Motion to Dismiss.

Respectfully submitted,

By: /s/ Kieran F. O'Connor
Kieran F. O'Connor, Esquire
Florida Bar No. 896829
Ogden, Sullivan & O'Connor, P.A.
111 N Orange Ave., Suite 850
Orlando, FL 32801
Telephone: (407) 843-2100
Facsimile: (407) 843-2061
koconnor@ogdensullivan.com
*Attorneys for Defendant RJL Drywall, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that this document has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6 and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 4th day of June, 2010.

/s/ Kieran F. O'Connor

Kieran F. O'Connor, Esq.