IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE DRYWALL PRODUCTS LIABILITY LITIGATION

                                                                        MDL NO. 09-2047
                                                                        SECTION: L
                                                                        JUDGE FALLON
                                                                        MAG. JUDGE WILKINSON

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

THIS DOCUMENT RELATES TO:

KENNETH AND BARBARA WILTZ, ET. AL. v. BEIJING NEW BUILDING MATERIALS, PUBLIC, LTD., ET. AL.

CASE NO.: 2010 CV 361

-------------------------------------------------------------------------------------------------------------------

### MEMORANDUM IN SUPPORT OF DEFENDANT WOODALL'S <u>MOTION TO DISMISS</u>

       Comes now, through undersigned counsel, defendant Woodall, LLC, (hereinafter "Woodall") and hereby submits the following Memorandum of Law in support of its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2)and (3).

       Defendant Woodall, LLC respectfully prays that its Motion to Dismiss pursuant to Fed. R. Civ. Proc. Rule 12 be granted and this honorable court dismiss the plaintiff's claim against Defendant Woodall, LLC as this court does not have personal jurisdiction over Woodall, LLC, and the Eastern District of Louisiana is an improper venue for claims against Woodall, LLC.

**I.     BACKGROUND**

       This is a class action which arises from the importation, sale, and installation of allegedly defective drywall and includes claims from several different states. On or about March 15, 2010,

Plaintiffs filed their Plaintiffs' Amended Omnibus Class Action Complaint (II) (hereinafter "Plaintiffs' Complaint") naming Woodall as a defendant, among numerous other defendants.

Plaintiffs state that original jurisdiction exists by virtue of 28 U.S.C. §1332(d)(2) and the Class Action Fairness Act ("CAFA"). Plaintiff further asserts that for each subclass, the Court has original jurisdiction under CAFA and/or supplemental jurisdiction under 28 USC §1367. Plaintiffs assert that venue in this District satisfies the requirements of 28 U.S.C. 1391(b)(1)-(2) and (c) because Plaintiffs and a significant number of the absent class members reside in this jurisdiction and a substantial amount of the events giving rise to these claims occurred in this District or a substantial part of the property subject in this action is located in this District. Furthermore, Plaintiffs assert that venue is otherwise appropriate in this District consistent with 28 U.S.C §14.7 and the June 15, 2009 Transfer Order of the Judicial Panel on Multidistrict Litigation ("JPML").

Plaintiffs' Complaint, Plaintiffs assert that unless specifically stated to the contrary, "all individual defendants are citizens of the state where they do business and all entities are citizens of the state where they are organized.

Plaintiffs then divide the Defendants into separate classes of defendants: the Manufacturing Defendants, the Unascertainable Manufacturer Defendants, the Distributor/Supplier/Importer/Exporter/ Broker Defendants, the Developer/Builder Defendants, and the Contractor/Installer Defendants.

Defendant Woodall is listed under the class of the Developer/Builder Defendants. Plaintiffs state that Defendant Woodall is an entity or individual with a principal place of business in Norfolk, Virginia and is organized under the laws of Virginia. Plaintiffs assert that

Defendant Woodall built certain Subclass Members' homes and, directly or through agents, installed the defective drywall in these homes.

As set forth in an Affidavit by the President of Woodall, LLC, hereto attached as Exhibit 1 and incorporated herein, Woodall, LLC has never maintained any contacts with the State of Louisiana, has never built a home in the state of Louisiana, has never solicited any business or advertised in Louisiana, has never had any physical presence in Louisiana, and has never sold any products in the state of Louisiana.

Although Plaintiffs allege that this Court has jurisdiction over Defendant Woodall under 28 U.S.C. §1332(d)(2), 28 U.S.C. §1711, 28 U.S.C. §1367 and that venue is appropriate under 28 U.S.C. §1391(b)(1)-(2) and (c) and 28 U.S.C. §1407, Plaintiffs have not asserted any facts which Defendant Woodall has any personal jurisdiction over Defendant Woodall, pursuant to the well-established rules required the traditional notions of fair play and substantial justice.

## II.  ARGUMENT

With respect to Defendant Woodall, Plaintiffs' Complaint states that Woodall is a resident of the Commonwealth of Virginia. Plaintiffs' Complaint states that this action against Woodall arises because Defendant Woodall built a certain Member's home. The only homes Woodall, LLC has built were built in the Commonwealth of Virginia to Virginia homeowners.

Defendant Woodall is a resident of Virginia. The property in question is located in Virginia. The transaction from which this action arises occurred in Virginia.

### A.  Louisiana Does Not Have Personal Jurisdiction Over Defendant Woodall

If a nonresident defendant protests the exercise of personal jurisdiction, the burden falls on its opponent to make a prima facie showing that personal jurisdiction exists. *Simmons V. Seatide International, Inc.* 369 F. Supp. 510, 513 (E.D. LA 1998). A federal court may exercise

personal jurisdiction over a nonresident defendant only if state law confers such jurisdiction and if the exercise of such jurisdiction comports with Due Process under the Constitution. *Id.*

This requirement for Due Process under the Constitution does not change based on class-action certification. This Court has rejected that argument that certifying a class changes the procedural paradigm from one of multidistrict litigation to a class action. *In Re: Tran Derailment Near Amite, Louisiana on October 12, 2002* 2004 WL 224573 (E.D. La., February 3, 2004). After performing a jurisdictional analysis, the Court concluded that the certification of a class in case did not have any bearing on the defendant's argument of personal jurisdiction. Personal jurisdiction determination depends solely on the defendant's conduct and contacts with the forum state.

### 1. There is No Personal Jurisdiction Because Woodall's Lacks the Minimum Contacts Required to Pass the Three Prong Test for Sufficiency of Due Process

The Due Process Clause of the Fourteenth Amendment Protects an individual from being bound to the judgments of a forum with which he has established "no meaningful contacts, ties, or relations. *Nuovo Pignone, SpA v. Storman Asia M/V,* 310 F.3d 374 (5th Cir. 2002), *International Shoe Co. v. Washington,* 326 U.S.310, 66 S.Ct. 154, 90 L.Ed. 95(1945.) Louisiana's long-arm statue permits jurisdiction coterminous with the scope of the Due Process Clause. Pursuant to La. R.S. 13:3201(b), "a court of this state may exercise personal over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.

In deciding whether personal jurisdiction is consistent with the Due Process Clause, a three-prong test is applied: (1) whether defendant has minimum contacts with the forum state; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts, and (3) whether the exercise of personal jurisdiction is fair and reasonable. *Nuovo*

*Pignone* citing *Burger King Corp v. Rudzewics,* 471 U.S. 462 474, 105 S.Ct. 2174, 85 L.Ed. 2d 528 (1985).

> a. *Personal Jurisdiction Fails Under the First Prong Because Woodall Does Not Have Any Contacts with Louisiana*

A defendant establishes minimum contacts with the state if the "defendant's conduct and connection with the forum state are such that they should reasonably anticipate being haled into court there. *Burger King* at 474 citing *Worldwide Volkswagon v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed. 490 (1980). There must be some act whereby the defendant purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *Id.* at 475, and *Nuovo Pignone*.

A single *purposeful* contact is sufficient to confer personal jurisdiction if the cause of action *arises from the contact*. *Nuovo Pignong* citing *McGee v. International Life Insurance,* 355 U.S. 220, 222, 78 S.Ct. 199, 2 L.Ed.2d, 223 (1957).

In this case, Plaintiff has not made a prima facie showing that Woodall had any contacts at all with Louisiana, much less any sort of "purposeful availment" of the privileges and protections of Louisiana.

Woodall is a business organization organized under the Commonwealth of Virginia. Woodall does not have any offices or physical locations within the state of Louisiana. Woodall does not conduct any business in Louisiana, does not advertise in Louisiana, or in any way reach for customers in Louisiana.

This cause of action does not arise from any of Woodall's contacts with Louisiana. Woodall did not install any of the defective wall in Louisiana, Woodall did not work on any of the homes in Louisiana, and Woodall had nothing to do with bringing the drywall into the state of Louisiana.

Plaintiffs' Complaint does not allege that Woodall had any such contacts with Louisiana at all. Plaintiff's Complaint does not allege that this cause of action arises from Woodall's contact with Louisiana. Plaintiffs' Complaint fails to allege any facts which would support a prima facie case that Woodall can fall under the personal jurisdiction of this Court.

> b. *Personal Jurisdiction Fails Under the Second Prong Because This Cause of Action Does Not Arise From Woodall's Contact with Louisiana*

The second prong of the tests questions whether the plaintiff's cause of action arises out of or results from defendant's forum-related contacts.

Plaintiffs fail to make a prima facie showing that their cause of action arose out of any of Woodall's activities in or contacts with Louisiana. Plaintiffs' Complaint fails to allege that Woodall had any activities at all in or any contacts at all with the state of Louisiana.

As Plaintiffs' pleading asserts, this cause of action arises against Woodall because Woodall built certain Subclass Members' homes and, directly or through agents, installed the defective drywall in these homes.

Woodall did not build any houses in the State of Louisiana. The only homes Woodall built were in the Commonwealth of Virginia. There has not alleged any actions or contacts between Woodall and Louisiana which support that any cause of action arose from Woodall's activities in or contacts with Louisiana.

In the alternative, in cases where the cause of action did not arise from defendant's contact with the forum state, Due Process requires that defendant have engaged in "continuous and systematic contacts" in the forum state to support "general jurisdiction" over the defendant. *Olagues v. Koursharian,* 557 F.Supp.2d 731 (E.D. La. 2008), *Helipcoteros Nacionales de Colombia, S.A. v. Hall* 466 U.S. 408, 104 S. Ct. 1868, 80 L.Ed.2d 404 (1984). The continuous and systematic contacts test requires extensive contacts between a defendant and a forum. *Id.*

In this case, Defendant Woodall maintained no contacts with the State of Louisiana.

Plaintiffs fail to present a prima facie case that this case arose from Woodall's activities in or contacts with Louisiana and fails to present a prima facie case for the alternative that Defendant Woodall had continuous and systematic contacts with Louisiana.

    c. *Personal Jurisdiction Fails Under the Third Prong Because the Exercise of Personal Jurisdiction is Unfair and Unreasonable.*

The State of Louisiana cannot have personal jurisdiction over Woodall because Woodall lacks every single level of contact with Louisiana which are required under Due Process. Woodall has not had any sort of minimum contact with the State of Louisiana. This cause of action does not arise from Woodall's activities in or contacts with Louisiana.

Plaintiffs must first establish these minimum contacts between the defendant and the forum state before even having to argue the third prong. Plaintiffs fail to establish such minimum contacts required in the first two prongs.

Notwithstanding the fact that Woodall lacks any contacts at all with Louisiana, personal jurisdiction would still fail the third prong because it would violate the requirement of fairness and reasonableness. In objecting to the fairness and reasonableness of personal jurisdiction, defendant must show a compelling case that the presences of some other considerations would render jurisdiction unreasonable. *Burger King* at 477. When determining the fundamental fairness issue, the court will normally examine (1) the defendant's burden; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Felch v. Transportes Lar-Mex SA De CV,* 92 F.3d 320, 324 (5th Cir. 1996), *Worldwide Volkswagon v. Woodson,* 444 U.S. at 292, 100 S.Ct. 564, 62 L.Ed. 490 (1980).

With respect to the defendant's burden, Defendant Woodall would bear an disproportionately unfair burden in having to defend this matter in Louisiana. This action arose from a house Defendant Woodall built Plaintiffs Roy and Juanita Gullege in the Commonwealth of Virginia. All of the pertinent individuals involved in this transaction are located in Virginia. All of the witnesses involved in this transactions are located in Virginia. The property is located in Virginia. Any experts and any reviews would be done by experts located in Virginia. Defendant's counsel is in Virginia.

At every single level, Defendant Woodall would be greatly burdened with having to pick up and haul itself to the State of Louisiana. It would be extremely burdensome, unduly expensive, and require extensive travel from Virginia to Louisiana.

With respect to Louisiana's forum state interest in this matter, Louisiana does have an interest in protecting its own citizens. However, as discussed at length, Defendant Woodall has never done any business with any citizens of Louisiana, and this matter did not arise out of Woodall's dealings with any citizens of Louisiana. Defendant Woodall has not built any homes outside the Commonwealth of Virginia, much less in the State of Louisiana. Therefore, citizens of Louisiana do not have any interests or dealings with Defendant Woodall which the State of Louisiana must protect.

With respect to Plaintiffs' interests in an effective and convenient relief, the only Plaintiffs who have claims against Defendant Woodall would be those with homes built by Woodall in the Commonwealth of Virginia. Plaintiffs in Virginia face all of the same undue burdens, expenses, and difficulties as Virginia residences that Woodall faces. There is no argument that any convenience or efficiency given to the Plaintiff would outweigh the substantial and significant burden on both the Plaintiffs and Defendant Woodall in having this

heard in Louisiana rather than in the Commonwealth of Virginia, where all of the witnesses, exhibits, and the property itself are located.

With respect to the judicial system's interest in efficient resolution of controversies and the shared interest of the several states in furthering fundamental substantive social policies, these shared objectives of efficient resolutions of controversies and substantive social polices can be achieved just as efficiently in Virginia as in Louisiana. With respect to the Virginia defendants and Virginia plaintiffs, such ends would be achieved more efficiently in Virginia.

Due Process requires that the exercise of personal jurisdiction would not offend the traditional notions of fair play and substantial justice. Asserting personal jurisdiction in a state where Defendant had no contacts with the State of Louisiana, did not avail itself of any of the protections and privileges of Louisiana law, did not take any action whatsoever to indicate that it would reasonably anticipate being haled into court in Louisiana would be a violation of traditional notions of fair play and substantial justice.

### B. The Eastern District of Louisiana Is an Improper Venue

Notwithstanding the fact that Louisiana does not have personal jurisdiction over Defendant Woodall, the Eastern District of Louisiana is also an improper venue for this action.

### 1. Venue in this district does not satisfy the requirements of 28 U.S.C. §1391(b)(1)-(2) and (c).

28 U.S.C. §1391(b)(1)-(2) states that: "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"

In this case, Defendant Woodall, LLC does not reside in Louisiana. Nor do all of the defendants reside in the same State. Furthermore, with respect to Defendant Woodall, none of the claims against Woodall arise any of Woodall's acts or omissions occurring in Louisiana. None of the property in the claim against Woodall, LLC are located in Louisiana.

Venue is not proper under 28 U.S.C. §1391(b)(1)-(2).

28 U.S.C. §1391(c) states that:

> "For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts."

Woodall, LLC is not subject to personal jurisdiction in this District. Woodall, LLC has never maintained any degree of contact with the State of Louisiana. Woodall, LLC does not reside in the State of Louisiana.

Venue is not proper under 28 U.S.C. §1391(c).

    **C.**    **This Claims Against Woodall, LLC Should Be Dismissed or Transferred to the Commonwealth of Virginia, Pursuant to 28 U.S.C.§1406.**

28 U.S.C. §1406 states that "(t)he district court of a district in which is filed a case lying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Any claims against Woodall, LLC lying in the Eastern District of Louisiana are in the wrong district. Woodall, LLC lacks any ties or contacts to Louisiana which would avail it to personal jurisdiction in Louisiana.

Therefore, the matter should be dismissed with respect to Defendant Woodall, LLC for lack of personal jurisdiction.

In the alternative, the court shall transfer such case to any district in which it could have been brought. The only proper district this could have been brought would have been in the Commonwealth of Virginia. As argued, such a transfer would be appropriate in light of the issues of convenience and efficiency of the Virginia Defendants and Virginia Plaintiffs.

## III.   CONCLUSION

Under the well established rules and standards of the Due Process Claus of the United States Constitution, as interpreted by the United States District Court of Louisiana, the United States Court of Appeals, Fifth Circuit, and the United States Supreme Court, the State of Louisiana lacks personal jurisdiction over Defendant Woodall, LLC.

Woodall, LLC is not a resident of Louisiana and lacks any contact with Louisiana. This action does not arise from any of Woodall's contacts with Louisiana.

Pursuant to the Federal Rules of Civil Procedure 12(b)(2) and (3), Defendant Woodall, LLC respectfully requests that its Motion to Dismiss be granted on the grounds that this Court lacks personal jurisdiction over Woodall, LLC and that the Eastern District of Louisiana is an improper venue for any claims against Woodall, LLC.

WOODALL, L.L.C.

By:       /s/
           Counsel

David L. Dayton, Esquire (VSB No.: 31177)
KALBAUGH, PFUND & MESSERSMITH, P.C.
555 East Main Street, Suite 1200
Norfolk, Virginia 23510
(757) 623-4500
(757) 623-5700 (facsimile)
*Counsel for Woodall L.L.C.*

## CERTIFICATE

I hereby certify that on this 7th day of June 2010, the above and foregoing Motion to Dismiss has been served upon all parties by electronically uploading the same to LexisNexis File and Serve, in accordance with Pre-Trial Order # 6, and that the foregoing was electronically filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of the electronic filing in accordance with the procedures established in MDL 2047.

      /s/
  David L. Dayton