UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABIITY LITIGATION | MDL 2047 <br><br> SECTION L <br><br> JUDGE FALLON <br><br> MAGISTRATE JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: | |
| SEAN AND BETH PAYTON, individually, and on behalf of all others similarly situated, et al. | |
| v. | |
| KNAUF GIPS KG; KNAUF PLASTERBOARD (TIANJIN) CO., LTD.; KNAUF PLASTERBOARD (WUHU) CO., LTD.; KNAUF PLASTERBOARD (DONGGUAN) CO., LTD., et al. | |
| CIVIL ACTION NO. 09-7628 | |

**ANSWER**

NOW INTO COURT, through undersigned counsel, comes the defendant, Triumph Construction, who respectfully answers the plaintiffs omnibus class action complaint, by representing the following:

1. The allegations in paragraph one (1) contain legal conclusions to which no response is required and further contains factual allegations, which Defendant lacks information sufficient to admit or deny.  Defendant denies the allegations of paragraph one (1) to the extent a response is required.  Defendant further states that this lawsuit does not meet the standards for a class action.

2. The allegations in paragraph one (1) contain legal conclusions to which no response is required.  Defendant denies the allegations of paragraph one (1) to the extent a response is required.  Defendant further states that this lawsuit does not meet the standards for a class action.

3. The allegations in paragraph one (1) contain legal conclusions to which no response is required.  Defendant denies the allegations of paragraph one (1) to the extent a response is required.  Defendant further states that this lawsuit does not meet the standards for a class action.

4. The allegations in paragraph one (1) contain legal conclusions to which no response is required.  Defendant denies the allegations of paragraph one (1) to the extent a response is required.

5. through 2072.   The Defendant is without sufficient information to either admit or deny the allegations contained in paragraphs five (5) through two thousand seventy two (2072).

2073. The allegations in paragraph 2073 contain legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations.

2074. Defendant lacks sufficient information to admit or deny the allegations in paragraph 2074.

2075. Defendant lacks sufficient information to admit or deny the allegations in paragraph 2075.

2076. Defendant lacks sufficient information to admit or deny the allegations in paragraph 2076.

2077. Defendant lacks sufficient information to admit or deny the allegations in paragraph 2077.

2078. Defendant lacks sufficient information to admit or deny the allegations in paragraph 2078.

2079. Defendant lacks sufficient information to admit or deny the allegations in paragraph 2079.

2080. through 2113.  The allegations in paragraph 2080 through 2113 are denied for lack of sufficient information to justify a belief therein.

2114. Defendant does not have sufficient information to admit or deny the allegations contained in paragraph 2114.  However, defendant does aver that it purchased most of its building supplies from this defendant, Parish Home Center.  To the extent Defendant purchased any drywall from the defendant, Parish Home Center, said defendant is the responsible party for any damages.  Defendant denies having any direct knowledge or control of the nature or source of the materials purchased from Parish Home Center.

2115. through 2123.  The allegations in paragraphs 2115 through 2123 contain facts that the Defendant lacks sufficient information to admit or deny.

2124. through 2128.  The Defendant lacks sufficient information to admit or deny the allegations in paragraphs 2124 through 2128.

2129. through 2491.  The Defendant lacks sufficient information to admit or deny the allegations in paragraphs 2129 through 2491.

2492. The Defendant admits it is an entity with its principal place of business in Baton Rouge, Louisiana and admits it is organized under the laws of Louisiana.  The remainder of the allegations are denied.

2493. through 2516. The Defendant lacks sufficient information to admit or deny the allegations in paragraphs 2493 through 2516.

2517. through 2609. The Defendant lacks sufficient information to admit or deny the allegations in paragraphs 2517 through 2609.

2610. The allegations in paragraph 2610 are denied. The Defendant further answers by alleging that he never produced, manufactured or distributed any drywall of any kind.

2611. The allegations in paragraph 2611 are denied.

2612. The allegations in paragraph 2612 are denied.

2613. The allegations in paragraph 2613 are denied.

2614. The allegations in paragraph 2614 are denied.

2615. The allegations in paragraph 2615 are denied.

2616. The allegations in paragraph 2616 are denied.

2617. The allegations in paragraph 2617 are denied. The Defendant further answers by alleging he had no duty to perform any test or evaluation proposed. As a good faith purchaser Defendant exhibited reasonable care in trusting a long-standing supplier of building materials. Any additional testing or evaluation of the materials would be beyond the scope of reasonable care and require extraordinary care.

2618. The allegations in paragraph 2618 are denied.

2619. The allegations in paragraph 2619 are denied.

2620. The allegations in paragraph 2620 are denied.

2621. The Defendant denies that this action is brought appropriately or qualifies as a class action.

2622. The allegations in paragraph 2622 assert legal conclusions that do not require an answer. To the extent any answer is required the Defendant denies the allegations in paragraph 2622. The Defendant further answers by averring that this action should not qualify for class action status.

2623. The allegations in paragraph 2623 do not require an answer.

2624. The allegations in paragraph 2624 assert legal conclusions and do not require an answer. To the extent an answer is required, the Defendant denies the allegations in paragraph 2624. The Defendant further answers by alleging that this action should not qualify for class action status.

2625. The allegations in paragraph 2625 do not require an answer.

2626. The allegations in paragraph 2626 assert legal conclusions which do not require an answer. To the extent an answer is required, the Defendant denies the allegation contained in paragraph 2626. The Defendant further answers by alleging that this action should not qualify as a class action.

2627. The allegations in paragraph 2627 do not require an answer.

2628. The allegations in paragraph 2628 assert legal conclusions, which do not require an answer. To the extent an answer is required, the allegations in paragraph 2628 are denied. The Defendant further answers by alleging that this action should not qualify as a class action.

2629. The allegations in paragraph 2629 do not require an answer.

2630. The allegations in paragraph 2630 do not require an answer.

2631. The allegations in paragraph 2631 are denied.

2632. The allegations in paragraph 2632 are denied.

2633. The allegations in paragraph 2633 are denied.

2634. The allegations in paragraph 2634 are denied.

2635. The Defendant denies having sufficient information to admit or deny the allegations in paragraph 2635.

2636. The allegations in paragraph 2636 are denied.

2637. The allegations in paragraph 2637 are denied.

2638. The allegations in paragraph 2638 are denied.

2639. The allegations in paragraph 2639 are denied.

2640. The allegations in paragraph 2640 are denied in similar fashion as the referenced paragraphs were denied.

2641. The allegations in paragraph 2641 are denied, in general. The defendant answers more specifically by asserting, that in the event this court finds any such duty does exist, the enumerated duties do not extend to the Defendant. The Defendant lacks the expertise or resources to perform an in depth analysis of every type of material delivered to his work site. Further imposing such a duty would go beyond the bounds of reasonable care. Finally, the only duty which could possibly be imposed upon the Defendant is the duty to install any alleged drywall with "reasonable care." The Defendant exercised said care.

2642. The allegations in paragraph 2642 are denied.

2643. The allegations in paragraph 2643 are denied.

2644. The allegations in paragraph 2644 are denied, in general. Defendant further answers by alleging that he was a good faith purchaser and had no knowledge or reason to

believe that any drywall was defective. Without such knowledge that can be no duty to warn.

2645. The allegations in paragraph 2645 are denied.

2646. The allegations in paragraph 2646 are denied.

2647. The allegations in paragraph 2647 are denied.

2648. The allegations in paragraph 2648 do not require an answer, but to the extent necessary all related answers on adopted paragraphs are re-alleged herein.

2649. The allegations in paragraph 2649 are denied, in general. Specifically, the defendant answers that the duty allegedly imposed by the plaintiffs, on homebuilders, such as the defendant, would exceed any statutory duty it could possibly owe to any defendant.

2650. The allegations in paragraph 2650 are denied.

2651. The allegations in paragraph 2651 are denied.

2652. The allegations in paragraph 2652 are denied, in general. Specifically, the defendant answers that any duty to inspect the drywall to the extent necessary to discover any latent defects alleged by the plaintiff, would have required an extraordinary degree of care on the part of the class of defendants, Triumph represents.

2653. The allegations in paragraph 2653 are denied.

2654. The allegations in paragraph 2654 are denied.

2655. The allegations in paragraph 2655 do not require an answer, but to the extent necessary all related answers on adopted paragraphs are re-alleged herein.

2656. The allegations in paragraph 2656 are denied.

2657. The allegations in paragraph 2657 are denied.

2658. The allegations in paragraph 2658 are denied.

2659. The allegations in paragraph 2659 are denied.

2660. The allegations in paragraph 2660 are denied for lack of information to justify a belief therein.

2661. The allegations in paragraph 2661 are admitted.

2662. The allegations in paragraph 2662 are denied for lack of information to justify a belief therein. The defendant has no knowledge of any action by any party before any supplies were delivered to a job site.

2663. The allegations in paragraph 2663 are denied.

2664. The allegations in paragraph 2664 are denied.

2665. The allegations in paragraph 2665 are denied.

2666. The allegations in paragraph 2666 are denied.

2667. The allegations in paragraph 2667 are denied.

2668. The allegations in paragraph 2668 are denied in general. Specifically, the defendant answers by alleging if any such duty was owed and was in any way breached, said duty and accompanying breach would have been owed by a different class of defendants and no such duty was owed or breached by this defendant.

2669. The allegations in paragraph 2669 are denied for lack of information to justify a belief therein.

2670. The allegations in paragraph 2670 are denied for lack of information to justify a belief therein.

2671. The allegations in paragraph 2671 are denied for lack of information to justify a belief therein.

2672. The allegations in paragraph 2672 are denied.

2673. The allegations in paragraph 2673 do not require an answer, but to the extent necessary all related answers on adopted paragraphs are re-alleged herein.

2674. The allegations in paragraph 2674 are denied.

2675. The allegations in paragraph 2675 are denied.

2676. The allegations in paragraph 2676 are denied.

2677. The allegations in paragraph 2677 are denied for lack of information to justify a belief therein.

2678. The allegations in paragraph 2678 are denied for lack of information to justify a belief therein.

2679. The allegations in paragraph 2679 are denied.

2680. The allegations in paragraph 2680 are denied for lack of information to justify a belief therein.

2681. The allegations in paragraph 2681 do not require an answer, but to the extent necessary all related answers on adopted paragraphs are re-alleged herein.

2682. The allegations in paragraph 2682 do not require an answer.

2683. The allegations in paragraph 2683 do not require an answer.

2684. The allegations in paragraph 2684 are denied.  The defendant has never built a condominium of any type.  The defendant has not created, developed, constructed or participated in the creation, development or construction of any structure or facility in Florida.

2685. The allegations in paragraph 2685 are denied.

2686. The allegations in paragraph 2686 are denied.

2687. The allegations in paragraph 2687 are denied.

2688. The allegations in paragraph 2688 are denied for lack of information to justify a belief therein.

2689. The allegations in paragraph 2689 are denied for lack of information to justify a belief therein.

2690. The allegations in paragraph 2690 are denied.

2691. The allegations in paragraph 2691 are denied.

2692. The allegations in paragraph 2692 are denied for lack of information to justify a belief therein.

2693. The allegations in paragraph 2694 do not require an answer, but to the extent necessary all related answers on adopted paragraphs are re-alleged herein.

2694. The allegations in paragraph 2694 are admitted.

2695. The allegations in paragraph 2695 are denied, in general.  Specifically, the defendant did not place any drywall in the "stream of commerce."

2696. The allegations in paragraph 2696 are denied.

2697. The allegations in paragraph 2697 are denied.

2698. The allegations in paragraph 2698 are denied.

2699. The allegations in paragraph 2699 are denied.

2700. The allegations in paragraph 2700 do not require an answer, but to the extent necessary all related answers on adopted paragraphs are re-alleged herein.

2701. The allegations in paragraph 2701 are denied.

2702. The allegations related to the defendant's material breach are denied, in general. The allegations related to the condition or inherent defects in the drywall are denied for lack of information to justify a belief therein.

2703. The allegations in paragraph 2703 are denied.

2704. The allegations in paragraph 2704 do not require an answer, but to the extent necessary all related answers on adopted paragraphs are re-alleged herein.

2705. The allegations in paragraph 2705 do not require an answer.

2706. The allegations in paragraph 2706 assert legal conclusions, which do not require an answer.

2707. The allegations in paragraph 2707 assert legal conclusions which should be left to the trial court and do not require an answer.

2708. The allegations in paragraph 2708 are denied.

2709. The allegations in paragraph 2709 are denied.

2710. The allegations in paragraph 2710 are denied.

2711. The allegations in paragraph 2711 do not require an answer, but to the extent necessary all related answers on adopted paragraphs are re-alleged herein.

2712. The allegations in paragraph 2712 are denied for lack of information to justify a belief therein.

2713. The allegations in paragraph 2713 are denied.

2714. The allegations in paragraph 2714 are denied.

2715. The allegations in paragraph 2715 are denied.

2716. The allegations in paragraph 2716 are denied.

2717. The allegations in paragraph 2717 are denied.

2718. The allegations in paragraph 2718 are denied.

2719. The allegations in paragraph 2719 are denied.

2720. The allegations in paragraph 2720 are denied.

2721. The allegations in paragraph 2721 do not require an answer, but to the extent necessary all related answers on adopted paragraphs are re-alleged herein.

2722 through 2734   The allegations in paragraphs 2722-2734 are not applicable to the defendant and dot not assert any allegations relevant to its liability.

2735. The allegations in paragraph 2735 do not require an answer, but to the extent necessary all related answers on adopted paragraphs are re-alleged herein.

2736. The allegations in paragraph 2736 are denied.

2737. The allegations in paragraph 2737 are denied.

2738. The allegations in paragraph 2738 are denied.

2739. The allegations in paragraph 2739 are denied.

2740. The allegations in paragraph 2740 are denied.

2741. The allegations in paragraph 2741 are denied.

2742. The allegations in paragraph 2742 do not require an answer, but to the extent necessary all related answers on adopted paragraphs are re-alleged herein.

2743. The allegations in paragraph 2743 are denied.

2744. The allegations in paragraph 2744 are denied.

2745. The allegations in paragraph 2745 are denied.

2746. The allegations in paragraph 2746 are denied, in general.  Defendant further answers by alleging that reasonable care was exercised, and any inspection that would have

ascertained any alleged defect would have far exceeded a level of care that could be defined as reasonable.

2747. The allegations in paragraph 2747 are denied.

2748. The allegations in paragraph 2748 are denied.

2749. The allegations in paragraph 2749 do not require an answer, but to the extent necessary all related answers on adopted paragraphs are re-alleged herein.

2750. The allegations in paragraph 2750 are denied.

2751. The allegations in paragraph 2751 are denied.

2752. The allegations in paragraph 2752 are denied.

2753. The allegations in paragraph 2753 do not require an answer, but to the extent necessary all related answers on adopted paragraphs are re-alleged herein.

2754. The allegations in paragraph 2754 do not require an answer.

2755. The allegations in paragraph 2755 are denied.

2756. The allegations in paragraph 2756 are denied.

2757. The allegations in paragraph 2757 are denied.

2758. The allegations in paragraph 2758 do not require an answer, but to the extent necessary all related answers on adopted paragraphs are re-alleged herein.

2759. The allegations in paragraph 2760 are denied.

2760. The allegations in paragraph 2760 are denied.

2761. The allegations in paragraph 2761 are denied.

2762. The allegations in paragraph 2762 are denied.

2763. The allegations in paragraph 2763 are denied for lack of information to justify a belief therein.

2764. The allegations in paragraph 2764 are denied for lack of information to justify a belief therein.

2765. The allegations in paragraph 2765 are denied.

2766. The allegations in paragraph 2766 are denied for lack of sufficient information to justify a belief therein.

2767. The allegations in paragraph 2767 are denied for lack of information to justify a belief therein.

2768. The allegations in paragraph 2678 are denied for lack of information to justify a belief therein.

2769. The allegations in paragraph 2769 are denied for lack of sufficient information to justify a belief therein.

2770. The allegations in paragraph 2770 are denied for lack of sufficient information to justify a belief therein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The complaint is premature as any plaintiff failed to give the builder written notice and a reasonable opportunity to comply with the provisions of the New Home Warranty Act, La. R.S. 9:3145, or to give the seller notice with an opportunity to repair.

### SECOND DEFENSE

The class action allegations in the Complaint fail to meet the prerequisites for a Class Action as to the claims against this defendant, and more generally, in that:

a) The alleged class does not meet the numerosity requirement and joinder of all alleged members of the class is not impracticable as to the claims made against this defendant;

b) The questions of law or fact common to the alleged members of the class do not predominate over individual questions of law and fact, particularly with regard to individual liability, causation, and damages issues;

c) The named plaintiffs do not fairly and adequately protect the interests of the alleged class members and do not have claims typical of the other alleged class members, particularly as applied to this defendant;

d) Other grounds to be proven at the trial of this matter.

### THIRD DEFENSE

This Honorable Court is without jurisdiction as there is no diversity of citizenship and/or the amount in controversy does not exceed $75,000.00, exclusive of interest and costs.

### FOURTH DEFENSE

The Complaint fails to state a claim against this defendant upon which relief can be granted.

### FIFTH DEFENSE

The exclusive remedy of any plaintiff against the defendant is under the Louisiana New Home Warranty Act, La. R.S. 9:3144.

### SIXTH DEFENSE

The claims have prescribed based on the time limits of the warranties provided by La. R.S. 9:3144.

### SEVENTH DEFENSE

The claims are preempted by the preemption period provided in La. R.S. 9:3146 and the warranty limits provided by La. R.S. 9:3144.

### EIGHTH DEFENSE

Any damages alleged to have been sustained by plaintiffs were caused in whole or in part by the acts or omissions of persons other than this Defendant over whom this Defendant had and has no control or by superseding intervening causes outside the control of this Defendant.

### NINTH DEFENSE

The terms, provisions, and conditions of any and all contracts entered into between Defendant and any other parties, including but not limited to any warranty provisions, operate as a bar to all or part of plaintiffs' claims.

### TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their absence of privity with the Defendant.

### ELEVENTH DEFENSE

Plaintiffs have failed to reference an applicable statute, or that they are part of the protected class of any applicable statute, sufficient to state a negligence per se cause of action.

### TWELFTH DEFENSE

Plaintiffs have failed to mitigate their damages.

### THIRTEENTH DEFENSE

Plaintiff has failed to afford the Defendant the opportunity to repair any alleged redhibitory defect.

### FOURTEENTH DEFENSE

Defendant is not a manufacturer of Chinese Drywall and therefore is not liable under La. R.S. 9:2800.52.

### FIFTEENTH DEFENSE

To the extent that plaintiffs pray for punitive, exemplary, or otherwise enhanced damages, Defendant invokes its rights under the due process clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution.

### SIXTEENTH DEFENSE

Any damages to which plaintiff is entitled to recover are limited to reasonable costs of repair or replacement necessary to cure defects or the original purchase price of the home, as set forth in La. R.S. 9:3149.

### SEVENTEENTH DEFENSE

Defendant incorporates herein by reference each and every affirmative defense pleaded by similarly situated defendants.

### EIGHTH DEFENSE

This Defendant's investigation into the matters alleged is ongoing and this Defendant reserves the right to assert other or different defenses as additional facts or information is discovered.

### MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

1. The Defendant, Triumph Construction, L.L.C., appears through undersigned counsel, to aver that it is not a proper party to the Omnibus Class Action.

2. The Defendant did not build any houses that are the subject of this class action.

## CROSS CLAIM AGAINST PARISH HOME CENTER

Defendant, Triumph Construction, L.L.C., through undersigned counsel avers the following cross-claim:

1. Defendant incorporates herein all of the foregoing responses that are relevant to this cross-claim.

2. Defendant, Triumph Construction, L.L.C., asserts a claim against Parish Home Center for breach of express and implied warranties.

3. Parish Home Center is a Trade Name for Parish Enterprises, Inc., a domestic corporation domiciled in the Parish of Livingston, State of Louisiana.

4. Any and all dry-wall which may have allegedly been used by the defendant was purchased through Parish Home Center, the primary supplier for all of the defendant's building materials.

5. Parish Home Center warranted that all of the materials they sold would be free of defects and fit for the ordinary purpose which drywall is suited.

6. Without admitting any liability or damages to the plaintiffs, if it is shown that the drywall used was defective and not fit for its ordinary purpose, then Parish Home Center is liable to the Defendant for breach of express and implied warranties.

7. If the Defendant becomes liable to the plaintiffs for any damages arising out of the installation of drywall, and if Defendant is required to pay any damages ot the plaintiffs, Defendant is entitled to be indemnified by Parish Home Center for any and all damages, costs and attorney's fees.

WHEREFORE, the defendant, Triumph Construction, L.L.C. prays that this answer and cross-claim be deemed good and sufficient and that the claims of the plaintiffs, on behalf of

themselves and all others similarly situated, against the defendant, Triumph Construction be dismissed with prejudice.  Alternatively, if any liability does fall to the Defendant, Defendant prays for indemnification from Parish Enterprises, d/b/a Parish Home Center.

Respectfully Submitted:

s/ Gregory Webb
Gregory Webb, Bar Roll #32004

Gregory Webb
Attorney at Law
17487 Old Jefferson Hwy, Suite C
Prairieville, Louisiana 70769
Tel:  (225) 744-0089
Fax:  (225) 313-6190

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing NOTICE OF APPEARANCE has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 17th day of March, 2010.

s/Gregory Webb