UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2047<br><br>SECTION: L<br><br>JUDGE: FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO 09-4115, 09-4117, 09-4119 | |

## KNAUF GIPS KG'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES CONCERNING JURISDICTIONAL ISSUES

Knauf Gips KG ("Knauf Gips") by and through its attorneys, Baker McKenzie, LLP and Frilot L.L.C., object and answer pursuant to Federal Rule of Civil Procedure 26 and 33 to the Plaintiff's Steering Committee's ("PSC") First Set of Interrogatories Concerning Jurisdictional Issues:

### DEFINITIONS

As used herein, the following terms are defined as follows:

1. "Defendant" means Knauf Gips KG, Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd. and Knauf Plasterboard (Dongguan) Co., Ltd.

**OBJECTION:** Knauf Gips objects to the definition of "Defendant," to the extent it is broader than or conflicts with its obligation to preserve or produce pursuant to Rules 26 and 33 or any order of the Court. Knauf Gips further objects to the extent that the definition would require information other than from Knauf Gips, in particular Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co., Ltd. ("Knauf Wuhu") or Guandong Knauf New Building Material Products Co., Ltd. ("Knauf Dongguan"), which are separate Chinese companies and not a subsidiary or parent of Knauf Gips. Knauf Gips further objects to the extent this definition would require information protected by the attorney-client privilege, attorney-

- 1 -

work product, joint defense or any other applicable privilege or limitations imposed on the production by state secret, governmental investigation or privacy laws.

2. "You", "your" or "your company" means Knauf Gips KG, Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd. and Knauf Plasterboard (Dongguan) Co., Ltd., as applicable, including relevant predecessors, successors, subsidiaries, departments, divisions and/or affiliates, and including, without limitation, any organization or entity which it manages or controls, together with all present and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on its behalf.

**OBJECTION**: Knauf Gips objects to the definition of "You", "Your", or "Your Company" to the extent it is broader than or conflicts with its obligation to preserve or produce pursuant to Rules 26 and 33 or any order of the Court. Knauf Gips objects to the definition as overbroad, in particular to the extent the definition seeks information outside the possession or control of Knauf Gips, such as "subsidiaries" or "affiliates." Knauf Gips further objects to the extent that the definition would require information other than from Knauf Gips, in particular KPT, Knauf Wuhu or Knauf Dongguan, which are separate Chinese companies and not a subsidiary or parent of Knauf Gips. Knauf Gips further objects to the extent this definition would require information protected by the attorney-client privilege, attorney-work product, joint defense or any other applicable privilege or limitations imposed on the production by state secret, governmental investigation or privacy laws.

3. "Person" means, without limitation, any natural person, corporation, partnership, proprietorship, joint venture, association, government entity, group or other form of legal entity.

4. "Communication" means, without limitation, oral or written communications of any kind, such as electronic, facsimile, telephone, correspondence, exchanges of written or recorded information, or face-to-face meetings.

**OBJECTION**: Knauf Gips objects to the definition of "Communication" to the extent it is broader than or conflicts with its obligation to preserve or produce pursuant to Rules 26 and 33, or any order of the Court. Knauf Gips further objects to the extent this definition seeks

information or would require the production of documents protected by the attorney-client privilege, attorney-work product, any other applicable privilege or limitations imposed on the production by state secret, governmental investigation or privacy laws.

5.  "Meeting" means, without limitation, any assembly, convocation, encounter or contemporaneous presence of two or more persons for any purpose, whether planned or scheduled in advance, including, but not limited to, written exchanges through internet/web based chat, AOL Instant Messenger™ (or similar programs) or electronic "bulletin board" programs.

**OBJECTION:** Knauf Gips objects to the definition of "Meeting" to the extent it is broader than or conflicts with its obligation to preserve or produce pursuant to Rules 26 and 33, or any order of the Court.

6.  "Employee" means, without limitation, any current or former officer, director, executive, manager, secretary, staff member, messenger or other person who is or was employed by a defendant.

**OBJECTION:** Knauf Gips objects to the definition of "Employee" to the extent it is broader than or conflicts with its obligation to preserve or produce pursuant to Rules 26 and 33, or any order of the Court.

7.  "Document" means, without limitation, the original and all non-identical copies of all writings, whether handwritten, typed, printed or otherwise produced. This definition also includes, without limitation, letters, correspondence, memoranda, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, workpapers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, film and sound reproductions, sales, advertising and promotional literature, agreements or minutes of meetings.

**OBJECTION:** Knauf Gips objects to the definition of "Document" to the extent it is broader than or conflicts with Knauf Gips' obligation to preserve or produce documents pursuant to Rules 26 and 34, or any order of the Court. Knauf Gips further objects to the extent this definition would require information protected by the attorney-client privilege, attorney-work

product, joint defense or any other applicable privilege or limitations imposed on the production by state secret, governmental investigation or privacy laws.

8. "Electronically Stored Information," abbreviated herein as "ESI," has the same meaning and scope in these Interrogatories as it has in the Federal Rules of Civil Procedure.

**OBJECTION:** Knauf Gips objects to the definition of "Electronically Stored Information" abbreviated as "ESI" to the extent it is broader than or conflicts with its obligation to preserve or produce pursuant to Rules 26 and 33, or any order of the Court. Knauf Gips further objects to the extent this definition would require information protected by the attorney-client privilege, attorney-work product, joint defense or any other applicable privilege or limitations imposed on the production by state secret, governmental investigation or privacy laws. Knauf Gips requests a specific meet and confer with respect to production of ESI in order to define and narrow the production of ESI, pursuant to Rule 26(f)(3)(c).

9. "Relating to", "referring to", "regarding" or "with respect to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting or otherwise involving, in whole or in part.

10. "Or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A" or "B", you should produce all information about A and all information about B, as well as all information about collectively A and B. In other words, "or" should be read as "and/or".

11. "Including" is used to emphasize the type of information requested and should not be construed as limiting the interrogatory in anyway.

12. "Identify" when used in reference to a person means to state the person's full name, present or last known address, office, home and portable telephone and facsimile numbers, the person's present or last known position, job description and business affiliation at the time in question.

**OBJECTION:** Knauf Gips objects to the definition of "Identify" when used in reference to a person to the extent it is broader than or conflicts with its obligation to preserve or produce pursuant to Rules 26 and 33, or any order of the Court.

13. "Identify" when used in reference to a document or ESI means to describe the type of document or ESI, its date and author, its present location or custodian, every author, whether or not such person signed the document, and every person to whom such document or ESI, or any copy thereof was given or sent. If any such document or ESI was, but is no longer, in your possession or subject to your control, state what disposition was made of it. Documents or ESI prepared prior to or subsequent to the period covered by these interrogatories, but which nonetheless relate or refer thereto, are to be included in your response.

**OBJECTION:** Knauf Gips objects to the definition of "Identify" when used in reference to a document or ESI to the extent it is broader than or conflicts with its obligation to preserve or produce pursuant to Rules 26 and 33, or any order of the Court. Knauf Gips further objects to the extent this definition would require information protected by the attorney-client privilege, attorney-work product, joint defense or any other applicable privilege or limitations imposed on the production by state secret, governmental investigation or privacy laws.

14. "Identify" when used with respect to a communication other than a writing means to identify every person who was a party to the communication, the type of communication, and to identify all persons participating therein, along with the date, duration, location(s) and the substance of the communication.

**OBJECTION:** Knauf Gips objects to the definition of "Identify" when used with respect to a communication other than a writing to the extent it is broader than or conflicts with its obligation to preserve or produce pursuant to Rules 26 and 33, or any order of the Court. Knauf Gips further objects to the extent this definition would require information protected by the attorney-client privilege, attorney-work product, joint defense or any other applicable privilege or limitations imposed on the production by state secret, governmental investigation or privacy laws.

15.  "Any" should be construed, when possible, to mean "any and all."

16.  "Chinese drywall" refers to drywall, plasterboard or wallboard manufactured in China.

**OBJECTION:** Knauf Gips objects to the definition of "Chinese drywall" on the ground that it is overbroad. Knauf Gips further refers the PSC to its Defendant Profile Form, in which it disclosed that it did not manufacture Chinese drywall.

## INSTRUCTIONS

1.  Unless otherwise noted, these interrogatories require responses for the time period from January 1, 2001 through the date of these interrogatories (the "relevant time period").

**OBJECTION:** Knauf Gips objects this instruction to the extent that it defines "relevant time period" on the grounds that it is overly broad and unduly burdensome and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Knauf Gips further refers the PSC to its Defendant Profile Form, in which it disclosed that it did not manufacture "Chinese Drywall," and the profile forms of KPT and Knauf Wuhu which disclosed that shipments of drywall from China to the United States were imported in 2006 only. Knauf Gips further objects to this instruction to the extent compliance with it would require retrieval of ESI that is not reasonable accessible or, its production would violate German law. To the extent that the burden and expense attendant to the retrieval of ESI substantially outweighs any benefit or probative value, Knauf Gips will request appropriate cost-shifting provisions or may otherwise object to the production.

2.  Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these interrogatories are continuing in nature so that if, after answering, you acquire additional responsive knowledge or information, plaintiffs direct that you serve supplemental answers after acquiring such additional knowledge or information.

**OBJECTION:** Knauf Gips objects to this instruction to the extent it is broader than or conflicts with its obligation to preserve, produce or respond pursuant to Rules 26 and 33, or any order of the Court. Knauf Gips will supplement its production pursuant to Rule 26(e) to the extent compliance with it would require retrieval of ESI that is not reasonable accessible or, its production would violate state secret, governmental investigation or privacy laws. To the extent that the burden and expense attendant to the retrieval of ESI substantially outweighs any benefit or probative value, Knauf Gips will request appropriate cost-shifting provisions or may otherwise object to the supplemental production.

3.  If at any time after answering these interrogatories you determine that an answer you provided was false, you must immediately notify plaintiffs' counsel and provide amended answers as soon as reasonably possible.

**OBJECTION:** Knauf Gips objects to this Instruction to the extent it is broader than or conflicts with its obligation to preserve, produce or respond pursuant to Rules 26 and 33, or any order of the Court.

4.  If you refuse to respond to any of these interrogatories based on a claim of privilege pursuant to Federal Rule of Civil Procedure 26(b)(5), you must provide a statement of the claim of privilege and all facts relied upon in support of that claim, including the parties involved, any dates involved, the relevant subject matter of the privileged material, any documents or ESI supporting the privileged information, including the dates, authors, recipients, title and subject matter, and present location of any documents or ESI involved. In the case of attorney work product privilege, you must also identify the litigation for which the work product was prepared.

**OBJECTION:** Knauf Gips objects to this instruction in its entirety. Knauf Gips will comply with the Court's order with respect to privileged documents and prepare a privilege log.

5.  If you answer any interrogatory by reference to business records pursuant to Federal Rule of Civil Procedure 33(d), identify such records by Bates number and the name of your employee certifying the documents or ESI as business records for purposes of answering the interrogatory.

**OBJECTION:** Knauf Gips objects to this Instruction to the extent it is broader than or conflicts with its obligation to preserve, produce or respond pursuant to Rules 26 and 33, or any order of the Court.

## INTERROGATORIES

### Interrogatory No. 1:

During the relevant time period, have You possessed an ownership interest in any corporation or business that is located in the United States? If so, identify the corporation, any subsidiaries, affiliates or agents of that corporation which are also located in the United States, the amount of Your ownership interest in that corporation, and describe the nature of the business in which the corporation, and any of its subsidiaries, affiliates or agents, are or were engaged.

**OBJECTION AND ANSWER:** Knauf Gips objects on the grounds that Interrogatory No. 1 is overly broad and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Subject to its general and specific objections, Knauf Gips answers no.

### Interrogatory No. 2:

Has any company located in the United States served as an agent, affiliate or representative for You with regard to sales of Your Chinese drywall to United States purchasers? If so, identify the company, along with any parents, subsidiaries, affiliates or agents of the company and describe the business in which the company and any of its parents, subsidiaries, affiliates or agents are or were engaged.

**OBJECTION AND ANSWER:** Knauf Gips objects on the grounds that Interrogatory No. 2 is overly broad and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Knauf Gips further objects that the terms "served," "agent," "affiliate," and "representative" are vague. Subject to its general and specific objections, Knauf Gips answers no.

### Interrogatory No. 3:

Have any of Your employees, during the relevant time period, also worked for or

received any benefits from any corporation, subsidiary or affiliate identified in response to Interrogatory No. 1? If so, identify the name of the employee, the years that the employee worked for You, the years that the employee worked for or received benefits from any corporation, subsidiary or affiliate identified in response to Interrogatory Nos. 1 and 2, and the positions that the employee held with You and with any corporation, subsidiary or affiliate identified in response to Interrogatory Nos. 1 and 2.

**OBJECTION AND ANSWER:** Knauf Gips objects on the grounds that Interrogatory No. 3 is overly broad and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Subject to its general and specific objections, Knauf Gips refers the PSC to its answer to Interrogatory Nos. 1 and 2.

### Interrogatory No. 4:

During the relevant time period, have any of your officers, directors, employees representatives or agents visited the United States for the purpose of conducting business or engaging in any business activity relating to Chinese drywall? If so, identify the relevant officers, directors, employees, representatives or agents, the dates and length of their visit(s) to the United States, any persons or corporations they met with during their visit(s) and describe briefly the purpose of their visit(s).

**OBJECTION AND ANSWER:** Knauf Gips objects on the grounds that Interrogatory No. 4 is overly broad and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Knauf Gips further objects that the term "visited" is vague. Over its general and specific, Knauf Gips responds that as a defendant of claims relating to "Chinese drywall," employees and representatives of Knauf Gips have visited the United States to consult with Knauf Gips attorneys in defense of the claims.

Knauf Gips further responds that in November 2006, an employee of Knauf Gips, Prof. Hans Ulrich Hummel, was in the United States unrelated to "Chinese drywall." At the request of KPT, Prof. Hummel met in Miami with several suppliers, contractors and homebuilders regarding odor complaints from KPT's drywall, including La Suprema Enterprise, Banner Supply Co., Coscan, GL Homes, Simonique LLC, WCI Communities, Inc. and S.D. & Associates Inc. Prof. Hummel visited two or three homes which were identified as being

constructed with KPT drywall and conveyed the complaints to KPT.

**Interrogatory No. 5:**

During the relevant time period, have You been a party to any judicial or administrative proceedings in the United States? If so, give the name of the proceeding, the judicial or administrative body before which it was pending, the index or other identifying number of the proceeding, and a brief description of the nature of the proceeding.

**OBJECTION AND ANSWER:** Knauf Gips objects on the grounds that Interrogatory No. 5 is overly broad and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Subject to its general and specific objections, Knauf Gips responds that it has not been a party to a judicial or administrative proceeding in the United States other than the cases filed in 2009 relating to Chinese drywall.

**Interrogatory No. 6:**

During the relevant time period, have You sold or marketed any Chinese drywall to persons located in the United States, including, but not limited to, sales to Your subsidiaries, affiliates or agents? If so, identify the types of Chinese drywall that have been sold or marketed to persons located in the United States, and the dollar amount of each such product sold to persons in the United States during each year of the relevant time period.

**OBJECTION AND ANSWER:** Knauf Gips objects on the grounds that Interrogatory No. 6 is overly broad and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Subject to its general and specific objections, Knauf Gips answers no.

**Interrogatory No. 7:**

During the relevant time period, have You assisted with or participated in the sales, marketing, advertising or promotion of any corporation, subsidiary, affiliate or agent identified in response to Interrogatory Nos. 1 and 2? If so, describe, in detail Your role in the sales, marketing, advertising or promotion of such products, and identify any employees involved in such activities.

**OBJECTION AND ANSWER:** Knauf Gips objects on the grounds that Interrogatory No. 7 is overly broad and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Knauf Gips further objects that the terms "assisted with or participated in" are vague. Subject to its general and specific objections, Knauf Gips refers the PSC to its answers to Interrogatory Nos. 1 and 2.

<u>Interrogatory No. 8:</u>

Have any of Your employees, during the relevant time period, had any oversight responsibilities over the activities of any corporation, subsidiary, affiliate or agent identified in response to Interrogatory Nos. 1 and 2? If so, identify each such employee and the nature of that employee's oversight responsibilities over the activities of any corporation, or any subsidiary or affiliate or agent of any corporation, identified in response to Interrogatory Nos. 1 and 2.

**OBJECTION AND ANSWER:** Knauf Gips objects on the grounds that Interrogatory No. 8 is overly broad and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Knauf Gips further objects that the term "oversight responsibilities" is vague. Subject to its general and specific objections, Knauf Gips refers the PSC to its answers to Interrogatory Nos. 1 and 2.

<u>Interrogatory No. 9:</u>

During the relevant time period, have You ever financed or made contributions of capital to any corporation, subsidiary, affiliate or agent located in the United States? If so, identify all such transactions, including, but not limited to, any inter-company loans, advances of funds, cost sharing agreements, or extensions of credit.

**OBJECTION AND ANSWER:** Knauf Gips objects on the grounds that Interrogatory No. 9 is overbroad and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Over it general and specific objections, Knauf Gips answers no.

<u>Interrogatory No. 10:</u>

Identify all Your assets, including bank accounts, financial instruments or securities, located in the United States, including the dollar value of each such asset.

**OBJECTION AND ANSWER:** Knauf Gips objects on the grounds that Interrogatory No. 10 is overbroad and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Knauf Gips objects that the term "assets" is vague. Subject to its general and specific objections, Knauf Gips responds that it does not have any assets, bank accounts, financial instruments or securities located in the United States.

**Interrogatory No. 11:**

Identify all United States patents You hold and all licensing agreements with United States companies, including any of Your subsidiaries, affiliates or agents.

**OBJECTION AND ANSWER:** Knauf Gips objects on the grounds that Interrogatory No. 11 is overbroad and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence.

**Interrogatory No. 12:**

Identify all United States product specifications, standards or designs you meet or attempt to meet in the manufacture of your Chinese drywall.

**OBJECTION AND ANSWER:** Knauf Gips objects on the grounds that Interrogatory No. 12 is overbroad and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Subject to its general and specific objections, Knauf Gips answers that it did not manufacture Chinese drywall.

**Interrogatory No. 13:**

Identify all labeling You used in the production of your Chinese drywall.

**OBJECTION AND ANSWER:** Knauf Gips objects on the grounds that Interrogatory No. 13 is overbroad and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Subject to its general and specific objections, Knauf Gips did not produce Chinese drywall.

**Interrogatory No. 14:**

Identify all financial investors you have that are citizens of the United States or incorporated in the United States.

**OBJECTION AND ANSWER:** Knauf Gips objects on the grounds that Interrogatory No. 14 is overbroad and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Knauf Gips further objects to the extent the definition would require the production of documents protected by the attorney-client privilege, attorney-work product, any other applicable privilege, state secret, governmental investigation or privacy laws. Knauf Gips objects that the term "financial investors" is vague. Subject to its general and specific objections, Knauf Gips answers none.

**Interrogatory No. 15:**

Identify all of your marketing efforts in the United States or directed to the United States, including catalogs, brochures, samples, internet advertisements, URLs, etc.

**OBJECTION AND ANSWER:** Knauf Gips objects on the grounds that Interrogatory No. 15 is overbroad and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Knauf Gips objects that the term "marketing efforts" is vague. Subject to its general and specific objections, Knauf Gips responds that it does not direct marketing materials or advertisement to the United States.

**Interrogatory No. 16:**

During the relevant time period did You communicate with any person within the United States regarding the manufacture, sale, promotion, solicitation, warranty, or performance of Chinese drywall? If so, as to each communication:

    a.    Identify each person making the communication;

    b.    Identify to whom the communication was made;

    c.    Identify the type of communication;

      d.      Identify the substance or nature of the communication.

**OBJECTION AND ANSWER:** Knauf Gips objects on the grounds that Interrogatory No. 16 is overbroad and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Knauf Gips further objects to the extent the definition would require the production of documents protected by the attorney-client privilege, attorney-work product, joint defense or any other applicable privilege, state secret, governmental investigation or privacy laws. Knauf Gips objects that the term "performance" is vague. Subject to its general and specific objections, Knauf Gips refers the PSC to its response to Interrogatory No. 4.

**Interrogatory No. 17:**

Identify any contracts You have with persons or entities in the United States regarding the study of performance issues regarding your Chinese drywall.

**OBJECTION AND ANSWER:** Knauf Gips objects on the grounds that Interrogatory No. 17 is overbroad and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Knauf Gips further objects to the extent the definition would require the production of documents protected by the attorney-client privilege, attorney-work product, joint defense, or any other applicable privilege, state secret, governmental investigation or privacy laws.

      d.      Identify the substance or nature of the communication.

**OBJECTION AND ANSWER:** Knauf Gips objects on the grounds that Interrogatory No. 16 is overbroad and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Knauf Gips further objects to the extent the definition would require the production of documents protected by the attorney-client privilege, attorney-work product, joint defense or any other applicable privilege, state secret, governmental investigation or privacy laws. Knauf Gips objects that the term "performance" is vague. Subject to its general and specific objections, Knauf Gips refers the PSC to its response to Interrogatory No. 4.

**Interrogatory No. 17:**

Identify any contracts You have with persons or entities in the United States regarding the study of performance issues regarding your Chinese drywall.

**OBJECTION AND ANSWER:** Knauf Gips objects on the grounds that Interrogatory No. 17 is overbroad and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Knauf Gips further objects to the extent the definition would require the production of documents protected by the attorney-client privilege, attorney-work product, joint defense, or any other applicable privilege, state secret, governmental investigation or privacy laws.

Dated: December 4, 2009 Respectfully submitted,

/s/Douglas B. Sanders

Douglas B. Sanders
Richard Franklin
**BAKER & MCKENZIE LLP**
130 E. Randolph Dr.
Chicago, IL 60601
Telephone: (312) 861-8075
Facsimile: (312) 698-2375
Email: douglas.b.sanders@bakernet.com

Donald J. Hayden
**BAKER & MCKENZIE LLP**
1111 Brickell Avenue
Suite 1700
Miami, Florida 33131
Telephone: (305) 789-8966
Facsimile: (305) 789-8953
E-mail: Donald.hayden@bakernet.com

Kerry Miller (LA Bar No. 24562)
Kyle A. Spaulding (LA Bar No. 29000)
**FRILOT L.L.C.**
1100 Poydras Street
Suite 3700
New Orleans, Louisiana 70163
Telephone: (504) 599-8194
Facsimile: (504) 599-8145
Email: kmiller@frilot.com

*Attorneys for Defendant Knauf Gips*

Under penalties of perjury, I declare that I have read the foregoing objections and answers to interrogatories and that the facts state in them are true to the best of my knowledge and belief.

*[signature]*

As Authorized Representative
of Knauf Gips KG

-16-

-17-

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing, **Knauf Gips KG's Objections and Answers To Plaintiffs' Steering Committee's First Set of Interrogatories Concerning Jurisdictional Issues,** has been served upon all parties by electronically uploading the pleading to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and by facsimile and U.S. mail transmission to Plaintiffs' Liaison Counsel and Homebuilders' Liaison Counsel in accordance with the procedures established in MDL 2047, on this 4th day of December, 2009.

/s/Douglas B. Sanders