

Oct 15 2009
5:33PM
27583376

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL No. 2047 SECTION: L |
| This Document Relates to all cases | * * * * * | JUDGE: FALLON MAGISTRATE JUDGE WILKINSON |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### THE HOMEBUILDERS' STEERING COMMITTEE'S PERSONAL JURISDICTION REQUEST FOR PRODUCTION TO DEFENDANT, KNAUF GIPS KG

The Homebuilders' Steering Committee ("HSC"), by and through their undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, hereby propounds the following Personal Jurisdiction Request for Production to Defendant Knauf Gips KG.

### DEFINITIONS

"**Chinese Drywall**" shall mean the defective Chinese drywall imported into the United States and at issue in this Multidistrict Litigation No. 2047.

"**Defendant**" or "**you**" or "**your**" shall mean Knauf Gips KG, in its present form or whether known by any other name(s) during the Relevant Time Period, and/or any of its officers, directors, employees, agents, or representatives, as applicable.

"**Document**" or "**documents**" means and includes any written, recorded, or graphic matter, however produced or reproduced, whether or not in the possession, custody, or control of Defendant and whether or not claimed to be privileged against discovery on any ground, including, but not limited to, books, brochures, notes, diaries, notebooks, ledgers, letters,

contracts, checks, drawings, graphs, charts, reports, records, statements, receipts, computer diskettes, computer printouts, teletypes, telecopies, invoices, worksheets, lists, memoranda, correspondence, telegrams, schedules, photographs, sound recordings, films, computer media, or other data compilations from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form.

"**Person**" means any natural person, corporation, partnership, business, governmental body, or entity of any kind.

"**Relevant Time Period**" shall mean the time period from January 1, 2004, to the present.

## SPECIFIC REQUESTS

1. All documents evidencing or reflecting any communications between you and any other party regarding Chinese Drywall during the Relevant Time Period, including, without limitation, any communications concerning the design, development, composition, testing, inspection and/or performance of the Chinese Drywall.

2. All documents evidencing or pertaining to the design, development, composition, testing, inspection and/or performance of the Chinese Drywall during the Relevant Time Period.

3. All documents which in any way relate to the sale or importation of Chinese Drywall into the United States during the Relevant Time Period

4. All documents evidencing or reflecting any communications between you and any of the following entities, their officers, directors, employees, representatives and/or agents during the Relevant Time Period, including, without limitation, any communications concerning the design, development, composition, testing, inspection and/or performance of the Chinese Drywall:

a)   Knauf Plasterboard Dongguan Co. Ltd.;

b)   Knauf Plasterboard Tianjin Co. Ltd.;

c)   Knauf Plasterboard Wuhu Anhui Co. Ltd.;

d)   Knauf Plasterboard Wuhu Co. Ltd.;

e)   Knauf Plasterboard Guandong Co. Ltd.;

f)   Knauf Insulation GmbH;

g)   Knauf International GmbH;

h)   Knauf Fiberglass GmbH; and,

i)   Knauf USA Polystyrene Inc., and/or Knauf Polystrene.

(the foregoing entities will hereinafter be referred to as the "Knauf Entities").

5. All documents evidencing or reflecting shared services between Defendant and any of the Knauf Entities, including, without limitation, accounting services, payroll services, management/administrative services, human resources services, marketing services, and other similar services, during the Relevant Time Period.

6. All documents reflecting any contracts or agreements between Defendant and any of the Knauf Entities for the Relevant Time Period.

7. All documents related to any assumption of any debt of any other liability related to Defendant by or on behalf of the Knauf Entities.

8. All documents related to any assumption of any debt of any other liability related to any of the Knauf Entities by or on behalf of Defendant.

9. All documents related to any transfer of ownership, control, and/or possession of any of the Knauf Entities during the Relevant Time Period.

10.     All documents related to any transfer of ownership, control, and/or possession of any assets or liabilities of Defendant or any of the Knauf Entities during the Relevant Time Period.

11.     All documents evidencing or reflecting any business-related telephone calls placed or received by you to any person or entity in the United States during the Relevant Time Period, including, without limitation, calls placed or received by you concerning Chinese Drywall.

12.     All business-related emails sent or received by you to any person in the United States during the Relevant Time Period, including, without limitation, emails placed or received by you concerning Chinese Drywall.

13.     All marketing or advertising materials sent or mailed, or caused to be sent or mailed, to any party located within the United States, including, without limitations, advertisements in any newspapers, magazines, television stations, electronic mail or internet services, or other vehicles for advertisement, which were intended for persons or entities in the United States.

14.     All documents evidencing or pertaining to any visits by you to the United States during the Relevant Time Period, including, without limitation, airline tickets, rental car receipts, and hotel receipts.

15.     All deeds, leases, mortgage agreements, loan agreements, rental, or lease agreements, storage agreements, sales agreements, insurance policies, tax documents, lien documents, or any other documents concerning any real property, personal property, or asset ever owned, leased, or otherwise held by you, in whole or in part, in the United States.

Greenberg Traurig, P.A | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

16. All documents evidencing or pertaining to any bank accounts ever opened or maintained under your name, whether exclusively or in conjunction with any other person or entity, with any bank in the United States.

17. All contracts and agreements that you negotiated and/or executed during the Relevant Time Period: (a) with a party located in the United States; (b) over property (real, personal, intangible, etc...) or services in the United States; and/or, (c) requiring performance in the United States.

18. All documents evidencing or reflecting any financial transaction or activity involving you and any person or entity located in the United States during the Relevant Time Period.

19. All reports prepared during the Relevant Time Period for any regulatory or other agency which in any way discusses or relates to your activities, or the activities of any of your subsidiaries or affiliates in the United States.

20. All documents evidencing or reflecting Defendant's listing on any United States stock exchange during the Relevant Time Period.

21. All documents reflecting Defendant's web pages written in English during the Relevant Time Period.

22. The complaint, your interrogatory responses, and any deposition transcripts concerning any lawsuit to which you have been a party in the United States during the last ten (10) years.

Dated: October 15, 2009.

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
*Attorneys for Lennar Corporation, Lennar Homes, LLC, and U.S. Home Corporation*
1221 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717
E-mail: bassh@gtlaw.com

By: ___s/ Mark A. Salky___
HILARIE BASS
Florida Bar No. 334323
MARK A. SALKY
Florida Bar No. 058221

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **The Homebuilders' Steering Committee's Personal Jurisdiction Request For Production to Defendant, Knauf Gips KG** has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6 on this 14th day of October, 2009.

___s/ Mark A. Salky___
MARK A. SALKY