UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2047 |
| | SECTION: L |
| This Document Relates to Case Nos. 09-4115, 09-4117, 09-4119 | JUDGE: FALLON |
| | MAGISTRATE JUDGE WILKINSON |

### KNAUF GIPS KG'S OBJECTIONS AND ANSWERS TO THE HOMEBUILDERS' STEERING COMMITTEE'S PERSONAL JURISDICTION INTERROGATORIES TO DEFENDANT, KNAUF GIPS KG

Knauf Gips KG by and through its attorneys, BAKER & McKENZIE LLP, object and answer pursuant to Fed. R. Civ. P. 33 to the Homebuilders' Steering Committee's Personal Jurisdiction Interrogatories To Defendant Knauf Gips KG.

### GENERAL OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

"**Chinese Drywall**" shall mean the defective Chinese drywall imported into the United States and at issue in this Multidistrict Litigation No. 2047.

**OBJECTION:** Knauf Gips objects to this definition on the grounds that it is vague and overly broad.

"**Defendant**" or "**you**" or "**your**" shall mean Knauf Gips KG, in its present form or whether known by any other name(s) during the Relevant Time Period, and/or any of its officers, directors, employees, agents, or representatives, as applicable.

**OBJECTION:** Knauf Gips objects to this definition on the grounds that it is overly broad in its inclusion of any of its "officers, directors, employees, agents or representatives."

"**Document**" or "**documents**" means and includes any written, recorded, or graphic matter, however produced or reproduced, whether or not in the possession, custody, or control of Defendant and whether or not claimed to be privileged against discovery on any ground, including, but not limited to, books, brochures, notes, diaries, notebooks, ledgers, letters, contracts, checks, drawings, graphs, charts, reports, records, statements, receipts, computer

diskettes, computer printouts, teletypes, telecopies, invoices, worksheets, lists, memoranda, correspondence, telegrams, schedules, photographs, sound recordings, films, computer media, or other data compilations from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form.

**OBJECTION:** Knauf Gips objects to this definition to the extent it is broader than or conflicts with Knauf Gips' obligation to preserve or produce documents pursuant to Federal Rule of Civil Procedure 26 and 33, or any order of the Court. Knauf Gips further objects to the extent the definition would require the production of documents protected by the attorney-client privilege, attorney-work product, joint defense or any other applicable privilege, or confidentiality, governmental investigation, state secret or privacy laws. Knauf Gips requests a specific meet and confer with respect to production of Electronically Stored Information ("ESI") in order to define and narrow the production of ESI, pursuant to Rule 26(f)(3)(c).

**"Person"** means any natural person, corporation, partnership, business, governmental body, or entity of any kind.

**"Relevant Time Period"** shall mean the time period from January 1, 2004, to the present.

**OBJECTION:** Knauf Gips objects to the definition of "Relevant Time Period" on the grounds that it is overly broad and unduly burdensome and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Knauf Gips refers the HSC to its Defendant Profile Form, in which it disclosed that it did not manufacture Chinese Drywall. Moreover, according to Knauf Plasterboard (Tianjin) Co., Ltd.'s ("KPT") Defendant Profile Form, drywall was imported to the continental United States from January 2006 to September 2006 only. Knauf Gips responds to these Interrogatories for 2005 and 2006.

## SPECIFIC OBJECTIONS AND ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 1:

With respect to Defendant, please state:
a) the complete and legal name;
b) the state and/or country of incorporation or organization;
c) the date of incorporation or organization;
d) the principal place of business;
e) other places of business;
f) the location(s) of the corporate books and records;
g) the name of each country in which Defendant is registered and/or qualified to do business, and the designated agent for service of process in each such location, with the agent's address; and
h) a description of the nature of business.

**OBJECTION AND ANSWER:** Knauf Gips objects on the grounds that Interrogatory No. 1 is overly broad and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Subject to its general and specific objections, Knauf Gips answers that its legal name is Knauf Gips KG. Knauf Gips was formed in 1931. Its primary place of business is Iphofen, Germany, and Knauf Gips has several other facilities in Germany. Its corporate books and records are kept in Iphofen, Germany. Knauf Gips is registered in Germany to do business. Knauf Gips manufactures gypsum drywall, plasters and other building construction materials, as well as providing certain building materials-related services.

### INTERROGATORY NO. 2:

Identify each person who was an officer or director of Defendant during the Relevant Time Period, and for each person so identified specify:

a) the date(s) during which each such person was an officer or director of the Defendant; and

b) the title or position held by each such person during each time period identified in response to subparagraph (a) above.

**OBJECTION AND ANSWER:** Knauf Gips objects on the grounds that

Interrogatory No. 2 seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Subject to its general and specific objections, Knauf Gips answers that Knauf Gips is a Kommanditgesellschaft, or a limited private partnership, and as such does not have "officers or directors."

**INTERROGATORY NO. 3:**

Did Defendant have any officer, director, employee, agent, representative, servant, or attorney present in the United States at any time during the Relevant Time Period? If so, please:

   a)   identify each such person; and

   b)   describe, in detail, the conduct engaged in by each such person, including the date(s) of such conduct, the place(s) of such conduct and the nature of the services performed or conduct rendered for the Defendant during each such period.

**OBJECTION AND ANSWER:** Knauf Gips objects on the grounds that Interrogatory No. 3 is overly broad and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Knauf Gips further objects to the extent Interrogatory No. 3 seeks information protected by the attorney-client privilege, attorney-work product, joint defense or any other applicable privilege, or confidentiality, governmental investigation, state secret or privacy laws.

**INTERROGATORY NO. 4:**

Did Defendant do business in the United States at any time during the Relevant Time Period? If so, please:

   a)   identify all persons who have knowledge or information concerning such business; and

   b)   state the date, nature, and dollar amount of each such item of business.

**OBJECTION AND ANSWER:** Knauf Gips objects on the grounds that Interrogatory No. 4 is overly broad and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Subject to its

general and specific objections, Knauf Gips answers that it has never regularly "done" business in the United States.

**INTERROGATORY NO. 5:**

Did Defendant ship any merchandise, products, or other goods into the United States at any time during the Relevant Time Period? If so, please:

- a) identify all persons responsible for each such shipment; and
- b) state the content of each shipment, the dollar value of each shipment, the origination point of each shipment, the destination point of each shipment, and the date of each shipment.

**OBJECTION AND ANSWER:** Knauf Gips objects on the grounds that Interrogatory No. 5 is overly broad and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Subject to its general and specific objections, Knauf Gips responds that in January and February 2006, L&W Supply Company ordered plasterboard from Knauf Gips KG, and plasterboard manufactured at three of its facilities in Germany was sold to L&W Supply Company, located at 125 South Franklin Street, Chicago, Illinois 60680. Knauf Gips will produce documents in further response to Interrogatory No. 5 and will identify responsive documents when they are labeled.

**INTERROGATORY NO. 6:**

Did Defendant send, mail, or deliver any documents to any person located within the United States at any time during the Relevant Time Period? If so, please:

- a) identify the persons from whom and to whom each such document was sent;
- b) state the date of each such mailing or delivery;
- c) identify each person who has custody, control, or possession of each such document; and
- d) identify each such document.

**OBJECTION AND ANSWER:** Knauf Gips objects on the grounds that Interrogatory No. 6 is overly broad, unduly burdensome and seeks information that is not

relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Knauf Gips further objects to the extent Interrogatory No. 6 seeks information or would require the production of documents protected by the attorney-client privilege, attorney-work product, joint defense or any other applicable privilege, confidentiality, governmental investigation or state secret or privacy laws.

**INTERROGATORY NO. 7:**

Did Defendant receive any documents from any person located within the United States at any time during the Relevant Time Period? If so, please:

- a) identify the persons from whom and to whom each such document was sent;
- b) state the date of each such mailing or delivery;
- c) identify each person who has custody, control, or possession of each such document; and
- d) identify each such document.

**OBJECTION AND ANSWER:** Knauf Gips objects on the grounds that Interrogatory No. 7 is overly broad, unduly burdensome and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Knauf Gips further objects to the extent Interrogatory No. 7 seeks information or would require the production of documents protected by the attorney-client privilege, attorney-work product, joint defense or any other applicable privilege, confidentiality, governmental investigation or state secret or privacy laws.

**INTERROGATORY NO. 8:**

Did Defendant at any time own, use, or possess (legally or beneficially) any real estate in the United States? If so, please:

- a) state the location, including street address, city, and state;
- b) identify the date(s) of such ownership, use, or possession and the dollar value of the real estate at those times;

    c)    identify all persons who had or have legal title to said parcel; and

    d)    describe how each said parcel was or is used.

**OBJECTION AND ANSWER:** Knauf Gips objects on the grounds that Interrogatory No. 8 seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Subject to its general and specific objections, Knauf Gips responds that it does not own, use or possess any real estate in the United States.

### INTERROGATORY NO. 9:

Did Defendant derive revenue from activities in the United States or from any source within the United States (including, without limitation, revenue from goods used in the United States, from goods consumed in the United States, or from services rendered in the United States), at any time during the Relevant Time Period? If so, please:

    a)    state the nature of the activity or source giving rise to said revenue;

    b)    state the amount of revenue derived and the nature or source of the revenue;

    c)    identify all persons principally responsible in said activity; and,

    d)    state the total dollar amount of gross revenue derived from said activities in each year during the Relevant Time Period.

**OBJECTION AND ANSWER:** Knauf Gips objects on the grounds that Interrogatory No. 9 is overly broad and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Subject to its general and specific objection, Knauf Gips refers the HSC to its response to Interrogatory No. 5.

### INTERROGATORY NO. 10:

Did Defendant at any time have or maintain a bank account (checking account, savings account, compensating balance, safe deposit box, or any other form of account) at any bank or financial institution located in the United States? If so, please:

    a)    identify all persons responsible for the opening and maintaining of said account;

    b)    state the name and address of each bank or financial institution which has or had said account;

    c)    identify the account number or other identifying number of each such account;

    d)    state the date(s) of each said account;

**OBJECTION AND ANSWER:** Knauf Gips objects on the grounds that Interrogatory No. 10 is overbroad and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Subject to its general and specific objections, Knauf Gips responds that it does not have or maintain a bank account (checking account, savings account, compensating balance, safe deposit box, or any other form of account) at any bank or financial institution located in the United States.

**INTERROGATORY NO. 11:**

Did Defendant have a loan, letter of credit, line of credit, or other extension of credit, or form of indebtedness ("Loan") from a bank or other financial institution located in the United States during the Relevant Time Period to the present? If so, please:

    a)    identify all persons responsible for the creation of said Loan;

    b)    state the name and address of each bank or financial institution which granted said Loan;

    c)    state the date or dates of each said Loan and its account number; and

    d)    state the amount of each said Loan and the repayment history for each quarter during the Relevant Time Period to the present.

**OBJECTION AND ANSWER:** Knauf Gips objects on the grounds that Interrogatory No. 11 is overbroad and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Over its general and specific objections, Knauf Gips responds no.

**INTERROGATORY NO. 12:**

Did Defendant at any time have a mailing address or an office located in the United States? If so, please:

    a)    set forth each such mailing address and/or address of each office and their dates;

    b)    state the purpose of each such mailing address and/or office;

    c)    identify all persons who worked at each such office.

**OBJECTION AND ANSWER:** Subject to its general objections, Knauf Gips responds no.

### INTERROGATORY NO. 13:

Did Defendant at any time have a telephone number in the United States? If so, set forth each such telephone number and its dates of use or operation and state the purpose of each such telephone number.

**OBJECTION AND ANSWER:** Subject to its general objections, Knauf Gips responds that it does not have a telephone number in the United States.

### INTERROGATORY NO. 14:

Did Defendant solicit any order or any other form of business from any customers or potential customers located in the United States at any time during the Relevant Time Period? If so, as to each such solicitation please:

    a)    identify each person making the solicitation;

    b)    identify each customer or potential customer solicited;

    c)    identify the method of solicitation and the date(s) of solicitation;

    d)    state the nature of the business involved in said solicitation; and

    e)    state the results of each such solicitation.

**OBJECTION AND ANSWER:** Knauf Gips objects on the grounds that Interrogatory No. 14 is overly broad and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Subject to its general and specific objections, Knauf Gips responds that it did not solicit orders or business from the United States.

### INTERROGATORY NO. 15:

Did Defendant at any time pay any tax or fee to any government or governmental department or agency located within the United States? If so, as to each such tax or fee (*i.e.*, real estate, personal property, sales, ad valorem, vehicle, etc.), please:

a) identify the type of tax or fee and amount of tax or fee per year for the last 10 years;

b) state the name and location, including street address, city and state, of the government or governmental department or agency to which each said tax or fee was paid;

c) state the date(s) on which each such tax or fee was paid; and

d) identify all persons who have knowledge or information concerning said tax or fee.

**OBJECTION AND ANSWER:** Knauf Gips objects on the grounds that Interrogatory No. 15 is overly broad, unduly burdensome and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Subject to its general and specific objections, Knauf Gips responds that it is not aware of paying any tax or fee to any governmental agency or department in the United States, except for several patents that are registered in United States, which are irrelevant to these cases.

**INTERROGATORY NO. 16:**

Has Defendant sent or mailed, or caused to be sent or mailed, any brochures or other advertising materials to any party located within the United States, or placed advertisements in any newspapers, magazines, television stations, electronic mail or internet services, or other vehicles for advertisement, which advertisements have or might have been seen by persons in the United States? If so, please:

a) describe each such advertisement, brochure, etc.;

b) identify the date and cost thereof;

c) identify the method, volume and location of circulation;

d) identify the potential and actual audiences thereof; and

e) identify any results therefrom.

**OBJECTION AND ANSWER:** Knauf Gips objects on the grounds that Interrogatory No. 16 is overly broad, unduly burdensome and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible

evidence. Subject to its general and specific objections, Knauf Gips responds that it does not solicit business or direct marketing materials or advertisement to the United States.

**INTERROGATORY NO. 17:**

Identify by case name, case number, jurisdiction and case status or disposition of all lawsuits to which you have been a party in the United States during the last ten (10) years.

**OBJECTION AND ANSWER:** Knauf Gips objects on the grounds that Interrogatory No. 17 is overly broad, unduly burdensome and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Subject to its general and specific objections, Knauf Gips responds that it has not been a party to a lawsuit in the United States in the past 10 years other than cases filed in 2009 relating to Chinese drywall.

**INTERROGATORY NO. 18:**

Please describe in detail the nature of Defendant's relationship or connection with each of the following entities in the "Knauf family of companies" (as this term is used in the website print-outs attached hereto as "Exhibit A"), including, without limitation, a description of any ownership interest (direct or indirect), during the Relevant Time Period:

    a)    Knauf Plasterboard Dongguan Co. Ltd.;

    b)    Knauf Plasterboard Tianjin Co. Ltd.;

    c)    Knauf Plasterboard Wuhu Anhui Co. Ltd.;

    d)    Knauf Plasterboard Wuhu Co. Ltd.;

    e)    Knauf Plasterboard Guandong Co. Ltd.;

    f)    Knauf Insulation GmbH;

    g)    Knauf International GmbH;

    h)    Knauf Fiberglass GmbH; and,

    i)    Knauf USA Polystyrene Inc., and/or Knauf Polystrene.

(the foregoing entities will hereinafter be referred to as the "Knauf Entities").

**OBJECTION AND ANSWER:** Knauf Gips objects on the grounds that Interrogatory No. 18 is overly broad and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Knauf Gips further objects the characterization of separate companies as the "Knauf Entities" or "Knauf family of companies." Subject to its general and specific objections, Knauf Gips responds that it is does not have a direct corporate relationship or any ownership interest in the companies listed in Interrogatory No. 18.

**INTERROGATORY NO. 19:**

Please describe in detail the nature of the business of each of the Knauf Entities and explain each one's role in the "Knauf family of companies" (as this term is used in the website print-outs attached hereto as "Exhibit A") during the Relevant Time Period.

**OBJECTION AND ANSWER:** Knauf Gips objects on the grounds that Interrogatory No. 18 is overly broad and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Knauf Gips further objects the characterization of separate companies as the "Knauf Entities" or "Knauf family of companies." Subject to its general and specific objections, Knauf Gips responds that to the best of its knowledge that Knauf Plasterboard Tianjin Co. Ltd. ("KPT"), Knauf Plasterboard Wuhu Co. Ltd. f/k/a Knauf Plasterboard Wuhu Anhui Co. Ltd. ("Knauf Wuhu"), Knauf Plasterboard Dongguan Co. Ltd. ("Knauf Dongguan") are Chinese companies engaged in the business of manufacturing and selling drywall. The company you have referred to as Knauf Dongguan or Knauf Guandong is officially known as Guandong Knauf New Building Material Products Co., Ltd. Knauf Insulation GmbH f/k/a Knauf Fiberglass GmbH is a German company doing business in the United States, primarily manufacturing and selling insulation. Knauf International GmbH is a holding company. USA Polysterene Inc. and/or Knauf Polystrene was a US company formerly owned by Knauf Insulation GmbH.

**INTERROGATORY NO. 20:**

Identify each person who was an officer, director, or employee of Defendant during the Relevant Time Period, who was also an officer, director or employee of any of the Knauf Entities, and for each person so identified specify:

a) the date(s) during which each such person was an officer, director or employee of the entities;

b) the title or position held by each such person with respect to each of the applicable Knauf Entities during each time period identified in response to subparagraph (a) above.

**OBJECTION AND ANSWER:** Knauf Gips objects on the grounds that Interrogatory No. 20 is overly broad and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Knauf Gips further objects the characterization of separate companies as the "Knauf Entities," and to the extent it seeks information relating to any companies other than KPT, Knauf Wuhu or Knauf Dongguan. Subject to its general and specific objections, Knauf Gips refers HSC to its response to Interrogatory No. 2.

**INTERROGATORY NO. 21:**

Did Defendant share any services (such as, for example, accounting services, payroll services, corporate/finance services, legal services, management/administrative services, human resources services, marketing services, etc...) with any of the Knauf Entities during the Relevant Time Period? If so, please describe the nature of the service shared, the specific entities sharing it and the applicable period of time.

**OBJECTION AND ANSWER:** Knauf Gips objects on the grounds that Interrogatory No. 21 is vague, overly broad and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Knauf Gips further objects the characterization of separate companies as the "Knauf Entities" and to the extent it seeks information relating to any companies other than Knauf Gips and KPT, Knauf Wuhu or Knauf Dongguan. Subject to its general and specific objections, Knauf Gips responds

that KPT, Knauf Wuhu and Knauf Dongguan have their own accounting, payroll, finance and marketing services. KPT, Knauf Wuhu and Knauf Dongguan do not have their own internal legal services, and the General Counsel of Knauf Gips and legal staff provide legal services at the request of KPT, Knauf Wuhu and Knauf Dongguan. Such services are generally charged to KPT, Knauf Wuhu or Knauf Dongguan. Certain technical, R&D, purchasing and other departments also provide periodic assistance to KPT, Knauf Wuhu or Knauf Dongguan at the request of those companies, and such services also are generally billed to or paid by KPT, Knauf Wuhu and Knauf Dongguan. Knauf Gips will produce documents in further response to Interrogatory No. 21 and will identify the documents when they are labeled.

**INTERROGATORY NO. 22:**

Please identify all subsidiaries of Defendant (whether wholly or partially owned) during the Relevant Time Period, and provide for each the information requested in Interrogatory No. 1 above.

**OBJECTION AND ANSWER:** Knauf Gips objects on the grounds that Interrogatory No. 22 is overly broad, unduly burdensome and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 23:**

Please identify all affiliates of Defendant doing business in the United States (directly or indirectly) during the Relevant Time Period, and provide for each the information requested in Interrogatory No. 1 above, and the nature of the affiliate relationship with Defendant.

**OBJECTION AND ANSWER:** Knauf Gips objects on the grounds that Interrogatory No. 23 is overly broad and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Knauf Gips further objects that "affiliate" is vague.

**INTERROGATORY NO. 24:**

Please identify all entities controlled by Defendant in the United States during the Relevant Time Period, and provide for each the information requested in Interrogatory No. 1 above as well as a description of its present or former relationship with Defendant.

**OBJECTION AND ANSWER:** Knauf Gips objects on the grounds that Interrogatory No. 24 is overly broad and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Subject to its general and specific objections, Knauf Gips responds none.

Dated: December 4, 2009

Respectfully submitted,

/s/Douglas B. Sanders

Douglas B. Sanders
Richard Franklin
**BAKER & MCKENZIE LLP**
130 E. Randolph Dr.
Chicago, IL 60601
Telephone: (312) 861-8075
Facsimile: (312) 698-2375
Email: douglas.b.sanders@bakernet.com

Donald J. Hayden
1111 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 789-8966
Facsimile: (305)
E-mail: Donald.hayden@bakernet.com

Kerry Miller (LA Bar No. 24562)
Kyle A. Spaulding (LA Bar No. 29000)
**FRILOT L.L.C.**
1100 Poydras Street
Suite 3700
New Orleans, Louisiana 70163
Telephone:   (504) 599-8194
Facsimile:   (504) 599-8145
Email: kmiller@frilot.com

*Attorneys for Defendant Knauf Gips KG*

Under penalties of perjury, I declare that I have read the foregoing objections and answers to interrogatories and that the facts state in them are true to the best of my knowledge and belief.

_____
As Authorized Representative
of Knauf Gips KG

-17-

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing, **Knauf Gips KG's Objections and Answers To Homebuilder Steering Committee's Jurisdictional Interrogatories To Defendant, Knauf Gips KG,** has been served upon all parties by electronically uploading the pleading to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and by facsimile and U.S. mail transmission to Plaintiffs' Liaison Counsel and Homebuilders' Liaison Counsel in accordance with the procedures established in MDL 2047, on this 4th day of December, 2009.

/s/Douglas B. Sanders