UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2047<br><br>SECTION: L |
| This Document Relates To Case Nos. 09-4115, 09-4117, 09-4119 | JUDGE: FALLON<br><br>MAGISTRATE JUDGE WILKINSON |

### KNAUF GIPS KG'S OBJECTIONS AND RESPONSES TO THE HOMEBUILDERS' STEERING COMMITTEE'S PERSONAL JURISDICTION REQUEST FOR PRODUCTION TO DEFENDANT, KNAUF GIPS KG

Knauf Gips KG ("Knauf Gips") by and through its attorneys, Baker & McKenzie, LLP, object and respond pursuant to Federal Rule of Civil Procedure 34 to the Homebuilders' Steering Committee's ("HSC") Personal Jurisdiction Request For Production To Defendant Knauf Gips KG.

### GENERAL OBJECTIONS TO DEFINITIONS

"**Chinese Drywall**" shall mean the defective Chinese drywall imported into the United States and at issue in this Multidistrict Litigation No. 2047.

**OBJECTION:** Knauf Gips objects to the definition of "Chinese Drywall" on the ground that it is overly broad. Knauf Gips further refers the HSC to its Defendant Profile Form in which it stated that it did not manufacture Chinese Drywall.

"**Defendant**" or "**you**" or "**your**" shall mean Knauf Gips KG, in its present form or whether known by any other name(s) during the Relevant Time Period, and/or any of its officers, directors, employees, agents, or representatives, as applicable.

**OBJECTION:** Knauf Gips objects to the definition of "Defendant," "you" or "your," to the extent it is broader than or conflicts with Knauf Gips' obligation to preserve or produce pursuant to Federal Rule of Civil Procedure 26 and 34, or any order of the Court. Knauf Gips further objects to the extent this definition would require the production of documents

-2-

protected by the attorney-client privilege, attorney-work product, joint defense or any other applicable privilege, or limitations imposed on production by state secret or privacy laws.

**"Document"** or **"documents"** means and includes any written, recorded, or graphic matter, however produced or reproduced, whether or not in the possession, custody, or control of Defendant and whether or not claimed to be privileged against discovery on any ground, including, but not limited to, books, brochures, notes, diaries, notebooks, ledgers, letters, contracts, checks, drawings, graphs, charts, reports, records, statements, receipts, computer diskettes, computer printouts, teletypes, telecopies, invoices, worksheets, lists, memoranda, correspondence, telegrams, schedules, photographs, sound recordings, films, computer media, or other data compilations from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form.

**OBJECTION:** Knauf Gips objects to the definition of "document" to the extent it is broader than or conflicts with Knauf Gips' obligation to preserve or produce pursuant to Rules 26 and 34, or any order of the Court. Knauf Gips further objects to the extent this definition would require the production of documents protected by the attorney-client privilege, attorney-work product, joint defense or any other applicable privilege or limitations imposed on the production by state secret, government investigation, confidentiality, or privacy laws.

Knauf Gips further objects to this instruction to the extent compliance with it would require retrieval of ESI that is not reasonable accessible or, its production would violate German law. To the extent that the burden and expense attendant to the retrieval of ESI substantially outweighs any benefit or probative value, Knauf Gips will request appropriate cost-shifting provisions or may otherwise object to the production. Knauf Gips further objects to the extent this definition is inconsistent with the definition of ESI, and Knauf Gips requests a specific meet and confer with respect to production of ESI in order to define and narrow the production of ESI, pursuant to Rule 26(f)(3)(c).

**"Person"** means any natural person, corporation, partnership, business, governmental body, or entity of any kind.

"**Relevant Time Period**" shall mean the time period from January 1, 2004, to the present.

**OBJECTION:** Knauf Gips objects to the definition of "Relevant Time Period" on the grounds that it is overly broad and unduly burdensome and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Knauf Gips refers the HSC to its Defendant Profile Form, in which it disclosed that it did not manufacture Chinese Drywall. Moreover, according to Knauf Plasterboard (Tianjin) Co., Ltd.'s ("KPT") Defendant Profile Form, drywall was imported to the continental United States from January 2006 to September 2006 only. Knauf Gips will produce documents from 2005 through 2006 unless otherwise indicated.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS.

1. All documents evidencing or reflecting any communications between you and any other party regarding Chinese Drywall during the Relevant Time Period, including, without limitation, any communications concerning the design, development, composition, testing, inspection and/or performance of the Chinese Drywall.

**OBJECTIONS AND RESPONSE:** Knauf Gips objects on the grounds that it is overly broad and unduly burdensome. Knauf Gips further objects to the extent this Request would require the production of documents protected by the attorney-client privilege, attorney-work product, joint defense or any other applicable privilege or limitations imposed on production by state secret, governmental investigation, confidentiality or privacy laws. Subject to its general and specific objections, Knauf Gips will produce documents responsive to Request No. 1.

2. All documents evidencing or pertaining to the design, development, composition, testing, inspection and/or performance of the Chinese Drywall during the Relevant Time Period.

**OBJECTIONS AND RESPONSE:** Knauf Gips objects on the grounds that it is overly broad. Knauf Gips further objects to the extent this Request would require the production of documents protected by the attorney-client privilege, attorney-work product, joint defense or any other applicable privilege, or limitations imposed on production by state secret, governmental

investigation, confidentiality or privacy laws. Subject to its general and specific objections, Knauf Gips will produce documents responsive to Request No. 2.

3. All documents which in any way relate to the sale or importation of Chinese Drywall into the United States during the Relevant Time Period.

**OBJECTIONS AND RESPONSE:** Knauf Gips objects to the extent this Request would require the production of documents protected by the attorney-client privilege, attorney-work product, joint defense or any other applicable privilege, or limitations imposed on production by state secret, governmental investigation, confidentiality or privacy laws. Subject to its general and specific objections, Knauf Gips will produce documents responsive to Request No. 3.

4. All documents evidencing or reflecting any communications between you and any of the following entities, their officers, directors, employees, representatives and/or agents during the Relevant Time Period, including, without limitation, any communications concerning the design, development, composition, testing, inspection and/or performance of the Chinese Drywall:

  (a) Knauf Plasterboard Dongguan Co. Ltd.;

  (b) Knauf Plasterboard Tianjin Co. Ltd.;

  (c) Knauf Plasterboard Wuhu Anhui Co. Ltd.;

  (d) Knauf Plasterboard Wuhu Co. Ltd.;

  (e) Knauf Plasterboard Guandong Co. Ltd.;

  (f) Knauf Insulation GmbH;

  (g) Knauf International GmbH;

  (h) Knauf Fiberglass GmbH; and,

  (i) Knauf USA Polystyrene Inc., and/or Knauf Polystrene.

(the foregoing entities will hereinafter be referred to as the "Knauf Entities").

**OBJECTIONS AND RESPONSE:** Knauf Gips objects to this Request on the grounds that seeking every communication between the "Knauf Entities" is overly broad and unduly burdensome and seeks information that is not relevant to the claim or defense of any party or

likely to lead to the discovery of admissible evidence. Knauf Gips further objects to the characterization of separate companies as the "Knauf Entities" and to the extent it seeks communications between any companies other than Knauf Gips and KPT, Knauf Plasterboard Wuhu Co. Ltd. ("Knauf Wuhu") or Knauf Plasterboard Dongguan Co. Ltd. ("Knauf Dongguan") Knauf Gips further objects to the extent this Request would require the production of documents protected by the attorney-client privilege, attorney-work product, joint defense or any other applicable privilege, or limitations imposed on production by state secret, governmental investigation, confidentiality or privacy laws.

5. All documents evidencing or reflecting shared services between Defendant and any of the Knauf Entities, including, without limitation, accounting services, payroll services, management/administrative services, human resources services, marketing services, and other similar services, during the Relevant Time Period.

**OBJECTIONS AND RESPONSE:** Knauf Gips objects to this Request on the grounds that it is vague, overly broad and unduly burdensome and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Knauf Gips further objects to the characterization of separate companies as the "Knauf Entities" and to the extent it seeks information relating to any companies other than Knauf Gips and KPT, Knauf Wuhu or Knauf Dongguan. Knauf Gips further objects to the extent this Request would require the production of documents protected by the attorney-client privilege, attorney-work product, joint defense or any other applicable privilege, or limitations imposed on production by state secret, governmental investigation, confidentiality or privacy laws. Subject to its general and specific objections, Knauf Gips will produce documents responsive to Request No. 5 from 2005 through 2006.

6. All documents reflecting any contracts or agreements between Defendant and any of the Knauf Entities for the Relevant Time Period.

**OBJECTIONS AND RESPONSE:** Knauf Gips objects to this Request on the grounds

that seeking all contracts or agreements between Defendant and the "Knauf Entities" is overly broad and unduly burdensome and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Knauf Gips further objects to the characterization of separate companies as the "Knauf Entities" and to the extent it seeks information relating to any companies other than Knauf Gips and KPT, Knauf Wuhu or Knauf Dongguan. Knauf Gips further objects to the extent this Request would require the production of documents protected by the attorney-client privilege, attorney-work product, joint defense or any other applicable privilege, or limitations imposed on production by state secret, governmental investigation, confidentiality or privacy laws. Subject to its general and specific objections, Knauf Gips will produce documents responsive to Request No. 6 from 2005 through 2006.

7.     All documents related to any assumption of any debt of[sic] any other liability related to Defendant by or on behalf of the Knauf Entities.

**OBJECTIONS AND RESPONSE:** Knauf Gips objects to this Request on the grounds that it is overly broad and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Knauf Gips further objects to the characterization of separate companies as the "Knauf Entities" and to the extent it seeks information relating to any companies other than Knauf Gips and KPT, Knauf Wuhu or Knauf Dongguan. Knauf Gips objects to the extent this Request would require the production of documents protected by the attorney-client privilege, attorney-work product, joint defense or any other applicable privilege, or limitations imposed on production by state secret, governmental investigation, confidentiality or privacy laws. Subject to its general and specific objections, Knauf Gips will produce documents responsive to Request No. 7.

8.     All documents related to any assumption of any debt of[sic] any other liability related to any of the Knauf Entities by or on behalf of Defendant.

**OBJECTIONS AND RESPONSE:** Knauf Gips objects to this Request on the grounds

-7-

that it is overly broad and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Knauf Gips further objects to the characterization of separate companies as the "Knauf Entities" and to the extent it seeks information relating to any companies other than Knauf Gips and KPT, Knauf Wuhu or Knauf Dongguan. Knauf Gips objects to the extent this Request would require the production of documents protected by the attorney-client privilege, attorney-work product, joint defense or any other applicable privilege, or limitations imposed on production by state secret, governmental investigation, confidentiality or privacy laws. Subject to its general and specific objections, Knauf Gips will produce documents responsive to Request No. 8.

9. All documents related to any transfer of ownership, control, and/or possession of any of the Knauf Entities during the Relevant Time Period.

**OBJECTIONS AND RESPONSE:** Knauf Gips objects to this Request on the grounds that it is overly broad and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence, in particular because Knauf Gips is not the parent, shareholder, member or owner of any of the Knauf Entities. Knauf Gips further objects to the characterization of separate companies as the "Knauf Entities" and to the extent it seeks information relating to any companies other than KPT, Knauf Wuhu or Knauf Dongguan. Knauf Gips objects to the extent this Request would require the production of documents protected by the attorney-client privilege, attorney-work product, joint defense or any other applicable privilege, or limitations imposed on production by state secret, governmental investigation, confidentiality or privacy laws. Subject to its general and specific objections, Knauf Gips will produce documents responsive to Request No. 9.

10. All documents related to any transfer of ownership, control, and/or possession of any assets or liabilities of Defendant or any of the Knauf Entities during the Relevant Time Period.

**OBJECTIONS AND RESPONSE:** Knauf Gips objects to this Request on the grounds that it is overly broad and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence in particular because Knauf Gips is not the parent, shareholder, member or owner of any of the Knauf Entities and has not received any assets from any of the Knauf Entities. Knauf Gips further objects to the characterization of separate companies as the "Knauf Entities" and to the extent it seeks information relating to any companies other than KPT, Knauf Wuhu or Knauf Dongguan. Knauf Gips objects to this request to the extent it is the confidential financial information of the company or its affiliates on the grounds that asset discovery is only relevant, if at all, post judgment. This Court has already sustained similar objections to this request raised in connection with a protective order filed by La Suprema. Knauf Gips objects to the extent this Request would require the production of documents protected by the attorney-client privilege, attorney-work product, joint defense or any other applicable privilege, or limitations imposed on production by state secret, governmental investigation, confidentiality or privacy laws.

11.   All documents evidencing or reflecting any business-related telephone calls placed or received by you to any person or entity in the United States during the Relevant Time Period, including, without limitation, calls placed or received by you concerning Chinese Drywall.

**OBJECTIONS AND RESPONSE:** Knauf Gips objects to this Request on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Knauf Gips further objects to the extent this Request would require the production of documents protected by the attorney-client privilege, attorney-work product, joint defense or any other applicable privilege, or limitations imposed on production by state secret, governmental investigation, confidentiality or privacy laws.

12. All business-related emails sent or received by you to any person in the United States during the Relevant Time Period, including, without limitation, emails placed or received by you concerning Chinese Drywall.

**OBJECTIONS AND RESPONSE:** Knauf Gips objects to this Request on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Knauf Gips further objects to the extent this Request would require the production of documents protected by the attorney-client privilege, attorney-work product, joint defense or any other applicable privilege, or limitations imposed on production by state secret, governmental investigation, confidentiality or privacy laws.

13. All marketing or advertising materials sent or mailed, or caused to be sent or mailed, to any party located within the United States, including, without limitations, advertisements in any newspapers, magazines, television stations, electronic mail or internet services, or other vehicles for advertisement, which were intended for persons or entities in the United States.

**OBJECTIONS AND RESPONSE:** Knauf Gips objects to this Request on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Subject to its general and specific objections, Knauf Gips will produce documents responsive to Request No. 13.

14. All documents evidencing or pertaining to any visits by you to the United States during the Relevant Time Period, including, without limitation, airline tickets, rental car receipts, and hotel receipts.

**OBJECTIONS AND RESPONSE:** Knauf Gips objects to this Request on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence.

15. All deeds, leases, mortgage agreements, loan agreements, rental, or lease agreements, storage agreements, sales agreements, insurance policies, tax documents, lien documents, or any other documents concerning any real property, personal property, or asset

ever owned, leased, or otherwise held by you, in whole or in part, in the United States.

**OBJECTIONS AND RESPONSE:** Knauf Gips objects to this Request on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Knauf Gips further objects to the extent this Request would require the production of documents protected by the attorney-client privilege, attorney-work product, joint defense or any other applicable privilege, or limitations imposed on production by state secret, governmental investigation, confidentiality or privacy laws. Subject to its general and specific objections, Knauf Gips will produce documents responsive to Request No. 15.

16. All documents evidencing or pertaining to any bank accounts ever opened or maintained under your name, whether exclusively or in conjunction with any other person or entity, with any bank in the United States.

**OBJECTIONS AND RESPONSE:** Knauf Gips objects to this Request on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Subject to its general and specific objections, Knauf Gips will produce documents responsive to Request No. 16.

17. All contracts and agreements that you negotiated and/or executed during the Relevant Time Period: (a) with a party located in the United States; (b) over property (real, personal, intangible, etc...) or services in the United States; and/or, (c) requiring performance in the United States.

**OBJECTIONS AND RESPONSE:** Knauf Gips objects to this Request on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence, in particular with respect to agreements with "a party located in the United States." Knauf Gips further objects to the extent this Request would require the production of documents protected by the

attorney-client privilege, attorney-work product, joint defense or any other applicable privilege, or limitations imposed on production by state secret, governmental investigation, confidentiality or privacy laws. Subject to its general and specific objections, Knauf Gips will produce documents responsive to Request No. 17.

18. All documents evidencing or reflecting any financial transaction or activity involving you and any person or entity located in the United States during the Relevant Time Period.

**OBJECTIONS AND RESPONSE:** Knauf Gips objects to this Request on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence, in particular with respect to "any activity involving you and any person or entity located in the United States." Knauf Gips objects to the extent this Request would require the production of documents protected by the attorney-client privilege, attorney-work product, joint defense or any other applicable privilege, or limitations imposed on production by state secret, governmental investigation, confidentiality or privacy laws

19. All reports prepared during the Relevant Time Period for any regulatory or other agency which in any way discusses or relates to your activities, or the activities of any of your subsidiaries or affiliates in the United States.

**OBJECTIONS AND RESPONSE:** Knauf Gips objects to this Request on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Knauf Gips further objects to the extent this Request would require the production of documents protected by the attorney-client privilege, attorney-work product, data collected by non-testifying experts in anticipation of litigation, any other applicable privilege, or limitations imposed on production by state secret, governmental investigation, confidentiality or privacy laws. Subject to its general and specific objections, Knauf Gips will produce documents responsive to Request No. 19.

20. All documents evidencing or reflecting Defendant's listing on any United States stock exchange during the Relevant Time Period.

**OBJECTIONS AND RESPONSE:** Knauf Gips objects to this Request on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Subject to its general and specific objections, Knauf Gips will produce documents responsive to Request No. 20.

21. All documents reflecting Defendant's web pages written in English during the Relevant Time Period.

**OBJECTIONS AND RESPONSE:** Knauf Gips objects to this Request on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence and seeks information which cannot be provided by Knauf Gips with substantially greater facility than would otherwise be obtained by the HSC as the information requested is a matter of public record on the internet. Knauf Gips further objects to the extent this Request would require Knauf Gips to create any documents that do not already exist in its possession and control. Subject to its general and specific objections, Knauf Gips will produce documents responsive to Request No. 21.

22. The complaint, your interrogatory responses, and any deposition transcripts concerning any lawsuit to which you have been a party in the United States during the last ten (10) years.

**OBJECTIONS AND RESPONSE:** Knauf Gips objects to this Request on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Knauf Gips further objects to the extent this Request would require the production of documents protected by the attorney-client privilege, attorney-work product, joint defense or any other applicable

privilege, or limitations imposed on production by state secret, governmental investigation, confidentiality or privacy laws. Knauf Gips does not intend to produce documents that are available to HSC relating to this and other Chinese drywall maters. Subject to its general and specific objections, Knauf Gips will produce documents responsive to Request No. 22.

Dated: December 4, 2009

Respectfully submitted,

/s/ Douglas B. Sanders

Douglas B. Sanders
Richard Franklin
**BAKER & MCKENZIE LLP**
130 E. Randolph Dr.
Chicago, IL 60601
Telephone: (312) 861-8075
Facsimile: (312) 698-2375
Email: douglas.b.sanders@bakernet.com

Donald J. Hayden
**BAKER & MCKENZIE LLP**
1111 Brickell Avenue
Suite 1700
Miami, Florida 33131
Telephone: (305) 789-8966
Facsimile: (305) 789-8953
E-mail: Donald.hayden@bakernet.com

Kerry Miller (LA Bar No. 24562)
Kyle A. Spaulding (LA Bar No. 29000)
**FRILOT L.L.C.**
1100 Poydras Street
Suite 3700
New Orleans, Louisiana 70163
Telephone:    (504) 599-8194
Facsimile:    (504) 599-8145
Email: kmiller@frilot.com

*Attorneys for Defendant Knauf Gips KG*

-14-

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Knauf Gips KG'S **Objections and Responses To Homebuilders' Steering Committee's Personal Jurisdiction Request For Production to Defendant, Knauf Gips KG** has been served upon all parties by electronically uploading the pleading to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and by facsimile and U.S. mail transmission to Plaintiffs' Liaison Counsel and Homebuilders' Liaison Counsel in accordance with the procedures established in MDL 2047, on this 4th day of December, 2009.

/s/ Douglas B. Sanders