**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL | * | MDL NO. 2047 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION: L |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE FALLON |
| Payton v. Knauf Plasterboard (Tianjin) Co., | * | MAG. JUDGE |
| Ltd., et al (Case No. 09-7628) | * | WILKINSON |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFFS' REQUESTED SPECIAL JURY CHARGES**

**MAY IT PLEASE THE COURT:**

Attached are the requested special jury charges of plaintiffs in this matter, numbered 1 through 7, which plaintiffs request be given to the jury in addition to the Court's standard general charges.

Dated: June 10, 2010                Respectfully submitted,

/s/ Leonard A. Davis
Russ M. Herman, Esquire
Leonard A. Davis, Esquire
Stephen J. Herman, Esquire
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
MDL 2047

Arnold Levin
Fred S. Longer
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*

*MDL 2047*

Christopher Seeger
Jeffrey S. Grand
Seeger Weiss, LLP
One William Street
New York, NY 10004
212-584-0700 (phone)
212-584-0799 (fax)
cseeger@seegerweiss.com

**PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Dawn M. Barrios<br>701 Poydras Street<br>Suite 3650<br>New Orleans, LA  70139<br>PH:  (504) 524-3300<br>Fax:  (504) 524-3313 | Daniel E. Becnel, Jr.<br>425 W. Airline Highway<br>Suite B<br>LaPlace, LA  70068<br>PH:  (985) 536-1186<br>Fax:  (985) 536-6445 |
| Victor M. Diaz<br>25 Flagler Street<br>8th Floor<br>Miami, FL  33130<br>PH:  (305) 358-2800<br>Fax:  (305) 358-2382 | Ervin Amanda Gonzalez<br>255 Aragon Avenue<br>Cora Gables, FL  33134<br>PH:  (305) 476-7400<br>Fax:  305) 476-7444 |
| Ben Gordon<br>316 S. Baylen Street<br>Suite 600<br>Pensacola, FL  32502<br>PH:  (850) 435-7090<br>Fax:  (850) 436-6091 | Hugh P. Lambert<br>701 Magazine Street<br>New Orleans, LA  70130<br>PH:  (504) 581-1750<br>Fax:  (504) 529-2931 |
| Jerrold Seth Parker<br>3301 Bonita Beach Road<br>Bonita Springs, FL  34134<br>PH:  (239) 390-1000<br>Fax:  (239) 390-0055 | Gerald E. Meunier<br>2800 Energy Centre<br>1100 Poydras Street<br>New Orleans, LA  70163-2800<br>PH:  (504) 522-2304<br>Fax:  (504) 528-9973 |
| Christopher Seeger<br>One William Street<br>New York, NY  10004<br>PH:  (212) 584-0700<br>Fax:  (212) 584-0799 | James Robert  Reeves<br>160 Main Street<br>Biloxi, MS  39530<br>PH:  (228) 374-5151<br>Fax:  (228) 374-6630 |
| Scott Weinstein | Bruce William Steckler<br>3102 Oak Lawn Ave. |

| | |
|---|---|
| 12800 University Drive<br>Suite 600<br>Ft. Myers, FL  33907<br>PH:  (239) 433-6880<br>Fax:  (239) 433-6836 | Suite 1100<br>Dallas, TX  75219<br>PH:  (214) 523-6674<br>Fax:  (214) 520-1181 |

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Richard S. Lewis<br>HAUSFELD LLP<br>1700 K Street, N.WSuite  650<br>Washington, DC 20006<br>Phone: (202) 540-7200<br>Fax:  (202) 540-7201<br>rlewis@hausfeldllp.com<br><br>Daniel K. Bryson<br>Lewis & Roberts<br>3700 Glenwood Avenue, Suite 410<br>Raleigh, NC 27612<br>Phone: (919) 981-0191<br>Fax: (919) 981-0431<br>dkb@lewis-roberts.com | Jeremy W. Alters<br>Alters, Boldt, Brown, Rash & Culmo, P.A.<br>4141 N.E. 2nd Avenue<br>Suite 201<br>Miami, FL 33137<br>Phone: (305) 571-8550<br>Fax: (305) 571-8559<br>jeremy@abbrclaw.com<br><br>Richard J. Serpe, Esquire<br>Law Offices of Richard J. Serpe<br>Crown Center, Ste. 310<br>580 East Main Street<br>Norfolk, VA 23510-2322<br>rserpe@serpefirm.com |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with pretrial Order No. 6, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 10th day of June, 2010

　　　　　　　　　　　　　　　　　/s/ Leonard A. Davis_____
　　　　　　　　　　　　　　　　Leonard A. Davis
　　　　　　　　　　　　　　　　Herman, Herman, Katz & Cotlar, LLP
　　　　　　　　　　　　　　　　820 O'Keefe Ave.
　　　　　　　　　　　　　　　　New Orleans, LA  70113
　　　　　　　　　　　　　　　　PH:  (504) 581-4892
　　　　　　　　　　　　　　　　Fax:  (504) 561-6024
　　　　　　　　　　　　　　　　ldavis@hhkc.com

　　　　　　　　　　　　　　　　s/Andrew A. Lemmon_____
　　　　　　　　　　　　　　　　ANDREW A. LEMMON (#18302)
　　　　　　　　　　　　　　　　IRMA L. NETTING (#29362)
　　　　　　　　　　　　　　　　LEMMON LAW FIRM, L.L.C.
　　　　　　　　　　　　　　　　P.O. Box 904
　　　　　　　　　　　　　　　　Hahnville, LOUISIANA 70057
　　　　　　　　　　　　　　　　(985) 783-6789 Telephone
　　　　　　　　　　　　　　　　(985) 783-1333 Facsimile
　　　　　　　　　　　　　　　　andrew@lemmonlawfirm.com

　　　　　　　　　　　　　　　　*Attorneys for Petitioners Paul Clement and*

　　　　　　　　　　　　　　　　*Celeste Schexnayder Clement*

**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL** | * | **MDL NO. 2047** |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION: L** |
| | * | |
| **THIS DOCUMENT RELATES TO:** | * | **JUDGE FALLON** |
| **Payton v. Knauf Plasterboard (Tianjin) Co.,** | * | **MAG. JUDGE** |
| **Ltd., et al (Case No. 09-7628)** | * |  **WILKINSON** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**PLAINTIFFS' REQUESTED JURY
CHARGE NO. 1**

The plaintiffs are entitled to recover damages which they prove by a preponderance of the evidence to be proximately caused by the defectiveness of the defendant's drywall (which defendant admits).

Under Louisiana law, a defendant's fault is a proximate cause of a plaintiffs' harm – and therefore a ground for recovery by the plaintiff – if that fault was a substantial factor in causing or contributing to the harm. The defendants' fault need not be the sole cause of the harm, but rather has to be a "necessary ingredient" of the resulting harm, and there has to be a direct relationship between the fault and the harm. "[T]o the extent that [a] defendant's actions had something to do with the [harm] that the plaintiff sustained," then plaintiff has proved the required, causal relationship between that defendant's actions and damages.

*Faucheaux v. Terrebonne Consolidated Government*, 615 So.2d 289, 292 (La. 1993);

*Dixie Drive-It-Yourself System v. American Beverage Co.*, 242 La. 471, 137 So.2d 298 (La. 1962);

*Mathieu v. Imperial Toy Corp.*, 632 So.2d 375, 379 (La. App. 4th Cir. 1994).

*Antee v. Southern Pacific Transportation Co.*, 627 So.2d 798, 800 (La. App. 2nd Cir. 1993);

*Pastor v. Lafayette Building Assoc.*, 567 So.2d 793, 795 (La. App. 3rd Cir. 1990);

*Brown v. Louisiana Department of Highways*, 373 So.2d 605, 603 (La. App. 3rd Cir. 1979);

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL | * | MDL NO. 2047 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION: L |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE FALLON |
| Payton v. Knauf Plasterboard (Tianjin) Co., | * | MAG. JUDGE |
| Ltd., et al (Case No. 09-7628) | * | WILKINSON |

******************************************************************

### PLAINTIFFS' REQUESTED JURY CHARGE NO. 2

If a defendant's conduct was a substantial factor in bringing about harm to the plaintiff or in setting in motion the chain of circumstances that lead to the harm, the fact that the defendant did not foresee, nor should have foreseen, the extent or seriousness of the plaintiff's harm or the specific manner in which it occurred, does not relieve the defendant of responsibility to compensate for the harm.

*Bergeron v. Houston-American Ins. Co.*, 98 So.2d 723, 725 (La. App. 1st Cir. 1957);

*Lynch v. Fisher*, 34 So.2d 513, 518-19 (La. App. 2nd Cir. 1947);

*Restatement of Torts*, §435.

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL** | * | **MDL NO. 2047** |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION: L** |
| | * | |
| **THIS DOCUMENT RELATES TO:** | * | **JUDGE FALLON** |
| Payton v. Knauf Plasterboard (Tianjin) Co., | * | **MAG. JUDGE** |
| Ltd., et al (Case No. 09-7628) | * | **WILKINSON** |

******************************************************************

**PLAINTIFFS' REQUESTED JURY**
**CHARGE NO. 3**

The purpose of the law of damages is to award, as far as possible, just and fair compensation to a plaintiff for a loss caused by a defendant's wrongdoing.  These damages, known as "compensatory damages," seek to make the plaintiff whole – that is, to fully and fairly compensate him or her for the damage suffered.

The damages that you award must be fair and reasonable, neither inadequate nor excessive, and you must be guided by the evidence as well as dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require a plaintiff to prove the amount of his or her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.  In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

Adapted and quoted from:

*4-77 Modern Federal Jury Instructions-Civil P 77.01*, "Instruction 77-3: Compensatory Damages."

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL | * | MDL NO. 2047 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION: L |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE FALLON |
| Payton v. Knauf Plasterboard (Tianjin) Co., | * | MAG. JUDGE |
| Ltd., et al (Case No. 09-7628) | * | WILKINSON |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFFS' REQUESTED JURY
CHARGE NO. 4**

The manufacturer's duty in a case such as this includes protection against property damage, specifically when the defective product damages other property.[1]

The damage to property claimed by plaintiffs in this case include both damage to the home (in the case of Mr. and Mrs. Clement) and the apartment (in the case of Mr. Campbell), and damage to personal property items in the Clement home.

---

[1] *East River Steamship Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 867 (1986).

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL** | * | **MDL NO. 2047** |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION: L** |
| | * | |
| **THIS DOCUMENT RELATES TO:** | * | **JUDGE FALLON** |
| Payton v. Knauf Plasterboard (Tianjin) Co., | * | **MAG. JUDGE** |
| Ltd., et al (Case No. 09-7628) | * | **WILKINSON** |

*************************************************************

**PLAINTIFFS' REQUESTED JURY**
**CHARGE NO. 5**

Each plaintiff is entitled to recover damages for the harm inflicted upon his property. The compensation for damage to a plaintiff's property includes what you find to be the reasonable expense of all needed repairs of the property.

If you also find that a plaintiff will be deprived of the use of his property until he can conclude such repairs, he is entitled to recover an additional sum sufficient to compensate him for the loss of use of such property. An award for loss of use of property, however, is limited to only such time as is reasonably required to complete a remediation of the property.

Adapted and quoted from:

*4-77 Modern Federal Jury Instructions-Civil P 77.01*

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL | * | MDL NO. 2047 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION: L |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE FALLON |
| Payton v. Knauf Plasterboard (Tianjin) Co., | * | MAG. JUDGE |
| Ltd., et al (Case No. 09-7628) | * | WILKINSON |

*************************************************************

**PLAINTIFFS' REQUESTED JURY
CHARGE NO. 6**

Under the law applicable to this case, plaintiffs are entitled to be compensated for "economic loss arising from a deficiency in or loss of use of the [defective] product…."[1]

The loss of use claimed by plaintiffs in this matter include:

1) rental expense to be incurred by Mr. and Mrs. Clement during the remediation of their home;

2) move-out and move-back-in expenses to be incurred by the Clements in connection with remediation; and

3) the loss of rental income incurred by Mr. Campbell (through his company Slidell Property Management, LLC).

---

[1] *See* LSA-R.S. 9:2800.53(5).

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL | * | MDL NO. 2047 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION: L |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE FALLON |
| Payton v. Knauf Plasterboard (Tianjin) Co., | * | MAG. JUDGE |
| Ltd., et al (Case No. 09-7628) | * | WILKINSON |

**************************************************************

PLAINTIFFS' REQUESTED JURY
CHARGE NO. 7

The plaintiff property owners in this case are allowed to recover, if proven by a preponderance of the evidence, damages for the diminished value of their property even after Chinese Drywall remediation occurs.  This diminished value may be calculated as a percentage reduction of the fair market value of the property without Chinese Drywall. Such damages, if proven, are recoverable in addition to the costs of remediation.


*Bonnette v. Conoco, Inc.*, 837 So.2d 1219, 2001-2767 (La. 1/28/03).