UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO ALL CASES: | JUDGE FALLON<br><br>MAG. JUDGE WILKINSON |

**PLAINTIFFS' STEERING COMMITTEE'S RESPONSE TO
THE MOTIONS FOR PROTECTIVE ORDERS OR STAYS RELATING
TO DISCOVERY PENDING RESOLUTION OF RULE 12(B) MOTIONS**

Pursuant to the Court's Order of June 1, 2010, the Plaintiffs Steering Committee (PSC) hereby responds to the motions for protective order or stays filed by Standard Pacific of South Florida GP, Inc., HWB Construction, Inc. and Standard Pacific of South Florida [Doc. #2805 and #3065]; Standard Pacific of Colorado, Inc. [Doc. #2811]; HPH Properties, LLC and HPH Homes [Doc. #3062]; Residential Drywall, Inc. [Doc. # 3112]; A1 Brothers, Inc. [Doc. # 3114]; Gryphon Construction, LLC [Doc. #3136]; and RCR Holdings, II, LLC [Doc. #3381]. These Builder/Developers seek to avoid this Court's Pretrial Order No. 24, which mandates them to complete Defendant Profile forms. They also seek to avoid compliance with the PSC's subpoenas limited to insurance coverage. Recently, this Court denied insurers with similar motions relief from their disclosure obligations.

The present motions similarly proclaim that it is erroneous to allow discovery while a motion to dismiss is pending. The motions misperceive the purpose of the profile forms and subpoenas. The motions misclassify the profile forms and insurance-related subpoenas to be in the nature of

1

merits discovery. These defendants mistake this Court's efforts to administer this MDL's prolix docket with improper discovery burdens. As a consequence, these motions are not well founded. As further discussed below, the profile forms and subpoenas serve a basic function adjunct to the management of this MDL's docket that fully justifies their use and should not be subservient to the whims of defendants seeking to avoid their obligations to the Court.

## I.  FACTUAL BACKGROUND

In 1993, the Federal Rules of Civil Procedure were amended to include the requirement for initial disclosures in all civil litigation taking place in the federal judiciary. See Fed.R.Civ.P. 26(a). Consistent with this mandate, MDL courts have recognized the benefits of having the parties complete basic census information to permit the court and counsel to ascertain the makeup of the universe of cases within the MDL. *See In re Chinese Drywall Products Liability Litigation*, MDL 2047, Order (E.D.La. June 1, 2010)(requiring insurer defendants to complete insurer profile forms); Fallon, *Bellwether Trials in Multidistrict Litigation*, 82 Tulane L.Rev. 2323, 2344 (2008). The census is necessary to evaluate cases and claims for bellwether trial purposes as well as other administrative concerns, including, providing "useful information to the court and parties, allow for more streamlined discovery, and to assist the court in resolving pending motions." *Id*., June 1, 2010 Order. The exchange of profile forms is a recognized means of obtaining the initial disclosure data in such mass tort cases. *Id.* The subpoenas add another needed measure of obtaining insurance information from parties other than insurers for whom this Court has separately imposed a similar requirement of disclosure. *Id.*

Early in this case, the Court directed that profile forms of plaintiffs and defendants be exchanged to advance the litigation in the direction of initial bellwether trials. In this regard, on

August 17, 2009, this Court issued Pretrial Order No. 11 and required that the parties complete plaintiff and defendant profile forms.  As the litigation progressed, the involvement of insurers became more pronounced; insurance coverage disputes were being filed directly in the transferee court and were also being transferred to the MDL by the Judicial Panel on Multidistrict Litigation. *See, e.g., In re Chinese-Manufactured Drywall Products Liability Litigation*, MDL No. 2047, Transfer Order (J.P.M.L. April 5, 2010)(transfer order regarding *Owners Insurance Co. v. The Mitchell Co.*, No. 5:09-374 (M.D.Ga.)).

As a consequence of the increased presence of insurance coverage litigation in the MDL, this Court issued Pretrial Order No. 20 which established an Insurer Steering Committee and appointed lead counsel and members to the Insurance Steering Committee.  Pretrial Order No. 20 issued on April 6, 2010.  On April 27, 2010, following the establishment of the Insurer Steering Committee, this Court issued Pretrial Order No. 23, which required that each insurance company that is named as party in any action in MDL 2047 must complete and sign Insurance Profile Forms ("IPFs").  The IPF obliged any insurer to provide basic identification and contact information for the insurer as well as their counsel of record, and to disclose their named insureds and basic policy information for both liability and property insurance.  Pretrial Order No. 23 recognized that the completed IPF, when produced, would remain confidential and could be subject to appropriate redaction.

The justification for these limited disclosures was manifest.  Already in this MDL, there are thousands of claimants on the several homeowner Omni complaints, involving hundreds of builders and suppliers with uncertain amounts of liability insurance coverage.  In addition, the *Amato* class action Omni Complaint involves liability insurance carriers for plaintiffs with claims within the MDL.  As a consequence, the limited disclosures mandated by Pretrial Order Nos. 11, 23 and 24 and

plaintiffs' insurance subpoenas were well in order and justified from a docket administration standpoint to align the parties with their insurers and their insurance policies.

The instant motions challenges this Court's discretionary decision to require the completion of profile forms and insurance subpoenas. These defendants acknowledge that this Court, in its discretion, is authorized to require such limited disclosures but suggest that this Court has abused its discretion. These movants are wrong.

## II.    ARGUMENT

Fed.R.Civ.P. 26(c) provides that the district court "*may*, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Pursuant to the Rule, the decision to enter a protective order is exclusively within the Court's sound discretion. The several movants contend and it is well recognized that trial courts have broad discretion and the inherent power to stay discovery until preliminary questions that may dispose of the case are determined. *See, e.g., Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). The authority of the Court to stay discovery is equally tempered by the Court's contrary authority to choose not to stay discovery. The courts are given broad discretion to control and place appropriate limits on discovery. *See Corwin v. Marney, Orton Investments*, 843 F.2d 194, 200 (5th Cir.), *cert. denied*, 488 U.S. 924 (1988).

The Court's discretion when deciding whether to stay discovery is informed by the burden imposed upon a party obliged to provide discovery. *Id*. In this case, compliance with the Court's profile forms and PTO No. 24 plaintiff's subpoenas, imposes a minimal burden upon any of the affected defendants. The purpose of the profile form and PTO No. 24 subpoena is not to obtain "full out" discovery. Instead, these matters seek "*limited* case-specific discovery". *Bellwether Trials*,

82 Tulane Law Review at 2344 (emphasis added).  Given the minimal and limited nature of the streamlined disclosures required by the profile form and PTO 24 subpoenas, the PSC submits that no protective order should issue.  Indeed, courts have ruled that "the general policy...is not to stay discovery even though dispositive motions are pending."  *See Kutilek v. Gannon*, 132 F.R.D. 296, 297 (D.Kan. 1990).  *See also Wichita Falls Office Associates v. Banc One Corp.*, 978 F.2d 915, 920 (5th Cir. 1992)("when a party is seeking discovery that is germane to the pending summary judgment motion it is inequitable to pull out the rug from under them by denying such discovery").  Under the circumstances presented by this massive, prolix litigation, individual defendants should not be permitted to thwart the management program contemplated by this Court to administer the efficient functioning of its MDL docket.

### III.    CONCLUSION

For the reasons set forth above, the orderly administration of this MDL requires that the defendants complete their profile forms and comply with plaintiff's subpoenas.  Only by obtaining this initial disclosure, can the information necessary to verify a valid census of the insurance matters at issue in this MDL be gathered.  Each motion for protective order should be denied.

Dated: June 11, 2010

Respectfully submitted,

/s/ Russ M. Herman
Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Victor Manuel Diaz
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Aragon Avenue, 2nd Floor
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

| | |
|---|---|
| Christopher Seeger<br>Seeger Weiss, LLP<br>One William Street<br>New York, NY 10004<br>Phone: (212) 584-0700<br>Fax: (212) 584-0799<br>cseeger@seegerweiss.com | Scott Wm. Weinstein<br>Morgan & Morgan<br>12800 University Drive, Suite 600<br>Ft. Meyers, FL 33907<br>Phone: (239) 433-6880<br>Fax: (239) 433-6836<br>sweinstein@forthepeople.com |

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Richard S. Lewis<br>HAUSFELD LLP<br>1700 K Street, N.W<br>Suite 650<br>Washington, DC 20006<br>Phone: (202) 540-7200<br>Fax: (202) 540-7201<br>rlewis@hausfeldllp.com | Jeremy W. Alters<br>Alters, Boldt, Brown, Rash & Culmo, P.A.<br>4141 N.E. 2nd Avenue, Suite 201<br>Miami, FL 33137<br>Phone: (305) 571-8550<br>Fax: (305) 571-8559<br>jeremy@abbrclaw.com |
| Daniel K. Bryson<br>Lewis & Roberts<br>3700 Glenwood Avenue, Suite 410<br>Raleigh, NC 27612<br>Phone: (919) 981-0191<br>Fax: (919) 981-0431<br>dkb@lewis-roberts.com | Richard J. Serpe, Esquire<br>Law Offices of Richard J. Serpe<br>Crown Center, Ste. 310<br>580 East Main Street<br>Norfolk, VA 23510-2322<br>rserpe@serpefirm.com |

**CERTIFICATE OF SERVICE**

   I hereby certify that the above and foregoing Plaintiffs' Steering Committee's Response to the Motions for Protective Orders or Stays Relating to Discovery Pending Resolution of Rule 12(B) Motions has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 11th day of June, 2010.

               /s/ Leonard A. Davis
               Leonard A. Davis, Esquire (Bar No. 14190)
               Herman, Herman, Katz & Cotlar, LLP
               820 O'Keefe Avenue
               New Orleans, Louisiana 70113
               Phone: (504) 581-4892
               Fax: (504) 561-6024
               LDavis@hhkc.com
               Plaintiffs' Liaison Counsel
               MDL 2047