UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * * * | MDL NO. 2047<br>SECTION: L<br><br>JUDGE FALLON |
| THIS DOCUMENT RELATES TO:<br>*Payton v. Knauf Plasterboard (Tianjin) Co., Ltd., et al.*, Case No. 2:09-cv-6050 | * * * | MAGISTRATE JUDGE WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## OBJECTION TO THE USE OF THE VIDEOTAPED DEPOSITION OF JOHN F. CAMPBELL

Pursuant to Rule 804 of the Federal Rules of Evidence, Builder-Defendants, Southern Homes, LLC, Tallow Creek, LLC, and Springhill, LLC (collectively "Southern Homes"),[1] object to the use of the videotaped deposition of John F. Campbell against them–in the instant case or others–as hearsay.

On **May 24, 2010, at 4:07 p.m.**, Defendants' Liaison Counsel ("DLC") e-filed the Notice of

---

[1] The Southern Homes defendants have not filed an answer or responsive pleadings in the above litigation, and reserve all rights as to the same.

Videotaped Deposition of John F. Campbell, setting his deposition for **9 a.m. the next day, May 25, 2010**, in *Payton v. Knauf Plasterboard (Tianjin) Co., Ltd., et al.*, Case No. 2:09-cv-6050 ("the Deposition").[2] Southern Homes suspects the Deposition was set for the limited purposes of the upcoming "bellwether" trial, commencing on June 21, 2010, but the Notice of Deposition indicates no such limitation.[3] Southern Homes' counsel learned of the Deposition on the afternoon of May 25, 2010. Southern Homes believes–upon receipt of a post-Deposition email from DLC's firm–that the Deposition proceeded the morning of May 25, 2010 and concluded the very same morning, at approximately 10:30 a.m.[4] Given effectively no notice, Southern Homes could not attend, much less prepare for the Deposition.

While Southern Homes appreciates the expedited nature of "bellwether" trials, it is still compeled to object. As the Court may know, Mr. Campbell named Springhill, LLC as his builder-defendant in the instant, putative class action,[5] and Springhill, LLC is a Southern Homes-related entity. Tallow Creek, LLC, another Southern Homes-related entity, has also been named in the instant suit. Accordingly, Southern Homes collectively objects to the above-described use of the Deposition as hearsay.

Rule 801 of the Federal Rules of Evidence defines the Deposition as hearsay–if offered as evidence against Southern Homes–because it would be "a statement, other than one made by the

---

[2] *See* Notice of Deposition, attached as Exhibit A.

[3] *See id*. While Southern Homes believes it will be dismissed, with prejudice, from the captioned matter scheduled for trial via stipulation of Mr. Campbell, such a stipulation may relate only to 1032 Clairise Court–the subject property of the upcoming "bellwether" trial.

[4] *See* Email, attached as Exhibit B.

[5] *See* Rec. Doc. 1(12), attached as Exhibit C.

2

declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."[6] Rule 804(b)(1), the "former testimony" exception to the general prohibition against hearsay, would not allow for the use of the Deposition against Southern Homes because Southern Homes did not have a reasonable opportunity to cross-examine Mr. Campbell during the Deposition–or even to attend the Deposition.[7] The rule defines the narrow hearsay exception as:

> **Former testimony.** Testimony given . . . in a deposition taken in compliance with the law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had <u>an opportunity and similar motive to develop the testimony by direct, cross, or re-direct examination</u>.[8]

Courts have interpreted Rule 804's "opportunity" requirement as a more than an empty formality, but a "meaningful opportunity" to examine the witness during his former testimony.[9]

Southern Homes had no meaningful opportunity to prepare for, to participate in, or even to attend the Deposition, as DLC did not file notice of the Deposition until May 24, 2010, at 4:07 p.m.–only 16 and one-half hours before the Deposition commenced. Neither Southern Homes nor its counsel received alternative, or even informal, notice from DLC that the Deposition was set for a particular date and time. As the only builder named by Mr. Campbell in the instant suit, no party

---

[6] *See* FED. R. EVID. 801(c).

[7] *See* FED. R. EVID. 802 (providing that "Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court. . . .").

[8] *See* FED. R. EVID. 804(b)(1) (bold emphasis in original, underscore emphasis added).

[9] *See U.S. v. Wingate*, 520 F.2d 309, 316 (2d Cir. 1975) (concluding that prior testimony was not admissible against the government when the government lacked a meaningful opportunity to cross-examine); *see also U.S. v. Paducah Towing Co.*, 692 F.2d 412, 418 (6th Cir. 1982) (concluding that "if a meaningful opportunity to develop the former testimony was not afforded, then the testimony may properly be assumed to be less reliable"); *U.S. v. Franklin*, 235 F. Supp. 338, 341 (D. D.C. 1964) (noting that Rule 804 calls for more than an "empty formality").

that may have attended the Deposition would have had the same or a similar motive to develop Mr. Campbell's testimony as Southern Homes would have if given a meaningful opportunity to attend.

## III. CONCLUSION

This Court should prohibit the use of the Deposition against Southern Homes, whether in the instant putative class action or other matters in the MDL, because such use would be prohibited, unreliable hearsay. Southern Homes could not cross-examine Mr. Campbell at the Deposition because it received merely the empty formality of notice of the Deposition–a notice filed only hours before the Deposition commenced–the kind of notice that renders the former testimony exception inapplicable to the Deposition if used against Southern Homes.

Respectfully submitted,

/s/ James M. Garner
JAMES M. GARNER, T.A. (# 19589)
MARTHA Y. CURTIS (# 20446)
MATTHEW C. CLARK (#31102)
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street, 28th Floor
New Orleans, Louisiana 70112-1033
Telephone: (504) 299-2100
Facsimile: (504) 299-2300

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice electronic filing in accordance with the procedures established in MDL 2047, on this 11 day of June, 2010.

                                          /s/ James M. Garner  
                                          JAMES M. GARNER