MINUTE ENTRY
FALLON, J.
JUNE 10, 2010

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


IN RE: CHINESE-MANUFACTURED DRY WALL     :     MDL NO. 2047
      PRODUCTS LIABILITY LITIGATION     :     SECTION:  L
           :
           :     JUDGE FALLON
           :     MAG. JUDGE WILKINSON
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . :

**THIS DOCUMENT RELATES TO ALL CASES**

      A telephone status conference was held on this date in the Chambers of Judge Eldon E. Fallon.  Russ Herman, Arnold Levin, Lenny Davis, and Fred Longer participated on behalf of the Plaintiffs.  Kerry Miller, Doug Sanders, Steven Glickstein, Robert Grass, and Jay Mayesh participated on behalf of the Defendants.  Dorothy Wimberly and Mark Salky participated on behalf of the Homebuilders.  Judy Barrasso and Minor Pipes participated on behalf of the Insurers.

      The first topic discussed was establishing a briefing and hearing schedule on homeowners insurers' motions.  The Court expressed the view that these motions should be set for hearing sooner rather than later.  Ms. Barrasso submitted to the Court a proposed briefing and hearing schedule for these motions.  This schedule sets briefing and oral arguments to commence June 11, 2010, and to end on August 9, 2010.  The Court considered the proposal and heard from the parties on the issue.  The Court determined that the schedule was appropriate, but perhaps too ambitious.  Accordingly, the Court directed the parties to meet and confer to formulate a briefing

JS10(00:30)

and hearing schedule based upon the one submitted by Ms. Barrasso, but with the dates adjusted back one month (e.g. from July-September rather than June-August), meetings scheduled with the Court every two weeks, and other adjustments they deem appropriate.  The Court indicated that the homeowners insurers' motions would be grouped by similar policies and issues, if possible, and then set for hearing based upon these groupings.

The second issue addressed at the conference was Defendant Knauf's jurisdictional discovery.  Plaintiffs and Homebuilders propounded discovery requests to Knauf regarding jurisdictional issues.  Subsequently, Plaintiffs filed a motion challenging the sufficiency of Knauf's responses to these requests and to compel discovery responses and production, including privilege logs.  The parties informed the Court that prior to the present telephone status conference they met and conferred on these issues and were working towards a resolution.  The Court directed Plaintiffs to contact the Court June 15, 2010, with an update on resolution of these issues.  The Court further directed all parties, in the case that discovery issues arise, send a letter to the Court summarizing the issues and the Court will schedule a conference in person or by telephone with the appropriate parties.  Additionally, the parties informed the Court that a joint scheduling order for discovery would be submitted to the Court shortly.