UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * | MDL NO. 09-2047 SECTION L |
| THIS DOCUMENT RELATES TO: | * * | |
| JOYCE W. ROGERS, individually, and on behalf of all others similarly situated, et al vs. KNAUF GIPS KG; KNAUF PLASTERBOARD (TIANJIN) CO., LTD.; KNAUF PLASTERBOARD (WUHU) CO., LTD.; GUANGDONG KNAUF NEW BUILDING MATERIAL PRODUCTS CO., LTD., et al., | * * * * * * * * | JUDGE FALLON MAG. JUDGE WILKINSON |
| Case No. 2:10-cv-00362 | * | |

**DEFENDANT'S, PRINCETON HOMES, INC., MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' AMENDED OMNIBUS CLASS ACTION COMPLAINT (IV) FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

Defendant, Princeton Homes, Inc. ("Princeton"), submits this memorandum in support of its Motion to Dismiss for lack of personal jurisdiction and improper venue, and states:

**I.     INTRODUCTION.**

This Court lacks personal jurisdiction over Princeton, a nonresident defendant with no ties to Louisiana. Princeton, a Florida home builder, is not licensed to operate in Louisiana; has never conducted business in Louisiana; has never maintained an office in Louisiana; has no employees in Louisiana; does not solicit customers or business in Louisiana; and has never built a single home in Louisiana. Accordingly, Princeton lacks the requisite contacts with the State of Louisiana by which it would reasonably expect to be hailed into court in this state.

The case law is clear that this Court does not have personal jurisdiction over Princeton because it does not have the requisite contacts with Louisiana upon which personal jurisdiction may

be based. Although this Court serves as the hub for claims related to the Chinese Drywall Litigation, that does not trump the Rules of Civil Procedure, the statutes or the case law governing personal jurisdiction over Princeton. Indeed, Plaintiffs failed to satisfy the conditions of 28 U.S.C. §1407 regarding transferring cases in multidistrict litigation because the claims against Princeton were not transferred from another district court. In fact, no claims by the Plaintiffs herein were pending against Princeton in any district court at or before the time Princeton was sued in this action.

Plaintiffs' First Amended Complaint alleges that Princeton constructed homes in Florida which contained defective Chinese drywall as the sole basis of Plaintiffs' claim against Princeton. Because Princeton, the subject homes, the subject drywall, and the subject Plaintiffs are all located in Florida, Princeton cannot be subject to personal jurisdiction in Louisiana. This Court should dismiss the First Amended Complaint against Princeton pursuant to Rule 12(b)(2), of the Federal Rules of Civil Procedure, for lack of personal jurisdiction.

**II.     UNDISPUTED FACTS.**

Princeton is a Florida corporation with its principal place of business in West Palm Beach, Florida. See Affidavit of S. Larson attached as Exhibit "A". Princeton is in the business of building residential homes. *Id.*

Princeton is not licensed or registered to do business in the State of Louisiana. *Id.* Princeton has never built a home in the State of Louisiana. *Id.* Princeton has never maintained an office or conducted any business whatsoever in Louisiana and does not have any employees there. *Id.* Princeton does not advertise to residents of Louisiana, nor does it solicit business from Louisiana residents. *Id.*

None of the allegations of Plaintiffs' First Amended Complaint contradict the undisputed facts set forth above. *Id.* Also, no Chinese drywall actions are, or have ever been, pending against Princeton in a federal court, other than the above-styled action in the Eastern District of Louisiana.

## III.     DISCUSSION.

It is the plaintiff's burden to prove personal jurisdiction over the defendant. *Travelers Indemnity Co. v. Calvert Fire Ins. Co.*, 798 F.2d 826, 831 (5th Cir. 1986). In diversity actions, the law of the foreign state, subject to constitutional limitations imposed by the due process clause, controls the ability of a district court to exercise personal jurisdiction over non-resident defendants. *Harper Macleod Soliciters v. Keaty & Keaty*, 260 F.3d 389, 396 (5th Cir. 2001).

A federal court sitting in diversity applies a two-step test to determine whether or not it has personal jurisdiction over a defendant: (1) is the defendant amenable to service under the forum state's long-arm statute, and (2) does the assertion of jurisdiction comport with due process under federal law? *Standard Fittings Co. v. Sapag*, 625 F.2d 630, 636 (5th Cir. 1980).

Thus, this Court sitting in diversity must look first to Louisiana state statutes governing jurisdiction, then to federal precedent outlining due process constraints on personal jurisdiction, to determine if it may properly exercise jurisdiction over Princeton in this action.

### A.     **Personal Jurisdiction Does Not Exist Under Louisiana's Long-Arm Statute.**

Subsection B of the Louisiana Long-Arm Statute reads: " . . . a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States." La.Rev.Stat. Ann. §13:3201 (1987). This statute ensures that the long-arm jurisdiction of a Louisiana court extends only to the limits permitted by the Due Process Clause of the Fourteenth Amendment. *Superior Supply Co. v. Associated Pipe and Supply Co.*, 515 So. 2d 790, 792 (La. 1987). According to the Supreme Court of Louisiana, the

addition of this subsection obviated the need for any inquiry into the propriety of jurisdiction beyond one simple step: an analysis of constitutional due process requirements. *First Guaranty Bank of Hammond v. ALAS*, 515 So.2d 1080, 1083 (La. 1987).

For the exercise of jurisdiction under the Long-Arm Statute to be constitutionally permissible, the defendant's contacts with the forum must either be continuous and systematic in nature, or the cause of action must arise out of the defendant's minimum contacts with the forum. *First Guaranty Bank of Hammond*, 515 So.2d at 1084 (*citing McGee v. Int'l. Life Ins. Co.*, 355 U.S. 220 (1985)); *Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408 (1984).

In the instant matter, Princeton does not maintain the amount, frequency, or nature of contacts with Louisiana necessary to satisfy the minimum contacts. In fact, it does not have any contacts with Louisiana.

Because Plaintiffs have not alleged contacts between Princeton and Louisiana and because Princeton has affirmatively shown that it does not do business in Louisiana such that it could reasonably foresee the possibility of facing litigation within this forum, there is no basis consistent with due process for this Court to assert personal jurisdiction over Princeton.

### B. Personal Jurisdiction Cannot be Maintained Over Princeton Consistent With Due Process and the Controlling Case Law.

A non-resident defendant is not subject to the jurisdiction of this Court unless it has sufficient "minimum contacts" with the State of Louisiana, and maintaining the suit does not offend "traditional notions of fair play and substantial justice." *Dalton v. R&M Marine, Inc.*, 897 F. 2d 1359, 1361 (5th Cir. 1990)(*citing International Shoe v. Washington*, 326 U.S. 310, 316 (1945)); *LaRocca's Auto Sales Floorplan, Inc. v. Shelton*, No. 09-CA-143 2009 WL 3447606 at *2, (La. App. 5th Cir. Oct. 27, 2009). There are two components to the due process test: "minimum contacts" and

"traditional notions of fair play and substantial justice." *Asarco, Inc. v. Glenara Ltd.*, 912 F.2 2d 784, 786 (5th Cir. 1990).

In *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784 (5th Cir. 1990), the Fifth Circuit Court of Appeals identified two categories of minimum contacts which give rise to personal jurisdiction over a non-resident defendant – general jurisdiction and specific jurisdiction. Louisiana has general jurisdiction over a defendant when the defendant has "continuous and systematic contacts" with the state. *Asarco*, 912 F. 2d at 786. Specific jurisdiction arises when the suit is derived from, or related to, the defendant's purposeful contacts with the forum state. *Asarco*, 912 F.2d at 786 (*citing Dalton v. R&W Marine, supra*, 897 F.2d at 1361-1362); *Helicopteros v. Nacianales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).

Princeton has affirmatively established that it does not have minimum contacts with the State of Louisiana because it has not purposely availed itself of the privilege of conducting business in Louisiana. *See* Exhibit "A". The United States Supreme Court has held that "[i]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus evoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)(citing *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)).

Because Princeton does not maintain offices in Louisiana, does not solicit business from Louisiana residents, and does not hold a license or any authority from the State of Louisiana to conduct its business there, Princeton does not have the continuous and systematic contacts necessary to support general jurisdiction over it in Louisiana. *See Travelers*, 798 F.2d at 832 (*citing Helicopteros*, 466 U.S. at 412).

Further, this Court cannot exercise personal jurisdiction over Princeton on the basis of specific jurisdiction, which must arise from some act or omission of Princeton that is connected to the forum. *Id.* The only involvement of Princeton alleged in the First Amended Complaint is the building of three homes in Florida which allegedly contain Chinese drywall. That cannot serve as a basis of specific jurisdiction as the construction of the home has no connection with Louisiana. *See Louis Drefus Corp. v. Inter-Industry Ins. Co.*, 723 F.Supp. 375, 379-380 (E.D. La. 1989). Therefore, personal jurisdiction in this Court over Princeton cannot exist consistent with the boundaries and requirements of due process.

Finally, there are no matters pled in the First Amended Complaint by which the exercise of personal jurisdiction over Princeton would comport with "traditional notions of fair play and substantial justice." *International Shoe v. Washington*, 326 U.S. 310, 316 (1945). Princeton has demonstrated that it does not have any contacts with the State of Louisiana, either generally or in relation to the matters pled in the First Amended Complaint, which would allow the exercise of personal jurisdiction over Princeton consistent with due process.

### C. The Claims Against Princeton Are Improperly In This Court Because The Conditions Of 28 U.S.C. §1407 For Multidistrict Litigation Have Not Been Satisfied.

The purpose of 28 U.S.C. §1407 is to provide for efficiency and convenience of both the court and the parties involved in litigation involving common questions of fact across multiple district courts. The statute provides

> When civil actions involving one or more common questions of fact are pending in <u>different districts</u>, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.

28 U.S.C. §1407 (emphasis added).

Importantly, before a case can be transferred to the instant multidistrict litigation ("MDL"), it must first be pending in a different district court. Then, upon motion of a party, or on the court's own initiative, the pending case may be transferred to the MDL. *Id.* Here, Princeton was not a party to a pending district court action related to Plaintiffs' Chinese drywall claims asserted herein. Further, because there was not such a pending district court case against Princeton, nothing was transferred to the MDL. Instead, the first time Princeton was sued in federal court related to Chinese drywall claims was in this action.

Because the conditions of 28 U.S.C. §1407 were not satisfied, the claims against Princeton are not properly brought in the MDL and such claims must be dismissed.

### D.  Class Action Status Does Not Change The Personal Jurisdiction Requirements.

The Louisiana Eastern District has refused to alter its jurisdictional analysis based on the existence of a class-action claim. *See In Re: Train Derailment Near Amite, Louisiana, On October 12, 2002*; 2004 WL 224573 (E.D. La., Feb. 3, 2004). In that case, the plaintiff sued two railroad defendants in an action arising out of a train derailment in Louisiana. *Id.* at *1. The plaintiff asserted both individual and class claims. The defendant asserted that it was not amenable to suit in Louisiana.

Opposing the defendant, the plaintiff asserted that the Motion to Dismiss should be denied or deferred because, "the Court has recently certified a class in this matter changing the procedural paradigm from one of multidistrict litigation to a class action." *Id.* at *1. After performing a jurisdictional analysis, the Court concluded: "Finally, this Court is unpersuaded that the certification of a class in this case has any bearing on [the defendant's] motion to dismiss for lack of personal

jurisdiction. The personal jurisdiction determination depends solely on the defendant's conduct in and contacts with the forum state." *Id.* at *3.

### IV. **VENUE IS IMPROPER IN THIS FORUM UNDER 28. U.S.C. §1391.**

Plaintiffs allege that venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1)-(2) and (c), and 28 U.S.C. §1407 because a significant number of the absent class members reside in this jurisdiction and a substantial amount of the events giving rise to the allegations occurred in this District. (Complaint, ¶3) A plaintiff bears the burden of proving his choice of venue is proper. *See Thompson v. State of Georgia*, Civ. A. No. 08-1172, 2008 WL 4909421, *1 (W.D. La.Oct. 15, 2008)(citing *Smith v. Fortenberry*, 903 F.Supp. 1018, 1019-20 (E.D. La. 1995). When venue is improper, a Court shall either dismiss the action or, "in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. §1406(a).

By Plaintiff's own admissions and allegations, Princeton is not a resident of the State of Louisiana. (Complaint, §630). Further, none of the events involving Princeton occurred in Louisiana. The purchase contract was signed, and the home was constructed, in Florida. As such, venue is improper here. *Fortenberry*, 903 F. Supp. at 1020; *Francis v. E-Z-Bus, Inc.*, Civ.A. No. 05-6905, 2006 WL 90176 *1 (E.D. La. April 7, 2006).

Importantly, neither a "substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated" in this judicial district. 28 U.S.C. §1391(a)(2).

### V. **CONCLUSION.**

For all of the foregoing reasons, the claims against Princeton asserted in the First Amended Complaint are due to be dismissed for lack of personal jurisdiction and improper venue.

Respectfully submitted.

PAGE, MRACHEK, FITZGERALD & ROSE, P.A.
505 South Flagler Drive, Suite 600
West Palm Beach, FL 33401
(561) 655-2250 Telephone
(561) 655-5537 Facsimile
e-mail: lmrachek@pm-law.com
Counsel for Princeton Homes


By:     *s/L. Louis Mrachek*
        L. Louis Mrachek
        Florida Bar No. 182880

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 11, 2010, the above and foregoing Memorandum of Law in Support of Princeton's Motion to Dismiss Plaintiffs' Amended Omnibus Class Action Complaint (IV) for Lack of Personal Jurisdiction and Improper Venue has been served upon all parties by electronically uploading the same to *LexisNexis File and Serve*, in accordance with Pre-Trial Order #6, and that the foregoing was electronically filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

                                              */s/ L. Louis Mrachek*
                                              L. Louis Mrachek