### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL | * | MDL NO. 2047 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION: L |
| | * | |
| | * | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | * | |
| PAUL CLEMENT AND CELESTE | * | |
| SCHEXNAYDRE CLEMENT v. KPT, et al., | * | MAG. JUDGE |
| Case No. 2:09-cv-7628 (E.D. La.)  and | * | WILKINSON |
| JOHN CAMPBELL v. KPT, et al., | * | |
| Case No. 2:09-cv-7628 (E.D. La.) | * | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### PLAINTIFFS' OPPOSITION TO DEFENDANT'S JURY VERDICT FORM

NOW INTO COURT, through undersigned counsel, comes the Plaintiffs' Steering Committee, and respectfully submits this opposition to the Jury Verdict Form submitted by counsel for Knauf Plasterboard (Tianjin) Co., Ltd.  Plaintiffs' Steering Committee suggests that the Jury Interrogatories it submitted are more appropriate to the issues for trial and less confusing and cumbersome for the jury.  Plaintiffs submitted a single Jury Verdict Form (Items 1 – 14); defendant submitted separate forms for the Clement and Campbell plaintiffs.  This memorandum will address defendant's submission seriatim and compare plaintiffs' form with defendant's form.

Items 1, 2, and 3 of defendant's proposal address the Clement family home and separate the repairs to the first floor from repairs to the second floor in a way that suggests the result defendant seeks.  These items specifically separate the repairs to the floors and signal for the jury that these items should be treated differently.  The issue of what repairs are required for the entire Clement home is the question for the jury to decide, and no suggestion should be made in the Jury Verdict Form regarding separate treatment of the different floors in the home.

Items 1 and 2 of plaintiffs' proposed Jury Verdict Form, on the other hand, makes no distinction between the first and second floor and allows the jury to decide what repairs are appropriate and what amount to award for those repairs.   It includes the relevant causation question without signaling to the jury that causation is somehow an extra requirement for damage on the second floor, as is suggested in Item 2 of the defendant's proposed form.

The damage amounts awarded in the defendant's proposed form is stated in terms of dollars per square foot.   This methodology unnecessarily limits the jury's options in assessing damages.   The expert reports and arguments may be stated both in terms of a specific dollar amount and in dollars per square foot.   The option of which methodology is used to determine damages should be left to the jury.

Item 4 of defendant's proposed form again is overly complicated and suggests additional requirements to the jury beyond that which the law requires.   The question of stigma damages or reputation for having had Chinese Drywall does not require repair before it is decided, is not speculative as to whether it will occur in the future, is unrelated to whether it was Knauf's drywall, and does not require them to sell the property.   The separate and overly complicated parts of the proposed verdict form suggest each of these items.   Plaintiffs' Items 3 and 4 address the stigma reputation issue simply, leaving the discretion to the jury to decide what is required for that item of damage.

The remainder of plaintiffs' objection to defendant's proposed jury form for the Clement family home relates to what it does not contain.   The Clement family brings claims for personal property (including electronics and appliances) damaged by the Chinese Drywall (Items 5 and 6 of Plaintiffs' Proposed Jury Verdict Form); and for moving out and back in, storage of their personal property, and rental of another home while their home is being repaired (Items 7 and 8

of Plaintiffs' Proposed Jury Verdict Form).  Neither is included in defendant's proposed form,

and both represent recoverable damages for this trial.

Defendant proposes a similar form for the Campbell property.  For the same reasons

plaintiffs object to the defendant's proposed form and suggest that plaintiffs' form is clearer and

more simple.

Specifically, Items 1, 2, and 3 of the defendant's proposed form for the Campbell

property separates the repairs to the areas known to have contaminated drywall from the rest of

the property.  This distinction may be even more significant to the Campbell property because of

the scattered nature of contaminated drywall in that property and again suggests the result

defendant seeks.  These items specifically separate the repairs to the exact measurements of the

contaminated drywall and signal for the jury that these items should be treated differently.  The

issue of what repairs are required for the entire Campbell property is the question for the jury to

decide, and no suggestion should be made in the Jury Verdict Form regarding separate treatment.

Items 9 and 10 of plaintiffs' proposed Jury Verdict Form, on the other hand, makes no

distinction between the specific areas that contained contaminated drywall and allows the jury to

decide what repairs are appropriate and what amount to award for those repairs.  It includes the

relevant causation question without signaling to the jury that causation is somehow an extra

requirement for damage in areas that may be as close as a few feet or as far as a room away from

contaminated drywall, as is suggested in Item 2 of the defendant's proposed form.

Again, the damage amounts awarded in the defendant's proposed form is stated in terms

of dollars per square foot.  This methodology unnecessarily limits the jury's options in assessing

damages.  The expert reports and arguments may be stated both in terms of a specific dollar

amount and in dollars per square foot.  The option of which methodology is used to determine damages should be left to the jury.

Items 4 and 5 of defendant's proposal and Items 13 and 14 of plaintiffs' proposal address the issue of lost rental income as a result of the contaminated drywall.  The proposals are very similar, except that defendant's proposal refers to Campbell instead of John Campbell.  Plaintiffs suggest that their language is more appropriate.

Finally, Item 6 of defendant's proposed form regarding the Campbell property relates to the stigma or reputation damages.  For the reasons stated above, this Item overly complicates the issue.  Moreover, again it contains reference to KPT drywall.  Whether it was KPT or another brand of Chinese Drywall, the stigma or reputation attaches.  The stigma issue is whether the house has a reputation for having had Chinese Drywall.  Plaintiffs' Items 11 and 12 are more appropriate.

Plaintiffs submit that their proposed Jury Verdict Form is more simple, covers all of the damages to be addressed by the jury, and does not attempt to add additional requirements to the proof.  Thus, the Court should accept Plaintiffs' Proposed Jury Verdict Form.

Dated: June 11, 2010                         Respectfully submitted,


                                             s/Andrew A. Lemmon_____
                                             ANDREW A. LEMMON (#18302)
                                             IRMA L. NETTING (#29362)
                                             LEMMON LAW FIRM, L.L.C.
                                             P.O. Box 904
                                             Hahnville, LOUISIANA 70057
                                             (985) 783-6789 Telephone
                                             (985) 783-1333 Facsimile
                                             andrew@lemmonlawfirm.com

/s/ Leonard A. Davis
Russ M. Herman, Esquire
Leonard A. Davis, Esquire
Stephen J. Herman, Esquire
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin
Fred S. Longer
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

Christopher Seeger
Jeffrey S. Grand
Seeger Weiss, LLP
One William Street
New York, NY 10004
212-584-0700 (phone)
212-584-0799 (fax)
cseeger@seegerweiss.com

## PLAINTIFFS' STEERING COMMITTEE

| | |
|---|---|
| Dawn M. Barrios<br>701 Poydras Street<br>Suite 3650<br>New Orleans, LA  70139<br>PH:  (504) 524-3300<br>Fax:  (504) 524-3313 | Daniel E. Becnel, Jr.<br>425 W. Airline Highway<br>Suite B<br>LaPlace, LA  70068<br>PH:  (985) 536-1186<br>Fax:  (985) 536-6445 |
| Victor M. Diaz<br>25 Flagler Street<br>8th Floor<br>Miami, FL  33130<br>PH:  (305) 358-2800<br>Fax:  (305) 358-2382 | Ervin Amanda Gonzalez<br>255 Aragon Avenue<br>Cora Gables, FL  33134<br>PH:  (305) 476-7400<br>Fax:  305) 476-7444 |
| Ben Gordon<br>316 S. Baylen Street<br>Suite 600<br>Pensacola, FL  32502<br>PH:  (850) 435-7090<br>Fax:  (850) 436-6091 | Hugh P. Lambert<br>701 Magazine Street<br>New Orleans, LA  70130<br>PH:  (504) 581-1750<br>Fax:  (504) 529-2931 |
| Jerrold Seth Parker | Gerald E. Meunier<br>2800 Energy Centre<br>1100 Poydras Street |

| | |
|---|---|
| 3301 Bonita Beach Road<br>Bonita Springs, FL 34134<br>PH: (239) 390-1000<br>Fax: (239) 390-0055<br><br>Christopher Seeger<br>One William Street<br>New York, NY 10004<br>PH: (212) 584-0700<br>Fax: (212) 584-0799<br><br>Scott Weinstein<br>12800 University Drive<br>Suite 600<br>Ft. Myers, FL 33907<br>PH: (239) 433-6880<br>Fax: (239) 433-6836 | New Orleans, LA 70163-2800<br>PH: (504) 522-2304<br>Fax: (504) 528-9973<br><br>James Robert Reeves<br>160 Main Street<br>Biloxi, MS 39530<br>PH: (228) 374-5151<br>Fax: (228) 374-6630<br><br>Bruce William Steckler<br>3102 Oak Lawn Ave.<br>Suite 1100<br>Dallas, TX 75219<br>PH: (214) 523-6674<br>Fax: (214) 520-1181 |

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Richard S. Lewis<br>HAUSFELD LLP<br>1700 K Street, N.W.<br>Suite 650<br>Washington, DC 20006<br>Phone: (202) 540-7200<br>Fax: (202) 540-7201<br>rlewis@hausfeldllp.com<br><br>Daniel K. Bryson<br>Lewis & Roberts<br>3700 Glenwood Avenue, Suite 410<br>Raleigh, NC 27612<br>Phone: (919) 981-0191<br>Fax: (919) 981-0431<br>dkb@lewis-roberts.com | Jeremy W. Alters<br>Alters, Boldt, Brown, Rash & Culmo, P.A.<br>4141 N.E. 2nd Avenue<br>Suite 201<br>Miami, FL 33137<br>Phone: (305) 571-8550<br>Fax: (305) 571-8559<br>jeremy@abbrclaw.com<br><br>Richard J. Serpe, Esquire<br>Law Offices of Richard J. Serpe<br>Crown Center, Ste. 310<br>580 East Main Street<br>Norfolk, VA 23510-2322<br>rserpe@serpefirm.com |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing Plaintiffs' Opposition to Defendant's Jury Verdict Form has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the

Clerk of Court for the Eastern District of Louisiana by using CM/ECF System which will send a

notice of electronic filing in accordance with the procedures established in MDL 2047, on this

11th day of June, 2010.

         _/s/ Leonard A. Davis_____
         Leonard A. Davis
         Herman, Herman, Katz & Cotlar, LLP
         820 O'Keefe Ave.
         New Orleans, LA  70113
         PH:  (504) 581-4892
         Fax:  (504) 561-6024
         ldavis@hhkc.com

         s/Andrew A. Lemmon_____
         ANDREW A. LEMMON (#18302)
         IRMA L. NETTING (#29362)
         LEMMON LAW FIRM, L.L.C.
         P.O. Box 904
         Hahnville, LOUISIANA 70057
         (985) 783-6789 Telephone
         (985) 783-1333 Facsimile
         andrew@lemmonlawfirm.com

         *Attorneys for Paul and Celeste Clement*