IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL | * | MDL NO. 2047 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION: L |
| | * | |
| | * | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | * | |
| PAUL CLEMENT AND CELESTE | * | |
| SCHEXNAYDRE CLEMENT v. KPT, et al., | * | MAG. JUDGE |
| Case No. 2:09-cv-7628 (E.D. La.)  and | * | WILKINSON |
| JOHN CAMPBELL  v. KPT, et al., | * | |
| Case No. 2:09-cv-7628 (E.D. La.) | * | |
| | * | |

------------------------------------------------------------------------

## MOTION IN LIMINE

**I.   INTRODUCTION**

In anticipation of trial that begins June 21, 2010, the Plaintiffs' Steering Committee moves this Honorable Court for an order *in limine* limiting the testimony of defense lay witness Bruce Fuselier to those items permitted pursuant to Federal Rule of Evidence 701.

Plaintiffs are informed that Bruce Fuselier will be called by defendants at trial to testify regarding his observations and estimates for work at the Clement and Campbell properties that are the subject of the upcoming trial.  Although Mr. Fuselier testified as an expert plumber at the Hernandez trial, he has not submitted an expert report for the current trial and did not offer any expert testimony at his deposition.  This motion is filed to limit Mr. Fuselier's testimony to the specific physical observations he made with respect to the Clement or Campbell properties and the estimates that he proffered to perform a specific project, as requested by Dr. Householder.[1] He should not be permitted to offer opinions about the chemistry of the corrosion, its likelihood

---

[1] Mr. Fuselier's estimate is attached hereto as Exhibit A.

to continue after the Chinese Drywall is removed, or any appropriate methodology for cleaning such corrosion or tarnish.

## II. MR. FUSELIER'S TESTIMONY MUST BE LIMITED TO OPINIONS PERMITTED UNDER FEDERAL RULE OF EVIDENCE 701.

Federal Rule of Evidence 701, which governs lay opinion testimony, provides: If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences that are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.[2]  In addition, the Fifth Circuit has laid out three prerequisites for the admission of lay opinion testimony: (1) the witness must have "personal knowledge of the facts from which the opinion . . . derive[s]"; (2) "a 'rational connection' must exist between the opinion and the facts upon which it is based; or put another way, 'the opinion … must be one that a normal person would form from those perceptions'"; (3) "'the opinion … must be helpful, either in understanding the testimony or in determining a fact in issue.'"[3]

Mr. Fuselier's deposition was taken on June 8, 2010 and is attached as Exhibit B.  In his deposition, Mr. Fuselier admits that the sole purpose for which he was hired for the Clement/Campbell trial was to look at the piping and air conditioning units at the properties, report what he observed, remove sections of copper water piping, and to give an estimate to replace specific items that others determined needed replacement  (Page 38.19-41.14).

---

[2] Price v. Wal-Mart Stores, Inc., 2009 U.S. Dist. LEXIS 5489, 5-7 (W.D. La. Jan. 26, 2009).
[3] Soden v. Freightliner Corp., 714 F.2d 498, 511 (5th Cir. 1983) (quoting Lubbock Feed Lots Inc. v. Iowa Beef Processors, 630 F.2d 250, 263 (5th Cir. 1980)).

Mr. Fuselier freely admits that he is not an expert in corrosion (Page 6.24-7.2). Nevertheless, he states that he can testify about corrosion on plumbing due to his many years of experience (Page 7.23-8.3). A further analysis of his corrosion experience, however, reveals that it has nothing to do with copper sulfide corrosion, as in the present case (Page 14.14-14.24). His work with any type of acid, which he believes is the cause of the corrosion on the plumbing (which he calls tarnish), was with muriatic acid. He does not know the related properties of these two acids (Page 10.19-10.22).

He then goes on in an attempt to state that the plumbing in the properties was tarnished but not corroded, that the pipes were not effected (Page 9.11-9.22), and that he believed the tarnish came off when he handled the pipe (Page 11.14-11.18). He did not perform any testing on the pipes (Page 11.19-11.21), he does not know whether corrosion that he could not see actually remained on the pipes, and he has not seen the results of anyone else's testing (Page 11.22-12.15). As such, he is not capable of rendering an opinion as to whether the pipes were effected (Page 14.18-14.24). Moreover, this proferred testimony is beyond the scope of this witness' observation as a lay witness and would be beyond his expertise if he was offered as an expert. His testimony should be limited to his observation of the samples he harvested and his estimate of the cost he would charge to perform certain specified work.

He also stated an opinion that the "type of airborne that was getting on the pipe, once you remove it from the premises, it does not come back" (Page 15.24-16.13). This opinion should not be allowed because he has no experience with copper sulfide corrosion, as discussed above. He admits that he has never seen whether the corrosion continues after the Chinese Drywall is removed (Page 17.5-17.9).

Mr. Fuselier testified that cleaning the pipes by wiping them off is all that is needed, and that even that really was not necessary (Page 28.24-30.8; 30.12-30.18, 31.10-31.12). This opinion is not based on knowledge of the particular corrosion that is at issue in this case and should not be allowed.

He offered an opinion that the corrosion was actually a film limited to the surface of the pipe that was deposited by the fumes emitted by Chinese Drywall, while at the same time admitting that he knew nothing of the chemical composition of the substance (Page 45.13-46.15). He then admitted that a chemist would be required to answer those questions (Page 46.16-47.1).

With respect to the HVAC system, Mr. Fuselier was asked only to give an estimate as to the cost of performing certain specific work (Page 49.1-49.10) and that he would not comment on estimates rendered by others. (Page 65) He should be limited to that testimony.

The elements laid out in Rule 701 are not satisfied with respect to Mr. Fuselier's proposed testimony regarding copper sulfide and its effects on piping or air conditioning units. As noted above, the three prerequisites for the admission of lay opinion testimony are: (1) the witness must have "personal knowledge of the facts from which the opinion . . . derive[s]"; (2) "a 'rational connection' must exist between the opinion and the facts upon which it is based; or put another way, 'the opinion … must be one that a normal person would form from those perceptions'"; (3) "'the opinion … must be helpful, either in understanding the testimony or in determining a fact in issue. He has no personal knowledge regarding copper sulfide or its effect on piping or air conditioning units. Because he has no knowledge of this chemical and its effects, there can be no rational connection between his opinion and the facts. Accordingly, his testimony could not be helpful in any way to the jury to determine a fact in issue.

## II.  DEFENDANTS CANNOT USE FED. R. EVID. 701 AND MR. FUSELIER'S PROPOSED TESTIMONY TO CIRCUMVENT FED. R. EVID. 702.

As is clearly set forth by Rule 701(c), a witness who is not designated and admitted as an expert can only give opinion testimony when that testimony is not "not based on scientific, technical, or other specialized knowledge … [.]"

The comments to the 2000 amendments to Rule 701 explain that the Rule was amended to prevent the circumvention of scheduling orders, Rule 702, and other requirements imposed on expert witnesses by attempting to introduce expert opinion through a lay witness: Rule 701 has been amended to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing. Under the amendment, a witness' testimony must be scrutinized under the rules regulating expert opinion to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702.[4]  By channeling testimony that is actually expert testimony to Rule 702, the amendment also ensures that a party will not evade the expert witness disclosure requirements set forth in Fed. R. Civ. P. 26 by simply calling an expert witness in the guise of a layperson.[5]  Evasion of the expert witness requirements by "simply calling an expert witness in the guise of a layperson" is precisely what defendants have attempted to accomplish with its use of Mr. Fuselier's proposed testimony regarding copper sulfide, its properties, the chemistry of the corrosion, its effect on the piping and air conditioning units in the subject properties, its likelihood to continue after the Chinese Drywall is removed, or

---

[4] *See generally* Asplundh Mfg. Div. v. Benton Harbor Eng'g, 57 F.3d 1190 (3d Cir. 1995).
[5] *See* Joseph, *Emerging Expert Issues Under the 1993Disclosure Amendments to the Federal Rules of Civil Procedure*, 164 F.R.D. 97, 108 (1996) (noting that "there is no good reason to allow what is essentially surprise expert testimony." and that "the Court should be vigilant to preclude manipulative conduct designed to thwart the expert disclosure and discovery process").

any appropriate methodology for cleaning such corrosion or tarnish. This attempt directly conflicts with Rules 701 and 702 and should not be allowed.

The proposed testimony regarding copper sulfide is not within the comprehension of the average lay jury. It has often been suggested that although expert testimony is found in many types of litigation, it is more often than not dominating in the trial of an environmental matter. This is, in part, because questions involving the environment are particularly prone to uncertainty. It is also, in part, due to the judicial system's view that an expert is needed to testify as to matters beyond the average layman's comprehension. Certainly, the complexities of environmental litigation fall into that category more often than not.[6] Stated another way, the scientific knowledge of environmental expert witnesses is absolutely essential to assist the trier of fact to understand the evidence and determine facts at issue.[7] As such, the use of expert witnesses regarding environmental issues is not only routine, but indispensable.[8]

Here, there are several facts at issue regarding the effects of copper sulfide on the properties. For instance, in assessing this claim, the trier of fact will be called upon to consider the existence, nature, and extent of contamination at the Clement and Campbell properties, the necessity for environmental remediation or cleanup, and the reasonable cost of any required environmental remediation or cleanup. The testimony of environmental experts is absolutely necessary to assist the trier of fact in its determination of these issues.

The simple fact of the matter is that defendants have not proffered Mr. Fuselier as an expert and any attempt to elicit testimony from him regarding the copper sulfide would directly

---

[6] Kimberly C. Harris, *Use and Examination of Experts in Environmental Litigation*, 50 AM. JUR.TRIALS 471 § 3 (2009).
[7] *See* FED. R. EVID. 702.
[8] *See, e.g., Coliseum Square Ass'n, Inc. v. Jackson*, 465 F.3d 215, 236 (5th Cir. 2006) (implicitly recognizing the necessity of environmental experts); *Licciardi v. Murphy Oil U.S.A., Inc.*, 111 F.3d 396, 399-400 (5th Cir. 1997) (same).

contradict the letter and spirit of Federal Rules of Evidence 701 and 702, as well as <u>Daubert</u> and its progeny.[9]

### IV.  CONCLUSION

Therefore, Plaintiffs Steering Committee moves *in limine* for an Order limiting Mr. Fuselier's testimony to those opinions permitted under Rule 701.  His testimony should be limited to his personal observations of the samples he harvested and the estimates he prepared, and only his estimates, for costs to perform certain work.  He should be precluded from offering any testimony regarding copper sulfide, its properties, the chemistry of the corrosion, its effect on the piping and air conditioning units in the subject properties, its likelihood to continue after the Chinese Drywall is removed, or any appropriate methodology for cleaning such corrosion or tarnish.

Respectfully submitted,

Dated: June 12, 2010         Respectfully submitted,

                                              s/Andrew A. Lemmon
ANDREW A. LEMMON (#18302)
IRMA L. NETTING (#29362)
LEMMON LAW FIRM, L.L.C.
P.O. Box 904
Hahnville, LOUISIANA 70057
(985) 783-6789 Telephone
(985) 783-1333 Facsimile
andrew@lemmonlawfirm.com

---

[9] It would be manifestly unfair to permit Mr. Fuselier to testify under the guise of a lay witness (1) when there has been no tender of an expert report; (2) when he has been deposed as a lay witness; and (3) when his qualifications have not been tested.

/s/ Leonard A. Davis
Russ M. Herman, Esquire
Leonard A. Davis, Esquire
Stephen J. Herman, Esquire
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin
Fred S. Longer
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

Christopher Seeger
Jeffrey S. Grand
Seeger Weiss, LLP
One William Street
New York, NY 10004
212-584-0700 (phone)
212-584-0799 (fax)
cseeger@seegerweiss.com

**PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Dawn M. Barrios<br>701 Poydras Street<br>Suite 3650<br>New Orleans, LA  70139<br>PH:  (504) 524-3300<br>Fax:  (504) 524-3313<br><br>Victor M. Diaz<br>25 Flagler Street<br>8th Floor<br>Miami, FL  33130<br>PH:  (305) 358-2800<br>Fax:  (305) 358-2382<br><br>Ben Gordon<br>316 S. Baylen Street<br>Suite 600<br>Pensacola, FL  32502<br>PH:  (850) 435-7090<br>Fax:  (850) 436-6091 | Daniel E. Becnel, Jr.<br>425 W. Airline Highway<br>Suite B<br>LaPlace, LA  70068<br>PH:  (985) 536-1186<br>Fax:  (985) 536-6445<br><br>Ervin Amanda Gonzalez<br>255 Aragon Avenue<br>Cora Gables, FL  33134<br>PH:  (305) 476-7400<br>Fax:  305) 476-7444<br><br>Hugh P. Lambert<br>701 Magazine Street<br>New Orleans, LA  70130<br>PH:  (504) 581-1750<br>Fax:  (504) 529-2931<br><br>Gerald E. Meunier<br>2800 Energy Centre |

| | |
|---|---|
| Jerrold Seth Parker<br>3301 Bonita Beach Road<br>Bonita Springs, FL  34134<br>PH:  (239) 390-1000<br>Fax:  (239) 390-0055<br><br>Christopher Seeger<br>One William Street<br>New York, NY  10004<br>PH:  (212) 584-0700<br>Fax:  (212) 584-0799<br><br>Scott Weinstein<br>12800 University Drive<br>Suite 600<br>Ft. Myers, FL  33907<br>PH:  (239) 433-6880<br>Fax:  (239) 433-6836 | 1100 Poydras Street<br>New Orleans, LA  70163-2800<br>PH:  (504) 522-2304<br>Fax:  (504) 528-9973<br><br>James Robert  Reeves<br>160 Main Street<br>Biloxi, MS  39530<br>PH:  (228) 374-5151<br>Fax:  (228) 374-6630<br><br>Bruce William Steckler<br>3102 Oak Lawn Ave.<br>Suite 1100<br>Dallas, TX  75219<br>PH:  (214) 523-6674<br>Fax:  (214) 520-1181 |

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Richard S. Lewis<br>HAUSFELD LLP<br>1700 K Street, N.W.<br>Suite  650<br>Washington, DC 20006<br>Phone: (202) 540-7200<br>Fax:  (202) 540-7201<br>rlewis@hausfeldllp.com<br><br>Daniel K. Bryson<br>Lewis & Roberts<br>3700 Glenwood Avenue, Suite 410<br>Raleigh, NC 27612<br>Phone: (919) 981-0191<br>Fax: (919) 981-0431<br>dkb@lewis-roberts.com | Jeremy W. Alters<br>Alters, Boldt, Brown, Rash & Culmo, P.A.<br>4141 N.E. 2nd Avenue<br>Suite 201<br>Miami, FL 33137<br>Phone: (305) 571-8550<br>Fax: (305) 571-8559<br>jeremy@abbrclaw.com<br><br>Richard J. Serpe, Esquire<br>Law Offices of Richard J. Serpe<br>Crown Center, Ste. 310<br>580 East Main Street<br>Norfolk, VA 23510-2322<br>rserpe@serpefirm.com |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing Plaintiffs' Motion in Limine to Defendant's Jury Verdict Form has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the

Clerk of Court for the Eastern District of Louisiana by using CM/ECF System which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 12th day of June, 2010.

  /s/ Leonard A. Davis_____
Leonard A. Davis
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Ave.
New Orleans, LA  70113
PH:  (504) 581-4892
Fax:  (504) 561-6024
ldavis@hhkc.com

s/Andrew A. Lemmon_____
ANDREW A. LEMMON (#18302)
IRMA L. NETTING (#29362)
LEMMON LAW FIRM, L.L.C.
P.O. Box 904
Hahnville, LOUISIANA 70057
(985) 783-6789 Telephone
(985) 783-1333 Facsimile
andrew@lemmonlawfirm.com

*Attorneys for Paul and Celeste Clement*