UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| IN RE: | CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * * * * | MDL Docket No. 2047 SECTION L JUDGE FALLON MAG. JUDGE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATED TO:** *Campbell-Clement/Schexnaydre v. Knauf Plasterboard (Tianjin) Co., Ltd, et al* Case No. 09-7628

### PLAINTIFFS' OPPOSITION TO KNAUF PLASTERBOARD (TIANJIN) CO., LTD'S MEMO IN SUPPORT OF ITS MOTION TO STRIKE AND/OR LIMIT THE EXPERT OPINION TESTIMONY OF PLAINTIFFS' EXPERT DEAN RUTILA

Knauf has filed a motion to strike or limit the expert testimony of Dean Rutila. This motion asserts an attack on the breadth of, and support for, Rutila's expert opinions. Rutila, as he had done in *Germano* and *Hernandez,* brings together multi-disciplinary data and opinions from his firm's laboratory, other laboratories, and the published literature to render his basic opinions on the characteristics of the Chinese Drywall ("CDW"), damage to the home caused by CDW, and the need for, and scope of repair. Rutila *Clement* Report, CDW-277-0005.[1] This Knauf motion is nearly identical to the one filed by Knauf in the *Germano* case. *See Germano* Memorandum in Support of Motion to Exclude Portions of Expert Report and Testimony of Dean Rutila (Doc. #854). Each motion is an attempt to exclude or limit Rutila testimony on off gassing, corrosion generally, corrosion of wires, appliances, and future risk. *Compare Germano* Doc. #854 at III A at 4-5 to *Clement* Doc. #3699 at 2. This Court having considered this same argument in *Germano* rejected it

---

[1] Rutila incorporates by reference his prior opinions and reports in *Germano* and *Hernandez.* CDW-277-0006.

as follows:

> The Court finds that Mr. Rutila served as the supervisor of the PSC's team of experts and has been retained to provide a "big picture" opinion as to the total effects of Chinese drywall on the seven homes. In this role, the Court concludes that Mr. Rutila is entitled to rely upon the opinions of other experts under Rule 702 of the Federal Rules of Evidence in rendering his own informed opinion.

Order and Reasons, Doc. #1090 at 8-9 (2/12/10).

Therefore, Plaintiffs request that this motion to exclude be summarily denied based on this Court's prior opinion.

If, however, the Court chooses to further consider this motion, Plaintiffs incorporate by reference their legal and factual arguments set forth in its opposition to the *Germano* motion, *see* Doc. #879, and further respond below.

### A.     Rutila Opinion on Remediation "air out" Period

Defendant specifically seeks to exclude Rutila's opinion on the air out period needed in the remediation after the CDW is removed and before the new drywall is installed. Defendant Memo at 8-9. As noted in Plaintiffs' *Germano* Memorandum, Rutila, a civil engineer with 30 years experience, has extensive experience with and, is a qualified expert in, home repair. Plaintiff *Germano* Opp. Memo (Doc. #879) at 3-4. The air out period is an element of the CDW home repair and thus the topic is well within Rutila's areas of expertise and experience. *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 592 (1993) ("[u]nlike an ordinary witness, … an expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation.") Further, this Court has already found the air out period of four weeks to be appropriate based on Mr. Rutila's opinion which is part of the record. *Hernandez* Findings of Fact

and Conclusions of Law ("FOFCOL") (Doc. # 2713) at 34 ("Plaintiffs' homes should be aired out up to 30 days to allow all odors and gases to be eliminated while the studs of the home are exposed."). Other Florida builders are also utilizing an air out period in their remediation protocol. *Germano* FOFCOL (Doc. #2380) at 53. Thus, any disagreement Knauf has with Rutila's air out opinion would go to the *weight* of his testimony not its admissibility. *Germano* Order, (Doc. #1090) at 9; *In re Katrina Canal Breaches Consul. Litigation,* 2010 WL 199843, *1 (E.D. La. Jan. 6, 2010) (Duval, J.). Similarly, this Court has already found Rutila qualified to render remediation opinions by citing his testimony extensively in the *Hernandez* and *Germano* FOFCOL. For these reasons the defendant motion should be denied.

### B. Rutila Opinion on Corrosion and Future Corrosion

Defendant seeks to exclude Rutila's corrosion opinions. Defendant Memo at 9, 10. This is a rehash of the argument Knauf made in *Germano*, Defendant *Germano* Memo (Doc. #854) at III B1, which the Court has already rejected. Once again, as a civil engineer specializing in building repair, Rutila is entitled to rely on the corrosion testing in his own laboratory, other experts' laboratories, and the published literature to support his corrosion opinions, *Daubert,* 509 U.S. at 592, including multi-disciplinary opinions relying in part on other experts, *Birdrell v. U.S.,* 346 F.2d 775, 779-80 (5th Cir. 1965); *see also* Plaintiff *Germano* Memo (Doc. #879) at p. 9-10 (citing cases). Furthermore, Rutila's methodology used to evaluate the corrosion tracks the established and accepted methodology used by Sandia National Laboratories, a leading engineering institution of the U.S. Government. Plaintiff Memo (Doc. #879) at 12-15. Rutila's opinions are not duplicative because he is applying the results of the corrosion experts' testimony to the question of the proper scope of remediation. Plaintiff Opposition (Doc. #879) at 17. For the above reasons, those stated in

Plaintiffs' *Germano* Opposition at p. 12-15, and the Court's *Germano* FOFCOL at p. 34-38, the motion should be denied.

### C.     Rutila Opinion on Wire

Defendant asserts that the Rutila opinions on function and safety of wire should be excluded. Defendant Memo at 10. This argument is another way of attacking Rutila's opinion on corrosion and the risk of ongoing corrosion, which as explained above in Section B, has already been admitted in *Germano* and *Hernandez* and is supported by laboratory testing and published literature. *Hernandez* FOFCOL (Doc. #2713) at 20-26; *Daubert,* 509 U.S. at 592. Thus, this motion should be denied.

### D.     Rutila Opinion on Appliances

Defendant argues that the Rutila opinion on appliances should be excluded. Defendant Memo at 12. This Rutila opinion is generally based on failure rates of electronics in corrosive environments as published in the literature, laboratory testing, observation of electronics from CDW homes, and other published literature; and specifically based on Rutila's observations of the *Clement* corroded refrigerator coil and the Clement coffee maker. This is a reliable basis for expert opinion, *Daubert,* 509 U.S. at 592; *Kumho Tire v. Carmichael,* 526 U.S. 137, 148-49 (1999). Defendant argues that these appliances were not mentioned in his report. This is incorrect, the refrigerator corrosion and coffee maker were identified in the Rutila report in the photo log, *see* CDW-277-0040 ("PMC-30 coffee maker"), and CDW 277-0051 (Photo No. 315, 316, 317, 318, and 319), and discussed in his deposition, Rutila Deposition (June 2, 2010) at 48(12) – 50(6), 74(24) – 76(16). The opinion about replacement of appliances is specifically supported by evidence of copper and silver corrosion of various electronic components from Rutila's laboratory and the laboratory of

Donald Galler; and thus is admissible.  *Hernandez* FOFCOL (Doc. #2713) at 31-32.

### E. Rutila Opinion on Electric Codes

Defendant challenges the Rutila opinion as to reliance on electric codes (Defendant Memo at 13) in making his remediation recommendation, Rutila *Clement* Report at CDW-277-0007.  The application of electric codes to the question of remediation of wires in a corrosive environment is a reasonable and relevant consideration.  As a civil engineer with 30 years experience in repair of buildings, it is within Rutila's experience to consider electric codes. *Rushing v. Kansas City Southern Ry. Co.,* 185 F.3d 496, 507 (5th Cir 1999); Plaintiff *Germano* Opposition (Doc. #879) at 11-12 (citing cases).  Furthermore, the Court has already found that the code is relevant, and remediation experts such as Rutila may rely on it.  *Hernandez* FOFCOL at 26-27.  Therefore, this motion should be denied.

In conclusion, Defendant's Motion to Strike and/or Limit the Expert Opinion Testimony of Plaintiffs' Expert Dean Rutila is redundant with its prior motion in *Germano,* which was denied.  It is moot in that the Court has made FOFCOL in *Germano* and *Hernandez* which undercut the argument, and Knauf has not provided any scientific evidence relevant to this motion, other than that in the prior record.  For the reasons stated above, the reasons stated in this Court's prior Order on the motion against Rutila, the FOFCOL from *Hernandez* and *Germano,* and the Plaintiffs' prior Opposition Memo (Doc. #879); this motion should be denied.

Dated: June 15, 2010

                          Respectfully submitted,

                          /s/ Leonard A. Davis_____
                          Russ M. Herman, Esquire
                          Leonard A. Davis, Esquire
                          Stephen J. Herman, Esquire
                          HERMAN, HERMAN, KATZ & COTLAR, LLP
                          820 O'Keefe Avenue
                          New Orleans, Louisiana 70113
                          Phone: (504) 581-4892
                          Fax: (504) 561-6024
                          Ldavis@hhkc.com
                          *Plaintiffs' Liaison Counsel*
                          *MDL 2047*

                          Arnold Levin, Esquire
                          Fred S. Longer, Esquire
                          LEVIN, FISHBEIN, SEDRAN & BERMAN
                          510 Walnut Street, Suite 500
                          Philadelphia, PA 19106
                          215-592-1500 (phone)
                          215-592-4663 (fax)
                          Alevin@lfsblaw.com
                          *Plaintiffs' Lead Counsel*
                          *MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Victor Manuel Diaz
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Aragon Avenue, 2nd Floor
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

| | |
|---|---|
| Christopher Seeger | Scott Wm. Weinstein |
| Seeger Weiss, LLP | Morgan & Morgan |
| One William Street | 12800 University Drive, Suite 600 |
| New York, NY 10004 | Ft. Meyers, FL 33907 |
| Phone: (212) 584-0700 | Phone: (239) 433-6880 |
| Fax: (212) 584-0799 | Fax: (239) 433-6836 |
| cseeger@seegerweiss.com | sweinstein@forthepeople.com |

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Richard S. Lewis (On the Brief) | Jeremy W. Alters |
| HAUSFELD LLP | Alters, Boldt, Brown, Rash & Culmo, P.A. |
| 1700 K Street, N.W | 4141 N.E. 2nd Avenue |
| Suite 650 | Suite 201 |
| Washington, DC 20006 | Miami, FL 33137 |
| Phone: (202) 540-7200 | Phone: (305) 571-8550 |
| Fax: (202) 540-7201 | Fax: (305) 571-8559 |
| rlewis@hausfeldllp.com | jeremy@abbrclaw.com |

| | |
|---|---|
| Daniel K. Bryson | Richard J. Serpe, Esquire |
| Lewis & Roberts | Law Offices of Richard J. Serpe |
| 3700 Glenwood Avenue, Suite 410 | Crown Center, Ste. 310 |
| Raleigh, NC 27612 | 580 East Main Street |
| Phone: (919) 981-0191 | Norfolk, VA 23510-2322 |
| Fax: (919) 981-0431 | rserpe@serpefirm.com |
| dkb@lewis-roberts.com | |

**CERTIFICATE OF SERVICE**

   I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 15th day of June 2010.

        /s/ Leonard A. Davis_____
        Leonard A. Davis, Esquire
        Herman, Herman, Katz & Cotlar, LLP
        820 O'Keefe Avenue
        New Orleans, Louisiana 70113
        Phone: (504) 581-4892
        Fax: (504) 561-6024
        Ldavis@hhkc.com
        Plaintiffs' Liaison Counsel
        MDL 2047