**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED | MDL NO.: 2047 |
| DRYWALL PRODUCTS LIABILITY | |
| LITIGATION | SECTION: L |
| | JUDGE FALLON |
| (This Document Relates to <u>Rogers et al, v. Knaupf Gips KG, et al</u>; Case No. 2:10-CV-0362) | MAG. JUDGE WILKINSON |

**DEFENDANT HOVSTONE PROPERTIES FLORIDA, LLC'S MEMORANDUM OF
LAW IN SUPPORT OF ITS MOTION TO DISMISS FOR
<u>LACK OF PERSONAL JURISDICTION</u>**

Defendant Hovstone Properties Florida, LLC, a dissolved Delaware corporation ("Hovstone"), hereby files this Memorandum of Law in Support of its Motion to Dismiss for Lack of Personal Jurisdiction filed contemporaneously herewith.

**INTRODUCTION**

On March 15, 2010, Joyce W. Rogers, individually, and on behalf of all others similarly situated, including Plaintiff, Ronald Joachim ("Plaintiff"), filed the Amended Omnibus Class Action Complaint (IV) (the "Complaint") against multiple Defendants, including Hovstone. The Complaint purports to assert multiple causes of action against Hovstone and demands a judgment for compensatory, statutory and punitive damages along with injunctive relief.

Because there is not a sufficient connection (or any connection for that matter) between Hovstone and the State of Louisiana to permit this Court's exercise of personal jurisdiction over Hovstone under Louisiana's long-arm statute or Constitutional Due Process requirements, the Complaint against Hovstone must be dismissed for lack of personal jurisdiction.

## LEGAL STANDARD

### A. Pleading Requirements

A plaintiff bears the burden of establishing personal jurisdiction over a non-resident defendant. *Kevlin Services, Inc. v. Lexington State Bank*, 46 F.3d 13, 14 (5th Cir. 1995). A plaintiff must allege facts in its complaint which are sufficient to establish personal jurisdiction over a non-resident defendant. *Caldwell v. Palmetto State Sav. Bank of South Carolina*, 811 F.2d 916, 917 (5th Cir. 1987). If a plaintiff's complaint fails to allege any basis for the court to exercise personal jurisdiction over a non-resident defendant, the court should dismiss the complaint against the non-resident defendant on that basis alone. *See e.g. Northlake Cardiology Associates, Inc. v. Alpha Gulf Coast, Inc.*, 1995 WL 739865 (E.D. La. 1995) (unpublished) (dismissing a complaint which failed to allege any basis for the court to exercise personal jurisdiction over some of the defendants).

If a plaintiff's complaint alleges that the court has personal jurisdiction over a non-resident defendant, the court must then resolve the jurisdictional issue by reviewing pleadings, affidavits, interrogatories, depositions, oral testimony, exhibits, any part of the record, and any combination thereof. *Command-Aire Corp. v. Ontario Mechanical Sales and Service Inc.*, 963 F.2d 90, 95 (5th Cir. 1992).

### B. Personal Jurisdiction Standard

A Federal court may exercise personal jurisdiction over a non-resident defendant *only* if two requirements are satisfied: (1) the forum state's long-arm statute confers personal jurisdiction; *and* (2) the exercise of jurisdiction does not exceed the boundaries of Due Process. *See Seiferth v. Helicopteros Atuneros, Inc.,* 472 F.3d 266, 270 (5th Cir. 2006); *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 418 (5th Cir. 1993) (citing *International Shoe*

*Co. v. Washington,* 326 U.S. 310, 316, (1945)); *Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002).

The Fifth Circuit has held that because the limits of Louisiana's long-arm statute are co-extensive with the limits of Constitutional Due Process, the inquiry is simply whether this Court's exercise of jurisdiction over a non-resident defendant would offend the Due Process Clause of the Fourteenth Amendment. *See Luv N' Care, LTD v. Insta-Mix, Inc.,* 438 F.3d 465, 469 (5th Cir. 2006); *see also Superior Supply Co. v. Assoc. Pipe & Supply Co.*, 515 So. 2d 790, 792 (La. 1987) ("If the assertion of jurisdiction meets the constitutional requirements of due process, the assertion of jurisdiction is authorized under the long-arm statute. The limits of Louisiana's long-arm statute and the limits of constitutional due process are now coextensive").

The Due Process Clause of the Fourteenth Amendment restricts a court's power to assert personal jurisdiction over a non-resident defendant to those circumstances where the defendant has meaningful "contacts, ties, or relations" with the forum state. *Luv N' Care*, 438 F.3d at 469 (citing *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 319, (1945)); *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 413-14 (1994) ("The Due Process Clause of the Fourteenth Amendment operates to limit the power of a State to assert *in personam* jurisdiction over a nonresident defendant").

Specifically, in order to establish a basis for jurisdiction over a non-resident defendant, a plaintiff must show that: (1) the defendant purposefully availed himself or herself of the benefits and protections of the forum state by establishing minimum contacts with the forum state; and (2) the exercise of personal jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009); *Moncrief Oil Intern. Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007).

The minimum contacts test takes two forms, which dictates the extent to which a court can exercise jurisdiction over a non-resident defendant. Where a defendant has continuous and systematic general business contacts with the forum state, the court may exercise *general jurisdiction* over any action brought against the defendant. *McFadin*, 587 F.3d at 759. Where contacts are less pervasive, the court may only exercise *specific jurisdiction* in a suit arising out of or related to the defendant's contacts with the forum. *Id*.

The Fifth Circuit has found that the continuous and systematic test for general jurisdiction "is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Submersible Sys., Inc. v. Perforadora Cent.,* 249 F.3d 413, 419 (5th Cir. 2001). Even repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction. *Johnston v. Multidata Systems Intern. Corp.*, 523 F.3d 602, 609-610 (5th Cir. 2008). Moreover, the contacts "must be reviewed in toto, and not in isolation from one another." *Id*.

For the specific jurisdiction test, courts consider: (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable. *Seiferth*, 472 F.3d at 271; *McFadin*, 587 F.3d at 759.

To meet this standard, a plaintiff must show that a non-resident defendant's purposeful availment was such that the non-resident defendant should have reasonably anticipated being "haled into court" in the forum state. *Ruston*, 9 F.3d at 419 (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, (1985)); *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476,

484 (5th Cir. 2008). In that regard, the Due Process Clause gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit. *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999) (citations and quotations omitted). As shown below, Plaintiff cannot establish personal jurisdiction over Hovstone either pursuant to the general jurisdiction test or the specific jurisdiction test.[1]

## ARGUMENT

### I. THE COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO ALLEGE ANY FACTS WHATSOEVER IN SUPPORT OF PERSONAL JURISDICTION OVER HOVSTONE

As a threshold matter, Plaintiff fails to meet his burden of alleging personal jurisdiction over Hovstone because Plaintiff has failed to plead <u>any</u> facts whatsoever which would support *in personam* jurisdiction over Hovstone. Indeed, the only factual allegations even remotely related to personal jurisdiction over Hovstone appear in paragraphs 529 and 596 of the Complaint and affirmatively negate the conclusion that personal jurisdiction is proper in this forum. These paragraphs are as follows:

> 529. Unless specifically stated to the contrary, all individual defendants are citizens of the state where they do business and **all entities are citizens of the state where they are organized**. For those entities, where the state of organization is not listed, it is

---

[1] The fact that a plaintiff's complaint is part of an MDL has absolutely no bearing on the traditional personal jurisdiction analysis which a court must undertake. *See In re Silica Products Liability Litigation,* 398 F.Supp.2d 563, 645 (S.D. Tex. 2005) ("The fact that these actions are collected in an MDL does not alter the normal jurisdictional rules"); *see also In re Showa Denko K.K. L-Tryptophan Products Liability Litigation-II*, 953 F.2d 162, 165-166 (4th Cir. 1992) (holding that the authority for consolidating cases on the order of the judicial panel on multi-district litigation is merely procedural and *does not* expand the jurisdiction of the district court where the cases are consolidated). In addition, the status of a plaintiff's complaint as a putative class action likewise has absolutely no effect on whether or not a court may exercise personal jurisdiction over a non-resident defendant. *See In re Train Derailment Near Amite, LA, on October 12, 2002,* 2004 WL 224573, 3 (unpublished) (E.D. La. 2004) ("The Court is unpersuaded that the certification of a class in this case has any bearing on [defendant's] motion to dismiss for lack of personal jurisdiction. The personal jurisdiction determination depends solely on the defendant's conduct in and contacts with the forum state").

5

>   asserted upon information and belief that the entity is incorporated and/or organized in the state of its principal place of business.
>
>   * * *
>
>   596. Defendant, Hovstone Properties of Florida, LLC is an entity or individual with a place of business at 3601 Quantum Boulevard, Suite 100, Boynton Beach, Florida 33426. **Defendant is organized under the laws of Florida.** Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

(Complaint ¶¶ 529, 596) (emphasis added).

Not a single allegation against Hovstone in the Complaint relates in any way to Louisiana. According to the Complaint, the only house allegedly built by Hovstone is not located in Louisiana (Complaint ¶ 515, listing the property as located in Florida), and the only identified Plaintiff who purportedly owns this house is a citizen of Florida. (*Id.*).

Plaintiff has thus failed to allege <u>any</u> contacts -- let alone the constitutionally required minimum contacts -- between Hovstone and the State of Louisiana that would permit the Court to exercise personal jurisdiction over Hovstone. For this reason alone, the Complaint must be dismissed against Hovstone for lack of personal jurisdiction.

**II.    THE COMPLAINT MUST BE DISMISSED BECAUSE THE EXERCISE OF PERSONAL JURISDICTION BY THIS COURT OVER HOVSTONE WOULD EXCEED THE BOUNDARIES OF DUE PROCESS**

   **A.    Hovstone's Lack of Contact with the State Of Louisiana**

Beyond the pleading deficiencies of the Complaint, Hovstone must be dismissed from this action for an even more fundamental reason. As set forth in the Affidavit of Mark S. Hodges, attached hereto as Exhibit "A", Hovstone has absolutely no contacts with the State of Louisiana, and has never had any contacts of any kind with the State of Louisiana. Specifically, Hovstone is a dissolved Delaware corporation and its principal place of business was in Florida.

(Hodges Aff. at ¶ 3). Hovstone never purchased or sold real property in Louisiana, never built a residence in Louisiana and never entered into any contracts or subcontracts with companies located or based in Louisiana. (Hodges Aff. at ¶ 4). To the contrary, all of Hovstone's business actions occurred exclusively in Florida.

Hovstone was never licensed or registered to do business in Louisiana, never had any offices or employees in Louisiana, and never had an agent for service of process in Louisiana. (*Id*. at ¶¶ 5, 6, 7). It never had any bank accounts in Louisiana or owned any property in Louisiana. (*Id*. at ¶ 8). It never solicited business in Louisiana, never transacted business in Louisiana or contracted to supply services or things in Louisiana, and also never directed any marketing activities toward Louisiana residents. (*Id*. at ¶¶ 9, 10). Hovstone never maintained a telephone line in Louisiana or kept a post office box or otherwise received mail in Louisiana, and never negotiated or performed any contract with any of the Plaintiffs in Louisiana. (*Id*. at ¶¶ 11, 12, 13). In short, once again, Hovstone never engaged in any business activities of any kind, in any respect, within or related to the State of Louisiana.

**B.     There Is No Basis to Exercise Specific Jurisdiction Over Hovstone**

Specific jurisdiction over Hovstone is inappropriate because: (1) Hovstone does not have and did not have *any* minimum contacts with the forum state; (2) the Plaintiff's causes of action do not arise out of or result from Hovstone's forum-related contacts; and (3) the exercise of personal jurisdiction over Hovstone would not be fair and reasonable under the circumstances.

> **i.     Plaintiff Has Failed To Establish That Hovstone Purposefully Directed Any Activities Toward Louisiana Or Purposefully Availed Itself Of The Privileges Of Conducting Activities In Louisiana**

Plaintiff fails to establish that Hovstone purposefully availed itself of the privilege of conducting activities in Louisiana, thus invoking the benefits and protections of Louisiana's

laws, and that Hovstone's purposeful availment was such that Hovstone should have reasonably anticipated being "haled into court" in Louisiana.

The Fifth Circuit has held that *some level of contact* with the forum state may still be insufficient to establish specific jurisdiction over a non-resident defendant. *Freudensprung v. Offshore Technical Services, Inc.*, 379 F.3d 327, 344 (5th Cir. 2004). Here, as more fully set forth above, Hovstone has ***absolutely no contacts*** with Louisiana. Based on the foregoing, Plaintiff has utterly failed to establish that Hovstone purposely directed its activities toward the State of Louisiana or purposefully availed itself of the privileges of conducting business in Louisiana. Accordingly, this Court cannot exercise specific jurisdiction over Hovstone.

> ii. **Plaintiff Has Failed To Establish That His Causes Of Action Against Hovstone Arise Out Of Or Relate To Hovstone's "Forum-related Contacts"**

To satisfy the second prong of the specific jurisdiction analysis, Plaintiff's causes of action must arise out of or relate to Hovstone's forum-related contacts. *Seiferth*, 472 F.3d at 271; *Stroman*, 513 F.3d at 487 ("The proper focus of the personal-jurisdiction analysis is on the relationship among the defendant, the forum, and the litigation"). As more fully set forth above, Hovstone has no contact whatsoever with the State of Louisiana. (*See generally* Hodges Aff.). Consequently, Plaintiff cannot possibly establish that his causes of action arise out of or relate to Hovstone's forum-related contacts.

> iii. **It Would Not Be "Fair and Reasonable" For This Court to Exercise Personal Jurisdiction Over Hovstone**

Because Plaintiff cannot possibly establish that: (1) Hovstone has minimum contacts with the forum state; and (2) that the Plaintiff's causes of action arise out of or result from Hovstone's forum-related contacts, this Court need not consider whether it would be unfair or unreasonable to exercise personal jurisdiction over Hovstone. *Seiferth*, 472 F.3d at 276 ("The third and final

MDL NO.: 2047 (Section: L) Fallon/ Wilkinson
(This Document Relates to Case No. 2:10-CV-0362)

step asks whether the exercise of personal jurisdiction is fair and reasonable. Because the district court determined that Camus did not have sufficient contacts with Mississippi to permit the exercise of personal jurisdiction, it did not reach the third step").

The fact that Hovstone has absolutely no contacts with Louisiana and that the alleged causes of action against Hovstone have absolutely nothing to do with Louisiana, by definition, precludes any notion that the exercise of personal jurisdiction over Hovstone would be "fair and reasonable."

### C.   There Is No Basis to Exercise General Jurisdiction Over Hovstone

As discussed above, the sole focus of the general jurisdiction inquiry is whether there are any continuous and systematic contacts between Hovstone and the State of Louisiana. Since Hovstone never maintained any contacts of any kind with Louisiana, no case can be made that Hovstone has the "continuous and systematic" contacts required for general jurisdiction. *See generally Helicopteros Nacionales de Colombia, S.A.,* 466 U.S. at 408; *Johnston*, 523 F.3d 602. As Hovstone has no contacts whatsoever with the State of Louisiana, an exercise of general jurisdiction over Hovstone offends the Due Process Clause.

### CONCLUSION

Based on the foregoing arguments and authorities, the Complaint must be dismissed, against Hovstone, for lack of personal jurisdiction.

MDL NO.: 2047 (Section: L) Fallon/ Wilkinson
(This Document Relates to Case No. 2:10-CV-0362)

Dated: June 15, 2010

Respectfully submitted,

BILZIN SUMBERG BAENA PRICE
& AXELROD LLP
Attorneys for Defendant Hovstone
2500 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Tel.: (305)374-7580   Fax: (305)374-7593

BY:   /s/ *Melissa Pallett-Vasquez*
ROBERT W. TURKEN, ESQ.
Florida Bar No. 306355
rturken@bilzin.com
ADAM F. HAIMO, ESQ.
Florida Bar No. 502731
ahaimo@bilzin.com
MELISSA PALLETT-VASQUEZ, ESQ.
Florida Bar No. 715816
mpallett@bilzin.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Memorandum of Law in Support of Hovstone's Motion to Dismiss For Lack of Personal Jurisdiction, has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 15th day of June, 2010.

By: /s/ *Melissa Pallett-Vasquez*
Melissa Pallett-Vasquez

MIAMI 2198361.1 7860333069