UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * * * * * * | MDL No. 2047<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *Germano, et al. v. Taishan Gypsum Co., Ltd., et al., Case No. 09-6687*

## MOTION ON CONSENT FOR EXTENSION OF TIME TO SUBMIT BRIEFING IN RESPONSE TO INTERVENING PLAINTIFFS' COUNSEL'S PETITION FOR FEES AND COSTS

Defendant Taishan Gypsum Co. Ltd. ("Taishan Gypsum"), with the consent of Plaintiffs' Liaison Counsel, pursuant to Rule 7.9 of the Local Rules of the U.S. District Court of the Eastern District of Louisiana, moves this Honorable Court to extend the time by which it must submit briefing in response to the Intervening Plaintiffs' Counsel's Petition for Fees and Costs ("Petition") from June 21, 2010 to July 7, 2010, and states in support of its motion:

1. Taishan Gypsum first retained counsel in this litigation on June 10, 2010. It has not yet met with its US counsel and will not do so until on or around June 22, 2010. It has not had sufficient time to conduct the necessary inquiries to respond by June 21, 2010, to the Petition and thus requests that its time to respond be extended to July 7, 2010. Taishan Gypsum has

consulted with Plaintiffs' Liaison Counsel, and Liaison Counsel has no objection to the relief sought herein.

2. From our review of the docket, it appears that this Court entered a preliminary default order against Taishan Gypsum on November 20, 2009, Rec. Doc. No. 487. On December 3, 2009, Deborah and William Morgan, Jerry and Inez Baldwin, Joe and Cathy Leach, Robert and Lisa Orlando, Fred and Vanessa Michaux, Preston and Rachel McKellar, and Steven and Elizabeth Heischober (collectively, "Plaintiff Intervenors") moved to intervene, and this Court granted the motion to intervene on December 20, 2009. On that same date, the Court also granted the motions of Knauf Plasterboard (Tianjin) Co. Ltd. and the Mitchell Company to intervene as defendants. An evidentiary hearing was held on February 19 and 22, 2010, for the assessment of damages as to the Plaintiff Intervenors (*See* Rec. Doc. No. 546), although by the time of the hearing Knauf and Mitchell had withdrawn as intervenors. The Court then issued detailed Findings of Fact and Conclusions of Law on April 8, 2010 (Rec. Doc. No. 2380). On May 11, 2010, the Court entered a default judgment in favor of the Plaintiff Intervenors and against Taishan Gypsum.

3. On May 24, 2010, Intervening Counsel filed its petition for fees and costs, purportedly pursuant to Va. Code § 59.1-204(B). Intervening Counsel have applied for attorneys' fees totaling $919,452.17. On June 11, 2010, this Court issued an Order requiring Taishan Gypsum to file any response to the Petition by June 21, 2010.

4. The June 21, 2010 deadline does not afford counsel with sufficient time to communicate with Taishan Gypsum regarding its advice and to seek client approval for its filings with the Court. Although Taishan Gypsum first retained counsel in this action on June 10, 2010, and filed a notice of appeal from the default judgment on that date, Taishan Gypsum has not yet

2

met with counsel to discuss, among other things, its strategy in this action and the submissions it should make to the Court. A meeting for that purpose, among others, is scheduled in Beijing China for June 22-24, 2010 between Taishan Gypsum and Hogan Lovells US LLP, co-counsel to Taishan Gypsum.

5. It would be extremely difficult for Taishan Gypsum to formulate an informed response to the Petition prior to the June 22-24 meetings. First, to our knowledge, Taishan Gypsum does not have fluent English speaking employees at its management and officer level. Thus, all communication must go through Hogan Lovells' affiliated office in Shanghai, China, be translated from Chinese to English, and vice versa. Given the twelve hour time difference between Taishan Gypsum's headquarters and the offices of its counsel Hogan Lovells US LLP, it realistically takes almost forty-eight hours to complete conversations between counsel and Taishan Gypsum. Further, we are informed that this week there are national holidays in China, and Taishan Gypsum's management cannot be reached until Thursday, June 17.

6. Even if Taishan Gypsum were not a Chinese entity, it would still be overly burdensome for it to formulate an appropriate response to the Petition given that it just retained counsel on June 10, 2010 and has yet to discuss the matter at length with counsel. Putting to one side whether there are legal arguments that Taishan Gypsum is not liable for the fees, Taishan Gypsum has not had adequate time to investigate Intervening Counsel's factual assertions. For example, Taishan Gypsum has not yet had the opportunity to review Intervening Counsel's contingency fee agreements, which are under seal. It has not had an opportunity to review the time and expense calculations Intervening Counsel submitted to Philip Garret, CPA, as ordered in Pre-Trial Order No. 9, and has not had the opportunity to determine if the hours submitted by the Intervening Counsel were reasonable by matching their charges to the tasks performed.

3

Similarly, Taishan Gypsum has not had an opportunity to examine the reasonableness of the costs incurred by Intervening Counsel.

7. An extension will neither prejudice any of the parties nor delay this matter.

8. This Court has the authority to grant the relief requested herein under Federal Rule of Civil Procedure 6.

WHEREFORE, defendant Taishan Gypsum, with the consent of Plaintiff's Liaison Counsel, prays for an extension of time through and including July 7, 2010 to respond to the Petition of Intervening Counsel for attorneys' fees and costs.

Respectfully submitted,

Joe Cyr
Frank Spano
Eric Statman
Christina Taber-Kewene
HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York 10022
Email: joe.cyr@hoganlovells.com
Frank.spano@hoganlovells.com
Eric.statman@hoganlovells.com
Christina.taber-kewene@hoganlovells.com
Telephone: 212-918-3000
Facsimile: 212-918-3100

Richard C. Stanley (La. Bar No. 8487)
Thomas P. Owen, Jr. (La. Bar No. 28181)
STANLEY, REUTER, ROSS, THORNTON
& ALFORD, LLC
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: 504-523-1580
Facsimile: 504-524-0069
E-mail: rcs@stanleyreuter.com
tpo@stanleyreuter.em

**Attorneys for Taishan Gypsum Co. Ltd.**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion on Consent for Extension of Time to Submit Briefing In Response to Intervening Plaintiffs' Counsel's Petition for Fees and Costs has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 15th day of June, 2010.

5