IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * * * * * | MDL Docket No. 2047 SECTION L JUDGE FALLON MAG. JUDGE WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO:** *Campbell-Clement/Schexnaydre v. Knauf Plasterboard (Tianjin) Co., Ltd, et al* Case No. 09-7628

### KNAUF PLASTERBOARD (TIANJIN) CO. LTD'S MEMO IN OPPOSITION TO THE PLAINTIFFS' MOTION IN LIMINE

Knauf Plasterboard Tianjin Company, Limited ("KPT") submits this memorandum in opposition to the plaintiffs' motion in limine (the "Motion") (Doc. 3700) seeking an order from this Honorable Court "limiting the testimony of defense lay witness Bruce Fuselier to those items permitted pursuant to Federal Rule of Evidence 701." (Motion p. 1). As explained in detail below, Mr. Fuselier's testimony is indeed "expert testimony" as defined in FRE 702, and as such, Fuselier should be allowed to provide opinion testimony as a qualified expert at the upcoming trial, as he did in the Hernandez trial.

### BACKGROUND

On June 1, 2010, Defendants served Plaintiffs with the expert report of Dr. Jerry Householder. A necessary part of that report was an estimate of costs made by Bruce Fuselier, a

licensed and bonded plumber.[1] Mr. Fuselier's estimate, based on his inspection of both the Clement and Campbell properties, contained his professional observations related to, *inter alia*, copper tubing, AC coils, and ventilation ductwork; recommendations as to the repairs needed to certain components; and a cost estimate for the recommended repairs. Inherent in Mr. Fuselier's estimates and states opinions is his reliance on his 30 years of experience as a plumber, including his experience in working with plumbing exposed to corrosive materials, e.g., saltwater and various acids.

Plaintiffs deposed Mr. Fuselier on June 8, 2010, wherein Mr. Fuselier was asked about his areas of expertise and the areas on which he would testify at trial (Depo. Fuselier 6:24-8:5).

## ARGUMENT

The admission of expert testimony is governed by Rule 702 under the Federal Rules of Evidence. Rule 702 provides:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FRE 702 (West 2004). In contrast, rule 701 governs the testimony of lay witnesses. Lay witness opinion testimony is limited to those opinion or inferences which are "rationally based on the perception of the witness, helpful to a clear understanding the witness' testimony, and are not based on scientific, technical, or other specialized knowledge." FRE 701 (West 2004). Because the testimony of Mr. Fuselier is based on "technical, scientific, or other specialized knowledge," particularly his specialized knowledge and observations of plumbing components subjected to

---

[1] Bruce Fuselier's estimates for the Clement and Campbell properties are attached as Exhibits A and B, respectively.

2

corrosive materials, and his knowledge and experience in bidding plumbing jobs, his testimony falls squarely within the scope of rule 702.

The Motion seeks to limit Mr. Fuselier's testimony to the specific physical observations he made with respect to the Clement or Campbell properties and the estimates that he proffered to perform a specific project. As stated below, Mr. Fuselier's testimony will be confined to those same topics. However, contrary to the arguments made in Plaintiffs motion, testimony regarding the observations made at the properties and estimates proffered is governed by FRE 702.

**1. Fuselier is an expert in the topics about which he will testify at trial.**

It is undisputed that Bruce Fuselier is a competent plumber who operates a plumbing business in Metairie, Louisiana. Mr. Fuselier's qualifications as a plumber have never been disputed by Plaintiffs in this case. Furthermore, it has never been disputed that Mr. Fuselier's opinions and estimates in this case, and the content of his expert report, require specialized knowledge and expertise in plumbing to generate.

As plainly seen in his expert report and in his deposition testimony, Mr. Fuselier will offer testimony at trial regarding his professional observations and opinions of the copper tubing, AC coils, and ventilation ductwork in the Clement and Campbell properties, the scope of the repair work required, and the total cost of repairs needed to the copper pips, coils, and ducts. In short, Mr. Fuselier's testimony will be limited to those topics set forth in his expert report: observation of plumbing, needed plumbing repairs, and the costs of those repairs.

The topics encompassed in Fuselier's expert report and deposition testimony clearly fall outside the confines of FRE 701's standards for lay witness testimony. While Fuselier will testify regarding his visual and tactile observations of the plumbing in the Clement and Campbell properties, he will also apply those observations to opine as to the repairs needed and the cost of

repairs—observations and opinions that plumbers make on a daily basis. This testimony is the type that cannot be given by a lay witness under rule 701. Mr. Fuselier's expertise as a master plumber qualifies him as an expert under rule 702, and the subject matter of his testimony as outlined in his deposition and his expert report make application of FRE 701 impractical and incorrect. Plaintiffs' motion in limine should therefore be denied.

**2. Any testimony on corrosion given during Fuselier's deposition was given at the request of Plaintiffs' counsel, and Fuselier's testimony should not be limited because Plaintiffs' expansive questioning.**

Mr. Fuselier's expert report makes clear that the scope of his expert testimony at trial will cover his professional observations of the condition of the copper pipes, air conditioning coils, and ventilation ductwork in the Clement and Campbell properties, and his professional opinion as to how much it would cost to make any necessary repairs to the plumbing and ductwork in both of those properties. Plaintiffs erroneously assert in their motion in limine that Mr. Fuselier will testify at trial regarding topics such as copper sulfide, its properties, and the chemistry of corrosion (Motion p. 5), and they direct the court to Fuselier's deposition testimony wherein he discusses those topics.

During his deposition, Mr. Fuselier properly admitted that he was not a corrosion expert (Depo. Fuselier 6:24-7:2). Indeed, the only testimony given by Mr. Fuselier on copper sulfide or the chemistry of corrosion was given at the request of counsel for Plaintiffs. The following exchange is representative of counsel's requests for information that fall outside the scope of Mr. Fuselier's expert report:

>   Q. What do you think the film [on the copper pipes] actually is?
>   A. I can't honestly—I can't honestly give you the chemical deposit of the film, but the film is a residue that's left from the fumes of numerous types of acid.

> Q. So do you have any thoughts about whether or not it's actually a reaction with the copper itself?
>
> A. At a point if it was constantly re-fed, there's a possibility of it [...]

Depo. Fuselier 45:13-46:5.  Mr. Fuselier acknowledged that he had seen a "film" on copper tubing in the houses, and that in his opinion, the film was caused by exposure to acids. Apparently not satisfied that Mr. Fuselier was unwilling to go outside the scope of his expert report to answer questions regarding the chemical components of the "film" he observed on the copper piping, counsel continued to press:

> Q. Okay. But you don't know whether or not those same reactions occur with sulfide?
>
> A. Again, we go back to splitting hairs, and I can't answer that. I would really— you'd have to have a chemist actually answer that, what the difference is in the fumes and the vapors given off of that particular acid as opposed to a different type.

Depo. Fuselier 46:16-47:1.  So even though Mr. Fuselier made it abundantly clear from the outset of his deposition that he was not an expert in corrosion, and that he would not be testifying as such at trial, Plaintiff's counsel repeatedly asked him for his opinions regarding the corrosive effects of copper sulfide.

## **CONCLUSION**

Mr. Fuselier, as evidenced by his expert report, will offer testimony at trial on his professional observations and opinions of the copper tubing, AC coils, gas lines, and ventilation ductwork in the Clement and Campbell properties, the scope of the repair work required based on his observations, and the total cost of repairs.  Per FRE 702, all of these topics require the

"specialized knowledge" of a plumber. Any testimony outside of these matters was elicited at the sole request of Plaintiffs' counsel during Fuselier's deposition. Plaintiffs should not be allowed to limit Mr. Fuselier's testimony at trial because they chose to venture outside the scope of his expert report.

WHEREFORE, Defendant Knauf Plasterboard Tianjin Company, Limited. respectfully requests that the Court deny the Motion in Limine seeking to limit the testimony of Bruce Fuselier.

Respectfully submitted,

BY: s/Kerry J. Miller
MILES P. CLEMENTS (#4184)
PETER E. SPERLING (#17812)
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
PAUL C. THIBODEAUX (#29446)
FRILOT L. L. C.
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone: (504)599-8194
Facsimile: (504)599-8145
Email: kmiller@frilot.com

-AND-

DONALD J. HAYDEN (FL Bar No. 0097136)
BAKER & MCKENZIE LLP
Mellon Financial Center
1111 Brickell Avenue, Suite 1700
Miami, FL 33131
Telephone: (305) 789-8966
Facsimile: (305) 789-8953
Email: donald.j.hayden@bakernet.com

DOUGLAS B. SANDERS (IL Bar No. 6256621)
RICHARD M. FRANKLIN (IL Bar No. 0864390)
BAKER & MCKENZIE LLP
130 E. Randolph Drive
One Prudential Plaza
Chicago, IL  60601
Telephone:     (312) 861-8075
Facsimile:     (312) 698-2375
Email: douglas.b.sanders@bakernet.com

Counsel for Defendant, Knauf Plasterboard (Tianjin) Co., Ltd

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Plaintiffs' Liaison Counsel, by email, and to all parties in the *Campbell and Clement* proceeding by email and by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana under seal, on this 15th day of June, 2010.

                                                                          s/Kerry J. Miller