UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * | MDL NO. 09-2047 SECTION L | |
| THIS DOCUMENT RELATES TO: | * * | JUDGE FALLON | |
| JOYCE W. ROGERS, individually, and on behalf of all others similarly situated, et al vs. KNAUF GIPS KG; KNAUF PLASTERBOARD (TIANJIN) CO., LTD.; KNAUF PLASTERBOARD (WUHU) CO., LTD.; GUANGDONG KNAUF NEW BUILDING MATERIAL PRODUCTS CO., LTD., et al., | * * * * * * * * | MAG. JUDGE WILKINSON | |
| Case No. 2:10-cv-00362 | * | | |

**DEFENDANT'S, PRINCETON HOMES, INC., MOTION TO DISMISS PLAINTIFFS' AMENDED OMNIBUS CLASS ACTION COMPLAINT (IV) FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

Defendant, Princeton Homes, Inc. ("Princeton"), respectfully moves this honorable Court pursuant to Rule 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure for an order dismissing Plaintiffs' claims against Princeton in the above-styled action. A memorandum in support of this motion is filed herewith. As grounds for this motion, Princeton states:

1. Princeton is not a resident of the State of Louisiana, and this Court has no grounds to exercise personal jurisdiction over Princeton.

2. Princeton has no ties to the State of Louisiana, does not do business in the State of Louisiana, does not solicit business in the State of Louisiana, and is not licensed to do business in the State of Louisiana. See Affidavit of Sally Larson attached to the supporting memorandum as Exhibit "A". Plaintiffs do not allege any facts contrary to the foregoing in the First Amended Complaint.

3.      All of Plaintiffs' allegations in the First Amended Complaint against Princeton relate solely to the construction of a residential home in Port St. Lucie, Florida. None of Plaintiffs' allegations against Princeton arise from any contact between Princeton and the State of Louisiana and, in fact, Princeton has never engaged in any contact with the State of Louisiana.

4.      Because Princeton is not a resident of, and has no contacts with, the State of Louisiana and because the acts and/or omissions alleged against Princeton in the First Amended Complaint have no connection with the State of Louisiana, this Court cannot exercise personal jurisdiction over Princeton, and Princeton should be dismissed from this action.

5.      Further, Plaintiffs have failed to satisfy the conditions of 28 U.S.C. §1407, regarding multidistrict litigation. Princeton was not a party to any district court litigation brought by any of the Plaintiffs in the instant action regarding Chinese drywall. No district court exercised jurisdiction over Princeton with respect to the claims asserted against Princeton in this action. Accordingly, there is no transfer order from a district court purporting to transfer the claims against Princeton to this Court. Instead, the first time Plaintiffs sued Princeton in federal court was in this action in the Eastern District of Louisiana.

6.      Therefore, the claims against Princeton are not properly before this Court and this Court does not have jurisdiction over Princeton.

7.      Alternatively, because this Court lacks jurisdiction over Princeton, venue is improper in the Eastern District of Louisiana under 28 U.S.C. §1391. Accordingly, Plaintiffs' First Amended Complaint should be dismissed under 28 U.S.C. §1406(a), as to Princeton.

WHEREFORE, Princeton respectfully requests that this Court enter an Order granting this Motion in Princeton's favor and against Plaintiffs, dismissing Plaintiffs' First Amended Complaint against Princeton for lack of personal jurisdiction, and/or for improper venue.

Case 2:09-md-02047-EEF-MBN   Document 3769   Filed 06/16/10   Page 3 of 3

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on June 16, 2010, the above and foregoing Motion to Dismiss Plaintiffs' Amended Omnibus Class Action Complaint (IV) for Lack of Personal Jurisdiction and Improper Venue has been served upon all parties by electronically uploading the same to *LexisNexis File and Serve*, in accordance with Pre-Trial Order #6, and that the foregoing was electronically filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

                                                  */s/ L. Louis Mrachek*
                                                  L. Louis Mrachek

-3-