UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047
SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*CLEMENT/SCHEXNAYDRE* (09-7628)
*CAMPBELL* (09-7628)

**KNAUF PLASTERBOARD (TIANJIN) CO., LTD.'S
PROPOSED JURY INSTRUCTIONS**

COMES NOW, Defendant, Knauf Plasterboard (Tianjin) Co., Ltd., and hereby respectfully

submits the following jury instructions and request that they be used at the trial of this matter.

Respectfully submitted,

BY:/s/ Kyle A. Spaulding
MILES P. CLEMENTS (#4184)
PETER E. SPERLING (#17812)
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
PAUL C. THIBODEAUX (#29446)
**FRILOT L. L. C.**
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone: (504)599-8194
Facsimile: (504)599-8145
Email: kmiller@frilot.com

-AND-

DONALD J. HAYDEN (FL Bar No. 0097136)
**BAKER & MCKENZIE LLP**
Mellon Financial Center
1111 Brickell Avenue, Suite 1700
Miami, FL 33131
Telephone:     (305) 789-8966
Facsimile:     (305) 789-8953
Email:  donald.j.hayden@bakernet.com

DOUGLAS B. SANDERS (IL Bar No. 6256621)
RICHARD M. FRANKLIN (IL Bar No. 0864390)
**BAKER & MCKENZIE LLP**
130 E. Randolph Drive
One Prudential Plaza
Chicago, IL  60601
Telephone:      (312) 861-8075
Facsimile:      (312) 698-2375
Email:  douglas.b.sanders@bakernet.com

*Counsel for Defendant, Knauf Plasterboard
(Tianjin) Co., Ltd*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Homebuilders' Liaison Counsel, and Insurers' Liaison Counsel by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with pretrial Order No. 6, on this 16th day of June, 2010

/s/ Kyle A. Spaulding

**PROPOSED JURY CHARGE NO. 1**

I charge you that the fact that a person has brought a lawsuit and is in court seeking damages creates no inference or presumption that such person is entitled to a judgment for any amount at all. Anyone can file a lawsuit, and the fact of filing a lawsuit by itself in no way tends to establish it as to the merits of the matter in controversy.

**PROPOSED JURY CHARGE NO. 2**

The parties have agreed or stipulated that:

(1)     KPT's appearance in this Court is voluntary and it has waived its defenses to service of process, jurisdiction and venue regarding the claims of Campbell and Clement.

(2)     Plaintiffs allege more than $75,000 in controversy (exclusive of interest and costs), in a dispute between citizens of the State of Louisiana and subjects of China, and that 28 U.S.C. §1332(a)(2), or alternatively 28 U.S.C. §1367, applies.

(3)     KPT is liable for damages recoverable under the Louisiana Products Liability Act ("LPLA") and proven at trial.

(4)     Plaintiffs claim they have a claim for stigma damages.  KPT denies the claim and reserves all rights.

(5)     KPT will not assert the defenses of comparative fault, contribution and/or reduction in KPT's legal responsibility to Plaintiffs as a result of any alleged conduct or fault of any other party, person or entity.

(6)      The terms of this stipulation shall not  be used for purposes of collateral estoppel or issue preclusion or as an admission in other cases, or before any regulatory or administrative agencies.

(7)     In this proceeding, the LPLA establishes the exclusive theory of liability for manufacturers under Louisiana law.

(8)     The damages sought are pecuniary only.

(9)     KPT designed, manufactured and sold drywall contained in a portion of Plaintiffs' homes.

(10)    Plaintiffs bought certain KPT drywall that was installed in portions of but not  all of Plaintiffs' homes.

(11)    The KPT drywall in Plaintiffs' homes emits reduced sulfur gases and emits an odor.

(12)    The non-KPT drywall in Plaintiffs' homes does not emit reduced sulfur gases and does not emit an odor.

(13)    The drywall, electrical switches, electrical outlets, and electrical wiring on the first floor of the Clement home will be replaced.

(14)    The drywall, electrical switches, electrical outlets and electrical wiring in the garage, master bedroom, master bathroom and spare bathroom of the Campbell home will be replaced.

(15)    Plaintiffs claim that those repairs are necessary throughout the Clement and Campbell homes.

This means that both sides agree that these are facts.  You must therefore treat these facts as having been proved.


*Fifth Circuit Pattern Jury Instruction No. 2.3.*

## PROPOSED JURY CHARGE NO. 3

If there is publicity about this trial, you must ignore it.  You must decide this case only from the evidence presented in the trial.  Do not read anything or listen to any TV or radio programs or search the internet for anything related to Chinese drywall or about the case.

*Fifth Circuit Pattern Jury Instruction No. 2.6.*

## **PROPOSED JURY CHARGE NO. 4**

At times during the trial it was necessary for me to talk with the lawyers here at the bench out of your hearing, or by calling a recess.  We meet because often during a trial something comes up that doesn't involve the jury.

*Fifth Circuit Pattern Jury Instruction No. 2.7.*

## PROPOSED JURY CHARGE NO. 5

When you retire to the jury room to deliberate, you may take with you the exhibits that the Court has admitted into evidence.  Select your Foreperson and conduct your deliberations.  If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial.  After you have reached your unanimous verdict, your Foreperson must fill in your answers to the written questions and sign and date the verdict form.  Unless I direct you otherwise, do not reveal your answers until such time as you are discharged.  You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message to the bailiff, who will bring it to me.  I will then respond as promptly as possible either in writing or by meeting with you in the courtroom.  I will always first show the attorneys your question and my response before I answer your question.

*Fifth Circuit Pattern Jury Instruction No. 2.12.*

## <u>PROPOSED JURY CHARGE NO. 6</u>

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong.  However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges—judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

*Fifth Circuit Pattern Jury Instruction No. 2.11.*

## PROPOSED JURY CHARGE NO. 7

You are charged that your verdict must be based solely and exclusively on the evidence in this case. You cannot be governed by passion, prejudice, sympathy or any motive whatsoever except the fair and impartial consideration of the evidence. And you must not under any circumstances allow any sympathy which you may have or entertain for the plaintiffs to influence you in any degree whatsoever in arriving at your verdict. You are not charged not to sympathize with the plaintiffs, but you are charged not to allow that sympathy to enter into your consideration of the case or to influence your verdict.

*Wilson v. Southern Farm Bureau Cas. Co.*,
    275 F.2d 819 (5th Cir. 1960).

## PROPOSED JURY CHARGE NO. 8

This case must be considered and decided by you as between persons of equal standing in the community, or equal worth in holding the same or similar positions in life.  You should not be influenced or affected by the fact that the defendant is a corporation, nor should you be in any way influenced by any thoughts or ideas you may have as to the financial standing of any party to this litigation.  Corporations such as Knauf Plasterboard (Tianjin) Co., Ltd. are entitled to the same fair trial in your hands as a private individual.  The law is no respecter of persons.  All persons, including corporations, stand equal before the law and are to be dealt with by you as equals in this Court.  You took an oath at the beginning of this case that this case would be decided by you without regard to the consequences to any of the parties involved.  It must be decided by you on a fair, impartial and unbiased basis, based entirely on the law as I give it to you in this charge and the evidence presented to you in the courtroom.

*Proposed Standard Jury Charge 2.02*

## **PROPOSED JURY CHARGE NO. 9**

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said [or did] something, or failed to do or say something that was different from the testimony he gave at the trial.

*Fifth Circuit Pattern Jury Instruction No. 2.16.*

**PROPOSED JURY CHARGE NO. 10**

You must consider only the evidence in this case.  However, you may draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. You may make deductions and reach conclusions that reason and common sense lead you to make from the testimony and evidence.

You are the sole judges of the credibility or believability of each witness and the weight to be given to his or her testimony. In weighing the testimony of a witness, you should consider his or her relationship to the parties, his or her interest, if any, in the outcome of the case, manner of testifying, opportunity to observe or acquire knowledge concerning the facts about which testimony was given, the person's candor, fairness and intelligence, and the extent to which the person has been supported or contradicted by any other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.  Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

There are two types of evidence you may consider.  One is direct evidence—such as testimony of an eyewitness.  The other is indirect or circumstantial evidence—the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts.  The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

*Pagan v. Shoney's, Inc*. 931 F.2d 334, 338, note 6 (5th Cir.1991).

*Fifth Circuit Pattern Jury Instruction No. 2.18.*

## PROPOSED JURY CHARGE NO. 11

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely upon it.

When a witness has been or will be paid for reviewing and testifying about the evidence, you may consider the possibility of bias and should view with caution the testimony of such a witness  where court testimony is regularly given and represents a significant portion of the witness' income.

*Fifth Circuit Pattern Jury Instruction No. 2.19.*

*Eleventh Circuit Pattern Jury Instructions (Civil Cases)(2005), 5.2.*

## <u>PROPOSED JURY CHARGE NO. 12</u>

The plaintiffs have the burden of proving that it was the defendant's product that was "the most probable cause" of damage.

*Wheat v. Phizer, Inc.*, 31 F.3d 340 (5th Cir. 1994).

*Brown v. Parker-Hannifin Corp.,* 919 F.2d 308, 311 and n. 9, 312 (5th Cir.1990).

## <u>PROPOSED JURY CHARGE NO. 13</u>

In this case, the plaintiffs must prove every essential part of his claim by a preponderance of the evidence.

A preponderance of the evidence simply means evidence that persuades you that the plaintiffs' claims are more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the plaintiffs' claims by a preponderance of the evidence, you should find for the defendant as to that claim.

*Fifth Circuit Pattern Jury Instruction No. 2.20.*

## PROPOSED JURY CHARGE NO. 14

You should not interpret the fact that I have given instructions about the plaintiffs' damages as an indication in any way that I believe that the plaintiffs should, or should not, win this case.

*Fifth Circuit Pattern Jury Instruction No. 2.22.*

## **PROPOSED JURY CHARGE NO. 15**

If the plaintiffs have proven their claims against the defendant by a preponderance of the evidence, you must determine the damages to which the plaintiffs are entitled.  It is your task first to decide whether the defendant is liable.  I am instructing you on damages only so that you will have guidance in the event you decide that the defendant is liable and that the plaintiffs are entitled to recover money from the defendant.

*Fifth Circuit Pattern Jury Instruction No. 15.1.*

**PROPOSED JURY CHARGE NO. 16**

If you find that the defendant is liable to the plaintiffs, then you must determine an amount that is fair compensation for all of the plaintiffs' damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiffs whole—that is, to compensate the plaintiffs for the damage that the plaintiffs have suffered.

You may award compensatory damages only for injuries that the plaintiffs prove were proximately caused by the defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of the plaintiffs' damages, no more and no less. [Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant.] You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiffs have actually suffered or that the plaintiffs are reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiffs prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

Because the parties have stipulated that damages are pecuniary, you may not award any damages for non-pecuniary damages such as mental anguish or emotional distress.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

*Fifth Circuit Pattern Jury Instruction No. 15.2.*

## PROPOSED JURY CHARGE NO. 17

**A. Damages Accrued**

If you find for the plaintiffs, they are entitled to recover an amount that will fairly compensate them for the damages they have suffered to date.

**B. Calculation of Future Damages**

If you find that the plaintiffs are reasonably certain to suffer damages in the future, then you should award them the amount you believe would fairly compensate them for such future damages.

**C. Reduction of Future Damages to Present Value**

An award of future damages necessarily requires that payment be made now for a loss that plaintiffs will not actually suffer until some future date.  If you should find that the plaintiffs are entitled to future damages, then you must determine the present worth in dollars of such future damages.

*Fifth Circuit Pattern Jury Instruction No. 15.3.*

## PROPOSED JURY CHARGE NO. 18

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate—to avoid or minimize those damages.

If you find the defendant is liable and the plaintiffs have suffered damages, the plaintiffs may not recover for any item of damage which he could have avoided through reasonable effort.  If you find by a preponderance of the evidence the plaintiffs unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages which he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether the plaintiffs acted reasonably in avoiding or minimizing his damages.  An injured plaintiff may not sit idly by when presented with an opportunity to reduce his damages.  However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages.  The defendant has the burden of proving the damages which the plaintiffs could have mitigated.  In deciding whether to reduce a plaintiff's damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendant has satisfied his burden of proving that the plaintiff's conduct was not reasonable.

*Fifth Circuit Pattern Jury Instruction No. 15.15.*