**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED | * | MDL NO. 2:09-md-2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION "L" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE  ELDON E. FALLON |
| DAVID GROSS, CHERYL GROSS AND | * | |
| LOUIS VELEZ, ET AL | | |
| VERSUS | * | MAGISTRATE JUDGE JOSEPH C. |
| KNAUF GIPS, ET AL | * | WILKINSON, JR. |
| 2:09-CV-6690-EEF-JCW | * | |
| * * * * * * * * * * * * * * | * | |

**DEFENDANTS LAPORTE FAMILY PROPERTIES, L.L.C. AND LEROY J.
LAPORTE, JR.'S AFFIRMATIVE DEFENSES AND
ANSWERS TO PLAINTIFFS' ORIGINAL AND AMENDED
ONMIBUS CLASS ACTION COMPLAINTS**

**NOW INTO COURT** through undersigned counsel comes Laporte Family

Properties, L.L.C. and Leroy J. Laporte, Jr. ("Defendants"), who in response to the

allegations contained in Plaintiffs' Omnibus Class Action Complaint (III) ("Complaint")

issue a general denial of each and every allegation including but not limited to, Defendant

designed, manufactured, imported, distributed, delivered, supplied, marketed, inspected,

installed or sold any defective drywall at issue in this litigation.  Defendants otherwise

respond to the complaint and do respectfully aver:

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendants plead each and every affirmative defense available to them pursuant to Federal Rules of Civil Procedure (FRCvP) Rule 12(b), and further reserve the right to plead any and all other defenses allowed by law which are not now known but become known during the course of this litigation.

### SECOND DEFENSE

Defendants affirmatively aver they did not a) design, b) manufacture, c) export, d) import, e) distribute, f) deliver, g) supply, h) inspect, i) install, j) market, k) purchase, or l) sell the drywall made subject to this litigation and therefore did not owe a duty of reasonable care to any of the Plaintiffs and Class Members.

### THIRD DEFENSE

Defendants affirmatively aver they did not owe any statutory duties to Plaintiffs and Class Members as they did not a) design, b) manufacture, c) export, d) import, e) distribute, f) deliver, g) supply, h) inspect, i) install, j) market, k) purchase, or l) sell the drywall made subject to this litigation.

### FOURTH DEFENSE

Defendants affirmatively aver they did not owe a duty to Plaintiffs and Class Members to warn of the alleged defects in the drywall made subject to this litigation as they did not a) design, b) manufacture, c) export, d) import, e) distribute, f) deliver, g) supply, h) inspect, i) install, j) market, k) purchase, or l) sell said drywall.

## FIFTH DEFENSE

Defendants affirmatively aver they did not owe an express and/or implied warranty of fitness to Plaintiffs and Class Members as they did not a) design, b) manufacture, c) export, d) import, e) distribute, f) deliver, g) supply, h) inspect, i) install, j) market, k) purchase or l) sell the drywall made subject to this litigation.

## SIXTH DEFENSE

Defendants affirmatively aver they did not owe a warranty of habitability to Plaintiffs and Class Members as they did not a) design, b) manufacture, c) export, d) import, e) distribute, f) deliver, g) supply, h) inspect, i) install, j) market, k) purchase, or l) sell the drywall made subject to this litigation.

## SEVENTH DEFENSE

Defendants affirmatively aver there was no privity of contract between them and any of the Plaintiffs and Class Members.

## EIGHTH DEFENSE

Defendants affirmatively aver they are not manufacturers of the drywall made subject to the instant litigation and are not liable to Plaintiffs and Class Members under the Louisiana Products Liability Act, La.R.S. 9:2800.51, *et seq*.

## NINTH DEFENSE

Defendants affirmatively aver they have not created a private nuisance affecting Plaintiffs and Class Members as they did not a) design, b) manufacture, c) export, d)

import, e) distribute, f) deliver, g) supply, h) inspect, i) install, j) market, k) purchase, or l) sell the drywall made subject to this litigation.

## TENTH DEFENSE

Defendants affirmatively aver they had no actual or constructive knowledge of any alleged corrosive and dangerous propensities of the drywall made subject to the instant litigation as they did not a) design, b) manufacture, c) export, d) import, e) distribute, f) deliver, g) supply, h) inspect, i) install, j) market, k) purchase, or l) sell said drywall.

## ELEVENTH DEFENSE

Defendants affirmatively aver they have not received money from any Plaintiff or Class Member and therefore have not been unjustly enriched in any manner.

## TWELFTH DEFENSE

Defendants affirmatively aver they are not vendors of the drywall made subject to the instant litigation and are not liable to Plaintiffs and Class Members under the Louisiana Unfair Trade Practices and Consumer Protection Law, La.R.S. 51:1401, *et seq*.

## THIRTEENTH DEFENSE

Defendants affirmatively aver Plaintiffs' and Class Members' damages and/or injuries contained within the Complaint were caused in whole or in part by their own negligence, as such Plaintiffs and Class Members are barred in whole or in part from recovery thereof.

## FOURTEEHTH DEFENSE

Defendants affirmatively aver Plaintiffs' and Class Members' damages and/or injuries were caused by the negligence and/or fault of third parties for whom Defendants are not responsible and for whom Defendants exercised no control.

## FIFTEENTH DEFENSE

Defendants affirmatively aver Plaintiffs' and Class Members' claims contained within the Complaint are barred in whole or in part by their own failure to mitigate their alleged damages.

## SIXTEENTH DEFENSE

Defendants affirmatively aver Plaintiffs' and Class Members' damages and/or injuries were caused by events beyond the control of Defendants.

## SEVENTEENTH DEFENSE

Defendants affirmatively aver Plaintiffs' and Class Members' claims are barred in whole or in part by prescription and/or preemption.

## EIGHTEENTH DEFENSE

Defendants affirmatively aver Plaintiffs' and Class Members' claims are barred in whole or in part by their failure to exhaust any and all administrative remedies which may be afforded to the parties.

## NINETEENTH DEFENSE

Defendants affirmatively aver Plaintiffs and Class Members have not alleged or sustained any actual damages and/or injuries that were proximately caused by Defendants.

## TWENTIETH DEFENSE

Defendants affirmatively aver Plaintiffs' and Class Members' claims are barred in whole or in part by prescription and/or preemption pursuant to the Louisiana New Home Warranty Act, La.R.S. 9:3141, *et seq.*

## TWENTY-FIRST DEFENSE

Defendants affirmatively aver Plaintiffs and Class Members fail to state a cause of action against Defendants for which relief can be granted.

## TWENTY-SECOND DEFENSE

Defendants affirmatively aver Plaintiffs' and Class Members' allegations contained within the Complaint are vague and ambiguous and should be dismissed as these Defendants are not members of any class of defendants contained within the Complaint.

## TWENTY-THIRD DEFENSE

Defendants affirmatively aver the Louisiana New Home Warranty Act is the exclusive remedy relative to new home construction and no other provision of law apply.

## TWENTY-FOURTH DEFENSE

Defendants affirmatively aver the defense of comparative fault.

## TWENTY-FIFTH DEFENSE

Defendants reserve their rights to supplement and/or amend this answer and raise additional defenses which may be ascertained during discovery.

## ANSWER

**AND NOW FURTHER** answering, Defendants, Laporte Family Properties, L.L.C. and Leroy J. Laporte, Jr., ("Defendants") do respectfully aver:

### 1.

The introductory paragraphs of the Complaint do not require a response from Defendants. However, in an abundance of caution to the extent allegations exist, they are denied.

## JURISDICTION, PARTIES, AND VENUE

### 2.

Paragraphs 1 – 2 are denied for lack of sufficient information to justify a belief therein.

## PLAINTIFFS

### 3.

Paragraphs 3 - 14 do not make allegations against Defendants and do not require a response. However, in an abundance of caution to the extent allegations exist, they are denied.

## DEFENDANTS

### 4.

Paragraphs 15 – 110 do not make allegations against Defendants and do not require a response. However, in an abundance of caution to the extent allegations exist, they are denied.

5.

To the extent the allegations contained within Paragraph 111 are against Leroy J. Laporte, Jr., and Chinchuba Creek Garden Homes, L.L.C., they are denied.

### Facts Giving Rise to Industry Wide Alternative Liability

6.

Each and every allegation contained with paragraphs 112 - 117 is denied for lack of sufficient information to justify a belief therein.

### Facts Regarding Product Defect

7.

Each and every allegation contained within paragraphs 118 – 130 is denied for lack of sufficient information to justify a belief therein.

### Facts Regarding Investors Who Aided and Abetted Defendants

8.

Paragraphs 131 - 140 pertain to other parties, do not make allegations against Defendants, and therefore do not require a response.  However, in an abundance of caution to the extent allegations exist, they are denied.

### Facts Regarding Other Entities That May Have Aided and Abetted Defendants

9.

Paragraphs 141 - 190 pertain to other parties, do not make allegations against Defendants, and therefore do not require a response.  However, in an abundance of caution to the extent allegations exist, they are denied.

**Class Action Allegations**

10.

Each and every allegation contained within paragraphs 191 – 204 is denied for lack of sufficient information to justify a belief therein.

**Count I - Negligence**

11.

Each and every allegation contained within paragraphs 205 – 212 is denied.

**Count II – Negligence Per Se**

12.

Each and every allegation contained within paragraphs 213 - 218 is denied.

**Count III – Breach of Express and/or Implied Warranty**

13.

Each and every allegation contained within paragraphs 219 – 226 is denied.

**Count IV – Private Nuisance**

14.

Each and every allegation contained within paragraphs 227 - 233 is denied.

**Count V – Negligent Discharge of a Corrosive Substance**

15.

Each and every allegation contained within paragraphs 234 - 240 is denied.

**Count VI – Unjust Enrichment**

16.

Each and every allegation contained within paragraphs 241 - 244 is denied.

## Count VII – Violation of Consumer Protection Acts

### 17.

Each and every allegation contained within paragraphs 245 - 249 is denied.

## Count VIII – Equitable and Injunctive Relief and Medical Monitoring

### 18.

Each and every allegation contained within paragraphs 250 - 262 is denied.

## JURY DEMAND

### 19.

Plaintiffs' paragraph labeled "Jury Demand" does not require a response from Defendants.  However, in an abundance of caution to the extent allegations exist, they are denied.

## PRAYER FOR RELIEF

### 20.

Defendants deny each and every allegation contained within the prayer for relief.

### 21.

Further, and in an abundance of caution, Defendants deny each and every allegation contained within any unnumbered and/or misnumbered paragraphs and prayer for relief, including all subparts.

**AND NOW IN ANSWER TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT** Defendants Leroy J. Laporte, Jr. and Laporte Family Properties, L.L.C. respectfully aver:

22.

Defendants Leroy J. Laporte, Jr. and Laporte Family Properties, L.L.C. re-aver and reassert each and every **AFFIRMATIVE DEFENSE** and **RESPONSE** as set forth herein above.

23.

The introductory paragraphs of the Amended Complaint do not require a response from Defendants. However, in an abundance of caution to the extent allegations exist, they are denied.

24.

Paragraphs 1 – 2 are denied for lack of sufficient information to justify a belief therein.

25.

Paragraphs 3 - 14 do not make allegations against Defendants and do not require a response. However, in an abundance of caution to the extent allegations exist, they are denied.

25.

Defendants deny each and every allegation contained within Paragraphs 15 – 99.

26.

Paragraphs 100 - 145 do not make allegations against Defendants and do not require a response. However, in an abundance of caution to the extent allegations exist, they are denied.

27.

To the extent the allegations contained within Paragraph 146 are against Leroy J. Laporte, Jr., and Chinchuba Creek Garden Homes, L.L.C., they are denied.

28.

Defendants deny each and every allegation contained within Paragraphs 147 – 152.

29.

Defendants deny each and every allegation contained within Paragraphs 153 - 165.

30.

Each and every allegation contained within paragraphs 166 - 175 is denied.

31.

Each and every allegation contained within paragraphs 176 - 225 is denied.

32.

Each and every allegation contained within paragraphs 226 - 239 is denied.

33.

Each and every allegation contained within paragraphs 240 - 247 is denied.

34.

Defendants deny each and every allegation contained within Paragraphs 248 – 253.

35.

Defendants deny each and every allegation contained within Paragraphs 254 – 261.

36.

Defendants deny each and every allegation contained within Paragraphs 262 – 268.

37.

Defendants deny each and every allegation contained within Paragraphs 269 – 275.

38.

Defendants deny each and every allegation contained within Paragraphs 276 – 279.

39.

Defendants deny each and every allegation contained within Paragraphs 280 – 284.

40.

Defendants deny each and every allegation contained within Paragraphs 285 – 297.

41.

This unnumbered paragraph does not make allegations against Defendants and does not require a response.   However, in an abundance of caution to the extent allegations exist, they are denied.

42.

Defendants deny each and every allegation contained within Plaintiffs' prayer for relief.

43.

Further, and in an abundance of caution, Defendants deny each and every allegation contained within any unnumbered and/or misnumbered paragraphs and prayer for relief, including all subparts.

**WHEREFORE** Defendants, Laporte Family Properties, L.L.C. and Leroy J. Laporte, Jr., pray this their Answer and Affirmative Defenses to Plaintiffs' Class Action Complaint and Class Action Amended Complaint be deemed good and sufficient and after due proceedings had, there be judgment in favor of Defendants dismissing all of Plaintiffs' and Class Members' claims with prejudice, all costs including attorney fees assessed to Plaintiffs and Class Members, and all other general and equitable relief deemed necessary by this Honorable Court.

RESPECTFULLY SUBMITTED:

WYNNE, GOUX & LOBELLO
Attorneys At Law, L.L.C.

Original /s/ *Martha D. Bowden*

By: _____
JEREMY D. GOUX, LBRN 25065 - TA
MARTHA D. BOWDEN, LBRN 28316
417 North Theard Street
Covington, Louisiana 70433
985-898-0504 – Telephone
985-898-0840 – Facsimile
jgoux@wgllawfirm.com

mbowden@wgllawfirm.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** the above and foregoing Answer and Affirmative has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and email OR by hand delivery and email and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 16th day of June, 2010.

Original /s/ *Martha D. Bowden*

_____
Martha D. Bowden