IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL | * | MDL NO. 2047 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION: L |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE FALLON |
| John Campbell v. KPT, et al., | * | MAG. JUDGE |
| Case No. 2:09-cv-7628 (E.D.La.) and | * | WILKINSON |
| Paul Clement and Celeste Schexnaydre Clement | * | |
| v. KPT, et al., | * | |
| Case No. 2:09-cv-7628 (E.D. La.) | * | |

******************************************************************

### PLAINTIFFS' OBJECTIONS TO JURY INSTRUCTIONS PROPOSED BY DEFENDANT KTP

**MAY IT PLEASE THE COURT:**

Plaintiffs Clement/Schexnaydre and Campbell, through undersigned counsel, respectfully respond and object as follows to the jury instructions proposed by the defendant Knauf Plasterboard (Tianjin) Co., Ltd. [KPT]:

In KPT's **Proposed Jury Charge No. 2**, the entirety of the parties' Joint Stipulation (to be signed and filed into the record at the Final Pretrial Conference in this matter) is proposed to be read to the jury. Plaintiffs object on the grounds that only paragraphs 3 and 4 (whereby KPT stipulates to its sole liability under the Louisiana Products Liability Act) and paragraphs 9 through and including 14 (all factual matters which have evidentiary relevance to the jury) should be read to jurors as a Joint Stipulation of the parties. The enumerated paragraphs in the Stipulation other than paragraphs 3, 4, 9, 10, 11, 12, 13 and 14 deal with jurisdiction, venue and matters of law and procedure which are not for jury consideration, and which, if read, might cause unnecessary confusion on the part of deliberating jurors.

Plaintiffs object to a portion of KPT's **Proposed Jury Charge No. 7**. The first two sentences of this jury charge appropriately instruct the jury that it should decide the case based on evidence and not be governed by passion, prejudice or sympathy. These first two sentences are sufficient in the communication of this legal principle. The remainder of the proposed charge, i.e., the third and fourth sentences, restates the same principle and, through the emphasis of repetition, creates imbalance in what should be an objective statement of the law by the Court. Such emphasis through repetition is neither necessary nor appropriate.

Plaintiffs further object to a portion of KPT's **Proposed Jury Charge No. 11**. The first paragraph of this requested charge appropriately states the law with respect to jury consideration of expert testimony. Plaintiffs, however, object to the second paragraph of the charge, wherein the jury is specifically invited to consider as possibly biased, and to view with caution, the testimony of an expert witness who appears regularly as an expert and derives a "significant" portion of income from such work. This is not legal guidance, but rather the directed application of a principle already set forth in paragraph one. More importantly perhaps, this added paragraph of the requested charge is unwarranted in the context of a series of MDL bellwether trials. Both sides necessarily are presenting the same experts on a repeated basis in the trials, resulting in potentially significant charges for such "repeat experts."

Plaintiffs respectfully object to KPT's **Proposed Jury Charge No. 12**, since it appears to suggest a causation standard that is unique in LPLA cases. Louisiana law is clear that proximate cause is established by a preponderance of the evidence when the defendant's wrongdoing (or, in this case, defective product) causes or substantially

contributes to harm. A defendant's wrongdoing or defective product need not be the sole cause, but must be a substantial factor in bringing about the harm. These uncontroversial and well-established principles of causation are set forth, with cited authority, in the charges submitted by plaintiffs. *See* Plaintiffs' Requested Jury Charges [Doc. 3674] Nos. 1 and 2. The language of the charge at issue, however, invites the jury to define causation by a different standard, i.e., whether the defendant's product was "the most probable" cause of harm. "Probability" in causation terms is embedded in the plaintiff's burden to show causation by a preponderance of the evidence, i.e., it must be more likely than not that KPT's defective product either was the sole cause or a substantially contributing cause of plaintiffs' damages. To compare the probabilities of different causes is to depart from established Louisiana law.

Plaintiffs object to KPT's **Proposed Jury Charge No. 14** because KPT has stipulated to fault in this matter, and furthermore does not dispute that both plaintiffs are entitled to recover some amount of damages. It therefore is inconsistent, and confusing, to tell the jury that the Court's giving of charges on damages should not be construed as a message that the plaintiffs should prevail by recovering damages. This "boilerplate" instruction belongs in a contested liability case, but not here.

Similarly, plaintiffs object to KPT's **Proposed Jury Charge No. 15**, because it is a standard charge applicable only in cases where fault or liability is in dispute, and further object to a portion of KPT's **Proposed Jury Charge No. 16**. The initial phrase of paragraph 3 of the latter begins with: "If you decide to award compensatory damages…." KPT has admitted fault and has admitted that plaintiffs are entitled to recover damages. The issue is the amount of damages. The jury should not be led to believe that in this

case a verdict resulting in the recovery of <u>no</u> compensatory damages is appropriate, much less possible.

Finally, plaintiffs object to KPT's **Proposed Jury Charge No. 18**. Since this is not a case involving claims of personal injury, the language in this charge is inapposite to the extent it addresses the duty to mitigate damages on the part of "[a]n <u>injured</u> plaintiff," as referred to in the second sentence of paragraph 3. In a broader sense, this "duty to mitigate damages" charge has no evidentiary basis in, or relevance to, the case at hand. The defendant has presented no evidence to the effect that any of the plaintiff property owners in this trial have failed to avoid or mitigate the harmful effects of Chinese drywall. Without such evidence, the requested charge is no more than an improper invitation for the jury to penalize plaintiffs because they have seen fit to litigate in order to achieve justice and full remediation of their property.

Dated: June 16, 2010                                Respectfully submitted,

/s/Leonard A. Davis
Russ M. Herman, Esquire
Leonard A. Davis, Esquire
Stephen J. Herman, Esquire
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com

*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin
Fred S. Longer
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500

Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Victor Manuel Diaz
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

| | |
|---|---|
| Bruce William Steckler<br>Baron & Budd, P.C.<br>3102 Oak Lawn Ave., Suite 1100<br>Dallas, TX 75219<br>Phone: (214) 521-3605<br>Fax: (214) 520-1181<br>bsteckler@baronbudd.com | James Robert Reeves<br>Lumpkin & Reeves<br>160 Main Street<br>Biloxi, MS 39530<br>Phone: (228) 374-5151<br>Fax: (228) 374-6630<br>jrr@lumpkinreeves.com |
| Ervin A. Gonzalez<br>Colson, Hicks, Eidson, Colson<br>  Matthews, Martinez, Gonzales,<br>  Kalbac & Kane<br>255 Aragon Avenue, 2nd Floor<br>Cora Gables, FL 33134<br>Phone: (305) 476-7400<br>Fax: (305) 476-7444<br>Ervin@colson.com | Gerald E. Meunier<br>Gainsburgh, Benjamin, David, Meunier<br>  & Warshauer, LLC<br>2800 Energy Centre, 1100 Poydras Street<br>New Orleans, LA 70163-2800<br>Phone: (504) 522-2304<br>Fax: (504) 528-9973<br>gmeunier@gainsben.com |

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Richard S. Lewis (On the Brief)<br>HAUSFELD LLP<br>1700 K Street, N.W Suite 650<br>Washington, DC 20006<br>Phone: (202) 540-7200<br>Fax:  (202) 540-7201<br>rlewis@hausfeldllp.com | Daniel K. Bryson<br>Lewis & Roberts<br>3700 Glenwood Avenue, Suite 410<br>Raleigh, NC 27612<br>Phone: (919) 981-0191<br>Fax: (919) 981-0431<br>dkb@lewis-roberts.com |
| Jeremy W. Alters<br>Alters, Boldt, Brown, Rash & Culmo, P.A.<br>4141 N.E. 2nd Avenue, Suite 201<br>Miami, FL 33137<br>Phone: (305) 571-8550<br>Fax: (305) 571-8559<br>jeremy@abbrclaw.com | Richard J. Serpe, Esquire<br>Law Offices of Richard J. Serpe<br>Crown Center, Ste. 310<br>580 East Main Street<br>Norfolk, VA 23510-2322<br>rserpe@serpefirm.com |

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL

2047 on this 16th day of June, 2010.

    /s/ Leonard A. Davis
Leonard A. Davis
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024

Plaintiffs' Liaison Counsel

*Co-counsel for Plaintiffs*