**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL** | * | **MDL NO. 2047** |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION: L** |
| | * | |
| | * | **JUDGE FALLON** |
| **THIS DOCUMENT RELATES TO:** | * | |
| **PAUL CLEMENT AND CELESTE** | * | |
| **SCHEXNAYDRE CLEMENT v. KPT, et al.,** | * | **MAG. JUDGE** |
| **Case No. 2:09-cv-7628 (E.D. La.) and** | * | **WILKINSON** |
| **JOHN CAMPBELL v. KPT, et al.,** | * | |
| **Case No. 2:09-cv-7628 (E.D. La.)** | * | |

-------------------------------------------------------------------------------

**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE**

**I.      INTRODUCTION**

In anticipation of trial that begins June 21, 2010, the Plaintiffs' Steering Committee moves this Honorable Court for an Order *in limine* precluding the defense from introducing any evidence about or discussing the property located at 1049 Clairise Court as a "control house". This is a problem of plaintiffs' own making, but the fact is that the house at that location was originally thought not to contain contaminated drywall. Samples were taken from that property based on that assumption. Unfortunately, the house contains contaminated drywall.

Defendant's counsel and its expert have referred to the control house and may propose that sulfide corrosion found in samples taken from that house demonstrate an ambient level of sulfur in non-CDW homes. Such an assertion would be inaccurate as the house is not a non-contaminated home. Defendant had many avenues available to it to prove ambient levels of sulfur, and the use of the 1049 Clairise Court property would be inaccurate and risks adding a complicating issue to the trial. Because the house is not a "control house", any reference to it as a "control house" would violate Federal Rule of Evidence 403.

## II.     THE SO CALLED "CONTROL HOUSE" IS NOT TRULY CONTROLLED.

On May 4, 2010, at the direction of plaintiffs' counsel, Bill Scott harvested a sample from 1049 Clairise Court, a property that was thought at the time to be a "control house"—that is, a home it was assumed had no contaminated drywall. Plaintiffs designated it as such and included the results in their expert reports. When sulfur corrosion was found on the sample, however, plaintiffs' experts explained that there must be contaminated drywall. Plaintiffs have now confirmed that there is contaminated drywall in that property, when test results rendered on May 7, 2010, identified the contaminated drywall. Thus, the house is not a control house as that term suggests, and it offers no probative value to the question of whether there is ambient sulfur that could cause corrosion.

## III.    CONFUSION OF THE ISSUES: TRIAL IS NOT ABOUT THE "CONTROL HOUSE".

The issues surrounding the so called control house risks diverting the jury's attention away from the issues of the damages to which the Clement family and Mr. Campbell are entitled and onto the question of whether or not the "control house" contains contaminated or non-contaminated drywall. This issue is legally irrelevant to the upcoming trial. The corrosion found in that house is not probative as to whether there are ambient levels of sulfur in non-contaminated homes, and the prejudice of allowing such an implication outweighs its intended use.

Federal Rule of Evidence 403 [which] allows for the exclusion of evidence [if] 'its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. . ." *See, e.g., Skipper v. Sears Roebuck & Co.,* 1996 U.S. Dist. LEXIS 20726 at *16-17 (W.D. La) (quoting the rule). Here, the dispute over the "control house" will result in a trial-within-a-trial, which will confuse and mislead the jury. Since the "control

house" contains contaminated drywall, its sulfur levels become irrelevant to this case, because it is not one of the homes selected for trial.

Courts routinely avoid this impossible situation by recognizing that the probative value of any potentially relevant evidence that could come out of a trial-within-a-trial is outweighed under Rule 403 by the confusion which will inevitably result from conducting the side-show. *See, e.g., La Tour v. City of Fayetteville,* 442 F.3d 1094, 1099 at n.5 (8th Cir. 2006) (agreeing that "to bring in a myriad of other" issues which would require a trial-within-a-trial, "at the last moment . . . would unduly complicate the trial, unduly extend it, and that it would tend to, rather than clarify the matter, simply to confuse it further"); *Williams v. Drake,* 146 F.3d 44, 47-48 (1st Cir. 1998) ("Rule 403 allows the exclusion of evidence which, though relevant, carries unwanted baggage, such as unfair prejudice or potential juror confusion," and a trial-within-a-trial is controlled by Rule 403); *accord Gray v. Hoffman-La Roche, Inc.,* 82 Fed. Appx. 639, 650 (10th Cir. 2003); *Filar v. Chicago School Reform Bd.,* 2010 U.S. App. LEXIS 9509 at *6 (7th Cir.).

## IV.   CONCLUSION

Because the probative value is far outweighed by the risk of confusion and a trial within a trial, Plaintiffs Steering Committee respectfully requests that the Court preclude any evidence, testimony, proffers, statements, arguments, reference, inference, or innuendo regarding the "control house" during the trial of this matter.

,

Dated: June 17, 2010                                  Respectfully submitted,


                                                      s/Andrew A. Lemmon_____
                                                      ANDREW A. LEMMON (#18302)

IRMA L. NETTING (#29362)
LEMMON LAW FIRM, L.L.C.
P.O. Box 904
Hahnville, LOUISIANA 70057
(985) 783-6789 Telephone
(985) 783-1333 Facsimile
andrew@lemmonlawfirm.com


/s/ Leonard A. Davis
Russ M. Herman, Esquire
Leonard A. Davis, Esquire
Stephen J. Herman, Esquire
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin
Fred S. Longer
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

Christopher Seeger
Jeffrey S. Grand
Seeger Weiss, LLP
One William Street
New York, NY 10004
212-584-0700 (phone)
212-584-0799 (fax)
cseeger@seegerweiss.com

**PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Dawn M. Barrios<br>701 Poydras Street<br>Suite 3650<br>New Orleans, LA  70139<br>PH:  (504) 524-3300<br>Fax:  (504) 524-3313 | Daniel E. Becnel, Jr.<br>425 W. Airline Highway<br>Suite B<br>LaPlace, LA  70068<br>PH:  (985) 536-1186<br>Fax:  (985) 536-6445 |

| | |
|---|---|
| Victor M. Diaz<br>25 Flagler Street<br>8th Floor<br>Miami, FL  33130<br>PH:  (305) 358-2800<br>Fax:  (305) 358-2382<br><br>Ben Gordon<br>316 S. Baylen Street<br>Suite 600<br>Pensacola, FL  32502<br>PH:  (850) 435-7090<br>Fax:  (850) 436-6091<br><br>Jerrold Seth Parker<br>3301 Bonita Beach Road<br>Bonita Springs, FL  34134<br>PH:  (239) 390-1000<br>Fax:  (239) 390-0055<br><br>Christopher Seeger<br>One William Street<br>New York, NY  10004<br>PH:  (212) 584-0700<br>Fax:  (212) 584-0799<br><br>Scott Weinstein<br>12800 University Drive<br>Suite 600<br>Ft. Myers, FL  33907<br>PH:  (239) 433-6880<br>Fax:  (239) 433-6836 | Ervin Amanda Gonzalez<br>255 Aragon Avenue<br>Cora Gables, FL  33134<br>PH:  (305) 476-7400<br>Fax:  305) 476-7444<br><br>Hugh P. Lambert<br>701 Magazine Street<br>New Orleans, LA  70130<br>PH:  (504) 581-1750<br>Fax:  (504) 529-2931<br><br>Gerald E. Meunier<br>2800 Energy Centre<br>1100 Poydras Street<br>New Orleans, LA  70163-2800<br>PH:  (504) 522-2304<br>Fax:  (504) 528-9973<br><br>James Robert  Reeves<br>160 Main Street<br>Biloxi, MS  39530<br>PH:  (228) 374-5151<br>Fax:  (228) 374-6630<br><br>Bruce William Steckler<br>3102 Oak Lawn Ave.<br>Suite 1100<br>Dallas, TX  75219<br>PH:  (214) 523-6674<br>Fax:  (214) 520-1181 |

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Richard S. Lewis<br>HAUSFELD LLP<br>1700 K Street, N.W.<br>Suite  650<br>Washington, DC 20006<br>Phone: (202) 540-7200<br>Fax:  (202) 540-7201 | Jeremy W. Alters<br>Alters, Boldt, Brown, Rash & Culmo, P.A.<br>4141 N.E. 2nd Avenue<br>Suite 201<br>Miami, FL 33137<br>Phone: (305) 571-8550<br>Fax: (305) 571-8559 |

| | |
|---|---|
| rlewis@hausfeldllp.com<br><br>Daniel K. Bryson<br>Lewis & Roberts<br>3700 Glenwood Avenue, Suite 410<br>Raleigh, NC 27612<br>Phone: (919) 981-0191<br>Fax: (919) 981-0431<br>dkb@lewis-roberts.com | jeremy@abbrclaw.com<br><br>Richard J. Serpe, Esquire<br>Law Offices of Richard J. Serpe<br>Crown Center, Ste. 310<br>580 East Main Street<br>Norfolk, VA 23510-2322<br>rserpe@serpefirm.com |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing Plaintiffs' Motion in Limine has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court for the Eastern District of Louisiana by using CM/ECF System which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 17th day of June, 2010.

  /s/ Leonard A. Davis_____
Leonard A. Davis
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Ave.
New Orleans, LA 70113
PH: (504) 581-4892
Fax: (504) 561-6024
ldavis@hhkc.com

s/Andrew A. Lemmon_____
ANDREW A. LEMMON (#18302)
IRMA L. NETTING (#29362)
LEMMON LAW FIRM, L.L.C.
P.O. Box 904
Hahnville, LOUISIANA 70057
(985) 783-6789 Telephone
(985) 783-1333 Facsimile
andrew@lemmonlawfirm.com

Attorneys for Paul and Celeste Clement