UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| *Hernandez v. Knauf,* Case No. 2:09-cv-06050 (E.D.La.) | MAG. JUDGE WILKINSON |

## PLAINTIFFS' PETITION FOR FEES AND COSTS

I.   **INTRODUCTION**

On May 11, 2010, this Court entered judgment against defendant, Knauf Plasterboard Tianjin Co., Ltd. ("Knauf"), and in favor of plaintiffs, Tatum B. Hernandez and Charlene M. Hernandez, individually and on behalf of their minor children, Grant M. Hernandez and Amelia C. Hernandez (the "Hernandez plaintiffs"), in the amount of One Hundred Sixty-Four Thousand, Forty-Nine and 64/100 ($164,049.64), plus reasonable attorneys' fees, costs of proceedings, and legal interest from the date of judicial demand until paid.  Hernandez Rec. Doc. No. 3.  This judgment followed a non-jury trial that commenced on March 15, 2010, and culminated on March 19, 2010, for the assessment of damages caused by defective Chinese-manufactured drywall ("CDW") installed in the Hernandez plaintiffs' home in Mandeville, Louisiana.  *See id.*; Findings of Fact & Conclusions of Law ("Findings of Fact") (MDL Rec. Doc. No. 2713) at 7.  The Court has permitted plaintiffs to file a petition for fees and costs on or before June 18, 2010, in anticipation of an award of reasonable attorneys' fees and court costs pursuant to La. Civ. Code art. 2545.  Findings of Fact at 47 (*citing*, *e.g.*, *Aucoin v. Southern Quality Homes*, 984 So. 2d 685, 698 (La. 2008); *Capitol City Leasing Corp. v. Hill*, 404 So. 2d 935, 939 (La. 1981)).

II.  **STATEMENT OF FACTS**

As set forth in the Court's detailed Findings of Fact, on September 1, 2009, plaintiffs filed

suit individually and on behalf of their minor children against Knauf as the manufacturer of the CDW and other entities in the United States District Court for the Eastern District of Louisiana, alleging damages caused by defective CDW in their home. *See* Findings of Fact at 4. Their action was transferred to this MDL, and thereafter the Court dismissed all defendants from the suit, except Knauf, without prejudice. *Id*. Discovery was undertaken by the parties, and the action was tried as a bellwether case for other plaintiffs alleging damages suffered as a result of the installation of CDW in their homes. *Id*. at 4; Minute Entry, 12/10/09, at 22 (MDL Rec. Doc. No. 595).[1]

Prior to the trial in this matter, the parties entered into two stipulations pertaining to plaintiffs' redhibition claims under Louisiana law that provided, among other things, that:

- "Plaintiffs dismissed any claims in this matter against [Knauf] other than their claims in redhibition and fitness for ordinary use pursuant to La. Cod Civ. Proc. arts. 2520, *et seq*. Rec. Doc. No. 1438, ¶ 4." Findings of Fact at 5.

- "The damages sought by Plaintiffs in the Amended and Restated Complaint are not precluded under the exclusivity provisions of the Louisiana Products Liability Act. Rec. Doc. No. 1438, ¶ 5." *Id*.

- "Plaintiffs' redhibition and fitness for ordinary use claims have not prescribed in accordance with La. Code Civ. Proc. art. 2534. Rec. Doc. No. 1438, ¶ 6." *Id*.

- "[Knauf] manufactured and sold drywall contained in Plaintiffs' home. Rec. Doc.

---

[1] Accordingly, the efforts put forth by the Hernandez plaintiffs will benefit all of the other Chinese-manufactured drywall plaintiffs. *See* Hon. E. Fallon, J. Grabill, R. Wynne, "Bellwether Trials in Multidistrict Litigation," 82 TUL. L. REV. 2323 (Jun. 2008) (concluding that the use of a bellwether trial is "one of the most innovative and useful techniques for the resolution of complex cases"); *In re Chevron U.S.A., Inc.*, 109 F.3d 1016, 1019 (5th Cir. 1997) ("The notion that the trial of some members of a large group of claimants may provide a basis for enhancing prospects of settlement or for resolving common issues or claims is a sound one that has achieved general acceptance by both bench and bar.... The reasons for acceptance by bench and bar are apparent. If a representative group of claimants are tried to verdict, the results of such trials can be beneficial for litigants who desire to settle such claims by providing information on the value of the cases as reflected by the ... verdicts.").

No. 1438, ¶ 7." *Id.*

- "Plaintiffs bought certain [Knauf] drywall.  Rec. Doc. No. 1438, ¶ 8."  *Id.*

- "The drywall in Plaintiffs' home emits certain reduced sulfur gases and the drywall emits an odor.  Rec. Doc. No. 1438, ¶ 9."  *Id.*

- "Pursuant to La. Civ. Code art. 2524, the drywall in Plaintiffs' home is not fit for its ordinary and/or intended purpose and is so useless and/or inconvenient that it must be presumed that Plaintiffs would not have purchased the drywall had they known about the emissions of reduced sulfur gases and odors at the time of the sale.  Rec. Doc. No. 1438, ¶ 10."  *Id.*

- "The reduced sulfur gases from the drywall were hidden, non-apparent, and unknown to Plaintiffs at the time of delivery in accordance with La. Civ. Code art. 2530.  Rec. Doc. No. 1438, ¶ 11."  *Id.*

- "Plaintiffs gave sufficient and timely notice of the defective drywall to [Knauf]. Rec. Doc. No. 1438, ¶ 12."  *Id.*

- Plaintiffs' redhibition and fitness for ordinary use claims are not subject to an exclusion or limitation of warranty.  Rec. Doc. No. 1438, ¶ 13."  *Id.*

Based on the evidence presented at trial, the Court awarded damages to the Hernandez plaintiffs in the amount of $164,049.64, plus reasonable attorneys' fees, costs of the proceedings and legal interest from the date of judgment until payment is made.  The Hernandez plaintiffs entered into a contingency fee agreement with their counsel that provides for payment of attorneys' fees in the amount of "40% in the event a trial actually starts" "out of any award, settlement and/or judgment, before the deduction of cost and expenses...."  *See* Hernandez plaintiffs' Fee Agreement and Authority to Represent, attached hereto as Exhibit "1," at 1.  Counsel for the Hernandez plaintiffs are thus seeking an award of fees that comports with that fee agreement and equals 40%

of the gross recovery in this case, or $65,619.86, plus legal interest.[2]   In addition, Intervening Plaintiffs' Counsel are seeking the taxation of costs against Knauf in the amounts provided for by federal law and under Louisiana state law.

## III.   ARGUMENT

### A.   Counsel For the Hernandez Plaintiffs Are Entitled to the Contingency Fee Provided in Their Client Agreement

The Hernandez plaintiffs entered into a contingency fee agreement with their counsel that provides for the payment of attorneys' fees in the amount of 40% of the gross recovery in this case "in the event a trial actually starts." Exhibit "1." Accordingly, Counsel for the Hernandez plaintiffs are seeking a fee award in the amount of 40% of the judgment in this case, or $65,619.86, plus legal interest, in conformity with this agreement. This percentage is reasonable under Louisiana law. *See Norfleet v. Lifeguard Transp. Serv.*, 934 So. 2d 846, 860 (La. Ct. App. 4th Cir. 2006) (affirming attorneys fees pursuant to 40% contingency contract); *Brumfield v. Coastal Cargo Co., Inc.*, 768 So. 2d 634, 642 (La. Ct. App. 4th Cir.), *writ denied*, 772 So. 2d 658 (La. 2000) (same); *Wood v. State Farm Mut. Auto Ins. Co.*, 591 So. 2d 1266, 1271 (La. Ct. App. 3rd Cir. 1991) ("contingency fee of 40% contracted with plaintiff's attorney, is a reasonable and adequate fee").

As set forth in the Affidavit of Plaintiffs' Liaison Counsel, Russ M. Herman, attached hereto as Exhibit "2," the Hernandez plaintiffs' trial counsel expended in the aggregate in excess of 8,300 hours of attorney time (this figure does not include other professional time such as non-core trial counsel, paralegal and law clerk time) from January, 2010 through March, 2010, litigating plaintiffs' claims against Knauf. Plaintiffs' Liaison Counsel has consulted with the Court-appointed auditor

---

[2] Counsel for the Hernandez plaintiffs are not seeking a common benefit fee at this time for the work performed on behalf of all Chinese-manufactured drywall plaintiffs. At such time as the Common Benefit Counsel seek an award of fees from the Court, if there is one, Common Benefit Counsel will adjust or modify their request by taking into consideration any fees awarded and received or to be received pursuant to the current Petition.

for the relevant time period and specifically as to the Hernandez plaintiffs' trial counsel time expended in litigating the *Hernandez* trial.  Thus, if the Court awards counsel the requested amount of $65,619.86, representing 40% of the Hernandez plaintiffs' recovery, the attorneys will receive, at best, what amounts to no more than approximately $8 per core trial counsel attorney hour, which is low by any standard, and certainly "reasonable" under the circumstances.

### B.    Hernandez Plaintiffs' Counsel Are Entitled to Taxable Costs

Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs shall be allowed as a matter of course to the prevailing party."  *Todd Shipyards Corp. v. Turbine Service, Inc.*, 592 F. Supp. 380, 398 (E.D. La. 1984), *aff'd in part, rev'd in part on other grounds*, 763 F.2d 745, *reh'g denied*, 770 F.2d 164 (5th Cir. 1985).  Federal statutes define those costs that may be taxed against the losing party in litigation.  *See* 28 U.S.C. §§ 1920, 1821; *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987); *Todd Shipyards*, 592 F. Supp. at 398-99, *citing Studiengesellschaft Kohle v. Eastman Kodak*, 713 F.2d 128, 132 (5th Cir. 1983).  Plaintiffs' Counsel are seeking reimbursement of their out-of-pocket costs to the extent permitted under the law.  These costs have been itemized on the Bill of Costs, attached as Exhibit "A" to the Affidavit of Russ M. Herman (Exhibit 2 hereto)."[3]  As set forth below, 28 U.S.C. § 1920 enumerates six categories of costs that may be taxed against the losing party.

### 1.    *Fees of the clerk and marshall*

Plaintiffs' Counsel incurred $350.00 in costs to the clerk of court for the United States District Court for the Eastern District of Louisiana for the filing of their complaint.  *See* Bill of Costs, no. 1.  These costs should be taxed against Knauf.  28 U.S.C. § 1920 (1); *HEI Resources East*

---

[3] To the extent that Plaintiffs' actual costs exceed the amounts allowed to be taxed under 28 U.S.C. § 1920 and/or § 1821 or under Louisiana state law, Plaintiffs' Counsel reserve the right to seek reimbursement of those costs at a later date as part of a common benefit fee petition in the event a common benefit fund is generated.

5

*OMG Joint Venture v. S. Lavon Evans, Jr. Operating Co.*, 2010 WL 536997, *4 (S.D. Tex. Feb. 20, 2010) (allowing filing fees).

### 2. Fees for printed or electronically recorded transcripts

There were numerous necessary deposition and trial transcripts recorded in this case. The costs of those transcripts may be taxed. Courts have held that "[a] deposition may be included in costs '[i]f, at the time it was taken, [it] could reasonably be expected to be used for trial preparation.'" *HEI Resources*, 2010 WL 536997 at *4, *citing Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). "Whether a deposition or copy was necessarily obtained for use in the case is a factual determination to be made by the district court." *ARAMCO*, 920 F.2d at 285-86. And, the district court is accorded "great latitude in this determination." *Id.*

The costs for transcripts of expert testimony generated during discovery and/or used at trial are itemized in the Bill of Costs, totaling $18,496.40. *See* Bill of Costs, nos. 5-13. Plaintiffs' Counsel submit that these costs were necessary to their prosecution of the Plaintiffs' case and should be taxed against Knauf. In addition, the costs of daily transcripts for the *Hernandez* trial total $6,002.45. *See* Bill of Costs, nos. 2-3. These costs should also be taxed against Knauf under 28 U.S.C. § 1920.

### 3. Fees and disbursements for printing and witnesses

Allowable costs for witness fees and disbursements are specified in 28 U.S.C. § 1821, which provides that "a witness in attendance at any court of the United States, ... or before any person authorized to take his deposition ... shall be paid": an attendance fee "of $40 per day" for each day of attendance and for each day's travel to and from attendance; travel allowance; and subsistence allowance. 28 U.S.C. § 1821(b). Travel costs are reimbursed "at the most economical rate reasonably available." 28 U.S.C. § 1821(c)(1). Allowable costs include: coach airfare, mileage

6

($0.55/mi. in 2009 and $0.50/mi. in 2010), toll charges, taxicab fares between places of lodging and carrier terminals, and parking fees.   28 U.S.C. § 1821(c)(2)(3)(4); 5 U.S.C. § 5704; http://www.gsa.gov/Portal/gsa/ep/contentView.do?contentType=GSA_BASIC& contentId=9646.  Subsistence costs cover lodging and meals, and for New Orleans the allowable per diem costs total $204 for the relevant time period.  28 U.S.C. § 1821(d)(1)(2)(3); 5 U.S.C. § 5702; http://www.gsa.gov/Portal/gsa/ep/contentView.do?queryYear=2010&contentType=GSA _BASIC&contentId=17943&queryState=Louisiana&noc=T.

Plaintiffs' Counsel are seeking reimbursement of allowable itemized costs related to the travel expenses of the following expert witnesses who were vital to the Plaintiffs' case:  Donald Galler, PE (traveled from Boston to New Orleans) (Bill of Costs, no. 20); Dean Rutila, PE (traveled from Boston to New Orleans) (Bill of Costs, no. 16); Ray Phillips (traveled from Fort Myers, Fla. to New Orleans) (Bill of Costs, no. 17); Bradley Krantz (traveled from Delaware to New Orleans) (Bill of Costs, no. 18); David Maloney (traveled from Frederick, Maryland to New Orleans) (Bill of Costs, no. 19); Ronald Bailey, PE (traveled from Jupiter, Fla. to New Orleans) (Bill of Costs, no. 21); Alexis Mallet, Jr. (traveled from Lafayette, La. to New Orleans) (Bill of Costs, no. 22).  These costs total:  $5,889.22.

The costs that are sought at the present time comport with governing statutes but clearly are less than the actual costs expended by Plaintiffs' Counsel to try the *Hernandez* case and do not include expert fees.[4]  To the extent that Plaintiffs' Counsel have remaining out-of-pocket expenses that were for the common benefit of all plaintiffs, they reserve their right to seek reimbursement of those costs at a later date as part of a common benefit fee petition, if appropriate.

---

[4] *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987); *Chevalier v. Reliance Ins. Co. of Illinois*, 953 F.2d 877, 885-86 (5th Cir. 1992).

4. *Fees for the costs of copying*

The Fifth Circuit Court of Appeals has held that: "Before the district court can tax costs for photocopies, it must find that the copies for which costs are sought were necessarily obtained for use in the litigation.  Moreover, the party seeking such costs must offer some proof of the necessity." *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994) (citations omitted).  The Bill of Costs submitted herewith show that $39,488.07 was expended for copying, trial exhibits, and trial bench books that were used at trial.  *See* Bill of Costs, nos. 14-15.  These costs were necessary for the prosecution of the Hernandez plaintiffs' case.  The Court is well aware that numerous sets of voluminous trial exhibits were provided by plaintiffs and that extensive copying of depositions and exhibits were necessary for this trial.  Approximately 221 trial exhibits were submitted to the Court.

5. *Docket fees*

Certain docketing fees may be taxed pursuant to the schedule set forth in 28 U.S.C. § 1923.  The statute permits $20 on trial or final hearing, $5 on a motion for judgment and $2.50 for each deposition admitted into evidence.  Plaintiffs' Counsel are not seeking costs for any docket fees at this time, but they reserve the right to pursue those costs at a later date as part of a common benefit fee petition.

6. *Compensation of court-appointed experts*

Plaintiffs' Counsel are seeking costs incurred for the Court-appointed inspection of the Hernandez plaintiffs' home, which was conducted by Crawford and Company and which totaled $750.00.  *See* Bill of Costs, no. 4.  Plaintiffs' Counsel are not seeking costs for any other Court-appointed expert at this time, but they reserve the right to pursue those costs at a later date as part of a common benefit fee petition.

## IV.  <u>CONCLUSION</u>

For the reasons outlined above, Plaintiffs' Counsel respectfully requests that their Petition

8

for Fees and Costs be granted and that the Court award Plaintiffs' Counsel the requested sum of $65,619.86, plus legal interest, representing attorneys' fees equal to 40% of the Hernandez plaintiffs' recovery, and recoverable costs of $70,976.14.

Respectfully submitted,

Dated: June 18, 2010

/s/ Leonard A. Davis
Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

9

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Victor Manuel Diaz
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Aragon Avenue, 2nd Floor
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Jeremy W. Alters
Alters, Boldt, Brown, Rash & Culmo, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@abbrclaw.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Petition for Fees and Costs has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 18th day of June 2010.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhkc.com
Plaintiffs' Liaison Counsel
MDL 2047

*Co-counsel for Plaintiffs*