# EXHIBIT 1



# FACSIMILE TRANSMITTAL

## NEW ORLEANS PASSPORT AGENCY
1 CANAL PLACE, 365 CANAL STREET SUITE 1300
NEW ORLEANS, LOUISIANA 70130-6508

TO: Leonard Davis and Jeremy Epstein
FROM: Tatum Hernandez

Fee Agreement

# Fee Agreement and Authority to Represent
## (Contingency Fee)

This is an agreement between TATUM HERNANDEZ and CHARLENE HERNANDEZ, the undersigned clients (hereinafter referred to as "we," "us," or the "Clients") and the law firm of Herman, Herman, Katz & Cotlar, L.L.P. (hereinafter referred to as "Attorneys") wherein we do hereby retain and employ Herman, Herman, Katz & Cotlar, L.L.P. as our Attorneys to represent us solely and exclusively to investigate or pursue a claim against the manufacturer and distributer of Dry Wall, and the builder who installed said Dry Wall, in clients' property located at 68034 MARION STREET, MANDEVILLE, LOUISIANA 70471.

Unless a different Agreement is made in writing, this Agreement alone shall govern Attorney's and Clients' respective rights and responsibilities. It is specifically understood that Attorney's representation is limited to specific person and/or companies named as Clients and that Attorneys are not representing or expected to represent any other person or entity not named herein as Clients.

Attorney agrees to investigate, prepare, file and pursue litigation (including settlement procedures and negotiations. Attorney will provide legal services, with respect to the claim(s) described above.

We specifically authorize Attorney to undertake negotiations and/or file suit or institute legal proceedings necessary on our behalf.

We further authorize Attorney to retain and employ, at our expense, the services of any experts, as well as the services of other outside contractors, as Attorney deems necessary or expedient in representing our interests.

1) **ATTORNEYS FEES.** We acknowledge that we have been advised by Attorney that any contingency fee is negotiable. Bearing such in mind, as compensation for legal services, We agree to pay our Attorney a contingency fee out of any award, settlement and/or judgment, before the deduction of cost and expenses as set forth in Section 3 herein, as follows:

   33 1/3 % if settled without suit or placing claim on a tolling agreement
   40 % in the event suit is filed or the claim is placed on a tolling agreement
   40 % in the event a trial actually starts.

   Clients authorize Herman, Herman, Katz & Cotlar, L.L.P. to employ one or more other law firms as Associate Counsel in this matter to assist with handling of the matter. In the event another law firm is engaged as Associate Counsel, Clients shall be notified and agrees to execute all documents necessary to engage the Associate Counsel provided such engagement does not increase the amount of fee due for handling the matter.

   It is understood and agreed that this employment is upon a contingency fee basis and, if no recovery is made, we will not be indebted to my Attorney for any sum whatsoever as Attorney's Fees. If Attorney associates outside counsel to assist in the handling of this matter, we understand all Attorneys are only entitled to one fee that is divided between them, pursuant to their agreement. In the event of recovery, costs shall be paid out of my share of the recovery. The contingency fee shall apply whether recovery is by way of settlement, judgment, or otherwise.

2) **POWER OF ATTORNEY.** Attorney shall not, without first obtaining the informed consent of Clients, enter into any binding agreement to settle or compromise Clients' claims. Additionally, clients agree to make no settlement or offer of settlement without first settling with Attorney. Subject to that limitation, Clients hereby grant to Attorney a Power of Attorney to sue, to receive any and all payments, to endorse

Page 1 of 5

any and all checks, to sign any and all documents, of whatever nature, to obtain medical records and other personal information, and to do everything generally which may be necessary in the prosecution of Client's legal matters as if Clients were present. Clients agree that this power of attorney is continuous until expressly revoked by Client in writing.

3) ADVANCES AND EXPENSES (hereinafter referred to as "costs"). Attorney is authorized to incur reasonable costs, advances and expenses in performing legal services under this Agreement. Out of our recovery, in addition to paying Attorney's Fees, we agree to pay all costs Attorney incurs during the handling of this matter out of any settlement and/or judgment. Costs shall be billed to my account as they are incurred. A copy of my account shall be provided to me upon request. We hereby agree to reimburse Attorney out of the first settlement and any other settlements, if necessary. Costs may include (but are not limited to) the following: an open file fee of $125, long distance telephone charges (billed at actual cost), photocopying (.25 cents per page), postage, facsimile costs ($2.50 per page), Overnight Courier (e.g. Federal Express) or other delivery charges, medical records/bills, charts, models, photographs, blow-ups, and other demonstrative aids and evidence, deposition costs and fees, expert fees, subpoena costs, court costs, sheriff's and service fees, travel expenses (including, but not limited to, air fare, lodging, mileage (based on the rate set by the Internal Revenue Service), automobile rental charges, and meals), investigation fees; and payments made, owed, for treatment rendered to plaintiff(s), and/or guaranteed. In addition, clerical staff overtime will be charged at 1.5 times the base hourly rate paid to the staff who work that overtime. The base hourly rates for clerical staff range from $9.00 per hour to $25.00 per hour (These costs only pertain to overtime which might be required in the handing of client's specific claims.)

In addition to the above listed individual case cost, Attorneys may also charge certain common benefit costs to Clients. Common benefit cost are cost expended for the common benefit for a group of clients to pursue similar type cases. Such common benefit costs may include deposition expenses, expert expenses, investigation, computer research, jury research and other case expenses that may provide a common benefit to all as a result of client sharing in such costs. I understand that common benefit expenses will result in no one client having to solely bare the entire cost which actually benefit the group as a whole and that many of these costs that could be incurred in litigation or handling the matter may be able to be shared by claimants who are similarly situated pursuing similar type claims.

If we decide to terminate Attorney's employment, we agree to pay all costs, as set forth in this Section, out of any settlement and/or judgment ultimately obtained. If we terminate Attorney's employment and decide not to pursue this matter, I agree to pay all costs, as set forth in this section, regardless of whether there is any recovery in this matter.

If an advance deposit is being held by Attorney we agree to promptly reimburse Attorney for any amount in excess of what is being held in advance.

Advance required        ___Yes        _X_No

We agree to advance $ ___N/A___ for costs, which amount shall be deposited in Attorney's trust account and shall be applied to costs and expenses as they accrue. Should this advance be exhausted, we agree to replenish the *advance* promptly upon Attorney's request. If we fail to replenish the advance within ten (10) days of Attorney's request, Attorney shall have, in addition to other rights, the right to withdraw as our Attorney.

4) LINE OF CREDIT. In the event our attorneys find it necessary to obtain a line of credit specifically to fund the costs of our case, the interest paid by them on said line of credit and principal shall be an expense to be reimbursed with all other costs and advances out of our share of the proceeds of any judgment or settlement.

5) INTERESTS; ATTORNEY'S FEE FOR ENFORCEMENT. If any Attorney's fees or costs and expenses are not paid within ten (10) days of Attorney's mailing of statement to me, we further agree to pay interest thereafter on any balance due at the rate of twelve percent (12%) per annum. We further agree to

Page 2 of 5

pay the reasonable attorney's fee of any attorney employed by Attorney to seek enforcement of this agreement.

6) **NO GUARANTEE.** We acknowledge that my Attorney has made no promise or guarantee regarding the outcome of our legal matter. In fact, Attorney has advised me that litigation in general is risky, can take a long time, can be very costly and can be very frustrating.

7) **CANCELLATION OF AGREEMENT.** We further acknowledge that my Attorney shall have the right to cancel this agreement and withdraw from this matter if, in Attorney's professional opinion, the matter does not have merit, we do not have a reasonably good possibility of recovery, the cost of litigation exceeds the potential amount of recovery in attorney's opinion, we refuse to follow the recommendations of Attorney, we fail to abide by the terms of this agreement, and/or if Attorney's continued representation would result in a violation of the Rules of Professional Conduct, or at any other time as or if permitted under the Rules of Professional Conduct.

8) **COOPERATION.** Clients agree to cooperate with Attorney and to be available for conferences, depositions or other negotiations, including court appearances. Clients agree to review all materials sent to Clients by Attorney promptly upon receipt. In the event of inquiries, complaints, or misunderstandings which Clients may have, Clients agree to promptly bring those matters to the attention of Attorney. Clients shall keep attorney informed of Clients' current residence and business addresses, as well as residence and business telephone numbers and email address.

9) **SETTLEMENT/COMPROMISE/RELEASE/DISCONTINUANCE.** It is further agreed that neither Attorney, or those associated with Attorney, nor Clients may, without the consent of the other, settle, compromise, release, discontinue or otherwise dispose of the suit or claim mentioned above. Either party to this contract may, at anytime, file it with the Clerk of the District Court in which the suit is pending, or is to be brought, and have a copy made and served on the opposite party and due return made as in case of petitions and ordinary suits. After such service, any settlement, compromise, discontinuance, or other disposition made of the suit or claim by either Attorney or Clients without the written consent of each other shall be null and void, and the suit or claim shall be proceeded with as if no such settlement or discontinuance had been made.

10) **STATUTORY ATTORNEY'S FEES.** In the event of recovery under the provisions of the Longshore and Harbor Workers' Compensation Act, or under Louisiana Workman's Compensation laws, or under any other laws which specify attorney's fees to be paid, then the Attorney's fees shall be paid in accordance with the maximum allowed by law.

11) **ATTORNEY'S LIEN/PRIVILEGE.** We agree and understand that this contract is intended to and does hereby assign, transfer, set over and deliver unto Attorney as his fee for representation of us in this matter an interest in the claim(s), the proceeds or any recovery therefrom under the terms and conditions aforesaid, in accordance with the provisions of Louisiana Revised Statute §37:213, and that Attorney shall have the privilege afforded by Louisiana Revised Statute §9:5001.

12) **ARBITRATION OF FEE DISPUTES.** In the event of any dispute or disagreement concerning this agreement, Attorney and Clients agree to submit said dispute to binding arbitration by the Louisiana State Bar Association Lawyer Fee Dispute Resolution Program.

13) **ARBITRATION OF NON-FEE RELATED DISPUTES.** If a dispute arises between Clients and Attorney regarding legal services performed by Attorney in connection with the claim(s) covered by this Agreement such dispute shall be submitted to binding arbitration.

Such arbitration shall be conducted in accordance with the rules of Judicial Arbitration and Mediation Services. The arbitrator shall have discretion to order the losing party in the arbitration proceedings to reimburse the prevailing party for all costs and fees incurred in connection with the arbitration, including, without limitation, attorney fees and arbitrator fees.

Page 3 of 5

YOUR INITIALS BELOW SIGNIFY YOUR ACKNOWLEDGMENT OF THE FOLLOWING EXPLANATION:

> You acknowledge that Attorney has explained to you that such binding arbitration may deprive you of various rights that you otherwise might have in a legal action, including, without limitation, the right to a jury trial, the right to appeal, and full discovery rights.
>
> _____(Clients' initials) _____(Clients' initials)

14) ADDITIONAL TERMS - INTENTIONALLY OMITTED.

15) LOUISIANA LAW. This contract shall be governed by Louisiana law.

16) TERMINATION OF REPRESENTATION. We understand that we have the right to terminate the representation at any time upon written notice to that effect. We understand that we will be responsible for any fees and costs incurred prior to the discharge or termination. It is also understood that Attorney has a right to terminate representation upon written notice to that effect. We understand that should Attorney terminate said representation, we will be responsible for any fees and costs incurred prior to the discharge or termination.

17) CONFIDENTIALITY AND CONFLICT. The undersigned acknowledge that the firm may be representing multiple clients in connection with the subject matter of this fee agreement. Any communications and information may be fully disclosed by the Firm to the undersigneds, unless one of the undersigneds inform the Firm of his or her desire that a particular communication or item of information be considered confidential and be withheld from the other. You are informed that Louisiana state law requires that an attorney not disclose confidential communications or secrets of a client. Each of the undersigned hereby expressly consents to such disclosure to the other, except for communications or items of information about which he or she informs the Firm that confidentiality from the other must be maintained. Nothing in this provision is intended to authorize, under any circumstances, the Firm's disclosure of confidential communications or secrets of the undersigned to any individual or entity other than the other. If the Firm is advised that confidentiality from the other must be maintained with respect to a particular communication or item of information, the Firm will advise the other that such a request has been made, without divulging its subject matter, and will withdraw from its representation, provided the withdrawal is permitted under the Rules of Professional Conduct of the State Bar of Louisiana.

You are informed that the Rules of Professional Conduct of the State Bar of Louisiana require, before an attorney may concurrently represent two or more clients interested in the same subject matter, that the attorney inform the clients in writing of the relevant circumstances and of the actual and reasonably foreseeable adverse consequences to the clients. You are further informed that the Rules require that when the clients' interests potentially conflict, the attorney may not represent them without their informed written consent. At present there does not appear to be a potential conflict of interest or circumstances that are reasonably foreseeable that could result in adverse consequences to clients as a result of multiple representation in this case. Should circumstances arise where it appears to the Firm that there is a possibility that one or more of your interests may potentially conflict or that continued representation of multiple clients could result in reasonably foreseeable adverse consequences, the Firm will so advise you in writing and at that time disclose the nature of the potential conflict or circumstances and seek each of your consent to the Firm's continued representation despite the possibility of conflict. The Firm may withdraw from such representation if there is an actual conflict between the interests of the undersigneds, provided the withdrawal is permitted under the Rules of Professional Conduct of the State Bar of Louisiana.

You are advised that at any time you may seek your own attorney who will represent solely your own interests.

18) BANKRUPTCY PROVISIONS. Clients represent to attorneys that they are not presently, nor do they

Page 4 of 5

contemplate filing for Bankruptcy protection; that they will inform attorney should such a course of action be contemplated in the future. Clients acknowledge that any fees garnered as result from this claim are subject to such proceedings wherein they are to be scheduled as an asset by Clients. Clients further acknowledges that any expense which the Attorney may require to protect Attorney's fees from said result shall be subtracted from fees which normally would flow to Clients as their share of recovery.

19) HERMAN GEREL, LLP. We understand that Herman, Herman, Katz & Cotlar, L.L.P. and its partners are also partners in Herman Gerel, LLP, a Georgia limited liability partnership.

20) We are not tax attorneys. Our firm makes no representations regarding the tax implications of any settlement or judgment herein. Tax implications, if any, of any settlement or judgment should be made in conjunction with your accountant and/or tax attorney.

21) ENTIRE AGREEMENT. We have read this agreement in its entirety and we agree to and understand the terms and conditions set forth herein. We acknowledge that there are no other terms or oral agreements existing between Attorney and Client. This agreement may not be amended or modified in any way without the prior written consent of Attorney and Clients.

This agreement is executed by us, the undersigned Clients, on this 25 day of June, 2009.

CLIENT(S):

_____
Print Name: TATUM HERNANDEZ

_____
Print Name: CHARLENE HERNANDEZ

The foregoing agreement is hereby accepted on this _____ day of _____, 20____.

HERMAN, HERMAN, KATZ & COTLAR, L.L.P.

BY: _____
ATTORNEY
Print Name: _____

Page 5 of 5