UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABIITY LITIGATION | MDL 2047 <br> SECTION L <br> JUDGE FALLON <br> MAGISTRATE JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: | |
| SEAN AND BETH PAYTON, individually, and on behalf of all others similarly situated, et al. | |
| v. | |
| KNAUF GIPS KG; KNAUF PLASTERBOARD (TIANJIN) CO., LTD.; KNAUF PLASTERBOARD (WUHU) CO., LTD.; KNAUF PLASTERBOARD (DONGGUAN) CO., LTD., et al. | |
| CIVIL ACTION NO. 09-7628 | |

**ANSWER TO SUPPLEMENT TO CLASS ACTION COMPLAINT (I)**

NOW INTO COURT, through undersigned counsel, comes the defendant, Triumph Construction, who respectfully answers the plaintiffs' supplement to omnibus class action complaint (I), by representing the following:

1. The allegations in paragraph 4(a) do not require an answer. Defendant denies the allegations of paragraph one (1) to the extent a response is required.

2. The allegations in paragraph 2617(a) are denied. Defendant further states that there is no reasonable standard of behavior that could be applied to the defendant so as to require it to obtain any knowledge of any inherent defect. Defendant further asserts that it was not

in existence at the time of the delivery of the drywall at issue so is not a proper party as a matter of law.

3. The allegations in paragraph 2617(b) are denied. Defendant further answers by stating that it was not in position to know the ultimate source of the drywall nor did it have access to paperwork relevant to any inspections or certification(s). Defendant further answers by stating that it was a good faith purchaser and was reasonable in relying upon its supplier of materials. Defendant further answers by stating that any inspection of a foreign product is the responsibility of the appropriate federal agency, whose breach is superseding to any alleged or possible breach on the part of the defendant. Defendant further answers by stating that it was not in existence at the time of the delivery and installation of the drywall at issue and is therefore an improper party as a matter of law.

4. The allegations in paragraph 2617(c) are denied, in general. Defendant further answers by alleging that the reasoning behind the allegations is suspect. First, it assumes as its fundamental premise that a few examples of unrelated defective products from distinct and unrelated Chinese manufacturers somehow should lead to a presumption that the drywall at issue should have been presumed defective. This assertion ignores the reality that defective products and related recalls happens across all countries (including the United States of America) and across all types of product areas. When a baby items is recalled from a United States' manufacturer, should any party assume that all cradles, cribs or car seats made in the United States of America are defective? Given the recent recalls from Toyota, should all Japanese made cars be presumed to be defective? Certain recalls have been made by a U.S. producer of children's pasta, should all types of United States food products be presumed as defective? In other words, Defendant objects to the

assertion and conclusion that it should have known of that the testing of Chinese drywall was somehow inadequate or that U.S. customs safeguards were likewise inadequate.

5. The allegations in paragraph 2620(a) are denied. Defendant further answers by specifically denying any instance or decision-making paradigm that in any way led to either interdependence or any conscious conduct between this Defendant and any other defendant. Defendant's only relationship with any other defendant was his ongoing purchaser/supplier relationship with Parish Home Center. Defendant had no direct knowledge or conscious decision-making process regarding the source or the chosen manufacturer of the drywall Parish Home Center *independently* chose to purchase and supply for the Defendant.

6. The allegations in paragraph 2620(b) are denied, in general, on the basis that the Defendant has no personal knowledge regarding the ownership or operating structure of *any* Chinese manufacturing entity. The Defendant, Triumph Construction, objects to the relevance of the allegations contained in this paragraph and alleges it fails to aid or contribute any probative value to the trier of fact in determining the liability of this Defendant. The Defendant, therefore motions this paragraph be stricken as to the cause of action being brought against this Defendant.

7. The allegations contained in paragraph 2620(c) are denied, to the extent that Defendant lacks sufficient information to admit or deny the allegations contained in this paragraph. Defendant further answers by stating that even if the allegations are ultimately adjudged correct by this court they do not add to or substantiate any allegations of liability on the part of the Defendant.

8. Defendant denies the allegations in paragraph 2620(d) to the extent the Defendant lacks sufficient information to admit or deny the allegations. Defendant further answers by stating that the allegations, even if proven true, have no relevance and do not state a cause of action against the Defendant.

9. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 2620(e). Defendant further answers by stating that the facts alleged do not state a cause of action against the Defendant and even if proven true do not substantiate any of the claims for damages and/or liability against this Defendant.

10. All statements and allegations made in the answer to the original complaint are re-alleged to the extent that they are relevant to or in any way serve as answer to any of the complaints and allegations made in this amended complaint.

WHEREFORE, the defendant, Triumph Construction, L.L.C. prays that this answer to the amended complaint be deemed good and sufficient and that the claims of the plaintiffs, on behalf of themselves and all others similarly situated, against the defendant, Triumph Construction be dismissed with prejudice. Alternatively, if any liability does fall to the Defendant, Defendant prays for indemnification from Parish Enterprises, d/b/a Parish Home Center. Defendant further prays that all costs and attorney's fees resulting from this amended complaint and the answer thereto be taxed against the plaintiffs.

Respectfully Submitted:

s/ Gregory Webb
Gregory Webb, Bar Roll #32004
Attorney at Law
17487 Old Jefferson Hwy, Suite C
Prairieville, Louisiana 70769
Tel:  (225) 744-0089
Fax:  (225) 313-6190

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing ANSWER TO THE SUPPLEMENT TO CLASS ACTION COMPLAINT (I) has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 21ST day of June, 2010.

<u>s/Gregory Webb</u>