Jeremy V. Richards (CA Bar No. 102300)
Linda F. Cantor (CA Bar No. 153762)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760

Email: jrichards@pszjlaw.com
    lcantor@pszjlaw.com

Attorneys for Reorganized Woodside Group, LLC et al.



## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUSIANA

| Payton, et al,, <br><br> Plaintiffs, <br><br> v. <br><br> Knauf Gips KG, et al, <br><br> Defendants. | Civil Case No.: 09-7628 Section L <br><br> **NOTICE OF PENDENCY OF CASE UNDER CHAPTER 11 OF THE FEDERAL BANKRUPTCY CODE, OF AUTOMATIC STAY, AND OF CONFIRMATION OF PLAN AND PLAN INJUNCTION** <br><br> **[No Hearing Required]** |
|---|---|

  **PLEASE TAKE NOTICE** that on August 20, 2008, petitioning creditors John Hancock Life Insurance Company, AXA Equitable Life Insurance Company, Metropolitan Life Insurance Company, New York Life Insurance Company, and Security Life of Denver by ING Investment Management LLC, as agent (the "Petitioning Creditors"), filed an involuntary bankruptcy proceeding against Woodside Homes of Southeast Florida, LLC, under Case No. 08-20847 (the "Debtor" or "Woodside Southeast Florida") under Chapter 11 of the United States Bankruptcy Code 11 U.S.C. § 1101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California, Riverside Division (the "Bankruptcy Court"). A copy of the involuntary petition is attached hereto as Exhibit "A". On September 16, 2008 the Debtor consented to the commencement of a chapter 11 case with respect to the involuntary petition and on that date

an Order for Relief was entered against Woodside Southeast Florida. The chapter 11 case of Woodside Southeast Florida was consolidated for administrative purposes by the Bankruptcy Court with the cases of Woodside Group, LLC and its affiliated entities under lead case number 08-20682. Pachulski Stang Ziehl & Jones LLP is reorganization counsel to the Debtor and is filing this Notice for informational purposes only.

**PLEASE TAKE FURTHER NOTICE** that as a result of the pendency of the Debtor's bankruptcy case and the application of Section 362 of the Bankruptcy Code, all proceedings against the Debtor are automatically stayed. The automatic injunction granted by Section 362(a) of the Bankruptcy Code will remain in effect until the bankruptcy case is dismissed or closed, or until such earlier times as set forth in Sections 362(c), (d), (e) and (f) of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that on November 25, 2009, the Bankruptcy Court entered an order confirming the second amended joint plan of reorganization of Woodside Group, LLP and affiliated debtors, as modified (the "Plan"). The Plan became effective as of the close of business on December 31, 2009 (the "Effective Date"). As a result, Woodside Southeast Florida is a Reorganized Debtor and claims against Woodside Southeast Florida are governed by the provisions of the Plan. Paragraph 10.3 of the Plan states as follows:

> Except as otherwise set forth in the Plan, Confirmation of the Plan shall discharge the Reorganizing Debtors and the Reorganized Debtors from all Claims or other debts that arose at any time before the Effective Date, and all debts of the kind specified in Sections 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not: (a) a proof of claim based on such debt is filed or deemed filed under Section 501 of the Bankruptcy Code; (b) a Claim based on such debt is Allowed under Section 502 of the Bankruptcy Code; or (c) the holder of a Claim has accepted the Plan. As of the Effective Date, all entities that have held, currently hold or may hold a Claim or other debt or liability that is discharged or any other right that is terminated under the Bankruptcy Code or the Plan are permanently enjoined, to the full extent provided under Section 524(a) of the Bankruptcy Code, from "the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability" of the Reorganizing Debtors, the Reorganized Debtors

or the Liquidating Debtors, except as otherwise set forth in this Plan. Nothing contained in the foregoing discharge shall, to the full extent provided under Section 524(e) of the Bankruptcy Code, affect the liability of any other entity on, or the property of any other entity for, any debt of the Debtors that is discharged under the Plan.

As a consequence of the Plan's implementation, claims against Woodside Southeast Florida (or its predecessor in interest) arising prior to the Effective Date are barred except as expressly provided under the provisions of the Plan and other applicable orders of the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that contempt proceedings may be initiated against any party who participates in any violation of the automatic stay, and pursuant to the provisions of the Bankruptcy Code, the Bankruptcy Court may award actual damages, including costs and attorneys' fees, and in appropriate circumstances, awards of punitive damages to compensate the Debtor for loss arising out of violation of the automatic stay.

Dated: June 9, 2010

PACHULSKI STANG ZIEHL & JONES LLP

By _/s/ Linda F. Cantor_
Jeremy V. Richards
Linda F. Cantor
Maxim B. Litvak
Attorneys for Woodside Montrose, Inc.,
Debtor and Debtor in Possession