IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL : <br> PRODUCTS LIABILITY LITIGATION | MDL No. 2047 <br> Section L |
| This Document Relates to <br> Payton, et al., v. Knaupf Gips KG, et al, <br> Case No. 2:09-CV-7628 <br> _____/ | JUDGE FALLON <br> MAG. JUDGE WILKINSON |

**DEFENDANT K. HOVNANIAN FIRST HOMES, LLC'S MEMORANDUM
OF LAW IN SUPPORT OF ITS MOTION FOR RECONSIDERATION**

Defendant K. Hovnanian First Homes, LLC ("KHFH") hereby files this Memorandum of Law in Support of its Motion for Reconsideration filed contemporaneously herewith.

**INTRODUCTION**

Plaintiffs filed an Omnibus Class Action Complaint in this action (the "Complaint") against multiple Defendants, including KHFH.  Because there is no absolutely connection between KHFH and the State of Louisiana, KHFH moved to dismiss the complaint for lack of personal jurisdiction ("Motion to Dismiss").  [DE 2090].  KHFH also filed a Motion to Stay Discovery Pending Resolution of its Motion to Dismiss.  [DE 2091].  Through the Motion to Stay Discovery Pending Resolution of its Motion to Dismiss, KHFH sought to avoid the expense and burden of responding to any pending or future merit-based discovery, as well as the completion of the Builder Profile Form, during the pendency of its Motion to Dismiss for Lack of Personal Jurisdiction.

Although the Court has not specifically ruled on the Motion to Stay Discovery Pending Resolution of its Motion to Dismiss that KHFH filed in this case, on June 2, 2010, the Court denied a similar motion to stay (the "Motion to Stay") [DE 2904], which KHFH filed in Wiltz et al, v. Beijing Nee Building Materials, et al., Case No.  2:10-CV-0361 (the "Order").  [DE 3445].

In the Order, the Court indicated that the profile forms "provide useful information to both the parties and the Court and [] allow for more streamlined discovery, and [] assist the Court in resolving pending motions." [DE 3445]. The Court also stated at the monthly status conference that the purpose of the profile forms "is not to burden the parties," and that "if the parties find submission of the profile forms to be burdensome [they should] contact the Court." (May 27, 2010 Minute Entry.)

As we discuss below, completion of the Builder Profile Form would impose an undue burden on KHFH, which cannot be justified in light of this Court's lack of jurisdiction over KHFH. For this reason, KHFH respectfully requests that the Court reconsider the Order.

## ARGUMENT

### A.   Completion of the Profile Forms Imposes an Undue Burden on KHFH

The Builder Profile Form contains seven distinct categories. KHFH has submitted the requisite Builder Profile Forms to liaison counsel with complete information as to the first three sections. The remaining sections, however, require production of information that would impose a significant burden on KHFH. Specifically, completion of those sections would require KHFH to investigate each individual Plaintiff's claim, review voluminous internal documentation, review internal and external correspondence, provide what may amount to admissions of liability, and then provide extensive back-up documentation. This exercise would transcend the stated purpose of the profile forms, and amount to extensive, substantial discovery that should not be required in light of the Court's lack of personal jurisdiction, and that should not be required prior to a determination of KHFH's Motion to Dismiss for Lack of Personal Jurisdiction.

MDL NO.: 2047 (Section: L) Fallon/ Wilkinson
(This Document Relates to Case No. 2:09-CV-7628)

As set forth more fully in the Motion to Stay Discovery Pending Resolution of its Motion to Dismiss filed in this case, KHFH's request is consistent with the holdings of courts within the Fifth Circuit, which have routinely held that when the lack of personal jurisdiction over a defendant is clear and the discovery would serve no purpose, it should not be permitted. *See, e.g., Paolino v. Argyll Equities, LLC*, 401 F. Supp. 2d 712, 722 (W.D. Tex. 2005) (denying even jurisdictional discovery because the lack of personal jurisdiction was clear and therefore the discovery would serve no purpose); *Tschirn v. Kurzweg*, 2003 WL 21087741, *2 (E.D. La. 2003) (unpublished) (granting a motion for stay of all discovery pending a ruling on a motion to dismiss for lack of jurisdiction and recognizing that if plaintiff "is allowed to conduct discovery at this time, the parties will incur the expense of litigating over the scope of the discovery and conducting the discovery and this may be unnecessary"); *Dykes v. Maverick Motion Picture Grp.*, 2009 WL 3053738, *2 n.1 (M.D. La. 2009) (unpublished) (refusing to permit merit discovery and recognizing that certain defendants "will be dismissed should they prevail on their jurisdictional arguments, so there is no need for merits discovery relating to them (or by them, about others) until and unless they actually lose their jurisdictional arguments").

The Plaintiffs' Steering Committee (the "PSC") has recently argued that the profile forms are necessary to properly "align the parties with their insurers and their insurance policies." [DE 3681 at p. 4]   The PSC also referenced Rule 26 initial disclosures to provide a basis for the information sought in the profile forms. *Id*. at p. 2.

The PSC's argument has no application to KHFH.  Because KHFH has never maintained a business office in Louisiana and has never engaged in any business activity of any kind in Louisiana – let alone an activity that in any way involves a resident of Louisiana – the PSC

3

cannot offer any argument to support this Court's exercise of personal jurisdiction over KHFH. KHFH, therefore, is <u>not a proper party</u> to this action.

Accordingly, KHFH respectfully requests that the Court reconsider its Order, and stay the heavy burden of completing Sections IV through VII of the Builder Profile Forms until such time as the Court has had the opportunity to rule on KHFH's Motion to Dismiss.

**B.      Separate and Apart from the Profile Form, KHFH Should Not Be Obligated to Respond to Merits-Based Discovery Pending a Resolution of its Motion to Dismiss**

Additionally, notwithstanding the Court's lack of personal jurisdiction over KHFH, Plaintiffs and certain Defendants have begun to serve general discovery on all of the Homebuilders, including KHFH. Both the Motion to Stay and KHFH's Motion to Stay Discovery Pending Resolution of its Motion to Dismiss filed in this case sought relief from not only the Builder Profile Forms, but also any pending or future merits-based discovery pending resolution of KHFH's Motion to Dismiss. Although the Order denied the entirety of the Motion to Stay, the Order did not specifically address this additional relief requested. Accordingly, KHFH would ask that the Court reconsider or clarify the denial of the Motion to Stay with respect to this specific issue as well.

Reconsideration of this specific issue would be consistent with the Court's more recent Order dated June 3, 2010 [DE 3491], wherein the Court asked for response briefing from the Plaintiffs regarding whether the issuance of a stay is appropriate with regard to other motions to stay pending a determination of personal jurisdiction.

**CONCLUSION**

Based on the foregoing arguments and authorities, KHFH respectfully requests that the Court reconsider its Order denying KHFH's Motion to Stay, and grant such other and further relief that this Court deems appropriate.

MDL NO.: 2047 (Section: L) Fallon/ Wilkinson
(This Document Relates to Case No. 2:09-CV-7628)

Dated: June 22, 2010

        Respectfully submitted,

        BILZIN SUMBERG BAENA PRICE
        & AXELROD LLP
        Attorneys for Defendant, KHFH
        2500 Wachovia Financial Center
        200 South Biscayne Boulevard
        Miami, Florida 33131
        Tel.: (305)374-7580   Fax: (305)374-7593

BY:    /s/ *Melissa Pallett-Vasquez*
        ROBERT W. TURKEN, ESQ.
        Florida Bar No. 306355
        rturken@bilzin.com
        ADAM F. HAIMO, ESQ.
        Florida Bar No. 502731
        ahaimo@bilzin.com
        MELISSA PALLETT-VASQUEZ, ESQ.
        Florida Bar No.  715816
        mpallett@bilzin.com

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing Memorandum of Law in Support of KHFH's Motion for Reconsideration, has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 22th day of June, 2010.

        By: /s/ *Melissa Pallett-Vasquez*
             Melissa Pallett-Vasquez

MIAMI 2208233.1 7860333069