UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID GROSS, et al., ) | |
| ) | CASE NO.: 09-6690 |
| Plaintiffs, ) | |
| ) | MDL 2047 |
| v. ) | |
| ) | |
| KNAUF GIPS KG, et al., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT, L'OASIS BUILDERS' MOTION TO DISMISS

Defendant, L'OASIS BUILDERS, INC. ("L'Oasis"), moves this Honorable Court for dismissal of this action naming L'Oasis as a party due to Plaintiffs' failure to state of cause of action for which relief can be granted under Rule 12(b)(6), and due to lack of *in personam* jurisdiction over this Defendant pursuant to Rule 12(b)(2), Federal Rules of Civil Procedure. In support thereof states as follows:

1. In this Chinese Drywall class actions, Defendant L'Oasis has been named a member of the Defendant/builder-developer sub-class solely arising from work on one home as owned by Manuel and Jessica Reinoso. See Plaintiffs' Complaint, ¶969; ¶1227 and Schedule 2, No. 162.

2. L'Oasis has been sued in this action without any legal or factual basis. There are no facts to assert the Reinoso's home contains Chinese Drywall. This house was built in 2002 years before any evidence of Chinese Drywall having been used in construction of South Florida homes by any drywall supplier or homebuilder.

3. Regardless, the only possible purported members of the Plaintiffs' or Intervening Plaintiffs' class affected by any drywall allegedly installed by L'Oasis or its subcontractors are Manuel and Jessica Reinoso.

4. There are no other allegations throughout this lengthy Complaint that L'Oasis installed defective drywall in the homes of any other possible members of the Plaintiff class, nor in any homes outside of Palm Beach County, Florida where the Reinoso property is located.

5. L'Oasis at best built one home in any way at issue in these proceedings.

6. L'Oasis is not in the same category or situation as manufacturers, importers, or builders involved in numerous of these claims.

7. According to Plaintiffs' Complaint, L'Oasis maintains its only place of business in Royal Palm Beach, Florida and is organized under the laws of the State of Florida. See Plaintiffs' Complaint ¶1227.

8. L'Oasis does business only in the State of Florida and does not do, nor has it ever done, any business in the State of Louisiana.

9. L'Oasis does not have an office in the State of Louisiana or an agent for the service of process in Louisiana. It will work a severe hardship on Defendant to be forced to litigate these matters in this Court.

10. Because the Plaintiffs' allegations as to L'Oasis arise out of the installation of drywall in Florida, and because L'Oasis has no contacts, substantial or otherwise, with Louisiana, this Court cannot exercise *in personam* jurisdiction over this Defendant.

11. Generally, due process dictates that in order for a party, absent from the territory of the forum, to be subject to the forum's court's *in personam* jurisdiction, he must have certain minimum contacts with the forum "such that the maintenance of the suit does not offend

'traditional notions of fair play and substantial'" International Shoe Co. v. Washington, 326 U.S. 310 (1945) quoting Milliken v. Myer, 311 U.S. 457 (1940).

12. Where federal court has subject matter jurisdiction over an action pursuant to a federal statute, it may exert personal jurisdiction over the defendant in one of two ways: pursuant to an express authorization for nationwide service in the federal statute, or pursuant to a long-arm statute of the state in which the court sits. See Barry v. Mortgage Servicing Acquisition Corp., 909 F. Supp. 65 (D-R.I. 1995). If the federal statute does not provide for nationwide services, then personal jurisdiction is governed by the forum state's long-arm statute. See Lorelei Corp. v. County of Guadalupe, 940 F.2d 717, 720 (1st Cir. 1991).

13. The legal standard for establishing personal jurisdiction over a non-resident under Louisiana's long-arm statute was set forth by Judge Vance of this Court as follows:

> Louisiana's long-arm statute extends jurisdiction to the full limits of due process. L.A. REV. STAT. § 13:3201(B). The exercise of personal jurisdiction over a nonresident defendant satisfies due process when (1) the defendant has purposefully availed itself of the benefits and protection of the forum state by establishing "minimum contacts" with that state, and (2) exercising personal jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." Latshaw, 167 F.3d at 211 (citing International Shoe Co. v. State of Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)). The contacts with the forum state must be such that the defendant "should reasonably anticipate being haled into court" there. Latshaw, 167 F.3d at 211 (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980)).
>
> Personal jurisdiction may be either specific or general. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); Wilson v. Belin, 20 F.3d 644, 647 (5th Cir. 1994). A court may exercise specific jurisdiction over a nonresident defendant when the claim asserted against the defendant arises out of or relates to his contacts with the forum state. See Helicopteros, 466 U.S. at 414 n. 8; Wilson, 20 F.3d at 647. To determine whether specific jurisdiction exits, courts examine whether the defendant purposefully availed itself of

the privileges of conducting activities in the forum state, and whether the cause of action arises out of or relates to those activities. *See Guidry*, 188 F.3d at 625; *D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 547-48 (5th Cir. 1985). A single act by the defendant directed at the forum state can be enough to confer personal jurisdiction if the cause of action arises out of that act. *See Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 419 (5th Cir. 1993). A court may exercise general jurisdiction over the defendant when the defendant has engaged in "systematic and continuous" activities in the forum state. *See Helicopteros*, 466 U.S. at 414 n. 9; *Wilson*, 20 F.3d at 647. Contacts between a defendant and the forum state must be "extensive" to satisfy the "systematic and continuous" test. *Submersible Systems, Inc. v. Perforadora Central, S.A. de C.V.*, 249 F.3d 413, 419 (5th Cir. 2001).

El Paso Productions GOM, et al. v. Latham C. Smith, 2005 WL 167588 (E.D. La.).

14. Because L'Oasis' tortious actions, if at all, as alleged in Plaintiffs' Complaint did not occur in Louisiana, there can be no specific jurisdiction over L'Oasis. Likewise, because L'Oasis has absolutely no contacts, substantial or otherwise, with Louisiana, there can be no general jurisdiction as to this Defendant.

WHEREFORE, L'Oasis Builders, Inc. moves for its dismissal and for an Order directing that the Reinoso plaintiffs having any claims against it adjudicate such claims in a Florida state court, and for all other relief as justice requires.

Dated: June 22, 2010.

                                                    Respectfully submitted,

By:   /s/ Steven G. Schwartz
       Steven G. Schwartz, Esquire
       Schwartz & Horwitz, PLC
       6751 North Federal Highway
       Suite 400
       Boca Raton, FL 33487
       Telephone: 561-395-4747
       Facsimile: 561-367-1550
       sgs@sandhlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion to Dismiss has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail, or by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 22nd day of June, 2010.

/s/ Steven G. Schwartz
Steven G. Schwartz, Esq.

L:\OPEN FILES\100451\Pleadings\MTD-MDL-2047-L'Oasis-jg.doc