UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOYCE W. ROGERS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> KNAUF GIPS KG, et al., <br><br> Defendants. | CASE NO. 10-362 <br> SECT. L, MAG 2 <br><br> MDL 2047 |

## DEFENDANT, LAVISH HOLDING CORP.'S AMENDED MOTION TO DISMISS AND SUPPORTIVE MEMORANDUM OF LAW

Defendant, LAVISH HOLDING CORP. ("Lavish"), moves this Honorable Court for dismissal of any Plaintiff, Ferroni's claim against it in this Class Action due to Plaintiffs' failure to state of cause of action for which relief can be granted under Rule 12(b)(6), and due to lack of *in personam* jurisdiction over this Defendant pursuant to Rule 12(b)(2), Federal Rules of Civil Procedure. In support thereof states as follows:

1.  This is one of several overlapping Chinese Drywall class actions. In this class action, Defendant Lavish has been named a Defendant-builder by class member-homeowner Peter Ferroni. See Plaintiffs' Complaint, ¶607 and Schedule "2", No. 70.

2.  Lavish has been sued in this action without any legal basis as it was *not* the builder of any Plaintiff's home but rather a separate later-formed entity from Deerfield Court Townhomes, LLC. Deerfield Court, *not* Lavish, built a few select homes which would be in any way relevant to these proceedings. Deerfield Court Townhomes, not Lavish, is the only proper party to be sued. For reasons below, however, there is no valid cause of action in this Court

against Lavish or Deerfield Court Townhomes. Solely for purposes of this Motion Lavish and Deerfield Court Townhomes are treated as one entity.

3. The only possible purported members of the Plaintiffs' class affected by any drywall allegedly installed by Lavish, Deerfield Court or its subcontractors are the few homeowners who live in the townhomes in this Deerfield Beach, Florida small community, no one else.

4. There are no other allegations that Lavish installed defective drywall in the homes of any other possible members of the Plaintiff class, nor in any homes outside the Deerfield Court townhome community located in Deerfield Beach, Florida in which Atttard, Batsch, Bautista, Benes, Dow, Ferroni, Johnson, Tinney and Worthington purchased units.

5. The Deerfield Court community of Deerfield Beach, Florida in which these few homeowners purchased townhomes consists of only 23 units.

6. Lavish is not in the same category or situation as manufacturers, importers, and wholesalers of the Chinese drywall involved in numerous of these claims. These Deerfield Court unit-owners' claims can and should be handled in Florida state court.

7. According to Plaintiffs' Complaint, the affected properties in any way involving Lavish are all situated in Broward County, Florida.

8. According to Plaintiffs' Complaint, Lavish maintains its principal place of business in Boca Raton, Florida and is organized under the laws of the State of Florida.

9. Lavish does business only in the State of Florida and does not do, nor has it ever done, any business in the State of Louisiana.

10. Lavish does not have an office in the State of Louisiana or an agent for the service of process in Louisiana. It will work a severe hardship on Defendant to be forced to litigate these matters in this Court.

11. Because the Plaintiffs' allegations as to Lavish arise out of the installation of drywall in Florida, and because Lavish has no contacts, substantial or otherwise, with Louisiana, this Court cannot exercise *in personam* jurisdiction over this Defendant.

## MEMORANDUM OF LAW

12. Generally, due process dictates that in order for a party, absent from the territory of the forum, to be subject to the forum's court's *in personam* jurisdiction, he must have certain minimum contacts with the forum "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial'" International Shoe Co. v. Washington, 326 U.S. 310 (1945) quoting Milliken v. Myer, 311 U.S. 457 (1940).

13. Where federal court has subject matter jurisdiction over an action pursuant to a federal statute, it may exert personal jurisdiction over the defendant in one of two ways: pursuant to an express authorization for nationwide service in the federal statute, or pursuant to a long-arm statute of the state in which the court sits. See Barry v. Mortgage Servicing Acquisition Corp., 909 F. Supp. 65 (D-R.I. 1995). If the federal statute does not provide for nationwide services, then personal jurisdiction is governed by the forum state's long-arm statute. See Lorelei Corp. v. County of Guadalupe, 940 F.2d 717, 720 (1st Cir. 1991).

14. The legal standard for establishing personal jurisdiction over a non-resident under Louisiana's long-arm statute was set forth by Judge Vance of this Court as follows:

> Louisiana's long-arm statute extends jurisdiction to the full limits of due process. L.A. REV. STAT. § 13:3201(B). The exercise of personal jurisdiction over a nonresident defendant satisfies due process when (1) the defendant has purposefully availed itself of

3

the benefits and protection of the forum state by establishing "minimum contacts" with that state, and (2) exercising personal jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Latshaw*, 167 F.3d at 211 (citing *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)). The contacts with the forum state must be such that the defendant "should reasonably anticipate being haled into court" there. *Latshaw*, 167 F.3d at 211 (*citing World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980)).

Personal jurisdiction may be either specific or general. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994). A court may exercise specific jurisdiction over a nonresident defendant when the claim asserted against the defendant arises out of or relates to his contacts with the forum state. *See Helicopteros*, 466 U.S. at 414 n. 8; *Wilson*, 20 F.3d at 647. To determine whether specific jurisdiction exits, courts examine whether the defendant purposefully availed itself of the privileges of conducting activities in the forum state, and whether the cause of action arises out of or relates to those activities. *See Guidry*, 188 F.3d at 625; *D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 547-48 (5th Cir. 1985). A single act by the defendant directed at the forum state can be enough to confer personal jurisdiction if the cause of action arises out of that act. *See Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 419 (5th Cir. 1993). A court may exercise general jurisdiction over the defendant when the defendant has engaged in "systematic and continuous" activities in the forum state. *See Helicopteros*, 466 U.S. at 414 n. 9; *Wilson*, 20 F.3d at 647. Contacts between a defendant and the forum state must be "extensive" to satisfy the "systematic and continuous" test. *Submersible Systems, Inc. v. Perforadora Central, S.A. de C.V.*, 249 F.3d 413, 419 (5th Cir. 2001).

El Paso Productions GOM, et al. v. Latham C. Smith, 2005 WL 167588 (E.D. La.).

15. Because Lavish's tortious actions as alleged in Plaintiffs' Complaint did not occur in Louisiana, there can be no specific jurisdiction over Lavish. Likewise, because Lavish has absolutely no contacts, substantial or otherwise, with Louisiana, there can be no general jurisdiction as to this Defendant.

16. Moreover, one or more of these same homeowners represented by the same attorneys, have earlier commenced Florida state court actions raising these identical claims. Specifically, these state actions are already pending: <u>Geoffrey Johnson and Aiasha Johnson v. Lavish Holding Corp.</u>, in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Case No. 50-2009-CA-035125; <u>Kevin Batsch v. Lavish Holding Corp.</u>, in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Case No. 50-2009-CA-038416; <u>Marjorie Tinney v. Lavish Holding Corp.</u>, in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Case No. 50-2009-CA-035126; and, <u>George Worthington and Adria Worthington v. Deerfield Court Townhomes, LLC</u>, in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. CACE 09068039 (21). It is grossly abusive and improper to subject Lavish and/or Deerfield Court Townhomes to duplicative and vexatious litigation by the identical or related Plaintiffs in both the state and federal courts.

17. If more than one lawsuit is instituted for a single cause of action, the cause of action is said to have been split. The pendency of the first lawsuit may be pleaded in abatement of the second. <u>Graziano v. Pennel</u>, 371 F.2d 761 (2nd Cir. 1967) (diversity); <u>Sutcliffe Storage and Warehouse Co. v. United States</u>, 162 F.2d 849 (1st Cir. 1947) (federal question); 1 B.J. Moore, Jay Lucas and T. Currier, <u>Moore's Federal Practice</u> §0.410[2], at 366(1988); <u>see also</u>, <u>Wilson v. Wilson</u>, 104 B.R. 303, 14 Fed.R.Serv. 3d 1365 (1989).

18. Although the doctrine against splitting a cause of action is not often applicable where actions are pending simultaneously in state and federal courts, it can be applied by federal courts in appropriate circumstances when a prior state action is pending. <u>Graziano</u>, <u>supra</u> at 761-64.

19. Florida law provides "that all damages sustained or occurring to one as a result of a single unlawful act must be claimed and recovered in one action or not at all." Gaynon v. Statum, 151 Fla. 793, 796 (Fla. 1942). Likewise, the Eleventh Circuit has noted that "Florida law is clear that '[t] the rule against splitting causes of action makes it incumbent upon plaintiff to raise all available claims involving the same circumstances in one action.'" Aquatherm Indus., Inc. v. Florida Power & Light, 84 F. 3d 1388, 1395 (11th Cir. 1996).

20. This rule applies with equal force in the class action context. Kelecseny v. Chevron, USA, Inc., 2009 WL 4262603 (S.D. Fla.), citing In Re Teflon Prods. Liab. Litig., 254 FRD 354, 367 (S.D. Iowa 2008).

21. The state court actions should control as first in time, particularly where there is serious question as to any personal jurisdiction over this Defendant in the federal forum.

22. Accordingly, Lavish's motion to dismiss, directing that these claims against it be litigated in the Florida state courts should be granted.

23. Alternatively, though not conceding federal jurisdiction over Lavish Holdings for such claims, this class action suit is also abusive because two other identical Chinese Drywall Class Actions have also been filed in this Court, both of which also naming Lavish Holdings as an interested defendant. Homeowner Ferroni, one of those suing in the instant action, joined others suing for this same cause of action in the MDL drywall class action, Gross (Benes) v. Knauf, Case No. 09-6690. Yet other Deerfield Court homeowners, Gildardo and Kelley Monge and Thomas Filardo, joined Lavish Holdings in the MDL drywall class action Wiltz v. Knauf, Case No. 10-361. As all of these Deerfield Court homeowners are necessarily similarly situated in any suit against Lavish Holdings, to the extent their state court lawsuits (first in time to any MDL actions) do not control, then at worst the Wiltz MDL as the first federal class action in

which Lavish was listed as a defendant should control so as to not impose on Lavish Holdings the unreasonable burden to defend 3 overlapping federal class actions.

WHEREFORE, Lavish Holding Corp. moves this Court to dismiss Lavish Holding Corp. from these proceedings, to direct that plaintiffs having any claims against Lavish Holdings adjudicate such claims in the Florida state court; or, alternatively, that these plaintiffs' claims must be litigated in the Wiltz Class Action; and for all other relief as justice requires.

Dated: June 23, 2010.

Respectfully submitted,

By: /s/ Steven G. Schwartz
Steven G. Schwartz, Esquire
Schwartz & Horwitz, PLC
6751 North Federal Highway
Suite 400
Boca Raton, FL 33487
Telephone: 561-395-4747
Facsimile: 561-367-1550
sgs@sandhlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Amended Motion to Dismiss has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail, or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 23d day of June, 2010.

/s/ Steven G. Schwartz
Steven G. Schwartz, Esq.

L:\OPEN FILES\100496\Pleadings\Amd MTD-MDL2047 Rogers jg.doc