UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KENNETH AND BARBARA WILTZ, Individually, and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>BEIJING NEW BUILDING MATERIALS PUBLIC LIMITED CO., et al.,<br><br>        Defendants. | CASE NO. 10-361<br>SECT. L, MAG 2<br><br>MDL 2047 |

## DEFENDANT, LAVISH HOLDING CORP.'S AMENDED MOTION TO DISMISS AND SUPPORTIVE MEMORANDUM OF LAW

Defendant, LAVISH HOLDING CORP. ("Lavish"), moves this Honorable Court for dismissal of Plaintiffs, Monge and Filardo's Class Action Complaint as to this Defendant due to Plaintiffs' failure to state of cause of action for which relief can be granted under Rule 12(b)(6), and due to lack of *in personam* jurisdiction over this Defendant pursuant to Rule 12(b)(2), Federal Rules of Civil Procedure. In support thereof states as follows:

1. This is one of several overlapping Chinese Drywall class actions. In this class action, Lavish has been named a Defendant herein by homeowners Gildardo and Kelley Monge and Thomas Filardo. See Plaintiffs' Complaint, ¶628 and Schedule 3, No. 117.

2. Lavish has been sued in this action without any legal basis as it was not the builder of any Plaintiff's home but rather a separate later-formed entity from Deerfield Court Townhomes, LLC. Deerfield Court, not Lavish, built only a few select homes which would be in any way relevant to these proceedings. Deerfield Court Townhomes, not Lavish, is the only proper party to be sued. For reasons below, however, there is no valid cause of action in this

Court against Lavish or Deerfield Court Townhomes. Solely for purposes of this Motion Lavish and Deerfield Court Townhomes are treated as one entity.

3. The only possible purported members of the Plaintiffs' class affected by any drywall allegedly installed by Lavish or its subcontractors are those few homeowners who purchased townhomes built by Lavish or Deerfield Court in Deerfield Beach, Florida, including Gildardo and Kelley Monge and Thomas Filardo.

4. There are no other allegations that Lavish installed defective drywall in the homes of any other possible members of the Plaintiff class, nor in any homes outside the Deerfield Court townhome community located in Deerfield Beach, Florida in which Monge, Filardo or their fellow Deerfield Court homeowners purchased units.

5. The Deerfield Court community of Deerfield Beach, Florida consists of only 23 units.

6. Lavish is not in the same category or situation as manufacturers, importers, and wholesalers of the Chinese drywall involved in numerous of these claims. These Deerfield Court unit-owners' claims can and should be handled in Florida state court.

7. According to Plaintiffs' Complaint, the affected properties in any way involving Lavish are all situated in Broward County, Florida.

8. According to Plaintiffs' Complaint, Lavish maintains its principal place of business in Boca Raton, Florida and is organized under the laws of the State of Florida.

9. Lavish does business only in the State of Florida and does not do, nor has it ever done, any business in the State of Louisiana.

10.    Lavish does not have an office in the State of Louisiana or an agent for the service of process in Louisiana. It will work a severe hardship on Defendant to be forced to litigate these matters in this Court.

11.    Because the Plaintiffs' allegations as to Lavish arise out of the installation of drywall in Florida, and because Lavish has no contacts, substantial or otherwise, with Louisiana, this Court cannot exercise *in personam* jurisdiction over this Defendant.

## MEMORANDUM OF LAW

12.    Generally, due process dictates that in order for a party, absent from the territory of the forum, to be subject to the forum's court's *in personam* jurisdiction, he must have certain minimum contacts with the forum "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial'" International Shoe Co. v. Washington, 326 U.S. 310 (1945) quoting Milliken v. Myer, 311 U.S. 457 (1940).

13.    Where federal court has subject matter jurisdiction over an action pursuant to a federal statute, it may exert personal jurisdiction over the defendant in one of two ways: pursuant to an express authorization for nationwide service in the federal statute, or pursuant to a long-arm statute of the state in which the court sits. See Barry v. Mortgage Servicing Acquisition Corp., 909 F. Supp. 65 (D-R.I. 1995). If the federal statute does not provide for nationwide services, then personal jurisdiction is governed by the forum state's long-arm statute. See Lorelei Corp. v. County of Guadalupe, 940 F.2d 717, 720 (1st Cir. 1991).

14.    The legal standard for establishing personal jurisdiction over a non-resident under Louisiana's long-arm statute was set forth by Judge Vance of this Court as follows:

> Louisiana's long-arm statute extends jurisdiction to the full limits of due process. L.A. REV. STAT. § 13:3201(B). The exercise of personal jurisdiction over a nonresident defendant satisfies due process when (1) the defendant has purposefully availed itself of

3

the benefits and protection of the forum state by establishing "minimum contacts" with that state, and (2) exercising personal jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Latshaw*, 167 F.3d at 211 (citing *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)). The contacts with the forum state must be such that the defendant "should reasonably anticipate being haled into court" there. *Latshaw*, 167 F.3d at 211 (*citing World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980)).

Personal jurisdiction may be either specific or general. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994). A court may exercise specific jurisdiction over a nonresident defendant when the claim asserted against the defendant arises out of or relates to his contacts with the forum state. *See Helicopteros*, 466 U.S. at 414 n. 8; *Wilson*, 20 F.3d at 647. To determine whether specific jurisdiction exits, courts examine whether the defendant purposefully availed itself of the privileges of conducting activities in the forum state, and whether the cause of action arises out of or relates to those activities. *See Guidry*, 188 F.3d at 625; *D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 547-48 (5th Cir. 1985). A single act by the defendant directed at the forum state can be enough to confer personal jurisdiction if the cause of action arises out of that act. *See Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 419 (5th Cir. 1993). A court may exercise general jurisdiction over the defendant when the defendant has engaged in "systematic and continuous" activities in the forum state. *See Helicopteros*, 466 U.S. at 414 n. 9; *Wilson*, 20 F.3d at 647. Contacts between a defendant and the forum state must be "extensive" to satisfy the "systematic and continuous" test. *Submersible Systems, Inc. v. Perforadora Central, S.A. de C.V.*, 249 F.3d 413, 419 (5th Cir. 2001).

El Paso Productions GOM, et al. v. Latham C. Smith, 2005 WL 167588 (E.D. La.).

15. Because Lavish's tortious actions as alleged in Plaintiffs' Complaint did not occur in Louisiana, there can be no specific jurisdiction over Lavish. Likewise, because Lavish has absolutely no contacts, substantial or otherwise, with Louisiana, there can be no general jurisdiction as to this Defendant.

4

16. Moreover, one or more of these same homeowners represented by the same attorneys, have earlier commenced Florida state court actions raising these identical claims. Specifically, these state actions are already pending: Geoffrey Johnson and Aiasha Johnson v. Lavish Holding Corp., in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Case No. 50-2009-CA-035125; Kevin Batsch v. Lavish Holding Corp., in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Case No. 50-2009-CA-038416; Marjorie Tinney v. Lavish Holding Corp., in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Case No. 50-2009-CA-035126; and, George Worthington and Adria Worthington v. Deerfield Court Townhomes, LLC, in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. CACE 09068039 (21). It is grossly abusive and improper to subject Lavish and/or Deerfield Court Townhomes to duplicative and vexatious litigation by the identical or related Plaintiffs in both the state and federal courts.

17. If more than one lawsuit is instituted for a single cause of action, the cause of action is said to have been split. The pendency of the first lawsuit may be pleaded in abatement of the second. Graziano v. Pennel, 371 F.2d 761 (2nd Cir. 1967) (diversity); Sutcliffe Storage and Warehouse Co. v. United States, 162 F.2d 849 (1st Cir. 1947) (federal question); 1 B.J. Moore, Jay Lucas and T. Currier, Moore's Federal Practice §0.410[2], at 366(1988); see also, Wilson v. Wilson, 104 B.R. 303, 14 Fed.R.Serv. 3d 1365 (1989).

18. Although the doctrine against splitting a cause of action is not often applicable where actions are pending simultaneously in state and federal courts, it can be applied by federal courts in appropriate circumstances when a prior state action is pending. Graziano, supra at 761-64.

5

19.     Florida law provides "that all damages sustained or occurring to one as a result of a single unlawful act must be claimed and recovered in one action or not at all." Gaynon v. Statum, 151 Fla. 793, 796 (Fla. 1942). Likewise, the Eleventh Circuit has noted that "Florida law is clear that '[t] the rule against splitting causes of action makes it incumbent upon plaintiff to raise all available claims involving the same circumstances in one action.'" Aquatherm Indus., Inc. v. Florida Power & Light, 84 F. 3d 1388, 1395 (11th Cir. 1996).

20.     This rule applies with equal force in the class action context. Kelecseny v. Chevron, USA, Inc., 2009 WL 4262603 (S.D. Fla.), citing In Re Teflon Prods. Liab. Litig., 254 FRD 354, 367 (S.D. Iowa 2008).

21.     The state court actions should control as first in time, particularly where there is serious question as to any personal jurisdiction over this Defendant in the federal forum.

22.     Accordingly, Lavish's motion to dismiss, directing that these claims against it be litigated in the Florida state courts should be granted.

23.     Alternatively, though not conceding federal jurisdiction over Lavish Holdings for such claims, this Class Action suit is also abusive because two other identical Chinese Drywall Class Actions were also filed in this Court, both of which also naming Lavish Holdings as an interested defendant. Homeowners Monge and Filardo suing in the instant action, are necessarily similarly situated with Peter Ferroni suing for this same cause of action in the MDL drywall class action, Rogers v. Knauf, Case No. 10-362. Yet other Deerfield Court homeowners, Attard, Batsch, Bautista, Benes, Dow, Ferroni, Johnson, Tinney and Worthington joined Lavish Holdings in the MDL drywall class action Gross v. Knauf, Case No. 09-6690. As all of these Deerfield Court homeowners are necessarily similarly situated in any suit against Lavish Holdings, to the extent their state court lawsuits (first in time to any MDL actions) do not