UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED ) <br> DRYWALL PRODUCTS ) <br> LIABILITY LITIGATION ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> Case No. 10-361 ) <br> *Kenneth and Barbara Wiltz v. Beijing New* ) <br> *Building materials Public Limited Co., et al.* ) <br> ) | MDL NO. 2047 <br><br> SECTION: L <br><br> JUDGE FALLON <br> MAG. JUDGE WILKINSON |

## DEFENDANT LAVISH HOLDING'S
## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendant Lavish Holding Corp. ("Lavish") has been named as a party defendant herein by one or several Florida homeowners. Lavish has filed a Motion to Dismiss on both jurisdictional and other grounds. This Memorandum is submitted in support of such Motion pursuant to FRCP, Rule 12(b)(6) and Local Rules.

1. Plaintiffs have failed to properly state any legal basis to assert in personam jurisdiction over this Florida homebuilder, even assuming Lavish was the builder of any of Plaintiffs' homes, which it was not.

2. Generally, due process dictates that in order for a party, absent from the territory of the forum, to be subject to the forum's court's *in personam* jurisdiction, he must have certain minimum contacts with the forum "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial'" International Shoe Co. v. Washington, 326 U.S. 310 (1945) quoting Milliken v. Myer, 311 U.S. 457 (1940).

3. Where federal court has subject matter jurisdiction over an action pursuant to a federal statute, it may exert personal jurisdiction over the defendant in one of two ways: pursuant to an express authorization for nationwide service in the federal statute, or pursuant to a long-arm

statute of the state in which the court sits. See Barry v. Mortgage Servicing Acquisition Corp., 909 F. Supp. 65 (D-R.I. 1995). If the federal statute does not provide for nationwide services, then personal jurisdiction is governed by the forum state's long-arm statute. See Lorelei Corp. v. County of Guadalupe, 940 F.2d 717, 720 (1st Cir. 1991).

4. The legal standard for establishing personal jurisdiction over a non-resident under Louisiana's long-arm statute was set forth by Judge Vance of this Court as follows:

> Louisiana's long-arm statute extends jurisdiction to the full limits of due process. L.A. REV. STAT. § 13:3201(B). The exercise of personal jurisdiction over a nonresident defendant satisfies due process when (1) the defendant has purposefully availed itself of the benefits and protection of the forum state by establishing "minimum contacts" with that state, and (2) exercising personal jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." Latshaw, 167 F.3d at 211 (citing International Shoe Co. v. State of Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)). The contacts with the forum state must be such that the defendant "should reasonably anticipate being haled into court" there. Latshaw, 167 F.3d at 211 (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980)).
>
> Personal jurisdiction may be either specific or general. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); Wilson v. Belin, 20 F.3d 644, 647 (5th Cir. 1994). A court may exercise specific jurisdiction over a nonresident defendant when the claim asserted against the defendant arises out of or relates to his contacts with the forum state. See Helicopteros, 466 U.S. at 414 n. 8; Wilson, 20 F.3d at 647. To determine whether specific jurisdiction exits, courts examine whether the defendant purposefully availed itself of the privileges of conducting activities in the forum state, and whether the cause of action arises out of or relates to those activities. See Guidry, 188 F.3d at 625; D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc., 754 F.2d 542, 547-48 (5th Cir. 1985). A single act by the defendant directed at the forum state can be enough to confer personal jurisdiction if the cause of action arises out of that act. See Ruston Gas Turbines, Inc. v. Donaldson Co., 9 F.3d 415, 419 (5th Cir. 1993). A court may exercise general jurisdiction over the defendant when the defendant has engaged in "systematic and continuous" activities in the forum

> state. *See Helicopteros*, 466 U.S. at 414 n. 9; *Wilson*, 20 F.3d at 647. Contacts between a defendant and the forum state must be "extensive" to satisfy the "systematic and continuous" test. *Submersible Systems, Inc. v. Perforadora Central, S.A. de C.V.*, 249 F.3d 413, 419 (5th Cir. 2001).

El Paso Productions GOM, et al. v. Latham C. Smith, 2005 WL 167588 (E.D. La.).

5. Because Lavish's tortious actions as alleged in Plaintiffs' Complaint did not occur in Louisiana, there can be no specific jurisdiction over Lavish. Likewise, because Lavish has absolutely no contacts, substantial or otherwise, with Louisiana, there can be no general jurisdiction as to this Defendant.

6. Moreover, one or more of these same homeowners represented by the same attorneys, have earlier commenced Florida state court actions raising these identical claims. Specifically, these state actions are already pending: *Geoffrey Johnson and Aiasha Johnson v. Lavish Holding Corp.*, in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Case No. 50-2009-CA-035125; *Kevin Batsch v. Lavish Holding Corp.*, in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Case No. 50-2009-CA-038416; *Marjorie Tinney v. Lavish Holding Corp.*, in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Case No. 50-2009-CA-035126; and, *George Worthington and Adria Worthington v. Deerfield Court Townhomes, LLC*, in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. CACE 09068039 (21). It is grossly abusive and improper to subject Lavish and/or Deerfield Court Townhomes to duplicative and vexatious litigation by the identical or related Plaintiffs in both the state and federal courts.

7. If more than one lawsuit is instituted for a single cause of action, the cause of action is said to have been split. The pendency of the first lawsuit may be pleaded in abatement

3

of the second. Graziano v. Pennel, 371 F.2d 761 (2nd Cir. 1967) (diversity); Sutcliffe Storage and Warehouse Co. v. United States, 162 F.2d 849 (1st Cir. 1947) (federal question); 1 B.J. Moore, Jay Lucas and T. Currier, Moore's Federal Practice §0.410[2], at 366(1988); see also, Wilson v. Wilson, 104 B.R. 303, 14 Fed.R.Serv. 3d 1365 (1989).

8. Although the doctrine against splitting a cause of action is not often applicable where actions are pending simultaneously in state and federal courts, it can be applied by federal courts in appropriate circumstances when a prior state action is pending. Graziano, supra at 761-64.

9. Florida law provides "that all damages sustained or occurring to one as a result of a single unlawful act must be claimed and recovered in one action or not at all." Gaynon v. Statum, 151 Fla. 793, 796 (Fla. 1942). Likewise, the Eleventh Circuit has noted that "Florida law is clear that '[t] the rule against splitting causes of action makes it incumbent upon plaintiff to raise all available claims involving the same circumstances in one action.'" Aquatherm Indus., Inc. v. Florida Power & Light, 84 F. 3d 1388, 1395 (11th Cir. 1996).

10. This rule applies with equal force in the class action context. Kelecseny v. Chevron, USA, Inc., 2009 WL 4262603 (S.D. Fla.), citing In Re Teflon Prods. Liab. Litig., 254 FRD 354, 367 (S.D. Iowa 2008).

11. The state court actions should control as first in time, particularly where there is serious question as to any personal jurisdiction over this Defendant in the federal forum.

12. Accordingly, Lavish's motion to dismiss, directing that these claims against it be litigated in the Florida state courts should be granted.

13. Alternatively, though not conceding federal jurisdiction over Lavish Holdings for such claims, this class action suit is also abusive because two other identical Chinese Drywall

4

Class Actions have also been filed in this Court, both of which also naming Lavish Holdings as an interested defendant. Homeowner Ferroni, one of those suing in the instant action, joined others suing for this same cause of action in the MDL drywall class action, Gross (Benes) v. Knauf, Case No. 09-6690. Yet other Deerfield Court homeowners, Gildardo and Kelley Monge and Thomas Filardo, joined Lavish Holdings in the MDL drywall class action Wiltz v. Knauf, Case No. 10-361. As all of these Deerfield Court homeowners are necessarily similarly situated in any suit against Lavish Holdings, to the extent their state court lawsuits (first in time to any MDL actions) do not control, then at worst the Wiltz MDL as the first federal class action in which Lavish was listed as a defendant should control so as to not impose on Lavish Holdings the unreasonable burden to defend 3 overlapping federal class actions.

WHEREFORE, Lavish Holding Corp. moves this Court to dismiss Lavish Holding Corp. from these proceedings, to direct that plaintiffs having any claims against Lavish Holdings adjudicate such claims in the Florida state court; or, alternatively, that these plaintiffs' claims must be litigated in the Wiltz Class Action; and for all other relief as justice requires. Defendant incorporates its Motion to Dismiss filed simultaneously herewith.

Dated: June 25, 2010.

                              Respectfully submitted,

By: /s/ Steven G. Schwartz
      Steven G. Schwartz, Esquire
      Schwartz & Horwitz, PLC
      6751 North Federal Highway
      Suite 400
      Boca Raton, FL 33487
      Telephone: 561-395-4747
      Facsimile: 561-367-1550
      sgs@sandhlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Support of Motion to Dismiss has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail, or by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 25th day of June, 2010.

/s/ Steven G. Schwartz
Steven G. Schwartz, Esq.

L:\OPEN FILES\100492\Pleadings\Memo Support MTD-Wiltz-jg.doc