**MINUTE ENTRY**
**FALLON, J.**
**JUNE 24, 2010**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  CHINESE-MANUFACTURED   * | | MDL Docket No. 2047 |
| DRYWALL PRODUCTS           * | | |
| LIABILITY LITIGATION        * | | SECTION L |
| * | | |
| * | | JUDGE FALLON |
| This document relates to All Cases   * | | |
| * | | MAGISTRATE JUDGE WILKINSON |
| * | | |

* * * * * * * * * * * * * * * * * *

The monthly status conference was held on this date in the Courtroom of Judge Eldon E. Fallon.  The Court first met in Chambers with Liaison Counsel and the Chairs of the Steering Committees.  At the conference, counsel reported to the Court on topics set forth in Joint Report No. 12.  This monthly status conference was transcribed by Ms. Karen Anderson Ibos, Official Court Reporter.  Counsel may contact Ms. Ibos at (504) 589-7776 to request a copy of the transcript.  A summary of the monthly status conference follows.

     I.    PRE-TRIAL ORDERS

All Pre-Trial Orders are posted on the court's website located at **www.laed.uscourts.gov** which has a tab that links directly to "Drywall MDL".  The Court's website also includes other postings relevant to the litigation.

    The Court has issued the following Pre-Trial Orders:

    Pre-Trial Order No. 1 entered June 15, 2009 – Initial Case Management

Pre-Trial Order No. 1A entered August 28, 2009 – Counsel must Enter Appearances for Served Parties or risk Default Judgment

Pre-Trial Order No. 1B entered October 9, 2009 – Amending Pre-Trial Order No. 1 to clarify the preservation of physical evidence during home remediation.

Pre-Trial Order No. 1C entered November 24, 2009 – Lifting the stay on motion practice, but continuing all motions filed in the MDL without date. Pursuant to a November 25, 2009 Order, all motion practice in the *Gross* matter (09-6690) is stayed.

Pre-Trial Order No. 1D entered January 8, 2010 – Clarifies Pre-Trial Order 1C and lifts the stay with regard to responsive pleadings.

Pre-Trial Order No. 1E entered February 12, 2010 – Regarding stay of responsive pleadings in *Gross.*

Pre-Trial Order No. 1F entered March 9, 2010-Clarifying the deadline dates for responsive pleadings, notices of appearance, profile forms, and alleviating the need to file motions for extensions in all cases.

Pre-Trial Order No. 1G entered May 27, 2010-Further clarifying deadlines for notices of appearances, profile forms, and responsive pleadings in all cases.

Pre-Trial Order No. 2 entered June 16, 2009 – Notice to Transferor Court

Pre-Trial Order No. 2A entered September 18, 2009 – Means of Tracking Remands in MDL 2047

Pre-Trial Order No. 3 entered July 6, 2009 – Designation of Plaintiffs' Liaison Counsel

Pre-Trial Order No. 4 entered July 6, 2009 – Designation of Defendants' Liaison Counsel

Pre-Trial Order No. 5 entered July 6, 2009 – Contact Information

Pre-Trial Order No. 5A entered July 9, 2009 – Counsel Contact Information Form

Pre-Trial Order No. 6 entered July 21, 2009 – Electronic Service (LexisNexis)

Pre-Trial Order No. 7 entered July 27, 2009 – Appointment Defendants' Steering Committee

Pre-Trial Order No. 7A entered August 4, 2009 – Amending PTO 7 re: Defendants' Steering Committee

Pre-Trial Order No. 7B entered August 27, 2009 – Amending PTO 7 re: list containing Defendants' Steering Committee and lists responsibilities for same

Pre-Trial Order No. 8 entered July 28, 2009 – Appointing Plaintiffs' Steering Committee

Pre-Trial Order No. 9 entered July 28, 2009 – Time and Billing Guidelines/Submissions

Pre-Trial Order No. 10 entered August 21, 2009 – All parties to provide PLC or DLC with photographic catalog of markings, brands, endtapes and other identifying markers found in affected homes by August 26, 2009. PSC and DSC to collect and submit data to the Court and inspection company for TIP a joint catalog of data to assist in training of inspections no later than August 28, 2009.

Pre-Trial Order No. 11 entered August 17, 2009 - Profile forms to be distributed to appropriate parties and filed and returned on or before September 2, 2009

Pre-Trial Order No. 12 entered August 25, 2009 – Court will prepare final version of Distributor Profile Form.

Pre-Trial Order No. 12A entered August 25, 2009 – Court adopted Distributor Profile Form be distributed to appropriate parties and returned to DLC Kerry Miller on or before 9/8/09, either electronically or by hard copy

Pre-Trial Order No. 13 entered August 27, 2009 – Court institutes and will supervise Threshold Inspection Program (TIP). Court appoints Crawford & Company to carry out the inspections.

Pre-Trial Order No. 13(A) entered November 24, 2009 – Amending the Threshold Inspection Program (TIP).

Pre-Trial Order No. 14 entered September 24, 2009 - Court approves Exporter, Importer or Broker Profile Form, and provides requirements for issuance and return of the form.

Pre-Trial Order No. 14(A) entered October 13, 2009 – Court approves a revised Exporter, Importer or Broker Defendant Profile Form.

Pre-Trial Order No. 15 entered September 25, 2009 – Counsel must provide privilege log for documents withheld in response to discovery requests. Also, the accidental production of privileged information does not constitute a waiver of the privilege.

Pre-Trial Order No. 16 entered September 25, 2009 – Pertains to the disclosure, use and protection of confidential information produced during the course of this MDL.

Pre-Trial Order No. 17 entered November 2, 2009 – Recognizing and Confirming KPT's Agreement to Accept Service of PSC's Omnibus Class Action Complaint.

Pre-Trial Order No. 18 entered November 5, 2009 – Appointing Phillip A. Wittmann to be the Homebuilders and Installers Liaison Counsel.

Pre-Trial Order No. 19 entered March 18, 2010—Appointing a State and Federal Coordination Committee.

Pre-Trial Order No. 20 entered April 6, 2010 – Appointment of Insurer Steering Committee.

Pre-Trial Order No. 21 entered April 6, 2010 – Retailer Profile Form.

Pre-Trial Order No. 22 entered April 27, 2010 – Privileged communications relating to PTO 20.

Pre-Trial Order No. 23 entered April 27, 2010 – Insurer Profile Form.

Pre-Trial Order No. 24 entered April 27, 2010 – Subpoenas/30(b)(6) depositions issued re insurance.

## II.     PROPERTY INSPECTIONS

Crawford & Company ("Crawford") inspected thirty (30) homes initially pursuant to Pre-Trial Order No. 13 and the revised inspection protocol. No additional inspections have taken place; however, Crawford is prepared to continue inspections upon notice from the parties or the Court.

## III.    PLAINTIFF AND DEFENDANT PROFILE FORMS

In Pre-Trial Orders 11 and 12A, the Court approved a Plaintiff Profile Form, a Defendant Manufacturers' Profile Form, a Contractor/Installer Profile Form, a Builder Defendant Profile Form and a Defendant Distributor Profile Form. In Pre-Trial Order 14, the Court approved the Importer/Exporter/Broker Profile Form. In Pre-Trial Order No. 21, the Court approved the Retailer Profile Form, and in Pre-Trial Order No. 23, the Court approved the Insurer Profile Form. Also, on May 17, 2010, the Court issued an Order [Doc. 3158] that the current Contractor/Installer

Defendant Profile Form remains unaltered and continues to apply to the present litigation. Completed and signed profile forms must be submitted timely pursuant to Pre-Trial Orders 1F and 1G by all parties, and all parties are to continue to supplement responses as additional information is received. As new parties are added to the MDL, plaintiffs are to respond to the Plaintiff Profile Form within 40 days of filing a Complaint, and defendants are to respond to the appropriate profile form within 40 after service of a Complaint on that defendant.

Several insurance companies have filed Motions for Protective Orders requesting that the Court stay submissions of Insurer Profile Forms pending resolution of motions filed by insurance companies. On June 1, 2010, the Court issued an Order [Rec. Doc. 3445] and stated that the purpose of the profile forms is to provide useful information to both the parties and the Court, and to allow for more streamlined discovery, not to burden the parties. The Court directed the parties to comply with the pretrial order and properly submit profile forms on a timely basis. Several Insurers already have submitted profile forms.

The Court stated that the profile forms are not meant to be cumbersome, but are to provide basic information that assists all sides of the case. Without profile forms, interrogatories become too generalized and time consuming.

The PSC has become aware that certain Plaintiff Profile Forms are deficient. The PSC informed the Court that it will remedy the deficiencies once it gets a list such forms.

IV.     PRESERVATION ORDER

On October 9, 2009, the Court issued Pre-Trial Order No. 1B, clarifying the protocol for the preservation of physical evidence during home remediation. Pre-Trial Order No. 1 continues in effect regarding documents/ESI.

V.     STATE/FEDERAL COORDINATION

At the status conference on August 11, 2009, the Court instructed the PSC and DSC to confect separate subcommittees on state and federal coordination. On March 18, 2010, the Court entered Pre-Trial Order No. 19 appointing State and Federal Coordination Committees.

Dawn Barrios, Chair of the State/Federal Coordination Committee, submitted to the Court an updated disk containing information on state court Chinese drywall proceedings. The members of this Committee are currently working on tracking motions in the state courts.

### VI. STATE COURT TRIAL SETTINGS

Defendants advised the Court, to the best of their knowledge, of the following at the status conference on June 24, 2010:

1) All trial settings in state court that are set over the next 12 months;

2) All pending discovery motions in state court cases;

3) All dispositive motions pending in state court cases; and

4) Any state court issues that should be discussed as a matter of state/federal coordination.

In addition to the foregoing, the PSC advised the Court of all motions that are pending regarding tag-along cases and, to the extent known, assisted in advising the Court regarding the above mentioned matters.

On May 27, 2010, an Order granting Plaintiffs' Motion for Class Certification and Providing for Notice was issued in the case of *Jason Harrell and Melissa Harrell, individually, on behalf of their minor children, and on behalf of all other similarly situated, vs. South Kendall Construction Corp., et* al, In the Circuit Court of the 11th Judicial Circuit In and for Miami-Dade County, Florida, Case No. 09-08401 CA (42).

The trial of the *Armin G. Seifart and Lisa M. Gore Seifart vs. Knauf Gips KG, et al*, In the Circuit Court of the 11th Judicial Circuit In and for Miami-Dade County, Florida, Case No. 09-38887 CA 01 (42) concluded on June 18, 2010 and resulted in a plaintiff's verdict.

Judge Mary Jane Hall of Norfolk Circuit Court in Norfolk, Virginia has scheduled a number of trials in the consolidated Chinese drywall cases before her court. Each trial will involve five cases. The first trial is set for January 18, 2010, the second on February 7, 2010, the third on March 7, 2010, and the fourth on April 11, 2010.

Judge Peter Weinstein of the Broward County Circuit Court in Florida has scheduled a Chinese drywall trial for September 2010.

### VII.   MOTIONS IN THE MDL

PLC has provided to the Court and the various Liaison Counsel a master database that sets forth the identification of pending motions, the parties who filed the motion, the docket number and other relevant information so that the Court can have an index of substantive motions pending in this matter. PLC and Liaison Counsel will coordinate so that the Court is provided with a master database report on an ongoing basis. It is anticipated that the index will assist the Court pursuant to the directive given by the Court on September 8, 2009 to counsel for Plaintiffs and Defendants to indicate which motions needed to be heard on an expedited basis and to prioritize such motions and further set forth scheduling deadlines with respect to such motions.

On November 29, 2009, the Court issued Pre-Trial Order No. 1C which allows parties to file motions before the MDL Court and provides that the motions will be continued without date, unless a motion is specifically excepted from the continuance set forth in the Pre-Trial Order and further that the Court will organize and prioritize the continued motions and in due course, set the motions for hearing and further that no responses to the motions are due until two (2) weeks before

the hearing date set by the Court. On January 8, 2010, Pre-Trial Order 1D was issued to clarify Pre-Trial Order 1C and lifts the stay with regard to responsive pleadings. On February 12, 2010, the Court issued Pre-Trial Order No. 1E which clarifies filings of responsive pleadings and motion practice in the *Gross* matter (09-6690).

On June 1, 2010, the Court issued an Order [Doc. 3491] relating to certain Motions to Dismiss for Lack of Personal Jurisdiction and Motions for Protective Order Objecting to Plaintiffs' Document and Corporate Deposition requests pursuant to Pre-Trial Order No. 24. The Court ordered the PSC to file responses to the motions and a response was filed with the Court on June 11, 2010 [Doc. 3681].

The Court met with members of the Steering Committees to discuss a briefing and hearing schedule for certain insurers' motions.

### VIII.   DISCOVERY ISSUES

On September 2, 2009, the PSC provided its First Set of Discovery Requests on Defendants. Numerous meet and confers have taken place between the parties in an attempt to narrow issues in dispute. The meet and confers included topics relating to hard copy document production, ESI and also addressed the FRCP 30(b)(6) deposition notices that were provided to Defendants on September 2, 2009.

On October 19, 2009, the 30(b)(6) deposition of the La Suprema entities took place. On December 16 and 17, 2009, the 30(b)(6) deposition of Venture Supply and Porter Blaine entities took place. The 30(b)(6) deposition of Mazer Super Discount Store took place on January 29, 2010. The 30(b)(6) deposition of Interior/Exterior Building Supply, LP took place on February 5, 2010. The 30(b)(6) deposition of Black Bear Gypsum Supply took place on April 1, 2010. Additionally, the 30(b)(6) deposition of the Lennar entities has been postponed and is to be rescheduled at a later

date. No other Defendants' 30(b)(6) depositions have been scheduled as of yet. The PSC has also cross-noticed a number of state court depositions.

On October 15, 2009, the HSC propounded Personal Jurisdiction Interrogatories and Request for Production of Documents to Knauf Gips KG in connection with Knauf Gips' objection to personal jurisdiction. Also, on October 30, 2009, the PSC propounded its First Set of Interrogatories and Request for Production Concerning Jurisdictional Issues to Defendants, Knauf Gips KG, Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd. and Knauf Plasterboard (Dongguan) Co., Ltd. (See Section XIX, *infra*.) On December 4, 2009, the Knauf entities provided responses to plaintiffs' and the HSC's discovery requests and on January 4, 2010 Knauf Gips provided some documents responsive to the jurisdictional discovery requests. The Knauf Defendants continue to supplement discovery responses and the parties have had additional meet and confers, and are attempting to resolve their disputes. Furthermore the parties anticipate providing an agreed upon Case Management Order for jurisdictional discovery.

The PSC has issued a number of subpoena duces tecums and deposition notices to various defendants seeking production and information relating to insurance policies. On April 27, 2010, the Court issued Pre-Trial Order No. 24 advising that the subpoenas shall be treated as document requests and served pursuant to Rule 34 of the Federal Rules of Civil Procedure and that Defendants shall respond within twenty (20) days of entry of the Order or thirty (30) days after service of the subpoena (now Rule 34 requests), whichever is later in time, and further ordered that the depositions are continued without date, to be rescheduled without the necessity of re-subpoena, if necessary, to a mutually agreeable date, at least ten (10) days thereafter.

On April 21, 2010, Knauf Plasterboard (Tianjin) Co. Ltd. issued a First Set of Interrogatories and Request for Production of Documents to Plaintiffs and to Homebuilders

regarding warehouses. Responses have been provided by the various parties.

## IX. FREEDOM OF INFORMATION ACT/PUBLIC RECORDS REQUESTS

Several Freedom of Information Act/Public Records Requests have been made by Plaintiffs and Defendants. Any party desiring to receive information regarding requests and the status of responses are directed to contact their respective Liaison Counsel, who will make the information available.

Upon receipt of Freedom of Information Act/Public Records Requests, the PLC and Defendants have been and will continue to transmit copies pursuant to the other party's request.

On April 2, 2010, the Consumer Products Safety Commission and the Department of Housing and Urban Development issued *Interim Remediation Guidance for Homes with Corrosion from Problem Drywall.* The Task Force developed interim guidance that focuses on the replacement of problem drywall and building components for which drywall induced corrosion might cause a safety problem. In sum, the interim remediation guidance for homes with problem drywall calls for the replacement of:

1. All possible problem drywall;

2. All fire safety alarm devices (including smoke alarms and carbon monoxide alarms);

3. All electrical components and wiring (including outlets, switches and circuit breakers); and

4. All gas service piping and fire suppression sprinkler systems.

It further recommends that all testing and remediation work should be conducted in compliance with applicable building codes, occupational safety and health standards and environmental regulations. A complete copy of the report and recommendation can be obtained form the U.S. Consumer Products Safety Commission's website located at **www.cpsc.gov**.

Also, on May 25, 2010, the U.S. Consumer Products Safety Commission issued a Release #10-243 identifying manufacturers of problem drywall made in China. A copy of the Release can be obtained from the U.S. Consumer Products Safety Commission's website referenced above.

### X.    TRIAL SETTINGS IN FEDERAL COURT

The Court has advised that it plans to establish "Bellwether" trials (see Minute Entry dated July 9, 2009 [Doc. 111]). The Court has further advised that any such trials will be limited to property damage only. *Id.* at sect. IV;  The parties have been discussing the protocol and procedure for selecting Bellwether trial candidates. The PSC suggests a sufficient representative sample of cases be selected with regard to geography, concentration of properties, distinctive facts and legal issues. The Defendants suggest that the selection of Bellwether plaintiffs must be limited to the approximately 31 plaintiffs that have submitted profile forms where personal injuries are not claimed. A list of these plaintiff properties has been made available to the PSC and the Court. The parties continue to discuss the selection of Bellwether trials.

The *Germano, et al v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd, et* al, Case No. 2:09-cv-6687 (E.D.La.) case was tried in February, 2010. On April 8, 2010, the Court issued its Findings of Fact & Conclusions of Law [Doc. 2380]. On May 24, 2010, the Intervening Plaintiffs' Counsel filed a Petition for Fees and Costs [Doc. 3248]. On May 26, 2010, Plaintiffs filed a motion to certify a national class for claims against Taishan Gypsum Co. Ltd. [Doc. 3293]. On June 10, 2010, Taishan Gypsum filed a Notice of Appeal in the *Germano* proceeding. On June 10, 2010, Taishan Gypsum filed a Notice of Appeal in response to the Court's confirmation of the default judgment in the *Germano* matter. Counsel for Taishan Gypsum has proposed a deadline of July 7, 2010 to advise the Court whether it will move to vacate the default judgment, and, if so,

to propose a briefing schedule.  Also, on June 15, 2010, Taishan filed a Consent Motion for Extension of Time to Submit Briefing In Response to Intervening Plaintiffs' Counsel's Petition for Fees and Costs in *Germano* matter.  The Court granted this Motion and awaits briefing from Taishan.

Taishan Gypsum has also advised that it may have been served in several federal court actions, and that it intends, with full reservation of all rights and defenses, to participate in those actions, and has filed a Notice of Appearance to that effect.

The *Tatum B. Hernandez and Charlene M. Hernandez, individually and obo their minor children, Grant M. Hernandez and Amelia C. Hernandez versus Knauf Gips KG, et al*, Case No. 2:09-cv-06050 (E.D. La.) case was tried in March, 2010.  On April 27, 2010, the Court issued its Findings of Fact & Conclusions of Law [Doc. 2713].  On May 10, 2010, the Court issued a Judgment in the *Hernandez* individual case [Doc. 3], as well as in the MDL [Doc. 3012].  On June 10, 2010, KPT filed a Notice of Appeal.  The Court issued a Scheduling Order on June 17, 2010 [Doc. 3821] and on June 18, 2010, the PSC filed a Petition for Fees and Costs in connection with the *Hernandez* judgment [Doc. 3822].  The Scheduling Order requires that defendants file its opposition to the motion by July 2, 2010, that plaintiffs file any reply to defendant's opposition by July 9, 2010, and that a hearing shall take place on July 28, 2010.

The *John Campbell v. KPT, et al,* Case No. 2:09-cv-7628 (E.D.La.) and *Paul Clement & Celeste Schexnaydre v. KPT, et al*, Case No. 2:09-cv-7628 (E.D. La.) cases were set to begin trial on June 21, 2010.  On June 18, 2010, the *Clement/Schexnaydre* and *Campbell* cases were settled.

XI.     FILINGS IN THE MDL

The parties also continue to discuss the prospect of direct filings and acceptance of service with Defendants under such circumstances maintaining Defendants' objections as to personal

jurisdiction and other defenses, including the right to return cases to the originating venue for trial purposes. Plaintiffs assert this process allows for multiple plaintiffs to file claims in one matter (see Minute Entry dated July 9, 2009 [Doc. 111]).  Six (6) suppliers have advised that they will consent to direct filings in the MDL and one (1) supplier has a specific reservation.  Builders have advised that they are willing to accept service of any cases, but are not willing to agree to direct filings in the MDL.

### XII.   NOTICES OF APPEARANCE AND DEFAULT JUDGMENTS

Pursuant to Pre-Trial Order 1A, counsel must file Notices of Appearances for all parties served in MDL cases or risk entry of a default judgment.  On December 15, 2009, the PSC filed a Notice to Defendants of Initially Relevant Pre-Trial Orders [Doc. 617] and suggested that all named Defendants in the *Gross v. Knauf Gips* case (see Section XVI, *infra.*) familiarize themselves with Pre-Trial Orders issued by the Court, as well as the Court's website.  On January 20, 2010, the PSC also filed a Notice to Defendants of the Court's Lifting of the Stay With Regard to Responsive Pleadings [Doc. 770]. Counsel making an appearance are encouraged to familiarize themselves with the same information.

### XIII.   INSURANCE ISSUES

On April 6, 2010, the Court issued Pre-Trial Order No. 20 creating an Insurer Steering Committee and appointing Judy Y. Barrasso as Lead Counsel for the Committee. Since that time, both PLC and DLC have communicated with Ms. Barrasso.  In accordance with the Order issued by the Court on June 10, 2010 [Doc. 3684], the parties have met and conferred and submitted to the Court a proposed briefing and hearing schedule for various Jurisdictional and Venue Motions and various Homeowner's Insurers' motions.

On June 15, 2010, the United States Judicial Panel on Multidistrict Litigation issued an Order denying transfer to MDL 2047 of three (3) motions involving insurance coverage litigation.

### XIV.   HOMEBUILDER AND INSTALLER ISSUES

On March 4, 2010, the Homebuilders' and Installers' Liaison Counsel filed an Ex Parte Motion to Appoint Lead Counsel for Installers [Rec. Doc. 1540]. On March 18, 2010, the Court appointed Robert V. Fitzsimmons of Kirk & Caldwell for lead counsel of the Installers [Doc. 1870] and directed him to assist and coordinate Installers' issues with the Homebuilders' and Installers' Liaison Counsel.

### XV.    SERVICE OF PLEADINGS ELECTRONICALLY

The LexisNexis File & Serve System has been established for the service of pleadings electronically in the MDL in order to facilitate service to all counsel. All counsel are required pursuant to Pre-Trial Order No. 6 to serve pleadings both through LexisNexis and the Electronic Filing System (ECF) of the Eastern District of Louisiana Court. Pre-Trial Order No. 6 governs service of pleadings electronically and sets forth the procedure required for all counsel to register with LexisNexis. Lexis Nexis will hold a training session for those interested in room C311 following the June monthly status conference.

In addition to the foregoing, the parties have been advised that LexisNexis is in the process of establishing a system that allows for tracking state cases involving Chinese drywall.

### XVI.   MASTER COMPLAINT

The PSC is in the process of drafting a Master Complaint. The Court noted that a Master Complaint cannot be created until Plaintiffs have finished filing and serving all Omnibus Complaints.

### XVII.   CLASS ACTION COMPLAINT (INDETERMINATE DEFENDANT)

On October 7, 2009, a Class Action Complaint (Indeterminate Defendant), *Gross, et al v. Knauf Gips KG, et al*, Case No. 2:09-cv-06690 (E.D.La.), was filed with the Court and on October 19, 2009, an amendment was filed. Service of the complaint has been accomplished on all of the domestic defendants that can presently be located. Efforts to locate the remaining domestic defendants so that service can be effected upon them are ongoing. As to the foreign defendants named in the complaint, they are in the process of being served under the Hague Convention. The PSC filed a Notice to Defendants of Initially Relevant Pre-Trial Orders [Doc. 617] and suggested that all named Defendants familiarize themselves with Pre-Trial Orders issued by the Court, as well as the Court's website. On February 6, 2010, PLC and DLC filed a Motion for Entry of Pre-Trial Order No. 1E, requesting that the Court clarify that the stay on motion practice and responsive pleading is now lifted in *Gross*, and providing a deadline for service of responsive pleadings. The Court entered Pre-Trial Order No. 1F on March 10, 2010 and Pre-Trial Order No. 1G on May 27, 2010 clarifying the deadlines for responsive pleadings, notices of appearance, and profile forms in all cases. To address certain pleading matters, Plaintiffs filed and the Court granted a joint motion to dismiss certain defendants, without prejudice and to amend the amended class action complaint.

### XVIII.   OMNIBUS CLASS ACTION COMPLAINTS

On November 2, 2009, Pre-Trial Order No. 17 was issued which recognizes and confirms Knauf Plasterboard (Tianjin) Co., Ltd.'s agreement to accept service of the PSC's Omnibus Class Action Complaint. The Omnibus Class Action Complaint, *Sean and Beth Payton, et al v.*

*Knauf Gips KG, et al,* Case No. 2:09-cv-07628 (E.D.La.)(presently referred to as Omnibus I), was filed with the Court on December 9, 2009 and Knauf Plasterboard (Tianjin) Co., Ltd. waived its right to demand service of process through the Hague Convention. The complaint is in the process of being served; numerous defendants named therein have been served with the summons and Complaint and some of the domestic defendants have filed responsive pleadings.  This complaint is still in the process of being translated for service on the remaining foreign defendants. On May 17, 2010, the PSC filed a joint motion to dismiss certain Defendants without prejudice and to amend the Plaintiffs' Omnibus Class Action Complaint.  On May 18, 2010, this Court entered its Order granting the PSC's motion.  The PSC has since filed Notices of Compliance with the Court's Order.

Consistent with PTO No. 17, the PSC also prepared and filed on February 10, 2010, additional omnibus class action complaints*, i.e.*, : *Kenneth and Barbara Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, Civil Action No.10-361(E.D.La.)(Omni II)–This is a complaint against non-Knauf Chinese manufacturing defendants and others; and *Joyce W. Rogers, et al. v. Knauf Gips, K.G., et al.*, Case No. 10-362 (E.D.La.) (Omni IV)–This is a Complaint naming new plaintiffs asserting claims against Knauf and others; and *Amato v. Liberty Mutual Ins. Co., et al.*, Case No. 10-932 (Omni V)- This is a Complaint naming additional defendants, including insurers, underwriters and previously named defendants. Proposed amendments to Omni II and Omni IV Complaints have been filed. On March 15, 2010, technical and other amendments were made to the Omni II and Omni IV complaints.  The PSC has made arrangements for service of process upon all of the defendants, including translating these amended Omni complaints for service under the Hague Convention. Also on February 10, 2010,  in *Gross, et al. v. Knauf Gips, K.G., et al.*, Case No. 09-6690 (E.D.La.), the PSC filed a Motion in Intervention (attaching a proposed

Complaint in Intervention, *Mary Anne Benes, et al. v. Knauf Gips, K.G., et al.,* (E.D.La.) (Omni III)– The Omni III complaint in intervention is a class action that adopts the theory of the Gross complaint and adds direct actions against new defendants in the course of commerce that have been identified. The Court's order granting the motion to intervene was entered on March 17, 2010. Thereafter, on March 23, 2010, the Court entered an order deeming a substituted and amended Omnibus Complaint (Omni III) to be entered on the docket. The Substituted and Amended Omni III complaint is now in the process of being served. No domestic drywall manufacturers are named as a defendant in any Omni complaint. On May 11, 2010, the Omni V – *Amato* complaint was amended to correct technical and other errors.

The PSC has decided that it will prepare motions to intervene plaintiffs into the existing Omni Complaints limited to claims against existing defendants already named therein. After appropriate notice to all known interested counsel, the PSC obtained information from those counsel to add any additional plaintiffs against the existing defendants in any of the Omni Complaints. The PSC is now in the process of preparing appropriate motions to intervene newly identified clients into their proper Omni Complaint. This process is ongoing. Defendants reserve their rights to oppose the interventions.

### XIX. SPECIAL MASTER

On November 24, 2009, the Court appointed Michael K. Rozen of Feinberg Rozen, LLP, as Special Master.

### XX. KNAUF GIPS KG PERSONAL JURISDICTION MATTER

On September 21, 2009, Knauf Gips KG filed a Motion for Protective Order to Require Use of the Hague Evidence Convention. On October 5, 2009, the PSC filed a Response in Opposition and the HSC also filed a Response in Opposition. On October 12, 2009, Knauf Gips KG

filed a Motion for Leave to File Reply in Support of Motion of Knauf Gips KG for Protective Order to Require Use of the Hague Evidence Convention. On October 27, 2009, the Court issued Order & Reasons denying the motion.

On September 29, 2009, the Court issued an Order advising that the briefing schedule originally established in connection with a Motion for Protective Order would extend well into January 2010, after commencement of the first Bellwether trial, and therefore, the parties were directed to discuss the matter with the Court. The PSC and the HSC have each issued discovery relating to personal jurisdiction issues to Knauf Gips KG. (See Section VIII, *infra*.)

### XXI. FRE 706 DATABASE MANAGEMENT EXPERT

PLC and DLC provided to the Court a proposed show cause order regarding the possible appointment of a FRE 706 database management expert. The proposed role of this Court-appointed expert would be to assist the parties and the Court in the collection, organization, centralization and management of data relating to this litigation, provide access to such information, and such other support services as may jointly be requested by the parties or ordered by the Court.

### XXII. FREQUENTLY ASKED QUESTIONS

The Court, with the input of Liaison Counsel, created a list of Frequently Asked Questions, and placed them on the Court's website. The "MDL FAQs" may be found at **www.laed.uscourts.gov/Drywall/FAQ.htm.** Liaison counsel reminds the parties to review the FAQs before contacting Liaison Counsel.

### XXIII. MATTERS SET FOR HEARING FOLLOWING THE CURRENT STATUS CONFERENCE

There were no matters set for hearing at this status conference.

XXIV. <u>WAREHOUSE INSPECTIONS</u>

In connection with Knauf Plasterboard (Tianjin) Co. Ltd's First Set of Interrogatories and Request for Production of Documents to Plaintiffs, inspections of warehouses containing Chinese Drywall have been scheduled and have taken place. (See Section VIII, *infra*.)

XXV.<u>NEXT STATUS CONFERENCE</u>

The next monthly Status Conference will be held on Thursday, August 12, 2010, at 9:00 a.m. in the Courtroom of Judge Eldon E. Fallon. A conference call has been established for interested persons who are unable to attend. The conference call number is 866-213-7163, and the conference ID number is 84611850.