**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

|                                                              | MDL NO. 2047                          |
|--------------------------------------------------------------|---------------------------------------|

**IN RE: CHINESE MANUFACTURING DRYWALL**
**      PRODUCTS LIABILITY LITIGATION**                **SECTION: L**

**THIS DOCUMENT RELATES TO:**                        **JUDGE FALLON**
                                                     **MAG. JUDGE WILKINSON**

**Case No. 10-362**
**Joyce W. Rogers, et al. v. Knauf Gips KG, et al.**

<u>**ANSWER AND DEFENSES**</u>

COMES NOW, the separate Defendant, Berrywood Estates, A Senior Community, LLC ("Berrywood"), by and through counsel, and files this its Answer and Defenses to the Plaintiffs' Amended Omnibus Class Action Complaint (IV):

<u>**FIRST DEFENSE – MOTION TO DISMISS PURSUANT TO RULE 12**</u>

The Complaint fails to state a claim upon which relief can be granted, and Berrywood moves the Court to dismiss same pursuant to Rule 12 of the Federal and/or Mississippi Rules of Civil Procedure.

<u>**SECOND DEFENSE – LACK OF SUBJECT MATTER JURISDICTON**</u>

This Court lacks jurisdiction over this matter under 28 U.S.C. § 1331 as there is no Federal cause of action pled against Berrywood or any Federal question raised in Plaintiffs' Complaint.  Furthermore, this Court lacks jurisdiction over this matter under 28 U.S.C. § 1332 since complete diversity does not exist between Berrywood and Plaintiffs who are raising claims against Berrywood, as both are residents of the state of Mississippi.  Furthermore, each Plaintiff has failed to allege that its amount in controversy exceeds $75,000.00.  Accordingly, this Court should dismiss all claims against Berrywood based on lack of subject matter jurisdiction.

## THIRD DEFENSE – LACK OF PERSONAL JURISDICTON

This Court lacks personal jurisdiction over Berrywood as it is not a resident of the state of Louisiana and conducted no business in the state of Louisiana relative to the allegations of the Plaintiffs who have raised claims against Berrywood in this cause.  Accordingly, this Court should dismiss all claims against Berrywood in this cause for lack of personal jurisdiction.

## FOURTH DEFENSE – IMPROPER VENUE

Venue in this Court is improper as to Berrywood and the Plaintiffs who have raised claims against Berrywood in this cause as both Berrywood and the Plaintiffs who have raised claims against it are residents of Pearl River County, Mississippi.  Accordingly, this Court should dismiss all claims against Berrywood in this cause based on improper venue.

## FIFTH DEFENSE

Berrywood objects to its insertion into this class action lawsuit and opposes any certification of any class or subclass which attempts to include Berrywood as Plaintiffs have failed to demonstrate any common issues of fact or law as between Berrywood and any other Defendant, and for the other reasons set forth in this Answer.

## SIXTH DEFENSE

Berrywood pleads all applicable statutes of limitation, and the equitable doctrines of laches, waiver, estoppel, and unclean hands.

## SEVENTH DEFENSE

Berrywood affirmatively pleads the application of the provisions of MISS. CODE ANN. § 85-5-7 with respect to apportionment of liability, if any, said liability being expressly denied, as

well as the apportionment of liability among parties and non-parties under any other Federal or state statute, law or rule, said liability to any Plaintiff being expressly denied.

## EIGHTH DEFENSE

Since this matter is in its early stages and Berrywood does not have the benefit of full discovery, it affirmatively pleads that to the extent the injury and damages, if any, allegedly sustained by the Plaintiffs were not proximately caused by any alleged actions or conduct of Berrywood, all of which is denied, Berrywood is not liable for said injury and/or damages, if any.

## NINTH DEFENSE

Since this action is in its early stages and Berrywood does not have the benefit of full discovery, it affirmatively plead that if the action or inaction of any Plaintiff, any Defendant named in this action, and/or person or entities not a party to this action, was the sole, proximate and only cause of the injury and damages, if any, allegedly sustained by the Plaintiffs, Berrywood is not liable for said injury and damages, if any.

## TENTH DEFENSE

Since this action is in its early stages and Berrywood does not have the benefit of full discovery, it affirmatively pleads that if the action or inaction of any Plaintiff, any Defendant named in this action, and/or person or entities not a party to this action, was a proximate contributing cause of the injury and damages, if any, allegedly sustained by the Plaintiffs, Berrywood is not liable for said injury and damages, if any.

### ELEVENTH DEFENSE

To the extent the negligence of any Plaintiff caused or contributed to the alleged incident and/or his alleged injuries and damages, Berrywood is not liable to the Plaintiffs for any alleged damages claimed by the Plaintiffs.

### TWELFTH DEFENSE

The Plaintiffs have a duty and obligation to mitigate their damages alleged in this action. If the Plaintiffs have failed to and/or refused to mitigate their alleged damages, they should not be allowed to recover any damages that resulted from such failure and/or refusal to mitigate.

### THIRTEENTH DEFENSE

To the extent that the Plaintiffs, or any person or entity on behalf of the Plaintiffs, have received payment or compensation from any person or entity not a party to this action as compensation for the damages alleged in this action, Berrywood pleads the doctrine of accord and satisfaction and is entitled to a setoff or credit for this compensation received, if any, should it be found liable to the Plaintiffs, said liability being expressly denied.

### FOURTEENTH DEFENSE

To the extent any injury or damages alleged by the Plaintiffs in this action are not related to the alleged incident at issue or are the result of any pre-existing medical condition, the Plaintiffs is not entitled to recover any such damages from Berrywood, said liability for any alleged damages being expressly denied.

### FIFTEENTH DEFENSE

To the extent any act or omission of any Plaintiff, any Defendant named in this action, and/or any other person or entity not a party to this cause was a superseding, intervening cause of

any injury or damages claimed in this cause, Berrywood has no liability for any such act or omission.

## SIXTEENTH DEFENSE

Berrywood affirmatively pleads it did not select, purchase or install any of the subject drywall, thus it has no liability for any of the claims asserted by the Plaintiffs.

## SEVENTEENTH DEFENSE

Berrywood affirmatively pleads all provisions of MISS. CODE ANN. § 11-1-60, *et seq.* concerning limitations on damages, if any, claimed by the Plaintiffs, said liability for these alleged damages, if any, being expressly denied.

## EIGHTEENTH DEFENSE

Berrywood affirmatively pleads all applicable provisions of MISS. CODE ANN. § 11-1-63, Mississippi's Products Liability Act.

## NINETEENTH DEFENSE

Berrywood affirmatively pleads all applicable provisions of the Uniform Commercial Code as adopted by the State of Mississippi, MISS. CODE ANN. § 75-2-101, *et seq*.

## TWENTIETH DEFENSE

Berrywood affirmatively pleads all of its rights under the applicable provisions of the Mississippi Consumer Protection Act, MISS. CODE ANN. 75-24-1, *et seq*., including but not limited to all procedural requirements necessary before any private right of action can be had against Berrywood under this Act.

## TWENTY-FIRST DEFENSE

Berrywood affirmatively pleads all applicable provisions of Rule 11 of the Federal Rules of Civil Procedure, Rule 11 of the Mississippi Rules of Civil Procedure and or the Litigation

Accountability Act, MISS. CODE ANN. § 11-55-1, et seq., as there is no basis for any of the claims against Berrywood in this cause, thus entitling Berrywood to all costs and attorneys fees incurred in defending this action.

## TWENTY-SECOND DEFENSE

At all times applicable hereto, Berrywood acted in good faith and dealt fairly with all applicable Plaintiffs.

## TWENTY-THIRD DEFENSE

At all times applicable hereto, Berrywood was not in the business of manufacturing or selling drywall, nor did it have any knowledge whatsoever of any alleged defects in the subject drywall, thus it has no liability to any Plaintiffs in this cause for any claim or cause of action asserted.

## TWENTY-FOURTH DEFENSE

Berrywood pleads all applicable provisions of the Federal Arbitration Act, 9 U.S.C. §1, *et seq*., as well as all applicable Mississippi law concerning arbitration of disputes.

## TWENTY-FIFTH DEFENSE

Imposition of punitive damages in this case would contravene the due process clauses of the United States Constitution and the Constitution of the State of Mississippi and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, separately, to the United States Constitution on each of the following grounds:

    (1)    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiffs satisfying a burden of proof that is lower than the "beyond a reasonable doubt" burden of proof required in criminal cases;

    (2)    The procedure pursuant to which punitive damages are awarded fails to provide a reasonable limit on the amount of the award against Berrywood, which thereby

violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(3)     The procedure pursuant to which punitive damages are awarded fails to provide specific standards for the amount of the award of punitive damages, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(4)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(5)     The procedure pursuant to which punitive damages are awarded results in the imposition of different penalties for the same or similar acts and, thus, violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(6)     The procedure pursuant to which punitive damages are awarded permits the imposition of punitive damages in excess of the maximum criminal fine and/or administrative penalty for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution;

(7)     The procedure pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(8)     The procedures pursuant to which punitive damages are awarded fail to provide a clear appellate standard of review of an award of punitive damages;

(9)     The procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceeding during which liability and compensatory damages are determined;

(10)    An award of punitive damages would constitute an arbitrary and capricious taking of property of Berrywood without due process of law; and

(11)    The imposition of punitive damages against Berrywood based upon theories of respondent superior, vicarious liability, or joint and several liability, violates the due process clause of the Fourteenth Amendment to the United States Constitution.

## **TWENTY-SIXTH DEFENSE**

The allegations with regard to punitive and/or exemplary damages as set forth by the Plaintiffs in the Complaint are subject to the terms, provisions and adjudicatory procedures established under MISS. CODE ANN. § 11-1-65, as to: the standard for determining the appropriateness, or the appropriate size, of a punitive damages award; the limits of punitive damages; the standard for determining liability for punitive damages; bifurcation; and as to the standards of judicial review (but only to the extent that said statute does not otherwise violate Berrywood's due process and equal protection rights guaranteed by the Fourteenth Amendment of the United States Constitution and the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Mississippi constitutional provisions relative to due process, equal protection, and the guarantee against double jeopardy, as no sufficient standard for application to the Plaintiffs exists).

## **TWENTY-SEVENTH DEFENSE**

Although explicitly denying it has any liability whatsoever to the Plaintiffs for punitive damages, Berrywood affirmatively pleads all provisions of MISS. CODE ANN. § 11-1-65 (2004), including but not limited to the limitations on the amount of punitive damages that can be awarded as set forth in MISS. CODE ANN. § 11-1-65(3).

## **TWENTY-EIGHTH DEFENSE – ANSWER**

In response to the numbered Paragraphs of Plaintiffs' Amended Omnibus Class Action Complaint (IV) (hereinafter "the Amended Complaint"), Berrywood responds as follows:

The allegations proceeding Paragraph 1 of the Amended Complaint, beginning with the word "Pursuant" and ending with "litigation" are denied.

1.

The allegations of Paragraph 1 of the Complaint are denied.  It is specifically denied that this Court has diversity jurisdiction over the claims against Berrywood, as the Plaintiffs who have raised claims against Berrywood are all residents of the state of Mississippi, and Berrywood is a Mississippi limited liability company in good standing.

2.

The allegations of Paragraph 2 of the Amended Complaint are denied, and it is specifically denied that this Court has any jurisdiction over any claims raised against Berrywood in the Amended Complaint.

3.

The allegations of Paragraph 3 of the Amended Complaint are denied.

4.

The allegations of Paragraph 4 of the Amended Complaint do not appear to be applicable to Berrywood, but to the extent these allegations attempt to impose liability on Berrywood, they are denied.

5.

The allegations of Paragraph 5 of the Amended Complaint do not appear to be applicable to Berrywood, but to the extent these allegations attempt to impose liability on Berrywood, they are denied.

6.

It is admitted that the Plaintiffs identified in Paragraphs 29-33 of the Amended Complaint are citizens of the State of Mississippi and that Berrywood is a Mississippi limited liability company in good standing.   The remaining allegations of Paragraph 6 of the Amended

Complaint do not apply to Berrywood, but to the extent these allegations attempt to impose liability on Berrywood, they are denied.

7.

Paragraphs 7-28 and Paragraphs 34-528 of the Amended Complaint concern Plaintiffs who Berrywood is unfamiliar with, and who have claims concerning property with which Berrywood had no involvement whatsoever, thus Berrywood cannot admit or deny any of the allegations in these Paragraphs.   However, to the extent any of the allegations in these Paragraphs attempt to imply or impose liability on Berrywood, they are denied.

8.

Plaintiff Helen T. Duckworth is a citizen of Mississippi and is believed to reside at 123 Teddy Lane, Picayune, Mississippi.  Berrywood developed the neighborhood where this real property is located, but did not select, purchase or install any drywall in any of the improvements located on this real property.   The remaining allegations of Paragraph 29 of the Amended Complaint are denied.

9.

Plaintiffs Joan Bruder and Don Bruder are citizens of Mississippi and are believed to reside at 121 Teddy Lane, Picayune, Mississippi.  Berrywood developed the neighborhood where this real property is located, but did not select, purchase or install any drywall in any of the improvements located on this real property.  The remaining allegations of Paragraph 30 of the Amended Complaint are denied.

10.

Plaintiffs Henry J. and Olga A. Chaisson are citizens of Mississippi and are believed to reside at 110 Teddy Lane, Picayune, Mississippi.  Berrywood developed the neighborhood where

this real property is located, but did not select, purchase or install any drywall in any of the improvements located on this real property.  The remaining allegations of Paragraph 31 of the Amended Complaint are denied.

11.

Plaintiffs Louis C. and Joyce M. Funel are citizens of Mississippi and are believed to reside at 115 Teddy Lane, Picayune, Mississippi.  Berrywood developed the neighborhood where this real property is located, but did not select, purchase or install any drywall in any of the improvements located on this real property.  The remaining allegations of Paragraph 32 of the Amended Complaint are denied.

12.

It is admitted that Plaintiffs Edmond and Mary Desiree Raffo are citizens of Mississippi and are believed to reside at 111 Teddy Lane, Picayune, Mississippi.  Berrywood developed the neighborhood where this real property is located, but did not select, purchase or install any drywall in any of the improvements located on this real property.  The remaining allegations of Paragraph 33 of the Amended Complaint are denied.

13.

Berrywood is a Mississippi limited liability company doing business in Mississippi and in good standing.  The remaining allegations of Paragraph 529 of the Amended Complaint, to the extent they apply to Berrywood, are denied.

14.

Paragraphs 530-559 and Paragraphs 561-679 of the Amended Complaint concern alleged Defendants in this action other than Berrywood, and Berrywood cannot admit or deny any of the

allegations in these Paragraphs.   However, to the extent any of the allegations in these Paragraphs attempt to imply or impose liability on Berrywood, they are denied.

15.

Berrwood is a Mississippi limited liability company doing business in Mississippi and in good standing.  Its agent for service of process is Janice Berry Celino.  The remaining allegations in Paragraph 560 of the Amended Complaint are denied.

16.

Paragraphs 680-690 of the Amended Complaint contain allegations concerning the subject drywall and are directed at the manufacturers of the subject drywall.  Berrywood did not manufacture, sell, select, purchase or install any of the subject drywall in any building or dwelling of any Plaintiff, thus these allegations have no applicability to Berrywood.  However, to the extent the allegations of these Paragraphs attempt to impose or imply liability on Berrywood, they are denied.

17.

The allegations of Paragraph 691 of the Amended Complaint do not apply to Berrywood, as it did not manufacture, sell, distribute or supply any of the subject drywall.  However, to the extent the allegations of Paragraph 691 of the Amended Complaint attempt to impose or imply liability on Berrywood, they are denied.

18.

 The allegations of Paragraphs 692-693 of the Amended Complaint do not apply to Berrywood, as it did not sell, distribute, supply, market, inspect, import, broker or deliver any of the subject drywall.   However, to the extent the allegations of Paragraphs 692-693 of the Amended Complaint attempt to impose or imply liability on Berrywood, they are denied.

19.

Berrywood is identified as Subclass #24 in Paragraph 695 of the Amended Complaint. Berrywood denies each and every allegation contained in Paragraphs 694-695 of the Amended Complaint and demands strict proof of same.

20.

The allegations of Paragraphs 696-697 of the Amended Complaint do not apply to Berrywood as it was not a contractor or installer of any of the subject drywall. However, to the extent the allegations of Paragraphs 692-693 of the Amended Complaint attempt to impose or imply liability on Berrywood, they are denied.

21.

The allegations of Paragraphs 698-707 of the Amended Complaint are denied, and Berrywood demands strict proof of each and every allegation in these Paragraphs as they allegedly pertain to Berrywood.

22.

The allegations of Paragraph 708 of the Amended Complaint require no response of Berrywood.  However, to the extent the allegations of Paragraphs 708 of the Amended Complaint attempt to impose or imply liability on Berrywood, they are denied.

23.

The allegations of Paragraph 709 of the Amended Complaint are denied, and it is specifically denied that Berrywood owed any duty regarding the subject drywall to any Plaintiffs herein.

24.

The allegations of Paragraphs 710 of the Amended Complaint are denied, and it is specifically denied that Berrywood committed any wrongful act or omission concerning the alleged drywall or had any knowledge whatsoever that the subject drywall was allegedly defective.

25.

 The allegations of Paragraph 711 of the Amended Complaint are denied, and it is specifically denied that Berrywood owed or breached any duty regarding the subject drywall to any Plaintiffs herein.

26.

The allegations of Paragraphs 712 of the Amended Complaint are denied, and it is specifically denied that Berrywood had any knowledge or should have had any knowledge whatsoever that the subject drywall was allegedly defective.

27.

The allegations of Paragraphs 713 of the Amended Complaint are denied, and it is specifically denied that Berrywood committed any wrongful act or omission concerning the alleged drywall or had any knowledge whatsoever that the subject drywall was allegedly defective.

28.

The allegations of Paragraphs 714 of the Amended Complaint are denied, and it is specifically denied that Berrywood had any knowledge whatsoever that the subject drywall was allegedly defective.

\

29.

The allegations of Paragraph 715 of the Amended Complaint are denied.

30.

The allegations of Paragraph 716 of the Amended Complaint require no response of Berrywood. However, to the extent the allegations of Paragraphs 716 of the Amended Complaint attempt to impose or imply liability on Berrywood, they are denied.

31.

The allegations of Paragraph 717 of the Amended Complaint are denied, and it is specifically denied that Berrywood owed any duty, statutory or otherwise, regarding the subject drywall to any Plaintiffs herein.

32.

The allegations of Paragraph 718 of the Amended Complaint are denied, and it is specifically denied that Berrywood breached any duty, statutory or otherwise, regarding the subject drywall to any Plaintiffs herein.

33.

The allegations of Paragraph 719 of the Amended Complaint are denied, and it is specifically denied that Berrywood breached any duty, statutory or otherwise, regarding the subject drywall to any Plaintiffs herein.

34.

The allegations of Paragraphs 720 of the Amended Complaint are denied, and it is specifically denied that Berrywood had any knowledge or should have had any knowledge whatsoever that the subject drywall was allegedly defective.

35.

The allegations of Paragraphs 721 of the Amended Complaint are denied, and it is specifically denied that Berrywood had any knowledge or should have had any knowledge whatsoever that the subject drywall was allegedly defective.

36.

The allegations of Paragraph 722 are denied.

37.

The allegations of Paragraph 723 of the Amended Complaint require no response of Berrywood.   However, to the extent the allegations of Paragraphs 716 of the Amended Complaint attempt to impose or imply liability on Berrywood, they are denied.

38.

The allegations of Paragraphs 723-740 of the Amended Complaint concerning strict liability are not applicable to Berrywood as it did not manufacture or sell any of the subject drywall.  However, to the extent any of the allegations of Paragraphs 723-740 of the Amended Complaint attempt to impose or imply liability on Berrywood, they are denied and Berrywood demands strict proof of any such allegations.

39.

The allegations of Paragraphs 741-748 of the Amended Complaint concerning express and/or implied warranties are not applicable to Berrywood as it made no sale whatsoever of any subject drywall to any Plaintiff, no express warranty, either verbal or in writing, to any Plaintiff concerning the subject drywall and no implied warranty to any Plaintiff concerning the subject drywall.  However, to the extent any of the allegations of Paragraphs 741-748 of the Amended

Complaint attempt to impose or imply liability on Berrywood, they are denied and Berrywood demands strict proof of same.

40.

The allegations of Paragraphs 749-760 of the Amended Complaint concerning the implied warranty of fitness and merchantability pursuant to Florida Statute Section 718.203 are not applicable to Berrywood, as it did not develop or construct any building or dwelling at issue in the state of Florida. However, to the extent any of the allegations of Paragraphs 749-760 of the Amended Complaint attempt to impose or imply liability on Berrywood, they are denied and Berrywood demands strict proof of same.

41.

The allegations of Paragraph 761 of the Amended Complaint require no response of Berrywood. However, to the extent the allegations of Paragraphs 761 of the Amended Complaint attempt to impose or imply liability on Berrywood, they are denied.

42.

The allegations of Paragraph 762 of the Amended Complaint are denied as stated.

43.

The allegations of Paragraph 763 of the Amended Complaint are denied.

44.

The allegations of Paragraph 764 of the Amended Complaint are denied, and it is specifically denied that Berrywood played any role whatsoever in the selection, purchase or installation of the subject drywall.

17

45.

The allegations of Paragraph 765 of the Amended Complaint are denied, and it is specifically denied that Berrywood played any role whatsoever in the selection, purchase or installation of the subject drywall.

46.

The allegations of Paragraph 766 of the Amended Complaint are denied.

47.

The allegations of Paragraph 767 of the Amended Complaint are denied.

48.

The allegations of Paragraph 768 of the Amended Complaint require no response of Berrywood.   However, to the extent the allegations of Paragraphs 768 of the Amended Complaint attempt to impose or imply liability on Berrywood, they are denied.

49.

The allegations of Paragraph 769 of the Amended Complaint are denied.

50.

The allegations of Paragraph 770 of the Amended Complaint are denied.

51.

The allegations of Paragraph 771 of the Amended Complaint are denied.

52.

The allegations of Paragraphs 772-778 of the Amended Complaint do not apply to Berrywood as it did not develop or construct any building or dwelling at issue in Louisiana. However, to the extent any of the allegations of Paragraphs 749-760 of the Amended Complaint

attempt to impose or imply liability on Berrywood, they are denied and Berrywood demands strict proof of same.

53.

The allegations of Paragraphs 779-788 of the Amended Complaint do not apply to Berrywood as it did not develop or construct any building or dwelling at issue in Louisiana. However, to the extent any of the allegations of Paragraphs 749-760 of the Amended Complaint attempt to impose or imply liability on Berrywood, they are denied and Berrywood demands strict proof of same.

54.

The allegations of Paragraphs 789-802 of the Amended Complaint do not apply to Berrywood as it did not manufacture or sell any of the subject drywall, nor does any law of the state of Louisiana have any applicability to any claim against Berrywood.  However, to the extent any of the allegations of Paragraphs 749-760 of the Amended Complaint attempt to impose or imply liability on Berrywood, they are denied and Berrywood demands strict proof of same.

55.

The allegations of Paragraphs 803-809 of the Amended Complaint are denied and Berrywood demands strict proof of these allegations.

56.

The allegations of Paragraphs 810-816 of the Amended Complaint are denied and Berrywood demands strict proof of these allegations.

57.

The allegations of Paragraphs 817-820 of the Amended Complaint are denied and Berrywood demands strict proof of these allegations.

58.

The allegations of Paragraphs 821-825 of the Amended Complaint are denied and Berrywood demands strict proof of these allegations.

59.

The allegations of Paragraphs 826 of the Amended Complaint are denied and Berrywood demands strict proof of these allegations.

The allegations of the first unnumbered paragraph under the heading "DEMAND FOR JURY TRIAL" are denied to the extent any Plaintiff seeks a trial of any of the claims against Berrywood before a jury of comprised of any individuals who live outside Pearl River County, Mississippi.

The allegations of the first unnumbered paragraph under the heading "PRAYER FOR RELIEF", including but not limited to sub-paragraphs a. through k., are denied.

**TWENTY-NINTH DEFENSE**

By answering the allegations of the Complaint, as amended, and/or admitting certain allegations contained therein, Berrywood does not admit that it or its agents/employees committed any wrongdoing of any type.  Furthermore, Berrywood specifically denies each and every material allegation of the Complaint which has not heretofore been specifically admitted.

**THIRTIETH DEFENSE**

Since this matter is in its early stages of litigation and Berrywood does not have the benefit of full discovery, it pleads all applicable rights and affirmative defenses available to them

existing under Federal and/or State law, rule or regulation, including but not limited to those defenses set forth in Rules 8 and 12 of the Mississippi and/or Federal Rules of Civil Procedure.

## THIRTY-FIRST DEFENSE

Without waiving any of the defenses elsewhere asserted herein, Berrywood specifically reserves the right to raise other defenses, counter-claims and/or cross-claims as may be necessary in the defense of this cause as the investigation of and discovery in this matter continues.

## CROSS-CLAIM AGAINST MANUFACTURING DEFENDANTS

COMES NOW the separate Defendant, Berrywood Estates, a Senior Community, LLC ("Berrywood"), by and through counsel, and asserts its cross claim against Knauf Gips KG, Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu), Co., Ltd., Knauf Plasterboard (Dongguan) Co., Ltd., and John Doe individual and entities 1-50 (hereinafter collectively "the Manufacturing Defendants") as follows:

1.

Berrywood incorporates herein by reference all responses and defenses set forth herein that are relevant to its cross-claim.

2.

Berrywood's cross-claim is directed toward all Manufacturing Defendants identified in the Amended Complaint as well any other manufacturer of the allegedly defective drywall who has been added as a party to this action.  The John Doe individual and entity defendants are those individuals and/or entities who manufactured, distributed or sold any allegedly defective drywall which was installed in any Plaintiff's house that has raised a claim against Berrywood, whose identities are currently unknown to Berrywood at this time.

3.

Berrywood developed and served as contractor for several homes in a subdivision located in Pearl River County, Mississippi, and there are five (5) Plaintiffs, previously identified herein, who have made claims against Berrywood for defective drywall.

4.

Berrywood subcontracted all drywall work for the houses of these 5 Plaintiffs. Berrywood did not select, purchase or install any drywall in any of the houses of these 5 Plaintiffs.

5.

Berrywood denies it has any liability whatsoever under any theory to any Plaintiff herein. However, should any Plaintiff prove it had defective drywall in their home, Berrywood asserts a claim against the Manufacturing Defendants, jointly and severally, to indemnify and hold Berrywood entirely harmless for any claim or judgment rendered against it in this cause, as well as reimbursement of all costs and attorney's fees incurred in this cause.

6.

It is Berrywood's intent in this cross-claim to assert all rights it has under any state or Federal statute, common law, contract and/or equity for indemnity against the Manufacturing Defendants for the claims asserted against Berrywood in this cause.

WHEREFORE, Berrywood respectfully requests that this Court dismiss the Plaintiffs' Complaint and all causes of action therein pled against Berrywood with prejudice, with all costs and expenses, including attorneys fees, to be taxed to the Plaintiff.  Alternatively, should Berrywood be found liable to any Plaintiff, said liability being denied, Berrywood requests that

this Court grant its requested indemnification from the Manufacturing Defendants, jointly and severally.  Berrywood further prays for any additional relief available to it in law or at equity.

RESPECTFULLY SUBMITTED, this the 25th day of June, 2010.

BERRYWOOD ESTATES, A
SENIOR COMMUNITY, LLC


BY: */s/ Matthew D. Miller* .

MATTHEW D. MILLER (MSB #99210) (LAB #27007)
Copeland, Cook, Taylor & Bush, PA
P. O. Box 17619
110 Sheffield Loop (39402)
Hattiesburg, MS  39404-7619
(601) 264-6670
(601) 264-5660 (fax)
mmiller@cctb.com


## CERTIFICATE OF SERVICE

I, MATTHEW D. MILLER, hereby certify that I electronically filed the foregoing Notice of Appearance with Plaintiffs' Liaison Counsel, Russ Herman, Defendants' Liaison Counsel, Kerry Miller, and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the Eastern District of Louisiana by using the ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047,on this 25th day of June, 2010.


*/s/ Matthew D. Miller* .
MATTHEW D. MILLER