003578.01002M

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL No.:    2047**<br><br>**SECTION:    L**<br><br>**JUDGE FALLON**<br><br>**MAG. JUDGE WILKINSON** |
| **THIS DOCUMENT RELATES TO:**<br>*WILTZ, ET. AL. V. BEIJING NEW BUILDING MATERIALS PUBLIC LIMITED CO., ET. AL.*<br><br>***CASE No.   2:10-cv-00361 (E.D.LA.)*** | |

_____/

## ANSWER PRESENTING DEFENSES UNDER RULE 12(b) AND CROSS  CLAIM
### (Responding to Allegations in the Plaintiffs' Omnibus Complaint)

COMES NOW, the Defendant, DANIEL WAYNE HOMES, INC, a Florida Corporation, by and through its undersigned counsel and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, gives notice to all of its Answer and Affirmatives to the Plaintiffs Omnibus Class Action Complaint (II), and on behalf of the class representatives, all other similarly situated owners and residents of real property containing the alleged defective Chinese manufactured drywall that was alleged to be designed, manufactured, imported, distributed, delivered, supplied, marketed, inspected, installed, or sold by the Defendants, and for its complaint against Defendants, Beijing New Building Materials Public Limited, Co.; Taishan Gypsum Co., Ltd f/k/a Shandong Taihe Dongxin. Co., Ltd; Taian Taishan Plasterboard Co., Ltd; Pingyi Zhongxing Paper-Faced Plasterboard Co., Ltd. f/k/a Shandong Chenxaing Building Materials Co. Ltd.; Qinhuangdao Taishan Building Materials Co., Ltd.; Prowall Drywall, Inc., a/k/a Prowall; International Materials Trading (IMT) Gypsum; Panel Rey a/k/a Panel de Yeso

Panel; Shamrock Gold; Gridmarx a/k/a Grid MarX; Gypsum Board; USB; Pabco, and the additional defendants listed on schedule of defendants, attached as Exhibit "B" to the Plaintiffs Omnibus Complaint:

1.      Defendant is without knowledge or to knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 4 through 616, inclusive, 618 through 781, inclusive, including all of their subparts of Plaintiffs' Omnibus Class Action Complaint (II) and neither admits nor denies same, but demands strict proof thereof.

2.      Defendant admits that DANIEL WAYNE HOMES, INC is an entity or individual with a principal place of business at 12860 Banyan Creek Drive, Fort Myers, Florida 33908. Defendant is organized under the laws of Florida in Plaintiffs' Omnibus Class Action Complaint (II) in ¶587, and denies or lacks knowledge or information sufficient to form a belief about the truth of the rest of the allegations in general or specific to the subclass of Defendant/Builders of the Plaintiffs' Omnibus Class Action Complaint (II).

3.      Defendant admits the allegations in paragraphs 1, 2, and 3, inclusive, including all of their subparts Plaintiffs' Omnibus Class Action Complaint (II).

4.       Defendant denies <u>all other</u> allegations contained within the Plaintiffs' Omnibus Class Action Complaint (II), specifically denying all allegations of negligence, proximate cause, and damages.

**COUNT I**
**NEGLIGENCE**
**(All Defendants)**

5.      DANIEL WAYNE HOMES, INC adopts and re-alleges its responses to previous allegations as if fully set forth herein.

6.      DANIEL WAYNE HOMES, INC admits it owed a duty to exercise reasonable care installing drywall in its homes; but denies that it was in the business of manufacturing or selling drywall; therefore it is not liable for latent defects and/or defective building materials supplied to it by suppliers as alleged in ¶783 of the Plaintiffs' Omnibus Class Action Complaint (II).

7.      Denied as alleged in ¶784 of the Plaintiffs' Omnibus Class Action Complaint (II).

8.      Denied as alleged in ¶785 of the Plaintiffs' Omnibus Class Action Complaint (II). DANIEL WAYNE HOMES, INC was not in the business of manufacturing or selling drywall; therefore, it is not liable for latent defects and/or defective building materials supplied to it by suppliers.

9.      Denied as alleged in ¶786 of the Plaintiffs' Omnibus Class Action Complaint (II). DANIEL WAYNE HOMES, INC justifiably relied on its own merchant drywall suppliers and drywall suppliers for its subcontractors (if any) to provide drywall that was fit for the ordinary purpose for which it was intended, i.e. fit for installation in the homes DANIEL WAYNE HOMES, INC built; further denied because at the time the subject drywall was installed in the home built by DANIEL WAYNE HOMES, INC Further, DANIEL WAYNE HOMES, INC, had no reason to know or to suspect that there were problems with the drywall it purchased from its suppliers; therefore, it would have not have been under any duty to warn of defects now alleged.

10.     Denied as alleged in ¶787 of the Plaintiffs' Omnibus Class Action Complaint (II). DANIEL WAYNE HOMES, INC expressly disclaimed any warranty for building materials used in construction of its homes and supplied by others.

11.     Denied as alleged in ¶788 of the Plaintiffs' Omnibus Class Action Complaint (II) At the time this drywall was installed in the home) built by DANIEL WAYNE HOMES, INC, the state of the art regarding knowledge of potential problems with Chinese drywall and alleged "off

gassing" was such that potential problems were unknown to recipients and users of these materials, such as builders like DANIEL WAYNE HOMES, INC and others similarly situated.

12.     Denied as alleged in ¶789 of the Plaintiffs' Omnibus Class Action Complaint (II).

**COUNT II**
**NEGLIGENCE PER SE**
**(All Defendants)**

13.     DANIEL WAYNE HOMES, INC adopts and re-alleges its responses to previous allegations as if fully set forth herein.

14.     Denied as alleged in ¶791 of the Plaintiffs' Omnibus Class Action Complaint (II). DANIEL WAYNE HOMES, INC justifiably relied on its own merchant drywall suppliers and drywall suppliers for its subcontractors (if any) to provide drywall that was fit for the ordinary purpose for which it was intended, i.e. fit for installation in the homes built by DANIEL WAYNE HOMES, INC Further, at the time the subject drywall was installed in the homes built by DANIEL WAYNE HOMES, INC, DANIEL WAYNE HOMES, INC had no reason to know or to suspect that there were problems with the drywall it purchased from its suppliers; therefore, it would have not have been under any duty to warn of defects now alleged.

15.     Denied as alleged in ¶792 of the Plaintiffs' Omnibus Class Action Complaint (II). DANIEL WAYNE HOMES, INC justifiably relied on its own merchant drywall suppliers and drywall suppliers for its subcontractors (if any) to provide drywall that was fit for the ordinary purpose for which it was intended, i.e. fit for installation in the homes built by DANIEL WAYNE HOMES, INC Further, at the time the subject drywall was installed in the homes built by DANIEL WAYNE HOMES, INC, DANIEL WAYNE HOMES, INC had no reason to know or to suspect that there were problems with the drywall it purchased from its suppliers; therefore, it would have not have been under any duty to warn of defects now alleged.

16.     Denied as alleged in ¶793 of the Plaintiffs' Omnibus Class Action Complaint (II). DANIEL WAYNE HOMES, INC justifiably relied on its own merchant drywall suppliers and drywall suppliers for its subcontractors (if any) to provide drywall that was fit for the ordinary purpose for which it was intended, i.e. fit for installation in the homes DANIEL WAYNE HOMES, INC built. Further at the time the subject drywall was installed in the homes built by DANIEL WAYNE HOMES, INC, DANIEL WAYNE HOMES, INC had no reason to know or to suspect that there were problems with the drywall it purchased from its suppliers; therefore, it would have not have been under any duty to warn of defects now alleged.

17.     Denied as alleged in ¶794 of the Plaintiffs' Omnibus Class Action Complaint (II) because at the time this drywall was installed in the homes built by DANIEL WAYNE HOMES, INC, the state of the art regarding knowledge of potential problems with Chinese drywall and alleged "off gassing" was such that potential problems were unknown to recipients and users of these materials, such as builders like DANIEL WAYNE HOMES, INC and others similarly situated.

18.     Denied as alleged in ¶795 of the Plaintiffs' Omnibus Class Action Complaint (1). At the time, this drywall was installed in the homes built by DANIEL WAYNE HOMES, INC, the state of the art regarding knowledge of potential problems with Chinese drywall and alleged "off gassing" was such that potential problems were unknown to recipients and users of these materials, such as builders like DANIEL WAYNE HOMES, INC and others similarly situated.

19.     Denied as alleged in ¶796 of the Plaintiffs' Omnibus Class Action Complaint (II).

**COUNT III**
**STRICT LIABILITY**
**(All Defendants)**

20.     DANIEL WAYNE HOMES, INC adopts and re-alleges its responses to previous allegations as if fully set forth herein

21.     Denied as alleged in ¶798 of the Plaintiffs' Omnibus Class Action Complaint (II). DANIEL WAYNE HOMES, INC was not in the business of manufacturing or selling drywall; therefore, it is not liable for latent defects and/or defective building materials supplied to it by suppliers.

22.     Denied as alleged in ¶799 of the Plaintiffs' Omnibus Class Action Complaint (II). DANIEL WAYNE HOMES, INC should be included as a defendant in any Chinese drywall litigation as DANIEL WAYNE HOMES, INC was not in the business of manufacturing or selling drywall; therefore it is not liable for latent defects and/or defective building materials supplied to it by suppliers.

23.     Without knowledge as to ¶800 of the Plaintiffs' Omnibus Class Action Complaint (II).

24.     Denied as alleged in ¶801 of the Plaintiffs' Omnibus Class Action Complaint (II).

25.     Without knowledge as to ¶802 through ¶804 of the Plaintiffs' Omnibus Class Action Complaint (II).

26.     Denied as alleged in ¶805 of the Plaintiffs' Omnibus Class Action Complaint (II). DANIEL WAYNE HOMES, INC justifiably relied on its own merchant drywall suppliers and drywall suppliers for its subcontractors (if any) to provide drywall that was fit for the ordinary purpose for which it was intended, i.e. fit for installation in the homes DANIEL WAYNE HOMES, INC built. Further at the time the subject drywall was installed in the homes built by DANIEL WAYNE HOMES, INC, DANIEL WAYNE HOMES, INC had no reason to know or to suspect that there were problems with the drywall it purchased from its suppliers; therefore, it would have not have been under any duty to warn of defects now alleged.

27.     Without knowledge as to other parties; but admitted on information and belief as alleged in ¶730 of the Plaintiffs' Omnibus Class Action Complaint (II).

28.    Denied as alleged in ¶806 of the Plaintiffs' Omnibus Class Action Complaint (II) DANIEL WAYNE HOMES, INC should be included as a defendant in any Chinese drywall litigation as DANIEL WAYNE HOMES, INC was not in the business of manufacturing or selling drywall; therefore it is not liable for latent defects and/or defective building materials supplied to it by suppliers.

29.    Without knowledge as to ¶807 and ¶808 of the Plaintiffs' Omnibus Class Action Complaint (II).

30.    Denied as alleged in ¶809 of the Plaintiffs' Omnibus Class Action Complaint (II) DANIEL WAYNE HOMES, INC should be included as a defendant in any Chinese drywall litigation as DANIEL WAYNE HOMES, INC was not in the business of manufacturing or selling drywall; therefore it is not liable for latent defects and/or defective building materials supplied to it by suppliers.

31.    Denied as alleged in ¶810 of the Plaintiffs' Omnibus Class Action Complaint (II) DANIEL WAYNE HOMES, INC justifiably relied on its own merchant drywall suppliers and drywall suppliers for its subcontractors (if any) to provide drywall that was fit for the ordinary purpose for which it was intended, i.e. fit for installation in the homes DANIEL WAYNE HOMES, INC built; further denied because at the time the subject drywall was installed in the homes built by DANIEL WAYNE HOMES, INC DANIEL WAYNE HOMES, INC had no reason to know or to suspect that there were problems with the drywall it purchased from its suppliers; therefore, it would have not have been under any duty to warn of defects now alleged.

32.    Denied as alleged in ¶811 of the Plaintiffs' Omnibus Class Action Complaint (II) DANIEL WAYNE HOMES, INC should be included as a defendant in any Chinese drywall litigation as DANIEL WAYNE HOMES, INC was not in the business of manufacturing or

selling drywall; therefore it is not liable for latent defects and/or defective building materials supplied to it by suppliers.

33.    Denied as alleged in ¶812 of the Plaintiffs' Omnibus Class Action Complaint (II) DANIEL WAYNE HOMES, INC should be included as a defendant in any Chinese drywall litigation as DANIEL WAYNE HOMES, INC was not in the business of manufacturing or selling drywall; therefore it is not liable for latent defects and/or defective building materials supplied to it by suppliers.

34.    Denied as alleged in ¶813 of the Plaintiffs' Omnibus Class Action Complaint (II) DANIEL WAYNE HOMES, INC should be included as a defendant in any Chinese drywall litigation as DANIEL WAYNE HOMES, INC was not in the business of manufacturing or selling drywall; therefore it is not liable for latent defects and/or defective building materials supplied to it by suppliers.

35.    Denied as alleged in ¶814 of the Plaintiffs' Omnibus Class Action Complaint (II) DANIEL WAYNE HOMES, INC should be included as a defendant in any Chinese drywall litigation as DANIEL WAYNE HOMES, INC was not in the business of manufacturing or selling drywall; therefore it is not liable for latent defects and/or defective building materials supplied to it by suppliers.

## COUNT IV
### BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES
**(All Defendants)**

36.    DANIEL WAYNE HOMES, INC adopts and re-alleges its responses to previous allegations as if fully set forth herein.

37.    Without knowledge as to ¶816 of the Plaintiffs' Omnibus Class Action Complaint (II).

38.     Denied as alleged in ¶817 of the Plaintiffs' Omnibus Class Action Complaint (II) as to any knowledge of potential defects. DANIEL WAYNE HOMES, INC expressly disclaimed any warranty for building materials used in construction of its homes and supplied by others

39.     Denied as alleged in ¶818 of the Plaintiffs' Omnibus Class Action Complaint (II). DANIEL WAYNE HOMES, INC was not in the business of manufacturing or selling drywall.

40.     Without knowledge as to ¶819 of the Plaintiffs' Omnibus Class Action Complaint (II).

41.     Denied as alleged in ¶820 of the Plaintiffs' Omnibus Class Action Complaint (II) DANIEL WAYNE HOMES, INC expressly disclaimed any warranty for building materials used in construction of its homes and supplied by others.

42.     Denied as alleged in ¶821 of the Plaintiffs' Omnibus Class Action Complaint (II).

43.     Without knowledge as to ¶822 of the Plaintiffs' Omnibus Class Action Complaint (II).

## COUNT V
### BREACH OF THE IMPLIED WARRANTY OF FITNESS AND MERCHANTABILITY PURSUANT TO FLORIDA STATUTE SECTION 718.203
### (On behalf of Plaintiffs Who Own Condominiums in the State of Florida)
### (Against Builders Only)

44.     These allegations do not appear to apply to DANIEL WAYNE HOMES, INC, as DANIEL WAYNE HOMES, INC is not a Florida condominium builder. To the extent a response is required, without knowledge; therefore, denied as to ¶823 through ¶834, including all of the sub-parts, of the Plaintiffs' Omnibus Class Action Complaint (II).

## COUNT VI
### BREACH OF THE IMPLIED WARRANTY OF HABITABILITY
### (Against Builders Only)

45.     DANIEL WAYNE HOMES, INC adopts and re-alleges its responses to previous allegations as if fully set forth herein.

46.     Admitted as alleged in ¶836 of the Plaintiffs' Omnibus Class Action Complaint (II).

47.     Denied as alleged in ¶837 of the Plaintiffs' Omnibus Class Action Complaint (II).

48.     Denied as alleged in ¶838 of the Plaintiffs' Omnibus Class Action Complaint (II).

49.     Denied as alleged in ¶839 of the Plaintiffs' Omnibus Class Action Complaint (II). DANIEL WAYNE HOMES, INC justifiably relied on its own merchant drywall suppliers and drywall suppliers for its subcontractors (if any) to provide drywall that was fit for the ordinary purpose for which it was intended, i.e. fit for installation in the homes DANIEL WAYNE HOMES, INC built. At the time this drywall was installed in the homes built by DANIEL WAYNE HOMES, INC DANIEL WAYNE HOMES, INC had no reason to know or to suspect that there were problems with the drywall it purchased from its suppliers. At the time, this drywall was installed in the homes built by DANIEL WAYNE HOMES, INC, the state of the art regarding knowledge of potential problems with Chinese drywall and alleged "off gassing" was such that potential problems were unknown to recipients and users of these materials, such *as* builders like DANIEL WAYNE HOMES, INC and others similarly situated.

50.     Denied as alleged in ¶840 of the Plaintiffs' Omnibus Class Action Complaint (II).

51.     Denied as alleged in ¶841 of the Plaintiffs' Omnibus Class Action Complaint (II). DANIEL WAYNE HOMES, INC justifiably relied on its own merchant drywall suppliers and drywall suppliers for its subcontractors (if any) to provide drywall that was fit for the ordinary purpose for which it was intended, i.e. fit for installation in the homes DANIEL WAYNE HOMES, INC built. At the time this drywall was installed in the homes built by DANIEL WAYNE HOMES, INC DANIEL WAYNE HOMES, INC had no reason to know or to suspect that there were problems with the drywall it purchased from its suppliers. At the time, this drywall was installed in the homes built by DANIEL WAYNE HOMES, INC, the state of the art regarding knowledge of potential problems with Chinese drywall and alleged "off gassing" was

such that potential problems were unknown to recipients and users of these materials, such *as* builders like DANIEL WAYNE HOMES, INC and others similarly situated.

## COUNT VII
## BREACH OF CONTRACT
### (Against Builders Only)

52.    DANIEL WAYNE HOMES, INC adopts and re-alleges its responses to previous allegations as if fully set forth herein.

53.    Denied as stated as alleged in ¶843 of the Plaintiffs' Omnibus Class Action Complaint (II).

54.    Denied as stated as alleged in ¶844 of the Plaintiffs' Omnibus Class Action Complaint (II).

55.    Without knowledge as alleged in ¶845 of the Plaintiffs' Omnibus Class Action Complaint (II).

## COUNT VIII
## VIOLATION OF THE LOUISIANA NEW HOME WARRANTY ACT
### (Against Louisiana Builders Only)

56.    DANIEL WAYNE HOMES, INC adopts and re-alleges its responses to previous allegations as if fully set forth herein.

57.    These allegations do not appear to apply to DANIEL WAYNE HOMES, INC, as DANIEL WAYNE HOMES, INC is not a Louisiana builder. To the extent a response is required, without knowledge; therefore, denied as to ¶846 through ¶852 of the Plaintiffs' Omnibus Class Action Complaint (II).

## COUNT IX
## REDHIBITION
### (By Louisiana Plaintiffs against All Defendants)

58.     This Count should not apply to DANIEL WAYNE HOMES, INC as it is not a Louisiana

Builder. To the extent a response is required, without knowledge; therefore denied as to ¶853

through ¶862 of the Plaintiffs' Omnibus Class Action Complaint (II).

## COUNT X
## LOUISIANA PRODUCTS LIABILITY ACT
### (Manufacturing Defendants Pled in the Alternative against Distributor Defendants)

59.     DANIEL WAYNE HOMES, INC adopts and re-alleges its responses to previous

allegations as if fully set forth herein.

60.     This Count should not apply to DANIEL WAYNE HOMES, INC, as it is not a

Manufacturing Defendant or a Distributor Defendant. To the extent a response is required,

without knowledge; therefore denied as alleged in ¶863 through ¶876 of the Plaintiffs' Omnibus

Class Action Complaint (II).

## COUNT XI
## PRIVATE NUISANCE
### (All Defendants)

61.     DANIEL WAYNE HOMES, INC adopts and re-alleges its responses to previous

allegations as if fully set forth herein.

62.     Denied as alleged in ¶877 through ¶883 of the Plaintiffs' Omnibus Class Action

Complaint (II).

## COUNT XII
## NEGLIGENT DISCHARGE OF A CORROSIVE SUBSTANCE
### (All Defendants)

63.     DANIEL WAYNE HOMES, INC adopts and re-alleges its responses to previous

allegations as if fully set forth herein.

64.     Denied as alleged in ¶884 through ¶890 of the Plaintiffs' Omnibus Class Action Complaint (II).

## COUNT XIII
## UNJUST ENRICHMENT
### (All Defendants)

65.     DANIEL WAYNE HOMES, INC adopts and re-alleges its responses to previous allegations as if fully set forth herein.

66.     Denied as alleged in ¶891 through ¶894 of the Plaintiffs' Omnibus Class Action Complaint (II).

## COUNT XIV
## VIOLATIONS OF CONSUMER PROTECTION ACTS
### (All Defendants)

67.     DANIEL WAYNE HOMES, INC adopts and re-alleges its responses to previous allegations as if fully set forth herein.

68.     This allegation does not appear to require a response. To the extent, one is required, denied as alleged in ¶895 of the Plaintiffs' Omnibus Class Action Complaint (II).

69.     Denied as alleged in ¶896 through ¶899 of the Plaintiffs' Omnibus Class Action Complaint (II).

## COUNT XV
## EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING
### (AD Defendants)

70.     DANIEL WAYNE HOMES, INC adopts and re-alleges its responses to previous allegations as if fully set forth herein.

71.     Denied as alleged in ¶900 through ¶912 of the Plaintiffs' Omnibus Class Action Complaint (II) to the extent that a response is required from DANIEL WAYNE HOMES, INC Further Defendant denied that it is the actual or proximate cause of the situation as alleged;

therefore, denied that DANIEL WAYNE HOMES, INC Homes Inc. is legally liable for the relief requested.

## **AFFIRMATIVE DEFENSES**

I.        Defendant affirmatively alleges that the Plaintiffs' Omnibus Class Action Complaint (II) fails to state a cause of action against this Defendant as it fails to identify from whom the product was purchased and it fails to set forth ultimate facts, which show that this Defendant actually distributed the drywall that is at issue.

II.       Defendant affirmatively alleges that the cause of action, claim and item of damages in the Plaintiffs' Omnibus Class Action Complaint (II) did not accrue within the time prescribed by law for them before this action was brought. Therefore, this action is barred by the applicable statute of limitations.

III.      Defendant affirmatively alleges that Plaintiffs' injuries were caused by the negligent actions of one or more third parties not named as Defendants in this case and/or who are not in the employment and/or agency of the Defendants herein and therefore, the Court should apportion a percentage of liability among those non-parties, pursuant to *Fabre v. Marin* and *Allied Signal, Inc. v. Fox* and related cases. Defendant specifically asks that these names as identified during the course of discovery be included on the Jury Verdict Form and that a percentage of negligence be attributed to them in the case.

IV.      Defendant affirmatively alleges that at all times material to the Plaintiffs' Omnibus Class Action Complaint (II), Sean and Beth Payton, individually and on behalf of others similarly situated, and the additional plaintiffs listed on schedule of Plaintiffs, attached as Exhibit "A" of the Plaintiffs' Omnibus Class Action Complaint (II), conducted themselves in a negligent and careless manner, and as a direct and proximate result of this negligence, is barred

from recovery in whole or in part against this Defendant on the grounds of comparative negligence.

V.       Defendant affirmatively alleges that it is entitled to a credit and/or set off from any and all personal injury protection benefits paid and/or payable, and any and all other benefits, collateral sources or other sources of setoffs or recoupments and therefore claims said setoffs, credits, and recoupments in accordance with §768.76 of the Florida Statutes.

VI.      Defendant affirmatively alleges that there is a complete absence of justiciable issues of either law or fact raised by the Plaintiffs' Omnibus Class Action Complaint (II), and Defendant is entitled to the remedies of Rule 11 of the Federal Rules of Civil Procedure.

VII.     Defendant affirmatively alleges that there is a complete absence of justiciable issues of either law or fact raised by the Plaintiffs' Omnibus Class Action Complaint (II), and Defendant is entitled to the remedies of §57.105 and §57.104 of the Florida Statutes, and Rule 11 of the Federal Rules of Civil Procedure.

VIII.    Defendant affirmatively alleges that the Plaintiffs' seeks damages based on medical treatment and expenses that are not reasonable, related, or necessary and is not entitled to any reimbursement of unreasonable or unnecessary expenses.

IX.      Defendant affirmatively alleges that any damages, which the Plaintiffs' herein makes complaint, were caused by the negligence, if negligence there were, of others over whom this Defendant had no dominion, custody or control.

X.       Defendant affirmatively alleges that incident complained of was totally unforeseeable to this Defendant and, therefore, this Defendant had neither duty nor opportunity to take steps to prevent same.

XI.     Defendant affirmatively alleges would state that there was no nexus between the Plaintiffs' damages or injuries and any alleged negligence on the part of this Defendant, and therefore this action should fail due to the absence of proximate cause.

XII.    Defendant affirmatively alleges that it acted within its contractual and statutory rights, and pursuant to law.

XIII.   Defendant affirmatively alleges that at the time this particular product was manufactured and marketed, it was manufactured and marketed in accordance with the then existing state of the relevant technology pertaining to the subject product, and pursuant to State and Federal Law.

XIV.    Defendant affirmatively alleges that the Plaintiffs' Omnibus Class Action Complaint (II) fails to state a cause of action against this Defendant as it fails to identify from whom the product was purchased and it fails to set forth ultimate facts, which show that this Defendant actually distributed the particular item and used by the Plaintiffs.

XV.     Defendant affirmatively alleges it is not guilty of any negligence and did not cause nor contribute to causing the Plaintiffs' damages or injuries.

XVI.    Defendant affirmatively alleges that at the time this particular product was manufactured and marketed, it was manufactured and marketed in accordance with the then existing state of the relevant technology pertaining to the subject product, and pursuant to State and Federal Law.

XVII.   Defendant affirmatively alleges that the product had been altered and/or otherwise substantively changed by the Plaintiffs and/or by other third parties after it left the custody and control of this Defendant.

XVIII.   Defendant affirmatively alleges that it adopts all affirmative defenses of other defendants similarly situated, to the extent they are consistent with the defenses asserted herein.

XIX.   Defendant affirmatively alleges that it was not in the business of manufacturing or selling drywall; therefore, it is not liable for latent defects and/or defective building materials supplied to it by others, including but not limited to suppliers.

XX.   Defendant affirmatively alleges that it was not in the business of manufacturing drywall; therefore, it is not liable for any alleged misrepresentation regarding drywall.

XXI.   Defendant affirmatively alleges that it was not in the business of selling drywall; therefore, it is not liable for any alleged warranty for drywall or alleged breach thereof.

XXII.   Defendant affirmatively alleges that it is not a merchant selling drywall; therefore, it is not liable for any alleged implied warranty of merchantability for drywall or any alleged breach thereof

XXIII.   Defendant affirmatively alleges that it is not a merchant selling drywall; therefore, it is not liable for any alleged implied warranty of fitness for a particular purpose or alleged breach thereof.

XXIV.   Defendant affirmatively alleges that regarding the homes it constructed, DANIEL WAYNE HOMES, INC expressly disclaimed any warranty for building materials used in construction of its homes and supplied by others.

XXV.   Defendant affirmatively alleges that it justifiably relied on its own merchant drywall suppliers and drywall suppliers for its subcontractors (if any) to provide drywall that was fit for the ordinary purpose for which it was intended, i.e. fit for installation in the homes DANIEL WAYNE HOMES, INC built.

XXVI.   Defendant affirmatively alleges that that at the time this drywall was installed in the homes built by DANIEL WAYNE HOMES, INC, DANIEL WAYNE HOMES, INC had no reason to know or. to suspect that there were problems with the drywall it purchased from its suppliers; therefore, it would have not have been under any duty to warn of defects .now alleged.

XXVII.   Defendant affirmatively alleges that at the time this drywall was installed in the homes built by DANIEL WAYNE HOMES, INC, the state of the art regarding knowledge of potential problems with Chinese drywall and alleged "off gassing" was such that potential problems were unknown to recipients and users of these materials, such as builders like DANIEL WAYNE HOMES, INC and others similarly situated.

XXVIII. Defendant affirmatively alleges that to the extent this product is, has been, or becomes subject to a recall by the U.S. Consumer Product Safety Commission, all state and federal legal and equitable defenses arising from said product recall are incorporated herein by reference.

XXIX.   Defendant affirmatively alleges that the complaint and each cause of action alleged therein, fails to state a claim against DANIEL WAYNE HOMES, INC upon which relief may be granted.

XXX.   Defendant affirmatively alleges that Plaintiffs claims are barred by the applicable statute(s) of limitations.

XXXI.   Defendant affirmatively alleges that its actions were not the actual or proximate cause of the claimed damages; hence, Plaintiffs ought not to recover from DANIEL WAYNE HOMES, INC

XXXII.  Defendant affirmatively alleges that Plaintiffs damages/injuries are less than claimed.

XXXIII. Defendant affirmatively alleges that it that all alleged damages, if any, were caused in whole or in part by the actions of others over whom this Defendant had no control, and no right of control; hence Plaintiffs ought not recover against DANIEL WAYNE HOMES, INC

XXXIV. Defendant affirmatively alleges that the state of the art as of the date this answer was filed is that there is no conclusive evidence from government studies or otherwise that "off gassing" from Chinese drywall causes health problems in humans.

XXXV. Defendant affirmatively alleges that to the extent they claim the drywall in their dwellings is defective and/or a cause of health problems, the Plaintiffs are and have been under an affirmative duty to mitigate their damages and/or to terminate their exposure since the date they first obtained notice of their alleged problems.

XXXVI. Defendant affirmatively alleges that in the event that it is judicially determined that Plaintiff sustained damages as alleged, all of which has been specifically denied, then the damages were proximately caused by the intervening and supervening act(s) of other parties over whom this Defendant had no control, and no right of control, and for whose actions this Defendant is not liable.

XXXVII. Defendant affirmatively alleges that all work performed by DANIEL WAYNE HOMES, INC was performed in a workmanlike manner, in accordance with building code requirements, and in conjunction with installation specifics; hence the Plaintiff ought not recover against DANIEL WAYNE HOMES, INC for the claimed damages.

XXXVIII. Defendant affirmatively alleges that it fulfill of all the legal duties owed to Plaintiff, and the absence of any additional legal duties the Plaintiff attempts to impose via its Complaint, hence Plaintiff ought not recover against DANIEL WAYNE HOMES, INC

XXXIX. Defendant affirmatively alleges that it regarding allege  in "Count IX of the Omnibus Complaint purportedly by Louisiana Plaintiffs against all defendants:

    i.    The Plaintiff buyers did not give DANIEL WAYNE HOMES, INC a reasonable opportunity to repair the allegedly defective drywall product;

    ii.    The alleged hidden defect in the drywall product did not surface until well over three days after purchase; therefore, the responsibility for proving that the alleged defect existed at the time of the sale rests with the Plaintiff/buyer(s).

    iii.    Suit was not instituted within one year from the date of sale of the alleged defective products.

XL.    Defendant affirmatively alleges that the procedural standard for imposing punitive damages is unduly vague and does not furnish the jury sufficient guidance in determining whether, and how much to award in punitive damages, thereby permitting arbitrary and capricious taking of property in violation of the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

XLI.    Defendant affirmatively alleges that the imposition of punitive damages would violate the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution in each of the following ways:

    i.    The imposition of punitive damages that are vastly disproportionate to any actual injury would violate the Fourteenth Amendment of the United States Constitution.

    ii.    Disproportionate punitive damages constitute an arbitrary and capricious taking of property, which is unjustified by any rational government interest,

thereby violating the Fifth and Fourteenth Amendments of the United States Constitution.

iii.     The award of punitive damages without specific standards to guide a jury's discretion in determining the amount of damages is contrary to Due Process under the Fourteenth Amendment of the United States Constitution.

iv.     The substantive standards of liability under which punitive damages are sought in this case are ambiguous, subjective, and not reasonably ascertainable, and are thus void for vagueness under the Fourteenth Amendment of the United States Constitution.

v.     DANIEL WAYNE HOMES, INC reserves the right to add additional defenses.

XLII.    Defendant affirmatively alleges that the drywall at issue is not a product upon which a strict liability claim may be based; it is instead a structural improvement to real property and, accordingly, cannot form the basis for a strict liability claim.

XLIII.    Defendant affirmatively alleges that Plaintiffs' tort claims are barred by the products liability economic loss rule to the extent Plaintiffs are seeking damages related to repair or replacement of their homes or individual components thereof. Specifically, Plaintiffs do not allege to have purchased the allegedly defective drywall directly; rather, Plaintiffs allege that they purchased residents that were constructed with allegedly defective drywall. Accordingly, damages related to repair/replacement of Plaintiffs' homes as well as the integral components thereof, are merely economic losses for which recovery in tort is unavailable.

XLIV.    Defendant affirmatively alleges that the character of a loss determines the appropriate remedies, and, to determine the character of a loss, one must look to the product purchased by

the plaintiff, not the product sold by the defendant. These homeowners bought finished products dwellings not the individual components of those dwellings.

XLV.    Defendant affirmatively alleges that since the Plaintiffs purchased completed dwellings, the allegedly defective drywall is an integrated component of the product purchased by Plaintiffs. Any claimed damages relating to repair or replacement of the homes or the integral components thereof (such as fixtures, major appliances, HVAC systems, wiring, etc.) are recoverable only via contract remedies against those parties in privity with Plaintiffs.

XLVI.    Defendant affirmatively alleges that the drywall at issue was not inherently dangerous, and therefore, there is no duty to discover, correct or warn of latent defects absent actual or implied knowledge of such defects.

XLVII.    Defendant affirmatively alleges that for a Breach of Warranty and/or Fitness claim there must be a Privity of contract which is a prerequisite to recovery under a claim for breach of either express or implied warranty and that there is no privity between this Defendant and the Plaintiffs.

XLVIII.    Defendant affirmatively alleges that the Breach of Warranty or Fitness claim is time barred pursuant to §718.203 of the Florida Statues.

XLIX.    Defendant affirmatively alleges that the Plaintiffs are asserting a nuisance claim that fails to demonstrate that the maintenance of the nuisance was the natural and proximate cause of the injury. Plaintiffs have omitted any allegations detailing how the allegedly defective drywall created the alleged nuisance that actually and proximately caused Plaintiff's damages.

L.    Defendant affirmatively alleges that Plaintiffs assert that the alleged nuisance consists of "[t]he odors and effects resulting from the emission of gasses from the Chinese Drywall." The Plaintiffs' Omnibus Class Action Complaint (II) omits allegations of ultimate fact detailing

how Defendant alleged construction of the property created or caused the nuisance of emission of gasses. On the contrary, the alleged nuisance claimed by Plaintiffs suggests a defect in the manufacturing of the drywall rather than issues related to the manner in which it was used.

## CROSS-CLAIMS AGAINST

**Beijing New Building Materials Public Limited, Co.; Taishan Gypsum Co., Ltd f/k/a Shandong Taihe Dongxin. Co., Ltd; Taian Taishan Plasterboard Co., Ltd; Pingyi Zhongxing Paper-Faced Plasterboard Co., Ltd. f/k/a Shandong Chenxaing Building Materials Co. Ltd.; Qinhuangdao Taishan Building Materials Co., Ltd.; Prowall Drywall, Inc., a/k/a Prowall; International Materials Trading (IMT) Gypsum; Panel Rey a/k/a Panel de Yeso Panel; Shamrock Gold; Gridmarx a/k/a Grid MarX; Gypsum Board; USB; Pabco**

## FIRST CROSS-CLAIM

1.      Defendant incorporates herein all of the foregoing responses that are relevant to and consistent with this cross-claim.

2.      For a further defense and as a cross-claim, Defendant asserts a claim against Beijing New Building Materials Public Limited, Co.; Taishan Gypsum Co., Ltd f/k/a Shandong Taihe Dongxin. Co., Ltd; Taian Taishan Plasterboard Co., Ltd; Pingyi Zhongxing Paper-Faced Plasterboard Co., Ltd. f/k/a Shandong Chenxaing Building Materials Co. Ltd.; Qinhuangdao Taishan Building Materials Co., Ltd.; Prowall Drywall, Inc., a/k/a Prowall; International Materials Trading (IMT) Gypsum; Panel Rey a/k/a Panel de Yeso Panel; Shamrock Gold; Gridmarx a/k/a Grid MarX; Gypsum Board; USB; Pabco along with all other applicable affiliates and related entities (collectively hereafter "Manufacturers") for breach of express warranties.

3.      Defendant received a certain quantity of gypsum drywall manufactured by

"Manufacturers" via its suppliers and subcontractors.

4.      "Manufacturers" expressly warranted the gypsum drywall Defendant purchased from "Manufacturers" would be free of defects and fit for the ordinary purpose for which gypsum drywall is used.

5.      Without admitting any liability or damages to the Plaintiffs, if it is shown that the drywall manufactured and supplied to Defendant in whatever manner by "Manufacturers" was defective and not fit for the ordinary purpose for which gypsum drywall is used, then "Manufacturers" is liable to Defendant for breach of the express warranty.

6.      As a direct and proximate result of "Manufacturers'" breach of express warranties, Defendant has incurred damages in that it has been required to respond to homeowner complaints and to defend this action. Further, Defendant will likely continue to incur additional costs in responding to homeowner complaints and defending this action.

## SECOND CROSS-CLAIM

7.      Defendant incorporates herein all of the foregoing responses that are relevant to and consistent with this cross-claim.

8.      For a further defense and as a cross-claim, Defendant asserts a claim against "Manufacturers" for breach of implied warranty of merchantability under the common law and/or applicable state statutes.

9.      "Manufacturers" is a merchant of gypsum drywall.

10.      Defendant received via its suppliers or subcontractors from "Manufacturers" a certain quantity of gypsum drywall manufactured by "Manufacturers".

11.      Pursuant to the applicable state statutes and/or the common law, "Manufacturers"

warranted that the gypsum drywall was merchantable and fit for the ordinary purpose for which gypsum drywall is used.

12.     Without admitting any liability or damages to the Plaintiffs, if it is shown that the drywall manufactured and sold to by "Manufacturers" was defective and not fit for the ordinary purpose for which gypsum drywall is used, then "Manufacturers" is liable to Defendant for breach of implied warranty.

13.     As a direct and proximate result of "Manufacturers'" breach of the implied warranty of merchantability, Defendant has incurred damages in that it has been required to respond to homeowner complaints and to defend this action. Further, Defendant will likely continue to incur additional costs in responding to homeowner complaints and defending this action.

## THIRD CROSS-CLAIM

14.     Defendant incorporates herein all of the foregoing responses that are relevant to and consistent with this cross-claim.

15.     For a further defense and as a cross-claim, Defendant asserts a claim against "Manufacturers" for equitable and/or common law indemnification.

16.     "Manufacturers" is solely responsible and liable for any allegedly wrongful acts committed against the Plaintiffs with regard to the allegations of Plaintiffs' Complaint.

17.     "Manufacturers" is solely liable for any damages allegedly suffered by Plaintiffs and, if Defendant is required to pay any damages to the Plaintiffs, Defendant is entitled to be indemnified, based on the doctrines of equitable and/or common law indemnification, by "Manufacturers" for any damages.

18.     This Defendant reserves the right to amend its Answer, Affirmative Defenses, and Cross-Claims as investigation and discovery may reveal.

WHEREFORE, Defendant, DANIEL WAYNE HOMES, INC, a Florida Corporation, having fully Answered Plaintiffs' Omnibus Class Action Complaint (II) prays the Court that:

      i.     Plaintiffs recover nothing from Defendant and that judgment be entered in Defendant's favor; the costs of this action, including attorney's fees and costs that may be allowed by statute, be taxed against Plaintiffs;

      ii.     If Plaintiffs recover any amount from Defendant, that Defendant be granted the relief prayed for in its Cross-Claims against "Manufacturers";

      iii.     Defendant have such other and further relief as the Court may deem just and proper.

      iv.     Judgment in their favor, and against Plaintiffs, together with all taxable fees and costs; and

      v.     Further demands trial by jury of all issues so triable as of right.

Respectfully submitted,

Dated: June 25, 2010

/s/ Raul R. Loredo
Raul R. Loredo, Esquire
MINTZER SAROWITZ ZERIS
LEDVA & MEYERS, LLP
The Waterford at Blue Lagoon
1000 NW 57th Court, Suite 300
Miami, FL  33126
Tel:  305-774-9966
Fax:  305-774-7743
rloredo@defensecounsel.com

/s/ Addison J. Meyers
Addison J. Meyers, Esquire
MINTZER SAROWITZ ZERIS
LEDVA & MEYERS, LLP
The Waterford at Blue Lagoon
1000 NW 57th Court, Suite 300
Miami, FL  33126
Tel:   305-774-9966
Fax:  305-774-7743
ameyers@defensecounsel.com

## CERTIFICATE OF SERVICE

I, hereby certify that the above and forgoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by United States Mail and email or hand delivery and email and upon all parties electronically uploading same to Lexis Nexis File and Serve® in accordance with Pre-Trial Order No.: 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with procedures established in MDL 2047 on this 25th day of June, 2010.

/s/ Raul R. Loredo
Raul R. Loredo