003578.00503M

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL NO.: 2047** |
| | **SECTION: L** |
| | **JUDGE FALLON** |
| **THIS DOCUMENT RELATES TO:** *GROSS, ET. AL. V. KNAUF GIPS KG, ET. AL.* **CASE NO. 2:09-cv-06690 (E.D.LA.)** | **MAG: JUDGE WILKINSON** |

_____/

## ANSWER PRESENTING DEFENSES UNDER RULE 12(b), AND CROSS CLAIM
### (Responding to Allegations in the Plaintiffs' Omnibus Complaint)

COMES NOW, the Defendant, Smith Family Homes Corporation, a Florida Corporation, by and through its undersigned counsel and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, gives notice to all of its Answer and Affirmatives to the Plaintiffs Omnibus Class Action Complaint (III), and on behalf of the class representatives, all other similarly situated owners and residents of real property containing the alleged defective Chinese manufactured drywall that was alleged to be designed, manufactured, imported, distributed, delivered, supplied, marketed, inspected, installed, or sold by the Defendants, and for its complaint against Defendants Knauf Gips KG ("Knauf Gips"); Knauf Plasterboard (Tianjin) Co., Ltd. ("Knauf Tianjin"); Taishan Gypsum Co. Ltd.(f/Ida Shandong Taihe Dongxin Co. Ltd.) ("Taishan'"); and the additional defendants listed on schedule of defendants, attached as Exhibit "B" to the Plaintiffs Omnibus Complaint:

1.      Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 4 through 1125, inclusive, 1127 through 1459, inclusive, including all of

their subparts of Plaintiffs' Omnibus Class Action Complaint (III) and neither admits nor denies same, but demands strict proof thereof.

2.      Defendant admits that Defendant, Smith Family Homes Corporation. is an entity or individual with a principal place of business at 5110 Eisenhower Boulevard, Suite 160, Tampa, Florida 33634. Defendant is organized under the laws of Florida as alleged in paragraph 1291, and denies or lacks knowledge or information sufficient to form a belief about the truth of the rest of the paragraph 1291 of the Plaintiffs' Omnibus Class Action Complaint (III).

3.      Defendant admits the allegations in paragraphs 1, 2, and 3, inclusive, including all of their subparts Plaintiffs' Omnibus Class Action Complaint (III).

4.      Defendant denies all other allegations contained within the Plaintiffs' Omnibus Class Action Complaint (III), specifically denying all allegations of negligence, proximate cause, and damages.

## COUNT I
## NEGLIGENCE
### (All Defendants)

5.      Smith Family Homes Corporation. adopts and re-alleges its responses to previous allegations as if fully set forth herein.

6.      Defendant admits that Smith Family Homes Corporation. owed a duty to exercise reasonable care installing drywall in its homes; denied that Smith Family Homes Corporation. should be included as a defendant in any Chinese drywall litigation as Smith Family Homes Corporation. was not in the business of manufacturing or selling drywall; therefore it is not liable for latent defects and/or defective building materials supplied to it  by suppliers as alleged in ¶1461 of the Plaintiffs' Omnibus Class Action Complaint (III).

7.      Defendant denies the allegations of ¶1462 of the Plaintiffs' Omnibus Class Action

Complaint (III).

8.      Defendant denies that Smith Family Homes Corporation, should be included as a defendant in

any Chinese drywall litigation as Smith Family Homes Corporation. was not in the business of

manufacturing or selling drywall; therefore it is not liable for latent defects and/or defective building

materials supplied to it by suppliers in ¶1463 of the Plaintiffs' Omnibus Class Action Complaint (III).

9.      Defendant denies the allegations of ¶1464 of the Plaintiffs' Omnibus Class Action Complaint

(III). Smith Family Homes Corporation. justifiably relied on its own merchant drywall suppliers and

drywall suppliers for its subcontractors (if any) to provide drywall that was fit for the ordinary

purpose for which it was intended, i.e. fit for installation in the homes Smith Family Homes

Corporation built; further denied because at the time the subject drywall was installed in the home(s)

built by Smith Family Homes Corporation, Smith Family Homes Corporation had no reason to know

or to suspect that there were problems with the drywall it purchased from its suppliers; therefore, it

would have not have been under any duty to warn of defects now alleged in ¶1464 of the Plaintiffs'

Omnibus Class Action Complaint (III).

10.     Defendant denies the allegations of ¶1465 of  Plaintiffs' Omnibus Class Action Complaint

(III); further denied as Smith Family Homes Corporation. expressly disclaimed any warranty for

building materials used in construction of its homes and supplied by others as alleged in ¶1465 of the

Plaintiffs' Omnibus Class Action Complaint (III).

11.     Defendant denies the allegations of ¶1466 of Plaintiffs' Omnibus Class Action Complaint (III). At the time this drywall was installed in the home(s) built by Smith Family Homes Corporation, the state of the art regarding knowledge of potential problems with Chinese drywall and alleged "off gassing" was such that potential problems were unknown to recipients and users of these materials, such as builders like Smith Family Homes Corporation. and others similarly situated as alleged in ¶1466 of the Plaintiffs' Omnibus Class Action Complaint (III).

12.     Defendant denies the allegations of ¶1467 of the Plaintiffs' Omnibus Class Action Complaint (III).

## COUNT II
## NEGLIGENCE PER SE
**(All Defendants)**

13.     Defendant is without knowledge as to the allegations of ¶1469 of the Plaintiffs' Omnibus Class Action Complaint (III) and neither admits or denies same, but demands strict proof thereof.

14.     Defendant is without knowledge as to the allegations of ¶1470 of the Plaintiffs' Omnibus Class Action Complaint (III) and neither admits or denies same, but demands strict proof thereof.

15.     Defendant denies the allegations of ¶1471 of Plaintiffs' Omnibus Class Action Complaint (III) regarding Smith Family Homes Corporation. as Smith Family Homes Corporation. justifiably relied on its own merchant drywall suppliers and drywall suppliers for its subcontractors (if any) to provide drywall that was fit for the ordinary purpose for which it was intended, i.e. fit for installation in the homes Smith Family Homes Corporation built; further denied because at the time the subject drywall was installed in the home(s) built by Smith Family Homes Corporation, Smith Family Homes

Corporation had no reason to know or to suspect that there were problems with the drywall it purchased from its suppliers; therefore, it would have not have been under any duty to warn of defects as alleged in ¶1471 of the Plaintiffs' Omnibus Class Action Complaint (III).

16.     Defendant denies the allegations of ¶1472 of Plaintiffs' Omnibus Class Action Complaint (III) as Smith Family Homes Corporation. justifiably relied on its own merchant drywall suppliers and drywall suppliers for its subcontractors (if any) to provide drywall that was fit for the ordinary purpose for which it was intended, i.e. fit for installation in the homes Smith Family Homes Corporation built; further denied because at the time the subject drywall was installed in the home(s) built by Smith Family Homes Corporation, Smith Family Homes Corporation had no reason to know or to suspect that there were problems with the drywall it purchased from its suppliers; therefore, it would have not have been under any duty to warn of defects as alleged in ¶1472 of the Plaintiffs' Omnibus Class Action Complaint (III).

17.     Defendant denies the allegations of ¶1473 of  Plaintiffs' Omnibus Class Action Complaint (III) because at the time this drywall was installed in the home(s) built by Smith Family Homes Corporation, the state of the art regarding knowledge of potential problems with Chinese drywall and alleged "off gassing" was such that potential problems were unknown to recipients and users of these materials, such as builders like Smith Family Homes Corporation. and others similarly situated.

18.     Defendant denies the allegations of ¶1474 of the Plaintiffs' Omnibus Class Action Complaint (III).

## COUNT III
## STRICT LIABILITY
### (All Defendants)

19.     Defendant denies that it should be included as a defendant in any Chinese drywall litigation as Smith Family Homes Corporation. was not in the business of manufacturing or selling drywall; therefore it is not liable for latent defects and/or defective building materials supplied to it by suppliers as alleged in ¶1476 of the Plaintiffs' Omnibus Class Action Complaint (III).

20.     Defendant denies that it should be included as a defendant in any Chinese drywall litigation as Smith Family Homes Corporation. was not in the business of manufacturing or selling drywall; therefore it is not liable for latent defects and/or defective building materials supplied to it by suppliers as alleged in ¶1477 of the Plaintiffs' Omnibus Class Action Complaint (III).

21.     Defendant denies that it should be included as a defendant in any Chinese drywall litigation as Smith Family Homes Corporation. was not in the business of manufacturing or selling drywall; therefore it is not liable for latent defects and/or defective building materials supplied to it by suppliers as alleged in ¶1478 of the Plaintiffs' Omnibus Class Action Complaint (III).

22.     Defendant denies that it should be included as a defendant in any Chinese drywall litigation as Smith Family Homes Corporation. was not in the business of manufacturing or selling drywall; therefore it is not liable for latent defects and/or defective building materials supplied to it by suppliers as alleged in ¶1479 of the Plaintiffs' Omnibus Class Action Complaint (III).

23.     Defendant is without knowledge as to the allegations of ¶1480 of the Plaintiffs' Omnibus Class Action Complaint (III) and neither admits or denies same, but demands strict proof thereof.

24.     Defendant is without knowledge as to the allegations of ¶1481 of the Plaintiffs' Omnibus

Class Action Complaint (III) and neither admits or denies same, but demands strict proof thereof.

25.     Defendant is without knowledge as to the allegations of ¶1482 of Plaintiffs' Omnibus Class

Action Complaint (III) which concern other parties.

26.     Defendant denies the allegations of ¶1483 of  Plaintiffs' Omnibus Class Action Complaint (III)

in that Smith Family Homes Corporation. should not be included as a defendant in any Chinese

drywall litigation as Smith Family Homes Corporation. was not in the business of manufacturing or

selling drywall; therefore it is not liable for latent defects and/or defective building materials supplied

to it by suppliers.

27.     Defendant is without knowledge as to the allegations of ¶1484 through ¶1486 of the

Plaintiffs' Omnibus Class Action Complaint (III) and neither admits or denies same, but demands

strict proof thereof.

28.     Defendant denies the allegations of ¶1487 of  Plaintiffs' Omnibus Class Action Complaint (III)

in that Smith Family Homes Corporation. should not be included as a defendant in any Chinese

drywall litigation as Smith Family Homes Corporation. was not in the business of manufacturing or

selling drywall; therefore it is not liable for latent defects and/or defective building materials supplied

to it by suppliers.

29.     Defendant denies the allegations of ¶1488 of  Plaintiffs' Omnibus Class Action Complaint

(III). Smith Family Homes Corporation. justifiably relied on its own merchant drywall suppliers and

drywall suppliers for its subcontractors (if any) to provide drywall that was fit for the ordinary

purpose for which it was intended, i.e. fit for installation in the homes Smith Family Homes Corporation built; further denied because at the time the subject drywall was installed in the home(s) built by Smith Family Homes Corporation, Smith Family Homes Corporation had no reason to know or to suspect that there were problems with the drywall it purchased from its suppliers; therefore, it would have not have been under any duty to warn of defects now alleged.

30.     Defendant is without knowledge as to the allegations of ¶1489, and 1491, of Plaintiffs' Omnibus Class Action Complaint (III) and neither admits or denies same, but demands strict proof thereof.

31.     Defendant denies the allegations of ¶1490 of Plaintiffs' Omnibus Class Action Complaint (III) in that Smith Family Homes Corporation. should not be included as a defendant in any Chinese drywall litigation as Smith Family Homes Corporation. was not in the business of manufacturing or selling drywall; therefore it is not liable for latent defects and/or defective building materials supplied to it by suppliers.

32.     Defendant denies the allegations of ¶1492 of Plaintiffs' Omnibus Class Action Complaint (III) in that Smith Family Homes Corporation. should not be included as a defendant in any Chinese drywall litigation as Smith Family Homes Corporation. was not in the business of manufacturing or selling drywall; therefore it is not liable for latent defects and/or defective building materials supplied to it by suppliers.

## COUNT IV
### BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES
### (All Defendants)

33.     Defendant is without knowledge as to the allegations of ¶1494 of Plaintiffs' Omnibus Class

Action Complaint (III) and neither admits or denies same, but demands strict proof thereof.

34.     Defendant denies the allegations of ¶1495 of Plaintiffs' Omnibus Class Action Complaint (III).

35.     Defendant denies the allegations of ¶1496 of Plaintiffs' Omnibus Class Action Complaint (III).

36.     Defendant denies the allegations of ¶1497 of Plaintiffs' Omnibus Class Action Complaint (III).

37.     Defendant denies the allegations of ¶1498 of Plaintiffs' Omnibus Class Action Complaint (III).

38.     Defendant denies the allegations of ¶1999 of Plaintiffs' Omnibus Class Action Complaint (III).

39.     Defendant is without knowledge as to the allegations of ¶2000 of Plaintiffs' Omnibus Class

Action Complaint (III) and neither admits or denies same, but demands strict proof thereof.

## COUNT V
## BREACH OF THE IMPLIED WARRANTY OF FITNESS AND MERCHANTABILITY PURSUANT TO FLORIDA STATUTE SECTION 718.203
### (On behalf of Plaintiffs Who Own Condominiums in the State of Florida)
### (Against Builders Only)

40.     These allegations do not appear to apply to Smith Family Homes Corporation., as Smith Family Homes Corporation is not a Florida condominium builder. To the extent a response is required; Defendant denies the allegations of ¶1501 through ¶1512 of Plaintiffs' Omnibus Class Action Complaint (III).

## COUNT VI
## BREACH OF THE IMPLIED WARRANTY OF HABITABILITY
### (Against Builders Only)

41.     Defendant admits the allegations of ¶1514 of Plaintiffs' Omnibus Class Action Complaint (III).

42.     Defendant denies the allegations of ¶1515 of Plaintiffs' Omnibus Class Action Complaint (III).

43.     Defendant denies the allegations of ¶1516 of Plaintiffs' Omnibus Class Action Complaint (III).

44.     Defendant denies the allegations of ¶1517 of Plaintiffs' Omnibus Class Action Complaint (III). Smith Family Homes Corporation. justifiably relied on its own merchant drywall suppliers and drywall suppliers for its subcontractors (if any) to provide drywall that was fit for the ordinary purpose for which it was intended, i.e. fit for installation in the homes Smith Family Homes Corporation built. At the time this drywall was installed in the home(s) built by Smith Family Homes Corporation, Smith

Family Homes Corporation had no reason to know or to suspect that there were problems with the drywall it purchased from its suppliers. At the time this drywall was installed in the home(s) built by Smith Family Homes Corporation, the state of the art regarding knowledge of potential problems with Chinese drywall and alleged "off gassing" was such that potential problems were unknown to recipients and users of these materials, such as builders like Smith Family Homes Corporation. and others similarly situated.

45.    Defendant denies the allegations of ¶1518 of Plaintiffs' Omnibus Class Action Complaint (III).

46.    Defendant is without knowledge as to the allegations of ¶1519 of Plaintiffs' Omnibus Class Action Complaint (III) and neither admits or denies same, but demands strict proof thereof.

<u>**COUNT VII**</u>
**BREACH OF CONTRACT**
**(Against Builders Only)**

47.    Defendant denies the allegations of ¶1521 of the Plaintiffs' Omnibus Class Action Complaint (III).

48.    Defendant denies the allegations of ¶1522 of Plaintiffs' Omnibus Class Action Complaint (III).

49.    Defendant is without knowledge as to the allegations of ¶1523 of Plaintiffs' Omnibus Class Action Complaint (III) and neither admits or denies same, but demands strict proof thereof.

## COUNT VIII
## VIOLATION OF THE LOUISIANA NEW HOME WARRANTY ACT
### (Against Louisiana Builders Only)

50.     These allegations do not appear to apply to Smith Family Homes Corporation., as Smith Family Homes Corporation is not a Louisiana builder. To the extent a response is required; Defendant denies the allegations of ¶1524 through ¶1530 of Plaintiffs' Omnibus Class Action Complaint (III).

## COUNT IX
## REDHIBITION
### (By Louisiana Plaintiffs against All Defendants)

51.     These allegations do not appear to apply to Smith Family Homes Corporation. as it is not a Louisiana Builder. To the extent a response is required; Defendant denies the allegations of ¶1531 through ¶1540 of the Plaintiffs' Omnibus Class Action Complaint (III).

## COUNT X
## LOUISIANA PRODUCTS LIABILITY ACT
### (Manufacturing Defendants Pled in the Alternative against Distributor Defendants)

52.     This Count does not appear to apply to Smith Family Homes Corporation., as it is not a Manufacturing Defendant or a Distributor Defendant. To the extent a response is required; Defendant denies the allegations of ¶1541 through ¶1554 of Plaintiffs' Omnibus Class Action Complaint (III).

## COUNT XI
### PRIVATE NUISANCE
### (All Defendants)

53.     Defendant denies the allegations of ¶1555 through ¶1651 of Plaintiffs' Omnibus Class

Action Complaint (III).

## COUNT XII
### NEGLIGENT DISCHARGE OF A CORROSIVE SUBSTANCE
### (All Defendants)

54.     Defendant denies the allegations of ¶1562 through ¶1568 of the Plaintiffs' Omnibus Class

Action Complaint (III).

## COUNT XIII
### UNJUST ENRICHMENT
### (All Defendants)

55.     Defendant denies the allegations of ¶1569 through ¶1572 of the Plaintiffs' Omnibus Class

Action Complaint (III).

## COUNT XIV
### VIOLATIONS OF CONSUMER PROTECTION ACTS
### (All Defendants)

56.     This allegation does not appear to require a response. To the extent, one is required;

Defendant denies the allegations ¶1573 through ¶1577 of the Plaintiffs' Omnibus Class Action

Complaint (III).

## COUNT XV
### EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING
### (All Defendants)

57.      Defendant denies the allegations ¶1578 through ¶1590 of the Plaintiffs' Omnibus Class

Action Complaint (III).

## AFFIRMATIVE DEFENSES

I.      Defendant affirmatively alleges that the Plaintiffs' Omnibus Class Action Complaint (III) fails

to state a cause of action against this Defendant as it fails to identify from whom the product was

purchased and it fails to set forth ultimate facts, which show that this Defendant actually distributed

the drywall that is at issue.

II.      Defendant affirmatively alleges that the cause of action, claim and item of damages in the

Plaintiffs' Omnibus Class Action Complaint (III) did not accrue within the time prescribed by law

before this action was brought.   Therefore, this action is barred by the applicable statute of

limitations.

III.      Defendant affirmatively alleges that Plaintiffs' injuries were caused by the negligent actions of

one or more third parties not named as Defendants in this case and/or who are not in the employment

and/or agency of the Defendants herein and therefore, the Court should apportion a percentage of

liability among those non-parties, pursuant to *Fabre v. Marin* and *Allied Signal, Inc. v. Fox* and

related cases. Defendant specifically asks that these names as identified during the course of discovery

be included on the Jury Verdict Form and that a percentage of negligence be attributed to them in the

case.

IV.     Defendant affirmatively alleges that it is entitled to a credit and/or setoff from any and all personal injury protection benefits paid and/or payable, and any and all other benefits, collateral sources or other sources of setoffs or recoupments and therefore claims said setoffs, credits, and recoupments in accordance with §768.76 of the Florida Statutes.

V.     Defendant affirmatively alleges that there is a complete absence of justiciable issues of either law or fact raised by the Plaintiffs' Omnibus Class Action Complaint (III), and Defendant is entitled to the remedies of Rule 11 of the Federal Rules of Civil Procedure.

VI.     Defendant affirmatively alleges that there is a complete absence of justiciable issues of either law or fact raised by the Plaintiffs' Omnibus Class Action Complaint (III), and Defendant is entitled to the remedies of §57.105 and §57.104 of the Florida Statutes, and Rule 11 of the Federal Rules of Civil Procedure.

VII.     Defendant affirmatively alleges that the Plaintiffs' seeks damages based on medical treatment and expenses that are not reasonable, related, or necessary and are not entitled to any reimbursement of unreasonable or unnecessary expenses.

VIII.     Defendant affirmatively alleges that any damages, which the Plaintiffs' herein makes complaint, were caused by the negligence, if negligence there were, of others over whom this Defendant had no dominion, custody or control.

IX.     Defendant affirmatively alleges that incident complained of was totally unforeseeable to this Defendant and, therefore, this Defendant had neither duty nor opportunity to take steps to prevent same.

X.    Defendant affirmatively alleges that there was no nexus between the Plaintiffs' damages or injuries and any alleged negligence on the part of this Defendant, and therefore this action should fail due to the absence of proximate cause.

XI.    Defendant affirmatively alleges that it acted within its contractual and statutory rights, and pursuant to law.

XII.    Defendant affirmatively alleges that at the time this particular product was manufactured and marketed, it was manufactured and marketed in accordance with the then existing state of the relevant technology pertaining to the subject product, and pursuant to State and Federal Law.

XIII.    Defendant affirmatively alleges it is not guilty of any negligence and did not cause nor contribute to causing the Plaintiffs' damages or injuries.

XIV.    Defendant affirmatively alleges that the product had been altered and/or otherwise substantively changed by the Plaintiffs and/or by other third parties after it left the custody and control of this Defendant.

XV.    Defendant affirmatively alleges that it was not in the business of manufacturing or selling drywall; therefore, it is not liable for latent defects and/or defective building materials supplied to it by others, including but not limited to suppliers.

XVI.    Defendant affirmatively alleges that it was not in the business of manufacturing drywall; therefore, it is not liable for any alleged misrepresentation regarding drywall.

XVII.  Defendant affirmatively alleges that it was not in the business of selling drywall; therefore, it is not liable for any alleged warranty for drywall or alleged breach thereof.

XVIII.   Defendant affirmatively alleges that it is not a merchant selling drywall; therefore, it is not

liable for any alleged implied warranty of merchantability for drywall or any alleged breach thereof.

XIX.   Defendant affirmatively alleges that it is not a merchant selling drywall; therefore, it is not

liable for any alleged implied warranty of fitness for a particular purpose or alleged breach thereof.

XX.   Defendant affirmatively alleges that regarding the homes it constructed, Smith Family Homes

Corporation. expressly disclaimed any warranty for building materials used in construction of its

homes and supplied by others.

XXI.   Defendant affirmatively alleges that it justifiably relied on its own merchant drywall suppliers

and drywall suppliers for its subcontractors (if any) to provide drywall that was fit for the ordinary

purpose for which it was intended, i.e. fit for installation in the homes Smith Family Homes

Corporation built.

XXII.  Defendant affirmatively alleges that that at the time this drywall was installed in the home(s)

built by Smith Family Homes Corporation, Smith Family Homes Corporation had no reason to know

or to suspect that there were problems with the drywall it purchased from its suppliers; therefore, it

would have not have been under any duty to warn of defects now alleged.

XXIII.  Defendant affirmatively alleges that at the time this drywall was installed in the home(s) built

by Smith Family Homes Corporation, the state of the art regarding knowledge of potential problems

with Chinese drywall and alleged "off gassing" was such that potential problems were unknown to

recipients and users of these materials, such as builders like Smith Family Homes Corporation. and

others similarly situated.

XXIV. Defendant affirmatively alleges that to the extent this product is, has been, or becomes subject to a recall by the U.S. Consumer Product Safety Commission, all state and federal legal and equitable defenses arising from said product recall are incorporated herein by reference.

XXV.  Defendant affirmatively alleges that to the extent they claim the drywall in their dwellings is defective and/or a cause of health problems, the Plaintiffs are and have been under an affirmative duty to mitigate their damages and/or to terminate their exposure since the date they first obtained notice of their alleged problems.

XXVI.  Defendant affirmatively alleges that all work performed by Smith Family Homes Corporation. was performed in a workmanlike manner, in accordance with building code requirements, and in conjunction with installation specifics; hence the Plaintiff ought not recover against Smith Family Homes Corporation for the claimed damages.

XXVII.  Defendant affirmatively alleges that it fulfilled of all the legal duties owed to Plaintiff, and the absence of any additional legal duties the Plaintiff attempts to impose via its Complaint, hence Plaintiff ought not recover against Smith Family Homes Corporation.

XXVIII. Defendant affirmatively alleges that it regarding alleged Redhibition in Count IX of the Omnibus Complaint purportedly by Louisiana Plaintiffs against all defendants:

   i.  The Plaintiff buyers did not give Smith Family Homes Corporation. a reasonable opportunity to repair the allegedly defective drywall product;

ii. The alleged hidden defect in the drywall product did not surface until well over three days after purchase; therefore, the responsibility for proving that the alleged defect existed at the time of the sale rests with the Plaintiff/buyer(s).

iii. Suit was not instituted within one year from the date of sale of the alleged defective products.

XXIX. Defendant affirmatively alleges that the procedural standard for imposing punitive damages is unduly vague and does not furnish the jury sufficient guidance in determining whether, and how much to award in punitive damages, thereby permitting arbitrary and capricious taking of property in violation of the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

XXX. Defendant affirmatively alleges that the imposition of punitive damages would violate the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution in each of the following ways:

i. The imposition of punitive damages that are vastly disproportionate to any actual injury would violate the Fourteenth Amendment of the United States Constitution.

ii. Disproportionate punitive damages constitute an arbitrary and capricious taking of property, which is unjustified by any rational government interest, thereby violating the Fifth and Fourteenth Amendments of the United States Constitution.

iii. The award of punitive damages without specific standards to guide a jury's discretion in determining the amount of damages is contrary to Due Process under the Fourteenth Amendment of the United States Constitution.

iv.    The substantive standards of liability under which punitive damages are sought in this case are ambiguous, subjective, and not reasonably ascertainable, and are thus void for vagueness under the Fourteenth Amendment of the United States Constitution.

v.    Smith Family Homes Corporation. reserves the right to add additional defenses.

XXXI.  Defendant affirmatively alleges that the drywall at issue is not a product upon which a strict liability claim may be based; it is instead a structural improvement to real property and, accordingly, cannot form the basis for a strict liability claim.

XXXII.  Defendant affirmatively alleges that Plaintiffs' tort claims are barred by the products liability economic loss rule to the extent Plaintiffs are seeking damages related to repair or replacement of their homes or individual components thereof. Specifically, Plaintiffs do not allege to have purchased the allegedly defective drywall directly; rather, Plaintiffs allege that they purchased residents that were constructed with allegedly defective drywall. Accordingly, damages related to repair/replacement of Plaintiffs' homes as well as the integral components thereof, are merely economic losses for which recovery in tort is unavailable.

XXXIII. Defendant affirmatively alleges that the character of a loss determines the appropriate remedies, and, to determine the character of a loss, one must look to the product purchased by the plaintiff, not the product sold by the defendant. These homeowners bought finished products dwellings not the individual components of those dwellings.

XXXIV. Defendant affirmatively alleges that since the Plaintiffs purchased completed dwellings, the allegedly defective drywall is an integrated component of the product purchased by Plaintiffs. Any

claimed damages relating to repair or replacement of the homes or the integral components thereof (such as fixtures, major appliances, HVAC systems, wiring, etc.) are recoverable only via contract remedies against those parties in privity with Plaintiffs.

XXXV.  Defendant affirmatively alleges that the drywall at issue was not inherently dangerous, and therefore, there is no duty to discover, correct or warn of latent defects absent actual or implied knowledge of such defects.

XXXVI.  Defendant affirmatively alleges that for a Breach of Warranty and/or Fitness claim there must be a Privity of contract which is a prerequisite to recovery under a claim for breach of either express or implied warranty and that there is no privity between this Defendant and the Plaintiffs.

XXXVII.  Defendant affirmatively alleges that the Breach of Warranty or Fitness claim is time barred pursuant to §718.203 of the Florida Statues.

XXXVIII.   Defendant affirmatively alleges that the Plaintiffs are asserting a nuisance claim that fails to demonstrate that the maintenance of the nuisance was the natural and proximate cause of the injury. Plaintiffs have omitted any allegations detailing how the allegedly defective drywall created the alleged nuisance that actually and proximately caused Plaintiff's damages.

XXXIX.   Defendant affirmatively alleges that Plaintiffs assert that the alleged nuisance consists of "[t]he odors and effects resulting from the emission of gasses from the Chinese Drywall." The Plaintiffs' Omnibus Class Action Complaint (III) omits allegations of ultimate fact detailing how Defendant alleged construction of the property created or caused the nuisance of emission of gasses. On the

contrary, the alleged nuisance claimed by Plaintiffs suggests a defect in the manufacturing of the drywall rather than issues related to the manner in which it was used.

XL.   Defendant affirmatively alleges that Plaintiffs' claim are barred under Florida Statutes §682.02 and §682.03 and the Federal Arbitration Act (9 U.S.C. § 1), and therefore the Plaintiffs are obligated to participate in arbitration.

XLI.   Defendant affirmatively alleges that the Court lacks personal jurisdiction over this Defendant.

## CROSS-CLAIMS AGAINST KNAUF GIPS KG; KNAUF PLASTERBOARD (TIANJIN) CO., LTD.; KNAUF PLASTERBOARD (WUHU), CO., LTD.; KNAUF PLASTERBOARD (DONGGUAN) CO., LTD.

## FIRST CROSS-CLAIM

1.      Defendant incorporates herein all of the foregoing responses that are relevant to and consistent with this cross-claim.

2.      For a further defense and as a cross-claim, Defendant asserts a claim against Knauf Gips KG; Knauf Plasterboard (Tianjin) Co., Ltd.; Knauf Plasterboard (Wuhu), Co., Ltd.; Knauf Plasterboard (Dongguan) Co., Ltd. along with all other applicable affiliates and related entities (collectively hereafter "Knauf") for breach of express warranties.

3.      Defendant received a certain quantity of gypsum drywall manufactured by Knauf via its suppliers and subcontractors.

4.      Knauf expressly warranted the gypsum drywall Defendant purchased from Knauf would be free of defects and fit for the ordinary purpose for which gypsum drywall is used.

5.      Without admitting any liability or damages to the Plaintiffs, if it is shown that the drywall

manufactured and supplied to Defendant in whatever manner by Knauf was defective and not fit for

the ordinary purpose for which gypsum drywall is used, then Knauf is liable to Defendant for breach

of the express warranty.

6.      As a direct and proximate result of Knauf's breach of express warranties, Defendant has

incurred damages in that it has been required to respond to homeowner complaints and to defend this

action. Further, Defendant will likely continue to incur additional costs in responding to homeowner

complaints and defending this action.

## SECOND CROSS-CLAIM

7.      Defendant incorporates herein all of the foregoing responses that are relevant to and

consistent with this cross-claim.

8.      For a further defense and as a cross-claim, Defendant asserts a claim against Knauf for breach

of implied warranty of merchantability under the common law and/or applicable state statutes.

9.      Knauf is a merchant of gypsum drywall.

10.     Defendant received via its suppliers or subcontractors from Knauf a certain quantity of

gypsum drywall manufactured by Knauf.

11.     Pursuant to the applicable state statutes and/or the common law, Knauf warranted that the

gypsum drywall was merchantable and fit for the ordinary purpose for which gypsum drywall is used.

12.     Without admitting any liability or damages to the Plaintiffs, if it is shown that the drywall

manufactured and sold to by Knauf was defective and not fit for the ordinary purpose for which

gypsum drywall is used, then Knauf is liable to Defendant for breach of implied warranty.

13.     As a direct and proximate result of Knauf's breach of the implied warranty of merchantability, Defendant has incurred damages in that it has been required to respond to homeowner complaints and to defend this action. Further, Defendant will likely continue to incur additional costs in responding to homeowner complaints and defending this action.

## THIRD CROSS-CLAIM

14.     Defendant incorporates herein all of the foregoing responses that are relevant to and consistent with this cross-claim.

15.     For a further defense and as a cross-claim, Defendant asserts a claim against Knauf for equitable and/or common law indemnification.

16.     Knauf is solely responsible and liable for any allegedly wrongful acts committed against the Plaintiffs with regard to the allegations of Plaintiffs' Complaint.

17.     Knauf is solely liable for any damages allegedly suffered by Plaintiffs and, if Defendant is required to pay any damages to the Plaintiffs, Defendant is entitled to be indemnified, based on the doctrines of equitable and/or common law indemnification, by Knauf for any damages.

18.     This Defendant reserves the right to amend its Answer, Affirmative Defenses, and Cross-Claims as investigation and discovery may reveal.

WHEREFORE, Defendant, The Sterling Collection, Inc, a Florida Corporation, having fully Answered Plaintiffs' Omnibus Class Action Complaint (V) prays the Court that:

          i.      Plaintiffs recover nothing from Defendant and that judgment be entered in Defendant's favor; the costs of this action, including attorney's fees and costs that may be

allowed by statute, be taxed against Plaintiffs;

      ii.     If Plaintiffs recover any amount from Defendant, that Defendant be granted the relief prayed for in its Cross-Claims against Knauf;

      iii.     Defendant have such other and further relief as the Court may deem just and proper.

      iv.     Judgment in their favor, and against Plaintiffs, together with all taxable fees and costs; and

      v.     Further demands trial by jury of all issues so triable as of right.


Respectfully submitted,


Dated: June 29, 2010

         /s/ Raul R. Loredo
Raul R. Loredo, Esquire
MINTZER SAROWITZ ZERIS
LEDVA & MEYERS, LLP
The Waterford at Blue Lagoon
1000 NW 57th Court, Suite 300
Miami, FL  33126
Tel:   305-774-9966
Fax:  305-774-7743
rloredo@defensecounsel.com

/s/ Addison J. Meyers
Addison J. Meyers, Esquire
MINTZER SAROWITZ ZERIS
LEDVA & MEYERS, LLP
The Waterford at Blue Lagoon
1000 NW 57th Court, Suite 300
Miami, FL  33126
Tel:   305-774-9966
Fax:  305-774-7743
ameyers@defensecounsel.com

## CERTIFICATE OF SERVICE

I, hereby certify that the above and forgoing has been served on Plaintiffs' Liaison Counsel,

Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by United States Mail and email or

hand delivery and email and upon all parties electronically uploading same to Lexis Nexis File and

Serve® in accordance with Pre-Trial Order No.: 6, and that the foregoing was electronically filed

with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by

using the CM/ECF System, which will send a notice of electronic filing in accordance with procedures

established in MDL 2047 on this 29th day of June, 2010.


/s/ Raul R. Loredo
Raul R. Loredo