# EXHIBIT "A"

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

HOUSING BOARD OF THE CITY OF    *
PRICHARD, ALABAMA,    *
    *
      Plaintiff,    *
    *
v.    *    **CASE NO.:  CV-09-901118**
    *
THE MITCHELL COMPANY, et al.,    *
    *
      Defendants.    *

THE MITCHELL COMPANY,    *
    *
      Third-Party Plaintiff,    *
    *
v.    *
    *
CREOLA ACE HARDWARE,    *
    *
      Third-Party Defendant.    *

CREOLA ACE HARDWARE,    *
    *
      Fourth-Party Plaintiff,    *
    *
v.    *
    *
INTERIOR AND EXTERIOR BUILDING    *
SUPPLY, INC., and fictitious parties A, B,    *
C, D, E, F, G, H, I, J, K, and L,    *
    *
      Fourth-Party Defendants.    *

### AMENDED NOTICE OF VIDEO DEPOSITION  OF KNAUF INSULATION GMBH AND SUBPOENA DUCES TECUM PURSUANT TO *ALA.R.CIV.P.* RULE 30(b)(5)

TO:      Douglas L. McCoy, Esq.
        Hand Arendall, L.L.C.
        Post Office Box 123
        Mobile, Alabama 36601-0123

DATE:     August 12, 2010 through
        August 13, 2010

TIME:     9:00 a.m.

LOCATION:   Knauf Insulation GmbH
            Corporate Headquarters
            One Knauf Drive
            Shelbyville, IN 46176

Please take notice that pursuant to *Ala.R.Civ.P.* 30(b)(5) Fourth Party Defendant/Fifth Party Plaintiff Interior/ Exterior Building Supply, Inc., will take the video deposition of one or more of Knauf Insulation GmbH's officers, directors, managing agents, or other persons who consent to testify on its behalf concerning the following subject matters:

**A.    Organization and Record-keeping**

1.    For each year in which Defendant, including any subsidiary or affiliate of Defendant, designed, developed, manufactured, promoted, exported, imported, brokered, distributed, shipped, stored, sold, purchased, and/or installed drywall, the corporate organization and structure for any individuals, groups, departments, teams, and divisions with any responsibility or oversight of any aspect of the design, development, manufacture, promotion, export, import, brokerage, distribution, shipment, storage, sale, purchase, and/or installation of said drywall.

2.    Any entities with which Defendant is affiliated or has a financial interest in that was or is involved in the design, development, manufacture, promotion, export, import, brokerage, distribution, shipment, storage, sale, purchase, and/or installation of drywall during the Relevant Time Period.

3.    The identity of any Knauf Insulation GmbH employee who has knowledge regarding the sale of drywall by the Knauf Entities, including any and all communications before and after the sale of drywall to Interior/Exterior.

4.    Any record filing, storage, retention, and/or destruction procedures and/or systems that contain or capture potentially relevant data, hard-copy documents, and electronically stored information (ESI), including any standard operating procedures (SOPs), retention, destruction, or preservation policies, guidance, instructions, and/or manuals relating thereto.

2

5. Any computer programs, software, or data bases used to create, manipulate, duplicate, maintain, store, and/or destroy data, documents, and ESI responsive to these requests.

6. Steps taken by you or on your behalf to preserve data, documents, and ESI that are, or may be, potentially discoverable in this action.

7. The nature of the relationship between Knauf Insulation GmbH and the other Knauf entities during the relevant time period.

8. The corporate structure of Knauf Insulation GmbH and the Knauf Entities during the relevant time period.

9. Officers and directors of Knauf Insulation GmbH and the Knauf Entities during the relevant time period.

10. Any loans, advances of funds, or cost sharing agreements between Knauf Insulation GmbH and the other Knauf Entities during the relevant time period.

11. The sharing of services during the relevant time period between Knauf insulation GmbH and the other Knauf entities, including, but not limited to, legal, technical, R&D, purchasing, and other services.

12. Contracts or agreements between Knauf insulation GmbH and any of the other Knauf Entities that were entered into or in effect during the relevant time period.

13. Any involvement by Knauf Insulation GmbH in the manufacturing, marketing, promotion, and/or distribution of drywall.

14. Any contact Knauf Insulation GmbH had during the relevant time period with current, future, or prospective clients, purchasers, or customers of the other Knauf Entities.

15. Any materials regarding drywall sent by Knauf Insulation GmbH during the relevant time period to current, future, or prospective clients, purchasers, or customers of the other Knauf Entities.

16. Any involvement by Knauf Insulation GmbH and/or any employee of Knauf Insulation

3

GmbH in any sale of drywall from the other Knauf Entities to a United States based company.

17. Any involvement by Knauf Insulation GmbH and/or any employee of Knauf Insulation GmbH in any transactions between any of the Knauf Entities and Interior/Exterior Building Supply.

18. Any involvement by Knauf Insulation GmbH and/or any employee of Knauf Insulation GmbH in any transactions between any of the Knauf Entities and Interior/Exterior Enterprises, L.L.C.

19. Any contact between any employee or agent of Knauf Insulation GmbH and employee or agent of Interior/Exterior Building Supply, L.P.

20. Any contact between any employee or agent of Knauf Insulation GmbH and any employee or agent of Interior/Exterior Enterprises, L.L.C.

21. Any policies of insurance, including all GGL, Product Liability, Builder's Risk, D&O and excess insurance policies relating to claims, and including the following information for each policy;

     a.     Insurer;

     b.     Dates policy in effect;

     c.     Policy Number;

     d.     Type of Policy;

     e.     Insurance Agent;

     f.     Policy Coverage Limits; and

     g.     Claims and Coverage issues.

22. Any claims you have made on any insurance policies relating to your sale, installation, transfer, distribution, promotion or shipment of products identified herein, and including the following information for each claim:

     a.     Date;

     b.     Insurer;

     c.     Description of claim; and

d.    Insurer's response to claim.

e.    If in litigation:

     i.    Caption of case; and

     ii.   Name and address of attorneys involved.

Furthermore, pursuant to *Ala.R.Civ.P.* 30(b)(5), Plaintiff has a duty to "designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf," and that the "person so designated shall testify as to matters known or reasonably available to said corporation."

Deponent is requested to provide the documents and/or things requested on the attached Exhibit "A" by August 11, 2010, prior to said deposition.

Respectfully submitted on the 14th day of June, 2010.

Respectfully submitted,

CHARLES F. CARR  (CARO12)
VINCENT A. NOLETTO, JR.  (NOL008)
HEATHER M. HOUSTON  (HOU018)
Attorneys for Fourth-Party Defendant/
Fifth-Party Plaintiff Interior/Exterior
Building Supply, L.P.

OF COUNSEL:

CARR ALLISON
6251 Monroe Street, Suite 200
Daphne, Alabama 36526
(251) 626-9430
(251) 626-8928 - fax
ccarr@carrallison.com
vnoletto@carrallison.com
hhouston@carrallison.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 14th day of June, 2010, forwarded a copy of the foregoing via U. S. Mail, postage prepaid, to the following counsel of record:

Richard H. Holston, Esq.
Gregory E. Vaughan, Esq.
John M. Teague, Esq.
K. Amanda Herndon, Esq.
Holston ✦ Vaughan ✦ Andress, LLC
211 S. Cedar Street
Mobile, Alabama 36602

Desmond V. Tobias, Esq.
Windom & Tobias, L.L.C.
Post Office Box 2626
Mobile, Alabama 36652

Richard G. Duplantier, Jr., Esq.
Lambert J. Hassinger, Jr., Esq.
Galloway, Johnson, Tompkins, Burr & Smith,
One Shell Square
701 Poydras St., 40th Floor
New Orleans, Louisiana 70139

Richard B. Johnson, Esq.
A. Grady "Bo" Williams, IV, Esq.
Lyons, Pipes & Cook, P.C.
Post Office Box 2727
2 North Royal Street
Mobile, Alabama 36652

Gregory L. Harris, Esq.
Jackson Harris, P.C.
912 Dauphin Street
Mobile, Alabama 36604

William A. Donaldson, Esq.
Tiffany B. Smith, Esq.
Wright, Green, P.C.
Post Office Box 16818
Mobile, Alabama 36616

Bradley S. Shraiberg, Esq.
Shraiberg, Ferrara & Landau, P.A.
2385 NW Executive Center Drive, No. 300
Boca Raton, Florida 33431

E. L. McCafferty, III, Esq.
C. Richard Wilkins, Esq.
Mark L. Redditt, Esq.
Vickers, Riis, Murray and Curran, LLC
Post Office Drawer 2568
Mobile, Alabama 36652-2568

Thomas T. Gallion, III, Esq.
Constance C. Walker, Esq.
Haskell Slaughter Young & Gallion, LLC
Post Office Box 4660
Montgomery, Alabama 36103-4660

Douglas L. McCoy, Esq.
Hand Arendall, L.L.C.
Post Office Box 123
Mobile, Alabama 36601-0123

Dennis P. McKenna, Esq.
J. Ritchie M. Prince, Esq.
Prince, McKean, McKenna & Broughton
Post Office Box 2866
Mobile, Alabama 36652

James T. Patterson, Esq.
Ryan Thomas Northrup, Esq.
Vernis & Bowling
204 S. Royal Street
Mobile, Alabama 36602

Dorothy A. Powell, Esq.
Marcus W. Lee, Esq.
Parsons, Lee & Juliano, P.C.
300 Protective Center
2801 Highway 280 South
Post Office Box 530630
Birmingham, Alabama 35223-2480

OF COUNSEL

EXHIBIT "A"

## <u>DEFINITIONS & INSTRUCTIONS</u>

1.   Whenever used herein, the following terms shall have the following meanings:

a.   "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

b.   "Computer" means all devices utilizing microchips to facilitate processing, analysis, or storage of data, including microcomputers (also known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (also known as personal digital assistants or PDA's), minicomputers and mainframe computers.

c.   "Concerning" means relating to, referring to, describing, evidencing, embodying, or constituting.

d.   "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 26(b) of the *Alabama Rules of Civil Procedure*, including, without limitation, electronic or computerized data compilations.   Documents shall include all drafts, including drafts with "track changes," and shall be deemed to be separate documents within the meaning of this term.

e.   "Electronically stored information" or "ESI" means the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings and data compilations in any form, and of every kind and description whether inscribed by mechanical, facsimile, electronic,

i

magnetic, digital, or other means.  ESI includes, by way of example only, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts and transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail displaying full e-mail alias's (not merely "display" names), electronic calendars, IM logs, PBX logs, document management system data, operating systems, all metadata, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said ESI consists in an active file, deleted file or file fragment. Electronically stored information includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Zip disks, Jaz cartridges, Bernoulli Boxes and their equivalent, magnetic tapes o f all types, microfiche, punched cards, punched tape, computer chips, including, EPROM, PROM, RAM and ROM, on or in any other vehicle for digital data storage and transmittal. The term ESI also includes the file, folder tabs and containers and labels appended to, or associated with, any physical storage device associated with each original and copy.

f.   "Electronic media" means any magnetic or other storage media device used to record electronically stored information.  Electronic media devices may include computer memories, hard disks, floppy disks, CD-ROM,

removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including EPROM, PROM, RAM and ROM, or on or in any other vehicle for digital data storage and transmittal.

g. "Identify" with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

h. "Identify" with respect to documents, means to give, to the extent known, the (I) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

i. "Including" or "includes" means including, without limitation.

j. "Defendant," "you," or "your" means the individual party to whom this request is directed and being responded to, and any of its domestic or international predecessors in interest, successors in interest, subsidiaries, divisions, subdivisions, affiliates, officers, directors, employees, representatives, independent contractors, consultants, or agents, whether present or former, including but not limited to their attorneys and accountants.

k. "Chinese drywall" relates to drywall, plasterboard, or wallboard manufactured in China.

l. "Test" or "tests" means all tests, inspections, checks, studies, evaluations,

iii

measurements, and analyses of drywall and the materials and compounds which make up the same, into or of the composition, chemical or physical properties, performance, life expectancy, and formulation thereof.

m.   "Person" means any natural person or any business, legal, or governmental entity or association.

2.   The following rules of construction apply to all discovery requests:

a.   The terms "all" and "each" shall be construed as all and each;

b.   The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

c.   The use of the singular form of any word includes the plural and vice versa; and

d.   Requests that are stated in the present tense include the past tense and those in the past tense include the present tense.

3.   Unless otherwise indicated, the Relevant Time Period for the information sought is between January 1, 2001 and the current date.

4.   In responding to this request, if any document is withheld on the basis of a claim of privilege, work product, or any other ground, it is to be identified in a privilege log, produced in an electronic format that allows text searching and organization of data. Defendant shall produce a privilege log within 7 days after the production of documents for which privilege is asserted to apply. For each document for which Defendant asserts a privilege applies, it must provide in the privilege log: (a) a statement of the ground alleged for withholding such document; (b) the date of the document; at the location of any

attachments associated with the document and whether the asserted privilege also applies to such attachments; (d) the identity of its author and signatories; (e) the type of document (e.g., letter); (f) a summary of its content; (g) its present location and custodian; and (h) a listing of all persons to whom the contents of such documents have been disclosed and all persons who have or have had possession, custody, or control of the documents (or any portions thereof), pursuant to *Alabama Rules of Civil Procedure* 30(b)(5). Notwithstanding the assertion of an objection, any purportedly privileged document containing non-privileged matter must be disclosed with the purportedly privileged portion redacted, with the redacted portion indicated on the document itself and listed on the privilege log to be provided pursuant to this paragraph. To assist in the prompt resolution of disputed claims of privilege, Defendant shall submit to the Court under seal, unredacted copies of all documents for which it asserts a privilege.

5.   In responding to this request, for each document furnished, documents are to be produced in full and in their unexpurgated form.  Redacted documents shall not constitute compliance with this request, unless such documents are redacted pursuant to any claim of privilege as set forth in paragraph 4 above.

6.   In responding to this request, for each document furnished, documents shall be produced in their original language (e.g., Mandarin, German) and shall include any translations of such documents, whether such translations were performed prior to or subsequent to the date of these requests.

7.   All hard copy documents and electronically stored information (ESI) produced in response to this request shall be organized and labeled either to correspond with the number of the specific request to which the documents are responsive or shall be produced in the order, format, and manner in which they are kept in the usual course of

business. With respect to the production of electronically stored information, all ESI that is demanded is to be produced in its native usable format, as maintained on the computer storage systems, regardless of whether such ESI exists (and/or may have been copied and/or otherwise converted) in more than one electronic format.

8.   In responding to this request, for each document furnished, each page of a produced document shall have a legible, unique page identifier ("Bates Number") electronically "burned" onto the image at a location that does not obliterate, conceal, or interfere with any information from the source document (e.g., for ABC Defendant, Inc. "ABC001"; "ABC002"). No other legend or stamp will be placed on the document image other than a confidentiality legend (where applicable), redactions (consistent with the Stipulated Protective Order in this matter), and the Bates Number identified above. The confidential legend shall be "burned" onto the documents image at a location that does not obliterate or obscure any information from the source document.

9.   "Knauf Entities" means, collectively, the following entities: Knauf Plasterboard Dongguan Co. Ltd.; Knauf Plasterboard Tianjin Co. Ltd.; Knauf Plasterboard Wuhu Anhui Co. Ltd.; Knauf Plasterboard Wuhu Co. Ltd.; Knauf Plasterboard Guandong Co. Ltd.; Knauf Insulation GmbH; Knauf International GmbH; Knauf Fiberglass GmbH; and Knauf USA Polystyrene Inc., and/or Knauf Polystyrene.

## DOCUMENT REQUESTS

Pursuant to Rule 30(b)(5) and 26(b) of the *Alabama Rules of Civil Procedure,* please produce the following:

1.   Please produce any and all documents and communications in your possession, custody, or control referencing or relating to the Deposition Topics described herein.

2.   All documents which you reviewed, referred to, considered, and/or relied upon in responding to the Deposition Topics described herein.   Any documents in your possession, custody, or control relating to any sales, storage or delivery of Drywall.

3.   Any documents in your possession, custody, or control relating to any sales, storage or delivery of Drywall.

4.   Request for inspection of all facilities, structures, buildings, and containers used to store or maintain Drywall.

5.   Request for inspection of all vehicles, equipment, and containers used to ship, distribute, or deliver Drywall.

6.   Any and all documents which reflect or memorialize any communication by an employee of Knauf Insulation GmbH with employees of the other Knauf Entities regarding Drywall.

7.   Any and all documents which reflect or memorialize any communication by an employee of Knauf Insulation GmbH with employees of Interior/Exterior regarding drywall, and/or communications which reference the purchase of drywall from the Knauf Entities by Interior/Exterior.