UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2047<br>SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| Sean and Beth Payton et al. v. Knauf Gips KG et al.<br>Case No. 2:09-cv-07628-EEF-JCW | MAGISTRATE WILKINSON |

**DEFENDANTS MARINER VILLAGE TOWNHOMES, INC., UNITED HOMES, INC., AND UNITED HOMES INTERNATIONAL, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' OMNIBUS CLASS ACTION COMPLAINT (I)**

Defendants, Mariner Village Townhomes, Inc. ("Mariner Village"), United Homes, Inc. ("United Homes"), United Homes International, Inc. ("United Homes International, Inc.") (collectively, the "Defendants") by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure, hereby serves their Answer and Affirmative Defenses to Plaintiffs' Omnibus Class Action Complaint (I) with a general denial of each and every allegation that Defendants designed manufactured, imported, distributed, delivered, supplied, marketed, inspected, installed or sold any defective drywall at issue in this litigation, and further state:

**JURISDICTION, PARTIES, AND VENUE**

1.      The allegations in paragraph 1 call for legal conclusions for which no response is required and further contains factual allegations which Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 1. Defendants deny the allegations in paragraph 1 to the extent a response is required. Defendants further deny that this lawsuit meets the standards for a class action.

2.      The allegations in paragraph 2 call for a legal conclusion for which no response is required. To the extent a response is required, denied.

3. The allegations in paragraph 3 call for legal conclusions for which no response is required and further contains factual allegations which Defendants lacks sufficient knowledge or information to form a belief about the truth of such allegations and therefore denied and strict proof is demanded thereof.. Defendants deny the allegations in paragraph 3 to the extent a response is required. Defendants further deny that this lawsuit meets the standards for a class action.

## PLAINTIFFS

4. through 2072. The Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 4 through 2072, and therefore denied and strict proof is demanded thereof.

## DEFENDANTS

2073. Defendants admit that they are Florida corporations. The remaining allegations of paragraph 2073 are denied.

### The Manufacturing Defendants

2074-2079. The allegations in paragraphs 2074 through 2079 pertain to parties other than Defendants, and therefore, no response is required. To the extent a response is required, the Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 2074 through 2079, and therefore denied and strict proof is demanded thereof.

### The Distributor and Supplier Defendants

2080.-2123. The allegations in paragraphs 2080 through 2123 pertain to parties other than Defendants, and therefore, no response is required. To the extent a response is required, the Defendants lack sufficient knowledge or information to form a belief about the truth of the

M0689059
KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L., 201 SO. BISCAYNE BLVD., SUITE 1700, MIAMI, FL 33131  305.379.9000

allegations contained in paragraphs 2080 through 2123, and therefore denied and strict proof is demanded thereof.

### The Importer/Exporter/Broker Defendants

2124.-2128.  The allegations in paragraphs 2124 through 2128 pertain to parties other than Defendants, and therefore, no response is required.  To the extent a response is required, the Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 2124 through 2128, and therefore denied and strict proof is demanded thereof.

### The Developer/Builder Subclasses

2129.-2350.  The allegations in paragraphs 2129 through 2350 pertain to parties other than Defendants, and therefore, no response is required.  To the extent a response is required, the Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 2129 through 2350, and therefore denied and strict proof is demanded thereof.

2351.  Defendant Mariner Village admits it is organized under the laws of Florida.  The remainder of the allegations of paragraph 2351 are denied

2352.-2496.  The allegations in paragraphs 2352 through 2496 pertain to parties other than Defendants, and therefore, no response is required.  To the extent a response is required, the Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 2352 through 2496, and therefore denied and strict proof is demanded thereof.

2497.  Defendant United Homes International admits it is organized under the laws of Florida.  The remainder of the allegations of paragraph 2497 are denied.

3

2498.   Defendant United Homes admits it is organized under the laws of Florida.  The remainder of the allegations of paragraph 2498 are denied.

2499.-2516.  The allegations in paragraphs 2498 through 2516 pertain to parties other than Defendants, and therefore, no response is required.  To the extent a response is required, the Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 2498 through 2516, and therefore denied and strict proof is demanded thereof.

### The Contractor/Installer Subclasses

2517.-2609.  The allegations in paragraphs 2517 through 2609 pertain to parties other than Defendants, and therefore, no response is required.  To the extent a response is required, the Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 2517 through 2609, and therefore denied and strict proof is demanded thereof.

## FACTS REGARDING PRODUCT DEFECT

2610.-2613.  Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 2610 through 2613, and therefore denied and strict proof is demanded thereof.

2614.-2620.  Denied.

## CLASS ALLEGATIONS

### The Knauf Class

2621.  The allegations in paragraph 2621 pertain to parties other than Defendants, and therefore, no response is required.  To the extent a response is required, the Defendants lack

4

sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 2498 through 2516, and therefore denied and strict proof is demanded thereof.

### The Distributor/Supplier Subclasses (Subclasses 1-43)

2622.-2623.  The allegations in paragraphs 2622 through 2623 pertain to parties other than Defendants, and therefore, no response is required.  To the extent a response is required, the Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 2622 through 2623, and therefore denied and strict proof is demanded thereof.

### The Importer/Exporter/Broker Subclasses (Subclasses 44-48)

2624.-2625.  The allegations in paragraphs 2624 through 2625 pertain to parties other than Defendants, and therefore, no response is required.  To the extent a response is required, the Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 2624 through 2625, and therefore denied and strict proof is demanded thereof.

### The Builder/Developer Subclasses (Subclasses 49-436)

2626.-2627. Denied.

### The Contractor/Installer Subclasses (Subclasses 437-529)

2628.-2629. The allegations in paragraphs 2628 through 2629 pertain to parties other than Defendants, and therefore, no response is required.  To the extent a response is required, the Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 2628 through 2629, and therefore denied and strict proof is demanded thereof.

M0689059
KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L., 201 SO. BISCAYNE BLVD., SUITE 1700, MIAMI, FL 33131  305.379.9000

**General Class Allegations and Exclusions from the Class Definitions**

2630. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 2630, and therefore denied and strict proof is demanded thereof.

2631. Denied.

2632. Denied.

2633. Denied.

2634. Denied.

2635. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 2635, and therefore denied and strict proof is demanded thereof.

2636. Denied.

2637. Denied.

2638. Denied.

2639. Denied.

### COUNT I
### NEGLIGENCE
### (Against All Defendants)

2640. Defendants reallege and reaver the answers and responses to paragraphs 1 through 2639 as if fully set forth herein.

2641. Denied.

2642. Denied.

2643. Denied.

2644. Denied.

2645. Denied.

2646. Denied.

2647. Denied.

**COUNT II**
**NEGLIGENCE PER SE**
**(Against All Defendants)**

2648. Defendants reallege and reaver the answers and responses to paragraphs 1 through 2639 as if fully set forth herein.

2649. Denied.

2650. Denied.

2651. Denied.

2652. Denied.

2653. Denied.

2654. Denied.

**COUNT III**
**STRICT LIABILITY**
**(Against All Defendants)**

2655. Defendants reallege and reaver the answers and responses to paragraphs 1 through 2639 as if fully set forth herein.

2656. Denied.

2657. Denied.

2658. Denied.

2659. Denied.

2660. Denied.

2661. Denied.

M0689059
KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L., 201 SO. BISCAYNE BLVD., SUITE 1700, MIAMI, FL 33131  305.379.9000

2662. Denied.

2663. Denied.

2664. Denied.

2665. Denied.

2666. Denied.

2667. Denied.

2668. Denied.

2669. Denied.

2670. Denied.

2671. Denied.

2672. Denied.

<b><u>COUNT IV</u></b><br><b>BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES</b><br><b>(Against All Defendants)</b>

2673. Defendants reallege and reaver the answers and responses to paragraphs 1 through 2639 as if fully set forth herein.

2674. Denied.

2675. Denied.

2676. Denied.

2677. Denied.

2678. Denied.

2679. Denied.

2680. Denied.

M0689059
KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L., 201 SO. BISCAYNE BLVD., SUITE 1700, MIAMI, FL 33131  305.379.9000

## COUNT V
## BREACH OF THE IMPLIED WARRANTY OF FITNESS AND MERCHANTABILITY PURSUANT TO FLORIDA STATUTES SECTION 718.203
### (On Behalf of Plaintiffs Who Own Condominiums in the Stat of Florida)
### (Against Builders Only)

2681.   Defendants reallege and reaver the answers and responses to paragraphs 1 through 2639 as if fully set forth herein.

2682.-2692.   The allegations in paragraphs 2682 through 2692 pertain to parties other than Defendants, and therefore, no response is required.  To the extent a response is required, the Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 2682 through 2692, and therefore denied and strict proof is demanded thereof.

## COUNT VI
## BREACH OF THE IMPLIED WARRANTY OF HABITABILITY
### (Against Builders Only)

2693.   Defendants reallege and reaver the answers and responses to paragraphs 1 through 2639 as if fully set forth herein.

2694.   Denied.

2695.   Denied.

2696.   Denied.

2697.   Denied.

2698.   Denied.

2699.   Denied.

M0689059

KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L., 201 SO. BISCAYNE BLVD., SUITE 1700, MIAMI, FL 33131  305.379.9000

## COUNT VII
## BREACH OF CONTRACT
### (Against Builders Only)

2700. Defendants reallege and reaver the answers and responses to paragraphs 1 through 2639 as if fully set forth herein.

2701. Denied.

2702. Denied.

2703. Denied.

## COUNT VIII
## VIOLATION OF THE LOUISIANA NEW HOME WARRANTY ACT
### (Against Louisiana Builders Only)

2704. Defendants reallege and reaver the answers and responses to paragraphs 1 through 2639 as if fully set forth herein.

2705.-2710. The allegations in paragraphs 2705 through 2710 pertain to parties other than Defendants, and therefore, no response is required. To the extent a response is required, the Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 2705 through 2710, and therefore denied and strict proof is demanded thereof.

## COUNT IX
## REDHIBITION
### (By Louisiana Plaintiffs Against All Defendants)

2711. Defendants reallege and reaver the answers and responses to paragraphs 1 through 2639 as if fully set forth herein.

2712.-2720. Denied.

## COUNT X
## LOUISIANA PRODUCTS LIABILITY ACT
### (Manufacturing Defendants)
### (Pleaded in the Alternative Against Distributor Defendants)

2721.   Defendants reallege and reaver the answers and responses to paragraphs 1 through 2639 as if fully set forth herein.

2722.-2734.   The allegations in paragraphs 2722 through 2734 pertain to parties other than Defendants, and therefore, no response is required.  To the extent a response is required, the Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 2722 through 2734, and therefore denied and strict proof is demanded thereof.

## COUNT XI
## PRIVATE NUISANCE
### (All Defendants)

2735.   Defendants reallege and reaver the answers and responses to paragraphs 1 through 2639 as if fully set forth herein.

2736.   Denied.

2737.   Denied.

2738.   Denied.

2739.   Denied.

2740.   Denied.

2741.   Denied.

11

M0689059
KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L., 201 SO. BISCAYNE BLVD., SUITE 1700, MIAMI, FL 33131  305.379.9000

## COUNT XII
## NEGLIGENT DISCHARGE OF A CORROSIVE SUBSTANCE
### (All Defendants)

2742.   Defendants reallege and reaver the answers and responses to paragraphs 1 through 2639 as if fully set forth herein.

2743.-2748.   Denied.

## COUNT XIII
## UNJUST ENRICHMENT
### (All Defendants)

2749.   Defendants reallege and reaver the answers and responses to paragraphs 1 through 2639 as if fully set forth herein.

2750.-2752.   Denied.

## COUNT XIV
## VIOLATION OF CONSUMER PROTECTION ACTS
### (All Defendants)

2753.   Defendants reallege and reaver the answers and responses to paragraphs 1 through 2639 as if fully set forth herein.

2754.   Denied.

2755.   Denied.

2756.   Denied.

2757.   Denied.

## COUNT XV
## EQUITABLE RELIEF AND MEDICAL MONITORING
### (All Defendants)

2758.   Defendants reallege and reaver the answers and responses to paragraphs 1 through 2639 as if fully set forth herein.

2759.-2770.  Denied.

All allegations set forth in Plaintiffs' Omnibus Class Action Complaint (I) not specifically admitted by Defendants are denied.

### DEMAND FOR JURY TRIAL

Defendants demand a trial by jury on all issues so triable.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

The Plaintiffs' Omnibus Class Action Complaint (I) must be dismissed for lack of personal jurisdiction over Defendants.

#### Second Affirmative Defense

The Plaintiffs fail to state a claim or right and/or cause of action upon which relief can be granted against Defendants.

#### Third Affirmative Defense

Defendants affirmatively plead herein all affirmative defenses available to it under Fed. R. Civ. P. 12(b), and further reserves the right to assert and plead any other defenses allowed by law which are not now known but become known during the course of this litigation.

#### Fourth Affirmative Defense

Defendants affirmatively aver that they did not (a) design, (b) manufacture, (c) export, (d) import, (e) distribute, (f) deliver, (g) supply, (h) inspect, (i) install, (j) market, (k) purchase, or (l) sell the drywall made subject to this litigation, and therefore Defendants: (A) did not owe to any of the Plaintiffs or Class Members (i) a duty of reasonable care, (ii) any statutory duties, (iii) a duty to warn of any purported alleged defects, (iv) any express and/or implied warranty of fitness; and/or (v) any warranty of habitability; (B) did not crate a private nuisance affecting Plaintiffs and/or Class Members; and (C) did not have any actual or constructive knowledge of

13

M0689059
KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L., 201 SO. BISCAYNE BLVD., SUITE 1700, MIAMI, FL 33131  305.379.9000

any alleged corrosive and/or dangerous propensities of the purported defective drywall made subject of this litigation.

### Fifth Affirmative Defense

Plaintiffs' and Class Members' claims are barred by lack of privity of contract and by the economic loss doctrine.

### Sixth Affirmative Defense

Plaintiffs' and Class Members' claims for equitable relief are barred because adequate remedies at law exist.

### Seventh Affirmative Defense

Defendants are not a vendor of the drywall that is subject of this litigation and therefore cannot be liable to Plaintiffs and/or Class Members under any consumer protection act, including, but not limited to Florida's Deceptive and Unfair Trade Practices Act.

### Eighth Affirmative Defense

Defendants affirmatively aver that Plaintiffs' and/or Class Members' damages and/or injuries contained within the Omnibus Class Action Complaint were caused in whole or in part by their own negligence, thereby barring in whole or in part their recovery, and/or were caused in whole or in part by the negligence and/or fault of third parties for whom Defendants are not responsible and for whom Defendants exercised no control.

### Ninth Affirmative Defense

Plaintiffs' and/or Class Members' claims are barred in whole or in part by their own failure to mitigate their alleged damages.

### Tenth Affirmative Defense

Plaintiffs' and/or Class Members' claims are barred by laches, statute of limitations, warranty period, statutes of repose, prescription, and/or preemption.

### Eleventh Affirmative Defense

Plaintiffs and Class Members have not alleged or sustained any actual damages and/or injuries that were proximately caused by Defendants.

### Twelfth Affirmative Defense

Defendants are not members of any of the classes of defendants contained, identified, and classified in the Complaint, including builders, developers, or installers.

### Thirteenth Affirmative Defense

Plaintiffs' and/or Class Members' claims are barred by lack of subject matter jurisdiction and failure to exhaust administrative remedies afforded to the parties.

### Fourteenth Affirmative Defense

Plaintiffs' and/or Class Members' claims are barred by estoppel and/or waiver.

### Fifteenth Affirmative Defense

The class action allegations in the Complaint fail to meet the prerequisites for a class action.

### Sixteenth Affirmative Defense

Defendants incorporate herein by reference each and every affirmative defense pled by similarly-situated and/or other named builder defendants.

### Seventeenth Affirmative Defense

Plaintiffs' and/or Class Members' claims are barred by failure to comply with conditions precedent.

M0689059
KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L., 201 SO. BISCAYNE BLVD., SUITE 1700, MIAMI, FL 33131  305.379.9000

### Eighteenth Affirmative Defense

Defendants reserve their rights to supplement and/or amend this Answer and raise additional affirmative defenses.

### PRAYER FOR RELIEF

WHEREFORE, Defendants Mariner Village Townhomes, Inc., United Homes, Inc., and United Homes International, Inc., request that this Answer and Affirmative Defenses be deemed good and sufficient and after due proceedings, there be judgment in favor or Defendants, dismissing all of the Plaintiffs' and Class Members' claims against Defendants, with prejudice, and awarding all costs and attorneys' fees to Defendants, assessed to Plaintiffs and Class Members, and other general or equitable relief as the Court shall deem to be just and proper.

Respectfully submitted,

BY: /s/ Abbey L. Kaplan
  Abbey L. Kaplan
  Florida Bar No. 200255
  KLUGER, KAPLAN, SILVERMAN, KATZEN
  & LEVINE, P.L.
  Miami Center, Seventeenth Floor
  201 South Biscayne Boulevard
  Miami, Florida 33131
  Telephone: (305) 379-9000
  Facsimile:  (305) 379-3428
  Email: akaplan@klugerkaplan.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, Defendants' Liaison Counsel, Kerry Miller, and Homebuilder and Installer Liaison Counsel, Phillip A. Wittmann, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk oft the Court of the

United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 30th day of June 2010.

                                            /s/ Abbey L. Kaplan
                                            Abbey L. Kaplan, Esquire