UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE MANUFACTURED DRYWALL    MDL No. 2047
      PRODUCTS LIABILITY LITIGATION          SECTION L

THIS DOCUMENT RELATES TO:              JUDGE FALLON

Joyce W. Rogers et al
v. Knauf Gips KG, et al.
Case No. 10-362

_____

**DEFENDANTS MARINER VILLAGE TOWNHOMES, INC.,
UNITED HOMES, INC., AND UNITED HOMES INTERNATIONAL, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED OMNIBUS
CLASS ACTION COMPLAINT (IV)**

Defendants, Santa Barbara Townhomes, Inc. ("Santa Barbara"), United Homes, Inc. ("United Homes"), United Homes International, Inc. ("United Homes International, Inc.") (collectively, the "Defendants") by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure, hereby serves their Answer and Affirmative Defenses to Plaintiffs' Amended Omnibus Class Action Complaint (IV) with a general denial of each and every allegation that Defendants designed manufactured, imported, distributed, delivered, supplied, marketed, inspected, installed or sold any defective drywall at issue in this litigation, and further state:

**JURISDICTION, PARTIES, AND VENUE**

1.     The allegations in paragraph 1 call for legal conclusions for which no response is required and further contains factual allegations which Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 1. Defendants deny the allegations in paragraph 1 to the extent a response is required. Defendants further deny that this lawsuit meets the standards for a class action.

2. The allegations in paragraph 2 call for legal conclusions for which no response is required and further contains factual allegations which Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 2. Defendants deny the allegations in paragraph 2 to the extent a response is required.

3. The allegations in paragraph 3 call for legal conclusions for which no response is required and further contains factual allegations which Defendants lacks sufficient knowledge or information to form a belief about the truth of such allegations and therefore denied and strict proof is demanded thereof.. Defendants deny the allegations in paragraph 3 to the extent a response is required. Defendants further deny that this lawsuit meets the standards for a class action.

## PLAINTIFFS

4. through 528. The Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 4 through 528, and therefore denied and strict proof is demanded thereof.

## DEFENDANTS

529. Defendants admit that they are Florida corporations. The remaining allegations of paragraph 529 are denied.

### The Manufacturing Defendants

530.-535. The allegations in paragraphs 530 through 535 pertain to parties other than Defendants, and therefore, no response is required. To the extent a response is required, the Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 530 through 535, and therefore denied and strict proof is demanded thereof.

2

**The Distributor/Supplier/Importer/Exporter/Broker Defendants**

536.-547.   The allegations in paragraphs 536 through 547 pertain to parties other than Defendants, and therefore, no response is required.  To the extent a response is required, the Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 536 through 547, and therefore denied and strict proof is demanded thereof.

**The Developer/Builder Defendants**

548.-635.   The allegations in paragraphs 548 through 635 pertain to parties other than Defendants, and therefore, no response is required.  To the extent a response is required, the Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 548 through 63, and therefore denied and strict proof is demanded thereof.

636.   Defendant Santa Barbara admits it is organized under the laws of Florida.  The remainder of the allegations of paragraph 636 are denied

637.-651.   The allegations in paragraphs 637 through 651 pertain to parties other than Defendants, and therefore, no response is required.  To the extent a response is required, the Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 637 through 651, and therefore denied and strict proof is demanded thereof.

652.   Defendant United Homes admits it is organized under the laws of Florida.  The remainder of the allegations of paragraph 652 are denied.

653.   Defendant United Homes International admits it is organized under the laws of Florida.  The remainder of the allegations of paragraph 653 are denied.

654.-661.  The allegations in paragraphs 654 through 661 pertain to parties other than Defendants, and therefore, no response is required.  To the extent a response is required, the Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 654 through 661, and therefore denied and strict proof is demanded thereof.

**The Contractor/Installer Subclasses**

662.-679.  The allegations in paragraphs 662 through 679 pertain to parties other than Defendants, and therefore, no response is required.  To the extent a response is required, the Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 662 through 679, and therefore denied and strict proof is demanded thereof.

## FACTS REGARDING PRODUCT DEFECT

680-682.  Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 680 through 682, and therefore denied and strict proof is demanded thereof.

683.-690.  Denied.

## CLASS ACTION ALLEGATIONS

**The Knauf Class**

691.  The allegations in paragraph 691 pertain to parties other than Defendants, and therefore, no response is required.  To the extent a response is required, the Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 691, and therefore denied and strict proof is demanded thereof.

### The Distributor/Supplier/Importer/Exporter/Broker Subclasses (Subclasses 1-11)

692.-693.  The allegations in paragraphs 692 through 693 pertain to parties other than Defendants, and therefore, no response is required.  To the extent a response is required, the Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 692 through 693, and therefore denied and strict proof is demanded thereof.

### The Builder/Developer Subclasses (Subclasses 12-124)

694.-695. Denied.

### The Contractor/Installer Subclasses (Subclasses 125-142)

696.-697. The allegations in paragraphs 696 through 697 pertain to parties other than Defendants, and therefore, no response is required.  To the extent a response is required, the Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 696 through 697, and therefore denied and strict proof is demanded thereof.

### General Class Allegations and Exclusions from the Class Definitions

698.  Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 772, and therefore denied and strict proof is demanded thereof.

699.-702.  Denied.

703.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 703, and therefore denied and strict proof is demanded thereof.

704.-707.  Denied.

## COUNT I
## NEGLIGENCE
### (Against All Defendants)

708.  Defendants reallege and reaver the answers and responses to paragraphs 1 through 707 as if fully set forth herein.

709.-715.  Denied.

## COUNT II
## NEGLIGENCE PER SE
### (Against All Defendants)

716.  Defendants reallege and reaver the answers and responses to paragraphs 1 through 707 as if fully set forth herein.

717.-722.  Denied.

## COUNT III
## STRICT LIABILITY
### (Against All Defendants)

723.  Defendants reallege and reaver the answers and responses to paragraphs 1 through 707 as if fully set forth herein.

724.-740.  Denied.

## COUNT IV
## BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES
### (Against All Defendants)

741.  Defendants reallege and reaver the answers and responses to paragraphs 1 through 707 as if fully set forth herein.

742.-748.  Denied.

KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L., 201 SO. BISCAYNE BLVD., SUITE 1700, MIAMI, FL 33131  305.379.9000

## COUNT V
## BREACH OF THE IMPLIED WARRANTY OF FITNESS AND MERCHANTABILITY PURSUANT TO FLORIDA STATUTES SECTION 718.203
**(On Behalf of Plaintiffs Who Own Condominiums in the Stat of Florida)**
**(Against Builders Only)**

749.　Defendants reallege and reaver the answers and responses to paragraphs 1 through 707 as if fully set forth herein.

750.-760.　The allegations in paragraphs 750 through 760 pertain to parties other than Defendants, and therefore, no response is required. To the extent a response is required, the Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 750 through 760, and therefore denied and strict proof is demanded thereof.

## COUNT VI
## BREACH OF THE IMPLIED WARRANTY OF HABITABILITY
**(Against Builders Only)**

761.　Defendants reallege and reaver the answers and responses to paragraphs 1 through 707 as if fully set forth herein.

762.-767.　Denied.

## COUNT VII
## BREACH OF CONTRACT
**(Against Builders Only)**

768.　Defendants reallege and reaver the answers and responses to paragraphs 1 through 707 as if fully set forth herein.

769.-771.　Denied.

## COUNT VIII
### VIOLATION OF THE LOUISIANA NEW HOME WARRANTY ACT
### (Against Louisiana Builders Only)

772.  Defendants reallege and reaver the answers and responses to paragraphs 1 through 707 as if fully set forth herein.

773.-778.  The allegations in paragraphs 773 through 778 pertain to parties other than Defendants, and therefore, no response is required.  To the extent a response is required, the Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 773 through 778, and therefore denied and strict proof is demanded thereof.

## COUNT IX
### REDHIBITION
### (By Louisiana Plaintiffs Against All Defendants)

779.  Defendants reallege and reaver the answers and responses to paragraphs 1 through 707 as if fully set forth herein.

780.-788.  Denied.

## COUNT X
### LOUISIANA PRODUCTS LIABILITY ACT
### (Manufacturing Defendants)
### (Pleaded in the Alternative Against Distributor Defendants)

789.  Defendants reallege and reaver the answers and responses to paragraphs 1 through 707 as if fully set forth herein.

790.-802.  The allegations in paragraphs 790 through 802 pertain to parties other than Defendants, and therefore, no response is required.  To the extent a response is required, the Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 790 through 802, and therefore denied and strict proof is demanded thereof.

## COUNT XI
## PRIVATE NUISANCE
## (All Defendants)

803. Defendants reallege and reaver the answers and responses to paragraphs 1 through 707 as if fully set forth herein.

804.-809. Denied.

## COUNT XII
## NEGLIGENT DISCHARGE OF A CORROSIVE SUBSTANCE
## (All Defendants)

810. Defendants reallege and reaver the answers and responses to paragraphs 1 through 707 as if fully set forth herein.

811.-816. Denied.

## COUNT XIII
## UNJUST ENRICHMENT
## (All Defendants)

817. Defendants reallege and reaver the answers and responses to paragraphs 1 through 707 as if fully set forth herein.

818.-820. Denied.

## COUNT XIV
## VIOLATION OF CONSUMER PROTECTION ACTS
## (All Defendants)

821. Defendants reallege and reaver the answers and responses to paragraphs 1 through 707 as if fully set forth herein.

822.-825. Denied.

## COUNT XV
## EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING
### (All Defendants)

826.   Defendants reallege and reaver the answers and responses to paragraphs 1 through 707 as if fully set forth herein.

827.-838.   Denied.

All allegations set forth in Plaintiffs' Amended Omnibus Class Action Complaint (IV) not specifically admitted by Defendants are denied.

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Plaintiffs' Amended Omnibus Class Action Complaint (IV) must be dismissed for lack of personal jurisdiction over Defendants.

### Second Affirmative Defense

The Plaintiffs fail to state a claim or right and/or cause of action upon which relief can be granted against Defendants.

### Third Affirmative Defense

Defendants affirmatively plead herein all affirmative defenses available to it under Fed. R. Civ. P. 12(b), and further reserves the right to assert and plead any other defenses allowed by law which are not now known but become known during the course of this litigation.

### Fourth Affirmative Defense

Defendants affirmatively aver that they did not (a) design, (b) manufacture, (c) export, (d) import, (e) distribute, (f) deliver, (g) supply, (h) inspect, (i) install, (j) market, (k) purchase, or (l)

sell the drywall made subject to this litigation, and therefore Defendants: (A) did not owe to any of the Plaintiffs or Class Members (i) a duty of reasonable care, (ii) any statutory duties, (iii) a duty to warn of any purported alleged defects, (iv) any express and/or implied warranty of fitness; and/or (v) any warranty of habitability; (B) did not crate a private nuisance affecting Plaintiffs and/or Class Members; and (C) did not have any actual or constructive knowledge of any alleged corrosive and/or dangerous propensities of the purported defective drywall made subject of this litigation.

### Fifth Affirmative Defense

Plaintiffs' and Class Members' claims are barred by lack of privity of contract and by the economic loss doctrine.

### Sixth Affirmative Defense

Plaintiffs' and Class Members' claims for equitable relief are barred because adequate remedies at law exist.

### Seventh Affirmative Defense

Defendants are not a vendor of the drywall that is subject of this litigation and therefore cannot be liable to Plaintiffs and/or Class Members under any consumer protection act, including, but not limited to Florida's Deceptive and Unfair Trade Practices Act.

### Eighth Affirmative Defense

Defendants affirmatively aver that Plaintiffs' and/or Class Members' damages and/or injuries contained within the Amended Omnibus Class Action Complaint were caused in whole or in part by their own negligence, thereby barring in whole or in part their recovery, and/or were caused in whole or in part by the negligence and/or fault of third parties for whom Defendants are not responsible and for whom Defendants exercised no control.

### Ninth Affirmative Defense

Plaintiffs' and/or Class Members' claims are barred in whole or in part by their own failure to mitigate their alleged damages.

### Tenth Affirmative Defense

Plaintiffs' and/or Class Members' claims are barred by laches, statute of limitations, warranty period, statutes of repose, prescription, and/or preemption.

### Eleventh Affirmative Defense

Plaintiffs and Class Members have not alleged or sustained any actual damages and/or injuries that were proximately caused by Defendants.

### Twelfth Affirmative Defense

Defendants are not members of any of the classes of defendants contained, identified, and classified in the Complaint, including builders, developers, or installers.

### Thirteenth Affirmative Defense

Plaintiffs' and/or Class Members' claims are barred by lack of subject matter jurisdiction and failure to exhaust administrative remedies afforded to the parties.

### Fourteenth Affirmative Defense

Plaintiffs' and/or Class Members' claims are barred by estoppel and/or waiver.

### Fifteenth Affirmative Defense

The class action allegations in the Complaint fail to meet the prerequisites for a class action.

### Sixteenth Affirmative Defense

Defendants incorporate herein by reference each and every affirmative defense pled by similarly-situated and/or other named builder defendants.

**Seventeenth Affirmative Defense**

Plaintiffs' and/or Class Members' claims are barred by failure to comply with conditions precedent.

**Eighteenth Affirmative Defense**

Defendants reserve their rights to supplement and/or amend this Answer and raise additional affirmative defenses.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants Santa Barbara Townhomes, Inc., United Homes, Inc., and United Homes International, Inc., request that this Answer and Affirmative Defenses be deemed good and sufficient and after due proceedings, there be judgment in favor or Defendants, dismissing all of the Plaintiffs' and Class Members' claims against Defendants, with prejudice, and awarding all costs and attorneys' fees to Defendants, assessed to Plaintiffs and Class Members, and other general or equitable relief as the Court shall deem to be just and proper.

Respectfully submitted,

BY: /s/ Abbey L. Kaplan
    Abbey L. Kaplan
    Florida Bar No. 200255
    KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L.
    Miami Center, Seventeenth Floor
    201 South Biscayne Boulevard
    Miami, Florida 33131
    Telephone: (305) 379-9000
    Facsimile:  (305) 379-3428
    Email: akaplan@klugerkaplan.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, Defendants' Liaison Counsel, Kerry Miller, and Homebuilder

and Installer Liaison Counsel, Phillip A. Wittmann, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk oft the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 30th day of June 2010.

    /s/ Abbey L. Kaplan
    Abbey L. Kaplan, Esquire

KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L., 201 SO. BISCAYNE BLVD., SUITE 1700, MIAMI, FL 33131  305.379.9000