UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

```
-----------------------------------------------------------------x
IN RE:  CHINESE MANUFACTURED            :    MDL NO. 2047
DRYWALL PRODUCTS LIABILITY              :
LITIGATION                              :    SECTION:    L
-----------------------------------------------------------------x
THIS DOCUMENT RELATES TO:               :    JUDGE FALLON
                                        :
Hernandez v. Knauf, Case No. 2:09-cv-06050  :    MAG. JUDGE WILKINSON
(E.D. La.)                              :
-----------------------------------------------------------------x
```

**KNAUF PLASTERBOARD TIANJIN CO., LTD.'S OPPOSITION TO PLAINTIFFS'**
**PETITION FOR FEES AND COSTS**

Knauf Plasterboard Tianjin Co., Ltd. ("KPT") respectfully submits this opposition to Plaintiffs' Petition for Fees and Costs. (Record Document No. 3822). As explained below, the Court should defer Plaintiffs' petition or deny it without prejudice to renewal until after KPT's appeal from the judgment entered against it, which might render the petition moot or alter its disposition. Alternatively, if the Court considers Plaintiffs' petition at this time, the Court should reduce any award of attorneys' fees to at most 15% of the judgment to reflect that this is a property damage and not a personal injury case, that KPT stipulated to liability, and that Plaintiffs were not successful on all issues at trial. *See Turner v. Murphy Oil USA, Inc.*, 472 F. Supp. 2d 830, 866 (E.D. La. 2007) (33-40% fee is not appropriate in property damage cases). The Court also should reduce the costs sought by Plaintiffs, which include requests for non-recoverable costs to expedite trial and deposition transcripts, for the redundant transcription of depositions, and for "copying" costs that are not permitted by the governing statute. *See* 28 U.S.C. § 1920.

**FACTUAL BACKGROUND**

On May 11, 2010, this Court entered judgment in the amount of $164,049.64, plus reasonable attorneys' fees, costs, and post-judgment interest. (Record Document No. 2713). On June 9, 2010, KPT filed a notice of appeal from the judgment. On June 18, 2010, Plaintiffs Tatum B. Hernandez and Charlene Hernandez ("Plaintiffs") filed a petition for fees and costs seeking $65,619.86, plus legal interest, in attorneys' fees and $70,976.14 in recoverable costs. (Record Document No. 3822). KPT now opposes the Petition.

**LAW AND ARGUMENT**

**A.   THE COURT SHOULD DEFER OR DENY PLAINTIFFS' PETITION WITHOUT PREJUDICE TO RENEWAL AFTER DETERMINATION OF KPT'S APPEAL**

As the Advisory Committee Notes to Fed. R. Civ. P. 54 state: "If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." The Court should exercise its discretion to defer ruling on the petition or deny the petition without prejudice pending KPT's appeal to the Fifth Circuit.

Reversal or modification of the judgment on appeal necessarily will affect disposition of Plaintiffs' petition. *See LaFleur v. John Deere Co.*, 491 So.2d 624, 633 (La. 1986) (reduction in damages award on appeal under La. Civ. Code art. 2545, makes it "necessary to reduce the attorney's fees as well"). Indeed, Rule 54 contemplates a new filing in the event of a reversal on appeal: "A new period for filing will automatically begin if a new judgment is entered following a reversal or remand by the appellate court …." Fed. R. Civ. P. 54, Adv. Comm. Note.

Because disposition of Plaintiffs' petition is necessarily dependent on validity of the underlying May 11, 2010 judgment, consideration of Plaintiffs' petition while KPT's appeal

2

from that judgment is pending could result in a waste of judicial and party resources. *See*, *e.g.*, *In re Farmers Ins. Exchange Claims Representatives' Overtime Pay Litig.*, MDL No. 33-1439(A), 2009 WL 3834034, at *3 (D. Or. Nov. 13, 2009) ("the interests of judicial efficiency weigh strongly in favor of waiting for a mandate from the Ninth Circuit before awarding or denying attorney fees or costs"). Moreover, deferring consideration of Plaintiffs' petition until KPT's appeal is decided will not prejudice Plaintiffs. Even if the Fifth Circuit affirms the judgment in its entirety, Plaintiffs will have available to them the same evidence that they have offered in support of their present petition.

Accordingly, the Court should defer consideration of Plaintiffs' petition until after the Fifth Circuit has decided KPT's appeal or deny the petition without prejudice to its renewal after KPT's appeal has been decided.

**B.    IF THE COURT CONSIDERS THE PETITION AT THIS TIME, IT SHOULD REDUCE THE FEES AND COSTS REQUESTED BY PLAINTIFFS**

Plaintiffs have requested fees in the amount of $65,619.86, plus legal interest, representing 40% of the damages awarded to them. Petition at 3-4. That request is based on a contingency fee agreement between Plaintiffs and their counsel. *See* Plaintiffs' Petition Exhibit 1. The award of fees that Plaintiffs seek should be reduced to reflect the nature of the case and the extent to which they did not succeed on the merits of their claim.

Louisiana law authorizes an award to Plaintiffs of "reasonable attorney fees." La. Civ. Code art. 2425. Louisiana law does not require KPT to reimburse Plaintiffs for any amount that they have agreed to pay their counsel regardless of its reasonableness. The fee sought by Plaintiffs is unreasonable for a number of reasons.

Although a "customary contingent fee in personal injury suits in this jurisdiction is between 33% and 40%," it does not follow that such fees are reasonable in cases involving

property damages, such as this one. *See Turner v. Murphy Oil USA, Inc.*, 472 F. Supp. 2d 830, 866 (E.D. La. 2007). In *Murphy Oil*, involving a class action settlement of claims "for crude oil damage to property only," this Court distinguished fees typically awarded in personal injury cases and awarded class counsel a fee in the amount of 17% of the relevant settlement amount. *Id.* at 866-67. A fee in the amount requested by Plaintiffs would be particularly unreasonable in light of KPT's stipulation to both liability and a significant portion of damages. *See* Stipulation attached as Exhibit 1.

Even with respect to the damages issues litigated at trial, Plaintiffs were not entirely successful on the merits of their claims. At trial, the Court awarded damages in amounts less than Plaintiffs sought as reflected by the following chart:

|  | **Plaintiffs' Request** | **Court Award** |
|---|---|---|
| **Remediation** | $200,218.09 | $136,940.36 |
| **Personal Property** | $8,036.00 | $5,357.33 |
| **Recurring Alternative Living Expenses** | $18,040.86 | $9,507.24 |
| **Non-recurring Alternative Living Expenses** | $14,862.62 | $9,562.00 |
| **Pretrial Repair Costs** | $2,682.29 | $2,682.29 |
| **Post-trial Repair Costs** | $2,365.54 | $1,500.00 |
| **Total** | $246,205.40 | $165,549.22[1] |

---

[1] Findings of Fact and Conclusions of Law (MDL Rec. Doc. No. 2713) at 37-43. To arrive at a damages calculation, the Court deducted $1,499.68 to reflect a reduction in Plaintiffs' property tax assessment, which resulted in a total of $164,049.64. *Id.* at 47.

The Court's determinations resulted in a reduction of approximately 32.75% from the damages that Plaintiffs sought. In addition, the Court rejected Plaintiffs' attempt to recover damages for alleged lost wages. MDL Rec. Doc. No. 2713 at 43-44, 46.

Accordingly, if the Court declines to defer the issue of attorneys' fees pending appeal, it should award attorneys' fees of no more than 15% to reflect (1) that this suit involves property damage and not personal injury, (2) KPT's stipulation to liability, and (3) the extent to which Plaintiffs did not succeed on the merits.

### C. PLAINTIFFS HAVE NOT CARRIED THEIR BURDEN TO DEMONSTRATE THEIR ENTITLEMENT TO COSTS FOR TRANSCRIPTS AND COPYING

"Although Rule 54(d) of the Federal Rules of Civil Procedure directs a district court to award costs to a prevailing party, that court cannot award any costs not authorized by statute." *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 334 (5th Cir.), *cert. denied*, 516 U.S. 862 (1995). Thus, "a district court may decline to award the costs listed in [28 U.S.C. § 1920] but may not award costs omitted from the list." *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993); *see Mota v. University of Texas Houston Health Science Center*, 261 F.3d 512, 530 (5th Cir. 2001) ("we strictly construe" § 1920); *Louisiana Power & Light Co.*, 50 F.3d at 334-35 ("'[E]xpenditures for those categories of expenses listed in 28 U.S.C. § 1920 may be recovered only if they are allowed by that section'" (citation omitted)). In addition, as the Supreme Court has cautioned, "[i]tems proposed by winning parties [for taxation of costs] should always be given careful scrutiny." *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235 (1964). Here, Plaintiffs have sought costs for expedited transcription of trial and deposition transcripts, videotaping deposition transcripts, and for certain costs that are not permitted by statute -- all of which should be denied.

### 1. Expedited Transcription Costs

Plaintiffs seek the "costs of daily transcripts for the *Hernandez* trial" in the amount of $6,002.45. But the "the extra cost of obtaining a trial transcript on an expedited basis is not taxable unless prior court approval of expedition has been obtained or the special character of the litigation necessitates expedited receipt of the transcript." *Fogleman v. Aramco (Arabian American Oil Co.)*, 920 F.2d 278, 286 (5th Cir. 1991); *accord Harris Corp. v. Sanyo North Am. Corp.*, No. 3-98-CV-2712-M, 2002 WL 356755, at *4 (N.D. Tex. Mar. 4, 2002) (denying recovery of costs for daily trial transcripts where "[n]otwithstanding the complexity of this case, the Court concludes that daily trial transcripts were for the convenience for counsel and not necessary in the sense contemplated by 28 U.S.C. § 1920"). Plaintiffs have not made the necessary showing to justify recovery of costs for daily transcripts. Consequently, these costs of $6,002.45 should be denied.

### 2. Redundant Deposition Transcript Costs

Plaintiffs seek $18,496.40 in costs for "transcripts of expert testimony generated during discovery and/or used at trial …." Plaintiffs' Petition at 6, Bill of Costs, Items 5-13. Those costs should be substantially reduced.

Section 1920(2) provides for recovery of "[f]ees for printed **or** electronically recorded transcripts necessarily obtained for use in the case." (Emphasis added). The word "or" denotes that Plaintiffs cannot recover the costs of both printed and electronically recorded transcripts.[2]

---

[2]    Prior to the statute's amendment in 2008 to provide for costs associated with "electronically recorded transcripts," the Fifth Circuit had held that costs associated with videotaped depositions were not recoverable. *See Mota*, 261 F.3d 512 at 529-30 ("'[t]here is no provision for videotapes of depositions'" (quoting *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir. 1998)); *Serling v. American Airlines, Inc.*, 237 Fed.
(continued...)

Moreover, transcriptions by multiple technologies is solely for the convenience of counsel; such redundancy is not "neccesar[y]" as required by 28 U.S.C. § 1920(2).

Plaintiffs have sought costs for both printed transcripts ($11,882.90) and videotapes ($6,613.50) of the same depositions. *See* Plaintiffs' Bill of Costs, Items 5-13. The Court should decline to award the $6,613.50 for redundant videotaping.

### 3. Non-Essential Deposition Costs

In addition, the invoices Plaintiffs have submitted seem to indicate surcharges for expedited preparation of the transcripts, realtime connection, and rough draft transcripts in a total amount of $5,738.60. *See* Exhibits A-5-A-13. Those costs are not recoverable and the Court should decline to award them. *See Fogleman*, 920 F.2d at 286; *Halliburton Energy Servs., Inc. v. M-I, LLC*, 244 F.R.D. 369, 371 (E.D. Tex. 2007) ("incidental costs associated with depositions, such as the cost of expedited delivery charges, ASCII disks, and parking are generally not recoverable"). Consequently, these costs of $5,738.60 should be denied.

### 4. Unauthorized "Copying" Costs

Plaintiffs seek $39,488.07 for the costs of copying "trial exhibits, and trial bench books that were used at trial." Plaintiffs' Petition at 8; Bill of Costs, Items 14-15.

Section 1920(4) provides for the recovery of "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." The invoices Plaintiffs have attached in support of their request include charges for many services other than copying, including editing of videos and other technical services. *See* Exhibits A-14, A-15. Those costs are not listed under § 1920 and, therefore, are not taxable. *See*

---

Appx. 972, 976 (5th Cir. Aug. 3, 2007) (vacating award of costs for videotaped depositions); *Coats*, 5 F.3d 877 at 891 (same).

7

*Louisiana Power & Light Co.*, 50 F.3d 319 at 335 ("Absent pretrial approval of the exhibits, … a party may not later request taxation of the production costs to its opponent").

There is only one item on the invoices submitted by Plaintiffs which states that the services rendered were for copying — for 6,896 pages at $.10 per page for a total cost of $689.60. "The burden is on the party seeking recovery of costs to show what portion of a particular invoice is recoverable." *Halliburton Energy Servs., Inc*, 244 F.R.D. at 372. Only "reproductions necessarily obtained for use in the case are included within taxable costs." *Fogleman*, 920 F.2d at 286. KPT is not "responsible for multiple copies of documents, attorney correspondence, or any of the other multitude of papers that may pass through a law firm's xerox machines." *Id.* It is impossible to determine from the invoice whether the copying reflected on the invoice was for reproductions that were necessary for use in the case. Thus, Plaintiffs' request for copying costs should be denied or, alternatively, permitted in an amount no greater than $689.60.

## **CONCLUSION**

As set forth above, this Court should defer consideration of Plaintiffs' petition until after KPT's appeal from the May 11, 2010 judgment is decided. Alternatively, if the Court considers the petition, the Court should reduce the attorneys' fees and costs sought by Plaintiffs as set forth herein.

Respectfully submitted

By: /s/ Kerry J. Miller
MILES P. CLEMENTS (#4184)
PETER E. SPERLING (#17812)
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
PAUL C. THIBODEAUX (#29446)
FRILOT L.L.C.
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone: (504) 599-8194
Facsimile: (504) 599-8145
Email: kmiller@frilot.com

- AND -

DONALD J. HAYDEN (FL Bar No. 0097136)
BAKER & MCKENZIE LLP
Mellon Financial Center
1111 Brickell Avenue, Suite 1700
Miami, FL 33131
Telephone: (305) 789-8966
Facsimile: (305) 789-8953
Email: donald.j.hayden@bakermckenzie.com

DOUGLAS B. SANDERS (IL Bar No. 6256621)
RICHARD M. FRANKLIN (IL Bar No. 0864390)
BAKER & MCKENZIE LLP
130 E. Randolph Drive
One Prudential Plaza
Chicago, IL 60601
Telephone: (312) 861-8075
Facsimile: (312) 698-2375
Email: douglas.b.sanders@bakermckenzie.com

STEVEN GLICKSTEIN (NY Bar No. 1038157)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Telephone: (212) 836-8485
Facsimile: (212) 836-6485
Email: sglickstein@kayescholer.com

                                                Counsel for Defendant, Knauf Plasterboard (Tianjin) Co., Ltd.

## **CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing pleading has been served upon Plaintiffs' Liaison Counsel by email and by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana under seal, on this 2nd day of July, 2010.

                                                /s/ Kerry J. Miller