UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED | * | MDL No. 2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JOSEPH C. WILKINSON, JR. |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO:** *Germano, et al. v. Taishan Gypsum Co., Ltd., et al., Case No. 09-6687*

## TAISHAN GYPSUM CO. LTD.'S MEMORANDUM IN OPPOSITION TO INTERVENING PLAINTIFFS' <u>COUNSEL'S PETITION FOR FEES AND COSTS</u>

## <u>TABLE OF CONTENTS</u>

Page

INTRODUCTION ..................................................................................................................1

BACKGROUND ...................................................................................................................2

ARGUMENT .........................................................................................................................3

I.   THE COURT SHOULD NOT AWARD ATTORNEYS' FEES BECAUSE
     THE   MOTION   TO   INTERVENE   AND   SECOND   AMENDED
     COMPLAINT WERE NOT PROPERLY SERVED ...........................................................3

II.  PLAINTIFF INTERVENORS ARE NOT ENTITLED TO ATTORNEYS'
     FEES UNDER THE VIRGINIA CONSUMER PROTECTION ACT ...............................5

III. THE ATTORNEYS' FEES REQUESTED ARE NOT REASONABLE ...........................7

IV.  INTERVENORS' SEEK COSTS BEYOND THE SCOPE PERMITTED BY
     RULE 54 AND 28 U.S.C. § 1920 ..................................................................................11

CONCLUSION.....................................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Anunciation v. West Capital Financial Services Corp.*,
  No. 95-15845, 1996 WL 534049 (9th Cir. Sept. 19, 1996) ........................................4

*Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*,
  249 F.3d 1293 (11th Cir. 2001) ........................................14

*Ashcroft v. Iqbal*,
  129 S.Ct. 1937 (2009) ........................................6

*Banks v. Federal Deposit Ins. Corp.*,
  No. 09-10832, 2010 WL 1141677 (5th Cir. Mar. 24, 2010)........................................5

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)........................................6

*Chawla v. Burger Busters, Inc.*,
  499 S.E.2d 829 (Va. 1998)........................................8, 10

*Chudasama v. Mazda Motor Corp.*,
  123 F.3d 1353 (11th Cir. 1997) ........................................5

*Coates v. Penrod Drilling Corp.*,
  5 F.3d 877 (5th Cir. 1993) ........................................14

*Compton v. Alton S.S. Co.*,
  608 F.2d 96 (4th Cir. 1979) ........................................9

*Cooper v. GGGR Inv. LLC*,
  334 B.R. 179 (E.D. Va. 2005)........................................7

*Fogleman v. ARAMCO*,
  920 F.2d 278 (5th Cir. 1991) ........................................12, 13

*Galveston County Navigation Dist. No. 1 v. Hopson Towing Co.*,
  92 F.3d 353 (5th Cir. 1996) ........................................5

*Germano, et al. v. Taishan Gypsum Co., Ltd., et al.*,
  Case No. 09-6687........................................ passim

*Germano v. Taishan Gypsum Co. Ltd.*,
  No. 2:09-cv-00202-MSD-TEM (E.D. Va., filed Sept. 23, 2009) ........................................12

*Holmes v. LG Marion Corp.*,
  521 S.E.2d 528 (Va. 1999)........................................8

*In re Garey*,
  258 B.R. 356 (Bankr. E.D. Va. 2000) ..............................................................8, 10

*In re: Chinese Drywall Cases*,
  2010 Va. Cir. LEXIS 43 (Va. Cir. Ct., March 29, 2010) ............................................6

*James v. Claiborne*,
  No. 07-1570, 2009 WL 994951 (W.D. La. Apr. 13, 2009) ......................................4

*Jensen v. Lawler*,
  338 F. Supp. 2d 739 (S.D. Tex. 2004) ...................................................................13

*Kohus v. Toys R Us, Inc.*,
  282 F.3d 1355 (Fed. Cir. 2002)..............................................................................14

*Lambert v. Downtown Garage, Inc.*,
  262 Va. 707 (2007) ..................................................................................................7

*Lewis v. Lynn*,
  236 F.3d 766 (5th Cir. 1980) ...................................................................................5

*Lopez v. NTI, LLC*,
  No. DKC2008-1579, 2008 WL 5120542 (D. Md. Dec. 4, 2008) ............................4

*Mason v. Belieu*,
  543 F.2d 215 (D.C. Cir. 1976) ...............................................................................11

*Mathis v. Exxon Corp.*,
  302 F.3d 448 (5th Cir. 2002) ...............................................................................7, 8

*Maynard v. Mines*,
  No. 7:07-CV-131, 2009 WL 2778252 (E.D. Ky. Sept. 1, 2009) ......................11, 12

*Migis v. Pearle Vision, Inc.*,
  135 F.3d 1041 (5th Cir. 1998) ...............................................................................13

*Mullins v. Richlands Nat'l Bank*,
  403 S.E.2d 334 (Va. 1991)........................................................................................8

*Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*,
  515 F.2d 1200 (5th Cir. 1975) .................................................................................5

*Peter Farrell Supercars, Inc. v. Monsen*,
  82 Fed. App'x 293 (4th Cir. 2003) ...........................................................................7

*Seyfarth, Shaw, Fairweather & Geraldson v. Lake Fairfax Seven Ltd. P'ship*,
  480 S.E.2d 471 (Va. 1997)........................................................................................8

*Silge v. Merz*,
    510 F.3d 157 (2d Cir. 2007)................................................................9

*Smith v. Cummings*,
    445 F.3d 1254 (10th Cir. 2006) .........................................................9

*Summit Tech., Inc. v. Nidek Co., Ltd.*,
    435 F.3d 1371 (Fed. Cir. 2006)........................................................14

*Weiss v. Cassidy Dev't Corp.*,
    63 Va. Cir. 76, 2003 WL 22519650 (Cir. Ct. 2003) .............................7

## STATUTES

28 U.S.C. §§ 1821 ...............................................................................11

28 U.S.C. § 1821(1)(c)(1) .....................................................................13

28 U.S.C. §§ 1821(2)-(4) ......................................................................13

28 U.S.C. § 1920 .............................................................................11, 13

28 U.S.C. § 1920(2) .............................................................................13

28 U.S.C. §1920(4) .........................................................................13, 14

28 U.S.C. § 1924 .................................................................................11

Va. Code Ann. § 17.1-625 (1998)..........................................................10

Va. Code Ann. § 59.1-200 (2010)...........................................................5

Va. Code Ann. § 59.1-204(b)..................................................................8

## OTHER AUTHORITIES

Fed. R. Civ. P. 4 .........................................................................1, 2, 3, 4

Fed. R. Civ. P. 5 ............................................................................3, 4

Fed. R. Civ. P. 12(b)(6)..........................................................................5

Fed. R. Civ. P. 24(c) ......................................................................1, 2, 3

Fed R. Civ. P. 54 ......................................................................9, 11, 12

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED | * | MDL No. 2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JOSEPH C. WILKINSON, JR. |
| | * | |

* * * * * * * * * * * * * ** * * * * ** * * * * * ** * * *

**THIS DOCUMENT RELATES TO:**  *Germano, et al. v. Taishan Gypsum Co., Ltd., et al., Case No. 09-6687*

## TAISHAN GYPSUM CO. LTD.'S MEMORANDUM IN OPPOSITION TO INTERVENING PLAINTIFFS' COUNSEL'S PETITION FOR FEES AND COSTS

Defendant Taishan Gypsum Co. Ltd. ("Taishan Gypsum") submits this memorandum in opposition to the Intervening Plaintiffs' Counsel's Petition for Fees and Costs (the "Petition").

### INTRODUCTION

The Petition should be denied for several independent reasons. First, Plaintiff Intervenors[1] did not serve Taishan Gypsum with their motion to intervene and an accompanying pleading as required by Fed. R. Civ. P. 24(c), and also failed to serve the Second Amended Complaint in which they sought to intervene, in accordance with Fed. R. Civ. P. 4. Second, the Plaintiff Intervenors are not entitled to any attorneys' fees because they fail to state a claim under the Virginia Consumer Protection Act. Third, even if Plaintiff Intervenors were entitled to an

---

[1]     The "Plaintiff Intervenors" in this case are Deborah and William Morgan, Jerry and Inez Baldwin, Joe and Cathy Leach, Robert and Lisa Orlando, Fred and Vanessa Michaux, Preston and Rachel McKellar, and Steven and Elizabeth Heischober.

award of attorneys' fees, they have not met their burden of establishing that the more than $900,000 in attorneys' fees they claim were actually incurred and reasonably necessary in connection with pursuing their default judgment against Taishan Gypsum. Finally, Plaintiff Intervenors have requested that Taishan Gypsum be charged with items of costs that are not appropriately taxable in this case.

<u>BACKGROUND</u>

The *Germano* Plaintiffs filed their initial complaint in the Eastern District of Virginia on May 1, 2009, which was subsequently amended. The Petition indicates that on or about August 3, 2009 Plaintiffs received notice that service of the First Amended Complaint had been made on Taishan Gypsum. Plaintiffs' case was transferred to this Court on October 13, 2009. On November 18, 2009, the Court granted Plaintiffs' motion to amend the First Amended Complaint to assert a national class action against Taishan Gypsum, and Plaintiffs filed their Second Amended Complaint (the "SAC"). Plaintiffs have not served the SAC on Taishan Gypsum in accordance with Fed. R. Civ. P. 4. On November 20, 2009 the Court entered a preliminary default against Taishan Gypsum. (Rec. Doc. No. 487.) On December 3, 2009, the Plaintiff Intervenors moved to intervene in the action. The Plaintiff Intervenors did not serve Taishan Gypsum with their motion to intervene in accordance with Rule 4, and their motion was not accompanied by a pleading as required under Fed. R. Civ. P. 24(c). The Court granted Plaintiff Intervenors' motion to intervene on December 20, 2009. On that same date, the Court also granted the motions of Knauf Plasterboard (Tianjin) Co. Ltd. ("Knauf") and the Mitchell Company ("Mitchell") (together, "Defendant Intervenors") to intervene as defendants in order to protect their own interests On February 19 and 22, 2010 the Court held an evidentiary hearing for the assessment of damages as to the Plaintiff Intervenors (*see* Rec. Doc. No. 546). On the eve of the hearing Knauf and Mitchell withdrew as intervenors. On April 8, 2010, the Court

issued detailed Findings of Fact and Conclusions of Law.  (Rec. Doc. No. 2380.)  On May 11, 2010, the Court entered a default judgment in favor of the Plaintiff Intervenors against Taishan Gypsum.  On May 24, 2010, counsel for the Plaintiff Intervenors filed their Petition for attorneys' fees totaling $919,452.17.  On June 11, 2010, this Court issued an Order inviting Taishan Gypsum to respond to the Petition.[2]

ARGUMENT

**I.  THE COURT SHOULD NOT AWARD ATTORNEYS' FEES BECAUSE THE MOTION TO INTERVENE AND SECOND AMENDED COMPLAINT WERE NOT PROPERLY SERVED**

The Petition must be denied because the Plaintiff Intervenors did not serve their motion to intervene on Taishan Gypsum in accordance with Rule 4, did not serve the motion to intervene with an accompanying pleading, and neither the original *Germano* Plaintiffs nor Plaintiff Intervenors served Taishan Gypsum with the SAC in accordance with Rule 4 of the Federal Rules of Civil Procedure.

Pursuant to Federal Rule of Civil Procedure 24(c), "A motion to intervene must be served on the parties as provided in Rule 5 … and be accompanied by a pleading that sets out the claim or defense for which intervention is sought."  Fed. R. Civ. P. 24(c).  In turn, Rule 5(a)(2) provides: "No service is required on a party who is in default for failing to appear.  But a pleading that asserts a *new claim for relief* against such a party must be served on that party under Rule 4."  Fed. R. Civ. P. 5(a)(2) (emphasis supplied).  Thus, if Plaintiff Intervenors asserted new claims for relief they were required to (a) serve their motion to intervene accompanied by a pleading and (b) serve their motion and pleading in accordance with their Rule 4.  Rule 4 sets forth the methods for serving a complaint.  In the case of a foreign defendant,

---

[2]     On June 10, 2010, Taishan Gypsum filed a Notice of Appeal from, *inter alia*, the default judgment.  (Rec. Doc. No. 3670.)

Rule 4(f)(1) requires service to be made by an "international agreed means of service," such as the Hague Convention On the Service Abroad of Judicial Documents and Extra Judicial Documents in Civil or Commercial Matters (the "Convention").

In this case, Plaintiff Intervenors asserted new claims for relief against Taishan Gypsum in addition to those asserted in the SAC. Accordingly, the Plaintiff Intervenors were required to accompany their motion to intervene with a pleading and serve that pleading in accordance with Rule 4. The Plaintiff Intervenors did not do so. Furthermore, the original *Germano* Plaintiffs never served the SAC in the underlying action on Taishan Gypsum pursuant to Rule 4.[3] As a result, the Court did not acquire jurisdiction over Taishan Gypsum with respect to the SAC on which it entered a default judgment and which is the basis for the Plaintiff Intervenors' Petition for attorneys' fees. *See James v. Claiborne*, No. 07-1570, 2009 WL 994951, at *5 (W.D. La. Apr. 13, 2009) (default judgment in favor of newly-added individual plaintiffs was improper pursuant to Rule 5(a)(2) when the defendant was not served with the amended complaint joining them as plaintiffs). *Accord Lopez v. NTI, LLC*, No. DKC2008-1579, 2008 WL 5120542, at *3 (D. Md. Dec. 4, 2008) (same).[4] Consequently, the default judgment underlying the Petition is void.[5] *See Anunciation v. West Capital Financial Services Corp.*, No. 95-15845, 1996 WL 534049 (9th Cir. Sept. 19, 1996) (court found that the lower court had jurisdiction over a

---

[3]     Pursuant to Rule 5(a)(2), Plaintiffs were required to serve the SAC on Taishan Gypsum in accordance with Rule 4 because it introduced new claims. Among other things, the SAC sought certification of a national class, whereas Plaintiffs' First Amended Complaint sought class certification of a class of Virginia residents.

[4]     It is irrelevant that Intervenors may be part of the putative class described in the SAC. Indeed, in *James*, the court certified the class to which the newly joined plaintiffs belonged, but still held that it was improper to grant them a default judgment when they had not served the defendant with an amended complaint providing notice of their individual claims. *James*, 2009 WL 994951, at *5. Here, of course, no class has been certified.

[5]     Taishan Gypsum is investigating the possibility of moving to vacate the default judgment on various grounds including but not limited to the absence of personal jurisdiction and reserves all of its rights against that judgment.

defendant only as to the original complaint, with which he was served, and not as to the amended complaint, which was improperly served).

## II.     PLAINTIFF INTERVENORS ARE NOT ENTITLED TO ATTORNEYS' FEES UNDER THE VIRGINIA CONSUMER PROTECTION ACT

Under the American Rule, courts do not ordinarily award attorneys' fees absent a contractual or statutory basis for doing so.  *See Galveston County Navigation Dist. No. 1 v. Hopson Towing Co.,*  92 F.3d 353, 356 (5th Cir. 1996) ("[i]n the United States, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser") (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)).  In this case, the Plaintiff Intervenors base their Petition for attorneys' fees exclusively upon the Virginia Consumer Protection Act ("VCPA").  Va. Code Ann. § 59.1-200 (2010).  *See* default judgment (Rec. Doc. No. 3013).  However, as explained below, Plaintiff Intervenors fail to state a claim under the VCPA.  Plaintiff Intervenors were not entitled to a judgment on their claim under VCPA and thus there is no basis for the Court to award them attorneys' fees.

A default judgment cannot stand on a complaint that fails to state a claim.  *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997).  As the Fifth Circuit has explained, "a defendant's default does not in itself warrant the court in entering a default judgment."  *See Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).  A Court should not grant a default judgment on a legally insufficient complaint.  *Lewis v. Lynn*, 236 F.3d 766, 767-68 (5th Cir. 1980) (affirming district court's refusal to enter default judgment where plaintiff's factual allegations, even if true, were insufficient to impose liability on defendants).  Thus, claims that form the basis for a default judgment must be evaluated according to the same standards applicable to motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  *See, e.g., Banks v. Federal Deposit Ins. Corp.*, No. 09-

10832, 2010 WL 1141677, at *3 (5th Cir. Mar. 24, 2010) (affirming 12(b)(6) dismissal and rejecting plaintiff's argument that the Court should have granted default judgment to plaintiffs: "[i]n the absence of a valid claim, the court was in no position to enter a default judgment.").

The Supreme Court in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) clarified the standard that an initial pleading must meet to avoid dismissal. *Twombly* held that a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A "formulaic recitation of the elements of a cause of action" is insufficient. *Id.* at 555. Rather, as the *Iqbal* court explained, the pleading must contain "*factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. (emphasis added) A complaint must set forth more than "naked assertions[s]" without "further factual enhancement." *Id.*

Thus, in order be entitled to attorneys' fees on their default judgment, Plaintiffs were required to have alleged a plausible claim under the VCPA. Plaintiffs' claim under the VCPA conclusorily alleges that Taishan Gypsum made a "knowing misrepresentation" insofar as it failed "to disclose the source, affiliation, origin, characteristics, ingredients, standards and quality" of the allegedly defective drywall, unsupported by any factual allegations whatsoever. (First Amended Complaint, ¶ 84) However, according to the Court's Findings of Fact and Conclusions of Law, Taishan Gypsum had no direct contact with Plaintiffs.[6] Taishan Gypsum sold drywall to Venture Supply, Inc. (Rec. Doc. No. 2380 at 8), which then sold it to Porter-Blaine Corporation (*id.* at 9), which then installed it in Plaintiffs' homes in Virginia. *Id.* Based on these determined facts, the SAC fails to state a claim under the VCPA, because "[a] sale between commercial parties of a good intended for use as a component part in the construction of

---

[6] Taishan Gypsum has appealed from the default judgment, and therefore does not concede any of the Court's Findings of Fact or Conclusions of Law.

a building is not a 'consumer transaction' within the meaning of the VCPA." *In re: Chinese Drywall Cases*, 2010 Va. Cir. LEXIS 43 (Va. Cir. Ct., March 29, 2010)(attached here as Ex. A).

Moreover, even assuming Taishan Gypsum's alleged sale of drywall to Venture Supply was a consumer transaction within the meaning of the VCPA, Plaintiffs have failed to allege plausible facts alleging the elements of a VCPA claim. Plaintiffs were required to allege, with factual specificity, the elements of common law fraud: "A false representation, of material fact, made intentionally and knowingly, with intent to mislead, reliance by the party misled, and resulting damage" *Weiss v. Cassidy Dev't Corp.*, 63 Va. Cir. 76, 2003 WL 22519650 (Cir. Ct. 2003). Plaintiffs' allegations fall far short of this requirement. There are no allegations that Taishan Gypsum made a "knowing or deliberate decision not to disclose a material fact" to Plaintiffs, which is essential to a VCPA claim. *Lambert v. Downtown Garage, Inc.*, 262 Va. 707, 718 (2007). Lastly, Plaintiffs do not allege any facts which if proven could establish that they relied on a misrepresentation by Taishan Gypsum, as also required to state a claim under the VCPA. *Cooper v. GGGR Inv. LLC*, 334 B.R. 179, 188 (E.D. Va. 2005). Since the SAC fails to state a claim under the VCPA, Plaintiff Intervenors have no statutory right to attorneys' fees, and the Petition must be denied.

## III. THE ATTORNEYS' FEES REQUESTED ARE NOT REASONABLE

Even assuming that Plaintiff Intervenors are entitled to attorneys' fees, they have not established that the more than $900,000 in fees they have requested were actually incurred and reasonably necessary in connection their default judgment against Taishan Gypsum.

When the Court considers a petition for an award of attorneys' fees under a state law (*see* Rec. Doc. 3248 No. at 1), that state's standards govern whether an award shall issue and whether the award is reasonable. *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461-62 (5th Cir. 2002) (applying Texas law to decision on attorneys' fees); *Peter Farrell Supercars, Inc. v. Monsen*, 82

Fed. App'x 293, 300 (4th Cir. 2003) (applying Virginia law under the Virginia Consumer Protection Act).  Since the Plaintiff Intervenors seek attorneys' fees pursuant to the VCPA, this Court must apply Virginia law to determine the amount of attorneys' fees to Intervening Counsel. *See Mathis*, 302 F.3d at 461-62.

Under the VCPA, no attorneys' fees are recoverable unless they are "reasonable."  *See* Va. Code Ann. § 59.1-204(b).  The party seeking attorneys' fees has the burden of proving that they are reasonable and were necessary.  *Chawla v. Burger Busters, Inc.*, 499 S.E.2d 829, 833 (Va. 1998).  Virginia law requires that a finder of fact "must determine from the evidence the amount of the reasonable fees under the facts and circumstances of each particular case" (internal quotations omitted).  *Holmes v. LG Marion Corp.*, 521 S.E.2d 528, 533 (Va. 1999).  Specifically, a court considering a claim for attorneys' fees under Virginia law should consider (1) the time and effort expended by the attorney, (2) the nature of the services rendered, (3) the complexity of the services, (4) the value of the services to the client, (5) the results obtained, (6) whether the fees incurred were consistent with those generally charged for similar services, and (7) whether the services were necessary and appropriate.  *See*, *e.g.*, *In re Garey*, 258 B.R. 356, 361-62 (Bankr. E.D. Va. 2000) (finding in context of default judgment against defendant that fees sought did not meet Virginia law test for reasonableness) (citing generally *Chawla v. BurgerBusters, Inc.*, 499 S.E.2d 829 (Va. 1998), and *Seyfarth, Shaw, Fairweather & Geraldson v. Lake Fairfax Seven Ltd. P'ship*, 480 S.E.2d 471, 473 (Va. 1997)).  In this case, the Petition provides insufficient evidence to establish the elements of reasonableness of attorneys fees required under Virginia law.

Intervening Counsel's principal argument for the reasonableness of the more than $900,000 in attorneys' fees they claim is that they have entered into contingency fee arrangements providing for one-third of the individual judgments.  Under Virginia law, however,

it is not appropriate to grant attorneys' fees based only on a pre-determined percentage of the judgment. *See Mullins v. Richlands Nat'l Bank*, 403 S.E.2d 334, 449-50 (Va. 1991) (reversing determination on attorneys' fees as unreasonable where it was based on 10% of award to plaintiffs). Plaintiff Intervenors' counsel implicitly recognizes that the contingency fee arrangement is not sufficient to establish the reasonableness of their fee claim, as counsel themselves argue that the reasonableness of their fees is established by the hours they allegedly worked and the purported dollar value of those hours. (*See* Rec. Doc. No. 3248 at s 4-5.) However, Intervening Counsel have failed to show the actual hours expended in pursuit of the default judgment or the relevant work they accomplished for the fees claimed.

The affidavit of Plaintiffs' Liaison Counsel Russ M. Herman, Esq. avers only that, based on the time and expense calculations submitted monthly to Philip Garret, CPA, he "can safely say that in excess of 6,000 attorney hours have been expended in connection with the default judgment obtained against Taishan Gypsum by the **core trial team** of attorneys" (emphasis supplied). (Rec. Doc. No. 3248-2 at  4.)  In the Petition, Intervening Counsel cited to this statement and argued that the Intervening Counsel expended in the aggregate of 6,000 hours of attorney time. (Rec. Doc. No. 3248 at 5.)  It is clear, however, that the 6,000 hour figure was a reference to the time submissions of the entire **core trial team** of attorneys, not just to the hours expended by Intervening Counsel in pursuit of the default judgment.

Further, by Intervening Counsel's own admission, the general work of the "core" trial counsel includes the activities of common benefit counsel in addition to the work performed by Intervening Counsel. (*See Rec.* Doc. No. 3248-2 at 8.).  But recovery of fees for the work of common benefit counsel cannot be permitted in this case.  Virginia law bars recovery of

attorney's fees for the activities of more than one attorney.  *See* Va. Code Ann. § 17.1-625 (1998).

Intervening Counsel also claim that "the efforts put forth by Intervening Plaintiffs' Counsel will benefit all of the other Chinese Drywall Plaintiffs".  Petition at 2.  However, Intervening Counsel "are not seeking a common benefit fee at this time for work performed on behalf of all Chinese Drywall Plaintiffs."  Accordingly, Intervening Counsel's fees could only be recoverable insofar as they are shown to be directly related to recovering the default judgment against Taishan Gypsum, and not for general MDL matters.

A large award of attorneys' fees is particularly unreasonable in the case of default judgment, where the defaulting party, here Taishan Gypsum, did nothing to magnify the complexity of the case.  *See In re Garey*, 258 B.R. at 362 (holding that an award of attorneys' fees did not meet *Chawla* standard for reasonableness).  Much of the fees sought by Intervening Counsel arose from disputes in which Taishan Gypsum did not participate and would have been completely unnecessary if the Defendant Intervenors – who are not being asked to pay for any of this – had not participated and raised those issues.  (*See* Rec. Doc. No. 3248 at 2-3.)  These parties admittedly sought to protect their own interests in the hearing (Rec. Doc. Nos. 561 and 558) and thereby turned a straight-forward hearing on damages against a defaulted party into a full-blown adversarial proceeding.  According to Intervening Counsel's own submission (Rec. Doc. 3248 at 2) they expended significant time and effort addressing disputes with Defendant Intervenors, such as defending depositions, responding to discovery, filing and defending against motions *in limine*.  While these fees arguably added value to the overall MDL litigation, they were not a reasonably necessary part of Plaintiff Intervenors' pursuit of a default judgment against Taishan Gypsum.

Because it is impossible to tell from the Petition who is considered Intervening Counsel, the actual hours Intervening Counsel expended in pursuing the default matter, and whether the amount of hours worked were reasonably necessary for the default judgment, the Plaintiff Intervenors have failed to establish the reasonableness of their fee request, and the Petition should be denied.[7]

## IV.   INTERVENORS' SEEK COSTS BEYOND THE SCOPE PERMITTED BY RULE 54 AND 28 U.S.C. § 1920

Intervening Counsel seeks to tax Taishan Gypsum for costs under Rule 54(d).  (*See* Rec. Doc. No. 3248 at 6.)  The allowance of these costs is governed by federal statute.  *See* 28 U.S.C. §§ 1821, 1920.  Costs cannot be recovered where the various items are not verified by affidavit (*see* 28 U.S.C. §§ 1920, 1924) or where they are set forth as lump sums and fail to meet the basic criteria of a bill of costs, *i.e.*, where they do not allow the trial court to determine which costs are taxable.  *See Maynard v. Mines*, No. 7:07-CV-131, 2009 WL 2778252, at *3 (E.D. Ky. Sept. 1, 2009) (barring recovery of costs where the trial judge and opposing party are "simply confronted with an ambiguous lump sum, which makes it extremely difficult, if not impossible to dissect in order to determine if each individual cost was necessary"); *see also Mason v. Belieu*, 543 F.2d 215, 222 (D.C. Cir. 1976) (barring recovery of costs where neither bill of costs nor required affidavit to bill of costs was submitted).

Here, Intervening Counsel did not submit an affidavit establishing that the costs claimed were necessarily related to obtaining the default judgment against Taishan Gypsum.  The

---

[7]    Alternatively, because the actual work done by Intervening Counsel in connection with obtaining the default judgment is not ascertainable based on either the Petition or the Affidavit of Russ M. Herman, the Court should not award any attorneys' fees without affording Taishan Gypsum a reasonable opportunity to review the actual time records of Intervening Counsel and to make further objections that may be appropriate after reviewing that evidence.  *See, e.g., Alameda Films S.A. de C.V. v. Authors Rights Restoration Corp.*, 331 F.3d 472, 484 (5th Cir. 2003) (vacating statutory fee award and remanding for redetermination where no time records were submitted and the only evidence of the amount of the award was one individual's testimony).

admitted purpose of the accompanying affidavit from Plaintiffs' Liaison Counsel is only "to describe the work performed by the *common benefit counsel*." (Rec. Doc. No. 3248-2 at 8). (emphasis added) Thus, Intervening Counsel have not set forth their claim for costs with sufficient particularity to allow Taishan Gypsum to challenge it. *See Maynard*, 2009 WL 2778252, at *3; *see also* E.D. La. Local Rules 54.3.1E, 54.5. For this reason alone, Intervening Counsel's request for costs must be rejected. Moreover, even if the Court were to consider Intervening Counsel's cost request, their claimed costs are improper and should be rejected or substantially reduced.

**Excessive Costs for Fees of the Clerk and Marshal**

Intervening Counsel claim costs in the amount of $ 2,472.90 for the fees of the Clerk and Marshal for service of the complaint on Taishan Gypsum in China. These costs should not be awarded. Intervening Counsel did not serve Taishan Gypsum with any complaint; rather, it was Plaintiffs in *Germano* who allegedly served the First Amended Complaint on Taishan Gypsum. *See* Rec. Doc. No. 77, *Germano v. Taishan Gypsum Co. Ltd.*, No. 2:09-cv-00202-MSD-TEM (E.D. Va., filed Sept. 23, 2009).

**Excessive Costs for Expedited Transcripts**

Intervening Counsel seeks to recover $6026.00 for "Daily Transcripts of Default Hearing"; however, "the extra cost of obtaining a trial transcript on an expedited basis is not taxable unless prior court approval of expedition has been obtained or the special character of the litigation necessitates expedited receipt of the transcript." *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991). Intervening Counsel fails to show how these costs could possibly be warranted, especially in an unopposed default proceeding. As such, the request for costs attributable to "Daily Transcripts" must be denied.

**Excessive Costs for Videotaped Depositions**

Intervening Counsel request $ 46,626.30 for the cost of both hard copies of deposition transcripts and "electronically recorded" (*i.e.*, electronic and videotaped) deposition transcripts. (*See* Rec. Doc. No. 3248 at 7.)  However, deposition transcript costs are only appropriate to the extent "necessarily obtained for use in the case". *See* 28 U.S.C. § 1920(2); *see also Fogleman*, 920 F.2d at 285.   Intervening Counsel have not shown that the $15,467.00 attributed to videotaped depositions were necessary for this default proceeding.   While a videotaped deposition may have a useful effect at trial, hard copies of deposition transcripts are perfectly adequate, and Intervening Counsel should not be permitted to recover for the luxury of their preferred method of presentation. *See Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir. 1998) (barring recovery of costs for videotaped deposition); *see also Jensen v. Lawler*, 338 F. Supp. 2d 739, 746 (S.D. Tex. 2004) (same, noting that "[t]he Fifth Circuit has consistently held that videotaped depositions are not taxable as costs under §1920(2)").

**Excessive Witness Expenses**

Intervening Counsel request $ 9,655.46 in costs for witness expenses.   However, Intervening Counsel were required to show that the witnesses took the most economical flights reasonably available (*see* 28 U.S.C. § 1821(1)(c)(1)) and to break down the "transportation" costs incurred by the witnesses so that the Court might evaluate their appropriateness as taxable costs.   *See* 28 U.S.C. §§ 1821(2)-(4), 1920.   Since Intervening Counsel failed to properly document their claim for witness expenses, their claim should be rejected or reduced to a more reasonable amount.

**Excessive Copying Costs**

A plaintiff's right to recover costs for copies is limited by 28 U.S.C. §1920(4), which provides for taxation of costs to the losing party of "[f]ees for exemplification and the costs of making copies of any materials *where the copies are necessarily obtained for use in the case*" (emphasis added). Here, Intervening Counsel seek $87,933.92 under the heading "Fees for the Costs of Copying." This request is excessive. It is unreasonable to claim taxable costs for copying 2,000 trial exhibits where its only justification for such copies is the bare allegation that they "were necessary for the prosecution of Plaintiffs' cases." (Rec. Doc. No. 3248 at 8.) This is particularly true where the copies were likely duplicative, as Intervening Counsel themselves admit. (*Id.* at 9) (". . . numerous sets of voluminous trial exhibits were provided . . . .")[8]

Intervening Counsel also claim $52,467.72 for "an animation exhibit that was used at trial." (*Id.* at 9.) This animation exhibit accounts for approximately 60% of Intervening Counsel's costs for "copying" and nearly one-third of the entire amount sought as taxable costs. (*See id.* at 8-9; Rec. Doc. 3248-3 No. at 4.) Courts, however, do not generally permit taxation of costs for animated trial exhibits. *See Kohus v. Toys R Us, Inc.,* 282 F.3d 1355, 1360-61 (Fed. Cir. 2002) (applying Sixth Circuit law; holding that animated video was not an exemplification under § 1920(4)); *Summit Tech., Inc. v. Nidek Co., Ltd.*, 435 F.3d 1371, 1374-78 (Fed. Cir. 2006) (applying First Circuit law; holding that computer animations were not exemplifications and could not be taxed as costs under § 1920); *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.,* 249 F.3d 1293, 1296-97 (11th Cir. 2001) (same holding); *see also Coates v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993) (narrowly construing exemplification costs available

---

[8] Further, the use of "Plaintiffs' cases" rather than "Intervening Plaintiffs' cases" here suggests that an award of costs for these copies – indeed, any of the costs claimed by Intervening Counsel – would inappropriately tax Taishan Gypsum for costs incurred by other Plaintiffs, rather than Intervening Plaintiffs. (Rec. Doc. No. 3248 at 9.)

under § 1920 to bar recovery for "blow-ups" of documents used at trial).   Thus, Intervening

Counsels' claim for an animation charge is outside the scope of appropriately chargeable costs in

this case and should be rejected.

<u>CONCLUSION</u>

For all of the foregoing reasons, the Court should deny the Petition of Intervening

Counsel for attorneys' fees and costs.

Respectfully submitted,

/s/  Thomas P. Owen, Jr.
Joe Cyr
Frank T. Spano
Eric Statman
Christina Taber-Kewene
HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York 10022
Email: Joe.cyr@hoganlovells.com
Frank.spano@hoganlovells.com
Eric.statman@hoganlovells.com
Christina.taber-kewene@hoganlovells.com
Telephone: 212-918-3000
Facsimile: 212-918-3100

Richard C. Stanley (La. Bar No. 8487)
Thomas P. Owen, Jr. (La. Bar No. 28181)
STANLEY, REUTER, ROSS, THORNTON
& ALFORD, LLC
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: 504-523-1580
Facsimile: 504-524-0069
E-mail: rcs@stanleyreuter.com
tpo@stanleyreuter.em

**Attorneys for Taishan Gypsum Co. Ltd.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Memorandum In Opposition to Intervening Plaintiffs' Counsel's Petition for Fees and Costs has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pretrial Order No. 6, and that the foregoing was also electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 2nd day of July, 2010.

/s/  Thomas P. Owen, Jr.