**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE:  CHINESE-MANUFACTURED                    MDL NO.:  2047

DRYWALL PRODUCTS LIABILITY
LITIGATION                                                          SECTION: L

                                                                           JUDGE FALLON
(This Document Relates to Gross, et al, v. Knauf
Gips KG, et al; Case No.  2:09-CV-6690)           MAG. JUDGE WILKINSON
_____/

**DEFENDANT K. HOVNANIAN FIRST HOMES, LLC'S MEMORANDUM**
**OF LAW IN SUPPORT OF ITS MOTION TO DISMISS FOR**
**LACK OF PERSONAL JURISDICTION**

Defendant K. Hovnanian First Homes, LLC ("KHFH") hereby files this Memorandum of

Law in Support of its Motion to Dismiss for Lack of Personal Jurisdiction filed

contemporaneously herewith.

**INTRODUCTION**

On March 23, 2010, Plaintiffs, individually, and on behalf of all others similarly situated,

filed a Substituted and Amended Omnibus Class Action Complaint in this action (the

"Complaint") against multiple Defendants, including KHFH.  The Complaint purports to assert

multiple causes of action against KHFH and demands a judgment for compensatory, statutory

and punitive damages along with injunctive relief.

Because there is not a sufficient connection (or any connection for that matter) between

KHFH and the State of Louisiana to permit this Court's exercise of personal jurisdiction over

KHFH under Louisiana's long-arm statute or Constitutional Due Process requirements, the

Complaint against KHFH must be dismissed for lack of personal jurisdiction.

## LEGAL STANDARD

### A.    Pleading Requirements

A plaintiff bears the burden of establishing personal jurisdiction over a non-resident defendant. *Kevlin Serv., Inc. v. Lexington State Bank*, 46 F.3d 13, 14 (5th Cir. 1995). A plaintiff must allege facts in its complaint which are sufficient to establish personal jurisdiction over a non-resident defendant. *Caldwell v. Palmetto State Sav. Bank of S. Carolina*, 811 F.2d 916, 917 (5th Cir. 1987). If a plaintiff's complaint fails to allege any basis for the court to exercise personal jurisdiction over a non-resident defendant, the court should dismiss the complaint against the non-resident defendant on that basis alone. *See e.g. Northlake Cardiology Assoc., Inc. v. Alpha Gulf Coast, Inc.*, 1995 WL 739865 (E.D. La. 1995) (unpublished) (dismissing a complaint which failed to allege any basis for the court to exercise personal jurisdiction over some of the defendants).

If a plaintiff's complaint alleges that the court has personal jurisdiction over a non-resident defendant, the court must then resolve the jurisdictional issue by reviewing pleadings, affidavits, interrogatories, depositions, oral testimony, exhibits, any part of the record, and any combination thereof. *Command-Aire Corp. v. Ontario Mech. Sales and Service Inc.*, 963 F.2d 90, 95 (5th Cir. 1992).

### B.    Personal Jurisdiction Standard

A Federal court may exercise personal jurisdiction over a non-resident defendant *only* if two requirements are satisfied: (1) the forum state's long-arm statute confers personal jurisdiction; *and* (2) the exercise of jurisdiction does not exceed the boundaries of Due Process. *See Seiferth v. Helicopteros Atuneros, Inc.,* 472 F.3d 266, 270 (5th Cir. 2006); *Ruston Gas*

*Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 418 (5th Cir. 1993) (citing *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, (1945)); *Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002).

The Fifth Circuit has held that because the limits of Louisiana's long-arm statute are co-extensive with the limits of Constitutional Due Process, the inquiry is simply whether this court's exercise of jurisdiction over a non-resident defendant would offend the Due Process Clause of the Fourteenth Amendment. *See Luv N' Care, LTD v. Insta-Mix, Inc.,* 438 F.3d 465, 469 (5th Cir. 2006); *see also Superior Supply Co. v. Assoc. Pipe & Supply Co.*, 515 So. 2d 790, 792 (La. 1987) ("If the assertion of jurisdiction meets the constitutional requirements of due process, the assertion of jurisdiction is authorized under the long-arm statute. The limits of Louisiana's long-arm statute and the limits of constitutional due process are now coextensive").

The Due Process Clause of the Fourteenth Amendment restricts a court's power to assert personal jurisdiction over a non-resident defendant to those circumstances where the defendant has meaningful "contacts, ties, or relations" with the forum state. *Luv N' Care*, 438 F.3d at 469 (citing *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 319, (1945)); *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 413-14 (1994) ("The Due Process Clause of the Fourteenth Amendment operates to limit the power of a State to assert *in personam* jurisdiction over a nonresident defendant").

Specifically, to establish a basis for jurisdiction over a non-resident defendant, a plaintiff must show that: (1) the defendant purposefully availed himself or herself of the benefits and protections of the forum state by establishing minimum contacts with the forum state; and (2) the exercise of personal jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009); *Moncrief Oil Intern. Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007).

The minimum contacts test takes two forms, which dictates the extent to which a court can exercise jurisdiction over a non-resident defendant. Where a defendant has continuous and systematic general business contacts with the forum state, the court may exercise *general jurisdiction* over any action brought against the defendant. *McFadin*, 587 F.3d at 759. Where contacts are less pervasive, the court may only exercise *specific jurisdiction* in a suit arising out of or related to the defendant's contacts with the forum. *Id*.

The Fifth Circuit has found that the continuous and systematic test for general jurisdiction "is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Submersible Sys., Inc. v. Perforadora Cent.,* 249 F.3d 413, 419 (5th Cir. 2001). Even repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction. *Johnston v. Multidata Systems Intern. Corp.*, 523 F.3d 602, 609-610 (5th Cir. 2008). Moreover, the contacts "must be reviewed in toto, and not in isolation from one another." *Id.*

For the specific jurisdiction test, courts consider: (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable. *Seiferth*, 472 F.3d at 271; *McFadin*, 587 F.3d at 759.

To meet this standard, a plaintiff must show that a non-resident defendant's purposeful availment was such that the non-resident defendant should have reasonably anticipated being "haled into court" in the forum state. *Ruston*, 9 F.3d at 419 (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, (1985)); *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476,

4

484 (5th Cir. 2008).   In that regard, the Due Process Clause gives a degree of predictability to

the legal system that allows potential defendants to structure their primary conduct with some

minimum assurance as to where that conduct will and will not render them liable to suit.

*Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999) (citations and

quotations omitted).   As shown below, Plaintiffs cannot establish personal jurisdiction over

KHFH either pursuant to the general jurisdiction test or the specific jurisdiction test.[1]

## **ARGUMENT**

I.    **THE COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFFS HAVE FAILED TO ALLEGE ANY FACTS WHATSOEVER IN SUPPORT OF PERSONAL JURISDICTION OVER KHFH**

As a threshold matter, Plaintiffs fail to meet their burden of alleging personal jurisdiction

over KHFH because Plaintiffs have failed to plead <u>any</u> facts whatsoever which would support *in*

*personam* jurisdiction over KHFH.   Indeed, the only factual allegations even remotely related to

personal jurisdiction over KHFH appear in paragraphs 1063 and 1213 of the Complaint and

affirmatively negate the conclusion that personal jurisdiction is proper in this forum.   These

paragraphs are as follows:

> 1063.   Unless specifically stated to the contrary, all individual
> defendants are citizens of the state where they do business and **all
> entities are citizens of the state where they are organized**.   For
> those entities, where the state of organization is not listed, it is

---

[1] The fact that a plaintiff's complaint is part of an MDL has absolutely no bearing on the traditional personal jurisdiction analysis which a court must undertake.  *See In re Silica Products Liability Litigation,* 398 F.Supp.2d 563, 645 (S.D. Tex. 2005) ("The fact that these actions are collected in an MDL does not alter the normal jurisdictional rules"); *see also In re Showa Denko K.K. L-Tryptophan Products Liability Litigation-II*, 953 F.2d 162, 165-166 (4th Cir. 1992) (holding that the authority for consolidating cases on the order of the judicial panel on multi-district litigation is merely procedural and *does not* expand the jurisdiction of the district court where the cases are consolidated).   In addition, the status of a plaintiff's complaint as a putative class action likewise has absolutely no effect on whether or not a court may exercise personal jurisdiction over a non-resident defendant.  *See In re Train Derailment Near Amite, LA, on October 12, 2002,* 2004 WL 224573, 3 (unpublished) (E.D. La. 2004) ("The Court is unpersuaded that the certification of a class in this case has any bearing on [defendant's] motion to dismiss for lack of personal jurisdiction.   The personal jurisdiction determination depends solely on the defendant's conduct in and contacts with the forum state").

asserted upon information and belief that the entity is incorporated and/or organized in the state of its principal place of business.

* * *

1213.  Defendant, K. Hovnanian First Homes, LLC is an entity or individual with a service address at 110 West Front Street, Red Bank, New Jersey 07701.  **Defendant is organized under the laws of Florida**.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

(Complaint ¶¶ 1063, 1213) (emphasis added).

Not a single allegation against KHFH in the Complaint relates in any way to Louisiana. According to the Complaint, none of the houses allegedly built by KHFH are located in Louisiana (Complaint ¶¶ 932 and 945, listing all properties as located in Florida), and none of the identified Plaintiffs who purportedly own these houses reside in Louisiana.  (*Id.;* Complaint, Schedule 2).

Plaintiffs have thus failed to allege <u>any</u> contacts -- let alone the constitutionally required minimum contacts -- between KHFH and Louisiana that would permit the Court to exercise personal jurisdiction over KHFH.  For this reason alone, Plaintiffs' Complaint must be dismissed against KHFH for lack of personal jurisdiction.

## II.    THE COMPLAINT MUST BE DISMISSED BECAUSE THE EXERCISE OF PERSONAL JURISDICTION BY THIS COURT OVER KHFH WOULD EXCEED THE BOUNDARIES OF DUE PROCESS

### A.    KHFH's Lack Of Contact With The State Of Louisiana

Beyond the pleading deficiencies of the Complaint, KHFH must be dismissed from this action for an even more fundamental reason.  As set forth in the Affidavit of Timothy P. Graney, attached hereto as Exhibit A, KHFH has absolutely no contacts with Louisiana, and has never had any contacts of any kind with Louisiana.  Specifically, KHFH is a Florida limited liability

company with its principal place of business in New Jersey. (Graney Aff. ¶ 3, Complaint ¶ 1213). KHFH has never purchased or sold real property in Louisiana, has never built a residence in Louisiana and has never entered into any contracts or subcontracts with companies located or based in Louisiana. (Graney Aff. ¶ 5). To the contrary, all of KHFH's business actions have occurred exclusively in Florida.

KHFH has never been licensed or registered to do business in Louisiana, has never had any offices or employees in Louisiana, and has never had an agent for service of process in Louisiana. (*Id.* at ¶¶ 6, 7, 8). It has never had any bank accounts in Louisiana or owned any property in Louisiana. (*Id.* at ¶ 9). It has never solicited business in Louisiana, has never transacted business in Louisiana or contracted to supply services or things in Louisiana, and has also never directed any marketing activities toward Louisiana residents. (*Id.* at ¶¶ 10, 11). KHFH has never maintained a telephone line in Louisiana or kept a post office box or otherwise received mail in Louisiana, and has never negotiated or performed any contract with any of the Plaintiffs in Louisiana. (*Id.* at ¶¶ 12, 13). In short, once again, KHFH has never engaged in any business activities of any kind, in any respect, within or related to Louisiana.

### B.   There Is No Basis To Exercise Specific Jurisdiction Over KHFH

Specific jurisdiction over KHFH is inappropriate because: (1) KHFH does not have *any* minimum contacts with the forum state; (2) the Plaintiffs' causes of action do not arise out of or result from KHFH's forum-related contacts; and (3) the exercise of personal jurisdiction over KHFH would not be fair and reasonable under the circumstances.

### i.   Plaintiffs Have Failed To Establish That KHFH Purposefully Directed Any Activities Toward Louisiana Or Purposefully Availed Itself Of The Privileges Of Conducting Activities In Louisiana

Plaintiffs fail to establish that KHFH purposefully availed itself of the privilege of conducting activities in Louisiana, thus invoking the benefits and protections of Louisiana's

laws, and that KHFH's purposeful availment was such that KHFH should have reasonably anticipated being "haled into court" in Louisiana.

The Fifth Circuit has held that *some level of contact* with the forum state may still be insufficient to establish specific jurisdiction over a non-resident defendant. *Freudensprung v. Offshore Technical Serv., Inc.*, 379 F.3d 327, 344 (5th Cir. 2004). Here, as more fully set forth above, KHFH has *absolutely no contacts* with Louisiana. Based on the foregoing, Plaintiffs have utterly failed to establish that KHFH purposely directed its activities toward Louisiana or purposefully availed itself of the privileges of conducting business in Louisiana. Accordingly, this Court cannot exercise specific jurisdiction over KHFH.

### ii. Plaintiffs Have Failed To Establish That Their Causes Of Action Against KHFH Arise Out Of Or Relate To KHFH's "Forum-related Contacts"

To satisfy the second prong of the specific jurisdiction analysis, Plaintiffs' causes of action must arise out of or relate to KHFH's forum-related contacts. *Seiferth*, 472 F.3d at 271; *Stroman*, 513 F.3d at 487 ("The proper focus of the personal-jurisdiction analysis is on the relationship among the defendant, the forum, and the litigation"). As more fully set forth above, KHFH has no contact whatsoever with the State of Louisiana. (*See generally* Graney Aff.). Consequently, Plaintiffs cannot possibly establish that their causes of action arise out of or relate to KHFH's forum-related contacts.

### iii. It Would Not Be "Fair And Reasonable" For This Court To Exercise Personal Jurisdiction Over KHFH

Because Plaintiffs cannot possibly establish that: (1) KHFH has minimum contacts with the forum state; and (2) that the Plaintiffs' causes of action arise out of or result from KHFH's forum-related contacts, this Court need not consider whether it would be unfair or unreasonable to exercise personal jurisdiction over KHFH. *Seiferth*, 472 F.3d at 276 ("The third and final step

asks whether the exercise of personal jurisdiction is fair and reasonable.  Because the district court determined that Camus did not have sufficient contacts with Mississippi to permit the exercise of personal jurisdiction, it did not reach the third step").

The fact that KHFH has absolutely no contacts with Louisiana and that the alleged causes of action against KHFH have absolutely nothing to do with Louisiana, by definition, precludes any notion that the exercise of personal jurisdiction over KHFH would be "fair and reasonable."

**C.      There Is No Basis To Exercise General Jurisdiction Over KHFH**

As discussed above, the sole focus of the general jurisdiction inquiry is whether there are any continuous and systematic contacts between KHFH and the State of Louisiana.  Since KHFH has never maintained any contacts of any kind with Louisiana, no case can be made that KHFH has the "continuous and systematic" contacts required for general jurisdiction.  *See generally Helicopteros Nacionales de Colombia, S.A.,* 466 U.S. at 408; *Johnston*, 523 F.3d 602.  As KHFH has no contacts whatsoever with the State of Louisiana, an exercise of general jurisdiction over KHFH offends the Due Process Clause.

## <u>CONCLUSION</u>

Based on the foregoing arguments and authorities, the Complaint must be dismissed, against KHFH, for lack of personal jurisdiction.

MDL NO.: 2047 (Section: L) Fallon/ Wilkinson
(This Document Relates to Case No. 2:09-CV-6690)

Dated: July 6, 2010                          Respectfully submitted,

                                             BILZIN SUMBERG BAENA PRICE
                                             & AXELROD LLP
                                             Attorneys for Defendant, KHFH
                                             2500 Wachovia Financial Center
                                             200 South Biscayne Boulevard
                                             Miami, Florida 33131
                                             Tel.: (305)374-7580   Fax: (305)374-7593

                                             BY:   /s/ *Melissa Pallett-Vasquez*
                                                   ROBERT W. TURKEN, ESQ.
                                                   Florida Bar No. 306355
                                                   rturken@bilzin.com
                                                   ADAM F. HAIMO, ESQ.
                                                   Florida Bar No. 502731
                                                   ahaimo@bilzin.com
                                                   MELISSA PALLETT-VASQUEZ, ESQ.
                                                   Florida Bar No.  715816
                                                   mpallett@bilzin.com

## CERTIFICATE OF SERVICE

         I hereby certify that the foregoing Memorandum of Law in Support of KHFH's Motion to
Dismiss For Lack of Personal Jurisdiction, has been served on Plaintiffs' Liaison Counsel, Russ
Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all
parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with
Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of
the United States District Court for the Eastern District of Louisiana by using the CM/ECF
System, which will send a notice of electronic filing in accordance with the procedures
established in MDL 2047, on this 6th day of July, 2010.

                                             By: /s/ *Melissa Pallett-Vasquez*
                                                     Melissa Pallett-Vasquez

MIAMI 2212223.1 7860333069