**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED | MDL NO.:  2047 |
| DRYWALL PRODUCTS LIABILITY LITIGATION | SECTION: L |
| | JUDGE FALLON |
| (This Document Relates to Gross, et al, v. Knauf Gips KG, et al; Case No.  2:09-CV-6690) | MAG. JUDGE WILKINSON |

**DEFENDANT K. HOVNANIAN FIRST HOMES, LLC'S**
**MEMORANDUM OF LAW IN SUPPORT OF**
**THE MOTION STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION TO**
**DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant K. Hovnanian First Homes, LLC ("KHFH") hereby files this Memorandum of Law in Support of its Motion to Stay Discovery Pending Resolution of its Motion to Dismiss for Lack of Personal Jurisdiction ("Motion to Stay"), filed contemporaneously herewith.

**INTRODUCTION**

As more fully set forth in KHFH's Motion to Dismiss for Lack of Personal Jurisdiction and supporting Memorandum of Law (together the "Motion to Dismiss") [DE 4312], which arguments are incorporated by reference herein, this Court lacks personal jurisdiction over KHFH.  Specifically, because KHFH does not have any connection with the State of Louisiana, Louisiana's long-arm statute does not reach KHFH, and any exercise of *in personam* jurisdiction over KHFH would violate the Constitutional Due Process requirements.  Given the Court's lack of personal jurisdiction with respect to KHFH, KHFH seeks to avoid the expense and burden of responding to any pending or future merit-based discovery, as well as the completion of the Builder Profile Form, during the pendency of its Motion to Dismiss for Lack of Personal Jurisdiction.

Although the Court has not yet addressed this issue in the above styled action, on June 2, 2010, the Court denied a similar motion to stay (the "Motion to Stay") [DE 2904], which KHFH filed in <u>Wiltz et al, v. Beijing Nee Building Materials, et al</u>., Case No. 2:10-CV-0361 (the "Order"). [DE 3445]. In the Order, the Court indicated that the profile forms "provide useful information to both the parties and the Court and [] allow for more streamlined discovery, and [] assist the Court in resolving pending motions." [DE 3445]. The Court also stated at the monthly status conference that the purpose of the profile forms "is not to burden the parties," and that "if the parties find submission of the profile forms to be burdensome [they should] contact the Court." (May 27, 2010 Minute Entry.)

As we discuss below, completion of the entirety of the Builder Profile Form would impose an undue burden on KHFH, which cannot be justified in light of this Court's lack of jurisdiction over KHFH. For this reason, KHFH respectfully requests that the Court reconsider the Order, and grant this Motion to Stay.

## ARGUMENT

**A.      Completion of the Builder Profile Forms Imposes an Undue Burden on KHFH**

The Builder Profile Form contains seven distinct categories. KHFH has submitted the requisite Builder Profile Forms to liaison counsel with complete information as to the first three sections. The remaining sections, however, require production of information that would impose a significant burden on KHFH. Specifically, completion of those sections would require KHFH to investigate each individual Plaintiff's claim, review voluminous internal documentation, review internal and external correspondence, provide what may amount to admissions of liability, and then provide extensive back-up documentation. This exercise would transcend the stated purpose of the profile forms, and amount to extensive, substantial discovery that should

2

not be required in light of the Court's lack of personal jurisdiction, and that should not be required prior to a determination of KHFH's Motion to Dismiss for Lack of Personal Jurisdiction.

KHFH's request is consistent with the holdings of courts within the Fifth Circuit, which have held that "it is appropriate to stay discovery until preliminary questions that may dispose of the case are determined." *Parish of Jefferson v. S. Recovery Management, Inc.*, 1996 WL 144400, *2 (E.D. La. 1996) (unpublished) (vacating the magistrate's order denying a motion to stay discovery and finding that although "the discovery sought would not be prohibitively costly, even minimal cost is unwarranted where imminent jurisdictional rulings may render such discovery altogether moot") *citing Petrus v. Bowen*, 833 F. 2d 581, 583 (5th Cir. 1987) (holding that nothing in discovery could have affected the resolution of the Rule 12(b)(6) motion and the district court properly deferred discovery while deciding whether the defendants were proper parties to the action).

Similarly, courts within the Fifth Circuit have routinely held when the lack of personal jurisdiction over a defendant is clear and the discovery would serve no purpose, it should not be permitted.  *See, e.g., Paolino v. Argyll Equities, LLC*, 401 F. Supp. 2d 712, 722 (W.D. Tex. 2005) (denying even jurisdictional discovery because the lack of personal jurisdiction was clear and therefore the discovery would serve no purpose); *Tschirn v. Kurzweg*, 2003 WL 21087741, *2 (E.D. La. 2003) (unpublished) (granting a motion for stay of all discovery pending a ruling on a motion to dismiss for lack of jurisdiction and recognizing that if plaintiff "is allowed to conduct discovery at this time, the parties will incur the expense of litigating over the scope of the discovery and conducting the discovery and this may be unnecessary"); *Dykes v. Maverick Motion Picture Grp.*, 2009 WL 3053738, *2 n.1 (M.D. La. 2009) (unpublished) (refusing to

3

permit merit discovery and recognizing that certain defendants "will be dismissed should they prevail on their jurisdictional arguments, so there is no need for merits discovery relating to them (or by them, about others) until and unless they actually lose their jurisdictional arguments").

The Plaintiffs' Steering Committee (the "PSC") recently argued that the profile forms are necessary to properly "align the parties with their insurers and their insurance policies." [DE 3681 at p. 4] The PSC also referenced Rule 26 initial disclosures to provide a basis for the information sought in the profile forms. *Id*. at p. 2.

The PSC's argument has no application to KHFH. Because KHFH never maintained a business office in Louisiana and never engaged in any business activity of any kind in Louisiana – let alone an activity that in any way involves a resident of Louisiana – the PSC cannot offer any argument to support this Court's exercise of personal jurisdiction over KHFH. KHFH, therefore, is <u>not a proper party</u> to this action.

Accordingly, KHFH respectfully requests that the Court reconsider its Order, and stay the heavy burden of completing Sections IV through VII of the Builder Profile Forms until such time as the Court has had the opportunity to rule on KHFH's Motion to Dismiss.

**B.**     **Separate and Apart from the Builder Profile Form, KHFH Should Not Be Obligated to Respond to Merits-Based Discovery Pending a Resolution of its Motion to Dismiss**

Additionally, notwithstanding the Court's lack of personal jurisdiction over KHFH, Plaintiffs and certain Defendants have begun to serve general discovery on all the parties, including KHFH, directed at obtaining merit-based discovery. Such discovery should not be permitted. There is simply no basis whatsoever upon which to assert personal jurisdiction over KHFH. In light of the clear lack of personal jurisdiction, all of this discovery would serve no purpose but to force KHFH to incur unnecessary expenses and waste judicial resources. As set forth more fully above, such circumstances warrant the requested stay. *See*, *Parish of Jefferson*,

4

1996 WL 144400 at *2; *Paolino*, 401 F. Supp. 2d at 722; *Tschirn*, 2003 WL 21087741 at *2; *Dykes*, 2009 WL 3053738 at *2 n.1.  Accordingly, KHFH would ask that the Court grant a stay of any discovery pending a determination of personal jurisdiction.[1]

## CONCLUSION

Based on the foregoing arguments and authorities, KHFH respectfully requests that the Court enter an Order staying discovery with respect to KHFH, including any requirement that KHFH complete the Builder Profile Form, and grant such other and further relief that this Court deems appropriate.

Dated: July 6, 2010

Respectfully submitted,

BILZIN SUMBERG BAENA PRICE
& AXELROD LLP
Attorneys for Defendant KHFH
2500 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Tel.: (305)374-7580   Fax: (305)374-7593

BY:   /s/ *Melissa Pallett-Vasquez*
ROBERT W. TURKEN, ESQ.
Florida Bar No. 306355
rturken@bilzin.com
ADAM F. HAIMO, ESQ.
Florida Bar No. 502731
ahaimo@bilzin.com
MELISSA PALLETT-VASQUEZ, ESQ.
Florida Bar No.  715816
mpallett@bilzin.com

---

[1] The Court's June 2, 1010 Order did not specifically address this additional relief.

5

MDL NO.: 2047 (Section: L) Fallon/ Wilkinson
(This Document Relates to Case No.  2:09-CV-6692)

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing Memorandum of Law in Support of KHFH's Motion to Stay, has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 6th day of July, 2010.

By: /s/ *Melissa Pallett-Vasquez*
Melissa Pallett-Vasquez

MIAMI 2221633.1 7860333069