UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>**Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al., Case No. 2:09-cv-6687 (E.D.La.)** | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO IMPOSE BOND REQUIREMENT ON APPELLANT TAISHAN
GYPSUM CO., LTD., F/K/A SHANDONG TAIHE DONGXIN CO., LTD.**

**I.      INTRODUCTION**

Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd. ("Taishan") is appealing the Court's May 11, 2010 Order entering default judgment against Taishan. The Order entering default judgment against Taishan is the result of Taishan's deliberate disregard for this Court's jurisdiction, due process and orders. After the entry of preliminary default against Taishan the Court conducted a evidentiary hearing addressing the issues of remediation. The remediation hearing consumed considerable resources of the parties as well as the Court. Rather than participating in this hearing and/or appearing and defending itself in this litigation, Taishan instead monitored the process from afar. By refusing to participate in this litigation until after the default proceedings were concluded, Taishan allowed its products to reach America long before its long overdue submission to this Court's jurisdiction. It has wasted the time and resources of both the parties and the Court. Fearing that Taishan will continue its pattern and practice of neglect and disdain for this Court's authority, the intervening plaintiffs in these proceedings,

1

Jerry and Inez Baldwin, Steven and Elizabeth Heischober, Joseph and Kathy Leach, Preston and Rachael McKellar, J. Frederick and Vannessa Michaux, William and Deborah Morgan, and Robert and Lea Orlando, submit that the only means of protecting their appellate rights is to require the imposition of an appropriate bond upon the appellee, the defaulting Taishan.

For the reasons set forth in further detail below, Taishan should be required to post a cost bond pursuant to Fed.R.App. P. 7.

## II.   FACTS

Representative plaintiffs, Michelle Germano, Dennis and Sharon Jackson, Jason and Lisa Dunaway, collectively brought a class action on behalf of themselves and all other similarly situated owners and landlords against Taishan; Tobin Trading Inc. ("Tobin"); Venture Supply Inc. ("Venture"), Harbor Walk Development, LLC ("Harbor Walk"), and The Porter-Blaine Corp. ("Porter-Blaine"). Plaintiffs filed their initial complaint in the Eastern District of Virginia on May 1, 2009. Shortly, thereafter, on May 26, 2009, Plaintiffs filed their First Amended Complaint ("FAC"). After proper service consistent with Fed.R.Civ.Pa. 4 and the Hague Convention, Plaintiffs received notice that service of process of the FAC was perfected on Defendant Taishan on August 3, 2009. On October 13, 2009, the action was transferred to this transferee Court. Subsequent to the transfer, on October 30, 2009, plaintiffs moved to amend the FAC to assert a national class against Taishan. Plaintiffs' motion to amend was granted by this Court by order dated November 18, 2009.

The Second Amended Class Action Complaint (the "SAC") asserts the same claims against Taishan as the FAC, *i.e.*, negligence, negligence per se, breach of express and/or implied warranties, private nuisance, unjust enrichment, violation of the Consumer Protection Acts and

2

for equitable injunctive and medical monitoring. Service of the SAC upon Taishan was accomplished on October 30, 2009 by Federal Express (Tracking No. 97068474674).

Since Taishan failed to respond to the FAC Complaint in a timely manner or enter its appearance in the litigation, Plaintiffs moved for a preliminary default judgment against Taishan on November 18, 2009. The Court granted Plaintiffs' motion for default judgment on November 20, 2009, and left open the opportunity to conduct an assessment of damages hearing. Shortly thereafter, on November 25, 2009, this Court issued a scheduling order that set an evidentiary hearing to address the scope and extent of appropriate remediation in anticipation of further default proceedings.

Although it had been determined that the remediation hearing would have no binding affect on non-parties to the action, the Court's scheduling order allowed interested parties to intervene in the remediation hearing by filing a motion to intervene on or before December 4, 2009. In accordance with the Court's scheduling order, the Court granted motions to intervene in the remediation hearing filed by Knauf Plasterboard Tianjin Co. Ltd.; The Mitchell Company, Inc.; Jerry and Inez Baldwin; Steven and Elizabeth Heischober; Joseph and Kathy Leach; Preston and Rachael McKellar; J. Frederick and Vannessa Michaux; William and Deborah Morgan; and Robert and Lea Orlando.

The evidentiary hearing for the assessment of damages was held on February 19 and 22, 2010. The Court issued Finding of Facts and Conclusions of Law on April 8, 2010. Thereafter the Court entered its default judgment against Taishan and in favor of the intervening plaintiffs on May 11, 2010. Intervening plaintiffs William and Deborah Morgan were awarded $481,613.29 as damages, pre-judgment interest of $27,550.92, and post-judgment interest at the

legal rate until paid and costs; intervening plaintiffs Jerry and Inez Baldwin were awarded $441,669.11 as damages, pre-judgment interest of $25,267.61, and post-judgment interest at the legal rate until paid and costs; intervening plaintiffs Joseph and Cathy Leach were awarded $89,676.86 as damages, pre-judgment interest of $5,130.01, and post-judgment interest at the legal rate until paid and costs; intervening plaintiffs Bob and Lisa Orlando were awarded $407,905.44 as damages, pre-judgment interest of $23,334.43, and post-judgment interest at the legal rate until paid and costs; intervening J. Frederick and Vanessa Michaux were awarded $355,607.80 as damages, pre-judgment interest of $20,342.71, and post-judgment interest at the legal rate until paid and costs; intervening plaintiffs Preston and Rachel McKeller were awarded $351,741.22 as damages, pre-judgment interest of $20,121.52, and post-judgment interest at the legal rate until paid and costs and; intervening plaintiffs Steven and Elizabeth Heischober were awarded $480,886.27 as damages, pre-judgment interest of $27,509.33, and post-judgment interest at the legal rate until paid and costs. Intervening plaintiffs were also awarded attorney's fees in an amount to be determined at a subsequent hearing.

After approximately one year of complete neglect, Taishan specially appeared in this action and filed its notice of appeal on June 10, 2010. Taishan's notice of appeal is from "the Default Judgment against Taishan Gypsum entered on May 11, 2010, and from any and all prior orders and opinions embodied therein or upon which Default Judgment was based, including but not limited to: (1) the Order entered on November 20, 2009 granting a preliminary default against Taishan Gypsum; and (2) the Order entered on December 21, 2009 granting the motion to intervene by William and Deborah Morgan, Preston and Rachael McKeller, Frederick and Vanessa Michaux, J. Jerry and Inez Baldwin, Joseph and Kathy Leach, Robert and Lea Orlando,

4

and Steven and Elizabeth Heischober." *See* Notice of Appeal dated June 10, 2010 [document # 3670]. On appeal, Taishan intends to argue *inter alia* that the Court lacked jurisdiction over it due to improper service of process of the SAC. Because this argument does not and cannot contend that service of the FAC was imperfect, Taishan's principal argument on appeal falters. *See Anunciation v. West Capital Financial Services Corp.*, 1996 WL 534049, * 2 (9th Cir. 1996). Thus, the need for some minimal assurance for plaintiffs of a cost bond on appeal is patent.

## II.   ARGUMENT

Rule 7 of the Federal Rules of Appellate Procedure provides that a district court "may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." The determination of whether or not to impose an appeal bond is within the discretion of the district court. *See Federal Prescription Service, Inc. v. American Pharmaceutical Ass'n*, 636 F.2d 755, 757 n. 2 (D.C.Cir.1980) (Rule 7 "leaves the requirement of an appeal bond to the district court's discretion ...."). An appellant may be required to post a bond to cover all costs of appeal as defined in FRAP 39 and 28 U.S.C. § 1920, including clerk and court fees, photocopy charges and other costs for briefs and a joint appendix, and court reporter transcription fees. *See In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Products Liability Litigation*, 2000 WL 1665134 at *3 (E.D.Pa. 2000), *citing Hirschensohn v. Lawyers Title Ins. Corp.*, 1997 WL 307777, *2-*3 (3rd Cir. Jun. 10, 1997).[1]

Since the imposition of a cost bond on appeal is within the discretion of the Court, the Court should consider that Taishan poses a considerable risk of non-payment of Plaintiffs' costs

---

[1] "Cost on appeal for which a Rule 7 bond can be required include the costs authorized in 28 U.S.C. § 1920 to the extent those costs relate to the appeal." 16A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3953 (4th ed. 2010).

5

on appeal. More specifically, Taishan does not have any assets that are subject to the jurisdiction of the Court. Nor do the Court's contempt powers serve as a basis of guaranteeing payment of Plaintiffs' costs on appeal since Taishan does not maintain a presence in the United States and has until very recently demonstrated an abject disdain for this Court's authority. As with other Chinese defendants in this litigation who have publically stated that Plaintiffs will never be capable of executing on a judgment in China, Taishan is likely to take the same position when it comes time to compensate Plaintiffs. Accordingly, the imposition of a cost bond on Taishan is necessary to ensure payment of Plaintiffs' costs on appeal. *See Adsani v. Miller*, 139 F.3d 67, 75 (2nd Cir. 1998) ("The court has made a determination that this particular appellant poses a payment risk because she has no assets in the United States and has failed to post a supersedeas bond. The purpose of Rule 7 appears to be to protect the rights of appellees brought into appeals courts by such appellants ...").

Here, Plaintiffs anticipate that their costs in defending the appeal of the Court May 11, 2010 Order will meet or exceed $25,000.00. Since the imposition of an appeal bond requirement is necessary to guarantee Plaintiffs' costs on appeal, Taishan should be required to post a bond for $25,000.00. *See In re Wal-Mart Wage and Hour Employment Practices Litigation*, 2010 WL 786513 (D.Nev. March 8, 2010) (requiring appeal bond of $500,000.00 from each appellant); *In re Compact Disc Minimum Advertised Price Antitrust Litigation*, 2003 WL 22417252 (D.Me. Oct. 7, 2003) (requiring appeal bond of $35,000.00); *In re American Investors Life Ins. Co. Annuity Marketing and Sales Practices Litigation*, 2010 WL 653543 (E.D.Pa. Feb. 22, 2010) (requiring appeal bond of $25,000.00 was appropriate); *In re Ins. Brokerage Antitrust Litigation*, 2007 WL 1963063 (D.N.J. July 2, 2007) (same).

6

## III. CONCLUSION

For the reasons stated above, Plaintiffs respectfully requests that this Court impose a bond requirement on Appellant Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd. In the amount of $25,000.00.

                            Respectfully submitted,

Dated: July 8, 2010

/s/ Russ M. Herman
Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Matthew C. Gaughan (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Victor Manuel Diaz
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Aragon Avenue, 2nd Floor
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
  Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
  & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

| | |
|---|---|
| James Robert Reeves<br>Lumpkin & Reeves<br>160 Main Street<br>Biloxi, MS 39530<br>Phone: (228) 374-5151<br>Fax: (228) 374-6630<br>jrr@lumpkinreeves.com | Christopher Seeger<br>Seeger Weiss, LLP<br>One William Street<br>New York, NY 10004<br>Phone: (212) 584-0700<br>Fax: (212) 584-0799<br>cseeger@seegerweiss.com |

### OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

| | |
|---|---|
| Richard S. Lewis<br>HAUSFELD LLP<br>1700 K Street, N.W<br>Suite 650<br>Washington, DC 20006<br>Phone: (202) 540-7200<br>Fax: (202) 540-7201<br>rlewis@hausfeldllp.com | Jeremy W. Alters<br>Alters, Boldt, Brown, Rash & Culmo, P.A.<br>4141 N.E. 2nd Avenue<br>Suite 201<br>Miami, FL 33137<br>Phone: (305) 571-8550<br>Fax: (305) 571-8559<br>jeremy@abbrclaw.com |
| Daniel K. Bryson<br>Lewis & Roberts<br>3700 Glenwood Avenue, Suite 410<br>Raleigh, NC 27612<br>Phone: (919) 981-0191<br>Fax: (919) 981-0431<br>dkb@lewis-roberts.com | Richard J. Serpe, Esquire<br>Law Offices of Richard J. Serpe<br>Crown Center, Ste. 310<br>580 East Main Street<br>Norfolk, VA 23510-2322<br>rserpe@serpefirm.com |

## CERTIFICATE OF SERVICE

       I hereby certify that the above and foregoing Plaintiffs' Memorandum of Law in Support of Motion to Impose Bond Requirement on Appellant Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd. has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 8th day of July, 2010.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
Plaintiffs' Liaison Counsel
MDL 2047