UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| | SECTION: L |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| *Hernandez v. Knauf*, Case No. 2:09-cv-06050 (E.D.La.) | MAG. JUDGE WILKINSON |

## PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR PETITION FOR FEES AND COSTS

## I.      INTRODUCTION

On July 2, 2010, Knauf Plasterboard Tianjin Co., Ltd. ("Knauf") filed its opposition to

Plaintiffs' Petition for Fees and Costs.  Rec. Doc. No. 4304.  In accordance with the Court's

scheduling order (MDL Rec. Doc. No. 3821), Plaintiffs hereby submit their reply memorandum

in support of their petition for attorneys' fees in the amount of $65,619.86, plus legal interest,

and recoverable costs in the amount of $70,976.14.  MDL Rec. Doc. No. 3822.

## II.     ARGUMENT

### A.      Adjudication of the Petition for Fees and Costs Should Not Be Delayed

Plaintiffs oppose Knauf's suggestion that the Court defer a ruling on fees and costs

pending the outcome of Knauf's appeal of the Court's judgment.  A hearing on this matter has

already been scheduled to take place on July 28, 2010, and the issues have been fully briefed by

the parties.  MDL Rec. Doc. No. 3821 at 2.  Moreover, because the Court awarded "reasonable

attorneys' fees" as part of its judgment but has not yet determined an appropriate amount of fees,

it is arguable that the Court's judgment is interlocutory and not yet ripe for appeal.  *Echols v.

Parker*, 909 F.2d 795, 798 (5th Cir. 1990) ("Because a judgment is not final until both liability

and damages are determined, a judgment awarding an unspecified amount of attorney's fees is

interlocutory in nature.").  Even if liability for attorneys' fees were not included in the judgment,

it is undisputed that the question of a reasonable award of attorneys' fees and costs may be adjudicated by the Court irrespective of Knauf's appeal given that "attorney's fees are considered collateral to the merits." *Deloach v. Delchamps, Inc.*, 897 F.2d 815, 826 (5th Cir. 1990) ("It is clear that a judgment on the merits determining both liability and damages is final even though the attorney's fee issue has been left open."). The Supreme Court articulated "a uniform rule that an unresolved issue of attorney's fees for the litigation in question does not prevent judgment on the merits from being final." *Budinich v. Becton Dickinson and Co.*, 486 U.S. 196, 202 (1988); *see also Deus v. Allstate Ins. Co.*, 15 F.3d 506, 521 (5th Cir.), *cert. denied*, 513 U.S. 1014 (1994) ("Attorneys' fees traditionally have been considered to be an element of 'costs' awarded to the prevailing party, which are not generally treated as part of the merits judgment."). Therefore, the issue of a reasonable fee should not be deferred in any event.

## B.    The Fee Requested is Reasonable

With regard to the substance of Plaintiffs' petition, Knauf opposes the fee request not because the amount of the fee is unreasonable, but, rather, because Plaintiffs allegedly were not "entirely" successful and because the "nature" of their suit arbitrarily requires a reduction in the fee award. *See* Knauf Opp. at 3. Neither position has any merit. Knauf readily concedes that a "customary contingent fee in personal injury suits in this jurisdiction is between 33% and 40%." *Id*. The percentage sought by the Plaintiffs, *i.e.*, 40%, was agreed-to by the parties and is considered reasonable under Louisiana law. *See* Exhibit "1" to Plaintiffs' Fee Petition; *Norfleet v. Lifeguard Transp. Serv.*, 934 So. 2d 846, 860 (La. Ct. App. 4th Cir. 2006); *Brumfield v. Coastal Cargo Co., Inc.*, 768 So. 2d 634, 642 (La. Ct. App. 4th Cir.), *writ denied*, 772 So. 2d 658 (La. 2000); *Wood v. State Farm Mut. Auto Ins. Co.*, 591 So. 2d 1266, 1271 (La. Ct. App. 3rd Cir. 1991).

Knauf cannot reasonably dispute that Plaintiffs were successful in obtaining a monetary

judgment in their favor and against Knauf.  The Court has awarded Plaintiffs $164,049.94, plus

reasonable attorneys' fees, costs of proceedings, and legal interest from the date of judicial

demand until paid."  *See* Hernandez Rec. Doc. No. 3.  As specified in Plaintiffs' Fee Petition,

counsel are seeking an award of attorneys' fees that constitutes 40% of that actual judgment, not

some hypothetical amount as Knauf suggests.  Knauf Opp. at 4.  Knauf's contention that

Plaintiffs were not "entirely" successful has no legal basis and is a red herring.  The fact that

Plaintiffs did not recover every item of damage originally sought does not require or even

warrant a reduction in the *percentage* of the fee award, especially when Plaintiffs are seeking an

amount of fees that is based on a reasonable percentage of the actual amount of the judgment

ordered by the Court.  Knauf's argument on this point simply is not logical.

Knauf further attempts to cloud matters by suggesting that the "nature" of Plaintiffs' suit

arbitrarily and automatically requires a reduction in the fee percentage to 15%, regardless of the

results achieved and the efforts put forth by counsel.  Knauf Opp. at 3-4.  Knauf cites and relies

on the 17% common benefit fee awarded in connection with the class action settlement in *Turner*

*v. Murphy Oil USA, Inc.*, 472 F. Supp. 2d 830, 866 (E.D. La. 2007), as support for its argument

that 15% is appropriate here because this matter is allegedly nothing more than a basic property

damage action.  Knauf's citation to *Murphy Oil* is misplaced, inaccurate and misleading.  In

*Murphy Oil*, the court analyzed each of the twelve factors set forth in *Johnson v. Georgia*

*Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), in order to make a determination as

to a fair, adequate and reasonable common benefit fee award for class counsel.  These factors

included: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the

skill requisite to perform the legal service properly; (4) the preclusion of other employment by

the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or

contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount

3

involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Murphy Oil*, 472 F.2d at 859.  In analyzing the "customary fee," "awards in similar cases," and "whether the fee is fixed or contingent" factors, the court noted that "[t]hese factors primarily deal with the expectation of plaintiffs' attorneys at the outset of the case when measuring the risks involved and deciding whether to accept the case." *Id.* at 866.  Class counsel in *Murphy Oil* offered examples demonstrating customary awards of 33%-40% in personal injury actions, but the court stated that those cases "'do not accurately reflect the actual experience (or the marketplace) in any statistically significant way; rather, they are merely anecdotal examples of cases in which courts have awarded a fee of [33% to 40%] percent,' and the Court has already stated its disapproval in employing a method that involves 'reflexively awarding' a specified percent." *Id*.  The court also distinguished class counsel's cases noting that the settlement compensated class members for property damage and not personal injury.  *Id*.  Significantly, however, the court in *Murphy Oil* never held that 15% must be awarded as an attorney's fee in an individual action that resolves property damage claims as opposed to personal injury claims.  Any suggestion to that effect is a misleading characterization of the *Murphy Oil* ruling on common benefit fees.

By implication, Knauf asserts that the case is simple and straight-forward, and, therefore, counsel are not entitled to attorneys' fees of more than 15%.  Knauf's argument has so many holes in it that it could not possibly hold water.  First, Knauf ignores the Court's 47 pages of Findings of Fact in this case (MDL Rec. Doc. No. 2713) and the 108 pages of Findings of Fact in *Germano v. Taishan Gypsum Co. Ltd.*, No. 09-6687, *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 09-md-2047 (June 6, 2009) (MDL Rec. Doc. No. 2380), which are incorporated therein.  While the judgments in both of these actions were for property damage, the

4

issues surrounding the defective nature of Chinese-manufactured drywall entail detailed scientific analyses and/or testing of released sulfer gases, including hydrogen sulfide (HS), carbonyl sulfide (COS), and carbon disulfide (CS ), corrosion, metallurgy, electrical and mechanical devices and other building materials. Germano Findings of Fact at 12-13. This case also involves ongoing scientific research and an assessment and understanding of complex federal, state and local governmental rules and regulations. *Id.* Further, the evidence at trial showed that:

- Chinese-manufactured drywall "releases odious sulfur gases which are corrosive to metals, particularly copper and silver." Hernandez Findings of Fact at 16.

- The Hernandez Plaintiffs "wanted to move out of their home fearing the safety and health of their family." *Id.* at 12.

- Plaintiffs have experienced "significant emotional distress and mental anguish." *Id.* at 13.

- "The sulfur gases released by Chinese drywall are irritating to the human body." Germano Findings of Fact at 13.

- "Exposed individuals reported irritation of the eyes, respiratory system, and skin, among other things. *Id*

This action is as complex in nature and involves as many if not more scientific and engineering experts as any personal injury action that resulted in a 40% attorney fee award. Knauf's claims to the contrary have no merit.

Finally, and most significantly, Knauf does not seriously contest that $65,619.86 is a reasonable fee award for the more than 8,300 hours of attorney time (not including other professional time such as non-core trial counsel, paralegal and law clerk time) spent litigating plaintiffs' claims against Knauf and obtaining a favorable judgment for the Hernandez Plaintiffs. This sum represents no more than approximately $8 per core trial counsel attorney hour, which is

5

low by any standard, and certainly "reasonable" under the circumstances. Plaintiffs challenge Knauf to demonstrate that its attorneys' fees and costs for defending this action do not exceed that amount. Plaintiffs are herewith serving Knauf with interrogatories seeking the amount of fees and costs Knauf has incurred in defending the Hernandez trial and the Germano trial. Plaintiffs are not interested in invading the attorney-client or work product privileges; they simply are seeking the dollar amounts spent by Knauf to defend the Hernandez and Germano matters. *See* Interrogatories, attached hereto as Exhibit "A."

### C.   **Plaintiffs' Bill of Costs is Proper**

Knauf's only argument against Plaintiffs' request for costs is that the costs were not necessary to the prosecution of Plaintiffs' claims. Knauf specifically contests daily trial transcripts (Knauf Opp. at 6), videotaped depositions (*id.* at 6-7), expedited transcripts and rough drafts (*id.* at 7), and copying charges (*id.* at 7-8). Knauf does not dispute that the costs for depositions, transcripts and copying may be taxed under the law, provided they were "necessary." The Court has "great latitude in this determination." *Fogleman v. ARAMCO*, 920 F.2d 278, 285-86 (5th Cir. 1991).

As attested to by Plaintiffs' Liaison Counsel Russ Herman and as set forth in Plaintiffs' Petition for Fees and Costs, all of the costs set forth on Exhibit A to Russ Herman's Affidavit (which do not include all of the costs incurred by the Plaintiffs) were necessary to the prosecution of Plaintiffs' action, reasonable and recoverable under the law.

### III.   **CONCLUSION**

For the reasons outlined above and included in the Plaintiffs' Petition for Fees and Costs, Plaintiffs' Counsel respectfully requests that their Petition for Fees and Costs be granted and that

the Court award Plaintiffs' Counsel the requested sum of $65,619.86, plus legal interest, representing attorneys' fees equal to 40% of the Hernandez Plaintiffs' recovery, and recoverable costs of $70,976.14.

Dated: July 9, 2010                          Respectfully submitted,


                                             /s/ Russ M. Herman
                                             Russ M. Herman, Esquire (Bar No. 6819)
                                             Leonard A. Davis, Esquire (Bar No. 14190)
                                             Stephen J. Herman, Esquire (Bar No. 23129)
                                             HERMAN, HERMAN, KATZ & COTLAR, LLP
                                             820 O'Keefe Avenue
                                             New Orleans, Louisiana 70113
                                             Phone: (504) 581-4892
                                             Fax: (504) 561-6024
                                             Ldavis@hhkc.com
                                             *Plaintiffs' Liaison Counsel*
                                             *MDL 2047*

                                             Arnold Levin (On the Brief)
                                             Fred S. Longer (On the Brief)
                                             Levin, Fishbein, Sedran & Berman
                                             510 Walnut Street, Suite 500
                                             Philadelphia, PA 19106
                                             215-592-1500 (phone)
                                             215-592-4663 (fax)
                                             Alevin@lfsblaw.com
                                             *Plaintiffs' Lead Counsel*
                                             *MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios                              Daniel E. Becnel, Jr.
Barrios, Kingsdorf & Casteix, LLP            Becnel Law Firm. LLC
701 Poydras Street, Suite 3650               P.O. Drawer H
New Orleans, LA 70139                        106 W. Seventh Street
Phone: (504) 524-3300                        Reserve, LA 70084
Fax: (504) 524-3313                          Phone: (985) 536-1186
Barrios@bkc-law.com                          Fax: (985) 536-6445
                                             dbecnel@becnellaw.com

7

Victor Manuel Diaz
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Aragon Avenue, 2nd Floor
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
  Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
  & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Jeremy W. Alters
Alters, Boldt, Brown, Rash & Culmo, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@abbrclaw.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Reply Memorandum in Support of Petition for Fees and Costs has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 9th day of July 2010.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhkc.com
Plaintiffs' Liaison Counsel
MDL 2047

*Co-counsel for Plaintiffs*