UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE:  CHINESE-MANUFACTURED DRYWALL      MDL No. 02047
        PRODUCTS LIABILITY LITIGATION      SECTION L

                                                            JUDGE FALLON
                                                            MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:

SEAN and BETH PAYTON, *et al*. v.
KNAUPF GIP KG, *et al*.,
Case No. 2:09-cv-07628-EEF-JCW

_____/

### ARANDA HOMES, INC.'S MOTION TO DISMISS WITH PREJUDICE THE CLAIMS BROUGHT AGAINST IT IN THE AMENDED PAYTON OMNIBUS CLASS ACTION COMPLAINT

Defendant Aranda Homes, Inc. ("Aranda"), pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves to dismiss with prejudice all claims against Aranda in the Amended Omnibus Class Action Complaint[1] brought by plaintiffs Steven and Unruean Aboulafia, Frank and Deborah DeBenedictis, Elena Holmes, Thomas Linder, Joseph Macri, Jack and Louise Maloy, Daniel Miller and Jacqueline Perry, Jeffrey and Leigh Morrison, Agnes Mozdzonek, Tyrone Perez, Rolland Pierre, Clayton and Cheryl Quimby, Ross and Mary Roche, Ralph and Judith Schatzle, Edward and Madeline Schwall, Andy Tran, and Maria Venturoso (collectively, the "Plaintiffs") for failure to state a claim upon which relief can be granted.

---

[1] On May 18, 2010, the Court entered an Order granting "Plaintiffs' Joint Motion to Dismiss Certain Defendants, With Prejudice, Under Fed.R.Civ.P. 41(a) and to Amend the Plaintiffs' Omnibus Class Action Complaint (I)" [DE 3160].  The amendments to the Payton Omnibus Class Action Complaint do not alter the legal claims against Aranda. Instead, the amendments dismiss several plaintiffs who previously had claims against Aranda: Sandy and John Conroy, Prabhakara Cuddapha, Dirk and Svetlana Fischer, Vincent and Joan Geraci, Erwin Rottau and Mary Jane Cloeren, Sieglinde Saeks, and John and Barbara Shaw.

{M2916466;3}

**INTRODUCTION AND BACKGROUND**

In their rush to appoint blame for the allegedly defective drywall in their homes, Plaintiffs have added Aranda – the Florida builder that constructed the Plaintiffs' homes – to the hundreds of defendants named in the Amended Payton Omnibus Class Action Complaint (the "Omnibus Complaint").[2] Plaintiffs have added Aranda to this lawsuit even though there is no evidence, and indeed no allegation, that their home construction was in any way deficient. Plaintiffs want compensation for their drywall, yet it is beyond dispute that Aranda had <u>nothing</u> to do with the manufacture, marketing or distribution of that drywall. Aranda, in other words, does not belong in this lawsuit.

In a shotgun pleading that makes no effort to distinguish between Aranda and the entities actually responsible for the drywall, Plaintiffs have offered a laundry list of generic common law and statutory theories—i.e., Negligence, Negligence Per Se, Strict Liability, Breach of Express and/or Implied Warranties, Breach of Implied Warranty of Habitability, Breach of Contract, Private Nuisance, Negligent Discharge of Corrosive Substance, Unjust Enrichment, Violation of Florida's Deceptive and Unfair Trade Practices Act, and Equitable and Injunctive Relief and Medical Monitoring. These claims fail as a matter of law.

In addition, Plaintiffs Daniel Miller and Jacqueline Perry, and Edward and Madeline Schwall (the "Second Owners") stand in a very different position in relation to Aranda compared to the other Plaintiffs, who are all the first owners of their respective houses (the "First Owners"). Though Aranda built their houses, the Second Owners did not contract with Aranda. Copies of the Building Agreements between Aranda and the First Owners are attached to this

---

[2]   This Motion and attached Memorandum of Law cite to the Omnibus Complaint, as amended on May 18, 2010, as "Cmplt. ¶ __."

{M2916466;3}

Memorandum as "**Composite Exhibit A-1 and A-2**."[3] A copy of the Building Agreements for the Second Owners' houses (which are between Aranda and non-parties to this lawsuit), along with the deeds to the Second Owners are attached as "**Composite Exhibit B**."[4]

Although the Second Owners lack standing to bring several of the claims in this lawsuit, the Omnibus Complaint does not make this basic distinction between the First Owners and the Second Owners. Instead, it heedlessly lumps together thousands of parties over more than 500 pages of truly boilerplate allegations. Specifically, Plaintiffs allege the following eleven claims[5] against Aranda:  Negligence (Count I, ¶¶ 2640-47); Negligence Per Se (Count II, ¶¶ 2648-54); Strict Liability (Count III, ¶¶ 2655-72); Breach of Express and/or Implied Warranties (Count IV, ¶¶ 2673-80); Breach of Implied Warranty of Habitability (Count VI, ¶¶ 2693-99); Breach of Contract (Count VII, ¶¶ 2700-03); Private Nuisance (Count XI, ¶¶ 2735-41); Negligent

---

[3] Composite Exhibit A has been split into A-1 and A-2 due to the large size of the exhibit.

[4] The fact that Plaintiffs chose not to attach these documents to the Omnibus Complaint does not prevent the Court from considering them now.  The Court can and should consider these instruments because they are undeniably central to Plaintiffs' claims against Aranda.  *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (holding that contract could be considered on motion to dismiss where it was attached to motion, referred to in the complaint, and central to the plaintiff's claims); *Aucoin v. Regions Fin. Corp.*, No. 09-3835, 2010 WL 334533 *2 (E.D. La. Jan. 21, 2010) (incorporating Retirement Plan mentioned in complaint and central to one or more of plaintiff's claims); *Federal Ins. Co. v. New Hampshire Ins. Co.*, No. 03-385-CM, 2010 WL 28568, *4 (M.D. La. Jan. 4, 2010) ("Since the insurance policy issued by New Hampshire is central to [plaintiff's] claims, the Court may consider it as evidence even though it was not attached to [plaintiff's] original petition or amended complaint.").

[5] There are fifteen Counts in the Omnibus Complaint, but only eleven of them arguably apply to Aranda.  The four remaining Counts do not.  Specifically, Count V (for breach of warranty under Florida's condominium code) does not apply to Aranda because Plaintiffs allegedly purchased residential homes, not condominiums. Cmplt. ¶¶ 2681-92. Count VIII applies to "Louisiana Home Builders Only," and no one disputes that Aranda resides in Florida. *Id*. ¶¶ 2147 & 2704-10.  Count IX ("Redhibition – by Louisiana Plaintiffs") does not apply because Plaintiffs are allegedly residents of Florida and Maine, not Louisiana. *Id*. ¶¶ 145, 200, 280, 301, 380, 384, 397, 400, 404, 465, 472, 479, 489, 499, 840, 842, 989 & 2711-20.  Finally, Count X (Louisiana Products Liability Act) applies solely to "Manufacturing" or "Distributor" Defendants, whereas the Omnibus Complaint identifies Aranda as a "Developer/Builder" Defendant. *Id*. ¶¶ 2147 & 2721-34.

Discharge of Corrosive Substance (Count XII, ¶¶ 2742-48); Unjust Enrichment (Count XIII, ¶¶ 2749-52); Violation of Florida's Deceptive and Unfair Trade Practices Act (Count XIV, ¶¶ 2753-57); and Equitable and Injunctive Relief and Medical Monitoring (Count XV, ¶¶ 2758-70). Each of these claims is governed by and arises under the laws of Florida.[6] As detailed in the accompanying Memorandum of Law in support of this Motion, attached hereto as **Exhibit C,** every one of these claims should be dismissed as fatally defective pursuant to Rule 12(b)(6) and Florida law.[7]

WHEREFORE, for the reasons set forth above and in the accompanying Memorandum of Law in support, Defendant Aranda Homes, Inc. respectfully requests that the Court enter an order dismissing the claims against it pursuant to Fed. R. Civ. Pro. 12(b)(6), and awarding Aranda its fees in defending this action against certain of the Plaintiffs pursuant to the Building Agreements where applicable and against all Plaintiffs pursuant to Florida's Deceptive and Unfair Trade Practices Act.

---

[6] For those Plaintiffs that filed their claims against Aranda directly in the Eastern District of Louisiana, this Court should apply the choice-of-law rules of Louisiana. *See Long Island Trust Co. v. Dicker*, 659 F.2d 641, 645 n.6 (5th Cir. 1981). For those Plaintiffs that filed in a Florida court and then transferred the matter to this forum, Florida's choice-of-law rules apply. Under either analysis, Florida has, by far, the most significant relationship with the dispute. Plaintiffs' alleged drywall injuries occurred in Florida, the subject properties are located in Florida, and both Aranda and the Plaintiffs reside in Florida. *See* Cmplt. ¶¶ 2147, 145, 200, 280, 301, 380, 384, 397, 400, 404, 465, 472, 479, 489, 499, 840, 842, 989; *Gulf States Utilities Co. v. NEI Peebles Elec. Prods., Inc*., 819 F. Supp. 538, 552-53 (M.D. La. 1993) (discussing Louisiana choice of law factors and statutes). Florida substantive law therefore governs each of Plaintiffs' claims against Aranda.

[7] Per the Local Rules, a Notice of Hearing is attached hereto as **Exhibit D**.

{M2916466;3}

Dated:  July 9, 2010

**AKERMAN SENTERFITT**

BY: /s/   Valerie Greenberg
Valerie Greenberg, Esq.
Fla. Bar No. 026514
Stacy Harrison, Esq.
Fla. Bar No. 44109
One Southeast Third Avenue, 25th Floor
Miami, FL  33131-1714
Phone:  (305) 374-5600
Fax:  (305) 374-5095
Email:  valerie.greenberg@akerman.com
Email:  stacy.harrison@akerman.com

*Attorneys for Aranda Homes, Inc.*

*Co-Counsel for Aranda Homes, Inc.*

Brent B. Barriere (La. Bar No. 2818)
Susie Morgan (La. Bar No. 9715)
D. Skylar Rosenbloom (La. Bar No. 31309)
**Phelps Dunbar LLP**
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone:  (504) 566-1311
Telecopier:  (504) 568-9130
Email:  Brent.barriere@phelps.com
Susie.morgan@phelps.com
Skylar.rosenbloom@phelps.com

{M2916466;3}

5

**CERTIFICATE OF SERVICE**

  I hereby certify that *Aranda Homes, Inc.'s Motion to Dismiss With Prejudice the Claims Brought Against it in the Amended Payton Omnibus Class Action Complaint* has been served on Plaintiffs' Liaison Counsel, Russ Herman, Herman, Herman, Katz & Cotlar, LLP, 820 O'Keefe Ave., Suite 100, New Orleans, LA  70113 (rherman@hhkc.com), and Defendants' Liaison Counsel, Kerry Miller, Frilot, L.L.C., Suite 3700, 1100 Poydras St., New Orleans, LA  70163 (kmiller@frilot.com), by U.S. Mail and e-mail <u>or</u> by hand delivery and email <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 9th day of July, 2010.

                /s/   Valerie Greenberg