UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL <br> PRODUCTS LIABILITY LITIGATION | * <br> * <br> * <br> * <br> * <br> * | MDL NO. 2047 <br><br> SECTION: "L" <br><br> JUDGE FALLON |
| THIS DOCUMENT RELATES TO: <br> *Catalanotto*, No. 10-CV-01828 | * <br> * | MAG. WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**DEFENDANT THE STANDARD FIRE INSURANCE COMPANY'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO SEVER**

**INTRODUCTION**

This is an action brought by Plaintiff Mary Ann Catalanotto against the contractors that supplied and installed what she claims was defective Chinese-made drywall during the renovation of Plaintiff's home (collectively, "Construction Defendants"), and also against her homeowner's insurance company, The Standard Fire Insurance Company ("Standard Fire").

Plaintiff's claims against the Construction Defendants are products liability claims alleging that the Construction Defendants' provision and installation of defective drywall was negligent and constituted a breach of warranty of fitness. (Complaint, ¶¶ 34-45, 57-86.) Plaintiff also alleges claims for breach of the construction contracts and for unjust enrichment against some of the Construction Defendants. (Id., ¶¶ 27-33, 46-56.)

Plainitff's claims against Standard Fire, in contrast, do not involve either products liability, breach of a construction contract or unjust enrichment arising from construction of her

- 1 -

home.  Rather, Plaintiff asserts that Standard Fire improperly denied coverage for her claim under her homeowner's insurance policy for the cost of replacing the Chinese drywall and repairing or replacing other building components damaged by gases released from the drywall. Plaintiff alleges that Standard Fire acted in bad faith by misrepresenting certain policy provisions, failing to timely pay amounts due under Plaintiff's homeowner's insurance policy and improperly denying claims based on various exclusions contained in the insurance policy. (Petition, ¶¶ 87-93.)  Plaintiff also contends that Standard Fire breached duties owed to her, breached the homeowner's insurance contract and violated Louisiana's valued policy law.  (Id., ¶¶ 94-104.)

The claims against Standard Fire and against the Construction Defendants are improperly joined.  The products liability claims against the Construction Defendants are entirely separate and distinct from Standard Fire's alleged breach of the insurance contract and bad faith. Plaintiff has not alleged -- nor could she allege -- that Standard Fire acted in concert with the Construction Defendants.  Standard Fire is not alleged to be—nor could it be—responsible for the Construction Defendants' conduct.  The claims against Standard Fire and the claims against the Construction Defendants are premised on entirely different legal theories and entirely different allegedly improper conduct.  Severance, therefore, is appropriate based on improper joinder.

Even if joinder were proper, the Court should exercise its discretion to sever the claims under Fed. R. Civ. P. 21.  Because the claims against Standard Fire and against the Construction Defendants are separate and unrelated, severance of the claims would promote judicial economy and efficiency.  Plaintiff's claims against Standard Fire concern whether Plaintiff's loss is excluded by exclusions in the homeowner's insurance policy for loss caused by a "latent defect,"

- 3 -

"defective materials," a "pollutant" (defined to include a gaseous irritant or contaminant) or "corrosion."  This presents a question of insurance contract interpretation that is distinct and separate from the claims against the Construction Defendants.  This insurance coverage issue is a question of law that can and should be resolved promptly through a dispositive motion.  In contrast, Plaintiff's claims against the Construction Defendants involve the supply and installation of the Chinese-made drywall into Plaintiff's home and the terms of the construction contracts.  These claims will likely focus on what duties were owed to Plaintiff by the Construction Defendants and what knowledge the Construction Defendants had or should have had of the defects in the drywall.  Because the claims against Standard Fire are unrelated to the claims against the Construction Defendants, it will be more efficient to adjudicate the claims against Standard Fire separately.  The claims against Standard Fire therefore should be severed from the claims against the Construction Defendants.

**ARGUMENT**

**I.   THE CLAIMS AGAINST STANDARD FIRE SHOULD BE SEVERED FROM THE CLAIMS AGAINST THE CONSTRUCTION DEFENDANTS**

   **A.   The Court Should Exercise Its Broad Discretion To Order Severance Under Rule 21**

Under Fed. R. Civ. P. 21, "[a]ny claim against a party may be severed and proceeded with separately."  When a court orders severance under Rule 21, this has the effect of creating "two separate actions or suits where previously there was but one," and the severed claims "proceed[] as a discrete, independent action . . . ."  <u>Allied Elevator, Inc. v. East Texas State Bank</u>, 965 F.2d 34, 36 (5th Cir. 1992).  A court may, in its discretion, grant a motion for severance even where joinder was proper.  <u>United States v. O'Neil</u>, 709 F.2d 361, 369 (5th Cir. 1983) (rejecting argument that Rule 21 "may be used only to cure misjoinder of parties," and holding

that the rule "is not so limited"); see also Wyndham Associates v. Bintliff, 398 F.2d 614, 618 (2d Cir. 1968) (noting that Rule "authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering a severance"); Acevedo-Garcia v. Monroig, 351 F.3d 547, 560 n.5 (1st Cir. 2003) (stating that "a finding of misjoinder is not a prerequisite to severing parties or claims under Rule 21").

A district court has "broad discretion" to order severance under Rule 21. Brunet v. United States Gas Pipeline Co., 15 F.3d 500, 505 (5th Cir. 1994); see also Federal Deposit Ins. Corp. v. Selaiden Builders, Inc., 973 F.2d 1249, 1253 (5th Cir. 1992) (stating that the decision on whether to grant a motion to sever "rests with the broad discretion of the district court"); Acevedo-Garcia, 351 F.3d at 558 ("The decision to separate parties or claims is a case management determination 'peculiarly within the discretion of the trial court . . . .'").

In deciding whether to sever claims, courts have considered the following factors: "'(1) whether the claims arose out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement or judicial economy would be promoted; (4) whether prejudice would be averted by severance; and (5) whether different witnesses and documentary proof are required for separate claims.'" Campo v. State Farm Fire & Cas. Co., No. 06-2611, 2007 WL 2155792, at *2 (E.D. La. July 26, 2007) (quoting McFarland v. State Far Fire & Cas. Co., No. 06-466, 2006 WL 2577852, at *1 (S.D. Miss. Sept. 6, 2006)).

Here, the Court should exercise its discretion to sever the claims against Standard Fire from the claims against the Construction Defendants so that this litigation can proceed efficiently. The questions of insurance contract interpretation can and should be decided swiftly as a matter of law, and have no bearing on Plaintiffs' claims against the Construction

- 4 -

Defendants, which appear likely to require significant discovery.

Plaintiff's first-party contract claims against Standard Fire also require different witnesses and documentary proof from Plaintiff's claims against the Construction Defendants. For instance, the evidence related to Plaintiff's claims against the Construction Defendants likely will concern the supply and installation of the allegedly defective drywall and what those defendants knew or should have known about the drywall. On the other hand, the evidence pertinent to Plaintiff's claims against Standard Fire, if those claims are not resolved by dispositive motion, will focus on the terms of the insurance contract and the adjustment of the insurance claim. Because Plaintiff's claims against Standard Fire and against the Construction Defendants are unrelated and involve substantially different issues and evidence, the first-party insurance claims should be severed from the claims against the Construction Defendants.

**B.    Severance Is Also Appropriate Because the Claims Against Standard Fire are Misjoined with the Claims Against the Construction Defendants**

Recognizing that a plaintiff cannot defeat a defendant's right of removal by improperly joining a resident defendant who lacks a real connection with the controversy, courts have held that severance is proper where there has been a misjoinder of claims against different defendants. See Tapscott v. MS Dealers Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. 1996), overruled on other grounds by Office Depot v. Coher, 204 F.3d 1069 (11th Cir. 2000); In re Benjamin Moore & Co., 309 F.2d 296, 298 (5th Cir. 2002) (endorsing Tapscott and stating that "misjoinder should not be allowed to defeat diversity jurisdiction"); Willingham v. State Farm Ins. Co., No. 2:09-CV-59-SA-SAA, 2009 WL 2767679 (N.D. Miss. Aug. 27, 2009); Smith v. Nationwide Mut. Ins. Co., 286 F. Supp. 2d 777, 781 (S.D. Miss. 2003).

Federal courts in this district, applying Tapscott, repeatedly have ordered severance where, as here, unrelated claims against different defendants have been improperly joined in the

same lawsuit.  See, e.g., Berthelot v. Boh Brothers Construction, LLC, No. 05-4182, 2006 WL 1984661, at *12 (E.D. La. June 1, 2006) (Duval, J.) (ordering severance of homeowners' insurance coverage claims from claims against tortfeasor allegedly responsible for causing property damage at issue); Defourneaux v. Metropolitan Prop. & Cas., No. 06-3809, 2006 WL 2524165, at *2 (E.D. La. Aug. 30, 2006) (Feldman, J.) (same); Milliet v. Liberty Mut. Ins. Co., No. 07-7443, 2008 WL 147821, at *3 (E.D. La. Jan. 11, 2008) (Englehardt, J.) (similar); Savoie v. Safeco Ins. Co., No. 06-7808, 2007 WL 675304, at *1-2 (E.D. La. Feb. 27, 2007) (similar).

For example, in Berthelot, the plaintiffs' homes were damaged by floodwaters from the failure of the 17th Street Canal floodwall at the time of Hurricane Katrina.  The plaintiffs sued the Orleans Levee District, alleging that it was negligent in "failing to correct the [levee] break or warn others of the impending water intrusion . . . ."  2006 WL 1984661, at *1.  In the same lawsuit, the plaintiffs also brought claims against their homeowners' insurers, alleging that they improperly refused to pay for the flood damage.  Id.  Judge Duval granted the insurers' motion to sever, explaining that "the claims against OLD [Orleans Levee District] sound in negligence under Louisiana tort law whereas the claims against the Insurer Defendants rest on contract interpretation and have virtually no relation to the claims against OLD."  Id. at *12.

Similarly, in Defourneaux, the plaintiffs brought claims against their homeowners' insurance company and against Jefferson Parish after their home sustained wind and water damage during Hurricane Katrina.  2006 WL 2524165, at *1.  The plaintiffs' claims against their insurer alleged that it arbitrarily denied their insurance claims.  Id.  In contrast, the plaintiffs' claims against the Parish were negligence and other tort claims, alleging that improper maintenance of the pumping and drainage system contributed to causing the flooding that accompanied Hurricane Katrina.  Id.  In granting the insurance company's motion to sever, the

- 6 -

court explained that the claims against the two defendants presented different legal and factual issues:

> These claims present neither overlapping questions of fact nor related issues of law. The plaintiffs' claim against Jefferson Parish will require discovery as to the operation of the pumping and drainage system, while the plaintiffs' claim against [their insurer] will require an investigation into the processing and handling of the plaintiffs' insurance claim. The only common factual thread between the claims is Hurricane Katrina, an uncontested fact of which the Court will take judicial notice.

Id. at *2.

In Milliet, the plaintiffs sued both their homeowners' insurer and a contractor that made repairs to their home. Judge Englehardt concluded that the claims were misjoined under Tapscott, explaining that "the claims between Complete Carpentry and Milliet and the claims between Liberty Mutual and Milliet arise out of completely different and separate contracts," and "[t]here is no community of interest between the parties, and only tangentially are they related regarding operative and relevant facts." Milliet, 2008 WL 147821 at *3. See also Smith, 286 F. Supp. 2d at 781 (granting motion to sever claims against insurers from claims against tortfeasors).

Here, as in Berthelot, Defourneaux, and Milliet, Plaintiff has improperly joined claims against her insurance company with claims against the alleged tortfeasors, the Construction Defendants. Plaintiff's claims against the Construction Defendants concern the Construction Defendants' allegedly tortious conduct relating to the supply and installation of the allegedly defective drywall as well as the Construction Defendants' alleged breach of the construction contracts. These claims are unrelated to Plaintiff's first-party contract claims against Standard Fire arising out of an alleged breach of the specific terms, conditions and exclusions in Plaintiff's homeowner's insurance policy. Aside from the bare allegation that Plaintiff's loss arose from

defective drywall, there is virtually no factual overlap among the claims.[1]  This possible common thread, without more, does not warrant litigating these unrelated claims in the same lawsuit.  See Defourneaux, 2006 WL 2524165, at *2.

## II. THIS COURT HAS DIVERSITY JURISDICTION OVER PLAINTIFF'S CLAIMS AGAINST STANDARD FIRE WHEN SEVERED FROM THE CLAIMS AGAINST THE CONSTRUCTION DEFENDANTS

In order for a court to sever claims under Rule 21, there must be an independent jurisdictional basis for the severed action if it is to remain in federal court.  Honeywell Int'l Inc. v. Phillips Petroleum Co., 415 F.3d 429, 431 (5th Cir. 2005).  If the claims against the Construction Defendants are severed, there would be diversity jurisdiction over Plaintiff's claims against Standard Fire.  Plaintiff is a citizen of the State of Louisiana.  (Petition, ¶ 1.)  Standard Fire, which is incorporated in Connecticut and has its principal place of business in Connecticut, is not a citizen of Louisiana.  (See Notice of Removal, Attachment A, ¶ 2.)  The amount in controversy requirement is satisfied.  (See id., ¶¶ 5-7.)  Accordingly, there is diversity jurisdiction over the claims against Standard Fire, if severed from the claims against the Construction Defendants.  In contrast, there appears to be no diversity jurisdiction with respect to the claims against the Construction Defendants, and thus those claims likely could be remanded to state court.

## CONCLUSION

For all of the foregoing reasons, Standard Fire respectfully requests that the Court grant its Motion to Sever and sever the claims against Standard Fire from the claims against the Construction Defendants pursuant to Fed. R. Civ. P. 21.

---

[1] While the Construction Defendants might dispute whether the Chinese drywall is defective, as Plaintiff alleges, Standard Fire will not dispute that allegation, and thus there is no need for Standard Fire to be involved in any litigation of that issue between Plaintiff and the Construction Defendants.

Dated this 13th day of July, 2010.

>Respectfully Submitted,
>
>  _s/Seth A. Schmeeckle_____
>**Ralph S. Hubbard III, La. Bar No. 7040**
>**Seth A. Schmeeckle, La. Bar No. 27076**
>**LaDonna G. Wilson, La. Bar No. 29102**
>601 Poydras Street, Suite 2775
>New Orleans, LA 70130
>Telephone:   (504) 568-1990
>Facsimile:    (504) 310-9195
>e-mail:         rhubbard@lawla.com
>                    sschmeeckle@lawla.com
>                    lwilson@lawla.com
>
>**Attorneys for The Standard Fire Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Support of Motion to Sever has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this <u>13th</u> day of July, 2010.

>  _/s/*Seth A. Schmeeckle*_____
>**Seth A. Schmeeckle, La. Bar No. 7040**