UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>*Hernandez v. Knauf Gips KG, et al.*, Case No. 2:09-cv-6050 (E.D.La.) | |

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO IMPOSE BOND REQUIREMENT ON APPELLANT
KNAUF PLASTERBOARD TIANJIN CO., LTD.

I.  **INTRODUCTION**

Knauf Plasterboard Tianjin Co., Ltd. ("KPT") is appealing the Court's May 10, 2010 Order entering judgment against KPT. Although KPT is a participant in the MDL litigation, it is feared that KPT will force Plaintiffs to seek recovery of their appeal costs in China. Since KPT will likely oppose any effort by Plaintiffs to recover their appeal costs in China, Plaintiffs submit that the only means of protecting their appellate rights is to require the imposition of an appropriate bond upon the appellee, the defaulting KPT.

For the reasons set forth in further detail below, KPT should be required to post a cost bond pursuant to Fed.R.App. P. 7.

II.  **FACTS**

On September 1, 2009, Plaintiffs, Tatum and Charlene Hernandez, individually and on behalf of their minor children Grant and Amelia Hernandez, filed suit in the U.S. District Court for the Eastern District of Louisiana, alleging damages caused by Chinese-manufactured drywall in their home. Plaintiffs complaint was consolidated with the MDL proceedings.

1

Although Plaintiffs originally brought claims against Defendant KPT and other named defendants involved with the Chinese drywall in their home, the Court issued an order dismissing all defendants other than KPT without prejudice. KPT subsequently waived service. After an appropriate amount of time for discovery, the matter came on trial without a jury on March 15, 2010, and culminated on March 19, 2010. The Court issued Finding of Facts and Conclusions of Law on April 27, 2010. Thereafter the Court entered its judgment against KPT and in favor of the Plaintiffs on May 10, 2010. Plaintiffs were awarded $164.049.64, plus reasonable attorneys' fees, costs of the proceedings, and legal interest from the date of judgment until paid. KPT filed its notice of appeal of the May 11, 2010 Order on June 9, 2010.

## II.  ARGUMENT

Rule 7 of the Federal Rules of Appellate Procedure provides that a district court "may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." The determination of whether or not to impose an appeal bond is within the discretion of the district court. *See Federal Prescription Service, Inc. v. American Pharmaceutical Ass'n*, 636 F.2d 755, 757 n. 2 (D.C.Cir.1980) (Rule 7 "leaves the requirement of an appeal bond to the district court's discretion ...."). An appellant may be required to post a bond to cover all costs of appeal as defined in FRAP 39 and 28 U.S.C. § 1920, including clerk and court fees, photocopy charges and other costs for briefs and a joint appendix, and court reporter transcription fees. *See In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Products Liability Litigation*, 2000 WL 1665134 at *3 (E.D.Pa. Nov. 6, 2000), *citing Hirschensohn v.*

*Lawyers Title Ins. Corp.*, 1997 WL 307777, *2-*3  (3rd Cir. Jun. 10, 1997).[1]

Since the imposition of a cost bond on appeal is within the discretion of the Court, the Court should consider that KPT poses a considerable risk of non-payment of Plaintiffs' costs on appeal. More specifically, KPT does not have any assets that are subject to the jurisdiction of the Court. Nor do the Court's contempt powers serve as a basis of guaranteeing payment of Plaintiffs' costs on appeal since KPT does not maintain a presence in the United States. The vast majority of the Chinese defendants in this litigation have taken the position that Plaintiffs will never be capable of executing on a judgment in China. KPT is likely to take the same position when it comes time to compensate Plaintiffs for their costs on appeal. Accordingly, the imposition of a cost bond on KPT is necessary to ensure payment of such costs on appeal. *See Adsani v. Miller*, 139 F.3d 67, 75 (2nd Cir. 1998) ("The court has made a determination that this particular appellant poses a payment risk because she has no assets in the United States and has failed to post a supersedeas bond. The purpose of Rule 7 appears to be to protect the rights of appellees brought into appeals courts by such appellants ...").

Here, Plaintiffs anticipate that their costs in defending the appeal of the Court's May 10, 2010 Order will meet or exceed $25,000.00. Since the imposition of an appeal bond requirement is necessary to guarantee Plaintiffs' costs on appeal, KPT should be required to post a bond for $25,000.00. *See In re Wal-Mart Wage and Hour Employment Practices Litigation*, 2010 WL 786513 (D.Nev. March 8, 2010) (requiring appeal bond of $500,000.00 from each appellant); *In re Compact Disc Minimum Advertised Price Antitrust Litigation*, 2003 WL 22417252 (D.Me. Oct. 7,

---

[1] "Cost on appeal for which a Rule 7 bond can be required include the costs authorized in 28 U.S.C. § 1920 to the extent those costs relate to the appeal."  16A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3953 (4th ed. 2010).

2003) (requiring appeal bond of $35,000.00); *In re American Investors Life Ins. Co. Annuity Marketing and Sales Practices Litigation*, 2010 WL 653543 (E.D.Pa. Feb. 22, 2010) (requiring appeal bond of $25,000.00 was appropriate); *In re Ins. Brokerage Antitrust Litigation*, 2007 WL 1963063 (D.N.J. July 2, 2007) (same).

### III.  CONCLUSION

For the reasons stated above, Plaintiffs respectfully requests that this Court impose a bond requirement on Appellant Knauf Plasterboard Tianjin Co., Ltd. In the amount of $25,000.00.

Respectfully submitted,

Dated: July 13, 2010

/s/ Leonard A. Davis_____
Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
MDL 2047

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Matthew C. Gaughan (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
MDL 2047

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Victor Manuel Diaz
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Aragon Avenue, 2nd Floor
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Jeremy W. Alters
Alters, Boldt, Brown, Rash & Culmo, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@abbrclaw.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Plaintiffs' Memorandum of Law in Support of Motion to Impose Bond Requirement on Appellant Knauf Plasterboard Tianjin Co., Ltd. has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 13th day of July, 2010.

      /s/ Leonard A. Davis
      Leonard A. Davis, Esquire
      Herman, Herman, Katz & Cotlar, LLP
      820 O'Keefe Avenue
      New Orleans, Louisiana 70113
      Phone: (504) 581-4892
      Fax: (504) 561-6024
      LDavis@hhkc.com
      Plaintiffs' Liaison Counsel
      MDL 2047