IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE MANUFACTURED
DRYWALL PRODUCTS LIABILITY                    MDL. NO: 2047
LITIGATION

                                              SECTION: L
(Relates to 2:09-cv-6690)

                                              JUDGE FALLON
                                              MAG. JUDGE WILKINSON

## Hendrickson Contracting's Memorandum in Support of Motion to Dismiss for Lack of Personal Jurisdiction

COMES NOW the separate Defendant Henderson Contracting (hereinafter "Hendrickson"), by and through counsel, and files this its Memorandum in Support of Motion to Dismiss for Lack of Personal Jurisdiction, saying in support as follows:

<u>Introduction</u>

Plaintiffs John and Grace Steubben have asserted claims against the separate Defendant Hendrickson in the Omnibus Complaint filed in this cause. Multiple claims are asserted but all arise from damage purportedly caused by defective drywall utilized by Hendrickson during their work at Plaintiffs' home. Plaintiffs allege themselves to be citizens and residents of Mississippi. The real property involved is located in Mississippi.

As is outlined in the affidavit of Buford Perry, owner and operator of the former Hendrickson Contracting, the Defendant's principal place of business was located in Mississippi. ***See Exhibit A.*** Hendrickson has never been licensed to business in Louisiana, has not done business in Louisiana, has had no employees in Louisiana and has no contacts whatsoever with Louisiana. ***See Exhibit A.***

Hendrickson lacks the minimum connections with the State of Louisiana that would justify an exercise of personal jurisdiction over this Defendant under either the Louisiana long-arm statute

or the due process requirements provided for in the United States Constitution.   Therefore, the claims against Hendrickson should be dismissed for lack of personal jurisdiction.

<u>Applicable Law</u>

Plaintiff bears the burden of establishing personal jurisdiction over this Defendant.  ***Seiferth v. Helicopteros Atuneros, Inc.***, 472 F.3d 266, 270 (5th Cir. 2006).  For claims pending in federal court on the basis of diversity jurisdiction, there are two requirements for the exercise of personal jurisdiction over a non-resident defendant: (1) the forum state's long-arm statute must confer personal jurisdiction; and (2) the exercise of jurisdiction may not  not exceed limits imposed by the Due Process Clause of the Fourteenth Amendment.  ***Seiferth***, 472 F.3d at 270.  The Fifth Circuit has held the limits of Louisiana's long-arm statute are co-extensive  with the constitutional limit such that the dual inquiries "fold into one."  ***Luv n' Care, Ltd. v. Insta-Mix, Inc.***, 438 F.3d 465, 469 (5th Cir. 2006).

The limits imposed by the Due Process Clause of the Fourteenth Amendment are such that a federal court may not assume personal jurisdiction over a non-resident defendant absent meaningful "contacts, ties, or relations" with the forum state.  ***Id.*** (citing ***Int'l Shoe Co. v. Washington***, 326 U.S. 310, 319 (1945)).   A court may exercise "general" jurisdiction over a defendant having "continuous and systematic general business contacts" with the forum state or, where the defendant's contacts are less extensive, "specific" jurisdiction may be exercised in a suit arising from contact with the forum.  ***Id.*** (citing ***Helicopteros Nacionales de Colombia, S. A. v. Hall***, 466 U.S. 408, 414-415 (1984)).  In the latter instance though, the defendant must be shown to have

"minimum contacts" such that imposing judgment would not "offend traditional notions of fair play and substantial justice." **Id.** (citing **Int'l Shoe**, 326 U.S. at 316).

A three step test is applied to determine if specific jurisdiction may be exercised, the plaintiff bearing the burden as to the first two prongs thereby shifting the burden to the defendant on the third:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed it self of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

**Nuovo Pignone, SpA v. STORMAN ASIA M/V**, 310 F.3d 374, 378 (5th Cir. 2002).

Argument

Plaintiffs fail to plead any facts even tending to indicate an exercise of personal jurisdiction over this Defendant would be appropriate.  To the contrary, the Complaint specifically states Plaintiffs and this Defendant are citizens and residents of Mississippi.  The property at issue is not located in Louisiana and there is no allegation that any of the actions underlying Plaintiffs' claims against this Defendant have any connection to Louisiana.

As outlined further in the affidavit attached hereto as **Exhibit A**, this Defendant has and has had no contacts with the State of Louisiana.  Defendant is a Mississippi business whose business activities were exclusive to Mississippi.  Defendant has done nothing to avail itself of the benefits and protections of Louisiana law and thus had no basis to reasonably expect it might be "haled into court" there.

There is obviously no basis for exercising "general" jurisdiction over Defendant in this case. When examining the three step test for exercising "specific" jurisdiction, step one must fail because Defendant has no minimum contacts and has made no efforts to avail itself of the forum. The second step must fail since no part of Plaintiffs' cause of action against this Defendant arises from any contact Defendant may have had with Louisiana. Step three is therefore unnecessary but it clearly cannot be satisfied if the first two fail.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully requests this Court issue an Order dismissing Plaintiffs' claims against Hendrickson together with such other relief as the Court may find appropriate.

RESPECTFULLY SUBMITTED, this the 14th day of July, 2010.

HENDRICKSON CONTRACTING


By:     /s/ Jeff Moffett_____
        JEFFREY S. MOFFETT

JEFFREY S. MOFFETT - MSB #100301
Markow Walker, P.A.
2113 Government Street
Building M
Ocean Springs, Mississippi 39564
Tel. (228) 872-1923
Fax (228) 872-1973
E-Mail: jmoffett@markowwalker.com

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Notice of Appearance has been served on Plaintiffs' Liaison Counsel Russ Herman, Defendants' Liaison Counsel Kerry Miller and Homebuilders Liaison Counsel Phillip Wittmann by U.S. Mail and e-mail and upon all parties by electronically uploading same to Lexis Nexis File & Share in accordance with Pre-Trial Order No. 6 and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send notice of electronic filing in accordance with the procedures established in MDL 2047, on this the 14TH day of July, 2010.


By:      /s/ Jeff Moffett
         JEFFREY S. MOFFETT