UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARY ANNE BENES, individually, and on behalf of all others similarly situated, [ADDITIONAL PLAINTIFFS LISTED ON SCHEDULE OF PLAINTIFFS, ATTACHED HERETO AS EXHIBIT "A"], <br><br>  Plaintiffs, <br><br>v. <br><br>KNAUF GIPS KG; KNAUF PLASTERBOARD (TIANJIN) CO., LTD.; KNAUF PLASTERBOARD (WUHU), CO., LTD.; KNAUF PLASTERBOARD (DONGGUAN) CO., LTD. [ADDITIONAL DEFENDANTS LISTED ON SCHEDULE OF DEFENDANTS, ATTACHED HERETO AS EXHIBIT "B"], <br><br>  Defendants. <br> _____/ | CASE NO.: 09-6690 <br><br><br><br><br> CLASS ACTION COMPLAINT <br><br><br><br><br> JURY TRIAL DEMAND |

### ARANDA HOMES, INC.'S MOTION TO DISMISS WITH PREJUDICE THE CLAIMS BROUGHT AGAINST IT IN THE GROSS/BENES CLASS ACTION COMPLAINT (OMNI III)

Defendant Aranda Homes, Inc. ("Aranda"), pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves to dismiss with prejudice all claims against Aranda in the Gross/Benes Class Action Complaint (Omni III)[1] brought by plaintiffs Lou & Sara Appleman, Arlene Brennan, Robert Burns, Frank & Gayle Cardiello, Daniel Carter,[2] Paul & Patricia Engasser,

---

[1] The Benes Intervention Complaint—*i.e.*, *Plaintiffs' Omnibus Class Action Complaint in Intervention (III)* "incorporate[s] and adopt[s] the allegations of the *Gross* complaint . . . by reference." For purposes of this Motion and attached Memorandum of Law, Aranda will cite the substantive allegations and claims of the *Benes* Complaint, which incorporates the *Gross* Complaint, and will use the citation "Cmplt. ¶ __."

[2] Plaintiff Daniel Carter has two Building Agreements for two different homes with Aranda.

{M2953848;1}

Susan Francipine, Timothy & Julie Gaines, Dominic Giannini, Jennifer Hattemer,[3] Estela Riley, Kevin & Christine Shedd, and Darrel & Darlene Wilson, (collectively, the "Plaintiffs") for failure to state a claim upon which relief can be granted.

## INTRODUCTION AND BACKGROUND

In their rush to appoint blame for the allegedly defective drywall in their homes, Plaintiffs have added Aranda – the Florida builder that constructed the Plaintiffs' homes – to the hundreds of defendants named in the Gross/Benes Class Action Complaint (Omni III) (the "Omnibus Complaint").  Copies of the Building Agreements between Aranda and Plaintiffs are attached as "**Composite Exhibits A-1 and A-2**."[4]  Plaintiffs have added Aranda to this lawsuit even though there is no evidence, and indeed no allegation, that their home construction was in any way deficient.  Plaintiffs want compensation for their drywall, yet it is beyond dispute that Aranda had <u>nothing</u> to do with the manufacture, marketing or distribution of that drywall. Aranda, in other words, does not belong in this lawsuit.

In a shotgun pleading that makes no effort to distinguish between Aranda and the entities actually responsible for the drywall, Plaintiffs have offered a laundry list of generic common law and statutory theories. The Omnibus Complaint heedlessly lumps together thousands of parties

---

[3]  Plaintiff Jennifer Hattemer was known as Jennifer Vega when she signed the Building Agreement with Aranda.

[4]  The fact that Plaintiffs chose not to attach these documents to the Omnibus Complaint does not prevent the Court from considering them now.  The Court can and should consider these instruments because they are undeniably central to Plaintiffs' claims against Aranda.  *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (holding that contract could be considered on motion to dismiss where it was attached to motion, referred to in the complaint, and central to the plaintiff's claims); *Aucoin v. Regions Fin. Corp.*, No. 09-3835, 2010 WL 334533 *2 (E.D. La. Jan. 21, 2010) (incorporating Retirement Plan mentioned in complaint and central to one or more of plaintiff's claims); *Federal Ins. Co. v. New Hampshire Ins. Co.*, No. 03-385-CM, 2010 WL 28568, *4 (M.D. La. Jan. 4, 2010) ("Since the insurance policy issued by New Hampshire is central to [plaintiff's] claims, the Court may consider it as evidence even though it was not attached to [plaintiff's] original petition or amended complaint.").

over hundreds of pages of truly boilerplate allegations. Specifically, Plaintiffs allege the following eleven claims[5] against Aranda: Negligence (Count I, ¶¶ 1460-1467); Negligence Per Se (Count II, ¶¶ 1468-1474); Strict Liability (Count III, ¶¶ 1475-1492); Breach of Express and/or Implied Warranties (Count IV, ¶¶ 1493-1500); Breach of Implied Warranty of Habitability (Count VI, ¶¶ 1513-1519); Breach of Contract (Count VII, ¶¶ 1520-1523); Private Nuisance (Count XI, ¶¶ 1555-1561); Negligent Discharge of Corrosive Substance (Count XII, ¶¶ 1562-1568); Unjust Enrichment (Count XIII, ¶¶ 1569-1572); Violation of Florida's Deceptive and Unfair Trade Practices Act (Count XIV, ¶¶ 1573-1577); and Equitable and Injunctive Relief and Medical Monitoring (Count XV, ¶¶ 1578-1590). Each of these claims is governed by and arises under the laws of Florida.[6] As detailed in the accompanying Memorandum of Law in support of

---

[5] There are fifteen Counts in the Omnibus Complaint, but only eleven of them arguably apply to Aranda. The four remaining Counts do not. Specifically, Count V (for breach of warranty under Florida's condominium code) does not apply to Aranda because Plaintiffs allegedly purchased residential homes, not condominiums. Cmplt. ¶¶ 1501-1512. Count VIII applies to "Louisiana Home Builders Only," and no one disputes that Aranda resides in Florida. *Id*. ¶¶ 1136 & 1524-1530. Count IX ("Redhibition – by Louisiana Plaintiffs") does not apply because Plaintiffs are allegedly residents of Florida and Illinois, not Louisiana. *Id*. ¶¶ 55, 76, 82, 84, 266, 790, 823, 844, 850, 853, 866, 873, 921 & 1531-1540. Finally, Count X (Louisiana Products Liability Act) applies solely to "Manufacturing" or "Distributor" Defendants, whereas the Omnibus Complaint identifies Aranda as a "Developer/Builder" Defendant. *Id*. ¶¶ 1136 & 1541-1554.

[6] For those Plaintiffs that filed their claims against Aranda directly in the Eastern District of Louisiana, this Court should apply the choice-of-law rules of Louisiana. *See Long Island Trust Co. v. Dicker*, 659 F.2d 641, 645 n.6 (5th Cir. 1981). For those Plaintiffs that filed in a Florida court and then transferred the matter to this forum, Florida's choice-of-law rules apply. Under either analysis, Florida has, by far, the most significant relationship with the dispute. Plaintiffs' alleged drywall injuries occurred in Florida, the subject properties are located in Florida, and both Aranda and the Plaintiffs reside in Florida. *See* Cmplt. ¶¶ 1136, 55, 76, 82, 84, 266, 790, 823, 844, 850, 853, 866, 873, 921; *Gulf States Utilities Co. v. NEI Peebles Elec. Prods., Inc*., 819 F. Supp. 538, 552-53 (M.D. La. 1993) (discussing Louisiana choice of law factors and statutes). Florida substantive law therefore governs each of Plaintiffs' claims against Aranda.

this Motion, attached hereto as **Exhibit B,** every one of these claims should be dismissed as fatally defective pursuant to Rule 12(b)(6) and Florida law.[7]

WHEREFORE, for the reasons set forth above and in the accompanying Memorandum of Law in support, Defendant Aranda Homes, Inc. respectfully requests that the Court enter an order dismissing the claims against it pursuant to Fed. R. Civ. Pro. 12(b)(6), and awarding Aranda its fees in defending this action against Plaintiffs pursuant to the Building Agreements and pursuant to Florida's Deceptive and Unfair Trade Practices Act.

Dated:  July 16, 2010

> **AKERMAN SENTERFITT**
>
> BY: /s/   Valerie Greenberg
> Valerie Greenberg, Esq.
> Fla. Bar No. 026514
> Stacy Harrison, Esq.
> Fla. Bar No. 44109
> One Southeast Third Avenue, 25th Floor
> Miami, FL  33131-1714
> Phone:  (305) 374-5600
> Fax:  (305) 374-5095
> Email:  valerie.greenberg@akerman.com
> Email:  stacy.harrison@akerman.com
>
> *Attorneys for Aranda Homes, Inc.*

*Co-Counsel for Aranda Homes, Inc.*

Brent B. Barriere (La. Bar No. 2818)
Susie Morgan (La. Bar No. 9715)
D. Skylar Rosenbloom (La. Bar No. 31309)
**Phelps Dunbar LLP**
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone:  (504) 566-1311
Telecopier:  (504) 568-9130
Email:  Brent.barriere@phelps.com
 Susie.morgan@phelps.com
 Skylar.rosenbloom@phelps.com

---

[7]   Per the Local Rules, a Notice of Hearing is attached hereto as **Exhibit C**.

{M2953848;1}

4

## CERTIFICATE OF SERVICE

      I hereby certify that *Aranda Homes, Inc.'s Motion to Dismiss With Prejudice the Claims Brought Against it in the Gross/Benes Class Action Complaint (Omni III)* has been served on Plaintiffs' Liaison Counsel, Russ Herman, Herman, Herman, Katz & Cotlar, LLP, 820 O'Keefe Ave., Suite 100, New Orleans, LA  70113 (rherman@hhkc.com), and Defendants' Liaison Counsel, Kerry Miller, Frilot, L.L.C., Suite 3700, 1100 Poydras St., New Orleans, LA  70163 (kmiller@frilot.com), by U.S. Mail and e-mail <u>or</u> by hand delivery and email <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 16th day of July, 2010.

                                                               /s/   Valerie Greenberg