# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

NORTHSTAR HOLDINGS, INC.,
NORTHSTAR HOMES, INC., AND
NORTHSTAR HOLDINGS AT B & A, LLC,

             Plaintiffs,

v.

GENERAL FIDELITY INSURANCE
COMPANY, QUANTA INDEMNITY
COMPANY, MID-CONTINENT CASUALTY
COMPANY, AXIS SURPLUS INSURANCE,
AND ESSEX INSURANCE COMPANY,

             Defendants.

_____/

Case No: 2:10-cv-00384

Judge: Fallon

Magistrate: Wilkinson

## DEFENDANT GENERAL FIDELITY INSURANCE COMPANY'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO DISMISS

Defendant, General Fidelity Insurance Company ("General Fidelity"), by and through undersigned counsel, submits this Notice of Supplemental Authority in support of its Motion to Dismiss.

On June 15, 2010, the Multidistrict Litigation Panel ("MDL Panel") concluded for a second time that a substantially similar case in the Southern District of Florida between General Fidelity and Plaintiffs, Northstar Holdings, Inc., Northstar Homes, Inc., and Northstar Holdings at B & A, LLC ("Northstar"), should not be transferred to this Court. *See*

Order Denying Transfer, attached as Exhibit 1. The MDL Panel found that the insurance coverage dispute between General Fidelity and Northstar, involving Florida insurance policies, Florida insureds, and Florida homeowners, belonged in Florida and not before this Court. *See id.*

Dated: July 16, 2010

Respectfully submitted,

/s/ R. Steven Rawls
R. STEVEN RAWLS, ESQ.
Florida Bar No.: 938254
srawls@butlerpappas.com
RYAN K HILTON, ESQ.
Florida Bar No.: 0304610
rhilton@butlerpappas.com
ROBERT J. WITMEYER, ESQ.
Florida Bar No.: 10249
rwitmeyer@butlerpappas.com
BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP
777 S. Harbour Island Boulevard, Suite 500
Tampa, FL 33602
Tel. 813-281-1900
Fax. 813-281-0900
Trial Counsel for General Fidelity Insurance Company

and

ANDREW L. PLAUCHÉ, JR., ESQ.
Louisiana Bar No.: 11023
aplauche@pmpllp.com
PLAUCHÉ MASELLI PARKERSON LLP
701 Poydras Street, Suite 3800
New Orleans, LA 70139-3800
Tel: 504-582-1142
Fax: 504-582-1172

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Defendant General Fidelity Insurance Company's Notice of Supplemental Authority In Support of Its Motion to Dismiss has been served on Plaintiff's Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 16th day of July, 2010.

/s/ R. Steven Rawls
R. STEVEN RAWLS, ESQ

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jun 15, 2010

FILED
CLERK'S OFFICE

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

IN RE: CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION                          MDL No. 2047

### ORDER DENYING TRANSFER

**Before the entire Panel**:  Before the Panel are three motions for transfer brought, respectively, pursuant to 28 U.S.C. § 1407(c), for transfer of the three declaratory judgment actions listed on Schedule A.  In all three cases, entities with potential liability exposure in IN RE: Chinese-Manufactured Drywall Products Liability Litigation seek to move their insurance coverage litigation to MDL No. 2047 apparently in an effort to more directly coordinate that litigation with the underlying MDL liability proceedings.

Plaintiff Taylor Woodrow Communities at Vasari, LLC, moves for transfer of a Middle District of Florida action (*Taylor Woodrow Communities at Vasari, LLC*).  Banner Supply Co. and its related entities[1] move for transfer of a Southern District of Florida action (*Chartis Specialty Insurance Co.*) in which they are named as defendants.  The plaintiffs' steering committee in MDL No. 2047 has responded in support of transfer of this action.[2]  Similarly, NorthStar Holdings, Inc., NorthStar Homes, Inc., and Northstar Holdings at B&A, LLC, move for transfer of a Southern District of Florida action (*General Fidelity Insurance Co*).  The National Association of Home Builders supports transfer of this action.  In every instance, the insurance companies on the other side of the litigation oppose the transfer.  Also, thirteen insurance companies[3] ask the Panel to preclude

---

[1]    Banner Supply Co., Inc.; Banner Supply Company Fort Myers, L.L.C.; Banner Supply Company Tampa, L.L.C.; Banner Supply Company Pompano, L.L.C.; Banner Supply Company Port St. Lucie, L.L.C.; and Banner International, L.L.C.

[2]    The plaintiffs' steering committee has also notified the Panel of the pendency of numerous other insurance coverage actions arising from allegedly defective Chinese drywall.

[3]    Chartis Specialty Insurance Company, Illinois National Insurance Company, National Union Fire Insurance Company of Pittsburgh PA, American Home Assurance Company, Granite State Insurance Company, Mid-Continent Casualty Company, Liberty Mutual Insurance Company, Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company, Nationwide Property & Casualty Insurance Company, ACE American Insurance Company, Westchester Fire Insurance Company and Builders Mutual Insurance Company.



EXHIBIT
1

- 2 -

transfer to MDL No. 2047 of these and any other declaratory judgment actions arising from insurance coverage.

These motions present interesting questions about the scope and role of Section 1407 centralization. That governing statute focuses on convenience for the involved parties and witnesses as well as judicial efficiencies in cases with common questions of fact. Though we have decided not to transfer the cases at issue in these motions, centralization of insurance litigation with the underlying claims will always depend on the particular facts and circumstances of the litigation.

These cases do have a common factual backdrop involving the general circumstances of imported Chinese drywall and the damage it is alleged to have caused. However, the cases seem to present strictly legal questions which require little or no centralized discovery. Different circumstances could create a stronger case for transfer. Where insurance coverage actions require and rely on the same factual discovery as the underlying tort actions, transfer may be warranted.[4] That does not appear to be true here. This is probably the most important consideration in the Panel's decision to deny transfer of these cases.

The declaratory judgment actions do appear to implicate similar legal issues. Consistent legal rulings are often a thankful by-product of centralization, but Section 1407 does not, as a general rule, empower the Panel to transfer cases solely due to the similarity of legal issues. Each of the insurance coverage questions in these cases is likely to be decided by an application of the complaint to the policy language under the applicable state law. Significantly, the insurance companies that might benefit the most from the efficiencies of centralization, all oppose these motions. The similarity of legal issues alone is not enough to justify transfer in these circumstances.

Transfer of these insurance actions could also provide the transferee court with greater leverage within the inevitable settlement discussions. As with consistent legal rulings, settlement of multidistrict litigation is a sometime by-product, not a statutory rationale, for transfer under Section 1407. Settlement of the underlying products liability claims can proceed quite well without transfer of the insurance actions. The parties can engage in settlement discussions regardless of the pendency of the declaratory judgment actions in other courts.

For all of these reasons, the Panel concludes that inclusion of these actions in MDL No. 2047 would not achieve sufficient conveniences or other benefits to justify transfer under 28 U.S.C. § 1407.

IT IS THEREFORE ORDERED that the motions, pursuant to 28 U.S.C. § 1407(c), for transfer of these actions are denied.

---

[4] *See, e.g., IN RE: Helicopter Crash Near Weaverville, California, on August 5, 2008*, 626 F.Supp.2d 1355 (J.P.M.L. 2009) (finding all actions, including declaratory judgment action involving insurance coverage, will involve factual questions related to the same contract between the U.S. Forest Service and a defendant).

- 3 -

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

Robert L. Miller, Jr.  Kathryn H. Vratil
David R. Hansen   W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.  Barbara S. Jones

**IN RE: CHINESE-MANUFACTURED DRYWALL**
**PRODUCTS LIABILITY LITIGATION**                    MDL No. 2047

## SCHEDULE A

Middle District of Florida

Taylor Woodrow Communities at Vasari, LLC v. Mid-Continent Casualty Co., C.A. No. 2:09-823
Chartis Specialty Insurance Co., et al. v. Banner Supply Co., et al., C.A. No. 8:10-339

Southern District of Florida

General Fidelity Insurance Co. v. Katherine L. Foster, et al., C.A. No. 9:09-80743