UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

---------------------------------------------------------------x
IN RE:  CHINESE MANUFACTURED          :   MDL NO. 2047
DRYWALL PRODUCTS LIABILITY            :
LITIGATION                            :   SECTION:    L
---------------------------------------------------------------x
THIS DOCUMENT RELATES TO:             :   JUDGE FALLON
                                      :
09-cv-4115, 09-cv-4117, 09-cv--4119, 09-cv-4324,  :   MAG. JUDGE WILKINSON
09-cv-6690                            :
---------------------------------------------------------------x

**SCHEDULING ORDER FOR JURISDICTIONAL DISCOVERY**

On October 14, 2009, the Homebuilders' Steering Committee ("HSC") issued Personal Jurisdiction Interrogatories and a Request for Production of Documents to Defendant Knauf Gips KG ("Knauf Gips").  Thereafter, on October 30, 2009, the Plaintiffs' Steering Committee ("PSC") issued a First Set of Interrogatories and First Request for Production of Documents concerning jurisdictional issues to Knauf Gips, Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co., Ltd. ("Wuhu"), and Knauf Plasterboard (Dongguan) Co., Ltd. ("Dongguan").

On December 4, 2009, Knauf Gips KG provided Objections and Responses to the HSC's Interrogatories and Request for Production of Documents, and Knauf provided Objections and Answers to the PSC's Interrogatories and Request for Production of Documents.

On May 13, 2010, the PSC filed a Notice of Adoption of Discovery whereby the PSC adopted the discovery issued by the HSC as if it were issued by and discovery sent by the PSC.

31999633.DOCX

Following a series of meet and confers and conferences with the Court on May 18, 2010 and June 24, 2010, the Court hereby enters the following order governing jurisdictional discovery:

1. Knauf Gips, KPT, Wuhu and Dongguan will produce hard copies of documents and ESI from January 1, 2005 to September 30, 2009 (the last full month prior to the Requests) that are responsive to the outstanding discovery served by the HSC and PSC.  Such production shall not be construed as a waiver of Knauf Gips' objection that the discovery is contrary to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.  Nor shall such production be construed as a waiver of the HSC's and PSC's position that the relevant time period begins on January 1, 2001.

2. Knauf Gips will produce non-privileged documents in its custody, possession or control concerning any testing of drywall manufactured by KPT, Wuhu or Dongguan.

3. ESI relating to jurisdictional discovery shall be produced according to mutually agreeable search terms and from mutually agreeable custodians.  The parties shall meet and confer regarding the search terms and custodians for collection of ESI on or before July 9, 2010.

4. Knauf Gips, KPT, Wuhu and Dongguan will produce documents as they are kept in the usual course of business by identifying the custodians of the documents by bates range.

5. Knauf Gips, KPT, Wuhu and Dongguan will produce translations of responsive foreign language documents that are maintained in their files in the usual course of business. Nothing in this Order shall require Knauf Gips, KPT, Wuhu or Dongguan to create translations

of foreign language documents that are not otherwise maintained in their files in the usual course of business.

6.  To the extent that any document or ESI is withheld from production on the ground of privilege, or otherwise, Knauf Gips, KPT, Wuhu and Dongguan shall produce a privilege log for any such document or ESI not so produced or withheld consistent with the requirements of PTO No. 15.  To the extent that any document or ESI is withheld from production on the ground that its production would violate China's Law on Safeguarding State Secrets, KPT, Wuhu and Dongguan shall produce a log for any such document or ESI not so produced or withheld.

7.  The production of all responsive documents by Knauf Gips, KPT, Wuhu and Dongguan as to which no objection has been raised must be completed as follows:  the next wave of production shall be on or before July 8, 2010.  A final production date shall be agreed upon after the meet and confer described in paragraph 3.

8.  The Court will address any issues relating to this production at the next monthly status conference on August 12, 2010.

9.  The Rule 30(b)(6) deposition of Knauf Gips shall occur on August 18 and 19 and September 20 and 21, 2010, unless the parties mutually agree to reschedule the deposition to another, agreed date.  The deposition shall occur in the office of defendants' counsel in New York City, or at a mutually agreeable location.  Further, on or before July 31, 2010, Knauf Gips shall provide written notice to the HSC and PSC advising whether the deponent(s) is fluent in English or whether a translator is required.  The PSC and HSC shall have the right, for good cause shown, to re-open the 30(b)(6) deposition of Knauf Gips.

10. By participating in this deposition in the United States, Knauf Gips is not waiving any objections to proper service, jurisdiction or that such discovery is contrary to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters. The HSC and PSC will not attempt service on Knauf Gips' 30(b)(6) representative(s) and service on Knauf Gips' 30(b)(6) representative(s) will not be proper service as Knauf Gips is presenting witnesses in the United States pursuant to this Order only.

11. Counsel for Knauf Gips, KPT, Wuhu and Dongguan shall accept service of notice of depositions for officers, directors or employees of those entities in cases in which those entities have been served. Acceptance of such service shall not constitute a waiver of any objections that such discovery is contrary to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

12. Knauf Gips, KPT, Wuhu and Dongguan are providing discovery in the cases in which they have been served. Such discovery may be used in other cases in which those defendants are later served to the extent permitted by the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

13. This Order is not intended to preclude any party from pursuing further jurisdictional discovery not specifically addressed herein.

NEW ORLEANS, LOUISIANA, this _____ day of July, 2010.

_____
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE