UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

CASE NO. MDL Docket No. 09-2047

SECTION L
JUDGE FALLON
MAGISTRATE JUDGE WILKINSON

IN RE: CHINESE MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

THIS DOCUMENT RELATES TO THE
FOLLOWING CASE
Foster v. Northstar Holdings, Inc., et al.
No. 09-4320

_____/

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO AMEND COMPLAINT**

**I.      INTRODUCTION**

Plaintiff Katherine Foster, by and through their counsel, hereby submit this memorandum of law in support of Plaintiff's Motion to Amend Complaint. Specifically, Plaintiff seeks to amend her Complaint in order to detail new scientific research and testing which has been completed (and remains ongoing) subsequently to the filing of Foster's initial complaint. The substantial scientific research which has been conducted in both the public and private sectors has helped determine the mechanisms which render Chinese manufactured drywall defective and cause the damage to real and personal property in homes where it is installed. Plaintiff Foster must amend her complaint to reflect this new scientific evidence for purposes of determining whether insurance coverage exists in a declaratory judgment action now pending in Florida.

## II.     FACTS

Plaintiff Foster instituted a legal action against the manufacturer, sellers, and distributors of defective drywall in their home (Knauf, Banner, and Rothchilt).  Plaintiff also brought claims against the builder of her home – Northstar Holdings, Inc. and Northstar Homes, Inc. Northstar's commercial general liability insurer filed a declaratory judgment action against Northstar and Foster in Florida seeking a determination that it has no duty to defend or indemnify Northstar for Foster's claims based on certain allegations contained in Foster's original complaint.  [*See* General Fidelity Ins. Co. v. Katherine L. Foster, et al., USDC SDFla., Case No. 09-80743-Moore, D.E. 37].  General Fidelity filed a motion for summary judgment in that action.  [D.E. 37].  Plaintiff Foster has responded to that motion for summary judgment by seeking a stay of her response deadline pending this Court's resolution of this motion to amend because, pursuant to Florida law, an insurer's duty to defend is determined by the amended complaint once one is filed.  "When an amended complaint supersedes an earlier one, the allegations of the amended complaint control the duty to defend." *State Farm Fire & Casualty Co. v. Higgins*, 788 So. 2d 992, 995 (Fla. 4th DCA 2001).  (Citations omitted).  *See also Baron Oil Co. v. Nationwide Mutual Fire Ins. Co.*, 470 So. 2d 810, 815 (Fla. 1st DCA 1985) (when an original complaint has been superseded by an amended complaint, the original complaint can no longer furnish a basis for determining the insurer's duty to defend); *SM Brickell Limited Partnership v. St. Paul Fire & Marine Ins. Co.*, 786 So. 2d 1204, 1206 (Fla. 3d DCA 2001) (amended complaint controls and determines duty to defend).

### III.     ARGUMENT

In determining whether to grant leave to amend a pleading, it is appropriate for a court to consider judicial economy and the most expeditious way to dispose of the merits of litigation. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594 (5th Cir. 1991). "Leave to amend should be freely granted when justice requires." *See Financial Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006). Rule 15(a) of the Federal Rules of Civil Procedure is in accord and requires that when leave of court is sought to file an amended complaint is should be "freely given." Fed.R.Civ.P. 15(a). There is a strong presumption in favor of granting leave to amend a complaint. *Id*. "A district court must possess a "substantial reason" to deny a request for leave to amend." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). Indeed, when ruling on a motion to amend a complaint, the motion to amend should only be denied in very limited circumstances where (1) undue delay has occurred, (2) bad faith exists, (3) repeated failures to cure deficiencies, (4) undue prejudice would occur to the non-movant, or (5) the amendment would be futile. *Smith v. EMC Corp.*, 393 F.3d at 595. Applying these factors, leave to amend is appropriate in this case.

By virtue of the new scientific research and studies conducted on defective Chinese drywall since the inception of this litigation, Plaintiff Foster has developed a greater understanding of the scientific processes occurring in homes containing the drywall. As a consequence, the proposed amendment is not the result of undue delay, bad faith or dilatory motive, nor has there been any repeated failure on Plaintiff's part to cure deficiencies by previous amendments. Under these circumstances, it should be clear that Plaintiffs are not

seeking the amendment to delay these proceedings or to harass the Defendants.[4]  Nor will the proposed amendments result in any undue prejudice to the opposing parties.  The Defendants will not be prejudiced by the proposed amendment since it will have no impact on the claims against them; the amendment will simply provide greater detail regarding the scientific process by which the defective Chinese drywall causes damage and potentially affect whether insurance coverage exists for Defendant Northstar.  Lastly, Plaintiff Foster is unable to conceive of any grounds for concluding that the proposed amendment would be futile.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court grant her Motion to Amend the Complaint.

Respectfully submitted,

/s/ Robert B. Brown, III
Robert B. Brown, III
Florida Bar No. 621609
Bruce Steckler
Texas State Bar No. 00785039
Renee Melancon
Texas State Bar No. 24034573; LA #30273
**BARON & BUDD, P.C**
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
Tel. 214- 521-3605; Fax 214-520-1181
bbrown@baronbudd.com
rmelancon@baronbudd.com
bsteckle@baronbudd.com

---

[4] *Compare, Little v. Liquid Air Corp.*, 952 F.2d 841 (5th Cir. 1992), *reh'g en banc granted*, (Jan. 28, 1992) and on *reh'g en banc*, 37 F.3d 1069(5th Cir. 1994) (where plaintiffs sought to file amendment which would have radically altered the nature of the action well over a year after it was instituted, several months after discovery had effectively terminated, and after the defendant had moved for summary judgment, and further, plaintiffs offered no evidence that the delay was excusable or the result of a mere oversight, District Court's denial of motion was not an abuse of discretion).

and

Jeremy W. Alters, Esquire
(Fla. Bar No. 111790)
Jeremy@alterslaw.com
Alters Law Firm, PA
4141 N. E. 2nd Ave., Suite 201
Miami, Florida 33137
Tel. 305-571-8550
Fax 305-571-8558

**Attorneys for Katherine L. Foster, Plaintiff**

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served on Plaintiffs' Liaison Counsel, Russ Herman at drywall@hhkc.com, and Defendants' Liaison Counsel, Kerry Miller at kmiller@frilot, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 16th day of July, 2010.

/s/ Robert B. Brown, III
Robert B. Brown, III (Florida Bar No. 621609)