UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br>ALL CASES AND<br><br>Amato, et al. v. Liberty Mutual Insurance Company, et. al., Case No. 2:10-cv-932 (E.D.La.) | |

### THE PLAINTIFFS' STEERING COMMITTEE'S MEMORANDUM OF LAW IN SUPPORT OF ITS RULE 6(b) MOTION FOR EXTENSION OF TIME FOR SERVICE OF PROCESS UNDER RULE 4(m) IN *AMATO*

**I.   INTRODUCTION**

The Plaintiffs' Steering Committee ("PSC") hereby requests a stay or an extension of the 120 day period for service of process on the defendants in *Amato, et al. v. Liberty Mutual Insurance Company, et. al.*, Case No. 2:10-cv-932 (E.D.La.). The 120 day period for service of process is presently set to expire on July 17, 2010. Plaintiffs' efforts to serve many of the defendants in *Amato* have been thwarted in part because the defendants in this litigation have been successful in evading service of process.

Given the hardships that Plaintiffs have encountered or anticipate in seeking to accomplish effective service of the *Amato* complaint, the PSC requests that the Court stay and/or extend the 120 day period for service of process under Fed.R.Civ.P. 4(m), as it has for other

1

similar complaints.[1] For the reasons set forth in detail below, there is good cause for an extension of time and/or a stay of the 120 day period for service of process.

## II. FACTS AND PROCEDURAL HISTORY

The Plaintiffs in *Amato* commenced this action on March 19, 2010, by filing the Plaintiffs' Omnibus Class Action Complaint (V) directly in the MDL court. Thereafter, Plaintiffs filed the Amended Omnibus Class Action Complaint (V) (the "Complaint) on May 11, 2010. Pursuant to Fed.R.Civ.P. 4(m), Plaintiffs are required to accomplish service of process within 120 days from the filing of the Complaint by July 17, 2010.

The *Amato* plaintiffs are also parties to the other omnibus class action complaints that were previously filed in this litigation.[2] The *Amato* complaint names the distributors, suppliers, importers, exporters, brokers, developers, builders, contractors, installers (the "Insured Defendants"), and their respective insurance providers (the "Insurance Company Defendants") as defendants. Subordinate to the National Class Actions being pursued in the Omnibus Complaints I-IV, the plaintiffs in *Amato* are participating in subclasses asserting declaratory judgment actions against the Insurance Company Defendants. For purposes of these declaratory judgment actions, Plaintiffs are seeking a declaration mandating coverage by the respective

---

[1] This Court previously granted the PSC's omnibus Rule 6(b) motion for extension of time for service of process under Rule 4(m) by order dated October 21, 2009, *see* document # 379, which permitted a stay or extension for service of process on foreign defendants. The Court has also granted similar Rule 6(b) motions for extension of time for service of process under Rule 4(m) in *Payton*, *see* order dated March 31, 2010 [document # 2268], and *Gross*. *See* order dated February 23, 2010 [document # 1285].

[2] *See Payton, et al. v. Knauf Gips KG, et al.*, No. 09-7628 (E.D.La.) (Omni I); *Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, No. 10-361 (E.D.La.) (Omni II); *Benes, et al. v. Knauf Gips KG, et al.*, No. 09-6690 (E.D.La) (Omni III); and *Rogers, et al. v. Knauf Gips KG, et al.*, No. 10-362 (E.D.La.).

2

Insurance Company Defendants for all damages and remedies under the pertinent insurance policies for which the Insured Defendants are liable.

Shortly after the filing of the Complaint, Plaintiffs engaged APS International, Ltd. ("APS") to handle all matters related to the service of the Complaint. APS has been fully engaged, along with the PSC, in this endeavor since the filing of the Complaint. For instance, upon the filing of the Complaint, Plaintiffs immediately prepared and submitted summonses to the clerk for issuance.

The PSC has experienced considerable delay in serving the Omnibus Complaints I-IV since many of the defendants in these actions have concealed their locations or obfuscated their identity such that Plaintiffs have been unable to serve these complaints within the 120 days provided for service of process. *See* Correspondence (July 9, 2010) of Elizabeth Little, attached hereto as Exhibit "A". Because many of these same defendants are also defendants in *Amato*, Plaintiffs cannot accomplish service of process in *Amato* consistent with the requirements of Fed.R.Civ.P. 4.

### III. **ARGUMENT**

The deadline for serving the Complaint is rapidly approaching on July 17, 2010 and Plaintiffs have been unable to effectuate service of process on the vast majority of the *Amato* defendants. Since there is a limited amount of time remaining to accomplish service of process, it is doubtful the PSC will be able to serve the Complaint on these defendants before July 17, 2010. Additionally, the service of the Complaint on the defendants has been further complicated since the PSC has learned that many such defendants have deliberately concealed their identities and/or otherwise hindered plaintiffs in effectuating service of process. Because Plaintiffs are

3

unable to accomplish service on all defendants within the 120 days provided for by Fed.R.Civ.P. 4(m), relief in the form requested by the instant motion is necessary.

The defendants in this litigation have taken measures to avoid service of process by either disappearing altogether,[3] by refusing to accept service on technicalities,[4] or by refusing/evading service where the PSC has attempted service at a proper address.[5] The PSC anticipates that it will encountered similar problems in attempting service of the *Amato* complaint (*i.e.*, since many of the defendants from these earlier cases are also defendants in *Amato*). *See* Correspondence of Elizabeth Little (stating Plaintiffs do not have proper service addresses for several of the *Amato* defendants, detailing how the defendants in this litigation have deliberately evaded service of process, and reporting it is common for registered agents to return documents thirty or forty days after the documents are served). Thus, there are some defendants that Plaintiffs will be unable to

---

[3] There have been multiple instances where APS has discovered vacant properties and/or learned that a defendant has relocated to an unknown address. Examples of such defendants are Aced Interior Drywall; A1 Brothers, Inc.; Alternate Source, Inc.; Caribe Central LLC; Century Builders Group, Inc.; Elite Construction Co. SW Inc.; Elite Home Construction Inc.; Floridian Gulf Coast Homes, Inc.; Fortis Construction, LLC; Graf's Drywall, LLC; J&J Builders Northshore, Inc.; and JB Plaster, Inc.

[4] For instance, GL Homes has refused to accept service of the *Payton* Complaint since it claims its registered name is "GL Homes Limited Corporation".

[5] The PSC has been unable to accomplish service on several defendants that have service addresses within gated communities. Examples of such entities are B.B.S. Builders, Inc.; Hansen Homes, Inc.; JPG Enterprises, Inc.; and Majestic Homes & Realty SW LLC. Similarly, other defendants have repeatedly evaded service even though the PSC has proper service addresses. Examples of such defendants are S&O Investments, LLC (six unsuccessful attempts to serve at correct address); RJM Homes, Inc. (four unsuccessful attempts to serve defendant who has refused to open the door); Bella Builders, Inc. (four unsuccessful attempts to serve registered agent at correct address); Central Peninsula Contracting LLC (eleven unsuccessful attempts to serve registered agent at correct address); Christopher M. Odom (six unsuccessful attempts to serve at correct address).

locate within the 120 days for service and/or who will be uncooperative in accepting service of process once they are located.

In light of the above impediments, there is good cause to extend the 120 day period for service of process and/or to stay the period for service of process. *See* Rule 6(b)(1) ("[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time …").[6] Just as this Court has allowed for other extensions of time for service of process under Rule 4(m), *see* Oder dated October 21, 2009, good cause exists for a similar extension.

---

[6] It is well established that courts have the ability to stay the 120 day period for service of process under Rule 4(m). *See Snyder v. Hall*, 2008 WL 2838814, * 2 (C.D.Ill. 2008) (complete stay of the litigation operated to stay plaintiff's duty to serve the defendant within 120 days of the filing of the complaint); *Denton v. United States of America*, 2006 WL 3783595, * 1-2 (N.D.Ga. 2006) (ruling that plaintiff's attempt to serve defendants during a stay were invalid, and that the stay tolled the running of the 120 day period for service under Rule 4(m)); *Vitaich v. City of Chicago*, 1995 WL 493468, * 5 (N.D.Ill. 1995) (determining that stay of proceedings operated to toll the running of the 120 day for service under Rule 4(m)).

## IV. CONCLUSION

Accordingly, the PSC respectfully requests that the Court grant the relief requested in the instant motion by either extending the period of time for service of process or by staying the 120 days for service of process under Rule 4(m).

Respectfully submitted,

Dated: July 16, 2010

/s/ Russ M. Herman
Russ M. Herman, Esquire (LA Bar No. 6819)
Leonard A. Davis, Esquire (LA Bar No. 14190)
Stephen J. Herman, Esquire (LA Bar No. 23129)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Matthew C. Gaughan (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Victor Manuel Diaz
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Jeremy W. Alters
Alters, Boldt, Brown, Rash & Culmo, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@abbrclaw.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com