UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED | * | MDL NO. 2:09-md-02047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | JUDGE FALLON |
| | * | |
| THIS DOCUMENT RELATES TO: | * | MAGISTRATE WILKINSON |
| | * | |
| SEAN AND BETH PAYTON, et al | * | |
| VS. | * | |
| KNAUF GIPS, et al | * | |
| CASE NO. 2:09-cv-7628 | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

### JOHN KORN BUILDERS, LLC'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

**COMES NOW** Defendant, John Korn Builders, LLC ("Movant"), by and through its attorneys at Galloway, Johnson, Tompkins, Burr & Smith, and seeks dismissal of all claims filed against it, pursuant to Fed.R.Civ.Proc. 56, based upon the fact that Movant did not select, purchase, supply, install, or in any way place defective drywall into the home of any Plaintiff, and therefore, Movant is not liable under any theory asserted by Plaintiffs. In support of its Motion, Movant submits its statement of undisputed material facts.

### UNDISPUTED MATERIAL FACTS

On December 9, 2009, Plaintiffs filed their tag-along Omnibus Class Action Complaint against over 500 Defendants, including Movant. In the Complaint, Movant is listed as a member of the Developer/Builder Subclass.[1] Throughout the Complaint, Plaintiffs allege the Defendants collectively designed, manufactured, exported, imported, distributed, delivered, supplied, inspected, installed, marketed, and/or sold defective drywall.[2] Against Movant, the Complaint alleges Movant "directly or through agents, installed defective drywall in these homes, which has

---

[1] *See* Complaint [1], ¶ 2301.

resulted in harm and damages to Subclass members as described herein."[3]  Of the 2,000+ Plaintiffs originally named in the Payton Complaint, Movant contracted with only two Plaintiffs for the construction of their homes: Marshall Eleuterius and Gregory Eleuterius.[4]

On May 17, 2010, Plaintiffs moved to dismiss certain plaintiffs and defendants from this lawsuit, including Gregory Eleuterius and his wife Elizabeth Elueterius, and the motion was granted on May 18, 2010. (See Order [3160]). Meanwhile, two months prior, on March 18, 2010, Mary Anne Benes' submitted her Substituted and Amended Omnibus Class Action Complaint in Intervention (III) filed in the *David Gross, et. al. vs. Knauf Gips KG, et. al.*, Case No. 09-6690. In the Complaint in Intervention, Gregory and Elizabeth Eleuterius asserted against Movant the same claims they once asserted in this instant lawsuit.  The Complaint in Intervention was served on Movant on May 25, 2010.[5]

The instant Motion focuses on Marshall and Tasha Eleuterius since they are the only remaining plaintiffs asserting claims against Movant; a similar Motion for Summary Judgment will be filed in the *Gross* matter concerning Gregory and Elizabeth's claims.  Movant's contract with Marshall Eleuterius was signed February 5, 2006.[6] The real property of Marshall and Tasha Eleuterius is located at 6405 Seawinds Boulevard, Biloxi, Mississippi 39532.[7]  Movant was completely paid for its services by September 18, 2006.[8] Marshall and Tasha Eleuterius' home passed final inspection with the Jackson County permitting office on October 3, 2006.[9]

---

[2] *Id*. at ¶¶ 2611, 2615, 2616, 2641, 2643, 2649, 2650, 2656, 2663, 2666, 2675, 2687, 2744, 2745.
[3] *Id*. at 2301.
[4] *See* Schedule "3"—Builder/Developer List of Subclasses to Plaintiffs Omnibus Class Action Complaint (I) [1-12], pg. 30 of 67, reference of Defendants' Subclass #226, which identifies the Eleteriuses as the Plaintiffs against Movant; *See also* **Exhibit A**, Affidavit of John Korn which attaches as Exhibits 1 and 2 the contracts with Marshall Eleuterius and Gregory Eleuterius respectively.  Although Plaintiffs amended their original claim, the causes of action against Movant did not change.
[5] *See* Affidavit of Service, Lexis Nexis File and Serve Transaction No. 31811172.
[6] *See* the contract, attached as Exhibit 1 to **Exhibit A**.
[7] *See* Complaint [1], ¶52; see also contract of Marshall Eleuterius and John Korn Builders attached as Exhibit 1 to **Exhibit A**, Affidavit of John Korn.
[8] *See* **Exhibit A**, Affidavit of John Korn.
[9] *See* **Exhibit F**, records from Jackson County.

Although Movant contracted to be the Eleuterius' builder, Movant did NOT select, purchase, supply, install or in any other way place defective drywall in their home. In fact, Marshall and Tasha Eleuterius had their own account at Bailey Lumber & Supply Company ("Bailey") and independently purchased supplies for their home from Bailey, including but not limited to all drywall.[10]  Movant did not did not recommend or tell the Eleuteriuses which drywall to purchase.[11]

Not only did the Eleuteriuses independently purchase the drywall used in the construction of their home, they independently paid subcontractors to install the drywall.[12]  Movant had no knowledge that any of the drywall purchased by the Eleuteriuses contained gypsum or was in any way defective.[13]  Similarly, because there were no warnings about Chinese drywall and because Movant is not an expert in drywall, Movant had no way of knowing the drywall purchased by the Eleuteriuses and installed by others was defective.[14]

Movant did NOT: 1) pass off goods or services as those of another; 2) misrepresent the source, sponsorship, approval or certification of goods or services; 3) misrepresent affiliation, connection or association with, or certification by another; 4) misrepresent designations of geographic origin in connection with goods or services; 5) represent the goods or services as having sponsorship, approval, characteristics, ingredients, uses, benefits or qualities that they do not have; 6) represent the goods are original or new if they are reconditioned, reclaimed, used, or second hand; 7) represent the goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; 8) disparage the goods, services, or business of another by false or misleading representation of fact; 9) Advertise goods

---

[10] *See* **Exhibit A**, Affidavit of John Korn. *See also* **Exhibit C**, letter from Plaintiffs' counsel confirming the Eleuterius' Bailey account.
[11] *See* **Exhibit A**, Affidavit of John Korn.
[12] *Id.*
[13] *Id.*
[14] *Id.*

or services with intent not to sell them as advertised; 10) Advertise goods or services with intent not to supply reasonably expected public demand; or 11) misrepresent facts concerning the reasons for, existence of, or amounts of price reductions.[15] In short, Movant made no representations or misrepresentations about the drywall purchased by Plaintiffs and installed by others.[16]

Counsel for Movant attempted to obtain a voluntary dismissal based on the fact Movant had nothing to do with the selection, purchase, or installation of any drywall in Plaintiffs' homes.[17] Plaintiffs responded on May 17, 2010 that they would not dismiss Movant, although they made no allegation that Movant selected or installed the drywall; in any event, the letter confirmed that the Eleuteriuses purchased the drywall.[18] On June 2, 2010, Movant's counsel once again wrote Plaintiffs' counsel asking for dismissal.[19] Counsel for Movant pointed out, "What is important is that John Korn Builders did not 1) tell the Eleuteriuses which the type of drywall to purchase, 2) sell the drywall to the Eleuteriuses, or 3) install the drywall. Under substantive Mississippi law (which controls Plaintiffs' claims), we believe Plaintiffs' claims against John Korn Builders should be dismissed."[20] Despite Movant's request for a response within ten days, Plaintiffs' counsel responded on July 7, 2010, stating Plaintiffs will not dismiss John Korn Builders.[21]

Respectfully submitted, this 16th day of July, 2010.

JOHN KORN BUILDERS, LLC

By: /s/ Kevin L. Cole
KEVIN L. COLE, LA Bar No. 04248

---

[15] *Id.*
[16] *Id.*
[17] *See* **Exhibit B**, letter to Plaintiffs' counsel dated May 14, 2010.
[18] *See* **Exhibit C**, letter from Plaintiffs' counsel dated May 17, 2010.
[19] *See* **Exhibit D**, letter to Plaintiffs' counsel dated June 2, 2010.
[20] *Id.*
[21] *See* **Exhibit E**, Letter from Plaintiffs' counsel dated July 7, 2010.

**KEVIN L. COLE, LA Bar No. 04248**
Email: kcole@gjtbs.com
**ANDREW J. GIBSON, LA Bar No. 29583**
Email:  agibson@gjtbs.com
GALLOWAY, JOHNSON, TOMPKINS,
   BURR & SMITH
#3 Sanctuary Boulevard – Suite 301
Mandeville, Louisiana  70471
Phone:  (985) 674-6680
Facsimile: (985) 674-6681
*Attorneys for John Korn Builders, LLC*

-and-

**LARRY CANADA, LA Bar No. 17894**
Email:  lcanada@gjtbs.com
**KATHRYN BREARD PLATT, LA  Bar No. 29776**
Email:  kplatt@gjtbs.com
GALLOWAY, JOHNSON, TOMPKINS,
   BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana  70139
Phone: (504) 525-6802
Facsimile:  (504) 525-2456
*Attorneys for John Korn Builders, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify the above and foregoing *John Korn Builders, LLC's Statement of Undisputed Material Facts in Support of Motion for Summary Judgment* has been served on Plaintiffs' Liaison Counsel, Russ Herman, Herman, Herman, Katz & Cotlar, LLP, 820 O'Keefe Avenue, Suite 100,  New Orleans, Louisiana 70113, rherman@hhkc.com, and Defendants' Liaison Counsel, Kerry Miller, Frilot, L.L.C., Suite 3700, 1100 Poydras Street, New Orleans, Louisiana 70163, kmiller@frilot.com, by U.S. Mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing in accordance with procedures established in MDL 2047, on this 16th day of July, 2010.

                                      */s/ Kevin L. Cole*
                                        KEVIN L. COLE, LA Bar No. 04248