## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED | * | MDL NO. 2:09-md-02047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | JUDGE FALLON |
| | * | |
| THIS DOCUMENT RELATES TO: | * | MAGISTRATE WILKINSON |
| | * | |
| DAVID GROSS, et al | * | |
| VS. | * | |
| KNAUF GIPS GP, et al | * | |
| CASE NO. 09-6690 | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF JOHN KORN BUILDERS, LLC'S MOTION FOR SUMMARY JUDGMENT

### MAY IT PLEASE THE COURT:

Defendant, John Korn Builders, LLC (improperly named in the Complaint in Intervention as Jim Korn Builders, LLC) ("Movant"), seeks dismissal of all claims filed against it, pursuant to Fed.R.Civ.Proc. 56, based upon the fact that Movant did not select, purchase, supply, install, or in any way place defective drywall into the home of any Plaintiff.

### BACKGROUND FACTS

Movant was initially notified of claims against in through service of the Payton Omnibus Class Action Complaint (I). Of the 2,000+ Plaintiffs originally named in the Payton Complaint, Movant contracted with <u>only two</u> Plaintiffs for the construction of their homes: Marshall Eleuterius and Gregory Eleuterius.[1] On May 17, 2010, the Payton plaintiffs moved to dismiss certain plaintiffs and defendants from that lawsuit, including Gregory and Elizabeth Eleuterius,

---

[1] *See* Schedule "3"—Builder/Developer List of Subclasses to Plaintiffs Omnibus Class Action Complaint (I) [1-12], pg. 30 of 67, reference of Defendants' Subclass #226, which identifies the Eleuteriuses as the Plaintiffs against Movant; *See also* **Exhibit A**, Affidavit of John Korn which attaches as Exhibits 1 and 2 the contracts with Marshall Eleuterius and Gregory Eleuterius respectively. Although Plaintiffs amended their original claim, the causes of action against Movant did not change.

and the motion was granted on May 18, 2010. (See Order [3160]). Meanwhile, two months prior, on March 18, 2010, Mary Anne Benes' submitted her Substituted and Amended Omnibus Class Action Complaint in Intervention (III) filed in the instant matter. Of the over 1,000 Plaintiffs named in the Complaint in Intervention, only Gregory and Elizabeth Eleuterius assert claims against Movant[2], and Gregory and Elizabeth Eleuterius' claims against Movant are the same claims they once asserted in the Payton Complaint.[3] The Complaint in Intervention was served on Movant on May 25, 2010.[4]

Because a Motion for Summary Judgment is being filed in *Payton* regarding the claims asserted by Marshall and Tasha Eleuterius, the instant motion focuses on the claims asserted against Movant by Gregory and Elizabeth Eleuterius in this case. The real property of Gregory and Elizabeth Eleuterius is located at 6401 Seawinds Boulevard, Biloxi, Mississippi 39532.[5] By November 16, 2006, Movant was fully paid for its services.[6] Gregory and Elizabeth Eleuterius' home passed final inspection on November 14, 2006.[7] Movant has never been notified of any structural defects concerning the home as a result of non-compliance with building standards.[8]

Although Movant contracted to oversee the construction of Marshall and Elizabeth Eleuterius' home, Movant did NOT select, purchase, supply, install or in any way place defective drywall in Plaintiffs' home. In fact, Gregory and Elizabeth Eleuterius had their own account at

---

[2] *See* Schedule "2"—List of Builder/Developer Subclasses to Mary Anne Benes' Substituted and Amended Omnibus Class Action Complaint (III), reference of Defendants' Subclass #142.
[3] Because a Motion for Summary Judgment is being filed in *Payton* regarding the claims asserted by Marshall and Tasha Eleuterius, the instant motion focuses on the claims asserted by Gregory and Elizabeth Eleuterius in the instant lawsuit.
[4] *See* Affidavit of Service, Lexis Nexis File and Serve Transaction No. 31811172.
[5] *See* Complaint [1], ¶52; *see also* contract of Marshall Eleuterius and John Korn Builders attached as Exhibit 2 to **Exhibit A**, Affidavit of John Korn.
[6] *See* **Exhibit A**, Affidavit of John Korn.
[7] *See* **Exhibit F**, records from Jackson County.
[8] *See* **Exhibit A**, Affidavit of John Korn.

Bailey Lumber & Supply Company ("Bailey") and independently purchased supplies for their home from Bailey, including but not limited to all drywall.[9]

Before filing this Motion, Movant's counsel requested a voluntary dismissal.[10]   In response, Plaintiffs' counsel stated his clients would not voluntarily dismiss Movant; however, counsel confirmed that Plaintiffs had their own accounts at Bailey for the purchase of supplies for their home.[11]   While counsel averred that Plaintiffs did not select or install the drywall, he did NOT aver that Movant selected or installed the drywall.[12]   Accordingly, on June 2, 2010, Movant's counsel again asked for dismissal, this time pointing out the legal support for dismissal.[13]   In the June 2 letter, Movant's counsel pointed out that what is important is that John Korn Builders did not 1) tell the Eleuteriuses which the type of drywall to purchase, 2) sell the drywall to the Eleuteriuses, or 3) install the drywall.[14]   Movant's counsel further pointed out that under substantive Mississippi law (which controls Plaintiffs' claims), Plaintiffs' claims should fail.[15]   Despite Movant's request for a response within ten days, Plaintiffs' counsel responded on July 7, 2010, stating Plaintiffs will not dismiss John Korn Builders.[16]

Remarkably, Plaintiffs have yet to provide any factual or legal support for their refusal to dismiss John Korn Builders from this litigation.  Summary judgment is proper in this early stage of litigation, because Movant should not be forced to expend money defending a frivolous lawsuit.

---

[9] *See* **Exhibit A**, Affidavit of John Korn. *See also* **Exhibit C**, letter from Plaintiffs' counsel confirming the Eleuterius' Bailey account.
[10] *See* **Exhibit B**, Letter to Plaintiffs' counsel dated May 14, 2010.
[11] *See* **Exhibit C**, Letter from Plaintiffs' counsel dated May 17, 2010.
[12] *Id*.
[13] *See* **Exhibit D**, Letter to Plaintiffs' counsel dated June 2, 2010.
[14] *Id*.
[15] *Id*.

## LAW AND ARGUMENT

**A.     Summary Judgment Standard**

The United States Court of Appeals for the Fifth Circuit has set forth the standard for determining when summary judgment is appropriate as follows:

> [S]ummary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party, the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law."

*Blakely v. State Farm Mutual Automobile Ins. Co.*, 406 F.3d 747, 750-51 (5th Cir. 2005); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  A party may move for summary judgment at any time, and "[t]he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.Proc. 56(c)(2). The moving party has the initial burden of showing that there is no genuine issue of material fact.  *Anderson*, 477 U.S. at 256.  The burden on the moving party may be discharged by "showing", i.e. pointing out to the District Court, that there is <u>an absence of evidence</u> to support the nonmoving party's case. *Celotex*, 477 U.S. 317.

Once the moving party has carried its burden under Rule 56(c), the nonmoving party must do more than merely show that there is some metaphysical doubt as to the material facts. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The non-movant may not rest on pleadings, but must set forth <u>specific facts</u> showing a genuine issue for trial.  *Anderson*, 477 U.S. at 248, 256 (emphasis added).  The non-movant cannot satisfy his summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a

---

[16] *See* **Exhibit E**, Letter from Plaintiffs' counsel dated July 7, 2010.

scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). "Moreover, the nonmoving party's burden is not affected by the type of case; summary judgment is appropriate in any case 'where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.'" *Id.* (citing *Armstrong v. City of Dallas*, 997 F.2d 62 (5th Cir.1993)). "If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted." *Id.* at 1076.  A defendant should not be forced to expend money defending a case that has no merit. *Id.*

**B.      Movant is entitled to summary judgment on all issues.**

The real property of Gregory and Elizabeth Elueterius is situated in Mississippi, and the losses which allegedly occurred to the Eleteriuses occurred in Mississippi. Therefore, Mississippi substantive law applies. *See Hernandez v. Knauf Gips KG, et al.*, case no. 09-6050, [2713], pg. 44; *In re Chinese Manufactured Drywall Products Liability Litigation*, --- F.Supp.2d ----, 2010 WL 1445684 at *31 (E.D.La. 2010). The Complaint alleges several categories against all defendants, including, but not limited to, strict liability, negligence, negligence *per se*, breach of warranty, breach of contract, unjust enrichment, and violation of the Consumer Protection Act. All claims against Movant should be dismissed.

**1.      Strict Liability**

Plaintiffs assert "Defendants were in the business of distributing, delivering, supplying, inspecting, marketing, and/or selling drywall for sale to the general public."[17]  Plaintiffs aver that because the drywall is defective and Defendants placed the defective wall in the stream of commerce, all Defendants are strictly liable for Plaintiffs' damages.[18]

In *State Stove Manufacturing Co. v. Hodges*, 189 So.2d 113 (Miss.1966), cert. denied 386 U.S. 912, 87 S.Ct. 860, 17 L.Ed.2d 784 (1967), the Mississippi Supreme Court adopted the

---

[17] *See* Complaint in Intervention, ¶ 1476.

doctrine of strict liability under Section 402A of the American Law Institute's Restatement of Torts (Second). *Scordino v. Hopeman Bros., Inc.*, 662 So.2d 640, 642 (Miss. 1995). With the adoption of Miss. Code Ann. § 11-1-63, common law strict liability as laid out in *State Stove* is no longer the authority on the necessary elements of a products liability action; however, "the concept of strict liability is still quite alive within the statute, and the principles in *State Stove* are a driving force in products liability actions even after adoption of the statute." *Huff v. Shopsmith, Inc.*, 786 So.2d 383, 387 (Miss. 2001).

"The applicability of the strict liability doctrine depends upon, among other things, whether the defendant is a manufacturer or seller in the business of selling a defective product." *Scordino*, 662 So.2d at 642 (citing *Harmon v. National Automotive Parts Ass'n*, 720 F.Supp. 79, 80 (N.D.Miss.1989)). In *Scordino*, the Mississippi Supreme Court was called upon to determine "whether a joiner subcontractor, in the business of installing shipboard furniture, beds, box berthing, non-structural bulkheads, overheads, installation, etc., is strictly liable or negligent as a manufacturer or a seller under Section 402A of the Restatement Second of Torts for installing and supplying asbestos paneling as required under the subcontract." 662 So.2d at 641-41. The Court examined cases in other jurisdictions which "stand for the proposition that a contractor/subcontractor is not a seller, within the scope of Section 402A of Restatement (Second) of Torts, and is therefore not liable for any component parts it may supply in compliance with the performance of a job or service." *Id*. at 645. The Court concluded the defendant, as a subcontractor, merely supplied the materials to complete the service for which it was hired pursuant to the contract between the parties. *Id*.

In *Moore v. Jesco, Inc.*, the Mississippi Supreme Court held that an "improvement to real property" is not a "product," and therefore, "an action based on strict products liability will not

---

[18] *See* Count III of the Complaint in Intervention.

lie." *Ferrell v. River City Roofing, Inc.*, 912 So.2d 448, 457 (Miss. 2005) (citing *Moore*, 531 So.2d 815, 817 (Miss.1988)).

In the present case, not only is there no direct allegation that Movant was a manufacturer or seller of drywall, it is undisputed that Bailey was the seller of the Chinese-manufactured drywall. Instead, Plaintiffs allege Movant was a builder who installed defective drywall in their home. Not only was Movant NOT a manufacturer or seller of drywall, Movant did NOT select, purchase, supply or install the drywall in the Eleuteriuses' home. Again, even if Movant did select, purchase, supply or install the drywall, under *Scortino* Movant would not be strictly liable for any defects in the drywall. Accordingly, Movant is entitled to summary judgment on all strict liability and products liability claims.

### 2.    Negligence

Under Mississippi law, "[a] claim of negligence requires the plaintiff to 'prove by a preponderance of the evidence (1) duty, (2) breach of duty, (3) causation, and (4) injury.'" *Smith v. Campus Edge of Hattiesburg, LLC*, 30 So.3d 1284, 1287-88 (Miss.App. 2010) (quoting *Patterson v. Liberty Assocs., L.P.*, 910 So.2d 1014, 1019 (¶ 14) (Miss.2004)). "Failure to present sufficient proof as to any one of these elements requires that the entire claim be denied." *Little v. Miller*, 909 So.2d 1256, 1259 (Miss.App. 2005) (citing *Foster by Foster v. Bass*, 575 So.2d 967, 972 (Miss.1990)). "In analyzing an actor's alleged negligence, [the] Court asks whether a duty exists and whether it has been breached. That is a question of law." *Rein v. Benchmark Const. Co*, 865 So.2d 1134, 1143 (Miss. 2004). Additionally, the "important component of the existence of the duty is that the injury is 'reasonably foreseeable.'" *Id.* (quoting *Lyle v. Mladinich*, 584 So.2d 397, 399 (Miss.1991)).

In this case, what is important is that <u>Movant did not select, purchase or install the subject drywall</u>. Nevertheless, it appears the Eleuteriuses are contending that Movant had a duty to warn

them of the dangers of Chinese Drywall.  In *Scordino, supra*, the plaintiffs contended that the paneling installer was "negligent in its failure to warn the plaintiffs of the hazards of asbestos" and that "any prudent company knew or should have known that asbestos was a dangerous substance when inhaled." 662 So.2d at 646.  The plaintiffs further argued that the installer "was under a duty to warn bystanders of the inherent risks involved in breathing the asbestos when it was sawed" and the installer "aided and abetted the manufacturers of Marinite and Micarta in the commission of a tort action against the plaintiffs." *Id*.  The Mississippi Supreme Court concluded that the paneling installer was not negligent and had no duty to warn. The Court opined, "As a manufacturer or seller, it is very true that Hopeman would have had a duty, as a matter of law, to warn of any known hazards. *Swan v. I.P., Inc.*, 613 So.2d 846 (Miss.1993). However, as previously indicated, we conclude that Hopeman is not a seller or a manufacturer." *Id*.

While *Scordino* concerns asbestos, the principals are closely in line with Chinese Drywall.  There was no indication when the Eleuteriuses' home was built that the drywall *they* purchased and paid to have installed contained chemicals that would cause corrosion or other side effects.  Also, Movant was not aware, nor could it have been aware, of hazards inherent or latent in the Chinese Drywall, because no reported problems had been made to Movant. Furthermore, Movant is not an expert in drywall and had no way of knowing, testing or detecting defects in the drywall. Most importantly, Movant is not in the business of manufacturing or selling any drywall products, so it did not represent that it could or would inspect materials purchased by the Eleuteriuses for installation in their homes.[19]

Plaintiffs have not alleged that the installation of the drywall was negligent, only the use of the drywall was negligent. However, the Eleuteriuses purchased the drywall, not Movant. Importantly, Movant did not tell the Eleuteriuses which drywall to purchase.  There was no

---

[19] *See* **Exhibit A**, Affidavit of John Korn.

warning or indication to Movant that the drywall selected by the Eleuteriuses and installed by others was defective. Specifically, the drywall purchased by the Eleuteriuses was installed by subcontractors directly paid by the Eleuteriuses. Finally, because the phenomenon of Chinese Drywall was not known to Movant at the time the subject homes were constructed, there is no way Movant could have reasonably foreseen the damages the drywall could cause.[20] Accordingly, Movant is entitled to summary judgment on all negligence issues.

### 3.    Breach of Contract and Warranty

Plaintiffs allege Movant breached its contract and warranties because their home is not fit for its intended purpose.[21] The only claim for breach of contract is that defendants promised to build Plaintiffs a home that is free from defects.[22] Yet, as demonstrated by the contract entered into between Gregory Eleuterius and Movant, Movant did NOT promise to build a home that would be free from defects.[23] Movant merely agreed to furnish a one year Home Warranty, and that one year home warranty has long since passed given that Gregory and Elizabeth Eleuterius' home passed final inspection on November 14, 2006 and final payment for Movant's services was made by November 16, 2006.[24]

Although couched in terms of breach of contract, Plaintiffs' claims are essentially claims under the Mississippi New Home Warranty Act. Miss. Code Ann. § 83-58-5. Section 83-58-5 provides in part:

> (1) Subject to the exclusions provided in this section, every builder warrants the following to the owner:

---

[20] *Id.*
[21] *See* Complaint in Intervention, Count IV.
[22] *Id.*, ¶1521.
[23] *See* contract of Marshall Eleuterius and John Korn Builders attached as Exhibit 2 to **Exhibit A**, Affidavit of John Korn.
[24] *Id*; *see also* **Exhibit A**, Affidavit of John Korn; *see also* **Exhibit F**, Records from Jackson County showing the Eleuteriuses' home passed final inspection on November 14, 2006.

(a) One (1) year following the warranty commencement date, the home will be <u>free from any defect</u> <u>due to noncompliance with the building standards</u>.

(b) Six (6) years following the warranty commencement date, the home will be <u>free from major structural defects</u> <u>due to noncompliance with the building standards</u>.

(2) Unless the parties otherwise agree in writing, <u>the builder's warranty shall exclude the following items</u>:
...

(e) Any defect in, or any defect caused by, materials or work <u>supplied by anyone other than the builder</u>, or any employee, agent or subcontractor of the builder.
...

(emphasis added).

Movant did not breach its warranty. First, Plaintiffs have not alleged any defect due to noncompliance with the building standards. Second, the one (1) year warranty found in Section 83-58-5(1)(a) has prescribed. Third, the six (6) year warranty only applies to major structural defects due to noncompliance with building standards. Plaintiffs have made no allegation that their home has suffered major structural defects. Indeed, the alleged defective material is the drywall, which was supplied by the homeowners themselves, not the Movant.[25] Fourth, and most importantly, because the Plaintiffs supplied the defective material (i.e. drywall), any defect in or caused by the drywall is excluded from the warranty. Therefore, all claims under the Act should be dismissed.

In short, Movant should not be forced to defend a lawsuit where the product complained of was purchased by the Plaintiffs. Accordingly, Plaintiffs' breach of contract and warranty claims should be dismissed.

### 4.      Mississippi Consumer Protection Act

Plaintiffs assert a claim "for relief under the various Consumer Protection Acts of the jurisdictions in which affected properties are present."[26]  As stated above, the subject property is located in Mississippi, and therefore, the Mississippi Consumer Protection Act is at issue. The Mississippi Consumer Protection Act is found in Miss. Code Ann. § 75-24-1, *et. seq.* The Act prohibits "[u]nfair methods of competition affecting commerce and unfair or deceptive trade practices in or affecting commerce." Miss. Code Ann. § 75-24-5(1).   Under the Act, the following are prohibited:

> (a) Passing off goods or services as those of another;
>
> (b) Misrepresentation of the source, sponsorship, approval, or certification of goods or services;
>
> (c) Misrepresentation of affiliation, connection, or association with, or certification by another;
>
> (d) Misrepresentation of designations of geographic origin in connection with goods or services;
>
> (e) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he does not have;
>
> (f) Representing that goods are original or new if they are reconditioned, reclaimed, used, or secondhand;
>
> (g) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;
>
> (h) Disparaging the goods, services, or business of another by false or misleading representation of fact;
>
> (i) Advertising goods or services with intent not to sell them as advertised;

---

[25] *See* **Exhibit A**, Affidavit of John Korn.
[26] *See* Complaint in Intervention, ¶1574; *see also* Count XIV.

(j) Advertising goods or services with intent not to supply reasonably expectable public demand, unless the advertisement discloses a limitation of quantity;

(k) Misrepresentations of fact concerning the reasons for, existence of, or amounts of price reductions;

(l) Advertising by or on behalf of any licensed or regulated health care professional which does not specifically describe the license or qualifications of the licensed or regulated health care professional;

(m) Charging an increased premium for reinstating a motor vehicle insurance policy that was cancelled or suspended by the insured solely for the reason that he was transferred out of this state while serving in the United States Armed Forces or on active duty in the National Guard or United States Armed Forces Reserve. …

Miss. Code Ann. § 75-24-5(2).

"In any private action brought under this chapter, the plaintiff must have first made a reasonable attempt to resolve any claim through an informal dispute settlement program approved by the Attorney General." Miss. Code Ann. 75-24-15(2). "In any action or counterclaim under this section of this chapter, a prevailing defendant may recover in addition to any other relief that may be provided in this section costs and a reasonable attorney's fee, if in the opinion of the court, said action or counterclaim was frivolous or filed for the purpose of harassment or delay." Miss. Code Ann. § 75-24-15(3).  "Nothing in this chapter shall be construed to permit any class action or suit, but every private action must be maintained in the name of and for the sole use and benefit of the individual person." Miss. Code Ann. § 75-24-15(4).

The Eleuteriuses bring their Consumer Protection Act claims before this court without prior attempts to settle the dispute. In any event, these claims are frivolous against Movant. Movant did NOT: 1) pass off goods or services as those of another; 2) misrepresent the source, sponsorship, approval or certification of goods or services; 3) misrepresent affiliation,

connection or association with, or certification by another; 4) misrepresent designations of geographic origin in connection with goods or services; 5) represent the goods or services as having sponsorship, approval, characteristics, ingredients, uses, benefits or qualities that they do not have; 6) represent the goods are original or new if they are reconditioned, reclaimed, used, or second hand; 7) represent the goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; 8) disparage the goods, services, or business of another by false or misleading representation of fact; 9) Advertise goods or services with intent not to sell them as advertised; 10) Advertise goods or services with intent not to supply reasonably expected public demand; or 11) misrepresent facts concerning the reasons for, existence of, or amounts of price reductions.[27]

As stated above, the Eleuteriuses purchased the drywall themselves. Movant had no input on the selection of the drywall.  Movant did not know and had no way of knowing that the drywall selected by Plaintiffs was defective.  As such, Plaintiffs' claims against Movant should be dismissed with prejudice.  Additionally, under Miss. Code Ann. § 75-24-15(3), Movant is entitled to recover its costs and attorney's fees in defending this action.

## CONCLUSION

Movant is entitled to judgment as a matter of law because Movant did not design, manufacture, export, import, distribute, deliver, supply, inspect, install, market, and/or sell defective drywall to any Plaintiff, including the Eleuteriuses. Moreover, it was the Eleuteriuses themselves who purchased the subject drywall and paid the subcontractors to install same. What is important is that John Korn Builders did not 1) tell the Eleuteriuses which type of drywall to purchase, 2) sell the drywall to the Eleuteriuses, or 3) install the drywall. Movant had no way of knowing that the drywall was defective.  Additionally, the Eleuteriuses' home passed final

---

[27] *Id.*

inspection with the Jackson County permitting office on November 14, 2006 and the Elueteriuses fully paid Movant for its services by November 16, 2006. Therefore, Movant should be dismissed from this matter with prejudice at Plaintiffs' sole cost. Furthermore, because Movant requested that Plaintiffs voluntarily dismiss Movant based on these facts and Plaintiffs refused, Movant should be awarded attorney's fees and costs associated with defending this frivolous action.

Respectfully submitted, this 16th day of July, 2010.

JOHN KORN BUILDERS, LLC

By:  _/s/  Kevin L. Cole_____
KEVIN L. COLE, LA Bar No. 04248

**KEVIN L. COLE, LA Bar No. 04248**
Email: kcole@gjtbs.com
**ANDREW J. GIBSON, LA Bar No. 29583**
Email:  agibson@gjtbs.com
GALLOWAY, JOHNSON, TOMPKINS,
  BURR & SMITH
#3 Sanctuary Boulevard – Suite 301
Mandeville, Louisiana  70471
Phone:  (985) 674-6680
Facsimile: (985) 674-6681
*Attorneys for John Korn Builders, LLC*

-and-

**LARRY CANADA, LA Bar No. 17894**
Email:  lcanada@gjtbs.com
**KATHRYN BREARD PLATT, LA  Bar No. 29776**
Email:  kplatt@gjtbs.com
GALLOWAY, JOHNSON, TOMPKINS,
  BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana  70139
Phone: (504) 525-6802
Facsimile:  (504) 525-2456
*Attorneys for John Korn Builders, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify the above and foregoing *John Korn Builders, LLC's Memorandum in Support of Motion for Summary Judgment* has been served on Plaintiffs' Liaison Counsel, Russ Herman, Herman, Herman, Katz & Cotlar, LLP, 820 O'Keefe Avenue, Suite 100, New Orleans, Louisiana 70113, rherman@hhkc.com, and Defendants' Liaison Counsel, Kerry Miller, Frilot, L.L.C., Suite 3700, 1100 Poydras Street, New Orleans, Louisiana 70163, kmiller@frilot.com, by U.S. Mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing in accordance with procedures established in MDL 2047, on this 16th day of July, 2010.

 /s/ Kevin L. Cole
KEVIN L. COLE, LA Bar No. 04248