GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH

ONE SHELL SQUARE
701 POYDRAS STREET, 40TH FLOOR
NEW ORLEANS, LOUISIANA 70139
TELEPHONE (504) 525 6802
TELECOPY (504) 525 2456

www.gjtb.com

1301 MCKINNEY STREET, SUITE 1400
HOUSTON, TEXAS 77010
TELEPHONE (713) 599 0700
TELECOPY (713) 599 0777

113 EAST GARDEN STREET
PENSACOLA, FLORIDA 32502
TELEPHONE (850) 436 7000
TELECOPY (850) 436 7099

4021 AMBASSADOR CAFFERY PARKWAY
BUILDING A, SUITE 175
LAFAYETTE, LOUISIANA 70503
TELEPHONE (337) 735 1760
TELECOPY (337) 983 3918

42 SANCTUARY BOULEVARD
THIRD FLOOR
MANDEVILLE, LOUISIANA 70471
TELEPHONE (985) 674 6686
TELECOPY (985) 674 6691

2510 14TH STREET, SUITE 910
GULFPORT, MISSISSIPPI 39501
TELEPHONE (228) 214 1250
TELECOPY (228) 214 9650

820 EAST TWIGGS STREET, SUITE 303
TAMPA, FLORIDA 33602
TELEPHONE (813) 977 1200
TELECOPY (813) 977 1288

101 ST FRANCIS STREET, SUITE 552
MOBILE, ALABAMA 36602
TELEPHONE (251) 436 7699
TELECOPY (251) 338 2078

*Please Respond To The New Orleans Office*

June 2, 2010

**VIA EMAIL & U.S. MAIL**

Daniel K. Bryson, Esq.
Lewis & Roberts, PLLC
3700 Glenwood Avenue
Suite 410 (27612)
P.O. Box 17529
Raleigh, NC 27619
DanBryson@lewis-roberts.com

RE:   *Payton v. Knauf Gips KG, et. al.*, Chinese Drywall Class Action
      Case 2:09-cv-07628-EEF-JCW
      Plaintiffs: Marshall Eleuterius and Gregory Eleuterius
      MDL NO. 2:09-md-02047


EXHIBIT
D

GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH

Plaintiffs' Counsel
June 2, 2010
Page -2-

Dear Mr. Bryson:

Thank you for your letter of May 17, 2010. We write to respectfully request you reconsider your decision.

As you know, the only plaintiffs with claims against John Korn Builders are the Eleuteriuses. While it appears Gregory and Elizabeth are dismissing their claims (per the Joint Motion to Dismiss and Motion to Amend), Marshall and Tasha are refusing. After we last requested a dismissal, you responded that "although [the Eleuteriuses] did pay the Baileys Home Lumber invoices, they did not choose the type of drywall used in the construction of their homes, nor did they install the drywall in their homes." What is important is that John Korn Builders did <u>not</u> 1) tell the Eleuteriuses which the type of drywall to purchase, 2) sell the drywall to the Eleuteriuses, or 3) install the drywall. Under substantive Mississippi law (which controls Plaintiffs' claims), we believe Plaintiffs' claims against John Korn Builders should be dismissed.

In *Scordino v. Hopeman Bros., Inc.*, 662 So.2d 640 (Miss. 1995), the Mississippi Supreme Court was called upon to determine "whether a joiner subcontractor [was] strictly liable or negligent as a manufacturer or a seller under Section 402A of the Restatement Second of Torts for installing and supplying asbestos paneling as required under the subcontract." 662 So.2d at 641-41. The Court examined cases in other jurisdictions which "stand for the proposition that a contractor/subcontractor is not a seller, within the scope of Section 402A of Restatement (Second) of Torts, and is therefore not liable for any component parts it may supply in compliance with the performance of a job or service." *Id.* at 645. The Court held that subcontractors and contractors who supply materials necessary to complete the job for which they were hired are not sellers or manufacturers for purposes of strict liability. *Id.* The Court further found the defendant was not negligent. Furthermore, in *Moore v. Jesco, Inc.*, the Mississippi Supreme Court held that an "improvement to real property" is not a "product," and therefore, "an action based on strict products liability will not lie." *Ferrell v. River City Roofing, Inc.*, 912 So.2d 448, 457 (Miss. 2005) (citing *Moore*, 531 So.2d 815, 817 (Miss.1988)).

In the present case, there is no direct allegation that John Korn Builders was a manufacturer or supplier of drywall. Nevertheless, not only was John Korn Builders not a manufacturer or supplier of drywall (which is required for strict liability), John Korn Builders did not purchase, supply or install the drywall in the Eleuteriuses' home. Even if John Korn Builders did purchase, supply or install the drywall, under *Scortino* and *Moore*, John Korn Builders would not be strictly liable or negligent for any defects in the drywall. Therefore, the strict liability and negligence claims must fail.

Additionally, the Mississippi Home Warranty Act excludes liability under the facts of this case. Section 83-58-5 provides in part:

> (1) Subject to the exclusions provided in this section, every builder warrants the following to the owner:

GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH

Plaintiffs' Counsel
June 2, 2010
Page -3-

(a) One (1) year following the warranty commencement date, the home will be free from any defect <u>due to noncompliance with the building standards</u>.

(b) Six (6) years following the warranty commencement date, the home will be free from major structural defects due to noncompliance with the building standards.

(2) Unless the parties otherwise agree in writing, the builder's warranty shall exclude the following items:
...

(e) Any defect in, or any defect caused by, materials or work <u>supplied by anyone other than the builder</u>, or any employee, agent or subcontractor of the builder.
...

(emphasis added).   John Korn Builders did not breach its warranty.  First, the subject homes passed the building inspection and were certified for occupancy.  In short, Plaintiffs have not alleged any defect due to noncompliance with the building standards.  Second, the alleged defective material is the drywall, which was supplied by the homeowners themselves, not our client. Therefore, the alleged defective materials are excluded under the Act.

Finally, John Korn Builders did not violate the Mississippi Consumer Protection Act. There were no misrepresentations made by John Korn Builders, because Plaintiffs purchased the drywall and paid the subcontractor to install it.  Furthermore, John Korn Builders did not know and could not have reasonably known about the effects of Chinese Drywall.  Accordingly, there were no misrepresentations made by John Korn Builders. The Consumer Protection Act allows a prevailing defendant to recover reasonable attorney's fees, if in the opinion of the court the action was frivolous. Miss. Code Ann. § 75-24-15(3).  We have drafted a Motion for Summary Judgment and we intend to seek sanctions for what we believe are frivolous claims against our client.

In consideration of the above, we kindly ask that you reconsider a voluntary dismissal of John Korn Builders from this lawsuit and dismiss our client within ten (10) days.

Sincerely yours,

Larry G. Canada
Kathryn Breard Platt

LGC/KBP:kbp

GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH

Plaintiffs' Counsel
June 2, 2010
Page -4-


cc:    Russ M. Herman, Esq. (via email only)
       Leonard A. Davis, Esq. (via email only)