UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL No. 2047 |
| | * | Section L |
| This pleading applies to: | * | |
| *Pate v. American International Specialty Lines Insurance Company, et al.* | * * * | Judge Fallon |
| | * | Magistrate Judge Wilkinson |
| USDC, EDLA No. 09-7791 | * | |
| * * * * * * * * * * * * * * * * * * | | |

**MEMORANDUM OF LAW IN SUPPORT OF HARTFORD DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

Pursuant to Fed. R. Civ. P. 12(b)(3), 28 U.S.C. § 1406(a), and Local Rule 7.4, Hartford Fire Insurance Company and Hartford Casualty Insurance Company, incorrectly sued as Hartford Accident & Indemnity Company (collectively, "Hartford"), by their undersigned attorneys, submit this memorandum of law in support of their Motion to Dismiss First Amended Complaint or, in the Alternative, to Transfer Venue ("the Motion") pursuant to the Court's July 1, 2010 order [Rec. Doc. 4301].

**I.    INTRODUCTION**

Plaintiff's procedural shortcut has forced this Motion. Rather than filing this suit in a proper venue and then requesting that the Judicial Panel on Multidistrict Litigation ("JPML") transfer this action to this Court, Plaintiff has filed suit in this Court. Hartford agrees with its codefendants that venue is not proper in this Court, and that the appropriate venue is the Middle District of Florida. Hartford sees no need to reiterate its codefendants' arguments. It files this

1

separate memorandum to stress that the "improper venue" analysis under 28 U.S.C. § 1406 is separate from the question of multidistrict transfer under 28 U.S.C. § 1407.

The only question before the Court is whether the Plaintiff can identify a statutory basis for filing this action in the Eastern District of Louisiana. He cannot. This is not merely a procedural exercise. Proper venue has real practical importance in this case. As this Court has recognized, the place of original filing, absent an objection to the propriety of venue, governs the applicable choice-of-law rule and the place of trial. *In re Vioxx Prods. Liab. Litig.*, 478 F. Supp. 2d 897, 903 (E.D. La. 2007). Further, Plaintiff's improper filing in this Court prevents joinder of the subcontractors under whose insurance policies WCI allegedly is an "additional insured" and who are headquartered in Florida.

By contrast, this Motion does not present the question of whether, if this Court were to dismiss or transfer this action under § 1406(a) in favor of Florida, it would be appropriate to transfer the action back to this Court under the multi-district litigation ("MDL") statute, 28 U.S.C. § 1407. Based on the most recent ruling of the JPML, Docket No. MDL-2047, Pleading No. 257 (June 15, 2010), it appears almost certain that the JPML would deny such transfer. Regardless, that question is for the JPML, not for this Court, in the first instance.

Perhaps most importantly, Pate's unapologetic forum shopping threatens to squander judicial resources. The statutory bases for venue cited in Pate's First Amended Complaint are plainly inapplicable. Pate's improper venue selection multiplies the potential issues for an appeal, possibly rendering all proceedings before this Court null and void.

In short, this Motion seeks to promote efficient final resolution of this action. Because federal venue statutes do not recognize Pate's procedural shortcut, the Court should dismiss this action or transfer it to the Middle District of Florida pursuant to 28 U.S.C. § 1406(a).

## II. BACKGROUND

### A. Pate Sues on Behalf of a Florida Business Regarding Florida Projects

Pate's First Amended Complaint alleges that he is the trustee of a trust ("the WCI Chinese Drywall Trust") created in connection with the bankruptcy of WCI Communities, Inc. ("WCI") and its subsidiaries. First Am. Compl. (Docket No. 1732), ¶¶ 30-36. The United States Bankruptcy Court for the District of Delaware approved the creation of the WCI Chinese Drywall Trust, which assumed WCI's Chinese Drywall-related liabilities and any rights to insurance recovery for those liabilities. *Id.*, ¶¶ 32-35.

WCI's bankruptcy filings reflect that its principal place of business is in Bonita Springs, Lee County, Florida (*see* Bankr. Del. Pet. 08-11643-KJC, Document No. 1 (Aug. 4, 2008)), within the Middle District of Florida. 28 U.S.C. § 89. WCI builds homes and residential communities in Florida and other states—Louisiana not among them. First Am. Compl., ¶ 25. WCI's Chinese Drywall-related liabilities are centered exclusively in Florida. *Id.*, ¶ 27.

### B. All Subcontractor Policyholders Are Florida Businesses

WCI asserts that it is entitled to coverage under insurance policies issued to various Florida-based subcontractors, *all* of them headquartered in Florida:

- Hinkle Drywall, LLC, headquartered in Lithia, Hillsborough County;
- Distinctive Finishes, LLC, headquartered in Fort Myers, Lee County;
- Steven Sweet Drywall, LLC, headquartered in Tampa, Hillsborough County;
- A.B.F. Drywall, Inc., headquartered in Fort Myers, Lee County;
- Residential Drywall, Inc., headquartered in Tampa, Hillsborough County;

- Swedberg Enterprises, Inc. d/b/a Florida Drywall,[1] headquartered in Hudson, Pasco County;

- 1st Choice Construction, Inc., headquartered in Naples, Collier County;

- AA Stucco & Drywall, Inc., headquartered in Naples, Collier County;

- Supreme Drywall & Metal Framing Company, headquartered in St. Petersburg, Pinellas County.

- S.D. & Associates, Inc., headquartered in Davie, Broward County;

- Finest Drywall, Inc., headquartered in Miami, Dade County;

- Distinctive Drywall Designs, Inc., headquartered in Coral Springs, Broward County; and

- Beta Drywall, LLC, headquartered in Coconut Creek, Broward County.

Ex. A.[2] Except for the last four subcontractors, headquartered in Dade County and Broward County, all subcontractors are headquartered in the Middle District of Florida. 28 U.S.C. § 89.

Hartford delivered its policies to AA Stucco & Drywall, Inc. ("AA Stucco") to its policyholder's headquarters in Collier County, Florida. Ex. B.[3]

---

[1] The First Amended Complaint, ¶ 50, alleges that Mid-Continent and FCCI issued policies to "Florida Drywall." FCCI's Rule 19 motion clarifies that it issued its policies to Swedberg Enterprises, Inc. d/b/a Florida Drywall. *See* Docket No. 1280-1.

[2] The First Amended Complaint, ¶ 50, alleges that West American, Ohio Casualty, and NGM, which have yet to file a Rule 12 motion or Rule 7 answer, issued policies to "HDS Drywall Services," which is not a full corporate name.

[3] Hartford has submitted complete copies of its policies as attachments to its Insurer Profile Forms.

4

### III. ARGUMENT

#### A. Standard for Dismissal or Transfer

A party may by pre-answer motion assert a defense of improper venue. Fed. R. Civ. P. 12(b)(3). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). When a defendant challenges venue, the plaintiff bears the burden of establishing that the forum satisfies a statutory basis for venue. *Smith v. Fortenberry*, 903 F. Supp. 1018, 1020 (E.D. La. 1995).

#### B. It Matters Where This Action Is Originally Filed

Pate and Hartford dispute whether, if this Court were to dismiss or transfer this lawsuit in favor of Florida federal court, the JPML should order transfer back to this Court pursuant to 28 U.S.C. § 1407.[4] Even making the tenuous assumption that the JPML in fact would grant such a transfer, however, Pate's failure to commence this lawsuit in a proper venue under 28 U.S.C. § 1391 has important consequences.

##### 1. The Place of Filing Determines the Choice-of-Law Rule

First, "the MDL court must apply the law of the transferor forum, that is, the law of the state in which the action was filed, including the transferor forum's choice-of-law rules." *In re Vioxx*, 478 F. Supp. 2d at 903 (citing *Ferens v. John Deere Co.,* 494 U.S. 516, 524, 110 S. Ct. 1274, 108 L. Ed. 2d 443 (1990)). *See Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir. 1993). Florida adheres to the common law doctrine of *lex loci contractus*, under which the place of the making of a contract (here, Florida) governs its interpretation. *State Farm Mut. Auto. Ins. Co. v.*

---

[4] The transfer of insurance coverage actions to this MDL proceeding is a matter of significant controversy. *Compare* J.P.M.L. Docket, MDL-2047, Pleading No. 212 (Apr. 5, 2010), with Pleading No. 257 (June 15, 2010). Although the more recent JPML order provides a strong indication that the JPML would deny transfer of this action back to this Court, the present Motion does not call for a ruling on that issue.

*Roach*, 945 So. 2d 1160, 1164 (Fla. 2006). Louisiana courts apply the "law of the state whose policies would be most seriously impaired if its law were not applied." La. Civ. Code Ann. art. 3537. Although the application of that test should result in the application of Florida law, *Murden v. ACandS, Inc.*, 921 So. 2d 165, 171-72 (La. Ct. App. 2005), *Norfolk S. Corp. v. Cal. Union Ins. Co.*, 859 So. 2d 167, 179-80 (La. Ct. App. 2003), it is not clear whether Pate will contend that the law of some state other than Florida will govern under Louisiana choice-of-law principles.

### 2. The Place of Filing Determines the Place of Trial

Second, while "the precise limits of the MDL court's authority over [transferred] cases is currently subject to debate, it is clear that the court cannot try these cases, but rather must remand them to the transferor forum when pretrial discovery is complete." *In re Vioxx*, 478 F. Supp. 2d at 903 (citing *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 118 S. Ct. 956, 140 L. Ed. 2d 62 (1998)). Should this case raise triable questions of fact, trial should proceed in a forum where venue is proper under § 1391.

### 3. This Court Lacks Personal Jurisdiction Over One or More of the Subcontractor Policyholders

Pate asserts that WCI is entitled to coverage as an "additional insured" under policies issued to various alleged subcontractors. First Am. Compl., ¶¶ 49-50. Some of the alleged subcontractors' insurers have moved under Fed. R. Civ. P. 12(b)(7) and 19(b) to dismiss this action for failure to join their named insureds as indispensible parties. *See* Docket Nos. 1280, 1328, 1345, 1360. Although Hartford does not (and need not) move at this time for dismissal on

the ground that AA Stucco is an indispensible party,[5] the inability to join these interested parties in an action originally filed in this Court demonstrates the problems with Pate's choice of venue.

#### 4. Denial of this Motion Will Create Unnecessary Grounds for Appeal

Granting this Motion may delay this action in the short term, but judicial economy in the long term favors dismissal or transfer under 28 U.S.C. § 1406(a). The Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Proceeding in the face of improper venue would risk squandering judicial resources. *See*, *e.g.*, *Gogolin & Stelter v. Karn's Auto Imports, Inc.*, 886 F.2d 100, 104-05 (5th Cir. 1989) (vacating judgment entered following jury trial in improper venue).

### C. This Action Fails to Meet the Requirements of 28 U.S.C. § 1391(a)

Pate bears the burden of establishing the propriety of venue in this Court. *Smith v. Fortenberry*, 903 F. Supp. at 1020. The applicable federal venue statute enumerates three proper bases for venue in this diversity action:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought *only* in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a) (emphasis added). Pate cannot establish any of these three potential bases for venue.

---

[5] Fed. R. Civ. P. 12(h)(2) permits a defendant to raise an indispensible-party defense not only in a Rule 12(b) preliminary motion, but also in a Rule 7(a) answer, in a Rule 12(c) motion for judgment on the pleadings, or at trial. As such, Hartford may at a later time move for dismissal on the ground that AA Stucco is an indispensible party.

### 1. Not All Defendants Reside in Louisiana

With good reason, Pate does *not* allege that venue is proper pursuant to 28 U.S.C. § 1391(a)(1), permitting venue in "a judicial district where any defendant resides, if *all* defendants reside in the same State" (emphasis added).  *See* First Am. Compl., ¶ 24.  Because the Eastern District of Louisiana lacks personal jurisdiction[6] over at least three of the defendants,[7] Pate cannot sustain its burden of establishing the propriety of venue under § 1391(a)(1).

### 2. This District Bears No Connection to Pate's Claims

Moreover, Pate does *not* (and cannot) allege that venue is proper pursuant to 28 U.S.C. § 1391(a)(2), permitting venue in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."  *See* First Am. Compl., ¶ 24.  Hartford, like all insurers in this action, issued its policies in Florida to a Florida-based insured.  *Supra* § II.B.  The First Amended Complaint does not even allege a connection between Louisiana and WCI or the underlying claims.  To the contrary, Pate alleges only connections with Florida and other states:

> 25.  WCI contracts to build homes and residential communities in states such as Florida, New York, New Jersey, Virginia, Maryland, and Connecticut.
>
> 26.  Its projects include, among other things, single-family homes, villas, condominiums, and luxury high rise towers.
>
> 27.  In 2006, WCI began to receive complaints of property damage and/or bodily injury allegedly arising from Chinese Drywall *installed in homes that WCI sold in Florida*, including areas such as Fort Lauderdale, Fort Myers, and Bradenton.

---

[6] "[A] defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C.A. § 1391(c).

[7] *See* Docket Nos. 1289 (motion of FCCI Commercial Insurance Company and FCCI Insurance Company), 2156 (motion of Mid-Continent Casualty Company).

First Am. Compl., ¶¶ 25-27 (emphasis added). Because Pate does not and cannot identify any events or omissions giving rise to its claims that occurred in Louisiana, venue is not appropriate under § 1391(a)(2).[8]

### 3. Because Venue Would Be Proper in the Middle District of Florida, the Fallback Provisions of § 1391(a)(3) Do Not Apply

Instead, Pate seeks to justify its selection of venue only under 28 U.S.C. § 1391(a)(3), permitting venue in "a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." This statutory provision is a "fallback" that applies only if there is no district in which venue would be proper under subsections (a)(1) or (a)(2). *Algodonera De Las Cabezas, S.A. v. American Suisse Capital, Inc.*, 432 F.3d 1343, 1345 (11th Cir. 2005); *Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975, 983 (2d Cir. 1996); *Little Drummer Boy Productions, Inc. v. Our Loving Loving Mother's Children, Inc.*, 2001 WL 766963 (E.D. La. July 6, 2001).

Venue would plainly be proper in any division of the Middle District of Florida under subsections (a)(1) or (a)(2). *See, e.g., England v. ITT Thompson Indus., Inc.*, 856 F.2d 1518 (11th Cir. 1988). The First Amended Complaint seeks a coverage determination regarding homes that WCI sold in Florida in locations that included Fort Myers (Lee County), Bradenton (Manatee County), and Fort Lauderdale (Broward County). First Am. Compl., ¶ 27. Lee County and Manatee County are both located in the Middle District of Florida, and Broward County is located in the Southern District of Florida. 28 U.S.C. § 89. By the allegations of Pate's own

---

[8] *See, e.g., Orleans Limousines & Transp., Inc. v. Hurd Ins. Agency, Inc.*, 2003 WL 1193681, 2 (E.D. La. Mar. 13, 2003) ("A.I. has not alleged that any of the contracts between A.I. and Hurd were negotiated in LA or that any of the parties referenced in the claims have their principal place of business or are domiciled in LA. A.I. alleges no connection between the activities giving rise to these claims and the Eastern District of Louisiana.").

pleadings, then, venue would be proper in either the Middle District of Florida or the Southern District of Florida.[9]

Further, according to the bankruptcy filings giving rise to Pate's appointment, WCI's principal place of business is in Lee County, Florida (*see* Bankr. Del. Pet. 08-11643-KJC, Document No. 1 (Aug. 4, 2008)), within the Middle District of Florida. All insurer defendants issued policies to policyholders headquartered in those districts. *Supra* § II.B. Indisputably, these two Florida districts have a substantial connection to this action that would render venue appropriate. Because there is at least one district in which venue would be proper under subsections (a)(1) or (a)(2), Pate is incorrect in relying on § 1391(a)(3).

### D.     The MDL Statute Does Not Create an Independent Basis for Venue

Pate incorrectly asserts that "[v]enue is otherwise appropriate in this district consistent with 28 U.S.C. § 1407." But nothing in 28 U.S.C. § 1407 designates the transferee forum as a proper venue for the filing of new actions. Section 1407 governs only the MDL transfer of venue for pretrial purposes, such as for consolidated discovery, with trial occurring in the venue of original filing. *In re Vioxx*, 478 F. Supp. 2d at 903 (citing *Lexecon*, *supra*). The § 1407 analysis is separate from the venue analysis. *In re Peanut Crop Ins. Litig.*, 342 F. Supp. 2d 1353, 1354 (J.P.M.L. 2004). The MDL statute does not override the requirement that a suit be originally filed in a proper venue. *See In re Koratron*, 314 F. Supp. 60, 61 (J.P.M.L. 1970) (noting MDL transferee court's improper-venue dismissal of related action originally filed in MDL transferee court); *Koratron Co. v. Lion Uniform, Inc.*, 449 F.2d 337, 337-38 (9th Cir. 1971) (affirming MDL transferee court's dismissal for improper venue). *Cf. Amchem Prods.,*

---

[9] For purposes of the § 1391(a)(3) analysis, it is sufficient to observe that there is at least one district in which venue would be proper. If this Court should opt to transfer, rather than dismiss, this action under 28 U.S.C. § 1406(a), the Middle District of Florida has stronger ties to this action than does the Southern District of Florida.

10

*Inc. v. Windsor*, 521 U.S. 591, 599, 117 S. Ct. 2231, 138 L.Ed.2d 689 (1997) ("no authority resides in the MDL Panel to license for consolidated proceedings claims not yet filed").

### E.  Section 1406(a) Requires Dismissal or Transfer

Because venue is not proper in this Court, the law requires the Court either to dismiss the action or "if it be in the interest of justice, transfer such case to any district … in which it could have been brought." 28 U.S.C. § 1406(a).  If this Court chooses transfer over dismissal, Hartford prefers that the transfer be to the Middle District of Florida, which has greater contacts with this action than does the Southern District of Florida.

Nevertheless, two considerations favor this Court's outright dismissal of this case.  First, although the Fifth Circuit has held that a District Court lacking personal jurisdiction over a defendant is empowered to transfer an action under § 1406(a), dismissal would moot a division of authority on this point.  *Ellis v. Great S.W. Corp.*, 646 F.2d 1099, 1106 (5th Cir. 1981).  Second, dismissal encourages early resolution of venue disputes because an order of transfer would ordinarily not be appealable until final judgment.  *Stelly v. Employers Nat. Ins. Co.*, 431 F.2d 1251, 1253 (5th Cir. 1970).

Whether this Court opts for dismissal or transfer under § 1406(a), Pate will remain free to request, and Hartford will remain free to oppose, MDL transfer back to this Court under § 1407.  Such a question, however, is for the JPML to decide.  For present purposes, Hartford asks only that this Court grant the relief that § 1406(a) mandates.

### IV.  CONCLUSION

For the reasons stated in this memorandum, Hartford asks the Court to grant the Motion.

Respectfully Submitted,

/s/*Seth A. Schmeeckle*
**Ralph S. Hubbard III, La. Bar No. 7040**
**Seth A. Schmeeckle, La. Bar No. 27076**
**Heather N. Sharp, La. Bar No. 29987**
601 Poydras Street, Suite 2775
New Orleans, LA  70130
Telephone:   (504) 568-1990
Facsimile:   (504) 310-9195
e-mail:       rhubbard@lawla.com
              sschmeeckle@lawla.com
              hsharp@lawla.com
**Attorneys for Hartford Fire Insurance Company and Hartford Casualty Insurance Company, incorrectly sued as Hartford Accident & Indemnity Company**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum of Law in Support of Hartford Defendants' Motion to Dismiss First Amended Complaint or, in the Alternative, to Transfer Venue has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 19th day of July, 2010.

/s/*Seth A. Schmeeckle*
**Seth A. Schmeeckle, La. Bar No. 7040**