UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL NO. 2047 |
| | | SECTION "L" |
| THIS DOCUMENT RELATES TO: *Catalanotto*, No. 10-CV-01828 | * * * | JUDGE FALLON |
| | | MAG. WILKINSON |

**************************************************

## DEFENDANT THE STANDARD FIRE INSURANCE COMPANY'S F.R.C.P. 12(b)(6) MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant The Standard Fire Insurance Company ("Standard Fire") hereby moves for an order dismissing the Plaintiff's Petition, in its entirety, for failure to state a claim upon which relief may be granted. The grounds for this motion, which are more fully stated in the accompanying memorandum of law, are as follows: Plaintiff Mary Ann Catalanotto seeks to recover under her homeowners' insurance policy issued by Standard Fire for damage to her home allegedly caused by Chinese-made drywall. Any losses caused by the defects in the drywall and/or the gases it emits are specifically excluded by exclusions in the policy for losses caused by: (1) a latent defect; (2) defective materials; (3) corrosion; and (4) a pollutant, defined to include gaseous contaminants or irritants. There is also no coverage for the cost of removing and replacing the drywall itself for the additional reason that the policy covers a risk of "direct loss . . . only if that loss is a physical loss to property," and the drywall itself is not alleged to have sustained a "direct" or "physical" loss. Finally, any damage to Catalanotto's personal property also is not covered because personal property is only insured against 16 specific perils, none of which is applicable to their losses. Catalanotto's claims for statutory bad

1

faith and her vaguely-alleged claim of improper training of adjusters also fail to state a claim because she cannot recover on those causes of action where there is no coverage under the policy. Catalanotto's claim under the Louisiana Valued Policy Law fails because her home is not a total loss due to a covered peril, and the Valued Policy Law applies only to a fire loss under a fire insurance policy, and is therefore inapplicable here.

WHEREFORE, Standard Fire seeks an order dismissing the Petition, in its entirety, and entering judgment in favor of Standard Fire.

Respectfully Submitted,

 /s/Seth A. Schmeeckle
**Ralph S. Hubbard III, La. Bar No. 7040**
**Seth A. Schmeeckle, La. Bar No. 27076**
**LaDonna G. Wilson, La. Bar No. 29102**
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
e-mail: rhubbard@lawla.com
sschmeeckle@lawla.com
lwilson@lawla.com

**Attorneys for The Standard Fire Insurance Company**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion to Dismiss has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 19th day of July, 2010.

 /s/Seth A. Schmeeckle
**Seth A. Schmeeckle, La. Bar No. 7040**

2