UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | CASE NO. 2:09-MD-2047 |
| | * | SECTION "L" |
| | * | |
| | * | JUDGE FALLON |
| **This document relates to: (Canty 10-0929)** | * * | MAGISTRATE WILKINSON |

### DEFENDANTS' MOTION TO DISMISS
### IN COMPLIANCE WITH COURT'S JULY 1, 2010 ORDER

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants[1] move to dismiss all of plaintiffs' claims on the following grounds as more fully explained in their accompanying memorandum.

1.

Plaintiffs Honore and Elaine Canty allege Allstate Insurance Company ("Allstate") breached the terms of their homeowners insurance policy and acted in bad faith by

---

[1] Only Allstate Insurance Company insured Plaintiffs, so the other two Allstate entities named as defendants are moving separately for dismissal due to lack of standing. Since Plaintiffs refer to all Defendants as "Allstate," Defendants will do the same herein.

- 2 -

failing to pay for losses allegedly due to defective Chinese manufactured drywall installed in Plaintiffs' home.

2.

It is clear from the face of the Complaint that plaintiffs cannot show, as they must, that their loss was covered in the first instance. The Policy language granting coverage provides in relevant part "We will cover sudden and accidental direct physical loss to property described in Coverage A . . . ." Courts have construed "direct physical loss" to mean either an initial satisfactory state that was physically changed into an unsatisfactory state by an external event or tangible damage to property. Here, plaintiffs allege the drywall itself is not damaged, so it clearly meets neither of these definitions.

3.

Alternatively, even if coverage applies under the initial language above, plaintiffs' claims also fail as a matter of law because several policy exclusions preclude coverage here. Each exclusion is separate and distinct, such that only one need apply to preclude coverage for damages resulting from Chinese drywall.

4.

Moreover, because Allstate had a reasonable basis for denying coverage for plaintiffs' Chinese drywall losses, plaintiffs' bad faith claim fails.

5.

Finally, because plaintiffs cannot demonstrate any likelihood of success on the merits of their claims, their request for injunctive relief fails as a matter of law.

162360

6.

In accordance with this Court's Order dated July 1, 2010, Rec. Doc. No. 4300, Allstate identifies the following list of cases in MDL 2047 where claims on the same policy form at issue in this motion are also at issue:

> *Patricia Bourgeois and Glenn Bourgeois v Allstate Indemnity Co., et al.,* United States District Court, Eastern District of Louisiana (10-0052); and
>
> *Donald J. Boutte v. E. Jacobs Construction, Inc., et al.,* United States District Court, Eastern District of Louisiana (10-1464).

In addition, Allstate identifies the following case pending in another court that involves a related issue:

> *Donald J. Boutte v. E. Jacobs Construction, Inc., et al.,* United States District Court, Middle District of Louisiana (3:10-cv-00339)
> Chief Judge Ralph E. Tyson
> Judicial Assistant Saundra Landry
> Baton Rouge, Louisiana 70801
> (225) 389-3634
> Courtroom Deputy Dana Bonaventure (225) 389-3636

**WHEREFORE**, Allstate prays that the Court enter an Order granting its Motion to Dismiss and dismissing all Plaintiffs' claims with prejudice and without leave to amend.

Respectfully submitted,

/s/Judy Y. Barrasso
Judy Y. Barrasso, 2814
Catherine F. Giarrusso, 29875
BARRASSO USDIN KUPPERMAN
 FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana 70112
Telephone: (504) 589-9700

Steven M. Levy
Mark L. Hanover
SONNENSCHEIN NATH &
 ROSENTHAL, LLP
233 S. Wacker Drive, Suite 7800
Chicago, Illinois 60606
(312) 876-8000
*Attorneys for Defendants*

162360

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail *or* by hand delivery and e-mail *and* upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 19th day of July, 2010.

*/s/Judy Y. Barrasso*