# Exhibit C – *in globo*

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

DEAN and DAWN AMATO, individually, and
on behalf of all others similarly situated,
[ADDITIONAL PLAINTIFFS LISTED ON
SCHEDULE OF PLAINTIFFS, ATTACHED
HERETO AS EXHIBIT A],

       Plaintiffs,

v.

LIBERTY MUTUAL INSURANCE
COMPANY [ADDITIONAL DEFENDANTS
LISTED ON SCHEDULE OF DEFENDANTS,
ATTACHED HERETO AS EXHIBIT B],

       Defendants.

CASE NO.: 10-932

CLASS ACTION COMPLAINT

JURY TRIAL DEMAND

_____/

**PLAINTIFFS' AMENDED OMNIBUS CLASS ACTION COMPLAINT (V)**

Pursuant to Federal Rule of Civil Procedure 23, the class representatives in this action bring

suit on behalf of themselves and all other similarly situated owners and residents of real property

containing Chinese manufactured drywall that was designed, manufactured, imported, distributed,

delivered, supplied, marketed, inspected, installed, or sold by the Insured Defendants, as defined

herein.  In order to accomplish an effective class structure, each of the class representatives is

pursuing a nationwide class action against the manufacturer(s) of the Chinese manufactured drywall

located in plaintiffs' homes, as set forth in *Payton, et al. v. Knauf Gips KG, et al.*, No.09-7628 (E.D.

La.) (Omni I); *Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, No. 10-361

(E.D. La.) (Omni II); *Benes, et al. v. Knauf Gips KG, et al.*, No. 09-6690 (E.D. La.) (Omni III);

*Rogers, et al. v. Knauf Gips KG, et al.*, No. 10-362 (E.D. La.) (Omni IV) (the "National Class

1

Fee _____
Process _____
x Dktd _____
CtRmDep_____
Doc. No._____

representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

80.  Plaintiffs, Honore and Elaine Canty are citizens of Louisiana and own real property located at 2785 Hwy 39, Braithwaite, Louisiana 70040.  Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

81.  Plaintiff, Lisa Carciato is a citizen of Florida and owns real property located at 13471 Little Gem Circle, Ft. Myers, Florida 33913.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

82.  Plaintiff, Cindy Carrol is a citizen of Louisiana and owns real property located at 1220 Magnolia Alley, Mandeville, Louisiana 70471.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

83.  Plaintiff, Daniel Carter is a citizen of Louisiana and owns real property located at 4105 Catherine Avenue, Metairie, Louisiana 70001.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

84.  Plaintiff, Hugh Casey is a citizen of Florida and owns real property located at 10440 SW Stephanie Way, Unit 206, Port St. Lucie, Florida 34987.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

17

to Subclass members as described herein.

## FACTS REGARDING CHINESE DRYWALL PRODUCT

623.  Upon information and belief, the Insured Defendants' drywall contains gypsum.

624.  In "Chinese drywall" (such as that designed, manufactured, exported, imported, distributed, delivered, supplied, inspected, installed, marketed, and/or sold by the Insured Defendants herein), the gypsum and other components of the product break down and release sulfides and other noxious gases that are then emitted (or "off-gassed") from the drywall.

625.  The "Chinese drywall" is not fit for its ordinary and intended purpose in that it contains high levels of sulfur and  strontium, which emit high levels of sulfur and sulfur compounds, including sulphuric acid and hydrogen sulfide, carbonyl sulfide and sulfur dioxide which corrode copper wires, copper plumbing, copper piping, air-conditioner coils, and other component parts of building, appliances, and personal property, including, but not limited to, HVAC systems, refrigerators, televisions, personal computers and other electrical and electronic devices.

626.  The Chinese-manufactured drywall (and the hydrogen sulfide and/or other compounds emitted therefrom, either independently and/or in combination with other ambient compounds such as formaldehyde) sold by and/or through the Insured Defendants has also been widely associated with an offensive smell, headaches, eye irritation, coughing, sore throats, an aggravation of allergy and/or breathing problems, and fear of potential long-term health effects, which have, in many cases, further contributed to a loss of enjoyment, mental anguish, and/or loss of use.

627.  As a direct and proximate result of the Insured Defendants' actions and omissions, Plaintiffs' and the Class Members' structures, personal property, and bodies have been exposed to Defendants' Chinese drywall and the corrosive and harmful effects of the hydrogen sulfide and other

124

compounds being released from Defendants' Chinese drywall.

628.   The Insured Defendants tortiously manufactured, exported, imported, distributed, delivered, supplied, inspected, installed, marketed and/or sold the Chinese drywall, which caused corrosion and damage to personal property in Plaintiffs' and Class Members' homes, residences or structures and/or caused personal injury resulting in headaches, eye irritation, a sore throat and cough, aggravation of allergy and/or breathing problems, nausea, and fear of potential long term health effects.

629.   The Insured Defendants negligently manufactured, exported, imported, distributed, delivered, supplied, inspected, installed, marketed and/or sold the Chinese drywall at issue in this litigation.

630.   The Insured Defendants negligently implemented faulty procedures for purposes of formulating, preparing, testing, and otherwise ensuring the quality and/or character of the Chinese drywall at issue in this litigation.

631.   As a direct and proximate result of the Insured Defendants' Chinese drywall and the corrosive and harmful effects of the hydrogen sulfide and other compounds being released from these products, Plaintiffs and Class Members have suffered, and continue to suffer economic harm and/or personal injury.

632.   As a direct and proximate result of the Insured Defendants' Chinese drywall and the corrosive and harmful effects of the hydrogen sulfide and other compounds being released from these products, the Plaintiffs and the Class Members have suffered, and continue to suffer damages. These damages include, but are not limited to, costs of inspection; costs and expenses necessary to remedy, replace and remove the Chinese drywall and other property that has been impacted; lost value or

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SEAN AND BETH PAYTON, individually, and on behalf of all others similarly situated, [ADDITIONAL PLAINTIFFS LISTED ON SCHEDULE OF PLAINTIFFS, ATTACHED HERETO AS EXHIBIT "A"],** | **CASE NO.:** |
| **Plaintiffs,** | **CLASS ACTION COMPLAINT** |
| **v.** | **JURY TRIAL DEMAND** |
| **KNAUF GIPS KG; KNAUF PLASTERBOARD (TIANJIN) CO., LTD.; KNAUF PLASTERBOARD (WUHU), CO., LTD.; KNAUF PLASTERBOARD (DONGGUAN) CO., LTD.; [ADDITIONAL DEFENDANTS LISTED ON SCHEDULE OF DEFENDANTS, ATTACHED HERETO AS EXHIBIT "B"],** | |
| **Defendants.** | |

_____/

### PLAINTIFFS OMNIBUS CLASS ACTION COMPLAINT (I)

Pursuant to Fed. R. Civ. P. 23, the class representatives in this action bring suit on behalf of themselves and all other similarly situated owners and residents of real property containing defective Chinese manufactured drywall that was designed, manufactured, imported, distributed, delivered, supplied, marketed, inspected, installed, or sold by the Defendants.  In order to accomplish an effective class structure, each of the class representatives is pursuing a nationwide class action against the Knauf entities,[1] who are the manufacturers of the drywall located in

_____

[1] Knauf consists of Knauf GIPS KG, Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu), Co., Ltd., and Knauf Plasterboard (Dongguan) Co., Ltd. (collectively "Knauf").

1

14. Plaintiffs, Honore and Elaine Canty are residents of Louisiana and together own real property located at 2785 Hwy 39, Braithwaite, Louisiana 70040. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

15. Plaintiffs, Jordan and Brande Cassagne are residents of Louisiana and together own real property located at 209 Place Street Jean, Covington, Louisiana 70433. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

16. Plaintiffs, Kevin and Karen Chiappetta are residents of Louisiana and together own real property located at 727 Arctic Fox Run, Madisonville, Louisiana 70447. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

17. Plaintiffs, Pamela and Jack Godwin are residents of Alabama and together own real property located at 11120 Niblick Loop, Fairhope, Alabama 36532. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

18. Plaintiffs, Corliss and Norman Harris are residents of Louisiana and together own real property located at 616 Markham Drive, Slidell, Louisiana 70458. Plaintiffs are participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

19. Plaintiffs, Joshua and Kelly Heck are residents of Louisiana and together own real property located at 85002 Horatio Sharp Road, Bush, Louisiana 70431. Plaintiffs are

of business at 5257 NW Gamma Street, Port Saint Lucie, Florida 34986. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

2609. Defendant, Wellington Drywall, Inc. is an entity or individual with a principal place of business at 7825 Lantana Road, Lake Worth, Florida 33467. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

## FACTS REGARDING PRODUCT DEFECT

2610. Upon information and belief, Defendants' drywall contains gypsum.

2611. In "defective drywall" (such as that designed, manufactured, exported, imported, distributed, delivered, supplied, inspected, installed, marketed, and/or sold by Defendants herein), the gypsum and other components of the product break down and release sulfides and other noxious gases that are then emitted (or "off-gassed") from the drywall.

2612. Sulfides and other noxious gases, such as those emitted from Defendants' drywall, cause corrosion and damage to personal property (such as air conditioning and refrigerator coils, faucets, utensils, electrical wiring, copper, electronic appliances and other metal surfaces and property).

2613. Exposure to sulfide and other noxious gases, such as those emitted from Defendants' drywall, causes personal injury resulting in eye irritation, sore throat and cough, nausea, fatigue, shortness of breath, fluid in the lungs, and/or neurological harm.

2614.  As a direct and proximate result of Defendants' actions and omissions, Plaintiffs' and the Class Members' structures, personal property, and bodies have been exposed to Defendants' defective and unfit drywall and the corrosive and harmful effects of the sulfide and other noxious gases being released from Defendants' defective drywall.

2615.  Defendants tortiously manufactured, exported, imported, distributed, delivered, supplied, inspected, installed, marketed and/or sold the defective drywall, which was unfit for its intended purpose and unreasonably dangerous in its normal use in that the drywall caused corrosion and damage to personal property in Plaintiffs' and Class Members' homes, residences or structures and/or caused personal injury resulting in eye irritation, a sore throat and cough, nausea, fatigue, shortness of breath, fluid in the lungs, and/or neurological harm.

2616.  Defendants recklessly, wantonly, and/or negligently manufactured, exported, imported, distributed, delivered, supplied, inspected, installed, marketed and/or sold the defective drywall at issue in this litigation.

2617.  Defendants recklessly, wantonly and/or negligently implement faulty, procedures for purposes of formulating, preparing, testing, and otherwise ensuring the quality and/or character of the defective drywall at issue in this litigation.

2618.  As a direct and proximate result of Defendants' defective and unfit drywall and the corrosive and harmful effects of the sulfide and other noxious gases being released from these products, Plaintiffs and Class Members have suffered, and continue to suffer economic harm and/or personal injury.

2619.  As a direct and proximate result of Defendants' defective and unfit drywall and the corrosive and harmful effects of the sulfide and other noxious gases being released from

these products, the Plaintiffs and the Class Members have suffered, and continue to suffer

damages.  These damages include, but are not limited to, costs of inspection; costs and expenses

necessary to remedy, replace and remove the defective drywall and other property that has been

impacted; lost value or devaluation of their homes, residences or structures and property as a

direct result of damage caused to the property and indirect damage resulting from perceived

defects to the property, including stigma damages; loss of use and enjoyment of their home and

property; and/or damages associated with personal injuries.

2620.  As a direct and proximate result of Defendants' defective and unfit drywall and

the corrosive and harmful effects of the sulfide and other noxious gases being released from

these products, Plaintiffs and the Class Members have been exposed to toxic gases, suffered

personal injury, have been placed at an increased risk of disease, and have need for injunctive

relief in the form of repair and remediation of their home, of their home contracts,

emergency/corrective notice, environmental testing and monitoring, and/or medical monitoring.

## CLASS ACTION ALLEGATIONS

### The Knauf Class

2621.  All Plaintiffs bring this suit as a class action pursuant to Rules 23(a), (b)(1), (b)(2),

(b)(3) and/or 23(c)(4) of the Federal Rules of Civil Procedure, on behalf of themselves and the

following Class comprised of:

> All owners and residents (past or present) of real property located
> in the United States containing defective Chinese drywall
> manufactured, sold, distributed, and/or supplied by Knauf.

### The Distributor/Supplier Subclasses (Subclasses 1-43)

2622.  The representative Plaintiffs with claims against their distributors/suppliers, set

508

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA



JOYCE W. ROGERS, individually, and on
behalf of all others similarly situated,
[ADDITIONAL PLAINTIFFS LISTED ON
SCHEDULE OF PLAINTIFFS, ATTACHED
HERETO AS EXHIBIT "A"],

        Plaintiffs,

v.

KNAUF GIPS KG; KNAUF PLASTERBOARD
(TIANJIN) CO., LTD.; KNAUF
PLASTERBOARD (WUHU), CO., LTD.;
GUANGDONG KNAUF NEW BUILDING
MATERIAL PRODUCTS CO., LTD.
[ADDITIONAL DEFENDANTS LISTED ON
SCHEDULE OF DEFENDANTS, ATTACHED
HERETO AS EXHIBIT "B"],

        Defendants.

CASE NO.: 10-362
SECT L. Mag 2


AMDENDED CLASS ACTION
COMPLAINT


JURY TRIAL DEMAND

_____/

## PLAINTIFFS' AMENDED OMNIBUS CLASS ACTION COMPLAINT (IV)

Pursuant to Fed. R. Civ. P. 23, the class representatives in this action bring suit on behalf

of themselves and all other similarly situated owners and residents of real property containing

defective Chinese manufactured drywall that was designed, manufactured, imported, distributed,

delivered, supplied, marketed, inspected, installed, or sold by the Defendants.  In order to

accomplish an effective class structure, each of the class representatives is pursuing a nationwide

class action against the Knauf entities,[1] who are the manufacturers of the drywall located in

_____

[1] Knauf consists of Knauf GIPS KG, Knauf Plasterboard (Tianjin) Co., Ltd., Knauf
Plasterboard (Wuhu), Co., Ltd., and Guangdong Knauf New Building Material Products Co., Ltd.
(collectively "Knauf").

1

installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

678.  Defendant, Richard Hoover.is an entity or individual with a principal place of business at 20345 Sisters Road, Ponchatoula, Louisiana 70454.  Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

679.  Defendant, Robert/Charles Builders, Inc.is an entity or individual with a service address at Ziegenfuss, 705 NW 6th Street, Boca Raton, Florida 33486.  Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

## FACTS REGARDING PRODUCT DEFECT

680.  Upon information and belief, Defendants' drywall contains gypsum.

681.  In "defective drywall" (such as that designed, manufactured, exported, imported, distributed, delivered, supplied, inspected, installed, marketed, and/or sold by Defendants herein), the gypsum and other components of the product break down and release sulfides and other noxious gases that are then emitted (or "off-gassed") from the drywall.

682.  Sulfides and other noxious gases, such as those emitted from Defendants' drywall, cause corrosion and damage to personal property (such as air conditioning and refrigerator coils, faucets, utensils, electrical wiring, copper, electronic appliances and other metal surfaces and property).

683.  Exposure to sulfide and other noxious gases, such as those emitted from Defendants' drywall, causes personal injury resulting in eye irritation, sore throat and cough,

nausea, fatigue, shortness of breath, fluid in the lungs, and/or neurological harm.

684.  As a direct and proximate result of Defendants' actions and omissions, Plaintiffs' and the Class Members' structures, personal property, and bodies have been exposed to Defendants' defective and unfit drywall and the corrosive and harmful effects of the sulfide and other noxious gases being released from Defendants' defective drywall.

685.  Defendants tortiously manufactured, exported, imported, distributed, delivered, supplied, inspected, installed, marketed and/or sold the defective drywall, which was unfit for its intended purpose and unreasonably dangerous in its normal use in that the drywall caused corrosion and damage to personal property in Plaintiffs' and Class Members' homes, residences or structures and/or caused personal injury resulting in eye irritation, a sore throat and cough, nausea, fatigue, shortness of breath, fluid in the lungs, and/or neurological harm.

686.  Defendants recklessly, wantonly, and/or negligently manufactured, exported, imported, distributed, delivered, supplied, inspected, installed, marketed and/or sold the defective drywall at issue in this litigation.

687.  Defendants recklessly, wantonly and/or negligently implement faulty, procedures for purposes of formulating, preparing, testing, and otherwise ensuring the quality and/or character of the defective drywall at issue in this litigation.

688.  As a direct and proximate result of Defendants' defective and unfit drywall and the corrosive and harmful effects of the sulfide and other noxious gases being released from these products, Plaintiffs and Class Members have suffered, and continue to suffer economic harm and/or personal injury.

689.  As a direct and proximate result of Defendants' defective and unfit drywall and the

138



# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

**KENNETH AND BARBARA WILTZ,**
**individually, and on behalf of all others**
**similarly situated, [ADDITIONAL**
**PLAINTIFFS LISTED ON SCHEDULE OF**
**PLAINTIFFS, ATTACHED HERETO AS**
**EXHIBIT "A"],**

**CASE NO.: 10-361**
**SECT. L MAG 2**

            **Plaintiffs,**

**v.**

**AMENDED CLASS ACTION**
**COMPLAINT**

**JURY TRIAL DEMAND**

**BEIJING NEW BUILDING MATERIALS**
**PUBLIC LIMITED CO., [ADDITIONAL**
**DEFENDANTS LISTED ON SCHEDULE OF**
**DEFENDANTS, ATTACHED HERETO AS**
**EXHIBIT "B"],**

            **Defendants.**

_____/

## PLAINTIFFS' AMENDED OMNIBUS CLASS ACTION COMPLAINT (II)

Pursuant to Fed. R. Civ. P. 23, the class representatives in this action bring suit on behalf

of themselves and all other similarly situated owners and residents of real property containing

defective Chinese manufactured drywall that was designed, manufactured, imported, distributed,

delivered, supplied, marketed, inspected, installed, or sold by the Defendants. In order to

accomplish an effective class structure, each of the class representatives is pursuing a nationwide

class action against the manufacturer of the drywall located in plaintiffs' homes (Classes 1-12).

Subordinate to these national class actions, the identified class representatives are participating in

subclasses asserting claims against each of their distributors, suppliers, importers, exporters, and

brokers (Subclasses 13 - 41); each of their builders and developers (Subclasses 42 - 195); and

1

place of business at 1140 Azalea Garden Road, Norfolk, VA 23502. Defendant is organized under the laws of Virginia. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

739.   Defendant, Upscale Properties, Inc. is an entity or individual with a principal place of business at 401 Hooper Drive, Kenner, Louisiana 70065. Defendant is organized under the laws of Louisiana. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

740.   Defendant, Wolf & Bear Distributors  is an entity or individual with a principal place of business at 2881 East Oakland Park Blvd., Ft. Lauderdale, Florida 33306. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

## FACTS REGARDING PRODUCT DEFECT

741.   Upon information and belief, Defendants' drywall contains gypsum.

742.   In "defective drywall" (such as that designed, manufactured, exported, imported, distributed, delivered, supplied, inspected, installed, marketed, and/or sold by Defendants herein), the gypsum and other components of the product break down and release sulfides and other noxious gases that are then emitted (or "off-gassed") from the drywall.

743.   Sulfides and other noxious gases, such as those emitted from Defendants' drywall, cause corrosion and damage to personal property (such as air conditioning and refrigerator coils,

151



LEXISNEXIS' FILE & SERVE
30072906
E-SERVICE
Mar 16 2010
10:01AM

faucets, utensils, electrical wiring, copper, electronic appliances and other metal surfaces and property).

744. Exposure to sulfide and other noxious gases, such as those emitted from Defendants' drywall, causes personal injury resulting in eye irritation, sore throat and cough, nausea, fatigue, shortness of breath, fluid in the lungs, and/or neurological harm.

745. As a direct and proximate result of Defendants' actions and omissions, Plaintiffs' and the Class Members' structures, personal property, and bodies have been exposed to Defendants' defective and unfit drywall and the corrosive and harmful effects of the sulfide and other noxious gases being released from Defendants' defective drywall.

746. Defendants tortiously manufactured, exported, imported, distributed, delivered, supplied, inspected, installed, marketed and/or sold the defective drywall, which was unfit for its intended purpose and unreasonably dangerous in its normal use in that the drywall caused corrosion and damage to personal property in Plaintiffs' and Class Members' homes, residences or structures and/or caused personal injury resulting in eye irritation, a sore throat and cough, nausea, fatigue, shortness of breath, fluid in the lungs, and/or neurological harm.

747. Defendants recklessly, wantonly, and/or negligently manufactured, exported, imported, distributed, delivered, supplied, inspected, installed, marketed and/or sold the defective drywall at issue in this litigation.

748. Defendants recklessly, wantonly and/or negligently implement faulty, procedures for purposes of formulating, preparing, testing, and otherwise ensuring the quality and/or character of the defective drywall at issue in this litigation.

749. As a direct and proximate result of Defendants' defective and unfit drywall and the

152

corrosive and harmful effects of the sulfide and other noxious gases being released from these products, Plaintiffs and Class Members have suffered, and continue to suffer economic harm and/or personal injury.

750.  As a direct and proximate result of Defendants' defective and unfit drywall and the corrosive and harmful effects of the sulfide and other noxious gases being released from these products, the Plaintiffs and the Class Members have suffered, and continue to suffer damages. These damages include, but are not limited to, costs of inspection; costs and expenses necessary to remedy, replace and remove the defective drywall and other property that has been impacted; lost value or devaluation of their homes, residences or structures and property as a direct result of damage caused to the property and indirect damage resulting from perceived defects to the property, including stigma damages; loss of use and enjoyment of their home and property; and/or damages associated with personal injuries.

751.  As a direct and proximate result of Defendants' defective and unfit drywall and the corrosive and harmful effects of the sulfide and other noxious gases being released from these products, Plaintiffs and the Class Members have been exposed to toxic gases, suffered personal injury, have been placed at an increased risk of disease, and have need for injunctive relief in the form of repair and remediation of their home, recision of their home purchase contracts, the ordering of emergency/corrective notice, the ordering of environmental testing and monitoring, and/or the ordering of medical monitoring.

## FACTS REGARDING INVESTORS WHO AIDED AND ABETTED DEFENDANTS

752.  J.P. Morgan Chase & Co. ("J.P. Morgan"), and certain other corporations and entities (collectively the "Investing Entities"), engaged in a deliberate and/or reckless course of

153