UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * | CASE NO. 2:09-MD-2047<br><br>SECTION "L"<br><br>JUDGE FALLON |
| **This document relates to: (Canty 10-0929)** | * * | MAGISTRATE WILKINSON |

**MEMORANDUM OF LAW IN SUPPORT OF CERTAIN DEFENDANTS'
MOTION TO DISMISS BASED ON LACK OF STANDING
IN COMPLIANCE WITH COURT'S JULY 1, 2010 ORDER**

INTRODUCTION

Plaintiffs allege all Defendants breached the terms of their homeowners insurance policy and acted in bad faith by failing to pay for losses allegedly due to defective Chinese manufactured drywall installed in Plaintiffs' home. Although Plaintiffs name Allstate Fire and Casualty Insurance Company ("Allstate Fire") and Allstate Indemnity Company ("Allstate Indemnity") as Defendants, they were not issued a policy by either entity, so they lack standing to sue these entities. Accordingly, all Plaintiffs' claims as to these entities should be dismissed.

1

162538

## BACKGROUND

This case arises from alleged losses due to Chinese drywall in Plaintiffs' home. Plaintiffs, Honore and Elaine Canty, reside at 2785 Highway 39, Braithwaite, Louisiana, and are insureds under an Allstate Insurance Company homeowners insurance policy, No. 095006137. (Compl., ¶¶ 1-2.)[1] According to Plaintiffs, beginning in the Spring of 2009, they and the putative class they seek to represent "became aware of the potential damaging effects of Chinese manufactured drywall through various media reports." (*Id.,* ¶ 18.) Plaintiffs allege that after "these reports and other investigations," they "discovered that their properties were constructed using Chinese manufactured drywall, which caused, and continues to cause, physical loss and damage to their properties and contents." (*Id.*)

Plaintiffs assert three causes of action: Count I-Declaratory Relief, seeking a declaration that no policy provisions preclude coverage for the alleged damages arising from Chinese drywall; Count II-Bad Faith, based on Defendants' alleged misrepresentation of the policy provisions in denying claims; and Count III-Injunctive Relief, enjoining Defendants from dropping coverage, increasing rates or otherwise deterring putative class members from renewing or retaining their homeowners coverage due to the presence of Chinese drywall.

---

[1] Plaintiffs fail to allege which defendant is the insurer that issued their policy, or to attach their policy to the Complaint. However, Defendants have attached Plaintiffs' policy as an exhibit (*see* Policy, attached to the authenticating Declaration of Linda Sisson, which is attached hereto as Exhibit A), and this Court may rely on that policy, which is central to Plaintiffs' claims, in the context of this Rule 12(b) motion. *Kane Enterprises v. MacGregor USA, Inc.*, 322 F.3d 371, 374 (5th Cir. 2003) (the "court may review the documents attached to the motion to dismiss, *e.g.*, the contracts in issue here, where the complaint refers to the documents and they are central to the claim").

2

> Plaintiffs purport to represent the following class:
>
> All individuals in the United States who purchased a homeowners insurance policy from Allstate,[2] directly or through any agent of Allstate, and who made a claim for insurance coverage for damages to their homes sustained as a result of the presence of Chinese-manufactured drywall with Allstate pursuant to that policy and whose homeowner claim was denied by Allstate.

(*Id.*, ¶¶ 3, 24.) Plaintiffs allege Defendants have "refused to provide coverage to members of the Class on grounds that apply generally to the Class, such that final injunctive relief and/or corresponding declaratory relief, concerning the exclusions for which Allstate has based its denial of coverage to members of the Class, is appropriate respecting the Class as a whole." (*Id.*, ¶ 25.)

## ARGUMENT

It is axiomatic that in order for a court to have subject matter jurisdiction over a claim, the plaintiff must have standing to assert that claim. *Grant v. Gilbert*, 324 F.3d 383, 386, 390 (5th Cir. 2003) (citing, *e.g.*, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). This prerequisite applies equally well to putative class actions. *Grant*, 324 F.3d at 390 ("A plaintiff who never had standing to pursue the full claims of the class lacks a personal stake in litigating certification") (citations omitted). *See also Arguello v. Conoco, Inc.*, 330 F.3d 355, 361 (5th Cir. 2003) ("If a litigant is unable to establish standing, he may not seek relief on behalf of any party"), *cert. denied,* 540 U.S. 1035 (2003); *Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315, 319 (5th Cir. 2002) (stating that standing is an "inherent prerequisite to the class certification inquiry"); *Johnson v. City of Dallas, Texas*, 61 F.3d 442, 445 (5th Cir. 1995) ("If none of the

---

[2]   Plaintiffs refer to all three of the defendants herein as "Allstate."

3

named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class") (quotation omitted).

"[T]o establish Article III standing in a class action, at least one named plaintiff must have standing in his own right to assert a claim against *each* named defendant before he may purport to represent a class claim against that defendant." *Henry v. Circus Circus Casinos*, 223 F.R.D. 541, 544 (D. Nev. 2004) (emphasis added); *In re Franklin Mut. Funds Fee Litig.*, 388 F. Supp. 2d 451, 461 (D. N.J. 2005) (same). *See also In re Taxable Mun. Bonds Litig.*, 1993 WL 302619, *4 (E.D. La. Aug. 6, 1993) (applying this rule, stating: "a class has standing against multiple defendants so long as ***each defendant*** is subject to the claims of at ***least one named class representative***") (emphasis added). As Judge Feldman stated, in language equally applicable here, in the context of a purported class action where, as here, Allstate Insurance Company policyholders attempted to represent a class suing various other separate Allstate affiliates, since "none of the named plaintiffs were insured by either Allstate Fire and Casualty or Allstate Property and Casualty," they "lack[ed] standing to sue those defendants. And their attempts to establish Article III standing through the backdoor of a class action is unavailing." *Aguilar v. Allstate Fire and Cas. Ins. Co.*, 2007 WL 734809, *5 (E.D. La. Mar. 6, 2007) (citing *Henry*).[3]

---

[3] Copies of unpublished decisions cited herein are attached hereto, in order of citation, as Group Exhibit B.

Plaintiffs' Policy was issued by Allstate Insurance Company. (*See* Sisson Dec.) Plaintiffs are only insured by Allstate Insurance Company, and do not have a policy with either Allstate Fire and Casualty Company or Allstate Indemnity Company. Accordingly, Plaintiffs could not have been injured by Allstate Fire or Allstate Indemnity and, therefore, do not have standing to assert any claim against these two entities. *See, e.g., Grant, supra; Aguilar, supra. See also Lewis v. Casey*, 518 U.S. 343, 357 (1996). ("That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent"). As a result, this Court lacks subject matter jurisdiction over Allstate Fire and Allstate Indemnity, and these entities should be dismissed from this putative class action. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint").

## CONCLUSION

For all the foregoing the reasons, it is respectfully requested that this Court enter an Order granting Certain Defendants' Motion to Dismiss Based on Lack of Standing, and

dismissing all Plaintiffs' claims against Allstate Fire and Casualty Insurance Company and Allstate Indemnity Company with prejudice and without leave to amend.

Respectfully submitted,

/s/ Judy Y. Barrasso
Judy Y. Barrasso, 2814
Catherine F. Giarrusso, 29875
BARRASSO USDIN KUPPERMAN
    FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana 70112
Telephone:  (504) 589-9700
Facsimile: (504) 589-9701

Steven M. Levy
Mark L. Hanover
SONNENSCHEIN NATH &
 ROSENTHAL, LLP
233 S. Wacker Drive, Suite 7800
Chicago, Illinois 60606
(312) 876-8000

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail *or* by hand delivery and e-mail *and* upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 19th day of July, 2010.

/s/Judy Y. Barrasso

162538