UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L<br><br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| *This Document Relates to:*<br><br>ROBERT C. PATE, as Trustee for the Chinese Drywall Trust,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, ET AL.,<br><br>Defendants.<br>_____/ | CASE NO. 2:09-CV-7791 "L" |

## DEFENDANT HERMITAGE INSURANCE COMPANY'S MOTION TO DISMISS FOR IMPROPER VENUE OR ALTERNATIVE MOTION TO TRANSFER ACTION TO THE MIDDLE DISTRICT OF FLORIDA

COMES NOW the Defendant, HERMITAGE INSURANCE COMPANY ("Hermitage"), by and through undersigned counsel, and files this, its Motion to Dismiss for Improper Venue or Alternative Motion to Transfer Action to the Middle District of Florida, and would state:

1.  Hermitage provided Commercial General Liability insurance to its insured, ABF Drywall, Inc. ("ABF"), policy number HGL/543876-08 (the "Policy").

2.  There are no other cases involving the Policy in this MDL 2047 litigation.

3.  There are no cases in any other jurisdiction which are related to the above-referenced Policy, for which there are any similar or related issues or motions.

4.  This action is an insurance coverage dispute involving questions on the availability of insurance coverage for homes constructed by WCI Communities, Inc. ("WCI") and its subcontractors in the state of Florida.

5.  On August 4, 2008 and July 1, 2009, WCI and its affiliates filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Chinese Drywall Trust was thereafter created on July 17, 2009, in anticipation of claims arising out of the use of Chinese Drywall in the homes WCI constructed in Florida.

6.  The Trust was purportedly given authority to pursue and recover insurance funds from the various insurance policies issued to WCI and its subcontractors for the claims arising out of the use of the Chinese Drywall.

7.  The Amended Complaint filed by the Trust does not contain any allegations which would create jurisdiction in this Court.

8.  The Amended Compliant alleges that the Trust is a Texas resident. None of the various insurers named as defendants in this litigation are Louisiana corporations, nor do any of the insurers maintain their principal place of business in Louisiana.

9. None of the underlying claims which purportedly form the basis of the Trust's lawsuit were for damage done in Louisiana, or homes constructed in Louisiana. Every purported claim is for a home in Florida.

10. Despite the lack of jurisdiction in this Court, the Trust has maintained that jurisdiction is proper under the June 15, 2009 Transfer Order of the Judicial Panel on Multidistrict Litigation, and pursuant to 28 U.S.C. § 1407.

11. Hermitage adopts the arguments and reasoning of the Certain Defendants' Joint Motion to Dismiss First Amended Complaint for Improper Venue or, In The Alternative, to Transfer Action to the Middle District of Florida, document number 2157 in this Court, as though fully restated herein.

## MEMORANDUM OF LAW:

Where diversity of citizenship is raised as the basis for jurisdiction in a judicial district, there are conditions which must be satisfied. Specifically, 28 U.S.C. § 1391(a) provides, in pertinent part:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situation, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, **if there is no district in which the action may otherwise be brought.** (Emphasis added).

The burden for demonstrating proper jurisdiction is on the plaintiff, in t his case the Trust. *See, e.g.*, Smith v. Fortenberry, 903 F.Supp. 1018, 1019-20 (E.D. La. 1995).

The first way to establish diversity jurisdiction is if every defendant resides in the same State. Here, the Trust has not alleged, nor could the Trust allege, that all of the Defendants are residents of Louisiana. Hermitage is a New York corporation, with its principle place of business in New York. Several other defendants are corporations incorporated in, and with their principle places of business in, other states than Louisiana. Therefore, this Court does not have jurisdiction over this matter under the first element of diversity jurisdiction.

The second element to establish diversity jurisdiction provides that there is proper jurisdiction if a substantial part of the events or omissions giving rise to the claim occurred in the judicial district for which jurisdiction is sought. As set forth above, none of the homes at issue in this particular litigation were built in Florida, and none of the damages for which the Trust claims it is entitled to coverage occurred in Florida. Therefore, the Trust cannot establish this second element of diversity jurisdiction. Hermitage's insured, A.B.F., is a Florida corporation with its principle place of business in Fort Myers, and A.B.F. does not conduct any operations in Louisiana.

Finally, the diversity jurisdiction statute provides that the action may be brought in a jurisdiction if there is no other district where the action may be brought. In this case, the action may properly be brought in the Middle District of Florida. The claims at issue in this action arose out of construction which took place in the Middle District of Florida. Therefore, because the action could have been brought in the Middle District of Florida, jurisdiction in the Eastern District of Louisiana is not present under the third element of the diversity jurisdiction statute.

4

The Trust asserts that venue and jurisdiction are proper in this Court under the June 15, 2009 Transfer Order, and under 28 U.S.C. § 1407. The statute, 28 U.S.C. § 1407, provides that "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." The statute does not allow for original filings in a jurisdiction which purportedly has common questions of fact, but rather grants the authority for subsequent transfer of the action. The Transfer Order similarly provided for the *transfer* of related actions to this Court, but did not create jurisdiction for *original* filings in this Court, absent other jurisdiction and venue considerations.

Further, this Court has considered and rejected transfer requests for actions involving determinations of insurance coverage in at least two instances in this Multi-District Litigation, under findings that the transfer would not serve to promote convenience of parties and witnesses, or promote just and efficient conduct of the litigation. The issues in this suit are too attenuated to the issues present in the other suits in this Multi-District Litigation to necessitate or allow consolidation.

WHEREFORE, the Defendant, Hermitage, requests that this Honorable Court enter an Order dismissing this action for lack of jurisdiction and improper venue, or otherwise transfer this action to the Middle District of Florida, for the reasons stated herein.

/s/ John E. Herndon, Jr.
John E. Herndon, Jr.
Florida Bar No. 199702
CONROY SIMBERG GANON
KREVANS ABEL LURVEY MORROW
& SCHEFER, P.A.
Atrium Building, Suite 105
325 John Knox Road
Tallahassee, FL 32303
Telephone: (850) 383-9103
Facsimile: (850) 383-9109
eherndon@conroysimberg.com

Isaac H. Ryan (23925)
Deutsch Kerrigan & Stiles, LLP
755 Magazine Street
New Orleans, LA 70130
Telephone: (504) 593-0718
Facsimile: (504) 566-1201
iryan@dkslaw.com

*CO-COUNSEL FOR DEFENDANT
HERMITAGE INSURANCE COMPANY*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Hermitage Insurance Company's Motion to Dismiss for Improper Venue or Alternative Motion to Transfer Action to the Middle District of Florida has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 19th day of July, 2010.

/s/ Isaac H. Ryan
John E. Herndon, Jr.
Isaac H. Ryan