453. Defendant, The Builders Risk Plan, is an Illinois corporation with its principal place of business at 1400 American Lane, Schaumburg, Illinois 60196. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

454. Defendant, Canal Indemnity Company, is a South Carolina corporation with its principal place of business at 400 East Stone Ave., Greenville, South Carolina 29601. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

455. Defendant, Catlin Specialty Insurance Company, is a Delaware corporation with its principal place of business at 17 State Street, New York, New York 10004. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

456. Defendant, Chartis Select Insurance Company, individually and as successor-in-interest to AIG Excess Liability Insurance Company, Ltd., (f/k/a Starr Excess Liability Insurance Company, Ltd.), is a Delaware Corporation with its principal place of business in Delaware. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

457. Defendant, Chartis Specialty Insurance Company f/k/a American International Specialty Lines Insurance Company, is a New York corporation with its principal place of business at 175 Water Street, New York, New York 10038. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

458. Defendant, Chubb Custom Insurance Company, is a Delaware corporation with its principal place of business at 32 Loockeman Square, Dover, DE 19901.33701. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

459. Defendant, Cincinnati Insurance Company, is an Ohio corporation with its principal

86

place of business at 6200 South Gilmore Road, Fairfield, Ohio 45014.33701. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

460. Defendant, Clarendon America Insurance Company, is a New Jersey corporation with its principal place of business at 224 West States Street, Trenton, NJ 08608.33701. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

461. Defendant, Continental Casualty Company, is an Illinois corporation with its principal place of business at 333 S. Wabash Avenue, Chicago, Illinois 60604.33701. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

462. Defendant, Crum & Forster Specialty Insurance Company, is an Arizona corporation with its principal place of business at 305 Madison Avenue, Morristown, New Jersey 07962. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

463. Defendant, Employers Company of Wausau, is a Wisconsin corporation with its principal place of business at 2000 Westwood Drive, Wausau, WI 54402. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

464. Defendant, Endurance American Insurance Company, is a Delaware corporation with its principal place of business at 1209 Orange Street, Wilmington, DE 19801. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

465. Defendant, Endurance Specialty Insurance Ltd., is a Bermuda entity with its principal place of business at Wellesley House, 90 Pitts Bay Road, Pembroke Hm 08, Bermuda. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

466.   Defendant, Essex Insurance Company, is a Delaware corporation with its principal place of business at 1209 Orange Street, Wilmington, DE 19801. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

467.   Defendant, FCCI Commercial Insurance Company, is a Florida corporation with its principal place of business at 6300 University Parkway, Sarasota, Florida 34240. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

468.   Defendant, FCCI Insurance Company, is a Florida corporation with its principal place of business at 6300 University Parkway, Sarasota, Florida 34240. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

469.   Defendant, Fireman's Fund Insurance Company, is a California corporation with its principal place of business at 777 San Marin Drive, Navato, California 94998. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

470.   Defendant, First Commercial Insurance Company, is a Florida corporation with its principal place of business at 2300 West 84th Street, Hialeah, Florida 33016.   Defendant can be served through its Chief Financial Officer, P. O. Box 6200, Tallahassee, FL 32399.

471.   Defendant, General Fidelity Insurance Company, is a South Carolina corporation with its principal place of business at 450 B. St., Ste. 670, San Diego, CA 92101. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

472.   Defendant, General Security Indemnity Company of Arizona, is an Arizona corporation with its principal place of business at 3225 North Central Ave. Phoenix, AZ 85012. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

473.   Defendant, Granada Insurance Company, is a Florida corporation with its principal

place of business at 4075 SW 83rd Avenue, Miami, Florida 33155. Defendant can be served through its registered agent at Chief Financial Officer, P.O. Box 6200, Tallahasee, FL 32301.

474. Defendant, Great American Assurance Company, is a Ohio corporation with its principal place of business at 580 Walnut Street, Cincinnati, Ohio 45202. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

475. Defendant, Greenwich Insurance Company, is a Delaware corporation with its principal place of business at 1201 North Market Street, Suite 501, Wilmington, DE 19801. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

476. Defendant, The Hanover American Insurance Company, is a New Hampshire corporation with its principal place of business at Ten Corporate Drive, Bedford Springs, NH 03110. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

477. Defendant, Hanover Insurance Company, is a New Hampshire corporation with its principal place of business at Ten Corporate Drive, Bedford Springs, NH 03110. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

478. Defendant, Harleysville Mutual Insurance Company, is a Pennsylvania corporation with its principal place of business at 355 Maple Avenue, Harleysville, Pennsylvania 19438-2297. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

479. Defendant, Heath Insurance Brokers, Incorporated, is a Connecticut corporation with its principal place of business at 195 Farmington Avenue, Suite 195, Farmington, Connecticut

89

06032. Defendant can be served through its registered agent at National Registered Agents, Inc., 145 Baker Street, Marion, OH 43302.

480.   Defendant, Illinois National Insurance Company, is an Illinois corporation with its principal place of business at 70 Pine Street, New York, NY 10270. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

481.   Defendant, The Insurance Company of the State of Pennsylvania, is a Pennsylvania corporation with its principal place of business at 2704 Commerce Drive, Ste. B, Harrisburg, PA 17110. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

482.   Defendant, Interstate Fire & Casualty Company, is a Illinois corporation with its principal place of business at 33 West Monroe Street, Chicago, Illinois 60603.Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

483.   Defendant, Landmark American Insurance Company, is an Oklahoma corporation with its principal place of business at 115 S.W. 89th Street, Oklahoma, OK 73139. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

484.   Defendant, Lexington Insurance Company, is a Delaware corporation with its principal place of business at 2711 Centerville Road, Ste. 400, Wilmington, DE 19808. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

485.   Defendant, Liberty Mutual Insurance Company, is a Massachusetts corporation with its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02117. Defendant can be served through its registered agent at Corporation Service Company, 320 Somerulos St., Baton Rouge, LA 70802.

486. Defendant, Louisiana Home Builders Association General Liability Trust is a Louisiana entity with its principal place of business at 4970 Bluebonnet Blvd., Suits A, Baton Rouge, Louisiana 70809. Defendant can be served through its registered agent at 4970 Bluebonnet Blvd., Suite A, Baton Rouge, Louisiana 70809.

487. Defendant, Markel Insurance Company, is a Illinois corporation with its principal place of business at Ten Parkway North, Deerfield, IL 60015. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

488. Defendant, Mid-Continent Casualty Company, is an Ohio corporation with its principal place of business at 1437 South Boulder, Suite 200, Tulsa, Oklahoma 74119. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

489. Defendant, Mount Hawley Insurance Company, is an Illinois corporation with its principal place of business at 9025 North Lindbergh Drive, Peoria, Illinois 61615. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

490. Defendant, National Union Fire Insurance Company, is a Alabama corporation with its principal place of business at 175 Water Street, New York, NY 10038. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

491. Defendant, National Union Fire Insurance Company of Pittsburgh, is a Pennsylvania corporation with its principal place of business at 70 Pine Street, New York, New York 10270. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

492. Defendant, Nationwide Mutual Insurance Company, is an Ohio corporation with its principal place of business at One West Nationwide Plaza, Columbus, Ohio 43215. Defendant can

be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

493. Defendant, Nationwide Mutual Fire Insurance Company, is an Ohio corporation with its principal place of business at One West Nationwide Plaza, Columbus, Ohio 43215. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

494. Defendant, Nationwide Property and Casualty Insurance Company, is an Ohio corporation with its principal place of business at One West Nationwide Plaza, Columbus, Ohio 43215. Defendant can be served through its registered agent at CT Corp. 4701 Cox Rd., Ste. 301, Glen Allen, VA 23060.

495. Defendant, Nautilus Insurance Company, is an Arizona corporation with its principal place of business at 7233 East Butherus Drive, Scottsdale, Arizona 85260. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

496. Defendant, North American Specialty Insurance Company, is a New Hampshire corporation with its principal place of business at 650 Elm Street, Manchester, New Hampshire 03101. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

497. Defendant, The North River Insurance Company, is a New Jersey corporation with its principal place of business at 305 Madison Avenue, Morristown, New Jersey 07962. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

498. Defendant, Old Dominion Insurance Company, is a Florida corporation with its principal place of business at 4601 Touchton Road East, Suite 3300, Jacksonville, Florida 32246-4485. Defendant can be served through its registered agent at Chief Financial Officer, P.O. Box

6200, Tallahassee, FL 32399.

499. Defendant, Old Republic Insurance Company, is a Pennsylvania corporation with its principal place of business at 414 West Pittsburgh St., Greensburgh, PA 15601. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

500. Defendant, Owners Insurance Company, is an Ohio corporation with its principal place of business at 2325 N. Cole Street, Lima, OH 45801. Defendant can be served through its registered agent at CT Corp System, 4701 Cox Rd. Ste. 301, Glen Allen, VA 23060.

501. Defendant, Praetorian Specialty Insurance Company, a subsidiary of Praetorian Financial Group, Inc., is a Delaware corporation with its principal place of business at Wall Street Plaza, 88 Pine Street, 10th Floor, New York, New York 10005. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

502. Defendant, QBE Specialty Insurance Company, is a North Dakota corporation with its principal place of business at Wall Street Plaza, 88 Pine St, 16th Floor, New York, NY 10005. Defendant can be served through its registered agent at CT Corp System, 314 E. Thayer Ave, Bismarck, ND 58502.

503. Defendant, Quanta Indemnity Company, is a Colorado corporation with its principal place of business at 48 Wall Street, New York, New York 10005. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

504. Defendant, RLI Insurance Company, is an Illinois corporation with its principal place of business at 9025 North Lindbergh Drive, Peoria, Illinois 61615. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

505. Defendant, RSUI Group, Inc., is a New Hampshire corporation with its principal place

of business at 945 E. Paces Ferry Road, Suite 1800, Atlanta, Georgia 30326. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

506. Defendant, Royal & Sunalliance Insurance Agency Inc., is a Delaware corporation with its principal place of business at 88 Pine Street, 17th Floor, New York, New York 10005. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

507. Defendant, Safeco Insurance Company of America, a member of Liberty Mutual Group, is a Washington corporation with its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02117. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

508. Defendant, Scottsdale Insurance Company, is an Ohio corporation with its principal place of business at 877 N. Gainey Center Drive, Scottsdale, Arizona 85258. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

509. Defendant, Southern-Owners Insurance Company, is a Michigan corporation with its principal place of business at 6101 Anacapri Blvd., Lansing, Michigan 48917. Defendant can be served through its Chief Financial Officer, 200 East Gaines Street, Tallahassee, FL 32399.

510. Defendant, SR International Business Insurance Company Ltd. is a United Kingdom entity, with its principal place of business at 30 Saint Mary Axe, London, EC3A 8EP, United Kingdom. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

511. Defendant, Standard Fire Insurance Company, is a Connecticut corporation with its principal place of business at One Tower Square, Hartford, Connecticut 06183. Defendant can be

94

served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

512. Defendant, State Farm Fire and Casualty Company, is a Illinois corporation with its principal place of business at One State Farm Plaza, Bloomington, Illinois 61710. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

513. Defendant, Steadfast Insurance Company, is a Delaware corporation with its principal place of business at 32 Loockerman Square, Ste.202, Dover, DE 19901. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

514. Defendant, St. Paul Fire & Marine Insurance Company, is a Minnesota corporation with its principal place of business at 385 Washington Street, St. Paul, Minnesota 55102. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

515. Defendant, Sunshine State Insurance Company, is a Florida corporation with its principal place of business at 475 W. Town Place, Suite 210, St. Augustine, Florida 32092. Defendant can be served through the Chief Financial Officer, P. O. Box 6200, Tallahassee, FL 32399.

516. Defendant, Swiss Re International SE, is a New York corporation with its principal place of business at 125 West 55th Street, New York, New York 10019. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

517. Defendant, Travelers Indemnity Company of Connecticut, is a Connecticut corporation with its principal place of business at One Tower Square, Hartford, Connecticut 06183. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

518. Defendant, Travelers Property Casualty Company of America f/k/a Travelers Indemnity

95

Company of Illinois, is a Connecticut corporation with its principal place of business at One Tower Square, Hartford, Connecticut 06183. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

519.   Defendant, Underwriters at Lloyd's, London, is a New York corporation with its principal place of business at 125 West 55th Street, New York, New York 10019. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

520.   Defendant, Vinings Insurance Company, is a South Carolina corporation with its principal place of business at P.O. Box 723099, Atlanta, GA 31139. Defendant can be served through its registered agent at Chief Financial Officer, P.O. Box 6200, Tallahassee, FL 32399.

521. Defendant, Wausau Underwriters Insurance Company, is a Wisconsin corporation with its principal place of business at P.O. Box 8017, Wausau, WI 54402. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

522.   Defendant, Wesco Insurance Company, is a Delaware corporation with its principal place of business at 90 Christiana Road, New Castle, DE 19720. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

523.   Defendant, Westchester Surplus Lines Insurance Company, is a Georgia corporation with its principal place of business at 1601 Chestnut Street, Philadelphia, Pennsylvania 19103. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

524. Defendant, XL Europe Ltd., is a United Kingdom entity with its principal place of business at 70 Gracechurch Street, London, EC3V 0XL, United Kingdom. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

525. Defendant, XL Insurance Company Ltd., a/k/a XL Insurance America, Inc., is a Delaware corporation with its place of business at 70 Seaview Ave., Stanford, CT 06902. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

526. Defendant, Zurich American Insurance Company, is an Illinois corporation with its principal place of business at 1400 American Lane, Schaumburg, Illinois 60196. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

527. Defendant, Zurich North America, is an Illinois corporation with its principal place of business at 1400 American Lane, Schaumburg, Illinois 60196. Defendant can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, LA 70809.

### The Distributor/Supplier/Importer/Exporter/Broker Defendants

528. Defendant, 84 Lumber Company, is an entity or individual with a principal place of business at 989 West Airline Hwy., St. Rose, Louisiana 70087. Defendant is organized under the laws of Louisiana and can be served through its registered agent, CT Corporation System, 5615 Corporate Blvd., Suite 400 B, Baton Rouge, LA 70808. Defendant is a distributor or supplier of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

529. Defendant, 84 Lumber Company, LP is an entity or individual with a principal place of business at 1019 Route 519, Building #5, Eighty Four, PA 15330. Defendant is organized under the laws of Pennsylvania and can be served through its registered agent, CT Corporation System, 5615 Corporate Blvd., Suite 400 B, Baton Rouge, LA 70808. Defendant is a distributor or supplier of drywall and related building products that engaged in these practices, which has resulted in harm

and damages to Subclass Members.

530.   Defendant, Bailey Lumber & Supply Company is an entity or individual with a principal place of business at 813 E. Pass Road, Gulfport, Mississippi 39507.   Defendant is organized under the laws of Mississippi and can be served through its registered agent John Howard Shows, 2950 Layfair Drive, Suite 101, Flowood, MS 39232.   Defendant is a distributor or supplier of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

531.   Defendant, Bailey Lumber & Supply Company of Biloxi is an entity or individual with a principal place of business at 2904 Hwy 90 E, Biloxi, Mississippi, 39530.   Defendant is organized under the laws of Mississippi and can be served through its registered agent, Sherwood Bailey, Bailey Building, Washington Avenue, Gulfport, MS 39507. Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

532.   Defendant, Banner Supply Co. is an entity or individual with a principal place of business at 7195 NW 30th Street, Miami, Florida 33122.   Defendant is organized under the laws of Florida and can be served through its registered agent, GY Corporate, Services, Inc., Two South Biscayne, Blvd., Suite 3400, Miami, FL 33131. Defendant is a importer, exporter, distributor or supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

533.   Defendant, Banner Supply Company Ft. Myers, LLC is an entity or individual with a principal place of business at 2910 Cargo Street, Fort Myers, Florida 33916.   Defendant is organized under the laws of Florida and can be served through its registered agent, GY Corporate, Services,

Inc., Two South Biscayne, Blvd., Suite 3400, Miami, FL 33131. Defendant is a importer, exporter, distributor or supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

534. Defendant, Banner Supply Company Pompano, LLC is an entity or individual with a principal place of business at 1660 SW 13th Court, Pompano Beach, Florida 33069. Defendant is organized under the laws of Florida and can be served through its registered agent, GY Corporate, Services, Inc., Two South Biscayne, Blvd., Suite 3400, Miami, FL 33131. Defendant is a importer, exporter, distributor or supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

535. Defendant, Banner Supply Company Port St. Lucie, LLC is an entity or individual with a principal place of business at 7195 NW 30th Street, Miami, Florida 33122. Defendant is organized under the laws of Florida and can be served through its registered agent, GY Corporate, Services, Inc., Two South Biscayne, Blvd., Suite 3400, Miami, FL 33131. Defendant is a importer, exporter, distributor or supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

536. Defendant, Banner Supply Company Tampa, LLC is an entity or individual with a principal place of business at 7195 NW 30th Street, Miami, Florida 33122. Defendant is organized under the laws of Florida and can be served through its registered agent, GY Corporate, Services, Inc., Two South Biscayne, Blvd., Suite 3400, Miami, FL 33131. Defendant is a importer, exporter, distributor or supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

537. Defendant, Banner Supply International, LLC is an entity or individual with a principal

place of business at 7195 NW 30th Street, Miami, Florida 33122. Defendant is organized under the laws of Florida and can be served through its registered agent, GY Corporate, Services, Inc., Two South Biscayne, Blvd., Suite 3400, Miami, FL 33131. Defendant is a importer, exporter, distributor or supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

538.   Defendant, Black Bear Gypsum Supply, Inc. is an entity or individual with a principal place of business at 2050 Tall Pines Drive, Suite B, Largo, Florida 33771. Defendant is organized under the laws of Florida and can be served through its registered agent, Gina Milinovich, 2050 Tall Pines, Drive, Suite B, Largo, FL 33771. Defendant is a importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

539.   Defendant, Black Bear Gypsum, LLC is an entity or individual with a principal place of business at 2050 Tall Pines Drive, Suite B, Largo, Florida 33771. Defendant is organized under the laws of Florida and can be served through its registered agent, Gina Milinovich, 2050 Tall Pines, Drive, Suite B, Largo, FL 33771. Defendant is a importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

540.   Defendant, Interior/Exterior Building Supply, LP is an entity or individual with a principal place of business at 727 S. Cortez Street, New Orleans, Louisiana  70119. Defendant is organized under the laws of Louisiana and can be served through its registered agent Clayton C. Geary, 727 S. Cortez Street, New Orleans, Louisiana  70119. Defendant is a importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these

100

practices, which has resulted in harm and damages to Subclass Members.

541. Defendant, Interior/Exterior Enterprises, LLC is an entity or individual with a principal place of business at 727 S. Cortez Street, New Orleans, Louisiana 70119. Defendant is organized under the laws of Louisiana and can be served through its registered agent Clayton C. Geary, 727 S. Cortez Street, New Orleans, Louisiana 70119. Defendant is a importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

542. Defendant, L&W Supply Corporation d/b/a Seacoast Supply Company is an entity or individual with a principal place of business at 550 W. Adams Street, Dept. 174, Chicago, Illinois 60661. Defendant is organized under the laws of Delaware and can be served through its registered agent, CT Corporation System, 5615 Corporate Blvd., Ste. 400B, Baton Rouge, LA 70808. L&W Supply Corporation is a subsidiary of USG. Defendant is a importer, exporter, distributor or supplier of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

543. Defendant, Mazer's Discount Home Centers, Inc. is an entity or individual with a principal place of business at 1112 King Street, Wilmington, Delaware. Defendant is organized under the laws of Delaware and can be served through its registered agent, Michael Mazer, 2 South 41st Street, Birmingham, AL, 35222. Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

544. Defendant, Smoky Mountain Materials, Inc. d/b/a Emerald Coast Building Materials is an entity or individual with a principal place of business at 5218 S. National Drive, Knoxville,

Tennessee 37914.  Defendant is organized under the laws of Florida and can be served through its registered agent, William B. Batting, 8040 Old Palafox Street, Pensacola, FL 32534.  Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

545.  Defendant, Tobin Trading, Inc. is an entity or individual with a principal place of business at 5008 Gatehouse Way, Virginia Beach, Virginia, 23455.  Defendant is organized under the laws of Virginia and can be served through its registered agent, Phillip William Perry, Jr., 5008 Gatehouse Way, Virginia Beach, VA 23455.  Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

546.  Defendant, USG Corporation is a Delaware corporation with a principal place of business in Chicago, Illinois.  Defendant is organized under the laws of Delaware, and can be served through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.  USG, together with its various affiliates, including its subsidiary, L&W Supply Corporation and Seacoast Supply, is the nation's largest distributor of drywall and related building products.  USG, through its subsidiary L&W Supply Corporation, sold, distributed, supplied, marketed, inspected, imported, exported, or delivered the drywall at issue in this litigation.  USG is responsible for the actions of its subsidiary through control of persons and other management activities.

547.   Defendant, Venture Supply Company is an entity or individual with a principal place of business at 1140 Azalea Garden Road, Norfolk, Virginia 23502.  Defendant is organized under the laws of Virginia  and can be served through its registered agent, Richard E. Biemiller,

102

Convergence Center IV, 301 Bendix Road, Ste. 500, Virginia Beach, VA 23452. Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

548. Defendant, Venture Supply, Inc. is an entity or individual with a principal place of business at 1140 Azalea Garden Road, Norfolk, Virginia 23502. Defendant is organized under the laws of Virginia and can be served through its registered agent, Richard E. Biemiller, Convergence Center IV, 301 Bendix Road, Ste. 500, Virginia Beach, VA 23452. Defendant is a importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

### The Developer/Builder Defendants

549. Defendant, Advantage Builder of America, Inc. is an entity or individual with a principal place of business at 11796 C Metro Parkway, Ft. Myers, Florida 33966. Defendant is organized under the laws of Florida and can be served through its registered agent, Steven J. Magner, 11796 C Metro Parkway, Ft. Myers, FL 33966. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein

550. Defendant, Advantage Builder of America, Inc. a/k/a Advantage Builders of SWFL, Inc. is an entity or individual with a principal place of business at 11796 C Metro Parkway, Ft. Myers, Florida 33966. Defendant is organized under the laws of Florida and can be served through its registered agent, Steven J. Magner, 11796 C Metro Parkway, Ft. Myers, FL 33966. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

103

551. Defendant, Alana Development Corporation is an entity or individual with a principal place of business at 4425 US Hwy. 1 South #209, St. Augustine, Florida 32086. Defendant is organized under the laws of Florida and can be served through its registered agent, Allen Dropps, 4425 US Hwy 1 South #209, St. Augustine, FL 32086. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

552. Defendant, Albanese-Popkin The Oaks Development Group, L.P. is an entity or individual with a principal place of business at 1200 S. Rogers Circle, Suite #11, Boca Raton, Florida 33487. Defendant is organized under the laws of Florida and can be served through its registered agent, Edward D. Popkin, 1200 S. Rogers Circle, Suite #11, Boca Raton, Florida 33487. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

553. Defendant, Aubuchon Homes, Inc. is an entity or individual with a principal place of business at 1310 SE 4th Terrace, Cape Coral, Florida 33991. Defendant is organized under the laws of Florida and can be served through its registered agent, Gary Aubuchon, 1310 SE 4th Terrace, Cape Coral, Florida 33991. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

554. Defendant, Barony Homes, Inc. is an entity or individual with a principal place of business at 2508 Del Prado Blvd. S, Cape Coral, Florida 33904. Defendant is organized under the laws of Florida and can be served through its registered agent, Michael A. Donnelly, 2508 Del Prado

Blvd. S, Cape Coral, FL 33904. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein

555. Defendant, Beazer Homes Corp. is an entity or individual with a principal place of business at 1000 Abernathy Road, Suite 1200, Atlanta, Georgia 30328. Defendant is organized under the laws of Florida and can be served through its registered agent, Corporation Service Company, 1201 Hayes Street, Tallahassee, FL 32301. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

556. Defendant, Brightwater Community #1 LLC is an entity or individual with a principal place of business at 6012 Mariners Watch Drive, Tampa, Florida 33615-4258. Defendant is organized under the laws of Florida and can be served through its registered agent, Daniel L. Molloy, 325 South Boulevard, Tampa, FL 33606-2150. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein

557. Defendant, Centerline Homes at Delray, Inc. is an entity or individual with a principal place of business at 825 Coral Ridge Drive, Coral Springs, Florida 33071. Defendant is organized under the laws of Florida and can be served through its registered agent Leopold, Korn & Leopold, P.A., 20801 Biscayne Blvd., Ste 501, Miami, FL 33180. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

558. Defendant, Centerline Homes at Georgetown, LLC is an entity or individual with a

105

principal place of business at 825 Coral Ridge Drive, Coral Springs, Florida 33071. Defendant is organized under the laws of Florida and can be served through its registered agent Leopold, Korn & Leopold, P.A., 20801 Biscayne Blvd., Ste 501, Miami, FL 33180. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

559. Defendant, Centerline Homes at Port St. Lucie, LLC is an entity or individual with a principal place of business at 825 Coral Ridge Drive, Coral Springs, Florida 33071. Defendant is organized under the laws of Florida and can be served through its registered agent Leopold, Korn & Leopold, P.A., 20801 Biscayne Blvd., Ste 501, Miami, FL 33180. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

560. Defendant, Centerline Homes at Tradition, LLC is an entity or individual with a principal place of business at 825 Coral Ridge Drive, Coral Springs, Florida 33071. Defendant is organized under the laws of Florida and can be served through its registered agent Leopold, Korn & Leopold, P.A., 20801 Biscayne Blvd., Ste 501, Miami, FL 33180. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

561. Defendant, Centerline Homes at Vizcaya, Inc. is an entity or individual with a principal place of business at 12534 Wiled Road, Coral Springs, Florida 33076. Defendant is organized under the laws of Florida and can be served through its registered agent, Jeffrey Kronengold, Esquire, 825 Coral Ridge Drive, Coral Springs, FL 33071. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm

and damages to Subclass members as described herein.

562. Defendant, Centerline Homes Construction, Inc. is an entity or individual with a principal place of business at 825 Coral Ridge Drive, Coral Springs, Florida 33071. Defendant is organized under the laws of Florida and can be served through its registered agent Leopold, Korn & Leopold, P.A., 20801 Biscayne Blvd., Ste 501, Miami, FL 33180.   Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

563. Defendant, Centerline Homes, Inc. is an entity or individual with a principal place of business at 825 Coral Ridge Drive, Coral Springs, Florida 33071. Defendant is organized under the laws of Florida and can be served through its registered agent Leopold, Korn & Leopold, P.A., 20801 Biscayne Blvd., Ste 501, Miami, FL 33180. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

564. Defendant, Centerline Port St. Lucie, Ltd. is an entity or individual with a principal place of business at 825 Coral Ridge Drive, Coral Springs, Florida 33071. Defendant is organized under the laws of Florida and can be served through its registered agent Leopold, Korn & Leopold, P.A., 20801 Biscayne Blvd., Ste 501, Miami, FL 33180. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

565. Defendant, Completed Communities II, LLC is the successor by merger to certain other Defendants; Centerline Homes at B&A, LLC; Centerline Homes at Tradition, LLC, and Centerline Port St. Lucie, Ltd., with its principal place of business at 825 Coral Ridge Drive, Coral Springs,

107

Florida 33071. Defendant is organized under the laws of Florida. Defendant, together with its various affiliates and predecessor entities, built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass Members as described herein.

566. Defendant, Daelen of Tangiaphoa, LLC is an entity or individual with a principal place of business at 22 Walnut Place, Covington, Louisiana 70433. Defendant is organized under the laws of Louisiana and can be served through its registered agent, T. Jay Seale, 200 North Cate Street, Hammond, LA 70401. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein

567. Defendant, Design Drywall of South Florida, LLC is an entity or individual with a principal place of business at 4444 S.W. 71st Avenue, #107, Miami, Florid 33155. Defendant is organized under the laws of Florida and can be served through its registered agent, Federico Garcia, 8221 Coral Way, Miami, FL 33155. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein

568. Defendant, E. Jacob Construction, Inc. is an entity or individual with a principal place of business at 15735 Florida Boulevard, Baton Rouge, Louisiana 70819. Defendant is organized under the laws of Louisiana and can be served through its registered agent, Elias Jacob Fakouri, 15735 Florida Blvd., Baton Rouge, LA 70819. Defendant, together with its various affiliates and predecessor entities, built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass Members as

described herein.

569. Defendant, E. Jacob Fakouri Construction, Inc. is an entity or individual with a principal place of business at 15735 Florida Boulevard, Baton Rouge, Louisiana 70819. Defendant is organized under the laws of Louisiana and can be served through its registered agent, Elias Jacob Fakouri, 15735 Florida Blvd., Baton Rouge, LA 70819. Defendant, together with its various affiliates and predecessor entities, built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass Members as described herein.

570. Defendant, Gooden Homes, LLC is an entity or individual with a principal place of business at 607 Main Street, La Place, Louisiana 70068. Defendant is organized under the laws of Louisiana and can be served through its registered agent, V.M. Wheeler, III, 201 St. Charles Ave., 40th Floor, New Orleans, LA 70170-4000. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein

571. Defendant, Gryphon Construction, LLC is an entity or individual with a principal place of business at 3300 Corporate Ave., Ste. 110, Weston, Florida 33331. Defendant is organized under the laws of Florida and can be served through its registered agent, Thomas O. Wells, P.A., 540 Biltmore Way, Coral Gables, FL 33134. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

572. Defendant, Gryphon Corporation is an entity or individual with a principal place of business at 3635 Bougainvillea Road, Miami, Florida 33133. Defendant is organized under the laws

of Florida and can be served through its registered agent, Warren S. Wepman, 3635 Bougainville Road, Miami, FL 33133. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

573.   Defendant, Lennar Corporation is an entity or individual with a principal place of business at 700 NW 107 Avenue, Suite 400, Miami, Florida 33172. Defendant is organized under the laws of Delaware and can be served through its registered agent, CT Corporation System, 1200 S. Pine Island Rd., Plantation, FL 33324. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

574.   Defendant, Lennar Homes, LLC is an entity or individual with a principal place of business at 700 NW 107th Avenue, Suite 400, Miami, Florida 33172. Defendant is organized under the laws of Florida and can be served through its registered agent, CT Corporation System, 1200 S. Pine Island Rd., Plantation, FL 33324. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass Members as described herein.

575.   Defendant, Louran Builders, Inc. is an entity or individual with a principal place of business at 414 SW Dalton Circle, Port St Lucie, Florida 34953. Defendant is organized under the laws of Florida and can be served through its registered agent, Vincent C. Montalto, Jr., 414 SW Dalton Circle, Port St Lucie, FL 34953. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

576. Defendant, MATSA Construction Company, Inc. is an entity or individual with a principal place of business at 14167 SW 143 Court, Miami, Florida 33186. Defendant is organized under the laws of Florida and can be served through its registered agent, Mateo Sanchez, 16800 SW 248 Street, Homestead, FL 33031. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

577. Defendant, Mayeaux Construction, Inc. is an entity or individual with a principal place of business at 14 Carolina Court, Covington, Louisiana 70433. Defendant is organized under the laws of Louisiana and can be served through its registered agent Phillip G. Mayeaux, 14 Carolina Ct., Covington, LA 70433. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

578. Defendant, Medallion Homes Gulf Coast, Inc. is an entity or individual with a principal place of business at 2212 58th Ave., E, Bradenton, Florida 34203. Defendant is organized under the laws of Florida and can be served through its registered agent, Carlos M. Beruff, 2212 58th Ave., E, Bradenton, FL 34203. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

579. Defendant, M/I Homes, Inc. is an entity or individual with a principal place of business at 3 Easton Oval, Ste. 500, Columbus, OH 43219. Defendant is organized under the laws of Ohio and can be served through its registered agent, CT Corporation System, 1200 S. Pine Island Rd., Plantation, FL 33324. Defendant built certain Subclass Members' homes and, directly or through

111

agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass Members as described herein.

580. Defendant, M/I Homes of Tampa, LLC is an entity or individual with a principal place of business at 3 Easton Oval, Ste. 500, Columbus, OH 43219. Defendant is organized under the laws of Florida and can be served through its registered agent, CT Corporation System, 1200 S. Pine Island Rd., Plantation, FL 33324. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

581. Defendant, The Mitchell Co. is an entity or individual with a principal place of business at Colonial Bank Centre, 3rd Floor, 41 W. Interstate 65, Service Rd. N, Mobile, Alabama 36608. Defendant is organized under the laws of Alabama and can be served through its registered agent, Paul Charles Wesch, Colonial Bank Centre, 3rd Floor, 41 W. Interstate 65, Service Rd. N, Mobile, AL 36608. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

582. Defendant, Morrison Homes, Inc. is an entity or individual with a principal place of business at 4900 N. Scottsdale Rd., Ste. 2000, Scottsdale, Arizona 85251. Defendant is organized under the laws of Florida and can be served through its registered agent, NRAI Services, Inc., 2731 Executive Park Drive, Suite 4, Weston, FL 33331. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

583. Defendant, Northstar Holdings at B and A, LLC is an entity or individual with a

112

principal place of business at 1732 S. Congress Avenue, Suite 335, Palm Springs, Florida 33461. Defendant is organized under the laws of Florida and can be served through its registered agent, Scott Worley, 1732 S. Congress Ave., Ste 335, Palm Springs, FL 33461-2140. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass Members as described herein.

584. Defendant, Northstar Homebuilders, Inc. is an entity or individual with a principal place of business at 5901 SW 74th Street, Ste. 411, Miami, FL 33143. Defendant is organized under the laws of Florida and can be served through its registered agent, Mario Aguilar, 5901 SW 74th Street, Ste. 411, Miami, FL 33143. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

585. Defendant, Northstar Homes, Inc. is an entity or individual with a principal place of business at 1732 S. Congress Avenue, Suite 335, Palm Springs, Florida 33461. Defendant is organized under the laws of Florida and can be served through its registered agent, Scott Worley, 1732 S. Congress Ave., Ste 335, Palm Springs, FL 33461-2140. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass Members as described herein.

586. Defendant, The Overlook, LLC is an entity or individual with a principal place of business at 9030 Stony Point Parkway, Suite 490, Richmond, Virginia 23235. Defendant is organized under the laws of Virginia and can be served through its registered agent, Steven A. Middleton, 9030 Stony Point Parkway, Ste 500, Richmond, VA 23235. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes,

113

which has resulted in harm and damages to Subclass members as described herein.

587.   Defendant, Overlook Point, LLC is an entity or individual with a principal place of business at 10 San Jose Drive, Suite 4C, Newport News, VA 23606. Defendant is organized under the laws of Virginia and can be served through its registered agent, Kenneth L. Allen, 109 Nat Turner Blvd., Newport News, VA 23606. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

588.   Defendant, Parallel Design and Development, LLC, is an entity or individual with a principal place of business at 2627 Landview Circle, Virginia Beach, Virginia 23454, but also operates at 6000 Richpress Drive, Williamsburg, Virginia 23188. Defendant is organized under the laws of Virginia and can be served through its registered agent, John Cussen, 1409 Birch Leaf Road Chesapeake, VA 23320. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

589.   Defendant, Premier Communities, Inc. is an entity or individual with a principal place of business at 4316 Turnberry Circle, North Port, Florida 34288. Defendant is organized under the laws of Florida and can be served through its registered agent, LPS Corporate Services, Inc., 46 North Washington Blvd. #1, Sarasota, Florida 34236. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

590.   Defendant, Ray Beck, Inc. is an entity or individual with a principal place of business at 1197 Salem Drive, Slidell, Louisiana 70461. Defendant is organized under the laws of Louisiana

and can be served through its registered agent, Raymond L. Beck, Jr., 1197 Salem Drive, Slidell, Louisiana 70461. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

591. Defendant, Saturno Construction AB, Inc. is an entity or individual with a principal place of business at 1621 SE Mariner Lane, Port St. Lucie, Florida 34983. Defendant is organized under the laws of Florida and can be served through its registered agent, Alberto Munoz, 1621 SE Mariner Lane, Port St. Lucie, Florida 34983. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

592. Defendant, Siesta Bay Custom Homes, LLC is an entity or individual with a principal place of business at 15750 Quail Trail, Ft. Meyers, Florida 33912. Defendant is organized under the laws of Florida and can be served through its registered agent, Deborah Prichard, 15750 Quail Trail, Fort Myers, FL 33912. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

593. Defendant, Southwell Homes, LLC is an entity or individual with a principal place of business at 16191 NW 57th Avenue, Miami, Florida 33014. Defendant is organized under the laws of Florida and can be served through its registered agent, David W. Southwell, CPA, PLLC, 16191 NW 57th Avenue, Miami, FL 33014. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

594. Defendant, Sterling Communities, Inc. is an entity or individual with a principal place of business at 3090 Canterbury Drive, Boca Raton, Florida 33443. Defendant is organized under the laws of Florida and can be served through its registered agent, Howard Dubosar, 120 East Palmetto Park Road, Suite 100, Boca Raton, FL 33432. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

595. Defendant, Sterling Communities Realty, Inc. is an entity or individual with a principal place of business at 3090 Canterbury Drive, Boca Raton, FL 33481-0337. Defendant is organized under the laws of Florida and can be served through its registered agent, Howard Dubosar, 6363 NW 6th Way, Ste. 250, Ft. Lauderdale, FL 33309. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

596. Defendant, The Sterling Collection, Inc. is an entity or individual with a principal place of business at 4704 SE 9th Place, Cape Coral, Florida 33904. Defendant is organized under the laws of Florida and can be served through its registered agent, Gary E. Aubuchon, 4707 S. E. 9th Place, Cape Coral, FL 33904. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

597. Defendant, Summit Contractors, Inc. is an entity or individual with a principal place of business at 200 Commercial Square Road, Slidell, Louisiana 70461. Defendant is organized under the laws of Louisiana and can be served through its registered agent, Charles N. Branton, 200 Commercial Square Road, Slidell, LA 70461  Defendant built certain Subclass Members' homes

116

and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

598. Defendant, Summit Homes of LA, Inc. is an entity or individual with a principal place of business at 119 Village Street, Slidell, Louisiana 70458. Defendant is organized under the laws of Louisiana and can be served through its registered agent, Denise Lindsey, 486 Brownswitch Road, Slidell, LA 70458. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

599. Defendant, Summit Homes, LLC n/k/a PHL Construction, LLC is an entity or individual with a principal place of business at 7525 Picardy Avenue, Suite 220, Baton Rouge, Louisiana 70808. Defendant is organized under the laws of Louisiana and can be served through its registered agent, Arthur A. Lancaster, Jr., 7525 Picardy Ave., Ste 220, Baton Rouge, LA 70808. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

600. Defendant, Sun Construction, LLC is an entity or individual with a principal place of business at 62250 West End Boulevard, Slidell, Louisiana 70461. Defendant is organized under the laws of Louisiana and can be served through its registered agent, David C. Leob, 643 Magazine Street, Suite 300, New Orleans, LA 70130. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

601. Defendant, Sun Construction, LLC d/b/a Sunrise Homes is an entity or individual with

117

a principal place of business at 62250 West End Boulevard, Slidell, Louisiana 70461. Defendant

is organized under the laws of Louisiana and can be served through its registered agent, David C.

Leob, 643 Magazine Street, Suite 300, New Orleans, LA 70130. Defendant built certain Subclass

Members' homes and, directly or through agents, installed Chinese drywall in these homes, which

has resulted in harm and damages to Subclass members as described herein.

602. Defendant, Sunrise Construction and Development, LLC is an entity or individual with

a principal place of business at 62250 West End Boulevard, Slidell, Louisiana 70461. Defendant

is organized under the laws of Louisiana and can be served through its registered agent, David C.

Leob, 643 Magazine Street, Suite 300, New Orleans, LA 70130. Defendant built certain Subclass

Members' homes and, directly or through agents, installed Chinese drywall in these homes, which

has resulted in harm and damages to Subclass members as described herein.

603. Defendant, Sunrise Custom Homes and Construction, LLC is an entity or individual

with a principal place of business at 3598 Sligo Road, Haughton, Louisiana 71037. Defendant is

organized under the laws of Louisiana and can be served through its registered agent, David Allen

3598 Sligo Road, Haughton, LA 70130. Defendant built certain Subclass Members' homes and,

directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and

damages to Subclass members as described herein.

604. Defendant, Taylor Morrison of Florida, Inc. is an entity or individual with a principal

place of business at 4900 Scottsdale Road, Suite 2000, Scottsdale, Arizona 85251. Defendant is

organized under the laws of Florida and can be served through its registered agent, NRAI Services,

Inc., 2731 Executive Park Drive, Suite 4, Weston, FL 33331. Defendant built certain Subclass

Members' homes and, directly or through agents, installed Chinese drywall in these homes, which

has resulted in harm and damages to Subclass members as described herein.

605.   Defendant, Taylor Morrison, Inc. is an entity or individual with a principal place of business at 4900 N. Scottsdale Road, Suite 2000, Scottsdale, Arizona 85251. Defendant is organized under the laws of Delaware and can be served through its registered agent, NRAI Services, Inc., 2731 Executive Park Drive, Suite 4, Weston, FL 33331. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

606.   Defendant, Taylor Morrison Services, Inc. d/b/a Morrison Homes, Inc., is an entity or individual with a principal place of business at 4900 N. Scottsdale Road, Suite 2000, Scottsdale, Arizona 85251. Defendant is organized under the laws of Delaware and can be served through its registered agent, NRAI Services, Inc., 2731 Executive Park Drive, Suite 4, Weston, FL 33331. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

607.   Defendant, Taylor Woodrow Communities at Vasari, LLC a/k/a Taylor Morrison Construction Company is an entity or individual with a principal place of business at 4900 Scottsdale Road, Suite 2000, Scottsdale, Arizona 85251. Defendant is organized under the laws of Florida and can be served through its registered agent, NRAI Services, Inc., 2731 Executive Park Drive, Suite 4, Weston, FL 33331. Defendant is organized under the laws of Delaware. Defendant built certain Subclass Members' homes and, directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

608.   Defendant, Velvet Pines Construction, LLC is an entity or individual with a principal

119

place of business at 69160 Hwy. 59, Suite 1, Mandeville, Louisiana 70471. Defendant is organized

under the laws of Louisiana and can be served through its registered agent, John T. Barry, 19214

Wymer Road, Covington, LA 70435. Defendant built certain Subclass Members' homes and,

directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and

damages to Subclass members as described herein.

609. Defendant, Ybarzabal Contractors, LLC is an entity or individual with a principal place

of business at 200Oak Island Drive, Mandeville, Louisiana 70448. Defendant is organized under

the laws of Florida and can be served through its registered agent, Wade J. Ybarzabal, 200 Oak

Island Drive, Mandeville, LA 70448. Defendant built certain Subclass Members' homes and,

directly or through agents, installed Chinese drywall in these homes, which has resulted in harm and

damages to Subclass members as described herein.

### The Contractor/Installer Defendants

610. Defendant, Beta Drywall, LLC is an entity or individual with a principal place of

business at 6586 Hypoluxo Road, Suite 306, Lake Worth, Florida 33467 . Defendant is organized

under the laws of Florida and can be served through its registered agent, Michael B. Watkins, 6601

Lyons Road, A-3, Coconut Creek, FL 33073. Upon information and belief, Defendant constructed

or installed Chinese drywall in the homes of certain Subclass Members, which has resulted in harm

and damages to Subclass Members.

611. Defendant, F. Vicino and Company, Inc. is an entity or individual with a principal place

of business at 15 NE 2 Avenue, Deerfield Beach, Florida 33441. Defendant is organized under the

laws of Florida and can be served through its registered agent, Frank Vicino, Jr., 15 NE 2nd Avenue,

Deerfield Beach, FL 33441. Upon information and belief, Defendant constructed or installed Chinese

drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

612. Defendant, Gateway Drywall, Inc. is an entity or individual with a principal place of business at 3091 SE Jay Street, Stuart, Florida 34997. Defendant is organized under the laws of Florida and can be served through its registered agent, Michael N. Motto, Jr., 3091 SE Jay Street, Stuart, Florida 34997. Upon information and belief, Defendant constructed or installed Chinese drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

613. Defendant, Graf's Drywall, LLC is an entity or individual with a principal place of business at 57460 St. Alexander Road, Husser, Louisiana 70442. Defendant is organized under the laws of Louisiana and can be served through its registered agent, Russell Graf, 57460 St. Alexander Road, Husser, Louisiana 70442. Upon information and belief, Defendant constructed or installed Chinese drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

614. Defendant, Hinkle Drywall, Inc. is an entity or individual with a principal place of business at 1460 Booth Drive, Valrico, Florida 33594. . Defendant is organized under the laws of Florida and can be served through its registered agent, Gary S. Hinkle, 1460 Booth Drive, Valrico, FL 33594. Upon information and belief, Defendant constructed or installed Chinese drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

615. Defendant, JM Interiors, Inc. is an entity or individual with a principal place of business at 1135 SW Biltmore Street, Port Saint Lucie, Florida 34983. Defendant is organized under the laws of Florida and can be served through its registered agent, John J. Morin, 2208 SW Abalon Circle,

121

Port Saint Lucie, Florida 34953. Upon information and belief, Defendant constructed or installed Chinese drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

616.  Defendant, Ocean Coast Drywall, Inc. f/k/a Ocean Coast Drywall of S. Florida, Inc. is an entity or individual with a principal place of business at 3431 SW 11th Street, Deerfield Beach, Florida 33442. Defendant is organized under the laws of Florida and can be served through its registered agent, Peter Chamberland, 3431 SW 11th Street, Deerfield Beach, FL 33442. Upon information and belief, Defendant constructed or installed Chinese drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

617.  Defendant, The Porter-Blaine Corporation is an entity or individual with a principal place of business at 301 Bendix Road, Ste. 500, Virginia Beach, Virginia 23452.  Defendant is organized under the laws of Virginia and can be served through its registered agent, Richard E. Biemiller, Convergence Center IV, 301 Bendix Road, Ste. 500, Virginia Beach, VA 23452.  Upon information and belief, Defendant constructed or installed Chinese drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

618.  Defendant, Precision Drywall, Inc. is an entity or individual with a principal place of business at 352 Tall Pines Road, Unit E, West Palm Beach, FL. 33413. Defendant is organized under the laws of Florida and can be served through its registered agent, Jose J. Barajas, 352 Tall Pines Road, Unit E, West Palm Beach, FL 33413. Upon information and belief, Defendant constructed or installed Chinese drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

619.  Defendant, Residential Drywall, Inc. is an entity or individual with a principal place

of business at 9237 Lazy Lane, Tampa, Florida 33614. Defendant is organized under the laws of

Florida and can be served through its registered agent, Andrea M. Fair, Esq., 1010 N. Florida

Avenue, Tampa, Florida 33602. Upon information and belief, Defendant constructed or installed

Chinese drywall in the homes of certain Subclass Members, which has resulted in harm and damages

to Subclass Members.

620. Defendant, Right Way Finishing, Inc. is an entity or individual with a principal place

of business at 13089 Cypress Swamp Drive, Geismar, Louisiana 70734. Defendant is organized

under the laws of Louisiana and can be served through its registered agent, Adam Ray, 13089

Cypress Swamp Drive, Geismar, LA 70734. Upon information and belief, Defendant constructed

or installed Chinese drywall in the homes of certain Subclass Members, which has resulted in harm

and damages to Subclass Members.

621.   Defendant, RJL Drywall, Inc. is an entity or individual with a principal place of

business at 8181 Bayshore Road, Fort Myers, Florida 33917. Defendant is organized under the laws

of Florida and can be served through its registered agent, Lawrence A. Fitch, 8181 Bayshore Road,

Fort Myers, FL 33917. Upon information and belief, Defendant constructed or installed Chinese

drywall in the homes of certain Subclass Members, which has resulted in harm and damages to

Subclass Members.

622. Defendant, Vicinity Drywall, Inc. is an entity or individual with a principal place of

business at 5257 NW Gamma St., Port St. Lucie, Florida 34986. Defendant is organized under the

laws of Florida and can be served through its registered agent, Brian P. White, 5257 NW Gamma

St., Port St. Lucie, Florida 34986. Defendant built certain Subclass Members' homes and, directly

or through agents, installed Chinese drywall in these homes, which has resulted in harm and damages

123

to Subclass members as described herein.

## FACTS REGARDING CHINESE DRYWALL PRODUCT

623. Upon information and belief, the Insured Defendants' drywall contains gypsum.

624. In "Chinese drywall" (such as that designed, manufactured, exported, imported, distributed, delivered, supplied, inspected, installed, marketed, and/or sold by the Insured Defendants herein), the gypsum and other components of the product break down and release sulfides and other noxious gases that are then emitted (or "off-gassed") from the drywall.

625. The "Chinese drywall" is not fit for its ordinary and intended purpose in that it contains high levels of sulfur and strontium, which emit high levels of sulfur and sulfur compounds, including sulphuric acid and hydrogen sulfide, carbonyl sulfide and sulfur dioxide which corrode copper wires, copper plumbing, copper piping, air-conditioner coils, and other component parts of building, appliances, and personal property, including, but not limited to, HVAC systems, refrigerators, televisions, personal computers and other electrical and electronic devices.

626. The Chinese-manufactured drywall (and the hydrogen sulfide and/or other compounds emitted therefrom, either independently and/or in combination with other ambient compounds such as formaldehyde) sold by and/or through the Insured Defendants has also been widely associated with an offensive smell, headaches, eye irritation, coughing, sore throats, an aggravation of allergy and/or breathing problems, and fear of potential long-term health effects, which have, in many cases, further contributed to a loss of enjoyment, mental anguish, and/or loss of use.

627. As a direct and proximate result of the Insured Defendants' actions and omissions, Plaintiffs' and the Class Members' structures, personal property, and bodies have been exposed to Defendants' Chinese drywall and the corrosive and harmful effects of the hydrogen sulfide and other

compounds being released from Defendants' Chinese drywall.

628.  The Insured Defendants tortiously manufactured, exported, imported, distributed, delivered, supplied, inspected, installed, marketed and/or sold the Chinese drywall, which caused corrosion and damage to personal property in Plaintiffs' and Class Members' homes, residences or structures and/or caused personal injury resulting in headaches, eye irritation, a sore throat and cough, aggravation of allergy and/or breathing problems, nausea, and fear of potential long term health effects.

629.  The Insured Defendants negligently manufactured, exported, imported, distributed, delivered, supplied, inspected, installed, marketed and/or sold the Chinese drywall at issue in this litigation.

630.  The Insured Defendants negligently implemented faulty procedures for purposes of formulating, preparing, testing, and otherwise ensuring the quality and/or character of the Chinese drywall at issue in this litigation.

631.  As a direct and proximate result of the Insured Defendants' Chinese drywall and the corrosive and harmful effects of the hydrogen sulfide and other compounds being released from these products, Plaintiffs and Class Members have suffered, and continue to suffer economic harm and/or personal injury.

632.  As a direct and proximate result of the Insured Defendants' Chinese drywall and the corrosive and harmful effects of the hydrogen sulfide and other compounds being released from these products, the Plaintiffs and the Class Members have suffered, and continue to suffer damages. These damages include, but are not limited to, costs of inspection; costs and expenses necessary to remedy, replace and remove the Chinese drywall and other property that has been impacted; lost value or

devaluation of their homes, residences or structures and property as a direct result of damage caused to the property and indirect damage to the property, including stigma damages; loss of use and enjoyment of their home and property; other ensuing loss; and/or damages associated with personal injuries.

633.   As a direct and proximate result of the Insured Defendants' Chinese drywall and the corrosive and harmful effects of the hydrogen sulfide and other compounds being released from these products, Plaintiffs and the Class Members have been exposed to toxic gases, suffered personal injury, have been placed at an increased risk of disease, and have need for injunctive relief in the form of repair and remediation of their home, of their home contracts, emergency/corrective notice, environmental testing and monitoring, and/or medical monitoring.

634.   The Class Representatives are pursuing nationwide class action, against the manufacturers, distributors, suppliers, importers, exporters, brokers, builders, developers, contractors, and installers of the Chinese manufactured drywall located in Plaintiffs' homes, in *Payton, et al. v. Knauf Gips KG, et al.*, No. 09-7628 (E.D. La.) (Omni I); *Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, No. 10-361 (E.D. La.) (Omni II); *Benes, et al. v. Knauf Gips KG, et al.*, No. 09-6690 (E.D. La.) (Omni III); and *Rogers, et al. v. Knauf Gips KG, et al.*, No. 10-362 (E.D. La.) (Omni IV).   Plaintiffs' claims sound in negligence, strict liability, breach of warranty, breach of contract, unjust enrichment, nuisance, violation of Louisiana New Home Warranty Act, redhibition, negligent discharge of a corrosive substance, and violation of consumer protection acts (the "Underlying Claims").

635.   Plaintiffs here seek declaratory relief mandating coverage by the respective Insurance Company Defendants for all damages and remedies under the pertinent insurance policies for the

Underlying Claims for which the Insured Defendants are liable.

636. In addition, the Direct Action Plaintiffs (i.e., Subclass 1) file this direct action pursuant to Louisiana Revised Statute 22:1269 against the respective Insured Defendants and Insurance Company Defendants (collectively, the "Direct Action Defendants") for damages individually, jointly, and *in solido*.

## FACTS REGARDING THE INSURANCE POLICIES

637. The Insurance Company Defendants provide and/or provided general liability, excess, and/or umbrella insurance policies (the "Insurance Policies") to one or more of the Insured Defendants.

638. Upon information and belief, the Insurance Policies are based on standardized forms and as such are virtually, if not precisely identical, such that they are subject to uniform interpretation.

639. The Insurance Policies cover the losses arising from the Underlying Claims.

640. Upon information and belief, the Insured Defendants timely provided notice under the Insurance Policies.

641. Upon information and belief, the Insured Defendants have satisfied fully all conditions precedent and obligations under the Insurance Policies.

642. Upon information and belief, the Insured Defendants and/or their Subcontractors have paid substantial sums for the Insurance Policies, constituting all premiums due thereunder.

643. Upon information and belief, the Insurance Company Defendants have either denied coverage, reserved their rights, failed to reply to the Insured Defendants' notice letters, or otherwise failed to acknowledge coverage.

## CLASS ACTION ALLEGATIONS

### The Declaratory Judgment Class

644. All Plaintiffs bring this suit as a class action pursuant to Rules 23(a), (b)(1), (b)(2), (b)(3) and/or 23(c)(4) of the Federal Rules of Civil Procedure, on behalf of themselves and the following Class comprised of:

> All owners and residents (past or present) of real property located in the United States containing Chinese drywall designed, manufactured, imported, distributed, delivered, supplied, marketed, inspected, installed, or sold by an Insured Defendant.

### The Direct Action Subclass (Subclass 1)

645. The representative Plaintiffs with claims against the Insurance Company Defendants under the Louisiana Direct Action (indicated as members of Subclass 1 in the attached Schedule 1) bring this suit as a class action pursuant to Rules 23(a), (b)(1), (b)(2), (b)(3) and/or 23(c)(4) of the Federal Rules of Civil Procedure, on behalf of themselves and those similarly situated, against the Insured Defendants and the Insurance Company Defendants for whom they have standing (collectively, the "Direct Action Defendants"). The designated Plaintiffs in Schedule 1 define Subclass 1 to be as follows:

> All owners and residents (past or present) of real property located in the State of Louisiana containing Chinese drywall, and all owners and residents (past and present) of real property located in the United States containing Chinese drywall where the policy of insurance sued upon was written or delivered in the State of Louisiana.

### The Insurance Company Defendants and Subclasses (Subclasses 2 et seq.)

646. The representative Plaintiffs with claims against the Insurance Company Defendants of the Insured Defendants, set forth in the attached Schedule 1 (the alignment of the representative

Plaintiffs, the Insured Defendants, and the Insurance Company Defendants is depicted in Schedule

1 for each subclass), assert subclasses pursuant to Rules 23(a), (b)(1), (b)(2), (b)(3) and/or 23(c)(4)

of the Federal Rules of Civil Procedure, on behalf of themselves and those similarly situated, against

the Insurance Company Defendants for whom they have standing.   The designated Plaintiffs in

Schedule 1 define their subclasses to be as follows:

> All owners and residents (past or present) of real property located in
> the United States containing Chinese drywall, where each of the
> Insured Defendants identified in Schedule 1 was the distributor,
> supplier, importer, exporter, broker, builder, developer, contractor, or
> installer of the property, and where the Insurance Company
> Defendants identified in Schedule 1 provided an Insurance Policy
> covering the Insured Defendant.

647.  The subclasses identified in Schedule 1 are comprised as follows:

| | |
|---|---|
| Subclass #2: | Ace Fire Underwriters  Insurance Company |
| Subclass #3: | Alabaster Assurance Company, Ltd. |
| Subclass #4: | Allied World Assurance Company |
| Subclass #5: | American Guarantee and Liability Insurance Company |
| Subclass #6: | American Home Assurance Company |
| Subclass #7: | American Insurance Company |
| Subclass #8: | American International Specialty Lines Insurance Company |
| Subclass #9: | American International Surplus Lines Agency, Inc. |
| Subclass #10: | American Reliable Insurance Corporation |
| Subclass #11: | American Strategic Insurance Corporation |
| Subclass #12: | American Zurich Insurance Company |
| Subclass #13: | Amerisure Insurance Company |

129

| | |
|---|---|
| Subclass #14: | Amerisure Mutual Insurance Company |
| Subclass #15: | Arch Insurance Company |
| Subclass #16: | Assurance Company of America |
| Subclass #17: | Atlantic Casualty Insurance Company |
| Subclass #18: | Audubon  Insurance Group |
| Subclass #19: | Auto-Owners Insurance Company |
| Subclass #20: | Axis Surplus Insurance Company |
| Subclass #21: | Bankers Insurance Company |
| Subclass #22: | Bituminous Insurance Companies a/k/a Bituminous Casualty Corporation |
| Subclass #23: | Builders Insurance Company |
| Subclass #24: | Builders Mutual Insurance Company |
| Subclass #25: | The Builders Risk Plan |
| Subclass #26: | Canal Indemnity Company |
| Subclass #27: | Catlin Specialty Insurance Company |
| Subclass #28: | Chartis Select Insurance Company, individually and as successor-in-interest to AIG Excess Liability Insurance Company, Ltd. (f/k/a Starr Excess Liability Insurance Company, Ltd.) |
| Subclass #29: | Chartis Specialty Insurance Company f/k/a American International Specialty Lines Insurance Company |
| Subclass #30: | Chubb Custom Insurance Company |
| Subclass #31: | Cincinnati Insurance Company |
| Subclass #32: | Clarendon America Insurance Company |
| Subclass #33: | Continental Casualty Company |

Subclass #34:       Crum & Forster Specialty Insurance Company

Subclass #35:       Employers Insurance of Wausau

Subclass #36:       Endurance American Insurance Company

Subclass #37:       Endurance Specialty  Insurance Ltd.

Subclass #38:       Essex Insurance Company

Subclass #39:       FCCI Commercial Insurance Company

Subclass #40:       FCCI Insurance Company

Subclass #41:       Fireman's Fund Insurance Company

Subclass #42:       First Commercial Insurance Company

Subclass #43:       General Fidelity Insurance Company

Subclass #44:       General Security Indemnity Company of Arizona

Subclass #45:       Granada Insurance Company

Subclass #46:       Great American Assurance Company

Subclass #47:       Greenwich Insurance Company

Subclass #48:       The Hanover American Insurance Company

Subclass #49:       Hanover Insurance Company

Subclass #50:       Harleysville Mutual Insurance Company

Subclass #51:       Heath Insurance Brokers, Incorporated

Subclass #52:       Illinois National Insurance Company

Subclass #53:       The Insurance Company of the State of Pennsylvania

Subclass #54:       Interstate Fire & Casualty Company

Subclass #55:       Landmark American Insurance Company

| | |
|---|---|
| Subclass #56: | Lexington Insurance Company |
| Subclass #57: | Liberty Mutual Insurance Company |
| Subclass #58: | Louisiana Home Builders Association General Liability Trust |
| Subclass #59: | Markel Insurance Company |
| Subclass #60: | Mid-Continent Casualty Company |
| Subclass #61: | Mount Hawley Insurance Company |
| Subclass #62: | National Union Fire Insurance Company |
| Subclass #63: | National Union Fire Insurance Company of Pittsburgh |
| Subclass #64: | Nationwide Mutual Insurance Company |
| Subclass #65: | Nationwide Mutual Fire Insurance Company |
| Subclass #66: | Nationwide Property and Casualty Insurance Company |
| Subclass #67: | Nautilus Insurance Company |
| Subclass #68: | North American Specialty Insurance Company |
| Subclass #69: | The North River Insurance Company |
| Subclass #70: | Old Dominion Insurance Company |
| Subclass #71: | Old Republic Insurance Company |
| Subclass #72: | Owners Insurance Company |
| Subclass #73: | Praetorian Specialty Insurance Company, a subsidiary of Praetorian Financial Group, Inc. |
| Subclass #74: | QBE Specialty Insurance Company |
| Subclass #75: | Quanta Indemnity Company |
| Subclass #76: | RLI Insurance Company |

Subclass #77:        RSUI Group, Inc.

Subclass #78:        Royal & Sunalliance Insurance Agency Inc.

Subclass #79:        Safeco Insurance Company of America

Subclass #80:        Scottsdale Insurance Company

Subclass #81:        Southern-Owners Insurance Company

Subclass #82:        SR International Business Insurance Company Ltd.

Subclass #83:        Standard Fire Insurance Company

Subclass #84:        State Farm Fire and Casualty Company

Subclass #85:        Steadfast Insurance Company

Subclass #86:        St. Paul Fire & Marine Insurance Company

Subclass #87:        Sunshine State Insurance Company

Subclass #88:        Swiss Re International SE

Subclass #89:        Travelers Indemnity Company of Connecticut

Subclass #90:        Travelers Property Casualty Company of America f/k/a Travelers
                     Indemnity Company of Illinois

Subclass #91:        Underwriters at Lloyd's, London

Subclass #92:        Vinings Insurance Company

Subclass #93:        Wausau Underwriters Insurance Company

Subclass #94:        Wesco Insurance Company

Subclass #95:        Westchester Surplus Lines Insurance Company

Subclass #96:        XL Europe Ltd.

Subclass #97:        XL Insurance Company Ltd., a/k/a XL Insurance America, Inc.

Subclass #98:        Zurich American Insurance Company

Subclass #99:          Zurich North America

**General Class Allegations and Exclusions from the Class Definitions**

648. The following Persons shall be excluded from the Class and Subclasses: (1) Defendants and their subsidiaries, affiliates, officers and employees; (2) all Persons who make a timely election to be excluded from the proposed Class; (3) governmental entities; and (4) the judge(s) to whom this case is assigned and any immediate family members thereof.

649. Plaintiffs reserve the right to modify or amend the definition of the proposed Classes and Subclasses before the Court determines whether certification is appropriate.

650. Upon information and belief, Chinese drywall was installed in at least hundreds of homes, residences, or other structures owned by Plaintiffs and Class Members. Therefore, the Class and Subclasses are sufficiently numerous such that the joinder of all members of the Class and Subclasses in a single action is impracticable.

651. There are numerous common questions of law and fact that predominate over any questions affecting only individual members of the Class or Subclasses. Among these common questions of law and fact are the following:

a.     whether one or more of the Insurance Company Defendant's policies provides coverage with respect to the Insured Defendants' fault and/or other legal liability to the plaintiffs for property damage, repair and/or restoration costs, diminution in value, loss of use, and/or other economic damages or injures;

b.     whether one or more of the Insurance Company Defendant's policies provides coverage with respect to the Insured Defendants' fault and/or other legal liability to the plaintiffs for damage to personal property;

134

c. whether one or more of the Insurance Company Defendant's policies provides coverage with respect to the Insured Defendants' fault and/or other legal liability to the plaintiffs for inconvenience, mental anguish, and/or fear and fright;

d. whether one or more of the Insurance Company Defendant's policies provides coverage with respect to the Insured Defendants' fault and/or other legal liability to the plaintiffs for personal injuries;

e. whether one or more of the Insurance Company Defendant's policies provides coverage with respect to the Insured Defendants' fault and/or other legal liability to the plaintiffs for attorneys' fees, expenses, and taxable court costs;

f. whether one or more of the Insurance Company Defendant's policies includes valid exclusions which limit or eliminate coverage for some or all of the Insured Defendants' fault and/or other legal liability to the plaintiffs for the damages or other remedies claimed;

g. whether the Insured Defendants' Chinese drywall products that release hydrogen sulfide and other compounds are fit for their intended purpose;

h. whether the Insured Defendants tortiously manufactured, exported, imported, distributed, delivered, supplied, inspected, installed, marketed, and/or sold Chinese drywall products;

i. whether Plaintiffs are entitled to recover compensatory, incidental, consequential, and/or other damages as a result of the Insured Defendants' unlawful and tortious conduct;

j. whether Plaintiffs are entitled to a declaratory judgment that the Insurance Company

135

Defendants are mandated to provide coverage for damages and remedies for which

the Insured Defendants may be liable under the Insurance Policies;

k.     whether Plaintiffs are entitled to recover injunctive and/or equitable relief as a result

of the Insured Defendants' unlawful and tortious conduct.

652. The legal claims of named Plaintiffs are typical of the legal claims of other Class and

Subclass Members. Additionally, for each of the subclasses that named Plaintiffs seek to participate

in, the legal claims of the named Plaintiffs are typical of the legal claims of other Subclass Members.

Named Plaintiffs have the same legal interests and need for legal remedies as other Class and/or

Subclass Members.

653. Named Plaintiffs are adequate representatives of the Class and Subclasses in which they

participate, and together with their legal counsel, each will fairly and adequately protect the interests

of Class and Subclass Members.  Named Plaintiffs have no known conflict with the Class or

Subclasses and are committed to the vigorous prosecution of this action.

654. The undersigned counsel are competent counsel experienced in class action litigation,

mass torts, and complex litigation involving insurance disputes. Counsel will fairly and adequately

protect the interests of the Class and Subclasses.

655. The various claims asserted in this action are certifiable under the provisions of Federal

Rule of Civil Procedure 23(b)(1) because prosecuting separate actions by or against individual Class

and/or Subclass Members would create a risk of inconsistent or varying adjudications with respect

to individual Class and Subclass Members that would establish incompatible standards of conduct

for the party opposing the Class and Subclass; or adjudications with respect to individual Class and

Subclass Members that, as a practical matter, would be dispositive of the interests of the other Class

136

and Subclass Members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

656. The claims for injunctive relief in this case are certifiable under Federal Rule of Civil Procedure 23(b)(2). Defendants have acted or refused to act on grounds that apply generally to the Class and/or Subclass, so that final injunctive relief is appropriate respecting the Class and/or Subclass as a whole.

657. A class action is superior in this case to other methods of dispute resolution. The Class and Subclass Members have an interest in class adjudication rather than individual adjudication because of their overlapping rights. It is highly desirable to concentrate the resolution of these claims in this single forum because it would be difficult and highly unlikely that the affected Class and Subclass Members would protect their rights on their own without this class action case. Management of the class will be efficient and far superior to the management of individual lawsuits. Accordingly, Plaintiffs' legal claims are properly certified pursuant to Rule 23(b)(3).

658. The issues particularly common to the Class and Subclass Members' claims, some of which are identified above, are alternatively certifiable pursuant to Federal Rule of Civil Procedure 23(c)(4), as resolution of these issues would materially advance the litigation, and class resolution of these issues is superior to repeated litigation of these issues in separate trials.

**COUNT I**
**DECLARATORY JUDGMENT**
(Against All Defendants)

659. Plaintiffs adopt and restsate the preceding paragraphs as if fully set forth herein.

660. Under the terms of the policies, the Insurance Company Defendants are obligated to indemnify the Insured Defendants in connection with the Underlying Claims.

137

661.   Upon information and belief, the Insured Defendants have asked the Insurance Company Defendants to perform their contractual obligations under the policies.

662.   A justiciable controversy exists as to the insurance coverage the policies provide.

663.   Accordingly, the Plaintiffs are entitled to a judgment declaring that the Insurance Company Defendants are obligated to indemnify the Insured Defendants in connection with the Underlying Claims, pursuant to 28 U.S.C. § 2201.

## COUNT II
### NEGLIGENCE
### (Against the Direct Action Defendants)

664.   Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

665.   Defendants owed a duty to Plaintiffs and Class Members to exercise reasonable care in a) designing, b) manufacturing, c) exporting, d) importing, e) distributing, f) delivering, g) supplying, h) inspecting, i) installing, j) marketing, and/or k) selling this drywall, including a duty to adequately warn of their failure to do the same.

666.   Defendants knew or should have known that their wrongful acts and omissions would result in harm and damages in the manner set forth herein.

667.   Defendants breached their duty to exercise reasonable care in the designing, manufacturing, exporting, importing, distributing, delivering, supplying, inspecting, marketing, and/or selling this drywall.

668.   Defendants likewise breached their duties to Plaintiffs and Class Members by failing to warn about the nature of the drywall. Defendants, through the exercise of reasonable care, knew or should have known the nature of the Chinese drywall and the adverse effects that it could have on the property and bodies of Plaintiffs and Class Members.

138

669. Defendants breached their duty to exercise reasonable care to timely remove and/or recall from the market and/or otherwise prevent the continued contact of Plaintiffs and Class Members with the drywall, upon learning it had been sold in an unreasonably dangerous condition.

670. Given the properties in the Defendants' Chinese drywall, Defendants knew or should have known that their product could, and would, cause harm, damages and/or personal injuries to Plaintiffs and Class Members.

671. As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs and Class Members were harmed and have incurred damages and/or personal injuries as described herein.

### COUNT III
### NEGLIGENCE PER SE
### (Against the Direct Action Defendants)

672. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

673. Defendants owed statutory duties to Plaintiffs and Class Members to exercise reasonable care in a) designing, b) manufacturing, c) exporting, d) importing, e) distributing, f) delivering, g) supplying, h) inspecting, I) marketing, and/or j) selling this drywall.

674. Defendants breached their statutory duties to the Plaintiffs and Class Members by failing to exercise reasonable care in a) designing, b) manufacturing, c) exporting, d) importing, e) distributing, f) delivering, g) supplying, h) inspecting, I) marketing, and/or j) selling this drywall.

675. Defendants likewise breached their statutory duties, including but not limited to those imposed under the International Building Code ("IBC") and other State and local Building Codes, to Plaintiffs and Class Members by failing to warn about the nature of the Chinese drywall. For instance, it is specifically alleged that Defendants furnished the drywall in violation of ASTMC C 1396/C 1396M-069, and its predecessor(s).

139

676. Defendants likewise breached their statutory duties by failing to install electrical wiring, electrical components, and/or electrical products, including but not limited to, security systems, fire alarms, and air conditioning units, that were compatible with a highly corrosive environment, as is required by State and local Building Codes. Defendants failed to notify and warn Plaintiffs and Class Members of the undisputed corrosive environment caused by the Chinese drywall, and additionally failed to notify and warn Plaintiffs and Class Members that all of the Chinese drywall, electrical wiring, electrical components thereto, and/or electrical products were not installed in accordance with all State and local Building Codes, pertaining to corrosive environments. As a result, Plaintiffs' and Class Members' homes were built in violation of applicable State and local Building Codes.

677. Defendants, through the exercise of reasonable care, knew or should have known the nature of the Chinese drywall and the adverse effects that it could have on the property and bodies of Plaintiffs and Class Members.

678. Given the properties in the Defendants' Chinese drywall, Defendants knew or should have known that their product could, and would, cause harm, damages and/or personal injuries to Plaintiffs and Class Members.

679. As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs and Class Members were harmed and have incurred damages and/or personal injuries as described herein.

## COUNT IV
## STRICT LIABILITY
### (Against the Direct Action Defendants)

680. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

681. At all times relevant hereto, Defendants were in the business of distributing, delivering, supplying, inspecting, marketing, and/or selling drywall for sale to the general public.

140

682.  The drywall, including that installed in the homes of Class Members was placed by Defendants in the stream of commerce.

683.  Defendants knew that the subject drywall would be used by consumers.

684.  Defendants intended that the drywall reach the ultimate consumers, such as Class Members, and it indeed reached Class Members when it was installed in their homes.

685.  When installed in Class Members' homes, the drywall was in substantially the same condition as it was in when Defendants manufactured, sold, and/or delivered it.

686.  At all times relevant hereto the subject drywall was used in a manner consistent with the uses intended by, or known to Defendants, and in accordance with the Defendants' directions and instructions.

687.  The subject drywall was not misused or altered by any third parties.

688.  The Defendants' drywall was manufactured, designed, inspected, tested, marketed, distributed, and sold in a condition that was not suitable for use in homes or buildings.

689.  The drywall was designed to allow high levels of sulfur and/or other chemicals to emit through off-gassing.

690.  The Chinese drywall was improperly selected, tested, inspected, mined, made, and assembled using gypsum for drywall with levels of sulfur that were too high and emitted various sulfide gases and/or other chemicals through off-gassing.

691.  The Chinese drywall was improperly exported, imported, distributed, delivered, supplied, inspected, marketed, and/or sold, as described above.

692.  The Defendants' manufacture, design, inspection, testing, marketing, distribution, and selling of the Chinese drywall rendered it unsafe and unreasonably dangerous for its intended use and to

141

Class Members.

693. Defendants failed to adequately warn and instruct Class Members of the design, inspection, testing, manufacturing, marketing, and selling and off-gassing properties of the Chinese drywall.

694. Defendants likewise breached their statutory duties by failing to install electrical wiring, electrical components, and/or electrical products, including but not limited to, security systems, fire alarms, and air conditioning units, that were compatible with a highly corrosive environment, as is required by State and local Building Codes. Defendants failed to notify and warn Plaintiffs and Class Members of the undisputed corrosive environment caused by the Chinese drywall, and additionally failed to notify and warn Plaintiffs and Class Members that all of the Chinese drywall, electrical wiring, electrical components thereto, and/or electrical products were not installed in accordance with all State and local Building Codes, pertaining to corrosive environments. As a result, Plaintiffs' and Class Members' homes were built in violation of applicable State and local Building Codes.

695. Class Members were unaware of the unreasonably dangerous propensities and off-gassing conditions of the drywall, nor could Class Members, acting as reasonably prudent people discovery that Defendants' drywall emitted corrosive gasses, as set forth herein, or perceive its danger.

696. Defendants' Chinese drywall was much more dangerous and harmful than expected by the average consumer and by Class Members.

697. Defendants' Chinese drywall benefit to Class Members, if any, was greatly outweighed by the risk of harm and danger to them.

698. The off-gassing corrosive properties in the drywall, as well as Defendants' failure to adequately warn Class Members of the drywall's off-gassing properties was the direct and proximate cause of damages and/or personal injuries to Class Members.

## COUNT V
## BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES
### (Against the Direct Action Defendants)

699.  Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

700.  Defendants and/or their agents were in privity with Plaintiffs and Class Members and/or Plaintiffs and Class Members were foreseeable third party beneficiaries of any warranty.

701.  At the times Defendants utilized, supplied, inspected, and/or sold this drywall for use in structures owned by Plaintiffs and Class Members, Defendants knew, or it was reasonably foreseeable, that the drywall would be installed in structures owned by Plaintiffs and Class Members for use as a building material, and expressly or impliedly warranted the product to be fit for that use.

702.   Defendants placed their drywall products into the stream of commerce in the aforementioned condition and these products were expected to, and did, reach users, handlers, and persons coming into contact with said products without substantial change in the condition in which they were sold.

703.  The Chinese drywall was not merchantable because it was unfit for the uses intended or reasonably foreseeable by Defendants; to wit, the installation of the drywall in structures owned by Plaintiffs and Class Members for use as a building material, because it contained off-gassing properties as set forth herein.

704.  The Defendants breached their warranty because the drywall was not fit and safe for the particular purposes for which the goods were required (to be installed in structures owned by Plaintiffs and Class Members as a building material) due to the off-gassing properties set forth herein.

705.  Defendants had reasonable and adequate notice of the Plaintiffs' and the Class Members' claims for breach of warranty and failed to cure.

143

706. As a direct and proximate cause of Defendants' breach of warranties, Plaintiffs and Class Members have incurred harm and damages and/or personal injuries as described herein.

**COUNT VI**
**BREACH OF CONTRACT**
**(Against Direct Action Builders and their Insurance Company Defendants Only)**

707. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

708. As part of the agreements to purchase real properties from the Builder Defendants, for which Subclass Members paid valuable consideration, the Builder Defendants contracted with Subclass Members to construct homes that would not cause the harm and damages as described, and plead, heretofore.

709. The Builder Defendants materially breached their contracts by providing Subclass Members with homes that contained drywall from China that emits various hydrogen sulfide and other compounds through off-gassing that causes harm and damage as described herein.

710. As a direct and proximate cause of the Builder Defendants' breach of contract, Plaintiffs and Subclass Members have incurred harm and damages as described herein.

**COUNT VII**
**VIOLATION OF THE LOUISIANA NEW HOME WARRANTY ACT**
**(on Behalf of Plaintiffs Who Own Homes in the State of Louisiana)**
**(Against Louisiana Builders Only)**

711. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

712. The Louisiana New Home Warranty Act provides protection to owners of homes against builders in connection with the construction of the homes.

713. For each applicable subclass, every subclass plaintiff is an "owner," as that term is defined by Louisiana Revised Statute 9:3143(3), who is asserting a claim under the New Home Warranty Act against their "builder," as that term is defined by Louisiana Revised Statute 9:3143(1).

714.   Implicit in every Builder Defendant's building contract is the requirement that the work to be completed be performed in a workmanlike manner that is free from conditions, as previously described with the Chinese drywall, and in workmanship.

715.   Each of the Builders who are subject to this claim violated their duty to use materials that are free from all the conditions, as have previously been described throughout this Complaint, as relate to Chinese drywall.

716.   The Builders knew or should have known that the Chinese drywall product could, and would, cause harm, damages and/or personal injuries to Plaintiffs and Class Members.

717.   As a direct and proximate cause of the Builders' acts and omissions, Plaintiffs and Class Members were harmed and have incurred damages and/or personal injuries as described herein.

## COUNT VIII
## REDHIBITION
### (Against the Direct Action Defendants)

718.   Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

719.   The drywall manufactured, distributed and/or sold by Defendants was not reasonably fit for its ordinary and intended purpose.

720.   Defendants are therefore liable to Louisiana Plaintiffs for all damages reasonable in the premises, in accordance with Louisiana Civil Code article 2524.

721.   In addition, or in the alternative, the drywall manufactured, distributed and/or sold by Defendants contained, in that, at the time of delivery, the propensity to emit or off-gas Sulfer compounds and/or other potentially harmful, irritating and/or corrosive substances renders the drywall so useless and/or inconvenient that it must be presumed that Plaintiffs would not have purchased the drywall had they known of the above.

145

722. Upon information and belief, Defendants knew of the above properties in the Chinese drywall at the time the drywall was delivered and/or sold.

723. Defendants have had numerous opportunities to repair and/or replace the drywall and associated fixtures and/or building components and have failed to do so; in addition, and/or in the alternative, such requests have been, would have been and/or would be futile; Manufacturing Defendants and/or Distributor Defendants are, moreover, deemed to be placed on notice when notice is provided to Builder Defendants (and/or Distributor Defendants); and All Defendants, in addition, or alternatively, had actual knowledge of the problems in the drywall and the need for replacement, remediation and/or repair.

724. All Direct Action Defendants are therefore liable to all Louisiana Plaintiffs for a return of the purchase price (with interest from the time it was paid), reimbursement of the reasonable expenses occasioned by the sale and those incurred for the preservation of the drywall and associated items, for damages, and for reasonable attorneys' fees, in accordance with Louisiana Civil Code article 2545.

725. In the alternative, to the extent that any Distributor Defendant and/or Builder Defendant did not know of the aforementioned properties in the drywall at the time of delivery and/or sale, those defendants are liable to Louisiana Plaintiffs to repair, remedy or correct; and/or, if unable to do so, for a return of the purchase price (with interest from the time it was paid), reimbursement of the reasonable expenses occasioned by the sale, and those expenses incurred for the preservation of the drywall and associated items, in accordance with Louisiana Civil Code article 2531.

**COUNT IX**
**LOUISIANA PRODUCTS LIABILITY ACT**
**(Plead in the Alternative Against the Direct Action Distributor Defendants)**

726. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

727. In addition to any and all damages, attorneys fees and other remedies made available to

146

Louisiana Plaintiffs under the warranty of fitness and/or warranty against redhibition, the Manufacturing Defendants are liable to Louisiana Plaintiffs under the Louisiana Products Liability Act ("LPLA"), Louisiana Revised Statute 9:2800.51, *et seq.*

728.   The LPLA is also pleaded in the alternative with respect to any Distributor Defendant who might be considered a "manufacturer" under La. R.S. 9:2800.53(1)(a) (labels or otherwise holds the drywall out as his own), 9:2800.53(1)(b) (exercises control over or influences a characteristic of the drywall causing damage), 9:2800.53(1)(c) (the manufacturer of a product which contains the drywall as a component part), and/or 9:2800.53(1)(d) (a seller of a product of an alien manufacturer where the seller is in the business of importing or distributing the drywall for resale and is the *alter ego* of the alien manufacturer).

729.   The drywall at issue is, in all cases, unreasonably dangerous by virtue of the unreasonable off-gassing and/or emission of Sulfer compounds and/or other corrosives, toxins and/or irritants, which do not in any way contribute to or enhance the utility of the drywall, yet pose a risk to the wiring, plumbing, appliances, personal property, overall economic value of the property and financial security of the owner, and/or the health of the residents of the property.

730.   At all times pertinent and material hereto, there existed alternative feasible manufacturing processes and/or designs of drywall which perform all of the functions and utility of traditional drywall, without emitting unreasonable levels of Sulfer and/or other toxic and/or corrosive compounds.

731.   At all times pertinent and material hereto, the Distributer Defendants who may be considered "manufacturers" under the LPLA knew that their drywall was unreasonably dangerous as set forth herein.

732.   In the alternative, the Distributer Defendants who may be considered "manufacturers" under

147

the LPLA should have, at all times pertinent and material hereto, known of the unreasonably dangerous characteristics and/or conditions, had they reasonably employed then-existing scientific and/or technical knowledge, reasonable testing, and/or other reasonable and then-accepted methods of quality assurance and/or quality control.

733. Defendants' drywall is unreasonably dangerous in composition or construction in that, at the time it left Defendant's control, it deviated in a material way from Defendant's own specifications or performance standards.

734. In addition, and in the alternative, Defendants' drywall is unreasonably dangerous in design, in that, at the time the drywall left Defendant's control, there existed an alternative design for the product that was capable of preventing Plaintiffs' damage, and the likelihood of causing the plaintiffs' damage and the gravity of that harm outweighed the burden (if any) on the Defendant in adopting such alternative design and the adverse effect (if any) on the utility of the drywall.

735. In addition, and in the alternative, Defendants' drywall is unreasonably dangerous in that it fails to conform to an express warranty about the product which induced the use of the product and caused damage to Plaintiffs to the extent that the warranty was untrue.

736. In addition, and in the alternative, Defendants' drywall is unreasonably dangerous due to an inadequate warning, in that, at the time the drywall left Defendant's control, the drywall possessed a characteristic that might cause damage and yet Defendant failed to use reasonable care to provide an adequate warning of such characteristics and/or dangers to users and/or handlers of the drywall.

737. Defendants are therefore liable to Louisiana Plaintiffs for all damages reasonable in the premises.

## COUNT X
### PRIVATE NUISANCE

148

**(Against the Direct Action Defendants)**

738.  Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

739.  The Defendants' tortious or wrongful acts or omissions have caused sulfide gas and/or other chemical leaching into structures owned by Plaintiffs and Class Members which has unreasonably interfered, and continues to interfere, with the Plaintiffs' and Class Members' use and enjoyment of their properties and caused them harm and damage as discussed herein.

740.  Defendants' interference has impaired the rights of Plaintiffs' and Class Members' health, comfort, safety, free use of their property, and/or peaceful enjoyment of their property.

741.  Defendants' invasions were negligent or reckless.

742.  The interference with Plaintiffs' and Class Members' use of their property caused by Defendants is substantial and is ongoing.

743.  Defendants' private nuisance was the direct, proximate, and foreseeable cause of Plaintiffs' and Class Members' damages, injuries, harm, loss, and increased risk of harm, which they suffered and will continue to suffer.

744.  As a direct and proximate cause of Defendants' creation of a private nuisance, Plaintiffs and Class Members have incurred harm and damages and/or personal injuries as described herein.

## COUNT XI
### NEGLIGENT DISCHARGE OF A CORROSIVE SUBSTANCE
**(Against the Direct Action Defendants)**

745.  Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

746.  Defendants had actual or constructive knowledge of the extremely corrosive and dangerous propensities of the drywall at issue in this litigation.

747.  Notwithstanding their actual or constructive knowledge of the corrosive and dangerous

propensities of the drywall, Defendants nevertheless designed, manufactured, imported, distributed, delivered, supplied, marketed, inspected, installed, or sold the drywall for use in the homes or other structures owned by Plaintiffs and class members.

748.   By causing the sale, distribution, delivery, and/or supply of the drywall under these circumstances, Defendants breached their duty to exercise reasonable care and created a foreseeable zone of risk of injury to Plaintiffs and class members.

749.   Defendants likewise breached their duties to Plaintiffs and Class Members by failing to warn about the corrosive and dangerous propensities of the drywall.  Defendants, through the exercise of reasonable care, knew or should have known the nature of the Chinese drywall and the adverse effects that it could have on the property and bodies of Plaintiffs and Class Members.

750.   Plaintiffs and class members have suffered injuries by virtue of their exposure to the Chinese drywall at issue in this litigation.  Given the properties in the Defendants' Chinese drywall, Defendants knew or should have known that their product could, and would, cause harm, damages and/or personal injuries to Plaintiffs and Class Members.

751.   As a direct and proximate result of Defendants' acts and omissions, Plaintiffs and Class Members were harmed and have incurred damages and/or personal injuries as described herein.  The injuries sustained by Plaintiffs and Class Members are within the foreseeable zone of risk created by Defendants.

**COUNT XII**
**UNJUST ENRICHMENT**
**(Against the Direct Action Defendants)**

752.   Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

753.   Defendants received money as a result of Plaintiffs' and Class Members' purchases of

150

Defendants' Chinese drywall, or purchases of structures containing this drywall, either directly or through an agent, and Defendants wrongfully accepted and retained these benefits to the detriment of Plaintiffs and Class Members.

754. Defendants' acceptance and retention of these benefits under the circumstances make it inequitable and unjust for Defendants to retain the benefit without payment of the value to the Plaintiffs and the Class Members.

755. Defendants, by the deliberate and tortious conduct complained of herein, have been unjustly enriched in a manner which warrants restitution.

## COUNT XIII
### VIOLATION OF LOUISIANA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW
#### (Against the Direct Action Defendants)

756. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

757. This is an action for relief under the Louisiana Unfair Trade Practices and Consumer Protection Law, Louisiana Revised Statute 51:1401, *et seq.*

758. The Defendants' acts and omissions as well as their failure to use reasonable care in this matter as alleged in this complaint, including but not limited to, the knowing misrepresentation or failure to disclose the source, affiliation, origin, characteristics, ingredients, standards and quality of Chinese drywall constitute violation of the provisions of the Consumer Protection Acts of the Relevant States.

759. Plaintiffs and Class Members have suffered actual damages as a result of Defendants' violation of these Consumer Protection Acts and are entitled to relief.

760. As a direct and proximate cause of Defendants' violations of the Louisiana Unfair Trade Practices and Consumer Protection Law, Plaintiffs and Class Members have incurred harm and damages as described herein.

151

## COUNT XIV
### EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING
#### (Against All Defendants)

761. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

762. Plaintiffs and the Class Members are without adequate remedy at law, rendering injunctive and other equitable relief appropriate.

763. Plaintiffs and the Class Members will suffer irreparable harm if the Court does not render the injunctive relief and medical monitoring relief set forth herein, and if defendants are not ordered to recall, buy back, rescind, and/or repair the structures owned by Plaintiffs and Class Members.

764. Plaintiffs, on behalf of themselves and all others similarly situated, demand injunctive and equitable relief and further, that defendants be ordered to: (1) to buy back or rescind the contracts for Plaintiffs' and Class Members' homes or other structures, or in the alternative, remediate, repair and/or replace the drywall in such structures upon proof by the defendants of the feasibility of such remedy or repair; (2) cease and desist from misrepresenting to the Class and the general public that there is no danger associated with the drywall; (3) institute, at their own cost, a public awareness campaign to alert the Class and general public of the dangers associated with the drywall; and (4) create, fund, and support a medical monitoring program.

765. Until Defendants' Chinese drywall has been removed and remediated, Defendants must provide continued environmental and air monitoring in the structures owned by Plaintiffs and Class Members.

766. Plaintiffs and Class Members have been exposed to greater than normal background levels of sulfides and other hazardous chemicals as a result of exposures to Defendants' Chinese drywall and have suffered personal injuries as a result.

767. The sulfides and other noxious gases which have been released from Defendants drywall and to which Plaintiffs and Class Members have been exposed are proven hazardous, dangerous, or toxic substances.

768. Plaintiffs' and Class Members' exposures were caused by the Defendant's negligent or otherwise tortious conduct.

769. Plaintiffs' and Class Members' exposure may lead to serious health problems, diseases, and medical conditions that may be prevented by timely medical diagnosis and treatment.

770. The method and means for diagnosing the Plaintiffs' and Class Members' potential medical problems are well accepted in the medical and scientific community and will be of great benefit to the Plaintiffs and Class Members by preventing or minimizing health problems that they may encounter as a result of the Chinese drywall.

771. As a proximate result of their exposure to hydrogen sulfide and other compounds from Defendants' Chinese drywall, Plaintiffs and Class Members have developed a significantly increased risk of contracting a serious latent disease.

772. Monitoring procedures exist that make the early detection of any latent disease possible that are different from those normally recommended in the absence of the exposure.

773. The prescribed monitoring regime is reasonably necessary according to contemporary scientific principles.

### DEMAND FOR JURY TRIAL

Plaintiffs, individually and on behalf of the Class and Subclass Members, hereby demand a trial by jury as to all issues so triable as a matter of right.

### PRAYER FOR RELIEF

153

WHEREFORE Plaintiffs, on behalf of themselves and all others similarly situated demand upon Defendants jointly and severally for:

a.   an order certifying the case as a class action;

b.   an order certifying the Class and each of the Subclasses;

c.   an order appointing Plaintiffs as the Class Representatives of the Class;

d.   an order appointing undersigned counsel and their firms as counsel for the Class;

e.   a declaratory judgment in favor of Plaintiffs and the proposed Class and Subclass Members and against the Insurance Company Defendants mandating coverage for all damages and remedies (including equitable, injunctive, and medical monitoring) for which the Insured Defendants may be liable under the Insurance Policies;

f.   compensatory and statutory damages;

g.   punitive damages as allowed by law;

h.   pre and post-judgment interest as allowed by law;

i.   injunctive relief;

j.   an award of attorneys' fees as allowed by law;

k.   an award of taxable costs; and

l.   any and all such further relief as this Court deems just and proper.

Respectfully submitted,

Dated: May ⎵⎵, 2010

By: _____
Russ M. Herman
Leonard A. Davis
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue

154

New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhkc.com
*Plaintiffs' Liaison Counsel MDL 2047*

### PLAINTIFFS' STEERING COMMITTEE

Arnold Levin
Fred S. Longer
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Victor Manuel Diaz
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

Ervin A. Gonzalez

155

Colson, Hicks, Eidson, Colson
Matthews, Martinez, Gonzales,
Kalbac & Kane
255 Aragon Avenue, 2nd Floor
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
& Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seith Parker

156

Parker, Waichman, Alonso LLP
27399 Riverview Center Blvd.
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

**OF COUNSEL TO PLAINTIFFS' STEERING
COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W.
Suite  650
Washington, DC 20006
Phone:  (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Daniel K. Bryson

157

Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Jeremy W. Alters
Alters, Boldt, Brown, Rash & Culmo, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@abbrclaw.com

Richard Serpe
Law Offices of Richard J. Serpe
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

## COUNSEL FOR INDIVIDUAL PLAINTIFFS[1]

**Alters, Boldt, Brown, Rash & Culmo and
Shapiro, Blasi, Wasserman & Gora, P.A.**
*Counsel on Behalf of the Following Individual Plaintiffs*

Metcalfe, George and Amy
Mottolo, Gene

### Anthony Irpino
*Counsel on Behalf of the Following Individual Plaintiffs*

Musgrave, Richard and Michele

### Baron & Budd, P.C.

---

[1]Attached hereto as Exhibit "C" is the contact information for each plaintiff's counsel and pro se plaintiff.

*Counsel on Behalf of the Following Individual Plaintiffs*

Dinette, Rodney and Geraldine
Finke, Margaret
LeBlanc, Steven and Dana
Zamora, Hope

## Baron & Budd and Alters, Boldt, Brown, Rash & Culmo
*Counsel on Behalf of the Following Individual Plaintiffs*

Arsenaux, Everiste and Lizette
Collins, John and Brenda
Guillot, Eno and Frances
Hogan, Barbara
Mitchell, Michael
Shelton, Michael and Leslie
Talbert, Bill
Tedesco, Caroline and Robert
Young, Linda and Raymond

## Barrios Firm
*Counsel on Behalf of the Following Individual Plaintiffs*

Brown, Judalyne Brown
Mosley, Shawn
O'Hear, Anne M.
Puig, Donald and Marcelyn
Randolph, Vincent L
Schmitt, Leah and Todd; Hammond, Anne and Cangelosi, Pam

## Becnel Law Firm
*Counsel on Behalf of the Following Individual Plaintiffs*

Donaldson, Jill and Oertling, Jared
Kelly, Gary and Vicki
Riggio, Brenda and Ignatius
Staub, Dana and Marcus
Stone, Thomas and Lauren
Wischler, Robert

## Becnel Law Firm and Herman, Herman, Katz and Cotlar LLP
*Counsel on Behalf of the Following Individual Plaintiffs*

Alldredge, Emily and Rufus
Amerson, Amy Louise
Ancira, Chris and Lilah
Barone, John and Heather
Boquet, Edwin
Ceruti, Ronald and Sharon
Chatman, Funell and Gail
Chiappetta, Kevin and Karen
Duhon, Christopher and Kimberly
Ganucheau, Renee

Guidry, Christopher and Jerene
Heck, Joshua and Kelly
Hulsey, Charles and Sarah
Lea, Chris and Julie
Ledet, Trisha and Darryl
Nunez, Ernest and Marie
Pavageau, Craig and Olivia
Payton, Sean and Beth
Quividia, Joseph Todd
Rigney, George and Raffy

159

Rodosta, Toni
Tiemann, Richard and Jean
Toras, Nikolaos

Torrance, Matthew and Mary
Waguespack, Jacques and Nicole

## Becnel Law Firm and Roda and Nast
*Counsel on Behalf of the Following Individual Plaintiffs*

Ruesch, Kevin and Dorothy

## Becnel Law Firm, Morris Bart, and Herman, Herman, Katz and Cotlar LLP
*Counsel on Behalf of the Following Individual Plaintiffs*

Brumfield, Ollie and Andreienne
Canty, Honore and Elaine
Cassagne, Jordan and Brande
Gaussiran, Maxi
Gillane, William and Maureen
Martin, Michael
Quick, William and Maxine
Spencer, Patricia

## Berman, Kean & Riguera, P.A.
*Counsel on Behalf of the Following Individual Plaintiffs*

First East Side Savings Bank

## Berniard Law
*Counsel on Behalf of the Following Individual Plaintiffs*

Borne, Carol
Kessler, David and Amanda
Price, Joshua and Kimberlea
Rosetta, Dufrene and Ernest

## Cuneo, Gilbert & LaDuca, LLP
*Counsel on Behalf of the Following Individual Plaintiffs*

Minafri, Steven
Stanley, Duke

## Daigle, Fisse & Kessenich
*Counsel on Behalf of the Following Individual Plaintiffs*

Fernandez, Vernon Leroy & JoAnn Cross

## Davis & Duncan
*Counsel on Behalf of the Following Individual Plaintiffs*

Wayne, William and Kelly

160

### deGravelles, Palmintier, Holthause & Fruge, LLC
*Counsel on Behalf of the Following Individual Plaintiffs*

Amaud, Lester and Catherine
Bradley, Jimmy and Louise
Matus, Aldo and Ghedy
Turner, Tyrone C.
Wheeler, Don and Agnes
Brian, Wilton and Rita

### Don Barrett, P.A.
*Counsel on Behalf of the Following Individual Plaintiffs*

Perry, Timothy and Tracy

### Don Barrett, P.A. and Lovelace Law Firm, P.A.
*Counsel on Behalf of the Following Individual Plaintiffs*

Galle, Joey and Amanda
Galle, Joseph and Debbie
Steubben, John and Grace

### Donna Borrello, LLC
*Counsel on Behalf of the Following Individual Plaintiffs*

Borrello, Donna M. and Stallings, Thomas W.

### F. Gerald Maples, PA
*Counsel on Behalf of the Following Individual Plaintiffs*

Robbins, Margaret and Glenwood

### Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC
*Counsel on Behalf of the Following Individual Plaintiffs*

Alonzo, Lana
Benjamin, Jack and Claire
Clague, Randy and Lisa
Hernandez, John and Diane E.
Hewitt, Margie
Hopper, Dean and Dena
Jarrell, Chad and Darlene

Meyer, Lawrence and Elizabeth
Morlas, Ralph and Paula
Peres, Tony and Kathy
Petagna, Brent and Lisa
Skinner, Helena
Watts, Sharon
Allen, Andrew and Nicole

### Galante & Bivalacqua, LLC
*Counsel on Behalf of the Following Individual Plaintiffs*

Guerra, Darlyn
Barlow, Regine and John

### Gould Cooksey Fenne, P.C.

*Counsel on Behalf of the Following Individual Plaintiffs*

Archer, Steven and Anja
Cameron, Christine
Corr, Thomas Leo, III and Marchetti, Shawn
Harmon, Dennis and Nancy

## Gregory DiLeo
*Counsel on Behalf of the Following Individual Plaintiffs*

Cathcart, Carolyn
St. Martin, Steven and Janeau

## Herman, Herman, Katz and Cotlar LLP
*Counsel on Behalf of the Following Individual Plaintiffs*

| | |
|---|---|
| Barreca, Antoine and Nicole | Maillot, Georges and Janice |
| Barreca, Corinne | Mills, Jeannete |
| Barrow, Clarence and Marion | Morici, Mark and Maureen |
| Boutte, Don and Robinson, Michael | Naden, Craig and Roberta |
| Cheramie, Bertoule and Joan | Nunez, Frederick and Lisa |
| Cordier, Gregory and Jean | Olson, Olaf A. and Wanda G., |
| Cotlar, Sideny and Diane | Orduna, Albert and Judith |
| Cunningham, Dennis and Susan | Pasentine, Judith Ellen |
| Dejan, Charlotte | Peoples, Debra |
| Dejan, Leroy and Ann | Petrey, Charles and Marcia |
| Galatas, Bernadette | Roberson, Sandra |
| Gardette, Michael and Rhonda | Rome, Erwin and Karen |
| Genovese, Karen | Ryckman, Rickey |
| Gleason, Herman and Deborah | Velez, Louis |
| Guice, Kenneth | Ward, Amy and Truman |
| Jones, Allie and Jeanie | Wenzel, John and Lorraine |
| Lartigue, C.W. and Margaret | White, Taenecia |

## Hymel, Davis & Petersen
*Counsel on Behalf of the Following Individual Plaintiffs*

Colby, Richard and Susan; Jordan, Nathan; Nickens, Florette

## James F. Humphreys & Assoc.
*Counsel on Behalf of the Following Individual Plaintiffs*

Boothe, Neil
Walker, Demetra

## Kanner & Whiteley
*Counsel on Behalf of the Following Individual Plaintiffs*

Bronaugh, David and Heather
Butler, James and Joycelyn
Dennis, Patrick and Kathleen
Galloway, James and Cynthia

162

**Lambert & Nelson, PLC**
*Counsel on Behalf of the Following Individual Plaintiffs*

Amato, Dean and Dawn
Back, Charles and Mary
Blue, John and Rachelle
Borne, Barry and Mary
Braselman, Holly
Carrol, Cindy
Donahoe, Patrick and Tina
Fineschi, Nicola and Connie

Fisher, Steve and Corrinn
Gammage, Dr. Dan
Kehoe, Molly
Pierson, Jan and Neil
Wilfer, Rosanne

**Landskroner, Grieco, Madden, LLC**
*Counsel on Behalf of the Following Individual Plaintiffs*

Austin, John
Martineau, Bill and Cynthia

163

### Law Offices of Rusell Lazega
*Counsel on Behalf of the Following Individual Plaintiffs*

Orlowski, David

### Law Offices of Sidney D. Torres, III
*Counsel on Behalf of the Following Individual Plaintiffs*

Evans, Jamie Lynn
Gerica, Ramona
Landry, Gerard and Kiefer, J. Leatrice
Reynolds, Karen
Sicard, Austin, Jr.
Uli, Peter and Catherine

### Leopold-Kuvin, P.A., *Counsel on Behalf of the Following Individual Plaintiffs*

Lefton, David and Garcia, Michelle

### Lemmon Law Firm, LLC
*Counsel on Behalf of the Following Individual Plaintiffs*

LaCroix, Jim
Darby, Harry and Melissa

### Levin, Fishbein, Sedran & Berman Colson, Hicks, Eidson, Colson, Matthews, Martinez, Gonzales, Kalbac & Kane Hausfeld, LLP and Law Offices of Richard J. Serpe
*Counsel on Behalf of the Following Individual Plaintiffs*

Akers, Christine and Robert
Allen, Philip and Clarine
Ameneiro, Sandra and Gino
Anderson, Alexander
Anello, Joe and Delma
Asad, Issa and Noha
Atkins, Taddarreio and Mattea
Atwell, Roger
Bagley, Gerald
Balan, Kirenia and Jorge
Bello de Bachek, Nilda
Berry, Keith and Elizabeth
Bloom, Andrew and Ina
Byrne, Gertrude
Edmonds, Rick
Egan, Michelle and Giancario Lee
Elliot, Dezman
Elsenberg, Brian and Lauren
Eskenazi, Anna and Mark
Frenchman, Beth
Gaita, Gina (Promenade)
Galvin, Larry and Rene
Gamboa, Hernan

Godwin, Franklin & Veronica
Gonzalez, Miguel Angel
Hay, Robert and Maria
Herbert, Jason and Shanique
Houston, Debra (Promenade)
Johnson, Charles and Molly
Johnson, Kenneth and Jeri and Johnson Family Living Trust
Labell, Barry
Laraque, Jean and Gueldie
Lukaszewski, Lynn
Mizne, Michael and Jeannine
Montalvo, Samuel, Jr.
Neumann, Allan
Novello, Robin
Page, Dwight and Psyche
Promenade at Tradition Community Association, Inc.
Ramsarran, Lloyd and Dinah
Real Property Resolutions Group, LLC
Reid, Grant and Kathryn
Rookery Park Estates, LLC
Roseman, Robert and Linda
Rosen, Michael
Seifart, Armin and Gore, Lisa

164

Tarzy, Jim
Vest, Hugh and Tracy

Wood, Bryan and Kimberly

## Levin, Papantonio, Thomas, Mitchell Echsner & Proctor, P. A.
*Counsel on Behalf of the Following Individual Plaintiffs*

Conrad, Formica and Fayard, Crystal
Felicetti, Steven and Gayle
Rohan, Patricia and Donald
Wilcox, Eric and Karen
Brewton, I.D., III and Sonia
Kapalin, Daniel and Danielle
Morris, Robert
Salter, Kenneth and Cindy

## Levin, Tannenbaum
*Counsel on Behalf of the Following Individual Plaintiffs*

James, Jason and Jessica

## Lewis & Roberts, PLLC
*Counsel on Behalf of the Following Individual Plaintiffs*

Burke, Jules and Barbara
Buxton, Darren and Tracy
Dorsey, Glenda F.
Dupre, Ross and Marlo
Durham, Scott and Heather
Eleuterius, Gregory and Elizabeth
Eleuterius, Marshall and Tasha
Farmer, Richard, Connie and Tracie
Greco, Vincent
Guillory, Gregory and Cynthia
Hankins, Lee and Barbara
Harkins, Rochelle Frazier
Harris, Anthony Richard
Hart, Jesse and Sheila

Headley, Danny and Cathy
Kitts, Corey and Monique
Landry, Justin and Renee
Lasserre, Paul
Ledford, Samuel
Middleton, Michael and Megham
Pentecost, Mary Louise
Petone, Anthony Peter
Raborn, Randy and Pamela
Taylor, David Jason and Amanda B.
Thomas, Brian and Tamara
Thornton, Stanley and April
Youmans, Dr. Cassandra

## Martzell & Bickford
*Counsel on Behalf of the Following Individual Plaintiffs*

Garrett, Philip and Courtney
Gotreaux, Dustin and Korie
Lang, Joe and Amy
Methvin, William and Deborah
Patin, Danielle
Robair, Alexander
Schields, Larry
Smith, Clinton and Kelly

Steele, Jason and Peny
Tabor, Edward and Emmilou
Whitaker, Robert and Dana
Blalock, Angeles
Callais, Gary and Michelle
Kustenmacher, Kenneth and Juile
Theard, Avery and Tjaynell

## Matthews & Associates
*Counsel on Behalf of the Following Individual Plaintiffs*

Elliott, William and Fryc, Mary Ann

165

Owens, Brenda
Penny, Andrew & Rachel
Rogers, Joyce W.

## McIntosh, Sawran, Peltz & Cartaya
### *Counsel on Behalf of the Following Individual Plaintiffs*

Casey, Hugh

## Milstein, Adelman & Kreger and Roberts & Durkee
### *Counsel on Behalf of the Following Individual Plaintiffs*

Albano, Carol
Auerbach, Suely
Barcia, Aurora
Barragan, Fernando & Barbara
Bissoon, Suresh and Oma
Braithwaite, Judy
Cohen, Carol
Corell, Roberto and Angela
Crawford, Monique and Elaine
De Los Santos, Rosibel and Brian
Fallmann, James and Barbara
Feler, Svyatoslaw/
   /Smolyanskaya, Yelena
Fores, David, Vasquez, Monica
Gonzalez, Luis and Caridad

Helmick, Timothy & Maria
James, Janelle
Mackoff, Arlene and Charles
Miller, Bradley and Tricia
Mullen, Thomas and Kathleen
Nunez, Carmela
Peace, Stephanie & John
Peterson, Derrick and Robin
Restrepo, Socorro
Rizzo, Jack and Luz
Scott, Terrance and Semrau, Deborah
Segundo, Rafael and Ana
Transland, LLC
Watson, Patrick and Paula
Williams, Margret and Wakeland, Angella and Nicholas

## Morgan & Morgan
### *Counsel on Behalf of the Following Individual Plaintiffs*

Alava, Alicia
Antilles Vero Beach, LLC, c/o Ironwood Development
Burke, Richard and Rebecca
Campbell, Thomas and Kelli
Gody, Anthoney and Candace
Janssen, Richard/Tamara
Kottkamp, Jeffrey and Cynthia
Lee, Kevin

Mercado, Juan and Irena
McLendon, Brian/Stephanie
Nichols, James and Kathleen
Patterson, Joan
Perga, Anthony and Marcia
Rekhels, Alexander and Irina
Tenny, Thomas/Rene
Ursa, Flaviu-Emil/Dorina

## Morris Bart LLC
### *Counsel on Behalf of the Following Individual Plaintiffs*

Gross, Cheryl and David

## Murphy, Rogers, Sloss & Gambel
### *Counsel on Behalf of the Following Individual Plaintiffs*

Macmurdo, William and Cornelia

## Parker, Waichman, Alonso, LLP

### *Counsel on Behalf of the Following Individual Plaintiffs*

Baginski, Andrea
Bettencourt, Virgil and Mary
Bilski, Walter and Tracey
Bound, Brenda
Boxe, Kevin and Roxann
Brazon, Kevin and Jennifer
Brennan, John and Barbara
Carciato, Lisa
Coogan, Kevin and Stella
Cucci, Jacqueline
Dinitto, Patrick and Magalhaes, Hevanilson
Dodge, Dale and Beverly
Durrance, Barry and Denise
Evans, Donald & Barbara
George, Christopher/Vacca, Natalie
Gill, Ted and Pamela
Hanlon, Patrick and Ann
Hernandez, Marla

Hoffman, Hannelor, Lengel, Donna
Julian, Marcelo
Knight, Christopher and Rosemary
Lau, Donald
McKenzie, James and Elizabeth
Mercedes, William & Carmen
Nevels, Susan
Nord, John
Pena, Orlando
Petkin, Paul and Therese
Plotkin, Peter/McNeel, Diane
Pryce Hazel and Smith, Dionne
Ristovski, Van
Saggese, Thomas and Joy
Santiago, Marcos & Carmen
Seddon, Robert & Joan
Sullivan, William & Sheila
Wilson, Teresa
Woolley, Scott

### Paul A. Lea, Jr.
### *Counsel on Behalf of the Following Individual Plaintiffs*

Bonnecarrere, Wavi Lee
Bourdon, Lucille
Donaldson, Malcom and Kelli
Gremillion, Paul and Andrea
Hufft, Val and Audrey
Jackson, Senora B.

King, David and Mary
LeBlance, Calvin and Sara
LeJeune, Michael and Melissa
Piwetz, Randy and Jeanne
Segreto, Mark and Victoria

### Courcelle and Burkhalter, LLC
### *Counsel on Behalf of the Following Individual Plaintiffs*

Boudreaux, Virginia R.

### Podhurst Orseck, PA
### *Counsel on Behalf of the Following Individual Plaintiffs*

1100 Valencia LLC
Alcindor, Nevinsthon and Marlen
Dauterive, Valliere and Margaret; Savoy; Ann Dauterive
Garcia, Jesus and Fernandez, Julio
Querol, Damien

### Pro Se Plaintiffs

Cooper, Brenda
McCoy, Clyde and Ira
Singleton, Enrica

### Scott N. Gelfand, PA

Goddard, Alan and Annette

### Seale & Ross, APLC and Kevin Landreneau

167

*Counsel on Behalf of the Following Individual Plaintiffs*

Anders, Thomas G. and Nicole P.
Cassard, Jesse and Angela

## Seeger Weiss, LP
*Counsel on Behalf of the Following Individual Plaintiffs*

Huckaby, Brian
Macon, Jeremy
Polk, Donna
Williams, Diana and Terry

## Taylor, Martino, Zarzaur, P.C.
*Counsel on Behalf of the Following Individual Plaintiffs*

Prichard Housing Authority

## The Andry Law Firm
*Counsel on Behalf of the Following Individual Plaintiffs*

Van Winkle, Ronnie and Anne

## The Law Office of Joseph M. Bruno, APLC
*Counsel on Behalf of the Following Individual Plaintiffs*

Carter, Daniel
Clark, Carolyn
Eugene, Adrien
Gardette, Michael A. and Nicole

Kuykendall, Beverly
Peters, Ronald
Roberts, Jeffrey D.

## The Thornhill Law Firm, APLC
*Counsel on Behalf of the Following Individual Plaintiffs*

Anderson, Shawnree and John
Chutz, Lily Rose
Diez, Mr. Douglas (agent/member and Pelican Point Properties, L.L.C.)
DiMaggio, Juanita
Jastremski, Florence
Johnson, Willie L. Jr.
McLain, Jon Scott
Niswonger, Mary M.
Pelican Point Properties, L.L.C., (A Maryland Limited Liability Company)
Silvestri, Susan W.
Thomas, Darlene and James

## Walters, Papillion, Thomas, Cullens, LLC
*Counsel on Behalf of the Following Individual Plaintiffs*

Bourgeois, Richard and Gail
Dupuy, Cullen and Mary
Langlois, Rebecca and Roth, Robert

168

**Watts Hilliard, LLC**
*Counsel on Behalf of the Following Individual Plaintiffs*

Franatovich, Mitchell J.

**Webb & Scarmozzino, PA**
*Counsel on Behalf of the Following Individual Plaintiffs*

Kelly, Christopher & Jesica

**Willis & Buckley, APC**
*Counsel on Behalf of the Following Individual Plaintiffs*

Mayo, Edward and Jacqueline

**Wolfe Law Group, LLC**
*Counsel on Behalf of the Following Individual Plaintiffs*

Brown, Ada and Hillary
Hakenjo, Candace and Todd
Hidalgo, Tony and Sidney
Hubbell, Wendy and Cimo, Christy
Parr, Shelly and Kelly
Rogers, Brad and Cassandra

**Yance Law Firm, LLC**
*Counsel on Behalf of the Following Individual Plaintiffs*

Fernandez, Joseph
Parker, Charles and Rachael