VUNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In re: CHINESE-MANUFACTURED   MDL Docket No. 2047
DRYWALL PRODUCTS LIABILITY
LITIGATION   SECTION L

  DISTRICT JUDGE FALLON

This documents relates to:   MAGISTRATE JUDGE WILKINSON
Taylor Woodrow Homes Central Florida
Division LLC v. Scottsdale Indemnity
Company
Case No. 2:2010-cv-555

<u>SCOTTSDALE INSURANCE COMPANY'S
MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS FOR IMPROPER VENUE,
OR IN THE ALTERNATIVE,
TO TRANSFER ACTION TO THE MIDDLE DISTRICT OF FLORIDA</u>

NOW INTO COURT, through undersigned counsel, comes **SCOTTSDALE**

**INSURANCE COMPANY**, ("Scottsdale"), incorrectly named as Scottsdale Indemnity

Company, and moves this Court pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a) for

an order dismissing the complaint of Taylor Woodrow Homes Central Florida Division, LLC

("Woodrow") and Morrison Homes, Inc. n/k/a Taylor Morrison Services, Inc. ("Morrison")

(collectively "plaintiffs") on the basis that the Eastern District of Louisiana is an improper venue

for this action under 28 U.S.C. § 1391.  In the alternative, Scottsdale moves for an order

transferring this case to the Middle District of Florida pursuant to 28 U.S.C. § 1406(a).

Scottsdale provides the following information in accordance with the Court's July 1,

2010 Order [Doc. 4301].

a.  <u>The insured within MDL 2047 for which the insurer provides CGL insurance</u>:

None.  The named insured, Nu Way Drywall, LLC ("Nu Way"), is not named as a defendant in any suit in the Chinese Drywall Multidistrict Litigation or in any other case.  Plaintiffs claim rights to coverage under the Scottsdale policy at issue but neither is an insured or additional insured under the policy for the claims at issue.

b.  <u>Cases in which claims on any of the same CGL policy is also in suit and the insurer has been served in MDL 2047</u>:

Scottsdale is unaware of any such case.

c.  <u>Each case in which this issue may be related or the movant has filed a similar motion</u>:

*Robert C. Pate, as Trustee for the Chinese Drywall Trust v. American International Specialty Lines Insurance Company, et al*.  (2:09-cv-07791) (E.D. La.), MDL No. 2:09-md-02047.  The identification of the *Pate* motion is strictly based on the fact that Scottsdale has filed a similar motion in that case.  This case and the *Pate* case are in no way related.

I.  **BACKGROUND**

This is an insurance coverage dispute involving houses constructed in Florida.  On

February 23, 2010, Woodrow and Morrison filed this suit against Scottsdale seeking a

declaration regarding Scottsdale's defense and indemnity obligations in connection with two

lawsuits regarding Chinese Drywall claims.  According to the Complaint filed in this action,

Woodrow and Morrison, as general contractors and developers, developed and built residential

communities in Manatee County, Florida.[1]  Woodrow and Morrison allegedly contracted with

---

[1]   Case No. 2:2010-cv-555, Rec. Doc. No. 1, Complaint at ¶ 10.

Nu Way to supply and install the drywall during the construction of the residences at issue.[2] Plaintiffs identify the following as owners of homes where the insured installed defective drywall: Kristin Culliton ("Culliton"), Robert and Maria Hay (the "Hays"), Jason and Shanique Herbert (the "Herberts"), and Grant and Kathryn Reid (the "Reids").[3]   Woodrow and Morrison assert that their contract with Nu Way required Nu Way to obtain insurance and name Woodrow and Morrison as additional insureds.[4]

According to the Complaint, on August 7, 2008, Culliton filed suit against Morrison in Florida state court for damages "related to the defective work and materials supplied by" NuWay.[5]   Ultimately, the *Culliton* lawsuit was transferred to the Chinese Drywall Multidistrict Litigation proceedings in the Eastern District of Louisiana.[6]   The *Culliton* lawsuit subsequently settled with Morrison paying monetary damages to Culliton and agreeing to perform repairs at Culliton's home.[7]   On December 9, 2009, the Hays, the Herberts and the Reids filed suit against Morrison in the Eastern District of Louisiana in Case No. 2009-cv-07628-EEF-JCW (the "Omnibus action") seeking damages for personal injury and property damage caused by defective drywall installed in homes built by plaintiffs.[8]

Woodrow and Taylor allege that Nu Way purchased coverage from Scottsdale under Policy No. CLS1335522 (the "Policy") and that Woodrow is an additional insured under the Policy and a "certificate holder."[9]   Plaintiffs also claim that Morrison is believed to be an additional insured under another policy issued by Scottsdale or should have been an additional

---

[2]   *Id.* at ¶ 11.
[3]   *Id.* at ¶ 14.
[4]   *Id.* at ¶ 12.
[5]   *Id.* at ¶ 15.
[6]   *Id.* at ¶ 17
[7]   *Id.* at ¶ 28.
[8]   *Id.* at ¶ 23.
[9]   *Id.* at ¶ 34.

insured under the Policy.[10]  Plaintiffs allege that they timely presented these claims to Scottsdale

under the Policy regarding damage resulting from the defective work of Nu Way.[11]

Plaintiffs assert a claim for declaratory judgment seeking a declaration that they are

entitled to coverage for the *Culliton* and *Omnibus* actions under the Policy.[12]  Plaintiffs also

assert a breach of contract claim based on Scottsdale's failure to pay and a breach of contract

claim based on Scottsdale's failure to defend.[13]  In addition, plaintiffs assert a breach of fiduciary

duty claim arguing that Scottsdale refused to perform the following fiduciary obligations: defend

Morrison; adjust claims being made against plaintiffs; investigate the claims made against

plaintiffs; and provide coverage under the Policy.[14]

Despite no connection between Louisiana and this insurance coverage dispute, the

Complaint alleges that the Eastern District of Louisiana is the proper venue for this action.

Specifically, plaintiffs assert that venue is appropriate under 28 U.S.C. § 1391(a)(3) because the

"Defendant is subject to the personal jurisdiction in this judicial district."[15]  The Complaint

asserts that venue is otherwise appropriate in this district pursuant to 28 U.S.C. § 1407 and the

June 15, 2009 Transfer Order of the Judicial Panel on Multidistrict Litigation.[16]

## II.    ARGUMENT

Venue is not proper in the Eastern District of Louisiana, and the Complaint should be

dismissed pursuant to Fed. R. Civ. P. 12(b)(3), 28 U.S.C. § 1391(a)(3), and 28 U.S.C. § 1406(a).

Alternatively, this action should be transferred to the Middle District of Florida pursuant to 28

U.S.C. § 1406(a).

---

[10]    *Id.* at ¶ 35.
[11]    *Id.* at ¶ 37.
[12]    *Id.* at ¶ 43-45.
[13]    *Id.* at ¶ 46-57.
[14]    *Id.* at ¶ 58-64.
[15]    *Id.* at ¶ 3.
[16]    *Id.* at ¶ 3.

A.      **Venue Is Not Proper Under 28 U.S.C. § 1391(A) And The Complaint Should Be Dismissed**

The Eastern District of Louisiana is not the proper venue for this diversity action because none of the conditions set forth in 28 U.S.C. § 1391(a) is satisfied.  Section § 1391(a) provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, *if there is no district in which the action may otherwise be brought*. (emphasis added)

The burden is on the plaintiff to demonstrate that this district is the proper venue under the statute.  *See Smith v. Fortenberry*, 903 F. Supp. 1018, 1019-1020 (E.D. La. 1995).  "The general rule is that venue must be established for each separate cause of action and for each defendant." *Burkitt v. Flawless Records, Inc.*, No. 03-2483, 2005 WL 6225822, *3 (E.D. La. June 13, 2005), *reconsideration denied,* 03-2483, 2005 WL 2060987 (E.D. La. August 24, 2005).

The Complaint alleges that venue in this district is proper under 28 U.S.C. § 1391(a)(3). As discussed below, none of the three bases for venue under 28 U.S.C. § 1391(a) is satisfied and the Complaint should be dismissed.

1.      **Scottsdale Does Not Reside In Louisiana**

Under § 1391(a)(1), a diversity action may be brought in "a judicial district where any defendant resides, if all defendants reside in the same State."  As alleged by plaintiffs, Scottsdale is an Ohio corporation with its principal place of business in Arizona.  For the purposes of venue under the statue, however, a corporation is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."  28 U.S.C. § 1391(c).  This court lacks personal jurisdiction over Scottsdale.

- 5 -

The test for determining whether this Court has personal jurisdiction over a non-resident defendant is whether the non-resident defendant has certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). "In effect, the existence of personal jurisdiction, then, depends upon reasonable notice to the defendant and a sufficient nexus between the defendant and the forum state to make it fair to require defense of the claims against the non-resident within the host forum." *Katz v. Princess Hotels International, Inc., et al.*, 839 F. Supp 406, 409 (E.D. La. 1993) (citing to *Mullane v. Central Hanover Bank & Trust, Co.*, 339 U.S. 306, 313-314, 70 S.Ct. 652, 656-657, 94 L.Ed. 865 (1950) and *Milliken v. Meyer*, 311 U.S. 457, 463-64, 61 S.Ct. 339, 342-43, 86 L.Ed. 278 (1940), *rehearing denied,* 312 U.S. 712, 61 S.Ct. 548, 85 L.Ed. 1143 (1941)).

Personal jurisdiction over a non-resident may be of the general or specific variety. "When a cause of action does not arise from or relate to a foreign corporation's purposeful conduct within the venue of the forum state, due process requires continuous and systematic contacts between the state and the corporation to support general jurisdiction." *Katz, supra* at 409 (citing *Helicopteros Nacionales de Columbia S.A. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984), *on remand,* 677 S.W.2d 19 (Tex. 1984); and *Dalton v. R.W. Marine*, 897 F.2d 1359 (5th Cir. 1990)). "On the other hand, when a forum state seeks to assert specific jurisdiction over a non-resident defendant, personal jurisdiction can exist if the nonresident has 'purposely directed' activity at residents of the forum and the litigation results from alleged injury that arises out of or relates to such activity." *Katz, supra* at 409-410 (citing *Burger King v. Rudzewicz,* 471 U.S. 462, 105 S.C 2174, 85 L.Ed.2d 528 (1985).

Scottsdale has not purposely directed activity at Louisiana residents. Nu Way is a Florida business with no contacts with Louisiana and the Policy was issued in Florida. Similarly, neither Woodrow nor Morrison is a Louisiana business nor does either company have contacts with Louisiana. Thus, the Eastern District of Louisiana should not have specific jurisdiction over Scottsdale.

This Court also does not have general jurisdiction over Scottsdale. In order for a court to have general jurisdiction, the non-resident defendant must have "minimum contacts" with the forum state and these contacts must have a basis in "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state thus invoking the benefits and protections of its laws." *Burger King, supra* at 475, 105 S.Ct. at 2183.

While Scottsdale may have minimum contacts with Louisiana, the Court's exercise of jurisdiction must comport with traditional notions of fair play and substantial justice. This is conceptually a question of reasonableness and depends on an evaluation of the following factors:

> 1) the burden on the defendant;
>
> 2) the interests of the forum state;
>
> 3) the plaintiff's interest in obtaining relief;
>
> 4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and
>
> 5) the shared interest of the several states in furthering fundamental social policies.

*Asahi Metal Ind. Co. v. Superior Court of Cal., Solano County*, 480 U.S. 102, 113, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92 (1987), *on remand,* 734 P.2d 989, 236 Cal.Rptr. 153 (Cal. 1987) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980)). Scottsdale may not be burdened by litigating this case in the Eastern

PD.4068943.1

District of Louisiana, but an evaluation of the other four factors makes clear that this Court's exercise of jurisdiction would not comport with traditional notions of fair play and substantial justice.

First, Louisiana does not have an interest in this action given the total lack of any connection between the coverage dispute and Louisiana. The Complaint contains no allegation suggesting any nexus between Louisiana and the insurance coverage dispute at issue. The Complaint does not allege that Woodrow or Morrison is a Louisiana company. The Complaint does not allege that Scottsdale is a Louisiana company or maintains its principal place of business in Louisiana. Further, the Complaint does not allege that Nu Way is a Louisiana company or maintains its principal place of business in Louisiana. None of the alleged underlying claims of personal injury and/or property damage arising from defective drywall installed in homes built by plaintiffs are located in Louisiana. All are alleged to be located in Florida. Similarly, the Complaint contains no allegation that Culliton, the Hays, the Herberts or the Reids are residents of Louisiana.

Second, plaintiffs' interest in obtaining relief is not connected to this Court's exercise of jurisdiction. Plaintiffs can obtain adequate relief through the Florida judicial system. Further, Florida law should apply to this coverage dispute. Louisiana courts apply a "serious impairment" choice of law test, which is designed to determine which state's policies would be most seriously impaired if its law were not applied. La. C.C. art. 3537. As a result of the analysis, Louisiana courts tend to apply the law of the state where the contract was negotiated and delivered. *See Breese v. Hadson Petroleum, Inc.*, 955 F. Supp. 648, 650 (M.D. La. 1996); and La. C.C. art. 3537. Florida courts generally apply the *lex loci contractus* rule under which a contract is governed by the law of the state where the contract was formed. *State Farm Mut.*

*Auto. Ins. Co. v. Roach*, 945 So.2d 1160, 1163-1164 (Fla. 2006).  Because the Policy was delivered to Nu Way in Florida, both a Florida court and a Louisiana court should apply Florida law to the coverage issues presented in this action.  Plaintiffs' interest in obtaining relief does not warrant this Court's exercise of personal jurisdiction over Scottsdale.

Third, the interstate judicial system's interest in obtaining the most efficient resolution of controversies is not implicated by this case.  The Chinese Drywall Multidistrict Litigation was not created to provide one forum for insurance coverage disputes and it would be neither efficient nor fair for a Louisiana court to rule on coverage disputes governed by the varying laws of other states.

Finally, Louisiana and Florida do not share an interest in furthering a fundamental social policy here because this action does not involve any fundamental social policy.  Whether insurance coverage is afforded for businesses that built homes containing Chinese Drywall is a contractual dispute between private parties.

This Court lacks personal jurisdiction over Scottsdale.  There is not a sufficient nexus between Scottsdale and Louisiana to make it fair to require Scottsdale to defend claims within the Eastern District of Louisiana and it is clear that the Court's exercise of jurisdiction over Scottsdale would offend traditional notions of fair play and substantial justice.  Accordingly, Scottsdale is not a resident of Louisiana and venue is not proper under 28 U.S.C. 1391 (a)(1).

> **2.    A Substantial Part Of The Events Or Omissions Giving Rise To The Claim Did Not Occur In Louisiana**

Alternatively, venue is proper under § 1391(a)(2) in a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."  Under this provision, a court evaluates whether any events that occurred in the venue gave rise to the litigation.  *Factory Girl, LLC v.*

*Wiersma*, No. 06-2159, 2006 WL 1984649, *1 (E.D. La. July 12, 2006) (citing *Sun Drilling Products Corp. v. Texas Mexican Ry. Co.,* 2004 WL 2256070, *6, (E.D. La. 2004)).   With respect to contracts, the place where a contract is made or performed can establish proper venue. *Id.   See also American Carpet Mills v. Gunny Corp.*, 649 F.2d 1056, 1059 (5th Cir. 1981) (holding that under an earlier version of § 1391 venue is proper at the place of performance in an action for breach of contract).   In the context of insurance contracts, the insured's principal place of business, the place the policy was negotiated and delivered, the place from which the insurance premiums were paid, and location of the underlying claim are significant to the venue determination. *Starnet Ins. Co. v. Fueltrac, Inc.*, No. 08-1644, 2009 WL 1210508, *2 (W.D. La. May 1, 2009); *PIC Group, Inc. v. Landcoast Insulation, Inc.*, No. 09-461, 2009 WL 2912780 (W.D. La. Sept. 8, 2009) (venue was improper under § 1391(a)(2) where the insurance policy was issued in Louisiana but the accident for which coverage was sought occurred outside Louisiana); *Orleans Limousines & Transp., Inc. v. Hurd Ins. Agency*, No. 02-2742, 2003 WL 1193681 (E.D. La. Mar. 13, 2003) (venue was improper under § 1391(a)(2) where contract claims had no connection with Louisiana).

Section 1391(a)(2) does not apply based on the allegations in the Complaint because plaintiffs allege no facts suggesting that their principal place of business is in Louisiana, the insurance policies were negotiated and/or delivered in Louisiana, or the insurance premiums were paid in Louisiana.   Further, plaintiffs do not allege the underlying claims upon which the instant coverage action is founded occurred in Louisiana.   Rather, plaintiffs allege that individuals have made claims for personal injury and/or property damage arising from Chinese Drywall installed in homes built in Florida.   There are no allegations that any individuals have made claims with respect to houses plaintiffs' built in Louisiana.   There are no allegations that

- 10 -

any policy was issued to plaintiffs or Nu Way in Louisiana.  Moreover, plaintiffs do not allege that Woodrow, Morrison or Nu Way is located in Louisiana, or that these entities conducted any activities in Louisiana related to the Florida houses at issue.  Nothing in the complaint suggests that any defendant handled plaintiffs' claim for coverage in Louisiana.  There are no allegations that plaintiffs have dealt with any underlying claim or a request for coverage in Louisiana.  No events giving rise to plaintiffs' claim for coverage are alleged to have occurred in Louisiana. For these reasons a substantial part of the events or omissions giving rise to this coverage dispute did not occur in Louisiana, and thus, venue is not proper under § 1391(a)(2).

> **3.    Scottsdale Is Not Subject To Personal Jurisdiction In The Eastern District Of Louisiana And This Action Could Have Been Brought In Another District**

Finally, 28 U.S.C. § 1391(a)(3) provides that venue is proper in a "judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, *if there is no district in which the action may otherwise be brought*." (emphasis added).  Notably, plaintiffs cite this section as the basis for venue in this district.  The section applies, however, only where venue is not proper in any other district under § 1391(a)(1) or (a)(2).    Section 1391(a)(3) "operates only in the instance that there is no district in which the action may otherwise be brought…."  *Waldron v. Freightliner Corp.*, No. 96-2530, 1996 WL 737005, *3 (E.D. La. Dec. 19, 1996).  *See also Smith*, 903 F. Supp. at 1021; *Hogue v. State Farm Fire & Cas. Co.*, No. 08-5000, 2009 WL 2525751 (E.D. La. Aug. 13, 2009); *Labranche v. Embassy Suites, Inc.*, No. 97-3721, 1999 WL 58841 (E.D. La. Feb. 3, 1999); *Norton Packaging Inc. v. Industrial Packaging Corp.*, No. 95-1179, 1995 WL 505487 (E.D. La. Aug. 23, 1995).

Here, venue is proper in the Middle District of Florida.  For purposes of this lawsuit, Scottsdale resides in the Middle District of Florida because it is subject to personal jurisdiction in that district.  Scottsdale has sufficient contacts in that district to support the exercise of personal

jurisdiction over it.  In addition, the Complaint alleges the underlying claims against plaintiffs concern homes in Manatee County, which is located in the Middle District of Florida.  Because there is another district in which this action may have been brought, venue is not proper in this district under Section 1391(a)(3).

### B.  Venue Is Not Proper Under 28 U.S.C. § 1407 Or The Transfer Order

Plaintiffs further assert that venue is proper under 28 U.S.C. § 1407 and the June 15, 2009, Transfer Order of the Judicial Panel on Multidistrict Litigation ("JPMDL").  Neither the statute nor the Order makes this district a proper venue in which plaintiffs may file this action.  On its face, § 1407 does not apply.  It provides that "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings."  28 U.S.C. § 1407(a).  The statute does not provide the venue where a party may bring a civil action in the first instance, as plaintiffs did here.  Rather, it provides for the transfer of civil actions into a single district under certain circumstances.  Similarly, on its face, the Transfer Order does not make this district the proper venue for this original action.  *In re Chinese Drywall Products Liability Litigation*, 626 F. Supp.2d 1346 (U.S. Jud. Pan. Mult. Lit. 2009).  The Order transferred ten pending underlying homeowner lawsuits to this district for coordinated pretrial proceedings as permitted under § 1407.  *Id.* at 1346.  The Order provides that other pending actions may be treated as "tag-along" actions subject to transfer after the parties have been provided an opportunity to object.  *Id.* at 1346 n.1 (citing R.P.J.P.M.L. 7.4-7.5).  Nothing in the Order provides that a party may commence an action in the Eastern District of Louisiana simply because the JPMDL consolidated some cases in this district.

Moreover, the JPMDL has considered and rejected transfer of insurance coverage actions involving Chinese drywall to MDL No. 2047 on multiple occasions.  In two instances, the

JPMDL determined that the provisions of 28 U.S.C. §1407(a) did not support transfer of the coverage disputes to MDL No. 2047, stating that transfer of the coverage actions to the MDL would not serve the convenience of parties and witnesses, nor promote the just and efficient conduct of the litigation.  *See* Order Vacating Conditional Transfer Order of *General Fid. Ins. Co. v. Foster*, No. 9:09-80743 (S.D. Fla. Dec. 2, 2009); Order Denying Transfer of *Builders Mut. Ins. Co. v. Dragas Mgt. Corp.*, No. 2:09-185 (E.D. Va. Feb. 5, 2010).

Most recently, the JDMPL denied three motions that sought the transfer of three insurance coverage actions pending in Florida federal courts to the MDL.  The motions were filed by parties that face potential liability arising from the installation or distribution of defective Chinese drywall, including at least one party currently named as a defendant in the MDL.  These parties sought to move their insurance coverage disputes to the MDL "in an effort to more directly coordinate [the coverage litigation] with the underlying MDL liability proceeding."

In denying the motions, the JDMPL explained its ruling by responding to the arguments made by the parties seeking transfer.  The JDMPL recognized that the insurance coverage actions had a common factual backdrop with the MDL liability proceeding and that the coverage actions and the MDL liability proceeding involved the general circumstances of the Chinese drywall and the damage it is alleged to have caused.  However, the JDMPL declined transfer on this basis stating that the insurance coverage actions were different than the MDL liability proceeding because the insurance coverage actions presented "strictly legal questions, which require little or no centralized discovery."  The JDMPL also acknowledged that the insurance coverage actions appeared to implicate similar legal issues to the MDL liability proceeding, but stated that the similarity of legal issues alone was not enough to justify transferring the insurance

coverage actions.  Finally, the JDMPL recognized that the transfer of the insurance coverage actions could provide leverage for ongoing settlement discussions, but concluded that this factor was not significant enough to support transfer.  The JDMPL noted that the parties would likely continue to engage in settlement discussions even in the absence of a transfer.  *See* Order Denying Transfer of *Taylor Woodrow Communities at Vasari, LLC v. Mid-Continent Casualty Co.*, C.A. No. 2:09-823 (M.D. Fla.); *Chartis Specialty Insurance Co., et al. v. Banner Supply Co., et al.*, C.A. No. 8:10-339 (M.D. Fla.); and *General Fidelity Insurance Co. v. Katherine L. Foster, et al.*, C.A. No. 9:09-80743 (S.D. Fla.).

      **C.**    **In The Alternative To Dismissing The Complaint, This Action Should Be Transferred To The Middle District Of Florida Pursuant To 28 U.S.C. § 1406**

As an alternative to dismissal, the Court may transfer this action to any district in which plaintiffs could have filed this action.  Pursuant to 28 U.S.C. § 1406(a), the "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  Plaintiffs could have brought this action in the Middle District of Florida where Scottsdale resides for the purposes of § 1391(a)(1).  The Complaint alleges that claims for defective drywall have been made against them in Manatee County, which is located in the Middle District of Florida.  Accordingly, the Court may transfer this action to the Middle District of Florida under 28 U.S.C. § 1406 instead of dismissing it.  *See Ellis v. Great Southwestern Corp.*, 646 F.2d 1099, 1107 (5th Cir. 1981) (transfer to a district in which personal jurisdiction over the defendant may be obtained may properly be made under § 1406(a)); *Starnet Ins.*, 2009 WL 1210508 at *2 (transferring the case to a district where insured resides and a substantial part of the events giving rise to the litigation occurred).

III.    CONCLUSION

For the reasons stated above, Scottsdale requests that the Court grant its motion and dismiss this action pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a).   In the alternative, Scottsdale requests that the Court transfer this action to the Middle District of Florida pursuant to 28 U.S.C. § 1406(a).

                                   Respectfully submitted,

                                   **PHELPS DUNBAR LLP**


                       BY:     _/s/ Virginia Y. Trainor_
                                   H. Alston Johnson, III (La. Bar No.7293)
                                   Virginia Y. Trainor (La. Bar No. 25275)
                                   II City Plaza
                                   400 Convention Street, Suite 1100
                                   Baton Rouge, Louisiana 70802-5618
                                   P.O. Box 4412
                                   Baton Rouge, Louisiana 70821-4412
                                   Telephone: (225) 346-0285
                                   Telecopier: (225) 381-9197
                                   Email: johnsona@phelps.com
                                            trainorg@phelps.com

                       **- AND –**

                                   Jay Russell Sever (La. Bar No. 23935)
                                   Charlotte Jane Sawyer (La. Bar No. 2818)
                                   365 Canal Street • Suite 2000
                                   New Orleans, Louisiana 70130-6534
                                   Telephone: (504) 566-1311
                                   Telecopier: (504) 568-9130
                                   Email: severj@phelps.com
                                            sawyerc@phelps.com

                       **ATTORNEYS FOR DEFENDANT,
                       SCOTTSDALE INSURANCE COMPANY**

PD.4068943.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing *Memorandum in Support of Motion to Dismiss for Improper Venue, or in the Alternative, to Transfer Action to the Middle District of Florida* has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and email and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Oder No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 19th day of July, 2010.

*/s/ Virginia Y. Trainor*

Virginia Y. Trainor
Bar No. 25275
Attorney for Scottsdale Insurance Company
Phelps Dunbar LLP
II City Plaza
400 Convention street, Suite 1100
Baton Rouge, Louisiana 70802-5618
Telephone: (225) 346-0285
Facsimile: (225) 381-9197
trainorg@phelps.com

PD.4068943.1