**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

NORTHSTAR HOLDINGS, INC.,
NORTHSTAR HOMES, INC., AND
NORTHSTAR HOLDINGS AT B & A, LLC,                    Case No.: 2:10-cv-00384

           Plaintiffs,                                    **Judge:     EEF**
                                                     **Magistrate:  JCW**

v.

GENERAL FIDELITY INSURANCE
COMPANY, QUANTA INDEMNITY
COMPANY, MID-CONTINENT CASUALTY
COMPANY, AXIS SURPLUS INSURANCE,
AND ESSEX INSURANCE COMPANY,

           Defendants.
_____/

## DEFENDANT ESSEX INSURANCE COMPANY'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS, IMPROPER VENUE AND LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE

    Defendant Essex Insurance Company ("Essex"), by and through undersigned

counsel and pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), 12(b)(5),

12(b)(6) and Local Rule for the Eastern District of Louisiana 7.1, moves this Court for the

dismissal of all claims against Essex, or in the alternative, the transfer of the claims against

Essex to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a) or 28 U.S.C. §

1

1406(a).

As will be addressed more thoroughly in the attached Memorandum of Law, the

Complaint filed by Plaintiffs, Northstar Holdings, Inc., Northstar Homes, Inc., and Northstar

Holdings at B & A, LLC, ("Northstar" or "Plaintiffs"), is due to be dismissed, or alternatively,

transferred to the Southern District of Florida for the following reasons:

> - *The Complaint must be dismissed against Defendant Essex due to Plaintiffs' failure to serve Essex within 120 days as required by Fed. R. Civ. P. 4(m).*
>
> - *Plaintiffs have no cause of action for benefits under Policy No. 04SX147476 because such policy does not exist;*
>
> - *Plaintiffs have failed to meet their burden of showing that Venue in the Eastern District of Louisiana is proper;*
>
> - *Plaintiffs have not established that the Eastern District of Louisiana may exercise personal jurisdiction over Defendant Essex; and*
>
> - *The Southern District of Florida is the most convenient forum with the most interest in the outcome of this litigation.*

WHEREFORE, after due proceedings are had and for the reasons addressed in the

attached Memorandum of Law, Evanston requests that this Honorable Court enter an

Order dismissing the Complaint pursuant to Rule 12, or alternatively, enter an Order that

the matter be transferred to the Southern District of Florida pursuant to 28 U.S.C. §

1404(a) or 28 U.S.C. § 1406(a).

2

Respectfully submitted:

REBECCA C. APPELBAUM
FL Bar No. 0179043
rappelbaum@butlerpappas.com
BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP
777 S. Harbour Island Boulevard, Suite 500
Tampa, Florida 33602
(813) 281-1900
(813) 281-0900 (fax)

CARIN DORMAN BROCK , ESQ.
LA Bar. No. 28339
cbrock@butlerpappas.com
BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP
Post Office Box 16328
Mobile, Alabama 36616
(251) 338-3801
(251) 338-3805 (fax)
Attorneys for Defendant, Essex Insurance Co.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Notice of Hearing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 19th day of July, 2010.

Respectfully submitted,

REBECCA C. APPELBAUM, ESQ.

3