UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF LOUISIANA
(MDL 2047/Chinese Drywall)

| | | |
|---|---|---|
| David Gross, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No.  09-6690 |
| | ) | |
| v. | ) | |
| | ) | |
| Knauf Gips, KG, Pulte Home Corp., et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____/. | ) | |
| | ) | |

## PULTE HOME CORP.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT FILED BY PROPOSED SUBCLASS # 208.

Defendant, Pulte Home Corp. ("Pulte"), by and through its undersigned counsel, hereby answers the Mary Anne Benes' Substituted and Amended Omnibus Class Action Complaint In Intervention (III) (the "Complaint"), and in furtherance thereof, states:

General Denial.  Plaintiffs, in particular Defendants Robert Adams and Marni Klein-Adams, Amy Bloom, Ellen DeCarlo and Jerald Nelson, and Benjamin Greenberg who are identified on Schedule "2" to the Complaint as owning homes constructed by Pulte, make general allegations on pages 1 and 2 of the Complaint that the Defendants have "marketed their products in a manner designed to conceal their identity."  Pulte denies this allegation.  Pulte further denies the *Gross* allegations that are incorporated into the Complaint by reference.  Pulte further denies that it is liable to the Plaintiffs (proposed Subclass # 208) for the "design, manufacture, importing, distributing, delivery, supply, marketing, inspecting, installing or sale of the defective drywall at issue in this litigation."

## PARTIES, JURISDICTION, AND VENUE

1.      Denied.

2.      Denied.

3.      Denied.

4.      Without knowledge so denied.

5.      Without knowledge so denied.

6.      Without knowledge so denied.

7-35.   These paragraphs, which identify certain plaintiffs, do not relate to Pulte because none of these individuals reside in home developed by Pulte.  Notwithstanding the foregoing statement, without knowledge so denied.

36.      Admitted that Robert Adams and Marni Klein-Adams reside at the address listed in this paragraph, but denied that they are appropriate class representatives given that they signed a Limited Release, Assignment and Work Authorization Agreement whereby these two plaintiffs have waived and released any right to pursue Pulte for any and all property damage related to Chinese Drywall. Moreover, the Adams have further assigned all of their rights and claims against any manufacturer, installer or supplier of drywall to Pulte.

37-45.   These paragraphs, which identify certain plaintiffs, do not relate to Pulte because none of these individuals reside in a home developed by Pulte.  Notwithstanding the foregoing statement, without knowledge so denied.

46.      Without knowledge so denied.

47-65.   These paragraphs, which identify certain plaintiffs, do not relate to Pulte because none of these individuals reside in home developed by Pulte.  Notwithstanding the foregoing statement, without knowledge so denied.

2

66.     Admitted that Ellen DeCarlo and Jerald Nelson reside at the address listed in this paragraph, but denied that they are appropriate class representatives given that they signed a Work Authorization and Release Agreement whereby these two plaintiffs have waived and released any right to pursue Pulte for any and all property damage related to Chinese Drywall. Moreover, DeCarlo and Nelson have further assigned all of their rights and claims against any manufacturer, installer or supplier of drywall to Pulte.

67-93.  These paragraphs, which identify certain plaintiffs, do not relate to Pulte because none of these individuals reside in a home developed by Pulte.  Notwithstanding the foregoing statement, without knowledge so denied.

94.     Without knowledge so denied.

95-1062.   These paragraphs, which identify certain plaintiffs, do not relate to Pulte because none of these individuals reside in a home developed by Pulte.  Notwithstanding the foregoing statement, without knowledge so denied.

## DEFENDANTS

1063.  Without knowledge to the generality of the statements asserted herein, but admitted with regards to Pulte alone.

**A.      Allegations Regarding the *Gross* Defendants.**

1064.  Without knowledge so denied.

1065.  All allegations set forth in the *Gross* Complaint related to the *Gross* Defendants is hereby denied to the extent they attempt to implicate Pulte at all.

1066.  All allegations regarding the *Gross* Complaint, ¶¶ 147-152, related to the "industry-wide alternative liability" are hereby denied to the extent they attempt to implicate Pulte at all.

3

1067.   Without knowledge so denied.

**B.**   <u>**Allegations Regarding Identifiable Defendants**</u>.

<u>**Distributor/Supplier/Importer/Exporter/Broker Defendants**</u>.

1068-1120.   These   paragraphs,   which   identify   certain distributor/supplier/importer/exporter/broker  defendants,  do  not  appear  to  relate  to  Pulte. Notwithstanding the foregoing statement, without knowledge so denied.

<u>**The Developer/Builder Defendants**</u>.

1121-1272.   These paragraphs, which identify certain developer/builder defendants, do not appear to relate to Pulte.  Notwithstanding the foregoing statement, without knowledge so denied.

1273.   Admitted that Pulte Home Corporation is an entity with a principal place of business at 100 Bloomfield Hills Parkway, Suite 300, Bloomfield Hills, Michigan 48304. Admitted Pulte is organized under the laws of Michigan. All other allegations contained within this paragraph are denied.

1274-1335.   These paragraphs, which identify certain developer/builder defendants, do not appear to relate to Pulte.  Notwithstanding the foregoing statement, without knowledge so denied.

<u>**The Contractor/Installer Defendants**</u>.

1336-1422.  These paragraphs, which identify certain contractor/installer defendants, do not appear to relate to Pulte. Notwithstanding the foregoing statement, without knowledge so denied.

<u>**FACTS REGARDING PRODUCT DEFECT**</u>

1423.   Denied.

ORLDOCS 11885430 1

1424.  Denied.

1425.  Denied.

1426.  Denied.

1427.  Denied.

1428.  Denied.

1429.  Denied.

1430.  Denied.

1431.  Denied.

1432.  Denied.

1433.  Denied.

## DEFENDANTS HAVE FRAUDULENTLY CONCEALED THEIR IDENTITIES

1434.  Without knowledge so denied.

1435.  Without knowledge so denied.

1436.  Without knowledge so denied.

1437.  Denied.

1438.  Denied.

1439.  Denied.

1440.  Denied.

## CLASS ACTION ALLEGATIONS

1441.  Without knowledge so denied.

1442.  Without knowledge so denied.

**The *Gross* Class.**

1443.  Without knowledge so denied.

ORLDOCS 11885430 1

**The Distributor/Supplier/Importer/Exporter/Broker Subclasses (Subclasses 1-52).**

1444.   Denied that Adams, Klein-Adams, Amy Bloom, Nelson, DeCarlo and Greenberg are appropriate representative class Plaintiffs. Without knowledge so denied as to all other allegations contained herein.

1445.   Without knowledge so denied.

**The Builder/Developer Subclasses (Subclasses 53-269).**

1446.   Denied that Adams, Klein-Adams, Amy Bloom, Nelson, DeCarlo and Greenberg are appropriate representative class Plaintiffs.  Without knowledge so denied as to all other allegations contained herein.

1447.   Pulte is without knowledge as to all other subclasses identified in this paragraph. Pulte denies that it should be placed into any subclass, including #208 to which it is currently assigned.

**The Contractor/Installer Subclasses (Subclasses 270-356).**

1448.   Denied that Adams, Klein-Adams, Amy Bloom, Nelson, DeCarlo and Greenberg are appropriate representative class Plaintiffs. Without knowledge so denied as to all other allegations contained herein.

1449.   Without knowledge so denied.

**General Class Allegations and Exclusions From The Class Definitions.**

1450.   Denied that any Class or Subclass is an appropriate Class representative regarding Pulte.

1451.   Denied.

1452.   Denied that any common questions of law or fact override the differences associated with Adams, Klein-Adams, Bloom, DeCarlo, Nelson and Greenberg's claims against Pulte.

1453.   Denied.

1454.   Denied.

1455.   Without knowledge so denied.

1456.   Denied.

1457.   Denied.

1458.   Denied.

1459.   Denied.

## COUNT I
## NEGLIGENCE
### (Against All Defendants)

1460.   Pulte re-asserts and incorporates by reference its responses to the paragraphs above.

1461.   Denied.

1462.   Denied.

1463.   Denied.

1464.   Denied.

1465.   Denied.

1466.   Denied.

1467.   Denied.

## COUNT II
## NEGLIGENCE PER SE
## (Against All Defendants)

1468.  Pulte re-asserts and incorporates by reference its responses to the paragraphs above.

1469.  Denied.

1470.  Denied.

1471.  Denied.

1472.  Denied.

1473.  Denied.

1474.  Denied.

## COUNT III
## STATUTORY LIABILITY
## (All Defendants)

1475.  Pulte re-asserts and incorporates by reference its responses to the paragraphs above.

1476.  Denied.

1477.  Denied.

1478.  Denied.

1479.  Denied.

1480.  Denied.

1481.  Denied.

1482.  Denied.

1483.  Denied.

1484.  Denied.

ORLDOCS 11885430 1

1485.   Denied.

1486.   Denied.

1487.   Denied.

1488.   Denied.

1489.   Denied.

1490.   Denied.

1491.   Denied.

1492.   Denied.

## COUNT IV
## BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES
### (All Defendants)

1493.   Pulte re-asserts and incorporates by reference its responses to the paragraphs above.

1494.   Denied.

1495.   Denied.

1496.   Denied.

1497.   Denied.

1498.   Denied.

1499.   Denied.

1500.   Denied.

## COUNT V
**BREACH OF IMPLIED WARRANTY OF FITNESS AND MERCHANTABILITY
PURSUANT TO FLA. STAT. 718.203
(On Behalf of Plaintiffs Who Own Condominiums In The State Of Florida)
(Against Builders Only)**

1501.   Pulte re-asserts and incorporates by reference its responses to the paragraphs above.

1502.   Without knowledge so denied.

1503.   Denied as a legal conclusion.

1504.   Denied.

1505.   Admitted Fla. Stat. 718.203 speaks for itself, but all other allegations are denied.

1506.   Denied.

1507.   Denied.

1508.   Denied.

1509.   Denied.

1510.   Denied.

1511.   Denied.

1512.   Denied.

## COUNT VI
**BREACH OF THE IMPLIED WARRANTY OF HABITABILITY
(Against Builders Only)**

1513.   Pulte re-asserts and incorporates by reference its responses to the paragraphs above.

1514.   Denied.

1515.   Denied.

1516.   Denied.

ORLDOCS 11885430 1

1517.  Denied.

1518.  Denied.

1519.  Denied.

## COUNT VII
## BREACH OF CONTRACT
### (Against Builders Only)

1520.  Pulte re-asserts and incorporates by reference its responses to the paragraphs above.

1521.  Denied.

1522.  Denied.

1523.  Denied.

## COUNT VIII
## VIOLATION OF THE LOUISIANA NEW HOME WARRANTY ACT
### (Against Louisiana Builders Only)

1524-1530.     This count only applies to Louisiana builders only. Pulte is not a Louisiana builder. To the extent any allegations contained in this count attempt to implicate Pulte, such allegations are hereby denied.

## COUNT IX
## REDHIBITION [SIC]
### (By Louisiana Plaintiffs Against All Defendants)

1531-1540.     There are no Louisiana Plaintiffs who have homes built or developed by Pulte as Pulte has never constructed any homes in, nor has it ever conducted any other form of business in the state of Louisiana.  To the extent any allegations contained herein attempt to implicate Pulte, such allegations are hereby denied.

ORLDOCS 11885430 1

## COUNT X
### LOUISIANA PRODUCTS LIABILITY ACT
#### (Manufacturing Defendants)
#### (Pled in the Alternative Against Distributor Defendants)

1541-1554.    This count is directed toward distributor defendants only and does not appear to apply to Pulte.  To the extent any allegations contained herein attempt to implicate Pulte, such allegations are hereby denied.  Moreover, Pulte has never engaged in any business, or constructed in homes in, the state of Louisiana.

## COUNT XI
### PRIVATE NUISANCE
#### (All Defendants)

1555.  Pulte re-asserts and incorporates by reference its responses to the paragraphs above.

1556.  Denied.

1557.  Denied.

1558.  Denied.

1559.  Denied.

1560.  Denied.

1561.  Denied.

## COUNT XII
### NEGLIGENT DISCHARGE OF A CORROSIVE SUBSTANCE
#### (All Defendants)

1562.  Pulte re-asserts and incorporates by reference its responses to the paragraphs above.

1563.  Denied.

1564.  Denied.

1565.  Denied.

1566.   Denied.

1567.   Denied.

1568.   Denied.

## COUNT XIII
## UNJUST ENRICHMENT
### (All Defendants)

1569.   Pulte re-asserts and incorporates by reference its responses to the paragraphs above.

1570.   Denied.

1571.   Denied.

1572.   Denied.

## COUNT XIV
## VIOLATION OF CONSUMER PROTECTION ACTS
### (All Defendants)

1573.   Pulte re-asserts and incorporates by reference its responses to the paragraphs above.

1574.   Denied.

1575.   Denied.

1576.   Denied.

1577.   Denied.

## COUNT XV
## EQUITABLE AND INJUNCTIVE RELEASE AND MEDICAL MONITORING
### (All Defendants)

1578.   Pulte re-asserts and incorporates by reference its responses to the paragraphs above.

13

1579.   Denied.

1580.   Denied.

1581.   Denied that the equitable or injunctive relief sought herein is appropriate or that Pulte is responsible for providing such relief.

1582.   Denied.

1583.   Denied.

1584.   Denied.

1585.   Denied.

1586.   Denied.

1587.   Denied.

1588.   Denied.

1589.   Denied.

1590.   Denied.

Pulte denies that the Plaintiffs, particularly, Adams, Klein-Adams, Bloom, DeCarlo, Nelson and Greenberg, are entitled to jury trial or any of the relief sought in the Complaint.

Pulte denies that Adams, Klein-Adams, DeCarlo, Bloom, Nelson and Greenberg are appropriate class representatives.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs have failed to state a cause of action for which relief may be granted.

2.      Plaintiffs' claims are barred for failing to meet conditions precedent. Particularly, Plaintiffs failed to timely submit a notice pursuant to Chapter 558, *Fla. Stats*. and/or failed to allow Pulte to inspect their homes.

3.      The United States District Court for the Eastern District of Louisiana does not have personal jurisdiction over Pulte.

4.      Some of the Plaintiffs' claims are barred by the statute of limitations.

5.      Plaintiffs are not appropriate class representatives.  Specifically, the Adams and Nelson and DeCarlo entered into Limited Release, Assignment and Work Authorization Agreement waiving and releasing all claims it may have had against Pulte for property damage. The Adams and Nelson and DeCarlo have assigned all claims against any supplier, contractor or installer to Pulte. Moreover, Nelson and DeCarlo and the Adams' homes have been completely remediated.  Greenberg failed and refused to allow Pulte to investigate his home despite requests from Pulte.  Bloom's home has been investigated and no Chinese Drywall exists.  Pulte's Motion to Dismiss the Adams' and Nelson and DeCarlo's claims is incorporated herein by reference.

6.      Plaintiffs have failed to mitigate their damages.

7.      Pulte is entitled to any set-off or credit from any benefits the Plaintiffs have received from any collateral source.

8.      Pulte is entitled to a fair allocation of damages.

9.      The Adams, DeCarlo and Nelson's claims are barred by the doctrine of accord and satisfaction.

10.     Plaintiffs' claims for injunctive relief are barred since Plaintiffs have adequate remedies available at law.

11.     Plaintiffs claims are barred to the extent they do not have contractual privity with Pulte.

12.     Plaintiffs further have failed to allege any reliance upon any representations made by Pulte.

15

13.     Plaintiffs' claims are barred or reduced due to intervening causes and/or neglect by others.

14.     Pulte's actions are not the proximate cause of the Plaintiffs' damages.

15.     Plaintiffs' damages were caused by one or more third parties not named as Defendants in this action and therefore the Court should apportion damage to a percentage of liability among the non-parties and parties. Pulte specifically identifies as an at-fault nonparty ProBuild East, LLC as successor-in-interest to Rosen Building Supplies, Inc., f/d/b/a On Site Materials pursuant to Fabre v. Martin, 623 So.2d 1182 (Fla. 1993).

16.     Nelson and DeCarlo and the Adams' claims are barred by virtue of their material breach of their Limited Release, Assignment and Work Authorization Agreements.

17.     Nelson and DeCarlo and the Adams' claims are barred in whole or in part by virtue of the parties having entered into a settlement agreement.

18.     Nelson and DeCarlo and the Adams do not have standing to bring suit against Pulte in this MDL.

19.     The Plaintiffs' claims are barred in whole or in part by the doctrines of waiver and estoppel by virtue of their of their actions and failures to act, including but not limited to, failing to give Pulte notice of allege Chinese drywall, by failing to permit Pulte to remediate the home, and by failing to enter into the Limited Release, Assignment and Work Authorization Agreement. Nelson, DeCarlo and the Adams' claims have been expressly waived by virtue of the Agreements.

Pulte hereby demands its attorneys' fees and costs for having to defend this action.

16

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and forgoing <u>Answer And Affirmative Defenses To The</u> <u>Complaint Filed By Proposed Subclass # 208</u> has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047; and U.S. Mail and facsimile to: Jeremy Alters, Esq., *counsel for Subclass #208* and Phillip A. Whittmann, *Liaison Counsel for Homebuilder and Installers* , on this 28th day of June, 2010.

<u>/s/ John H. Dannecker</u>
<u>ORIGINAL SIGNED DOCUMENT ON</u>
<u>FILE WITH THE COURT</u>
**JOHN H. DANNECKER, ESQ.**
Florida Bar No. 0745030
**AMANDA G. SIMMONS, ESQ.**
Florida Bar No. 0728020
SHUTTS & BOWEN, LLP
300 South Orange Avenue, Suite 1000
Orlando, Florida 32801-5403
Telephone: (407) 423-3200
Facsimile: (407) 849-7291
Email: jdannecker@shutts.com
        asimmons@shutts.com
*Attorneys for Pulte Home Corp.*

ORLDOCS 11885430 1