# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED | * | MDL NO.  2:09-md-02047 |
| DRYWALL PRODUCTS LIABILITY | | |
| LITIGATION | * | JUDGE FALLON |
| | * | MAGISTRATE WILKINSON |
| This document relates to: | | |
| Mona Burke, Wife of/and | * | |
| Thomas E. Burke, IV vs. | * | |
| Daelen of Tangipahoa, L.L.C. | | |
| Case No.  10-1840 | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM IN SUPPORT OF MOTION TO REMAND

NOW INTO COURT, come Plaintiffs, Mona Burke and Thomas Burke, through undersigned counsel, who submit the following Memorandum in Support of Motion to Remand.  This matter was improperly removed by Defendant State Farm Fire and Casualty Co. (hereinafter "State Farm") pursuant to 28 U.S.C. §§ 1332 and 1441.  Defendant removed this action, claiming that although diversity was facially lacking (there is no dispute that Plaintiffs and at least one Defendant are Louisiana Residents), this Court should disregard the citizenship of the Daelen of Tangipahoa, as Plaintiffs had fraudulently joined this Defendant.  Despite the contentions of State Farm, Plaintiffs'

causes of action against each of the Defendants stem from the same set of operative facts, and are properly cumulated in the instant action. As discussed below, Defendants have failed to demonstrate fraudulent joinder or improper joinder amounting fraudulent joinder, and therefore, cannot carry their burden of demonstrating that federal jurisdiction exists in the instant matter. Plaintiffs therefore move this Court for an Order Remanding this matter to state court, particularly, the 22nd Judicial District Court for the Parish of St. Tammany.

## BACKGROUND

Plaintiffs filed the instant suit in the 22nd Judicial District Court for the Parish of St. Tammany against their homebuilder, Daelen of Tangipahoa L.L.C., for damages they suffered as a result of the installation of Chinese drywall in their home. Plaintiffs subsequently amended their complaint to name the unknown entity, ABC Corporation, that had installed the faulty drywall. Plaintiffs again amended their petition to add State Farm, their homeowners insurers, for their breach of contract, and failure to properly adjust Plaintiffs' claims.

Defendant, State Farm, then removed the matter to federal court. State Farm acknowledges that diversity is facially lacking, but asserts that this Court should disregard these parties as fraudulently joined by Plaintiffs in order to defeat diversity jurisdiction.

Plaintiffs have not fraudulently joined any of the Defendants named in this action. Additionally, all of Plaintiffs' claims are properly joined under Louisiana Law. Lastly, even if Plaintiffs had improperly joined the Defendants in question, such misjoinder does not rise to the "egregious" level needed to support a finding of misjoinder amounting to fraudulent joinder.

## MOTION TO REMAND LAW AND ARGUMENT

The Defendants assert that federal jurisdiction lies in this case pursuant to 28 U.S.C. § 1332 diversity of citizenship.  The parties herein do not dispute that the amount in controversy exceeds the requisite jurisdictional limit for federal diversity jurisdiction of $75,000.  There is likewise no dispute that on the face of the Plaintiffs' petition, there is no diversity of citizenship.  Plaintiffs are domiciled in Louisiana, as is at least on Defendant, Daelen of Tangipahoa, L.L.C.

### A.      Motion to Remand

The burden of establishing federal jurisdiction, in this case by demonstrating diversity, rests on the party seeking removal.  *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1992).  "However, removal jurisdiction is to be strictly construed as its application 'deprives a state court of a case properly before it and thereby implicates important federalism concerns.'" *Bright v. No Cuts Inc.*, 2003 WL 22434232, at *2 (E.D. La. 2003).  "Accordingly, any doubts about removal must be construed against removal and in favor of remanding the case to state court." *Id. citing Vasquez v. Alto Bonito Gravel Plant Corp.*, 56 F.3d 689, 694 (5th Cir. 1995).

Defendant, State Farm, has not carried their burden of demonstrating that federal jurisdiction exists in the instant matter.

### B.      Fraudulent Joinder

Defendants bear a heavy burden in proving the plaintiffs' joinder of defendants was fraudulent and improper.  *Schwartz v. Chubb & Sons Inc.,* 2006 WL 980673 (E.D. La. 2006) ("When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was

3

improper."); *see also Fidelity Homestead Assoc. v. Hanover Insurance Co.,* 2006 WL 2873563 (E.D. La. 2006) ("because the fraudulent joinder doctrine is a narrow exception to the rule that diversity jurisdiction requires complete diversity, the burden of demonstrating fraudulent joinder is a heavy one); *Smallwood,* 352 F.3d 220, 222 (5th Cir. 2003); *B. Inc. v. Miller Brewing Co.I,* 663 F.2d 545, 549 (5th Cir. 1981).

Fraudulent joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Travis v. Irby,* 326 F.3d 644, 647 (5th Cir 2003) *citing Greggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999). In the instant case, Defendants have not, and cannot demonstrate fraud in the pleading of jurisdictional facts. Therefore, no further discussion is warranted.

In regards to the second possible theory of fraudulent joinder, in *Travis,* the Fifth Circuit attempted to reconcile facially conflicting jurisprudential standards. According to the court in *Travis*, when analyzing a fraudulent joinder claim, district courts should strictly limit their analysis to an assessment of whether plaintiff has a *possibility of recovering on the facts and law* against the opposing party. *Id.*

The court explained that a "possibility" is determined as follows: "The district court may "pierce the pleadings" and consider summary judgment type evidence in the record, but must also take into account all of the unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Id.* at 649. Thus, although the type of inquiry into the

4

evidence is similar to the summary judgment inquiry, the district court is not to apply a summary judgment standard, but rather a standard closer to that employed in a 12(b)(6) analysis. *Id.* at 648-49. Therefore, any contested issues of fact and any ambiguities of state law must be resolved in the plaintiffs' favor. *Id.* at 649.

Defendant, State Farm, does not argue that Plaintiffs have failed to state a viable claim against State Farm. Likewise, State Farm does not maintain that Plaintiffs have failed to state a claim against the remaining Defendants that are Louisiana residents (Daelen of Tangipahoa, L.L.C.). Therefore, no further discussion of fraudulent joinder is required, as Defendant concedes that Plaintiffs' causes of action against all of the Defendants are viable.

**C.    Joinder of Defendants is Proper Under State Law**

Instead, it appears that State Farm is attempting to argue improper cumulation or joinder of two separate and unrelated causes of action, which they argue amounts to fraudulent joinder[1]. his argument is without merit. First, in order to find fraudulent joinder in this context, there must be a finding of misjoinder under Louisiana Law. As discussed below, there is no misjoinder in the instant case. Therefore, there can be no finding of misjoinder amounting to fraudulent joinder.

---

[1]    There is some question whether the Fifth Circuit recognizes *Tapscott's* fraudulent joinder. *See Schwartz v. Chubb & Sons, Inc,* 2006 WL 980673, *4 (E.D. La. 2006) (questioning the applicability of *Tapscott* but not reaching the issue, and noting that if defendants have a basis to assert improper joinder under Louisiana Law, they can seek such severance at the state court level, and then assuming severance is granted, again remove the matter to federal court).

In analyzing whether a plaintiff has improperly joined defendants in a given action, the relevant law is the state's permissive joinder rule, here, Louisiana Code of Civil Procedure Art. 463. Article 463 provides:

> Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if:
>
> (1) There is a community of interest between the parties joined;
>
> (2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
>
> (3) All of the actions cumulated are mutually consistent and employ the same form of procedure.

The test for determining whether the parties have a community of interest sufficient to join parties in same lawsuit is whether the cumulated causes of action arise out of the same facts or whether they present the same factual or legal issues. *Mauberret-Lavie v. Lavie*, 850 So.2d 1, 2 (La. App. 4th Cir. 2003). A community of interest is present between different actions or parties allowing the parties or actions to be joined in same lawsuit, where enough factual overlap is present between the cases to make it sensible to litigate them together. *Id.* at 2-3. Parties may be joined notwithstanding that there is some distinction in the plaintiff's claim against each defendant. *Keel v. Rodessa Oil & Land*, 189 La. 732 (1938).

In the instant case, there is a sufficient "community of interest" between the joined parties to allow for permissive joinder under Art. 463. All of Plaintiffs' claims against the three Defendants stem from the installation of defective Chinese drywall. Therefore, at a minimum, there is a significant overlap between the factual basis for Plaintiffs' claims against the various Defendants.

6

The fact that Plaintiffs' claims against the various defendants is not based on the exact same legal theory does not effect the propriety of Plaintiffs joining their claims against each of these Defendants into a single action. It would make no sense to sever Plaintiffs' claims against these various Defendants, as this would force Plaintiffs to litigate many of the same matters (for example: the defective nature of the drywall, and the damage caused by the defective drywall) three separate times.

Clearly there is a significant overlap of factual issues pertaining to each of these Defendants. Therefore, applying Art. 463, joinder of each of the Defendants is proper in this case. Even if joinder of these three Defendants was improper, misjoinder alone is not sufficient to find fraudulent joinder. Put another way, even if this were an instance of misjoinder under state law, it does not rise to the "egregious" level needed to find fraudulent joinder. Therefore, removal was improper as there is not complete diversity, and Plaintiffs are entitled to Remand this matter to state court.

### D.       Misjoinder Alone is Insufficient to Find Fraudulent Joinder

As discussed above, there is no misjoinder in the instant case, as Plaintiffs' joinder of the various defendants in the instant case complies with the requirements of Art. 463. However, even if Plaintiffs' joinder of these various Defendants did amount to misjoinder, it does not rise to the "egregious" level necessary to support a finding of fraudulent joinder. Therefore, this Court should consider the citizenship of all of the Defendants, which clearly demonstrates a lack of diversity, and therefore mandates granting Plaintiffs' Motion to Remand.

In *Bright v. No Cuts Inc.*, 2003 WL 22434232 (E.D. La 2003), the district court explored the notion of improper cumulation or misjoinder as "fraudulent joinder."  In *Bright*, plaintiff's representatives filed suit in state court for plaintiff's electrocution, as well as a products liability suit stemming from plaintiff ingesting Oxycontin as a result of said injuries.  *Id.* at *1.  Defendants removed, asserting fraudulent joinder.  *Id.*  The Court quickly dismissed the possibility that either of the "traditional" theories of fraudulent joinder, as discussed above, were present in *Bright*.

*Id.* at *3.  Instead, the court found that defendants argument sounded in misjoinder amounting to fraudulent joinder, a concept which was originally recognized by the Eleventh Circuit in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000).  *Id.* at *3-4.

In analyzing *Tapscott,* the court in *Bright* noted that the misjoinder in *Tapscott* was deemed to be "particularly egregious," as the only similarity among the claims asserted against the various defendants was that they employed a similar business practice.  *Id.* at *4.  Further the court noted that not all of the plaintiffs were asserting causes of actions against all of the defendants.  *Id.*  Lastly, the *Bright* court noted that the Eleventh Circuit had been careful to limit their holding, cautioning, "[w]e do not hold that mere misjoinder is fraudulent joinder, but we do agree with the district court that [plaintiffs'] attempt to join these parties is so egregious as to constitute fraudulent joinder."  *Id.*

Following the *Bright* court's analysis of *Tapscott*, the Court noted that jurisprudence has consistently held that mere misjoinder does not amount to *fraudulent* misjoinder.  *Id.*  The court further noted that the defendants were not able to cite even one case in which a single plaintiff

8

proceeding against multiple defendants had been severed on the basis of fraudulent misjoinder. *Id.* at *7. In refusing to find fraudulent misjoinder, the *Bright* court found, "[d]istrict courts in this circuit have declined to find that claims and parties have been fraudulently misjoined if there is a 'palpable connection' between the claims and the parties joined." *Id.* at 5.

"[T]he relevant inquiry is whether the connection between the joined claims and parties is so tenuous so as to justify disregarding the citizenship of the joined parties upon removal." *Id.* Applying these legal precepts, the district court found that plaintiffs' negligence action stemming from his electrocution, and products liability action stemming from his ingestion of Oxycontin, possessed the requisite "palpable connection." *Id.* at 6. The court found that there were common questions of fact relating to the two defendants. *Id.* Therefore, the court refused to find fraudulent misjoinder and remanded the case to state court. *Id.*

Similarly, in the instant matter, Plaintiffs' claims against each Defendant clearly posses a sufficient connection so as to avoid severance based on fraudulent misjoinder. Ultimately, the claims against each of the defendants rests on the same event; installation of defective drywall. This is not an instance were wholly unrelated causes of actions have been joined solely to defeat jurisdiction.

State Farm's assertion that because Plaintiffs' cause of action against each defendant is not based on the exact same theory, joinder is thereby rendered improper, is nonsensical. All of Plaintiffs' claims relate to installation of faulty drywall in Plaintiffs' home. Were Plaintiffs' claims against State Farm severed from those against the remaining Louisiana Defendants, Plaintiffs would

9

have to put on much of the same evidence twice.  Once to establish the negligence of the Louisiana defendants, and again in order to show that State Farm wrongfully denied coverage.

Clearly the instant case does not involve fraudulent misjoinder.  The claims against State Farm and the Louisiana Defendants arise from the same occurrence, will have overlapping facts, will be based on the same discovery, and Plaintiffs relief will be based on the same testimony and damage calculations.  The instant case does not present a "egregious misjoinder," so as to justify severance under *Tapscott* and its progeny.  In fact, there is no misjoinder in the instant matter.

A recent decision out of the Western District of Louisiana addressed the very issues that Defendant currently raises, and forecloses on each of these arguments.  In *Akshar 6, LLC v. Travelers Casualty & Surety Co.,* 2010 WL 2464799, at *1 (W.D. La. 2010), plaintiffs filed suit in state court against their contractor, architect, and various insurers, stemming from what plaintiffs alleged to be the installation of faulty drywall.  Plaintiffs' insurer then removed the matter to federal court.  *Id.* The defendant insurance company argued that the claims were improperly joined because the suit against the insurer and contractor were wholly distinct from one another.  *Id* at *2.  The insurer argued that while plaintiffs' claims against the insurance companies was wholly based an coverage, plaintiffs' claims against the remaining defendants were based on distinct issues outside of the insurance coverage issue.  *Id.* at *3.

The court rejected this argument, stating, "Travelers argues that the claim against it will be focused on issues of coverage, but there will also be issues regarding the extent of the damage and the amount of the plaintiffs' financial losses related to the damage.  The claims against the

10

contractor, subcontractor, architect, and their insurers will each have distinct issues, but all of the claims in the lawsuit arise from the same factual circumstances, and there will be significant factual and legal overlap in all of the claims." *Id.* at 3. The court further noted that the joinder rules are general and broad, and intended to promote judicial economy by deciding all reasonably related claims in one action. *Id.* at 4. With these goals in mind, the court cautioned, "[a] federal court should be hesitant to wade into a multi-defendant case filed in state court, decide that the joinder of a diverse defendant was incorrect under state or federal rules, and split the proceeding into two proceedings that will then burden two court systems with related claims that may even give rise to inconsistent decisions." *See also Lundquist v. J & J Exterminating, Inc.,* 2008 WL 1968339 (W.D. La. 2008) (finding joinder of contractor and insurer proper because there was a "overall injury" from which all of the claims ultimately stemmed).

The instant case is analogous to *Akshar*, and therefore, this Court should apply the holding and reasoning contained therein to the instant case, thereby finding joinder proper and remanding to state court. Similarly, the instant matter deals with the installation of faulty drywall, and insurance coverage of said event. As the court explained in *Akshar*, the fact that there are a limited number of issues that are distinct to each defendant, does not change the fact that the majority of the issues are common among all of the Defendants. The instant case deals with one central event or injury; installation of faulty drywall. Therefore, all of Plaintiffs' claims are properly joined in this action, and the presence of distinct issues relating to each Defendant does not change this conclusion.

## CONCLUSION

This Court does not have diversity jurisdiction under 28 U.S.C. § 1332, and therefore, must remand this matter to state court. There is no question that Plaintiffs' citizenship is not diverse from Daelen of Tangipahoa, L.L.C. Additionally, Plaintiffs' joinder of claims against these two Defendants with their claim against State Farm was not fraudulent and did not amount to "egregious" misjoinder. Therefore, this Court must consider the citizenship of all three Defendants in determining the diversity of these parties. Based on the forgoing, there is no diversity jurisdiction, and Plaintiffs respectfully request that this Honorable Court grant their motion to remand.

Respectfully Submitted,

**MARTZELL & BICKFORD**

*/s/ Lawrence J. Centola, III*

**SCOTT R. BICKFORD, T. A. (#1165)**
**LAWRENCE J. CENTOLA, III (#27402)**
338 Lafayette Street
New Orleans, Louisiana 70130
(504) 581-9065
(504) 581-7635 (Fax)

**COUNSEL FOR PLAINTIFFS**

12

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Support of Motion to Remand has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and email <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this  21st   day of    July   , 2009.


*/s/ Lawrence J. Centola, III*

_____

F:\Clients\CHINESE DRYWALL\CLIENTS\BURKE, THOMAS & MONA\Pleading - USDC EDLA\memo mtn to remand.wpd