**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

---

IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION,

THIS DOCUMENT RELATES TO:

THE MITCHELL COMPANY, INC.,

        Plaintiff, individually and on behalf of others similarly situated,

vs.

KNAUF GIPS KG, a German corporation; KNAUF PLASTERBOARD (TIANJIN CO., LTD., a Chinese limited liability corporation; TAISHAN GYPSUM CO., LTD. (f/k/a Shandong Taihe Dongxin Co., Ltd.), a Chinese limited liability corporation); INTERIOR & EXTERIOR BUILDING SUPPLY, L.P., a limited partnership; and RIGHTWAY DRYWALL, INC., a Georgia corporation,

        Defendants.

MDL Docket No. 2047

Case No. 09-cv-4115

SECTION L
JUDGE FALLON
MAG. JUDGE WILKINSON

Oral Argument Requested
Proposed Hearing Date: August 11, 2010

---

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR
CLASS CERTIFICATION AGAINST TAISHAN GYPSUM CO., LTD.**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................... 1

BACKGROUND AND PROCEDURAL HISTORY .................................................. 2

LEGAL STANDARD ............................................................................................. 3

ARGUMENT ......................................................................................................... 4

    I.    The proposed Class satisfies the Rule 23(a) requirements. .................................. 5

        A.    The proposed Class likely consists of over one hundred homebuilders. ............................................................................. 5

        B.    The Class members' claims have a number of legal and factual issues in common. ..................................................................... 6

        C.    The Class representatives' claims are typical of those of the Class members. ................................................................................ 7

        D.    The Class representatives and their counsel will adequately protect the interests of the proposed Class. ............................................. 8

    II.    The Class is appropriate for certification under Rule 23(b)(2) or (b)(1)(B), and 23(b)(3). ................................................................................ 9

        A.    The Class should be certified under Rule 23(b)(2) for purposes of the declaration of liability sought against Taishan. ................................... 9

        B.    Alternatively, the Class should also be certified under Rule 23(b)(1)(B) for purposes of the declaration of liability sought against Taishan. ......................................................................... 11

        C.    The Class should be certified under Rule 23(b)(3) for purposes of determining and proving classwide damages. .................................... 12

        D.    Effective notice can be provided to class members. ............................... 15

    III.    The Court should appoint the undersigned as Class counsel. ............................. 16

CONCLUSION ..................................................................................................... 17

CERTIFICATE OF SERVICE ............................................................................... 18

# TABLE OF AUTHORITIES

**Page**

## CASES

*Adkinson v. International Harvester Co.*,
975 F.2d 208 (5th Cir. 1992) ........................................................................... 11

*Ala. Nursing Home Ass'n v. Harris*,
617 F.2d 385 (5th Cir. 1980) ........................................................................... 10

*Baby Neal for and by Kanter v. Casey*,
43 F.3d 48 (3d Cir. 1994) ............................................................................. 5, 9

*Bell Atl. Corp. v. AT&T Corp.*,
339 F.3d 294 (5th Cir. 2003) ........................................................................... 14

*Berger v. Compaq Computer Corp.*,
257 F.3d 475 (5th Cir. 2001) .......................................................................... 3, 8

*Bolin v. Sears, Roebuck & Co.*,
231 F.3d 970 (5th Cir. 2000) ........................................................................ 9, 10

*Boos v. AT&T, Inc.*,
252 F.R.D. 319 (W.D. Tex. 2008) .................................................................... 11

*Bozes v. Parish of St. Bernard*,
252 F.R.D. 313 (E.D. La. 2008) ......................................................................... 5

*Bravo Electric Co. v. Carter Electric Co.*,
532 So. 2d 698 (Fla. Dist. Ct. App. 5th Dist. 1988) ........................................... 14

*Bywaters v. United States*,
196 F.R.D. 458 (E.D. Tex. 2000) ....................................................................... 5

*Castano v. Am. Tobacco Co.*,
84 F.3d 734 (5th Cir. 1996) ............................................................................... 3

*citing Ortiz v. Fibreboard Corp.*,
527 U.S. 815 (1999) ........................................................................................ 11

*Cole v. Gen. Motors Corp.*,
484 F.3d 717 (5th Cir. 2007) ............................................................................. 3

*Daffin v. Ford Motor Co.*,
458 F.3d 549 (6th Cir. 2006) ............................................................................. 4

*Davis v. Hutchins*,
321 F.3d 641 (7th Cir. 2003) ............................................................................. 4

*Davis v. Precise Comm. Svcs., Inc.*,
No. 07-3128, 2009 U.S. Dist. LEXIS 26171 (N.D. Ga. Mar. 27, 2009) ........... 4, 13

*DeHoyos v. Allstate Corp.*,
240 F.R.D. 269 (W.D. Tex. 2007) ..................................................................... 10

*Flanagan v. Ahearn (In re Asbestos Litig.)*,
90 F.3d 963 (5th Cir. 1996) ............................................................................... 7

# TABLE OF AUTHORITIES
## (continued)

Page

*Forbush v. J.C. Penney Co.*,
   994 F.2d 1101 (5th Cir. 1993) ................................................................ 6, 7

*George E. Jensen Contractor, Inc. v. Quality Mill Works, Inc.*,
   431 So. 2d 1232 (Ala. 1983) ...................................................................... 14

*Germano et al v. Taishan Gypsum Co. Ltd. et al.*,
   No. 2:09-cv-06687-EEF-JCW (E.D. La.) ..................................................... 2, 13

*Hicks v. Kaufman and Broad Home Corp.*,
   89 Cal.App.4th 908, 107 Cal.Rptr.2d 761 (Cal. App. 2001) ................................. 5

*In re Asbestos Sch. Litig.*,
   104 F.R.D. 422 (E.D. Pa. 1984), *aff'd in part and reversed in part sub nom.
   School Dist. of Lancaster v. Lake Asbestos, Ltd. (In re Sch. Asbestos Litig.)
   ("School Asbestos")*, 789 F.2d 996, 1010 (3d Cir.), *cert. denied*, 479 U.S. 852,
   93 L. Ed. 2d 117, 107 S. Ct. 182 ................................................................ 13

*In re IKON Office Solutions, Inc. Sec. Litig.*,
   191 F.R.D. 457 (E.D. Pa. 2000) .................................................................. 12

*In re Monumental Life Ins. Co.*,
   364 F.3d 408 (5th Cir. 2004) ..................................................................... 10

*James v. City of Dallas*,
   254 F.3d 551 (5th Cir. 2001) ....................................................................... 7

*Jenkins v. Raymark Industries*,
   782 F.2d 468 (5th Cir. 1986) ..................................................................... 12

*Jones v. Am. Gen. Life & Accident Ins. Co.*,
   213 F.R.D. 689 (S.D. Ga. 2002) .................................................................. 11

*Leszczynski v. Allianz Ins.*,
   176 F.R.D. 659 (S.D. Fla. 1997) ............................................................... 5, 11

*Lightbourn v. County of El Paso*,
   118 F.3d 421 (5th Cir. 1997) ....................................................................... 6

*Maldonado v. Ochsner Clinic Found.*,
   493 F.3d 521 (5th Cir. 2007) ................................................................... 9, 10

*Martin v. Amana Refrigeration, Inc.*,
   435 N.W.2d 364 (Iowa 1989) ....................................................................... 4

*McManus v. Fleetwood Enters.*,
   320 F.3d 545 (5th Cir. 2003) ....................................................................... 4

*McWaters v. FEMA*,
   237 F.R.D. 155 (E.D. La. 2006) ............................................................... 5, 10

*Mullane v. Cent. Hanover Bank & Trust Co.*,
   339 U.S. 306 (1950) ................................................................................ 16

*Mullen v. Treasure Chest Casino, L.L.C.*,
   186 F.3d 620 (5th Cir. 1999) ............................................................... 6, 8, 12

## TABLE OF AUTHORITIES
### (continued)

**Page**

*Neff v. Via Metro. Transit Auth.*,
   179 F.R.D. 185 (W.D. Tex. 1998) ...................................................................... 5

*Ortiz v. Fibreboard Corp.*,
   524 U.S. 936, 118 S.Ct. 2339 (1998) ............................................................... 12

*Partington v. Am. Int'l Specialty Lines Ins. Co.*,
   443 F.3d 334 (4th Cir. 2006) ............................................................................. 4

*Pederson v. Louisiana State University*,
   213 F.3d 858 (5th Cir. 2000) ............................................................................. 6

*Pure Oil Co. v. Geotechnical Corp. of Delaware*,
   129 F. Supp. 194 (E.D. La. 1955) ................................................................... 14

*San Antonio Hispanic Police Officers' Org., Inc. v. City of San Antonio*,
   188 F.R.D. 433 (W.D. Tex. 1999) ................................................................. 5, 9

*Stirman v. Exxon Corp.*,
   280 F.3d 554 (5th Cir. 2002) ............................................................................. 7

*Tittle v. Enron Corp.* (*In re Enron Corp Sec., Derivative & "ERISA" Litig.*),
   No. H-01-3913, 2006 U.S. Dist. LEXIS 43145 (S.D. Tex. June 7, 2006) ............ 12

*Turner v. Murphy Oil USA, Inc.*,
   234 F.R.D. 597 (E.D. La. 2006) ................................................................. 12, 14

*Vizena v. Union Pac. R.R. Co.*,
   360 F.3d 496 (5th Cir. 2004) ............................................................................. 3

*Zeidman v. J. Ray McDermott & Co.*,
   651 F. 2d 1030 (5th Cir. 1981) ......................................................................... 6

### RULES

Fed. R. Civ. P. (b)(1)(B) ................................................................ 1, 4, 12, 17

Fed. R. Civ. P. 23 advisory committee's note (1966) ....................................... 9, 16

Fed. R. Civ. P. 23(a)(1) ..................................................................................... 5

Fed. R. Civ. P. 23(a)(2) ..................................................................................... 6

Fed. R. Civ. P. 23(a)(4) ..................................................................................... 8

Fed. R. Civ. P. 23(b)(1)(A) ............................................................................... 9

Fed. R. Civ. P. 23(b)(1)(B) ......................................................................... 11, 12

Fed. R. Civ. P. 23(b)(2) ............................................................................. passim

Fed. R. Civ. P. 23(b)(3) ............................................................................. passim

Fed. R. Civ. P. 23(c)(2)(A) ............................................................................. 15

Fed. R. Civ. P. 23(c)(2)(B) ............................................................................. 15

Fed. R. Civ. P. 23(g)(1)(C)(i) ......................................................................... 16

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

Fed. R. Civ. P. 23(g)(1)(C)(ii) ................................................................. 16

Fed. R. Civ. P. 55 ..................................................................................... 2

Fed. R. Civ. P. 65(d) ............................................................................... 10

**TREATISES AND ARTICLES**

2 NEWBERG ON CLASS ACTIONS § 4:14 (4th ed. 2002) ............................. 10

880709.1

## <u>INTRODUCTION</u>

Plaintiff, The Mitchell Company, Inc. ("Mitchell") and additional proposed class representative Beazer Homes Corporation ("Beazer") submit this memorandum and accompanying evidence in support of Plaintiff's motion for certification of a Class of builders who used drywall manufactured by Taishan Gypsum Co., Ltd., for the construction, repair, or remodeling of any structure and who incurred or will incur any expense associated with remediation efforts necessitated by the defective drywall.  The class representatives allege that drywall manufactured by Defendant Taishan is defective because even when properly installed and used for its intended purpose, the drywall undergoes a chemical reaction resulting in sulfur off-gassing, which in turn creates a foul smell and causes corrosion of certain metal products, including HVAC system components and wiring.

As a direct consequence of Taishan's defective drywall, builders are engaged in extensive remediation efforts for the affected homes, or may be obligated to make repairs or otherwise compensate their homeowner customers.  Builders, including the class representatives, continue to pursue claims against the numerous manufacturers of Chinese drywall.  However, Defendant Taishan has failed to appear in any of the actions brought against it by builders.[1]  In order to protect the rights of builders as remediation efforts progress, Mitchell and Beazer, on behalf of a Class of homebuilders, seek damages for remediation costs already incurred, and declaratory relief that any costs a builder incurs or is held liable for in connection with Taishan's defective drywall be reimbursed, or borne in the first instance by, Taishan.

As set forth below, the Class satisfies all of the prerequisites for certification under Fed. R. Civ. P. 23(b)(2), (b)(1)(B), and 23(b)(3).

---

[1] Taishan recently appeared in *Germano* in order to appeal the default judgment entered in that case.  Taishan has not entered an appearance in this matter.

## BACKGROUND AND PROCEDURAL HISTORY

Mitchell filed its Complaint in the Northern District of Florida on March 6, 2009, alleging claims on behalf of itself and others similarly situated against Defendants Knauf Gips KG ("Knauf Gips"); Knauf Plasterboard (Tianjin) Co., Ltd. ("Knauf Tianjin"); Taishan Gypsum Co. Ltd. (f/k/a Shandong Taihe Dongxin Co. Ltd.) ("Taishan"); Interior & Exterior Building Supply, L.P. ("Interior & Exterior"); and Rightway Drywall, Inc. ("Rightway").

Mitchell perfected service of its original Complaint on defendant Taishan on or about May 8, 2009.  To date, Taishan has failed to enter an appearance, answer, or otherwise respond to Mitchell's original Complaint.  Accordingly, pursuant to Fed. R. Civ. P. 55, this Court entered a preliminary default against Taishan on September 23, 2009.  Mitchell filed its Amended Complaint on July 7, 2009.  On December 4, 2009, Mitchell filed a motion to intervene in the default proceedings in *Germano v. Taishan Gypsum, et al.*, No. 2:09-cv-6687.

With this motion, Mitchell and Beazer request certification, pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), of the Class defined as:

> All persons and entities in the States of Alabama, Mississippi, Louisiana, Georgia, Texas, and Florida who used drywall manufactured by Taishan Gypsum Co., Ltd., for the construction, repair, or remodeling of any improvement to real property and who have incurred or will incur, or be held responsible for, any expenses associated with (1) repair or replacement of all or part of the defective drywall, and/or (2) repair or replacement of other property damaged by the defective drywall, and/or (3) attorneys' fees and costs in defense of claims by affected homeowners, and/or (4) other expenses that were or will be incurred as part of the remediation of the defective drywall, including, without limitation, the cost of investigation and expert analysis of the defect, and cost

- 2 -

of relocating customers displaced by the presence of defective drywall.[2]

Excluded from the proposed Class are Defendant Taishan, its legal representatives, officers, directors, assigns, and successors, or any entity in which the Defendant has a controlling interest; the judge to whom this action is assigned and members of the judge's immediate family; claims for personal injury, wrongful death and/or emotional distress; and all person or entities who properly execute and timely file a request for exclusion from the Class.

Through this motion, the class representatives seek certification of equitable claims, specifically, declaratory relief establishing Taishan's responsibility for bearing all costs builder incur or are held liable for, and damages claims for past and future expenses incurred as a result of remediation efforts.

## LEGAL STANDARD

Class certification is soundly within the district court's discretion. *Vizena v. Union Pac. R.R. Co.*, 360 F.3d 496, 502-03 (5th Cir. 2004). In deciding a certification motion, the Court may go beyond the pleadings to understand the substance of the claims and defenses asserted, but "'the strength of a plaintiff's claim should not affect the certification decision.'" *Cole v. Gen. Motors Corp.*, 484 F.3d 717, 724 (5th Cir. 2007) (*quoting Castano v. Am. Tobacco Co.*, 84 F.3d 734, 745 (5th Cir. 1996)). Plaintiffs bear the burden of demonstrating that the case is appropriate for class treatment. *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 n.4 (5th Cir. 2001).

The entry of default against Taishan does not include an automatic grant of class certification; the Court must still analyze the Rule 23 factors. However, as with any default, all

---

[2] The wording of this Class definition varies slightly from the one in Mitchell's original Complaint, but is substantively the same. Mitchell may move to expand the definition to a nationwide class in the future.

factual allegations of the complaint are deemed admitted, and plaintiffs may take advantage of these admissions in their class certification motion. *See Davis v. Hutchins*, 321 F.3d 641, 648 (7th Cir. 2003); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 340-41 (4th Cir. 2006). The Court may rely on the "admitted and well-pleaded allegations of Plaintiffs' complaint" to inform its decision on class or collective action certification. *Davis v. Precise Comm. Svcs., Inc.*, No. 07-3128, 2009 U.S. Dist. LEXIS 26171, *5 (N.D. Ga. Mar. 27, 2009). In *Davis*, for example, the court assumed as true the allegation that the defaulted defendant employed "numerous" technicians, the method by which the technicians' wages were determined, and the defendant's failure to properly compensate them. *Id*. at *6-7. Further, allegations in the complaint and affidavits established the common factual circumstances of the affected workers' employment. *Id*. at *7.

## ARGUMENT

As discussed below, and based in part on the well-pled allegations in Plaintiff's complaint and other documents in support of this motion, each of the requirements for class certification is met. Here, certification is proper under Rule 23(b)(2) and (b)(1)(B) for equitable relief, and (b)(3) for damages.

Cases such as this one, in which undisclosed or latent product defects cause economic loss and require repair, replacement or remediation, frequently involve common issues of law and fact that make class treatment appropriate. *See, e.g., McManus v. Fleetwood Enters.*, 320 F.3d 545, 552 (5th Cir. 2003) (affirming certification of consumer implied warranty claims against vehicle manufacturer); *Daffin v. Ford Motor Co.*, 458 F.3d 549 (6th Cir. 2006) (affirming certification of product defect/express warranty class against vehicle manufacturer); *Martin v. Amana Refrigeration, Inc.*, 435 N.W.2d 364 (Iowa 1989) (affirming certification of consumer warranty class against manufacturer arising from defective furnaces); *Hicks v. Kaufman and*

*Broad Home Corp.*, 89 Cal.App.4th 908, 107 Cal.Rptr.2d 761 (Cal. App. 2001) (reversing denial of class certification in consumer warranty class against manufacturer arising from defective foundations).

Moreover, actions seeking injunctive relief, such as the declaration of liability Class members seek here, are routinely certified. *McWaters v. FEMA*, 237 F.R.D. 155, 162 (E.D. La. 2006) (certifying class where "plaintiffs seek only injunctive and declaratory relief"); *Leszczynski v. Allianz Ins.*, 176 F.R.D. 659, 674 (S.D. Fla. 1997) (certifying (b)(2) action seeking declaration of rights as to coverage available under insurance policies); *San Antonio Hispanic Police Officers' Org., Inc. v. City of San Antonio*, 188 F.R.D. 433, 444 (W.D. Tex. 1999) (Rule 23(b)(2) requirement "is almost automatically satisfied in actions primarily seeking injunctive relief.") (*citing Baby Neal for and by Kanter v. Casey*, 43 F.3d 48, 58-59 (3d Cir. 1994)); *Neff v. Via Metro. Transit Auth.*, 179 F.R.D. 185, 195 (W.D. Tex. 1998) (same).

Plaintiff, on behalf of the proposed Class, seeks damages for costs incurred and yet to be incurred in the remediation of homes built with defective drywall, and equitable relief in the form of a judicial declaration establishing Taishan's duty to reimburse, or bear in the first instance, any remediation costs Class members incur or are held liable for because of Taishan's defective drywall.

I.      **The proposed Class satisfies the Rule 23(a) requirements.**

     A.      **The proposed Class likely consists of over one hundred homebuilders.**

Rule 23(a)(1) requires that "the proposed class is so numerous that the joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1); *Bozes v. Parish of St. Bernard*, 252 F.R.D. 313, 315 (E.D. La. 2008). Plaintiffs must make more than a mere allegation of numerosity, but are not required to establish the exact number of potential class members. *Bywaters v. United States*, 196 F.R.D. 458, 465 (E.D. Tex. 2000). Rather, the plaintiff need only

- 5 -

"demonstrate some evidence or reasonable estimate of the number of purported class members." *Zeidman v. J. Ray McDermott & Co.*, 651 F. 2d 1030, 1038 (5th Cir. 1981). The relevant inquiry is not on sheer numbers alone, but instead on the practicability of joinder and all other relevant factors, *Pederson v. Louisiana State University*, 213 F.3d 858, 868 (5th Cir. 2000), including the (1) geographical dispersion of the class; (2) ease with which class members may be identified; (3) nature of the action; and (4) size of each plaintiff's claim. *Zeidman*, 651 F.2d at 1038.

As alleged in Plaintiff's Complaint, and further evidenced by the volume of related cases currently pending in the MDL proceedings before this Court, a large number of builders were involved in the construction of homes that included drywall manufactured by Taishan. Complaint, *Mitchell* Doc. No. 1 at ¶ 26. In the federal system alone, Taishan is a defendant in over 150 cases; presumably, each of these cases implicates builders as well. Nicholas Decl., ¶ 5. Further, Plaintiff's allegation is substantiated by the Omnibus Complaint, filed December 9, 2009 by homeowner plaintiffs in the MDL against Taishan's co-Defendant Knauf, which names 388 builders and 93 contractors and installers as defendants. Complaint, *Payton et al. v. Knauf Gips KG, et al.*, No. 09-7628, Doc. No. 1 at 400-486 (builders) and 486-506 (contractors and installers). Thus, the numerosity requirement is satisfied.

**B.   The Class members' claims have a number of legal and factual issues in common.**

Commonality requires the existence of "questions of law or fact that are common to the class." Fed. R. Civ. P. 23(a)(2). The inquiry is not demanding. *Mullen v. Treasure Chest Casino, L.L.C.*, 186 F.3d 620, 624 (5th Cir. 1999). "The commonality test is met when there is at least one issue, the resolution of which will affect all or a significant number of the putative class members." *Lightbourn v. County of El Paso*, 118 F.3d 421, 426 (5th Cir. 1997) (*citing Forbush v. J.C. Penney Co.*, 994 F.2d 1101, 1106 (5th Cir. 1993)). All that is necessary is at

least one common question of law or fact. *James v. City of Dallas*, 254 F.3d 551, 570 (5th Cir. 2001). Class members' interests and claims need not be identical; rather, commonality is met even when there is just one issue whose resolution will affect a significant number of the proposed class. *Forbush*, 994 F.2d at 1106. "Therefore, the fact that some of the Plaintiffs may have different claims, or claims that may require some individualized analysis, is not fatal to commonality." *James*, 254 F.3d at 570.

Here, there are numerous questions of law and fact common to the Class, including whether the subject drywall is defective, whether the manufacture and sale of defective drywall breached any express or implied warranties, whether Taishan must indemnify builders for any findings of liability against them, and whether Taishan is responsible in equity to homebuilders for any costs incurred remediating homes built with Taishan's defective drywall. The Judicial Panel on Multidistrict Litigation cited many of these "common questions of fact" in its order transferring and consolidating all federal drywall cases. JPML Transfer Order, MDL Doc. No. 1 at 1-2 ("All actions share factual questions concerning drywall manufactured in China, imported to and distributed in the United States, and used in the construction of houses…"). Accordingly, the commonality requirement is met.

### C.   The Class representatives' claims are typical of those of the Class members.

The test for typicality is also not demanding. *Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002) (*citing James*, 254 F.3d at 571). Typicality focuses "on the similarity between the named plaintiffs' legal and remedial theories and the legal and remedial theories of those whom they purport to represent." *Flanagan v. Ahearn (In re Asbestos Litig.)*, 90 F.3d 963, 975 (5th Cir. 1996). Class members do not need completely identical claims. *James*, 254 F.3d at 571. Rather, the test is whether the plaintiff's claims have fundamentally the same essential characteristics of those of the putative class. *Id.* When the claims stem from a similar course of

conduct or transaction and share the same legal theory, factual differences will not defeat typicality.  *Id*.

Here, all Class members' claims stem from Defendant Taishan's manufacture and sale of allegedly defective drywall.  Like all Class members, Mitchell and Beazer have claims for strict liability, negligence, breach of warranty, indemnity, and equitable restitution.  Accordingly, the class representatives' cases are typical of that of the Class members.

### D. <u>The Class representatives and their counsel will adequately protect the interests of the proposed Class.</u>

The last requirement under Rule 23(a) is that the representative parties "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  "Differences between named plaintiffs and class members render the named plaintiffs inadequate representatives only if those differences create conflicts between the named plaintiffs' interests and the class members' interests."  *Mullen*, 186 F.3d at 625-26.  The adequacy requirement mandates inquiry into: (1) the zeal and competence of representative's counsel; and (2) the willingness and ability of representative to take an active role in and control the litigation and to protect interests of absentees.  *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001).

Mitchell and Beazer are adequate representatives of the Class.  As homebuilders that utilized Taishan's defective drywall, they have and will continue to incur expenses in remediating homes with the defective drywall, or may be found liable for such expenses.  Thus, both Mitchell and Beazer are highly motivated to hold Taishan and other manufacturers accountable.  *See* Doc. 42 (First Amended Complaint), ¶ 24 (outlining Mitchell's damages); Declaration of Ray Phillips, ¶ 4-5 (explaining that Beazer has suffered $2 million in damages to date, and anticipates $3-5 million more in the future).  Furthermore, their counsel are adequate advocates for the Class.  They have significant experience as lead counsel in similar, nationwide

cases regarding defective building products, as well as product defect and consumer fraud class actions generally.  *See* Declarations of Elizabeth J. Cabraser and Steven L. Nicholas.  Thus, the adequacy of representation prong is readily satisfied.

## II.     The Class is appropriate for certification under Rule 23(b)(2) or (b)(1)(B), and 23(b)(3).

Certification is proper under 23(b)(2) or (b)(1)(A) for a class-wide declaration of liability against Taishan for homeowners' ongoing expenditures and liability due to Taishan's defective drywall, and Rule 23(b)(3) for past and future damages.

### A.     The Class should be certified under Rule 23(b)(2) for purposes of the declaration of liability sought against Taishan.

Class certification is appropriate under Rule 23(b)(2) if the 23(a) factors are met and "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  Fed. R. Civ. P. 23(b)(2).

"The requirement of 23(b)(2) is almost automatically fulfilled in actions where the relief sought is primarily injunctive."  *San Antonio Hispanic Police Officers' Org., Inc. v. City of San Antonio*, 188 F.R.D. 433, 444 (W.D. Tex. 1999) (*citing Baby Neal ex rel. Kanter v. Casey*, 43 F.3d 48, 58 (3rd Cir. 1994)).  Class members need not be injured in the exact same way by the defendant's conduct; rather, Rule 23(b)(2) is met when "[a]ction or inaction is directed to a class . . . even if it has taken effect or is threatened only as to one or a few members of the class, provided it is based on grounds which have general application to the class."  Fed. R. Civ. P. 23 advisory committee's note (1966).  *See also Maldonado v. Ochsner Clinic Found.*, 493 F.3d 521, 524 (5th Cir. 2007) ("class members must have been harmed in essentially the same way.") (*citing Bolin v. Sears, Roebuck & Co.*, 231 F.3d 970, 975 (5th Cir. 2000)).  Rule 23(b)(2) certification is therefore appropriate where "members of the proposed class would

benefit from the injunctive relief they request." *In re Monumental Life Ins. Co.*, 364 F.3d 408, 416 (5th Cir. 2004). *See also Bolin*, 231 F.3d at 978. The injunctive relief sought must also be specific. *Maldonado*, *supra*, at 524 (*citing* Fed. R. Civ. P. 65(d); *Ala. Nursing Home Ass'n v. Harris*, 617 F.2d 385, 387-88 (5th Cir. 1980)). Finally, while the injunctive relief must predominate over monetary damage claims, *Maldonado*, *supra*, at 524, the availability of equitable restitution accompanying the injunctive relief does not preclude certification. *DeHoyos v. Allstate Corp.*, 240 F.R.D. 269, 285 (W.D. Tex. 2007) (*citing In re Monumental Life Ins. Co.*, 365 F.3d at 418; 2 NEWBERG ON CLASS ACTIONS § 4:14 (4th ed. 2002)).

Here, the proposed homebuilder Class satisfies all requirements of (b)(2) certification. Most importantly, the Class seeks declaratory relief against a defaulted defendant. This equitable claim is ideally suited for (b)(2) certification. *See McWaters v. FEMA*, 237 F.R.D. 155, 162 (E.D. La. 2006) ("[P]laintiffs seek only injunctive and declaratory relief rather than monetary damages. Where such relief is sought class certification is appropriate under Rule 23(b)(2).") Further, it is clear Taishan has "refused to act on grounds that apply generally to the class." Specifically, by failing to appear in this or any other builder action, Taishan has disavowed the liability it carries as the manufacturer of defective drywall used by the proposed Class of builders. Taishan's lack of action, in turn, affects all Class members in "essentially the same way," *see Maldonado*, *supra*, for it imposes on all Class members an increased risk of bearing a greater share of liability than warranted. In order to protect their rights, the proposed Class seeks specific injunctive relief in the form of a declaration from the Court that Taishan is responsible for all costs that have been incurred by builders in remediating structures built with Taishan's defective drywall, that any future costs incurred by the builders will pass through to

Taishan, and that Taishan must indemnify builders for any findings of liability against Class members.

The declaratory relief sought here is analogous to indemnity actions or insurance declaratory relief actions, both of which are principally equitable in nature. *See*, *e.g.*, *Adkinson v. International Harvester Co.*, 975 F.2d 208, 213 (5th Cir. 1992) (explaining that many states, including Mississippi, treat indemnity claims as equitable claims). Indeed, coverage actions are regularly certified under Rule 23(b)(2). *Leszczynski v. Allianz Ins.*, 176 F.R.D. 659, 674 (S.D. Fla. 1997) (certifying (b)(2) action seeking declaration of rights as to coverage available under insurance policies); *Jones v. Am. Gen. Life & Accident Ins. Co.*, 213 F.R.D. 689, 698 (S.D. Ga. 2002) (granting (b)(2) certification of claim alleging improper termination of life insurance benefits). As in insurance coverage actions, the Class here seeks an equitable remedy from the party responsible for the remediation costs the Class has incurred and continues to incur on structures belonging to third parties.

For all these reasons, (b)(2) certification is warranted.

**B.  Alternatively, the Class should also be certified under Rule 23(b)(1)(B) for purposes of the declaration of liability sought against Taishan.**

The proposed Class may also be certified under Rule 23(b)(1)(B), which permits certification if "prosecuting separate actions . . . would create a risk of adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudication…" Fed. R. Civ. P. 23(b)(1)(B). "Rule 23(b)(1)(B) is appropriate for any lawsuit which, if litigated individually, would have the practical if not technical effect of concluding or impairing the interests of persons who are not parties to the lawsuit." *Boos v. AT&T, Inc.*, 252 F.R.D. 319, 325 (W.D. Tex. 2008) (*citing Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 833 (1999)). Thus, whereas Rule 23(b)(1)(A) "considers

- 11 -

possible prejudice to the defendants," section (b)(1)(B) looks to "possible prejudice to the putative class members." *Tittle v. Enron Corp.* (*In re Enron Corp Sec., Derivative & "ERISA" Litig.*), No. H-01-3913, 2006 U.S. Dist. LEXIS 43145, *62 (S.D. Tex. June 7, 2006) (*citing In re IKON Office Solutions, Inc. Sec. Litig.*, 191 F.R.D. 457, 466 (E.D. Pa. 2000)).

Here, in light of Taishan's default, a judicial declaration that Taishan is liable to Mitchell in equity for remediation expenditures would apply with equal force to all other builders. As such, the Court's ruling will be "dispositive" of other builders' claims against Taishan. The Class is therefore appropriately certified under (b)(1)(B), so that this determination is made with all Class members' interests in mind, and so that the Class members are treated on equal grounds as against the defaulted defendant. Taishan's default may also portend a traditional "limited fund" situation that justifies Rule 23(b)(1)(B) certification under the prevailing standards of *Ortiz v. Fibreboard Corp.*, 524 U.S. 936, 118 S.Ct. 2339 (1998).

**C.      The Class should be certified under Rule 23(b)(3) for purposes of determining and proving classwide damages.**

Under Rule 23(b)(3), the Court may certify a class where it determines "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). "In general, in order to predominate, common issues must form a significant part of individual cases." *Turner v. Murphy Oil USA, Inc.*, 234 F.R.D. 597, 606 (E.D. La. 2006) (citing *Mullen v. Treasure Chest Casino LLC*, 186 F.3d 620, 626 (5th Cir. 1999)). *See also Jenkins v. Raymark Industries*, 782 F.2d 468, 472 (5th Cir. 1986).

- 12 -

Common questions of law and fact predominate here.  First, in multiple actions now, the Court has entered a preliminary default against Taishan.[3]  Thus, liability against Taishan is established, greatly simplifying any issues that require trial.  Moreover, the default judgments against Taishan permit Plaintiff to rely on the well-pleaded allegations of its complaint, even with regard to the factual underpinning of Plaintiff's class certification motion.  *See Davis v. Precise Comm. Svcs., Inc.*, No. 07-3128, 2009 U.S. Dist. LEXIS 26171, *5 (N.D. Ga. Mar. 27, 2009).[4]

Of the issues that remain post-default, all are effectively handled on a classwide basis.  The builders bring claims, such as negligence and strict liability, whose differences from state to state do not necessarily threaten the predominance prong.  *See In re Asbestos Sch. Litig.*, 104 F.R.D. 422, 434 (E.D. Pa. 1984) (discussing the similarity of negligence and strict liability in U.S. jurisdictions), *aff'd in part and reversed in part sub nom. School Dist. of Lancaster v. Lake Asbestos, Ltd. (In re Sch. Asbestos Litig.) ("School Asbestos")*, 789 F.2d 996, 1010 (3d Cir.), *cert. denied*, 479 U.S. 852, 93 L. Ed. 2d 117, 107 S. Ct. 182.  This is particularly true where liability is admitted due to Taishan's default.  Moreover, as a practical matter, the law applicable to the Class claims will be dominated by, if not limited to, the affected States.  To the extent there are any material variations among them, the limited number of states involved minimizes any resulting manageability problems.[5]

---

[3] On September 23, 2009, the Court entered a preliminary default on behalf of Plaintiff and movant herein The Mitchell Company, Inc.  Doc. 277.  Subsequently, the Court also entered a preliminary default against Taishan in the *Germano* action.  Doc. 487.

[4] Taishan has since entered an appearance and appealed the default judgment in *Germano*. *Germano et al v. Taishan Gypsum Co. Ltd. et al.*, No. 2:09-cv-06687-EEF-JCW (E.D. La.), Doc. 3.

[5] Even should the Plaintiff seek certification of a nationwide class in the future (*see* n.1, *supra*), the number of states' laws likely to be implicated will not be materially greater, since most of the affected homes are concentrated in the Gulf states.

- 13 -

Damages are also best handled in a class proceeding.  For damages already incurred, the most efficient and fair procedure will be a single claims proceeding with oversight from this Court or an appointed Special Master, to ensure Class members are treated consistently with regard to the types and measure of damages recoverable.[6]

Further, Class members will continue to incur damages due to their ongoing remediation obligations, and these future damages will also involve common proof.[7]  As the Fifth Circuit has explained, "relatively few motions to certify a class fail because of disparities in the damages suffered by the class members.  Even wide disparity among class members as to the amount of damages suffered does not necessarily mean that class certification is inappropriate…"  *Bell Atl. Corp. v. AT&T Corp.*, 339 F.3d 294, 306 (5th Cir. 2003).  Rather, provided "certain elements of their alleged damages may be assessed on a class-wide basis" such as through "mass appraisal," *Turner v. Murphy Oil USA, Inc.*, 234 F.R.D. 597, 607 (E.D. La. 2006), or through a formula that is not "clearly inadequate," *Bell Atl. Corp.*, *supra*, class certification will be appropriate.

Here, the Court has already approved the use of a formula to calculate damages for the removal and replacement of Taishan's defective drywall.  In the *Germano* Findings of Facts and Conclusions of Law ("FOFCOL"), the Court approved a cost per square foot formula that accounted for demolition and disposal of all damaged and affected building components, and the replacement of drywall, the HVAC assembly, electrical wiring and devices, and other items

---

[6] Among these damages, Plaintiffs will seek attorneys fees and costs pursuant to their common law indemnity claims.  *See*, *e.g.*, *Bravo Electric Co. v. Carter Electric Co.*, 532 So. 2d 698, 700 (Fla. Dist. Ct. App. 5th Dist. 1988); *George E. Jensen Contractor, Inc. v. Quality Mill Works, Inc.*, 431 So. 2d 1232, 1234 (Ala. 1983); *Pure Oil Co. v. Geotechnical Corp. of Delaware*, 129 F. Supp. 194, 198 (E.D. La. 1955).

[7] For example, many builders continue to remediate homes due to warranty obligations and to avoid the delay, expense, and uncertainty of litigation.

- 14 -

necessarily damaged or removed during the process.  Doc. 2380 at 57-58.  In approving this formula, the Court made detailed findings on the degree of remediation that would be necessary as a result of the effects of the toxic drywall.  The Court also made important findings on the need for an inspection to confirm the remediation was successful.  *Id*. at 53.

These same categories of damages will be implicated in the homes builders are repairing in the affected states, and therefore a similar formula (or formulas) should suffice to calculate classwide damages.  Indeed, the Court has already explained that the specific factual findings from the *Germano* proceeding would likely have applicability beyond the specific plaintiffs and plaintiff-intervenors.  Doc. 2380.  The Court noted evidence which showed "that the chemical and physical properties of Chinese-manufactured drywall…do not differ significantly from region to region or state to state."  *Id*. at 63.  Further, because the various plaintiffs and intervenors provided a representative cross-section of homes and homeowners, the Court found that "the general principles found applicable to them will have relevance, if not in toto, at least partially, to all of the homes contaminated by defective Chinese drywall."  *Id*. at 63-64.[8]

**D.      Effective notice can be provided to class members.**

In Rule 23(b)(1) or (b)(2) actions, notice to Class members is discretionary, not mandatory.  Fed. R. Civ. P. 23(c)(2)(A).  In a Rule 23(b)(3) action, class notice is mandatory.  Fed. R. Civ. P. 23(c)(2)(B).  The court should issue notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them

---

[8] With regard to non-remediation damages, *e.g.*, for alternative accommodations harm and to other personal property, the builder Class representatives agree with the homeowner Plaintiffs that these damages can be determined on a classwide basis.  *See* Doc. 3293-1 at 21-22.  The Class representatives would lend whatever data and expertise is required to establish a fair and adequate formula, just as Class representative Beazer did during the *Germano* proceeding.  *See*, *e.g.*, FOFCOL at 27, 31-24, 36, 43-44, 46, 51, 53-54.

an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339

U.S. 306, 314 (1950).

Should the Court require notice here, there will be no impediments to

implementing a thorough and effective notice plan.  The coordination of federal and state

litigation will aid in the dissemination of notice to the putative Class members.  Furthermore,

given the widespread publicity of this litigation, and continued media interest in the matter,

publication notice may be effectively utilized.  Should the Court grant this motion and require

notice, Plaintiff will prepare a thorough notice plan designed by a notice expert that comports

with all Rule 23 requirements.

**III.    The Court should appoint the undersigned as Class counsel.**

Plaintiffs request that the Court appoint Elizabeth Cabraser, Jonathan Selbin, and

Kristen Law of Lieff, Cabraser, Heimann & Bernstein, LLP, and Steven L. Nicholas and

R. Edwin Lamberth of Cunningham Bounds, LLC to represent the Class in this action.  These

counsel meet all four criteria that the district court must consider in evaluating the adequacy of

proposed counsel.  The four considerations are:  (1) the work counsel has done in identifying or

investigating potential claims in the action; (2) counsel's experience in handling class actions,

other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge

of the applicable law; and (4) the resources counsel will commit to representing the class.  Fed.

R. Civ. P. 23(g)(1)(C)(i).  The Court is also free to consider any other matter pertinent to

counsel's ability to fairly and adequately represent the interests of the class.  Fed. R. Civ. P.

23(g)(1)(C)(ii) .  "No single factor should necessarily be determinative in a given case."  Fed. R.

Civ. P. 23(g) advisory committee's note.

Information relevant to each of these criteria is set forth in the accompanying

Declarations of Elizabeth J. Cabraser and Steven L. Nicholas.  In summary, Class counsel's

breadth and depth of experience demonstrate their solid qualifications to vigorously prosecute the action.

## <u>CONCLUSION</u>

For the reasons stated herein, Plaintiff respectfully requests class certification of equitable claims pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(1)(B), and damages claims pursuant to Fed. R. Civ. P. 23(b)(3).


DATED: July 22, 2010          *s/  Kristen E. Law*
                              ELIZABETH J. CABRASER
                              KRISTEN E. LAW
                              Lieff, Cabraser, Heimann & Bernstein, LLP
                              Embarcadero Center West
                              275 Battery Street, 29th Floor
                              San Francisco, California  94111-3339
                              415-956-1000
                              415-956-1008 (fax)

                              STEVEN L. NICHOLAS (ASB-2021-N35S)
                              Cunningham Bounds, LLC
                              1601 Dauphin Street
                              Mobile, Alabama  36604
                              251-471-6191
                              251-479-1031 (fax)

                              JONATHAN D. SELBIN
                              Lieff, Cabraser, Heimann & Bernstein, LLP
                              780 Third Avenue, 48th Floor
                              New York, New York  10017-2024
                              212-355-9500
                              212-355-9592 (fax)

                              Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I do hereby certify that the above and foregoing "Memorandum In Support Of Plaintiff's Motion For Class Certification Against Taishan Gypsum Co., Ltd." has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this the 22nd day of July, 2010.

_s/ Kristen E. Law_
KRISTEN E. LAW

**DEFENDANTS TO BE SERVED AS FOLLOWS:**

Knauf Gips KG
Ridham Dock, Kemsley
Sittingbourne, Kent ME9 8SR, UK

Knauf Plasterboard (Tianjin) Co., Ltd.
North Yinhe Bridge, East Jingjin Road
RC-300400 Tianjin, China

Taishan Gypsum Co. Ltd.
Dawenkou Daiyue District
RC-271026 Tai'an Shandong, China

Interior & Exterior Building Supply, L.P.
727 South Cortez Street
New Orleans, Louisiana  70119

Rightway Drywall, Inc.
c/o Michael S. Jenkins, Registered Agent
102 Samantha Drive
Bonaire, Georgia  31005

880709.1