**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION, | MDL Docket No. 2047 |
| THIS DOCUMENT RELATES TO: | Case No. 09-cv-4115 |
| THE MITCHELL COMPANY, INC., | |
|     Plaintiff, individually and on behalf of others similarly situated, | |
| vs. | |
| KNAUF GIPS KG, a German corporation; KNAUF PLASTERBOARD (TIANJIN CO., LTD., a Chinese limited liability corporation; TAISHAN GYPSUM CO., LTD. (f/k/a Shandong Taihe Dongxin Co., Ltd.), a Chinese limited liability corporation); INTERIOR & EXTERIOR BUILDING SUPPLY, L.P., a limited partnership; and RIGHTWAY DRYWALL, INC., a Georgia corporation, | SECTION L
JUDGE FALLON
MAG. JUDGE WILKINSON

Oral Argument Requested
Proposed Hearing Date: August 11, 2010 |
|     Defendants. | |

**DECLARATION OF ELIZABETH J. CABRASER IN SUPPORT OF
<u>MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL</u>**

886246.1

I, Elizabeth J. Cabraser, declare as follows:

1. I am a partner of the law firm Lieff, Cabraser, Heimann & Bernstein, LLP ("Lieff Cabraser"), and a member in good standing of the Bar of the State of California, and am admitted to practice in this District. I am one of the counsel for Plaintiff The Mitchell Company, Inc. in this action. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

2. Lieff Cabraser, headquartered in San Francisco, with additional offices in New York City and Nashville, is one of the country's largest law firms devoted exclusively to representing plaintiffs, particularly in class actions and mass tort litigation. Lieff Cabraser is one of only two law firms in the country to be included in "The Plaintiffs' Hot List," by the National Law Journal in each of the last seven years. Despite its colloquial title, the factors informing the "Hot List" selection are carefully considered, focusing on "an impressive record of victories over the preceding five years." *See A Different Sort of Trial for Plaintiffs,* The National Law Journal, Oct. 9, 2006 (*see* article attached hereto as Exhibit A).

3. Attached hereto as Exhibit B is a true and correct copy of Lieff Cabraser's firm resume and attorney biographies. As described in the firm's resume, courts throughout the country have appointed Lieff Cabraser as class counsel in well over 200 class actions and have recognized the qualifications of Lieff Cabraser in appointing the firm lead counsel in numerous cases. In the area of construction and consumer product defect-related class actions specifically, Lieff Cabraser has successfully litigated, tried, and resolved numerous actions, including:

a. *Create-a-Card v. Intuit*, No. CV-07-6452 WHA (nationwide settlement class involving faulty computer code approved by Judge Alsup in September 2009 in

which Judge Alsup praised Lieff Cabraser for the "excellent job in the case as class counsel," and stated that "the class has been well represented having you and your firm in the case.");

      b.    *Pelletz v. Weyerhaeuser Company and Advanced Environmental Technologies, Inc.*, No. C08-0334 JCC (W.D. Wash.) (nationwide settlement class involving defective composite decking; final approval granted in January 2009);

      c.    *Grays Harbor Adventist Christian School v. Carrier Corporation*, No. CV05-5437 (W.D. Wash.) (Washington litigation class involving defective furnaces certified; nationwide settlement class; final approval granted in April 2008);

      d.    *Richina v. Maytag Corp.*, Case No. CV025202 (San Joaquin County, California) (California settlement class involving defective oven panels; final approval granted in December 2007);

      e.    *Weekend Warrior Trailer Cases*, Judicial Coordination Proceeding No. 4455 (Orange County, CA) (nationwide settlement class involving defective recreational trailers; final approval granted in 2008);

      f.    *Lundell v. Dell, Inc.*, No. C05-3970 JW/RS (N.D. Cal.) (nationwide settlement class involving defective computers; final approval granted in 2006);

      g.    *Kan v. Toshiba America Information Systems, Inc.*, No. BC327273 (Los Angeles County, California) (nationwide settlement class involving defective computers; final approval granted in 2006);

      h.    *Behr Wood Sealant Cases*, JCCP Nos. 4132 & 4138 (San Joaquin County, California) (nationwide settlement class involving defective wood sealant; final approval granted in 2003);

886246.1

      i.    *Richison v. American Cemwood Corp.*, Civil Action No. 005532 (San Joaquin County, California) (nationwide litigation class involving defective shingles certified and upheld on writ review; nationwide settlement classes final approval granted in 2000 and 2003);

      j.    *Williams v. Weyerhaeuser Co.*, Civil Action No. 995787 (San Francisco County, California) (California litigation class involving defective siding certified in 1999; nationwide settlement class final approval granted in 2000);

      k.    *Delay v. Hurd Millwork Co.*, No. 972-073710 (Spokane County, Washington) (multi-state settlement class involving defective windows; final approval granted in 1998);

      l.    *Naef v. Masonite*, No. CV-94-4033 (Mobile County, Alabama) (nationwide litigation class certified in 1995, nationwide settlement class involving defective siding final approval granted in 1998);

      m.    *Bettner v. Georgia-Pacific*, No. CV-95-3330-RGK (Mobile County, Alabama) (nationwide settlement class involving defective siding; final approval granted in 1998);

      n.    *ABS Pipe Cases II*, JCCP No. 3126 (Contra Costa County, California) (nationwide settlement classes involving defective pipes; final approval granted in 1998 through 2001);

      o.    *In re: Louisiana-Pacific Co. Inner-Seal Siding Litigation*, No. CV-95-879 JO-LEAD (U.S.D.C. Oregon) (nationwide settlement class involving defective siding; final approval granted in 1996); and

        p.    *Cox v. Shell*, Civil No. 18,844 (Obion County, Tennessee) (nationwide settlement class involving defective polybutylene pipes; final approval granted in 1995).

        4.    All of the defective products cases described in paragraph 3 above have resulted in court-approved class action settlements, with a combined total recovery for class members exceeding $2 billion in cash, plus other relief.  Lieff Cabraser's experience in these cases, and my and Mr. Selbin's experience in particular, has provided Lieff Cabraser with expertise in the legal, factual, management, notice, and administration issues that characterize product defect/property damage class actions.

        5.    I am the lead attorney from Lieff Cabraser in the instant litigation.  A true and correct copy of my current curriculum vitae is attached hereto as Exhibit C.  I graduated from Boalt Hall School of Law, University of California at Berkeley and began practicing at this firm in 1978.  I am admitted to, and have argued before, numerous state and federal appellate courts, including the U.S. Supreme Court and the Eleventh Circuit Court of Appeals.  I have been recognized as one of the foremost litigators in California and the United States in various publications, including <u>Lawdragon</u>, <u>The San Francisco</u> and <u>Los Angeles Daily Journal</u>, <u>The National Law Journal</u>, <u>California Daily Journal</u>, and <u>Law & Politics</u>.

        6.    I have extensive experience in the litigation, trial and settlement of product defect and other complex class actions.  For example, I was the lead Lieff Cabraser attorney who litigated and tried the *Naef v. Masonite* case (paragraph 3.l., above).  In that capacity, I briefed and argued, at the trial and appellate levels, the class certification and class notice motions; conducted the multi-day evidentiary hearing on class certification; designed the multi-phase class action trial; prepared the jury instructions and jury interrogatories and participated in the Phase I

product defect trial; designed the proposed trial structure; thereafter prepared the proposed jury instructions and interrogatories for the Phase II trial; and participated in the negotiations, approval, and ultimate implementation of the classwide settlement on the eve of the commencement of Phase II trial.  To date, over $1 billion in cash has been paid to homeowners nationwide under the *Naef v. Masonite* settlement.

    7.  In addition to the *Masonite* case, I have served as lead, co-lead or liaison counsel in numerous complex cases, including:

    a.  *In re Bextra and Celebrex Marketing, Sales Practices and Product Liab. Litig.*, MDL No. 1699 (N.D. Cal.) (court-appointed Plaintiffs' Liaison Counsel) (global settlement reached on behalf of thousands of claimants in 2008 on the eve of trial; class action settlement for third party purchasers finally approved in 2009);

    b.  *In re Tri-State Crematory Litigation*, MDL No. 1467 (N.D. Ga.) (court-appointed Plaintiffs' Lead Counsel and Lead Class Counsel) (certification of plaintiffs' class and global settlement after the commencement of Phase I class trial);

    8.  Additionally, I am currently serving in leadership positions in the following MDLs:

    a.  Plaintiffs' Co-Lead Liaison Counsel, *in In re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2151 (C.D. Cal.);

    b.  Plaintiffs' Liaison Counsel/Chair, Plaintiffs' Executive Committee in the *In re Chase Bank USA, NA "Check Loan" Contract Litigation*, MDL No. 2032 (N.D. Ga.) (class discovery underway; class certification motion scheduled for 2010);

    c. Plaintiffs' Lead Counsel in *In re Yamaha Motor Corp. Rhino ATV Products Liability Litigation*, MDL No. 2016 (W.D. Ky.) (bellwether trial set; mediation program underway);

    d. Plaintiffs' Lead Counsel in *In re ConAgra Peanut Butter Products Liability Litigation*, MDL No. 1845 (N.D. Ga.) (settlement program well underway).

   9. My partner Jonathan Selbin graduated magna cum laude from Harvard Law School in 1993 and clerked for The Honorable Marilyn Hall Patel of the U.S. District Court for the Northern District of California between 1993 and 1995. He has worked at Lieff Cabraser since 1995, starting as an associate and advancing through to partnership. Mr. Selbin has extensive experience in litigating class actions, especially product defect class actions. In particular, he was the lead partner at Lieff Cabraser who litigated and settled many of the cases cited in paragraph 3, above, including *Intuit*, *Pelletz v. Weyerhaeuser*, *Grays Harbor v. Carrier*, *Richina v. Maytag*, *Weekend Warrior Trailer Cases*, *Lundell v. Dell*, and *Kan v. Toshiba*, and was one of the lead partners at Lieff Cabraser who litigated and settled the *Behr*, *Cemwood*, *Weyerhaeuser*, and *Hurd* matters. As an associate, he was a primary participant in Lieff Cabraser's litigation of the *Masonite Hardboard Siding*, *Louisiana-Pacific Inner-Seal Siding*, and *Georgia-Pacific Hardboard Siding* litigations. A true and correct copy of a short biography highlighting Mr. Selbin's experience is attached hereto as Exhibit D.

   10. In addition to these cases, Mr. Selbin is currently serving in the following capacities:

    a. Court-appointed co-lead class counsel in *In re Mercedes-Benz Tele Aid Contract Litigation*, MDL No. 1914 (D.N.J.), a case involving Mercedes' alleged deception

- 6 -

relating to its Tele Aid service, in which the Court certified a nationwide litigation class on April 27, 2009.

    b. Court-appointed sole lead counsel in *In re Whirlpool Corporation Front-Loading Washer Products Liability Litigation,* MDL No. 2001 (N.D. Ohio)**,** a case involving Whirlpool's allegedly defective top-loading washers.

    c. Court-appointed executive committee member in *DirecTV Early Cancellation Fee Litigation,* No. CV08-741 AG (ANX) (S.D. Cal.), a case involving DirecTV's allegedly improper assessment of early termination fees.

    11. Mr. Selbin also served as court-appointed co-lead Class counsel in *In re Louisiana-Pacific NatureGuard Shingles*, JCCP No. 4215 (Stanislaus County, CA), and was lead trial counsel in the several-month class trial of that case. He has argued in multiple appellate courts, including the Fifth Circuit U.S. Court of Appeals, the Wisconsin Supreme Court, the New York Appellate Division, and the Ohio Court of Appeals.

    12. My partner, Kristen Law, graduated form the University of California, Berkeley School of Law in 2002. She joined Lieff Cabraser in 2002 as an associate and advanced to partnership in 2008. During her tenure at Lieff Cabraser, she has developed a particular expertise in consumer class actions, working closely with Mr. Selbin on the *Behr*, *Cemwood, Carrier*, *Maytag, NatureGuard, Weekend Warrior*, *Dell,* and *Toshiba* matters. A true and correct copy of a short biography highlighting Ms. Law's experience is attached hereto as Exhibit E.

    13. My firm began investigating this case in February, 2009. Through our co-counsel at the Cunningham Bounds firm, we learned of the unique predicament of builders who unknowingly utilized defective drywall in constructing homes and other structures for their

clients. After a preliminary investigation into the scope and nature of the defect (including multiple expert consultations regarding the chemical properties of the defective drywall and its effects on surrounding structures and personal property), the responsible companies, and the applicable legal theories under the laws of the affected States, we filed the *Mitchell* complaint on March 6, 2009.

14. Since filing, Lieff Cabraser has been actively involved in advancing the interests of builders in this litigation. We advocated for the creation of a Homebuilders Steering Committee and were subsequently appointed to that committee by the Court. In that capacity, Lieff Cabraser and our co-counsel at Cunningham Bounds have sought to ensure that the interests of smaller builders, such as our client, are protected. We have presented the small builders' perspective in various meetings with the Court, the PSC, and the Court-appointed Special Master, Michael Rozen. We have reviewed the various motions advanced by the HSC and participated in numerous discovery meet and confer sessions with the PSC to ensure that small builders' interests are protected.

15. We also effected service of the *Mitchell* Complaint on foreign defendants, including Taishan. When Taishan failed to respond, we promptly moved the Court to enter default, to lay the foundation for seeking declaratory relief on behalf of builders that have incurred, and will continue to incur, significant expenses in remediating the thousands of affected homes and structures.

16. Together with our co-counsel Cunningham Bounds, we have prepared discovery responses on behalf of Mitchell; reviewed the full complement of Mitchell's documentary records; conducted numerous home inspections to fully investigate the scope and

nature of damage associated with defective drywall; and consulted with numerous home builders similarly situated to Mitchell.

17. Lieff Cabraser and Cunningham Bounds have moved on Mitchell's behalf to intervene in the *Germano* action currently set for trial in February 2010. If permitted to proceed, Mitchell will offer expert testimony regarding the scope and cost of remediation efforts necessary to cure the adverse effects of defective drywall.

18. Based on Lieff Cabraser's extensive experience and success in complex product defect class actions, the firm's resources nationwide, our work in investigating and prosecuting homebuilder plaintiffs' claims herein, our accumulated knowledge of the law in such cases, and our demonstrated commitment to this litigation, Lieff Cabraser is well-suited to serve as Class Counsel for the Class proposed in the accompanying motion under the criteria set forth in Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv).

I declare under penalty of perjury under the laws of California and the United States that the foregoing is true and correct. Executed this 22nd day of July, 2010, at San Francisco, California.

*/s/ Elizabeth J. Cabraser*
Elizabeth J. Cabraser

**CERTIFICATE OF SERVICE**

I do hereby certify that the above and foregoing "Declaration of Elizabeth J. Cabraser" has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically

uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this the 22nd day of July, 2010.

*s/ Kristen E. Law*
KRISTEN E. LAW

**DEFENDANTS TO BE SERVED AS FOLLOWS:**

Knauf Gips KG
Ridham Dock, Kemsley
Sittingbourne, Kent ME9 8SR, UK

Knauf Plasterboard (Tianjin) Co., Ltd.
North Yinhe Bridge, East Jingjin Road
RC-300400 Tianjin, China

Taishan Gypsum Co. Ltd.
Dawenkou Daiyue District
RC-271026 Tai'an Shandong, China

Interior & Exterior Building Supply, L.P.
727 South Cortez Street
New Orleans, Louisiana  70119

Rightway Drywall, Inc.
c/o Michael S. Jenkins, Registered Agent
102 Samantha Drive
Bonaire, Georgia  31005