UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF LOUISIANA
(MDL 2047/Chinese Drywall)

| | |
|---|---|
| David Gross, *et al.* ) | |
| ) | |
| Plaintiffs, ) | Civil Action No.  09-6690 |
| ) | |
| v. ) | |
| ) | |
| Knauf Gips, KG, Pulte Home Corp., *et al.* ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____/.  ) | |

**PULTE HOME CORP.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINTS BY ROBERT ADAMS, MARNI KLEIN-ADAMS, ELLEN DECARLO AND JERALD NELSON (REGARDING PROPOSED SUBCLASS # 208 ONLY)**

Defendant, Pulte Home Corp. ("Pulte"), by and through its undersigned counsel and pursuant to Fed R. Civ. P. 12(b) and 23, hereby submits this Memorandum of Law In Support of Its Motion to Dismiss the lawsuit filed by Intervenor Plaintiffs, Robert Adams, Marni Klein-Adams, Ellen DeCarlo and Jerald Nelson (the "Non-Class Plaintiffs"), in the Mary Anne Benes' Substituted and Amended Omnibus Class Action Complaint in Intervention (III) dated March 18, 2010 (the "Complaint"), and in furtherance thereof, states:

**The Plaintiffs' Claims Are Waived, Assigned Or Otherwise Moot.**

1. The Plaintiff's Complaint is not only moot, but it is barred by virtue of the plain waiver language contained within the confidential Limited Release, Assignment and Work Authorization Agreements the Plaintiffs signed with Pulte (the "Agreements").[1]  In these Agreements, for receipt of good and valuable consideration, the Plaintiffs waived and released

---
[1] Pulte will agree to file copies of these Agreements under seal.

ORLDOCS 11912527 1

all their claims against Pulte for any and all forms of property damage and relocation expenses arising out of or related to their Chinese drywall claims (the "Claims").[2] The Plaintiffs further assigned to Pulte any and all Claims they may have had against the Responsible Parties for property damage and remediation.

2. In their confidential Agreements, which are governed by Florida law, the Plaintiffs waived all rights to pursue Pulte for their Claims. Under Florida law, absent a showing of fraud, undue influence or a violation of public policy, an express waiver of claims contained within a settlement agreement is decisive of the rights of the parties thereto and operates as a bar to prosecution of those claims contemplated by that settlement agreement. See generally, Peralta v. Peralta Food Corp., 506 F. Supp. 2d 1274, 1279 (S.D. Fla. 2007) (internal citations omitted); Banfield v. Louis, 589 So. 2d 441 (Fla. 4th DCA 1991); EEOC v. Cosmair, Inc., L'Oreal Hair Care Division, 821 F. 2d 1085 (5th Cir. 1987); and Kappelmann v. Brown & Brown, Inc., 2008 WL 638089 (S.D. Fla. 2008).

3. The Plaintiffs have made absolutely no allegations seeking to avoid the terms of the Agreements so the waiver much be enforced. Nonetheless, they intervened in the Complaint even *after* their homes had been remediated.

4. Moreover, the Plaintiffs lack standing to bring Claims against the Responsible Parties because the Plaintiffs have assigned those Claims to Pulte. Once the assignor assigns his rights to pursue a claim against a third party, the assignor retains no rights to sue the third party. Hansen v. Wheaton Van Lines, Inc., 486 F. Supp. 2d 1339, 1346 (S.D. Fla. 2006), citing,

---

[2] Claims for personal injury are excluded from the waiver. On July 20, 2010, as Pulte was supplementing its Motion to Dismiss, the Plaintiffs dismissed Pulte from the lawsuit. However, they have not dismissed their Claims against the Responsible Parties even though these have been assigned to Pulte. This Motion is filed to have the entirety of the Plaintiffs' Complaint dismissed against all parties.

Lawyers Title Ins. Co., Inc. v. Novastar Mortgage, Inc., 862 So.2d 793 (Fla. 4th DCA 2004); also see, Tucker v. Phyfer, 819 F. 2d 1030, 1033 (11th Cir. 1987).

5. Because of their waiver and assignment of Claims, the Plaintiffs' Claims are not typical of the claims for which they are seeking class certification.

> Under Rule 23(a), the named Plaintiffs must present claims that are typical of the claims of the class…To meet the typicality requirement, the named Plaintiffs must demonstrate that the members of the class have the same or similar grievances as themselves.

Walco Investments, Inc. v. Thenen, 168 F.R.D. 315, 326 (S.D. Fla. 1996), citing Belles v. Schweiker, 720 F.2d. 509, 515 (8th Cir. 1983).

6. The Plaintiffs no longer have grievances that are the same or similar to the other purported class members. There are two other named plaintiffs, Amy Bloom and Benjamin Greenberg, who are identified in the Complaint as also seeking to represent Subclass # 208 against Pulte. However, neither of them have entered into waiver and assignment agreements with Pulte and neither of them have had their homes remediated.[3] Based on this court's Judgments, Findings of Fact and Conclusions of Law in the Germano, et al. v. Taishan Gypsum Co., Ltd., et al., Case No. 09-6687, et al. and Hernandez v. Knauf Gips KG, et al., Case No. 09-6050, the great majority of the damages being awarded to the plaintiffs have been remediation costs associated with property damage.

7. The Plaintiffs in this case no longer have any grievance against Pulte or the Responsible Parties for those damages.

8. These substantial and critical differences between the Plaintiffs' Claims and the Bloom/Greenberg claims negate the Plaintiffs' assertion that their claims are "typical" of the

---

[3] In fact, evidence has shown that Bloom's residence does not have Chinese drywall while Greenberg has refused to allow Pulte to inspect his home despite requests to do so.

3

claims being made for Subclass # 208.  (Complaint, ¶ 1453 and Sch. 2).  The Plaintiffs simply no longer have anywhere near the same financial stake in the outcome as the others.

> In a class action, the claim of the named plaintiff, who seeks to represent the class, *must be live both at the time he brings suit and when the district court determines whether to certify the putative class*.  If the plaintiff's claim is not live, the court lacks a justiciable controversy and must dismiss the claim as moot.

Tucker at 1033 (emphasis added).

9. The Plaintiffs' claims are not live and the district court has not yet certified the class action.  Though the DeCarlo/Nelson class action lawsuit was filed in August 2009, Pulte was not served with process of the Substituted and Amended Omnibus Class Action Complaint until May 24, 2010.  During the interim, the Plaintiffs' entered into the Agreements and their homes have been completely remediated.  "[I]f developments occurring during the course of adjudication eliminate a plaintiff's personal stake in the outcome of the suit, then a federal court must dismiss the case as moot."  Rosetti v. Shalala, 12 F.3d 1216, 1224 (3rd Cir. 1993).

10. The Plaintiffs have no personal stake in the outcome of any adjudication of the Claims.  Though the Plaintiffs may initially have had standing when the original class action suit was commenced, their requisite personal interest must continue throughout the lawsuit. Rosetti at 1229, fn 19. It has not.

11. In light of the foregoing, the Plaintiffs' Complaint must be dismissed because not only is it moot, but the Plaintiffs' lack of standing to bring suit against the Responsible Parties. Id.

WHEREFORE, Defendant, Pulte Home Corporation, hereby respectfully requests that this Court GRANT its Motion to Dismiss the Complaint of Robert Adams, Marni Klein-Adams,

4

Ellen DeCarlo and Jerald Nelson, for its attorneys' fees and costs in having to bring this Motion, and for such other relief as this Court deems just and proper.

/s/ John H. Dannecker, Esq._____
ORIGINAL SIGNED DOCUMENT ON FILE WITH THE COURT
**JOHN H. DANNECKER, ESQ.**
Florida Bar No. 0745030
**AMANDA G. SIMMONS, ESQ.**
Florida Bar No. 0728020
SHUTTS & BOWEN, LLP
300 South Orange Avenue, Suite 1000
Orlando, Florida 32801-5403
Telephone: (407) 423-3200
Facsimile: (407) 849-7291
Email: jdannecker@shutts.com
         asimmons@shutts.com
*Attorneys for Pulte Home Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing <u>Memorandum of Law in Support of Pulte's Motion to Dismiss The Complaints By Robert Adams, Marni Klein-Adams, Ellen Decarlo And Jerald Nelson; Incorporated Memorandum Of Law (Regarding Proposed Subclass # 208 Only)</u> has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047; and U.S. Mail and facsimile to: Robert Brown, III, Esq., *counsel for Subclass #208* and

6

Phillip A. Whittmann, *Liaison Counsel for Homebuilder and Installers* , on this 23rd day of July, 2010.

/s/ John H. Dannecker, Esq.<br>
**JOHN H. DANNECKER, ESQ.**