**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED | MDL NO.: 2047 |
| DRYWALL PRODUCTS LIABILITY LITIGATION | SECTION: L |
| | JUDGE FALLON |
| (This Document Relates to Case No. 2:09-CV-7628) | MAG. JUDGE WILKINSON |

_____/

**DEFENDANT SHELBY HOMES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant Shelby Homes, Inc. ("Shelby") hereby files this Memorandum of Law in Support of its Motion to Stay Discovery Pending Resolution of its Motion to Dismiss for Lack of Personal Jurisdiction, filed contemporaneously herewith.

**INTRODUCTION**

As set forth more fully in Shelby's Motion to Dismiss for Lack of Personal Jurisdiction, supporting Memorandum of Law and Supplemental Memorandum of Law (together the "Motion to Dismiss") [DE 2310 and DE 4575], which arguments are incorporated by reference herein, this Court lacks personal jurisdiction over Shelby. Specifically, because Shelby does not have any connection with the State of Louisiana, Louisiana's long-arm statute does not reach Shelby, and any exercise of *in personam* jurisdiction over Shelby would violate the Constitutional Due Process requirements. Given the Court's lack of personal jurisdiction with respect to Shelby, Shelby respectfully submits that it should not be required to participate in discovery and that no party should be entitled to obtain any discovery from Shelby prior to the Court's disposition of the Motion to Dismiss.

MDL NO.: 2047 (Section: L) Fallon/ Wilkinson
(This Document Relates to Case No. 2:09-CV-7628)

## **ARGUMENT**

It is axiomatic that control of discovery is committed to the sound discretion of the trial court. In this regard, the Fifth Circuit has held that "it is appropriate to stay discovery until preliminary questions that may dispose of the case are determined." *Parish of Jefferson v. S. Recovery Management, Inc.*, 1996 WL 144400, *2 (E.D. La. 1996) (unpublished) (vacating magistrate's order denying motion to stay discovery and finding that although "the discovery sought would not be prohibitively costly, even minimal cost is unwarranted where imminent jurisdictional rulings may render such discovery altogether moot.") *citing Petrus v. Bowen*, 833 F. 2d 581, 583 (5th Cir. 1987) (holding that nothing in discovery could have affected the resolution of the Rule 12(b)(6) motion and the district court properly deferred discovery while deciding whether the defendants were proper parties to the action).

Moreover, courts within the Fifth Circuit have routinely held that when the lack of personal jurisdiction is clear and the discovery would serve no purpose, it should not be permitted. *See, e.g., Paolino v. Argyll Equities, LLC*, 401 F. Supp. 2d 712, 722 (W.D. Tex. 2005) (denying even jurisdictional discovery because the lack of personal jurisdiction was clear and therefore the discovery would serve no purpose); *Tschirn v. Kurzweg*, 2003 WL 21087741, *2 (E.D. La. 2003) (unpublished) (granting motion for stay of all discovery pending ruling on motion to dismiss for lack of jurisdiction and recognizing that if plaintiff "is allowed to conduct discovery at this time, the parties will incur the expense of litigating over the scope of the discovery and conducting the discovery and this may be unnecessary"); *Dykes v. Maverick Motion Picture Grp.*, 2009 WL 3053738, *2 n.1 (M.D. La. 2009) (unpublished) (refusing to permit merit discovery and recognizing that certain defendants "will be dismissed should they

prevail on their jurisdictional arguments, so there is no need for merits discovery relating to them (or by them, about others) until and unless they actually lose their jurisdictional arguments").

In this case, as set forth in the Motion to Dismiss, there is no basis whatsoever upon which to assert personal jurisdiction over Shelby.  Therefore, any discovery would serve no purpose but to force Shelby to incur unnecessary expenses and waste judicial resources.

## CONCLUSION

Based on the foregoing, Shelby respectfully requests that the Court stay all discovery including, but not limited to, any depositions, written discovery or subpoenas with respect to Shelby, pending the resolution of its Motion to Dismiss.

Dated: July 23, 2010

Respectfully submitted,

BILZIN SUMBERG BAENA PRICE
& AXELROD LLP
Attorneys for Defendant Shelby Homes, Inc.
2500 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Tel.: (305)374-7580   Fax: (305)374-7593

BY:   /s/ *Melissa Pallett-Vasquez*
ROBERT W. TURKEN, ESQ.
Florida Bar No. 306355
rturken@bilzin.com
ADAM F. HAIMO, ESQ.
Florida Bar No. 502731
ahaimo@bilzin.com
MELISSA PALLETT-VASQUEZ, ESQ.
Florida Bar No.  715816
mpallett@bilzin.com

MDL NO.: 2047 (Section: L) Fallon/ Wilkinson<br>
(This Document Relates to Case No. 2:09-CV-7628)

## CERTIFICATE OF SERVICE

  I hereby certify that the foregoing Memorandum of Law in Support of its Motion to Stay Discovery has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 23rd day of July, 2010.

                  By: /s/ *Melissa Pallett-Vasquez*
                     Melissa Pallett-Vasquez

MIAMI 2234880.1 7687133804