CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS SECTION 5 

## STATE OF LOUISIANA

No. 2010 -173                                              DIVISION K

### JOHN B. BLUE AND RACHELLE R. BLUE

### -VERSUS-

### AUTO CLUB FAMILY INSURANCE COMPANY

FILED:_____        _____
                                                        **DEPUTY CLERK**

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come Petitioners, JOHN B. BLUE AND RACHELLE R. BLUE, who, for their Petition for Damages, respectfully state as follows:

1.

Petitioners are persons of full age and majority, domiciled in the Parish of Orleans, State of Louisiana, residing at 620 Papworth Avenue, Metairie, Louisiana.

2.

Defendant, AUTO CLUB FAMILY INSURANCE COMPANY, is a Missouri insurance corporation authorized to do and is doing business in Louisiana, located in St. Louis, Missouri and has designated the Louisiana Secretary of State as its agent for service of process in Louisiana.

3.

Venue is proper in this Court pursuant to articles 74, 76 and 76.1 of the Louisiana Code of Civil Procedure.

4.

Petitioners purchased a homeowners' insurance policy from Defendant, providing coverage for, among other things, their dwelling, contents, and loss of use of their property at 422 28th Street, New Orleans, Louisiana.

5.

The policy issued to Petitioners by Defendant provides coverage for the dwelling in the amount of $187,500, for contents in the amount of $112,500, and for loss of use in the amount of $56,250.

6.

In the Spring of 2009, Petitioners discovered that their home was constructed using Chinese manufactured drywall, which caused, and continues to cause, physical loss and damage to Petitioners' home and contents. The Chinese drywall emits odorous gases that cause corrosion of air-conditioner and refrigerator coils, copper tubing, electrical wiring, computer wiring, and other household items and causes personal injuries to Petitioners and their children.

7.

Petitioners' policy issued by Defendant is an all-risk policy, providing coverage for all risks of direct physical loss or damage to the home, contents and other permanent structures unless an exclusion applies.

8.

On May 20, 2009, Petitioners provided notice of Petitioners' claim relating to the presence of Chinese drywall in Petitioners' home to Defendant.

9.

On June 2, 2009, Defendant notified Petitioners that it had completed its investigation of Petitioners' claim and determined that the damages being claimed were excluded from coverage and Defendant was denying coverage for Petitioners' damages caused by the Chinese-manufactured drywall.

10.

Petitioners have complied with all of their obligations under the policy.

11.

A valid contract of insurance exists between Petitioners and Defendant providing coverage for the loss and damage caused by the Chinese-manufactured drywall.

12.

Petitioners have paid all premiums due under their policy of insurance with Defendant and have materially performed their obligations under the policy.

13.

The damage and loss sustained by Petitioners was caused by the presence of Chinese-manufactured drywall in Petitioners' home; yet, Defendant has failed to meet its obligations under the policy of insurance and has failed and/or refuses to cover the loss sustained by Petitioners.

14.

Defendant has breached its policy by unjustifiably denying Petitioners' claim for covered damages.

15.

As a direct and proximate result of the breach by Defendant, Petitioners were deprived of the benefits of insurance coverage for which Defendant was paid substantial premiums, and, accordingly, Petitioners have suffered, and will continue to suffer, substantial economic damage, particularly associated with their remediation efforts.

16.

Defendant breached its duty of good faith and fair dealing that it owes to Petitioners in denying Petitioners' claim.

17.

Defendant misrepresents the policy provisions, including the exclusions, in denying Petitioners' claim under the policy.

18.

Defendant violated La. R.S. 22:1973 and La. R.S. 22:1892 by failing to properly adjust and pay Petitioners' claim in a fair and timely manner.

19.

Petitioners demand a trial by jury.

20.

WHEREFORE, Petitioners, JOHN B. and RACHELLE R. BLUE, respectfully pray that their Petition for Damages be deemed good and sufficient, and that Defendant, Auto Club Family Insurance Company, be duly served and cited with a copy of this Petition for Damages and that Defendant be made to appear and answer the same within the delays allowed by law, and that after all due and legal proceedings are had herein, for the reasons set forth herein, that there be judgment entered in favor of Petitioners, JOHN B. and RACHELLE R. BLUE and against Defendant, Auto Club Family Insurance Company, in an amount that is reasonable under the premises, and together with all costs of these proceedings, for penalties and attorney fees, for legal interest from the date of judicial demand until paid, and for all general and equitable relief.

Dated: January 6, 2010

Respectfully Submitted,

HUGH P. LAMBERT, T.A.          (Bar #7933)
LINDA J. NELSON               (Bar #9938)
CAYCE C. PETERSON            (Bar #32217)
LAMBERT & NELSON, P.L.C.
701 Magazine Street
New Orleans, LA 70130
Counsel for Petitioners

**PLEASE SERVE**:

Auto Club Family Insurance Company
*Through its agent for service of process:*
Louisiana Secretary of State
8585 Archives Ave
Baton Rouge, LA 70809

A TRUE COPY

DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LOUISIANA