```
              IN THE UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA


IN RE: CHINESE-MANUFACTURED      )   MDL NO. 2047
DRYWALL PRODUCTS LIABILITY       )
LITIGATION                       )   SECTION L
                                 )
                                 )   JUDGE FALLON
This document relates to:        )
CASE NO. 10-1036                 )   MAG. JUDGE WILKINSON
```

**OWNERS INSURANCE COMPANY and AUTO-OWNERS INSURANCE COMPANY'S MEMORANDUM IN SUPPORT OF MOTION FOR SUGGESTION OF REMAND**

COME NOW OWNERS INSURANCE COMPANY and AUTO-OWNERS INSURANCE COMPANY ("Insurers") and file this Memorandum in Support of their Motion for Suggestion of Remand of this declaratory judgment action to the transferor court pursuant to 28 U.S.C. 1407 and United States Judicial Panel on Multidistrict Litigation Rule of Procedure No. 7.6.

**FACTUAL AND PROCEDURAL OVERVIEW**

On October 22, 2009, Insurers filed a declaratory judgment action against The Mitchell Company, Inc. ("Mitchell") and Rightway Drywall, Inc. ("Rightway") in the United States District Court for the Middle District of Georgia to determine their rights and obligations under certain commercial liability policies issued to Rightway. Specifically, Mitchell filed a putative class action lawsuit against Rightway, and others, in the United States District Court for the Northern District of Florida, civil action no. 3:09-CV-00089-MCR-MD (the "Underlying

Lawsuit"). In the Underlying Lawsuit, Mitchell asserted claims of negligence, strict products liability, warranty and indemnity against Rightway arising out of Rightway's alleged improper design, formulation, testing, manufacture, inspection, marketing, distribution, warranty, advertisement and sale of certain Chinese-manufactured drywall. Rightway seeks a defense and indemnity under the commercial liability insurance policies issued by Insurers for the claims asserted against it in the Underlying Lawsuit.

After receiving notice of the Underlying Lawsuit, Insurers issued letters to Rightway in which they reserved their rights to contest coverage for the claims asserted. Owners Insurance Company then retained counsel to defend Rightway in the Underlying Lawsuit subject to Insurers' reservations of rights, and Insurers filed this declaratory judgment action seeking a determination regarding whether they have any duty to defend or indemnify Rightway against the claims asserted by Mitchell in the Underlying Lawsuit.

The Underlying Lawsuit was made a part of MDL 2047. Mitchell then identified this declaratory judgment action as a potential tag-along action and filed a motion to transfer on February 3, 2010, which Insurers strongly opposed. Despite Insurers' opposition, the Judicial Panel on Multidistrict

Litigation (the "Panel") entered an order on April 5, 2010, transferring Insurers' declaratory action to this Court for inclusion in MDL 2047.  This was the first insurance declaratory judgment action transferred to MDL 2047 (and now the only one).

In its transfer order, the Panel concluded that transferring this insurance coverage action was prudent to streamline the litigation, to serve the convenience of the parties and witnesses and to promote the just and efficient conduct of the litigation. See Transfer Order, attached as Exhibit A.  However, on June 15, 2010, the Panel entered an order **denying** transfer of three similar declaratory judgment actions to MDL 2047, finding insufficient similarity between the issues to be determined in those insurance coverage cases and the underlying claims to justify centralization pursuant to 28 U.S.C. § 1407.  See Order Denying Transfer, attached as Exhibit B.

Notably, after the transfer of this case to MDL 2047 but prior to the June 15, 2010 order, Plaintiffs' Liaison Counsel and Lead Counsel had filed a Motion for Designation of Potential Tag-Along Actions regarding numerous other similar declaratory judgment actions involving insurance coverage issues.  This Motion was **withdrawn** following the Panel's June 15, 2010 order denying transfer.  See Notice of Withdrawal, attached as Exhibit C.  In light of these key subsequent actions which support

Insurers' objections to the initial transfer of this case to the MDL, Insurers respectfully request that this Court enter a suggestion of remand based on the finding that continued inclusion of this case in MDL 2047 would not meet the purpose and requirements of Section 1407, and for the other reasons set forth below.

## ARGUMENT AND CITATION OF AUTHORITY

The multidistrict litigation statute was enacted as a means of conserving judicial resources in situations where multiple cases involving common questions of fact were filed in different judicial districts. In re Food Lion, Inc., 73 F.2d 528, 531-532 (4th Cir. 1996). Similarly, Panel Rule 1.1 defines "tag-along actions" as "civil action[s] pending in a district court and involving common questions of facts with actions previously transferred under Section 1407."

The Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge supervises the day-to-day pretrial proceedings to the transferor court. See, e.g., In re IBM Peripheral EDP Devices Antitrust Litigation, 407 F.Supp. 254, 256 (J.P.M.L.1976). Further, R.P.J.P.M.L. 7.6(d) specifically states that the Panel may be reluctant to order remand absent a suggestion of remand

- 4 -

from the transferee court.  In deciding whether to make such a recommendation, the transferee court is guided by the same standards employed by the Panel, particularly whether the case will benefit from further coordinated proceedings as part of the MDL, and whether everything that remains to be done is case-specific.  See In re Bridgestone/Firestone, Inc., ATX, ATX II, & Wilderness Tires Prods. Liab. Litig., 128 F.Supp.2d 1196, 1197 (S.D.Ind. 2001), In re Patenaude, 210 F.3d 135, 145 (3d Cir. 2000).

I.   **THIS CASE SHOULD BE REMANDED TO THE TRANSFEROR COURT FOR THE SAME REASONS THE PANEL RECENTLY DENIED TRANSFER OF SIMILAR INSURANCE COVERAGE CASES.**

As the Panel noted in its June 15, 2010 order denying transfer of similar declaratory judgment actions to MDL 2047, "centralization of insurance litigation with the underlying claims will always depend on the particular facts and circumstances of the litigation," and while transfer may be warranted in insurance coverage cases that require and rely on the same factual discovery as the underlying tort actions, such is not the case where the coverage action involves strictly legal questions which require little or no centralized discovery.  See Order Denying Transfer, Exhibit B.  The Panel found this to be the case in the insurance actions subject to that ruling, and

stated this was "probably the most important consideration in the Panel's decision to deny transfer of [those] cases." Id.

The Panel further found that Section 1407 does not, as a general rule, empower the Panel to transfer cases solely due to the similarity of legal issues; that the insurance coverage questions in those cases are likely to be decided by an application of the complaint to the policy language under applicable state law; and that the insurance companies that might benefit the most from the efficiencies of centralization all opposed the motions to transfer. That is precisely the case here.

As Insurers asserted when initially opposing transfer, the insurance contracts in this case were delivered in Georgia, and Georgia substantive law controls. Insurers' duty to defend Rightway in the Underlying Lawsuit will be determined by comparing the allegations asserted in the Mitchell complaint in the Underlying Lawsuit to the terms of the policies issued by Insurers. Under Georgia law, the issue for purposes of analyzing the existence of a duty to defend under an insurance policy is whether the lawsuit alleges a claim that is covered by the policy. Cantrell v. Allstate Ins. Co., 202 Ga. App. 859, 415 S.E.2d 711 (1992). Therefore, in order to assess an insurer's duty to defend, the terms of the insurance contract must be

compared with the allegations made against the insured to determine whether the lawsuit seeks damages for covered claims. Hames Contracting, Inc. v. Georgia Ins. Co., 211 Ga. App. 852, 440 S.E.2d 738 (1994); Presidential Hotel v. Canal Ins. Co., 188 Ga. App. 609, 373 S.E.2d 671 (1988).

As in the three cases which were the subject of the Panel's June 15, 2010 order denying transfer, the issue specific to this insurance declaratory action is whether the allegations of the complaint filed by Mitchell in the Underlying Lawsuit trigger coverage under the policies issued by Insurers under Georgia law. This inquiry is limited to this case alone (as there are no other Georgia insureds presently involved in the MDL), and this case does not share common questions of fact with either the products liability actions which comprise the majority of the MDL cases, or any pending insurance case which necessarily involves different parties, different policies, different choice of law rules and state law application.  With regard to the duty to defend, the transferor court need only consider the complaint filed and the terms of the policies to determine whether Insurers have a duty to defend, negating the need for any extensive pretrial coordination.  In addition, Insurers, who are the parties who might benefit most from consolidation, strongly oppose inclusion of this action in MDL 2047.

Therefore, as an initial matter, this case does not meet the requirements of Section 1407 for consolidation of pretrial proceedings in the MDL court and should be remanded to the transferor court. Indeed, remand of this case is virtually demanded by the Panel's order dated June 15, 2010 which denied transfer of similar insurance coverage cases on the grounds that consolidation would be wholly contrary to the purpose of Section 1407. Accordingly, Insurers respectfully request that this Court issue a suggestion of remand to the Middle District of Georgia, Macon Division.

**II.   THERE IS NO NEED FOR COORDINATED PROCEEDINGS IN THIS CASE, AND EVERYTHING THAT REMAINS TO BE DONE IS CASE SPECIFIC.**

This declaratory action involves Georgia parties, Georgia witnesses and issues of Georgia insurance law. Rightway is located in Georgia; the issuing broker is in Georgia; the relevant underwriting department for Insurers is in Georgia; and the policies were issued in Georgia. The only dispute at issue here is between Rightway and Insurers, and Georgia law controls this dispute. Insurers are unaware of any other Georgia parties or policies at issue in MDL 2047.

Therefore, not only does continued centralization of this case under Section 1407 in the Eastern District of Louisiana not serve the convenience of the parties and witnesses or promote the

just and efficient conduct of this litigation under the circumstances, but it is actually inconvenient and inefficient because the necessary parties and witnesses are in Georgia, and because resolution of the insurance issue presented in this case will not benefit any other party in MDL 2047.

Moreover, as set forth above, the issue of Insurers' alleged duty to defend requires no extensive or coordinated pretrial proceedings. Under Georgia law, the transferor court simply compares the allegations of the Mitchell complaint to the terms of the policies at issue. Any related discovery, to the extent necessary, is specific only to this case. As a result, this Court should issue a suggestion of remand to the Middle District of Georgia, Macon Division.

**III. BECAUSE PLAINTIFFS' LIAISON COUNSEL AND LEAD COUNSEL WITHDREW THEIR NOTICE OF POTENTIAL TAG-ALONG ACTIONS REGARDING OTHER INSURANCE COVERAGE CASES, THERE IS NOW EVEN LESS BENEFIT TO HAVING THIS DECLARATORY JUDGMENT ACTION INCLUDED IN MDL 2047.**

After the transfer of this case to MDL 2047 but prior to the June 15, 2010 order, Plaintiffs' Liaison Counsel and Lead Counsel had filed a Motion for Designation of Potential Tag-Along Actions regarding numerous other similar declaratory judgment actions involving insurance coverage issues. This Motion was withdrawn following the Panel's June 15, 2010 order denying transfer. See Notice of Withdrawal, Exhibit C.

As a result, any actual or perceived benefits to consolidating this declaratory judgment action in the MDL, whether those specifically set forth in Section 1407 or any possible ancillary benefits of consolidation such as a potential increased chance of settlement, are significantly diminished since this Court will not be handling the pretrial proceedings for the numerous other insurance coverage cases pending in the federal courts.  The Panel's transfer of the instant case likely prompted Plaintiffs' Liaison and Lead Counsel, as well as the parties seeking transfer in the cases covered by Pleading No. 257, to seek transfer of numerous insurance coverage cases to MDL 2047.  However, the Panel's subsequent order denying transfer of similar insurance cases has now had the opposite effect.  Any attempts to transfer additional insurance coverage cases to MDL 2047 have been abandoned.

For these reasons, it is clear that the purposes of Section 1407 are not met by continued inclusion of this case in MDL 2047. At a minimum, there is no need for coordinated pretrial proceedings in this uniquely Georgia case, and everything that needs to be done is case specific.  Accordingly, this Court should issue a suggestion of remand to the Middle District of Georgia, Macon Division.

```
        This 24th day of July, 2010.

                                Respectfully submitted,

                                TALLEY, FRENCH & KENDALL, P.C.


                                  s/ Michael C. Kendall
                                Georgia Bar No. 414030
                                Counsel for Insurers
3152 Golf Ridge Boulevard
Suite 201
Douglasville, Georgia 30135
Telephone: 770-577-3559
Facsimile: 770-577-8113
Email: mckendall@bellsouth.net
```

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing OWNERS INSURANCE COMPANY AND AUTO-OWNERS INSURANCE COMPANY'S MEMORANDUM IN SUPPORT OF MOTION FOR SUGGESTION OF REMAND has been served on Plaintiffs' Liaison Counsel, Russ Herman, Defendants' Liaison Counsel, Kerry Miller, and Insurers' Lead Counsel, Judy Barrasso, by U.S. Mail and e-mail or by hand-delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 24th day of July, 2010.

         s/ Michael C. Kendall
         Michael C. Kendall