

Dec 23 2009
11:15AM

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * | MDL 2047 SECTION: L |
| | * * | JUDGE FALLON |
| *   *   *   *   *   *   *   * | | MAG. JUDGE WILKINSON |

**THIS DOCUMENTS RELATES TO:**

RONNIE VAN WINKLE SR. et al        No. 09-4378

## EXPARTE MOTION AND ORDER FOR LEAVE TO FILE NAUTILUS INSURANCE COMPANY'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FRCP RULE 12(B)(1)

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Nautilus

Insurance Company, who respectfully represents:

1. This Court imposed a Stay of motion practice until further order in Pre-Trial Order

No. 1.

2. Nautilus Insurance Company respectfully requests this Honorable Court lift the

Stay to allow Nautilus Insurance Company to file its Motion to Dismiss for Lack of Subject

Matter Jurisdiction pursuant to FRCP 12(b)(1).

**WHEREFORE,** Nautilus Insurance Company moves this Court for an Order lifting

the Stay currently in effect to allow Nautilus Insurance Company to file the attached Motion



EXHIBIT
A

to Dismiss for Lack of Subject Matter Jurisdiction.

RESPECTFULLY SUBMITTED:

**HEBBLER & GIORDANO, L.L.C.**
Attorneys at Law

BY: _____
GEORGE P. HEBBLER, JR. (T.A.)
Louisiana Bar No: 6722
Email: hebbler@hebblergiordano.com
FRANK A. ROMEU, JR.
Louisiana Bar No: 18412
Email: romeu@hebblergiordano.com
MICHAEL P. HIGGINS
Louisiana Bar No: 30554
Email: higgins@hebblergiordano.com
Attorney for Defendants
3636 S. I-10 Service Road W, Suite 300
Metairie, Louisiana 70001
Telephone: (504) 833-8007
Facsimile: (504) 833-2866

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion to Dismiss for Lack of Subject Matter Jurisdiction has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No.6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 23rd day of December, 2009.

_____
FRANK A. ROMEU, JR., LSBA #18412



28650510

Dec 23 2009
11:15AM

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED      *     MDL 2047
DRYWALL PRODUCTS LIABILITY      *
LITIGATION      *     SECTION: L
     *
     *     JUDGE FALLON
     *
\*    \*    \*    \*    \*    \*    \*    \*    MAG. JUDGE WILKINSON

**THIS DOCUMENTS RELATES TO:**

RONNIE VAN WINKLE SR. et al      No. 09-4378

## <u>ORDER</u>

Considering the foregoing Ex Parte Motion to Lift Stay of Nautilus Insurance
Company:

**IT IS HEREBY ORDERED** that the Stay imposed by Pre-trial Order No. 1 be and

it is hereby lifted to allow Nautilus Insurance Company to file it's Motion to Dismiss for Lack

of Subject Matter Jurisdiction and Memorandum in Support of Motion to Dismiss for Lack

of Subject Matter Jurisdiction.

**NEW ORLEANS, LOUISIANA,** this _____ day of _____, 2009.

_____

**DISTRICT JUDGE**



28650510

Dec 23 2009
11:15AM

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * * | MDL 2047 |
| | | SECTION: L |
| | | JUDGE FALLON |
| | | MAG. JUDGE WILKINSON |

\*     \*     \*     \*     \*     \*     \*     \*

**THIS DOCUMENTS RELATES TO:**

RONNIE VAN WINKLE SR. et al          No. 09-4378

## REQUEST FOR ORAL ARGUMENT

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Nautilus Insurance Company, who, pursuant to Local Rule 78, 1E, respectfully requests oral argument on its *Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to FRCP Rule 12(b)(1).* The Motion is set for hearing on November 18, 2009, at 9:00 a.m. before the Honorable Judge Eldon E. Fallon, in the United States District Court for the Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130. Nautilus Insurance Company represents that the *Motion to Dismiss for Lack of Subject Matter Jurisdiction* presents unique issues that need to be discussed in open court.

RESPECTFULLY SUBMITTED:

**HEBBLER & GIORDANO, L.L.C.**
*Attorneys at Law*

BY: _____
GEORGE P. HEBBLER, JR. (T.A.)
Louisiana Bar No:  6722
Email: hebbler@hebblergiordano.com
FRANK A. ROMEU, JR.
Louisiana Bar No: 18412
Email: romeu@hebblergiordano.com
MICHAEL P. HIGGINS
Louisiana Bar No: 30554
Email: higgins@hebblergiordano.com
Attorney for Defendants
3636 S. I-10 Service Road W, Suite 300
Metairie, Louisiana  70001
Telephone:  (504) 833-8007
Facsimile:  (504) 833-2866

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion to Dismiss for Lack of Subject Matter Jurisdiction has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No.6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 23rd day of December, 2009.

_____
FRANK A. ROMEU, JR., LSBA #18412

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RONNIE VAN WINKLE, SR. and | * | CIVIL ACTION NO. 09-4378 |
| ANNE VAN WINKLE, Individually and as | * | |
| Husband and Wife | * | SECTION: L |
| | * | |
| VERSUS | * | MAG. 2 |
| | * | |
| KNAUF GIPS KG, KNAUF | * | |
| PLASTERBOARD TIANJIN CO., LTD., | * | |
| TAISHAN GYPSUM CO. LTD. f/k/a | * | |
| SHANDONG TAIHE DONGXIN CO. LTD., | * | |
| USG CORPORATION, L&W SUPPLY | * | |
| CORPORATION d/b/a SEACOAST | * | |
| SUPPLY, INTERIOR EXTERIOR BUILDING | * | |
| SUPPLY, INDEPENDENT BUILDERS | * | |
| SUPPLY ASSOCIATION, INC. ROTHCHILT | * | |
| INTERNATIONAL LIMITED, TUDELA'S | * | |
| CLASSIC HOMES, L.L.C., and NAUTILUS | * | |
| INSURANCE GROUP, LLC | * | |

* * * * * * * * * * * * * * * *

## MOTION TO DISMISS FOR LACK OF SUBJECT MATTER
## JURISDICTION PURSUANT TO FRCP RULE 12(b)(1)

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Nautilus

Insurance Group, LLC, which moves the court to dismiss this matter on the grounds that

it lacks subject matter jurisdiction and pursuant to FRCP Rule 12(b)(1).

Respectfully submitted,

**HEBBLER & GIORDANO, L.L.C.**
*Attorneys at Law*

BY:_____
GEORGE P. HEBBLER, JR. (T.A.)
Louisiana Bar No: 6722
Email: hebbler@hebblergiordano.com
FRANK A. ROMEU, JR.
Louisiana Bar No: 18412
Email: romeu@hebblergiordano.com
MICHAEL P. HIGGINS
Louisiana Bar No: 30554
Email: higgins@hebblergiordano.com
Attorney for Defendants
3636 S. I-10 Service Road W, Suite 300
Metairie, Louisiana 70001
Telephone: (504) 833-8007
Facsimile: (504) 833-2866

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion to Dismiss for Lack of Subject Matter Jurisdiction has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No.6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 23rd day of _October_____, 2009.

_____
George P. Hebbler, LSBA #6722

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED     *    MDL 2047
DRYWALL PRODUCTS LIABILITY       *
LITIGATION                         *    SECTION: L
                               *
                               *    JUDGE FALLON
                               *
\*    \*    \*    \*    \*    \*    \*    \*    MAG. JUDGE  WILKINSON

**THIS DOCUMENTS RELATES TO:**

RONNIE VAN WINKLE SR. et al     No. 09-4378

**MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER
JURISDICTION PURSUANT TO FRCP RULE 12(b)(1)**

**MAY IT PLEASE THE COURT:**

      Ronnie Van Winkle, Sr. and Anne Van Winkle filed a Complaint maintaining that they are residents of and domiciled in St. Tammany Parish, Louisiana.  The Complaint seeks damages for the alleged use of defective "Chinese Dry Wall" in their home located at 70304 Eighth Street, Covington, Louisiana 70433.

      Subsequently, plaintiffs' First Amended and Supplemental Complaint was filed, which  added Nautilus Insurance Group, LLC, (hereinafter referred to as "Nautilus") as a defendant.  The plaintiffs' First Amended and Supplemental Complaint alleges that Tudela's Classic Homes, LLC, "is a Louisiana Limited Liability Company, organized with

1

its principle place of business located at 22374 Max Jude Lane, Mandeville, Louisiana 70471" that was the builder, purchaser, supplier and installer of the gypsum drywall in plaintiff's home. Plaintiffs further allege that Nautilus provided a policy of liability insurance coverage to Tudela's Classic Homes, LLC.

Nautilus submits that Tudela's Classic Homes, LLC, does not dispute plaintiffs' designation that it is a Louisiana Limited Liability Company. Accordingly, the plaintiffs and Tudela's Classic Homes, LLC are both citizens of the State of Louisiana.

"Federal Courts are courts of limited jurisdiction having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress." _Johnson v. U.S.,_ 460 F.3d 616, 621, n.6 (5th Cir. 2006).

To establish Federal District Court jurisdiction under 28 U.S.C.A. 1332, there must be diversity of citizenship. The presence of a single non-diverse party destroys the Federal District Court's original jurisdiction. _Wisconsin Department of Corrections v. Schacht,_ 524 U.S. 381, 389, 118 So.2d 2047, 2052, 141 L. Ed 2d, 362 (1998).

A limited liability company is a citizen of all of the states of which its members are citizens. _Harvey v. Gray Wolf Drilling Co.,_ 542 F.3d 1077, 1079 (5th Cir. 2008).

Attached to the Tudela's Classic Homes, LLC's Motion to Dismiss for Lack of Subject Matter Jurisdiction (pleading #348 in MDL No.2047), is the Affidavit of Brian Tudela, which is adopted and relied upon by Nautilus as if it was copied herein _in_

2

*extenso*.  As attested to by Mr. Tudela, he is the sole member of the LLC which established Tudela's Classic Homes, LLC.  Additionally, Mr. Tudela is, and since approximately 2001 has been, a resident and domiciliary of Mandeville, Louisiana 70471.

Diversity is clearly lacking in this matter.  The plaintiffs are Louisiana residents and domiciliaries, and Tudela's Classic Homes, LLC is a Louisiana Limited Liability Company with its domicile and principle place of business located in Mandeville, Louisiana.  Mr. Tudela is also a Louisiana domiciliary.

Furthermore, the plaintiffs have not alleged any federal question jurisdiction pursuant to 28 U.S. C. A. 1331, that would confer jurisdiction on this Court.  The plaintiffs allege no cause of action "arising under the constitution, laws or treaties of the United States."  Plaintiffs allege generally causes of action against various defendants as follows:

    a.    Breach of an implied warranty of merchantability;

    b.    Breach of an implied warranty of fitness for the products intended purpose;

    c.    Products liability;

    d.    Breach of expressed warranties;

    e.    Violation of the Louisiana Unfair Trade Practices Act and Consumer Protection Law;

3

f.    Redhibition;

g.    Fraudulent misrepresentation;

h.    Negligent misrepresentation;

i.    Medical Monitoring.

These are all state law causes of action.

In conclusion, the court lacks jurisdiction over the plaintiffs' claims in this matter. The plaintiffs have not alleged any federal question causes of action and there is a lack of diversity of citizenship.   Accordingly, this matter should be dismissed pursuant to FRCP Rule 12(b)(1).

"It is incumbent on all Federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking.   This is the first principle of Federal jurisdiction." *Stockman v. Federal Election Commission,* 138 F.3d 144, 151 (5th Cir. 1998).

4

Respectfully submitted,

**HEBBLER & GIORDANO, L.L.C.**
*Attorneys at Law*

BY:

GEORGE P. HEBBLER, JR. (T.A.)
Louisiana Bar No:  6722
Email: hebbler@hebblergiordano.com
FRANK A. ROMEU, JR.
Louisiana Bar No: 18412
Email: romeu@hebblergiordano.com
MICHAEL P. HIGGINS
Louisiana Bar No: 30554
Email: higgins@hebblergiordano.com
Attorney for Defendants
3636 S. I-10 Service Road W, Suite 300
Metairie, Louisiana  70001
Telephone:  (504) 833-8007
Facsimile:  (504) 833-2866

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion to Dismiss for Lack of Subject Matter Jurisdiction has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No.6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 23rd day of October, 2009.

George P. Hebbler, LSBA #6722

5

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * * | MDL 2047 SECTION: L JUDGE FALLON |
| * * * * * * * * | * | MAG. JUDGE WILKINSON |

**THIS DOCUMENTS RELATES TO:**

RONNIE VAN WINKLE SR. et al        No. 09-4378

## REQUEST FOR ORAL ARGUMENT

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Nautilus Insurance Company, who, pursuant to Local Rule 78, 1E, respectfully requests oral argument on its *Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to FRCP Rule 12(b)(1).* The Motion is set for hearing on November 18, 2009, at 9:00 a.m. before the Honorable Judge Eldon E. Fallon, in the United States District Court for the Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130. Nautilus Insurance Company represents that the *Motion to Dismiss for Lack of Subject Matter Jurisdiction* presents unique issues that need to be discussed in open court.

RESPECTFULLY SUBMITTED:

**HEBBLER & GIORDANO, L.L.C.**
*Attorneys at Law*

BY: _____

      GEORGE P. HEBBLER, JR. (T.A.)
      Louisiana Bar No:  6722
      Email: hebbler@hebblergiordano.com
      FRANK A. ROMEU, JR.
      Louisiana Bar No: 18412
      Email: romeu@hebblergiordano.com
      MICHAEL P. HIGGINS
      Louisiana Bar No: 30554
      Email: higgins@hebblergiordano.com
      Attorney for Defendants
      3636 S. I-10 Service Road W, Suite 300
      Metairie, Louisiana  70001
      Telephone:  (504) 833-8007
      Facsimile:  (504) 833-2866

## CERTIFICATE OF SERVICE

    I hereby certify that the above and foregoing Motion to Dismiss for Lack of Subject Matter Jurisdiction has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No.6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 23rd day of October, 2009.

_____
George P. Hebbler, LSBA #6722



Plaintiff Profile Form – Residential Properties

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION
THIS DOCUMENT RELATES TO: ALL CASES

MDL NO. 2047
SECTION: L
JUDGE FALLON
MAG. JUDGE WILKINSON

For Internal Use Only

File Number

Date Received

This Plaintiff Profile Form must be completed and signed by every person making a claim in this litigation using one form per affected address. In completing this Profile Form, you are under oath and must provide information that is true and correct to the best of your knowledge. If you cannot recall all of the details requested, please provide as much information as you can and expressly indicate "unknown" in the space provided when not known. You must supplement your responses if you learn they are incomplete or incorrect in any material respect. You may and should consult with your attorney if you have any questions regarding completion of this form. If you are completing the form for someone who has died or who cannot complete the Profile Form, please answer as completely as you can for that person.

The questions and requests for production contained within this Profile Form are non-objectionable and shall be answered without objection. By answering this Profile Form, you are not waiving the attorney work product and/or attorney client privileges. Similarly, by disclosing the identity of consultants, such consultants may remain non-testifying experts and are subject to all protections afforded by law.

To the extent that the form does not provide enough space to complete your responses, you may attach as many sheets of paper as necessary. All photographs produced in response to this form shall be in color and attached to or printed on 8 1/2" x 11" white paper.

| Section I. Property Information | Section II. Insurance Information |
|---|---|
| Name Property Owner: Anne & Ronnie Van Winkle, Sr. | Homeowner/ Renter Insurer: Hartford Insurance Co. of the Midwest |
| Address of Affected Property: 70304 8th Street, Covington, LA 70433 | Policy #: 55 RBC 328750 |
| Is this Property:* ☒ Residential ☐ Commercial ☐ Governmental | Agent: |
| Name of Person Completing this Form: Anne Van Winkle | Address: Hartford Insurance, P.O. Box 14265, Lexington, KY 40512-4265 |
| Is above your primary residence? ⊙ Yes   No ☐ | |
| Mailing Address (if different): | Phone: (281) 252-8088 |
| Phone: (504) 220-3055 | + Attach Copy of Insurance Declaration Page |
| * If your response is commercial or governmental you should not fill out the remaining questions; you will receive a follow up form at a later date. | |
| Circle one: ☒ Owner-Occupant ☐ Owner Only ☐ Renter-Occupant | |
| Represented By: Jonathan B. Andry | |
| Address: The Andry Law Firm, 610 Baronne Street, New Orleans, LA 70113 | |
| Phone: (504) 586-8899 | |
| Case No. /Docket Info: 09-4378; USDC ED LA | |

| Name of Claimant | Dates Occupied | | Gender | Date of Birth | Are you claiming personal injuries?* Circle One | Identify Claimant Status as an Owner-Occupant, an Owner Only, or an Occupant or Renter Only |
|---|---|---|---|---|---|---|
| | Move-In | Leave | | | | |
| Anne S. Van Winkle | 07/27/06 | / / | M / ☒ | 11/05/56 | ⊙Yes   No | Owner-Occupant |
| Ronnie Van Winkle, Sr. | 07/27/06 | / / | ☒/F | 03/13/53 | ⊙Yes   No⊙ | Owner-Occupant |
| | / / | / / | M / F | / / | ⊙Yes   No⊙ | |
| | / / | / / | M / F | / / | ⊙Yes   No⊙ | |
| | / / | / / | M / F | / / | ⊙Yes   No⊙ | |
| | / / | / / | M / F | / / | ⊙Yes   No⊙ | |
| | / / | / / | M / F | / / | ⊙Yes   No⊙ | |
| | / / | / / | M / F | / / | ⊙Yes   No⊙ | |
| | / / | / / | M / F | / / | ⊙Yes   No⊙ | |

* Personal injuries include claims for mental anguish and medical monitoring.



EXHIBIT
B

Page 1

Plaintiff Profile Form – Residential Properties

## Section IV. Inspection Information

1.0. Have you, or has anyone on your behalf, conducted an inspection into whether Chinese-manufactured drywall is present in your home?  ⊙Yes  No ○

1.1. If "Yes" to Question 1.0 Section IV: Who conducted the inspection?  Anne Van Winkle, Brian Tudela, Jason Walker, David Morris

1.2. When did the inspection take place?  03 28 09,  4-15-09 and 5-21-09.

2.0. Has a determination been made that Chinese-manufactured drywall is present in your home?  ⊙Yes  No ○

2.1. If "Yes" to Question 2.0, Section IV: Who made this determination?  Anne Van Winkle, Brian Tudela, Jason Walker, David Morris

2.2. When was this determination made?  03 28 09,  4-15-09 and 5-21-09.

## Section V. Drywall Information

| Drywall Manufacturer | Markings on Drywall | Location in Home |
|---|---|---|
| KNAUF-GIPS, KG and/or KNAUF Plasterboard Tianjin Co., Ltd. | "KNAUF-TIANJIN" and "CHINA" on back of drywall. | Sheetrock is throughout home. The markings can be seen on back of the drywall in the attic of the home. |

## Section VI. Home Information

| | | Yes | No |
|---|---|---|---|
| Approx. Sq. Ft. of House: | 1303 | | |
| Estimated Sq. Ft. of Drywall | unknown | | |
| Height of Interior Walls | 9' and 10' | | |
| Number of Bedrooms: | 3 | | |
| Number of Bathrooms: | 2 | | |

| Occupied | ☒ | |
| Year-round | ☒ | |
| Summer | | |
| Winter | | |

### Plumbing System

| | Blackening or Corrosion? | | |
|---|---|---|---|
| | Yes | No | N/A |
| PVC/ CPVC/ Plastic Piping | | | ☒ |
| Copper Piping | ☒ | | |
| Copper Fixtures | ☒ | | |
| Other Fixtures | ☒ | | |
| Were repairs made to the plumbing system? | | No | |
| Dates: | | | |

### Electrical System

| | Blackening or Corrosion? | | |
|---|---|---|---|
| | Yes | No | N/A |
| Receptacles | ☒ | | |
| Switches | ☒ | | |
| Main Panel | ☒ | | |
| 2nd Panel | | | ☒ |
| Exposed Copper Wires | ☒ | | |
| Were repairs made to the electrical system? | | ☒ | |
| Dates: | | | |

+ Attach Copy of Floor Plan on 8 1/2" X 11" paper

## Section VII. Construction/Renovation Information

Date Range for New Home Construction: (Month/Day/Year)

| Start Date: | / / | Completion Date | / / |
| Move in Date: | 07 21 06 | Date Acquired Home | 07 21 06 |

Date Range for Renovations: (Month/Day/Year)

| Start Date: | / / | Completion Date | / / |
| Move in Date: | / / | | |

| Renovation(s) | Yes | No | N/A |
|---|---|---|---|
| First Floor: 1/2 Wall of drywall replaced | | | |
| First Floor: Full Wall of drywall replaced | | | |
| Second Floor: Any drywall replaced | | | |

## Section VIII. Homebuilder/ General Contractor/ Developer Information

Homebuilder/ General Contractor/ Developer's Name:  Brian Tudela

Address:  Tudela Classic Homes, LLC
22374 Max Jude Lane
Mandeville, LA 70471

Phone: (504) 390 - 3461

+ Attach Copy of Construction/Renovation Contract
+ Attach Copy of New Home Warranty Declaration

## Section IX. Drywall Installer

Drywall Installer's Name:  unknown

Address:

Phone: ( )

## Section X. Drywall Supplier

Drywall Supplier's Name:  Interior Exterior Building Supply

Address:  1701 South Lane
Mandeville, LA 70471

Phone: (985) 809 - 7069

Page 2

**Section XI. Verification of Plaintiff Profile Form**

I declare under penalty of perjury under the laws of the United States of America and pursuant to 28 U.S.C. § 1746 that all information provided in this Plaintiff Profile Form is true and correct to the best of my knowledge, and that I have supplied all of the documents requested in this declaration to the extent that such documents are in my possession, custody or control.

| Claimant's Signature | 8/27/09 Date Signed | Claimant's Signature | Date Signed |
| Claimant's Signature | 8/27/09 Date Signed | Claimant's Signature | Date Signed |
| Claimant's Signature | Date Signed | Claimant's Signature | Date Signed |



Sep 11 2008 18:04:27          ->          5046715009 The Hartford Fax          Page 002



This  DECLARATIONS  Page, with Policy Jacket Form          and Forms And          DUPLICATE
Endorsements Listed Below COMPLETES Your HOMEOWNERS POLICY

INSURER:   HARTFORD INSURANCE COMPANY OF THE MIDWEST
           200 EXECUTIVE BLVD., SOUTHINGTON, CT 06489

**DECLARATIONS**

POLICY NO: 55 RBC328750

Named Insured and
RESIDENCE PREMISES          VAN WINKLE, ANNE S
                            70304 8TH ST
                            COVINGTON, LA 70433

Policy Period 12:01 A.M. Standard Time
at the Residence Premises     FROM: 07-21-08   TO: 07-21-09     TERM: 1 YEAR

PRODUCER NAME:          CODE: 553780
Customer Service: 1-800-423-0567   Claims Service: 1-877-805-9918

TOTAL POLICY PREMIUM:          $1,514.00          7/21   245.04
                                                  8/21   115.36

COVERAGE IS PROVIDED WHERE A LIMIT OF LIABILITY IS SHOWN FOR THE COVERAGE.

| COVERAGES | LIMIT OF LIABILITY |
|---|---|

SECTION I
A. DWELLING                                        $   179,000
B. OTHER STRUCTURE                              $    17,900
C. PERSONAL PROPERTY                            $   125,300
D. LOSS OF USE                                  $    35,800

SECTION II
E. PERSONAL LIABILITY: EACH OCCURRENCE          $   300,000
F. MEDICAL PAYMENTS TO OTHERS: EACH PERSON      $     1,000

DEDUCTIBLE - SECTION I: $  500 DEDUCTIBLE EXCEPT FOR A WIND/HAIL DEDUCTIBLE
EQUAL TO 2% OF COVERAGE A.

MORTGAGEE:          # 1122466010
SBA
P O BOX 156089
FT WORTH          TX 76155          800 487 6019

COUNTERSIGNED BY -----------------------------------AUTHORIZED AGENT

----CONTINUED ON PAGE 2----

Form H-525 (facsimile)





DECLARATIONS (CONTINUED)                POLICY NO. 55 RBC328750

       NAMED INSURED: VAN WINKLE, ANNE S


RATING INFORMATION:
   1 FAMILY ALUM OR PLASTIC DWELLING BUILT IN 2006
   STATE 17 TERR. 47 PROTECTION CLASS 3 TAX CODE 0812
   FIRE PROTECTION PROVIDER COVINGTON
   WITHIN 1000 FEET OF A FIRE HYDRANT AND WITHIN 4 MILES OF A FIRE STATION
   INSIDE CITY LIMITS PREMIUM GROUP 1.00

FORMS AND ENDORSEMENTS NOW MADE PART OF THIS POLICY:
   (ENTRIES ON ENDORSEMENTS MAY BE LEFT BLANK IF SHOWN ELSEWHERE IN THE POLICY)
   HO 00 03    10 00   SPECIAL FORM                          BASIC PREMIUM $ 1,345.00
   HW 05 44    04 05   PROTECTORPLUS ZERO DEDUCTIBLE          PREMIUM        NIL
   HW 01 03    06 03   AMENDATORY ENDORSEMENT                 PREMIUM        NIL
   HO 04 96    10 00   NO SECT II COV-HOME DAY CARE BUSINESS  PREMIUM        NIL
   HW 01 63    02 08   SPECIAL PROVISIONS - LOUISIANA         PREMIUM        NIL
   HO 03 12    10 00   WINDSTORM-HAIL PERCENTAGE DEDUCTIBLE   PREMIUM        INCLUDED
   HO 04 90    10 00   PERS PROP REPLACEMENT COST LOSS STLMNT PREMIUM $      135.00
   HO 04 16    10 00   PREMISES ALARM OR FIRE PROT. SYSTEM    CREDIT  $       54.00
                        4 PERCENT CREDIT
   HO 03 42    01 05   LIMITED FUNGI, ROT OR BACTERIA COV     PREMIUM        NIL
                        $10,000 PROPERTY DAMAGE   $50,000 LIABILITY
   HW 05 40    01 05   ADDTL LIMITS OF LIAB COV A,B,C,D - LA  PREMIUM $        5.00
                        CAP 1.50
   HW 01 01    06 03   LIFETIME CONTINUATION AGREEMENT        PREMIUM        NIL
COVERAGE E OR F INCREASE                                      PREMIUM $       11.00
2008 LA FAIR PLAN EMERGENCY                                   PREMIUM $       72.00
                                              TOTAL PREMIUM          $    1,514.00

AUTOMATED LINE 1-800-423-0567             BILLING ID 85157870

                           - PLEASE NOTE -
A LOSS FREE CREDIT DOES NOT APPLY TO YOUR POLICY
 3% AGE OF DWELLING CREDIT APPLIES - INCLUDED IN BASIC PREMIUM
 5% AUTOMOBILE CREDIT APPLIES - INCLUDED IN BASIC PREMIUM
100% OF THE REPLC COST FOR COVERAGE A
03% RENEWAL CREDIT APPLIES - INCLUDED IN BASIC PREMIUM

              THE FOLLOWING ITEMS ARE ENCLOSED FOR YOUR REVIEW.
DRH-5-2          FLOOD INSURANCE NOTICE
DRA-928-1       OPT-OUT NOTICE
PLP-115-1       HOMEOWNERS POLICY DISCLOSURE SUMMARY
PLP-97-0        CITIZENS PROPERTY SURCHARGE INFO
DRH-415-2       NOTICE OF RATE INCREASE


                    ----PAGE 2 OF 2----          P


Form H-525 (facsimile)

THIS STATUTE HAS BEEN MODIFIED BY LEGISLATION PASSED DURING
THE 2001 REGULAR SESSION (HOUSE BILL 1129) WHICH
BECAME EFFECTIVE AUGUST 15, 2001.
Chapter 5. New Home Warranty Act
(Revised Statute Title 9 Chapter 9)
(Original Act dates to 1986)

*(handwritten: Home Warranty)*

**§3141.  Purpose**
The Legislature finds a need to promote commerce in Louisiana by providing clear, concise, and mandatory warranties for the purchasers and occupants of new homes in Louisiana and by providing for the use of homeowners' insurance as additional protection for the public against defects in the construction of new homes. This need can be met by providing a warranty for a new home purchaser defining the responsibility of the builder to that purchaser and subsequent purchasers during the warranty periods provided herein. The warranty, which is mandatory in most cases, shall apply whether or not building code regulations are in effect in the location of the structure, thereby promoting uniformity of defined building standards. Additionally, all provisions of this Chapter shall apply to any defect although there is no building standard directly regulating the defective workmanship or materials.

**§3142.  Short Title**
This Chapter shall be known and may be cited as the "New Home Warranty Act."

**§3143.  Definitions**
For purposes of this Chapter the following words, phrases, and terms shall be defined and construed as follows:
(1)   "Builder" means any person, corporation, partnership, limited liability company, joint venture or other entity which constructs a home, or addition thereto, including a home occupied initially by its builder as his residence. A person, corporation, partnership, limited liability company, joint venture, or other entity which constructs a home, or any addition thereto, is a "builder", whether or not the consumer purchased the underlying real estate with the home.
(2)   "Building standards" means the standards contained in the building code, mechanical-plumbing code, and electrical code in effect in the parish, city, or other local political subdivision where a home is to be located, at the time construction of that home is commenced, or, if the parish, city, or other local political subdivision has not adopted such codes, the Standard Building Code, together with any additional performance standards, if any, which the builder may undertake to be in compliance.
(3)   "Home" means any new structure designed and used only for residential use together with all attached and unattached structures constructed by the builder whether or not the land was purchased from the builder. Such term includes structures containing multiple family dwellings or residences.
(4)   "Initial purchaser" means any person for whom a home is built or the first person to whom a home is sold upon completion of construction.
(5)   "Major structural defect" means any actual physical damage to the following designated load-bearing portions of a home caused by failure of the load-bearing portions which affects their load-bearing functions to the extent the home becomes unsafe, unsanitary, or is otherwise unlivable:
(a)   Foundation systems and footings.
(b)   Beams.
(c)   Girders.
(d)   Lintels.
(e)   Columns.
(f)   Walls and partitions.
(g)   Floor systems.
(h)   Roof framing systems.
(6)   "Owner" means the initial purchaser of a home and any of his successors in title to a home during the time the warranties provided under this Chapter are in effect.
(7)   "Warranty commencement date" means the date that legal title to a home is conveyed to its initial purchaser or the date the home is first occupied, whichever occurs first.

**§3144.  Warranties; exclusions**
A.   Subject to the exclusions provided in R.S. 9:3144(B), every builder warrants the following to the owner:
(1)   One year following the warranty commencement date, the home will be free from any defect due to noncompliance with the building standards or due to other defects in materials or workmanship not regulated by building standards.
(2)   Two years following the warranty commencement date, the plumbing, electrical, heating, cooling, and ventilating systems exclusive of any appliance, fixture, and equipment will be free from major structural defects due to noncompliance with the building standards or due to other defects in materials or workmanship not regulated by building standards.
(3)   Five years following the warranty commencement date, the home will be free from major structural defects due to noncompliance with the building standards or due to other defects in materials or workmanship not regulated by building standards.
B.   Unless the parties otherwise agree in writing, the builder's warranty shall exclude the following items:
(1)   Fences, landscaping, including, but not limited to, sodding, seeding, shrubs, new and existing trees, and plantings, as well as off-site improvements, all driveways and walkways, or any other improvement not a part of the home itself.
(2)   After the first year, the concrete floor of a basement and the concrete floor of an attached or unattached garage that is built separate from a foundation wall or other structural element of the home.
(3)   Damage to real property which is not part of the home covered by the warranty and which is not included in the purchase price of the home.
(4)   Any damage to the extent it is caused or made worse by any of the following:
(a)   Negligence, improper maintenance, neglect or improper operation by anyone other than the builder or any employee, agent, or subcontractor of the builder.
(b)   Failure by anyone other than the builder or any employee, agent or subcontractor of the builder to comply with the warranty requirements of manufacturers of appliances, equipment, or fixtures.
(c)   Failure by the owner to give written notice by registered or certified mail to the builder of any defect within the time set forth in R.S. 9:3145. However, the provisions of this Subparagraph shall not be construed to change either the warranty periods enumerated in R.S. 9:3144(A) or the notice requirements provided by R.S. 9:3145.
(d)   Any change of the grading of the ground by anyone other than the builder, or any employee, agent, or subcontractor of the builder.
(e)   Any change, alteration, or addition made to the home by anyone after the initial occupancy by the owner, except any change, alteration, or addition performed by the builder, or any employee, agent, or subcontractor of the builder.

(f) Dampness, condensation, or other damage due to the failure of the owner to maintain adequate ventilation or drainage.

(5) Any loss or damage which the owner has not taken timely action to minimize.

(6) Any defect in, or any defect caused by, materials or work supplied by anyone other than the builder, or any employee, agent, or subcontractor of the builder.

(7) Normal wear and tear or normal deterioration.

(8) Loss or damage which does not constitute a defect in the construction of the home by the builder, or any employee, agent, or subcontractor of the builder.

(9) Loss or damage resulting from war, accident, riot and civil commotion, water escape, falling objects, aircraft, vehicles, acts of God, lightning, windstorm, hail, flood, mudslide, earthquake, volcanic eruption, wind driven water, and changes in the level of the underground water table which are not reasonably foreseeable.

(10) Any damage caused by soil movement which is covered by other insurance.

(11) Insect damage.

(12) Any loss or damage which arises while the home is being used primarily for a nonresidential purpose.

(13) Any condition which does not result in actual physical damage to the home.

(14) Bodily injury or damage to personal property.

(15) Any cost of shelter, transportation, food, moving, storage, or other incidental expense related to relocation during repair.

(16) Any defect not reported in writing by registered or certified mail to the builder or insurance company, as appropriate, prior to the expiration of the period specified in Subsection A of this section for such defect plus thirty days.

(17) Consequential damages.

(18) Any loss or damage to a home caused by soil conditions or soil movement if the home is constructed on land owned by the initial purchaser and the builder obtains a written waiver from the initial purchaser for any loss or damage caused by soil conditions or soil movement.

(19) Mold or Mold damage.

C. The provisions of R.S. 9:3144(A) establish minimum required warranties and shall not be waived by the owner or reduced by the builder provided the home is a single or multiple family dwelling to be occupied by an owner as his home.

*#3145. Required Notice*

Before undertaking any repair himself or instituting any action for breach of warranty, the owner shall give the builder written notice, by registered or certified mail, within one year after knowledge of the defect, advising him of all defects and giving the builder a reasonable opportunity to comply with the provision of this Chapter. The builder shall give the owner written notice of the requirements of this Chapter at the time of the closing.

*#3146. Peremption*

Any action to enforce any warranty provided in the Chapter shall be subject to a peremptive period of thirty days after the expiration of the appropriate time period provided in R.S. 9:3144.

*#3147. Insurance*

All or part of the builder's obligation under any warranty required in this Chapter may be insured by the builder for the benefit of the purchaser through an insurance company authorized to transact business in this state.

*#3148. Transfer of Warranty and Insurance*

Any warranty imposed under the provisions of this Chapter and any insurance benefit shall automatically transfer without charge, to a subsequent owner who acquires title to the home. Any transfer of the home shall not extend the duration of any warranty or insurance coverage.

*#3149. Violations; limitations*

A. If a builder violates this Chapter by failing to perform as required by the warranties provided in the Chapter, any affected owner shall have a cause of action against the builder for actual damages, including attorney fees and court costs, arising out of the violation. The damages with respect to a single defect shall not exceed the reasonable cost of repair or replacement necessary to cure the defect, and damages with respect to all defects in the home shall not exceed the original purchase price of the home.

B. The parties may provide for the arbitration of any claim in dispute. Any arbitration shall comply with, and may be binding only to the extent provided in R.S. 9:4201 et seq.

*#3150. Exclusiveness.*

This chapter provides the exclusive remedies, warranties, and prescriptive periods as between builder and owner relative to home construction and no other provisions of law relative to warranties and redhibitory vices and defects shall apply. Nothing herein shall be construed as affecting or limiting any warranty of title to land or improvements.

Acknowledgment of Receipt

A copy of "Chapter 5. New Home Warranty Act" was given to the home buyer of the property located at:

70304 8TH STREET, COVINGTON LA 70433

Date: July 21, 2006

[signature]
Homebuilder

[signature]
Home Buyer

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RONNIE VAN WINKLE, SR. and ANNE VAN WINKLE, Individually and as Husband and Wife | CIVIL ACTION NO. 09-4378 |
| | SECTION: L |
| VERSUS | MAG. 2 |
| KNAUF GIPS KG, KNAUF PLASTERBOARD TIANJIN CO., LTD., TAISHAN GYPSUM CO. LTD. f/k/a SHANDONG TAIHE DONGXIN CO. LTD., USG CORPORATION, L&W SUPPLY CORPORATION d/b/a SEACOAST SUPPLY, INTERIOR EXTERIOR BUILDING SUPPLY, INDEPENDENT BUILDERS SUPPLY ASSOCIATION, INC. ROTHCHILT INTERNATIONAL LIMITED, TUDELA'S CLASSIC HOMES, L.L.C., and NAUTILUS INSURANCE GROUP, LLC | |

**AFFIDAVIT OF BRIAN TUDELA**

**STATE OF LOUISIANA**

**PARISH OF ST. TAMMANY**

BEFORE ME, the undersigned notary, personally came and appeared:

**BRIAN TUDELA**

who, after being duly sworn, did depose and state:

1.    He is the sole member and owner of Tudela's Classic Homes, LLC;

2.    Tudela's Classic Homes, LLC was established on July 26, 2004 and its domicile and principle place of business are located in St. Tammany Parish, Louisiana and has been since its inception;



EXHIBIT
C

3.    In addition, my residence and domicile is in St. Tammany Parish, Louisiana and has been since approximately 2001.
              (Year)

BRIAN TUDELA

SWORN TO AND SUBSCRIBED

BEFORE ME ON THE _14th_ DAY

OF _October_ , 2009.

Signed: _____

Print Name: _Wade Langlais_

Notary/Bar Number: _# 17681_

My Commission expires: _lifetime_

G:\2918\0042\Pleadings\Mt. to Dismiss Affidavit.wpd