UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED | * | MDL NO. 2:09-md-2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION "L" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE ELDON E. FALLON |
| DAVID GROSS, CHERYL GROSS AND | * | |
| LOUIS VELEZ, ET AL | | |
| VERSUS | * | MAGISTRATE JUDGE JOSEPH C. |
| KNAUF GIPS, ET AL | * | WILKINSON, JR. |
| 2:09-CV-6690-EEF-JCW | * | |
| * * * * * * * * * * * * * * * * | * | |

**DEFENDANT THOMPSON WOOD PRODUCTS, INC.'S AFFIRMATIVE DEFENSES AND ANSWERS TO PLAINTIFFS' ORIGINAL AND AMENDED ONMIBUS CLASS ACTION COMPLAINTS**

**NOW INTO COURT** through undersigned counsel comes Thompson Wood Products, Inc. (hereinafter referred to as "Defendant" and/or "Thompson"), who in response to the allegations contained in Plaintiffs' Omnibus Class Action Complaint (III) ("Complaint") issues a general denial of each and every allegation including but not limited to, Defendant designed, manufactured, imported, distributed, delivered, supplied, marketed, inspected, installed or sold any defective drywall at issue in this litigation. Defendant otherwise responds to the complaint and does respectfully aver:

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendant pleads each and every affirmative defense available pursuant to Federal Rules of Civil Procedure (FRCvP) Rule 12(b), including but not limited to Rule 12(b)(6), and further reserves the right to plead any and all other defenses allowed by law which are not now known but become known during the course of this litigation.

### SECOND DEFENSE

Defendant affirmatively avers it did not a) design, b) manufacture, c) export, d) import, e) distribute, f) deliver, g) supply, h) inspect, i) install, j) market, k) purchase, or l) sell the drywall made subject to this litigation and therefore did not owe a duty of reasonable care to any of the Plaintiffs and Class Members.

### THIRD DEFENSE

Defendant affirmatively avers it did not owe any statutory duties to Plaintiffs and Class Members as it did not a) design, b) manufacture, c) export, d) import, e) distribute, f) deliver, g) supply, h) inspect, i) install, j) market, k) purchase, or l) sell the drywall made subject to this litigation.

### FOURTH DEFENSE

Defendant affirmatively avers it did not owe a duty to Plaintiffs and Class Members to warn of the alleged defects in the drywall made subject to this litigation as it did not a) design, b) manufacture, c) export, d) import, e) distribute, f) deliver, g) supply, h) inspect, i) install, j) market, k) purchase, or l) sell said drywall.

**FIFTH DEFENSE**

Defendant affirmatively avers it did not owe an express and/or implied warranty of fitness to Plaintiffs and Class Members as it did not a) design, b) manufacture, c) export, d) import, e) distribute, f) deliver, g) supply, h) inspect, i) install, j) market, k) purchase or l) sell the drywall made subject to this litigation.

**SIXTH DEFENSE**

Defendant affirmatively avers it did not owe a warranty of habitability to Plaintiffs and Class Members as it did not a) design, b) manufacture, c) export, d) import, e) distribute, f) deliver, g) supply, h) inspect, i) install, j) market, k) purchase, or l) sell the drywall made subject to this litigation.

**SEVENTH DEFENSE**

Defendant affirmatively avers there was no privity of contract between it and any of the Plaintiffs and Class Members.

**EIGHTH DEFENSE**

Defendant affirmatively avers it is not a manufacturer of the drywall made subject to the instant litigation and is not liable to Plaintiffs and Class Members under the Louisiana Products Liability Act, La.R.S. 9:2800.51, *et seq*.

**NINTH DEFENSE**

Defendant affirmatively avers it has not created a private nuisance affecting Plaintiffs and Class Members as it did not a) design, b) manufacture, c) export, d) import, e) distribute, f) deliver, g) supply, h) inspect, i) install, j) market, k) purchase, or l) sell the drywall made subject to this litigation.

**TENTH DEFENSE**

Defendant affirmatively avers it had no actual or constructive knowledge of any alleged corrosive and dangerous propensities of the drywall made subject to the instant litigation as it did not a) design, b) manufacture, c) export, d) import, e) distribute, f) deliver, g) supply, h) inspect, i) install, j) market, k) purchase, or l) sell said drywall.

**ELEVENTH DEFENSE**

Defendant affirmatively avers it has not received money from any Plaintiff or Class Member and therefore has not been unjustly enriched in any manner.

**TWELFTH DEFENSE**

Defendant affirmatively avers it is not a vendor of the drywall made subject to the instant litigation and is not liable to Plaintiffs and Class Members under the Louisiana Unfair Trade Practices and Consumer Protection Law, La.R.S. 51:1401, *et seq*.

**THIRTEENTH DEFENSE**

Defendant affirmatively avers Plaintiffs' and Class Members' damages and/or injuries contained within the Complaint were caused in whole or in part by their own negligence, as such Plaintiffs and Class Members are barred in whole or in part from recovery thereof.

**FOURTEEHTH DEFENSE**

Defendant affirmatively avers Plaintiffs' and Class Members' damages and/or injuries were caused by the negligence and/or fault of third parties for whom Defendant is not responsible and for whom Defendant exercised no control.

**FIFTEENTH DEFENSE**

Defendant affirmatively avers Plaintiffs' and Class Members' claims contained within the Complaint are barred in whole or in part by their own failure to mitigate their alleged damages.

**SIXTEENTH DEFENSE**

Defendant affirmatively avers Plaintiffs' and Class Members' damages and/or injuries were caused by events beyond the control of Defendant.

**SEVENTEENTH DEFENSE**

Defendant affirmatively avers Plaintiffs' and Class Members' claims are barred in whole or in part by prescription and/or preemption.

**EIGHTEENTH DEFENSE**

Defendant affirmatively avers Plaintiffs' and Class Members' claims are barred in whole or in part by their failure to exhaust any and all administrative remedies which may be afforded to the parties.

**NINETEENTH DEFENSE**

Defendant affirmatively avers Plaintiffs and Class Members have not alleged or sustained any actual damages and/or injuries that were proximately caused by Defendant.

**TWENTIETH DEFENSE**

Defendant affirmatively avers Plaintiffs' and Class Members' claims are barred in whole or in part by prescription and/or preemption pursuant to the Louisiana New Home Warranty Act, La.R.S. 9:3141, *et seq*.

**TWENTY-FIRST DEFENSE**

Defendant affirmatively avers Plaintiffs and Class Members fail to state a cause of action against Defendant for which relief can be granted.

**TWENTY-SECOND DEFENSE**

Defendant affirmatively avers Plaintiffs' and Class Members' allegations contained within the Complaint are vague and ambiguous and should be dismissed as this Defendant is not a member of any class of defendants contained within the Complaint.

**TWENTY-THIRD DEFENSE**

Defendant affirmatively avers the Louisiana New Home Warranty Act is the exclusive remedy relative to new home construction and no other provision of law apply.

**TWENTY-FOURTH DEFENSE**

Defendant affirmatively avers the defense of comparative fault.

**TWENTY-FIFTH DEFENSE**

Defendant reserves its rights to supplement and/or amend this answer and raise additional defenses which may be ascertained during discovery.

**ANSWER**

**AND NOW FURTHER** answering, Defendant, Thompson Wood Products, Inc. ("Defendant" and/or "Thompson") does respectfully aver:

1.

Each and every allegation contained within the four unnumbered introductory paragraphs of the Complaint is denied.

## JURISDICTION, PARTIES, AND VENUE

2.

Paragraphs 1 – 3 are denied for lack of sufficient information to justify a belief therein.

## PLAINTIFFS

3.

Paragraphs 4 – 1062 identify Plaintiffs and do not make allegations against Defendant and do not require a response. However, in an abundance of caution to the extent allegations exist, they are denied.

## DEFENDANTS

4.

Paragraph 1063 is a general statement of domicile of all defendants and does not make allegations against Defendant and does not require a response. However, in an abundance of caution to the extent allegations exist, they are denied.

    A.    **Allegations Regarding the *Gross* Defendants**

5.

To the extent the allegations contained within Paragraph 1064 are against Thompson Wood Products, Inc., they are denied.

6.

In response to the allegations contained within Paragraph 1065 incorporating the factual allegations of the *Gross* Complaint contained within ¶¶ 15 – 146 as presently pled

and subsequently amended, Defendant restates and re-avers its responses as if stated herein *in extenso*.

7.

In response to the allegations contained within Paragraph 1066 incorporating the allegations of the *Gross* Complaint contained within ¶¶ 147 - 152 as presently pled and subsequently amended, Defendant restates and re-avers its responses as if stated herein *in extenso*.

8.

In response to the allegations contained within Paragraph 1067 incorporating the *Gross* Complaint as presently pled and subsequently amended, Defendant restates and re-avers its affirmative defenses, responses, prayers for relief, and any unnumbered and/or misnumbered paragraphs as if stated herein *in extenso*.

### B.     Allegations Regarding Identifiable Defendants

### The Distributor/Supplier/Importer/Exporter/Broker Defendants

9.

Paragraphs 1068 - 1120 pertain to other parties, do not make allegations against Defendant, and therefore do not require a response. However, in an abundance of caution to the extent allegations exist, they are denied.

### The Developer/Builder Defendants

10.

Paragraphs 1121 - 1315 pertain to other parties, do not make allegations against Defendant, and therefore do not require a response.  However, in an abundance of caution to the extent allegations exist, they are denied.

11.

The allegations contained within paragraph 1316 are denied except to admit Thompson Wood Products, Inc. is a Louisiana Corporation with its address at 78290 Hwy 1083, Bush, Louisiana 70431.

12.

Paragraphs 1317 - 1335 pertain to other parties, do not make allegations against Defendant, and therefore do not require a response.  However, in an abundance of caution to the extent allegations exist, they are denied.

**The Contractor/Installer Defendants**

13.

Paragraphs 1336 - 1335 pertain to other parties, do not make allegations against Defendant, and therefore do not require a response.  However, in an abundance of caution to the extent allegations exist, they are denied.

**FACTS REGARDING PRODUCT DEFECTS**

14.

Each and every allegation contained within paragraphs 1423 - 1426 is denied for lack of sufficient information to justify a belief therein.

15.

Each and every allegation contained within paragraphs 1427 - 1433 is denied.

## **DEFENDANTS HAVE FRAUDULENTLY CONCEALED THEIR IDENTIFY**

16.

Each and every allegation contained within paragraphs 1434 - 1440 is denied.

## **CLASS ACTION ALLEGATIONS**

17.

Paragraphs 1441 - 1442 pertain to other parties, do not make allegations against Defendant, and therefore do not require a response.  However, in an abundance of caution to the extent allegations exist, they are denied.

### **The *Gross* Class**

18.

Each and every allegation contained within paragraph 1443 is denied for lack of sufficient information to justify a belief therein.

### **The Distributor/Supplier/Importer/Exporter/Broker Subclasses (Subclasses 1 – 52)**

19.

Paragraphs 1444 – 1445, including Subclasses 1 – 52, pertain to other parties, do not make allegations against Defendant, and therefore do not require a response. However, in an abundance of caution to the extent allegations exist, they are denied.

### **The Builder/Developer Subclasses (Subclasses 53 – 269)**

20.

Paragraph 1446 does not make allegations against Defendant, and therefore does not require a response.  However, in an abundance of caution to the extent allegations exist, they are denied.

21.

Paragraph 1447 pertains to other parties, except for identifying Thompson Wood Products, Inc., as Subclass 250, does not require a response.  However, in an abundance of caution to the extent allegations exist, they are denied.

### The Contractor/Installer Subclasses (Subclasses 270 – 356)

22.

Paragraphs 1448 – 1449, including Subclasses 270 - 356 pertain to other parties, do not make allegations against Defendant, and therefore do not require a response. However, in an abundance of caution to the extent allegations exist, they are denied.

### General Class Allegations and Exclusions from the Class Definitions

23.

Paragraphs 1450 - 1459 do not make allegations against Defendant, and therefore do not require a response.  However, in an abundance of caution to the extent allegations exist, they are denied.

### COUNT I - NEGLIGENCE

24.

In response to ¶ 1460, Defendant adopts and restates the preceding responses as if copied herein in extenso.

25.

The allegations contained within ¶¶ 1461 – 1467 are denied.

### COUNT II – NEGLIGENCE PER SE

26.

In response to ¶ 1468, Defendant adopts and restates the preceding responses as if copied herein in extenso.

27.

The allegations contained within ¶¶ 1469 – 1474 are denied.

### COUNT III – STRICT LIABILITY

28.

In response to ¶ 1475, Defendant adopts and restates the preceding responses as if copied herein in extenso.

29.

The allegations contained within ¶¶ 1476 – 1492 are denied.

### COUNT IV – BREACH OF EXPRESS AND/OR IMPLIED WARRANTY

30.

In response to ¶ 1493, Defendant adopts and restates the preceding responses as if copied herein in extenso.

31.

The allegations contained within ¶¶ 1491 - 1500 are denied.

### COUNT V = BREACH OF THE IMPLIED WARRANTY OF FITNESS AND MERCHANTABILITY PURSUANT TO FLORIDA STATUTES SECTION 718.203

32.

In response to ¶ 1501, Defendant adopts and restates the preceding responses as if copied herein in extenso.

33.

Paragraphs 1502 - 1512, do not make allegations against Defendant, and therefore do not require a response. However, in an abundance of caution to the extent allegations exist, they are denied.

**COUNT VI – BREACH OF THE IMPLIED WARRANTY OF HABITABILITY**

34.

In response to ¶ 1513 Defendant adopts and restates the preceding responses as if copied herein in extenso.

35.

The allegations contained within ¶¶ 1514 - 1519 are denied.

**COUNT VII – BREACH OF CONTRACT**

36.

In response to ¶ 1520, Defendant adopts and restates the preceding responses as if copied herein in extenso.

37.

The allegations contained within ¶¶ 1521 - 1523 are denied.

**COUNT VIII – VIOLATION OF THE LOUISIANA NEW HOME WARRANTY ACT**

38.

In response to ¶ 1524, Defendant adopts and restates the preceding responses as if copied herein in extenso.

39.

The allegations contained within ¶¶ 1525 - 1530 are denied.

### COUNT IX - REDHIBITION

40.

In response to ¶ 1531, Defendant adopts and restates the preceding responses as if copied herein in extenso.

41.

The allegations contained within ¶¶ 1532 - 1540 are denied.

### COUNT X – LOUISIANA PRODUCTS LIABILITY ACT

42.

In response to ¶ 1541, Defendant adopts and restates the preceding responses as if copied herein in extenso.

43.

Paragraphs 1542 – 1554 do not make allegations against Defendant, and therefore do not require a response. However, in an abundance of caution to the extent allegations exist, they are denied.

### COUNT XI – PRIVATE NUISANCE

44.

In response to ¶ 1555, Defendant adopts and restates the preceding responses as if copied herein in extenso.

45.

The allegations contained within ¶¶ 1556 - 1561 are denied.

## COUNT XII – NEGLIGENT DISCHARGE OF A CORROSIVE SUBSTANCE

46.

In response to ¶ 1562, Defendant adopts and restates the preceding responses as if copied herein in extenso.

47.

The allegations contained within ¶¶ 1563 - 1568 are denied.

## COUNT XIII – UNJUST ENRICHMENT

48.

In response to ¶ 1569, Defendant adopts and restates the preceding responses as if copied herein in extenso.

49.

The allegations contained within ¶¶ 1570 - 1572 are denied.

## COUNT XIV – VIOLATION OF THE CONSUMER PROTECTION ACT

50.

In response to ¶ 1573, Defendant adopts and restates the preceding responses as if copied herein in extenso.

51.

The allegations contained within ¶ 1574 are denied for lack of sufficient information to justify a belief therein.

52.

The allegations contained within ¶¶ 1575 - 1577 are denied.

## COUNT XV – EQUITABLE AND INJUNCTIVE RELIEF
## AND MEDICAL MONITORING

53.

In response to ¶ 1578, Defendant adopts and restates the preceding responses as if copied herein in extenso.

54.

The allegations contained within ¶¶ 1579 - 1590 are denied as written for lack of sufficient information to justify a belief therein.

## JURY DEMAND

55.

Plaintiffs' paragraph labeled "Demand for Jury Trial" does not require a response from Defendants. However, in an abundance of caution to the extent allegations exist, they are denied.

## PRAYER FOR RELIEF

56.

The allegations contained within Plaintiffs' prayer for relief including subparts a – k, are denied.

57.

Further, and in an abundance of caution, Defendant denies each and every allegation contained within any unnumbered and/or misnumbered paragraphs and prayer for relief, including all subparts.

**WHEREFORE** Defendant, Thompson Wood Products, Inc., prays this its Answer and Affirmative Defenses to Plaintiffs' Class Action Complaint and Class Action Amended Complaint be deemed good and sufficient and after due proceedings had, there be judgment in favor of Defendant dismissing all of Plaintiffs' and Class Members' claims with prejudice, all costs including attorney fees assessed to Plaintiffs and Class Members, and all other general and equitable relief deemed necessary by this Honorable Court.

RESPECTFULLY SUBMITTED:
WYNNE, GOUX & LOBELLO
Attorneys At Law, L.L.C.

By: Original /s/ *Martha D. Bowden*
_____
JEREMY D. GOUX, LBRN 25065 - TA
MARTHA D. BOWDEN, LBRN 28316
417 North Theard Street
Covington, Louisiana 70433
985-898-0504 – Telephone
985-898-0840 – Facsimile
jgoux@wgllawfirm.com
mbowden@wgllawfirm.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** the above and foregoing Answer and Affirmative has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and email OR by hand delivery and email and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 27th day of July, 2010.

Original /s/ *Martha D. Bowden*
_____
Martha D. Bowden