**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| | **MDL NO. 09-2047** |
| **IN RE: CHINESE-MANUFACTURED DRYWALL** | **SECTION: L** |
| **PRODUCTS LIABILITY LITIGATION** | **JUDGE FALLON** |
| | **MAG. JUDGE** |
| | **WILKINSON** |

**************************************************

**THIS DOCUMENT RELATES TO:**

**DEAN AND DAWN AMATO, ET AL. vs. LIBERTY MUTUAL INSURANCE COMPANY, ET AL;**

**CASE NO. 2010 CV 932**

---

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

**MAY IT PLEASE THE COURT:**

Defendants, The Porter Blaine Corporation, also identified as, "The Porter-Blaine Corporation" (hereinafter sometimes "Porter Blaine") and Venture Supply, Inc, also identified as, "Venture Supply Company" (hereinafter sometimes "Venture Supply") through undersigned counsel, appearing solely for the purpose of this Motion to Dismiss, move this Honorable Court to issue an Order dismissing the claims of the plaintiffs under Fed. R. Civ. Pro. Rule 12 (b)(2)

and (3) for the reasons articulated below. Specifically, The Porter Blaine Corporation and Venture Supply, Inc. are not subject to, nor have they submitted to, the jurisdiction of this Court, and the Eastern District of Louisiana is an improper venue for the proceedings against The Porter Blaine Corporation and Venture Supply, Inc.

## I. BACKGROUND FACTS

This case includes numerous and varying claims arising out of the importation, installation, and use, of allegedly tainted dry wall. On March 19, 2010, plaintiffs filed "Plaintiffs' Omnibus Class Action Complaint (V)" naming Porter Blaine, Venture Supply and many other entities as defendants. (Rec. Doc. 1). Plaintiffs name "Venture Supply Company" as a defendant, alleging that "Venture Supply Company" is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices. (Rec. Doc. 1, Paragraph 488). Plaintiffs' also name "Venture Supply, Inc." as a defendant. Venture Supply, Inc. is also alleged to be an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices. (Rec. Doc. 1, Paragraph 489).

Further, the plaintiffs name "The Porter-Blaine Corporation" as a defendant, alleging that "The Porter-Blaine Corporation" constructed or installed defective drywall in the homes of certain subclass members. (Rec. Doc. 1, Paragraph 540). Porter Blaine and Venture Supply are correctly alleged to be Virginia corporations, with their principle places of business located in Norfolk, Virginia. (Rec. Doc. 1).

As this Court is aware, this class action suit filed by the plaintiffs is related to numerous other filings across the country, all arising out of similar allegations that certain drywall, imported from China, is potentially hazardous. It is believed that Porter Blaine and Venture Supply were named as defendants as they are distributors or installers of drywall. However, as

will be demonstrated below, Porter Blaine and Venture Supply do not maintain minimum contacts with the State of Louisiana sufficient to allow jurisdiction by this Honorable Court. Accordingly, Porter Blaine and Venture Supply move this Court to issue an Order dismissing the plaintiffs' Complaint for lack of personal jurisdiction, and/or for improper venue.

## II.   LAW AND ARGUMENT

### A.   Porter Blaine and Venture Supply are not subject to personal jurisdiction in Louisiana.

On March 19, 2010, plaintiffs filed "Plaintiffs' Omnibus Class Action Complaint (V)" naming Porter Blaine, Venture Supply and many other entities as defendants. (Rec. Doc. 1). In this Amended Complaint, the plaintiffs allege:

> 488.
>
> Defendant, Venture Supply Company is an entity or individual with a principle place of business at 1140 Azalea Garden Road, Norfolk Virginia 23502. Defendant is organized under the laws of Virginia. Defendant is a importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.
>
> 489.
>
> Defendant, Venture Supply Inc. is an entity or individual with a principle place of business at 1140 Azalea Garden Road, Norfolk Virginia 23502. Defendant is organized under the laws of Virginia. Defendant is a importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.
>
> 540.
>
> Defendant, The Porter-Blaine Corporation is an entity or individual with a principle place of business at 1140 Azalea Garden Road, Norfolk Virginia 23502. Defendant is organized under the laws of Virginia. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

Despite these allegations, neither Porter Blaine nor Venture Supply are authorized to do, nor have they ever done, any business in the State of Louisiana. (Exhibits "A" and "B"). Neither

Porter Blaine nor Venture Supply are aware of any of their products making their way to Louisiana. (Exhibits "A" and "B"). Additionally, Porter Blaine and Venture Supply have never advertised in any publications targeted to the State of Louisiana, have never received any business from any contacts in Louisiana, do not maintain offices in Louisiana, and do not solicit any business in Louisiana. (Exhibits "A" and "B").

Initially, it is clear that when the jurisdiction of the Court over the defendant is challenged, the burden rests with the plaintiffs to prove there is personal jurisdiction. *Familia De Boom v. Arosa Mercantil*, S.A., 629 F.2d 1134 (5th Cir. 1980). Therefore, in the present matter, the burden rests with the plaintiffs to demonstrate to this Court that there is personal jurisdiction over Porter Blaine and Venture Supply. However, as will be demonstrated below, the plaintiffs are unable to meet their burden of proof.

As this Court is aware, there are two types of analyses that are applied to issues of jurisdiction, "specific" and "general". When a cause of action arises out of a defendant's purposeful contacts with the forum, the appropriate consideration is "specific" jurisdiction. *See World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Where a cause of action does not arise out of a foreign defendant's purposeful contacts with the forum, however, due process requires that the defendant have engaged in "continuous and systematic contacts" in the forum to support the exercise of "general" jurisdiction over that defendant. *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Essentially, "general jurisdiction" requires a higher level of contact with the forum to support jurisdiction over the defendant. However, as detailed below, neither Porter Blaine nor Venture Supply are subject to the jurisdiction of this Honorable Court under either a specific or general jurisdiction analysis.

***1) SPECIFIC JURISDICTION***

The Fourteenth Amendment's Due Process Clause protects a defendant's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts. *Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F.3d 374, 378 (5th Cir. 10/31/2002); citing *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

The Fifth Circuit has clarified that when determining whether a court may assert jurisdiction over a non-resident defendant there are two components. *Dalton v. R&W Marine*, Inc., 897 F.2d 1359, 1360 (5th Cir. 4/13/1990). Initially, the defendant must be amenable to service of process under the forum state's jurisdictional long-arm statute. *Id*. Second, the exercise of jurisdiction must comport with the Due Process Clause of the Fourteenth Amendment. *Id*; *See Stuart v. Spademan,* 772 F.2d 1185 (5th Cir.1985). Louisiana's long-arm statute, La. R.S. 13:3201, provides in pertinent part,

> A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
>
> (1) Transacting any business in this state.
>
> (2) Contracting to supply services or things in this state.
>
> (3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.
>
> (4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.

> (8) Manufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer's marketing practices.

"In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States." La. R.S. 13:3201 (B).

Accordingly, under the applicable case law and the Louisiana long-arm statute the proper analysis is whether exercising jurisdiction would violate the Due Process clause. The pertinent consideration regarding jurisdiction over Porter Blaine and Venture Supply is whether either has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice." *See International Shoe Co. v. Washington,* 326 U.S. at 316 (citations omitted).

The Fifth Circuit has developed a three-part test in order to determine whether jurisdiction is appropriate under the Due Process Clause and *International Shoe*. *Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F.3d 374 (5th Cir. 10/31/2002). First, the Court analyzes whether the defendant has minimum contacts with the forum state, i.e., whether it purposefully directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there. Second, the appropriate inquiry is whether the plaintiff's cause of action arises out of, or results from, the defendant's forum-related contacts. The last consideration is whether the exercise of personal jurisdiction is fair and reasonable.

**a) Porter Blaine and Venture did not purposefully direct their activities toward Louisiana.**

In order to determine whether Porter Blaine and Venture Supply have minimum contacts with Louisiana, the Court, "must identify some act whereby [the defendant] 'purposely avail[ed]

itself of the privilege of conducting activities [there], thus invoking the benefits and protections of its laws.'" *Luv n' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469-470 (5th Cir. 1/25/2006). In other words, Porter Blaine and Venture Supply's conduct must show that either "reasonably anticipates being haled into Court" in Louisiana. *Id*. at 470; citing *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). However, **neither Porter Blaine nor Venture Supply have not committed any act to show that they reasonably anticipate being haled into court in Louisiana, and the burden is on the plaintiffs to prove to the contrary.**

Plaintiffs are unable to meet their burden of proof as established by this Court and the United States Fifth Circuit. As stated above, neither Porter Blaine nor Venture Supply have sold any of their products to any customers in the State of Louisiana. (Exhibits "A" and "B"). Neither Porter Blaine nor Venture Supply have targeted any of their activities towards the State of Louisiana. (Exhibits "A" and "B"). Porter Blaine and Venture Supply are unaware, and it has not been established, that any of their products even entered Louisiana. (Exhibits "A" and "B"). Plaintiffs have not established any fact to the contrary, and it is their burden to make such a showing to this Court.

**b) Plaintiffs' claims do not arise out of any contact with Louisiana by Porter Blaine or Venture Supply.**

The second inquiry under the Fifth Circuit's test established in *Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F.3d 374 (5th Cir. 10/31/2002), is whether plaintiffs' cause of action relates to the defendant's forum-related contacts. This case involves allegedly defective drywall. Neither Porter Blaine nor Venture Supply are aware of any of their products making their way to Louisiana. (Exhibits "A" and "B"). Although plaintiffs have made vague and generic allegations about "distributing defective drywall to Class Members," plaintiffs have no information or

evidence to show that this litigation relates to any contacts with Louisiana by Porter Blaine or Venture Supply. Plaintiffs do not even allege that Porter Blaine or Venture Supply distributed drywall in Louisiana. Consequently, the plaintiffs' cause of action cannot arise from or relate to these non-existent contacts.

**c) Exercising jurisdiction over Porter Blaine or Venture Supply would violate the dictates of *International Shoe.***

Lastly, the Court must inquire into whether the exercise of jurisdiction in Louisiana would "offend traditional notions of fair play and substantial justice." *Id.*; citing *International Shoe*, 326 U.S. at 316, 66 S.Ct. 154. Neither Porter Blaine nor Venture Supply are authorized to do, nor have they ever done, any business in the State of Louisiana. (Exhibit "A"). Neither Porter Blaine nor Venture Supply are aware of any of their products making their way to Louisiana. (Exhibits "A" and "B"). Additionally, Porter Blaine and Venture Supply have never advertised in any publications targeted to the State of Louisiana, have never received any business from any contacts in Louisiana, do not maintain offices in Louisiana, and do not solicit any business in Louisiana. (Exhibits "A" and "B").

Porter Blaine and Venture Supply incorporate all of their previous arguments and submits to this Court, that requiring them to defend a suit in a state where they have absolutely no contacts, and the plaintiffs have failed to establish that any products distributed by them have entered the forum or caused injury, would "offend traditional notions of fair play and substantial justice." Furthermore, the burden and expense of litigating in Louisiana, and the expected heavy amount of travel from Virginia in order to defend the allegations in this complex litigation outweighs the benefit of exercising jurisdiction. See in general: *Felch v. Transportes Lar-Mex SA De CV*, 92 F.3d 320, 324 (5th Cir. 1996) (Wherein the Fifth Circuit announces the reasonableness factors discussed *infra*). While Louisiana has an interest in protecting its citizens, and Porter

Blaine and Venture Supply acknowledge this fact, Porter Blaine and Venture Supply have never directed any activity to the citizens of Louisiana (Exhibits "A" and "B"), and plaintiffs must satisfy their *prima facie* showing prior to this Court considering Louisiana's interest in adjudicating this matter. Next, the plaintiff may secure relief in a proper forum, other than the Eastern District of Louisiana. Porter Blaine and Venture Supply are Virginia corporations with its principle places of business in Virginia. Accordingly, the plaintiffs have already filed a complaint against Venture Supply in Virginia. Lastly, the shared interests of the several states would be furthered by adhering to the long-held requirements that a defendant maintain minimum contacts with a forum prior to being subject to the jurisdiction of that forum's courts.

For the reasons set forth above, the plaintiffs have not satisfied their burden of proof in justifying this Court's exercise of jurisdiction over The Porter Blaine Corporation or Venture Supply, Inc. under a specific jurisdiction analysis.

***2) GENERAL JURISDICTION***

It is anticipated that the plaintiffs will also argue that this Court should exercise jurisdiction over Porter Blaine and Venture Supply even in the event that the cause of action did not arise out of Venture Supply's contacts with Louisiana.

As previously set forth, where a cause of action does not arise out of a foreign defendant's purposeful contacts with the forum, due process requires that the defendant have engaged in the higher standard of "continuous and systematic contacts" in the forum to support the exercise of "general" jurisdiction over that defendant. *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

The Louisiana Eastern District addressed the issue of general jurisdiction in *Olagues v. Kousharian*, 557 F.Supp.2d 731 (E.D. La. 5/27/2008). In *Olagues*, the Eastern District stated that

general jurisdiction may be exercised over a defendant where that defendant has "continuous and systematic general business contacts with the forum state." *Id.* at 738; citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. at 416. Consequently, the plaintiffs would be subject to a higher burden of proving that Porter Blaine and Venture Supply engaged in, "continuous and systematic" contacts. The *Olagues* court found, "**The continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and forum**." (Emphasis Added). *Id*; citing *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). As discussed above, 1) Porter Blaine and Venture Supply are not aware of any of their products making their way to Louisiana, 2) They never advertised in any publications targeted to the State of Louisiana, 3) They have never received any business from any contacts in Louisiana, 4) They do not maintain any offices in Louisiana, and 5) They do not solicit any business in Louisiana. (Exhibits "A" and "B").

Further, even repeated contacts by Porter Blaine or Venture Supply, which at all times is vehemently denied, with Louisiana, "may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction." *Id.*; citing *Revell v. Lidov*, 317 F.3d 467, 471 (5th. Cir. 2002). Even if the plaintiffs were able to establish some of the products Porter Blaine and/or Venture Supply distributed ultimately found their way to Louisiana, this Court has found that, random, fortuitous, or attenuated contacts will not be sufficient for the Court to find that general jurisdiction exists. *Id.* at 738.

### *3) EFFECT OF THESE PROCEEDINGS AS A CLASS ACTION OR MULTI-DISTRICT LITIGATED MATTER*

The Louisiana Eastern District has refused to alter its jurisdictional analysis based on a class certification. *In Re: train Derailment Near Amite, Louisiana, on October 12, 2002*; 2004 WL 224573 (E.D. La. 2/3/2004). In that case, the plaintiff brought suit against two railroad

defendants arising out of a train derailment in Louisiana. *Id.* at *1. The plaintiff asserted individual and class claims. The defendant asserted that it was not amenable to suit in Louisiana. In opposition, the plaintiff asserted that the Motion to Dismiss should be denied or deferred because, "the Court has recently certified a class in this matter changing the procedural paradigm from one of multidistrict litigation to a class action." *Id.* at *1. Following the analysis of jurisdiction, the Court concluded, "Finally, this Court is unpersuaded that the certification of a class in this case has any bearing on [the defendant's] motion to dismiss for lack of personal jurisdiction. **The personal jurisdiction determination depends solely on [the defendant's] conduct in and contacts with the forum state.**" *Id.* at *3.

**B. The Eastern District of Louisiana is an improper forum for any claims brought against Venture Supply, Inc.**

Alternatively, should this court find that Porter Blaine and/or Venture Supply are subject to personal jurisdiction, the Eastern District of Louisiana is not the proper forum for the claims against either of the defendants.

> 28 U.S.C.A. § 1404 states in pertinent part:
>
> **(a)** For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.
>
> **(b)** Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district. Transfer of proceedings *in rem* brought by or on behalf of the United States may be transferred under this section without the consent of the United States where all other parties request transfer.
>
> Additionally, 28 U.S.C.A. § 1406 states in pertinent part:
>
> **(a)** The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

As is discussed at length above, the Eastern District of Louisiana does not possess jurisdiction over Porter Blaine or Venture Supply. Additionally, or in the alternative, the Eastern District of Louisiana is an improper venue for any and all claims brought against Porter Blain and Venture Supply.

The plaintiffs are unable to establish that any activities on behalf of Porter Blaine or Venture Supply occurred in the state of Louisiana, that any of their products ended up in the forum, or that either defendant is even subject to jurisdiction in this district. If this court does not dismiss the claims against Porter Blaine and Venture Supply for lack of personal jurisdiction, the convenience of the parties and witnesses and interests of justice require a transfer of this case. Porter Blaine and Venture Supply pray that this Honorable Court dismiss the plaintiffs' claims against them, or transfer said claims to a venue where they could have originally been brought, namely Virginia.

**III. CONCLUSION**

On March 19, 2010, plaintiffs filed "Plaintiffs' Omnibus Class Action Complaint (V)" naming Porter Blaine, Venture Supply and many other entities as defendants. (Rec. Doc. 1). However, neither Porter Blaine nor Venture Supply has minimum contacts within Louisiana sufficient to be subject to the jurisdiction of this Honorable Court. The Fifth Circuit is clear that when the jurisdiction of the Court over the defendant is challenged, the burden rests with the plaintiffs to prove there is personal jurisdiction. *Familia De Boom v. Arosa Mercantil*, S.A., 629 F.2d 1134 (5th Cir. 1980). In the present matter, Porter Blaine and Venture Supply have demonstrated to this Court that the exercise of jurisdiction would be improper. In the alternative, Porter Blaine and Venture Supply argue that venue is also improper in the Eastern District of Louisiana.

Accordingly, defendants, The Porter Blaine Corporation and Venture Supply, Inc., pray that their Motion to Dismiss pursuant to Fed. R. Civ. Pro. Rule 12 be granted, and that this Honorable Court dismiss the plaintiffs' claims against The Porter Blaine Corporation and Venture Supply, Inc. as this Court does not have personal jurisdiction over The Porter Blaine Corporation and Venture Supply, Inc., and the Eastern District of Louisiana is an improper venue for any claims against The Porter Blaine Corporation and Venture Supply, Inc.

Respectfully submitted,

/s/   Brett M. Bollinger
Brett M. Bollinger, LSBA #24303
Mark W. Verret, LSBA #23853
Dax C. Foster, LSBA #30506
Allen & Gooch
3900 North Causeway Boulevard, Ste. 1450
Metairie, Louisiana 70002
Telephone:  (504) 836-5285
Facsimile:   (504) 836-5289
Attorneys for The Porter Blaine Corporation and Venture Supply, Inc.

And

Mark C. Nanavati, Esq. (VSB #38709)
Kenneth F. Hardt, Esq. (VSB #23966)
Sinnott, Nuckols & Logan, P.C.
13811 Village Mille Drive
Midlothian, Virginia 23114
Telephone: (804) 378-7600
Facsimile:  (804) 378-2610
Attorneys for The Porter Blaine Corporation and Venture Supply, Inc.

**CERTIFICATE**

I hereby certify that a copy of the above and foregoing Memorandum in Support of Motion to Dismiss has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 28th day of July, 2010.

/s/ Brett M. Bollinger___
Brett M. Bollinger