## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DEAN and DAWN AMATO, et al.,<br><br>                    Plaintiffs,<br><br>vs.<br><br>LIBERTY MUTUAL INSURANCE<br>COMPANY, et al.,<br><br>                    Defendants. | CASE NO.:  10-932<br><br>**CROSS-CLAIMS AGAINST DEFENDANT<br>AND CROSS-DEFENDANT CHARTIS<br>SPECIALTY INSURANCE COMPANY** |

Developer/Builder Defendants and Cross-Claimants Taylor Morrison, Inc., f/k/a

Taylor Woodrow, Inc., Taylor Morrison Services, Inc., f/k/a Morrison Homes, Inc., Taylor

Woodrow Communities at Vasari, L.L.C., and Taylor Morrison of Florida, Inc., (collectively,

"Taylor Morrison") as and for their Cross-Claims against Insurance Company Defendant Chartis

Specialty Insurance Company, f/k/a American International Specialty Lines Insurance Company,

allege as follows:

### *Nature Of The Claims*

1.      In these Cross-Claims, Taylor Morrison seeks declaratory relief as to the

obligation of Defendant/Cross-Defendant Chartis Specialty Insurance Company, f/k/a American

International Specialty Lines Insurance Company, to pay those sums that Taylor Morrison has or

may become legally obligated to pay as damages by reason of liability imposed by law because

of bodily injury and property damage, allegedly resulting from the importation and use of

allegedly defective Chinese drywall products at multiple residential construction projects

developed by Taylor Morrison.  The Taylor Morrison Defendants/Cross-Complaints seek a

declaratory judgment, pursuant to 28 U.S.C. § 2201, as to their rights under the insurance

policies in question, in accordance with the contractual provisions of those policies, insuring

obligations implied or imposed by law, and Taylor Morrison's reasonable expectations.

### *The Parties, Jurisdiction and Venue*

2.      Defendant/Cross-Complainant Taylor Morrison, Inc., is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Arizona.  Taylor Morrison, Inc. was formerly known as Taylor Woodrow, Inc.

3.      Defendant/Cross-Complainant Taylor Morrison Services, Inc., is a corporation organized under the laws of the State of Delaware with its principal of business in the State of Arizona.  Taylor Morrison Services, Inc., was formerly known as Morrison Homes, Inc.

4.      Defendant/Cross-Complainant Taylor Woodrow Communities at Vasari, L.L.C., is a Florida limited liability company with its principal place of business in the State of Florida.

5.      Defendant/Cross-Complainant Taylor Morrison of Florida, Inc. is a Florida corporation with its principal place of business in the State of Arizona.

6.      Defendants/Cross-Complainants Taylor Morrison, Inc., Taylor Morrison Services, Inc., Taylor Woodrow Communities at Vasari, L.L.C. and Taylor Morrison of Florida, Inc. are hereafter referred to collectively "Taylor Morrison."

7.      Defendant/Cross-Defendant Chartis Specialty Insurance Company ("Chartis"), is a corporation organized under the laws of the State of Illinois.  Taylor Morrison is informed and believes that Chartis has its principal place of business either in the State of Illinois or in the State of New York.  At all relevant times, Chartis was authorized and licensed to do and was doing business in the State of Louisiana.  Chartis was formerly known as American International Specialty Lines Insurance Company.

8.      Original jurisdiction of this Court exists by virtue of 28 U.S.C. § 1332(a)(1), in that the Taylor Morrison Cross-Claimants and the Chartis Cross-Defendant are citizens of different states and the amount in controversy exceeds $75,000.

9.      Venue in this District is proper by virtue of 28 U.S.C. § 1391(a)(1) in that Chartis is subject to personal jurisdiction in this District.

### *The Chartis Insurance Policies*

10.     Taylor Morrison purchased commercial umbrella liability insurance policies from Chartis with the policy numbers and for the policy periods set forth below:

| Policy Number | Policy Period |
|---|---|
| 9746096 | March 1, 2005 – March 1, 2006 |
| 7412123 | March 1, 2006 – March 1, 2007 |
| 7412254 | March 1, 2007 – March 1, 2008 |
| 7412431 | March 1, 2008 – March 1, 2009 |

The aforementioned insurance policies are hereafter referred to as the "Chartis Policies".

11.     Taylor Morrison, Inc. is the First Named Insured on the Chartis Policies. Taylor Morrison Services, Inc. is a Named Insured on the 2008-2009 Policy.  Taylor Woodrow Communities at Vasari, L.L.C. is a Named Insured on the Policies.  Taylor Morrison of Florida, Inc. is a Named Insured on the 2008-2009 Policy.

12.     The Chartis Policies provide coverage for those sums in excess of the self-insured retention that the insureds become legally obligated to pay as damages by reason of liability imposed by law because of (*inter alia*) bodily injury or property damage to which the insurance applies.

13.     The Limit of Insurance under each Chartis Policy is $25,000,000 "Each Occurrence."  The Policies define "occurrence" in pertinent part as follows:

> "[A]n accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results in Bodily Injury or Property Damage neither expected nor intended from the standpoint of any Insured."

### *The Chinese Drywall Claims*

14.     The owners of certain homes developed by Taylor Morrison ("Homeowners") have made claims against Taylor Morrison, alleging that the Chinese drywall installed in their homes by subcontractors on behalf of Taylor Morrison is defective and has resulted in alleged bodily injury and property damage to their homes and other property contained therein (the "Chinese Drywall Claims").

CROSS-CLAIMS AGAINST DEFENDANT AND CROSS-DEFENDANT CHARTIS SPECIALTY INS CO.

15.    The Chinese Drywall Claims include claims by the following Plaintiffs in this action, all of whom are identified as members of Subclass 1 in Schedule 1 to the Class Action Complaint in this action:

Dinitto, Patrik and Hevanilson Magalhaes

Dodge, Dale and Beverly

Knight, Christopher and Rosemary

Mottolo, Gene

Burke, Richard and Rebecca

Lee, Kevin

Hay, Robert and Maria

Herbert, Jason and Shanique

Reid, Grant and Kathryn

Akers, Christine and Robert

Galvin, Larry and Rene

Neumann, Allan

Tarzy, Jim

16.    Certain Homeowners have sued Taylor Morrison in relation to their Chinese Drywall Claims, in three underlying actions.  The three underlying actions are (1) *Kristin Culliton, et al. v. Taylor Morrison Services, Inc., et al.*, United States District Court for the Middle District of Florida, Case No. 8:09-589 (a purported class action) (the "Culliton Action"); (2) *Karin Vickers, et al. v. Knauf Gips KG, et al.*, United States District Court for the Southern District of Florida, Case No. 09-20510-CIV-KMM (a purported class action) (the "Vickers Action"); and (3) *Larry Galvin, et al. v. Knauf Gips KG, et al.*, United States District Court for the Southern District of Florida, Case No. 09-20847-CIV-KMM (the "Galvin Action") (collectively referred to hereafter as the "Underlying Actions").

17.    The three Underlying Actions have been consolidated for pretrial purposes in the multidistrict litigation proceeding pursuant to 28 U.S.C. § 1407, and transferred to this

CROSS-CLAIMS AGAINST DEFENDANT AND CROSS-DEFENDANT CHARTIS SPECIALTY INS CO.

Court under MDL No. 2047, *In Re:  Chinese-Manufactured Drywall Products Liability Litigation*.

18.     Certain other Homeowners have sued Taylor Morrison in relation to their Chinese Drywall Claims in three other actions filed in this Court: (1) *Sean and Beth Payton, et al. v. Knauf Gips KG, et al.*, United States District Court for the Eastern District of Louisiana, Case No. 2:09-CV-07628; (2) *David Gross, et al., v. Knauf Gips KG, et al.*, United States District Court for the Eastern District of Louisiana, Case No. 2:09-CV-6690; (3) *Kenneth and Barbara Wiltz, et al. v. Beijing New Building, et al.*, United States District Court for the  Eastern District of Louisiana, Case No. 2:10-CV-361.

### The Defendant/Cross-Defendants' Failure to Provide Insurance Coverage

19.     Taylor Morrison timely notified Chartis of the Chinese Drywall Claims and the Underlying Actions and tendered them to Chartis for indemnity.  Chartis has failed to acknowledge coverage for the Chinese Drywall Claims, failed to acknowledge its obligation to indemnify Taylor Morrison and denied coverage to Taylor Morrison.

20.     Taylor Morrison has demanded that Chartis acknowledge, accept and undertake its contractual obligations to Taylor Morrison as set forth in the Chartis Policies. Chartis has to date nonetheless failed and refused to acknowledge its obligations to Taylor Morrison.

## COUNT 1

## DECLARATORY RELIEF – DUTY TO INDEMNIFY

21.     Taylor Morrison re-alleges paragraphs 1 through 20 of these Cross-Claims as if fully set forth herein.

22.     Taylor Morrison has demanded that Chartis acknowledge its coverage obligations and indemnify Taylor Morrison as to its losses arising out of the Underlying Actions and the Chinese Drywall Claims.  Chartis has to date refused to acknowledge its coverage obligations and has to date refused to and failed to indemnify Taylor Morrison and denied

coverage to Taylor Morrison for the losses they have incurred and will incur as a result of the Chinese Drywall Claims.

23.     An actual controversy has arisen and now exists between Taylor Morrison, on the one hand, and Chartis, on the other hand, with regard to the obligations of Chartis to Taylor Morrison.  Chartis denies that it is obligated to indemnify Taylor Morrison in connection with the losses Taylor Morrison has incurred and will incur as a result of the Chinese Drywall Claims.

24.     Taylor Morrison desires a judicial determination and declaration of the parties' respective rights and duties under the Chartis Policies, and specifically a judicial determination and declaration that Chartis is obligated to indemnify Taylor Morrison.

25.     A judicial declaration of the rights, duties and obligations of the parties is necessary and appropriate at this time in that Taylor Morrison has no plain, speedy or adequate remedy at law, and a judicial determination and declaration of rights herein will avoid a multiplicity of actions.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants and Cross-Complainants Taylor Morrison, Inc. Taylor Morrison Services, Inc., Taylor Woodrow Communities at Vasari, L.L.C. and Taylor Morrison of Florida, Inc. pray for judgment against Defendant/Cross-Defendant Chartis Specialty Insurance Company as follows:

A.     As to Count 1 for Declaratory Relief (Duty to Indemnify), for a judicial determination of the rights and obligations of the parties under the Chartis Policies with respect to Taylor Morrison's claims; and

B.     For costs of suit herein and for such other and further relief as the Court may deem just and proper.

Dated: July 29, 2010

                              Respectfully submitted,


                              By: Neal A. Sivyer_____

                                   NEAL A. SIVYER
                                   Fla. Bar No. 373745
                                   E-mail:  NSivyer@sbwlegal.com
                                   Sivyer Barlow & Watson, P.A.
                                   Suntrust Financial Center
                                   401 E. Jackson Street
                                   Suite 2225
                                   Tampa, Florida  33602
                                   Tel. 813-221-4242
                                   Fax. 813-227-8598

                                   JEFFREY D. MASTERS
                                   California State Bar No. 94122
                                   E-mail:  JMasters@coxcastle.com
                                   Cox, Castle & Nicholson, LLP
                                   2049 Century Park East
                                   28th Floor
                                   Los Angeles, California  90067-3284
                                   Tel. 310-277-4222
                                   Fax. 310-277-7889

                                   Attorneys for
                                   Defendants and Cross-Claimants Taylor
                                   Morrison, Inc., Taylor Morrison Services,
                                   Inc., Taylor Woodrow Communities at
                                   Vasari, L.L.C. and Taylor Morrison of
                                   Florida, Inc.

## CERTIFICATE OF SERVICE

I HEREBY certify that on July 29, 2010, this document has been served on Plaintiffs' Liaison Counsel, Hugh P. Lambert, Esq., and Russ Herman, Esq., and Defendants' Liaison Counsel, Kerry Miller, Esq., and Homebuilders' Steering Committee Dorothy Wimberly and Richard S. Lewis, Insurer Defendants' Liaison Counsel, Judy Y. Barrasso, Esq. by U.S. mail and/or email or by hand delivery and I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No.: 6.

                              /s/ Neal A. Sivyer_____
                              Neal A. Sivyer

60494\4003606v4
CROSS-CLAIMS AGAINST DEFENDANT AND CROSS-DEFENDANT CHARTIS SPECIALTY INS CO.

- 8 -

CROSS-CLAIMS AGAINST DEFENDANT AND CROSS-DEFENDANT CHARTIS SPECIALTY INS CO.