

BRIAN M. JONES
PARTNER
(407) 423-3200 Telephone
(407) 849-7237 Direct Facsimile

E-MAIL ADDRESS:
bjones@shutts.com

June 28 2010

**VIA FEDERAL EXPRESS &
E-MAIL Jerry@yourlawyer.com**
Jerold Seith Parker
Parker, Waichman, Alonso LLP
27399 Riverview Center Blvd.
Bonita Springs, FL 34134

Re:   Space Coast Truss LLC

Dear Mr. Parker:

  We represent Space Coast Truss LLC, as successor by conversion to Space Coast Truss, Inc. ("**Space Coast**"). We have received and reviewed the Omnibus Class Action Complaint in Intervention ("**Complaint**") Case No. 09-6690 filed in the United States District Court for the Eastern District of Louisiana ("**Case**"), which includes as a Plaintiff, John and Marylayn Delisser, and Space Coast Truss, LLC, as a Defendant. The Complaint reflects that you are counsel for John and Marylayn Delisser. Please be advised that Space Coast filed its petition for relief under Chapter 11 of the U.S. Bankruptcy Code on January 26, 2009, and on October 21, 2009 (the "**Confirmation Date**") the Bankruptcy Court entered an Order ("**Confirmation Order**") (a copy of which is attached as **Exhibit "A"**) confirming the Debtors' Joint Plan of Reorganization ("**Plan**"), (a copy of which is attached as **Exhibit "B"**). Said proceedings included mechanism for the presentment and treatment of claims against Space Coast Truss (and other Debtors).

  By virtue of the discharge provisions of the Confirmation Order and Plan, and except as provided by the Confirmation Order and Plan, all Claims (as defined in the



ORLDOCS 01889600.1  300 South Orange Avenue, Suite 1000, Orlando, Florida 32801 • ph 407.423.3200 • fx 407.425.8316 • **www.shutts.com**

MIAMI FORT LAUDERDALE WEST PALM BEACH ORLANDO TAMPA TALLAHASSEE AMSTERDAM

Plan) or other debts that arose pre-petition and/or before the Confirmation Date are discharged to the fullest extent allowed by the U.S. Bankruptcy Code. Specifically, Section 13 of the Order provides:

> <u>Injunction</u>. Except as provided otherwise in the Plan or this Order, as of the Effective Date, all entities that have held, currently hold, or may hold a claim or other debt or liability that is discharge under the Plan are permanently enjoined from taking any of the following actions on account of any such discharged Claims, debts, or liabilities: (a) commencing or continuing in any manner any claim, action or other proceeding against the Debtors, the Reorganized Debtors, or the Creditor Trust which they possessed or may possess prior to the Effective Date; (b) enforcing, attaching, collecting or recovering in any judgment, award, decree or order with respect to any Claim against the Debtors, the Reorganized Debtors, the Creditor Trust or their respective property, which they possessed or may possess prior to the Effective Date: (c) creating, perfecting or enforcing any lien or encumbrance of any kind with respect to any Claim against the Debtors, the Reorganized Debtors, the Creditor Trust or their respect property, which they possessed or may possess prior to the Effective Date ; (d) asserting a setoff, right if subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtors, the Reorganized Debtors, the Creditor Trust, or their respective property, which they possessed or may possess prior to the Effective Date; (e) commencing or continuing action, in any manner, in any place, that does not comply with or is inconsistent with the provisions of the Plan or the Bankruptcy Code; and (f) asserting any Claims that are subject to the Releases as described in Article 12.4 of the Plan.

As a consequence, the claims for which your clients seek remedy, as referenced above, have been discharged, and the Confirmation Order permanently enjoins any action to enforce, collect or recover on account of such claims.

Sincerely,

Brian M. Jones

Attachments
cc. Arnold Levin, Plaintiff's Lead Counsel (via U.S. Mail)
    Fred S. Longer, Plaintiff's Lead Counsel (via U.S. Mail)

ORLDOCS 11889600 1

Dawn M. Barrios (via U.S. Mail)
Daniel E. Becnel, Jr. (via U.S. Mail)
Victor Manuel Diaz (via U.S. Mail)
Ervin A. Gonzalez (via U.S. Mail)
Ben W. Gordon, Jr. (via U.S. Mail)
Hugh P. Lambert (via U.S. Mail)
Bruce William Steckler (via U.S. Mail)
Gerald E. Meunier (via U.S. Mail)
James Robert Reeves (via U.S. Mail)
Christopher Seeger (via U.S. Mail)
Scott Wm. Weinstein (via U.S. Mail)



**ORDERED in the Southern District of Florida on September 30, 2009.**

Paul G. Hyman, Chief Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re<br><br>**MERCEDES HOMES, INC.,** *et al.*<br><br>Debtors. | Case No. 09-11191-PGH<br><br>Chapter 11 Cases<br>(Jointly Administered) |

### ORDER CONFIRMING DEBTORS' JOINT PLAN OF REORGANIZATION PURSUANT TO CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE (D.E. # #1020)

THIS CAUSE came to be heard in West Palm Beach, Florida, on August 31, 2009 at 1:00 p.m. ("Confirmation Hearing"), to consider confirmation of the *Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code* (the "Plan") (D.E. #1020) filed by MERCEDES HOMES, INC. ("MHI") and certain of its subsidiaries (together with MHI, the "Debtors"),[1] debtors and debtors-in-

---

[1] The debtor subsidiaries of MHI include: i) Space Coast Truss, Inc. ("Space Coast Truss"); ii) Mercedes Homes of Texas Holding Corp. ("MH Texas"); iii) Suntree Office Complex, LLC ("Suntree"); iv) Engineering and Drafting Services, Inc. ("Engineering Services"); v) Mercedes Homes of the Carolinas, Inc. dba Mercedes Homes ("MH Carolinas"); vi) Solid Wall Systems, Inc.; vii) MHI Holding Company, LLC ("MHI Holding"); viii) Mercedes Homes of Texas, Ltd. ("MH Texas"); ix) MHI Building Products, L.P. ("MHI Building"); and x) Dairy Towns Community Developers, Inc. ("Dairy Towns").



possession in the above-captioned Chapter 11 Cases, and the findings of fact, conclusions of law, and the Court's review of all documents, pleadings, evidence, argument, and other matters as set forth in the Court's *Findings of Fact and Conclusions of Law Regarding Debtors' Joint Plan of Reorganization* ("Findings and Conclusions") (Exhibit "A") and the *Findings of Fact and Conclusions of Law Overruling Objection of Jeffrey Macik to the Debtors' Joint Plan of Reorganization* ("Release Related Findings and Conclusions") (D.E. #1446), which are incorporated herein by reference, and after having heard argument of counsel and reviewing the file and papers, the Court does:

**ORDERS as follows:**

1. <u>Confirmation of Plan</u>. The Plan is approved and confirmed under Section 1129 of the United States Bankruptcy Code ("Bankruptcy Code") pursuant to the terms and conditions of this Order. The terms of the Plan, the attached exhibits, and the Plan Supplement filed with the Court on August 10, 2009 (as amended or supplemented as contemplated hereby, including by paragraphs 50 and 51 hereof, the "Plan Supplement") (D.E. #1096) are incorporated herein and are part of the Plan and this Order. The Plan Supplement and all attachments thereto, including the Creditor Trust Agreement and New Loan Documents, all as supplemented and/or modified as contemplated hereby, are hereby approved.

2. <u>Objections</u>. As described herein, all objections to confirmation of the Plan have been withdrawn, settled, or overruled.

3. <u>Defined Terms</u>. All capitalized terms used in this Order that are not defined shall have the same meaning ascribed to them in the Plan (as such terms may be modified by the terms of this Order).

2

4.  <u>Provisions of Plan and Order Non-Severable and Mutually Dependent</u>. The provisions of the Plan and this Order, including the Findings and Conclusions and Release Related Findings and Conclusions incorporated herein by reference, are non-severable and mutually dependent, and are deemed fully incorporated by reference in each other.

5.  <u>Reconstitution of the Debtors</u>. Except as otherwise expressly provided in the Plan or this Order, on the Effective Date the Reorganized Debtors shall be reconstituted with all the powers of a corporation, limited liability company, limited partnership or partnership, as applicable, under applicable law in the jurisdiction in which each applicable Debtor is incorporated or otherwise formed pursuant to the Plan and the Amended and Restated Organizational Documents. The Reorganized Debtors shall, pursuant to the Plan and the Amended and Restated Organizational Documents, be authorized to issue the New Mercedes Common Stock and New Loan Documents to the appropriate parties on the Effective Date or as soon as practicable thereafter.

6.  <u>New Mercedes Common Stock Voting Rights</u>. The New Mercedes Common Stock shall be voting securities issued under the Plan and the Amended and Restated Organizational Documents pursuant to Bankruptcy Code § 1123(a)(6). The voting rights of the New Mercedes Common Stock are set forth in the Amended and Restated Organizational Documents.

7.  <u>Preserved Litigation Claims</u>. In accordance with Bankruptcy Code § 1123(b), and except as provided otherwise in the Plan or this Order (including, without limitation, as otherwise agreed by the Debtors and the Reorganized Debtors with certain creditors), all Preserved Litigation Claims are retained and reserved for each of the

3

Reorganized Debtors, which are designated as the respective Estate's representative under Bankruptcy Code § 1123(b)(3)(B) for purposes of the Preserved Litigation Claims. The Reorganized Debtors shall retain, and may enforce, sue on, settle or compromise (or decline to do any of the foregoing) any Preserved Litigation Claim. The Reorganized Debtors shall be the owner of all Preserved Litigation Claims and shall have the exclusive right, authority, and standing to prosecute, defend, compromise, settle and otherwise deal with all such Preserved Litigation Claims.

8.  Transferred Claims. In accordance with Bankruptcy Code § 1123(b), and except as provided otherwise in the Plan or this Order (including, without limitation, as otherwise agreed by the Debtors and the Reorganized Debtors with certain creditors with the consent of the Committee or the Creditor Trustee), all Transferred Claims, which include the Avoidance Actions, are retained and reserved for the Creditor Trust, and the Creditor Trustee is designated as the respective Estate's representative under Bankruptcy Code § 1123(b)(3)(B) for purposes of the Transferred Claims. The Creditor Trust shall retain, and may enforce, sue on, settle or compromise (or decline to do any of the foregoing) any Transferred Claim. The Creditor Trust shall be the owner of all such Transferred Claims and shall have the exclusive right, authority, and standing to prosecute, defend, compromise, settle and otherwise deal with all such Transferred Claims.

9.  Vesting of Assets. Except as provided otherwise in the Plan or this Order, including paragraph 49(b) of this Order, all property of the Estates shall vest in the Reorganized Debtors on the Effective Date free and clear of all Liens and Claims of all kinds existing before the Effective Date. From and after the Effective Date, the

4

Reorganized Debtors may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code, including the employment of, and payment to, Professionals except as otherwise provided in the Plan, the Amended and Restated Organizational Documents or this Order. On the Effective Date, the Creditor Trust shall be vested, free and clear of all Liens and Claims of all kinds, with the following: (i) the Effective Date Cash Payment, (ii) the right to receive the Post Effective Date Cash Payment and, upon payment, the Post Effective Date Cash Payment, (iii) the right to receive the BANS Proceeds Allocation and the proceeds from such right and (iv) the Transferred Claims and all proceeds therefrom.

10. <u>Release of Liens</u>. Except as provided otherwise in the Plan or this Order, including paragraph 49 of this Order, or in any contract, instrument, release, or other agreement entered into or delivered in connection with the Plan, concurrently with the applicable distributions made pursuant to the Plan, all mortgages, deeds of trust, liens or other security interests against property of the Debtors' estates are fully released and discharged (except to the extent reinstated or preserved under the Plan), and all right, title and interest of any holder of such mortgage, deed of trust, liens or other security interests, including any rights to any collateral thereunder, shall revert to the applicable Debtor and its successors and assigns.

11. <u>Documentation of Release of Liens</u>. Other than as expressly provided in the Plan or this Order, any person or entity that has asserted mortgages, deeds of trust, liens, security interests, financing statements, or other documents or agreements evidencing claims on or interest in property of the Debtors', as may have been recorded or may otherwise exist, is authorized and directed to execute termination statements,

5

instruments of satisfaction or discharge, or releases of all such claims or interests which the person or entity has with respect to the Debtors' property. Other than as expressly provided in the Plan or this Order, if any person or entity shall not have delivered to the Debtors or Reorganized Debtors, in proper form for filing and executed by the appropriate parties, such termination statements, instruments of satisfaction or discharge, or releases of all such claims or interests which the person or entity has with respect to the Debtors' property, the Reorganized Debtors are hereby authorized and directed to execute and file such statements, instruments, releases and other documents, and take all other actions as may be necessary on behalf of the person or entity asserting a claim on or interest in the Debtors' property.

12. <u>Retained Assets</u>. To the extent that the succession of assets of the Debtors to the Reorganized Debtors pursuant to the Plan are deemed to constitute "transfers" of such assets, such transfers to the Reorganized Debtors: (a) are or shall be legal, valid, and effective transfers of property; (b) vest or shall vest the Reorganized Debtors with good title to such property, free and clear of all liens, charges, Claims, encumbrances, or interests, except as expressly provided in the Plan or this Order; (c) do not and shall not constitute avoidable transfers under the Bankruptcy Code or applicable nonbankruptcy law; and (d) do not and shall not, except as provided for in the Plan, subject the Reorganized Debtors to any liability by reason of such transfer under the Bankruptcy Code or applicable nonbankruptcy law, including, without limitation, any laws affecting successor or transferee liability. Similarly, to the extent that the succession of assets of the Debtors to the Creditor Trust pursuant to the Plan are deemed to constitute "transfers" of such assets, such transfers to the Creditor Trust: (a)

6

are or shall be legal, valid, and effective transfers of property; (b) vest or shall vest the Creditor Trust with good title to such property, free and clear of all liens, charges, Claims, encumbrances, or interests, except as expressly provided in the Plan or this Order; (c) do not and shall not constitute avoidable transfers under the Bankruptcy Code or applicable nonbankruptcy law; and (d) do not and shall not, except as provided for in the Plan, subject the Creditor Trust to any liability by reason of such transfer under the Bankruptcy Code or applicable nonbankruptcy law, including, without limitation, any laws affecting successor or transferee liability.

13. <u>Injunction</u>. Except as provided otherwise in the Plan or this Order, as of the Effective Date, all entities that have held, currently hold or may hold a Claim or other debt or liability that is discharged under the Plan are permanently enjoined from taking any of the following actions on account of any such discharged Claims, debts, or liabilities: (a) commencing or continuing in any manner any Claim, action or other proceeding against the Debtors, the Reorganized Debtors, or the Creditor Trust which they possessed or may possess prior to the Effective Date; (b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order with respect to any Claim against the Debtors, the Reorganized Debtors, the Creditor Trust or their respective property, which they possessed or may possess prior to the Effective Date; (c) creating, perfecting or enforcing any lien or encumbrance of any kind with respect to any Claim against the Debtors, the Reorganized Debtors, the Creditor Trust or their respective property, which they possessed or may possess prior to the Effective Date; (d) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtors, the Reorganized Debtors, the Creditor

Trust or their respective property, which they possessed or may possess prior to the Effective Date; (e) commencing or continuing any action, in any manner, in any place, that does not comply with or is inconsistent with the provisions of the Plan or the Bankruptcy Code; and (f) asserting any Claims that are subject to the Releases as described in Article 12.4 of the Plan.

14. <u>Automatic Stay</u>. The automatic stay in effect in these Chapter 11 Cases pursuant to Bankruptcy Code § 362(a) shall continue to be in effect until the Effective Date, at which time the stay shall be dissolved and of no further force or effect, subject to: i) the injunction set forth in the preceding paragraph and in the Plan; and/or ii) Bankruptcy Code §§ 524 and 1141; and/or iii) the terms of this Order; provided, however, that nothing herein shall bar the filing or recording of financing documents (including Uniform Commercial Code financing statements, security agreements, leases, mortgages, deeds of trust, and bills of sale) or the taking of such other actions as are necessary to effectuate the transactions specifically contemplated by the Plan or this Order prior to the Effective Date.

15. <u>Releases by the Debtors</u>. Except as provided otherwise in this Order, including paragraphs 45(a) and 49(e) of this Order, pursuant to Bankruptcy Code § 1123(b)(3), as of the Effective Date, the Debtors and the Reorganized Debtors, in their individual capacities and on behalf of the Estates, shall be deemed to forever release, waive, and discharge all Released Parties from all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action and liabilities whatsoever, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter

8

arising, in law, equity or otherwise that are based in whole or part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors and the Reorganized Debtors. The Reorganized Debtors shall be bound, to the same extent the Debtors are bound, by all of the releases set forth in Article 12.4.A of the Plan and modified in paragraph 49(e) of this Order. Notwithstanding the foregoing, nothing in Article 12.4, the Plan, or the Confirmation Order shall release any Transferred Claims or Preserved Litigation Claims, it being understood and agreed that the Transferred Claims and Preserved Litigation Claims that are preserved by this sentence do not include any Avoidance Actions or other Claims against any Released Party. Notwithstanding anything herein or in the Plan to the contrary, the Creditor Trust shall not be bound by the releases being granted to REIV unless and until the Effective Date Cash Payment and the Post Effective Date Cash Payment are made.

16. <u>Release by Holders of Certain Impaired Claims</u>. Except as provided otherwise in this Order, including paragraph 49(e) of this Order, the provisions and distributions set forth in the Plan are a full and final settlement and compromise of all Claims and causes of action, whether known or unknown, that holders of Claims against and Equity Interests in the Debtors, exclusive of holders of First Lien Lender Secured Claims, may have against any of the Released Parties pursuant to Bankruptcy Code §§ 1123(b)(3) and (6) and Bankruptcy Rule 9019. As of the date on which all payments required to be made by the Debtors or Reorganized Mercedes on account of the Effective Date Cash Payment and the Post Effective Date Cash Payment have been made, in consideration for the distributions and other treatment afforded under this Plan,

9

the obligations of the Debtors and the Reorganized Debtors under the Plan, the securities, contracts, instruments, releases and other agreements or documents to be delivered in connection with the Plan, and REIV's agreement to waive the REIV Deficiency Claim, each holder of a Claim against or Equity Interest in the Debtors, exclusive of holder of First Lien Lender Secured Claims, shall be deemed to forever release, waive and discharge all Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action and liabilities (other than the rights to enforce the Debtors' or the Reorganized Debtors' obligations under this Plan and the securities, contracts, instruments, releases and other agreements and documents delivered thereunder) against the Released Parties, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise that are based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Chapter 11 Cases or the conduct thereof, or this Plan. Notwithstanding the foregoing, nothing in Article 12.4 as amended in this Order, the Plan, or this Order shall release any Claim or causes of action that a holder of a Claim against or Equity Interest in the Debtors may have against any of the Released Parties for gross negligence or willful misconduct, or any Transferred Claims or Preserved Litigation Claims (it being understood that the Transferred Claims and Preserved Litigation Claims do not include any claims against any of the Released Parties).

17. **First Lien Releases**. Except as provided otherwise in this Order, including paragraph 49 of this Order, as of the Effective Date, in consideration of the obligations

10

of the Debtor Loan Parties under the New Senior Credit Facilities and this Plan, the Administrative Agent, the L/C Issuer and the First Lien Lenders will release the Debtor Loan Parties and the Creditor Trust and each of their respective current and former officers, employees, representatives, agents, counsel, advisors and directors (in their respective capacities as such) together with the trustees for the Employee Stock Purchase Plan of Mercedes Homes, Inc., from any and all actions, causes of action, claims, demands, damages and liabilities of whatever kind or nature, in law or in equity, now known or unknown, suspected or unsuspected to the extent that any of the foregoing arises from any action or failure to act in connection with the First Lien Loan Agreement and related loan documents on or prior to the Effective Date. This paragraph shall not be deemed to release the Debtor Loan Parties from any obligations under the New Senior Credit Facilities or any other indebtedness owed to a First Lien Lender or any affiliate thereof.

18. **Exemption from Securities Laws.** The provisions of Bankruptcy Code § 1145 may be applicable to the issuance and distribution under the Plan of the New Mercedes Common Stock. Therefore, to the extent that an "offer or sale" is deemed to have occurred with respect to such New Mercedes Common Stock, such issuances are exempt from the requirements of Section 5 of the Securities Act and state registration requirements.

19. **Exemption from Certain Taxes and Recording Fees.** Pursuant to Bankruptcy Code § 1146(a), the issuance, transfer or exchange of any security, or the making, delivery, filing or recording of any instrument of transfer under, or in connection with, the Plan, including without limitation any security instrument or document,

11

including the New Loan Documents, shall not be taxed under any law imposing a recording tax, stamp tax, transfer tax, or similar tax. Furthermore, and without limiting the foregoing, any transfers from a Debtor to the Reorganized Debtors or to any other person or entity pursuant to the Plan, including transfers of real and personal property among and between the Debtors, the Reorganized Debtors and any of their subsidiaries or affiliates to facilitate or implement the Plan will not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, sales or use tax, mortgage tax, stamp act, real estate transfer tax, mortgage recording tax, or uniform commercial code filing or recording fee. All filing and/or recording officers (or any other person or entity with authority over any of the foregoing), wherever located and by whomever appointed, shall comply with the requirements of Bankruptcy Code § 1146(a), shall forego the collection of any such tax or governmental assessment, and shall accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment. The Court shall retain jurisdiction with respect to these matters.

20. <u>Approval of Assumption or Rejection of Executory Contracts and Leases</u>. This Order constitutes: (a) the approval under Bankruptcy Code § 365 of the assumption or assumption and assignment of the executory contracts and unexpired leases assumed or assumed and assigned under the Plan, Exhibit C of this Order or otherwise during the Chapter 11 Cases; and (b) the approval under Bankruptcy Code § 365 of the rejection of the executory contracts and unexpired leases rejected under the Plan, Exhibit "B" of this Order or otherwise during the Chapter 11 Cases. Notwithstanding anything contained in the Plan to the contrary, the Debtors retain the

12

right to add or change the treatment (assumed or rejected) of any executory contract or unexpired lease in the schedules filed with the Bankruptcy Court as part of the Plan Supplement, thus changing the treatment of the contract or lease under this Plan, at any time within 30 days after the Effective Date. Notwithstanding anything herein to the contrary, the Debtors shall not change the treatment of any assumed executory contract or unexpired lease which would result in impacting Allowed General Unsecured Claims without first obtaining the written consent of the Committee or the Creditor Trustee, as applicable. To the extent that an executory contract or unexpired lease is assumed or assumed and assigned under the Plan, Exhibit C of this Order or otherwise during the Chapter 11 Cases, the pre-petition obligations under such executory contracts or unexpired leases shall be deemed cured and satisfied, and the parties to such executory contracts or unexpired leases shall not be entitled to receive any distribution from the Creditor Trust. This paragraph will not apply to executory contracts rejected or assumed pursuant to other order of this Court.

21. <u>Assumption of Insurance Policies</u>. The release from Claims as provided in the Plan, except as necessary to be consistent with the Plan, does not diminish or impair the enforceability of any insurance policy that may cover Claims against the Debtors or any other Person. This Order shall not affect pending motions for relief from stay with respect to insurance proceeds; provided, however, this provision does not constitute any admission by the Reorganized Debtor that the movant is entitled to recover against said insurance proceeds.

22. <u>Standing</u>. The Reorganized Debtors and Creditor Trust have standing, under state and/or federal bankruptcy law or otherwise, to file, litigate and settle the Preserved Litigation Claims and the Transferred Claims, respectively.

23. <u>Professional Claims Bar Date</u>. All final requests for payment of Professional Claims must be filed no later then the first Business Day that is 60 days after the Effective Date. All Persons seeking final payment on account of a Professional Claim must file a final application for allowance of compensation for services rendered and reimbursement of expenses incurred through the Effective Date in compliance with all of the terms and provisions of applicable orders of the Court governing payment of fees to Professionals.

24. <u>Administrative Claims Bar Date</u>. All requests for payment of Administrative Claims, including any claims for making a substantial contribution to these Chapter 11 Cases (except for Professional Claims) must be filed with the Court no later than 30 days after the Effective Date (the "**Administrative Claim Bar Date**"). Holders of such Administrative Claims who fail to file a request for payment by the Administrative Claim Bar Date shall be forever barred from asserting such Administrative Claims against the Debtors, the Reorganized Debtors, or against any of their respective successors and assigns.

25. <u>Bar Date for Rejection Damage Claims</u>. All proofs of Claim with respect to Claims arising from the rejection of any executory contract or unexpired lease must be filed with the Court no later than 30 days after the entry of an order of the Court approving such rejection or this Order, as the case may be. Holders who fail to timely file such proofs of Claim shall be forever barred from asserting such Claims against the

Debtors, the Reorganized Debtors, the Creditor Trust, or against any of their respective successors and assigns.

26. <u>Resolution of Claims</u>. After the Effective Date, objections to Administrative Claims and all other Claims may be made, and pending objections to Administrative Claims and Claims made before the Effective Date may be pursued, by the Creditor Trust. Objections to Claims must be filed (unless extended by order of the Court) no later than 180 days after the Effective Date. From and after the Effective Date, the Creditor Trust may litigate to Final Order, propose settlement of or withdraw objections to all pending or filed Disputed Claims and may settle or compromise any Disputed Claim without notice and a hearing and without approval of the Bankruptcy Court.

27. <u>Payment of Fees</u>. The Debtors shall pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. Section 1930(a)(6) within ten (10) days of the entry of this order for pre-confirmation periods and simultaneously provide to the United States Trustee an appropriate affidavit indicating the cash disbursements for the relevant period. The Reorganized Debtors shall further pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) based upon all disbursements of the reorganized debtor for post-confirmation periods within the time period set forth in 28 U.S.C. § 1930(a)(6), until the earlier of the closing of this case by the issuance of a Final Decree by the Court, or upon the entry of an Order by this Court dismissing this case or converting this case to another chapter under the United States Bankruptcy Code, and the party responsible for paying the post-confirmation United States Trustee fees shall provide to the United States Trustee upon the payment of

15

each post-confirmation payment an appropriate affidavit indicating all the cash disbursements for the relevant period.

28. <u>Authorization to Consummate Plan</u>. The Debtors, the Reorganized Debtors, and the Creditor Trustee are authorized to consummate the Plan and the documents included in the Plan Supplement after entry of this Order, in accordance with the terms and conditions of the Plan, the Plan Supplement and this Order. The Debtors, the Reorganized Debtors and the Creditor Trustee are authorized to execute, acknowledge, and deliver such deeds, assignments, conveyances, and other assurances, documents, instruments of transfer, uniform commercial code financing statements, trust agreements, mortgages, indentures, security agreements, and bills of sale, and to take other such actions as may be reasonably necessary to perform the terms and provisions of the Plan and the Plan Supplement, and all transactions and agreements related thereto. In addition, pursuant to Bankruptcy Code § 1142(b), the Court hereby authorizes and directs the Debtors, the Reorganized Debtors and any other necessary party including the Creditor Trustee, regardless of whether such party has voted to accept or reject the Plan, to execute or deliver, or join in the execution or delivery, of any instrument, or to perform any act necessary for the implementation and consummation of the Plan and the Plan Supplement and the transactions contemplated therein; provided, however, that no creditor of the Debtors or the Reorganized Debtors shall be required to undertake any duties or obligations different from or greater than such creditor has under the Plan and its agreements with the Debtors and the Reorganized Debtors.

29. <u>Retention of Jurisdiction</u>. Pursuant to Bankruptcy Code §§ 105(a) and 1142, and except as otherwise expressly provided in the Plan or this Order, including paragraph 49(f) of this Order, the Court shall retain exclusive jurisdiction as provided in Article 15 of the Plan over all matters arising out of, and related to, these Chapter 11 Cases and the Plan to the fullest extent permitted by law, including, without limitation, any amendments contained herein.

30. <u>References to Plan Provisions</u>. The failure to include or specifically reference any particular provision of the Plan or the Plan Supplement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court to confirm the Plan in its entirety as modified in this Order. The provisions of the Plan, the Plan Supplement and this Order shall be construed in a manner consistent with each other so as to accomplish the purposes of each, provided, however, that if there is determined to be any inconsistency between any Plan provision and any provision of this Order that cannot be reconciled, then, solely to the extent of such inconsistency, the provisions of this Order shall govern and control.

31. <u>New Mercedes Common Stock</u>. Subject to the occurrence of the Effective Date:

  (a) All documents and agreements necessary and appropriate to implement the issuance of the New Mercedes Common Stock, and the execution, delivery and performance of such documents and agreements to REIV or its assigns are approved.

  (b) The Debtors and, if applicable, the Reorganized Debtors (and any subsidiaries of the Debtors and the Reorganized Debtors), are authorized and empowered to execute and deliver all documents, agreements and instruments and take all actions reasonably necessary to effectuate the consummation and implementation of the Plan, including, without limitation, the execution, delivery and performance of the New Mercedes Common Stock to REIV or its assigns, and each other document, instrument, and

17