# Exhibit "V"

| From: | 0sabel Knauf <knauf.isabel@knauf.com.tr> |
|---|---|
| To: | Hummel.Hans-Ulrich@knauf.de <Hummel.Hans-Ulrich@knauf.de> |
| CC: | mark@mail.knauf.com.cn <mark@mail.knauf.com.cn>;'Halbach, Martin' <Halbach.Martin@knauf.de>;ChengYiHeng@mail.knauf.com.cn <ChengYiHeng@mail.knauf.com.cn>;Ann Zhong <zhong.ann@mail.knauf.com.cn> |
| Sent: | 11/7/2006 3:49:45 PM |
| Subject: | Visit to Florida |

Dear Prof. Hummel,

?

Many years ago, Knauf Insulation had the problem that the water in Shelbyville smelled bad. Immediately Knauf Insulation was sued for millions of Dollars by all kinds of people who had any kind of a defect or sickness. Although both the Universityof Michiganas well as the?EPA (Environmental Protection Agency) both stated that we had nothing to do with the issue, it took us two million Dollars in costs to defend our good name. I think we need to show our face because this gets out of hand.

?

We therefore urgently ask you to prolong your stay in the Unites States for one day and to visit the houses on site in Floridatogether with Salomon,our dealer.

?

I believe USG will not help you, because these boards were?not exported to the USthrough USG but by their competition. They have no intention to help a competitor. Because USG offered?us miserable prices, we had to quit selling USG?in April/May 2006. Salomon paid significantly more than USG and therefore we continued selling to the United Statesthrough them. A total of almost 3 Million sqm were sent to the USthrough Salomon.

?

Please, pretty please with sugar on it, do this visit!

?

Best regards,

?

Isabel Knauf

?


From: mark@mail.knauf.com.cn [mailto:mark@mail.knauf.com.cn]
Sent: Tuesday, November 07, 2006 5:03 AM
To: Halbach.Martin@knauf.de
Cc: Zhong.Ann@mail.knauf.com.cn; Hummel.Hans-Ulrich@knauf.de; knauf.isabel@knauf.com.tr; ChengYiHeng@mail.knauf.com.cn
Subject: Fw:Fw:Fw: US board problem ( SERIOUS)


Dear Martin

Lawyers are proceeding action against Knauf in the US regarding the "smelly board". Can I please have a update so that I may tell them something to head off this potential problem.

KPT0024285

# Exhibit "W"

| From: | CN=Ann Zhong/OU=ShangHai/O=Knauf_China |
|---|---|
| To: | Mark Norris <Mark Norris/BeiFang/Knauf_China@Knauf> |
| CC: | dgregory@knauf.co.id <dgregory@knauf.co.id> |
| Sent: | 11/7/2006 10:58:48 AM |
| Subject: | 转发: WG: Fw:Fw:Fw: US board problem ( SERIOUS) |

for your information

Ann

----- 转发人 Ann Zhong/ShangHai/Knauf_China 时间 2006-11-07 18:57 -----

"Halbach, Martin" <Halbach.Martin@knauf.de>
2006-11-07 14:40

收件人
<Zhong.Ann@mail.knauf.com.cn>
抄送

主题
WG: Fw:Fw:Fw: US board problem ( SERIOUS)


-----Ursprüngliche Nachricht-----
Von: Hummel Prof. Dr., Hans-Ulrich
Gesendet: Dienstag, 7. November 2006 07:31
An: mark@mail.knauf.com.cn
Cc: Halbach, Martin
Betreff: AW: Fw:Fw:Fw: US board problem ( SERIOUS)

Hi mark
I have checked some samples today down at Libertyville.
They smell a little sweet - nothing serious. The samples are on the way to
Iphofen for gaseous analysis.

Regards
Uli

----- Ursprüngliche Nachricht -----
Von: "mark@mail.knauf.com.cn" <mark@mail.knauf.com.cn>
An: "Halbach.Martin@knauf.de" <Halbach.Martin@knauf.de>
Cc: "Zhong.Ann@mail.knauf.com.cn" <Zhong.Ann@mail.knauf.com.cn>;
"Hummel.Hans-Ulrich@knauf.de" <Hummel.Hans-Ulrich@knauf.de>;
"knauf.isabel@knauf.com.tr" <knauf.isabel@knauf.com.tr>;
"ChengYiHeng@mail.knauf.com.cn" <ChengYiHeng@mail.knauf.com.cn>
Gesendet: 07.11.06 04:03
Betreff: Fw:Fw:Fw: US board problem ( SERIOUS)

Dear Martin

Lawyers are proceeding action against Knauf in the US regarding the
"smelly board". Can I please have a update so that I may tell them
something to head off this potential problem.

Has anyone contacted the person as I asked? (01/11/2006)

Can you please help.

KPT0024323

# EXHIBIT "X"

To
"'Hummel Prof. Dr., Hans-Ulrich'" <Hummel.Hans-Ulrich@knauf.de>
cc
"'Saemann, Ingrid'" <Saemann.Ingrid@knauf.de>, <mnorris@mail.knauf.com.cn>,
~ nn.zhong@mail.knauf.com.cn>
  ject
nƏ:

Dear Prof. Hummel,

We have made it very clear to Solomon that if anybody wants to sue us, they
will have to sue Knauf Tianjin in a Tianjin court. Second of all, we only
have a contract with Solomon, not with a third party.

However, for the reputation of Knauf in the market and to avoid that they
sue Knauf's American entity, we need to show up there and find out what the
hell is going on. The contractor is currently talking about unscrewing all
Knauf boards in all the buildings again...

Mr. Norris will arrange that an official from Solomon meets you and goes to
the site with you. They are the supplier to the contracter, not us.
Mr. Norris will give you as many details as he can.

We ask Mrs. Saemann to make the necessary flight an hotel arrangements.

Mr. Norris can be reached at any time via his mobile phone
  `6.1.3901379332)

Best regards,

Isabel Knauf
Mobile +90.533.7614578


-----Original Message-----
From: Hummel Prof. Dr., Hans-Ulrich [mailto:Hummel.Hans-Ulrich@knauf.de]
Sent: 08 Kas?m 2006 ?ar?amba 08:49
To: Isabel Knauf
Cc: Saemann, Ingrid
Subject: WG:

Hallo Frau Knauf,

In der Anlage finden Sie ein Schreiben, das ich vorhin an Tracy geschickt
habe, die ebenfalls bezüglich meines Besuches angefragt hat.
Ich habe kein pers?nliches Problem damit, morgen, also am Mittwoch, nach
Miami zu fliegen.

Bitte bedenken Sie aber, dass ich dort eigentlich nur als Verlierer
auftreten kann, denn ich wei? bislang NICHTS!!! über den Vorgang, das Ausma?
und die Ursachen und das ist auch vor Ort nicht zu kl?ren.

Wenn die Gegenseite dort mit Anw?lten vertreten sein sollte, k?nnte das für
uns fatal sein.
Ich würde daher die besonnene Weise bevorzugen, da mir das wesentlich
 ʒlführender erscheint.

Sollten Sie meinen Besuch aber dennoch schon Donnerstag/Freitag wünschen,
bitte ich um eine gute Vororganisation mit Reservierung eines Hotels für
zwei N?chte.

KPT0024367

Die Kosten, die außen die Umbuchungen entstehen, muß ich Ihnen leider bela...

Wegen des großen Zeitunterschiedes können wir nicht mehr kommunizieren – es ist jetzt schon nahezu 11 pm hier und um 4 am geht's weiter.

...te sagen Sie dann einfach Frau S?mann Bescheid.
    Reisebüro wird sich dann um alles weitere kümmern.

Mit freundlichen Grüssen

Hans-Ulrich Hummel

-----Ursprüngliche Nachricht-----
Von: Hummel Prof. Dr., Hans-Ulrich
Gesendet: Mittwoch, 8. November 2006 03:42
An: tracy@bannersupply.com
Cc: Halbach, Martin
Betreff:


Dear Tracy
I am Hans-Ulrich Hummel, working ?for Knauf in Germany as head of R&D. Currently I am on the westcoast of US together with people from USG.

Of course I am aware of big problems with Knauf boards from China. What I have done so far is to forward board samples to Germany were we will investigate very quick the natur of the odour by gas chromatography. When I have controled the samples yesterday at Chicago ?I just ?could detect some "sweet small".

On the other hand I have been told today that an independent lab has identified oil as reason for the problem.

Before I don?t have a detailed knowledge about the emission, from wherever comes from, I can?t not really help. Tomorrow were are flying to Dallas. I could stop my tour with USG and flying to Miami instead. But what can I do there without the detailed results of analysis?

I therefor suggest first to perform analysis and decide on this results about how to proceed.

If you want me to come to Florida without this background, I could get to Miami Wednesday at about 6 pm. But please keep in mind I will give no recommendations and no comment at all.

Let me know what you are thinking.

Best regards
Hans-Ulrich

Cell: +491716500713

KPT0024368

# EXHIBIT "Y"

To:       mark@mail.knauf.com.cn[mark@mail.knauf.com.cn]
Cc:       Halbach, Martin[Halbach.Martin@knauf.de];
ChenJie@mail.knauf.com.cn[ChenJie@mail.knauf.com.cn]
From:                     YuanHongWen@mail.knauf.com.cn
Sent on behalf of:        YuanHongWen@mail.knauf.com.cn
Sent:                     Mon 10/30/2006 3:44:21 AM
Importance:               Low
Sensitivity:              None
Subject:                  Re: Fw: Knauf smelling
Categories:               <OF82F871CF.D4AAFA47-ON48257217.00084D2A-
                          48257217.0008533B@LocalDomain>


Dear Mark,
as you know, our board has no special smell. During the production of these board, we used mainly
natural gypsum. Other additives were also normal as before. It is very strange for me and needs some
detailed information to confirm the problem.

Mit freundlichen Gruessen / Best Regards

-----------------------------------------------------
Dr.-Ing. Yuan, Hongwen
Knauf Plasterboard (China) Co. Ltd.
No.2 Xinsha Development Zone, Machong Country, Dongguan
Guangdong, P.R.China, 523147
Tel: +86 (769) 88 82 94 11
Fax: +86 (769) 88 22 27 01
Email: yuan.hongwen@mail.knauf.com.cn


**Mark Norris/BeiFang/Knauf_China**

                                                              10/30/2006 09:30 AM   To

YuanHongWen/NanFang/Knauf_China@Knauf                                               cc
                                                                                   Subject

Fw: Knauf smelling



please call me

----- Forwarded by Mark Norris/BeiFang/Knauf_China on 30/10/2006 09:30 AM -----

**WangLan/BeiFang/Knauf_China**

                                                              30/10/2006 09:05 AM   To

Mark Norris/BeiFang/Knauf_China@Knauf                                              cc
                                                                                   Subject

KNAUFGIPS0000503

Knauf smelling

Dear Mark,

Follows mail transfer by Salomon's partner ...

Does Knauf have any laboratory in USA ? Salomon want do some test , his customer want to take this matter to court...

Best Regards


Cecilia Wang

Knauf Plasterboard   (Tianjin) Co., Ltd.

Tel: 0086-22-26972777-8103
Fax: 0086-22-26972656

—— 转发人 WangLan/BeiFang/Knauf_China 时间 2006-10-30 08:54 ——

"jawahar" <jawahar@rothchilt.zjip.com>

<WangLan@mail.knauf.com.cn>

Re: (Rising Spam Alert)

2006-10-28 10:32  收件人

抄送
主题


Dear Cecilia,

Below message marked in blue is from Salomon's  buyer whom he has sold your boards, he is trying to
get more information, please check very  carefully


SOLOMAN, PLEASE NOTIFY KNAUFF   THAT WE HAVE A PROBLEM WITH A VERY BAD

SMELL COMMING FROM THERE   BOARD

KNAUFGIPS0000504

A TEST WAS DONE ON ALL D/W IN  A HOUSE

THE KNAUFF HAD 20 TIMES  STRONGER SMELL THEN ALL THE OTHER BOARD

WCI  IS  THE  MAIN    BUILDER ALSO G. L. HOMES  IS  ALSO  HAVING  A  PROBLEM.


bst rgds
Jawahar
----- Original Message -----
From: <WangLan@mail.knauf.com.cn>
To: <jawahar@rothchilt.zjip.com>
Sent: Friday, October 27, 2006 4:42 PM
Subject: (Rising Spam  Alert)

KNAUFGIPS0000505

To:         Halbach, Martin[Halbach.Martin@knauf.de]
From:       YuanHongWen@mail.knauf.com.cn
Sent on behalf of:   YuanHongWen@mail.knauf.com.cn
Sent:       Mon 10/30/2006 3:38:53 AM
Importance: Low
Sensitivity: None
Subject:    FW: Fw: Knauf smelling


Hallo Herr Halbach,
haben Wir aehnleche Problem bei andere Laende?
Ist es moeglich jemand in USA (z.B. USG leute) anzurufen, diesen Geruch zu pruefen?


Mit freundlichen Gruessen / Best Regards


------------------------------------------------------
Dr.-Ing. Yuan, Hongwen
Knauf Plasterboard (China) Co. Ltd.
No.2 Xinsha Development Zone, Machong Country, Dongguan
Guangdong, P.R.China, 523147
Tel: +86 (769) 88 82 94 11
Fax: +86 (769) 88 22 27 01
Email: yuan.hongwen@mail.knauf.com.cn
----- Forwarded by YuanHongWen/NanFang/Knauf_China on 10/30/2006 11:34 AM -----

**Mark Norris/BeiFang/Knauf_China**

|  |  |
|---|---|
|  | 10/30/2006 09:30 AM   To |
| YuanHongWen/NanFang/Knauf_China@Knauf | cc |
|  | Subject |

Fw: Knauf smelling




please call me

----- Forwarded by Mark Norris/BeiFang/Knauf_China on 30/10/2006 09:30 AM -----

**WangLan/BeiFang/Knauf_China**

|  |  |
|---|---|
|  | 30/10/2006 09:05 AM   To |
| Mark Norris/BeiFang/Knauf_China@Knauf | cc |
|  | Subject |

Knauf smelling

KNAUFGIPS0000506

Dear Mark,

Follows mail transfer by Salomon's partner ...

Does Knauf have any laboratory in USA ? Salomon want do some test , his customer want to take this matter to court...

Best Regards


Cecilia Wang

Knauf Plasterboard   (Tianjin) Co., Ltd.

Tel: 0086-22-26972777-8103
Fax: 0086-22-26972656
---- 转发人 WangLan/BeiFang/Knauf_China 时间 2006-10-30 08:54 ----

"jawahar" <jawahar@rothchilt.zjip.com>

2006-10-28 10:32  收件人

<WangLan@mail.knauf.com.cn>                                                    抄送
                                                                                主题

Re: (Rising Spam Alert)




Dear Cecilia,

Below message marked in blue is from Salomon's  buyer whom he has sold your boards, he is trying to
get more information, please check very  carefully


SOLOMAN, PLEASE NOTIFY KNAUFF   THAT WE HAVE A PROBLEM WITH A VERY BAD

SMELL COMMING FROM THERE   BOARD

A TEST WAS DONE ON ALL D/W IN   A HOUSE

THE KNAUFF HAD 20 TIMES   STRONGER SMELL THEN ALL THE OTHER BOARD

KNAUFGIPS0000507

WCI IS THE MAIN    BUILDER ALSO G. L. HOMES IS ALSO HAVING A PROBLEM.


bst rgds
Jawahar
—— Original Message ——
From: <WangLan@mail.knauf.com.cn>
To: <jawahar@rothchilt.zjip.com>
Sent: Friday, October 27, 2006 4:42 PM
Subject: (Rising Spam  Alert)

KNAUFGIPS0000508

# EXHIBIT "Z"



Jul 30 2010
3:57PM

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED          *
DRYWALL PRODUCTS LIABILITY           *
LITIGATION                           *          MDL No. 2047
                                     *
This Document Relates to             *
Case No. 09-7628, 09-4119, 09-4115,  *          SECTION: L
09-4117, 09-4324, 09-6741,           *
and 10-01111                         *          JUDGE FALLON
                                     *
                                     *          MAGISTRATE JUDGE
                                     *          WILKINSON
                                     *
**********************************************

## KNAUF PLASTERBOARD (TIANJIN) CO., LTD.'S OBJECTIONS
## AND ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES
## CONCERNING JURISDICTIONAL ISSUES

Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), by and through its attorneys, Baker

McKenzie, LLP and Frilot L.L.C., object and answer pursuant to Federal Rule of Civil Procedure

26 and 33, to the Plaintiff's Steering Committee's ("PSC") First Set of Interrogatories

Concerning Jurisdictional Issues:

## DEFINITIONS

As used herein, the following terms are defined as follows:

1.      "Defendant" means Knauf Gips KG, Knauf Plasterboard (Tianjin) Co., Ltd.,
Knauf Plasterboard (Wuhu) Co., Ltd. and Knauf Plasterboard (Dongguan) Co., Ltd.

**OBJECTION:** KPT objects to the definition of "Defendant," to the extent it is broader

than or conflicts with its obligation to preserve or produce pursuant to Rules 26 and 33, or any

order of the Court. KPT further objects to the extent that it seeks information other than from

KPT, in particular Knauf Gips KG ("Knauf Gips"), Knauf Plasterboard (Wuhu) Co., Ltd.

("Knauf Wuhu") or Guangdong Knauf New Building Material Products Co., Ltd. ("Knauf

Dongguan"), which are separate, independent companies. KPT is an independent Chinese

- 1 -

company and is not a subsidiary or parent of Knauf Gips, Knauf Wuhu or Knauf Dongguan..

KPT further objects to the extent this definition would require information protected by the

attorney-client privilege, attorney-work product, joint defense or any other applicable privilege

or limitation imposed on the production by state secret, governmental investigation or privacy

laws.

2.      "You", "your" or "your company" means Knauf Gips KG, Knauf Plasterboard
(Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd. and Knauf Plasterboard (Dongguan)
Co., Ltd., as applicable, including relevant predecessors, successors, subsidiaries, departments,
divisions and/or affiliates, and including, without limitation, any organization or entity which it
manages or controls, together with all present and former directors, officers, employees, agents,
representatives or any persons acting or purporting to act on its behalf.

**OBJECTION:** KPT objects to the definition of "You", "Your", or "Your Company" to

the extent it is broader than or conflicts with its obligation to preserve or produce pursuant to

Rules 26 and 33, or any order of the Court. KPT objects to the definition as overly broad, in

particular to the extent the definition seeks information outside the possession or control of KPT,

such as "subsidiaries" or "affiliates." KPT further objects to the extent that the definition would

require information other than from KPT, in particular Knauf Gips, Knauf Wuhu or Knauf

Dongguan, which are separate, independent companies.   KPT is an independent Chinese

company and is not a subsidiary or parent of Knauf Gips, Knauf Wuhu or Knauf Dongguan.

KPT further objects to the extent this definition would require information protected by the

attorney-client privilege, attorney-work product, joint defense or any other applicable privilege

or limitation imposed on the production by state secret, governmental investigation or privacy

laws.

3.      "Person" means, without limitation, any natural person, corporation, partnership,
proprietorship, joint venture, association, government entity, group or other form of legal entity.

4.      "Communication" means, without limitation, oral or written communications of

any kind, such as electronic, facsimile, telephone, correspondence, exchanges of written or recorded information, or face-to-face meetings.

**OBJECTION:** KPT objects to the definition of "Communication" to the extent it is

broader than or conflicts with its obligation to preserve or produce pursuant to Rules 26 and 33,

or any order of the Court. KPT further objects to the extent this definition seeks information or

would require the disclosure of information protected by the attorney-client privilege, attorney-

work product, any other applicable privilege or limitation imposed on the production by state

secret, governmental investigation or privacy laws.

5.    "Meeting" means, without limitation, any assembly, convocation, encounter or contemporaneous presence of two or more persons for any purpose, whether planned or scheduled in advance, including, but not limited to, written exchanges through internet/web based chat, AOL Instant Messenger™ (or similar programs) or electronic "bulletin board" programs.

**OBJECTION:** KPT objects to the definition of "Meeting" to the extent it is broader than

or conflicts with its obligation to preserve or produce pursuant to Rules 26 and 33, or any order

of the Court.

6.    "Employee" means, without limitation, any current or former officer, director, executive, manager, secretary, staff member, messenger or other person who is or was employed by a defendant.

**OBJECTION:** KPT objects to the definition of "Employee" to the extent it is broader

than or conflicts with its obligation to preserve or produce pursuant to Rules 26 and 33, or any

order of the Court.

7.    "Document" means, without limitation, the original and all non-identical copies of all writings, whether handwritten, typed, printed or otherwise produced. This definition also includes, without limitation, letters, correspondence, memoranda, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, workpapers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, film and sound reproductions, sales, advertising and promotional literature, agreements or minutes of

meetings.

**OBJECTION:** KPT objects to the definition of "Document" to the extent it is broader than or conflicts with KPT's obligation to preserve or produce documents pursuant to Rules 26 and 34, or any order of the Court. KPT further objects to the extent this definition would require information protected by the attorney-client privilege, attorney-work product, joint defense or any other applicable privilege or limitation imposed on the production by state secret, governmental investigation or privacy laws.

8.      "Electronically Stored Information," abbreviated herein as "ESI," has the same meaning and scope in these Interrogatories as it has in the Federal Rules of Civil Procedure.

**OBJECTION:** KPT objects to the definition of "Electronically Stored Information" abbreviated as "ESI" to the extent it is broader than or conflicts with its obligation to preserve or produce pursuant to Rules 26 and 33, or any order of the Court. KPT further objects to the extent this definition would require information protected by the attorney-client privilege, attorney-work product, joint defense or any other applicable privilege or limitation imposed on the production by state secret, governmental investigation or privacy laws. KPT requests a specific meet and confer with respect to production of ESI in order to define and narrow the production of ESI, pursuant to Rule 26(f)(3)(c).

9.      "Relating to", "referring to", "regarding" or "with respect to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting or otherwise involving, in whole or in part.

10.     "Or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A" or "B", you should produce all information about A and all information about B, as well as all information about collectively A and B. In other words, "or" should be read as "and/or".

11.     "Including" is used to emphasize the type of information requested and should not

be construed as limiting the interrogatory in anyway.

12.    "Identify" when used in reference to a person means to state the person's full name, present or last known address, office, home and portable telephone and facsimile numbers, the person's present or last known position, job description and business affiliation at the time in question.

**OBJECTION:** KPT objects to the definition of "Identify" when used in reference to a

person to the extent it is broader than or conflicts with its obligation to preserve or produce

pursuant to Rules 26 and 33, or any order of the Court.

13.    "Identify" when used in reference to a document or ESI means to describe the type of document or ESI, its date and author, its present location or custodian, every author, whether or not such person signed the document, and every person to whom such document or ESI, or any copy thereof was given or sent.  If any such document or ESI was, but is no longer, in your possession or subject to your control, state what disposition was made of it.  Documents or ESI prepared prior to or subsequent to the period covered by these interrogatories, but which nonetheless relate or refer thereto, are to be included in your response.

**OBJECTION:** KPT objects to the definition of "Identify" when used in reference to a

document or ESI to the extent it is broader than or conflicts with its obligation to preserve or

produce pursuant to Rules 26 and 33, or any order of the Court.  KPT further objects to the

extent this definition would require information protected by the attorney-client privilege,

attorney-work product, joint defense or any other applicable privilege or limitation imposed on

the production by state secret, governmental investigation or privacy laws.

14.    "Identify" when used with respect to a communication other than a writing means to identify every person who was a party to the communication, the type of communication, and to identify all persons participating therein, along with the date, duration, location(s) and the substance of the communication.

**OBJECTION:** KPT objects to the definition of "Identify" when used with respect to a

communication other than a writing to the extent it is broader than or conflicts with its obligation

to preserve or produce pursuant to Rules 26 and 33, or any order of the Court.  KPT further

objects to the extent this definition would require information protected by the attorney-client

privilege, attorney-work product, joint defense or any other applicable privilege or limitation imposed on the production by state secret, governmental investigation or privacy laws.

      15.     "Any" should be construed, when possible, to mean "any and all."

      16.     "Chinese drywall" refers to drywall, plasterboard or wallboard manufactured in China.

**OBJECTION:** KPT objects to the definition of "Chinese drywall" on the ground that it is overly broad. KPT further refers the PSC to its Defendant Profile Form

## INSTRUCTIONS

      1.     Unless otherwise noted, these interrogatories require responses for the time period from January 1, 2001 through the date of these interrogatories (the "relevant time period").

      **OBJECTION:** KPT objects to this instruction to the extent that it defines "relevant time period" on the grounds that it is overly broad and unduly burdensome and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. KPT refers the PSC to its Defendant Profile Form, in which it disclosed its shipments to Florida and Louisiana. KPT's drywall was imported to Florida and Louisiana from January 2006 to September 2006, and manufactured from approximately November 2005 through August 2006. Notwithstanding its objections, KPT will answer these interrogatories with information from January 2005 through September 2009. KPT further objects to this instruction to the extent compliance with it would require retrieval of ESI that is not reasonable, accessible or, its production would violate Chinese law. To the extent that the burden and expense attendant to the retrieval of ESI substantially outweighs any benefit or probative value, KPT will request appropriate cost-shifting provisions or may otherwise object to the production.

      2.     Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these interrogatories are continuing in nature so that if, after answering, you acquire additional

responsive knowledge or information, plaintiffs direct that you serve supplemental answers after acquiring such additional knowledge or information.

**OBJECTION:** KPT objects to this instruction to the extent it is broader than or conflicts

with its obligation to preserve, produce or respond pursuant to Rules 26 and 33, or any order of

the Court.

3.     If at any time after answering these interrogatories you determine that an answer you provided was false, you must immediately notify plaintiffs' counsel and provide amended answers as soon as reasonably possible.

**OBJECTION:** KPT objects to this Instruction to the extent it is broader than or conflicts

with its obligation to preserve, produce or respond pursuant to Rules 26 and 33, or any order of

the Court.

4.     If you refuse to respond to any of these interrogatories based on a claim of privilege pursuant to Federal Rule of Civil Procedure 26(b)(5), you must provide a statement of the claim of privilege and all facts relied upon in support of that claim, including the parties involved, any dates involved, the relevant subject matter of the privileged material, any documents or ESI supporting the privileged information, including the dates, authors, recipients, title and subject matter, and present location of any documents or ESI involved. In the case of attorney work product privilege, you must also identify the litigation for which the work product was prepared.

**OBJECTION:** KPT objects to this instruction in its entirety. KPT will comply with the

Court's order with respect to privileged documents and prepare a privilege log.

5.     If you answer any interrogatory by reference to business records pursuant to Federal Rule of Civil Procedure 33,(d), identify such records by Bates number and the name of your employee certifying the documents or ESI as business records for purposes of answering the interrogatory.

**OBJECTION:** KPT objects to this Instruction to the extent it is broader than or conflicts

with its obligation to preserve, produce or respond pursuant to Rules 26 and 33, or any order of

the Court.

## INTERROGATORIES

**Interrogatory No. 1:**

During the relevant time period, have You possessed an ownership interest in any corporation or business that is located in the United States? If so, identify the corporation, any subsidiaries, affiliates or agents of that corporation which are also located in the United States, the amount of Your ownership interest in that corporation, and describe the nature of the business in which the corporation, and any of its subsidiaries, affiliates or agents, are or were engaged.

**OBJECTION AND ANSWER:** Subject to its general objections, KPT answers that it

did not possess an ownership interest in any corporation or business that is located in the United

States.

**Interrogatory No. 2:**

Has any company located in the United States served as an agent, affiliate or representative for You with regard to sales of Your Chinese drywall to United States purchasers? If so, identify the company, along with any parents, subsidiaries, affiliates or agents of the company and describe the business in which the company and any of its parents, subsidiaries, affiliates or agents are or were engaged.

**OBJECTION AND ANSWER:** Subject to its general and specific objections, KPT

answers that no company located in the United States served as an agent, affiliate or

representative with regard to its sales of Chinese drywall to the United States. In addition to its

general objections, KPT objects to this Interrogatory as vague or calling for legal conclusions

because of the use of the terms "agent," "affiliate," and "representative".

**Interrogatory No. 3:**

Have any of Your employees, during the relevant time period, also worked for or received any benefits from any corporation, subsidiary or affiliate identified in response to Interrogatory No. 1? If so, identify the name of the employee, the years that the employee worked for You, the years that the employee worked for or received benefits from any corporation, subsidiary or affiliate identified in response to Interrogatory Nos. 1 and 2, and the positions that the employee held with You and with any corporation, subsidiary or affiliate identified in response to Interrogatory Nos. 1 and 2.

**OBJECTION AND ANSWER:** Subject to its general and specific objections, KPT

responds that no employee has worked for or received any benefits from any corporation, subsidiary or affiliate as none were identified in response to Interrogatory Nos. 1 and 2.

**Interrogatory No. 4:**

>        During the relevant time period, have any of your officers, directors, employees representatives or agents visited the United States for the purpose of conducting business or engaging in any business activity relating to Chinese drywall? If so, identify the relevant officers, directors, employees, representatives or agents, the dates and length of their visit(s) to the United States, any persons or corporations they met with during their visit(s) and describe briefly the purpose of their visit(s).

>        **OBJECTION AND ANSWER:** Subject to its general objections, KPT responds that no officers, directors, employees, representatives or agents visited the United States for the purpose of conducting business or engaging in any business activity relating to Chinese drywall. To the extent this Interrogatory can be construed to seeks information relating to KPT's activity with respect to Chinese drywall after it was imported to the United States, KPT refers to and incorporates its response to Interrogatory No. 16.

**Interrogatory No. 5:**

>        During the relevant time period, have You been a party to any judicial or administrative proceedings in the United States? If so, give the name of the proceeding, the judicial or administrative body before which it was pending, the index or other identifying number of the proceeding, and a brief description of the nature of the proceeding.

>        **OBJECTION AND ANSWER:** Subject to its general and specific objections, KPT responds that it has not been a party to a judicial or administrative proceeding in the United States other than cases filed beginning in 2009 relating to Chinese drywall. In addition to its general objections, KPT objects to this Interrogatory on the grounds that it is overly broad and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence.

**Interrogatory No. 6:**

>        During the relevant time period, have You sold or marketed any Chinese drywall

to persons located in the United States, including, but not limited to, sales to Your subsidiaries, affiliates or agents? If so, identify the types of Chinese drywall that have been sold or marketed to persons located in the United States, and the dollar amount of each such product sold to persons in the United States during each year of the relevant time period.

**OBJECTION AND ANSWER:**   Subject to its general objections, KPT responds that

KPT sold the drywall it manufactured from its only facility located in Tianjin, China as identified

in its Defense Profile Form.   KPT incorporates its Defense Profile Form in response to this

Interrogatory.   KPT has produced documents identifying the dollar amount of those sales and

will identify those documents or prepare a document with the sales information in response to

this Interrogatory.

**Interrogatory No. 7:**

During the relevant time period, have You assisted with or participated in the sales, marketing, advertising or promotion of any corporation, subsidiary, affiliate or agent identified in response to Interrogatory Nos. 1 and 2? If so, describe, in detail Your role in the sales, marketing, advertising or promotion of such products, and identify any employees involved in such activities.

**OBJECTION AND ANSWER:**   Subject to its general objections, KPT responds that

it has not assisted with or participated in the sales, marketing, advertising or promotion of any

corporation, subsidiary, affiliate or agent as none were identified in response to Interrogatory

Nos. 1 and 2.

**Interrogatory No. 8:**

Have any of Your employees, during the relevant time period, had any oversight responsibilities over the activities of any corporation, subsidiary, affiliate or agent identified in response to Interrogatory Nos. 1 and 2? If so, identify each such employee and the nature of that employee's oversight responsibilities over the activities of any corporation, or any subsidiary or affiliate or agent of any corporation, identified in response to Interrogatory Nos. 1 and 2.

**OBJECTION AND ANSWER:**     Subject to its general objections, KPT responds that it did not have any oversight over the activities of any corporation, subsidiary, affiliate or agent as none were identified in response to Interrogatory Nos. 1 and 2.

**Interrogatory No. 9:**

During the relevant time period, have You ever financed or made contributions of capital to any corporation, subsidiary, affiliate or agent located in the United States? If so, identify all such transactions, including, but not limited to, any inter-company loans, advances of funds, cost sharing agreements, or extensions of credit.

**OBJECTION AND ANSWER:**     Subject to its general objections, KPT responds that it has not financed or made contributions of capital to any corporation, subsidiary, affiliate or agent located in the United States.

**Interrogatory No. 10:**

Identify all Your assets, including bank accounts, financial instruments or securities, located in the United States, including the dollar value of each such asset.

**OBJECTION AND ANSWER:**     Subject to its general objections, KPT responds that it does not have any bank accounts, financial instruments or securities located in the United States.

**Interrogatory No. 11:**

Identify all United States patents You hold and all licensing agreements with United States companies, including any of Your subsidiaries, affiliates or agents.

**OBJECTION AND ANSWER:**     Subject to its general objections, KPT responds that it does not hold any patents in the United States or have any licensing agreements with United States companies.

**Interrogatory No. 12:**

Identify all United States product specifications, standards or designs you meet or attempt to meet in the manufacture of your Chinese drywall.

**OBJECTION AND ANSWER:**     Subject to its general objections, KPT responds that

its customers requested that the drywall imported to the United States be manufactured according to ASTM C 36 and KPT complied with that standard.

**Interrogatory No. 13:**

Identify all labeling You used in the production of your Chinese drywall.

**OBJECTION AND ANSWER:**   Subject   to   its   general   objections,   drywall manufactured by KPT and imported to the United States was identified by a marking printed onto the back of each piece of drywall "KNAUF – TIANJIN CHINA – ASTM C 36 [time code/date code]".

**Interrogatory No. 14:**

Identify all financial investors you have that are citizens of the United States or incorporated in the United States.

**OBJECTION AND ANSWER:**   Subject to its general objections, KPT answers that it has no financial investors that are citizens of the United States.

**Interrogatory No. 15:**

Identify all of your marketing efforts in the United States or directed to the United States, including catalogs, brochures, samples, internet advertisements, URLs, etc.

**OBJECTION AND ANSWER:**   Subject to its general objections, KPT responds that it does not direct marketing materials or advertisement to the United States.

**Interrogatory No. 16:**

During the relevant time period did You communicate with any person within the United States regarding the manufacture, sale, promotion, solicitation, warranty, or performance of Chinese drywall? If so, as to each communication:

        a.     Identify each person making the communication;

        b.     Identify to whom the communication was made;

        c.     Identify the type of communication;

        d.     Identify the substance or nature of the communication.

**OBJECTION AND ANSWER:** KPT reaffirms its objection to the production of documents or information protected by the attorney-client privilege, attorney-work product, joint defense or any other applicable privilege, state secret or privacy laws. Subject to its general and specific objections, KPT responds that as a defendant of claims relating to "Chinese drywall," employees and representatives of KPT have visited the United States to consult with KPT attorneys in defense of the claims. Mark Norris, Commercial Director, also visited the United States in November and December 2006 in response to complaints from downstream customers of Rothchilt International and their apparent customers, including La Suprema, Banner Supply Company, WCI, Simonique, LLC, GL Homes, SD & Associates and Distinctive Drywall.

KPT requested technical assistance from Knauf Gips in responding to the complaints. Prof. Hans-Ulrich Hummel, who is employed in the research and development group of Knauf Gips KG, visited the houses in early November because Prof. Hummel was in the United States on other business at the time and KPT did not have any employees or agents in the United States. KPT believes that Prof. Hummel met with Banner, Rothchilt and some of the same homebuilders that Mr. Norris met later that year. KPT also engaged, through Baker & McKenzie LLP, a consultant Center for Environmental and Toxicology, to sample in houses in 2006. Summaries of that sampling were provided in 2006 or early 2007 to Banner and others with whom Mr. Norris had met.

Mr. Norris again visited the United States in August 2008 to meet with representatives of L&W and Lennar regarding claims that Chinese drywall had an odor and was causing copper HVAC coils and other copper components to tarnish in houses on the west coast of Florida.

Non-privileged documents reflecting communications between KPT and persons in the United States that are responsive will be produced in response to this Interrogatory.

**<u>Interrogatory No. 17</u>:**

Identify any contracts You have with persons or entities in the United States regarding the study of performance issues regarding your Chinese drywall.

**OBJECTION AND ANSWER:** KPT objects to Interrogatory No. 17 because it seeks documents or information protected by the attorney-client privilege, attorney-work product, joint defense, or any other applicable privilege, state secret, governmental investigation or privacy laws, except to the extent disclosed above in response to Interrogatory No. 16.

Dated: July 9, 2010

Respectfully submitted,

/s/Douglas B. Sanders

Douglas B. Sanders
Richard Franklin
**BAKER & MCKENZIE LLP**
130 E. Randolph Dr.
Chicago, IL 60601
Telephone: (312) 861-8075
Facsimile: (312) 698-2375
Email: douglas.b.sanders@bakernet.com

Donald J. Hayden
**BAKER & MCKENZIE LLP**
1111 Brickell Avenue
Suite 1700
Miami, Florida 33,131
Telephone: (305) 789-8966
Facsimile: (305) 789-8953
E-mail: Donald.hayden@bakernet.com

Kerry Miller (LA Bar No. 24562)
Kyle A. Spaulding (LA Bar No. 29000)
**FRILOT L.L.C.**
1100 Poydras Street
Suite 3700
New Orleans, Louisiana 70163
Telephone:     (504) 599-8194
Facsimile:     (504) 599-8145
Email: kmiller@frilot.com

*Attorneys for Defendant Knauf Plasterboard
(Tianjin) Co., Ltd.*

-15-

## VERIFICATION

Under penalties of perjury, I declare that I have read the foregoing objections and answers to interrogatories and that the facts state in them are true to the best of my knowledge and belief.

As Authorized Representative
of Knauf Plasterboard (Tianjin)
Co., Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **Knauf Plasterboard (Tianjin) Co., Ltd's Objections and Answers To Plaintiffs' First Set of Interrogatories Concerning Jurisdictional Issues** has been served on Plaintiffs' Liaison Counsel, Russ Herman, Homebuilder's Liaison Counsel, Phillip Wittmann, and Defendants' Liaison Counsel, Kerry Miller, by e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, on this 30th day of July, 2010.

By: /s/ Douglas B. Sanders