UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED | * | MDL No. 2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JOSEPH C. WILKINSON, JR. |
| | * | |

* * * * * * * * * * * * * ** * * * * * * ** * * * * * * ** *

**THIS DOCUMENT RELATES TO:** *Germano, et al. v. Taishan Gypsum Co., Ltd., et al.,* Case No. 09-6687

### DEFENDANT TAISHAN GYPSUM'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF INTERVENORS' MOTION TO IMPOSE BOND REQUIREMENT

Defendant Taishan Gypsum Co. Ltd. ("Taishan Gypsum") submits this memorandum in opposition to Plaintiff Intervenors'[1] motion for an order pursuant to Fed.R.App.P. 7 requiring Taishan Gypsum to post a bond of $25,000. While Taishan Gypsum does not dispute that it is within this Court's discretion to impose a bond on a foreign appellant, it does dispute the reasonableness of the appeal bond amount requested by Plaintiff Intervenors.[2] Because the amount requested is patently unreasonable in light of the Fifth Circuit's Local Rules, Taishan

---

[1] The "Plaintiff Intervenors" in this case are Deborah and William Morgan, Jerry and Inez Baldwin, Joe and Cathy Leach, Robert and Lisa Orlando, Fred and Vanessa Michaux, Preston and Rachel McKellar, and Steven and Elizabeth Heischober.

[2] Taishan Gypsum, of course, also disputes that it has "demonstrated an abject disdain for this Court's authority" (Mem., p. 6) and any allegation that it was properly served with the Second Amended Class Action Complaint (Mem. pp. 2-3).

Gypsum requests that, should the Court determine it appropriate to require Taishan Gypsum to post a bond, it impose a lower and more reasonable amount, not to exceed $1000.00.

## ARGUMENT

Pursuant to Fed.R.App.P. Rule 7, a district court may use its discretion to require an appellant to post a bond ensuring payment of a prevailing appellee's costs on appeal. Plaintiff Intervenors have requested that the Court order a bond of $25,000 for "clerk and court fees, photocopy charges and other costs for briefs and a joint appendix, and court reporter transcription fees" without further explanation as to how they arrived that that number. (*See* Plaintiffs' Memorandum of Law in Support of Motion to Impose Bond Requirement on Appellant Taishan Gypsum Co., Ltd., f/k/a/ Shandong Taihe Dongxin Co., Ltd. (hereinafter, "Mem." at p. 5).

The costs taxable to appellant are contained within Fed.R.App.P. Rule 39(e) and include: (1) preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for supersedeas bond; (4) fee for filing the notice of appeal. Fed.R.App.P. Rule 39(c) further states that each Circuit court must fix the rate for copies. Here, (1) the parties have jointly designated the record, which the district court clerk will prepare to transmit to the Fifth Circuit; (2) Taishan Gypsum, as the appellant, has purchased the transcripts for appeal; (3) a supersedeas bond is not required; and (4) Taishan Gypsum has paid the fee to file their notice of appeal. Thus, the only cost allowed by Rule 39 that Plaintiff Intervenors can recover is that of the copying charges.

The Local Rules of the Fifth Circuit allow appellees to file a brief of up to 30 pages. (Fed.R.App.P. 32(a)(7)(A); 5th Cir. R. 28.1.)  Taxable costs for the brief include 15 copies of the brief at $.15/page ($67.50), plus reasonable costs for binding.  (5th Cir. R. 39.1.)   The Fifth

Circuit does not require the parties to file an appendix; rather, "appeals from the district courts . . . are decided on the original record on appeal (ROA) . . . record excerpts are filed in lieu of the appendix proscribed by Fed.R.App.P.30." (5th Cir. R. 30.1.) The purpose of the record excerpts is not to provide all documents cited to in the briefs, but to "assist the judges in making the screening decision on the need for oral argument." (5th Cir. R. 30.1.1.) Rule 30.1.4 delineates the documents required in the record excerpts to be filed with the appellant's brief. In addition, the parties may at their option include forty (40) pages of record excerpts. (5th Cir. R. 30.1.5; 30.1.6.) Taxable costs for the record excerpts include 10 copies at $.15. Because the appellant must file the mandatory excerpts, Plaintiff Intervenors may only recover the costs of the optional excerpts, or $60, plus the cost of binding.[3]

Because their taxable costs can total only a few hundred dollars in copy costs, Plaintiff Intervenors' request is grossly unreasonable and should be reduced to a maximum of $1000, which would more than cover the costs allowable under the Local Rules. *See Vaughn v. American Honda Motor Co., Inc.*, 507 F.3d 295 (5th Cir. 2007) (reducing the bond requested under Fed.R.App.P. 7 from $150,000 to $1000).

---

[3] In support of their proposal for a bond, Plaintiff Intervenors cite four cases, none of which are controlling authority, and all of which are otherwise inapposite. In two cases, *In re Wal-Mart Wage and Hour Employment Practices Litigation*, No. 2:06-CV-00225-PMP-PAL, 2010 WL 786513 (D.Nev. 2010) and *In re Compact Disc Minimum Advertised Price Antitrust Litigation*, No. MDL 1361, 2003 WL 22417252 (D.Me. 2003), the district court deemed the appeals frivolous, requiring a higher bond amount. Such is not the case here, and Plaintiff Intervenors have not alleged as much. The other two cases, *In re American Investors Life Ins. Co. Annuity Marketing and Sales Practices Litigation*, 695 F.Supp.2d 157 (E.D.Pa. 2010) and *In re Ins. Brokerage Antitrust Litigation*, Civ. No. 04-5184 (GEB), 2007 WL 1963063 (D.N.J. July 2, 2007), were decided in the Third Circuit, which, unlike the Fifth Circuit, requires the parties to file an appendix. (*See* 3rd Cir. Rule 30.)

## CONCLUSION

For all of the foregoing reasons, Taishan Gypsum respectfully submits that, should the Court order Taishan Gypsum to post a bond pursuant to Fed.R.App.P. 7, the amount should total a maximum of $1000.00.

Respectfully submitted,

/s/ Thomas P. Owen, Jr.
Joe Cyr
Frank T. Spano
Eric Statman
HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York 10022
Email: Joe.cyr@hoganlovells.com
Frank.spano@hoganlovells.com
Eric.statman@hoganlovells.com
Telephone: 212-918-3000
Facsimile: 212-918-3100

Richard C. Stanley (La. Bar No. 8487)
Thomas P. Owen, Jr. (La. Bar No. 28181)
STANLEY, REUTER, ROSS, THORNTON
& ALFORD, LLC
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: 504-523-1580
Facsimile: 504-524-0069
E-mail: rcs@stanleyreuter.com
tpo@stanleyreuter.em

**Attorneys for Taishan Gypsum Co. Ltd.**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum In Opposition to Plaintiff Intervenors' Motion to Impose Bond Requirement has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pretrial Order No. 6, and that the foregoing was also electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 4th day of August, 2010.

/s/  Thomas P. Owen, Jr.