# EXHIBIT 4

1

| 1 | IN THE UNITED STATES DISTRICT COURT |
| 2 | FOR THE MIDDLE DISTRICT OF FLORIDA<br>TAMPA DIVISION |
| 3 | Case No. 8:09-cv-598-T-27TGW |
| 4 | May 12, 2009 |
| 5 | Tampa, Florida |

6  KRISTIN MORGAN CULLITON, individually
7  and on behalf of all similarly situated
   individuals,

8          Plaintiffs,

9  vs.

10  TAYLOR MORRISON SERVICES, INC., et al.,

11          Defendants.

12  _____/

13

14

15          TRANSCRIPT OF DIGITALLY RECORDED HEARING RE:
            MOTION FOR PROTECTIVE ORDER (Document 10)
16          BEFORE THE HONORABLE THOMAS G. WILSON,
            UNITED STATES MAGISTRATE JUDGE

17

18  Appearances of Counsel:

19      For the Plaintiffs:

20          Mr. Christopher Craig Casper
            Mr. Darren Robert Inverso
21          Mr. John Allen Yanchunis
            Mr. Jonathan Betten Cohen
22
        For the Defendants:
23
            Mr. Mark Anthony Romance
24          Mr. Neal Allen Sivyer

25  Transcribed by:    Dennis Miracle, Official Reporter

*Dennis Miracle, Official Reporter (352) 622-7212*

5/18/09

39

1    behind us."  There's going to be a whole lot of people, and
2    they all will have different reactions.
3            MR. CASPER:  Yeah, let them make that reaction
4    based on complete information.  Some people may look at
5    that and say, "Well, I don't want to wait and see what
6    happens with the class action.  I'm going to take the
7    deal.  I don't think it's a hundred percent but, hey, I'll
8    take it."  Some people are going to do that.  But they
9    should at least make that decision knowingly and with full
10   information.
11           I would urge the Court to review our memo and just
12   compare --
13           THE COURT:  I've already read it.
14           MR. CASPER:  -- the terms of the agreement to the
15   representations in the associated documents.
16           THE COURT:  I've read all this stuff.  I didn't
17   find it particularly misleading.
18           The only thing I find that's -- that has some
19   persuasiveness is some statement to contact a lawyer,
20   period, not you guys, not the other guys, not anybody, but
21   a statement in their facts that there should be some --
22   that you may wish to contact a lawyer before you sign this
23   document.
24           MR. CASPER:  But, Your Honor, why not clearer
25   language on the assignment and release issue as well?  I

40

1   don't think it's clear to a lot of people in reading this

2   that this means you're done; this is all you're going to

3   get.

4           THE COURT:   No.   That's why you contact a lawyer.

5   I don't think there's anything misleading about that, so

6   I'm not going to say, yeah, you ought to change that.   If

7   I'm reading that, I understand what it means.   If you don't

8   want to do that, okay, then fine.   Then you don't accept

9   their deal.   You get a lawyer; you bring your own

10  lawsuit -- not necessarily yours but their own lawsuit, and

11  they can ask for a class.   So I'm not changing that one

12  because I don't see anything wrong with that one.

13          And I don't see anything wrong with the other

14  stuff.   I didn't find this a misleading statement at all.

15  It may be that some lawyers can find some ambiguities in it

16  to try to create a -- something misleading about it.   But a

17  real honest-to-goodness person that's reading it trying to

18  get the gist of it, they're not going to be misled by

19  this.   They may want to decide, "I don't want to take the

20  deal" for whatever reason after talking with a lawyer.

21  Okay.   Fine.   So that's all I see in this thing.

22          MR. CASPER:   Fair enough, Your Honor.

23          THE COURT:   All right.   So I'm granting the motion

24  only to the extent that the facts sheet -- I'm not sure

25  that's what you call it, but it's something like --