UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

---

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO: | : : | JUDGE FALLON |
| *Hernandez v. Knauf Gips KG, et al.*<br>No. 09-6050 (E.D. La.) | : : : | MAG. JUDGE WILKINSON |

---

**KNAUF PLASTERBOARD (TIANJIN) CO., LTD.'S OPPOSITION TO PLAINTIFFS' MOTION TO IMPOSE A BOND REQUIREMENT**

Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT") submits this opposition to plaintiffs' motion pursuant to Federal Rule of Appellate Procedure 7 to require KPT to provide an appellate cost bond of $25,000. In the event that the Fifth Circuit affirms this Court's May 10, 2010 judgment, plaintiffs' recoverable appellate costs would be minimal. KPT's counsel, Kaye Scholer LLP, will guarantee payment of plaintiffs' costs up to $1,000, which is more than sufficient to cover plaintiffs' recoverable appellate costs. Accordingly, the Court should deny plaintiffs' motion.

**STATEMENT OF FACTS**

On May 10, 2010, after a bench trial, this Court entered judgment in favor of plaintiffs in the amount of $164,049.64, plus reasonable attorneys' fees and costs, and legal interest running from the date of judgment until payment.[1] On June 9, 2010, KPT filed a notice of appeal from the judgment. KPT has not sought a stay of judgment pending appeal.

---

[1] Plaintiffs' petition for attorneys' fees and trial-related costs is *sub judice*.

32007173.DOCX

**ARGUMENT**

Under Federal Rule of Appellate Procedure 7, the "court should require a bond only if 'necessary to ensure payment of costs on appeal,' and only in an amount justified by that necessity." 16A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3953 (4th ed. 2010). A bond under Rule 7 cannot be used as "a surrogate for a supersedeas bond" under Rule 8. *Vaughn v. American Honda Motor Co., Inc.*, 507 F.3d 295, 298 (5th Cir. 2007). For that reason, "the size of the bond demanded of [KPT cannot] be justified by [its] nonsatisfaction of the judgment …." *In re American President Lines, Inc.*, 779 F.2d 714, 717 (D.C. Cir. 1985). Plaintiffs "remain free to enforce [their] judgment at any time." *Id.* at 718.

Applying those principles in *Vaughn*, the Fifth Circuit reduced the amount of a bond ordered to secure appellate costs under Rule 7 from $150,000 to $1,000. *Vaughn*, 507 F.3d at 300.

Plaintiffs in this case have not attempted to explain why they "anticipate their costs in defending the appeal of the Court's May 10, 2010 Order will meet or exceed $25,000.00" Pls. Mem. at 3. There is no basis to conclude that Plaintiffs' recoverable appellate costs would exceed the $1,000 ordered in *Vaughn*.

Federal Rule of Appellate Procedure 39 governs costs on appeal. In the event this Court's judgment is affirmed, Rule 39 would permit taxation of costs against KPT for necessary copies of plaintiffs' appellate brief and appendix. Fed. R. App. P. 39(a)(2), (c). Fifth Circuit Rule 39, which governs the amount in which such costs might be taxed, provides in relevant part:

> The cost of reproducing necessary copies of the briefs, appendices, or record excerpts shall be taxed at a rate of actual cost, or $.15 per page, which is less, including cover, index, and internal pages, for any form of reproduction costs. The cost of the binding required by 5th Cir. R. 32.2.3 that mandates that briefs

must lie reasonably flat when open shall be a taxable cost but not limited to the foregoing rate.… Taxable costs will be authorized for up to 15 copies for a brief and 10 copies of an appendix or record excerpts, unless the clerk gives advance approval for additional copies.

Even assuming that plaintiffs filed an appellate brief totaling 100 pages, they would be entitled to no more than $15 for up to 15 copies of the brief, which would amount to a total of $225, plus the cost of binding those briefs. Plaintiffs likely will not bear any cost for producing the joint appendix because that cost will borne by KPT as the appellant. Fed. R. App. P. 30(b)(2).[2] Nor will plaintiffs bear any costs in connection with the appeal for preparation and transmission of the record or for transcripts. Fed. R. App. P. 39(e). Consistent with these estimates, recent mandates from the Fifth Circuit awarding costs to appellees range from $56.55 to $263.50. *See* Exhibit 1.

Plaintiffs allude to costs under 28 U.S.C. § 1920. Pls. Mem. at 3 n1. Pursuant to the May 10, 2010 judgment, plaintiffs recently moved for attorneys' fees and trial-related costs in this Court. In connection with that application, plaintiffs represented that recoverable costs under section 1920 were incurred for purposes of the trial, not for appeal. Plaintiffs cite no case permitting the district court to require an appellate cost bond to secure costs that were incurred for trial in the district court, rather than for costs incurred in connection with the appeal.[3]

The cases upon which plaintiffs rely do not support their request for an appellate cost bond in the amount of $25,000. Each of plaintiffs' cases involves appeals by objectors to

---

[2] Theoretically, there can be some costs to plaintiffs associated with the appendix: "[i]f the appellant considers parts of the record designated by the appellee to be unnecessary, the appellant may advise the appellee, who must then advance the cost of including those parts." Fed. R. App. P. 30(b)(2). But those costs, if any, would be minimal.

[3] For example, if plaintiffs had purchased transcripts only after trial for purposes of appeal, those costs might be recoverable as appellate costs. But that is not the case here.

settlements of class actions.  *See In re Wal-Mart Wage & Hour Employment Practices Litig.*, 2010 WL 786513 (D. Nev. Mar. 8, 2010); *In re American Investors Life Ins. Co. Annuity Mktg. & Sales Practices Litig.*, 2010 WL 653543 (E.D. Pa. Feb. 22, 2010); *In re Ins. Brokerage Antitrust Litig.*, 2007 WL 1963063 (D.N.J. July 2, 2007); *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, 2003 WL 22417252 (D. Me. Oct. 7, 2003); *In re Diet Drugs Prods. Liab. Litig.*, 2000 WL 1665134 (E.D. Pa. Nov. 6, 2000).  Those courts permitted an appellate bond to cover administrative costs associated with delayed distribution of class settlement funds and other costs not implicated here.

In any event, the Fifth Circuit's opinion in *Vaughn*, which also involved an appeal by objectors to a class settlement, is binding on this Court and trumps the district court opinions cited by plaintiffs.  Since the Fifth Circuit in *Vaughn* reduced the bond to $1,000, that is the most that could be ordered here.

KPT's counsel, Kaye Scholer LLP, will guarantee payment of plaintiffs' costs up to $1,000.  That amount would be more than sufficient to cover any appeal costs that might be taxed to KPT in the event that the Fifth Circuit affirms this Court's judgment.  Accordingly, a bond under Federal Rule of Appellate Procedure 7 is not necessary to ensure payment of costs to plaintiffs in the event that the Fifth Circuit affirms this Court's judgment.

**CONCLUSION**

For the reasons set forth above, this Court should deny plaintiffs' motion to impose a bond requirement under Federal Rule of Appellate Procedure 7.

Dated: August 4, 2010                        Respectfully submitted,


By: /s/ Kyle A. Spaulding
STEVEN GLICKSTEIN (NY Bar No. 1038157)
JAY P. MAYESH (NY Bar No. 1081603)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Telephone: (212) 836-8485
Facsimile: (212) 836-6485
Email: sglickstein@kayescholer.com

- AND -

MILES P. CLEMENTS (#4184)
PETER E. SPERLING (#17812)
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
PAUL C. THIBODEAUX (#29446)
FRILOT L.L.C.
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone: (504) 599-8194
Facsimile: (504) 599-8145
Email: kmiller@frilot.com

Counsel for Defendant, Knauf Plasterboard (Tianjin) Co., Ltd.

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing Knauf Plasterboard (Tianjin) Co., Ltd.'s Opposition to Plaintiffs' Motion to Impose a Bond Requirement has been served upon Plaintiffs' Liaison Counsel by email and by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, on this 4th day of August, 2010.

                                                    /s/ Kyle A. Spaulding