UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

---------------------------------------------------------------x
IN RE: CHINESE MANUFACTURED : MDL NO. 2047
DRYWALL PRODUCTS LIABILITY :
LITIGATION : SECTION: L
---------------------------------------------------------------x
THIS DOCUMENT RELATES TO: : JUDGE FALLON
 :
*Payton*, et al. v. *Knauf Gips KG*, et al. : MAG. JUDGE WILKINSON
No. 09-7628 (E.D. La.) :
 :
---------------------------------------------------------------x

### KNAUF PLASTERBOARD (TIANJIN) CO., LTD.'S OPPOSITION TO PLAINTIFFS' MOTION TO INTERVENE

Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT") opposes the motion of 383 plaintiffs (the "Intervening Plaintiffs") who seek to intervene in this action pursuant to Federal Rule of Civil Procedure 24. Pretrial Order No. 17 ("PTO 17") expressly prohibits the intervention sought by the Intervening Plaintiffs:

> **The Omnibus Class Action Complaint may not be amended to add additional claimants at a later date.**

PTO 17 at 2 [MDL Docket No. 401] (emphasis added).

Under PTO 17, KPT "agreed to accept service of process for homeowner plaintiffs who are to be named in an Omnibus Class Action Complaint and waive its right to demand service of process through the Hague Convention." PTO 17 at 1. To be eligible for inclusion in the Omnibus Class Action Complaint, claimants were required to provide "by no later than December 2, 2009, sufficient indicia that the homes in question contain KPT drywall" and "submit by December 14, 2009, a fully completed and executed Plaintiff Profile Form . . . ." PTO 17 at 2.

On December 9, 2009, as contemplated by PTO 17, the PSC filed the complaint in this action, naming 2,068 plaintiffs. The Intervening Plaintiffs are not parties to the Omnibus Class Action Complaint as originally filed. PTO 17 expressly provides that "[t]he Omnibus Class Action Complaint may not be amended to add additional claimants at a later date." PTO 17 at 2.

PTO 17 was a stipulated order. A court may relieve a party from a stipulation only "when on the one hand it appears that such relief is necessary to prevent manifest injustice to the party seeking it, and on the other hand that granting of relief will not place the adverse party at any disadvantage by reason of having acted in reliance upon the stipulation entered into." *Chatzicharalambus v. Petit*, 430 F. Supp. 1087, 1090 (E.D. La. 1977); *accord Guarino v. Potter*, No. Civ.A. 02-3323, 2003 WL 22439799, at *3 (E.D. La. Oct. 27, 2003) (Wilkinson, J.) ("The parties are bound by stipulations into which they have voluntarily entered and the court is bound to enforce such stipulations, unless manifest justice would result from enforcement" (citations omitted)).

KPT's agreement to waive service under the Hague Convention was explicitly predicated upon the corresponding provision that the complaint would not be amended to add new claimants. Plaintiffs already have obtained the benefit of PTO 17 because KPT waived service under the Hague Convention as to the 2,068 plaintiffs who complied with the filing deadline. Having obtained the benefits of the stipulation, plaintiffs must abide its obligations. KPT, having changed its position in reliance on PTO 17, would be unfairly prejudiced if the stipulation was not enforced. Intervening Plaintiffs will not be prejudiced by enforcing the stipulated order. They can file a new action and serve KPT under the Hague Convention.[1]

---

[1] Even if intervention were permitted contrary to PTO 17, the claims of the Intervening Plaintiffs would not relate back to the filing of the original complaint for statutes of
(continued...)

Alternatively, if, over KPT's objection, the stipulated order is to be vacated, it should be vacated in its entirety. In that event, to restore the parties to their original positions, the Court should void KPT's service waiver, dismiss the action as to KPT on the ground that it was not properly served within the time required by Federal Rule of Civil Procedure 4(m), and require the plaintiffs who wish to pursue actions against KPT to file a new complaint and to serve it under the Hague Convention.[2]

Moreover, even aside from the fact that the proposed intervention would violate PTO 17, it is improper for the additional reason that, as a practical matter, the Intervening Plaintiffs seek to institute new actions against KPT, which must be served under the Hague Convention. Regardless of how a motion to intervene may be treated under United States law, defendants' position is that the Hague Convention requires that when new claimants sue a foreign company, their claims must be initiated through the Hague Convention process and not simply through an amendment to an existing pleading. For this additional reason, the motion to intervene should be denied. The Intervening Plaintiffs should be required to initiate a new action and to serve it under the Hague Convention.

Dated: August 4, 2010                                    Respectfully submitted,


                                                         By:  /s/ Kyle A. Spaulding
                                                         STEVEN GLICKSTEIN (NY Bar No. 1038157)
                                                         JAY P. MAYESH (NY Bar No. 1081603)
                                                         KAYE SCHOLER LLP

---

limitations purposes. *See United States v. Randall & Blake*, 817 F.2d 1188, 1192 (5th Cir. 1987) ("the filing of the motion for intervention … determines the commencement of the action for purposes of the statute of limitations").

[2] The complaint in this action was filed on December 9, 2009. The 120-day period for serving KPT has expired. Fed. R. Civ. P. 4(m).

425 Park Avenue
New York, NY 10022
Telephone:  (212) 836-8485
Facsimile:  (212) 836-6485
Email:  sglickstein@kayescholer.com

- AND -

MILES P. CLEMENTS (#4184)
PETER E. SPERLING (#17812)
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
PAUL C. THIBODEAUX (#29446)
FRILOT L.L.C.
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone:  (504) 599-8194
Facsimile:  (504) 599-8145
Email:  kmiller@frilot.com

Counsel for Defendant, Knauf Plasterboard (Tianjin) Co., Ltd.

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing Knauf Plasterboard (Tianjin) Co., Ltd.'s Opposition to Plaintiffs' Motion to Intervene has been served upon Plaintiffs' Liaison Counsel by email and by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, on this 4th day of August, 2010.

                                                  /s/ Kyle A. Spaulding