UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

-----------------------------------------------------------------x
IN RE:  CHINESE MANUFACTURED         :      MDL NO. 2047
DRYWALL PRODUCTS LIABILITY           :
LITIGATION                           :      SECTION: L
-----------------------------------------------------------------x
THIS DOCUMENT RELATES TO:            :      JUDGE FALLON
                                     :
*Rogers*, et al.  v. *Knauf Gips KG, et al.*  :      MAG. JUDGE WILKINSON
No. 10-00362 (E.D. La.)               :
                                     :
-----------------------------------------------------------------x

**FRILOT L.L.C.'S BRIEF AS AMICUS CURIAE IN OPPOSITION TO THE PSC'S MOTION FOR EXTENSION OF TIME FOR SERVICE OF PROCESS UNDER RULE 4(m) AND PLAINTIFFS' MOTION TO INTERVENE**

Frilot L.L.C. ("Frilot") submits this memorandum as amicus curiae in opposition to the PSC's motion to extend the 120 day period for service of process on the defendants who are named in the complaint in this action and to the motion of 29 plaintiffs (the "Intervening Plaintiffs") who seek to intervene in this action pursuant to Federal Rule of Civil Procedure 24.[1] Pretrial Order No. 17 ("PTO 17") expressly prohibits the extension of time sought by the PSC:

> **If a claimant does not participate in the Omnibus Class Action Complaint and seeks to proceed in another action against KPT, this Court will not consider any requests for extensions of time to effectuate service against KPT and dismissals for want of prosecution or for failure to effectuate service against KPT will be entered in other actions, where appropriate upon proper notice and opportunity to be heard.**

PTO 17 at 2 [MDL Docket No. 401] (emphasis added).

Under PTO 17, KPT "agreed to accept service of process for homeowner plaintiffs who are to be named in an Omnibus Class Action Complaint and waive its right to demand service of

---

[1] KPT has not been served in *Rogers* and, therefore, is not a party to this action. Consequently, KPT's counsel, Frilot L.L.C., files this brief as amicus curiae to bring certain facts to the Court's attention.

32006818.DOCX

process through the Hague Convention." PTO 17 at 1. To be eligible for inclusion in the Omnibus Class Action Complaint, claimants were required to provide "by no later than December 2, 2009, sufficient indicia that the homes in question contain KPT drywall" and "submit by December 14, 2009, a fully completed and executed Plaintiff Profile Form . . . ." PTO 17 at 2.

On December 9, 2009, as contemplated by PTO 17, the PSC filed an Omnibus Class Action Complaint, naming 2,068 plaintiffs. The plaintiffs in this action are not parties to the Omnibus Class Action Complaint that was filed on December 9. The 120 day period for service of process expired on July 13, 2010. PTO 17 expressly provides that "[i]f a claimant does not participate in the Omnibus Class Action Complaint and seeks to proceed in another action against KPT, this Court will not consider any requests for extensions of time to effectuate service against KPT and dismissals for want of prosecution or for failure to effectuate service against KPT will be entered in other actions, where appropriate upon proper notice and opportunity to be heard." PTO 17 at 2.

PTO 17 was a stipulated order. A court may relieve a party from a stipulation only "when on the one hand it appears that such relief is necessary to prevent manifest injustice to the party seeking it, and on the other hand that granting of relief will not place the adverse party at any disadvantage by reason of having acted in reliance upon the stipulation entered into." *Chatzicharalambus v. Petit*, 430 F. Supp. 1087, 1090 (E.D. La. 1977); *accord Guarino v. Potter*, No. Civ.A. 02-3323, 2003 WL 22439799, at *3 (E.D. La. Oct. 27, 2003) (Wilkinson, J.) ("The parties are bound by stipulations into which they have voluntarily entered and the court is bound to enforce such stipulations, unless manifest justice would result from enforcement" (citations omitted)).

KPT's agreement to waive service under the Hague Convention was explicitly predicated upon the corresponding provision that plaintiffs proceeding in other actions would not be afforded extensions of the time in which to serve KPT.  Plaintiffs already have obtained the benefit of PTO 17 because KPT waived service under the Hague Convention as to the 2,068 plaintiffs who complied with the filing deadline.  Having obtained the benefits of the stipulation, plaintiffs must abide its obligations.  KPT, having changed its position in reliance on PTO 17, would be unfairly prejudiced if the stipulation was not enforced.

Alternatively, if, over KPT's objection, the stipulated order is to be vacated, it should be vacated in its entirety.  In that event, to restore the parties to their original positions, the Court should void KPT's service waiver as to the Omnibus Class Action Complaint filed on December 9, 2009, dismiss that action as to KPT on the ground that it was not properly served within the time required by Federal Rule of Civil Procedure 4(m), and require the plaintiffs who wish to pursue actions against KPT to file a new complaint and to serve it under the Hague Convention.

Because the PSC's motion for an extension of time to serve the complaint should be denied, the Intervening Plaintiffs' motion also should be denied.  The Intervening Plaintiffs' motion should be denied for an additional reason.  As a practical matter, the Intervening Plaintiffs seek to institute new actions against KPT, which must be served under the Hague Convention.  Regardless of how a motion to intervene may be treated under United States law, defendants' position is that the Hague Convention requires that when new claimants sue a foreign company, their claims must be initiated through the Hague Convention process and not simply through an amendment to an existing pleading.  The Intervening Plaintiffs should be required to initiate a new action and to serve it under the Hague Convention.

| | |
|---|---|
| Dated: August 4, 2010 | Respectfully submitted, |

<div style="margin-left: 50%;">

By:  /s/ Kyle A. Spaulding
MILES P. CLEMENTS (#4184)
PETER E. SPERLING (#17812)
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
PAUL C. THIBODEAUX (#29446)
FRILOT L.L.C.
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone:  (504) 599-8194
Facsimile:  (504) 599-8145
Email:  kmiller@frilot.com

</div>

## CERTIFICATE OF SERVICE

     I hereby certify that the above and foregoing Frilot L.L.C.'s Brief as Amicus Curiae in Opposition to the PSC's Motion for Extension of Time for Service of Process Under Rule 4(m) has been served upon Plaintiffs' Liaison Counsel by email and by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, on this 4th day of August, 2010.

                                           /s/ Kyle A. Spaulding