UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047<br>SECTION L<br>JUDGE FALLON<br>MAGISTRATE JUDGE WILKINSON |

THIS DOCUMENT RELATES TO:

DAVID GROSS, et al.,
CASE NO.: 09-6690
Plaintiffs
MDL 2047

v.

KNAUF GIPS KG; KNAUF PLASTERBOARD (TIANJIN) CO., LTD.; KNAUF PLASTERBOARD (WUHU) CO., LTD.; KNAUF PLASTERBOARD (DONGGUAN) CO., LTD., et al.

CIVIL ACTION NO. 09-7628

### DEFENDANT SPACE COAST TRUSS, LLC'S MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO COMPLY WITH PRETRIAL REQUIREMENTS AND TO RESPOND TO PLAINTIFF'S COMPLAINT

Defendant Space Coast Truss, LLC, by and through its undersigned attorneys, files this its Memorandum in Support of Motion for Extension of Time to Comply with Pretrial Requirements and to Respond to Plaintiff's Complaint, and states as follows:

Defendant Space Coast Truss, LLC filed its petition for relief in Bankruptcy Court on January 26, 2009 in the United States Bankruptcy Court, Southern District of Florida, West Palm Beach Division, Case Number 09-11191-PGH ("**Bankruptcy Case**").

ORLDOCS 11922314 1

All alleged claims and causes of action against Space Coast Truss, LLC, were discharged upon the confirmation of the plan of reorganization in the Bankruptcy Case. Pursuant to the confirmation order entered in the Bankruptcy Case on September 30, 2009 (the "**Confirmation Order**"), pursuit of the alleged claim or cause of action as set forth in the Plaintiff's Complaint was permanently enjoined.

Plaintiff's prosecution of the claims set forth in Plaintiff's Complaint against Defendant Space Coast Truss, LLC, may constitute a violation of the injunction set forth in Confirmation Order which provides in Section 13:

> Injunction. Except as provided otherwise in the Plan or this Order, as of the Effective Date, all entities that have held, currently hold, or may hold a claim or other debt or liability that is discharge under the Plan are permanently enjoined from taking any of the following actions on account of any such discharged Claims, debts, or liabilities: (a) commencing or continuing in any manner any claim, action or other proceeding against the Debtors, the Reorganized Debtors, or the Creditor Trust which they possessed or may possess prior to the Effective Date; (b) enforcing, attaching, collecting or recovering in any judgment, award, decree or order with respect to any Claim against the Debtors, the Reorganized Debtors, the Creditor Trust or their respective property, which they possessed or may possess prior to the Effective Date: (c) creating, perfecting or enforcing any lien or encumbrance of any kind with respect to any Claim against the Debtors, the Reorganized Debtors, the Creditor Trust or their respect property, which they possessed or may possess prior to the Effective Date; (d) asserting a setoff, right if subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtors, the Reorganized Debtors, the Creditor Trust, or their respective property, which they possessed or may possess prior to the Effective Date; (e) commencing or continuing action, in any manner, in any place, that does not comply with or is inconsistent with the provisions of the Plan or the Bankruptcy Code; and (f) asserting any Claims that are subject to the Releases as described in Article 12.4 of the Plan.

Plaintiff's asserted claims, even if meritorious, were released pursuant to Section 16 of the Confirmation Order which provides:

> <u>Release by Holders of Certain Impaired Claims</u>. Except as provided otherwise in this Order, including paragraph 49(e) of this Order, the provisions and distributions set forth in the Plan are a full and final settlement and compromise of all Claims and causes of action, whether known or unknown, that holders of Claims against and Equity Interests in the Debtors, exclusive of holders of First Lien Lender Secured Claims, may have against any of the Released Parties pursuant to Bankruptcy Code §§ 1123(b)(3) and (6) and Bankruptcy Rule 9019. As of the date on which all payments required to be made by the Debtors or Reorganized Mercedes on account of the Effective Date Cash Payment and the Post Effective Date Cash Payment have been made, in consideration for the distributions and other treatment afforded under this Plan, the obligations of the Debtors and the Reorganized Debtors under the Plan, the securities, contracts, instruments, releases and other agreements or documents to be delivered in connection with the Plan, and REIV's agreement to waive the REIV Deficiency Claim, each holder of a Claim against or Equity Interest in the Debtors, exclusive of holder of First Lien Lender Secured Claims, shall be deemed to forever release, waive and discharge all Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action and liabilities (other than the rights to enforce the Debtors' or the Reorganized Debtors' obligations under this Plan and the securities, contracts, instruments, releases and other agreements and documents delivered thereunder) against the Released Parties, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise that are based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Chapter 11 Cases or the conduct thereof, or this Plan. Notwithstanding the foregoing, nothing in Article 12.4 as amended in this Order, the Plan, or this Order shall release any Claim or causes of action that a holder of a Claim against or Equity Interest in the Debtors may have against any of the Released Parties for gross negligence or willful misconduct, or any Transferred Claims or Preserved Litigation Claims (it being understood that the Transferred Claims and Preserved Litigation Claims do not include any claims against any of the Released Parties).

Notice to Plaintiff's Counsel of the injunction issued in the Confirmation Order was forwarded on June 28, 2010, as set forth in Paragraph 3 of the Defendant's Motion for Extension of Time to Comply with Pretrial Requirements and to Respond to Plaintiff's Complaint.

To promote the effective and efficient use of the Court in the parties' time and resources, and consistent with the Confirmation Order entered in the Bankruptcy Case, the Defendant, Space Coast Truss, LLC, should be temporarily relieved from further compliance with the Pre-Trial Orders of this Court, and from filing further responses to Plaintiff's Complaint.

/s/John H. Dannecker, Esq.
**JOHN H. DANNECKER, ESQ.**
Florida Bar No.: 0745030
SHUTTS & BOWEN LLP
300 S. Orange Avenue, Suite 1000
Orlando, Florida 32802
Telephone: (407) 423-3200
Facsimile: (407) 425-8316
Attorneys for SPACE Coast Truss, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing Memorandum in Support of Motion for Extension of Time has been served on Plaintiff's Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 4th day of August, 2010.

/s/ John H. Dannecker, Esq.
JOHN H. DANNECKER