UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

-----------------------------------------------------------------x
IN RE:  CHINESE MANUFACTURED         :    MDL NO. 2047
DRYWALL PRODUCTS LIABILITY            :
LITIGATION                                            :    SECTION: L
-----------------------------------------------------------------x
THIS DOCUMENT RELATES TO:             :    JUDGE FALLON
                                                              :
*Gross*, et al.  v. *Knauf Gips KG*, et al.       :    MAG. JUDGE WILKINSON
No. 09-6690 (E.D. La.)                            :
                                                              :
-----------------------------------------------------------------x

**OPPOSITION OF KNAUF PLASTERBOARD (TIANJIN) CO., LTD., KNAUF PLASTERBOARD (WUHU) CO., LTD., GUANGDONG KNAUF NEW BUILDING MATERIALS PRODUCTS CO., LTD. AND KNAUF GIPS KG TO PLAINTIFFS MOTION TO INTERVENE**

Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co., Ltd. ("Wuhu"), Guangdong Knauf New Building Materials Products Co., Ltd. ("Dongguan") and Knauf Gips KP ("Gips") oppose the motion of 261 plaintiffs who seek to intervene in this action pursuant to Federal Rule of Civil Procedure 24.  As a practical matter, the intervenors are instituting new actions against KPT, Wuhu, Dongguan and Gips, which must be served under the Hague Convention.  Regardless of how a motion to intervene may be treated under United States law, defendants' position is that the Hague Convention requires that when new claimants sue a foreign company, their claims must be initiated through the Hague Convention process and not simply through an amendment to an existing pleading.  For this reason, the motion to intervene should be denied.  The Hague Convention certainly does not contemplate the end run around its procedures proposed by intervenors, whereby one plaintiff can satisfy the requirements of the international treaty, and hundreds or thousands of others can avoid their international obligations

32011321 (4).DOCX

by filing a motion to intervene.  The intervenors should be required to initiate a new action and to serve it under the Hague Convention.

Dated: August 4, 2010                                  Respectfully submitted,

                                      By:  /s/ Kyle A. Spaulding
STEVEN GLICKSTEIN (NY Bar No. 1038157)
JAY P. MAYESH (NY Bar No. 1081603)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Telephone:  (212) 836-8485
Facsimile:  (212) 836-6485
Email:  sglickstein@kayescholer.com

                - AND -

MILES P. CLEMENTS (#4184)
PETER E. SPERLING (#17812)
KERRY J. MILLER (#24562)
KYLE A. SPAULDING (#29000)
PAUL C. THIBODEAUX (#29446)
FRILOT L.L.C.
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone:  (504) 599-8194
Facsimile:  (504) 599-8145
Email:  kmiller@frilot.com

Counsel for Defendants Knauf Plasterboard (Tianjin) Co., Ltd.. Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Materials Products Co., Ltd. and Knauf Gips KG

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Opposition of Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Materials Products Co., Ltd. and Knauf Gips KG to Plaintiffs' Motion to Intervene has been served upon Plaintiffs' Liaison Counsel by email and by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, on this 4th day of August, 2010.

/s/ Kyle A Spaulding

32011321 (4).DOCX