UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * | MDL NO. 2047 |
| | * | SECTION: "L" |
| | * * | JUDGE FALLON |
| | * | |
| THIS DOCUMENT RELATES TO: | * | MAG. WILKINSON |
| *Catalanotto*, No. 10-CV-01828 | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER, DEFENSES, AND COUNTERCLAIM FOR DECLARATORY JUDGMENT BY THE STANDARD FIRE INSURANCE COMPANY

NOW INTO COURT, through undersigned counsel, comes The Standard Fire Insurance Company ("Standard Fire") and respectfully files the following answer, defenses, and Counter-Claim for Declaratory Judgment in response to the Petition for Damages filed by Mary Ann Catalanotto ("Plaintiff"):

### ANSWER

### I.

To the extent the allegations in Paragraphs 1, 2.1-2.4, 3-6 and 8-105 are directed against Standard Fire, Standard Fire denies the factual allegations in Paragraphs 1, 2.1-2.4, 3-6 and 8-105 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein. To the extent the allegations in Paragraphs 1, 2.1-2.4, 3-6 and 8-105 contain legal conclusions, Standard Fire expressly denies those legal conclusions and denies any liability to Plaintiff.

1

II.

Standard Fire denies the allegations in Paragraph 2.5 except to state that it is a foreign insurer authorized to conduct business in the state of Louisiana.

III.

Standard Fire denies the allegations in Paragraph 7 except to state that Standard Fire issued a policy of insurance bearing policy number 942657346-633-1 to Mary A. Catalanotto providing coverage for certain damages to that certain property located at 743 Louque Place in New Orleans, LA consistent with all terms, limitations, conditions and exclusions contained therein ("Policy").  In further answer, the Policy is a written document, which is the best evidence of its own contents.  Any allegations that tend to modify, expand, vary, alter, characterize, or otherwise interpret the contents of that document are denied.  In further answer, Standard Fire denies any liability to Plaintiffs.

**WHEREFORE**

The final "Wherefore" paragraph contains no allegations against Standard Fire, but states only a prayer for relief.  Therefore, no response is required.  To the extent a response is deemed necessary, Standard Fire expressly denies any allegations contained therein and expressly denies any liability to Plaintiff.

AND NOW, in further answer, Standard Fire asserts the following defenses:

**First Defense**

The Petition fails to state a claim upon which relief can be granted for the reasons asserted in Standard Fire's 12(b)(6) Motion to Dismiss [Rec. Doc. 4467] filed on July 19, 2010, which Standard Fire incorporates by reference herein as though set forth *in extenso*.

### Second Defense

The Petition fails to state a cause of action and/or right of action against Standard Fire.

### Third Defense

The Petition fails to provide sufficient specificity in the allegations to permit a full response thereto and, consequently, Standard Fire reserves its right to raise any and all defenses under the Policy at issue or applicable law until the precise nature of the claims are ascertained through discovery or amendment to the pleadings.

### Fourth Defense

Coverage is barred, in whole or in part, to the extent the alleged Drywall has not sustained a "direct physical loss," and therefore does not fall within the grant of coverage in the Policy.

### Fifth Defense

Coverage is barred, in whole or in part, to the extent the alleged losses were caused by a latent defect, defective materials, corrosion, and/or a pollutant, defined to include gaseous contaminants or irritants, all as more fully set forth in exclusions in the Policy.

### Sixth Defense

Any obligations that Standard Fire may have under the Policy, which Standard Fire denies, terminate upon the exhaustion of the limits of the Policy.

### Seventh Defense

Standard Fire adopts and incorporates all affirmative defenses pleaded by any other insurer-defendant to this multi-district litigation except to the extent they are inconsistent with this answer. Standard Fire further reserves the right to amend this answer to assert any additional defenses or any other applicable terms, provisions, exclusions, limitations, or

conditions of the Policy that may become apparent during Standard Fire's ongoing investigation and discovery.

And now, assuming the role of Plaintiff-in-Counterclaim, comes The Standard Fire Insurance Company, which asserts the following Counter-Claim for Declaratory Judgment against Mary Anne Catalonotto as follows:

## COUNTER-CLAIM FOR DECLARATORY RELIEF

### Nature of the Action

1. This is an action for a declaratory judgment under a homeowners insurance policy that Standard Fire Insurance Company ("Standard Fire") issued to Mary Catalanotto. Standard Fire seeks a declaratory judgment that there is no coverage under the Policy for an insurance claim made by her relating to Chinese-made drywall installed in her home.

2. While Standard Fire understands the unfortunate circumstance that Ms. Catalanotto has encountered, responsibility for the drywall and its alleged effects on her home does not lie with Standard Fire. Coverage under the Policy is limited to the terms of the insurance contract and is subject to the terms, limitations, exclusions and conditions contained therein. Coverage under the Standard Fire Policy cannot be made to exist when the damage being claimed was simply not insured against.

### Parties

3. Plaintiff Standard Fire is a corporation incorporated under the laws of Connecticut with its principal place of business in Hartford, Connecticut.

4. Defendant Mary Catalanotto is an individual domiciled in the State of Louisiana, with a principal residence in the Parish of Orleans.

**Jurisdiction and Venue**

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because the insured property at issue is located in this District.

7. Venue is proper because Ms Catalanotto resides in this District.

**Facts**

8. The Catalanotto Residence was insured by the Policy, subject to all terms, limitations, conditions, and exclusions contained therein.

9. Walls within the Catalanotto Residence were constructed using sheets of drywall manufactured in China (the "Drywall").

10. At some time prior to August, 2009, Ms Catalanatto began to experience certain problems at the Catalanotto Residence and she later reported to Standard Fire these problems.

11. Upon information and belief, Ms Catalanotto investigated whether the reported problems at the Catalonotto Residence were associated with or caused by the Drywall.

12. Standard Fire's investigation verified many of the assertions made by Ms. Catalanotto about conditions at her home and her claims about the presence of Chinese-made drywall.

13. There is no coverage for the removal and replacement of the Drywall in the Catalanotto Residence under the policy because the Drywall has not sustained a "direct physical loss," and therefore does not fall within the grant of coverage in the Policy.

14. If there were a "direct physical loss" to the Drywall, it would constitute a loss caused by a "[l]atent defect, inherent vice" and therefore would not be covered under provisions of the Policy.

15. If there were a "direct physical loss" to the Drywall, it would constitute a loss caused by "[f]aulty, inadequate or defective . . . [m]aterials used in repair, construction, renovation or remodeling," and therefore would be excluded under the terms of the policy.

16. The presence of the gas and odor in the Catalanotto Residence does not constitute a "direct physical loss," and therefore does not fall within the grant of coverage in the Policy.

17. If the presence of the gas and odor were deemed to be a "direct physical loss," it would constitute a loss caused by a "[l]atent defect, inherent vice" and would not be covered under the terms of the policy.

18. If the presence of the gas and odor were deemed to be a "direct physical loss," it would constitute a loss "[c]aused by . . . [f]aulty, inadequate or defective . . . [m]aterials used in repair, construction, renovation or remodeling," and therefore would be excluded under the terms of the policy.

19. If the presence of the gas and odor were deemed to be a "direct physical loss," it would constitute a loss "[c]aused by . . . [d]ischarge, dispersal, seepage, migration, release or escape of pollutants," and is therefore excluded under the terms of the policy.

20. There is no coverage under the policy for "corrosion."

## COUNT ONE
**(Declaratory Judgment Pursuant To 28 U.S.C. § 2201)**

21. Standard Fire repeats and realleges the allegations contained in Paragraphs 1 through 20 above, as if fully set forth herein.

22. Standard Fire has denied coverage for the claim made by Ms. Catalanotto.

23. An actual controversy has arisen as to whether, under the terms, conditions, exclusions and limitations of the Policy, Standard Fire has an obligation to provide coverage for the losses claimed.

24. Pursuant to 28 U.S.C. § 2201, Standard Fire is entitled to a declaration that, under the Policies, it has no obligation to provide coverage for the losses claimed by Ms Catalanotto.

### REQUESTS FOR RELIEF

WHEREFORE, Standard Fire respectfully requests that the Court grant it the following relief:

A. Enter a declaratory judgment that the Policy does not provide coverage for damages claimed by Ms. Catalanotto.

B. And for such other relief as this Court deems proper.

_/s/Ralph S. Hubbard_____
**Ralph S. Hubbard III, La. Bar No. 7040**
**Seth A. Schmeeckle, La. Bar No. 27076**
**LaDonna G. Wilson, La. Bar No. 29102**
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone:   (504) 568-1990
Facsimile:    (504) 310-9195
e-mail:         rhubbard@lawla.com
                    sschmeeckle@lawla.com
                    lwilson@lawla.com

**Attorneys for The Standard Fire Insurance Company**

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer, Defenses, and Counter-Claim for Declaratory Relief have been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using

the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 4th day of August, 2010.

/s//*Ralph S. Hubbard*_____
**Ralph S. Hubbard, La. Bar No. 7040**