UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO: 2047 |
| | SECTION: L |
| | DISTRICT JUDGE FALLON |
| | MAG. JUDGE WILKINSON |

This Document Relates To:

Richard Jordan, Susan Jordan,
Nathan Jordan, Colby Jordan,
and Florette Nickens,
    2:09-cv-07550-EEF-JCW

**MEMORANDUM IN SUPPORT OF
MOTION FOR LEAVE TO AMEND COMPLAINT**

MAY IT PLEASE THE COURT:

      **I.**    **Procedural Background**

The original Complaint in this matter was filed by Richard Jordan, Susan Jordan, Nathan Jordan, Colby Jordan, and Florette Nickens (hereinafter "petitioners") in the United States District Court for the Middle District of Louisiana on the 30th day of October, 2009. Thereafter, on December 3, 2009, said suit was conditionally transferred to this Honorable Court pursuant to Order of the United States Judicial Panel on Multidistrict Litigation.[1] The Complaint relates to allegations of defective drywall being installed in the home of petitioners during its construction in November, 2006. A number of named defendants have filed responses to said suit. However, it is

---

[1] See Case 2:09-cv-07550-EEF-JCW, Document 1.

1

now necessary that petitioners be allowed to amend their original Complaint to add one (1) additional defendant; that being the company that issued policies of insurance to petitioners insuring their home against defects such as those set out in the original Complaint.

## II.   Law and Argument

### A.   Standard for Amendment of Pleadings

Pursuant to Federal Rule of Civil Procedure 21, ". . . (o)n motion or on its own, the court may at any time, on just terms, add or drop a party. . ."

F.R.C.P. 15(a) governs the request for leave to file an amended and supplemental pleading. Leave under Rule 15(a) shall be freely given. *Lone State Ladies Investment Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001); *see also Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) ("This standard evinces a bias in favor of granting leave to amend. The policy of the Federal Rules is to permit liberal amendment.")

A district court's decision to grant leave to amend a complaint is reviewed for abuse of discretion. *Ellis v. Liberty Life Assurance Co. of Boston*, 394 F.3d 262, 268 (5th Cir. 2005). However, Rule 15 "favors permitting amendment; the district court's discretion, therefore, must be considered in this context." *Central Laborers' Pension Fund v. Integrated Elec. Services, Inc.*, 497 F.3d 546, 551 (5th Cir. 2007).

In determining whether to grant leave, a district court may consider such factors as: (1) undue delay; (2) bad faith; (3) dilatory motive on the part of the movant; (4) repeated failure to cure deficiencies by any previously allowed amendment;

(5) undue prejudice to the opposing party; and (6) futility of amendment. *Ellis v. Liberty Life Assurance Co. of Boston*, 394 F.3d 262, 268 (5th Cir. 2005). Prejudice is the "touchstone of the inquiry under rule 15(a)." *Id.*

**B.    Leave Should Be Granted**

In this case, no deadline for amending pleadings to add parties has been set by the Court. Discovery is in its early stages. There has been no undue delay, bad faith, or dilatory motive on the part of Richard Jordan, Susan Jordan, Nathan Jordan, Colby Jordan, and Florette Nickens. Also, there have been no other attempts at amending the Complaint. There is also no undue prejudice to defendants.

The Complaint is being amended to ensure that the proper defendants are before the Court. The discovery in this matter conducted thus far shows that the one newly added defendant issued policies of homeowners' insurance to petitioners which policies cover the time periods relevant in these proceedings and which petitioners allege provide coverage for the damages sustained by them as a result of the defective drywall being installed in their home at the time of its construction.

### III.    Conclusion

Based on the foregoing, Richard Jordan, Susan Jordan, Nathan Jordan, Colby Jordan, and Florette Nickens request that their Motion for Leave to Amend Complaint be granted.

Respectfully submitted,

HYMEL DAVIS & PETERSEN, LLC


s/ L. J. Hymel
L. J. HYMEL (LBN, 07137)
MICHAEL REESE DAVIS (LBN, 17529)
10602 Coursey Boulevard
Baton Rouge, LA 70816
Phone: 225.298.8118
Fax: 225.298.8119
ljhymel@hymeldavis.com

**Counsel for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Memorandum in Support of Motion for Leave to Amend Complaint has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U. S. Mail or e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 5th day of August, 2010.

s/ L. J. Hymel
L. J. Hymel