UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL | ) | MDL No. 2047 |
| PRODUCTS LIABILITY LITIGATION | ) | Section L |
| | ) | |
| This Document Relates to | ) | JUDGE FALLON |
| ALL CASES | ) | MAG. JUDGE WILKINSON |
| _____ | ) | |

## ORDER

The Court is advised by Plaintiffs' Liaison Counsel and Insurance Liaison Counsel that

the Scheduling Order of July 1, 2010 [Doc. #4301] regarding motions by insurance companies

providing comprehensive general liability (CGL) policies in dispute in MDL 2047 requires

adjustment.  Accordingly,

**IT IS ORDERED, ADJUDGED AND DECREED** that the July 1, 2010 order of this

Court [Doc. #4301] is amended to reflect the following:

(1)     Any motions objecting to jurisdiction or venue or alleging a failure to join an

indispensable party, filed on or before July 19, 2010 by an insurance company

providing CGL insurance in dispute in MDL 2047, shall be set for hearing on

November 3, 2010 provided each moving insurance company has complied with

PTO No. 23 and the requirements of this Court's July 1, 2010 Order.

(2)     By August 3, 2010, Plaintiffs' Liaison Counsel shall identify to Insurance Liaison

Counsel any alleged deficiencies under PTO No.23 or under this Court's July 1,

2010 order the PSC alleges in regards to any CGL motions filed in MDL 2047

and the insurance company filing the motion shall have the opportunity to correct

any identified deficiencies by August 10, 2010 to the extent that such insurance

company chooses to make any such corrections.  If the parties cannot resolve any

disputes regarding these alleged deficiencies by August 15, 2010, the parties shall address with the court on September 2, 2010 whether the motion at issue may go forward as scheduled.

(3)  To avoid responding to jurisdictional discovery each moving insurer must stipulate by specifically stating that the company is subject to personal jurisdiction in MDL 2047 in the Eastern District of Louisiana for the case in which it is a moving party, and only for that case, by August 10, 2010, or the non-stipulating moving insurer shall provide responses and/or objections to any jurisdictional discovery propounded by the PSC or any other party by August 16, 2010.  To the extent any disputes exist regarding the appropriateness of any discovery requests, responses or objections, the propounding party shall file any motions to compel further discovery responses by August 23, 2010, with the insurance company's opposition due on August 30, 2010.  Oral Argument on any such motions to compel related to this jurisdictional discovery will be held on September 2, 2010.

(4)  By August 9, 2010, the PSC and any other opposing parties to the motions shall provide topics for Notices of any corporate representative depositions they will seek to complete jurisdictional discovery, and by August 16, 2010, the insurers that did not stipulate as provided above shall file any objections to the deposition topics.  In addition, the non-stipulating moving insurer shall provide at least three separate dates for the insurer's corporate representative's deposition to take place in September 2010 and whether the location of the deposition can be held in New Orleans, Louisiana, with an agreement that any appearance for this deposition

will not constitute a waiver of jurisdiction nor venue.  Any disputes regarding the scope, the propriety or the location of these corporate representative's depositions shall be subject to the same schedule as the jurisdictional discovery above.  The opposing parties may also serve deposition notices of witnesses other than corporate representatives by September 3, 2010.

(5)     By September 30, 2010, all discovery regarding any motions set for hearing on November 3, 2010 shall be completed.

(6)     By October 13, 2010, the PSC and any other opposing parties shall respond to all motions set for hearing on November 3, 2010.

(7)     By October 26, 2010, movants reply memoranda shall be due.

(8)     By October 28, 2010, the PSC and Insurance Liaison Counsel shall meet and confer to provide the Court a list of those pending motions to be heard and propose representative motions where appropriate.

(9)     On November 3, 2010, oral argument will be held at 1:30 pm for all representative motions.

Failure to comply with any obligations or deadlines set by this order may result in the motion at issue being continued by the court.   No insurer was required to file any motion in response to this Court's July 1, 2010 order, nor is any motion required by this amended order.  Any failure by any insurer to file any such motion did not and does not waive any insurer's right to bring such a motion in the future.

New Orleans, Louisiana, this 4th day of August, 2010.

_____
UNITED STATES DISTRICT JUDGE