

United States Department of State

Washington, D.C. 20520

# MEMORANDUM

**TO:** The Clerk of Court

**FROM:** Linda P. McFadyen
East Asia and Pacific Division
Overseas Citizens Services

**DATE:** July 27, 2010

**SUBJECT:** David Gross, Cheryl Gross, and Louis Velez v Knauf Gips KG, et al.
Case No.: 09-6690
Service upon Rothchilt International Ltd.

The enclosed envelope contains a Certificate of Service or Non-Service for the subject case in response to a letter rogatory signed by a judge in this court where the case is being tried.

Please handle this certificate as is customary for Certificates of Service in your court.

Please feel free to contact **APS International, Ltd., Attn.: Glenda Fichtner, APS International Plaza, 7800 Glenroy Road, Minneapolis, Minnesota 55439, tel. 800-328-7171 x 336, GEF@CivilActionGroup.com** with any questions you may have.

Enclosure: as stated

Taiwan                              )
City of Taipei                      )
American Institute in Taiwan        )    ss:
Taipei Office                       )

I, Carlton L. Benson, Consular Officer, hereby depose and say as follows:

1. I am employed by the American Institute in Taiwan and am presently stationed at the American Institute in Taiwan, Taipei Office, Consular Section, American Citizen Services Unit.

2. In the absence of diplomatic relations, unofficial commercial, cultural and other relations between the people of the United States and the people of Taiwan are conducted by the American Institute in Taiwan, an unofficial organization funded by Congress.

3. The American Institute in Taiwan ("AIT"), a nonprofit entity incorporated under the laws of the District of Columbia, is authorized to assist and "... protect the interests of United States persons by performing acts such as are authorized to be performed outside the United States for consular purposes by such laws of the United States as the President may specify." See 22 U.S.C. 3305, 3306(a)(3). The judicial assistance acts of AIT personnel parallel the acts performed by U.S. consular officers under 28 U.S.C. 1781(a)(2). See 22 C.F.R. 92.54, 92.66.

4. Pursuant to Section 10(a) of the Taiwan Relations Act, 22 U.S.C. 3309(a), Taipei Economic and Cultural Representative Office (TECRO) is the instrumentality established by the people on Taiwan having the necessary authority under the laws of Taiwan to take actions on behalf of Taiwan in accordance with the Taiwan Relations Act (22 U.S.C. 3301 et seq. (Section 1-204, Ex. Or. No. 12143 of 6/22/79, 44 Fed Reg 37191.)

5. Officers of AIT follow the guidelines for performance of consular services set forth in 22 C.F.R. Part 92 and Volume 7 of the U.S. Department of State's Foreign Affairs Manual ("FAM"). 7 FAM Chapter 900 governs the performance of services related to international judicial assistance.

6. 22 U.S.C. 3306(b) provides that acts performed by authorized employees of AIT under 22 U.S.C. 3306 are valid, and of like force and effect within the United States, as if performed by any other person authorized under the laws of the United States to perform such acts.

7. Letters rogatory issued by a tribunal in the United States requesting international judicial assistance from Taiwan are transmitted, pursuant to

28 U.S.C. 1781(a)(2) to the foreign tribunal, officer, or agency to whom it is addressed through AIT. AIT transmits the request to TECRO, which forwards it to the appropriate Taiwan authority in a position to assign the request to a tribunal for execution. The executed request is received by AIT from TECRO and returned to the requesting tribunal in the United States.

8. On March 19, 2010, AIT received two sets of letters rogatory and accompanying documents requesting judicial assistance in connection with David Gross, Cheryl Gross, and Louis Velez v Knauf Gips KG, et al., Case No.: 09-6690, service upon Rothchilt International Limited. On March 24, 2010, AIT transmitted these to TECRO for action.

9. On June 18, 2010, AIT received a communication from TECRO stating that the service could not be effected because there is no such company at the address as indicted in the legal document. Therefore, a set of letters rogatory and accompanying documents were returned to AIT by the Taiwan Taipei District Court, on April 23, 2010.

I declare under penalty of perjury that the foregoing is true and correct.

Carlton L. Benson
Consular Officer

Executed in Taipei, Taiwan
On June 21, 2010

The foregoing Unsworn Declaration Under Penalty of Perjury was executed in accordance with 28 U.S.C. 1746.

-2-

北美事務協調委員會
駐美國台北經濟文化代表處總部
*Coordination Council for North American Affairs*
*Headquarters for*
*Taipei Economic and Cultural Representative Office in the U.S.*
**(TECRO)**
*133 BoAi Road, Taipei, Taiwan, Republic of China*
*Tel: 23119212   Fax: 23822651*

Ref No: TECRO 09958021460

June 15, 2010

Ms. Julie L. Kavanagh
Chief
Consular Section
American Institute in Taiwan
Taipei Office
7, Lane 134, Hsin Yi Road, Sec. 3
Taipei, Taiwan

Dear Ms. Kavanagh:

In reply to AIT/T's letter (B-193) dated March 24, 2010, concerning transmittal of legal documents to Rothchilt International, Ltd., I am writing to inform you that the service has not been effected because there is no such company at the address as indicated in the legal document. Enclosed please find the original set of legal documents and a copy of the letter concerning the service from Taiwan Taipei District Court for your perusal.

Sincerely yours,

Steven Lin
Chief
Administrative Division

Encl : a/s

## 報 告

發文單位：于本院民事紀錄科

一、奉交送達99年度審助字第8號
二、該件未能送達收受人ROTHCHILT INTERNATIONAL LIMITED 之原因為原址查無該公司ROTHCHILT INTERNATIONAL LIMITED
三、謹檢附原件報請

  鑒 核
  前 陳

民事紀錄科　宜股書記官　職 [簽名] 謹簽民國99年4月23日

# 臺灣臺北地方法院送達證書

請於送達後將本證書交回臺灣臺北地方法院　　　　　　　股別：民宜　股

| 應受送達人姓名地址 | 郵遞區號： 104<br>住臺北市中山北路2段96號嘉新大樓N-510室<br>相對人　1　ROTHCHILT INTERNATIONAL LIMITED　先生／女士 |
|---|---|
| 案號<br>案由 | 99年度審助字第8號<br>囑託送達 |
| 送達文書 | 訴訟文書暨中譯本各1件。 |
| 送達人注意 | 一、依下述送達方法送達者，送達人應即將本送達證書，提出於法院附卷。<br>二、無法依下述送達方法送達者，送達人應作記載該事由之報告書，提出於法院附卷，並繳回應送達之文書。 |

| 送達方法（由送達人在□上劃∨號選記） | | |
|---|---|---|
| | ☐已將文書付與應受送達人： | ☐本　人（簽名蓋章或按指印）： |
| | ☐未獲會晤本人，已將文書交與有辨別事理能力之同居人或受僱人： | ☐同居人（簽名蓋章或按指印）<br>☐受僱人<br>※送達人應記明收領人之姓名（以正楷填記）： |
| | ☐應受送達之本人、同居人或受僱人，收領後拒絕或不能簽名、蓋章或按指印，由送達人記明其事由於右欄： | ※送達人填記： |
| | ☐應受送達之本人、同居人或受僱人，無法律上之理由拒絕收領，經送達人將文書留置於送達處所，以為送達： | ☐本人<br>☐同居人（姓名）　　拒絕受領<br>☐受僱人（姓名） |
| | ☐未獲會晤本人亦無受領文書之同居人或受僱人，已將該送達文書：<br>☐應受送達之本人、同居人或受僱人，無法律上之理由拒絕受領，並有難達留置情事，已將該送達文書： | 寄存於下列之一處所，並作送達通知書兩份，一份黏貼於應受送達人住居所、事務所、營業所或其就業處所門首，另一份置於該送達處所信箱或其他適當位置，以為送達。（請擇一打∨）<br>☐寄存於　派出所或警察所。<br>☐寄存於　鄉（鎮市）區公所。<br>☐寄存於　鄉（鎮市）區　村（里）辦公處。 |

| （由郵局收寄人員填寫） | 原寄郵局日戳 | 送達郵局日戳 |
|---|---|---|
| 郵件種類：<br>掛號號碼： | （由司法警察送達時免蓋） | （由司法警察送達時免蓋） |
| 送達處所 | 送達時間 | 送達人簽章 |
| ☑同上記載地址<br>☐改送：<br>（送達人務請填記） | 中華民國99年4月23日<br>下午11時0分<br>（送達人務請填記） | 許素英 |

列印日期： 99年4月20日　　台北地方法院民事紀錄科宜　股　　此證書由送達人繳回