UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br>ALL CASES AND<br><br>Payton, et al. v. Knauf GIPS KG, et. al., Case No. 2:09-cv-07628 (E.D.La.)<br><br>Gross, et al. v. Knauf Gips KG, et. al., Case No. 2:09-cv-6690 (E.D.La.)<br><br>Rogers, et al. v. Knauf GIPS KG, et. al., Case No. 2:10-cv-00362 (E.D.La.) | |

**THE PLAINTIFFS' STEERING COMMITTEE'S REPLY IN SUPPORT OF MOTIONS
TO INTERVENE IN *PAYTON*, *GROSS*, AND *ROGERS*__**

I. **INTRODUCTION**

Presently pending before the Court are the Intervening Plaintiffs' motions to intervene in the above captioned actions of *Payton, et al. v. Knauf GIPS KG, et. al.*, Case No. 2:09-cv-07628 (E.D.La.); *Gross, et al. v. Knauf Gips KG, et. al.*, Case No. 2:09-cv-6690 (E.D.La.); and *Rogers, et al. v. Knauf GIPS KG, et. al.*, Case No. 2:10-cv-00362 (E.D.La.). Knauf Gips KG; Knauf Plasterboard (Tianjin) Co., Ltd.; Knauf Plasterboard (Wuhu) Co., Ltd.; and Guangdong Knauf New Building Materials Products Co., Ltd. (collectively "Knauf") have opposed these motions to intervene on the grounds that PTO 17 precludes the amendment of the Omnibus Class Action Complaints to allow the addition of new plaintiffs and that the complaints in intervention cannot be used to evade the service requirements of the Hague Convention. Both of these grounds

1

advanced by Knauf are misplaced.

First, Intervening Plaintiffs' are not amending the complaints in order to add new plaintiffs as Knauf alleges. Rather, Intervening Plaintiffs have accompanied their motions to intervene with complaints in interventions that are separate and apart from the original omnibus class action complaints. Second, Intervening Plaintiffs have no intention of evading the service requirements of the Hague Convention. Assuming the Court allows the complaints in intervention to be filed of record, Intervening Plaintiffs will make service of the complaints consistent with the requirements of the Hague Convention.

## II. FACTS

The *Payton* plaintiffs are the owners of properties in which defective Chinese drywall was installed that was manufactured and distributed by the manufacturing defendants named in the Plaintiffs' Omnibus Class Action Complaint (I) (the "Complaint"), *i.e.*, Knauf Gips KG; Knauf Plasterboard (Tianjin) Co., Ltd.; Knauf Plasterboard (Wuhu) Co., Ltd.; and Guangdong Knauf New Building Materials Products Co., Ltd. Pursuant to PTO 17, the plaintiffs in *Payton* commenced their action on December 9, 2009, by filing the Complaint directly in the MDL court. The *Payton* Complaint asserts claims against the manufacturers, distributors, suppliers, importers, exports, brokers, builders, developers, and contractor/installers of the defective Chinese manufactured drywall in the plaintiffs' homes.

Intervening Plaintiffs, Phillip Kennedy and Lyzet Machado-Kennedy*, et al.*, filed their motion to intervene in *Payton* on July 9, 2010. Intervening Plaintiffs moved to intervene in *Payton* since they are absent class members and are similarly situated to the *Payton* plaintiffs. That is, each of the Intervening Plaintiffs owns and/or occupies (or owned and/or occupied) a

home or other structure with defective drywall that was manufactured by Knauf. Additionally, like the *Payton* plaintiffs, each of the Intervening Plaintiffs owns or owned a home that has been severely damaged by Knauf's drywall.

* * * * * * * * *

The plaintiffs in *Gross* filed a class action complaint on October 9, 2009 seeking to represent owners of properties with defective Chinese drywall that was manufactured, imported, exported, brokered, distributed, delivered, supplied, marketed, inspected, and/or sold by indeterminate defendants. The *Gross* complaint asserts an industry-wide alternative liability theory against the named indeterminate defendants. Subsequent to the filing of the *Gross* complaint, Plaintiffs, *Mary Anne Benes, et al.*, moved pursuant to Fed.R.Civ.P. 24(b) to intervene in *Gross*. That motion was granted by Order dated March 17, 2010. Thereafter, the *Benes* Plaintiffs Complaint in intervention was entered of record as the Omnibus Class Action Complaint (III).[1]

Now Intervening Plaintiffs, Ruben Jaen, *et. al.*, filed an identical motion to intervene in *Gross* on July 9, 2010. Intervening Plaintiffs moved to intervene in *Gross* since they are absent class members and are similarly situated to the *Gross* plaintiffs. Like the class representative plaintiffs in *Gross*, the intervening Plaintiffs have been unable to identify the manufacturer(s) of the drywall in their homes since the responsible parties have marketed their products in a manner designed to fraudulently conceal their identities.

* * * * * * * * *

The *Rogers* plaintiffs are the owners of properties in which defective Chinese drywall

---

[1] The PSC has since engaged in service of this complaint in intervention.

was installed that was manufactured and distributed by the manufacturing defendants named in the Plaintiffs' Amended Omnibus Class Action Complaint (IV) (the "Complaint"), *i.e.*, Knauf Gips KG; Knauf Plasterboard (Tianjin) Co., Ltd.; Knauf Plasterboard (Wuhu) Co., Ltd.; and Guangdong Knauf New Building Materials Products Co., Ltd.  The plaintiffs in *Rogers* commenced their action on March 15, 2010, by filing the Complaint directly in the MDL court.  The *Rogers* Complaint asserts claims against the manufacturers, distributors, suppliers, importers, exports, brokers, builders, developers, and contractor/installers of the defective Chinese manufactured drywall in the plaintiffs' homes.

Intervening Plaintiffs, Kathleen and Mariss Barbee, *et al.*, filed their motion to intervene in *Rogers* on July 9, 2010.  Intervening Plaintiffs moved to intervene in *Rogers* since they are absent class members and are similarly situated to the *Rogers* plaintiffs.  That is, each of the Intervening Plaintiffs owns and/or occupies (or owned and/or occupied) a home or other structure with defective drywall that was manufactured by Knauf.  Like the *Rogers* plaintiffs, each of the Intervening Plaintiffs owns or owned a home that has been severely damaged by Knauf's drywall.

### III.  ARGUMENT

Despite the PSC's repeated efforts to reach an agreement whereby Knauf and the other foreign defendants agree to accept service of process in this litigation, these foreign defendants have refused to relent in their insistence that the PSC and others must serve all complaints consistent with the requirements of the Hague Convention.  The PSC has incurred hundreds of thousands of dollars in service expenses as a direct result of this stalwart refusal by Knauf and others to accept service of process in this litigation.

Knauf has taken this unreasonable position notwithstanding that its counsel has been appointed defense liaison counsel, it participated in the *Germano* proceedings until withdrawing on the eve of trial, Knauf was a party defendant in the *Hernandez* trial, it has settled the *Campbell* and *Clement* cases, and it has responded to and/or filed numerous motions that have been decided and/or are presently pending before the Court. Thus, Knauf has enjoyed unlimited access to the Court even though it steadfastly refuses to submit to the jurisdiction of the Court in cases where service of process has not yet been effectuated consistent with the requirements of the Hague Convention. Knauf's refusal to accept service of process serves two nefarious purposes: (1) to drive up plaintiffs' litigation costs, and (2) delaying these proceedings while plaintiffs attempt to effectuate service of process consistent with the requirements of the Hague Convention.

While Knauf takes the position that the Intervening Plaintiffs' motions to intervene in *Payton*, *Gross*, and *Rogers* are an attempt to avoid the service requirements of the Hague Convention, the PSC has already advised its process server, APS International, Ltd., that the complaints in intervention will need to be served consistent with the Hague Convention (*i.e.*, assuming intervention is allowed). *See* Correspondence (August 6, 2010) of Ann Mickow, attached hereto as Exhibit "A". Although the PSC believes Knauf's refusal to accept service of process in this litigation is unreasonable, it is nevertheless "soldiering on through the unforgiving bush"[2] by taking affirmative measures to ensure proper service of process consistent with the requirements of the Hague Convention.

---

[2] *Euphemism of the Month*, Esquire, August 2010, at 23 ("Indefatigably working through a persistently difficult problem.").

5

Since Knauf's only objections to the motion to intervene concern the Intervening Plaintiffs' purported attempt to evade the Hague service requirements, the motion to intervene should be granted since the PSC will serve the complaint in intervention consistent with the Hague Convention.

## IV.  CONCLUSION

For the reasons set forth above, Intervening Plaintiffs' Motion to Intervene in *Payton* should be granted.

Respectfully submitted,

Dated: August 9, 2010

/s_Russ M. Herman_____
Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Matthew C. Gaughan (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

6

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Victor Manuel Diaz
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Aragon Avenue, 2nd Floor
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

| | |
|---|---|
| James Robert Reeves<br>Lumpkin & Reeves<br>160 Main Street<br>Biloxi, MS 39530<br>Phone: (228) 374-5151<br>Fax: (228) 374-6630<br>jrr@lumpkinreeves.com | Christopher Seeger<br>Seeger Weiss, LLP<br>One William Street<br>New York, NY 10004<br>Phone: (212) 584-0700<br>Fax: (212) 584-0799<br>cseeger@seegerweiss.com |

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Richard S. Lewis<br>HAUSFELD LLP<br>1700 K Street, N.W<br>Suite 650<br>Washington, DC 20006<br>Phone: (202) 540-7200<br>Fax: (202) 540-7201<br>rlewis@hausfeldllp.com | Jeremy W. Alters<br>Alters, Boldt, Brown, Rash & Culmo, P.A.<br>4141 N.E. 2nd Avenue<br>Suite 201<br>Miami, FL 33137<br>Phone: (305) 571-8550<br>Fax: (305) 571-8559<br>jeremy@abbrclaw.com |
| Daniel K. Bryson<br>Lewis & Roberts<br>3700 Glenwood Avenue, Suite 410<br>Raleigh, NC 27612<br>Phone: (919) 981-0191<br>Fax: (919) 981-0431<br>dkb@lewis-roberts.com | Richard J. Serpe, Esquire<br>Law Offices of Richard J. Serpe<br>Crown Center, Ste. 310<br>580 East Main Street<br>Norfolk, VA 23510-2322<br>rserpe@serpefirm.com |

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Plaintiffs' Steering Committee's Reply in Support of Motions to Intervene in Payton, Gross, and Rogers has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 9th day of August, 2010.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
Plaintiffs' Liaison Counsel
MDL 2047