# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DAVID & AMANDA KESSLER** | * | CIVIL ACTION |
| | * | THIS DOCUMENT RELATES TO |
| **VERSUS** | * | NO: 09-6072 |
| | * | |
| | * | JUDGE: |
| **GMI CONSTRUCTION, INC., ABC** | * | ELDON E. FALLON |
| **INSURANCE COMPANY, MNO** | * | |
| **INSURANCE COMPANY, INTERIOR** | * | MAGISTRATE: |
| **EXTERIOR BUILDING SUPPLY,** | * | JOSEPH C. WILKINSON, JR. |
| **ASI LLOYDS and HBW INSURANCE** | * | |
| **SERVICES LLC** | * | IN RE: CHINESE-MANUFACTURED |
| | * | PRODUCTS LIABILITY LITIGATION |
| | * | MDL No. 2047 |
| | * | |
| | * | SECTION "L" (2) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ASI'S MEMORANDUM IN OPPOSITION TO
## PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE

**MAY IT PLEASE THE COURT:**

Defendant, ASI Lloyds ("ASI"), respectfully submits this Memorandum in Opposition to Plaintiffs' Motion to Dismiss Without Prejudice. A dismissal of Plaintiffs' case <u>without</u> prejudice would greatly prejudice ASI, and the Court should deny Plaintiffs' Motion.

1

## LAW AND ARGUMENT

### 1. Inadequate Notice of Hearing

Initially, Plaintiffs have sought a hearing on their Motion on August 12, 2010 during a status conference. The Plaintiffs' Motion was filed on August 4, 2010. This is insufficient notice for a hearing to occur on August 12, 2010 per the Federal Rules of Civil Procedure and the Local Rules of this Court. Accordingly, the hearing should be rescheduled. Out of an abundance of caution, however, ASI file this Memorandum in Opposition.

### 2. Standard for Voluntary Dismissal Without Prejudice

Rule 41 of the Federal Rules of Civil Procedure sets forth the means by which Plaintiffs may voluntarily dismiss their claim without prejudice. Because ASI has already filed an Answer and <u>does not consent</u> to the dismissal without prejudice, Plaintiffs need court approval to have their case dismissed without prejudice.[1] Since ASI will suffer "plain legal prejudice" from a dismissal without prejudice, the Plaintiffs' Motion should be denied.[2]

Factors useful in considering whether plain legal prejudice will result from dismissal include: (1) ASI's effort and expense in preparation for trial, (2) excessive delay and lack of diligence on the part of Plaintiffs in prosecuting the action, and (3) insufficient explanation for the need to take a dismissal.[3] Additionally, Rule 41 contemplates a consideration of the prejudice that ASI will incur due to duplication of effort.[4]

### 3. A dismissal without prejudice would greatly prejudice ASI

It is no coincidence that Plaintiffs sought a voluntary dismissal without prejudice only after ASI filed a Rule 12(c) Motion for Judgment on the Pleadings ("Motion"), which is set for

---

[1] FRCP 41(a)(2).
[2] *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5 Cir. 1/14/02).
[3] *Elbaor*, 279 F.3d 314.
[4] *German v. Semco Service Mach. Co., Inc.*, 79 F.R.D. 85, 86 (E.D.N.Y. 6/7/78).

hearing in September of 2010. ASI and multiple attorneys working for ASI, including undersigned counsel, spent an exorbitant amount of time and resources preparing its Motion based on the facts as alleged by Plaintiffs in this case. The issues contained in the motion are ripe for review and a delay caused by the filing of a dismissal without prejudice, without any explanation whatsoever, would not be warranted.

As the Court is aware, this is not a normal, simple case that can be considered individually. Instead, this Chinese drywall case is part of the pending Chinese drywall MDL, and ASI is trying to defend this and several other cases in this Court and various other Louisiana state courts.

Pursuant to this Court's order of July 1, 2010, ASI chose to file a Motion to have the Court determine the coverage issues. This case is one of the first Chinese drywall suits filed against ASI and it clearly demonstrates the facts and coverage issues, which is precisely why the Plaintiffs want to avoid a ruling on this case by dismissing it without prejudice. If this case is dismissed, and ASI is denied an early ruling regarding coverage, it will have to expend an excessive amount of time and money re-litigating this case. ASI would be forced to duplicate its efforts at the whim of the plaintiff's steering committee, and without any viable excuse.

Plaintiffs did not give any explanation as to why this Court should unduly prejudice ASI by dismissing this case. One clear explanation for Plaintiffs' sudden desire to dismiss is that they simply do not want a ruling on ASI's recently filed Motion. The timing of Plaintiffs' Motion clearly shows that this is merely a tactical move by the plaintiffs' steering committee to pick and choose which Motions this Court considers. It is evident that after the homeowner insurers filed their various motions, the plaintiffs' steering committee purposefully chose the motions that they did not want to have entertained, and it is those cases that they are attempting

to have dismissed. Allowing the plaintiffs' steering committee to pick and choose which cases the Court hears is completely unfair and unjust. Accordingly, Plaintiffs' Motion to Dismiss should be denied, and the Court should move forward with hearing and ruling on ASI's 12(c) Motion.

## CONCLUSION

Plaintiffs have absolutely no reasonable explanation for why the Court should dismiss this case without prejudice. This Motion to Dismiss is an obvious attempt to avoid having the coverage issues decided on the merits of this case as it exists. The prejudice that will be suffered by ASI in having to re-litigate this case, having to prepare new Motions to decide the coverage issues, and having to incur substantial additional defense costs (in addition to the substantial costs already incurred in getting the pending Motion prepared) clearly overcomes the Plaintiffs' desire to steer the Court away from making a decision based on the facts and coverage issues as pled. For these reasons, Plaintiffs' Motion to Dismiss should be denied, and the Court should move forward with hearing ASI's 12 (c) Motion.

Respectfully submitted,

CHOPIN, WAGAR, RICHARD & KUTCHER, L.L.P.

By: _____
JASON P. FOOTE (#25050), T.A.
BRITTANY M. COURTENAY (#31846)
3850 N. Causeway Boulevard, Suite 900
Metairie, Louisiana 70002
Telephone: (504) 830-3827
Facsimile: (504) 836-9579
***Attorneys for Defendant, ASI Lloyds***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum in Opposition to Plaintiffs' Motion to Dismiss has been served upon Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U. S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6 and that the foregoing was electronically filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on the _____ day of August, 2010.

JASON P. FOOTE