allocate payments among valid claims. The Settlement Agreement can be viewed at www.XXXXXXXX.com. If you have questions, please call 18XX-XXX-XXXX.

## HOW TO GET BENEFITS—SUBMITTING A CLAIM FORM

### 14. How can I get a payment?

To ask for a payment, you must complete and submit a Claim Form. You can get a Claim Form at www.XXXXXX.com or by calling 1-8NN-NNN-NNNN. Please read the instructions carefully, fill out the Claim Form, attach any necessary documentation, sign the Form and mail it to:

> Lowe's Drywall Settlement
> Post Office Box NNNN
> Portland, OR 97208

The deadline to submit claims is 180 days after the Court grants final approval to the settlement (*See* "The Court's Fairness Hearing," below). The Claim Deadline will be no earlier than **Month DD, 2011.**

### 15. When will I get my payment?

Payments will be mailed to Settlement Class Members who send in valid Claim Forms after the Court grants "final approval" and any appeals are resolved (*see* "The Court's Fairness Hearing" below). It is uncertain when any appeals made will be resolved, and resolving them can take time. Please be patient.

### 16. What if my claim is not approved?

If the Settlement Administrator does not approve your claim, there is a process in the Settlement Agreement for Class Counsel (see "Do I have a lawyer in this case?" below), Lowe's and the Settlement Administrator, to work in good faith to resolve any disputes. You may be asked to provide additional information to document your claim and will be given a new deadline to re-file your claim. The Settlement Administrator will make final decisions on the validity of claims. The Settlement Agreement, available at www.XXXXXX.com, provides more information about this process.

### 17. What am I giving up as part of the settlement?

If the settlement becomes final, Settlement Class Members who submitted claim forms or did nothing at all, will be releasing the Defendant and all related people and entities from all of the claims described and identified in section 13 of the Settlement Agreement. This means you will no longer be able to sue the Defendant regarding any of the claims described in the Settlement Agreement. The Settlement Agreement is available at www.XXXXXX.com or by writing to Lowe's Drywall Settlement, Post Office Box NNNN, Portland, OR 97208. The Settlement Agreement provides more detail regarding the release and describes the released claims with specific descriptions in necessary, accurate legal terminology, so read it carefully. You can talk to the law firms representing the Class (see "The Lawyer's Representing You" below) for free or you can, at your own expense, talk to your own lawyer if you have any questions about the released claims or what they mean.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to participate in this proposed settlement and you want to keep the right to sue Lowe's about the legal issues in this case, then you must take steps to get out of the settlement. This is called asking to be excluded from — or sometimes called "opting out" of — the Class.

### 18. If I exclude myself, can I get anything from this settlement?

No. If you exclude yourself, you may not apply for any benefits under the proposed settlement and you cannot object to the proposed settlement. However, if you ask to be excluded, you may sue, continue to sue, or be part of a different lawsuit against Lowe's in the future. You will not be bound by anything that happens in this lawsuit.

### 19. If I do not exclude myself, can I sue later?

No. Unless you exclude yourself, you give up the right to sue Lowe's for all of the claims that this proposed settlement resolves. You must exclude yourself from this Class to start your own lawsuit, continue with a lawsuit, or be part of any other lawsuit relating to the claims in this case.

### 20. How do I exclude myself from the settlement?

To exclude yourself from the proposed settlement, you must send a letter or other written document by mail clearly stating that you want to be excluded from Settlement. The letter must state: "I request that I be excluded from the Settlement in *Glen Vereen v. Lowe's Home Centers, Inc.*, Case NO. SU10-CV-2267B. Be sure to include your full name, address, signature, and date.

You must mail your request for exclusion so that it is postmarked by **November 9, 2010** to:

> Lowe's Drywall Exclusions
> PO Box NNN
> Portland, OR 97208

You cannot ask to be excluded on the phone, by email, or at the website. You cannot exclude yourself by mailing a request to any other location or by mailing your request after the deadline listed above. The letter must be signed by you. You cannot exclude yourself by having an attorney or anyone else acting on your behalf exclude you. The letter must be signed by you individually and not by a group of Settlement Class members.

## THE LAWYERS REPRESENTING YOU

### 21. Do I have a lawyer in the case?

The Court has appointed Austin Gower, 1425 Wynnton Road, P.O. Box 5509, Columbus, GA 31906; Don Barrett of Don Barrett, P.A., 404 Court Square, P.O. Box 927, Lexington, MS 39095; Patrick W. Pendley of Pendley, Baudin & Coffin, L.L.P., P.O. Box 71, Plaquemine, LA 70765; and Dewitt Loveland of Lovelace Law Firm, P.A., 12870 U.S. Hwy. 98 West, Miramar Beach, FL 32550, as Class Counsel to represent to represent you and other Settlement Class Members. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your own expense.

**QUESTIONS? CALL 1-8NNN-NNN-NNNN TOLL FREE, OR VISIT www.XXXXXXX.com**

-7-

**22. How will the lawyers be paid?**

Class Counsel will ask the Court for attorneys' fees, costs and expenses of $2.166 million. Class Counsel will request an award of $5,000 to the Representative Plaintiff for his service on behalf of the whole Class. The Court may award less than these amounts. The payment of attorneys' fees, costs and expenses and the payment to the Class Representative is in addition to all of the other benefits under the settlement and will be paid separately by Lowe's.

## OBJECTING TO THE SETTLEMENT

**23. How do I tell the Court if I do not like the settlement?**

You can object to the settlement if you do not like some part of it. You must give reasons why you think the Court should not approve the settlement. To object, send a letter to the four addresses below, saying that you object to the proposed settlement in *Glen Vereen v. Lowe's Home Centers, Inc.*, Case NO. SU10-CV-2267B. Be sure to include:

- The name of this case and case number (*Glen Vereen v. Lowe's Home Centers, Inc.*, Case NO. SU10-CV-2267B);
- Your name, address, telephone number, and signature;
- A detailed description of the nature and all grounds for your Objection, including any legal support you intend to bring to the Court's attention, and copies of any documents or evidence that you intend to introduce or present in support of your Objection;
- If you are represented by an attorney, include the name, address, bar number, and telephone number of your counsel. If you are represented by an attorney, he or she must comply with all applicable Georgia laws and rules for filing pleadings and documents in Georgia courts;
- A statement whether you intend to appear at the Fairness Hearing, either in person or through counsel; and
- A certificate of service certifying that copies of the Objection were served on Class Counsel, counsel to Lowe's, and the Settlement Administrator on or before the Objection Deadline.

Mail the objection to **each of the following** four different places so that it is postmarked no later than **November 9, 2010**

| COURT | CLASS COUNSEL | LOWE'S COUNSEL | ADMINISTRATOR |
|---|---|---|---|
| Clerk of Superior Court P.O. Box 2145 100 10th Street 2nd Floor Columbus, GA 31902 | Don Barrett Don Barrett, PA 404 Court Square PO Box 927 Lexington, MS 39095 | William B. Gaudet Adams and Reese LLP 701 Poydras Street New Orleans, LA 70139 | Lowe's Drywall Objections PO Box XXX Portland, OR 97208 |

**24. What is the difference between objecting and asking to be excluded?**

Objecting is simply telling the Court that you do not like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you

exclude yourself, you cannot object to the settlement and you will not be eligible to apply for any benefits under the settlement because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

**25. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing at _____p.m. on Month DD, 2010 at the Muscogee County Superior Court, 100 Tenth Street, Columbus, Georgia 31901. At the Fairness Hearing, the Court will consider whether the proposed settlement is fair, reasonable, and adequate. The Court may also consider Class Counsel's request for attorneys' fees, costs, and expenses, and the incentive award. If there are objections, the Court will consider them. After the Fairness Hearing, the Court will decide whether to approve the proposed settlement and how much to award to Class Counsel as fees, costs, and expenses and the incentive award.

The Fairness Hearing may be moved to a different date or time without additional notice, so it is recommended that you periodically check www.XXXXXXXXXXXXX.com for updated information.

**26. Do I have to come to the hearing?**

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend the hearing at your own expense. If you send in a written objection, you do not have to come to the Fairness Hearing to talk about it. As long as you mailed your written objection on time, the Court will consider it. You also may pay your own lawyer to attend the Fairness Hearing, but their attendance is not necessary.

**27. May I speak at the hearing?**

To speak at the Fairness Hearing, you must file with the Court a Notice of Intent to Appear. To do this, send your "Notice of Intent to Appear" postmarked no later than **November 9, 2010**, to the addresses listed in Question 23, along with the following information:

- Your name, address, and telephone number and a copy any written Objection to the Settlement;
- The name and telephone number of any lawyer who may ask to speak on your behalf;
- A detailed statement of the specific legal and factual basis for each objection;
- A list of any witnesses that you would like to call at the Fairness Hearing, with the address of each witness and a summary of his or her proposed testimony;
- A detailed description of any and all evidence you may offer at the Fairness Hearing, including copies of any and all exhibits which you may seek to introduce at the Fairness Hearing;
- Documentary or other admissible proof of membership in the Settlement Class.

You cannot speak at the hearing if you exclude yourself from the settlement.

## IF YOU DO NOTHING

**28. What happens if I do nothing at all?**

If you are a Class Member and do nothing, you will not get benefits from this settlement. And, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendant about the claims in this case, ever again.

## GETTING MORE INFORMATION

**29. How do I get more information about the proposed settlement?**

This notice summarizes the proposed settlement. To view the Settlement Agreement, visit www.xxxxxx.com. If you have questions, go to the website, call toll free 1-8NN-NNN-NNNN or write to Lowe's Drywall Settlement, PO Box XXX, Portland, OR 97208

## LOWE'S DRYWALL CLASS ACTION SETTLEMENT CLAIM FORM

**1.**

| **DATE:** | |
|---|---|
| **NAME:** | |
| **ADDRESS (STREET):** | |
| **CITY, STATE, ZIP:** | |
| **DATE OF BIRTH:** | |
| **E-MAIL ADDRESS:** | |
| **BEST TELEPHONE NUMBER:** | |

**2.**

| Did you or your contractor purchase allegedly defective drywall from a Lowe's store (circle one)? | Yes / No |
|---|---|

**3.**

If your contractor purchased allegedly defective drywall from a Lowe's store and this drywall was installed on your property, please provide the following:

      Contractor's Name:_____

      Address:_____

      Telephone Number(s):_____

**4.**

What Lowe's store location did you purchase allegedly defective drywall?

City: _____    State: _____

**5.**

What was the date of purchase from Lowe's of the allegedly defective drywall?

**6.**

| Do you have receipts for your purchases of allegedly defective drywall from Lowe's (circle one)?<br><br>If so, please provide a copy of the receipts for the allegedly defective drywall purchased from Lowe's. | Yes / No |
|---|---|

1

Exhibit D to Class Action Settlement Agreement and Release



| 7. | |
|---|---|
| Approximately how many sheets of allegedly defective drywall did you purchase from Lowe's (circle one)? | 1 to 5<br><br>6 to 10<br><br>10+ |

| 8. |
|---|
| Address of property where the allegedly defective drywall is installed if different from Box 1 above:<br><br>Address (Street):_____<br><br>City/State/Zip:_____ |

| 9. | |
|---|---|
| What is the approximate square footage of the structure where the allegedly defective drywall was installed? | |

| 10. | |
|---|---|
| Has the allegedly defective drywall been replaced (circle one)?<br><br>If you circled Yes, please provide the proof you have that the allegedly defective drywall has been replaced and provide copies of all receipts, reports, photographs or any other proof of the cost of replacement. | Yes / No |

| 11. | |
|---|---|
| Do you have any other damage that you claim was caused by allegedly defective drywall purchased from Lowe's (circle one)?<br><br>If you circled Yes, please describe the damage in detail and provide the proof you have of the damage, including copies of any reports, receipts, photographs or any other proof of any damage.<br><br>_____<br><br>_____<br><br>_____ | Yes / No |

| 12. | |
|---|---|
| Name of manufacturer of the allegedly defective drywall you purchased from Lowe's, if known: | |

2

Exhibit D to Class Action Settlement Agreement and Release

| 13. | |
|---|---|
| What proof do you have that the drywall is defective (inspector, photographs, etc.)? | |
| Do you have an inspector report (circle one)?<br><br>If Yes, attach report. | Yes / No |
| Do you have photographs (circle one)?<br><br>If Yes, attach photographs. | Yes / No |
| Other (circle one)?<br><br>If yes, please provide and explain: _____ | Yes / No |

| 14. | |
|---|---|
| Is there any evidence of bad odor (rotten egg smell) coming from allegedly defective drywall purchased from Lowe's (circle one)? | Yes / No |
| If Yes, did anyone have physical symptoms you claim were due to allegedly defective drywall purchased from Lowe's (circle one)?<br><br>Explain: _____ | Yes / No |

| 15. | |
|---|---|
| Was anyone seen by a healthcare provider for the claimed symptoms?<br><br>If Yes, please provide copies of all medical reports and bills related to treatment for the claimed symptoms. | Yes / No |

**IMPORTANT! PLEASE READ BEFORE SIGNING**

LOWE'S RESERVES THE RIGHT TO ASSESS AND VERIFY THE ACCURACY OF THE ANSWERS YOU HAVE PROVIDED, INCLUDING HAVING THE OPPORTUNITY TO HAVE EXPERTS INSPECT THE PROPERTY.

YOU MUST SIGN THIS FORM UNDER PENALTY OF PERJURY, SO PLEASE CONFIRM THE ACCURACY OF YOUR ANSWERS BEFORE SIGNING THIS FORM.

3

Exhibit D to Class Action Settlement Agreement and Release

Signature of Claimant:_____Date:_____

**THIS FORM MUST BE MAILED, POSTMARKED BY NO LATER THAN [INSERT
CLAIM DEADLINE] TO:**

[INSERT SETTLEMENT ADMINISTRATOR'S ADDRESS, TELEPHONE AND
WEBSITE ADDRESS]

Exhibit D to Class Action Settlement Agreement and Release

IN THE SUPERIOR COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

GLEN VEREEN,                          )
on behalf of himself and              )
all others similarly situated,        )
                                      )       Case No. SU10-CV-2267B
        Plaintiffs,                   )
                                      )
v.                                    )
                                      )
LOWE'S HOME CENTERS, INC.             )
                                      )
        Defendant.                    )

**ORDER PRELIMINARILY APPROVING CLASS ACTION
SETTLEMENT, SETTLEMENT CLASS CERTIFICATION, AND TO
SCHEDULE FINAL FAIRNESS HEARING**

WHEREAS Plaintiffs and Defendant/Company entered into a Settlement

Agreement with Exhibits (collectively, the "Settlement Agreement"), dated July 27, 2010

to settle this Action; and

WHEREAS the parties to this Settlement have submitted a "Joint Motion for

Settlement Class Certification, Preliminary Approval of Proposed Class Action

Settlement, and to Schedule Final Fairness Hearing," which sets forth the Parties'

positions and analysis of the terms of the Settlement, the grounds upon which the Parties'

believe this Settlement to be reasonable and fair to the Class, and the support for

conditionally certifying a Settlement Class and for preliminarily approving the Settlement

Agreement so that Notice may be disseminated to the Class, and so that Class Members

have an opportunity to decide whether to participate in the Settlement, exclude

themselves from the Settlement, or object to the Settlement;

WHEREAS the Court has considered the pleadings filed in this matter, the Joint

Motion for Preliminary Approval, referenced above, along with the Exhibits attached to

Exhibit E to Class Action Settlement Agreement and Release



EXHIBIT
**E**

that Joint Motion (which include the Settlement Agreement, the Notices and Claim Form
in a form and with content similar to the Notice and Claim Form that will be
disseminated to the Class), and the proposed Notice Plan;

WHEREAS the Court recognizes that the attorneys representing the Plaintiffs in
this action also represent Plaintiffs with similar claims who have filed individual and
class action lawsuits which have been pending in other jurisdictions for a significant
period of time;

WHEREAS the Court recognizes that the Defendant has been named as a
Defendant in other lawsuits and class action lawsuits which have remained pending
without resolution and without any ruling or order certifying a class of individuals with
similar claims against Lowe's.

Based on the submissions of the parties and the legal authorities provided to this
Court, the Court hereby issues the following Orders:

1.      For purposes of settlement only, the Class as defined in the Settlement
Agreement satisfies the applicable criteria of Ga. Code Ann. 9-11-23(a) and (b)(3), and
the Court orders that the Class be certified as follows:

> Any Person in the United States who, during the Class Period, purchased,
> installed or had installed on real property, Defective Drywall or were owners
> and/or residents on such real property. Excluded from the Class shall be the
> following:
>       (i)      All persons who during the Class Period were officers, directors, or
> employees of the Company; and
>       (ii)     All persons currently serving as judges or justices in the State
> courts of Georgia and the members of their immediate family.

2.      That, pursuant to Ga. Code Ann. 9-11-23(f)(3), the Parties' request for
certification under 23(e) for purposes of settlement is satisfied, even though the
requirements of subparagraph 23(a) and (b)(3) might not be otherwise met.

2

3.     That the Court preliminarily approves and certifies the purported Class as a national class, and pursuant to applicable law, including *Matsushita Elec. Indus. Co., Ltd. v. Epstein*, 516 U.S. 367 (1996); *Baker by Thomas v. General Motors Corp.*, 522 U.S. 222 (1998); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), orders that this Order and any future Orders of this Court regarding certification of said Class and approval of the Settlement shall be entitled to full faith and credit.

4.     That Plaintiff Glen Vereen is approved as Class Representative of the Class defined above, and that Counsel for the Class – Austin Gower, Esq., 1425 Wynnton Road, P.O. Box 5509, Columbus, Georgia; Don Barrett of Don Barrett, P.A., 404 Court Square, P.O. Box 927, Lexington, Mississippi 39095; Patrick W. Pendley of Pendley, Baudin & Coffin, L.L.P., P.O. Box 71, Plaquemine, Louisiana 70765; and Dewitt Lovelace of Lovelace Law Firm, P.A., 12870 U.S. Hwy. 98 West, Miramar Beach, Florida 32550 – are experienced and qualified to represent Plaintiff and the Class and that they have served as competent and diligent advocates for the interests of Plaintiff and the Class, and therefore, are approved as Class Counsel.

5.     That the certification of the Class and approval of the Class Representative and Class Counsel is solely for purposes of effectuating the proposed Settlement, and that if the Settlement is terminated or is not consummated for any reason, the foregoing certification of the Class, and appointment of the Class Representative and Class Counsel be voided and be of no further effect and the parties to the proposed Settlement be returned to the status quo each occupied before entry of the Court's Order without

3

prejudice to any legal argument that any of the parties to the Settlement Agreement might have asserted but for the Settlement Agreement.

6.      That the proposed Settlement set forth in the Settlement Agreement is fair, reasonable, and adequate to the Class, and entered into in good faith and without collusion, and within the range of possible judicial approval.

7.      That pending resolution of these settlement proceedings, the Court asserts jurisdiction over the Class Members for the purposes of effectuating this Settlement and releasing their claims.

8.      That pending resolution of these settlement proceedings, and pending a determination on entry of the Final Order and Judgment after the Fairness Hearing, all members of the Settlement Class, unless and until they have timely and properly excluded themselves from the Settlement Class, are enjoined and prohibited from attempting to frustrate the purpose of the Settlement by commencing, filing, continuing, prosecuting, or participating in any other action or proceeding in any jurisdiction, either directly or indirectly, that asserts claims against Defendant and/or Company and/or Released Parties as defined in the Settlement Agreement, which relate to allegedly defective drywall or any of the settled claims and those claims to be released under the Settlement Agreement.

9.      That pending a determination on entry of the Final Order and Judgment after the Fairness Hearing, all members of the Settlement Class, unless and until they have timely and properly excluded themselves from the Settlement Class, are enjoined and prohibited from attempting to frustrate the purpose of this Settlement by organizing Settlement Class Members into a separate class or subclass for purposes of

4

pursuing as a purported class action any lawsuit or proceeding in any jurisdiction (including by seeking to amend a pending complaint to include class actions, or seeking class certification in a pending action) that asserts claims against the Defendant and/or Company and/or Released Parties, as defined in the Settlement Agreement, which relate to allegedly defective drywall and the settled claims and claims to be released under this Settlement Agreement.

10.   That the Settlement does not constitute an admission, concession, or indication by Defendant of the validity of any claims in this Class Action or of any wrongdoing, liability, or violation of law by Defendant, and, to the contrary, Defendant and Company has advised the Court that it believes it is without any liability whatsoever for any of the claims included in the Settlement and is participating in the Settlement to put an end to all such claims and the risks and expense of protracted litigation.

11.   That having considered the Notice and Notice Plan submitted by the Parties, the notice to be given pursuant to that Plan is the best means of notice to members of the Class that is practicable in the circumstances and constitutes due and sufficient notice of the proposed Settlement to all persons entitled to participate in the proposed Settlement, in full compliance with Ga. Code Ann. §9-11-23, the constitutional requirements of due process, and that no further notice is necessary, and that claim form and manner of notice proposed by Class Counsel, or the form substantially similar to the form proposed by Class Counsel, are hereby approved and Class Counsel, through the Court-approved Third-Party Settlement Administrator, is

5

ordered to see that such Notice is effected as described; and the Notice Period shall begin on or about August 26, 2010 and end on or about October 10, 2010.

12.     That the Third-Party Settlement Administrator shall be: Hilsoft Notifications Epic Systems, Inc.

13.     That before the date fixed by the Court for the Fairness Hearing, which shall be on _Nov 19th_, or as soon thereafter as the Court may hear this matter, Class Counsel shall cause to be filed with the Clerk of the Court and served upon Defendant's Counsel an affidavit or declaration of the Settlement Administrator or such other person or persons under whose direction Notice to the Class was effected, certifying that Notice was effected as described.

14.     That any Member of the Class may enter an appearance *pro se* or through counsel of such Member's own choosing and at such Member's own expense, and that any Class Member who does not enter an appearance or appear *pro se* will be represented by Class Counsel.

15.     That any Member of the Class may choose to be excluded from the Class by timely completing and submitting a request for exclusion in the manner set forth in the notice to Class Members, postmarked no later than November 9, 2010, and that any Member of the Class who does not submit a timely and valid request for exclusion will be a Member of the Class and will be bound by this Settlement, should the Court grant Final Approval to this Settlement.

16.     That on _Nov 19th_, at _2_ o'clock _P_.M., or as soon thereafter as counsel may he heard, in _Columbus, GA_, a hearing will be conducted by this Court ("the Fairness Hearing") to determine: (a) whether the proposed

6

Settlement is fair, reasonable and adequate; (b) whether each Class is adequately represented by the Class Representative and Class Counsel; (c) the reasonableness of the request for reimbursement of the expenses of the Settlement Administrator; and (d) whether a Final Order and Judgment should be entered providing final approval of the certification of the proposed Settlement Class, and approving the proposed Settlement Agreement, as well as to hear Class Counsel's application for an award of attorneys' fees and reimbursement of costs and expenses, and payments to the Class Representative, as well as all timely filed objections to the Settlement Agreement and Class Counsel's applications, and that a transcript be made of the hearing.

17. That any Member of the Class may appear personally or by counsel at the Fairness Hearing and may object to, support, or express the Class Member's views regarding the proposed Settlement, the proposed compensation to the Class Representative, or the proposed attorney's fees to be paid to Class Counsel, and may present evidence and file briefs or other papers that may be proper and relevant to the issues to be heard and determined by this Court; however, that no Class Member shall he heard at this hearing or any other hearing, or be entitled in any way to contest the approval by this Court of the proposed Settlement, or any award of attorney's fees or expenses to Class Counsel, or any payments to the Class Representative, unless no later than November 9, 2010, such Class Member files his or her objections, and the grounds therefore, or the reasons for such person's desire to appear and be heard, along with evidence of membership in the Class, in writing with the Clerk of this Court together with any supporting materials such Class Member wishes the Court to

consider, and that such papers must also be mailed or delivered on or before that date to all counsel of record as identified in the Notice.

18.    That in order for an objection to be considered, the submitted objection must fully comply with the requirements as set forth in 5(b) of the Settlement Agreement.

19.    That no later than 5 business days prior to the Fairness Hearing, the Parties shall file with this Court, and serve on all counsel, copies of all submissions in support of the proposed Settlement.

20.    That a Class Member may not object on behalf of a class or group of persons.  Objections which do not comply with the requirements set out herein shall be waived and forever relinquished.  If a Class Member files an Opt-Out/Request for Exclusion form, that Class member may not object to the Settlement.  If a Class member files a Claim Form and a Request for Exclusion, the Class Member will be considered as remaining in the Class and the Request for Exclusion will be disregarded.

21.    That if the Settlement is approved by the Court, upon Final Approval, all Members of the Class shall be barred and permanently enjoined from prosecuting, commencing, or continuing any settled claim against Company or any of the other Released Parties, and all such Class Members shall conclusively be deemed to have released any and all Settled Claims.

22.    That the Fairness Hearing, and all dates provided for herein, may from time to time, and without further Notice to the Class, be continued or adjourned by order of the Court.  The Court reserves the right to continue the Fairness Hearing without the need to provide additional notice to the Class.

23.     That the deadline for Class Members to file Claim Forms will be 180 days from the date of the Fairness Hearing.

24.     That in the event that the Settlement, in accordance with the terms of the Settlement Agreement, is not finally approved, or is terminated, canceled, or fails to become effective for any reason, that the Court's order preliminarily approving the Settlement shall be rendered null and void and shall be vacated, and the parties shall revert to their respective positions as of July 27, 2010.

25.     That if the Court, after appropriate notices to Class Members and hearing(s), finally approves the proposed Settlement, it will then order that the Settlement Benefits be disseminated to the Class Members according to the Settlement Agreement.

26.     That after appropriate notices to Class Members and hearing(s), if final judgment is entered approving the settlement and all terms thereof as provided in the Settlement Agreement, the Court will issue an order dismissing on the merits and with prejudice all claims of the Class Members against, and the class action insofar as affecting Defendant, the Company, and the Released Parties (as defined in the Settlement Agreement) without costs except as otherwise provided for in the Settlement Agreement, and releasing all settled Claims of the Class Members against Defendant, the Company, and the Released Parties.

**HONORABLE JUDGE BOBBY PETERS**

IN THE SUPERIOR COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

GLEN VEREEN,                              )
on behalf of himself and                  )
all others similarly situated,            )
                                          )
        Plaintiffs,                       )       Case No. SU10-CV-2267B
                                          )
v.                                        )
                                          )
LOWE'S HOME CENTERS, INC.                 )
                                          )
        Defendant.                        )

## PROPOSED FINAL ORDER AND JUDGMENT

**WHEREAS** Plaintiffs and Defendant entered into a Stipulation and Settlement Agreement, with exhibits (collectively, the "Settlement Agreement"), dated July 27, 2010 to settle this Action; and

WHEREAS the Court entered an Order dated July 27, 2010 (the "Preliminary Approval Order"), preliminarily certifying the putative Class in this action for settlement purposes under Ga. Code Ann. § 9-11-23(b)(3), ordering Publication Notice and Point of Sale Notice to potential Class Members, scheduling a Fairness Hearing for _____, and providing those persons with an opportunity to either exclude themselves from the settlement class or object to the proposed settlement; and

WHEREAS the Court held a Fairness Hearing on ___, to determine whether to give final approval to the proposed settlement; and

WHEREAS the Court has granted final certification of the settlement class, approving the proposed settlement, and dismissing the Class Members' claims (among other things).

Based on the submissions of the parties and Class Members and the evidence

Exhibit F to Class Action Settlement Agreement and Release



adduced at the Fairness Hearing, it is hereby **ORDERED** as follows:

1.     **Incorporation of Other Documents.** This Final Order and Judgment incorporates and makes a part hereof:

    (a)     the Settlement Agreement submitted to this Court on July 27, 2010;

    (b)     the exhibits to the Settlement Agreement;

    (c)     the Court's Preliminary Approval Order;

    (d)     the Joint Motion and Memorandum In Support of Final Approval of Class Certification and Fairness of Class Action Settlement; and

    (e)     exhibits to the Joint Motion and Memorandum In Support of Final Approval of Class Certification and Fairness of Class Action Settlement.

2.     **Jurisdiction.** The Court has personal jurisdiction over all Class Members (as defined below) and has subject-matter jurisdiction over this action including, without limitation, jurisdiction to approve the proposed settlement, grant final certification of the Class, and dismiss this action on the merits and with prejudice, and to enjoin other proceeding by Class Members.

3.     **Final Class Certification.** After careful consideration, the Class previously certified preliminarily is hereby finally certified for settlement purposes under Ga. Code Ann. § 9-11-23(b)(3). The Class that is certified is as follows:

> Any Person in the United States who, during the Class Period, purchased, installed or had installed on real property, Defective Drywall or were owners and/or residents on such real property. Excluded from the Class shall be the following:
>     (i)     All persons who during the Class Period were officers, directors, or employees of the Company; and
>     (ii)     All persons currently serving as judges or justices in the State courts of Georgia and the members of their immediate family.

2

4. **Adequacy of Representation.** After conducting a rigorous analysis of the requirements of Ga. Code Ann. § 9-11-23(a)(4), the Court finds that the law firms of — Austin Gower, Esq., 1425 Wynnton Road, P.O. Box 5509, Columbus, Georgia; Don Barrett of Don Barrett, P.A., 404 Court Square, P.O. Box 927, Lexington, Mississippi 39095; Patrick W. Pendley of Pendley, Baudin & Coffin, L.L.P., P.O. Box 71, Plaquemine, Louisiana 70765; and Dewitt Lovelace of Lovelace Law Firm, P.A., 12870 U.S. Hwy. 98 West, Miramar Beach, Florida 32550 — are experienced and qualified to represent Plaintiff and the Class and that they have served as competent and diligent advocates for the interests of Plaintiff and the Class, and therefore, are approved as Class Counsel.

5. **Class Notice.** The Court finds that the Notice and the Notice Plan was fulfilled, in accordance with the terms of the Settlement Agreement and this Court's Preliminary Approval Order and that this Notice and Notice Plan constituted the best practicable notice to Class Members under the circumstances of this action, constituted due and sufficient Notice of the proposed Settlement to all persons entitled to participate in the proposed Settlement, and was in full compliance with Ga. Code Ann. § 9-11-23 and the constitutional requirements of due process.

6. **Claim Process.** Any Class Member who does not submit a valid and timely Claim Form in compliance with the Claims Process contained in the Settlement Agreement and as provided in the Preliminary Approval Order shall not be entitled to receive the Settlement Benefits provided pursuant to the Settlement but, nonetheless, shall be barred by the Release and provisions of the Settlement Agreement and the Final Order and Judgment.

3

7. **Final Settlement Approval.** The terms and provisions of the Settlement Agreement, including all exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interest of, each of the Parties and the Class Members and in full compliance with all applicable requirement of the Georgia Rules of Civil Procedure, the Georgia and United States Constitutions (including the Due Process Clause), and any other applicable law. The Parties and Class Members are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

8. **Binding Effect.** The terms of the Settlement Agreement and of this Final Order and Judgment shall be forever binding on Plaintiffs and all other Class Members, as well as their heirs, executors and administrators, successors and assigns, and anyone acting on behalf of Class Members or for their benefit, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters that were or could have been raised in this action or are otherwise encompassed by the Release.

9. **Release.** The Release, which is set forth in the Settlement Agreement, is expressly incorporated herein in all respects and is effective as of the date of the Final Order and Judgment. The language of the Release, in paragraph 13 of the Settlement Agreement is accepted as valid and enforceable by this Court and the Plaintiffs, Class Members, and all other Releasors release and discharge the Releasees from all claims as stated in the Settlement Agreement.

10. **Permanent Injunction.** All Class Members who have not been timely

4

excluded from the Class, and anyone acting on their behalf or for their benefit, are hereby permanently barred and enjoined from: (i) filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based on or relating to the claims and causes of action that have been, may be or could have been set forth or raised in the Action, the Released Claims and/or the acts and circumstances relating thereto; and/or (ii) organizing or soliciting the participation of any Class Members in a separate class for purposes of pursing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any lawsuit or other proceeding based on or relating to the claims and causes of action that have been, may be or could have been set forth or raised in the Action, the Released Claims and/or the acts and circumstances relating thereto. The Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's jurisdiction over the action and to protect and effectuate the Court's Final Order and Judgment. Any person found in contempt of this injunction will be subject to sanctions. Any Releasee who must seek from the Court the compliance of a Releasor who is in violation of this injunction is entitled to reimbursement of his or her or its attorneys' fees incurred as a result of seeking such compliance.

11. **Objections to Settlement.** The Court provided all Class Members and their representatives, who complied with the requirements for objections and appearances. at the Fairness Hearing set forth in the Preliminary Approval Order, a fair and adequate opportunity to object to the proposed settlement. The Court has considered all such

5

objections in evidence and finds them without merit.

12. **Enforcement of Settlement.** Nothing in this Final Order and Judgment shall preclude any action to enforce the terms of the Settlement Agreement, nor shall anything this Final Order and Judgment preclude Plaintiffs or Class Members from participating in the Settlement Administration Process described in the Settlement Agreement if they are entitled to do so under the terms of the Settlement Agreement.

13. **Retention of Jurisdiction.** The Court has jurisdiction to enter this Final Order and Judgment. Without in any way affecting the finality of this Final Order and Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and of this Final Order and Judgment, and for any other necessary purpose.

14. **No Admissions.** Neither this Final Order and Judgment nor the Settlement Agreement (nor any other document referred to herein) nor any action taken to carry out this Final Order and Judgment) is, may be construed as, or may be used as an admission or concession by or against the Defendant, the validity of any claim or any actual or potential fault, wrongdoing or liability whatsoever; provided, however, that this Final Order and Judgment and the Settlement Agreement may be filed in any action against or by the Company or Releases (as defined in the Settlement Agreement) to support a defense of *res judicata*, collateral estoppel, relase, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

15. **Dismissal of Action.** This action, including all individual and Class claims resolved in it, is hereby DISMISSED ON THE MERITS AND WITH

6

PREJUDICE against Plaintiffs and all other Class Members, without fees or costs to any party except as otherwise provided in this Final Judgment and Order.

Accordingly, pursuant to Ga. Code Ann. § 9-11-54(b) and finding no just reason for delay and upon express direction for the entry of Judgment, It Is Hereby ORDERED, ADJUDGED and DECREED that FINAL JUDGMENT is hereby entered this _____ day of _____, 2010.

_____
**HONORABLE JUDGE BOBBY PETERS**

Order Submitted By:

Austin Gower
Georgia Bar No. 303528
1425 Wynnton Road
P.O. Box 5509
Columbus, GA 31906
Phone: 706-324-5685
Facsimile: 706-522-2964

Don Barrett
DON BARRETT, PA
404 Court Square
P.O. Box 927
Lexington, MS 39095

Patrick W. Pendley
PENDLEY, BAUDIN & COFFIN, LLP
P.O. Box 71
Plaquemine, LA 70765

Dewitt Lovelace
LOVELACE LAW FIRM, PA
12870 US Hwy. 98 West
Miramar Beach, FL 32550

*Attorneys for Plaintiffs*

7

AND

JANNEA S. ROGERS (ROG024)
ADAMS AND REESE LLP
11 N. Water Street
Suite 23200
Mobile, Alabama 36602
Phone: (251)433-3234
Fax: (251) 438-7733
jannea.rogers@arlaw.com

ADAMS AND REESE LLP
William B. Gaudet
Francis V. Liantonio, Jr.
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Phone: (504) 581-3234
Fax: (504) 566-0210
william.gaudet@arlaw.com
frank.liantonio@arlaw.com

*Attorneys for Defendant*

8