# Exhibit "B"

IN THE SUPERIOR COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

| | |
|---|---|
| GLEN VEREEN,<br>on behalf of himself and<br>all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LOWE'S HOME CENTERS, INC.<br><br>Defendant. | )<br>)<br>)<br>)<br>) Case No. SU10-CV-2267B<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, SETTLEMENT CLASS CERTIFICATION, AND TO SCHEDULE FINAL FAIRNESS HEARING

WHEREAS Plaintiffs and Defendant/Company entered into a Settlement Agreement with Exhibits (collectively, the "Settlement Agreement"), dated July 27, 2010 to settle this Action; and

WHEREAS the parties to this Settlement have submitted a "Joint Motion for Settlement Class Certification, Preliminary Approval of Proposed Class Action Settlement, and to Schedule Final Fairness Hearing," which sets forth the Parties' positions and analysis of the terms of the Settlement, the grounds upon which the Parties' believe this Settlement to be reasonable and fair to the Class, and the support for conditionally certifying a Settlement Class and for preliminarily approving the Settlement Agreement so that Notice may be disseminated to the Class, and so that Class Members have an opportunity to decide whether to participate in the Settlement, exclude themselves from the Settlement, or object to the Settlement;

WHEREAS the Court has considered the pleadings filed in this matter, the Joint Motion for Preliminary Approval, referenced above, along with the Exhibits attached to

that Joint Motion (which include the Settlement Agreement, the Notices and Claim Form in a form and with content similar to the Notice and Claim Form that will be disseminated to the Class), and the proposed Notice Plan;

WHEREAS the Court recognizes that the attorneys representing the Plaintiffs in this action also represent Plaintiffs with similar claims who have filed individual and class action lawsuits which have been pending in other jurisdictions for a significant period of time;

WHEREAS the Court recognizes that the Defendant has been named as a Defendant in other lawsuits and class action lawsuits which have remained pending without resolution and without any ruling or order certifying a class of individuals with similar claims against Lowe's.

Based on the submissions of the parties and the legal authorities provided to this Court, the Court hereby issues the following Orders:

1. For purposes of settlement only, the Class as defined in the Settlement Agreement satisfies the applicable criteria of Ga. Code Ann. 9-11-23(a) and (b)(3), and the Court orders that the Class be certified as follows:

> Any Person in the United States who, during the Class Period, purchased, installed or had installed on real property, Defective Drywall or were owners and/or residents on such real property. Excluded from the Class shall be the following:
> (i) All persons who during the Class Period were officers, directors, or employees of the Company; and
> (ii) All persons currently serving as judges or justices in the State courts of Georgia and the members of their immediate family.

2. That, pursuant to Ga. Code Ann. 9-11-23(f)(3), the Parties' request for certification under 23(e) for purposes of settlement is satisfied, even though the requirements of subparagraph 23(a) and (b)(3) might not be otherwise met.

2

3. That the Court preliminarily approves and certifies the purported Class as a national class, and pursuant to applicable law, including *Matsushita Elec. Indus. Co., Ltd. v. Epstein*, 516 U.S. 367 (1996); *Baker by Thomas v. General Motors Corp.*, 522 U.S. 222 (1998); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), orders that this Order and any future Orders of this Court regarding certification of said Class and approval of the Settlement shall be entitled to full faith and credit.

4. That Plaintiff Glen Vereen is approved as Class Representative of the Class defined above, and that Counsel for the Class – Austin Gower, Esq., 1425 Wynnton Road, P.O. Box 5509, Columbus, Georgia; Don Barrett of Don Barrett, P.A., 404 Court Square, P.O. Box 927, Lexington, Mississippi 39095; Patrick W. Pendley of Pendley, Baudin & Coffin, L.L.P., P.O. Box 71, Plaquemine, Louisiana 70765; and Dewitt Lovelace of Lovelace Law Firm, P.A., 12870 U.S. Hwy. 98 West, Miramar Beach, Florida 32550 – are experienced and qualified to represent Plaintiff and the Class and that they have served as competent and diligent advocates for the interests of Plaintiff and the Class, and therefore, are approved as Class Counsel.

5. That the certification of the Class and approval of the Class Representative and Class Counsel is solely for purposes of effectuating the proposed Settlement, and that if the Settlement is terminated or is not consummated for any reason, the foregoing certification of the Class, and appointment of the Class Representative and Class Counsel be voided and be of no further effect and the parties to the proposed Settlement be returned to the status quo each occupied before entry of the Court's Order without

prejudice to any legal argument that any of the parties to the Settlement Agreement might have asserted but for the Settlement Agreement.

6. That the proposed Settlement set forth in the Settlement Agreement is fair, reasonable, and adequate to the Class, and entered into in good faith and without collusion, and within the range of possible judicial approval.

7. That pending resolution of these settlement proceedings, the Court asserts jurisdiction over the Class Members for the purposes of effectuating this Settlement and releasing their claims.

8. That pending resolution of these settlement proceedings, and pending a determination on entry of the Final Order and Judgment after the Fairness Hearing, all members of the Settlement Class, unless and until they have timely and properly excluded themselves from the Settlement Class, are enjoined and prohibited from attempting to frustrate the purpose of the Settlement by commencing, filing, continuing, prosecuting, or participating in any other action or proceeding in any jurisdiction, either directly or indirectly, that asserts claims against Defendant and/or Company and/or Released Parties as defined in the Settlement Agreement, which relate to allegedly defective drywall or any of the settled claims and those claims to be released under the Settlement Agreement.

9. That pending a determination on entry of the Final Order and Judgment after the Fairness Hearing, all members of the Settlement Class, unless and until they have timely and properly excluded themselves from the Settlement Class, are enjoined and prohibited from attempting to frustrate the purpose of this Settlement by organizing Settlement Class Members into a separate class or subclass for purposes of

pursuing as a purported class action any lawsuit or proceeding in any jurisdiction (including by seeking to amend a pending complaint to include class actions, or seeking class certification in a pending action) that asserts claims against the Defendant and/or Company and/or Released Parties, as defined in the Settlement Agreement, which relate to allegedly defective drywall and the settled claims and claims to be released under this Settlement Agreement.

10. That the Settlement does not constitute an admission, concession, or indication by Defendant of the validity of any claims in this Class Action or of any wrongdoing, liability, or violation of law by Defendant, and, to the contrary, Defendant and Company has advised the Court that it believes it is without any liability whatsoever for any of the claims included in the Settlement and is participating in the Settlement to put an end to all such claims and the risks and expense of protracted litigation.

11. That having considered the Notice and Notice Plan submitted by the Parties, the notice to be given pursuant to that Plan is the best means of notice to members of the Class that is practicable in the circumstances and constitutes due and sufficient notice of the proposed Settlement to all persons entitled to participate in the proposed Settlement, in full compliance with Ga. Code Ann. §9-11-23, the constitutional requirements of due process, and that no further notice is necessary, and that claim form and manner of notice proposed by Class Counsel, or the form substantially similar to the form proposed by Class Counsel, are hereby approved and Class Counsel, through the Court-approved Third-Party Settlement Administrator, is

ordered to see that such Notice is effected as described; and the Notice Period shall begin on or about August 26, 2010 and end on or about October 10, 2010.

12. That the Third-Party Settlement Administrator shall be: Hilsoft Notifications Epic Systems, Inc.

13. That before the date fixed by the Court for the Fairness Hearing, which shall be on _Nov 19th_, or as soon thereafter as the Court may hear this matter, Class Counsel shall cause to be filed with the Clerk of the Court and served upon Defendant's Counsel an affidavit or declaration of the Settlement Administrator or such other person or persons under whose direction Notice to the Class was effected, certifying that Notice was effected as described.

14. That any Member of the Class may enter an appearance *pro se* or through counsel of such Member's own choosing and at such Member's own expense, and that any Class Member who does not enter an appearance or appear *pro se* will be represented by Class Counsel.

15. That any Member of the Class may choose to be excluded from the Class by timely completing and submitting a request for exclusion in the manner set forth in the notice to Class Members, postmarked no later than November 9, 2010, and that any Member of the Class who does not submit a timely and valid request for exclusion will be a Member of the Class and will be bound by this Settlement, should the Court grant Final Approval to this Settlement.

16. That on _Nov 19_, at _2_ o'clock _P_.M., or as soon thereafter as counsel may be heard, in _Columbus, GA_ a hearing will be conducted by this Court ("the Fairness Hearing") to determine: (a) whether the proposed

6

Settlement is fair, reasonable and adequate; (b) whether each Class is adequately represented by the Class Representative and Class Counsel; (c) the reasonableness of the request for reimbursement of the expenses of the Settlement Administrator; and (d) whether a Final Order and Judgment should be entered providing final approval of the certification of the proposed Settlement Class, and approving the proposed Settlement Agreement, as well as to hear Class Counsel's application for an award of attorneys' fees and reimbursement of costs and expenses, and payments to the Class Representative, as well as all timely filed objections to the Settlement Agreement and Class Counsel's applications, and that a transcript be made of the hearing.

17. That any Member of the Class may appear personally or by counsel at the Fairness Hearing and may object to, support, or express the Class Member's views regarding the proposed Settlement, the proposed compensation to the Class Representative, or the proposed attorney's fees to be paid to Class Counsel, and may present evidence and file briefs or other papers that may be proper and relevant to the issues to be heard and determined by this Court; however, that no Class Member shall he heard at this hearing or any other hearing, or be entitled in any way to contest the approval by this Court of the proposed Settlement, or any award of attorney's fees or expenses to Class Counsel, or any payments to the Class Representative, unless no later than November 9, 2010, such Class Member files his or her objections, and the grounds therefore, or the reasons for such person's desire to appear and be heard, along with evidence of membership in the Class, in writing with the Clerk of this Court together with any supporting materials such Class Member wishes the Court to

consider, and that such papers must also be mailed or delivered on or before that date to all counsel of record as identified in the Notice.

18. That in order for an objection to be considered, the submitted objection must fully comply with the requirements as set forth in 5(b) of the Settlement Agreement.

19. That no later than 5 business days prior to the Fairness Hearing, the Parties shall file with this Court, and serve on all counsel, copies of all submissions in support of the proposed Settlement.

20. That a Class Member may not object on behalf of a class or group of persons. Objections which do not comply with the requirements set out herein shall be waived and forever relinquished. If a Class Member files an Opt-Out/Request for Exclusion form, that Class member may not object to the Settlement. If a Class member files a Claim Form and a Request for Exclusion, the Class Member will be considered as remaining in the Class and the Request for Exclusion will be disregarded.

21. That if the Settlement is approved by the Court, upon Final Approval, all Members of the Class shall be barred and permanently enjoined from prosecuting, commencing, or continuing any settled claim against Company or any of the other Released Parties, and all such Class Members shall conclusively be deemed to have released any and all Settled Claims.

22. That the Fairness Hearing, and all dates provided for herein, may from time to time, and without further Notice to the Class, be continued or adjourned by order of the Court. The Court reserves the right to continue the Fairness Hearing without the need to provide additional notice to the Class.

23. That the deadline for Class Members to file Claim Forms will be 180 days from the date of the Fairness Hearing.

24. That in the event that the Settlement, in accordance with the terms of the Settlement Agreement, is not finally approved, or is terminated, canceled, or fails to become effective for any reason, that the Court's order preliminarily approving the Settlement shall be rendered null and void and shall be vacated, and the parties shall revert to their respective positions as of July 27, 2010.

25. That if the Court, after appropriate notices to Class Members and hearing(s), finally approves the proposed Settlement, it will then order that the Settlement Benefits be disseminated to the Class Members according to the Settlement Agreement.

26. That after appropriate notices to Class Members and hearing(s), if final judgment is entered approving the settlement and all terms thereof as provided in the Settlement Agreement, the Court will issue an order dismissing on the merits and with prejudice all claims of the Class Members against, and the class action insofar as affecting Defendant, the Company, and the Released Parties (as defined in the Settlement Agreement) without costs except as otherwise provided for in the Settlement Agreement, and releasing all settled Claims of the Class Members against Defendant, the Company, and the Released Parties.

_____
HONORABLE JUDGE BOBBY PETERS