# EXHIBIT 5



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 3 0 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JAMES W McCORMACK CLERK
By: _____
DEP. CLERK

In re:                          :          MDL Docket No. 4:03CV1507 WRW
                                :
PREMPRO PRODUCTS                :          ALL CASES
LIABILITY LITIGATION            :

## PRACTICE AND PROCEDURE ORDER NO. 6
## ESTABLISHMENT OF PLAINTIFFS' PERSONAL INJURY LITIGATION
## EXPENSE FUND TO COMPENSATE AND REIMBURSE ATTORNEYS FOR
## SERVICES PERFORMED AND EXPENSES
## INCURRED FOR COMMON BENEFIT

1.      The Court finds that this litigation has advanced to the point that it is appropriate

to establish a system for the sequestration of a certain percentage of payments that may be made

by defendant(s) to hormone therapy personal injury plaintiff(s) in settlement of claims or

satisfaction of judgments (all such payments hereinafter referred to as "claim payments"). The

funds so sequestered are to be available to provide for reimbursement of costs and payment of

attorneys' fees to Common Benefit Attorneys, subject to a proper showing in the future.

"Common Benefit Attorneys" means the Plaintiffs' Steering Committee ("PSC") personal injury

counsel and other MDL attorneys who have been authorized by Zoe Littlepage or by other PSC

personal injury counsel designated pursuant to the Court's Orders appointing members to

Steering Committee to perform work for the common benefit of personal injury plaintiffs in

MDL 1507 and of plaintiffs represented by any state-court personal injury counsel that agrees to

associate hereunder (hereinafter the "Common Benefit Attorneys").

2.      a.      Before making any claim payment to a personal injury plaintiff whose

claim has been resolved in federal court, defendants shall deduct from the payment an amount

equal to five percent (5%) of the gross amount and shall pay such sum as hereinafter provided

570

for deposit into the MDL 1507 Fee and Cost Trust Account (this Account and its procedures will be established in a future order of this Court).

b.      In measuring the gross amount, the defendant shall include the present value of any fixed and certain payments to be made in the future; in the event that a defendant makes payment to an insurance annuity company, the present value shall be the amount of the payment to the insurance annuity company.

c.      In measuring the gross amount, the defendant shall exclude (1) court costs that are to be paid by the defendant; and (2) any payments to be made by the defendant on an intervention asserted by third-parties, such as to physicians, hospitals, and other health-care providers in subrogation related to treatment of plaintiff.

3.      a.      "Associated State Court Personal Injury Counsel" are those who have executed an Agreement substantially in the form attached to this Order as "Exhibit 1."

b.      On the first working day of each month, the PSC personal injury counsel shall provide to Defendant's liaison counsel an updated list of the name of any state court attorney who has associated with MDL PSC personal injury counsel.  In addition, the PSC personal injury counsel shall make their best efforts to provide the names of the plaintiffs that each associated state court attorney represents; however, the Defendant's withholding of the assessment is tied to the identity of the state court attorney, not the identity of the Plaintiff.

c.      (i)      Before making any claim payment to a personal injury plaintiff represented by Associated State Court Personal Injury Counsel whose name appears on the most recent updated list as provided in Paragraph 3(b), defendants shall deduct an amount equal to three percent (3%) of the gross amount and shall pay such sum as hereinafter provided for

2

deposit into the MDL 1507 Fee and Cost Trust Account (this Account and its procedures will be established in a future order of this Court).

(ii)    In measuring the gross amount, the defendant shall include the present value of any fixed and certain payments to be made in the future; in the event that a defendant makes payment to an insurance annuity company, the present value shall be the amount of the payment to the insurance annuity company.

(iii).    In measuring the gross amount, the defendant shall exclude (1) court costs that are to be paid by the defendant; and (2) any payments to be made by the defendant on an intervention asserted by third-parties, such as to physicians, hospitals, and other health-care providers in subrogation related to treatment of plaintiff.

d.    Defendants shall have primary responsibility for withholding three percent (3%) of the claim payments and tendering such sums to the MDL 1507 Fee and Cost Account. If, however, a defendant fails to do so, in addition to the Court's power generally, including the exercise of its powers to compel payment by defendant in compliance with this Order, the Court, under appropriate circumstances, can be expected to seek such payment from the plaintiff and/or his or her counsel under terms that are just and equitable.

e.    Any plaintiff or plaintiff's counsel whose case or claim has been subjected to the withholding of the 3% amount and who disputes the application of this Order to that claim payment is instructed to make a motion, pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, seeking relief from the application of this Order to his or her claim payment that sets forth with particularity the grounds for such relief.  Any such motion shall be made within 30 days of receipt by such plaintiff or plaintiff's counsel of the claim payment.  Any such motion shall be filed "Under Seal" in such a way that protects the confidentiality of the

settling parties and, unless directed otherwise by the Court, shall not reveal the dollar value of the claim payment or the amount in dispute.

4.      Payment by defendant to the MDL 1507 Fee and Cost Account of the assessment amount shall fully discharge the defendant's obligation under this Order.

5.      The requirements of paragraph 2 shall apply regardless of whether a plaintiff's case is disposed of during the time it is on the docket of the transferee court, or following remand or transfer from the transferee court to another federal district court for trial, or transfer to other district courts in accordance with 28 U.S.C. § 1404 or other provisions of law. The requirements shall follow the case to its final disposition in any United States court, including a court having jurisdiction in bankruptcy.

6.      As a condition of appointment made by this Court of any counsel to the Plaintiffs' Steering Committee or any sub-committee thereof, such counsel are deemed to have agreed to the terms of paragraph 2 for all said counsel obtaining any personal injury recovery in any federal or state forum, however, recoveries in a federal forum shall be subject to a five percent (5%) assessment and recoveries in a state forum (or unfiled claims that result in a recovery) shall be subject to a three percent (3%) assessment.

7.      a.      Any hormone therapy plaintiff counsel may obtain the PSC Personal Injury Counsel's Common Benefit Resource Materials by executing an Agreement substantially in the form attached to this Order as "Exhibit 1" (which Agreement defines "the PSC Personal Injury Counsel's Common Benefit Resource Materials") and becoming an Associated State Court Personal Injury Counsel. No state court litigant will be subject to a tax, fee, assessment or other charge imposed by this Court except upon execution of an express written agreement with the PSC to share the PSC's Common Benefit Resource Materials as provided in this Order.

b.   Subject to Section 7(e) herein, this Order will not restrict a defendant's ability to provide, produce, or make available for inspection any deposition transcript and accompanying exhibits.

c.   Subject to Section 7(e) herein, this Order will not restrict a defendant's ability (1) to cross-notice depositions in state court proceedings or other proceedings outside these MDL proceedings, or (2) to use such cross-noticed depositions for any purpose in non-MDL proceedings. Accordingly, no tax, fee assessment or other charge will be imposed on any state court litigant by virtue of attending and participating in depositions conducted pursuant to any PPO or other order in these MDL proceedings, and/or by virtue of use by any party in a state court case of transcripts, videotapes and/or exhibits from such depositions.

d.   Subject to Section 7(e) herein, this Order will not restrict a defendant's ability (1) to assemble collections or depositories of its own documents and other materials related to hormone therapy, or (2) to include such collections or depositories (or subsets of such collections or depositories as independently determined by the defendant or by non-MDL parties or witnesses) in its responses to discovery requests from other parties in non-MDL proceedings.

e.   In the event that any party in a non-MDL proceeding serves a document demand for "all documents selected for production and/or copying by the PSC in MDL 1507" (or a substantially similar demand), defendants shall notify the PSC of that document demand promptly upon receipt and prior to producing responsive materials.

f.   Nothing in this order limits the applicability of the Confidentiality Order [Docket No. 27].

8.   The set-aside payments as provided in Paragraphs 2 and 3 of this Order shall be deposited into the MDL 1507 Fee and Cost Trust Account.  All funds in the account will be held

as funds subject to the direction of the Court. Payment to the trustee shall fully discharge any obligation a defendant may have under this Order.  If payments are made to any plaintiff or claimant before this Court establishes the MDL 1507 Fee and Cost Trust Account, a defendant may deposit the set-aside payment as provided in Paragraphs 2 and 3 of this Order into a separate interest-bearing trust account and transfer amounts to the MDL 1507 Fee and Cost Trust Account after that Account is fully operational.  For purposes of this Order, a defendant "tenders payment" to a plaintiff or claimant at the time funds are tendered to an individual plaintiff or claimant, and not at the time that funds may be tendered to or deposited in an intermediate escrow account.

9.    a.    The Court or its designated trustee shall maintain detailed records which identify all claim payments made to personal injury plaintiffs, the personal injury plaintiffs' and plaintiffs' counsel's names, current address and telephone numbers, civil action numbers or other identifying number, amount of deposit, date of deposit, and other information that may be required by the circumstances.  All such records shall be maintained as highly confidential material and the only persons with access to such records shall be the Court and its designated trustee.  The purpose of maintaining confidentiality is to protect the defendants' legitimate concerns regarding disclosure of the amounts that any defendant deposits into the escrow fund, inasmuch as knowledge of such amounts would allow calculation of settlements paid by the defendant, which settlements may be confidential.

b.    The trustee shall report to the Court from time to time the sums that are deposited in the account together with the information supplied to the trustee by the paying defendant at the time of the deposit that will be sufficient for the trustee to determine if the amount deposited is the amount required to be paid under the terms of this Order.  The trustee

shall confer with the defendants and the court to determine the appropriate form that should be completed and accompany any payment to be made to the trustee to allow the trustee to verify the accuracy of any payment made. The fees and costs of the trustee shall be paid from the Trust Account upon the approval of this Court.

10.   Each Defendant who is obligated to deduct a 3% or 5% assessment shall report to the Court or its designated trustee the information described in Paragraph 9. This report is intended to assist the Court and its designated trustee in monitoring compliance with this Order.

11.   Upon a proper showing, the Common Benefit Attorneys will be entitled to receive an award of counsel fees and reimbursement of out-of-pocket litigation expenses to be paid from the MDL 1507 Fee and Cost Trust Account in such amounts as are determined by the Court, after a hearing, based on the appropriate and controlling law. In making such an award, the Court will first determine the amount of costs for which reimbursement is appropriate. The amount remaining in the MDL 1507 Fee and Cost Trust Account after deducting the amount of costs awarded by the Court will be available for any award of counsel fees. In making an award of counsel fees to the Common Benefit Attorneys and in apportioning any fee award among those attorneys, appropriate consideration will be given to the experience, talent, and contribution made by each Common Benefit Attorney who seeks to recover counsel fees from the MDL 1507 Fee and Cost Trust Account, provided, however, that the Court will only consider compensation for those services which were authorized by Zoe Littlepage or designated PSC personal injury counsel.

12.   Any sum ordered to be paid by the Court pursuant to this Order as an award of counsel fees shall be deducted from the gross recovery. Any sum ordered to be paid by the Court pursuant to this Order as reimbursement for out-of-pocket costs shall be prorated among

the plaintiffs whose claim payments were deposited, in part, in the MDL 1507 Fee and Cost Trust Account.

13.     Nothing in this Order will limit the amount of attorneys' fees and costs, in the form of a percentage award or otherwise, which may be awarded by the Court in the event of recovery in any personal injury action certified as a class action under Fed. R. Civ. P. 23.

14.     The Court is not making the determination by this Order that the Common Benefit Attorneys shall receive any specific sum or percentage as payment of counsel fees and reimbursement of litigation expenses.  Such a determination is specifically reserved for an appropriate time following petitions related to such an award. Rather, this Order is intended to develop a mechanism for the creation of a fund from which the amount of fees and costs to which the Common Benefit Attorneys ultimately may be determined to be entitled may be awarded and paid with reliability.

15.     At such time as the MDL 1507 Fee and Cost Trust Account contains balances that are not necessary to be retained for the payment of fees and costs, the Court will, upon applicable provisions of law, following a hearing, make refunds on an equitable basis, or if such balances are of small amounts, enter such orders concerning the disposition of such funds as are appropriate under the law.

SO ORDERED this _30th_ day of _March_, 2005.

_____
UNITED STATES DISTRICT JUDGE
WM. R. WILSON, JR.

THIS DOCUMENT ENTERED ON
DOCKET SHEET IN COMPLIANCE
WITH RULE 58 AND/OR 79(a) FRCP
ON _3/30/05_ BY _____

8

Presented by:

Gary Eubanks & Associates
P.O. Box 3887
Little Rock, Arkansas 72203-3887
(501) 372-0266

By: _____
William Gary Holt          81090
Russell D. Marlin          2000
*Plaintiffs' Liaison Counsel*

Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

|                                   |     |                                    |
| --------------------------------- | --- | ---------------------------------- |
|                                   | :   | **MDL DOCKET NO. 4:03-CV-1507-WRW** |
| **IN RE:**                        | :   |                                    |
| **PREMPRO PRODUCTS LIABILITY**    | :   |                                    |
| **LITIGATION**                    | :   | **ALL CASES**                      |

<u>**AGREEMENT**</u>

This Agreement is made this _____ day of _____, _____, by and between

the Plaintiffs' Steering Committee ("PSC"), personal injury counsel appointed by the United

States District Court for the Eastern District of Arkansas in MDL Docket No. 1507, and the

following Associated State-Court Personal Injury Counsel, _____.

The undersigned Associated State-Court Personal Injury Counsel, on behalf of

themselves and the clients they represent, expressly consent to submit to the jurisdiction of the

United States District Court in MDL 1507 for purposes of enforcing this Agreement and for

resolving any disputes that may arise under this Agreement.

WHEREAS the United States District Court for the Eastern District of Arkansas has

appointed Counsel to served as members of the PSC to facilitate the conduct of pretrial

proceedings in the federal personal injury action relating to the ingestion of HORMONE

THERAPY; and

WHEREAS the PSC personal injury counsel in association with other attorneys working

for the common benefit of personal injury plaintiffs have developed or are in the process of

developing litigation resource and reference materials which will be valuable to the litigation of

state court proceeding involving HORMONE THERAPY induced injuries, including:

11

(a) collections compiled by the PSC of CD-ROMs and a virtual depository containing images of the key documents selected by the personal injury counsel from the document productions of the defendants and third-parties in MDL 1507;

(b) a bibliographic database providing a "coded" index of such key documents;

(c) collections compiled by the PSC of the depositions of each generally applicable fact witness taken in MDL 1507 and in any coordinated state-court actions in the form of transcripts, text searchable computer disks and CD-ROMs;

(d) creation of time-lines, casts of characters, and other summaries and analyses relating to the facts at issue in MDL 1507;

(e) collections compiled by the PSC of expert reports on generally applicable liability and generally applicable causation issues, as well as transcripts of such experts' testimony;

(f) collections compiled by the PSC of cross examination of defendants' experts on generally applicable liability and generally applicable causation issues; and

(g) preparation and collections compiled by the PSC of *Daubert* briefing and argument on generally applicable liability and generally applicable causation expert opinions.

which will collectively be referred to as the "PSC Personal Injury Common Benefit Resource Materials"; and

WHEREAS the undersigned Associated State-Court Personal Injury Counsel are desirous of acquiring the PSC Personal Injury Common Benefit Resource Materials and establishing an amicable working relationship with the PSC Personal Injury Counsel for the mutual benefit of their clients;

NOW, THEREFORE, in consideration of the covenants and promises contained herein, and intending to be legally bound hereby, the parties agree as follows:

1.      With respect to each personal injury client who they represent in connection with a hormone therapy related claim, other than clients with claims filed or pending in any federal court, each of the undersigned Associated State-Court Personal Injury Counsel shall deposit or

12

cause to be deposited in an MDL 1507 Fee and Cost Account established by the District Court in

the MDL three percent (3%) of the gross amount recovered by each such client. For purposes of

this Agreement, the gross amount of recovery shall include the present value of any fixed and

certain payments to be made in the future.

2.      The undersigned Associated State-Court Personal Injury Counsel, on behalf of

themselves, their affiliated counsel, and their clients, hereby grant and convey to the PSC

personal injury counsel a lien upon and/or a security interest in any recovery by any client who

they represent in connection with any hormone induced injury, to the full extent permitted by

law, in order to secure payment in accordance with the provisions of paragraph 1 of this

Agreement. The undersigned Associated State-Court Personal Injury Counsel will undertake all

actions and execute all documents which are reasonably necessary to effectuate and/or perfect

this lien and/or security interest.

3.      This Agreement shall apply to each and every claim or action arising from the

ingestion of hormone therapy in which the undersigned Associated State-Court Personal Injury

Counsel have a right to a fee recovery, whether it is filed in state court or is an unfiled case that

results in a recovery, and whether or not the undersigned Associated State-Court Personal Injury

Counsel's name is on the state court papers or settlement agreement.

4.      The undersigned Associated State-Court Personal Injury Counsel, shall notify

Plaintiff's Liaison Counsel in writing the fact (but not the amount) of any recovery obtained or to

be obtained based on a claim for which such counsel has a right to fee recovery (including an

unfiled case) within ten (10) days of the date a settlement is made or a judgment is reached.

13

By _____
      Zoe Littlepage, Esq.
      Littlepage Booth
      **Plaintiffs' Lead Counsel**

By _____

      **Associated State-Court Personal Injury Counsel**

14

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 13 2010

JAMES W. McCORMACK CLERK
By: *(signature)*
DEP CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

| | |
|---|---|
| In re: | §    **MDL Docket No. 4:03CV1507WRW** |
| | § |
| **PREMPRO PRODUCTS LIABILITY** | § |
| **LITIGATION** | §    **ALL CASES** |
| | § |

## ORDER TO IMPLEMENT PPO-6

AND NOW, THIS _13ᵗʰ_ DAY OF _April_, 2010, it is hereby ORDERED:

1.      The Court hereby appoints Bank of the Ozarks Trust & Wealth Management
Division, Rex Kyle, President as Trustee of the MDL 1507 Common Benefit Fee and Cost
Account. The Trustee shall receive payments required by PPO-6 into the Account by check
payable to the order of Trustee of the "MDL 1507 Common Benefit Fee and Cost Account" and
sent to Rex Kyle, President, Bank of the Ozarks Trust & Wealth Management Division, 17901
Chenal Parkway, Little Rock, AR 72223. The Common Benefit funds shall be maintained in
fixed income obligations that are directly insured by the federal government or through the
FDIC. Trustee shall deduct from the funds an administrative fee as previously agreed upon
between the MDL 1507 PSC and the Trustee in writing on June 25, 2009.

2.      The payments required by PPO-6 will be accompanied by a statement prepared by
the payer ("Payer Statement") setting forth: (1) the name and docket number of the individual
case and court in which it is pending, (2) the name of the payer(s), (3) the name and full contact
information for the payer's counsel of record, (4) the tax identification number of plaintiffs'
counsel of record and (5) the gross amount of the settlement entered into by the payer or the
judgment amount, together with any calculation pursuant to PPO-6, ¶¶ 2(a) & 3(c), and the
amount of the payment required by PPO-6. If the terms of settlement are confidential pursuant

-1-

*ORDERFINALCOUNS*

to written agreement, the Payer Statement shall be marked "CONFIDENTIAL BY AGREEMENT DATED [date]."

     3.     All records received and kept by Trustee will be maintained as confidential material, and the only persons with access to such records will be the Court. On a semi-annual basis, the Trustee will provide to the Court a report of the MDL 1507 Common Benefit Fee and Cost Account's total balance and interest accrued. The information in this report shall not include particularized information as to individual plaintiffs or individual dollar amounts. If the report is in order, the Court will release it to Plaintiffs' and Defendants' Lead Counsel; provided that the court will first give all defendants a ten day notice that a report is ready to be released, and, if any defendant files a written objection to release of the report, the Court will not release it until the Court has ruled on the objection. If the Plaintiffs' Lead Counsel has good reason to know the Account balance at any other time, she must file a motion seeking disclosure of that information.

SO ORDERED this 13ᵗʰ day of _April_, 2010.

_____
Honorable William R. Wilson
United States District Judge

Presented by:

_Zoe Littlepage_
_By Kash Cloar, Jr._
Zoe Littlepage, Esq.
Plaintiffs' Lead Counsel
2043A W. Main St.
Houston, TX 77098
(713) 529-1988

-2-

ORDERFINALCOUNS

Ralph M. Cloar, Jr., Esq.
Plaintiff's Liaison Counsel
1501 N. University Ave., Suite 640
Little Rock, AR 72207
(501) 378-0106

Lyn Peeples Pruitt, Esq.
Defendant's Liaison Counsel
Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.
425 West Capitol Avenue, Suite 1800
Little Rock, AR 72201-3525

*ORDERFINALCOUNS*