# EXHIBIT 6

PLEASE RETURN TO CASHIERS
NOTE: INTEREST BEARING ACCOUNT



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re:

REZULIN PRODUCTS LIABILITY
LITIGATION (MDL No. 1348)

MASTER FILE

00 Civ. 2843 (LAK)

This Document Relates to: All Cases
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PRETRIAL ORDER NO. 67
(Escrow Account to Fund Any Award for Common Benefit Work)

LEWIS A. KAPLAN, *District Judge.*

The Plaintiffs' Executive Committee ("PEC") has applied for a so-called Order Securing an Equitable Allocation of Counsel Fees and Costs for Common Benefit work. In substance, it seeks to have a portion of any settlements or awards realized in this MDL and in state cases in which plaintiffs elect to rely on work product generated by or under the direction of the PEC set aside to fund any award of attorneys' fees and costs that this Court might make for legal work and expenses for the common benefit.

This Court has not determined whether any such award would be appropriate and preserves complete freedom of action in that regard. Nevertheless, it has concluded that the creation of a fund against the possibility that such an award later may prove appropriate is prudent because it essentially would preserve a *res* against which any such application might be made. Accordingly, the PEC's application is granted to the extent, and only to the extent, that it is hereby:

ORDERED, as follows:

2

1. As used herein, the following terms are defined as hereinafter set forth:

(a) "Claim Payment" means any money or thing of value paid or to be paid by any defendant to or for the benefit of any plaintiff to settle any claim asserted or to satisfy, in whole or in part, any judgment rendered in any Federal Rezulin Case or Electing State Rezulin Case.

(b) "Common Benefit Work" means work performed and expenses incurred for the common benefit of plaintiffs in this MDL No. 1348.

(c) "Clerk" means the Clerk of this Court.

(c) "CRIS Account" means the Court Registry Investment System, interest bearing account.

(d) "Federal Rezulin Case" means any action transferred to this Court as part of MDL No. 1348 except actions remanded to state courts for lack of subject matter jurisdiction or as improperly removed.

(e) "Electing State Rezulin Case" means a State Rezulin Case in which the plaintiff(s) and their counsel have filed a Submission.

(f) "Escrow Amount" shall mean six percent (6%) of the Recovery in a Federal Rezulin Case and four percent (4%) of the Recovery in an Electing State Rezulin Case.

(g) "PEC" means the Plaintiffs' Executive Committee appointed pursuant to Pretrial Order No. 1.

(h) "Recovery" means the gross amount of all payments made or to be made to or for the benefit of a plaintiff pursuant to any settlement or in satisfaction or compromise of any judgment in a Federal Rezulin Case or an Electing State Rezulin Case. In determining the

3

gross amount of payments made or to be made to or for the benefit of any plaintiff, the paying defendant shall include the present value of any fixed and certain payments to be made in the future. The discount rate used in such determination shall be fixed by agreement of the payor and payee or, failing agreement, by this Court.

(i) "State Rezulin Case" means any state court action seeking damages or other relief on behalf of any person who ingested Rezulin, or any successor in interest thereto, on the ground that the person who ingested Rezulin was or hereafter may be injured as a result of such ingestion.

(j) "Submission" means a document, in a form to be approved by this Court, whereby the plaintiff(s) and his, her or their counsel in a State Rezulin Case (A) agrees to be bound by, and (B) submits to the jurisdiction of this Court for purposes of enforcement of, this Order and the entry and enforcement of any subsequent order relating to attorneys' fees and costs with respect to Common Benefit Work.

2. Before making any Claim Payment, each paying defendant shall deduct therefrom and pay to the Clerk for deposit to the CRIS Account the Escrow Amount. The funds thus deposited, and any interest earned thereon, shall be held pending further order of this Court and will be used only to pay any award of attorney's fees and costs that hereafter may be made in respect of Common Benefit Work, with any excess after payment of any such fees and costs being paid to the settling plaintiffs in proportion to their respective interests in the account. At the time of each payment, the paying defendant shall inform the PEC, the defendants' liaison counsel, and the Clerk, in writing, of the following:

(a) The name(s) and address(es) of the plaintiff or plaintiffs for whose

4

benefit the payment is made and of their attorneys;

    (b)    The title and docket number of the case(s) in respect of which the payment is made and the court in which the case is pending;

    (c)    The amount of the Recovery;

    (d)    The amount of the Escrow Amount;

    (e)    The amount of the deposit;

    (f)    The name(s) and address(es) of the persons or entities contributing the amount deposited and of their attorneys.

The PEC, defendants' liaison counsel, and the Clerk each shall keep detailed records of all such information.

    3.    Paragraph 2 shall apply to a Federal Rezulin Case regardless of whether it or any claim asserted in it is disposed of while it is on the docket of this Court or following transfer from this Court to another federal district court for trial. The obligation to make Escrow Amount payments shall follow each Federal Rezulin Case to its final disposition in any United States court, including a court having jurisdiction in bankruptcy.

    4.    As a condition of continued or subsequent appointment by this Court of any counsel to any committee, counsel shall be deemed to have agreed to the terms of this order with respect to all Federal Rezulin Cases and Electing State Rezulin Cases in which said counsel participates.

    5.    In the event the Court awards attorneys' fees and costs in this case payable in whole or in part from funds deposited pursuant to this Order and the proceeds thereof, the amount of any such award of attorneys' fees shall be deducted from the total amount of counsel fees payable

5

to individual plaintiffs' counsel so that the Common Benefit Attorneys' portion shall not diminish the net recovery that any plaintiff would have received had there been no such award. Any award in respect of disbursements shall be prorated among the plaintiffs whose Claim Payments were deposited, in part, in the CRIS Account in proportion to their Recoveries.

6. Nothing in this Order will limit the amount of attorneys' fees and costs that may be awarded by the Court in the event of recovery in any action certified as a class action under Rule 23 of the Federal Rules of Civil Procedure.

7. Should the balance in the CRIS Account in respect of Escrow Amounts and the proceeds thereof exceed what the Court deems likely to be necessary to fund any attorneys' fee and cost award, it reserves the right to distribute any excess to the plaintiffs in respect of whom Escrow Amounts have been received in proportion to their respective contributions.

8. The Clerk, as soon as the business of his office allows, shall prepare the necessary forms to effectuate the transfer of funds hereafter received pursuant to this Order from the registry of this Court to the registry of the United States District Court for the Southern District of Texas for the purpose of placing said funds in the CRIS Account.

9. The Clerk shall deduct from the income earned on the investment a fee not exceeding that authorized by the Judicial Conference of the United States and set by the Director of the Administrative Office of United States Courts whenever such income becomes available for deduction from the investment so held and without further order of this Court.

10. Plaintiffs' Liaison Counsel shall serve signed copies of this Order on the Clerk and on a financial deputy in the Cashier's Office.

11. On or before April 1, 2002, the PEC and defendants' liaison counsel shall

6

submit an agreed proposed form of Submission for approval by the Court.

12. The emergency motion of the PEC to preserve a *res*, etc., is denied as moot.

Dated: March 20, 2002

Copies mailed 03/20/02
Chambers of Judge Kaplan
PML

Lewis A. Kaplan
United States District Judge

It is ORDERED that counsel to whom this Order is sent is responsible for faxing a copy to all counsel and retaining verification of such in the case file. Do not fax such verification to Chambers