# EXHIBIT 8

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 3 0 2005

JAMES W. McCORMACK, CLERK
By: _____
DEP. CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MDL DOCKET NO. 4:03-CV-1507-WRW

IN RE:
PREMPRO PRODUCTS LIABILITY
LITIGATION

ALL CASES

### PRACTICE AND PROCEDURE ORDER NO. 7
(Operation and Effect of Master Answers)

The personal injury plaintiffs have filed a Master Complaint, and various defendants have filed Master Answers, pursuant to Order Re: Rulings from October 21, 2004 Hearing (Doc. No. 377). Defendants that file or have filed Master Answers are relieved of the obligation to answer any complaint not yet answered and any complaint in a case subsequently transferred to or consolidated with MDL 1507, and, for each complaint to which an answer is otherwise due, the defendant's Master Answer will be deemed the answer to those allegations that correspond to the allegations of the Master Complaint and will be deemed a denial of any allegations not contained in the Master Complaint.

IT IS SO ORDERED this 30th day of March, 2005.

_____
UNITED STATES DISTRICT JUDGE
WM. R. WILSON, JR.

THIS DOCUMENT ENTERED ON
DOCKET SHEET IN COMPLIANCE
WITH RULE 58 AND/OR 79(a) FRCP
ON 3/30/05 BY _____

1

571

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE: | : | MDL DOCKET NO. 4:03-CV-1507-WRW |
| PREMPRO PRODUCTS LIABILITY | : |  |
| LITIGATION | : | ALL CASES |

### PRACTICE AND PROCEDURE ORDER 8

This Order is necessary to establish a uniform procedure to address product identification and dismissal of Defendants who are not specifically identified in either the complaint or the plaintiff's fact sheet.

Numerous complaints in this litigation have broad boilerplate language which names every pharmaceutical company that ever manufactured an HRT drug. However, in many cases, the complaints fail to allege that the plaintiff took a drug manufactured by a specific defendant. Instead, the complaints simply state that the plaintiff took an HRT drug or that she took drugs "including but not limited to" certain drugs, and then lists drugs manufactured by only a few of the named defendants. Although these types of pleadings may meet the bare requirements of Rule 8 of the Federal Rules of Civil Procedure, at some point in the litigation the plaintiffs must do more.

In addition to failing to identify products in the complaints, Plaintiffs also often fail to make specific defendant product identifications in their fact sheets. This won't get it done. At what point is each plaintiff going to commence the discovery required to identify which defendants may be liable in her case? Since these are product liability claims with multiple

1

defendants, product identification is essential for the movement of the case. It is not enough for a plaintiff to make general allegations in a complaint and then rest on those allegations; the plaintiffs have an obligation to conduct discovery and pinpoint their allegations on specific defendants and specific products.[1] And, of course, FRCP 11(b)(3) requires that the allegations in pleadings "have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery."[2]

The parties have repeatedly filed joint motions to dismiss, notices of dismissal, or voluntary dismissals to clean up these complaints. Having granted nearly one thousand of these piecemeal dismissals, I have determined that this process quite inefficient. Accordingly, in an effort to move these cases, the following will be followed:

- PPO 8 applies to cases where the plaintiff does not make a specific allegation in the complaint that she consumed a defendant's drug -- those cases where the plaintiff lists an array of manufacturers but makes no specific allegations against any particular defendant[3] -- and/or[4] does not list the defendant or the defendant's drug on her fact sheet.

---

[1] Giving deadlines for plaintiffs to make appropriate product identification is nothing new. *See Rabb v. Amatex Corp.*, 769 F.2d 996, 997 (4th Cir. 1985) (Pretrial order "provided asbestos plaintiffs seven months from the filing of their complaints to produce a 'final master identification list' of products, defendants, exposure witnesses, and dates and locations of exposure, upon which plaintiffs would be bound at trial."); *Shine v. Owens-Illinois, Inc.*, 979 F.2d 93, 95 (7th Cir. 1992) (Pretrial order provided that plaintiffs disclose product identification information within one year of filing their respective complaint.).

[2] FED. R. CIV. P. 11(b)(3).

[3] This includes the complaints where a plaintiff claims that she took drugs "including but not limited to," and then lists drugs manufactured by only a few of the named defendants.

[4] I use "and/or" with misgiving, since it is not a neat conjunction.

2

- Defendants must identify and inform Plaintiffs of cases that are affected by PPO 8.

- In each identified case, the defendants should jointly submit a list of *all* defendants in the specific case who are seeking dismissal under PPO 8.

- If the parties cannot agree to a joint dismissal within forty-five (45) days of the submitted list, the defendants may jointly file a motion to dismiss without prejudice for 180 days. All defendants seeking to be dismissed under PPO 8 should join the motion -- there should only be one motion per plaintiff and all interested defendants should join in the motion; if at all possible, there should only be one motion per case.

- The plaintiff has 180 days from the date of the dismissal order to file a motion to amend her complaint to reassert claims against the defendant(s) dismissed under PPO 8. The motion *must* be accompanied by either (a) a signed consent to the amendment by the dismissed defendant(s), *or* (b) a demonstration of evidentiary support and legal basis to assert claims against the defendant(s).[5]

- All defenses to which the dismissed defendant was entitled as of the effective date of the original complaint are preserved.

- Defendants who seek dismissal under PPO 8 must agree that they will not assert any statute of limitations defenses based solely on the passage of time between the effective date of the original complaint against the dismissed defendant and the

---

[5]This requirement was a common stipulation in numerous joint motions to dismiss that were entered before PPO 8.

3

- reassertion of claims against the dismissed defendant in the amended complaint (Each Defendant has agreed to this paragraph).

- If a proper motion to amend is not made within 180 days or is denied by the court, the PPO 8 dismissal will become a dismissal with prejudice on the 181st day, under Rule 54(b), without a further order. The Court expressly determines that there will be no just reason for delay in the entry of final judgment of dismissal with prejudice.

IT IS SO ORDERED this 17th day of October, 2005.

/s/ Wm. R.Wilson,Jr.
UNITED STATES DISTRICT JUDGE