# EXHIBIT 9

A CERTIFIED TRUE COPY

FEB 1 2 2004

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

RECEIVED
MAIL ROOM

FEB 19 2004

U.S. DISTRICT COURT
E. DIST. OF ARKANSAS

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 12 2004

FILED
CLERK'S OFFICE

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 19 2004

JAMES W. McCORMACK, CLERK

DEP. CLERK

*DOCKET NO. 1507*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE PROMPRO PRODUCTS LIABILITY LITIGATION*

*Gayle Fitzpatrick v. Wyeth Pharmaceuticals, E.D. California, C.A. No. 2:03-1705*
*Elizabeth W. Hooker, etc. v. Wyeth, Inc., et al., N.D. Mississippi, C.A. No. 2:03-272*
*Maxine Linscomb, et al. v. Wyeth, Inc., et al., E.D. Texas, C.A. No. 1:03-486*
*Diana Watson, et al. v. Wyeth, Inc., et al., E.D. Texas, C.A. No. 1:03-487*
*Judy Thibodeaux, et al. v. Wyeth, Inc., et al., E.D. Texas, C.A. No. 1:03-530*
*Bobby Barnhart, et al. v. Wyeth, Inc., et al., E.D. Texas, C.A. No. 1:03-576*
*Doris Gordon, et al. v. Wyeth, Inc., et al., E.D. Texas, C.A. No. 1:03-643*
*Deane Barrios, et al. v. Wyeth, Inc., et al., E.D. Texas, C.A. No. 1:03-790*
*Ava Lee Anderson, et al. v. Wyeth, Inc., et al., E.D. Texas, C.A. No. 1:03-886*
*Patty Hopper, et al. v. Wyeth, Inc., et al., E.D. Texas, C.A. No. 4:03-332*
*Virginia Coppick v. Wyeth, Inc., et al., E.D. Texas, C.A. No. 4:03-345*
*Kathryn Christensen v. Wyeth, Inc., et al., E.D. Texas, C.A. No. 5:03-213*
*Francis Ray, et al. v. Wyeth, Inc., et al., E.D. Texas, C.A. No. 6:03-381*
*Cherlyn Whitaker, et al. v. Wyeth, Inc., et al., E.D. Texas, C.A. No. 6:03-404*
*Patsy Lee Jackson, et al. v. Wyeth, Inc., et al., E.D. Texas, C.A. No. 9:03-199*
*Shirley Burnitt, etc. v. Wyeth, Inc., et al., E.D. Texas, C.A. No. 9:03-207*
*Johnnie B. Wells, et al. v. Wyeth, Inc., et al., E.D. Texas, C.A. No. 9:03-208*
*Sandra S. Honeycutt v. Wyeth, Inc., et al., E.D. Texas, C.A. No. 9:03-233*
*Kaye Spalding v. Wyeth, Inc., et al., N.D. Texas, C.A. No. 1:03-159*
*Kaethe F.E. Francis v. Wyeth, Inc., et al., N.D. Texas, C.A. No. 1:03-160*
*Sylvia Holwick, et al. v. Wyeth, Inc., et al., N.D. Texas, C.A. No. 1:03-161*
*Kathy Ashlock, et al. v. Wyeth, Inc., et al., N.D. Texas, C.A. No. 2:03-239*
*Sharon Mack v. Wyeth, Inc., et al., N.D. Texas, C.A. No. 3:03-1947*
*Mary Culp v. Wyeth, Inc., et al., N.D. Texas, C.A. No. 5:03-201*
*Jane Alley Meldahl, et al. v. Wyeth, Inc., et al., S.D. Texas, C.A. No. 3:03-611*
*Mary Davis, et al. v. Wyeth, Inc., et al., S.D. Texas, C.A. No. 3:03-798*
*Bettye Mae Campbell v. Wyeth, Inc., et al., S.D. Texas, C.A. No. 4:03-3032*
*Sandra F. Woods, et al. v. Wyeth, Inc., et al., S.D. Texas, C.A. No. 4:03-3163*
*Carolyn Ann Dacus, et al. v. Wyeth, Inc., et al., S.D. Texas, C.A. No. 4:03-3166*
*Doris Vater v. Wyeth, Inc., et al., S.D. Texas, C.A. No. 4:03-3167*
*Angelina Gestiada, et al. v. Wyeth, Inc., et al., S.D. Texas, C.A. No. 4:03-3176*
*Betty J. Garner, et al. v. Wyeth, Inc., et al., S.D. Texas, C.A. No. 4:03-3177*
*Annette Rich v. Wyeth, Inc., et al., S.D. Texas, C.A. No. 4:03-3178*
*Carolyn Ann Grant, et al. v. Wyeth, Inc., et al., S.D. Texas, C.A. No. 4:03-3189*
*Autumn Lund v. Wyeth, Inc., et al., S.D. Texas, C.A. No. 4:03-3190*
*Cheryl Parker-Storoe v. Wyeth, Inc., et al., S.D. Texas, C.A. No. 4:03-3197*
*Betty Bradley, et al. v. Wyeth, Inc., et al., S.D. Texas, C.A. No. 4:03-3198*
*Gail Diane Hardwick, et al. v. Wyeth, Inc., et al., S.D. Texas, C.A. No. 4:03-3200*

129

- 2 -

A CERTIFIED TRUE COPY

FEB 1 2 2004

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

*Gloria T. McGlothen, et al. v. Wyeth, Inc., et al.*, S.D. Texas, C.A. No. 4:03-3201
*Bennie Porter v. Wyeth, Inc., et al.*, S.D. Texas, C.A. No. 4:03-3202
*Yvonne Graves v. Wyeth, Inc., et al.*, S.D. Texas, C.A. No. 4:03-3203
*Maxine Jeneil Tye v. Wyeth, Inc., et al.*, S.D. Texas, C.A. No. 4:03-3218
*Joanne Seipel, et al. v. Wyeth, Inc., et al.*, S.D. Texas, C.A. No. 4:03-3219
*Barbara L. Hubbard v. Wyeth, Inc., et al.*, S.D. Texas, C.A. No. 4:03-3237
*Julia Hart v. Wyeth, Inc., et al.*, S.D. Texas, C.A. No. 4:03-3238
*Shelly Jean Brooks v. Wyeth, Inc., et al.*, S.D. Texas, C.A. No. 4:03-3239
*Lillie Padilla, et al. v. Wyeth, Inc., et al.*, S.D. Texas, C.A. No. 4:03-3250
*Maria Isabel Guerra, et al. v. Wyeth, Inc., et al.*, S.D. Texas, C.A. No. 4:03-3251
*Nel Merritt, et al. v. Wyeth, Inc., et al.*, S.D. Texas, C.A. No. 4:03-3259
*Patricia Smith v. Wyeth, Inc., et al.*, S.D. Texas, C.A. No. 4:03-3261
*Beth Newton, et al. v. Wyeth, Inc., et al.*, S.D. Texas, C.A. No. 4:03-3264
*Betty Orender v. Wyeth, Inc., et al.*, S.D. Texas, C.A. No. 4:03-3301
*Wynonia Margarite Peek, et al. v. Wyeth, Inc., et al.*, S.D. Texas, C.A. No. 4:03-3302
*Linda Lewis Vogt v. Wyeth, Inc., et al.*, S.D. Texas, C.A. No. 4:03-3303
*Esther Reynolds v. Wyeth, Inc., et al.*, S.D. Texas, C.A. No. 4:03-3304
*Joanna Joyvies, et al. v. Wyeth, Inc., et al.*, S.D. Texas, C.A. No. 4:03-3305
*Doris J. Mochman, et al. v. Wyeth, Inc., et al.*, S.D. Texas, C.A. No. 4:03-3372
*Joann Townsend v. Wyeth, Inc., et al.*, S.D. Texas, C.A. No. 4:03-3373
*Callie Marie Nickerson v. Wyeth, Inc., et al.*, S.D. Texas, C.A. No. 4:03-3477
*Ester K. Helliksen, et al. v. Wyeth, Inc., et al.*, S.D. Texas, C.A. No. 4:03-3507
*Gladys O. Peschka v. Wyeth, Inc., et al.*, S.D. Texas, C.A. No. 4:03-3512
*Azra Irshad, et al. v. Wyeth, Inc., et al.*, S.D. Texas, C.A. No. 4:03-3693
*Dollie Spicer Beal, et al. v. Wyeth, Inc., et al.*, S.D. Texas, C.A. No. 4:03-3722
*Betty Jean Bingham, et al. v. Wyeth, Inc., et al.*, S.D. Texas, C.A. No. 4:03-3723
*Debbie Tobor, etc. v. Wyeth, Inc., et al.*, S.D. Texas, C.A. No. 4:03-3864
*Connie Vinton v. Wyeth, Inc., et al.*, S.D. Texas, C.A. No. 4:03-3865
*Louise Lorraine Enge v. Wyeth, Inc., et al.*, S.D. Texas, C.A. No. 4:03-3867
*Clare Williams v. Wyeth, Inc., et al.*, S.D. Texas, C.A. No. 4:03-3886
*Gwendolyn Brimble v. Wyeth, Inc., et al.*, S.D. Texas, C.A. No. 4:03-3887
*Joseph Newman, etc. v. Wyeth, Inc., et al.*, S.D. Texas, C.A. No. 4:03-3913
*Wanda Kirkwood v. Wyeth, Inc., et al.*, S.D. Texas, C.A. No. 6:03-97
*Shirley E. White v. Wyeth, Inc., et al.*, W.D. Texas, C.A. No. 6:03-263

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, BRUCE M. SELYA,* D. LOWELL JENSEN, J. FREDERICK MOTZ* AND ROBERT L. MILLER, JR., JUDGES OF THE PANEL

### TRANSFER ORDER

---

*Judge Selya took no part in the decision of this matter. Additionally, Judge Motz took no part in the disposition of this matter with respect to the Eastern District of Texas *Linscomb*, *Thibodeaux* and *Ray* actions and the Southern District of Texas *Dacus*, *Gestiada*, *Tye*, *Orender*, *Irshad* and *Williams* actions.

Before the Panel are two sets of motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by parties in one Eastern District of California action, one Northern District of Mississippi action, and 70 Eastern, Northern, Southern or Western District of Texas actions seeking to vacate the Panel's orders conditionally transferring their respective actions to the Eastern District of Arkansas for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge William R. Wilson, Jr. The first set of motions pertains to those brought by the plaintiffs in the 72 actions who oppose transfer of their actions. Common defendant Wyeth supports transfer of these 72 actions. The second set of motions pertains to a subset of nine actions in which certain other drug companies are named as defendants in addition to Wyeth. Specifically, defendants Pharmacia & Upjohn Co. (Pharmacia), Mylan Pharmaceuticals Inc. (Mylan), and Bristol-Myers Squibb Co. (Bristol) have each moved the Panel to vacate its conditional transfer orders with respect to the particular action or actions in which the moving party is named as an additional defendant. A fourth drug company defendant, Watson Laboratories, Inc. (Watson), joins in the Pharmacia motion with respect to the action in which Watson is named. If the Panel nevertheless determines to order transfer, then Pharmacia, Mylan and Watson ask the Panel, pursuant to 28 U.S.C. § 1407(a), to simultaneously sever and remand the claims asserted against them in the subject actions. Wyeth does not oppose the request for severance and remand, but if the Panel declines to grant those requests, then Wyeth continues to support transfer of the actions in their entirety. The plaintiffs in the eight Texas actions subject to the drug company motions (joined by the plaintiffs in the remaining 62 Texas actions) oppose the alternative requests for transfer of only the claims against Wyeth.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Arkansas, and that transfer of the actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel is persuaded that transfer is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. The Panel held that the Eastern District of Arkansas was a proper Section 1407 forum for actions brought by persons allegedly injured by Wyeth's Prempro, a hormone combination of estrogen and progestin used in the treatment of menopausal symptoms. *See In re Prempro Products Liability Litigation,* 254 F.Supp.2d 1366 (J.P.M.L. 2003).

Some of the plaintiffs opposing transfer premise their opposition to transfer on their contention that federal jurisdiction is lacking in their actions. They urge the Panel not to order transfer before their motions to remand to state court are resolved in the appropriate California, Mississippi or Texas federal court. We note that remand and other motions, if not resolved in a transferor court by the time of Section 1407 transfer, can be presented to and decided by the transferee judge. *See, e.g., In re Ivy,* 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation,* 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

Some of the plaintiffs opposing transfer also urge that they have been injured as a result of their use of hormone replacement therapy sold by Wyeth under the name of Premarin (a Wyeth product that is a predecessor product to Prempro, and which now constitutes one of the two components of Prempro). They contend that transfer of their actions should be denied because the

- 4 -

actions will not share sufficient questions with the previously centralized MDL-1507 actions to warrant transfer. Similarly, the drug company defendants that oppose transfer of the actions in which they are named argue that transfer should be denied because of the presence of additional claims involving their drug products. They urge that the presence of these additional claims means that their actions will no longer share sufficient questions with previously centralized MDL-1507 actions to warrant Section 1407 transfer. We point out that transfer under Section 1407 does not require a complete identity or even a majority of common factual issues as a prerequisite to transfer. Nor does the presence of an additional product or defendant defeat transfer when, as here, the subject actions still contain product liability claims and factual allegations focusing on the safety of Wyeth's hormone replacement therapy. We observe that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that i) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976), and ii) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

In light of the Panel's decision to order transfer of all actions, defendants Pharmacia, Mylan and Watson alternatively request that the Panel sever and simultaneously remand the claims asserted against them, thereby effectively denying transfer of those claims in the actions in which they are named. It may be, on further refinement of the issues and close scrutiny by the transferee judge, that these claims can be remanded in advance of other actions and claims in the transferee district. But we are unwilling, on the basis of the record before us, to make a determination at this time that the degree of interconnection between the claims against these defendants and the Prempro claims against Wyeth is so small as to warrant exclusion of these claims from Section 1407 proceedings from the outset. We point out that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Arkansas and, with the consent of that court, assigned to the Honorable William R. Wilson, Jr., for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman