EXHIBIT 5



28362522

Dec 4 2009
4:38PM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2047 |
| | SECTION: L |
| | JUDGE FALLON |
| | MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO CASE NOS.: 09-4115, 09-4117, 09-4119 | |

### KNAUF GIPS KG'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS CONCERNING JURISDICTIONAL ISSUES

Knauf Gips KG ("Knauf Gips"), by and through its attorneys, Baker McKenzie, LLP and Frilot L.L.C., object and respond pursuant to Federal Rule of Civil Procedure 26 and 34 to the Plaintiff's Steering Committee's ("PSC") First Request for Production of Documents Concerning Jurisdictional Issues:

### DEFINITIONS

As used herein, the following terms are defined as follows:

1.     "Defendant" means Knauf Gips KG, Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd. and Knauf Plasterboard (Dongguan) Co., Ltd.

**OBJECTION:** Knauf Gips objects to the definition of "Defendant," to the extent it is broader than or conflicts with its obligation to preserve or produce pursuant to Rules 26 and 34 or any order of the Court.  Knauf Gips further objects to the extent that the definition would require information other than from Knauf Gips, in particular Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co., Ltd. ("Knauf Wuhu") or Guandong Knauf New Building Material Products Co., Ltd. ("Knauf Dongguan"), which are separate Chinese companies and not a subsidiary or parent of Knauf Gips.  Knauf Gips further objects to the extent this definition would require information protected by the attorney-client privilege, attorney-

work product, joint defense or any other applicable privilege or limitations imposed on the production by state secret, governmental investigation or privacy laws.

2.      "You", "Your" or "Your Company" means Knauf Gips KG, Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd. and Knauf Plasterboard (Dongguan) Co., Ltd., as applicable, including relevant predecessors, successors, subsidiaries, departments, divisions and/or affiliates, and including, without limitation, any organization or entity which it manages or controls, together with all present and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on its behalf.

**OBJECTION:**  Knauf Gips objects to the definition of "You", "Your", or "Your Company" to the extent it is broader than or conflicts with its obligation to preserve or produce pursuant to Rules 26 and 34 or any order of the Court.  Knauf Gips further objects to the extent that the definition would require information or documents other than from Knauf Gips, in particular KPT, Knauf Wuhu or Knauf Dongguan, which are separate Chinese companies and not a subsidiary or parent of Knauf Gips.  Knauf Gips further objects to the extent this definition would require information protected by the attorney-client privilege, attorney-work product, joint defense or any other applicable privilege or limitations imposed on the production by state secret, governmental investigation or privacy laws.

3.      "Related Entity" means any subsidiary, affiliate or agent You identified in response to Interrogatory Nos. 1 and 2 of Plaintiffs' First Set of Interrogatories Concerning Jurisdictional Issues Addressed to Defendants, Knauf Gips KG, Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd. and Knauf Plasterboard (Dongguan) Co., Ltd..

**OBJECTION:**  Knauf Gips objects to the definition of "Related Entity" to the extent it is broader than or conflicts with its obligation to preserve or produce pursuant to Rules 26 and 34, or any order of the Court.  Knauf Gips further objects to this definition on the ground that it is overly broad in its inclusion of any of its "subsidiar[ies], affiliate[s] or agent[s]."  Knauf Gips objects to the extent this definition would require the production of documents protected by the attorney-client privilege, attorney-work product, any other applicable privilege or limitations

-2-

imposed on the production by state secret, governmental investigation or privacy laws.  Knauf

Gips also refers the PSC to its response to Interrogatories No. 1 and 2.

      4.     "Person" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, association, government entity, group or other form of legal entity.

      5.     "Communication" means, without limitation, oral or written communications of any kind, such as electronic communications, e-mails, facsimiles, telephone communications, correspondence, exchanges of written or recorded information, or face-to-face meetings.

**OBJECTION:** Knauf Gips objects to the definition of "Communication" to the extent it

is broader than or conflicts with its obligation to preserve or produce pursuant to Rules 26 and

34, or any order of the Court.  Knauf Gips further objects to the extent this definition would

require the production of documents protected by the attorney-client privilege, attorney-work

product, joint defense or any other applicable privilege or limitations imposed on the production

by state secret, governmental investigation or privacy laws.

      6.     "Meeting" means, without limitation, any assembly, convocation, encounter or contemporaneous presence of two or more persons for any purpose, whether or not planned or scheduled, including, but not limited to, teleconferences, written exchanges through internet/ web based chat, AOL Instant Messenger™ (or similar programs), or electronic "bulletin board" programs.

**OBJECTION:** Knauf Gips objects to the definition of "Meeting" to the extent it is

broader than or conflicts with its obligation to preserve or produce pursuant to Rules 26 and 34,

or any order of the Court.  Knauf Gips further objects to the extent this definition would require

the production of documents protected by the attorney-client privilege, attorney-work product,

joint defense or any other applicable privilege or limitations imposed on the production by state

secret, governmental investigation or privacy laws.

      7.     "Employee" means, without limitation, any current or former officer, director, executive, manager, secretary, staff member, messenger, agent or other person who is or was employed by a defendant.

**OBJECTION:** Knauf Gips objects to the definition of "Employee" to the extent it is broader than or conflicts with its obligation to preserve or produce pursuant to Rules 26 and 34, or any order of the Court.

8.      "Document" means, without limitation, the original and all non-identical copies of all items subject to discovery under Rule 34 of the Federal Rules of Civil Procedure. This definition includes, without limitation, letters, correspondence, memoranda, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external websites, videos, compact discs, computer files and disks, sales, advertising, and promotional literature, agreements, stored recordings, minutes or other records of Meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

**OBJECTION:** Knauf Gips objects to the definition of "Document" to the extent it is broader than or conflicts with its obligation to preserve or produce pursuant to Rules 26 and 34, or any order of the Court. Knauf Gips further objects to the extent this definition would require the production of documents protected by the attorney-client privilege, attorney-work product, joint defense or any other applicable privilege or limitations imposed on the production by state secret, governmental investigation or privacy laws. Knauf Gips further objects to the extent this definition is inconsistent with the definition of ESI, and Knauf Gips requests a specific meet and confer with respect to production of ESI in order to define and narrow the production of ESI, pursuant to Rule 26(f)(3)(c).

9.      "Electronically Stored Information," abbreviated herein as "ESI," has the same meaning and scope in these Requests as it has in the Federal Rules of Civil Procedure.

**OBJECTION:** Knauf Gips objects to the definition of "Electronically Stored Information" abbreviated as "ESI" to the extent it is broader than or conflicts with its obligation to preserve or produce pursuant to Rules 26 and 34, or any order of the Court. Knauf Gips

-4-

further objects to the extent this definition would require information protected by the attorney-
client privilege, attorney-work product, joint defense or any other applicable privilege or
limitations imposed on the production by state secret, governmental investigation or privacy
laws. Knauf Gips requests a specific meet and confer with respect to production of ESI in order
to define and narrow the production of ESI, pursuant to Rule 26(f)(3)(c).

10.   "Relating to", "referring to", "regarding" or "with respect to" means, without
limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to,
analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing,
recording, summarizing, criticizing, reporting, commenting or otherwise involving, in whole or
in part.

11.   "Or" should be construed so as to require the broadest possible response. If, for
example, a request calls for information about "A" or "B", you should produce all information
about A and all information about B, as well as all information about, collectively, A and B. In
other words, "or" should be read as "and/or".

12.   "Any" should be construed to mean "any and all."

13.   "Including" is used to emphasize certain types of documents requested and should
not be construed as limiting the request in any way.

14.   "Chinese drywall" refers to drywall, plasterboard or wallboard manufactured in
China.

OBJECTION: Knauf Gips objects to the definition of "Chinese drywall" on the ground

that it is overbroad. Knauf Gips further refers the PSC to its Defendant Profile Form, in which it

disclosed that it did not manufacture Chinese drywall.

## INSTRUCTIONS

1.   Unless otherwise noted, the relevant time period of these document requests is
January 1, 2001 through the date of these requests (the "relevant time period"). These document
requests seek all responsive documents and ESI created or generated during the relevant time
period, as well as all responsive documents and ESI created or generated outside this period, but
which contain information concerning this period.

OBJECTION: Knauf Gips objects this instruction to the extent that it defines "relevant

time period" on the grounds that it is overly broad and unduly burdensome and seeks information

that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Knauf Gips refers the PSC to its Defendant Profile Form, in which it disclosed that it did not manufacture Chinese drywall, and the profile forms of KPT and Knauf Wuhu which disclosed that shipments of drywall from China to the United States were imported in 2006 only. Knauf Gips intends to produce documents from 2005 to 2006.

Knauf Gips further objects to this instruction to the extent compliance with it would require retrieval of ESI that is not reasonable accessible or, its production would violate German law. To the extent that the burden and expense attendant to the retrieval of ESI substantially outweighs any benefit or probative value, Knauf Gips will request appropriate cost-shifting provisions or may otherwise object to the production. Knauf Gips requests a specific meet and confer with respect to production of ESI in order to define and narrow the production of ESI, pursuant to Rule 26(f)(3)(c).

2.    Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these document requests are continuing in nature so that if you subsequently discover or obtain possession, custody, or control of any document or ESI which plaintiffs have previously requested, you shall promptly make such document or ESI available.

**OBJECTION:** Knauf Gips objects to this instruction to the extent it is broader than or conflicts with its obligation to preserve, produce or respond pursuant to Rules 26 and 34, or any order of the Court. Knauf Gips will supplement its production pursuant to Rule 26(e) to the extent compliance with it would require retrieval of ESI that is not reasonable accessible or, its production would violate state secret, governmental investigation or privacy laws. To the extent that the burden and expense attendant to the retrieval of ESI substantially outweighs any benefit or probative value, Knauf Gips will request appropriate cost-shifting provisions or may otherwise object to the supplemental production. Knauf Gips requests a specific meet and confer

with respect to production of ESI in order to define and narrow the production of ESI, pursuant to Rule 26(f)(3)(c).

3.     In producing documents, ESI and other materials, you are to furnish all documents, ESI or things in your possession, custody or control, regardless of whether such documents, ESI or materials are possessed directly by you or your employees, managing agents, parent company(ies), subsidiaries, affiliates, investigators or by your attorneys or its employees or investigators.

**OBJECTION:** Knauf Gips objects to this instruction to the extent it is broader than or

conflicts with its obligation to preserve, produce or respond pursuant to Rules 26 and 34, or any

order of the Court.  Knauf Gips further objects to the extent this instruction would require the

production of documents protected by the attorney-client privilege, attorney-work product, any

other applicable privilege or limitations imposed on the production by state secret, governmental

investigation or privacy laws.  Knauf Gips objects to the extent this instruction would require

retrieval of ESI that is not reasonably accessible or to the extent the ESI is not in its possession

or control.   To the extent that the burden and expense attendant to the retrieval of ESI

substantially outweighs any benefit or probative value, Knauf Gips will request appropriate cost-

shifting provisions or may otherwise object to the supplemental production.  Knauf Gips requests

a specific meet and confer with respect to production of ESI in order to define and narrow the

production of ESI, pursuant to Rule 26(f)(3)(c).

4.     Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, all documents and ESI shall be produced in the same order as they are kept or maintained by you in the ordinary course of your business.  All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained by you.  If for any reason the container cannot be produced, you should produce copies of all labels or other identifying marks which may be present on the container.

**OBJECTION:** Knauf Gips objects to this Instruction to the extent it is broader than or

conflicts with its obligation to preserve, produce or respond pursuant to Rules 26 and 34, or any

order of the Court. Knauf Gips requests a specific meet and confer with respect to production of ESI in order to define and narrow the production of ESI, pursuant to Rule 26(f)(3)(c).

5.    Documents and ESI shall be produced in such fashion as to identify the department, branch or office in whose possession they were located and, where applicable, the natural person in whose possession they were found and the business address of each document's custodian(s).

**OBJECTION:** Knauf Gips objects to this Instruction to the extent it is broader than or

conflicts with its obligation to preserve, produce or respond pursuant to Rules 26 and 34, or any

order of the Court. Knauf Gips further objects to the extent this instruction would require the

production of documents protected by the attorney-client privilege, attorney-work product, joint

defense or any other applicable privilege or limitations imposed on the production by state

secret, governmental investigation or privacy laws. Knauf Gips requests a specific meet and

confer with respect to production of ESI in order to define and narrow the production of ESI,

pursuant to Rule 26(f)(3)(c).

6.    Documents or ESI attached to each other should not be separated. If any portion of any document is responsive to any paragraph or subparagraph of the document requests below, then the entire document must be produced, including but not limited to, hard-copy versions of documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

**OBJECTION:** Knauf Gips objects to this Instruction to the extent it is broader than or

conflicts with its obligation to preserve, produce or respond pursuant to Rules 26 and 34, or any

order of the Court. Knauf Gips requests a specific meet and confer with respect to production of

ESI in order to define and narrow the production of ESI, pursuant to Rule 26(f)(3)(c).

7.    If a document or ESI once existed and subsequently has been lost, destroyed or is otherwise missing, you should provide sufficient information to identify the document and state, in writing, the details including whether the document or ESI:

a.    is lost or missing;

    b.     has been destroyed and, if so, by whom and at whose request;

    c.     has been transferred or delivered, voluntarily or involuntarily, to another person or entity and at whose request; and/or

    d.     has been otherwise disposed of.

**OBJECTION:** Knauf Gips objects to this Instruction to the extent it is broader than or conflicts with its obligation to preserve, produce or respond pursuant to Rules 26 and 34, or any order of the Court. Knauf Gips further objects to the extent this instruction would require the production of documents protected by the attorney-client privilege, attorney-work product, joint defense or any other applicable privilege or limitations imposed on the production by state secret, governmental investigation or privacy laws. Knauf Gips requests a specific meet and confer with respect to production of ESI in order to define and narrow the production of ESI, pursuant to Rule 26(f)(3)(c).

8.     In each instance in which a document or ESI once existed and subsequently has been lost, missing, destroyed or has been otherwise disposed of, explain the circumstances surrounding the disposition of the document or ESI including, but not limited to:

    a.     the identity of the person who last possessed the document or ESI;

    b.     the date or approximate date of the document's or ESI's disposition; and

    c.     the identities of all people who have or had knowledge of the document's or ESI's contents.

**OBJECTION:** Knauf Gips objects to this Instruction to the extent it is broader than or conflicts with its obligation to preserve, produce or respond pursuant to Rules 26 and 34, or any order of the Court. Knauf Gips further objects to the extent this instruction would require the production of documents protected by the attorney-client privilege, attorney-work product, joint defense or any other applicable privilege or limitations imposed on the production by state secret, governmental investigation or privacy laws. Knauf Gips requests a specific meet and

confer with respect to production of ESI in order to define and narrow the production of ESI, pursuant to Rule 26(f)(3)(c).

9.     If any document or ESI responsive to any of the requests is privileged, and the document or ESI, or any portion of the document or ESI requested is withheld based on a claim of privilege pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, provide a statement of the claim of privilege and all facts relied upon in support of that claim, including the following information:

     a.     the reason for withholding it;

     b.     the date of such communication;

     c.     the medium of such communication;

     d.     the general subject matter of such communication (such description shall not be considered a waiver of your claimed privilege);

     e.     the identity of any document or ESI that was the subject of such communication and the present location of the document or ESI;

     f.     the identity of the persons involved in such communication;

     g.     the identity of any document or ESI which records, refers or relates to such communication and the present location of such document or ESI;

     h.     the identity of any document or ESI that was the subject of such communication and the present location of such document or ESI; and

     i.     the paragraph or paragraphs of these requests for production of documents or ESI to which such information is responsive.

**OBJECTION:** Knauf Gips objects to this instruction in its entirety.  Knauf Gips will comply with the Court's order with respect to privileged documents and prepare a privilege log. Knauf Gips requests a specific meet and confer with respect to production of ESI in order to define and narrow the production of ESI, pursuant to Rule 26(f)(3)(c).

10.     Each document or ESI requested herein should be produced in its entirety and without deletion, redaction or excisions, except as qualified by Instruction 9 above, regardless of whether you consider the entire document or ESI, or only part of it to be relevant or responsive to these document requests.  If you have redacted any portion of a document, stamp the word "REDACTED" beside the redacted information on each page of the document which you have

redacted.   Any redactions to documents produced should be identified in accordance with Instruction 9 above.

**OBJECTION:** Knauf Gips objects to this instruction in its entirety.   Knauf Gips will

comply with the Court's order with respect to privileged documents and prepare a privilege log.

Knauf Gips requests a specific meet and confer with respect to production of ESI in order to

define and narrow the production of ESI, pursuant to Rule 26(f)(3)(c).

11.     All documents produced in paper form should be Bates numbered sequentially, with a unique number on each page, and with a prefix identifying the party producing the document.

**OBJECTION:** Knauf Gips objects to this instruction to the extent it is broader than or

conflicts with Knauf Gips obligation to preserve, produce or respond, in particular with respect

to ESI, pursuant to Rules 26 and 34, or any order of the Court.   Knauf Gips intends to Bates

Number all documents produced.

12.     Unless otherwise agreed, all ESI shall be produced in native format.  To the extent that any such ESI is not reasonably usable in native format, then such ESI (including any metadata) shall also be produced in such other format as is reasonably usable.

**OBJECTION:** Knauf Gips objects to this instruction to the extent it is broader than or

conflicts with Knauf Gips obligation to preserve, produce or respond, in particular with respect

to ESI, pursuant to Rules 26 and 34, or any order of the Court. Because of German privacy laws,

Knauf Gips must review the documents in Germany to avoid a violation of privacy laws before

being transmitted outside of Germany for review, which may cause a delay in production.  Knauf

Gips intends to provide documents as they become available through this review process.  Knauf

Gips requests a specific meet and confer with respect to production of ESI in order to define and

narrow the production of ESI, pursuant to Federal Rule of Civil Procedure 26(f)(3)(c) before

Knauf Gips produces ESI to Plaintiffs. Knauf Gips further objects to producing ESI in "its native

usable format" and that such a request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Knauf Gips objects to this request to the extend compliance with it would require retrieval of ESI that is not reasonable accessible or, its production would violate German law. To the extent that the burden and expense attendant to the retrieval of ESI substantially outweighs any benefit or probative value, Knauf Gips will request appropriate cost-shifting provisions or may otherwise object to the production.

## DOCUMENT REQUESTS

**Request No. 1:**

Documents sufficient to show Your ownership interest in, or affiliation with any Related Entity.

**OBJECTION AND RESPONSE:** Knauf Gips objects to Request No. 1 on the grounds that it is overly broad, vague and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence, in particular with respect to its objection to the term "Related Entity." Subject to its general and specific objections, Knauf Gips will produce documents responsive to this Request.

**Request No. 2:**

Documents sufficient to identify the board of directors, each corporate officer and the organizational structure of any Related Entity.

**OBJECTION AND RESPONSE:** Knauf Gips objects to Request No. 2 on the grounds that it is overly broad, vague and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence, in particular with respect to its objection to the term "Related Entity." Subject to its general and specific objections, Knauf Gips will produce documents responsive to this Request.

**Request No. 3:**

Documents sufficient to show each distribution or transfer of cash or assets, including fees, commissions or other revenue between You and any Related Entity.

**OBJECTION AND RESPONSE:** Knauf Gips objects to Request No. 3 on the grounds that it is overly broad, vague and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence, in particular with respect to its objection to the term "Related Entity." Subject to its general and specific objections, Knauf Gips will produce documents responsive to this Request.

**Request No. 4:**

Documents sufficient to show the existence of any inter-company loans, advances of funds or cost sharing agreements between You and any Related Entity.

**OBJECTION AND RESPONSE:** Knauf Gips objects to Request No. 4 on the grounds that it is overly broad, vague and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence, in particular with respect to its objection to the term "Related Entity." Subject to its general and specific objections, Knauf Gips will produce documents responsive to this Request.

**Request No. 5:**

Documents sufficient to show the existence of any guarantees or similar assurances by You to financial institutions on behalf of any Related Entity.

**OBJECTION AND RESPONSE:** Knauf Gips objects to Request No. 5 on the grounds that it is overly broad, vague and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence, in particular with respect to its objection to the term "Related Entity." Subject to its general and specific objections, Knauf Gips will produce documents responsive to this Request.

**Request No. 6:**

All documents that relate to the preparation and approval by You of annual and longer-term business plans, marketing plans and budgets for any Related Entity.

**OBJECTION AND RESPONSE:** Knauf Gips objects to Request No. 6 on the grounds that it is overly broad, vague and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence, in particular with respect to its objection to the term "Related Entity." Subject to its general and specific objections, Knauf Gips will produce documents responsive to this Request.

**Request No. 7:**

Any combined financial statements for You and any Related Entity.

**OBJECTION AND RESPONSE:** Knauf Gips objects to Request No. 7 on the grounds that it is overly broad and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence, in particular with respect to its objection to the term Related Entity." Knauf Gips further objects to this request to the extent it is the confidential financial information of Knauf Gips on the grounds that asset discovery is only relevant, if at all, post-judgment. Knauf Gips further objects on the ground that this Court has already sustained similar objections to this request raised in connection with a protective order filed by La Suprema.

**Request No. 8:**

All documents submitted by or on behalf of You or any persons currently or formerly in Your employ to any department or agency of the United States government including, without limitation, any applications for visas, import, export or disposal authorizations or licenses, or currency, monetary or other financial transfers or transactions, or patents.

**OBJECTION AND RESPONSE:** Knauf Gips objects to Request No. 8 on the grounds that it seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Knauf Gips further objects to the extent it seeks

-14-

documents protected by the attorney-client privilege and work product doctrine, joint defense or any other applicable privilege or limitation imposed on production by state secret, confidentiality, government investigation or privacy laws. To the extent the PSC narrows this request to relevant documents, Knauf Gips will consider producing documents responsive to Request No. 8 that are not otherwise protected.

**Request No. 9:**

All documents issued during the relevant time period by any agency or department of the United States government to, at the request of, or on behalf of You or any persons currently or formerly in Your employ, including, but not limited to, visas, import, export or disposal authorizations or licenses, or currency, monetary or other financial transfers or transactions, or patents.

**OBJECTION AND RESPONSE:** Knauf Gips objects to Request No. 9 on the grounds that it seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Knauf Gips further objects to the extent it seeks documents protected by the attorney-client privilege and work product doctrine, joint defense or any other applicable privilege or limitation imposed on production by state secret, confidentiality, government investigation or privacy laws. To the extent the PSC narrows this request to relevant documents, Knauf Gips will consider producing documents responsive to Request No. 9 that are not otherwise protected.

**Request No. 10:**

Documents sufficient to show all travel to the United States by any of Your officers, directors, employees, representatives or agents for the purpose of conducting business or engaging in any business activity regarding the marketing, sale or promotion of Chinese Drywall, including, but not limited to, expense records, airplane tickets, hotel bills, car rental bills and other travel records, as well as documents sufficient to show the dates and purposes of all such trips.

**OBJECTION AND RESPONSE:** Knauf Gips objects to Request No. 10 on the grounds that it is overly broad and unduly burdensome in that it seeks "all travel to the United States by

any of Your officers, directors, employees, representatives or agents." Knauf Gips further objects to the extent this Request would require the production of documents protected by the attorney-client privilege, attorney-work product, joint defense or any other applicable privilege, or limitations imposed on production by state secret, confidentiality or privacy laws.

**Request No. 11:**

Documents sufficient to identify for each year during the relevant time period, all Your assets, including bank accounts, financial instruments or securities, located in the United States and the dollar value of each such asset.

**OBJECTION AND RESPONSE:** Knauf Gips objects to Request No. 11 on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Subject to its general and specific objections, Knauf Gips will produce documents responsive to Request No. 11.

**Request No. 12:**

Documents sufficient to show any insurance coverage or policy issued to or in favor of You by any United States insurance company, or covering any insurable event involving You within the United States.

**OBJECTION AND RESPONSE:** Knauf Gips objects to Request No. 12 on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Subject to its general and specific objections, Knauf Gips will produce documents responsive to Request No. 12.

**Request No. 13:**

All documents concerning any tax charged to You by any agency of the United States government, or by any state or local government within the United States.

**OBJECTION AND RESPONSE:** Knauf Gips objects to Request No. 13 on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Subject to its general and specific objections, Knauf Gips will produce documents responsive to Request No. 13.

**Request No. 14:**

Documents sufficient to show for each year during the relevant time period, Your annual sales of Chinese Drywall to purchasers located in the United States (including, but not limited to sales of Chinese Drywall to any Related Entity located in the United States) and the dollar value for all such sales.

**OBJECTION AND RESPONSE:** Knauf Gips objects to Request No. 14 on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence, in particular with respect to its objection to the term "Related Entity." Subject to its general and specific objections, Knauf Gips will produce documents responsive to Request No. 14.

**Request No. 15:**

Documents sufficient to show for each year during the relevant time period, the dollar amount of Chinese Drywall You sold in the United States.

**OBJECTION AND RESPONSE:** Knauf Gips objects to Request No. 15 on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Subject to its general and specific objections, Knauf Gips will produce documents responsive to Request No. 15.

**Request No. 16:**

Documents sufficient to show for each year during the relevant time period, Your annual sales of any products or services (excluding sales of Chinese Drywall) to purchasers located in

the United States (including, but not limited to sales of products or services to any Related Entity).

**OBJECTION AND RESPONSE:** Knauf Gips objects to Request No. 16 on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Subject to its general and specific objections, Knauf Gips will produce documents responsive to Request No. 16.

**Request No. 17:**

All documents relating to any written or unwritten agreements or understandings relating to the production, manufacture, marketing, pricing, sale or resale of Chinese Drywall between or among You and any named defendant.

**OBJECTION AND RESPONSE:**   Knauf Gips objects to Request No. 17 on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Knauf Gips further objects to the extent this Request would require the production of documents protected by the attorney-client privilege, attorney-work product, joint defense or any other applicable privilege or limitations imposed on production by state secret, confidentiality or privacy laws. Subject to its general and specific objections, Knauf Gips will produce documents responsive to Request No. 17.

**Request No. 18:**

All documents relating to meetings attended by You and any named defendant at which meeting there was any communication concerning the production, manufacture, marketing, pricing or sale of Chinese Drywall directed to the United States.

**OBJECTION AND RESPONSE:** Knauf Gips objects to Request No. 18 on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Knauf Gips

further objects to the extent this Request would require the production of documents protected by the attorney-client privilege, attorney-work product, joint defense or any other applicable privilege or limitations imposed on production by state secret, confidentiality or privacy laws. Subject to its general and specific objections, Knauf Gips will produce documents responsive to Request No. 18.

**Request No. 19:**

      All documents related to any communications among defendants concerning the production, manufacture, marketing, pricing or sale of Chinese Drywall directed to the United States.

      **OBJECTION AND RESPONSE:** Knauf Gips objects to Request No. 19 on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Knauf Gips further objects to the extent this Request would require the production of documents protected by the attorney-client privilege, attorney-work product, joint defense or any other applicable privilege or limitations imposed on production by state secret, confidentiality or privacy laws. Subject to its general and specific objections, Knauf Gips will produce documents responsive to Request No. 19.

**Request No. 20:**

      All communications between you and any other Person with respect to sales of Chinese Drywall in the United States.

      **OBJECTION AND RESPONSE:** Knauf Gips objects to Request No. 20 on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Knauf Gips further objects to the extent this Request would require the production of documents protected by the attorney-client privilege, attorney-work product, joint defense or any other

applicable privilege or limitation imposed on production by state secret, government investigation, confidentiality or privacy laws.  Subject to its general and specific objections, Knauf Gips will produce documents responsive to Request No. 20.

**Request No. 21:**

Documents sufficient to show all licensing agreements, the sharing of technology or the provision of technical assistance by You to any Related Entity.

**OBJECTION AND RESPONSE:**  Knauf Gips objects to Request No. 21 on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence, in particular with respect to its objection to the term "Related Entity."  Knauf Gips further objects to the extent this Request would require the production of documents protected by the attorney-client privilege, attorney-work product, joint defense or any other applicable privilege or limitations imposed on production by state secret, confidentiality or privacy laws.  Subject to its general and specific objections, Knauf Gips will produce documents responsive to Request No. 21.

**Request No. 22:**

All documents reflecting any requests by a Related Entity for Your authorization or approval for expenditures or relating to the manufacturing, pricing or distribution of Chinese Drywall.

**OBJECTION AND RESPONSE:**  Knauf Gips objects to Request No. 22 on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence, in particular with respect to its objection to the term "Related Entity."  Knauf Gips further objects to the extent this Request would require the production of documents protected by the attorney-client privilege, attorney-work product, joint defense or any other applicable privilege or

limitations imposed on production by state secret, confidentiality or privacy laws. Subject to its

general and specific objections, Knauf Gips will produce documents responsive to Request No.

22.

**Request No. 23:**

All documents reflecting Your authorizations, approvals or denials of authorizations or approvals in response to any request for expenditures or relating to the manufacturing, pricing or distribution of Chinese drywall from any Related Entity.

**OBJECTION AND RESPONSE:**   Knauf Gips objects to Request No. 23 on the

grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to

the claim or defense of any party or likely to lead to the discovery of admissible evidence, in

particular with respect to its objection to the term "Related Entity."   Knauf Gips further objects

to the extent this Request would require the production of documents protected by the attorney-

client privilege, attorney-work product, joint defense or any other applicable privilege or

limitations imposed on production by state secret, confidentiality or privacy laws.  Subject to its

general and specific objections, Knauf Gips will produce documents responsive to Request No.

23.

**Request No. 24:**

All marketing or public relations documents relating to Chinese Drywall including, but not limited to, brochures, advertisements, news releases, customer service reports, technical articles and price lists produced by You for use by any Related Entity in the United States.

**OBJECTION AND RESPONSE:**   Knauf Gips objects to Request No. 24 on the

grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to

the claim or defense of any party or likely to lead to the discovery of admissible evidence, in

particular with respect to its objection to the term "Related Entity."   Knauf Gips further objects

to the extent this Request would require the production of documents protected by the attorney-

client privilege, attorney-work product, joint defense or any other applicable privilege or

limitations imposed on production by state secret, governmental investigation, confidentiality or privacy laws. Subject to its general and specific objections, Knauf Gips will produce documents responsive to Request No. 24.

**Request No. 25:**

All documents and reports regarding actual or prospective purchasers of Chinese drywall, including reports regarding actual or projected sales of Chinese drywall by any Related Entity.

**OBJECTION AND RESPONSE:**   Knauf Gips objects to Request No. 25 on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence, in particular with respect to its objection to the term "Related Entity." Knauf Gips further objects to the extent this Request would require the production of documents protected by the attorney-client privilege, attorney-work product, joint defense or any other applicable privilege or limitations imposed on production by state secret, governmental investigation or confidentiality or privacy laws. Subject to its general and specific objections, Knauf Gips will produce documents responsive to Request No. 25.

**Request No. 26:**

All documents concerning any United States patent, trademark or copyright application made by You.

**OBJECTION AND RESPONSE:**   Knauf Gips objects to Request No. 26 on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence.

**Request No. 27:**

All documents related to any United States legal proceedings involving You, including, but not limited to, any:

(a)    Claim, complaint, counterclaim or third party claim You filed in any court, administrative agency or any other governmental entity within the United States or any State or other jurisdiction of the United States;

(b)    Discovery responses and answers You filed in any litigation in which personal jurisdiction over You in the United States was or is an issue and any judicial orders, memoranda or opinions issued thereon; and

(c)    Copies of any judgment, levy or assessment entered in the United States against or in favor of You.

**OBJECTION AND RESPONSE:**    Knauf Gips objects to Request No. 27 on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Knauf Gips further objects to the extent this Request would require the production of documents protected by the attorney-client privilege, attorney-work product, joint defense or any other applicable privilege or limitation imposed on production by state secret, governmental investigation or confidentiality or privacy laws. Knauf Gips further objects because the PSC has equal access to and/or already has in its possession documents relating to matters arising out of Chinese drywall claims. Subject to its general and specific objections, Knauf Gips will produce documents responsive to Request No. 27.

**Request No. 28:**

All Court Orders issued in any United States action wherein the Court decided a motion You made to dismiss for lack of personal jurisdiction and all briefs submitted by the parties in support of, or opposition to, such a motion.

**OBJECTION AND RESPONSE:**    Knauf Gips objects to Request No. 28 on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Knauf Gips further objects to the extent it would require production of documents in this case or related cases, which the PSC has equal access to or already has in its possession or control

-23-

Subject to its general and specific objections, Knauf Gips will produce documents responsive to Request No. 28.

**Request No. 29:**

Documents sufficient to identify any and all agents You authorized to receive service of process or notice of proceedings within the United States or any State or other jurisdiction of the United States, for any or all litigation or proceedings, including, but not limited to 35 U.S.C. § 293.

**OBJECTION AND RESPONSE:** Knauf Gips objects to Request No. 29 on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to the claim or defense of any party or likely to lead to the discovery of admissible evidence. Knauf Gips further objects to the extent this Request would require the production of documents protected by the attorney-client privilege, attorney-work product, joint defense or any other applicable privilege or limitations imposed on production by state secret, governmental investigation, confidentiality or privacy laws.

Dated: December 4, 2009        Respectfully submitted,

/s/ Douglas B. Sanders

Douglas B. Sanders
Richard Franklin
**BAKER & MCKENZIE LLP**
130 E. Randolph Dr.
Chicago, IL 60601
Telephone: (312) 861-8075
Facsimile: (312) 698-2375
Email: douglas.b.sanders@bakernet.com

Donald J. Hayden
**BAKER & MCKENZIE LLP**
1111 Brickell Avenue
Suite 1700
Miami, Florida 33131
Telephone: (305) 789-8966
Facsimile: (305) 789-8953
E-mail: Donald.hayden@bakernet.com

Kerry Miller (LA Bar No. 24562)
Kyle A. Spaulding (LA Bar No. 29000)
**FRILOT L.L.C.**
1100 Poydras Street
Suite 3700
New Orleans, Louisiana 70163
Telephone:    (504) 599-8194
Facsimile:    (504) 599-8145
Email: kmiller@frilot.com

*Attorneys for Defendant Knauf Gips*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **Knauf Gips KG's Objections and Responses To Plaintiffs' Steering Committee's First Request For Production to Concerning Jurisdictional Issues** has been served upon all parties by electronically uploading the pleading to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and by facsimile and U.S. mail transmission to Plaintiffs' Liaison Counsel and Homebuilders' Liaison Counsel in accordance with the procedures established in MDL 2047, on this <u>4th</u> day of December, 2009.

<u>/s/ Douglas B. Sanders</u>