# EXHIBIT 11

- July 9, 2009, 5:33 AM ET

I. Murky State Secrets Laws At Issue In Rio Tinto Case

Search China Real Time Report

Search China Real Time Report | SEARCH

- Article

The arrest of four Rio Tinto employees in China on suspicion of espionage raises familiarly troubling concerns about China's legal system and its murky state secrets laws.

The four Shanghai-based employees arrested include Stern Hu, the general manager of Rio Tinto's Shanghai office, who is an Australian citizen, as well as three PRC nationals. Shanghai's state security bureau said they were arrested for allegedly stealing "state secrets," according to this brief Xinhua report.

On Thursday, Foreign Ministry spokesman Qin Gang said the case would be handled "according to the law," Xinhua reports. Qin added that the charges were supported by evidence that he didn't specify, according to AFP. "Competent authorities have sufficient evidence to prove that they have stolen state secrets and have caused huge loss to China's economic interest and security," he said.

But given the broad sweep of China's state secrets laws, it may be difficult to ever know what are the relevant law and evidence.

In a 2007 report on China's state secrets system, the New York-based Human Rights In China described the laws as "both a shield - classifying a broad range of information and keeping it from the public view, and a sword - using it as a means to crack down on individuals who are critical of the government."

Just about any information can be classified as a state secret in China, and even information that is publicly circulated can be withdrawn or later determined to be a "state secret" based on the consequences of disclosure (of relevance to the Rio Tinto case, harming the economic interests of the state and weakening the economic strength of the state are specifically mentioned as possible rationales for retroactive classification of state secrets). Sending information overseas can also carry heavier consequences. One notable instance of this involved the Uighur activist Rebiya Kadeer, who was sentenced to eight years in prison in 2000 for sending Chinese newspaper clippings to her husband in the U.S.

State secrets cases are also subject to less transparency and fewer procedural protections for defendants. Evidence in state secret cases is considered confidential and trials are conducted behind closed doors. In some cases, the defendant's access to counsel may be limited.

A recent editorial in the official English language newspaper China Daily took an unusually critical view of the existing legal regime. "[C]itizens, once prosecuted on the ground of violating State secrets, can expect no legal relief," it said. "That not only severely compromises the citizens' right to know but constitutes a destructive threat to civil rights in the broader sense."

China's main state secrets law is due for an overhaul, though experts have said that the revised law is unlikely to limit the scope of state secrets (on the contrary, it may be expanded). And for the four arrested Rio Tinto employees, any changes may well come too late.

–Sky Canaves