**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DAVID GROSS, et al.** | **PLAINTIFFS** |
| **v.** | **CASE NO. 09-6690** |
| **KNAUF GIPS KG, et al.** | **DEFENDANTS** |

**DEFENDANT, EAGLE BUILDERS INC. MEMORANDUM BRIEF IN SUPPORT OF
ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

COMES NOW, Defendant, Eagle Builders Inc., ("Eagle Builders") by and through undersigned counsel and submits its Memorandum Brief in Support of its Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, and in support thereof would show unto the Court as follows:

## I. FACTS

There are virtually no jurisdictional allegations relating to Eagle Builders in Plaintiff's Substituted and Amended Omnibus Class Action Complaint in Intervention ("Plaintiffs' Complaint"). Plaintiffs' Complaint concedes in paragraph 1179 that Defendant, Eagle Builders is a Mississippi Corporation with a business address of 7009 Chinquapin Court, Picayune, Mississippi.

Plaintiffs' are correct in their assertion that Eagle Builders is a Mississippi Corporation with its principal place of business of 7009 Chinquapin Court, Picayune, Mississippi. *See affidavit of Glen Rayburn attached hereto as Exhibit "A"*. Glen Rayburn is the president of Eagle Builders and he resides in Picayune, Mississippi. *Id*. Eagle Builders entered into a contract with Plaintiffs, Larry R. and Michelle H. Chauppetta to construct a home in Pearl River County, Mississippi. *Id*. The Chauppetta's solicited Eagle Builders as their contractor by coming to the office of Eagle Builders in Picayune, Mississippi. *Id*. Eagle builders never went to the State of Louisiana for any part of the

performance of the contract with the Chauppetta's.  *Id.*  Eagle Builders hand delivered all invoices

for services rendered on said construction project to the Chauppetta's in the State of Mississippi and

mailed no documents to the State of Louisiana.  *Id.*   Neither Eagle Builders nor its president, Glen

Rayburn, have ever had an office in the State of Louisiana or conducted any business whatsoever in

Louisiana.  *See affidavit of Glen Rayburn attached as Exhibit "A".*

## II.  ARGUMENT AND AUTHORITIES

### A. This Court Lacks Personal Jurisdiction over Eagle Builders

When a nonresident Defendant files a motion to dismiss for lack of personal jurisdiction, the

Plaintiff has the burden to prove the existence of personal jurisdiction over the Defendant.  *Stuart*

*v. Spademan,* 772 F.2d 1185, 11992 (5th Cir. 1985).  Accordingly, Plaintiff must prove that Eagle

Builders purposefully availed itself of the benefits and protection of the forum state by establishing

certain "minimum contacts" with Louisiana and that the assertion of jurisdiction over Eagle Builders

in Louisiana would not "offend traditional notions of fair play and substantial justice."  *Latshaw v.*

*Johnston*, 167 F.3d 208, 211 (5th Cir. 1999)(citing *International Shoe Co. v. Washington*, 326 U.S.

310, 316 (1945).  No personal jurisdiction can exist unless Eagle Builders purposely availed itself

of the privilege of conducting activities within the forum state and thus invoked the benefits of the

protection of its laws.  *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

When considering whether a Defendant has purposefully availed itself of a forum by

establishing minimum contacts with that forum, the court considers whether the Defendant's contacts

give rise to either general or specific jurisdiction.  *Dominion Gas Ventures, Inc. v. N.L.S., Inc*., 889

F.Supp 265, 267 (N.D. Tex. 1995); *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

### 1. Specific Jurisdiction

In order to establish specific jurisdiction its must be shown that Defendant "purposefully directed" its activities at the forum state, and the litigation must result from alleged injuries that "arise out of or relate to" the Defendant's activities directed at the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985); *Aviles v. Kunkle*, 978 F.2d 201, 204 (5th Cir. 1992). In other words, in order for specific jurisdiction to exist plaintiff's cause of action must arise from or relate to the nonresident Defendant's minimum contacts with the forum state. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). Unilateral activity of those who claim some relationship with a nonresident Defendant does not satisfy the requirement that the Defendant have contact with the forum. *Stuart v. Spademan*, 722 F.2d 1185, 1190 (5th Cir. 1985).

In *DNH, L.L.C. v. In-N-Out Burgers*, 381 F. Supp.2d 559 (E.D.La, 2005), a nonresident Defendant sought dismissal for lack of personal jurisdiction. In *DNH* the nonresident Defendant challenged the Court's exercise of personal jurisdiction based on a lack of minimum contacts with the state of Louisiana. Plaintiff argued that the Defendant had minimum contacts with Louisiana based upon the mailing of several cease and desist letters to Plaintiff in Louisiana and due to the negotiation of a previous settlement between the parties in Louisiana. The Court ruled that the Defendant lacked minimum contacts with Louisiana and granted the Motion to Dismiss. *DNH*, at 567. The *DNH* Court stated "The Fifth Circuit has observed, however, that "merely contracting with a resident of the forum is insufficient to subject the nonresident to the forum's jurisdiction."" *Id*. At 564; quoting *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986). The *DNH* Court found that the settlement agreement by the parties was negotiated exclusively by telephone and facsimile correspondence with no travel by defendant to the state of Louisiana. *Id*. The *DNH* Court held that these contacts were legally insufficient to establish specific jurisdiction over the

3

nonresident defendant. *Id.*  The *DNH* Court cited the Fifth Circuits decision in *Holt Oil & Gas Corp.,* for the proposition that it is insufficient to establish personal jurisdiction over a nonresident defendant when the only contacts that the defendant has with the forum state occur merely because the Plaintiff is a resident of the forum state, without more facts to indicate that defendant purposely availed itself to the benefits and protections of the forum state. *Id.  citing Holt Oil & Gas Corp*., 801 F.2d at 778.

In this case, Plaintiffs' have not alleged a single fact to support the exercise of specific jurisdiction over Eagle Builders.  Moreover, the attached affidavit affirmatively establishes that Eagle Builders did not in any way purposefully avail itself of the privilege of conducting activities in the State of Louisiana.  In fact, neither Eagle Builders nor its President, Glen Rayburn has ever conducted any type of business in the State of Louisiana.  Plaintiffs' Complaint fails on its face to show the existence of specific jurisdiction over Eagle Builders, and Eagle Builders has submitted evidence demonstrating its total lack of contact with the state of Louisiana.  See Affidavit of Glen Rayburn attached as Exhibit "A."  As such, Plaintiffs' Complaint against Eagle Builders should be dismissed.  Further, the mere fact that Eagle Builders contracted with a Louisiana resident to construct a home in Picayune, Mississippi is insufficient to establish personal jurisdiction pursuant to Fifth Circuit precedent. *See Holt Oil & Gas Corp*., at 778.

## 2.  General Jurisdiction

Alternatively, a Plaintiff can seek to establish general jurisdiction where their claim arises from non-forum activities, only upon a showing of significantly more contacts with the forum state than the minimum contacts required for specific jurisdiction. *Perkins v. Benguet Consol. Minning Co.,* 342 U.S. 437, 447-48 (1952).  A finding of general jurisdiction requires "continuous and

systematic" contacts with the forum state.  *Helicopteros Nacionales, 466 U.S. at 415.*   In order to support a finding of general jurisdiction, the Defendant's contacts with the forum state must have been substantial.  *Preussag Aktiengesellschaft v. Coleman*, 16 S.W.3d 110, 114 (Tex. App. –Houston 2000).

Eagle Builders simply has not had continuous and systematic contacts with the state of Louisiana to warrant general jurisdiction over it.  In fact, as stated herein, Eagle Builders has no contacts at all with the state of Louisiana.  Accordingly, general jurisdiction is lacking in this case.

The Fifth Circuit has held that qualifying to do business in a state and appointing an agent for service of process in that state alone is not enough to sustain an assertion of general jurisdiction over a nonresident defendant.  *Wench Siemer v. The Learjet Acquisition Corp.*, 966 F.2d 179, 181-83 (5th Cir. 1992).  In the case at hand, Eagle Builders is not qualified to do business in the state of Louisiana and has never conducted any business in the state of Louisiana.  Further, Eagle Builders does not market its business in Louisiana and has never solicited any business directly from any resident of the state of Louisiana.  Therefore, there can be no exercise of general jurisdiction over Eagle Builders in this matter.  It is impossible to meet the continuous and systematic contacts requirement of general jurisdiction when there are no contacts at all.

### III.  CONCLUSION

Plaintiffs' have not alleged one single fact to support the exercise of personal jurisdiction over Eagle Builders.  The Complaint does not allege that the claims against Eagle Builders arose out of any conduct by Eagle Builders in or directed at the state of Louisiana.  Because Plaintiffs' have utterly failed to allege any conduct on the part of Eagle Builders which would subject it to personal jurisdiction in Louisiana, Eagle Builders respectfully requests that it be dismissed from this action.

This the 10th day of August 2010.

RESPECTFULLY SUBMITTED,


***/s/ F. Douglas Montague, III***
F. Douglas Montague, III (MSB # 3408)


MONTAGUE, PITTMAN & VARNADO
525 Main Street
Post Office Drawer 1975
Hattiesburg, MS 39403
Telephone No.:  (601) 544-1234
Facsimile No.:   (601) 544-1280
dmontague@mpvlaw.com

**CERTIFICATE OF SERVICE**

I, F. Douglas Montague, III, hereby certify that I have this day filed the foregoing *Defendant,*
*Eagle Builders Memorandum Brief in Support of Its Motion to Dismiss for Lack of Personal*
*Jurisdiction* with the Clerk of this Court using the Court's ECF system which sent electronic
notification to:

Russ M. Herman, Esq.
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue, Suite 100
New Orleans, LA 70113
drywall@hhkc.com

Kerry J. Miller, Esq.
Frilot L.L.C.
Suite 3700
1100 Poydras Street
New Orleans, LA 70130
kmiller@frilot.com

Phillip A. Wittmann, Esq.
Stone Pitman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, LA 70130
pwittmann@stonepigman.com

Judy Y. Barrasso, Esq.
Barrasso Usdin Kupperman Freeman & Sarver, LLC
909 Poydras Street, 24th Floor
New Orleans, LA 70112
jbarrasso@barrassousdin.com

Stephen W. Mullins, Esq.
Luckey & Mullins, PLLC
Post Office Box 990
Ocean Springs, MS 39566
smullins@luckeyandmullins.com

This the 10th day of August, 2010

*/s/ F. Douglas Montague, III*
F. Douglas Montague, III

7