UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 2047 SECTION L |
| THIS DOCUMENT RELATES TO ALL CASES | ) ) | JUDGE FALLON MAG. JUDGE WILKINSON |

**INSURER STEERING COMMITTEE'S PARTIAL OPPOSITION TO THE PLAINTIFFS' STEERING COMMITTEE'S MOTION TO ESTABLISH A PLAINTIFFS' LITIGATION EXPENSE FUND**

The Insurer Steering Committee opposes the Plaintiffs' Steering Committee's Motion To Establish A Plaintiffs' Litigation Expense Fund To Compensate And Reimburse Attorneys For Services Performed And Expenses Incurred For MDL Administration And Common Benefit (Dkt. No. 4603) to the extent that the motion seeks (i) to assess settlements on cases outside the MDL (ii) to impose on any insurers the responsibility for paying any common benefit assessment into the litigation expense fund and (iii) the production of any settlement agreements to Plaintiffs' Liaison Counsel. As written, the Motion is overbroad as it seeks to assess settlements on separate state and federal suits outside the MDL. Further, it is unfair, unnecessary and unworkable to turn the insurers into collection agents for the plaintiffs' counsels' fund, and no reason exists for casting aside the bargained-for confidentiality protections contained in settlement agreements.

1

**I.  To The Extent, The PSC's Motion Seeks An Assessment On Settlement Of Cases Not In The MDL, The Request Is Overbroad.**

The PSC's Motion apparently seeks to impose an assessment on settlements, involving "every defendant named in an Omni Complaint in MDL No. 247". Proposed Order, p. 2. That request is overbroad as it would encompass many federal and state court cases that are separate from the MDL, including declaratory judgment actions between insurers and their policyholders which the Judicial Panel has refused to transfer to the MDL. Such separate suits and any settlements reached therein should not be subject to assessments for work in the MDL, absent some agreement between the settling parties in those proceedings and the PSC. In the meantime, imposing obligations on insurers, especially those involved in separate federal and state court suits outside the MDL, is unreasonable.

**II.  The Insurers Should Not Be Required To Act As Collection Agents For Plaintiffs' Counsels' Litigation Expense Fund.**

In its motion to create a litigation expense fund, the Plaintiffs' Steering Committee (PSC) requests that this Court order that "every defendant named in an Omni Complaint in MDL No. 2047" -- which includes 93 insurance companies named in *Amato v. Liberty Mut. Ins. Co.*, No. 10-932 -- withhold the common benefit assessment from settlement payments to plaintiffs and pay the assessment into the litigation expense fund. *See* PSC's Memo at 11; PSC's Proposed Pretrial Order No. __ ¶ 2.A (Dkt. No. 4603-2) (attached as Ex. 1). The sole rationale advanced by the PSC for creating this obligation is that "responsibility for paying the assessment into the fund . . is that of the . . . defendants . . . since these *defendants alone will have the* intimate *knowledge* of sometimes confidential settlements and initial access to the funds themselves." PSC's Memo at 11 (emphasis added). Obviously, this is incorrect: the plaintiffs who are settling also know about the settlements. Unless the PSC means to suggest that the plaintiffs and their

counsel cannot be relied upon to comply with a court order to pay the settlement assessments to the fund, the PSC has offered no rationale for placing the burden on the defendants.

More to the point regarding the *insurer* defendants, they may not in fact have knowledge about settlements in this particular MDL context, where it is apparent that manufacturers, suppliers, and homebuilders may be undertaking broad-based settlement and remediation programs that do not, at least initially, involve insurance. Insurers generally are not parties to settlement agreements, and may not even be aware of them.

Even when an insurer is privy to a settlement, there is no reason to impose upon the insurer the burden and the risk of determining the correct amount of the assessment. The PSC proposes an assessment calculated as a percentage of the "gross monetary recovery," which in turn excludes "court costs . . . to be paid by the defendant" and includes "the present value of any fixed and certain payments to be made in the future." Present value calculations are often the subject of hotly contested battles between experts in litigation. If a settlement includes future payments, the insurer should have no responsibility to retain an expert to advise it about what the correct present value is? What if the PSC thinks the present value should have been higher, or that deductions for defendant's court costs were too high? The insurer has no stake in the calculating or defending the prospective assessment.

Those situations where an insurer is privy to a settlement will often occur when a settlement is being funded by multiple primary, umbrella, and excess carriers. To which of them does the "responsibility" for paying the assessment on the "gross monetary recovery" fall? What if they differ as to the correct calculation of the amount of the assessment?

Plaintiffs' counsel are the beneficiaries of the litigation expense fund and one or more of Plaintiffs' counsel will be privy to every settlement agreement. Responsibility should fall on

3

plaintiffs' counsel to make the payments into the fund. *Cf. Goodyear v. Estes Express Lines, Inc.*, No. 1:06-cv-863, 2008 WL 687130 at *6 (S.D. Ind. Mar. 10, 2008) (common fund payments should not be at defendants' expense). Although this Court has in one past case required a defendant to pay over a common fund assessment, *see Turner v. Murphy Oil USA, Inc.*, 422 F.Supp.2d 676, 685 (E.D. La. 2006) (Fallon, J.), that situation lacked the complexities presented by the insurers' situations in the present case. *Turner* involved a single defendant, a company alleged to be responsible for an oil spill that damaged a number of plaintiffs' properties. Where having the defendant in that simple situation transmit the assessments may have presented efficiencies, endeavoring to place that burden on insurers in this far more complex MDL situation would do just the opposite and is, practically speaking, unworkable. Here efficiency is best served by leaving the insurers out of the process of collecting the common fund assessments.

Placing responsibility on the insurers to collect and pay the assessments to the litigation expense fund would pose a substantial and unwarranted administrative burden on the insurers, is inequitable and unworkable, and should be rejected.

### III. The Insurers Should Not Be Required To Provide Copies Of Settlement Agreements To Plaintiffs' Liaison Counsel.

In its motion to create a litigation expense fund, the PSC also asks that the Court order that defendants "produce to Plaintiffs' Liaison Counsel any and all papers constituting their settlement agreements." *See* PSC's Proposed Pretrial Order No. __ ¶ 2.A. The PSC means this to include *confidential* settlement agreements. *See* PSC's Memo at 11. The Court should reject this effort to intrude on the settlement process and invade settling parties' rights.

Courts routinely enforce confidentiality provisions in settlement agreements, in order to uphold private contracts and to facilitate settlement and avoid protracted litigation. *See, e.g.,*

4

*Butta-Brinkman v. FCA Int'l, Ltd.*, 164 F.R.D. 475 (N.D. Ill. 1995) (denying motion to compel production of confidential settlement agreements); *Christensen Shipyards, Ltd. v. St. Paul Fie & Marine Ins. Co.*, No. C06-0641-JCC, 2007 WL 564241 at *1 (W.D. Wash. Feb. 16, 2007) (deferring to the parties' "interest in having their confidential agreements enforced, and the Court's policy of promoting the resolution of disputes").[1]

Consonant with these principles, this Court's order creating the litigation expense fund in the *Turner* case, explicitly protected the confidentiality of settlement information. The order provided:

> Details of any individual settlement agreement, individual settlement amount, and individual amounts deposited into escrow shall be confidential and shall not be disclosed to the Plaintiffs' Steering Committee, the Court, or the Court's designee.

422 F.Supp.2d at 685. The order also provided that necessary settlement information could be provided to the court *in camera* and under seal. *Id.* The PSC does not attempt in its present motion and memorandum to explain why a similar provision should not be included in the order in this case. Where the Plaintiffs' Liaison Counsel do not represent plaintiffs that are parties to confidential settlement agreements, they have no right to the settlement agreements, and the confidentiality of such settlement agreements should be enforced.

Even if the Court were inclined to allow Plaintiffs' Liaison Counsel access to confidential settlement agreements, the burden should not be on the insurers to gather and provide those agreements, for many of the reasons that the insurers should not be required to collect and pay over the assessments to the fund. To the extent that the insurers have relatively restricted

---

[1] Settlements in this case do not require court approval because no class has been certified, and therefore the public right of access to judicial records is not implicated. *See, e.g., Eckert v. Equitable Life Assurance Society of the U.S.*, 227 F.R.D. 60, 62 (E.D.N.Y. 2005) (concluding that Rule 23(e) does not require court approval of settlement or dismissal before a class is certified).

involvement in the underlying settlement process here, they will not have access to the settlement agreements. The settling plaintiffs themselves would be a more logical source, if the settlement agreements are to be produced to the Plaintiffs' Liaison Counsel.

## **CONCLUSION**

The insurers respectfully request that this Court deny the PSC's motion to the extent that it seeks an order: (1) requiring that the insurers pay over any settlement assessments to be deposited in the PSC's litigation expense fund, and (2) requiring that confidential settlement agreements be provided by the insurers to the Plaintiffs' Liaison Counsel.

Respectfully submitted,

*/s/ Judy Y. Barrasso*
Judy Y. Barrasso, 2814
H. Minor Pipes, III, 24603
BARRASSO USDIN KUPPERMAN FREEMAN
& SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana  70112
Tel.:  (504) 589-9700
jbarrasso@barrassousdin.com
mpipes@barrassousdin.com

*Lead Counsel for the Insurer Steering Committee*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail *or* by hand delivery and e-mail *and* upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 10th day of August, 2010.

*/s/ Judy Y. Barrasso*
_____
Judy Y. Barrasso, 2814