## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL<br>PRODUCTS LIABILITY LITIGATION | )  MDL NO. 2047<br>)<br>)  SECTION: L |
| THIS DOCUMENT RELATES TO: | )<br>)<br>) |
| ALL CASES | )<br>)  JUDGE FALLON<br>)  MAG. JUDGE WILKINSON<br>) |

### PRETRIAL ORDER NO. ____
### (ESTABLISHING PLAINTIFFS' LITIGATION EXPENSE FUND TO COMPENSATE AND REIMBURSE ATTORNEYS FOR SERVICES PERFORMED AND EXPENSES INCURRED FOR MDL ADMINISTRATION AND COMMON BENEFIT)

This order is entered to provide for the fair and equitable sharing among plaintiffs of the cost of services performed and expenses incurred by attorneys acting for MDL administration and common benefit of all plaintiffs in this complex litigation.

1. **Plaintiffs Litigation Expense Fund to be Established**

Plaintiffs' Liaison Counsel (Russ Herman) and Defendants' Liaison Counsel (Kerry Miller) are directed to establish an interest-bearing account to receive and disburse funds as provided in this order.  Counsel shall agree on and designate an escrow agent for this purpose.  These funds will be held as funds subject to the direction of the Court.  No party or attorney has any individual right to any of these funds except to the extent of amounts directed to be disbursed to such person by order of the Court.  These funds will not constitute the separate property of any party or attorney or be subject to garnishment or attachment for the debts of any party or attorney except when and as directed to be disbursed as provided by court order to a specific person.  These limitations do not preclude a party or attorney



from transferring, assigning, or creating a security interest in potential disbursements from the fund of permitted by applicable state laws and if subject to the conditions and contingencies of this order.

2.   **Assessment**

All plaintiffs and their attorneys who, either agree or have agreed – for a monetary consideration – to settle, compromise, dismiss, or reduce the amount of a claim or, with or without trial, recover a judgment for monetary damages or other monetary relief, including such compensatory and punitive damages, with respect to and Chinese drywall claim are subject to an assessment of the "gross monetary recovery," in the amount of _____% and _____ % for expenses as further provided herein.

A. Plaintiffs' Liaison Counsel is directed to serve this Order on every Defendant named in an Omni Complaint in MDL No. 2047 that is not entered on the Court's ECF program by First Class Mail to domestic defendants or Federal Express to foreign defendants (unless a substitute service is required due to the geographical location of the defendant in China which requires a specific US Mail service). Thereafter every defendants named in an Omni Complaint in MDL No. 2047 is directed to withhold this assessment from amounts paid to plaintiffs and their counsel, and to pay the assessment directly into the fund as a credit against the settlement or judgment. In addition, such defendants are required to produce to Plaintiffs' Liaison Counsel any and all papers constituting their settlement agreements. If for any reason the assessment is not or has not been so withheld, the plaintiff and his counsel are jointly responsible for paying the assessment into the fund promptly.

B. No orders of dismissal of any plaintiffs claim, subject to this order, shall be filed unless accompanied by a certificate of plaintiffs and defendants counsel that the assessment

has been withheld and deposited into the fund.

    C.  The Plaintiff's Steering Committee shall provide Defendants' Liaison Counsel, plaintiff's counsel, the escrow agent, the court or its designee with a list of cases and/or counsel who have entered into written agreements with the Plaintiff's Steering Committee. In the event there is a dispute as to whether a case should be on the list, the Plaintiff's Steering Committee shall resolve the matter with the particular plaintiff's counsel either informally or upon motion.

    D.  In measuring the "gross monetary recovery":

        1.  Exclude court costs that are to be paid by the defendant.

        2. Include the present value of any fixed and certain payments to be made in the future.

## 3. Disbursements

Upon order of the Court, payments may be made from the fund to attorneys who provide services or incur expenses for the joint and common benefit of plaintiffs in addition to their own client or clients.  Attorneys eligible are limited to Plaintiffs' Liaison Counsel and members of the Plaintiff's Steering Committee and of Counsel to the PSC, and other attorneys called upon by them to assist in performing their responsibilities, Court appointed State Liaison Counsel, and other attorneys performing similar responsibilities in state court actions.  All time and expenses are subject to proper and timely submission (each month) of contemporaneous records certified to have been timely received by Wegmann Dazet & Company in accord with this Court's prior orders.

A.  Payments will be allowed only to entities for special services performed, and to reimburse for special expenses incurred, for the joint and common benefit of all plaintiffs.

B.  Payment may, for example, be made for services and expenses related to the home inspections, home testing; obtaining, reviewing, indexing, and payment for hard copies of computerized images of documents from the defendants; to conducting "national" or "PSC authorized" depositions; and to activities connected with the coordination of federal and state litigation.  The fund will not, however, be used to pay for services and expenses primarily related to a particular case other than home inspections and testing inspections, even if such activity results in some incidental and consequential benefit to other plaintiffs.

C.  Payments will not exceed the fair value of the services performed or the reasonable amount of the expenses incurred, and, depending upon the amount of the fund, may be limited to a part of the value of such services and expenses.

D.  No amounts will be disbursed without review and approval by the Court or such other mechanism as the Court may order.  Each Defense Counsel shall provide at least quarterly notice to the Court or its designee the names and docket numbers of the cases for which it has made an assessment. Monthly statements from the escrow agent shall be provided to Plaintiff's Liaison Counsel, Defense Liaison Counsel, the Court, and the Court's designee showing the aggregate of the monthly deposits, disbursements,

interest earned, financial institution charges, if any, and current balance.

E.  If the fund exceeds the amount needed to make payments as provided in this order, the Court may order a refund to those who have contributed to the fund.  Any such refund will be made in proportion to the amount of the contributions.

NEW ORLEANS, LOUISIANA, this _____ day of _____, 2010.

_____
UNITED STATES DISTRICT COURT JUDGE