UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 <br><br> SECTION   L <br><br> JUDGE FALLON |
| **This document relates to:** <br> *Pate v. American International Specialty Lines Insurance Co., et al.* <br> No. 2:09-cv-7791 | MAG. JUDGE WILKINSON |

**SECOND SUPPLEMENT MEMORANDUM IN SUPPORT OF  LANDMARK AMERICAN INSURANCE COMPANY'S MOTION TO DISMISS AMENDED COMPLAINT FOR FAILURE TO JOIN A REQUIRED PARTY**

**NOW INTO COURT,** comes Landmark American Insurance Company ("Landmark"), through undersigned counsel, who respectfully submits this Second Supplemental Memorandum in Support of its Motion to Dismiss Plaintiff Pate's Amended Complaint.  Landmark moves this Honorable Court pursuant to Federal Rule of Civil Produce 7 to permit this supplement to its Motion to Dismiss Amended Complaint in order to comply with the requirements set forth in this Court's Order, dated July 1, 2010.  *See* R. Doc. 4301.  Landmark asserts that its original supplementation was sufficient, but, in the spirit of cooperation and in accordance with an agreement between the Plaintiff and Insurance Steering Committees, hereby submits this further supplement.

1

1. On December 23, 2009, Pate, in his alleged capacity as the Trustee for the WCI Chinese Drywall Trust ("Trust"), commenced this lawsuit seeking a declaration that defendant insurers are obligated to indemnify the Trust for losses arising from claims that may be brought against the Trust related to houses constructed in Florida by WCI Communities, Inc. In response, on February 24, 2010, Landmark filed a Motion to Dismiss for Failure to Join a Required Party. *See* R. Doc. 1345.

2. On March 15, 2010, Pate filed a First Amended Complaint, which mooted the original Motion to Dismiss. *See* R. Doc. 1732. As such, Landmark filed a second Motion to Dismiss for Failure to Join a Required Party on March 29, 2010. *See* R. Doc. 2150.

3. On July 1, 2010, this Honorable Court entered an Order providing that an insurance company defendant in the Chinese Drywall Multi-District Litigation ("CDW MDL") may file motions on or before July 19, 2010, objecting to jurisdiction or venue in this matter. *See* R. Doc. 4301. Further, this Order also requires the insurer defendant movant to provide certain information.

4. Landmark respectfully requests that this Court permit it to supplement its Motion to Dismiss for Failure to Join a Required Party with the following information, in accordance with the Court's July 1, 2010 Order:

    a. <u>The insured within MDL 2047 for which the insurer provides CGL insurance</u>:

    Landmark issued a commercial general liability insurance policy to Hinkle Drywall LLC ("Hinkle"), which is not a party to this action; Robert C. Pate, in his capacity as Trustee of the Chinese Drywall Trust claims rights to coverage as an "additional insured" under that insurance as an assignee of WCI Communities, Inc.

    As originally stated, there is no coverage under the policy issued by Landmark for the claims raised in this case. Further, Robert C. Pate, in his capacity as Trustee

of the Chinese Drywall Trust claims rights to coverage under the Landmark policy at issue, but neither the trust or the trustee is insured under those policies. Further, WCI Communities, Inc. is not listed as additional insured in the Landmark policy.

b. <u>Cases in which claims on any of the same CGL policies are also in suit and the insurers have been served in MDL 2047</u>:

Landmark is unaware of any such case except the present case, *Robert C. Pate, as Trustee for the Chinese Drywall Trust v. American Speciality Lines Insurance Company, et al.* (2-09-cv-07791)(E.D. La.). The insurance has also been discussed in a bankruptcy action, *In re: WCI Communities, Inc., et al,* Case No. 08-11643 (Bankr. D. Del.).

Landmark has been sued in its capacity as an insurer for another insured, but those cases neither related to this case, involve the same policy nor do they involve the same insured.

c. <u>Each case in which this issue may be related or the movant has filed a similar motion</u>:

Landmark is unaware of any such case except the present case, *Robert C. Pate, as Trustee for the Chinese Drywall Trust v. American Speciality Lines Insurance Company, et al.* (2-09-cv-07791)(E.D. La.). The insurance has also been discussed in a bankruptcy action, *In re: WCI Communities, Inc., et al,* Case No. 08-11643 (Bankr. D. Del.).

**WHEREFORE**, for the foregoing reasons, Landmark respectfully requests that this Honorable Court grant this motion and permit it to submit this Second Supplemental Motion in Support of its Motion to Dismiss Plaintiffs' Amended Complaint for Failure to Join Required Party, as set forth above in compliance with the Court's July 1, 2010 Order.

    /s/ James W. Hailey, III
JAMES W. HAILEY, III, T.A. (23111)
MELISSA M. SWABACKER (32710)
DEUTSCH, KERRIGAN & STILES, LLP
755 Magazine Street
New Orleans  LA  70130
Phone: (504)581-5141

Fax: (504) 566-1201
jhailey@dkslaw.com
mswabacker@dkslaw.com
*Counsel for Landmark American Insurance Co.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Second Supplemental Motion in Support of Landmark's Motion to Dismiss for Failure to Join a Required Party has been served on all Liaison counsel by U.S. Mail, facsimile and/or e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 10th day of August, 2010.

/s/ James W. Hailey, III