UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED DRYWALL   MDL DOCKET: 2047
PRODUCTS LIABILITY LITIGATION

SECTION:  L

JUDGE FALLON
MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO ALL CASES
_____/

**HOMEBUILDERS' STEERING COMMITTEE'S RESPONSE TO THE PLAINTIFFS' STEERING COMMITTEE'S MOTION TO ESTABLISH A PLAINTIFFS' LITIGATION EXPENSE FUND TO COMPENSATE AND REIMBURSE ATTORNEYS FOR SERVICES PERFORMED AND EXPENSES INCURRED FOR MDL ADMINISTRATION AND COMMON BENEFIT**

The Homebuilders' Steering Committee ("HSC") hereby submits its response to the Plaintiffs' Steering Committee's ("PSC") Motion to Establish a Plaintiffs' Litigation Expense Fund to Compensate and Reimburse Attorneys for Services Performed and Expenses Incurred for MDL Administration and Common Benefit (the "Motion").

## I. INTRODUCTION

In the Motion, the PSC seeks to impose a surcharge on MDL plaintiffs' monetary recoveries to compensate the PSC for its "MDL administration and common benefit efforts." Unless this surcharge is assessed fairly, it will unduly prejudice certain parties, including homeowner plaintiffs who have not received any benefit from the PSC's work.  Therefore, to the extent this Court enters an order establishing a litigation expense fund (the "Fund"), the Fund should be subject to the following guidelines.

First, the named defendants in the Omnibus Complaints should not be required to shoulder the administrative burden of funding this surcharge.  Rather, it should be the PSC and their affiliated attorneys representing the named homeowner plaintiffs in the MDL who should

be given the task of ensuring that any appropriate surcharges are paid into the Fund for the benefit of the PSC.

Second, the surcharge should be limited to monies recovered by named homeowner plaintiffs in the MDL for claims that are pending in the MDL. Although this appears to be the PSC's intent, the proposed order accompanying the Motion reads as if the PSC would have the surcharge apply to any "amounts paid to plaintiffs and their counsel," without limiting it to recoveries by named homeowner plaintiffs in the MDL for claims pending in the MDL.

Third, the PSC's proposed surcharge should not be assessed on any monies recovered by the named MDL homeowner plaintiffs prior to the establishment of the Fund -- *i.e.*, the PSC should not surcharge settlements and judgments retroactively -- because it would be unreasonable to require homeowner plaintiffs, some of whom received settlement payments months before the MDL and Omnibus Complaints were even filed, to have to return a portion of those recoveries to the PSC.

Fourth, and finally, the surcharge should not be assessed on any future settlements with named homeowner plaintiffs in the MDL who are resolving claims in the MDL pursuant to settlements that had been offered to homeowners before the Omnibus Complaints were filed in the MDL because the PSC has not conferred any benefit on those homeowners plaintiffs.

Based on the foregoing, and as more fully set forth below, the Court should significantly limit the surcharge requested by the PSC.[1]

---

[1] The HSC also adopts and incorporates herein the arguments raised in the Response of Knauf Plasterboard Tianjin Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guandong Knauf New Building Materials Products Co., Ltd., and Knauf Gips KG to the Motion. The surcharge should be no higher than between 4% and 6%, an amount commensurate with the set-asides established in other, similar multidistrict litigations. Moreover, the parties should not be required, as the PSC suggests, to produce settlement agreements in conjunction with the payments of the surcharge, because such a requirement would undermine the confidentiality of settlements as well as prejudice the parties in future settlement negotiations.

## II. ARGUMENT

1. **<u>The Defendants Should Not Be Required to Shoulder the Administrative Burden of Funding the PSC's Proposed Surcharge</u>**

The defendants in the MDL should not be required to bear the responsibility of ensuring that appropriate settlement and judgment surcharges are paid into the Fund for the benefit of the PSC.  In the Motion, the PSC argues that the defendants should shoulder the administrative burden of depositing the plaintiffs' settlement proceeds or judgments into the Fund because the defendants have knowledge of "confidential settlements" and "access to the funds" the PSC wants to surcharge.  However, the named homeowner plaintiffs in the MDL and their counsel, whose recoveries the PSC seeks to surcharge, have knowledge of the same confidential settlements and access to the same settlement funds.  The payment of this surcharge should be an issue between the PSC and their affiliated counsel representing named homeowners plaintiffs in the MDL.  Indeed, as the PSC acknowledges, "[a]ll PSC members and 'of counsel' members of the PSC have already agreed to contribute all state and federal recoveries to the fund."  There is absolutely no reason why those parties cannot work out the payment of the surcharge amongst themselves, without having to impose additional burdens on the defendants and their counsel.  Therefore, the task of making any payments into the Fund should fall on the named MDL homeowner plaintiffs and their counsel, not the defendants.

2. **<u>The Surcharge Should Be Limited to Claims Brought by Named Homeowner Plaintiffs in the MDL</u>**

The surcharge should be limited to claims in the MDL brought by named homeowner plaintiffs in the MDL.  The proposed order accompanying the PSC's Motion reads broadly, arguably seeking to have the Fund apply to any "amounts paid to plaintiffs and their counsel," without limiting the surcharge to recoveries by named homeowner plaintiffs in the MDL.  Certainly, the PSC should not be entitled to a surcharge on the monetary recoveries of non-

homeowner plaintiffs, such as homebuilders electing to bring claims in the MDL, because the PSC has not conferred any benefits on those non-homeowners plaintiffs.[2] The PSC should also not be entitled to surcharge any settlements reached between the defendants and the named MDL homeowners plaintiffs in connection with claims those MDL plaintiffs chose to pursue outside of the MDL. For instance, many homeowners have brought claims against the manufacturer(s) of the defective Chinese-manufactured drywall in the MDL, while at the same time pursuing claims against homebuilders and various other defendants in state courts or in arbitration. Indeed, as the PSC acknowledges in their supplemental memorandum in support of the Motion, "an assessment on the state actions is not appropriate without [the plaintiffs] voluntarily agreeing to the MDL assessment." Therefore, to the extent a homeowner plaintiff enters into a settlement with a homebuilder to resolve claims against the homebuilder that are not pending in the MDL, the PSC should not be entitled to surcharge that settlement.[3]

### 3.  The Surcharge Should Not Be Applied Retroactively

The PSC should not be entitled to surcharge monies recovered by named homeowner plaintiffs in the MDL prior to this Court's establishment of a Fund. Because the proposed order accompanying the PSC's Motion reads ambiguously as if it applies to plaintiffs and their attorneys who "agree or have agreed" to monetary consideration, it appears the PSC may be seeking to surcharge retroactively plaintiffs' settlement proceeds. It would, however, be patently unreasonable to require homeowner plaintiffs, some of whom received settlement payments months before the MDL and Omnibus Complaints were even filed, to have to return a portion of

---

[2] Allowing the PSC to surcharge monetary recoveries by non-homeowner plaintiffs would result in "double-dipping" because the PSC could surcharge the same money twice. The PSC could recover first when the homeowner plaintiff received a monetary recovery and then recover again when the defendants determined how much each should contribute to that homeowner plaintiff's monetary recovery.

[3] Moreover, because the Court has deferred ruling on the jurisdictional defenses raised by certain defendants named in the Omnibus Complaints directly filed in the Eastern District of Louisiana, it is not yet clear which claims and parties currently fall within the Court's jurisdiction or the scope of this MDL.

those settlements to the PSC, because the PSC did not confer any common benefits on those homeowner plaintiffs. *See McIntosh v. Pacific Holding Co.*, 928 F. Supp. 1464, 1472 (D. Neb. 1996) ("the 'common fund' doctrine is not properly asserted where the burden of payment falls upon those who do not benefit from the litigation"). The PSC's own argument for the surcharge -- *i.e.*, that its common benefit work has made "certain defendants and other entities . . . interested in exploring settlement of their liability exposure" -- plainly demonstrates that a retroactive surcharge is wholly inappropriate with respect to settlements reached before this MDL. Therefore, the surcharge should not be applied to settlements reached by homeowner plaintiffs prior to this Court's establishment of a Fund.

### 4. The Surcharge Should Not Be Applied to Future Settlements Previously Available to MDL Homeowner Plaintiffs

Finally, the PSC should not be entitled to surcharge future settlements entered into by named MDL homeowner plaintiffs pursuant to settlements that were being offered to homeowners well before the PSC conferred any common benefit. For example, certain of the homebuilders began repairing homes with defective Chinese-manufactured drywall many months before this MDL began, and continue to repair homes today under that very same repair program.[4] As to any named MDL homeowner plaintiff who enters into a settlement agreement with a homebuilder under the same or substantially similar terms that were in place before this MDL, the PSC has neither made the homebuilder more "interested in exploring settlement," nor conferred a benefit on that homeowner plaintiff. Therefore, the PSC should not be entitled to a surcharge on such a settlement. *See McIntosh*, 928 F. Supp. at 1472.

---

[4] As part of certain of the homebuilders' repair programs, the homeowner plaintiff receives reimbursements from the homebuilder for, among other things, alternative living arrangements and other incidental expenses. The PSC should not be entitled to surcharge any such reimbursements or the costs incurred by the homebuilders in connection with repairing homes containing defective Chinese-manufactured drywall.

III. CONCLUSION

In the event the Court establishes a Fund for the benefit of the PSC, the HSC requests that the Fund be subject to the guidelines set forth herein. The HSC requests further that after the Court rules on the proposed guidelines set forth herein, the parties should submit an agreed upon order reflecting the Court's ruling.

Respectfully submitted,

| | |
|---|---|
| **STONE PIGMAN WALTHER WITTMANN**<br>*Local Lead Counsel of the HSC*<br>*Local Counsel for several homebuilders*<br>546 Carondelet Street<br>New Orleans, LA  70130<br>Telephone: (504) 593-0804<br>Facsimile: (504) 593-0804<br>E-mail: pwittmann@stonepigman.com<br><br>By:     /s/ Phillip A. Wittmann<br>         PHILLIP A. WITTMANN<br>         Louisiana Bar No. 13625 | **GREENBERG TRAURIG, P.A.**<br>*Lead Counsel for the HSC*<br>*Counsel for Lennar Corporation, Lennar Homes, LLC, and U.S. Home Corporation*<br>1221 Brickell Avenue<br>Miami, Florida 33131<br>Telephone: (305) 579-0500<br>Facsimile: (305) 579-0717<br>Email: bassh@gtlaw.com<br>Email: salkym@gtlaw.com<br><br>By:     /s/ Hilarie Bass<br>         HILARIE BASS<br>         Florida Bar No. 334323<br>         MARK A. SALKY<br>         Florida Bar No. 058221 |
| **SIVYER BARLOW & WATSON**<br>*Counsel for Taylor Woodrow Communities at Vasari, LLC and Taylor Morrison Services, Inc.*<br>100 S Ashley Drive, Suite 2150<br>Tampa, FL 33602<br>Telephone: (813) 221-4242<br>Facsimile: (813) 227-8598<br>Email: nsivyer@sbwlegal.com<br><br>By:     /s/ Neal Allen Sivyer<br>         NEAL A. SIVYER<br>         Florida Bar No. 373745 | **KING & SPALDING LLP**<br>*Counsel for Beazer Homes Corp.*<br>1180 Peachtree Street, NE<br>Atlanta, GA 30309<br>Telephone: (404) 572-4600<br>Facsimile: (404) 572-5100<br>Email: kbuster@kslaw.com<br><br>By:     /s/ J Kevin Buster<br>         J. KEVIN BUSTER<br>         Georgia Bar No. 099267 |

| | |
|---|---|
| **LEIFF CABRASER HEIMANN & BERNSTEIN, LLP** <br> *Counsel for The Mitchell Company, Inc.* <br> Embarcadero Center West <br> 275 Battery Street. Suite 3000 <br> San Francisco, California 94111-3339 <br> Telephone: (415) 956-1000 <br> Facsimile: (415) 956-1008 <br> Email: ecabraser@lchb.com <br><br> By:   /s/ Elizabeth J. Cabraser <br>         ELIZABETH J. CABRASER <br>         California Bar No. 83151 | **CUNNINGHAM BOUNDS, LLC** <br> *Counsel for The Mitchell Company, Inc.* <br> Post Office Box 66705 <br> Mobile, Alabama  36660 <br> Telephone: (251) 471-6191 <br> Facsimile:  (251) 479-1031 <br> Email: sln@cunninghambounds.com <br><br> By:   /s/ Steven L. Nicholas <br>         STEVEN L. NICHOLAS <br>         Alabama Bar No. ASB-2021-N35S |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 10, 2010, this document has been served on Plaintiffs' Liaison Counsel, Russ Herman, Esq., and Defendants' Liaison Counsel, Kerry Miller, Esq., and Homebuilders' Steering Committee Dorothy Wimberly and Insurer Defendants' Liaison Counsel, Judy Y. Barrasso, Esq. by U.S. mail and/or email or by hand delivery and I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and upon all parties by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 6.

                                        /s/ Hilarie Bass
                                        Hilarie Bass