# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2:09-md-2047<br><br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| **THIS DOCUMENT RELATES TO:**<br><br>**ALL CASES** | |

## DEFENDANTS FCCI COMMERCIAL INSURANCE COMPANY AND FCCI INSURANCE COMPANY'S MEMORANDUM IN OPPOSITION TO THE PLAINTIFFS' STEERING COMMITTEE'S MOTION TO ESTABLISH A PLAINTIFFS' LITIGATION EXPENSE FUND TO COMPENSATE AND REIMBURSE ATTORNEYS FOR SERVICES PERFORMED AND EXPENSES INCURRED FOR MDL ADMINISTRATION AND COMMON BENEFIT

COME NOW, FCCI COMMERCIAL INSURANCE COMPANY AND FCCI INSURANCE COMPANY ("FCCI"), by and through their undersigned counsel and file this Memorandum in Opposition to Plaintiffs' Steering Committee's Motion to Establish a Plaintiffs' Litigation Expense Fund to Compensate and Reimburse Attorneys for Services Performed and Expenses Incurred for MDL Administration and Common Benefit:

## I.   INTRODUCTION

The Plaintiffs' Steering Committee ("PSC") has filed a Motion to Establish a Plaintiffs' Litigation Expense Fund to Compensate and Reimburse Attorneys for Services Performed and Expenses Incurred for MDL Administration and Common Benefit (hereinafter PSC's "Motion") in this MDL action to establish a fund solely for attorneys' fees and expenses for the PSC for MDL administration and "common benefit" activities, asking the court to set establish a fund in order to impose a tax or set-aside for up to 17% of any settlement or judgment.  For the reasons further outlined below, such a Motion is unsupported and wholly impractical the current stage and status of the action, because there has been no common fund established, and because the manner in which PSC requests the fund be established and it application are improper.

In addition to the arguments and reasons included herein, FCCI expressly incorporates and adopts the arguments set forth in Defendants The Travelers Indemnity Company of Connecticut, Travelers Property Casualty Company of America f/k/a the Travelers Indemnity Company of Illinois, St. Paul Fire & Marine Insurance Company, and the Standard Fire Insurance Company's Response in Opposition to the PSC's Motion and the Insurer Steering Committee's Partial

Opposition to the PSC's Motion. For the reasons and arguments outlined herein and in those incorporated Responses in Opposition, PSC's Motion should be denied.

## II.     BACKGROUND

This Court is familiar with the issues raised by various aspects of the MDL. FCCI has moved to dismiss for lack of personal jurisdiction and other reasons and is not submitting to jurisdiction of the Court. Nevertheless, because FCCI allegedly provides potential coverage to various parties in the MDL and because FCCI has various actions pending in Florida that are not part of the MDL, FCCI objects to the PSC's Motion because (1) it is premature and (2) because it is overly broad.

## III.    ARGUMENT

### A.     PSC's Request For "Immediate Sequestration of Funds" Is Premature Because No Common Fund Has Been Established.

The "common fund doctrine," as an exception to the American Rule whereby parties pay their own attorney fees, provides that a private plaintiff or plaintiff's attorney, *whose efforts create, discover, increase, or preserve a fund to which others also have a claim*, is entitled to recover from the fund the costs of his litigation, including attorneys' fees. In re Diet Drugs, 582 F3d 524 (3d Cir 2009). See also Fickinger v. C.I. Planning Corp., 646 F. Supp. 622 (E.D. Pa. 1986) (explaining that under the "common fund" exception to the rule against fee-shifting for attorney fees, a *person who maintains a lawsuit resulting in the creation, preservation or increase*

*of a fund in which others have common interest may be reimbursed from that fund for attorney fees and costs incurred*).

The purpose and typical application of the common fund doctrine is explained as follows:

> When a *case results in the creation of a common fund for the benefit of the plaintiff class*, the common fund doctrine allows plaintiffs' attorneys to petition the court to recover its fees out of the fund. In such a case, the defendant typically pays a specific sum into court, in *exchange for a release of its liability*. The court then determines the amount of attorneys' fees that plaintiffs' counsel may recover from this fund, thereby diminishing the amount of money that ultimately will be distributed to the class.
> Goodyear v. Estes Express Lines, Inc., 2008 WL 687130, *6 (S.D. Ind. 2008) (quoting Florin v. Nationsbank of Ga., 34 F.3d 560 (7th Cir. 1994).

"**Before fees may be awarded under the common fund exception, the fee movant must demonstrate the existence of a common fund**." Balakian v. Balakian, 2008 WL 4539481, *2 (E.D. Cal. 2008) (quoting Moore's Federal Practice 3d § 54.171[2][a][i]); see also Purdy v. Security Sav. U & Loan Assoc., 727 F. Supp. 1266 (E.D. Wis. 1989) (When a common fund is available, attorneys for successful parties may petition for portion of fund as compensation for their efforts); Muehler v Land O'Lakes, Inc., 617 F. Supp 1370 (D.C. Minn. 1985) (Award of attorney fees *from fund successfully recovered by class representatives and their attorneys* found appropriate since *fund had been recovered for benefit of all class members*) (emphasis added); Skelton v. General Motors Corp., 860 F. 2d 250, 251 (7th Cir.

1988) (stating that a court may award attorneys' fees out of a fund when a case results in the creation of a common fund for the benefit of a plaintiff class).

In the present matter, there is no "common fund" from which the Court could order fees be deducted or applied to and PSC provides no basis for why its Motion presents an exception to this doctrine. See Market Street Securities, Inc. v. Midwest Air Group, Inc., 2009 WL 2985451, *4 (E.D. Wis. Sept. 15, 2009) ("It is doubtful that plaintiff, . . ., would be able to recover under the common fund doctrine because, as previously stated, there is no common fund over which this court has authority to order attorney's fees deducted"). PSC has not successfully obtained a settlement for all of the plaintiffs from which they seek fees and have not created or obtained a "fund" yet from which they could potentially seek attorneys' fees.

Further, PSC has not adequately shown that all plaintiffs from whom they seek to recover fees have "shared in a common benefit" such that the common fund doctrine or the common benefit doctrine.[1]  There has not been a global settlement in this action creating a fund, nor is there a proposed settlement for the entire action or omnibus class action; rather, there have been trials on individual actions and

---

[1] The "common benefit" doctrine recognizes that attorneys' fees should be shared by those who receive a common benefit arising from a suit, even if that benefit is not a monetary fund. Market Street Securities, Inc. v. Midwest Air Group, Inc., 2009 WL 2985451, *2 (E.D. Wis. Sept. 15, 2009). The typical situation applying the common benefit doctrine is a shareholder derivative suit in which the successful shareholder plaintiff confers a substantial benefit on all of the shareholders that is not an actual monetary award.

settlements of certain claims. Many defendants have been and continue to seek potential settlement of various claims, some of whom were in the process of attempting to settle plaintiffs' claims when the claims were joined or added to an action now included in this MDL action. While parties have been exploring settlement discussions, there is no lump settlement sum that comprises a "fund" from which PSC claims it has a right to fees, and as such no right to fees from a common fund exists. While in limited circumstances courts have held that attorneys fees may be withheld or assessed before a "fund" is established, those cases presented different circumstances than the present action and the PSC has not met its burden of demonstrating why such an exception should be made and how it would be applied in the present case. cf. Turner v. Murphy Oil USA, Inc., 422 F.Supp. 2d 676 (E.D. La. 2006) (granting in part a PSC's motion to set aside funds in twenty-seven consolidated class actions on behalf of people claiming damages against a oil refinery and excluding individuals who opted out); In re Zyprexa Products Liability Litigation, 467 F. Supp. 2d 256 (E.D.N.Y. 2006) (granting in part PSC's motion to establish a fund where the PSC had engaged in extensive discovery and depositions and engaged in intense settlement negotiations). The present case differs substantially from Turner and other classes applying the common fund rule. Rather, a group of class actions all against one manufacturer or entity, this action involves a

multitude of cases, some class actions and some individual actions, against dozens of various entities, and insurers joined as defendants.

**B.    PSC's Request to Establish a Litigation and Expense Fund is Premature Because Jurisdictional and Class Certification Issues Have Not Been Resolved.**

As outlined above, the creation of a fund for the purpose of preserving and "sequestering" attorneys' fees as PSC proposes is not warranted and is inappropriate in the present action. Cases where courts have permitted funds for set-asides for attorneys' fees the plaintiffs' attorneys seeking the fee or set-aside have accomplished settlement for those parties and undertaken lengthy work on behalf of the plaintiffs.  See e.g., In re NTL Inc. Securities Litigation, 2007 WL 1294377 (S.D.N.Y. May 2, 2007) (granting in part class counsel's application for attorneys' fees and expenses where counsel spent approximately 517 hours in discovery related to class certification and briefs, undertook extensive discovery, engaging in lengthy negotiations and mediations, reaching Stipulation of Settlement of the class action, and sending out over 39,000 copies of the settlement notice to potential class members).

In the present matter a number of motions to dismiss remain pending by various defendants, some challenging jurisdiction and venue in this action.  Further, while PSC outlines a number of tasks they have undertaken in this litigation, much of

their work has included litigation tasks they would have otherwise conducted for their clients regardless of the MDL, not extraordinary work for the "common benefit."

Additionally, PSC's relief requested is simply unfair the under circumstances in the present MDL action where many of the members of the PSC sought the formation of the MDL and sought to join plaintiffs to the Omni class actions. Members of the PSC used the MDL for finding new plaintiffs in order to file additional Omnibus Complaints. As explained in Plaintiffs Simon and Rebecca Finger, James and Joycelyn Butler, Carolyn Cathcart and Jason and Renee Niemann's Response, many plaintiffs chose to file their actions in state court and did not seek to join the MDL and are represented by their own counsel.

Under such circumstances, the establishment of a fund to order settling parties to pay a percentage of their settlement in order to compensate and reimburse PSC attorneys is not warranted or appropriate.

**C. Even if a Set-Aside for Attorneys' Fees for the PSC Were Approved, PSC's Method for Collecting Such Funds is Improper, as Any Such Fees Should Come from Plaintiff Settlement Awards.**

Finally, even if the PSC provided sufficient grounds for establishing a fund to compensate and reimburse plaintiffs' attorneys for services performed for a common benefit, such funds should not come from settling defendants paying plaintiffs for

their claims, but from the plaintiffs and their attorneys, and only those specific plaintiffs who have agreed to representation by or coordination with the PSC and who have voluntarily been conferred the benefit of PSC's work.

Under "common fund" doctrine authorizing recovery of attorney fees under certain circumstances, *only individuals who benefit from the creation or distribution of the fund* may be charged with fees of attorney whose efforts created fund. Feick v. Fleenor, 653 F 2d 69 (2d Cir. 1981). Further, as the Goodyear court, *supra* notes when citing the Seventh Circuit:

> "As the court's explanation makes clear, a common fund recovery involves a diminution of some fund created to satisfy the claims of the plaintiffs, *not a direct payment from the defendant* to the plaintiffs' attorneys."

Goodyear, 2008 WL 6887130 at 6 (denying plaintiffs' attorney's request for common fund recovery where no common fund was present and request sought improper basis for amount of fees) (quoting Florin, 34 F.3d at 563) (emphasis added).

As outlined in Section A above, no such "fund" has been created to satisfy the plaintiffs' claims in the present MDL action. As such, PSC asks that future settlements be charged with set-asides for PSC fees. In so doing, PSC asks that the fund consist of "the recoveries in the federal court cases and claim payments to plaintiffs in state courts that agree to coordination" (PSC Motion, p. 4), and states that it is the responsibility of "the hundreds of defendants named in any of the Omni

Complaints or in a state court action in which a plaintiff is also involved in an Omni complaint." This requested group of claims or settlements encompasses more potential settlements than only those individual plaintiffs who purportedly benefit from the "fund" (if the settlement is deemed the fund). By including all "federal actions" and any state action in which "a plaintiff" is also involved in an Omni Complaint, PSC's request could include settlements in any number of related federal actions not included in the MDL, or involuntarily transferred to the MDL and challenging the transfer, as well as other actions.

Since PSC has failed to demonstrate the proper support for all of the individual plaintiffs upon which it allegedly conferred the "benefits," it is inequitable and applies an improper tax for any and all settling parties to be responsible for funding PSC expenses and fees.

Accordingly, if this Court should grant PSC's Motion, the assessment or set-aside should be applied only to those individual plaintiffs who agreed to representation by or coordination with the PSC and who have voluntarily been conferred the "benefit" of PSC's work. Further, as noted by the court above, any such payments to the attorneys for the alleged "common benefit" (and the PSC) should not come directly from defendants, but should be taken from plaintiffs' recovery or plaintiffs' attorneys' fees.

**D.     The PSC's Request Would Unreasonably Inhibit Resolution of the Claims Pending Between FCCI and Its Insureds**

The named FCCI parties are Florida corporations that only issued Florida policies to its Florida insureds. Every home built in any part by any FCCI insured was constructed in Florida. FCCI has coverage cases pending in Florida to resolve the issues of whether or to what extent it provides coverage for any of its insureds. For this Court to impose conditions on any potential resolution of those claims is simply unreasonable, particularly because some of those parties are not part of the MDL. Leave the parties free to resolve these matters in Florida under local circumstances with input from local courts.

Some of FCCI's insureds are not part of any aspect of the MDL. Why should this Court impose conditions on how FCCI and its insureds may deal with CDW claims and/or lawsuits brought by or against those insureds that have no relationship to the MDL, that chose not to take advantage of common benefit discovery by the PSC, that agreed to remediate their homes without significant monetary payments?

Major progress has been made in the past 120 days in resolving the issues between the parties legitimately in the MDL. Most of that progress has been made by Knauf, without the PSC's controlling input. This Court's ultimate goal is not creating a fund for payments to lawyers. This Court's ultimate goal is to assist homeowners who have defective CDW in their homes in getting those homes

remediated, getting them remediated at a fair price, and placing the financial burden of that remediation on the appropriate parties. To the extent lawyers help homeowners with that process, they have been and will be compensated by traditional fee agreements. This Court should reserve ruling on any common benefit fees or expenses until such time as any collective settlement agreements are brought before the Court.

**WHEREFORE**, FCCI respectfully request that this Honorable Court deny The Plaintiffs' Steering Committee's Motion to Establish a Plaintiffs' Litigation Expense Fund to Compensate and Reimburse Attorneys for Services Performed and Expenses Incurred for MDL Administration and Common Benefit. Alternatively, if the Court grants PSC's request to establish a Litigation Expense Fund, FCCI requests that the Court specifically limit the requirement of payments into the Fund to individual plaintiffs who agreed to representation by or coordination with the PSC; and provide such other relief as this Court deems just and equitable.

This 10th day of August, 2010.

        Respectfully submitted,

        GOODMAN MCGUFFEY LINDSEY & JOHNSON, LLP
        Attorneys for FCCI COMMERCIAL INSURANCE
        COMPANY and FCCI INSURANCE COMPANY

    BY:    /S/ ROBERT M. DARROCH
            ROBERT M. DARROCH
            GA State Bar No.:  205490
            rdarroch@gmlj.com
            STEPHANIE F. GLICKAUF
            GA State Bar No.:  257540
            sglickauf@gmlj.com
            3340 Peachtree Road NE, Suite 2100
            Atlanta, GA 30326-1084
            Phone:  (404) 264-1500
            Fax:    (404) 264-1737

        AND

        MOULEDOUX, BLAND, LEGRAND & BRACKETT, LLC

    By:    /s/ PATRICK E. COSTELLO
            PATRICK E. COSTELLO (#26619)
            pcostello@mblb.com
            JACQUES P. DeGRUY (#29144)
            jdegruy@mblb.com
            4250 One Shell Square
            701 Poydras Street
            New Orleans, Louisiana  70139
            Telephone: 504-595-3000
            Facsimile: 504-522-2121

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **DEFENDANTS FCCI COMMERCIAL INSURANCE COMPANY AND FCCI INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO THE PLAINTIFFS' STEERING COMMITTEE'S MOTION TO ESTABLISH A PLAINTIFFS' LITIGATION EXPENSE FUND TO COMPENSATE AND REIMBURSE ATTORNEYS FOR SERVICES PERFORMED AND EXPENSES INCURRED FOR MDL ADMINISTRATION AND COMMON BENEFIT** has been served upon Plaintiff's Liaison Counsel, Russ Herman, and Defendant's Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

This 10th day of August, 2010.

/s/ Patrick E. Costello
PATRICK E. COSTELLO (#26619)