UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2047 |
| | SECTION "L" |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| **BARRY DEMPSTER, et al.,** | MAG. JUDGE WILKINSON |
| v. | |
| **LOWE'S HOME CENTERS, INC.**, | |
| CASE NO. 2:09-5482-EEF-JCW; AND | |
| **T. JACK KENT, et al.,** | |
| v. | |
| **LOWE'S HOME CENTERS, INC.,** | |
| CASE NO. 2:10-01110-EEF-JCW; AND | |
| **OMNIBUS COMPLAINT III (GROSS/BENES)** | |
| CASE NO. 2:09-6690-EEF-JCW. | |

## LOWE'S HOME CENTERS, INC'S
## MEMORANDUM IN SUPPORT OF MOTION TO STAY

Lowe's Home Centers, Inc. ("Lowe's") submits this memorandum in support of its motion to stay this MDL to the extent three plaintiffs involved therein currently have or subsequently file claims against and seek relief from Lowe's ("Lowe's Plaintiffs").[1]  The MDL

---

[1]  At this time, Lowe's is aware of the following pending claims against it in these consolidated proceedings: *Dempster v. Lowes Home Centers, Inc.,* Case No. 09-5482; and *Kent v. Lowe's Home Centers, Inc.,* Case No. 10-1110; and a single plaintiff (Sheila Guidry) in *Gross/Benes (Omnibus III),* Case No. 09-6690. See correspondence dated August 5, 2010 from Patrick W. Pendley, counsel for fifteen (15) plaintiffs dismissing

should be stayed only as to Lowe's because the claims of three Lowe's Plaintiffs are subject to the class action settlement relating to allegedly defective drywall and Order Preliminarily Approving Class Action Settlement, Settlement Certification, and to Schedule Final Fairness Hearing ("Preliminary Approval Order") in the case of *Vereen v. Lowe's Home Centers, Inc.*, No. SU10-CV-2267B, pending in the Superior Court of Muscogee County, Georgia. The Preliminary Approval Order is attached hereto as Exhibit C. The Preliminary Approval Order enjoins any of the Lowe's Plaintiffs in this MDL from continuing to prosecute actions against Lowe's that will be released upon final approval of the settlement. The final approval hearing is scheduled for November 19, 2010.

Because the requested relief will neither prejudice the Lowe's Plaintiffs nor delay the progress of the MDL, Lowe's respectfully requests that this stay as to Lowe's be granted so it is not required to defend claims that will soon be settled.

## I.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A.   The Georgia Court Has Preliminarily Approved a Nationwide Settlement of Claims Related to Allegedly Defective Drywall Against Lowe's

On July 27, 2010, the Georgia court preliminarily approved a nationwide, class-action settlement of claims asserted against Lowe's relating to allegedly defective drywall. This settlement settles both "Chinese-manufactured" drywall claims, such as the ones involved in these centralized proceedings, and "domestic" drywall claims, which are not part of the MDL. Under the settlement, "Defective Drywall" includes any and all drywall, whether manufactured domestically, in China or in any other country, whether synthetic, recycled or natural, and all related products, manufactured, imported, distributed, delivered, supplied, inspected, marketed,

---

their claims against Lowe's in *Omnibus III*, attached as Exhibit A. Attached as Exhibit B is a chart of twenty-four (24) plaintiffs represented by Don Barrett, P.A. and Lovelace Law Firm, P.A. who have dismissed their claims against Lowe's, including docket numbers.

installed and/or sold by Lowe's and which is allegedly harmful and/or defective for any reason whatsoever, including but not limited to, the alleged emission of sulfide gases and any other gases, or chemicals through "off-gassing" that creates noxious, "rotten egg-like" smells, causes corrosion of metals including without limitation, copper and silver, causes any other alleged damage to real or personal property, and/or causes irritant effects and/or potential health hazards or alleged injuries to persons.

The Georgia court's Preliminary Approval Order enjoins the Lowe's Plaintiffs from continuing to prosecute their actions against Lowe's:

> [P]ending resolution of these settlement proceedings, and pending a determination on entry of the Final Order and Judgment after the Fairness Hearing, <u>all members of the Settlement Class, unless and until they have timely and properly excluded themselves from the Settlement Class, are enjoined and prohibited from attempting to frustrate the purpose of the Settlement by commencing, filing, continuing, prosecuting, or participating in any other action or proceeding in any jurisdiction</u>, either directly or indirectly, that asserts claims against Defendant and/or Company and/or Released Parties as defined in the Settlement Agreement, which relate to allegedly defective drywall or any of the settled claims and those claims to be released under the Settlement Agreement.
>
> [P]ending a determination on entry of the Final Order and Judgment after the Fairness Hearing, all members of the Settlement Class, unless and until they have timely and properly excluded themselves from the Settlement Class, are enjoined and prohibited from attempting to frustrate the purpose of this Settlement by organizing Settlement Class Members into a separate class or subclass for purposes of pursuing as a purported class action any lawsuit or proceeding in any jurisdiction (including by seeking to amend a pending complaint to include class actions, or seeking class certification in a pending action) that asserts claims against the Defendant and/or Company and/or Released Parties, as defined in the Settlement Agreement, which relate to allegedly defective drywall and the settled claims and claims to be released under this Settlement Agreement.

Preliminary Approval Order ¶¶ 8-9 (emphasis added).

The settlement, if approved, will release the claims of the following Class Members:

> Any Person in the United States who, during the Class Period, purchased, installed or had installed on real property, Defective Drywall or were owners and/or residents on such real property.
>
> Excluded from the Class shall be the following: (i) All persons who during the Class Period were officers, directors, or employees of The Company; and (ii) All persons currently serving as judges or justices in the State courts of Georgia and the members of their immediate family.

### B. The Lowe's Plaintiffs are Class Members Eligible to Participate in the Class Action Settlement

Each of the Lowe's Plaintiffs alleges to have suffered damages related to the purchase of allegedly defective Chinese-manufactured drywall from Lowe's. The Lowe's Plaintiffs in the MDL are included in the class definition set forth in the Preliminary Approval Order and fit squarely within the Georgia court's order, which applies to any person who purchased, installed, or had installed on real property allegedly defective drywall (including Chinese-manufactured drywall) purchased from Lowe's or were owners and/or residents of such property.

### C. The Claims of the Lowe's Plaintiffs in the MDL

While it is clear that the Lowe's Plaintiffs are part of the preliminarily approved Georgia class action settlement, it bears noting the very small number and status of the claims of the Lowe's Plaintiffs in this massive MDL. This fact weighs heavily in favor of the Court's granting the motion to stay as to Lowe's.

The first suit against Lowe's seeking damages associated with Chinese-manufactured drywall allegedly purchased from Lowe's, captioned *Barry Dempster and Annette Dempster, et. al. vs. Lowe's Home Centers, Inc.,* case number 2:09-5482, was filed on August 10, 2009 in the Eastern District of Louisiana and was automatically consolidated into the MDL based upon the representation in the Complaint that the case involved Chinese-manufactured drywall. For the

reasons detailed in Lowe's pending Motion to Deconsolidate from MDL (Rec. 1561) filed on November 25, 2009, the *Dempster* lawsuit should not even be part of the MDL. Based upon the Threshold Inspection Program inspection of their home completed on October 20, 2009 by the court appointed expert, the Dempsters have no evidence that Chinese-manufactured drywall exists in their house.[2]

But for the purposes of this motion to stay, it does not matter whether the drywall Mr. and Mrs. Dempster claim to have purchased from Lowe's is Chinese-manufactured; the Dempsters are part of the settlement class preliminarily approved by the Georgia court in *Vereen.* Moreover, in the more than 8 months since the filing of the Motion to Deconsolidate, there has been no further activity in the *Dempster* lawsuit. The stay of the *Dempster* lawsuit until the Georgia court rules following the fairness hearing on November 19, 2010, is thus unlikely to prejudice the Dempsters' rights or impede the progress of the MDL proceedings.

While there has been **minimal** activity in *Dempster,* there has been **no activity** in the action captioned *T. Jack Kent, et. al. v. Lowe's Home Centers, Inc.,* case number 2:10-01110, which was consolidated into the MDL based upon a Conditional Transfer Order from the Middle District of Florida. Mr. Kent also seeks damages associated with his alleged purchase of Chinese-manufactured drywall from Lowe's. There has likewise been no activity relating to Lowe's in *Gross, et. al. v. Knauf Gips KG, et. al, (Omnibus III),* case number 2:09-6690. In fact,

---

[2] The Dempsters are also parties to the pending Motion to Intervene (Rec. 4350) filed in *Gross/Benes (Omnibus III),* case number 2:09-cv-6690, through which they seek to become plaintiffs in *Omnibus III* while still maintaining their claims in case number 2:09-cv-5482. For the same reasons set forth in this Motion to Stay, Lowe's opposes the Motion to Intervene to the extent that it seeks to add claims against Lowe's, such as the duplicative claims of the Dempsters, and the claims of Charles and Tracy Bowden and Gregory Bell, who are also moving to intervene to assert claims against Lowe's. All of these purported claims against Lowe's in the Motion to Intervene are subject to the Preliminary Approval Order.

**of the 40 Lowe's Plaintiffs named in *Omnibus III,* 39 have filed or will be filing motions to dismiss their claims against Lowe's.[3]** Lowe's motion to stay affects only **three** plaintiffs out of the tens of thousands of plaintiffs in the MDL.[4]

Lowe's has taken a proactive step in resolving issues with its customers and others, the result of which is the Georgia court's preliminary approval of the settlement as described in detail above. Significantly, the settlement **does not in any way affect the rights of the class members to pursue claims against any parties other than the Lowe's entities in the *Vereen* settlement agreement.** Accordingly, if the Lowe's Plaintiffs have claims against manufacturers or other retailers, for instance, the stay requested by Lowe's would not impede those claims.

Finally, each of the few Lowe's Plaintiffs has the right to "opt out" of the *Vereen* settlement, as set forth in the Preliminary Approval Order, as long as they do so no later than November 9, 2010. Significantly, each Lowe's Plaintiff who does choose to "opt out" may only do so individually, and not as representative of a putative class. And if they do "opt out," they can only proceed in the MDL against Lowe's as individuals and not as part of a class.

## II. THE COURT SHOULD STAY THIS MATTER AS TO LOWE'S BECAUSE THE LOWE'S PLAINTIFFS ARE ENJOINED FROM PROCEEDING AGAINST LOWE'S

Courts have broad discretion and authority to stay proceedings. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997). The Court's authority to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of

---

[3] See Exhibits A and B.

[4] Lowe's acknowledges *Dempster*, *Kent* and *Gross* are purported putative class actions, but no class action against Lowe's has been certified, except for the *Vereen* case in Georgia. But this Court has made clear that class certification issues are nowhere near ripe for consideration in the MDL and that the focus for the near term will be on bellwether trials. As the varied and individualized damage claims and defenses in the bellwether trials make litigation class certification unlikely anyway, the Court's decision to put certification issues aside for now makes all the more sense.

6

time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 229 U.S. 248, 254 (1936).

District courts may also stay proceedings based on principles of comity, judicial administration, and conservation of judicial resources when there are parallel state-court proceedings. *See LAC Real Estate Holdings, L.L.C. v. Biloxi Marsh Lands Corp.*, 320 Fed. Appx. 267, 270 (5th Cir. 2009); *PPG Indus., Inc. v. Cont'l Oil Co.*, 478 F.2d 674, 679-82 (5th Cir. 1973); *Louisiana Seafood Mgmt. Council, Inc. v. Foster,* 926 F.Supp 579 (E.D. La. May 16, 1996); *Jackson v. Dept. of Pub. Safety*, 562 F.Supp 324, 327-28 (M.D. La. April 18, 1983); *Mahbod v. New York Life Ins. Co.*, 2006 U.S. Dist. LEXIS 61758 (E.D. La. Aug. 25, 2006); *Peterson v. Western Rec. Vehicle*, 2006 U.S. Dist. LEXIS 34499 (E.D. La. May 25, 2006). Indeed, settlement of out-of-state class action proceedings may form the basis for a district court to stay related federal court actions. *See Robinson v. Direct Merchs. Credit Card Bank, N.A.*, 2002 U.S. Dist. LEXIS 4146 (E.D. La. March 6, 2002). In *Robinson*, the district court stayed the action because a related state-court national class action had progressed to a tentative settlement. *Id.* at *3. In doing so, the court explained that "given this circumstance, the convenience of the state court proceeding outweighs this forum and the state class action has been shown to be an adequate vehicle for complete and prompt resolution of the issues." *Id.* at *3. Additionally, the defendants had shown that "piecemeal litigation [would] be avoided by abstention" and that the settlement "contemplate[d] all claims between the putative national class and the defendants." *Id.* at *3.

Similarly, in *Jackson*, the defendants filed a motion to dismiss on the grounds, at least in part, that the issues in the federal court case were the same issues before the state court. *Id*. at 326. Addressing relevant policy considerations, the court explained that "duplication of efforts

is inefficient, uneconomical, and imposes on 'the litigants and the witnesses the double burden of two trials,' and 'abrades to some extent the spirit of federal-state comity.'" *Id.* at 327-28 (citing *PPG Indus.,* 478 F.2d at 680). The court ultimately found the state court proceeding was virtually identical to the federal action, the same issues raised in the state action appeared in the federal action, and the federal proceeding was in its earliest stages. *Id.* at 328. Accordingly, the court stayed the proceedings pending resolution of the related state-court litigation. *Id.* at 329.

Other "exceptional circumstances" may also provide grounds warranting a stay of federal proceedings in Louisiana federal courts. *See Steward v. Sherman*, 2000 U.S. Dist. LEXIS 16477 (E.D. La. Aug. 23, 2000). In *Steward*, the district court considered whether to dismiss the federal case based upon the filing of a settlement agreement in a parallel state-court proceeding. *Id.* at *3. The court concluded a stay, not a dismissal, was appropriate as it would avoid the possibility of piecemeal litigation, inconsistent verdicts, and the "certainty of wasteful expenditure of judicial resources on duplicative litigation." *Id.* at *17-18.

District courts throughout the country have stayed proceedings pending the resolution of state-court class actions in circumstances like those present here. In *Annunziato v. eMachines, Inc.*, the Central District of California stayed a putative class action in light of similar proceedings in Ohio state court. No. SACV 05-610-JVS (MLGx), 2006 WL 5014567 (C.D. Cal. July 24, 2006). The defendants requested a stay in the federal court proceedings after the Ohio state court plaintiff moved the court for preliminary approval of a class action settlement. *Id.* at *2. Because the plaintiffs in the federal court action were included the Ohio class action settlement, the court found that efficiency and comity weighed in favor of a stay. *Id.* at *6. As in the case here, the *Annunziato* court noted the Ohio court had entered a preliminary injunction

8

barring any class member from prosecuting any action based on related claims. It therefore concluded that "considerations of comity compel this Court to honor the injunction." *Id.* at \*6.

In *Georgia Ass'n of Educators v. Harris*, 403 F.Supp. 961 (N.D. Ga. 1975), a class action was filed in federal court in Georgia seeking declaratory and injunctive relief with respect to certain employment contracts. *Id.* at 962. Two similar class action suits were later filed in state court in Georgia. *Id.* at 963. The defendants sought a stay of the federal case pending the adjudication of the state court proceedings, asserting state law governed the employment contracts and all substantial issues in the federal court could be adjudicated by the state court. *Id.* Plaintiffs opposed the stay, arguing that none of the named plaintiffs in either of the state court actions was a plaintiff in the federal action and that the state court actions were predicated on different causes of action. *Id.* But the district court granted the stay anyway, provided the state court case was resolved expeditiously. *Id.* at 964.

Here, the Georgia class settlement has the potential to dispose of every claim pending against Lowe's in the MDL. As demonstrated above, staying claims against Lowe's until a decision from the November 19, 2010, final approval hearing in Georgia cannot prejudice the Lowe's Plaintiffs in the MDL and will not impede the progress of this Court's administration of the MDL. In fact, granting the motion to stay as to Lowe's (and assuming final approval of the Georgia settlement) will actually further one of this Court's objectives: to compensate plaintiffs for their claims through settlement. A stay will avoid expending further resources in litigating the Lowe's Plaintiffs' claims, and it will advance the important principles of judicial efficiency and comity.

**Additionally, on August 4, 2010, one federal court already stayed an action against Lowe's HIW, Inc. involving allegedly defective drywall based on the Preliminary Approval**

9

Order in *Vereen*. See, *Yee v. Lowe's HIW, Inc.,* Case no. 3:09-cv-08189 DGC (District of Arizona)(Case Management Order addressing granting of motion to stay not yet entered).

## CONCLUSION/ACTION REQUESTED

Lowe's asks this Court to stay all further proceedings in the MDL against Lowe's pending the final approval of the class settlement in *Vereen v. Lowe's Home Centers, Inc.*

Respectfully submitted,

**ADAMS AND REESE LLP**

*/s/Francis V. Liantonio, Jr.*_____
WILLIAM B. GAUDET (#1374)
FRANCIS V. LIANTONIO, JR. (#19282)
EDWIN C. LAIZER (#17014)
JEFFREY E. RICHARDSON (#23273)
701 Poydras Street
One Shell Square, Suite 4500
New Orleans, LA 70139
Telephone:  (504) 581-3234
Facsimile:  (504) 566-0210
William.Gaudet@arlaw.com
Frank.Liantonio@arlaw.com
Edwin.Laizer@arlaw.com
Jeff.Richardson@arlaw.com

***Attorneys for Lowe's Home Centers, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Plaintiffs' Liaison Counsel, Russ Herman; Defendants' Liaison Counsel, Kerry Miller; and Homebuilders and Installers Liaison Counsel, Phillip A. Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 10th day of August, 2010.

*/s/ Francis V. Liantonio, Jr.*_____