UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2047 |
| | SECTION "L" |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| **BARRY DEMPSTER, et al.,** | MAG. JUDGE WILKINSON |
| v. | |
| **LOWE'S HOME CENTERS, INC.**, | |
| CASE NO. 2:09-5482-EEF-JCW; AND | |
| **T. JACK KENT, et al.,** | |
| v. | |
| **LOWE'S HOME CENTERS, INC.**, | |
| CASE NO. 2:10-01110-EEF-JCW; AND | |
| **OMNIBUS COMPLAINT III (GROSS/BENES)** | |
| CASE NO. 2:09-6690-EEF-JCW. | |

**LOWE'S HOME CENTERS, INC'S
MEMORANDUM  IN OPPOSITION TO THE PSC'S MOTION TO ESTABLISH A
PLAINTIFFS' LITIGATION EXPENSE FUND TO COMPENSATE AND REIMBURSE
ATTORNEYS FOR SERVICES PERFORMED AND EXPENSES INCURRED FOR MDL
ADMININSTRATION AND COMMON BENEFIT**

Lowe's Home Centers, Inc. ("Lowe's") opposes the PSC's motion for an order to establish a Plaintiffs' litigation expense fund ("Fund").  The Court should reject the PSC's motion for several reasons.  First, the PSC's motion improperly asks for an order applying to settlements reached outside the MDL and beyond this Court's jurisdiction.  Second, the PSC's proposed Fund is unlawful to the extent it would retroactively apply to settlements negotiated *before* the PSC filed the instant motion.  Several provisions in the PSC's proposed order would

unduly burden defendants and discourage settlements, which are favored as a matter of public policy. Finally, as to any payments it demands from Lowe's or the Lowe's plaintiffs, the PSC did nothing to create them.

Fundamentally, Lowe's opposes this motion and any order from this Court which would apply, retroactively or prospectively, to the settlement already entered and preliminarily approved in the class action lawsuit, *Vereen v. Lowe's Home Centers, Inc.*, No. SU10-CV-2267B, pending in the Superior Court of Muscogee County, Georgia. The MDL court has no jurisdiction over that lawsuit, that settlement, or the class representative in that lawsuit. If the MDL court would grant the PSC's motion as submitted and purport to bind the *Vereen* parties to paying an assessment, it would be improperly intervening and disregarding that state court's orders, impeding the rights of individuals over whom it has no authority or jurisdiction, impairing the right of parties to contract or enter into settlement, and thwarting the very purpose of ensuring the efficient and expedient resolution of these cases.[1]

The Court should deny Plaintiffs' motion.

## ARGUMENT

**I.   THE APPLICATION OF PLAINTIFFS' PROPOSED FUND TO STATE COURT SETTLEMENTS IS OVERBROAD**

In its motion the PSC seeks to assess all state-court drywall settlements outside the MDL. Specifically, its memorandum requests that some assessments may be the responsibility of defendants:[2]

---

[1] As of this date, there are only three plaintiffs remaining in MDL 2047 naming Lowe's as a defendant, either through transfer or direct filing in the Eastern District of Louisiana. Each of these plaintiffs is a member of the settlement class in *Vereen*. These three plaintiffs, after consultation with their lawyers, can choose to remain in the MDL by opting out of the *Vereen* class action settlement. Thirty-nine (39) other individuals have chosen to dismiss their lawsuits in the MDL and participate in the *Vereen* class action settlement.

[2] PSC's Memorandum in Support, p. 11.

- when there are "claim payments to plaintiffs in state courts <u>that agree to coordination</u>";[3]
- "in a state court action in which a plaintiff is also involved in an Omni Complaint."[4]

The Court should reject Plaintiffs' invitation to assess state-court settlements outside the MDL, such as the *Vereen* settlement.[5]

This Court does not have jurisdiction to impose assessments on settlements in state-court settlements reached in cases outside of MDL 2047. Numerous federal courts have held that an MDL court lacks jurisdiction over cases that have not been transferred to it, or actions venued in state court. *See*, *e.g.*, *In re Showa Denko K.K. L-Tryptophan Prods. Liab. Litig. -- II*, 953 F.2d 162, 166 (4th Cir. 1992) (holding that MDL court lacks jurisdiction over cases that have not been transferred to it; therefore MDL court could not assess a percentage on "actions venued in state courts, untransferred federal cases, and any unfiled claims in which any MDL defendant is a party or payor"); *In re Genetically Modified Rice Litig.*, 2010 WL 716190, at *4 (E.D. Mo. Feb. 24, 2010) ("Plaintiffs' leadership group asks me to include the state court cases in this order, so that defendants would be required to hold back and contribute a portion of any settlements or judgments from those cases as well as from the MDL cases. As stated above, I do not have jurisdiction to do this."); *see also In re Linerboard Antitrust Litig.*, 292 F. Supp. 2d 644, 653 (E.D. Pa. 2003) ("any order sequestering funds from settlements and other recoveries in the tag-

---

[3] PSC's Memorandum in Support, p. 4 (emphasis added).

[4] PSC's Memorandum in Support, p. 11.

[5] It is unclear whether the PSC's motion limits the scope of cases subject to the Fund to only cases in the MDL. PSC's Memorandum in Support, p. 9: "Thus, this Court should properly enter an Order requiring that some portion of the fees earned in each individual action which is the subject of these consolidated MDL 1355 [2047] proceedings be withheld for distribution to counsel acting for the benefit of all litigants."

along actions should not extend to nontransferred cases"); *In re Baycol Prods. Liab. Litig.*, 2004 WL 1058105, at *2 (D. Minn. May 3, 2004). Pursuant to these authorities, this Court may not order any assessment of state-court settlements – including the *Vereen* settlement.

*Second*, Plaintiffs' motion to create a Fund, if granted, could not properly apply retroactively to settlements reached prior to Plaintiffs' motion – including the *Vereen* settlement. In Section 2, under the heading "Assessment" of the PSC's proposed order, the PSC invites the Court to retroactively apply the assessment to settlement agreements reached before any order is entered. While the PSC represents in its supporting memorandum that all PSC members and "of counsel" members of the PSC have agreed to this retroactive assessment,[6] making it retroactively applicable to settlements before the effective date of any order would be unfair and unconstitutional if applied to settling parties who have not agreed to a retroactive assessment and who have not been afforded an opportunity to opt out. The imposition of such costs without notice and the opportunity to opt-out raises significant due process and potentially other constitutional issues. *See generally Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766-67 (1980) (noting that the inherent powers of the judiciary are subject to the limitations of the Due Process Clause); *Shelley v. Kraemer*, 334 U.S. 1, 14 (1948) ("[T]he action of state courts and of judicial officers in their official capacities is to be regarded as action of the State within the meaning of the Fourteenth Amendment."); *see also Dahl v. Akin*, 630 F.2d 277, 280 (5th Cir. 1980) (discussing the complexity of the constitutional issues raised when a court order implicates constitutional due process concerns).

Further, imposition of such costs interferes with Lowe's and the Lowe's plaintiffs freedom to contract and their right to decide on the terms of settlement. Indeed, "[t]hose are

---

[6] PSC's Memorandum in Support, p. 11.

4

matters for the parties to decide for themselves." *Palmer v. Chamberlin*, 191 F.2d 532, 542 (5th Cir. 1951); *Steele v. Drummond*, 275 U.S. 199 (1927) ("It is a matter of great public concern that freedom of contract be not lightly interfered with").  In short, there should be no retroactive assessment to the *Vereen* class action settlement, which has been negotiated, executed and preliminarily approved by a Georgia state court.

*Third,* the differences between the type of drywall claims at issue in MDL 2047 and those in the *Vereen* settlement are important.  MDL 2047 involves only Chinese-manufactured drywall while the *Vereen* settlement broadly includes numerous types of drywall, including "synthetic" drywall and drywall manufactured by entities in the United States.  The *Vereen* settlement will be paid by Lowe's, a retail seller whose stock vendors have told it they did **not** provide Lowe's with Chinese-manufactured drywall.[7]  The PSC ignores these differences.  The settlement was reached, in substantial part, because Lowe's wished to expedite resolution of its customer's claims and avoid, for itself and its customers, the burden and distraction of litigation.  The scope of the PSC's proposed Fund is therefore impermissibly overbroad and the PSC should get no assessment from the *Vereen* class action settlement.

## II. THE PSC'S PROPOSED FUND UNDULY BURDENS DEFENDANTS AND DISCOURAGESSETTLEMENTS, WHICH ARE FAVORED IN THE LAW AND SHOULD BE ENCOURAGED.

The Court should encourage the settlement of class action claims.  The strong public policy behind that is well known.  *Bass v. Phoenix Seadrill/78, Ltd.*, 739 F.2d 1154, 1164 (5th Cir. 1985); *Maher v. Zapata Corp.*, 714 F.2d 436, 455 (5th Cir. 1983); *In re General Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768 (3d Cir. 1995) ("The law favors

---

[7] The Judicial Panel on Multidistrict Litigation's July 15, 2009 Transfer Order creating MDL 2047 states that the consolidated actions involve "drywall manufactured in China, imported to and distributed in the United States, and used in the construction of houses."

5

settlement, particularly in class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation.").

The PSC's proposed order would require an assessment in any settlement involving Chinese-manufactured drywall, even if it arises from a state-court case in which the PSC had no involvement. For example, the PSC's proposed Fund broadly applies to any defendant named in an MDL Omnibus Complaint that is also a party to litigation or settlement in cases not part of the MDL. Such a provision would require every defendant in any Omnibus Complaint filed in the MDL to pay the assessment and produce "any and all papers constituting their settlement agreements" – even if such settlements were not limited to Chinese-manufactured drywall. The sweep of this is beyond the jurisdiction of this MDL Court and any such order would chill the prospect of broad settlements, which surely should not be the purpose of the PSC or the objective of this Court.

That the PSC's proposed Fund would burden Lowe's and the other defendants with the task of withholding and paying assessments to the PSC is unfair. That task is appropriately the responsibility of the plaintiffs' counsel who have contractually **agreed** to pay such assessments to the PSC. Indeed, the PSC's proposed order contains a "list of cases and/or counsel who have entered into written agreements with the [PSC]" that purports to comprise the universe of cases to which the proposed assessment would apply. *See* Proposed Order, Sec. 2 para. C ("Assessments"). If the attorneys for the plaintiffs in the listed cases have indeed consented to paying the assessment to the PSC, then that is **their** contractual obligation to the PSC. But it is not Lowe's responsibility, nor should Lowe's be required, to submit quarterly reports of payments of assessments in the proposed order at Section 3, paragraph D ("Disbursements"). If any such reports are required, plaintiffs and their counsel can provide them.

The PSC's definition of "gross monetary value" likewise impedes settlements, particularly for those cases outside the MDL. "Gross monetary value" includes not only the money to be paid to plaintiffs but also the fees to be paid to their lawyers: "All plaintiffs *and their attorneys* . . . are subject to an assessment . . . ." *See* Proposed Order, Section 2 ("Assessment"). The provision is chilling because the lawyer for the prospective settling plaintiff who does not want his fee cut will have to negotiate for a larger fee. The most likely result of such an assessment will be to encourage the settling parties to find ways to avoid the MDL altogether, or wait until the MDL has terminated. Neither approach promotes efficient settlements. Moreover, any insistence upon the larger fee threatens the settling plaintiff's attorney relationship with the client and the approval of any reviewing court.

**III.    *De Minimis Non Curat Lex***

Under the concept of *de minimis non curat lex*, a court should not concern itself with issues that have only minimal relevance to the matter before it. The *Vereen* class action settlement has little to do with the Chinese drywall MDL litigation because of the differences noted above. Moreover, the PSC has not contributed to or advanced the *Vereen* Settlement for the Lowe's plaintiffs or for Lowe's. This is not any fault of the Court, but instead because this Court and the PSC have been focused on the major Chinese drywall defendants. As noted above, Lowe's has been told by its stock vendors that they did not even provide Lowe's with Chinese drywall. As Lowe's has not been a focus for this Court, it is equally true the PSC's actions have had little to do with Lowe's. The brazen demand that Lowe's pay the PSC for cases Lowe's settles in different jurisdictions involving different plaintiffs and different claims thus makes no sense. That other PSCs in other class action litigation have been allowed such assessments on settlements with different defendants does not mean this PSC has earned an assessment from Lowe's.

7

The PSC's impact upon the cases filed against Lowe's and centralized in this MDL is no different. All but three will be dismissed by plaintiffs who want out of the MDL so they can participate in *Vereen*, a settlement the PSC had nothing to do with. **Of the three remaining MDL actions against Lowe's**, one demonstrably does not belong in the MDL as it does not involve Chinese-manufactured drywall in the first instance. The other two languish, as inactive today as they have been since filing, with no further proof advanced that Lowe's may have supplied Chinese manufactured drywall.

The Court will note the *Vereen* settlement will not require even those two plaintiffs to give up claims they have against the manufacturers of the drywall; that is important. Unless they opt out of *Vereen*, these two plaintiffs—two out of thousands—only give up their claim against an "innocent seller." These plaintiffs will maintain their actions against all other alleged suppliers of drywall, and potentially more importantly, against the alleged manufacturers of the Chinese drywall. Rather than have to prove Lowe's did sell them Chinese-manufactured drywall and then prove what portion of their damages should be paid by Lowe's as opposed to the alleged manufacturers, these two plaintiffs can participate in the *Vereen* settlement and be done with Lowe's. The gossamer nexus between Lowe's and the PSC justifies nothing, and certainly not the aggressive relief the PSC demands from Lowe's.

Lowe's reserves the right to adopt by reference arguments raised by other parties in opposition to the PSC's motion including, without limitation, arguments about the amount of any assessment.

## **CONCLUSION**

Plaintiff's Litigation Expense Fund may be appropriate for some litigants and their counsel. But they will be the litigants and counsel who agreed to it. Lowe's did not. And

virtually none of the Lowe's plaintiffs and the many prospective claimants who stand to benefit from the settlement in *Vereen* did, either.

Because the burden of the PSC's motion upon Lowe's and the Lowe's plaintiffs is heavy, to say nothing of unlawful, and because the benefit to Lowe's is light–existing essentially in the minds of the PSC and measurable only by an analytical balance, if at all, Lowe's asks that it be denied.

Respectfully submitted,

**ADAMS AND REESE LLP**

*/s/Francis V. Liantonio, Jr.*
WILLIAM B. GAUDET (#1374)
FRANCIS V. LIANTONIO, JR. (#19282)
EDWIN C. LAIZER (#17014)
JEFFREY E. RICHARDSON (#23273)
701 Poydras Street
One Shell Square, Suite 4500
New Orleans, LA 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
William.Gaudet@arlaw.com
Frank.Liantonio@arlaw.com
Edwin.Laizer@arlaw.com
Jeff.Richardson@arlaw.com

***Attorneys for Lowe's Home Centers, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on Plaintiffs' Liaison Counsel, Russ Herman; Defendants' Liaison Counsel, Kerry Miller; and Homebuilders and Installers Liaison Counsel, Phillip A. Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 10th day of August, 2010.

*/s/ Francis V. Liantonio, Jr.*