**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE CHINESE-MANUFACTURED DRYWALL | * | MDL NO. 2047 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION "L" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE FALLON |
| *Catalanotto*, No. 10-CV-01828 | * | |
| | * | MAG. WILKINSON |

**************************************************

**DEFENDANT THE STANDARD FIRE INSURANCE COMPANY'S**
**MEMORANDUM IN OPPOSITION TO**
**PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE**

**INTRODUCTION**

In accordance with the Court's order of July 1, 2010 (Doc. 4300), ten Rule 12 motions

were filed by homeowners' insurance companies on July 19, 2010, seeking rulings that the

homeowners' policies at issue do not provide coverage for losses claimed to be caused by

Chinese-made drywall.  One of those ten motions was a motion to dismiss filed by The Standard

Fire Insurance Company ("Standard Fire") in *Catalanotto* (Doc. 4467).  The Plaintiffs' Steering

Committee ("PSC") initially sought a brief, two-day extension of time to respond to the Motion

to Dismiss filed by Standard Fire, to which Standard Fire agreed.  The PSC then later filed a

motion for dismissal of *Catalanotto* without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) (Doc.

4835).  When the PSC advised Standard Fire's counsel of its intention to seek dismissal without

prejudice, Standard Fire's counsel immediately began working on an answer and counterclaim,

to preserve its rights to litigate the important coverage issues presented by its dispositive motion.

Ultimately the PSC filed its motion to dismiss without prejudice which was received by undersigned counsel from the Court's CM/ECF system approximately three (3) minutes before Standard Fire's answer and counterclaim was filed.  (*See* Docs. 4385 and 4386; Affidavit of Ralph S. Hubbard III ¶¶ 3 and 4 (attached as Exhibit A hereto).)  The PSC's motion for dismissal was not served on Standard Fire in conformity with Pretrial Order No. 6, however, until approximately nine (9) minutes after the answer and counterclaim had been filed (see Affidavit of Ralph S. Hubbard III, ¶ 5 (attached as Exhibit A hereto)), and thus the Counterclaim must be adjudicated, as explained further below.  The Counterclaim seeks a declaratory judgment on the same insurance coverage issues raised by the Petition.  (*See* Doc. 4836, at 4-7.)

It appears that the PSC has strategically selected two of the ten motions filed by homeowners' insurers as ones it would rather not respond to – a motion filed by The Standard Fire Insurance Company ("Standard Fire") in *Catalanotto* (Doc. 4467), and a motion filed by ASI Lloyds in *Kessler* (Doc. 4462).  While the PSC provided no reason for seeking dismissal in its motion, the PSC apparently wants to avoid litigating *Catalanotto* because of the nature of the allegations pled.  Plaintiff Mary Ann Catalonotto sued several construction contractors involved in the installation of the Chinese-made drywall, in addition to suing Standard Fire.  Her allegations concede that "[t]he Chinese Drywall in the Home contains redhibitory *defects* and renders the Home *unfit and useless for its intended purpose*."[1]  (*Catalonotto* Petition, ¶ 15 (emphasis added); *see also id.*, ¶¶ 16-17, 35, 40-41, 49, 51, 59-60, 69, 73, 75, 84-85.)  Standard Fire's Motion to Dismiss argues that these allegations, accepted as true, fall squarely within the insurance policy's exclusions for loss caused by faulty, inadequate or defective materials, and loss caused by a latent defect.  (*See* Standard Fire Memo., Doc. 4467-1, at 7-12.)  Rather than

---

[1] The Civil Code provides, in pertinent part, that "[a] defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect."  La. Civ. Code art. 2520.

litigate a case where this insurance coverage issue is squarely presented on the face of the Petition, the PSC would like to voluntarily dismiss this case, apparently in an attempt to avoid a decision by this Court on the merits of that question.[2]  This procedural maneuver is wholly improper, especially because this Court's adjudication of insurers' Rule 12 motions is designed to allow critical issues to be decided in a consolidated manner, with all parties having an opportunity to be heard.  Allowing dismissal would substantially prejudice Standard Fire's right to have its position heard when this Court adjudicates, in a consolidated manner, critical insurance coverage issues involving Chinese-made drywall.  These very same issues are presented by other similar insurance claims that have been asserted against Standard Fire and its affiliates (other insurance company subsidiaries of The Travelers Companies, Inc.).  The PSC's motion to dismiss should therefore be denied.

## ARGUMENT

Fed. R. Civ. P. 41(a) provides a plaintiff with two options for seeking voluntary dismissal of an action.  Rule 41(a)(1) provides for dismissal without a court order if the plaintiff files a notice of dismissal "before the opposing party serves either an answer or a motion for summary judgment," or if all parties stipulate to dismissal.  Here, Plaintiff chose not to file a notice of dismissal under Rule 41(a)(1) before Standard Fire served its answer and counterclaim.  Instead, Plaintiff filed a motion for dismissal under Rule 41(a)(2), which provides that:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.  If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.  Unless

---

[2] The PSC is trying to distance itself from the allegations in *Catalanotto* regarding the defective nature of the drywall at the same time as it is filing papers in this Court on other issues expressly acknowledging, among other things, that the houses and other properties at issue in this MDL "were damaged by defective drywall," and that "[n]umerous governmental agencies have studied this drywall and found it be defective."  (Doc. 5011-1, at 6 (filed in "All Cases").)

the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2).

As the Fifth Circuit has explained, "[t]he primary purpose in entrusting dismissal to the supervision of the court under Rule 41(a)(2) is to protect the non-movant from unfair treatment. Generally, courts approve such dismissals unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 177 (5th Cir. 1990). "If a defendant will suffer some cognizable prejudice greater than the mere prospect of a second lawsuit, voluntary dismissal without prejudice should be denied." *Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs.*, 903 F.2d 352, 360 (5th Cir. 1990). "If the district court concludes that granting the motion unconditionally will cause plain legal prejudice, it has two options, it can deny the motion outright or it can craft conditions that will cure the prejudice." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317-318 (5th Cir. 2002). Factors considered in making this determination also include whether there is an "insufficient explanation of the need to take a dismissal . . . ." *Id.* at 318 n.3 (quoting *Witzman v. Gross*, 148 F.3d 988, 992 (8th Cir. 1998)); *see also id.* at 319.

Here, because of the nature of this consolidated proceeding and the upcoming hearing on Rule 12 motions, Standard Fire plainly will be prejudiced if the PSC's motion to dismiss is granted. Standard Fire expended substantial time and effort on its motion to dismiss, and in keeping abreast of and participating in this complex proceeding (which has involved 24 pretrial orders, over 5000 docket entries and numerous status conferences). Standard Fire and its property casualty affiliates have received numerous claims involving Chinese-made drywall, and expect to receive additional claims. Because all of the Chinese-made drywall litigation in the Eastern District of Louisiana has been consolidated before this Court, this Court's ruling on the

4

application of insurance policy language will be the only decision on those coverage issues in this District. The very purpose of an MDL proceeding is to have "coordinated or consolidated pretrial proceedings" that allow every party the right to be heard. *See* 28 U.S.C. § 1407(a); *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 33 (1998) ("the [MDL] statute limits a transferee court's authority to the conduct of 'coordinated or consolidated' proceedings").[3]

Standard Fire has a substantial stake in the legal issues that are before this Court, and has properly sought the right to be heard when those issues are decided. Due to the importance of the issues presented here, one of Standard Fire's affiliates filed a declaratory judgment action in the Eastern District of Virginia, which resulted in a decision on the same issues presented by Standard Fire's Motion to Dismiss in this case. *TRAVCO Ins. Co. v. Ward*, No. 2:10cv14, 2010 U.S. Dist. LEXIS 54387 (E.D. Va. June 3, 2010). It was not necessary for Standard Fire to file a declaratory judgment action to enable it to litigate the critical coverage issues under Louisiana law in this Court because Standard Fire was sued in *Catalanotto*, and filed a dispositive motion. But immediately upon receiving notice that the PSC intended to voluntarily dismiss *Catalanotto*, Standard Fire filed a counterclaim for declaratory judgment to preserve its rights. Dismissing this litigation without otherwise protecting Standard Fire's rights would deprive Standard Fire of its right to have its position heard on the important legal issues presented by this case. *See Oses v. United States*, 833 F. Supp. 49, 51 n.3 (D. Mass. 1993) (denying motion for voluntary dismissal "because of the prejudice to the defendant that would result from pretermitting resolution of an important legal issue toward which it has expended substantial resources").

---

[3] Standard Fire does not contend that all homeowners' insurance cases from other jurisdictions should be adjudicated in this MDL, and the MDL panel correctly has denied transfer of those cases. Nevertheless, to the extent that this Court is hearing all of the Eastern District's insurance coverage cases involving Chinese-made drywall in conjunction with the MDL proceeding, every insurer should have the right to be heard on the issues.

If this Court grants the insurers' motions to dismiss, that ruling will undoubtedly be appealed to the Fifth Circuit and likely lead to controlling authority that will be binding on Standard Fire in all Chinese-drywall coverage litigation in Louisiana federal courts (and may also carry significant weight in similar litigation in other jurisdictions).  Similarly, if this Court denies the motions to dismiss but finds that the coverage issues presented are appropriate for immediate appellate review under 28 U.S.C. § 1292(b), that also could lead to the establishment of controlling authority binding on Standard Fire.  To allow dismissal would deprive Standard Fire of the ability to be heard when these critical judicial decisions are made, and thereby defeat the purpose of this consolidated proceeding.  *See In re Allstate Ins. Co. Fair Labor Stds. Act Litig.*, 2008 U.S. Dist. LEXIS 111338, at *5 (D. Ariz. July 14, 2008) (denying motion for voluntary dismissal in MDL proceeding, explaining that "[t]he Court also considers it appropriate to consider the fact that this is an MDL action in determining whether an unconditional dismissal without prejudice . . . should be allowed," and concluding that allowing dismissal would "defeat the purpose behind the institution of this MDL action.").

Moreover, the PSC has provided an "insufficient explanation of the need to take a dismissal . . . ."  *Elbaor*, 279 F.3d at 318 n.3 (5th Cir. 2002) (quoting *Witzman v. Gross*, 148 F.3d 988, 992 (8th Cir. 1998)).  The PSC's brief contains no explanation whatsoever for why they are seeking dismissal of this case.  It appears to be a purely tactical decision because the allegations in the *Catalanotto* Petition squarely present the applicability of certain exclusions, and thus will be harmful to the PSC's position.  The PSC's failure to explain the grounds for its motion warrants denial of the motion.  *See Hartness v. Miss. State Port Auth.*, 2008 U.S. Dist. LEXIS 1054, at *6 (S.D. Miss. Jan. 4, 2008) (denying motion for voluntary dismissal because "plaintiffs'

motion in the present case offers no explanation for seeking voluntary dismissal," and thus "does not justify the requested relief").

The Court therefore should deny Plaintiff's motion to dismiss without prejudice, and allow Standard Fire's Rule 12 motion to be heard on September 2.  This will allow Standard Fire to be heard on the issues presented.

Alternatively, the Court should allow Standard Fire to file a dispositive motion on its counterclaim, to be heard on the same date as the other dispositive motions.  Rule 41(a)(2) provides that "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication."  Fed. R. Civ. P. 41(a)(2). Standard Fire filed a counterclaim before being served with Plaintiff's motion to dismiss in conformity with Pretrial Order No. 6 which requires service by Lexis-Nexis File&Serve. (Affidavit of Ralph S. Hubbard III, ¶ 4 and 5.)  Regardless of whether the Court chooses to adjudicate the counterclaim independently, Standard Fire should have the right to be heard on the issues presented on September 2.

Another possible means of "craft[ing] conditions that will cure the prejudice," *Elbaor*, 279 F.3d at 318, would be to allow Standard Fire to participate fully in the briefing and oral argument of the Rule 12 motions as an *amicus curiae*.  Any other result would allow procedural gamesmanship by the PSC to deprive Standard Fire of its day in court when these critical issues are being decided.

7

## CONCLUSION

For all of the foregoing reasons, Plaintiff's Motion to Dismiss Without Prejudice (Doc. 4835) should be denied, and the Court should order that Standard Fire's Motion to Dismiss will be heard on September 2.  Alternatively, the Court should allow Standard Fire to file a dispositive motion on its Counterclaim to be heard on September 2, or allow Standard Fire to participate fully in the briefing and oral argument of the insurers' Rule 12 motions as an *amicus curiae*.

Respectfully Submitted,

 _/s/*Ralph S. Hubbard III*_____
**Ralph S. Hubbard III, La. Bar No. 7040**
**Seth A. Schmeeckle, La. Bar No. 27076**
**LaDonna G. Wilson, La. Bar No. 29102**
Lugenbuhl, Wheaton, Peck,
         Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone:     (504) 568-1990
Facsimile:      (504) 310-9195
e-mail:          rhubbard@lawla.com
                    sschmeeckle@lawla.com
                    lwilson@lawla.com

And

Of Counsel:
**Stephen E. Goldman**
**Daniel F. Sullivan**
**Wystan M. Ackerman**
**Jamie M. Landry**
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103-3597
Telephone: (860) 275-8200
Facsimile: (860) 275-8299

**Attorneys for The Standard Fire Insurance Company**

8

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Support of Motion to Sever has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 11th day of August, 2010.

_/s/Ralph S. Hubbard III_____
**Ralph S. Hubbard III, La. Bar No. 7040**