UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>ALL CASES | JUDGE FALLON<br><br>MAG. JUDGE WILKINSON |

**PLAINTIFFS' STEERING COMMITTEE'S REPLY IN SUPPORT OF ITS MOTION TO ESTABLISH A PLAINTIFFS' LITIGATION EXPENSE FUND TO COMPENSATE AND REIMBURSE ATTORNEYS FOR SERVICES PERFORMED AND EXPENSES INCURRED FOR MDL ADMINISTRATION AND COMMON BENEFIT**

**I.   INTRODUCTION**

Presently pending before the Court is the PSC's motion to establish a plaintiffs' litigation expense fund to compensate and reimburse attorneys for services performed and expenses incurred for MDL Administration and common benefit. Since the consolidation of this litigation before this Honorable Court, the PSC has worked feverishly to represent the interests of all plaintiffs. It has prosecuted several cases to favorable verdicts and it has been instrumental in establishing the framework for an appropriate remediation program through the development of expert witnesses and trial experts. The PSC has also incurred in excess of $500,000.00 in translation and service costs pursuant to the Hague defendants, and has incurred substantial additional expenses related to discovery and the review of indicia. These activities as well as the expenses incurred by the PSC have inured to the benefit of all plaintiffs.

Notwithstanding that the PSC has benefitted all plaintiffs in this litigation, several parties

1

have objected to the PSC's motion to establish a plaintiffs' litigation expense fund.[1] The overwhelming majority of these oppositions are by defendants who lack standing to object to the substantive aspects of the PSC's motion.[2] The arguments in these oppositions should be rejected for the reasons set forth below.

## II.     ARGUMENT

The objecting defendants lack standing to raise their substantive challenges to the motion to establish a plaintiffs' litigation expense fund. For instance, **while no plaintiffs has objected to the amount of the proposed assessment**, Knauf and certain of the other defendants have objected to the proposed 17% assessment (12% fee and 5% cost). The objecting defendants lack standing to make these challenges. Perhaps for this reason, the responses by the objecting defendants

---

[1] The PSC received the following responses to its motion to establish a plaintiffs' litigation expenses fund: (1) Knauf Gips KG; Knauf Plasterboard (Tianjin) Co., Ltd.; Knauf Plasterboard (Wuhu) Co., Ltd.; and Guangdong Knauf New Building Materials Products Co., Ltd. (collectively "Knauf"); (2) The Travelers Indemnity Company of Connecticut; Travelers Property Casualty Company of America f/k/a The Travelers Indemnity Company of Illinois; St. Paul Fire & Marine Insurance Company; and The Standard Fire Insurance Company; (3) Banner Supply Company; Banner Supply Company of Pompano; Banner Fort Myers LLC; Banner Supply Company Tampa; and Banner Supply International; (4) Insurer Steering Committee; (5) Homebuilders' Steering Committee; (6) Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company and Nationwide Property and Casualty Insurance Company; (7) The Insurance Company of the State of Pennsylvania; (8) Lowe's Home Centers, Inc.; (9) FCCI Commercial Insurance Company and FCCI Insruance Company; (10) Interior Exterior Building Supply and Independent Building Supply Association; (11) and certain plaintiffs represented by Milstein, Adelman & Kreger, LLP and Robert & Durkee, P.A.

[2] The response by Milstein, Adelman & Kreger, LLP and Robert & Durkee, P.A. is a copy cat of the Plaintiffs', Simon and Rebecca Finger, James and Joycelyn Butler, Carolyn Cathcart and Jason and Renee Niemann, response to the motion to establish a plaintiffs' litigation expense fund. Because Milstein Adelman are counsel in both cases and the briefs are identical for all practical purposes, the PSC incorporates its argument from its supplemental memorandum in support of its motion to establish a plaintiffs' litigation expense fund herein by reference.

represent the only known instance where defendants have objected to an assessment during the entire history of the MDL panel.

"The Art. III judicial power exists only to redress or otherwise to protect against injury to the complaining party, even though the court's judgment may benefit others collaterally. A federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered some threatened or actual injury resulting from the putative illegal action . . .". *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (internal quotations omitted) (citations omitted).

In addition to their arguments regarding the amount of the proposed assessment, the objecting defendants also raise due process, notice, and opt-out arguments that they purport to be making on behalf of all plaintiffs. While the PSC seriously questions the objecting defendants' concern for the rights of plaintiffs, it is clear they lack standing to make these arguments under *Warth* and its progeny. *See Warth*, 422 U.S. at 499 ("even when the plaintiff has alleged injury sufficient to meet the case or controversy requirement, this Court has held that the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.") (internal quotations omitted) (citations omitted).

\* \* \* \* \* \* \* \* \* \*

Despite the objecting defendants opposition to the amount of the proposed assessment, it should again be highlighted that no plaintiffs have objected to this aspect of the PSC's motion to establish a plaintiffs' litigation fund. A 17% assessment is justified for the reasons stated in the PSC's opening brief. Additionally, the PSC invites the Court to review the reports of Philip A. Garret, C.P.A., who has been appointed by the Court to provide accounting services with regard to the reporting of time and expenses by the PSC and other common benefit attorneys, as further

justification for a 17% assessment. The PSC further proposes that counsel for defendants provide their hours and costs to ensure a modicum of fairness so that the Court can make a fully informed decision after reviewing defense litigation costs.

The PSC also wishes to highlight that objecting defendants are responsible for much of the costs that have been incurred by the PSC. Despite the PSC's repeated efforts to reach an agreement whereby Knauf and the other foreign defendants agree to accept service of process in this litigation, these foreign defendants have refused to relent in their insistence that the PSC and others must serve all complaints consistent with the requirements of the Hague Convention. The PSC has incurred $556,598.07 in service expenses (excluding Fedex costs) as a direct result of this stalwart refusal by Knauf and others to accept service of process in this litigation. These costs continue to mount and the PSC is committed to pay costs necessary to effectuate service of the existing complaints as well as the proposed complaints in intervention.

Knauf has taken this unreasonable position concerning service of process notwithstanding that its counsel has been appointed defense liaison counsel. Knauf participated in the *Germano* proceedings until withdrawing on the eve of trial. Knauf was a party defendant in the *Hernandez* trial. Knauf has settled the *Campbell* and *Clement* cases. Knauf has responded to and/or filed numerous motions that have been decided and/or are presently pending before the Court. Thus, Knauf has enjoyed unlimited access to the Court even though it steadfastly refuses to submit to the jurisdiction of the Court in cases where service of process has not yet been effectuated consistent with the requirements of the Hague Convention. Knauf's refusal to accept service of process serves two nefarious purposes: (1) to drive up plaintiffs' litigation costs, and (2) delaying these proceedings while plaintiffs attempt to effectuate service of process consistent with the requirements of the

Hague Convention.

Despite these obstreperous tactics and their corresponding impact on plaintiffs' litigation expenses, Knauf has the audacity to object to the proposed assessment as excessive. This irony should not be lost on the Court or the public.

\* \* \* \* \* \* \* \* \* \*

Several of the objecting defendants have also challenged the Court's authority to assess cases in state courts. These arguments by counsel serve little more than as an excuse to bill clients for drafting oppositions to the motion to establish plaintiffs' litigation expense fund. It is well established that without voluntary coordination, state court litigants are not subject to this Court's authority to impose an assessment. *See In Re: Showa Denko K.K. L-Tryptophan Products Liability Litigation II*, 953 F.2d 162 (4th Cir. 1992).

Accordingly, the PSC is only seeking to assess state court cases where plaintiffs' counsel have agreed to the assessment. The various members of the PSC, of counsel to the PSC, and other common benefit attorneys have agreed to the proposed assessment on state court cases. To the extent the opposing defendants contend they will be required to administer assessments on settlements with other defendants and/or their insurers, these concerns are entirely unjustified since the proposed assessment will be limited to omni plaintiffs.

\* \* \* \* \* \* \* \* \* \*

Several of the objecting defendants have also objected to the PSC's motion to establish a plaintiffs' litigation expense fund on the grounds that the PSC has not yet established that it is entitled to a common benefit fee. While several of these defendants take the remarkable position that the PSC's activities have not generated any benefit to plaintiffs, the PSC is not seeking an award

5

of a common benefit fees at this time. Rather, the PSC is seeking to protect its ability to recover a common benefit fee by preserving the res during the course of this litigation. At an appropriate point in the future it will become necessary to determine the amount of the common benefit fee, if any, the PSC is entitled to recover.[3]

* * * * * * * * * *

Several defendants have also objected to the PSC's proposal that they be required to make payments to the plaintiffs' litigation expense fund. These objections should be rejected since it is common for courts to require that defendants make such payments. *See In re Diet Drugs Products Liability Litigation*, 1999 WL 124414 (E.D. Pa. Feb. 10, 1999) (PTO No. 467); *Turner v. Murphy Oil USA, Inc.*, 422 F.Supp.2d 676, 685 (E.D.La. 2006) (Fallon, J.); *In re Vioxx Products Liability Litigation,* MDL No. 1657, PTO No. 19 (E.D. La. Aug. 4, 2005).

* * * * * * * * * *

Several defendants have also argued that they should not be required to provide confidential settlement agreements to PSC members and/or that the Court should restrict the PSC's access to statements from the escrow agent (*i.e.*, because the PSC could purportedly use monthly statements to dicepher the dollar amount of confidential settlement agreements). The PSC does not object to

---

[3] It is not uncommon, therefore, for courts to revisit common benefit assessments when circumstances warrant, especially in light of a global settlement. *See*, *e.g.*, *In re Guidant Corp. Implantable Defibrillators Products Liability Litigation*, 2008 WL 682174 at *12 (increasing assessment of fund award); *In re Bextra and Celebrex Marketing Sales Practices and Prod. Liab. Litig.*, Pretrial Order No. 8A: Amendment to Order Establishing Common Benefit Fund (N.D. Cal. July 7, 2008) (court allowed assessment to be increased: "[g]iven the extensive work, including discovery, expert, and bellwether trial preparation, that has been conducted by Court-designated counsel, including Plaintiffs' Liaison Counsel and the members of the PSC (including its subcommittees), and given the size and length of the litigation . . ."); *Turner v. Murphy Oil*, 422 F. Supp. 2d 676, 683 (E.D. La. 2006) (PTO No. 8) (increasing assessment of fund award).

the imposition of reasonable provisions to preserve the confidentiality of settlement agreements.

While the PSC believes the objecting defendants' concerns over confidentiality are overblown, it proposes that it be afforded an opportunity to work out a reasonable accommodation to resolve these concerns. The PSC proposes that the Court modify the verbiage in its proposed order granting its motion to establish a plaintiffs' litigation expense fund in order to provide a short window of time (two weeks) to resolve the concerns over confidentiality. If the parties are unable to resolve these concerns over this two week period, the Court should resolve any remaining disputes.

\* \* \* \* \* \* \* \* \* \*

The opposition by Lowe's Home Centers, Inc. to the motion to establish a plaintiffs' litigation expense fund is premature. The opposition by Lowe's concerns litigation pending in Muscogee County, Georgia wherein Lowe's has reached a settlement with certain plaintiffs that have claims pending in the MDL Court. Because the PSC has filed a motion to enjoin these conflicting state court proceedings, *see* Document # 5011, Lowe's objection to the establishment of a plaintiffs' litigation expense fund is properly resolved when the Court addresses the motion to enjoin.

\* \* \* \* \* \* \* \* \* \*

In their response to the PSC's motion to establish a plaintiffs' litigation expense fund, The Travelers Indemnity Company of Connecticut; Travelers Property Casualty Company of America f/k/a The Travelers Indemnity Company of Illinois; St. Paul Fire & Marine Insurance Company; and The Standard Fire Insurance Company argue the imposition of an assessment would violate the McCarran-Ferguson Act. *See* 15 U.S.C. § 1012. These defendants contend the imposition of an

assessment would amount to the taxation of the insurers in violation of the McCarran-Ferguson Act. While these defendants deserve some credit for their creativity, the argument that an assessment would violate the McCarran-Ferguson Act is proposterous and should be rejected by the Court.

The PSC's motion to establish a plaintiffs' litigation expense fund is in no way analogous to the taxation of the insurance defendants. Rather, the motion is intended to provide a lien on settlements by plaintiffs who have benefitted from work performed by the PSC and other common benefit attorneys. Accordingly, the arguments concerning the McCarran-Ferguson Act should be rejected.

### III.   CONCLUSION

It is ironic that this case opened with a statement by Neil Sivyer in open court stating in words or substance that this case is about plaintiffs' counsel fees. Over one year later, with three substantial verdicts, a host of discovery, and reports of the Consumer Product Safety Commission and *Daubert* rulings substantiating home owners' claims for relief, that Neil Sivyer and his cabal of defense counsel, by virtue of their opposition to the assessment order, are still singing the same tune. It is respectfully requested that the court ignore their protests and grant the relief requested by the PSC.

Respectfully submitted,

Dated: August 11, 2010
/s/ Russ M. Herman
Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Matthew C. Gaughan (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Victor Manuel Diaz
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
 Matthews, Martinez, Gonzales,
 Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020   bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055   Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Richard S. Lewis<br>HAUSFELD LLP<br>1700 K Street, N.W<br>Suite 650<br>Washington, DC 20006<br>Phone: (202) 540-7200<br>Fax: (202) 540-7201<br>rlewis@hausfeldllp.com | Jeremy W. Alters<br>Alters, Boldt, Brown, Rash & Culmo, P.A.<br>4141 N.E. 2nd Avenue<br>Suite 201<br>Miami, FL 33137<br>Phone: (305) 571-8550<br>Fax: (305) 571-8559<br>jeremy@abbrclaw.com |
| Daniel K. Bryson<br>Lewis & Roberts<br>3700 Glenwood Avenue, Suite 410<br>Raleigh, NC 27612<br>Phone: (919) 981-0191<br>Fax: (919) 981-0431<br>dkb@lewis-roberts.com | Richard J. Serpe, Esquire<br>Law Offices of Richard J. Serpe<br>Crown Center, Ste. 310<br>580 East Main Street<br>Norfolk, VA 23510-2322<br>rserpe@serpefirm.com |

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Plaintiffs' Steering Committee's Reply in Support of Its Motion to Establish a Plaintiff's Litigation Expense Fund to Compensate and Reimburse Attorneys for Services Performed and Expenses Incurred for MDL Administration and Common Benefit has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 11th day of August, 2010.

      /s/ Leonard A. Davis
      Leonard A. Davis, Esquire
      Herman, Herman, Katz & Cotlar, LLP
      820 O'Keefe Avenue
      New Orleans, Louisiana 70113
      Phone: (504) 581-4892
      Fax: (504) 561-6024
      LDavis@hhkc.com
      Plaintiffs' Liaison Counsel
      MDL 2047