UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br>ALL CASES AND<br><br>Rogers, et al. v. Knauf GIPS KG, et. al.,<br>Case No. 2:10-cv-00362 (E.D.La.) | |

**THE PLAINTIFFS' STEERING COMMITTEE'S REPLY IN SUPPORT OF ITS RULE 6(b) MOTION FOR EXTENSION OF TIME FOR SERVICE OF PROCESS UNDER RULE 4(m) IN *ROGERS*** 

I.  **INTRODUCTION**

Presently pending before the Court is the Plaintiffs' Steering Committee's motion for extension of time for service in *Rogers, et al. v. Knauf GIPS KG, et. al.*, Case No. 2:10-cv-00362 (E.D.La.). Only Knauf Plasterboard (Tianjin) Co., Ltd. (hereafter "KPT"), through its counsel as amicus curiae, has opposed this motion on the grounds that PTO 17 allegedly precludes plaintiffs from obtaining extensions of time for service of process with regard to all actions against KPT.[1] This argument is not only contrary to the intention of the parties when PTO 17 was framed and entered but is also misplaced since the 120 day period for service of process set forth in Rule

---

[1] Simultaneous with the filing of the motion to extend the 120 day period for service of process in *Rogers*, the PSC also moved to extend the 120 day period for service of process in *Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et. al.*, Case No. 2:10-cv-00361 (E.D.La.) (Omnibus II Complaint); *Gross, et al. v. Knauf Gips KG, et. al.*, Case No. 2:09-cv-6690 (E.D.La.) (Omnibus III Complaint); and *Amato, et al. v. Liberty Mutual Insurance Company, et. al.*, Case No. 2:10-cv-932 (E.D.La.) (Omnibus V Complaint). No oppositions to these motions for extension of time have been filed.

1

4(m) is inapplicable to foreign defendants.

## II. FACTS

The Plaintiffs in *Rogers* commenced this action on March 15, 2010, by filing the Amended Omnibus Class Action Complaint (IV) ("Complaint" or "Omnibus IV Complaint") directly in the MDL court. As with the Omnibus I Complaint in *Payton, et al. v. Knauf GIPS KG, et. al.*, Case No. 2:09-cv-07628 (E.D.La.), the Omnibus IV Complaint asserts claims against Knauf Gips KG; Knauf Plasterboard (Tianjin) Co., Ltd.; Knauf Plasterboard (Wuhu) Co., Ltd.; and Guangdong Knauf New Building Materials Products Co., Ltd. The Omnibus IV Complaint also asserts claims against the distributors, suppliers, importers, exports, brokers, builders, developers, and contractor/installers of the defective Chinese manufactured drywall in the plaintiffs' homes.

Since the filing of the Omnibus IV Complaint, Plaintiffs have been diligent in attempting to accomplishing service on both the domestic and the foreign defendants. For instance, Plaintiffs sought an order to appoint APS International, Ltd. ("APS") as process server and submitted summonses to the clerk for issuance.

Notwithstanding the PSC's prompt efforts to effectuate service of the Omnibus IV Complaint, many of the named defendants remain unserved. Because the Omnibus IV Complaint exceeds two hundred and thirty pages in length it is still in the process of being interpreted for service on the foreign defendants. Additionally, many of the domestic defendants remain unserved since they have been successful in evading service of process. Thus, despite the PSC's best efforts to promptly serve the Omnibus IV Complaint, service of process was not effectuated on all defendants within the 120 day period provided for by Rule 4(m). As the

deadline for service of process was approaching, on July 13, 2010 the PSC filed its motion for extension of time for service of process. In its motion for extension of time for service of process, the PSC requested an extension of time for service of process on both the foreign and the domestic defendants.

Recognizing the PSC's good faith efforts to effectuate service, this Court previously granted the PSC's omnibus Rule 6(b) motion for extension of time for service of process under Rule 4(m) by order dated October 21, 2009. *See* document # 379. This order permitted a stay or extension for service of process on foreign defendants named in all cases. The Court has also granted similar Rule 6(b) motions for extension of time for service of process under Rule 4(m) in *Payton, supra, see* order dated March 31, 2010 [document # 2268], and *Gross, supra* (extension granted as to the original complaint as opposed to the Omnibus III Complaint). *See* order dated February 23, 2010 [document # 1285].

### III. ARGUMENT

As with KPT's opposition to the PSC's motions to intervene in *Payton, Gross*, and *Rogers*, KPT's motivations for the filing of its opposition to the motion for extension of time in *Rogers* are grounded in its attempt to delay these proceedings and/or to deny plaintiffs their day in court.[2] While KPT and its counsel have fully capitalized of the benefits of the MDL litigation,

---

[2] As was discussed at length in the PSC's reply in support of its motions to intervene in *Payton*, *Gross*, and *Rogers*, the PSC has been unable to reach an agreement with KPT and the other foreign defendants whereby they will agree to accept service of process in this litigation. PTO 17 represents the only instance where KPT has agreed to accept service of process. This refusal by KPT and the other foreign defendants to accept service of process serves two nefarious purposes: (1) to drive up plaintiffs' litigation costs, and (2) delaying these proceedings while plaintiffs attempt to effectuate service of process consistent with the requirements of the Hague Convention.

3

they continue to defy this Court's jurisdiction, delay these proceedings, and otherwise thwart the prompt and efficient resolution of MDL 2047. KPT's opposition to the motion to extend time for service in *Rogers* is just the latest manifestation of KPT's obstreperous manner of handling the litigation against it.

KPT cites PTO 17 as establishing a blanket prohibition against extensions of time for service of process for all claimants who did not pursue their claims against KPT (whether discovered or undiscovered) in the Plaintiffs' Omnibus Class Action Complaint (I). While KPT cites this language from PTO 17 as establishing a blanket prohibition against extensions, the parties never intended for this language to apply to plaintiffs who had not yet discovered their claims against KPT. Given the short window of time established by PTO 17 for purposes of participating in the Plaintiffs' Omnibus Class Action Complaint (I), it is clear the language KPT relies upon was only intended to motivate the participation of claimants with known claims against KPT. PTO 17 was never intended to limit the rights of future claimants with unknown claims against KPT.

In any event, KPT's reliance upon this language from PTO 17 is misplaced. The 120 day period for service of process of Rule 4(m) is inapplicable to complaints being served on foreign defendants under the procedure established by Rule 4(f). *See* Fed.R.Civ.P. Rule 4(m) ("[t]his subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1)"). Several courts have reached this same conclusion regarding the inapplicability of the 120 day period for service of process when service is being effectuated on a foreign defendant. *See Lucas v. Natoli*, 936 F.2d 432, 433 (9th Cir. 1991) (120 day period establish by Rule 4(m) does not apply to service of process on a foreign defendant); *Parkins v. St. John*, 2004 WL 1620897, * 3

4

(S.D.N.Y. 2004) (same); *Pennsylvania Orthopedic Ass'n v. Mercedes-Benz A.G.*, 160 F.R.D. 58, 60-61 (E.D.Pa. 1995) (same); *Cargill Ferrous Int'l, a Div. of Cargill, Inc. v. M/V Elikon*, 154 F.R.D. 193, 195-96 (N.D.Ill. 1994) (same); 4B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1134 (3rd ed. 2010) ("Because amended Rule 4(f)(1) specifically refers to the Hague Convention as among the permissible means of service of process in a foreign country, service made pursuant to that treaty, explicitly falls within the foreign service exception to the 120-day time limit for completing process set out in amended Rule 4(m) . . ."). Even though the 120 period for serving defendants is inapplicable to service of process on a foreign defendants, the PSC recognizes its obligation to act diligently in attempting service on foreign defendants and is actively engaged in completing service. *See Lewis v. Vollmer of America*, 2007 WL 1545661, * 1-2 (W.D.Pa. 2007).

  In light of the foregoing authority, the 120 day period for service of process is not applicable to the service of the *Rogers* complaint on the foreign defendants. The PSC is seeking this extension of time for service on the foreign defendants only out of an abundance of caution. While the PSC has acted diligently in its efforts to serve the foreign defendants in this litigation, the Hague Convention and its forced reliance on the efforts of protectionist governments has caused unavoidable delay in the serving of complaints on foreign defendants. For instance, certain governmental authorities have refused to serve other complaints in this litigation where they have disagreed with verbiage used in the body of the complaint.[3]

---

[3] *See* Correspondence (August 5, 2010) of Josh Cobb at 3 (stating that Hong Kong authorities returned a request for service on The China Corporation, Ltd. in *Gross, et al. v. Knauf GIPS KG, et. al.*, Case No. 2:09-cv-6690 (E.D.La.), because the complaint stated that certain defendants were "controlled by the Chinese government."), attached hereto as Exhibit "A".

Added to all of the delay, is the efforts of foreign defendants to conceal their identities in order to further delay the proceedings against them. By way of example, one of the defendants in *Vickers, et al. v. Knauf GIPS KG, et. al.*, Case No. 2:09-cv-04117 (E.D.La.), Knauf Plasterboard (Dongguan) Co., Ltd., refused to accept service of process as it claims its registered name is "Guangdong Knauf New Building Materials Products Co., Ltd." *See* Proof of Service in *Vickers*, attached hereto as Exhibit "B". Knauf's website misidentified Guangdong Knauf New Building Materials Products Co., Ltd. as Knauf Plasterboard (Dongguan) Co., Ltd. *See* printout from Knauf's website, attached hereto as Exhibit "C". Therefore, it would seem obvious that Guangdong Knauf New Building Materials Products Co., Ltd.'s refusal to accept service in *Vickers* is another effort to take advantage of the delay and expense attributable to the Hague service procedures.[4]

By way of further explanation, by concealing its identity from plaintiffs, Guangdong Knauf New Building Materials Products Co., Ltd. was able to capitalize on the protectionist governmental authority responsible for serving the *Vickers* complaint. Although the complaint in *Vickers* was sent abroad for service on Knauf Plasterboard (Dongguan) Co., Ltd. on May 6, 2009, *see* Cobb Correspondence at pages 2, Plaintiffs did not learn of Guangdong Knauf New Building Materials Products Co., Ltd.'s refusal to accept service until January 27, 2010. *See* Proof of

---

[4] Guangdong Knauf New Building Materials Products Co., Ltd.'s efforts to take advantage of this misidentification has caused the PSC to file several motions for judicial assistance for purposes of serving Guangdong Knauf New Building Materials Products Co., Ltd. *See* Motion for Judicial Assistance in *Payton* (Doc. No. 1705); Motion for Judicial Assistance in *Vickers* (Doc. No. 1730); and Motion for Judicial Assistance in *Gross* (Doc. No. 1763).

6

Service.[5] More to the point, even though the governmental authority responsible for serving the *Vickers* complaint on Guangdong Knauf New Building Materials Products Co., Ltd. was alerted that it had refused to accept service back on June 24, 2009, it did not notify Plaintiffs of this fact until over seven months had elapsed on January 27, 2010. Accordingly, by concealing its identity and taking advantage of the delay of the foreign administrator responsible for serving the complaint, Guangdong Knauf New Building Materials Products Co., Ltd. thwarted service of process for an additional seven months.

Even though the 120 day period for service of process is not applicable to the PSC's efforts to serve KPT and other foreign defendants, the PSC is nevertheless aware of its obligation to diligently pursue the service of all defendants who are named in its complaints. The delays attributable to the Hague Convention and the efforts of foreign defendants to conceal their identities have created the illusion that the PSC has not acted diligently in its efforts to serve the foreign defendants. Therefore, the PSC has filed its motion for extension of time for service of process in *Rogers* to apprise the Court of its diligence in attempting to perfect service of process and to avoid any prejudice to its clients. Although the motion may be unnecessary so far as the foreign defendants are concerned, the PSC believes the motion should be granted in light of the delays inherent in service of process consistent with the requirements of the Hague Convention.

---

[5] Similarly, although the German governmental entity responsible for service of the *Vickers* complaint was provided the complaint on May 28, 2009, it did not serve Knauf Gips KG until November 3, 2009. *Id.*

## IV. CONCLUSION

Accordingly, the PSC respectfully requests that the Court grant the relief requested in the instant motion by either extending the period of time for service of process or by staying the 120 days for service of process under Rule 4(m).

Dated: August 9, 2010

Respectfully submitted,

/s/ Russ M. Herman
Russ M. Herman, Esquire (LA Bar No. 6819)
Leonard A. Davis, Esquire (LA Bar No. 14190)
Stephen J. Herman, Esquire (LA Bar No. 23129)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Matthew C. Gaughan (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

8

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Victor Manuel Diaz
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Jeremy W. Alters
Alters, Boldt, Brown, Rash & Culmo, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@abbrclaw.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Plaintiffs' Steering Committee's Reply in Support of its Rule 6(b) Motion for Extension of Time for Service of Process under Rule 4(m) in Rogers has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 9th day of August, 2010.

      /s/ Leonard A. Davis
      Leonard A. Davis, Esquire
      Herman, Herman, Katz & Cotlar, LLP
      820 O'Keefe Avenue
      New Orleans, Louisiana 70113
      Phone: (504) 581-4892
      Fax: (504) 561-6024
      LDavis@hhkc.com
      Plaintiffs' Liaison Counsel
      MDL 2047