UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>*Payton, et al. v. Knauf Gips, KG, et al.* No. 09-7628 (E.D.La)<br><br>*Rogers, et al. v. Knauf Gips, KG, et al.*, No. 10-362 (E.D.La.) | JUDGE FALLON<br><br>MAG. JUDGE WILKINSON |

**PLAINTIFFS' STEERING COMMITTEE'S REPLY
BRIEF IN SUPPORT OF ITS MOTION RESTRICTING
COMMUNICATIONS WITH PUTATIVE CLASS MEMBERS**

**I.     INTRODUCTION**

Since the Plaintiffs' Steering Committee ("PSC") filed its motion to restrict communications with putative class members, the substantial harm described therein and predicted as a consequence of communication unsupervised by this Court has been proven. In a foreign jurisdiction a state court only recently preliminarily approved a class action settlement that directly impacts on the putative class members in this case without the benefits of the proposed notice required by Rule 23, as suggested by the PSC. Notwithstanding these facts, several entities, the Homebuilders' Steering Committee ("HSC"), and Southern Homes, LLC; Tallow Creek, LLC; and Springhill, LLC (collectively "Southern Homes"), have filed responses in opposition to the PSC's motion. Given the sea-change in circumstances, the PSC respectfully submits that its motion should be granted.

## II. ARGUMENT

Both the HSC and Southern Homes have filed responses in opposition to the PSC's motion restricting communications with class members on the grounds that there was no factual basis supporting the motion. Although the PSC presented evidence that in fact demonstrated that Knauf had settled with builders and would like to expand its settlement program. *See* Exhibit A and B to the PSC motion. It is now abundantly clear, however, that the prejudicial activities described in our moving papers have become even worse. A mischief is afoot in proceedings taking place outside of the MDL. In the Superior Court of Muscogee County, Georgia, a defendant in these MDL proceedings, Lowe's Home Centers, Inc., has engaged in affirmative settlement discussions that have resulted in an apparent Settlement Agreement,[1] which Settlement Agreement was presented to the Court in Muscogee County which preliminarily approved a class action settlement, settlement class certification and scheduled a final fairness hearing. *See Vereen v. Lowe's Home Centers, Inc.,* Case No. SU10-cv-2267B (Super. Ct. Muscogee Cty. July 27, 2010)[attached hereto as Exhibit "B"]. In the *Vereen* Court's Order, it approves the following national class:

> Any person in the United States who, during the class period, purchased, installed or had installed on real property, Defective Drywall or who were owners and/or residents on such real property.

*Id.* at 2 (persons excluded from the class omitted).

The class definition in the *Vereen* Release incorporates both <u>Chinese</u> drywall and domestic drywall. *Vereen* Settlement Agreement at 3. It includes builders, installers, importers and, of particular concern to the PSC, members of the putative classes in both the *Payton* and *Rogers*

---

[1] *See* Class Action Settlement Agreement & Release. Attached hereto as Exhibit "A". Hereafter "*Vereen* Settlement Agreement".

actions.  The Settlement Agreement provides a maximum aggregate settlement of $6.5 million to class members.  *Id.* at 7.  The settlement contemplates distributing the aggregate amount through Lowe's gift cards to putative class members in various denominations of up to $2,000, $250 and $50, depending on whether the class members can establish their purchases and damages, and these amounts may be reduced if too many participate in the settlement.  *Id.* at 8-10.  For those who can establish both purchases and damages they may be entitled to additional compensation of up to $2,500, regardless of whether their actual damages exceed that amount.  In addition, the *Vereen* Settlement Agreement generously allows for attorneys fees up to the amount of $2.166 million and provides Class Counsel with a $1 million administrative fund to use however counsel sees fit (except that counsel is responsible for the cost of notice), and with no reverter unless the Settlement Agreement is terminated.[2]  *Id*. at 19-20.  Because the *Vereen* class action interferes with the proceedings taking place in this MDL, the PSC is firmly convinced that the fair conduct of the class proceedings taking place in this Court is being eroded.

A prophylactic notice along the lines discussed in our moving papers is essential to restore the delicate balance contemplated by Rule 23 as between putative class members and the defendants in this litigation.  And while the PSC contemplates taking action against the efforts by counsel in the *Vereen* action,[3] the instant motion already provides an affirmative avenue by which redress can

---

[2]The absence of a reverter to the class creates a potential reverse incentive for class counsel to skimp on notice and administration costs so as to retain any balance remaining.

[3]Substantial jurisprudence exists to halt any improper intrusion on this Court's jurisdiction.  *See In re Corrugated Container Antitrust Litigation*, 659 F.2d 1332, 1334 (5th Cir. 1981), *cert. denied*, 456 U.S. 936 (1982)(upholding validity of district court injunction in class action against pending state court class action involving same plaintiffs and same claims, and necessary in aid of district court's jurisdiction).  *See also United States. v. New York Telephone Co.*, 434 U.S. 159 (1977); *James v. Bellotti*, 733 F.2d 989, 994 (1st Cir. 1984); *In re Baldwin-*

be accomplished.

Rule 23(d)(1)(B)(I) provides that this court may issue orders that protect class members and fairly conduct the action by giving appropriate notice to some or all class members of any step in the action. Even at this early juncture in the class proceedings in this Court, Rule 23 grants this court authority to protect class members from the evils that have been demonstrated by the efforts of Knauf, builders and now Lowe's Home Centers, Inc. The communications that fail to disclose the nature of damages to class members' home and the appropriate scope of remediation judicially determined by this Court and elsewhere cause a pernicious harm for which a curative notice is appropriate.

### III.    CONCLUSION

For the reasons set forth above and in our moving papers, the PSC respectfully request that a motion restricting communications with putative class members be granted.

Dated: August 9, 2010

Respectfully submitted,

/s/ Russ M. Herman
Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

---

*United Corp.*, 770 F.2d 38, 335-38 (2d Cir. 1985); *Carlough v. Amchem Products, Inc.*, 10 F.3d 189 (3d Cir. 1993); *Winkler v. Eli Lilly & Co.*, 101 F.3d 1196, 1202 (7th Cir.1996); *White v. National Football League*, 41 F.3d 402, 409 (8th Cir. 1994), *cert. denied*, 515 U.S.1137 (1995).

        Arnold Levin (On the Brief)
        Fred S. Longer (On the Brief)
        Levin, Fishbein, Sedran & Berman
        510 Walnut Street, Suite 500
        Philadelphia, PA 19106
        215-592-1500 (phone)
        215-592-4663 (fax)
        Alevin@lfsblaw.com
        *Plaintiffs' Lead Counsel*
        *MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Victor Manuel Diaz
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane

255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Jeremy W. Alters
Alters, Boldt, Brown, Rash & Culmo, P.A.
4141 N.E. 2nd Avenue, Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@abbrclaw.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Plaintiffs' Steering Committee's Reply Brief in Support of its Motion Restricting Communications with Putative Class Members has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 9 [th] day of August, 2010.

      /s/ Leonard A. Davis_____
      Leonard A. Davis, Esquire
      Herman, Herman, Katz & Cotlar, LLP
      820 O'Keefe Avenue
      New Orleans, Louisiana 70113
      Phone: (504) 581-4892
      Fax: (504) 561-6024
      LDavis@hhkc.com
      Plaintiffs' Liaison Counsel
      MDL 2047