# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>BARRY DEMPSTER, et al.,<br>v.<br>LOWE'S HOME CENTERS, INC.,<br>CASE NO. 2:09-5482-EEF-JCW; AND<br><br>T. JACK KENT, et al.,<br>v.<br>LOWE'S HOME CENTERS, INC.,<br>CASE NO. 2:10-01110-EEF-JCW; AND<br><br>OMNIBUS COMPLAINT (GROSS/BENES)<br>CASE NO. 2:09-6690-EEF-JCW. | JUDGE FALLON<br><br>MAG. JUDGE WILKINSON |

### PLAINTIFFS' STEERING COMMITTEE'S MEMORANDUM OF LAW IN OPPOSITION TO LOWE'S MOTION TO STAY

**I.   INTRODUCTION**

Lowe's Home Centers, Inc. has asked this MDL Court to stay all proceedings against it in the above-referenced actions, including the *Gross* Omni class action, because on July 27, 2010, Lowe's entered into a nationwide class action settlement with certain plaintiffs' counsel to dispose of all claims related to Chinese-manufactured drywall as well as domestic and other foreign-made drywall, which was preliminarily approved in parallel and conflicting state court proceedings in Muscogee County, Georgia. The Motion for a Stay should be denied for numerous reasons, including the following:

1.      This MDL had been pending since June 15, 2009. For over a year, the Court has successfully endeavored to manage the consolidated nationwide Chinese Drywall litigation within

its jurisdiction. The Court has worked tirelessly to coordinate and oversee pretrial discovery for several class actions and thousands of individual cases brought against more than 500 defendants, including Lowe's Home Centers, Inc. In the performance of its duties and obligations as an MDL Court and pursuant to its authority, the Court has appointed a Plaintiffs' Liaison Counsel, a Plaintiffs' Steering Committee ("PSC"), Lead Counsel, a Defendants' Liaison Counsel, a Homebuilders and Installers Liaison Counsel, State and Federal Coordination Committees "to facilitate coordination between this MDL and the various state court cases," an Insurer Steering Committee, Co-Lead Counsel for the First-Party Insurer Subcommitee, and a Special Master for purposes of "an ultimate resolution of the instant matter as to any and all interested parties." In addition, the Court has resolved ten bellwether cases in Virginia and Louisiana, which serve as a useful tool for all plaintiffs and defendants, as well as the Court.

2. Lowe's state court class action settlement was consummated just two weeks ago and preliminarily approved that same day by the Superior Court of Muscogee County, Georgia, with no notice to the putative class members of *Gross* or this Court. The Lowe's settlement is a settlement class only, and it conflicts and overlaps with the class actions pending before this Court. Moreover, the class definition in the Lowe's settlement is overly broad in that it encompasses potentially tens of millions of persons who since the beginning of time purchased, installed or had installed on real property any drywall regardless of where it was manufactured or any "related product," or who has resided on property where said drywall was installed. The class includes all homeowners, tenants, builders and installers connected in any way to any drywall product. Accordingly, the class settlement is not limited to claims against Lowe's, despite Lowe's contention to the contrary.

3. There are inherent problems with the Lowe's settlement, including the fact that the primary proposed benefit consists of Lowe's gift cards paid out of an aggregate maximum settlement fund of $6.5 million. Meanwhile, Lowe's has agreed to pay class counsel in that matter up to 1/3

of the proposed settlement fund, even though the parties have no information regarding the redemption value of those gift cards.

On August 9, 2010, pursuant to the All Writs Act, the PSC filed a Motion to Enjoin these conflicting state court proceedings in Muscogee County, Georgia on the grounds that they interfere with this Court's continuing jurisdiction over this Chinese Drywall litigation (Rec. Doc. No. 5011). The PSC also filed a Rule to Show Cause why the attorneys associated with the conflicting Georgia state court settlement should not appear before this Court to explain why they instituted an end-run settlement around this Court's jurisdiction (Rec. Doc. No. 5012). The PSC incorporates herewith all of the arguments presented in the All Writs Act motions and for all of the reasons stated in the PSC's Motion to Enjoin and the accompanying Memorandum of Law and herein, Lowe's Motion to Stay should be denied.

## II.     ARGUMENT

Lowe's is seeking a stay of proceedings before this Court for one reason only – to effectuate its nationwide class action settlement with select plaintiffs' counsel in the Superior Court of Muscogee County, Georgia, outside the confines of this MDL and as an end-run around this Court's jurisdiction. Lowe's and class counsel in *Vereen v. Lowe's Home Centers, Inc.,* Case No. SU10-cv-2267B (Super. Ct. Muscogee Cty.) (the "Georgia class action" or "*Vereen*"), and others have attempted to forum shop presumably in an effort to achieve results not available here. Their request for a stay should not be granted.

### A.     The Lowe's Settlement is Problematic

The Lowe's settlement is problematic. The settlement in *Vereen* proposes to release all claims against Lowe's Home Centers, Inc. of any persons who, since the beginning of time until preliminary approval of the settlement, "purchased, installed or had installed on real property" any defective drywall manufactured "domestically, in China or in any other country" or any related

3

product "manufactured, imported, distributed, delivered, supplied, inspected, marketed, installed and/or sold" by Lowe's, or of any persons who "were owners and/or residents on such real property."[1] This sprawling class definition is overly broad and sloppy and encompasses potentially tens of millions of class members.

In contrast to the vast settlement class, the settlement benefits are minimal: the agreement provides only a maximum aggregate "fund" of $6,500,000 that will be distributed to class members in the form of Lowe's gift cards.[2] In the Class Action Fairness Act of 2005 ("CAFA"), "Congress required heightened judicial scrutiny of coupon-based settlements based on its concern that in many cases 'counsel are awarded large fees, while leaving class members with coupons or other awards of little or no value.'" *Synfuel Technologies, Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 654 (7th Cir. 2006); *Kearns v. Ford Motor Co.*, No. CV 05-5644, 2005 WL 3967998, at *1 (N.D. Cal. Nov. 21, 2005) (CAFA "put significant limits on so-called 'coupon settlements' which produce hardly any tangible benefits for the members of the plaintiff class, but generate huge fees for class attorneys."); *Figueroa v. Sharper Image Corp.*, 517 F. Supp. 2d 1292, 1302 (S.D. Fla. 2007) (coupon settlements problematic because "they often do not provide meaningful compensation to class members; they often fail to disgorge ill-gotten gains from the defendant; and they often require class members to do future business with the defendant in order to receive compensation."), *citing* Christopher R. Leslie, "The Need to Study Coupon Settlements in Class Action Litigation," 18 GEO. J. LEGAL ETHICS 1395, 1396-97 (Fall 2005); *see also Fleury v. Richemont North America, Inc.*, 2008 WL 3287154, *2 (N.D. Cal. Aug. 6, 2008) (describing coupon-based settlements); Steven B. Hantler and Robert E. Norton, "Coupon Settlements: The Emperor's Clothes of Class Actions," 18 GEO. J.

---

[1] Class Action Settlement Agreement in *Vereen*, at 3 & 6.

[2] In some cases a cash payment not to exceed $2,500 may be provided, but only where costs of remediation or personal injury can be shown. Class Action Settlement Agreement in *Vereen*, at 8-10.

LEGAL ETHICS 1343, 1348 (Fall 2005) ("the value of the coupons generally has no relationship to the alleged injury.").

Another serious problem with the *Vereen* settlement is that Lowe's has agreed to pay generous class counsel attorneys' fees equal of up to 1/3 of the settlement fund, or $2.166 million, regardless of the redemption rate of the Lowe's gift cards.[3] This provision of the settlement violates CAFA, 28 U.S.C. § 1712(a), which provides that: "If a proposed settlement in a class action provides for a recovery of coupons to a class member, the portion of any attorney's fee award to class counsel that is attributable to the award of the coupons shall be based on the value to class members of the coupons that are redeemed."

### B.      The Lowe's Settlement Conflicts and Interferes With This MDL Court's Jurisdiction

The Georgia class action includes all of the plaintiffs within this Court's jurisdiction in MDL 2047 and serves as an interference with and a roadblock to the Court's management of and supervision over the resolution of Chinese Drywall cases. This Court has authority under the All Writs Act , 28 U.S.C. § 1651, to enjoin the Georgia proceedings as well as counsel associated with that conflicting case. Congress granted this MDL Court the power to enjoin state court proceedings where "necessary in aid of its jurisdiction, or to protect or effectuate its judgments." *Id*.; 28 U.S.C. §2283. Courts liberally invoke the "necessary in aid of its jurisdiction" exception to the Anti-Injunction Act "to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atlantic Coast Line R.R. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 295 (1970); *In re Baldwin-United Corp.*, 770 F.2d 328, 337 (2nd Cir. 1985) (same); *In re Corrugated Container Antitrust Litigation*, 659 F.2d 1332, 1334 (5th Cir. 1981), *cert. denied*, 456 U.S. 936 (1982) (same);

---

[3] Class Action Settlement in *Vereen*, at 19-20.

*In re Joint E. & S. Dist. Asbestos Litig.*, 134 F.R.D. 32, 37 (E.&S.D.N.Y. 1990) (same); Martin H. Redish, *The Anti-Injunction Statute Reconsidered*, 44 U. Chi. L. Rev. 717, 754 (1977); *In re Diet Drugs*, 282 F.3d 220, 235 (3rd Cir. 2002) (recognizing "a category of federal cases for which state court actions present a special threat to the jurisdiction of the federal court"—namely, where "a federal court [is] entertaining complex litigation, especially when it involves a substantial class of persons from multiple states, or represents a consolidation of cases from multiple districts....").

An injunction against the competing Georgia state court proceedings is appropriate here to allow this Court to "legitimately assert comprehensive control over [this] complex litigation." *United States v. International Brotherhood of Teamsters*, 907 F.2d 277, 281 (2nd Cir. 1990); *Standard Microsystems Corp. v. Texas Instruments Inc.*, 916 F.2d 58, 60 (2nd Cir. 1990); *Carlough v. Amchem Prods., Inc.*, 10 F.3d 189, 204 (3rd Cir. 1993); *Diet Drugs*, 282 F.3d at 235; *Corrugated Container*, 659 F.2d at 1334; *Newbe v. Enron Corp.*, 338 F.3d 467, 474-75 (5th Cir. 2003); *Winkler v. Eli Lilly & Co.*, 101 F.3d 1196, 1202 (7th Cir. 1996); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268 (9th Cir.), *cert. denied*, 506 U.S. 953 (1992); *White v. National Football League*, 41 F.3d 402, 409 (8th Cir. 1994), *cert. denied*, 515 U.S.1137 (1995); *James v. Bellotti*, 733 F.2d 989, 994 (1st Cir. 1984); *Battle v. Liberty National Life Ins. Co.*, 877 F.2d 877, 882 (11th Cir. 1989); *In re Granada Partnership Sec. Litig.*, 803 F.Supp. 1236, 1246 (S.D. Tex. 1992); *Joint E. & S. Dist. Asbestos Litig.*, 134 F.R.D. at 37.

      **C.**    **No Stay Should Be Granted**

There is no valid reason to stay the proceedings in this MDL against Lowe's, because the class settlement filed in Muscogee County, Georgia conflicts with this Court's jurisdiction and, beyond that, it has problems that violate class members' rights. Only a settlement class was preliminarily approved in Georgia; there is no litigation class certified. A stay here would derail this Court's efforts to manage the Chinese Drywall litigation as a whole and the settlement efforts that

are ongoing. It is far from certain that the *Vereen* settlement will receive final approval, and in any event, any such approval would conflict with this Court's jurisdiction.

### III. CONCLUSION

Lowe's Motion to Stay should be denied. An injunction to halt the proceedings in Georgia that purport to settle Lowe's claims related to Chinese-manufactured drywall should granted so that this MDL Court may continue to exercise its continuing jurisdiction over this litigation.

Respectfully submitted,

Dated: August13, 2010

/s Russ M. Herman_____
Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Sandra L. Duggan (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Victor Manuel Diaz
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Aragon Avenue, 2nd Floor
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020   bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055   Jerry@yourlawyer.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Jeremy W. Alters
Alters, Boldt, Brown, Rash & Culmo, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@abbrclaw.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

**CERTIFICATE OF SERVICE**

   I hereby certiffy that the above and foregoing Plaintiffs' Steering Committee's Memorandum of Law in Opposition to Lowe's Motion to Stay has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 13th day of August, 2010.

              /s/ Leonard A. Davis
              Leonard A. Davis, Esquire
              Herman, Herman, Katz & Cotlar, LLP
              820 O'Keefe Avenue
              New Orleans, Louisiana 70113
              Phone: (504) 581-4892
              Fax: (504) 561-6024
              LDavis@hhkc.com
              Plaintiffs' Liaison Counsel
              MDL 2047

              *Co-counsel for Plaintiffs*