FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2010 MAR 19 PM 1:40

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

DEAN and DAWN AMATO, individually, and
on behalf of all others similarly situated,
[ADDITIONAL PLAINTIFFS LISTED ON
SCHEDULE OF PLAINTIFFS, ATTACHED
HERETO AS EXHIBIT A],

    Plaintiffs,

v.

LIBERTY MUTUAL INSURANCE
COMPANY [ADDITIONAL DEFENDANTS
LISTED ON SCHEDULE OF DEFENDANTS,
ATTACHED HERETO AS EXHIBIT B],

    Defendants.

CASE NO.:

**CLASS ACTION COMPLAINT**

# 10 - 932

**JURY TRIAL DEMAND**

# SECT. L MAG. 2

## PLAINTIFFS' OMNIBUS CLASS ACTION COMPLAINT (V)

Pursuant to Federal Rule of Civil Procedure 23, the class representatives in this action bring

suit on behalf of themselves and all other similarly situated owners and residents of real property

containing defective Chinese manufactured drywall that was designed, manufactured, imported,

distributed, delivered, supplied, marketed, inspected, installed, or sold by the Insured Defendants,

as defined herein. In order to accomplish an effective class structure, each of the class

representatives is pursuing a nationwide class action against the manufacturer(s) of the defective

Chinese manufactured drywall located in plaintiffs' homes, as set forth in *Payton, et al. v. Knauf*

*Gips KG, et al.*, No.09-7628 (E.D. La.) (Omni I); *Wiltz, et al. v. Beijing New Building Materials*

*Public Limited Co., et al.*, No. 10-361 (E.D. La.) (Omni II); *Benes, et al. v. Knauf Gips KG, et al.*,

No. 09-6690 (E.D. La.) (Omni III); *Rogers, et al. v. Knauf Gips KG, et al.*, No. 10-362 (E.D. La.)

1

Fee _____
Process _____
X Dktd _____
___ CtRmDep _____
___ Doc. No. _____

(Omni IV) (the "National Class Actions"). Subordinate to the National Class Actions, the identified class representatives are participating in subclasses asserting this Declaratory Judgment Action pursuant to 28 U.S.C. § 2201 seeking a declaration mandating coverage by the respective Insurance Company Defendants for all damages and remedies under the pertinent insurance policies for which the distributors, suppliers, importers, exporters, brokers, builders, developers, contractors, and installers (the "Insured Defendants") for whom the Plaintiffs have standing are liable (class and subclass members shall be collectively referred to herein as "Class Members"). In addition, the identified plaintiffs file this Direct Action pursuant to Louisiana Revised Statute 22:1269.

**JURISDICTION, PARTIES, AND VENUE**

1. Original jurisdiction of this Court exists by virtue of 28 U.S.C. §1332(d)(2) and the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. § 1711, *et seq.* The Plaintiffs and certain of the Defendants in these actions are citizens of different states and the amounts in controversy in these actions exceed five million dollars ($5,000,000.00), exclusive of interest and costs. In addition, this is an action for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C § 2201 to declare rights surrounding questions of actual controversy that exist between the Plaintiffs and the Defendants.

2. For each subclass, the Court has original jurisdiction under CAFA and/or supplemental jurisdiction under 28 U.S.C. § 1367.

3. Venue in this district satisfies the requirements of 28 U.S.C. §1391(b)(1)-(2) and (c) because Plaintiffs and a significant number of the absent class members reside in this jurisdiction and a substantial amount of the events and occurrences giving rise to these claims occurred in this District, or a substantial part of the property that is the subject of this action is situated in this district.

Upon information and belief, the insurance defendants are subject to personal jurisdiction in this district and/or are authorized to sell insurance in Louisiana, and/or do sell insurance in Louisiana. Venue is otherwise appropriate in this district consistent with 28 U.S.C. § 1407 and the June 15, 2009 Transfer Order of the Judicial Panel on Multidistrict Litigation ("JPML"). *See In re: Chinese-Manufactured Drywall Products Liability Litigation*, 626 F. Supp. 2d 1346 (J.P.M.L. Jun. 15, 2009).

### PLAINTIFFS

4. For purposes of clarity, Plaintiffs are asserting claims on behalf of all owners and residents of the subject properties, including but not limited to, minors and other residents of the properties who do not appear herein as named plaintiffs.

5. Unless specifically stated to the contrary, all Plaintiffs are citizens of the state where they reside and all entities are citizens of the state where they are organized. Alternatively, all entities are citizens of the state of their principal place of business and/or of the state where the subject property is located.

6. Plaintiff, 1100 Valencia LLC is a Florida corporation with its principal place of business at 1100 Valencia Avenue, Coral Gables, Florida 33134. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

7. Plaintiffs, Christine and Robert Akers are citizens of Florida and own real property located at 11019 Carrara Court #201, Bonita Springs, Florida 34135. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

8. Plaintiff, Alicia Alava is a citizen of Florida and owns real property located at 3860 72nd

3

Avenue, NE, Naples, Florida 34120. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

9. Plaintiff, Carol Albano is a citizen of Florida and owns real property located at 1401 NW 36th Way, Lauderhill, Florida 33311. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

10. Plaintiffs, Nevinsthon and Marlen Alcindor are citizens of Florida and own real property located at 1938 SE 22 Court, Homestead, Florida 33035. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

11. Plaintiffs, Emily and Rufus Alldredge are citizens of Mississippi and own real property located at 23554 Woodland Way, Pass Christian, Mississippi 39571. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

12. Plaintiffs, Andrew and Nicole Allen are citizens of Louisiana and own real property located at 3704 Clifford Drive, Metairie, Louisiana 70002. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

13. Plaintiffs, Philip and Clarine Allen are citizens of Virginia and own real property located at 907 Eastfield Lane, Newport News, Virginia 23602. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint

4

which are incorporated herein by reference.

14. Plaintiff, Lana Alonzo is a citizen of Louisiana and owns real property located at 3205 Maureen Lane, Meraux, Louisiana 70075. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

15. Plaintiffs, Dean and Dawn Amato are citizens of Louisiana and own real property located at 18615 Bellingrath Lakes Greenwell Springs, Louisiana 70739. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

16. Plaintiffs, Lester and Catherine Arnaud are citizens of Louisiana and own real property located at 17504 Rosemont Drive, Prairieville, Louisiana 70769. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

17. Plaintiffs, Sandra and Gino Ameneiro are citizens of Florida and own real property located at 2239 SE 19th Avenue, Homestead, Florida 33035. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

18. Plaintiff, Amy Louise Amerson is a citizen of Louisiana and owns real property located at 1205 Magnolia Alley, Mandeville, Louisiana 70471. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

19. Plaintiffs, Chris and Lilah Ancira are citizens of Louisiana and own real property located

at 110 Pine Alley, Mandeville, Louisiana 70471. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

20. Plaintiffs, Thomas G. and Nicole P. Anders are citizens of Louisiana and own real property located at 2042 High Pointe, Zachary, Louisiana 70791. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

21. Plaintiff, Alexander Anderson is a citizen of Virginia and owns real property located at 309 Preservation Reach, Chesapeake, Virginia 23320. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

22. Plaintiffs, Shawnree and John Anderson are citizens of Louisiana and own real property located at 601 Autumn Wind Lane, Mandeville, Louisiana 70471. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

23. Plaintiffs, Joe and Delma Anello are citizens of Virginia and own real property located at 3957 Border Way, Virginia Beach, Virginia 23456. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

24. Plaintiff, Antilles Vero Beach, LLC, c/o Ironwood Development owns real property located at 3300 Antilles Lance, Vero Beach, Florida 32967. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint

which are incorporated herein by reference.

25. Plaintiffs, Steven and Anja Archer are citizens of Georgia and own real property located at 2832 St. Barts Square, Vero Beach, Florida 32967. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

26. Plaintiffs, Everiste and Lizette Arsenaux are citizens of Louisiana and own real property located at 40145 Taylor Trail, Unit 901, Slidell, Louisiana 70461. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

27. Plaintiffs, Issa and Noha Asad are citizens of Florida and own real property located at 12767 Equestrian Trail, Davie, Florida 33330. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

28. Plaintiffs, Taddarreio and Mattea Atkins are citizens of Virginia and own real property located at 955 Hollymeade Circle, Newport News, Virginia 23602. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

29. Plaintiff, Roger Atwell is a citizen of Virginia and owns real property located at 5516 Brixton Road Williamsburg, Virginia 23185. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

30. Plaintiff, Suely Auerbach is a citizen of Florida and owns real property located at 3598

7

NW 14th Court, Lauderhill, Florida 33331. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

31. Plaintiff, John Austin is a citizen of Florida and owns real property located at 9318 River Rock Lane, Riverview, Florida 33578. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

32. Plaintiffs, Charles and Mary Back are citizens of Florida and own real property located at 1215 Magnolia Alley, Mandeville, Louisiana 70471. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

33. Plaintiff, Andrea Baginski is a citizen of Florida and owns real property located at 20095 Larino Loop, Estero, Florida 33928. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

34. Plaintiff, Gerald Bagley is located in Florida and owns real property located at 504 Loretto Avenue, Coral Gables, Florida 33146. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

35. Plaintiffs, Kirenia and Jorge Balan are citizens of Florida and own real property located at 14817 SW 161 Street, Miami, Florida 33187. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are

incorporated herein by reference.

36. Plaintiffs, Regine and John Barlow are citizens of Louisiana and own real property located at 2644 Pelican Bay Blvd., Marrero, Louisiana 70072. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

37. Plaintiffs, John and Heather Barone are citizens of Louisiana and own real property located at 297 Rue Piper, Slidell, Louisiana 70461. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

38. Plaintiffs, Antoine and Nicole Barreca are citizens of Louisiana and own real property located at 2102 A and B Muster Blvd., Chalmette, Louisiana 70043 and 3807 Jupiter Drive, Chalmette, Louisiana 70043. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

39. Plaintiff, Corinne Barreca is a citizen of Louisiana and owns real property located at 302 E. Celestine Street, Chalmette, Louisiana 70043 and 304 E. Celestine Street, Chalmette, Louisiana 70043. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

40. Plaintiffs, Clarence and Marion Barrow are citizens of Louisiana and own real property located at 3170 St. Bernard Avenue, New Orleans,Lousiana70119. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

41. Plaintiff, Nilda Bello de Bachek is a citizen of Florida and owns real property located at 10757 NW 81 Lane, Doral, Florida 33178. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

42. Plaintiffs, Jack and Claire Benjamin are citizens of Louisiana and own real property located at 12 Pelham, Metairie, Louisiana 70005. Plaintiffs are participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

43. Plaintiffs, Keith and Elizabeth Berry are citizens of Virginia and own real property located at 607 Mansion Road Yorktown, Virginia 23693. Plaintiffs are participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

44. Plaintiffs, Virgil and Mary Bettencourt are citizens of Mississippi and own real property located at 23473 Woodland Way, Pass Christian, Mississippi 39571. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

45. Plaintiffs, Walter and Tracey Bilski are citizens of Pennsylvania and own real property located at 99 Vivante Boulevard, #9936, Punta Gorda, Florida 33950. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

46. Plaintiffs, Suresh and Oma Bissoon are citizens of Florida and own real property located at 1056 NW Leonardo Circle, Port St. Lucie, Florida 34986. Plaintiffs are participating as class

representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

47. Plaintiff, Angeles Blalock is a citizen of Louisiana and owns real property located at 3400 Napoleon Avenue, New Orleans, Louisiana 70125. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

48. Plaintiffs, Andrew and Ina Bloom are citizens of Florida and own real property located at 17847 Monte Vista Drive, Boca Raton, Florida 33496. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

49. Plaintiffs, John and Rachelle Blue are citizens of Louisiana and own real property located at 422 28th Street, New Orleans, Louisiana 70124. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

50. Plaintiff, Wavi Lee Bonnecarrere is a citizen of Louisiana and owns real property located at 40145 Taylor Trail, Apt. 1005, Slidell, Louisiana 70461. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

51. Plaintiff, Neil Boothe is a citizen of Georgia and owns real property located at 483 Tranquill Drive, Winder, Georgia 30680. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

52. Plaintiff, Edwin Boquet is a citizen of Louisiana and owns real property located at 17454 Rosemont Drive, Prairieville, LA 70769. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

53. Plaintiffs, Barry and Mary Borne are citizens of Louisiana and own real property located at 1217 Magnolia Alley, Mandeville, Louisiana 70471. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

54. Plaintiff, Carol Borne is a citizen of Louisiana and owns real property located at 835 Montgomery Street, Mandeville, Louisiana 70448. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

55. Plaintiffs, Donna M. Borrello and Thomas W. Stallings are citizens of Louisiana and own real property located at 5939 Argonne Blvd, New Orleans, Louisiana 70124. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

56. Plaintiff, Virginia R. Boudreaux is a citizen of Louisiana and owns real property located at 209 Cottage Green Lane, Covington, Louisiana 70435. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

57. Plaintiff, Brenda Bound is a citizen of Florida and owns real property located at 112 Jackson Street, Lake Placid, Florida 33862. Plaintiff is participating as a class representative in the

class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

58. Plaintiff, Lucille Bourdon is a citizen of Louisiana and owns real property located at 15074 Pamela Drive, Covington, Louisiana 70433. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

59. Plaintiffs, Richard and Gail Bourgeois are citizens of Louisiana and own real property located at 10968 Shoreline Drive, Baton Rouge, Louisiana 70809. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

60. Plaintiffs, Don Boutte and Michael Robinson are citizens of Louisiana and own real property located at 11051 Shoreline Drive, Baton Rouge, Louisiana 70809. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

61. Plaintiffs, Kevin and Roxann Boxe are citizens of Florida and own real property located at 1104 Northwest Leonardo Circle, Port St. Lucie, Florida 34986. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

62. Plaintiffs, Jimmy and Louise Bradley are citizens of Louisiana and own real property located at 19405 Kelly Wood Court, Baton Rouge, Louisiana 70809. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

63. Plaintiff, Judy Braithwaite is a citizen of Florida and owns real property located at NW 14th Court, Lauderhill, Florida 33311. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

64. Plaintiff, Holly Braselman is a citizen of Louisiana and owns real property located at 1206 Magnolia Alley, Mandeville, Louisiana 70471. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

65. Plaintiffs, Kevin and Jennifer Brazon are citizens of Florida and own real property located at 9326 River Rock Lane, Riverview, Florida 33569. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

66. Plaintiffs, I.D., III and Sonia Brewton are citizens of Florida and own real property located at 8804 Jernigan Road, Pensacola, Florida 32514. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

67. Plaintiffs, Wilton and Rita Brian are citizens of Louisiana and own real property located at 18523 Bellingrath Lakes, Greenwell Springs, Louisiana 70739. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

68. Plaintiffs, David and Heather Bronaugh are citizens of Louisiana and own real property located at 2323 Sunset Boulevard, Slidell, Louisiana 70461. Plaintiffs are participating as class

14

representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

69. Plaintiffs, Ada and Hillary Brown are citizens of Louisiana and own real property located at 812 Cole Ct., Covington, Louisiana 70433. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

70. Plaintiffs, Ollie and Andriene Brumfield are citizens of Louisiana and own real property located at 608 Huseman Lane, Covington, Louisiana 70435. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

71. Plaintiffs, Jules and Barbara Burke are citizens of Louisiana and own real property located at 1744 Ashland Ave., Zachary, Louisiana 70791. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

72. Plaintiffs, Richard and Rebecca Burke are citizens of Florida and own real property located at 4551 Mapletree Loop, Wesley Chapel, Florida 33544. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

73. Plaintiffs, Hilliard and Sheral Butler are citizens of Louisiana and own real property located at 5026 Par Four Drive, New Orleans, Louisiana 70128. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

15

74. Plaintiffs, James and Joycelyn Butler are citizens of Louisiana and own real property located at 5720 Wright Road, New Orleans, Louisiana 70128. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

75. Plaintiffs, Darren and Tracy Buxton are citizens of Louisiana and own real property located at 4331 Wilderness Run, Zachary, Louisiana 70791. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

76. Plaintiff, Gertrude Byrne is a citizen of Florida and owns real property located at 17926 Monte Vista Drive, Boca Raton, Florida 33496. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

77. Plaintiffs, Gary and Michelle Callais are citizens of Louisiana and own real property located at 14 Callais Lane, St. Bernard, Louisiana 70085. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

78. Plaintiff, Christine Cameron is a citizen of Florida and owns real property located at 2885 St. Bart's Square, Vero Beach, Florida 32967. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

79. Plaintiffs, Thomas and Kelli Campbell are citizens of Florida and own real property located at 25504 Antler Street, Christmas, Florida 32709. Plaintiffs are participating as class

16

representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

80. Plaintiffs, Honore and Elaine Canty are citizens of Louisiana and own real property located at 2785 Hwy 39, Braithwaite, Louisiana 70040. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

81. Plaintiff, Lisa Carciato is a citizen of Florida and owns real property located at 13471 Little Gem Circle, Ft. Myers, Florida 33913. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

82. Plaintiff, Cindy Carrol is a citizen of Louisiana and owns real property located at 1220 Magnolia Alley, Mandeville, Louisiana 70471. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

83. Plaintiff, Daniel Carter is a citizen of Louisiana and owns real property located at 4105 Catherine Avenue, Metairie, Louisiana 70001. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

84. Plaintiff, Hugh Casey is a citizen of Florida and owns real property located at 10440 SW Stephanie Way, Unit 206, Port St. Lucie, Florida 34987. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

85. Plaintiffs, Jordan and Brande Cassagne are citizens of Louisiana and own real property located at 209 Place Street Jean, Covington, Louisiana 70433. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

86. Plaintiffs, Jesse and Angela Cassard are citizens of Louisiana and own real property located at 1768 Ashland Drive, Louisiana 70791. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

87. Plaintiff, Carolyn Cathcart is a citizen of Louisiana and owns real property located at 132 Timberwood Drive, Madisonville, Louisiana 70447. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

88. Plaintiffs, Ronald and Sharon Ceruti are citizens of Louisiana and own real property located at 745 Spring Thyme, Belle Chasse, Louisiana 70037. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

89. Plaintiffs, Funell and Gail Chatman are citizens of Louisiana and own real property located at 4918 Bancroft Dr., New Orleans, Louisiana 70117. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

90. Plaintiffs, Bertoule and Joan Cheramie are citizens of Louisiana and own real property located at 266 Carriage Pines, Covington, Louisiana 70435. Plaintiffs are participating as class

18

representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

91. Plaintiffs, Kevin and Karen Chiappetta are citizens of Louisiana and own real property located at 727 Arctic Fox Run, Madisonville, Louisiana 70447. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

92. Plaintiff, Lily Rose Chutz is a citizen of Louisiana and owns real property located at 40145 Taylor's Trail #905, Slidell, Louisiana 70461. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

93. Plaintiffs, Randy and Lisa Clague are citizens of Louisiana and own real property located at 4416 Halter Lane, Hammond, Louisiana 70403. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

94. Plaintiff, Carolyn Clark is a citizen of Louisiana and owns real property located at 2025 Fernando Court, Marrero, LA 70072. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

95. Plaintiff, Carol Cohen is a citizen of Florida and owns real property located at 15586 Fiorenza Circle, Delray Beach, Florida 33446. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

19

96. Plaintiffs, Richard and Susan Colby, Nathan Jordan and Florette Nickens are citizens of Louisiana and own real property located at 16347 Highway 931, Prairieville, Louisiana 70769. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

97. Plaintiffs, Formica Conrad and Crystal Fayard are citizens of Mississippi and own real property located at 3216 Rachael Lane, Ocean Springs, Mississippi 39564. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

98. Plaintiffs, Kevin and Stella Coogan are citizens of New Jersey and own real property located at 99 Vivante Blvd., #99312, Punta Gorda, Florida 33950. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

99. Plaintiff, Brenda Cooper is a citizen of Louisiana and owns real property located at 1812-14 Mazant Street, New Orleans, Louisiana 70117. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

100. Plaintiffs, Gregory and Jean Cordier are citizens of Louisiana and own real property located at 7441 Eastmore Road, New Orleans, Louisiana 70126. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

101. Plaintiffs, Roberto and Angela Corell are citizens of Florida and own real property located at 11416 Dutch Iris Drive, Riverview, Florida 33578. Plaintiffs are participating as class

representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference

102. Plaintiffs, Thomas Leo Corr, III and Shawn Marchetti are citizens of Florida and own real property located at 2823 St. Barts Square, Vero Beach, Florida 32967. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

103. Plaintiffs, Sidney and Diane Cotlar are citizens of Louisiana and own real property located at 4532 Transcontinental Drive, Metairie, Louisiana 70006. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

104. Plaintiffs, Monique and Elaine Crawford are citizens of Florida and own real property located at 3609 NW 14th Court, Lauderhill, Florida 33311. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

105. Plaintiff, Jacqueline Cucci is a citizen of New York and owns real property located at 1038 North West Leonardo Circle, Port Saint Lucie, Florida 34986. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

106. Plaintiffs, Dennis and Susan Cunningham are citizens of Louisiana and own real property located at 288 Penn Mill Lakes Blvd., Covington, Louisiana 70435. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

21

107. Plaintiffs, Harry and Melissa Darby are citizens of Louisiana and own real property located at 623 Bellingrath Lane, Slidell, Louisiana 70453. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

108. Plaintiffs, Valliere and Margaret Dauterive and Ann Dauterive Savoy are citizens of Louisiana and own real property located at 1209 Rue Degas, Mandeville, Louisiana 70471. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

109. Plaintiffs, Rosibel and Brian De Los Santos are citizens of Florida and own real property located at 973 NW Leonardo Circle, Port St. Lucie, Florida 34986. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

110. Plaintiff, Charlotte Dejan is a citizen of Louisiana and owns real property located at 4635 Evangeline Street, New Orleans, Louisiana 70127. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

111. Plaintiffs, Leroy and Ann Dejan are citizens of Louisiana and own real property located at 4624 Chantilly Drive, New Orleans, Louisiana 70127. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

112. Plaintiffs, Patrick and Kathleen Dennis are citizens of Louisiana and own real property located at 517 Snead Court, Slidell, Louisiana 70458. Plaintiffs are participating as class

22

representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

113. Plaintiffs, Mr. Douglas Diez, as agent/member for Pelican Point Properties, L.L.C. and Pelican Point Properties, L.L.C. own real property located at 5400 Courtyard Drive, Gonzales, LA 70737; 6127 Royal Palms Ct., Gonzales, Louisiana 70737; 40002 Champion Tif East, Gonzales, Louisiana 70737; 40008 Champion Tif East, Gonzales, Louisiana 70737; 40001 Champion Tif East, Gonzales, Louisiana 70737. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

114. Plaintiff, Juanita DiMaggio is a citizen of Louisiana and owns real property located at 40145 Taylor's Trail, #902, Slidell, Louisiana 70461. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

115. Plaintiffs, Rodney and Geraldine Dinette are citizens of Louisiana and own real property located at 573 Huseman Lane, Covington, Louisiana 70435. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

116. Plaintiffs, Patrick Dinitto and Hevanilson Magalhaes are citizens of Massachusetts and own real property located at 28474 Altessa Way, Unit 102, Bonita Springs, Florida 34135. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

117. Plaintiffs, Dale and Beverly Dodge are citizens of Florida and own real property located

23

at 3632 101st Avenue East, Parrish, Florida 34219. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

118. Plaintiffs, Patrick and Tina Donahoe are citizens of Louisiana and own real property located at 106 Mary Kate Court, Montz, Louisiana 70068. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

119. Plaintiffs, Malcom and Kelli Donaldson are citizens of Louisiana and own real property located at 293 Penn Mill Lakes Blvd., Covington, Louisiana 70435. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

120. Plaintiffs, Jill Donaldson and Jared Oertling are citizens of Louisiana and own real property located at 18 Log Cabin Lane, Pearl River, Louisiana 70452. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

121. Plaintiff, Glenda F. Dorsey is a citizen of Louisiana and owns real property located at 39085 Pirougue Avenue, Gonzales, Louisiana 70737. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

122. Plaintiffs, Christopher and Kimberly Duhon are citizens of Louisiana and own real property located at 17496 Rosemont Dr., Prairieville, Louisiana 70769. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this

24

complaint which are incorporated herein by reference.

123. Plaintiffs, Ross and Marlo Dupre are citizens of Louisiana and own real property located at 2063 Rosedale Road, Port Allen, Louisiana 70767. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

124. Plaintiffs, Cullen and Mary Dupuy are citizens of Louisiana and own real property located at 15246 Campanile Court, Baton Rouge, Louisiana 70810. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

125. Plaintiffs, Scott and Heather Durham are citizens of Louisiana and own real property located at 4329 Tupello Street, Baton Rouge, Louisiana 70808. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

126. Plaintiffs, Barry and Denise Durrance are citizens of Florida and own real property located at 18030 Driftwood Lane, Lutz, Florida 33558. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

127. Plaintiff, Rick L. Edmonds is a citizen of Virginia and owns real property located at 801 Holly Street, Richmond, Virginia 23220. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

128. Plaintiffs, Michelle and Giancario Lee Egan are citizens of Florida and own real

property located at 12923 SW 135 Terrace, Miami, Florida 33186. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

129. Plaintiffs, Gregory and Elizabeth Eleuterius are citizens of Mississippi and own real property located at 6401 Seawinds Blvd., Biloxi, Mississippi 39532. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

130. Plaintiffs, Marshall and Tasha Eleuterius are citizens of Mississippi and own real property located at 6405 Seawinds Blvd., Biloxi, Mississippi 39532. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

131. Plaintiff, Dezman Elliot is a citizen of Florida and owns real property located at 9845 Cobblestone Creek Drive, Boynton Beach, Florida 33437. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

132. Plaintiffs, Anna and Mark Eskenazi are citizens of Florida and own real property located at 17878 Monte Vista Drive, Boca Raton, Florida 33496. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

133. Plaintiff, Adrien Eugene is a citizen of Louisiana and owns real property located at 7500 Afton Drive, New Orleans, Louisiana 70127. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are

incorporated herein by reference.

134.  Plaintiffs, William Elliott and Mary Ann Fryc are citizens of Florida and own real property located at 2926 NE 2nd Dr., Homestead, Florida 33033.  Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

135.  Plaintiffs, Brian and Lauren Elsenberg are citizens of Florida and own real property located at 9957 Cobblestone Creek Drive, Boynton Beach, Florida 33472.  Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

136.  Plaintiff, Jamie Lynn Evans is a citizen of Louisiana and owns real property located at 7505 Mercury Drive, Violet, Louisiana 70092.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

137.  Plaintiffs, James and Barbara Fallmann are citizens of Florida and own real property located at 11063 Pacifica Street, Wellington, Florida 33449.  Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

138.  Plaintiffs, Richard, Connie and Tracie Farmer are citizens of Florida and own real property located at 5912 French Creek Ct., Ellenton, Florida 34222.  Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

139.  Plaintiffs, Steven and Gayle Felicetti are citizens of Florida and own real property

27

located at 9941 Cobblestone Creek Drive, Boynton Beach, Florida 33472. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

140. Plaintiff, Joseph Fernandez is a citizen of Alabama and owns real property located at 967 Weatherby St. S, Saraland, Alabama 36571. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference

141. Plaintiffs, Jesus Garcia and Julio Fernandez are citizens of Florida and own real property located at 11327 SW 236 Lane, Homestead, Florida 33032. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

142. Plaintiffs, Vernon Leroy Fernandez and JoAnn Cross are citizens of Louisiana and own real property located at 41555 C.C. Road, Ponchatoula, Louisiana 70454. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

143. Plaintiffs, Nicola and Connie Fineschi are citizens of Louisiana and own real property located at 1200 Magnolia Alley, Mandeville, Louisiana 70471. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

144. Plaintiff, Margaret Finke is a citizen of Louisiana and owns real property located at 4014 Taylors Trail, Unit 1002, Slidell, Louisiana 70461. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint

which are incorporated herein by reference.

145.  Plaintiffs, Steve and Corrinn Fisher are citizens of Louisiana and own real property located at 580 Huseman Lane, Covington, Louisiana 70435.  Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

146.  Plaintiff, Mitchell J. Franatovich is a citizen of Louisiana and owns real property located at 2251 3rd Street, Mandeville, Louisiana 70471.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

147.  Plaintiff, Beth Frenchman is a citizen of Florida and owns real property located at 10133 Cobblestone Creek Drive, Boynton, Beach, Florida 33437.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

148.  Plaintiff, Gina Gaita (Promenade) is a citizen of Florida and owns real property located at 10440 SW Stephanie Way, Port St. Lucie, Florida 34986.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

149.  Plaintiff, Bernadette Galatas is a citizen of Louisiana and owns real property located at 255 Carriage Pines Lane, Covington, Louisiana 70435.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

150.  Plaintiffs, Joey and Amanda Galle are citizens of Mississippi and own real property

located at 1905 Beachview Drive, Ocean Springs, Mississippi 39564. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

151. Plaintiffs, Joseph and Debbie Galle are citizens of Mississippi and own real property located at 1900 Beachview Drive, Ocean Springs, Mississippi 39564. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

152. Plaintiffs, James and Cynthia Galloway are citizens of Louisiana and own real property located at 40145 Taylors Trail, Unit 1001, Slidell, Lousiana 70461. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

153. Plaintiffs, Larry and Rene Galvin are citizens of New Jersey and own real property located at 11019 Carrar Court, #202 Bonita Springs, Florida 34135. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

154. Plaintiff, Hernan Gamboa is a citizen of Florida and owns real property located at 12991 SW 134 Terrace, Miami, Florida 33186. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

155. Plaintiff, Dr. Dan Gammage is a citizen of Louisiana and owns real property located at 1210 Magnolia Alley, Mandeville, Louisiana 70471. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint

which are incorporated herein by reference.

156. Plaintiff, Renee Ganucheau is a citizen of Louisiana and owns real property located at 6465 Louis XIV, New Orleans, Louisiana 70124. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

157. Plaintiffs, Michael A. and Nicole Gardette are citizens of Louisiana and own real property located at 268 Penn Mill Lakes, Covington, Louisiana 70435. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

158. Plaintiffs, Michael and Rhonda Gardette are citizens of Louisiana and own real property located at 276 Penn Mill Lakes, Covington, Louisiana 70435. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

159. Plaintiffs, Philip and Courtney Garrett are citizens of Louisiana and own real property located at 6050 General Diaz Drive, New Orleans, Louisiana 70124. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

160. Plaintiff, Maxi Gaussiran is a citizen of Louisiana and owns real property located at 39768 Kellywood Blvd., Ponchatoula, Louisiana 70454. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

161. Plaintiff, Karen Genovese is a citizen of Louisiana and owns real property located at

31

123 Beau Arbre Court, Covington, Lousiana 70433. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

162. Plaintiff, Ramona Gerica is a citizen of Louisiana and owns real property located at 7371 Northgate Drive, New Orleans, Louisiana 70128. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

163. Plaintiffs, Ted and Pamela Gill are citizens of Florida and own real property located at 13464 Little Gem Circle, Ft. Myers, Florida 33913. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

164. Plaintiffs, William and Maureen Gillane are citizens of Louisiana and own real property located at 108 N. Magnolia Dr., Covington, Louisiana 70433. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

165. Plaintiffs, Herman and Deborah Gleason are citizens of Louisiana and own real property located at 329 Brighton Lane, Slidell, Louisiana 70458. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

166. Plaintiffs, Anthoney and Candace Gody are citizens of Florida and own real property located at 10842 Tiberio Drive, Fort Myers, Florida 33913. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint

32

which are incorporated herein by reference.

167. Plaintiffs, Luis and Caridad Gonzalez are citizens of Louisiana and own real property located at 2944 NE 3rd Drive, Homestead, Florida 33033. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

168. Plaintiff, Miguel Angel Gonzalez is a citizen of Florida and owns real property located at 2908 NE 2nd Drive, Homestead, Florida 33033. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

169. Plaintiffs, Dustin and Korie Gotreaux are citizens of Louisiana and own real property located at 192 Oakwood Lane, Denham Springs, Louisiana 70726. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

170. Plaintiff, Vincent Greco is a citizen of Louisiana and owns real property located at 70461 11th Street, Covington, Louisiana 70433. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

171. Plaintiffs, Paul and Andrea Gremillion are citizens of Louisiana and own real property located at 530 Twin River, Covington, Louisiana 70433. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

172. Plaintiffs, Cheryl and David Gross are citizens of Louisiana and own real property

33

located at 400 Hay Place, New Orleans, Louisiana 70124. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

173. Plaintiff, Darlyn Guerra is a citizen of Louisiana and owns real property located at 738 Loque Place, New Orleans, Louisiana 70124. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

174. Plaintiff, Kenneth Guice is a citizen of Louisiana and owns real property located at 6331 South Johnson, New Orleans, Louisiana 70118. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

175. Plaintiffs, Christopher and Jerene Guidry are citizens of Louisiana and own real property located at 5396 Courtyard Dr, Gonzales, Louisiana 70737. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

176. Plaintiffs, Eno and Frances Guillot are citizens of Louisiana and own real property located at 40145 Taylors Trial, Unit 904, Slidell, Louisiana 70461. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

177. Plaintiffs, Candace and Todd Hakenjo are citizens of Louisiana and own real property located at 820 Cole Court, Covington, Louisiana 70433. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint

which are incorporated herein by reference.

178.  Plaintiffs, Lee and Barbara Hankins are citizens of Mississippi and own real property located at 14369 Autumn Chase, Gulfport, Mississippi 39503.  Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

179.  Plaintiffs, Patrick and Ann Hanlon are citizens of Florida and own real property located at 3407 West Oakellar Avenue, Tampa, Florida 33611.  Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

180.  Plaintiff, Rochelle Frazier Harkins is a citizen of Louisiana and owns real property located at 27 Greenbriar Drive, Gulfport, Mississippi 39507.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

181.  Plaintiffs, Dennis and Nancy Harmon are citizens of Florida and own real property located at 2816 St. Bart's Square, Vero Beach, Florida 32967.  Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

182.  Plaintiff, Anthony Richard Harris is a citizen of Mississippi and owns real property located at 6320 Guice Place, Ocean Springs, MS 39564.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

183. Plaintiffs, Jesse and Sheila Hart are citizens of Louisiana and own real property located

at 15174 Hwy 959, Clinton, Louisiana 70722. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

184. Plaintiffs, Robert and Maria Hay are citizens of New York and own real property located at 7173 50th Avenue Circle East, Palmetto, Florida 34221. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

185. Plaintiffs, Danny and Cathy Headley are citizens of Alabama and own real property located at 5313 County Road 24, Verbena, Alabama 36091. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

186. Plaintiffs, Joshua and Kelly Heck are citizens of Louisiana and own real property located at 85002 Horatio Sharp Rd., Bush, Louisiana 70431. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

187. Plaintiffs, Jason and Shanique Herbert are citizens of Florida and own real property located at 7207 53 Pl E, Palmetto, Florida 34221. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

188. Plaintiffs, John and Diane E. Hernandez are citizens of Louisiana and own real property located at 144 20th Street, New Orleans, Louisiana 70124. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint

36

which are incorporated herein by reference.

189. Plaintiff, Marla Hernandez is a citizen of Florida and owns real property located at 11475 Southwest 238 Street, Homestead, Florida 33032. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

190. Plaintiff, Margie Hewitt is a citizen of Mississippi and owns real property located at 600 Sunrise Court, Biloxi, Mississippi 39532. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

191. Plaintiffs, Tony and Sidney Hidalgo are citizens of Louisiana and own real property located at 273 Penn Mill Lakes Blvd., Covington, Louisiana 70435. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

192. Plaintiff, Barbara Hogan is a citizen of Louisiana and owns real property located at 40145 Taylors Trial, Unit 900, Slidell, Louisiana 70461. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

193. Plaintiffs, Dean and Dena Hopper are citizens of Louisiana and own real property located at 80714 Hwy 1083, Bush, Louisiana 70431. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

194. Plaintiff, Debra Houston (Promenade) is a citizen of Florida and owns real property

located at 10440 SW Stephanie Way, Port St. Lucie, Florida 34987. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

195. Plaintiffs, Wendy Hubbell and Christy Cimo are citizens of Louisiana and own real property located at 802 Cole Court, Covington, Louisiana 70433. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

196. Plaintiff, Brian Huckaby is a citizen of Louisiana and owns real property located at 4031 Monte Vista Drive, Addis, Louisiana 70710. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

197. Plaintiffs, Val and Audrey Hufft are citizens of Louisiana and own real property located at 109 Rue Merlot, Abita Springs, Louisiana 70420. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

198. Plaintiffs, Charles and Sarah Hulsey are citizens of Louisiana and own real property located at 701 Arctic Fox Run, Madisonville, Louisiana 70447. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

199. Plaintiff, Senora B. Jackson is a citizen of Louisiana and owns real property located at 40145 Taylor's Train - Unit 1004, Slidell, Louisiana 70461. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint

which are incorporated herein by reference.

200. Plaintiff, Janelle James is a citizen of Florida and owns real property located at 3606 NW 14th Court, Lauderhill, Florida 33311. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

201. Plaintiffs, Jason and Jessica James are citizens of Florida and own real property located at 3850 NW 32 Place, Cape Coral, Florida 33993. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

202. Plaintiffs, Chad and Darlene Jarrell are citizens of Louisiana and own real property located at 400 Briar Meadow Lance, Covington, Louisiana 70433. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

203. Plaintiff, Florence Jastremski is a citizen of Louisiana and owns real property located at 5314 Courtyard Drive, Gonzales, Louisiana 70737. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

204. Plaintiff, Willie L. Johnson Jr. is a citizen of Louisiana and owns real property located at 319 Brighton Lane, Slidell, Louisiana 70458. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

205. Plaintiffs, Kenneth and Jeri Johnson and Johnson Family Living Trust are citizens of

Virgina and own real property located at 609 Mansion Road Yorktown, Virginia 23693. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

206. Plaintiffs, Charles and Molly Johnson are citizens of Florida and own real property located at 10125 Cobblestone Creek Drive, Boynton Beach, Florida 33472. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

207. Plaintiffs, Allie and Jeanie Jones are citizens of Louisiana and own real property located at 212 16th Street, New Orleans, Louisiana 70124. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

208. Plaintiff, Marcelo Julian is a citizen of Florida and owns real property located at 3301 North East 183 Street, #2505, Aventura, Florida 33160. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

209. Plaintiffs, Daniel and Danielle Kapalin are citizens of Florida and own real property located at 14115 Stowbridge Avenue, Tampa, Florida 33626. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

210. Plaintiff, Molly Kehoe is a citizen of Louisiana and owns real property located at 1211 Magnolia Alley, Mandeville, Louisiana 70471. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are

incorporated herein by reference.

211. Plaintiffs, Gary and Vicki Kelly are citizens of Louisiana and own real property located at 61286 Gitz Drive, Lacombe, Louisiana 70445. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

212. Plaintiffs, David and Amanda Kessler are citizens of Louisiana and own real property located at 385 Brown Thrasher Loop, Madisonville, Louisiana 70447. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

213. Plaintiffs, David and Mary King are citizens of Louisiana and own real property located at 18015 Highway 40, Covington, Louisiana 70435. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

214. Plaintiffs, Corey and Monique Kitts are citizens of Louisiana and own real property located at 3123 Riverlanding Drive, Addis, Louisiana 70710. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

215. Plaintiffs, Christopher and Rosemary Knight are citizens of Florida and own real property located at 21311 Morning Mist Way, Land O Lakes, Florida 34639. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

216. Plaintiffs, Jeffrey and Cynthia Kottkamp are citizens of Florida and own real property

41

located at 4511 Randag Drive, North Fort Myers, Florida 33903. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

217. Plaintiffs, Kenneth and Julie Kustenmacher are citizens of Louisiana and own real property located at 28464 Lapont Drive, Lacombe, Louisiana 70445. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

218. Plaintiff, Beverly Kuykendall is a citizen of Louisiana and owns real property located at 1018 Tupelo Street, New Orleans, Louisiana 70117. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

219. Plaintiff, Jim LaCroix is a citizen of Louisiana and owns real property located at 1429 Natchez Loop, Covington, Louisiana 70433. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

220. Plaintiffs, Gerard Landry and J. Leatrice Kiefer are citizens of Louisiana and own real property located at 1921 Bayou Road, St. Bernard, Louisiana 70085. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

221. Plaintiffs, Justin and Renee Landry are citizens of Louisiana and own real property located at 12302 Dutchtown Villa Drive, Geismer, Louisiana 70734. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this

42

complaint which are incorporated herein by reference.

222. Plaintiffs, Joe and Amy Lang are citizens of Louisiana and own real property located at 101 Rue Merlot, Abita Springs, Louisiana 70420. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

223. Plaintiffs, Rebecca Langlois and Robert Roth are citizens of Louisiana and own real property located at 4218 Bluebonnet Road, Baton Rouge, Louisiana 70809. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

224. Plaintiffs, Jean and Gueldie Laraque are citizens of Florida and own real property located at 17911 Monte Vista Drive, Boca Raton, Florida 33496. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

225. Plaintiffs, C.W. and Margaret Lartigue are citizens of Louisiana and own real property located at 4305 Cleary Avenue, Metairie, Louisiana 70002. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

226. Plaintiff, Paul Lasserre is a citizen of Louisiana and owns real property located at 14442 Samantha Drive, Port Vincent, Louisiana 70726. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

227. Plaintiffs, Calvin and Sara LeBlanc, are citizens of Louisiana and own real property

43

located at 40145 Taylor's Trail - Unit 1003, Slidell, Louisiana 70461. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

228. Plaintiffs, Steven and Dana LeBlanc, are citizens of Louisiana and own real property located at 572 Huseman Lane, Covington, Louisiana 70435. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

229. Plaintiffs, Trisha and Darryl Ledet are citizens of Louisiana and own real property located at 12479 Highland Drive, Geismer, Louisiana 70734. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

230. Plaintiff, Samuel Ledford is a citizen of Alabama and owns real property located at 10308 Renfroe Road, Alpine, Alabama 35014. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

231. Plaintiff, Kevin Lee is a citizen of Florida and owns real property located at 13712 Trinity Leaf Place, Riverview, Florida 33579. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

232. Plaintiffs, David Lefton and Michelle Garcia are citizens of Florida and own real property located at 106 Southwest Milburn Circle, Port St. Lucie, Florida 34953. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules

44

accompanying this complaint which are incorporated herein by reference.

233. Plaintiffs, Michael and Melissa LeJeune are citizens of Louisiana and own real property located at 680 Silverthorne Lane, Covington, Louisiana 70433. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

234. Plaintiffs, Arlene and Charles Mackoff are citizens of Florida and own real property located at 15582 Fiorenza Circle, Delray Beach, Florida 33446. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

235. Plaintiffs, William and Cornelia Macmurdo are citizens of Louisiana and own real property located at 6553 Antoch Crossing, Baton Rouge, Louisiana 70817. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

236. Plaintiff, Jeremy Macon is a citizen of Alabama and owns real property located at 346 Korreckt Avenue Lincoln, Alabama, 35096. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

237. Plaintiffs, Georges and Janice Maillot are citizens of Louisiana and own real property located at 9 Tupelo Trace, Mandeville, Louisiana 70471. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

238. Plaintiff, Michael Martin is a citizen of Louisiana and owns real property located at 320

Leslie Lane, New Orleans, Louisiana 70124. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

239. Plaintiffs, Bill and Cynthia Martineau are citizens of Florida and own real property located at 9312 River Rock Lane, Riverview, Florida 33578. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

240. Plaintiffs, Aldo and Ghedy Matus are citizens of Louisiana and own real property located at 41299 Tulip Hill Ave., Prairieville, Louisiana 70769. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

241. Plaintiffs, Edward and Jacqueline Mayo are citizens of Louisiana and own real property located at 5803 Winchester Park Drive, New Orleans, Louisiana 70126. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

242. Plaintiffs, Clyde and Ira McCoy are citizens of Louisiana and own real property located at 11417 S. St. Andrew Circle, New Orleans, Louisiana 70128. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

243. Plaintiff, Jon Scott McLain is a citizen of Louisiana and owns real property located at 82401 Heintz Jenkins Road, Bush, Louisiana 70431. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint

which are incorporated herein by reference.

244. Plaintiffs, Juan and Irena Mercado are citizens of Florida and own real property located at 1226 NE 10th Lane, Cape Coral, Florida 33909. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

245. Plaintiffs, George and Amy Metcalfe are citizens of Florida and own real property located at 106 NW Willow Grove Avenue, Port St. Lucie, Florida 34986. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

246. Plaintiffs, William and Deborah Methvin are citizens of Louisiana and own real property located at 2800 Debouchel Blvd., Meraux, Louisiana 70075. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

247. Plaintiffs, Lawrence and Elizabeth Meyer are citizens of Louisiana and own real property located at 29310 Laurel Drive, Lacombe, Louisiana 70445. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

248. Plaintiffs, Michael and Megham Middleton are citizens of Louisiana and own real property located at 18725 Tall Oaks Court, Baton Rouge, Louisiana 70817. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

249. Plaintiffs, Bradley and Tricia Miller are citizens of Florida and own real property

located at 11134 Pacifica Street, Wellington, Florida 33449. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

250. Plaintiff, Jeannete Mills is a citizen of Louisiana and owns real property located at 11052 Shoreline Drive, Baton Rouge, Louisiana 70809. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

251. Plaintiff, Steven Minafri is a citizen of Florida and owns real property located at 2511 Yukon Cliff Dr., Ruskin, Florida 33570. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

252. Plaintiffs, Michael and Jeannine Mizne are citizens of Florida and own real property located at 9621 Cobblestone Creek Drive, Boynton Beach, Florida 33472. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

253. Plaintiffs, Mark and Maureen Morici are citizens of Louisiana and own real property located at 6555 Avenue B, New Orleans, Louisiana 70124. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

254. Plaintiff, Ralph Morlas is a citizen of Louisiana and owns real property located at 4091 Brown Thraser Loop, Madisonville, Louisiana 70447. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint

48

which are incorporated herein by reference.

255. Plaintiff, Robert Morris is a citizen of Florida and owns real property located at 14123 Stilton Street, Tampa, Florida 33626. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

256. Plaintiff, Shawn Mosley is a citizen of Florida and owns real property located at 10440 SW Stephanie Way, Unit 203, Port St. Lucie, Florida 34987. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

257. Plaintiff, Gene Mottolo is a citizen of Florida and owns real property located at 3608 101st Avenue E, Parrish, Florida 34219. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

258. Plaintiffs, Thomas and Kathleen Mullen are citizens of New Jersey and own real property located at 1132 Bari Street East, Lehigh Acres, Florida 33936 and 1130 Bari Street East, Lehigh Acres Florida 33936. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

259. Plaintiffs, Richard and Michele Musgrave are citizens of Louisiana and own real property located at 6864 Colbert Street, New Orleans, Louisiana 70124. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

260. Plaintiffs, Craig and Roberta Naden are citizens of Louisiana and own real property located at 5263 Courtyard Drive, Gonzales, Louisiana 70737. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

261. Plaintiff, Allan Neumann is a citizen of Illinois and owns real property located at 11019 Carrara Court, #101, Bonita Springs, Florida 34135. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

262. Plaintiff, Susan Nevels is a citizen of Florida and owns real property located at 11390 Salix Court, Fort Myers, Florida 33960. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

263. Plaintiffs, James and Kathleen Nichols are citizens of Florida and own real property located at 1217 NE 7th Place, Cape Coral, Florida 33909. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

264. Plaintiff, Mary M. Niswonger is a citizen of Louisiana and owns real property located at 77451 N. Fitzmorris Road Ext., Covington, Louisiana 70435. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

265. Plaintiff, Robin Novello is a citizen of Florida and owns real property located at 9407 Bridgebrook Drive, Boca Raton, Florida 33496. Plaintiff is participating as a class representative

in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

266. Plaintiffs, Ernest and Marie Nunez are citizens of Louisiana and own real property located at 612 Huseman Lane, Covington, Louisiana 70435. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

267. Plaintiffs, Frederick and Lisa Nunez are citizens of Louisiana and own real property located at 123 Dominion Blvd., Madisonville, Louisiana 70447. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

268. Plaintiffs, Olaf A. and Wanda G. Olson are citizens of Louisiana and own real property located at 61880 Shady Pine Road, Lacombe, Louisiana 70445. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

269. Plaintiffs, Albert and Judith Orduna are citizens of Louisiana and own real property located at 4111 Jasper Street, Metairie, Louisiana 70002. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

270. Plaintiff, David Orlowski is a citizen of Florida and owns real property located at 2722 SW 10th Avenue, Cape Coral, Florida 33914. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

271. Plaintiff, Brenda Owens is a citizen of Alabama and owns real property located at 2105 Lane Avenue, Birmingham Alabama 35217. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

272. Plaintiffs, Dwight and Psyche Page are citizens of Virginia and own real property located at 102 Overlook Point Yorktown, Virginia 23693. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

273. Plaintiffs, Charles and Rachael Parker are citizens of Alabama and own real property located at 963 Weatherby St. S, Saraland, Alabama 36571. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

274. Plaintiffs, Shelly and Kelly Parr are citizens of Louisiana and own real property located at 683 Solomon Drive, Covington, Louisiana 70433. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

275. Plaintiff, Judith Ellen Pasentine is a citizen of Louisiana and owns real property located at 216 Oak Lane, Mandeville, Louisiana 70448. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

276. Plaintiff, Danielle Patin is a citizen of Louisiana and owns real property located at 5012 Pauger Street, New Orleans, Louisiana 70122. Plaintiff is participating as a class representative in

the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

277. Plaintiff, Joan Patterson is a citizen of Florida and owns real property located at 1934 Rowland Drive, Odessa, Florida 33556. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

278. Plaintiffs, Sean and Beth Payton are citizens of Louisiana and own real property located at 53 Preserve Lane, Mandeville, Louisiana 70471. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

279. Plaintiff, Pelican Point Properties, L.L.C., (A Maryland Limited Liability Company) is a Louisiana corporation with its principal place of business at 5247 Courtyard Drive, Gonzales, Louisiana 70737. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

280. Plaintiff, Mary Louise Pentecost is a citizen of Louisiana and owns real property located at 4647 Hyocinth Avenue, Baton Rouge, Louisiana 70808. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

281. Plaintiff, Debra People is a citizen of Georgia and owns real property located at 1350 Park Brooke Circle, Marietta, Georgia 30008. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

282. Plaintiffs, Derrick and Robin Peterson are citizens of Florida and own real property located at 518 SW California Avenue, Stuart, Florida 34994. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

283. Plaintiffs, Tony and Kathy Peres are citizens of Louisiana and own real property located at 4825 Tracy Street, Violet, Louisiana 70092. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

284. Plaintiffs, Timothy and Tracey Perry are citizens of Mississippi and own real property located at 15190 Westin Cove, Gulfport, Mississippi 39503. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

285. Plaintiffs, Brent and Lisa Petagna are citizens of Louisiana and own real property located at 2619 Octavia St., New Orleans, Louisiana 70115. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

286. Plaintiff, Ronald Peters is a citizen of Louisiana and owns real property located at 76600 S. Fitzmorris Road, Covington, Louisiana 70435. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

287. Plaintiffs, Charles and Marcia Petrey are citizens of Louisiana and own real property located at 4 Finch Lane, Mandeville, Louisiana 70471. Plaintiffs are participating as class

54

representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

288. Plaintiffs, Jan and Neil Pierson are citizens of Louisiana and own real property located at 348 Jade Court, Madisonville, Louisiana 70447. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

289. Plaintiffs, Randy and Jeanne Piwetz are citizens of Louisiana and own real property located at 424 Inspiration Lane, Covington, Louisiana 70433. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

290. Plaintiffs, Joshua and Kimberlea Price are citizens of Louisiana and own real property located at 117 Rue Merlot, Abita Springs, Louisiana 70420. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

291. Plaintiff, Prichard Housing Authority is an Alabama corporation with its principal place of business in Alabama. Prichard Housing Authority owns real property at 503 Sgt. Harrison Brown, Prichard, Alabama 36610; 504 Sgt. Harrison Brown, Prichard, Alabama 36610; 505 Sgt. Harrison Brown, Prichard, Alabama 36610; 506 Sgt. Harrison Brown, Prichard, Alabama 36610; 507 Sgt. Harrison Brown, Prichard, Alabama 36610; 508 Sgt. Harrison Brown, Prichard, Alabama 36610; 509 Sgt. Harrison Brown, Prichard, Alabama 36610; 703 Sgt. Harrison Brown, Prichard, Alabama 36610; 705 Sgt. Harrison Brown, Prichard, Alabama 36610; 707 Sgt. Harrison Brown, Prichard, Alabama 36610; 709 Sgt. Harrison Brown, Prichard, Alabama 36610; 800 Sgt. Harrison Brown,

Prichard, Alabama 36610; 803 Sgt. Harrison Brown, Prichard, Alabama 36610; 804 Sgt. Harrison Brown, Prichard, Alabama 36610; 805 Sgt. Harrison Brown, Prichard, Alabama 36610; 806 Sgt. Harrison Brown, Prichard, Alabama 36610; 807 Sgt. Harrison Brown, Prichard, Alabama 36610; 808 Sgt. Harrison Brown, Prichard, Alabama 36610; 810 Sgt. Harrison Brown, Prichard, Alabama 36610; 811 Sgt. Harrison Brown, Prichard, Alabama 36610; 812 Sgt. Harrison Brown, Prichard, Alabama 36610; 814 Sgt. Harrison Brown, Prichard, Alabama 36610; 818 Sgt. Harrison Brown, Prichard, Alabama 36610; 820 Sgt. Harrison Brown, Prichard, Alabama 36610; 821 Sgt. Harrison Brown, Prichard, Alabama 36610; 823 Sgt. Harrison Brown, Prichard, Alabama 36610; 824 Sgt. Harrison Brown, Prichard, Alabama 36610; 825 Sgt. Harrison Brown, Prichard, Alabama 36610; and 826 Sgt. Harrison Brown, Prichard, Alabama 36610. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

292. Plaintiff, Promenade at Tradition, Community Association, Inc. is a Florida corporation with its principal place of business at 430 NW Lake Whitney Place, Port St. Lucie, Florida 34986. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

293. Plaintiffs, Hazel Pryce and Dionne Smith are citizens of Florida and own real property located at 1068 North West Leonard Circle, Port Saint Lucie, Florida 34896. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

294. Plaintiffs, Donald and Marcelyn Puig are citizens of Louisiana and own real property located at 302 Tallow Creek Blvd., Covington, Louisiana 70433. Plaintiffs are participating as class

representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

295. Plaintiff, Damien Querol is a citizen of Florida and owns real property located at 3301 NE 183 Street, Unit 1207, Aventura, Florida 33160. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

296. Plaintiffs, William and Maxine Quick are citizens of Louisiana and own real property located at 4610 Frenchmen St., New Orleans, Louisiana 70122. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

297. Plaintiff, Sandra Quilio is a citizen of Louisiana and owns real property located at 225 Carriage Pines Lane, Covington, Louisiana 70835. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

298. Plaintiff, Joseph Todd Quividia is a citizen of Louisiana and owns real property located at 17470 Rosemont Drive, Prairieville, Louisiana 70769. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

299. Plaintiffs, Randy and Pamela Raborn are citizens of Louisiana and own real property located at 31650 Tickfaw Acre Road, Holden, Louisiana 70744. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

300. Plaintiffs, Grant and Kathyrn Reid are citizens of Florida and own real property located at 7208 53rd Place East, Palmetto, Florida 34221. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

301. Plaintiffs, Alexander and Irina Rekhels are citizens of Florida and own real property located at 1344 SW Sultan Drive, Port St. Lucie, Florida 34953. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

302. Plaintiff, Karen Reynolds is a citizen of Louisiana and owns real property located at 3509-3511 Sinclar Street, Chalmette, Louisiana 70043. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

303. Plaintiffs, Brenda and Ignatius Riggio are citizens of Louisiana and own real property located at 636 Huseman Lane, Covington, Louisiana 70435. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

304. Plaintiffs, George and Raffy Rigney are citizens of Louisiana and own real property located at 42166 Autumn Run Dr., Hammond, Louisiana 70403. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

305. Plaintiff, Van Ristovski is a citizen of Indiana and owns real property located at 961 Leonardo Circle, Port Saint Lucie, Florida 34986. Plaintiff is participating as a class representative

in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

306. Plaintiffs, Jack and Luz Rizzo are citizens of Florida and own real property located at 15578 Fiorenza Circle, Delray Beach, Florida 33446. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

307. Plaintiff, Alexander Robair is a citizen of Louisiana and owns real property located at 39058 Bayou View Avenue, Gonzales, Louisiana 70737. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

308. Plaintiffs, Margaret and Glenwood Robbins are citizens of Louisiana and own real property located at 39130 Old Bayou Avenue, Gonzales, Louisiana 70737. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

309. Plaintiff, Sandra Roberson is a citizen of Louisiana and owns real property located at 929 Flora Lane, Baton Rouge, Louisiana 70810. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

310. Plaintiff, Jeffrey D. Roberts is a citizen of Louisiana and owns real property located at 285 Penn Mill Lakes, Covington, Louisiana 70435. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

311. Plaintiff, Toni Rodosta is a citizen of Louisiana and owns real property located at 1219 Rue Degas, Mandeville, Louisiana 70471. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

312. Plaintiff, Joyce W. Rogers is a citizen of Louisiana and owns real property located at 675 Solomon Drive, Covington, Louisiana 70433. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

313. Plaintiffs, Brad and Cassandra Rogers are citizens of Louisiana and own real property located at 516 Mare Court, Covington, Louisiana 70435. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

314. Plaintiffs, Patricia and Donald Rohan are citizens of Mississippi and own real property located at 17407 Popcorn Ave., Vancleave, Mississippi 39565. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

315. Plaintiffs, Erwin and Karen Rome are citizens of Louisiana and own real property located at 619 Bellingrath Lane, Slidell, Louisiana 70458. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

316. Plaintiff, Rookery Park Estates, LLC and KOL Ventures, LLC are Florida corporations with their principal place of business located at 1400 E. Oakland Park Blvd., Suite 111, Oakland

Park, Florida 33334. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

317. Plaintiffs, Robert and Linda Roseman are citizens of New Jersey and own real property located at 99 Vivante Blvd., Unit #213, Punta Gorda, Florida 33950. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

318. Plaintiff, Michael Rosen is a citizen of Florida and owns real property located at 17538 Middlebrook Way, Boca Raton, Florida 33496. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

319. Plaintiffs, Dufrene and Ernest Rosetta are citizens of Louisiana and own real property located at 166 Emerald Oaks Drive, Covington, Louisiana 70433. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

320. Plaintiffs, Kevin and Dorothy Ruesch are citizens of Louisiana and own real property located at 7860 Highland Road, Baton Rouge, Louisiana 70808. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

321. Plaintiff, Rickey Ryckman is a citizen of Louisiana and owns real property located at 4820 Janice Avenue, Kenner, Louisiana 70065. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are

incorporated herein by reference.

322. Plaintiffs, Kenneth and Cindy Salter are citizens of Florida and own real property located at 5484 Inwood Drive, Pace, Florida 32571. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

323. Plaintiff, Larry Schields is a citizen of Florida and owns real property located at 123 Emerson Drive, Kenner, Louisiana 70065. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

324. Plaintiffs, Leah and Todd Schmitt, Anne Hammond and Pam Cangelosi are citizens of Louisiana and own real property located at 663 Solomon Drive, Covington, Louisiana 70433. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

325. Plaintiffs, Mark and Victoria Segreto are citizens of Louisiana and own real property located at 36 W. Park Pl, New Orleans, Louisiana 70124. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

326. Plaintiffs, Rafael and Ana Segundo are citizens of Florida and own real property located at 2964 NE 3 Drive, Homestead, Florida 33033. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

327. Plaintiffs, Terrance Scott and Deborah Semrau are citizens of Florida and own real

property located at 15435 Fiorenza Circle, Delray Beach, Florida 33446. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

328. Plaintiffs, Michael and Leslie Shelton are citizens of Louisiana and own real property located at 568 Huseman Lane, Covington, Louisiana 70435. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

329. Plaintiff, Austin Sicard, Jr. is a citizen of Louisiana and owns real property located at 3112 Lloyds Avenue, Chalmette, Louisiana 70043. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

330. Plaintiff, Susan W. Silvestri is a citizen of Louisiana and owns real property located at 1221 Rue Degas, Mandeville, Louisiana 70471. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

331. Plaintiff, Enrica Singleton is a citizen of Louisiana and owns real property located at 11413 Longview Drive, New Orleans, Louisiana 70128. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

332. Plaintiff, Helena Skinner is a citizen of Louisiana and owns real property located at 29300 Laurel Drive, Lacombe, Louisiana 70445. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are

incorporated herein by reference.

333.  Plaintiffs, Clinton and Kelly Smith are citizens of Louisiana and own real property located at 211 Oakmont Drive, New Orleans, Louisiana 70128.  Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

334.  Plaintiff, Patricia Spencer is a citizen of Louisiana and owns real property located at 3637 Edgewood Ct., Avondale, Louisiana 70094.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

335.  Plaintiffs, Steven and Janeau St. Martin are citizens of Louisiana and own real property located at 4780 Demontlutin Street, New Orleans, Louisiana 70122.  Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

336.  Plaintiff, Stanley Duke is a citizen of Florida and owns real property located at 2517 Yukon Cliff Dr., Ruskin, Florida 33570.  Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

337.  Plaintiffs, Dana and Marcus Staub are citizens of Louisiana and own real property located at 1208 Magnolia Alley, Mandeville, Louisiana 70471.  Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

338. Plaintiffs, Jason and Peny Steele are citizens of Louisiana and own real property located

at 2321 Maureen Lane, Meraux, Louisiana 70072. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

339. Plaintiffs, John and Grace Steubben are citizens of Mississippi and own real property located at 8426 Kaleki Way, Diamondhead, Mississippi 39525. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

340. Plaintiffs, Thomas and Lauren Stone are citizens of Louisiana and own real property located at 2316 Gallant, Chalmette, Louisiana 70043. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

341. Plaintiffs, Edward and Emmilou Tabor are citizens of Louisiana and own real property located at 4712 Reich Street, Metairie, Louisiana 70006. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

342. Plaintiff, Bill Talbert is a citizen of Louisiana and owns real property located at 40145 Taylors Trail, Unit 903, Slidell, Louisiana 70461. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

343. Plaintiff, Jim Tarzy is a citizen of New Jersey and owns real property located at 28479 Altessa Way, #101, Bonita Springs, Florida 34135. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are

incorporated herein by reference.

344. Plaintiffs, David Jason and Amanda B. Taylor are citizens of Mississippi and own real property located at 3216 Joy Lane, Ocean Springs, Mississippi 39564. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

345. Plaintiffs, Caroline and Robert Tedesco are citizens of Louisiana and own real property located at 709 Simpson Way, Covington, Louisiana 70435. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

346. Plaintiffs, Avery and Tjaynell Theard are citizens of Louisiana and own real property located at 6271 Eastover Drive, New Orleans, Louisiana 70128. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

347. Plaintiffs, Brian and Tamara Thomas are citizens of Louisiana and own real property located at 856 Water Oak Drive, Brusly, Louisiana 70719. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

348. Plaintiffs, Darlene and James Thomas are citizens of Louisiana and own real property located at 17152 Jo Boy Road, Prairieville, Louisiana 70769. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

349. Plaintiffs, Stanley and April Thornton are citizens of Alabama and own real property

located at 336 County Road 703, Jemison, Alabama 35085. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

350. Plaintiffs, Richard and Jean Tiemann are citizens of Louisiana and own real property located at 24055 Sparrow Ln., Loranger, Louisiana 70446. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

351. Plaintiff, Nikolaos Toras is a citizen of Louisiana and owns real property located at 4309-11 Hudson Street, Metairie, Louisiana 70446. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

352. Plaintiffs, Matthew and Mary Torrance are citizens of Louisiana and own real property located at 4240 Tupello St., Baton Rouge, Louisiana 70808. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

353. Plaintiff, Tyrone C. Turner is a citizen of Louisiana and owns real property located at 17447 Rosemont Drive, Prairieville, Louisiana 70769. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

354. Plaintiffs, Peter and Catherine Uli are citizens of Louisiana and own real property located at 2205 Emilie Oaks Drive, Meraux, Louisiana 70075. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint

which are incorporated herein by reference.

355. Plaintiffs, Ronnie and Anne Van Winkle are citizens of Louisiana and own real property located at 70304 8th Street, Covington, Louisiana 70433. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

356. Plaintiff, Louis Velez is a citizen of Louisiana and owns real property located at 5427 Paris Avenue, New Orleans, Louisiana 70122. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

357. Plaintiffs, Hugh and Tracy Vest are citizens of Virginia and own real property located at 111 Eston's Run, Yorktown, Virginia 23693. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

358. Plaintiffs, Jacques and Nicole Waguespack are citizens of Louisiana and own real property located at 1423 Savannah Street, Covington, Louisiana 70433. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

359. Plaintiffs, Margret Williams and Angella and Nicholas Wakeland are citizens of Florida and own real property located at 967 NW Leonardo Circle, Port St. Lucie, Florida 34986. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

360. Plaintiff, Demetra Walker is a citizen of Georgia and owns real property located at 485

68

Tranquill Drive, Winder, Georgia 30680. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

361. Plaintiffs, Amy and Truman Ward are citizens of Louisiana and own real property located at 5367 Courtyard Drive, Gonzales, Louisiana 70737. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

362. Plaintiffs, Patrick and Paula Watson are citizens of Florida and own real property located at 978 NW Leonardo Circle, Port St. Lucie, Florida 34986. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

363. Plaintiff, Sharon Watts is a citizen of Louisiana and owns real property located at 29284 Laurel Drive, Lacombe, Louisiana 70445. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

364. Plaintiffs, William and Kelly Wayne are citizens of Louisiana and own real property located at 576 Huseman Lane, Covington, Louisiana 70435. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

365. Plaintiffs, John and Lorraine Wenzel are citizens of Louisiana and own real property located at 80190 Red Hawk Lane, Bush, Louisiana 70431. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint

which are incorporated herein by reference.

366. Plaintiffs, Don and Agnes Wheeler are citizens of Louisiana and own real property located at 41311 Tulip Hill Ave., Prairieville, Louisiana 70769. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

367. Plaintiffs, Robert and Dana Whitaker are citizens of Louisiana and own real property located at 104 Squaw Court, Covington, Louisiana 70435. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

368. Plaintiff, Taeneia White is a citizen of Louisiana and owns real property located at 828 North Sabine Drive, Baton Rouge, Louisiana 70810. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

369. Plaintiffs, Eric and Karen Wilcox are citizens of Florida and own real property located at 14117 Stowbridge Avenue, Tampa, Florida 33626. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

370. Plaintiff, Rosanne Wilfer is a citizen of Louisiana and owns real property located at 1202 Magnolia Alley, Mandeville, Louisiana 70471. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

371. Plaintiffs, Diana and Terry Williams are citizens of Louisiana and own real property

located at 520 Mare Court, Covington, Louisiana 70435. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

372. Plaintiff, Teresa Wilson is a citizen of Massachusetts and owns real property located at 3945 Rollingsford Circle, Lakeland, Florida 33810. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

373. Plaintiff, Robert Wischler is a citizen of Louisiana and owns real property located at 3387 Desaix Boulevard, New Orleans, Louisiana 70119. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

374. Plaintiffs, Bryan and Kimberly Wood are citizens of Virginia and own real property located at 603 Mansion Road Yorktown, Virginia 23693. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

375. Plaintiff, Scott Woolley is a citizen of Florida and owns real property located at 7050 Montauk Point Crossing, Bradenton, Florida 34212. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

376. Plaintiff, Dr. Cassandra Youmans is a citizen of Louisiana and owns real property located at 5201 Chamberlain Drive, New Orleans, Louisiana 70122. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this

complaint which are incorporated herein by reference.

377. Plaintiffs, Linda and Raymond Young are citizens of Louisiana and own real property located at 577 Huseman Lane, Covington, Louisiana 70435. Plaintiffs are participating as class representatives in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

378. Plaintiff, Hope Zamora is a citizen of Louisiana and owns real property located at 713 Simpson Way, Covington, Louisiana 70435. Plaintiff is participating as a class representative in the class and subclasses as set forth in the schedules accompanying this complaint which are incorporated herein by reference.

## DEFENDANTS

379. Unless specifically stated to the contrary, all individual defendants are citizens of the state where they do business and all entities are citizens of the state where they are organized. For those entities, where the state of organization is not listed, it is asserted upon information and belief that the entity is incorporated and/or organized in the state of its principal place of business.

### The Insurance Company Defendants

380. Detailed charts showing which insurance company provided general liability, excess, and/or umbrella insurance for each Insured Defendant, as well as the pertinent policy numbers and dates of coverage, are attached as Schedule 2 and accompanied as if fully set forth herein.

381. Each of the following Insurance Company Defendants issued policies of general liability, excess, and/or umbrella insurance under which an Insured Defendant is a named or additional insured as set forth in Schedule 2 that provide coverage for the Underlying Claims asserted by Plaintiffs against the Insured Defendant. Such insurance policies include policies issued

72

directly to the Insured Defendants, as well as policies issued to certain drywall subcontractors that supplied and/or installed Chinese drywall in the Plaintiffs' homes, as set forth in Schedule 2, under which an Insured Defendant is a named or additional insured. As such, each Insurance Company Defendant is liable for the damages alleged herein against the respective Insured Defendant, individually, jointly and *in solido*.

382. Defendant, Ace Fire Underwriters Insurance Company, is a Pennsylvania corporation with its principal place of business at 436 Walnut Street, Philadelphia, Pennsylvania 19106.

383. Defendant, Alabaster Assurance Company, Ltd, a subsidiary of USG Corporation, is a Vermont corporation with its principal place of business in Vermont.

384. Defendant, Allied World Assurance Company, is a Delaware corporation with its principal place of business at 100 Summer Street, Boston, Massachusetts 02110.

385. Defendant, American Guarantee and Liability Insurance Company, is a New York corporation with its principal place of business at 1400 American Lane Tower 1, 19th Floor, Schaumburg, Illinois 60196.

386. Defendant, American Home Assurance Company, is a New York corporation with its principal place of business at 70 Pine Street, New York, New York 10270.

387. Defendant, American Insurance Company, is an Ohio corporation with its principal place of business at 777 San Marin Drive, Novato, California 94998.

388. Defendant, American International Specialty Lines Insurance Company, is a Maryland corporation with its principal place of business at 175 Water Street, 18th Floor, New York, New York 10038.

389. Defendant, American International Surplus Lines Agency, Inc., is a New Jersey corporation with its principal place of business at 401 Plaza 3, Jersey City, New Jersey 07311.

390. Defendant, American Zurich Insurance Company, is a Illinois corporation with its principal place of business at 1400 American Lane, Schaumburg, Illinois 60196-1056.

391. Defendant, Amerisure Mutual Insurance Company, is a Michigan corporation with its principal place of business at 26777 Halsted Road, Farmington Hills, Michigan 48331.

392. Defendant, Arch Insurance Company, is a Missouri corporation with its principal place of business at Harborside Financial Center 300, Plaza Three, 3rd Floor, Jersey City, New Jersey 07311-1107.

393. Defendant, Assurance Company of America (Zurich North America), is an entity with its principal place of business at 1400 American Lane, Schaumburg, Illinois 60196 and One Liberty Plaza, 165 Broadway, 32nd Floor, New York, New York 10006.

394. Defendant, Audubon Insurance Group, is a Louisiana corporation with its principal place of business at 4150 South Sherwood Forest Boulevard, Baton Rouge, Louisiana 70816.

395. Defendant, Auto-Owners Insurance Company, is a Michigan corporation with its principal place of business at 6101 Anacapri Boulevard, Lansing, Michigan 48917.

396. Defendant, Axis Surplus Insurance Company, is an Illinois corporation with its principal place of business at 11680 Great Oaks Way, Suite 500, Alpharetta, Georgia 30022.

397. Defendant, Bankers Insurance Company, is a Florida corporation with its principal place of business at 360 Central Avenue, St. Petersburg, Florida 33701.

398. Defendant, Builders Insurance Company, is a Nevada corporation with its principal place of business at 2200 Point Rock Lane, Las Vegas, Nevada 89134.

399. Defendant, Builders Mutual Insurance Company, is a North Carolina corporation with its principal place of business at 5580 Centerview Drive, Raleigh, North Carolina 27606.

400. Defendant, Chartis Select Insurance Company, individually and as successor-in-interest to AIG Excess Liability Insurance Company, Ltd., (f/k/a Starr Excess Liability Insurance Company, Ltd.), is a Delaware Corporation with its principal place of business in Delaware.

401. Defendant, Chartis Specialty Insurance Company f/k/a American International Specialty Lines Insurance Company, is a New York corporation with its principal place of business at 175 Water Street, New York, New York 10038.

402. Defendant, Chubb Custom Insurance Company, is a Maryland corporation with its principal place of business at 15 Mountain View Road, Warren, New Jersey 07061.

403. Defendant, Cincinnati Insurance Company, is an Ohio corporation with its principal place of business at 6200 South Gilmore Road, Fairfield, Ohio 45014.

404. Defendant, Clarendon America Insurance Company, is a New Jersey corporation with its principal place of business at 466 Lexington Avenue, Suite 1900, New York, New York 10017.

405. Defendant, Continental Casualty Company, is an Illinois corporation with its principal place of business at 333 S. Wabash Avenue, Chicago, Illinois 60604.

406. Defendant, Crum & Forster Specialty Insurance Company, is an Arizona corporation with its principal place of business at 305 Madison Avenue, Morristown, New Jersey 07962.

407. Defendant, Employers Insurance Company of Wausau, is a Wisconsin corporation with its principal place of business at 175 Berkley Street, Boston, Massachusetts 02116.

408. Defendant, Endurance American Insurance Company, is a Delaware corporation with its principal place of business at 333 Westchester Avenue, White Plains, New York 10604.

409.   Defendant, Endurance Specialty Insurance Ltd., is a Bermuda entity with the United States headquarters at 767 Third Avenue, 5th Floor, New York, New York 10017.

410.   Defendant, Essex Insurance Company, is a Delaware corporation with its principal place of business at 4521 Highwoods Parkway, Glen Allen, Virginia 23060.

411.   Defendant, FCCI Commercial Insurance Company, is a Florida corporation with its principal place of business at 6300 University Parkway, Sarasota, Florida 34240.

412.   Defendant, FCCI Insurance Company, is a Florida corporation with its principal place of business at 6300 University Parkway, Sarasota, Florida 34240.

413.   Defendant, Fireman's Fund Insurance Company, is a California corporation with its principal place of business at 777 San Marin Drive, Navato, California 94998.

414.   Defendant, General Fidelity Insurance Company, is a California corporation with its principal place of business at 401 North Tryon Street, Charlotte, North Carolina 28255.

415. Defendant, General Security Indemnity Company of Arizona, is an Arizona corporation with its principal place of business at 199 Water Street, New York, New York 10038.

416.   Defendant, Granada Insurance Company, is a Florida corporation with its principal place of business at 4075 SW 83rd Avenue, Miami, Florida 33155.

417.   Defendant, Great American Assurance Company, is a Ohio corporation with its principal place of business at 580 Walnut Street, Cincinnati, Ohio 45202.

418.   Defendant, Greenwich Insurance Company, is a Delaware corporation with its principal place of business at 70 Seaview Avenue, Stamford, Connecticut 06902.

419.   Defendant, The Hanover American Insurance Company, is a New Hampshire corporation with its principal place of business at 440 Lincoln Street, Worcester, Massachusetts

01653.

420.   Defendant, Hanover Insurance Company, is a New Hampshire corporation with its principal place of business at 440 Lincoln Street, Worcester, Massachusetts 01653.

421. Defendant, Harleysville Mutual Insurance Company, is a Pennsylvania corporation with its principal place of business at 355 Maple Avenue, Harleysville, Pennsylvania 19438-2297.

422.   Defendant, Heath Insurance Brokers, Incorporated, is a Connecticut corporation with its principal place of business at 195 Farmington Avenue, Suite 195, Farmington, Connecticut 06032.

423.   Defendant, Illinois National Insurance Company, is an Illinois corporation with its principal place of business at 300 South Riverside Plaza Suite 2100, Chicago, Illinois 60606.

424.   Defendant, The Insurance Company of the State of Pennsylvania, is a Pennsylvania corporation with its principal place of business at 70 Pine Street, 30th Floor, New York, New York 10270.

425.   Defendant, Interstate Fire & Casualty Company, is a Maryland corporation with its principal place of business at 33 West Monroe Street, Chicago, Illinois 60603.

426. Defendant, John Doe, is a participating insurer under the Louisiana Home Builders Association General Liability Trust.

427. Defendant, John Doe is a member of the Chubb Group of Insurance Companies, which is based in New Jersey.

428.   Defendant, John Doe, is a member or subsidiary of AIG, The Insurance Company of the State of Pennsylvania and insurance carrier for Sun Construction.

429.   Defendant, John Doe is a member of Bituminous Insurance Companies which has its

77

principal place of business at 320 18th Street, Rock Island, Illinois 61201.

430. Defendant, John Doe is a member of Zurich North American with its principal places of business at 1400 American Lane, Schaumburg, Illinois 60196 and One Liberty Plaza, 165 Broadway, 32nd Floor, New York, New York 10006.

431. Defendant, Landmark American Insurance Company, is an Maryland corporation with its principal place of business at 945 East Paces Ferry Road, Atlanta, Georgia 30326.

432. Defendant, Lexington Insurance Company, is a Delaware corporation with its principal place of business at 100 Summer Street, Boston, Massachusetts 02110.

433. Defendant, Liberty Mutual Insurance Company, is a Massachusetts corporation with its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02117.

434. Defendant, Louisiana Home Builders Association General Liability Trust is a Louisiana entity.

435. Defendant, Markel Insurance Company, is a wholly owned subsidiary of Markel Corporation, a Virginia-based international specialty lines insurance company and a reinsurer carrier to the Louisiana Home Builders Association General Liability Trust.

436. Defendant, Mid-Continent Casualty Company, is an Ohio corporation with its principal place of business at 1437 South Boulder, Suite 200, Tulsa, Oklahoma 74119.

437. Defendant, National Union Fire Insurance Company, is a Pennsylvania corporation with its principal place of business at 625 Liberty Avenue, Pittsburgh, Pennsylvania 15222-3110.

438. Defendant, National Union Fire Insurance Company of Pittsburgh, is a Pennsylvania corporation with its principal place of business at 70 Pine Street, New York, New York 10270.

439. Defendant, Nationwide Mutual Insurance Company, is an Ohio corporation with its

principal place of business at One West Nationwide Plaza, Columbus, Ohio 43215.

440. Defendant, Nationwide Mutual Fire Insurance Company, is an Ohio corporation with its principal place of business at One West Nationwide Plaza, Columbus, Ohio 43215.

441. Defendant, Nationwide Property and Casualty Insurance Company, is an Ohio corporation with its principal place of business at One West Nationwide Plaza, Columbus, Ohio 43215.

442. Defendant, North American Specialty Insurance Company, is a New Hampshire corporation with its principal place of business at 650 Elm Street, Manchester, New Hampshire 03101.

443. Defendant, Nautilus Insurance Company, is an Arizona corporation with its principal place of business at 7233 East Butherus Drive, Scottsdale, Arizona 85260.

444. Defendant, The North River Insurance Company, is a New Jersey corporation with its principal place of business at 305 Madison Avenue, Morristown, New Jersey 07962.

445. Defendant, Old Dominion Insurance Company, is a Florida corporation with its principal place of business at 4601 Touchton Road East, Suite 3300, Jacksonville, Florida 32246-4485.

446. Defendant, Old Republic Insurance Company, is a Pennsylvania corporation with its principal place of business at 133 Oakland Avenue, Greenburg, Pennsylvania 15601.

447. Defendant, Owners Insurance Company, is an Ohio corporation with its principal place of business at 6101 Anacapri Boulevard, Lansing, Michigan 48917.

448. Defendant, Praetorian Specialty Insurance Company, a subsidiary of Praetorian Financial Group, Inc., is a Delaware corporation with its principal place of business at 88 Pine Street,

79

10th Floor, New York, New York 10005.

449.  Defendant, QBE Specialty Insurance Company, is a Maryland corporation with its principal place of business at 88 Pine Street, 16th Floor, New York, New York 10005.

450.  Defendant, Quanta Indemnity Company, is a Colorado corporation with its principal place of business at 48 Wall Street, New York, New York10005.

451.  Defendant, RLI Insurance Company, is an Illinois corporation with its principal place of business at 9025 North Lindbergh Drive, Peoria, Illinois 61615.

452. Defendant, RSUI Group, Inc., is a Georgia corporation with its principal place of business at 945 E. Paces Ferry Road, Suite 1800, Atlanta, Georgia 30326.

453. Defendant, Royal & Sunalliance Insurance Agency Inc., is a Delaware corporation with its principal place of business at 88 Pine Street, 17th Floor, New York, New York 10005.

454. Defendant, Safeco Insurance Company of America, a member of Liberty Mutual Group, is a Washington corporation with its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02117.

455.  Defendant, Scottsdale Insurance Company, is an Ohio corporation with its principal place of business at 877 N. Gainey Center Drive, Scottsdale, Arizona 85258.

456.  Defendant, SR International Business Insurance Company Ltd. is a United Kingdom entity, with its principal place of business at 30 Saint Mary Axe, London, EC3A 8EP, United Kingdom.

457.  Defendant, Standard Fire Insurance Company, is a Connecticut corporation with its principal place of business at One Tower Square, Hartford, Connecticut 06183.

458.  Defendant, State Farm Fire and Casualty Company, is a Illinois corporation with its

principal place of business at One State Farm Plaza, Bloomington, Illinois 61710.

459. Defendant, Steadfast Insurance Company, is a Delaware corporation with its principal place of business at 1400 American Lane, Schaumburg, Illinois 60196.

460. Defendant, St. Paul Fire & Marine Insurance Company, is a Minnesota corporation with its principal place of business at 385 Washington Street, St. Paul, Minnesota 55102.

461. Defendant, Swiss Re International SE, is a New York corporation with its principal place of business at 125 West 55th Street, New York, New York 10019.

462. Defendant, Travelers Indemnity Company of Connecticut, is a Connecticut corporation with its principal place of business at One Tower Square, Hartford, Connecticut 06183.

463. Defendant, Travelers Property Casualty Company of America f/k/a Travelers Indemnity Company of Illinois, is a Connecticut corporation with its principal place of business at One Tower Square, Hartford, Connecticut 06183.

464. Defendant, Vinings Insurance Company, is a South Carolina corporation with its principal place of business at 2410 Paces Perry Road, Suite 300, Atlanta, Georgia 30339.

465. Defendant, Wausau Underwriters Insurance Company, is a Wisconsin corporation with its principal place of business at 2000 Westwood Drive, Wausau, Wisconsin 54401.

466. Defendant, Wesco Insurance Company, is a Delaware corporation with its principal place of business at 59 Maiden Lane, New York, New York 10038.

467. Defendant, Westchester Surplus Lines Insurance Company, is a Maryland corporation with its principal place of business at 436 Walnut Street, Philadelphia, Pennsylvania 19101.

468. Defendant, XL Europe Ltd., is a United Kingdom entity with its principal place of business at 70 Gracechurch Street, London, EC3V 0XL, United Kingdom.

81

469. Defendant, XL Insurance Company Ltd., is a United Kingdom entity with its principal place of business at Winterthur House, 34 Leadenhall Street, London, EC3A 1AX, United Kingdom.

470. Defendant, Zurich American Insurance Company, is a New York corporation with its principal place of business at 1400 American Lane, Schaumburg, Illinois 60196.

### The Distributor/Supplier/Importer/Exporter/Broker Defendants

471. Defendant, Bailey Lumber & Supply Company is an entity or individual with a principal place of business at 813 E. Pass Road, Gulfport, Mississippi 39507. Defendant is organized under the laws of Mississippi. Defendant is a distributor or supplier of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

472. Defendant, Bailey Lumber & Supply Company of Biloxi is an entity or individual with a service address at Sherwood R. Bailey, Bailey Building, Washington Avenue, Gulfport, Mississippi 39507. Defendant is organized under the laws of Mississippi. Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

473. Defendant, Banner Supply Co. is an entity or individual with a principal place of business at 7195 NW 30th Street, Miami, Florida 33122. Defendant is organized under the laws of Florida. Defendant is a importer, exporter, distributor or supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

474. Defendant, Banner Supply Company Ft. Myers, LLC is an entity or individual with a principal place of business at 2910 Cargo Street, Fort Myers, Florida 33916. Defendant is organized

under the laws of Florida. Defendant is a importer, exporter, distributor or supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

475. Defendant, Banner Supply Company Pompano, LLC is an entity or individual with a principal place of business at 1660 SW 13th Court, Pompano Beach, Florida 33069. Defendant is organized under the laws of Florida. Defendant is a importer, exporter, distributor or supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

476. Defendant, Banner Supply Company Port St. Lucie, LLC is an entity or individual with a principal place of business at 7195 NW 30th Street, Miami, Florida 33122. Defendant is organized under the laws of Florida. Defendant is a importer, exporter, distributor or supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

477. Defendant, Banner Supply Company Tampa, LLC is an entity or individual with a principal place of business at 7195 NW 30th Street, Miami, Florida 33122. Defendant is organized under the laws of Florida. Defendant is a importer, exporter, distributor or supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

478. Defendant, Banner Supply International, LLC is an entity or individual with a principal place of business at 7195 NW 30th Street, Miami, Florida 33122. Defendant is organized under the laws of Florida. Defendant is a importer, exporter, distributor or supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages

to Subclass Members.

479.   Defendant, Black Bear Gypsum Supply, Inc. is an entity or individual with a principal place of business at 2050 Tall Pines Drive, Suite B, Largo, Florida 33771.  Defendant is organized under the laws of Florida.  Defendant is a importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

480.   Defendant, Black Bear Gypsum, LLC is an entity or individual with a principal place of business at 2050 Tall Pines Drive, Suite B, Largo, Florida 33771.  Defendant is organized under the laws of Florida.  Defendant is a importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

481.   Defendant, Interior/Exterior Building Supply, LP is an entity or individual with a principal place of business at 727 S. Cortez Street, New Orleans, Louisiana  70119. Defendant is organized under the laws of Louisiana.  Defendant is a importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

482.   Defendant, Interior/Exterior Enterprises, LLC is an entity or individual with a principal place of business at 727 S. Cortez Street, New Orleans, Louisiana  70119.  Defendant is organized under the laws of Louisiana.  Defendant is a importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

483.   Defendant, L&W Supply Corporation d/b/a Seacoast Supply Company is an entity or

individual with a principal place of business at 550 W. Adams Street, Dept. 174, Chicago, Illinois 60661. Defendant is organized under the laws of Delaware. L&W Supply Corporation is a subsidiary of USG. Defendant is a importer, exporter, distributor or supplier of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

484. Defendant, Mazer's Discount Home Centers, Inc. is an entity or individual with a principal place of business at 1112 King Street, Wilmington, Delaware. Defendant is organized under the laws of Delaware. Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

485. Defendant, Smoky Mountain Materials, Inc. d/b/a Emerald Coast Building Materials is an entity or individual with a principal place of business at 5218 S. National Drive, Knoxville, Tennessee 37914. Defendant is organized under the laws of Florida. Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

486. Defendant, Tobin Trading, Inc. is an entity or individual with a principal place of business at 5008 Gatehouse Way, Virginia Beach, Virginia, 23455. Defendant is organized under the laws of Virginia. Defendant is an importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

487. Defendant, USG Corporation is a Delaware corporation with a principal place of business in Chicago, Illinois. USG, together with its various affiliates, including its subsidiary,

L&W Supply Corporation and Seacoast Supply, is the nation's largest distributor of drywall and related building products. USG, through its subsidiary L&W Supply Corporation, sold, distributed, supplied, marketed, inspected, imported, exported, or delivered the drywall at issue in this litigation. USG is responsible for the actions of its subsidiary through control of persons and other management activities.

488.    Defendant, Venture Supply Company is an entity or individual with a principal place of business at 1140 Azalea Garden Road, Norfolk, Virginia 23502. Defendant is organized under the laws of Virginia. Defendant is a importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

489.    Defendant, Venture Supply, Inc. is an entity or individual with a principal place of business at 1140 Azalea Garden Road, Norfolk, Virginia 23502. Defendant is organized under the laws of Virginia. Defendant is a importer, exporter, distributor, supplier or broker of drywall and related building products that engaged in these practices, which has resulted in harm and damages to Subclass Members.

**The Developer/Builder Defendants**

490.    Defendant, Albanese-Popkin The Oaks Development Group, L.P. is an entity or individual with a principal place of business at 1200 S. Rogers Circle, Suite #11, Boca Raton, Florida 33487. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

491.    Defendant, Aubuchon Homes, Inc. is an entity or individual with a principal place of

86

business at 1310 SE 4th Terrace, Cape Coral, Florida 33991. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

492. Defendant, Beazer Homes Corp. is an entity or individual with a principal place of business at 1000 Abernathy Road, Suite 1200, Atlanta, Georgia 30328. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

493. Defendant, Centerline Homes at Delray, Inc. is an entity or individual with a principal place of business at 825 Coral Ridge Drive, Coral Springs, Florida 33071. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

494. Defendant, Centerline Homes at Georgetown, LLC is an entity or individual with a principal place of business at 825 Coral Ridge Drive, Coral Springs, Florida 33071. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

495. Defendant, Centerline Homes at Port St. Lucie, LLC is an entity or individual with a principal place of business at 825 Coral Ridge Drive, Coral Springs, Florida 33071. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly

or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

496. Defendant, Centerline Homes at Tradition, LLC is an entity or individual with a principal place of business at 825 Coral Ridge Drive, Coral Springs, Florida 33071. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

497. Defendant, Centerline Homes at Vizcaya, Inc. is an entity or individual with a principal place of business at 12534 Wiled Road, Coral Springs, Florida 33076. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

498. Defendant, Centerline Homes Construction, Inc. is an entity or individual with a principal place of business at 825 Coral Ridge Drive, Coral Springs, Florida 33071. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

499. Defendant, Centerline Homes, Inc. is an entity or individual with a principal place of business at 825 Coral Ridge Drive, Coral Springs, Florida 33071. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

500. Defendant, Centerline Port St. Lucie, Ltd. is an entity or individual with a principal place of business at 825 Coral Ridge Drive, Coral Springs, Florida 33071. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

501. Defendant, Completed Communities II, LLC is the successor by merger to certain other Defendants; Centerline Homes at B&A, LLC; Centerline Homes at Tradition, LLC, and Centerline Port St. Lucie, Ltd., with its principal place of business at 825 Coral Ridge Drive, Coral Springs, Florida 33071. Defendant is organized under the laws of Florida. Defendant, together with its various affiliates and predecessor entities, built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass Members as described herein.

502. Defendant, E. Jacob Construction, Inc. is an entity or individual with a principal place of business at 15735 Florida Boulevard, Baton Rouge, Louisiana 70819. Defendant is organized under the laws of Louisiana. Defendant, together with its various affiliates and predecessor entities, built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass Members as described herein.

503. Defendant, E. Jacob Fakouri Construction, Inc. is an entity or individual with a principal place of business at 11838 Richcroft Ave., Baton Rouge, Louisiana 70814. Defendant is organized under the laws of Louisiana. Defendant, together with its various affiliates and predecessor entities, built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass Members as

89

described herein.

504. Defendant, Gryphon Construction, LLC is an entity or individual with a principal place of business at 3300 Corporate Ave., Ste. 110, Weston, Florida 33331. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

505. Defendant, Gryphon Corporation is an entity or individual with a principal place of business at 3635 Bougainvillea Road, Miami, Florida 33133. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

506. Defendant, Lennar Corporation is an entity or individual with a principal place of business at 700 NW 107 Avenue, Suite 400, Miami, Florida 33172. Defendant is organized under the laws of Delaware. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

507. Defendant, Lennar Homes, LLC is an entity or individual with a principal place of business at 700 NW 107th Avenue, Suite 400, Miami, Florida 33172. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass Members as described herein.

508. Defendant, Mayeaux Construction, Inc. is an entity or individual with a principal place

of business at 14 Carolina Court, Covington, Louisiana 70433. Defendant is organized under the laws of Louisiana. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

509. Defendant, M/I Homes, Inc. is an entity or individual with a principal place of business at 3 Easton Oval, Ste. 500, Columbus, OH 43219. Defendant is organized under the laws of Ohio. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass Members as described herein.

510. Defendant, M/I Homes of Tampa, LLC is an entity or individual with a principal place of business at 3 Easton Oval, Ste. 500, Columbus, OH 43219. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

511. Defendant, The Mitchell Co. is an entity or individual with a principal place of business at Colonial Bank Centre, 3rd Floor, 41 W. Interstate 65, Service Rd. N, Mobile, Alabama 36608. Defendant is organized under the laws of Alabama. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

512. Defendant, Morrison Homes, Inc. is an entity or individual with a principal place of business at 4900 N. Scottsdale Rd., Ste. 2000, Scottsdale, Arizona 85251. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or

through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

513. Defendant, Northstar Holdings at B and A, LLC is an entity or individual with a principal place of business at 1732 S. Congress Avenue, Suite 335, Palm Springs, Florida 33461. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass Members as described herein.

514. Defendant, Northstar Homebuilders, Inc. is an entity or individual with a principal place of business at 11755 SW 90 St., Ste. 210, Miami, Florida 33186. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

515. Defendant, Northstar Homes, Inc. is an entity or individual with a principal place of business at 1732 S. Congress Avenue, Suite 335, Palm Springs, Florida 33461. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass Members as described herein.

516. Defendant, Overlook, LLC is an entity or individual with a principal place of business at 9030 Stony Point Parkway, Suite 490, Richmond, Virginia 23235. Defendant is organized under the laws of Virginia. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

517.  Defendant, Overlook Point, LLC is an entity or individual with a principal place of business at 10 San Jose Drive, Suite 4C, Newport News, VA 23606.  Defendant is organized under the laws of Virginia.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

518.  Defendant, Parallel Design and Development, LLC,  is an entity or individual with a principal place of business at 2627 Landview Circle, Virginia Beach, Virginia 23454, but also operates at 6000 Richpress Drive, Williamsburg, Virginia 23188.  Defendant is organized under the laws of Virginia.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

519.  Defendant, Siesta Bay Custom Homes, LLC is an entity or individual with a principal place of business at 15750 Quail Trail, Ft. Meyers, Florida 33912.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

520.  Defendant, Sterling Communities, Inc. is an entity or individual with a principal place of business at 3090 Canterbury Drive, Boca Raton, Florida 33443.  Defendant is organized under the laws of Florida.  Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

521.  Defendant, Sterling Communities Realty, Inc. is an entity or individual with a principal

93

place of business at 3581 Lago De Talavera, Lake Worth, Florida 33467. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

522. Defendant, The Sterling Collection, Inc. is an entity or individual with a principal place of business at 4704 SE 9th Place, Cape Coral, Florida 33904. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

523. Defendant, Summit Contractors, Inc. is an entity or individual with a principal place of business in Slidell, Louisiana. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

524. Defendant, Summit Homes of LA, Inc. is an entity or individual with a principal place of business at 119 Village Street, Slidell, Louisiana 70458. Defendant is organized under the laws of Louisiana. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

525. Defendant, Summit Homes, LLC n/k/a PHL Construction, LLC is an entity or individual with a principal place of business at 7525 Picardy Avenue, Suite 220, Baton Rouge, Louisiana 70808. Defendant is organized under the laws of Louisiana. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these

homes, which has resulted in harm and damages to Subclass members as described herein.

526. Defendant, Sun Construction, LLC is an entity or individual with a principal place of business at 62250 West End Boulevard, Slidell, Louisiana 70461. Defendant is organized under the laws of Louisiana. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

527. Defendant, Sun Construction, LLC d/b/a Sunrise Homes is an entity or individual with a principal place of business at 62250 West End Boulevard, Slidell, Louisiana 70461. Defendant is organized under the laws of Louisiana. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

528. Defendant, Sunrise Construction and Development, LLC is an entity or individual with a principal place of business at 62250 West End Boulevard, Slidell, Louisiana 70461. Defendant is organized under the laws of Louisiana. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

529. Defendant, Sunrise Custom Homes and Construction, LLC is an entity or individual with a principal place of business at 3598 Sligo Road, Haughton, Louisiana 71037. Defendant is organized under the laws of Louisiana. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

530. Defendant, Taylor Morrison of Florida, Inc. is an entity or individual with a principal

place of business at 4905 West Laurel Street, Suite 100, Tampa, Florida 33607. Defendant is organized under the laws of Florida. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

531. Defendant, Taylor Morrison, Inc. is an entity or individual with a principal place of business at 4900 N. Scottsdale Road, Suite 2000, Scottsdale, Arizona 85251. Defendant is organized under the laws of Delaware. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

532. Defendant, Taylor Morrison Services, Inc. d/b/a Morrison Homes is an entity or individual with a principal place of business at 4900 N. Scottsdale Road, Suite 2000, Scottsdale, Arizona 85251. Defendant is organized under the laws of Delaware. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

533. Defendant, Taylor Woodrow Communities at Vasari, LLC a/k/a Taylor Morrison Construction Company is an entity or individual with a principal place of business at 4905 West Laurel, Suite 100, Tampa, Florida 33607. Defendant is organized under the laws of Florida. Defendant is organized under the laws of Delaware. Defendant built certain Subclass Members' homes and, directly or through agents, installed defective drywall in these homes, which has resulted in harm and damages to Subclass members as described herein.

### The Contractor/Installer Defendants

534. Defendant, F. Vicino and Company, Inc. is an entity or individual with a principal

96

place of business at 15 NE 2 Avenue, Deerfield Beach, Florida 33441. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

535. Defendant, Graf's Drywall, LLC is an entity or individual with a principal place of business at 57460 St. Alexander Road, Husser, Louisiana 70442. Defendant is organized under the laws of Louisiana. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

536. Defendant, Ocean Coast Drywall, Inc. f/k/a Ocean Coast Drywall of S. Florida, Inc. is an entity or individual with a principal place of business at 3431 SW 11th Street, Deerfield Beach, Florida 33442. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

537. Defendant, Precision Drywall, Inc. is an entity or individual with a principal place of business at 601 N. Congress Avenue, Delray Beach, Florida 33445. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

538. Defendant, Right Way Finishing, Inc. is an entity or individual with a principal place of business at 13089 Cypress Swamp Drive, Geismar, Louisiana 70734. Defendant is organized under the laws of Louisiana. Upon information and belief, Defendant constructed or installed

defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

539. Defendant, RJL Drywall, Inc. is an entity or individual with a principal place of business at 8181 Bayshore Road, Fort Myers, Florida 33917. Defendant is organized under the laws of Florida. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

540. Defendant, The Porter-Blaine Corporation is an entity or individual with a principal place of business at 1140 Azalea Garden Road, Norfolk, Virginia 23502. Defendant is organized under the laws of Virginia. Upon information and belief, Defendant constructed or installed defective drywall in the homes of certain Subclass Members, which has resulted in harm and damages to Subclass Members.

## FACTS REGARDING PRODUCT DEFECT

541. Upon information and belief, the Insured Defendants' drywall contains gypsum.

542. In "defective drywall" (such as that designed, manufactured, exported, imported, distributed, delivered, supplied, inspected, installed, marketed, and/or sold by the Insured Defendants herein), the gypsum and other components of the product break down and release sulfides and other noxious gases that are then emitted (or "off-gassed") from the drywall.

543. The "defective drywall" is not fit for its ordinary and intended purpose and is otherwise unreasonably dangerous and defective in that it contains unreasonably high levels of sulfur and strontium, which emit unreasonably high levels of sulfur and sulfur compounds, including sulphuric acid and hydrogen sulfide, carbonyl sulfide and sulfur dioxide which corrode copper wires, copper plumbing, copper piping, air-conditioner coils, and other component parts of building, appliances,

and personal property, including, but not limited to, HVAC systems, refrigerators, televisions, personal computers and other electrical and electronic devices.

544. The Chinese-manufactured drywall (and the hydrogen sulfide and/or other compounds emitted therefrom, either independently and/or in combination with other ambient compounds such as formaldehyde) sold by and/or through the Insured Defendants has also been widely associated with an offensive smell, headaches, eye irritation, coughing, sore throats, an aggravation of allergy and/or breathing problems, and fear of potential long-term health effects, which have, in many cases, further contributed to a loss of enjoyment, mental anguish, and/or loss of use.

545. As a direct and proximate result of the Insured Defendants' actions and omissions, Plaintiffs' and the Class Members' structures, personal property, and bodies have been exposed to Defendants' defective and unfit drywall and the corrosive and harmful effects of the hydrogen sulfide and other compounds being released from Defendants' defective drywall.

546. The Insured Defendants tortiously manufactured, exported, imported, distributed, delivered, supplied, inspected, installed, marketed and/or sold the defective drywall, which was unfit for its intended purpose and unreasonably dangerous in its normal use in that the drywall caused corrosion and damage to personal property in Plaintiffs' and Class Members' homes, residences or structures and/or caused personal injury resulting in headaches, eye irritation, a sore throat and cough, aggravation of allergy and/or breathing problems, nausea, and fear of potential long term health effects.

547. The Insured Defendants negligently manufactured, exported, imported, distributed, delivered, supplied, inspected, installed, marketed and/or sold the defective drywall at issue in this litigation.

548. The Insured Defendants negligently implemented faulty procedures for purposes of formulating, preparing, testing, and otherwise ensuring the quality and/or character of the defective drywall at issue in this litigation.

549. As a direct and proximate result of the Insured Defendants' defective and unfit drywall and the corrosive and harmful effects of the hydrogen sulfide and other compounds being released from these products, Plaintiffs and Class Members have suffered, and continue to suffer economic harm and/or personal injury.

550. As a direct and proximate result of the Insured Defendants' defective and unfit drywall and the corrosive and harmful effects of the hydrogen sulfide and other compounds being released from these products, the Plaintiffs and the Class Members have suffered, and continue to suffer damages. These damages include, but are not limited to, costs of inspection; costs and expenses necessary to remedy, replace and remove the defective drywall and other property that has been impacted; lost value or devaluation of their homes, residences or structures and property as a direct result of damage caused to the property and indirect damage resulting from perceived defects to the property, including stigma damages; loss of use and enjoyment of their home and property; other ensuing loss; and/or damages associated with personal injuries.

551. As a direct and proximate result of the Insured Defendants' defective and unfit drywall and the corrosive and harmful effects of the hydrogen sulfide and other compounds being released from these products, Plaintiffs and the Class Members have been exposed to toxic gases, suffered personal injury, have been placed at an increased risk of disease, and have need for injunctive relief in the form of repair and remediation of their home, of their home contracts, emergency/corrective notice, environmental testing and monitoring, and/or medical monitoring.

552. The Class Representatives are pursuing nationwide class action, against the manufacturers, distributors, suppliers, importers, exporters, brokers, builders, developers, contractors, and installers of the defective Chinese manufactured drywall located in Plaintiffs' homes, in *Payton, et al. v. Knauf Gips KG, et al.*, No. 09-7628 (E.D. La.) (Omni I); *Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, No. 10-361 (E.D. La.) (Omni II); *Benes, et al. v. Knauf Gips KG, et al.*, No. 09-6690 (E.D. La.) (Omni III); and *Rogers, et al. v. Knauf Gips KG, et al.*, No. 10-362 (E.D. La.) (Omni IV). Plaintiffs' claims sound in negligence, strict liability, breach of warranty, breach of contract, unjust enrichment, nuisance, violation of Louisiana New Home Warranty Act, redhibition, negligent discharge of a corrosive substance, and violation of consumer protection acts (the "Underlying Claims").

553. Plaintiffs here seek declaratory relief mandating coverage by the respective Insurance Company Defendants for all damages and remedies under the pertinent insurance policies for the Underlying Claims for which the Insured Defendants are liable.

554. In addition, the Direct Action Plaintiffs (i.e., Subclass 1) file this direct action pursuant to Louisiana Revised Statute 22:1269 against the respective Insured Defendants and Insurance Company Defendants (collectively, the "Direct Action Defendants") for damages individually, jointly, and *in solido*.

## FACTS REGARDING THE INSURANCE POLICIES

555. The Insurance Company Defendants provide and/or provided general liability, excess, and/or umbrella insurance policies (the "Insurance Policies") to one or more of the Insured Defendants.

556. Upon information and belief, the Insurance Policies are based on standardized forms

101

and as such are virtually, if not precisely identical, such that they are subject to uniform interpretation.

557. The Insurance Policies cover the losses arising from the Underlying Claims.

558. Upon information and belief, the Insured Defendants timely provided notice under the Insurance Policies.

559. Upon information and belief, the Insured Defendants have satisfied fully all conditions precedent and obligations under the Insurance Policies.

560. Upon information and belief, the Insured Defendants and/or their Subcontractors have paid substantial sums for the Insurance Policies, constituting all premiums due thereunder.

561. Upon information and belief, the Insurance Company Defendants have either denied coverage, reserved their rights, failed to reply to the Insured Defendants' notice letters, or otherwise failed to acknowledge coverage.

## CLASS ACTION ALLEGATIONS

### The Declaratory Judgment Class

562. All Plaintiffs bring this suit as a class action pursuant to Rules 23(a), (b)(1), (b)(2), (b)(3) and/or 23(c)(4) of the Federal Rules of Civil Procedure, on behalf of themselves and the following Class comprised of:

> All owners and residents (past or present) of real property located in the United States containing defective Chinese drywall designed, manufactured, imported, distributed, delivered, supplied, marketed, inspected, installed, or sold by an Insured Defendant.

### The Direct Action Subclass (Subclass 1)

563. The representative Plaintiffs with claims against the Insurance Company Defendants

under the Louisiana Direct Action (indicated as members of Subclass 1 in the attached Schedule 1)

bring this suit as a class action pursuant to Rules 23(a), (b)(1), (b)(2), (b)(3) and/or 23(c)(4) of the

Federal Rules of Civil Procedure, on behalf of themselves and those similarly situated, against the

Insured Defendants and the Insurance Company Defendants for whom they have standing

(collectively, the "Direct Action Defendants"). The designated Plaintiffs in Schedule 1 define

Subclass 1 to be as follows:

> All owners and residents (past or present) of real property located in
> the State of Louisiana containing defective Chinese drywall, and all
> owners and residents (past and present) of real property located in the
> United States containing defective drywall where the policy of
> insurance sued upon was written or delivered in the State of
> Louisiana.

## The Insurance Company Defendants and Subclasses (Subclasses 2 et seq.)

564. The representative Plaintiffs with claims against the Insurance Company Defendants

of the Insured Defendants, set forth in the attached Schedule 1 (the alignment of the representative

Plaintiffs, the Insured Defendants, and the Insurance Company Defendants is depicted in Schedule

1 for each subclass), assert subclasses pursuant to Rules 23(a), (b)(1), (b)(2), (b)(3) and/or 23(c)(4)

of the Federal Rules of Civil Procedure, on behalf of themselves and those similarly situated, against

the Insurance Company Defendants for whom they have standing. The designated Plaintiffs in

Schedule 1 define their subclasses to be as follows:

> All owners and residents (past or present) of real property located in
> the United States containing defective drywall, where each of the
> Insured Defendants identified in Schedule 1 was the distributor,
> supplier, importer, exporter, broker, builder, developer, contractor, or
> installer of the property, and where the Insurance Company
> Defendants identified in Schedule 1 provided an Insurance Policy
> covering the Insured Defendant.

565. The subclasses identified in Schedule 1 are comprised as follows:

| | |
|---|---|
| Subclass #2: | Ace Fire Underwriters  Insurance Company |
| Subclass #3: | Alabaster Assurance Company, Ltd. |
| Subclass #4: | Allied World Assurance Company |
| Subclass #5: | American Guarantee and Liability Insurance Company |
| Subclass #6: | American Home Assurance Company |
| Subclass #7: | American Insurance Company |
| Subclass #8: | American International Specialty Lines Insurance Company |
| Subclass #9: | American International Surplus Lines Agency, Inc. |
| Subclass #10: | American Zurich Insurance Company |
| Subclass #11: | Amerisure Mutual Insurance Company |
| Subclass #12: | Arch Insurance Company |
| Subclass #13: | Assurance Company of America (Zurich North America) |
| Subclass #14: | Audubon  Insurance Group |
| Subclass #15: | Auto-Owners Insurance Company |
| Subclass #16: | Axis Surplus Insurance Company |
| Subclass #17: | Bankers Insurance Company |
| Subclass #18: | Builders Insurance Company |
| Subclass #19: | Builders Mutual Insurance Company |
| Subclass #20: | Chartis Select Insurance Company, individually and as successor-in-interest to AIG Excess Liability Insurance Company, Ltd. (f/k/a Starr Excess Liability Insurance Company, Ltd.) |
| Subclass #21: | Chartis Specialty Insurance Company f/k/a American International |

Specialty Lines Insurance Company

Subclass #22:    Chubb Custom Insurance Company

Subclass #23:    Cincinnati Insurance Company

Subclass #24:    Clarendon America Insurance Company

Subclass #25:    Continental Casualty Company

Subclass #26:    Crum & Forster Specialty Insurance Company

Subclass #27:    Employers Insurance Company of Wausau

Subclass #28:    Endurance American Insurance Company

Subclass #29:    Endurance Specialty  Insurance Ltd.

Subclass #30:    Essex Insurance Company

Subclass #31:    FCCI Commercial Insurance Company

Subclass #32:    FCCI Insurance Company

Subclass #33:    Fireman's Fund Insurance Company

Subclass #34:    General Fidelity Insurance Company

Subclass #35:    General Security Indemnity Company of Arizona

Subclass #36:    Granada Insurance Company

Subclass #37:    Great American Assurance Company

Subclass #38:    Greenwich Insurance Company

Subclass #39:    The Hanover American Insurance Company

Subclass #40:    Hanover Insurance Company

Subclass #41:    Harleysville Mutual Insurance Company

Subclass #42:    Heath Insurance Brokers, Incorporated

| | |
|---|---|
| Subclass #43: | Illinois National Insurance Company |
| Subclass #44: | The Insurance Company of the State of Pennsylvania |
| Subclass #45: | Interstate Fire & Casualty Company |
| Subclass #46: | John Doe, a participating insurer under the Louisiana Home Builders Association General Liability Trust |
| Subclass #47: | John Doe, a member of the Chubb Group of Insurance Companies |
| Subclass #48: | John Doe, a member or subsidiary of AIG, The Insurance Company of the State of Pennsylvania |
| Subclass #49: | John Doe, a member of Bituminous Insurance Companies |
| Subclass #50: | John Doe, a member of Zurich North American |
| Subclass #51: | Landmark American Insurance Company |
| Subclass #52: | Lexington Insurance Company |
| Subclass #53: | Liberty Mutual Insurance Company |
| Subclass #54: | Louisiana Home Builders Association General Liability Trust |
| Subclass #55: | Markel Insurance Company |
| Subclass #56: | Mid-Continent Casualty Company |
| Subclass #57: | National Union Fire Insurance Company |
| Subclass #58: | National Union Fire Insurance Company of Pittsburgh |
| Subclass #59: | Nationwide Mutual Insurance Company |
| Subclass #60: | Nationwide Mutual Fire Insurance Company |
| Subclass #61: | Nationwide Property and Casualty Insurance Company |
| Subclass #62: | North American Specialty Insurance Company |
| Subclass #63: | Nautilus Insurance Company |

| | |
|---|---|
| Subclass #64: | The North River Insurance Company |
| Subclass #65: | Old Dominion Insurance Company |
| Subclass #66: | Old Republic Insurance Company |
| Subclass #67: | Owners Insurance Company |
| Subclass #68: | Praetorian Specialty Insurance Company, a subsidiary of Praetorian Financial Group, Inc. |
| Subclass #69: | QBE Specialty Insurance Company |
| Subclass #70: | Quanta Indemnity Company |
| Subclass #71: | RLI Insurance Company |
| Subclass #72: | RSUI Group, Inc. |
| Subclass #73: | Royal & Sunalliance Insurance Agency Inc. |
| Subclass #74: | Safeco Insurance Company of America |
| Subclass #75: | Scottsdale Insurance Company |
| Subclass #76: | SR International Business Insurance Company Ltd. |
| Subclass #77: | Standard Fire Insurance Company |
| Subclass #78: | State Farm Fire and Casualty Company |
| Subclass #79: | Steadfast Insurance Company |
| Subclass #80: | St. Paul Fire & Marine Insurance Company |
| Subclass #81: | Swiss Re International SE |
| Subclass #82: | Travelers Indemnity Company of Connecticut |
| Subclass #83: | Travelers Property Casualty Company of America f/k/a Travelers Indemnity Company of Illinois |
| Subclass #84: | Vinings Insurance Company |

| Subclass #85: | Wausau Underwriters Insurance Company |
| Subclass #86: | Wesco Insurance Company |
| Subclass #87: | Westchester Surplus Lines Insurance Company |
| Subclass #88: | XL Europe Ltd. |
| Subclass #89: | XL Insurance Company Ltd. |
| Subclass #90: | Zurich American Insurance Company |

**General Class Allegations and Exclusions from the Class Definitions**

566. The following Persons shall be excluded from the Class and Subclasses: (1) Defendants and their subsidiaries, affiliates, officers and employees; (2) all Persons who make a timely election to be excluded from the proposed Class; (3) governmental entities; and (4) the judge(s) to whom this case is assigned and any immediate family members thereof.

567. Plaintiffs reserve the right to modify or amend the definition of the proposed Classes and Subclasses before the Court determines whether certification is appropriate.

568. Upon information and belief, Chinese defective and unfit drywall was installed in at least hundreds of homes, residences, or other structures owned by Plaintiffs and Class Members. Therefore, the Class and Subclasses are sufficiently numerous such that the joinder of all members of the Class and Subclasses in a single action is impracticable.

569. There are numerous common questions of law and fact that predominate over any questions affecting only individual members of the Class or Subclasses. Among these common questions of law and fact are the following:

a.   whether one or more of the Insurance Company Defendant's policies provides coverage with respect to the Insured Defendants' fault and/or other legal liability to

108

the plaintiffs for property damage, repair and/or restoration costs, diminution in value, loss of use, and/or other economic damages or injures;

b.      whether one or more of the Insurance Company Defendant's policies provides coverage with respect to the Insured Defendants' fault and/or other legal liability to the plaintiffs for damage to personal property;

c.      whether one or more of the Insurance Company Defendant's policies provides coverage with respect to the Insured Defendants' fault and/or other legal liability to the plaintiffs for inconvenience, mental anguish, and/or fear and fright;

d.      whether one or more of the Insurance Company Defendant's policies provides coverage with respect to the Insured Defendants' fault and/or other legal liability to the plaintiffs for personal injuries;

e.      whether one or more of the Insurance Company Defendant's policies provides coverage with respect to the Insured Defendants' fault and/or other legal liability to the plaintiffs for attorneys' fees, expenses, and taxable court costs;

f.      whether one or more of the Insurance Company Defendant's policies includes valid exclusions which limit or eliminate coverage for some or all of the Insured Defendants' fault and/or other legal liability to the plaintiffs for the damages or other remedies claimed;

g.      whether the Insured Defendants' drywall products that release hydrogen sulfide and other compounds are defective and/or unfit for their intended purpose;

h.      whether the Insured Defendants tortiously manufactured, exported, imported, distributed, delivered, supplied, inspected, installed, marketed, and/or sold defective

109

drywall products;

i.     whether Plaintiffs are entitled to recover compensatory, incidental, consequential, and/or other damages as a result of the Insured Defendants' unlawful and tortious conduct;

j.     whether Plaintiffs are entitled to a declaratory judgment that the Insurance Company Defendants are mandated to provide coverage for damages and remedies for which the Insured Defendants may be liable under the Insurance Policies;

k.     whether Plaintiffs are entitled to recover injunctive and/or equitable relief as a result of the Insured Defendants' unlawful and tortious conduct.

570. The legal claims of named Plaintiffs are typical of the legal claims of other Class and Subclass Members. Additionally, for each of the subclasses that named Plaintiffs seek to participate in, the legal claims of the named Plaintiffs are typical of the legal claims of other Subclass Members. Named Plaintiffs have the same legal interests and need for legal remedies as other Class and/or Subclass Members.

571. Named Plaintiffs are adequate representatives of the Class and Subclasses in which they participate, and together with their legal counsel, each will fairly and adequately protect the interests of Class and Subclass Members. Named Plaintiffs have no known conflict with the Class or Subclasses and are committed to the vigorous prosecution of this action.

572. The undersigned counsel are competent counsel experienced in class action litigation, mass torts, and complex litigation involving defective and harmful products. Counsel will fairly and adequately protect the interests of the Class and Subclasses.

573. The various claims asserted in this action are certifiable under the provisions of Federal

Rule of Civil Procedure 23(b)(1) because prosecuting separate actions by or against individual Class and/or Subclass Members would create a risk of inconsistent or varying adjudications with respect to individual Class and Subclass Members that would establish incompatible standards of conduct for the party opposing the Class and Subclass; or adjudications with respect to individual Class and Subclass Members that, as a practical matter, would be dispositive of the interests of the other Class and Subclass Members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

574. The claims for injunctive relief in this case are certifiable under Federal Rule of Civil Procedure 23(b)(2). Defendants have acted or refused to act on grounds that apply generally to the Class and/or Subclass, so that final injunctive relief is appropriate respecting the Class and/or Subclass as a whole.

575. A class action is superior in this case to other methods of dispute resolution. The Class and Subclass Members have an interest in class adjudication rather than individual adjudication because of their overlapping rights. It is highly desirable to concentrate the resolution of these claims in this single forum because it would be difficult and highly unlikely that the affected Class and Subclass Members would protect their rights on their own without this class action case. Management of the class will be efficient and far superior to the management of individual lawsuits. Accordingly, Plaintiffs' legal claims are properly certified pursuant to Rule 23(b)(3).

576. The issues particularly common to the Class and Subclass Members' claims, some of which are identified above, are alternatively certifiable pursuant to Federal Rule of Civil Procedure 23(c)(4), as resolution of these issues would materially advance the litigation, and class resolution of these issues is superior to repeated litigation of these issues in separate trials.

111

## COUNT I
### DECLARATORY JUDGMENT
(Against All Defendants)

577.  Plaintiffs adopt and restsate the preceding paragraphs as if fully set forth herein.

578.  Under the terms of the policies, the Insurance Company Defendants are obligated to indemnify the Insured Defendants in connection with the Underlying Claims.

579.  Upon information and belief, the Insured Defendants have asked the Insurance Company Defendants to perform their contractual obligations under the policies.

580.  A justiciable controversy exists as to the insurance coverage the policies provide.

581.  Accordingly, the Plaintiffs are entitled to a judgment declaring that the Insurance Company Defendants are obligated to indemnify the Insured Defendants in connection with the Underlying Claims, pursuant to 28 U.S.C. § 2201.

## COUNT II
### NEGLIGENCE
(Against the Direct Action Defendants)

582.  Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

583.  Defendants owed a duty to Plaintiffs and Class Members to exercise reasonable care in a) designing, b) manufacturing, c) exporting, d) importing, e) distributing, f) delivering, g) supplying, h) inspecting, i) installing, j) marketing, and/or k) selling this drywall, including a duty to adequately warn of their failure to do the same.

584.  Defendants knew or should have known that their wrongful acts and omissions would result in harm and damages in the manner set forth herein.

585.  Defendants breached their duty to exercise reasonable care in the designing, manufacturing, exporting, importing, distributing, delivering, supplying, inspecting, marketing, and/or selling this

drywall.

586. Defendants likewise breached their duties to Plaintiffs and Class Members by failing to warn about the defective nature of the drywall. Defendants, through the exercise of reasonable care, knew or should have known the nature of the defective drywall and the adverse effects that it could have on the property and bodies of Plaintiffs and Class Members.

587. Defendants breached their duty to exercise reasonable care to timely remove and/or recall from the market and/or otherwise prevent the continued contact of Plaintiffs and Class Members with the drywall, upon leaning it had been sold in an unreasonably dangerous condition.

588. Given the defect in the Defendants' drywall, Defendants knew or should have known that their product could, and would, cause harm, damages and/or personal injuries to Plaintiffs and Class Members.

589. As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs and Class Members were harmed and have incurred damages and/or personal injuries as described herein.

## COUNT III
### NEGLIGENCE PER SE
**(Against the Direct Action Defendants)**

590. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

591. Defendants owed statutory duties to Plaintiffs and Class Members to exercise reasonable care in a) designing, b) manufacturing, c) exporting, d) importing, e) distributing, f) delivering, g) supplying, h) inspecting, I) marketing, and/or j) selling this drywall.

592. Defendants breached their statutory duties to the Plaintiffs and Class Members by failing to exercise reasonable care in a) designing, b) manufacturing, c) exporting, d) importing, e) distributing, f) delivering, g) supplying, h) inspecting, I) marketing, and/or j) selling this drywall.

113

593. Defendants likewise breached their statutory duties, including but not limited to those imposed under the International Building Code ("IBC") and other State and local Building Codes, to Plaintiffs and Class Members by failing to warn about the defective nature of the drywall. For instance, it is specifically alleged that Defendants furnished the drywall in violation of ASTM C C 1396/C 1396M-069, and its predecessor(s).

594. Defendants likewise breached their statutory duties by failing to install electrical wiring, electrical components, and/or electrical products, including but not limited to, security systems, fire alarms, and air conditioning units, that were compatible with a highly corrosive environment, as is required by State and local Building Codes. Defendants failed to notify and warn Plaintiffs and Class Members of the undisputed corrosive environment caused by the defective Chinese drywall, and additionally failed to notify and warn Plaintiffs and Class Members that all of the defective Chinese drywall, electrical wiring, electrical components thereto, and/or electrical products were not installed in accordance with all State and local Building Codes, pertaining to corrosive environments. As a result, Plaintiffs' and Class Members' homes were built in violation of applicable State and local Building Codes.

595. Defendants, through the exercise of reasonable care, knew or should have known the nature of the defective drywall and the adverse effects that it could have on the property and bodies of Plaintiffs and Class Members.

596. Given the defect in the Defendants' drywall, Defendants knew or should have known that their product could, and would, cause harm, damages and/or personal injuries to Plaintiffs and Class Members.

597. As a direct and proximate cause of Defendants' acts and omissions, Plaintiffs and Class

114

Members were harmed and have incurred damages and/or personal injuries as described herein.

**COUNT IV**
**STRICT LIABILITY**
**(Against the Direct Action Defendants)**

598. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

599. At all times relevant hereto, Defendants were in the business of distributing, delivering, supplying, inspecting, marketing, and/or selling drywall for sale to the general public.

600. The drywall, including that installed in the homes of Class Members was placed by Defendants in the stream of commerce.

601. Defendants knew that the subject drywall would be used without inspection for defects by consumers.

602. Defendants intended that the drywall reach the ultimate consumers, such as Class Members, and it indeed reached Class Members when it was installed in their homes.

603. When installed in Class Members' homes, the drywall was in substantially the same condition as it was in when Defendants manufactured, sold, and/or delivered it.

604. At all times relevant hereto the subject drywall was used in a manner consistent with the uses intended by, or known to Defendants, and in accordance with the Defendants' directions and instructions.

605. The subject drywall was not misused or altered by any third parties.

606. The Defendants' drywall was defectively manufactured, designed, inspected, tested, marketed, distributed, and sold.

607. The design defect was in designing drywall that allowed high levels of sulfur and/or other chemicals to emit through off-gassing.

115

608. The manufacturing defect was in improperly selecting, testing, inspecting, mining, making, assembling, and using, gypsum for drywall with levels of sulfur that were too high and emitted various sulfide gases and/or other chemicals through off-gassing.

609. The drywall was also defective because it was improperly exported, imported, distributed, delivered, supplied, inspected, marketed, and/or sold in a defective condition, as described above.

610. The Defendants' defective manufacturing, designing, inspecting, testing, marketing, distributing, and selling of the drywall rendered it unsafe and unreasonably dangerous for its intended use and to Class Members.

611. The drywall is also defective and unreasonably dangerous because Defendants failed to adequately warn and instruct Class Members of the defective design, inspection, testing, manufacturing, marketing, and selling of the drywall.

612. Defendants likewise breached their statutory duties by failing to install electrical wiring, electrical components, and/or electrical products, including but not limited to, security systems, fire alarms, and air conditioning units, that were compatible with a highly corrosive environment, as is required by State and local Building Codes. Defendants failed to notify and warn Plaintiffs and Class Members of the undisputed corrosive environment caused by the defective Chinese drywall, and additionally failed to notify and warn Plaintiffs and Class Members that all of the defective Chinese drywall, electrical wiring, electrical components thereto, and/or electrical products were not installed in accordance with all State and local Building Codes, pertaining to corrosive environments. As a result, Plaintiffs' and Class Members' homes were built in violation of applicable State and local Building Codes.

613. Class Members were unaware of the unreasonably dangerous propensities and defective

116

condition of the drywall, nor could Class Members, acting as reasonably prudent people discovery that Defendants' drywall was defective, as set forth herein, or perceive its danger.

614. Defendants' defective drywall was much more dangerous and harmful than expected by the average consumer and by Class Members.

615. Defendants' defective drywall benefit to Class Members, if any, was greatly outweighed by the risk of harm and danger to them.

616. The defects in the drywall, as well as Defendants' failure to adequately warn Class Members of the defects rendered the drywall unreasonably dangerous and was the direct and proximate cause of damages and/or personal injuries to Class Members.

**COUNT V**
**BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES**
**(Against the Direct Action Defendants)**

617. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

618. Defendants and/or their agents were in privity with Plaintiffs and Class Members and/or Plaintiffs and Class Members were foreseeable third party beneficiaries of any warranty.

619. At the times Defendants utilized, supplied, inspected, and/or sold this drywall for use in structures owned by Plaintiffs and Class Members, Defendants knew, or it was reasonably foreseeable, that the drywall would be installed in structures owned by Plaintiffs and Class Members for use as a building material, and expressly or impliedly warranted the product to be fit for that use.

620. Defendants placed their drywall products into the stream of commerce in a defective condition and these products were expected to, and did, reach users, handlers, and persons coming into contact with said products without substantial change in the condition in which they were sold.

621. The drywall was defective and not merchantable because it was unfit for the uses intended or reasonably foreseeable by Defendants; to wit, the installation of the drywall in structures owned by Plaintiffs and Class Members for use as a building material, because it contained defects as set forth herein.

622. The Defendants breached their warranty because the drywall was not fit and safe for the particular purposes for which the goods were required (to be installed in structures owned by Plaintiffs and Class Members as a building material) due to the defects set forth herein.

623. Defendants had reasonable and adequate notice of the Plaintiffs' and the Class Members' claims for breach of warranty and failed to cure.

624. As a direct and proximate cause of Defendants' breach of warranties, Plaintiffs and Class Members have incurred harm and damages and/or personal injuries as described herein.

**COUNT VI**
**BREACH OF CONTRACT**
**(Against Direct Action Builders and their Insurance Company Defendants Only)**

625. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

626. As part of the agreements to purchase real properties from the Builder Defendants, for which Subclass Members paid valuable consideration, the Builder Defendants contracted with Subclass Members to construct homes that would be free of defects.

627. The Builder Defendants materially breached their contracts by providing Subclass Members with defective homes; to wit, the homes contained drywall that is inherently defective because it emits various hydrogen sulfide and other compounds through off-gassing that causes harm and damage as described herein.

118

628.  As a direct and proximate cause of the Builder Defendants' breach of contract, Plaintiffs and Subclass Members have incurred harm and damages as described herein.

## COUNT VII
### VIOLATION OF THE LOUISIANA NEW HOME WARRANTY ACT
### (on Behalf of Plaintiffs Who Own Homes in the State of Louisiana)
### (Against Louisiana Builders Only)

629.  Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

630.  The Louisiana New Home Warranty Act provides protection to owners of homes against builders in connection with the construction of the homes.

631.  For each applicable subclass, every subclass plaintiff is an "owner," as that term is defined by Louisiana Revised Statute 9:3143(3), who is asserting a claim under the New Home Warranty Act against their "builder," as that term is defined by Louisiana Revised Statute 9:3143(1).

632.  Implicit in every Builder Defendant's building contract is the requirement that the work to be completed be performed in a workmanlike manner that is free from defects in material and workmanship.

633.  Each of the Builders who are subject to this claim violated their duty to use materials that are free from defects. The Chinese drywall used by these Builders is defective for the reasons set forth above.

634.  Given the defect in the Chinese drywall, the Builders knew or should have known that their product could, and would, cause harm, damages and/or personal injuries to Plaintiffs and Class Members.

635.  As a direct and proximate cause of the Builders' acts and omissions, Plaintiffs and Class Members were harmed and have incurred damages and/or personal injuries as described herein.

## COUNT VIII
### REDHIBITION

119

**(Against the Direct Action Defendants)**

636. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

637. The drywall manufactured, distributed and/or sold by Defendants was not reasonably fit for its ordinary and intended purpose.

638. Defendants are therefore liable to Louisiana Plaintiffs for all damages reasonable in the premises, in accordance with Louisiana Civil Code article 2524.

639. In addition, or in the alternative, the drywall manufactured, distributed and/or sold by Defendants contained redhibitory defects, in that, at the time of delivery, the propensity to emit or off-gas Sulfer compounds and/or other potentially harmful, irritating and/or corrosive substances renders the drywall so useless and/or inconvenient that it must be presumed that Plaintiffs would not have purchased the drywall had they known of the defect or defects.

640. Upon information and belief, Defendants knew of the defects in the drywall at the time the drywall was delivered and/or sold.

641. Defendants have had numerous opportunities to repair and/or replace the drywall and associated fixtures and/or building components and have failed to do so; in addition, and/or in the alternative, such requests have been, would have been and/or would be futile; Manufacturing Defendants and/or Distributor Defendants are, moreover, deemed to be placed on notice when notice is provided to Builder Defendants (and/or Distributor Defendants); and All Defendants, in addition, or alternatively, had actual knowledge of the problems in the drywall and the need for replacement, remediation and/or repair.

642. All Direct Action Defendants are therefore liable to all Louisiana Plaintiffs for a return of the purchase price (with interest from the time it was paid), reimbursement of the reasonable expenses occasioned by the sale and those incurred for the preservation of the drywall and associated items, for

damages, and for reasonable attorneys' fees, in accordance with Louisiana Civil Code article 2545.

643. In the alternative, to the extent that any Distributor Defendant and/or Builder Defendant did not know of the defects in the drywall at the time of delivery and/or sale, those defendants are liable to Louisiana Plaintiffs to repair, remedy or correct the defect; and/or, if unable to do so, for a return of the purchase price (with interest from the time it was paid), reimbursement of the reasonable expenses occasioned by the sale, and those expenses incurred for the preservation of the drywall and associated items, in accordance with Louisiana Civil Code article 2531.

## COUNT IX
## LOUISIANA PRODUCTS LIABILITY ACT
### (Plead in the Alternative Against the Direct Action Distributor Defendants)

644. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

645. In addition to any and all damages, attorneys fees and other remedies made available to Louisiana Plaintiffs under the warranty of fitness and/or warranty against redhibitory defects, the Manufacturing Defendants are liable to Louisiana Plaintiffs under the Louisiana Products Liability Act ("LPLA"), Louisiana Revised Statute 9:2800.51, *et seq.*

646. The LPLA is also pleaded in the alternative with respect to any Distributor Defendant who might be considered a "manufacturer" under La. R.S. 9:2800.53(1)(a) (labels or otherwise holds the drywall out as his own), 9:2800.53(1)(b) (exercises control over or influences a characteristic of the drywall causing damage), 9:2800.53(1)(c) (the manufacturer of a product which contains the drywall as a component part), and/or 9:2800.53(1)(d) (a seller of a product of an alien manufacturer where the seller is in the business of importing or distributing the drywall for resale and is the *alter ego* of the alien manufacturer).

647. The drywall at issue is, in all cases, unreasonably dangerous by virtue of the unreasonable

off-gassing and/or emission of Sulfer compounds and/or other corrosives, toxins and/or irritants, which do not in any way contribute to or enhance the utility of the drywall, yet pose a risk to the wiring, plumbing, appliances, personal property, overall economic value of the property and financial security of the owner, and/or the health of the residents of the property.

648. At all times pertinent and material hereto, there existed alternative feasible manufacturing processes and/or designs of drywall which perform all of the functions and utility of traditional drywall, without emitting unreasonable levels of Sulfer and/or other toxic and/or corrosive compounds.

649. At all times pertinent and material hereto, the Distributer Defendants who may be considered "manufacturers" under the LPLA knew that their drywall was unreasonably dangerous and/or defective as set forth herein.

650. In the alternative, the Distributer Defendants who may be considered "manufacturers" under the LPLA should have, at all times pertinent and material hereto, known of the unreasonably dangerous and/or defective characteristics and/or conditions, had they reasonably employed then-existing scientific and/or technical knowledge, reasonable testing, and/or other reasonable and then-accepted methods of quality assurance and/or quality control.

651. Defendants' drywall is unreasonably dangerous in composition or construction in that, at the time it left Defendant's control, it deviated in a material way from Defendant's own specifications or performance standards.

652. In addition, and in the alternative, Defendants' drywall is unreasonably dangerous in design, in that, at the time the drywall left Defendant's control, there existed an alternative design for the product that was capable of preventing Plaintiffs' damage, and the likelihood of causing the plaintiffs' damage and the gravity of that harm outweighed the burden (if any) on the Defendant in adopting such alternative

design and the adverse effect (if any) on the utility of the drywall.

653. In addition, and in the alternative, Defendants' drywall is unreasonably dangerous in that it fails to conform to an express warranty about the product which induced the use of the product and caused damage to Plaintiffs to the extent that the warranty was untrue.

654. In addition, and in the alternative, Defendants' drywall is unreasonably dangerous due to an inadequate warning, in that, at the time the drywall left Defendant's control, the drywall possessed a characteristic that might cause damage and yet Defendant failed to use reasonable care to provide an adequate warning of such characteristics and/or dangers to users and/or handlers of the drywall.

655. Defendants are therefore liable to Louisiana Plaintiffs for all damages reasonable in the premises.

## COUNT X
### PRIVATE NUISANCE
#### (Against the Direct Action Defendants)

656. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

657. The Defendants' tortious or wrongful acts or omissions have caused sulfide gas and/or other chemical leaching into structures owned by Plaintiffs and Class Members which has unreasonably interfered, and continues to interfere, with the Plaintiffs' and Class Members' use and enjoyment of their properties and caused them harm and damage as discussed herein.

658. Defendants' interference has impaired the rights of Plaintiffs' and Class Members' health, comfort, safety, free use of their property, and/or peaceful enjoyment of their property.

659. Defendants' invasions were negligent or reckless.

660. The interference with Plaintiffs' and Class Members' use of their property caused by Defendants is substantial and is ongoing.

123

661. Defendants' private nuisance was the direct, proximate, and foreseeable cause of Plaintiffs' and Class Members' damages, injuries, harm, loss, and increased risk of harm, which they suffered and will continue to suffer.

662. As a direct and proximate cause of Defendants' creation of a private nuisance, Plaintiffs and Class Members have incurred harm and damages and/or personal injuries as described herein.

**COUNT XI**
**NEGLIGENT DISCHARGE OF A CORROSIVE SUBSTANCE**
**(Against the Direct Action Defendants)**

663. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

664. Defendants had actual or constructive knowledge of the extremely corrosive and dangerous propensities of the drywall at issue in this litigation.

665. Notwithstanding their actual or constructive knowledge of the corrosive and dangerous propensities of the drywall, Defendants nevertheless designed, manufactured, imported, distributed, delivered, supplied, marketed, inspected, installed, or sold the drywall for use in the homes or other structures owned by Plaintiffs and class members.

666. By causing the sale, distribution, delivery, and/or supply of the drywall under these circumstances, Defendants breached their duty to exercise reasonable care and created a foreseeable zone of risk of injury to Plaintiffs and class members.

667. Defendants likewise breached their duties to Plaintiffs and Class Members by failing to warn about the corrosive and dangerous propensities of the drywall. Defendants, through the exercise of reasonable care, knew or should have known the nature of the defective drywall and the adverse effects that it could have on the property and bodies of Plaintiffs and Class Members.

668. Plaintiffs and class members have suffered injuries by virtue of their exposure to the

defective drywall at issue in this litigation. Given the defect in the Defendants' drywall, Defendants knew or should have known that their product could, and would, cause harm, damages and/or personal injuries to Plaintiffs and Class Members.

669. As a direct and proximate result of Defendants' acts and omissions, Plaintiffs and Class Members were harmed and have incurred damages and/or personal injuries as described herein. The injuries sustained by Plaintiffs and Class Members are within the foreseeable zone of risk created by Defendants.

## COUNT XII
### UNJUST ENRICHMENT
### (Against the Direct Action Defendants)

670. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

671. Defendants received money as a result of Plaintiffs' and Class Members' purchases of Defendants' defective drywall, or purchases of structures containing this drywall, either directly or through an agent, and Defendants wrongfully accepted and retained these benefits to the detriment of Plaintiffs and Class Members.

672. Defendants' acceptance and retention of these benefits under the circumstances make it inequitable and unjust for Defendants to retain the benefit without payment of the value to the Plaintiffs and the Class Members.

673. Defendants, by the deliberate and tortious conduct complained of herein, have been unjustly enriched in a manner which warrants restitution.

## COUNT XIII
### VIOLATION OF LOUISIANA UNFAIR TRADE PRACTICES
### AND CONSUMER PROTECTION LAW
### (Against the Direct Action Defendants)

674. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

675. This is an action for relief under the Louisiana Unfair Trade Practices and Consumer Protection Law, Louisiana Revised Statute 51:1401, *et seq.*

676. The Defendants' acts and omissions as well as their failure to use reasonable care in this matter as alleged in this complaint, including but not limited to, the knowing misrepresentation or failure to disclose the source, affiliation, origin, characteristics, ingredients, standards and quality of defective drywall constitute violation of the provisions of the Consumer Protection Acts of the Relevant States.

677. Plaintiffs and Class Members have suffered actual damages as a result of Defendants' violation of these Consumer Protection Acts and are entitled to relief.

678. As a direct and proximate cause of Defendants' violations of the Louisiana Unfair Trade Practices and Consumer Protection Law, Plaintiffs and Class Members have incurred harm and damages as described herein.

### COUNT XIV
### EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING
### (Against All Defendants)

679. Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

680. Plaintiffs and the Class Members are without adequate remedy at law, rendering injunctive and other equitable relief appropriate.

681. Plaintiffs and the Class Members will suffer irreparable harm if the Court does not render the injunctive relief and medical monitoring relief set forth herein, and if defendants are not ordered to recall, buy back, rescind, and/or repair the structures owned by Plaintiffs and Class Members.

682. Plaintiffs, on behalf of themselves and all others similarly situated, demand injunctive and equitable relief and further, that defendants be ordered to: (1) to buy back or rescind the contracts for

Plaintiffs' and Class Members' homes or other structures, or in the alternative, remediate, repair and/or replace the drywall in such structures upon proof by the defendants of the feasibility of such remedy or repair; (2) cease and desist from misrepresenting to the Class and the general public that there is no defect in, or danger associated with, the drywall; (3) institute, at their own cost, a public awareness campaign to alert the Class and general public of the defect and dangers associated with the drywall; and (4) create, fund, and support a medical monitoring program.

683. Until Defendants' defective drywall has been removed and remediated, Defendants must provide continued environmental and air monitoring in the structures owned by Plaintiffs and Class Members.

684. Plaintiffs and Class Members have been exposed to greater than normal background levels of sulfides and other hazardous chemicals as a result of exposures to Defendants' defective and unfit drywall and have suffered personal injuries as a result.

685. The sulfides and other noxious gases which have been released from Defendants drywall and to which Plaintiffs and Class Members have been exposed are proven hazardous, dangerous, or toxic substances.

686. Plaintiffs' and Class Members' exposures were caused by the Defendant's negligent or otherwise tortious conduct.

687. Plaintiffs' and Class Members' exposure may lead to serious health problems, diseases, and medical conditions that may be prevented by timely medical diagnosis and treatment.

688. The method and means for diagnosing the Plaintiffs' and Class Members' potential medical problems are well accepted in the medical and scientific community and will be of great benefit to the

127

Plaintiffs and Class Members by preventing or minimizing health problems that they may encounter as a result of the defective and unfit drywall.

689. As a proximate result of their exposure to hydrogen sulfide and other compounds from Defendants' defective and unfit drywall, Plaintiffs and Class Members have developed a significantly increased risk of contracting a serious latent disease.

690. Monitoring procedures exist that make the early detection of any latent disease possible that are different from those normally recommended in the absence of the exposure.

691. The prescribed monitoring regime is reasonably necessary according to contemporary scientific principles.

## DEMAND FOR JURY TRIAL

Plaintiffs, individually and on behalf of the Class and Subclass Members, hereby demand a trial by jury as to all issues so triable as a matter of right.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs, on behalf of themselves and all others similarly situated demand upon Defendants jointly and severally for:

a. an order certifying the case as a class action;

b. an order certifying the Class and each of the Subclasses;

c. an order appointing Plaintiffs as the Class Representatives of the Class;

d. an order appointing undersigned counsel and their firms as counsel for the Class;

e. a declaratory judgment in favor of Plaintiffs and the proposed Class and Subclass Members and against the Insurance Company Defendants mandating coverage for all damages and remedies (including equitable, injunctive, and medical

128

monitoring) for which the Insured Defendants may be liable under the Insurance Policies;

f.     compensatory and statutory damages;

g.     punitive damages as allowed by law;

h.     pre and post-judgment interest as allowed by law;

i.     injunctive relief;

j.     an award of attorneys' fees as allowed by law;

k.     an award of taxable costs; and

l.     any and all such further relief as this Court deems just and proper.

Respectfully submitted,

Dated: March 19, 2010

By: _____
Russ M. Herman
Leonard A. Davis
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhkc.com
*Plaintiffs' Liaison Counsel MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

Arnold Levin
Fred S. Longer
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*

129

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Victor Manuel Diaz
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
Matthews, Martinez, Gonzales,
Kalbac & Kane
255 Aragon Avenue, 2nd Floor
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020

130

bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
& Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seith Parker
Parker, Waichman, Alonso LLP
27399 Riverview Center Blvd.
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

131

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W.
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Jeremy W. Alters
Alters, Boldt, Brown, Rash & Culmo, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@abbrclaw.com

Richard Serpe
Law Offices of Richard J. Serpe
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

## COUNSEL FOR INDIVIDUAL PLAINTIFFS[1]

### Alters, Boldt, Brown, Rash & Culmo and
### Shapiro, Blasi, Wasserman & Gora, P.A.
*Counsel on Behalf of the Following Individual Plaintiffs*:

Metcalfe, George and Amy
Mottolo, Gene

### Anthony Irpino
*Counsel on Behalf of the Following Individual Plaintiffs*:

Musgrave, Richard and Michele

### Baron & Budd, P.C.
*Counsel on Behalf of the Following Individual Plaintiffs*:

Dinette, Rodney and Geraldine
Finke, Margaret
LeBlanc, Steven and Dana
Zamora, Hope

### Baron & Budd and Alters, Boldt, Brown, Rash & Culmo
*Counsel on Behalf of the Following Individual Plaintiffs*:

Arsenaux, Everiste and Lizette
Guillot, Eno and Frances
Hogan, Barbara
Shelton, Michael and Leslie
Talbert, Bill
Tedesco, Caroline and Robert
Young, Linda and Raymond

---

[1]Attached hereto as Exhibit "C" is the contact information for each plaintiff's counsel and pro se plaintiff.

133

## Barrios Firm
*Counsel on Behalf of the Following Individual Plaintiffs*:

Mosley, Shawn
Puig, Donald and Marcelyn
Schmitt, Leah and Todd; Hammond, Anne and Cangelosi, Pam

## Becnel Law Firm
*Counsel on Behalf of the Following Individual Plaintiffs*:

Donaldson, Jill and Oertling, Jared
Kelly, Gary and Vicki
Riggio, Brenda and Ignatius
Staub, Dana and Marcus
Stone, Thomas and Lauren
Wischler, Robert

## Becnel Law Firm and Herman, Herman, Katz and Cotlar LLP
*Counsel on Behalf of the Following Individual Plaintiffs*:

Alldredge, Emily and Rufus
Amerson, Amy Louise
Ancira, Chris and Lilah
Barone, John and Heather
Boquet, Edwin
Ceruti, Ronald and Sharon
Chatman, Funell and Gail
Chiappetta, Kevin and Karen
Duhon, Christopher and Kimberly
Ganucheau, Renee
Guidry, Christopher and Jerene
Heck, Joshua and Kelly

Hulsey, Charles and Sarah
Ledet, Trisha and Darryl
Nunez, Ernest and Marie
Payton, Sean and Beth
Quividia, Joseph Todd
Rigney, George and Raffy
Rodosta, Toni
Tiemann, Richard and Jean
Toras, Nikolaos
Torrance, Matthew and Mary
Waguespack, Jacques and Nicole

## Becnel Law Firm and Roda and Nast
*Counsel on Behalf of the Following Individual Plaintiffs*:

Ruesch, Kevin and Dorothy

## Becnel Law Firm, Morris Bart, and Herman, Herman, Katz and Cotlar LLP
*Counsel on Behalf of the Following Individual Plaintiffs*:

Brumfield, Ollie and Andreienne
Canty, Honore and Elaine
Cassagne, Jordan and Brande
Gaussiran, Maxi
Gillane, William and Maureen
Martin, Michael
Quick, William and Maxine
Spencer, Patricia

**Berniard Law**
*Counsel on Behalf of the Following Individual Plaintiffs:*

Borne, Carol
Kessler, David and Amanda
Price, Joshua and Kimberlea
Rosetta, Dufrene and Ernest

**Cuneo, Gilbert**
*Counsel on Behalf of the Following Individual Plaintiffs:*

Minafri, Steven
Stanley, Duke

**Daigle, Fisse & Kessenich**
*Counsel on Behalf of the Following Individual Plaintiffs:*

Fernandez, Vernon Leroy & JoAnn Cross

**David & Duncan**
*Counsel on Behalf of the Following Individual Plaintiffs:*

Wayne, William and Kelly

**deGravelles, Palmintier, Holthause & Fruge, LLC**
*Counsel on Behalf of the Following Individual Plaintiffs:*

Arnaud, Lester and Catherine
Bradley, Jimmy and Louise
Matus, Aldo and Ghedy
Turner, Tyrone C.
Wheeler, Don and Agnes
Brian, Wilton and Rita

**Don Barrett, P.A.**
*Counsel on Behalf of the Following Individual Plaintiffs:*

Perry, Timothy and Tracy

**Don Barrett, P.A. and Lovelace Law Firm, P.A.**
*Counsel on Behalf of the Following Individual Plaintiffs:*

Galle, Joey and Amanda
Galle, Joseph and Debbie
Steubben, John and Grace

135

### Donna Borrello, LLC
*Counsel on Behalf of the Following Individual Plaintiffs:*

Borrello, Donna M. and Stallings, Thomas W.

### F. Gerald Maples, PA
*Counsel on Behalf of the Following Individual Plaintiffs:*

Robbins, Margaret and Glenwood

### Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC
*Counsel on Behalf of the Following Individual Plaintiffs:*

Alonzo, Lana
Benjamin, Jack and Claire
Clague, Randy and Lisa
Hernandez, John and Diane E.
Hewitt, Margie
Hopper, Dean and Dena
Jarrell, Chad and Darlene

Meyer, Lawrence and Elizabeth
Morlas, Ralph and Paula
Peres, Tony and Kathy
Petagna, Brent and Lisa
Skinner, Helena
Watts, Sharon
Allen, Andrew and Nicole

### Galante & Bivalacqua, LLC
*Counsel on Behalf of the Following Individual Plaintiffs:*

Guerra, Darlyn
Barlow, Regine and John

### Gould Cooksey Fenne, P.C.
*Counsel on Behalf of the Following Individual Plaintiffs:*

Archer, Steven and Anja
Cameron, Christine
Corr, Thomas Leo, III and Marchetti, Shawn
Harmon, Dennis and Nancy

### Gregory DiLeo
*Counsel on Behalf of the Following Individual Plaintiffs:*

Cathcart, Carolyn
St. Martin, Steven and Janeau

### Herman, Herman, Katz and Cotlar LLP
*Counsel on Behalf of the Following Individual Plaintiffs:*

Barreca, Antoine and Nicole
Barreca, Corinne
Barrow, Clarence and Marion
Boutte, Don and Robinson, Michael
Cheramie, Bertoule and Joan
Cordier, Gregory and Jean

Cotlar, Sideny and Diane
Cunningham, Dennis and Susan
Dejan, Charlotte
Dejan, Leroy and Ann
Galatas, Bernadette
Gardette, Michael and Rhonda

136

Genovese, Karen
Gleason, Herman and Deborah
Guice, Kenneth
Jones, Allie and Jeanie
Lartigue, C.W. and Margaret
Maillot, Georges and Janice
Mills, Jeannete
Morici, Mark and Maureen
Naden, Craig and Roberta
Nunez, Frederick and Lisa
Olson, Olaf A. and Wanda G.,

Orduna, Albert and Judith
Pasentine, Judith Ellen
Peoples, Debra
Petrey, Charles and Marcia
Roberson, Sandra
Rome, Erwin and Karen
Ryckman, Rickey
Velez, Louis
Ward, Amy and Truman
Wenzel, John and Lorraine
White, Taeneia

## Hymel, Davis & Petersen
*Counsel on Behalf of the Following Individual Plaintiffs*:

Colby, Richard and Susan; Jordan, Nathan; Nickens, Florette

## James F. Humphreys & Assoc.
*Counsel on Behalf of the Following Individual Plaintiffs*:

Boothe, Neil
Walker, Demetra

## Kanner & Whiteley
*Counsel on Behalf of the Following Individual Plaintiffs*:

Bronaugh, David and Heather
Butler, James and Joycelyn
Dennis, Patrick and Kathleen
Galloway, James and Cynthia

## Lambert & Nelson, PLC
*Counsel on Behalf of the Following Individual Plaintiffs*:

Amato, Dean and Dawn
Back, Charles and Mary
Blue, John and Rachelle
Borne, Barry and Mary
Braselman, Holly
Carrol, Cindy
Donahoe, Patrick and Tina
Fineschi, Nicola and Connie

Fisher, Steve and Corrinn
Gammage, Dr. Dan
Kehoe, Molly
Pierson, Jan and Neil
Wilfer, Rosanne

## Landskroner, Grieco, Madden, LLC
*Counsel on Behalf of the Following Individual Plaintiffs*:

Austin, John
Martineau, Bill and Cynthia

## Law Offices of Rusell Lazega
*Counsel on Behalf of the Following Individual Plaintiffs:*

Orlowski, David

## Law Offices of Sidney D. Torres, III
*Counsel on Behalf of the Following Individual Plaintiffs:*

Evans, Jamie Lynn
Gerica, Ramona
Landry, Gerard and Kiefer, J. Leatrice
Reynolds, Karen
Sicard, Austin, Jr.
Uli, Peter and Catherine

## Leopold-Kuvin, P.A., *Counsel on Behalf of the Following Individual Plaintiffs*:

Lefton, David and Garcia, Michelle

## Lemmon Law Firm, LLC
*Counsel on Behalf of the Following Individual Plaintiffs:*

LaCroix, Jim
Darby, Harry and Melissa

## Levin, Fishbein, Sedran & Berman Colson, Hicks, Eidson, Colson, Matthews, Martinez, Gonzales, Kalbac & Kane Hausfeld, LLP and Law Offices of Richard J. Serpe
*Counsel on Behalf of the Following Individual Plaintiffs:*

Akers, Christine and Robert
Allen, Philip and Clarine
Ameneiro, Sandra and Gino
Anderson, Alexander
Anello, Joe and Delma
Asad, Issa and Noha
Atkins, Taddarreio and Mattea
Atwell, Roger
Bagley, Gerald
Balan, Kirenia and Jorge
Bello de Bachek, Nilda
Berry, Keith and Elizabeth
Bloom, Andrew and Ina
Byrne, Gertrude
Edmonds, Rick
Egan, Michelle and Giancario Lee
Elliot, Dezman
Elsenberg, Brian and Lauren
Eskenazi, Anna and Mark
Frenchman, Beth
Gaita, Gina (Promenade)

Galvin, Larry and Rene
Gamboa, Hernan
Gonzalez, Miguel Angel
Hay, Robert and Maria
Herbert, Jason and Shanique
Houston, Debra (Promenade)
Johnson, Charles and Molly
Johnson, Kenneth and Jeri and Johnson Family Living Trust
Laraque, Jean and Gueldie
Mizne, Michael and Jeannine
Neumann, Allan
Novello, Robin
Page, Dwight and Psyche
Promenade at Tradition Community Association, Inc.
Reid, Grant and Kathryn
Rookery Park Estates, LLC
Roseman, Robert and Linda
Rosen, Michael
Tarzy, Jim
Vest, Hugh and Tracy
Wood, Bryan and Kimberly

## Levin, Papantonio, Thomas, Mitchell Echsner & Proctor, P. A.
*Counsel on Behalf of the Following Individual Plaintiffs:*

Conrad, Formica and Fayard, Crystal
Felicetti, Steven and Gayle
Rohan, Patricia and Donald
Wilcox, Eric and Karen
Brewton, I.D., III and Sonia
Kapalin, Daniel and Danielle
Morris, Robert
Salter, Kenneth and Cindy

## Levin, Tannenbaum
*Counsel on Behalf of the Following Individual Plaintiffs:*

James, Jason and Jessica

## Lewis & Roberts, PLLC
*Counsel on Behalf of the Following Individual Plaintiffs:*

Burke, Jules and Barbara
Buxton, Darren and Tracy
Dorsey, Glenda F.
Dupre, Ross and Marlo
Durham, Scott and Heather
Eleuterius, Gregory and Elizabeth
Eleuterius, Marshall and Tasha
Farmer, Richard, Connie and Tracie
Greco, Vincent
Hankins, Lee and Barbara
Harkins, Rochelle Frazier
Harris, Anthony Richard
Hart, Jesse and Sheila

Headley, Danny and Cathy
Kitts, Corey and Monique
Landry, Justin and Renee
Lasserre, Paul
Ledford, Samuel
Middleton, Michael and Megham
Pentecost, Mary Louise
Raborn, Randy and Pamela
Taylor, David Jason and Amanda B.
Thomas, Brian and Tamara
Thornton, Stanley and April
Youmans, Dr. Cassandra

## Martzell & Bickford
*Counsel on Behalf of the Following Individual Plaintiffs:*

Garrett, Philip and Courtney
Gotreaux, Dustin and Korie
Lang, Joe and Amy
Methvin, William and Deborah
Patin, Danielle
Quilio, Sandra
Robair, Alexander
Schields, Larry

Smith, Clinton and Kelly
Steele, Jason and Peny
Tabor, Edward and Emmilou
Whitaker, Robert and Dana
Blalock, Angeles
Callais, Gary and Michelle
Kustenmacher, Kenneth and Juile
Theard, Avery and Tjaynell

## Matthews & Associates
*Counsel on Behalf of the Following Individual Plaintiffs:*

Elliott, William and Fryc, Mary Ann
Owens, Brenda
Rogers, Joyce W.

## McIntosh, Sawran, Peltz & Cartaya
### *Counsel on Behalf of the Following Individual Plaintiffs:*

Casey, Hugh

## Milstein, Adelman & Kreger and Roberts & Durkee
### *Counsel on Behalf of the Following Individual Plaintiffs:*

Albano, Carol
Auerbach, Suely
Bissoon, Suresh and Oma
Braithwaite, Judy
Cohen, Carol
Corell, Roberto and Angela
Crawford, Monique and Elaine
De Los Santos, Rosibel and Brian
Fallmann, James and Barbara
Gonzalez, Luis and Caridad

James, Janelle
Mackoff, Arlene and Charles
Miller, Bradley and Tricia
Mullen, Thomas and Kathleen
Peterson, Derrick and Robin
Rizzo, Jack and Luz
Scott, Terrance and Semrau, Deborah
Segundo, Rafael and Ana
Watson, Patrick and Paula
Williams, Margret and Wakeland, Angella and Nicholas

## Morgan & Morgan
### *Counsel on Behalf of the Following Individual Plaintiffs:*

Alava, Alicia
Antilles Vero Beach, LLC, c/o Ironwood Development
Burke, Richard and Rebecca
Campbell, Thomas and Kelli
Gody, Anthoney and Candace
Kottkamp, Jeffrey and Cynthia

Lee, Kevin
Mercado, Juan and Irena
Nichols, James and Kathleen
Patterson, Joan
Rekhels, Alexander and Irina

## Morris Bart LLC
### *Counsel on Behalf of the Following Individual Plaintiffs:*

Gross, Cheryl and David

## Murphy, Rogers, Sloss & Gambel
### *Counsel on Behalf of the Following Individual Plaintiffs*

Butler, Hilliard and Sheral
Macmurdo, William and Cornelia

## Parker, Waichman, Alonson, LLP
### *Counsel on Behalf of the Following Individual Plaintiffs:*

Baginski, Andrea
Bettencourt, Virgil and Mary
Bilski, Walter and Tracey
Bound, Brenda
Boxe, Kevin and Roxann
Brazon, Kevin and Jennifer
Carciato, Lisa
Coogan, Kevin and Stella

Cucci, Jacqueline
Dinitto, Patrick and Magalhaes, Hevanilson
Dodge, Dale and Beverly
Durrance, Barry and Denise
Gill, Ted and Pamela
Hanlon, Patrick and Ann
Hernandez, Marla
Julian, Marcelo

140

Knight, Christopher and Rosemary
Nevels, Susan
Pryce Hazel and Smith, Dionne

Ristovski, Van
Wilson, Teresa
Woolley, Scott

## Paul A. Lea, Jr.
### *Counsel on Behalf of the Following Individual Plaintiffs:*

Bonnecarrere, Wavi Lee
Bourdon, Lucille
Donaldson, Malcom and Kelli
Gremillion, Paul and Andrea
Hufft, Val and Audrey
Jackson, Senora B.

King, David and Mary
LeBlance, Calvin and Sara
LeJeune, Michael and Melissa
Piwetz, Randy and Jeanne
Segreto, Mark and Victoria

## Peyton B. Burkhalter
### *Counsel on Behalf of the Following Individual Plaintiffs:*

Boudreaux, Virginia R.

## Podhurst Orseck, PA
### *Counsel on Behalf of the Following Individual Plaintiffs:*

1100 Valencia LLC
Alcindor, Nevinsthon and Marlen
Dauterive, Valliere and Margaret; Savoy; Ann Dauterive
Garcia, Jesus and Hernandez, Julio
Querol, Damien

## Pro Se Plaintiffs

Cooper, Brenda
McCoy, Clyde and Ira
Singleton, Enrica

## Seale & Ross, APLC and Kevin Landreneau
### *Counsel on Behalf of the Following Individual Plaintiffs:*

Anders, Thomas G. and Nicole P.
Cassard, Jesse and Angela

## Seeger Weiss, LP
### *Counsel on Behalf of the Following Individual Plaintiffs:*

Huckaby, Brian
Macon, Jeremy
Williams, Diana and Terry

### Taylor, Martino, Zarzaur, P.C.
*Counsel on Behalf of the Following Individual Plaintiffs*:

Prichard Housing Authority

### The Andry Law Firm
*Counsel on Behalf of the Following Individual Plaintiffs*:

Van Winkle, Ronnie and Anne

### The Law Office of Joseph M. Bruno, APLC
*Counsel on Behalf of the Following Individual Plaintiffs*:

Carter, Daniel
Clark, Carolyn
Eugene, Adrien
Gardette, Michael A. and Nicole

Kuykendall, Beverly
Peters, Ronald
Roberts, Jeffrey D.

### The Thornhill Law Firm, APLC
*Counsel on Behalf of the Following Individual Plaintiffs*:

Anderson, Shawnree and John
Chutz, Lily Rose
Diez, Mr. Douglas (agent/member and Pelican Point Properties, L.L.C.)
DiMaggio, Juanita
Jastremski, Florence
Johnson, Willie L. Jr.
McLain, Jon Scott
Niswonger, Mary M.
Pelican Point Properties, L.L.C., (A Maryland Limited Liability Company)
Silvestri, Susan W.
Thomas, Darlene and James

### Walters, Papillion, Thomas, Cullens, LLC
*Counsel on Behalf of the Following Individual Plaintiffs*:

Bourgeois, Richard and Gail
Dupuy, Cullen and Mary
Langlois, Rebecca and Roth, Robert

### Watts Hilliard, LLC
*Counsel on Behalf of the Following Individual Plaintiffs*:

Franatovich, Mitchell J.

### Willis & Buckley, APC
*Counsel on Behalf of the Following Individual Plaintiffs*:

Mayo, Edward and Jacqueline

## Wolfe Law Group, LLC
*Counsel on Behalf of the Following Individual Plaintiffs:*

Brown, Ada and Hillary
Hakenjo, Candace and Todd
Hidalgo, Tony and Sidney
Hubbell, Wendy and Cimo, Christy
Parr, Shelly and Kelly
Rogers, Brad and Cassandra

## Yance Law Firm, LLC
*Counsel on Behalf of the Following Individual Plaintiffs:*

Fernandez, Joseph
Parker, Charles and Rachael