UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JUDE MARULLO | * | CIVIL ACTION NO. 2:10-cv-02067 |
| | * | |
| Plaintiff | * | |
| | * | JUDGE ELDON E. FALLON |
| VERSUS | * | |
| | * | MAGISTRATE JUDGE |
| LOUISIANA CITIZENS PROPERTY | * | JOSEPH C. WILKINSON, JR. |
| INSURANCE CORPORATION | * | |
| Defendants | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER AND JURY DEMAND

**NOW INTO COURT,** through undersigned counsel, comes Southern Fidelity Insurance Company (hereinafter "SFIC"), who in answer to the Original Petition for Damages and First Amended and Supplemental Petition for Damages filed herein by plaintiff, Jude Marullo, respectfully alleges and avers as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Petition for Damages and as supplemented and amended fails to state a claim, cause or right of action upon which relief may be granted against this defendant.

**AND NOW,** without waiving any of the foregoing defenses, SFIC answers the allegations of the Petition for Damages categorically and by paragraph.

I.

The allegations contained in Article 1 of the Petition for Damages are denied for lack of sufficient knowledge and information to justify a belief therein.

II.

The allegations contained in Article 2 of the Petition for Damages do not require an answer of this defendant.  To the extent an answer is required, the allegations are denied.

III.

The allegations contained in Article 3 of the Petition for Damages contain legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

IV.

The allegations contained in Article 4 of the Petition for Damages are denied except to admit that SFIC took over through novation a policy of insurance originally issued by Louisiana Citizens Property Insurance Corporation ("Louisiana Citizens").  However, such policy, as a written document is the best evidence of its terms, conditions, provisions and exclusions and SFIC pleads such terms, conditions, provisions and exclusions as if copied herein, *in extenso*.

V.

The allegations contained in Article 5 of the Petition for Damages are denied for lack of sufficient knowledge and information to justify a belief therein.

VI.

The allegations contained in Article 6 of the Petition for Damages are denied except to admit that SFIC took over through novation a policy of insurance originally issued by Louisiana Citizens.  However, such policy, as a written document is the best evidence of its terms,

conditions, provisions and exclusions and SFIC pleads such terms, conditions, provisions and exclusions as if copied herein, *in extenso*.

VII.

The allegations contained in Article 7 of the Petition for Damages are denied except to admit that a claim was made.

VIII.

The allegations contained in Article 8 of the Petition for Damages are denied except to admit that there is no coverage under the subject policy for plaintiff's alleged loss.

IX.

The allegations contained in Article 9 of the Petition for Damages contain legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

X.

The allegations contained in Article 10 of the Petition for Damages are denied except to admit that SFIC took over through novation a policy of insurance originally issued by Louisiana Citizens.  However, such policy, as a written document is the best evidence of its terms, conditions, provisions and exclusions and SFIC pleads such terms, conditions, provisions and exclusions as if copied herein, *in extenso*.

XI.

The allegations contained in Article 11 of the Petition for Damages contain legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

XII.

The allegations contained in Article 12 of the Petition for Damages contain legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

XIII.

The allegations contained in Article 13 of the Petition for Damages contain legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

XIV.

The allegations contained in Article 14 of the Petition for Damages contain legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

XV.

The allegations contained in Article 15 of the Petition for Damages contain legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

XVI.

The allegations contained in Article 16 of the Petition for Damages contain legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

XVII.

The allegations contained in Article 17 of the Petition for Damages contain legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

XVIII.

The allegations contained in any unnumbered or misnumbered paragraphs and in the prayer of the Petition for Damages are denied.

**AND NOW**, without waiving any of the foregoing defenses, SFIC answers the particular allegations of the First Amended and Supplemental Petition for Damages categorically and by paragraph.

XIX.

The allegations contained in Article 1 of the First Amended and Supplemental Petition for Damages and the Original Petition for Damages as Supplemented and Amended are denied for lack of sufficient knowledge and information to justify a belief therein.

XX.

The allegations contained in Article 2 of the First Amended and Supplemental Petition for Damages and the Original Petition for Damages as Supplemented and Amended are denied except to admit the name of Southern Fidelity Insurance Company.

XXI.

The allegations contained in Article 3 of the First Amended and Supplemental Petition for Damages and Article 3 of the Original Petition for Damages as Supplemented and Amended contain legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

XXII.

The allegations contained in Article 4 of the First Amended and Supplemental Petition for Damages and the Original Petition for Damages as Supplemented and Amended are denied except to admit that SFIC took over through novation a policy of insurance originally issued by Louisiana Citizens.  However, such policy, as a written document is the best evidence of its terms, conditions, provisions and exclusions and SFIC pleads such terms, conditions, provisions and exclusions as if copied herein, *in extenso*.

XXIII.

The allegations contained in Article 5 of the First Amended and Supplemental Petition for Damages and the Original Petition for Damages as Supplemented and Amended are denied for lack of sufficient knowledge and information to justify a belief therein.

XXIV.

The allegations contained in Article 6 of the First Amended and Supplemental Petition for Damages and the Original Petition for Damages as Supplemented and Amended are denied except to admit that SFIC took over through novation a policy of insurance originally issued by Louisiana Citizens.  However, such policy, as a written document is the best evidence of its terms, conditions, provisions and exclusions and SFIC pleads such terms, conditions, provisions and exclusions as if copied herein, *in extenso*.

XXV.

The allegations contained in Article 7 of the First Amended and Supplemental Petition for Damages and the Original Petition for Damages as Supplemented and Amended are denied except to admit that a claim was made.

XXVI.

The allegations contained in Article 8 of the First Amended and Supplemental Petition for Damages and the Original Petition for Damages as Supplemented and Amended are denied except to admit that that there is no coverage under the subject policy for plaintiff's alleged claims.

XXVII.

The allegations contained in Article 9 of the First Amended and Supplemental Petition for Damages and the Original Petition for Damages as Supplemented and Amended contain legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

XXVIII.

The allegations contained in Article 10 of the First Amended and Supplemental Petition for Damages and the Original Petition for Damages as Supplemented and Amended are denied except to admit that SFIC took over through novation a policy of insurance originally issued by Louisiana Citizens.  However, such policy, as a written document is the best evidence of its terms, conditions, provisions and exclusions and SFIC pleads such terms, conditions, provisions and exclusions as if copied herein, *in extenso*.

XXIX.

The allegations contained in Article 11 of the First Amended and Supplemental Petition for Damages and the Original Petition for Damages as Supplemented and Amended contain legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

XXX.

The allegations contained in Article 12 of the First Amended and Supplemental Petition for Damages and the Original Petition for Damages as Supplemented and Amended contain legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

XXXI.

The allegations contained in Article 13 of the First Amended and Supplemental Petition for Damages and the Original Petition for Damages as Supplemented and Amended contain legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

XXXII.

The allegations contained in Article 14 of the First Amended and Supplemental Petition for Damages and the Original Petition for Damages as Supplemented and Amended contain legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

XXXIII.

The allegations contained in Article 15 of the First Amended and Supplemental Petition for Damages and the Original Petition for Damages as Supplemented and Amended contain legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

XXXIV.

The allegations contained in Article 16 of the First Amended and Supplemental Petition for Damages and the Original Petition for Damages as Supplemented and Amended contain legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

XXXV.

The allegations contained in Article 17 of the First Amended and Supplemental Petition for Damages and the Original Petition for Damages as Supplemented and Amended contain legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

XXXVI.

The allegations contained in any unnumbered or misnumbered paragraphs and in the prayer of the First Amended and Supplemental Petition for Damages and the Original Petition for Damages as supplemental and amended are denied.

**AND NOW**, further answering the Petition for Damages and First Amended and Supplemental Petition for Damages, defendant avers as follows:

<u>**SECOND AFFIRMATIVE DEFENSE**</u>

All portions of the subject SFIC Policy are adopted, incorporated and averred herein by reference as defenses to the claims against it, as if copied *in extenso*.

<u>**THIRD AFFIRMATIVE DEFENSE**</u>

Under Louisiana law, an insurance policy is similar to any other contract in that it constitutes the law between the parties, and if its provisions are clear – whether as to exclusions

from coverage or otherwise – it must be considered as a whole and enforced as written.  *Pareti v. Sentry Indem. Co.*, 536 So.2d 417, 420 (La. 1988); *Zanca v. Breaux*, 590 So.2d 821, 824 (La. App. 4 Cir. 1991); *Louisiana Ins. Guar. Ass'n. v. Interstate Fire*, 630 So.2d 759, 763 (La. 1994). Stated slightly differently, when, as in this case, the language of the policy and its endorsements is clear, it must be given a reasonable interpretation consistent with the obvious meaning and intent of the policy, and enforced as written.  *Maggio v. Manchester Ins. Co.*, 292 So.2d 255, 256 (La. App. 4 Cir. 1974); *Gonsalves v. Dixon*, 487 So.2d 644, 645-46 (La. App. 4 Cir. 1986).  See also *Jim Carey Distributing Co., Inc. v. Zinna*, 589 So.2d 526, 528 (La. App. 1 Cir. 1991):

> The intention of parties to an insurance contract is to be determined in accordance with the plain, ordinary and popular sense of the language used in the agreement and by giving consideration on a practical, reasonable and fair basis to the instrument in its entirety.  An insurance policy should not be given an interpretation which would enlarge or restrict its provisions beyond what is reasonably contemplated by its terms or which would lead to an absurd conclusion.  The words of insurance contracts and policies should be given their general and popular interpretation and not that which is strained and unusual. (Citations omitted).

### FOURTH AFFIRMATIVE DEFENSE

Where a policy contains certain ambiguities, where those ambiguities are not relevant to the issue of coverage in question, they do not preclude judgment in the insurer's favor and against a finding of coverage.  *Saffel v. Bamburg*, 478 So.2d at 664.  See also *Louisiana Ins. Guar. V. Interstate Fire*, 630 So.2d 759, 763, 766, 771-72 (La. 1994):

> Ambiguity in an insurance policy must be resolved by construing the policy as a whole; one policy provision is not to be construed separately at the expense of disregarding other policy provisions . . .  Stated differently, merely because an insurance policy is a complex instrument requiring analysis to understand it does not render it ambiguities . . . [T]he rule of liberality [of policy construction] and favorable treatment [to an insured] do not give Courts *carte blanche* to fashion coverage in every case for the putative insured.

## FIFTH AFFIRMATIVE DEFENSE

The Louisiana Supreme Court has made clear that the rule of strict construction (*i.e.*, construing policy exclusions strictly against the insurer and in favor of coverage) "does not authorize a perversion of language, or the exercise of inventive powers for the purpose of creating an ambiguity where none exists, nor does it authorize the court to make a new contract for the parties or disregard the evidence as expressed, or to refine away the terms of a contract expressed with sufficient clearness to convey the plain meaning of the parties, and embodying requirements, compliance with which is made the condition of liability thereon."

*Louisiana Ins. Guar. v. Interstate Fire*, *supra*, at 769.

In this same regard, the Supreme Court even further explained:

[T]here are several significant qualifications on the rule of strict construction that prohibit its application here.  The first limitation is that, as expressly stated in LSA-C.C. Art. 2056, which codifies the rule of strict construction, it applies only "[i]n case of doubt that **cannot be otherwise resolved**."  LSA-C.C. Art. 2056 (emphasis supplied).  Another limitation is that it applies only when after applying the other general rules of construction, including interpreting the contract as a whole, a genuine ambiguity in meaning remains.  *Trinity Industries, Inc. v. Ins. Co. of North America*, 916 F.2d 267, 269 n. 9 (5th Cir. 1990) (noting that ambiguity "in the air" does not justify strict construction against an insurer); *Dugger v. Upledger Inst.*, 795 F.Supp. 184, 188 (E.D. La. 1992), *aff'd*, 8 F.3d 20 (5th Cir. 1993).  Lastly, it applies only if the ambiguous policy provision is susceptible to two or more **reasonable** interpretations; for a genuine ambiguity to exist, the insurance policy must be not only susceptible to two or more interpretations, but the alternative interpretations must be equally reasonable. *Caraway v. Royale Airlines, Inc.*, 559 So.2d 954, 959 (La. App. 2d Cir. 1990), *rev'd in part on other grounds*, 579 So.2d 424 (La. 1991) (collecting cases); *see also Radiator Specialty Co. v. First State Ins. Co.*, 651 F.Supp. 439, 442 (W.D.N.C.), *aff'd*, 836 F.2d 193 (4th Cir. 1987) (stressing that the key word is "reasonable").

## SIXTH AFFIRMATIVE DEFENSE

Insurers are afforded the same right in Louisiana as individuals and may limit their liability, impose conditions on their obligations and to have such coverage limitations enforced.

*Snell v. Stein*, 259 So.2d 876, 878 (La. 1972); *Livingston Par. Sch. Bd. v. Fireman's Fund Am. Ins. Co.*, 282 So.2d 478, 481 (La. 1973); *Spain v. Travelers Insurance Co.*, 332 So.2d 827, 830-831 (La. 1976).  See also *Andreasen v. City of Houma*, 537 So.2d 318 (La. App. 1st Cir. 1988); *Allen v. Lawton and Moore Builders, Inc.*, 535 So.2d 779 (La. App. 2nd Cir. 1988); *Gonsalves v. Dixon, supra*; and see *Graham Resources v. Lexington Ins.*, 625 So.2d 716, 720-721 (La. App. 1st Cir. 1993); *Paul v. Montesino*, 535 So.2d 6, 7 (La. App. 4th Cir. 1988).

## SEVENTH AFFIRMATIVE DEFENSE

The Declarations Page of the subject policy previews two separate coverage sections contained within the policy: § I itemizing the policy's first party coverages and limits (A. Dwelling $113,500.00, B. Other Structures $11,350.00, C. Personal Property $56,750.00, D. Loss of Use $34,050.00); and § II itemizing the policy's third party coverages (E. Personal Liability in limits of $100,000.00 per occurrence; F. Medical Payments to Others in limits of $1,000.00 per person).  Under the plaintiffs' allegations, only § I's coverages are potentially applicable.

## EIGHTH AFFIRMATIVE DEFENSE

SFIC affirmatively avers that in order for any coverage under any provision of SFIC's policy to attach to a given claim, the claim must result from a covered [not excluded] cause of loss as identified in the policy; and to the extent any one or more of plaintiff's claims do not result from a covered cause of loss, they are excluded from policy coverage.

## NINTH AFFIRMATIVE DEFENSE

There is no coverage by SFIC for plaintiffs' claims based upon, but not limited to the following:  SFIC took over via novation policy of insurance No. FH 20072290015 01 issued to Jerome A. Landry and Brandi Liberto for the policy period August 18, 2008 through August 18,

2009.   There is no coverage for plaintiffs' claims based on the following provisions of the subject insurance policy:

1.    Coverage A (found in form HO 00 03 10 00 §I, ¶A) is the policy's Dwelling coverage and provides, relevantly:

      **A.**      **Coverage A – Dwelling**
            **1.** We Cover:
                **a.** The dwelling on the "residence premises"[1] shown in the Declarations, including structures attached to the dwelling; and
                **b.** Materials and supplies located on or next to the "residence premises" used to construct, alter or repair the dwelling or other structures on the "residence premises".
            **2.** We do not cover land, including land on which the dwelling is located.

2.    Policy Coverage B (form HO 00 03 10 00 §I, ¶B) is the Policy's Other Structures coverage and provides, relevantly:

      **B.**      **Coverage B – Other Structures**
            **1.** We cover other structures on the "residence premises" set apart from the dwelling by clear space.  This includes structures connected to the dwelling by only a fence, utility line, or similar connection.
            **2.** We do not cover:
                **a.** Land, including land on which the other structures are located;
                **b.** Other structures rented or held for rental to any person not a tenant of the dwelling, unless used solely as a private garage;
                **c.** Other structures from which any "business" is conducted; or
                **d.** Other structures used to store "business" property. However, we do cover a structure that contains "business" property solely owned by an "insured" or a tenant of the dwelling provided that "business" property does not include gaseous or liquid fuel, other than fuel in a permanently installed fuel tank of a vehicle or craft parked or stored in the structure.
            **3.** The limit of liability for this coverage will not be more than 10% of the limit of liability that applies to Coverage **A.**  Use of this coverage does not reduce the Coverage **A** limit of liability.

---

[1] The "residence premises" applicable to the Policy of Jude Marullo is the same immovable property that is the subject of the instant Petition, *i.e.*, 5401 Bancroft Drive, New Orleans, Louisiana.

3.     Policy Coverage C (form HO 00 03 10 00 §I, ¶C) is the Policy's Personal Property coverage and provides, relevantly:

**C.     Coverage C – Personal Property**
**1. Covered Property**
We cover personal property owned or used by an "insured" while it is anywhere in the world.  After a loss and at your request, we will cover personal property owned by:
**a.** Others while the property is on the part of the "residence premises" occupied by an "insured"; or
**b.** A guest or a "resident employee", while the property is in any residence occupied by an "insured".
**2. Limit For Property At Other Residences**
Our limit of liability for personal property usually located at an "insured's" residence, other than the "residence premises", is 10% of the limit of liability for Coverage **C,** or $1,000.00, whichever is greater.   However, this limitation does not apply to personal property:
**a.** Moved from the "residence premises" because it is being repaired, renovated or rebuilt and is not fit to live in or store property in; or
**b.** In a newly acquired principal residence for 30 days from the time you begin to move the property there.
**3. Special Limits of Liability**
The special limit for each category shown below is the total limit for each loss for all property in that category.  These special limits do not increase the Coverage **C** limit of liability.

4.     Policy Coverage D (form HO 00 03 10 00 §I, ¶D) is the Policy's Loss of Use coverage and provides, relevantly:

**D.     Coverage D – Loss of Use**
The limit of liability for Coverage **D** is the total limit for the coverages in **1.** Additional Living Expense, **2.** Fair Rental Value and **3.** Civil Authority Prohibits Use below.
**1. Additional Living Expense**
If a loss covered under Section **I** makes that part of the "residence premises" where you reside not fit to live in, we cover any necessary increase in living expenses incurred by you so that your household can maintain its normal standard of living.
Payment will be for the shortest time required to repair or replace the damage or, if you permanently relocate, the shortest time required for your household to settle elsewhere.
**2. Fair Rental Value**

If a loss covered under Section **I** makes that part of the "residence premises" rented to others or held for rental by you not fit to live in, we cover the fair rental value of such premises less any expenses that do not continue while it is not fit to live in.

Payment will be for the shortest time required to repair or replace such premises.

**3. Civil Authority Prohibits Use**

If a civil authority prohibits you from use of the "residence premises" as a result of direct damage to neighboring premises by a Peril Insured Against, we cover the loss as provided in **1.** Additional Living Expense and **2.** Fair Rental Value above for no more than two weeks.

**4. Loss or Expense Not Covered**

We do not cover loss or expense due to cancellation of a lease or agreement.

The periods of time under **1.** Additional Living Expense, **2.** Fair Rental Value and **3.** Civil Authority Prohibits Use above are not limited by expiration of this policy.

5. As the perils insured against for the above listed Coverages A and B, the policy provides, relevantly:

**Section 1 – Perils Insured Against**

1. We insure against risk of direct physical loss to property described in Coverages A and B.

2. We do not insure, however, for loss:

 a. Excluded under Section I – Exclusions; . . .

 c. Caused by:

  (5) Mold, fungus or wet rot. . .

  (6) Any of the following:

   (a) Wear and tear, marring, deterioration;

   (b) Mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;

   (c) Smog, rust or other corrosion, or dry rot; . . .

   (e) Discharge, dispersal, seepage, migration, release or escape of pollutants.

6. By way of facially applicable exclusions under the plaintiffs' allegations relative to the foregoing first party coverages are the following:

**Section I – Exclusions**

A. We do not insure if a loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any of other cause or event contributing concurrently or in any sequence to the loss.  These exclusions

apply whether or not the loss event results in widespread damage or affects a substantial area. . .

    3. Water Damage . . .

B. We do not insure for loss to property described in Coverages A and B caused by any of the following. However, any ensuing loss to property described in Coverages A and B not precluded by any other provision in this policy is covered. . .

    3. Faulty, inadequate or defective: . . .

        b. Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
        c. Materials used to repair, construction, renovation or remodeling; or
        d. Maintenance;
        of part or all of any property whether on or off the "residence premises."

7.    Policy Coverage E (form HO 00 03 10 00 §I, ¶E) is the Policy's Additional Coverages provision and provides, relevantly:

    **E. Additional Coverages**
        **1. Debris Removal**
            **a.** We will pay your reasonable expenses for the removal of:
                **(1)** Debris of covered property ***if a Peril Insured Against that applies to the damaged property causes the loss. . . .***
(Emphasis added). Thus, to the extent that the loss sustained by plaintiffs was not caused by a Peril Insured Against, as defined in the Policy, or is for an amount greater than the limits set forth in this provision, defendant does not owe benefits under Coverage **E** for Debris Removal to plaintiffs.

8.    Certain of the policy form's "conditions" facially potentially apply to defeat coverage for all or part of the claim including, without limitation, the following conditions, whether contained in the Policy Broad Form (Form HO 00 03 10 00 at pp. 20-22) or the Special Provisions – Louisiana Form (Form HO 01 17 04 05): "Duties After Loss," "Appraisal," "Other Insurance and Service Agreement," "Loss Payment," and "Concealment or Fraud."

### TENTH AFFIRMATIVE DEFENSE

It is a violation of the Louisiana Insurance Code to make and/or pursue a false or fraudulent insurance claim.

### ELEVENTH AFFIRMATIVE DEFENSE

It is well recognized that an insured claiming coverage bears the burden to prove that the incident falls within the policy's terms. *Doerr v. Mobil Oil*, 00-947 (La. 12/19/00), 774 So.2d 119, 124 (and authorities cited therein).

### TWELFTH AFFIRMATIVE DEFENSE

La. R.S. 22:1973 and 22:1892 are penal in nature and must be strictly construed. In order for plaintiff to recover statutory penalties against SFIC, plaintiff must bear the burden of proof in establishing that SFIC's conduct relative to plaintiff's claims was arbitrary, capricious, or without probable cause. Plaintiff cannot meet that burden in this case. At all times, SFIC has honored its duty of good faith and fair dealing *vis-à-vis* its insured(s) and its/their claim(s).

### THIRTEENTH AFFIRMATIVE DEFENSE

La. R.S. 22:619 provides, in pertinent part, as follows:

. . .[N]o oral or written misrepresentation or warranty made in the negotiation of an insurance contract, by the insured or in his behalf, shall be deemed material or defeat or void the contract or prevent it attaching, unless the misrepresentation or warranty is made with the intent to deceive.

It is well established by the Louisiana courts applying this statute that an insurance carrier may avoid coverage under a policy based upon a misrepresentation by the insured during the insurance application process, if the misrepresentation is/was (1) material to the carrier's determination of whether or not to accept the risk and/or the amount of the premium charged for insuring the risk and (2) made by the insured with the intent to deceive the carrier.

In *Consolidated American Insurance Co. v. Landry*, 525 So.2d 567 (La. App. 3 Cir. 1988), although no mention was made of the terms "material misrepresentation" or "intent to deceive," nor of La. R.S. 22:619, the insurer avoided coverage under its policy relative to a risk it did not intend to (and apparently would not) insure under the facts therein present.   In *Consolidated*, a homeowner's insurer filed suit against a contractor's insurance carrier after the former paid for fire damage to the insured's home.   The homeowner's insurer contended that the contractor had negligently installed electrical wiring which had caused the fire.   The insurance carrier filed a motion for summary judgment, which was granted by the Court for the reason that the insurance policy covered a different business entity that its insured also owned – i.e., "Landry's Apartments" as opposed to "Landry's [Construction]" – and, therefore, it did not afford coverage for the residential fire allegedly caused by the construction.  *Id.* at 567-568.   In affirming the summary judgment, the Court of Appeal reasoned, in part, as follows:

> Appellant's argument that the [insurance] policy extends liability coverage to **any** business operated by [the individual named insured] totally ignores the limiting phrase in the designation of insured [on the declarations page of the policy] "D/B/A Landry's Apartments".  The term "insured" is not of fixed meaning and often its signification may be ascertained only from the context of the policy in which it appears.

## FOURTEENTH AFFIRMATIVE DEFENSE

Insurance policies for periods subsequent to, and perhaps even before, SFIC's Policy, as well as duplicative insurance policies pursuant to which the subject insured or others may also be insured during SFIC's policy period, should provide coverage for the claims at issue herein.  See *Jefferson Downs, Inc. v. American General Insurance Company*, 214 So.2d 244 (La. App. 4 Cir. 1968); *Hartford Fire Insurance Co. v. Roger Wilson, Inc.*, 291 So.2d 852 (La. App. 3 Cir. 1974); *Youngblood v. Allstate Fire Insurance Co.*, 349 So.2d 462 (La. App. 3 Cir. 1977); *Penton v.*

*Hotho*, 601 So.2d 762 (La. App. 1 Cir. 1992); *Maynor v. Vosburg*, 648 So.2d 411 (La. App. 2 Cir. 1994).

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that plaintiffs have already received payment from this defendant for its loss, defendant avers that those payments were appropriate, that plaintiffs have already been paid everything that is owed under their insurance policy and in the event of a further judgment in favor of the plaintiffs, defendant claims a credit or a set-off all amounts previously paid.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that defendant herein is legally entitled to any credit or set-offs for any amounts previously paid or made in the future to the plaintiffs herein, defendant hereby claims those credits or set-offs against said credits or set-offs against any eventual award made to the plaintiffs, and to the extent that the defendant has made any payments to which plaintiffs are not entitled, defendant reserves its rights to recover those amounts by reconventional demand or counter-claim.

## SEVENTEENTH AFFIRMATIVE DEFENSE

SFIC avers that the damages claimed herein were caused by a non-covered event and or peril that is excluded under the applicable policy of insurance.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against SFIC are barred or reduced to the extent that plaintiffs failed to exercise ordinary care and caution to protect the damage to their property.

## NINTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the policy excludes coverage for those claims that are covered by other insurance.

### TWENTIETH AFFIRMATIVE DEFENSE

In the further alternative, defendant alleges and avers that plaintiffs were underinsured and the co-insurance penalty applies.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

In the further alternative, plaintiffs' claims are barred or reduced to the extent that plaintiffs have failed to mitigate their alleged damages.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent that plaintiffs' Petition claims that they are entitled to recovery under their insurance policy in accordance with LSA-R.S. 22:1318, Louisiana's Valued Policy Law, SFIC denies that the Valued Policy Law applies to this claim.  SFIC further avers that plaintiffs have not suffered a total loss and that their loss was not caused by a covered peril.  Rather plaintiffs' loss, if any, was caused by an excluded peril.  SFIC further avers that an award to plaintiffs under Louisiana's Valued Policy Law would impair the obligations of contracts, would result in a taking without just compensation, would interfere with interstate commerce, would constitute a deprivation of property without due process, and would deprive defendant of equal protection of the laws, all in contravention of the Constitutions of the United States of America and the State of Louisiana.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the other applicable exclusions in the policy.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by their failure to satisfy all of their obligations under the policy.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

SFIC avers that it has not been provided with satisfactory proof of loss as is required by the jurisprudential law, statutory authority and the terms, conditions, provisions and exclusions of the subject policy.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

SFIC has adjusted the plaintiffs' claim in good faith, in accord with the terms and conditions of the applicable policy and in compliance with any applicable statutory or jurisprudential law.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent that plaintiffs have received money from any state and/or federal agency or program, and that plaintiffs have assigned and/or subrogated their rights to said state or federal agency or program, SFIC avers that plaintiffs are not the proper party to prosecute this action and said federal or state agency or program is the proper party plaintiff to bring this action.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The plaintiffs have not been damaged as a result of any alleged actions or inactions on the part of SFIC or any of its agents or representatives.  If the plaintiffs suffered any damage as alleged, such damage was caused in whole or in part by the action or inaction of the plaintiff and/or third parties for whom SFIC is not responsible and/or forces beyond SFIC's control.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs have no right or cause of action to the extent of the interests of the mortgagee holding the mortgage on the property.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are excluded to the extent that they did not occur during the applicable policy period.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are excluded to the extent that, whether before or after the loss, plaintiffs "intentionally concealed or misrepresented any material fact or circumstance. . .engaged in fraudulent conduct. . . or made false statements relating to this insurance."

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the exclusions in the policy of Insurance that provides that the policy does not insure loss due to neglect, meaning "neglect of the 'insured' to use all means to save and preserve property at and after the time of a loss."

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the exclusions in the policy of Insurance that provides that the policy does not insure loss due to intentional loss, meaning "any loss arising out of any act committed . . . by or at the direction of an 'insured'; and. . . with the intent to cause a loss."

## RESERVATION OF AFFIRMATIVE DEFENSE

SFIC is without knowledge or information sufficient to form a belief as to whether other affirmative defenses apply in this matter.   However, contingent on the facts revealed by investigation and discovery, SFIC expressly reserves its right to raise any additional affirmative defenses, which may be applicable.

## REQUEST FOR JURY

SFIC is entitled to and requests a trial by jury for all issues herein.

WHEREFORE, the premises considered, defendant, Southern Fidelity Insurance Company, prays that this Answer to the Petition for Damages as supplemented and amended be deemed good and sufficient and after due proceedings are had, that there be judgment herein in favor of Southern Fidelity Insurance Company and against plaintiff, dismissing plaintiff's Petition for Damages as supplemented and amended, with prejudice, at plaintiff's costs and for all other general and equitable relief as it appropriate under the circumstances.  Defendant further requests trial by jury for all issues herein.

Respectfully submitted:


    /s/ Matthew D. Monson
**MATTHEW D. MONSON (25186), T.A.**
**KRISTI U. LOUQUE (31845)**
**PAJARES & SCHEXNAYDRE, LLC**
68031 Capital Trace Row
Mandeville, Louisiana 70471
Telephone:    (985) 292-2000
Facsimile:    (985) 292-2001
Email: mmonson@pslawfirm.com
        klouque@pslawfirm.com
***Counsel for Southern Fidelity Insurance***
***Company***


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record via electronic mail, by the United States District Court for the Eastern District of Louisiana, this 16th day of August, 2010.


    /s/ Matthew D. Monson