*Fax Filed*
*10/5/09*

## CIVIL DISTRICT COURT FOR THE PARISH OF ST TAMMANY

## STATE OF LOUISIANA

No. 2009-15915-E                                   DIVISION "E"

### DAVID BRONAUGH AND HEATHER BRONAUGH

-VERSUS-

### USAA CASUALTY INSURANCE COMPANY

FILED: 10/7/2009                                   _____
                                                   DEPUTY CLERK

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come Plaintiffs DAVID BRONAUGH AND HEATHER BRONAUGH, who, for their Petition for Damages respectfully state as follows:

1.

Plaintiffs David and Heather Bronaugh are persons of full age and majority, domiciled in the Parish of St. Tammany, State of Louisiana, residing at 2323 Sunset Boulevard, Slidell, Louisiana.

2.

Defendant USAA Casualty Insurance Company ("USAA") is a foreign insurer authorized to do and doing business in the State of Louisiana.

3.

Venue is proper in this Court pursuant to articles 74, 76 and 76.1 of the Louisiana Code of Civil Procedure.

4.

Plaintiffs purchased a homeowners insurance policy from Defendant, providing coverage for, among other things, their dwelling, contents and loss of use of the property.

5.

The policy issued to Plaintiffs by Defendant provides coverage for the dwelling in the amount of $755,000, for contents in the amount of $566,250 and for loss of use in the amount of $151,000.

6.

On or around Spring of 2009, Plaintiffs discovered that their home was constructed using

**FAX FILED**
10-5-09

Exhibit "A"

Chinese manufactured drywall, which caused and continues to cause physical loss and damage to Plaintiffs' home and contents. The Chinese drywall emits odorous gases that cause corrosion of air-conditioner and refrigerator coils, copper tubing, electrical wiring, computer wiring and other household items.

7.

Plaintiffs' policy issued by Defendant is an all-risk policy, providing coverage for all risks of direct physical loss or damage to the home, contents and other permanent structures unless an exclusion applies.

8.

On June 22, 2009, Plaintiffs provided notice of their claim relating to the presence of Chinese drywall in Plaintiffs' home to Defendant by phone to Defendant's claims department. On June 23, 2009, Plaintiff David Bronaugh underwent a phone interview regarding Plaintiffs' claim.

9.

Plaintiffs further provided notice of their intent to perform interim remediation repairs by having the Chinese drywall and any other damaged or destroyed components removed.

10.

Defendant never sent an adjuster to perform an inspection of Plaintiffs' property.

11.

On June 24, 2009, Defendant notified Plaintiffs by letter that it was denying coverage for damage caused by the Chinese drywall.

12.

Plaintiffs have complied with all of their obligations under the policy.

13.

A valid contract of insurance exists between Plaintiffs and Defendant providing coverage for the loss and damage caused by the Chinese drywall.

14.

Plaintiffs have paid all premiums due under their policy of insurance with Defendant and have materially performed their obligations under the policy.

15.

The damage and loss sustained by Plaintiffs was caused by the presence of Chinese drywall in Plaintiffs' home; yet, Defendant has failed to meet its obligations under the policy of insurance and has failed and/or refused to cover the loss sustained by Plaintiffs.

16.

Defendant has breached its policy by unjustifiably denying Plaintiffs' claim for covered damages.

17.

As a direct and proximate result of the breach by Defendant, Plaintiffs were deprived of the benefit of insurance coverage for which Defendant was paid substantial premiums, and, accordingly, Plaintiffs have suffered and will suffer substantial economic damage, particularly associated with their remediation efforts.

18.

Defendant breached its duty of good faith and fair dealing that it owes to Plaintiffs in denying Plaintiffs' claim.

19.

Defendant misrepresented the policy provisions, including the exclusions, in denying Plaintiffs' claim under the policy.

20.

Defendant violated La. R.S. 22:1973 and La. R.S. 22:1892 by failing to properly adjust and pay Plaintiffs' claim.

21.

Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs DAVID and HEATHER BRONAUGH respectfully pray that their Petition for Damages be deemed good and sufficient, and that Defendant USAA CASUALTY INSURANCE COMPANY be duly served and cited with a copy of this Petition for Damages and that it be made to appear and answer same within the delays allowed by law, and that after all due and legal proceedings are had herein, for the reasons set forth herein, that there be judgment entered in favor of Plaintiffs DAVID and HEATHER BRONAUGH and

against Defendant USAA CASUALTY INSURANCE COMPANY in an amount that is reasonable under the premises, and together with all costs of these proceedings, for penalties and attorney fees, for legal interest from the date of judicial demand until paid, and for all general and equitable relief.

DATED: October 5, 2009

Respectfully submitted,

By: _____
**KANNER & WHITELEY, L.L.C.**
Allan Kanner – (La. #20580)
a.kanner@kanner-law.com
Cynthia St. Amant – (La. #24439)
c.stamant@kanner-law.com
Melissa M. Fuselier – (La. #31163)
m.fuselier@kanner-law.com
701 Camp Street
New Orleans, LA 70130
Telephone: (504) 524-5777
Facsimile:  (504) 524-5763

**PLEASE SERVE:**

USAA Casualty Insurance Company
Through its Registered Agent for Service of Process
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809

A TRUE COPY
BY CLERK 22nd JUD. DIST COURT
ST. TAMMANY PARISH, LA