UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  CHINESE MANUFACTURED DRYWALL : MDL No. 2047
PRODUCTS LIABILITY LITIGATION : Section L
:

This Document Relates to:

NORTHSTAR HOLDINGS, INC., : JUDGE FALLON
NORTHSTAR HOMES, INC., AND : MAG. JUDGE WILKINSON
NORTHSTAR HOLDINGS AT B & A, LLC,

vs.

GENERAL FIDELITY INSURANCE
COMPANY, QUANTA INDEMNITY
COMPANY, MID-CONTINENT CASUALTY
COMPANY, AXIS SURPLUS INSURANCE,
AND ESSEX INSURANCE COMPANY.

Case no.: 2:10-cv-00384

## MOTION FOR PROTECTIVE ORDER

COMES NOW the Defendant, ESSEX INSURANCE COMPANY ("Essex"), by and through its undersigned counsel, and respectfully moves pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 37.1E of the Uniform Local Rules for a Protective Order in this case. As grounds therefore, Defendant would state that a set of Interrogatories, numbered 1 through 29 were served on Essex on August 6, 2010 (attached

hereto as Exhibit "A"), and a Request for Production was served on Essex on August 6, 2010 (attached hereto as Exhibit "B"). Essex further moves for a protective order quashing any deposition set by the NORTHSTAR Plaintiffs ("Northstar") of Essex pursuant to they as yet incomplete Notice of Deposition dated August ___, 2010 (Attached hereto as Exhibit "C"). In support of this motion, Essex asserts as follows:

1.   The discovery being requested is at best premature, requests materials not reasonably calculated to lead to admissible evidence, and most importantly seeks discovery where the Complaint in this action has not been properly served and personal jurisdiction over Essex has not been established. Additionally, this case should be dismissed for *forum non conveniens* and/or transferred to the Southern District of Florida.

2.   As discussed in detail in Essex' Motion to Dismiss and Supporting Memorandum dated July 16, 2010, Essex has moved for the dismissal of all claims against Essex, or in the alternative, the transfer of the claims against Essex to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a).

3.   In that motion, Essex alleges that Northstar has failed to serve Essex within the time prescribed by Fed. R. Civ. P. 4(m). However, even if Plaintiffs had properly served Essex with this Complaint, Federal Rules of Civil Procedure 12(b)(2), 12(b)(3) and 12(b)(6) still require dismissal of this action.

4.   Essex further alleges that Northstar also failed to allege a sufficient basis for personal jurisdiction over Essex in its Complaint, and that the Complaint must be dismissed as to Essex.

5.   Finally, this action should be transferred to the Southern District of Florida, the jurisdiction which clearly has the most connection to the claims made in this case

6.    Since the issues raised regarding personal and subject matter jurisdiction, venue and the very existence of a cause of action in Louisiana are presently before this Court on Essex' motion, it would be burdensome, unfair and unnecessary to subject Essex to the requirement that it respond to Northstar's discovery.

WHEREFORE, the Defendant, ESSEX INSURANCE COMPANY, respectfully prays for a Protective Order regarding the propounded interrogatories and document requests, quashing the proposed notice of deposition and for such further relief as the Court deems just and proper.

Respectfully submitted:

s/ Rebecca C. Appelbaum
REBECCA C. APPELBAUM
FL Bar No. 0179043
rappelbaum@butlerpappas.com
Butler Pappas Weihmuller Katz Craig LLP
777 S. Harbour Island Boulevard, Suite 500
Tampa, Florida 33602
(813) 281-1900
(fax)(813) 281-0900

CARIN DORMAN BROCK , ESQ.
LA Bar. No. 28339
cbrock@butlerpappas.com
Butler Pappas Weihmuller Katz Craig LLP
Post Office Box 16328
Mobile, Alabama 36616
(251) 338-3801
(fax)(251) 338-3805
Attorneys for Defendant, Essex Insurance Co.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion for Protective Order has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the

same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 16th day of August, 2010.

                                                Respectfully submitted,

                                                <u>s/ Rebecca C. Appelbaum</u>
                                                REBECCA C. APPELBAUM, ESQ