# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2:09-md-2047<br><br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| **THIS DOCUMENT RELATES TO:**<br><br>ROBERT C. PATE, as Trustee for the Chinese Drywall Trust,<br>v.<br>AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, FCCI COMMERCIAL INSURANCE COMPANY, FCCI INSURANCE COMPANY, et al.,<br> **(2:09-cv-07791)** (E.D. La.) | |

**DEFENDANTS FCCI COMMERCIAL INSURANCE COMPANY AND FCCI INSURANCE COMPANY'S OBJECTIONS TO PLAINTIFF ROBERT C. PATE'S AND PSC'S SCHEDULE OF TOPICS FOR 30(B)(6) DEPOSITION NOTICE CONCERNING JURISDICTION AND VENUE**

COME NOW, FCCI COMMERCIAL INSURANCE COMPANY AND FCCI INSURANCE COMPANY ("FCCI") through their undersigned counsel and provide the following objections to Plaintiff Robert C. Pate's and the Plaintiffs' Steering Committee's schedule of topics for 30(b)(6) deposition notice for FCCI representative(s) sent August 9, 2010:

## I.  GENERAL OBJECTIONS

A.  FCCI objects to Plaintiff Robert C. Pate's and the Plaintiffs' Steering Committee's (referred to collectively herein as "Plaintiffs") discovery and Notice of Deposition and/or 30(b)(6) Schedule generally (hereinafter "30(b)(6) Schedule").  Each general objection is applicable to each response provided below and are incorporated therein.

B.  FCCI objects to the instructions and/or definitions for Plaintiff's 30(b)(6) Schedule to the extent that they exceed the scope of discovery permitted under the Federal Rules of Civil Procedure.

C.  FCCI objects to each item in Plaintiff's 30(b)(6) Schedule to the extent that it seeks information or mental impressions, conclusions, opinions or legal research or theories of any attorney or other representatives of FCCI prepared in anticipation of litigation, and/or that is protected by attorney-client or joint defense privilege and/or the work-product doctrine, and/or not otherwise subject to discovery.

D.  FCCI objects to each item in Plaintiff's 30(b)(6) Schedule to the extent that it seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence and which are outside the scope of discovery under the applicable rules of the Federal Rules of Civil Procedure.

E.  FCCI objects to each item in Plaintiff's 30(b)(6) Schedule to the extent that it seeks trade secrets or other confidential, research, development, commercial, financial, and/or proprietary documents.

F.  FCCI objects to each item in Plaintiff's 30(b)(6) Schedule to the extent that it seeks documents outside of the scope of and not at issue in this litigation.

G.  FCCI objects to each item in Plaintiff's 30(b)(6) Schedule to the extent that it is vague, ambiguous, overly broad, unduly burdensome, and/or harassing.

H.  FCCI objects to each item in Plaintiff's 30(b)(6) Schedule to the extent that it seeks documents regarding individuals and/or entities that are not parties to this litigation and the disclosure of which would violate their confidentiality and privacy.

I.  FCCI objects to each item in Plaintiff's 30(b)(6) Schedule to the extent that Plaintiff has failed to limit the time frame or scope of the information.

J.  FCCI incorporates by reference its objections and responses to the jurisdictional interrogatories and request for documents.

Without waiving or restricting any of the General Objections set forth in paragraphs "A" through "J" above, and reserving the right to modify or supplement any objection or response to Plaintiff's 30(b)(6) Schedule or any additional question or topic that Plaintiffs raise at a 30(b)(6) deposition, FCCI responds to Plaintiff's 30(b)(6) Schedule as follows:

## II. SPECIFIC OBJECTIONS TO AREAS OF TESTIMONY

1. *The date when You were first authorized and/or licensed to do business in Louisiana, the status of your authorization and/or license to do business in Louisiana, and whether You are still doing business in Louisiana.*

**Objection**:  None other than the general objections above.

2. *Your efforts to solicit, market or advertise insurance related products in Louisiana.*

**Objection**:  None other than the general objections above.

3. *When you first began to solicit, market, or advertise insurance related products in Louisiana and, if when you ceased doing so.*

**Objection**:  None other than the general objections above.

4. *When you first sold any insurance related products in Louisiana.*

**Objection**:  None other than the general objections above.

5. *When and whether You ceased selling any insurance related products in Louisiana.*

**Objection**:  None other than the general objections above.

6. *The types of insurance related products You have sold to insureds in Louisiana (including insureds who are resident in or who do business in*

4

*Louisiana) and types of coverage applicable to said insureds.*

**Objection**:   None other than the general objections above.

7.     *The information You provided to the State of Louisiana pertaining to Your providing or selling insurance related products in the Louisiana.*

**Objection**:   None other than the general objections above.

8.     *The Person(s) employed or working for You who are responsible for soliciting, marketing or advertising Your insurance related products in Louisiana, where those persons are located, and the manner in which they solicit, market, or advertise Your insurance related products in Louisiana.*

**Objection**:   None other than the general objections above.

9.     *The Person(s) who have actually sold Your insurance related products in Louisiana, where those Person(s) are located, and the manner in which they sold Your insurance related products in Louisiana.*

**Objection**:   None other than the general objections above.

10.    *The number of times that You have sued or have been sued in any state or federal court in Louisiana in which You alleged that You are authorized to do business in Louisiana and in fact were doing business in Louisiana.*

**Objection**:   There is no such person because FCCI has not alleged that it is authorized to do business in Louisiana.

11.    *The Person(s) employed by or working for You who are responsible*

5

*for administering claims related to insurance products You sold in Louisiana, where those Person(s) are located, and the manner in which they administered claims related to insurance products You sold in Louisiana.*

**Objection**: None other than the general objections above.

12. *Any of Your marketing or strategic plans which mention or address Louisiana.*

**Objection**: None other than the general objections above.

13. *Any of Your insurance policies (including endorsements thereto) which mention or reference Louisiana.*

**Objection**: There is no such person because FCCI does not mention Louisiana in its insurance policies.

14. *The bases and facts supporting the statements made in any affidavit annexed to Your motion to dismiss in the above referenced action.*

**Objection**: None other than the general objections above.

15. *Whether any of Your officers, directors, employees, representatives, or agents have traveled to Louisiana for the purposes of conducting business or engaging in any business activity related to insurance products in Louisiana. If so, the names of the individuals, the dates of their visit(s) to Louisiana, and the purpose of their visit(s).*

**Objection**: None other than the general objections above. This information

is already available in the interrogatory responses.

16.     *Any offices You maintain, own, lease, and/or occupy in Louisiana.*

**Objection**:  There is no such person because FCCI does not maintain, own, lease, and/or occupy offices in Louisiana.

17.     *Any offices in Louisiana at or through which insurance policies are sold by You or on Your behalf.*

**Objection**:  There is no such person because FCCI does not sell insurance at or through any offices in Louisiana.

18.     *Any offices outside of Louisiana at or through which insurance policies are sold by You or on Your behalf to Person(s) that reside in or do business in Louisiana.*

**Objection**:  There is no such person because FCCI does not sell insurance in Louisiana.

19.     *Your sale of insurance related products in Louisiana, including to Person(s) that reside in or do business in Louisiana.*

**Objection**:  There is no such person because FCCI does not sell insurance in Louisiana.

20.     *Your relationship to any subsidiary or parent corporation that sells insurance to Person(s) that reside in or do business in Louisiana.*

**Objection**:  None other than the general objections above.

21. *Your filing of any tax returns in Louisiana.*

**Objection**:

FCCI objects on the grounds that it is overly broad, not limited as to time, and unduly burdensome. Further, FCCI objects on the grounds that it seeks documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

FCCI objects on the grounds that it seeks information that is not discoverable under FED. R. CIV. P. 26, including but not limited to the protection of FED. R. CIV. P. 26(b).

FCCI objects on the grounds that it seeks information that is privileged or made confidential or otherwise non-discoverable by applicable law, whether state or federal, including without limitation, any laws requiring the confidential treatment of non-public personal or financial information.

FCCI objects on the grounds that it seeks information that is privileged, confidential, proprietary, protected as trade secrets, business sensitive, or otherwise non-discoverable.

FCCI objects on the grounds that it seeks information for a time period not relevant to the matter identified in the Complaint and seeks information, documents or materials that are confidential, privileged, proprietary, business sensitive or the trade secrets of Defendant or third parties.

Neither FCCI Insurance Company nor FCCI Commercial Insurance Company has ever filed tax returns in Louisiana.

22. *Your processing of insurance claims in Louisiana.*

**Objection**: There is no such person because FCCI does not process insurance claims in Louisiana.

23. *Any asset You maintain, own, lease, or otherwise hold in Louisiana and the value of any such assets.*

**Objection**: There is no such person because FCCI does not maintain, own, lease, or otherwise hold any assets in Louisiana.

24. *Any ownership interest You possess(ed) in any entity that is located in or does businesses in Louisiana.*

**Objection**: There is no such person because FCCI does not possess ownership in any entity located in or doing business in Louisiana.

25. *Any of Your revenue that originates in Louisiana, including insurance premium payments by Person(s) that reside in or do business in Louisiana.*

**Objection**: There is no such person because FCCI does not have any revenue that originates in Louisiana. To the extent that National Trust Insurance Company has or had revenue that originated in Louisiana, someone will be produced to testify on that issue subject to the objections set forth above and contained in the responses to Interrogatories and Request for Documents.

26. *Your storage of any document in Louisiana.*

**Objection**: There is no such person because FCCI does not does not store any documents in Louisiana.

27. *Any business You have transacted in Louisiana or service or thing that You have contracted to supply in Louisiana.*

**Objection**: None other than the general objections above.

28. *Any companies located in Louisiana that serve as Your agents, affiliates, or representatives with regard to the sale of insurance policies.*

**Objection**: None other than the general objections above.

29. *Your financing or contribution of capital to any corporation, subsidiary, affiliate, or agent located in Louisiana.*

**Objection**:

FCCI objects on the grounds that it is overly broad, not limited as to time, and unduly burdensome. Further, FCCI objects on the grounds that it seeks documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

FCCI objects on the grounds that it seeks information that is not discoverable under FED. R. CIV. P. 26, including but not limited to the protection of FED. R. CIV. P. 26(b).

FCCI objects on the grounds that it seeks information that is privileged or

10

made confidential or otherwise non-discoverable by applicable law, whether state or federal, including without limitation, any laws requiring the confidential treatment of non-public personal or financial information.

FCCI objects on the grounds that it seeks information that is privileged, confidential, proprietary, protected as trade secrets, business sensitive, or otherwise non-discoverable.

FCCI objects on the grounds that it seeks information for a time period not relevant to the matter identified in the Complaint and seeks information, documents or materials that are confidential, privileged, proprietary, business sensitive or the trade secrets of Defendant or third parties.

30. *Your state of incorporation and principal place(s) of business.*

**Objection**: None other than the general objections above.

31. *The insurance policies that You sold that are at issue in this proceeding, including their place of counter-signature and last act of contracting.*

**Objection**: None other than the general objections above.

32. *Your managing general agent in Louisiana.*

**Objection**: None other than the general objections above.

33. *Your brokers in Louisiana.*

**Objection**: None other than the general objections above.

34. *Your retail agents in Louisiana.*

11

**Objection**: None other than the general objections above.

35. *All legal proceedings in which: (1) the issue of a state or federal court's personal jurisdiction over You in Louisiana was raised and (2) the court determined that it, in fact, had personal jurisdiction over* You.

**Objection**: None other than the general objections above.

36. *Your corporate structure, including your relationship to Related Entities.*

**Objection**: None other than the general objections above.

37. *Your board of directors, officers, and organizational structure.*

**Objection**: None other than the general objections above.

38. *The board of directors, officers, and organizational structure.*

**Objection**: None other than the general objections above.

39. *Any distribution or transfer of case or assets between You and a Related Entity that does business in Louisiana.*

**Objection**:

FCCI objects on the grounds that it is overly broad, not limited as to time, and unduly burdensome. Further, FCCI objects on the grounds that it seeks documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

FCCI objects on the grounds that it seeks information that is not

discoverable under FED. R. CIV. P. 26, including but not limited to the protection of FED. R. CIV. P. 26(b).

FCCI objects on the grounds that it seeks information that is privileged or made confidential or otherwise non-discoverable by applicable law, whether state or federal, including without limitation, any laws requiring the confidential treatment of non-public personal or financial information.

FCCI objects on the grounds that it seeks information that is privileged, confidential, proprietary, protected as trade secrets, business sensitive, or otherwise non-discoverable.

FCCI objects on the grounds that it seeks information for a time period not relevant to the matter identified in the Complaint and seeks information, documents or materials that are confidential, privileged, proprietary, business sensitive or the trade secrets of Defendant or third parties.

40. *Any inter-company loans, advances of funds, or cost sharing between You and a Related Entity that does business in Louisiana.*

**Objection**:

FCCI objects on the grounds that it is overly broad, not limited as to time, and unduly burdensome.  Further, FCCI objects on the grounds that it seeks documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

13

FCCI objects on the grounds that it seeks information that is not discoverable under FED. R. CIV. P. 26, including but not limited to the protection of FED. R. CIV. P. 26(b).

FCCI objects on the grounds that it seeks information that is privileged or made confidential or otherwise non-discoverable by applicable law, whether state or federal, including without limitation, any laws requiring the confidential treatment of non-public personal or financial information.

FCCI objects on the grounds that it seeks information that is privileged, confidential, proprietary, protected as trade secrets, business sensitive, or otherwise non-discoverable.

FCCI objects on the grounds that it seeks information for a time period not relevant to the matter identified in the Complaint and seeks information, documents or materials that are confidential, privileged, proprietary, business sensitive or the trade secrets of Defendant or third parties.

41.  *Any guarantees or similar assurances by You to financial institutions on behalf of any Related Entity that does business in Louisiana.*

**Objection**:

FCCI objects on the grounds that it is overly broad, not limited as to time, and unduly burdensome.  Further, FCCI objects on the grounds that it seeks documents that are neither relevant to the subject matter of this litigation nor

14

reasonably calculated to lead to the discovery of admissible evidence.

FCCI objects on the grounds that it seeks information that is not discoverable under FED. R. CIV. P. 26, including but not limited to the protection of FED. R. CIV. P. 26(b).

FCCI objects on the grounds that it seeks information that is privileged or made confidential or otherwise non-discoverable by applicable law, whether state or federal, including without limitation, any laws requiring the confidential treatment of non-public personal or financial information.

FCCI objects on the grounds that it seeks information that is privileged, confidential, proprietary, protected as trade secrets, business sensitive, or otherwise non-discoverable.

FCCI objects on the grounds that it seeks information for a time period not relevant to the matter identified in the Complaint and seeks information, documents or materials that are confidential, privileged, proprietary, business sensitive or the trade secrets of Defendant or third parties.

42.  *The preparation and approval by You of annual and longer-term business plans, marketing plans, and budgets for any Related Entity that does business in Louisiana.*

**Objection**:  None other than the general objections above.

43. *The existence of any combined financial statement for You and any Related Entity that does business in Louisiana.*

**Objection**:

FCCI objects on the grounds that it is overly broad, not limited as to time, and unduly burdensome. Further, FCCI objects on the grounds that it seeks documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

FCCI objects on the grounds that it seeks information that is not discoverable under FED. R. CIV. P. 26, including but not limited to the protection of FED. R. CIV. P. 26(b).

FCCI objects on the grounds that it seeks information that is privileged or made confidential or otherwise non-discoverable by applicable law, whether state or federal, including without limitation, any laws requiring the confidential treatment of non-public personal or financial information.

FCCI objects on the grounds that it seeks information that is privileged, confidential, proprietary, protected as trade secrets, business sensitive, or otherwise non-discoverable.

FCCI objects on the grounds that it seeks information for a time period not relevant to the matter identified in the Complaint and seeks information,

documents or materials that are confidential, privileged, proprietary, business sensitive or the trade secrets of Defendant or third parties.

44.     *The existence and number of any of Your employees, independent contractor, or leased personnel whom You employ, lease, or otherwise engage the services of in Louisiana or who live in Louisiana.*

**Objection**: None other than the general objections above.

45.     *Your authorization of an agent to receive service of process or notice of proceedings in Louisiana.*

**Objection**: None other than the general objections above.

46.     *Any lobbying performed by You or on Your behalf in Louisiana.*

**Objection**: None other than the general objections above.

47.     *Any losses that took place in Louisiana and related to which You sold insurance.*

**Objection**:

FCCI objects to any testimony related to specific claims but does agree to testimony related to gross claims payments for the relevant time frame.

17

This 16th day of August, 2010.

        Respectfully submitted,

        GOODMAN MCGUFFEY LINDSEY & JOHNSON, LLP
        Attorneys for FCCI COMMERCIAL INSURANCE
        COMPANY and FCCI INSURANCE COMPANY

        BY:    /s/ ROBERT M. DARROCH
                ROBERT M. DARROCH
                GA State Bar No.: 205490
                rdarroch@gmlj.com
                STEPHANIE F. GLICKAUF
                GA State Bar No.: 257540
                sglickauf@gmlj.com
                3340 Peachtree Road NE, Suite 2100
                Atlanta, GA 30326-1084
                Phone: (404) 264-1500
                Fax:   (404) 264-1737

                AND

        MOULEDOUX, BLAND, LEGRAND & BRACKETT, LLC

        By:    /s/ PATRICK E. COSTELLO
                PATRICK E. COSTELLO (#26619)
                pcostello@mblb.com
                JACQUES P. DeGRUY (#29144)
                jdegruy@mblb.com
                4250 One Shell Square
                701 Poydras Street
                New Orleans, Louisiana 70139
                Telephone: 504-595-3000
                Facsimile: 504-522-2121

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **DEFENDANTS FCCI COMMERCIAL INSURANCE COMPANY AND FCCI INSURANCE COMPANY'S OBJECTIONS TO PLAINTIFF ROBERT C. PATE'S AND PSC'S SCHEDULE OF TOPICS FOR 30(B)(6) DEPOSITION NOTICE CONCERNING JURISDICTION AND VENUE** has been served upon Plaintiff's Liaison Counsel, Russ Herman, and Defendant's Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6.

This 16th day of August, 2010.

BY:  /s/ Patrick E. Costello
     PATRICK E. COSTELLO (#26619)