UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **WENDY HUBBELL AND** * | **CIVIL ACTION NUMBER: 10-2064** |
| **CHRISTY CIMO** * | |
| * | **SECTION:** |
| **VERSUS** * | |
| * | **MAG:** |
| **TALLOW CREEK, L.L.C., SOUTHERN** * | |
| **HOMES, L.L.C., ABC INSURANCE** * | |
| **COMPANY, XYZ INSURANCE** * | |
| **COMPANY, INTERIOR EXTERIOR** * | |
| **BUILDING SUPPLY, LP, INTERIOR** * | |
| **INTERIOR EXETERIOR ENTERPRISES** * | |
| **SOUTH CORTEZ, LLC, GRAF'S** * | |
| **DRYWAL, LLC, FIRST FINANCIAL** * | |
| **INSURANCE COMPANY, BANKERS** * | |
| **INSURANCE COMPANY, WESTERN** * | |
| **WORLD INSURANCE COMPANY, AND** * | |
| **STATE FARM FIRE AND CASUALTY** * | |
| **COMPANY** * | |

*******************************************************************************

**MEMORANDUM IN SUPPORT OF MOTION TO REMAND**

This Memorandum is submitted on behalf of Plaintiffs, Wendy Hubbell and Christy Cimbo, in support of their Motion to Remand.

The Plaintiffs are homeowners who have discovered "Chinese Drywall" within their home, and who whereupon, filed a Petition in state court against (i) their builder (Southern Homes), (ii) the suppliers and installers of the drywall (currently unknown, but whose identity is being sought in discovery), and their homeowners insurance (State Farm).

Southern Homes is a Louisiana company.

State Farm nevertheless removed this case to federal court averring that §1332 jurisdiction is implicated because all other parties to the litigation aside from State Farm were fraudulently joined. They seek severance of their action pursuant to FRCP 21,

arguing that the State Farm case can be more efficiently and judiciously adjudicated in separate actions.

Plaintiffs contend the opposite.

First, State Farm is not fraudulently joined in the state court action because the Plaintiffs have brought the claims against all the parties in good faith, in accordance with the Louisiana Code of Civil Procedure, and not solely for the purposes of avoiding federal jurisdiction.

Second, and more importantly, the action against State Farm is closely connected to the actions against the other parties in the state action, and adjudication of the two matters separately, in two separate courts, would be prejudicial and burdensome for the Plaintiffs.

**Diversity Jurisdiction: In General**

Federal courts are courts of limited jurisdiction[1]. They possess only that power authorized by the Constitution and statutes, which is not to be expanded by judicial decree. *Id.* It is to be presumed that a cause lies outside of this limited jurisdiction, and that the burden of establishing the contrary rests upon the party-asserting jurisdiction. *Id*. Diversity jurisdiction of federal district courts is limited to those civil actions where the matter in controversy exceeds the sum or value of $75,000.00 and is between completely diverse citizens. 28 U.S.C. § 1332(a).

Here, we do not have completely diverse citizens. State Farm is attempting to drive a wedge between the tort and contractual claims and fabricate a diverse proceeding.

---

[1] *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 376 (1994)

**<u>State Farm Has Burden of Proof Regarding Fraudulent Joinder</u>**

None of the parties deny Plaintiffs are Louisiana citizens, State Farm has citizenship in Illinois and Southern Homes has Louisiana citizenship. State Farm is simply attempting to split the claims asserted against it so that it may achieve diversity, claiming Southern Homes is fraudulently joined.

In the *Capeheart-Creager Enterprises*[2] case, the court clarified that the burden of demonstrating fraudulent joinder rests with the party making the assertion, stating that the "[r]emoving defendant who claims fraudulent joinder must plead such with particularity and prove by clear and convincing evidence that joinder is fraudulent."

Interestingly, State Farm does not argue the claims against the Louisiana defendant(s) are fraudulent or unviable in support of its removal.   State Farm seeks removal claiming that the action against it is unrelated to the other actions.

The claim against State Farm is not unrelated to the underlying facts and law of the proceeding's other claims.   While State Farm will have distinct legal defenses in its quest to deny coverage, the underlying facts relevant to its argument will be:  (i) does the home have Chinese Drywall; (ii) how deep do the damages run; (iii) what exactly caused the damages; and (iv) are the damages a type that implicates coverage.

Plaintiff contends a judge or jury will ultimately be required to decide factually, and based upon expert testimony, *what exactly* caused the damages to the Plaintiffs' home and person.   The cause and factual circumstances of the "occurrence" will be at the center of the parties' arguments.

---

[2] *Capehart-Creager Enterprises, Inc. v O'Hara & Kendall Aviation, Inc.* (1982, WD Ark) 543 F Supp 259.

The case against the other non-diverse defendants in this state action is not secluded from this determination. To the contrary, a judge or jury will similarly be required to make factual determinations, based on the same expert testimony, to the cause and depth of the damages to Plaintiffs'' person and property to understand whether the builder, suppliers and installers have any liability to Plaintiffs.

Disregarding for the purposes of argument whether Plaintiffs have the procedural right to join these actions,[3] it: (i) makes sense for the proceeds to be joined; and (ii) may be a circumstance where joinder is required. After all, if the proceedings are separated, a factual determination in one of the proceedings runs may contradict the same factual determinations in another proceeding, and there is the chance that one action may be *res judicata* of the other.

Further, the Plaintiffs are not seeking two or three different judgments against the two or three different parties. Instead, the Plaintiffs are seeking one judgment against all the parties, who may be jointly and severally liable to it for the damages sustained.

**State Farm's Reliance on *Pena* is improper**

In its Notice of removal, State Farm heavily relies on *Pena*[4] (pg 4 ¶8 or Removal) to support its contention that that claims against State Farm action should be severed from the claims against the non-diverse Defendants. Not only is *Pena* only persuasive authority from the Eastern District of California, but also it is irrelevant and easily distinguished from this case.

---

[3] It does, and State Farm does not contend that the actions are unable to b joined.
[4] *Pena v. McArthur*, 889 F. Supp. 403 (E.D. Cal. 1994)

In *Pena,* the court decided a motion to dismiss based on FRCP 21, and not a removal/remand issue. In other words, the *Pena* court merely examined whether two claims were severable based on federal rules (FRCP 21). The issue of severability for the purposes of a removal/remand argument is the reverse of *Pena.*[5]

In fact, when *Pena* was cited in support of a removal argument similar to the argument at hand, a federal court in the Northern District of California rejected the same,[6] distinguishing *Pena* as follows:

> However, Pena considered the propriety of joinder under Federal Rule of Civil Procedure 20, which is significantly narrower than its state-law counterparts… State law recognizes both the potential for cross-claims and joinder in situations where federal law does not: where "a claim, right, or interest" links the new party with the existing lawsuit. Pena is thus inapposite.[7]

The *HVAC Sales, Inc.* reaffirmed that the Court's examination on a removal/remand argument is not whether two actions were joined properly under federal rules, but whether the action is joined properly under state court rules. Since state joinder rules

---

[5] See *Ross v. Citifinanical, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003), "Fraudulent joinder is established if the removing party can demonstrate (1) actual fraud in pleading jurisdictional facts; or (2) inability of plaintiff to establish a cause of action against non-diverse defendant." See also *HVAC Sales, Inc. v. Zurich Am. Ins. Group*, 2005 U.S. Dist. (N.D. Cal. July 25, 2005)

[6] *HVAC Sales, Inc. v. Zurich Am. Ins. Group*, 2005 U.S. Dist. (N.D. Cal. July 25, 2005)

[7] Within this quote, the court also compares FRCP 20 with the California Code of Civil Procedure as follows: "Compare Fed. R. Civ. P. 20(a) ("[a]ll persons . . . may be joined in one action as defendants if there is asserted against them . . . any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action) with Cal. Code Civ. P. § 428.10 (permitting cross-complaints that either "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" or involve "a claim, right, or interest in . . . property" in the underlying claims); and Cal. Code Civ. P. § 379 (permitting joinder of defendants "if there is asserted against them: (1) [a]ny right to relief jointly, severally or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions [*24] or occurrences . . . or (2) [a] claim, right, or interest adverse to them in the property or controversy which is the subject of the action").
"

were broader than their federal counterparts, and the actions were properly joined there, joinder was not "fraudulent."

The rules of procedure in Louisiana are similar to the California Code of Civil Procedure with respect to joinder. Specifically, the Louisiana rules are not as narrow as the federal rules.

La. C.C.P. art 641 sets forth the circumstances when parties must be joined,[8] and articles 647, 463 – 465 sets forth the circumstances when parties may be joined.

For the reasons express above in this Memorandum, there are factual and legal elements common to the actions asserted against both the diverse and non-diverse defendants. The joinder of the actions would survive scrutiny under a review of La. C.C.P. art 641, 647, and 463-365.

In addition to the Plaintiffs' arguments in this Memorandum that the joinder is proper, Plaintiffs' aver that State Farm has failed to demonstrate why the joinder under state authorities is improper, and has therefore failed to meet its burden in demonstrating that the joinder of the non-diverse defendant(s) in this case was fraudulent, or without merit.

---

[8] Art. 641. Joinder of parties needed for just adjudication
 A person shall be joined as a party in the action when either: (1) In his absence complete relief cannot be accorded among those already parties. (2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:
(a) As a practical matter, impair or impede his ability to protect that interest. (b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.

**<u>Fairness Precludes Severance</u>**

Finally, assuming that the *Pena* case was relevant to the facts at hand, the Plaintiffs assert that removal is still inappropriate because it is unfair. The court in *Pena,* analyzing the federal court rules for severance note that "Fairness is a critical consideration in determining whether severance is appropriate."[9]

Here, State Farm seeks to sever the action against it, remove it to federal court, and require the individual Plaintiffs to litigate in two different jurisdictions. State Farm being a sophisticated and well-funded corporation, and the Plaintiffs' being individuals severely damaged by the existence of Chinese Drywall damage to their home and person.

Requiring the individual Plaintiffs to litigate in two forums is over burdensome and unfair, and shifts an unfair advantage to the insurance Defendant.

While removal may present unfair issues to the Plaintiffs, remanding is not unfair at all to State Farm. State Farm is still entitled to file a Motion to Dismiss in that action, and assert all the arguments for dismissal that it makes herein. The only difference is that the Plaintiffs aren't requirement to separate their actions, rightly joined, and litigate the issues in two different forums.

**<u>Conclusion</u>**

Diversity Jurisdiction under 28 U.S.C. §1332 is not proper here even though the jurisdictional amount is met. The second requirement for Diversity is not met, which is complete diversity between parties exist. Here we have both the Plaintiffs and Southern Homes having domicile in Louisiana.

---

[9] *Pena*, Id.  See also *United Mine Workers of America v. Gibbs*, 383 US 715, 724 (1966).

State Farm attempts to sever the claims asserted against it from the alleged "underlying torts," but this is a hollow attempt to select the forum and create an unfair advantage over the individual Plaintiffs.  It's reliance on a persuasive *Pena* case is misplaced, and in the interest of judicial economy and as per the State and Federal Statutes governing disputes such as the instant matter, the case should be remanded back to the 22nd Judicial District Court where it can properly be adjudicated.

Plaintiffs pray that this Honorable Court remand this matter back to State Court and award all costs and attorney fees for this improper procedural maneuver, which has caused further delay and inconvenience to the Plaintiffs.

Respectfully Submitted,

 s/ Seth J. Smiley _____
WOLFE LAW GROUP, LLC
Scott G Wolfe Jr. (30122)
Seth J. Smiley (32693)
4821 Prytania Street
New Orleans, LA 70115
504-894-9653 * Fax: 866-761-8934
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**
I hereby certify that a copy of the foregoing pleading has been served on all counsel of record to this proceeding through the CM/ECF system that will send notice of an electronic filing to all counsel of record, and sent to same counsel via US First Class Mail postage prepaid or facsimile transmission, this 17 day of August, 2010.

s/ Seth J. Smiley_____
Seth J. Smiley