# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| This Document Relates to: | JUDGE FALLON |
| ROBERT C. PATE, as Trustee for the Chinese Drywall Trust v. AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, ET AL (2:09-cv-07791) (E.D. La.) | MAGISTRATE JUDGE WILKINSON |

## SCOTTSDALE INSURANCE COMPANY'S OBJECTIONS TO PLAINTIFF ROBERT C. PATE'S DEPOSITION TOPICS FOR CORPORATE REPRESENTATIVES

TO:   Plaintiff, Robert C. Pate
       Through his attorney of record
       Anna M. Piazza, Esq.
       Anderson Kill & Olick, P.C.
       1251 Avenue of the Americas
       New York, NY  10020

**NOW INTO COURT**, through the undersigned counsel, comes Scottsdale Insurance Company ("Scottsdale") and makes the following objections to Plaintiff's Deposition Topics for Corporate Representatives sent to Scottsdale on August 9, 2010.

As a preliminary matter, whether the Court has personal jurisdiction over Scottsdale in this case is not at issue in any motion filed by Scottsdale or any other party. Notwithstanding the lack of a need for discovery on jurisdictional issues as to Scottsdale, Scottsdale agrees to make a corporate representative available for deposition on September 8, 2010, September 14, 2010 and September 15, 2010 in Scottsdale, Arizona. Scottsdale is not amenable to conducting the deposition of its corporate representative in New Orleans, Louisiana.

## GENERAL OBJECTIONS

Scottsdale makes the following general objections to Plaintiff's Deposition Topics for Corporate Representatives ("Deposition Topics"). Scottsdale also incorporates all general objections made in its Responses to Plaintiff's Interrogatories and Requests for Production of Documents filed on July 29, 2010.

1. Scottsdale objects to the definitions for Plaintiff's Deposition Topics to the extent that the definitions in any way deviate from and/or expand upon obligations, duties, or requirements beyond those required and/or permitted by the Federal Rules of Civil Procedure.

2. Scottsdale objects to each and every Deposition Topic to the extent that it seeks information, mental impressions, conclusions, opinions or legal research or theories of any attorney or other representative of Scottsdale, which were prepared in anticipation of litigation, and/or which are protected by the attorney-client privilege, joint defense privilege and/or the work-product doctrine, and/or which is otherwise not subject to discovery. Scottsdale asserts each and every one of the foregoing privileges and protections applicable to the information sought to the fullest extent provided by law. Inadvertent disclosure of such information shall not constitute a waiver of any privilege, any other bases for objecting to disclosure, or the right of Scottsdale to object to the use of any information inadvertently disclosed.

3.     Scottsdale objects to each and every Deposition Topic to the extent that it seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence and which is generally outside the scope of permissible discovery pursuant to the applicable rules of the Federal Rules of Civil Procedure.

4.     Scottsdale objects to the Deposition Topics on the grounds that such topics are vague, ambiguous, overly broad, unduly burdensome, oppressive, vexatious, and seek irrelevant information.

5.     Scottsdale objects to each and every Deposition Topic to the extent that it seeks information constituting trade secrets, or other confidential, research, development, commercial, financial and/or proprietary information.

6.     Scottsdale objects to each and every Deposition Topic to the extent that it seeks information concerning claims other than those at issue in this litigation.

7.     Scottsdale objects to each and every Deposition Topic to the extent that it is vague, ambiguous, overly broad, unduly burdensome, vexatious, and/or intended solely for the purpose of harassment.

8.     Scottsdale objects to each and every Deposition Topic to the extent that it seeks information covering individuals and/or entities not parties to this action and the disclosure of which would violate the confidentiality and privacy of individuals or entities not parties to this lawsuit.

9.     Scottsdale objects to each and every Deposition Topic to the extent that it seeks information that is already within the knowledge and/or possession of Plaintiff and/or his representatives.

## SPECIFIC OBJECTIONS

Scottsdale makes the following specific objections to the Deposition Topics.  Scottsdale also incorporates all specific objections made in its Responses to Plaintiff's Interrogatories and Requests for Production of Documents filed on July 29, 2010.

1.     Scottsdale objects to Deposition Topics 1- 47 on the basis that they seek information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

2.     Scottsdale objects to Deposition Topics 1- 47 because they are overly broad, unduly burdensome, vexatious, and/or intended solely for the purpose of harassment.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:     */s/ **Virginia Y. Trainor***
H. Alston Johnson III, Bar Roll No. 7293
Virginia Y. Trainor, Bar Roll No. 25275
II City Plaza
400 Convention Street • Suite 1100
Baton Rouge, Louisiana 70802-5618
P.O. Box 4412
Baton Rouge, Louisiana 70821-4412
Telephone: (225) 346-0285
Telecopier: (225) 381-9197
Email:  johnsona@phelps.com
           trainorg@phelps.com

AND

Jay Russell Sever, Bar Roll No. 23935
Charlotte Jane Sawyer, Bar Roll No. 28493
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130

                Email: severj@phelps.com
                            sawyerc@phelps.com

**ATTORNEYS FOR DEFENDANT
SCOTTSDALE INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6 on this 16th day of August , 2010.

                /s/ *Virginia Y. Trainor*
                Virginia Y. Trainor,
                Louisiana Bar Roll No. 25275
                II City Plaza
                400 Convention Street • Suite 1100
                Baton Rouge, Louisiana 70802-5618
                P.O. Box 4412
                Baton Rouge, Louisiana 70821-4412
                Telephone: (225) 346-0285
                Telecopier: (225) 381-9197
                trainorg@phelps.com