U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED  AUG 9 2010

LORETTA G. WHYTE
CLERK

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Aug 09, 2010

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION                    MDL No. 2047

## ORDER VACATING CONDITIONAL TRANSFER ORDER

**Before the entire Panel**: Mid-Continent Casualty Company, the plaintiff in the four actions listed on Schedule A, moves, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate our order conditionally transferring the actions to the Eastern District of Louisiana for inclusion in MDL No. 2047. The responding defendants[1] in these actions oppose the motion to vacate.

Section 1407 focuses on convenience for the involved parties and witnesses as well as judicial efficiencies in cases with common questions of fact. Centralization of insurance litigation with the underlying claims will always depend on the particular facts and circumstances of the litigation. Here, we have decided not to transfer the cases at issue in this motion.

These cases have a common factual backdrop involving the general circumstances of imported Chinese drywall and the damage it is alleged to have caused; however, the cases appear to present strictly legal questions that require little or no centralized discovery. Different circumstances could create a stronger case for transfer. Where insurance coverage actions require and rely on the same factual discovery as the underlying tort actions, transfer may be warranted. That does not appear to be true here and is an important consideration in the Panel's decision to vacate the conditional transfer order for these cases.

The declaratory judgment actions related to the use of Chinese-manufactured drywall may implicate similar legal issues, but while consistent legal rulings are often a thankful by-product of centralization, Section 1407 does not, as a general rule, empower the Panel to transfer cases solely due to the similarity of legal issues. The insurance coverage questions in these cases are likely to be decided by an application of the complaint to the policy language under the applicable state law,

---

[1] The responding defendants are Centerline Homes, Inc., Centerline Homes Construction, Inc., Completed Communities II, LLC, and Centerline Homes at Georgetown, LLC; Lennar Corp., Lennar Homes LLC and U.S. Home Corp.; Northstar Holdings, Inc., Northstar Homes, Inc., and Northstar Holdings at B&A, LLC; and Robert C. Pate, as trustee for the Chinese Drywall Trust of the now-bankrupt WCI Communities, Inc.

___ Fee____
___ Process____
_X_ Dktd____
___ CtRmDep____
___ Doc. No.____

-2-

and the insurance company that might benefit the most from the efficiencies of centralization opposes transfer of these cases. In these circumstances, the similarity of legal issues alone is not enough to justify transfer.

Transfer of these insurance actions and other similar actions could also provide the transferee court with greater leverage within the inevitable settlement discussions. As with consistent legal rulings, settlement of multidistrict litigation is a sometime by-product, not a statutory rationale, for transfer under Section 1407. Settlement of the underlying products liability claims can proceed and the parties can engage in settlement discussions regardless of the pendency of these declaratory judgment actions in other courts.

For all of these reasons, the Panel concludes that inclusion of these actions in MDL No. 2047 would not achieve sufficient conveniences or other benefits to justify transfer under 28 U.S.C. § 1407.

IT IS THEREFORE ORDERED that the Panel's conditional transfer order designated as "CTO-18" is vacated.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | Barbara S. Jones |

IN RE: CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION                    MDL No. 2047

## SCHEDULE A

Middle District of Florida

Mid-Continent Casualty Co. v. Robert C. Pate, et al., C.A. No. 2:10-121

Southern District of Florida

Mid-Continent Casualty Co. v. Centerline Homes Construction, Inc., et al.,
   C.A. No. 0:10-60484
Mid-Continent Casualty Co. v. Design Drywall of South Florida, LLC, et al.,
   C.A. No. 1:10-20861
Mid-Continent Casualty Co. v. Precision Drywall, Inc., et al., C.A. No. 9:10-80457