IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LITIGATION | * * * | MDL NO. 2047 |
| | * | SECTION: "L" |
| THIS DOCUMENT RELATES TO: Dean and Dawn Amato, et al vs. Residential Drywall, Inc., et al | * * * * | |
| | * | JUDGE FALLON |
| Case No. 10-0932, Sect. L MAG 2 | * * | MAG. JUDGE WILKINSON |

**************************************************

## DEFENDANT, RESIDENTIAL DRYWALL, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION

Defendant, RESIDENTIAL DRYWALL, INC. (hereafter "RESIDENTIAL"), through special appearance of its undersigned counsel, hereby moves to dismiss this action against RESIDENTIAL for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12 (b) (2) and in support thereof states as follows:

1. On May 11, 2010, Plaintiffs, DEAN AND DAWN AMATO, individually, and on behalf of all others similarly situated, filed an Amended Complaint ("hereafter Amended Complaint") against multiple Defendants, including RESIDENTIAL.

2. The Amended Complaint demands judgment and asserts causes of action against RESIDENTIAL.

3. RESIDENTIAL is a Florida corporation with its principal place of business in Florida. This is admitted by Plaintiffs in the Amended Complaint. RESIDENTIAL never transacted

1

business in Louisiana, does not maintain an office or agent in Louisiana, does not own property in Louisiana, has not breached any contract or committed any tort in Louisiana and has not otherwise conducted itself in any manner that would give rise to personal jurisdiction over RESIDENTIAL by a court in Louisiana. (See Affidavit of Kim Sheet, attached hereto as Exhibit "A").

4. This Court lacks personal jurisdiction over RESIDENTIAL because Louisiana's long- arm statute, La. R.S. 13:3201(B), does not reach this nonresident Defendant and because the exercise of personal jurisdiction over this non-resident Defendant would violate the Due Process Clause of the United States Constitution.

5. There is no basis for the exercise of personal jurisdiction over RESIDENTIAL in Louisiana. Because there is no connection between RESIDENTIAL and the State of Louisiana to justify this Court's exercise of jurisdiction over RESIDENTIAL under Louisiana's log-arm statute or constitutional due process requirements, the Amended Complaint must be dismissed for lack of personal jurisdiction.

6. A federal court sitting in diversity may exercise personal jurisdiction over a non-resident defendant only if two requirements are satisfied: (1) the forums state's long-arm statute confers personal jurisdiction; and (2) the exercise of jurisdiction does not exceed the boundaries of Due Process. *See Seiferth v. Helicopters Atuneros, Inc.,* 472 F.3d 266, 270 (5th Cir. 2006).

7. Louisiana's long arm statute, La. R.S. 13:3201(B), provides that a Louisiana court "may exercise personal jurisdiction over a non-resident on any basis consistent with ... the Constitution of the United States." Because the limits of Louisiana's long-arm statute are

co-extensive with the limits of constitutional due process, the inquiry is simply whether this Court's exercise of jurisdiction over RESIDENTIAL would offend due process. *See Luv N' Care, LTD v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006); *see also Electrosource, Inc. V. Horizon Battery Techs, Ltd.*, 176 F.3d 867, 871 (5th Cir. 1999).

8. The Due Process Clause limits the Court's power to assert personal jurisdiction over a non-resident Defendant. *See Helicoperos Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 413-14 (1994). The Due Process inquiry is two-fold. First, the Court must establish whether RESIDENTIAL, a non-resident defendant, has the requisite minimum contacts with Louisiana, the forum state. *See Lub N' Care*, 438 F.3d at 469 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). Second, the Court must determine whether exercising personal jurisdiction over RESIDENTIAL would violate "traditional notions of fair play and substantial justice." *Int'l Shoe Co.*, 326 U.S. at 310. For the following reasons, the Due Process inquiry clearly demonstrates that the Court lacks the power to assert personal jurisdiction over RESIDENTIAL.

9. The minimum contacts test takes two forms and the constitutional limitations on the exercise of personal jurisdiction differ depending on whether a court seeks to exercise general or specific jurisdiction over the defendant. However, in this case, the Court clearly lacks the power to exercise either general or specific jurisdiction over RESIDENTIAL because it has no contacts with Louisiana.

10. The Court may exercise specific jurisdiction over a non-residential defendant "in a suit arising out of or related to the defendant's contacts with the forum." *Seifterth*, 472 F.3d at 271 (citing *Hellicopteros Nacionales de Columbia*, 466 U.S. at 413-14. The Fifth Circuit

articulated a three-step personal jurisdiction inquiry:

> (1) whether the Defendant has minimum contacts with the forum state ... whether [he] purposely directed [his] activities toward the forum state or purposely availed [himself] of the privileges of conducting activities there;
>
> (2) whether the Plaintiffs' cause of action arises out of or results from the defendant's forum-related contacts; and
>
> (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) and *Nuovo Pignone v. STORMAN ASIA M/V*, 310 F.3d 374 (5th Cir. 2002)).

11. The first prong of the analysis requires that Plaintiffs establish that RESIDENTIAL purposefully availed itself of the privilege of conducting activities in Louisiana, thus invoking the benefits and protections of Louisiana's laws. *Jones v. Petty-Ray Geophysical*, 954 F.2d 1061, 1086 (5th Cir. 1992) (quoting *Hanson v. Denckla*, 375 U.S. 235 (1958)). This prong is the constitutional touchstone for the exercise of personal jurisdiction. *See Asahi Medal Indus. Co., Ltd. v. Super. Ct. Of Calif., Solano Colorado*, 480 U.S. 102, 108-09 (1987).

12. Plaintiffs have not and cannot establish the first prong of the analysis. RESIDENTIAL is not registered to do business in Louisiana. RESIDENTIAL does not have any office or employees in Louisiana. RESIDENTIAL does not own any property in Louisiana. (See Affidavit of Kim Sheets, attached hereto as Exhibit "A"). Moreover, none of the claims raised against RESIDENTIAL relate in any way whatsoever to Louisiana. To this end, RESIDENTIAL maintains that any contracts entered into concerning residences referenced in the Amended Complaint were negotiated and performed in Florida, not Louisiana. As

such, Plaintiffs have failed to establish that RESIDENTIAL purposefully availed itself of the privilege of conducting business in Louisiana; and therefore, the Court cannot exercise specific jurisdiction over RESIDENTIAL.

13. To satisfy the second prong of the analysis, Plaintiffs' causes of action must arise out of or relate to RESIDENTIAL's forum-related contacts. Plaintiffs, however, have not and cannot establish that any of their causes of action (asserted against RESIDENTIAL) arise out of or relate to RESIDENTIAL's conduct in Louisiana. RESIDENTIAL simply has no contact whatsoever with Louisiana.

14. The underlying basis for this class-action lawsuit is allegedly defective drywall material used in the construction of certain residences. Yet, none of the residences allegedly involving RESIDENTIAL encompassed by this action are located in Louisiana. Moreover, RESIDENTIAL is not even registered to do business in Louisiana. RESIDENTIAL does not have any offices or employees in Louisiana, nor does it own property in Louisiana. As RESIDENTIAL has no contact whatsoever with Louisiana, none of the Plaintiffs' tort-based causes of action arise out of or relate to RESIDENTIAL's forum-related contact, because such contacts are non-existent.

15. In addition, Plaintiffs assert several contract claims against RESIDENTIAL. In contract cases, the Fifth Circuit looks to contemplated future consequences of the agreement and the actual course of dealing between the contracting parties. *Dickson Marine, Inc. v. Panalina, Inc.*, 179 F.3d 331, 337 (5th Cir. 1999). None of the listed class members alleged to relate to RESIDENTIAL had anything to do with Louisiana.

16. In light of the fact RESIDENTIAL has no contact with the state of Louisiana, Plaintiffs have

not and cannot establish that their causes of action arise out of or relate to RESIDENTIAL's "forum-related contacts."

17. Lastly, the analysis requires that the exercise of personal jurisdiction over the non-resident is fair and reasonable. Plaintiffs have not and cannot establish this third prong of the personal jurisdiction analysis because exercising personal jurisdiction over RESIDENTIAL is anything but fair and reasonable. Under the reasonableness prong, the exercise of personal jurisdiction is only reasonable if it does not offend "traditional notions of fair play and substantial justice." *Latshaw v. Johnson*, 167 F.3d 211 (5th Cir. 1999).

18. In reaching its decision, the Court must consider the burden on RESIDENTIAL. *See World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 292 (1980). RESIDENTIAL is being hauled into a court that is located far from its place of business and where it has no minimum contacts. In addition, if this lawsuit were allowed to proceed in Louisiana, most, if not all of the critical witnesses, along with all of the physical evidence and related documents are located in Florida. In light of the foregoing it would be unreasonable and unfair to force RESIDENTIAL, a Florida corporation, to litigate in Louisiana.

19. The sole focus on a general jurisdiction inquiry is whether there are any continuous and systematic contacts between RESIDENTIAL and the State of Louisiana. *Dickson Marin, Inc.*, 179 F.3d at 339. The Fifth Circuit has found that the continuous and systematic test "is a difficult one to meet, requiring extensive contacts between a defendant and a forum."

20. As RESIDENTIAL has no contacts whatsoever with the State of Louisiana, an exercise of general jurisdiction over RESIDENTIAL offends the Due Process Clause. As previously stated, RESIDENTIAL is a Florida Corporation with its principal place of business in

Florida. RESIDENTIAL is not licensed or registered to do business in Louisiana, and it has no offices, employees, property, bank accounts, or other resources in the State. In fact, RESIDENTIAL has never worked on a residence in Louisiana. RESIDENTIAL has not had any contracts or subcontracts with companies located in Louisiana. On these facts, no case can be made that RESIDENTIAL, with its non-existent contacts, has the "continuous and systematic" contacts required for general jurisdiction. *See generally Helicopero Nacionales de Columbia*, S.A., 446 U.S. at 408.

21. Courts consider several factors when making a fair play and substantial justice analysis: "(1) the burden on the non-resident defendant, (2) the forum state's interests, (3) the Plaintiff's interest in securing relief ..." *Luv N' Care, Ltd.*, 438 F.3d at 473. Fairness dictates the dismissal of the Amended Complaint as to RESIDENTIAL. RESIDENTIAL is a Florida corporation with its principal place of business in Florida. It is not license or registered to do business in Louisiana and it has no offices, employees, property, bank account or other resources in this State. It would be a very heavy and unreasonable burden on RESIDENTIAL to be forced to litigate this action in Louisiana. In addition, Louisiana's interest as a forum, in adjudicating this action against RESIDENTIAL is tenuous at best, where neither RESIDENTIAL nor the causes of action asserted against it have any connection with Louisiana. Therefore, exercising personal jurisdiction over RESIDENTIAL would violate notions of fair play and substantial justice.

22. For the foregoing reasons, adjudicating this dispute against RESIDENTIAL in Louisiana violates the minimum contacts required to fulfill due process and impedes any notion of "fair play and substantial justice." As such, pursuant to Federal Rule of Civil Procedure 12 (b)

(2), Plaintiffs' Amended Complaint must be dismissed against RESIDENTIAL for lack of personal jurisdiction.

WHEREFORE, Defendant, RESIDENTIAL DRYWALL, INC., respectfully requests that its Motion be GRANTED, and that this Court enter an Order dismissing the instant action as to RESIDENTIAL and awarding to this Defendant such other and further relief as this Court deems just and proper under the circumstances.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT has been served on Plaintiffs' Liaison Counsel, Russ Herman (drywall@hhkc.com), and Defendants' Liaison Counsel, Kerry Miller (kmiller@frilot.com), by U.S. Mail, email, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the USDC for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 18th day of August , 2010.

                                  SELLARS, MARION & BACHI, P.A.
                                Attorneys for Residential Drywall, Inc.
                                811 North Olive Avenue
                                West Palm Beach, FL 33401
                                Telephone: (561) 655-8111
                                Facsimile: (561) 655-4994

By:     /s/ Jeremy D. Bertsch
           Florida Bar No.: 0043308