**22nd JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. TAMMANY**

**STATE OF LOUISIANA**

No. 2010-11834   DIVISION "E"

**JOSHUA C. PRICE AND KIMBERLEA PRICE**

-VERSUS-

**USAA CASUALTY INSURANCE COMPANY**

FILED:_____   _____
                                                    **DEPUTY CLERK**

**PETITION FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, come Plaintiffs Joshua C. Price and Kimberlea Price, who, for their Petition for Damages respectfully state as follows:

1.

Plaintiffs Joshua C. Price and Kimberlea Price are persons of full age and majority, domiciled in the Parish of St. Tammany, State of Louisiana, residing at 117 Rue Merlot Street, Abita Springs, Louisiana, 70420.

2.

Defendant USAA Casualty Insurance Company is a Louisiana insurance corporation authorized to do and is doing business in Louisiana, located in Baton Rouge, Louisiana.

3.

Venue is proper in this Court pursuant to articles 74, 76 and 76.1 of the Louisiana Code of Civil Procedure.

4.

Plaintiffs purchased a homeowners insurance policy from Defendant, providing coverage for, among other things, their dwelling, contents and loss of use of the property.

5.

The policy issued to Plaintiffs by Defendant provides coverage for the dwelling in the amount of $175,000.00, for contents in the amount of $132,750.00, and for loss of use in an amount of $35,400.00.

6.

In the Fall of 2009, Plaintiffs discovered that their home was constructed using Chinese manufactured drywall, which caused and continues to cause physical loss and damage to

Exhibit "A"

Plaintiffs' home and contents. The Chinese drywall emits odorous gases that cause corrosion of air-conditioner and refrigerator coils, copper tubing, electrical wiring, computer wiring and other household items and causes personal injury to Plaintiffs and their family.

7.

Plaintiffs' policy issued by Defendant is an all-risk policy, providing coverage for all risks of direct physical loss or damage to the home, contents and other permanent structures unless an exclusion applies.

8.

On or around November, 2009, Plaintiffs, through undersigned counsel, provided notice of Plaintiffs' claim relating to the presence of Chinese drywall in Plaintiffs' home to the Defendant.

9.

Plaintiffs further provided notice of their intent to perform interim remediation repairs by having the Chinese drywall and any other damaged or destroyed components removed.

10.

On or about November, 2009, Defendant's adjuster and Defendant's engineer inspected Plaintiffs' home, met with Plaintiff, took photographs of the damage to Plaintiffs' home and took samples of the Chinese drywall. Defendant's engineer's report confirmed the presence of Chinese drywall in Plaintiffs' home and further confirmed that the Chinese drywall was the cause of the sulphur odor and corrosion of Plaintiffs' copper wiring.

11.

On or around December, 2009, Defendant notified Plaintiffs that it was denying coverage for Plaintiffs' damage caused by the Chinese drywall.

12.

Plaintiffs have complied with all of their obligations under the policy.

13.

A valid contract of insurance exists between Plaintiffs and Defendant providing coverage for the loss and damage caused by the Chinese drywall.

14.

Plaintiffs have paid all premiums due under their policy of insurance with Defendant and

have materially performed their obligations under the policy.

**15.**

The damage and loss sustained by Plaintiffs was caused by the presence of Chinese drywall in Plaintiffs' home; yet, Defendant has failed to meet its obligations under the policy of insurance and has failed and/or refused to cover the loss sustained by Plaintiffs.

**16.**

Defendant has breached its policy by unjustifiably denying Plaintiffs' claim for covered damages.

**17.**

As a direct and proximate result of the breach by Defendant, Plaintiffs were deprived of the benefit of insurance coverage for which Defendant was paid substantial premiums, and, accordingly, Plaintiffs have suffered and will suffer substantial economic damage, particularly associated with their remediation efforts.

**18.**

Defendant breached its duty of good faith and fair dealing that it owes to Plaintiffs in denying Plaintiffs' claim.

**19.**

Defendant misrepresented the policy provisions, including the exclusions, in denying Plaintiffs' claim under the policy.

**20.**

Defendant violated La. R.S. 22:1973 and La. R.S. 22:1892 by failing to properly adjust and pay Plaintiffs' claim.

**21.**

Plaintiffs demand a trial by jury.

**WHEREFORE**, Plaintiffs Joshua C. Price and Kimberlea Price respectfully pray that their Petition for Damages be deemed good and sufficient, and that Defendant USAA CASUALTY INSURANCE COMPANY be duly served and cited with a copy of this Petition for Damages and that it be made to appear and answer same within the delays allowed by law, and that after all due and legal proceedings are had herein, for the reasons set forth herein, that there be judgment entered in favor of Plaintiffs Joshua C. Price and Kimberlea Price and against

Defendant USAA CASUALTY INSURANCE COMPANY in an amount that is reasonable under the premises, and together with all costs of these proceedings, for penalties and attorney fees, for legal interest from the date of judicial demand until paid, and for all general and equitable relief.

Respectfully submitted,

Jeffrey P. Berniard   (Bar Roll 29088)
Berniard Law
643 Magazine St., Suite 402
New Orleans, LA. 70130
(504) 527-6225 (Phone)
(504) 617-6300 (Fax)
Jeffberniard@laclaim.com
Attorney For: Mr. and Mrs. Price

**PLEASE SERVE:**

USAA CASUALTY INSURANCE COMPANY
through its agent for service of process
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA. 70809

4