UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL DOCKET: 2047<br><br>SECTION: L<br><br>JUDGE FALLON<br><br>MAGISTRATE JUDGE WILKINSON |

THIS DOCUMENT RELATES TO:
DEAN AND DAWN AMATO, ET AL. V. LIBERTY MUTUAL INSURANCE CO., ET AL.,
CASE NO. 10-cv-0932

## DEFENDANT, BANNER SUPPLY CO. PORT ST. LUCIE, L.L.C.'S, MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT

### I.

### BACKGROUND

Defendant, BANNER SUPPLY CO. PORT ST. LUCIE, L.L.C. ("Banner")[1], files its Memorandum in Support of its Motion to Dismiss Plaintiffs' Omnibus Class Action Complaint (IV) (the "Complaint") filed by Plaintiffs, DEAN AMATO and DAWN AMATO, et al. ("Plaintiffs"). For the reasons stated herein, Banner's Motion should be granted.

On March 19, 2010, Plaintiffs, as class members of various National Class Actions, filed this subordinated class action asserting, among other things, declaratory relief pursuant to 28 U.S.C. § 2201 against various insurance company defendants requiring coverage, as well as a direct action against distributors, suppliers, including Banner, importers, exporters, brokers, builders, developers, contractors and installers pursuant to Louisiana Revised Statute 22:1269. See Complaint at Page 2.

---

[1] Upon information and belief, the named Banner entity may not be the proper party to these proceedings and Banner reserves its rights to file an appropriate motion at the appropriate time.

Plaintiffs allege that Banner "is an importer, exporter, distributor or supplier or broker of drywall and related building products that engaged in these practices, which resulted in harm and damages to Subclass members." See Complaint at ¶476. Plaintiffs fail, however, to allege what "practices" Banner allegedly engaged in, nor do Plaintiffs specify in what capacity Banner allegedly engaged in such undefined "practices." See Complaint. The Complaint is devoid of any allegations establishing that Banner delivered allegedly defective Chinese manufactured drywall to any of the Plaintiffs addresses enumerated in Paragraphs 6 through 378 of the Complaint. In fact, the Complaint is devoid of a single allegation that Banner sold any one of the enumerated Plaintiffs the allegedly defective Chinese manufactured drywall contained in their homes. See Complaint.

What is clear is that Banner conducted business solely from Port St. Lucie, Florida. As evidenced by the Affidavit of Scott Giering (the "Affidavit"), Banner's Comptroller, a true and correct copy of which is attached hereto as Exhibit "A" and specifically incorporated herein by reference, Banner never conducted business from any location outside of Port St. Lucie, Florida. See Exhibit "A." Banner's business records reflect that Banner never sold or delivered any drywall to any person or entity in Louisiana. See Exhibit "A." Moreover, the Affidavit establishes that:

1. Banner has never sought a business license, nor has Banner been licensed to conduct business in Louisiana;

2. Banner has never maintained a business listing, telephone number, or business address in Louisiana;

3. Banner has never owned any real property in Louisiana;

4. Banner has never maintained or operated any factories, warehouses, or offices in Louisiana;

5. Banner has never advertised its business in Louisiana;

6. Banner has never marketed, nor has Banner promoted the sale of any products in Louisiana; and

2

7.     Banner has never maintained a bank account in Louisiana.

## II.

### CHOICE OF LAW

Plaintiffs have invoked federal jurisdiction. See Complaint at ¶¶ 1 and 2. Accordingly, this Court must apply the substantive law of Louisiana and federal procedural law. *Erie RR Co. v. Tomkins*, 304 U.S. 64, 78-79 (1938); *Hanna v. Plumer*, 380 U.S. 460, 473 (1965). State substantive law includes Louisiana's choice of law principles. *Klaxon v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941).

This Court has previously held that actions filed directly in the MDL in Louisiana "by citizens who reside in the MDL court's judicial district ... would have been filed [in Louisiana] whether or not an MDL existed in [Louisiana]. In these cases, the MDL court must apply its own state law, that is, the law of the state in which it sits. It is undisputed that the MDL court has complete authority over every aspect of these cases." *In re Vioxx Products Liability Litigation*, 478 F.Supp. 2d 897, 903 (E.D. La. 2007). Therefore, Louisiana law applies to this case.[2]

## III.

### STANDARD ON MOTION TO DISMISS

When considering a motion to dismiss pursuant to Rules 12(b)(2) and 12(b)(6), Fed.R.Civ.P., the Court must consider the allegations contained in the complaint as true, unless those allegations are controverted by the defendant's affidavit. *Thomas v. Kennedy*, 75 Fed. Appx. 281, 283-4 (5th Cir. 2003) (unpublished) (citing *Asarco, Inc. v. Glenara Ltd.*, 912 F. 2d 784, 785, (5th Cir. 1990) (emphasis added)).

---

[2] Even if Florida law applied, Plaintiffs' claims against Banner must be dismissed for lack of personal jurisdiction since the Long Arm Statutes of both Louisiana and Florida extend due process to the fullest extent permitted by federal due process. *Davis v. Dempster*, 790 So. 2d 43, 46 (La. App. 2000) writ denied 785 So. 2d 830 (La. 2001); *See Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989). See e.g. *In re Bausch & Lomb, Inc.*, 2007 WL 3046682 at *3 (D.S.C. Oct. 11, 2007) in which the court did not determine which substantive law applied, because there was no conflict among the states. *Id.* at *3.

## IV.

## THIS ACTION SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

*A.*

*Louisiana's Long-Arm Statute and Federal Law Require the Complaint to be Dismissed*

"In diversity actions ... the law of the forum state, subject to the Constitutional limits imposed by the Due Process Clause, controls the ability of a district court to exercise personal jurisdiction over nonresident defendants." *Harper Macleod Solicitors v. Keaty & Keaty*, 260 F. 3d 389, 396 (5th Cir. 2001) (citing *Southmark Corp. v. Life Investors, Inc.*, 851 F. 2d 763, 722 n. 15 (5th Cir. 1988); *Stuart v. Spademan*, 722 F. 2d 1158 (5th Cir. 1985)).

The Louisiana Long-Arm Statute, La. R.S. 13:3201(A) and (B), describes the following circumstances under which a Louisiana court may exercise personal jurisdiction over a nonresident defendant such as Banner:

> A.  A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
>
> (1) Transacting any business in this state.
>
> (2) Contracting to supply services or things in this state.
>
> (3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.
>
> (4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.
>
> B.  In addition to the provision of Subsection A, <u>a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the Constitution of this state</u>

4

and of the Constitution of the United States. (emphasis added)

La. R.S. 13:3201(B) ensures that the long-arm jurisdiction of a Louisiana court extends only to the limitations allowed by the Due Process Clause of the Fourteenth Amendment. *Superior Supply Co. v. Associated Pipe and Supply Co.*, 515 So. 2d 790, 792 (La. 1987). In *Superior Supply*, the court opined that under "the express terms of the present long-arm statute, the sole inquiry into jurisdiction over a nonresident is a one-step analysis of the constitutional due process requirements. If the assertion of jurisdiction meets the constitutional requirements of due process, jurisdiction is authorized under the long-arm statute." *Id.* (citing *Petroleum Helicopters, Inc. v. Avco Corp.*, 513 So. 2d 1188, 1192 (La. 1987); *see also Puckett v. Advance Sports, Inc.*, No. 2009 CA 0507, 2009 WL 3430283 (La. App. 1 Cir. October 26, 2009) at 4; *Thomas v. Kennedy, supra*, 75 Fed. Appx. at 283.

B.

*Banner is Not Subject to this Court's Jurisdiction because Banner does not have the Requisite Minimum Contacts with Louisiana and Requiring Banner to Defend this Lawsuit In Louisiana Violates Traditional Notions of fair Play and Substantial Justice*

A non-resident defendant, such as Banner, is not subject to the jurisdiction of this Court unless it has sufficient "minimum contacts" with the State of Louisiana, and the maintenance of the lawsuit will not offend "traditional notions of fair play and substantial justice." *Dalton v. R&M Marine, Inc.*, 897 F. 2d 1359, 1361 (5th Cir. 1990) (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)); *LaRocca's Auto Sales Floorplan, Inc. v. Shelton*, No. 09-CA-143 2009 WL 3447606 at *2, (La. App. 5th Cir. Oct. 27, 2009). Accordingly, there are two components to the due process test; they are "minimum contacts" and "traditional notions of fair play and substantial justice." *Asarco, Inc. v. Glenara Ltd.*, 912 F. 2d 784, 786 (5th Cir. 1990).

5

*i.*

*Banner Does not Have Sufficient Minimum Contacts with Louisiana
Since Banner, Among Other Things, has not Purposefully Availed
Itself of the Privilege of Conducting Business
Activities In Louisiana*

Banner does not have the requisite minimum contacts with Louisiana because Banner has not purposefully availed itself of the privilege of conducting business in Louisiana. See Affidavit attached hereto as Exhibit "A" and specifically incorporated herein by reference. In order for this Court to exercise personal jurisdiction over Banner, Banner must have purposefully established "minimum contacts" with Louisiana such that Banner could reasonably anticipate being hauled into court in Louisiana. *Id.* at 786. *Asarco, Inc. v. Glenara Ltd., supra*, 912 F. 2d at 786 (citing *Ashahi Metal Industry Co. v. Superior Court of California*, 489 U.S. 102, 107 (1987); *Gulf Consolidated Services v. Corinth Pipeworks, S.A.*, 898 F. 2d 1071 (5th Cir. 1990)). There is no evidence of such minimum contacts here. See Affidavit attached hereto as Exhibit "A" and specifically incorporated herein by reference.

The United States Supreme Court has held:

> [i]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus evoking the benefits and protections of its laws.

*Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). This 'purposeful availment' requirement ensures that a defendant, such as Banner, will not be haled into court into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or by the unilateral activity of another party or a third person." *Puckett v. Advance Sports, supra*, at 4, citing *de Reyes v. Marine Mgt and Consulting*, 586 So. 2d 103, 106 (La. 1991); *Alonso v. Line*, 846 So. 2d 745 (La. 2003) cert. denied, 540 U.S. 967 (2003); *Burger King Corporation v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1985); *Worldwide Volkswagen Corp. v. Woodson*,

6

444 U.S. at 286, 299 (1980)). This is precisely what Plaintiffs are attempting to do by virtue of their Complaint.

The Affidavit clearly establishes that Banner has not purposefully availed itself of the privilege of doing business in Louisiana. See Affidavit attached hereto as Exhibit "A" and specifically incorporated herein by reference. In fact, the Affidavit, which is undisputed, establishes: (1) Banner is a Florida corporation, and its place of business was in Port St. Lucie, Florida; (2) Banner is a building material supplier that has never had a location outside of Port St. Lucie, Florida; (3) Banner has never sold or delivered drywall to any person or entity in Louisiana; (4) Banner has never sought a business license in Louisiana; (5) Banner has never been licensed to conduct business in Louisiana; (6) Banner has never maintained a business listing, telephone number, or business address in Louisiana; (7) Banner has never owned any real property in Louisiana; (8) Banner has never maintained or operated any factories, warehouses, or offices in Louisiana; (9) Banner has never advertised its business in Louisiana; (10) Banner has never marketed or promoted the sale of any products in Louisiana; and (11) Banner has never maintained a bank account in Louisiana. See Affidavit attached hereto as Exhibit "A" and specifically incorporated herein by reference.

*ii.*

*This Court Does Not Have Specific or General Jurisdiction Over Banner*

In *Asarco, Inc. v. Glenara, Ltd. supra*, the Fifth Circuit Court of Appeals identified two categories of minimum contacts which give rise to personal jurisdiction over a non-resident defendant such as Banner. These categories are specific jurisdiction and general jurisdiction. Specific jurisdiction arises when, unlike here, the lawsuit is derived from, or related to, the defendant's purposeful contacts with the forum state. *Asarco*, 912 F. 2d at 786 (citing *Dalton v. R&W Marine, supra*, 897 F. 2d at 1361-1262)); *Helicopteros Nacionales de Columbia, S.A. v.*

*Hall*, 466 U.S. 408, 414 (1984). General jurisdiction arises where, unlike here, a defendant has "continuous and systematic contacts" with the state. *Asarco, supra, at* 786.

There is no specific jurisdiction. As evidenced by the Affidavit, Banner has never had any purposeful contacts with Louisiana. See Affidavit attached hereto as Exhibit "A" and specifically incorporated herein by reference. Likewise, there is no general jurisdiction because Banner not only has no "continuous and systematic contacts" with Louisiana, Banner has absolutely no contacts with Louisiana. See Affidavit attached hereto as Exhibit "A" and specifically incorporated herein by reference.

C.

*This Court's Exercise of Personal Jurisdiction Over Banner Would Offend Traditional Notions of Fair Play and Substantial Justice*

Even where a defendant's contacts with the forum are sufficient to meet the minimum contacts requirement for exercising personal jurisdiction, if exercising personal jurisdiction would offend "traditional notions of fair play and substantial justice," the Court is prohibited from exercising personal jurisdiction. *International Shoe v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, (1940)); *see also Asahi Metal Industry Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 113-14 (1987). Where, as here, Banner has not sold or delivered a single piece of allegedly defective Chinese-manufactured drywall in Louisiana, it offends traditional notions of fair play and substantial justice to require Banner to defend this lawsuit in Louisiana. See Affidavit attached hereto as Exhibit "A" and specifically incorporated herein by reference.

V.

**<u>PLAINTIFFS' COMPLAINT FAILS TO STATE A CAUSE OF ACTION
AGAINST BANNER AND SHOULD BE DISMISSED</u>**

Even if this Court were to improperly exercise personal jurisdiction over Banner, Plaintiffs have failed to state a cause of action against Banner for: (1) Declaratory Judgment (Count I); (2) Negligence (Count II); (3) Negligence Per Se (Count III); (4) Strict Liability (Count IV); (5) Breach of Express and/or Implied Warranties (Count V); (6) Redhibition (Count VIII); Louisiana Products Liability Act (Count IX); (7) Private Nuisance (Count X); (8) Negligent Discharge of a Corrosive Substance (Count XI); (9) Unjust Enrichment (Count XII); (10) Violation of Louisiana Unfair and Deceptive Trade Practices and Consumer Protection Law (Count XIII); and (11) Equitable and Injunctive Relief and Medical Monitoring (Count XIV).

Plaintiffs allege that Banner "is an importer, exporter, distributor or supplier or broker of drywall and related building products that engaged in these practices, which resulted in harm and damages to Subclass members." <u>See</u> Complaint at ¶476. Plaintiffs fail, however, to allege what "practices" Banner allegedly engaged in, nor do Plaintiffs specify in what capacity Banner allegedly engaged in such undefined "practices." <u>See</u> Complaint. The Complaint is devoid of any allegations establishing that Banner delivered allegedly defective Chinese manufactured drywall to any of the Plaintiffs addresses enumerated in Paragraphs 6 through 378 of the Complaint. In fact, the Complaint is devoid of a single allegation that Banner sold any one of the enumerated Plaintiffs the allegedly defective Chinese manufactured drywall contained in their homes. <u>See</u> Complaint.

Plaintiffs have not made a single allegation in their Complaint that gives rise to any theory that Banner in any way caused each or any of the Plaintiffs to suffer any damages. <u>See</u> Complaint. In fact, there are no predicate acts alleged in the Complaint that would give rise to any theory of liability under which Banner could be held liable to each or any of the Plaintiffs especially where, as here, there is not a single allegation that Banner delivered allegedly

9

defective Chinese-manufactured drywall to any or all of the Plaintiffs. See Complaint. While Banner recognizes the liberal notice pleadings standards in Federal Court, there must be some factual basis alleged in order to support the alleged theories of liability against Banner, especially where, as here, there are Three Hundred and Seventy Two (372) Plaintiffs, and only `ninety-nine (99) Plaintiffs own properties in Florida where Banner conducted business. See Affidavit attached hereto as Exhibit "A" and specifically incorporated herein by reference. Of those ninety-nine (99) Florida properties, there is not a single allegation in the Complaint that Banner delivered a single piece of allegedly defective Chinese-manufactured drywall to any the ninety-nine (99) Florida properties. Consequently, the Complaint should be dismissed pursuant to Rule 12 (b)(6), Fed.R.Civ.P., because it fails to state a single cause of action against Banner. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

The United States Supreme Court recently revisited Rule 12(b)(6), Fed.R.Civ.P., in *Bell Atlantic Corp. v. Twombly, supra*. In *Twombly,* the Court expressly overruled *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) insofar as the *Conley Court's opinion* that dismissal of a complaint was not available "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 550 U.S. at 563. In contradistinction, the *Twombly* Court held that a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Bausch & Lomb, Inc.* 2007 WL 3046682 (D.S.C. Oct. 11, 2007) an MDL action, in which certain of the plaintiff's claims were dismissed because they relied on conclusory statements that the plaintiffs "have been monetarily injured" and did not provide factual allegations to support their legal conclusions).

Likewise, in *Ashcroft v. Iqbal*, U.S. __, 129 S. Ct. 1937, 1950 (2009), the United States Supreme Court opined that when evaluating the sufficiency of a complaint, a court must identify and disregard all unsupported legal conclusions and determine whether the remaining factual allegations plausibly suggest the defendant's liability, because "[t]hreadbare recitals of a cause of

10

action, supported by mere conclusory statements do not suffice." *Id.* at 1950 (citing *Bell Atlantic Corp. v. Twombly*, at 1955); *see also Arias-Benn v. State Farm Fire & Cas. Co.*, 495 F. 3d 228, 230 (5th Cir. 2007) (quoting *Plotkin v. IP Axess, Inc.*, 407 F. 3d 690, 696 (5th Cir. 2005) (holding that Fifth Circuit does "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.")).

Applying *Twombley*, a cursory review of the Complaint filed in this case clearly establishes that Plaintiffs have failed to allege any facts to state any claim against Banner that is plausible on the face of the Complaint. Similarly, applying *Ashcroft*, a review of the many Counts asserted by Plaintiffs against Banner in the Complaint reveal that they are nothing more than threadbare recitals of a cause of action that are unsupported by any facts, much less conclusory statements. The Complaint should, therefore, be dismissed.

In addition, Plaintiffs lack standing to bring their claims against Banner because there are no allegations in the Complaint that establish that Banner caused Plaintiffs' alleged injuries. See Complaint. In order for a plaintiff to establish standing to sue, "there must be a causal connection between the injury and the conduct complained of – the injury has to be 'fairly … trace[able] to the challenged actions of the defendant....'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992). In *International Primate Protection League v. Administrators of Tulane Educ. Fund*, 500 U.S. 72 (1991), the United States Supreme Court explained that a plaintiff has standing if the plaintiff "is entitled to an adjudication *of the particular claims asserted."* *Id.* at 77 (quoting *Allen v. Wright*, 468 U.S. 737, 752 1984) (emphasis in original)). "Standing is a prerequisite to bringing suit, and nothing in Rule 23 Fed. R. Civ. P. alters this requirement." *Thompson v. Board of Educ. Of Romeo Community Schools*, 709 F. 2d 1200, 1204 (6th Cir. 1983) (citing *LaMar v. H & B Novelty & Loan Co.*, 489 F. 2d 461, 462 (9th Cir. 1973)). Since Plaintiffs have failed to allege any claims against Banner in their Complaint,

Plaintiffs are not entitled to an adjudication of any claims against Banner, and Plaintiffs, therefore, lack standing to bring this lawsuit.

Plaintiffs also fail to satisfy the typicality requirement of Rule 23(a)(3), Fed. R. Civ. P. Rule 23(a)(3), Fed.R.Civ.P., requires the Plaintiffs to state a claim against Banner. In fact, in *LaMar v H B Novelty, supra*, the court explained that a plaintiff "cannot represent those having causes of action against other defendants against whom the plaintiff has no cause of action and from whose hands he suffered no injury." *Id.* at 462. This is precisely what Plaintiffs have attempted to accomplish here. Paragraph 15 of the Complaint alleges that the class representative Plaintiffs, Dean and Dawn Amato, are citizens of Louisiana and own property located at 18615 Bellingrath Lakes, Greenwell Springs, Louisiana 70739. See ¶ 15 of the Complaint. Banner did not sell or deliver drywall to the Amatos since Banner has never sold or delivered a single piece of drywall in Louisiana. See Affidavit attached hereto as Exhibit "A" and specifically incorporated herein by reference. As such, Plaintiffs do not have standing to make a claim against Banner, and the typicality requirement of Rule 23(a)(3), Fed.R.Civ.P., is not satisfied insofar as Banner.

VI.

**VENUE IS IMPROPER IN LOUISIANA**

Banner's only place of business was Port St. Lucie, Florida. See Affidavit attached hereto as Exhibit "A" and specifically incorporated herein by reference. If this Court does not dismiss the Complaint as a result of the lack of personal jurisdiction over Banner, or Plaintiffs' failure to state a cause of action against Banner, venue should be transferred to the United States District Court for the Middle District of Florida where Banner's principal place of business was located. Pursuant to 28 U.S. § 1406(a), when venue is improper, the court may dismiss the action, or, if in the interests of justice, transfer the case to the district or division in which it could have been brought. There is no question that this action cannot be brought against Banner in

Louisiana. In a diversity action, a corporation resides in any judicial district in which it is subject to personal jurisdiction when the action is commenced. 28 U.S.C. § 1391(c). Banner never resided in Louisiana, and, therefore, venue in the Eastern District of Louisiana is improper.

## VII.

## CONCLUSION

The uncontroverted evidence before this Court clearly demonstrates that Banner has not "purposefully availed" itself of the privilege of conducting business in Louisiana, and is, therefore, not subject to personal jurisdiction of this Court. Even if Banner had sufficient minimum contacts with Louisiana such that it should have reasonably expected to have been haled into court there, which it never did, this Court's exercise of personal jurisdiction over Banner would unconstitutionally violate traditional notions of fair play and substantial justice given the sworn assertions in the Affidavit. In addition to the fact that this Court lacks personal jurisdiction over Banner, Plaintiffs have failed to state a claim against Banner for which relief can be granted and, therefore, the Complaint should be dismissed pursuant to Rule 12(b)(6), Fed.R.Civ.P. Plaintiffs also lack standing to bring their alleged claims against Banner and have otherwise failed to meet the typicality requirements of Rule 23(a)(3), 28 U.S.C. §1406(a) and 28 U.S.C. §1391(c).

Banner respectfully requests that this Court enter an Order: (1) dismissing the Complaint for lack of personal jurisdiction in accordance with Rule 12(b)(2), Fed.R.Civ.P.; (2) dismissing the Complaint for failure to state a claim pursuant to Rule 12(b)(6), Fed.R.Civ.P.; (3) in the alternative, transferring venue of this action to the United States District Court for the Middle District of Florida; and (4) for such other and further relief that this Court deems just and proper.

                Respectfully submitted,

                PETERSON & ESPINO, P.A.
                Attorneys for Banner Supply Co. Port St.
                 Lucie, LLC
                10631 Southwest 88th Street, Suite 220
                Miami, Florida   33176
                Telephone:   (305) 270-3773
                Facsimile:    (305) 275-7410
                mpeterson@petersonespino.com

        By:    /s/ Michael P. Peterson,
                Florida Bar No. 982040

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been served on Liaison Counsel by e-mail and upon all Chinese Drywall parties by electronically uploading the same to LexisNexis File & Serve in accordance with PreTrial Order No. 6, on this 19th day of August, 2010.

I FURTHER CERTIFY that the foregoing Notice of Appearance was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing an accordance with the procedures established by in MDL 2047, on this 19th day of August, 2010.

                /s/ Michael P. Peterson
                Michael P. Peterson

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL DOCKET: 2047<br><br>SECTION: L<br><br>JUDGE FALLON<br><br>MAGISTRATE JUDGE WILKINSON |

THIS DOCUMENT RELATES TO:
DEAN AND DAWN AMATO, ET AL. V. LIBERTY MUTUAL INSURANCE CO., ET AL.,
CASE NO. 10-cv-0932

STATE OF FLORIDA          )
                          ) ss:
COUNTY OF MIAMI-DADE      )

### AFFIDAVIT OF SCOTT GIERING

1.  My name is Scott Giering. I am the Controller of Banner Supply Co. Port St. Lucie, LLC ("Banner PSL"). I am over the age of eighteen (18) years, of sound mind and otherwise *sui juris*. I have personal knowledge of the matters and facts contained in this Affidavit.

2.  I make this Affidavit on behalf of Banner PSL in connection with the lawsuit styled Dean and Dawn Amato, et al. v. Liberty Mutual Insurance Co., et al., Case No. 10-cv-0932 (hereinafter the "Lawsuit") filed in the United States District Court for the Eastern District of Louisiana as Civil Action 2:10-cv-0932-EFF-JCW, and assigned MDL No. 09-2047 Section L.

3.  Banner PSL is a Florida corporation and maintained its only place of business in Port St. Lucie, Florida.

4.  Banner PSL is a building materials supplier.

5.  Banner PSL has never conducted business outside of Florida.



EXHIBIT "A"

6. Banner PSL has never sold or delivered drywall to Dean Amato, Dawn Amato, or to any other person or entity in Louisiana.

7. Banner PSL has never sought a business license in Louisiana.

8. Banner PSL has never been licensed to conduct business in Louisiana.

9. Banner PSL has never maintained a business listing, telephone number, or business address in Louisiana.

10. Banner PSL has never owed any real property in Louisiana.

11. Banner PSL has never maintained or operated any factories, warehouses, or offices in Louisiana.

12. Banner PSL has never advertised its business in Louisiana.

13. Banner PSL has never marketed or promoted the sale of any products in Louisiana.

14. Banner PSL has never sold any products in Louisiana.

15. Banner PSL has never maintained a bank account in Louisiana.

FURTHER AFFIANT SAYETH NAUGHT.

BANNER SUPPLY CO. PORT ST. LUCIE, L.L.C.

By: _____
Scott Giering, as Controller

The foregoing instrument was acknowledged before me on this 19 day of August, 2010, by Scott Giering, as Controller of BANNER SUPPLY CO. PORT ST. LUCIE, L.L.C. who is <u>personally known to me</u>, or who has produced _____ as identification and who did take an oath.

_____
Notary Public, State of Florida
My Commission Expires:

2