UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION ) ) ) ) | MDL NO. 2047<br><br>SECTION: L |
| This document relates to: ) ) | JUDGE FALLON |
| *David and Amanda Kessler v. GMI Construction, Inc., ABC Insurance Company, MNO Insurance Company, Interior Exterior Building Supply, ASI Lloyds and HBW Insurance Services, LLC.* ) ) ) ) ) ) ) )<br>Case No. 09-CV-6072 ) ) | MAG. JUDGE WILKINSON |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
TO DISMISS CERTAIN DEFENDANTS WITHOUT PREJUDICE AND MOTION FOR
LEAVE TO FILE AMENDED AND SUPERCEDING COMPLAINT**

**MAY IT PLEASE THE COURT:**

Plaintiffs submit this memorandum of law and argument in support of their Motion to Dismiss Certain Defendants Without Prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1), and Motion for Leave to File Amended and Superceding Complaint, pursuant to Federal Rule of Civil Procedure 15(a)(1), and respectfully aver as follows:

**BACKGROUND**

After discovering that the home Plaintiffs purchased included Chinese manufactured drywall, the effects of which caused damage to their home, Plaintiffs filed this lawsuit against the

1

builder/seller of their home, the supplier of the Chinese manufactured drywall included in their home and their homeowners insurance carrier ASI Lloyds. Although their claims against the contractor defendants sound in tort while claims against the homeowner insurer are based on a contract or policy of insurance, Plaintiffs included all of their claims against these Defendants in one Complaint.

Defendant, ASI Lloyds, Plaintiffs' homeowner insurer, has answered the Complaint and has filed a Rule 12(c) Motion for Judgment on the Pleadings. Defendant, HBW Insurance Services, LLC, was dismissed on July 6, 2010 upon a joint motion of the parties. Defendants, GMI Construction, Inc. and Interior Exterior Building Supply, have not yet answered Plaintiffs' Complaint or filed a responsive pleading.[1]

Plaintiffs seek to voluntarily dismiss their claims against GMI Construction, Inc., ABC Insurance Company, Interior Exterior Building Supply and MNO Insurance Company without prejudice pursuant to Rule 41(a)(1). Further, Plaintiffs seek leave to amend their Complaint to state only claims against the remaining Defendant, ASI Lloyds.

## Dismissal of Certain Defendants

As noted, Plaintiffs seek voluntary dismissal of their claims against Defendants GMI Construction, Inc., ABC Insurance Company, Interior Exterior Building Supply and MNO Insurance Company, without prejudice pursuant to Rule 41(a)(1). As none of these Defendants have answered or filed a motion for summary judgment, Plaintiffs' voluntary dismissal is pursuant to Rule

---

[1]Plaintiffs also named fictitious defendants ABC Insurance Company and MNO Insurance Company, representing the insurance carriers for Defendants GMI Construction, Inc., and Interior Exterior Building Supply. These Defendants have not yet been named or served, and consequently, have not responded to Plaintiffs' Complaint.

41(a)(1)(A)(i). Plaintiffs move for dismissal without prejudice, with each party to bear its own respective costs, and Plaintiffs specifically reserve their rights against all other defendants, named or unnamed.

## Leave to File Amended and Superceding Complaint

Following Plaintiffs' Dismissal of Certain Defendants, Plaintiffs continue this present action against only their homeowner insurer, Defendant ASI Lloyds. Accordingly, pursuant to Rule 15(a)(2), Plaintiffs seek leave to file an Amended and Superceding Complaint, attached hereto as Exhibit 1, to remove all allegations relating to the dismissed Defendants and to clarify their allegations against Defendant, ASI Lloyds.

Federal Rule of Civil Procedure 15 (a)(2) provides that, after a party has amended a pleading once as of course or the time for amendments of that type has expired, a party may amend only by obtaining leave of the court or if the adverse party consents to it. The Rule provides in pertinent part:

> (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15 (a)(2). Additionally, "[l]eave to amend pleadings should be granted liberally when previously unimportant factual issues gain significance as the result of rulings on a point of law handed down during the pendency of the litigation." *In re Beef Industry Antitrust Litigation, MDL Docket No. 248*, 600 F.2d 1148 (5th Cir. 1979) (*citing Commissioner of Internal Revenue v. Estate of Donnell*, 417 F.2d 106 (5th Cir. 1969).

The Court should consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137,

3

139 (5th Cir. 1993). None of these factors operate to negate the liberal standard for granting a motion for leave.

Allowing Plaintiffs to amend their Complaint now will not cause undue delay. In fact, allowing amendment now will actually save time and resources of both the Court and the Parties. Defendant, ASI Lloyds, has a pending Rule 12(c) Motion for Judgment on the Pleadings, which was filed pursuant to the Court's July 1, 2010 Order. Defendant has used allegations from Plaintiffs' Complaint that were or should have been directed solely to the builder/seller and supplier Defendants, as well as some of the superfluous wording in the Complaint, to support its argument that some of the exclusions in its insurance policy apply to bar Plaintiffs' coverage. Plaintiffs seek to revise their Complaint to remove allegations relating to the dismissed parties and to clarify their allegations against the remaining Defendant. Allowing Plaintiffs to amend their Complaint prior to a hearing on Defendant ASI Lloyd's Motion for Judgment on the Pleadings saves the Court and the Parties time and resources. If the Court were to hear Defendant's Motion now, and if the Court were to grant the motion, Plaintiffs would then seek leave to amend to cure the defects found by the Court, which arise due to the presence of the builder/seller and supplier defendants, whom Plaintiffs have dismissed.[2] Then, Defendant, ASI Lloyds, would no doubt file another motion. By allowing Plaintiffs to amend now, the Court will avoid one round of hearings.

The other factors likewise support granting leave to amend. There is no bad faith or dilatory motive on the part of Plaintiffs in seeking this amendment. To the contrary, as noted above,

---

[2] If the Court were to deny Defendant ASI Lloyd's Motion, Plaintiffs would still seek leave to amend their Complaint, as their allegations need to be clarified with respect to ASI Lloyds and there is no reason to keep the allegations of dismissed parties in the document. These issues will likely continue to plague this action until Plaintiffs amend their Complaint to remove them.

4

Plaintiffs seeks to amend to remove allegations against defendants who are no longer parties to this action and to avoid unnecessary litigation over an issue that Plaintiffs believe can be corrected and removed by amendment. Plaintiffs have not sought leave to amend their Complaint nor have Plaintiffs previously amended their Complaint. There is no undue prejudice to the opposing parties, which is just Defendant, ASI Lloyds, at this point. As discussed, Defendant ASI Lloyds is not prejudiced because this amendment will save it time and resources as well, with the avoidance of an unnecessary hearing. Finally, as noted, Plaintiffs believe their amendment will resolve any issues with their original allegations, so the amendment will not be futile.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request that, for the reasons set forth in the above memorandum of law and argument, this Honorable Court grant Plaintiffs' Motion to Dismiss certain Defendants without prejudice who have not yet answered Plaintiffs' Complaint, consistent with Federal Rule of Civil Procedure 41(a)(1), and that this Honorable Court grant Plaintiffs leave to file an Amended and Superceding Complaint with respect to their claims against the remaining Defendant, ASI Lloyds, consistent with Federal Rule of Civil Procedure 15 (a)(1).

Dated: August 20, 2010                    Respectfully submitted,

/s/ Leonard A. Davis
Russ M. Herman, Esq.
Leonard A. Davis, Esq.
Stephen J. Herman, Esq.
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel MDL 2047*

Arnold Levin
Fred S. Longer
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Victor Manuel Diaz
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
Matthews, Martinez, Gonzales,
Kalbac & Kane
255 Aragon Avenue, 2nd Floor
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com
Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020    bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055    Jerry@yourlawyer.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

| | |
|---|---|
| Christopher Seeger<br>Seeger Weiss, LLP<br>One William Street<br>New York, NY 10004<br>Phone: (212) 584-0700<br>Fax: (212) 584-0799<br>cseeger@seegerweiss.com | Scott Wm. Weinstein<br>Morgan & Morgan<br>12800 University Drive, Suite 600<br>Ft. Meyers, FL 33907<br>Phone: (239) 433-6880<br>Fax: (239) 433-6836<br>sweinstein@forthepeople.com |

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Jeremy W. Alters
Alters, Boldt, Brown, Rash & Culmo, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@abbrclaw.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 20th day of August, 2010.

                /s/ Leonard A. Davis
                Leonard A. Davis, Esquire
                Herman, Herman, Katz & Cotlar, LLP
                820 O'Keefe Avenue
                New Orleans, Louisiana 70113
                Phone: (504) 581-4892
                Fax: (504) 561-6024
                Ldavis@hhkc.com