UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARY ANN CATALANOTTO | * | |
|     Plaintiff, | * | Civil Action No. |
| | * | |
| | * | Judge: |
| versus | * | |
| | * | Magistrate Judge: |
| S.A. WEBER CONSTRUCTION, LLC, | * | |
| MARANATHA CONSTRUCTION, INC., | * | |
| LIGHTHOUSE CONSTRUCTION, LLC, | * | |
| MARTINEZ DRYWALL AND PAINTING | * | |
| LLC, AND THE STANDARD FIRE | * | |
| INSURANCE COMPANY | * | |
|     Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Defendant, The Standard Fire Insurance Company ("Standard Fire"), through undersigned counsel and pursuant to 28 U.S.C. sections 1441 and 1446, files this Notice of Removal of the captioned action, *Mary Ann Catalanotto versus S.A. Weber Construction, LLC, Maranatha Construction, Inc., Lighthouse Construction, LLC, Martinez Drywall and Painting, LLC, and The Standard Fire Insurance Company,* Case No. 10-5151, Division "B," on the docket of the Civil District Court, Parish of Orleans, State of Louisiana. In support of its Notice of Removal, Standard Fire respectfully represents that:

1.    On May 20, 2010, Mary Ann Catalanotto ("Plaintiff") commenced the captioned action by filing her Petition (the "Petition") in the Civil District Court for the Parish of Orleans, State of Louisiana.

- 1 -

2. A copy of all process, pleadings, and orders served upon Standard Fire in the state court action is attached to the Listing Pursuant to 28 U.S.C. § 1447(b), filed herewith.

3. Attachment A hereto is Standard Fire's Statement of Grounds for Removal. As set forth more fully in Attachment A, the Plaintiff's claims against Standard Fire satisfy the requirements for diversity jurisdiction, 28 U.S.C. § 1332(a) and/or supplemental jurisdiction, 28 U.S.C. § 1367, because there is diversity of citizenship between the Plaintiff and Standard Fire, the amount in controversy between the Plaintiff and Standard Fire is in excess of $75,000, and the claims against Standard Fire are fraudulently and/or improperly joined with Plaintiff's claims against the other defendants named in the petition. Plaintiff's claims against Standard Fire arise out of a homeowners' insurance policy and Standard Fire's denial of coverage for an insurance claim made by the Plaintiff. Plaintiff's claims against the other defendants, in contrast, have nothing to do with Plaintiff's homeowners' insurance policy, but rather seek to recover against the other defendants for claimed defects in construction work performed by them.

4. Service of the Petition on Standard Fire through the Louisiana Secretary of State occurred on May 28, 2010. Accordingly, this Notice of Removal to Federal Court is timely filed.

5. With respect to removal pursuant to 28 U.S.C. § 1441 based on diversity jurisdiction, the consent of a fraudulently or improperly joined defendant need not be obtained. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.), *cert. denied*, 510 U.S. 868 (1993) ("In cases involving alleged improper or fraudulent joinder of parties ... application of this [consent] requirement [for removal] to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists.").

- 3 -

**WHEREFORE,** Defendant The Standard Fire Insurance Company prays that the above action be removed to the United States District Court for the Eastern District of Louisiana.

Respectfully Submitted,

_s/Seth A. Schmeeckle_
**Ralph S. Hubbard III, La. Bar No. 7040**
**Seth A. Schmeeckle, La. Bar No. 27076**
**LaDonna G. Wilson, La. Bar No. 29102**
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
e-mail: rhubbard@lawla.com
sschmeeckle@lawla.com
lwilson@lawla.com
**Attorneys for The Standard Fire Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that on 25 June 2010 a copy of the foregoing NOTICE OF REMOVAL was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system. I also certify that I have mailed a copy of this filing by United States Postal Service to all known counsel of record and to all unrepresented parties.

_s/Seth A. Schmeeckle_
**Seth A. Schmeeckle, La. Bar No. 27076**

## ATTACHMENT A

## THE STANDARD FIRE INSURANCE COMPANY'S
## GROUNDS FOR REMOVAL

Defendant The Standard Fire Insurance Company ("Standard Fire"), respectfully submits this statement of grounds for removal:

### DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332

1.  Plaintiff is a citizen of the State of Louisiana. Petition for Damages ("Petition") at ¶ 1.

2.  Standard Fire is incorporated under the laws of the State of Connecticut and maintains its principal place of business in the State of Connecticut. Petition at ¶ 2-5.

3.  The other defendants named in Plaintiff's Petition have been improperly joined and/or fraudulently joined with Standard Fire. The Plaintiff's claims against the other defendants ("Construction Defendants") stem from the damages allegedly sustained as a result of the Construction Defendants' use of Chinese Drywall in the renovation of Plaintiff's home subsequent to Hurricane Katrina. The claims lodged against the Construction Defendants arise out of claims of: (1) breach of contract/failure to warn, (2) negligence due to the purchase and installation of Chinese Drywall in the Plaintiff's home, (3) redhibition and/or breach of the warranty of fitness, and (4) unjust enrichment. There is no allegation that Standard Fire participated in any way in the alleged conduct of the Construction Defendants.

Indeed, sometime long after the renovation project was completed, Plaintiff became aware of the alleged damage of which she complains and made a claim under her homeowner's policy to Standard Fire, which was denied based on various exclusions and other provisions of the insurance policy. The claims asserted by Plaintiff against Standard Fire arise out of alleged improper insurance claim adjustment and alleged failure to pay losses under a first-party

- 1 -

homeowners insurance policy. The central issue in adjudicating Plaintiff's claims against Standard Fire will be interpretation of the insurance policy. There is no allegation, nor could there be, that the Construction Defendants participated in the insurance claim adjustment by Travelers giving rise to this separate and unrelated cause of action.

4. Because the Construction Defendants have been improperly and fraudulently joined, their citizenship is to be disregarded for purposes of diversity jurisdiction. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 817 (5th Cir.), *cert. denied*, 510 U.S. 868 (1993) (co-defendants "were improperly joined, so their citizenship is to be disregarded for purposes of determining diversity jurisdiction"); *In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002); *Polk v. Lifescan, Inc.*, No. 4:03CV020, 2003 WL 22938056, at *5 (N.D. Miss. Sept. 22, 2003); Fed. R. Civ. P. 20(a); *Smith v. Nationwide Mutual Ins. Co.*, 286 F.Supp. 2d 777, 781 (S.D. Miss. 2003) (claims against tortfeasor allegedly causing injury found not to be properly joined with contract claim against insurer); *Jones v. Nastech Pharmaceutical*, 319 F.Supp. 2d 720, 728 (S.D. Miss. 2004) (defendant physician egregiously misjoined with pharmaceutical company where physician did not treat some of the plaintiffs).

4. Disregarding the citizenship of the other defendants, there is complete diversity between Standard Fire and the Plaintiff.

5. Based upon the Plaintiff's allegations, the amount in controversy between Travelers and the Plaintiff exceeds $75,000. Specifically, Plaintiff claims that her policy is a "value policy" in that Defendant insurer placed a valuation upon the covered property and uses such valuation for purposes of determining the premium charge to be made under the policy." Petition, at ¶ 101. Plaintiff contends she "sustained an actual and/or constructive total loss." Petition, at ¶ 102. Plaintiff contends that her "sustained damage was for the covered loss to the

dwelling, other structures, loss of use, personal property and personal liability." Petition at ¶ 103. Plaintiff further contends that "Defendant Insurer (Standard Fire) is liable to Petitioner for *the policy limits*, attorneys' fees, penalties, costs, and interest from the date of judicial demand." Petition at ¶ 104 (emphasis added). Plaintiff further seeks judgment "against Defendants, jointly, severally, and in solido, in an amount that is reasonable under the premises, and together with all costs of these proceedings, attorney's fees, for legal interest from date of judicial demand until paid, and for all general and equitable relief." Petition at Prayer for Relief.

6.  Moreover, Plaintiff also seeks a judgment for penalties (as noted above), together with all costs of these proceedings, attorney's fees, for legal interest from date of judicial demand until paid, and for all general and equitable relief." Petition, at Prayer for Relief.

7.  That the amount in controversy exceeds $75,000 is further established by the Homeowners Insurance policy issued by Standard Fire. Plaintiff alleges that she "purchased a 'Homeowners Insurance Policy' from Standard Fire, Policy Number 942657346 633 1 naming Petitioner as the insured." Petition, at ¶ 7. The Homeowners Insurance policy issued by Standard Fire to Plaintiff has a policy limit for Coverage A – Dwelling of $159,000. *See* Exhibit 1. Because the Petition alleges that Plaintiff "sustained an actual and/or constructive total loss" such that the policy limits are reached, Petition at ¶¶ 102-3, Plaintiff's claim is plainly for more than $75,000. Thus, the amount in controversy exceeds $75,000.

8.  Because there is complete diversity as between Plaintiff and Standard Fire (disregarding the citizenship of the misjoined defendants) and the jurisdictional amount is met, all of the requirements for diversity jurisdiction under 28 U.S.C. § 1332 are present.

9.  Accordingly, removal is proper under 28 U.S.C. § 1441.