UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * | MDL NO. 2:09-md-02047 |
| | * | JUDGE FALLON |
| | * | MAGISTRATE WILKINSON |
| This document relates to: Jude Marullo v. Louisiana Citizens. et al | * | |
| Case No. 10-2067 | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM IN SUPPORT OF MOTION TO REMAND

NOW INTO COURT, come Plaintiff, Jude Marullo, through undersigned counsel, who submit the following Memorandum in Support of Motion to Remand. This matter was improperly removed by Defendant Southern Fidelity Insurance Company (hereinafter "SFIC") pursuant to 28 U.S.C. §§ 1332 and 1441. Defendant removed this action, claiming that although diversity was facially lacking (there is no dispute that Plaintiff and at least one Defendant are Louisiana Residents), this Court should disregard the citizenship of the Louisiana Citizens Property Insurance ("Citizens"), as Plaintiff had fraudulently joined this Defendant. Despite the contentions of SFIC, Plaintiff's causes of action against each of the Defendants stem from the same set of operative facts, and are

properly cumulated in the instant action. As discussed below, Defendants have failed to demonstrate fraudulent joinder or improper joinder amounting fraudulent joinder, and therefore, cannot carry their burden of demonstrating that federal jurisdiction exists in the instant matter. Plaintiff therefore moves this Court for an Order Remanding this matter to state court, particularly, Civil District Court for the Parish of Orleans.

## BACKGROUND

Plaintiff filed the instant suit in the Civil District Court for the Parish of Orleans against his homeowners insurer, Citizens, for damages they suffered as a result of the installation of Chinese drywall in their home. It is undisputed that prior to September 15, 2008, Plaintiff had a homeowner policy with Citizens. Plaintiff subsequently amended his complaint to name SFIC as Citizens claims that the damages occurred during the SFIC policy period and not during the Citizens policy period.

Defendant, SFIC, then removed the matter to federal court. SFIC acknowledges that diversity is facially lacking, but asserts that this Court should disregard these parties as fraudulently joined by Plaintiff in order to defeat diversity jurisdiction.

Plaintiff has not fraudulently joined any of the Defendants named in this action. Additionally, all of Plaintiff's claims are properly joined under Louisiana Law. Lastly, even if Plaintiff had improperly joined the Defendants in question, such misjoinder does not rise to the "egregious" level needed to support a finding of misjoinder amounting to fraudulent joinder.

## MOTION TO REMAND LAW AND ARGUMENT

2

The Defendants assert that federal jurisdiction lies in this case pursuant to 28 U.S.C. § 1332 diversity of citizenship. The parties herein do not dispute that the amount in controversy exceeds the requisite jurisdictional limit for federal diversity jurisdiction of $75,000. There is likewise no dispute that on the face of the Plaintiff's petition, there is no diversity of citizenship. Plaintiff is domiciled in Louisiana, as is at least on Defendant, Citizens.

**A.   Motion to Remand**

The burden of establishing federal jurisdiction, in this case by demonstrating diversity, rests on the party seeking removal. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1992). "However, removal jurisdiction is to be strictly construed as its application 'deprives a state court of a case properly before it and thereby implicates important federalism concerns.'" *Bright v. No Cuts Inc.*, 2003 WL 22434232, at *2 (E.D. La. 2003). "Accordingly, any doubts about removal must be construed against removal and in favor of remanding the case to state court." *Id. citing Vasquez v. Alto Bonito Gravel Plant Corp.*, 56 F.3d 689, 694 (5th Cir. 1995).

Defendant, State Farm, has not carried their burden of demonstrating that federal jurisdiction exists in the instant matter.

**B.   Fraudulent Joinder**

Defendants bear a heavy burden in proving the plaintiffs' joinder of defendants was fraudulent and improper. *Schwartz v. Chubb & Sons Inc.,* 2006 WL 980673 (E.D. La. 2006) ("When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper."); *see also Fidelity Homestead Assoc. v. Hanover Insurance Co.,* 2006 WL 2873563 (E.D.

3

La. 2006) ("because the fraudulent joinder doctrine is a narrow exception to the rule that diversity jurisdiction requires complete diversity, the burden of demonstrating fraudulent joinder is a heavy one); *Smallwood,* 352 F.3d 220, 222 (5th Cir. 2003); *B. Inc. v. Miller Brewing Co.I,* 663 F.2d 545, 549 (5th Cir. 1981).

Fraudulent joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Travis v. Irby,* 326 F.3d 644, 647 (5th Cir 2003) *citing Greggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999). In the instant case, Defendants have not, and cannot demonstrate fraud in the pleading of jurisdictional facts. Therefore, no further discussion is warranted.

In regards to the second possible theory of fraudulent joinder, in *Travis,* the Fifth Circuit attempted to reconcile facially conflicting jurisprudential standards. According to the court in *Travis*, when analyzing a fraudulent joinder claim, district courts should strictly limit their analysis to an assessment of whether plaintiff has a *possibility of recovering on the facts and law* against the opposing party. *Id.*

The court explained that a "possibility" is determined as follows: "The district court may "pierce the pleadings" and consider summary judgment type evidence in the record, but must also take into account all of the unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Id.* at 649. Thus, although the type of inquiry into the evidence is similar to the summary judgment inquiry, the district court is not to apply a summary

4

judgment standard, but rather a standard closer to that employed in a 12(b)(6) analysis. *Id.* at 648-49. Therefore, any contested issues of fact and any ambiguities of state law must be resolved in the plaintiffs' favor. *Id.* at 649.

Defendant, SFIC, does not argue that Plaintiff has failed to state a viable claim against SFIC. Likewise, SFIC does not maintain that Plaintiff has failed to state a claim against the remaining Defendants that are Louisiana residents, Citizens. Therefore, no further discussion of fraudulent joinder is required, as Defendant concedes that Plaintiff's causes of action against all of the Defendants are viable.

**C.    Joinder of Defendants is Proper Under State Law**

Instead, it appears that SFIC is attempting to argue improper cumulation or joinder of two separate and unrelated causes of action, which they argue amounts to fraudulent joinder[1]. his argument is without merit. First, in order to find fraudulent joinder in this context, there must be a finding of misjoinder under Louisiana Law. As discussed below, there is no misjoinder in the instant case. Therefore, there can be no finding of misjoinder amounting to fraudulent joinder.

In analyzing whether a plaintiff has improperly joined defendants in a given action, the relevant law is the state's permissive joinder rule, here, Louisiana Code of Civil Procedure Art. 463. Article 463 provides:

---

[1] There is some question whether the Fifth Circuit recognizes *Tapscott's* fraudulent joinder. *See Schwartz v. Chubb & Sons, Inc,* 2006 WL 980673, *4 (E.D. La. 2006) (questioning the applicability of *Tapscott* but not reaching the issue, and noting that if defendants have a basis to assert improper joinder under Louisiana Law, they can seek such severance at the state court level, and then assuming severance is granted, again remove the matter to federal court).

>Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if:
>
>(1) There is a community of interest between the parties joined;
>
>(2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
>
>(3) All of the actions cumulated are mutually consistent and employ the same form of procedure.
>
>The test for determining whether the parties have a community of interest sufficient to join

parties in same lawsuit is whether the cumulated causes of action arise out of the same facts or whether they present the same factual or legal issues. *Mauberret-Lavie v. Lavie*, 850 So.2d 1, 2 (La. App. 4th Cir. 2003). A community of interest is present between different actions or parties allowing the parties or actions to be joined in same lawsuit, where enough factual overlap is present between the cases to make it sensible to litigate them together. *Id.* at 2-3. Parties may be joined notwithstanding that there is some distinction in the plaintiff's claim against each defendant. *Keel v. Rodessa Oil & Land*, 189 La. 732 (1938).

In the instant case, there is a sufficient "community of interest" between the joined parties to allow for permissive joinder under Art. 463. All of Plaintiff's claims against the both of the insurance company Defendants stem from the installation of defective Chinese drywall and homeowners' coverage for same.. Therefore, at a minimum, there is a significant overlap between the factual basis for Plaintiff's claims against the various Defendants. The fact that Plaintiff's claims against both of the insurance carrier defendants are for the exact same set of damages under the exact same legal theories creates a sufficient "community of interest". It would make no sense to

6

sever Plaintiff's claims against these various Defendants, as this would force Plaintiff to litigate many of the same matters (for example: the defective nature of the drywall, and the damage caused by the defective drywall) three separate times.

Clearly there is a significant overlap of factual issues pertaining to each of these Defendants. Therefore, applying Art. 463, joinder of each of the Defendants is proper in this case. Even if joinder of these three Defendants was improper, misjoinder alone is not sufficient to find fraudulent joinder. Put another way, even if this were an instance of misjoinder under state law, it does not rise to the "egregious" level needed to find fraudulent joinder. Therefore, removal was improper as there is not complete diversity, and Plaintiff is entitled to Remand this matter to state court.

**D.     Misjoinder Alone is Insufficient to Find Fraudulent Joinder**

As discussed above, there is no misjoinder in the instant case, as Plaintiff's joinder of the various defendants in the instant case complies with the requirements of Art. 463. However, even if Plaintiff's joinder of these various Defendants did amount to misjoinder, it does not rise to the "egregious" level necessary to support a finding of fraudulent joinder. Therefore, this Court should consider the citizenship of all of the Defendants, which clearly demonstrates a lack of diversity, and therefore mandates granting Plaintiff's Motion to Remand.

In *Bright v. No Cuts Inc.*, 2003 WL 22434232 (E.D. La 2003), the district court explored the notion of improper cumulation or misjoinder as "fraudulent joinder." In *Bright*, plaintiff's representatives filed suit in state court for plaintiff's electrocution, as well as a products liability suit stemming from plaintiff ingesting Oxycontin as a result of said injuries. *Id.* at *1. Defendants

7

removed, asserting fraudulent joinder. *Id.* The Court quickly dismissed the possibility that either of the "traditional" theories of fraudulent joinder, as discussed above, were present in *Bright*. *Id.* at *3. Instead, the court found that defendants argument sounded in misjoinder amounting to fraudulent joinder, a concept which was originally recognized by the Eleventh Circuit in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000). *Id.* at *3-4.

In analyzing *Tapscott,* the court in *Bright* noted that the misjoinder in *Tapscott* was deemed to be "particularly egregious," as the only similarity among the claims asserted against the various defendants was that they employed a similar business practice. *Id.* at *4. Further the court noted that not all of the plaintiffs were asserting causes of actions against all of the defendants. *Id.* Lastly, the *Bright* court noted that the Eleventh Circuit had been careful to limit their holding, cautioning, "[w]e do not hold that mere misjoinder is fraudulent joinder, but we do agree with the district court that [plaintiffs'] attempt to join these parties is so egregious as to constitute fraudulent joinder." *Id.*

Following the *Bright* court's analysis of *Tapscott*, the Court noted that jurisprudence has consistently held that mere misjoinder does not amount to *fraudulent* misjoinder. *Id.* The court further noted that the defendants were not able to cite even one case in which a single plaintiff proceeding against multiple defendants had been severed on the basis of fraudulent misjoinder. *Id.* at *7. In refusing to find fraudulent misjoinder, the *Bright* court found, "[d]istrict courts in this circuit have declined to find that claims and parties have been fraudulently misjoined if there is a 'palpable connection' between the claims and the parties joined." *Id.* at 5.

8

"[T]he relevant inquiry is whether the connection between the joined claims and parties is so tenuous so as to justify disregarding the citizenship of the joined parties upon removal." *Id.* Applying these legal precepts, the district court found that plaintiffs' negligence action stemming from his electrocution, and products liability action stemming from his ingestion of Oxycontin, possessed the requisite "palpable connection." *Id.* at 6. The court found that there were common questions of fact relating to the two defendants. *Id.* Therefore, the court refused to find fraudulent misjoinder and remanded the case to state court. *Id.*

Similarly, in the instant matter, Plaintiff's claims against each Defendant clearly posses a sufficient connection so as to avoid severance based on fraudulent misjoinder. Ultimately, the claims against each of the defendants rests on the same event; installation of defective drywall. This is not an instance were wholly unrelated causes of actions have been joined solely to defeat jurisdiction.

SFIC's assertion that because Plaintiff's cause of action against each defendant is not based on the exact same theory, joinder is thereby rendered improper, is nonsensical. All of Plaintiff's claims relate to installation of faulty drywall in Plaintiff's home and insurance coverage for same.

Clearly the instant case does not involve fraudulent misjoinder. The claims against SFIC and and the Louisiana Defendant Citizens arise from the same occurrence, will have overlapping facts, will be based on the same discovery, and Plaintiff's relief will be based on the same testimony and damage calculations. The instant case does not present a "egregious misjoinder," so as to justify severance under *Tapscott* and its progeny. In fact, there is no misjoinder in the instant matter.

9

A recent decision out of the Western District of Louisiana addressed the very issues that Defendant currently raises, and forecloses on each of these arguments. In *Akshar 6, LLC v. Travelers Casualty & Surety Co.,* 2010 WL 2464799, at *1 (W.D. La. 2010), plaintiffs filed suit in state court against their contractor, architect, and various insurers, stemming from what plaintiffs alleged to be the installation of faulty drywall. Plaintiffs' insurer then removed the matter to federal court. *Id.* The defendant insurance company argued that the claims were improperly joined because the suit against the insurer and contractor were wholly distinct from one another. *Id* at *2. The insurer argued that while plaintiffs' claims against the insurance companies was wholly based an coverage, plaintiffs' claims against the remaining defendants were based on distinct issues outside of the insurance coverage issue. *Id.* at *3.

The court rejected this argument, stating, "Travelers argues that the claim against it will be focused on issues of coverage, but there will also be issues regarding the extent of the damage and the amount of the plaintiffs' financial losses related to the damage. The claims against the contractor, subcontractor, architect, and their insurers will each have distinct issues, but all of the claims in the lawsuit arise from the same factual circumstances, and there will be significant factual and legal overlap in all of the claims." *Id.* at 3. The court further noted that the joinder rules are general and broad, and intended to promote judicial economy by deciding all reasonably related claims in one action. *Id.* at 4. With these goals in mind, the court cautioned, "[a] federal court should be hesitant to wade into a multi-defendant case filed in state court, decide that the joinder of a diverse defendant was incorrect under state or federal rules, and split the proceeding into two proceedings that will then burden two court systems with related claims that may even give rise to

10

inconsistent decisions." *See also Lundquist v. J & J Exterminating, Inc.,* 2008 WL 1968339 (W.D. La. 2008) (finding joinder of contractor and insurer proper because there was a "overall injury" from which all of the claims ultimately stemmed).

The instant case is analogous to *Akshar*, and therefore, this Court should apply the holding and reasoning contained therein to the instant case, thereby finding joinder proper and remanding to state court. Similarly, the instant matter deals with the installation of faulty drywall, and insurance coverage of said event. As the court explained in *Akshar*, the fact that there are a limited number of issues that are distinct to each defendant, does not change the fact that the majority of the issues are common among all of the Defendants. The instant case deals with one central event or injury; installation of faulty drywall. Therefore, all of Plaintiff's claims are properly joined in this action, and the presence of distinct issues relating to each Defendant does not change this conclusion.

## **CONCLUSION**

This Court does not have diversity jurisdiction under 28 U.S.C. § 1332, and therefore, must remand this matter to state court. There is no question that Plaintiff's citizenship is not diverse from Louisiana Citizens Property Insurance. Additionally, Plaintiff's joinder of claims against these two Defendants with their claim against State Farm was not fraudulent and did not amount to "egregious" misjoinder. Therefore, this Court must consider the citizenship of both Defendants in determining the diversity of these parties. Based on the forgoing, there is no diversity jurisdiction, and Plaintiff respectfully requests that this Honorable Court grant the motion to remand.

Respectfully Submitted,

**MARTZELL & BICKFORD**

*/s/ Lawrence J. Centola, III*

**SCOTT R. BICKFORD, T. A. (#1165)**
**LAWRENCE J. CENTOLA, III (#27402)**
338 Lafayette Street
New Orleans, Louisiana 70130
(504) 581-9065
(504) 581-7635 (Fax)

**COUNSEL FOR PLAINTIFFS**

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Support of Motion to Remand has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and email <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this  20th   day of   August  , 2010.

/s/ Lawrence J. Centola, III

F:\Clients\CHINESE DRYWALL\CLIENTS\MARULLO, JUDE DAVID\FED CT PLEADINGS\memo mtn to remand.wpd