UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHELLY PARR, ET AL. | * | CIVIL ACTION NO. 10-2737 |
| Plaintiff, | * | |
| | * | |
| VERSUS | * | |
| | * | |
| TALLOW CREEK, LLC, ET AL. | * | SECTION "L", MAGISTRATE 2 |
| | * | |
| Defendants | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JOSEPH C. WILKINSON, JR. |

## ANSWER TO PETITION FOR BREACH OF CONTRACT, WARRANTY AND FOR DAMAGES AND THIRD-PARTY DEMANDS

**NOW INTO COURT**, through undersigned counsel, come Defendants, Tallow Creek, LLC and Southern Homes, LLC[1] ("collectively "Tallow Creek"), who answer the Petition and First Amended Petition for Breach of Contract, Warranty and for Damages ("the Petitions") as set forth below. Tallow Creek further assumes the role of Third-Party Plaintiff and asserts the following claims against the Third-Party Defendants listed herein:

---

[1] Southern Homes, LLC ("Southern Homes") has been improperly named as a defendant in this matter. Southern Homes in no way participated in the construction or design of Plaintiffs' home, nor does it have any contractual privity with Plaintiffs.

## TALLOW CREEK'S ANSWER TO PLAINTIFFS' PETITIONS

### 1.

The allegations contained in Paragraph 1 and I are denied, except to admit that Southern Homes, LLC is a foreign limited liability company, authorized to do and doing business in the State of Louisiana and that Tallow Creek, LLC is a Louisiana Limited Liability Company doing business in the State of Louisiana.

Paragraphs I through III (including the second paragraph numbered III) require no answer from Tallow Creek.

### 2.

Insofar as the allegations contained in Paragraph 2 state a conclusion of law they require no answer.

### 3.

Insofar as the allegations contained in Paragraph 3 state a conclusion of law they require no answer.

### 4-6.

In response to allegations contained in Paragraphs 4 through 6, Tallow Creek avers that the Conventional Purchase Agreement as a written contract is the best evidence of its terms and conditions. *See* Conventional Purchase Agreement, attached as Exhibit A.

7.

In response to the allegations contained in Paragraph 7, Tallow Creek avers that Tallow Creek, LLC was the builder of the home located at 683 Solomon Drive, Covington, Louisiana 70433 ("the Property").

8.

In response to the allegations contained in Paragraph 8, Tallow Creek avers that Tallow Creek, LLC, in building the Property, purchased the drywall for the Property and hired a contractor to perform drywall work on the Property. All other allegations contained in Paragraph 8 are denied.

9.

In response to the allegations contained in Paragraph 9, Tallow Creek admits that it maintained insurance policies at the time of construction of the Property.

10.

Tallow Creek denies the allegations in Paragraph 10 for lack of sufficient information to justify a belief therein. Tallow Creek admits that the Cash Sale was executed October 27, 2006. *See* Cash Sale, attached as Exhibit B. Tallow Creek further admits that the Property was enrolled in a warranty program effective October 27, 2006. *See* 2-10 Home Buyer's Warranty and Certificate, attached as Exhibit C.

-3-

11.

Tallow Creek denies the allegations in Paragraph 11 for lack of sufficient information to justify a belief therein.

12.

Tallow Creek denies the allegations in Paragraph 12 and submits that the April 13, 2009 letter to which Plaintiffs refer is the best evidence of its contents. *See* April 13, 2009 Letter, attached as Exhibit D.

13.

In response to the allegations contained in Paragraph 13, Tallow Creek admits that in August 2009 it received a request from Plaintiffs to inspect the Property for Chinese drywall. Tallow Creek further admits that in August 2009 it found some amount of Chinese drywall installed in the Property. All other allegations contained in Paragraph 13 are denied for lack of sufficient information to justify a belief therein.

14.

In response to the allegations contained in Paragraph 14, Tallow Creek avers that the August 25, 2009 letter is the best evidence of its contents. *See* August 25, 2009 Letter, attached as Exhibit E.

15-18.

Tallow Creek denies the allegations in Paragraphs 15-18 for lack of sufficient information to justify a belief therein.  Notably, the Plaintiffs' claim for "cost of relocation during the remedial process," "personal injury and further health concerns," and "diminution in the value of the Property" are specifically *excluded* by the warranty in the Conventional Purchase Agreement and the New Home Warranty Act ("NHWA").  *See* Exhibit A at p. 1.  *See also* La. Rev. Stat. Ann. § 9:3144(B)(14-15, 16) (2010).

### New Home Warranty Act Allegations

19.

Insofar as the allegations contained in Paragraph 19 state conclusions of law they require no answer; however, all allegations contained in Paragraph 19 are denied.  Tallow Creek specifically avers that all claims against Tallow Creek, if any, are limited to those available under the NHWA, and all other claims are preempted by the same.

20.

Insofar as the allegations contained in Paragraph 20 state conclusions of law they require no answer; however, all allegations contained in Paragraph 20 are denied.  Tallow Creek specifically avers that all claims against Tallow Creek, if any, are limited to those available under the NHWA, and all other claims are preempted by the same.

21.

Tallow Creek denies the allegations in Paragraph 21 for lack of sufficient information to justify a belief therein.

22.

Insofar as the allegations contained in Paragraph 22 state conclusions of law they require no answer; however, all allegations contained in Paragraph 22 are denied.  Tallow Creek specifically avers that all claims against Tallow Creek, if any, are limited to those available under the NHWA, and all other claims are preempted by the same.

23.

Insofar as the allegations contained in Paragraph 23 state conclusions of law they require no answer; however, all allegations contained in Paragraph 23 are denied.

**Negligent or Fraudulent Misrepresentation**

24.

Insofar as the allegations contained in Paragraphs 24 state conclusions of law they require no answer; however, all allegations contained in Paragraph 24 are denied.  Tallow Creek specifically avers that Plaintiffs cannot have a claim for misrepresentation that allegedly occurred *after* the alleged loss and that all claims against Tallow Creek, if any, are limited to those available under the NHWA, and all other claims are preempted by the same.

25.

Tallow Creek denies the allegations in Paragraph 25 and submits that the April 13, 2009 letter to which Plaintiffs refer is the best evidence of its contents. *See* Exhibit D. Tallow Creek further avers that the August 19, 2009 letter is the best evidence of its contents. *See* Exhibit E.

26-28.

Insofar as the allegations contained in Paragraphs 26-28 state conclusions of law they require no answer; however, all allegations contained in Paragraphs 26-28 are denied. Tallow Creek specifically avers that Plaintiffs cannot have a claim for misrepresentation that allegedly occurred *after* the alleged loss and that all claims against Tallow Creek, if any, are limited to those available under the NHWA, and all other claims are preempted by the same.

**Failure to Warn Allegations**

29-32.

Insofar as the allegations contained in Paragraphs 29-32 state conclusions of law they require no answer; however, all allegations contained in Paragraphs 29-32 are denied. All claims against Tallow Creek, if any, are limited to those available under the NHWA, and all other claims are preempted by the same.

## Breach of Express Warranty Allegations

### 33.

In response to allegations contained in Paragraph 33, Tallow Creek avers that the Purchase Agreement as a written contract is the best evidence of its terms and conditions, all of which are pled herein as if the Purchase Agreement was copied *in extensio*. Insofar as the allegations contained in Paragraph 33 state conclusions of law they require no answer; however, all allegations contained in Paragraph 33 are denied.

## Breach of Implied Warranty of Merchantability Allegations

### 34-35.

Insofar as the allegations contained in Paragraphs 34-35 state conclusions of law they require no answer; however, all allegations contained in Paragraph 34-35 are denied. All claims against Tallow Creek, if any, are limited to those available under the NHWA, and all other claims are preempted by same.

## Breach of Implied Warranty of Fitness for Particular Purpose Allegations

### 36-38.

Insofar as the allegations contained in Paragraphs 36-38 state conclusions of law they require no answer; however, all allegations contained in Paragraphs 36-38 are denied. All claims against Tallow Creek, if any, are limited to those available under the NHWA, and all other claims are preempted by same.

## Redhibition as to the Sellers of Drywall Allegations

### 39-42.

Insofar as the allegations contained in Paragraphs 39-42 state conclusions of law they require no answer; however, all allegations contained in Paragraphs 39-42 are denied.  All claims against Tallow Creek, if any, are limited to those available under the NHWA, and all other claims are preempted by same.

## Redhibition as to the Sellers of Property Allegations

### 43-46.

Insofar as the allegations contained in Paragraphs 43-46 state conclusions of law they require no answer; however, all allegations contained in Paragraphs 43-46 are denied.  All claims against Tallow Creek, if any, are limited to those available under the NHWA, and all other claims are preempted by same.

## Breach of Statutory Warranties Allegations

### 47-48.

Insofar as the allegations contained in Paragraphs 47-48 state conclusions of law they require no answer; however, all allegations contained in Paragraphs 47-48 are denied.  All claims against Tallow Creek, if any, are limited to those available under the NHWA, and all other claims are preempted by same.

## Breach of Contract Allegations

### 49-51.

Insofar as the allegations contained in Paragraphs 49-51 state conclusions of law they require no answer; however, all allegations contained in Paragraphs 49-51 are denied. All claims against Tallow Creek, if any, are limited to those available under the NHWA, and all other claims are preempted by same.

## Negligence Allegations

### 52.

Insofar as the allegations contained in Paragraph 52 state conclusions of law they require no answer; however, all allegations contained in Paragraph 52 are denied. All claims against Tallow Creek, if any, are limited to those available under the NHWA, and all other claims are preempted by same.

## Unfair Trade Practices Allegations

### 53-56.

Insofar as the allegations contained in Paragraphs 53-56 state conclusions of law they require no answer; however, all allegations contained in Paragraphs 53-56 are denied. Tallow Creek specifically avers that Plaintiffs cannot have a claim for unfair trade practices based on representations that allegedly occurred *after* the alleged loss and that all claims against Tallow Creek, if any, are limited to those available under the NHWA, and all other claims are preempted by the same.

### Conspiracy Allegations

57-59.

Insofar as the allegations contained in Paragraphs 57-59 state conclusions of law they require no answer; however, all allegations contained in Paragraph 57-59 are denied. All claims against Tallow Creek, if any, are limited to those available under the NHWA, and all other claims are preempted by same.

### Insurer's Liability Allegations

60 (including 60a-60k).

The allegations in Paragraph 60 (including 60a-60k) require no answer from Tallow Creek.

### Jury Demand

61.

Paragraph 61 requires no answer from Tallow Creek.

### Prayer

62.

Tallow Creek denies that Plaintiffs are entitled to the relief requested in the un-numbered Paragraphs beginning "WHEREFORE." Tallow Creek denies all other allegations in the Petition which have not been previously admitted, qualified, or denied.

AND NOW, further answering the Petition, Tallow Creek avers as follows:

63.

Tallow Creek avers that Plaintiffs' claims against it are limited by the New Home Warranty

Act, La. Rev. Stat. Ann. § 9:3141, *et seq*. ("NHWA"), which is Plaintiffs' *exclusive* remedy against

Tallow Creek.  More specifically, but without limitation, Plaintiffs claims against Tallow Creek are:

63(a).

Perempted.  *See* LA. REV. STAT. ANN. § 9:3144(A) (2010).

63(b).

Barred as they are caused by drywall.  *See* LA. REV. STAT. ANN. § 9:3143 (2010).

63(c).

Barred as they were caused by the "[n]egligence, improper maintenance, neglect or improper

operation" by a third party that is not an "employee, agent, or subcontractor" of Tallow Creek.  *See*

LA. REV. STAT. ANN. § 9:3144(B)(4)(a) (2010).

63(d).

Barred to the extent they are caused by:

- Any change, alteration, or addition made to the Property after initial occupancy by someone other than Tallow Creek;

- Dampness, condensation, or other damage due to the failure of the owner to maintain adequate ventilation or drainage;

- Any loss or damage which Plaintiffs have not taken timely action to minimize;

- Bodily injury or damage to personal property;

- Any cost of shelter, transportation, food, moving, storage, or other incidental expense related to relocation during repair.

See LA. REV. STAT. ANN. § 9:3144(B)(4)(e) and (f); see also LA. REV. STAT. ANN. § 9:3144(B)(5),(14), and (15) (2010).

### 63(e).

Barred to the extent they relate to consequential damages. See LA. REV. STAT. ANN. § 9:3144(B)(17) (2010).

### 63(f).

Premature because Plaintiffs have not given Tallow Creek a reasonable opportunity to comply with the provisions of the NHWA.

### 64.

Plaintiffs' damages claim against Tallow Creek is also limited to the reasonable cost of repair or replacement necessary to cure a defect; and in the aggregate, shall not exceed the original purchase price of the Property. See LA. REV. STAT. ANN. § 9:3149(A) (2010).

### 65.

Tallow Creek avers that Plaintiffs' claims against it are also governed by Plaintiffs' 2-10 Home Buyer's Warranty ("2-10 Agreement"). See Exhibit C.

-13-

65(a).

Plaintiffs expressly waived all other express or implied warranties, including any oral or

written statements or representations made by Tallow Creek, and any implied warranty of habitability,

merchantability, fitness and all other implied or express warranties.   *See* Exhibit C at p. 5.

65(b).

By enrollment into the 2-10 Home Buyers Warranty, Plaintiffs also waived all rights of action

against Tallow Creek other than their alleged claims under the NHWA.   Plaintiffs' express waiver

includes, but is not limited to, negligence, failure to warn, redhibition, breach of statutory warranties

contained in Louisiana Civil Code article 2762, and breach of contract of construction.   *See id.*

65(c).

By enrollment into the 2-10 Home Buyers Warranty, Plaintiffs' claims are barred to the extent

they stem from:

- Any loss or damage that is caused or made worse by:

  - negligence, improper maintenance, defective material or work supplied by, or improper operation by, anyone other than Tallow Creek or its employees, agents, or subcontractors, including failure to comply with the warranty requirements of manufacturers of appliances, equipment or fixtures;

  - Plaintiffs' failure to give prompt and proper notice to Home Buyers Warranty Corporation and Tallow Creek of any defect;

  - Microorganisms, fungus, decay, rotting of any kind, mold, mildew, corrosion, rust, formaldehyde, any solid, liquid or gaseous pollutant, contaminant, toxin, irritant or carcinogenic substance, whether organic or inorganic, including any claim of health risk or un-inhabitability based on any of the foregoing;

-14-

       o       Plaintiffs' failure to minimize or mitigate any defect, condition, loss or damage as soon as practicable.

*See id.* at p. 8.

65(d).

Plaintiffs' claims for damages stemming from the following are also barred: cost of shelter, transportation, food, moving, storage, or other incidental expenses related to relocation during repair; any other costs due to loss of use, inconvenience, or annoyance, diminished market value of the Property, and any and all consequential loss or damage.  *See id.*

65.

By signature to the Conventional Purchase Agreement for the Property, Plaintiffs waived any and all claims for bodily injury, medical, hospital, rehabilitation and other incidental or consequential expenses, and damage to personal property.  *See* Exhibit A.

65.

Plaintiffs' alleged damages, if any, were caused, in whole or in part, by the errors, acts, omissions, negligence, and/or fault of third parties over whom Tallow Creek exercised no control, authority or supervision and for whose acts and omissions it is not responsible in whole or in part. Such errors, acts, omissions, negligence, and/or fault should operate completely to bar recovery against Tallow Creek or, alternatively, to reduce any recovery against Tallow Creek.

-15-

66.

Tallow Creek asserts that Plaintiffs' action may be wholly or partially barred by the doctrines of equitable or judicial estoppel, waiver, laches, unclean hands, peremption, prescription, or any applicable statutes of limitation.

67.

Plaintiffs have failed to plead fraud with particularity.

68.

Tallow Creek affirmatively alleges that Plaintiffs' claims must be denied or reduced on account of Plaintiffs' failure to mitigate any damages allegedly sustained herein.

69.

At all times, Tallow Creek acted with due care.

70.

Tallow Creek is free from any and all negligence.

71.

Tallow Creek, at all times, complied with all applicable laws, regulations, and standards.

72.

Except to the extent expressly admitted above, Tallow Creek denies the material allegations of the petition and demands strict proof thereof.

73.

Tallow Creek expressly reserves its right to reevaluate and/or assert additional defenses upon discovery and review of additional documents and information and upon the development of other pertinent facts.

### THIRD-PARTY DEMANDS BY TALLOW CREEK, L.L.C.

**AND NOW**, assuming the role of THIRD-PARTY PLAINTIFF, Tallow Creek, LLC, asserts the following claims pursuant to Federal Rule of Civil Procedure 14 and avers as follows:

1.

Named as Third-Party Defendants herein are:

Graf's Drywall, L.L.C., a Louisiana Limited Liability Company doing business in the state of Louisiana ("Graf's");

Bankers Insurance Company ("Bankers Ins."), a foreign insurance provider and the insurer of Graf's Drywall ("Graf's") for the claims Tallow Creek is asserting against it;

First Financial Insurance Company ("First Financial Ins."), a foreign insurance provider and the insurer of Graf's for the claims Tallow Creek is asserting against it;

Western World Insurance Company ("Western World Ins."), a foreign insurance provider and the insurer of Graf's for the claims Tallow Creek is asserting against it;

Interior/Exterior Building Supply, LP, a Louisiana limited partnership maintaining its principal place of business at 727 S. Cortez, New Orleans, Louisiana 70119 ("INEX");

Interior/Exterior Enterprises, LLC, a Louisiana limited liability company maintaining its principal place of business at 727 S. Cortez, New Orleans, Louisiana 70119 ("IE Enterprises"); and

-17-

South Cortez, LLC, a Louisiana limited liability company maintaining its principal place of business at 727 S. Cortez, New Orleans, Louisiana 70119 ("Cortez").   IE Building, IE Enterprises and Cortez are collectively IE Builders.

2.

On or about November 23, 2009, Plaintiffs in the main demand filed suit for damages allegedly resulting from the faulty construction of their home.  *See generally* Petition.

3.

Plaintiffs allege that on or about January 28, 2006, they signed a Conventional Purchase Agreement with Tallow Creek, LLC to buy property bearing municipal address 683 Solomon Drive, Covington, Louisiana 70433.  *See* Petition, ¶¶ 1 - 20.

4.

Plaintiffs further allege that on or about January 28, 2006, they closed on a new home that was constructed by Southern Homes, LLC and sold to them by Tallow Creek, LLC (collectively "Tallow Creek").[2]  *See id.*

5.

Plaintiffs further allege that their home contains defective Chinese drywall that was installed by either Tallow Creek or its subcontractor.  *See id.*  Tallow Creek alleges that INEX was the supplier of the drywall at issue and that Graf's was the installer.

---

[2]  As noted in the Answer above, Southern Homes, LLC has been improperly named as a defendant in this matter.  Southern Homes in no way participated in the construction or design of Plaintiffs' home, nor does it have any contractual privity with the Plaintiffs.

6.

Plaintiffs further allege that Tallow Creek is liable to them under various theories of liability for any and all damages sustained by them in connection with the purchase of their home.

7.

Tallow Creek denies that it has any legal liability to Plaintiffs, but avers that if such liability exists, Graf's and INEX are liable to Tallow Creek for any such liability Tallow Creek may have for any damages sustained by Plaintiffs that allegedly resulted from defective Chinese drywall.

8.

Upon information and belief, Graf's was the only drywall installer used by Tallow Creek on Plaintiffs' home.

9.

Tallow Creek and Graf's entered into various agreements wherein Graf's agreed to install drywall for Tallow Creek Subdivision. The agreements require Graf's to indemnify and hold harmless Tallow Creek from and against any and all damages rendered against Tallow Creek in this matter.

10.

Tallow Creek is seeking contribution and indemnity from Graf's for any and all judgments and awards that may be rendered against Tallow Creek.

11.

. In the alternative, the cause of the alleged defect made the subject of this litigation was due in whole or in part by the negligence of Graf's and not by any negligence of Tallow Creek. Graf's is alleged to be negligent in its failure to properly install and inspect the drywall.

12.

Alternatively, Graf's was to have procured insurance naming Tallow Creek as an additional insured. Based upon the issuance of said policies, Graf's and its insurers are obligated to provide Tallow Creek indemnity coverage and defense in this matter.

13.

Upon information and belief, INEX was the only drywall supplier used by Tallow Creek in connection with the construction of Plaintiffs' home.

14.

The drywall sold by INEX is the proximate cause of any and all alleged damages sustained by Plaintiffs.

15.

If Tallow Creek has any legal liability to Plaintiffs, INEX is liable to Tallow Creek for same.

**WHEREFORE,** Tallow Creek prays that its Answer be deemed good and sufficient and that, after due proceedings are had hereon, Plaintiffs' Petition be dismissed with prejudice and Tallow Creek be awarded such other general and equitable relief as this Court deems appropriate. Tallow

Creek, LLC further prays that in the event it is found liable to Plaintiffs, Graf's and INEX are liable to Tallow Creek for same.

Respectfully submitted,

/s/ James M. Garner
JAMES M. GARNER #19589
MARTHA Y. CURTIS #20446
MATTHEW C. CLARK #31102
**SHER GARNER CAHILL RICHTER KLEIN
& HILBERT, L.L.C.**
909 Poydras Street, Twenty-Eighth Floor
New Orleans, Louisiana  70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
**ATTORNEYS FOR SOUTHERN HOMES, LLC; AND
TALLOW CREEK, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by depositing same in the United States Mail, and/or via facsimile, properly addressed and postage prepaid, this ____ day of August, 2010.

/s/ James M. Garner
JAMES M. GARNER

-21-