St Tammany Parish Clerk of Court - C200914632, 08/09/2010, 660 - page 1 of 1

2009-14632 J

## LARZELERE PICOU WELLS SIMPSON LONERO, LLC
ATTORNEYS AT LAW
SUITE 1100 - TWO LAKEWAY CENTER
3850 N. CAUSEWAY BOULEVARD
METAIRIE, LOUISIANA 70002
TELEPHONE (504) 834-6500

ANGIE ARCENEAUX AKERS
aakers@lpwsl.com

FAX (504) 834-6565

August 6, 2010

Honorable Malise Prieto
Clerk of Court
22nd Judicial District Court
701 N. Columbia Street
Covington, LA 70434

RE:   Candace Hakenjos wife of/and Todd Hakenjos
      v. Tallow Creek, L.L.C., et al
      **22nd JDC No. 2009-14632, Div. "J"**
      Our File:  000800-09201

FILED

AUG - 9 2010

MALISE PRIETO - CLERK

Dear Ms. Prieto:

Enclosed please find an original and one (1) copy of *Notice of Removal,* which we would appreciate your filing into the record of the captioned matter and returning a conformed copy to the undersigned in the enclosed self-addressed, stamped envelope provided for your convenience.

Our firm check in the amount of $35.00 is enclosed to cover the filing fee.

Should you have any questions concerning the above, please do not hesitate to contact us.

Kind regards,

Angie Arceneaux Akers

AAA/cwt
Enclosures
cc:   Seth J. Smiley, Esq. (w/encl.)
      Martha Young Curtis (w/encl.)
      Carlina C. Eiselen (w/encl.)
      Marjorie B. Breaux (w/encl.)
      Thomas G. Buck, Esq. (w/encl.)
      Brent J. Bourgeois, Esq. (w/encl.)

EXHIBIT
"A"

St Tammany Parish Clerk of Court - C200914632, 08/09/2010, 890 - page 1 of 2

## 22nd JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. TAMMANY

### STATE OF LOUISIANA

NO. 2009-14632                                      DIVISION "J"

### CANDACE HAKENJOS WIFE OF/AND TODD HAKENJOS

### VERSUS

### TALLOW CREEK, L.L.C., SOUTHERN HOMES, L.L.C. ABC INSURANCE COMPANY, XYZ INSURANCE COMPANY, MNO INSURANCE COMPANY, JOHN DOE SUPPLY AND JOHN DOE SUBCONTRACTORS

FILED: _August 9 2010_ _____

                              DEPUTY CLERK

### NOTICE OF REMOVAL

TO:   Clerk of Court
      22nd Judicial District Court
      Parish of St. Tammany
      701 N. Columbia Street
      Covington, LA 70434

PLEASE TAKE NOTICE that defendant, Republic Fire and Casualty Insurance Company ("Republic") has filed a _Notice of Removal,_ which removed this action, entitled _Candace Hakenjos wife of/and Todd Hakenjos versus Tallow Creek, L.L.C., Southern Homes, L.L.C., ABC Insurance Company, XYZ Insurance Company, MNO Insurance Company, John Doe Supply and John Doe Subcontractors,_ bearing docket number 2009-14632 in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, to the United States District Court for the Eastern District of Louisiana. This Notice is being filed in conformity with 28 U.S.C. § 1446(d).



1

Respectfully submitted,

**LARZELERE PICOU WELLS**
        **SIMPSON LONERO, LLC**
Suite 1100 - Two Lakeway Center
3850 N. Causeway Boulevard
Metairie, LA  70002
Telephone:  (504) 834-6500
Fax: (504) 834-6565

BY:    _____
        JAY M. LONERO, T.A. (No. 20642)
        jlonero@lpwsl.com
        **ANGIE ARCENEAUX AKERS (No. 26786)**
        aakers@lpwsl.com

**ATTORNEYS FOR REPUBLIC FIRE AND
CASUALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been forwarded to all counsel of

record via telefacsimile, e-mail, or by placing a copy of same in the United States Mail,

postage prepaid, this _6th_ day of August, 2010.

_____

A CERTIFIED TRUE COPY
Witness my signature and seal of office.
Attested by: _____
DY. CLERK, 22nd JUD. DIST. COURT
ST. TAMMANY PARISH, LA

2


FRILOT | LLC

ATTORNEYS AT LAW

2009- 14632 J

Frilot L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Phone: 504.599.8000
Facsimile: 504.599.8100
www.frilot.com

**Garrett W. Thalgott**
*Associate*
Phone:    504.599.8247
Fax:      504.619.4948
E-Mail:   gthalgott@frilot.com

August 6, 2010

FILED

AUG - 9 2010

MALISE PRIETO - CLERK
Deputy

Ms. Malise Prieto
Clerk of Court
22nd Judicial District Court
Parish of St. Tammany
P.O. Box 1090
Covington, LA 70434

Re:   *Candance Hakenjos Wife of/and Todd Hakenjos v. Tallow*
      *Creek, L.L.C., Southern Homes, L.L.C., et al*
      **22nd JDC No.:  2009-14632; Division "J"; Parish of St. Tammany**
      **Our File:    1977-091480**

Dear Ms. Prieto:

Attached please find Knauf GMBH's Dilatory and Peremptory Exceptions to Interior Exterior's Third party Demand which was fax-filed into the court record on August 4, 2010 in the above-referenced matter.

By copy of this letter *via* U. S. Mail, we are enclosing an original and two copies of the above pleading with my firm's check in the amount of $250.00 to cover the cost of this request. Please return a conformed copy to me.

If you should have any questions, please do not hesitate to contact me.

Sincerely,

Garrett Thalgott

Garrett W. Thalgott

GWT/ljh
Enclosures

290379-1

22nd JUDICIAL DISTRICT COURT

FOR THE PARISH OF ST. TAMMANY

STATE OF LOUISIANA

NO.: 2009-14632                                      DIVISION "J"

CANDANCE HAKENJOS WIFE OF/AND TODD HAKENJOS

VERSUS.

TALLOW CREEK, L.L.C., SOUTHERN HOMES, L.L.C., ET AL.

FILED: _August 9, 2010_                    _____
                                            Deputy Clerk

**KNAUF INSULATION GMBH'S DILATORY AND PEREMPTORY EXCEPTIONS TO
INTERIOR EXTERIOR'S THIRD PARTY DEMAND**

    **NOW INTO COURT**, through undersigned counsel, comes Third Party Defendant,
Knauf Insulation GmbH ("Knauf"), and for its Dilatory and Peremptory Exceptions to Interior
Exterior Building Supply, L.P.'s ("INEX") third party demand asserts the following:

1.

**Peremptory Exception of No Right of Action for
Breach of Contract – La.C.C.P. art. 927(A)(5)**

    Pursuant to La.C.C.P. art. 927(A)(5), Knauf Insulation asserts the peremptory exception
of no right of action for INEX's breach of contract claims. INEX has no legal capacity to
proceed against Knauf Insulation because there is no contractual relationship between Knauf
Insulation and INEX regarding the drywall at issue. The only contract at issues involves INEX
and third parties in China. As a result, INEX's claims should be dismissed.

2.

**Peremptory Exception of No Cause of Action for
Breach of Contract—La.C.C.P. art. 927(A)(4)**

    Pursuant to La.C.C.P. art. 927(A)(4), Knauf Insulation asserts the peremptory exception
of no cause of action for INEX's breach of contract claims. INEX has failed to plead the
existence of any contractual relationship between Knauf Insulation and INEX regarding the
drywall at issue. The only contract at issues involves INEX and third parties in China. As a
result, INEX's claims should be dismissed.

FAX FILED
8/4/2010

**3.**

### Dilatory Exception of Prematurity—La.C.C.P. Art. 926(A)(1)

Alternatively, pursuant to La.C.C.P. art. 926(A)(1), Knauf Insulation asserts the dilatory exception of prematurity because the only contract at issue, which is between Knauf Plasterboard Tianjin Company, Ltd. (not Knauf Insulation) and INEX, contains an arbitration clause requiring all disputes to be arbitrated in Tianjin, China. In Louisiana, the law favors arbitration, and any suit brought upon any issue referable to arbitration should not proceed pending arbitration. *Aguillard v. Auction Management Corp.*, 908 So.2d 1, 2004-2804, **6-7 (La. 6/29/05)(citing La.Rev.Stat. § 9:4201). The "failure of a party to arbitrate in accordance with the terms of an agreement may be raised either through a dilatory exception of prematurity demanding dismissal of suit or by motion to stay proceedings pending arbitration." *LaGrange v. Dynamic Industries, Inc.*, 875 So.2d 1059, 2004-100, **3 (La.App. 3 Cir. 6/9/04). Accordingly, Knauf Insulation respectfully requests that this suit be dismissed without prejudice at INEX's cost.

**4.**

### Peremptory Exception of No Cause of Action for Products Liability—La.C.C.P. art. 927(A)(4)

Pursuant to La.C.C.P. art. 927(A)(4), Knauf Insulation asserts the peremptory exception of no cause of action for INEX's claims made pursuant to the Louisiana Products Liability Act ("LPLA"), including claims of defective design, defective manufacture, and failure to warn. La.Rev.Stat. § 9:2800.52, et seq., specifically sets forth the manufacturers and sellers that may be held liable pursuant to the LPLA. Knauf Insulation is not a manufacturer or seller as defined by the LPLA, and INEX has not alleged sufficient facts to show that the LPLA applies to this claim. La.Rev.Stat. § 9:2800.53. Furthermore, INEX's Third party demand sets forth that the drywall at issue was not manufactured or sold by Knauf Insulation but by third parties in China. As a result, INEX's claims should be dismissed.

**5.**

### Peremptory Exception of No Cause of Action for Breach of Contract and Negligence—La.C.C.P. art. 927(A)(4)

Pursuant to La.C.C.P. art. 927(A)(4), Knauf Insulation asserts the peremptory exception of no cause of action for INEX's breach of contract and negligence claims, including the claim that Knauf Insulation breached its duty to supply truthful information. In paragraphs 6, 8, 9 and 10 of the Third party demand, INEX alleges that Knauf Insulation was acting as an agent of the

third party manufacturers and sellers of the drywall at issue.   In Louisiana, an agent (or mandatary) "who contracts in the name of the principal within the limits of his authority does not bind himself personally for the performance of the contract." La.C.C. art. 3016; see also *Orleans Parish School Board v. Gregg*, 708 So. 2d 425, (La.App. 4 Cir. 1/14/98)(a mandatary is similarly not liable in tort).   Rather, the "principal is bound to perform the contract that the mandatary, acting within the limits of his authority, makes with a third person." La.C.C. art. 3020.   As a result, INEX's breach of contract and negligence claims should be dismissed.

Respectfully submitted,

BY: _____
KERRY J. MILLER (#24562)
EUGENE TERK (#28834)
PAUL C. THIBODEAUX (#29446)
KYLE A. SPAULDING (#29000)
GARRETT W. THALGOTT (#30970)
**FRILOT L.L.C.**
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone: (504)599-8194
Facsimile:  (504)599-8145
Email: gthalgott@frilot.com

Counsel for Defendant, KNAUF INSULATION
GMBH

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served upon counsel for Interior Exterior Building Supply, L.P., through its counsel of record, Lambert J. Hassinger/Carlina C. Eiselen, Galloway, Johnson, Tompkins, Burr & Smith, 701 Poydras Street, Suite 4040, New Orleans, Louisiana  70139 by depositing same in the U.S. mail, postage prepaid, this 4th day of August, 2010.

_____
GARRETT W. THALGOTT

A CERTIFIED TRUE COPY
Witness my signature and seal of office.
Attested by: _____
DY. CLERK, 22nd JUD. DIST. COURT
ST. TAMMANY PARISH, LA

289658-1

22nd JUDICIAL DISTRICT COURT

FOR THE PARISH OF ST. TAMMANY

STATE OF LOUISIANA

NO.: 2009-14632                                              DIVISION "J"

CANDANCE HAKENJOS WIFE OF/AND TODD HAKENJOS

VERSUS.

TALLOW CREEK, L.L.C., SOUTHERN HOMES, L.L.C., ET AL.

FILED: _August 9, 2010_ _____
                                    Deputy Clerk

## RULE TO SHOW CAUSE

Third-Party Plaintiff, Interior Exterior Building Supply, L.P., be and is hereby ordered to show cause on the _10th_ day of _November_ 2010, at _9:00_ a.m. why Knauf Insulation GMBH's Dilatory and Peremptory Exceptions should not be granted.

New Orleans, Louisiana, this _12th_ day of _August_, 2010.

_____
                         JUDGE

PLEASE SERVE:

Third-Party Plaintiff, Interior Exterior Building Supply, L.P.,
Through its Counsel of Record,
Richard G. Duplantier, Jr./Lambert J. Hassinger/Carlina C. Eiselen
Galloway, Johnson, Tompkins,
  Burr & Smith
701 Poydras St., Suite 4040
New Orleans, LA 70139

A CERTIFIED TRUE COPY
Witness my signature and seal of office.
Attested by: Alma P. Melancon
DY. CLERK, 22nd JUD. DIST. COURT
ST. TAMMANY PARISH, LA

22nd  JUDICIAL DISTRICT COURT

FOR THE PARISH OF ST. TAMMANY

STATE OF LOUISIANA

NO.: 2009-14632                                                 DIVISION "J"

CANDANCE HAKENJOS WIFE OF/AND TODD HAKENJOS

VERSUS.

TALLOW CREEK, L.L.C., SOUTHERN HOMES, L.L.C., ET AL.

FILED: _August 9, 2010_                          _____
                                                              Deputy Clerk

### KNAUF INSULATION GMBH'S MEMORANDUM IN SUPPORT OF DILATORY AND PEREMPTORY EXCEPTIONS TO INTERIOR EXTERIOR BUILDING SUPPLY L.P.'S THIRD PARTY DEMAND

MAY IT PLEASE THE COURT

This memorandum is submitted on behalf of Defendant, Knauf Insulation GmbH ("Knauf Insulation"), in support of its Dilatory and Peremptory Exceptions to Interior Exterior Building Supply, L.P.'s ("INEX") third party demand. In response, Knauf Insulation asserts the following exceptions:

1.    The Peremptory Exception of No Right of Action for Breach of Contract.

2.    The Peremptory Exception of No Cause of Action for Breach of Contract.

3.    The Peremptory Exception of No Cause of Action for Products Liability.

4.    The Peremptory Exception of No Cause of Action for Contract and Negligence Claims.

5.    The Dilatory Exception of Prematurity.

For the reasons set forth below, Knauf Insulation's exceptions should be granted and INEX's claims dismissed.

### BACKGROUND

Knauf Insulation is a corporation with it principal place of business in Shelbyville, Indiana. (Third Party Demand, ¶ 1.) Knauf Insulation engages in the manufacturing and sale of insulation, not drywall. INEX has alleged that Knauf Insulation breached a contract. (Third Party Demand, ¶13.) Despite the allegation of breach, INEX has not alleged the existence of a contract. (*See* Third Party Demand.) INEX has produced document in related litigation in

1

federal court, but the only contracts for the purchase of drywall with a Knauf entity are contracts between INEX and Knauf Plasterboard (Tianjin) Co, Ltd. ("KPT") and Knauf Plasterboard (Wuhu) Co., Ltd. ("Knauf Wuhu"). (*See* Contracts, attached as Ex. A.) INEX does not allege a contract with Knauf Insulation because there was none and KPT or Knauf Wuhu, not Knauf Insulation, manufactured and sold drywall to INEX. While it may be premature to contest the allegations of INEX's allegations in all of the exceptions, INEX's contracts with KPT and Knauf Wuhu make it clear that it has no claims against Knauf Insulation.

## LAW AND ARGUMENT

### I.   PEREMPTORY EXCEPTION OF NO RIGHT OF ACTION.

The exceptions of no cause of action and no right of action are separate and distinct exceptions, each of which serves a particular purpose and involves different procedural rules. *Franks v. Royal Oldsmobile Co., Inc.*, 605 So. 2d 633 (La. Ct. App. 5th Cir. 1992). The Louisiana Supreme Court explained the difference between the two in *Badeaux v. Southwest Computer Bureau, Inc.*, 929 So. 2d 1211 (La. 2006):

> [O]ne of the primary differences between the exception of no right of action and no cause of action lies in the fact that the focus in an exception of no right of action is on whether the particular plaintiff has a right to bring suit, while the focus in an exception of no cause of action is on whether the law provides a remedy against the particular defendant.

A peremptory exception of no right of action relates specifically to the person of the plaintiff. *Bamber Contractors, Inc. v. Henderson Bros., Inc.*, 345 So. 2d 1212 (La. Ct. App. 1st Cir. 1977). Thus, the objection raises the question of whether the plaintiff has a right or legal interest in the subject matter of the suit. *Palowsky v. Premier Bancorp, Inc.*, 597 So. 2d 543 (La. Ct. App. 1st Cir. 1992); *see also Mercier v. Flugence*, 408 So. 2d 52 (La. Ct. App. 3d Cir. 1981); *Gaudet v. Board of Com'rs for Pontchartrain Levee Dist.*, 339 So. 2d 931 (La. Ct. App. 4th Cir. 1976).

The defendant filing an exception of no right of action has the burden of proving that the plaintiff has no interest in the subject matter of the suit or that the plaintiff has no legal capacity to proceed with the suit. *Ridgedell v. Succession of Kuyrkendall*, 740 So. 2d 173 (La. Ct. App. 1st Cir. 1999). Evidence supporting or controverting an exception of no right of action is admissible. *Edwards v. Superior Coach Sales, Inc.*, App.1982, 417 So.2d 1289, writ denied 422 So.2d 423; *Gustin v. Shows*, App.1979, 377 So. 1325; *Lake Charles Fire Fighters Ass'n Local Union No. 561 v. City of Lake Charles*, App.1971, 255 So.2d 372; *Invest, Inc. v. State*, App.1971, 247 So.2d 175; *Bielkiewicz v. Rudisill*, App.1967, 201 So.2d 136.

2

To have a right of action in contract, a plaintiff must prove that a contractual relationship with the defendant exists, i.e. privity. *Washington Mut. Bank v. Monticello*, 2007-1018 (La.App. 3 Cir. 2/6/08); 976 So.2d 251, 254-56. Otherwise stated, one must be a party to a contract in order to have a right of action to sue for breach of that contract. *See Randall v. Lloyd's Underwriter's at London*, 602 So. 2d 790 (La. Ct. App. 4th Cir. 1992); *see also Snyder v. Belmont Homes, Inc.*, App. 1 Cir.2005, 899 So.2d 57, 2004-0445 (La.App. 1 Cir. 2/16/05), *rehearing denied, writ denied* 904 So.2d 699, 2005-1075 (La. 6/17/05); *Creaghan-Webre-Baker v. Le,* App. 3 Cir.1988, 534 So.2d 94.

Here, except for one conclusory allegation that there is a breach of contract (*see* Third Party Demand, ¶13), INEX has failed to plead the existence of a contract between itself and Knauf Insulation. INEX's failure is grounded in the facts – it only had contracts with KPT and Knauf Wuhu. (*See* Ex. A.) Because INEX did not have a contract with Knauf Insulation, it has no right to a breach of contract claim, and INEX's breach of contract claims should be dismissed with prejudice.

## II.   PEREMPTORY EXCEPTIONS OF NO CAUSE OF ACTION.

The exception of no cause of action tests the legal sufficiency of the petition by determining whether Louisiana law affords a remedy under the factual allegations in the pleading. *Industrial Co., Inc. v. Durbin,* 837 So.2d 1207, 1213 (La. 2003). In considering an exception of no cause of action, the Court is limited to an examination of the pleadings alone, and only considers whether the petition itself alleges a cause of action on any ground or theory of recovery presently recognized by Louisiana statute or jurisprudence. *Badeaux v. Southwest Computer Bureau, Inc.,* 929 So.2d 1211, 1217 (La. 2006). Therefore, no evidence may be introduced at any time either to controvert or to support an exception of no cause of action. La. Code Civ. P. art. 931 (West 1984); *Woodland Ridge Ass'n v. Cangelosi,* 671 So.2d 508, 510 (La. App. 1st Cir. 1995), *no writ*; *Zar v. Gaudet,* 648 So.2d 1012, 1013-14 (La. App. 5th Cir. 1994), *no writ*; *Doe v. Entergy Services, Inc.,* 608 So.2d 684, 686 (La. App. 4th Cir. 1993), *writ denied,* 613 So.2d 978 (La. 1993), *cert. denied,* 510 U.S. 816 (1993).

### A.   No Cause of Action for Breach of Contract.

Knauf Insulation asserts the peremptory exception of no cause of action for breach of contact under La. C.C.P. art. 927(A)(5) because INEX has failed to plead the existence of a contractual relationship. In order to state a prima facie case of breach of contract, a plaintiff

3

must show that a contract exists between the two parties. *B. & H. Twin Master Cylinder Co. v. Scott*, 223 La. 427, 434 (La. 1953). A valid contract requires offer, acceptance, consideration, mutual consent and intent to be bound. La. C.C. art. 1927; *Walk Haydel & Assocs., Inc. v. Coastal Power & Prod. Co.*, 2009 U.S. Dist. LEXIS 67132 (E.D. La. 2009)(internal citations omitted).

Here, INEX has failed to plead the existence of any contractual relationship between Knauf Insulation and INEX regarding the drywall at issue. (*See* Third Party Demand.) There is no allegation of an offer, acceptance, consideration, mutual consent or intent to be bound. (*Id.*) As discussed above, INEX cannot make such allegations because no contract was ever entered into between Knauf Insulation and INEX regarding drywall. The only contracts at issue are between KPT and Knauf Wuhu (parties to the original suit) and INEX and do not in any way involve Knauf Insulation. Contracts with KPT and Knauf Wuhu aside, because INEX has failed to plead the existence of any contractual relationship between Knauf Insulation and INEX, INEX's breach of contract claims should be dismissed with prejudice.

> **B.     No Cause of Action for Products Liability.**

Pursuant to La. C.C.P. art. 927(A)(5), Knauf Insulation asserts the peremptory exception of no cause of action for INEX's claims made pursuant to the Louisiana Products Liability Act ("LPLA"), including claims of defective design, defective manufacture and failure to warn. *See* La. Rev. Stat. § 9:2800.52 *et seq.* The LPLA provides "the exclusive theories of liability for manufacturers for damage caused by their products" and specifically defines the classes of "manufacturers" that may be held liable pursuant to the LPLA. *Id. at* §§ 9:2800.52-53. Because the allegations in INEX's Third Party Demand do not place Knauf Insulation within any of the statutory definitions of a "manufacturer," the Court should dismiss INEX's product liability claims. *See id. at* § 9:2800.53; (Third Party Demand, ¶¶ 6-8; 11.)

Neither Plaintiff in the underlying lawsuit nor INEX alleges that Knauf Insulation manufactures drywall in general, or the allegedly defective drywall at issue. (Third Party Demand, ¶¶ 2, 4.) INEX also does not claim that Knauf Insulation sold INEX the allegedly defective drywall. Rather, INEX attempts to extend product liability to Knauf Insulation, an entirely unrelated third party outside of the chain of commerce (which also happens to be located in the United States), based solely on an alleged minor role in connecting INEX to companies in China that manufacture the drywall that INEX purchased. (Third Party Demand, ¶¶ 2, 7, 8.)

4

Alleging that Knauf Insulation has a role in procuring the drywall from a foreign drywall manufacturer, even one that is allegedly affiliated with Knauf Insulation, does not state a claim under the LPLA. INEX's Third Party Demand is therefore improper.

The Louisiana legislature, in enacting the LPLA as the exclusive remedy in products liability, "clearly chose not to extend products liability into the 'chain of commerce,'" but rather limited liability to those who have the status of a manufacturer. *Ankum v. White Consol. Indus.*, Civ. No. 91-2990 Sec. "G," 1992 U.S. Dist. LEXIS 11748, *5, *7 (E.D. La. 1992). The LPLA requires, therefore, that the plaintiff allege that the defendant is a "manufacturer" under the statute. La. Rev. Stat. §§ 9:2800.52-53; *Aucoin v. Southern Quality Homes, LLC*, 984 So. 2d 685, 691 (La. 2008); *Jack v. Alberto-Culver USA, Inc.*, 949 So. 2d 1256, 1259 (La. 2007) (listing elements of a products liability claim under the LPLA).

The statute sets forth five alternative definitions of "manufacturer":

(1)      ... [A] person or entity who is in the business of manufacturing a product [i.e., producing, making, fabricating, constructing, designing, remanufacturing, reconditioning or refurbishing a product] for placement into trade or commerce[ ... ;]

      (a)   A person or entity who labels a product as his own or who otherwise holds himself out to be the manufacturer of the product[;]

      (b)   A seller of a product who exercises control over or influences a characteristic of the design, construction or quality of the product that causes damage[;]

      (c)   A manufacturer of a product who incorporates into the product a component or part manufactured by another manufacturer[; or]

      (d)   A seller of a product of an alien manufacturer if the seller is in the business of importing or distributing the product for resale and the seller is the alter ego of the alien manufacturer. ...

La. Rev. Stat. § 9:2800.53(1). For the purposes of subsections (1)(b) and (1)(d), a "seller" is "a person or entity who is not a manufacturer and who is in the business of conveying title to or possession of a product to another person or entity in exchange for anything of value." *Id. at* § 9.2800.53(2). Liability under the LPLA cannot attach to Knauf Insulation because INEX has not properly pled that Knauf Insulation is a "manufacturer" under any of the Act's five definitions. *See id. at* §§ 9:2800.53(1)(a)-(d).

          i.   **Knauf Insulation is not in the "business of manufacturing" drywall.**

INEX has failed to allege that Knauf Insulation fits within the general definition of "manufacturer" in Section (1) of the LPLA. Section (1) of the LPLA applies only if the

5

defendant is "in the business of manufacturing a product for placement into trade or commerce." *Id. at* § 9:2800.53(1). The phrase "in the business of manufacturing a product" means that manufacturing is a part of the defendant's regular operations. *Carrier v. Robert D. Westerman, DDS, Ltd.*, Civ. No. 2008 CA 1615, 2009 La. App. LEXIS 1138, *12 n.2 (La. Ct. App. [1st Cir.] June 17, 2009) (declining to find a dentist was "in the business" of manufacturing an allegedly defective dental bridge because his "business consist[ed] of providing professional dental services to patients."). The phrase "a product" refers to the allegedly defective product at issue, not merely manufactured products generally. *See, e.g., Cook v. United Container Mach.*, 712 So. 2d 307, 308-09 (La. Ct. App. [5th Cir.] 1998) (rejecting a finding that the defendant is a "manufacturer" under section (1) because it did not manufacture the product at issue, nothing "[i]f the [defendant] helped design the printer slotter [model at issue], then it would be deemed a manufacturer under the LPLA."). The only activities qualifying as "manufacturing" under Section (1) of the LPLA are "producing, making, fabricating, constructing, designing, remanufacturing, reconditioning or refurbishing" the product at issue for placement into trade or commerce. La. Rev. Stat. at § 9:2800.53(1); *Cook*, 712 So. 2d at 308. Finally, the phrase "trade and commerce" refers to "'[e]very business occupation carried on for subsistence or profit and involving the elements of bargain and sale, barter, exchange, or traffic.'" *Carrier*, Civ. No. 2008 CA 1615, 2009 La. App. LEXIS 1138, at *12 n.2 (quoting BLACK'S LAW DICTIONARY 1500 (7th ed. 1999).

INEX does not allege that Knauf Insulation was "in the business of manufacturing" the drywall at issue here. INEX does not allege, because it cannot, that Knauf Insulation received any payment from KPT as a result of the sales transaction between INEX and KPT. INEX therefore cannot allege that Knauf Insulation achieved "subsistence or profit" by virtue of having in any way dealt with the allegedly defective drywall for purposes of establishing that it manufactured that product "for placement into trade or commerce." *See* La. Rev. Stat. § 9:2800.53(1).

   ii. **Knauf Insulation neither holds itself out as a manufacturer of drywall, nor sells drywall.**

INEX has also not alleged that Knauf Insulation is a manufacturer under Subsection (1)(a) of the LPLA. Subsection (1)(a) is applicable only to the extent there were allegations that Knauf Insulation labeled the drywall as its own or held itself out as the manufacturer. *See id. at* § 9.2800.53(1)(a). In placing its own label on a product, a defendant "accept[s] the same

6

responsibilities as a manufacturer." *Oxley v. Sabine River Auth.*, 663 So. 2d 497, 507 (La. Ct. App. [3d Cir.] 1995), *writs denied*, 668 So. 2d 357, 368 (La. 1996). The absence of a label does not create a presumption that a defendant held itself out as a manufacturer, particularly where indicia show the product is of foreign origin. *See Matthews v. Wal-Mart Stores*, 708 So. 2d 1248, 1249 (Ct. App. La. [4th Cir.] 1998) (holding that Wal-Mart was not a manufacturer and noting no less than three times that the product at issue, a lamp that allegedly caused a fire, was labeled "Made in China"). There is no allegation that Knauf Insulation labeled the drywall as its own or that Knauf Insulation removed from the product any label that correctly identified the manufacturer. Indeed, INEX recognizes that Knauf Insulation was not the manufacturer when it distinguishes between "Knauf Insulation's" actions versus "*Knauf* drywall" and INEX's "purchases of *Knauf* product." (Third Party Demand, ¶¶ 8, 11.) INEX also could not have reasonably believed Knauf Insulation was manufacturing the drywall at issue, which was manufactured in, and shipped "FAS" from, China. (*See* Ex. A; Third Party Demand, ¶ 8.)

Additionally, as sophisticated purchaser, INEX is presumed to have negotiated and read the contracts, which identify *separately incorporated companies,* "Knauf Plasterboard Tianjin Co. Ltd.," and "Knauf Plasterboard (Wuhu) Co., Ltd.,) as the "Seller," and INEX as the exclusive "Buyer"), thus belying allegations that "[a]t no time during its marketing and sales efforts did Knauf Insulation draw any distinction between itself and the Knauf Companies." (*See* Ex. A; Third Party Demand, ¶ 9.) Nowhere do the contracts refer to Knauf Insulation. (*Id.*)

### iii.   Knauf Insulation is not a nonmanufacturing seller.

There are also insufficient allegations that Knauf Insulation is a nonmanufacturing "seller" as defined in Subsection 1(b). *See* La. Rev. Stat. § 9:2800.52-53(1)(b), (2). Alleging that the defendant is a "seller" requires credible allegations that it had title or possession of the product to convey to the buyer, *see Id. at* § 9:2800.53(2),[1] as well as that the seller "exercised control over or influenced" the design, production, or quality of the product at issue. *Id. at* § 9:2800.53(1)(b). INEX has not alleged that Knauf Insulation actually sold the drywall. INEX has further not alleged that Knauf Insulation took title to or possession of the drywall purchased by INEX. *See* La. Rev. Stat. § 9:2800.53(2). There is also no allegation that, even if it had had

---

[1] A nonmanufacturing seller of a defective product is not liable for damages in tort unless that seller knew or should have known the product was defective and failed to declare it, nor is a nonmanufacturing seller required to inspect a product for defects before sale. *Haley v. Wellington Specialty Ins. Co.*, 4 So. 3d 307, 313 (La. App. [2d Cir.] 2009) (quoting *Jackson v. Sears Authorized Retail Dealer Store*, 821 So. 2d 590, 593 (La. App. [2d Cir.] 2002). INEX does not allege that Knauf Insulation resold the Chinese drywall to INEX or otherwise conveyed title or possession to INEX.

title or possession of the drywall to convey, Knauf Insulation exercised control over or influenced the design, production, or quality of the drywall, as is required to meet the criteria of subsection (1)(b). At most INEX alleges that Knauf Insulation *facilitated* the sale, but nothing more, which is not sufficient for liability under the LPLA. *See, e.g., Tunica-Biloxi Indians of La. v. Pecot*, 2006 U.S. Dist. LEXIS 6663 (W.D. La. Feb. 1, 2006).

### iv.   INEX does not allege that Knauf Insulation incorporated drywall into any of its final products.

There is no allegation that Knauf Insulation incorporated drywall into any of its final products. Accordingly, INEX cannot establish that Knauf Insulation is a "manufacturer" under Subsection (1)(c). *See* La. Rev. Stat. § 9:2800.53(1)(c); *see also Loper v. National Union Fire Ins. Co.*, Civ. No. 99-1350, Sec. "L" (3), 2001 U.S. Dist. LEXIS 2406, *11 (E.D. La. Mar. 2, 2001) (noting that this subsection "contemplates situations in which a new product is manufactured through the use of components manufactured by others" and declining to assign liability where defendant merely installed the defective product). Indeed, there are no allegations that Knauf Insulation even manufactures drywall, which it does not.

### v.   No allegations support Knauf Insulation an importer or distributor of drywall or "alter-ego" of a foreign manufacturer.

INEX does not, and cannot, allege that Knauf Insulation is a manufacturer under Subsection (1)(d), which applies to "a seller of a product of an alien [i.e., foreign] manufacturer" that both "is in the business of importing or distributing the product for resale" and is the "alter ego" of that alien manufacturer. *See* La. Rev. Stat. § 9:2800.53(1)(d); *Fuller v. Am. Rec. Vehicles*, 801 So. 2d 642, 648 (La. App. [3d Cir.] 2001) (declining to deem a business a "manufacturer" under definition 1(d) where the defendant did not directly import or distribute for resale a product manufactured in Germany). Furthermore, a defendant's mere knowledge of a particular design of the product of a related affiliate manufacturer does not make it a "manufacturer" for purposes of subsection 1(d). *Andry v. Murphy Oil, U.S.A., Inc.*, 935 So. 2d 239, 249 (La. Ct. App. [4th Cir.] 2006).

Knauf Insulation is not alleged to be "in the business of importing or distributing" the Chinese drywall, as the application of section (1)(d) would require. Furthermore, the contracts INEX executed expressly state that it purchased the drywall directly from KPT or Knauf Wuhu, not from Knauf Insulation, and reflect the fact that the importer was the recipient, INEX, and not

8

Knauf Insulation. (Ex. A; Third Party Demand, ¶¶ 7-8.) There is no basis for alleging—and there are no allegations—that Knauf Insulation is KPT's or Knauf Wuhu's "alter ego."

Because Knauf Insulation meets none of the above definitions of "manufacturer," it is not among the market participants contemplated by the Louisiana State legislature in enacting the LPLA. Knauf Insulation is alleged to have acted as less than even a broker, conduit, or arranger of affairs. (Third Party Demand, ¶¶ 4, 7.) Such persons are not subject to liability under the LPLA. *Ankum*, Civ. No. 91-2990 Sec. "G," 1992 U.S. Dist. LEXIS 11748, at *7. Having failed to allege that Knauf Insulation is a manufacturer or seller within the meaning of the LPLA, INEX has no cause of action under the statute. Moreover, the contracts between INEX and KPT and Knauf Wuhu make it clear that any amendment of its pleadings would be futile. Knauf Insulation is not a manufacturer pursuant to the LPLA and any claims under the LPLA should be dismissed with prejudice.

 **C. Peremptory Exception of No Cause of Action for Tort and Contract Claims — La. C.C.P. art. 927(A)(5).**

Pursuant to La. C.C.P. art. 927(A)(5), Knauf Insulation asserts the peremptory exception of no cause of action for INEX's breach of contract and negligence claims, including the claim that Knauf Insulation breached its duty to supply truthful information. In Louisiana, an agent (or mandatary) "who contracts in the name of the principal within the limits of his authority does not bind himself personally for the performance of the contract." La. C.C. art. 3016; see also *Orleans Parish School Board v. Gregg*, 708 So. 2d 425, (La. App. 4 Cir. 1/14/98) (a mandatary is similarly not liable in tort). Rather, the "principal is bound to perform the contract that the mandatary, acting within the limits of his authority, makes with a third person." La.C.C. art. 3020.

Here, in Paragraphs 6, 8, 9 and 10 of the Third Party Demand, INEX alleges that Knauf Insulation was acting as an "agent" of the third party manufacturers and sellers of the drywall at issue. Louisiana law, however, is clear in providing that agents, *i.e.* mandataries, are not liable in tort or contract for the actions of their principals. As a result, INEX's breach of contract and negligence claims should be dismissed with prejudice.

**III. DILATORY EXCEPTION OF PREMATURITY.**

Knauf Insulation asserts the dilatory exception of prematurity because the only contracts at issue, which are between INEX and KPT or Knauf Wuhu, contain an arbitration clause requiring all disputes to be arbitrated in Tianjin, China or Wuhu, China, respectively.

9

The exception of prematurity is a challenge to the ripeness or maturity of the plaintiff's cause of action. *See LaCoste v. Pendleton Methodist Hospital*, LLC, 2007-2008 (La. 9/5/2007), 966 So.2d 519. The exception questions whether the plaintiff took the necessary preliminary steps to make the controversy ripe for judicial involvement. *Id.* In essence, the exception states that there is an unmet, pre-requisite condition, such that the cause of action cannot exist. *Id. See also Hardee v. Atlantic Richfield*, 2005-1207 (La. App. 3 Cir. 4/5/2006), 926 So.2d 736. The objection of prematurity claims that the action was brought prior to some procedure, and is usually used when a contract has provided a procedure wherein the aggrieved party must seek alternative relief before resorting to judicial action. *Eusea v. Blanchard*, 2004-1855 (La. App. 1 Cir. 3/11/2005), 899 So.2d 41.

Whether KPT or Knauf Wuhu intend to enforce the arbitration provisions is irrelevant and cannot be decided by Knauf Insulation. However, the only contracts relating to sale of drywall at issue are between KPT and Knauf Wuhu, parties to the original suit, and INEX. (*See* Ex. A.) Those contracts state that they are subject to arbitration in Tianjin, China or Wuhu, China. (*Id.*) In Louisiana, the law favors arbitration, and any suit brought upon any issue referable to arbitration should not proceed pending arbitration. *Aguillard v. Auction Management Corp.*, 908 So.2d 1, 2004-2804, **6-7 (La. 6/29/05) (citing La. Rev. Stat. § 9:4201). INEX has not alleged that it has initiated or completed arbitration with KPT or Knauf Wuhu pursuant to the contracts. INEX cannot make an end run around those arbitration provisions by attempting to bring a legal action against Knauf Insulation. Accordingly, INEX's claims are premature, and this suit should be dismissed, without prejudice, at INEX's cost.

Respectfully submitted,

BY: _Kerry W. Miller_
KERRY J. MILLER (#24562)
EUGENE TERK (#28834)
PAUL C. THIBODEAUX (#29446)
KYLE A. SPAULDING (#29000)
GARRETT W. THALGOTT (#30970)
**FRILOT L.L.C.**
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone: (504)599-8194
Facsimile: (504)599-8145
Email: kmiller@frilot.com

Counsel for Defendant, INEX Homes, Inc.

10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served upon counsel for Interior Exterior Building Supply, L.P., through its counsel of record, Lambert J. Hassinger/Carlina C. Eiselen, Galloway, Johnson, Tompkins, Burr & Smith, 701 Poydras Street, Suite 4040, New Orleans, Louisiana  70139 by depositing same in the U.S. mail, postage prepaid, this 4th day of August, 2010.

GARRETT W. THALGOTT

A CERTIFIED TRUE COPY
Witness my signature and seal of office.

Attested by:

DY. CLERK, 22nd JUD. DIST. COURT
ST. TAMMANY PARISH, LA

11

289710-1



FILED
20 09 - 14632
AUG - 9 2010

MALISE PRIETO - CLERK
Deputy

# CONTRACT

CONTRACT NO.: EX-USD-20051019

DATE: Oct.21.2005

Seller: KNAUF PLASTERBOARD (TIANJIN) CO.,LTD.
Address: NORTH YINHE BRIDGE, EAST JINGJIN ROAR, BEICHEN DISTRICT,TIANJIN 300400 P.R.CHINA
Attn: Mark Norio          TEL NO.: 86 22-26872777          FAX: 86 22-26973349

Buyer: INTERIOR/EXTERIOR BUILDING SUPPLY, L.P.
Address: P.O.BOX 4002,NEW ORLEANS, LOUISIANA , USA
Attn: Clay Geary          TEL NO.: 001-985-6922834          FAX: 001-985-8097599

| DESCRIPTION | SPECIFICATION | QUANTITY | | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| | | (PCS) | (M2) | USD/pc | (USD) |
| | | | | FAS Tianjin, China | |
| STD Board | 1220*3660*12.5mm TE | 100000 | 446520 | 4.20 | $420,000.00 |
| TOTAL | | | | | $420,000.00 |

SAYING: US DOLLARS FOUR HUNDRED TWENTY THOUSAND ONLY.

REMARKS: 10% more or less both in quantity and amount

SHIPPING DATE: Latest delivery FAS Tianjin, China November 30,2005

PAYMENT TERMS: Irrevocable L/C at sight,

Insurance : Covered by buyer

DELIVERY TERMS: FAS Tianjin, China

SELLER
SIGNATURE:

BANK ACCOUNT:
THE HONGKONG
AND SHANGHAI BANKING CORP LTD TIANJIN BRANCH
SWIFT CODE: HSBCNSHTJN
BENIFICIARY: KNAUF PLASTERBOARD(TIANJIN)CO.,LTD
A/C: 005-003371-055

DESTINATION: New Orleans port

ARBITRATION:     TIANJIN, P.R.C
                 Interior/Exterior Building supply, LP
              By : Interior/Exterior—Enterprise, LLC, GP
BUYER
SIGNATURE: By : GPC Geary, Member

BANK ACCOUNT:



EXHIBIT
A

2005 Nov 17 13:25   HP LASERJET FAX                                    P.1

# CONTRACT

CONTRACT NO.: EX-USD-29051117

DATE: NOV.17,2005

Seller: KNAUF PLASTERBOARD (TIANJIN) CO.,LTD.
Address: NORTH YINHE BRIDGE, EAST JINGJIN ROAR, BEICHEN DISTRICT,TIANJIN 300400 P.R.CHINA
Attn: Mark Norris          TEL NO.: 86 22-26972777          FAX: 86 22-26973549

Buyer: INTERIOR/EXTERIOR BUILDING SUPPLY, LP.
Address: P.O.BOX 4002,NEW ORLEANS, LOUISIANA , USA
Attn: Clay Geary          TEL NO.: 001-985-8922134          FAX: 001-985-8097599

| DESCRIPION | SPECIFICATION. | QUANTITY | | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| | | (PCS) | (M2) | USD/pc | (USD) |
| | | | | FAS Tianjin,China | |
| STD Board | 1220*2560*12.5mm TE | 150000 | 668760 | 4.40 | $660,000.00 |
| TOTAL | | | | | $660,000.00 |
| SAYING: US DOLLARS SIX HUNDRED AND SIXTY THOUSAND ONLY. | | | | | |

REMARKS: 10% more or less both is quantiy and amount.

SHIPPING DATE: Latest delivery FAS Tianjin, China : before Dec. 30,2005

PAYMENT TERMS: Irrevocable L/C at sight.

Insurance : To be covered by buyer

DELIVERY TERMS: FAS Tianjin, China

SELLER
SIGNATURE:

BANK ACCOUNT:
THE HONGKONG
AND SHANGHAI BANKING CORP LTD TIANJIN BRANCH
SWIFT CODE: HSBCNSHTJN
BENIFICIARY: KNAUF PLASTERBOARD(TIANJIN)CO.,LTD
A/C: 006-005371-055

DESTINATION: New Orleans port

ARBITRATION:     TIANJIN, P.R.C
          Interior/Exterior Building Supply, LP.
     By: Interior/Exterior Enterprises,LLC, GP.
BUYER
SIGNATURE: By : Clay Geary, Member

BANK ACCOUNT:

INT/EXT00468

2005 Dec 21 16:03     HP LASERJET FAX                                    P.3
21/12 05  WED 08:40 FAX                                                  ☒001
DEC-20-2005 TUE 07:30 AM INTERIOR/EXTERIOR          FAX NO. 5042100081   P. 02

# CONTRACT

CONTRACT NO: EX-USD-1005/213

DATE: Dec.13, 2005

Seller: KNAUF PLASTERBOARD (TIANJIN) CO.,LTD.
Address: NORTH YINHE BRIDGE, EAST JINGJIN ROAR, BEICHEN DISTRICT,TIANJIN 300400 P.R.CHINA
Attn: Mark Norris                                      TEL NO: 86 22-26897777           FAX: 86 22-26897334D

Buyer: INTERIOR/EXTERIOR BUILDING SUPPLY,LLP.
Address: P.O.BOX 4002,NEW ORLEANS, LOUISIANA, USA
Attn: Clay Geary                                       TEL. NO: 001-485-8822234          FAX: 001-985-8047589

| DESCRIPTION | SPECIFICATION | QUANTITY | | UNIT PRICE | AMOUNT |
| | | (PCS) | (M2) | USD/(M2) | (USD) |
|---|---|---|---|---|---|
| | | | | | FAB Tianjin,China |
| STD Board | 1220*2680*12.5mm TE | 100000 | 441520 | 6.40 | 3440,000.00 |
| | | | | | |
| TOTAL | | | | | $440,010.25 |

SAYING: US DOLLARS FOUR HUNDRED AND FORTY THOUSAND ONLY.

REMARKS: 10% more or less both in quantity and amount.

SHIPPING DATE: Seller delivery the goods in Tianjin plant before Jan.16th,2006.
                Latest delivery FAS Tianjin according to both shipment date.

PAYMENT TERMS: Irrevocable L/C at sight.
Insurance : To be covered by buyer

DELIVERY TERMS: FAB Tianjin, China                    DESTINATION: New Orleans port

                                                       ARBITRATION:  Tianjin, P.R.C

SELLER                                                 BUYER
SIGNATURE:                                             SIGNATURE By:

BANK ACCOUNT:
THE HONGKONG
AND SHANGHAI BANKING CORP.LTD TIANJIN BRANCH          BANK ACCOUNT:
SWIFT CODE: HSBCHKHH
BENIFICIARY: KNAUF PLASTERBOARD (TIANJIN)CO.,LTD
               A/C: 004-010327.033

INT/EXT00430

# CONTRACT

CONTRACT NO. EX-USA-20080705

DATE: JUN 5th 2008

Seller: KNAUF PLASTERBOARD (WUHU) CO. LTD.
Address: NO.2 GANGWAN ROAD, DEVELOPMENT ZONE, WUHU, ANHUI 241002, P.R.CHINA
Att: Zhang Cheng Min          TEL.NO.: 0553-5841145          FAX.0553-5841146

Buyer: INTERIOR/EXTERIOR BUILDING SUPPLY, LP
Address: P.O.BOX 4002 NEW ORLEANS, LOUISIANA, USA
Att: G.A.PORT          TEL.NO.: 001 985-892-9344          FAX.001 985-898-7859

| DESCRIPTION | SPECIFICATION | QUANTITY (PCS) | (M2) | UNIT PRICE (USD/SC) | AMOUNT (USD) |
|---|---|---|---|---|---|
| | | | | CIF NEW ORLEANS | |
| | | | | BY BULK LINER IN FREE OUT | |
| PLASTERBOARD | 1/2" 4'x12' Square Edge | 96000 | 305.54 | | 305,360.00 |
| TOTAL | | | | | 305,360.00 |

SAYING: US DOLLARS: THREE HUNDRED AND FIVE THOUSAND THREE HUNDRED SIXTY ONLY

REMARKS: 10% more or less both in quantity and amount.
PACKING: Export standard packing by bulk shipment.
SHIPPING DATE: bulk shipment will be effect before July 30th
PAYMENT TERMS: Irrevocable L/C at sight
INSURANCE: To be covered by seller.

LOADING PORT: Shanghai, China          DESTINATION: New Orleans port, USA

ARBITRATION: WUHU, CHINA

SELLER                          BUYER: Interior/Exterior Building Supply, L.P.
SIGNATURE:                      SIGNATURE: by Interior/Exterior Enterprises, LLC, G.P.
                                by

INT/EXT00180

22nd JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. TAMMANY

STATE OF LOUISIANA

NO. 2009-14632                                                    DIVISION "J"

CANDACE HAKENJOS WIFE OF/AND TODD HAKENJOS

VERSUS

TALLOW CREEK, L.L.C., SOUTHERN HOMES, L.L.C. ABC INSURANCE
COMPANY, XYZ INSURANCE COMPANY, MNO INSURANCE COMPANY,
JOHN DOE SUPPLY AND JOHN DOE SUBCONTRACTORS

FILED: _____AUG 0 9 2010_____      ____S/PENNY BIBI_____

                                                    DEPUTY CLERK

NOTICE OF REMOVAL

TO:   Clerk of Court
      22nd Judicial District Court
      Parish of St. Tammany
      701 N. Columbia Street
      Covington, LA 70434

PLEASE TAKE NOTICE that defendant, Republic Fire and Casualty Insurance

Company ("Republic") has filed a *Notice of Removal*, which removed this action, entitled

*Candace Hakenjos wife of/and Todd Hakenjos versus Tallow Creek, L.L.C., Southern*

*Homes, L.L.C., ABC Insurance Company, XYZ Insurance Company, MNO Insurance*

*Company, John Doe Supply and John Doe Subcontractors*, bearing docket number 2009-

14632 in the 22nd Judicial District Court for the Parish of St. Tammany, State of

Louisiana, to the United States District Court for the Eastern District of Louisiana. This

Notice is being filed in conformity with 28 U.S.C. § 1446(d).

Respectfully submitted,

LARZELERE PICOU WELLS
    SIMPSON LONERO, LLC
Suite 1100 - Two Lakeway Center
3850 N. Causeway Boulevard
Metairie, LA  70002
Telephone:   (504) 834-6500
Fax: (504) 834-6565

BY: _____
    JAY M. LONERO, T.A. (No. 20642)
    jlonero@lpwsl.com
    ANGIE ARCENEAUX AKERS (No. 26786)
    aakers@lpwsl.com

ATTORNEYS FOR REPUBLIC FIRE AND
CASUALTY INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been forwarded to all counsel of

record via telefacsimile, e-mail, or by placing a copy of same in the United States Mail,

postage prepaid, this _____ day of August, 2010.

_____