# EXHIBIT I

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION ) ) ) ) This Document relates to: ) *Pate v. American International Specialty Lines Insurance Company, et al* (09-7791) ) ) ) ) | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |

## DEFENDANT, NGM INSURANCE COMPANY'S ANSWERS TO PLAINTIFF'S INTERROGATORIES CONCERNING JURISDICTION AND VENUE

**GENERAL OBJECTION:** Defendant, NGM Insurance Company objects to the plaintiff's page(s) of instructions and definitions to the extent such instructions and definitions purport to impose an obligation or burden that is greater than or inconsistent with the Federal Rules of Civil Procedure. Subject to and notwithstanding the stated objection, the defendant responds to these interrogatories as required by the Rules of Civil Procedure, giving words their ordinary meaning in the context of this action.

1. Do any of your subsidiary or parent corporations sell insurance - directly or indirectly - to Louisiana residents or entities? If so, for each, identify: its headquarters; your percent ownership in it or its percent ownership in you; any officers or directors common to you and the subsidiary or parent; and whether you and the subsidiary or parent maintain separate accounting systems.

    **ANSWER:** The defendant objects to Interrogatory No. 1 on the grounds that it is overly broad, unduly burdensome, onerous, vague, ambiguous, irrelevant, immaterial,

1

lacking in sufficient specificity, seeks information prepared in anticipation of litigation, violates the attorney client privilege, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections and subject thereto, no.

2. Identify all offices that You maintain, own, lease and/or occupy in Louisiana, and for each state the address and the entity maintaining, owning, leasing, and/or occupying the office.

   **ANSWER:** The defendant objects to Interrogatory No. 2 on the grounds that it is overly broad, unduly burdensome, onerous, vague, ambiguous, irrelevant, immaterial, lacking in sufficient specificity, seeks information prepared in anticipation of litigation, violates the attorney client privilege, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections and subject thereto, none.

3. Identify all offices in Louisiana at or through which insurance policies are sold by You or on Your behalf.

   **ANSWER:** The defendant objects to Interrogatory No. 3 on the grounds that it is overly broad, unduly burdensome, onerous, vague, ambiguous, irrelevant, immaterial, lacking in sufficient specificity, seeks information prepared in anticipation of litigation, violates the attorney client privilege, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections and subject thereto, none.

4. Identify all periods of time during which You were qualified to do business in Louisiana and identify all periods of time during which You were licensed to sell insurance in Louisiana.

   **ANSWER:** The defendant objects to Interrogatory No. 4 on the grounds that it is overly broad, unduly burdensome, onerous, vague, ambiguous, irrelevant, immaterial, lacking in sufficient specificity, seeks information prepared in anticipation of litigation, violates the attorney client privilege, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections and subject thereto, none.

5. Identify any tax returns You have filed in Louisiana during the past ten years, including the filer of the tax return, its address, and the year it was filed.

   **ANSWER:** The defendant objects to Interrogatory No. 5 on the grounds that it is overly broad, unduly burdensome, onerous, vague, ambiguous, irrelevant, immaterial, lacking in sufficient specificity, seeks information prepared in anticipation of litigation, violates the attorney client privilege, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections and subject thereto, none.

6. During the past ten years have You sold or marketed insurance policies to persons located in Louisiana, including but not limited to sales by Your subsidiaries, parents, affiliates, or agents? If so, identify the entity selling or marketing the insurance policies, the kind of insurance policies it sold, and the number of insurance policies of each kind it sold each year.

> **ANSWER:** The defendant objects to Interrogatory No. 6 on the grounds that it is overly broad, unduly burdensome, onerous, vague, ambiguous, irrelevant, immaterial, lacking in sufficient specificity, seeks information prepared in anticipation of litigation, violates the attorney client privilege, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections and subject thereto, no.

7. Identify the number of insurance claims You have processed in Louisiana in the past ten years, identifying in your answer the names of the entities processing the claims and their relation to You.

   **ANSWER:** The defendant objects to Interrogatory No. 7 on the grounds that it is overly broad, unduly burdensome, onerous, vague, ambiguous, irrelevant, immaterial, lacking in sufficient specificity, seeks information prepared in anticipation of litigation, violates the attorney client privilege, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections and subject thereto, none.

8. Identify all assets, including but not limited to real estate, bank accounts, financial instruments, or securities that You own or have owned in Louisiana in the past ten years, including the type of asset, the owner of the asset, and the dollar value of the asset.

   **ANSWER:** The defendant objects to Interrogatory No. 8 on the grounds that it is overly broad, unduly burdensome, onerous, vague, ambiguous, irrelevant, immaterial, lacking in sufficient specificity, seeks information prepared in anticipation of litigation, violates the attorney client privilege, and is not reasonably calculated to lead to the discovery of admissible evidence. The defendant further objects on the grounds that it

seeks information that is privileged, confidential, proprietary, protected as trade secrets or otherwise non-discoverable.

9. For each of the past ten years, and for you and each of your subsidiary or parent corporations, identify any revenue originating from Louisiana; the percent that revenue constitutes of your subsidiary or parent corporation's total annual revenue; and the percent of that annual revenue that originates from insurance premium payments by Louisiana residents or entities.

    **ANSWER:** The defendant objects to Interrogatory No. 9 on the grounds that it is overly broad, unduly burdensome, onerous, vague, ambiguous, irrelevant, immaterial, lacking in sufficient specificity, seeks information prepared in anticipation of litigation, violates the attorney client privilege, and is not reasonably calculated to lead to the discovery of admissible evidence. The defendant further objects on the grounds that it seeks information that is privileged, confidential, proprietary, protected as trade secrets or otherwise non-discoverable. Without waiving said objections and subject thereto, no revenue has originated from Louisiana in the past ten years.

10. During the past ten years, have You been a party to any judicial or administrative proceeding in Louisiana? If so, state the name of the proceeding, the index or other identifying number of the proceeding, and describe the nature of the proceeding.

    **ANSWER:** The defendant objects to Interrogatory No. 10 on the grounds that it is overly broad, unduly burdensome, onerous, vague, ambiguous, irrelevant, immaterial, lacking in sufficient specificity, seeks information prepared in anticipation of litigation,

5

violates the attorney client privilege, and is not reasonably calculated to lead to the discovery of admissible evidence. The defendant further objects on the grounds that it seeks information that is privileged, confidential, proprietary, protected as trade secrets or otherwise non-discoverable.

11. Identify all the lawsuits or administrative proceedings in which You have been involved during the past 10 years in which the court applied Louisiana law.

    **ANSWER:** The defendant objects to Interrogatory No. 11 on the grounds that it is overly broad, unduly burdensome, onerous, vague, ambiguous, irrelevant, immaterial, lacking in sufficient specificity, seeks information prepared in anticipation of litigation, violates the attorney client privilege, and is not reasonably calculated to lead to the discovery of admissible evidence.

12. Identify all locations at which You maintain any documents in Louisiana and identify the categories of documents (ex. policies, underwriting files, or claims files).

    **ANSWER:** The defendant objects to Interrogatory No. 12 on the grounds that it is overly broad, unduly burdensome, onerous, vague, ambiguous, irrelevant, immaterial, lacking in sufficient specificity, seeks information prepared in anticipation of litigation, violates the attorney client privilege, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections and subject thereto, none.

13. Identify the number of claims that You have paid to Louisiana residents or entities in the past 10 years and the total amount of those claims.

      **ANSWER:** The defendant objects to Interrogatory No. 13 on the grounds that it is overly broad, unduly burdensome, onerous, vague, ambiguous, irrelevant, immaterial, lacking in sufficient specificity, seeks information prepared in anticipation of litigation, violates the attorney client privilege, and is not reasonably calculated to lead to the discovery of admissible evidence.

14. Identify all witnesses relevant to this case who reside or work in Louisiana.

      **ANSWER:** The defendant objects to Interrogatory No. 14 on the grounds that it is overly broad, unduly burdensome, onerous, vague, ambiguous, irrelevant, immaterial, lacking in sufficient specificity, seeks information prepared in anticipation of litigation, violates the attorney client privilege, and is not reasonably calculated to lead to the discovery of admissible evidence.

15. Identify each type of business that You have transacted in Louisiana, the entity transacting the business, and the time period during which You transacted the business.

      **ANSWER:** The defendant objects to Interrogatory No. 15 on the grounds that it is overly broad, unduly burdensome, onerous, vague, ambiguous, irrelevant, immaterial, lacking in sufficient specificity, seeks information prepared in anticipation of litigation, violates the attorney client privilege, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections and subject thereto, none.

16. Identify each type of service or thing that You have contracted to supply in Louisiana, the entity supplying the service or thing, and the time period during which You supplied the service or thing.

**ANSWER:** The defendant objects to Interrogatory No. 16 on the grounds that it is overly broad, unduly burdensome, onerous, vague, ambiguous, irrelevant, immaterial, lacking in sufficient specificity, seeks information prepared in anticipation of litigation, violates the attorney client privilege, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections and subject thereto, none.

17. Identify all manners in which You solicit business or advertise to Louisiana residents or entities, including but not limited to catalogs, brochures, and internet advertisements, and when such soliciting or advertising took place.

    **ANSWER:** The defendant objects to Interrogatory No. 17 on the grounds that it is overly broad, unduly burdensome, onerous, vague, ambiguous, irrelevant, immaterial, lacking in sufficient specificity, seeks information prepared in anticipation of litigation, violates the attorney client privilege, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections and subject thereto, none.

18. Identify the number of employees who work for You in Louisiana or work for You elsewhere but reside in Louisiana.

    **ANSWER:** The defendant objects to Interrogatory No. 18 on the grounds that it is overly broad, unduly burdensome, onerous, vague, ambiguous, irrelevant, immaterial, lacking in sufficient specificity, seeks information prepared in anticipation of litigation, violates the attorney client privilege, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections and subject thereto, there are no employees who work for NGM Insurance Company in Louisiana.

19. During the past ten years, have You possessed an ownership interest in any corporation or business that is located in Louisiana? If so, identify the corporation, any subsidiaries, affiliates, or agents of that corporation, and describe the nature of the business in which the corporation, and any of its subsidiaries, affiliates, or agents, are or were engaged.

    **ANSWER:** The defendant objects to Interrogatory No. 19 on the grounds that it is overly broad, unduly burdensome, onerous, vague, ambiguous, irrelevant, immaterial, lacking in sufficient specificity, seeks information prepared in anticipation of litigation, violates the attorney client privilege, and is not reasonably calculated to lead to the discovery of admissible evidence. The defendant further objects on the grounds that it seeks information that is privileged, confidential, proprietary, protected as trade secrets or otherwise non-discoverable.

20. During the past ten years, has any company located in Louisiana served as an agent, affiliate, or representative for You with regard to sales of insurance policies? If so, identify the company, along with any parents, subsidiaries, affiliates, or agents of the company and describe the business in which the company and any of its parents, subsidiaries, affiliates, or agents are or were engaged.

    **ANSWER:** The defendant objects to Interrogatory No. 20 on the grounds that it is overly broad, unduly burdensome, onerous, vague, ambiguous, irrelevant, immaterial, lacking in sufficient specificity, seeks information prepared in anticipation of litigation, violates the attorney client privilege, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections and subject thereto, no.

9

21. During the past ten years, have any of your officers, directors, employees, representatives, or agents visited Louisiana for the purposes of conducting business or engaging in business activity relating to the sale of insurance? If so, identify the relevant officers, directors, employees, representatives, or agents, the dates and lengths of their visit(s) to Louisiana, any persons or corporations they met during their visits(s) and describe briefly the purpose of their visit(s).

    **ANSWER:** The defendant objects to Interrogatory No. 21 on the grounds that it is overly broad, unduly burdensome, onerous, vague, ambiguous, irrelevant, immaterial, lacking in sufficient specificity, seeks information prepared in anticipation of litigation, violates the attorney client privilege, and is not reasonably calculated to lead to the discovery of admissible evidence.

22. During the past ten years, have You ever financed or made contributions of capital to any corporation, subsidiary, affiliate or agent located in Louisiana? If so, identify all such transactions, including but not limited to any inter-company loans, advances of funds, costs sharing agreements, or extensions of credit.

    **ANSWER:** The defendant objects to Interrogatory No. 22 on the grounds that it is overly broad, unduly burdensome, onerous, vague, ambiguous, irrelevant, immaterial, lacking in sufficient specificity, seeks information prepared in anticipation of litigation, violates the attorney client privilege, and is not reasonably calculated to lead to the discovery of admissible evidence. The defendant further objects on the grounds that it seeks information that is privileged, confidential, proprietary, protected as trade secrets or otherwise non-discoverable.

23. Identify all financial investors You have that reside in Louisiana.

> **ANSWER:** The defendant objects to Interrogatory No. 23 on the grounds that it is overly broad, unduly burdensome, onerous, vague, ambiguous, irrelevant, immaterial, lacking in sufficient specificity, seeks information prepared in anticipation of litigation, violates the attorney client privilege, and is not reasonably calculated to lead to the discovery of admissible evidence. The defendant further objects on the grounds that it seeks information that is privileged, confidential, proprietary, protected as trade secrets or otherwise non-discoverable. Further, it is my understanding that this Interrogatory has been stricken by the Plaintiffs and, accordingly, no responsive answer is required.

24. Identify Your state of incorporation and principal place of business.

    **ANSWER:** NGM Insurance Company is a Florida corporation with a principal place of business at 4601 Touchton Road East, Suite 3400, Jacksonville, Florida, 32246.

25. For each of the insurance policies that You sold that are at issue in this proceeding, identify where the insurance policy was counter-signed and where the last act of contracting with regard to that insurance policy took place.

    **ANSWER:** The defendant objects to Interrogatory No. 25 on the grounds that it is overly broad, unduly burdensome, onerous, vague, ambiguous, irrelevant, immaterial, lacking in sufficient specificity, seeks information prepared in anticipation of litigation, violates the attorney client privilege, and is not reasonably calculated to lead to the discovery of admissible evidence.

    Without waiving said objections and subject thereto, NGM Insurance Company issued a commercial general liability policy to HDS Drywall Services, Inc., which is a Virginia Corporation. The subject policy was delivered to HDS Drywall Services, Inc. at a

>Virginia address and billing for the policy was sent to a Virginia address. An insurance agent in Virginia was utilized.

26. Identify Your managing general agent in Louisiana.

   **ANSWER:** The defendant objects to Interrogatory No. 26 on the grounds that it is overly broad, unduly burdensome, onerous, vague, ambiguous, irrelevant, immaterial, lacking in sufficient specificity, seeks information prepared in anticipation of litigation, violates the attorney client privilege, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections and subject thereto, none.

27. Identify Your brokers in Louisiana.

   **ANSWER:** The defendant objects to Interrogatory No. 27 on the grounds that it is overly broad, unduly burdensome, onerous, vague, ambiguous, irrelevant, immaterial, lacking in sufficient specificity, seeks information prepared in anticipation of litigation, violates the attorney client privilege, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections and subject thereto, none.

28. Identify all retail agents through which You have sold insurance in Louisiana in the past 10 years.

   **ANSWER:** The defendant objects to Interrogatory No. 28 on the grounds that it is overly broad, unduly burdensome, onerous, vague, ambiguous, irrelevant, immaterial, lacking in sufficient specificity, seeks information prepared in anticipation of litigation, violates the attorney client privilege, and is not reasonably calculated to lead to the

discovery of admissible evidence. Without waiving said objections and subject thereto, none.

29. Identify the total amount of premiums that You collected each year for the past ten years from Louisiana clients.

**ANSWER:** The defendant objects to Interrogatory No. 29 on the grounds that it is overly broad, unduly burdensome, onerous, vague, ambiguous, irrelevant, immaterial, lacking in sufficient specificity, seeks information prepared in anticipation of litigation, violates the attorney client privilege, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections and subject thereto, none.

## VERIFICATION

I, Brian Brennan, under the penalties of perjury, states that he/she is the representative of the responding party; that he/she is authorized to make this verification on behalf of the responding party; that he/she has read the answers and responses by the responding party; that he/she does not have, and is informed that no single officer or agent of the responding party has, personal knowledge of all matters set forth in these answers and responses; that these answers and responses were prepared by counsel from information provided by certain employees of the responding party who were designated to assemble such material and are based on their personal knowledge or that of other persons who were consulted and on examination of records maintained by the responding party during the regular course of business; and that upon information and belief all of the answers and responses are true and correct.

Signed under the pains and penalties of perjury this 13 day of August, 2010.

_____(name)_____
(Title) Corporate Claims Consultant

13

AS TO OBJECTIONS:


*/s/ David F. Hassett*
**David F. Hassett, Esquire (MA No. 544443)**
dhassett@hassettanddonnelly.com
**Sarah B. Christie, Esquire (MA No. 566833)**
schristie@hassettanddonnelly.com
**HASSETT & DONNELLY, P.C.**
446 Main Street, 12th Floor
Worcester, MA 01608
(508) 791-6287 (Phone)
(508) 791-2652 (Fax)

**ATTORNEYS FOR DEFENDANT,
NGM INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **NGM INSURANCE COMPANY'S ANSWERS TO PLAINTIFF'S INTERROGATORIES CONCERNING JURISDICTION AND VENUE** have been served upon all parties by electronically uploading the same to Lexis Nexis File & Serve on this 16th day of August, 2010, as well as by U.S. Mail and e-mail to:

Robert M. Horkovich, Esquire
Anna Piazza, Esquire
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020

Plaintiffs' Liaison Counsel
Russ Herman
820 O'Keefe Avenue
New Orleans, Louisiana 70113-1116

Defendants' Liaison Counsel
Mr. Kerry J. Miller
Frilot L.L.C.
Energy Centre
1100 Poydras St., Suite 3700
New Orleans, LA 70163-3700

/s/ David F. Hassett
David F. Hassett, Esquire