**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2047**<br>**SECTION: L**<br>**JUDGE FALLON**<br>**MAG. JUDGE WILKINSON** |
| **THIS DOCUMENT RELATES TO:**<br>**ALL CASES AND**<br><br>***Pate v. American International Specialty Lines Insurance Company, et. al.***,  **Case No. 2:09-cv-07791 (E.D.La.);**<br><br>***Van Winkle Sr. v. Knauf Gips, et al.***, **Case No. 2:09-cv-4378 (E.D.La).** | |

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION TO COMPEL OF THE PLAINTIFFS' STEERING COMMITTEE AND ROBERT C. PATE IN ACCORDANCE WITH THE COURT'S SCHEDULING ORDERS DATED JULY 1, 201O AND AUGUST 5, 2010**

In accordance with this Court's Scheduling Orders of July 1, 2010 (document # 4301) and August 5, 2010 (document # 4873), the Plaintiffs' Steering Committee ("PSC") and Plaintiff Robert C. Pate ("Pate"), as Trustee for the Chinese Drywall Trust (collectively "Movants"), hereby submit this motion to compel.

## I.     INTRODUCTION

Presently pending before the Court are the motions to dismiss by insurance companies issuing both homeowners' ("HO") and commercial general liability ("CGL") insurance policies. By virtue of this Court's July 1, 2010 and August 5, 2010 scheduling orders, the CGL providers' motions to dismiss based on lack of personal jurisdiction, improper venue, and for failure to join

1

indispensable parties are set for oral argument on November 3, 2010.[1]  Given the ambitious schedule for hearing argument on these motions, the Court and the parties have carefully crafted procedures for gathering appropriate discovery necessary to address the CGL providers' motions to dismiss on an expedited basis.

The Movants have complied with the Court's scheduling orders by serving interrogatories, requests for production of documents, and proposed topics for notices of corporate representative depositions on the CGL providers.[2]  This written discovery and the proposed topics for corporate representative deposition are carefully limited to matters bearing on personal jurisdiction and venue.

Notwithstanding the Movants' good faith efforts to gather discovery necessary to respond to the motions to dismiss, the CGL providers have thwarted these efforts by objecting to entirely appropriate topics for notices of deposition and by providing responses to written discovery that are entirely lacking.  This conduct by the CGL providers is just the latest chapter in their continued efforts to frustrate and delay these proceedings.  While the CGL providers' conduct evidences a clear intent to proceed on the motions to dismiss without allowing a fair opportunity for discovery, fundamental notions of fair play necessitate that the Court compel discovery to allow the Movants to respond properly to the motions to dismiss.

_____

[1] The HO providers motions to dismiss on substantive grounds are set for argument on September 2, 2010.  *See* document # 4300.

[2] Copies of Plaintiff Robert C. Pate's Interrogatories Concerning Jurisdiction and Venue, Plaintiff Robert C. Pate's Requests for the Production of Documents Concerning Jurisdiction and Venue, and Deposition Topics for Corporate Representatives are attached hereto as Exhibits "A", "B", and "C", respectively.

II.    **FACTS**

On July 1, 2010, this Court issued scheduling orders for motions to dismiss by both HO [document # 4300] and CGL [document # 4301] providers.  These scheduling orders vary somewhat since the HO providers were allowed to make substantive challenges in their motions to dismiss, *see* document 4300, whereas the CGL providers are limited to making challenges to jurisdiction and venue, *see* document 4301.  Both orders required the insurers to renew their motions to dismiss by July 19, 2010.  Both scheduling orders also require, as a prerequisite to hearing argument on the motions to dismiss, that the insurers comply with Pre-Trial Order 23 ("PTO 23") (regarding insurer profile forms) and provide disclosures related to their policyholders, their insurance policies, and related actions.  The Court's July 1, 2010 scheduling orders also allow the Movants to conduct discovery for purposes of gathering factual support in response to the motions to dismiss.

On July 19, 2010, certain CGL providers filed motions to dismiss and/or supplements in support of their previously filed motions to dismiss as follows:

> *Pate v. American International Specialty Lines Insurance Company*,
> Case No. 09-7791
>
> *       American Guarantee & Liability Insurance Company and Steadfast Insurance
>          Company;
> *       Landmark American Insurance Company;
> *       Amerisure Mutual Ins. Co. and Amerisure Ins. Co.;
> *       Hartford Fire Insurance Company and Hartford Casualty Insurance
>          Company;
> *       Owners Insurance Company;
> *       Chartis Specialty Insurance Company and Lexington Insurance Company;
> *       NGM Insurance Company;
> *       Hermitage Insurance Company;
> *       Mid-Continent Casualty Company;
> *       West American Insurance Company and Ohio Casualty;
> *       FCCI Commercial Insurance Company, and FCCI Insurance Company;
> *        Illinois Union Insurance Company;
> *       National Union Fire Insurance Company of Pittsburgh, PA;
> *       Scottsdale Insurance Company; and

3

      \*      Chartis Specialty Insurance Company;
      \*      and Chartis Claims, Inc.[3]

\* \* \* \* \* \* \* \* \* \*

*Van Winkle Sr. v. Knauf Gips, et al.*, Case No. 09-4378

      \*      Nautilus Insurance Group, LLC.

After reviewing the above motions and supplements, the Movants identified a host of deficiencies. For instance, certain of the insurance companies had not complied with PTO 23 and/or had not made the disclosures required by the Court's July 1, 2010 scheduling orders. The Movants contacted the Insurer Steering Committee ("ISC") in an effort to resolve these deficiencies. The PSC and ISC then entered a prolonged period of negotiations in an effort to resolve these deficiencies. Although the parties are still attempting to resolve certain of these deficiencies and other related matters, the PSC and ISC agreed to modify the Court's July 1, 2010 scheduling order concerning the CGL providers' motions to dismiss. The Court's August 5, 2010 scheduling order embodies these agreed upon modifications. *See* document # 4873.[4]

The Court's August 5, 2010 scheduling order allowed the CGL providers to resolve the

---

[3] The Court should not entertain the motion to dismiss of Chartis Claims, Inc. ("Chartis Claims") since Chartis Claims has failed to comply with the prerequisites of this Court's scheduling order. Chartis Claims has not submitted a supplemental pleading in accordance with the Court's July 1, 2010 scheduling order, arguing that it is not an insurance provider and, thus, is not required to submit a supplemental pleading under the terms of the scheduling order. Assuming Chartis Claims is correct in arguing it is not an insurance provider, its motion to dismiss is not set for hearing under the terms of the Court's scheduling order. *See* document 4301 (stating "IT IS ORDERED, ADJUDGED AND DECREED that any "**insurance company**" providing comprehensive general liability (CGL) coverage in dispute in MDL 2047 may file a jurisdictional or venue motion in any case to be heard by the court . . .) (emphasis added).

[4] The August 5, 2010 scheduling order clarifies that the Court will hear argument on motions to dismiss based on failure to join and indispensable party.

4

deficiencies in their July 19, 2010 submissions by correcting the same on or before August 10, 2010. The order also clarifies the procedures for gathering discovery from the CGL providers.  For instance, the order requires that the PSC and plaintiffs identify topics for notices of corporate representative depositions by August 9, 2010 (with an opportunity for the CGL providers to object to the topics) and that the CGL providers may avoid their obligation to respond to jurisdictional discovery by stipulating to personal jurisdiction in the Eastern District of Louisiana.  The order requires that all non-stipulating CGL providers respond to written discovery and provide proposed dates for the depositions of corporate representatives by August 16, 2010.

On or about August 10, 2010, the PSC received a number of corrective supplements seeking to resolve the deficiencies with the supplements and motions that CGL providers filed on July 19, 2010.  The PSC has received corrective supplements by the following CGL providers:

> *Pate v. American International Specialty Lines Insurance Company*,
> Case No. 09-7791

> * American Guarantee & Liability Insurance Company and Steadfast Insurance Company;
> * Landmark American Insurance Company;
> * Amerisure Mutual Ins. Co. and Amerisure Ins. Co.;
> * Chartis Specialty Insurance Company and Lexington Insurance Company;
> * FCCI Commercial Insurance Company and FCCI Insurance Company;
> * Illinois Union Insurance Company;
> * National Union Fire Insurance Company of Pittsburgh, PA;
> * Scottsdale Insurance Company; and
> * Chartis Specialty Insurance Company.

> * * * * * * * * * *

> *Van Winkle Sr. v. Knauf Gips, et a.*, Case No. 09-4378

> * Nautilus Insurance Group, LLC.

After reviewing the above referenced supplements, the PSC again identified deficiencies in

the CGL providers' disclosures of information required by the Court's July 1, 2010 and August 5, 2010 scheduling orders.  That is, many of the moving CGL providers have failed to provide complete disclosures of related actions.  The PSC and ISC are in the process of attempting to resolve these continuing deficiencies.[5]

On August 16, 2010, the following fifteen insurance companies provided to the PSC stipulations that they are subject to personal jurisdiction in the Eastern District of Louisiana: Nautilus Insurance Group, LLC (*Van Winkle*); American Guarantee & Liability Insurance Company and Steadfast Insurance Company (*Pate*); Landmark American Insurance Company (*Pate*); Amerisure Mutual Ins. Co. and Amerisure Ins. Co. (*Pate*); Hartford Fire Insurance Company and Hartford Casualty Insurance Company (*Pate*); Chartis Specialty Insurance Company and Lexington Insurance Company  (*Pate*); Hermitage Insurance Company (*Pate*); West American Insurance Company and Ohio Casualty (*Pate*); Illinois Union Insurance Company (*Pate*); National Union Fire Insurance Company of Pittsburgh, PA (*Pate*); and Chartis Specialty Insurance Company (*Pate*) (hereafter the "Stipulating CGL providers").  Although the Stipulating CGL providers need not respond to jurisdictional discovery, they are still obligated to respond to discovery on matters related to venue.  None of the Stipulating CGL providers have responded to Movants' venue discovery.

There are six (6) non-stipulating CGL providers: Owners Insurance Company ("Owners"); NGM Insurance Company ("NGM"); Mid-Continent Casualty Company ("MCC"); FCCI Commercial Insurance Company and FCCI Insurance Company (collectively "FCCI"); and Scottsdale Insurance Company ("Scottsdale") (hereafter the "Non-Stipulating CGL providers").  The Court's August 5, 2010 scheduling order, obligated these Non-Stipulating CGL providers to respond

---

[5] Should the PSC and IDC be unable to resolve the deficiencies before the September 2, 2010 hearing, Movants will ask the Court to resolve any remaining issues.

6

to discovery on or before August 16, 2010.  Paying only lip service to this Court's orders, the Non-Stipulating CGL providers have provided insufficient written discovery responses in an effort to thwart the Movants' ability to respond fully to the motions to dismiss.  The Non-Stipulating CGL providers have also improperly objected to the topics for notices of deposition.

## III.   **ARGUMENT**

Because the CGL providers have filed motions to dismiss that challenge venue and/or personal jurisdiction in the Eastern District of Louisiana, the Movants have proposed topics for notices of deposition and have served written discovery concerning venue and personal jurisdiction in the MDL Court.  This discovery is essential to provide the Movants with a fair opportunity to defend against the CGL providers' motions to dismiss.  Indeed, the CGL providers' efforts to avoid this discovery should not be tolerated since Movants have an absolute right to the evidence they are seeking for purposes of opposing the motions to dismiss.

Where a party has moved to dismiss based on improper venue and lack of jurisdiction, the opposing party is entitled to discovery to respond to the motion.  *See, e.g., Ingram v. Connect Corp.*, 1989 WL 35548, at *2-3 (E.D.La. Apr. 11, 1989) (holding that nonmovant was entitled to jurisdictional and venue discovery prior to any ruling on the movant's motion to dismiss based on lack of personal jurisdiction and improper venue) (D.J. Arceneaux); *Parish of Jefferson, La. v. Southern Recovery Management, Inc.*, 1995 WL 542475, at *2 (E.D. La. Sep. 12, 1995) (affirming magistrate judge's decision to allow venue and jurisdictional discovery and noting that "[s]ince one or more of defendants' jurisdictional arguments could dispose of the case, plaintiff must be afforded the opportunity to develop facts that would help in defending against defendants' motion to dismiss . . .") (D.J. Sear).

Because the CGL providers direct their motions to dismiss to the critical issues of

jurisdiction and venue, the PSC "must be afforded the opportunity to develop facts that would help in defending against defendants' motions to dismiss . . .". *See Southern Recovery Management*, *supra*. Accordingly, the CGL providers' efforts to hinder this discovery or avoid it all together are improper and the Movants' motion to compel should be granted.

**A.     The CGL Providers Should be Compelled to Provide Discovery On Jurisdiction and Venue.**

In order for a federal court to invoke jurisdiction over a non-resident defendant, the court must follow a three prong test. The test includes: (1) whether the defendant has systematic contacts with a state or has minimum contacts with the forum state; (2) whether the plaintiff's cause of action arises out of the results from defendant's related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable. *See Ruston Gas Turbines Inc. v. Donaldson Company, Inc.*, 9 F.3d, 415, 419 (5th Cir. 1993).

The issues of venue and personal jurisdiction are closely tied. A motion to dismiss based on improper venue places at issue the Court's personal jurisdiction over the defendants. *See* 28 U.S.C. § 1391(a)(1), (c) (finding venue proper in "a judicial district where any defendant resides, if *all* defendants reside in the same State," and establishing that corporations "reside" in any judicial district in which they are subject to personal jurisdiction) (emphasis added); 28 U.S.C. § 1391(a)(3) (finding venue proper in "a judicial district in which any defendant is subject to personal jurisdiction"). Additionally, a motion to dismiss based on improper venue places the forum's relationship with the controversy at issue, necessitating venue discovery in addition to personal jurisdiction discovery. *See* 28 U.S.C. § 1391(a)(2) (stating that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

Based on the foregoing authority, determinations on jurisdiction and venue require a

thorough analysis of a non-resident defendant's contacts with the jurisdiction at issue.  This analysis requires the parties and the Court to examine the non-resident's contacts with the foreign state as well as the district where the action is being prosecuted.  Notwithstanding the need to examine such contacts, the Non-Stipulating CGL providers have refused to provide the PSC with the necessary discovery on the issues of jurisdiction and venue.

The Non-Stipulating CGL providers' responses and objections to discovery evidence that they are not acting in good faith and that they are attempting to delay or otherwise undermine the proceedings in the MDL Court.  While the Non-Stipulating CGL providers have pushed for an aggressive schedule for argument on their motions to dismiss, they have continuously delayed in providing the discovery necessary to respond to their motions to dismiss.  For example, two of the Non-Stipulating CGL providers, MCC and Scottsdale, have not yet provided the disclosures required by the Court's July 1, 2010 scheduling orders (*i.e.*, since they have not provided the PSC with a comprehensive list of related actions).

Analysis of the Non-Stipulating CGL providers' responses and objections to the PSC's written discovery demonstrates that they are not responding in good faith.  With the exception of FCCI, the Non-Stipulating CGL providers have made no effort to provide meaningful responses to the PSC's written discovery.  The responses to discovery by Owners, NGM, MCC, and Scottsdale are littered with improper objections and/or provide answers completely lacking in substance.  For instance, Scottsdale has objected to the vast majority of the PSC's interrogatories as either irrelevant, overly broad, or unduly burdensome.[6]  Objections of this nature are clearly intended to hinder the

_____

[6] The discovery responses by Scottsdale and the other Non-Stipulating CGL providers stand in stark contrast to the discovery responses of FCCI.  While FCCI's discovery responses are incomplete, FCCI has at least made an effort to comply with the PSC's discovery requests.

(continued...)

PSC's ability to respond to the motions to dismiss.

By way of example, Interrogatory No. 1 seeks information on sales of insurance policies to Louisiana residents and entities. Scottsdale has objected to Interrogatory No. 1, "because it seeks irrelevant information." *See* Scottsdale Insurance Company's Responses to Plaintiff Robert C. Pate's Requests for the Production of Documents and Interrogatories Concerning Jurisdiction and Venue at 14, attached hereto as Exhibit "D".[7] Scottsdale's objection is misplaced since Interrogatory No. 1 requests information that would control the issues of jurisdiction and venue. That is, if the PSC can establish that Scottsdale sold a large volume of insurance policies to entities and individuals located in Louisiana, particularly, the city of New Orleans, there will be indisputable grounds for both personal jurisdiction and venue in the Eastern District of Louisiana. Such objections by Scottsdale and the other Non-Stipulating CGL providers clearly demonstrate that they are not responding to the PSC's discovery requests in good faith.

The Non-Stipulating CGL providers' responses to interrogatories, responses to document requests, and objections to topics for notices of deposition are just another facet of their obstreperous conduct and delay. Their overall conduct evidences a clear strategy of preventing meaningful

---

[6](...continued)
The PSC is actively negotiating with FCCI in order to resolve the remaining issues involving its discovery deficiencies.

[7] Each of the Non-Stipulating CGL providers responses and objections are attached hereto as follows: FCCI's Response to Interrogatories Concerning Jurisdiction and Venue, Exhibit "E"; FCCI's Response to Requests for Production of Documents Concerning Jurisdiction and Venue, Exhibit "F"; MCC's Unverified Responses to Interrogatories, Exhibit "G"; MCC's Responses to Request for Production of Documents, Exhibit "H"; NGM's Answer to Plaintiff's Interrogatories Concerning Jurisdiction and Venue, Exhibit "I"; NGM's Response to Plaintiff's Requests for Production of Documents Concerning Jurisdiction and Venue, Exhibit "J"; and Owners' Response to Interrogatories and Requests for Production of Documents Concerning Jurisdiction and Venue, Exhibit "K".

discovery.  While the Non-Stipulating CGL providers would like to proceed on their motions to dismiss without providing discovery, the Movants have an absolute right to the discovery they seek since the CGL providers' motions to dismiss are directed to the issues of jurisdiction and venue.  *See Ingram* and *Southern Recovery Management*, *supra.*

**B.     The CGL Providers Should be Compelled to Provide Full and Complete <u>Responses to the Movants' Interrogatories.</u>**

The Movants' interrogatories to each of the CGL providers (which are identical in all material respects) are carefully tailored to the issues of jurisdiction and venue.  For instance, the interrogatories address the following topics:

- Interrogatory No. 1 (requesting information regarding sales of insurance policies to Louisiana residents and entities);

- Interrogatory No. 2 (requesting information regarding office space maintained, owned, leased, or occupied by CGL providers in Louisiana);

- Interrogatory No. 3 (requesting that CGL providers identify all offices in Louisiana that have sold insurance policies on their behalf);

- Interrogatory No. 4 (requesting that CGL providers identify all periods of time in which they were qualified to do business in Louisiana);

- Interrogatory No. 5 (requesting information regarding Louisiana tax returns filed by CGL providers);

- Interrogatory Nos. 6, 9, 17 and 29 (requesting information concerning marketing, sales, revenues, and premiums from Louisiana);

- Interrogatory No. 7 (requesting information regarding insurance claims processed in Louisiana);

11

- Interrogatory No. 8 (requesting information regarding assets located in Louisiana);

- Interrogatory Nos. 10 and 11 (requesting information about judicial and administrative proceedings in Louisiana);

- Interrogatory No. 12 (requesting information regarding documents maintained in Louisiana);

- Interrogatory No. 13 (requesting information regarding claims paid in Louisiana);

- Interrogatory Nos. 14 and 18 (requesting information regarding witnesses and employees located in Louisiana);

- Interrogatory Nos. 15 and 16 (requesting information regarding types of business and services offered in Louisiana);

- Interrogatory Nos. 19 and 22 (requesting information regarding financing and ownership interests of businesses in Louisiana);

- Interrogatory No. 20 (requesting information regarding companies and individuals who have acted as its agents, affiliates, or representatives for the purpose of selling insurance policies in Louisiana);

- Interrogatory No. 21 (requesting information about sales visits to Louisiana);

- Interrogatory No. 23 (requesting information regarding financial investors located in Louisiana);

- Interrogatory No. 24 (requesting information related to the insurance company's state of incorporation and principal place of business);

- Interrogatory No. 25 (requesting information related to the place of contracting for the insurance policies at issue in this case);

- Interrogatory No. 26, 27, and 28 (requesting information about managing general agents,

brokers, and retail agents in Louisiana).

*See* Plaintiff Robert C. Pate's Interrogatories Concerning Jurisdiction and Venue, Ex. "A".

Based on the foregoing, each of the Movants' interrogatories seek relevant information necessary to address the motions to dismiss on jurisdiction and venue.  Since the Movants seek this discovery to respond to the CGL providers' motions to dismiss, the Movants' interrogatories are within the scope of discovery allowed by the Federal Rules of Civil Procedure.  *See* Fed.R.Civ.P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to a party's claim or defense . . .").

Because well-settled case law, the federal rules of civil procedure, and this Court's scheduling orders provide the Movants with a clear right to jurisdictional and venue discovery, and because the Movants' interrogatories are carefully tailored to address these topics, the Non-Stipulating CGL providers' objections should be overruled and they should be compelled to provide full and complete responses to the Movants' interrogatories.

### 1.     The Court Should Order Scottsdale to Provide Full and Complete Responses to the Movants' Interrogatories.

Scottsdale has answered just two of the Movants' twenty-nine interrogatories.  *See* Scottsdale's Responses to Int. Nos. 14 and 25.  For all other interrogatories, Scottsdale has objected, claiming the interrogatories either seek irrelevant information, are overly broad, and/or are unduly burdensome.[8]  Scottsdale's objections are contrived and are designed to avert its discovery obligations.  Accordingly, the Court should order Scottsdale to supplement its responses to the

---

[8] Scottsdale objects to interrogatory number twenty-five on the grounds that it calls for conclusions of law.  This objection is incorrect and should be rejected.  Interrogatory number twenty-five asks Scottsdale to identify where each insurance policy at issue in the proceedings was counter-signed and where the last act of contracting for such policies transpired.  *See* Plaintiff Robert C. Pate's Interrogatories Concerning Jurisdiction and Venue, Ex. "A".

Movants' interrogatories since it has placed both personal jurisdiction and venue at issue.

> **2.    The Court Should Order FCCI to Provide Full and Complete <u>Responses to the Movants' Interrogatories.</u>**

FCCI has responded to the Movants' discovery, but its responses were deficient, as identified below:

| INT. NO. | DEFICIENCY | REASON WHY COURT SHOULD ORDER PRODUCTION |
|---|---|---|
| 9, 13, 29 | FCCI has not fully responded to this interrogatory since, admittedly, it is still trying to gather information. | The deadline for responding to this interrogatory has passed. |
| All | FCCI has not indicated in its responses to certain interrogatories – which utilize "You" as a defined term including parent, subsidiary, and other related corporations – whether its response holds true for any parent, subsidiary, or related corporations it may have. *See, e.g.*, Response to Int. No. 2. | Since the interrogatories call for information related to subsidiaries, parents, affiliates, agents, and representatives, FCCI may need to supplement certain of its responses. |

For the aforementioned reasons, the Court should order FCCI to supplement its responses to the Movants' interrogatories.

> **3.    The Court Should Order MCC to Provide Full and Complete <u>Responses to the Movants' Interrogatories.</u>**

MCC has responded to the Movants' discovery, but its responses were deficient, as identified below:

| INT. NO. | DEFICIENCY | REASON WHY COURT SHOULD ORDER PRODUCTION |
|---|---|---|
| 1, 6 | MCC's answer to this interrogatory is incomplete. | The deadline for responding to this interrogatory has passed. |
| 10, 11 | MCC's answer to these interrogatories are incomplete. From its answers to these interrogatories it is clear that MCC has not adequately investigated the existence of judicial and administrative proceedings in Louisiana and/or cases applying Louisiana law. | MCC's purposeful availment of the Louisiana judicial system is relevant to the question of personal jurisdiction. Also, whether MCC litigated the issue of a Louisiana court's personal jurisdiction over it in the past - and any position it took as to that issue in the past - is relevant to its claim now that it is not subject to personal jurisdiction. |
| 14 | MCC's answer to this interrogatory states that it "is not aware of any witnesses that reside or work in Louisiana that have knowledge of facts relevant to this case." | Plaintiffs are entitled to know what efforts, if any, MCC undertook to identify such witnesses.  The location of witnesses is relevant to the issue of venue. |
| 17 | MCC has objected to this interrogatory which requests information regarding its advertising and solicitation of business in the state of Louisiana. | MCC's purposeful availment of business opportunities in Louisiana is relevant to the minimum contacts analysis. |
| 18 | MCC has not identified employees that work for it and reside in Louisiana. | Whether MCC employs Louisiana residents is relevant to whether it has purposefully availed itself of Louisiana's manpower. |

| INT. NO. | DEFICIENCY | REASON WHY COURT SHOULD ORDER PRODUCTION |
|---|---|---|
| All | MCC has not indicated in its responses to certain interrogatories – which utilize "You" as a defined term including parent, subsidiary, and other related corporations – whether its response holds true for any parent, subsidiary, or related corporations it may have. Rather, it has limited its answers to MCC. *See, e.g.*, Response to Int. No. 12. | MCC's relationships with its parent and subsidiary corporations are relevant to the minimum contacts analysis.  Under certain circumstances - such as where one entity essentially controls another - the minimum contacts of one entity are attributed to the other for purposes of personal jurisdiction. *See Oyuela v. Seacor Marine (Nigeria), Inc.*, 290 F. Supp. 2d. 713, 722 (E.D. La. 2003) (*citing Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th Cir. 1983) (stating that "[a]ll the relevant facts and circumstances surrounding the operations of the parent and subsidiary must be examined to determine whether two separate and distinct corporate entities exist.").[9] |

For the aforementioned reasons, the Court should order MCC to supplement its responses to the Movants' interrogatories.

### 4.    The Court Should Order NGM to Provide Full and Complete Responses to the Movants' Interrogatories.

NGM has responded to the Movants' discovery, but its responses were deficient, as identified below:

---

[9]  The factors for consideration include:  (1) the amount of stock owned by the parent of the subsidiary; (2) whether the two corporations have separate headquarters; (3) whether the two corporations have common officers and directors; (4) whether the two corporations observe corporate formalities; (5) whether the two corporations maintain separate accounting systems; (6) whether the parent exercises complete authority over general policy; and (7) whether the parent exercises complete authority over daily operations.  *Hargrave*, 710 F.2d at 1160.

| Int. No. | Deficiency | Reason Why Court Should Order Production |
|---|---|---|
| 8 | NGM has provided no response. | No privilege protects against disclosure of the maintenance of assets such as real estate and bank accounts in a state.  Furthermore, such information does not amount to a trade secret.  The maintenance of assets in Louisiana is relevant to NGM's minimum contacts with the forum. |
| 10, 11 | NGM has provided no response. | Whether NGM has purposefully availed itself of the laws and judicial system of Louisiana is relevant to its minimum contacts with the state. |
| 13 | NGM has provided no response. | The number of claims that NGM has paid to Louisiana residents or entities and the total amount of those claims is relevant to the existence and extent of NGM's minimum contacts with Louisiana. |
| 14 | NGM has provided no response. | The presence of witnesses relevant to this matter in Louisiana is relevant to the issue of the venue. |
| 18 | NGM has not identified whether it employs individuals who live in Louisiana. | Whether NGM employs Louisiana residents is relevant to whether it has purposefully availed itself of Louisiana's manpower. |
| 19 | NGM has provided no response. | NGM's ownership interest in corporations or businesses that are located in Louisiana is relevant to NGM's purposeful availment of business opportunities in the forum and, therefore, the minimum contacts analysis. |
| 21 | NGM has provided no response. | NGM's conducting business and/or engaging in business activity related to the sale of insurance in Louisiana is relevant to its purposeful availment of business opportunities in Louisiana, and therefore, its minimum contacts with the state. |

| INT. NO. | DEFICIENCY | REASON WHY COURT SHOULD ORDER PRODUCTION |
|---|---|---|
| 22 | NGM has provided no response. | NGM's' relationships with its parent and subsidiary corporations are relevant to the minimum contacts analysis. Under certain circumstances - such as where one entity essentially controls another - the minimum contacts of one entity are attributed to the other for purposes of personal jurisdiction. *See Oyuela*, *supra*.  *See Hargrave* factors at fn.9, *supra*. |
| All | NGM has not indicated in its responses to requests utilizing "You" as a defined term -  which includes parent, subsidiary, and other related corporations  - whether its response holds true for any parent, subsidiary, or related corporations it may have. Rather, it has limited its answers to NGM. | Please refer to reason set forth above in reference to Int. No. 22. |

For the aforementioned reasons, the Court should order NGM to supplement its responses to the Movants' interrogatories.

**5.    The Court Should Order Owners to Provide Full and Complete Responses to the Movants' Interrogatories.**

Owners has responded to the Movants' discovery, but its responses were deficient, as identified below:

| INT. NO. | DEFICIENCY | REASON WHY COURT SHOULD ORDER PRODUCTION |
|---|---|---|
| 1 | Interrogatory No. 1 is directed to Owners' "subsidiary or parent corporations." | Owners has responded only as to itself, and not as to its subsidiary or parent corporations. |

| INT. NO. | DEFICIENCY | REASON WHY COURT SHOULD ORDER PRODUCTION |
|---|---|---|
| 10 | Owners limited its response to proceedings involving "Louisiana insureds." | Interrogatory No. 10 is not limited to Louisiana insureds.  If Owners has purposefully availed itself of the Louisiana judicial system - whether in a dispute against a "Louisiana insured" or not - such fact is relevant to the question of personal jurisdiction.  Also, whether Owners litigated the issue of a Louisiana court's personal jurisdiction over it in the past - and any position it took as to that issue in the past - is relevant to its claim now that it is not subject to personal jurisdiction. |
| 11 | Owners has provided no response. | Whether Owners has purposefully availed itself of the laws of Louisiana is relevant to its minimum contacts with the state. |
| 13 | Owners has provided no response. | The number of claims that Owners has paid to Louisiana residents or entities and the total amount of those claims is relevant to the existence and extent of Owners' minimum contacts with Louisiana. |
| 14 | Owners has provided no response. | The presence of witnesses relevant to this matter in Louisiana is relevant to the issue of the venue. |
| 18 | Owners has not identified whether it employs individuals who live in Louisiana. | Whether Owners employs Louisiana residents is relevant to whether it has purposefully availed itself of Louisiana's manpower. |

| INT. NO. | DEFICIENCY | REASON WHY COURT SHOULD ORDER PRODUCTION |
|---|---|---|
| All | In its responses to interrogatories that utilize "You" as a defined term - which includes parent, subsidiary, and other related corporations - Owners has not indicated whether its response holds true for any parent, subsidiary, or related corporations it may have. Rather, it has limited its answers to Owners.  *See, e.g.*, Interrogatory Responses No. 2 and 6. | Owners' relationships with its parent and subsidiary corporations are relevant to the minimum contacts analysis.  Under certain circumstances - such as where one entity essentially controls another - the minimum contacts of one entity are attributed to the other for purposes of personal jurisdiction. *See Oyuela*, *supra*.  *See Hargrave* factors at fn.9, *supra*. |

For the aforementioned reasons, the Court should order Owners to supplement its responses to the Movants' interrogatories.

**C.     The CGL Providers Should be Compelled to Provide Complete Responses to the Movants' Document Requests.**

As with the interrogatories, the Movants' document requests to each of the CGL providers (which are identical in all material respects) are carefully tailored to the issues of jurisdiction and venue.  *See* Plaintiff Robert C. Pate's Requests for the Production of Documents Concerning Jurisdictions and Venue, Ex. "B", Nos. 1-26, 31 (concerning personal jurisdiction) and 27-30 (concerning venue).  Because this discovery is appropriate for the reasons discussed above, the Non-Stipulating CGL providers should be compelled to produce documents in responses to the Movants' document requests.

**1.     The Court Should Order Scottsdale to Produce Documents in Response to the Movants' Document Requests.**

In response to all thirty-one of the Movants' document requests, Scottsdale has provided no documents and has stated either "Scottsdale objects … because …[the Request] seeks irrelevant

information" or "Scottsdale objects …. because … [the Request] seeks irrelevant information and is overly broad and unduly burdensome."  Scottsdale's objections are improper and it is clear Scottsdale is merely avoiding its obligation to provide discovery responses.  Accordingly, the Court should compel Scottsdale to produce documents in response to the Movants' document requests.

### 2.    The Court Should Order FCCI to Produce Documents in Response to the Movants'  Document Requests.

FCCI has responded to the Movants' discovery, but its responses were deficient, as identified below:

| Doc. Req. No. | Deficiency | Reason Why Court Should Order Production |
|---|---|---|
| 2 | FCCI states that National Loss Control Management, Inc. ("NLCM") "may have solicited Louisiana residents or entities." | FCCI provides no supporting documents, does not state whether any such documents exist, what attempts - if any - were made to find such documents, and does not state the basis of the statement that NLCM "may have" solicited Louisiana residents or entities. |
| 3, 9, 24, 31 | FCCI has indicated that it will produce documents and/or information, but has not done so yet. | The deadline for production has passed. |
| 8 | FCCI has not responded to this request as it pertains to NLCM. | The request is directed to "You," which is defined to include FCCI's "respective agents, principals, employees, directors, officers, representatives, affiliates, departments, divisions, and parent and subsidiary corporations." |

| Doc. Req. No. | Deficiency | Reason Why Court Should Order Production |
|---|---|---|
| 11, 12 | FCCI states that National Trust Insurance Company ("NTI") filed or may have caused documents to be filed with the Louisiana Department of Insurance and/or the Louisiana Secretary of State, but refuses to provide those documents on relevance grounds. | Depending on the nature of FCCI's relationship with NTI, NTI's minimum contacts with Louisiana may be relevant to this Court's personal jurisdiction over FCCI. |
| 13 | FCCI has provided no responsive documents, merely stating that "FCCI is not aware of any such documents." | Plaintiff is entitled to know what efforts, if any, FCCI made to locate such documents. |
| 15, 16 | FCCI has provided no responsive documents | FCCI's relationships with its parent and subsidiary corporations are relevant to the minimum contacts analysis. Under certain circumstances - such as where one entity essentially controls another - the minimum contacts of one entity are attributed to the other for purposes of personal jurisdiction. *See Oyuela, supra. See Hargrave* factors at fn.9, *supra.* |
| 18 | FCCI states "see attached," but provides not responsive documents. | FCCI has made no objection, but has omitted from its production any document identifying the directors and officers of Related Entities. |
| 19-23 | FCCI has provided no responsive documents. | Please refer to reason set forth above in reference to Doc. Req. Nos. 15 and 16. |
| 26 | FCCI has provided no responsive documents. | FCCI's purposeful availment of the laws and legislature in Louisiana is relevant to the minimum contacts analysis. |

For the aforementioned reasons, the Court should order FCCI to supplement its responses to the Movants' requests for the production of documents.

22

**3.    The Court Should Order MCC to Produce Documents in Response to the Movants' Document Requests.**

MCC has responded to the Movants' discovery, but its responses were deficient, as identified below:

| DOC. REQ. NO. | DEFICIENCY | REASON WHY COURT SHOULD ORDER PRODUCTION |
|---|---|---|
| 3, 6, 8, 11, 14-18, 24, and 31 | MCC has indicated that it will produce documents, but has not done so yet. | The deadline for production has passed. |
| 4-5 | MCC has indicated that it will produce one complaint in response to this request, but its response suggests that it has not performed an adequate search. | MCC's purposeful availment of the Louisiana judicial system is relevant to the question of personal jurisdiction. Also, whether MCC litigated the issue of a Louisiana court's personal jurisdiction over it in the past - and any position it took as to that issue in the past - is relevant to its claim now that it is not subject to personal jurisdiction. |
| 7 | MCC has limited its response to entities located in Louisiana.  In addition to asking about entities located in Louisiana, the request also asks for "locations at which or from which Your services or products are … sold to Louisiana residents and entities." | MCC's sale - whether by entities located in Louisiana or located outside Louisiana - to Louisiana residents is relevant to its minimum contacts with the forum. |
| 19-22 | MCC has produced no documents. | MCC's relationships with its parent and subsidiary corporations are relevant to the minimum contacts analysis.  Under certain circumstances - such as where one entity essentially controls another - the minimum contacts of one entity are attributed to the other for purposes of personal jurisdiction. *See Oyuela*, *supra*.  *See Hargrave* factors at fn.9, *supra*. |

| Doc. Req. No. | Deficiency | Reason Why Court Should Order Production |
|---|---|---|
| 25 | MCC has produced no documents concerning independent contractors that it employs in Louisiana or who live in Louisiana. | MCC's purposeful availment of Louisiana manpower is relevant to the minimum contacts analysis. Such a request is not objectively burdensome. |
| 30 | MCC has produced no documents. | MCC's affiliation with retail agents through which it has sold insurance in Louisiana in the past 10 years is relevant to its purposeful availment of the benefits of doing business in Louisiana. No privilege protects this information. |
| All | MCC has not indicated in its responses to requests utilizing "You" as a defined term - which includes parent, subsidiary, and other related corporations - whether its response holds true for any parent, subsidiary, or related corporations it may have. Rather, it has limited its answers to MCC. | Please refer to reason set forth above in reference to Doc. Req. Nos. 19-22. |

For the aforementioned reasons, the Court should order MCC to supplement its responses to the Movants' requests for the production of documents.

> **4.** **The Court Should Order NGM to Produce Documents in Response to the Movants' Document Requests.**

NGM has responded to the Movants' discovery, but its responses were deficient, as identified below:

| Doc. Req. No. | Deficiency | Reason Why Court Should Order Production |
|---|---|---|
| 1 | NGM has produced no documents. | These documents are relevant to NGM's purposeful availment of the laws and commerce of Louisiana. |
| 2-3, 6-12, 27 -31 | NGM has produced no documents.  For each of these responses, NGM has written: "none in the present possession, custody or control of … NGM." | Plaintiff is entitled to know whether responsive documents exist, where they are kept, and what efforts, if any, NGM made to obtain them. |
| 4-5 | NGM has produced no documents. | NGM's purposeful availment of the Louisiana judicial system is relevant to the question of personal jurisdiction. Also, whether NGM litigated the issue of a Louisiana court's personal jurisdiction over it in the past - and any position it took as to that issue in the past - is relevant to its claim now that it is not subject to personal jurisdiction. |
| 13 | NGM has produced no documents. | NGM's maintenance of assets, including bank accounts and real estate interests is relevant to its minimum contacts in Louisiana. |
| 17, 18 | NGM has produced no documents. | Information identifying directors, officers, and corporate organizational structure does not constitute privileged information.  *See Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th Cir. 1983) (noting as a factor for consideration in determining whether the minimum contacts of one entity are attributable to another entity whether the two corporations share common officers and directors). |

| DOC. REQ. NO. | DEFICIENCY | REASON WHY COURT SHOULD ORDER PRODUCTION |
|---|---|---|
| 19-23 | NGM has produced no documents. | NGM's relationships with its parent and subsidiary corporations are relevant to the minimum contacts analysis.  Under certain circumstances - such as where one entity essentially controls another - the minimum contacts of one entity are attributed to the other for purposes of personal jurisdiction. *See Oyuela*, *supra*.  *See Hargrave* factors at 9, *supra*. |
| 26 | NGM has produced no documents. | NGM's purposeful availment of the laws and legislature in Louisiana is relevant to the minimum contacts analysis. |
| All | NGM has not indicated in its responses to requests utilizing "You" as a defined term - which includes parent, subsidiary, and other related corporations - whether its response holds true for any parent, subsidiary, or related corporations it may have. Rather, it has limited its answers to NGM.  *See, e.g.*, Response No. 25. | Please refer to reason set forth above in reference to Doc. Req. Nos. 19-23. |

For the aforementioned reasons, the Court should order NGM to supplement its responses to the Movants' requests for the production of documents.

**5.    The Court Should Order Owners to Produce Documents in Response to the Movants' Document Requests.**

Owners has responded to Plaintiff's discovery, but its responses were deficient, as identified below:

| Doc. Req. No. | Deficiency | Reason Why Court Should Order Production |
|---|---|---|
| 4 | Owners limited its response to litigation involving "Louisiana insureds." | Request No. 4 is not limited to Louisiana insureds.  If Owners has purposefully availed itself of the Louisiana judicial system - whether in a dispute against a "Louisiana insured" or not - such fact is relevant to the question of personal jurisdiction. Also, whether Owners litigated the issue of a Louisiana court's personal jurisdiction over it in the past - and any position it took as to that issue in the past - is relevant to its claim now that it is not subject to personal jurisdiction. |
| 5 | Owners produced no documents. | Whether Owners litigated the issue of a Louisiana court's personal jurisdiction over it in the past, any position it took as to that issue in the past, and a Louisiana state or federal court's finding as to that issue is relevant to its claim now that it is not subject to personal jurisdiction. |
| 18-22 | Owners produced no documents. | Owners' relationships with its parent and subsidiary corporations are relevant to the minimum contacts analysis.  Under certain circumstances – such as where one entity essentially controls another – the minimum contacts of one entity are attributed to the other for purposes of personal jurisdiction. *See Oyuela*, *supra*.  *See Hargrave* factors at fn.9, *supra*. |
| 25-31 | Owners produced no documents. | In prior responses, Owners has stated: "Owners is not in possession of any responsive documents because no such Owners' document exists."  In responses 25-31, however, Owners has written:  "Owners is not in possession of any responsive documents."  Plaintiff is entitled to know whether such documents exist, where they are kept, and what efforts, if any, Owners made to obtain them. |

| Doc. Req. No. | Deficiency | Reason Why Court Should Order Production |
|---|---|---|
| All | Owners has not indicated in its responses to requests utilizing "You" as a defined term - which includes parent, subsidiary, and other related corporations -whether its response holds true for any parent, subsidiary, or related corporations it may have. Rather, it has limited its answers to Owners. | Please refer to reason set forth above in reference to Doc. Req. Nos. 18-22. |

For the aforementioned reasons, the Court should order Owners to supplement its responses to the Movants' requests for the production of documents.

### D.   The Court Should Order The Stipulating CGL Providers To Respond To Venue Discovery.

The Stipulating CGL providers have taken the position that they are not obligated to respond to venue discovery, even though they have filed motions to dismiss based on improper venue. While venue and personal jurisdiction are heavily intertwined, a stipulation as to personal jurisdiction does not complete the venue analysis (if it did, the Stipulating CGL providers would never have so stipulated). In addition to involving the question of personal jurisdiction, venue depends on where the events giving rise to the claim occurred. *See* 28 U.S.C. § 1391(a)(2) (stating, in part, that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred"). To address the issue of venue, the Movants included in their Interrogatories requests nos. 12, 14, 24, 25, 26, 27, and 28.

These requests are directed toward venue since they seek to determine whether a substantial part of the events or omissions giving rise to Pate and Van Winkle's insurance coverage claims

occurred in Louisiana.  They do so by inquiring into whether:  the insurance company defendants maintained documents in Louisiana; witnesses pertinent to these insurance coverage actions reside or work in Louisiana; the insurance companies are incorporated in or maintain principle places of business in Louisiana; the insurance policies at issue were signed in Louisiana; and the insurance companies maintain general managing agents brokers, or retail agents in Louisiana.  The Movants' Requests for Production of Documents nos. 27-30 similarly involve issues related to venue.

Because venue discovery is necessary to allow the Movants to respond to the Stipulating CGL providers' motions to dismiss, the Court should order the Stipulating CGL providers to respond to venue discovery.

### E.     The Topics for Notices of Deposition Are Proper Since they Concern the Core Topics of Venue and Personal Jurisdiction.

The Non-Stipulating CGL providers have objected heavily to the topics for notices of corporate representative depositions.  However, the Movants' proposed topics for notices of deposition are entirely proper as they are designed to elicit testimony directly relevant to the issues of jurisdiction and venue - including whether Defendants had minimum contacts with Louisiana, and can reasonably expect to be hailed into court here:

- The type, extent, and duration of travel to Louisiana and/or the transacting of business in Louisiana (Topics 1-6, 8-10, 12, 13, 15-18, 20, 25, 27, 28, 29, 31-34, 42, 44, and 47);

- Contacts with Louisiana governmental entities (Topics, 1, 7, 10, 21, and 35);

- Extent and character of insurance policies covering Louisiana residents and Louisiana entities (Topics 8, 11, 13, 19, 20, and 22);

- The grounds for the facts stated in motions to dismiss (Topic 14);

- General contacts with Louisiana (Topics 21, 23, 24, 26, 28, 29, 39, 45, 46);

•     Information about corporate structure (Topics 30, 36-39, 40, 41, 43, 44).

It is indisputable that these topics go to the heart of whether this Court has personal jurisdiction and whether venue is proper in the Eastern District of Louisiana. Accordingly, as with the interrogatories and document requests, the testimony being sought in the proposed topics for notices of depositions is essential for the Movants to respond properly to the motions to dismiss. Because the foregoing topics are appropriate, the Court should approve the proposed topics at the September 2, 2010 hearing. Additionally, in order to ensure testimony on these vital topics, the Movants respectfully request that the Court direct the CGL providers to identify specific witnesses who will provide testimony on each of the topics for notices of deposition.

**III.**    <u>**CONCLUSION**</u>

In light of the above discovery deficiencies as well as the CGL providers' improper objections, an order compelling complete responses to discovery is essential for the Movants to respond properly to the motions to dismiss. Accordingly, the Movants respectfully request that the Court grant their motion to compel.

Respectfully submitted,

Dated: August 23, 2010

/s/ Russ M. Herman
Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Matthew C. Gaughan (On the Brief)
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm. LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Victor Manuel Diaz
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

Bruce William Steckler (On the Brief)
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
  Matthews, Martinez, Gonzales,
  Kalbac & Kane
255 Aragon Avenue, 2nd Floor
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020   bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker, Waichman, Alonso LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves

Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Jeremy W. Alters
Alters, Boldt, Brown, Rash & Culmo, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@abbrclaw.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
rserpe@serpefirm.com

## INDIVIDUAL COUNSEL FOR PLAINTIFF, ROBERT C. PATE, TRUSTEE FOR THE CHINESE DRYWALL TRUST

Robert M. Horkovich
Anna M. Piazza (On the Brief)
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, New York 10020
P: 212-278-1000
F: 212-278-1733
rhorkovich@andersonkill.com
apiazza@andersonkill.com

Burton LeBlanc
Baron & Budd, P.C.
9015 Bluebonnet Blvd.
Baton Rouge, LA 70810
Phone: (225) 927-5441
Fax: (225) 927-5449
bleblanc@baronbudd.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 23rd day of August, 2010.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhkc.com
Plaintiffs' Liaison Counsel
MDL 2047

*Co-counsel for Plaintiffs*