# EXHIBIT F

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2:09-md-2047 |
| | SECTION: L |
| | JUDGE FALLON |
| | MAG. JUDGE WILKINSON |
| **THIS DOCUMENT RELATES TO:** | |
| ROBERT C. PATE, as Trustee for the Chinese Drywall Trust, v. AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, FCCI COMMERCIAL INSURANCE COMPANY, FCCI INSURANCE COMPANY, et al., **(2:09-cv-07791)** (E.D. La.) | |

## DEFENDANTS FCCI COMMERCIAL INSURANCE COMPANY AND FCCI INSURANCE COMPANY'S RESPONSES TO PLAINTIFF ROBERT C. PATE'S REQUEST FOR THE PRODUCTION OF DOCUMENTS CONCERNING JURISDICTION AND VENUE

COME NOW, FCCI COMMERCIAL INSURANCE COMPANY AND FCCI INSURANCE COMPANY ("FCCI") through their undersigned counsel and provide the following responses and/or objections to Plaintiff Robert C. Pate's Request for the Production of Documents Concerning Jurisdiction and Venue propounded on July 21, 2010 ("Plaintiff's Discovery Requests").

# I.   **GENERAL OBJECTIONS**

A.   FCCI objects to Plaintiff's Discovery Requests generally.  Each general objection is applicable to each response provided below and are incorporated therein.

B.   FCCI objects to the instructions and/or definitions for Plaintiff's Discovery Requests to the extent that they exceed the scope of discovery permitted under the Federal Rules of Civil Procedure.

C.   FCCI objects to each of Plaintiff's Discovery Requests to the extent that they seek documents, mental impressions, conclusions, opinions or legal research or theories of any attorney or other representatives of FCCI, prepared in anticipation of litigation, and/or protected by attorney-client or joint defense privilege and/or the work-product doctrine, and/or not otherwise subject to discovery.

D.   FCCI objects to each of Plaintiff's Discovery Requests to the extent that they seek documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence and which are outside the scope of discovery under the applicable rules of the Federal Rules of Civil Procedure.

E.   FCCI objects to each of Plaintiff's Discovery Requests to the extent that they seek trade secrets, or other confidential, research, development, commercial, financial and/or proprietary documents.

- 2 -

F.      FCCI objects to each of Plaintiff's Discovery Requests to the extent that they seek documents outside of the scope of and not at issue in this litigation.

G.      FCCI objects to each of Plaintiff's Discovery Requests to the extent that it is vague, ambiguous, overly broad, unduly burdensome, and/or harassing.

H.      FCCI objects to each of Plaintiff's Discovery Requests to the extent that they seek documents regarding individuals and/or entities that are not parties to this litigation and the disclosure of which would violate their confidentiality and privacy.

I.      FCCI objects to each of Plaintiff's Discovery Requests to the extent that Plaintiff has failed to limit the time frame.

J.      Without waiving or restricting any of the General Objections set forth in paragraphs "1" through "9" above, and reserving the right to modify or supplement any objection or response at any time based on receipt of additional documents, FCCI responds to Plaintiff's individual Discovery Requests as follows:

## II.     RESPONSES AND SPECIFIC OBJECTIONS

REQUEST NO. 1:        Documents sufficient to show all travel to Louisiana by any of Your officers, directors, employees, representatives or agents for the purpose of conducting business or engaging in any business activity regarding the marketing, sale or promotion of insurance policies, including but not limited to

- 3 -

expense records, airplane tickets, hotel bills, car rental bills and other travel records, as well as documents sufficient to show the dates and purposes of all such trips.

RESPONSE:        FCCI objects to Request No. 1 on the grounds that it is overly broad, not limited as to time, and unduly burdensome. Further, FCCI objects to Request No. 1 on the grounds that it seeks documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence and is not reasonably limited to a relevant time period.

Subject to and without waiving any objection, FCCI has identified all such travel by the officers, directors, employees, representatives or agents of any subsidiaries, parents, affiliates, or agents of FCCI in response to Interrogatory 21.

REQUEST NO. 2:        Documents utilized to solicit, market, or advertise Your services or products in Louisiana, including but not limited to electronic media, brochures, advertisements, news releases, customer service reports, articles, and price lists produced by You for use by You or any Related Entity in Louisiana.

RESPONSE:        FCCI objects to Request No. 2 on the grounds that it is overly broad, not limited as to time, and unduly burdensome. Further, FCCI objects to Request No. 2 on the grounds that it seeks documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objection, neither FCCI

- 4 -

Insurance Company nor FCCI Commercial Insurance Company to solicited, marketed, or advertised services or products in Louisiana.

From 2000 through 2007 National Trust Insurance Company did not solicit business or advertise to Louisiana residents or entities. National Loss Control Management, Inc. (NLCM) (which is not a subsidiary, affiliate, or agent of FCCI) may have solicited Louisiana residents or entities.

REQUEST NO. 3:        Documents regarding actual or prospective purchasers of insurance policies in Louisiana, including reports regarding actual or projected sales of insurance policies by You or any Related Entity.

RESPONSE:        FCCI objects to Request No. 3 on the grounds that it is overly broad, not limited as to time, and unduly burdensome. Further, FCCI objects to Request No. 3 on the grounds that it seeks documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. It seeks information that is privileged or made confidential or otherwise non-discoverable by applicable law, whether state or federal, including without limitation, any laws requiring the confidential treatment of non-public personal or financial information. It seeks information that is privileged, confidential, proprietary, protected as trade secrets, business sensitive, or otherwise non-discoverable. It seeks information for a time period not relevant to the matter

identified in the Complaint and seeks information, documents or materials that are confidential, privileged, proprietary, business sensitive or the trade secrets of Defendant or third parties.

Subject to and without waiving any objection, neither FCCI Insurance Company nor FCCI Commercial Insurance Company sold insurance policies in Louisiana nor has any such documents.

From November 1, 2000 to September 13, 2007, National Trust Insurance Company sold workers' compensation policies in Louisiana.   FCCI is trying to identify premiums written by National Trust Insurance Company for Louisiana workers compensation insureds from 2000-2007 (no policies were written in 2008 and 2009) and premiums collected by National Trust Insurance Company in 2008 or 2009 for Louisiana workers compensation policies issued to insureds from 2000-2007.   If that information can be gathered, it will be produced in response to Interrogatory 9 but the underlying financial documentation is objected to for the reasons set for above.

REQUEST NO. 4:       Documents related to any Louisiana state or federal legal proceedings involving You, including but not limited to: (a) claim, complaint, counterclaim or third party claim You filed in any court, administrative agency, or any other governmental entity within Louisiana; (b) discovery responses and answers

You filed in any litigation in which personal jurisdiction over You in Louisiana was or is an issue and any judicial orders, memoranda, or opinions issued thereon; and (c) copies of any judgment, levy, or assessment entered in Louisiana against or in Your favor.

RESPONSE:      FCCI lacks the ability to access the information asked for in Request No. 4 without an individual review of all claims files.   Therefore, FCCI objects because this Request is overly broad, unduly burdensome, vague and unlimited in scope.

Further, FCCI objects on the grounds that it seeks information that is not discoverable under FED. R. CIV. P. 26, including but not limited to the protection of FED. R. CIV. P. 26(b). Owner further objects on the grounds it seeks information that is not material, not relevant, and it is not designed to lead to the discovery of admissible evidence.

FCCI objects on the grounds that it seeks information for a time period not relevant to the matter identified in the Complaint.

FCCI objects on the grounds that it is seeks the identities of information or materials that cannot be provided by FCCI with substantially greater facility than would otherwise be provided by other sources or obtained independently by the

Plaintiff, who has ample opportunity by discovery in this action to obtain the information or materials sought.

FCCI objects is the information sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.

FCCI objects to the extent that the information sought is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, various limitations on the parties' resources, and the importance of the issues at stake in the litigation.

Further answering, and without waiving objections thereto, FCCI has conducted a search of readily accessible documents as they are kept in the ordinary course of business and is unable to identify any documents involving any Louisiana insured because FCCI has never had any Louisiana insureds.

Further answering, and without waiving objections thereto FCCI and its attorneys have undertaken a review of information available outside of FCCI and the information readily available within FCCI and any affiliates and has responded by providing the information available to it in response to Interrogatory 10. With that information, Plaintiff may obtain any of the information publicly available.

REQUEST NO. 5:        All court orders issued in any action in Louisiana state or federal court wherein the court decided a motion You made to dismiss for lack of personal jurisdiction or improper venue and all briefs submitted by the parties in support of, or in opposition to, such a motion.

RESPONSE:        Defendant incorporates by reference its objections and response to Request 5.

REQUEST NO. 6:        Documents sufficient to identify all agents You authorized to receive service of process or notice of proceedings within Louisiana.

RESPONSE:        None.

REQUEST NO. 7:        Documents sufficient to identify the locations at which or from which Your services or products are sold in Louisiana and/or are sold to Louisiana residents and entities.

RESPONSE:        None.

REQUEST NO. 8:        All documents concerning any tax charged to You by the state of Louisiana.

RESPONSE:        FCCI objects to Request No. 8 on the grounds that it is overly broad, not limited as to time, and unduly burdensome.  Further, FCCI objects to Request No. 8 on the grounds that it seeks documents that are neither relevant to

the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

FCCI objects on the grounds that it seeks information that is not discoverable under FED. R. CIV. P. 26, including but not limited to the protection of FED. R. CIV. P. 26(b).

FCCI objects on the grounds that it seeks information that is privileged or made confidential or otherwise non-discoverable by applicable law, whether state or federal, including without limitation, any laws requiring the confidential treatment of non-public personal or financial information.

FCCI objects on the grounds that it seeks information that is privileged, confidential, proprietary, protected as trade secrets, business sensitive, or otherwise non-discoverable.

FCCI objects on the grounds that it seeks information for a time period not relevant to the matter identified in the Complaint and seeks information, documents or materials that are confidential, privileged, proprietary, business sensitive or the trade secrets of Defendant or third parties.

Neither FCCI Insurance Company nor FCCI Commercial Insurance Company has ever filed tax returns in Louisiana.

REQUEST NO. 9:         Documents sufficient to show for each of the past ten years, Your annual sales of insurance policies to purchasers in Louisiana (including but not limited to sales of insurance policies by any Related Entity) and the dollar value for all such sales.

RESPONSE:

FCCI objects to Request No. 9 on the grounds that it is overly broad and unduly burdensome.  Further, FCCI objects to Request No. 9 on the grounds that it seeks information that is not discoverable under FED. R. CIV. P. 26, including but not limited to the protection of FED. R. CIV. P. 26(b).

Further, FCCI objects to Request No. 9 on the grounds that it seeks information that is privileged or made confidential or otherwise non-discoverable by applicable law, whether state or federal, including without limitation, any laws requiring the confidential treatment of non-public personal or financial information.

Further, FCCI objects to Request No. 9 on the grounds that it seeks information that is privileged, confidential, proprietary, protected as trade secrets, business sensitive, or otherwise non-discoverable.

Further, FCCI objects to Request No. 9 on the grounds that it seeks information for a time period not relevant to the matter identified in the Complaint

and seeks information, documents or materials that are confidential, privileged, proprietary, business sensitive or the trade secrets of Defendant or third parties.

Subject to and without waiving said objection, neither FCCI Insurance Company nor FCCI Commercial Insurance Company sold any insurance policies to purchasers in Louisiana.

FCCI is trying to identify premiums written by National Trust Insurance Company for Louisiana workers compensation insureds from 2000-2007 and premiums collected by National Trust Insurance Company in 2008 or 2009 for Louisiana workers compensation policies issued to insureds from 2000-2007. That information will be provided in response to Interrogatory 9.

REQUEST NO. 10:       Documents sufficient to identify the offices You may maintain, own, lease, or occupy in Louisiana.

RESPONSE:       None.

REQUEST NO. 11:       Documents that You filed with the Louisiana Department of Insurance in the past ten years.

RESPONSE:       FCCI objects to Request No. 11 on the grounds that it is overly broad and unduly burdensome. Further, FCCI objects to Request No. 11 on the grounds that it seeks documents that are neither relevant to the subject matter of

this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving any objection, neither FCCI Insurance Company nor FCCI Commercial Insurance Company filed documents with the Louisiana Department of Insurance.

From November 1, 2000 to September 13, 2007, National Trust Insurance Company filed or caused documents to be filed with the Louisiana Department of Insurance but those documents are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 12:     Documents that You filed with the Louisiana Secretary of State in the past ten years.

RESPONSE:     FCCI objects to Request No. 12 on the grounds that it is overly broad and unduly burdensome.  Further, FCCI objects to Request No. 12 on the grounds that it seeks documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving any objection, neither FCCI Insurance Company nor FCCI Commercial Insurance Company filed documents with the Louisiana Secretary of State.

- 13 -

From November 1, 2000 to September 13, 2007, National Trust Insurance Company may have filed or caused documents to be filed with the Louisiana Secretary of State but those documents are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 13:   Documents sufficient to identify for each of the past ten years, your assets, including bank accounts, real estate interests, financial instruments or securities, located in Louisiana and the dollar value of each asset.

RESPONSE:   FCCI objects to Request No. 13 on the grounds that it is overly broad and unduly burdensome.  Further, FCCI objects to Request No. 13 on the grounds that it seeks documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving that objection, FCCI is not aware of any such documents.

REQUEST NO. 14:   Documents sufficient to show Your corporate structure, including any Related Entities.

RESPONSE:   FCCI objects to Request No. 14 on the grounds that it seeks documents that are neither relevant to the subject matter of this litigation nor

- 14 -

reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving any objection, see attached organizational chart.

REQUEST NO. 15:     Documents    sufficient    to    show    Your    percent ownership interest in any Related Entities.

RESPONSE:     FCCI objects to Request No. 15 on the grounds that it seeks documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 16:     Documents sufficient to show any Related Entity's percent ownership interest in You.

RESPONSE:     FCCI objects to Request No. 16 on the grounds that it seeks documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 17:     Documents sufficient to identify Your board of directors, each corporate officer, and Your organizational structure.

RESPONSE:     See attached.

REQUEST NO. 18:     Documents    sufficient    to    identify    the    board    of directors, each corporate officer, and the organizational structure of Related Entities.

RESPONSE:     See attached.

- 15 -

REQUEST NO. 19:        Documents sufficient to show each distribution or transfer of cash or assets between You and a Related Entity.

RESPONSE:        Defendants object to Request No. 19 on the grounds that it is unduly burdensome, not relevant, not reasonably calculated to lead to the discovery of admissible evidence and not reasonably limited in time or scope to the issues pending in this matter.

FCCI objects on the grounds that it seeks information that is not discoverable under FED. R. CIV. P. 26, including but not limited to the protection of FED. R. CIV. P. 26(b).

FCCI objects on the grounds that it seeks information that is privileged or made confidential or otherwise non-discoverable by applicable law, whether state or federal, including without limitation, any laws requiring the confidential treatment of non-public personal or financial information.

FCCI objects on the grounds that it seeks information that is privileged, confidential, proprietary, protected as trade secrets, business sensitive, or otherwise non-discoverable.

FCCI objects on the grounds that it seeks information for a time period not relevant to the matter identified in the Complaint and seeks information, documents

or materials that are confidential, privileged, proprietary, business sensitive or the trade secrets of Defendant or third parties.

REQUEST NO. 20:       Documents sufficient to show the existence of any inter-company loans, advances of funds, or cost sharing between You and a Related Entity.

RESPONSE:       Defendants object to Request No. 20 on the grounds that it is unduly burdensome, not relevant, not reasonably calculated to lead to the discovery of admissible evidence and not reasonably limited in time or scope to the issues pending in this matter.

FCCI objects on the grounds that it seeks information that is not discoverable under FED. R. CIV. P. 26, including but not limited to the protection of FED. R. CIV. P. 26(b).

FCCI objects on the grounds that it seeks information that is privileged or made confidential or otherwise non-discoverable by applicable law, whether state or federal, including without limitation, any laws requiring the confidential treatment of non-public personal or financial information.

FCCI objects on the grounds that it seeks information that is privileged, confidential, proprietary, protected as trade secrets, business sensitive, or otherwise non-discoverable.

FCCI objects on the grounds that it seeks information for a time period not relevant to the matter identified in the Complaint and seeks information, documents or materials that are confidential, privileged, proprietary, business sensitive or the trade secrets of Defendant or third parties.

REQUEST NO. 21:      Documents sufficient to show the existence of any guarantees or similar assurances by You to financial institutions on behalf of any Related Entity.

RESPONSE:      Defendants object to Request No. 21 on the grounds that it is unduly burdensome, not relevant, not reasonably calculated to lead to the discovery of admissible evidence and not reasonably limited in time or scope to the issues pending in this matter.

FCCI objects on the grounds that it seeks information that is not discoverable under FED. R. CIV. P. 26, including but not limited to the protection of FED. R. CIV. P. 26(b).

FCCI objects on the grounds that it seeks information that is privileged or made confidential or otherwise non-discoverable by applicable law, whether state or federal, including without limitation, any laws requiring the confidential treatment of non-public personal or financial information.

FCCI objects on the grounds that it seeks information that is privileged, confidential, proprietary, protected as trade secrets, business sensitive, or otherwise non-discoverable.

FCCI objects on the grounds that it seeks information for a time period not relevant to the matter identified in the Complaint and seeks information, documents or materials that are confidential, privileged, proprietary, business sensitive or the trade secrets of Defendant or third parties.

REQUEST NO. 22:    Documents that relate to the preparation and approval by You of annual and longer-term business plans, marketing plans, and budgets for any Related Entity.

RESPONSE:    Defendants object to Request No. 22 on the grounds that it is unduly burdensome, not relevant, not reasonably calculated to lead to the discovery of admissible evidence and not reasonably limited in time or scope to the issues pending in this matter.

FCCI objects on the grounds that it seeks information that is not discoverable under FED. R. CIV. P. 26, including but not limited to the protection of FED. R. CIV. P. 26(b).

FCCI objects on the grounds that it seeks information that is privileged or made confidential or otherwise non-discoverable by applicable law, whether state or federal, including without limitation, any laws requiring the confidential treatment of non-public personal or financial information.

FCCI objects on the grounds that it seeks information that is privileged, confidential, proprietary, protected as trade secrets, business sensitive, or otherwise non-discoverable.

FCCI objects on the grounds that it seeks information for a time period not relevant to the matter identified in the Complaint and seeks information, documents or materials that are confidential, privileged, proprietary, business sensitive or the trade secrets of Defendant or third parties.

REQUEST NO. 23:   Any combined financial statements for You and any Related Entity.

RESPONSE:       Defendants object to Request No. 23 on the grounds that it is unduly burdensome, not relevant, not reasonably calculated to lead to the discovery

of admissible evidence and not reasonably limited in time or scope to the issues pending in this matter.

FCCI objects on the grounds that it seeks information that is not discoverable under FED. R. CIV. P. 26, including but not limited to the protection of FED. R. CIV. P. 26(b).

FCCI objects on the grounds that it seeks information that is privileged or made confidential or otherwise non-discoverable by applicable law, whether state or federal, including without limitation, any laws requiring the confidential treatment of non-public personal or financial information.

FCCI objects on the grounds that it seeks information that is privileged, confidential, proprietary, protected as trade secrets, business sensitive, or otherwise non-discoverable.

FCCI objects on the grounds that it seeks information for a time period not relevant to the matter identified in the Complaint and seeks information, documents or materials that are confidential, privileged, proprietary, business sensitive or the trade secrets of Defendant or third parties.

REQUEST NO. 24:      Documents sufficient to identify the percentage of Your revenue that originates from Louisiana residents or entities.

RESPONSE:   Defendants object to Request No. 24 on the grounds that it is unduly burdensome, not relevant, not reasonably calculated to lead to the discovery of admissible evidence and not reasonably limited in time or scope to the issues pending in this matter.

FCCI objects on the grounds that it seeks information that is not discoverable under FED. R. CIV. P. 26, including but not limited to the protection of FED. R. CIV. P. 26(b).

FCCI objects on the grounds that it seeks information that is privileged or made confidential or otherwise non-discoverable by applicable law, whether state or federal, including without limitation, any laws requiring the confidential treatment of non-public personal or financial information.

FCCI objects on the grounds that it seeks information that is privileged, confidential, proprietary, protected as trade secrets, business sensitive, or otherwise non-discoverable.

FCCI objects on the grounds that it seeks information for a time period not relevant to the matter identified in the Complaint and seeks information, documents or materials that are confidential, privileged, proprietary, business sensitive or the trade secrets of Defendant or third parties.

Subject to and without waiving that objection, FCCI is trying to identify the following information: (1) premiums written by all FCCI entities from 2000-2009, (2) premiums written by National Trust Insurance Company from 2000-2009, (3) premiums written by National Trust Insurance Company for Louisiana workers compensation insureds from 2000-2007 (no policies were written in 2008 and 2009), and (4) premiums collected by National Trust Insurance Company in 2008 or 2009 for Louisiana workers compensation policies issued to insureds from 2000-2007. If it can be identified without unreasonable cost, FCCI will respond to Interrogatory 9 and supply this information.

REQUEST NO. 25:    Documents sufficient to identify any of Your employees, independent contractors, or leased personnel whom You employ in Louisiana or who live in Louisiana.

RESPONSE:    FCCI objects to Request No. 25 on the grounds that it seeks documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objection, no FCCI employees, independent contractors, or leased personnel are employed in Louisiana or live in Louisiana.

REQUEST NO. 26:    Documents concerning any lobbying performed by You on Your behalf in Louisiana.

- 23 -

<u>RESPONSE</u>:      FCCI objects to Request No. 26 on the grounds that it seeks documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

<u>REQUEST NO. 27</u>:      Documents concerning Your storage or maintenance of any documents or things in Louisiana.

<u>RESPONSE</u>:      None.

<u>REQUEST NO. 28</u>:      Documents sufficient to identify Your managing general agent in Louisiana.

<u>RESPONSE</u>:      None.

<u>REQUEST NO. 29</u>:      Documents sufficient to identify Your brokers in Louisiana.

<u>RESPONSE</u>:      None.

<u>REQUEST NO. 30</u>:      Documents sufficient to identify the retail agents through which You have sold insurance in Louisiana in the past 10 years.

<u>RESPONSE</u>:

Neither FCCI Insurance Company nor FCCI Commercial Insurance Company had any retail agents who sold insurance on their behalf in the past 10 years.

As set forth above, from 2000 until 2007, National Loss Control Management, Inc. (NLCM), 1010 Florida Boulevard, Baton Rouge, Louisiana (a company that is

not subsidiary, parent, affiliate or agent of FCCI Insurance Company or FCCI Commercial Insurance Company) served as the General Agent for National Trust Insurance Company.  NLCM was not authorized and did not write coverage on behalf of NTI other than Workers' Compensation coverage.  NLCM was not authorized and did not write business on behalf of FCCI Insurance Company or FCCI Commercial Insurance Company in Louisiana.  As General Agent, NLCM appointed retail agents to sell workers compensation insurance for NTI.  NTI did not appoint any retail agent to sell insurance on its behalf.

REQUEST NO. 31:        Documents sufficient to identify each year for the last ten years the total amount of premiums You have collected from Louisiana clients.

RESPONSE:

FCCI objects to Request No. 31 on the grounds that it is overly broad, not limited as to time, and unduly burdensome.  Further, FCCI objects to Request No. 31 on the grounds that it seeks documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  It seeks information that is privileged or made confidential or otherwise non-discoverable by applicable law, whether state or federal, including without limitation, any laws requiring the confidential treatment of non-public personal or

financial information.   It seeks information that is privileged, confidential, proprietary, protected as trade secrets, business sensitive, or otherwise non-discoverable.   It seeks information for a time period not relevant to the matter identified in the Complaint and seeks information, documents or materials that are confidential, privileged, proprietary, business sensitive or the trade secrets of Defendant or third parties.

Subject to and without waiving any objection, neither FCCI Insurance Company nor FCCI Commercial Insurance Company sold insurance policies in Louisiana nor has any such documents.

From November 1, 2000 to September 13, 2007, National Trust Insurance Company sold workers' compensation policies in Louisiana.   FCCI is trying to identify premiums written by National Trust Insurance Company for Louisiana workers compensation insureds from 2000-2007 (no policies were written in 2008 and 2009) and premiums collected by National Trust Insurance Company in 2008 or 2009 for Louisiana workers compensation policies issued to insureds from 2000-2007.   If that information can be gathered, it will be produced in response to Interrogatory 9 but the underlying financial documentation is objected to for the reasons set for above.

This 16th day of August, 2010.

Respectfully submitted,

GOODMAN MCGUFFEY LINDSEY & JOHNSON, LLP
Attorneys for FCCI COMMERCIAL INSURANCE
COMPANY and FCCI INSURANCE COMPANY

BY:    /s/ ROBERT M. DARROCH
       ROBERT M. DARROCH
       GA State Bar No.:  205490
       rdarroch@gmlj.com
       STEPHANIE F. GLICKAUF
       GA State Bar No.:  257540
       sglickauf@gmlj.com
       3340 Peachtree Road NE, Suite 2100
       Atlanta, GA 30326-1084
       Phone:  (404) 264-1500
       Fax:    (404) 264-1737

       AND

MOULEDOUX, BLAND, LEGRAND & BRACKETT, LLC

By:    /s/ PATRICK E. COSTELLO
       PATRICK E. COSTELLO (#26619)
       pcostello@mblb.com
       JACQUES P. DeGRUY (#29144)
       jdegruy@mblb.com
       4250 One Shell Square
       701 Poydras Street
       New Orleans, Louisiana  70139
       Telephone: 504-595-3000
       Facsimile: 504-522-2121

- 27 -

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing   DEFENDANTS FCCI COMMERCIAL   INSURANCE   COMPANY   AND   FCCI   INSURANCE COMPANY'S RESPONSES TO PLAINTIFF ROBERT C. PATE'S REQUEST FOR THE PRODUCTION OF DOCUMENTS CONCERNING JURISDICTION AND VENUE has been served upon Plaintiff's Liaison Counsel, Russ Herman, and Defendant's Liaison Counsel, Kerry Miller, by e-mail.

This 16th day of August, 2010.

By:   /s/ PATRICK E. COSTELLO
          PATRICK E. COSTELLO (#26619)

# FCCI Officers

**G.W. Jacobs, J.D.**
President/Chief Executive Officer

**Rupert L. Willis**
Executive Vice President/Chief Regional Officer

**Craig A. Johnson, MBA, CPA**
Executive Vice President/Chief Financial Officer
& Treasurer

**Debra H. Douglas, MBA, CLU, ChFC**
Executive Vice President, Marketing/Underwriting
& Human Resources

**Joseph A. Keene**
Executive Vice President, Corporate Claims

**Brenda M. Davis**
Senior Vice President/Chief Information Officer

**Lisa Krouse, Esq., SPHR**
Senior Vice President, Human Resources
& Support Services

**Thomas A. Koval, Esq.**
Senior Vice President/General Counsel

**David Leblanc-Simard, FCAS, MAAA, ASA, CFA**
Senior Vice President/Chief Actuary

**Tracey J. Pfab**
Regional Senior Vice President, Midwest Region

**Earl E. Price**
Regional Senior Vice President, Florida Region

**Thomas G. Quaka, CPCU**
Regional Senior Vice President, Gulf Coast Operations

**Richard E. Rueger, CPCU, AIC, ARe**
Regional Senior Vice President, Southeast Region

**Chris Shoucair, MST, CPA**
Senior Vice President, Controller & Assistant
Treasurer

**John J. Bartone**
Vice President, Claims

**Patrick L. Caranfa, CIC, AU, MLIS**
Vice President, Home Office Underwriting

**Garth D. Crow, CPCU, CIC, AIC**
Vice President, Claims

**Kaye H. Garruto**
Vice President, Underwriting

**Cynthia L. Gaul**
Vice President, Claims

**Carey A. Geaglone, CPCU, MBA, ARe, AIS, AIT**
Vice President, IS Application Services

**Stephen H. Graham, AFIS**
Vice President, Agribusiness

**Gregory L. Kramer**
Vice President, Underwriting

**Duane L. Padgett, CIC, AU**
Vice President, Marketing & Product Management

**William D. Speaker, CPCU, AU**
Vice President, Underwriting

**Christina D. Welch, Esq., CPCU**
Vice President/Chief Security Officer

**Ned B. Wilson, Ph.D., CPCU**
Vice President, Treasury Operations

**Scott Paice, CPCU, AFSB, CIC**
Assistant Vice President, Surety

**Gary L. Pemberton**
Assistant Vice President, IS Application Services

# FCCI Board of Directors

**John T. Stafford**
Chairman of the Board, FCCI Insurance Group, since 2004
*Former chairman, president and CEO of numerous regional banks*
FCCI Director since 1996

**G.W. Jacobs, J.D.**
President and Chief Executive Officer, FCCI Insurance Group,
since 1999

**Charles R. Baumann, CPA/CFF**
*Principal, Kerkering, Barberio & Co., P.A. (accounting firm)*
FCCI Director since 2004

**Robert W. Benjamin, Esq.**
*Of Counsel, Williams Parker (law firm)*
FCCI Director since 2007

**Timothy J. Clarke**
*Retired president/founder, Clarke Advertising & Public Relations*
FCCI Director since 2005

**Robert W. Flanders**
*President, Quality Walls Enterprises, Inc.*
*Board Chairman, Suncoast Foundation for the*
*Handicapped, Inc.*
*Charter Member, The Argus Foundation*
FCCI Director since 1993

**Marvin S. Haber**
*Retired president, Savon Furniture*
*Retired president, Haber Management (furniture*
*manufacturing consulting)*
FCCI Trustee/Director since 1992

**Roy A. Yahraus**
*Board of Directors, Cadence Bank*
*Commercial Real Estate Consultant/Landlord,*
*Harry E. Robbins Associates, Inc.*
*Retired owner, Gulf Coast Building Materials*
FCCI Director since 2007



FCCI Board of Directors (seated left to right) Marvin S. Haber, Robert W. Benjamin, G.W. Jacobs, President/Chief Executive Officer, Charles R. Baumann, and Robert W. Flanders (standing left to right) Roy A. Yahraus, John T. Stafford, Chairman of the Board, and Timothy J. Clarke

23



# Corporate Structure

FCCI Mutual Insurance Holding Company

FCCI Group, Inc.

FCCI Insurance Company

FCCI Insurance Group, Inc. (FIG)

National Trust Insurance Company (NTI)

FCCI Commercial Insurance Company

FCCI Services, Inc.

FCCI Agency Inc.

FCCI Staffing Solutions Inc.

Monroe Guaranty Insurance Company

FCCI Advantage Insurance Company

Mississippi Insurance Managers, Inc. (MIM)

Brierfield Insurance Company

FCCI

Rev. 1/10