# EXHIBIT K



Aug 12 2010
4:51PM

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN RE: CHINESE-MANUFACTURED** | * | **MDL NO. 2047** |
| **DRYWALL PRODUCTS** | * | |
| **LIABILITY LITIGATION** | * | **SECTION: L** |
| | * | |
| | * | **JUDGE: FALLON** |
| **This Document Relates to:** | * | |
| *Robert C. Pate, et al. versus* | * | **MAG: WILKINSON** |
| *American International Specialty Lines* | * | |
| *Insurance, et al.* | * | |
| *Case No. 2:09-cv-07791 (E.D.La.)* | * | |

*******************************************************

**OWNERS INSURANCE COMPANY'S RESPONSE TO PLAINTIFF ROBERT C.
PATE'S INTERROGATORIES AND REQUESTS FOR THE PRODUCTION OF
DOCUMENTS CONCERNING JURISDICTION AND VENUE**

### INTERROGATORIES

**INTERROGATORY NO. 1:**

Do any of your subsidiary or parent corporations sell insurance – directly or indirectly – to Louisiana residents or entities? If so, for each, identify: its headquarters; your percent ownership in it or its percent ownership in you; any officers or directors common to you and the subsidiary or parent; and whether you and the subsidiary or parent maintain separate accounting systems.

**ANSWER TO INTERROGATORY NO. 1:**

Owners objects to Interrogatory No. 1 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, not limited in time or scope and costly. Further answering, and without waiving objections thereto, Owners does not sell insurance to Louisiana residents or entities.

**INTERROGATORY NO. 2:**

Identify all offices that You maintain, own, lease, and/or occupy in Louisiana, and for each state the address and the entity maintaining, owning, leasing, and/or occupying the office.

**ANSWER TO INTERROGATORY NO. 2:**

Owners objects to Interrogatory No. 2 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, not limited in time or scope and costly. Further answering, and without waiving objections thereto, Owners does not maintain, own, lease and/or occupy any offices in Louisiana.

**INTERROGATORY NO. 3:**

Identify all offices in Louisiana at or through which insurance policies are sold by You or on Your behalf.

**ANSWER TO INTERROGATORY NO. 3:**

Owners objects to Interrogatory No. 3 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, not limited in time or scope and costly. Further answering, and without waiving objections thereto, Owners does not have offices in Louisiana at or through which insurance policies are sold.

**INTERROGATORY NO. 4:**

Identify all periods of time during which You were qualified to do business in Louisiana and Identify all periods of time during which You were licensed to sell insurance in Louisiana.

**ANSWER TO INTERROGATORY NO. 4:**

Owners objects to Interrogatory No. 4 on the grounds that it is overly broad, not limited in time or scope, unduly burdensome and vague. Further answering, and without waiving objections thereto, Owners is not qualified to do business in Louisiana or licensed to sell

insurance in Louisiana, and has never been qualified to do business in Louisiana or licensed to sell insurance in Louisiana.

## INTERROGATORY NO. 5:

Identify any tax returns You have filed in Louisiana during the past ten years, including the filer of the tax return, its address, and the year it was filed.

## ANSWER TO INTERROGATORY NO. 5:

Owners objects to Interrogatory No. 5 on the grounds that it is unduly burdensome, not relevant, not reasonably calculated to lead to the discovery of admissible evidence and unlimited in scope. Further answering, and without waiving objections thereto, Owners has never filed tax returns in Louisiana during the past ten years.

## INTERROGATORY NO. 6:

During the past ten years, have You sold or marketed insurance policies to persons located in Louisiana, including but not limited to sales by Your subsidiaries, parents, affiliates, or agents? If so, identify the entity selling or marketing the insurance policies, the kind of insurance policies it sold, and the number of insurance policies of each kind it sold each year.

## ANSWER TO INTERROGATORY NO. 6:

Owners objects to Interrogatory No. 6 on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, unlimited in scope, seeks information that is not discoverable under FED. R. CIV. P. 26, including but not limited to the protection of FED. R. CIV. P. 26(b) and seeks information for a time period not relevant to the matter identified in the Complaint. Further answering, and without waiving objections thereto, Owners has not sold or marketed insurance policies to persons located in Louisiana.

**INTERROGATORY NO. 7:**

Identify the number of insurance claims You have processed in Louisiana in the past ten years, identifying in your answer the names of the entities processing the claims and their relation to You.

**ANSWER TO INTERROGATORY NO. 7:**

Owners objects to Interrogatory No. 7 on the grounds that it is overly broad, unduly burdensome, vague, ambiguous and unlimited in scope. Further answering, and without waiving objections thereto, Owners has never processed insurance claims in Louisiana.

**INTERROGATORY NO. 8:**

Identify all assets, including but not limited to real estate, bank accounts, financial instruments, or securities that You own or have owned in Louisiana in the past ten years, including the type of asset, the owner of the asset, and the dollar value of the asset.

**ANSWER TO INTERROGATORY NO. 8:**

Owners objects to Interrogatory No. 8 on the grounds that it is overly broad, unduly burdensome, not relevant, not reasonably calculated to lead to the discovery of admissible evidence and unlimited in scope.

Further, Owners objects to Interrogatory No. 8 on the grounds that it seeks information that is not discoverable under FED. R. CIV. P. 26, including but not limited to the protection of FED. R. CIV. P. 26(b).

Further, Owners objects to Interrogatory No. 8 on the grounds that it seeks information that is privileged or made confidential or otherwise non-discoverable by applicable law, whether state or federal, including without limitation, any laws requiring the confidential treatment of non-public personal or financial information.

Further, Owners objects to Interrogatory No. 8 on the grounds that it seeks information that is privileged, confidential, proprietary, protected as trade secrets, business sensitive, or otherwise non-discoverable.

Further, Owners objects to Interrogatory No. 8 on the grounds that it seeks information for a time period not relevant to the matter identified in the Complaint and seeks information, documents or materials that are confidential, privileged, proprietary, business sensitive or the trade secrets of Defendant or third parties.

Further answering, Owners does not own real estate, bank accounts or financial interests in Louisiana.   By agreement of counsel, Owners is not obligated to search for securities information.

## INTERROGATORY NO. 9:

For each of the past ten years, and for you and each of your subsidiary or parent corporations, Identify any revenue originating from Louisiana; the percent that revenue constitutes of your or your subsidiary or parent corporation's total annual revenue; and the percent of that annual revenue that originates from insurance premium payments by Louisiana residents or entities.

## ANSWER TO INTERROGATORY NO. 9:

Owners objects to Interrogatory No. 9 on the grounds that it is overly broad, unduly burdensome, vague in that "revenue" is undefined and unlimited in scope.

Further, Owners objects to Interrogatory No. 9 on the grounds that it seeks information that is not discoverable under FED. R. CIV. P. 26, including but not limited to the protection of FED. R. CIV. P. 26(b).

Further, Owners objects to Interrogatory No. 9 on the grounds that it seeks information that is privileged or made confidential or otherwise non-discoverable by applicable law, whether state or federal, including without limitation, any laws requiring the confidential treatment of non-public personal or financial information.

Further, Owners objects to Interrogatory No. 9 on the grounds that it seeks information that is privileged, confidential, proprietary, protected as trade secrets, business sensitive, or otherwise non-discoverable.

Further, Owners objects to Interrogatory No. 9 on the grounds that it seeks information for a time period not relevant to the matter identified in the Complaint and seeks information, documents or materials that are confidential, privileged, proprietary, business sensitive or the trade secrets of Defendant or third parties.

Further answering, and without waiving objections thereto, Owners does not have any sales, product or service revenue originating from Louisiana.

**INTERROGATORY NO. 10:**

During the past ten years, have You been a party to any judicial or administrative proceeding in Louisiana? If so, state the name of the proceeding, the index or other identifying number of the proceeding, and describe of the nature of the proceeding.

**ANSWER TO INTERROGATORY NO. 10:**

Owners objects to Interrogatory No. 10 on the grounds that it is overly broad, unduly burdensome, vague and unlimited in scope.

Further, Owners objects to Interrogatory No. 10 on the grounds that it seeks information that is not discoverable under FED. R. CIV. P. 26, including but not limited to the protection of FED. R. CIV. P. 26(b).  Owner further objects on the grounds it seeks information that is not

material, not relevant, and it is not designed to lead to the discovery of admissible evidence.

Further, Owners objects to Interrogatory No. 10 on the grounds that it seeks information for a time period not relevant to the matter identified in the Complaint.

Further, Owners objects to Interrogatory No. 10 on the grounds that it is seeks the identities of information or materials that cannot be provided by Owners with substantially greater facility than would otherwise be provided by other sources or obtained independently by the Plaintiff, who has ample opportunity by discovery in this action to obtain the information or materials sought.

Further, Owners objects to Interrogatory No. 10 as the information sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Further, Owners objects to Interrogatory No. 10 to the extent that the information sought is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation.

Further answering, and without waiving objections thereto, Owners has conducted a search of readily accessible documents as they are kept in the ordinary course of business and is unable to identify any documents involving any Louisiana insured because Owners does not have any Louisiana insureds.  Further answering, and without waiving objections thereto, Owners has conducted a search of the readily accessible documents as they are kept in the ordinary course of business and is unable to identify any Owners' documents involving any judicial or administrative proceeding involving a Louisiana insured.

**INTERROGATORY NO. 11:**

Identify all the lawsuits or administrative proceedings in which You have been involved during the past 10 years in which the court applied Louisiana law.

**ANSWER TO INTERROGATORY NO. 11:**

Please see objections and responses to Interrogatory No. 10. Further, Owners objects to Interrogatory No. 11 on the grounds that it is overly broad, unduly burdensome, vague in that "involved" is undefined and unlimited in scope.

Further, Owners objects to Interrogatory No. 11 on the grounds that it seeks information that is not discoverable under FED. R. CIV. P. 26, including but not limited to the protection of FED. R. CIV. P. 26(b). Owner further objects on the grounds it seeks information that is not material, not relevant, and it is not designed to lead to the discovery of admissible evidence.

Further, Owners objects to Interrogatory No. 11 on the grounds that it seeks information for a time period not relevant to the matter identified in the Complaint.

Further, Owners objects to Interrogatory No. 11 on the grounds that it is seeks the identities of information or materials that cannot be provided by Owners with substantially greater facility than would otherwise be provided by other sources or obtained independently by the Plaintiff, who has ample opportunity by discovery in this action to obtain the information or materials sought.

Further, Owners objects to Interrogatory No. 11 as the information sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Further, Owners objects to Interrogatory No. 11 to the extent that the information sought is unduly burdensome or expensive, taking into account the needs of the case, the amount in

controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation.

**INTERROGATORY NO. 12:**

Identify all locations at which You maintain any documents in Louisiana and identify the categories of documents (ex. policies, underwriting files, or claims files).

**ANSWER TO INTERROGATORY NO. 12:**

Owners objects to Interrogatory No. 12 on the grounds that it is overly broad, unduly burdensome, not relevant, vague and unlimited in time and scope. Further answering, and without waiving objections thereto, Owners does not have any locations at which Owners maintain any documents in Louisiana.

**INTERROGATORY NO. 13:**

Identify the number of claims that You have paid to Louisiana residents or entities in the past 10 years and the total amount of those claims.

**ANSWER TO INTERROGATORY NO. 13:**

Owners objects to Interrogatory No. 13 on the grounds that it is overly broad, unduly burdensome, or expensive, not relevant, not material, not reasonably calculated to lead to the discovery of admissible evidence, unlimited in scope, seeks information that is not discoverable under FED. R. CIV. P. 26, including but not limited to the protection of FED. R. CIV. P. 26(b) and seeks information for a time period not relevant to the matter identified in the Complaint.

**INTERROGATORY NO. 14:**

Identify all witnesses relevant to this case who reside or work in Louisiana.

**ANSWER TO INTERROGATORY NO. 14:**

Owners objects to Interrogatory No. 14 on the grounds that it is overly broad, unduly burdensome, not relevant, not reasonably calculated to lead to the discovery of admissible evidence, vague, ambiguous and unlimited in scope.

Owners objects to Interrogatory No. 14 on the grounds that it seeks information protected by the attorney-client privilege or work product prepared in anticipation of litigation or for trial and seeks information subject to the attorney-client privilege, the attorney work product privilege and materials or information prepared in the anticipation of litigation or trial privilege, including but not limited to the protections contained in FED. R. CIV. P. 26(b)(1)-(5).

Owners objects to Interrogatory No. 14 on the grounds that it seeks disclosure of the opinions, mental impressions, trial strategy, legal conclusions or legal theories of this Plaintiff, its counsel or other representatives.

Owners further objects to the disclosure of any information, materials or documents generated, certified, or acquired in response to the filing of the subject lawsuit by Plaintiff.

Further answering, and without waiving objections thereto, Owners contends that it is impossible to determine "all witnesses relevant to this case who reside or work in Louisiana."

**INTERROGATORY NO. 15:**

Identify each type of business that You have transacted in Louisiana, the entity transacting the business, and the time period during which You transacted the business.

**ANSWER TO INTERROGATORY NO. 15:**

Owners objects to Interrogatory No. 15 on the grounds that it is overly broad, unduly burdensome, vague and unlimited in time and scope.  Further answering, and without waiving objections thereto, Owners has not transacted business in Louisiana.

**INTERROGATORY NO. 16:**

Identify each type of service or thing that You have contracted to supply in Louisiana, the entity supplying the service or thing, and the time period during which You supplied the service or thing.

**ANSWER TO INTERROGATORY NO. 16:**

Owners objects to Interrogatory No. 16 on the grounds that it is overly broad, unduly burdensome, vague and unlimited in time and scope.  Further answering, and without waiving objections thereto, Owners has not contracted to supply services or things in Louisiana.

**INTERROGATORY NO. 17:**

Identify all manners in which You solicit business or advertise to Louisiana residents or entities, including but not limited to catalogs, brochures, and internet advertisements, and when such soliciting or advertising took place.

**ANSWER TO INTERROGATORY NO. 17:**

Owners objects to Interrogatory No. 17 on the grounds that it is overly broad, unduly burdensome, vague and unlimited in time and scope.  Further answering, and without waiving objections thereto, Owners has not solicited business or advertised to Louisiana residents or entities.

**INTERROGATORY NO. 18:**

Identify the number of employees who work for You in Louisiana or work for You elsewhere but reside in Louisiana.

**ANSWER TO INTERROGATORY NO. 18:**

Owners objects to Interrogatory No. 18 on the grounds that it is overly broad, unduly burdensome, not relevant, not reasonably calculated to lead to the discovery of admissible

evidence, vague, ambiguous and unlimited in time and scope. Further answering, and without waiving objections thereto, Owners does not have any employees who work for Owners in Louisiana. Further answering, and without waiving objections thereto, Owners contends that it is impossible to determine all employees relevant to this case who may reside in Louisiana, but work elsewhere

**INTERROGATORY NO. 19:**

During the past ten years, have You possessed an ownership interest in any corporation or business that is located in Louisiana? If so, identify the corporation, any subsidiaries, affiliates, or agents of that corporation, and describe the nature of the business in which the corporation, and any of its subsidiaries, affiliates, or agents, are or were engaged.

**ANSWER TO INTERROGATORY NO. 19:**

Owners objects to Interrogatory No. 19 on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, vague and unlimited in scope. Further answering, and without waiving objections thereto, Owners has not owned or operated any business in Louisiana.

**INTERROGATORY NO. 20:**

During the past ten years, has any company located in Louisiana served as an agent, affiliate, or representative for You with regard to sales of insurance policies? If so, identify the company, along with any parents, subsidiaries, affiliates, or agents of the company and describe the business in which the company and any of its parents, subsidiaries, affiliates, or agents are or were engaged.

**ANSWER TO INTERROGATORY NO. 20:**

Owners objects to Interrogatory No. 20 on the grounds that it is not reasonably calculated

to lead to the discovery of admissible evidence. Further answering, and without waiving objections thereto, no company in Louisiana has served as an agent, affiliate or representative for Owners with regard to sales of insurance policies.

**INTERROGATORY NO. 21:**

During the past ten years, have any of your officers, directors, employees, representatives, or agents visited Louisiana for the purposes of conducting business or engaging in any business activity relating to the sale of insurance? If so, identify the relevant officers, directors, employees, representatives, or agents, the dates and lengths of their visit(s) to Louisiana, any persons or corporations they met during their visit(s) and describe briefly the purpose of their visit(s).

**ANSWER TO INTERROGATORY NO. 21:**

Owners objects to Interrogatory No. 21 on the grounds that it is overly broad, unduly burdensome, not relevant, not reasonably calculated to lead to the discovery of admissible evidence. Further answering, and without waiving objections thereto, no officers, directors, employees, representatives or agents have visited Louisiana for the purposes of conducting business or engaging in business activity relating to the sale of insurance.

**INTERROGATORY NO. 22:**

During the past ten years, have You ever financed or made contributions of capital to any corporation, subsidiary, affiliate or agent located in Louisiana? If so, identify all such transactions, including but not limited to any inter-company loans, advances of funds, costs sharing agreements, or extensions of credit.

**ANSWER TO INTERROGATORY NO. 22:**

Owners objects to Interrogatory No. 22 on the grounds that it is overly broad, unduly

burdensome, not relevant, not reasonably calculated to lead to the discovery of admissible evidence, vague, unlimited in scope and seeks information that is privileged, confidential, proprietary, protected as trade secrets, business sensitive, or otherwise non-discoverable. Further answering, and without waiving objections thereto, during the past ten years Owners has not financed or made contributions of capital to any corporation, subsidiary, affiliate or agent located in Louisiana.

**INTERROGATORY NO. 23:**

Identify all financial investors You have that reside in Louisiana.

**ANSWER TO INTERROGATORY NO. 23:**

Owners objects to Interrogatory No. 23 on the grounds that it is overly broad, ambiguous, unduly burdensome, not relevant, not reasonably calculated to lead to the discovery of admissible evidence, vague and unlimited in scope and impossible to determine.

**INTERROGATORY NO. 24:**

Identify Your state of incorporation and principal place of business.

**ANSWER TO INTERROGATORY NO. 24:**

Owners is incorporated in the state of Ohio and its principal place of business is Michigan.

**INTERROGATORY NO. 25:**

For each of the insurance policies that You sold that are at issue in this proceeding, identify where the insurance policy was counter-signed and where the last act of contracting with regard to that insurance policy took place.

**ANSWER TO INTERROGATORY NO. 25:**

Owners objects to Interrogatory No. 25 on the grounds that it is unduly burdensome and

vague. Further answering, and without waiving objections thereto, the relevant policy was issued in the State of Michigan and delivered in the State of Florida. Further answering, and without waiving objections thereto, the home(s) and/or property(ies) that are related to the Hinkle Drywall, LLC and/or Hinkle Drywall, Inc. policy(ies) were located in the State of Florida.

**INTERROGATORY NO. 26:**

Identify Your managing general agent in Louisiana.

**ANSWER TO INTERROGATORY NO. 26:**

Owners objects to Interrogatory No. 26 on the grounds that it is overly broad, vague and unlimited in time. Further answering, and without waiving objections thereto, Owners does not have a managing general agent in Louisiana.

**INTERROGATORY NO. 27:**

Identify Your brokers in Louisiana.

**ANSWER TO INTERROGATORY NO. 27:**

Owners objects to Interrogatory No. 27 on the grounds that it is overly broad, vague and unlimited in time. Further answering, and without waiving objections thereto, Owners does not have insurance brokers in Louisiana.

**INTERROGATORY NO. 28:**

Identify all retail agents through which You have sold insurance in Louisiana in the past 10 years.

**ANSWER TO INTERROGATORY NO. 28:**

Owners objects to Interrogatory No. 28 on the grounds that it is overly broad, vague and unlimited in time. Further answering, and without waiving objections thereto, Owners does not

have retail agents in Louisiana.

**INTERROGATORY NO. 29:**

Identify the total amount of premiums that You collected each year for the past ten years from Louisiana clients.

**ANSWER TO INTERROGATORY NO. 29:**

Owners objects to Interrogatory No. 29 on the grounds that it is overly broad, and unduly burdensome.   Further answering, and without waiving objections thereto, Owners has not collected premiums from Louisiana clients.

## DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to show all travel to Louisiana by any of Your officers, directors, employees, representatives or agents for the purpose of conducting business or engaging in any business activity regarding the marketing, sale or promotion of insurance policies, including but not limited to expense records, airplane tickets, hotel bills, car rental bills and other travel records, as well as documents sufficient to show the dates and purposes of all such trips.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Owners objects to Request for Production No. 1 on the grounds that it is overly broad, unduly burdensome, not relevant, not reasonably calculated to lead to the discovery of admissible evidence, and unlimited in scope.  Further answering, and without waiving objections thereto, Owners is not in possession of any responsive documents because no such Owners' document exists.

## REQUEST FOR PRODUCTION NO. 2:

Documents utilized to solicit, market, or advertise Your services or products in Louisiana, including but not limited to electronic media, brochures, advertisements, news releases, customer service reports, articles, and price lists produced by You for use by You or any Related Entity in Louisiana.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Owners objects to Request for Production No. 2 on the grounds that it is overly broad, unduly burdensome, vague and unlimited in time and scope. Further answering, and without waiving objections thereto, Owners is not in possession of any responsive documents because no such Owners' document exists.

## REQUEST FOR PRODUCTION NO. 3:

Documents regarding actual or prospective purchasers of insurance policies in Louisiana, including reports regarding actual or projected sales of insurance policies by You or any Related Entity.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

Owners objects to Request for Production No. 3 on the grounds that it is overly broad, unduly burdensome and vague in that "projected sales" is undefined, and unlimited in time and scope. Further answering, and without waiving objections thereto, Owners is not in possession of any responsive documents because no such Owners' document exists.

## REQUEST FOR PRODUCTION NO. 4:

Documents related to any Louisiana state or federal legal proceedings involving You, including but not limited to: (a) claim, complaint, counterclaim or third party claim You filed in any court, administrative agency, or any other governmental entity within Louisiana; (b)

discovery responses and answers You filed in any litigation in which personal jurisdiction over You in Louisiana was or is an issue and any judicial orders, memoranda, or opinions issued thereon; and (c) copies of any judgment, levy, or assessment entered in Louisiana against or in Your favor.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

Owners objects to Request for Production No. 4 as it is vague, ambiguous, argumentative, overly broad, unduly burdensome, not limited in time or scope or geographical location, irrelevant, immaterial, not reasonably calculated to lead to the production request of admissible evidence and/or has no conceivable bearing on the issues in the case. Further, Owners objects to Request for Production No. 4 to the extent it may seek the production request of information protected by the attorney-client privilege or work product prepared in anticipation of litigation or for trial.

Further, Owners objects to Request for Production No. 4 as it seeks the production request of information that is not discoverable under FED. R. CIV. P. 26, including but not limited to, the protection of FED. R. CIV. P. 26(b).

Further, Owners objects to Request for Production No. 4 to the extent it may seek information that is privileged or made confidential or otherwise non-discoverable by applicable law, whether state or federal, including without limitation any laws requiring the confidential treatment of non-public personal or financial information.

Further, Owners objects to Request for Production No. 4 to the extent it may seek information that is privileged, confidential, proprietary, protected as trade secrets, business sensitive, or otherwise non-discoverable.

Further, Owners objects to Request for Production No. 4 to the extent it may seek information subject to the attorney-client privilege, the attorney work product privilege and materials or information prepared in the anticipation of litigation or trial privilege, including but not limited to, the protections contained in FED. R. CIV. P. 26(b)(1)-(5). Owners further objects to Request for Production No. 4 as it seeks disclosure of the opinions, mental impressions, trial strategy, legal conclusions or legal theories of this Plaintiff, its counsel or other representatives. Owners further objects to the disclosure of any information, materials or documents generated, certified, or acquired in response to the filing of the subject lawsuit by Plaintiff.

Further, Owners objects to Request for Production No. 4 to the extent it seeks information for a time period not relevant to the matter identified in the Complaint.

Further, Owners objects to Request for Production No. 4 as it seeks the identities of information or materials that cannot be provided by Owners with substantially greater facility than would otherwise be provided by other sources or obtained independently by the Plaintiff, who has ample opportunity by discovery in this action to obtain the information or materials sought. Owners further objects to Request for Production No. 4 as information sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive. Owners further objects to Request for Production No. 4 as the information sought is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation.

Further, Owners objects to Request for Production No. 4 as it seeks information, documents or materials that are confidential, privileged, proprietary, business sensitive or the trade secrets of Owners or third parties.

Further answering, and without waiving objections thereto, there is no Owners litigation in Louisiana involving a Louisiana insured.

**REQUEST FOR PRODUCTION NO. 5:**

All court orders issued in any action in Louisiana state or federal court wherein the court decided a motion You made to dismiss for lack of personal jurisdiction or improper venue and all briefs submitted by the parties in support of, or in opposition to, such a motion.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Owners objects to Request for Production No. 5 as it is vague, ambiguous, argumentative, overly broad, unduly burdensome, not limited in time or scope or geographical location, irrelevant, immaterial, not reasonably calculated to lead to the production request of admissible evidence and/or has no conceivable bearing on the issues in the case. Further, Owners objects to Request for Production No. 5 to the extent it may seek the production request of information protected by the attorney-client privilege or work product prepared in anticipation of litigation or for trial.

Further, Owners objects to Request for Production No. 5 as it seeks the production request of information that is not discoverable under FED. R. CIV. P. 26, including but not limited to, the protection of FED. R. CIV. P. 26(b).

Further, Owners objects to Request for Production No. 5 that it may seek privileged or made confidential or otherwise non-discoverable by applicable law, whether state or federal, including without limitation any laws requiring the confidential treatment of non-public personal or financial information.

Further, Owners objects to Request for Production No. 5 as it seeks information subject to the attorney-client privilege, the attorney work product privilege and materials or information

prepared in the anticipation of litigation or trial privilege, including but not limited to, the protections contained in FED. R. CIV. P. 26(b)(1)-(5).  Owners further objects to Request for Production No. 5 to the extent it may seek the disclosure of the opinions, mental impressions, trial strategy, legal conclusions or legal theories of this Plaintiff, its counsel or other representatives.  Owners further objects to the disclosure of any information, materials or documents generated, certified, or acquired in response to the filing of the subject lawsuit by Plaintiff.

Further, Owners objects to Request for Production No. 5 to the extent it seeks information for a time period not relevant to the matter identified in the Complaint.

Further, Owners objects to Request for Production No. 5 as it seeks the identities of information or materials that cannot be provided by Owners with substantially greater facility than would otherwise be provided by other sources or obtained independently by the Plaintiff, who has ample opportunity by discovery in this action to obtain the information or materials sought.  Owners further objects to Request for Production No. 5 as information sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.  Owners further objects to Request for Production No. 5 as the information sought is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation.

Further, Owners objects to Request for Production No. 5 to the extent it may seek information, documents or materials that are confidential, privileged, proprietary, business

sensitive or the trade secrets of Owners or third parties.

Further answering, and without waiving objections thereto, there is no Owners litigation in Louisiana involving a Louisiana insured.

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to identify all agents You authorized to receive service of process or notice of proceedings within Louisiana.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Owners objects to Request for Production No. 6 on the grounds that it is overly broad and unduly burdensome. Further answering, and without waiving objections thereto, Owners has never authorized any service of process.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to identify the locations at which or from which Your services or products are sold in Louisiana and/or are sold to Louisiana residents and entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Owners objects to Request for Production No. 7 on the grounds that it is overly broad, unduly burdensome, vague and unlimited in time and scope. Further answering, and without waiving objections thereto, Owners is not in possession of any responsive documents because no such Owners' document exists.

**REQUEST FOR PRODUCTION NO. 8:**

All documents concerning any tax charged to You by the state of Louisiana.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Owners objects to Request for Production No. 8 on the grounds that it is unduly burdensome, not relevant, not reasonably calculated to lead to the discovery of admissible

evidence and unlimited in scope.  Further answering, and without waiving objections thereto, Owners is not in possession of any responsive documents because no such Owners' document exists.

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to show for each of the past ten years, Your annual sales of insurance policies to purchasers in Louisiana (including but not limited to sales of insurance policies by any Related Entity) and the dollar value for all such sales.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Owners objects to Interrogatory No. 9 on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and unlimited in scope.  Further answering, and without waiving objections thereto, Owners is not in possession of any responsive documents because no such Owners' document exists.

**REQUEST FOR PRODUCTION NO. 10:**

Documents sufficient to identify the offices You may maintain, own, lease, or occupy in Louisiana.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Owners objects to Request for Production No. 10 on the grounds that it is overly broad, unduly burdensome and unlimited in time.  Further answering, and without waiving objections thereto, Owners is not in possession of any responsive documents because no such Owners' document exists.

**REQUEST FOR PRODUCTION NO. 11:**

Documents that You filed with the Louisiana Department of Insurance in the past ten years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Owners objects to Request for Production No. 11 on the grounds that it is overly broad, unduly burdensome and unlimited in time. Further answering, and without waiving objections thereto, Owners is not in possession of any responsive documents because no such Owners' document exists.

**REQUEST FOR PRODUCTION NO. 12:**

Documents that You filed with the Louisiana Secretary of State in the past ten years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Owners objects to Request for Production No. 12 on the grounds that it is overly broad, unduly burdensome and unlimited in time. Further answering, and without waiving objections thereto, Owners is not in possession of any responsive documents because no such Owners' document exists.

**REQUEST FOR PRODUCTION NO. 13:**

Documents sufficient to identify for each of the past ten years, your assets, including bank accounts, real estate interests, financial instruments or securities, located in Louisiana and the dollar value of each asset.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Owners objects to Request for Production No. 13 on the grounds that it is overly broad, unduly burdensome, not relevant, not reasonably calculated to lead to the discovery of admissible evidence, premature in that investigation and discovery have just begun and are ongoing and unlimited in scope.

Further, Owners objects to Request for Production No. 13 as it seeks the production request of information that is not discoverable under FED. R. CIV. P. 26, including but not limited to, the protection of FED. R. CIV. P. 26(b).

Further, Owners objects to Request for Production No. 13 as it seeks information that is privileged or made confidential or otherwise non-discoverable by applicable law, whether state or federal, including without limitation any laws requiring the confidential treatment of non-public personal or financial information.

Further, Owners objects to Request for Production No. 13 as it seeks information that is privileged, confidential, proprietary, protected as trade secrets, business sensitive, or otherwise non-discoverable.

Further, Owners objects to Request for Production No. 13 to the extent that it seeks information for a time period not relevant to the matter identified in the Complaint.

Further, Owners objects to Request for Production No. 13 as it seeks information, documents or materials that are confidential, privileged, proprietary, business sensitive or the trade secrets of Defendant or third parties.

Further answering, and without waiving objections thereto, Owners is not in possession of any responsive documents because no such Owners' document exists.   By agreement of counsel, Owners is not obligated to search for securities information.

**REQUEST FOR PRODUCTION NO. 14:**

Documents sufficient to show Your corporate structure, including any Related Entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Owners objects to Request for Production No. 14 on the grounds that it is overly broad,

unduly burdensome, not relevant, not reasonably calculated to lead to the discovery of admissible evidence, vague, ambiguous and unlimited in time and scope.

Further, Owners objects to Request for Production No. 14 as it seeks the production request of information that is not discoverable under FED. R. CIV. P. 26, including but not limited to, the protection of FED. R. CIV. P. 26(b).

Further, Owners objects to Request for Production No. 14 to the extent it seeks information that is privileged, confidential, proprietary, protected as trade secrets, business sensitive, or otherwise non-discoverable.

Further, Owners objects to Request for Production No. 14 to the extent it seeks information, documents or materials that are confidential, privileged, proprietary, business sensitive or the trade secrets of Defendant or third parties.

Further answering, and without waiving objections thereto, Owners produces herewith a copy of the relevant documents. (Bates Nos. 00001-00002).

**REQUEST FOR PRODUCTION NO. 15:**

Documents sufficient to show Your percent ownership interest in any Related Entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Owners objects to Request for Production No. 15 on the grounds that it is overly broad, unduly burdensome, not relevant, not reasonably calculated to lead to the discovery of admissible evidence, vague, ambiguous and unlimited in time and scope.

Further, Owners objects to Request for Production No. 15 as it seeks the production request of information that is not discoverable under FED. R. CIV. P. 26, including but not limited to, the protection of FED. R. CIV. P. 26(b).

Further, Owners objects to Request for Production No. 15 to the extent it seeks information that is privileged, confidential, proprietary, protected as trade secrets, business sensitive, or otherwise non-discoverable.

Further, Owners objects to Request for Production No. 15 to the extent it seeks information, documents or materials that are confidential, privileged, proprietary, business sensitive or the trade secrets of Defendant or third parties.

Further answering, and without waiving objections thereto, see Owners' Response to Request for Production No. 14.

**REQUEST FOR PRODUCTION NO. 16:**

Documents sufficient to any Related Entity's percent ownership interest in You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Owners objects to Request for Production No. 16 on the grounds that it is overly broad, unduly burdensome, not relevant, not reasonably calculated to lead to the discovery of admissible evidence, vague, ambiguous and unlimited in time and scope.

Further, Owners objects to Request for Production No. 16 as it seeks the production request of information that is not discoverable under FED. R. CIV. P. 26, including but not limited to, the protection of FED. R. CIV. P. 26(b).

Further, Owners objects to Request for Production No. 16 to the extent it seeks information that is privileged, confidential, proprietary, protected as trade secrets, business sensitive, or otherwise non-discoverable.

Further, Owners objects to Request for Production No. 16 to the extent it seeks information, documents or materials that are confidential, privileged, proprietary, business

sensitive or the trade secrets of Defendant or third parties.

Further answering, and without waiving objections thereto, see Owners' Response to Request for Production No. 14.

**REQUEST FOR PRODUCTION NO. 17:**

Documents sufficient to identify Your board of directors, each corporate officer, and Your organizational structure.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Owners objects to Request for Production No. 17 on the grounds that it is overly broad, unduly burdensome, not relevant, not material, not reasonably calculated to lead to the discovery of admissible evidence, vague in that "organizational structure" is undefined, ambiguous and unlimited in time and scope.

Further, Owners objects to Request for Production No. 17 as it seeks the production request of information that is not discoverable under FED. R. CIV. P. 26, including but not limited to, the protection of FED. R. CIV. P. 26(b).

Further, Owners objects to Request for Production No. 17 to the extent it seeks information that is privileged, confidential, proprietary, protected as trade secrets, business sensitive, or otherwise non-discoverable.

Further, Owners objects to Request for Production No. 17 to the extent it seeks information, documents or materials that are confidential, privileged, proprietary, business sensitive or the trade secrets of Defendant or third parties.

Further, Owners objects to objects to Request for Production No. 17 to the extent it seeks information that is privileged or made confidential or otherwise non-discoverable by applicable

law, whether state or federal, including without limitation any laws requiring the confidential treatment of non-public personal or financial information.

Further, Owners objects to objects to Request for Production No. 17 to the extent it seeks information for a time period not relevant to the matter identified in the Complaint.

Further answering, and without waiving objections thereto, see Owners' Response to Request for Production No. 14.

## REQUEST FOR PRODUCTION NO. 18:

Documents sufficient to identify the board of directors, each corporate officer, and the organizational structure of Related Entities.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

Owners objects to Request for Production No. 18 on the grounds that it is overly broad, unduly burdensome, not relevant, not material, not reasonably calculated to lead to the discovery of admissible evidence, vague, ambiguous and unlimited in time and scope.

Further, Owners objects to Request for Production No. 18 to the extent it seeks the production request of information that is not discoverable under FED. R. CIV. P. 26, including but not limited to, the protection of FED. R. CIV. P. 26(b).

Further, Owners objects to Request for Production No. 18 to the extent it seeks information that is privileged, confidential, proprietary, protected as trade secrets, business sensitive, or otherwise non-discoverable.

Further, Owners objects to Request for Production No. 18 to the extent it seeks information, documents or materials that are confidential, privileged, proprietary, business sensitive or the trade secrets of Defendant or third parties.

Further, Owners objects to objects to Request for Production No. 18 to the extent it seeks information that is privileged or made confidential or otherwise non-discoverable by applicable law, whether state or federal, including without limitation any laws requiring the confidential treatment of non-public personal or financial information.

Further, Owners objects to objects to Request for Production No. 18 to the extent it seeks information for a time period not relevant to the matter identified in the Complaint.

**REQUEST FOR PRODUCTION NO. 19:**

Documents sufficient to show each distribution or transfer of cash or assets between You and a Related Entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Owners objects to Request for Production No. 19 on the grounds that it is overly broad, unduly burdensome, not relevant, not material, not reasonably calculated to lead to the discovery of admissible evidence, vague, ambiguous and unlimited in time and scope.

Further, Owners objects to Request for Production No. 19 as it seeks the production request of information that is not discoverable under FED. R. CIV. P. 26, including but not limited to, the protection of FED. R. CIV. P. 26(b).

Further, Owners objects to Request for Production No. 19 as it seeks information that is privileged, confidential, proprietary, protected as trade secrets, business sensitive, or otherwise non-discoverable.

Further, Owners objects to Request for Production No. 19 as it seeks information, documents or materials that are confidential, privileged, proprietary, business sensitive or the trade secrets of Defendant or third parties.

Further, Owners objects to objects to Request for Production No. 19 as it seeks information that is privileged or made confidential or otherwise non-discoverable by applicable law, whether state or federal, including without limitation any laws requiring the confidential treatment of non-public personal or financial information.

Further, Owners objects to objects to Request for Production No. 19 to the extent it seeks information for a time period not relevant to the matter identified in the Complaint.

## REQUEST FOR PRODUCTION NO. 20:

Documents sufficient to show the existence of any inter-company loans, advances of funds, or cost sharing between You and a Related Entity.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

Owners objects to Request for Production No. 20 on the grounds that it is overly broad, unduly burdensome, not relevant, not material, not reasonably calculated to lead to the discovery of admissible evidence, vague, ambiguous and unlimited in time and scope.

Further, Owners objects to Request for Production No. 20 as it seeks the production request of information that is not discoverable under FED. R. CIV. P. 26, including but not limited to, the protection of FED. R. CIV. P. 26(b).

Further, Owners objects to Request for Production No. 20 as it seeks information that is privileged, confidential, proprietary, protected as trade secrets, business sensitive, or otherwise non-discoverable.

Further, Owners objects to Request for Production No. 20 as it seeks information, documents or materials that are confidential, privileged, proprietary, business sensitive or the

trade secrets of Defendant or third parties.

Further, Owners objects to objects to Request for Production No. 20 as it seeks information that is privileged or made confidential or otherwise non-discoverable by applicable law, whether state or federal, including without limitation any laws requiring the confidential treatment of non-public personal or financial information.

Further, Owners objects to objects to Request for Production No. 20 to the extent it seeks information for a time period not relevant to the matter identified in the Complaint.

## REQUEST FOR PRODUCTION NO. 21:

Documents sufficient to show the existence of any guarantees or similar assurances by You to financial institutions on behalf of any Related Entity.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

Owners objects to Request for Production No. 21 on the grounds that it is overly broad, unduly burdensome, not relevant, not material, not reasonably calculated to lead to the discovery of admissible evidence, vague, ambiguous and unlimited in time and scope.

Further, Owners objects to Request for Production No. 21 as it seeks the production request of information that is not discoverable under FED. R. CIV. P. 26, including but not limited to, the protection of FED. R. CIV. P. 26(b).

Further, Owners objects to Request for Production No. 21 as it seeks information that is privileged, confidential, proprietary, protected as trade secrets, business sensitive, or otherwise non-discoverable.

Further, Owners objects to Request for Production No. 21 as it seeks information,

documents or materials that are confidential, privileged, proprietary, business sensitive or the trade secrets of Defendant or third parties.

Further, Owners objects to objects to Request for Production No. 21 as it seeks information that is privileged or made confidential or otherwise non-discoverable by applicable law, whether state or federal, including without limitation any laws requiring the confidential treatment of non-public personal or financial information.

Further, Owners objects to objects to Request for Production No. 21 to the extent it seeks information for a time period not relevant to the matter identified in the Complaint.

**REQUEST FOR PRODUCTION NO. 22:**

Documents that relate to the preparation and approval by You of annual and longer-term business plans, marketing plans, and budgets for any Related Entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Owners objects to Request for Production No. 22 on the grounds that it is overly broad, unduly burdensome, not relevant, not material, not reasonably calculated to lead to the discovery of admissible evidence, vague, ambiguous and unlimited in time and scope.

Further, Owners objects to Request for Production No. 22 as it seeks the production request of information that is not discoverable under FED. R. CIV. P. 26, including but not limited to, the protection of FED. R. CIV. P. 26(b).

Further, Owners objects to Request for Production No. 22 as it seeks information that is privileged, confidential, proprietary, protected as trade secrets, business sensitive, or otherwise non-discoverable.

Further, Owners objects to Request for Production No. 22 as it seeks information, documents or materials that are confidential, privileged, proprietary, business sensitive or the trade secrets of Defendant or third parties.

Further, Owners objects to objects to Request for Production No. 22 as it seeks information that is privileged or made confidential or otherwise non-discoverable by applicable law, whether state or federal, including without limitation any laws requiring the confidential treatment of non-public personal or financial information.

Further, Owners objects to objects to Request for Production No. 22 to the extent it seeks information for a time period not relevant to the matter identified in the Complaint.

**REQUEST FOR PRODUCTION NO. 23:**

Any combined financial statements for You and any Related Entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Owners objects to Request for Production No. 23 on the grounds that it is overly broad, unduly burdensome, not relevant, not material, not reasonably calculated to lead to the discovery of admissible evidence, vague, ambiguous and unlimited in time and scope.

Further, Owners objects to Request for Production No. 23 as it seeks the production request of information that is not discoverable under FED. R. CIV. P. 26, including but not limited to, the protection of FED. R. CIV. P. 26(b).

Further, Owners objects to Request for Production No. 23 as it seeks information that is privileged, confidential, proprietary, protected as trade secrets, business sensitive, or otherwise non-discoverable.

Further, Owners objects to Request for Production No. 23 as it seeks information, documents or materials that are confidential, privileged, proprietary, business sensitive or the trade secrets of Defendant or third parties.

Further, Owners objects to objects to Request for Production No. 23 as it seeks information that is privileged or made confidential or otherwise non-discoverable by applicable law, whether state or federal, including without limitation any laws requiring the confidential treatment of non-public personal or financial information.

Further, Owners objects to objects to Request for Production No. 23 to the extent it seeks information for a time period not relevant to the matter identified in the Complaint.

Further answering, and without waiving objections thereto, Owners does not have any combined financial statements.

**REQUEST FOR PRODUCTION NO. 24:**

Documents sufficient to identify the percentage of Your revenue that originates from Louisiana residents or entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Owners objects to Request for Production No. 24 on the grounds that it is overly broad, unduly burdensome, vague in that "revenue" is undefined and unlimited in scope. Further answering, and without waiving objections thereto, Owners is not in possession of any responsive documents because Owners does not have any sales, product or service revenue originating from Louisiana.

**REQUEST FOR PRODUCTION NO. 25:**

Documents sufficient to identify any of Your employees, independent contractors, or leased personnel whom You employ in Louisiana or who live in Louisiana.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Owners objects to Request for Production No. 25 on the grounds that it is overly broad, unduly burdensome, not relevant, not reasonably calculated to lead to the discovery of admissible evidence, vague, ambiguous and unlimited in scope. Further answering, and without waiving objections thereto, neither Owners is not in possession of any responsive documents.

**REQUEST FOR PRODUCTION NO. 26:**

Documents concerning any lobbying performed by You on Your behalf in Louisiana.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Owners objects to Request for Production No. 26 on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and unlimited in scope. Further answering, and without waiving objections thereto, Owners is not in possession of any responsive documents.

**REQUEST FOR PRODUCTION NO. 27:**

Documents concerning Your storage or maintenance of any documents or things in Louisiana.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Owners objects to Request for Production No 27 on the grounds that it is overly broad, unduly burdensome, not relevant, vague and unlimited in time and scope. Further answering,

and without waiving objections thereto, Owners is not in possession of any responsive documents.

## REQUEST FOR PRODUCTION NO. 28:

Documents sufficient to identify Your managing general agent in Louisiana.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

Owners objects to Request for Production No. 28 on the grounds that it is overly broad, vague and unlimited in time.  Further answering, and without waiving objections thereto, Owners is not in possession of any responsive documents.

## REQUEST FOR PRODUCTION NO. 29:

Documents sufficient to identify Your brokers in Louisiana.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

Owners objects to Request for Production No. 29 on the grounds that it is overly broad, vague and unlimited in time.  Further answering, and without waiving objections thereto, Owners is not in possession of any responsive documents.

## REQUEST FOR PRODUCTION NO. 30:

Documents sufficient to identify the retail agents through which You have sold insurance in Louisiana in the past 10 years.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

Owners objects to Request for Production No. 30 on the grounds that it is overly broad, vague and unlimited in time.  Further answering, and without waiving objections thereto, Owners is not in possession of any responsive documents.

**REQUEST FOR PRODUCTION NO. 31:**

Documents sufficient to identify each year for the last ten years the total amount of premiums You have collected from Louisiana clients.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Owners objects to Request for Production No. 31 on the grounds that it is overly broad and unduly burdensome. Further answering, and without waiving objections thereto, Owners is not in possession of any responsive documents.

Respectfully submitted:

**LEAKE & ANDERSSON, LLP**

/s/ Amanda W. Vonderhaar

JERRY L. SAPORITO, T.A. (#11717)
E-mail: jsaporito@leakeandersson.com
AMANDA W. VONDERHAAR (#31350)
E-mail: avonderhaar@leakeandersson.com
1100 Poydras Street, Suite 1700
New Orleans, Louisiana 70163-1701
Tel: (504) 585-7500
Fax: (504) 585-7775

-AND-

**MORROW, ROMINE & PEARSON P.C.**

/s/ Roger S. Morrow

ROGER S. MORROW (AL Bar No. 4980-M60R)
E-mail: rsmorrow@mrplaw.com
Post Office Box 4804
Montgomery, Alabama 36103-4804
Telephone: (334) 262-7707
Fax: (334) 262-7742

*Attorneys for Owners Insurance Company, Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has this date been served on all counsel of record in this proceeding by:

|        |                 |        |                         |
|--------|-----------------|--------|-------------------------|
| ( )    | Hand Delivery   | ( )    | Prepaid U.S. Mail       |
| ( )    | Facsimile       | ( )    | Federal Express         |
| ( )    | Electronic mail | ( X )  | Lexis Nexis File & Serve |

New Orleans, Louisiana this 12th day of August, 2010.

*/s/ Amanda W. Vonderhaar*
_____
**AMANDA W. VONDERHAAR**

Cp:/39862/Response to Interrogatories & Requests for the Production of Documents concerning Jurisdiction and Venue.doc#2415

# ANNUAL STATEMENT

FOR THE YEAR ENDED DECEMBER 31, 2009
OF THE CONDITION AND AFFAIRS OF THE

## Owners Insurance Company

| | | | | |
|---|---|---|---|---|
| NAIC Group Code | 0280 (Current) | 0280 (Prior) | NAIC Company Code | 32700 | Employer's ID Number | 34-1172850 |

...der the Laws of

Domicile                 Ohio

...uted/Organized

United States of America          State of Domicile or Port of Entry

...ry Home Office          05/13/1975          Commenced Business          Ohio

2325 North Cole Street
(Street and Number)

...in Administrative Office                    12/31/1975

Lima , OH 45801-2305
(City or Town, State and Zip Code)

Lansing , MI 48917-9968          6101 Anacapri Boulevard
(City or Town, State and Zip Code)          (Street and Number)

Mail Address

P.O. Box 30660          517-323-1200
(Street and Number or P.O. Box)          (Area Code) (Telephone Number)

Primary Location of Books and Records

Lansing , MI 48917-9968          6101 Anacapri Boulevard          Lansing , MI 48909-8160
(City or Town, State and Zip Code)          (Street and Number)          (City or Town, State and Zip Code)

Internet Website Address

Statutory Statement Contact          www.auto-owners.com          517-323-1200
(Area Code) (Telephone Number)

Paul Roy Otto
(Name)

aoaccig@aoins.net          517-323-1200
(E-mail Address)          (Area Code) (Telephone Number)
517-323-8796
(FAX Number)

### OFFICERS

Chairman & CEO          Ronald Herman Simon #
First Vice President,
Secretary & General
Counsel          Senior Vice President,
Treasurer & CFO

Stuart Roy Birn

Jeffrey Francis Harrold   President          Eileen Kay Fhaner
Katherine Maldiow Nolrot   Sr. Vice President
Jeffrey Scott Tagsold   Sr. Vice President

### OTHER

Rodney Jay Rupp   Executive Vice President
Jonathan Robert Riekse # Sr. Vice President
Daniel Jerome Thelen   Sr. Vice President

Ronald Herman Simon (CHM) #          Robert Irwin Buchanan   Sr. Vice President
Jeffrey Francis Harrold          Kenneth Richard Schroeder   Sr. Vice President
Rodney Jay Rupp          Ian Robert Ward   Sr. Vice President
Roger Lee Looyenga
Herman Joseph Arends

### DIRECTORS OR TRUSTEES

Stuart Roy Birn
Thaddeus Joseph Buda Jr.
Gregg Lynn Cornell          John William Abbott
Jeffrey Scott Tagsold          James Franklin Anderton IV
Mark Edward Hooper
Lori Ann McAllister

Michigan
Eaton                    SS:

...is reporting entity being duly sworn, each depose and say that they are the described officers of said reporting entity, and that on the reporting period stated above, described assets were the absolute property of the said reporting entity, free and clear from any liens or claims thereon, except as herein stated, and that this ...er with related exhibits, schedules and explanations therein contained, annexed or referred to, is a full and true statement of all the assets and liabilities and of the ...irs of the said reporting entity as of the reporting period stated above, and of its income and deductions therefrom for the period ended, and have been completed ...n the NAIC Annual Statement Instructions and Accounting Practices and Procedures manual except to the extent that: (1) state law may differ or, (2) that state ...ns require differences in reporting not related to accounting practices and procedures, according to the best of their information, knowledge and belief. ...hermore, the scope of this attestation by the described officers also includes the related corresponding electronic filing with the NAIC, when required, that is an ...for formatting differences due to electronic filing) of the enclosed statement. The electronic filing may be requested by various regulators in lieu of or in addition ...tement.

_Francis Harrold_
President

Stuart Roy Birn
First Vice President, Secretary & General Counsel

_Eileen K. Fhaner_
Eileen Kay Fhaner
Senior Vice President, Treasurer & CFO

...to before me this
...day of

January, 2010

a.  Is this an original filing?...............          Yes [ X ] No [   ]
b.  If no,
    1.  State the amendment number........
    2.  Date filed...................
    3.  Number of pages attached........

MEREDITH F. KRETSCHMAN
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF INGHAM
My Commission Expires Oct. 21, 2011
Acting in the County of Eaton

10. Information Concerning Parent, Subsidiaries, Affiliates and Other Related Parties

    A.  Natures of Relationships
      The Company is 99.97% owned by Auto-Owners Insurance Company. In 2009, Owners Insurance Company ceded 100% of all lines of business to Auto-Owners Insurance Company. Auto-Owners retrocedes back 100% of all lines except Umbrella, Equipment Breakdown, Mine Sub/Sinkhole, Certified Terrorism, and Employment Practices Liability.

    B.  N/A
    C.  N/A
    REDACTED

    E.  N/A
    REDACTED

    G.  Generally, all outstanding shares of the Company (99.97%) are owned by the parent company, Auto-Owners Insurance Company, an insurance company domiciled in the State of Michigan.
    H.  N/A
    I.  N/A
    J.  N/A
    K.  N/A
    L.  N/A

REDACTED

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2:09-md-2047 <br><br> SECTION: L <br> JUDGE FALLON |
| **THIS DOCUMENT RELATES TO:** | MAG. JUDGE WILKINSON |
| ROBERT C. PATE, as Trustee for the Chinese Drywall Trust, <br> v. <br> AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, ET AL. <br> **(2:09-cv-07791) (E.D. La.)** | |

---

### DEFENDANT OWNERS INSURANCE COMPANY'S OBJECTIONS TO PLAINTIFF ROBERT C. PATE'S AND PSC'S SCHEDULE OF TOPICS FOR 30(B)(6) DEPOSITION NOTICE CONCERNING JURISDICTION AND VENUE

---

COMES NOW, Owners Insurance Company ("Owners") through its undersigned counsel and provide the following objections to Plaintiff Robert C. Pate's and the Plaintiffs' Steering Committee's schedule of topics for 30(b)(6) deposition notice for Owners' representative(s) sent August 9, 2010 as follows:

Owners Insurance Company[1] ("Owners") objects to Plaintiff's Deposition Topics for Corporate Representative on the grounds that each Area of Testimony is overly broad, unduly burdensome and non-specific to Owners, and without waiving objections thereto, Owners adopts and further incorporates by reference as if copied herein, *in extenso*, each and every one of Owners' Responses and Objections to Plaintiff's Interrogatories and Requests for Production of Documents.

### Owners Insurance Company's Specific Objections to Plaintiff's Areas of Testimony

36.   Your corporate structure, including your relationship to Related Entities.

**Objection**:   See Owners' responses and objections to Plaintiff's Interrogatories and Requests for Production of Documents on this same topic.

37.   Your board of directors, officers, and organizational structure.

**Objection**:   See Owners' responses and objections to Plaintiff's Interrogatories and Requests for Production of Documents on this same topic.

38.   The board of directors, officers, and organizational structure.

**Objection**:   See Owners' responses and objections to Plaintiff's Interrogatories and Requests for Production of Documents on this same topic.

39.   Any distribution or transfer of case or assets between You and a Related Entity that does business in Louisiana.

---

[1] These Responses and Objections are filed only on behalf of Owners Insurance Company as Plaintiff erroneously identified Auto-Owners Insurance Company ("Auto-Owners") in Paragraph 8 of Plaintiff's Definitions and Instructions. Auto-Owners is not a party to the Pate litigation as the First Supplemental and Amending Petition replaced Auto-Owners Insurance Company with Owners Insurance Company as the alleged insurer. Therefore, Auto-Owners Insurance Company has effectively been dismissed from the Pate litigation.

2

**Objection**:   See Owners' responses and objections to Plaintiff's Interrogatories and Requests for Production of Documents on this same topic.

40.    Any inter-company loans, advances of funds, or cost sharing between You and a Related Entity that does business in Louisiana.

**Objection**:   See Owners' responses and objections to Plaintiff's Interrogatories and Requests for Production of Documents on this same topic.

41.    Any guarantees or similar assurances by You to financial institutions on behalf of any Related Entity that does business in Louisiana.

**Objection**:    See Owners' responses and objections to Plaintiff's Interrogatories and Requests for Production of Documents on this same topic.

42.    The preparation and approval by You of annual and longer-term business plans, marketing plans, and budgets for any Related Entity that does business in Louisiana.

**Objection**:   See Owners' responses and objections to Plaintiff's Interrogatories and Requests for Production of Documents on this same topic.

43.    The existence of any combined financial statement for You and any Related Entity that does business in Louisiana.

**Objection**:   See Owners' responses and objections to Plaintiff's Interrogatories and Requests for Production of Documents on this same topic.

47.    Any losses that took place in Louisiana and related to which You sold insurance.

**Objection**:   See Owners' responses and objections to Plaintiff's Interrogatories and Requests for Production of Documents on this same topic.

Further responding to the Court's Order of August 4, 2010 (Rec. Doc. 4873) counsel for Owners offers the following three (3) dates for Owners' corporate deposition to be held in New Orleans, Louisiana: September 8, 2010, September 17, 2010 or September 28, 2010.   Any appearance for this deposition will not constitute a waiver of jurisdiction and/or venue.

This 16th day of August, 2010.

Respectfully submitted:

**LEAKE & ANDERSSON, LLP**

*/s/ Amanda W. Vonderhaar*

JERRY L. SAPORITO, T.A. (#11717)
E-mail: jsaporito@leakeandersson.com
AMANDA W. VONDERHAAR (#31350)
E-mail: avonderhaar@leakeandersson.com
1100 Poydras Street, Suite 1700
New Orleans, Louisiana 70163-1701
Tel: (504) 585-7500
Fax: (504) 585-7775

-AND-

**MORROW, ROMINE & PEARSON P.C.**

*/s/ Roger S. Morrow*

ROGER S. MORROW (AL Bar No. 4980-M60R)
E-mail: rsmorrow@mrplaw.com
Post Office Box 4804
Montgomery, Alabama 36103-4804
Telephone: (334) 262-7707
Fax: (334) 262-7742

***Attorneys for Owners Insurance Company, Defendant***

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has this date been served on all counsel of record in this proceeding by:

( )   Hand Delivery          ( )   Prepaid U.S. Mail

( )   Facsimile              ( )   Federal Express

( )   Electronic mail        ( X )  Lexis Nexis File & Serve

New Orleans, Louisiana this 16th day of August, 2010.

/s/ Amanda W. Vonderhaar
_____
AMANDA W. VONDERHAAR

Cp:/39862/Objections to Pate & PSC Schedule of Topics for 30b6 Deposition Notice.doc#3216

5