UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2047 |
| ---------------------------------------- | SECTION: L |
| | JUDGE FALLON |
| | MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: | |
| Owners Insurance Co.; et al. v. The Mitchell Company, Inc.; et al.; M.D. Georgia, C.A. No. 5:09-374 | |

PLAINTIFF'S RESPONSE TO
OWNERS INSURANCE COMPANY AND AUTO-OWNERS INSURANCE COMPANY'S
MOTION TO VACATE TRANSFER ORDER AND
REMAND CASE TO TRANSFEROR COURT

Comes now The Mitchell Company, Inc., and files this response in opposition to Owners Insurance Company and Auto-Owners Insurance Company's Motion to Vacate Transfer Order and Remand Case to Transferor Court. The subject motion is neither procedurally nor substantively correct, and is due to be denied.

As an initial matter, this Court should reject the motion at the present time because it is not ripe. The additional motion to remand was filed in the transferor court on or about July 23, 2010. Less than three weeks later, the movants filed a motion before this Court. Judge Fallon, the transferor judge, has not had the opportunity to set the motion which is pending before the trial court, must less consider the merits of the motion.

As the Panel Rules established, the Panel "is reluctant to order remand absent a suggestion of remand from the transferring district court." JPML Rule 76(d). To divest the transferee court of the opportunity to rule on the matter in the first instance requires some showing of cause. The insurance companies' filing makes no effort to justify why this Panel should consider this matter in the first instance.

As this Panel has aptly noted:

> The Court has often recognized the significance of the transferee judge's view, as the firsthand traditional observer, that the just and efficient conduct of an action or a claim involved in a transferee district under § 1407 can best be furthered by remand of the affected action or claim. We have thus held that absent a notice of suggestion of remand from the transferee judge to the Court, any party advocating remand before the Court bears a strong burden of persuasion. We rule the movant has not met this burden and we deny the motion for remand as premature. Furthermore, in the past we have been extremely reluctant to order retransfer, and we find no basis for retransfer here.

*In re Aircrash Disaster in Ionian Sea on Sept. 8, 1974*, 438 F. Supp. 932 (Jud. Pan. Multi. Lit. 1997).

In addition to the lack of ripeness, the motion is based upon an incorrect premise. It is of course true that this Panel denied centralization for certain insurance cases where the coverage action involved strictly legal questions which did not require centralized discovery. However, as pointed out in Mitchell's reply to the insurance company's brief in opposition to motion to transfer, the declaratory judgment complaint in this action alleges, in part, that there is no coverage because the claims underlying the lawsuit involve allegations of defective work. Furthermore, the insurance companies maintain that the insured defendant is not entitled to coverage because it intended or expected the damages to occur. These are just two factual issues, as opposed to purely legal issues, that will benefit from centralization and fall within the ambit of the expertise being developed by Judge Fallon. Specifically, centralized discovery on the issues of the overall defectiveness of the Chinese drywall will be extremely useful in arguing against the coverage position asserted by the insurance companies. Further, the underlying action in which the insured defendant is involved has been transferred to the MDL, and is currently being litigated at that forum.

Consequently, this Court was correct in the first instance in ordering transfer. This Court was fully aware of its decisions in its June 15, 2010 order denying transfer of certain insurance actions, and recognized the exception presented in this action when it ordered transfer. The essence of the insurance companies' argument here is simply a repetition of the arguments it made in opposition to transfer in the first instance.

The movants have incorrectly suggested that there are no insurance cases pending in the MDL. There are currently pending in the MDL numerous actions brought by and against multiple

insurance companies, and the Court is addressing insurance issues at the present time. The Court has established an insurance steering committee, and is focusing on the insurance issues at its next available docket. Consequently, there is no reason at the present time for this Court to consider vacation of its April 5, 2010 order of transfer, and no reason to remand this action back to the United States District Court for the Middle District of Georgia.

STEVEN L. NICHOLAS
Cunningham Bounds, LLC
1601 Dauphin Street
Mobile, Alabama 36604
251-471-6191
251-479-1031 (fax)
sln@cunninghambounds.com


JONATHAN D. SELBIN
Lieff, Cabraser, Heimann & Bernstein, LLP
780 Third Avenue, 48th Floor
New York, New York 10017-2024
212-355-9500
212-355-9592 (fax)


ELIZABETH J. CABRASER
KRISTEN E. LAW
Lieff, Cabraser, Heimann & Bernstein, LLP
Embarcadero Center West
275 Battery Street, Suite 3000
San Francisco, California 94111-3339
415-956-1000
415-956-1008 (fax)

Attorneys for The Mitchell Company, Inc.

**CERTIFICATE OF SERVICE**

I do hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and email or by hand delivery and email and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this the 25 day of August, 2010.

STEVEN L. NICHOLAS