UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DAVID & AMANDA KESSLER | * | CIVIL ACTION |
| | * | THIS DOCUMENT RELATES TO |
| VERSUS | * | NO: 09-6072 |
| | * | |
| | * | JUDGE: |
| GMI CONSTRUCTION, INC., ABC | * | ELDON E. FALLON |
| INSURANCE COMPANY, MNO | * | |
| INSURANCE COMPANY, INTERIOR | * | MAGISTRATE: |
| EXTERIOR BUILDING SUPPLY, | * | JOSEPH C. WILKINSON, JR. |
| ASI LLOYDS and HBW INSURANCE | * | |
| SERVICES LLC | * | IN RE: CHINESE-MANUFACTURED |
| | * | PRODUCTS LIABILITY LITIGATION |
| | * | MDL No. 2047 |
| | * | |
| | * | SECTION "L" (2) |

*************************************

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO FILE
AMENDED AND SUPERCEDING COMPLAINT**

**MAY IT PLEASE THE COURT:**

Defendant, ASI Lloyds ("ASI"), respectfully submits this Memorandum in Opposition to the Plaintiffs' Motion for Leave to File Amended and Superceding Complaint, and in support thereof, states as follows:

1

The Plaintiffs' Motion for Leave is yet another last minute, backdoor attempt to avoid the hearing on ASI's 12 (c) Motion for Judgment on the Pleadings. This Court has already once denied the Plaintiffs' attempt at such a procedural maneuver when Your Honor did not allow the Plaintiffs to dismiss ASI without prejudice. This is simply another attempt to reach the same goal, just under a different name, and it should be denied.

## I. PLAINTIFFS' MOTION FOR LEAVE IS A MERE ATTEMPT TO CIRCUMVENT JUDGMENT ON THE PLEADINGS BY CREATING A "PAPER ISSUE."

The Plaintiffs' desire to file an Amended Complaint does not arise from a *need* to file it to preserve a cause of action against ASI. To the contrary, the Plaintiffs' cause of action was preserved procedurally by the filing of the original Petition. The Plaintiffs' Motion for Leave to Amend is premised only on the desire to focus the Court's attention away from their previous factual allegations and attempt to create a "paper issue" to avoid judgment on the pleadings.

The Plaintiffs filed a Petition for Breach of Contract, Warranty and for Damages with this Court **on September 2, 2009,** almost one year ago. ASI answered on October 8, 2009. For the last year, the Plaintiffs never saw fit to amend their Complaint to "clarify" the allegations against ASI and/or to dismiss the other defendants who have never answered the lawsuit. Tellingly, the other defendants that the Plaintiffs now seek to dismiss without prejudice are the builder of their home, GMI Construction, and Interior Exterior Building Supply, which, as this Court well knows, are the primary defendants in this MDL litigation. The Plaintiffs simply want to avoid Judgment on the Pleadings by attempting to create a "paper issue." They have not claimed that any new facts have come to light and are simply attempting to play fast and loose with the

2

wording of the true facts. The facts as pled remain unchanged, however, and therefore Judgment on the Pleadings is proper.

The Plaintiffs' Motion for Leave and Memorandum in Support does not allege that the facts have changed or even that they have learned any new information. Indeed, this Court and the lawyers on both sides of the Chinese Drywall litigation have read hundreds of claims and complaints and the facts are well known and generally not subject to any reasonable dispute. The Plaintiffs in this case, however, are asking the Court to simply ignore their prior factual allegations in the original Petition, even though they have not even remotely suggested that the factual allegations were inaccurate. The Plaintiffs simply do not like the picture that certain words and allegations paint in light of the homeowners' insurance policy in this case.

Converse to the Plaintiffs' assertion that the Amended Complaint would clarify their allegations against ASI, the opposite is actually true. The Amended Complaint attempts to delete from the pleadings *all* of the factual allegations that actually identify the true substance of these proceedings in an effort to muddy the waters enough to avoid an early dismissal. A perfect example is that the Plaintiffs now wish to remove words such as "corrosion" and "defect," (coincidentally words that appear in the ASI policy exclusions) and instead allege things like Chinese Drywall "emits compounds that cause rapid *sulfidation* of air-conditioner coils, copper tubing, electrical wiring, computer wiring and other household items." To replace common, ordinary words with words that do not even appear in Merriam Webster's Collegiate Dictionary, Tenth Edition, makes the motive behind the Amended Complaint perfectly clear. It is not to

3

clarify, but rather it is to confuse the issue enough to defeat a 12 (c) Motion attacking a meritless Complaint.

## II. PLAINTIFFS' MOTION FOR LEAVE TO AMEND SHOULD BE DENIED AS LEGALLY DEFICIENT.

Putting aside the obvious delay motives of the Plaintiffs as outlined above, the Plaintiffs Motion for Leave is legally deficient and should be denied for a variety of reasons.

The Plaintiffs argue that leave of court to amend should be granted liberally. While the Plaintiffs do identify several factors that the Court may consider in exercising its discretion to allow amendment or not, they gloss over the factors that weigh heavily against allowing amendment in this case. They also ignore other relevant jurisprudence.

While it is clear that courts should liberally grant leave to amend, it is equally clear that a court should not automatically exercise such discretion to allow amendments.[1] Among the factors to consider are undue delay or prejudice, bad faith or dilatory motives on the part of movant, repeated failure to cure deficiencies, and futility of amendment.[2] The Court may also properly consider as part of its analysis any "unexplained delay" following the original complaint and whether the facts underlying the amended complaint were known to the party when the original complaint was filed.[3] ASI respectfully submits that several of these factors justify a denial of the Plaintiffs' Motion for Leave.

---

[1] *Williams v. Simmons Company*, 185 F.Supp.2d 665, 673 (N.D. Tex. 2001).
[2] *Id.*
[3] *Id.* citations omitted.

4

## A. <u>PLAINTIFFS HAVE ENGAGED IN UNDUE DELAY, AND THUS, PLAINTIFFS' MOTION FOR LEAVE TO AMEND SHOULD BE DENIED.</u>

The proffered Amended and Superceding Complaint deletes not only the other defendants, but attempts to delete the <u>entire</u> factual background alleged originally by the Plaintiffs. The purported basis for filing the Amended Complaint is to "clarify their allegations" against ASI.[4] The Plaintiffs state in the Memorandum that ASI has "[u]sed allegations from Plaintiffs' Complaint that were or should have been directed solely to the builder/seller and supplier Defendants, as well as some of the superfluous wording in the Complaint. . . Plaintiffs seek to revise their Complaint to remove allegations relating to the dismissed parties and to clarify their allegations against the remaining Defendant."[5] Again, the Plaintiffs' do not explain the need to file the Amended Complaint, only that they "seek to revise" the Complaint. The sought after revisions, however, do not in any way change the Plaintiffs' cause of action against ASI or request any different relief under the policy. The revisions merely attempt to obfuscate the issues with the hope of delaying this Court's ruling on the insurance coverage issues properly brought forward by ASI's 12 (c) Motion.

The Plaintiffs' Original Petition clearly makes <u>factual allegations</u>. Significantly, the Plaintiffs' Original Petition was broken down into sections. After alleging the names of the defendants and the jurisdictional basis for the Petition, the substantive allegations in the Petition

---

[4] Please see p. 3 of the Plaintiffs' Memorandum in Support of Plaintiffs' Motion to Dismiss Certain Defendants without Prejudice and Motion for Leave to File Amended and Superceding Complaint., Document # 5279-1.
[5] Please see p. 4 of Plaintiffs' Memorandum in Support of Plaintiffs' Motion to Dismiss Certain Defendants without Prejudice and Motion for Leave to File Amended and Superceding Complaint., Document # 5279-1.

begin with a section entitled, "**BACKGROUND AND *FACTS***." (italics added). Among the *FACTS* alleged by the Plaintiffs in that section were:

- Copper pipes installed at the Property have turned the color black, and components of the Property's electrical wiring is covered with black file or soot;[6]
- Petitioners "discovered" that Chinese Drywall was used in the construction of the Property on or around June 22, 2009;[7]
- Petitioners advised Defendant Builder of "defects" with the construction;[8]
- "The Chinese Drywall installed into Petitioner's Property is defective."[9]
- "It emits levels of sulfur, methane and/or other volatile organic chemical compounds that cause corrosion of HVAC coils and refrigerator units, certain electrical writing and plumbing components, and other household items."[10]
- "The drywall itself is defective, and thereby renders the walls to the Property defective."[11]
- "The Chinese Drywall is not suitable for its intended use, is inherently defective, and causes actual physical damage to the walls and partitions of the Petitioner's Property, affecting the function of the walls and partitions to the extent that the home becomes unsafe, unsanitary or is otherwise unlivable."[12]

After making these allegations of "Fact," the Plaintiffs then purposely divided up their Petition into separate "**CAUSES OF ACTION**" against the defendants, wherein the Plaintiffs painstakingly itemized to which defendants certain causes of action were applicable. The Plaintiffs separated their actions against the Builder Defendants under the New Home Warranty Act, Redhibition, Breach of Contract, etc. . . from their causes of action against the insurer defendants, including ASI. In fact, the Plaintiffs labeled a separate section in their Petition as

---

[6] Please see Paragraph 11 of the Original Petition.
[7] Paragraph 11 of the Original Petition.
[8] Paragraph 14 of the Original Petition.
[9] Paragraph 17 of the Original Petition.
[10] *Id.*
[11] *Id.*
[12] Paragraph 18 of the Original Petition.

"**INSURER'S LIABILITY**," and then specifically adopted and re-alleged the prior factual allegations set out in all of the prior paragraphs. It is disingenuous for the Plaintiffs to now suggest that they want to clarify their cause of action against ASI by separating or eliminating the causes of action against the other defendants. The original Petition more than adequately separated the causes of action. The Amended and Superceding Complaint accomplishes nothing procedurally other than to delay the proceedings.

The Plaintiffs made <u>factual allegations</u> in their original Petition and now want the Court to simply ignore those as if they had never been pleaded. The Plaintiffs have not, however, suggested and/or argued in any way, shape, or form that their original factual allegations are not true, correct or accurate. Indeed, the Plaintiffs have not suggested that they have learned a single new fact or discovered anything different about their house or Chinese Drywall from the time they first alleged these massive "defects" in their original Petition until now as they seek leave to delete and ignore those prior allegations. The facts upon which the original Petition was based are the same facts that exist today.

The Plaintiffs have come forth with absolutely no explanation for the delay of nearly one year to file their Amended Complaint. Moreover, they have not even remotely suggested that the facts have changed or that they have learned any new information to justify the Amended Complaint, presumably because the facts as originally plead have not changed. Without such an explanation or proof of newly discovered evidence, leave to amend should be denied.

Additionally, the Plaintiffs' Amended Complaint would unduly delay a hearing on ASI's Motion. This Court has already denied one attempt to delay the hearing on ASI's Motion by

7

filing a Motion to Dismiss ASI without prejudice. Now the Plaintiffs want to prejudice ASI again by delaying the hearing further so that they can "clarify" their allegations. There is no reason for any further delay. This Court has already determined that it would have been prejudicial to ASI to allow a dismissal without prejudice, and it would be even more prejudicial now to allow the Plaintiffs to change the facts to suit their purposes.

### B. FILING AN AMENDED COMPLAINT IS FUTILE, AND THEREFORE THE PLAINTIFFS' MOTION FOR LEAVE TO AMEND SHOULD BE DENIED.

More importantly, the Amended and Superceding Complaint is also futile. The Plaintiffs' causes of actions are the same, and, despite the Plaintiffs' attempt to change the words describing Chinese Drywall, the facts alleged are identical. An amended complaint is futile when the facts cannot possibly support the plaintiffs' claim or entitle him to relief.[13] Futility of amendment is a ground for denying leave to amend.[14] Further, a number of courts have held that denial of a request to amend a pleading is appropriate where the proferred amendment merely restates the same facts using different language, or reasserts a claim previously determined.[15] The Plaintiffs' proposed Amended and Superceding Complaint asserts the identical causes of action from the original Petition, but simply deletes the prior factual allegations and restates the same facts using different language. Respectfully, the Court should not ignore the facts as previously pleaded, particularly when neither side is disputing the basic

---

[13] *J.R. Stripling, et. al. v. Guardian Energy Exploration Corp., et. al.*, 234 F.3d 863, 873 (5th Cir. 2000). See also, *Fishbein Family Partnership v. PPG Industries, Inc.*, 871 F.Supp. 764, 769 (D. New Jersey 1994).
[14] *J.R. Stripling, supra,* at 872-873.
[15] See, e.g., *Wakeen v. Hoffman House, Inc., et. al.*, 724 F. 2d 1238, 1244 (7th Cir. 1983); *Kasey v. Molybdenum Corp of America*, 467 F.2d 1284, 1285 (9th Cir. 1972).

facts, simply to allow an amended complaint to be filed. The facts are the same and the cause of action is the same.

### C. **PLAINTIFFS' DELAY IN FILING ITS MOTION FOR LEAVE TO AMEND IS UNEXPLAINED AND HIGHLY SUSPECT, AND THEREFORE THE PLAINTIFFS' MOTION SHOULD BE DENIED.**

Another fact that courts have considered in denying leave to amend is the timing of the proposed motion. The timing of a motion for leave can raise significant questions about the plaintiff's motives, particularly when it appears that the timing appears to be an attempt to influence jurisdiction or unnecessarily delay resolution of a case.[16] The timing of the instant Motion for Leave to Amend is certainly suspect given the upcoming motion hearing scheduled for September 2 and the fact that the Plaintiffs have yet to file any opposition whatsoever to the substantive issues raised in ASI's 12 (c) Motion.

The procedural history of this case also adequately demonstrates the inappropriate timing of the instant Motion for Leave. The Plaintiffs' Petition was answered by ASI on October 8, 2009. ASI filed its 12 (c) Motion for Judgment on the Pleadings on July 19, 2010, over a month ago.

On August 4, 2010, the Plaintiffs filed a Response to ASI's Motion for Judgment on the Pleadings, which the Plaintiffs again erroneously referred to as a Motion to Dismiss.

On August 8, 2010, the Plaintiffs filed a Motion to Dismiss ASI from the lawsuit without prejudice. Interestingly, only weeks ago, the Plaintiffs thought it prudent to maintain their suit against GMI and Interior/Exterior and *dismiss* ASI. Because that Motion failed by order of this

---

[16] *United States v. Kaplan, Inc.*, 2010 Wl 2326069 (D.Nev. 6/7/10).

Court on August 12, 2010, the Plaintiffs have decided to dismiss GMI and Interior/Exterior because it suits their goal of delaying adjudication of insurance coverage. The Court may recall the argument of Plaintiffs' counsel at that hearing that the Petition was "inartfully" drafted to include all claims against all defendants, an admission that the Plaintiffs did not like the way the facts were pleaded against ASI.

On August 20, 2010, eight (8) days after this Court denied the Plaintiffs the right to dismiss ASI and only ten (10) days before the oral argument is set to occur on ASI's 12 (c) Motion, the Plaintiffs have decided that they need to clarify their allegations against ASI and dismiss the other defendants.

To be clear, the Plaintiffs have not demonstrated that the dismissal of certain defendants and the amendment of the pleadings only against ASI will serve any purpose whatsoever in clarifying their causes of action against ASI, which substantively remain exactly the same. The Plaintiffs have still alleged a breach of contract; the Plaintiffs have still alleged that they are owed sums due under the insurance policy; the Plaintiffs have still alleged bad faith claims handling by ASI; and the Plaintiffs have still prayed for the same damages to which they asserted entitlement in the original Petition. The only thing that has changed is that the Plaintiffs have tried to delete all of the *factual* allegations that fall squarely within ASI's policy exclusions. They are trying to create a paper issue that does not factually exist.

## CONCLUSION

The Plaintiffs' Motion for Leave to File Amended and Superceding Complaint is a last minute attempt to avoid a decision by this Court on the coverage issues properly brought to light

by ASI's Rule 12 (c) Motion. It is the Plaintiffs' attempt at an end run around the Court's August 12, 2010 denial of their Motion to Dismiss ASI without prejudice. The majority of factors to be considered by this Court suggest that there may be an ulterior motive and dilatory purpose behind the filing of the Motion for Leave to Amend, and these factors weigh heavily against allowing amendment to the Complaint. There is no reason to prejudice ASI by delaying these proceedings. ASI respectfully submits that the Plaintiffs' Motion for Leave to File Amended and Superceding Complaint should be denied.

WHEREFORE, for all of the foregoing reasons, the Defendant, ASI Lloyds, respectfully requests this Honorable Court to enter an Order denying the Plaintiffs' Motion for Leave to File Amended and Superceding Complaint, and granting such further relief deemed just, necessary and proper by the Court.

Respectfully submitted,

CHOPIN, WAGAR, RICHARD & KUTCHER, L.L.P.

By: _____
JASON P. FOOTE (#25050), T.A.
BRITTANY M. COURTENAY (#31846)
3850 N. Causeway Boulevard, Suite 900
Metairie, Louisiana 70002
Telephone: (504) 830-3827
Facsimile: (504) 836-9579
*Attorneys for Defendant, ASI Lloyds*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Memorandum in Opposition to Plaintiffs' Motion to Dismiss has been served upon Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U. S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6 and that the foregoing was electronically filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on the __25th__ day of __August__, 2010.

_____
JASON P. FOOTE