

Aug 17 2010
2:18PM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL No. 2:09-md-02047 |
| | * | JUDGE FALLON |
| **This document relates to:** | * * | |
| ROBERT C. PATE, as Trustee for the Chinese Drywall Trust v. AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, ET AL (2:09-cv-07791) (E.D. La.) | * * * * * * * | MAGISTRATE WILKINSON |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MID-CONTINENT CASUALTY COMPANY'S OBJECTIONS TO PLAINTIFF ROBERT C. PATE'S AND PSC'S SCHEDULE OF TOPICS FOR 30(B)(6) DEPOSITION NOTICE CONCERNING JURISDICTION AND VENUE

Mid-Continent Casualty Company ("MCC") provides the following objections to Robert C. Pate's and the Plaintiffs' Steering Committee's schedule of topics for 30(b)(6) deposition notice for MCC representative(s) sent August 9, 2010:

### I. GENERAL OBJECTIONS

A.   MCC objects to Plaintiff Robert C. Pate's and the Plaintiffs' Steering Committee's (referred to collectively herein as "Plaintiffs") discovery and Notice of Deposition and/or 30(b)(6) Schedule generally (hereinafter "30(b)(6) Schedule"). Each general objection is applicable to each response provided below and are incorporated therein.

B.   MCC objects to definition "You," "Your," or "Your Company" as it is overbroad and unduly burdensome to the extent it seeks information from companies other than MCC and to the

extent it requests information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. The only relevant discovery directed to MCC's parent is discovery which would show that MCC's parent corporation so dominates MCC that the two cannot be considered separate and distinct entities. The only information relevant to MCC's subsidiaries are those subsidiaries that sell insurance in Louisiana.

C.   MCC objects to the time frame as by agreement the time frame is from 2005-2010.

D.   MCC objects to the definition of "Related Entity" as it is overbroad.

E.   MCC objects to the instructions and/or definitions for Plaintiff's 30(b)(6) Schedule to the extent that they exceed the scope of discovery permitted under the Federal Rules of Civil Procedure.

F.   MCC objects to each item in Plaintiff's 30(b)(6) Schedule to the extent that it seeks information or mental impressions, conclusions, opinions or legal research or theories of any attorney or other representatives of MCC prepared in anticipation of litigation, and/or that is protected by attorney-client or joint defense privilege and/or the work-product doctrine, and/or not otherwise subject to discovery.

G.   MCC objects to each item in Plaintiff's 30(b)(6) Schedule to the extent that it seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence and which are outside the scope of discovery under the applicable rules of the Federal Rules of Civil Procedure.

H.   MCC objects to each item in Plaintiff's 30(b)(6) Schedule to the extent that it seeks trade secrets or other confidential, research, development, commercial, financial, and/or proprietary documents.

I.     MCC objects to each item in Plaintiff's 30(b)(6) Schedule to the extent that request seeks testimony outside of the scope of and not at issue in this litigation.

J.     MCC objects to each item in Plaintiff's 30(b)(6) Schedule to the extent that it is vague, ambiguous, overbroad, unduly burdensome, and/or harassing.

K.     MCC objects to each item in Plaintiff's 30(b)(6) Schedule to the extent that it seeks documents regarding individuals and/or entities that are not parties to this litigation and the disclosure of which would violate their confidentiality and privacy.

L.     MCC objects to each item in Plaintiff's 30(b)(6) Schedule to the extent that Plaintiff has failed to limit the time frame or scope of the information.

M.     MCC incorporates by reference its objections and responses to the jurisdictional interrogatories and request for documents.

N.     MCC reserves the right to raise any other objections raised by any other party to this action.

Without waiving or restricting any of the General Objections set forth in paragraphs "A" through "N" above, and reserving the right to modify or supplement any objection or response to Plaintiff's 30(b)(6) Schedule or any additional question or topic that Plaintiffs raise at a 30(b)(6) deposition, MCC responds to Plaintiff's 30(b)(6) Schedule as follows:

## II. SPECIFIC OBJECTIONS TO AREAS OF TESTIMONY

1.     The date when You were first authorized and/or licensed to do business in Louisiana, the status of your authorization and/or license to do business in Louisiana, and whether You are still doing business in Louisiana.

**Objection**: None other than the general objections above.

2.     Your efforts to solicit, market or advertise insurance related products in Louisiana.

**Objection**: None other than the general objections above.

3.   When you first began to solicit, market, or advertise insurance related products in Louisiana and, if when you ceased doing so.

**Objection**: None other than the general objections above.

4.   When you first sold any insurance related products in Louisiana.

**Objection**: None other than the general objections above.

5.   When and whether You ceased selling any insurance related products in Louisiana.

**Objection**: None other than the general objections above.

6.   The types of insurance related products You have sold to insureds in Louisiana (including insureds who are resident in or who do business in Louisiana) and types of coverage applicable to said insureds.

**Objection**: None other than the general objections above.

7.   The information You provided to the State of Louisiana pertaining to Your providing or selling insurance related products in the Louisiana.

**Objection**: None other than the general objections above.

8.   The Person(s) employed or working for You who are responsible for soliciting, marketing or advertising Your insurance related products in Louisiana, where those persons are located, and the manner in which they solicit, market, or advertise Your insurance related products in Louisiana.

**Objection**: None other than the general objections above.

9.   The Person(s) who have actually sold Your insurance related products in Louisiana, where those Person(s) are located, and the manner in which they sold Your insurance related products in Louisiana.

**Objection**: MCC objects to this line of questions and/or topics as they seek testimony which is not relevant or reasonably calculated to lead to the discovery of admissible evidence, is confidential and proprietary in nature and is otherwise not discoverable. Also see MCC's general objections above.

10. The number of times that You have sued or have been sued in any state or federal court in Louisiana in which You alleged that You are authorized to do business in Louisiana and in fact were doing business in Louisiana.

**Objection**: MCC objects to this line of questions and/or topics as they seek testimony which is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and is overbroad and unduly burdensome as MCC does not maintain information in that fashion. See also MCC's general objections above.

11. The Person(s) employed by or working for You who are responsible for administering claims related to insurance products You sold in Louisiana, where those Person(s) are located, and the manner in which they administered claims related to insurance products You sold in Louisiana.

**Objection**: None other than the general objections above.

12. Any of Your marketing or strategic plans which mention or address Louisiana.

**Objection**: See Objection No. 9 above.

13. Any of Your insurance policies (including endorsements thereto) which mention or reference Louisiana.

**Objection**: See Objection No. 10 above.

14. The bases and facts supporting the statements made in any affidavit annexed to Your motion to dismiss in the above referenced action.

**Objection**: None other than the general objections above.

15. Whether any of Your officers, directors, employees, representatives, or agents have traveled to Louisiana for the purposes of conducting business or engaging in any business activity related to insurance products in Louisiana. If so, the names of the individuals, the dates of their visit(s) to Louisiana, and the purpose of their visit(s).

**Objection**: None other than the general objections above.

16. Any offices You maintain, own, lease, and/or occupy in Louisiana.

**Objection**: None other than the general objections above.

17. Any offices in Louisiana at or through which insurance policies are sold by You or on Your behalf.

**Objection**: None other than the general objections above.

18. Any offices outside of Louisiana at or through which insurance policies are sold by You or on Your behalf to Person(s) that reside in or do business in Louisiana.

**Objection**: See Objection No. 10 and 13 above.

19. Your sale of insurance related products in Louisiana, including to Person(s) that reside in or do business in Louisiana.

**Objection**: None other than the general objections above.

20. Your relationship to any subsidiary or parent corporation that sells insurance to Person(s) that reside in or do business in Louisiana.

**Objection**: MCC objects to this line of questions and/or topics as they seek testimony which is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Also see MCC's general objections above.

21. Your filing of any tax returns in Louisiana.

**Objection**: None other than the general objections above.

22. Your processing of insurance claims in Louisiana.

**Objection**: None other than the general objections above.

23. Any asset You maintain, own, lease, or otherwise hold in Louisiana and the value of any such assets.

**Objection**: MCC objects to this line of questions and/or topics as they seek testimony which is not relevant or reasonably calculated to lead to the discovery of admissible evidence, is confidential and proprietary in nature and is otherwise not discoverable, and the area of testimony is vague. See also MCC's general objections above.

24. Any ownership interest You possess(ed) in any entity that is located in or does businesses in Louisiana.

**Objection**: MCC objects to this line of questions and/or topics as they seek testimony which is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and is confidential and proprietary in nature and is otherwise not discoverable. See also MCC's general objections above.

25. Any of Your revenue that originates in Louisiana, including insurance premium payments by Person(s) that reside in or do business in Louisiana.

**Objection**: MCC objects to this line of questions and/or topics as they seek testimony which is not relevant, overbroad, or reasonably calculated to lead to the discovery of admissible evidence, and is confidential and proprietary in nature and is otherwise not discoverable. See also MCC's general objections above.

26. Your storage of any document in Louisiana.

**Objection**: None other than the general objections above.

27. Any business You have transacted in Louisiana or service or thing that You have contracted to supply in Louisiana.

**Objection**: MCC objects to this line of questions and/or topics as they seek testimony which is not relevant or reasonably calculated to lead to the discovery of admissible evidence, is overbroad and unduly burdensome as MCC does not maintain information in that fashion. See also MCC's general objections above.

28. Any companies located in Louisiana that serve as Your agents, affiliates, or representatives with regard to the sale of insurance policies.

**Objection**: None other than the general objections above.

29. Your financing or contribution of capital to any corporation, subsidiary, affiliate, or agent located in Louisiana.

**Objection**: MCC objects to this line of questions and/or topics as they seek testimony which is not relevant or reasonably calculated to lead to the discovery of admissible evidence, is confidential and proprietary in nature and is otherwise not discoverable, is vague, and is overbroad and unduly burdensome as MCC does not maintain information in that fashion. See also MCC's general objections above.

30. Your state of incorporation and principal place(s) of business.

**Objection**: None other than the general objections above.

31. The insurance policies that You sold that are at issue in this proceeding, including their place of counter-signature and last act of contracting.

**Objection**: None other than the general objections above.

32. Your managing general agent in Louisiana.

**Objection**: None other than the general objections above.

33. Your brokers in Louisiana.

**Objection**: None other than the general objections above.

34. Your retail agents in Louisiana.

**Objection**: None other than the general objections above.

35. All legal proceedings in which: (1) the issue of a state or federal court's personal jurisdiction over You in Louisiana was raised and (2) the court determined that it, in fact, had personal jurisdiction over You.

**Objection**: See Objection No. 10 above.

36. Your corporate structure, including your relationship to Related Entities.

**Objection**: MCC objects to this line of questions and/or topics as they seek testimony which is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Also see MCC's general objections above.

37. Your board of directors, officers, and organizational structure.

**Objection**: MCC objects to this line of questions and/or topics as they seek testimony which is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and is overbroad and unduly burdensome as MCC does not maintain information in that fashion. See also MCC's general objections above.

38. The board of directors, officers, and organizational structure of any Related Entity that does business in Louisiana.

**Objection**:  MCC objects to this line of questions and/or topics as they seek testimony which is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and is overbroad and unduly burdensome as MCC does not maintain information in that fashion. See also MCC's general objections above.

39. Any distribution or transfer of case or assets between You and a Related Entity that does business in Louisiana.

**Objection**: See Objection No. 23 above.

40. Any inter-company loans, advances of funds, or cost sharing between You and a Related Entity that does business in Louisiana.

**Objection**: See Objection No. 23 above.

41. Any guarantees or similar assurances by You to financial institutions on behalf of any Related Entity that does business in Louisiana.

**Objection**: See Objection No. 23 above.

42. The preparation and approval by You of annual and longer-term business plans, marketing plans, and budgets for any Related Entity that does business in Louisiana.

**Objection**: MCC objects to this line of questions and/or topics as they seek testimony which is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and is confidential and proprietary in nature and is otherwise not discoverable. See also MCC's general objections above.

43. The existence of any combined financial statement for You and any Related Entity that does business in Louisiana.

**Objection**: None other than the general objections above.

44. The existence and number of any of Your employees, independent contractor, or leased personnel whom You employ, lease, or otherwise engage the services of in Louisiana or who live in Louisiana.

**Objection**: None other than the general objections above.

45. Your authorization of an agent to receive service of process or notice of proceedings in Louisiana.

**Objection**: None other than the general objections above.

46. Any lobbying performed by You or on Your behalf in Louisiana.

**Objection**: None other than the general objections above.

47. Any losses that took place in Louisiana and related to which You sold insurance.

**Objection**: See Objection No. 29 above.

Further responding to the Court's Order (Rec. Doc. 4873) counsel for MCC offers the following three (3) dates for MCC's corporate deposition at a location mutually convenient for the parties and as allowed by the Federal Rules of Civil Procedure: September 14, 2010, September 15, 2010 or September 21, 2010. Any appearance for this deposition will not constitute a waiver of jurisdiction and/or venue.

        s/RONALD L. KAMMER
        Ronald L. Kammer
        Florida Bar No. 360589
        rkammer@hinshawlaw.com
        Pedro E. Hernandez
        Florida Bar No. 30365
        phernandez@hinshawlaw.com
        HINSHAW & CULBERTSON LLP
        9155 S. Dadeland Boulevard, Suite 1600
        Miami, Florida 33156-2741
        Telephone: 305-358-7747
        Facsimile: 305-577-1063
        *Counsel for Mid-Continent Casualty Company*

## CERTIFICATE OF SERVICE

    I hereby certify that the above and foregoing Objections to Plaintiff Robert C. Pate's and PSC's Schedule of Topics for 30(B)(6) Deposition Notice Concerning Jurisdiction and Venue has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, on this 17th day of August 2010.

                                                       */s/ Lee M. Peacocke*
                                                       **LEE M. PEACOCKE**