# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL | * | MDL NO. 2047 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | * | |
| | * | |
| DAVID AND CHERYL GROSS, INDIVIDUALLY | * | MAG. WILKINSON |
| AND AS REPRESENTATIVES OF ALL | * | |
| SIMILARLY SITUATED INDIVIDUALS, | * | 10-931 |
| | * | |
| VERSUS | * | |
| | * | |
| STATE FARM FIRE AND CASUALTY COMPANY | * | |
| AND STATE FARM GENERAL INSURANCE | * | |
| COMPANY | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | * | |

### STATE FARM FIRE AND CASUALTY COMPANY AND
### STATE FARM GENERAL INSURANCE COMPANY'S ANSWER AND
### <u>DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT</u>

Defendants State Farm Fire and Casualty Company ("State Farm Fire") and State

Farm General Insurance Company ("State Farm General") (collectively referred to as "State

Farm") submit the following Answer and Defenses to the Class Action Complaint filed by

plaintiffs, David and Cheryl Gross.

## DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted with respect to State Farm Fire.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted with respect to State Farm General.

### THIRD DEFENSE

The Complaint fails to state a claim that meets the requirements for certification under Federal Rule of Civil Procedure 23.

### FOURTH DEFENSE

The Complaint is vague and ambiguous and calls for a more definitive statement of the causes of action and damages sought therein.

### FIFTH DEFENSE

Any claim asserted in the Complaint against State Farm is based on a contract of insurance between plaintiffs and State Farm Fire.  State Farm avers that the Homeowners Insurance Policy issued by State Farm Fire to plaintiffs, a copy of which is attached to this Answer as Exhibit A (the "Policy"), being a written contract, is the best evidence of the terms, conditions, exclusions, and limitations contained therein, all of which are pled as if copied herein in their entirety.

### SIXTH DEFENSE

There is no privity of any contract, insurance or otherwise, between plaintiffs, or either of them, and State Farm General.

## SEVENTH DEFENSE

As to the losses for which plaintiffs seek to recover in this litigation, State Farm Fire has not been afforded satisfactory proof of loss covered by the Policy, as is required by jurisprudential law, statutory law, and the terms and conditions of the Policy.

## EIGHTH DEFENSE

Plaintiffs' claims are barred in whole or in part because any alleged loss to their home is not an "accidental direct physical loss" under the terms of "**SECTION I – LOSSES INSURED COVERAGE A – DWELLING**" of the Policy.

## NINTH DEFENSE

Plaintiffs' claims are barred in whole or in part because any alleged loss to their personal property was not caused by an enumerated peril under the terms of "**SECTION I – LOSSES INSURED . . . COVERAGE B – PERSONAL PROPERTY**" of the Policy.

## TENTH DEFENSE

The Policy excludes coverage as follows:

**SECTION I – LOSSES NOT INSURED**

1. We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

   . . .

   g.    wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

   . . .

   However, we do insure for any resulting loss from items a. through m. unless the resulting loss is itself a Loss Not Insured by this Section.

Plaintiffs' claims are barred in whole or in part because their alleged losses consisted of or were caused by inherent vice or latent defect.

## ELEVENTH DEFENSE

The Policy excludes coverage as follows:

## SECTION I – LOSSES NOT INSURED

1.     We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

    . . .

    h.     corrosion, electrolysis or rust;

    . . .

    However, we do insure for any resulting loss from items a. through m. unless the resulting loss is itself a Loss Not Insured by this Section.

Plaintiffs' claims are barred in whole or in part because their alleged losses consisted of or were caused by corrosion.

## TWELFTH DEFENSE

The Policy excludes coverage as follows:

## SECTION I – LOSSES NOT INSURED

1.     We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

    . . .

    j.     contamination;

    . . .

    However, we do insure for any resulting loss from items a. through m. unless the resulting loss is itself a Loss Not Insured by this Section.

Plaintiffs' claims are barred in whole or in part because their alleged losses consisted of or were caused by contamination.

### THIRTEENTH DEFENSE

The Policy excludes coverage as follows:

### SECTION I – LOSSES NOT INSURED

. . .

        3.     We do not insure under any coverage for any loss consisting of one or more of the items below.  Further, we do not insure for loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following:  (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

        . . .

        b.     defect, weakness, inadequacy, fault or unsoundness in:

        . . .

                (2)     design, specifications, workmanship, construction, grading, compaction; [or]

                (3)     materials used in construction or repair; . . .

                . . .

        of any property (including land, structures, or improvements of any kind) whether on or off the **residence premises**;

        . . .

        However, we do insure for any resulting loss from items a., b. and c. unless the resulting loss is itself a Loss Not Insured by this Section.

Plaintiffs' claims are barred in whole or in part because their alleged losses consisted of or were caused by defective or faulty workmanship, construction or materials used in construction.

### FOURTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because the losses alleged in the Complaint are not resulting losses covered under the Policy and any alleged resulting losses are themselves Losses Not Insured under the Policy.

## FIFTEENTH DEFENSE

Plaintiffs' claims for Loss of Use and Additional Living Expenses are barred because a Loss Insured has not caused the residence premises to become uninhabitable under the terms of "**SECTION I – COVERAGES** . . . **COVERAGE C – LOSS OF USE**" of the Policy.

## SIXTEENTH DEFENSE

Plaintiffs' claims for any diminution in the value of their home are barred because no specific policy term provides coverage for such alleged loss.  *Townsend v. State Farm Mut. Auto. Ins. Co.*, 34,901-CA, p. 11 (La. App. 2 Cir. 8/22/01); 793 So. 2d 473, 479–80; *Campbell v. Markel Am. Ins. Co.*, 2000 CA 1448, pp. 6–8, 18 (La. App. 1 Cir. 9/21/01); 822 So. 2d 617, 621–23, 628.

## SEVENTEENTH DEFENSE

The Policy excludes coverage as follows:

**SECTION II – EXCLUSIONS**

    1.       Coverage L [Personal Liability] and Coverage M [Medical Payment to Others] do not apply to:

. . .

    h.      **bodily injury** to you or any **insured** within the meaning of part a. or b. of the definition of **insured**.

Plaintiffs' claims are barred in whole or in part because any alleged bodily injury suffered by them is not covered under the terms of the Policy.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by their failure to take reasonable steps to mitigate their damages.

## NINETEENTH DEFENSE

State Farm avers that plaintiffs have not been damaged as a result of any alleged wrongdoing on the part of State Farm or any of its agents or representatives.  If plaintiffs

- 6 -

suffered any damage, as alleged, such damage was caused in whole or in part by the action or inaction of plaintiffs or of third parties for whom State Farm is not responsible.

## TWENTIETH DEFENSE

State Farm Fire adjusted plaintiffs' claim in good faith, in accordance with the terms and conditions of the Policy, and in compliance with applicable statutory or jurisprudential law.

## TWENTY-FIRST DEFENSE

Plaintiffs have no statutory or jurisprudential right of action to recover attorneys' fees.

## TWENTY-SECOND DEFENSE

Although State Farm denies that State Farm Fire breached its contractual or statutory duties to plaintiffs in any manner and denies that State Farm General issued a policy of homeowners insurance to plaintiffs, should plaintiffs establish a breach of contract and/or violation of statutory duties, plaintiffs have not suffered any real damages as a result of said breach and/or violations of statutory duties.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part because plaintiffs did not and cannot rely on any alleged misrepresentations of State Farm or any of its agents or representatives.  As a matter of law, plaintiffs have no cause of action for any alleged detrimental reliance upon any such alleged misrepresentations.  Plaintiffs are presumed to know the terms and conditions of the Policy.

## TWENTY-FOURTH DEFENSE

Should it be shown that plaintiffs have made any material misrepresentations in connection with their claim for recovery of damages under the Policy, State Farm avers that such

representations are in violation of the terms and conditions of the Policy, thereby voiding coverage and any obligations thereunder, pursuant to the terms and conditions of the Policy.

## TWENTY-FIFTH DEFENSE

State Farm Fire reserves the right to a credit for any claims payments that have been made and/or might be made during the pendency of this action but prior to final judgment.

## RESERVATION OF RIGHTS

To the extent permitted by law, State Farm reserves its rights to supplement and amend this Answer and to assert additional defenses as future discovery may warrant and require.

## ANSWER

**AND NOW,** answering the numbered allegations of the Class Action Complaint, State Farm Fire and State Farm General state as follows:

1.

State Farm denies the allegations of Paragraph 1 for lack of sufficient knowledge to justify a belief therein.

2.

State Farm admits that plaintiffs had homeowners policies with State Farm Fire and renewed Policy Number 18-CF-3882-8 for the policy period March 31, 2009 - March 31, 2010, that plaintiffs submitted a claim which was assigned claim number 18-A295-965 and that the claim was denied in writing by State Farm Fire on September 9, 2009.  State Farm denies that plaintiffs had a policy of homeowners insurance issued by State Farm General and denies the remaining allegations of Paragraph 2 for lack of sufficient knowledge to justify a belief in the truth therein.

3.

State Farm denies the allegations of Paragraph 3 as written.  State Farm denies that the class alleged by plaintiffs meet the requirements for certification under Federal Rule of Civil Procedure 23.

4.

State Farm denies the allegations of Paragraph 4 as written and further denies that the allegations meet the requirements for certification of a class under Federal Rule of Civil Procedure 23.

5.

State Farm denies the allegation of Paragraph 5 regarding plaintiffs' contemplations, for lack of sufficient knowledge to justify a belief therein.  State Farm denies that the complaint avers claims that meet the requirements for certification either as a single class or sub-classes under Federal Rule of Civil Procedure 23.

6.

State Farm denies the allegations of Paragraph 6 for lack of sufficient knowledge to justify a belief therein.

7.

State Farm admits the allegations of Paragraph 7.

8.

State Farm admits the allegations of Paragraph 8.

9.

State Farm denies the allegation of Paragraph 9.

10.

State Farm admits the allegations of Paragraph 10.

11.

State Farm denies the allegations of Paragraph 11 as written but admits that the Court has personal jurisdiction over State Farm Fire and State Farm General.

12.

State Farm admits that venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391.

13.

The Complaint and this proceeding was initially filed in the United States District Court for the Eastern District of Louisiana.  Accordingly, State Farm denies that venue was created by 28 U.S.C. § 1407 or the Transfer Order of the Judicial Panel of Multi-District Litigation.

14.

State Farm denies the allegations of paragraph 14. Further answering, State Farm states that both State Farm Fire and State Farm General are subsidiaries of State Farm Mutual Automobile Insurance Company.

15.

State Farm admits that the plaintiffs renewed their Homeowners Insurance Policy No. 18-CF-3882-8 with State Farm Fire for the period March 31, 2009 through March 31, 2010. State Farm denies the remaining allegations as written and specifically avers that the policy is the most accurate reflection of the term of the policy.  State Farm denies that plaintiffs had a homeowners insurance policy with State Farm General in 2009 and denies the remaining allegations of Paragraph 15 for lack of sufficient knowledge to justify a belief in the truth therein

16.

State Farm denies the allegations of Paragraph 16 for lack of sufficient knowledge to justify a belief in the truth therein.

17.

State Farm Fire admits that State Farm Fire received a claim for coverage made by or on behalf of plaintiffs and that State Farm Fire denied the claim in writing dated September 9, 2009.  The September 9, 2009 letter is the most accurate statement of its terms.  State Farm Fire denies that the plaintiffs' claim was covered by the insurance policy.  State Farm General issued no policy of insurance to the plaintiffs, received no claim from the plaintiffs and did not participate in the investigation of plaintiffs' claim.  The remaining allegations of Paragraph 17 are denied for lack of sufficient knowledge to justify a belief in the truth therein.

18.

State Farm denies the allegations of Paragraph 18 as written and deny that the allegations meet the requirements for certification of a class pursuant to Federal Rule of Civil Procedure 23.   Moreover, State Farm denies plaintiffs' description of policy terms as the insurance policies themselves are the best evidence of their respective terms.

19.

The allegations of Paragraph 19 are vague and ambiguous and accordingly denied by State Farm.   Policy forms can vary from one state to another and the options and endorsements elected vary from one policyholder to another.  State Farm refers to the policies purchased by each respective policy holder as the best evidence of the terms.

20.

State Farm evaluates each claim on an individual basis and thus denies the allegations of Paragraph 20 as written.  Moreover, State Farm denies that the policy issued to the

plaintiffs and that is and/or was utilized in the State of Louisiana includes or included a "Pollution Exclusion" or that State Farm denied plaintiffs' claims on the basis of a "Pollution Exclusion."

21.

State Farm admits that plaintiffs purport to assert a class action but deny that the allegations meet the requirements for certification of a class under Federal Rule of Civil Procedure 23(a) or 23(b).

22.

State Farm denies that plaintiffs' proposed class definition meets the requirements for certification of a class under Federal Rule of Civil Procedure 23.

23.

State Farm denies the allegations of Paragraph 23 as written.   State Farm evaluates each claim for coverage on the basis of the facts and circumstances surrounding that particular claim.

24.

Paragraph 24 does not require an answer.  In the abundance of caution, however, State Farm incorporates the answers to each of the preceding paragraphs as if reproduced herein.

25.

State Farm specifically denies that either plaintiff purchased a policy of insurance from State Farm General and further denies the remaining allegations of Paragraph 25 as to insurance coverage with respect to both State Farm Fire and State Farm General.  State Farm denies that the allegations meet the requirements for certification of a class under Federal Rule of Civil Procedure 23.

26.

State Farm denies the allegations of Paragraph 26 to the extent that it purports to assert a claim based upon a putative class.  The extent to which, as yet, unidentified members of an uncertified class have timely paid all premiums due and materially performed their obligations under their respective policies is undeterminable and thus denied.  State Farm further denies that the allegations meet the requirements for certification of a class under Federal Rule of Civil Procedure 23.

27.

State Farm denies the allegations of Paragraph 27 for lack of sufficient knowledge to justify a belief in the truth therein.  Moreover, State Farm denies the allegations of Paragraph 27 to the extent that it purports to aver facts pertaining to an as yet unidentified and uncertified putative class.   State Farm further denies that the allegations meet the requirements for certification of a class under Federal Rule of Civil Procedure 23.

28.

State Farm denies the allegations of Paragraph 28.  State Farm further denies that the allegations meet the requirements for certification of a class under Federal Rule of Civil Procedure 23.

29.

State Farm denies the allegations of Paragraph 29.  State Farm further denies that the allegations meet the requirements for certification of a class under Federal Rule of Civil Procedure 23.

30.

State Farm denies the allegations of Paragraph 30.  State Farm further denies that the allegations meet the requirements for certification of a class under Federal Rule of Civil Procedure 23.

31.

The plaintiffs' insurance policy with State Farm Fire did not include a "Pollution Exclusion" and State Farm denies the allegations of Paragraph 31.

32.

State Farm denies the allegations of Paragraph 32 to the extent that plaintiffs purport to interpret or state the intent of provisions of insurance policies issued by State Farm. To the extent that Paragraph 32 purports to describe the effects of Chinese Drywall, State Farm denies the allegation for lack of sufficient knowledge to justify a belief in the truth therein.

33.

State Farm denies the allegations of Paragraph 33.

34.

State Farm denies the allegations of Paragraph 34.  State Farm further denies that the allegations meet the requirements for certification of a class under Federal Rule of Civil Procedure 23.

35.

The allegations of Paragraph 35 do not require a response.  In an abundance of caution, State Farm incorporates its answers to each of the preceding paragraphs of the Complaint as if fully restated herein.

36.

State Farm denies the allegation of Paragraph 36.  State Farm further denies that the allegations meet the requirements for certification of a class under Federal Rule of Civil Procedure 23.

37.

State Farm denies that it has misrepresented any policy provisions and further denies that it has acted in bad faith.  State Farm further denies that the allegations meet the requirements for certification of a class under Federal Rule of Civil Procedure 23.

38.

State Farm denies the allegations of Paragraph 38.  State Farm further denies that the allegations meet the requirements for certification of a class under Federal Rule of Civil Procedure 23.

39.

The allegations of Paragraph 39 do not require an answer.  In an abundance of caution, State Farm incorporates its answers to each of the preceding paragraphs of the Complaint as if fully restated herein.

40.

State Farm denies the allegations of Paragraph 40.  State Farm further denies that the allegations meet the requirements for certification of a class under Federal Rule of Civil Procedure 23.

41.

State Farm denies the allegation of Paragraph 41 for lack of sufficient knowledge to justify a belief in the truth therein.  State Farm further denies that the allegations meet the requirements for certification of a class under Federal Rule of Civil Procedure 23.

- 15 -

42.

State Farm denies the allegations of Paragraph 42 of the Complaint for lack of sufficient knowledge to justify a belief in the truth therein.  State Farm further denies that the allegations meet the requirements for certification of a class under Federal Rule of Civil Procedure 23.

43.

State Farm denies that State Farm Fire has failed to honor the terms of its homeowners insurance policy to the plaintiffs and denies that State Farm General issued a policy of homeowners insurance to plaintiffs.  State Farm denies the remaining allegations of Paragraph 43 and further denies that the allegations meet the requirements for certification of a class under Federal Rule of Civil Procedure 23.

44.

State Farm denies the allegation of Paragraph 44.  State Farm further denies that the allegations meet the requirements for certification of a class under Federal Rule of Civil Procedure 23.

45.

State Farm denies the allegations of Paragraph 45.  State Farm further denies that the allegations meet the requirements for certification of a class under Federal Rule of Civil Procedure 23.

46.

State Farm denies the allegations of Paragraph 46.  State Farm further denies that the allegations meet the requirements for certification of a class under Federal Rule of Civil Procedure 23.

47.

State Farm denies the allegations of Paragraph 47. State Farm further denies that the allegations meet the requirements for certification of a class under Federal Rule of Civil Procedure 23.

48.

State Farm denies the allegations of Paragraph 48. State Farm further denies that the allegations meet the requirements for certification of a class under Federal Rule of Civil Procedure 23.

49.

State Farm denies the allegations of Paragraph 49. State Farm further denies that the allegations meet the requirements for certification of a class under Federal Rule of Civil Procedure 23.

50.

State Farm denies the allegations of Paragraph 50. State Farm further denies that the allegations meet the requirements for certification of a class under Federal Rule of Civil Procedure 23.

## **"PRAYER FOR RELIEF"**

State Farm denies that the plaintiffs are entitled to the relief sought in their "Prayer for Relief."

**WHEREFORE**, defendants State Farm Fire and Casualty Company and State Farm General Insurance Company pray that their Answer and Defenses to the Class Action Complaint be deemed good and sufficient, and that after due proceedings, this Court render judgment in their favor with all costs and fees assessed to the plaintiffs.

Respectfully submitted,


Wayne J. Lee_____          /s/ Adrianne L. Baumgartner
**WAYNE J. LEE, T.A. (#7916)**            **ADRIANNE L. BAUMGARTNER, T.A. (#2861)**
STONE PIGMAN WALTHER WITTMANN L.L.C.     PORTEOUS, HAINKEL & JOHNSON, LLP
546 Carondelet Street                    408 North Columbia Street
New Orleans, Louisiana  70130            Covington, Louisiana  70434
Telephone: (504) 581-3200                Telephone: (985) 893-4790
wlee@stonepigman.com                     abaumgartner@phjlaw.com


AND


Thomas W. Curvin_____
**THOMAS W. CURVIN (Ga. 202740)**
**AMY K. AVERILL (Ga. 029359)**
SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree Street, N.E.
Atlanta, Georgia  30309-3996
Telephone:  (404) 853-8000
tom.curvin@sutherland.com
amy.averill@sutherland.com

**Attorneys for State Farm Fire and Casualty Company and**
**State Farm General Insurance Company**

## CERTIFICATE OF SERVICE

        I hereby certify that a copy of the foregoing Defendants State Farm Fire and Casualty Company and State Farm General Insurance Company's Answer to Class Action Complaint has been served upon counsel for Plaintiffs David and Cheryl Gross, Plaintiffs' Liaison Counsel Russ Herman, and Defendants' Liaison Counsel Kerry Miller by U.S. Mail and email or by hand-delivery and email and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on the 26th day of August, 2010.

                         /s/ Adrianne L. Baumgartner_____
                         **ADRIANNE L. BAUMGARTNER**